Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                           :          **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,        :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*     :
:
        **Debtors.**          :          **(Jointly Administered)**
:
------------------------------------------------------------x

**NOTICE OF HEARING ON MOTORS LIQUIDATION**
**COMPANY GUC TRUST'S OBJECTION TO CLAIM NOS.**
**39218, 39219, 39220, 39221, AND 39222 FOR FAILURE TO COMPLY**
**WITH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(A)**
**AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF**
<u>**ALTERNATE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION**</u>

       PLEASE TAKE NOTICE that upon the annexed Objection, dated May 10, 2011,

of Motors Liquidation Company GUC Trust (the "**GUC Trust**"), to the allowance of Proof of

Claim Nos. 39218, 39219, 39220, 39221, and 39222 (the "**Objection**"), as more fully set forth in

the Objection, a hearing (the "**Hearing**") to consider the Objection will be held before the

Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **June 22, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel

may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman &

Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii)

Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust

Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator,

200 Park Avenue, 47th Floor, New York, New York 10166 (Attn:  Keith Martorana, Esq.); (xiii)

FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One

Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn:  Anna

Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities

Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-

2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust

Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; and (xvi) Gary, Williams,

Finney, Lewis, Watson & Sperando, P.L., attorneys for Karla Scott, Ryan Hawkins, and the

Estate of Barbara Hawkins, 221 East Osceola Street, Stuart, Florida 34994 (Attn:  Donald N.

Watson, Esq. and Tanisha Gary, Esq.), so as to be received no later than **June 15, 2011 at 4:00**

**p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Objection, the GUC Trust may, on or after the Response Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Objection, which order may be entered with no further notice or opportunity to be heard

offered to any party.

Dated: New York, New York
      May 10, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                     :

**In re**                                       :          **Chapter 11 Case No.**
                                            :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*   :
                                            :

                        **Debtors.**      :      **(Jointly Administered)**
                                            :
-------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY**
**GUC TRUST'S OBJECTION TO CLAIM NOS. 39218,**
**39219, 39220, 39221, AND 39222 FOR FAILURE TO COMPLY**
**WITH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(A)**
**AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF**
**ALTERNATE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

         Motors Liquidation Company GUC Trust (the "**GUC Trust**"), respectfully

represents:

**Relief Requested**

         1.      Through this Objection (the "Objection"), the GUC Trust seeks entry of an

order disallowing and expunging Proof of Claim Nos. 39218, 39219, 39220, 39221, and 39222

(the "**Claims**,"[1] annexed hereto as **Exhibit "A"**) because the Claimants have wholly failed to

comply with the ADR Order and ADR Procedures (defined below).[2]

2.      The GUC Trust files this Objection pursuant to section 502(b) of title 11

of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving the procedures relating to the filing of

proofs of claim (the "**Bar Date Order**") (ECF No. 4079), establishing November 30, 2009, as

the bar date (the "**Bar Date**").

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

**A.      The Bar Date Order**

4.      On September 16, 2009, this Court entered the Bar Date Order which,

among other things, established November 30, 2009, as the Bar Date and set forth procedures for

filing proofs of claims.

**B.      The Claims**

5.      On November 23, 2009, Claimants filed the Claims.  (*See* Ex. A.)  The

Claims each seek $25 million based on wrongful death claims asserted by Claimants in the

lawsuit styled *Ryan Hawkins, as Personal Representative of the Estate of Barbara Hawkins,*

*deceased, and on behalf of the Estate and the Survivors of Barbara Hawkins, to wit:  Ryan*

---

[1]      Proof of Claim No. 39218 was filed by Karla Scott; Proof of Claim No. 39220 was filed by Ryan Hawkins; and Proofs of Claim Nos. 39219, 39221, and 39222 were filed by Barbara Hawkins (collectively, "**Claimants**").

[2]      The GUC Trust reserves its right to object to the Claims on any other basis as to which the Court does not grant the relief requested herein.

US_ACTIVE:\43690079\03\72240.0639

*Hawkins and Karla Scott v. General Motors Corporation, et al.*, pending in the Circuit Court of

the 15th Judicial Circuit in Palm Beach County, Florida, Case No. 9:01-cv-08939-WJZ.  (*See id.*)

## C.    The ADR Order and ADR Procedures

6.    On February 23, 2010, the Bankruptcy Court entered the Order Pursuant

to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternate

Dispute Procedures, Including Mandatory Mediation (ECF No. 5037).  On October 25, 2010, the

Bankruptcy Court entered the Amended Order (the "**ADR Order**") Pursuant to 11 U.S.C.

§ 105(a) and General Order M-390 Authorizing Implementation of Alternate Dispute

Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 7558), attached

hereto as **Exhibit "B,"** which amended the previous order with respect to the list of available

mediators and approved mediation locations.

7.    The ADR Order and the ADR Procedures have resulted in the amicable

resolution of hundreds of claims, to the benefit of the Debtors' estates and stakeholders and to

the claimants participating in the ADR Procedures.  The success of the ADR Order and ADR

Procedures, however, requires the full participation of claimants.  Accordingly, Section II.F of

the ADR Procedures provides that failure by a claimant to comply with the ADR Procedures is

sanctionable:

F.  <u>Failure to Comply with the ADR Procedures</u>

If a Designated Claimant or the Debtors fail to comply with the ADR
Procedures, negotiate in good faith, or cooperate as may be necessary to
effectuate the ADR Procedures, the Bankruptcy Court may, after notice
and a hearing, find such conduct to be in violation of the ADR Order or,
with respect to a Designated Claimant, an abandonment of or failure to
prosecute the Designated Claim, or both.  Upon such findings, ***the
Bankruptcy Court may, among other things, disallow and expunge the
Designated Claim, in whole or part, or grant such other or further
remedy deemed just and appropriate under the circumstances,
including, without limitation, awarding attorneys' fees, other fees, and
costs to the other party.***

3

(ADR Procedures § II.F (emphasis added) (Ex. B).)

8.      In addition, the ADR Order provides that the Bankruptcy Court retains jurisdiction to hear and determine all matters arising from or related to the ADR Order and the ADR Procedures.  (*See* ADR Order at 7 (Ex. B).)

**D.      Designation of the Claims for ADR Procedures, Including Mandatory Mediation**

9.      On August 3, 2010, Motors Liquidation Company ("**MLC**"), the predecessor of the GUC Trust, sent a notice to Claimants, through their attorney of record, submitting the Claims to alternate dispute resolution pursuant to the ADR Order (the "**ADR Notice**").  (*See* ADR Notice, attached hereto as **Exhibit "C."**)  The ADR Notice further contained a settlement offer.  According to the ADR Procedures, the deadline to respond to the ADR Notice was August 24, 2010.  (*See* ADR Notice at 1 (Ex. C.).)

10.      Claimants did not accept MLC's settlement offer and did not make a counteroffer of settlement.  Accordingly, on November 12, 2010, MLC designated the claims for nonbinding mediation.  (*See* "**Mediation Notice**," attached hereto as **Exhibit "D."**)

**E.      Claimants' Failure to Comply with the ADR Procedures**

11.      Pursuant to the ADR Procedures, mandatory mediation was scheduled for February 23, 2011, at the New York offices of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the GUC Trust.

12.      Under the terms of the ADR Procedures, Claimants' position statement was due on February 11, 2011.  Claimants failed to submit a position statement, however, and did not provide an explanation for missing the deadline.  Counsel for the GUC Trust attempted to contact Claimants' counsel several times regarding their position statement, but to no avail.

13.      On February 15, 2011, counsel for the GUC Trust learned that Claimants were refusing to participate in good faith in the mediation process and did not wish to attend the

US_ACTIVE:\43690079\03\72240.0639

mediation scheduled to occur just eight days later.[3]  (*See* Feb. 15, 2011 Emails from L. Allston,

attached hereto as **Exhibit "E."**)  Accordingly, counsel for the GUC Trust wrote to Claimants'

counsel, advising them that failure to comply with the ADR Procedures is sanctionable by,

among other things, the disallowance and expunction of the Claims, fees associated with

canceling the mediation, and attorneys' fees.  (*See* Feb. 17, 2011 Ltr. from V. Beagles to T.

Gary, attached hereto as **"Exhibit F."**)  Counsel for the GUC Trust further advised Claimants'

counsel that they would seek such sanctions unless the Claims were withdrawn by February 22,

2011.  (*See id.*)

14.     Claimants did not respond to counsel for the GUC Trusts' letter, did not

withdraw the Claims by the February 22, 2011 deadline, and did not appear at the mandatory

mediation scheduled for February 23, 2011.  As a result, the estate incurred fees relating to the

cancellation of travel plans for the GUC Trusts' representative and counsel as well as attorneys'

fees in preparation for the mediation and in an attempt to enforce the ADR Procedures.

15.     On March 2, 2011, counsel for the GUC Trust again wrote to Claimants'

counsel, offering Claimants another chance to comply with the ADR Procedures and participate

in mandatory mediation of the Claims.  (*See* Mar. 2, 2011 Ltr. from V. Beagles to T. Gary,

attached hereto as **Exhibit "G."**)  In response, Claimants indicated that they were willing to

participate in the mediation process and proposed possible dates for mediation.  (*See* Mar. 7,

2011 Email from M. Wrice to V. Beagles, attached hereto as **Exhibit "H."**)  Based on

---

[3]     On February 15, 2011, Claimants' counsel informed Larry Allston of the American Arbitration Association
that they had left several messages with their clients and sent multiple certified letters, but they had received no
response and would need to cancel the mediation.  (*See id.* (Ex. E).)  Later that same day, Claimants' counsel
informed Mr. Allston that they were able to reach Claimants and that Claimants did not wish to mediate.  (*See id.*
(Ex. E).)

US_ACTIVE:\43690079\03\72240.0639

Claimants' response, the mediation was rescheduled for April 21, 2011, and the location was

changed to Weil's Dallas office.

16.    On April 15, 2011, Claimants unilaterally cancelled the mediation for a

second time.  Claimants' counsel again stated that they were unable to produce their client for

mediation.  (*See* Apr. 15, 2011 Ltr. from D. Watson to V. Beagles, attached hereto as **"Exhibit**

**I."**)  As a result of the second cancellation, the estate incurred additional fees to cancel travel

plans for the GUC Trusts' representative and counsel and additional attorneys' fees to prepare

for the mediation.

**F.    The Confirmation Order**

17.    On March 28, 2011, the Court entered its Findings of Fact, Conclusions of

Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of

the Federal Rules of  Bankruptcy Procedure Confirming Debtors' Second Amended Joint

Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the

Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the

"**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company

GUC Trust Agreement, (iii) transferred certain claims pending against MLC to the GUC Trust,

and (iv) authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates.  The

Claims were among the claims transferred to the GUC Trust.

<u>Argument</u>

18.    The Claims should be disallowed because Claimants have wholly failed to

comply with the ADR Procedures.  The ADR Procedures provide that a claimant may be

sanctioned for failure to comply with the ADR Procedures, failure to negotiate in good faith, or

failure to cooperate as may be necessary to effectuate the ADR Procedures.  (*See* ADR

Procedures § II.F (Ex. B).)  The ADR Procedures further provide that the Bankruptcy Court may

6

find such conduct to be "in violation of the ADR Order or abandonment of or failure to prosecute

the Designated Claim, or both." (*Id.* (Ex. B).)  In the event of such findings, the ADR

Procedures authorize the Bankruptcy Court to disallow and expunge the claim, or grant such

other or further remedy deemed just and appropriate under the circumstances, including, without

limitation, awarding attorneys' fees, other fees, and costs.  (*Id.* (Ex. B).)

19.     Pursuant to section 105(a) of the Bankruptcy Code, a bankruptcy court is

expressly authorized "to tak[e] any action or mak[e] any determination necessary or appropriate

to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C.

§ 105(a).  The Second Circuit has held that section 105(a) should be "construed liberally to

enjoin actions that might impede the reorganization process." *In re Momentum Mfg. Corp.*,

25 F.3d 1132, 1136 (2d Cir. 1994) (internal quotations omitted).

20.     Further, courts have broad equitable authority to enforce their orders. *See

Knight v. Kelly*, No. 93-CV-0712E(H), 1996 WL 549305, at *1 (W.D.N.Y. Sept. 19, 1996) ("It

has long been recognized that courts are vested with broad implied powers that are necessary to

the exercise of others, including the power to enforce the observance of orders.") (citing

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991)).  Such powers necessarily include a court's

power to manage its "own affairs so as to achieve the orderly and expeditious disposition of

cases," which includes the power to sanction a party for failure to comply with its orders or to

dismiss a party's claims.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962) (holding

that courts may, in their discretion, dismiss complaints for failure to prosecute even without

affording notice of their intention to do so or providing an adversary hearing before acting).

21.     Here, Claimants failed to participate in mandatory mediation as required

by the ADR Procedures.  Claimants also unilaterally cancelled two previously scheduled

7

mediations, causing the estate to incur fees relating to the cancellation of travel plans and attorneys' fees in preparation for the mediations and in multiple attempts to enforce the ADR Procedures.  Claimants' actions constitute failure to comply with the ADR Procedures, failure to negotiate in good faith, and failure to cooperate as may be necessary to effectuate the ADR Procedures.  (*See* ADR Procedures § II.F (Ex. B).)  This Court should not permit claimants to violate this Court's ADR Order and the ADR Procedures by failing to participate in the alternative dispute resolution process.  Such violations threaten the goals of the ADR Order and ADR Procedures and waste this Court's, MLC's, and the GUC Trust's resources, to the detriment of all other creditors.  Accordingly, the GUC Trust respectfully requests that the Bankruptcy Court disallow and expunge the Claims.

## Notice

22.     Notice of this Objection has been provided to Claimants, by and through their counsel of record, and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

23.     No previous request for the relief sought herein has been made by MLC or the GUC Trust to this or any other Court.

## Conclusion and Requested Relief

WHEREFORE the GUC Trust respectfully requests entry of an order disallowing and expunging the Claims, as well as any such other and further relief as is just.

US_ACTIVE:\43690079\03\72240.0639

Dated: New York, New York
May 10, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

# EXHIBIT A

**Proof of Claim Nos. 39218, 39219, 39220, 39221, and 39222**



03791727
APS0708255783

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

| | |
|---|---|
| Name of Debtor (Check Only One) | Case No |
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (RE G) |

NOTE. This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 4 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Your Claim is Scheduled As Follows:**

Motors Liquidation Company

Unsecured    Unknown

Contingent / Unliquidated / Disputed

Name of Creditor (the person or other entity to whom the debtor owes money or property)  SCOTT, KARLA

Name and address where notices should be sent

SCOTT KARLA
GARY WILLIAMS PARENTI FINNEY LEWIS MCMANUS WATSON & SPERA
221 E OSCEOLA ST
STUARY, FL 34994-2213

FILED - 39218

MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number    772-283-8260

Email Address    dawk@willie.gary.com

Name and address where payment should be sent (if different from above)
Gary, Williams Finney, Lewis, Watson, Sperando
221 East Osceola Street
Stuart, FL 34994

Telephone number   (772) 283-8260

☑ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number 4:02-CV-42-RH
(If known)

Filed on  09/20/2001

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1** Amount of Claim as of Date Case Filed, June 1, 2009    $ 25,000,000.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

Basis for Claim    Wrongful Death
(See instruction #2 on reverse side)

**2** Last four digits of any number by which creditor identifies debtor    2515

**2a** Debtor may have scheduled account as  Ryan Hawkins, as PR for the Estate of
Barbra Hawkins
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____    Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____    Amount Unsecured $_____

**6** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**5** Amount of Claim Entitled to Priority under 11 U S C §507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease or rent of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)__
Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**FOR COURT USE ONLY**

Date  11/20/09

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

Donald N. Watson, Attorney for Ryan Hawkins as Personal Representative of the estate of Barbara Hawkins.

Penalty for presenting fraudulent claim  Fine of up to $500 000 or imprisonment for up to 5 years or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS. IF BY MAIL: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 PM. (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR.

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor if any.

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.
For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases. (See DEFINITIONS, below.) Attach documentation supporting such claim.

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Reducted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claims. However, if the creditor decides to sell its claims, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

---

## INFORMATION

**Additional Information**
If you have any questions with respect to this claim form, please contact Alex Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

**IN THE CIRCUIT COURT FOR
DADE COUNTY, FLORIDA
PROBATE DIVISION**

**IN RE: ESTATE OF**

File No.: 00 3360 CP 02

**BARBARA J. HAWKINS**

Deceased.

JUN 0 1 2004

HARVEY RUVIN
CLERK CIRCUIT COURT

AMENDED
**LETTERS OF ADMINISTRATION**
(single personal representative)

THIS ESTATE MUST BE CLOSED
WITHIN 12 MONTHS IF NOT
CONTESTED

TO ALL WHOM IT MAY CONCERN

WHEREAS, Barbara J. Hawkins, a resident of Dade County, Florida, died on April 30, 2000,
owning assets in the State of Florida, and

WHEREAS, Ryan R. Hawkins has been appointed personal representative of the estate of
the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the
estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare Ryan R. Hawkins duly
qualified under the laws of the State of Florida to act as personal representative of the estate of
Barbara J. Hawkins, deceased, with full power to administer the estate according to law, to ask,
demand, sue for, recover and receive the property of the decedent, to pay the debts of the decedent
as far as the assets of the estate will permit and the law directs; and to make distribution of the estate
according to law

ORDERED on _____JUN 0 1 2004_____, 2004

THESE LETTERS DO NOT AUTHORIZE
ENTRY INTO ANY SAFE DEPOSIT BOX
WITHOUT FURTHER ORDER OF COURT

Circuit Judge

ARTHUR ROTHENBERG
Circuit Judge

STATE OF FLORIDA
COUNTY OF DADE
I, THE UNDERSIGNED, Deputy Clerk, Circuit Court, Dade
County, Florida, DO HEREBY CERTIFY the within and foregoing
is a true and correct copy of the original and that such is on
record and file in this office of the Clerk of the Circuit Court,
Florida, and that such certificate...
WITNESS my hand and official seal
Florida, this ___3___ day of _____
A.D 20 _04_

Clerk Circuit Court
By _____
Deputy Clerk, Circuit Court



**FILED**

**IN THE CIRCUIT COURT FOR**
**DADE COUNTY, FLORIDA**
**PROBATE DIVISION**

JUN 0 1 2004

HARVEY RUVIN
CLERK CIRCUIT COURT

IN RE: ESTATE OF

BARBARA J. HAWKINS,          File No.: 00-3360 CP 02
deceased.

## ORDER REOPENING ESTATE AND APPOINTING PERSONAL REPRESENTATIVE
### (testate)

THIS ESTATE MUST BE CLOSED
WITHIN 12 MONTHS IF NOT
CONTESTED.

On the petition of Ryan R. Hawkins to reopen the estate of BARBARA J HAWKINS,

deceased, the court finding that the decedent died on April 30, 2000, and that Ryan R Hawkins is

entitled to appointment as personal representative by reason of he is the only child of the decedent,

and is entitled and qualified to be personal representative, it is

ADJUDGED that the estate is hereby reopened and Ryan R. Hawkins is appointed personal

representative of the estate of the decedent, and that upon taking the prescribed oath, filing

designation of resident agent and acceptance, and entering into bond in the sum of $ — o —,

letters of administration shall be issued

ORDERED on     JUN 0 1 2004                , 2004

_____
Circuit Judge

ARTHUR ROTHENBERG
Circuit Judge

STATE OF FLORIDA )
COUNTY OF DADE )

I HEREBY CERTIFY that the foregoing is a true and
correct copy of the original on file in this office.
WITNESS my hand and official Seal this 3 day
of _____ A.D. 20 04

CLERK, Circuit and County Courts

By_____
Deputy Clerk



*HAWKINS, BARBARA*
*# 28727*

# GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, McMANUS, WATSON & SPERANDO

221 East Osceola Street
Stuart, Florida 34994
(561) 283-8260
1-800-329-4279

320 South Indian River Drive
Fort Pierce, Florida 34948
(561) 464-2352
1-800-330-2832

## CONTINGENCY FEE AGREEMENT
### (Florida)

In consideration of legal services to be rendered by the Law Firm of **GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, McMANUS, WATSON & SPERANDO**, the undersigned client(s) retain said Law Firm to prosecute all personal injury claims, including claims under uninsured motorist and property damage for client(s) injuries and damages sustained on or about the 30th day of April, 2000.

The Law Firm accepts said employment and is authorized to effect a settlement or compromise, subject to client(s) approval, or to institute such legal action or actions as may be advisable in attorneys' judgment in order to enforce client's rights. The parties acknowledge that the attorneys' fee is negotiable and said negotiated fee shall be equal to

(a)    33 1/3% of any recovery up to One Million ($1,000,000.00) Dollars, through the time of filing an answer or the demand for appointment of arbitrators

(b)    40% of the gross amount of any recovery up to One Million ($1,000,000.00) Dollars, after the filing of an answer by any defendant or following arbitration being demanded regardless to whether the lawsuit is tried or settled

(c)    30% of any recover between One Million ($1,000,000.00) Dollars and Two Million ($2,000,000.00) Dollars, and

(d)    20% of any recovery in excess of Two Million ($2,000,000.00) Dollars

If all defendants admit liability in their answer and the only issue is the recovery of damages, the fee becomes

(a)    33 1/3% of any recovery up to One Million ($1,000,000.00) Dollars

(b)    20% of any recovery between One Million ($1,000,000.00) Dollars and Two Million ($2,000,000.00) Dollars, and

(c)    15% of any recovery in excess of Two Million ($2,000,000.00) Dollars

As to any recovery against a defendant covered by sovereign immunity, the fee shall be twenty-five (25%) per cent as to that recovery

Client(s) further agree that in the event the Court should award attorneys' fees, then the Law Firm shall be entitled to either a reasonable fee determined by the Court, or the percentage of the recovery, whichever is greater

If a recovery is made and the client is to receive a recovery which will be paid to the client on a future structured or periodic basis, the contingent fee percentage shall be calculated on the present money value of the verdict or settlement.

Costs may be advanced by the Law Firm, including investigation and experts' fees, and said advances shall be deducted from any recovery and returned to the Law Firm at the time of disbursement of funds. The Law Firm shall have a lien on said claim, suit or recovery for attorney's fees and costs advanced

In the event an appeal is taken, a new and separate agreement shall be entered into by the parties as to services and fees. However, if the appeal is taken on a contingency basis, the fee shall be 5% of any recovery. Said 5% shall be in addition to the fee stated above.

The Law Firm may withdraw at any time by giving reasonable written notice and the client(s) agree to sign a Consent to Withdrawal or Substitution of Counsel in the event of such withdrawal.

The undersigned client has, before signing this contract, received and read the **Statement of Client's Rights** and understands each of the rights set forth therein. The undersigned client(s) has signed the Statement and received a signed copy to keep and refer to while being represented by the Law Firm.

Client(s) grant the Law Firm authorization, at its discretion, to write letters of protection on any medical bills Client(s) incur and to pay same to the extent permitted by the proceeds of any recovery consistent with this Fee Agreement.

Client(s) understand that this Law Firm and its lawyers are prohibited by ethical rules to provide any financial assistance to Client(s), directly or indirectly, for any reason, even if the need arises for food, medical care, shelter, transportation, etc. Client(s) further affirm that neither this law firm nor any of its lawyers have provided, promised or suggested any such financial assistance in connection with Client(s) employment of this law firm to pursue this legal claim.

This contract may be cancelled by written notification to the attorney at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled the client(s) shall not be obligated to pay any fees to the attorney(s) for the work performed during that time. If the attorney(s) have advanced funds to others in representation of the client, the attorney(s) are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the client(s).

Should Client(s) terminate this Agreement at any time after three business days, the Law Firm shall be entitled to a reasonable fee, and if the Law Firm has advanced funds on Client(s)' behalf in its representation of Client(s), the Law Firm shall be reimbursed for such amounts advanced on Client(s)' behalf.

Should Client(s) have a separate worker's compensation, medicare, medicaid, personal injury protection or medical payment claim, probate or guardianship proceedings which would require additional work on the part of the Law Firm, Client(s) understand that Client(s) will have to enter into a separate contract with the Law Firm to represent Client(s) in those matters.

DATED this 27th day of October, 2000

GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON & SPERANDO
Accepted by

_Linda Winssway_

x _[signature]_
_____
(Client)

_Byron B Hawkins_
_____
Type or print name

_____
(Client)

_____
Type or print name

F  0001
Rev  Fri, Jan 3, 1993, @ 4 15 p m

APS0708255783



SCOTT, KARLA
GARY WILLIAMS PARENTI FINNEY LEWIS MCMANUS WATSON & SPERA
221 E OSCEOLA ST
STUARY, FL 34994-2213

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
**MOTORS LIQUIDATION COMPANY**       :        **09-50026 (REG)**
**f/k/a GENERAL MOTORS CORPORATION,** :
*et al.,*                            :
                                    :
                        Debtors.    :        **(Jointly Administered)**
                                    :
                                    :
————————————————————————x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
### (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(B)(9)
OF THE BANKRUPTCY CODE) AGAINST A DEBTOR SET FORTH BELOW

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc<br>CKS of Harlem |

PLEASE TAKE NOTICE THAT, on September 16, 2009, the United States Bankruptcy Court for the Southern
District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a
General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an
order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time
for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts)
to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the
Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar
Date**"), and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit
(as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of
the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**")

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all
claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1,
2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the
"**Bankruptcy Code**")

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com. In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

1.    **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that arose prior to **June 1, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below  Acts or omissions of the Debtors that arose before **June 1, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured  Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims (as defined in Section 2(d) below)

2.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if

(a)    Your claim is listed on the Schedules (as defined below) and (i) is **not** described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules,

(b)    Your claim has been paid in full,

(c)    You hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest, **provided, however,** that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies,

(d)    You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim, **provided, however, 503(b)(9) Claims are subject to the General Bar Date as provided above**  Section 503(b)(9) provides in part  "  there shall be allowed  administrative expenses  including  (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business "  **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the General Bar Date,**

(e)    You hold a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date,

(f)    You hold a claim against any of the Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline),

(g)    You are a Debtor in these cases having a claim against another Debtor,

(h)    You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor as of the Bar Date,

In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment  In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days after the Debtors provide notice of the amendment**

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this Notice, such as whether the holder should file a Proof of Claim.**

DATED  September 16, 2009                    BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone  (212) 310-8000
Facsimile  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## Certain Debt Instruments

| | Debt Instrument | CUSIP, ISIN, or Swiss Security Numbers |
|---|---|---|
| 1 | Indenture, dated as of Nov  15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec  7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442717, 370442BW4, 370442BS3, 370442121, 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No 616449AB0 |
| 6 | Trust Indenture, dated as of Dec  1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N A , ($31,000,000 Pollution Control Revenue Refunding Bonds) | CUSIP No 455329AB8 |
| 7 | Trust Indenture, dated as of Mar  1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec  1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr  1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No 455329AB8 |

5.    **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No 10, (iv) state the Debtor against which it is filed, (v) set forth with specificity the legal and factual basis for the alleged claim, (vi) include supporting documentation or an explanation as to why such documentation is not available, and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE

Additional Proof of Claim Forms may be obtained at www uscourts gov/bkforms/ or www motorsliquidation com

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the Debtors, will be forever barred – that is, forbidden – from asserting the claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the Debtors' chapter 11 cases.*

7.    **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**")  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules

As set forth above, if you agree with the classification and amount of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a Proof of Claim  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www motorsliquidation com and www nysb uscourts gov (a PACER login and password are required and can be obtained through the PACER Service Center at www pacer psc uscourts gov )  Copies of the Schedules may also be examined by interested parties between the hours of 9 00 a m  and 4 30 p m  (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004  Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address and telephone number set forth below

The Garden City Group, Inc
Attn  Motors Liquidation Company
P O  Box 9386
Dublin, Ohio 43017-4286
 -703-286-6401

(i)    You hold a claim for which you have already properly filed a Proof of Claim against any of the Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10, or

(j)    You hold a claim that is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however,** that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies   Debt Instruments include those agreements listed at the end of this Notice

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so   Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies

**4.    WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address

If by overnight courier or hand delivery to

The Garden City Group, Inc
Attn  Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

If by first-class mail, to

The Garden City Group, Inc
Attn  Motors Liquidation Company Claims Processing
P O  Box 9386
Dublin, Ohio 43017-4286

**Or** if by hand delivery to

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc or the Court on or before the applicable Bar Date  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission

| 10 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, between GM, Deutsche Bank AG London, as fiscal agent and paying agent, and Banque Générale du Luxembourg S A , as paying agent | ISIN Nos  XS0171942757, XS0171943649 |
| 11 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, between GM Nova Scotia Finance Company, GM, as guarantor, Deutsche Bank Luxembourg S A , as fiscal agent and paying agent, and Banque Générale du Luxembourg S A , as paying agent | ISIN Nos  XS0171922643, XS0171908063 |
| 12 | Bond Purchase and Paying Agency Agreement dated May 28, 1986 between GM and Credit Suisse | Swiss Security No  876 926 |

01818729
APS0606921241





| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)

☐ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) — 09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. But may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item 4 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)   HAWKINS BARBARA

Name and address where notices should be sent

HAWKINS BARBARA
HAWKINS BARBARA
221 EAST OSCEOLA STREET
STUART FL 34994-2213

FILED - 39219
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☑ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: # 022Y -42-R+
(if known)

Filed on 09/20/2001

Telephone number  772 - 283 - 8260
Email address  dowe.williagary.com

Name and address where payment should be sent (if different from above)

Gary, Williams, Finney, Lewis, Watson & Sperando
221 East Osceola Street
Stuart, FL 34994
Telephone number  (772) 283-8260

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Your Claim is Scheduled As Follows.**

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form. EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions you need not file again.

**1** Amount of Claim as of Date Case Filed, June 1, 2009   $ 25,000,000.00

If all or part of your claim is secured, complete item 4 below, however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9) complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2** Basis for Claim   Wrongful Death
(See instruction #2 on reverse side)

**3** Last four digits of any number by which creditor identifies debtor   2515

**3a** Debtor may have scheduled account as: Ryan Hawkins as Personal Rep for the Estate of Barbara Hawkins
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection  _____

Amount of Secured Claim  $_____   Amount Unsecured  $_____

**6** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of redacted on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5** Amount of Claim Entitled to Priority under 11 U.S.C § 507(a).
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U.S.C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U.S.C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease, or rental of property or services for personal family or household use – 11 U.S.C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U.S.C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date 11/2/09

Signature  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney if any

Donald N. Watson, Attorney for Ryan Hawkins as Personald Representative of the estate of Barbara Hawkins.

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500 000 or imprisonment for up to 5 years, or both  18 U.S.C §§ 152 and 3571

Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.
NOV 2 3 2009

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent The Garden City Group Inc are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP, INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING PO BOX 9386, DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING 5151 BLAZER PARKWAY, SUITE A, DUBLIN OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY ONE BOWLING GREEN ROOM 534 NEW YORK, NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 PM (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim

A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned services performed, personal injury/wrongful death, car loan, mortgage note and credit card If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C §507(a)**
If any portion of your claim falls in one or more of the listed categories check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C §503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009 the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services see instruction 2 Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person corporation or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

**Motors Liquidation Company**

| | |
|---|---|
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC | |
| (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc | |
| (f/k/a Chevrolet-Saturn of Harlem Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person corporation or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C §101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C §506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has marked, edited out or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security individual's

---

## INFORMATION

tax-identification or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien, certificate of title, financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However if the creditor decides to sell its claim any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C §101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claim@motorsliquidation com

03791726
APS0708255686




# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM

**Your Claim is Scheduled As Follows:**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☐ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

Motors Liquidation Company

Unsecured  Unknown

Contingent / Unliquidated / Disputed

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 8 5) If other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) HAWKINS, RYAN

Name and address where notices should be sent

HAWKINS RYAN
GARY WILLIAMS PARENTI FINNEY LEWIS MCMANUS WATSON & SPERA
221 E OSCEOLA ST
STUARY FL 34994-2213
FILED - 39220
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number *172-283-8260*
Email Address *dnw@Williegov.com*

☑ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number *4: 02 CV 42-TPH*
(If known)

Filed on *09-20-2001*

Name and address where payment should be sent (if different from above)
*Gary, Williams, Finney, Lewis, Watson & Sperando*
*221 East Osceola Street*
*Stuart, FL 34994*

Telephone number *(772) 283-8260*

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file it again

| 1  Amount of Claim as of Date Case Filed, June 1, 2009 | $ *25,000,000.00* | 5  Amount of Claim Entitled to Priority under 11 U S C §507(a) |
|---|---|---|

If all or part of your claim is secured, complete item 4 below however if all of your claim is unsecured do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2** Basis for Claim *Wrongful Death*
(See instruction #2 on reverse side )

**3** Last four digits of any number by which creditor identifies debtor *2515*

**3a** Debtor may have scheduled account as *Ryan Hawkins as PR for the Estate of Barbara Hawkins, deceased*
(See instruction #3a on reverse side )

**4** Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim  $_____    Amount Unsecured  $_____

If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6  Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents** Attach redacted copies of any documents that support the claim such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

FOR COURT USE ONLY

Date *11/2/09*
**Signature** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any

*Donald N Watson, Attorney for Ryan Hawkins as Personal Representative of the Estate of Barbara Hawkins*

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING PO BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 PM (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which your claim.
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured (See DEFINITIONS, below). State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below). A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim

**6  Credit**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group (or as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's

---

## INFORMATION

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Abx Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

01818731
APS0606921435




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**

☐ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor (the person or other entity to whom the debtor owes money or property)**   HAWKINS BARBARA

**Name and address where notices should be sent**

HAWKINS BARBARA
SCOTT KARLA                    FILED - 39221
221 E OSCEOLA ST       **MOTORS LIQUIDATION COMPANY**
STUART FL 34994-2213    **F/K/A GENERAL MOTORS CORP**
                                           **SDNY # 09-50026 (REG)**

Telephone number 772-283-8260
Email Address  dnwa williegary.com

**Name and address where payment should be sent (if different from above)**
Gary, Williams, Finney, Lewis, Watson & Sperando, P.L.
221 East Osceda Street
Stuart, FL 34994
Telephone number (772) 283-8260

☒ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number 4:02-01-42-RH
(If known)

Filed on 09-20-2001

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1 Amount of Claim as of Date Case Filed, June 1, 2009**    $ 25,000,000.00

If all or part of your claim is secured complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim**   Wrongful Death
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor**   2515

3a Debtor may have scheduled account as   Ryan Hawkins as personal Representative for the Estate of Barbara Hawkins
(See instruction #3a on reverse side)

**4 Secured Claim (See instruction #4 on reverse side)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____   Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____   Amount Unsecured $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes purchase orders invoices, itemized statements of running accounts contracts judgments mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease, or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority $

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**FOR COURT USE ONLY**

Date 11-16-09   **Signature** The person filing this claim must sign it Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any   Donald N. Watson

DONALD N WATSON ATTORNEY FOR RYAN HAWKINS AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BARB...

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)   Hawkins

THE GARDEN CITY GROUP, INC.
NOV 23 2009

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386 DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 PM (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR.

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured (See DEFINITIONS, below). State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.
For claims pursuant to 11 U.S.C. § 503(b)(9) indicate the amount of claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim.

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC | |
| (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. | |
| (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has marked, edited out or otherwise deleted certain information. A creditor should redact and use only the last four digits of any social-security, individual's

### INFORMATION

tax-identification, or financial-account number, all but the initials of a minor's name, and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However if the creditor decides to sell its claim, any transfer of such claim is subject to 11 RBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

01818730

APS0606921338

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

| | Case No |
|---|---|
| me of Debtor (Check Only One) | |
| ☐ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

Your Claim is Scheduled As Follows:

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  HAWKINS BARBARA

Name and address where notices should be sent

HAWKINS BARBARA
HAWKINS RYAN
221 E OSCEOLA ST
STUART FL 34994-2213

**FILED - 39222**

**MOTORS LIQUIDATION COMPANY**

**F/K/A GENERAL MOTORS CORP**

**SDNY # 09-50026 (REG)**

Telephone number  772-283-8260

Email Address  dnw @ will.egary. com

☒ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number  4.02-CV-42-RH  (If known)

Filed on  09-20-2001

Name and address where payment should be sent (if different from above)

Gary, Williams Finney, Lewis, Watson, Sperando

221 East Osceola Street

Stuart, FL 34994

Telephone number  (772) 283-8260

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case

It is amount is identified above, you that a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to previously scheduled amount). If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do need to file this proof of claim form EXCEPT AS FOLLOWS. If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT a proof of claim MUST be filed and order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009          $ 25,000,000.00

If all or part of your claim is secured complete item 4 below, however, if all of your claim is unsecured do not complete item 4. If all or part of your claim is entitled to priority complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim  Wrongful Death
(See instruction #2 on reverse side)

3. Last four digits of any number by which creditor identifies debtor  2515

3a. Debtor may have scheduled account as  Ryan Hawkins as Personal Representative
(See instruction #3a on reverse side)  of the Estate of Barbara Hawkins

4. Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property $ _____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $ _____

Basis for perfection _____

Amount of Secured Claim $ _____   Amount Unsecured $ _____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7. Documents Attach redacted copies of any documents that support the claim such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a)
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier — 11 U.S.C. § 507(a)(4)

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7)

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__)

Amount entitled to priority

$ _____

* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Signature. The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

te 11/20/09

Donald N Watson, Attorney for Ryan Hawkins as
Personal Representative of the estate of Brenda Hawkins

FOR COURT USE ONLY

Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/88)

THE GARDEN CITY GROUP INC.
NOV 23 2009

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, 534 NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 PM (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**

These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.

A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1 Amount of Claim as of Date Case Filed**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2 Basis for Claim**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a Debtor May Have Scheduled Account As**

Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4 Secured Claim**

Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS below.) State the type and value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5 Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**

If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases. (See DEFINITIONS, below.) Attach documentation supporting such claim.

**6 Credits**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim the creditor gave the Debtor credit for any payments received toward the debt.

**7 Documents**

Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**

The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. | |
| (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Creditor**

A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**

A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**

A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case, in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information. A creditor should redact and use only the last four digits of any social-security, individual's

---

## INFORMATION

tax-identification or financial-account number, all but the initials of a minor's name, and only the year of any person's date of birth.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**

To receive acknowledgment of your filing from The Garden City Group, Inc. please provide a self-addressed stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and any applicable orders of the bankruptcy court.

**Additional Information**

If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com.

## **EXHIBIT B**

**Amended Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternate Dispute Procedures, Including Mandatory Mediation (ECF No. 7558)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,     :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.*   :
                                          :
                      Debtors.            :        (Jointly Administered)
                                          :
————————————————————————x

AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a)
AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF
ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY
MEDIATION

Upon the Motion, dated January 11, 2010 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as

debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section

105(a) of title 11, United States Code and General Order M-390 (the "**Original ADR**

**Order**"), for authorization to implement alternative dispute procedures, including

mandatory mediation (the "**ADR Procedures**"), all as more fully set forth in the Motion;

and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion, the Omnibus Reply of the Debtors to Objections to Debtors' Motion for Entry of
Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative
Dispute Resolution Procedures, Including Mandatory Mediation, and in the ADR Procedures annexed to
the Original ADR Order as Exhibit "A."

Motion establish just cause for the relief granted herein; and after consideration of the

response pleadings filed; and the Court having entered the Original ADR Order; and

upon the Debtors' Motion, dated October 8, 2010 (the "**Motion to Amend**") to amend

the ADR Order; and the Court having determined since the entry of the Original ADR

Order that the Original ADR Order should be modified in certain respects and restated in

its entirety as provided herein; and after due deliberation and sufficient cause appearing

therefor, it is

     ORDERED that this Amended ADR Order supersedes in all respects the

Original ADR Order; and it is further

     ORDERED that notwithstanding anything to the contrary in the Motion or

Motion to Amend, the ADR Procedures, as set forth in **Exhibit "A"** to this Amended

ADR Order, are approved as provided herein with respect to (a) personal injury claims,

(b) wrongful death claims, (c) tort claims, (d) product liability claims, (e) claims for

damages arising from the rejection of an executory contract or unexpired lease with a

Debtor under section 365 of the Bankruptcy Code (excluding claims for damages arising

from the rejection of executory contracts that relate primarily to environmental matters),

(f) indemnity claims (excluding tax indemnity claims relating to leveraged fixed

equipment lease transactions and excluding indemnity claims relating to asbestos

liability), (g) lemon law claims, to the extent applicable under section 6.15 of the Master

Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of

June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable

under section 6.15 of the MPA, and (i) class action claims (the "**Initial Subject**

**Claims"**); and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion, the Motion to Amend, or the ADR Procedures, the ADR procedures shall not apply to claims filed by the United States of America or its agencies; *provided, however,* nothing shall preclude the Debtors from seeking in the future by separate motion alternative dispute resolutions in connection with any such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion or the ADR Procedures, the ADR Procedures shall not apply to claims filed by state and tribal governments concerning alleged environmental liabilities; *provided, however,* nothing shall preclude the Debtors from seeking in the future by separate motion alternative dispute resolutions in connection with any such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion, the Motion to Amend, or the ADR Procedures, the United States of America, nor any state or tribal government shall be in any way bound by any determination made pursuant to the ADR Procedures as to any other party or claim subject to the ADR Procedures, including any determination with respect to the amount, classification, disallowance, or type of claim; and it is further

ORDERED that, annexed to this Amended ADR Order as **Exhibit "B"** is a revised schedule of mediators (the "**Schedule of Mediators**"); and it is further

ORDERED that, the Debtors from time to time may further modify the Schedule of Mediators, in consultation with the Ad Hoc Committee, by filing a revised

Schedule of Mediators with this Court and providing counsel to the Ad Hoc Committee with the Sharing Cap for each additional mediator added to the Schedule of Mediators; and it is further

ORDERED that, the Debtors are authorized to waive the obligation to share costs of non-binding mediation in their sole discretion to the extent the Designated Claimant establishes, to the satisfaction of the Debtors, that sharing of such expenses would constitute a substantial hardship upon the Designated Claimant; and it is further

ORDERED that, within thirty (30) days from the date of entry of this Order (the "**Capping Period**"), any holder of an Unliquidated/Litigation Claim that is an Initial Subject Claim filed against any of the Debtors may request the Debtors to initiate the ADR Procedures for such Unliquidated/Litigation Claim by sending a letter (each a "**Capping Proposal Letter**," the form of which is annexed to this Order as **Exhibit "C"**) to the Debtors indicating a willingness to cap its Unliquidated/Litigation Claim at a reduced amount (the "**Claim Amount Cap**"); *provided, however,* that with respect to any claim for amounts resulting from the rejection of an executory contract that is rejected pursuant to an order entered after the date of this Order, a Capping Proposal Letter will be deemed timely if it is received within thirty (30) days of the entry of the order authorizing such rejection; and it is further

ORDERED that, upon receiving a Capping Proposal Letter, the Debtors will, if, and only if, the Claim Amount Cap is accepted by the Debtors, initiate the ADR Procedures by designating the Unliquidated/Litigation Claim in accordance with the ADR Procedures and will indicate in the ADR Notice that the Claim Amount Cap has

been accepted; and it is further

ORDERED that, if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimant, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap. To the extent the Debtors accept the Claim Amount Cap, the Debtors will be responsible for all fees and costs associated with any subsequent mediation. If the Claim Amount Cap is not accepted, the Debtors will notify the Designated Claimant that the Claim Amount Cap has been rejected, and the Claim Amount Cap will not bind any party and shall not be admissible to prove the amount of the Unliquidated/Litigation Claim; and it is further

ORDERED that, within one month after the Capping Period has expired, the Debtors will provide to (i) counsel for the statutory committee of unsecured creditors (the "Creditors' Committee"), and (ii) counsel for the United States of America, a privileged and confidential report containing information on the status of the Unliquidated/Litigation Claims (the "Committee Report"). The Debtors shall provide both the Creditors' Committee and the United States of America with an updated Committee Report once a month; and it is further

ORDERED that the following notice procedures are hereby approved:

1. Within **three (3) days** of entry of this Order, the Debtors shall cause to be mailed a copy of this Order to all known holders of Initial Subject Claims that are subject to the ADR Procedures.

2. The Debtors shall post a form of the Capping Proposal Letter on the website established by GCG for the Debtors' cases: www.motorsliquidationdocket.com;

and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures with respect to the Initial Subject Claims, including, without limitation, by implementing any arbitration awards or settlements with respect to Designated Claims achieved under the terms of the ADR Procedures; *provided, however*, that nothing in this Order or the ADR Procedures, shall obligate the Debtors to settle or pursue settlement of any particular Designated Claim; *further provided* that any such settlements may be pursued and agreed upon as the Debtors believe are reasonable and appropriate in their sole discretion, subject to the terms and conditions set forth in the ADR Procedures; and it is further

ORDERED that, if litigation of an Unresolved Designated Claim in a forum other than this Court is required for any of the reasons forth in Section II.E.3 of the ADR Procedures (as determined by this Court), then the Stay shall be modified subject to the terms and conditions set forth in Section II.E.4 of the ADR Procedures. Any such modification of the Stay shall be solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum. If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, as set forth in Section II.E.4 of the ADR Procedures, the Stay shall remain in effect with respect to such Unresolved Designated Claim, and the Designated Claimant may seek a determination of this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy forum as set forth in Section II.E.3 of the ADR Procedures; and it is further

ORDERED that nothing contained in this Amended ADR Order shall be deemed to preclude any party in interest from objecting to any Designated Claim to the extent such entity has standing to assert an objection in accordance with Bankruptcy Code and applicable law; and it is further

ORDERED that nothing contained in this Order shall alter the Creditors' Committee's rights set forth in this Court's Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180]; and it is further

ORDERED that nothing in the ADR Procedures, including the ADR Injunction set forth therein, shall preclude the holder of a Designated Claim from commencing or continuing an action against a non-debtor party; and it is further

ORDERED that Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Capping Proposal Letter, the ADR Procedures, and the Committee Report; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Amended ADR Order and the ADR Procedures.

New York, New York
Date: ***October 25, 2010***

*s/ Robert E. Gerber*
Honorable Robert E. Gerber
United States Bankruptcy Judge

## Exhibit A

## The ADR Procedures

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                         :

In re                                  :       Chapter 11 Case No.
                                         :

MOTORS LIQUIDATION COMPANY, *et al.*,  :      09-50026 (REG)
    f/k/a General Motors Corp., *et al.*  :

                                         :

                      Debtors.      :       (Jointly Administered)

                                         :
------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The alternative dispute resolution procedures (the "**ADR Procedures**") adopted

in the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), are set

forth below:

### I.    CLAIMS SUBJECT TO THE ADR
### PROCEDURES AND ADR INJUNCTION

A.    <u>Claims Subject to the ADR Procedures</u>

1.    The claims subject to the ADR Procedures (collectively, the "**Designated**

**Claims**") include any and all claims (other than an Excluded Claim as defined below) designated

by the Debtors under the notice procedures set forth below that assert or involve claims based on

one or more of the following theories of recovery, whether or not litigation previously has been

commenced by the claimant: (a) personal injury claims, (b) wrongful death claims, (c) tort

claims, (d) product liability claims, (e) claims for damages arising from the rejection of an

executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code

(excluding claims for damages arising from the rejection of executory contracts that relate

primarily to environmental matters), (f) indemnity claims (excluding tax indemnity claims

relating to leveraged fixed equipment lease transactions and excluding indemnity claims relating to asbestos liability), (g) lemon law claims, to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "MPA"), (h) warranty claims, to the extent applicable under section 6.15 of the MPA, and (i) class action claims ("Class Claims"). The Debtors may identify as a Designated Claim any proof of claim asserted in these cases, other than Excluded Claims as defined in Section I.B below, if the Debtors believe, in their business judgment and sole discretion, that the ADR Procedures would promote the resolution of such claim and serve the intended objectives of the ADR Procedures.

2.    The holders of the Designated Claims are referred to herein as the "Designated Claimants."

B.    **Excluded Claims**

The Debtors shall not identify as a Designated Claim any proof of claim within any of the following categories (collectively, the "**Excluded Claims**"): (a) claims for which the automatic stay under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**") was modified by prior order of this Court (the "**Bankruptcy Court**") to allow the litigation of the claim to proceed in another forum; (b) claims asserted in liquidated amounts of $500,000 or less; (c) asbestos-related claims (including indemnity claims relating to asbestos liability); (d) environmental claims that constitute prepetition unsecured claims (including claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters); (e) patent infringement claims; (f) tax claims (excluding tax indemnity claims relating to leveraged fixed equipment lease transactions); and (g) claims subject to a separate order of the Bankruptcy Court providing for arbitration or mediation. Notwithstanding the foregoing, any of the Excluded Claims, any disputed postpetition administrative expenses, and any claims or

counterclaims asserted by the Debtors may be submitted to the ADR Procedures by agreement of the applicable Debtor and the applicable claimant or by further order of the Bankruptcy Court.

## C.    The ADR Injunction

Upon service of the ADR Notice (as defined below) on a Designated Claimant under Section II.A.1 below, such Designated Claimant (and any other person or entity asserting an interest in the relevant Designated Claim) shall be enjoined from commencing or continuing any action or proceeding in any manner or any place, including in the Bankruptcy Court, seeking to establish, liquidate, collect on, or otherwise enforce the Designated Claim(s) identified in the ADR Notice other than (1) through these ADR Procedures, or (2) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (collectively, the "ADR Injunction"). Notwithstanding the forgoing, the Debtors shall not be precluded from seeking to estimate any Designated Claim not subject to an accepted Claim Amount Cap in connection with confirmation or consummation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases, or preclude the Designated Claimant from seeking estimation of its Designated Claim solely for voting purposes in connection with confirmation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases. The ADR Injunction shall expire with respect to a Designated Claim only when that Designated Claim has been resolved or after the ADR Procedures have been completed as to that Designated Claim. Except as expressly set forth herein or in a separate order of the Bankruptcy Court, the expiration of the ADR Injunction shall not extinguish, limit, or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar injunction that may be imposed upon the confirmation or effectiveness of a plan or plans in the applicable Debtors' chapter 11 cases (a "Plan Injunction"), and the automatic stay and the Plan Injunction shall remain in place to the extent then in effect.

## II.    THE ADR PROCEDURES

### A.    Offer Exchange Procedures

The first stage of the ADR Procedures will be the following offer exchange

procedures, requiring the parties to exchange settlement offers and thereby providing an

opportunity to resolve the underlying Designated Claim on a consensual basis without any

further proceedings by the parties (the **"Offer Exchange Procedures"**).  Rule 408 of the Federal

Rules of Evidence shall apply to the ADR Procedures.  Except as permitted by Rule 408, no

person may rely on, or introduce as evidence in connection with any arbitral, judicial, or other

proceeding, any offer, counteroffer, or any other aspect of the ADR Procedures.

1.    *Designation of Designated Claims and Settlement Offer by the Debtors*

(a)    At any time following the entry of an order approving the ADR

Procedures, as applicable (the "**ADR Order**") and subject to the terms and conditions in

Sections I.A and I.B above, the Debtors may designate a Designated Claim for resolution

through the ADR Procedures by serving upon the Designated Claimant, at the address listed on

the Designated Claimant's most recently filed proof of claim or amended proof of claim, as well

as to any counsel of record in these cases for the Designated Claimant, the following materials

(collectively, the "**ADR Materials**"): (i) a notice that the Designated Claim has been submitted

to the ADR Procedures (an "**ADR Notice**"),[1] (ii) a copy of the ADR Order, and (iii) a copy of

these ADR Procedures.  For transferred claims, the Debtors also will serve a copy of the ADR

Materials on the transferee identified in the notice of transfer of claim.

---

[1] The form of the ADR Notice is attached hereto as **Annex 1** and incorporated herein by reference.  The Debtors anticipate that the ADR Notice will be substantially in the form of Annex 1; however, the Debtors reserve the right to modify the ADR Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

(b)----The ADR Notice will (i) advise the Designated Claimant that his or her Designated Claim has been submitted to the ADR Procedures; (ii) request that the Designated Claimant verify or, as needed, correct, clarify, or supplement, certain information regarding the Designated Claim (including the addresses for notices under the ADR Procedures); and (iii) include an offer by the Debtors to settle the Designated Claim (a "**Settlement Offer**"). The ADR Notice also will require the Designated Claimant to sign and return the ADR Notice along with the Claimant's Response (as defined in Section II.A.2 below) to the Debtors so that it is received by the Debtors no later than twenty-one (21) days[2] after the mailing of the ADR Notice (the "**Settlement Response Deadline**").

(c)    If the Designated Claimant fails to sign and return the ADR Notice or to include a Claimant's Response (as defined below) with the returned ADR Notice by the Settlement Response Deadline, (i) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim and (ii) the Designated Claim will be submitted to nonbinding mediation.

2.    *The Claimant's Response*

The only permitted responses to a Settlement Offer (the "**Claimant's Response**") are (i) acceptance of the Settlement Offer, or (ii) rejection of the Settlement Offer coupled with a counteroffer (as further defined below, a "**Counteroffer**"). If the ADR Notice is returned without a response or with a response that is not a permitted response, the Designated Claim shall be treated as set forth in Section II.A.1(c) above.

---

[2] Bankruptcy Rule 9006(a) shall apply to all periods calculated in the ADR Procedures.

3.    *The Counteroffer*

The Counteroffer shall (i) provide all facts that substantiate the Designated Claim and that are sufficient for the Debtors to evaluate the validity and amount of the Designated Claim; (ii) provide all documents that the Designated Claimant contends support the Designated Claim; (iii) state the dollar amount of the Designated Claim (the "**Proposed Claim Amount**"), which may not (A) improve the priority set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim, or (B) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order), if applicable, or the amount set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but may liquidate any unliquidated amounts expressly referenced in a proof of claim), with an explanation of the calculation and basis for the Proposed Claim Amount; and (iv) provide the name and address of counsel representing the Designated Claimant with respect to the Designated Claim, unless the Designated Claimant is a natural person, in which case the Designated Claimant shall either provide the name of such counsel or state that he or she is appearing without counsel.

The Counteroffer is presumed to offer the allowance of the Designated Claim as a general unsecured claim in the Proposed Claim Amount against the Debtor identified in the applicable proof of claim. If the Debtors accept the Counteroffer, the Designated Claimant shall not seek recovery from the Debtors of any consideration other than the consideration ultimately distributed to holders of other allowed general unsecured claims against the relevant Debtor. A Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority, or the Designated Claim shall be treated as set forth in Section II.A.1(c) above.

4.    *Consent to Subsequent Binding Arbitration*

As described in Sections II.B and II.C below, in the absence of a settlement at the

conclusion of the Offer Exchange Procedures, Designated Claims shall proceed to nonbinding

mediation and, if such mediation is unsuccessful, upon consent of the parties (including deemed

consent based on prior contractual agreements), to binding arbitration. A Designated Claimant is

required to notify the Debtors whether it consents to, and thereby seeks to participate in, binding

arbitration in the event that its Designated Claim ultimately is not resolved through the Offer

Exchange Procedures and the nonbinding mediation. A Designated Claimant shall make an

election to either consent or not consent to binding arbitration by checking the appropriate box in

the ADR Notice (an **"Opt-In/Opt-Out Election"**). Any Designated Claimant that does not

consent to binding arbitration in its response to the ADR Notice may later consent in writing to

binding arbitration, subject to the agreement of the Debtors. Consent to binding arbitration, once

given, cannot subsequently be withdrawn without consent of the Debtors.

5.    *The Debtors' Response to a Counteroffer*

The Debtors must respond to any Counteroffer within fifteen (15) days after their

receipt of the Counteroffer (the **"Response Deadline"**), by returning a written response (as

further defined below, each a **"Response Statement"**). The Response Statement shall indicate

that the Debtors (a) accept the Counteroffer; or (b) reject the Counteroffer, with or without

making a revised Settlement Offer (a **"Revised Settlement Offer"**).

(a)    *Failure to Respond*

If the Debtors fail to respond to the Counteroffer by the Response Deadline,

(i) the Counteroffer will be deemed rejected by the Debtors; (ii) the Offer Exchange Procedures

will be deemed terminated with respect to the Designated Claim; and (iii) the Designated Claim

will be submitted to nonbinding mediation.

(b)    *Revised Settlement Offer*

If the Debtors make a Revised Settlement Offer by the Response Deadline, the

Designated Claimant may accept the Revised Settlement Offer by providing the Debtors with a

written statement of acceptance no later than ten (10) days after the date of service of the

Revised Settlement Offer (the "**Revised Settlement Offer Response Deadline**"). If the

Designated Claimant does not accept the Revised Settlement Offer by the Revised Settlement

Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the

Designated Claim automatically will be submitted to nonbinding mediation.

(c)    *Request for Additional Information*

The Debtors may request supplemental or clarification of information supplied in

the Designated Claimant's most recently filed proof of claim to assist in a good faith evaluation

of any particular Designated Claim. If the Debtors request additional information or

documentation by the Response Deadline, the Designated Claimant shall serve additional

information or documentation sufficient to permit the Debtors to evaluate the basis for the

Designated Claim (with the exception, in the Designated Claimant's sole discretion, of privileged

information or information prepared expressly in contemplation of litigation) so that it is

received by the Debtors within fifteen (15) days after such request. If the Designated Claimant

timely responds, the Debtors shall have fifteen (15) days to provide an amended Response

Statement, which may include a Revised Settlement Offer as a counter to the Counteroffer. If

the Debtors do not provide an amended Response Statement within this period, or if the

Designated Claimant fails to provide the requested information or documentation within the time

allotted, the Designated Claim will be submitted to nonbinding mediation.

6.    *Offer Exchange Termination Date*

Upon mutual written consent, the Debtors and a Designated Claimant may exchange additional Revised Settlement Offers and Counteroffers for up to twenty (20) days after the later of (a) the Revised Settlement Offer Response Deadline or (b) the expiration of the applicable timeframes provided for in Section II.A.5(c) above with respect to requesting, receiving, and responding to additional information or documentation. Otherwise, the Offer Exchange Procedures shall conclude and terminate on the earliest of the following (the "**Offer Exchange Termination Date**"): (i) the date upon which the Designated Claim automatically advances to nonbinding mediation under the provisions set forth above; (ii) the date that any settlement offer for a Designated Claim is accepted under the procedures set forth above; (iii) the date upon which a Response Statement was served by the Debtors, if the Debtors notified the Designated Claimant in their Response Statement of the Debtors' intention to proceed directly to nonbinding mediation; or (iv) such earlier date as is agreed upon by the Debtors and the Designated Claimant.

7.    *Ability to Settle Claims*

Nothing herein shall limit the ability of a Designated Claimant and the Debtors to settle a Designated Claim by mutual consent at any time. All such settlements shall be subject to the terms of Section II.D.2 below.

B.    **Nonbinding Mediation ("Mediation")**

1.    *Mediation Notice*

If the Debtors and the Designated Claimant do not settle the Designated Claim through the Offer Exchange Procedures, the Debtors shall serve a notice of nonbinding mediation, with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant no later than thirty (30) days after the Offer Exchange Termination

Date, or as soon thereafter as is reasonably practicable.[3] The Mediation Notice will provide the Mediation Location (as such term is defined in Section II.B.2 below).

2.    *Location and Appointment of the Mediator*

All Mediations shall be conducted in either (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; (iv) San Francisco, California; or (v) Chicago, Illinois (collectively, the "**Mediation Locations**"), unless the parties agree to a different location. Within ten (10) days after receiving the Mediation Notice, the Designated Claimant shall choose one of the individuals identified in a list of mediators annexed to the Mediation Notice and corresponding to the applicable Mediation Location to conduct the mediation (the "**Mediator**").

To the maximum extent practicable, the scheduling and location of Mediation sessions shall give due consideration to the convenience of the parties and the proximity of the Designated Claimant. Notwithstanding the foregoing, within ten (10) business days after service of the Mediation Notice, the Designated Claimant may file a motion with the Bankruptcy Court, on notice to the Debtors and any previously appointed mediator, for an order directing that the Mediation be conducted in a different location (a "**Hardship Motion**") if the Designated Claimant can demonstrate that traveling to any of the Mediation Locations presents a "substantial hardship;" *provided, however,* that there shall be a rebuttable presumption that, absent other extraordinary facts, there is no "substantial hardship" imposed on a Designated Claimant if the primary representative for a Designated Claimant resides in a location that is less than 750 miles from the Mediation Location or is less than a three-hour plane trip from the Mediation Location (based on typical commercial schedules for the fastest route, excluding any

---

[3] The form of the Mediation Notice is attached hereto as **Annex 2** and incorporated herein by reference. The Debtors anticipate that the Mediation Notice will be substantially in the form of Annex 2; however, the Debtors reserve the right to modify the Mediation Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

layovers).  While a Hardship Motion is pending, all deadlines under these ADR Procedures shall be suspended.  If a Hardship Motion is granted, any alternative location shall be determined by the Bankruptcy Court, taking into account the convenience of the parties and any agreements reached by the parties.  If the location of the Mediation is changed, (i) any Mediator appointed in the original location may be replaced by a Mediator in the new location (selected by mutual agreement of the parties or order of the Court), and (ii) the Bankruptcy Court may require that that the Debtors and the Designated Claimant share the costs of the Mediation.

      3.     *Mediation Rules*

      The Mediation of Designated Claims shall be governed by the Mediator's regular procedures, except where expressly modified in the ADR Procedures.  In the event of any conflict, the ADR Procedures shall control.  Any party to a Mediation that fails to participate in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

      (a)     *Impartiality and Qualifications of Mediators*

      A person appointed as a Mediator must (i) be an impartial, neutral person; (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter; and (iii) upon appointment, disclose any circumstances likely to create a reasonable inference of bias.  In the event a Mediator discloses circumstances likely to create a reasonable inference of bias, such Mediator may be replaced at the written request of either the Debtors or the Designated Claimant prior to the mediation.

      (b)     *Fees and Costs for Mediation*

      For each Mediation conducted under these ADR Procedures, the Mediator selected to preside will be entitled to charge the mediation fees disclosed to, and agreed to by, the Debtors and the Designated Claimant.  Unless the parties have expressly agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit Designated Claims

                      11

to Mediation, the Mediator's fees and the costs of any Mediation shall be shared equally by the Debtors and the Designated Claimant subject to the Sharing Cap (as such term is described in the ADR Order. For purposes of clarity, these costs shall not include travel expenses of the parties.

      (c)    *Pre-Mediation Briefing*

      Unless the parties agree otherwise, on or before thirty (30) days prior to the scheduled Mediation, the Designated Claimant shall serve on the Mediator and the Debtors by electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern Time), a nonconfidential, pre-Mediation statement (the **"Opening Statement"**) not to exceed fifteen (15) pages, excluding any attachments, setting forth all of the Designated Claimant's claims and identifying each and every cause of action or theory the Designated Claimant asserts, including a short and plain statement of the facts and law upon which the Designated Claimant relies for recovery and maintains entitle it to relief. The Designated Claimant shall include, as exhibits or annexes to the Opening Statement, all documents (or summaries of voluminous documents), affidavits, and other evidentiary materials on which the Designated Claimant relies (with the exception, in the Designated Claimant's sole discretion, of privileged information or information prepared expressly in contemplation of litigation). Unless the parties agree otherwise, on or before fifteen (15) days after service of the Opening Statement, the Debtors shall serve on the Mediator and the Designated Claimant, by electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern Time), a nonconfidential response statement (the **"Mediation Response Statement"**) not to exceed fifteen (15) pages, excluding attachments. The Designated Claimant shall receive copies of all exhibits to the Mediation Response Statement (with the exception, in the Debtors' sole discretion, of privileged information or information prepared expressly in contemplation of litigation). The Debtors shall

provide copies of the Opening Statement and Mediation Response Statement to counsel to the statutory committee of unsecured creditors (the "**Creditors' Committee**") upon request, on a confidential basis. At the Mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the Mediator, which shall receive "Mediator's-eyes-only" treatment.

(d)    *The Mediation Session*

Unless otherwise agreed by the parties or as provided herein, the Mediation session must occur no later than sixty (60) days after the date on which the Mediator is appointed. Unless otherwise agreed by the parties, the Mediation session is open only to the parties and their respective counsel, and insurers (if any).

(e)    *Treatment of Mediation Settlement*

If the Mediation results in a settlement of the Designated Claim, such settlement shall be subject to the terms of Section II.D below. If the Mediation of a Designated Claim does not result in a settlement of the Designated Claim, the Designated Claim shall be subject to Section II.C or II.E below.

(f)    *Modification of the Mediation Procedures*

The Mediation procedures described herein may be modified upon the mutual written consent of the Debtors and the Designated Claimant.

C.    **Arbitration**

1.    *Binding Arbitration*

If the Designated Claimant and the Debtors have consented to binding arbitration under Section II.A.4 above, the Designated Claim will be arbitrated under the terms of this Section II.C if such claim is not resolved in the Offer Exchange Procedures or Mediation. If the Designated Claimant has expressly indicated that it does not consent to binding arbitration in its

response to the ADR Notice and has not subsequently opted in to binding arbitration pursuant to Section II.A.4 above, the Designated Claim shall be resolved in the Bankruptcy Court by the Debtors' commencement of proceedings pursuant to the Bankruptcy Code, including without limitation, estimating or objecting to the Designated Claims. Any party to an arbitration that fails to participate in the arbitration in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

2.     _Arbitration Notice_

To initiate the arbitration process for a Designated Claim, the Debtors shall serve a notice of arbitration (the "**Arbitration Notice**"), with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant, the Creditors' Committee, and the American Arbitration Association (the "**AAA**").[4]

3.     _Arbitration Rules and Procedures_

For Designated Claims that are not designated by the Debtors as Complex Designated Claims (as defined below), the arbitration of all Designated Claims shall be conducted by a single arbitrator selected pursuant to the Commercial Arbitration Rules of the AAA. The arbitrator shall be governed by the commercial arbitration rules of the AAA then in effect (the "**Arbitration Rules**"), except where the Arbitration Rules are expressly modified in the ADR Procedures.[5]

The Debtors may, at their discretion, designate certain Designated Claims as complex designated claims (the "**Complex Designated Claims**"). The arbitration of all

---

[4] The form of the Arbitration Notice is attached hereto as Annex 3 and incorporated herein by reference. The Debtors anticipate that the Arbitration Notice will be substantially in the form of Annex 3; however, the Debtors reserve the right to modify the Arbitration Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

[5] In the event of any conflict between the Arbitration Rules and the ADR Procedures, the ADR Procedures shall control.

Complex Designated Claims shall be conducted by a panel of three arbitrators selected pursuant to the Commercial Arbitration Rules of the AAA. The AAA Procedures for Large, Complex Commercial Disputes, in addition to the Commercial Rules of Arbitration, shall be used for arbitration of all Complex Designated Claims; *provided, however,* unless otherwise agreed by the parties, (i) the AAA shall appoint a panel of three (3) arbitrators, as provided in this Section and Section II.C.3(g) and (ii) the arbitration hearing on a Complex Designated Claim must be held no later than ninety (90) days after the date of appointment of the arbitrator(s), as provided in Section II.C.3(k). Finally, the AAA Supplementary Rules for Class Arbitrations shall also be used for all Class Claims, including those related to class certification and the Class Determination Award (as defined in Rule 5 of the AAA Supplementary Rules for Class Arbitrations), except that the arbitrator(s) shall not make a Clause Construction Award (as defined in Rule 3 of the AAA Supplementary Rules for Class Arbitrations), or determine that a Class Claim is not arbitrable for failure for each class member to have entered into an arbitration agreement, the Court having specifically found that the ADR Procedures are applicable to Class Claims notwithstanding the absence of a written agreement to arbitrate.[6]

   (a) *Governing Law*

   The ADR Procedures, as they relate to arbitration proceedings, are governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (the "**Federal Arbitration Act**"), and the enforceability of an arbitration award is governed by Section 9 of the Federal Arbitration Act, except as modified herein.

---

[6] In the event of any conflict between the AAA Supplementary Rules for Class Arbitrations and the ADR Procedures, the ADR Procedures shall control.

(b)     *Fees and Costs for Binding Arbitration; Sharing*

Unless the parties expressly have agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit claims to binding arbitration, the fees and costs charged by the AAA and the arbitrator(s) shall be shared equally by the Debtors and the Designated Claimant; *provided, however,* that the arbitrator(s), in the arbitrator(s)' sole discretion, may assess fees and costs against any party that the arbitrator(s) finds to be abusing or unduly delaying the arbitration process. The AAA shall submit invoices to the Designated Claimants and the Debtors according to the AAA's ordinary invoicing practices then in effect and subject to the AAA's ordinary payment terms then in effect. For purposes of clarity, these costs shall not include travel expenses of the parties.

(c)     *Impartiality and Qualifications of Arbitrators*

In designating the arbitrator in accordance with the procedures described below, the AAA shall review the Arbitration Notice and the applicable Designated Claim. Any person appointed as an arbitrator must: (i) be an impartial, neutral person; (ii) be experienced (either from past arbitrations or former employment) in the law that is the subject of the Designated Claim; (iii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter; and (iv) upon appointment, disclose any circumstances likely to create a reasonable inference of bias. In the event that an arbitrator discloses circumstances likely to create a reasonable inference of bias, such arbitrator may be replaced by the AAA at the written request of the Debtors or the Designated Claimant within ten (10) days after such disclosure.

(d)    *Time and Location of Arbitration Hearings*

All arbitration hearings shall be conducted in either (i) New York, New York; (ii)

Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the

"**Arbitration Locations**"). To the maximum extent practicable, the scheduling and location of

arbitration hearings shall give due consideration to the proximity of the Designated Claimant and

to the convenience of the parties to the Arbitration Location. Within ten (10) days of

appointment, the arbitrator(s) shall conduct a preliminary hearing pursuant to AAA Commercial

Arbitration Rule 20. Notwithstanding anything set forth herein or in the ADR Order to the

contrary, the Creditors' Committee, through its counsel, shall be permitted to participate in the

arbitration hearings to the same extent the Creditors' Committee would be permitted to

participate in claims litigation in the Bankruptcy Court pursuant to sections 502, 1103, 1109(b),

or any other applicable section of the Bankruptcy Code.

(e)    *Appeals of Arbitration Awards*

All arbitration awards shall be final and binding. Other than the identities of the

applicable Debtors and Designated Claimants, the claims register number(s) assigned to the

applicable arbitrated Designated Claims and the priority and dollar amounts of the Designated

Claims as awarded in the arbitration awards, and except as otherwise required by law or agreed

upon by the parties, all arbitration awards shall be treated as confidential. No party shall have

the right to appeal an arbitration award except pursuant to the appeal provisions of the Federal

Arbitration Act, in which case any appeal must be to the United States District Court for the

Southern District of New York. Any appeal shall be governed by the Federal Arbitration Act.

The parties shall have ten (10) days from the date the arbitration award is served to appeal such

award. Failure to timely appeal shall result in the loss of any appeal rights. Once any appeal has

concluded or appellate rights are waived, the Debtors shall update the claims docket in their chapter 11 cases accordingly and may file any notice of the liquidated amount of the Designated Claim that they deem necessary or appropriate for such purpose.

(f)      *Modification of the Arbitration Procedures*

The arbitration procedures described herein may be modified only upon the mutual consent of the Debtors and the Designated Claimant. In addition, the Debtors shall consult with the Creditors' Committee prior to any modification to the arbitration procedures.

(g)      *Appointment of the Arbitrator*

Within 5 five days of receiving the applicable Arbitration Notice, the AAA shall commence the following procedures for the appointment of arbitrator(s) (the "**Appointment of Arbitrator(s) Procedures**") by concurrently sending by electronic transmission or facsimile, to the Debtors and the applicable Designated Claimant, an identical list of the names of at least eight (8) arbitrator candidates who meet the qualifications necessary for the matter.[7] The Debtors and the applicable Designated Claimant shall have seven (7) business days from the date this list is served to (i) strike two (2) names from the proposed list, (ii) list the remaining names in order of preference, and (iii) return the list to the AAA. In the event that the Designated Claim is not a Complex Designated Claim, the AAA shall appoint a single arbitrator from the name(s) not stricken, giving consideration first to the preferences of the parties and second to scheduling and the availability of the arbitrator. In the event that the Designated Claim is a Complex Designated Claim, the AAA shall appoint a panel of three (3) arbitrators from the name(s) not stricken, giving consideration first to the preferences of the parties and second to the

---

[7] If, for any reason, there are more than two parties to an arbitration, AAA shall identify a number of potential arbitrators equal to the number of parties, plus one, and the remaining selection proceedings shall otherwise govern. Affiliated entities are considered a single party for this purpose. The Creditors' Committee shall have no role in the arbitrator selection process.

scheduling and the availability of the arbitrators. The AAA shall appoint the arbitrator(s) in accordance with the Appointment of Arbitrator(s) Procedures within ten (10) business days of its receipt of the applicable Arbitration Notice.

(h)     *Pre-Hearing Matters*

Unless otherwise agreed to by the parties, any pre-hearing issues, matters or disputes (other than with respect to merits issues) shall be presented to the arbitrator(s) telephonically (or by such other method agreed to by the arbitrator(s) and the parties) for expeditious, final, and binding resolution. Upon a party's request, the arbitrator(s) may order that a substantive motion, such as a motion for summary judgment, be heard in person rather than telephonically. Any pre-hearing issue, matter, or dispute (other than with respect to merits issues) must be presented to the arbitrator(s) not later than fifteen (15) days prior to the arbitration hearing so as to permit the arbitrator(s) to review and rule upon the requests by telephonic or electronic communication at least five days prior to the arbitration hearing.

(i)     *Discovery*

Unless the Designated Claim is a Complex Designated Claim, there shall be no interrogatories. Any requests for production of documents, electronically-stored information and things ("**Document Requests**") shall be made in writing and shall be limited to no more than twenty (20) requests, including discrete subparts. Items requested in the Document Requests must be produced within thirty (30) days after service of the Document Requests. All documents from discovery shall be confidential and shall not be (i) disclosed to any person or party not participating in the arbitration proceeding or (ii) used for any purpose other than in connection with the arbitration proceeding, except as provided herein. Notwithstanding the foregoing, upon request of the Creditors' Committee, the Debtors shall provide to the Creditors' Committee, on a

confidential basis, copies of all discovery materials produced pursuant to this Section II.C.3(i)

for any particular Designated Claim.

        (j)     *Pre-Arbitration Statement*

Unless otherwise agreed by the parties, on or before ten (10) days prior to the

scheduled arbitration hearing, each party shall submit to the arbitrator(s) and serve on the other

party or parties and the Creditors' Committee by overnight mail a pre-arbitration statement not to

exceed fifteen (15) pages, excluding any attachments.  On or before ten (10) days prior to the

scheduled arbitration hearing, the Creditors' Committee may submit a short statement, not to

exceed five (5) pages, to the arbitrator(s) and serve such statement on the parties to the

arbitration.

        (k)     *Arbitration Hearing*

Unless otherwise agreed by the parties and the arbitrator(s) or as provided herein,

the arbitration hearing on a Designated Claim must be held no later than ninety (90) days after

the date of appointment of the arbitrator(s).  The arbitration hearing is open only to the parties

and their respective counsel, insurers (if any), and witnesses.  In addition, notwithstanding

anything else set forth herein or in the ADR Order to the contrary, the Creditors' Committee,

through its counsel, shall be permitted to attend and participate in the arbitration hearing to the

same extent the Creditors' Committee would be permitted to participate in claims litigation in the

Bankruptcy Court, pursuant to sections 502, 1103, 1109(b), and any other applicable section of

the Bankruptcy Code.  Nonparty witnesses shall be sequestered.  No posthearing briefs may be

submitted, unless the arbitrator(s) requests briefs, in which case such briefing shall be subject to

the issues, timing, and page limitations the arbitrator(s) imposes.  There shall be no reply briefs.

(l)    *Awards.*

The arbitrator(s) shall issue a written, reasoned opinion and award (the

**"Arbitration Award"**) within fourteen (14) days after the arbitration hearing. The arbitrator(s)

shall not be compensated for more than eight hours of deliberations on and preparation of the

Arbitration Award for a Designated Claim. Any Arbitration Award shall be an allowed general

unsecured nonpriority claim against the Debtor identified in the Arbitration Award (or if no

Debtor is identified in the Arbitration Award, the claim shall be deemed to be against the Debtor

identified in the Designated Claimant's applicable proof of claim included with the service of the

Arbitration Notice, unless otherwise ordered by the Bankruptcy Court). The Arbitration Award

may not award a priority claim or otherwise determine the priority of the claim under the

Bankruptcy Code; *provided, however*, that, within thirty (30) days after the issuance of an

Arbitration Award, the Designated Claimant may seek relief from the Bankruptcy Court to

determine that some or all of the Arbitration Award is subject to treatment as a priority claim if

the Designated Claimant's applicable proof of claim filed as of the date of filing of the ADR

Order asserted an entitlement to such priority. Further, no portion of a claim resulting from any

Arbitration Award shall be allowed to the extent that it consists of (a) punitive damages; (b)

interest, attorneys' fees, or other fees and costs, unless permissible under section 506(b) of the

Bankruptcy Code; (c) an award under any penalty rate or penalty provision of the type specified

in section 365(b)(2)(D) of the Bankruptcy Code; (d) amounts associated with obligations that are

subject to disallowance under section 502(b) of the Bankruptcy Code; (e) specific performance,

other compulsory injunctive relief, restrictive, restraining, or prohibitive injunctive relief or any

other form of equitable remedy; or (f) any relief not among the foregoing but otherwise

impermissible under applicable bankruptcy or nonbankruptcy law. The Debtors and the

Creditors' Committee shall have the right within thirty (30) days after the issuance of an

Arbitration Awards to file a motion seeking relief from the Bankruptcy Court to enforce the

preceding sentence and obtain the disallowance of any portion of a claim included in an

Arbitration Award in violation of clauses (a) through (f) herein. In all cases, the awarded claim

shall be subject to treatment in the Debtors' chapter 11 cases as set forth in any order(s)

confirming a chapter 11 plan or plans, or in such other applicable order of the Bankruptcy Court.

The entry of an Arbitration Award shall not grant the Designated Claimant any enforcement or

collection rights.

D.      **Settlements of Designated Claims**

1.      *Settlements Permitted at Any Stage of the ADR Procedures*

Designated Claims may be settled by the Debtors and a Designated Claimant

through the Offer Exchange Procedures, Mediation, or by agreement at any point during these

ADR Procedures. Nothing herein shall prevent the parties from settling any claim at any time.

2.      *Settlement Authority and Approvals*

Nothing herein shall limit, expand, or otherwise modify the Debtors' authority to

settle claims pursuant to orders of the Bankruptcy Court then in effect, including without

limitation the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b)

authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for

Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180] (the **"Claims**

**Procedures and Settlement Order"**) and any future order(s) confirming a chapter 11 plan or

plans in these cases (collectively, the **"Settlement Authority Orders"**). Any settlements of

claims pursuant to, or in connection with, the ADR Procedures shall be approved consistent with

the terms, conditions, and limitations set forth in the applicable Settlement Authority Orders.

The Debtors shall be requested to seek Bankruptcy Court approval of such settlements only to

the extent that (a) such approval is required by the terms of the Settlement Authority Orders or

(b) the settlement falls outside of the authority granted in the Settlement Authority Orders and

otherwise requires Bankruptcy Court approval.

E.    **Failure to Resolve a Designated Claim Through ADR Procedures**

1.    *Litigation Generally*

Claims not resolved through the ADR Procedures shall proceed to litigation for

resolution.  Notwithstanding anything herein, the Debtors may terminate the ADR Procedures at

any time prior to serving the Arbitration Notice and proceed to litigation of the Designated Claim

as set forth herein.

2.    *Litigation in the Bankruptcy Court*

If the Designated Claim is not resolved by the ADR Procedures (an "**Unresolved**

**Designated Claim**"), litigation of such Unresolved Designated Claim shall proceed in the

Bankruptcy Court by the commencement by the Debtors of proceedings consistent with the

terms, conditions, and limitations set forth in the Claims Procedures Order or other applicable

procedures or orders, as soon as reasonably practicable upon completion of the ADR Procedures

for the Unresolved Designated Claim, to the extent that (a) the Bankruptcy Court has subject

matter jurisdiction over the Unresolved Designated Claim and (b) the Unresolved Designated

Claim is not subject to the abstention provisions of 28 U.S.C. § 1334(c).  Disputes over the

subject matter jurisdiction of the Bankruptcy Court or the application of abstention shall be

determined by the Bankruptcy Court.

3.    *Litigation in Other Courts*

If the Unresolved Designated Claim cannot be adjudicated in the Bankruptcy

Court as a result of abstention or because of lack of or limitations upon subject matter

jurisdiction (as determined by the Bankruptcy Court), then, subject to the terms and conditions

set forth in Section II.E.4 below, litigation of such Unresolved Designated Claim shall proceed (a) if the Unresolved Designated Claim was pending in a nonbankruptcy forum on the date the Debtors commenced their respective voluntary chapter 11 cases (the **"Commencement Date"**), then (i) in such nonbankruptcy forum, subject to the Debtors' right to seek removal or transfer of venue or (ii) in such other forum as determined by the Bankruptcy Court on request of the Debtors;[8] or (b) if the Unresolved Designated Claim was not pending in any forum on the Commencement Date, then in the United States District Court for the Southern District of New York or such other nonbankruptcy forum that, as applicable, (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the Unresolved Designated Claim, (iii) has in rem jurisdiction over the property involved in the Unresolved Designated Claim (if applicable) and (iv) is a proper venue. If necessary, any disputes regarding the applicability of this Section II.E.3 shall be determined by the Bankruptcy Court.

4.    *Modification of the Automatic Stay*

If litigation of an Unresolved Designated Claim in a forum other than the Bankruptcy Court is required as set forth in Section II.E.3 above, the ADR Order provides that the automatic stay imposed by section 362 of the Bankruptcy Code, or any subsequent Plan Injunction (collectively, the **"Stay"**), shall be modified solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum; *provided, however*, that any such liquidated claim (a) shall be subject to treatment under the applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise

---

[8] The Debtors may elect to file a motion pursuant to 28 U.S.C.§ 157(b)(5) to remove to the United States District Court for the Southern District of New York any Unresolved Designated Claim (along with any other unliquidated and litigation claims asserted against the Debtors) where the underlying claim is a personal injury claim or wrongful death claim.

determined and ordered by the Bankruptcy Court. No later than forty-five (45) days after the

Bankruptcy Court determines that the terms of Section II.E.3 above applies to an Unresolved

Designated Claim or at such other time as agreed to by the parties, the Debtors shall either (a)

file a notice of such modification of the Stay (a "**Notice of Stay Modification**") with the

Bankruptcy Court and serve a copy of such notice on the Designated Claimant and the Creditors'

Committee or (b) file a motion seeking an order governing the terms upon which the Stay will be

modified (a "**Stay Motion**") and serve such Stay Motion on the Designated Claimant and the

Creditors' Committee. The Stay shall be modified solely to the extent set forth above (a) as of

the date that is forty-five (45) days after the filing of a Notice of Stay Modification, unless the

Bankruptcy Court orders otherwise or the parties otherwise agree; or (b) as ordered by the Court

in connection with a Stay Motion. If the Debtors fail to file a Notice of Stay Modification or a

Stay Motion for any reason with respect to an Unresolved Designated Claim, the Stay shall

remain in effect with respect to such Unresolved Designated Claim and the Designated Claimant

may seek a determination of the Bankruptcy Court regarding whether and on what terms the Stay

must be modified to permit litigation in a nonbankruptcy forum as set forth in Section II.E.3

above.

F.     **Failure to Comply with the ADR Procedures**

If a Designated Claimant or the Debtors fail to comply with the ADR Procedures,

negotiate in good faith, or cooperate as may be necessary to effectuate the ADR Procedures, the

Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the

ADR Order or, with respect to a Designated Claimant, an abandonment of or failure to prosecute

the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other

things, disallow and expunge the Designated Claim, in whole or part, or grant such other or

further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party.

<u>ANNEX 1</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x
                                                          :
In re                                                     :    **Chapter 11 Case No.**
                                                          :
**MOTORS LIQUIDATION COMPANY, et al.,**    :    **09-50026 (REG)**
         f/k/a General Motors Corp., et al.               :
                                                          :
                          **Debtors.**                    :    **(Jointly Administered)**
                                                          :
————————————————————————x

<u>ALTERNATIVE DISPUTE RESOLUTION NOTICE</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

      By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") designate the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases and submit the Designated Claim(s) to alternative dispute resolution, pursuant to the procedures (the "**ADR Procedures**") established by the Amended Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____, 2010 and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation entered by the Bankruptcy Court on April 29, 2010 (together, the "**ADR Order**").  A complete copy of the ADR Procedures is enclosed for your reference.

      The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offer the amounts set forth below for allowance of your Designated Claim(s) as [a] prepetition general unsecured nonpriority claim(s) in full satisfaction of the Designated Claim(s) (the "**Settlement Offer**").

*You are required to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the Deadline to Respond indicated above.*

In addition, to the extent your most recent proof(s) of claim **[does]/[do]** not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to **[Debtor's Representative]** so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM(S) CANNOT BE SETTLED. PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT OF**) **BINDING ARBITRATION**. PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN. IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM(S).

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of $_____ against **[Name of Debtor]** in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**"). Accordingly, please select your Claimant's Response below:

---

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box. If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

---

☐ I/we reject the Settlement Offer. However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases:

Debtor: _____
Amount: $_____
Priority: unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note – If you choose a different priority, you must attach an explanation and any relevant documentation.

Section II.A.3 of the ADR procedures sets forth the restrictions on Counteroffers. Your Counteroffer may not (a) improve the priority set forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim(s). You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

Please indicate below whether you consent to binding arbitration for your Designated Claim(s) by marking the appropriate box.

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☐ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

[Signature of the Designated Claimant's Authorized Representative]

By: _____
Printed Name

ANNEX 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————x
                         :

In re·                       :       **Chapter 11 Case No.**

**MOTORS LIQUIDATION COMPANY**, *et al.*,    :      **09-50026 (REG)**
      f/k/a **General Motors Corp.**, *et al.*   :

                **Debtors.**     :      **(Jointly Administered)**

                          :
————————————————————x

<u>**NOTICE OF NONBINDING MEDIATION**</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Location:

       By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Amended Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____, 2010 and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation entered by the Bankruptcy Court on April 29, 2010. The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

       As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agrees to a different location. As further

provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning mediation.

[Signature of the Debtors' Authorized Person]

## ANNEX 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY, et al.,** | : | 09-50026 (REG) |
| f/k/a General Motors Corp., et al. | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

----------------------------------------------x

## NOTICE OF BINDING ARBITRATION

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Arbitration Location:

      By this Arbitration Notice, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to **binding arbitration**, pursuant to the procedures (the "**ADR Procedures**") established by the Amended Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____, 2010 and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation entered by the Bankruptcy Court on April 29, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures and or through binding mediation.

      PLEASE NOTE THAT YOU HAVE CONSENTED (OR ARE DEEMED TO HAVE CONSENTED) TO BINDING ARBITRATION. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO BINDING ARBITRATION, PURSUANT TO THE ADR PROCEDURES.

As provided for in the ADR Procedures, an arbitrator will be appointed through the American Arbitration Association ("AAA"). The ADR Procedures require you and the Debtors to share the administrative fees and costs of arbitration charged by the AAA and the arbitrator.

A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning binding arbitration.

[Signature of the Debtors' Authorized Person]

2

## Exhibit B

### Schedule of Mediators

### Dallas, Texas

| Name | Experience |
|---|---|
| Burdin, Mary | Personal injury, products liability |
| Damuth, Brenda J. | Personal injury, products liability |
| Grissom, Jerry | Class actions, personal injury, products liability |
| Hale, Earl F. | Complex business disputes |
| Lopez, Hon. Carlos G. | Personal injury, products liability |
| Martin, Hon. Harlan | Complex business disputes, personal injury, products liability |
| Nolland, Christopher | Complex business disputes, class actions |
| Parker, Walter E. "Rip" | Personal injury, products liability, complex disputes |
| Pryor, Will | Personal injury, products liability, complex business disputes |
| Rubenstein, Kenneth J. | Personal injury, products liability, complex business disputes |
| Stoddard, Ross | Personal injury, products liability, complex business disputes |
| Young, James | Class actions, complex business disputes, insurance disputes, personal injury |

### New York, New York

| Name | Experience |
|---|---|
| Carling, Francis | Products liability, personal injury |
| Cyganowski, Melanie | Complex business disputes |
| Ellerin, Hon. Betty | Complex business disputes, products liability, personal injury, class actions |
| Farber, Eugene I. | Products liability |
| Feerick, Kevin | Complex business disputes, products liability |
| Gafni, Abraham J. | Complex business disputes, products liability, personal injury |
| Holtzman, Eric H. | Products liability |
| Hyman, Ms. Chris Stern | Insurance disputes |
| Leber, Bernice K. | Complex business disputes |
| Levin, Jack P. | Class actions, breach of warranty claims, products liability |
| McAllister, Michael T. | Personal injury, products liability |
| McLaughlin, Hon. Joseph T. | Complex business disputes, class actions |
| Ricchiuti, Joseph F. | Complex business disputes, products liability, personal injury, class actions |
| Silbermann, Hon. Jacqueline W. | Complex business disputes, products liability, personal injury, class actions |
| Woodin, Peter H. | Complex business disputes, products liability, personal injury, class actions |

**Detroit, Michigan**

| Name | Experience |
|---|---|
| Connor, Laurence D. | Complex business disputes |
| Harrison, Michael G. | Personal injury |
| Kaufman, Richard C. | Personal injury |
| Muth, Jon R. | Complex business disputes, class actions |
| Pappas, Edward H. | Complex business disputes, products liability |

**San Fancisco, California**

| Name | Experience |
|---|---|
| Cahill, Hon. William J. | Complex business disputes, products liability, personal injury, class actions |
| Denver, Thomas | Products liability, personal injury |
| Infante, Hon. Edward A. | Complex business disputes |
| Komar, Hon. Jack | Products liability class actions, mass torts |
| Lynch, Hon. Eugene F. | Complex business disputes |
| McLean, William | Complex business disputes, products liability, personal injury |
| McPharlin, Linda Hendrix | Complex business disputes |
| Needham, Craig | Products liability, personal injury |
| Williams, John R. (Jack) | Products liability, personal injury |
| Wulff, Randall W. | Complex business disputes, products liability, class actions |

**Chicago, Illinois**

| Name | Experience |
|---|---|
| Anderson, Hon. Wayne R. | Complex business disputes, personal injury, products liability, class actions, mass torts |
| Cohn, Lynn | Personal injury, products liability, class actions |
| DiVito, Hon. Gino | Complex business disputes, products liability, personal injury |
| Dutenhaver, Katheryn M. | Complex business disputes, products liability, personal injury |
| Ginn, Bradley R. | Complex business disputes, products liability, personal injury |
| Neville, Hon. Richard E. | Complex business disputes, personal injury, products liability |
| Nudelman, Hon. Stuart A. | Complex business disputes, personal injury, products liability |
| Sullivan, Hon. James E. | Complex business disputes, personal injury, products liability, class actions |

# **Exhibit C**

## **Form of Capping Claim Letter**

US_ACTIVE:\43507773\01\72240.0639

[Date]

**BY E-MAIL AND FIRST CLASS MAIL**

Motors Liquidation Company
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201
Attn.: ADR Claims Team
claims@motorsliquidation.com

**Re:    In re Motors Liquidation Company, *et al*. ("Debtors")**
   **Case No. 09-50026 (REG) – Capping Proposal Letter**

Dear Motors Liquidation Company,

   By this letter, I, the undersigned, am the below-referenced claimant, or an authorized signatory for the below-referenced claimant, and hereby submit my claim to the capping procedures established in the Amended Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____ ___, 2010 and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation entered by the Bankruptcy Court on April 29, 2010.

   Accordingly, I hereby propose to cap my claim at the amount specified below (the "**Claim Amount Cap**").

| Claimant's Name | Proof of Claim No. | Original Filed Amount | Claim Amount Cap |
|---|---|---|---|
|  |  |  |  |

   I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorney's fees, other fees, and costs. If the Claim Amount Cap is accepted by the Debtors, I understand that I am required to submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used under the ADR Procedures.

      Very truly yours,

     By  _____
     Address _____
     State  _____

cc: Pablo Falabella, Esq.
  Weil, Gotshal & Manges LLP
  767 Fifth Avenue, New York, NY 10153
  pablo.falabella@weil.com

# **EXHIBIT C**

## **ADR Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re                                        :        Chapter 11 Case No.
                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,        :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.* :
                                             :
                        Debtors.             :        (Jointly Administered)
                                             :
------------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION NOTICE

Service Date: 8/3/2010

Matter Name: HAWKINS BARBARA

Notice Address:

C/O GARY WILLIAMS PARENTI FINNEY LEWIS MCMANUS
221 E OSCEOLA ST
STUARY, FL 34994

| Designated Claim Number | Amount Stated in Proof of Claim | Claim Amount Cap |
|---|---|---|
| 39218 | $25,000,000.00 | N/A |
| 39219 | $25,000,000.00 | N/A |
| 39220 | $25,000,000.00 | N/A |
| 39221 | $25,000,000.00 | N/A |
| 39222 | $25,000,000.00 | N/A |

**Deadline to Respond: 8/24/2010**

By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") designate the above-identified claim (the "**Designated Claim**") in the Debtors' chapter 11 cases and submit the Designated Claim to alternative dispute resolution, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**ADR Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 23, 2010. A copy of the ADR Procedures is posted on the Debtors' website at www.motorsliquidation.com under the Claims Information tab. You may also contact the Debtors at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com with questions about this matter.

The Debtors have reviewed your Designated Claim and, pursuant to the ADR Procedures, offer the amounts set forth below for allowance of your Designated Claim as [a] prepetition general unsecured nonpriority claim in full satisfaction of the Designated Claim (the "**Settlement Offer**").

*You are required to return this ADR Notice with a Claiman'`s Response (as defined below) to the Settlement Offer by no later than the Deadline to R spond indicated above* to:

Motors Liquidation Company
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201
Attn: ADR Claims Team
claims@motorsliquidation.com

In addition, to the extent your most recent proofs) of claim not: (a) state the correct amount of your Designated Claim; (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim; (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim, you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to Debtors so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO BINDING ARBITRATION IF YOUR DESIGNATED CLAIM CANNOT BE SETTLED. PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO BINDING ARBITRATION OR (ii) DO NOT CONSENT TO (AND SEEK TO OPT OUT OF) BINDING ARBITRATION. PLEASE NOTE THAT YOUR CONSENT TO BINDING ARBITRATION CANNOT SUBSEQUENTLY BE WITHDRAWN. IN ADDITION, ANY ATTEMPT TO OPT OUT OF BINDING ARBITRATION IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO BINDING ARBITRATION AS A MEANS TO RESOLVE YOUR CLAIM.

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of **$500,000.00** against Motors Liquidation Company in full satisfaction of your Designated Claim, to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**"). Accordingly, please select your Claimant's Response below:

---

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box. If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

☐ I/we reject the Settlement Offer. However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim, to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases:

Debtor: _____
Amount: $_____
Priority: unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note - If you choose a different priority, you must attach an explanation and any relevant documentation.*

---

Section II.A.3 of the ADR Procedures sets forth the restrictions on Counteroffers. Your Counteroffer may not (a) improve the priority sets forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim. You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

---

*Please indicate below whether you consent to binding arbitration for your Designated Claim by marking the appropriate box.*

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☑ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

---

[Signature of the Designated Claimant's Authorized
Representative]

By: _____

Printed Name

DONALD N. WATSON

# **EXHIBIT D**

## **Mediation Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

## NOTICE OF NONBINDING MEDIATION

Service Date: 11/12/2010

Matter Name: Hawkins Barbara

Notice Address:

C/O GARY WILLIAMS PARENTI FINNEY LEWIS MCMANUS
WATSON & SPERA
221 E OSCEOLA ST
STUARY, FL 34994

| Designated Claim Numbers | Claim Amount Cap |
|---|---|
| 39218 | N/A |
| 39219 | N/A |
| 39220 | N/A |
| 39221 | N/A |
| 39222 | N/A |

Mediation Location: New York, NY

      By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 23, 2010 and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution

Procedures, Including Mandatory Mediation entered by the Bankruptcy Court on April 29, 2010. The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agree to a different location. As further provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

Mediations will be scheduled by the American Arbitration Association ("AAA"). Once you select a mediator from the list of mediators enclosed with this Mediation Notice by the above-referenced deadline, you must contact Christine L. Newhall at the AAA directly by email at NewhallC@adr.org or telephone at 617-695-6015 to inform the AAA of your selection and copy the Debtors at claims@motorsliquidation.com or 1-800-414-9607.

A copy of the ADR Procedures is posted on the Debtors' website at www.motorsliquidation.com under the Claims Information tab. Please refer to Section II.C of the ADR Procedures, concerning mediation. You may also contact the Debtors at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com with questions about this matter.

Sincerely,
Motors Liquidation Company

**<u>EXHIBIT E</u>**

**Feb. 15, 2011 Emails from L. Allston**

**From:** Larry Allston [mailto:Allstonl@adr.org]
**Sent:** Tuesday, February 15, 2011 5:06 PM
**To:** Larry Allston; Allen, Margaret; Kotcher, Liani; Neely, Christopher
**Cc:** Christine Newhall
**Subject:** RE: Hawkins NY 2.23.11 mediation

Claimants counsel has changed their initial response on this matter and now claim that their clients do not wish to mediate at this time.

Thanks,


Larry Allston
Shared Services Supervisor
Central Case Management Center
(888)774-6910
Allstonl@adr.org

**From:** Larry Allston
**Sent:** Tuesday, February 15, 2011 1:42 PM
**To:** 'Allen, Margaret'; Kotcher, Liani; Neely, Christopher
**Cc:** Larry Allston; Christine Newhall
**Subject:** Hawkins NY 2.23.11 mediation

We just received word from claimant's counsel that this mediation will need to be cancelled/postponed. Since confirming this date with us they have not been able to contact their clients. They have left numerous messages and sent multiple certified letters to their clients with no response. As a result, they feel there is no way they can represent the claimants until they establish contact with them again and figure out what is going on. It also appears trying to work on new dates will be an act of futility as this point as well. So I am afraid we will need to put this on hold until the claimants can be located by their counsel. Please advise if there is a different course of action you would like us to take. Thanks!


Larry Allston
Shared Services Supervisor
Central Case Management Center
(888)774-6910
Allstonl@adr.org

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you.
Confidential: This electronic message and all contents contain information from the firm of AlixPartners, LLP and its affiliates which may be confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately at +1 (248) 358-4420 and destroy the original message and all copies.

1

## **EXHIBIT F**

**Feb. 17, 2011 Ltr. from V. Beagles to T. Gary**

200 Crescent Court, Suite 300
Dallas, TX 75201
+1 214 746 7700 tel
+1 214 746 7777 fax

**Weil, Gotshal & Manges LLP**

**Vance L. Beagles**
+ 1 214 746 7701
vance.beagles@weil.com

February 17, 2011                                                    **via Facsimile**

Tanisha Gary, Esq.
Regions Bank Center
111 N. Orange Avenue
Suite 1450
Orlando, FL 32801

Re: **Proof of Claim Nos. 39218, 39219, 39220, 39221, and 39222;** *In re Motors Liquidation*
      *Company, et al. ("MLC"), f/k/a General Motors Corp., et al.,* **in the United States**
      **Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"),**
      **Chapter 11 Case No. 09-50026 (REG)**

Dear Ms. Gary:

I write as a follow up to our conversation earlier this afternoon. On November 12, 2010, MLC
and its affiliated debtors, as debtors in possession (collectively, the **"Debtors"**) designated the
above-identified claims (the **"Designated Claims"**) filed by your clients (the **"Claimants"**) for
mandatory mediation, pursuant to the procedures (the **"ADR Procedures"**) established by the
Amended Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing
Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation,
entered by the Bankruptcy Court on October 25, 2010 (the **"ADR Order"**), a copy of which is
attached hereto.

Pursuant to the ADR Procedures, mandatory mediation was scheduled for February 23, 2011, at
the New York offices of Weil, Gotshal & Manges LLP. Under the terms of the ADR
Procedures, Claimants' position statement was due on February 11, 2011. Claimants failed to
submit a position statement and did not provide an explanation for missing the deadline. Since
that time, the Debtors have attempted to contact your firm numerous times, via email and
telephone, to no avail. Then, just eight days before the scheduled mediation, on February 15,
2011, the Debtors learned that Claimants refuse to participate in the mediation process.

Section II.F of the ADR Procedures provides that failure to comply with the ADR Procedures is
sanctionable:

Tanisha Gary, Esq.
February 17, 2011
Page 2

**Weil, Gotshal & Manges LLP**

**F.    Failure to Comply with the ADR Procedures**

If a Designated Claimant or the Debtors fail to comply with the ADR
Procedures, negotiate in good faith, or cooperate as may be necessary to
effectuate the ADR Procedures, the Bankruptcy Court may, after notice
and a hearing, find such conduct to be in violation of the ADR Order or,
with respect to a Designated Claimant, an abandonment of or failure to
prosecute the Designated Claim, or both.  Upon such findings, *the
Bankruptcy Court may, among other things, disallow and expunge the
Designated Claim, in whole or part, or grant such other or further
remedy deemed just and appropriate under the circumstances,
including, without limitation, awarding attorneys' fees, other fees, and
costs to the other party.*

(ADR Procedures § II.F (emphasis added).)

By unilaterally canceling the mediation and refusing to participate in good faith, Claimants are in
violation of the ADR Procedures.  Further, their actions have wasted estate assets, through the
accrual of cancellation fees for travel plans, mediator fees that must be paid even though no
mediation will occur, and attorneys' fees incurred by the Debtors in preparation for the
mediation and to enforce the ADR Procedures.

**Accordingly, unless the Claimants withdraw the Designated Claims by Tuesday, February
22, 2011, the Debtors will seek sanctions against them, including, but not limited to,
disallowance and expunction of the Designated Claims, fees associated with canceling the
mediation, and attorneys' fees.**

The withdrawal forms are enclosed.  If you have any questions, please call me.

Regards,

Vance L. Beagles

cc:  Joseph H. Smolinsky, Esq.
     Philip E. Holladay, Esq.
     Ms. Susan Brown

## EXHIBIT G

**Mar. 2, 2011 Ltr. from V. Beagles to T. Gary**

200 Crescent Court, Suite 300
Dallas, TX 75201
+1 214 746 7700 tel
+1 214 746 7777 fax

**Weil, Gotshal & Manges LLP**


**Vance L. Beagles**
+ 1 214 746 7701
vance.beagles@weil.com


March 2, 2011                                          <u>**via Email and Facsimile**</u>

Tanisha Gary, Esq.
Regions Bank Center
111 N. Orange Avenue
Suite 1450
Orlando, Florida 32801

Re:    Proof of Claim Nos. 39218, 39219, 39220, 39221, and 39222 (the "Designated
       Claims"); *In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.,*
       in the United States Bankruptcy Court for the Southern District of New York (the
       "Bankruptcy Court"), Chapter 11 Case No. 09-50026 (REG)

Dear Ms. Gary:

I write as a follow up to our conversation on February 17, 2011, and to my letter that I sent to
you that day, to which you did not respond.  In that letter, I recapitulated how the Claimants have
repeatedly failed to comply with the procedures (the "**ADR Procedures**") established by the
Amended Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing
Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation,
entered by the Bankruptcy Court on October 25, 2010 (the "**ADR Order**"), by refusing to
participate in mandatory mediation of their Designated Claims.

Through those communications, the Debtors made it clear that the Claimants could not refuse to
participate in mandatory mediation in violation of the ADR Procedures.  The Debtors further
requested that the Claimants withdraw their Designated Claims by February 22, 2011, to avoid
forcing the Debtors to spend estate resources to seek, *inter alia*, disallowance and expunction of
the Designated Claims from the Bankruptcy Court for failure to comply with the ADR
Procedures.  The Claimants failed to appear at mediation and failed to withdraw their Designated
Claims by that deadline.

In an effort to preserve the resources of the Debtors' estates, and as a courtesy to the Claimants,
the Debtors are willing to give the Claimants one last chance to comply with the ADR
Procedures and participate in mandatory mediation of their Designated Claims.  **Accordingly, by
5:00 p.m. (Eastern Time) on March 7, 2011, please respond with four (4) dates before April**

Tanisha Gary, Esq.
March 2, 2011
Page 2

**Weil, Gotshal & Manges LLP**

29, 2011 that the Claimants and their counsel are available to attend the mandatory mediation conference. The Debtors will then inform you on which one of these alternative dates mediation will be scheduled.

Should you fail to respond accordingly, or otherwise continue to fail to comply with the ADR Procedures, the Debtors will seek sanctions against the Claimants pursuant to Section II.F of the ADR Procedures, including, but not limited to, disallowance and expunction of the Designated Claims, fees associated with canceling the previously scheduled mediation, and attorneys' fees and costs.

If you have any questions, please call me.

Regards,

Vance L. Beagles

cc:  Joseph H. Smolinsky, Esq.
     Philip E. Holladay, Esq.
     Ms. Susan Brown

## EXHIBIT H

**Mar. 7, 2011 Email from M. Wrice to V. Beagles**

**From:** Mel Wrice [mailto:mw@williegary.com]
**Sent:** Monday, March 07, 2011 10:22 AM
**To:** Beagles, Vance
**Cc:** Tanisha Gary; Donald Watson
**Subject:** Hawkins

Mr. Beagles:

Pursuant to your letter dated March 2, 2011, our client is available on the following dates: April 20, 21, 22, 25, 26, 27, and 28.  Again, thank you for your assistance in this matter.

Should you have any questions, please give me a call.

Regards,

Mel


# MELSISLE WRICE

Paralegal
221 S.E. Osceola Street
Stuart, Florida  34994
772-283-8260
772-463-1205 Fax



LAW OFFICES OF

GARY, WILLIAMS, FINNEY, LEWIS,

WATSON & SPERANDO, P.L.


This electronic message may contain privileged or confidential communication from the Law Firm of G
Williams, Finney, Lewis, Watson & Sperando, P.L. and is intended for the above named recipient(s) on
If you are not the intended recipient or have received this electronic communication in error, please i
the sender and delete this message and any attachments from your computer and electronic mail syst
immediately.

# EXHIBIT I

**Apr. 15, 2011 Ltr. from D. Watson to V. Beagles**

Apr. 15. 2011  2:07PM    GARY, WILLIAMS, FINNEY, LEWIS LAW                No. 2450   P.  1/2

---

<table>
<tr><td>

**Donald N. Watson, Esquire**
Gary, Williams, Finney, Lewis,
Watson & Sperando, PL
221 E. Osceola Street
Stuart, FL 34994
(772) 283-8260
(800) 329-4279   FAX: (772) 463-1205

</td><td>

**For Your
Information**

</td></tr>
</table>

| TO:  Vance L. Beagles | Fax: | 214-746-7777 |
| Burdin Mediations | | 214-528-2070 |
| COMPANY: | | |

**PAGES, INCLUDING COVER PAGE:**    2

**SUBJECT:**

**CLIENT NUMBER:**

**COMMENTS:**

The information contained in this facsimile message is Attorney privileged and confidential information intended only for the use of the individual or entity named above.   If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone.

Thank you.

Apr. 15. 2011  2:07PM    GARY, WILLIAMS, FINNEY, LEWIS LAW                          No. 2450    P. 2/2

# GARY, WILLIAMS, FINNEY, LEWIS,
# WATSON & SPERANDO, P.L.

### ATTORNEYS AND COUNSELORS AT LAW

WATERSIDE PROFESSIONAL BUILDING
221 S.E. OSCEOLA STREET
STUART, FL 34994

(772) 283-8260
FAX NO. (772) 220-3343
1-800-329-4279



W. E. GARY PROFESSIONAL CENTER
320 S. INDIAN RIVER DRIVE
POST OFFICE BOX 3390
FT. PIERCE, FLORIDA 34948-3390

(772) 464-2352
FAX NO. (772) 464-4226
1-800-330-2832

REGIONS BANK BUILDING
111 N. ORANGE AVENUE, SUITE 1450
ORLANDO, FLORIDA 32801

(407) 649-7171
FAX NO. (407) 649-7755

PLEASE REPLY TO:
**STUART**
**April 15, 2011**

**PARTNERS**
WILLIE E. GARY
LORENZO WILLIAMS
LINNES FINNEY, JR.
MICHAEL A. LEWIS
DONALD N. WATSON
MARIA P. SPERANDO
PAUL P. McMAHON
GLORETTA H. HALL
TRICIA P. HOFFLER
MANUEL SOCIAS
SEKOU M. GARY

**ASSOCIATES**
PAUL D. MARK LUCAS
THOMAS E. WEKSMAR, LL.M.
MARYANN DIAZ
VICTOR G. SWIFT
PHYLLIS M. GILLESPIE
ALTON C. HALE, JR.
JASON L. WILLIAMS
DEBRA S. NOLAN
ARNOLD S. GAINES
MARK MILLER
CHARLES E. EMANUEL
MARWAN E. PORTER
ASHLEY M. RIDGEWAY

**OF COUNSEL**
ROBERT V. PARENTI

**GENERAL COUNSEL**
OWEN BRYANT ABNEY

Board Certified
Civil Trial Lawyer

Via Facsimile 214-746-7777

Vance L. Beagles
Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, TX 75201-6950

    RE:    Motor Liquidation Company, et. al. f/k/a General Motors Corp. et. al.
             Case No.: 09-50026

Dear Mr. Beagles:

Please be advised that we have to cancel the mediation scheduled for Thursday, April 21, 2011 in connection with the above-referenced matter because we are unable to produce our client.

We apologize for any inconvenience.

Thank you.

Sincerely,

**GARY, WILLIAMS, FINNEY, LEWIS,**
**WATSON & SPERANDO, P.L.**

*Donald Watson*

Donald N. Watson, Esq.
DNW/am

cc:    Burdin Mediations (214-528-2070)

**ALSO ADMITTED**
D.C. BAR
MT BAR
KY BAR
TN BAR
CT BAR
MA BAR
PA BAR
VA BAR
GA BAR
NC BAR
MS BAR
TX

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                        :
In re                                   :          Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :          09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                        :
                Debtors.                :          (Jointly Administered)
                                        :
-----------------------------------------------------------x
```

## ORDER GRANTING MOTORS LIQUIDATION COMPANY GUC TRUST'S OBJECTION TO CLAIM NOS. 39218, 39219, 39220, 39221, AND 39222 FOR FAILURE TO COMPLY WITH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(A) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION

Upon the Objection dated May 10, 2011 (the "**Objection**"),[1] of Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), pursuant to section 502(b) of title 11, United States

Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule

3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under

Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form

and Manner of Notice Thereof (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order

disallowing and expunging Proof of Claim Nos. 39218, 39219, 39220, 39221, and 39222 (the

"**Claims**") on the grounds that such Claims should be disallowed under section 502(b) of the

Bankruptcy Code for failure to comply with the ADR Order and the ADR Procedures, all as more

fully described in the Objection; and due and proper notice of the Objection having been provided,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

US_ACTIVE:\43690079\03\72240.0639

and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the GUC Trust, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

   ORDERED that the relief requested in the Objection is granted as provided herein; and it is further

   ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged in their entirety; and it is further

   ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
   _____, 2011

        _____
        United States Bankruptcy Judge