Alessandro Sabatino, Jr.
**ZEEHANDELAR, SABATINO
& ASSOCIATES, LLC**
471 East Broad Street
Columbus, Ohio 43215
(614) 458-1200; Fax (614) 458-1201
*Attorney for State Farm Mutual Automobile Insurance*
*Co., Grange Mutual Casualty Co., &*
*Motorists Mutual Insurance Co.*

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| **In re:** : | |
| : | Chapter 11 |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, : | |
| **f/k/a/ General Motors Corp.,** *et al*. : | Case No. 09-50026 (REG) |
| : | |
| **Debtors.** : | (Jointly Administered) |

---------------------------------------------------------------x

## RESPONSE OF STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., GRANGE MUTUAL CASUALTY CO. AND MOTORISTS MUTUAL INSURANCE CO. TO DEBTORS' NOTICE OF 219TH AND 220TH OMNIBUS OBJECTION TO CLAIMS

Creditors, State Farm Mutual Automobile Insurance Co., Grange Mutual Casualty Co. and Motorists Mutual Insurance Co. (collectively, the "Creditors") hereby submit their Response to the 219th and 220th Omnibus Objection to Claims by the Motors Liquidation Company GUC Trust (the "GUC Trust"), formed by the above captioned debtors (collectively, the "Debtors"). A listing of Creditors' claims subject to said objection are attached hereto as Exhibit "1". In response to Debtors' objection, Creditors hereby state the following:

**The Relief Requested Should Be Overruled As To The Claims of The Creditors**

1. Section 502(e) of the United States Bankruptcy Code provides:

(1) Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that-

(a) such creditor's claim against the estate is disallowed;

(b) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or

(c) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

(2) A claim for reimbursement or contribution of such an entity that becomes fixed after the commencement of the case shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of the filing of the petition.

2. Three elements must be met for a claim to be disallowed under section 502(e)(1)(B):

(1) the claim must be for reimbursement or contribution;

(2) the party asserting the claim must be liable with the debtor on the claim of a third party; and

(3) the claim must be contingent at the time of its allowance or disallowance.

*In re Chemtura Corp.*, 436 B.R. 286 (Bkrtcy.S.D.N.Y. 2010)

3. The foregoing statutory provisions do not apply to the Creditors' first party subrogation claims asserted herein. Section 502(e) of the Bankruptcy Code deals with claims of *co-debtors*. This is not a claim for reimbursement or contribution, which

2

is something that occurs between joint tortfeasors or co-debtors. The claims objected to herein are first-party subrogation claims arising out of fires that occurred in and destroyed GMC vehicles owned by the Creditors' Insureds. The Insureds had policies of insurance which provided first-party Comprehensive coverage with one of the Creditors. Pursuant to those policies, the Creditors paid their respective Insured over their Insured's applicable deductibles. To the extent of said payments, the Creditors acquired rights of subrogation.

4. Clearly, what is contemplated by Sections 509(a) and 502(e), are claims of co-debtors for contribution and indemnity, which in Ohio, are defined as follow:

> The right to contribution exists under R.C. 2307.31 where two parties actively participate in the commission of a tort and one tortfeasor has been compelled to pay more than his share of the common liability, with recovery limited to the amount paid by him in excess of his proportionate share. The determination of the proportionate share of each tortfeasor is a question of proximate causation.
>
> Indemnity is the right of a party whose negligence is passive and who is only secondarily liable to recover from the party who is primarily liable through active negligence or actual knowledge of a dangerous situation and acquiescence in the continuance thereof for complete reimbursement of all proper expenditures paid to a third party injured through the violation of their common duties. However, an employer of an independent contractor is not entitled to indemnification where he both knew of the dangerous situation created by the contractor's work and acquiesced in its continuance or performance. *Lattea v. Akron*, 9 Ohio App. 3d 118 (Ohio Ct. App., Franklin County 1982), paragraphs 2 and 4 of the syllabus.

Accordingly, Section 502(e)(1)(b)(1) does not apply to the claim at issue herein.

5. As previously indicated, Section 502(e) of the Bankruptcy Code deals with claims of *co-debtors*. The Creditors are not co-debtors with Debtors. Creditors are not joint tortfeasors or co-debtors listed on schedule H with the Debtors. Creditors' claims are first party subrogation claims where the Creditors, after paying the claims, stepped into the shoes of the vehicle owners whose vehicles were destroyed in the aforementioned fires.

6. Section 502(e) of the Bankruptcy Code provides:

> (1) Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the ***court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor…*** (emphasis added).

Furthermore, Section 509(a) of the Bankruptcy Code, titled, "Claims of Co-debtors", provides:

> "Except as provided in subsection (b) or (c) of this section, ***an entity that is liable with the debtor on, or that has secured, a claim of a creditor*** against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment. (Emphasis added).

In interpreting both of these sections of the Code, the Court in *In re A.D.S.T., INC., d/b/a Employment Concepts, Debtor,* 169 B.R. 64 (Bkrtcy.D.Idaho 1994), Bankruptcy No. 93-02549, United States Bankruptcy Court, D. Idaho, provided:

> Section 509(a), ***which deals with the claims of co-debtors***, specifies that "an entity that is liable with the debtor on, or that has secured, a claim of a creditor, and that pays such claim is subrogated to the rights of such creditor to the extent of such payment." 11 U.S.C. § 509(a). Therefore, co-debtors that pay a debtor's claims are, under this provision, subrogees. Similarly, ***Section 502(e)(1)(C)*** disallows any claim for reimbursement or contribution to a ***co-debtor subrogated under Section 509(a)*** that asserts the claim paid against the debtor's estate to prevent any possible double recovery.

4

> **These sections of the Code specify that <u>*certain*</u> claims will be considered "subrogated"** *(<u>i.e. those of the co-debtor required to pay a debtor's obligation to another</u>)* **and the consequences thereof. <u>They do not suggest that other kinds of claims cannot be considered as arising by subrogation.</u>**

Also see *In re Amatex Corp.,* 110 B.R. 168, 171 (Bankr.E.D.Pa.1990) wherein the court provided:

> The operation of these two Code sections, in tandem, is clear. A claim for reimbursement or contribution "is entitled to no better status than the claim of a creditor assured by such surety." 124 CONG.REC. S17410-11 (daily ed. Oct. 6, 1978); 124 CONG.REC. H11094 (daily ed. Sept. 28, 1978), reproduced in 3 COLLIER ON BANKRUPTCY, ¶ 502.05, at 502-83 to 502-84 (15th ed. 1989). If the underlying creditor's claim is disallowed, then the claim of the indemnitor or contributor in connection with such a claim must be disallowed. 11 U.S.C. § 502(e)(1)(A). The claim of the indemnitor or contributor is, however, subordinated to the claim of the underlying creditor. 11 U.S.C. § 509(c). If the indemnitor or contributor pays the underlying creditor's claim, it is then subrogated to the underlying creditor's rights against the debtor. 11 U.S.C. §§ 502(e)(1)(C), 509(a); *In re Sensor Systems, Inc.,* 79 B.R. 623 (Bankr.E.D.Pa.1987); 124 CONG.REC., supra, S17411, H11094; and 3 COLLIER, supra, ¶ 502.05, at 502-84. In the event that such subrogation results, the claim of the indemnitor or contributor is then determined in the same manner as that of the underlying creditor. 11 U.S.C.§ 502(e)(2).
>
> *<u>It is in this context that we must interpret 11 U.S.C. § 502(e)(1)(B)</u>*. The only Code sections which address the rights of indemnitors, contributors, or parties jointly liable or potentially jointly liable with debtors to file claims are § 502(e) and § 509. 3 COLLIER, supra, ¶ 509.01, at 509-2; S.REP. NO. 989, 95th Cong., 2d Sess. 73 (1978); and H.REP. NO. 595, 95th Cong., 2d Sess. 358 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Given the obvious intention of the Code draftspersons to cover the entire field of treatment of claims of indemnitors and contributors in 11 U.S.C. §§ 502 and 509, it appears to us illogical to give § 502(e)(1)(B) a narrow reading, based on the tense of the verb used in § 502(e), i.e., "is," as opposed to "could be." We therefore consider the reading of § 502(e)(1)(B) suggested by the instant claimants most improbable. Congress clearly meant to include all situations wherein indemnitors or contributors could be liable with the debtor within the scope of § 502(e)(1)(B).

5

7.   In addition to the foregoing, these are not "contingent" claims. The monies have been paid and the claims are liquidated. Therefore, the claims are "fixed". In the case of *In re Lyondell Chemical Co.*, 09-10023 (REG) (NYSBC) (January 4, 2011), the court stated:

> In my recent decision in *Chemtura*, I ruled, among other things, that the claims then before me were contingent. There, as I've noted, five corporate entities had filed claims against Chemtura for contribution and/or indemnification with respect to amounts they might pay in the future in litigation against them. ***I found that except to the extent they sought contribution for amounts already paid to tort litigants, their claims were contingent.*** (emphasis added).

The Court further stated:

> But other authority, including three decisions by other bankruptcy judges in this very district, another by a district judge in this district, and another a thoughtful decision from Delaware-all 502(e)(1)(B) determinations-supports the conclusion that ***until and unless amounts are actually paid, the claims for reimbursement or contribution with respect to those amounts remain contingent for 502(e)(1)(B) purposes***. For instance, in *Alper Holdings*, in this district, Judge Lifland disallowed claims for indemnification for future liability in environmental contamination litigation, finding that they were properly categorized as "contingent as of the time of allowance or disallowance" as the amounts and ultimate liability are presently unknown.[30] Likewise, in *Drexel Burnham*, in this district, it was observed that "[t]he Claimants' claim is contingent until their liability is established *and the co-debtor has paid the creditor.* . . . One who is secondarily liable may only secure distribution rights by paying the amount owed the creditor."] (emphasis added).

As set forth earlier, even if the claims at issue herein were subject to Section 502(e), the claims have been paid and are, therefore, not contingent.

8.   Should the Debtors argue that despite the payments, the claims are nonetheless contingent because it is not known whether the respective policyholders' claims have been extinguished by virtue of said payments, said assertion would be

without merit. All of the Creditors' claims are attached hereto. The majority of them have been presented not only on behalf of the insurance subrogee, but on behalf of the individual policyholder subrogor (for their applicable deductible). Therefore, all claims of the subrogee and subrogor that are associated with the loss, have been asserted contemporaneously. In the few instances the subrogor was not named, no deductible was applied or incurred. In any event, by way of the payment by the subrogees, the rights of the subrogors, with respect to said claims, are now owned by the respective Creditor.

> Celina Mutual Casualty Company is thus the real party in interest herein. This result is in accord with the general rule that a fully subrogated insurer is the real party in interest and must bring suit in its own name, for when the loss is fully paid by an insurer and the insurer becomes subrogated to the insured's claim against the wrongdoer, ***the insured no longer has a right of action against the wrongdoer***. See, generally, 6 Wright & Miller, Federal Practice & Procedure, Subrogation (1971) 656, Section 1546; 16 Couch on Insurance 2d (1983) 104, Section 61.26. *Shealy v. Campbell*, 20 Ohio St. 3d 23, 25 (Ohio 1985). (Emphasis added).

9.      If an insurer has paid only part of a claim, both the insurer and the insured have substantive rights against the tortfeasor that qualify them as real parties in interest. *Cleveland Paint & Color Co. v. Bauer Mfg. Co.* (1951), 155 Ohio St. 17, 24-25, 44 Ohio Op. 59, 62, 97 N.E.2d 545, 548-549, citing *United States v. Aetna Cas. & Sur. Co.* (1949), 338 U.S. 366, 380-381, 70 S. Ct. 207, 215, 94 L. Ed. 171, 185. A real party in interest is "'generally considered to be the person who can discharge the claim on which the suit is brought * * * [or] is the party who, by substantive law, possesses the right to be enforced.'" [**15] *Discover Bank v. Brockmeier*, 12th Dist. No. CA2006-07-078, 2007 Ohio 1552, P 7, quoting *In re Highland Holiday Subdivision* (1971), 27 Ohio App.2d 237, 240, 273 N.E.2d 903. When an insurance company has paid benefits on behalf of its insured and the insurance contract includes a subrogation clause, the insurance company

becomes a real party in interest to the action. *Shealy v. Campbell v. Campbell* (1985), 20 Ohio St.3d 23, 25, 20 Ohio B. 210, 485 N.E.2d 701; *Smith v. Travelers Ins. Co.* (1977), 50 Ohio St.2d 43, 45, 362 N.E.2d 264; *Keegan v. Sneed* (Oct. 16, 2000), 12th Dist. No. CA2000-02-029, 2000 Ohio App. LEXIS 4807, *Cincinnati Ins. Co. v. Evans*, 2010 Ohio 2622, P37 (Ohio Ct. App., Wood County June 11, 2010).

> In the present case, Allstate proved, through the testimony of Kelly Williamson, that it was her insurance company; that she made a claim for damages to her father's automobile; and that it paid the amount of damages to the vehicle. Based upon these facts, the trial court should have determined that equitable subrogation was applicable.
>
> Pursuant to Civ.R. 17(A), every action shall be presented in the name of the real party in interest. In Shealy v. Campbell (1985), 20 Ohio St. 3d 23, 485 N.E.2d 701, the Supreme Court of Ohio discussed the status of an insurance company where subrogation has occurred:
>
> Celina Mutual Casualty Company is thus the real party in interest herein. This result is in accord with the general rule that a fully subrogated insurer is the real party in interest and must bring suit in its own name, for when the loss is fully paid by an insurer and the insurer becomes subrogated to the insured's claim against the wrongdoer, the insured no longer has a right of action against the wrongdoer. See, generally, 6 Wright & Miller, Federal Practice & Procedure, Subrogation (1971) 656, Section 1546; 16 Couch on Insurance 2d (1983) 104, Section 61.26.
>
> Not only is the insurance company herein a real party in interest, the insurance company is the sole real party in interest pursuant to this court's holding in Cleveland Paint & Color Co. v. Bauer Mfg. Co. (1951), 155 Ohio St. 17 [44 Ohio Op. 59, 97 N.E.2d 545]. In that case at 25, this court adopted the proposition that '"***if the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in his own name.***"' Id. at 25. (Emphasis sic.)
>
> In the instant cause, it is clear that the insurance company was the real party in interest and that the insureds' rights had been fully subrogated to Allstate. Thus, the trial court erred in granting judgment in favor of Robert Lehman and Kelly Williamson as they were not the real parties in interest. *Allstate Ins. Co. v. Lacivita*, 1996 Ohio App. LEXIS 3365, 5-8 (Ohio Ct. App., Portage County Aug. 9, 1996)

8

## Reservation of Rights

10.     In accordance of Section 502 (j) of the United States Bankruptcy Code, Creditors hereby reserve their rights to seek reconsideration, should any of Creditors' claims or any portion thereof be disallowed by the Court.

## Conclusion

11.     Based on the foregoing, Creditors respectfully move the Court for an Order denying the expungement of the attached claims asserted herein and determine that the Claims are allowable in their entirety.

Dated:  May 11, 2011                           Respectfully submitted,

                                                                **ZEEHANDELAR, SABATINO & ASSOCIATES, LLC**

                                                                /s/Alessandro Sabatino, Jr.
                                                                Alessandro Sabatino, Jr.
                                                                471 East Broad Street, Suite 1200
                                                                Columbus, Ohio 43215
                                                                Telephone:    614-458-1200
                                                                Fax: 614-458-1201
                                                                E-mail: asabatino@zsa-law.com
                                                                *Attorney for Creditors, State Farm Mutual Automobile Insurance Co., Grange Mutual Casualty Co., & Motorists Mutual Insurance Co.*

CERTIFICATE OF SERVICE

The undersigned certifies that on May 11, 2011, a copy of the foregoing Response of State Farm Mutual Automobile Insurance Co., Grange Mutual Casualty Co. and Motorists Mutual Insurance Co. to Debtors' Notice of 219th and 220th Omnibus Objections to Claims was served via the Court's electronic case filing system and was served upon the following by ordinary U.S. mail the 12th day of May, 2011:

Weil, Gotshal & Manges LLP
Attn: Harvey R. Miller, Esq.,
Stephen Karotkin, Esq. and
Joseph H. Smolinsky, Esq.
Attorneys for Debtors
767 Fifth Avenue
New York, NY  10153

Motors Liquidation Company, et al.
Debtors
Attn:  Thomas Morrow
401 S. Old Woodward Ave., Suite 370
Birmingham, MI  48009

General Motors LLC
Attn:  Lawrence S. Buonomo, Esq.
400 Renaissance Center
Detroit, MI  48265

Cadwalader, Wickersham & Taft LLP
Attorneys for U.S. Department
of Treasury
Attn: John J. Rapisardi, Esq.
One World Financial Center
New York, NY  10281

United States Department of Treasury
Attn:  Joseph Samarias, Esq.
1500 Pennsylvania Ave. NW, Rm 2312
Washington, D.C. 20220

Vedder Price, P.C.
Attn:  Michael J. Edelman, Esq.
and Michael L. Schein, Esq.
Attorneys for Export Development
Canada
1633 Broadway, 47th Floor
New York, NY  10019

Kramer Levin Naftalis & Frankel LLP
Attn:  Thomas Moers Mayer, Esq.,
Robert Schmidt, Esq.,
Lauren Macksoud, Esq.
and Jennifer Sharret, Esq.
Attorneys for Statutory Committee of
Unsecured Creditors
1177 Avenue of the Americas
New York, NY  10036

Office of the United States Trustee
Attn: Tracy Hope Davis, Esq.
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY  10004

U.S. Attorney's Office
Southern District of New York
Attn:  David S. Jones, Esq. and
Natalie Kuehler, Esq.
86 Chambers Street, Third Floor
New York, NY  10007

Caplin & Drysdale, Chartered
Attn:  Elihu Inselbuch, Esq.
and Rita C. Tobin, Esq.
Attorneys for Official Committee of
Unsecured Creditors
Holding Asbestos-Related Claims
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Caplin & Drysdale, Chartered
Attn:  Trevor W. Swett III, Esq. and
Kevin C. Maclay, Esq.
Attorneys for Official Committee of
Unsecured Creditors
Holding Asbestos-Related Claims
One Thomas Circle, N.W., Suite 1100
Washington, DC  20005

Stutzman, Bromber, Esserman & Plifka
Attn:  Sander L Esserman, Esq. and
Robert T. Brouseeau, Esq.
Attorneys for Dean M. Trafelet
in his capacity as the legal representative
for future asbestos personal injury
claimants
2323 Bryan Street, Suite 2200
Dallas, TX  75201

Gibson, Dunn & Crutcher LLP
Attn:  Keith Martorana Esq.
Attorneys for Wilmington Trust
Company as GUC Trust Administrator
and for Wilmington Trust Company as
Avoidance Action Trust Monitor
200 Park Avenue, 47th Floor,
New York, NY  10166

FTI Consulting
as the GUC Trust Monitor and as the
Avoidance Action Trust Monitor,
Attn:  Anna Phillips
One Atlantic Center
1201 West Peachtree Street, Suite 500
Atlanta, Georgia  30309

**ZEEHANDELAR, SABATINO
& ASSOCIATES, LLC**

  /s/Alessandro Sabatino, Jr.
Alessandro Sabatino, Jr.
Attorney for Creditors, State Farm Mutual
*Automobile Insurance Co., Grange Mutual
Casualty Co., & Motorists Mutual Insurance
Co.*

11