# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,               :      Chapter 11 Case No.
    f/k/a General Motors Corp., *et al.*     :
                                            :      09-50026 (REG)
                                            :
                                            :      (Jointly Administered)
                                            :
                                            :
                                            :
---------------------------------------------------------------x

### DECLARATION OF ELIHU INSELBUCH IN SUPPORT OF THE APPLICATION OF MARK BUTTITA PURSUANT TO 11 U.S.C. § 503(B) FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION IN THIS CHAPTER 11 CASE FROM JUNE 4, 2009 THROUGH JULY 15, 2009

       **ELIHU INSELBUCH,** hereby declares under penalty of perjury that the following is true and correct:

       1.     I am a member of the law firm of Caplin & Drysdale, Chartered ("**Caplin & Drysdale**") and am duly authorized to make this declaration on its behalf. I make this declaration (the "**Declaration**") in support of the Application Of Mark Buttita Pursuant To 11 U.S.C. § 503(B) For Allowance Of Administrative Expenses Incurred In Making A Substantial Contribution In This Chapter 11 Case From June 4, 2009 Through July 15, 2009 (the "**Application**"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I would testify thereto. Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Application.

       2.     I am a member of the bars of the State of New York and the District of Columbia. Other members and associates of Caplin & Drysdale are duly admitted to practice in either the

State of New York or the District of Columbia, or both. My firm maintains offices for the practice of law at 375 Park Avenue, New York, New York 10152-3500, and One Thomas Circle, N.W., Washington, D.C. 20005-5802.

3. In late May 2009, Caplin & Drysdale was retained as counsel to Mark Buttita (**"Buttita"**), in his capacity as the personal representative of Salvatore Buttita, by and through his state court counsel John Cooney, in connection with the anticipated bankruptcy filing of GM and Buttita's service as a member of the UCC.

4. Following its retention, Caplin & Drysdale was specifically charged with representing Buttita with respect to the interests of asbestos victims of the Debtors in regard to the proposed Sale Motion.

5. All services performed by Caplin & Drysdale during the Compensation Period were performed for and on behalf of Buttita.

6. In connection with its representation of Buttita during the Compensation Period, Caplin & Drysdale incurred total fees of $259,908.50 calculated in accordance with the firm's normal billing rates and actual and necessary expenses of $13,973.29. These charges did not include any professional fees incurred prior to Buttita's appointment to the UCC as well as any potentially duplicative time charges when more than one attorney was involved in attending meetings or hearings.

7. As a professional courtesy to Buttita and Mr. Cooney and as a service to the constituency which they represented, Caplin & Drysdale voluntarily agreed to discount its professional fees by thirty-three percent (33%). The resulting billing to Buttita was $187,245.79, consisting of (i) $173,272.50 in fees and (ii) $13, 973.29 in expenses (the "**Compensation Amount**").

8. Buttita, through Mr. Cooney, has paid the entire Compensation Amount and there is no outstanding balance owed to Caplin & Drysdale.

9. Further, in accordance with 18 U.S.C. § 155, neither I nor any partner, counsel or associate of my firm has entered into any agreement, express or implied, with any party in interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed our of or paid from the Debtor's assets.

10. In accordance with 11 U.S.C. § 504, no agreement or understanding exists between me, my firm or any partner, counsel, or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with this chapter 11 case, nor will any division of fees prohibited by 11 U.S.C. § 504 be made by me or any partner, counsel or associate of my firm.

Dated: New York, NY
May 11, 2011

_____
Elihu Inselbuch

- 3 -