**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                    :
In re                               :          Chapter 11 Case No.
                                    :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :          **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*   :
                                    :
                    Debtors.        :          (Jointly Administered)
                                    :
--------------------------------------------------------------x

FIFTH AND FINAL APPLICATION OF THE CLARO GROUP, LLC FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD
June 1, 2009– MARCH 31, 2011

| | |
|---|---|
| Name of Applicant: | The Claro Group, LLC |
| Authorized to Provide Professional Services to: | Motors Liquidation Company, f/k/a General Motors Corp., et al. |
| Date of Order Authorizing Employment: | August 3, 2009 (Effective June 1, 2009) |
| Period for which compensation and Reimbursement are sought: | Fifth Application: October 1, 2010 through March 31, 2011 |
| | Final Application: June 1, 2009 through March 31, 2011 |
| Amount of compensation sought as actual, reasonable, and necessary in Fifth Application: | $1,662.50 (Fifth application only) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary in Fifth Application: | $92.82 (Fifth application only) |

Total amount of compensation sought for final
approval as actual, reasonable and necessary:      $1,436,467.62

Total amount of **unpaid** compensation sought for
final approval as actual, reasonable and necessary:   $140,147.51 (outstanding)


Prior Fee Applications:                            First Interim Application

                                                   ($189,563 fees; $888.05 expenses);
                                                   Second Interim Application
                                                   ($652,010.50 fees; $9,138.41 expenses);
                                                   Third Interim Application
                                                   ($527,315.50 fees; $7,886.51 expenses);
                                                   Fourth Interim Application
                                                   ($46,810.50 fees; $402.43 expenses)

**THE CLARO GROUP, LLC**
**777 S. Figueroa Street, Suite 4050**
**Los Angeles, CA 90017**
**(213) 784-0190 (Telephone)**
**(213) 452-6556 (Facsimile)**

*Environmental Management Consultants to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

<u>FIFTH AND FINAL APPLICATION OF THE CLARO GROUP, LLC AS
ENVIRONMENTAL MANAGEMENT CONSULTANTS TO THE DEBTORS
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD
OCTOBER 1, 2010 – MARCH 31, 2011</u>

The Claro Group, LLC ("Claro") respectfully files this Fifth and Final Application for

Allowance of Compensation and Reimbursement of Expenses (the "Fee Application") of Claro

as Environmental Management Consultants to Motors Liquidation Company (f/k/a General

Motors Corporation) ("GM") and its affiliated debtors, as debtors in possession (collectively, the

"Debtors"). The Fifth Application seeks allowance of Compensation and Reimbursement of

Expenses for the period from October 1, 2010 through March 31, 2011 (the "Fifth Period") and

the Final Application seeks final Allowance of Compensation and Reimbursement of Expenses

for all periods during the pendency of this bankruptcy case (the "Case") from June 1, 2009

through March 31, 2011 (the "Final Period"). This Fee Application is filed pursuant to §§

328(a), 330(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule

2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local

Rules and Orders of this Court. In support of the Application, Claro states:

## JURISDICTION AND VENUE

1.      On or about August 7, 2009, the Court signed an Order Pursuant to 11 U.S.C. §§

105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals (the "Compensation Procedures Order") (Docket #3711). The

Compensation Procedures Order states, *inter alia,*

> "Commencing with the period ending September 30, 2009, and at four month
> intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals
> as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file
> with the Court an application (an "**Interim Fee Application**") for interim Court
> approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code
> (as the case may be) of the compensation and reimbursement of expenses
> requested in the Monthly Statements served during such Interim Fee Period. Each
> Retained Professional shall file its Interim Fee Application no later than **45 days**
> after the end of the Interim Fee Period." [Emphasis in original.]

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' Chapter

11 cases and this Fee Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

## BACKGROUND

3.      On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses

and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code.

4.      On or about July 21, 2009, the Debtors filed an application (the "Retention Application") pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014 authorizing the retention and employment of Claro as an environmental management consulting services provider in connection with these chapter 11 cases, to assist the Debtors in determining the costs of actual and/or potential environmental liabilities arising from the Debtors' prepetition, historic operations. The Debtors sought to employ and retain Claro pursuant to the terms of the agreement between the Debtors and Claro dated and effective as of June 10, 2009 (the "Engagement Letter").  More specifically, Claro has been retained by the Debtors for its environmental management consulting expertise.

5.      On or about August 3, the Court entered an Order authorizing the Debtors to retain and employ Claro *nunc pro tunc* to the Petition Date.

## COMPENSATION REQUESTED

6.      By this Fifth Fee Application and in accordance with §§ 328, 330 and 331 of the Bankruptcy Code, Claro request allowance of fees in the amount of $1,662.50, and ordinary and necessary expenses in the amount of $92.82, for a total amount $1,755.32.

7.      By this Final Fee Application and in accordance with §§ 328, 330 and 331 of the Bankruptcy Code, Claro requests final allowance of total fees in the amount of $1,417,362.00 and ordinary and necessary expenses in the amount of $19,105.62, for a total final amount of $1,436,467.62.   Of this sum, $1,269,291.29 has been paid to Claro and $140,147.51 remains outstanding and unpaid by Debtors.

8.      Pursuant to the Compensation Procedures Order, all professionals retained in these cases are authorized to seek, on a monthly basis, compensation for professional services rendered and reimbursement of expenses incurred.  In the absence of any objection to the

5

monthly statement of fees and expenses incurred (the "Monthly Statements"), the Debtors can

pay 80% of the professional fees requested and 100% of the expenses incurred.  A tabulation of

fees and expenses incurred, as well as payments received by Claro, for Monthly Statements in

the Fifth Fee Application Period to date is as follows:

| Period Covered | Fees | Expenses | 80% of Fees | 80% of Fees Plus Expenses | Invoice Amount | Payments Received |
|---|---|---|---|---|---|---|
| 10/01/10 - 10/31/10 | $    375.00 | $92.82 | $300.00 | $392.82 | $467.82 | $392.82 |
| 11/01/10 - 11/30/10 | $  1,287.50 | $0.00 | $1,030.00 | $1,030.00 | $1,287.50 | $1,030.00 |
|  |  |  |  |  |  |  |
| Total | $  1,662.50 | $92.82 | $1,330.00 | $1,422.82 | $1,755.32 | $1,422.82 |

9.      During the Fifth Application Period, Claro has sought $1,662.50, in professional

fees and $92.82 for expenses, of which $1,330.00 in fees and $92.82 in expenses, respectively,

has been paid to date by the Debtors in accordance with the Compensation Procedures Order.

10.     By this Final Fee Application and in accordance with §§ 328, 330 and 331 of the

Bankruptcy Code, Claro also requests allowance of:

(1) All Professional fees and expenses previously approved on an interim basis

(including those sought in this Fifth Fee Application);

(2) All Professional fees and expenses sought in the Fifth Fee Application that

remain unpaid; and

(3) All Professional fees subject to the 20% withholding under the First, Second,

Third, and the Fourth Fee Applications in the sum of $140,147.51 that remain

unpaid by Debtors.

11.     Claro has received no payment and no promises of payment from any other

source for services rendered or to be rendered in any capacity whatsoever in connection with the

matters covered by this Fee Application, other than for amounts indicated above for which

payment has already been received from Debtors.

12.    There is no agreement or understanding between Claro and any other person for

the sharing of compensation to be received for services rendered in this case.

13.    Claro submits that this Fee Application complies with sections 330 and

503(b)(l)(A) of Chapter 11 of Title 11 of the Bankruptcy Code, Rule 2016 of the Bankruptcy

Rules, the Amended Guidelines for Fees and Expenses for Professionals in Southern District of

New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines")

and the United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the

"UST Guidelines" collectively with the Local Guidelines, the "Guidelines").

## SUMMARY OF SERVICES PROVIDED

14.    Attached as **Exhibit A** is a list of the Claro professionals who worked on the case

during the Fifth Application Period, along with the titles, and a summary of hours charged for the

professionals whose services are being billed in connection with this case. Attached as **Exhibit B**

is a summary of hours incurred for each category of work performed by Claro. Attached as

**Exhibit C** is a summary of actual out-of-pocket expenses incurred during Fifth Application

Period for each category of expenses. Attached as **Exhibit D** are the detailed time entries during

the Fifth Application Period, for each category of work performed by Claro. Attached as **Exhibit

E** is a summary of total due per each respective fee application which reflects the agreed to

disallowances and remaining balances due.  Attached as **Exhibit F** is the table of total hours

billed for each timekeeper over the course of the case as well as the average hourly rate.

Attached as **Exhibit G** is the table of all expenses incurred by category over the course of the

7

case.  Attached as **Exhibit H** is the table of total time spent by service code through the course of the case.  Attached as **Exhibit I** is the certification of Douglas H. Deems with respect to the Fee Application pursuant to the Local Guidelines.

15.    In accordance with the Retention Application and the Engagement Letter, the following is a detailed description of the major tasks performed during the Fifth Application Period.  These tasks, and the related hours incurred, are separated into the following matters:

**Fifth Fee Application and Other Job Administration (Task 7—3.45 hours)**

16.    During the Fifth Application Period, in connection with Claro's retention by the Debtors, Claro responded to the correspondence from counsel for the Fee Examiner and to the draft and final Objections prepared by the Fee Examiner in connection with Claro's Third Interim Fee Application.  In addition, during the Fifth Application Period, Claro prepared the Fourth Interim Fee Application and supporting exhibits and declaration. Claro has also provided monthly budgets as requested by the Fee Examiner and has prepared and submitted its invoices in compliance with guidelines as required by the U.S. Trustee.

17.    In accordance with the Retention Application and the Engagement Letter, the following is a detailed description of the seven major tasks performed by Claro throughout the course of this bankruptcy which spans all periods from June 1, 2009 through March 31, 2011. For convenience and in addition to those detailed descriptions contained in all previous interim fee applications (First, Second, Third, and Fourth) which are incorporated herein by reference, Claro provides a narrative of the tasks and the related hours incurred as follows:

**Site-level Decision Tree/Cost Analysis (Task 1—3000.45 hours) Final Application (covers all periods)**

8

18.     Throughout the pendency of the Case, Claro provided assistance to the Debtors in estimating potential remediation costs associated with six major MLC sites utilizing decision-trees and other probabilistic analyses as appropriate.  This overall approach to using decision trees to value individual site environmental cleanup uncertainty was proposed by Claro and generally adapted by the Government consultants (Brattle Group).  To perform this analysis, Claro worked with Debtors and other consultants to Debtors (primarily environmental engineering consultants Arcadis, and LFR) to help develop the structure, probability and magnitude of estimates used as the bases for the decision-tree analyses.  These analyses were updated based on development of new information and modified as appropriate through the Case and settlement process.  Claro also played a key role in achieving consensus with state and federal regulators on Massena, the largest site by order of magnitude in the portfolio, with significant roles also played in communication and ultimate resolution of other high exposure sites, including Willow Run, Buick City and Syracuse sites.  Claro was uniquely qualified to perform these analyses because Claro had prior knowledge of the MLC portfolio of sites from previous General Motors project work and extensive experience in utilizing decision-tree approach (ASTM approach) to assist valuing potential liabilities, specifically as applied to environmental remediation sites.

**Portfolio-level Cost Analysis (Task 2— 451.35 hours) Final Application (covers all periods)**

19.     Throughout the Case, Claro provided assistance to the Debtors in developing an analysis of portfolio-level costs for the sites in the MLC portfolio that were not subject to detailed decision-tree analysis.  This analysis was updated based on development of new information and modified as appropriate throughout the Case and negotiation process.  The

overall extrapolation approach to value the MLC sites as a portfolio (vs. sum of individual sites approach) as proposed by Claro was essentially adapted by the key environmental Regulators and their consultants.  Claro was uniquely qualified to perform these analyses because of our extensive experience in developing and applying valuation approaches for portfolios of sites based on available information, including probabilistic/statistical approaches.

**Discounted Cash Flow Analysis (Task 3— 296.15 hours) Final Application (covers all periods)**

20.    Throughout the Case, Claro provided assistance to the Debtors in providing analysis of discount rates, inflation rates and application of those rates to cash flows associated with the remediation sites for the purpose of calculating present values and inflated cash flows, as appropriate.  Claro developed and applied these financial assumptions (e.g., discount rate and inflation rate) throughout process.  Claro was uniquely qualified to perform these analyses because of our knowledge and experience in choosing and deriving appropriate discounting approaches and rates to account for time value of money.

**Insurance Analysis and Presentation to Insurance Markets (Task 4— 134.60 hours) Final Application (covers all periods)**

21.    Throughout the Case, Claro provided assistance to the Debtors in providing analysis and presentations to certain insurance markets utilizing the decision tree and portfolio analysis, adapted as appropriate, for the purposes of seeking underwriting of remediation and other risks by certain insurance markets.  Claro was uniquely qualified to perform these analyses because of its extensive understanding and experience in developing and communicating analysis in support of insurance transactions, including underwriting of environmental risks.

**Presentations and Communications to Stakeholders (Task 5— 281.70 hours) Final**

**Application (covers all periods)**

22.      Throughout the Case, Claro provided assistance to the Debtors in leading and/or

participating in meetings with various parties, including various environmental Regulators and

their representatives, Creditors and their representatives and Debtors and Debtors' other

consultants, for the purpose of discussing decision-tree analyses and portfolio analyses as

appropriate.  Claro played a key communication role with the lead Government consultant (e.g.,

Brattle Group), including key roles in communicating portfolio approach in initial and

subsequent meetings with stakeholders (e.g. state and federal regulators).  The Debtor

consultants team (Claro, Arcadis, LFR, Brownfields) developed comprehensive analysis of

liabilities, tied to underlying data and communicated it to all relevant parties to support

settlement.  The team posted the data and analyses on a secured web-portal to allow for

interested party access to analyses and underlying data.  The Debtor consultants' team, including

Claro, participated in organized phone calls with and in face to face meetings with state

regulators, EPA regions, UST/EPA/DOJ and their consultants (Brattle, AECOM).  Also, the

Debtor consultants, including Claro conducted numerous individual phone calls with individual

regulators, numerous individual phone calls with EPA/DOJ consultant (Brattle) and preliminary

discussions with insurance companies and brokers.  Claro was uniquely qualified to perform

these tasks because of its extensive background in communicating, negotiating and participating

in settlement discussions for transactions involving portfolios of environmental remediation

liabilities.

**Steering Committee and Project Management (Task 6—251.90 hours) Final**

**Application (covers all periods)**

23.     Throughout the Case, Claro provided assistance to the Debtors in working with

Debtors' other consultants to plan and respond to project requirements, including development of

decision-tree analyses, portfolio analyses and other analyses as appropriate.  Debtor consultants

(Claro, Arcadis, LFR, Brownfields') conceived of, developed and provided analytics for

proposed structure of settlement (i.e., baseline plus cushion) that was ultimately adapted by UST,

DOJ, EPA, EPA Regions and all State Regulators and consultant hired by DOJ/EPA to review

proposed settlement (Brattle).  Components of portfolio structure included: Baseline estimates

led by Arcadis/LFR/Brownfields', decision tree estimates and extrapolation of uncertainty to

portfolio led by Claro/Brownfields', and the calculation of uncertainty reserve (e.g., "Cushion")

led by Claro.  Claro also played an extensive role in assisting with settlement approach, reaching

consensus and tracking differences between positions for all sites and the portfolio as a whole.

**Fee Application and Other Job Administration (Task 7—227.40 hours) Final**

**Application (covers all periods)**

24.     Throughout the Case, in connection with Claro's retention by the Debtors, Claro

responded to the correspondence from counsel for the Fee Examiner and to the draft and final

Objections prepared by the Fee Examiner in connection with Claro's First, Second, Third and

Fourth Interim Fee Applications.  In accord with Judge Gerber's Order, Claro also spent time

during this period redacting confidential descriptions from the billing entries.  In addition, Claro

was compelled to respond to various correspondence, emails, draft and final versions of the Fee

Examiner's Report and Statement of Limited Objections to Claro's First, Second, Third, and

Fourth Interim Fee Applications, Fee Examiner's Report and Statement of Limited Objections to

Claro's First, Second, Third, and Fourth Interim Fee Applications and other communications

from the Fee Examiner in connection with Claro's Interim Fee Applications.  Claro has also

provided monthly budgets as requested by the Fee Examiner and has prepared and submitted its

invoices in compliance with guidelines as required by the U.S. Trustee.

25.     Through this process, debtors' consultants resolved differences between debtor

and administrative creditors (US and State Governments) that would otherwise have taken years

to resolve through traditional discovery and hearing process.  The result is the debtor, DIP lender

and administrative creditors have arrived at a settlement in an accelerated time with vastly

reduced transaction costs relative to similar efforts that are resolved through discovery and

formal hearing.

26.     The work performed by Claro was not duplicative of any other retained

professional.  The work of Claro in this bankruptcy estate is now complete.

27.     Claro submits that the foregoing services were necessary to the administration of

this Chapter 11 case, were necessary and beneficial to the Debtors' estates at the time such

services were rendered, and were performed without unnecessary duplication of effort or

expense.   Claro's request for compensation of the foregoing services is reflective of a reasonable

and appropriate amount of time expended in performing such services commensurate with the

complexity, importance and nature of the problem, issue and task involved.

## NOTICE

28.     Notice of this Fee Application will be provided by counsel for the Debtors

pursuant to the Compensation Procedures Order

WHEREFORE, Claro respectfully request that this Court enter an order: (i) allowing Claro's request for compensation in the sum of $1,662.50 for actual, reasonable and necessary professional services rendered as environmental consultants to the Debtors during the Fifth Application Period; (ii) approving all prior Fee Applications on a final basis, including the First, Second, Third, Fourth Interim Fee Applications and Fifth Application filed herewith; (iii) directing the Debtors to pay to Claro the full amount of such compensation related to the 20% withheld and not already paid from the First, Second, Third, and Fourth Fee Applications in the sum of $139,815.01 (excluding the amount sought in the Fifth Application period as requested above) and (iv) directing the Debtors to reimburse Claro in the amount of $92.82 for actual, reasonable and necessary expenses incurred during the Fifth Application Period, to the extent not already reimbursed.

Dated: Los Angeles, California
      May 13, 2011

                THE CLARO GROUP, LLC


_____
Douglas H. Deems, Managing Director
777 S. Figueroa Street, Suite 4050
Los Angeles, CA  90017

*Environmental and Management*
*Consultants to the Debtors*

MOTOR LIQUIDATION COMPANY, *et al.*
f/k/a General Motors Corp., *et al.*

SUMMARY OF PROFESSIONAL
TIME CHARGES AND FEES
FOR THE PERIOD
OCTOBER 1, 2010 – MARCH 31, 2011

## EXHIBIT A

Claro's professional services listed below rendered during the Fifth period of 10/01/10 – 03/31/11 which consists of hours worked, rates and the calculated fees.

| Name | Title | Hours | Rate | Amount |
|------|-------|-------|------|--------|
| Deems | Managing Director | 2.20 | $ 500.00 | $ 1,100.00 |
| Killian | Managing Director | 1.25 | $ 450.00 | $  562.50 |
|  |  |  |  |  |
| Totals |  | 3.45 |  | $ 1,662.50 |

Total Fees:              $ 1,662.50

Total Expenses:        $    92.82

Total Fees & Expenses  $ 1,755.32

15

MOTOR LIQUIDATION COMPANY, *et al.*
f/k/a General Motors Corp., *et al.*

SUMMARY OF PROFESSIONAL
TIME CHARGES AND FEES
FOR THE PERIOD
OCTOBER 1, 2010 – MARCH 31, 2011
**EXHIBIT B**

Claro's summary of hours incurred by category / task code

| Task Code | | | |
|---|---|---|---|
| *Fee Application & Other Job Administration Cost Analysis Total* | 3.45 | $ | 1,662.50 |
| *Grand Total* | **3.45** | **$** | **1,662.50** |

MOTOR LIQUIDATION COMPANY, *et al.*
f/k/a General Motors Corp., *et al.*

SUMMARY OF PROFESSIONAL
TIME CHARGES AND FEES
FOR THE PERIOD
OCTOBER 1, 2010 – MARCH 31, 2011
**EXHIBIT C**

Claro's summary of expenses incurred

| 10/26/10 | $ | 92.82 | FedEx - 6 shipments at 15.47 each |
|---|---|---|---|
| | $ | 92.82 | **Total** |

MOTOR LIQUIDATION COMPANY, *et al.*
f/k/a General Motors Corp., *et al.*

SUMMARY OF PROFESSIONAL
TIME CHARGES AND FEES
FOR THE PERIOD
OCTOBER 1, 2010 – MARCH 31, 2011
**EXHIBIT D**

Claro's detailed time entries for each category worked

| *Fee Application & Other Job Administration Cost Analysis* | | | | | |
|---|---|---|---|---|---|
| 10/6/2010 | Deems | Prepare for call with Carla Andres (.3); tel conf Carla Andres re Fee Examiner's Objections to Third Interim Application, Ms. Andres correspondence and Claro's reply to same (.5) [.5 time not being charged to MLC] | $ 500.00 | 0.30 | $ 150.00 |
| 10/26/2010 | Killian | Reviewing and edited Fee Application #4 | $ 450.00 | 0.50 | $ 225.00 |
| 11/5/2010 | Deems | examine email and attachments from Russell Brooks regarding Order on Third Interim Fee Application (.2); revise draft Order on Third Interim Fee Application to include data on Claro's Third Interim Fee Application (.3); prepare email to Carla Andres re an | $ 500.00 | 0.70 | $ 350.00 |
| 11/5/2010 | Deems | tel conf Russell Brooks regarding Judge's Ruling on Third Interim Fee Applications and "carve out" section (.2); prepare detailed email to MLC team summarizing conversation with Mr. Brooks (.3) | $ 500.00 | 0.50 | $ 250.00 |
| 11/5/2010 | Killian | Reviewing and editing 4th fee application | $ 450.00 | 0.50 | $ 225.00 |
| 11/8/2010 | Deems | tel conf Carla Andres re draft Order on Third Interim Fee application (.2); prepare email to Russell Brooks re draft Order on Third Interim Fee Application (.2) | $ 500.00 | 0.40 | $ 200.00 |
| 11/8/2010 | Deems | Final review of Fourth interim Fee Application and finalize same (.3) | $ 500.00 | 0.30 | $ 150.00 |
| 11/23/2010 | Killian | project mgmt re: aging A/R | $ 450.00 | 0.25 | $ 112.50 |
| *Fee Application & Other Job Administration Cost Analysis Total* | | | | *3.45* | *$ 1,662.50* |

# MOTOR LIQUIDATION COMPANY, *et al.*
## f/k/a General Motors Corp., *et al.*

### SUMMARY OF PROFESSIONAL
### TIME CHARGES AND FEES
### FOR THE PERIOD JUNE 1, 2010 – MARCH 31, 2011
### **EXHIBIT E**
Table of First Through Fifth Fee Applications

| First Period Covered | Invoice | Fees | Expenses | 80% of Fees | 80% of Fees Plus Expenses | Invoice Amount | Payments Received | Dis-allowances | Balance Owed |
|---|---|---|---|---|---|---|---|---|---|
| 06/01/09 - 06/30/09 | 14480 | $ 162,444.50 | $ 556.59 | $ 129,955.60 | $ 130,512.19 | $ 163,001.09 | $ 133,223.95 | | |
| 07/01/09 - 07/31/09 | 14482 | $ 14,392.50 | $ 137.72 | $ 11,514.00 | $ 11,651.72 | $ 14,530.22 | $ 11,651.20 | | |
| 08/01/09 - 08/31/09 | 14488 | $ 1,790.00 | $ 97.32 | $ 1,432.00 | $ 1,529.32 | $ 1,887.32 | $ 1,529.32 | | |
| 9/1/2009 - 09/30/09 | 14533 | $ 10,936.00 | $ 96.42 | $ 8,748.80 | $ 8,845.22 | $ 11,032.42 | $ 8,845.22 | | |
| Total - First | | $ 189,563.00 | $ 888.05 | $ 151,650.40 | $ 152,538.45 | $ 190,451.05 | $ 155,249.69 | $ (18,000.00) | $ 17,201.36 |

| Second Period Covered | Invoice | Final Fees | Expenses | 80% of Fees | 80% of Fees Plus Expenses | Invoice Amount | Payments Received | Dis-allowances | Balance Owed |
|---|---|---|---|---|---|---|---|---|---|
| 10/01/09 - 10/31/09 | 14685 | $ 218,563.50 | $ 206.21 | $ 174,850.80 | $ 175,057.01 | $ 218,769.71 | $ 191,404.19 | | |
| 11/01/09 - 11/30/09 | 14768 | $ 202,137.00 | $ 15.98 | $ 161,709.60 | $ 161,725.58 | $ 202,152.98 | $ 181,939.28 | | |
| 12/01/09 - 12/31/09 | 14863 | $ 144,841.50 | $ 5,773.73 | $ 115,873.20 | $ 121,646.93 | $ 150,615.23 | $ 136,131.08 | | |
| 01/01/10 - 01/31/10 | *14947 | $ 88,494.50 | $ 3,041.39 | | | $ 91,535.89 | $ 73,836.99 | | |
| 01/01/10 - 01/31/10 | *14947 | $ (88,494.50) | $ (3,041.39) | | | $ (91,535.89) | $ (73,836.99) | | |
| 01/01/10 - 01/31/10 | 15033 | $ 86,468.50 | $ 3,142.49 | $ 69,174.80 | $ 72,317.29 | $ 89,610.99 | $ 80,964.14 | | |
| Total - Second | | $ 652,010.50 | $ 9,138.41 | $ 521,608.40 | $ 530,746.81 | $ 661,148.91 | $ 590,438.69 | $ (5,509.17) | $ 65,201.05 |

*Invoice 14947 issued, then cancelled due to incorrect bill rates.  Payment was received by client which Claro reimbursed on check #2931 for $73,836.99

| Third Period Covered | Invoice | Final Fees | Expenses | 80% of Fees | 80% of Fees Plus Expenses | Invoice Amount | Payments Received | Dis-allowances | Balance Owed |
|---|---|---|---|---|---|---|---|---|---|
| 02/01/10 - 02/28/10 | 15049 | $ 224,792.50 | $ 1,782.53 | $ 179,834.00 | $ 181,616.53 | $ 226,575.03 | $ 202,649.16 | | |
| 03/01/10 - 03/31/10 | 15140 | $ 177,453.00 | $ 1,248.98 | $ 141,962.40 | $ 143,211.38 | $ 178,701.98 | $ 160,956.68 | | |
| 04/01/01 - 04/30/10 | 15299 | $ 109,890.00 | $ 4,843.23 | $ 87,912.00 | $ 92,755.23 | $ 114,733.23 | $ 103,744.23 | | |
| 05/01/01 - 05/31/10 | 15461 | $ 15,180.00 | $ 709.17 | $ 12,144.00 | $ 12,853.17 | $ 15,889.17 | $ 14,371.17 | | |
| Total - Third | | $ 527,315.50 | $ 8,583.91 | $ 421,852.40 | $ 430,436.31 | $ 535,899.41 | $ 481,721.24 | $ (1,446.62) | $ 52,731.55 |

| Fourth Period Covered | Invoice | Fees | Expenses | 80% of Fees | 80% of Fees Plus Expenses | Invoice Amount | Payments Received | Dis-allowances | Balance Owed |
|---|---|---|---|---|---|---|---|---|---|
| 06/01/10 - 06/30/10 | 15555 | $ 14,535.00 | $ 108.13 | $ 11,628.00 | $ 11,736.13 | $ 14,643.13 | $ 13,189.63 | | |
| 07/01/10 - 07/31/10 | 15642 | $ 5,641.00 | $ 201.06 | $ 4,512.80 | $ 4,713.86 | $ 5,842.06 | $ 5,277.96 | | |
| 08/01/10 - 08/31/10 | 15777 | $ 23,226.50 | $ - | $ 18,581.20 | $ 18,581.20 | $ 23,226.50 | $ 18,830.82 | | |
| 09/01/10 - 09/30/10 | 15912 | $ 3,408.00 | $ 93.24 | $ 2,726.40 | $ 2,819.64 | $ 3,501.24 | $ 3,160.44 | | |
| Total - Fourth | | $ 46,810.50 | $ 402.43 | $ 37,448.40 | $ 37,850.83 | $ 47,212.93 | $ 40,458.85 | $ (2,073.03) | $ 4,681.05 |

| Fifth Period Covered | Invoice | Fees | Expenses | 80% of Fees | 80% of Fees Plus Expenses | Invoice Amount | Payments Received | Dis-allowances | Balance Owed |
|---|---|---|---|---|---|---|---|---|---|
| 10/01/10 - 10/31/10 | 15990 | $ 375.00 | $ 92.82 | $ 300.00 | $ 392.82 | $ 467.82 | $ 392.82 | | |
| 11/01/10 - 11/30/10 | 16117 | $ 1,287.50 | $ - | $ 1,030.00 | $ 1,030.00 | $ 1,287.50 | $ 1,030.00 | | |
| Total - Fifth | | $ 1,662.50 | $ 92.82 | $ - | $ - | $ 1,755.32 | $ 1,422.82 | $ - | $ 332.50 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| TOTALS | | $1,417,362.00 | $19,105.62 | $1,132,559.60 | $1,151,572.40 | $1,436,467.62 | $1,269,291.29 | $(27,028.82) | $140,147.51 |

MOTOR LIQUIDATION COMPANY, *et al.*
f/k/a General Motors Corp., *et al.*

SUMMARY OF PROFESSIONAL
TIME CHARGES AND FEES
FOR THE PERIOD JUNE 1, 2010 – MARCH 31, 2011
**EXHIBIT F**

Total Hours Billed per Timekeeper Through Course of Case

| NAME | TITLE | HOURS | RATE | AMOUNT | |
|------|-------|-------|------|--------|---|
| Agostino | Consultant | 2.50 | $ 165.00 | $ 412.50 | |
| Ale | Admin | 1.90 | $ 110.00 | $ 209.00 | |
| Carl | Principal | 57.55 | $ 340.00 | $ 19,567.00 | |
| Chambers | Admin | 17.00 | $ 110.00 | $ 1,870.00 | |
| Chan | Analyst | 10.50 | $ 160.00 | $ 1,680.00 | |
| Deems | Managing Director | 53.25 | $ 500.00 | $ 26,625.00 | |
| Forrester | Analyst | 364.00 | $ 165.00 | $ 60,060.00 | |
| Forrester | Consultant | 301.75 | $ 175.00 | $ 52,806.25 | *promotion to Consultant |
| Gennity | Analyst | 6.00 | $ 165.00 | $ 990.00 | |
| Gennity | Consultant | 1.95 | $ 175.00 | $ 341.25 | *promotion to Consultant |
| Hansen | Managing Director | 861.10 | $ 500.00 | $ 430,550.00 | |
| Hansen | Managing Director | 2.80 | $ 250.00 | $ 700.00 | *travel time billed at half standard rate |
| Harris | Exp. Manager | 74.50 | $ 255.00 | $ 18,997.50 | |
| Killian | Managing Director | 107.85 | $ 450.00 | $ 48,532.50 | |
| Ko | Senior Consultant | 228.50 | $ 215.00 | $ 49,127.50 | *promotion to Manager |
| Ko | Manager | 209.25 | $ 225.00 | $ 47,081.25 | |
| Krock | Director | 128.55 | $ 395.00 | $ 50,777.25 | |
| LaPorte | Admin | 3.50 | $ 260.00 | $ 910.00 | |
| Marlowe | Director | 6.50 | $ 390.00 | $ 2,535.00 | |
| Menees | Director | 469.50 | $ 295.00 | $ 138,502.50 | |
| Mora | Admin | 9.35 | $ 110.00 | $ 1,028.50 | |
| Patti | Analyst | 593.30 | $ 155.00 | $ 91,961.50 | |
| Spinks | Exp. Manager | 35.80 | $ 285.00 | $ 10,203.00 | |
| Twellman | Principal | 1096.65 | $ 330.00 | $ 361,894.50 | |
| *TOTAL* | | *4643.55* | | $ *1,417,362.00* | |

*Average Bill Rate        $        305.23*

**MOTOR LIQUIDATION COMPANY,** *et al.*
f/k/a General Motors Corp., *et al.*

SUMMARY OF PROFESSIONAL
TIME CHARGES AND FEES
FOR THE PERIOD JUNE 1, 2010 – MARCH 31, 2011
**EXHIBIT G**

Total Expenses Incurred by Category

| Expense Category | Amount |
|---|---|
| Express Messenger | $ 1,676.15 |
| Other - Confernce Services | $ 201.95 |
| Other - Outside Services | $ 10.00 |
| Outside Photocopy Services | $ 450.59 |
| Travel - Airfare | $ 12,754.62 |
| Travel - Hotel | $ 3,534.69 |
| Travel - Meals | $ 169.64 |
| Travel - Other | $ 65.00 |
| Travel - Taxi / Car Service | $ 227.00 |
| Travel -Telephone-Internet use | $ 15.98 |
| TOTAL | $ 19,105.62 |

MOTOR LIQUIDATION COMPANY, *et al.*
f/k/a General Motors Corp., *et al.*

SUMMARY OF PROFESSIONAL
TIME CHARGES AND FEES
FOR THE PERIOD JUNE 1, 2010 – MARCH 31, 2011
**EXHIBIT H**

Total Hours Expended by Category

| Service Codes | Hours | | Amounts |
|---|---|---|---|
| *Site-level D-Tree Cost Analysis* | 3000.45 | $ | 815,310.25 |
| *Portfolio-level Cost Analysis* | 451.35 | $ | 125,547.00 |
| *Discounted Cash Flow Cost Analysis* | 296.15 | $ | 109,793.75 |
| *Insurance Analysis/Presentations Cost Analysis* | 134.60 | $ | 44,234.00 |
| *Presentations/Communications with Stakeholders Cost Analysis* | 281.70 | $ | 128,251.00 |
| *Steering Committee & Project Management Cost Analysis* | 251.90 | $ | 118,149.50 |
| *Fee Application & Other Job Administration Cost Analysis* | 227.40 | $ | 76,076.50 |
| *TOTALS* | 4643.55 | $ | 1,417,362.00 |

**EXHIBIT I**

**THE CLARO GROUP, LLC**
**Douglas H. Deems**
**777 S. Figueroa Street, Suite 4050**
**Los Angeles, CA 90017**
**(213) 784-0190 (Telephone)**
**(213) 452-6556 (Facsimile)**

*Environmental Management Consultants to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                :

**In re**                                  :          **Chapter 11 Case No.**
                                           :

**MOTORS LIQUIDATION COMPANY**, *et al.,*   :       **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*   :
                                         :

                      **Debtors.**     :       **(Jointly Administered)**
                                         :
----------------------------------------------------------------x

<u>CERTIFICATION OF DOUGLAS H. DEEMS</u>

I, Douglas H. Deems certify as follows:

        1.      I am a Managing Director of The Claro Group, LLC ("Claro"). I submit this certification with respect to the Fifth and Final Application (the "Fee Application") of Claro, environmental management consultants to Motors Liquidation Company (f/k/a General Motors Corporation) ("GM") and its affiliated debtors, as debtors in possession (collectively, the "Debtors") as follows:

        a.    for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period October 1, 2010 through March 31, 2011; and

     b.   for final approval of all compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period June 1, 2009 through March 31, 2011.

    2.   I make this certification in accordance with General Order M-151, Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on April 19, 1995 (the "Local Guidelines").   In connection therewith, I hereby certify that:

     a.   I have read the Fee Application;

     b.   to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought in the Fee Application fall within the Local Guidelines and the UST Guidelines;

     c.   the fees and disbursements sought are charged in accordance with practices customarily employed by Claro and generally accepted by Claro's clients; and

     d.   in providing a reimbursable service and other than in connection with two independent contractors who have charged time on this matter,[1] Claro does not make a profit on that service, whether the service is performed by Claro in-house or through a third party.

    3.   As required by Section B. 2 of the Local Guidelines, I certify that all of Claro's Monthly Statements were sent to (i) the Debtors; (ii) counsel for the Debtors; (iii) counsel to the Creditors' Committee; and (iv) Office of the United States Trustee for the Southern District of New York.

---

[1] In connection with a portion of the services provided during the pendency of this Case, as previously disclosed in the prior Fee Applications and consistent with Claro's standard practices, Claro has charged a mark up on two independent contractors who have charged time on this engagement.

4.      As required by Section B. 3 of the Local Guidelines, I certify that (i) the Debtors;

(ii) counsel for the Debtors; (iii) counsel to the Creditors' Committee; and (iv) Office of the

United States Trustee for the Southern District of New York will each be provided with a copy

of this Fee Application by counsel for the Debtors at least ten (10) days in advance of the hearing

to consider the Fee Application.

5.      I certify the foregoing to be true and correct.

Dated: Los Angeles, California

May 13, 2011

_____
Douglas H. Deems
Managing Director
The Claro Group, LLC