**Hearing Date and Time: June 27, 2011 at 9:45 a.m. (ET)**
**Objection Deadline: June 20, 2011 at 4:00 p.m. (ET)**

JONES DAY
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |
|---|---|
| In re: | : |
|   | : **Chapter 11** |
|   | : |
| **MOTORS LIQUIDATION COMPANY,** *et al.* | : **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.*, | : |
|   | : **(Jointly Administered)** |
|   | : |
| **Debtors.** | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## NOTICE OF HEARING ON FINAL APPLICATION OF JONES DAY, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, SEEKING ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM JUNE 1, 2009 THROUGH JANUARY 31, 2010

### PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      A hearing to consider the Final Application of Jones Day, Special Counsel to the Debtors and Debtors in Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period from June 1, 2009 Through January 31, 2010 (the "**Application**"), filed by the above-captioned special counsel to the debtors and debtors in possession ("**Jones Day**"), shall be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, on **June 27, 2011, at 9:45 a.m. (New York time).**

2.    Objections, if any, to the relief sought in the Application must be made in

writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure

and the Local Rules for the United States Bankruptcy Court for the Southern District of

New York and be filed with the Bankruptcy Court and must be served in accordance with Case

Management Order #1 (Docket No. 157) and the Order Establishing Notice and Case

Management Procedures (Docket No. 3629) (collectively, the "**Case Management Orders**") so

as to be actually received by the parties on the Master Service List (as defined in the Case

Management Orders) not later than **4:00 p.m. (New York time) on June 20, 2011** (the

"**Objection Deadline**").

3.    If no objections are timely filed and served with respect to the

Application, Jones Day may, on or after the Objection Deadline, submit to the Court an order

substantially in the form attached to the Application, which order shall be submitted and may be

entered with no further notice or opportunity to be heard offered to any party.

4.    Copies of the Application, the Case Management Orders and the Master

Service List (as defined in the Case Management Orders) may be obtained from the Court's

website at http://ecf.nysb-mega.uscourts.gov or, free of charge, at

www.motorsliquidationdocket.com.

NYI-4369451v1

Dated:  May 16, 2011
New York, New York

_/s/ Ross S. Barr_

Ross S. Barr
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

SPECIAL COUNSEL TO THE DEBTORS
AND DEBTORS-IN-POSSESSION

NYI-4369451v1

**Hearing Date and Time:  June 27, 2011 at 9:45 a.m. (EDT)**
**Objection Deadline:  June 20, 2011 at 4:00 p.m. (EDT)**

JONES DAY
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| | : |
| **In re:** | : |
| | : **Chapter 11** |
| | : |
| **MOTORS LIQUIDATION COMPANY,** *et al.* | : **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.*, | : |
| | : **(Jointly Administered)** |
| | : |
| **Debtors.** | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## FINAL APPLICATION OF JONES DAY, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, SEEKING ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM JUNE 1, 2009 THROUGH JANUARY 31, 2010

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | Motors Liquidation Company and its affiliated debtors and debtors-in-possession |
| Date of Retention Order: | August 3, 2009 (effective *nunc pro tunc* to the Petition Date, June 1, 2009) |
| Period for Which Compensation and Reimbursement are Sought | June 1, 2009 to January 31, 2010 |
| Amount of Professional Fees Sought as Actual, Reasonable, and Necessary: | $465,693.65 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $5,591.62 |
| Total Amount Sought: | $471,285.27 |

This is an/a: ____ Interim __X__ Final Application.

Aggregate Amounts Paid to Date for the Aggregate
Compensation Period:                                                                 $424,715.91

Prior Interim Fee Applications:

| Date Filed | Period Covered | Amount of Fees Requested | Amount of Expenses Requested | Date of Order | Amount of Fees Awarded | Amount of Expenses Awarded | Balance Due (Requested) |
|---|---|---|---|---|---|---|---|
| 11/16/2009 (Docket No. 4448) | 6/1/2009 – 9/30/2009 | $455,396.65 | $4,359.53 | 5/21/2010 (Docket No. 5834) | $455,396.65 | $4,359.53 | $45,539.66 |
| 3/17/2010 (Docket No. 5285) | 10/1/2009 – 1/31/2010 | $10,297.00 | $1,232.09 | 7/22/2010 (Docket No. 6402) | $10,297.00 | $1,232.09 | $1,029.70 |

COI-1457782v4

**Motors Liquidation Company**
**Jones Day's Final Fee Application**
**June 1, 2009 through January 31, 2010**

| Timekeeper | | Title | Bar Year | Billing Rate* | Aggregate Billed Hours | Aggregate Billed Dollars |
|---|---|---|---|---|---|---|
| Bernard | Amory | Partner | 1984 | 675.00 | 0.30 | 202.50 |
| Noel | Francisco | Partner | 1996 | 540.00 | 1.90 | 1,026.00 |
| Daniel | Hagen | Partner | 1980 | 650.00 | 2.00 | 1,300.00 |
| Jeffrey | Jones | Partner | 1985 | 575.00 | 25.00 | 14,375.00 |
| J Todd | Kennard | Partner | 1997 | 410.00 | 59.30 | 24,313.00 |
| Andrew | Kramer | Partner | 1969 | 832.50 | 1.50 | 1,248.75 |
| Douglas | Mansfield | Partner | 1994 | 425.00 | 2.20 | 935.00 |
| Evan | Miller | Partner | 1981 | 700.00 | 19.10 | 13,370.00 |
| Bevin | Newman | Partner | 1995 | 517.50 | 0.30 | 155.25 |
| Steven | Sacher | Partner | 1967 | 750.00 | 229.00 | 171,750.00 |
| Robert | Walker | Partner | 1982 | 625.00 | 33.90 | 21,187.50 |
| Peter | Wang | Partner | 1992 | 585.00 | 3.40 | 1,989.00 |
| Johannes | Zöttl | Partner | 1998 | 525.00 | 103.10 | 54,127.50 |
| **Partner Totals** | | | | | **481.00** | **$    305,979.50** |
| | | | | | | |
| Philippe | Billot | Of Counsel | 1991 | 675.00 | 2.60 | 1,755.00 |
| Pearson | Bownas | Of Counsel | 1997 | 427.50 | 1.00 | 427.50 |
| Jeffrey | Leavitt | Of Counsel | 1973 | 600.00 | 0.50 | 300.00 |
| Owen | Nee Jr | Of Counsel | 1973 | 650.00 | 1.20 | 780.00 |
| Sara | Pikofsky | Of Counsel | 1997 | 472.50 | 0.50 | 236.25 |
| **Of Counsel Totals** | | | | | **5.80** | **$    3,498.75** |
| | | | | | | |
| David | Beck | Associate | 2000 | 375.00 | 33.60 | 12,600.00 |
| Stephanie | Curiel | Associate | 2001 | 405.00 | 9.00 | 3,645.00 |
| Miguel | Eaton | Associate | 2006 | 306.00 | 3.40 | 1,040.40 |
| Mirjam | Erb | Associate | 2008 | 300.00 | 6.30 | 1,890.00 |
| Wednesday | Forest | Associate | 2005 | 205.00 | 1.20 | 246.00 |
| Junxia | Jernejcic | Associate | 2002 | 300.00 | 18.45 | 5,535.00 |
| Jessica | Kastin | Associate | 2002 | 495.00 | 1.80 | 891.00 |
| Kevin | Noble | Associate | 2003 | 375.00 | 267.20 | 100,200.00 |
| Robbin | Rahman | Associate | 2000 | 360.00 | 0.70 | 252.00 |
| Erin | Shencopp | Associate | 2003 | 360.00 | 1.40 | 504.00 |
| Yizhe | Zhang | Associate | 2005 | 360.00 | 5.00 | 1,800.00 |
| **Associate Totals** | | | | | **348.05** | **$    128,603.40** |
| | | | | | | |
| Lynne | Fischer | Staff Atty | 1996 | 225.00 | 40.70 | 9,157.50 |
| Tanja | Neumann | Staff Atty | 2001 | 270.00 | 64.60 | 17,442.00 |
| **Staff Atty. Totals** | | | | | **105.30** | **$    26,599.50** |
| | | | | | | |
| Benjamin | Laux | Law Clerk | | 202.50 | 5.00 | 1,012.50 |
| **Law Clerk Totals** | | | | | **5.00** | **$    1,012.50** |
| | | | | | | |
| **Grand Totals** | | | | | **945.15** | **$    465,693.65** |

|   | Blended Hourly Rate | $ | 492.72 |
|---|---|---|---|

\* Billing Rates reflect certain agreed-upon discounted rates between Jones Day and the Debtors and not Jones Day's standard billing rates.

Hearing Date and Time: **June 27, 2011 at 9:45 a.m. (EDT)**
Objection Deadline: **June 20, 2011 at 4:00 p.m. (EDT)**

JONES DAY
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
**In re:**                                                        :
                                                                  :   **Chapter 11**
                                                                  :
**MOTORS LIQUIDATION COMPANY**, *et al.*                          :   **09-50026 (REG)**
**f/k/a General Motors Corp.,** *et al.*,                         :
                                                                  :   **(Jointly Administered)**
                                                                  :
**Debtors.**                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL APPLICATION OF JONES DAY, SPECIAL COUNSEL TO
THE DEBTORS AND DEBTORS-IN-POSSESSION, SEEKING ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
FOR THE PERIOD FROM JUNE 1, 2009 THROUGH JANUARY 31, 2010**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE

Jones Day, special counsel to the debtors and debtors in possession in the above-caption chapter 11 cases (collectively, the **"Debtors"**), hereby submits this final application (the **"Application"**) seeking (a) final allowance of compensation for professional services rendered by Jones Day to the Debtors in the amount of $465,693.65 and (b) reimbursement of expenses and disbursements incurred by Jones Day in the rendition of those professional services on behalf of the Debtors in the amount of $5,591.62, in each case for the period from June 1, 2009 through January 31, 2010 (the **"Aggregate Compensation Period"**), pursuant to

sections 330(a) and 331 of the United States Bankruptcy Code (the **"Bankruptcy Code"**),

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the **"UST Guidelines"**),

General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases (the **"Local Guidelines"**) and the Order

Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals, entered in these cases on August 7, 2009 (Docket

No. 3711) (the **"Interim Compensation Order"** and, collectively with the UST Guidelines and

the Local Guidelines, the **"Guidelines"**).  In support of this Application, Jones Day respectfully

represents as follows:

### Background

1.      On June 1, 2009 (the **"Petition Date"**), the Debtors filed a motion

requesting, *inter alia*, an order pursuant to sections 105, 363(b), (f) and (m) and 365 of the

Bankruptcy Code, authorizing and approving:  (a) the sale of substantially all of the Debtors'

assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements

among the Debtors and Vehicle Acquisition Holdings LLC, a purchaser sponsored by the United

States Department of the Treasury, free and clear of liens, claims, encumbrances and other

interests, including any successor liabilities (the **"363 Transaction"**); (b) the assumption and

assignment of executory contracts and unexpired leases of personal property and of

nonresidential real property; and (c) a related settlement with the United Autoworkers, subject to

higher or better offers.

2.      On July 5, 2009, the Court approved the 363 Transaction, and on July 10,

2009, the 363 Transaction closed.

- 2 -

3.     On March 29, 2011 (the **"Confirmation Date"**), the Bankruptcy Court entered an order (Docket No. 9941) confirming the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (as modified, the **"Plan"**).  The Plan became effective in accordance with its terms on March 31, 2011.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.     Pursuant to this Application, Jones Day hereby seeks final allowance of: (a) compensation for professional services rendered during the Aggregate Compensation Period in the aggregate amount of $465,693.65; and (b) reimbursement of expenses and disbursements incurred in connection with such services in the aggregate amount of $5,591.62.  To date, $424,715.91 in fees and expenses have already been paid to Jones Day for the Aggregate Compensation Period, leaving $46,569.36 of the requested compensation and reimbursement of expenses that has not yet been paid.

6.     Prefixed to this Application is the cover sheet required by the UST Guidelines, which includes a schedule setting forth the names of all Jones Day professionals who have performed services for which compensation is sought, each such individual's position in the firm and the year each attorney was first admitted to practice law.  In addition, the schedule sets forth for each person (a) the hourly rate during the Aggregate Compensation Period, (b) the total hours billed for which compensation is sought and (c) the total compensation requested for such hours.

7.      Attached hereto as **Exhibit A** is a summary of hours billed and fees charged by Jones Day for each project category it used in recording time for these chapter 11 cases.  Attached hereto as **Exhibit B** is a summary of different categories of expenses and related expense amounts for which Jones Day is seeking reimbursement.  Attached hereto as **Exhibit C** is the certification of J. Todd Kennard with respect to this Application pursuant to the Local Guidelines.  Attached hereto as **Exhibit D** is a proposed form of order granting this Application. Copies of monthly statements (the **"Monthly Statements"**) prepared by Jones Day for the Aggregate Compensation Period and provided to the Debtors and certain other parties in accordance with the Interim Compensation Order were attached to the prior interim fee applications filed by Jones Day in these chapter 11 cases.

## Jones Day's Retention and Services Provided

### *Jones Day's Retention*

8.      On July 21, 2009, the Debtors filed their Application Under 11 U.S.C. § 327(e) Authorizing Debtors to Employ and Retain Jones Day as Special Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date (Docket No. 3282) (the **"Retention Application"**). On August 3, 2009, the Court entered its Order Pursuant to 11 U.S.C. § 327(e) Authorizing the Employment and Retention of Jones Day as Special Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date (Docket No. 3633) (the **"Retention Order"**).

### *Prior Fee Applications*

9.      On November 16, 2009, Jones Day filed the First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors in Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period June 1, 2009 Through September 30, 2009 (Docket No. 4448) (the **"First Interim Fee Application"**).  By the First Interim Fee Application, Jones Day sought

- 4 -

the interim allowance of $455,396.65 in fees and $4,359.65 in expenses for the period from

June 1, 2009 through September 30, 2009 (the **"First Compensation Period"**).  On May 21,

2010, the Bankruptcy Court entered an order approving Jones Day's requested fees and expenses

for the First Compensation Period (Docket No. 5834).

        10.      On March 17, 2010, Jones Day filed the Second Interim Application of

Jones Day, Special Counsel to the Debtors and Debtors in Possession, Seeking Allowance of

Compensation for Professional Services Rendered and for Reimbursement of Actual and

Necessary Expenses for the Period from October 1, 2009 Through January 31, 2010 (Docket

No. 5285) (the **"Second Interim Fee Application"**).  By the Second Interim Fee Application,

Jones Day sought the interim allowance of $10,297.00 in fees and $1,232.09 in expenses for the

period from October 1, 2009 through January 31, 2010 (the **"Second Compensation Period"**).

On July 22, 2010, the Bankruptcy Court entered an order approving Jones Day's requested fees

and expenses for the Second Compensation Period (Docket No. 6402).

### *Conversion to Ordinary Course Professional*

        11.      After the consummation of the 363 Transaction, the Debtors' need for

Jones Day's services was significantly reduced.  Because of this reduction of services to the

Debtors, as reflected in the compensation sought by Jones Day for the Second Compensation

Period, Jones Day, the Debtors and the Office of the United States Trustee agreed to treat Jones

Day as an ordinary course professional after the Second Compensation Period.  Accordingly,

after the end of the Second Compensation Period, Jones Day was retained and compensated by

the Debtors in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328 and 330

Authorizing Debtors to Employ Professionals Utilized in the Ordinary Course of Businesses

(Docket No 2900) (the **"OCP Order"**).  Pursuant to the OCP Order, Jones Day filed

declarations of disinterestedness and disclosure on March 17, 2010 (Docket No. 5283) and

- 5 -

July 7, 2010 (Docket No. 6299).  The total compensation paid to Jones Day by the Debtors for

the period after the Second Compensation Period through the Confirmation Date was less than

$50,000.  Pursuant to the OCP Order, approval for that amount is not included in this

Application.

***Description of Services Rendered by Jones Day***

12.    During the Aggregate Compensation Period, Jones Day performed various

work for the Debtors that it had been providing to the Debtors prior to the Petition Date,

including dealer, litigation, antitrust, labor and tax work.  The time descriptions for these services

are detailed in the Monthly Statements attached to the prior interim fee applications filed by

Jones Day.

**Expenses Incurred by Jones Day**

13.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual,

necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy

Code.  Jones Day seeks reimbursement for expenses incurred in rendering services to the

Debtors during the Aggregate Compensation Period, in the total amount of $5,591.62.

14.    In accordance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules and the Guidelines, Jones Day maintains the following policies with respect to

expenses for which reimbursement is sought herein:

(a)    No amortization of the cost of any investment, equipment or capital outlay
is included in the expenses.  In addition, for those items or services that
Jones Day purchased or contracted from a third party (such as outside
copy services), Jones Day seeks reimbursement only for the exact amount
billed to Jones Day by the third party vendor and paid by Jones Day to the
third party vendor.

(b)    Photocopying by Jones Day was charged at 7 cents per page for black and
white copies and $1.00 per page for color copies.  To the extent
practicable, Jones Day utilized less expensive outside copying services.

COI-1457782v4

(c)     Telecopying by Jones Day was charged to its clients at the cost of the long distance call required to send the facsimile.  No charge was imposed for incoming facsimiles.

(d)     Computer assisted research was billed on a per-search and/or per-minute basis, depending upon the provider.

## Adjustments to Fees and Expenses

15.     Consistent with its own internal policies and to comply with the "reasonableness" requirements of section 330 of the Bankruptcy Code, Jones Day has reviewed its monthly service descriptions and expense detail and has determined that certain fees and expenses should not be charged to the Debtors.  This Application reflects any adjustments.  The adjustments made by Jones Day can result from, among other things:  (a) the reduction (or elimination) of fees where the time charged for the particular services exceeded the amount of time that, in Jones Day's estimation, it should have taken the lawyer or the paraprofessional to render the services; (b) the deletion of charges for duplicative or nonproductive services; and (c) other adjustments considered appropriate by Jones Day or required by applicable rules.  In total, for the Aggregate Compensation Period, Jones Day has voluntarily written off time charges aggregating $24,925.50 and $181.80 in expenses.

## The Requested Compensation Should Be Allowed

16.     Section 330(a)(1) of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Section 330(a)(3) further provides the following standards for the Court's review of a fee application:

- 7 -

In determining the amount of reasonable compensation to be
awarded . . . the court shall consider the nature, the extent, and the
value of such services, taking into account all relevant factors,
including--

(A)      the time spent on such services;

(B)      the rates charged for such services;

(C)      whether the services were necessary to the administration
of, or beneficial at the time the service was rendered toward the
completion of, a case under this title;

(D)      whether the services were performed within a reasonable
amount of time commensurate with the complexity, importance,
and nature of the problem, issue, or task addressed;

(E)      with respect to a professional person, whether the person is
board certified or otherwise has demonstrated skill and experience
in the bankruptcy field; and

(F)      whether the compensation is reasonable, based on the
customary compensation charged by comparably skilled
practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

    17.    Jones Day respectfully submits that it has satisfied the requirements for

the allowance of compensation and reimbursement of expenses sought herein.  The services

described above were necessary and beneficial to the administration of the Debtors' chapter 11

cases.  Jones Day's services were performed in a timely manner, commensurate with the

complexity of the issues facing the Debtors and the nature and importance of the problems,

issues and tasks.  Furthermore, the compensation sought by Jones Day is reasonable because it is

based on the customary compensation charged by comparably skilled practitioners outside of

bankruptcy.  Accordingly, approval of the compensation sought herein is warranted.

    18.    No agreement or understanding exists between Jones Day and any third

person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy

Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Jones Day. As disclosed in the Retention Application and approved by the Retention Order, certain payments for local counsel to the Debtors are routed through Jones Day and disclosed as "Consultants Fees" on the Monthly Statements. All of the services for which compensation is sought in this Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

## Waiver of Memorandum of Law

19.    This Application does not raise any novel issues of law. Accordingly, Jones Day respectfully requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

## Notice

20.    Notice of this Application and its exhibits will be given to: (a) the Debtors; (b) counsel to the Debtors; (c) counsel to the Official Committee of Unsecured Creditors; (d) the U.S. Trustee; (e) the fee examiner appointed in these cases; and (f) the Master Service List established under the Case Management Order in these cases. Jones Day respectfully submits that no other or further notice is required.

WHEREFORE, Jones Day respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit D**: (a) granting this Application; (b) allowing on a final basis compensation for the Aggregate Compensation Period in the amount of $465,693.65; (c) allowing on a final basis reimbursement of expenses in the amount of $5,591.62 incurred in connection with Jones Day's services during the Aggregate Compensation Period; (d) authorizing and directing the Debtors to pay to Jones Day any and all unpaid,

- 9 -

invoiced amounts for the Aggregate Compensation Period, which currently total $46,569.36; and

(e) granting to Jones Day such other and further relief as the Court may deem proper.

Dated:  May 16, 2011
        New York, New York

                                        _/s/ Ross S. Barr_____
                                        Ross S. Barr
                                        JONES DAY
                                        222 East 41st Street
                                        New York, New York 10017
                                        Telephone: (212) 326-3939
                                        Facsimile: (212) 755-7306

                                        SPECIAL COUNSEL TO THE DEBTORS
                                        AND DEBTORS-IN-POSSESSION

COI-1457782v4

**<u>EXHIBIT A</u>**

**Motors Liquidation Company**
**Jones Day's Final Fee Application**
**June 1, 2009 through January 31, 2010**
**Exhibit A**

| Matter Name | Aggregate Total Hours | Aggregate Total Dollars |
|---|---|---|
| **Litigation Matters** | | |
| Abercrombie Chevrolet, Inc. | 1.40 | 673.00 |
| North Shore, Inc., d/b/a Muller's GMC | 3.30 | 1,683.00 |
| Midway Motor Sales Bankruptcy | 1.40 | 772.00 |
| Rosenthal Chevrolet | 0.80 | 394.00 |
| Patsy Lou Pontiac, Inc. | 0.80 | 427.00 |
| Wilson Bros., Inc. | 0.40 | 120.00 |
| Guyler Buick Pontiac GMC, Inc. | 3.10 | 1,304.00 |
| Vande Hey Brantmeier | 0.70 | 320.00 |
| Major Cadillac, Inc. | 2.10 | 910.50 |
| Huff, Adam S. | 0.70 | 402.50 |
| Michael Field Litigation | 1.60 | 755.00 |
| Harry Brown LLC | 2.40 | 1,017.00 |
| Quinn Chevrolet Buick, Inc. Protest 2 | 3.80 | 1,543.00 |
| Chuck Hutton Chevrolet Co. | 0.50 | 287.50 |
| Mike Van Chevrolet, Inc. | 0.50 | 180.00 |
| Cothern-Varnadore Chevrolet-Olds, Inc. | 0.20 | 72.00 |
| Napleton Motor Corporation | 2.40 | 1,071.00 |
| Huntley Chevrolet Dealership | 0.90 | 377.00 |
| Serra Chevrolet Litigation | 1.60 | 837.50 |
| Valufleet LLC | 0.90 | 325.00 |
| Great Country Motors | 0.80 | 427.00 |
| Crippen Auto Mall, Inc. | 2.30 | 1,042.00 |
| Spitzer Buick-Cadillac, Inc. | 1.30 | 632.00 |
| Blue Grass Automotive, Inc. | 3.60 | 1,212.00 |
| Bay Chevrolet Corporation | 3.20 | 1,587.00 |
| J.T.E. Epps Motors, Inc. | 0.90 | 407.50 |
| Drake Chevrolet Olds Pontiac, Inc. | 0.70 | 210.00 |
| Bob Hook of Shelbyville, LLC | 1.40 | 695.00 |
| The Robke Chevrolet Company | 1.60 | 777.00 |
| Southview Chevrolet Co. | 0.70 | 287.00 |
| Thoroughbred Chevrolet, Inc. | 3.30 | 1,204.50 |
| Dobson Pontiac-GMC, Inc. | 2.10 | 740.00 |
| Lee Motors, LLC | 1.45 | 594.50 |
| Jeff Jones Chevrolet-Pontiac-Buick, Inc. | 1.20 | 470.00 |
| Robert B. Silliman | 6.20 | 2,245.00 |
| Digwamaje v GM Corporation, et al. | 36.80 | 22,641.00 |
| Alley's of Kingsport, Inc. | 1.60 | 804.50 |
| MWT, Inc. dba Montrose Chevrolet | 0.40 | 230.00 |
| Martin Chevrolet, Inc. | 0.20 | 115.00 |
| Spitzer Autoworld Canton, LLC | 0.20 | 115.00 |
| **Litigation Matter Totals** | **99.45** | **49,907.00** |
| | | |
| **Antitrust Advice** | | |
| Triple Play Analysis | 3.00 | 931.50 |
| Global Steering Business/Delphi | 120.70 | 50,488.50 |
| 2009 Transaction (GM C/M No. 669475) | 8.80 | 4,071.75 |
| Project Beam | 51.00 | 21,169.50 |
| Bank Holding Company | 11.60 | 5,535.00 |
| China Antitrust Counseling | 4.50 | 1,957.50 |
| R & D Center Project in China and China IP Advice | 1.20 | 780.00 |
| **Antitrust Matter Totals** | **200.80** | **84,933.75** |
| | | |
| **Labor and ERISA A115Matters** | | |
| General Labor Advice | 3.30 | 2,139.75 |
| 401(k) Plan Stable Value Fund Issues | 148.90 | 84,021.25 |
| Hourly Pension Plan Stock Contribution | 58.20 | 21,825.00 |
| VEBA Litigation/Settlement Agreement | 2.00 | 1,500.00 |
| Plan B | 312.60 | 180,850.40 |

**Motors Liquidation Company**
**Jones Day's Final Fee Application**
**June 1, 2009 through January 31, 2010**
**Exhibit A**

| Matter Name | Aggregate Total Hours | Aggregate Total Dollars |
|---|---|---|
| **Labor and ERISA Matter Totals** | 525.00 | 290,336.40 |
| | | |
| **Retention Matters** | | |
| Retention Issues | 119.90 | 40,651.50 |
| | | |
| Post-billing Adjustment to July Invoice | | (135.00) |
| **Final Matter Totals** | **945.15** | **465,693.65** |

**<u>EXHIBIT B</u>**

COI-1457782v4

**Motors Liquidation Company**
**Jones Day's Final Fee Application**
**June 1, 2009 through January 31, 2010**
**Exhibit B**

| Category | | Aggregate Expense Totals |
|---|---|---|
| Computerized Research Services | $ | 18.32 |
| Consultants and Agents Fees | $ | 3,786.72 |
| Courier Services | $ | 114.47 |
| Document Reproduction Charges | $ | 1,359.12 |
| Copying | $ | 0.07 |
| Telephone | $ | 5.36 |
| Delivery Services/Messengers | $ | 34.24 |
| Long Distance | $ | 19.46 |
| United Parcel Service Charges | $ | 253.86 |
| | | |
| **Aggregate Expense Total** | $ | 5,591.62 |

COI: 1458059v1

**EXHIBIT C**

JONES DAY
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
**In re:**                                                        :
                                                                  :    **Chapter 11**
                                                                  :
**MOTORS LIQUIDATION COMPANY**, *et al.*                          :    **09-50026 (REG)**
**f/k/a General Motors Corp.,** *et al.***,**                     :
                                                                  :    **(Jointly Administered)**
                                                                  :
**Debtors.**                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>**CERTIFICATION OF J. TODD KENNARD**</u>

        I, J. Todd Kennard, hereby certify that:

        1.      I am a partner in the law firm of Jones Day.

        2.      I have reviewed the Final Application of Jones Day, Special Counsel to

the Debtors and Debtors-In-Possession, Seeking Allowance of Compensation for Professional

Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period

from June 1, 2009 Through January 31, 2010 (the **"Application"**).  Capitalized terms not

otherwise defined herein have the meanings ascribed to them in the Application.

        3.      I make this certification in accordance with General Order M-389,

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases (the **"Local Guidelines"**).

        4.      In connection therewith, I hereby certify that:

(a)     I have read the Application;

(b)     To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines (as modified by the Interim Compensation Order) and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the **"U.S. Trustee Guidelines"**);

(c)     To the best of my knowledge, information and belief formed after reasonable inquiry, except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates customarily employed by Jones Day, subject to certain discounts agreed to with the Debtors, and generally accepted by Jones Day's clients;

(d)     Based on inquiries, in incurring a reimbursable expense, Jones Day does not make a profit on that incurred expense when the underlying service is provided by a third party and, when the underlying service is provided by Jones Day, the charge is designed to approximates the costs incurred by Jones Day;

(e)     Jones Day has provided each of its monthly fee and expense invoices for the Aggregate Compensation Period to the parties required to receive copies in the manner required under the Interim Compensation Order in these cases; and

(f)     The Debtors, the United States Trustee and counsel to the Official Committee of Unsecured Creditors will each be provided with a copy of the Application simultaneously with the filing thereof through the court's electronic filing system, and will have at least fourteen days to review such Application prior to any objection deadline with respect thereto.

Dated: May 16, 2011
    Columbus, Ohio

    _/s/ J. Todd Kennard_____
    J. Todd Kennard

COI-1457782v4

**<u>EXHIBIT D</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :
                                                    :    **Chapter 11**
                                                    :
**MOTORS LIQUIDATION COMPANY**, *et al.*            :    **09-50026 (REG)**
**f/k/a General Motors Corp.**, *et al.*,           :
                                                    :    **(Jointly Administered)**
                                                    :
**Debtors.**                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER APPROVING FINAL APPLICATION OF
## JONES DAY, SPECIAL COUNSEL TO THE DEBTORS AND
## DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF
## COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
## FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
## FOR THE PERIOD FROM JUNE 1, 2009 THROUGH JANUARY 31, 2010

Upon the final application (the **"Application"**)[1] of Jones Day as special counsel for the

debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively,

the **"Debtors"**) for allowance and payment of compensation and reimbursement of actual and

necessary expenses incurred for the period from June 1, 2009 through January 31, 2010; and

upon the certification by J. Todd Kennard (the **"Kennard Certification"**) regarding the

Application; the Court having reviewed the Application and the Kennard Certification, and

having considered the statements of counsel and the evidence adduced with respect to the

Application at a hearing before the Court (the **"Hearing"**); and the Court having found that

(i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is

proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to

28 U.S.C. § 157(b), (iv) notice of the Application and the Hearing was sufficient under the

---

[1]      Unless otherwise defined herein, all capitalized terms used herein shall have the meanings given to them in
the Application.

circumstances and (v) in light of the circumstances, the requirement of Local Bankruptcy

Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is deemed

satisfied or otherwise waived; and the Court having determined that the legal and factual bases

set forth in the Application and the Kennard Certification and at the Hearing establish just cause

for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Application is granted.

2.      Jones Day is awarded on a final basis compensation for professional

services rendered during the Aggregate Compensation Period in the amount of $465,693.65 and

reimbursement of actual and necessary expenses in the amount of $5,591.62.

3.      The Debtors are authorized and directed to pay to Jones Day the fees and

expenses approved hereby that have not previously been paid.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

COI-1457782v4