**Hearing Date: To Be Determined**
**Objection Deadline: To Be Determined**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------------x

### FIFTH AND FINAL FEE APPLICATION OF JENNER & BLOCK LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Motors Liquidation Company, *et al.* |
| Date of Retention (Jenner & Block): | June 26, 2009, *nunc pro tunc* June 1, 2009 |

### Fifth Interim Fee Application

| | |
|---|---|
| Period for which Compensation and Reimbursement is Sought: | October 1, 2010 – March 29, 2011 |
| Fees Requested for Fifth Interim Compensation Period: | $12,064.10 |
| Expenses Requested for Fifth Interim Compensation Period: | $131.85 |

### Final Fee Application

| | |
|---|---|
| Period for which Compensation and Reimbursement is Sought: | June 1, 2009 – March 29, 2011 |
| Fees Requested for Entire Compensation Period: | $4,952,968.55[i] |
| Expenses Requested for Entire Compensation Period: | $271,139.73[ii] |
| Fees Previously Requested: | $5,049,127.75 |
| Fees Previously Awarded: | $4,970,364.45 |
| Expenses Previously Requested: | $279,760.37 |
| Expenses Previously Awarded | $271,007.88 |
| This is a: | Final Application |

---

[i] This amount is the sum of (a) the fees previously awarded to Jenner & Block in connection with its prior interim fee applications ($4,970,364.45), and (b) the fees requested for the Fifth Interim Compensation Period ($12,064.10), less (c) summer associate time from the First Interim Application ($29,460.00). Jenner & Block does not seek final allowance of amounts with respect to which Jenner & Block reached an agreement with the Fee Examiner and agreed to reduce the firm's previously requested fees.

[ii] This amount is the sum of (a) the expenses previously awarded to Jenner & Block in connection with its prior interim fee applications ($271,007.88), and (b) the expenses requested for the Fifth Interim Compensation Period ($131.85). Jenner & Block does not seek final allowance of amounts with respect to which Jenner & Block reached an agreement with the Fee Examiner and agreed to reduce the firm's previously requested expenses.

Summary of Fees and Expenses Requested and Approved by Application Period

| Application | Date Filed | Period Covered | Fees Requested | Fees Approved by Court | Fees Held Back (10%) | Expenses Requested | Expenses Approved by Court |
|---|---|---|---|---|---|---|---|
| First Interim Application [Dkt. 4451] | 11/16/2009 | 6/1/2009 – 9/30/2009 | $4,950,322.95 | $4,899,768.05 | $489,976.81 | $270,439.26 | $262,381.06 |
| Second Interim Application [Dkt. 5263] | 3/15/2010 | 10/1/2009 – 1/31/2010 | $45,662.50 | $40,043.50 | $4,004.35 | $6,208.97 | $5,514.68 |
| Third Interim Application [Dkt. 6524] | 8/4/2010 | 2/1/2010 – 5/31/2010 | $38,943.30 | $24,493.30 | $2,449.33 | $2,390.68 | $2,390.68 |
| Fourth Interim Application [Dkt. 7751, 7758] | 11/15/2010 | 6/1/2010 – 9/30/2010 | $14,239.00 | $6,059.60 | $605.96 | $721.46 | $721.46 |
| Fifth Interim Application | 5/16/2011 | 10/1/2010 – 3/29/2011 | $12,064.10 | To Be Determined | To Be Determined | $131.85 | To Be Determined |
| **TOTAL** | | | $5,061,231.85 | $4,970,364.45 | $497,036.45 | $279,892.22 | $271,007.88 |

## Summary of Fees Requested by this Final Application

| Category | Amount |
|---|---|
| Total Fees Requested in Interim Fee Applications | $5,061,231.85 |
| • Less Prior Interim Fee Reductions | ($78,803.30) |
| • Less Reductions for Summer Associate Time Billed in First Interim Compensation Period | ($29,460.00) |
| **Total Fees Requested in Final Application** | **$4,952,968.55** |

## Summary of Retainer Status

| Category | Amount | | |
|---|---|---|---|
| Total Post-Petition Retainer Amount (as of May 13, 2011) | $1,661,181.45 | | |
| Final Fees to be Drawn from Retainer | $464,388.75 | | |
| • Holdback | | $497,036.45 | |
| • Plus 20% of Fifth Interim Fees | | $2,412.82 | |
| • Less Overpayment for Fourth Interim Period | | ($5,600.52) | |
| ○ Fees Approved | | | $6,059.60 |
| ○ Less 10% Holdback | | | ($605.96) |
| ○ Less 80% payment of July, August, and September Invoices | | | ($11,054.16) |
| • Less Reductions for Summer Associate Time Billed in First Interim Compensation Period | | ($ 29,460.00) | |
| **Amount to be Returned (plus interest post-May 13, 2011)** | **$1,196,792.70** | | |

Summary of Time Recorded in Connection With Rendering of Services to the
Debtors for the Fifth Interim Compensation Period: October 1, 2010 – March 29, 2011

### ATTORNEYS

| Position | Name | Admitted to Practice | Rate | Time | Amount |
|---|---|---|---|---|---|
| Partner | Heather D. McArn | 1992 | 525 | 7.7 | 4,042.50 |
| Partner | Daniel R. Murray | 1970 | 767 | 5.6 | 4,295.20 |
| Partner | Joanne H. Sweeney | 1999 | 425 | 0.8 | 340.00 |
| Partner | Patrick J. Trostle | 1992 | 700 | 0.6 | 420.00 |
| **Partner Total** | | | | **14.7** | **9,097.70** |
| Associate | Ryan K. Harding | 2001 | 383 | 0.4 | 153.20 |
| Associate | Gregory S. Knudsen | 2008 | 274 | 3.3 | 904.20 |
| Associate | Thalia M. Myrianthopoulos | 2001 | 438 | 0.5 | 219.00 |
| **Associate Total** | | | | **4.2** | **1,276.40** |
| **Total Attorney Time** | | | | **18.9** | **10,374.10** |

Blended hourly rate for attorneys:  $548.89

### PARALEGALS AND PROJECT ASSISTANTS

| Position | Name | Rate | Time | Amount |
|---|---|---|---|---|
| Senior Paralegal | Michael H. Matlock | 260 | 6.5 | 1,690.00 |
| **Total Paraprofessional Time** | | | **6.5** | **1,690.00** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals):  $12,064.10

Summary of Time Recorded in Connection With Rendering of Services to the
Debtors for the Entire Compensation Period: June 1, 2009 – March 29, 2011

Over the course of the Entire Compensation Period, Jenner & Block's billing rates for professional and paraprofessional services remained unchanged.

The following tables contain data for the total amount of fees requested during the Entire Compensation Period.  The tables do not reflect (i) reductions to which Jenner & Block previously reached an agreement with the Fee Examiner, or (ii) reductions of summer associate time billed in the First Interim Compensation Period.  Jenner & Block does not seek allowance of those reductions in this Final Application.

## ATTORNEYS

| Position | Name | Admitted to Practice | Rate | Time | Amount |
|---|---|---|---|---|---|
| Partner | Catherine Abbott | 2003 | 450 | 139.3 | 62,685.00 |
| Partner | Donald E. Batterson | 1994 | 575 | 143.0 | 82,225.00 |
| Partner | Brain R. Boch | 1995 | 548 | 274.1 | 150,206.80 |
| Partner | John F. Cox | 1995 | 500 | 144.3 | 72,150.00 |
| Partner | Geoffrey M. Davis | 1992 | 520 | 140.2 | 72,904.00 |
| Partner | W. Jay DeVecchio | 1978 | 602 | 0.8 | 481.60 |
| Partner | Christopher Dickinson | 1988 | 600 | 1.0 | 600.00 |
| Partner | Larry P. Ellsworth | 1973 | 560 | 5.8 | 3,248.00 |
| Partner | Bill S. Forcade | 1976 | 493 | 18.7 | 9,219.10 |
| Partner | Peter M. Gaines | 1975 | 675 | 30.8 | 20,790.00 |
| Partner | Robert L. Graham | 1972 | 675 | 180.7 | 121,972.50 |
| Partner | E. Lynn Grayson | 1986 | 580 | 168.9 | 97,962.00 |
| Partner | David M. Greenwald | 1986 | 540 | 4.9 | 2,646.00 |
| Partner | Joseph P. Gromacki | 1992 | 712 | 596.1 | 424,423.20 |
| Partner | David A. Handzo | 1981 | 625 | 14.5 | 9,062.50 |
| Partner | Philip L. Harris | 1983 | 438 | 77.5 | 33,945.00 |
| Partner | Keri Holleb Hotaling | 2000 | 465 | 1.6 | 744.00 |
| Partner | Donald S. Horvath | 1984 | 500 | 227.1 | 113,550.00 |
| Partner | Edward Jackson | 1988 | 493 | 4.5 | 2,218.50 |
| Partner | Paul F. Jock | 1970 | 763 | 1.0 | 763.00 |
| Partner | Christian E. Kimball | 1983 | 723 | 30.0 | 21,690.00 |
| Partner | Vincent E. Lazar | 1990 | 550 | 0.5 | 275.00 |
| Partner | S. Tony Ling | 1996 | 548 | 157.3 | 86,200.40 |
| Partner | Michael K. Lowman | 1993 | 520 | 0.8 | 416.00 |
| Partner | John H. Mathias, Jr | 1972 | 700 | 0.8 | 560.00 |
| Partner | Heather D. McArn | 1992 | 525 | 36.0 | 18,900.00 |

| Position | Name | Admitted to Practice | Rate | Time | Amount |
|---|---|---|---|---|---|
| Partner | Steven R. Meier | 1998 | 520 | 3.1 | 1,612.00 |
| Partner | Thomas A. Monson | 1985 | 550 | 31.5 | 17,325.00 |
| Partner | Gail H. Morse | 1982 | 550 | 1.2 | 660.00 |
| Partner | Daniel R. Murray | 1970 | 767 | 303.0 | 232,401.00 |
| Partner | Thomas C. Newkirk | 1966 | 728 | 16.5 | 12,012.00 |
| Partner | Farhad K. Patel | 1997 | 520 | 27.0 | 14,040.00 |
| Partner | Adam Petravicius | 1995 | 520 | 53.3 | 27,716.00 |
| Partner | Edward G. Quinlisk | 2000 | 465 | 379.2 | 176,328.00 |
| Partner | Matthew J. Renaud | 1992 | 575 | 143.7 | 82,627.50 |
| Partner | Donald I. Resnick | 1975 | 675 | 222.5 | 150,187.50 |
| Partner | William L. Scogland | 1975 | 767 | 21.6 | 16,567.20 |
| Partner | Raymond D. Sinnapan | 1997 | 465 | 23.6 | 10,974.00 |
| Partner | Robert R. Stauffer | 1986 | 575 | 42.8 | 24,610.00 |
| Partner | Joanne H. Sweeney | 1999 | 425 | 31.3 | 13,302.50 |
| Partner | Michael S. Terrien | 1992 | 575 | 228.6 | 131,445.00 |
| Partner | William L. Tolbert | 1989 | 712 | 436.1 | 310,503.20 |
| Partner | Patrick J. Trostle | 1992 | 700 | 58.1 | 40,670.00 |
| Partner | Anton R. Valukas | 1968 | 813 | 13.0 | 10,569.00 |
| Partner | Michael T. Wolf | 1998 | 520 | 291.2 | 151,424.00 |
| Partner | Elaine Wolff | 1979 | 625 | 168.7 | 105,437.50 |
| **Partner Total** | | | | **4,896.2** | **$2,940,249.00** |
| Associate | David K. Anna | 2007 | 274 | 447.1 | 122,505.40 |
| Associate | Kristen M. Boike | 2006 | 274 | 35.8 | 9,809.20 |
| Associate | Patricia L. Boye-Williams | 2003 | 383 | 128.8 | 49,330.40 |
| Associate | Herbert C. Brown, Jr. | 2008 | 274 | 20.3 | 5,562.20 |
| Associate | Christine L. Childers | 2002 | 411 | 38.4 | 15,782.40 |
| Associate | Robert H. Clarke | 2003 | 383 | 46.1 | 17,656.30 |
| Associate | Jonathan D. Conley | 2008 | 274 | 15.9 | 4,356.60 |
| Associate | Erik R. Daly | 2007 | 274 | 100.2 | 27,454.80 |
| Associate | Michael L. DeMarino | 2009 | 274 | 257.0 | 70,418.00 |
| Associate | Jennifer L. Dlugosz | 2006 | 274 | 16.8 | 4,603.20 |
| Associate | Brandon J. Dodgen | 2008 | 274 | 138.0 | 37,812.00 |
| Associate | Alexandra E. Dowling | 2006 | 274 | 23.9 | 6,548.60 |
| Associate | Elizabeth A. Edmondson | 2009 | 274 | 5.5 | 1,507.00 |
| Associate | Frank J. Eichenlaub, IV | 2002 | 411 | 344.3 | 141,507.30 |
| Associate | Thomas R. Failor | 2002 | 411 | 53.1 | 21,824.10 |

| Position | Name | Admitted to Practice | Rate | Time | Amount |
|---|---|---|---|---|---|
| Associate | Melissa C. Fogerty | 2005 | 285 | 38.7 | 11,029.50 |
| Associate | Ilya Fradkin | 2006 | 274 | 66.0 | 18,084.00 |
| Associate | Casey T. Grabenstein | 2006 | 274 | 19.3 | 5,288.20 |
| Associate | L. Taylor Hall | 2007 | 274 | 105.4 | 28,879.60 |
| Associate | Ryan K. Harding | 2001 | 383 | 20.4 | 7,813.20 |
| Associate | Marc E. Harrison | 2006 | 274 | 132.5 | 36,305.00 |
| Associate | Matthew Hersh | 1999 | 438 | 38.6 | 16,906.80 |
| Associate | Derek A. Higginbotham | 2008 | 274 | 252.0 | 69,048.00 |
| Associate | Carletta F. Higginson | 2004 | 383 | 1.2 | 459.60 |
| Associate | Mercedes M. Hill | 2005 | 285 | 302.3 | 86,155.50 |
| Associate | Melissa M. Hinds | 2003 | 383 | 18.4 | 7,047.20 |
| Associate | Nancy C. Jacobson | 2007 | 274 | 0.8 | 219.20 |
| Associate | Erik M. Jarmusz | 2008 | 274 | 204.5 | 56,033.00 |
| Associate | Michael J. Kelly | 2006 | 274 | 3.0 | 822.00 |
| Associate | Joseph D. Kline | 2008 | 274 | 55.1 | 15,097.40 |
| Associate | Gregory S. Knudsen | 2008 | 274 | 481.4 | 131,903.60 |
| Associate | Matthew R. Kopp | 2008 | 274 | 174 | 47,676.00 |
| Associate | Jeffrey D. Larson | 2006 | 274 | 21.8 | 5,973.20 |
| Associate | Anna W. Margasinska | 2008 | 274 | 13.7 | 3,753.80 |
| Associate | Kara E. Martin | 2008 | 274 | 18.5 | 5,069.00 |
| Associate | Galen R. Mason | 2002 | 411 | 2.7 | 1,109.70 |
| Associate | Sarah R. McNally | 2008 | 274 | 61.7 | 16,905.80 |
| Associate | Andrew F. Merrick | 2006 | 274 | 3.5 | 959.00 |
| Associate | Brian L. Mikulencak | 2007 | 274 | 4.1 | 1,123.40 |
| Associate | Deanne B. Millison | 2008 | 274 | 125.8 | 34,469.20 |
| Associate | Thalia L. Myrianthopolis | 2001 | 438 | 25.0 | 10,950.00 |
| Associate | Andrew S. Nicoll | 2004 | 339 | 8.5 | 2,881.50 |
| Associate | Andrew J. Olejnik | 2004 | 339 | 40.9 | 13,865.10 |
| Associate | Andrea C. Otto-Classon | 2008 | 274 | 175.8 | 48,169.20 |
| Associate | Vito M. Pacione | 2003 | 383 | 282.0 | 108,006.00 |
| Associate | Melissa A. Resslar | 2003 | 383 | 364.3 | 139,526.90 |
| Associate | Peter H. Rosenbaum | 2005 | 285 | 284.2 | 80,997.00 |
| Associate | Trevor F. Schrage | 2008 | 274 | 60.9 | 16,686.60 |
| Associate | Jeffrey R. Shuman | 2003 | 383 | 243.3 | 93,183.90 |
| Associate | Valery K. Slosman | 2008 | 274 | 173.3 | 47,484.20 |
| Associate | Michael R. Strong | 2007 | 274 | 27.1 | 7,425.40 |
| Associate | Daniel B. Tehrani | 2006 | 285 | 3.4 | 969.00 |

| Position | Name | Admitted to Practice | Rate | Time | Amount |
|---|---|---|---|---|---|
| Associate | Allison A. Torrence | 2006 | 274 | 97.8 | 26,797.20 |
| Associate | Richard M. Wallace | 2008 | 274 | 238.1 | 65,239.40 |
| Associate | Julie A. Wenell | 2008 | 274 | 103.1 | 28,249.40 |
| Associate | Benjamin P. Wieck | 2006 | 274 | 16.9 | 4,630.60 |
| **Associate Total** | | | | **5,981.2** | **1,839,869.80** |
| **Total Attorney Time** | | | | **10,877.4** | **4,780,118.80** |
| **Less 50% Reduction for Non-Working Travel Time** | | | | | **(56,670.45)** |
| **TOTAL** | | | | | **4,723,448.35** |

Blended hourly rate for attorneys: $434.24

## PARALEGALS AND PROJECT ASSISTANTS

| Position | Name | Rate | Time | Amount |
|---|---|---|---|---|
| Senior Paralegal | Debra E. Abelson | 260 | 3.8 | 988.00 |
| Senior Paralegal | Neil H. Berger | 260 | 341.6 | 88,816.00 |
| Senior Paralegal | Kevin M. Doolan | 260 | 22.8 | 5,928.00 |
| Senior Paralegal | Toi D. Hooker | 260 | 0.3 | 78.00 |
| Senior Paralegal | Michael H. Matlock | 260 | 92.2 | 23,972.00 |
| Senior Paralegal | Michael L. Whitchurch | 260 | 112.4 | 29,224.00 |
| Senior Paralegal | Lowell T. Yap | 260 | 0.9 | 234.00 |
| Paralegal | Daniel R. Gross | 245 | 107.8 | 26,411.00 |
| Paralegal | Micah B. Horan | 260 | 53.2 | 13,832.00 |
| Paralegal | Mary F. Patston | 260 | 2.0 | 520.00 |
| Paralegal | Eileen J. Robertson | 220 | 22.8 | 5,016.00 |
| Paralegal | Mark R. Scholl | 260 | 0.6 | 156.00 |
| Paralegal | Julie H. Shaw | 245 | 18.1 | 4,434.50 |
| Paralegal | Cassandra D. Smith | 260 | 2.0 | 520.00 |
| Reference Librarian | Tricia J. Peavler | 260 | 0.3 | 78.00 |
| Research Librarian | Paul S. Ramonas | 260 | 0.5 | 130.00 |
| Research Librarian | Mary E. Ruddy | 260 | 0.8 | 208.00 |

| Position | Name | Rate | Time | Amount |
|----------|------|------|------|--------|
| Summer Associate[iii] | Ian N. Bushner | 150 | 6.1 | 915.00 |
| Summer Associate | Jeremy A. Casper | 150 | 57.1 | 8,565.00 |
| Summer Associate | Levicy Crawford | 150 | 21.0 | 3,150.00 |
| Summer Associate | Roxana A. Davis | 150 | 18.3 | 2,745.00 |
| Summer Associate | Adam M. Huffine | 150 | 54.0 | 8,100.00 |
| Summer Associate | Charles F. Kinzer | 150 | 14.1 | 2,115.00 |
| Summer Associate | Lauren H. Sylvester | 150 | 25.8 | 3,870.00 |
| Project Assistant | Carolyn T. Baynes | 145 | 30.2 | 4,379.00 |
| Project Assistant | Catherine L. Chu | 150 | 36.0 | 5,400.00 |
| Project Assistant | Cynthia K. Clark | 160 | 11.0 | 1,760.00 |
| Project Assistant | Daniel O. Garcia | 150 | 332.9 | 49,935.00 |
| Project Assistant | Robert T. Gianneschi | 160 | 82.7 | 13,232.00 |
| Project Assistant | Jonathan Hollis | 150 | 9.5 | 1,425.00 |
| Project Assistant | Marc A. Patterson | 160 | 1.7 | 272.00 |
| Project Assistant | Lauren R. Prather | 150 | 2.3 | 345.00 |
| Project Assistant | Zachary L. Sorman | 150 | 134.7 | 20,205.00 |
| Project Assistant | Jonathan W. Striegel | 125 | 69.2 | 8,650.00 |
| Project Assistant | Adrienne P. Thacher | 150 | 14.5 | 2,175.00 |
| **Total Paraprofessional Time** | | | **1,703.2** | **337,783.50** |

## SUMMARY

| Description | Amount |
|-------------|--------|
| **Total Amount for Services Rendered (Attorneys and Paraprofessionals)** | **$5,117,902.30** |
| **Less 50% Non-Working Travel Time** | **($56,670.45)** |
| **Total Amount of Fees Requested for Services Rendered (June 1, 2009 - March 29, 2011)** | **$5,061,231.85** |

---

[iii] In the First Interim Application, Jenner & Block included fees arising from time expended by summer associates. Consistent with the Court's interim fee rulings in this case, and as noted above, Jenner & Block is not requesting final allowance of these fees and has reduced the fees it is requesting for the Entire Compensation Period accordingly.

Hearing Date: To Be Determined
Objection Deadline: To Be Determined

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
|  | : |  |
| In re | : | Chapter 11 Case No. |
|  | : |  |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------------x

## FIFTH AND FINAL FEE APPLICATION OF
## JENNER & BLOCK LLP FOR ALLOWANCE OF COMPENSATION
## FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

**TO THE HONORABLE ROBERT E GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

Jenner & Block LLP ("**Jenner & Block**"), special counsel to Motors Liquidation

Company and its affiliate debtors (collectively, the "**Debtors**")[1] hereby submits its fifth interim

and final application (collectively, the "**Final Application**"), pursuant to sections 330(a) and 331

---

[1] The Debtors are: Motors Liquidation Company (Case No. 09-50026), Chevrolet-Saturn of Harlem, Inc. (Case No. 09-13558), Saturn, LLC (Case No. 09-50027), and Saturn Distribution Corporation (Case No. 09-50028).

of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking an order allowing

compensation for professional services rendered and reimbursement of actual and necessary

expenses incurred for the period from June 1, 2009 through March 29, 2011 (the "**Entire**

**Compensation Period**").  By this Final Application, Jenner & Block seeks: (i) allowance of

compensation to Jenner & Block for professional services rendered during the period of

October 1, 2010 through March 29, 2011 (the "**Fifth Interim Compensation Period**") in the

amount of $12,064.10 and reimbursement of actual, reasonable and necessary expenses incurred

during the Fifth Interim Compensation Period in connection with the rendition of such services

in the amount of $131.85; (ii) allowance of final compensation to Jenner & Block for

professional services rendered during the Entire Compensation Period, inclusive of the amounts

sought in the Fifth Interim Compensation Period, in the amount of $4,952,968.55 and

reimbursement of actual, reasonable and necessary expenses incurred during the Entire

Compensation Period in the amount of $271,139.73; and (iii) authority to draw against the post-

petition retainer held by Jenner & Block to pay any and all unpaid amounts approved by the

Court for compensation for professional services rendered by Jenner & Block during the Entire

Compensation Period.

To aid this Court in analyzing the Final Application, Jenner & Block has divided it into

four parts.  Part I provides a brief background of the Debtors' cases and Jenner & Block's prior

interim fee applications.  Part II provides an overview of the Final Application.  Part III provides

a description of the professional services performed by Jenner & Block during the Entire

Compensation Period, by category, as well as how Jenner & Block calculated this compensation

request.  Finally, Part IV explains why this compensation request should be allowed.

2

### Part I:  Background and Prior Interim Fee Applications

1.    Commencing on June 1, 2009 (the "**Commencement Date**"), the Debtors filed with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.    On June 12, 2009, the Debtors filed an Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jenner & Block LLP as Attorneys for the Debtors, *Nunc Pro Tunc* to the Commencement Date (the "**Retention Application**") [Docket No. 950].  Pursuant to an order dated June 26, 2009, the Debtors were authorized to retain Jenner & Block as their attorneys to render legal services in the Debtors' chapter 11 cases [Docket No. 2608].  In particular, Jenner & Block was authorized to advise the Debtors on: (i) transactional and bankruptcy issues related to the MPA (as defined in Part III below) and the 363 Transaction (as defined in Part III below), including the implementation thereof; (ii) corporate and securities matters; (iii) certain litigation matters, including issues arising from the MPA and the 363 Transaction, product liability suits, equipment financing disputes, securities investigations and litigation, contract and lease assumptions and rejections, and such litigation disputes arising from any of the foregoing; and (iv) general bankruptcy matters for which Weil, Gotshal & Manges LLP could not represent the Debtors because of a conflict.

3.      On June 3, 2009, the United States Trustee for the Southern District of New York

(the "**U.S. Trustee**") filed the Appointment of Committee of Unsecured Creditors (the

"**Creditors' Committee**") [Docket No. 356].

4.      On December 23, 2009, the Court appointed Brady C. Williamson as the Fee

Examiner (the "**Fee Examiner**"), pursuant to the Stipulation and Order with Respect to

Appointment of a Fee Examiner [Docket No. 4708].

5.      On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan (the "**Plan**") and

Disclosure Statement [Docket No. 6829] and subsequently amended the Plan and Disclosure

Statement on December 7, 2010 [Docket No. 8015].  On December 8, 2010, the Court entered

an order confirming the Disclosure Statement [Docket No. 8043].  On March 29, 2011, the

Court entered an order confirming the Plan [Docket No. 10151].  On March 31, 2011, the Plan

became effective (the "**Effective Date**").

6.      On November 16, 2009, Jenner & Block filed its first interim fee application (the

"**First Interim Application**"), as special counsel for the Debtors, for interim allowance of

compensation for actual and necessary professional services rendered and for reimbursement of

actual, reasonable and necessary expenses incurred from June 1, 2009 through and including

September 30, 2009 (the "**First Interim Compensation Period**").  In the First Interim

Application, Jenner & Block sought the allowance of $4,950,322.95 in fees and $270,439.26 in

expenses relating to the First Interim Compensation Period.

7.      On May 21, 2010, the Court entered an order approving the First Interim

Application (the "**First Interim Order**") [Docket No. 5834], whereby the Court allowed

Jenner & Block $4,899,768.05 in fees and $262,381.06 in expenses, but ordered that payment

4

of 10 percent (or $489,976.81) of the fees awarded would be held back until further order of the Court.

8.    On March 15, 2010, Jenner & Block filed its second interim fee application (the "**Second Interim Application**"), as special counsel for the Debtors, for interim allowance of compensation for actual and necessary professional services rendered and for reimbursement of actual, reasonable and necessary expenses incurred from October 1, 2009 through and including January 31, 2010 (the "**Second Interim Compensation Period**").  In the Second Interim Application, Jenner & Block sought the allowance of $45,662.50 in fees and $6,208.97 in expenses relating to the Second Interim Compensation Period.

9.    On July 22, 2010, the Court entered an order approving the Second Interim Application (the "**Second Interim Order**") [Docket No. 6402], whereby the Court allowed Jenner & Block $40,043.50 in fees and $5,514.68 in expenses, but ordered that payment of 10 percent (or $4,004.35) of the fees awarded would be held back until further order of the Court.

10.    On August 4, 2010, Jenner & Block filed its third interim fee application (the "**Third Interim Application**"), as special counsel for the Debtors, for interim allowance of compensation for actual and necessary professional services rendered and for reimbursement of actual, reasonable and necessary expenses incurred from February 1, 2010 through and including May 31, 2010 (the "**Third Interim Compensation Period**").  In the Third Interim Application, Jenner & Block sought the allowance of $38,943.30 in fees and $2,390.68 in expenses relating to the Third Interim Compensation Period.

11.    On November 23, 2010, the Court entered an order approving the Third Interim Application (the "**Third Interim Order**") [Docket No. 7910], whereby the Court allowed

Jenner & Block $24,493.30 in fees and $2,390.68 in expenses, but ordered that payment of

10 percent (or $2,449.33) of the fees awarded would be held back until further order of the

Court.

12.    On November 15, 2010, Jenner & Block filed its fourth interim fee application

(the "**Fourth Interim Application**"), as special counsel for the Debtors, for interim allowance

of compensation for actual and necessary professional services rendered and for reimbursement

of actual, reasonable and necessary expenses incurred from June 1, 2010 through and including

September 30, 2010 (the "**Fourth Interim Compensation Period**").  In the Fourth Interim

Application, Jenner & Block sought the allowance of $14,239.00 in fees and $721.46 in

expenses relating to the Fourth Interim Compensation Period.

13.    On December 22, 2010, the Court entered an order approving the Fourth Interim

Application (the "**Fourth Interim Order**") [Docket No. 8289], whereby the Court allowed

Jenner & Block $6,059.60 in fees and $721.46 in expenses, but ordered that payment of

10 percent (or $605.96) of the fees awarded would be held back until further order of the

Court.

**Part II:  Summary of Requested Compensation and Reimbursement of Expenses**

14.    Jenner & Block has prepared this Final Application in accordance with the

Administrative Order Re: Guidelines for Fees and Disbursements for Professionals in Southern

District of New York Bankruptcy Cases dated June 20, 1991 (the "**Original SDNY**

**Guidelines**"), the Administrative Order Re: Amended Guidelines for Fees and Disbursements

for Professionals in Southern District of New York Bankruptcy Cases dated November 25,

2009 (the "**Amended SDNY Guidelines**," and collectively the "**Local Guidelines**"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States

Department of Justice dated January 30, 1996 (the "**UST Guidelines**"), and the Order Pursuant

to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals [Docket No. 3711] (the "**Administrative**

**Order**," and collectively with the Local Guidelines and UST Guidelines, the "**Guidelines**").

Pursuant to the Amended SDNY Guidelines, a certification regarding compliance with such

guidelines is attached hereto as <u>Exhibit A</u>.  To the extent necessary, Jenner & Block requests

that the Court waive any Guidelines requirement not met by this Final Application.

15.    With respect to the Fifth Interim Compensation Period, Jenner & Block has,

pursuant to the Administrative Order, submitted monthly fee statements to the Debtors and the

other parties specified therein, setting forth Jenner & Block's fees for professional services

rendered and expenses incurred in these cases.  By this Final Application, Jenner & Block

seeks allowance of reasonable compensation for actual and necessary professional services

rendered during the Fifth Interim Compensation Period in the aggregate amount of $12,064.10

and reimbursement of actual, reasonable and necessary expenses incurred during the Fifth

Interim Compensation Period in connection with the rendition of such services in the aggregate

amount of $131.85.

16.    The fees sought for this Fifth Interim Compensation Period reflect an aggregate of

25.4 hours of attorney and paraprofessional time spent and recorded in performing services for

the Debtors during the Fifth Interim Compensation Period.  This aggregate amount does not

include time that might be construed as duplicative or otherwise not beneficial to the Debtors'

bankruptcy.  Of the aggregate time expended during the Fifth Interim Compensation Period,

14.7 recorded hours were expended by partners, 4.2 recorded hours were expended by

associates, and 6.5 recorded hours were expended by paraprofessionals.  During the Fifth

Interim Compensation Period, Jenner & Block's hourly billing rates for attorneys working on

these matters ranged from $274 to $767 per hour.  Allowance of compensation in the amount

requested would result in a blended hourly billing rate for attorneys of $548.89.

17.    In accordance with the Administrative Order, to date, Jenner & Block has

received payments totaling $9,783.13 for the Fifth Interim Compensation Period, consisting of

$9,651.28, representing 80 percent of the fees, and $131.85, representing 100 percent of the

expenses, invoiced for November 2010, December 2010, and January 2011.

18.    Jenner & Block currently holds $1,661,181.45 in a post-petition retainer for the

Debtors.[2]  In Paragraph 22 of Jenner & Block's Retention Application, Jenner & Block

reported a post-petition retainer amount of $384,906.47.  This amount was based on a pre-

petition retainer held by Jenner & Block less an estimate of pre-petition fees owed to Jenner &

Block.  Subsequently, a true-up was performed, and, on August 12, 2009, Jenner & Block

refunded $1,651,259.69 to the retainer account, which represented the difference between the

estimated and actual amount of pre-petition fees owed to Jenner & Block.  On October 22,

2010, Jenner & Block drew down $384,906.00 from the retainer account to compensate the

firm for post-petition professional services provided to the Debtors consistent with the Court's

compensation orders.  The accumulation of interest has brought the post-petition retainer

balance to its current level.

19.    In addition to allowance of compensation and reimbursement for the Fifth Interim

Compensation Period, Jenner & Block also seeks final allowance herein of reasonable

compensation for actual and necessary professional services rendered to the Debtors during the

_____

[2] This amount is current as of May 13, 2011 and continues to earn interest.

8

Entire Compensation Period, in the aggregate amount of $4,952,968.55 and for reimbursement of actual, reasonable and necessary expenses incurred during the Entire Compensation Period in connection with the rendition of such services in the aggregate amount of $271,139.73. Jenner & Block does not seek final allowance of (a) reductions to which Jenner & Block reached an agreement with the Fee Examiner in connection with the firm's prior interim fee applications, or (b) prior approved fees for services performed by summer associates during the First Interim Compensation Period.

20.    The fees sought by this Final Application for the Entire Compensation Period reflect an aggregate of 12,580.6 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Entire Compensation Period.  This aggregate amount does not include time that might be construed as duplicative or otherwise not beneficial to the Debtors.  Of the aggregate time expended during the Entire Compensation Period, 4,896.2 recorded hours were expended by partners, 5,981.2 recorded hours were expended by associates and 1,703.2 recorded hours were expended by paraprofessionals.  During the Entire Compensation Period, Jenner & Block's hourly billing rates for attorneys working on these matters ranged from $274 to $813 per hour.  The blended hourly billing rate for attorneys during the Entire Compensation Period was approximately $434.24.[3]

21.    Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

---

[3] This was calculated by dividing (a) total attorney fees requested by (b) total attorney hours.  This does not reflect any reductions to the total fees requested, which would have the effect of lowering the blended hourly billing rate for attorneys.

22.    Jenner & Block also requests approval of the Court to draw down on the post-petition retainer held by Jenner & Block to pay the fees and expenses approved by this Court for the Entire Compensation Period, including fees which were held back pursuant to the Guidelines.  The total amount of fees through March 29, 2011, which remain unpaid as of the date of this filing is $464,388.75.  This amount represents the sum of (a) the fees held back pursuant to this Court's interim compensation orders ($497,036.45), and (b) 20 percent of the fees incurred during the Fifth Interim Compensation Period ($2,412.82), less the sum of (y) an overpayment from the Fourth Interim Application ($5,600.52) and (z) previously approved summer associate fees in the First Interim Application ($29,460.00).  By this Final Application, Jenner & Block requests that upon approval of this Final Application, Jenner & Block be authorized to draw down on the post-petition retainer for this amount and to return the remainder of the retainer plus any interest that has accrued since May 13, 2011.  Because the Debtors successfully consummated the Plan on March 31, 2011, Jenner & Block submits that there is no further need to continue to hold back any fees approved by this Court.

23.    Pursuant to the Guidelines, annexed hereto as Exhibit B is a schedule setting forth all Jenner & Block professionals and paraprofessionals who have performed services for the Debtors during the Fifth Interim Compensation Period and the Entire Compensation Period for which Jenner & Block is seeking reimbursement, the position in which each such individual is employed by Jenner & Block, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and as to attorneys, the year in which each professional was first licensed to practice law.  Exhibit B reflects the total amount of fees requested and does not account for the reductions to which Jenner & Block agreed for the prior interim fee applications or for Jenner & Block's reductions

10

in this Final Application for time expended by summer associates during the First Interim

Compensation Period.

24.    Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit C</u> is a summary by

project matter of the fees generated by the services performed during the Fifth Interim

Compensation Period and the Entire Compensation Period and, for each separate project

matter, a list of each person providing services on the project, a statement of the number of

hours spent and the amount of compensation requested for each person on the project.  Again,

<u>Exhibit C</u> does not account for the reductions to which Jenner & Block agreed for the prior

interim fee applications or for Jenner & Block's reductions in this Final Application for time

expended by summer associates during the First Interim Compensation Period.

25.    Annexed hereto as <u>Exhibit D</u> is a schedule specifying the categories of expenses

for which Jenner & Block is seeking reimbursement and the total amount for each such

expense category, during the Fifth Interim Compensation Period and the Entire Compensation

Period.  The amounts reflected on <u>Exhibit D</u> do not account for the reductions to which Jenner

& Block agreed for the prior interim fee applications.  <u>Exhibit E</u> contains a detailed list of all

expenses during the Fifth Interim Compensation Period for which Jenner & Block seeks

reimbursement.  In the prior Jenner & Block interim fee applications, Jenner & Block provided

detailed descriptions of the professional services and actual, reasonable and necessary expenses

incurred during the First through Fourth Interim Compensation Period.  The prior Jenner &

Block interim fee applications and the descriptions and summaries contained therein are hereby

incorporated by reference.

26.    Jenner & Block maintains detailed records of the time spent by all attorneys and

paraprofessionals and the expenses incurred by, and in connection with the representation of

the Debtors. The Court is respectfully referred to Jenner & Block's prior interim fee applications for the detailed records of all the work performed by the firm during the First through Fourth Interim Compensation Period. Copies of the detailed time records of the Fifth Interim Compensation Period are annexed hereto as Exhibit F.

27.    The fees charged by Jenner & Block in these cases reflect those rates applied to General Motors Corporation pre-petition. The fees are otherwise billed in accordance with Jenner & Block's general procedures in effect during the Entire Compensation Period. The rates Jenner & Block charges for the services rendered by its professionals and paraprofessionals to the Debtors are reasonable based on the customary compensation charged by comparably skilled practitioners in a competitive national legal market in cases other than cases under title 11.

28.    All of the services for which final compensation is sought were rendered to the Debtors solely in furtherance of bankruptcy and not on behalf of any individual creditor or other entity.

29.    Jenner & Block has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

30.    Jenner & Block has not shared, nor agreed to share (a) any compensation they have received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Jenner & Block as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

### Part III: Summary of Professional Services Provided and Expenses Incurred

31.    During the Entire Compensation Period, Jenner & Block rendered substantial

professional services in furtherance of the Debtors' chapter 11 cases.  By any measure, the

Debtors' chapter 11 cases were large and complex.  In advising the Debtors, Jenner & Block

not only drew upon its extensive general experience and knowledge, including its expertise in

business reorganizations under chapter 11 of the Bankruptcy Code and in complex corporate

and transactional matters, but also upon its extensive experience as General Motors' principal

outside counsel since 2002 in the areas of corporate, securities, regulatory investigations, and

product liability.  This intimate familiarity of the Debtors' business and financial affairs

provided Jenner & Block with a knowledge base that enhanced its efficiency and effectiveness

in serving as special counsel for the Debtors through many important steps in the chapter 11

cases.

32.    Jenner & Block rendered effective professional services on the issues for which

Jenner & Block was specifically retained, most notably, the sale of substantially all of the

assets of the Debtors to General Motors Company under section 363 of the Bankruptcy Code

(the "**363 Transaction**").  In the process of executing the 363 Transaction, Jenner & Block

worked tirelessly on an aggressive timeline to negotiate, draft, and finalize the terms of the

Amended and Restated Master Sale and Purchase Agreement (as amended, the "**MPA**") and all

necessary ancillary documents.  This included advising General Motors Corporation in

connection with its structuring of the 363 Transaction, and related negotiations with the United

States Department of the Treasury and the International Union, United Automobile, Aerospace

and Agricultural Implement Workers of America.  Given the size and complexity of General

Motors Corporation's pre-petition business, a significant amount of time and a large number of

attorneys from Jenner & Block's corporate, real estate, commercial law, employee benefits, environmental, tax and litigation departments were involved in these efforts. Because of these efforts, the Debtors were able to execute a transaction that served to pave the way for the Debtors to successfully negotiate, confirm, and consummate the Plan.

33.    Jenner & Block also addressed certain corporate securities matters related to Motors Liquidation Company's SEC no-action letter regarding modified Exchange Act reporting as well as Forms 8-K relating to its restructuring efforts. In addition, Jenner & Block advised the Debtors on litigation matters, including issues arising from the MPA and the 363 Transaction, product liability suits, equipment financing disputes, securities investigations and litigation, contract and lease assumptions and rejections, and other related litigation disputes – all as specifically set forth in Jenner & Block's Retention Application.

34.    To provide an orderly summary of the professional services rendered to the Debtors by Jenner & Block and in accordance with the Guidelines, Jenner & Block established billing categories in connection with these cases. The following summary is intended to highlight the services rendered by Jenner & Block during the Entire Compensation Period, and is not intended to be a comprehensive detailed description of the work performed. Detailed descriptions of the day-to-day services provided during the Fifth Interim Compensation Period and the time expended performing such services in each project billing category are attached as Exhibit F hereto. A list by project billing category of each person providing services on the

project, a statement of the number of hours spent and the amount of compensation requested

for each person on the project are annexed in <u>Exhibit C</u>.[4]

A.    <u>363 Sale</u> (Matter #10010)

| | |
|---|---|
| Entire Compensation Period – Total Fees: | $3,547,775.40 |
| Entire Compensation Period – Total Hours: | 9,076.6 |
| | |
| Fifth Interim Compensation Period – Total Fees: | None |
| Fifth Interim Compensation Period – Total Hours: | None |

35.    As noted above, a critical part of the Debtors' bankruptcy process was the

execution of the 363 Transaction.  During the Entire Compensation Period, Jenner & Block

worked to (i) negotiate the terms of the MPA, (ii) prepare and finalize the MPA,

(iii) coordinate and complete the related disclosure schedules, and (iv) negotiate and finalize all

necessary ancillary documents.  Among these ancillary documents were the Transition

Services Agreement, the Subdivision Master Lease, the Equity Registration Rights Agreement,

the Master Lease Agreement and the Certificate of Designation of Purchaser for Preferred

Stock.

B.    <u>Corporate Securities</u> (Matter #10029)

| | |
|---|---|
| Entire Compensation Period – Total Fees: | $548,983.60 |
| Entire Compensation Period – Total Hours: | 943.1 |
| | |
| Fifth Interim Compensation Period – Total Fees: | None |
| Fifth Interim Compensation Period – Total Hours: | None |

36.    During the Entire Compensation Period, Jenner & Block attorneys who worked

on this matter were involved in general securities issues relating to Motors Liquidation

Company, including preparation of a Motors Liquidation Company SEC no-action letter

---

[4] As noted above, the amounts listed below and in <u>Exhibit C</u> contain the amounts that Jenner & Block previously requested and do not reflect reductions to which Jenner & Block agreed for the prior interim fee applications or Jenner & Block's reductions in this Final Application for time expended by summer associates during the First Interim Compensation Period.  Jenner & Block does not seek allowance of those reductions.

regarding modified Exchange Act reporting as well as Forms 8-K relating to the

(i) bankruptcy, 363 Transaction, delisting of stock and new capital structure, (ii) warranty

program and agreement with respect to Nova Scotia debt, (iii) amendments to the MPA, and

(iv) closing of the 363 Transaction.

C.    SEC Matters/DELPHI Corporation (Matter #10037)

Entire Compensation Period – Total Fees:          $39,879.60
Entire Compensation Period – Total Hours:         81.0

Fifth Interim Compensation Period – Total Fees:   None
Fifth Interim Compensation Period – Total Hours:  None

37.    During the Entire Compensation Period, Jenner & Block attorneys who worked

on this matter were involved in representing Motors Liquidation Company in connection with

interviews and depositions related to the case *U.S. Securities and Exchange Commission v.*

*Delphi Corp., et. al.*, No. 2:06-cv-14891-AC-SDP (E.D. Mich.).

D.    SEC Matters/Pension OPEB (Matter #10045)

Entire Compensation Period – Total Fees:          $1,288.00
Entire Compensation Period – Total Hours:         2.3

Fifth Interim Compensation Period – Total Fees:   None
Fifth Interim Compensation Period – Total Hours:  None

38.    During the Entire Compensation Period, attorneys involved in this matter

prepared for potential SEC inquiries concerning possible liability of certain employees in

connection with pension-OPEB matters.  In connection with this matter, Jenner & Block

advised on, for example, required litigation holds, mandatory disclosures in SEC filings and

the effects of consent orders against the company, directors, and employees.

E.    SEC Matters/Foreign Exchange and Commodities (Matter #10053)

Entire Compensation Period – Total Fees:        $946.40
Entire Compensation Period – Total Hours:       1.6

Fifth Interim Compensation Period – Total Fees:    None
Fifth Interim Compensation Period – Total Hours:   None

39.    During the Entire Compensation Period, Jenner & Block attorneys prepared for

potential SEC inquiries regarding possible liability of certain employees in connection with the

accounting treatment of certain foreign exchange and commodities transactions.

F.    Equipment Leasing Disputes (Matter #10061)

Entire Compensation Period – Total Fees:        $282,192.80
Entire Compensation Period – Total Hours:       729.7

Fifth Interim Compensation Period – Total Fees:    None
Fifth Interim Compensation Period – Total Hours:   None

40.    During the Entire Compensation Period, Jenner & Block attorneys working on

this matter were involved in (i) the review, analysis and renegotiation of fixed equipment

leases, (ii) the review, analysis and renegotiation of mobile equipment leases, and (iii) advising

the Debtors about their rights under the Bankruptcy Code and the Uniform Commercial Code

in connection therewith.

G.    Products Liability Litigation (Matter #10070)

Entire Compensation Period – Total Fees:        $67,118.60
Entire Compensation Period – Total Hours:       168.1

Fifth Interim Compensation Period – Total Fees:    $219.00
Fifth Interim Compensation Period – Total Hours:   0.5

41.    During the Entire Compensation Period, Jenner & Block attorneys who worked

on this matter were involved in the representation of Motors Liquidation Company against

various suits related to products liability.  Such representation included analysis of the effect of

the bankruptcy filing on these cases, conferences with opposing counsel regarding the same

and motions to stay proceedings, and certain follow-up matters with respect to the filing of motions to show cause as well as status issues.

42.    During the Fifth Interim Compensation Period, Jenner & Block reviewed a proposed agreed order dismissing Motors Liquidation Company from the Smith product liability matter.

H.    O'Neill (Matter #10142)

| | |
|---|---|
| Entire Compensation Period – Total Fees: | $602.80 |
| Entire Compensation Period – Total Hours: | 1.4 |
| | |
| Fifth Interim Compensation Period – Total Fees: | $340.00 |
| Fifth Interim Compensation Period – Total Hours: | 0.8 |

43.    During the Entire Compensation Period, Jenner & Block represented the Debtors in specific products liability matters of O'Neill. This representation included the evaluation of bankruptcy claims and representation of the Debtors in the dispute resolution process.

I.    Kaplan/Blankenship (Matter #10150)

| | |
|---|---|
| Entire Compensation Period – Total Fees: | $2,620.90 |
| Entire Compensation Period – Total Hours: | 6.8 |
| | |
| Fifth Interim Compensation Period – Total Fees: | $153.20 |
| Fifth Interim Compensation Period – Total Hours: | 0.4 |

44.    During the Entire Compensation Period, Jenner & Block represented the Debtors in specific products liability matters of Kaplan/Blankenship. This representation included the evaluation of bankruptcy claims and representation of the Debtors in the dispute resolution process.

J.      Court Hearings (Matter #10088)

| | |
|---|---|
| Entire Compensation Period – Total Fees: | $102,440.40 |
| Entire Compensation Period – Total Hours: | 173.9 |
| | |
| Fifth Interim Compensation Period – Total Fees: | $1,155.00 |
| Fifth Interim Compensation Period – Total Hours: | 2.2 |

45.     During the Entire Compensation Period, Jenner & Block attorneys spent time attending hearings regarding approval of the 363 Transaction, omnibus hearings, hearings on interim fee applications, and hearings regarding the rejection of certain promotional agreements.

K.      Non-Working Travel Time (Matter #10096)

| | |
|---|---|
| Entire Compensation Period – Total Fees: | $56,670.45 |
| Entire Compensation Period – Total Hours: | 264.2 |
| | |
| Fifth Interim Compensation Period – Total Fees: | None |
| Fifth Interim Compensation Period – Total Hours: | None |

46.     During the Entire Compensation Period, Jenner & Block attorneys spent non-working travel time for travel to New York to work with counsel on finalizing the MPA, travel to New York to attend multiple Court hearings, and travel to Detroit, Michigan to work directly with the Debtors on matters such as equipment leasing disputes.

47.     During the Entire Compensation Period, Jenner & Block accumulated an aggregate charge of $113,340.90, for non-working travel time.  Jenner & Block seeks compensation only for one-half of its non-working travel time, or $56,670.45.

19

L.    Retention and Fee Application (Matter #10100)

| | |
|---|---|
| Entire Compensation Period – Total Fees: | $319,148.50 |
| Entire Compensation Period – Total Hours: | 950.3 |
| | |
| Fifth Interim Compensation Period – Total Fees: | $4,719.10 |
| Fifth Interim Compensation Period – Total Hours: | 11.8 |

48.    During the Entire Compensation Period, Jenner & Block spent time preparing its

Retention Application and accompanying affidavit as well as preparing interim fee applications

in compliance with the Guidelines.  Due to the size and complexity of the Debtors' pre-petition

holdings, certain efforts involved in preparing the Retention Application and accompanying

affidavit, such as ensuring Jenner & Block's disinterestedness in light of the substantial

connections of the Debtors as required by the Bankruptcy Code, involved a large number of

Jenner & Block professionals.

M.    Case Administration (Matter #10126)

| | |
|---|---|
| Entire Compensation Period – Total Fees: | $91,564.40 |
| Entire Compensation Period – Total Hours: | 181.6 |
| | |
| Fifth Interim Compensation Period – Total Fees: | $5,477.80 |
| Fifth Interim Compensation Period – Total Hours: | 9.7 |

49.    Throughout the Entire Compensation Period, Jenner & Block spent time

preparing various documents for filing with the Court, reviewing motions such as the case

management and interim compensation motions, reviewing and monitoring the court docket,

and drafting and reviewing supplemental affidavits regarding the disinterestedness of Jenner &

Block.  This matter also includes time entries related to reviewing documents from, and

conferring with, the Court appointed Fee Examiner on interim fee application submissions and

preparing supplemental disclosures to the Court pursuant to Jenner & Block's Retention

Application.

20

### Part IV: The Requested Compensation Should be Allowed

50.    The foregoing professional services performed by Jenner & Block were necessary and appropriate in the above-referenced chapter 11 cases and were in the best interests of the Debtors.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  Jenner & Block has taken significant efforts to ensure that the professional services were performed with expedience, in an efficient manner, and without duplication of effort.

51.    In preparing this Final Application and each of the prior interim applications, Jenner & Block calculated the amount of time spent by each attorney and paraprofessional in performing actual and necessary legal services for the Debtors.  That data came directly from computerized records that are kept for each Jenner & Block client.  Individual time entries are maintained on written daily logs, personal computer hard drives or input directly into the firm's central client accounting and billing system.  All time entries and expenses are uploaded into the billing system, which then produces draft client billing memoranda and invoices.  Jenner & Block attorneys have reviewed and edited the draft invoices and billing memoranda for errors prior to their submission.

52.    The rates used in this Final Application and throughout the Entire Compensation Period are the rates which Jenner & Block charged General Motors Corporation pre-petition.  In addition, the disbursements for which Jenner & Block seeks reimbursement are the customary and usual expenses for which Jenner & Block seeks reimbursement from its clients.  Jenner & Block charges 10 cents per page for duplicating.  Jenner & Block does not charge its clients for facsimiles, domestic and long distance telephone (other than while traveling), and certain overtime expenses, and takes those expenses into account in its overhead.  Jenner &

Block does not include charges for postage, messenger services, duplicating, and computerized legal research in its overhead because it is fairer to clients who use less of these services to have these expenses billed separately.  According to its outside auditors, these charges fairly approximate the firm's actual costs and do not result in undue revenue for the firm.  The firm's hourly rates used for this Final Application do not compensate the firm for such expenses.

53.    Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

54.    In the instant case, Jenner & Block respectfully submits that the services for which they seek compensation in this Final Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors.  Jenner & Block further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Debtors.

55.    The services rendered by Jenner & Block were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein for the Entire Compensation Period is warranted.

56.    As noted above, because the Debtors successfully consummated the Plan on March 31, 2011, Jenner & Block submits that there is no further need to continue to hold back any fees approved by this Court.  Accordingly, Jenner & Block requests Court approval to draw down on the post-petition retainer held by Jenner & Block to pay the fees and expenses approved by this Court.  The total amount of fees which remain unpaid as of the date of this filing is $464,388.75.  This amount represents the sum of (a) the fees held back by this Court's interim compensation orders ($497,036.45) and (b) 20 percent of the fees incurred during the Fifth Interim Compensation Period ($2,412.82), less the sum of (y) an overpayment from the Fourth Interim Application ($5,600.52) and (z) previously approved summer associate fees in the First Interim Application ($29,460.00).  By this Final Application, Jenner & Block requests that upon approval of this Final Application, Jenner & Block be authorized to draw down on the post-petition retainer for this amount and to return the remainder of the retainer.

23

## CONCLUSION

WHEREFORE Jenner & Block respectfully requests: (i) allowance of interim compensation to Jenner & Block for professional services rendered during the Fifth Interim Compensation Period in the amount of $12,064.10 and reimbursement for actual, reasonable and necessary expenses incurred during the Fifth Interim Compensation Period in connection with the rendition of such services in the amount of $131.85; (ii) allowance of final compensation to Jenner & Block for professional services rendered during the Entire Compensation Period, inclusive of the amounts requested during the Fifth Interim Compensation Period, in the amount of $4,952,968.55 and reimbursement of actual, reasonable and necessary expenses incurred during the Entire Compensation Period in the amount of $271,139.73; (iii) authority to draw against the post-petition retainer held by Jenner & Block to pay any and all unpaid amounts approved by the Court for compensation for professional services rendered by Jenner & Block during the Entire Compensation Period; and (iv) such other and further relief as may be just or proper.

Dated: May 16, 2011
Chicago, Illinois

Respectfully submitted,


By: _/s/ Daniel R. Murray_
    Daniel R. Murray

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (Admitted _Pro Hac Vice_)
Daniel R. Murray (Admitted _Pro Hac Vice_)

Special Counsel for Debtors and
Debtors in Possession