**Hearing Date:  To Be Determined**
**Objection Deadline:  To Be Determined**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| MOTORS LIQUIDATION COMPANY, *et al.,* | ) | Case No. 09-50026 (REG) |
|  | ) |  |
| f/k/a General Motors Corp., *et al.* | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

-------------------------------------------------------------X

**THIRD INTERIM AND FINAL APPLICATION OF**
**DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR**
**FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH MARCH 29, 2011,**
**AND THE FINAL PERIOD FROM NOVEMBER 13, 2009 THROUGH MARCH 29, 2011**

**SUMMARY COVERSHEET TO THE THIRD INTERIM AND FINAL APPLICATION OF DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**

| | |
|---|---|
| NAME OF APPLICANT: | Dean M. Trafelet, Legal Representative for Future Asbestos Personal Injury Claimants |
| DATE OF ORDER OF APPOINTMENT: | April 8, 2010 |
| EFFECTIVE DATE OF APPOINTMENT: | November 13, 2009 |
| PERIODS FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | October 1, 2010 through March 29, 2011 (Third Interim Compensation Period) |
| | November 13, 2009 through March 29, 2011 (Final Compensation Period) |
| TOTAL PROFESSIONAL FEES SOUGHT IN THE THIRD INTERIM APPLICATION: | $133,704.75 |
| TOTAL PROFESSIONAL FEES SOUGHT IN THE FINAL APPLICATION: | $214,677.50 |
| TOTAL EXPENSES SOUGHT IN THE THIRD INTERIM APPLICATION: | $249.06 |
| TOTAL EXPENSES SOUGHT IN THE FINAL APPLICATION: | $2,395.42 |
| TOTAL COMPENSATION SOUGHT IN THE THIRD INTERIM APPLICATION (FEES AND EXPENSES): | $133,953.81 |
| TOTAL COMPENSATION SOUGHT IN THE FINAL APPLICATION (FEES AND EXPENSES): | $217,072.92 |
| TOTAL PROFESSIONAL HOURS IN THE THIRD INTERIM APPLICATION: | 168.75 |
| TOTAL PROFESSIONAL HOURS IN THE FINAL APPLICATION: | 272.05 |
| HOURLY RATES: | $785.00 (2009, 2010) |
| | $800.00 (2011) |

INTERIM OR FINAL APPLICATION:                This is Applicant's third interim and final application for compensation.

## SUMMARY OF PRIOR APPLICATIONS

| Date Application Filed | Docket No. | Compensation Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Holdback (if any) |
|---|---|---|---|---|---|---|---|
| 7/15/2010 | 6350 | Nov. 13, 2009 – May 31, 2010 | $38,936.00 | $2,050.61 | $37,942.98 | $1,969.69 | $3,794.30 |
| 11/15/2010 | 7747 | June 1, 2010 – September 30, 2010 | $42,036.75 | $95.75 | $42,036.75 | $95.75 | $4,203.68 |

**SUMMARY OF HOURS BILLED DURING**
**THE THIRD INTERIM COMPENSATION PERIOD**

| Professional | Year Licensed to Practice Law | Year | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|---|
| Trafelet, Dean M. | Illinois - 1969 | 2010 | $785.00 | 168.75 | $133,704.50 |
| | | 2011 | $800.00 | | |

**SUMMARY OF HOURS BILLED DURING**
**THE FINAL COMPENSATION PERIOD**

| Professional | Year Licensed to Practice Law | Year | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|---|
| Trafelet, Dean M. | Illinois - 1969 | 2009 | $785.00 | 272.05 | $214,677.25 |
| | | 2010 | $785.00 | | |
| | | 2011 | $800.00 | | |

# TABLE OF CONTENTS

**SUMMARY COVERSHEET** ................................................................................................ i

**SUMMARY OF PRIOR APPLICATIONS** ..................................................................... iii

**SUMMARY OF HOURS BILLED
DURING THE THIRD INTERIM COMPENSATION PERIOD** ....................................... iv

**SUMMARY OF HOURS BILLED
DURING THE FINAL COMPENSATION PERIOD** ........................................................ v

**TABLE OF CONTENTS** ................................................................................................ vi

**TABLE OF AUTHORITIES** ......................................................................................... vii

**INDEX OF EXHIBITS** ................................................................................................ viii

**THIRD INTERIM AND FINAL APPLICATION** ......................................................... 1

    **I.**    **PRELIMINARY STATEMENT** ....................................................... 2

    **II.**    **JURISDICTION AND VENUE** ....................................................... 5

    **III.**    **BACKGROUND** ............................................................................... 5

    **IV.**    **STATUTORY BASIS FOR COMPENSATION** ............................... 6

    **V.**    **SUMMARY OF SERVICES RENDERED** ..................................... 10

        **A.**    **ASBESTOS ISSUES (C-01)** ....................................... 10

        **B.**    **ASBESTOS CLAIMS VALUATION (C-02)** ............. 11

        **C.**    **CASE ADMINISTRATION (C-06)** ........................... 13

        **D.**    **FEE/EMPLOYMENT APPLICATIONS (C-10)** ...... 14

            *1.*    *Employment Applications (10-A)* ................ 14

            *2.*    *Monthly Fee Statements (10-B)* ................... 14

            *3.*    *Fee Examiner Issues (10-C)* ........................ 15

            *4.*    *Fee Applications (10-D)* .............................. 16

        **E.**    **NONWORKING TRAVEL (C-15)** ........................... 16

        **F.**    **PLAN AND DISCLOSURE STATEMENT (C-17)** .. 17

    **VI.**    **DISBURSEMENTS** ....................................................................... 18

    **VII.**    **CONCLUSION** ............................................................................... 18

## TABLE OF AUTHORITIES

**Statutes**

11 U.S.C. § 105 .................................................................................................................. 1
11 U.S.C. § 328 .................................................................................................................. 1
11 U.S.C. § 330 ........................................................................................................... 1, 6, 7
11 U.S.C. § 330(a)(1) ......................................................................................................... 7
11 U.S.C. § 330(a)(3) ......................................................................................................... 7
11 U.S.C. § 330(a)(3)(A)-(F) .......................................................................................... 7, 8
11 U.S.C. § 331 ........................................................................................................... 1, 6, 7
28 U.S.C. § 1334 ................................................................................................................ 5
28 U.S.C. § 1408 ................................................................................................................ 5
28 U.S.C. § 1409 ................................................................................................................ 5
28 U.S.C. § 157 .................................................................................................................. 5
28 U.S.C. § 157(b)(2)(A) .................................................................................................... 5

**Rules**

FED. R. BANKR. P. 2016 ................................................................................................... 1, 6
Local Bankruptcy Rule 2016-1 .......................................................................................... 1

## INDEX OF EXHIBITS

**Exhibit A**          Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals

**Exhibit B**          Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants

**Exhibit C-1**        Summary of Professional Fees – Third Interim Period

**Exhibit C-2**        Summary of Professional Fees – Final Period

**Exhibit D-1**        Summary of Fees by Project Category – Third Interim Period

**Exhibit D-2**        Summary of Fees by Project Category – Final Period

**Exhibit E-1**        Expense Summary – Third Interim Period

**Exhibit E-2**        Expense Summary – Final Period

**Exhibit F**          Monthly Invoices – Third Interim Period

**Exhibit G**          Certification of Dean M. Trafelet in Support of Third Interim and Final Application of Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period from October 1, 2010 through March 29, 2011 and the Final Period from November 13, 2009 through March 29, 2011

**THIRD INTERIM AND FINAL APPLICATION OF
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH MARCH 29, 2011,
AND THE FINAL PERIOD FROM NOVEMBER 13, 2009 THROUGH MARCH 29, 2011**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Dean M. Trafelet as the legal representative for future asbestos personal injury claimants

(the "**Future Claimants' Representative**") in the chapter 11 case of Motors Liquidation

Company (f/k/a General Motors Corp.) ("**MLC**" or the "**Debtor**") submits this application (the

"**Application**") for the allowance of compensation and reimbursement of expenses for the

interim period from October 1, 2010 through March 29, 2011 (the "**Third Interim

Compensation Period**") and the final period from November 13, 2009 through March 29, 2011

(the "**Final Compensation Period**"), pursuant to 11 U.S.C. §§ 105, 330 and 331; Rule 2016 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); Local Bankruptcy Rule

2016-1; and this Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* signed

on August 7, 2009 (Docket No. 3711) (the "**Interim Compensation Order**").  In support hereof,

the Future Claimants' Representative respectfully shows this Court as follows:

**I.**
**PRELIMINARY STATEMENT**

1.      By this Application,[1] the Future Claimants' Representative seeks approval of the

sum of $133,704.75 for services rendered during the Third Interim Compensation Period and

$249.06 for the reimbursement of expenses incurred in connection with the rendition of such

services, for a total interim award of $133,953.81.  The Future Claimants' Representative further

seeks approval of the sum of $214,677.50 for services rendered during the Final Compensation

Period and $2,395.42 for the reimbursement of expenses incurred in connection with the

rendition of such services, for a total final award of $217,072.92.

2.      On July 15, 2010, the Future Claimants' Representative filed the *First Interim*

*Application of Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos*

*Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of*

*Expenses Incurred for the Period from November 13, 2009 through May 31, 2010* (Docket No.

6350) (the "**First Interim Application**"), seeking allowance of $38,936.00 in professional fees

and reimbursement of expenses in the amount of $2,050.61.  On November 24, 2010 this Court

entered its Order Granting, *inter alia*, Applications for Allowance of Interim Compensation for

Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010

through May 31, 2010 (Docket No. 7910), and awarded  the Future Claimants' Representative

$37,942.98 in professional fees, including a 10% holdback of $3,794.30, and $1,969.69 in

reasonable expenses.

---

[1] This Application has been prepared in accordance with the Interim Compensation Order, which
is attached hereto as **Exhibit A**, the *Amended Guidelines for Fees and Disbursements for*
*Professionals in Southern District of New York Bankruptcy Cases* (General Order M-389) dated
November 25, 2009 (the "**Local Guidelines**") and the United States Trustee Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11
U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee Guidelines**").

3.      On November 15, 2010, the Future Claimants' Representative filed the *Second Interim Application of Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from June 1, 2010  through September 30, 2010* (Docket No. 7747),  (the "**Second Interim Application**") seeking allowance of $42,036.75 in professional fees and reimbursement of expenses in the amount of $95.75.  On December 22, 2010, this Court entered its Order Granting, *inter alia*, Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 through September 30, 2010 (Docket No. 8289), and awarded  the Future Claimants' Representative $42,036.75 in professional fees, including a 10% holdback of $4,203.68, and $95.75 in reasonable expenses.

4.      Other than the payments made by the Debtors to the Future Claimants' Representative for fees incurred during the prior interim fee periods, and those payments, if any, described below, which were made in accordance with this Court's Interim Compensation Order, the Future Claimants' Representative has not received payment of any compensation or reimbursement of expenses in these chapter 11 cases.  There is no agreement or understanding between the Future Claimants' Representative and any other person for the sharing of compensation to be received for services rendered during the Debtors' chapter 11 cases.

5.      Pursuant to the terms of the Interim Compensation Order, the Future Claimants' Representative, as indicated in the chart below, submitted six invoices for services rendered and reimbursement of expenses incurred during the Third Interim Compensation Period.

| Time Period Covered by Invoice | Fees Requested | Expenses Requested | Payment Received |
|---|---:|---:|---:|
| October 2010 | $16,956.00 | $28.57 | $13,593.37 |
| November 2010 | $28,063.75 | $13.37 | $22,464.37 |
| December 2010 | $16,485.00 | $48.51 | $13,236.51 |
| January 2011 | $18,080.00 | $12.37 | $14,476.37 |
| February 2011 | $30,200.00 | $74.71 | $0.00 |
| March 2011[2] | $23,920.00 | $71.53 | $0.00 |
| Totals | $133,704.75 | $249.06 | $63,770.62 |

6.    In total, the Future Claimants' Representative has submitted monthly invoices during the Third Interim Compensation Period for fees of $133,704.75 and expenses of $249.06. As of the date of this Application, the Future Claimants' Representative has not received any objections to his monthly invoices.  The Future Claimants' Representative has received payments from the Debtor representing 80% of the fees and 100% of the expenses requested in his October, November, December 2010 and January 2011 invoices.  As of May 13, 2011, the Future Claimants' Representative has not received any payments from the Debtor for the fees and expenses related to services rendered during the period(s) covered by his February and March 2011 invoices.

7.    Through this Application, the Future Claimants' Representative seeks approval of all monthly fees and expenses, as well as authorization to receive (i) any unpaid monthly fees and expenses on account of the above monthly invoices, and (ii) the twenty percent (20%) of his

_____

[2] In this Application, the Future Claimants' Representative is only requesting approval of professional fees and expenses incurred through March 29, 2011, which is the date of confirmation of the Debtors' Second Amended Joint Chapter 11 Plan (Docket No. 9941).

4

fees previously held back from each of the invoices previously submitted in accordance with the

Interim Compensation Order. As of May 13, 2011, $69,934.13 in the requested fees and

expenses for the Third Interim Compensation Period remain unpaid.

## II.
## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334, and the District Court's *Standing Order of Referral of Bankruptcy Cases to Bankruptcy

Judges* dated July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

9.      On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a

General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**")

commenced this case under chapter 11 of the Bankruptcy Code.

10.      On June 3, 2009, the United States Trustee appointed the Official Committee of

Unsecured Creditors (the "**Creditors' Committee**"). (*See* Docket No. 356).  Since that time the

membership of the Creditors' Committee has been reconstituted twice.  *See First Amended

Appointment of the Official Committee of Unsecured Creditors* (Docket No. 4552); *see also

Second Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No.

5201).

11.      On December 23, 2009, the Court appointed Brady C. Williamson as the Fee

Examiner, pursuant to the Stipulation and Order with Respect to Appointment of a Fee Examiner

(Docket No. 4708).

12.     On March 2, 2010, the United States Trustee appointed the Official Committee of Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the "**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**") (Docket No. 5206).

13.     On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* (the "**Appointment Motion**") (Docket No. 5214) asking this Court to appoint the Future Claimants' Representative to represent and protect the interests of holders of future asbestos personal injury claims against the Debtors (the "**Future Claimants**"). In the Appointment Motion, the Debtors' stated their intention to propose a plan of reorganization that will establish a trust to process and pay current and future asbestos personal injury claims against the Debtors. Pursuant to an order (the "**FCR Appointment Order**") dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future Claimants' Representative (Docket No. 5459, attached hereto as **Exhibit B**).

14.     Pursuant to the FCR Appointment Order, the Future Claimants' Representative is authorized to seek compensation and reimbursement in accordance with the Interim Compensation Order and Section 330 of the Bankruptcy Code.

## IV.
## STATUTORY BASIS FOR COMPENSATION

15.     The statutory predicates for the award of fees and expenses under the Application are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016. Pursuant to Sections 330 and 331 of the Bankruptcy Code, the Future Claimants' Representative seeks compensation for actual and necessary professional services rendered and for reimbursement of expenses incurred during the Third Interim and Final Compensation Periods.

16.     Section 331 of the Bankruptcy Code provides as follows:

> A trustee, examiner, a debtor's attorney, or any other professional person employed under section 327 or 1103 of [the Bankruptcy Code] may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of [the Bankruptcy Code].  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

17.     Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award an applicant, as counsel for a debtor, creditors' committee or other professional employed pursuant to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of expenses. Specifically, Section 330 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … or a professional person employed under section 327 or 1103—
>
> (A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

18.     Section 330(a)(3) provides that in determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors including

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3)(A)-(F).

19.    The Future Claimants' Representative's request for compensation for professional services and reimbursement for expenses incurred on behalf of the Future Claimants that he represents is reasonable.

20.    Mr. Trafelet agreed to his appointment as Future Claimants' Representative and to provide professional services to the Court and the Debtors' estates at his customary hourly rate. The Future Claimants' Representative represents and would demonstrate that his hourly rate for services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other professionals serving in a similar capacity.  As required by the Local Guidelines and the U.S. Trustee Guidelines, the cover page of this Application includes summary schedules of the hours expended by the Future Claimants' Representative, his hourly billing rate and the total value of services rendered to the Debtors' estates during the Third Interim and Final Compensation Periods.

21.    The Future Claimants' Representative represents that all services for which allowance of compensation is requested were performed on behalf of the Future Claimants and not on behalf of any committee, creditor or any other person.  Furthermore, the Future Claimants' Representative respectfully submits that the services for which he seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the protection of the interests of the Future Claimants that he represents in this case. The services performed by the Future Claimants' Representative were performed economically, effectively and efficiently, and the results obtained have benefited not only the Future Claimants, but also the Debtors, the Debtors' estates and other parties in interest.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Future Claimants and the Debtors' estates.

22.    For the Court's review, a summary containing the Future Claimants' Representative's customary billing rate, his time expended, and the total value of services rendered by him during the Third Interim Compensation Period is attached hereto as **Exhibit C-1**.  A summary containing the Future Claimants' Representative's customary billing rate, his time expended, and the total value of services rendered by him during the Final Compensation Period is attached hereto as **Exhibit C-2**.

23.    A summary of the time expended by the Future Claimants' Representative and the total value of professional services rendered identified by project task category during the Third Interim Compensation Period is attached hereto as **Exhibit D-1**.  A summary of the time expended by the Future Claimants' Representative and the total value of professional services rendered identified by project task category during the Final Compensation Period is attached hereto as **Exhibit D-2**.

24.     Attached hereto as **Exhibit E-1** is a summary of the expenses incurred by the Future Claimants' Representative during the Third Interim Compensation Period. Attached hereto as **Exhibit E-2** is a summary of the expenses incurred by the Future Claimants' Representative during the Final Compensation Period.

25.     Attached hereto as **Exhibit F** are the Future Claimants' Representative's monthly invoices which contain descriptions of the services rendered by the Future Claimants' Representative during the Third Interim Compensation Period on a daily basis.  The Future Claimants' Representative's invoices for the First and Second Interim Compensation Periods are attached to the Future Claimants' Representative's First and Second Interim Applications (Docket Nos. 6350 and 7747) and are incorporated herein by reference.

**V.**
**SUMMARY OF SERVICES RENDERED**

26.     With respect to the time and labor expended by the Future Claimants' Representative in this case during the Third Interim Compensation Period, as set forth in **Exhibits C-1 and D-1**, the Future Claimants' Representative rendered professional services in the amount of $133,704.75 during the Third Interim Compensation Period, and $214,677.25 during the Final Compensation Period.  The Future Claimants' Representative believes that it is appropriate for him to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered for or on behalf of the Future Claimants that he represents, and the time expended, organized by project task categories, as follows:

A.     **ASBESTOS ISSUES** (C-01)

27.     During the Third Interim and Final Compensation Periods, the Future Claimants' Representative reviewed various pleadings in this case that raised issues affecting the rights of

the Future Claimants.  The Future Claimants' Representative routinely communicated with

counsel to remain informed of all material developments in the case.  The Future Claimants'

Representative also communicated with counsel about his duties and responsibilities under the

Bankruptcy Code.

28.    The Future Claimants' Representative seeks compensation for 4.10 hours of

reasonable and necessary professional fees incurred in the category of Asbestos Issues during the

Third Interim Compensation Period in the total amount of $3,262.00.  The Future Claimants'

Representative seeks compensation for 8.20 hours of reasonable and necessary professional fees

incurred in the category of Asbestos Issues during the Final Compensation Period in the total

amount of $6,480.50.

### B.    ASBESTOS CLAIMS VALUATION (C-02)

29.    During the Third Interim Compensation Period, the Future Claimants'

Representative worked extensively with his counsel, Stutzman, Bromberg, Esserman & Plifka, A

Professional Corporation ("**SBEP**") and Analysis Research Planning Corporation ("**ARPC**"), the

Future Claimants' Representative's asbestos claims valuation consultant, as well as counsel for

the Debtors, the unsecured creditors' committee (the "**Committee**"), and the official committee

of holders of asbestos personal injury claims (the "**Asbestos Committee**") to estimate the value

of future asbestos claims and negotiate a settlement under the Debtors' plan that would provide

compensation to such future asbestos claims.  Such negotiations were complex and protracted,

involving multiple meetings and phone calls with representatives of the Debtors, the Committee,

and the Asbestos Committee, as well as extensive research on value of the claims held by Future

Claimants.  The Future Claimants' Representative also worked closely with SBEP to perform

research and take discovery regarding the value of his constituents' claims based on a variety of

factors.  These efforts culminated in the Court's entry of its *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* (Docket No. 9214) (the "**Asbestos Settlement Stipulation**").  Following the entry of the Asbestos Settlement Stipulation, the Future Claimants' Representative performed a variety of tasks and engaged in a number of meetings and phone calls related to the creation and start-up of the asbestos trust created under the Debtors' plan, including extensive reviewing and commenting on the proposed Trust Agreement and Trust Distributions Procedures.

30.    Throughout the Final Compensation Period, the Future Claimants' Representative worked with his professionals to determine the information needed to identify, estimate, classify and value the asbestos-related liabilities of the Debtors.  The Future Claimants' Representative and his counsel worked with the Debtors, the Committees, and their respective professionals to analyze and resolve various issues relating to access to the Debtors' historical and current asbestos-related claims information, as well as various financial information pertinent to the Debtors' asbestos-related liabilities.

31.    In connection with his efforts to gain access to the various sources of information needed to analyze the Debtors' asbestos-related liabilities, the Future Claimants' Representative filed the *Legal Representative for Future Asbestos Claimants' Application for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing and Directing (A) the Production of Documents and (B) the Oral Examination of Individuals Designated by the Debtors and New GM Believed to Have Knowledge of Relevant Matters* (Docket No. 6379) through which the Future Claimants' Representative sought entry of an order allowing him to take discovery from the Debtors and New GM regarding the asbestos-related liabilities of the Debtors.  The Future Claimants' Representative and his professionals worked with the Debtors,

the Committees, and other parties in interest to resolve various discovery requests submitted by

the Future Claimants' Representative and the Committees.  These negotiations resulted in the

resolution of numerous issues relating to the protection of confidential asbestos-claimant

information and ultimately allowed the Future Claimants' Representative and his professionals to

obtain access to the data needed to perform an analysis and estimation of the Debtors' asbestos-

related liabilities.

      32.     The Future Claimants' Representative also conducted research regarding the

Debtors' various product lines and potential sources of exposure to asbestos-containing products

manufactured by the Debtors.  This research enabled the Future Claimants' Representative to

expand his earlier review and analysis of the Debtors' asbestos-related liabilities and was

necessary to allow the Future Claimants' Representative and his professionals to identify the

universe of claims against the Debtors.

      33.     The Future Claimants' Representative seeks compensation for 133.35 hours of

reasonable and necessary professional fees incurred in the category of Asbestos Claims

Valuation during the Third Interim Compensation Period in the total amount of $105,783.00.

The Future Claimants' Representative seeks compensation for 190.25 hours of reasonable and

necessary professional fees incurred in the category of Asbestos Claims Valuation during the

Final Compensation Period in the total amount of $150,449.50.

    **C.**     **CASE ADMINISTRATION (C-06)**

      34.     During the Final Compensation Periods, the Future Claimants' Representative

reviewed various pleadings in this case and routinely communicated with counsel to remain

informed of all material developments in the case.

35.    The Future Claimants' Representative seeks compensation for 2.60 hours of reasonable and necessary professional fees incurred in the category of Case Administration during the Final Compensation Period in the total amount of $2,041.00.

**D.    FEE/EMPLOYMENT APPLICATIONS (C-10)**

*1.    Employment Applications (10-A)*

36.    During the Final Compensation Period, the Future Claimants' Representative worked on various matters involving his appointment including the review and approval of the *Supplemental Declaration of Dean M. Trafelet in Support of Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants*.  The Future Claimants' Representative also reviewed, revised and approved the *Motion of Dean M. Trafelet, Future Claimant's Representative for an Order Clarifying the Order Appointing him as Legal Representative for Future Asbestos Personal Injury Claimants and Directing Payment of his Fees and Expenses, or in the Alternative, Awarding an Administrative Expense Pursuant to Section 503(a) or (b) of the Bankruptcy Code*, seeking clarification of the effective date of his appointment and an order authorizing the Debtors' to pay his outstanding fees and expenses.

37.    The Future Claimants' Representative seeks compensation for 27.50 hours of reasonable and necessary professional fees incurred in the category of Employment Applications during the Final Compensation Period in the total amount of $21,587.50.

*2.    Monthly Fee Statements (10-B)*

38.    During the Third Interim and Final Compensation Periods, the Future Claimants' Representative prepared his monthly fee statements, as required under the Interim Compensation Order.  As indicated in the Court's July 6, 2010 ruling on the second interim fee applications of

14

various professionals, the Future Claimants' Representative is billing time spent in connection with this review at 50% (and the billed time reflects this reduction).  Preparation of the Future Claimants' Representative's monthly fee statements also included the preparation and review of monthly budgets for the Future Claimants' Representative and his professionals, and communications with SBEP and ARPC to prepare such budgets.

39.    The Future Claimants' Representative seeks compensation for 9.00 hours for reasonable and necessary professional fees incurred in the category of Monthly Fee Statements during the Third Interim Compensation Period in the total amount of $6,977.25.   The Future Claimants' Representative seeks compensation for 9.30 hours for reasonable and necessary professional fees incurred in the category of Monthly Fee Statements during the Final Compensation Period in the total amount of $7,095.00.

### 3.    *Fee Examiner Issues (10-C)*

40.    During the Third Interim Compensation Period, the Future Claimants' Representative consistently reviewed communications from the Fee Examiner to insure that his monthly fee statements were consistent with the Fee Examiner's requirements.

41.    During the Final Compensation Periods, the Future Claimants' Representative reviewed and responded to various requests for information regarding his First Interim Application.  The Future Claimants' Representative and his counsel prepared a letter in response to the Fee Examiner's initial report in an effort to clarify various time entries and resolve the Fee Examiner's concerns.  Ultimately, the Future Claimants' Representative and the Fee Examiner resolved the Fee Examiner's objections to the First Interim Application and stipulated to an agreed reduction in the Future Claimants' Representative's fees and expenses.

42.     The Future Claimants' Representative seeks compensation for 0.70 hours for reasonable and necessary professional fees incurred in the category of Fee Examiner Issues during the Third Interim Compensation Period in the total amount of $549.50.  The Future Claimants' Representative seeks compensation for 2.20 hours for reasonable and necessary professional fees incurred in the category of Fee Examiner Issues during the Final Compensation Period in the total amount of $1,727.00.

### 4.     *Fee Applications (10-D)*

43.     During the two periods encompassed in this Application, namely the Third Interim Compensation Period and the Final Compensation Period, the Future Claimants' Representative reviewed and approved his First and Second Interim Applications, as well as the interim applications for compensation and reimbursement of expenses submitted by his professionals.

44.     The Future Claimants' Representative seeks compensation for 2.90 hours of reasonable and necessary professional fees incurred in the category of Fee Applications during the Third Interim Compensation Period in the total amount of $2,276.50.   The Future Claimants' Representative seeks compensation for 7.00 hours of reasonable and necessary professional fees incurred in the category of Fee Applications during the Third Interim Compensation Period in the total amount of $5,495.00.

### E.     <u>NONWORKING TRAVEL</u> (C-15)

45.     During the Final Compensation Period the Future Claimants' Representative incurred certain fees and expenses for nonworking travel when necessary to attend hearings in this case.  The Future Claimant's Representative incurred 10.40 hours of reasonable and necessary professional fees for nonworking travel.  The Future Claimants' Representative,

16

however, has voluntarily reduced his fees in connection with nonworking travel and only seeks

compensation for 5.20 hours of nonworking travel time.

46.      The Future Claimants' Representative seeks compensation for 5.20 hours of

reasonable and necessary professional fees incurred in the category of Nonworking Travel during

the Final Compensation Period in the total amount of $4,082.00.

### F.      PLAN AND DISCLOSURE STATEMENT (C-17)

47.      During the Third Interim and Final Compensation Periods, the Future Claimants'

Representative work closely with SBEP in its extensive review and analysis of various drafts of

the of the *Debtors' Joint Chapter 11 Plan* and the *Disclosure Statement for Debtors' Joint

Chapter 11 Plan* to identify issues affecting recovery for the Future Claimants' Representative's

constituents.  The Future Claimants' Representative participated in numerous meetings and

negotiations with Debtors' counsel and other professionals relating to the adequacy of the

disclosure statement and effect of proposed plan provisions on Future Claimants.  The Future

Claimants' Representative also worked closely with SBEP to prepare and finalize the

*Memorandum of Law of Dean M. Trafelet, Future Claimants' Representative, in Support of

Confirmation of the Debtors' Amended Joint Chapter 11 Plan, Dated December 7, 2010* which

was filed on February 22, 2011 (Docket No. 9338) (the **"Memorandum in Support of

Confirmation"**).  The Future Claimants' Representative reviewed and commented on multiple

drafts of the Memorandum in Support of Confirmation.

48.      The Future Claimants' Representative seeks compensation for 18.70 hours of

reasonable and necessary professional services incurred in the category of Plan and Disclosure

Statement during the Third Interim Compensation Period in the total amount of $14,856.50.  The

Future Claimants' Representative seeks compensation for 19.80 hours of reasonable and

necessary professional services incurred in the category of Plan and Disclosure Statement during the Final Compensation Period in the total amount of $15,720.00.

## VI.
## DISBURSEMENTS

49.    The Future Claimants' Representative incurred out-of-pocket expenses in the amount of $249.06 in connection with the services rendered during the Third Interim Compensation Period.  A summary of the expenses incurred by the Future Claimants' Representative during the Third Interim Compensation Period is set forth in **Exhibit E-1**.  The Future Claimants' Representative incurred out-of-pocket expenses in the amount of $2,395.42 in connection with the services rendered during the Final Compensation Period.  A summary of the expenses incurred by the Future Claimants' Representative during the Final Compensation Period is set forth in **Exhibit E-2**.

50.    These expenses are actual, necessary, out-of-pocket expenses which are not properly included in overhead, and arise exclusively from and are traceable to the services rendered by the Future Claimants' Representative in connection with these chapter 11 cases and were incurred for the benefit of the Future Claimants and are therefore, reimbursable by the estates.  No allowable disbursement is treated as a "profit center" involving a markup over actual cost.

## VII.
## CONCLUSION

51.    The professional services summarized by this Application and rendered by the Future Claimants' Representative were substantial and beneficial to the interests of the Future Claimants that he represents.

52.    The amounts sought by the Future Claimants' Representative consist only of the actual and reasonable billable time expended by him and the actual and necessary expenses incurred by the Future Claimants' Representative during the Third Interim and Final Compensation Periods.

53.    The reasonable value of the professional services rendered by the Future Claimants' Representative during the Third Interim Compensation Period is $133,704.75 and the reasonable and necessary out-of-pocket expenses incurred by the Future Claimants' Representative are $249.06, for total allowable fees and expenses of $133,953.81.  The reasonable value of the professional services rendered by the Future Claimants' Representative during the Final Compensation Period is $214,677.50 and the reasonable and necessary out-of-pocket expenses incurred by the Future Claimants' Representative are $2,395.42, for total allowable fees and expenses of $217,072.92.

54.    The Future Claimants' Representative believes that the instant application and the description of services set forth herein of work performed are in compliance with the requirements of Local Bankruptcy Rule 2016-1, the Bankruptcy Code, the Local Guidelines and the U.S. Trustee Guidelines.  As required by the Local Guidelines a true and correct copy of the Certification of Dean M. Trafelet is attached hereto as **Exhibit G.**

*[remainder of page intentionally left blank]*

**WHEREFORE**, the Future Claimants' Representative respectfully requests the entry of an order (a) awarding the Future Claimants' Representative allowance of compensation for professional services in the amount of $133,704.75 and reimbursement of expenses in the amount of $249.06 for total compensation of $133,953.81 during the Third Interim Compensation Period; (b) awarding the Future Claimants' Representative allowance of compensation for professional services in the amount of $214,677.50 and reimbursement of expenses in the amount of $2,395.42 for total compensation of $217,072.92 during the Final Compensation Period; (c) directing payment of the foregoing amounts to the extent that such amounts have not already been paid by the Debtors, and the 20% of professional fees that has been held back from each monthly invoice, and (d) granting the Future Claimants' Representative such other and further relief as may be appropriate.

Dated: May 16, 2011
      Chicago, Illinois

Respectfully submitted,

_/s/  Dean M. Trafelet_
Dean M. Trafelet

50 West Schiller
Chicago, IL 60610
Phone: 312-335-1726
Facsimile: 312-335-8015

**Legal Representative for Future Asbestos Personal Injury Claimants**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                         :

In re                          :                  **Chapter 11 Case No.**
                          :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :         **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                          :

                  **Debtors.**      :          **(Jointly Administered)**
                          :

---------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING**
**PROCEDURES FOR INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code

(the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

**Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures

for interim compensation and reimbursement of professionals, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and upon the objection of the St. Regis Mohawk Tribe

(the "**Tribe Objection**") and the State of New York on behalf of the New York State

Department of Environmental Conservation (the "**State Objection,**" and together with the Tribe

Objection, the "**Objections**") to the Motion; and upon the reply (the "**Reply**") of Debtors to the

Objections; and a hearing having been held to consider the relief requested in the Motion (the

"**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court;

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the reasons set forth on the record of the Hearing, the Motion

is granted as provided herein; and it is further

ORDERED that the Objections are hereby overruled in their entirety; provided,

however, that the Debtors shall provide the St. Regis Mohawk Tribe (the "**Tribe**") and the New

York State Department of Environmental Conservation (the "**NYSDEC**") with the Monthly

Letter (as defined below); and it is further

ORDERED that except as may otherwise be provided in Court orders authorizing

the retention of specific professionals, all professionals in this case may seek interim

compensation in accordance with the following procedure:

(a)     Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq. and Robert Schmidt, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

(b)     Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

(c)     The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330

and 331 of the Bankruptcy Code.  Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d)     Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e)     Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f)     Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)     At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

---

[2]     The Debtors may seek to modify this requirement in the retention application of certain professionals.

(h)     If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)      If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j)      All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)     The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)      Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)    The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)     Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o)     The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q)     The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and it is further

(r)     On or before the **30th day** of each month following the month for which compensation is sought, the Debtors will transmit a letter (the "**Monthly Letter**") to (i) the attorneys for the Tribe, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: John J. Privitera Esq. and Jacob F. Lamme, Esq.) and (ii) the attorneys for the State of New York on behalf of the NYSDEC, New York State Department of Law Environmental Protection Bureau, The Capitol, Albany, New York 12224 (Attn: Maureen F. Leary, Assistant Attorney General) setting forth the aggregate fees and aggregate expenses for the period covered by the Monthly Letter for all retained professionals submitting Monthly Fee Statements.  The Tribe and NYSDEC shall have no right to object to or otherwise challenge the Monthly Statements.  The Monthly Letter is being provided for informational purposes only.

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided however, that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        _**August 7, 2009**_


                        _**s/ Robert E. Gerber**_
                        United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                        :
In re                                                   :          Chapter 11 Case No.
                                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.,*               :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*        :
                                                        :
                        **Debtors.**                    :          **(Jointly Administered)**
                                                        :
-------------------------------------------------------------x

<u>**ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE**
**BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL**
**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**</u>

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United

States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal

Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be given; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet is hereby appointed as the legal representative

(the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed, released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan for MLC, have not manifested symptoms of asbestos-related diseases resulting from such exposure, whether such individuals are determined to have "claims" under section 101(5) of the Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code (the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Orde**r"), entered by this Court on August 7, 2009 [Docket No. 3711], or such other orders as may be entered by the Court with respect compensation of professionals in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior approval of this Court, and such professionals shall be subject to the terms of the Interim Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided,*

*however*, that the Future Claimants' Representative may be liable for damages caused by his

willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable

to any person as a result of any action or omission taken or made by the Future Claimants'

Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future

Claimants' Representative harmless from any claims by any party against the Future Claimants'

Representative arising out of or relating to the performance of his duties as Future Claimants'

Representative; *provided, however*, that the Future Claimants' Representative shall not have such

indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-

appealable order that the Future Claimants' Representative is liable upon such claim as a result

of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order

confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order

and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case,

the Future Claimants' Representative believes that he is entitled to payment of any amounts by

the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement

obligations under this Order, including, without limitation, the advancement of defense costs, the

Future Claimants' Representatives must file an application therefor in this Court and the Debtors

may not pay any such amounts to the Future Claimants' Representative before the entry of an

order by this Court approving the payment.  The preceding sentence is intended to specify the

period of time under which this Court shall have the jurisdiction over any request for fees and

expenses by the Future Claimants' Representative for indemnification, contribution, or

reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the

Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the

performance of his duties as Future Claimants' Representative, the Future Claimants'

Representative shall have the right to choose his own counsel; and it is further

       ORDERED that the Future Claimants' Representative and its counsel shall be

entitled to receive all notices and pleadings which are served upon the Unsecured Creditors'

Committee pursuant to any and all orders entered in these chapter 11 cases, including, without

limitation, the Interim Compensation Order; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: **_April 8, 2010_**
     New York, New York

                  **_s/ Robert E. Gerber_**
                  UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C-1**

**EXHIBIT C-1**

**SUMMARY OF HOURS BILLED BY**
**THE FUTURE CLAIMANTS' REPRESENTATIVE**
**FOR THE THIRD INTERIM COMPENSATION PERIOD FROM**
**OCTOBER 1, 2010 THROUGH MARCH 29, 2011**

| Professional | Year Licensed to Practice Law | Year | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|---|
| Trafelet, Dean M. | Illinois - 1969 | 2010 | $785.00 | 168.75 | $133,704.75 |
| | | 2011 | $800.00 | | |

**EXHIBIT C-2**

**EXHIBIT C-2**

**SUMMARY OF HOURS BILLED BY
THE FUTURE CLAIMANTS' REPRESENTATIVE
FOR THE FINAL COMPENSATION PERIOD FROM
NOVEMBER 13, 2009 THROUGH MARCH 29, 2011**

| Professional | Year Licensed to Practice Law | Year | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|---|
| Trafelet, Dean M. | Illinois - 1969 | 2009 | $785.00 | 272.05 | $214,677.50 |
| | | 2010 | $785.00 | | |
| | | 2011 | $800.00 | | |

**EXHIBIT D-1**

**EXHIBIT D-1**

**COMPENSATION BY PROJECT CATEGORY
FOR THE THIRD INTERIM COMPENSATION PERIOD FROM
OCTOBER 1, 2010 – MARCH 29, 2011**

|  | Project Category | Total Hours | Total Fees |
|---|---|---:|---:|
| 1 | Asbestos Issues | 4.10 | $3,262.00 |
| 2 | Asbestos Claims Valuation | 133.35 | $105,783.00 |
| 3 | Asset Analysis and Recovery | — | — |
| 4 | Asset Disposition | — | — |
| 5 | Business Operations | — | — |
| 6 | Case Administration | — | — |
| 7 | Claims Administration and Objections | — | — |
| 8 | Employee Benefits/Pensions | — | — |
| 9 | Executory Contracts/Unexpired Leases | — | — |
| 10 | Fee/Employment Applications |  |  |
| 10-A | Employment Applications | — | — |
| 10-B | Monthly Fee Statements | 9.00 | $6,977.25 |
| 10-C | Fee Examiner Issues | 0.70 | $549.50 |
| 10-D | Fee Applications | 2.90 | $2,276.50 |
| 11 | Fee/Employment Objections | — | — |
| 12 | Financing/Cash Collateral | — | — |
| 13 | Hearings | — | — |
| 14 | Litigation | — | — |
| 15 | Nonworking Travel | — | — |
| 16 | Meetings of Creditors | — | — |
| 17 | Plan and Disclosure Statement | 18.70 | $14,856.50 |
| 18 | Relief from Stay Proceedings | — | — |
|  | **TOTAL** | **168.75** | **$133,704.75** |

**EXHIBIT D-2**

**EXHIBIT D-2**

**COMPENSATION BY PROJECT CATEGORY**
**FOR THE FINAL COMPENSATION PERIOD FROM**
**NOVEMBER 13, 2009 – MARCH 29, 2011**

|  | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 1 | Asbestos Issues | 8.20 | $6,480.50 |
| 2 | Asbestos Claims Valuation | 190.25 | $150,449.50 |
| 3 | Asset Analysis and Recovery | — | — |
| 4 | Asset Disposition | — | — |
| 5 | Business Operations | — | — |
| 6 | Case Administration | 2.60 | $2,041.00 |
| 7 | Claims Administration and Objections | — | — |
| 8 | Employee Benefits/Pensions | — | — |
| 9 | Executory Contracts/Unexpired Leases | — | — |
| 10 | Fee/Employment Applications |  |  |
| 10-A | Employment Applications | 27.50 | $21,587.50 |
| 10-B | Monthly Fee Statements | 9.30 | $7,095.00 |
| 10-C | Fee Examiner Issues | 2.20 | $1,727.00 |
| 10-D | Fee Applications | 7.00 | $5,495.00 |
| 11 | Fee/Employment Objections | — | — |
| 12 | Financing/Cash Collateral | — | — |
| 13 | Hearings | — | — |
| 14 | Litigation | — | — |
| 15 | Nonworking Travel | 5.20 | $4,082.00 |
| 16 | Meetings of Creditors | — | — |
| 17 | Plan and Disclosure Statement | 19.80 | $15,720.00 |
| 18 | Relief from Stay Proceedings | — | — |
|  | **TOTAL** | **272.05** | **$214,677.50** |

**EXHIBIT E-1**

**EXHIBIT E-1**

**EXPENSE SUMMARY**
**FOR THE THIRD INTERIM COMPENSATION PERIOD FROM**
**OCTOBER 1, 2010 THROUGH MARCH 29, 2011**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| **Photocopying** | |
| a. Internal Photocopying | $91.10 |
| b. External Photocopying | — |
| **Telecommunications** | |
| a. Toll Charges (Long Distance/Internet) | $100.96 |
| b. Facsimile | $10.00 |
| **Courier and Freight** | — |
| **Printing** | — |
| **Court Reporter and Transcripts** | — |
| **Messenger Service** | — |
| **Computerized Research** | — |
| **Out of Town Travel Expenses** | |
| a. Airfare | — |
| b. Hotel | — |
| c. Meals | — |
| d. Cabs/Parking | — |
| e. Mileage | — |
| f. Rental Car | — |
| **Word Processing, Secretarial and other Staff Services** | — |
| **Overtime Expenses** | |
| a. Non-Professional | — |
| b. Professional | — |
| **Local Meals** | — |
| **Local Transportation** | $47.00 |
| **Court Call / Telephonic Hearing Costs** | — |
| **Filing Fees** | — |
| **Total** | **$249.06** |

**EXHIBIT E-2**

**EXHIBIT E-2**

**EXPENSE SUMMARY**
**FOR THE FINAL COMPENSATION PERIOD FROM**
**NOVEMBER 13, 2009 THROUGH MARCH 29, 2011**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| **Photocopying** | |
| a. Internal Photocopying | $139.10 |
| b. External Photocopying | — |
| **Telecommunications** | |
| a. Toll Charges (Long Distance/Internet) | $154.98 |
| b. Facsimile | $31.25 |
| **Courier and Freight** | $162.28 |
| **Printing** | — |
| **Court Reporter and Transcripts** | — |
| **Messenger Service** | — |
| **Computerized Research** | — |
| **Out of Town Travel Expenses** | |
| a. Airfare | $776.40 |
| b. Hotel | $759.02 |
| c. Meals | $81.39 |
| d. Cabs/Parking | $244.00 |
| e. Mileage | — |
| f. Rental Car | — |
| **Word Processing, Secretarial and other Staff Services** | — |
| **Overtime Expenses** | |
| a. Non-Professional | — |
| b. Professional | — |
| **Local Meals** | — |
| **Local Transportation** | $47.00 |
| **Court Call / Telephonic Hearing Costs** | — |
| **Filing Fees** | — |
| **Total** | **$2,395.42** |

**EXHIBIT F**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**OCTOBER 2010 TIME**

| | | |
|---|---|---|
| **10/01** | **Review A. Kellman/Jaques Admiralty Law Firm's memo re: maritime asbestos exposure (.30); review and analysis of GM FELA, Boiler Inspection Act and Locomotive Inspection Act asbestos related case and claim materials (.60).** | **.90** |
| **10/04** | **Research re: GM asbestos exposure background (.40); memo to A. Brockman/ARPC re: GM asbestos exposure research (.20); review and reply to S. Esserman's scheduling memo (.10).** | **.70** |
| **10/05** | **Further review lists of GM and GM subsidiary based rail industry asbestos exposure claims (1.50); telelconf. with A. Brockman of ARPC updating GM and GM subsidiary asbestos claims (.30).** | **1.80** |
| **10/06** | **Teleconf. with Wm. Bogett re: GM and EMD asbestos claims (.60).** | **.60** |
| **10/08** | **Preparation and participation re: conference call with S. Esserman, R. Brousseau, J. Newton and A. Brockman re: update on case, discovery and research (.90); review and analysis of S. Esserman's GM Research Project Memo re: rail industry cases (1.20); review and analysis of J. Newton's memo re: GM's Electro-Motive Division (.80).** | **2.90** |
| **10/09** | **Review R. Brousseau's memo re: revisions to the disclosure statement objection (.20); reply email to R. Brousseau regarding revisions to disclosure statement objection (.10); review and analysis of J. Newton's FCR's Draft Objection to Disclosure Statement (.80); memo to J. Newton with changes and additions to Draft Objections to Disclosure Statement (.30).** | **1.40** |

| | | |
|---|---|---|
| 10/11 | Review H. Panko memo re: time estimations (.10); review schedule and respond to H. Panko request for budget information (.30). | .40 |
| 10/14 | Review and approval of November budget letter (.20); review, analysis and re-drafting suggestions for Disclosure Statement Objections (3.70). | 3.90 |
| 10/15 | Review final filed FCR Objection to Disclosure Statement (.50); review weekly update from S. Esserman and ARPC/ A. Brockman (.30); review final fee estimate letter for S. Esserman and ARPC (.20). | 1.00 |
| 10/18 | Memo to S. Esserman re: objections to Disclosure Statement (.30). | .30 |
| 10/19 | Teleconf. with J. Cooney (ACC) re: update on settlement Negotiations (.30); meeting with T. Florence re: status, anticipated completion date and thoroughness of claims data and projections (1.20) . | 1.50 |
| 10/21 | Review S. Esserman report on court hearing re: Disclosure Statement (.30); email report to S. Esserman Re: scheduling and meeting agenda for outlining Trust Agreement (.20); teleconf. with Diane Kerton of Motors Liquidation Co. re: payment processes and W-9 Form Compliance (.40). | .90 |
| 10/23 | Teleconf. with S. Esserman re: strategies and schedules to conform with court's 10/21 hearing and rulings (.40); review existing Asbestos Trust Agreement and outline draft for GM/ML proposed Trust Agreement (2.00). | 2.40 |
| 10/25 | Memo to H. Panko re: payment of fees (.20). | .20 |
| 10/27 | Review and correct H. Panko's preparation of DMT 2nd Interim Fee Application. | 0.60 |
| 10/28 | Memo to A. Brockman re: update on future asbestos estimations (.20); teleconf. with A. Brockman re: estimations issues and outstanding claim history (.30). | .50 |
| 10/29 | Memo to S. Esserman re: estimation strategy and completion timetables (.30); review September 2010 fee applications of hired professional [S. Esserman and ARPC] (.40). | .70 |

**10/30**        **Review and analysis of financial updates re: GM stock**
                    **values and impact on ML distribution to creditors (.90).**     **.90**

**Total October 2010 hours 21.60   @ $785.00 per hour = $16,956.00**

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**OCTOBER 2010**
**EXPENSES**

**Air Transportation**
**Travel Agent Fees**
**Surface Transportation**
**Hotel and Lodging**
**Meals**
**Parking..    Mileage**                               **@ 48.5**
**Gratuities**
**Long Distance Telephone/Data Port**                   **13.87**
**Printing and Photocopy**             **47 @ .10**        **4.70**
**Postage**
**Facsimile**                        **8 @ 1.25**       **10.00**
**Overnight Messenger**

**TOTAL OCTOBER EXPENSES**        **$28.57**

**TOTAL OCTOBER 2010**

                       **FCR FEES**       **$16,956.00**
                       **EXPENSES**          **28.57**
                       **GRAND TOTAL**     **$16,984.57**

**PLEASE CONTACT ME AT 920-839-1485 OR  dtrafelet@sbcglobal.net FOR CORRECT
ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE
TRANSFER PLEASE EMAIL NOTICE.**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**NOVEMBER 2010 TIME**

| | | |
|---|---|---|
| 11/01 | Meeting with J. Cooney/ACC re: claims estimations, estimation completion dates, status of discovery and negotiations (1.20). | 1.20 |
| 11/03 | Review and analysis of A. Brockman (ARPC) memo re: claims estimation data from M. Peterson (.30); review and reply to S. Esserman memo re: M. Peterson estimations (.20); teleconf. with S. Esserman re: updates and preliminary Trust Agreement and TDP outlining (.40). | .90 |
| 11/04 | Review and analysis of proposed Trust Agreement and TDP (.50), review scheduling of conferences proposed by the Debtor and ACC to coordinate finalization of claims estimations (0.3) | .80 |
| 11/05 | Review and analysis of 11/02/10 draft Trust Agreement and Trust Distribution Procedures (3.60); preparation and participation re: conference call with S. Esserman and A. Brockman regarding future claims studies (.50); teleconf. with S. Esserman re: component request for pending GM insurance claims (.20); teleconf. with M. Winegarten (Locks Law Firm) re: foreign claim data base against GM (.40); memo to S. Esserman and A. Brockman re: update on foreign claim status (.20); memo to S. Kazan re: foreign claim data on GM asbestos claims (.20). | 5.10 |
| 11/06 | Review and analysis of 11/04/10 draft Trust Agreement and Trust Distribution Procedures (2.70). | 2.70 |
| 11/08 | Further research into asbestos claims in automotive, rail and maritime areas relating to Allison Transmission Division of GM (2.00); memo to A. Brockman re: Allison Transmission research findings (.30). | 2.30 |

| 11/09 | Review and approval of DMT, SBEP and ARPC's Second Interim Fee Application and Supplement Statement re: expenses. | 1.80 |
|---|---|---|

| 11/10 | Review and analysis of Remy International corporate and asbestos claim history in connection with research regarding GM asbestos liabilities (.20); review S. Karotkin's response letter to S. Esserman's request for foreign claims (.20); review S. Esserman's second request to S. Karotkin re: foreign claims (.10); reply memo to S. Esserman in response to his email response to S. Karotkin regarding foreign claims (.10). | .60 |
|---|---|---|

| 11/11 | Preparation and participation conference call with S. Esserman and A. Brockman (ARPC) re: status and completion of claim estimations, objections to Bates White discovery, disclosure statement and updates (.70); memo to S. Esserman, R. Russo et al re: rail and maritime statutory liability in asbestos applications (.40); memo to S. Esserman et al re: FELA and Jones Act asbestos liabilities in the rail and maritime industries (.40); review S. Karotkin's response to S. Esserman's asbestos foreign claims history (.20); review and signature re: fee application (.20). | 1.90 |
|---|---|---|

| 11/12 | Review and approval of final budget letters for FCR, ARPC and FCR counsel (.20); review and analysis of Objection of Mesothelioma Claimants to UCC's subpoena (.60); review and analysis of Kazan Client's Objection of Mesothelioma Claimants to UCC's subpoena (.20); review of Cooney Client's Objection to Mesothelioma Claimant's UCC subpoena (.20); review deposition of Dr. Charles Mullin (1.70). | 2.90 |
|---|---|---|

| 11/13 | Review and analysis of Comparative Analysis of MLC PI TDP and MLC PI Trust Agreement (3.80). | 3.80 |
|---|---|---|

| 11/15 | Review S. Esserman's memo re: MLC/Smolinsky's position on scheduling estimation hearing (.20); review memos in response to MLC's proposed estimation schedule from A. Brockman and S. Esserman (.20); reply to A. Brockman and S. Esserman's memos regarding estimation schedule (.20); review T. Florence memo re: review of depositions in connection with MLC discovery issues and Bates White issues (.20). | .80 |
|---|---|---|

| | | |
|---|---|---|
| 11/16 | Review J. Newton's memo re: proposed dates for estimation hearing (.10); preparation and participation FCR meeting updates with S. Esserman, J. Brophy and T. Florence (1.20); review fee examiner's 11/16 memo regarding changes to fee application process (.10). | 1.40 |
| 11/17 | Meeting with T. Florence, J. Brophy and S. Esserman re: estimation issues,  proposed estimation schedule and case strategies (1.20). | 1.20 |
| 11/19 | Reviewand approval of October time and expense (.30 @ 50%); review and analysis of T. Florence's updated memo re: estimation (.20). | .50 |
| 11/22 | Review S. Esserman memo re: ACC agreement on claimants  (.20); review J. Cooney memo re: hearing and resolution of discovery issues (.20); review and analysis of proposed mesothelioma values (.10); review ARPC's analysis of ACC agreement re: meso claims (.30). | .80 |
| 11/23 | Review and analysis ACC' s proposed stipulation for withdrawal of UCC's subpoenas  and suggested modifications (.60); review and reply to S. Esserman memo re: estimation issues (.40). | 1.00 |
| 11/26 | Review and analysis of S. Esserman's memo re: ACC and FCR discovery (.40); review draft stipulation with UCC/ACC/FCR re: claims estimations (.50); review and analysis of S. Esserman memo re: proposed stipulation for claims estimation (.30). | 1.20 |
| 11/27 | Review S. Esserman modifications to draft discovery Stipulation (.30); reply memo to S. Esserman re: Suggested modifications to discovery Stipulations (.20); review and respond to S. Esserman's analysis and suggestions re: claims estimation numbers (.30); review and analysis of ARPC's response to claims estimation time deadline (.20). | 1.00 |
| 11/28 | Review of final stipulation regarding discovery (.60); memo to S. Esserman accepting final draft of stipulation (.20). | .80 |
| 11/29 | Memo to S. Esserman and A. Brockman re: scheduling and agenda for conference call regarding claims estimation information and timetable (.30). | .30 |

| 11/30 | Final review and concurrence with discovery Stipulation (.30); preparation and participation teleconf. with S. Esserman and A. Brockman (ARPC) re: updates, claims estimation, payment percentage and projections (.90); review and analysis of court transcript of 11/22/10 (.70); teleconf. with S. Esserman re: claims values (.60); telephone conference with ACC/J. Cooney re: valuation and claims estimate issues (.40). | |
|---|---|---|
| | | 2.90 |

**Total November 2010 hours = 35.60 @ $785.00 per hour + 0.30 @ $392.50 per hour = $28,063.75**

### DEAN M. TRAFELET
### GENERAL MOTORS – FCR
### NOVEMBER 2010
### EXPENSES

| | | | |
|---|---|---|---|
| **Air Transportation** | | | |
| **Travel Agent Fees** | | | |
| **Surface Transportation** | | | |
| **Hotel and Lodging** | | | |
| **Meals** | | | |
| **Parking..    Mileage** | | @ 48.5 | |
| **Gratuities** | | | |
| **Long Distance Telephone/Data Port** | | | 9.17 |
| **Printing and Photocopy** | 42 @ .10 | | 4.20 |
| **Postage** | | | |
| **Facsimile** | | @ 1.25 | |
| **Overnight Messenger** | | | |

| **TOTAL NOVEMBER EXPENSES** | **$13.37** |
|---|---|

**TOTAL NOVEMBER 2010**

| | |
|---|---|
| **FCR FEES** | **$28,063.75** |
| **EXPENSES** | **13.37** |
| **GRAND TOTAL** | **$28,077.12** |

**PLEASE CONTACT ME AT 920-839-1485 OR dtrafelet@sbcglobal.net FOR CORRECT ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY. IF BY WIRE TRANSFER PLEASE EMAIL NOTICE.**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**DECEMBER 2010 TIME**

| | | |
|---|---|---|
| 12/01 | Review draft fee examiner's report re: DMT/FCR second interim fee application (.30). | .30 |
| 12/02 | Teleconf. with A. Brockman re: claims estimations and scheduling for review of claims estimations (.20); memo exchange with S. Esserman re: strategy and claims estimation issues (.20); review and analysis of S. Esserman's report on court's scheduling hearing (.20); research comparables for number of trustees re: ML/GM settlement trust (1.10). | 1.70 |
| 12/03 | Review and analysis of court's 12/02 order (.30); review S. Esserman's memo re: court's estimation discovery order (.30); review and analysis of Second Interim Fee Application and Fee Examiner's Report (.40). | 1.00 |
| 12/05 | Review and analysis of S. Esserman's analysis re: current Disclosure Statement amendments (.60); memo to S. Esserman regarding disclosure statement amendments (.30). | .90 |
| 12/06 | Research Remy International's historical claims re: asbestos exposure, litigation and verdict history (1.20); review and comment on J. Newton's corrections and comments on draft Plan and Disclosure Statement (.60); review, analysis and comment on draft Objection to Amended Disclosure Statement (.40); teleconf. with S. Esserman re: Disclosure Statement and other objections (.20); additional review with comments and suggestions of Second Draft Objections to Disclosure Statement (.70); memo exchange with S. Esserman re: GM subsidiaries claims and insurance issues (.40); review ACC/T. Swett's comments and suggestions re: objections to Disclosure Statement (.30); review and reply to T. Swett's memo re: S. Karotkin's response to Disclosure Statement's preliminary objections (.30). | 4.10 |

| | | |
|---|---|---|
| **12/07** | **Review, analysis and advice from S. Esserman's re: 12/07 court proceedings (.30); memo to S. Esserman concerning claims issues and negotiations (.20).** | **.50** |
| **12/08** | **Review  November 2010 time and expenses (.40 @ 50% = .20); teleconf. with J. Cooney/ACC  re: review and evaluation of current level of claim estimations and payment percentage issues (.40).** | **.60** |
| **12/11** | **Review and analysis of S. Esserman's report on expert witness issues (.20); memo to S. Esserman re: continuing discovery requests (.20).** | **.40** |
| **12/13** | **Review amended and updated January 2011 fee and expense letter (.20); memo to H. Panko re: changes to January fee and expense letter (.10).** | **.30** |
| **12/15** | **Teleconf. with S. Esserman and A. Brockman (ARPC) re: estimation updates , case status and claims estimation resolution (.30); review FCR discovery requests to debtor (.50); review J. Newton's memo re: bar date issues (.20).** | **1.00** |
| **12/16** | **Review and analysis of court's 12/15/10 estimation order (.30); review J. Newton's response to UCC's reply to FCR's discovery request (.20); reply memo to J. Newton re: UCC's objections to discovery timetable (.10).** | **.60** |
| **12/17** | **Memo to S. Esserman re: 2011 fee schedule (.20); review H. Panko memo re: AlixPartners' payment of DMT back fees and expenses (.20).** | **.40** |
| **12/21** | **Teleconf. with S. Esserman re: initial UCC offer to settle and potential claim values  (.40); research and outline potential trust corpus cash flows and claims payments (2.00).** | **2.40** |
| **12/22** | **Review monthly fee statement of ARPC, S. Esserman and DMT (.30); review and respond to D. Kerton of Motors Liquidation Co. re: wire transfer instructions (.20).** | **.50** |
| **12/23** | **Review Responses and Objections to FCR Discovery Requests (.50); memo to S. Esserman re: compliance with Discovery Requests (.20); review A. D. Foley claim letter (.20); review MLC response to A. D. Foley claim (.20).** | **1.10** |

| 12/27 | Review A. Brockman's memo re: UCC's objections to FCR discovery (.20); review court's Notice of Approval of Disclosure Statement (.30). | .50 |
|---|---|---|
| 12/28 | Preparation and participation conference call with J. Newton, S. Esserman and A. Brockman re: discovery updates and status and parameters of settlement negotiations (.60); review Judge Gerber's 12/22/10 fee award order (.20). | .80 |
| 12/29 | Review ARPC preliminary report on UCC discovery (.20) and review of updated staffing report (.20). | .40 |
| 12/30 | Review and analysis of S. Esserman report on settlement negotiations (.40); memo to S. Esserman, A. Brockman and T. Florence re: settlement parameters (.20); review and confirm FCR settlement position conference call scheduling (.20); preparation and participation conference call with S. Esserman, A. Brockman et al re: settlement issues and strategy (.40); further analysis of claim estimates and settlement Numbers (.90); teleconference with J. Cooney re: settlement amount and conditions (.40); teleconf. with S. Esserman re: settlement authority and terms (.40). | 2.90 |
| 12/31 | Review and analysis of proposed FCR/ACC settlement terms (.40); memo to S. Esserman re: confirmation of proposed settlement terms (.20). | .60 |

**Total December 2010 hours = 21.00 @ $785.00 per hour = $16,485.00**

**DEAN M. TRAFELET
GENERAL MOTORS – FCR
DECEMBER 2010
EXPENSES**

| | | |
|---|---|---|
| Air Transportation | | |
| Travel Agent Fees | | |
| Surface Transportation | | |
| Hotel and Lodging | | |
| Meals | | |
| Parking | | |
| Mileage | @ 48.5 | |
| Gratuities | | |
| Long Distance Telephone/Data Port | | 37.61 |

**Printing and Photocopy**          **109  @ .10**                    10.90
**Postage**
**Facsimile**                              @ 1.25
**Overnight Messenger**


**TOTAL DECEMBER EXPENSES**                    **$48.51**

**TOTAL DECEMBER 2010**

|  | **FCR FEES** | **$16,485.00** |
|---|---|---|
|  | **EXPENSES** | **48.51** |
|  | **GRAND TOTAL** | **$16,533.51** |

**PLEASE CONTACT ME AT 920-839-1485 OR dtrafelet@sbcglobal.net FOR CORRECT
ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE
TRANSFER PLEASE EMAIL NOTICE.**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**JANUARY 2011 TIME**

| | | |
|---|---|---|
| 01/03 | Teleconf. with S. Esserman re: updates on settlement and review of unresolved settlement issues (.50); review court's 12/08/10 Notice of Approval of Disclosure Statement (.20). | .70 |
| 01/04 | Review and analysis of T. Swett's memo report from S. Karotkin regarding settlement terms and potential resolution of outstanding settlement issues (.40); review S. Esserman's comments and advice re: S. Karotkin's Memo (.20); review and analysis of proposed Trust Agreement with comparison to existing qualified settlement trusts (3.70); memo to J. Brophy of ARPC re: final claims data (.20). | 4.50 |
| 01/05 | Meeting with J. Cooney of ACC re: outstanding settlement issues, Trust Agreement and TDP (2.70); review and analysis of proposed Trust Agreement and TDP with other qualified settlement trusts (2.00). | 4.70 |
| 01/07 | Review and analysis of ML's 01/07/11 response to FCR and ACC production requests (.30); review and submit February time and expense estimates (.40); review, analysis and inquiry to S. Esserman re: updated protected party language (.70); review S. Esserman's additional interpretation of protected party language (.30). | 1.70 |
| 01/08 | Review and analysis of Debtor's Motion to Reject Utility Service Agreement (.20). | .20 |
| 01/10 | Teleconf. with S. Kazan (ACC) re: terms of settlement and protected party issues (.40); memo to J. Cooney re: protected party issues (.20). | .60 |

| | | |
|---|---|---|
| 01/11 | Review monthly operating report (.40); memo to S. Esserman on status update (.20). | .60 |
| 01/12 | Review 01/12/11 revised stipulation draft agreement (.50); teleconf. with S. Esserman re: outstanding terms stipulation ( .40). | .90 |
| 01/13 | Review updates and redrafts of stipulation (1.70); tele-conference with S. Esserman re: stipulation issues (.30). | 2.00 |
| 01/14 | Teleconf. with S. Esserman re: current updates on settlement status (.30). | .30 |
| 01/19 | Memo to S. Esserman re: updates (.10); review S. Esserman's 01/19/11 update (.20). | .30 |
| 01/20 | Review, correct and approve 12/10 time and expenses (.40); review S. Esserman's memo outline on acceptance of the final Stipulation (.20); teleconf. with S. Esserman re: finalization and execution of the Stipulation and funding of the trust (.30). | .90 |
| 01/24 | Memo to S. Esserman re: modifications to Trust Agreement and TDP (.20); teleconf. with S. Esserman re: modifications to Trust Agreement and TDP (.20); memo to H. Panko updating billing accounts (.10). | .50 |
| 01/27 | Meeting with ACC re: modification to Trust Agreement and Trust Distribution Procedures (1.20); review debtor's 157th – 167th Omnibus Objections to Claims (.60); meeting with J. Cooney re: Trust Agreement and TDP (.60). | 2.40 |
| 01/28 | Memo to S. Esserman re: the injunction aspect against future claimants (.30). | .30 |
| 01/29 | Outline modifications to Trust Agreement and TDP (1.70). | 1.70 |
| 01/31 | Review and approval of Monthly Fee Statements of FCR, FCR counsel and ARPC to all parties (.30). | .30 |

**Total January 2011 hours = 22.60 @ $800.00 per hour = $18,080.00**

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**JANUARY 2011**
**EXPENSES**

| | | | |
|---|---|---|---|
| **Air Transportation** | | | |
| **Travel Agent Fees** | | | |
| **Surface Transportation** | | | |
| **Hotel and Lodging** | | | |
| **Meals** | | | |
| **Parking** | | | |
| **Mileage** | | @ 48.5 | |
| **Gratuities** | | | |
| **Long Distance Telephone/Data Port** | | | 5.27 |
| **Printing and Photocopy** | 71 | @ .10 | 7.10 |
| **Postage** | | | |
| **Facsimile** | | @ 1.25 | |
| **Overnight Messenger** | | | |

**TOTAL JANUARY  EXPENSES**          $12.37

**TOTAL JANUARY 2011**

|  |  |
|---|---|
| **FCR FEES** | $18,080.00 |
| **EXPENSES** | 12.37 |
| **GRAND TOTAL** | $18,092.37 |

**PLEASE CONTACT ME AT 920-839-1485 OR  dtrafelet@sbcglobal.net FOR CORRECT ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE TRANSFER PLEASE EMAIL NOTICE.**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**FEBRUARY 2011 TIME**

| | | |
|---|---|---|
| 02/02 | Review court's amended Notice of Matters Scheduled for 02/03/11 hearing (.20). | .20 |
| 02/05 | Memo to S. Esserman re: scheduling and FCR legal memo (.40). | .40 |
| 02/07 | Review and preparation of file re: TDP and Trust Agreement (.50); teleconf. with S. Esserman re: confirmation and proposed changes to TDP and TA (.30). | .80 |
| 02/08 | Review and submit March 2011 fee and expense estimates (.30); review S. Karotkin memo re: March 3, 2011 hearing and need for witnesses (.20). | .50 |
| 02/10 | Review and analysis of 12/31/10 Monthly Operating Report (.40). | .40 |
| 02/11 | Research and analysis of potential trustees background, experience and potential conflicts (5.80). | 5.80 |
| 02/12 | Teleconf. with J. Cooney re: Trust Agreement and TDP Issues (.50). | .50 |
| 02/14 | Teleconf. with ACC re: trustee qualifications and potential candidates (.70); review and analysis of Notice of Hearing re: Estimating Maximum Amount of Certain Claims Reserves (.30); review S. Esserman memo re: courts entry allowing asbestos stipulation (.20). | 1.20 |
| 02/15 | Review and respond to March budget estimates (.30). | .30 |
| 02/16 | Review and analysis of Debtor's two (2) Motions to Establish Claims Reserves (.70); memo to S. Esserman confirming and approving same (.20). | .90 |

| | | |
|---|---|---|
| **02/17** | **Teleconf. with J. Brophy/ARPC re: status of claim history data and TDP issues (.50); review and analysis of proposed TDP partially noting changes and additions (2.80); memo to S. Esserman for updates on claims estimations (.30).** | **3.60** |
| **02/18** | **Review and analysis of S. Esserman's memo re: TDP issues (.30); reply memo to S. Esserman with directions for continued retention of ARPC's analysis and claim projections (.40); memo to J. Cooney re: trustee selection (.50); research K. Watson background and qualifications for trustee (.60).** | **1.80** |
| **02/19** | **Teleconf. with J. Cooney re: payment percentage issues, matrix and MAP issues (.50); review and analysis of Debtor's Supplemental Amended Joint Chapter 11 Plan (1.20).** | **1.70** |
| **02/20** | **Review, analysis and suggestions of FCR's Brief In Support of Confirmation and Declaration (2.70); memo to S. Esserman with suggestions and corrections to Brief In Support of Confirmation and Declaration (.40).** | **3.10** |
| **02/21** | **Teleconf. with J. Brophy/ARPC re: status and schedule re: claims estimation analysis (.30); review S. Esserman's memo re: funding and finalizing outstanding issues in preparation for final order (.40); review potential financial experts for FCR (.80).** | **1.50** |
| **02/22** | **Teleconf. with K. Watson, trustee designate re: trust organization, representation and scheduling (.50); review filed FCR Brief In Support of Debtor's Amended Plan and Memo of Law (.50).** | **1.00** |
| **02/23** | **Review and analysis of Debtor's Memorandum of Law In Support Of Confirmation of Amended Joint Chapter 11 Plan And Response to Objections To Plan (.90); review and analysis of proposed trust funding and securities instruments (.60); memo to S. Esserman re: changes to the TA and TDP (.40).** | **1.90** |
| **02/24** | **Review and analysis of ACC's counsel's memo re: changes to TDP (1.00); review and analysis of Wilmington Trust's Limited Response of Wilmington Trust Company as Indenture Trustee to the Objections of (I) The California Department of Toxic Substances Control;, (II) The State of New York, and (III) The Town of Salina to the Debtors' Amended** | |

|  | | |
|---|---|---|
| | **Joint Chapter 11 Plan (.30) and Statement of the Official Committee of Unsecured Creditors in Support of the Debtors' Amended Joint Chapter 11 Plan (.50); review S. Esserman memo of confirmation re: changes to TDP (.20).** | **2.00** |
| **02/25** | **Review and analysis of 02/25/11 redlined modifications to TDP with suggestions and additions (3.70).** | **3.70** |
| **02/26** | **Teleconf. with S. Esserman re: updates on TDP (.20).** | **.20** |
| **02/27** | **Review S. Esserman memo re: purchase options of GM stock (.30); review file and forward suggested language for TPD re: marine engine frication parts exposure (.40).** | **.70** |
| **02/21** | **Teleconf. with K. Watson (trustee designate) re: trust start-up agenda and retention of professionals (.50).** | **.50** |
| **02/22** | **Teleconf. with trustee and forward AWR Executive Director materials (.50); teleconf. with J. Melville (.50); teleconf. with D. Campbell (.25).** | **1.00** |
| **02/23** | **Teleconf. with A. Kress re: representation (.50); memo to J. Melville re: March 11/12 meetings (.25); memo to K. Watson re: TDP and TA changes (.50); review K. Watson memo re: trust language and scheduling (.25); memo to ARPC re: finalization of claims research and estimations (.25).** | **1.75** |
| | | **37.75** |

**Total February 2011 hours = 37.75 @ $800.00 = $30,200.00**

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**FEBRUARY 2011**
**EXPENSES**

| | | |
|---|---|---|
| Air Transportation | | |
| Travel Agent Fees | | |
| Surface Transportation | | |
| Hotel and Lodging | | |
| Meals | | |
| Parking | | |
| Mileage | @ 48.5 | |
| Gratuities | | |
| Long Distance Telephone/Data Port | | 17.21 |
| Printing and Photocopy | 157 @ .10 | 57.50 |
| Postage | | |
| Facsimile | @ 1.25 | |
| Overnight Messenger | | |

**TOTAL FEBRUARY EXPENSES**          $74.71

**TOTAL FEBRUARY 2011**

| | |
|---|---|
| FCR FEES | $30,200.00 |
| EXPENSES | 74.71 |
| GRAND TOTAL | $ 30,274.71 |

PLEASE CONTACT ME AT 920-839-1485 OR  dtrafelet@sbcglobal.net FOR CORRECT
ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE
TRANSFER PLEASE EMAIL NOTICE.

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**MARCH 2011 TIME**

| | | |
|---|---|---|
| 03/02 | Meeting with ARPC re: updating and status of finalizing claims estimations and research on marine and rail exposures (.70) and research and modeling system issues (.40); meeting with A. Kress re: payment percentage and securities issues (.60). | 1.70 |
| 03/03 | Review S. Esserman's memo re: update and analysis of court hearing and comments re: confirmation plan (.40). | .40 |
| 03/04 | Review January 2011 fee statements for FCR, FCR counsel and ARPC (.20); review final draft of TDP and Trust Agreement (3.20); review and copy with A. Kress' request re: contact information (.20); further review and anaylsis of updated version of TDP and TA additional review of final version (2.30). | 5.90 |
| 03/07 | Review and comply with A. Kress' request re: trust's professionals contact information (.30); further review proposed final version of TDP and TA (1.80). | 2.10 |
| 03/08 | Review court's order adjourning and resetting hearing (.20); memo to S. Esserman re: updating schedule, court hearing and trust funding issues (.30); review S. Esserman memo report re: scheduling (.20); teleconf. with J. Melville [trust security legal counsel] re: scheduling of advisor's interviews (.30). | 1.00 |
| 03/09 | Memo to D. Campbell re: agenda matters (.20); review Flexitronics Proof of Claim (.20). | .40 |
| 03/10 | Review and analysis of Cambridge Associates' (financial advisor to the trust) memos and SCG Information Packet (.80); telelconf. with J. Melville re: coordination and scheduling preliminary trust meeting (.20); preparation and participation trust organizational meeting (2.20). | 3.20 |

| | | |
|---|---|---|
| 03/11 | **Review and analysis of ML Monthly Operating Report (.40); review and forward April fee and expense budget (.30).** | **.70** |
| 03/12 | **Memo exchange with A. Kress re: scheduling and TDP (.20).** | **.20** |
| 3/13 | **Review and analysis of January Monthly Operating Report (.30).** | **.30** |
| 03/14 | **Memo to S. Esserman re: lack of SOL in TDP (.20); review S. Esserman responses to TDP and TA issues and probable solutions (.50); lengthy teleconf. with A. Kress re: TA and TDP discrepcancies and possible resolution .60); additional teleconf. with A. Kress with follow-up report of discussions with Campbell & Levine re: TA and TDP as written affects on SOL, estimation, sequencing adjustment costs and New GM issues (.70).** | **2.00** |
| 03/15 | **Review final fee and expense letter transmittal for DMT, ARPC and SBEP (.30); review and analysis of David Irwin's Motion re: intrusive property testing (.20).** | **.50** |
| 03/16 | **Review and forward Longacre Memo (.30); review M. Chen response to Longacre memo and reply memo (.20).** | **.50** |
| 03/18 | **Review, analysis and response to D. Campbell's memo re: additional changes and modifications to TDP and TA (.50); review and analysis of J. Melville's memo re: valuation and disposition restrictions of warrants (.30); lengthy teleconf. with A. Kress and follow-up analysis re: securities issues, funding of trust and related legal issues (.70).** | **1.50** |
| 03/20 | **Review and analysis of Debtor's Second Amended Joint Chapter 11 Plan (1.70); memo to S. Esserman re: comments and execution coordination (.20);review A. McMillan's (ACC's counsel) memo agreeing to further language modifications to the TDP (.20).** | **2.10** |
| 03/21 | **Review S. Esserman's memo to ACC counsel re: statute of limitations issues (.20); review K. Campbell's [trust counsel] memo re: changes to TDP terms and language (.20).** | **.40** |
| 03/22 | **Review further S. Esserman memo re: TDP language change (.30) and reply to confirm and agree (.20);** | |

|  |  | |
|---|---|---|
|  | review T, Swett's memo re: SOL (.20); lengthy memo to S. Esserman outlining pros and cons of SOL in the TDP (.60); meeting with S. Esserman re: Sol (.20); meeting with J. Melville [trust security counsel] and D. Campbell [trust counsel] re: SOL and liquidity issues (.90). | **2.40** |
| **03/23** | Teleconf. with J. Melville re: trust funding and securities issues (.50); review, analysis and reponsd to S. Esserman memo re: ACC position on SOL within the TDP and related pre-petition bar dates (1.40). | **1.90** |
| **03/24** | Review policy and process D&O coverage for trust, FCR and TAC (.80); review Debtor's Omnibus Objection to Claims (.20). | **1.00** |
| **03/25** | Review, execute and process MLC Asbestos PI Trust Agreement (1.20); review and approval of 03/25/11 revisions to SOL and claims forecasting issues (.50). | **1.70** |
| **03/29** | Review A. Kress' analysis and updates re: SOL in TDP (.40). | **.40** |
| **03/30** | Review February ARPC, Esserman and FCR fee statements (.40); review final SOL changes to the TDP and advise and authorize release of FCR signature page (2.10). | **2.50** |
| **03/31** | Review confirmation of trust going effective and wire transfer of funds (.40); A. Kress' memo review re: authorizations for FCR signature (.30). | **.70** |

**Total March 2011 hours = 33.50 @ $800.00 per hour = $26,800.00**

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**MARCH 2011**
**EXPENSES**

**Air Transportation**
**Travel Agent Fees**
**Surface Transportation**

| | | | |
|---|---|---|---|
| 03/11 | office – meeting | 12.00 |
| | meeting – office | 12.00 |
| 03/12 | office – meeting | 11.00 |
| | meeting – office | 12.00 |

**Hotel and Lodging**
**Meals**
**Parking**
**Mileage** @ 48.5
**Gratuities**
**Long Distance Telephone/Data Port** 17.83
**Printing and Photocopy** 67 @ .10 6.70
**Postage**
**Facsimile** @ 1.25
**Overnight Messenger**


**TOTAL MARCH 2011 EXPENSES** $71.53


**TOTAL MARCH 2011**

| | |
|---|---|
| **FCR FEES** | $26,800.00 |
| **EXPENSES** | 71.53 |
| **GRAND TOTAL** | $26,871.53 |

**PLEASE CONTACT ME AT 920-839-1485 OR dtrafelet@sbcglobal.net FOR CORRECT
ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE
TRANSFER PLEASE EMAIL NOTICE.**

**EXHIBIT G**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | Case No. 09-50026 (REG) |
| | ) | |
| f/k/a General Motors Corp., *et al.* | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

-------------------------------------------------------------X


**CERTIFICATION OF DEAN M. TRAFELET**
**IN SUPPORT OF THIRD INTERIM AND FINAL APPLICATION OF**
**DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR**
**FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH MARCH 29, 2011,**
**AND THE FINAL PERIOD FROM NOVEMBER 13, 2009 THROUGH MARCH 29, 2011**


I, Dean M. Trafelet, certify as follows:

1.      I am over the age of 18 years, and am competent and otherwise qualified to make

this Certification.  Unless otherwise stated in this Certification, I have personal knowledge of the

facts set forth herein.

2.      I submit this Certification in support of the *Third Interim and Final Application of Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period from October 1, 2010 through March 29, 2011, and the Final Period from November 13, 2009 through March 29, 2011* (the "**Application**") and in accordance with the Local Guidelines.[1]

3.      I am the duly appointed Future Claimants' Representative in the above-captioned case responsible for compliance with the Local Guidelines.

4.      I have read the Application.

5.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the Application complies with the Local Guidelines.

6.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the Application are true and correct and the fees and disbursements sought in the Application fall within the Local Guidelines and the U.S. Trustee Guidelines, except as specifically noted herein.

7.      Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by the Future Claimants' Representative.

8.      To the best of my knowledge, information and belief, with respect to disbursements for which reimbursement is sought I do not make a profit on such disbursements, whether the service is performed in-house or by a third-party.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

9.      In accordance with the Interim Compensation Order, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel for the Creditors' Committee have each been provided with a statement of fees and disbursements accruing during each month for which compensation is sought in the Application on or about the 30th day of each month following the end of the month for which compensation was sought. Counsel for the Fee Examiner and counsel for the Asbestos Committee were also provided with copies of the Future Claimants' Representative's monthly fee statements.

10.     In accordance with the Interim Compensation Order and the Local Guidelines, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel to the Creditors' Committee will each be provided with a copy of the Application simultaneously with the filing thereof.  Counsel for the Fee Examiner and counsel for the Asbestos Committee will also be provided with a copy of the Application simultaneously with the filing thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of May 2011, in Chicago, Illinois.

*/s/ Dean M. Trafelet*
Dean M. Trafelet