**Hearing Date: To be determined**
**Objection Deadline: To be determined**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                             )
In re                                                        )        Chapter 11
                                                             )
MOTORS LIQUIDATION COMPANY, *et al.,*                        )        Case No. 09-50026 (REG)
                                                             )
    f/k/a General Motors Corp., *et al.*                     )
                                                             )
                                    Debtors.                 )        (Jointly Administered)
-------------------------------------------------------------X

**THIRD INTERIM AND FINAL APPLICATION OF STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION,**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**INCURRED AS COUNSEL FOR DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL**
**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**
**FOR THE INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH MARCH 29, 2011**
**AND THE FINAL PERIOD FROM FEBRUARY 24, 2010 THROUGH MARCH 29, 2011**

# SUMMARY COVERSHEET TO THE THIRD INTERIM & FINAL APPLICATION OF STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION

| | |
|---|---|
| NAME OF APPLICANT: | Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation |
| AUTHORIZED TO PROVIDE SERVICES TO: | Dean M. Trafelet, in his capacity as Legal Representative for Future Asbestos Personal Injury Claimants. |
| DATE OF ENTRY OF ORDER OF APPOINTMENT: | April 15, 2010 |
| EFFECTIVE DATE OF APPOINTMENT: | February 24, 2010 |
| PERIODS FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | October 1, 2010 through March 29, 2011 (Third Interim Compensation Period)<br><br>February 24, 2010 through March 29, 2011 (Final Compensation Period) |
| TOTAL PROFESSIONAL FEES SOUGHT IN THE THIRD INTERIM APPLICATION: | $684,676.75 |
| TOTAL PROFESSIONAL FEES SOUGHT IN THE FINAL APPLICATION: | $1,063,489.75 |
| TOTAL EXPENSES SOUGHT IN THE THIRD INTERIM APPLICATION: | $12,251.58 |
| TOTAL EXPENSES SOUGHT IN THE FINAL APPLICATION: | $20,235.95 |
| TOTAL COMPENSATION SOUGHT IN THE THIRD INTERIM APPLICATION (FEES AND EXPENSES): | $696,928.33 |
| TOTAL COMPENSATION SOUGHT IN THE FINAL APPLICATION (FEES AND EXPENSES): | $1,083,725.70 |
| TOTAL ATTORNEY HOURS IN THE THIRD INTERIM APPLICATION: | 1,467.40 |

| | |
|---|---|
| TOTAL ATTORNEY HOURS IN THE FINAL APPLICATION: | 2,324.00 |
| TOTAL PARAPROFESSIONAL HOURS IN THE THIRD INTERIM APPLICATION: | 33.70 |
| TOTAL PARAPROFESSIONAL HOURS IN THE FINAL APPLICATION: | 48.60 |
| TOTAL PROFESSIONAL HOURS (ATTORNEYS AND PARAPROFESSIONALS) IN THE THIRD INTERIM APPLICATION: | 1,501.10 |
| TOTAL PROFESSIONAL HOURS (ATTORNEYS AND PARAPROFESSIONALS) IN THE FINAL APPLICATION: | 2,372.60 |
| BLENDED HOURLY RATE (ALL PROFESSIONALS) IN THE THIRD INTERIM APPLICATION: | $456.12 |
| BLENDED HOURLY RATE (ALL PROFESSIONALS) IN THE FINAL APPLICATION: | $448.24 |
| BLENDED HOURLY RATE (ATTORNEYS ONLY) IN THE THIRD INTERIM APPLICATION: | $462.78 |
| BLENDED HOURLY RATE (ATTORNEYS ONLY) IN THE FINAL APPLICATION: | $454.06 |
| INTERIM OR FINAL APPLICATION: | This is Applicant's third interim and final application for compensation. |

## SUMMARY OF PRIOR APPLICATIONS

| Date Application Filed | Docket No. | Compensation Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Holdback (if any) |
|---|---|---|---|---|---|---|---|
| 7/15/2010 | 6352 | February 24, 2010 – May 30, 2010 | $63,314.50 | $3,712.78 | $61,510.35 | $3,647.84 | $6,151.04 |
| 11/15/2010 | 7749 | June 1, 2010 – September 30, 2010 | $315,498.50 | $4,271.59 | $314,028.12 | $4,271.59 | $31,402.81 |

## SUMMARY OF HOURS BILLED BY PROFESSIONAL
## DURING THE THIRD INTERIM COMPENSATION PERIOD

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Year(s) worked on case | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|---|
| Brousseau, Robert T. | Shareholder Member TX bar since 1972. | 2010 | $550 | 231.20 | $125,922.50 |
|  |  | 2011 | $550 |  |  |
| D'Apice, Peter C. | Shareholder Member NY bar since 1988, TX bar since 1991. | 2011 | $550 | 3.20 | $1,717.50 |
| Ducayet, Andrea L. | Shareholder Member TX bar since 2001, FL bar since 2001. | 2011 | $400 | 126.60 | $49,968.00 |
| Esserman, Sander L. | Shareholder Member TX bar since 1976. | 2010 | $725 | 265.00 | $192,125.00 |
|  |  | 2011 | $725 |  |  |
| Felsenthal, Steven A., | Shareholder Member WI bar since 1974. TX bar since 1992. | 2011 | $725 | 4.30 | $3,117.50 |
| Hartwick, Jo E. | Shareholder Member TX bar since 1990. | 2010 | $395 | 106.60 | $42,731.00 |
|  |  | 2011 | $410 |  |  |
| Newton, Jacob L. | Shareholder Member AR bar since 2001, TX bar since 2004. | 2010 | $425 | 266.00 | $114,842.50 |
|  |  | 2011 | $440 |  |  |
| Parsons, David J. | Shareholder Member TX bar since 2002. | 2011 | $400 | 49.80 | $19,354.50 |
| Taylor, Cliff I. | Shareholder Member TX bar since 2003. | 2011 | $400 | 51.90 | $20,330.00 |
| Cioni, Briana L. | Associate Member TX bar since 2005. | 2010 | $300 | 96.50 | $30,672.50 |
|  |  | 2011 | $325 |  |  |
| Khoshbin, Terrie D. | Associate Member IL bar since 1990, TX bar since 1993. | 2011 | $335 | 43.40 | $14,539.00 |
| Panko, Heather J. | Associate Member TX bar since 2006. | 2010 | $300 | 188.60 | $55,240.00 |
|  |  | 2011 | $325 |  |  |
| Stringer, Rachael L. | Associate Member TX bar since 2008. | 2010 | $250 | 34.30 | $8,481.25 |
|  |  | 2011 | $275 |  |  |
| Fain, Melanie R. | Paralegal | 2011 | $95 | 5.00 | $475.00 |
| Jeffery, Cindy L. | Paralegal | 2010 | $175 | 28.70 | $5,160.50 |
|  |  | 2011 | $185 |  |  |
| **Grand Total** |  |  |  | **1,501.10** | **$684,676.75** |
| Blended Rate(All professionals): |  |  |  |  | $456.12 |
| Blended Rate (Attorneys only): |  |  |  |  | $462.78 |

## SUMMARY OF HOURS BILLED BY PROFESSIONAL
## DURING THE FINAL COMPENSATION PERIOD

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Year(s) worked on case | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|---|
| Brousseau, Robert T. | Shareholder Member TX bar since 1972. | 2010 | $550 | 409.50 | $223,987.50 |
| | | 2011 | $550 | | |
| D'Apice, Peter C. | Shareholder Member NY bar since 1988, TX bar since 1991. | 2011 | $550 | 3.20 | $1,717.50 |
| Ducayet, Andrea L. | Shareholder Member TX bar since 2001, FL bar since 2001. | 2011 | $400 | 127.40 | $50,276.00 |
| Esserman, Sander L. | Shareholder Member TX bar since 1976. | 2010 | $725 | 373.70 | $270,932.50 |
| | | 2011 | $725 | | |
| Felsenthal, Steven A., | Shareholder Member WI bar since 1974. TX bar since 1992. | 2011 | $725 | 4.30 | $3,117.50 |
| Hartwick, Jo E. | Shareholder Member TX bar since 1990. | 2010 | $395 | 292.20 | $115,911.00 |
| | | 2011 | $410 | | |
| Newton, Jacob L. | Shareholder Member AR bar since 2001, TX bar since 2004. | 2010 | $425 | 395.40 | $168,350.00 |
| | | 2011 | $440 | | |
| Parsons, David J. | Shareholder Member TX bar since 2002. | 2011 | $400 | 49.80 | $19,354.50 |
| Taylor, Cliff I. | Shareholder Member TX bar since 2003. | 2011 | $400 | 51.90 | $20,330.00 |
| Cioni, Briana L. | Associate Member TX bar since 2005. | 2010 | $300 | 111.90 | $35,292.50 |
| | | 2011 | $325 | | |
| Khoshbin, Terrie D. | Associate Member IL bar since 1990, TX bar since 1993. | 2011 | $335 | 43.40 | $14,539.00 |
| Panko, Heather J. | Associate Member TX bar since 2006. | 2010 | $300 | 395.50 | $115,142.50 |
| | | 2011 | $325 | | |
| Stringer, Rachael L. | Associate Member TX bar since 2008. | 2010 | $250 | 65.80 | $16,296.25 |
| | | 2011 | $275 | | |
| Fain, Melanie R. | Paralegal | 2011 | $95 | 5.00 | $475.00 |
| Jeffery, Cindy L. | Paralegal | 2010 | $175 | 43.60 | $7,768.00 |
| | | 2011 | $185 | | |
| **Grand Total** | | | | **2,372.60** | **$1,063,489.75** |
| Blended Rate(All professionals): | | | | | $448.24 |
| Blended Rate (Attorneys only): | | | | | $454.06 |

# TABLE OF CONTENTS

**SUMMARY COVERSHEET** ........................................................................... i

**SUMMARY OF PRIOR APPLICATIONS** .................................................. iv

**SUMMARY OF HOURS BILLED BY PROFESSIONAL
DURING THE THIRD INTERIM COMPENSATION PERIOD** ........................................... v

**SUMMARY OF HOURS BILLED BY PROFESSIONAL
DURING THE FINAL COMPENSATION PERIOD** ........................................... vi

**TABLE OF CONTENTS** ............................................................................ vii

**TABLE OF AUTHORITIES** ..................................................................... viii

**INDEX OF EXHIBITS** ............................................................................... ix

**THIRD INTERIM AND FINAL APPLICATION** ...................................... 1

    **I.**    **PRELIMINARY STATEMENT** ........................................... 2

    **II.**    **JURISDICTION AND VENUE** ......................................... 4

    **III.**    **BACKGROUND** ................................................................... 4

    **IV.**    **STATUTORY BASIS FOR COMPENSATION** ................ 7

    **V.**    **SUMMARY OF SERVICES RENDERED** ...................... 11

        **A.**    **ASBESTOS ISSUES (C-01)** ................................... 11

        **B.**    **ASBESTOS CLAIMS VALUATION (C-02)** ........... 13

        **C.**    **FEE/EMPLOYMENT APPLICATIONS (C-10)** ..... 17

            *1.*    *Employment Applications (10-A)* ............... 17

            *2.*    *Monthly Fee Statements (10-B)* ................. 19

            *3.*    *Fee Examiner Issues (10-C)* ...................... 20

            *4.*    *Fee Applications (10-D)* ............................. 22

        **D.**    **HEARINGS (C-13)** ................................................ 24

        **E.**    **NONWORKING TRAVEL (C-15)** ......................... 25

        **F.**    **PLAN AND DISCLOSURE STATEMENT (C-17)** .. 26

    **VI.**    **DISBURSEMENTS** ........................................................... 29

    **VII.**    **CONCLUSION** ................................................................... 30

# TABLE OF AUTHORITIES

**<u>Statutes</u>**

11 U.S.C. § 105................................................................................................................. 1
11 U.S.C. § 328................................................................................................................. 1
11 U.S.C. § 330........................................................................................................ 1, 7, 8
11 U.S.C. § 330(a)(1)........................................................................................................ 8
11 U.S.C. § 330(a)(3)........................................................................................................ 8
11 U.S.C. § 330(a)(3)(A)-(F)....................................................................................... 8, 9
11 U.S.C. § 331........................................................................................................ 1, 7, 8
28 U.S.C. § 1334.............................................................................................................. 5
28 U.S.C. § 1408.............................................................................................................. 5
28 U.S.C. § 1409.............................................................................................................. 5
28 U.S.C. § 157................................................................................................................ 5
28 U.S.C. § 157(b)(2)(A)................................................................................................. 5

**<u>Rules</u>**

Fed. R. Bankr. P. 2016 .............................................................................................. 1, 7
Local Bankruptcy Rule 2016-1 ....................................................................................... 1

## INDEX OF EXHIBITS

**Exhibit A**          Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals

**Exhibit B**          Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants

**Exhibit C**          Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel as of February 24, 2010

**Exhibit D-1**        Summary of Fees by Professional – Third Interim Period

**Exhibit D-2**        Summary of Fees by Professional – Final Period

**Exhibit E-1**        Summary of Fees by Project Category – Third Interim Period

**Exhibit E-2**        Summary of Fees by Project Category – Final Period

**Exhibit F-1**        Expense Summary – Third Interim Period

**Exhibit F-2**        Expense Summary – Final Period

**Exhibit G**          Monthly Invoices – Third Interim Period

**Exhibit H**          Certification of Sander L. Esserman in Support of Third Interim and Final Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period from October 1, 2010 through March 29, 2011, and the Final Period from February 24, 2010 through March 29, 2011

**THIRD INTERIM AND FINAL APPLICATION OF STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED AS COUNSEL FOR DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS
FOR THE INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH MARCH 29, 2011
AND THE FINAL PERIOD FROM FEBRUARY 24, 2010 THROUGH MARCH 29, 2011**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**Applicant**" or

"**SBEP**"), counsel to Dean M. Trafelet in his capacity as legal representative for future asbestos

personal injury claimants (the "**Future Claimants' Representative**") in the chapter 11 case of

Motors Liquidation Company (f/k/a General Motors Corp.) ("**MLC**" or the "**Debtor**"), submits

this application (the "**Application**") for the allowance of interim compensation and

reimbursement of expenses for the interim period from October 1, 2010 through March 29, 2011

(the "**Third Interim Compensation Period**"), and the final period from February 24, 2010

through March 29, 2011 (the "**Final Compensation Period**") pursuant to 11 U.S.C. §§ 105, 330

and 331; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

Local Bankruptcy Rule 2016-1; and this Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* signed on August 7, 2009 (Docket No. 3711) (the "**Interim Compensation**

**Order**").  In support hereof, SBEP respectfully shows this Court as follows:

## I.
## PRELIMINARY STATEMENT

1.      By this Application,[1] SBEP seeks approval of the sum of $684,676.75 for services rendered during the Third Interim Compensation Period and $12,251.58 for the reimbursement of expenses incurred in connection with the rendition of such services, for a total third interim award of $696,928.33.  SBEP further seeks approval of the sum of $1,063,489.75 for services rendered during the Final Compensation Period and $20,235.95 for the reimbursement of expenses incurred in connection with the rendition of such services, for a total final award of $1,083,725.70.

2.      On July 15, 2010, SBEP filed the *First Interim Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Period from February 24, 2010 through May 31, 2010,*  (the "**First Interim Application**") seeking allowance of $63,314.50 in professional fees and reimbursement of expenses in the amount of $3,712.78.  On November 24, 2010 this Court entered its Order Granting, *inter alia*, Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 through May 31, 2010 (Docket No. 7910), and awarded SBEP $61,510.04 in professional fees, including a 10% holdback of $6,151.40, and $3,647.84 in reasonable expenses.

---

[1] This Application has been prepared in accordance with the Interim Compensation Order, which is attached hereto as **Exhibit A**, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (General Order M-389) dated November 25, 2009 (the "**Local Guidelines**") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee Guidelines**").

3.      On November 15, 2010, SBEP filed the *Second Interim Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Period from June 1, 2010 through September 30, 2010*,  (the "**Second Interim Application**") seeking allowance of $315,498.50 in professional fees and reimbursement of expenses in the amount of $4,271.59.  On December 22, 2010, this Court entered its Order Granting, *inter alia*, Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 through September 30, 2010 (Docket No. 8289), and awarded SBEP $ 314,028.12 in professional fees, including a 10% holdback of $31,402.81, and $ 4,271.59 in reasonable expenses.

4.      Other than the payments made by the Debtors to SBEP for fees incurred during the prior interim fee period, and those payments if any, described below, which were made in accordance with this Court's Interim Compensation Order, SBEP has not received payment of any compensation or reimbursement of expenses in these chapter 11 cases.  There is no agreement or understanding between SBEP and any other person for the sharing of compensation to be received for services rendered during the Debtors' chapter 11 cases.

5.      Pursuant to the terms of the Interim Compensation Order, SBEP, as indicated in the chart below, submitted six invoices for services rendered and reimbursement of expenses incurred during the Third Interim Compensation Period.

3

| Time Period Covered by Invoice | Fees Requested | Expenses Requested | Payment Received |
|---|---|---|---|
| October 2010 | $101,7762.50 | $3,485.33 | $84,895.33 |
| November 2010 | $154,692.00 | $3,303.90 | $127,057.50 |
| December 2010 | $90,676.50 | $2,100.39 | $74,641.59 |
| January 2011 | $103,570.50 | $1,293.15 | $85,909.55 |
| February 2011 | $166,912.25 | $321.88 | $0.00 |
| March 2011[2] | $67,063.00 | $1,769.13 | $0.00 |
| Totals | **$684,676.75** | **$12,251.28** | **$372,503.97** |

6.      In total, SBEP submitted monthly invoices during the Third Interim Compensation Period for fees of $684,676.75[3] and expenses of $12,251.58.  As of the date of this Application, SBEP has not received any objections to its monthly invoices.  SBEP has received payments from the Debtors representing 80% of the fees and 100% of the expenses for services rendered and invoiced from October 1, 2010 through January 2011.  As of May 13, 2011, SBEP has not received any payments from the Debtors for fees and expenses related to services rendered during the period covered by its February and March 2011 invoices.

7.      Prior to the service of each monthly invoice, SBEP conducted an internal review of the fees and expenses incurred during that month.  As a result of such review, SBEP determined to write off $287.50 in fees.  The monthly invoices reflected the reduced amount

---

[2] In this Application, SBEP is only requesting approval of professional fees and expenses incurred through March 29, 2011, which is the date of confirmation of the Debtors' Second Amended Joint Chapter 11 Plan (Docket No. 9941).

[3] SBEP hereby submits revised invoices for the months of January, February, and March 2011, which are attached hereto as **Exhibit G**.  Mr. Sander L. Esserman's rate in this case was inadvertently raised to his 2011 rate of $775 which applies in his other cases.  The revised invoices reflect a rate of $725 for Mr. Esserman for 2011.

after any write offs.  Accordingly, SBEP hereby seeks allowance of fees incurred for the Third Interim Compensation Period in the amount of $684,676.75, and reimbursement of actual and necessary expenses incurred for the Third Interim Compensation Period in the amount of $12,251.58, for a total interim award of $696,928.73.  As of May 13, 2011, $312,172.78 in the requested fees and expenses for the Third Interim Compensation Period remain unpaid.

8.      Through this Application, SBEP seeks approval of all monthly fees and expenses that have been paid to date during the Final Compensation Period, as well as authorization to receive (i) any unpaid monthly fees and expenses on account of the above monthly invoices from the Third Interim Compensation Period, and (ii) the twenty percent (20%) of its fees previously held back from each of the invoices previously submitted in accordance with the Interim Compensation Order.

**II.**
**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the District Court's *Standing Order of Referral of Bankruptcy Cases to Bankruptcy Judges* dated July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**III.**
**BACKGROUND**

10.     On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**") commenced this case under chapter 11 of the Bankruptcy Code.

11.     On June 3, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").  (*See* Docket No. 356).  Since that time, the

membership of the Creditors' Committee has been reconstituted twice.  *See First Amended*

*Appointment of the Official Committee of Unsecured Creditors* (Docket No. 4552); *see also*

*Second Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No.

5201).

12.    On December 23, 2009, the Court appointed Brady C. Williamson as the Fee

Examiner, pursuant to the Stipulation and Order with Respect to Appointment of a Fee Examiner

(Docket No. 4708).

13.    On March 2, 2010, the United States Trustee appointed the Official Committee of

Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the

"**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**")

(Docket No. 5206).

14.    On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and*

*1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative*

*for Future Asbestos Personal Injury Claimants* (the "**Appointment Motion**") (Docket No. 5214)

asking this Court to appoint the Future Claimants' Representative to represent and protect the

interests of holders of future asbestos personal injury claims against the Debtors (the "**Future**

**Claimants**").  In the Appointment Motion, the Debtors' stated their intention to propose a plan

of reorganization that will establish a trust to process and pay current and future asbestos

personal injury claims against the Debtors.  Pursuant to an order (the "**FCR Appointment**

**Order**"), dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future

Claimants' Representative (Docket No. 5459, attached hereto as **Exhibit B**).

15.    On March 16, 2010, the Future Claimants' Representative filed his *Application of*

*Dean M. Trafelet as Proposed Legal Representative for Future Asbestos Personal Injury*

*Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional*

*Corporation as His Counsel as of February 24, 2010* (Docket No. 5275).

16.     By Order signed on April 15, 2010, this Court authorized the Future Claimants'

Representative to retain and employ SBEP as his bankruptcy counsel effective as of February 24,

2010.  A true and correct copy of the *Order Granting Application of Dean M. Trafelet as Legal*

*Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman,*

*Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel as of February 24,*

*2010* (the "**Retention Order**") (Docket No. 5506) is attached hereto as **Exhibit C.**

17.     Pursuant to the terms of the Retention Order, SBEP is authorized to seek

compensation and reimbursement in accordance with the Interim Compensation Order under

Sections 330 and 331 of the Bankruptcy Code.

## IV.
## STATUTORY BASIS FOR COMPENSATION

18.     The statutory predicates for the award of fees and expenses under the Application

are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.

Pursuant to Sections 330 and 331 of the Bankruptcy Code, SBEP seeks compensation for actual

and necessary professional services rendered and for reimbursement of expenses incurred during

the Third Interim Compensation Period and the Final Compensation Period.

19.     Section 331 of the Bankruptcy Code provides as follows:

> A trustee, examiner, a debtor's attorney, or any other professional
> person employed under section 327 or 1103 of [the Bankruptcy
> Code] may apply to the court not more than once every 120 days
> after an order for relief in a case under this title, or more often if
> the court permits, for such compensation for services rendered
> before the date of such an application or reimbursement for
> expenses incurred before such date as is provided under section
> 330 of [the Bankruptcy Code].  After notice and a hearing, the

> court may allow and disburse to such applicant such compensation
> or reimbursement.

11 U.S.C. § 331.

20.     Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award an

applicant, as counsel for a debtor, creditors' committee or other professional employed pursuant

to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of expenses.

Specifically, Section 330 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1)  After notice to the parties in interest and the United States
> Trustee and a hearing, and subject to sections 326, 328, and 329,
> the court may award to a trustee, … or a professional person
> employed under section 327 or 1103—
>
> (A)     reasonable compensation for actual, necessary
> services rendered by the trustee, examiner, ombudsman,
> professional person, or attorney and by any paraprofessional
> person employed by any such person; and
>
> (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

21.     Section 330(a)(3) provides that in determining the amount of reasonable

compensation to be awarded, the court should consider the nature, extent and value of the

services rendered to the estate, taking into account all relevant factors including

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time at which the service was rendered
> toward the completion of, a case under [the Bankruptcy Code];
>
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3)(A)-(F).

22.     SBEP's request for compensation for professional services and reimbursement for expenses incurred on behalf of the Future Claimant's Representative and his constituents is reasonable.

23.     SBEP agreed to represent the Future Claimants' Representative at hourly rates for its attorneys, paralegals, and law clerks, and on the same basis and factors as are normally considered in determining fees.  The rates charged are the normal rates charged by SBEP for the work performed in similar matters for similar clients for this law firm.  SBEP represents and would demonstrate that the hourly rates charged by SBEP for the services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other experienced bankruptcy counsel and other professionals in matters of this type.  As required by the Local Guidelines and the U.S. Trustee Guidelines, the cover page of the Application includes a schedule of all shareholders, associates and paralegals of SBEP who rendered services to the Future Claimants' Representative during the Third Interim and Final Compensation Periods, showing their hourly billing rates and the total hours expended by each during the Third Interim and Final Compensation Periods.

24.     All professionals rendering services in this case have made a deliberate effort to avoid any unnecessary duplication of work and time expended.  When more routine tasks were involved, SBEP utilized the talents of its less experienced attorneys or paraprofessionals

whenever possible to reduce the overall fees in this matter without sacrificing the quality of services rendered.

25.     SBEP represents that all services for which allowance of compensation is requested were performed on behalf of the Future Claimants' Representative and his constituents, and not on behalf of any committee, creditor or any other person.  Furthermore, SBEP respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the protection of the interests of the Future Claimants' Representative and his constituents.  The services performed by SBEP were performed economically, effectively and efficiently, and the results obtained have benefited not only the Future Claimants' Representative and his constituents, but also the Debtors, the Debtors' estates and other parties in interest.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Future Claimants' Representative and the Debtors' estate.

26.     For the Court's review, a summary containing the name of each professional providing services during the Third Interim Compensation Period, including the professional's standard billing rate, is attached hereto as **Exhibit D-1.**  A summary containing the name of each professional providing services during the Final Compensation Period, including the professional's standard billing rate, is attached hereto as **Exhibit D-2.**

27.     A summary of the time expended by SBEP and the total value of professional services rendered identified by project task category during the Third Interim Compensation Period is attached hereto as **Exhibit E-1**.  A summary of the time expended by SBEP and the total value of professional services rendered identified by project task category during the Final Compensation Period is attached hereto as **Exhibit E-2**.

10

28.     Attached hereto as **Exhibit F-1** is a summary of the expenses incurred by SBEP

during the Third Interim Compensation Period, and attached hereto as **Exhibit F-2** is a summary

of the expenses incurred by SBEP during the Final Compensation Period

29.     Attached hereto as **Exhibit G** are SBEP's monthly invoices for the Third Interim

Compensation Period which contain descriptions of the services rendered by SBEP on a daily

basis.  SBEP's invoices for the First and Second Interim Compensation Periods are attached to

SBEP's First and Second Interim Applications (Docket Nos. 6352 and 7749) and are

incorporated herein by reference.

**V.**
**SUMMARY OF SERVICES RENDERED**

30.     With respect to the time and labor expended by SBEP in this case during the

Third Interim Compensation Period, as set forth in **Exhibits D-1 and E-1**, SBEP rendered

professional services in the amount of $684,676.75.  With respect to the time and labor expended

by SBEP in this case during the Final Compensation Period, as set forth in **Exhibits D-2 and E-**

**2**, SBEP rendered professional services in the amount of $1,063,489.75.  SBEP believes that it is

appropriate for it to be compensated for the time spent in connection with these matters, and sets

forth a brief narrative description of the services rendered for or on behalf of the Future

Claimants' Representative and his constituents, and the time expended, organized by project task

categories, as follows:

A.     **ASBESTOS ISSUES** **(C-01)**

31.     During the Third Interim Compensation Period and throughout the Final

Compensation Period, SBEP regularly reviewed various pleadings in this case that raised issues

affecting the rights of the Future Claimants.  SBEP routinely communicated with the Future

Claimants' Representative, the Debtors, the Committees, and other interested parties to remain

11

informed of all material developments in the case, and regularly communicated with the Future

Claimants' Representative about his duties and responsibilities under the Bankruptcy Code.

32.    SBEP seeks compensation for 44.50 hours of reasonable and necessary

professional fees incurred in the category of Asbestos Issues during the Third Interim

Compensation Period in the total amount of $14,077.00.  SBEP seeks compensation for 97.00

hours of reasonable and necessary professional fees incurred in the category of Asbestos Issues

during the Final Compensation Period in the total amount of $36,829.50.

33.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional during the Third Interim

Compensation Period is provided in the following table.

| ASBESTOS ISSUES – (C-01) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 0.30 | $165.00 |
| D'Apice, Peter C. | Shareholder | 0.70 | $380.00 |
| Esserman, Sander L. | Shareholder | 7.20 | $5,220.00 |
| Hartwick, Jo E. | Shareholder | 6.50 | $2,575.00 |
| Newton, Jacob L. | Shareholder | 0.60 | $258.00 |
| Panko, Heather J. | Associate | 1.90 | $577.50 |
| Jeffrey, Cindy L. | Paralegal | 27.30 | $4,901.50 |
| **TOTALS** | | 44.50 | $14,077.00 |

34.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional during the Final Compensation

Period is provided in the following table.

| ASBESTOS ISSUES – (C-01) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 0.30 | $165.00 |
| D'Apice, Peter C. | Shareholder | 0.70 | $380.00 |
| Esserman, Sander L. | Shareholder | 24.80 | $17,980.00 |
| Hartwick, Jo E. | Shareholder | 19.50 | $7,710.00 |
| Newton, Jacob L. | Shareholder | 0.60 | $258.00 |
| Panko, Heather J. | Associate | 10.40 | $3,090.00 |
| Jeffrey, Cindy L. | Paralegal | 40.70 | $7,246.50 |
| **TOTALS** | | 97.00 | $36,829.50 |

### B.    ASBESTOS CLAIMS VALUATION (C-02)

35.    During the Third Interim Compensation Period, SBEP worked extensively with the Future Claimants' Representative and Analysis Research Planning Corporation ("**ARPC**"), the Future Claimants' Representative's asbestos claims valuation consultant, as well as counsel for the Debtors, the unsecured creditors' committee (the "**Committee**"), and the official committee of holders of asbestos personal injury claims (the "**Asbestos Committee**") to estimate the value of future asbestos claims and negotiate a settlement under the Debtors' plan that would provide compensation to such future asbestos claims.  Such negotiations were complex and protracted, involving multiple meetings and phone calls with representatives and Debtors, the Committee, and the Asbestos Committee, as well as extensive research on value of the claims held by the Future Claimants.  SBEP also worked closely with the Future Claimants' Representative to perform research and take discovery regarding the value of his constituents' claims based on a variety of factors. These efforts culminated in the Court's entry of its

13

*Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* (Docket No. 9214) (the "**Asbestos Settlement Stipulation**").  Following the entry of the Asbestos Settlement Stipulation, SBEP performed significant work to assist the Future Claimants' Representative and ARPC with tasks related to the creation and start-up of the Asbestos Trust created under the Debtors' plan, including extensive drafting and revisions to the proposed Trust Agreement and Trust Distributions Procedures.

36.    Throughout the Final Compensation Period, SBEP worked with the Future Claimants' Representative and ARPC to determine the information needed to identify, estimate, classify and value the asbestos-related liabilities of the Debtors.  SBEP also worked with the Debtors, the Committees, and their respective professionals to analyze and resolve various issues relating to access to the Debtors' historical and current asbestos-related claims information, as well as various financial information pertinent to the Debtors' asbestos-related liabilities.

37.    In connection with the efforts of the Future Claimants' Representative to obtain access to the various sources of information needed to analyze the Debtors' asbestos-related liabilities, SBEP, on behalf of the Future Claimants' Representative, prepared and filed the *Legal Representative for Future Asbestos Claimants' Application for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing and Directing (A) the Production of Documents and (B) the Oral Examination of Individuals Designated by the Debtors and New GM Believed to Have Knowledge of Relevant Matters* (Docket No. 6379) through which the Future Claimants' Representative sought entry of an order allowing him to take discovery from the Debtors and New GM regarding the asbestos-related liabilities of the Debtors.  SBEP was also extensively engaged in the negotiations related to the resolution of the various discovery requests submitted by the Committees and the Debtors.  These negotiations resulted in the

resolution of numerous issues relating to the protection of confidential asbestos-claimant information and ultimately allowed the Future Claimants' Representative and his professionals to obtain access to the data needed to perform an analysis and estimation of the Debtors' asbestos-related liabilities.  SBEP also conducted research regarding the Debtors' various product lines and potential sources of exposure to asbestos-containing products manufactured by the Debtors, which enabled the Future Claimants' Representative and his professionals to identify the universe of claims against the Debtors.  SBEP also conducted an investigation into the Debtors' insurance and the availability of insurance coverage for asbestos-related claims against the Debtors.

38.     SBEP seeks compensation for 688.20 hours of reasonable and necessary professional fees incurred in the category of Asbestos Claims Valuation during the Third Interim Compensation Period in the total amount of $323,680.00.  SBEP seeks compensation for 1,095.60 hours of reasonable and necessary professional fees incurred in the category of Asbestos Claims Valuation during the Final Compensation Period in the total amount of $524,956.50.

39.     A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Third Interim Compensation Period is provided in the following table.

| ASBESTOS CLAIMS VALUATION (C-02) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 97.90 | $53,817.50 |
| Ducayet, Andrea L. | Shareholder | 56.80 | $22,048.00 |
| Esserman, Sander L. | Shareholder | 133.20 | $96,570.00 |

15

| Felsenthal, Steven A. | Shareholder | 4.30 | $3,117.50 |
|---|---|---|---|
| Hartwick, Jo E. | Shareholder | 40.40 | $15,980.50 |
| Newton, Jacob L. | Shareholder | 157.50 | $68,005.50 |
| Parsons, David J. | Shareholder | 38.50 | $14,866.00 |
| Taylor, Cliff I. | Shareholder | 17.20 | $6,450.00 |
| Cioni, Briana L. | Associate | 73.20 | $23,100.00 |
| Panko, Heather J. | Associate | 58.00 | $16,895.00 |
| Stringer, Rachael L. | Associate | 11.20 | $2,830.00 |
| **TOTALS** | | 688.20 | $323,680.00 |

40.     A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Final Compensation Period is provided in the following table.

| ASBESTOS CLAIMS VALUATION (C-02) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 239.40 | $131,642.50 |
| Ducayet, Andrea L. | Shareholder | 56.80 | $22,048.00 |
| Esserman, Sander L. | Shareholder | 190.60 | $138,185.00 |
| Felsenthal, Steven A. | Shareholder | 4.30 | $3,117.50 |
| Hartwick, Jo E. | Shareholder | 107.20 | $42,234.50 |
| Newton, Jacob L. | Shareholder | 268.90 | $115,350.50 |
| Parsons, David J. | Shareholder | 38.50 | $14,866.00 |
| Taylor, Cliff I. | Shareholder | 17.20 | $6,450.00 |
| Cioni, Briana L. | Associate | 87.40 | $27,360.00 |

16

| Panko, Heather J. | Associate | 64.30 | $18,535.00 |
|---|---|---:|---:|
| Stringer, Rachael L. | Associate | 20.30 | $4,505.00 |
| Jeffrey, Cindy L. | Paralegal | 0.70 | $122.50 |
| **TOTALS** | | 1,095.60 | $524,956.50 |

## C. **FEE/EMPLOYMENT APPLICATIONS** (C-10)

### 1. *Employment Applications (10-A)*

41.     During the Third Interim Compensation Period, SBEP reviewed the Asbestos Committee's application to retain Epiq Bankruptcy Solutions, LLC as its service agent for any effect such employment might have on the Future Claimants' Representative's constituents.

42.     Throughout the Final Compensation Period, SBEP attended to various matters involving the appointment of the Future Claimants' Representative, including preparing its own employment application, as well as the applications of the Future Claimants' Representative and ARPC.  SBEP also prepared a *Supplemental Declaration of Dean M. Trafelet in Support of Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants*, as well as the *Motion of Dean M. Trafelet, Future Claimant's Representative for an Order Clarifying the Order Appointing him as Legal Representative for Future Asbestos Personal Injury Claimants and Directing Payment of his Fees and Expenses, or in the Alternative, Awarding an Administrative Expenses Pursuant to Section 503(a) or (b) of the Bankruptcy Code* (the "**Clarification Motion**")*,* seeking clarification of the effective date of the Future Claimants' Representative's appointment and an order authorizing the Debtors' to pay his outstanding fees and expenses.  SBEP also attended the hearing on the Clarification Motion, which was granted by the Court.

17

43.    SBEP seeks compensation for 1.2 hours of reasonable and necessary professional fees incurred in the category of Employment Applications during the Third Interim Compensation Period in the total amount of $474.00.  SBEP seeks compensation for 152.60 hours of reasonable and necessary professional fees incurred in the category of Employment Applications during the Final Compensation Period in the total amount of $62,023.50.

44.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Third Interim Compensation Period is provided in the following table.

| EMPLOYMENT APPLICATIONS (10-A) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Hartwick, Jo E. | Shareholder | 1.20 | $474.00 |
| **TOTALS** | | 1.20 | $474.00 |

45.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Final Compensation Period is provided in the following table.

| EMPLOYMENT APPLICATIONS (10-A) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 11.30 | $6,215.00 |
| Ducayet, Andrea L. | Shareholder | 0.80 | $308.00 |
| Esserman, Sander L. | Shareholder | 20.60 | $14,935.00 |
| Hartwick, Jo E. | Shareholder | 42.90 | $16,943.00 |
| Newton, Jacob L. | Shareholder | 7.90 | $3,357.50 |
| Cioni, Briana L. | Associate | 1.20 | $360.00 |

| Panko, Heather J. | Associate | 67.90 | $19,905.00 |
|---|---|---|---|
| **TOTALS** | | 152.60 | $62,023.50 |

### 2. *Monthly Fee Statements (10-B)*

46.     During both the Third Interim and Final Compensation Periods, SBEP prepared

its monthly fee statements, as required under the Interim Compensation Order, and assisted the

Future Claimants' Representative and ARPC with the preparation and service of their monthly

fee statements.  SBEP also reviewed the monthly fee statements of SBEP, the Future Claimants'

Representative and ARPC to prevent any privileged and/or confidential information from

disclosure in the monthly fee statements.  Pursuant to the Court's July 6, 2010, ruling on the

second interim fee applications of various professionals, SBEP billed its time spent in connection

with this review at 50% (and the billed time reflects this reduction).[4]

47.     SBEP seeks compensation for 39.00 hours for reasonable and necessary

professional fees incurred in the category of Monthly Fee Statements during the Third Interim

Compensation Period in the total amount of $10,685.00.  SBEP seeks compensation for 47.90

hours for reasonable and necessary professional fees incurred in the category of Monthly Fee

Statements during the Final Compensation Period in the total amount of $12,343.50.

48.     A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional during the Third Interim

Compensation Period is provided in the following table.

---

[4] As noted on all of SBEP's invoices for the Third Interim Compensation Period, all time in this category is billed at one-half the applicable hourly rate. During the month of June 2010, instead of billing the applicable time entries at one-half the applicable hourly rate, SBEP wrote off one-half of the time billed during the month of June related to the review of monthly fee statements. Since that time, and throughout the remainder of the Final Application Period, SBEP has endeavored to ensure that time spent in connection with the monthly fee statements is billed at 50%.

| MONTHLY FEE STATEMENTS (10-B) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 1.00 | $725.00 |
| Newton, Jacob L. | Shareholder | 0.80 | $347.50 |
| Panko, Heather J. | Associate | 20.90 | $5,542.50 |
| Stringer, Rachael L. | Associate | 16.30 | $4,070.00 |
| **TOTALS** | | 39.00 | $10,685.00 |

49.     A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Final Compensation Period is provided in the following table.

| MONTHLY FEE STATEMENTS (10-B) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 1.20 | $870.00 |
| Hartwick, Jo E. | Shareholder | 0.30 | $118.50 |
| Newton, Jacob L. | Shareholder | 0.80 | $347.50 |
| Panko, Heather J. | Associate | 60.00 | $6,937.50 |
| Stringer, Rachael L. | Associate | 16.30 | $4,070.00 |
| **TOTALS** | | | $12,343.50 |

### 3.      *Fee Examiner Issues (10-C)*

50.     During the Third Interim and Final Compensation Periods, SBEP reviewed and responded to the various requests for information regarding its First and Second Interim Applications and monthly fee statements.  SBEP prepared a letter in response to and engaged in

numerous phone conversations with counsel for the Fee Examiner in an effort to resolve various issues raised by the Fee Examiner. SBEP also reviewed and responded to the Fee Examiner's requests for information regarding the Future Claimants' Representative's first interim fee application and worked with the Future Claimants' Representative and counsel for the Fee Examiner to resolve the Fee Examiner's concerns regarding the Future Claimants' Representative's fees and expenses. In addition, SBEP assisted ARPC in its review and response to the Fee Examiner's reports regarding ARPC's first interim fee application and monthly fee statements. SBEP's efforts in this area allowed SBEP and the Future Claimants' Representative to resolve the Fee Examiner's objections to their respective fees and expenses, resulting in agreed reductions.

51.    SBEP seeks compensation for 20.00 hours for reasonable and necessary professional fees incurred in the category of Fee Examiner Issues during the Third Interim Compensation Period in the total amount of $7,106.50. SBEP seeks compensation for 69.50 hours for reasonable and necessary professional fees incurred in the category of Fee Examiner Issues during the Final Compensation Period in the total amount of $22,988.00.

52.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Third Interim Compensation Period is provided in the following table.

| FEE EXAMINER ISSUES (10-C) | | | |
| --- | --- | --- | --- |
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 2.00 | $1,450.00 |
| Hartwick, Jo E. | Shareholder | 1.40 | $574.00 |
| Newton, Jacob L. | Shareholder | 0.20 | $85.00 |

21

| Panko, Heather J. | Associate | 16.40 | $4,997.50 |
| TOTALS | | 20.00 | $7,106.50 |

53.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Final Compensation Period is provided in the following table.

| FEE EXAMINER ISSUES (10-C) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 3.60 | $2,610.00 |
| Hartwick, Jo E. | Shareholder | 5.10 | $2,035.50 |
| Newton, Jacob L. | Shareholder | 0.20 | $85.00 |
| Panko, Heather J. | Associate | 60.60 | $18,275.50 |
| TOTALS | | 69.50 | $22,988.00 |

### 4.    *Fee Applications (10-D)*

54.    During the two periods encompassed in the Application, namely the Third Interim Compensation Period and the Final Compensation Period, SBEP prepared its First and Second Interim Applications as required under the Interim Compensation Order.  SBEP also prepared the first interim and second interim fee applications for the Future Claimants' Representative and ARPC.  The time spent by SBEP in this category also includes time spent preparing the monthly budget letters for the Future Claimants' Representative, SBEP and ARPC as required under the order appointing the Fee Examiner.

55.    SBEP seeks compensation for 64.40 hours for reasonable and necessary professional fees incurred in the category of Fee Applications during the Third Interim

Compensation Period in the total amount of $21,117.00. SBEP seeks compensation for 131.60 hours for reasonable and necessary professional fees incurred in the category of Fee Applications during the Final Compensation Period in the total amount of $40,545.50.

56.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Third Interim Compensation Period is provided in the following table.

| FEE APPLICATIONS (10-D) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 3.70 | $2,682.50 |
| Hartwick, Jo E. | Shareholder | 1.10 | $434.50 |
| Panko, Heather J. | Associate | 59.10 | $17,862.50 |
| Stringer, Rachael L. | Associate | 0.50 | $137.50 |
| **TOTALS** | | 64.40 | $21,117.00 |

57.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Final Compensation Period is provided in the following table.

| FEE APPLICATIONS (10-D) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 5.00 | $3,625.00 |
| Hartwick, Jo E. | Shareholder | 2.40 | $948.00 |
| Panko, Heather J. | Associate | 100.70 | $30,055.00 |
| Stringer, Rachael L. | Associate | 23.50 | $5,917.50 |
| **TOTALS** | | 131.60 | $40,545.50 |

D.    **HEARINGS** (C-13)

58.    During the Final Compensation Period, SBEP attended hearings in New York, including the hearing on the appointment of the Future Claimants' Representative and the application to employ SBEP.  SBEP also attended the hearing on the *Third Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) Extending Exclusive Periods in which Debtors may file a Chapter 11 Plan and Solicit Acceptances Thereof*.  Attendance at these hearings and status conferences was necessary to allow SBEP to represent the Future Claimants' Representative and to protect the interests of the Future Claimants that he represents.

59.    SBEP seeks compensation for 4.20 hours of reasonable and necessary legal fees incurred on behalf of the Future Claimants' Representative in the category of Hearings during the Final Compensation Period in the total amount of $2,550.00.  SBEP incurred no fees in the category of Hearings during the Third Interim Compensation Period.

60.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Final Compensation Period is provided in the following table.

| HEARINGS – (C-13) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 2.70 | $1,957.50 |
| Hartwick, Jo E. | Shareholder | 1.50 | $592.50 |
| **TOTALS** | | 4.20 | $2,550.00 |

E.    **NONWORKING TRAVEL (C-15)**

61.    During the Third and Final Interim Compensation Periods, SBEP incurred certain

fees and expenses for nonworking travel when necessary to attend meetings and hearings in this

case, including travel related to the approval of the Debtors' disclosure statement, confirmation

of the Debtors' plan, and the finalization of the Asbestos Settlement Stipulation.  Time incurred

in this category was billed at one-half the applicable hourly rate.

62.    SBEP seeks compensation for 20.00 hours of reasonable and necessary legal fees

incurred on behalf of the Future Claimants' Representative in the category of Nonworking

Travel during the Third Interim Compensation Period in the total amount of $13,712.50.  SBEP

seeks compensation for 27.00 hours of reasonable and necessary legal fees incurred on behalf of

the Future Claimants' Representative in the category of Nonworking Travel during the Final

Compensation Period in the total amount of $15,200.00.

63.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional during the Third Interim

Compensation Period is provided in the following table.

| NONWORKING TRAVEL (C-15) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 4.50 | $2,475.00 |
| Esserman, Sander L. | Shareholder | 15.50 | $11,237.50 |
| **TOTALS** | | 20.00 | $13,712.50 |

64.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional during the Final Compensation

Period is provided in the following table.

| NONWORKING TRAVEL (C-15) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 4.50 | $2,475.00 |
| Esserman, Sander L. | Shareholder | 15.50 | $11,237.50 |
| Newton, Jacob L. | Shareholder | 7.00 | $1,487.50 |
| **TOTALS** | | 27.00 | $15,200.00 |

## F.    PLAN AND DISCLOSURE STATEMENT (C-17)

65.    During the Third Interim Compensation Period, SBEP continued its extensive review and analysis of various drafts of the of the *Debtors' Joint Chapter 11 Plan* and the *Disclosure Statement for Debtors' Joint Chapter 11 Plan* to identify issues affecting recovery for the Future Claimants' Representative's constituents.  SBEP prepared multiple extensive revisions to the plan and disclosure statement, and engaged in numerous phone calls, meetings, and negotiations with representatives of the Debtors, the Committee, and the Asbestos Committee regarding such revisions to the plan and disclosure statement.  SBEP performed analysis and participated in negotiations with respect to multiple objections to the disclosure statement.  SBEP also attended court hearings and negotiations with the Debtors' counsel and other professionals relating to the adequacy of the disclosure statement and the effect of proposed plan provisions on Future Claimants.

66.    SBEP performed extensive research in connection with preparing the *Memorandum of Law of Dean M. Trafelet, Future Claimants' Representative, in Support of Confirmation of the Debtors' Amended Joint Chapter 11 Plan, Dated December 7, 2010* which was filed on February 22, 2011 (Docket No. 9338) (the **"Memorandum in Support of**

Confirmation"). SBEP also and produced and reviewed multiple drafts of the Memorandum in Support of Confirmation.

67.     Throughout the Final Compensation Period, SBEP reviewed and analyzed the treatment of asbestos-related claims under various drafts of the *Debtors' Joint Chapter 11 Plan*. SBEP also reviewed and analyzed the *Disclosure Statement for Debtors' Joint Chapter 11 Plan*. SBEP worked with the Future Claimants' Representative and ARPC to identify various issues relating to the treatment of asbestos-related claims under the proposed plan and provided the Future Claimants' Representative with recommended changes to the plan and engaged in complex plan negotiations with the Debtors, the Committee and the Asbestos Committee.

68.     SBEP seeks compensation for 623.80 hours of reasonable and necessary professional services incurred in the category of Plan and Disclosure Statement during the Third Interim Compensation Period in the total amount of $293,824.75. SBEP seeks compensation for 747.20 hours of reasonable and necessary professional services incurred in the category of Plan and Disclosure Statement during the Final Compensation Period in the total amount of $346,053.25.

69.     A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Third Interim Compensation Period is provided in the following table.

| PLAN AND DISCLOSURE STATEMENT – (C-17) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 128.50 | $69,465.00 |
| D'Apice, Peter C. | Shareholder | 2.50 | $1,337.50 |
| Ducayet, Andrea L. | Shareholder | 69.80 | $27,920.00 |

| | | | |
|---|---|---|---|
| Esserman, Sander L. | Shareholder | 102.40 | $74,240.00 |
| Hartwick, Jo E. | Shareholder | 56.00 | $22,693.00 |
| Newton, Jacob L. | Shareholder | 106.90 | $46,146.50 |
| Parsons, David J. | Shareholder | 11.30 | $4,488.50 |
| Taylor, Cliff I. | Shareholder | 34.70 | $13,880.00 |
| Cioni, Briana L. | Associate | 23.30 | $7,572.50 |
| Khoshbin, Terrie D. | Associate | 43.40 | $14,539.00 |
| Panko, Heather J. | Associate | 32.30 | $9,365.00 |
| Stringer, Rachael L. | Associate | 6.30 | $1,443.75 |
| Fain, Melanie R. | Paralegal | 5.00 | $475.00 |
| Jeffrey, Cindy L. | Paralegal | 1.40 | $259.00 |
| **TOTALS** | | 623.80 | $293,824.75 |

70.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional during the Final Compensation Period is provided in the following table.

| PLAN AND DISCLOSURE STATEMENT – (C-17) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 154.00 | $83,490.00 |
| D'Apice, Peter C. | Shareholder | 2.50 | $1,337.50 |
| Ducayet, Andrea L. | Shareholder | 69.80 | $27,920.00 |
| Esserman, Sander L. | Shareholder | 109.70 | $79,532.50 |
| Hartwick, Jo E. | Shareholder | 113.30 | $45,326.50 |
| Newton, Jacob L. | Shareholder | 110.00 | $47,464.00 |

| | | | |
|---|---|---|---|
| Parsons, David J. | Shareholder | 11.30 | $4,488.50 |
| Taylor, Cliff I. | Shareholder | 34.70 | $13,880.00 |
| Cioni, Briana L. | Associate | 23.30 | $7,572.50 |
| Khoshbin, Terrie D. | Associate | 43.40 | $14,539.00 |
| Panko, Heather J. | Associate | 61.70 | $18,185.00 |
| Stringer, Rachael L. | Associate | 6.30 | $1,443.75 |
| Fain, Melanie R. | Paralegal | 5.00 | $475.00 |
| Jeffrey, Cindy L. | Paralegal | 2.20 | $399.00 |
| **TOTALS** | | 747.20 | $346,053.25 |

# VI.
# DISBURSEMENTS

71.    SBEP incurred out-of-pocket expenses in the amount of $12,251.58 in connection

with the services rendered during the Third Interim Compensation Period.  A summary of the

expenses incurred by SBEP during the Third Interim Compensation Period is set forth in **Exhibit**

**F-1**.

72.    SBEP incurred out-of-pocket expenses in the amount of $20,235.95 in connection

with the services rendered during the Final Compensation Period.  A summary of the expenses

incurred by SBEP during the Final Compensation Period is set forth in **Exhibit F-2**.

73.    These expenses are actual, necessary, out-of-pocket expenses which are not

properly included in overhead, and arise exclusively from and are traceable to the services

rendered by SBEP in connection with these chapter 11 cases and were incurred for the benefit of

the Future Claimants' Representative and his constituents, and are therefore, reimbursable by the

estate.  No allowable disbursement is treated as a "profit center" involving a markup over actual

cost.

74.    In this case, SBEP has charged $0.10 per page for photocopies, rather than the $0.20 per page that SBEP usually charges its clients. These charges are intended to cover SBEP's direct operating costs for photocopying facilities, which costs are not incorporated into SBEP's hourly billing rates. Disbursements for computer research, local and long-distance travel, delivery services, out-sourced printing, long-distance telephone charges, filing fees, telephonic hearing costs, and other expenses are charged at actual cost to SBEP.

75.    Only clients who actually use photocopying, facsimile, and other services outlined above and in **Exhibits F-1 and F-2** are separately charged for such services. A determination of the actual expense per page for photocopying and facsimile is dependant on both the volume of copies or facsimiles and the total expense attributable to photocopying and facsimiles on an annual basis.

76.    None of the travel related expenses incurred by SBEP during the Third Interim or Final Compensation Periods were for first-class airfare, luxury accommodations, or deluxe meals.

77.    SBEP made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services to the Future Claimants' Representative were necessary, reasonable and justified under the circumstances.

## VII.
## <u>CONCLUSION</u>

78.    The professional services summarized by this Application and rendered by SBEP were substantial and beneficial to the interests of the Future Claimants' Representative and his constituents.

79.     The amounts sought by SBEP consist only of the actual and reasonable billable time expended by the firm and the actual and necessary expenses incurred by SBEP during the Third Interim and Final Compensation Periods.

80.     The reasonable value of the professional services rendered by SBEP during the Third Interim Compensation Period is $684,676.75 and the reasonable and necessary out-of-pocket expenses incurred by SBEP are $12,251.58, for total allowable fees and expenses of $696,928.33.

81.     The reasonable value of the professional services rendered by SBEP during the Final Compensation Period is $1,063,489.75 and the reasonable and necessary out-of-pocket expenses incurred by SBEP are $20,235.95, for total allowable fees and expenses of $1,083,725.70.

82.     SBEP believes that the instant application and the description of services set forth herein of work performed are in compliance with the requirements of Local Bankruptcy Rule 2016-1, the Bankruptcy Code, the Local Guidelines and the U.S. Trustee Guidelines.  As required by the Local Guidelines a true and correct copy of the Certification of Sander L. Esserman is attached hereto as **Exhibit H.**

**WHEREFORE**, SBEP respectfully requests the entry of an order (a) awarding SBEP allowance of compensation for professional services in the amount of $684,676.75   and reimbursement of expenses in the amount of $12,251.58 for total compensation of $696,928.33 during the Third Interim Compensation Period; (b) awarding SBEP allowance of compensation for professional services in the amount of $1,063,489.75 and reimbursement of expenses in the amount of $20,235.95 for total compensation of $1,083,725.70 during the Final Compensation Period; (c) awarding SBEP allowance of compensation for professional services performed after

the Third Interim Compensation Period in connection with the preparation of this Application

and the final applications for compensation for professional services and reimbursement of

expenses of the Future Claimants' Representative and ARPC in the amount of $28,982.50; (d)

directing payment of the foregoing amounts to the extent that such amounts have not already

been paid by the Debtors, and the 20% of professional fees that has been held back from each

monthly invoice; and (e) granting SBEP such other and further relief as may be appropriate.

Dated: May 16, 2011
     Dallas, Texas               Respectfully submitted,

                              **STUTZMAN, BROMBERG, ESSERMAN &**
                              **PLIFKA, A PROFESSIONAL CORPORATION**

                              */s/ Sander L. Esserman*
                              Sander L. Esserman (admitted *Pro Hac Vice*)
                              Robert T. Brousseau (admitted *Pro Hac Vice*)
                              Peter C. D'Apice
                              Jo E. Hartwick (Admitted *Pro Hac Vice*)
                              2323 Bryan Street, Suite 2200
                              Dallas, Texas 75201
                              Telephone:  (214) 969-4900
                              Facsimile:  (214) 969-4999

                              **Counsel for Dean M. Trafelet in his Capacity as the**
                              **Future Claimants' Representative**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                    :
In re                               :              **Chapter 11 Case No.**
                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :              **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al*.    :
                                    :
                    **Debtors.**            :              **(Jointly Administered)**
                                    :
----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code

(the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

**Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures

for interim compensation and reimbursement of professionals, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and upon the objection of the St. Regis Mohawk Tribe

(the "**Tribe Objection**") and the State of New York on behalf of the New York State

Department of Environmental Conservation (the "**State Objection,**" and together with the Tribe

Objection, the "**Objections**") to the Motion; and upon the reply (the "**Reply**") of Debtors to the

Objections; and a hearing having been held to consider the relief requested in the Motion (the

"**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court;

---

[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the reasons set forth on the record of the Hearing, the Motion

is granted as provided herein; and it is further

ORDERED that the Objections are hereby overruled in their entirety; provided,

however, that the Debtors shall provide the St. Regis Mohawk Tribe (the "**Tribe**") and the New

York State Department of Environmental Conservation (the "**NYSDEC**") with the Monthly

Letter (as defined below); and it is further

ORDERED that except as may otherwise be provided in Court orders authorizing

the retention of specific professionals, all professionals in this case may seek interim

compensation in accordance with the following procedure:

(a)     Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq. and Robert Schmidt, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

(b)     Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

(c)     The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330

and 331 of the Bankruptcy Code.  Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d)     Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e)     Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f)     Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)     At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

---

[2]     The Debtors may seek to modify this requirement in the retention application of certain professionals.

(h)     If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)     If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j)     All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)     The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)     Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)     The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)       Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o)       The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p)       Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q)       The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and it is further

(r)       On or before the **30th day** of each month following the month for which compensation is sought, the Debtors will transmit a letter (the "**Monthly Letter**") to (i) the attorneys for the Tribe, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: John J. Privitera Esq. and Jacob F. Lamme, Esq.) and (ii) the attorneys for the State of New York on behalf of the NYSDEC, New York State Department of Law Environmental Protection Bureau, The Capitol, Albany, New York 12224 (Attn: Maureen F. Leary, Assistant Attorney General) setting forth the aggregate fees and aggregate expenses for the period covered by the Monthly Letter for all retained professionals submitting Monthly Fee Statements.  The Tribe and NYSDEC shall have no right to object to or otherwise challenge the Monthly Statements.  The Monthly Letter is being provided for informational purposes only.

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; <u>provided</u> <u>however</u>, that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
    *August 7, 2009*


        *s/ Robert E. Gerber*
        United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                               :

In re                              :          **Chapter 11 Case No.**
                                 :

**MOTORS LIQUIDATION COMPANY,** *et al.,*   :          **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*    :
                                 :

                    **Debtors.**      :          **(Jointly Administered)**
                                 :
----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE**
**BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL**
<u>**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**</u>

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United

States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal

Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be given; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted as provided herein; and it is further

      ORDERED that Dean M. Trafelet is hereby appointed as the legal representative

(the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed, released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan for MLC, have not manifested symptoms of asbestos-related diseases resulting from such exposure, whether such individuals are determined to have "claims" under section 101(5) of the Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code (the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Orde**r"), entered by this Court on August 7, 2009 [Docket No. 3711], or such other orders as may be entered by the Court with respect compensation of professionals in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior approval of this Court, and such professionals shall be subject to the terms of the Interim Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided,*

*however*, that the Future Claimants' Representative may be liable for damages caused by his

willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable

to any person as a result of any action or omission taken or made by the Future Claimants'

Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future

Claimants' Representative harmless from any claims by any party against the Future Claimants'

Representative arising out of or relating to the performance of his duties as Future Claimants'

Representative; *provided, however*, that the Future Claimants' Representative shall not have such

indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-

appealable order that the Future Claimants' Representative is liable upon such claim as a result

of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order

confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order

and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case,

the Future Claimants' Representative believes that he is entitled to payment of any amounts by

the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement

obligations under this Order, including, without limitation, the advancement of defense costs, the

Future Claimants' Representatives must file an application therefor in this Court and the Debtors

may not pay any such amounts to the Future Claimants' Representative before the entry of an

order by this Court approving the payment.  The preceding sentence is intended to specify the

period of time under which this Court shall have the jurisdiction over any request for fees and

expenses by the Future Claimants' Representative for indemnification, contribution, or

reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the

Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the

performance of his duties as Future Claimants' Representative, the Future Claimants'

Representative shall have the right to choose his own counsel; and it is further

       ORDERED that the Future Claimants' Representative and its counsel shall be

entitled to receive all notices and pleadings which are served upon the Unsecured Creditors'

Committee pursuant to any and all orders entered in these chapter 11 cases, including, without

limitation, the Interim Compensation Order; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: **_April 8, 2010_**
     New York, New York

                          **_s/ Robert E. Gerber_**
                         UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                               )

In re                                   )            Chapter 11

                               )

MOTORS LIQUIDATION COMPANY, *et al.,*   )       Case No. 09-50026 (REG)

                               )

      f/k/a General Motors Corp., *et al.*     )

                               )

                    Debtors.     )       (Jointly Administered)

---------------------------------------------------------------X

### ORDER GRANTING APPLICATION OF DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS TO RETAIN AND EMPLOY STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION AS HIS COUNSEL AS OF FEBRUARY 24, 2010

Upon the Application, dated March 16, 2010 (the "**Application**"),[1] of Dean M. Trafelet as legal representative for future asbestos personal injury claimants (the "**Future Claimants' Representative**"), pursuant to sections 105(a), 327(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the employment of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**"), as attorney for the Future Claimants' Representative, effective as February 24, 2010; and upon the Declaration of Sander L. Esserman, a shareholder of SBEP, attached to the Application as Exhibit A (the "**Esserman Declaration**"); and the Court being satisfied, based upon the representations made in the Application and the Esserman Declaration, that SBEP is "disinterested" as such term is defined in Section 101(14) of the Bankruptcy Code and that SBEP represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been provided, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Application is in the best interests of

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore; it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule

2014(a), the Future Claimants' Representative is authorized to employ and retain SBEP as his

counsel in this chapter 11 case in accordance with SBEP's normal hourly rates and disbursement

policies, all as contemplated by the Application, effective as of February 24, 2010; and SBEP's

withdrawal as counsel to the Ad Hoc Committee of Asbestos Claimants is approved; and it is

further

ORDERED that SBEP shall be compensated in accordance with the standards and

procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and

the Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals, entered by this

Court on August 7, 2009, or such other orders as may be entered by the Court with respect to

compensation of professionals in these cases; and it is further

ORDERED that notice of this Application as provided herein and therein shall be deemed

good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.


Dated:  New York, New York
        _**April 15, 2010**_


                                 _**s/ Robert E. Gerber**_
                                 ROBERT E. GERBER
                                 UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT D-1**

**EXHIBIT D-1**

## SUMMARY OF HOURS BILLED BY
## STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
### A PROFESSIONAL CORPORATION
### FOR THE THIRD INTERIM COMPENSATION PERIOD FROM
### OCTOBER 1, 2010 THROUGH MARCH 29, 2011

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Year(s) worked on case | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|---|
| Brousseau, Robert T. | Shareholder Member TX bar since 1972. | 2010 2011 | $550 $550 | 231.20 | $125,922.50 |
| D'Apice, Peter C. | Shareholder Member NY bar since 1988, TX bar since 1991. | 2011 | $550 | 3.20 | $1,717.50 |
| Ducayet, Andrea L. | Shareholder Member TX bar since 2001, FL bar since 2001. | 2011 | $400 | 126.60 | $49,968.00 |
| Esserman, Sander L. | Shareholder Member TX bar since 1976. | 2010 2011 | $725 $725 | 265.00 | $192,125.00 |
| Felsenthal, Steven A. | Shareholder Member WI bar since 1974. TX bar since 1992. | 2011 | $725 | 4.30 | $3,117.50 |
| Hartwick, Jo E. | Shareholder Member TX bar since 1990. | 2010 2011 | $395 $410 | 106.60 | $42,731.00 |
| Newton, Jacob L. | Shareholder Member AR bar since 2001, TX bar since 2004. | 2010 2011 | $425 $440 | 266.00 | $114,842.50 |
| Parsons, David J. | Shareholder Member TX bar since 2002. | 2011 | $400 | 49.80 | $19,354.50 |
| Taylor, Cliff I. | Shareholder Member TX bar since 2003. | 2011 | $400 | 51.90 | $20,330.00 |
| Cioni, Briana L. | Associate Member TX bar since 2005. | 2010 2011 | $300 $325 | 96.50 | $30,672.50 |

| Khoshbin, Terrie D. | Associate<br>Member IL bar since 1990, TX bar since 1993. | 2011 | $335 | 43.40 | $14,539.00 |
|---|---|---|---|---|---|
| Panko, Heather J. | Associate<br>Member TX bar since 2006. | 2010<br>2011 | $300<br>$325 | 188.60 | $55,240.00 |
| Stringer, Rachael L. | Associate<br>Member TX bar since 2008. | 2010<br>2011 | $250<br>$275 | 34.30 | $8,481.25 |
| Fain, Melanie R. | Paralegal | 2011 | $95 | 5.00 | $475.00 |
| Jeffery, Cindy L. | Paralegal | 2010<br>2011 | $175<br>$185 | 28.70 | $5,160.50 |
| **Grand Total** | | | | **1,501.10** | **$684,676.75** |
| Blended Rate(All professionals): | | | | | $456.12 |
| Blended Rate (Attorneys only): | | | | | $462.78 |

**EXHIBIT D-2**

**EXHIBIT D-2**

### SUMMARY OF HOURS BILLED BY
### STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
### A PROFESSIONAL CORPORATION
### FOR THE FINAL COMPENSATION PERIOD FROM
### FEBRUARY 24, 2010 THROUGH MARCH 29, 2011

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Year(s) worked on case | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|---|
| Brousseau, Robert T. | Shareholder Member TX bar since 1972. | 2010 | $550 | 409.50 | $223,987.50 |
| | | 2011 | $550 | | |
| D'Apice, Peter C. | Shareholder Member NY bar since 1988, TX bar since 1991. | 2011 | $550 | 3.20 | $1,717.50 |
| Ducayet, Andrea L. | Shareholder Member TX bar since 2001, FL bar since 2001. | 2011 | $400 | 127.40 | $50,276.00 |
| Esserman, Sander L. | Shareholder Member TX bar since 1976. | 2010 | $725 | 373.70 | $270,932.50 |
| | | 2011 | $725 | | |
| Felsenthal, Steven A. | Shareholder Member WI bar since 1974. TX bar since 1992. | 2011 | $725 | 4.30 | $3,117.50 |
| Hartwick, Jo E. | Shareholder Member TX bar since 1990. | 2010 | $395 | 292.20 | $115,911.00 |
| | | 2011 | $410 | | |
| Newton, Jacob L. | Shareholder Member AR bar since 2001, TX bar since 2004. | 2010 | $425 | 395.40 | $168,350.00 |
| | | 2011 | $440 | | |
| Parsons, David J. | Shareholder Member TX bar since 2002. | 2011 | $400 | 49.80 | $19,354.50 |
| Taylor, Cliff I. | Shareholder Member TX bar since 2003. | 2011 | $400 | 51.90 | $20,330.00 |
| Cioni, Briana L. | Associate Member TX bar since 2005. | 2010 | $300 | 111.90 | $35,292.50 |
| | | 2011 | $325 | | |
| Khoshbin, Terrie D. | Associate Member IL bar since 1990, TX bar since 1993. | 2011 | $335 | 43.40 | $14,539.00 |
| Panko, Heather J. | Associate Member TX bar since 2006. | 2010 | $300 | 395.50 | $115,142.50 |
| | | 2011 | $325 | | |
| Stringer, Rachael L. | Associate Member TX bar since 2008. | 2010 | $250 | 65.80 | $16,296.25 |
| | | 2011 | $275 | | |
| Fain, Melanie R. | Paralegal | 2011 | $95 | 5.00 | $475.00 |
| Jeffery, Cindy L. | Paralegal | 2010 | $175 | 43.60 | $7,768.00 |
| | | 2011 | $185 | | |

| **Grand Total** | **2,372.60** | **$1,063,489.75** |
| --- | --- | --- |
| Blended Rate(All professionals): | | $448.24 |
| Blended Rate (Attorneys only): | | $454.06 |

**EXHIBIT E-1**

**EXHIBIT E-1**

**COMPENSATION BY PROJECT CATEGORY
FOR THE THIRD INTERIM COMPENSATION PERIOD
FROM OCTOBER 1, 2010 – MARCH 29, 2011**

|  | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 1 | Asbestos Issues | 44.50 | $14,077.00 |
| 2 | Asbestos Claims Valuation | 688.20 | $323,680.00 |
| 3 | Asset Analysis and Recovery | — | — |
| 4 | Asset Disposition | — | — |
| 5 | Business Operations | — | — |
| 6 | Case Administration | — | — |
| 7 | Claims Administration and Objections | — | — |
| 8 | Employee Benefits/Pensions | — | — |
| 9 | Executory Contracts/Unexpired Leases | — | — |
| 10 | Fee/Employment Applications |  |  |
| 10-A | Employment Applications | 1.20 | $474.00 |
| 10-B | Monthly Fee Statements | 39.00 | $10,685.00 |
| 10-C | Fee Examiner Issues | 20.00 | $7,106.50 |
| 10-D | Fee Applications | 64.40 | $21,117.00 |
| 11 | Fee/Employment Objections | — | — |
| 12 | Financing/Cash Collateral | — | — |
| 13 | Hearings | — | — |
| 14 | Litigation | — | — |
| 15 | Nonworking Travel | 20.00 | $13,712.50 |
| 16 | Meetings of Creditors | — | — |
| 17 | Plan and Disclosure Statement | 623.80 | $293,824.75 |
| 18 | Relief from Stay Proceedings | — | — |
|  | **TOTAL** | **1,501.10** | **$684,676.75** |

**EXHIBIT E-2**

**EXHIBIT E-2**

**COMPENSATION BY PROJECT CATEGORY**
**FOR THE FINAL COMPENSATION PERIOD FROM**
**FEBRUARY 24, 2010 – MARCH 29, 2011**

|  | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 1 | Asbestos Issues | 97.00 | $36,829.50 |
| 2 | Asbestos Claims Valuation | 1,095.60 | $524,956.50 |
| 3 | Asset Analysis and Recovery | — | — |
| 4 | Asset Disposition | — | — |
| 5 | Business Operations | — | — |
| 6 | Case Administration | — | — |
| 7 | Claims Administration and Objections | — | — |
| 8 | Employee Benefits/Pensions | — | — |
| 9 | Executory Contracts/Unexpired Leases | — | — |
| 10 | Fee/Employment Applications | | |
| 10-A | Employment Applications | 152.60 | $62,023.50 |
| 10-B | Monthly Fee Statements | 47.90 | $12,343.50 |
| 10-C | Fee Examiner Issues | 69.50 | $22,988.00 |
| 10-D | Fee Applications | 131.60 | $40,545.50 |
| 11 | Fee/Employment Objections | — | — |
| 12 | Financing/Cash Collateral | — | — |
| 13 | Hearings | 4.20 | $2,550.00 |
| 14 | Litigation | — | — |
| 15 | Nonworking Travel | 27.00 | $15,200.00 |
| 16 | Meetings of Creditors | — | — |
| 17 | Plan and Disclosure Statement | 747.20 | $346,053.25 |
| 18 | Relief from Stay Proceedings | — | — |
|  | **TOTAL** | **2,372.60** | **$1,063,489.75** |

**EXHIBIT F-1**

**EXHIBIT F-1**

**EXPENSE SUMMARY**
**FOR THE THIRD INTERIM COMPENSATION PERIOD FROM**
**OCTOBER 1, 2010 – MARCH 29, 2011**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| **Photocopying** | |
| a. Internal Photocopying | $392.60 |
| b. External Photocopying | $1,100.32 |
| **Telecommunications** | |
| a. Toll Charges | $59.72 |
| b. Facsimile | $68.75 |
| **Courier and Freight** | $1,856.52 |
| **Printing** | — |
| **Court Reporter and Transcripts** | $494.40 |
| **Messenger Service** | — |
| **Computerized Research** | $326.10 |
| **Out of Town Travel Expenses** | |
| a. Airfare | $5,435.50 |
| b. Hotel | $777.00 |
| c. Meals | $76.07 |
| d. Cabs/Parking | $329.01 |
| e. Mileage | $49.20 |
| f. Rental Car | — |
| **Word Processing, Secretarial and other Staff Services** | — |
| **Overtime Expenses** | |
| a. Non-Professional | — |
| b. Professional | — |
| **Local Meals** | — |
| **Local Transportation** | $257.39 |
| **Court Call / Telephonic Hearing Costs** | $1,029.00 |
| **Filing Fees** | — |
| **Total** | **$12,251.58** |

**EXHIBIT F-2**

**EXHIBIT F-2**

**EXPENSE SUMMARY
FOR THE FINAL COMPENSATION PERIOD FROM
FEBRUARY 24, 2010 – MARCH 29, 2011**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| **Photocopying** | |
| a. Internal Photocopying | $527.90 |
| b. External Photocopying | $4,743.85 |
| **Telecommunications** | |
| a. Toll Charges | $110.61 |
| b. Facsimile | $115.00 |
| **Courier and Freight** | $2,982.80 |
| **Printing** | — |
| **Court Reporter and Transcripts** | $1,319.90 |
| **Messenger Service** | — |
| **Computerized Research** | $859.71 |
| **Out of Town Travel Expenses** | |
| a. Airfare | $6,226.90 |
| b. Hotel | $1,307.21 |
| c. Meals | $88.57 |
| d. Cabs/Parking | $460.91 |
| e. Mileage | $104.20 |
| f. Rental Car | — |
| **Word Processing, Secretarial and other Staff Services** | — |
| **Overtime Expenses** | |
| a. Non-Professional | — |
| b. Professional | — |
| **Local Meals** | — |
| **Local Transportation** | $257.39 |
| **Court Call / Telephonic Hearing Costs** | $1,131.00 |
| **Filing Fees** | — |
| **Total** | **$20,235.95** |

**EXHIBIT G**

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 121347
November 30, 2010

DEAN N. TRAFELET, FCR
50 WEST  SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002

Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                    SLE

For services performed through 10/31/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 10/01/10 | Review correspondence from ARPC regarding response to Fee Examiner's August 11 letter regarding ARPC's First Interim Fee Application. | HJP | 0.20 |
| 10/01/10 | Review Disclosure Statement in connection with preparation of Disclosure Statement Objection (0.4), confer with Ms. Hartwick regarding preparation of disclosure statement objection (0.3), conduct and review research regarding adequate information for disclosure statement objection (5.6). | HJP | 6.30 |
| 10/01/10 | Review and analysis of recent pleadings for relevance to asbestos issues (.2), correspondence with Mr. Esserman regarding anonymity protocol issues (.2). | JLN | 0.40 |
| 10/01/10 | Review research regarding disclosure statements for liquidating plans (1.2), work on objection to Disclosure Statement for Debtors' Joint Chapter 11 Plan (1.1). | JEH | 2.30 |
| 10/01/10 | Research regarding GM liability for asbestos-containing locomotive components. | RLS | 4.30 |
| 10/01/10 | Review asbestos committee filing regarding anonymity protocol. | RTB | 0.20 |
| 10/01/10 | Correspondence with FCR regarding status of case, hearings and protocol. | SLE | 0.20 |
| 10/01/10 | Work on brief regarding protocol and correspondence with legal team regarding same. | SLE | 0.50 |
| 10/03/10 | Review case law regarding adequacy of disclosure statement. | HJP | 1.20 |
| 10/04/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 10/04/10 | Conduct additional research regarding case law related to disclosure statement issues (3.1), confer with Ms. Hartwick regarding case law and FCR's objections to the disclosure statement (0.7), work on drafting portion of disclosure statement objection (1.5). | HJP | 5.30 |
| 10/04/10 | Conduct research regarding objection to Disclosure Statement for Debtors' Joint Chapter 11 Plan (2.3), review research and work on Objection to Disclosure Statement for Debtors' Joint Chapter 11 Plan (2.4). | JEH | 4.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                      Page 2
Invoice 121347

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 10/04/10 | Additional research regarding GM liability for asbestos-containing locomotive components (0.5).  Draft summary report of locomotive asbestos research (3.9). | RLS | 4.40 |
| 10/04/10 | Correspondence with FCR regarding disclosure statement and hearing. | SLE | 0.20 |
| 10/04/10 | Correspondence with expert for FCR regarding claims. | SLE | 0.10 |
| 10/05/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 10/05/10 | Review and revise insert to Disclosure Statement Objection (1.2), multiple conferences with Ms. Hartwick regarding preparation of and revisions to Disclosure Statement Objection (0.7). | HJP | 1.90 |
| 10/05/10 | Review the FCR's September 2010 invoice for privileged and confidential matter. | HJP | 0.40 |
| 10/05/10 | Analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 2.00 |
| 10/05/10 | Work on Objection to Disclosure Statement for Debtors' Joint Chapter 11 Plan (2.2), detailed review of Official Committee of Unsecured Creditors' Motion to Enforce (A) the Final DIP Order, (B) the Wind-Down Order, and (C) the Amended DIP Facility and supporting declarations (1.5), prepare memorandum regarding Official Committee of Unsecured Creditors' Motion to Enforce (A) the Final DIP Order, (B) the Wind-Down Order, and (C) the Amended DIP Facility and Future Claimants' Representative's position regarding same (1.2). | JEH | 4.90 |
| 10/05/10 | Review and revise confidential memo to Mr. Trafelet. | RTB | 0.90 |
| 10/06/10 | Review and revise draft Disclosure Statement Objection (0.6), confer with Ms. Hartwick regarding revisions to draft Disclosure Statement Objection (0.3). | HJP | 0.90 |
| 10/06/10 | Review SBEP's September 2010 billing memo. | HJP | 1.00 |
| 10/06/10 | Collect expense detail for preparation of Second Interim Fee Application (0.6) and begin reviewing SBEP's invoices in connection with Second Interim Fee Application (2.0). | HJP | 2.60 |
| 10/06/10 | Analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 2.30 |
| 10/06/10 | Complete Objection to Disclosure Statement for Debtors' Joint Chapter 11 Plan (3.9), review information regarding Debtors' potential liability for asbestos related claims in connection with production of locomotive engines and related components (.6). | JEH | 4.50 |
| 10/06/10 | Work on objection to disclosure statement (3.2), review confidential memorandum to Mr. Trafelet (0.8), work on case status report for Mr. Trafelet (2.0). | RTB | 6.00 |
| 10/06/10 | Correspondence with experts regarding report on future claims. | SLE | 0.20 |
| 10/06/10 | Correspondence with FCR and legal team regarding open issues in case and objections to disclosure statement. | SLE | 0.20 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 10/07/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 10/07/10 | Begin working on the FCR's second interim fee application. | HJP | 0.50 |
| 10/07/10 | Prepare case status update for Mr. Esserman, including review of docket and various pleadings of relevance to the FCR (1.5), multiple conferences with Mr. Brousseau regarding revisions to disclosure statement objection (0.5), review memorandum regarding asbestos exposures from locomotives (0.7), revise disclosure statement objection (1.3). | HJP | 4.00 |
| 10/07/10 | Review and analysis of fee examiner's memorandum regarding fee applications (0.8), review of certain portions of July 6 hearing transcript in connection with review of fee examiner's memo (0.5). | HJP | 1.30 |
| 10/07/10 | Correspondence with Mr. Trafelet regarding September 2010 fees. | HJP | 0.30 |
| 10/07/10 | Analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 3.60 |
| 10/07/10 | Email discussion with Mr. Newton regarding federal legislation affecting locomotive liabilities. | RLS | 0.60 |
| 10/07/10 | Revise objection to disclosure statement and add new sections (2.8), prepare confidential update for Mr. Trafelet (1.1). | RTB | 3.90 |
| 10/07/10 | Work on memo regarding locomotive liability and review same (.3), correspondence with FCR regarding locomotive memo (.2). | SLE | 0.50 |
| 10/07/10 | Correspondence with legal team, FCR and ARPC regarding agenda items, plan, and disclosure statement. | SLE | 0.50 |
| 10/07/10 | Work on draft objection to disclosure statement. | SLE | 0.50 |
| 10/08/10 | Review correspondence from FCR regarding September fees. | HJP | 0.10 |
| 10/08/10 | Review memo from Mr. Newton regarding Term Loan Litigation. | HJP | 0.20 |
| 10/08/10 | Review and analysis of Committee's Term Loan Litigation in connection with memorandum update to FCR (1.0), prepare for and participate in telephonic meeting with FCR and FCR's claims estimation experts (.5), analysis of Debtor's Joint Chapter 11 Plan in connection with additional disclosure statement objections (3.5), draft supplement to FCR's Disclosure Statement Objection (3.0), analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability (3.3). | JLN | 11.30 |
| 10/08/10 | Brief review of recent filings regarding relevance to Future Claimants' Representative. | JEH | 0.30 |
| 10/08/10 | Research regarding former Electro-Motive division of GM (0.5), email discussions with Mr. Newton regarding same (0.2). | RLS | 0.70 |
| 10/08/10 | Confer with asbestos committee regarding disclosure statement issues (0.5), revise disclosure objections (1.2), review confidentiality analysis of certain liability issues (0.5). | RTB | 2.20 |
| 10/08/10 | Correspondence with FCR regarding GM liability. | SLE | 0.20 |
| 10/08/10 | Work on revised disclosure statement objection and revisions to objection. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 4
Invoice 121347

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 10/08/10 | Further work on revised objection to disclosure statement. | SLE | 0.50 |
| 10/08/10 | Conference with ARPC and FCR regarding status of case and strategic issues. | SLE | 0.80 |
| 10/09/10 | Correspondence with FCR regarding Disclosure Statement objections (.2), revise Disclosure Statement objection to incorporate revisions (.8). | JLN | 1.00 |
| 10/09/10 | Add new objections and revise disclosure objections. | RTB | 2.80 |
| 10/09/10 | Work on disclosure statement objections and conference with FCR regarding objections. | SLE | 0.50 |
| 10/11/10 | Revisions to draft Disclosure Statement objection. | JLN | 0.50 |
| 10/11/10 | Work on disclosure statement objections and revisions. | SLE | 0.50 |
| 10/12/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 10/12/10 | Multiple correspondence with Mr. Florence regarding Fee Examiner's review of ARPC's First Interim Fee Application. | HJP | 0.20 |
| 10/12/10 | Review and analysis of Committee's sur-reply regarding anonymity protocol issues (.5), continue work on Disclosure Statement objection (.3). | JLN | 0.80 |
| 10/12/10 | Additional revisions to disclosure statement objection. | RTB | 0.90 |
| 10/12/10 | Review protocol issues and letter brief regarding issues. | SLE | 0.50 |
| 10/12/10 | Work on revised disclosure statement objections and make further revisions. | SLE | 1.00 |
| 10/13/10 | Further review of SBEP's October 2010 invoice and correspondence with Mr. Esserman regarding same. | HJP | 0.50 |
| 10/13/10 | Review materials related to disclosure statement objection and confer with Ms. Hartwick regarding same. | HJP | 0.40 |
| 10/13/10 | Review multiple correspondence from Messers. Trafelet and Brophy regarding monthly budgets for ARPC and FCR (0.2), review and revise monthly budget letter for the FCR and his professionals (0.3), confer with Mr. Esserman regarding budget for SBEP (0.2). | HJP | 0.70 |
| 10/13/10 | Revisions to Disclosure Statement Objection (.5), analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability (2.0), correspondence with Asbestos Claimants Committee regarding disclosure statement and plan issues (.2). | JLN | 2.70 |
| 10/13/10 | Review files regarding Hamilton Rabinovitz claims estimation reports (.3), review correspondence regarding confidentiality agreement regarding Hamilton Rabinovitz claims estimation reports (.3). | JEH | 0.60 |
| 10/13/10 | Analyze further changes to objection to disclosure statement and propose additional language. | RTB | 2.20 |
| 10/13/10 | Work on disclosure statement objections and revisions and re-writes regarding objections. | SLE | 1.00 |
| 10/13/10 | Work on budget for FCR and correspondence regarding same. | SLE | 0.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 5
Invoice 121347

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 10/14/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 10/14/10 | Review and revise disclosure statement objection. | HJP | 2.80 |
| 10/14/10 | Review correspondence from Mr. Trafelet regarding November 2010 budget and send budget to the Fee Examiner and his counsel. | HJP | 0.20 |
| 10/14/10 | Substantive additions to Disclosure Statement Objection (1.0), research relating to Disclosure Statement Objection (1.3), analysis of Asbestos Committee's objection to Debtors' Disclosure Statement (.5), analysis of various other Disclosure Statement objections (.5), analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability (.5). | JLN | 3.80 |
| 10/14/10 | Review Case Management Order #1 and Future Claimants' Representative's Objection to Disclosure Statement to ensure Objection complies with bankruptcy court's requirements (.5), review Objection to Disclosure Statement of Official Committee of Unsecured Creditors Holding Asbestos Related Claim (.4), review United States of America's Opposition to Motion of the Official Committee of Unsecured Creditors of Motors Liquidation Company to Enforce (A) the Final DIP Order, (B) the Wind-Down Order and (C) the Amended DIP Facility (.3), and review Objection of Certain Noteholders To Disclosure Statement For Debtors' Joint Chapter 11 Plan (.2). | JEH | 1.40 |
| 10/14/10 | Work on objection to disclosure statement. | PCD | 1.50 |
| 10/14/10 | Confer with Mr. Esserman regarding final objection to disclosure statement (0.3), review further revisions to disclosure statement objection (0.9). | RTB | 1.20 |
| 10/14/10 | Work on revisions to disclosure statement objections. | SLE | 1.00 |
| 10/14/10 | Conference with FCR and legal team regarding revisions to disclosure statement objection. | SLE | 0.30 |
| 10/14/10 | Review of draft disclosure statement objections from other parties. | SLE | 0.50 |
| 10/14/10 | Work on motion of U.S. DOJ regarding DIP order and review order. | SLE | 0.40 |
| 10/15/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 10/15/10 | Prepare and file Certificate of Service for FCR's Disclosure Statement Objection. (billed at $175/hour) | HJP | 0.40 |
| 10/15/10 | Review and respond to correspondence from Mr. Florence regarding Fee Examiner's initial report (0.3), review Fee Examiner's draft report regarding ARPC's First Interim Fee Application (0.2). | HJP | 0.50 |
| 10/15/10 | Prepare for and participate in strategy meeting with FCR regarding asbestos estimation issues (.5), review and analysis of Treasury's Objection to Committee's Motion to Enforce Final DIP Order and Wind-Down Order (.8). | JLN | 1.30 |
| 10/15/10 | Review Application of Asbestos Claimants' Committee to retain Epiq | JEH | 1.20 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | Bankruptcy Solutions, LLC as service agent (.3) and review objections to Disclosure Statement for relevance to Future Claimants' Representative (.9). | | |
| 10/15/10 | Prepare for and participate in conference call with Mr. Trafelet and experts regarding expert report. | RTB | 2.20 |
| 10/15/10 | Conference call with ARPC regarding status of case and expert report. | SLE | 0.30 |
| 10/15/10 | Review of objections to Disclosure Statement. | SLE | 0.80 |
| 10/15/10 | Correspondence with FCR regarding case status and hearings. | SLE | 0.20 |
| 10/18/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 10/18/10 | File and serve FCR's Joinder in UCC's Motion to Enforce the DIP Order. (billed at $175/hour) | HJP | 0.70 |
| 10/18/10 | Assist with preparations for hearing on October 21. | HJP | 0.60 |
| 10/18/10 | Draft hearing outline for Disclosure Statement hearing (2.5); analysis of various objections to Disclosure Statement (1.5), draft hearing outline for Committee's Motion to Enforce DIP Order (1.5), analysis of Committee's Reply in support of Motion to Enforce DIP Order and Wind-Down Order (.5). | JLN | 6.00 |
| 10/18/10 | Review Motion of the Official Committee of Unsecured Creditors of Motors Liquidation Company to Enforce (A) the Final DIP Order, (B) the Wind-Down Order, and (C) the Amended DIP Facility regarding service requirements for Joinder in that Motion (.2), review Reply of the Official Committee of Unsecured Creditors of Motors Liquidation Company in Further Support of Its Motion to Enforce (A) the Final DIP Order, (B) the Wind-Down Order, and (C) the Amended DIP Facility (.4), review US Trustee's and Official Committee of Unsecured Creditors' Objections to Disclosure Statement (.5). | JEH | 1.10 |
| 10/18/10 | Review joinder to motion of UCC to Enforce the Final DIP Order before filing. | PCD | 0.20 |
| 10/18/10 | Travel to New York at 1/2 time. | SLE | 2.50 |
| 10/18/10 | Work on disclosure statement objections (0.5), review plan regarding case (0.5). | SLE | 1.00 |
| 10/18/10 | Correspondence with FCR regarding disclosure statement hearing and status. | SLE | 0.20 |
| 10/19/10 | Review ACC's Joinder in UCC's DIP Order and draft correspondence to Mr. Newton regarding joinder. | HJP | 0.20 |
| 10/19/10 | Prepare and file Certificate of Service for FCR's Joinder in UCC's Motion to Enforce the DIP Order. (billed at $175/hour). | HJP | 0.30 |
| 10/19/10 | Review Fee Examiner's Report and Statement of Limited Objection regarding ARPC's First Interim Fee Application (0.3), correspondence with Mr. Florence regarding Fee Examiner's Report and Statement of No Objection (0.1). | HJP | 0.40 |
| 10/19/10 | Analysis of various various Disclosure Statement objections (1.0), review and analysis of various pleadings filed in connection with | JLN | 5.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                Page 7
Invoice 121347

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | Anonymity Protocol issues (1.0), draft and revise hearing outlines for October 21 hearings on Disclosure Statement Objections, Motion to Enforce DIP Order and Wind-Down Order, and Anonymity Protocol (3.3). | | |
| 10/19/10 | Analysis of Debtors' Omnibus Response to Disclosure Statement objections. | JLN | 0.70 |
| 10/19/10 | Brief review of recently filed pleadings regarding relevance to Future Claimants' Representative. | JEH | 0.80 |
| 10/19/10 | Prepare hearing notebooks for Mr. Esserman & Mr. Brousseau. | MRF | 2.00 |
| 10/19/10 | Work on GM's reply to disclosure statement objections and review objections. | SLE | 0.50 |
| 10/19/10 | Prepare for hearing regarding disclosure statement objections. | SLE | 0.50 |
| 10/20/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.50 |
| 10/20/10 | Review and analyze U.S. Trustee's response to Fee Applications (0.7), review and analyze the Fee Examiner's Summary Report regarding fee application (0.5), prepare summary of U.S. Trustee's response and Fee Examiner's summary report (0.3). | HJP | 1.50 |
| 10/20/10 | Draft updates to hearing outlines for October 21 hearings to incorporate additional modifications made by Debtors to Disclosure Statement. | JLN | 1.50 |
| 10/20/10 | Brief review of recent filings regarding relevance of Future Claimants' Representative (.6) and review correspondence from Mr. Swett to Judge Gerber regarding proposed Anonymity Protocol (.3) and review memorandum regarding recommendations of Fee Examiner and US Trustee regarding hold back amounts, hourly rate increases and compensation for time expended on fee matters (.3). | JEH | 1.20 |
| 10/20/10 | Work on anonymity protocol issues (0.5), prepare for three hearings before Judge Gerber and create argument outlines (7.5). | RTB | 8.00 |
| 10/20/10 | Review fee examiner report. | SLE | 0.50 |
| 10/20/10 | Prepare for court hearing and review of papers filed. | SLE | 2.50 |
| 10/20/10 | Correspondence with Judge Gerber regarding protocol. | SLE | 0.30 |
| 10/20/10 | Prepare for hearing on motion of creditors' committee and review briefs regarding case. | SLE | 0.50 |
| 10/20/10 | Review of environmental settlement matters regarding case. | SLE | 0.50 |
| 10/21/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 10/21/10 | Analysis of proposed order regarding anonymity protocol (.3), correspondence with Committee regarding anonymity protocol (.2). | JLN | 0.50 |
| 10/21/10 | Prepare for and participate in court hearings regarding disclosure statement and anonymity protocol. | RTB | 9.50 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 10/21/10 | Attend court hearings regarding disclosure statement and anonymity protocol. | SLE | 8.70 |
| 10/21/10 | Work on order on anonymity protocol regarding case. | SLE | 1.00 |
| 10/22/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 10/22/10 | Review of correspondence regarding hearing and telephone call with CourtCall regarding participation of Mr. Newton at October 26 hearing and review of confirmation. | CLJ | 0.50 |
| 10/22/10 | Call with Ms. Andres, counsel for Fee Examiner, regarding corrections to table of fees. | HJP | 0.20 |
| 10/22/10 | Review of ARPC's September 2010 invoice for confidential and privileged information. | HJP | 0.50 |
| 10/22/10 | Prepare hearing outline for hearing on the fee applications for the FCR and his professionals (0.9), multiple email correspondence with legal team regarding hearing (0.3). | HJP | 1.20 |
| 10/22/10 | Correspondence with Asbestos Committee regarding draft order on Anonymity Protocol (.2), correspondence with FCR's experts regarding status of asbestos estimation (.2), research regarding asbestos estimation in connection with ARPC"s data requests (.4). | JLN | 0.80 |
| 10/22/10 | Correspondence with Debtor regarding fee application, hearings and examiner comments. | SLE | 0.30 |
| 10/22/10 | Travel from New York to Dallas at 1/2 time. | SLE | 2.50 |
| 10/22/10 | Work on order regarding case and discovery of Trusts and correspondence with parties regarding same. | SLE | 0.50 |
| 10/23/10 | Attend conference call with Committee regarding case, litigation issues and possible resolutions. | SLE | 0.50 |
| 10/23/10 | Correspondence with parties regarding order on anonymity protocol. | SLE | 0.30 |
| 10/23/10 | Conference with FCR regarding case and hearings on disclosure statement. | SLE | 0.30 |
| 10/24/10 | Return travel from court hearings. (billed at 1/2 rate) | RTB | 4.50 |
| 10/25/10 | Review hearing agenda for October 26th hearing on fee applications, correspondence with Mr. Newton regarding hearing on fee applications. | HJP | 0.30 |
| 10/25/10 | Review multiple email correspondence from various parties regarding proposed order on Motion to Enforce DIP Order and confer with Mr. Newton regarding same. | HJP | 0.10 |
| 10/25/10 | Correspondence with Ms. Rothwell regarding ARPC's September 2010 invoice. | HJP | 0.50 |
| 10/25/10 | Work on expense detail for SBEP's Second Interim Fee Application. | HJP | 1.20 |
| 10/25/10 | Work on FCR's Second Interim Fee Application. | HJP | 2.00 |
| 10/25/10 | Work on issues regarding FCR's 2004 requests and New GM's compliance therewith (.3), prepare for 10.26.10 hearings (.4). | JLN | 0.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                      Page 9
Invoice 121347

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 10/25/10 | Work on proposed order regarding Creditor Committee motion on government claim, review order and correspondence with parties regarding order. | SLE | 0.50 |
| 10/25/10 | Work on claimant protocol order and review of Creditor Committee papers regarding order. | SLE | 0.50 |
| 10/26/10 | Review of correspondence and order transcripts of October 21 and October 26. | CLJ | 0.50 |
| 10/26/10 | Further review of SBEP's September 2010 invoice. | HJP | 0.50 |
| 10/26/10 | Continued work on the FCR's Second Interim Fee Application. | HJP | 2.20 |
| 10/26/10 | Correspondence with FCR's expert regarding asbestos estimation issues (.2), prepare for and participate in hearings on various matters (2.4). | JLN | 2.60 |
| 10/26/10 | Review transcript of hearing. | RTB | 0.30 |
| 10/26/10 | Work on notice to claimants and correspondence with Creditors Committee regarding notice. | SLE | 0.50 |
| 10/26/10 | Correspondence regarding fees with examiner and review of submission. | SLE | 0.20 |
| 10/27/10 | Review of October 26 transcript. | CLJ | 0.30 |
| 10/27/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 10/27/10 | Review and revise FCR's Second Interim Fee Application. | HJP | 0.70 |
| 10/27/10 | Correspondence with Mr. Trafelet regarding preparation of Second Interim Fee Application. | HJP | 0.50 |
| 10/27/10 | Work on language to insert into Disclosure Statement per Judge Gerber's rulings (1.5), work on discovery in connection with asbestos estimation proceedings (.5). | JLN | 2.00 |
| 10/27/10 | Correspondence with Committee regarding discovery, notice of discovery and asbestos estimates. | SLE | 0.50 |
| 10/27/10 | Review notices of hearing and correspondence with Creditors' Committee regarding notices. | SLE | 0.30 |
| 10/28/10 | Review hearing transcript from hearing on fee applications for relevance to preparation of Second Interim Fee Applications (0.8), work on preparing ARPC's Second Interim Fee Application (1.5). | HJP | 2.30 |
| 10/28/10 | Work on discovery in connection with asbestos estimation proceedings (.5), correspondence with FCR's experts regarding missing data (.2). | JLN | 0.70 |
| 10/28/10 | Analyze creditors' committee proposed schedule regarding estimation (0.4), confer with Mr. Esserman regarding certain types of claims to be estimated (0.4). | RTB | 0.80 |
| 10/29/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                      Page 10
Invoice 121347

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 10/29/10 | Work on SBEP's Second Interim Fee Application. | HJP | 2.00 |
| 10/29/10 | Multiple phone calls and email correspondence with Ms. Rothwell regarding preparation of ARPC's Second Interim Fee Application (0.2), work on ARPC's second interim fee application (0.4). | HJP | 0.60 |
| 10/29/10 | Analysis of preliminary expert reports prepared in connection with GM case by MLC's expert. | JLN | 2.00 |
| 10/29/10 | Confer with Mr. Newton regarding certain types of claims to be estimated. | RTB | 0.40 |
| | Total Hours | | 228.00 |

### Timekeeper Summary

| | | | | |
|---|---|---|---|---|
| Cindy L Jeffery | Paralegal | $175.00 | 4.60 | $805.00 |
| Heather Panko | Associate | $300.00* | 50.40 | $14,510.00 |
| Jacob L Newton | Shareholder | $425.00 | 52.50 | $22,312.50 |
| Jo E Hartwick | Shareholder | $395.00 | 23.00 | $9,085.00 |
| Melanie R Fain | Paralegal | $95.00 | 2.00 | $190.00 |
| Peter C D'Apice | Shareholder | $525.00 | 1.70 | $892.50 |
| Rachael Stringer | Associate | $250.00 | 10.00 | $2,500.00 |
| Robert T Brousseau | Shareholder | $550.00 | 46.00 | $24,062.50 |
| Sander L Esserman | Shareholder | $725.00 | 37.80 | $27,405.00 |
| Total Fees | | | | $101,762.50 |

Itemized Expenses:

| | |
|---|---|
| Outside printing charges | 32.48 |
| Outside printing charges | 27.06 |
| Deliveries | 336.03 |
| Facsimiles | 41.25 |
| Long distance telephone charges | 10.09 |
| Long-Distance Travel Expenses | 2,569.42 |
| Photocopies | 80.20 |
| Transcripts of Hearings | 388.80 |
| Total Expenses | $3,485.33 |

*Please note that a reduced rate of $175.00 per hour was applied to 1.4 hours of Ms. Panko's time resulting in a voluntary reduction of $175.00 in fees billed during October 2010.

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 11
Invoice 121347

<u>Summary of Charges on this Invoice:</u>

| | |
|---|---|
| Hours | 228.00 |
| Fees | $101,762.50 |
| Expenses | $3,485.33 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$105,247.83** |

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 121566
December 17, 2010

DEAN N. TRAFELET, FCR
50 WEST  SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002

Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                SLE

For services performed through 11/30/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 11/01/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 11/01/10 | Work on SBEP's second interim fee application and exhibits. | HJP | 5.00 |
| 11/01/10 | Continue work on the FCR's second interim fee application, including preparation of exhibits to same (3.5), confer with Ms. Hartwick regarding revisions to FCR's second interim fee application (0.3). | HJP | 3.80 |
| 11/01/10 | Review and revise Mr. Trafelet's Second Interim Fee Application (.5), confer with Ms. Panko regarding revisions to Mr. Trafelet's Second Interim Fee Application (.1). | JEH | 0.60 |
| 11/01/10 | Work on asbestos liability estimation issues (0.7), work on disclosure statement and estimation issues (0.8). | RTB | 1.50 |
| 11/02/10 | Continued work on second interim fee application. | HJP | 3.60 |
| 11/02/10 | Work on drafting SBEP's second interim fee application and preparing exhibits to same. | HJP | 3.10 |
| 11/02/10 | Review of draft TDP and Trust Agreement. | SLE | 0.50 |
| 11/03/10 | Begin reviewing and analyzing draft TDP. | ALD | 2.30 |
| 11/03/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 11/03/10 | Review Trust Distribution Procedures and Trust Agreement to identify issues pertinent to FCR review and analysis. | DJP | 3.30 |
| 11/03/10 | Review and revise the FCR's second interim fee application. | HJP | 0.70 |
| 11/03/10 | Review and revise SBEP's second interim fee application and exhibits thereto. | HJP | 2.00 |
| 11/03/10 | Confer with Ms. Ducayet regarding project relating to review of TDP and Trust Agreement. | HJP | 0.20 |
| 11/03/10 | Work on ARPC's second interim fee application and prepare exhibits thereto. | HJP | 2.10 |
| 11/03/10 | Work on proposed language for insertion into Debtors' Disclosure | JLN | 1.70 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | Statement (.5), calls to Asbestos Committee regarding asbestos estimation proceeding (.2), analysis of data produced in connection with asbestos estimation proceedings (1.0). | | |
| 11/03/10 | Work on confidential asbestos-related matters. | RTB | 0.60 |
| 11/03/10 | Review of TDP and Trust Agreement regarding case. | SLE | 1.00 |
| 11/03/10 | Correspondence with ACC regarding Trust Agreement. | SLE | 0.20 |
| 11/03/10 | Conference call with FCR regarding Trust and Trust distribution schedule. | SLE | 0.30 |
| 11/03/10 | Correspondence with FCR and experts regarding plan and report. | SLE | 0.20 |
| 11/04/10 | Review and analyze draft TDP circulated by Committee counsel, and compare to various other trusts' TDPs (2.2).  Prepare detailed analysis of TDP provisions for Futures Representative (2.6). | ALD | 4.80 |
| 11/04/10 | Meeting with Messers. Parsons and Taylor and Ms. Cioni and Ms. Panko to discuss recent drafts of Trust Agreement and TDP and work to be performed in analyzing same. | ALD | 0.50 |
| 11/04/10 | Work on comparative analysis of various trust agreement per FCR's request. | BLC | 6.70 |
| 11/04/10 | Meeting with ALD, DJP, CIT and HJP regarding TDP and Trust Agreement comparison project and division of labor. | BLC | 0.50 |
| 11/04/10 | Meeting with DJP and CIT regarding analysis of Trust Agreement and analysis thereof. | BLC | 0.50 |
| 11/04/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 11/04/10 | Prepare for and attend meeting regarding trust agreement comparison | CIT | 1.10 |
| 11/04/10 | Review Trust Distribution Procedures and Trust Agreement to identify issues pertinent to FCR review and analysis (1.3). Conference with Ms. Ducayet, Ms. Cioni and Ms. Panko regarding FCR review of Trust Distribution Procedures and Trust Agreement (0.7).  Review various trust agreements from other trusts to identify points of comparison with MLC Trust Agreement (6.2). | DJP | 8.20 |
| 11/04/10 | Phone call and email correspondence with Ms. Rothwell regarding information needed for ARPC's second interim fee application (0.2), review and revise ARPC's second interim fee application and exhibits thereto (1.2). | HJP | 1.40 |
| 11/04/10 | Work on SBEP's second interim fee application. | HJP | 0.30 |
| 11/04/10 | Review asbestos trust agreement and trust distribution procedures in preparation for meeting regarding trust documents (1.6), meeting with FCR's legal team regarding review and analysis of trust agreement and proposed trust distribution procedures (0.5), work on preparing comparison charts for trust agreement and trust distribution procedures (2.4), work on comparative analysis of trust distribution procedures for various asbestos trusts at request of the FCR (3.6). | HJP | 8.10 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 3
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 11/04/10 | Correspondence with Mr. Esserman regarding update on expert reports (.2), work on disclosure statement language (.8), correspondence with Asbestos Committee regarding additional estimation-related discovery (.2). | JLN | 1.20 |
| 11/04/10 | Prepare agenda for conference call (0.5), work on data and discovery issues (0.4). | RTB | 0.90 |
| 11/04/10 | Work on disclosure statement modifications and revisions. | SLE | 0.50 |
| 11/04/10 | Review issues on data for asbestos claims and Trust claims. | SLE | 0.50 |
| 11/04/10 | Review revisions to TDP and Trust Agreement. | SLE | 1.00 |
| 11/05/10 | Review and analyze draft TDP circulated by Committee counsel. | ALD | 1.10 |
| 11/05/10 | Continue to work on comparative analysis of various trust agreement per FCR's request. | BLC | 7.90 |
| 11/05/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.50 |
| 11/05/10 | Review materials for memorandum on Trust Agreement issues (2.8), email correspondence from Ms. Cioni and Ms. Ducayet regarding memo on Trust Agreement (0.3). | CIT | 3.10 |
| 11/05/10 | Continue to review various trust agreements to identify points of comparison with MLC Trust Agreement (2.2).  Review MLC Trust Agreement to identify issues of concern to FCR (2.3).  Perform Comparative Analysis of MLC Trust Agreement with other trusts' agreements to identify points of departure and issues of potential concern to FCR (4.1). | DJP | 8.60 |
| 11/05/10 | Continued work on analysis of various TDPs and proposed TDP for MLC. | HJP | 7.50 |
| 11/05/10 | Review and revise SBEP's Second Interim Fee Application. | HJP | 0.90 |
| 11/05/10 | Review and revise the FCR's Second Interim Fee Application. | HJP | 0.70 |
| 11/05/10 | Review and revise draft proposed order regarding first interim fee applications for SBEP, the FCR, and ARPC. | HJP | 0.40 |
| 11/05/10 | Draft letter to MLC's counsel regarding additional asbestos estimation discovery (1.5), prepare for and participate in strategy meeting with Mr. Trafelet and FCR's experts (.5), draft Agenda for FCR meeting (.2), work on amended Disclosure Statement (2.0), draft additional discovery to Debtors' counsel regarding foreign claims (.7), review and revise joint disclosure statement insertion with Asbestos Committee (.7). | JLN | 5.60 |
| 11/05/10 | Confer with Ms. Ducayet regarding analysis of Motors Liquidation Company's proposed Trust Distribution Procedures in comparison with other recent debtors' Trust Distribution Procedures (.3), briefly review sections to Trust Distribution Procedures to be analyzed (.3). | JEH | 0.60 |
| 11/05/10 | Prepare letter to Debtor's counsel regarding estimation and discovery (0.4). Prepare for and participate in conference call with FCR and his experts regarding liability issues for estimation purposes (1.1) and analyze claims distribution issues for use in connection with contemplated trust (1.2). | RTB | 2.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 4
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 11/05/10 | Prepare disclosure statement language (2.2). Work on insurance issues (0.4). | RTB | 2.60 |
| 11/05/10 | Correspondence with ACC regarding strategy for case. | SLE | 0.20 |
| 11/05/10 | Review of revisions to GM Disclosure Statement, correspondence with ACC regarding Disclosure Statement. | SLE | 0.50 |
| 11/05/10 | Work on objections to claims by GM. | SLE | 0.50 |
| 11/05/10 | Work on TDP and Trust Agreement. | SLE | 1.00 |
| 11/05/10 | Conference with ARPC and Mr. Trafelet regarding future studies and case issues, correspondence regarding future studies and case issues with FCR. | SLE | 0.50 |
| 11/06/10 | Review and modifications to Asbestos Committee's proposed changes to the FCR's proposed disclosure statement insert (.3), various correspondence with Asbestos Committee regarding disclosure statement modifications and proper description of Debtors' asbestos liabilities (.2), research asbestos claims data in connection with proper disclosure to creditors (.5). | JLN | 1.00 |
| 11/06/10 | Prepare additional disclosure statement language. | RTB | 1.20 |
| 11/07/10 | Continued review and analysis of various asbestos trust's TDPs. | HJP | 4.50 |
| 11/07/10 | Review proposed language provided by Mr. Swett regarding extent of MLC's asbestos liabilities (.2), correspondence with Mr. Swett regarding Court's ruling at October 30 hearings (.2). | JLN | 0.40 |
| 11/07/10 | Analyze certain provisions of Motors Liquidation Company's proposed Trust Distribution Procedures (1.9), prepare chart reflecting certain provisions of Motors Liquidation Company's proposed Trust Distribution Procedures (1.8), compare certain provisions of Trust Distribution Procedures of another trust with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedures (1.5), prepare chart comparing certain provisions of other trusts' TDPs with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedures (.6). | JEH | 5.80 |
| 11/07/10 | Continued work on disclosure statement issues. | RTB | 1.50 |
| 11/08/10 | Review and analyze draft TDP proposed by Committee (4.3), prepare memo to Future Representative regarding analysis (3.0). | ALD | 7.30 |
| 11/08/10 | Additional work on comparative analysis of various trust agreement per FCR's request. | BLC | 5.10 |
| 11/08/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 11/08/10 | Analyze issues regarding Trust Agreements (4.8), email correspondence to and from Ms. Cioni and Mr. Parsons regarding trust agreements (0.4). | CIT | 5.20 |
| 11/08/10 | Compose memorandum analyzing proposed Trust Agreement to identify areas of divergence from the agreements of other trusts, including detailed comparison chart and executive summary with recommendations (4.2).  Review and revise memorandum regarding | DJP | 6.80 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                              Page 5
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | analysis of trust agreement (2.6). | | |
| 11/08/10 | Conference with Mr. Esserman regarding revisions to second interim fee applications of the FCR and his professionals. | HJP | 0.20 |
| 11/08/10 | Extensive work on comparative analysis of various TDPs at request of Mr. Trafelet. | HJP | 5.50 |
| 11/08/10 | Continue to work on comparative analysis of trust distribution procedures (2.3), confer with Ms. Ducayet regarding TDP comparison project (0.1). | HJP | 2.40 |
| 11/08/10 | Research asbestos claims information in general motors public filings per Mr. Newton's request. | HJP | 0.90 |
| 11/08/10 | Review and analysis of Asbestos Committee's supplemental asbestos report to MLC's counsel (.3), correspondence with Asbestos Committee regarding research into General Motors annual reports (.2), correspondence with Asbestos Committee's insurance advisor regarding various primary and excess insurance issues (.2), analysis of alternative product lines for impact on asbestos estimation (.5). | JLN | 1.20 |
| 11/08/10 | Confer with Ms. Ducayet regarding status of analysis of Motors Liquidation Company's proposed Trust Distribution Procedures in comparison with other recent debtors' Trust Distribution Procedures (.3), compare certain provisions of a recent Trust Distribution Procedures with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedures (1.5), prepare chart comparing certain provisions of recent Trust Distribution Procedures of another trust with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedures (.5). | JEH | 2.30 |
| 11/08/10 | Analyze certain liability issues regarding future claims (0.4). Work on disclosure statement (1.6). | RTB | 2.00 |
| 11/08/10 | Review of fee application and exhibits. | SLE | 0.50 |
| 11/08/10 | Work on revisions to disclosure statement regarding case. | SLE | 0.50 |
| 11/08/10 | Work on discovery issues and correspondence with FCR regarding discovery issues. | SLE | 0.40 |
| 11/08/10 | Correspondence with ACC and Debtor regarding disclosure statement. | SLE | 0.30 |
| 11/09/10 | Review and analyze draft TDP proposed by Committee and compare to various other trusts' TDPs (5.6), prepare memo to Future Representative regarding analysis of proposed TDP (3.9). | ALD | 9.50 |
| 11/09/10 | Preparation of comparative trust analysis memo and extensive revisions to memo. | BLC | 6.00 |
| 11/09/10 | Calls with CourtCall regarding confirmation of appearances for hearing. | CLJ | 0.50 |
| 11/09/10 | Analyze issues regarding Trust Agreement (3.0), email correspondence to Ms. Cioni and Mr. Parsons regarding memo on trust agreements (0.4), draft memorandum material regarding analysis of Trust Agreements (2.7). | CIT | 6.10 |
| 11/09/10 | Review and revise memorandum analyzing Trust Agreement (3.1). Correspondence with Ms. Ducayet, Ms. Cioni and Ms. Panko | DJP | 3.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                        Page 6
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | regarding same (0.4). | | |
| 11/09/10 | Meeting with Ms. Ducayet regarding review and analysis of various TDPs (2.2), meeting with Ms. Hartwick and Ms. Ducayet regarding comparative analysis of TDPs and preparation of materials related to same (2.1), extensive review of and revisions to comparative analysis chart regarding TDPs (3.0). | HJP | 7.30 |
| 11/09/10 | Phone calls with Ms. Rothwell at ARPC regarding fee applications. | HJP | 0.20 |
| 11/09/10 | Review and revise fee applications of the FCR and his professionals (0.8), multiple correspondence with the FCR and ARPC regarding fee applications and budgets (0.4). | HJP | 1.20 |
| 11/09/10 | Prepare for meeting with Mr. Gilbert, Asbestos Committee's insurance advisor, regarding General Motors insurance. | JLN | 0.30 |
| 11/09/10 | Review objections to subpoenas served by the Unsecured Creditors' Committee filed by certain mesothelioma claimants (.9),  compare certain provisions of select Trust Distribution Procedures with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedures (1.6), prepare chart comparing certain provisions of another recent trust's Trust Distribution Procedures with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedures (.5), confer with Ms. Ducayet and Ms. Panko regarding revisions to chart comparing certain provisions of Trust Distribution Procedures of other trusts with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedures to ensure accuracy and internal consistency (1.5), revise chart comparing certain provisions of of other trust's Trust Distribution Procedures with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedures to ensure accuracy and internal consistency (1.8). | JEH | 6.30 |
| 11/09/10 | Prepare for and participate in telephone hearing regarding disclosure statement. | RTB | 0.90 |
| 11/09/10 | Work on responses of asbestos claimants regarding protocol and review responses of asbestos claimants. | SLE | 0.50 |
| 11/09/10 | Work on disclosure statement revisions. | SLE | 0.50 |
| 11/09/10 | Review of fee applications of experts and FCR to be filed, and correspondence with FCR and ARPC regarding fee applications. | SLE | 0.30 |
| 11/10/10 | Continue with review and analysis of draft TDP proposed by Committee (5.9), prepare memo to Future Representative regarding analysis of proposed TDP (2.4). | ALD | 8.30 |
| 11/10/10 | Revisions to Trust Agreement comparative analysis chart for FCR. | BLC | 0.90 |
| 11/10/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 11/10/10 | Analyze issues regarding Trust Agreement | CIT | 1.70 |
| 11/10/10 | Review and analyze proposed TDP to identify areas of potential concern to FCR. | DJP | 5.20 |
| 11/10/10 | Extensive work on revisions to various documents associated with | HJP | 5.30 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | comparative analysis of TDPs and Trust agreements. | | |
| 11/10/10 | Preparation of supplemental information for SBEP's Second Interim Fee Application. | HJP | 1.80 |
| 11/10/10 | Research into GM's foreign claims to facilitate FCR's estimation of aggregate asbestos liabilities (.7), prepare for and participate in meeting with Mr. Gilbert, Asbestos Committee's insurance advisor, regarding General Motors insurance and status of excess insurers (.7). | JLN | 1.40 |
| 11/10/10 | Review detailed chart comparing provisions of the MLC Trust Agreement to the Trust Agreements of certain other trusts (1.9), prepare memorandum regarding material differences between Trust Distribution Procedures of other trusts and Motors Liquidation Company's proposed Trust Distribution Procedures and differences in substance between the MLC Trust Agreement and the Trust Agreements of other trusts (3.7), confer with Ms. Ducayet and Ms Panko regarding revisions to chart comparing certain provisions of Trust Distribution Procedures of other trusts with similar provisions of Motors Liquidation Company's proposed Trust Distribution Procedure (1.1), confer with Ms. Ducayet and Ms. Panko regarding revisions to memorandum regarding material differences between Trust Distribution Procedures of other trusts and Motors Liquidation Company's proposed Trust Distribution Procedures and differences in substance between the MLC Trust Agreement and the Trust Agreements of other trusts (.6), review revised chart comparing certain provisions of Motors Liquidation Company's proposed Trust Distribution Procedures with the provisions of other Trusts' Trust Distribution Procedures (.7). | JEH | 8.00 |
| 11/10/10 | Work on data and discovery regarding certain types of asbestos claims for estimation purposes (2.8). Prepare confidential email regarding open issues in estimation (1.0). | RTB | 3.80 |
| 11/10/10 | Work on memo and analysis of Trust and TDP. | SLE | 1.00 |
| 11/10/10 | Correspondence with GM, ACC and FCR regarding asbestos foreign claims. | SLE | 0.50 |
| 11/11/10 | Conference with Mr. Brousseau, Ms. Hartwick, and Ms. Panko regarding trust claims issues. | ALD | 0.70 |
| 11/11/10 | Research regarding trust claims issues. | ALD | 2.60 |
| 11/11/10 | Revise memo to Futures Representative regarding analysis of TDP and Trust Agreement. | ALD | 0.50 |
| 11/11/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 11/11/10 | Review and revise supplemental expense detail for SBEP. | HJP | 0.30 |
| 11/11/10 | Conference with Mr. Brousseau, Ms. Hartwick, and Ms. Ducayet regarding follow-up research related to TDP (0.6), review and revise TDP Comparison Chart (0.5), research regarding treatment of certain claims by proposed TDP (1.8). | HJP | 2.90 |
| 11/11/10 | | HJP | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                            Page 8
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | and budgets. | | |
| 11/11/10 | Prepare for and participate in strategy meeting with FCR and FCR's claims estimation expert (.8), review correspondence from Mr. Karotkin regarding foreign asbestos claims and related correspondence with FCR (.3). | JLN | 1.10 |
| 11/11/10 | Confer with Mr. Brousseau, Ms. Ducayet and Ms. Panko regarding treatment of foreign claims in asbestos personal injury trusts' Trust Distribution Procedures and regarding federal statutes governing maritime and railroad carrier claims (.4), conduct and analyze research regarding federal statutes that cover maritime and/or railroad carrier claims (1.6), prepare insert to memorandum regarding material differences between the Trust Distribution Procedures of other trusts and Motors Liquidation Company's proposed Trust Distribution Procedures and differences in substance between the MLC Trust Agreement and the Trust Agreements of other trusts regarding withdrawal of claims provision and in connection with statutes of limitations provisions (.7). | JEH | 2.70 |
| 11/11/10 | Prepare for and participate in strategy conference call with client (1.0). Work on trust distribution procedure issues (2.1). Work on certain future liability theories (1.2). | RTB | 4.30 |
| 11/11/10 | Review of Trust Agreement, Trust provisions and distribution procedures regarding case. | SLE | 1.00 |
| 11/11/10 | Review of objections of asbestos claimants regarding Trust discovery. | SLE | 0.30 |
| 11/11/10 | Conference call with FCR and experts regarding asbestos estimation and hearings. | SLE | 0.50 |
| 11/12/10 | Research regarding trust claims issues (3.4). Review and analyze Debtor's proposed Plan with respect to trust claims issues (2.5). | ALD | 5.90 |
| 11/12/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 11/12/10 | Continued work on project relating to the treatment of certain types of claims under the trust distribution procedures. | HJP | 4.50 |
| 11/12/10 | Continue research and analysis of federal statutes that cover maritime and/or railroad carrier claims (3.3), prepare insert to plan definition of Asbestos Personal Injury Claim that defines excluded claims under federal acts that protect railroad workers and mariners (1.1), review and revise insert to plan definition of Asbestos Personal Injury Claim that defines and excludes foreign claims (.3), review revisions to MLC Trust Distribution Procedures (.5). | JEH | 5.20 |
| 11/12/10 | Further work on estimation-related legal theories. | RTB | 0.60 |
| 11/12/10 | Review issues regarding asbestos claims and international claims and correspondence with expert regarding asbestos claims and international claims. | SLE | 0.50 |
| 11/12/10 | Review of fee applications for FCR, experts and SBEP. | SLE | 0.50 |
| 11/12/10 | Work on Trust Agreement and modifications to TDP. | SLE | 1.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                        Page 9
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 11/14/10 | Review and revise fee applications for the FCR and his professionals. | HJP | 2.00 |
| 11/15/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 11/15/10 | Correspondence with the Fee Examiner and his counsel regarding supplemental expense detail for the FCR and his professionals and monthly budgets. | HJP | 0.10 |
| 11/15/10 | Review and respond to correspondence from Fee Examiner regarding proposed order on first interim fee application of SBEP. | HJP | 0.30 |
| 11/15/10 | Review and analysis of various objections filed by individual mesothelioma claimants to Unsecured Creditors' Committee's discovery requests (1.0), correspondence with FCR and FCR's experts regarding status of claims estimate (.2), research alternate GM product lines in connection with preparing for claims estimation hearing (1.5). | JLN | 2.70 |
| 11/15/10 | Work on expert estimation issues. | RTB | 0.80 |
| 11/15/10 | Correspondence with FCR and experts regarding hearing on estimation issues. | SLE | 0.50 |
| 11/15/10 | Review of Bates White reports regarding case and review of other reports. | SLE | 1.00 |
| 11/15/10 | Correspondence with ACC and FCR regarding hearing in case, settling of expedited motion and possible response. | SLE | 0.30 |
| 11/16/10 | Correspondence with Mr. Trafelet and ARPC regarding filed fee applications and budget letters. | HJP | 0.20 |
| 11/16/10 | Review and analysis of Committee's reply to various objections filed by individual mesothelioma claimants (1.0), analysis of various objections filed by individual asbestos claimants in preparation for hearings on November 22 (0.7), draft hearing outline for hearing on 11.27.10 (0.8), various correspondence with Asbestos Committee and FCR's claims estimation experts regarding prior testimony of Unsecured Creditors Committee's expert (Dr. Bates) (.3), review and analysis of Dr. Bates' deposition transcripts from prior cases in preparation for asbestos estimation (1.3). | JLN | 4.10 |
| 11/16/10 | Review recently filed pleadings regarding relevance to Future Claimants' Representative. | JEH | 0.50 |
| 11/16/10 | Prepare hearing notebook per Mr. Newton for November 22, 2010 hearing. | MRF | 0.80 |
| 11/16/10 | Analyze certain possible plan and TDP modifications. | RTB | 1.50 |
| 11/17/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency (0.5), and correspondence with legal team regarding the identified pleadings (0.3). | CLJ | 0.80 |
| 11/17/10 | Research regarding issues related to claims estimation. | HJP | 0.70 |
| 11/17/10 | Review notice of hearing agenda for hearing on November 18th. | HJP | 0.10 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 10
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 11/17/10 | Review fee examiner's letter regarding hearing and procedure for review of fee applications and confer with Mr. Esserman regarding fee examiner's letter. | HJP | 0.20 |
| 11/17/10 | Review SBEP's October 2010 billing memo (billed at 1/2 rate). | HJP | 0.70 |
| 11/17/10 | Review FCR's October 2010 billing for confidential and privileged information (billed at 1/2 rate). | HJP | 0.20 |
| 11/17/10 | Correspondence with Mr. Esserman regarding 11.18.10 hearings (.2), work on cross-examination outline for Unsecured Creditors' Committee's expert in connection with asbestos estimation proceedings (3.2). | JLN | 3.40 |
| 11/17/10 | Continue work on certain future asbestos liability issues. | RTB | 0.60 |
| 11/17/10 | Meet with experts and FCR regarding case and status. | SLE | 1.50 |
| 11/18/10 | Call with Ms. Andres regarding SBEP's Second Interim Fee Application. | HJP | 0.10 |
| 11/18/10 | Correspondence with FCR regarding October 2010 invoice. | HJP | 0.30 |
| 11/18/10 | Correspondence with Ms. Panko regarding fee issues raised by fee auditor (.2). | JLN | 0.20 |
| 11/18/10 | Work on proposed disclosure statement language (.7), various correspondence with Debtors' counsel regarding status of disclosure statement and incorporation of language proposed by FCR (.3). | JLN | 1.00 |
| 11/18/10 | Detailed review of Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. Sec. 502(c) Authorizing Estimation of Debtors' Aggregate Liability for Asbestos Personal Injury Claims and Establishing Schedule for Estimation Proceeding (1.1), prepare Response of Future Claimants' Representative to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. Sec. 502(c) Authorizing Estimation of Debtors' Aggregate Liability for Asbestos Personal Injury Claims and Establishing Schedule for Estimation Proceeding (.8), review recently filed pleadings regarding relevance to Future Claimants' Representative (.4). | JEH | 2.30 |
| 11/18/10 | Work on disclosure and estimation issues. | RTB | 0.20 |
| 11/18/10 | Attend hearing regarding case, claims litigation and scheduling. | SLE | 0.50 |
| 11/19/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 11/19/10 | Prepare for hearings on November 22 regarding asbestos claimants' objections to Unsecured Creditors' Committee's subpoenas (.5), various correspondence with Mr. Esserman regarding status of hearings (.2), correspondence with FCR's experts regarding proposed schedule promulgated by Debtors in connection with asbestos estimation proceeding (.2). | JLN | 0.90 |
| 11/19/10 | Prepare for hearing on disclosure issues (0.4). Work on estimation and data analysis issues (0.4). | RTB | 0.80 |
| 11/21/10 | Preparations for November 22 hearings on disclosure statement issues and discovery issues (.4), various correspondence with FCR's estimation experts and with Asbestos Committee regarding | JLN | 0.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                      Page 11
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | November 22 hearings (.3). | | |
| 11/21/10 | Work on expert and estimation issues (0.3). Prepare for disclosure hearing (0.3). | RTB | 0.60 |
| 11/21/10 | Correspondence with Committee regarding case status and hearing. | SLE | 0.30 |
| 11/21/10 | Prepare for disclosure statement hearing and hearing on subpoenas. | SLE | 1.00 |
| 11/22/10 | Review correspondence from Fee Examiner's counsel regarding SBEP's second interim fee application and discuss issues with Mr. Newton. | HJP | 0.20 |
| 11/22/10 | Review ARPC's invoice for confidential and privileged information (billed at 1/2 rate). | HJP | 0.70 |
| 11/22/10 | Draft objection to Debtors' Motion to set asbestos estimation hearing (4.0), various correspondence with FCR's estimation experts regarding proposed compromise regarding asbestos committee's and unsecured creditors' committee's third party discovery requests (.3), review and analysis of Debtors' proposed additions to disclosure statement to cure FCR's objections thereto (.3). | JLN | 4.60 |
| 11/22/10 | Work on discovery statement inserts (0.3). Work on estimation issues (0.3), and confer with experts regarding scheduling (0.3). Confer with Mr. Esserman regarding possible stipulation (0.2). | RTB | 1.10 |
| 11/22/10 | Prepare for and attend hearing on Disclosure Statement and Trust Subpoenas (4.0), meet with lawyers for Committee regarding case and estimation issues (1.3). | SLE | 5.30 |
| 11/22/10 | Correspondence with experts regarding options and results of hearing on disclosure statement and subpoenas. | SLE | 0.50 |
| 11/22/10 | Review of revisions to disclosure statement and GM's proposed changes. | SLE | 0.50 |
| 11/22/10 | Correspondence with ARPC and FCR regarding status of case and hearing. | SLE | 0.30 |
| 11/23/10 | Research various issues for Mr. Newton in connection with preparation of response to motion to estimate asbestos claims. | HJP | 0.20 |
| 11/23/10 | Call with Ms. Andres regarding SBEP's Second Interim Fee Application and issues related to same. | HJP | 0.20 |
| 11/23/10 | Review Judge Gerber's Bench Decision on Pending Fee Matters and summarize same for FCR's legal team. | HJP | 0.20 |
| 11/23/10 | Research due process issues in connection with FCR's objection to Debtors' proposed schedule for asbestos estimation (1.0), draft and revise objection to Debtors' Motion to set asbestos estimation for hearing (3.0). | JLN | 4.00 |
| 11/23/10 | Review and analysis of Dr. Bates hearing testimony in connection with upcoming asbestos estimation preparations. | JLN | 2.00 |
| 11/23/10 | Work on estimation schedule (0.2), and confer with Asbestos Committee regarding scheduling related to estimation (0.6). Revise draft response to motion for scheduling order (1.1). Review several iterations of proposed stipulations relating to discovery requests (0.7). | RTB | 2.60 |
| 11/23/10 | Work on disclosure statement and revisions. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                           Page 12
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 11/23/10 | Work on proposed draft order on hearing regarding discovery (0.5) and correspondence with ARPC and FCR regarding proposed draft order (0.2). | SLE | 0.70 |
| 11/23/10 | Review and revise objections to GM estimation motion. | SLE | 0.50 |
| 11/24/10 | Multiple email correspondence and phone calls with FCR's legal team regarding revisions to response to Debtor's motion to estimate asbestos claims (0.5), review and revise FCR's response to Debtor's motion to estimate asbestos claims (1.2). | HJP | 1.70 |
| 11/24/10 | Various correspondence with Asbestos Committee, FCR, and FCR's experts regarding proposed discovery stipulation (.3), review and revise draft discovery stipulation (.3), revisions to objection to Debtors' Motion to set asbestos estimation for hearing (1.3), additional research in support of FCR's objection to proposed schedule promulgated by Debtors (1.0), various correspondence with Mr. Esserman regarding modifications to draft objection to estimation schedule (.3), various correspondence with ARPC (FCR's experts) regarding outstanding discovery requests in connection with asbestos estimation proceeding (.3). | JLN | 3.50 |
| 11/24/10 | Work on revisions to objections to scheduling motion (2.1). Confer with asbestos committee counsel and with experts regarding estimation (1.8). | RTB | 3.90 |
| 11/24/10 | Work on motion to estimate schedule of GM and revisions to motion. | SLE | 0.50 |
| 11/24/10 | Correspondence with UCC regarding stipulation and correspondence with FCR regarding stipulation. | SLE | 0.30 |
| 11/24/10 | Work on revisions to agreed order and correspondence with parties regarding agreed order. | SLE | 0.50 |
| 11/24/10 | Conference call with Mr. Karotkin regarding discovery issues; call with Mr. Swett regarding order and negotiations. | SLE | 0.50 |
| 11/24/10 | Correspondence with ARPC and FCR regarding case, stipulation and options. | SLE | 0.30 |
| 11/26/10 | Prepare hearing outline and demonstrative exhibits for use at December 2, 2010, hearings on Debtor's estimation motion. | JLN | 2.20 |
| 11/28/10 | Review and analysis of Rabinovitz report estimating Debtors' current and future asbestos liabilities in connection with upcoming estimation hearing. | JLN | 1.00 |
| 11/28/10 | Work on estimation issues. | RTB | 0.20 |
| 11/29/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 11/29/10 | Review of correspondence regarding hearing on November 22 (0.3), order transcript of November 22 hearing (0.4). | CLJ | 0.70 |
| 11/29/10 | Review fee application and draft correspondence to FCR's legal team regarding questions raised by Fee Examiner. | HJP | 0.50 |
| 11/29/10 | Various correspondence with FCR and FCR's experts regarding proposed estimation schedule in connection with December 2 hearings (.3), review and analysis of amended discovery Stipulation | JLN | 1.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                   Page 13
Invoice 121566

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | relating to use of Trust data at estimation hearing and resolution of Asbestos Committee's request for authority to serve third party discovery (.4), research prior discovery requests and New GM's responses thereto in connection with December 2 hearing preparations (.8). | | |
| 11/29/10 | Review revised discovery stipulation. | RTB | 0.20 |
| 11/29/10 | Correspondence with experts and FCR regarding hearings and status of discovery. | SLE | 0.50 |
| 11/29/10 | Work on order on discovery and revise order. | SLE | 0.40 |
| 11/29/10 | Review of transcript of hearing on discovery and Bates White issues. | SLE | 0.40 |
| 11/30/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 11/30/10 | Call with Mr. Newton to discuss preparations for hearing on motion to estimate asbestos claims (.2), review various documents and prepare materials for Mr. Esserman for hearing on the motion to estimate asbestos claims (2.2). | HJP | 2.40 |
| 11/30/10 | Follow-up correspondence with Ms. Andres regarding SBEP's second interim fee application. | HJP | 0.30 |
| 11/30/10 | Various correspondence with FCR and FCR's experts regarding necessary extension to Debtors' proposed schedule (.3), prepare for and participate in strategy call with FCR and FCR's experts regarding December 2 hearings (.5), research prior discovery requests and New GM's responses thereto in connection with December 2 hearing preparations (1.5), draft chart of outstanding estimation-related discovery requests (.7). | JLN | 3.00 |
| 11/30/10 | Review Agreement Regarding Rule 2004 Applications (.5), work on Chart of Discovery Requests and Responses for use at hearing (1.2). | JEH | 1.70 |
| 11/30/10 | Two calls with counsel for asbestos committee regarding estimation (0.7). Work on data requests and confer with Debtors' counsel regarding certain data (1.3). Prepare for and participate in conference call with client regarding estimation (0.7). Work on confidential matters relating to future claims estimation (2.0). | RTB | 4.70 |
| 11/30/10 | Prepare for and attend hearing on case for estimation schedule and disclosure statement. | SLE | 1.00 |
| 11/30/10 | Conference calls with FCR regarding case and disclosure statement. | SLE | 0.50 |
| 11/30/10 | Conference calls with Mr. Swett regarding case, schedule, estimation and court hearing. | SLE | 0.40 |
| 11/30/10 | Call with FCR regarding status of negotiations and open issues. | SLE | 0.30 |
| 11/30/10 | Conference calls with Ms. Brockman regarding case, issues on estimation and discovery. | SLE | 0.40 |
| 11/30/10 | Correspondence with New GM regarding documents and review document requests for FCR analysis. | SLE | 0.30 |
| 11/30/10 | Call with Mr. Karotkin regarding settlement of open estimation | SLE | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 14
Invoice 121566

| Date | Description | | Attorney | Hours |
|------|-------------|---|----------|-------|
| | issues. | | | |
| | Total Hours | | | 377.90 |

### Timekeeper Summary

| | | | | |
|--|--|--|--|--|
| Andrea L Ducayet | Shareholder | $385.00 | 43.50 | $16,747.50 |
| Briana Cioni | Associate | $300.00 | 27.60 | $8,280.00 |
| Cindy L Jeffery | Paralegal | $175.00 | 5.30 | $927.50 |
| Cliff I Taylor | Associate | $375.00 | 17.20 | $6,450.00 |
| David J Parsons | Associate | $385.00 | 35.60 | $13,706.00 |
| Heather Panko | Associate | $300.00 | 88.30 | $26,250.00 |
| Jacob L Newton | Shareholder | $425.00 | 48.70 | $20,697.50 |
| Jo E Hartwick | Shareholder | $395.00 | 36.00 | $14,220.00 |
| Melanie R Fain | Paralegal | $95.00 | 0.80 | $76.00 |
| Robert T Brousseau | Shareholder | $550.00 | 39.80 | $21,890.00 |
| Sander L Esserman | Shareholder | $725.00 | 35.10 | $25,447.50 |
| Total Fees | | | | $154,692.00 |

Itemized Expenses:

| | |
|--|--|
| Court Call | 270.00 |
| Outside printing charges | 37.89 |
| Deliveries | 342.72 |
| Facsimiles | 11.25 |
| Long distance telephone charges | 9.27 |
| Long-Distance Travel Expenses | 2,453.73 |
| Meal Expenses | 8.44 |
| Photocopies | 170.60 |
| Total Expenses | $3,303.90 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                          Page 15
Invoice 121566

<u>Summary of Charges on this Invoice:</u>

| | |
|---|---|
| Hours | 377.90 |
| Fees | $154,692.00 |
| Expenses | $3,303.90 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$157,995.90** |

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 122206
January 31, 2011

DEAN N. TRAFELET, FCR
50 WEST  SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002

Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                    SLE

For services performed through 12/31/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/01/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 12/01/10 | Review multiple email correspondence from Mr. Newton in connection with hearing preparations for hearing on December 2 (0.4), continue work on preparing materials for Mr. Esserman for hearing on December 2 (1.8). | HJP | 2.20 |
| 12/01/10 | Review and analyze Fee Examiner's draft report regarding FCR's Second Interim Fee Application (0.4), review and analyze Fee Examiner's draft report regarding SBEP's Second Interim Fee Application (0.6), confer with Ms. Hartwick regarding Fee Examiner's proposed protocol for "fees on fees" (0.3). | HJP | 1.30 |
| 12/01/10 | Review and analysis of prior testimony of Dr. Bates in connection with upcoming estimation hearing (2.0). | JLN | 2.00 |
| 12/01/10 | Complete Chart of Discovery Requests and Responses for use at hearing (1.3), confer with Mr. Newton regarding discovery issues (.2). | JEH | 1.50 |
| 12/01/10 | Prepare for and participate in conference call with the FCR and ACC regarding estimation and confirmation. | RTB | 1.10 |
| 12/01/10 | Conference call with ACC and FCR regarding case, schedule and estimation procedures. | SLE | 1.00 |
| 12/01/10 | Travel for court hearing at 50%. | SLE | 3.00 |
| 12/01/10 | Review of comments and revisions to draft order. | SLE | 0.40 |
| 12/01/10 | Conference call with expert for FCR regarding estimation. | SLE | 0.50 |
| 12/01/10 | Call with Mr. Swett and ACC regarding estimation trial. | SLE | 0.40 |
| 12/01/10 | Prepare for argument on estimation and review pleadings regarding estimation and argument outline. | SLE | 1.20 |
| 12/02/10 | Further review of draft reports regarding SBEP and FCR's fee applications (0.6), conference with Ms. Hartwick regarding SBEP's second interim fee application (0.2), call with Ms. Andres (Fee Examiner's Counsel) regarding SBEP's Second Interim Fee Application (0.2), correspondence with Mr. Esserman summarizing draft reports on SBEP and FCR's fee applications and | HJP | 1.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 2
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
|  | recommendations regarding same (0.7). |  |  |
| 12/02/10 | Call with Amy Brockman regarding Fee Examiner's draft report regarding ARPC's Second Interim Fee Application (0.2), correspondence with Mr. Trafelet regarding Fee Examiner's draft report on FCR's Second Interim Fee Application (0.1). | HJP | 0.30 |
| 12/02/10 | Prepare for and attend asbestos estimation scheduling hearing. | JLN | 1.50 |
| 12/02/10 | Draft and revise proposed Stipulation, per Judge Gerber's request (1.0). Review and analysis of Dr. Bates' deposition testimony in connection with cross examination for asbestos estimation (.5). | JLN | 1.50 |
| 12/02/10 | Review expert testimony in similar cases to prepare for contested estimation hearing (0.9), confer with attorneys for parties regarding experts (0.2), further preparation for estimation hearing (0.4). | RTB | 1.50 |
| 12/02/10 | Prepare for hearing on asbestos estimation schedule (0.6), meet with experts and attorneys for parties regarding possible agreement regarding estimation (1.0), conference with FCR for court hearing (0.4) and attend court session regarding estimation (1.0). | SLE | 3.00 |
| 12/02/10 | Travel regarding case at 50%. | SLE | 3.00 |
| 12/02/10 | Correspondence with expert for FCR regarding case status. | SLE | 0.20 |
| 12/02/10 | Correspondence with FCR regarding case rulings and order. | SLE | 0.20 |
| 12/02/10 | Review of proposed order on estimation and correspondence regarding proposed order with FCR and legal team. | SLE | 0.20 |
| 12/03/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 12/03/10 | Correspondence with Ms. Brockman regarding ARPC's fees (0.2), correspondence with Ms. Andres regarding SBEP's Second Interim Fee Application and Fee Examiner's Report (0.1), review ARPC's draft response to Fee Examiner's draft report (0.8). | HJP | 1.10 |
| 12/03/10 | Various correspondence with Mr. Esserman regarding amended disclosure statement and upcoming hearings. | JLN | 0.20 |
| 12/03/10 | Review and analyze certain proposed tax-related changes to asbestos trust documentation. | RTB | 1.40 |
| 12/03/10 | Correspondence with FCR and ACC regarding open issues related to claims estimation. | SLE | 0.40 |
| 12/03/10 | Conference call with ACC regarding case, experts' schedule and hearing. | SLE | 0.30 |
| 12/03/10 | Correspondence with ACC, UCC and Debtor regarding estimation schedule (0.3), and review of hearing transcript (0.5). | SLE | 0.80 |
| 12/03/10 | Correspondence with FCR regarding case strategy and schedule. | SLE | 0.20 |
| 12/03/10 | Review of revisions to disclosure statement and plan. | SLE | 1.20 |
| 12/04/10 | Review and analysis of Amended Plan and Amended Disclosure Statement. | JLN | 5.50 |
| 12/04/10 | Analyze new debtor's plan and disclosure statement (4.0).  Prepare schedule of changes affecting the FCR (1.4). | RTB | 5.40 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                          Page 3
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/04/10 | Work on plan and disclosure statement changes made by Debtor. | SLE | 1.00 |
| 12/04/10 | Correspondence regarding possible objection to plan and disclosure statement with legal team. | SLE | 0.30 |
| 12/04/10 | Correspondence regarding open issues on asbestos matters with legal team. | SLE | 0.20 |
| 12/05/10 | Draft hearing outline in preparation for continued Disclosure Statement hearing (1.2).  Analysis of revised Plan and Disclosure Statement circulated by Debtors' counsel (2.5).  Draft correspondence to Debtors' counsel regarding FCR's disclosure statement objections (.5). | JLN | 4.20 |
| 12/05/10 | Continue analysis of debtor's changes to plan and disclosure statement and effect on FCR's constituency. | RTB | 4.10 |
| 12/05/10 | Correspondence with GM regarding disclosure statement issues. | SLE | 0.30 |
| 12/05/10 | Correspondence with FCR regarding plan and disclosure statement issues. | SLE | 0.20 |
| 12/05/10 | Travel to hearing regarding disclosure statement objection at 50% time. | SLE | 2.70 |
| 12/05/10 | Work on disclosure statement objections and revise objections. | SLE | 0.80 |
| 12/06/10 | Review of correspondence regarding December 2 transcript. | CLJ | 0.10 |
| 12/06/10 | Review of correspondence and telephone calls with CourtCall regarding December 7 hearing participation. | CLJ | 0.50 |
| 12/06/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 12/06/10 | Review revised plan and disclosure statement (1.1). Provide analysis regarding amendments to plan and disclosure statement (1.0). | DJP | 2.10 |
| 12/06/10 | Correspondence with Ms. Andres regarding ARPC's Second Interim Fee Application (0.1), phone call with Ms. Brockman regarding ARPC's second interim fee application and response to fee examiner (0.5), review ARPC's draft response to Fee Examiner (0.5), correspondence with Ms. Brockman regarding draft response (0.2). | HJP | 1.30 |
| 12/06/10 | Confer with Mr. Newton regarding supplemental objection to disclosure statement and filing timeline (0.2), review and revise supplemental objection to disclosure statement (0.3), follow-up correspondence with Mr. Maclay and Mr. Newton regarding filing of joint supplemental objection to disclosure statement (0.2). | HJP | 0.70 |
| 12/06/10 | File and serve Joint Supplemental Objection of the FCR and the ACC to Disclosure Statement. (billed at $175.00/hour) | HJP | 0.70 |
| 12/06/10 | Prepare and file certificate of service for Joint Supplemental Objection of the FCR and ACC to Disclosure Statement. (billed at $175.00/hour) | HJP | 0.20 |
| 12/06/10 | Review FCR's November 2010 invoice for confidential and privileged information. (billed at one-half rate) | HJP | 0.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice
Invoice 122206

Page 4

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/06/10 | Correspondence with FCR's legal team regarding hearing on second interim fee applications for the FCR and his professionals. | HJP | 0.20 |
| 12/06/10 | Draft objection to Debtor's amended disclosure statement (2.7). Analysis of proposed tax language to be added to the Asbestos Trust Agreement (.3). Correspondence with Asbestos Committee counsel and FCR regarding proposed tax language to be added to the Asbestos Trust Agreement (.2). Prepare for and participate in negotiation meeting with Debtors, UCC, and ACC regarding estimation schedule (.5). Revisions to Objection to Debtors' Disclosure Statement (.6). Telephonic meeting with Asbestos Committee regarding proposed objection to Debtors' amended disclosures (.3). Review amended proposed order circulated by Debtors in connection with asbestos estimation proceeding (.2). Conference with Asbestos Committee regarding proposed Plan modifications (.2). Analysis of revised disclosure Objection circulated by Asbestos Committee (.7). Finalize joint objection for filing (.3). | JLN | 6.00 |
| 12/06/10 | Review final estimation order and changes to order and correspondence with parties regarding order. | SLE | 0.40 |
| 12/06/10 | Conference with ACC regarding schedule and agreed orders. | SLE | 0.30 |
| 12/06/10 | Conference with FCR regarding estimation hearing. | SLE | 0.30 |
| 12/06/10 | Review of proposed order regarding estimation and schedule and correspondence regarding estimation and schedule. | SLE | 0.40 |
| 12/06/10 | Conference call with UCC and ACC regarding order in case, schedule and open issues. | SLE | 0.30 |
| 12/07/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency (0.5). Correspondence with legal team regarding the identified pleadings (0.2). | CLJ | 0.70 |
| 12/07/10 | Correspondence with Ms. Brockman regarding ARPC's second interim fee application and response from Fee Examiner. | HJP | 0.10 |
| 12/07/10 | Research various inquiries for Mr. Esserman and Mr. Newton related to hearing on amended disclosure statement and plan. | HJP | 0.20 |
| 12/07/10 | Correspondence with FCR regarding joint objection to disclosure statement and 12.7.10 hearings (.2). Prepare for and attend hearing on Debtors' amended disclosure statement (1.0). Analysis of revised asbestos trust agreement to be distributed in connection with disclosure statement (1.0). | JLN | 2.20 |
| 12/07/10 | Work on disclosure issues in connection with hearing. | RTB | 1.60 |
| 12/07/10 | Prepare for court hearing regarding case (0.5). Attend hearing regarding disclosure statement (0.5). Meet with witness regarding case and trial (1.5). | SLE | 2.50 |
| 12/07/10 | Work on interrogatories and written discovery to GM regarding case and make revisions to interrogatories and discovery. | SLE | 0.50 |
| 12/07/10 | Conference with FCR regarding hearing, estimation trial and discovery. | SLE | 0.30 |
| 12/07/10 | Work on Trust Distribution Procedures and Trust Agreement and | SLE | 0.40 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 5
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
|  | review of revised disclosure statement and correspondence with FCR, ACC and GM regarding revised disclosure statement. |  |  |
| 12/07/10 | Review of revisions to disclosure statement and correspondence with FCR, ACC and GM regarding revisions. | SLE | 0.50 |
| 12/08/10 | Review correspondence from Mr. Newton regarding TDP and Trust Agreement (0.3). Review revisions to TDP and Trust Agreement (0.4). | ALD | 0.70 |
| 12/08/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 12/08/10 | Review Fee Examiner's final report regarding SBEP's second interim fee application (0.4), review Fee Examiner's final report regarding the FCR's second interim fee application (0.2), review Fee Examiner's final report regarding ARPC's second interim fee application (0.2). | HJP | 0.80 |
| 12/08/10 | Multiple email correspondence with the FCR regarding his monthly fee statements. | HJP | 0.50 |
| 12/08/10 | Correspondence with the FCR's legal team regarding the Fee Examiner's final reports for SBEP's, the FCR's and ARPC's second interim fee application. | HJP | 0.40 |
| 12/08/10 | Review SBEP's November 2010 invoice. (billed at one-half rate). | HJP | 1.70 |
| 12/08/10 | Review FCR's November 2010 invoice. (billed at one-half rate) | HJP | 0.70 |
| 12/08/10 | Email correspondence with the FCR and ARPC regarding budgets. | HJP | 0.10 |
| 12/08/10 | Review and analysis of Asbestos Committee's proposed discovery requests (.5). Draft and revise document requests and interrogatories of FCR upon Debtors and upon Unsecured Creditors Committee (3.3). Analysis of Dr. Bates time records in preparation for deposition in upcoming asbestos estimation proceeding (1.0). | JLN | 4.80 |
| 12/08/10 | Revise and expand discovery requests relating to asbestos estimation. | RTB | 4.10 |
| 12/08/10 | Work on revisions to discovery for asbestosis issues. | SLE | 0.50 |
| 12/08/10 | Work on disclosure statement and plan revisions (0.5). Correspondence with Creditors' Committee regarding case and revisions to plan and disclosure statement (0.3).. | SLE | 0.80 |
| 12/08/10 | Conference call with FCR and expert regarding case status. | SLE | 0.50 |
| 12/08/10 | Correspondence with FCR regarding disclosure statement issues. | SLE | 0.30 |
| 12/08/10 | Work on discovery for asbestos issues and revisions to discovery. | SLE | 0.50 |
| 12/08/10 | Work on blackline of plan and disclosure statement and correspondence with Debtors, FCR and ACC regarding blackline of plan and disclosure statement. | SLE | 0.40 |
| 12/09/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                      Page 6
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/09/10 | Multiple email correspondence with Mr. Trafelet regarding his November 2010 fees and budget for January 2011. | HJP | 0.30 |
| 12/09/10 | Further review of Mr. Trafelet's November 2010 invoice. | HJP | 0.50 |
| 12/09/10 | Conferences and correspondence with Mr. Newton, Mr. Esserman and ACC counsel regarding asbestos estimation issues. | HJP | 0.30 |
| 12/09/10 | Review order approving disclosure statement and setting solicitation and confirmation schedule (0.9), review recently filed pleadings for relevance to the FCR and his constituency (.4). | HJP | 1.30 |
| 12/09/10 | Correspondence with Asbestos Committee regarding allocation of asbestos estimation time among various parties. | JLN | 0.20 |
| 12/09/10 | Work on FCR confirmation issues and estimation schedule. | RTB | 0.90 |
| 12/09/10 | Review fee examiner's report and correspondence with FCR regarding report. | SLE | 0.50 |
| 12/10/10 | Review Fee Examiner's summary report (0.6), correspondence with FCR's legal team summarizing Fee Examiner's summary report (0.4). | HJP | 1.00 |
| 12/10/10 | Correspondence with the FCR and Mr. Brophy regarding preparation of monthly budgets (0.2), work on preparing monthly budget letter for the FCR and his professionals (0.8). | HJP | 1.00 |
| 12/10/10 | Work on expert issues relating to asbestos estimation. | RTB | 1.50 |
| 12/10/10 | Work on asbestos issues in GM and correspondence with FCR regarding update. | SLE | 0.30 |
| 12/10/10 | Conference call with GM regarding case, discovery and estimation. | SLE | 0.20 |
| 12/10/10 | Travel at 50% time. | SLE | 2.50 |
| 12/11/10 | Correspondence with FCR regarding case and discovery. | SLE | 0.20 |
| 12/11/10 | Correspondence with ARPC regarding expert analysis. | SLE | 0.20 |
| 12/13/10 | Telephone call with CourtCall regarding participation in December 15 hearing. | CLJ | 0.30 |
| 12/13/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 12/13/10 | Review and revise monthly budget for FCR and his professionals (0.4), multiple email correspondence with the FCR and ARPC regarding monthly budgets (0.2). | HJP | 0.60 |
| 12/13/10 | Review and summarize the U.S. Trustee's Response to Interim Fee Applications. | HJP | 0.90 |
| 12/13/10 | Revisions to draft Budget for January 2011. | JLN | 0.30 |
| 12/13/10 | Review changes to TDP to reflect comments of Debtors' counsel (.4), review Notice of Matters Scheduled for Hearing on December 15, 2010 (.2) and review recently filed pleadings regarding relevance to the Future Claimants' Representative (.7). | JEH | 1.30 |
| 12/13/10 | Review of pleadings on lifting stay and noteholders motion. | SLE | 0.20 |
| 12/13/10 | Correspondence with Debtor regarding discovery. | SLE | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                        Page 7
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/13/10 | Correspondence with FCR regarding court hearings. | SLE | 0.20 |
| 12/14/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 12/14/10 | Review hearing agenda for fee application hearing on December 15, 2010 (0.4), review various pleadings in preparation for hearing on December 15, 2010 (0.9). | HJP | 1.30 |
| 12/14/10 | Correspondence with Unsecured Creditors Committee regarding asbestos estimation schedule (.2), various correspondence with Mr. Swett and Mr. Esserman regarding $4 million fund for asbestos estimation work (.2). | JLN | 0.40 |
| 12/14/10 | Confer with FCR, UCC and ACC regarding Committee request for discovery extension. | RTB | 0.20 |
| 12/14/10 | Correspondence regarding discovery and interrogatories with FCR, UCC and ACC. | SLE | 0.50 |
| 12/15/10 | Review of transcript of October 6, 2009. | CLJ | 0.20 |
| 12/15/10 | Review amended agenda for hearing on December 15, 2010. | HJP | 0.20 |
| 12/15/10 | Review various email correspondence from ARPC and the FCR regarding payment of fees under their First Interim Fee Applications (0.3). | HJP | 0.30 |
| 12/15/10 | Review and revise budget letter (0.1), correspondence with the Fee Examiner regarding budget (0.1). | HJP | 0.20 |
| 12/15/10 | Attend hearing on fee applications (1.5), correspondence with the FCR's legal team regarding outcome of fee application hearing (0.3). | HJP | 1.80 |
| 12/15/10 | Prepare for and attend strategy call with Mr. Trafelet regarding Plan of Reorganization issues and asbestos estimation trial (1.5), review and analysis of prior transcript involving Remy International in connection with potential confirmation objection (.5), research asbestos proofs of claims issues in connection with ARPC's analysis of Debtors' asbestos personal injury claims (1.7), work on discovery issues in connection with asbestos estimation hearing (.5), prepare outline for asbestos estimation hearing (.5). | JLN | 4.70 |
| 12/15/10 | Prepare for and participate in conference call with FCR and experts regarding estimation and confirmation. | RTB | 1.40 |
| 12/15/10 | Conference with FCR and consulting experts regarding estimation trial. | SLE | 0.50 |
| 12/15/10 | Conference with ACC regarding discovery, interrogatories and trial. | SLE | 0.50 |
| 12/15/10 | Correspondence with Mr. Wehner and Mr. Newton regarding interrogatory responses and discovery. | SLE | 0.30 |
| 12/16/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 12/16/10 | Correspondence with Ms. Brockman regarding order requiring notice of rate increases. | HJP | 0.10 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                              Page 8
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/16/10 | Review ARPC invoice for confidentiality and privilege (0.4) (billed at one-half rate). | HJP | 0.40 |
| 12/16/10 | Draft correspondence to Committee denying requested extension of discovery response deadline (.5), prepare outline for asbestos estimation hearing (.7). | JLN | 1.20 |
| 12/16/10 | Review recently filed pleadings regarding relevance to the Future Claimants' Representative. | JEH | 0.50 |
| 12/16/10 | Work on estimation issues (0.9), analyze certain bar date and trust issues for FCR expert (0.5). | RTB | 1.40 |
| 12/16/10 | Correspondence with FCR regarding estimation trial and discovery. | SLE | 0.20 |
| 12/16/10 | Correspondence with UCC and ACC regarding discovery deadlines and estimation hearing, review of discovery. | SLE | 0.50 |
| 12/16/10 | Study draft TDP per request of Sander Esserman. | SAF | 2.10 |
| 12/17/10 | Call with Ms. Basler at AlixPartners regarding payment of FCR's and his professionals fees. | HJP | 0.20 |
| 12/17/10 | Review and analysis of prior testimony from UCC's estimation expert, in connection with preparations for asbestos estimation hearing. | JLN | 2.00 |
| 12/17/10 | Work on discovery issues, correspondence with UCC regarding discovery. | SLE | 0.20 |
| 12/19/10 | Correspondence with Unsecured Creditors Committee regarding outstanding discovery. | JLN | 0.20 |
| 12/20/10 | Review and analysis of hearing transcripts in connection with asbestos estimation proceedings. | JLN | 1.20 |
| 12/20/10 | Review recently filed pleadings regarding relevance to Future Claimants' Representative. | JEH | 0.80 |
| 12/20/10 | Work on issues regarding estimation and correspondence with ACC regarding estimation issues. | SLE | 0.50 |
| 12/21/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 12/21/10 | Review and confirm numbers in proposed order granting interim fee applications for the FCR and his professionals. | HJP | 1.00 |
| 12/21/10 | Prepare notice of rate increases for the FCR and SBEP (1.0), phone call with Ms. Brockman at ARPC regarding notice of rate increases (0.2), multiple email correspondence with Ms. Brockman regarding ARPC rate increases (0.4), review and revise monthly fee statement letters for the FCR and his professionals (0.2). | HJP | 1.80 |
| 12/21/10 | Work on discovery issues in connection with asbestos claims estimation. | JLN | 1.00 |
| 12/21/10 | Conference with ACC regarding negotiations and correspondence with ACC and FCR regarding negotiations. | SLE | 0.50 |
| 12/21/10 | Conference and correspondence with FCR regarding settlement negotiations. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                           Page 9
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/21/10 | Review materials from expert regarding estimation. | SLE | 0.50 |
| 12/21/10 | Work on proposed order regarding administrative expenses and correspondence with Debtor regarding same. | SLE | 0.30 |
| 12/21/10 | Draft memo analyzing TDP issues for FCR. | SAF | 1.50 |
| 12/22/10 | Correspondence with the FCR and ARPC regarding monthly fee statements. | HJP | 0.10 |
| 12/22/10 | Correspondence with Mr. Felsenthal regarding Trust Distribution Procedures. | JLN | 0.20 |
| 12/22/10 | Review recently filed pleadings regarding relevance to Future Claimants' Representative (.7), correspondence to Ms. Panko regarding updating service list to conform with proposed  Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures (.1). | JEH | 0.80 |
| 12/22/10 | Correspondence with FCR regarding case and settlement issues. | SLE | 0.30 |
| 12/22/10 | Complete memo analyzing TDP for FCR (0.3).  Confer with Sander Esserman and Andrea Ducayet regarding TDP issues (0.4). | SAF | 0.70 |
| 12/23/10 | Review and analysis of discovery responses. | JLN | 0.60 |
| 12/23/10 | Correspondence from Ms. Wine and Mr. Friedman forwarding Debtors' and Creditors' Committee's responses to Future Claimants' Representative's written discovery (.1), brief review of discovery responses (.5). | JEH | 0.60 |
| 12/23/10 | Correspondence with FCR, legal team and expert regarding response of ACC and GM. | SLE | 0.50 |
| 12/23/10 | Call with GM counsel Ms. Wine regarding discovery and correspondence regarding conversation. | SLE | 0.30 |
| 12/23/10 | Correspondence with Honigman firm regarding document discovery. | SLE | 0.30 |
| 12/23/10 | Work on discovery with UCC and GM and review of responses. | SLE | 0.50 |
| 12/23/10 | Correspondence with ACC regarding case and settlement of issues. | SLE | 0.30 |
| 12/26/10 | Correspondence with Mr. Esserman regarding TDP and Trust Agreement issues.  Pursue memo addressing TDP and Trust Agreement issues. | ALD | 0.40 |
| 12/26/10 | Review of analysis of Trust Agreement and TDP. | SLE | 1.20 |
| 12/27/10 | Correspondence with Mr. Trafelet regarding strategy call. | JLN | 0.20 |
| 12/27/10 | Review of documents, Trust Agreement and Trust Distribution Procedures regarding case. | SLE | 1.00 |
| 12/28/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.50 |
| 12/28/10 | Review order granting second interim fee applications and draft correspondence to Mr. Esserman regarding order granting second interim fee application. | HJP | 0.40 |
| 12/28/10 | Prepare for and participate in strategy call with FCR and FCR's experts (.5), work on asbestos estimation discovery (1.6). | JLN | 2.10 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 10
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/28/10 | Brief review of order approving Fourth Interim Fee Applications (.2), review recently filed pleadings for relevance to Future Claimants' Representative (.3). | JEH | 0.50 |
| 12/28/10 | Review of Trust Agreement regarding case and possible changes to Trust Agreement. | SLE | 0.50 |
| 12/28/10 | Correspondence with FCR regarding additional conditions to settlement and correspondence with ACC regarding same. | SLE | 0.50 |
| 12/28/10 | Correspondence with ACC regarding settlement issues. | SLE | 0.30 |
| 12/28/10 | Conference call with FCR and Expert regarding status of case, discovery and settlement discussions. | SLE | 0.70 |
| 12/28/10 | Work on discovery produced by Committee and GM. | SLE | 0.80 |
| 12/29/10 | Review memo from Mr. Felsenthal regarding TDP issues. | ALD | 0.20 |
| 12/29/10 | Various correspondence with Asbestos Committee, New GM, and Debtors regarding asbestos claims estimation discovery (.3), work on discovery relating to asbestos claims estimation hearing (.6). | JLN | 0.90 |
| 12/29/10 | Work on settlement discussions with FCR, ACC and UCC regarding claim amounts. | SLE | 1.00 |
| 12/29/10 | Work on discovery responses of New GM and UCC (0.4). Review and analysis of discovery responses (0.2). Correspondence with ACC, New GM and Debtors regarding discovery (0.1). | SLE | 0.70 |
| 12/29/10 | Review and analysis of comparative TDP and Trust procedures for GM TDP and Trust Agreement. | SLE | 1.50 |
| 12/30/10 | Analysis of discovery responses provided by Committee and Debtors (.5), work on proposed resolution of asbestos estimation proceeding (1.0). | JLN | 1.50 |
| 12/30/10 | Conference call with FCR and experts regarding settlement of claims and open issues. | SLE | 0.80 |
| 12/30/10 | Correspondence with FCR, ACC and Mr. Swett regarding case and settlement of claim. | SLE | 0.60 |
| 12/30/10 | Correspondence with Mr. Lee regarding claim issues and numbers for claim. | SLE | 0.50 |
| 12/30/10 | Conference call with ACC regarding claims numbers, negotiations and conditions of claims settlement. | SLE | 0.70 |
| 12/30/10 | Review and revise conditions of claims settlement and conference with ACC regarding claims settlement. | SLE | 0.50 |
| 12/30/10 | Call with consulting expert and FCR regarding claims negotiations. | SLE | 0.40 |
| 12/30/10 | Correspondence with Ms. Panko regarding interim fee applications and review order regarding interim fee applications. | SLE | 0.30 |
| 12/31/10 | Analysis of proposed resolution of asbestos estimation hearing (.3), various correspondence with FCR regarding asbestos estimation hearing (.2), prepare for potential asbestos estimation hearing (.2). | JLN | 0.70 |
| 12/31/10 | Correspondence with FCR regarding settlement with UCC and negotiations over claim (0.5). Conference with FCR regarding settlement with UCC and negotiations over claim (0.5). | SLE | 1.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 11
Invoice 122206

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 12/31/10 | Conference with ACC and Mr. Swett regarding negotiations with UCC and claim issues. | SLE | 1.00 |
| 12/31/10 | Conference with Ms. Lee and Ms. Jeffery regarding claim number and open issues regarding case. | SLE | 0.80 |
| 12/31/10 | Correspondence with Mr. Brousseau and Ms. Lee regarding claim amount and conditions. | SLE | 0.50 |
| 12/31/10 | Correspondence with Mr. Kazan, Mr. Cooney, Mr. Swett and Mr. Trafelet regarding negotiations and claims. | SLE | 1.00 |
| | Total Hours | | 175.20 |

### Timekeeper Summary

| | | | | |
|---|---|---|---|---|
| Andrea L Ducayet | Shareholder | $385.00 | 1.30 | $500.50 |
| Cindy L Jeffery | Paralegal | $175.00 | 5.00 | $875.00 |
| David J Parsons | Associate | $385.00 | 2.10 | $808.50 |
| Heather Panko | Associate | $300.00 | 28.20* | $7,882.50 |
| Jacob L Newton | Shareholder | $425.00 | 45.30 | $19,252.50 |
| Jo E Hartwick | Shareholder | $395.00 | 6.00 | $2,370.00 |
| Robert T Brousseau | Shareholder | $550.00 | 24.60 | $13,530.00 |
| Sander L Esserman | Shareholder | $725.00 | 58.40 | $42,340.00 |
| Steven Felsenthal | Shareholder | $725.00 | 4.30 | $3,117.50 |
| | Total Fees | | | $90,676.50 |

Itemized Expenses:

| | |
|---|---|
| Outside printing charges | 223.49 |
| Deliveries | 433.23 |
| Outside printing charges | 129.90 |
| Facsimiles | 16.25 |
| Long distance telephone charges | 27.88 |
| Long-Distance Travel Expenses | 1,134.64 |
| Photocopies | 29.40 |
| Transcripts of Hearings | 105.60 |
| Total Expenses | $2,100.39 |

* Please note that a reduced rate of $175.00 per hour was applied to 0.9 hours of Ms. Panko's time resulting in a voluntary reduction of $112.50 in fees billed during December 2010.

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 12
Invoice 122206

<u>Summary of Charges on this Invoice:</u>

| | |
|---|---|
| Hours | 175.20 |
| Fees | $90,676.50 |
| Expenses | $2,100.39 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$92,776.89** |

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 122618
February 28, 2011

DEAN N. TRAFELET, FCR
50 WEST  SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002

Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                     SLE

For services performed through 01/31/11

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 01/01/11 | Analysis of prior expert reports prepared by Committee's and Debtors' experts in connection with asbestos estimation hearing. | JLN | 1.00 |
| 01/01/11 | Work on potential settlement with unsecured creditors committee and correspondence with Mr. Bromberg regarding settlement agreement. | SLE | 0.50 |
| 01/01/11 | Correspondence with Ms. Lee regarding settlement of asbestos claims and open financial issues. | SLE | 0.50 |
| 01/02/11 | Analysis of prior trial testimony of Dr. Bates in preparation for asbestos estimation hearing. | JLN | 1.80 |
| 01/02/11 | Work on objection to plan confirmation. | RTB | 3.20 |
| 01/02/11 | Work on settlement of asbestos claims (0.4). Correspondence with Mr. Bomberg and Ms. Lee regarding financial terms and open issues (0.4). | SLE | 0.80 |
| 01/03/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 01/03/11 | Research information for Mr. Trafelet regarding fees and respond to inquiry. | HJP | 0.50 |
| 01/03/11 | Review Fee Examiner's Motion to Amend Stipulation with Respect to Appointment of Fee Examiner. | HJP | 0.30 |
| 01/03/11 | Correspondence with Asbestos Committee regarding asbestos estimation hearing resolution (.2), analysis of discovery received in connection with asbestos estimation trial (.8). | JLN | 1.00 |
| 01/03/11 | Telephone conferences with claimants calling because they had not yet filed claims against the Debtors and thought they were future claimants and referring them to other counsel (.4), review recently filed pleadings for relevance to Future Claimants' Representative (.5), review Fee Examiner's Motion to Amend Stipulation and Order with Respect to Appointment of a Fee Examiner (.4). | JEH | 1.50 |
| 01/03/11 | Continue analysis of plan issues (1.1).  Possible proposed changes to plan (2.0). | RTB | 3.10 |
| 01/05/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters | CLJ | 0.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                              Page 2
Invoice 122618

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | | |
| 01/05/11 | Summarize Fee Examiner's Motion to Amend Stipulation and Order Appointing Fee Examiner for the FCR's legal team. | HJP | 0.80 |
| 01/05/11 | Prepare for potential cross examination of Committee's experts. | JLN | 1.20 |
| 01/05/11 | Confer with Ms. Panko regarding Fee Examiner's Motion to Amended Stipulation and Order with Respect to Appointment of a Fee Examiner (.2) and review summary of Fee Examiner's Motion to Amended Stipulation and Order with Respect to Appointment of a Fee Examiner (.1). | JEH | 0.30 |
| 01/05/11 | Call with FCR regarding case and call with potential trustee regarding case. | SLE | 0.50 |
| 01/05/11 | Correspondence regarding fee examiner motion. | SLE | 0.20 |
| 01/06/11 | Review and provide comments to draft Stipulation and Order fixing Asbestos Trust Claim and resolving debtors' estimation motion. | ALD | 0.90 |
| 01/06/11 | Review and analyze proposed stipulation regarding Asbestos Trust claim. | HJP | 1.40 |
| 01/06/11 | Continue trial preparations for asbestos estimation hearing and cross-examination of asbestos estimation experts (1.0), analysis of and revisions to proposed agreement to settle asbestos estimation (1.2), analysis of amended plan (1.0), analysis of proposed plan amendment provided by Debtors' counsel (.4). | JLN | 3.60 |
| 01/06/11 | Review draft stipulation fixing asbestos claim and compare to plan documents in order to prepare memorandum for the Future Claims Representative. | RTB | 5.20 |
| 01/06/11 | Work on possible agreement with ACC and GM (0.4). Review of documents regarding agreement (0.6). | SLE | 1.00 |
| 01/06/11 | Revisions to possible settlement with GM and UCC. | SLE | 0.50 |
| 01/06/11 | Correspondence with ACC, GM and UCC regarding case status and agreements. | SLE | 0.50 |
| 01/06/11 | Correspondence with FCR regarding case status and agreements. | SLE | 0.30 |
| 01/07/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 01/07/11 | Review FCR's December 2010 monthly fee statement for privilege and confidentiality (billed at one-half rate). | HJP | 0.50 |
| 01/07/11 | Correspondence with the FCR and Mr. Brophy at ARPC regarding monthly budgets. | HJP | 0.10 |
| 01/07/11 | Prepare for trial of asbestos estimation proceedings (1.3); analysis and revisions to amended Plan language provided by Debtors (1.7); draft correspondence to Asbestos Committee regarding proposed resolution of asbestos estimation (.5). | JLN | 3.50 |
| 01/07/11 | Review recently filed pleadings for relevance to Future Claimants' Representative. | JEH | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                          Page 3
Invoice 122618

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 01/07/11 | Extensive analysis of proposed stipulation and plan amendments to address concerns of the Future Claims Representative. | RTB | 7.50 |
| 01/07/11 | Work on production of documents by New GM (0.3). Correspondence regarding documents with experts (0.2). | SLE | 0.50 |
| 01/07/11 | Conference and correspondence with FCR regarding possible settlement and terms. | SLE | 0.50 |
| 01/07/11 | Correspondence with GM, UCC and ACC regarding case and settlement terms. | SLE | 0.50 |
| 01/07/11 | Work on revision of stipulation and correspondence with ACC. | SLE | 0.50 |
| 01/07/11 | Correspondence with FCR regarding status of settlement negotiations. | SLE | 0.40 |
| 01/07/11 | Work on revisions to deal sheet, revisions to Plan and to stipulation. | SLE | 1.50 |
| 01/08/11 | Correspondence with Asbestos Committee regarding Stipulation resolving asbestos estimation (.3). Review and analysis of Plan changes to accompany Stipulation resolving asbestos estimation (.7). Analysis of HRA projections of aggregate current and future asbestos liabilities in connection with asbestos estimation proceeding (1.0). | JLN | 2.00 |
| 01/08/11 | Work on possible asbestos resolution of estimation issues. | RTB | 0.70 |
| 01/08/11 | Work on review of revised stipulations and plan provisions. | SLE | 1.00 |
| 01/08/11 | Correspondence with ACC, Mr. Sweet and Mr. Lockwood regarding changes to stipulation and plan. | SLE | 0.50 |
| 01/09/11 | Review and analysis of Asbestos Committee's comments to proposed Stipulation resolving asbestos estimation (1.0); prepare for and attend conference call with Asbestos Committee regarding Stipulation resolving asbestos estimation (1.0); draft revised redline of Stipulation resolving asbestos estimation, incorporating FCR's changes into Asbestos Committee's draft (.7); correspondence with Debtors, Unsecured Creditors Committee regarding changes to draft Stipulation resolving asbestos estimation (.5). | JLN | 3.20 |
| 01/09/11 | Prepare for and participate in conference call with asbestos committee regarding stipulation (0.9). Analyze and prepare further changes to proposed stipulation (1.6). | RTB | 2.50 |
| 01/09/11 | Call with Mr. Lockwood, Mr. Swett and ACC regarding plan and stipulation and negotiation over settlement provisions. | SLE | 1.20 |
| 01/09/11 | Review of revised documents, stipulation and plan provisions and work on changes to documents, stipulation and plan provisions. | SLE | 0.80 |
| 01/09/11 | Correspondence with ACC and GM regarding possible settlement. | SLE | 0.50 |
| 01/10/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 01/10/11 | Analysis of revised settlement stipulation circulated by Debtors' counsel and substantive changes to same. | JLN | 2.60 |
| 01/10/11 | Review and analyze recent filings for effect on FCR and his constituency. | PCD | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                              Page 4
Invoice 122618

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 01/10/11 | Review, revise and negotiate terms of final stipulation regarding asbestos claim. | RTB | 3.90 |
| 01/10/11 | Correspondence with GM and Unsecured Committee regarding plan provisions. | SLE | 0.20 |
| 01/10/11 | Review of GM's revisions to stipulation and plan. | SLE | 0.40 |
| 01/10/11 | Correspondence with ACC and UCC regarding possible amendment to schedule, discovery suspension and court announcements. | SLE | 0.30 |
| 01/10/11 | Work on revised redline of plan, stipulation and modifications to reflect settlement. | SLE | 0.50 |
| 01/10/11 | Conference with ACC and Mr. Swett regarding changes to documents and plan provisions. | SLE | 0.80 |
| 01/10/11 | Work on proposed changes and modifications to plan and stipulation (0.6).  Revise plan and stipulation (0.4). | SLE | 1.00 |
| 01/10/11 | Correspondence with FCR regarding status of case and negotiations. | SLE | 0.30 |
| 01/11/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 01/11/11 | Prepare budget letter for the FCR, SBEP and ARPC (0.5), multiple email correspondence with Mr. Brophy regarding budget for ARPC (0.3), email correspondence with Mr. Trafelet regarding monthly budget (0.1). | HJP | 0.90 |
| 01/11/11 | Review and analyze various plan provisions regarding asbestos claims (1.0), and discuss various plan provisions with Mr. Newton (0.3). | HJP | 1.30 |
| 01/11/11 | Prepare for and participate in conference call with Asbestos Committee to discuss revised asbestos estimation stipulation (.7); prepare for and participate in hearings (1.0); analysis of and revisions to Plan and accompanying Budget (3.5); draft revision to Exhibit A to accompany Stipulation resolving asbestos estimation proceeding (1.6); prepare for and participate in conference call with Peter Lockwood and Kevin Maclay to discuss FCR's proposed changes and additions to Stipulation and Exhibit A (.6); draft correspondence to Debtors' counsel and Unsecured Creditors' Committee regarding FCR's changes to draft Stipulation (.5). | JLN | 7.90 |
| 01/11/11 | Prepare for and participate in conference call with asbestos committee regarding plan amendments and stipulation regarding asbestos. | RTB | 1.20 |
| 01/11/11 | Further analysis and revisions to proposed stipulation and exhibit to determine effect on asbestos trust and future claimants. | RTB | 5.20 |
| 01/11/11 | Prepare for and participate in announcing to Court the agreement in principle to resolve asbestos estimation issues. | RTB | 0.50 |
| 01/11/11 | Review revisions to stipulation and Exhibit "A" and correspondence to GM regarding agreement. | SLE | 0.50 |
| 01/11/11 | Meet with Mr. Brousseau and Mr. Newton regarding stipulation. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                  Page 5
Invoice 122618

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 01/11/11 | Conference with Mr. Lockwood and Mr. Wehrner regarding plan amendments and open issues. | SLE | 0.60 |
| 01/11/11 | Work on ACC, FCR and UCC's revisions to stipulation and plan. | SLE | 1.50 |
| 01/11/11 | Conference calls with ACC and Messrs. Swett, Wehrner, and Lockwood regarding revisions to stipulation and plan. | SLE | 0.70 |
| 01/12/11 | Commence review and analysis of documents in connection with expert witnesses' in preparation for estimation depositions and hearing. | BLC | 6.60 |
| 01/12/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 01/12/11 | Review and analyze expert report materials regarding estimation proceeding. | DJP | 1.30 |
| 01/12/11 | Correspondence with Asbestos Committee regarding asbestos estimation hearing and Debtors' decision not to settle (.2); prepare for cross examination of Committee's expert, including analysis of prior expert valuation report (.5). | JLN | 0.70 |
| 01/12/11 | Conference call with Mr. Lockwood and ACC regarding stipulation and settlement. | SLE | 0.70 |
| 01/12/11 | Correspondence with ACC regarding status of negotiations. | SLE | 0.30 |
| 01/12/11 | Review of latest proposal for briefing of FCR regarding case. | SLE | 0.80 |
| 01/12/11 | Conference with Mr. Newton regarding discovery and hearing. | SLE | 0.30 |
| 01/12/11 | Conference with Mr. Horkovich regarding insurance aspects of case. | SLE | 0.30 |
| 01/13/11 | Continue reviewing deposition transcripts, pleadings, reports and other documents related to Dr. Bates in preparation for upcoming estimation expert depositions and hearing. | BLC | 9.90 |
| 01/13/11 | Review and analyze expert report materials regarding estimation proceeding. | DJP | 1.60 |
| 01/13/11 | Analysis of prior rebuttal argument for Dr. Bates, as part of asbestos estimation preparations (2.0), analysis of revised Stipulation (additional revisions by Debtors) (.5), various correspondence with Debtors and Unsecured Creditors Committee regarding conference call to discuss settlement (.3), conference call with Asbestos Claimants Counsel to discuss proposed Stipulation, including research and analysis of various Plan provisions raised during conference call (.7). | JLN | 3.50 |
| 01/13/11 | Review revised draft stipulation and analyze possible effect on future claims. | RTB | 3.10 |
| 01/13/11 | Conference call with asbestos committee regarding stipulation language. | RTB | 0.60 |
| 01/13/11 | Work on revised Exhibit "A" and stipulation redraft and comparisons. | SLE | 0.80 |
| 01/13/11 | Call with Mr. Lockwood and Mr. Bently regarding stipulation modifications and correspondence regarding such modifications. | SLE | 0.50 |
| 01/13/11 | Review of GM draft of stipulation and redline against changes, | SLE | 1.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                         Page 6
Invoice 122618

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | review Exhibit "A" and plan changes. | | |
| 01/13/11 | Conference with FCR regarding case status and negotiations, correspondence regarding case status and negotiations. | SLE | 0.40 |
| 01/13/11 | Conference with ACC and Mr. Lockwood regarding changes to stipulation, Exhibit "A" and plan and acceptability of changes (0.6). Correspondence with Mr. Brousseau regarding changes (0.4). | SLE | 1.00 |
| 01/13/11 | Work on revised stipulation and conference with ACC regarding revised stipulation. | SLE | 0.50 |
| 01/14/11 | Continue reviewing deposition transcripts, pleadings, reports and other documents related to Dr. Bates in preparation for upcoming estimation expert depositions and hearing. | BLC | 5.60 |
| 01/14/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 01/14/11 | Prepare for and participate in conference call with Mr. Karotkin and others regarding modifications to Stipulation resolving asbestos estimation (.7). Analysis of other expert reports submitted by Dr. Bates in preparation for hearing on asbestos estimation (3.5). | JLN | 4.20 |
| 01/14/11 | Communications with ARPC regarding February budget letter (0.2). Finalize and send February budget letter to B. Williamson and C. Andres (0.2). | RLS | 0.40 |
| 01/14/11 | Conference call with debtors' attorney and asbestos committee regarding stipulation and plan changes. | RTB | 1.10 |
| 01/14/11 | Correspondence and conference with FCR and Mr. Trafelet regarding case and settlement issues. | SLE | 0.50 |
| 01/14/11 | Work on review of settlement proposals on stipulation and plan provisions. | SLE | 0.50 |
| 01/14/11 | Conference call with Mr. Karotkin, ACC, Mr. Lockwood and Mr. Swett regarding negotiations (0.5). Correspondence with Mr. Newton regarding case (0.2). | SLE | 0.70 |
| 01/17/11 | Continue reviewing prior Bates testimony and reports in preparation for upcoming estimation expert depositions and hearing. | BLC | 9.80 |
| 01/17/11 | Review correspondence from Carrianne Basler regarding request for expense detail for November invoice. | HJP | 0.10 |
| 01/17/11 | Work on possible settlement (0.3). Conference with ACC and Mr. Lockwood regarding possible settlement (0.2). | SLE | 0.50 |
| 01/17/11 | Correspondence with FCR regarding settlement and elements of settlement. | SLE | 0.30 |
| 01/17/11 | Review of last draft of stipulation and plan exhibits regarding possible changes and acceptance of possible changes. | SLE | 0.50 |
| 01/18/11 | Prepare outline continue regarding prior Bates testimony and reports in preparation for upcoming estimation expert depositions and hearing. | BLC | 8.50 |
| 01/18/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters | CLJ | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 7
Invoice 122618

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | | |
| 01/18/11 | Prepare itemized expense detail for November 2010 in response to request form Carrianne Basler at Alix Partners (0.6), confer with Ms. Hartwick regarding November expense detail (0.2). | HJP | 0.60 |
| 01/18/11 | Correspondence with Debtors regarding resolution of asbestos estimation (.2); analysis of Debtors' revised Stipulation (.3); correspondence with Asbestos Committee regarding adequacy of proposed changes (.2); review and analysis of rebuttal report attacking Bates White's prior asbestos estimation (.5). | JLN | 1.20 |
| 01/18/11 | Review form of expense detail for November 2010 fee statement to be provided at the request of Alix Partners (.3),  confer with Ms. Panko regarding form of expense details for November 2010 fee statement to be provided at the request of Alix Partners (.3), and review recently filed pleadings for relevance to Future Claimants' Representative (.5). | JEH | 1.10 |
| 01/18/11 | Review final stipulation language. | RTB | 0.20 |
| 01/18/11 | Correspondence and conference with ACC and Mr. Lockwood regarding settlement issues and open issues in agreement. | SLE | 0.50 |
| 01/18/11 | Correspondence with FCR regarding case settlement. | SLE | 0.30 |
| 01/18/11 | Review of revised agreement and blacklined agreement (0.3). Correspondence with ACC, UCC and GM regarding agreement and blacklined agreement (0.2). | SLE | 0.50 |
| 01/19/11 | Commence review of prior Rabinovitz testimony and reports in preparation for upcoming estimation expert depositions and hearing. | BLC | 0.60 |
| 01/19/11 | Finish preparing expense details for Ms. Basler (Alix Partners) (1.0), correspondence with Ms. Basler regarding request for expense detail (0.2). | HJP | 1.20 |
| 01/19/11 | Correspondence with ARPC regarding monthly fee statements (0.1), correspondence with Mr. Trafelet regarding monthly fee statements (0.2). | HJP | 0.30 |
| 01/19/11 | Meeting with Ms. Stringer regarding review of monthly billing memos, preparation of monthly fee statements and fee applications. | HJP | 0.80 |
| 01/19/11 | Work on prospective settlement and conference with ACC regarding settlement. | SLE | 0.50 |
| 01/19/11 | Work on fee application process and correspondence regarding fee application process. | SLE | 0.30 |
| 01/19/11 | Correspondence with FCR regarding case, settlement and status. | SLE | 0.50 |
| 01/20/11 | Receipt and review of correspondence from Mr. Esserman regarding stipulation (0.2).  Begin preparing brief in support of confirmation of the Plan (0.7). | ALD | 0.90 |
| 01/20/11 | Commence review of prior Rabinovitz testimony and reports in preparation for upcoming estimation expert depositions and hearing. | BLC | 1.50 |
| 01/20/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 8
Invoice 122618

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 01/20/11 | Review ARPC's December 2010 invoice for privilege and confidentiality (billed at 1/2 rate). | HJP | 0.60 |
| 01/20/11 | Continue preparations for asbestos estimation trial, including draft rebuttal outline for cross examination of Committee and Debtor experts (.5); final review of Stipulation resolving asbestos estimation (.6); correspondence with Mr. Esserman and Asbestos Committee regarding final review of stipulation (.2). | JLN | 1.30 |
| 01/20/11 | Work on FCR's confirmation issues. | RTB | 1.20 |
| 01/20/11 | Work on stipulation (0.2).  Conference calls with ACC and Mr. Swett regarding case status (0.3). | SLE | 0.50 |
| 01/20/11 | Correspondence and conference with FCR regarding stipulation and open issues. | SLE | 0.50 |
| 01/20/11 | Correspondence with GM, ACC and UCC regarding stipulation. | SLE | 0.40 |
| 01/20/11 | Correspondence with FCR regarding stipulation (0.2). Review of fee application for FCR (0.1). | SLE | 0.30 |
| 01/20/11 | Final review of documents for stipulation and exhibits. | SLE | 0.50 |
| 01/20/11 | Work on open issues regarding settlement, TDP and Trust Agreement issues (0.3).  Correspondence with legal team regarding settlement (0.2). | SLE | 0.50 |
| 01/21/11 | Continue review of prior Rabinovitz testimony and reports in preparation for upcoming estimation expert depositions and hearing. | BLC | 3.10 |
| 01/21/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 01/21/11 | Correspondence with Mr. Esserman regarding Plan and closing issues (.2). | JLN | 0.20 |
| 01/21/11 | Work on settlement, final agreement, final review and execution regarding settlement. | SLE | 0.70 |
| 01/21/11 | Correspondence with FCR, ACC and UCC regarding settlement. | SLE | 0.50 |
| 01/24/11 | Review correspondence from Ms. Rothwell at ARPC regarding MLC's request for W-9 forms, correspondence with Ms. Basler and Mr. Hamilton at Alix Partners regarding W-9 forms for SBEP and ARPC. | HJP | 0.20 |
| 01/24/11 | Review and respond to Ms. Basler's email correspondence regarding back-up documentation for SBEP's November 2010 invoice. | HJP | 0.30 |
| 01/24/11 | Review revised draft of ARPC's December 2010 monthly invoice for privilege and confidentiality (billed at 1/2 rate). | HJP | 0.30 |
| 01/24/11 | Review finalized stipulation and agreed order resolving asbestos estimation. | JLN | 0.50 |
| 01/24/11 | Work on confirmation issues relating to the Future Claims Representative. | RTB | 2.10 |
| 01/24/11 | Work on stipulation regarding case and correspondence regarding stipulation with legal team. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                          Page 9
Invoice 122618

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 01/24/11 | Correspondence with FCR regarding open issues and stipulation. | SLE | 0.50 |
| 01/25/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |
| 01/25/11 | Correspondence with GM and attorneys for ACC and FCR regarding hearing on stipulation. | SLE | 0.30 |
| 01/25/11 | Work on open issues for confirmation (0.6) and Trust Agreement issues (0.4). | SLE | 1.00 |
| 01/25/11 | Work on fee application and correspondence with Ms. Panko regarding fee application. | SLE | 0.40 |
| 01/26/11 | Correspondence with legal team regarding hearing on stipulation. | SLE | 0.30 |
| 01/26/11 | Correspondence with FCR regarding open issues. | SLE | 0.30 |
| 01/26/11 | Review of GM objections to claims. | SLE | 0.50 |
| 01/27/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 01/27/11 | Multiple conferences with Ms. Stringer regarding preparation of monthly billing statements and preparation of fee applications. | HJP | 0.50 |
| 01/27/11 | Review and respond to inquiry from Mr. Esserman regarding amended case management order. | HJP | 0.10 |
| 01/27/11 | Review SBEP's December 2010 invoice for privileged and confidential information (billed at one-half rate). | HJP | 1.10 |
| 01/27/11 | Work on Plan analysis (1.0), correspondence with Mr. Esserman regarding confirmation brief (.2). | JLN | 1.20 |
| 01/27/11 | Meet with Ms. Panko regarding December 2010 Monthly Fee Statements. | RLS | 0.50 |
| 01/27/11 | Review December 2010 Monthly Fee Statement for confidentiality and privilege (billed at one-half rate). | RLS | 2.20 |
| 01/27/11 | Review of claims objections regarding case and correspondence regarding claims objections with GM. | SLE | 0.30 |
| 01/27/11 | Correspondence regarding court hearing and brief with legal team. | SLE | 0.40 |
| 01/27/11 | Work on stipulation (0.2).  Conference regarding court hearing regarding case (0.3). | SLE | 0.50 |
| 01/27/11 | Review of claims objections regarding case and correspondence regarding claims objections with GM. | SLE | 0.30 |
| 01/28/11 | Begin preparing FCR's brief in support of confirmation. | ALD | 2.10 |
| 01/28/11 | Work on FCR's Third Interim Fee Application. | HJP | 0.50 |
| 01/28/11 | Review December 2010 Monthly Fee Statement for confidentiality and privilege (billed at one-half rate). | RLS | 0.80 |
| 01/28/11 | Email correspondence with Mr. Esserman regarding December 2010 Monthly Fee Statement. | RLS | 0.20 |
| 01/28/11 | Work on FCR confirmation issues. | RTB | 2.40 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                      Page 10
Invoice 122618

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 01/28/11 | Work on hearing issues regarding stipulation and conference with ACC regarding case. | SLE | 0.50 |
| 01/28/11 | Correspondence with FCR regarding case and hearing. | SLE | 0.30 |
| 01/28/11 | Work on issues regarding Trust agreement, Trustees and terms. | SLE | 1.00 |
| 01/31/11 | Prepare FCR's brief in support of confirmation (4.0). Conference with Mr. Taylor and Ms. Hartwick regarding preparation of confirmation brief (0.8).  Review Fifth Amended Order Establishing Notice and Case Management Procedures (0.2). | ALD | 5.00 |
| 01/31/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |
| 01/31/11 | Analyze Plan issues (0.8).  Prepare materials regarding confirmation of plan and trust structure (1.2). | CIT | 2.00 |
| 01/31/11 | Conferences with Ms. Ducayet and Mr. Brousseau regarding preparation of confirmation brief (0.3), review various orders and pleadings in connection with preparation of confirmation brief (2.1), conduct research regarding section 105 trusts (1.2). | HJP | 3.50 |
| 01/31/11 | Review expense detail for SBEP's December monthly fee statement (billed at 1/2 rate). | HJP | 0.30 |
| 01/31/11 | Work on FCR's third interim fee application. | HJP | 1.00 |
| 01/31/11 | Conference with Ms. Ducayet and Mr. Taylor regarding brief in support of confirmation (.8), review previous research for use in brief in support of confirmation (1.1). | JEH | 1.90 |
| 01/31/11 | Finalize monthly fee statements for FCR, ARPC and SBEP. | RLS | 1.70 |
| 01/31/11 | Correspondence with ACC regarding hearing and agreement with GM and work on agreement with GM. | SLE | 0.50 |
| 01/31/11 | Review of GM objections regarding case and correspondence regarding GM objections. | SLE | 0.30 |

Total Hours                                                                         220.10

### Timekeeper Summary

| | | |
|---|---|---|
| Andrea L Ducayet | 8.90 | $3,560.00 |
| Briana Cioni | 45.60 | $14,820.00 |
| Cindy L Jeffery | 3.60 | $666.00 |
| Cliff I Taylor | 2.00 | $800.00 |
| David J Parsons | 2.90 | $1,160.00 |
| Heather Panko | 17.20 | $5,135.00 |
| Jacob L Newton | 40.60 | $17,864.00 |
| Jo E Hartwick | 5.30 | $2,173.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                              Page 11
Invoice 122618

| | | |
|---|---|---|
| Peter C D'Apice | 0.50 | $275.00 |
| Rachael Stringer | 5.80 | $1,182.50 |
| Robert T Brousseau | 43.70 | $24,035.00 |
| Sander L Esserman | 43.95 | $31,900.00 |
| Total Fees | | $103,570.50 |

Itemized Expenses:

| | |
|---|---|
| Outside printing charges | 562.90 |
| Outside printing charges | 86.60 |
| Court Call | 139.00 |
| Deliveries | 137.46 |
| Court Call | 58.00 |
| Long distance telephone charges | 2.83 |
| On-Line Research | 242.76 |
| Photocopies | 63.60 |
| Total Expenses | $1,293.15 |

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS 75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE: www.sbep-law.com

Invoice 123037
March 30, 2011

DEAN N. TRAFELET, FCR
50 WEST SCHILLER
CHICAGO, IL 60610

Client/Matter No.: TR006-0002
Re: GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                    SLE
For services performed through 02/28/11

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/01/11 | Prepare brief on behalf of FCR in support of confirmation. | ALD | 6.20 |
| 02/01/11 | Confer with C. Taylor regarding research projects related to issues to plan confirmation. | BLC | 0.20 |
| 02/01/11 | Telephone call with CourtCall regarding appearance of Mr. Newton for February 3 hearing and review of confirmation and correspondence regarding same. | CLJ | 0.50 |
| 02/01/11 | Analyze issues regarding plan confirmation (3.2) and review related pleadings and documentation (2.0). | CIT | 5.20 |
| 02/01/11 | Conduct research concerning confirmation requirements for liquidating plan. | DJP | 2.30 |
| 02/01/11 | Review and respond to correspondence from Mr. Esserman and Mr. Newton regarding notice of rate increases. | HJP | 0.10 |
| 02/01/11 | Work on ARPC's third interim fee application. | HJP | 0.40 |
| 02/01/11 | Work on SBEP's third interim fee application. | HJP | 1.80 |
| 02/01/11 | Correspondence with Mr. Brousseau regarding GM hearings set for February 3, 2011 (.2), review and analysis of pleadings set for February 3, 2011, to determine impact on future asbestos claimants (.8), correspondence with Mr. Esserman regarding Asbestos Committee's rate increase letter served upon GM fee examiner (.2). | JLN | 1.20 |
| 02/01/11 | Correspondence with Mr. Swett regarding case status. | SLE | 0.30 |
| 02/01/11 | Correspondence with legal team regarding billing issues and fee application. | SLE | 0.30 |
| 02/01/11 | Research caselaw for confirmation brief (3.5) and review documents regarding preparation of confirmation brief (1.5). | TDK | 5.00 |
| 02/02/11 | Begin preparing declaration of FCR in support of confirmation of Debtors' Plan. | ALD | 3.90 |
| 02/02/11 | Perform legal research related to issues to plan confirmation. | BLC | 8.10 |
| 02/02/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |
| 02/02/11 | Draft Brief in support of Confirmation | CIT | 1.90 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                Page 2
Invoice 123037

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/02/11 | Conduct research concerning confirmation requirements for liquidating plan. | DJP | 2.10 |
| 02/02/11 | Review hearing agenda for hearing on February 3, 2011. | HJP | 0.20 |
| 02/02/11 | Correspondence with Ms. Panko regarding upcoming GM hearings, related assignments (.2). | JLN | 0.20 |
| 02/02/11 | Review briefs submitted in support of confirmation in other cases in the Bankruptcy Court for the Southern District of New York. | JEH | 1.40 |
| 02/02/11 | Work on final approval of stipulation (0.8), work on outline of confirmation issues from perspective of FCR (1.7). | RTB | 2.50 |
| 02/02/11 | Work on issues regarding hearing and stipulation and correspondence with legal team regarding hearing and stipulation. | SLE | 0.50 |
| 02/02/11 | Research caselaw and analysis for confirmation brief. | TDK | 4.50 |
| 02/03/11 | Continue legal research related to issues for plan confirmation. | BLC | 3.70 |
| 02/03/11 | Draft Brief in Support of Confirmation | CIT | 8.00 |
| 02/03/11 | Conduct research concerning confirmation requirements for liquidating plan. | DJP | 1.70 |
| 02/03/11 | Work on preparation of the fee applications for SBEP, ARPC and the FCR (1.0), confer with Ms. Stringer regarding preparation of fee applications (0.6). | HJP | 1.60 |
| 02/03/11 | Prepare for and participate in hearings. | JLN | 1.00 |
| 02/03/11 | Research and analyze case law regarding third party release and injunctions (2.1), prepare brief regarding third party release and injunctions (4.2). | TDK | 6.30 |
| 02/04/11 | Review Debtors' Plan. | ALD | 0.30 |
| 02/04/11 | Conference with potential Trustee. | SLE | 0.50 |
| 02/04/11 | Correspondence with TAC regarding case and open issues. | SLE | 0.30 |
| 02/04/11 | Correspondence with potential Trustee regarding case. | SLE | 0.30 |
| 02/04/11 | Research and analyze case law for confirmation brief (1.2), draft confirmation brief (2.3). | TDK | 3.50 |
| 02/05/11 | Review and analyze Debtors' Plan. | ALD | 0.70 |
| 02/05/11 | Various correspondence with Mr. Esserman regarding confirmation hearing issues. | JLN | 0.30 |
| 02/05/11 | Further work on plan confirmation and objections to plan. | RTB | 0.90 |
| 02/05/11 | Research and review caselaw regarding injunction (1.2) and draft confirmation brief regarding injunction (3.0). | TDK | 4.20 |
| 02/06/11 | Continue with review and analysis of Debtors' Plan. | ALD | 1.30 |
| 02/06/11 | Draft Brief in Support of Confirmation | CIT | 2.90 |
| 02/06/11 | Prepare insert for brief in support of confirmation regarding treatment of asbestos personal injury claims. | JEH | 1.90 |
| 02/06/11 | Correspondence with FCR regarding open issues and hearing. | SLE | 0.30 |
| 02/06/11 | Prepare for hearing regarding stipulation. | SLE | 0.50 |
| 02/06/11 | | TDK | 3.60 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                      Page 3
Invoice 123037

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | plan and disclosure statement regarding trust assets (1.2). | | |
| 02/07/11 | Prepare brief in support of confirmation of Debtors' Plan on behalf of the FCR, reviewing Plan in connection therewith. | ALD | 1.30 |
| 02/07/11 | Conference with Ms. Panko and Ms. Hartwick regarding confirmation brief. | ALD | 0.40 |
| 02/07/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |
| 02/07/11 | Analyze Section 1129(a)(13) issues | CIT | 2.00 |
| 02/07/11 | Review confirmation brief. | DJP | 3.10 |
| 02/07/11 | Confer with Ms. Ducayet and Ms. Hartwick regarding preparation of confirmation brief. | HJP | 0.40 |
| 02/07/11 | Work on confirmation brief. | JLN | 0.70 |
| 02/07/11 | Confer with Ms. Ducayet and Ms. Panko regarding filing and service requirements for brief in support of confirmation (.3), review inserts for brief in support of confirmation (.9), detailed review of Amended Joint Plan regarding treatment of Asbestos Personal Injury Claims and channeling injunction (.9), work on insert for confirmation brief regarding treatment of Asbestos Personal Injury Claims and propriety of channeling injunction (.8). | JEH | 2.90 |
| 02/07/11 | Further work on confirmation memorandum. | RTB | 0.80 |
| 02/07/11 | Work on TDP and Trust Agreement regarding changes. | SLE | 1.30 |
| 02/07/11 | Conference with FCR regarding Trust agreement, confirmation hearing and brief. | SLE | 0.40 |
| 02/07/11 | Prepare for hearing, review stipulation, and correspondence with GM regarding hearing status. | SLE | 0.50 |
| 02/07/11 | Draft brief (4.2) and check cites for supporting caselaw and read and analyze related cases (2.1). | TDK | 6.30 |
| 02/08/11 | Prepare brief in support of confirmation of Debtors' Plan. | ALD | 6.30 |
| 02/08/11 | Analyze confirmation issues | CIT | 0.40 |
| 02/08/11 | Analysis of pleadings set for hearing on 2.9.11 (.7), correspondence with Mr. Esserman regarding confirmation hearing and confirmation-related deadlines (.2), work on confirmation brief (.4). | JLN | 1.30 |
| 02/08/11 | Review recently filed pleadings for relevance to Future Claimants' Representative (.3), review case law for insert to brief regarding treatment of Asbestos Personal Injury Claims and channeling injunction (1.6). | JEH | 1.90 |
| 02/08/11 | Email correspondence with ARPC and FCR regarding March budget information. | RLS | 0.30 |
| 02/08/11 | Conference and correspondence with ACC and Mr. Swett regarding case, hearing, stipulation and presentation. | SLE | 0.50 |
| 02/08/11 | Correspondence with FCR and legal team regarding preparation for confirmation hearing, objections and hearing status. | SLE | 0.50 |
| 02/09/11 | Prepare brief in support of confirmation of Debtors' Plan. | ALD | 5.80 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 4
Invoice 123037

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/09/11 | Prepare for and participate in MLC hearings. | JLN | 2.70 |
| 02/09/11 | Prepare insert to confirmation brief regarding treatment of Asbestos Personal Injury Claims and channeling injunction and propriety of same. | JEH | 5.60 |
| 02/09/11 | Work on confirmation documents (0.7) and revise and review TDP and Trust Agreement (0.8). | SLE | 1.50 |
| 02/10/11 | Extensive work preparing brief in support of confirmation of Debtors' Plan. | ALD | 7.30 |
| 02/10/11 | Prepare FCR's declaration in support of confirmation of Debtors' Plan. | ALD | 1.20 |
| 02/10/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 02/10/11 | Prepare for and attend hearing on Rule 23 certification (1.6), work on confirmation brief and related issues (.8). | JLN | 2.40 |
| 02/10/11 | Review and revise insert to confirmation brief regarding treatment of Asbestos Personal Injury Claims and channeling injunction (.8), review and revise confirmation brief for internal consistency and accuracy regarding plan provisions (2.3). | JEH | 3.10 |
| 02/10/11 | Conference with legal team regarding stipulation and entry. | SLE | 0.20 |
| 02/10/11 | Work on docket review and objections. | SLE | 0.30 |
| 02/10/11 | Review and comment on confirmation brief. | TDK | 0.80 |
| 02/11/11 | Prepare revisions to brief in support of confirmation of Debtors' Plan. | ALD | 0.20 |
| 02/11/11 | Receipt and review of objections to confirmation (0.3). Prepare chart summarizing objections (0.5). Analyze Centerpoint Associates' objection to confirmation and prepare summary of same (1.1). | ALD | 1.90 |
| 02/11/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 02/11/11 | Brief review of objections to confirmation of Amended Joint Chapter 11 Plan (2.1); confer with Ms. Ducayet and Ms. Khosbin regarding detailed review of same (.4); review other recently filed pleadings re relevance to Future Claimants' Representative (.4). | JEH | 2.90 |
| 02/11/11 | Review objections of various parties to Debtors' Amended Plan. | RTB | 0.60 |
| 02/11/11 | Review of plan objections and correspondence regarding such objections. | SLE | 0.50 |
| 02/11/11 | Work on briefing issues regarding confirmation hearing. | SLE | 0.50 |
| 02/11/11 | Review and comment on confirmation brief. | TDK | 1.50 |
| 02/12/11 | Review and summarize State of New York's and M-Heat Investors' objections to confirmation of Debtors' Plan. | ALD | 0.80 |
| 02/12/11 | Correspondence with Mr. Esserman regarding Plan reserves for fully and partially unliquidated claims. | JLN | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 5
Invoice 123037

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/12/11 | Review objections for impact on FCR and asbestos trust. | RTB | 1.30 |
| 02/12/11 | Review of claims reserve motion and correspondence with legal team regarding claims reserve motion and agreement of FCR. | SLE | 0.30 |
| 02/12/11 | Review and summarize various objections to debtor's plan. | TDK | 3.80 |
| 02/13/11 | Detailed review of Limited Objections of the California Department of Toxic Substances Control to Debtors' Plan, Objection of Appaloosa Management L.P., Aurelius Capital Management, LP, Elliott Management Corporation, and Fortress Investment Group LLC to Debtors' Amended Joint Chapter 11 Plan, Joinder of Certain Noteholders of General Motors Nova Scotia Finance to the Appaloosa Objection and Limited Objection of Allstate Insurance Company to Confirmation of the Joint Chapter 11 Plan of Motors Liquidation Corporation (2.0), and prepare summary of objections, comments and recommendations regarding Future Claimants' Representative's response to objections (1.9). | JEH | 3.90 |
| 02/13/11 | Work on confirmation issues affecting FCR for inclusion in FCR brief. | RTB | 3.40 |
| 02/13/11 | Review of motions on claims estimation. | SLE | 0.50 |
| 02/14/11 | Analyze objections to confirmation filed by State of New York Centerpoint, and M-Heat Investors and other objectors and consider impact on FCR's constituency (3.1) and analyze response of FCR to same (1.1). | ALD | 4.20 |
| 02/14/11 | Prepare Declaration of FCR in support of Plan. | ALD | 2.10 |
| 02/14/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.50 |
| 02/14/11 | Substantive work on confirmation brief (2.3); prepare for and participate in strategy meeting with Mr. Brousseau and others in connection with ongoing confirmation issues (.4); revisions to March 2011 budget letter (.5). | JLN | 3.20 |
| 02/14/11 | Review and revise chart summarizing objections to Amended Joint Chapter 11 Plan (.9), confer with Messrs. Brousseau and Taylor, Ms. Khosbin and Ms. Ducayet regarding objections and response of the Future Claimants' Representative to objections (1.3). | JEH | 2.20 |
| 02/14/11 | Email correspondence with Mr. Brophy regarding ARPC's March budget information. | RLS | 0.20 |
| 02/14/11 | Revise draft of FCR's memorandum regarding confirmation (5.1), review objections to integrate into brief (1.6), confer regarding plan objections (0.9). | RTB | 7.60 |
| 02/14/11 | Correspondence with FCR and legal team regarding stipulation and confirmation hearing. | SLE | 0.50 |
| 02/14/11 | Review of pending matters regarding case. | SLE | 0.40 |
| 02/14/11 | Review and analyze case law cited in objection filed by Town of Salina and review specific plan provisions objected to by Salina. (1.4 hr); meeting to review all plan objections and plan responses thereto (1.5 hrs); prepare response analysis regarding plan objections (1.0 hr). | TDK | 3.90 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                           Page 6
Invoice 123037

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/15/11 | Prepare summary of FCR's response to State of New York's objection to confirmation (0.3). Prepare Declaration of Mr. Trafelet in Support of Plan (5.1). | ALD | 5.40 |
| 02/15/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |
| 02/15/11 | Draft Motion in Support of Confirmation | CIT | 8.20 |
| 02/15/11 | Work on confirmation brief on behalf of FCR (2.2), review and revise memorandum to Mr. Esserman regarding Plan reserves (.3), analysis of Plan in connection with memorandum regarding Motions to estimate partially unliquidated claims and fully liquidated claims (1.2), analysis of GUC Trust Agreement in connection with confirmation hearing preparations (.5). | JLN | 4.20 |
| 02/15/11 | Review orders and decisions entered in the case that recognize the uniqueness of the bankruptcy cases (.5), review recently filed pleadings regarding relevance to Future Claimants' Representative (.4), review and revise Mr. Trafelet's declaration in support of confirmation (.8), conduct and review research to add to brief in support of confirmation (1.9). | JEH | 3.60 |
| 02/15/11 | Finalize March Budget letter for FCR and his professionals (0.3), and communications with Mr. Trafelet and Mr. Brophy regarding March Budget letter (0.2). | RLS | 0.50 |
| 02/15/11 | Further work on confirmation brief and proposed declarations (6.2), analyze claims reserve motion for impact on FCR and trust (1.8). | RTB | 8.00 |
| 02/15/11 | Work on letter to examiner and correspondence regarding letter to examiner. | SLE | 0.30 |
| 02/16/11 | Prepare revisions to FCR's brief in support of confirmation. | ALD | 1.00 |
| 02/16/11 | Review and revisions to confirmation brief. | BLC | 3.20 |
| 02/16/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 02/16/11 | Draft brief in support of confirmation | CIT | 2.80 |
| 02/16/11 | Revise brief in support of confirmation to add additional legal authority, to address additional objection and to incorporate Mr. Brousseau's revisions (3.6), conference with Mr. Brousseau regarding same (.2). | JEH | 3.80 |
| 02/16/11 | Work on preparation of Brief in Support of Confirmation of Plan. | RLS | 3.20 |
| 02/16/11 | Revise draft confirmation declarations (1.4), extensive revisions to memorandum regarding confirmation (5.2). | RTB | 6.60 |
| 02/16/11 | Work on memorandum of law and affidavits regarding confirmation. | SLE | 1.00 |
| 02/16/11 | Correspondence with FCR regarding Trust issues and TDP issues. | SLE | 0.50 |
| 02/17/11 | Continue revisions to confirmation brief (2.7) and preparing table of authorities (3.0). | BLC | 5.70 |
| 02/17/11 | Review and analyze court docket to identify pleadings that need to | CLJ | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 7
Invoice 123037

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | | |
| 02/17/11 | Work on preparation of Brief in Support of Confirmation of Plan. | RLS | 3.10 |
| 02/17/11 | Correspondence with FCR regarding case, testimony and Trust issues. | SLE | 0.50 |
| 02/17/11 | Review of FCR submission and brief regarding confirmation. | SLE | 0.70 |
| 02/18/11 | Continue preparation of table of authorities (1.2) and revision to confirmation brief (1.2). | BLC | 2.40 |
| 02/18/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 02/18/11 | Various correspondence with Mr. Esserman regarding Plan supplement, related confirmation issues. | JLN | 0.30 |
| 02/18/11 | Confer with Ms. Cioni regarding brief in support of confirmation (.3), brief review of United States' Statement in Support of Environmental Provisions of Debtors' Plan of Liquidation (.2). | JEH | 0.50 |
| 02/18/11 | Review of modifications of avoidance Trust and correspondence regarding such modifications. | SLE | 0.50 |
| 02/18/11 | Correspondence with Committee regarding case and call with Committee regarding Trust. | SLE | 0.20 |
| 02/18/11 | Work on confirmation paper for FCR. | SLE | 1.00 |
| 02/18/11 | Review papers filed by objectors to confirmation. | SLE | 0.50 |
| 02/18/11 | Correspondence with FCR regarding confirmation hearing and consultants. | SLE | 0.20 |
| 02/20/11 | Correspondence with Mr. Esserman regarding Plan Supplement filed by Debtors. | JLN | 0.20 |
| 02/20/11 | Review proposed changes to FCR confirmation brief. | RTB | 0.90 |
| 02/20/11 | Work on revisions to confirmation brief and affidavit. | SLE | 1.30 |
| 02/20/11 | Correspondence and conference with FCR regarding brief and status call regarding Trust. | SLE | 0.30 |
| 02/20/11 | Review of miscellaneous filed objections to confirmation. | SLE | 0.40 |
| 02/21/11 | Review and revise brief in support of confirmation of Debtors' Plan. | ALD | 5.40 |
| 02/21/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 02/21/11 | Prepare for and participate in conference call with Debtors' counsel, Asbestos Committee counsel, and proposed asbestos trust counsel regarding confirmation issues and transactions that must occur prior to the Plan's Effective Date (.5), research sale order and other pleadings in connection with proposed revisions to confirmation order to address Effective Date prerequisites (4.8). | JLN | 5.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                              Page 8
Invoice 123037

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/21/11 | Incorporate Mr. Esserman's revisions into brief in support of confirmation (.1), confer with Ms. Ducayet regarding filing and service of brief in support of confirmation (.2). | JEH | 0.30 |
| 02/21/11 | Review and proof brief on confirmation before filing with court. | PCD | 1.00 |
| 02/21/11 | Review Plan for deadlines to file substantial contribution applications and final fee applications (0.3), and correspond with Mr. Esserman regarding deadlines and schedule (0.2). | RLS | 0.50 |
| 02/21/11 | Work on changes to FCR memorandum. | RTB | 4.40 |
| 02/21/11 | Finalize brief for confirmation hearing. | SLE | 1.20 |
| 02/21/11 | Work on finalization of affidavit. | SLE | 0.40 |
| 02/21/11 | Correspondence with proposed Trustee, Committee, and Debtor regarding implementation of plan. | SLE | 0.50 |
| 02/21/11 | Conference and correspondence with FCR regarding implementation of plan, confirmation issues and brief. | SLE | 0.40 |
| 02/21/11 | Review of various objections to plan regarding case. | SLE | 0.50 |
| 02/21/11 | Work on fee application for case and conference with Ms. Stringer regarding fee application. | SLE | 0.50 |
| 02/22/11 | Revise and finalize confirmation brief for filing (4.5). Effectuate service of brief on Notice Parties and parties listed on Master Service List (0.5). | ALD | 5.00 |
| 02/22/11 | Review and analysis of Avoidance Action Trust Agreement (2.2), analysis of GUC Trust Agreement to determine impact on Future Claimants Representative and/or Asbestos Trust (.7). | JLN | 2.90 |
| 02/22/11 | Review Debtors' Confirmation Brief. | JEH | 0.50 |
| 02/22/11 | Finalize FCR memorandum on confirmation. | RTB | 4.30 |
| 02/22/11 | Work on finalization of papers regarding confirmation brief and correspondence with FCR regarding confirmation brief. | SLE | 0.50 |
| 02/22/11 | Work on insurance for FCR and Trustee and correspondence with Trust counsel and AOW regarding insurance. | SLE | 0.50 |
| 02/22/11 | Work on plan supplement regarding Avoidance Trust and correspondence regarding Avoidance Trust with Mr. Newton. | SLE | 0.50 |
| 02/22/11 | Work on Trustee requests for confirmation order modifications and correspondence with FCR regarding such modifications. | SLE | 0.50 |
| 02/22/11 | Work on issues regarding cooperation agreement with Trust and correspondence with Committee regarding cooperation agreement. | SLE | 0.50 |
| 02/22/11 | Review of miscellaneous confirmation objections filed. | SLE | 0.50 |
| 02/22/11 | Work on possible additions to confirmation order and correspondence with FCR regarding such additions. | SLE | 0.50 |
| 02/23/11 | Receipt and review of correspondence from Mr. Esserman regarding proposed compensation of Trust professionals under Trust documents (0.1). Review Trust documents regarding same (0.5). | ALD | 0.60 |
| 02/23/11 | Prepare proposed revisions to Trust Agreement to address FCR's issues regarding compensation of Trust professionals. | ALD | 0.30 |
| 02/23/11 | Review and analyze court docket to identify pleadings that need to | CLJ | 0.30 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | | |
| 02/23/11 | Analysis of confirmation brief in preparation for upcoming confirmation hearings (1.3), analysis of GUC Trust Agreement and impact on Asbestos Trust/future asbestos claimants (2.1). | JLN | 3.40 |
| 02/23/11 | Email communications with Ms. Brockman at ARPC regarding monthly fee statement. | RLS | 0.20 |
| 02/23/11 | Review Monthly Fee statements for confidentiality and privilege (billed at one half time). | RLS | 2.80 |
| 02/23/11 | Analyze plan issues relating to operation of trust procedures. | RTB | 2.20 |
| 02/23/11 | Work on revisions to Trust Agreement and conference with FCR and TAC regarding Agreement. | SLE | 1.20 |
| 02/23/11 | Work on additional revisions regarding Trust Agreement and designation of Trustee. | SLE | 0.70 |
| 02/23/11 | Review of objections to plan. | SLE | 0.50 |
| 02/23/11 | Correspondence with FCR regarding changes to Trust Agreement. | SLE | 0.30 |
| 02/24/11 | Correspondence to Ms. McMillan regarding revisions to Trust Agreement. | ALD | 0.20 |
| 02/24/11 | Review and analyze revisions to Trust Agreement. | ALD | 1.30 |
| 02/24/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 02/24/11 | Complete analysis of GUC Trust Agreement and various confirmation briefs filed in support of confirmation (1.0), work on closing checklist on behalf of future claims representative (2.3), research Asbestos Trust Agreement and TDP issues in connection with distinct types of asbestos claims (1.1), receipt of inquiry from Debtors' counsel regarding Judge Gerber's request for submission of confirmation brief in word format, related correspondence (.3). | JLN | 4.70 |
| 02/24/11 | Review Amended Joint Chapter 11 Plan regarding deadlines (.3), review recent filings regarding relevance to Future Claimants' Representative (.8). | JEH | 1.10 |
| 02/24/11 | Work on confirmation issues relating to implementation and closing (2.1), analyze proposed definitional changes in TDP (0.2). | RTB | 2.30 |
| 02/24/11 | Work on proposed changes in Trust Distribution Procedures and review such changes. | SLE | 0.50 |
| 02/24/11 | Correspondence with FCR, TAC and Trustee regarding TDP changes and insurance for Trustees. | SLE | 0.50 |
| 02/24/11 | Correspondence with FCR and TAC regarding confirmation issues, proceedings, TDP, and Trust Agreement. | SLE | 0.40 |
| 02/24/11 | Commence review of findings of fact and conclusions of law. | SLE | 0.70 |
| 02/24/11 | Work on proposed revisions to Trust Agreement and review revised agreement. | SLE | 0.50 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/24/11 | Correspondence with TAC and FCR regarding Trust Agreement. | SLE | 0.50 |
| 02/24/11 | Work on filing of brief in support of Plan and coordinate with Weil firm regarding filing. | SLE | 0.30 |
| 02/25/11 | Receipt and review of correspondence from Mr. Esserman regarding revisions to Trust Agreement and TDP (0.1). Review revised Trust Agreement (1.5). | ALD | 1.60 |
| 02/25/11 | Review and provide comments to Mr. Esserman regarding revisions to TDP. | ALD | 2.50 |
| 02/25/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 02/25/11 | Analyze plan voting issues | CIT | 0.20 |
| 02/25/11 | Analysis of revised Trust Distribution Procedures (1.5), correspondence with Mr. Esserman and Mr. Trafelet regarding revised Trust Distribution Procedures (.3), analysis of voting and tabulation results circulated by Debtors (.5), correspondence to Mr. Esserman regarding voting and tabulation results (.2), correspondence with Mr. Trafelet regarding TDP changes (.3), prepare closing checklist for use by FCR (1.6). | JLN | 4.20 |
| 02/25/11 | Review tabulation of votes accepting and rejecting Amended Joint Chapter 11 Plan (.4), correspondence regarding revisions to Asbestos Trust Distribution Procedures and Trust Agreement (.3). | JEH | 0.70 |
| 02/25/11 | Review Monthly Fee statements for confidentiality and privilege (billed at one half time). | RLS | 2.10 |
| 02/25/11 | Work on findings of fact and conclusions of law regarding case and make revisions to findings of fact and conclusions of law. | SLE | 1.70 |
| 02/25/11 | Correspondence with FCR regarding case and confirmation hearing. | SLE | 0.50 |
| 02/25/11 | Work on revisions and conference with legal team regarding revisions. | SLE | 0.80 |
| 02/25/11 | Correspondence with Committee regarding open issues regarding case. | SLE | 0.50 |
| 02/26/11 | Review and analysis of confirmation order. | JLN | 1.00 |
| 02/26/11 | Review objections filed by GM, briefs on reserve and pleadings for confirmation. | SLE | 1.50 |
| 02/27/11 | Analysis of and revisions to proposed confirmation findings of fact and conclusions of law (1.0), correspondence with Mr. Esserman regarding findings of fact and conclusions of law (.2). | JLN | 1.20 |
| 02/27/11 | Review and annotate revised confirmation order. | RTB | 1.80 |
| 02/27/11 | Correspondence with legal team regarding findings of fact for confirmation hearing and work on findings of fact. | SLE | 0.80 |
| 02/28/11 | Correspondence to counsel for ACC regarding revisions to TDP. | ALD | 0.10 |
| 02/28/11 | Receipt and review of correspondence from Mr. Esserman regarding revision to Trust Agreement (0.1). Review proposed changes to Trust Agreement (0.1). | ALD | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                      Page 11
Invoice 123037

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/28/11 | Correspondence to Mr. Esserman and Ms. McMillan regarding revisions to Trust Agreement. | ALD | 0.30 |
| 02/28/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 02/28/11 | Review and analysis of revised Plan (2.3), analysis of revisions to confirmation order (1.6), correspondence with Debtors, Treasury, and Unsecured Creditors Committee regarding proposed modifications to confirmation order (.5), analysis of Debtors' omnibus replies to its Motions to Establish claims reserves for confirmation purposes (1.2). | JLN | 5.60 |
| 02/28/11 | Finalize Monthly Fee Statements for SBEP, ARPC and FCR (0.8) and prepare letters for delivery of same (0.6). | RLS | 1.40 |
| 02/28/11 | Extensive work on numerous changes to proposed revised confirmation order and revised plan. | RTB | 6.10 |
| 02/28/11 | Review of filed objections and memorandum of law on valuations. | SLE | 0.50 |
| 02/28/11 | Work on revisions regarding confirmation. | SLE | 1.50 |
| 02/28/11 | Correspondence with Committee regarding revisions to order and Trust Agreement. | SLE | 0.50 |
| 02/28/11 | Work on revised plan (0.7) and revised confirmation requirements of FCR including records agreement (1.0). | SLE | 1.70 |

Total Hours                                                                        377.80

### Timekeeper Summary

| | | |
|------|------|------|
| Andrea L Ducayet | 67.80 | $27,120.00 |
| Briana Cioni | 23.30 | $7,572.50 |
| Cindy L Jeffery | 5.10 | $943.50 |
| Cliff I Taylor | 31.60 | $12,640.00 |
| David J Parsons | 9.20 | $3,680.00 |
| Heather Panko | 4.50 | $1,462.50 |
| Jacob L Newton | 46.20 | $20,328.00 |
| Jo E Hartwick | 36.30 | $14,883.00 |
| Peter C D'Apice | 1.00 | $550.00 |
| Rachael Stringer | 14.30 | $3,643.75 |
| Robert T Brousseau | 53.70 | $29,535.00 |
| Sander L Esserman | 41.40 | $30,015.00 |
| Terrie D Khoshbin | 43.40 | $14,539.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 12
Invoice 123037

| | |
|---|---|
| Total Fees | $166,912.25 |

Itemized Expenses:

| | |
|---|---|
| Deliveries | 146.23 |
| Court Call | 118.00 |
| Long distance telephone charges | 9.65 |
| Photocopies | 48.00 |
| Total Expenses | $321.88 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                          Page 13
Invoice 123037

<u>Summary of Charges on this Invoice:</u>

| | |
|---|---|
| Hours | 377.80 |
| Fees | $166,912.25 |
| Expenses | $321.88 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$167,234.13** |

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 123498
April 29, 2011

DEAN N. TRAFELET, FCR
50 WEST  SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002

Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                                    SLE

For services performed through 03/31/11

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/14/11 | Analyze confirmation issues | CIT | 1.10 |
| 03/01/11 | Prepare for and attend (by phone) conference with Debtors' counsel and all parties to finalize Plan documents. | ALD | 2.00 |
| 03/01/11 | Receipt and review of revised Trust Agreement and TDP from counsel for ACC. | ALD | 1.00 |
| 03/01/11 | Receipt and review of correspondence from Mr. Trafelet regarding revisions to TDP (0.1).  Prepare revisions to TDP (0.5).  Correspondence to Mr. Trafelet regarding revisions to TDP (.1). | ALD | 0.70 |
| 03/01/11 | Review revisions to MLC Trust Agreement. | ALD | 0.90 |
| 03/01/11 | Receipt and review of correspondence from Mr. Trafelet regarding revisions to TDP. | ALD | 0.10 |
| 03/01/11 | Correspondence to counsel  for Committee and Trust regarding revisions to TDP. | ALD | 0.10 |
| 03/01/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 03/01/11 | Analysis of TPC Lenders' brief in support of their request for valuation hearing (.8), prepare for and participate in hearings on Debtors' motions to set claims reserves (for partially and fully unliquidated claims) (1.8), analysis of revised Asbestos Trust Agreement (.3), correspondence with FCR regarding revisions to Trust Agreement and TDP (.2), analysis of further plan modifications (1.2), respond to inquiry from proposed Trust counsel regarding Plan and Trust's access to documents, as set forth in revised draft of Confirmation Order (.3), analysis of and revisions to draft insurance neutrality language supplied by Debtors (1.0), prepare for and participate in comprehensive conference call with Debtors' counsel, Committee counsel, Asbestos Committee counsel, DOJ, and Treasury (and others) to finalize Plan and Confirmation Order (3.8). | JLN | 9.40 |
| 03/01/11 | Prepare hearing binder regarding March 3rd hearing per Mr. Newton's request. | MRF | 2.20 |
| 03/01/11 | Extended work on changes to plan documents (5.1), prepare for and participate in meeting with Debtors regarding final confirmation order and plan provisions (2.4). | RTB | 7.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 2
Invoice 123498

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 03/01/11 | Work on GM confirmation order and findings. | SLE | 1.20 |
| 03/01/11 | Correspondence with FCR regarding order and open issues. | SLE | 0.40 |
| 03/01/11 | Conference with FCR regarding case and hearing. | SLE | 0.30 |
| 03/01/11 | Finalize asbestos documents, Trust Distribution Procedures and Trust Agreement. | SLE | 1.50 |
| 03/01/11 | Communicate results of meeting with Weil firm regarding proceedings and order. | SLE | 1.50 |
| 03/02/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.50 |
| 03/02/11 | Analysis of and revisions to current draft of revised Plan and Confirmation Order (2.2), correspondence to Debtors, Committee, and all parties in interest regarding FCR's modifications to Confirmation Order on behalf of his constituency (.5), draft additional edits to Debtors' draft insurance neutrality language (.3), review and analysis of subsequent revised drafts of Plan and Confirmation Order (1.0), various correspondence with Mr. Esserman and Debtors' counsel regarding subsequent revised drafts of Plan and Confirmation Order (.4). | JLN | 4.40 |
| 03/02/11 | Extensive work on confirmation order issues relating to Health and Human Services reporting (3.9), negotiation with Debtors regarding government lien and trust funding issues (3.1), review of further changes in confirmation order received today from debtor (2.2). | RTB | 9.20 |
| 03/02/11 | Correspondence and meet with FCR regarding GM matters and confirmation. | SLE | 0.80 |
| 03/02/11 | Work on FCR's comments to draft order and correspondence with Debtors regarding FCR's comments. | SLE | 1.50 |
| 03/02/11 | Review of revised draft of confirmation order and changes thereto. | SLE | 1.30 |
| 03/02/11 | Prepare for confirmation hearing and review objections and briefs. | SLE | 2.00 |
| 03/02/11 | Correspondence with legal team regarding open issues for confirmation. | SLE | 0.30 |
| 03/03/11 | Analysis of United States' statement in support of confirmation (.6), prepare for and participate in confirmation hearings (3.8). | JLN | 4.40 |
| 03/03/11 | Confer with Mr. Esserman regarding government lien. | RTB | 0.20 |
| 03/03/11 | Prepare for and attend GM hearings regarding confirmation (5.5). Meet with lawyers regarding case and regarding order and open issues (2.0).  Meet with Committee counsel regarding case (1.0). | SLE | 8.50 |
| 03/03/11 | Correspondence with FCR regarding case and confirmation hearing. | SLE | 0.30 |
| 03/04/11 | Various correspondence with Mr. Trafelet regarding Trust Agreement and Trust Distribution Procedures (.2), confer with Mr. Brousseau regarding confirmation order and final fee application (.2). | JLN | 0.40 |
| 03/04/11 | Email correspondence with Mr. Trafelet regarding February fees. | RLS | 0.20 |
| 03/04/11 | Research regarding GM anonymity protocol and related court orders. | RLS | 1.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                          Page 3
Invoice 123498

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 03/04/11 | Conference with FCR and Committee regarding case. | SLE | 0.50 |
| 03/06/11 | Travel for case at 50%. | SLE | 2.00 |
| 03/07/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.60 |
| 03/08/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 03/08/11 | Various correspondence with Debtors' counsel regarding confirmation order changes. | JLN | 0.20 |
| 03/08/11 | Correspondence with GM, attorneys and legal team regarding final fee applications. | SLE | 0.30 |
| 03/08/11 | Correspondence with FCR regarding status of case and mechanics of closing. | SLE | 0.20 |
| 03/09/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 03/10/11 | Various correspondence with Asbestos Committee regarding meeting with Debtors to discuss asbestos records (.3), various correspondence with Debtors' counsel regarding asbestos records, status of confirmation order, and other asbestos issues (.4). | JLN | 0.70 |
| 03/10/11 | Work on Trust issues regarding stock receipt and securities issues and conference with Trust advisors regarding same. | SLE | 1.00 |
| 03/10/11 | Correspondence with Committee attorneys regarding draft order on confirmation and distributions. | SLE | 0.50 |
| 03/10/11 | Correspondence with GM and legal team regarding stock receipt and consummation issues. | SLE | 0.50 |
| 03/10/11 | Conference and correspondence with Mr. Melville regarding stock to be received by Trust. | SLE | 0.50 |
| 03/10/11 | Correspondence with Trust counsel regarding confirmation order. | SLE | 0.20 |
| 03/11/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 03/11/11 | Correspondence from Debtors' regarding revised Plan and Confirmation Order (.1), review and analysis of revised Plan (.7). | JLN | 0.80 |
| 03/11/11 | Email correspondence with Mr. Trafelet and Mr. Brophy regarding April 2011 budget numbers. | RLS | 0.20 |
| 03/11/11 | Review newly revised confirmation order regarding asbestos trust obligations. | RTB | 0.40 |
| 03/11/11 | Review of changes to confirmation order. | SLE | 0.30 |
| 03/11/11 | Work on revisions to confirmation order and correspondence with Debtor and Committee regarding same. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                              Page 4
Invoice 123498

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 03/13/11 | Review and analysis of revised Confirmation order (.5), correspondence with Mr. Esserman regarding changes to Confirmation Order and impact on Asbestos Trust (.3). | JLN | 0.80 |
| 03/13/11 | Confer regarding latest draft of confirmation order. | RTB | 0.30 |
| 03/13/11 | Correspondence with legal team regarding draft confirmation order and review of draft confirmation order. | SLE | 0.50 |
| 03/14/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 03/14/11 | Analysis of Trust Distribution Procedures per FCR request. | JLN | 0.40 |
| 03/14/11 | Work on budget matters for the FCR and his professionals for April 2011(0.7) and discussions regarding budget matters with Mr. Newton (0.4). | RLS | 1.10 |
| 03/14/11 | Correspondence with FCR and legal team regarding budget issues. | SLE | 0.20 |
| 03/14/11 | Correspondence with FCR regarding TDP issues. | SLE | 0.50 |
| 03/14/11 | Correspondence with FCR regarding implementation issues. | SLE | 0.30 |
| 03/15/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 03/15/11 | Review and revise draft Budget letter. | JLN | 0.50 |
| 03/15/11 | Email correspondence with Mr. Trafelet regarding payment of January and February 2011 invoices. | RLS | 0.20 |
| 03/15/11 | Prepare budget letter regarding FCR and his professionals' fees for April 2011. | RLS | 0.80 |
| 03/15/11 | Email discussions with Mr. Esserman and Mr. Newton regarding budget numbers for FCR and his professionals. | RLS | 0.30 |
| 03/15/11 | Work on budgets for FCR, SBEP and FCR professionals and correspondence regarding same. | SLE | 0.50 |
| 03/15/11 | Work on Trust implementation and closing issues. | SLE | 0.50 |
| 03/16/11 | Review and analysis of new drafts of confirmation order and plan circulated by Debtors' counsel (1.0), correspondence with Mr. Esserman and Mr. Brousseau regarding new drafts of plan and confirmation order (.2), various correspondence with Debtors' counsel and others regarding asbestos records (.3). | JLN | 1.50 |
| 03/16/11 | Review proposed changes to plan and confirmation order and prepare report to other counsel regarding changes affecting the FCR (4.3), confer with Debtor's counsel regarding changes (0.4). | RTB | 4.70 |
| 03/16/11 | Correspondence with Debtor, parties and Committee regarding changes to order. | SLE | 0.50 |
| 03/16/11 | Work on revisions to confirmation order and review of revised order. | SLE | 1.50 |
| 03/16/11 | Work on asbestos Trust formation issues and correspondence with Asbestos Committee, Debtor and government regarding Trust issues. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 5
Invoice 123498

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 03/17/11 | Review revised Trust Agreement and TDP (0.2). Correspondence to Mr. Esserman regarding revised Trust Agreement and TDP (0.1). | ALD | 0.30 |
| 03/17/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 03/17/11 | Review and analysis of Debtors' revised plan (1.2), prepare for and participate in conference call with David Jones regarding modified confirmation order (.3), prepare for and participate in conference call with Debtors' counsel, Asbestos Committee counsel, and Trust counsel regarding asbestos-related books and records (.5), analysis of additional revisions to Confirmation Order (1.1), various correspondence with Debtors and all other major constituencies regarding HHS reporting issues for Asbestos Trust and GUC Trust (1.0), various correspondence with Debtors' counsel and others regarding revised language to preserve access to asbestos-related books (.4), various correspondence with Asbestos Committee regarding Trust Agreement and TDP finalization (.2). | JLN | 4.70 |
| 03/17/11 | Email correspondence with Ms. Rothwell regarding ARPC February 2011 invoice. | RLS | 0.20 |
| 03/17/11 | Confer regarding final confirmation order. | RTB | 1.10 |
| 03/17/11 | Work on revisions to confirmation order regarding case. | SLE | 1.00 |
| 03/17/11 | Conference call with Asbestos Committee regarding order. | SLE | 0.50 |
| 03/17/11 | Call with Debtor and Committee regarding order. | SLE | 0.30 |
| 03/17/11 | Review and revise draft from Committee, US Government, DOJ and Asbestos Committee. | SLE | 1.00 |
| 03/17/11 | Correspondence with Trustee regarding changes to document. | SLE | 0.30 |
| 03/17/11 | Work on Trust issues regarding document and implementation. | SLE | 0.50 |
| 03/17/11 | Correspondence with DOJ regarding possible solutions to order issues. | SLE | 0.50 |
| 03/18/11 | Various correspondence with Debtors and other case constituencies regarding final Plan and Confirmation Order. | JLN | 0.30 |
| 03/18/11 | Work on final review of plan and confirmation order and compare to prior drafts and agreements. | SLE | 1.50 |
| 03/18/11 | Correspondence with FCR and legal team regarding fee applications. | SLE | 0.30 |
| 03/19/11 | Work on final plan and review of final plan. | SLE | 0.50 |
| 03/20/11 | Work on plan issues and Trust implementation issues. | SLE | 0.70 |
| 03/20/11 | Correspondence with FCR regarding plan implementation issues. | SLE | 0.30 |
| 03/21/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 03/21/11 | Analysis of final drafts of Plan and Confirmation Order (.5), correspondence to Mr. Esserman regarding final drafts of Plan and | JLN | 0.90 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                             Page 6
Invoice 123498

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
|  | Confirmation Order (.2), correspondence with Asbestos Committee and Mr. Esserman regarding proposed changes to Asbestos Trust Agreement (.2). |  |  |
| 03/21/11 | Review of revised order and plan regarding case. | SLE | 0.70 |
| 03/21/11 | Correspondence with Asbestos Trustee regarding open issues. | SLE | 0.30 |
| 03/21/11 | Work on open asbestos issues regarding TDP and order. | SLE | 0.50 |
| 03/21/11 | Correspondence with Committee and FCR regarding order. | SLE | 0.50 |
| 03/22/11 | Review and analysis of modifications to Asbestos Trust Agreement (.3), correspondence with Asbestos Committee regarding Trust Agreement and statute of limitations issues (.2). | JLN | 0.50 |
| 03/22/11 | Work on TDP issues regarding case and conference with FCR regarding TDP issues. | SLE | 0.50 |
| 03/22/11 | Correspondence with Committee regarding changes to TDP and to order. | SLE | 0.50 |
| 03/22/11 | Correspondence with GM Trustee regarding closing issues. | SLE | 0.30 |
| 03/23/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |
| 03/23/11 | Various correspondence with Asbestos Committee regarding Asbestos Trust Agreement modifications. | JLN | 0.30 |
| 03/23/11 | Correspondence with Committee regarding changes to TCP and order. | SLE | 0.80 |
| 03/23/11 | Correspondence with FCR regarding changes to order. | SLE | 0.30 |
| 03/24/11 | Work on language in confirmation order and revisions to confirmation order. | SLE | 0.50 |
| 03/24/11 | Conference with Committee counsel regarding implementation issues. | SLE | 0.50 |
| 03/24/11 | Correspondence with FCR regarding implementation issues and closing. | SLE | 0.30 |
| 03/25/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.50 |
| 03/25/11 | Review of correspondence and notice of March 29 hearing and telephone call with CourtCall regarding appearance of Mr. Newton and review of confirmation. | CLJ | 0.50 |
| 03/25/11 | Various correspondence with Debtors' counsel and with Mr. Esserman regarding participation in hearings set for March 29, 2011. | JLN | 0.20 |
| 03/25/11 | Correspondence with GM and Committee regarding outstanding issues regarding case. | SLE | 0.30 |
| 03/25/11 | Work on issues regarding order and correspondence with FCR regarding case. | SLE | 0.50 |
| 03/26/11 | Work on issues regarding GM hearing and correspondence with Committee regarding GM hearing. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 7
Invoice 123498

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 03/27/11 | Correspondence with Debtors and Asbestos Committee regarding NY AG's objections to the confirmation order. | JLN | 0.20 |
| 03/27/11 | Correspondence with Debtor and Committee regarding confirmation order. | SLE | 0.50 |
| 03/28/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |
| 03/28/11 | Telephone calls with CourtCall regarding telephonic participation of Mr. Esserman for the March 29 hearing. | CLJ | 0.50 |
| 03/28/11 | Prepare for participation in hearings set for 3.29.11 (1.0), analysis of Debtors' proposed settlement with the State of New York in connection with Confirmation Order objections (.2), correspondence with Mr. Esserman and other constituents regarding Debtors' proposed settlement with State of New York in connection with Confirmation Order (.2). | JLN | 1.40 |
| 03/28/11 | Work on confirmation order issues and review of revised confirmation order. | SLE | 0.50 |
| 03/28/11 | Correspondence with Asbestos Trustee and Committee regarding language on statue of limitations for Trust agreement and review language. | SLE | 0.50 |
| 03/29/11 | Prepare for and participate in hearings relating to entry of Confirmation Order (.5), correspondence with Mr. Esserman and Unsecured Committee regarding Confirmation order (.2). | JLN | 0.70 |
| 03/29/11 | Work on revised order and correspondence with Committee and Debtor regarding revised order. | SLE | 0.50 |
| 03/29/11 | Review suggested modifications for Trust Agreement and implementation of Trust (0.3).  Correspondence with Trustee and Committee regarding modifications (0.2). | SLE | 0.50 |
| 03/29/11 | Correspondence with legal team regarding confirmation order. | SLE | 0.30 |
| 03/30/11 | Review of correspondence and February 3 agenda. | CLJ | 0.50 |
| 03/30/11 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |
| 03/30/11 | Correspondence with Mr. Esserman and Mr. Trafelet regarding final version of Asbestos Trust Agreement. | JLN | 0.20 |
| 03/30/11 | Review monthly fee statements for confidentiality and privilege (billed at 1/2 time). | RLS | 3.80 |
| 03/30/11 | Prepare letters to notice parties regarding transmission of monthly fee statements. | RLS | 0.90 |
| 03/30/11 | Work on final drafts of Trust Agreement and TDP. | SLE | 0.50 |
| 03/30/11 | Correspondence with Trustee and Committee regarding last minute changes to documents. | SLE | 0.50 |
| 03/31/11 | Review and comment on final draft of Asbestos Trust Agreement. | JLN | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice
Invoice 123498

Page 8

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 03/31/11 | Work on finalization of Trust Agreement and correspondence with Trustee and FCR regarding Trust Agreement. | SLE | 0.80 |
| 03/31/11 | Conference with Mr. Kress regarding plan effective date and future issues. | SLE | 0.30 |
| 03/31/11 | Correspondence with FCR regarding case and closing issues. | SLE | 0.30 |
| | Total Hours | | 131.20 |

### Timekeeper Summary

| | | |
|------|------|------|
| Andrea L Ducayet | 5.10 | $2,040.00 |
| Cindy L Jeffery | 6.40 | $1,184.00 |
| Cliff I Taylor | 1.10 | $440.00 |
| Jacob L Newton | 33.40 | $14,696.00 |
| Melanie R Fain | 2.20 | $209.00 |
| Rachael Stringer | 8.90 | $1,925.00 |
| Robert T Brousseau | 23.40 | $12,870.00 |
| Sander L Esserman | 50.70 | $36,757.50 |
| Total Fees | | $70,121.50 |

Itemized Expenses:

| | |
|------|------|
| Court Call | 444.00 |
| Copies | 23.00 |
| Deliveries | 460.85 |
| Long-Distance Travel Expenses | 757.94 |
| On-Line Research | 83.34 |
| Total Expenses | $1,769.13 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 9
Invoice 123498

<u>Summary of Charges on this Invoice:</u>

| | |
|---|---|
| Hours | 131.20 |
| Fees | $70,121.50 |
| Expenses | $1,769.13 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$71,890.63** |

**EXHIBIT H**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, *et al.,* | ) | Case No. 09-50026 (REG) |
| | ) | |
| f/k/a General Motors Corp., *et al.* | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

-------------------------------------------------------------X

**CERTIFICATION OF SANDER L. ESSERMAN
IN SUPPORT OF THE THIRD INTERIM AND FINAL APPLICATION OF
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL
CORPORATION, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL FOR
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS
FOR THE INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH MARCH 29, 2011
AND THE FINAL PERIOD FROM FEBRUARY 24, 2010 THROUGH MARCH 29, 2011**

I, Sander L. Esserman, certify as follows:

1.        I am an attorney in good standing, having been duly licensed to practice law by

the Supreme Court of Texas in 1976.  Since 1976, I have been continuously engaged in the

practice of law.  I am admitted to practice in the United States District Court for various

jurisdictions, including the Northern and other districts of Texas. I am over the age of 18 years, and am competent and otherwise qualified to make this Certification.  Unless otherwise stated in this Certification, I have personal knowledge of the facts set forth herein.

2.      I am a shareholder and president of the law firm of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**" or the "**Firm**"), and I am authorized to make this Certification on behalf of the Firm.

3.      I submit this Certification in support of the *Third  Interim and Final Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, for Allowance of Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Interim Period from October 1, 2010 through March 29, 2011, and the Final Period from February 24, 2010 through March 29, 2011*(the "**Application**") and in accordance with the Local Guidelines.[1]

4.      I have read the Application.

5.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the Application complies with the Local Guidelines.

6.      The Future Claimants' Representative has been provided with a copy of the Application, and has approved the fees and disbursements requested therein.

7.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the Application are true and correct and the fees and disbursements sought in the Application fall within the Local Guidelines and the U.S. Trustee Guidelines, except as specifically noted herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

8.      Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients.

9.      To the best of my knowledge, information and belief, with respect to the disbursements for which reimbursement is sought, the Firm does not make a profit on such disbursements, whether the service is performed in-house or by a third party.

10.      In accordance with the Interim Compensation Order, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel for the Creditors' Committee have each been provided with a statement of fees and disbursements accruing during each month for which compensation is sought in the Application on or about the 30th day of each month following the end of the month for which compensation was sought. Counsel for the Fee Examiner and counsel for the Asbestos Committee were also provided with copies of SBEP's monthly fee statements.

11.      In accordance with the Interim Compensation Order and the Local Guidelines, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel to the Creditors' Committee will each be provided with a copy of the Application simultaneously with the filing thereof.  Counsel for the Fee Examiner and counsel for the Asbestos Committee will also be provided with a copy of the Application simultaneously with the filing thereof.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of May 2011, in Dallas, Texas.

/s/ *Sander L. Esserman*                          
Sander L. Esserman

3