UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN



STANLEY R. STASKO
27653 Lexington Pkwy Southfield, Michigan 48076
#313-670-6917
Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827-JAC
Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)
Appellant – U.S. District Court – S.D. of N.Y.; Case # 1:10-CV-04322-JGK
Pro Se Litigant

V                                    Case No. 2:09-CV-14827-JAC-VMM
                                     Honorable Cook, Julian Abele

GENERAL MOTORS CORPORATION
GENERAL MOTORS – GLOBAL HEADQUARTERS
300 RENAISSANCE CENTER
P.O. BOX 300
DETROIT, MICHIGAN 48265
#313-556-5000
Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827-JAC
Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)
Appellee – U.S. District Court – S.D. of N.Y.; Case # 1:10-CV-04322-JGK

**MOTION TO REOPEN STASKO V GENERAL MOTORS CORPORATION and
REQUEST FOR HEARING REGARDING U. S. BANKRUPTCY COURT – S. D.
OF NEW YORK ORDER DATED MAY 3, 2011**

Stanley R. Stasko (Plaintiff) respectfully states:

1)      that on April 8, 2010, Stanley R. Stasko Motion for Relief from the Automatic

Stay was heard by the Honorable Robert E. Gerber of the United States Bankruptcy Court

of the Southern District of New York

2)      that the Bankruptcy Court Denied the Motion for Relief from the Automatic Stay

by Stanley R. Stasko (See Exhibit 1)

3)      also the Bankruptcy Court ordered "Mr. Stasko shall give notice of this ruling to

the Michigan Court" (See Exhibit 1)

4)      also the Bankruptcy Court ordered "Mr. Stasko shall withdraw the Michigan

Case" (See Exhibit 1)

5)      further that on April 12, 2010, Stanley R. Stasko appeared before Honorable

Julian Abele Cook Jr. of the United States District Court of the Eastern District of

Michigan for "a hearing regarding, inter alia, (1) the effect, if any, of a "stay of litigation"

order that had been imposed upon the parties in a lawsuit (including the Defendant,

General Motors Corporation, now known as Motors Liquidation Company), by the

Bankruptcy Court for the Southern District , of New York"

6)      Stanley R. Stasko informed the U. S. District Court – E. D. of Michigan that the

Bankruptcy Court Denied the Motion for Relief from the Automatic Stay

7)      also Stanley R. Stasko informed the U. S. District Court – E. D. of Michigan that

the Bankruptcy Court ordered Mr. Stasko to withdraw his case against General Motors

Corporation

8)    nevertheless, the U. S. District Court – E. D. of Michigan **did not** order Stanley

R. Stasko to withdraw civil action Stasko vs. General Motors Corporation United States

District Court – Eastern District of Michigan; Case # 2:09-CV-14827; instead, the court

"administratively close this case during the duration of the bankruptcy proceedings

involving the Defendant in the Southern District of New York" (See Exhibit 3)

9)    the U. S. District Court – E. D. of Michigan further ordered "upon the termination

of these bankruptcy proceedings in New York, either party may file a motion, which

would seek to reopen this case, within a period of sixty (60) days from the date of final

resolution of the above-listed bankruptcy case." (See Exhibit 3)

## APPEAL OF BANKRUPTCY COURT ORDER STATUS

10)    since one of the reasons why the Bankruptcy Court Denied Stanley R. Stasko

Relief from the Automatic Stay because Stanley R. Stasko did not file a Proof of Claim;

therefore, Stanley R. Stasko filed a Proof of Claim with the Bankruptcy Court via U.S.

Mail on April 28, 2010. (See Exhibit 4)

11)    also Stanley R. Stasko filed an appeal of Bankruptcy Court Order denying Relief

from the Automatic Stay with the U. S. District Court – Southern District of New York

and the Appeal was assigned Case # 1:10-CV-04322-JGK

12)    also Stanley R. Stasko Appellant's Brief was Entered into the U. S. District Court

– S. D. of New York on December 09, 2010 (See PACER; U. S. District Court – S.D. of

New York; Docket #9)

13)    also General Motors Appellee's Brief was Entered into the U. S. District Court –

S. D. of New York on December 20, 2010 (See PACER; U. S. District Court – S.D. of

New York; Docket #11)

14) further Stanley R. Stasko Reply to Appellee's Brief was mailed to the U. S. District Court – S. D. of New York on December 09, 2010 (The legal document for some unknown reason was not entered in U. S. District Court - S.D. of New York Docket )

15) a copy of Stanley R. Stasko Reply to Appellee's Brief was mailed to the U. S. District Court – S. D. of New York on April 30, 2011 (Not entered in U. S. District Court – S. D. of New York Docket as of May 8, 2011)

## GENERAL MOTORS CORPORATION OBJECTS TO PROOF OF CLAIM

16) at this point both parties were waiting for the U. S. District Court – S. D. of New York to set a date for Oral Arguments

17) despite knowing an appeal was in process in the U. S. District Court - S. D. of New York, General Motors Corporation filed a Motion in U. S. Bankruptcy Court – S.D. of New York objecting to Stanley R. Stasko Proof of Claim #70285

18) then General Motors Corporation withdrew its objection to Stanley R. Stasko Proof of Claim #70285 associated with 165th omnibus objection to expunge certain claims; therefore, the Bankruptcy Court Ordered General Motors Corporation objection to Stanley R. Stasko Proof of Claim #70285 **Withdrawn** on March 7, 2011 (See Exhibit #5)

19) then General Motors Corporation filed another Motion in U. S. Bankruptcy Court – S.D. of New York regarding Objection to Proof of Claim No. 70285 filed by Stanley R. Stasko and the Bankruptcy Court Granted this Objection to Proof of Claim No. 70285 and Ordered Stanley R. Stasko Proof of Claim #70285 expunged on May 3, 2011 (See Exhibit 7)

## BANKRUPTCY COURT ADDITIONAL ORDER

20)    at this point both the Relief from the Automatic Stay and the Proof of Claim

#70285 could have been handled in the Appeals Process in the U. S. District Court – S.

D. of New York

21)    unknown to Stanley R. Stasko, General Motors Corporation would make an

additional request from the Bankruptcy Court at the hearing on April 26, 2011

22)    General Motors motioned "your Honor, just on the last matter, would Your Honor

consider a provision **given the pendency of the district court action** (U. S. District

Court – E. D. of Michigan; clarification added) to a provision in the order that would bar

Mr. Stasko from pursuing any claims against the debtors without first seeking leave of

the bankruptcy court?" (See Exhibit 6; Bankruptcy Court Transcript of April 26, 2011;

Page 46, Lines 22-25 and Page 47, Line 1)

23)    the Bankruptcy Judge responded "well at this point the claims allowance process

is the only place in which he can bring any claim against Old GM and that's your point I

take it?" (See Exhibit 6; Bankruptcy Court Transcript of April 26, 2011; Page 47, Line 2-

4)

24)    since Stanley R. Stasko did not understand the request by General Motors

Corporation, the Bankruptcy Court further stated "he's saying that your one and only one

place where you can obtain any recovery on your claim is here in the United States

Bankruptcy Court for the Southern District of New York. And that while the district

judge dismissed your Michigan action without prejudice to your bring a new one,

pending further developments in this court, Mr. Smolinsky's saying this is the one and

only place where you should be bring this claim as a matter of bankruptcy law. And my

question to you is, is he wrong as a matter of bankruptcy law? (See Exhibit 6; Bankruptcy Court Transcript of April 26, 2011; Page 47, Line 12-20)

25)    Stanley R. Stasko responded by stating "my response is that the U. S. District Court of the Eastern District of Michigan did not dismiss the case itself. All they did was administratively close the case itself so that after this bankruptcy proceeding is completed, that one or both parties can motion for the case to be reinstated." (See Exhibit 6; Bankruptcy Court Transcript of April 26, 2011; Page 47, Line 21-25; and Page 48, Line 1)

26)    more specifically Honorable Judge Julian Abele Cook, Jr. of the U.S. District Court – E. D. of Michigan at the Status Conference on April 12, 2010, stated "… I will, for administrative purposes, dismiss the lawsuit. Let me explain what I'm saying. … I've used the word administrative which means we're **just putting this to the side** (emphasis added) to await the conclusion in the bankruptcy proceeding involving what is now former General Motors. … without the word administratively, by my dismissing the case, it would mean that you could not bring the case back into the court. But administratively, it simply means I want to get it off the accounting. Basically we are asked in this court to account every case that's been heard in this case. … By doing it administratively, we are putting it to the side so we won't have to count it, we won't have to keep referring to it month and month, year after year." (See Exhibit 2, Page 7, Lines 22, 23, and 25; and Page 8, Lines 1-3, 10-15, and 17-19)

27)    nevertheless the U. S. Bankruptcy Court – S. D. of New York Ordered "that in consideration of, among other things, the automatic stay created by section 362 of the Bankruptcy Code and the provisions of the Debtors' Second Amended Joint chapter 11 Plan, dated march 18, 2011 (ECF No. 9836), Stanley R. Stasko may not commence or

continue the prosecution of any claim against the Debtors or the Motors Liquidation

Compant GUC Trust in any forum, including, without limitation, the United States

District Court for the Eastern District of Michigan, without further leave of this Court"

(See Exhibit 7)

### JUDGE GERBER'S ORDER SIMILAR TO ORDER FROM APRIL 2010

28)    this is the second time Judge Gerber of the U. S. Bankruptcy Court – S. D. of

New York Ordered Stanley R. Stasko regarding litigation in the U. S. District Court – E.

D. of Michigan

29)    the first time occurred when Stanley R. Stasko Motion for Relief from the

Automatic Stay and Judge Gerber stated "The motion is denied. And consistent with the

debtors' request under the unusual facts of this case, I am also ordering that Mr. Stasko

do two things: one, to tell the district court that I denied relief from the stay, and, two,

**that I have directed Mr. Stasko to withdraw his lawsuit entirely** (emphasis added)

and to not allow it to merely be stayed." (Bankruptcy Court Transcript of April 8, 2010;

Page 39, Lines 12 - 18; Docket # 5509; See Exhibit 1 for final wording)

30)    on April 12, 2010, Stanley R. Stasko specifically asked the Honorable Judge

Julian Abele Cook, Jr. of the U.S. District Court – E. D. of Michigan "how a judge in one

court can order a withdrawal in a totally different district." Judge Cook replied by stating

"Well, I don't understand it either, and that's why I did not make a ruling on that. I had

serious doubts in my mind in the absence of any showing of case authority or statutory

authority that a judge can order a person to withdraw the allegation. The judge, I believe,

has the right to enforce – or not enforce the statute, but I don't know that there's any law

– and there may be. Maybe it exists, but I'm not aware of any law that permits such a

person, such a judge, to order a litigant to withdraw the allegations." (See Exhibit 2, Page

11, Lines 9 – 20)

31)    also Judge Cook stated "... I will, for administrative purposes, dismiss the

lawsuit. Let me explain what I'm saying. ... I've used the word administrative which

means we're **just putting this to the side** (emphasis added) to await the conclusion in the

bankruptcy proceeding involving what is now former General Motors. ... without the

word administratively, by my dismissing the case, it would mean that you could not bring

the case back into the court. But administratively, it simply means I want to get it off the

accounting. Basically we are asked in this court to account every case that's been heard in

this case. ... By doing it administratively, we are putting it to the side so we won't have

to count it, we won't have to keep referring to it month and month, year after year." (See

Exhibit 1, Page 7, Lines 22, 23, and 25; and Page 8, Lines 1-3, 10-15, and 17-19)

## JURISDICTION OF DISTRICT COURT HIGHER THAN BANKRUPTCY
## COURT

32)    in the Bankruptcy Judge's Order Denying Stanley R. Stasko for Relief from the

Automatic Stay the Bankruptcy Judge stated "the Motion being a core proceeding

pursuant to 28 U.S.C. Section 157(b); and venue being proper before this Court pursuant

to 28 U.S.C. Sections 1408 and 1409" (See Exhibit 1)

33)    the phrase **venue being proper** is the Bankruptcy Judge's opinion that he has

jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (See

Exhibit 1)

34)    the U.S. District Court – E.D. of Louisiana in Eubanks v Esenjay Petroleum Corp.

(152 B.R. 459) states that **"if inquiry is whether federal district court's bankruptcy**

**jurisdiction over a civil proceeding arises under, arises in, or is related to cases**

8

under Title 11, it is irrelevant whether particular proceeding is "core" or "noncore"; district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11. 28 U.S.C.A. § 1334(a, b)."

35)    also <u>Eubanks v Esenjay Petroleum Corp. (152 B.R. 459)</u> also states that "proceedings that are outside scope of statute which gives federal district court bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 cannot be referred to bankruptcy court by federal district court. <u>28 U.S.C.A. § 157</u>."

36)    further the U.S. District Court – E. D. of Louisiana based its interpretation of <u>Section 157</u> on the legislative progeny of the **United States Supreme Court's** decision in *Northern Pipeline v. Marathon*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)

37)    still further civil suit Stasko v General Motors Corporation is based on <u>Title 42 U.S.C. Section 1983</u> which states "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory degree was violated or declaratory relief was unavailable."

38)    since Title 42 U.S.C. Section 1983 is not base on U.S. Bankruptcy Code the Bankruptcy Judge does not have the jurisdiction to Order "that in consideration of,

among other things, the automatic stay created by section 362 of the Bankruptcy Code

and the provisions of the Debtors' Second Amended Joint chapter 11 Plan, dated march

18, 2011 (ECF No. 9836), Stanley R. Stasko may not commence or continue the

prosecution of any claim against the Debtors or the Motors liquidation Compant GUC

Trust in any forum, including, without limitation, the United States district Court for the

Eastern District of Michigan, without further leave of this Court" (See Exhibit 7)

## CORE and NON-CORE PROCEEDINGS

39)    in the Bankruptcy Judge's Order Denying Stanley R. Stasko for Relief from the

Automatic Stay the Bankruptcy Judge stated "the Motion being core proceeding pursuant

to 28 U.S.C. Section 157(b); and venue being proper before this Court pursuant to 28

U.S.C. Sections 1408 and 1409" (See Exhibit 1)

40)    the phrase the proceeding is a **core proceeding** is the Bankruptcy Judge's opinion

that he has the jurisdiction whereby he can Order Mr. Stasko to withdraw civil suit Stasko

v General Motors Corporation in U.S. District Court – E. D. of Michigan

41)    the U.S. Court of Appeals – Fifth Circuit in the Matter of James P. Wood M.D.

(825 F.2d 90, 91; 5th Cir. 1987) states "if proceeding involves right created by federal

bankruptcy law, or is one which **would only arise in bankruptcy**, (emphasis added) it is

core proceeding, **but if proceeding does not invoke substantive right created by**

**federal bankruptcy law and is one that could exist outside of bankruptcy, it is**

**noncore proceeding, though it may be related to bankruptcy because of its potential**

**effect on debtor's estate. 28 U.S.C.A. § 157.**

42)    since civil suit Stasko v General Motors Corporation in U.S. District Court – E. D.

of Michigan is based on Title 42 USC Section 1983 and is not a right created by federal

bankruptcy law; therefore, the Bankruptcy Judge does not have the jurisdiction to Order

10

"that in consideration of, among other things, the automatic stay created by section 362 of the Bankruptcy Code and the provisions of the Debtors' Second Amended Joint chapter 11 Plan, dated march 18, 2011 (ECF No. 9836), Stanley R. Stasko may not commence or continue the prosecution of any claim against the Debtors or the Motors liquidation Compant GUC Trust in any forum, including, without limitation, the United States district Court for the Eastern District of Michigan, without further leave of this Court" (See Exhibit 7)

## **CONCLUSION**

43)     in conclusion Stanley R. Stasko Motions the U. S. District Court – S. D. of New York to Reopen Stasko v General Motors Corporation; Case # 2:09-CV-14827-JAC-VMM

44)     also requests a Hearing regarding U. S. Bankruptcy Court – S. D. of New York Order dated May 3, 2011

45)     also requests U. S. District Court – E. D. of Michigan to Void the Order dated may 3, 2011 for three reasons detailed above

    a.  U. S. District Court – E. D. of Michigan already made a similar ruling in April 2011

    b.  Jurisdiction of District Court Higher than Bankruptcy Court

    c.  Civil Suit Stasko v General Motors Corporation is a Non-Core Bankruptcy Proceeding

Dated: May 10, 2011

                              Stanley R. Stasko
                              27653 Lexington Pkwy Southfield, Michigan 48076
                              Telephone # 313-670-6917
                              Pro Se Litigant

This legal document was prepared by Stanley R. Stasko (Pro Se Litigant).

Exhibit - 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————————x
|  | : |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : |  |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

————————————————————————————x

## ORDER DENYING MOTION OF STANLEY R. STASKO FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated February 19, 2010 of Stanley R. Stasko [Docket

No. 5151] (the "**Motion**"), requesting relief from the automatic stay to proceed with case

number 09-14827 (the "**Michigan Case**"), currently pending in the United States District

Court for the Eastern District of Michigan (the "**Michigan Court**"), all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the

requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Motors

Liquidation Company and its affiliated debtors having filed their opposition to the

Motion [Docket No. 5390] (the "**Opposition**"); and the Court having held a hearing to

consider the requested relief on April 8, 2010 (the "**Hearing**"); and based upon the

Motion, the Opposition, and the record of the Hearing, and all of the proceedings before the Court, it is

ORDERED that for the reasons set forth on the record of the Hearing, the Motion is DENIED; and it is further

ORDERED that Mr. Stasko shall give notice of this ruling to the Michigan Court; and it is further

ORDERED that Mr. Stasko shall withdraw the Michigan Case; and it is further

ORDERED this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
     April **21**, 2010

                             *s/ Robert E. Gerber*
                             THE HONORABLE ROBERT E. GERBER
                             UNITED STATES BANKRUPTCY JUDGE

Exhibit - 2

```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3   STANLEY R. STASKO,

 4            Plaintiff,
                                    HON. JULIAN ABELE COOK, JR.
 5   v.                             No. 09-14827

 6   GENERAL MOTORS CORPORATION
     GENERAL MOTORS-GLOBAL
 7   HEADQUARTERS,

 8            Defendant.
     _____/
 9

10

                            STATUS CONFERENCE
11
                       Monday, April 12, 2010
12
                            2:24 p.m.
13

14   APPEARANCES:

15     For the Plaintiff:          STANLEY R. STASKO, Pro Se

16

17

18

19

20

21

22

23

24         To Obtain Certified Transcript, Contact:
           Leann S. Lizza, CSR-3746, RPR, CRR, RMR
25                    (313) 965-7510
```

| 1 | **TABLE OF CONTENTS** | |
|---|---|---|
| 2 | | <u>Page</u> |
| 3 | Status conference | 3 |
| 4 | | |
| 5 | | |
| 6 | <u>Exhibits</u>: | <u>Received</u> |
| 7 | (None offered.) | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

STATUS CONFERENCE                                          3

1                                          April 12, 2010

2                                          Detroit, Michigan

3                              -    -    -

4          (Call to order of the court, 2:24 p.m.)

5                THE COURT CLERK:  The Court calls case number

6    09-14827, *Stasko versus General Motors Corporation*.

7                THE COURT:  Good afternoon.

8                MR. STASKO:  Good afternoon, Your Honor.  My name is

9    Stanley Stasko.

10               THE COURT:  I'll ask you two things at issue.  Speak

11   up and, also, could you stand.

12               MR. STASKO:  Sure.

13               THE COURT:  And it is a practice in our court that

14   when addressing the Court, the speaker stands.

15               MR. STASKO:  Okay.

16               THE COURT:  And -- you may use the lectern if you

17   desire.

18               This is a case -- first of all, are you an attorney?

19               MR. STASKO:  No, I'm not.

20               THE COURT:  Do you have any trained, legal experience?

21               MR. STASKO:  No.

22               THE COURT:  You're alone today in the courtroom.  Do I

23   assume that you are without counsel?

24               MR. STASKO:  That is correct.

25               THE COURT:  This is a case in which you filed a

**STATUS CONFERENCE**                                    4

1    lawsuit against General Motors Corporation; is that correct?

2              MR. STASKO:  Correct.

3              THE COURT:  My record indicates that you filed this

4    lawsuit without benefit of counsel on December the 11th of

5    2009; is that correct?

6              MR. STASKO:  Correct.

7              THE COURT:  Furthermore, that on the 11th of March of

8    this year, I issued an order which denied your request for the

9    entry of a default judgment against the Defendant General

10   Motors.  Is that correct?

11             MR. STASKO:  I think I requested a hearing and the

12   hearing was denied.  I followed up by putting in a -- I put in

13   a request for clerk's entry of default and I put in a default

14   request and judgment.  The hearing that I requested was denied.

15             THE COURT:  In the -- that on the 16th of March of

16   2010, the Defendant's counsel filed a document which was, in

17   effect, a suggestion of bankruptcy.  In this notice the

18   Defendant's counsel asserted that on June 1st of last year that

19   General Motors Corporation, as we know it, or knew it, filed a

20   petition in bankruptcy court, in the United States Bankruptcy

21   Court in the Southern District of New York.  Are you aware of

22   that, sir?

23             MR. STASKO:  Recently, yes.

24             THE COURT:  You say recently.  What do you mean?

25             MR. STASKO:  I don't keep an active track of the

STATUS CONFERENCE                                         5

1    current events on the radio and the television.  When I filed

2    my Complaint, I was informed approximately, say, three or four

3    weeks after that, in early January, and received a letter from

4    the Defendant, General Motors, asking me to withdraw my suit

5    against General Motors because it's in bankruptcy.

6            THE COURT:  On April 9 of this year I received a

7    letter in the form of facsimile transmission from the

8    Defendant's bankruptcy counsel.  In his letter to the Court he

9    indicated that as much as his client is currently in bankruptcy

10   that the automatic stay is in effect.  Did you see such a

11   letter?

12           MR. STASKO:  No, I did not.  There was -- on April --

13   on Thursday, April the 8th, I was -- I attended the New York

14   Bankruptcy Court via court call.  I called in.  And so the

15   letter from April the 9th I have not seen at all.

16           THE COURT:  All right.  Accept my representation that

17   it contains what I just told you.

18           MR. STASKO:  Okay.

19           THE COURT:  This letter, in many ways, confirmed what

20   you just said because the Defendant's bankruptcy counsel

21   indicated that on February 19th of this year that you had filed

22   a motion for relief from the automatic stay, and then on the

23   8th of April the bankruptcy court conducted a hearing regarding

24   your request in which you were permitted to participate by

25   telephone.

1            MR. STASKO:  Yes.  I did participate in the bankruptcy

2     hearing on the 8th.

3            THE COURT:  You just may not be certain about the

4     dates?

5            MR. STASKO:  Oh, I'm certain about the April the 8th.

6     I am certain about it.

7            THE COURT:  All right.  On the 8th of April, the

8     bankruptcy judge made the -- strike that.

9            Section 362 of the bankruptcy code provided that --

10    the following with regard to the filing of the bankruptcy

11    petition:  That it, quote, operates as a stay applicable to all

12    entities of the commencement or continuation including the

13    issuance or employment process of a judicial administrative or

14    other action or proceeding against the debtor and was or could

15    have been commenced before the commencement of the case under

16    this title or to recover a claim against the debtor that arose

17    before the commencement of the case under this title and any

18    act to attain possession or property of the estate or property

19    from the estate or to exercise control over proper of the

20    estate, end quote.

21           That quote comes from Title 11, United States Code

22    Section 362 (a)(1) and (a)(1)(3).

23           It is my understanding that the bankruptcy court

24    directed you to, quote, withdraw your lawsuit entirely and did

25    not allow it to be merely stayed -- strike that.

1          Based on my information I am apprised that the

2    bankruptcy court advised you to, quote, withdraw your lawsuit

3    entirely and not -- and to not allow it to be merely stayed,

4    end of quote.  Do you recall such language, Mr. Stasko?

5          MR. STASKO:  Yes.  I was given two instructions by the

6    judge.  First instruction was that my motion for relief from

7    automatic stay was denied.  Second instruction I was given by

8    the judge, that I was to inform the U.S. District in the

9    Eastern District of Michigan that I was instructed to withdraw

10   my case against General Motors.

11         THE COURT:  Have you withdrawn your case?

12         MR. STASKO:  No, I have not, Your Honor.

13         THE COURT:  What is your view with regard to the stay

14   of the proceedings?

15         MR. STASKO:  It is my intention, based on several

16   reasons, to appeal the bank -- I'm sorry, the bankruptcy

17   court's decision.

18         THE COURT:  All right.  I believe that the bankruptcy

19   court judge did make an appropriate decision when he ordered

20   the stay, and I will enforce that.  I will not enforce his

21   directive that you withdraw your lawsuit entirely.  That will

22   be -- however, I will, for administrative purposes, dismiss the

23   lawsuit.  Let me explain what I'm saying.

24         MR. STASKO:  Okay.

25         THE COURT:  I've used the word "administrative" which

**STATUS CONFERENCE**

1    means we're just putting this to the side to await the

2    conclusion in the bankruptcy proceeding involving what is now

3    the former General Motors.

4                MR. STASKO:  Okay.

5                THE COURT:  At the conclusion of the bankruptcy

6    proceeding, you, as a petitioner, would have the right to file

7    a petition with our Court asking that the -- this case be

8    returned to its docket.

9                MR. STASKO:  Okay.

10               THE COURT:  And I -- without the word

11   "administratively," by my dismissing the case, it would mean

12   that you could not bring the case back into the court.  But

13   "administratively," it simply means I want to get it off the

14   accounting.  Basically we are asked in this court to account

15   every case that's been heard in this case.

16               MR. STASKO:  Okay.

17               THE COURT:  By doing it administratively, we are

18   putting it to the side so we won't have to count it, we won't

19   have to keep referring to it month and month, year after year.

20               MR. STASKO:  Understood.  I think if I may try, from a

21   layperson's standpoint.

22               THE COURT:  Go right ahead.

23               MR. STASKO:  If I'm successful in my appeal of the

24   judge's -- bankruptcy judge's, court's decision and I do get

25   relief of the automatic stay, then the claim against General

**STATUS CONFERENCE**                                                              9

1    Motors in this court can be reinstated?

2         THE COURT:  Yes.  Now, let me explain to you.  I have

3    very serious doubts about the viability of an appeal because

4    the Court of Appeals in the Sixth Circuit may say two things.

5    One, this case is not a final case because Judge Cook has

6    dismissed this administratively.  The second is, I believe, the

7    statute which allows the bankruptcy court to issue a stay is

8    rather firm and I believe is not truly contestable.  But you

9    have a right to appeal it if you desire.  My guess, it's going

10   to be an unsuccessful effort, but I believe that you should

11   take whatever course of action you should take.  I do also

12   recommend, though not direct you, to seek counsel.  Is there a

13   reason why you haven't gotten a counsel?

14        MR. STASKO:  On three occasions I've tried.  On at

15   least three occasions I tried to seek counsel.  The first time

16   I tried to seek counsel, Your Honor, approximately in 1990 I

17   had a loss of memory because of the fall.  When I finally

18   realized that I -- if I may use -- this is my nonlegal term.

19   General Motors discriminated against me, and my memory was just

20   beginning to recover.  I tried seek counsel.  When I talked to

21   counsel and they found out that I had been -- left General

22   Motors and ten years had elapsed, they had showed no interest

23   in the case itself.  I also tried to seek counsel relatively

24   recently prior to the -- probably in like the October 1st time

25   frame when I described all the details of the case.  The

**STASKO v. GENERAL MOTORS, 09-14827**

1  attorney almost started to laugh a little bit, and then he did

2  show a little interest, but that didn't work out.  And recently

3  I've been trying to seek counsel and I don't get calls back and

4  no interest in the case.  So I've been trying to get help, and

5  from my perspective this case should have started back in 2005,

6  but no one's been willing to give me any help.

7        THE COURT:  Thank you for your comments.  I can

8  only -- I cannot give you advice.  I cannot -- but other than

9  to continue to try to get counsel to help you with your case.

10 But for now let me just at least tell you that your claim

11 against what is General Motors, which is now known as Motors

12 Liquidation Company, will be dismissed administratively.  And,

13 once again, that once the bankruptcy stay has -- strike that.

14 Once the bankruptcy stay has been lifted, you'll be entitled to

15 reinstate your case.

16       MR. STASKO:  Thank you.

17       Your Honor, I made a request for -- from this Federal

18 District Court to have a lawyer appointed to my case on a pro

19 bono basis.  Did you see that request?

20       THE COURT:  I have not seen it.  Let's see.

21       I do have it now.  Document entitled Application For

22 Payment Of Counsel, Financial Statement.  I will process it,

23 but I do not offer any real hope for its success, but I will

24 process the application.  And at the conclusion of this

25 hearing, I will give to my case manager this document and ask

STATUS CONFERENCE                                            11

1    that she process this as quickly as can be done.

2           MR. STASKO:  Thank you very much.

3           THE COURT:  Do you have any other questions, sir?

4           MR. STASKO:  One thing I'm just not clear of -- this

5    is probably because I'm not a lawyer -- I don't understand how

6    a judge in New York bankruptcy court can order a withdraw --

7    because I'm applying for the appeal.  I just don't understand

8    how -- seems like to me there's like two different

9    jurisdictions itself.  I don't understand how a judge in one

10   court can order a withdrawal in a totally different district.

11          THE COURT:  Well, I don't understand it either, and

12   that's why I did not make a ruling on that.  I had serious

13   doubts in my mind in the absence of any showing of case

14   authority or statutory authority that a judge can order a

15   person to withdraw the allegation.  The judge, I believe, has

16   the right to enforce -- or not enforce the statute, but I don't

17   know that there's any law -- and there may be.  Maybe it

18   exists, but I'm not aware of any law that permits such a

19   person, such a judge, to order a litigant to withdraw the

20   allegations.

21          MR. STASKO:  Thank you very much for the

22   clarification.

23          THE COURT:  All right.  So do you understand where we

24   are at this point?

25          MR. STASKO:  Yes, I do.

Exhibit - 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED

APR 19 2010

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

STANLEY R. STASKO

      Plaintiff,

v.

GENERAL MOTORS CORPORATION,

      Defendant.

Case No. 09-14827
Honorable Julian Abele Cook, Jr.

## ORDER

On April 12, 2010, the Court conducted a hearing regarding, *inter alia*, (1) the effect, if any, of a "stay of litigation" order that had been imposed upon the parties in a lawsuit (including the Defendant, General Motors Corporation, now known as Motors Liquidation Company), by the Bankruptcy Court for the Southern District, of New York, and (2) an application for the appointment of counsel that had been proffered by the *pro se* Plaintiff, Stanley R. Stasko, in the case that is currently pending before this Court.

For the reasons that were set forth on the record at the conclusion of the April 12th hearing, the Court will, and must, administratively close this case during the duration of the bankruptcy proceedings involving the Defendant in the Southern District of New York. Upon the termination of these bankruptcy proceedings in New York, either party may file a motion, which would seek to reopen this case, within a period of sixty (60) days from the date of final resolution of the above-listed bankruptcy case.

1

Turning to the second issue (i.e., the appointment of counsel) and despite the initial willingness of the Court to process the Plaintiff's application, it now notes that upon a reevaluation of this matter (including an examination of an affidavit which sets forth his financial resources),[1] the appointment of a *pro bono* attorney under these circumstances is neither justified nor warranted. The underlying purpose of selecting a *pro bono* attorney is designed to, among other things, assist those persons who are indigent and are in need to legal advice and assistance. The selection of a *pro bono* attorney is, in essence, restricted to those persons who are unable to represent themselves for reasons that are presumptively economic.

The Court concludes that the granting of the Plaintiff's request for the appointment of a *pro bono* attorney would violate the spirit as well as the overall policy of this Court to restrict its selection to those persons whose current economic status would deny them an opportunity to receive equal justice under the law. Thus and under the circumstances that are presently known to the Court, the request of the Plaintiff for the appointment of a *pro bono* counsel does not satisfy this standard and, therefore must be denied.

IT IS SO ORDERED.

Dated: April 19, 2010
       Detroit, Michigan

S/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
United States District Court Judge

---

[1] Although the Plaintiff is currently unemployed, he states in his application that he has approximately $115,110 in a bank account.

2

Exhibit - 4

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)
Stanley R. Stasko

Name and address where notices should be sent:
Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076

Telephone number:
(313) 670-6917

*(stamp)* THE GARDEN CITY GROUP INC.  MAY 12 2010

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076

FILED - 70285
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number:
(313) 670-6917

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**  $  2,776,288.00
Final amount by U.S. District Court - E.D. Michigan
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**  Civil Law Suit ; Case #2:09-CV-14827;E.D. Michigan
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 4827
Last four digits from Case #2:09-CV-14827
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property:$_____  Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. Copy of Complaint and Exhibits from Civil Suit
Case #2:09-CV-14827 U.S. District Court - E.D. Michigan
If the documents are not available, please explain  filed with Motion for Relief
from Automatic Stay

| Date: 04/25/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *(signature)*
Stanley R. Stasko 27653 Lexington Pkwy Southfield, Michigan 48076 ; #313 670-6917
Pro Se Litigant | FOR COURT USE ONLY

APR 30 2010 |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit - 5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                                :          Chapter 11 Case No.
                                                     :
MOTORS LIQUIDATION COMPANY, *et al.*,                :          09-50026 (REG)
     f/k/a General Motors Corp., *et al.*            :
                                                     :
                      Debtors.                       :          (Jointly Administered)
                                                     :
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' 165TH OMNIBUS
### OBJECTION TO CLAIMS AND ENFORCEMENT OF BAR DATE ORDERS
### (Late-Filed Claims)

Upon the 165th omnibus objection to expunge certain claims and motion

seeking enforcement of the Bar Date Orders,[1] dated January 26, 2011 (the "**165th**

**Omnibus Objection to Claims**"), of Motors Liquidation Company (f/k/a General

Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), filed pursuant to section 502(b) of title 11, United States Code (the

"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus

objections to proofs of claim against the Initial Debtors (the "**Procedures Order**") (ECF

No. 4180), this Court's order deeming the Procedures Order applicable to the

REALM/ENCORE Debtors (the "**REALM/ENCORE Order**") (ECF No. 4841), and the

Bar Date Orders, seeking entry of an order disallowing and expunging the Late-Filed

Claims on the grounds that such claims were not timely filed, all as more fully described

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the
meanings ascribed to such terms in the 165th Omnibus Objection to Claims.

in the 165th Omnibus Objection to Claims; and due and proper notice of the 165th

Omnibus Objection to Claims having been provided, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the

relief sought in the 165th Omnibus Objection to Claims is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the 165th Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is hereby

      ORDERED that the relief requested in the 165th Omnibus Objection to

Claims is granted to the extent provided herein; and it is further

      ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit "A" (the "**Order Exhibit**") annexed hereto under the heading

"*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

      ORDERED that, if applicable, the 165th Omnibus Objection to Claims is

adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "Objection Adjourned" to the date indicated on the Order Exhibit, subject to

further adjournments (such actual hearing date, the "Adjourned Hearing Date") (the

"Adjourned Claims"), and the Debtors' response deadline with respect to the Adjourned

Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3)

business days before the Adjourned Hearing Date; and it is further

      ORDERED that, if applicable, the 165th Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the 165th Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 165th Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
*March 7, 2011*

*s/ Robert E. Gerber*
United States Bankruptcy Judge

165th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG), Jointly Administered

## *OBJECTION WITHDRAWN*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| STANLEY R STASKO 27653 LEXINGTON PKWY SOUTHFIELD, MI 48076 | 70285 | Motors Liquidation Company | $0.00 (S) $0.00 (A) $0.00 (P) $2,775,266.00 (U) $2,775,266.00 (T) | | Late-Filed Claim | Pgs. 1-5 |

**Additional Claim Information**

Applicable Bar Date:  11/30/2009

Postmark Date:  N/A

Official Claim Date:  5/12/2010

| *OBJECTION WITHDRAWN* | 1 | | $0.00 (S) $0.00 (A) $0.00 (P) $2,775,266.00 (U) $2,775,266.00 (T) |
|---|---|---|---|

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit - 6

Page 1

1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 09-50026

5    - - - - - - - - - - - - - - - - - - - - -x

6    In the Matter of:

7

8    MOTORS LIQUIDATION COMPANY, et al.,

9    f/k/a General Motors Corp., et al.

10           Debtors.

11

12    - - - - - - - - - - - - - - - - - - - - -x

13

14               U.S. Bankruptcy Court

15               One Bowling Green

16               New York, New York

17

18               April 26, 2011

19               9:51 AM

20

21    B E F O R E:

22    HON. ROBERT E. GERBER

23    U.S. BANKRUPTCY JUDGE

24

25

MOTORS LIQUIDATION COMPANY, et al.

Page 46

1    noted above, to the extent Mr. Stasko had claims against

2    General Motors, he discovered those claims in 2005 at the

3    latest.

4            For all of these reasons I find that even if Mr.

5    Stasko had valid claims against GM the statute of limitations

6    for any such claims expired, at the latest, in 2008, two years

7    before Mr. Stasko filed his complaint against General Motors in

8    the Eastern District of Michigan.

9            Because I so determine, I need not also address his

10   failure to file a timely proof of claim and whether he

11   established excusable neglect in that connection or whether his

12   1983 suit against GM states a claim on which relief can be

13   granted.

14           The debtors' motion to disallow and expunge the proof

15   of claim is granted.  The debtors are to settle an order in

16   accordance with that ruling.  The time to appeal this

17   determination will run from the time of the entry of the

18   resulting order and not from the time of this dictated

19   decision.

20           All right.  Mr. Smolinsky, what's the next matter on

21   your agenda?

22           MR. SMOLINSKY:  Your Honor, just on the last matter,

23   would Your Honor consider a provision given the pendency of the

24   district court action to a provision in the order that would

25   bar Mr. Stasko from pursuing any claims against the debtors

MOTORS LIQUIDATION COMPANY, et al.

Page 47

1    without first seeking leave of the bankruptcy court?

2         THE COURT: 'Well at this point the claims allowance

3    process is the only place in which he can bring any claim

4    against Old GM and that's your point I take it?

5         MR. SMOLINSKY: Yes, Your Honor. And I think the --

6    perhaps the thought by Mr. Stasko that the district court has

7    given him leave, as soon as this proceeding is over, to

8    continue to litigate against Motors Liquidation Company6.

9         THE COURT: Mr. Stasko, why shouldn't I grant Mr.

10   Smolinsky's request?

11        MR. STASKO:  I don't understand his request.

12        THE COURT: He's saying that your one and only one

13   place where you can obtain any recovery on your claim is here

14   in the United States Bankruptcy Court for the Southern District

15   of New York.  And that while the district judge dismissed your

16   Michigan action without prejudice to your bringing a new one,

17   pending further developments in this court, Mr. Smolinsky's

18   saying this is the one and only place where you should be

19   bringing this claim as a matter of bankruptcy law.  And my

20   question to you is, is he wrong as a matter of bankruptcy law?

21        MR. STASKO:  My response is that the U.S. District

22   Court of the Eastern District of Michigan did not dismiss the

23   case itself.  All they did was administratively close the case

24   itself so that after this bankruptcy proceeding is completed,

25   that one or both parties can motion for the case to be

MOTORS LIQUIDATION COMPANY, *et al.*

Page 48

1   reinstated.  So the case has not been dismissed it has been

2   administratively closed so that they don't have to account for

3   it on an accounting basis.

4       THE COURT:  Assuming that to be true, Mr. Stasko, I

5   think Mr. Smolinsky's point is that if you were to make such a

6   petition you would be in further contempt of court.

7       MR. STASKO:  I don't know how the U.S. District Court

8   Eastern District of Michigan would rule on that.

9       THE COURT:  The U.S. District Court for the Eastern

10   District of Michigan doesn't rule on that, I rule on that.

11       MR. STASKO:  I see.  I'm not a judge, I don't know

12   how -- I don't know how to distinguish between -- I don't know

13   how the Eastern District of Michigan would interpret your

14   ruling itself.  They did not agree -- my interpretation is that

15   they did not agree that you had the authority to order me to

16   withdraw the case itself so I don't know how they would

17   interpret this so I can't respond, I really can't respond.

18       THE COURT:  Well, the Eastern District of Michigan did

19   not consult me and it did not provide me with a statement of

20   its ruling or its rationale.  But I think that it is hornbook,

21   basic, fundamental bankruptcy law that bankruptcy judges have

22   the ability to enforce the automatic stay with respect to cases

23   on their watch.

24       Mr. Smolinsky, your request is granted.

25       MR. SMOLINSKY:  Thank you, Your Honor.

MOTORS LIQUIDATION COMPANY, et al.

Page 49

1          The next matter on the calendar is the debtors' motion

2    to object to --

3          THE COURT:  Pause, please.

4          MR. SMOLINSKY:  Yes.

5          THE COURT:  Mr. Stasko, you're free to stay on the

6    line as long as you do it quietly, or to drop off, whichever

7    you prefer.

8        (No response)

9          THE COURT:  I hear no response.  You may continue, Mr.

10   Smolinsky.

11         MR. SMOLINSKY:  Thank you, Your Honor.

12         The next motion on the calendar is the debtors' 98th

13   omnibus objection to claims which seeks to reclassify claims

14   from secured or priority status to general unsecured status.

15   Most of this motion has been administered.  The remaining claim

16   is a claim filed by Sherif Kodsy and I would ask if he's here

17   today.

18         THE COURT:  Do you want to come on up to the table

19   please, sir?

20         MR. KODSY:  How you doing, Your Honor.

21         THE COURT:  Have a seat and pull the microphone close

22   to you.  I'm going to waive the requirement that you have to

23   stand when you speak, just speak into the microphone when it's

24   your turn.

25         MR. KODSY:  Thank you, Your Honor.

Exhibit - 7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
                                             :
In re                                        :      Chapter 11 Case No.
                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,        :      09-50026 (REG)
         f/k/a General Motors Corp., *et al.*  :
                                             :
                  Debtors.                   :      (Jointly Administered)
                                             :
---------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION TO
## PROOF OF CLAIM NO. 70285 FILED BY STANLEY R. STASKO

Upon the Objection, dated February 4, 2011 (the "**Objection**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as

debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11,

United States Code (the "**Bankruptcy Code**"), Rule 3007(a) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order establishing the

deadline for filing proofs of claim of certain Debtors and procedures relating to the filing

of proofs of claim (the "**Bar Date Order**"), ECF No. 4079, seeking entry of an order

disallowing and expunging the Stasko PoC on the grounds that such claim fails to state a

legally cognizably cause of action, is time-barred by the applicable statute of limitations,

and is time-barred under the Bar Date Order, all as more fully described in the Objection;

and due and proper notice of the Objection having been provided, and it appearing that no

other or further notice need be provided; and the Court having considered the responses

to the Objection filed by Stanley R. Stasko (the "**Responses**") (ECF Nos. 9250 and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion.

9289), the Debtors' reply to the Responses (**ECF No. 9598**), and the arguments made by the parties at the hearing on the Objection on April 26, 2011 (the "**Hearing**"); and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the findings of fact and conclusions of law set forth by this Court at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted as provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Stasko PoC (Proof of Claim No. 70285) is disallowed and expunged in its entirety; and it is further

ORDERED that in consideration of, among other things, the automatic stay created by section 362 of the Bankruptcy Code and the provisions of the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (**ECF No. 9836**), Stanley R. Stasko may not commence or continue the prosecution of any claim against the Debtors or the Motors Liquidation Company GUC Trust in any forum, including, without limitation, the United States District Court for the Eastern District of Michigan, without further leave of this Court; and it is further

ORDERED that the time to appeal runs from the date this Order is entered; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
       May 3, 2011

/s/ Robert E. Gerber
United States Bankruptcy Judge

Exhibit - 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STANLEY R. STASKO
27653 Lexington Pkwy Southfield, Michigan 48076
#313-670-6917
Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827-JAC
Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)
Appellant – U.S. District Court – S.D. of N.Y.; Case # 1:10-CV-04322-JGK
Pro Se Litigant

V                                    Case No. 2:09-CV-14827-JAC-VMM
                                     Honorable Cook, Julian Abele

GENERAL MOTORS CORPORATION
GENERAL MOTORS – GLOBAL HEADQUARTERS
300 RENAISSANCE CENTER
P.O. BOX 300
DETROIT, MICHIGAN 48265
#313-556-5000
Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827-JAC
Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)
Appellee – U.S. District Court – S.D. of N.Y.; Case # 1:10-CV-04322-JGK

## PROOF OF SERVICE

A copy of the Motion to Reopen Stasko v General Motors Corporation and Request for

Hearing Regarding U. S. Bankruptcy Court – S. D. of New York Order Dated May 3,

2011 has been served upon the Defendant in the manner indicated below:

Name of Defendant Served:   General Motors Corporation – Legal Staff

                            General Motors – Global Headquarters

                            300 Renaissance Center

                            P. O. Box 300

                            Detroit, Michigan 48265

Courtesy Copy to:              U. S. District Court – S. D. of New York

                               Attn.: Pro Se Office

                               500 Pearl Street, Room 230

                               New York, New York 10007


                               U. S. Bankruptcy Court – S. D. of New York

                               Attn.: Clerk's Office

                               One Bowling Green

                               New York, New York 10004-1408


                               Motors Liquidation Company

                               (f/k/a General Motors Corporation)

                               Weil, Gotshal & Manges LLP

                               767 Fifth Avenue

                               New York, New York 10153

Date of Service: May 10, 2011

Method of Service and Declaration: I, Stanley R. Stasko, served the above parties by U.S.

Priority mail a copy of the above specified items. I declare the information contained in

this Proof of Service is true and correct.

Signature of Server: _____

Server's Address: 27653 Lexington Pkwy Southfield, Michigan 48076 #313-670-6917