STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | Case No. 09-50026 (REG) |
|  | ) |  |
| f/k/a General Motors Corp., *et al.* | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

-------------------------------------------------------------X

**THIRD INTERIM AND FINAL APPLICATION OF ANALYSIS RESEARCH
PLANNING CORPORATION AS ASBESTOS CLAIMS VALUATION CONSULTANT
TO DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH MARCH 29, 2011
AND THE FINAL PERIOD FROM MARCH 1, 2010 THROUGH MARCH 29, 2011**

# SUMMARY COVERSHEET TO THE SECOND INTERIM APPLICATION OF ANALYSIS RESEARCH PLANNING CORPORATION

| | |
|---|---|
| NAME OF APPLICANT: | Analysis Research Planning Corporation |
| AUTHORIZED TO PROVIDE SERVICES TO: | Dean M. Trafelet in his capacity as Legal Representative for Future Asbestos Personal Injury Claimants |
| DATE OF ENTRY OF ORDER OF APPOINTMENT: | April 21, 2010 |
| PERIODS FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | October 1, 2010 through March 29, 2011 (Third Interim Compensation Period)<br><br>March 1, 2010 through March 29, 2011 (Final Compensation Period) |
| TOTAL PROFESSIONAL FEES SOUGHT IN THE THIRD INTERIM APPLICATION: | $536,458.00 |
| TOTAL PROFESSIONAL FEES SOUGHT IN THE FINAL APPLICATION: | $758,031.00 |
| TOTAL EXPENSES SOUGHT IN THE THIRD INTERIM APPLICATION: | $1,150.33 |
| TOTAL EXPENSES SOUGHT IN THE FINAL APPLICATION: | $2,007.55 |
| TOTAL COMPENSATION SOUGHT IN THE THIRD INTERIM APPLICATION (FEES AND EXPENSES): | $537,608.33 |
| TOTAL COMPENSATION SOUGHT IN THE FINAL APPLICATION (FEES AND EXPENSES): | $760,038.55 |
| TOTAL PROFESSIONAL HOURS IN THE THIRD INTERIM APPLICATION: | 5,327.50 |
| TOTAL PROFESSIONAL HOURS IN THE FINAL APPLICATION: | 6,624.80 |

| | |
|---|---|
| BLENDED HOURLY RATE IN THE THIRD INTERIM APPLICATION: | $100.70 |
| BLENDED HOURLY RATE IN THE FINAL APPLICATION: | $114.42 |
| INTERIM OR FINAL APPLICATION: | This is Applicant's third interim and final application for compensation. |

## SUMMARY OF PRIOR APPLICATIONS

| Date Application Filed | Docket No. | Compensation Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Holdback (if any) |
|---|---|---|---|---|---|---|---|
| 7/15/2010 | 6351 | March 1, 2010 – May 30, 2010 | $16,034.50 | $0.00 | $16,034.50 | $0.00 | $1,603.45 |
| 11/15/2010 | 7748 | June 1, 2010 – September 30, 2010 | $205,538.50 | $857.22 | $205,538.50 | $857.22 | $20,553.85 |

**SUMMARY OF HOURS BILLED BY PROFESSIONAL**
**DURING THE THIRD INTERIM COMPENSATION PERIOD**

| Professional | Title | Year | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|---|
| Florence, Tom | President | 2010 | $555.00 | 40.80 | $22,719.00 |
| | | 2011 | $580.00 | | |
| Brockman, Amy | Vice President | 2010 | $435.00 | 45.70 | $20,004.00 |
| | | 2011 | $450.00 | | |
| Brophy, John | Vice President | 2010 | $435.00 | 2.20 | $981.00 |
| | | 2011 | $450.00 | | |
| Raab, Timothy | Managing Director | 2011 | $285.00 | 2.50 | $712.50 |
| Cryblsky, Todd | Director | 2011 | $275.00 | 1.20 | $330.00 |
| Macskasi, Zsolt | Director | 2010 | $275.00 | 11.50 | $3,162.50 |
| Oh, Andrew | Director | 2010 | $250.00 | 22.20 | $5,612.00 |
| | | 2011 | $260.00 | | |
| Wagoner, Jason | Director | 2010 | $260.00 | 105.60 | $27,750.00 |
| | | 2011 | $270.00 | | |
| Baker, Troy | Consultant | 2011 | $85.00 | 228.60 | $19,431.00 |
| Backhaus, Roland | Consultant | 2010 | $85.00 | 42.50 | $3,612.50 |
| Brands, Jonathan | Consultant | 2010 | $85.00 | 379.60 | $32,266.00 |
| | | 2011 | $85.00 | | |
| Brower, Nathan | Consultant | 2011 | $260.00 | 23.90 | $6,214.00 |
| Brown, Philip | Consultant | 2010 | $125.00 | 64.50 | $8,297.50 |
| | | 2011 | $130.00 | | |

| | | | | | |
|---|---|---|---|---|---|
| Bravo, Gabriela | Consultant | 2010 | $85.00 | 93.00 | $7,905.00 |
| | | 2011 | $85.00 | | |
| Burr, Aaron | Consultant | 2010 | $85.00 | 664.70 | $56,499.50 |
| | | 2011 | $85.00 | | |
| Case, Peter | Consultant | 2010 | $85.00 | 140.50 | $11,942.50 |
| Cirenza, Frances | Consultant | 2010 | $85.00 | 50.00 | $4,250.00 |
| Chanpong, Katherine | Consultant | 2011 | $85.00 | 58.20 | $4,947.00 |
| Connolly, Emma | Consultant | 2011 | $85.00 | 133.20 | $11,322.00 |
| Cox, Joyce | Consultant | 2011 | $75.00 | 5.70 | $427.50 |
| Eickemeyer, Jason | Consultant | 2011 | $85.00 | 15.40 | $1,309.00 |
| Gee, Will | Consultant | 2010 | $85.00 | 41.00 | $3,485.00 |
| | | 2011 | $85.00 | | |
| Geraci, Ben | Consultant | 2010 | $85.00 | 195.60 | $16,702.50 |
| | | 2011 | $85.00 | | |
| Hester, Clay | Consultant | 2010 | $85.00 | 567.80 | $48,263.00 |
| | | 2011 | $85.00 | | |
| Hogg, Seamus | Consultant | 2011 | $85.00 | 19.50 | $1,657.50 |
| Jones, Matt | Consultant | 2010 | $85.00 | 232.90 | $19,756.50 |
| | | 2011 | $85.00 | | |
| Knighton, Jeremy | Consultant | 2010 | $85.00 | 66.00 | $56,010.00 |
| Koretz, Phil | Consultant | 2011 | $85.00 | 293.00 | $24,905.00 |
| Kreger, James | Consultant | 2010 | $150.00 | 199.10 | $30,225.00 |
| | | 2011 | $155.00 | | |
| Kurkjy, Brian | Consultant | 2011 | $85.00 | 40.50 | $3,442.50 |

| McTyre, Nick | Consultant | 2011 | $85.00 | 15.00 | $1,275.00 |
|---|---|---|---|---|---|
| Melikian, Lia | Consultant | 2010 | $85.00 | 322.80 | $27,438.00 |
| | | 2011 | $85.00 | | |
| Miller, Kevin | Consultant | 2011 | $85.00 | 156.20 | $13,277.00 |
| Molnar, Andras | Consultant | 2011 | $240.00 | 1.10 | $264.00 |
| Partridge, Diana | Consultant | 2011 | $85.00 | 63.50 | $5,397.50 |
| Patel, Monica | Consultant | 2011 | $85.00 | 63.60 | $5,406.00 |
| Potter, Lauren | Consultant | 2011 | $85.00 | 76.40 | $6,494.00 |
| Rajpal, Sanjay | Consultant | 2011 | $85.00 | 81.90 | $6,961.50 |
| Ross, Adam | Consultant | 2011 | $85.00 | 64.20 | $5,457.00 |
| Siegel, Molly | Consultant | 2011 | $85.00 | 84.00 | $7,140.00 |
| Shiffman, Jeffrey | Consultant | 2010 | $85.00 | 80.00 | $6,800.00 |
| | | 2011 | $85.00 | | |
| Smythe, Doug | Consultant | 2011 | $85.00 | 61.90 | $5,261.50 |
| Sperling, Coline | Consultant | 2011 | $85.00 | 155.80 | $13,243.00 |
| Tchoukleva, Ioana | Consultant | 2011 | $85.00 | 246.30 | $20,935.50 |
| Wetherald, Sarah | Consultant | 2010 | $150.00 | 67.00 | $7,326.50 |
| | | 2011 | $85.00 | | |
| **Grand Total:** | | | | **5,327.50** | **$536,458.00** |
| Blended Hourly Rate: | | | | | $100.70 |

[remainder of this page intentionally left blank]

**SUMMARY OF HOURS BILLED BY PROFESSIONAL
DURING THE FINAL COMPENSATION PERIOD**

| Professional | Title | Year | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|---|
| Florence, Tom | President | 2010 | $555.00 | 85.00 | $47,250.00 |
|  |  | 2011 | $580.00 |  |  |
| Brockman, Amy | Vice President | 2010 | $435.00 | 103.40 | $41,385.50 |
|  |  | 2011 | $450.00 |  |  |
| Brophy, John | Vice President | 2010 | $435.00 | 37.80 | $16,467.00 |
|  |  | 2011 | $450.00 |  |  |
| Wingo, Gary | Vice-President | 2010 | $435.00 | 6.40 | $2,784.00 |
| Raab, Timothy | Managing Director | 2011 | $285.00 | 55.10 | $15,177.50 |
| Cryblsky, Todd | Director | 2011 | $275.00 | 1.20 | $330.00 |
| Macskasi, Zsolt | Director | 2010 | $275.00 | 11.50 | $3,162.50 |
| Oh, Andrew | Director | 2010 | $250.00 | 35.20 | $8,862.00 |
|  |  | 2011 | $260.00 |  |  |
| Wagoner, Jason | Director | 2010 | $260.00 | 324.30 | $84,612.00 |
|  |  | 2011 | $270.00 |  |  |
| Baker, Troy | Consultant | 2011 | $85.00 | 228.60 | $19,431.00 |
| Backhaus, Roland | Consultant | 2010 | $85.00 | 118.30 | $10,055.50 |
| Bixler, Devin | Consultant | 2010 | $150.00 | 2.70 | $405.00 |
| Brands, Jonathan | Consultant | 2010 | $85.00 | 428.60 | $36,431.00 |
|  |  | 2011 | $85.00 |  |  |
| Brower, Nathan | Consultant | 2011 | $260.00 | 23.90 | $6,214.00 |

| Brown, Philip | Consultant | 2010 | $125.00 | 64.50 | $8,297.50 |
|---|---|---|---|---|---|
| | | 2011 | $130.00 | | |
| Bravo, Gabriela | Consultant | 2010 | $85.00 | 93.00 | $7,905.00 |
| | | 2011 | $85.00 | | |
| Burr, Aaron | Consultant | 2010 | $85.00 | 763.20 | $64,872.00 |
| | | 2011 | $85.00 | | |
| Case, Peter | Consultant | 2010 | $85.00 | 147.30 | $12,520.50 |
| Cirenza, Frances | Consultant | 2010 | $85.00 | 109.00 | $9,265.00 |
| Chanpong, Katherine | Consultant | 2011 | $85.00 | 58.20 | $4,947.00 |
| Connolly, Emma | Consultant | 2011 | $85.00 | 133.20 | $11,322.00 |
| Cox, Joyce | Consultant | 2011 | $75.00 | 5.70 | $427.50 |
| Eickemeyer, Jason | Consultant | 2011 | $85.00 | 15.40 | $1,309.00 |
| Gee, Will | Consultant | 2010 | $85.00 | 41.00 | $3,485.00 |
| | | 2011 | $85.00 | | |
| Geraci, Ben | Consultant | 2010 | $85.00 | 309.10 | $26,273.50 |
| | | 2011 | $85.00 | | |
| Hester, Clay | Consultant | 2010 | $85.00 | 684.60 | $58,191.00 |
| | | 2011 | $85.00 | | |
| Hogg, Seamus | Consultant | 2011 | $85.00 | 19.50 | $1,657.50 |
| Jones, Matt | Consultant | 2010 | $85.00 | 232.90 | $19,796.50 |
| | | 2011 | $85.00 | | |
| Kahn, Karl | Consultant | 2010 | $150.00 | 12.00 | $1,800.00 |
| Kemper, Joseph | Consultant | 2010 | $85.00 | 4.50 | $382.50 |
| Knighton, Jeremy | Consultant | 2010 | $85.00 | 66.00 | $5,610.00 |

| Koretz, Phil | Consultant | 2011 | $85.00 | 293.00 | $24,905.00 |
|---|---|---|---|---|---|
| Kreger, James | Consultant | 2010 | $150.00 | 253.40 | $38,370.00 |
| | | 2011 | $155.00 | | |
| Kurkjy, Brian | Consultant | 2011 | $85.00 | 40.50 | $3,442.50 |
| Lubert, Ryan | Consultant | 2010 | $85.00 | 10.70 | $909.50 |
| McTyre, Nick | Consultant | 2011 | $85.00 | 15.00 | $1,275.00 |
| Melikian, Lia | Consultant | 2010 | $85.00 | 323.40 | $27,489.00 |
| | | 2011 | $85.00 | | |
| Miller, Kevin | Consultant | 2011 | $85.00 | 156.20 | $13,277.00 |
| Molnar, Andras | Consultant | 2011 | $240.00 | 12.40 | $2,863.00 |
| Partridge, Diana | Consultant | 2011 | $85.00 | 63.50 | $5,397.50 |
| Patel, Monica | Consultant | 2011 | $85.00 | 63.60 | $5,406.00 |
| Potter, Lauren | Consultant | 2011 | $85.00 | 76.40 | $6,494.00 |
| Puthottu, Rachna | Consultant | 2010 | $85.00 | 68.00 | $5,780.00 |
| Rajpal, Sanjay | Consultant | 2011 | $85.00 | 81.90 | $6,961.50 |
| Ross, Adam | Consultant | 2011 | $85.00 | 64.20 | $5,457.00 |
| Rourke, Daniel | Consultant | 2010 | $300.00 | 13.10 | $3,930.00 |
| Samuelson, Talia | Consultant | 2010 | $85.00 | 68.70 | $5,839.50 |
| Siegel, Molly | Consultant | 2011 | $85.00 | 84.00 | $7,140.00 |
| Shiffman, Jeffrey | Consultant | 2010 | $85.00 | 88.00 | $7,480.00 |
| | | 2011 | $85.00 | | |
| Smythe, Doug | Consultant | 2011 | $85.00 | 61.90 | $5,261.50 |
| Sperling, Coline | Consultant | 2011 | $85.00 | 155.80 | $13,243.00 |
| Tchoukleva, Ioana | Consultant | 2011 | $85.00 | 246.30 | $20,935.50 |

| Wetherald, Sarah | Consultant | 2010 | $150.00 | 162.20 | $15,418.50 |
|---|---|---|---|---|---|
| | | 2011 | $85.00 | | |
| Yates, Chalisha | Consultant | 2010 | $85.00 | 1.50 | $127.50 |
| **Grand Total:** | | | | **6,624.80** | **$758,031.00** |
| Blended Hourly Rate: | | | | | $114.42 |

[remainder of this page intentionally left blank]

x

# TABLE OF CONTENTS

**SUMMARY COVERSHEET** ........................................................................................ i

**SUMMARY OF PRIOR APPLICATIONS** ................................................................ iii

**SUMMARY OF HOURS BILLED DURING THE
THIRD INTERIM COMPENSATION PERIOD** .................................................... iv

**SUMMARY OF HOURS BILLED DURING THE
FINAL COMPENSATION PERIOD** ........................................................................ vii

**TABLE OF CONTENTS** .......................................................................................... xi

**TABLE OF AUTHORITIES** .................................................................................... xii

**INDEX OF EXHIBITS** ............................................................................................. xiii

**THIRD INTERIM AND FINAL APPLICATION** ................................................... 1

    **I.**     **PRELIMINARY STATEMENT** ............................................... 2

    **II.**    **JURISDICTION AND VENUE** ............................................... 5

    **III.**   **BACKGROUND** ......................................................................... 5

    **IV.**   **STATUTORY BASIS FOR COMPENSATION** ................... 7

    **V.**    **SUMMARY OF SERVICES RENDERED** ........................... 11

          **A.**     **ASBESTOS CLAIMS VALUATION (C-02)** ............ 11

          **B.**     **FEE/EMPLOYMENT APPLICATIONS (C-12)** ........ 13

    **VI.**   **DISBURSEMENTS** ................................................................... 13

    **VII.**  **CONCLUSION** ......................................................................... 14

# TABLE OF AUTHORITIES

**Statutes**

11 U.S.C. § 105 ............................................................................................................... 1

11 U.S.C. § 328 ............................................................................................................... 1

11 U.S.C. § 330 ............................................................................................................ 1, 7

11 U.S.C. § 330(a)(1) ................................................................................................... 7, 8

11 U.S.C. § 330(a)(3) ...................................................................................................... 8

11 U.S.C. § 330(a)(3)(A)-(F) ........................................................................................... 8

11 U.S.C. § 331 ............................................................................................................ 1, 7

28 U.S.C. § 1334 ............................................................................................................. 5

28 U.S.C. § 1408 ............................................................................................................. 5

28 U.S.C. § 1409 ............................................................................................................. 5

28 U.S.C. § 157 ............................................................................................................... 5

28 U.S.C. § 157(b)(2)(A) ................................................................................................. 5

**Rules**

FED. R. BANKR. P. 2016 ................................................................................................ 1, 7

Local Bankruptcy Rule 2016-1 ........................................................................................ 1

## INDEX OF EXHIBITS

**Exhibit A**          Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals

**Exhibit B**          Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants

**Exhibit C**          Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant as of March 1, 2010

**Exhibit D-1**        Summary of Professional Fees – Third Interim Compensation Period

**Exhibit D-2**        Summary of Professional Fees – Final Compensation Period

**Exhibit E-1**        Summary of Fees by Project Category – Third Interim Compensation Period

**Exhibit E-1**        Summary of Fees by Project Category – Final Compensation Period

**Exhibit F-1**        Expense Summary – Third Interim Compensation Period

**Exhibit F-2**        Expense Summary – Final Compensation Period

**Exhibit G**          Monthly Invoices – Third Interim Compensation Period

**Exhibit H**          Certification of B. Thomas Florence in Support of the Third Interim and Final Application  of Analysis Research Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimant for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period From October 1, 2010 Through March 29, 2011 and the Final Period From March 1, 2010 Through March 29, 2011

**THIRD INTERIM AND FINAL APPLICATION OF ANALYSIS RESEARCH
PLANNING CORPORATION AS ASBESTOS CLAIMS VALUATION CONSULTANT
TO DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH MARCH 29, 2011
AND THE FINAL PERIOD FROM MARCH 1, 2010 THROUGH MARCH 29, 2011**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Analysis Research Planning Corporation ("**ARPC**"), asbestos claims valuation consultant

to Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury

claimants (the "**Future Claimants' Representative**") in the chapter 11 case of Motors

Liquidation Company (f/k/a General Motors Corp.) ("**MLC**" or the "**Debtor**") submits this

application (the "**Application**") for the allowance of compensation and reimbursement of

expenses for the period from October 1, 2010 through March 29, 2011 (the "**Third Interim

Compensation Period**") and for the period from March 1, 2010 through March 29, 2011 (the

"**Final Compensation Period**") pursuant to 11 U.S.C. §§ 105, 330 and 331; Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); Local Bankruptcy Rule

2016-1; and this Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* signed

on August 7, 2009 (Docket No. 3711) (the "**Interim Compensation Order**").  In support hereof,

ARPC respectfully shows this Court as follows:

**I.**

**PRELIMINARY STATEMENT**

1.      By this Application,[1] ARPC seeks approval of the sum of $536,458.00 for

services rendered during the Third Interim Compensation Period and $1,150.33 for the

reimbursement of expenses incurred in connection with the rendition of such services, for a total

interim award of $537,608.33.  ARPC further seeks approval of the sum of $758,031.00 for

services rendered during the Final Compensation Period and $2,007.55 for the reimbursement of

expenses incurred in connection with the rendition of such services, for a total final award of

$760,038.55.

2.      On July 15, 2010, ARPC filed the *First Interim Application of Analysis Research*

*Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in his*

*Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for Allowance*

*of Interim Compensation and Reimbursement of Expenses Incurred for the Period from March 1,*

*2010 through May 31, 2010* (the "**First Interim Application**") seeking allowance of $16,034.50

in professional fees.  On November 24, 2010 this Court entered its Order Granting, *inter alia*,

Applications for Allowance of Interim Compensation for Professional Services Rendered and

Reimbursement of Expenses Incurred from February 1, 2010 through May 31, 2010 (Docket No.

7910), and awarded ARPC $16,034.50  in professional fees, including a 10% holdback of

$1,603.45.

---

[1] This Application has been prepared in accordance with the Interim Compensation Order, which
is attached hereto as **Exhibit A**, the *Amended Guidelines for Fees and Disbursements for
Professionals in Southern District of New York Bankruptcy Cases* (General Order M-389) dated
November 25, 2009 (the "**Local Guidelines**") and the United States Trustee Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11
U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee Guidelines**").

3.      On November 15, 2010, ARPC filed the *Second Interim Application of Analysis Research Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for Allowance of Interim Compensation and Reimbursement of Expenses for the Period from June 1, 2010 through September 30, 2010,* (the "**Second Interim Application**") seeking allowance of $205,538.50 in professional fees and reimbursement of expenses in the amount of $857.22.  On December 22, 2010, this Court entered its Order Granting, *inter alia*, Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 through September 30, 2010 (Docket No. 8289), and awarded ARPC $205,538.50 in professional fees, including a 10% holdback of $20,553.85, and $857.22 in reasonable expenses.

4.      Other than the payments made by the Debtors to ARPC for fees incurred during the prior interim fee periods, and those payments if any, described below, which were made in accordance with this Court's Interim Compensation Order, ARPC has not received payment of any compensation or reimbursement of expenses in this chapter 11 case.  There is no agreement or understanding between ARPC and any other person for the sharing of compensation to be received for services rendered during the Debtors' chapter 11 cases.

5.      Pursuant to the terms of the Interim Compensation Order, ARPC, as indicated in the chart below, submitted six invoices for services rendered and reimbursement of expenses incurred during the Third Interim Compensation Period.

3

| Time Period Covered by Invoice | Fees Requested | Expenses Requested | Payment Received |
|---|---|---|---|
| October 2010 | $101,400.50 | $0.00 | $81,020.40 |
| November 2010 | $17,507.50 | $0.00 | $14,006.00 |
| December 2010 | $50,756.50 | $1,150.00 | $41,755.53 |
| January 2011 | $61,770.50 | $0.00 | $49,416.00 |
| February 2011 | $116,987.50 | $0.00 | $0.00 |
| March 2011[2] | $188,035.50 | $0.00 | $0.00 |
| Totals | **$536,458.00** | **$1,150.00** | **$186,197.83** |

6.      ARPC has received payments from the Debtors representing 80% of the fees and 100% of the expenses for services rendered and invoiced from October 2010 through January 2011.  As of the date hereof, ARPC has not received any payments from the Debtors for fees and expenses related to services rendered during the period covered by its February and March 2011 invoices.[3]  Thus, as of May 13, 2011, $350,260.07 in requested fees and expenses remain unpaid.

7.      Through this Application, ARPC seeks approval of all monthly fees and expenses that have been paid to date, as well as authorization to receive (i) any unpaid monthly fees and expenses on account of the above monthly invoices, and (ii) the twenty percent (20%) of its fees

_____

[2] In this Application, ARPC is only requesting approval of professional fees and expenses incurred through March 29, 2011, which is the date of confirmation of the Debtors' Second Amended Joint Chapter 11 Plan (Docket No. 9941).  The initial March 2011 invoice submitted by ARPC pursuant to the Interim Compensation Order contained an error of excess fees in the amount of $1,586.00.  ARPC hereby submits a revised March 2011 invoice as part of the attached **Exhibit G.**

[3] ARPC has received no payment on its February or March 2011 invoices, and such invoices are currently the subject of informal objections raised by the Debtors that are currently pending and being negotiated.

previously held back from each of the invoices previously submitted in accordance with the

Interim Compensation Order.

## II.
## JURISDICTION AND VENUE

8.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334, and the District Court's *Standing Order of Referral of Bankruptcy Cases to Bankruptcy*

*Judges* dated July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

9.       On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a

General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**")

commenced this case under chapter 11 of the Bankruptcy Code.

10.       On June 3, 2009, the United States Trustee appointed the Official Committee of

Unsecured Creditors (the "**Creditors' Committee**"). (*See* Docket No. 356).  Since that time the

membership of the Creditors' Committee has been reconstituted twice.  *See First Amended*

*Appointment of the Official Committee of Unsecured Creditors* (Docket No. 4552); *see also*

*Second Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No.

5201).

11.       On December 23, 2009, the Court appointed Brady C. Williamson as the Fee

Examiner, pursuant to the Stipulation and Order with Respect to Appointment of a Fee Examiner

(Docket No. 4708).

12.       On March 2, 2010, the United States Trustee appointed the Official Committee of

Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the

"**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**")
(Docket No. 5206).

13.     On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and
1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative
for Future Asbestos Personal Injury Claimants* (the "**Appointment Motion**") (Docket No. 5214)
asking this Court to appoint the Future Claimants' Representative to represent and protect the
interests of holders of future asbestos personal injury claims against the Debtors (the "**Future
Claimants**").  In the Appointment Motion, the Debtors' stated that their intention to propose a
plan of reorganization that will establish a trust to process and pay current and future asbestos
personal injury claims against the Debtors.  Pursuant to an order (the "**FCR Appointment
Order**"), dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future
Claimants' Representative (Docket No. 5459, attached hereto as **Exhibit B**).

14.     On April 2, 2010, the Future Claimants' Representative filed his *Application for
Order Authorizing Legal Representative for Future Asbestos Claimants to Retain and Employ
Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant as of
March 1, 2010* (Docket No. 5413).

15.     By Order signed on April 21, 2010, this Court authorized the Future Claimants'
Representative to retain and employ ARPC as his asbestos claims valuation consultant effective
as of March 1, 2010.  A true and correct copy of the *Order Granting Application of Dean M.
Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and
Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant
as of March 1, 2010* (the "**Retention Order**") (Docket No. 5533) is attached hereto as **Exhibit
C**.

16.     Pursuant to the terms of the Retention Order, ARPC is authorized to seek

compensation and reimbursement in accordance with the Interim Compensation Order under

Sections 330 and 331 of the Bankruptcy Code.

## IV.
## STATUTORY BASIS FOR COMPENSATION

17.     The statutory predicates for the award of fees and expenses under the Application

are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.

Pursuant to Sections 330 and 331 of the Bankruptcy Code, ARPC seeks compensation for actual

and necessary professional services rendered and for reimbursement of expenses incurred during

the Second Interim Compensation Period.

18.     Section 331 of the Bankruptcy Code provides as follows:

> A trustee, examiner, a debtor's attorney, or any other professional
> person employed under section 327 or 1103 of [the Bankruptcy
> Code] may apply to the court not more than once every 120 days
> after an order for relief in a case under this title, or more often if
> the court permits, for such compensation for services rendered
> before the date of such an application or reimbursement for
> expenses incurred before such date as is provided under section
> 330 of [the Bankruptcy Code].   After notice and a hearing, the
> court may allow and disburse to such applicant such compensation
> or reimbursement.

11 U.S.C. § 331.

19.     Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award an

applicant, as counsel for a debtor, creditors' committee or other professional employed pursuant

to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of expenses.

Specifically, Section 330 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1)  After notice to the parties in interest and the United States
> Trustee and a hearing, and subject to sections 326, 328, and 329,
> the court may award to a trustee, … or a professional person
> employed under section 327 or 1103—

> (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

> (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

20.    Section 330(a)(3) provides that in determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors including

> (A)    the time spent on such services;

> (B)    the rates charged for such services;

> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3)(A)-(F).

21.    ARPC's request for compensation for professional services and reimbursement for expenses incurred on behalf of the Future Claimants' Representative and his constituents is reasonable.

22.     ARPC agreed to provide asbestos claims valuation services to the Future Claimants' Representative at hourly rates for its professionals on the same basis and factors as are normally considered in determining fees.  The rates charged are the normal hourly rates charged by ARPC for work performed in similar matters for clients for this consulting firm. ARPC represents and would demonstrate that its hourly rates for services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other professionals serving in a similar capacity.  As required by the Local Guidelines and the U.S. Trustee Guidelines, the cover page of this Application includes a summary schedule of the hours expended by all ARPC professionals who rendered services to the Future Claimants' Representative during the Third Interim and Final Compensation Periods, showing their hourly billing rates and the total hours expended by each during the Third Interim and Final Compensation Periods.

23.     All professionals rendering services in this case have made a deliberate effort to avoid any unnecessary duplication of work and time expended.  ARPC represents that all services for which allowance of compensation is requested were performed on behalf of the Future Claimants' Representative and his constituents, and not on behalf of any committee, creditor or any other person.  Furthermore, ARPC respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the protection of the interests of the Future Claimants' Representative and his constituents.  The services performed by ARPC were performed economically, effectively and efficiently, and the results obtained have benefited not only the Future Claimants, but also the Debtors, the Debtors' estate and other parties in interest.

Accordingly, the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Future Claimants and the Debtors' estate.

24.    For the Court's review, a summary containing the name of each professional providing services during the Third Interim Compensation Period, including the professional's standard hourly billing rate, the time expended, and the total value of services rendered during the Third Interim Compensation Period is attached hereto as **Exhibit D-1.**  A summary containing the name of each professional providing services during the Final Compensation Period, including the professional's standard hourly billing rate, the time expended, and the total value of services rendered during the Final Compensation Period is attached hereto as **Exhibit D-2.**

25.    A summary of the time expended by ARPC and the total value of professional services rendered identified by project task category during the Third Interim Compensation Period is attached hereto as **Exhibit E-1.**  A summary of the time expended by ARPC and the total value of professional services rendered identified by project task category during the Final Compensation Period is attached hereto as **Exhibit E-2.**

26.    Attached hereto as **Exhibit F-1** is a summary of the expenses incurred by ARPC during the Third Interim Compensation Period.  Attached hereto as **Exhibit F-2** is a summary of the expenses incurred by ARPC during the Final Compensation Period.

27.    Attached hereto as **Exhibit G** are ARPC's monthly invoices from the Third Interim Compensation Period that contain descriptions of the services rendered by ARPC on a daily basis.  ARPC's invoices for the First and Second Interim Compensation Periods are attached to ARPC's First and Second Interim Applications (Docket Nos. 6351 and 7748) and are incorporated herein by reference.

10

**V.**
**SUMMARY OF SERVICES RENDERED**

28.    With respect to the time and labor expended by ARPC in this case during the

Third Interim Compensation Period, as set forth in **Exhibits D-1 and E-1**, ARPC rendered

professional services in the amount of $536,458.00.  With respect to the time and labor expended

by ARPC in this case during the Final Compensation Period, as set forth in **Exhibits D-2 and E-**

**2**, ARPC rendered professional services in the amount of $758,031.00.  ARPC believes that it is

appropriate for it to be compensated for the time spent in connection with these matters, and sets

forth a brief narrative description of the services rendered for or on behalf of the Future

Claimants' Representative and his constituents, and the time expended, organized by project task

categories, as follows:

    A.    **ASBESTOS CLAIMS VALUATION (C-02)**

29.    During the Third Interim Compensation Period, ARPC performed extensive

analytical work to assist the Future Claimants' Representative and his other professionals to

estimate the value of future asbestos claims and negotiate a settlement under the Debtors' plan

that would provide compensation to such future asbestos claims.  These efforts culminated in the

Court's entry of its *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors'*

*Estimation Motion* (Docket No. 9214) (the "**Asbestos Settlement Stipulation**").  Following the

entry of the Asbestos Settlement Stipulation, ARPC performed significant work to assist the

Future Claimsants' Representative and his other professionals with tasks related to the creation

and start-up of the asbestos trust created under the Debtors' plan.  ARPC also performed

extensive analysis of documents produced by the Debtors during the period of time leading up to

plan confirmation so as to protect the interests of the Future Claimants should the Debtors' plan

have failed to have been confirmed.

30.     Throughout the Final Compensation Period, ARPC continued to work with the Future Claimants' Representative and his other professionals to determine the information needed to identify, estimate, classify and value the asbestos-related liabilities of the Debtors. ARPC also worked with the Debtors, the Committees, and their respective professionals to analyze and resolve various issues relating to access to the Debtors' historical and current asbestos-related claims information, as well as various financial information pertinent to the Debtors' asbestos-related liabilities.  ARPC assisted the Future Claimants' Representative and his counsel in the negotiation of various issues related to discovery sought by the Future Claimants' Representative, the Debtors and the Committees, including the negotiation of various confidentiality agreements and protocols for protecting the confidential information belonging to and the privacy of individual asbestos claimants.  As additional information was made available by the Debtors, ARPC continued its review and analysis of the Debtors' asbestos-related liabilities.  These activities allowed ARPC to assist the Future Claimants' Representative in his investigation into the Debtors' asbestos-related liabilities and will assist ARPC in the analysis and estimation of the claims in connection with the Debtors' plan of reorganization.

31.     ARPC seeks compensation for 5,237.50 hours of reasonable and necessary professional fees incurred in the category of Asbestos Claims Valuation during the Third Interim Compensation Period in the total amount of $536,458.00.  ARPC seeks compensation for 6,624.00 hours of reasonable and necessary professional fees incurred in the category of Asbestos Claims Valuation during the Third Interim Compensation Period in the total amount of $757,683.00.

**B.**     **FEE/EMPLOYMENT APPLICATIONS (C-10)**

32.     During the Final Compensation Period, ARPC reviewed, commented on and approved the Future Claimants' Representative's application to employ ARPC and the declaration of B. Thomas Florence in support of the application. These activities allowed the Future Claimants' Representative to file the necessary papers with the Court to retain and employ ARPC to assist him with his duties as the Future Claimants' Representative in this case.

33.     ARPC seeks compensation for 0.80 hours of reasonable and necessary professional fees incurred in the category of Fee/Employment Applications during the Compensation Period in the total amount of $348.00.

## VI.
## DISBURSEMENTS

34.     ARPC incurred out-of-pocket expenses in the amount of $1,150.33 in connection with the services rendered during the Third Interim Compensation Period.  A summary of the expenses incurred by ARPC during the Third Interim Compensation Period is set forth in **Exhibit F-1**.  ARPC incurred out-of-pocket expenses in the amount of $2,007.55 in connection with the services rendered during the Final Compensation Period.  A summary of the expenses incurred by ARPC during the Final Compensation Period is set forth in **Exhibit F-2**.

35.     These expenses are actual, necessary, out-of-pocket expenses which are not properly included in overhead, and arise exclusively from and are traceable to the services rendered by the Future Claimants' Representative in connection with these chapter 11 cases and were incurred for the benefit of the Future Claimants and are therefore, reimbursable by the estates.  No allowable disbursement is treated as a "profit center" involving a markup over actual cost.

## VII.
## CONCLUSION

36.    The professional services summarized by this Application and rendered by ARPC were substantial and beneficial to the interests of the Future Claimants' Representative and his constituents.

37.    The amounts sought by ARPC consist only of the actual and reasonable billable time expended by it and the actual and necessary expenses incurred by ARPC during the Second Interim Compensation Period.

38.    The reasonable value of the professional services rendered by ARPC during the Third Interim Compensation Period is $536,458.00 and the reasonable and necessary out-of-pocket expenses incurred by ARPC are $1,150.33, for total allowable fees and expenses of $537,608.33.

39.    The reasonable value of the professional services rendered by ARPC during the Final Compensation Period is $758,031.00 and the reasonable and necessary out-of-pocket expenses incurred by ARPC are $2,007.55, for total allowable fees and expenses of $760,038.55.

40.    ARPC believes that the instant application and the description of services set forth herein of work performed are in compliance with the requirements of Local Bankruptcy Rule 2016-1, the Bankruptcy Code, the Local Guidelines and the U.S. Trustee Guidelines.  As required by the Local Guidelines a true and correct copy of the Certification of B. Thomas Florence is attached hereto as **Exhibit H.**


*[remainder of page intentionally left blank]*

**WHEREFORE**, ARPC respectfully requests the entry of an order (a) awarding ARPC allowance of compensation for professional services in the amount of $536,458.00  and reimbursement of expenses in the amount of $1,150.33 for total compensation of $537,608.33 during the Third Interim Compensation Period; (b) awarding ARPC allowance of compensation for professional services in the amount of $758,031.00 and reimbursement of expenses in the amount of $2,007.55 for total compensation of $760,038.55 during the Final Compensation Period; (c) directing payment of the foregoing amounts to the extent that such amounts have not already been paid by the Debtors, and the 20% of professional fees that has been held back from each monthly invoice; and (d) granting ARPC such other and further relief as may be appropriate.

Dated: May 16, 2011
      Washington, D.C.            Respectfully submitted,

                                       **ANALYSIS RESEARCH PLANNING CORPORATION**

                                       By: */s/     B. Thomas Florence*
                                              B. Thomas Florence

                                       1220 19th Street, NW, Suite 700
                                       Washington, D.C. 20036

                                       **Asbestos Claims Valuation Consultant to Dean M. Trafelet in his capacity as Legal Representative for Future Asbestos Personal Injury Claimants**