MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 18th Floor
Wilmington, DE  19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Gregory W. Werkheiser
Matthew B. Harvey

*Delaware Local Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| -------------------------------------------------------------- | X | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, et al. | : | Case No.: 09-50026 (REG) |
|     f/k/a General Motors Corp., et al. | : | |
| | : | |
|     Debtors. | : | (Jointly Administered) |
| | : | |
| -------------------------------------------------------------- | X | |

**FIRST AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM <u>NOVEMBER 16, 2010 THROUGH MARCH 29, 2011</u>**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | February 16, 2011 <u>nunc pro tunc</u> to November 16, 2010 |
| Period for which Compensation and reimbursement is sought: | November 16, 2010 Through March 29, 2011 |
| Amount of compensation sought as actual, reasonable and necessary: | $10,529.67 (after voluntary reduction of $1,099.58) |

Amount of reimbursement sought as
actual, reasonable and necessary:        $2,987.21

This is an __ interim                    _x_  final application

This is Applicant's first and final fee application.

# COMPENSATION BY PROFESSIONAL

### Motors Liquidation Company
### (Case No. 09-50026 (REG))

November 16, 2010 Through March 29, 2011

| Name of Professional Person (Year of Admission to Delaware Bar) | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Gregory W. Werkheiser (1996) | Partner/Bankruptcy | 555 | .2 | 111.00 |
| Gregory W. Werkheiser | Partner/Bankruptcy | 540 | 7.9 | 4,266.00 |
| Matthew B. Harvey (2008) | Associate/Bankruptcy | 350 | .3 | 105.00 |
| Matthew B. Harvey | Associate/Bankruptcy | 305 | 17.65 | 5,383.25 |
| Angela R. Conway (N/A) | Paralegal | 220 | 2.1 | 462.00 |
| Angela R. Conway | Paralegal | 210 | 6.2 | 1,302.00 |
| **Total** | | | **34.35** | **$11,629.25** |
| **GRAND TOTAL:** | **$11,629.25** | | | |
| **BLENDED RATE:** | **$338.55** | | | |
| **TOTAL AFTER VOLUNTARY REDUCTION: $10,529.67** | | | | |

**COMPENSATION BY PROJECT CATEGORY**

**Motors Liquidation Company**
**(Case No. 09-50026 (REG))**

November 16, 2010 Through March 29, 2011

| Project Category | Total Hours | Total Fees | Total Hours after Voluntary Reduction | Total Fees after Voluntary Reduction |
|---|---|---|---|---|
| Case Administration | 1.1 | 476.50 | 1.1 | 476.50 |
| Fee Applications (MNAT-Filing) | 2.5 | 643.00 | 1.5 | 385.80 |
| Litigation/Adversary Proceedings | 16.35 | 5,455.25 | 16.35 | 5,455.25 |
| Professional Retention (MNAT-Filing) | 14.4 | 5,054.50 | 12.0 | 4,212.12 |
| **TOTAL** | **34.35** | **$11,629.25** | **30.95** | **$10,529.67** |

**EXPENSE SUMMARY**

**Motors Liquidation Company**
**(Case No. 09-50026 (REG))**

November 16, 2010 Through March 29, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photos/Art/Spec Duplicating | Out of Office | 2,588.30 |
| Messenger Service | | 3.00 |
| Computer Research | Westlaw | 371.51 |
| In-House Duplicating | | 24.40 |
| **Grand Total Expenses** | | **$2,987.21** |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 18th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Gregory W. Werkheiser
Matthew B. Harvey

*Delaware Local Counsel for the Official Committee
of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                                                  :
In re:                                                            :    Chapter 11
                                                                  :
MOTORS LIQUIDATION COMPANY, et al.                                :    Case No.: 09-50026 (REG)
          f/k/a General Motors Corp., et al.                      :
                                                                  :
          Debtors.                                                :    (Jointly Administered)
                                                                  :
----------------------------------------------------------------- X

## FIRST AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM NOVEMBER 16, 2010 THROUGH MARCH 29, 2011

Morris, Nichols, Arsht & Tunnell LLP (the "Applicant" or "Morris Nichols"),

Delaware Local Counsel to the Official Committee of Unsecured Creditors (the "Committee") of

the above captioned as debtors and debtors in possession in these chapter 1l cases (Collectively,

the "Debtors"), hereby submits its first and final application (the "Application"), pursuant to

sections 330(a) and 331 of title 11 of the United States Bankruptcy Code (the "Bankruptcy

Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for the allowance of compensation for the professional services performed by the Applicant for

and on behalf of the Committee for the period commencing November 16, 2010, through and

including March 29, 2011 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period.  In support of the Application, the Applicant respectfully represents as follows:

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

1.    This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 29, 2009 (the "Local Guidelines"), the Untied States Trustee Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Under 11 U.S.C. Section 330, adopted on January 30, 1996 (the "UST Guidelines"), the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1, Establishing Procedures for Interim Monthly Compensation for Professionals [Docket No. 3711] (the "Interim Compensation Order") and  the First Status Report of the Fee Examiner [Docket No. 5002] (the "Fee Examiner Status Report" and collectively with the Interim Compensation Order, the Local Guidelines and the UST Guidelines, the "Guidelines").  Pursuant to the Local Guidelines, a certification of Gregory W. Werkheiser is attached hereto as **Exhibit A**.

2.    The Applicant seeks allowance of fees for professional services rendered during the Application Period in the amount of $10,529.67 (which represents a voluntary reduction of $1,099.58) and reimbursement of expenses incurred in connection with those services in the amount of $2,987.21.

3.    During the Application Period the Applicant's attorneys and paraprofessionals expended a total of 34.35 hours for which compensation is requested.

4.      There is no agreement or understanding between the Application and any other person, other than members of the Applicant, for the sharing of compensation to be received for services rendered in these cases.

5.      Except as otherwise set forth herein, the fees charged by the Applicant in these cases are billed in accordance with its existing billing rates and procedure set forth in the Application of the Committee to Employ Morris, Nichols, Arsht & Tunnell LLP [Docket No. 8151] in effect during the Application Period.[1]    The billing rates the Applicant charged for services rendered by its professionals and paraprofessionals in these chapter 11 cases (including increases thereof) are the same rates that the Applicant charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy matters, and are generally accepted by the Applicant's clients.    Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

6.      Pursuant to the Section II.D of the UST Guidelines, annexed hereto as **Exhibit B** is a summary of the Applicant's time billed during the Application Period, broken down by project category, and a summary broken down by professional.

7.      Annexed hereto as **Exhibit C** is a schedule specifying the categories of expenses for which the Applicant is seeking reimbursement and the total amount for each such expense category.

8.      Annexed hereto as **Exhibit D** is a detailed statement of Morris Nichols's fees and expenses in these cases.

---

[1]      Further detail on these rates is shown in the tables appended to the front of this Application and in the Applicant's Retention Application.

## BACKGROUND

9.    On June 1, 2009 (the "Petition Date"), the Debtors field a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]  The Debtors continue to operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered.

10.    On June 3, 2009 (the "Formation Date"), the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in the Debtors' chapter 11 cases.

11.    On June 3, 2009, the Committee selected Kramer Levin as its counsel.

12.    On July 20, 2010, the Committee filed a motion pursuant to Bankruptcy Rule 2004 seeking discovery of certain information from certain asbestos trust and claims processing facilities regarding approximately 7,400 individuals who, prepetition, had filed lawsuits against Old GM alleging that exposure to Old GM asbestos had caused them to develop mesothelioma (the "UCC 2004 Motion").  After a contested hearing on August 9, 2010, this Court entered an order dated August 24, 2010, granting the UCC 2004 Motion and authorizing the Committee to issue subpoenas requesting the production of certain information with respect to "all claimants specified by the Creditors' Committee who filed a pre-petition lawsuit against one or more of the Debtors for mesothelioma" (the "UCC 2004 Order").

13.    On October 27 and 28, 2010, certain plaintiffs (including two of the asbestos trusts that contested the Committee's Bankruptcy Rule 2004 relief) commenced a series of related actions in the United States Bankruptcy Court for the District of Delaware, styled as

---

[2]    On October 9, 2009, two additional Debtor affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

*ACandS Asbestos Settlement Trust, et al., v. Hartford Accident and Indemnity Co.*, in the following asbestos-related bankruptcy cases pending before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge:

| Lead Debtor | Main Case No. | Adversary Case No. |
|---|---|---|
| ACandS, Inc. | Case No. 02-12687 (JKF) | Adv. No. 10-53721 (JKF) |
| Specialty Products Holding Corp. | Case No. 10-11780 (JKF) | Adv. No. 10-53702 (JKF) |
| Kaiser Aluminum Corp. | Case No. 02-10429 (JKF) | Adv. No. 10-53719 (JKF) |
| Owens Corning | Case No. 00-03837 (JKF) | Adv. No. 10-53720 (JKF) |
| USG Corporation | Case No. 01-02094 (JKF) | Adv. No. 10-53712 (JKF) |

In each of these adversary proceedings, the plaintiff-asbestos trusts filed a complaint and motion for preliminary injunction (the "PI Motion") seeking to enjoin the defendants—and others—from conducting discovery against the trusts (these proceedings are collectively referred to as the "Delaware PI Proceedings").

14.    By the Delaware PI Proceedings, the plaintiffs sought, among other things, a declaration that they "need not and may not provide individual claimant information except pursuant to subpoenas issued in connection with an asbestos personal injury lawsuit relating to a single claimant." In addition, they sought an injunction that would prevent one of the claims processing facilities that was subpoenaed by the Committee from "providing discovery sought from the Trusts except in conformance with the declaration" described above.

15.    The Committee was not formally named as a defendant or party in the Delaware PI Proceedings. Nonetheless, given the sweeping scope of the declaration and injunctive relief sought by asbestos trusts, the Committee filed a motion to intervene in the Delaware PI Proceedings for the limited purpose of opposing the PI Motion, and at the same time, filed an objection to the PI Motion.

16.     Thereafter, the Committee and the plaintiffs engaged in discussions concerning the relief requested in the Delaware PI Proceedings.  As a result of those discussions, plaintiffs clarified that they did not seek relief against the Committee or the Debtors' estates via the Delaware PI Proceedings.  Accordingly, the Committee withdrew its motion to intervene in the Delaware PI Proceedings.

17.     In connection with responding to the PI Motion and intervening in the Delaware PI Proceedings, the Committee retained Morris Nichols as its Delaware co-counsel as required by Rule 9010-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  *See* Del. Bankr. L.R. 9010-1(c) ("Unless otherwise ordered, an attorney not admitted to practice by the District Court and the Supreme Court of the State of Delaware may not be admitted *pro hac vice* unless associated with an attorney who is a member of the Bar of the District Court and who maintains an office in the District of Delaware for the regular transaction of business.").

18.     By order dated February 16, 2011 (D.I. 9266), this Court approved the Committee's retention of Applicant.

## SUMMARY OF LEGAL SERVICES RENDERED

19.     During the Application Period, Applicant assisted the Committee and Kramer Levin in representing the Committee's interests in connection with Delaware PI Proceedings.  As described above, these services included, but were not limited to, assisting the Committee and Kramer Levin with appearing, moving to intervene, and objecting to the relief requested in the Delaware PI Proceedings.  In this regard, Applicant and Kramer Levin were successful in obtaining clarification from the plaintiff-trusts that the relief they sought would not affect the Committee or the Debtors' estates.

20.     Throughout its representation of the Committee, Applicant worked closely with Kramer Levin to avoid duplicative efforts and to represent the Committee in an efficient and cost-effective manner in connection with the Delaware PI Proceedings.  Applicant believes it was successful in this regard.

21.     During the First and Final Period, the Applicant rendered the following services, broken down by specific project category:

**A.     Case Administration**
**Billing Code: B110**
**(Fees: $476.50/Hours: 1.1)**

22.     During the Application Period, the Applicant devoted 1.1 hours of time to the administrative tasks necessary for the efficient day-to-day management of these cases.  These services were performed by Messrs. Werkheiser and Harvey, and related primarily to interfacing with the chambers for the Delaware bankruptcy judge with regard to filings in the Delaware PI Proceedings, and otherwise managing the Delaware PI Proceedings on behalf of the Committee.  Compliance with chambers' requests and requirements and administration of the matter with co-counsel were necessary and beneficial to the Committee and the estates.

**B.     Fee Applications (MNAT-Filing)**
**Billing Code: B160**
**(Fees: $385.80/Hours: 1.5)**

23.     During the Application Period, the Applicant prepared and filed this Application in accordance with the Local Guidelines, the UST Guidelines, the Interim Compensation Order, and the Fee Examiner Status Report.  The majority of this work was performed by paraprofessionals or an associate.  This time and service was necessary to comply with the Guidelines and the Bankruptcy Code.  Nonetheless, as discussed below, the Applicant has voluntarily reduced the time in this category by 1.0 hours or approximately $257.20.

**C.      Litigation/Adversary Proceedings**
**Billing Code: B330**
**(Fees: $5,455.25 /Hours: 16.35)**

24.      During the Application Period, the Applicant assisted the Committee with vindicating its interests in the Delaware PI Proceedings.  This work was necessary and beneficial to the estate because, without successful resolution of the Delaware PI Proceedings, the Committee risked prejudice in its asbestos-related discovery efforts.

**D.      Professional Retention (MNAT-Filing)**
**Billing Code: B340**
**(Fees: $4,212.12/Hours: 12.0)**

25.      During the Application Period, the Applicant drafted and prepared its retention application to comply with the requirements and Guidelines for professional retention before this Court.  The majority of this work was performed by paraprofessionals or an associate. This time and service was necessary to comply with the Guidelines and the Bankruptcy Code. Nonetheless, as discussed below, the Applicant has voluntarily reduced the time in this category by 2.4 hours or approximately $842.38.

## VOLUNTARY REDUCTION

26.      Applicant has taken a voluntary reduction of its requested fees in the total amount of $1,099.58.  Applicant's retention in this case was limited in scope and duration, and swiftly resulted in a favorable outcome for the Committee in the Delaware PI Proceedings. Accordingly, Applicant's total fees for services performed on behalf of the Committee in the Delaware PI Proceedings are limited.  Nonetheless, the Applicant is subject to the professional retention and compensation requirements of the Bankruptcy Code, the U.S. Trustee, this Court, and the court-appointed fee auditor.  Thus, the Applicant was required to expend significant effort toward its retention and this Application.  While the Applicant believes that this time was

reasonable, justified, and necessary to its representation of the Committee, Applicant has voluntary reduced its requested fees related to its retention and this Application so that the these fees do not exceed the fees incurred in representing the Committee in the Delaware PI Proceedings. Applicant's total voluntary reduction is equal to 3.4 hours and $608.21 in compensation.

### STATEMENT OF MORRIS NICHOLS

27.     The forgoing professional services performed by the Applicant were appropriate and necessary. They were in the best interests of the creditors, the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The professional services were performed in an appropriately expeditious and efficient manner.

28.     Applicant respectfully submits that the services for which it seek compensation in this Application were, at the time rendered, believed to be necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estates. The Applicant further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee. The services rendered by the Applicant were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. The Applicant respectfully submits that approval of the compensation sought herein is warranted.

### ACTUAL AND NECESSARY EXPENSES OF MORRIS NICHOLS

29.     Morris Nichols charges $.10 per page for photocopying and $1.00 per page for outgoing domestic facsimiles, but does not charge for incoming facsimiles. However,

Morris Nichols did not incur any expenses related to in-house photocopying or facsimiles in this engagement.

30.    Morris Nichols did not incur any expenses related to travel, working meals, or telephone services. Morris Nichols is not requesting reimbursement for any expenses related to paraprofessional or non-professional overtime.

31.    Morris Nichols incurred $2,588.30 in expenses to an outside vendor for copying, mailing and delivery of the pleadings it filed on behalf of the Committee in the Delaware PI Proceedings. The outside vendor, IKON Office Solutions, charged $.10 per page for photocopying of pleadings (23,405 copies x $.10 = $2,340), with the remainder of its invoice related to hand delivery ($65.00), envelopes ($31.00) and postage ($151.80) for service of pleadings. These expenses were actual and necessary to Morris Nichols's representation of the Committee in the Delaware PI Proceedings in order to meet service and notice requirements.

32.    In addition, Morris Nichols incurred $371.51 in actual and necessary expenses associated with computer-based legal research performed on behalf of the Committee.

33.    Morris Nichols has made every effort to minimize its expenses in these cases. These actual expenses were incurred in furtherance of Morris Nichols's representation of the Committee in the Delaware PI Proceedings, and were reasonable and necessary to serve the needs of the Committee in the Delaware PI Proceedings.

## COMPENSATION AND REIMBURSEMENT REQUEST

34.    Pursuant to section 330 of the Bankruptcy Code, the Applicant seeks allowance of fees for professional services rendered during the Application Period in the amount of $10,529.67 (after voluntary reduction from $11,629.25) and reimbursement of expenses incurred in connection with those services in the amount of $2,987.21.

## THE REQUESTED COMPENSATION AND REIMBURSEMENT
## SHOULD BE ALLOWED

35.    Section 330(a)(3) of the Bankruptcy Code provides criteria for the aware

of compensation and reimbursement:

> (3) In determining the amount of reasonable compensation to be
> awarded to an examiner, trustee under chapter 11, or professional
> person, the court shall consider the nature, the extent, and the value
> of such services, taking into account all relevant factors,
> including—
>> (A) the time spent on such services;
>> (B) the rates charged for such services;
>> (C) whether the services were necessary to the
>> administration of, or beneficial at the time at which the
>> service was rendered toward the completion of, a case
>> under this title;
>> (D) whether the services were performed within a
>> reasonable amount of time commensurate with the
>> complexity, importance, and nature of the problem, issue,
>> or task addressed;
>> (E) with respect to a professional person, whether the
>> person is board certified or otherwise has demonstrated
>> skill and experience in the bankruptcy field; and
>> (F) whether the compensation is reasonable based on the
>> customary compensation charged by comparably skilled
>> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).  Morris Nichols submits that the services rendered on behalf of the

Committee were reasonable and necessary to protect the interests of the Committee in the

Delaware PI Proceedings.  Further, the time spent on such services was reasonable and

economical in light of the complexity, importance and nature of the issues involved, and the rates

charged for such services were appropriate in light of the skill and experience of the

professionals handling such services.

36.    Accordingly, Morris Nichols requests that the compensation and

reimbursement sought herein be approved.

## WAIVER OF CERTAIN PROVISIONS OF LOCAL GUIDELINES

37.    Given the limited nature and scope of Applicant's retention, the relatively small total amount of compensation sought by the Applicant, and the administrative burden to the estates of strict compliance with the reporting requirements of the Local Guidelines, the Applicant seeks a waiver, to the extent applicable, of section A.2 of the Local Guidelines.

## NOTICE

28.    Notice of this Application has been provided in accordance with the Interim Compensation Order and the Fee Examiner Status Report.  Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no further notice of the relief requested in the Application need to given to any party.

## CONCLUSION

**WHEREFORE**, Morris Nichols respectfully requests that this Court enter the proposed order attached hereto as **Exhibit E**: (a) allowing Morris Nichols (i) interim compensation in the amount of $10,529.67 for actual, reasonable and necessary professional services rendered on behalf of the Debtor during the period November 16, 2010 through February 16, 2011, and (ii) interim reimbursement in the amount of $2,987.21 for actual, reasonable and necessary expenses incurred during the same period; (b) authorizing and directing the Debtors to pay to Morris Nichols the amount of $13,516.88 which is equal to the sum of Morris Nichols's fees and expenses; and (c) grant such other and further relief as is just and proper.

Dated: May 16, 2011
   Wilmington, Delaware

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Gregory W. Werkheiser*
        Gregory W. Werkheiser (DE Bar No. 3553)
        Matthew B. Harvey (DE Bar No. 5186)
        1201 North Market Street, 18th Floor
        P.O. Box 1347
        Wilmington, DE  19899

        *Delaware Local Counsel for the Official Committee
        of Unsecured Creditors*

4185250.8

# **Exhibit A**

Certification of Gregory W. Werkheiser

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 18th Floor
Wilmington, DE  19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Gregory W. Werkheiser
Matthew B. Harvey

*Delaware Local Counsel for the Official Committee
of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
In re:                                                          :    Chapter 11 Case No.:
                                                                :
MOTORS LIQUIDATION COMPANY, et al.                              :    09-50026 (REG)
        f/k/a General Motors Corp., et al.                      :
                                                                :
        Debtors.                                                :    (Jointly Administered)
                                                                :
--------------------------------------------------------------- X

**CERTIFICATION OF GREGORY W. WERKHEISER UNDER GUIDELINES FOR
FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST
AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
AS DELAWARE LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM
<u>NOVEMBER 16, 2010 THROUGH MARCH 29, 2011</u>**

    1.  I am a partner of Morris, Nichols, Arsht & Tunnell LLP ("<u>Applicant</u>" or

"<u>Morris Nichols</u>"), which maintains offices at 1201 North Market Street in Wilmington,

Delaware.  I am admitted and good standing to practice law in the State of Delaware.  I have

primary responsibility for Morris Nichols's representation of the Office Committee of Unsecured

Creditors (the "<u>Committee</u>") of Motors Liquidation Company (f/k/a General Motors Corp.) and

its affiliated debtors and debtors in possession (the "<u>Debtors</u>").

2.        I submit this certification in compliance with the Amended Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on November 29, 2009 (the "<u>Local Guidelines</u>"), the Untied States Trustee

Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Under

11 U.S.C. Section 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>"), the Order Pursuant

to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local

Bankruptcy Rule 2016-1, Establishing Procedures for Interim Monthly Compensation for

Professionals [Docket No. 3711] (the "<u>Interim Compensation Order</u>") and  the First Status

Report of the Fee Examiner [Docket No. 5002] (the "<u>Fee Examiner Status Report</u>" and

collectively with the Interim Compensation Order, the Local Guidelines and the UST Guidelines,

the "<u>Guidelines</u>").

3.        This certification is made with regard to Morris Nichols's first and final

application, dated May 16, 2011, for final allowance of compensation and reimbursement

incurred during the period commencing November 16, 2010, through and including March 29,

2011.

4.        I have reviewed the Application and the Guidelines, and to the best of my

knowledge, information and belief after a reasonable inquiry, I certify that the Application is

made in compliance with the Guidelines.

5.        Specifically, with respect to section A.1 of the Local Guidelines, I certify

that:

(a)        I have read the Application;

(b)        To the best of my knowledge information and belief formed after a
reasonable inquiry, the fees and disbursements fall within the
Local Guidelines and the UST Guidelines;

2

> (c)    The fees and disbursements sought are billed at rates in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients; and
>
> (d)    The Applicant does not make a profit on any reimbursable service, whether performed in-house or by a third-party vendor.

6.    Given the limited nature and scope of Applicant's retention, the relatively small total amount of compensation sought by the Applicant, and the administrative burden to the estates of strict compliance with the reporting requirements of the Local Guidelines, Applicant has sought a waiver of section A.2 of the Local Guidelines.

7.    With regard to section A.3 of the Local Guidelines, I certify that counsel for the Debtors, the United States Trustee for the Southern District of New York, and the Chair of the Committee are each being provided with a copy of this Application.


Dated:  May 16, 2011
        Wilmington Delaware

                                        */s/ Gregory W. Werkheiser*
                                        Gregory W. Werkheiser
                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                        1201 North Market Street, 18th Floor
                                        Wilmington, DE  19899
                                        Telephone: (302) 658-9200
                                        Facsimile: (302) 658-3989

                                        *Delaware Local Counsel for the Official Committee of Unsecured Creditors*

# **Exhibit B**

Summaries by Project Category and by Professional

## COMPENSATION BY PROJECT CATEGORY

### Motors Liquidation Company
### (Case No. 09-50026 (REG))

November 16, 2010 Through March 29, 2011

| Project Category | Total Hours | Total Fees | Total Hours after Voluntary Reduction | Total Fees after Voluntary Reduction |
|---|---|---|---|---|
| Case Administration | 1.1 | 476.50 | 1.1 | 476.50 |
| Fee Applications (MNAT-Filing) | 2.5 | 643.00 | 1.5 | 385.80 |
| Litigation/Adversary Proceedings | 16.35 | 5,455.25 | 16.35 | 5,455.25 |
| Professional Retention (MNAT-Filing) | 14.4 | 5,054.50 | 12.0 | 4,212.12 |
| **TOTAL** | **34.35** | **$11,629.25** | **30.95** | **$10,529.67** |

## COMPENSATION BY PROFESSIONAL

### Motors Liquidation Company
### (Case No. 09-50026 (REG))

November 16, 2010 Through March 29, 2011

| Name of Professional Person (Year of Admission to Delaware Bar) | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Gregory W. Werkheiser (1996) | Partner/Bankruptcy | 555 | .2 | 111.00 |
| Gregory W. Werkheiser | Partner/Bankruptcy | 540 | 7.9 | 4,266.00 |
| Matthew B. Harvey (2008) | Associate/Bankruptcy | 350 | .3 | 105.00 |
| Matthew B. Harvey | Associate/Bankruptcy | 305 | 17.65 | 5,383.25 |
| Angela R. Conway (N/A) | Paralegal | 220 | 2.1 | 462.00 |
| Angela R. Conway | Paralegal | 210 | 6.2 | 1,302.00 |
| **Total** | | | **34.35** | **$11,629.25** |

| | |
|---|---|
| **GRAND TOTAL:** | **$11,629.25** |
| **BLENDED RATE:** | **$338.55** |
| **TOTAL AFTER VOLUNTARY REDUCTION: $10,529.67** | |

# **Exhibit C**

Summary of Expenses

**EXPENSE SUMMARY**

**Motors Liquidation Company**
**(Case No. 09-50026 (REG))**

November 16, 2010 Through March 29, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photos/Art/Spec Duplicating | Out of Office | 2,588.30 |
| Messenger Service | | 3.00 |
| Computer Research | Westlaw | 371.51 |
| In-House Duplicating | | 24.40 |
| **Grand Total Expenses** | | **$2,987.21** |

# **Exhibit D**

Fee and Expense Detail

Official Comm. Unsecured Creditors of Motors Liq
67752-Asbestos Trusts
DATE: 05/16/11 11:54:35

PRO FORMA  271768

AS OF 03/29/11

INVOICE# ******

## TIME ENTRIES

| INDEX | ID | LAST NAME | DATE | STAT | TASK | BILLED HOURS | BILLED AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | Case Administration | | | | | | |
| 2411940 | 338 | Werkheiser | 11/18/10 | B | B110 | 0.30 | 162.00 | Emails with D Blabey re Judge Fitzgerald chambers procedures and process for submitting pleadings. |
| 2411929 | 338 | Werkheiser | 11/19/10 | B | B110 | 0.10 | 54.00 | Review and respond to D Blabey email re pro hac motions. |
| 2430791 | 338 | Werkheiser | 12/08/10 | B | B110 | 0.20 | 108.00 | Review proposed consolidation order and email co-counsel re same. |
| 2408186 | 924 | Harvey | 11/18/10 | B | B110 | 0.50 | 152.50 | Review JKF's chambers procedures and local rules re: courtesy copies and letter to court and emails to G. Werkheiser re: same. |
| | | | | Total Task: | B110 | 1.10 | 476.50 | |
| | | Fee Applications (MNAT - Filing) | | | | | | |
| 2436184 | 338 | Werkheiser | 01/13/11 | B | B160 | 0.20 | 111.00 | Confer with M Harvey re preparation of fee application. |
| 2470029 | 594 | Conway | 03/03/11 | B | B160 | 0.50 | 110.00 | Review email from RMF and MH re final fee app; review case files; email and from MH re final fee app; review docket re final fee order |
| 2478716 | 594 | Conway | 03/17/11 | B | B160 | 0.20 | 44.00 | Review and respond to email from M. Harvey re filing and svc of KL fee app and review same |
| 2481959 | 594 | Conway | 03/24/11 | B | B160 | 0.20 | 44.00 | Review app of Kramer and Levin; email to M. Flynn re proforma re preparation of final fee app of Mnat |
| 2482038 | 594 | Conway | 03/24/11 | B | B160 | 0.30 | 66.00 | Review proforma and email to and from RMF re editing same for preparation of final fee app |
| 2482234 | 594 | Conway | 03/24/11 | B | B160 | 0.70 | 154.00 | Emails and discussions w/MH re status of final fee app; review and revise proforma; discuss revisions to same w/M. Flynn |
| 2482797 | 594 | Conway | 03/25/11 | B | B160 | 0.20 | 44.00 | Review revised proforma in preparation of final fee app |
| 2437206 | 924 | Harvey | 01/13/11 | B | B160 | 0.20 | 70.00 | Review sample fee app from KL. |
| | | | | Total Task: | B160 | 2.50 | 643.00 | |
| | | Litigation/Adversary Proceedings | | | | | | |
| 2411933 | 338 | Werkheiser | 11/17/10 | B | B330 | 0.30 | 162.00 | Emails with D Blabey re motion to intervene issues. |
| 2411934 | 338 | Werkheiser | 11/18/10 | B | B330 | 0.20 | 108.00 | Further emails with D Blabey re motion to intervene. |
| 2411935 | 338 | Werkheiser | 11/18/10 | B | B330 | 0.30 | 162.00 | Confer with M Harvey re motion to intervene. |
| 2411936 | 338 | Werkheiser | 11/18/10 | B | B330 | 0.40 | 216.00 | Initial review of PI objection and provide initial comments to D Blabey and others at Kramer Levin. |
| 2411937 | 338 | Werkheiser | 11/18/10 | B | B330 | 1.70 | 918.00 | Review and revise motion to intervene and research related to same. |

Official Comm. Unsecured Creditors of Motors Liq
67752-Asbestos Trusts
DATE: 05/16/11 11:54:35

PRO FORMA 271768          AS OF 03/29/11          INVOICE# ******

| ID | No. | Name | Date | | Task | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|---|
| 2411938 | 338 | Werkheiser | 11/18/10 | B | B330 | 0.60 | 324.00 | Review and comment on PI Objection. |
| 2411939 | 338 | Werkheiser | 11/18/10 | B | B330 | 0.40 | 216.00 | Coordinate with M Harvey and A Conway re finalizing PI objection for filing and service. |
| 2411941 | 338 | Werkheiser | 11/18/10 | B | B330 | 0.20 | 108.00 | Circulate as filed copies of pleadings to co-counsel. |
| 2411942 | 338 | Werkheiser | 11/22/10 | B | B330 | 0.20 | 108.00 | Review J Sharret email re settlement discussions with asbestos trust plaintiffs. |
| 2430692 | 338 | Werkheiser | 12/02/10 | B | B330 | 0.20 | 108.00 | Review and comment on withdrawal of intervention motion. |
| 2409473 | 594 | Conway | 11/16/10 | B | B330 | 0.20 | 42.00 | Review and respond to emails from M. Harvey re filing motions for preliminary injunction (.1); t/c from M. Harvey are same (.1) |
| 2409474 | 594 | Conway | 11/18/10 | B | B330 | 5.00 | 1,050.00 | Emails and discussions w/G. Werkheiser, M. Harvey, L. Gast and M. Flynn re filing and svc of opp of GM to motion for preliminary injunction and mot to intervene (2.8); prepare pleadings for efiling and efile same w/the Court (.7); prep for svc upon chambers and parties; discuss addt'l svc prep w/ WP (1.5) |
| 2409475 | 594 | Conway | 11/22/10 | B | B330 | 0.20 | 42.00 | Review service of pleadings and discuss same w/M. Flynn |
| 2408336 | 594 | Conway | 11/24/10 | B | B330 | 0.20 | 42.00 | Review and respond to email from B. Springart re case (.1); update time matters (.1) |
| 2413277 | 594 | Conway | 12/02/10 | B | B330 | 0.60 | 126.00 | Review and respond to email from M. Harvey re withdrawal of mot to intervene (.1); prep for filing and efile same w/the Court in the various adv proceedings (.5) |
| 2408166 | 924 | Harvey | 11/16/10 | B | B330 | 0.35 | 106.75 | Review scheduling order and J. Fitzgerald chambers' procedures re: filing briefs |
| 2408205 | 924 | Harvey | 11/17/10 | B | B330 | 0.30 | 91.50 | Conf. w/ G. Werkheiser re: filing motion |
| 2408181 | 924 | Harvey | 11/18/10 | B | B330 | 0.60 | 183.00 | Review draft brief in opposition to PI Motion. |
| 2408182 | 924 | Harvey | 11/18/10 | B | B330 | 2.10 | 640.50 | Research and draft motion to intervene in adversary proceedings. |
| 2408183 | 924 | Harvey | 11/18/10 | B | B330 | 0.40 | 122.00 | Attn to edits to order and motion to enlarge time. |
| 2408184 | 924 | Harvey | 11/18/10 | B | B330 | 1.40 | 427.00 | Attn to preparing exhibits and finalizing brief w/ incoming edits from Kramer Levin and G. Werkheiser for filing. |
| 2408185 | 924 | Harvey | 11/18/10 | B | B330 | 0.40 | 122.00 | Attn to final review of exhibits and brief for filing. |
| 2410728 | 924 | Harvey | 11/30/10 | B | B330 | 0.10 | 30.50 | Circulate reply brief from plaintiffs. |
| Total Task: | | | | | B330 | 16.35 | 5,455.25 | |

Professional Retention (MNAT - Filing)

| ID | No. | Name | Date | | Task | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|---|
| 2411928 | 338 | Werkheiser | 11/16/10 | B | B340 | 0.10 | 54.00 | Email R Schmidt re retention issues and response to PI. |
| 2411930 | 338 | Werkheiser | 11/17/10 | B | B340 | 0.20 | 108.00 | TC with J Sharret re retention process for MNAT. |
| 2411931 | 338 | Werkheiser | 11/17/10 | B | B340 | 0.10 | 54.00 | Review and respond to J Sharret email re MNAT retention issues. |
| 2411932 | 338 | Werkheiser | 11/17/10 | B | B340 | 0.40 | 216.00 | Research re example of MNAT committee counsel retention application and email to J Sharret re same. |

Official Comm. Unsecured Creditors of Motors Liq
67752-Asbestos Trusts
DATE: 05/16/11 11:54:35                PRO FORMA  271768               AS OF 03/29/11               INVOICE# ******

| Invoice | TK | Name | Date | | Task | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|---|
| 2411943 | 338 | Werkheiser | 11/22/10 | B | B340 | 0.30 | 162.00 | Assemble fee and expense information for MNAT retention. |
| 2408398 | 338 | Werkheiser | 11/23/10 | B | B340 | 0.30 | 162.00 | Prepare estimate of fees for retention application |
| 2411863 | 338 | Werkheiser | 12/01/10 | B | B340 | 0.20 | 108.00 | Email with co-counsel re retention and fee application process. |
| 2430771 | 338 | Werkheiser | 12/07/10 | B | B340 | 0.40 | 216.00 | Work on declaration in support of application to retain MNAT. |
| 2430793 | 338 | Werkheiser | 12/08/10 | B | B340 | 0.20 | 108.00 | Email J Friedman re application to retain MNAT. |
| 2430853 | 338 | Werkheiser | 12/14/10 | B | B340 | 0.60 | 324.00 | Review and revise application to retain MNAT and email M Harvey re same. |
| 2408163 | 924 | Harvey | 11/16/10 | B | B340 | 0.10 | 30.50 | Confer with G. Werkheiser re: filing briefs on Thursday |
| 2408188 | 924 | Harvey | 11/19/10 | B | B340 | 1.00 | 305.00 | Draft retention app. |
| 2408187 | 924 | Harvey | 11/22/10 | B | B340 | 1.70 | 518.50 | Attn to retention application. |
| 2415884 | 924 | Harvey | 12/07/10 | B | B340 | 0.10 | 30.50 | Review conflicts list and email to G. Werkheiser re: same. |
| 2416243 | 924 | Harvey | 12/07/10 | B | B340 | 1.00 | 305.00 | Review creditor list for client connections. |
| 2416523 | 924 | Harvey | 12/08/10 | B | B340 | 0.20 | 61.00 | Review narrowed conflicts list (.1) and email to G. Werkheiser re: nunc pro tunc retention (.1). |
| 2416788 | 924 | Harvey | 12/08/10 | B | B340 | 1.00 | 305.00 | Draft retention application. |
| 2418187 | 924 | Harvey | 12/10/10 | B | B340 | 1.10 | 335.50 | Attn to narrowing conflicts system search criteria to current parties. |
| 2418880 | 924 | Harvey | 12/13/10 | B | B340 | 0.80 | 244.00 | Cont'd connections search. |
| 2419568 | 924 | Harvey | 12/14/10 | B | B340 | 3.00 | 915.00 | Cont'd review client connections from list provided by Debtors. |
| 2419569 | 924 | Harvey | 12/14/10 | B | B340 | 0.60 | 183.00 | Revision to retention app re: comments from G. Werkheiser. |
| 2419571 | 924 | Harvey | 12/14/10 | B | B340 | 0.80 | 244.00 | Draft retention app in format provided by Kramer Levin. |
| 2421541 | 924 | Harvey | 12/16/10 | B | B340 | 0.10 | 30.50 | Review Kramer Levin markup of retention app. |
| 2437205 | 924 | Harvey | 01/13/11 | B | B340 | 0.10 | 35.00 | Call with J. Friedman re: status of MNAT retention order. |

Total Task: B340    14.40    5,054.50

FEE SUBTOTAL    34.35    11,629.25

Official Comm. Unsecured Creditors of Motors Liq
67752-Asbestos Trusts
DATE: 05/16/11 11:54:35

PRO FORMA  271768

AS OF 03/29/11

INVOICE# ******

VOUCHER
175416

**COST ENTRIES**

| INDEX | DATE | STAT | AMOUNT | DESCRIPTION | CODE | TKPER |
|---|---|---|---|---|---|---|
| 841776 | 11/18/10 | B | 2,588.30 | Photos/Art/Spec Duplicating-Out of Office - IKON OFFICE SOLUTIONS' NEW MATTER - OC - GM' ENVELOPES, HAND DELIVERIES, AND BANKRUPTCY MAILOUTS | 510 | 594 |
| 847764 | 12/13/10 | B | 3.00 | Messenger Service | 513S | 546 |
| 842782 | 11/18/10 | B | 6.29 | Computer Research - Westlaw Search Performed by: WERKHEISER,GREGORY W | 515 | 338 |
| 842783 | 11/18/10 | B | 245.70 | Computer Research - Westlaw Search Performed by: WERKHEISER,GREGORY W | 515 | 338 |
| 842784 | 11/18/10 | B | 119.52 | Computer Research - Westlaw Search Performed by: HARVEY,MATT | 515 | 924 |
| 862567 | 03/18/11 | B | 2.35 | In-House Printing - black & white | 541 | 594 |
| 863799 | 03/25/11 | B | 22.05 | In-House Printing - black & white | 541 | 622 |

2,987.21

# **Exhibit E**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                    :

In re:                          :    Chapter 11 Case No.:
                    :

MOTORS LIQUIDATION COMPANY, et al.  :    09-50026 (REG)
      f/k/a General Motors Corp., et al.    :
                    :

      Debtors.                :    (Jointly Administered)
                    :

-------------------------------------------------------------- X

**ORDER GRANTING FIRST AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR <u>THE PERIOD FROM NOVEMBER 16, 2010 THROUGH MARCH 29, 2011</u>**

Upon consideration of the *First And Final Application Of Morris, Nichols, Arsht & Tunnell LLP, As Delaware Local Counsel For The Official Committee Of Unsecured Creditors, For Allowance Of Compensation For Professional Services Rendered And For Reimbursement Of Actual And Necessary Expenses Incurred For The Period From November 16, 2010 Through March 29, 2011* (the "<u>Application</u>") for professional services rendered and expenses incurred during the period commencing November 16, 2010, through March 29, 2011; and a hearing having been held before this Court to consider the Application on _____; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and (c)(2); and due consideration having been given to any response thereto; and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is GRANTED as set forth in Schedule A.

Dated: New York, New York          _____
     _____          United States Bankruptcy Judge
                            Southern District of New York

Case No. 09-50026 (REG)
Case Name: Motors Liquidation Company, *et al.* (f/k/a General Motors Corp., *et al.*)

**Current Fee Period: November 16, 2010 to March 29, 2011 (First and Final for Morris, Nichols, Arsht & Tunnell LLP)**

| APPLICANT | DATE / DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Morris, Nichols, Arsht & Tunnell LLP | | | | | |