UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :      Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :      09-50026 (REG)
         f/k/a General Motors Corp., *et al.*               :
                                                            :
                              Debtors.                      :      (Jointly Administered)
                                                            :
------------------------------------------------------------x

SUMMARY SHEET PURSUANT
TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

THIRD INTERIM AND FINAL FEE APPLICATION

| | |
|---|---|
| **Name of Applicant:** | Hamilton, Rabinovitz & Associates, Inc. |
| **Time Period:** | October 1, 2010 through and including March 29, 2011 |
| **Role in the Case:** | Consultants for the Debtors and Debtors in Possession with Respect to Present and Future Asbestos Claims |
| **Current Application:** | Interim Fees Incurred:            $31,862.50<br>Interim Expenses Incurred:    $0.00<br><br>Total Fees Incurred:                $68,295.00<br>Total Expenses Incurred:        $0.00 |
| **Prior Applications:** | First Interim Fee Application, filed August 5, 2010 (ECF No. 6528), for the period February 1, 2010 through and including May 31, 2010<br>    Total Fees & Expenses Requested:   $7,970.00<br>    Total Fees & Expenses Allowed:       $7,970.00<br><br>Second Interim Fee Application, filed November 11, 2010 (ECF No. 7515), for the period June 1, 2010 through and including September 30, 2010<br>    Total Fees & Expenses Requested:   $28,462.50<br>    Total Fees & Expenses Allowed:       $28,462.50 |

# SUMMARY OF SERVICES RENDERED BY
# HAMILTON, RABINOVITZ & ASSOCIATES, INC.
# FOR THE FIFTH INTERIM COMPENSATION PERIOD
# OF OCTOBER 1, 2010 THROUGH MARCH 29, 2011 AND THE TOTAL
# COMPENSATION PERIOD OF FEBRUARY 1, 2010 THROUGH MARCH 29, 2011

| Fifth Interim Period | | | |
|---|---|---|---|
| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
| Rabinovitz, Francine F. (Partner) | $650.00 | 16.25 | $ 10,562.50 |
| Sims, Robert H. (Managing Director) | $600.00 | 35.50 | $ 21,300.00 |
| Honig, Paul K. (Director) | $350.00 | 0 | $ 0.00 |
| Total | | 51.75 | $ 31,862.50 |

| Total Compensation Period | | | |
|---|---|---|---|
| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
| Rabinovitz, Francine F. (Partner) | $650.00 | 23.20 | $ 15,080.00 |
| Sims, Robert H. (Managing Director) | $600.00 | 63.90 | $ 38,340.00 |
| Honig, Paul K. (Director) | $350.00 | 42.50 | $ 14,875.00 |
| Total | | 129.60 | $ 68,295.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :    09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                 :
                                                             :
                                Debtors.                     :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

# THIRD AND FINAL APPLICATION OF
# HAMILTON, RABINOVITZ & ASSOCIATES, INC., AS CONSULTANTS
# FOR THE DEBTORS WITH RESPECT TO PRESENT AND
# FUTURE ASBESTOS CLAIMS, FOR FINAL ALLOWANCE
# OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
# REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
# INCURRED DURING (I) THE FIFTH INTERIM COMPESNATION PERIOD
# OF OCTOBER 1, 2010 THROUGH MARCH 29, 2011, AND (II) THE TOTAL
# COMPENSATION PERIOD OF FEBRUARY 1, 2010 THROUGH MARCH 29, 2011

## TABLE OF CONTENTS

**Page**

Preliminary Statement ............................................................................................................. 1

Background ............................................................................................................................. 1

Summary of Professional Compensation and Reimbursement of Expenses Requested ................ 2

Summary of Services Performed by HRA During the Fifth Compensation Period and the
    Total Compensation Period ............................................................................................. 4

The Requested Compensation Should Be Allowed ................................................................. 6

Notice ...................................................................................................................................... 7

Conclusion ............................................................................................................................... 8

## TABLE OF AUTHORITIES

**Statutes & Rules** **Page**

11 U.S.C. § 327 ................................................................................................................6

11 U.S.C. § 330 ................................................................................................................6

11 U.S.C. § 330(a) ...........................................................................................................1

11 U.S.C. § 330(a)(1) .......................................................................................................6

11 U.S.C. § 330(a)(3) .......................................................................................................7

11 U.S.C. § 331 ............................................................................................................1, 6

Fed. R. Bank. P. 1015(c) ..................................................................................................7

Fed. R. Bank. P. 2016 ......................................................................................................1

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Hamilton, Rabinovitz & Associates, Inc. ("**HRA**"), consultants with respect to present and future asbestos claims for Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors in these chapter 11 cases, (together with MLC, the "**Debtors**"), file this third and final application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11, United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the final allowance of compensation for professional services performed by HRA and for reimbursement of its actual and necessary expenses incurred for the period commencing October 1, 2010 through and including March 29, 2011 (the "**Fifth Compensation Period**"), and February 1, 2010 through and including March 29, 2011 (the "**Total Compensation Period**"), respectfully represents:

### Preliminary Statement

1.  HRA was retained as a consultant to the Debtors on May 6, 2010 with respect to present and future asbestos claims. HRA commenced working on the Debtors' asbestos claims issues on May 11, 2010.

2.  HRA's charges for professional services performed and expenses incurred are reasonable under the applicable standards. HRA respectfully asks that the Court grant the Application and allow final compensation for professional services performed and reimbursement for expenses as requested.

### Background

3.  On April 22, 2010, the Debtors filed an application to employ HRA as their consultants with respect to present and future asbestos claims (ECF No. 5578). No objections were filed to HRA's retention, and, pursuant to an order, dated May 6, 2010, the Debtors were

authorized to retain HRA as their consultants with respect to present and future asbestos claims. (ECF No. 5730).

4. On March 8, 2011, after first conferring with the Court, representatives of the Court appointed Fee Examiner, Brady C. Williamson (the "**Fee Examiner**"), the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and Weil, Gotshal & Manges, LLP ("**WGM**"), on behalf of the Debtors, informed all professionals that fee applications for the period from October 1, 2010 through January 31, 2011 should not be filed on its scheduled due date of March 17, 2011. Instead, professionals were instructed to incorporate the information from those fee applications in their final fee applications, which, pursuant to the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (together with all prior iterations, the "**Plan**"), are scheduled to be due 45 days after the Effective Date. The purpose of the request was to allow the Debtors' estates to avoid the cost of being billed for the preparation of interim fee applications at a time when final fee applications would shortly be due.

5. On March 3, 2011, a hearing was held before the Court to consider confirmation of the Plan (the "**Confirmation Hearing**"). The Plan was confirmed on March 29, 2011, and all conditions to the occurrence of the Effective Date were met or satisfied as of March 31, 2011, resulting in the Plan becoming effective as of that Date.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

6. HRA seeks final allowance of compensation for professional services performed during the Fifth Compensation Period and the Total Compensation Period, in the amounts of $31,862.50 and $68,295.00, respectively. HRA does not seek reimbursement of expenses incurred in connection with the rendition of such services, as no such expenses were incurred during the Fifth Compensation Period or the Total Compensation Period. During the

Fifth Compensation Period, HRA professionals expended a total of 51.75 hours in connection with the necessary services performed. During the Total Compensation Period, a total amount of 129.60 hours were expended by HRA professionals.

7. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**UST Guidelines**"), and the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (ECF No. 3711) (the "**Administrative Order**," and together with the Local Guidelines and the UST Guidelines, the "**Guidelines**"). Pursuant to the UST Guidelines, the Debtors have been provided with a copy of the Application for their review and will have completed their review of the same prior to the hearing on the Application.

8. The fees charged by HRA in these cases are billed in accordance with HRA's existing billing rates and procedures in effect during the applicable compensation periods. The rates HRA charges for the services rendered by its professionals in these chapter 11 cases are the same rates HRA charges for professional services rendered in comparable bankruptcy and nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national market.

9. No expenses were incurred during the Fifth Compensation Period or during the Total Compensation Period.

10. Annexed hereto as **Exhibit "A"** is a certification regarding compliance with the Guidelines.

11. Annexed hereto as **Exhibit "B,"** pursuant to the UST Guidelines, is a schedule of HRA professionals who have performed services for the Debtors during the Fifth Compensation Period and the Total Compensation Period, the capacities in which each such individual is employed by HRA, the hourly billing rate charged by HRA for services performed by such individuals, and the aggregate number of hours expended in this matter and fees billed therefor.

12. Annexed hereto as **Exhibit "C,"** pursuant to the UST Guidelines, is a summary of HRA's time records billed during the Fifth Compensation Period and the Total Compensation Period using project categories hereinafter described. HRA maintains hand-written and computerized records of the time spent by all HRA employees and associates in connection with the prosecution of the Debtors' chapter 11 cases. Copies of time records records have been furnished to the Debtors and, the Court, the attorneys for the Committee, the Fee Examiner, and the U.S. Trustee in the format specified by the UST Guidelines.

### Summary of Services Performed by HRA During the
### Fifth Compensation Period and the Total Compensation Period

13. During the Fifth Compensation Period and over the course of the Total Compensation Period, HRA downloaded the Debtors' asbestos claims databases and related supporting documents from the Debtors' secure data room. The databases and documents were reviewed by HRA and the database tables were converted to the Stata program file format. The relational database tables were then processed into a flat file formation containing the data fields used by HRA to assess potential present and future claim liabilities. HRA also participated in

teleconferences with team members of WGM and AP Services, LLC, the Debtors' interim managers and restructuring experts.

14.  The foregoing professional services performed by HRA were actual, necessary, and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by HRA were in the best interests of the Debtors and other parties in interest. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved. The professional services were performed expeditiously and efficiently.

15.  The professional services performed by HRA on behalf of the Debtors during the Fifth Compensation Period required an aggregate expenditure of 51.75 recorded hours by professionals of HRA

16.  During the Fifth Compensation Period, HRA billed the Debtors for time expended by employees based on hourly rates ranging from $600 to $650 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $615.70 (based on 51.75 recorded hours for employees at HRA's regular billing rates in effect at the time of the performance of services).

17.  The professional services performed by HRA on behalf of the Debtors during the Total Compensation Period required an aggregate expenditure of 129.60 recorded hours by professionals of HRA. Of the aggregate time expended, 23.20 recorded hours were expended by partners of HRA, 63.90 recorded hours were expended by managing directors of HRA and 42.50 hours were expended by directors of HRA.

18.  During the Total Compensation Period, HRA billed the Debtors for time expended by employees based on hourly rates ranging from $350 to $650 per hour. Allowance of

compensation in the amount requested would result in a blended hourly billing rate of approximately $526.97 (based on 129.60 recorded hours for employees at HRA's regular billing rates in effect at the time of the performance of services).

## The Requested Compensation Should Be Allowed

19.  Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." *Id.* § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      (F)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

20. In the instant case, HRA submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' chapter 11 estates. Such services were necessary to and in the best interests of the Debtors' estates and creditors. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

21. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently.

22. In sum, the services rendered by HRA were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Notice

23. Notice of this Application has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). HRA submits that such notice is sufficient and no other or further notice need be provided.

24. No previous request for the relief sought herein has been made by the HRA to this or any other Court.

## Conclusion

25.     HRA respectfully requests the Court enter an order authorizing (i) the final allowance of compensation for professional services rendered during the Fifth Compensation Period in the aggregate amount of $31,862.50, consisting of $31,862.50 representing 100% of professional fees incurred and $0.00 representing 100% of actual and necessary expenses incurred; (ii) the final allowance of compensation for professionals services rendered during the Total Compensation Period in the aggregate amount of $68,295.00, consisting of $68,295.00 representing 100% of fees incurred and $0.00 representing 100% of actual and necessary expenses incurred; (iii) directing payment by the Debtors of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Administrative Order; and (iv) such other and further relief as is just.

WHEREFORE HRA respectfully requests that the Court grant the relief requeste herein and such other and further relief as is just.

Dated: Carmel, California
       May 13, 2011

_____
Hamilton, Rabinovitz & Associates, Inc.

## Exhibit A

## Certification

US_ACTIVE:\43704789\02\72240.0639

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :   09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                :
                                                            :
                        Debtors.                            :   (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

## CERTIFICATION UNDER
## GUIDELINES FOR FEES AND DISBURSEMENTS
## FOR PROFESSIONALS IN RESPECT OF THIRD AND FINAL
## APPLICATION OF HAMILTON, RABINOVITZ & ASSOCIATES, INC.
## FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Francine F. Rabinovitz, hereby certify that:

I am a partner with the applicant firm, Hamilton, Rabinovitz & Associates, Inc. ("**HRA**"), consultant with respect to present and future asbestos claims for the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively with MLC, the "**Debtors**"), and submit this Certification in respect of compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**UST Guidelines**") and the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (ECF No. No. 3711) (the

"**Administrative Order**," and together with the Local Guidelines and the UST Guidelines, the "**Guidelines**").

26.  This certification is made in respect of HRA's application, dated May 12, 2011 (the "**Application**"), for final compensation and reimbursement of expenses for the period commencing October 1, 2010 through and including March 29, 2011 (the "**Fifth Compensation Period**"), and February 1, 2010 through and including March 29, 2011 (the "**Final Compensation Period**") in accordance with the Guidelines.

27.  In respect of section A.1 of the Local Guidelines, I certify that:

   a.  I have read the Application;

   b.  to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

   c.  the fees and disbursements sought are billed at rates in accordance with those customarily charged by HRA and generally accepted by HRA's clients; and

   d.  in providing a reimbursable service, HRA does not make a profit on that service, whether the service is performed by HRA in-house or through a third party.

28.  In respect of section A.2 of the Local Guidelines and as required by the Administrative Order, I certify that HRA has complied with these provisions requiring it to provide counsel for the statutory committee of unsecured creditors appointed in these cases (the "**Committee**"), counsel for the statutory committee of unsecured creditors holding asbestos-related claims (the "**Asbestos Creditors' Committee**"), Dean M. Trafelet as legal representative for future asbestos personal injury claimants (the "**Future Claims Representative**"), and the Debtors, with a statement of HRA's fees and disbursements accrued during the previous month, although, due to the exigencies of these cases, such statements were not always provided within the exact timetables set forth in the Administrative Order.

29. In respect of section A.3 of the Local Guidelines, I certify that the Debtors, attorneys for the Committee, the attorneys for Asbestos Creditors' Committee, the attorneys for the Future Claims Representative, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated: Carmel, California
May 13, 2011

*Francine F. Rabinovitz*
Hamilton, Rabinovitz & Associates, Inc.

<u>Exhibit B</u>

**Summary of Services Rendered by
Hamilton, Rabinovitz & Associates, Inc. for the Fifth Interim
Compensation Period of October 1, 2010 Through March 29, 2011 and
<u>the Total Compensation Period of February 1, 2010 Through March 29, 2011</u>**

| Fifth Interim Period | | | |
|---|---|---|---|
| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
| Rabinovitz, Francine F. (Partner) | $650.00 | 16.25 | $ 10,562.50 |
| Sims, Robert H. (Managing Director) | $600.00 | 35.50 | $ 21,300.00 |
| Honig, Paul K. (Director) | $350.00 | 0 | $ 0.00 |
| **Total** | | **51.75** | **$ 31,862.50** |

| Total Compensation Period | | | |
|---|---|---|---|
| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
| Rabinovitz, Francine F. (Partner) | $650.00 | 23.20 | $ 15,080.00 |
| Sims, Robert H. (Managing Director) | $600.00 | 63.90 | $ 38,340.00 |
| Honig, Paul K. (Director) | $350.00 | 42.50 | $ 14,875.00 |
| **Total** | | **129.60** | **$ 68,295.00** |

# Exhibit C

## Compensation by Work Task Code for
## Services Rendered by Hamilton, Rabinovitz & Associates, Inc. for the Fifth
## Interim Compensation Period of October 1, 2010 Through March 29, 2011
## and the Total Compensation Period of February 1, 2010 Through March 29, 2011

| Fifth Interim Compensation Period | | |
|---|---|---|
| **PROJECT DESCRIPTION** | **HOURS** | **AMOUNT** |
| Litigation Consulting | 51.75 | $ 31,862.50 |
| | | |
| **TOTAL:** | **51.75** | **$ 31,862.50** |

| Total Compensation Period | | |
|---|---|---|
| **PROJECT DESCRIPTION** | **HOURS** | **AMOUNT** |
| Litigation Consulting | 129.60 | $ 68,295.00 |
| | | |
| **TOTAL:** | **129.60** | **$ 68,295.00** |

US_ACTIVE:\43704789\02\72240.0639            2