IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09- 50026 (REG) |
| | **Hearing Date: TBD** **Objection Deadline: TBD** |
| Debtor. | |

**THIRD AND FINAL APPLICATION OF LEGAL ANALYSIS SYSTEMS, INC. AS CONSULTANT ON THE VALUATION OF ASBESTOS LIABILITIES TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Legal Analysis Systems, Inc. |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims of Motors Liquidation Company, *et al.* |
| Date of Retention: | April 6, 2010 *Nunc pro Tunc* to March 15, 2010 |
| Period for which Compensation and Reimbursement are sought: | March 15, 2010 through March 31, 2011 |
| Amount of Compensation sought as actual, reasonable And necessary | $241,437.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $0.00 |
| This is an: ___ interim quarterly    _x_ final application. | |

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09- 50026 (REG) |
| | **Hearing Date:  TBD** <br> **Objection Deadline:  TBD** |
| Debtor. | |

## THIRD AND FINAL APPLICATION OF LEGAL ANALYSIS SYSTEMS, INC.  AS CONSULTANT ON THE VALUATION OF ASBESTOS LIABILITIES TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy

Procedure, and the Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy

Code, Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals (the "**Administrative Order**"), the consulting firm of Legal Analysis Systems,

Inc. ("**Legal Analysis Systems**") hereby submits this application (the "**Application**") for (1)

approval of compensation for its professional services rendered, and reimbursement of actual and

necessary expenses incurred, as consultant on the valuation of asbestos liabilities to the Official

Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants**

**Committee**") of the debtor, Motors Liquidation Company, *et. al*., ("**Debtor**"), during the interim

period of October 1, 2010 through March 31, 2011 (the "**Third Interim Period**"); and (2) final

approval and allowance of all compensation for professional services rendered by Legal Analysis

Systems to the Asbestos Claimants Committee, and reimbursement of its actual and necessary

expenses incurred, during and with respect to the period from March 15, 2010, through March

31, 2011.

2

Furthermore, the total blended rate for Legal Analysis Systems since the Petition Date for

Mark Peterson is $800, the total blended rate for Dan Relles is $475 and the total blended rate for

Ebener is $335.  Since the Petition Date, the total blended rate for Legal Analysis Systems is

$626.33.    Furthermore, the total blended rate for the Third Interim Period for Legal Analysis

Systems for Mark Peterson is $800 and the total blended rate for Dan Relles is $475.  During the

Third Interim Period for Legal Analysis Systems the total blended rate is $682.03.  Also since,

the petition date Legal Analysis Systems has had no rate increases.

In support of this Application, Legal Analysis Systems respectfully represents as follows:

## I.  JURISDICTION

1.      This Court has subject matter jurisdiction pursuant to 11 U.S.C. §331.

## II.  BACKGROUND

2.      On June 1, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition for

relief under Chapter 11 under Title 11 of the United States Code (the "**Bankruptcy Code**").

3.      From the Petition Date through the date of this Third and Final Application, the

Debtor has continued to operate its businesses and manage its properties as debtor-in-possession,

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On March 2, 2010, the Office of the United States Trustee appointed the Asbestos

Claimants Committee pursuant to section 1102 of the Bankruptcy Code.  The Asbestos

Claimants Committee is comprised entirely of persons who hold pending claims against the

Debtor for asbestos-related personal injury or wrongful death.

5.      On March 18, 2010, the Asbestos Claimants Committee filed and served its

Application for Entry of an Order *Nunc pro Tunc* to March 15, 2010 authorizing the employment

of Legal Analysis Systems as consultant on the valuation of asbestos liabilities to the Official

Committee of Unsecured Creditors Holding Asbestos-Related Claims.  On April 6, 2010, the

Court entered an order, approving the retention application.

6.       By Order dated March 29, 2011 (the "**Confirmation Order**"), the Court

confirmed the Amended Joint Chapter 11 Plan, dated December 7, 2010 (the "**Plan**").  The Plan

became effective on March 31, 2011.

### III.    RELIEF REQUESTED

7.       Legal Analysis System's monthly fee applications covering all periods from

March 15, 2010, through April 30, 2011, have previously been submitted to, and as per the

Debtor's Counsel direction, the interims for the period October 1, 2010 through March 31, 2011

have not been submitted to the Court therefore, the interims have not been approved by, the

Court on an interim basis.

8.       By the instant Application, Legal Analysis Systems also seeks the Court's final

approval of all interim awards of compensation and reimbursement of expenses for and with

respect to the entire period from March 15, 2010 through March 31, 2011.

### A.    FEES AND EXPENSES FOR WHICH APPROVAL IS REQUESTED FOR THE THIRD INTERIM PERIOD

9.       Between October 1, 2010 through March 31, 2011, in rendering services to the

Asbestos Claimants Committee, Legal Analysis Systems submitted to the Debtor the following

monthly fee statements:

| Date of Request | Period Covered By Request | Requested Fees | Requested Expenses | Payment Received[1] |
|---|---|---|---|---|
| 11/29/2010 | October 2010 | $14,580.00 | $0.00 | $14,580.00 |
| 12/23/2010 | November 2010 | $11,782.00 | $0.00 | $11,782.00 |
| 1/25/2011 | December 2010 | $114,676.00 | $0.00 | $114,676.00 |
| 2/28/2011 | January 2011 | $34,116.00 | $0.00 | $34,116.00 |
| 3/29/2011 | February 2011 | $16,524.00 | $0.00 | $16,524.00 |
| 4/29/2011 | March 2011 | $1,472.00 | $0.00 | $1,472.00 |
| TOTAL | | $241,437.50 | $0.00 | $241,437.50 |

---

[1] The payments received by Legal Analysis Systems represent 80% of the total fees incurred and 100% of the total expenses incurred to the extent not subject to any objection raised during the Application Period. All other amounts for this interim for services rendered by Legal Analysis Systems reflected in the monthly fee statements remain outstanding.

5

10.    Listed below are the professionals at Legal Analysis Systems who provided

services to or for the Asbestos Claimants Committee between October 1, 2010 through March

31, 2011, and their respective standard hourly rates for that period:

| Name | Position | Years Experience | Rate |
|------|----------|------------------|------|
| Peterson | Attorney/Social Psychologist | 38 | $800 |
| Relles | Statistician | 33 | $475 |

11.    All services for which compensation is requested by Legal Analysis Systems

pursuant to this Application were performed for or on behalf of the Asbestos Claimants

Committee in this case.

### IV.    NARRATIVE DESCRIPTION OF SERVICES

12.    (a) **Review, work on plan documents/rulings**:  We reviewed pleadings and

proposed and actual rulings on many matters, but our billable time involve almost entirely those

pertaining to attempts to obtain confidential data from trusts and matters related to the anonymity

protocol in this case.  We also reviewed proposed Trust documents including the Trust

Distribution Procedures.

13.    (b) **Confer with committee, professionals**:  We frequently conferred with

Committee members and attorneys representing the Claimants' Committee on developments in

the case including then-currently disputed motions particularly pertaining to claimants' data, the

availability and quality of Debtors' data and issues of data privacy.  We provided input on and

discussed Trust Distribution Procedures and other Plan issues with the Committee and counsel.

6

14.    (c) **Analyses of claims databases**: We received, cleaned, and organized the claims data upon which our analysis relies. We investigate the problems with and developed understand of these data so that we could adapt our analytical methods to what was available. We produced summaries and analyses of these claims data for the Committee and counsel's litigation and negotiation of the Case.

15.    (d) **Estimation of Debtor's liability**: We developed liability estimation methods that were specific to the features and limitations of Debtors' claims data; identified and investigated alternative assumptions about trends and patterns in claim filings against and resolutions by Debtors; designed, conducted and documented alternative liability estimates that provided a range of likely liability and that showed how alternative assumptions influenced liability estimates; and prepared documentations of this work for the Committee and counsel.

16.    (e) **Research on claims and settlements**: We undertook research to understand better patterns and trends in claim filings and resolutions that impacted estimates of liability. We sought data and had multiple interviews the law firms that prosecuted these claims about those claims and their settlements so that we could to better understand the MLC data and possibly anomalous resolutions.

17.    (f) **Research, obtain other data**: We obtained data on trials and verdicts in asbestos claims from Mealeys' Asbestos Litigation Reporter to understand broader trends in asbestos verdicts that provided a context for and possibly impacted Debtors' past settlements value of asbestos claims. We also obtained information from plaintiffs' law firms on their processes for resolving automobile and friction product claims both with GM and other manufacturers.

18.    (g) **Claims resolution procedures**: We reviewed claims resolution procedures for existing trusts to guide and aid in developing Trust Distribution Procedures in this Case.

19.    (h) **Other experts: evaluation, confer**: We thoroughly reviewed reports by HR&A and other professionals who had earlier considered or estimated Debtors' asbestos liability.  We had preliminary discussions with HR&A professionals about their use of Debtors' claims data. We reviewed financial filings that reflected this work by others.

20.    (i) **Confer with other parties/experts**: We conferred with professionals at HR&A and ARPC regarding availability and understanding of data pertaining to asbestos claims and their estimation.

21.    (k) **Analyses of other matters**:  Because of the particular procedures of this case and demands by the fee auditor we were required to design specific methods for budgeting, monitoring and billing that would be compatible with the activities we would be undertaking during the course of our engagement.  We did not otherwise bill for any work in preparing fee applications or other fee or expense related matters in this case.

22.    (m) **Report preparation**:  At the request of Committee Counsel, we outlined, created tables and graphics for drafted and drafted an expert report on our estimation of Debtors' costs and liabilities for asbestos bodily injury claims and carried out and documented additional analyses specifically for the report.

23.    Legal Analysis Systems has maintained detailed records of the time spent in the rendition of professional services for the Asbestos Claimants Committee during the Third Interim Period.  Attached hereto as Exhibit A and incorporated herein by reference is a true and correct

copy of the monthly billing statement prepared for the services rendered during that period by Legal Analysis Systems (the "**Billing Statement**").

24.     The Billing Statement is in the same form regularly used by Legal Analysis Systems to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service.  In addition, attached hereto as Exhibit B and incorporated herein by reference is a summary by category of the professional services provided during the Third Interim Period.

25.     As set forth on Exhibits A and B, Legal Analysis Systems rendered 354.00 hours of professional services during the Application Period, resulting in legal fees totaling $ 241,437.50 and associated reasonable and necessary expenses totaling $ .00.

26.     The total value of the services rendered by Legal Analysis Systems as shown on Exhibit B, broken down among the persons rendering the services is as follows[*]:

| Name | Hours | Hourly Rate | Value |
| --- | --- | --- | --- |
| Peterson | 225.50 | $800 | $180,400.00 |
| Relles | 128.50 | $475 | $ 61,037.50 |
| **Total** | **354.00** | | **$241,437.50** |

27.     Attached hereto as Exhibit C and incorporated herein by reference is a summary

---

[*] Nonworking travel time is billed at one-half the professional's usual hourly rate. *See* Exhibit A, for breakdown.

by category of the expenses incurred by Legal Analysis Systems during the Third Interim Period

for which reimbursement is requested.  This information also appears on Exhibit A.  Further

supporting documentation is available upon request.

28.  Legal Analysis Systems provides expert services regarding investigation, analysis

and valuation of personal injury claims in bankruptcy and litigation related matters.   The

services that Legal Analysis Systems has performed and will continue to perform for the

Asbestos Claimants Committee include, but are not limited to, the following:

a)   Review analysis, development and/ or oversight of proposed Disclosure Statement.,

Plan, and other similar documents in this reorganization proceeding; review relevant submissions to

and rulings by the Court;

b)   Meetings, conferences, telephone, email with committee members, counsel or other

professionals;

c)   Review and analysis of the Debtor's asbestos claims database and review and

analysis of the Debtor's resolution of various Asbestos Claims, review and analysis of other relevant

data;

d)   Estimation of the Debtor's liability for Asbestos Claims that are pending at the

present time as well as those that will be filed in the future;

e)   Review documents and conduct other research on claims filings or settlements, issue

of asbestos exposures, presence of asbestos containing materials and other facts that explain or

contribute to understanding claims data and results of analysis of that data;

f)   Identify, develop or obtain other relevant data;

10

g)  Develop, review and quantitative analyses of claims resolution procedures including estimation of payments that would be made to various types of claims under those alternatives and development of cash flow analyses of an asbestos compensation trust under alternative procedures;

h)  Evaluation of reports and opinions of experts and consultants retained by other parties to these bankruptcy proceedings;

i)  Meet with other parties and other parties' experts or professionals;

j)  Evaluations and analyses of proposed proofs of claims and bar dates and analyses of data from proofs of claim for asbestos claims;

k)  Quantitative analyses of other matters related to the Asbestos Claims as may be requested by the ACC;

l)  Prepare reports on analyses, liability forecasts, trust procedures or other matters requested by counsel;

m)  Non-working travel (billed at half rate);

n)  o)  Prepare fee applications.

29.  The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statement attached as Exhibit A.

30. A cumulative summary of Legal Analysis Systems for services rendered and reimbursement of expenses as consultant on the valuation of asbestos liabilities for the Asbestos Claimants Committee is attached as Exhibit D for the period October 1, 2010 through March 31, 2011.

**B.    LEGAL ANALYSIS SYSTEM'S PRIOR MONTHLY APPLICATIONS**

31.  Previously, pursuant to monthly fee applications, Legal Analysis System's has

11

requested fees and expense reimbursement as follows for interim periods between March 15,

2010, and September 30, 2010.  As indicated in the right-hand column of the following chart,

each of the previously-filed monthly fee applications has been granted.

| Date of Request | Period Covered By Request | Requested Fees | Requested Expenses | Payment Received[2] |
|---|---|---|---|---|
| 07/13/2010 | April 28 - May 31, 2010 | $27,385.60 | $969.19 | $28,354.79 |
| 07/29/2010 | June 2010 | $19,171.60 | $2,510.26 | $21,681.86 |
| 08/24/2010 | July 2010 | $19,594.00 | $0.00 | $19,594.00 |
| 08/05/2010 | First Interim Fee Application (April 28-May 31) | $34,232.00 | $969.19 | $35,201.19 |
| 10/27/2010 | August 1- September 30, 2010 | $94,799.60 | $0.00 | $94,799.60 |
| 11/15/2010 | Second Interim Fee Application (June | $166,956.50 | $2,510.26 | $169,466.76 |

[2] The payments received by Legal Analysis Systems represent 80% of the total fees incurred and 100% of the total expenses incurred to the extent not subject to any objection raised during the Application Period.  All other amounts for this interim for services rendered by Legal Analysis Systems reflected in the monthly fee statements remain outstanding.

| | 1-September 30, 2010) | | | |
|---|---|---|---|---|
| **TOTAL** | | **$201,188.50** | **$3,479.45** | **$204,667.95** |

32.   If , as requested by this Application, the Court grants final approval of the foregoing amounts previously approved on an interim basis and also awards Legal Analysis System's the requested compensation and reimbursement of expenses for the Third Interim Period, the total amount of Legal Analysis System's approved fees for the period from March 15, 2010, through March 31, 2011, will be **$435,059.50**[3] and the total amount of approved expense reimbursement for the same period will be **$3,479.45**.

33.   The Debtor has paid all awards to Legal Analysis Systems previously ordered by the Court, through and including the Second Interim Fee Application.  The total amounts of Legal Analysis System's requested fees and expense reimbursements that remain payable by the Debtor, subject to the Court's approval, are as follows:

| Date of Request | Period Covered By Request | Requested Fees | Requested Expenses | Payment Received[4] |
|---|---|---|---|---|
| 11/29/2010 | October 2010 | $14,580.00 | $0.00 | $14,580.00 |

---

[3] This amount reflects a Fee Auditor Reduction of $7,566.00.

[4] The payments received by Legal Analysis Systems represent 80% of the total fees incurred and 100% of the total expenses incurred to the extent not subject to any objection raised during the Application Period.  All other amounts for this interim for services rendered by Legal Analysis Systems reflected in the monthly fee statements remain outstanding.

13

| | | | | |
|---|---|---|---|---|
| 12/23/2010 | November 2010 | $11,782.00 | $0.00 | $11,782.00 |
| 1/25/2011 | December 2010 | $114,676.00 | $0.00 | $114,676.00 |
| 2/28/2011 | January 2011 | $34,116.00 | $0.00 | $34,116.00 |
| 3/29/2011 | February 2011 | $16,524.00 | $0.00 | $16,524.00 |
| 4/29/2011 | March 2011 | $1,472.00 | $0.00 | $1,472.00[5] |
| **TOTAL** | | **$241,437.50** | **$0.00** | **$241,437.50** |

## V.    REQUEST FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

34. Legal Analysis System has endeavored to represent the Asbestos Claimants Committee effectively and efficiently.  The professionals at Legal Analysis System have coordinated their activities with other counsel for the Asbestos Claimants Committee to avoid duplication of effort.

WHEREFORE, Legal Analysis System respectfully requests that the Court enter an Order approving and allowing the amounts requested herein, as follows:

---

[5] Payment is still outstanding.

14

a)    Granting final approval and allowance of compensation for professional services
rendered for the period March 15, 2010, through March 31, 2011, in the amount of $435,059.50[6]
(including $241,437.50 for and with respect to the period October 1, 2010, through March 31,
2011);

b)    Granting final approval and allowance for reimbursement of expenses in the amount
of $3,479.75 for the period March 15, 2010, through March 31, 2011 (including $0.00 for and with
respect to the period October 1, 2010, through March 31, 2011); and

c)    Granting such other further relief as the Court deems appropriate.

LEGAL ANALYSIS SYSTEMS, INC.


Mark A. Peterson (L.X.)
_____
Mark A. Peterson
LEGAL ANALYSIS SYSTEMS, INC.
970 Calle Arroyo
Thousand Oaks, CA 91360
Mark.peterson56@verizon.net
TEL 805-499-3572
FAX 805-499-7126

*Valuation Consultant to the Official Committee
Of Unsecured Creditors Holding Asbestos-
Related Claims of Motors Liquidation Company*

Dated: May 16, 2011

---

[6] This amount reflects a Fee Auditor Reduction of $7,566.00.

15

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09- 50026 (REG) |
| Debtor. | |

**ORDER AWARDING COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES**

The Court considered the Third and Final Application of Legal Analysis Systems, Inc. ("**Legal Analysis Systems**"), For Interim Compensation And Reimbursement Of Expenses As Valuation Consultant to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims of Motors Liquidation Company  (the "**Application**"), which Application requests allowance and payment of compensation and reimbursement of expenses in accordance with §330 and §331 of the Bankruptcy Code, and it appearing that notice of the Application was duly given in accordance with the provisions of the Bankruptcy Rules, and no further notice being necessary, and upon the record being made before this Court, and after due deliberation, and sufficient cause appearing therefore, it is hereby;

ORDERED that the Application is granted;

FURTHER ORDERED that the Debtor is directed to pay immediately any remaining unpaid fees and expenses requested in the Application.

Dated: _____ _____, 2011

_____
Honorable Robert E. Gerber
United States Bankruptcy Court Judge