**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09- 50026 (REG) |
| Debtor. | **Hearing Date:** TBD<br>**Objection Deadline:** TBD |

**THIRD INTERIM APPLICATION AND FINAL APPLICATION OF CAPLIN & DRYSDALE, CHARTERED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Caplin & Drysdale, Chartered |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims of Motors Liquidation Company, *et al*. |
| Date of Retention: | April 21, 2010 *Nunc pro Tunc* to October 6, 2009 |
| Period for which Compensation and Reimbursement are sought: | October 6, 2009 through March 31, 2011 |
| Amount of Compensation sought as actual, reasonable And necessary | $2,297,993.96 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $173,913.01 |

This is an:    _x_ interim quarterly    __x__ final application.

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09- 50026 (REG) <br><br> **Hearing Date: TBD** <br> **Objection Deadline: TBD** |
| Debtor. | |

**THIRD INTERIM APPLICATION AND FINAL APPLICATION OF CAPLIN & DRYSDALE, CHARTERED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Administrative Order**"), the law firm of Caplin & Drysdale, Chartered ("**Caplin & Drysdale**") hereby submits this application (the "**Application**") for (1) approval of compensation for its professional services rendered, and reimbursement of actual and necessary expenses incurred, as counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants Committee"** or **"ACC"**) of the debtor, Motors Liquidation Company, *et. al*., ("**Debtor**"), during the interim period of October 1, 2010 through March 31, 2011 (the "**Third Interim Application"**), including fees for services rendered in connection with the preparation of the instant Application; and (2) final approval and allowance of all compensation for professional services rendered by Caplin & Drysdale to the Asbestos Claimants Committee, and reimbursement of its actual and necessary expenses

2

incurred, during and with respect to the period from October 6, 2009, through March 31, 2011. In support of this Application, Caplin & Drysdale respectfully represents as follows:

### I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 11 U.S.C. §331.

### II. BACKGROUND

2. On June 1, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 under Title 11 of the United States Code (the "**Bankruptcy Code**").

3. From the Petition Date through the date of this Third and Final Interim Application, the Debtor has continued to operate its businesses and manage its properties as debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 2, 2010, the Office of the United States Trustee appointed the Asbestos Claimants Committee pursuant to section 1102 of the Bankruptcy Code. The Asbestos Claimants Committee is comprised entirely of persons who hold pending claims against the Debtor for asbestos-related personal injury or wrongful death.

5. On March 18, 2010, the Asbestos Claimants Committee filed and served its Application to Employ Caplin & Drysdale, Chartered as The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims *Nunc Pro Tunc* to October 6, 2009. On April 21, 2010, the Court entered an order, approving the retention application to March 5, 2010.

6. On July 16, 2010, the Bankruptcy Court filed an additional Order approving the retention of Caplin & Drysdale *Nunc Pro Tunc* to October 6, 2009.

7. By Order dated March 29, 2011 (the "**Confirmation Order**"), the Court confirmed the Amended Joint Chapter 11 Plan, dated December 7, 2010 (the "**Plan**"). The Plan became effective on March 31, 2011.

### III. RELIEF REQUESTED

8. Caplin & Drysdale's monthly fee statements covering all periods from October 1, 2010, through March 31, 2011, have previously been submitted to the Debtor. No application for interim approval of those monthly fee statements has previously been filed. In addition, fee applications for the First and Second Interim Periods have been filed by Caplin & Drysdale and, with specified reductions in fees and expenses, have been approved by the Court. By the instant Application, Caplin & Drysdale now submits for approval its time charges logged and expenses incurred from and with respect to the period October 1, 2010 through March 31, 2011 (the "**Third Interim Period**"). Included in the time charges for the Third Interim Period are time charges logged through May 13, 2011 in connection with the preparation of the instant Application.

9. Also included in the time charges for the Third Interim Period are fees totaling $69,218.00 for services rendered by Caplin & Drysdale attorney, Ronald E. Reinsel, between October 22, 2010 and January 31, 2011. Due to an accounting error, the fees corresponding to these services were logged to a defunct client billing code and not included in Caplin & Drysdale's monthly fee statements submitted to the Debtor. Details concerning Mr. Reinsel's services in question are set forth in Exhibit A-1 to this Application.

10. By the instant Application, Caplin & Drysdale also seeks the Court's final approval of all interim awards of compensation and reimbursement of expenses for and with respect to the entire period from October 6, 2009 through March 31, 2011.

**A.     FEES AND EXPENSES FOR WHICH APPROVAL IS REQUESTED FOR THE THIRD INTERIM PERIOD**

11.     Between October 1, 2010 and March 31, 2011, Caplin & Drysdale submitted to the Debtor the following monthly statements of fees and expenses.

| Date of Request | Period Covered By Request | Requested Fees | Requested Expenses | Payment Received[1] |
|---|---|---|---|---|
| 11/29/2010 | October 2010 | $191,445.00 | $13,474.66 | $166,630.66 |
| 12/23/2010 | November 2010 | $405,930.25 | $42,343.67 | $367,087.87 |
| 1/27/2011 | December 2010 | $217,565.00 | $12,182.65 | $186,666.65 |
| 2/22/2011 | January 2011 | $113,018.25 | $9,128.47 | $99,543.07 |
| 3/20/2011 | February 2011 | $79,818.50 | $4,271.85 | $-0- |
| 4/29/2011 | March 2011 | $141,791.00 | $7,004.60 | $-0- |
| 5/16/2011 | October 2010-January 2011[2] | $69,218.00 | $-0- | $-0- |
| **TOTAL** | | **$1,218,786.00** | **$88,405.90** | **$819,928.25** |

12.     Listed below are the professionals at Caplin & Drysdale who provided services to or for the Asbestos Claimants Committee between October 1, 2010 and March 31, 2011, and

---

[1] The payments received by Caplin & Drysdale represent 80% of the total fees requested and 100% of the total expenses requested to the extent not subject to any objection raised during the Application Period. Thus, 20% of the requested fees listed above remain unpaid.

[2] *See* paragraph 9 above.

5

their respective standard hourly rates for that period.  Caplin & Drysdale's blended hourly rate for the Third Interim Period was $427.01:

| **Name** | **Position** | **Years Experience** | **Billing Rate For year 2010[3]** | **Rate For Year 2011** |
|---|---|---|---|---|
| Elihu Inselbuch (EI) | Attorney | 49 | $950 | $1,000 |
| Peter Van N. Lockwood (PVNL) | Attorney | 45 | $860 | $905 |
| Trevor W. Swett (TWS) | Attorney | 30 | $675 | $710 |
| Ronald E. Reinsel (RER) | Attorney | 25 | $655 | $690 |
| Richard W Skillman (RWS) | Attorney | 40 | $735 | $770 |
| Ann C. McMillan (ACM) | Attorney | 27 | $595 | $625 |
| Jeffrey A. Liesemer (JAL) | Attorney | 18 | $510 | $535 |
| Kevin C. Maclay (KCM) | Attorney | 17 | $510 | $535 |
| James P. Wehner (JPW) | Attorney | 16 | $510 | $535 |
| Neal M. Kochman (NMK) | Attorney | 15 | $480 | $520 |
| Rita C. Tobin (RCT) | Of Counsel | 21 | $545 | $545 |
| Jeanna Rickards Koski (JMR) | Associate | 7 | $340 | $380 |
| Andrew J. Sackett (AJS) | Associate | 6 | $310 | $340 |
| Todd E. Phillips (TEP) | Associate | 6 | $300 | $340 |
| Kate G. Henningsen (KGH) | Associate | 1 | $230 | $240 |
| Erroll G. Butts (EGB) | Paralegal | 16 | $240 | $245 |
| Eugenia Benetos (EB) | Paralegal | 9 | $210 | $215 |
| Sayem Osman (SO1) | Paralegal | 9 | $200 | $205 |
| Sara Joy DelSavio (SJD) | Paralegal | 6 | $200 | $205 |
| Christopher E. Williamson (CEW) | Paralegal | 9 | $200 | $205 |
| Oleksandra P. Davydenko (OPD) | Paralegal | 3 | $200 | $205 |
| Mollie E. Gelburd (MEG) | Paralegal | 1 | $-0- | $205 |
| Stephen M. Pennartz (SMP) | Paralegal | 1 | $200 | $205 |

13. Included in the fees for which approval is requested for the Third Interim Period, are fees logged by Caplin & Drysdale professionals between April 1, 2011 and May 13, 2011 in preparing the instant Application.  Listed below are the professionals at Caplin & Drysdale who

---

[3] Certain services provided to the ACC are billed at 50% of Caplin & Drysdale's usual hourly rates.  Such services include non-working travel and fee application preparation time.

6

provided services to or for the Committee between April 1, 2011 and May 13, 2011, and their respective hourly rates for this period.  Caplin & Drysdale's blended hourly rate regarding preparation of the Application was $246.97:

| **Name** | **Position** | **Years Experience** | **Rate** |
|---|---|---|---|
| Trevor W. Swett (TWS) | Attorney | 30 | $710 |
| Ronald E. Reinsel (RER) | Attorney | 25 | $690 |
| Rita C. Tobin (RCT) | Legal Counsel | 21 | $545 |
| Eugenia Benetos (EB) | Paralegal | 9 | $215 |

14.   In addition, as directed by the Fee Examiner ( *See* Memorandum, "Final Fee Applications/Motors Liquidation Company, *et al.*, dated May 4, 2011),  Caplin & Drysdale has prepared a statement, attached hereto as Exhibit G, of all rate increases for each timekeeper over the course of the case.  As stated in Caplin & Drysdale's retention application, Caplin & Drysdale reviews and adjusts billing rates for its professionals on an annual basis.

15.   All services for which compensation is requested by Caplin & Drysdale pursuant to this Application were performed for or on behalf of the Asbestos Claimants Committee in this case.

### IV.   NARRATIVE DESCRIPTION OF SERVICES

16.   **Asset Analysis & Recovery (.01)**:  During the Third Interim Period, Caplin & Drysdale professionals performed research, reviewed documents and communicated with a consultant to the ACC and with counsel to the Unsecured Creditors' Committee ("**UCC**") regarding potential recoveries from certain contingent and potentially disputed assets.

17.   **Case Administration (.04):**  Services performed in the case administration category during the Third Interim Period included reviewing filings and related materials to identify issues affecting the interests of the asbestos constituency, and other administrative issues relating to Caplin & Drysdale's representation of the Asbestos Claimants Committee.

7

18. **Fee Applications-Self (.07):** During the Third Interim Period, Caplin & Drysdale professionals prepared, reviewed, and served or filed, monthly budgets and fee applications, as well as Caplin & Drysdale's Second Interim Quarterly Application.

19. **Litigation (.10):** During the Third Interim Period, Caplin & Drysdale attorneys researched, prepared, and litigated objections to certain discovery sought by the UCC for an anticipated contested proceeding for estimation of the Debtor's asbestos liability; negotiated a confidentiality stipulation and an anonymity protocol regarding the proposed discovery; served discovery on the Debtors, the UCC, and numerous third parties regarding asbestos liability estimation topics; and researched related issues concerning expert witnesses. Caplin & Drysdale attorneys also researched and formulated objections to the Debtor's plan of reorganization (**"Plan"**) and disclosure statement (**"Disclosure Statement"**) and engaged in negotiations and other efforts aimed at resolving the foregoing matters on a basis acceptable to the Asbestos Claimants Committee.

20. **Plan & Disclosure Statement (.11):** Services performed during the Third Interim Period included negotiations with the UCC regarding estimation of the Debtor's asbestos liability; negotiating and drafting an asbestos trust agreement and trust distribution procedures; reviewing and responding to the Disclosure Statement; analyzing a range of issues relating to disclosure and the Plan; and preparing for and participating in the disclosure statement and confirmation hearings.

21. **Tax Issues (.13):** During the Third Interim Period, Caplin & Drysdale professionals examined potential tax issues relating to the asbestos trust created under the Plan.

22. **Committee Meetings/Conferences (.15):** Services provided during the Third Interim Period included preparing reports and memoranda to the ACC; participating in ACC

meetings; reviewing with the ACC the Disclosure Statement and the Plan; reporting to the Committee on settlement negotiations; and advising the ACC regarding additional issues affecting the asbestos claimant constituency.

23.   **Travel (.16):**  As further detailed in Exhibits A and B, Caplin & Drysdale professionals made several necessary business trips during the Third Interim Period.

24.   **Docket Review & Control (.17):**  During the Third Interim Period, Caplin & Drysdale paraprofessionals identified and annotated relevant filings; maintained detailed legal pleadings files; prepared case files for hearings; performed docket research; and generally provided legal support to Caplin & Drysdale attorneys.

25.   **Fee Applications - Others (.18):**  During the Third Interim Period, Caplin & Drysdale assisted the ACC's experts, Legal Analysis Systems, Inc., in the preparation of budget reports, monthly fee applications, and interim fee applications.

26.   **Fee Auditor Matters -- Self (.21):**  During the Third Interim Period, Caplin & Drysdale professionals prepared responses to and negotiated with the Fee Auditor regarding numerous questions and potential objections, the majority of which were consensually resolved.

27.   **Estimation Hearing (.22):**   During the Third Interim Period, Caplin & Drysdale professionals engaged in extensive preparation for an anticipated contested estimation of the Debtor's total liability for pending and future asbestos tort and wrongful death claims.  These efforts included negotiations with other parties concerning the schedule for discovery and briefing pertaining to the estimation; planning expert testimony and cross-examinations; drafting discovery requests; consulting with the ACC's asbestos claims expert; and negotiating and ultimately concluding an agreed estimate with the UCC and the Debtor.

9

28.     Caplin & Drysdale has maintained detailed records of the time spent in the rendition of professional services for the Asbestos Claimants Committee during the Third Interim Period. Attached hereto as Exhibit A and incorporated herein by reference is a true and correct summary that restates the charges previously billed in Caplin & Drysdale's Monthly Fee Statements. Attached hereto as Exhibit A-1 and incorporated herein by reference is a true and correct copy of a billing statement setting forth the services rendered by Ronald E. Reinsel between October 22, 2010 and January 31, 2011, and the associated charges for those services, which, as noted above, have not been reflected in monthly statements during the period as the result of a clerical error. Attached hereto as Exhibit E and incorporated herein by reference is a true and correct copy of the billing statement prepared for the services rendered during that period by Caplin & Drysdale in connection with the preparation of the instant application.

29.     Both Exhibits A, A-1 and E are in the same form regularly used by Caplin & Drysdale to bill its clients for services rendered and include for each task the date when the service was rendered, a detailed, contemporaneous narrative description of the service, the amount of time spent for the service, and the identity of the professional who performed the service. In addition, attached hereto as Exhibit B and incorporated herein by reference is a summary by category of the professional services provided during the Third Interim Period.

30.     Set forth below are categories of the expenses incurred by Caplin & Drysdale during the Third Interim Period, for which reimbursement is requested pursuant to this Application, as well as the rates applied in charging for the identified items:

a) Copy charges: Caplin & Drysdale charges $0.10 per page for copies. That charge is based on an analysis of the cost to Caplin & Drysdale to make a copy.

b)  Computer research charges:  Caplin & Drysdale passes through at cost all computer-assisted research charges.

c)  Outgoing facsimile charges: Caplin & Drysdale charges $0.15 for each page.  These charges are based on an analysis of the cost to Caplin & Drysdale to send facsimile transmissions.  Caplin & Drysdale does not pass through to its clients expenses or charges related to incoming facsimile transmissions.

31.   Attached hereto as Exhibit C-1 and incorporated herein by reference is a summary by category of the expenses incurred by Caplin & Drysdale during the Third Interim Period for which reimbursement is requested.  This information also appears on Exhibit A.  Furthermore, attached hereto as Exhibit C-2 and incorporated herein by reference are copies of all the pre-bill reports and receipts for the Third Interim Period of our expenses incurred by Caplin & Drysdale for which reimbursement is requested.  Additional supporting documentation is available upon request.

32.   The general areas in which Caplin & Drysdale has rendered professional services to the Asbestos Claimants Committee during the Application Period in the Case may be broadly characterized as follows:

a)  providing legal advice with respect to the Asbestos Claimants Committee's powers and duties as an official committee appointed under section 1102(a)(1) of the Bankruptcy Code;

b)  preparing on behalf of the Asbestos Claimants Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

c)  appearing in Court to present necessary motions, applications and pleadings and otherwise protecting the interests of the Asbestos Claimants Committee; and

        d)   performing legal services for the Asbestos Claimants Committee necessary and proper in these proceedings.

33.     The generality of the foregoing description is amplified on a day-to-day basis by the detail provided in Exhibits A and A-1.

34.     A cumulative summary of Caplin & Drysdale's services rendered and expenses incurred as Counsel to the Asbestos Claimants Committee during the Third Interim Period is attached as Exhibit D.

35.     Also pursuant to the UST Guidelines, annexed hereto as Exhibit F is a schedule identifying all professionals employed by the Applicant who have performed services in these Chapter 11 cases during the Third Interim Period and the dates and places of admission regarding each such professional.

### B.   CAPLIN & DRYSDALE'S INTERIM AWARDS

36.     Pursuant to monthly fee and expense statements submitted to the Debtor, Caplin & Drysdale has previously requested fees and expense reimbursement as follows for the period October 6, 2009, and September 30, 2010. As indicated in the right-hand column of the following chart, Caplin & Drysdale's applications filed in August 2010 and November 2010, respectively, for interim approval of such fees and expense reimbursements for all months in the foregoing period have been granted by the Court, subject to the disallowance of certain items. The figures below reflect the amounts awarded and do not include any disallowed items.

12

| Date of Request | Period Covered By Request | Fees Awarded | Expenses Awarded | Payment Received[4] |
|---|---|---|---|---|
| 08/05/2010 | First Interim Fee Application (March 5-May 31) | $483,409.71 | $49,976.08 | $485,044.82 |
| 11/15/2010 | Second Interim Fee Application (June 1-September 30) | $584,536.50 | $35,531.03 | $561,613.88 |
| **TOTAL** | | **$1,067,946.21** | **$85,507.11** | **$1,046,658.70** |

37.     If, as requested by this Application, the Court grants final approval of the foregoing amounts previously approved on an interim basis and also awards Caplin & Drysdale the requested compensation and reimbursement of expenses for the Third Interim Period, the total amount of Caplin & Drysdale's approved fees for the period from October 6, 2009, through March 31, 2011, will be **$2,286,732.21**[5] and the total amount of approved expense reimbursement for the same period will be **$173,913.01**.

38.     The Debtor has paid all awards to Caplin & Drysdale previously ordered by the

---

[4] The payments received by Caplin & Drysdale represent 90% of the total fees awarded and 100% of the total expenses awarded.

[5] This total includes a credit to the Debtors in the amount of $540.00, for .8 hours of services by Caplin & Drysdale attorney Trevor W. Swett, which were billed to MLC in the December 2010 Monthly Fee Statement. These services pertained to a different case and were included in the MLC statement by mistake.

13

Court, through and including the Second Interim Fee Application. The total amounts of Caplin & Drysdale's requested fees and expense reimbursements that remain payable by the Debtor, subject to the Court's approval, are as follows**:**

| Date of Request | Period Covered By Request | Fees Outstanding | Expenses Outstanding | Total Outstanding |
|---|---|---|---|---|
| 08/05/2010 | March 5, 2010- May 31, 2010 | $48,340.97 | $0 | $48,340.97 |
| 11/15/2010 | June 1, 2010- September 30, 2011 | $58,453.65 | $0 | $58,453.65 |
| 11/29/2010 | October 2010 | $38,289.00 | $0 | $38,289.00 |
| 12/23/2010 | November 2010 | $81,186.05 | $0 | $81,186.05 |
| 1/27/2011 | December 2010 | $43,621.00 | $0 | $43,621.00 |
| 2/22/2011 | January 2011 | $22,603.65 | $0 | $22,603.65 |
| 3/20/2011 | February 2011 | $79,818.50 | $4,271.85 | $84,090.35 |
| 4/29/2011 | March 2011 | $141,791.00 | $7,004.60 | $148,795.60 |

14

| | | | | |
|---|---|---|---|---|
| 5/16/2011 | October 2010-January 2011[6] | $69,218.00 | $0 | $69,218.00 |
| **TOTAL** | | **$583,321.82** | **$11,276.45** | **$594,598.27** |

## V. REQUEST FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

39. Caplin & Drysdale has endeavored to represent the Committee effectively and efficiently.

WHEREFORE, Caplin & Drysdale respectfully requests that the Court enter an Order approving and allowing the amounts requested herein, as follows:

a) Granting interim approval and allowance of compensation for professional services rendered for the period October 6, 2009, through March 31, 2011, in the amount of $2,297,993.96 (including $1,218,786.00 or and with respect to the period October 1, 2010, through March 31, 2011);

b) Granting final approval and allowance for reimbursement of expenses in the amount of $173,913.01 for the period of October 6, 2009, through March 31, 2011 (including $88,405.90 for and with respect to the period October 1, 2010, through March 31, 2011); and

c) Granting such other further relief as the Court deems appropriate.

---

[6] *See* paragraph 9 above.

15

Respectfully submitted,

CAPLIN & DRYSDALE, CHARTERED

/s/ Trevor W. Swett III
Trevor W. Swett III
tws@capdale.com
Caplin & Drysdale, Chartered
One Thomas Circle, NW
Washington, DC 20005
(202) 862-5000

Elihu Inselbuch (EI2843)
ei@capdale.com
Rita C. Tobin (RCT 5413)
rct@capdale.com
375 Park Avenue, 35th Floor
New York, NY  10152-3500
(212) 319-7125

*Counsel for the Official Committee
Of Unsecured Creditors Holding Asbestos-
Related Claims of Motors Liquidation Company*

Dated: May 17, 2011

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 09- 50026 (REG) |

**ORDER AWARDING COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

The Court considered the Third and Final Application of Caplin & Drysdale, Chartered ("**Caplin & Drysdale**"), For Interim Compensation And Reimbursement Of Expenses As Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims of Motors Liquidation Company  (the "**Application**"), which Application requests allowance and payment of compensation and reimbursement of expenses in accordance with §330 and §331 of the Bankruptcy Code, and it appearing that notice of the Application was duly given in accordance with the provisions of the Bankruptcy Rules, and no further notice being necessary, and upon the record being made before this Court, and after due deliberation, and sufficient cause appearing therefor, it is hereby;

ORDERED that the Application is granted;

FURTHER ORDERED that the Debtor is directed to pay immediately any remaining unpaid fees and expenses requested in the Application.

Dated: _____, 2011

                                                                                         Honorable Robert E. Gerber
                                                                                         United States Bankruptcy Court Judge