HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :    **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*     :
                                              :
              Debtors.                        :    **(Jointly Administered)**
                                              :
---------------------------------------------------------------x

### NOTICE OF 221ST OMNIBUS OBJECTION TO CLAIMS
**(Claims for Equity Interests)**

**PLEASE TAKE NOTICE** that on May 20, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed an omnibus objection to expunge certain claims (the "**221st Omnibus**

**Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 221st Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

US_ACTIVE:\43713410\01\72240.0639

of New York, One Bowling Green, New York, New York 10004, on **June 22, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 221ST OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 221st Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be

received no later than **June 15, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 221st Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 221st Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       May 20, 2011

                               /s/ Joseph H. Smolinsky
                               Harvey R. Miller
                               Stephen Karotkin
                               Joseph H. Smolinsky

                               WEIL, GOTSHAL & MANGES LLP
                               767 Fifth Avenue
                               New York, New York 10153
                               Telephone: (212) 310-8000
                               Facsimile: (212) 310-8007

                               Attorneys for Motors Liquidation
                                  Company GUC Trust

**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
**In re**                                 :   **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :   **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.* :
                                          :
              Debtors.                    :   **(Jointly Administered)**
                                          :
------------------------------------------------------------x

## 221ST OMNIBUS OBJECTION TO CLAIMS
### (Claims for Equity Interests)

---

**THIS OBJECTION SEEKS TO DISALLOW CERTAIN FILED PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time, the "**Plan**"), respectfully represents:

US_ACTIVE:\43713410\01\72240.0639

**Relief Requested**

1. Prior to commencing these chapter 11 cases, the Debtors had issued hundreds of millions of shares of common equity that were held by a wide range of investors. In these chapter 11 cases, over a thousand proofs of claim were filed against the Debtors that assert nothing more than the mere ownership of equity interests in the Debtors (the "**Claims for Equity Interests**"). The vast majority of the Claims for Equity Interests apparently were filed by holders of equity interests who erroneously believed that they could assert a claim for the purchase price of their equity interests. The Claims for Equity Interests are, however, objectionable because only a creditor may file a proof of claim, and an equity interest holder is not a creditor. Accordingly, the Claims for Equity Interests should be disallowed as claims and reclassified as equity interests, which will preserve for the holders of such claims any entitlement to a distribution solely on account of the ownership of equity interests.

2. The GUC Trust files this 221st Omnibus Objection (the "**221st Omnibus Objection to Claims**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the Claims for Equity Interests listed on **Exhibit "A"** annexed hereto, and reclassifying those Claims for Equity Interests as equity interests.[1]

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026.

5. On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled "*Means for Implementation and Execution of the Plan*," provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

6. Section 4.6 of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*" provides that:

> Each holder of an Equity Interest shall neither receive nor retain any property or interest in property on account of such Equity Interest; *provided, however*, that in the event all Allowed Claims have been satisfied in full, holders of Equity Interests may receive a pro rata distribution of any remaining assets of the Debtors.

---

[2] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

**The Relief Requested Should Be Approved by the Court**

7.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.  Bankruptcy Rule 3007(d)(7) allows parties in interest to file omnibus objections to claims that are "are interests, rather than claims."  Fed. R. Bankr. P. 3007(d)(7).  The rationale behind allowing parties in interest to object to such claims is that the Bankruptcy Code differentiates between a "claim" and an "equity security."  *See* 11 U.S.C. §§ 101(5), 101(16).  Under the Bankruptcy Code, those who have "claims" against the Debtors are called "creditors" while those who hold "equity securities" are called "equity security holders."  *See id.* §§ 101(10), 101(17).  While creditors were entitled to file proofs of claim to preserve their rights to distributions on account of their claims, equity security holders were not entitled to file proofs of claim to preserve their rights, if any, based solely on their ownership of equity interests.  The filing of a proof of claim by an equity security holder for that purpose was neither necessary nor sufficient.  *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").  While equity security holders in these chapter 11 cases were entitled, to the extent they held "claims" against the Debtors, to file a proof of claim to preserve such "claims," which are distinct from rights arising solely from the ownership of equity interests, each of the Claims for Equity Interests assert only equity interests.  As such, the Claims for Equity Interests should be disallowed and

reclassified as equity interests. The reclassification of the Claims for Equity Interests to equity interests will preserve any entitlement the holders of Claims for Equity Interests have to a distribution, if any, solely on account of the ownership of equity interests.

## Reservation of Rights

9. The GUC Trust reserves the right to object to any of the Claims for Equity Interests that are not disallowed in their entirety for any reason and to object on any basis to any of the Claims for Equity Interests that are reclassified as equity interests.

## Notice

10. Notice of this 221st Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

11. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
May 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

221st Omnibus Objection     **Exhibit A**     **Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG), Jointly Administered**

**CLAIMS TO RECLASSIFY**

## CLAIMS TO RECLASSIFY

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| AGNES SCHMITZ<br>1309 WESTWOOD DR<br>NORTH TONAWANDA, NY 14120 | 71039 | Motors Liquidation Company | $5,581.39 | Equity Interest Claim | Pgs. 1-5 |
| ARLENE K SCHWARTZ<br>680 NORTH TERRACE AVE<br>MT VERNON, NY 10552 | 71053 | Motors Liquidation Company | $5,578.62 | Equity Interest Claim | Pgs. 1-5 |
| ASHOK MENDIRATTA<br>5805 GREENEVERS DRIVE<br>RALEIGH, NC 27613 | 71110 | Motors Liquidation Company | $14,281.04 | Equity Interest Claim | Pgs. 1-5 |
| BETTY PICKERING<br>2200 CLEVELAND APT 302<br>MIDLAND, MI 48640 | 71072 | Motors Liquidation Company | $2,000.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| BRENDA EHRLICH SEGAL<br>1745 WINTERTHUR CLOSE<br>ATLANTA, GA 30328 | 71042 | Motors Liquidation Company | $1,812.48 | Equity Interest Claim | Pgs. 1-5 |
| CARL C WEBB<br>C/O C C WEBB<br>42 PENLAWN CT<br>HOWARD, OH 43028 | 70660 | Motors Liquidation Company | $8,200.00 | Equity Interest Claim | Pgs. 1-5 |
| CAROL A OWENS<br>2301 W MARION AVE<br>PUNTA GORDA, FL 33950 | 71018 | Motors Liquidation Company | $22,000.00 | Equity Interest Claim | Pgs. 1-5 |
| CECIL PIRRONG<br>2525 NW 60TH<br>OKLAHOMA CITY, OK 73112 | 70953 | Motors Liquidation Company | $47.10 | Equity Interest Claim | Pgs. 1-5 |
| CHIRSTOPHER ANTONIOU<br>10625 W MARIPOSA STREET<br>PHOENIX, AZ 85037 | 70959 | Motors Liquidation Company | $3,499.47 | Equity Interest Claim | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**221st Omnibus Objection** **Exhibit A** **Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG), Jointly Administered**

| | | **CLAIMS TO RECLASSIFY** | | | |
|---|---|---|---|---|---|
| CLAUDE DIONNE<br>10985 MONROE DRIVE<br>DELTA BC V4E 1N2 CANADA | 71089 | Motors Liquidation Company | $2,691.95 | Equity Interest Claim | Pgs. 1-5 |
| DOROTHY WEST<br>1035 LUNDY DR<br>TITUSVILLE, FL 32796 | 71070 | Motors Liquidation Company | $80.00 | Equity Interest Claim | Pgs. 1-5 |
| DUINE SCHWARTZ<br>PO BOX 458<br>WARSAW, MO 65355 | 71013 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| ESPERANZA RAMIREZ<br>5413 NW COTTONWOOD<br>LAWTON, OK 73505 | 71009 | Motors Liquidation Company | $1,972.70 | Equity Interest Claim | Pgs. 1-5 |
| GIAMMARCO, JOSEPH<br>6073 HOLYWELL DRIVE<br>DUBLIN, OH 43017-2721 | 71061 | Motors Liquidation Company | $19,814.76 | Equity Interest Claim | Pgs. 1-5 |
| GLORIA LEWIS<br>4253 CORSO VENETIA BLVD<br>VENICE, FL 34293 | 71038 | Motors Liquidation Company | $105.00 | Equity Interest Claim | Pgs. 1-5 |
| H K PATEL FAMILY TRUST<br>C/O JAYSHREE A PATEL, TRUSTEE<br>27 RANCH ROAD<br>UP SADDLE RIVER, NJ 07458 | 71040 | Motors Liquidation Company | $25,332.31 | Equity Interest Claim | Pgs. 1-5 |
| H K PATEL FAMILY TRUST<br>C/O JAYSHREE A PATEL, TRUSTEE<br>27 RANCH ROAD<br>UP SADDLE RIVER, NJ 07458 | 71041 | Motors Liquidation Company | $25,575.90 | Equity Interest Claim | Pgs. 1-5 |
| HERBERT W YARNALL<br>PO BOX 2159<br>ALTOONA, PA 16603-2159 | 71008 | Motors Liquidation Company | $13,252.00 | Equity Interest Claim | Pgs. 1-5 |
| IMOGENE S LINGO<br>3525 MILL VALE RD<br>WINDSOR MILLS, MD 21244 | 71114 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

**221st Omnibus Objection** **Exhibit A** **Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

| | | | | | |
|---|---|---|---|---|---|
| **CLAIMS TO RECLASSIFY** | | | | | |
| JOHN E KIMBALL U/A DTD 12/18/1974<br>C/O WEST LIBERTY STATE BANK<br>101 E. 3RD STREET<br>PO BOX 78<br>WEST LIBERTY, IA 52776 | 71047 | Motors Liquidation Company | $5,626.57 | Equity Interest Claim | Pgs. 1-5 |
| LARRY S MASSEY<br>426 STEVENS AVE<br>GREENWOOD, SC 29646 | 71050 | Motors Liquidation Company | $3,637.82 | Equity Interest Claim | Pgs. 1-5 |
| LARRY S MASSEY<br>426 STEVENS AVE<br>GREENWOOD, SC 29646 | 71112 | Motors Liquidation Company | $3,637.82 | Equity Interest Claim | Pgs. 1-5 |
| MARGARET A O'NEILL A/K/A MARGARET ANN O'NEILL<br>25 STOWELL RD<br>BEDFORD, NH 03110-4714 | 71119 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| MICHAEL HOWARD MAINES<br>7157 N. ORIOLE<br>Chicago, IL 60631 | 70798 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| MR JACK FEE<br>4084 HWY #7 RR #1<br>OMEMEE ONTARIO K0L 2W0 CANADA | 71117 | Motors Liquidation Company | $3,082.12 | Equity Interest Claim | Pgs. 1-5 |
| PAMELA FERGUSON (CUST)<br>LINDSEY ELENA FERGUSON (TRANSFER MINORS ACT)<br>758 WOODCHESTER<br>BLOOMFIELD HILLS, MI 48304 | 71007 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| REBECCA VIALL<br>710 KELLER LANE<br>TUSCUMBIA, AL 35674 | 71010 | Motors Liquidation Company | $437,736.00 | Equity Interest Claim | Pgs. 1-5 |
| ROBERT SCULLY AND GERTRUDE SCULLY<br>114 HIGH STREET<br>PORTLAND, CT 06067<br>UNITED STATES OF AMERICA | 71123 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| ROLAND FARLEY<br>PO BOX 63<br>VILLA RIDGE, MO 63089 | 71058 | Motors Liquidation Company | $1,401.10 | Equity Interest Claim | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

**221st Omnibus Objection**  **Exhibit A**  [Motors Liquidation Company, et al.](#)
Case No. 09-50026 (REG), Jointly Administered

| | | | | |
|---|---|---|---|---|
| **CLAIMS TO RECLASSIFY** | | | | |
| SUSAN MARIE MORGAN<br>275 RIVERSIDE DR<br>TROY, OH 45373-1411 | 12957 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim  Pgs. 1-5 |
| SUSAN TEMERE<br>P.O. BOX 743<br>WAUKEE, IA 50263 | 71109 | Motors Liquidation Company | $14,000.00 | Equity Interest Claim  Pgs. 1-5 |
| WILLIAM RANKEN<br>155 CALLE VALLE SERRANO<br>BERNALILLO, NM 87004 | 71062 | Motors Liquidation Company | $1,070.48 | Equity Interest Claim  Pgs. 1-5 |

| | |
|---|---|
| ***CLAIMS TO RECLASSIFY*** | **32** |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
**In re**                                   :    Chapter 11 Case No.
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*    :
                                            :
                        **Debtors.**         :    (Jointly Administered)
                                            :
------------------------------------------------------------x

## ORDER GRANTING 221ST OMNIBUS OBJECTION TO CLAIMS
### (Claims for Equity Interests)

Upon the 221st Omnibus Objection, dated May 20, 2011 (the "**221st Omnibus Objection to Claims**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the Claims for Equity Interests,[1] and reclassifying those Claims for Equity Interests as equity interests, all as more fully described in the 221st Omnibus Objection to Claims; and due and proper notice of the 221st Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 221st Omnibus Objection to Claims is in the best interests of the Debtors,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 221st Omnibus Objection to Claims.

US_ACTIVE:\43713410\01\72240.0639

their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 221st Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 221st Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to Reclassify*" are disallowed and reclassified as equity interests; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 221st Omnibus Objection to Claims under the heading "*Claims to Reclassify*" that are not disallowed pursuant to this Order, and any of the Claims for Equity Interests that are reclassified as equity interests; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge