**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND
THE ATTACHMENTS HERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                      :
In re                                 :     Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :     09-50026 (REG)
    f/k/a General Motors Corp., et al.:
                                      :
               Debtors.               :     (Jointly Administered)
                                      :
------------------------------------------------------------x
```

**NOTICE OF 222ND OMNIBUS OBJECTION TO CLAIMS**
**(Duplicate Debt Claims)**

**PLEASE TAKE NOTICE** that on May 20, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed an omnibus objection to expunge certain claims (the "**222nd Omnibus**

**Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 222nd Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

US_ACTIVE:\43713790\01\72240.0639

of New York, One Bowling Green, New York, New York 10004, on **June 22, 2011 at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 222ND OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 222nd Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard,

Austin, Texas 78703, so as to be received no later than **June 15, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 222nd Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 222nd Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       May 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
 Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
**In re**                                    :    **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :    **09-50026 (REG)**
    f/k/a **General Motors Corp.**, *et al.* :
                                            :
                        Debtors.            :    **(Jointly Administered)**
                                            :
---------------------------------------------------------------x

**222ND OMNIBUS OBJECTION TO CLAIMS**
**(Duplicate Debt Claims)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time, the "**Plan**"), respectfully represents:

US_ACTIVE:\43713790\01\72240.0639

## Relief Requested

1.  Prior to the commencement of these chapter 11 cases, the Debtors issued 24 series of unsecured debt notes ("**Wilmington Trust Bonds**") pursuant to certain indentures, dated November 15, 1990 and December 7, 1995 between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest indenture trustee to Citibank, N.A. The Debtors' recently confirmed Plan provides for the allowance of aggregate claims for each series of Wilmington Trust Bonds, and since the occurrence of the Effective Date (as defined in the Plan), distributions to holders of each such series has commenced. This Objection addresses individual proofs of claim that assert claims that are duplicative of the amounts allowed pursuant to the Plan (collectively, the "**Duplicative Debt Claims**").[1] A list of Duplicative Debt Claims is annexed hereto as **Exhibit "A."**

2.  The GUC Trust submits this 222nd Omnibus Objection (the "**222nd Omnibus Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the Duplicative Debt Claims.

## Jurisdiction

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

**Background**

4.    On June 1, 2009 ("**Commencement Date**"), four of the Debtors (the

"**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE**

**Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy

Code, which cases are jointly administered with those of the Initial Debtors under Case

Number 09-50026.

5.    On March 29, 2011, this Court entered an order confirming the Plan (ECF

No. 9941). Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the

creation of the GUC Trust to administer certain responsibilities after the Effective Date,

including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan).

All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011,

thereby making the Plan effective as of that date.

**The Wilmington Trust Bonds**

6.    Prior to the Commencement Date, the Debtors issued 24 series of

Wilmington Trust Bonds, of which approximately $22.86 billion in principal amount remained

outstanding as of the Commencement Date. The Debtors issued the Wilmington Trust Bonds

pursuant to two indentures:

(a)    the Indenture, dated as of November 15, 1990, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,

---

[2] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

supplemented, or modified (the "**1990 Indenture**"), pursuant to which (i) $299,795,000 of 9.40% Debentures due July 15, 2021 were issued on July 22, 1991, (ii) $600,000,000 of 8.80% Notes due March 1, 2021 were issued on March 12, 1991, (iii) $500,000,000 of 7.40% Debentures due September 1, 2025 were issued on September 11, 1995, (iv) $15,000,000 of 9.40% Medium Term Notes due July 15, 2021 were issued on July 22, 1991, and (v) $48,175,000 of 9.45% Medium Term Notes due November 1, 2011 were issued on December 21, 1990, and

(b)     the Indenture, dated as of December 7, 1995, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., as such Indenture may have been amended, supplemented, or modified (the "**1995 Indenture**"), pursuant to which (i) $377,377,000 of 7.75% Discount Debentures due March 15, 2036 were issued on March 20, 1996, (ii) $500,000,000 of 7.70% Debentures due April 15, 2016 were issued on April 15, 1996, (iii) $400,000,000 of 8.10% Debentures due June 15, 2024 were issued on June 10, 1996, (iv) $600,000,000 of 6.75% Debentures due May 1, 2028 were issued on April 29, 1998, (v) $1,500,000,000 of 7.20% Notes due January 15, 2011 were issued on January 11, 2001, (vi) $575,000,000 of 7.25% Quarterly Interest Bonds due April 15, 2041 were issued on April 30, 2001, (vii) $718,750,000 of 7.25% Senior Notes due July 15, 2041 were issued on July 9, 2001, (viii) $690,000,000 of 7.375% Senior Notes due October 1, 2051 were issued on October 3, 2001, (ix) $875,000,000 of 7.25% Senior Notes due February 15, 2052 were issued on February 14, 2002, (x) $1,150,000,000 of 4.50% Series A Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (xi) $2,600,000,000 of 5.25% Series B Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (xii) $1,115,000,000 of 7.375% Senior Notes due May 15, 2048 were issued on May 19, 2003, (xiii) $425,000,000 of 7.375% Senior Notes due May 23, 2048 were issued on May 23, 2003, (xiv) $3,000,000,000 of 8.375% Senior Debentures due July 15, 2033 were issued on July 3, 2003, (xv) $4,300,000,000 of 6.25% Series C Convertible Senior Debentures due July 15, 2033 were issued on July 2, 2003, (xvi) $1,250,000,000 of 8.250% Senior Debentures due July 15, 2023 were issued on July 3, 2003, (xvii) $1,000,000,000 of 7.125% Senior Notes due July 15, 2013 were issued on July 3, 2003, (xviii) $720,000,000 of 7.50% Senior Notes due July 1, 2044 were issued on June 30, 2004, and (xix) $1,500,000,000 of 1.50% Series D Convertible Senior Debentures due June 1, 2009 were issued on May 31, 2007.

7.     Wilmington Trust Company, as indenture trustee under the 1990 Indenture and the 1995 Indenture, filed proof of claim 65793 and proof of claim 65729 asserting claims arising under the 1990 Indenture and the 1995 Indenture, respectively, on behalf of all noteholders thereunder.  The Debtors reconciled the amounts asserted in proofs of claim 65729

and 65793 and such amounts have been allowed pursuant to that certain stipulation, dated August 5, 2010.[4] Proof of claim 65793 is allowed in the amount of $1,419,471,545.22 subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff exercised by an individual bondholder. Proof of claim 65729 is allowed in the amount of $21,928,183,895.36 subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff exercised by an individual bondholder.

8. Section 4.3(e) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*," also acknowledges the validity of the claims arising from the Wilmington Trust Bonds and provides in pertinent part that:

> The [Wilmington Trust Bond Debt] Claims shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**"). The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims. For the avoidance of doubt, the terms of any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of debt securities with respect to the Note Claims shall continue in full force and effect except with respect to the Allowed amount of the Note Claims contained therein. Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

9. Since the Effective Date, the GUC Trust has already made distributions to holders of Wilmington Trust Bonds. As such, it is likely that many of the holders of the

---

[4] Stipulation and Agreed Order Among the Debtors, Wilmington Trust Company, Citibank, N.A., Solely in its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723, dated August 5, 2010 and ordered on August 9, 2010 (ECF No. 6595). After the entry of the stipulation, the parties to the stipulation agreed to modify the amounts asserted in proof of claim 65793 and proof of claim 65729 to exclude the applicable original initial discount attributable to each debt instrument. The total allowed amounts have been revised and reflected in the Debtors' Plan.

Duplicate Debt Claims, if not all of them, have already received first distributions on account of their Wilmington Trust Bonds since filing their Duplicate Debt Claim.

**Duplicative Debt Claims Arising from the
<u>Wilmington Trust Bonds Are Duplicative and Should be Expunged</u>**

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." Applicable law provides that "in bankruptcy, multiple recoveries for an identical injury are generally disallowed." *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

12. Representatives of the GUC Trust have reviewed the Duplicative Debt Claims and determined that the Duplicative Debt Claims are duplicative and unnecessary, because claims arising from the Wilmington Trust Bonds are fixed and allowed under the Debtors' Plan. If the Duplicative Debt Claims were allowed, an individual bondholder could impermissibly recover twice – once pursuant to the Duplicative Debt Claim and again pursuant to the allowed amount provided under the Plan.

13. Individual bondholders, to the extent they are beneficial holders of Wilmington Trust Bonds as of the record date under the Debtors' Plan, have already received or will receive distributions from Wilmington Trust Company, in its capacity as indenture trustee. To avoid the possibility of multiple recoveries, the GUC Trust requests that the Court disallow and expunge the Duplicative Debt Claims.

## Reservation of Rights

14. The GUC Trust reserves the right to object to any of the Duplicative Debt Claims that are not disallowed in their entirety for any reason.

## Notice

15. Notice of this 222nd Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
May 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

| 222nd Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

**CLAIMS TO BE DISALLOWED AND EXPUNGED**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
| --- | --- | --- | --- | --- | --- |
| CARROLL ANN SUMIKO KELLY & MARTIN P JOYCE DESIGNATED BENE PLAN/TOD 2692 BERTHA AVE SOUTH LAKE TAHOE, CA 96150-3163 | 20587 | Motors Liquidation Company | $45,143.01 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| CECCATO FAMILY TRUST RINO A CECCATO TTEE 250 VALLEY ST DALY CITY, CA 94014-2937 | 71122 | Motors Liquidation Company | $25,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| CORLIN-ANN B RHOADES P.O. BOX 680091 HOUSTON, TX 77268 | 71071 | Motors Liquidation Company | $19,753.90 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| ERNEST C & PAULINE E FILICE IVA (TRUST) C/O BANK OF THE WEST INVESTMENT MANAGEMENT & TRUST PO BOX 1121 SAN JOSE, CA 95108 | 70788 | Motors Liquidation Company | $15,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| EUGENE P FISHER 1020 TUNNEL RD BERLIN, PA 15530 | 71087 | Motors Liquidation Company | $2,500.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| EUGENE P FISHER 1020 TUNNEL RD BERLIN, PA 15530 | 71088 | Motors Liquidation Company | $5,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| FRUNZI THOMAS 2022 MAJESTIC DRIVE CANONSBURG, PA 15317-4867 | 61581 | Motors Liquidation Company | $0.00 Unliquidated | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| GERALD L & SANDRA S KIMMEL PO BOX 310 SHELOCTA, PA 15774 | 71004 | Motors Liquidation Company | $2,482.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| JUDITH A WALKER 4231 KEKUANAOA LN PRINCEVILLE, HI 96722-5105 | 18416 | Motors Liquidation Company | $20,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**222nd Omnibus Objection** **Exhibit A** **Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG), Jointly Administered**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | |
|---|---|---|---|---|
| JUDY WALKER NALDA<br>C/O JUDY WALKER NALDA FAMILY TR<br>4231 KEKUANAOA LN<br>PRINCEVILLE, HI 96722-5105 | 18418 | Motors Liquidation Company | $50,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| LAURETTE R MEGELLAS<br>147 BASS COVE<br>GALENA, MO 65656 | 61405 | Motors Liquidation Company | $10,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| SIMMONS, ARTHUR G<br>264 HENRY LEWIS RD<br>BREMEN, GA 30110-4259 | 8194 | Motors Liquidation Company | $0.00<br>Unliquidated | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| TED MAXWELL<br>521 WEST PINE STREET<br>FLORENCE, SC 29501 | 71096 | Motors Liquidation Company | $25,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| THERESA + MAURICE BEAUDRY<br>228 WINGER LANE<br>SUN CITY CENTER, FL 33573-6270 | 63038 | Motors Liquidation Company | $0.00<br>Unliquidated | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| WELLS FARGO BANK IRA C/F<br>SARAH JANE FORD<br>10228 WOODLAND RIDGE WEST<br>FORT WAYNE, IN 46804-4797 | 11764 | Motors Liquidation Company | $25,650.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |

*CLAIMS TO BE DISALLOWED AND EXPUNGED*     **15**

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*, : 09-50026 (REG)
f/k/a General Motors Corp., *et al.* :
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

**ORDER GRANTING 222ND OMNIBUS OBJECTION TO CLAIMS**
**(Duplicate Debt Claims)**

Upon the 222nd Omnibus Objection, dated May 20, 2011 (the "**222nd Omnibus Objection**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order that disallowing and expunging certain proofs of claim as duplicative, all as more fully described in the 222nd Omnibus Objection; and due and proper notice of the 222nd Omnibus Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 222nd Omnibus Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 222nd Omnibus Objection.

222nd Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 222nd Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit "A" annexed hereto are disallowed and expunged in their entirety; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 222nd Omnibus Objection that are not disallowed pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE