**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND
THE ATTACHMENTS HERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                           :
**In re**                                                  :    **Chapter 11 Case No.**
                                                           :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                  :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                   :
                                                           :
                    Debtors.                               :    **(Jointly Administered)**
                                                           :
-----------------------------------------------------------x

**NOTICE OF 223RD OMNIBUS OBJECTION TO CLAIMS**
**(Eurobond Deutsche Debt Claims)**

**PLEASE TAKE NOTICE** that on May 20, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed an omnibus objection to expunge certain claims (the "**223rd Omnibus**

**Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 223rd Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **June 22, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 223RD OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 223rd Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be

received no later than **June 15, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 223rd Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 223rd Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       May 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                  :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :   **09-50026 (REG)**
      f/k/a General Motors Corp., *et al.* :
                                                            :
                       Debtors.            :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

## 223RD OMNIBUS OBJECTION TO CLAIMS
### (Eurobond Deutsche Debt Claims)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS THAT ARE THE SUBJECT OF THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time, the "**Plan**"), respectfully represents:

**Relief Requested**

1. Prior to the commencement of these chapter 11 cases, the Debtors issued certain foreign notes and bonds under the Fiscal and Paying Agency Agreement, dated July 3, 2003, between MLC, Deutsche Bank AG London ("**Deutsche Bank**"), and Banque Générale du Luxembourg S.A. (the "**Fiscal and Paying Agency Agreement**") under which Deutsche Bank serves as the fiscal and paying agent. The Debtors' recently confirmed Plan provides for the allowance of an aggregate amount on account of the Fiscal and Paying Agency Agreement, and since the occurrence of the Effective Date (as defined in the Plan), distributions to holders of the notes and bonds issued under that Agreement has commenced. This Objection addresses individual proofs of claim that assert claims that are duplicative of the amount allowed pursuant to the Plan (collectively, the "**Eurobond Deutsche Debt Claims**").

2. The GUC Trust submits this 223rd Omnibus Objection (the "**223rd Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing and expunging the Eurobond Deutsche Debt Claims listed on **Exhibit** "**A**."[1]

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

**Background**

4. On June 1, 2009 (the "**Commencement Date**"), four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

5. There is no indenture trustee for the Eurobond Deutsche Debt Claims, and as a result, no party submitted a global proof of claim on behalf of all holders of Eurobond Deutsche Debt Claims. Nevertheless, the Debtors' Plan provides that a claim based on the Fiscal and Paying Agency Agreement for the benefit of all holders of notes and bonds issued thereunder is allowed in an amount that is equal to outstanding principal plus accrued and unpaid interest as of, and based on the currency conversation rate on the Commencement Date. Specifically, section 4.3(f) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*," provides in pertinent part that:

> The Eurobond Claims under (i) that certain Fiscal and Paying Agency Agreement, dated as of July 3, 2003, among General Motors Corporation, Deutsche Bank AG London, and Banque Générale du Luxembourg S.A. shall be Allowed in the amount of $3,770,634,476 and (ii) that certain Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors Corporation and Credit Suisse, shall be Allowed in the amount of $15,745,690 (together, the "**Fixed Allowed Eurobond Claims**"). The Fixed Allowed Eurobond Claims shall override and supersede any individual Claims filed by

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

>       Registered Holders or beneficial owners of debt securities with
>       respect to the Eurobond Claims.

6.    On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date, including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

7.    Since the Effective Date, first distributions under the Plan have already been received by the vast majority of holders of notes and bonds issued under the Fiscal and Paying Agency Agreement. As such, it is likely that many of the holders of the Eurobond Deutsche Debt Claims listed on Exhibit "A," if not all of them, have already received such distributions since filing their Eurobond Deutsche Debt Claims.

### The Relief Requested Should Be Approved by the Court

8.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

9.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." Applicable law provides that "in bankruptcy, multiple recoveries for an identical injury are generally disallowed." *In re Finley,*

*Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

10. Each of the Eurobond Deutsche Debt Claims is duplicative of the amount allowed pursuant to the Plan on account of the Fiscal and Paying Agency Agreement in the amount of $3,770,634,476, which accounts for all outstanding principal and all accrued and unpaid interest. If the Eurobond Deutsche Debt Claims were allowed, an individual bondholder could impermissibly recover twice – once pursuant to the Eurobond Deutsche Debt Claim and again pursuant to the allowed amount provided under the Plan.

11. Holders of Eurobond Deutsche Debt Claims, to the extent they are holders of record as of the record date under the Debtors' Plan, have already received or will receive distributions on account of the notes and bonds issued under the Fiscal and Paying Agency Agreement. To avoid the possibility of multiple recoveries, the GUC Trust requests that the Court disallow and expunge the Eurobond Deutsche Debt Claims.

12. Moreover, as set forth in section 4.3(f) of the Plan, upon the occurrence of the Effective Date, each of the Eurobond Deutsche Debt Claims became unenforceable as individual claims because the amount allowed pursuant to the Plan on account of the Fiscal and Paying Agency Agreement overrode and superseded any individual claims filed by registered holders or beneficial owners of debt securities.

### Reservation of Rights

13. The GUC Trust reserves the right to object to any of the Eurobond Deutsche Debt Claims that are not disallowed and expunged in their entirety for any reason.

**Notice**

14. Notice of this 223rd Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
May 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

223rd Omnibus Objection     **Exhibit A**     Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

**CLAIMS TO BE DISALLOWED AND EXPUNGED**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ALEJANDRO MORALES<br>GOMEZ MORIN 933<br>SAN PEDRO MEXICO | 59993 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| ALFRED PLOCHINGER<br>R6 8<br>68161 MANNHEIM GERMANY | 70806 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| ANDREAS FURCH<br>AM GOLTENHOF 16<br>47608 GELDERN GERMANY | 71011 | Motors Liquidation Company | $31,784.61 | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| ANNA NEKHAMKIS<br>CHEMNITZER STR 7<br>35039 MARBURG GERMANY | 70832 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| ARGEGNO SP<br>C/O MERRILL LYNCH INTERNATIONAL BANK LIMITED<br>ATTN TAU DEPARTMENT<br>2 RAFFLES LINK<br>MARINA BAYFRONT SINGAPORE 0393392 | 31598 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| AUDENAERT HENDRIK<br>CORTEWALLEDREEF 57/2<br>B 9120 BEVEREN WAAS BELGIUM | 70750 | Motors Liquidation Company | $106,192.50<br>Unliquidated | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| AVROUM NEKHAMKIS<br>AM GLASKOPF 18<br>35039 MARBURG GERMANY | 70829 | Motors Liquidation Company | $88,870.00 | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| AVROUM NEKHAMKIS<br>AM GLASKOPF 18<br>35039 MARBURG GERMANY | 70830 | Motors Liquidation Company | $47,001.00 | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| AVROUM NEKHAMKIS<br>AM GLASKOPF 18<br>35039 MARBURG GERMANY | 70831 | Motors Liquidation Company | $47,444.00 | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

| 223rd Omnibus Objection | | | | Motors Liquidation Company, et al. |
|---|---|---|---|---|
| | **Exhibit A** | | | Case No. 09-50026 (REG), Jointly Administered |

| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
|---|---|---|---|---|---|
| COUNTRYWALK STATE LTD<br>C/O MERRILL LYNCH INTERNATIONAL BANK LIMITED<br>ATTN  TAU DEPARTMENT<br>2 RAFFLES LINK MARINA BAYFRONT<br>SINGAPORE 039392 | 31373 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| DURINX MONIQUE<br>TERHEIDELAAN 31<br>B-2960 BRECHT BELGIUM | 71012 | Motors Liquidation Company | $45,302.40 | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| EDITH ALTAN<br>MANNSFELDER STR 56<br>50968 KOLN GERMANY | 30397 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| HELGA HOLZBORN<br>BGM - KAISEN - ALLEE 155<br>28357 BREMEN GERMANY | 70833 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| KKUYU LTC<br>C/O MERRILL LYNCH INTERNATIONAL BANK LIMITED<br>ATTENTION TAU DEPARTMENT<br>2 RAFFLES LINK MARINA BAYFRONT SINGAPORE 039392 | 32718 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| LINDA VON ZABIENSKI<br>R6 7<br>68161 MANNHEIM GERMANY | 70807 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| MARIA E KIRMSER ERBEN<br>C/O ROLF LOFFLER<br>AN DEN WEIDEN 1<br>60433 FRANKFURT GERMANY | 71000 | Motors Liquidation Company | $27,094.00 | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| PAUL SCHWAKE<br>HILDEBOLDPLATZ 23<br>D 50672 KOLN GERMANY | 70818 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |
| SCROGIO LTD<br>C/O MERRILL LYNCH INTERNATIONAL BANK LIMITED<br>ATTN  TAU DEPARTMENT<br>2 RAFFLES LINK<br>MARINA BAYFRONT  SINGAPORE 039392 | 31589 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**223rd Omnibus Objection**  **Exhibit A**  Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| | | | | |
|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | |
| SEISE HORST<br>AUF DEM KOEPPEL 1/23<br>67098 BAD DUERKHEIM<br>DEUTSCHLAND GERMANY | 70905 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Eurobond Deutsche Debt Claims — Pgs. 1-5 |
| SELIANA LTD<br>C/O MERRILL LYNCH INTERNATIONAL BANK LIMITED<br>ATTN TAU DEPARTMENT<br>2 RAFFLES LINK<br>MARINA BAYFRONT SINGAPORE 039392 | 31590 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims — Pgs. 1-5 |
| SG HAMBROS BANK (CHANNEL ISLANDS) LIMITED<br>PO BOX 6<br>ST PETER PORT GUERNSEY<br>GY1 3AE CHANNEL ISLANDS | 70614 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims — Pgs. 1-5 |
| SUMMER PALACE LTD<br>C/O MERRILL LYNCH INTERNATIONAL BANK LIMITED<br>ATTN TAU DEPARTMENT<br>2 RAFFLES LINK<br>039392 MARINA BAYFRONT SINGAPORE | 31361 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Eurobond Deutsche Debt Claims — Pgs. 1-5 |

*CLAIMS TO BE DISALLOWED AND EXPUNGED*   **22**

---

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
---------------------------------------------------------------x
```

## ORDER GRANTING 223RD OMNIBUS OBJECTION TO CLAIMS
**(Eurobond Deutsche Debt Claims)**

Upon the 223rd Omnibus Objection to expunge certain claims, dated May 20, 2011 (the "**223rd Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing and expunging the Eurobond Deutsche Debt Claims, all as more fully described in the 223rd Omnibus Objection to Claims; and due and proper notice of the 223rd Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 223rd Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 223rd Omnibus Objection to Claims.

US_ACTIVE:\43713912\01\72240.0639

and that the legal and factual bases set forth in the 223rd Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 223rd Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit "A" annexed to the 223rd Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not disallowed or expunged pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
        _____, 2011

                                                        United States Bankruptcy Judge