HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
               :
In re               :        Chapter 11 Case No.
               :
**MOTORS LIQUIDATION COMPANY**, *et al.*, :      **09-50026 (REG)**
    **f/k/a General Motors Corp.**, *et al.*  :
               :
          **Debtors.**   :      **(Jointly Administered)**
               :
------------------------------------------------------------x

## NOTICE OF 228th OMNIBUS OBJECTION TO CLAIMS
### (Qualified Defined Benefits Pension Benefits Claims and Welfare Benefits Claims of Former Salaried, Executive, or Hourly Employees)

**PLEASE TAKE NOTICE** that on May 20, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 228th omnibus objection to expunge certain claims of retired and

former salaried, executive or hourly employees (the "**228th Omnibus Objection to Claims**"),

and that a hearing (the "**Hearing**") to consider the 228th Omnibus Objection to Claims will be

held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of

the United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **June 22, 2011 at 9:45 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 228th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this

228th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable

document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with

the customary practices of the Bankruptcy Court and General Order M-399, to the extent

applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal &

Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153

(Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the

Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370,

Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys

for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust

Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York,

New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust

Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree

Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP,

attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison

Avenue, 19th Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.);

and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard,

Austin, Texas 78703, so as to be received no later than **June 15**, **2011, at 4:00 p.m. (Eastern**

**Time)** (the "**Response Deadline**").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 228th Omnibus Objection to Claims or any claim set forth thereon, the

GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 228th Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      May 20, 2011

                             /s/ Joseph H. Smolinsky
                             Harvey R. Miller
                             Stephen Karotkin
                             Joseph H. Smolinsky

                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for the Motors Liquidation
                             Company GUC Trust

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                          :
**In re**                                  :          **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :          **09-50026 (REG)**
          **f/k/a General Motors Corp.**, *et al.*  :
                                          :
                    **Debtors.**           :          **(Jointly Administered)**
                                          :
-------------------------------------------------------------x

## 228th OMNIBUS OBJECTION TO CLAIMS
**(Qualified Defined Benefits Pension Benefits Claims and Welfare Benefits Claims of Former**
**Salaried, Executive, or Hourly Employees)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON**
**EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time, the "**Plan**"), respectfully represents:

> **BY THIS OBJECTION, THE DEBTORS AND THE GUC TRUST DO NOT SEEK TO AFFECT THE RIGHTS OF THE CLAIMANTS TO CONTINUE RECEIVING PENSION BENEFITS FROM THEIR RESPECTIVE DEFINED BENEFIT PLANS.**

## Relief Requested

1.      The GUC Trust files this 228th omnibus objection (the "**228th Omnibus Objection to Claims**")[1] pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging from the claims register certain claims listed on **Exhibit "A"** annexed hereto, filed by retired and former salaried, executive, or hourly employees (the "**Former Employees**").[2]

2.      The proofs of claim identified on Exhibit "A" hereto filed by the Former Employees (the "**Claims**") include alleged liability for both (i) a possible future reduction or elimination of accrued pension benefits (the "**Pension Claims**") under either the General Motors Retirement Program for Salaried Employees in the United States (the "**Salaried Plan**") or the General Motors Hourly-Rate Pension Plan (the "**Hourly Plan**," and together with the Salaried Plan, the "**Pension Plans**"); and (ii) medical, dental, vision, life insurance, short term disability, long term disability, tuition assistance, and extended care coverage, or a combination thereof (the

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases at www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] The GUC Trust reserves all of its rights to object on any other basis to any Claims as to which the Court does not grant the relief requested herein.

"**Welfare Benefit Claims**"), offered under the following plans sponsored by the Debtors prior to the Commencement Date (as defined below):  the General Motors Salaried Health Care Program, the General Motors Life and Disability Benefits Program for Salaried Employees, and the Tuition Assistance Program for Salaried Employees in the United States (collectively, the "**Salaried Benefit Plans**").  The Claims also assert liability for supplemental life insurance and personal liability insurance under the following plans sponsored by the Debtors prior to the Commencement Date:  the General Motors Supplemental Life Benefits Program for Executive Employees and the Personal Umbrella Liability Insurance Program (together with the Salaried Benefit Plans, the "**Benefit Plans,**" and the benefits provided under the Benefit Plans, the "**Welfare Benefits**").

3.        Representatives of the GUC Trust have examined the Claims and have determined that they are not liabilities of MLC, the other Debtors, or the GUC Trust, as (i) with respect to the Pension Claims, they are liabilities of specific defined benefits pension plans that are legally separate from the Debtors, and therefore do not constitute liabilities of the Debtors or the GUC Trust, and (ii) with respect to the Welfare Benefit Claims, they are amounts that (a) have been assumed by General Motors LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM, or (b) amounts related to unvested benefits, and as described herein, are not the responsibility of the Debtors or the GUC Trust and, therefore, should be disallowed and expunged from the claims register.

### Jurisdiction

4.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.      On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation

Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS

Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a

Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this

Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009,

Remediation and Liability Management Company, Inc. and Environmental Corporate

Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered

under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their

schedules of assets and liabilities and statements of financial affairs, which were amended on

October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of

assets and liabilities and statements of financial affairs.

6.      On September 16, 2009, this Court entered an order (ECF No. 4079)

establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim

in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or

entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental

units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April

16, 2010 as the deadline to file proofs of claim).

7.      On October 6, 2009, this Court entered the Procedures Order, which, *inter*

*alia*, authorizes "the Debtors, and other parties in interest" to file omnibus objections to 100

claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and

certain additional grounds set forth in the Procedures Order.  The Procedures Order specifically

authorizes parties in interest to file omnibus objections to claims that are "objectionable under

section 502(e)(1) of the Bankruptcy Code."  (Procedures Order at 2.)

8.      On March 29, 2011, this Court entered an order confirming the Plan (ECF

No. 9941).  Section 6.2 of the Plan provides for the creation of the GUC Trust to administer

certain responsibilities after the Effective Date (as defined in the Plan), including, resolving

outstanding Disputed General Unsecured Claims (as defined in the Plan).  All conditions to the

occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan

effective as of that date.

### The Pension Plans Have Been Assumed
### by New GM And Pensions Continue To Be Paid

9.      Under the Master Purchase Agreement, New GM assumed sponsorship, in

place of the Debtors, of both the Salaried Plan and the Hourly Plan, and therefore, the Pension

Plans are no longer the responsibility of the Debtors or the GUC Trust.

10.     In the highly unlikely event of a future Pension Plan termination, New GM

would have responsibility for funding shortfalls in the Plan and the Pension Benefit Guaranty

Corporation, a U.S. Government agency (the "**PBGC**") would have the liability for certain

pension payments.  Neither the Debtors nor the GUC Trust would have any responsibility to

Pension Plan beneficiaries in the unlikely event of a future Pension Plan termination.  The

Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") comprehensively

regulates the design, administration, funding, and termination of employer-provided pension

benefits programs.  The Pension Plans are both tax-qualified, single-employer defined benefit

pension plans subject to the plan termination insurance provisions of Title IV of ERISA.

11.     Accordingly, the Former Employees do not have a direct claim against the

Debtors or the GUC Trust as asserted in the Pension Benefit Claims.  Moreover, the Debtors and

the GUC Trust have no further obligation with respect to the Salaried Plan or the Hourly Plan by

reason of New GM's assumption of such Plans as described above.  Further, no Former Employee

has submitted any supporting documentation evidencing a cessation of payments from the Pension

Plans, where such payments are due.

### The Welfare Benefits Claims

12.    The Claims also assert liability arising out of either (A) the failure to

provide certain accrued Welfare Benefits required to be provided pursuant to the terms of the

applicable Benefit Plan as in effect at the time of the alleged failure (the "**Accrued Benefits**

**Claims**"), or (B) the reduction or elimination of Welfare Benefits prior to the Commencement

Date (the "**Benefit Modification Claims**"), or a combination thereof.

**(A)    Accrued Benefits Claims Have Been Assumed by New GM**

13.    On July 10, 2009 (the "**Closing Date**"), New GM completed its purchase of

substantially all of the Debtors' assets in accordance with the Master Purchase Agreement.

Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent*

*Employee Benefit Plans and Policies*), New GM assumed certain employee benefit plans specified

in a disclosure schedule, i.e., the "Assumed Plans," and the Benefit Plans were included on that

schedule.  The Master Purchase Agreement provides, at Section 6.17(e):

> As of  the Closing Date, *Purchaser or one of its Affiliates shall
> assume (i) the Parent Employee  Benefit Plans and Policies set forth
> on Section 6.17(e) of the Sellers' Disclosure Schedule* as modified
> thereon, and all assets, trusts, insurance policies and other Contracts
> relating  thereto, except for any that do not comply in all respects
> with TARP or as otherwise provided in Section 6.17(h) and (ii) all
> employee  benefit  plans,  programs,  policies,    agreements  or
> arrangements (whether written or oral) in which Employees who are
> covered by the UAW Collective Bargaining Agreement participate
> and all assets, trusts, insurance and other Contracts relating thereto
> (the "**Assumed  Plans**"), for the benefit of  the Transferred
> Employees and Sellers and Purchaser shall cooperate with each
> other to take all actions and execute and deliver all documents and

furnish all notices necessary to  establish Purchaser or one of its Affiliates as the sponsor of such Assumed Plans  including all assets, trusts, insurance policies and other Contracts relating thereto. Other than with respect to any Employee who was or is covered by the UAW Collective  Bargaining Agreement, Purchaser shall have no Liability with respect to any  modifications or changes to Benefit Plans contemplated by Section 6.17(e) of the Sellers' Disclosure Schedule, or changes made by Parent prior to the Closing Date, and Purchaser  shall not assume any Liability with respect to any such decisions or actions related   thereto, and *Purchaser shall only assume the Liabilities for benefits provided pursuant to the written terms and conditions of the Assumed Plan as of the Closing Date*. Notwithstanding the foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all necessary action, including reduction of benefits, to ensure that the Assumed Plans comply in all respects with TARP. Notwithstanding the foregoing, but subject to the terms of any Collective Bargaining Agreement to which Purchaser or one of its Affiliates is a party, Purchaser and its Affiliates may, in its sole discretion, amend, suspend or terminate any such Assumed Plan at any time in accordance with its terms.

(emphasis added).  As a result, New GM assumed the Accrued Benefits Claims to the extent required to be provided under the terms of the applicable Benefit Plan as of the Closing Date, including responsibility for all claims incurred prior to the Closing Date and properly payable pursuant to the terms of the applicable Benefit Plan in effect when such claims were incurred. Therefore, neither the Debtors nor the GUC Trust have any liability with respect to the Accrued Benefits Claims.  Any valid claims should have been submitted to New GM and paid in the ordinary course.

**(B)    Benefit Modification Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Benefit Plan**

14.    New GM did not assume any liability for Welfare Benefits to the extent that they were validly reduced or eliminated prior to the Closing Date, and contracted only to assume liability for Welfare Benefits at the level to which they had been modified prior to the Closing Date.  MLC's right to amend or terminate each Benefit Plan was specifically reserved in the

applicable plan document such that benefits under each Benefit Plan were not vested and could be reduced or eliminated without continuing liability.  Accordingly, although certain of the Benefit Modification Claims were not assumed by New GM, they are nevertheless not valid claims and must be disallowed.

15.    ERISA does not require any vesting of welfare benefits, and therefore, such benefits may be forfeited in accordance with the terms of the welfare benefit plan.  Welfare benefit plans of the type at issue in the Welfare Benefit Claims are specifically excluded from the vesting requirements of ERISA.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).[3]  As to the consideration of vested benefits, the Sixth Circuit, in *Sprague*, stated:

> To vest benefits is to render them forever unalterable.  Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; the intent to vest "must be found in the plan documents and must be stated in clear and express language.

133 F.3d at 400 (citing *Wise v. El Paso Natural Gas Co.*, 986 F.2d 929, 937 (5th Cir. 1993).

16.    In dealing with claims similar to the Welfare Benefit Claims, the Sixth Circuit has noted that welfare plans such as the Benefit Plans are specifically exempted from vesting requirements to which pension plans are subject under ERISA, and accordingly,

---

[3] As the Second Circuit noted in *Moore*, Congress explicitly rejected the concept of automatic vesting for medical benefits for good policy reasons:

> With regard to an employer's right to change medical plans, Congress evidenced its recognition of the need for flexibility in rejecting the automatic vesting of welfare plans.  Automatic vesting was rejected because the costs of such plans are subject to fluctuating and unpredictable variables.  Actuarial decisions concerning fixed annuities are based on fairly stable data, and vesting is appropriate.  In contrast, medical insurance must take account of inflation, changes in medical practice and technology, and increases in the costs of treatment independent of inflation.  These unstable variables prevent accurate predictions of future needs and costs.  While these plaintiffs would be helped by a decision in their favor, such a ruling would not only fly in the face of ERISA's plain language but would also decrease protection for future employees and retirees.  856 F.2d at 492.

employers such as MLC, "are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)). The Sixth Circuit recognized that once benefits are vested, they are rendered forever unalterable:

> Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; the intent to vest "must be found in the plan documents and must be stated in clear and express language.

*Sprague*, 133 F.3d at 400. Thus, the Former Employees bear the burden of showing that MLC intended to vest benefits provided by the Benefits Plans, and the Welfare Benefit Claims do not discharge this burden, as none of the Claims provide any support to the contention that the Former Employees enjoy vested rights to benefits.

17.    ERISA does not require that welfare benefits be vested, and no contractual right to vesting has been created under the terms of any Benefit Plan or any operative documents related thereto. The Debtors properly reserved their right to amend or terminate Welfare Benefits under the terms of the Benefit Plan documents and related plan documents (including summary plan descriptions), and therefore, the Benefit Plan documents do not create any contractual rights to the Welfare Benefits. In addition, the Debtors reserved their right to amend or terminate the Welfare Benefits under various communications to employees, such as in retirement and termination offer agreements. Further, the Welfare Benefit Claims provide no support showing contractual rights contradicting the Debtors' common practice of advising welfare plan participants of the Debtors' right to amend or terminate the Welfare Benefits at any time.

18.    By way of example, the first section of the plan document summary of the Health Care Program, dated January 1, 2001, states:

> The Corporation reserves the right to amend, modify, suspend or terminate the Program in whole or in part, at any time, by action of

> its Board of Directors or other committee expressly authorized by the Board to take such action.  No enrollee described in this Program may be deemed to have any vested right to continued coverage under any or all of the provisions of the Program.

The Summary Plan Description of the Health Care Program, as set forth in the benefits handbook

for salaried retirees states:

> General Motors Corporation reserves the right to amend, change, or terminate the Plans and Programs described in this booklet.  The Plans and Programs can be amended only in writing by an appropriate committee or individual as expressly authorized by the Board of Directors.  No other oral or written statements can change the terms of a benefit Plan or Program.

The plan document for the General Motors Supplemental Life Benefits Program for Executive

Employees, effective January 1, 2006, states at section 3.4(a):

> The Company, as the Program Administrator, shall be responsible for the administration of the Program.  The Company reserves the right to amend, modify, suspend or terminate the Program in whole or in part, at any time by action of its Board of Directors or other individual or committee expressly authorized by the Board to take such action. The benefits available to Employees are determined solely by the terms of the Program.  Absent an express delegation of authority from the Board of Directors, no one has the authority to commit the Company to any benefit or benefit provisions not provided for under the terms of the Program.

The summary plan description of the Personal Liability Insurance Program, dated February 2008,

reads:

> The insurance described briefly herein is subject to the detailed terms and conditions of General Motors Personal Umbrella Liability Insurance (PULl) Program as now constituted or hereafter modified or supplemented and the contracts issued pursuant thereto, which shall govern with respect to all matters referred to in this brochure. General Motors reserves the right to modify, revoke, suspend, terminate, or change the Program, in whole or in part, at any time, except as may be limited by the provisions of the contract, or its supplements, and by the provisions of any applicable federal or state laws.

19.     On the basis of such language, the Sixth Circuit in *Sprague* reviewed the

plan documents and summary plan descriptions of certain of the Salaried Benefit Plans and found

that the Salaried Benefit Plans explicitly permit GM to unilaterally amend or terminate the

Welfare Benefits provided under such plans.  133 F.3d at 400.[4]

20.     In fact, several of the Welfare Benefit Claims include supporting

agreements that clearly reserve the Debtors' rights to amend or terminate the Benefit Plans offered

under such retirement offer agreements.  Indeed, under the terms of retirement offer letters to

employees, the language is as follows:

> This summary presents general information only.  Any reference to
> the payment of benefits is conditioned upon your eligibility to
> receive them.  Each of these programs has its own terms and
> conditions which in all respects control the benefits provided.
> General Motors Corporation reserves the right to amend, change or
> terminate programs described herein.[5]

21.     As described above, the Debtors have expressly reserved the contractual

right to terminate or otherwise modify the Welfare Benefits.  Section 1114 of the Bankruptcy

Code requires a debtor to continue to pay "retiree benefits" under certain circumstances after a

bankruptcy filing.  Courts outside of this Circuit have determined that section 1114 of the

Bankruptcy Code does not apply to benefit plans under which the plan sponsor reserves a right to

amend or terminate such plans or benefits thereunder.  *See In re Doskicil Cos.*, 130 B.R 870

(Bankr. D. Kan. 1991).  While case law exists holding to the contrary outside of the Second

---

[4] The Sixth Circuit found: "Most of the summary plan descriptions unambiguously reserved GM's right to amend or terminate the plan.  For example: 'General Motors Corporation reserves the right to amend, change or terminate the Plans and Programs described in this booklet.'  Your GM Benefits (1984) [and] 'The Corporation reserves the right to amend, modify, suspend or terminate the Program in whole or in part, at any time, by action of its Board of Directors.'  Your Benefits in Retirement (1985)." 133 F.3d at 400.

[5] Provided by William C. Campbell (Claim Number 60992), Summary Plan Description entitled, "Supplemental Life Benefits Program Coverage (Effective January 1, 1989 for Certain Executives Who, on January 1, 1984, Were Under Age 55 and Not Retired)," dated December 1988.

Circuit,[6] recently, in the chapter 11 case of *In re Delphi Corp.*, Ch. 11 Case No. 05-44481 (RDD)

2009 Bankr. LEXIS 576 (Bankr. S.D.N.Y. Mar. 10, 2009), Bankruptcy Judge Drain reviewed and

agreed with the rationale of *Doskicil*. Judge Drain found that "if, in fact, the debtors have the

unilateral right to modify a health or welfare plan, that modifiable plan is the plan that is to be

maintained . . . with the debtors' pre-bankruptcy rights not being abrogated by the requirements of

Section 1114." *Id.* at *19.[7] Consequently, *Doskicil* is persuasive and should be followed, and

section 1114 of the Bankruptcy Code should not be construed to provide the Former Employees

with more rights than they would have in a non-bankruptcy context.

22.     Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual rights to vested welfare benefits has been

established by the Former Employees,[8] and (iii) section 1114 does not apply to the Welfare

Benefit Claims in this context, neither the Debtors nor the GUC Trust have any liability for the

Benefit Modification Claims.

**The Debtors and the GUC**
**Trust Have No Liability for the Claims**

23.     Because (i) New GM assumed the Pension Plans and pension payments

have continued uninterrupted, (ii) New GM assumed the Benefit Plans as they existed on the

Commencement Date and continues to provide Welfare Benefits as modified prior to their

assumption by New GM, and (iii) the Debtors otherwise had a right to amend or terminate the

---

[6] *See IUE-CWA v. Visteon Corp. (In re Visteon Corp.)*, 612 F.3d 210 (3d Cir. 2010), where section 1114 was found to apply even when the sponsor reserved the right to amend or terminate the plan.

[7] Although Judge Drain agreed with the rationale of *Doskicil* and its related progeny, for reasons not pertinent to the cases at bar, he approved the appointment of a retirees committee for the limited purpose of determining whether there were any retirees holding vested benefits and restricted the costs of the retirees committee to $200,000.

[8] Indeed, the GUC Trust notes the rationale for the amount of the Claims is either not supported in the applicable proof of claim, or based on an estimate of the lifetime loss due to the reduction or elimination of benefits or the value of the benefit that is alleged not to have been paid.

Welfare Benefits prior to the Commencement Date without further liability, and in all relevant instances did so, the Debtors and the GUC Trust have no liability for the Claims.

### The Relief Requested Should Be Approved by the Court

24.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

25.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  As described herein, the Debtors and the GUC Trust have reviewed the Master Purchase Agreement, and compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the Claims are not the responsibility of MLC, the other Debtors, or the GUC Trust, having been assumed by New GM as described above, or amended or terminated as permitted.  To avoid the possibility of multiple recoveries by the same creditor, or recoveries by a creditor where no recovery is due, the Debtors and the GUC Trust request that the Court disallow and expunge in their entirety the Claims.

**Notice**

26.     Notice of this 228th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

27.     No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

**Conclusion**

WHEREFORE the GUC Trust respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       May 20, 2011

                      /s/ Joseph H. Smolinsky
                      Harvey R. Miller
                      Stephen Karotkin
                      Joseph H. Smolinsky

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007

                      Attorneys for the Motors Liquidation
                      Company GUC Trust

228th Omnibus Objection

**Exhibit A**

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ABELE III, PHILIP G<br>6700 LOCUSTVIEW DR<br><br>DAYTON, OH 45424-2723 | 5000 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BERNOR, VERNA B<br>C/O DENISE R. KETCHMARK<br>611 WEST COURT STREET<br>SUITE 203<br>FLINT, MI 48503-5000 | 2352 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BLACK, CANDY S<br>94 JAMISON RD NW LOT 202<br><br>WASHINGTON COURT HOU, OH 43160-9087 | 19364 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$44,000.00   (P)<br>$0.00   (U)<br>$44,000.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BLICKENSDORF, JOHN W<br>6207 LOVELLS RD<br><br>GRAYLING, MI 49738-9203 | 27051 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BRENT, BARBARA A<br>14 TRIMMER AVE<br><br>TITUSVILLE, NJ 08560-1708 | 23004 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

228th Omnibus Objection

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CAROLYN CRAFTON<br>512 S PIKE ST<br><br>SHELBYVILLE, IN 46176-2139 | 7055 | Motors Liquidation Company | <br><br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CHRISTOPHER W GIGNILLIAT<br>PO BOX 314<br>665 WAYDES BRANCH ROAD<br>CENTERVILLE, TN 37033-0314 | 37124 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$587,286.32 (U)<br>$587,286.32 (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CRIS SMITH<br>9095 APPLE ORCHARD<br><br>FENTON, MI 48430<br>UNITED STATES OF AMERICA | 30003 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$84,289.00 (U)<br>$84,289.00 (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DANTE, DONALD<br>47058 ROCKWOOD DR<br><br>MACOMB, MI 48044-5413 | 11056 | Motors Liquidation Company | <br><br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DAVID LEPP<br>674 HERITAGE DR<br><br>ROCHESTER, NY 14615-1049 | 6004 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$2,450.00 (P)<br>$0.00 (U)<br>$2,450.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

228th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DAWSON, GEORGE C<br>745 SW ROBINHOOD DR<br><br>DALLAS, OR 97338-1839<br>UNITED STATES OF AMERICA | 43414 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$523,098.72  (U)<br><br>$523,098.72  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DONALD E JOHNSON<br>3405   SENECA RD<br><br>SPRINGFIELD, OH 45502-8706 | 1886 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EASTERWOOD, WILLIAM K<br>44505 FORD RD APT 512<br><br>CANTON, MI 48187-5036 | 10684 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EDWARDS, HAROLD E<br>33160 DEFOUR DR<br><br>STERLING HTS, MI 48310-6502 | 3860 | Motors Liquidation Company | $6,000.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$0.00  (U)<br><br>$6,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EVERETT, JUDITH A<br>503 LOCHAVEN RD<br><br>WAXHAW, NC 28173-9351 | 10660 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

228th Omnibus Objection

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GERALDINE LAWSON<br>G3505 CLAIRMONT ST<br><br>FLINT, MI 48532-4911 | 14493 | Motors Liquidation Company | <br><br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GODZWON, FELIX<br>DORIS GODZWON<br>124 WEYMOUTH RD<br>SYRACUSE, NY 13205-2849 | 20526 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$100,000.00   (P)<br><br>$0.00   (U)<br><br>$100,000.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| IRENE WOODRING<br>C/O DENISE R KETCHMARK<br>STE 203<br>611 WEST COURT STREET<br>FLINT, MI 48503-5000 | 3187 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| IRENE WOODRING<br>C/O DENISE R KETCHMARK<br>STE 203<br>611 WEST COURT STREET<br>FLINT, MI 48503-5000 | 3187 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOLLY, THOMAS G<br>2839 BIRCHWOOD ST<br><br>TRENTON, MI 48183-3643 | 48391 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$204,667.19   (U)<br><br>$204,667.19   (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JOSEPH THOMPSON JR<br>25218 HIDEAWAY RUN DR<br><br>SPRING, TX 77389-4003 | 20690 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$202,197.00  (U)<br><br>$202,197.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LARRY SEWARD<br>6788 GINGER AVE<br><br>ENON, OH 45323-1739 | 1896 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LAWSON, GERALDINE S.<br>G3505 CLAIRMONT ST<br><br>FLINT, MI 48532-4911 | 14494 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LAWSON, GERALDINE S.<br>G-3505 CLAIRMONT AVE<br><br>FLINT, MI 48532-4911 | 14495 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LORD, NADINE L<br>611 W COURT ST STE 203<br><br>FLINT, MI 48503-5000 | 11354 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LORRAINE SWINEHART<br>C/O DENISE R. KETCHMARK, CONSERVATOR<br>STE 203<br>611 WEST COURT STREET<br>FLINT, MI 48503-5000 | 3661 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARIAN T WELCSH<br>6990 LOCKWOOD BLVD<br>YOUNGSTOWN, OH 44512-4013 | 31320 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$549,842.78  (U)<br>$549,842.78  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARWIN HENRY R<br>3096 MYDDLETON DRIVE<br>TROY, MI 48084-1223 | 45177 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$112,644.00  (U)<br>$112,644.00  (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MCHUGH ANN F<br>APT 224<br>2330 MAPLE ROAD<br>BUFFALO, NY 14221-4057 | 61834 | MLC of Harlem, Inc. | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MONTEMALE, LAURA<br>4844 SAN CARLO CT<br>NAPLES, FL 34109-3392 | 60936 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

228th Omnibus Objection

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| NELSON, GERTRUDE N<br>1409 CARLOW CIR<br><br>ORMOND BEACH, FL 32174-2892 | 68379 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| RABY, SANDRA D<br>2651 N EAST SHORE<br><br>BIRCHWOOD, WI 54817 | 11619 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$21,723.01  (U)<br><br>$21,723.01  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| RICHARD THOMPSON<br>846 ROBINHOOD CT<br><br>BLOOMFIELD, MI 48304-3762 | 61048 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROBERT & CHERYL CLICK<br>3028 PINNACLE CT.<br><br>CLERMONT, FL 34711<br>UNITED STATES OF AMERICA | 20190 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$108,903.00  (U)<br><br>$108,903.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SWINEHART, LORRAINE D<br>C/O DENISE R KETCHMARK<br>611 WEST COURT STREET<br>FLINT, MI 48503-5000 | 3660 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SWINEHART, LORRAINE D<br>C/O DENISE R KETCHMARK, CONSERVATOR<br>STE 203<br>611 WEST COURT STREET<br>FLINT, MI 48503-5000 | 3662 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| THOMAS ENDRES<br>4294 DOMINION BLVD<br>BRIGHTON, MI 48114-4984 | 48423 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$515,235.00  (U)<br>$515,235.00  (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| THOMPSON, RICHARD R<br>846 ROBINHOOD CT<br>BLOOMFIELD, MI 48304-3762 | 61049 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| TYILLIAN, MARY M<br>2876 MOREFIELD RD<br>HERMITAGE, PA 16148-2475 | 14484 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$15,844.12  (P)<br>$0.00  (U)<br>$15,844.12  (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| VICTOR VEGA<br>325 N PENNSYLVANIA AVE<br>MORRISVILLE, PA 19067-6620 | 62960 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$55,270.00  (P)<br>$0.00  (U)<br>$55,270.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| WEBER, HELEN MARIE<br>22100 WINGATE CT<br><br>FARMINGTN HLS, MI 48335-4238 | 12280 | Motors Liquidation Company | <br><br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WICK, DELTON H<br>2076 MOHAVE DR<br><br>DAYTON, OH 45431-3015 | 50156 | Motors Liquidation Company | $0.00    (S)<br><br>$0.00    (A)<br><br>$0.00    (P)<br><br>$102,400.00   (U)<br><br>$102,400.00   (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WILLIAM EASTERWOOD<br>44505 FORD RD APT 512<br><br>CANTON, MI 48187-5036 | 10685 | Motors Liquidation Company | <br><br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WOODRING, IRENE M<br>C/O DENISE R KETCHMARK<br>STE 203<br>611 WEST COURT STREET<br>FLINT, MI 48503-5000 | 3188 | Motors Liquidation Company | <br><br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WOODRING, IRENE M<br>C/O DENISE R KETCHMARK<br>611 WEST COURT STREET<br>FLINT, MI 48503-5000 | 3189 | Motors Liquidation Company | <br><br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ZAHIRAH S KAREEM<br>629 CARPENTER ST<br><br>COLUMBUS, OH 43205-2628 | 64807 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $286.53 | (P) | | |
| | | | $268,891.59 | (U) | | |
| | | | $269,178.12 | (T) | | |
| ***CLAIMS TO BE DISALLOWED AND EXPUNGED*** | **46** | | **$6,000.00** | (S) | | |
| | | | **$0.00** | (A) | | |
| | | | **$217,850.65** | (P) | | |
| | | | **$3,281,177.61** | (U) | | |
| | | | **$3,505,028.26** | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY**, *et al.*, :        **09-50026 (REG)**
  **f/k/a General Motors Corp.**, *et al.* :
                                          :
    **Debtors.**      :        **(Jointly Administered)**
                                          :
---------------------------------------------------------------x

## ORDER GRANTING 228th OMNIBUS OBJECTION TO CLAIMS
### (Qualified Defined Benefits Pension Benefits Claims and Welfare Benefits Claims of Former Salaried, Executive, or Hourly Employees)

    Upon the omnibus objection to expunge certain claims of Former Employees,

dated May 20, 2011 (the "**228th Omnibus Objection to Claims**"),[1] of the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"),

pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed

in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order

disallowing and expunging the Claims on the grounds that each Claim is for an obligation for

which the Debtors and the GUC Trust have no liability, all as more fully described in the 228th

Omnibus Objection to Claims; and due and proper notice of the 228th Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 228th Omnibus Objection to Claims.

Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 228th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, the GUC Trust, creditors, and all parties in interest and that the legal and factual bases set forth in the 228th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 228th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 228th Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge