HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
**In re**                                   :    **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*   :
                                            :
              Debtors.                      :    **(Jointly Administered)**
                                            :
---------------------------------------------------------------x

**NOTICE OF 230TH OMNIBUS OBJECTION TO CLAIMS**
**(Splinter Union Employee Claims Assumed by General Motors LLC)**

**PLEASE TAKE NOTICE** that on May 20, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 230th omnibus objection to expunge certain claims of former

employees represented by splinter unions (the "**230th Omnibus Objection to Claims**"), and that

a hearing (the "**Hearing**") to consider the 230th Omnibus Objection to Claims will be held

before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the

US_ACTIVE:\43713730\04\72240.0639

United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 22, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 230th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this 230th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison

Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **June 15**, **2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 230th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 230th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
May 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
**In re**                                 :    Chapter 11 Case No.
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :    09-50026 (REG)
    **f/k/a General Motors Corp.,** *et al.* :
                                          :
                    **Debtors.**          :    (Jointly Administered)
                                          :
------------------------------------------------------------x

**230TH OMNIBUS OBJECTION TO CLAIMS**
**(Splinter Union Employee Claims Assumed by General Motors LLC)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON**
> **EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

US_ACTIVE:\43713730\04\72240.0639

**Relief Requested**

1.　　　　The GUC Trust files this 230th omnibus objection (the "**230th Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging certain claims listed on **Exhibit "A"** annexed hereto[1] of former employees represented by the unions set forth in paragraph 11 herein (the "**Splinter Union Employees**").  Neither the Debtors nor the GUC Trust currently employs any individuals who are represented by any union and who work within the United States.[2]

2.　　　　The proofs of claim identified on Exhibit "A" hereto under the heading "*Claims to be Disallowed and Expunged*" (the "**Splinter Union Employee Claims**") relate to certain employment- and employee-related benefit claims of Splinter Union Employees.

3.　　　　Representatives of the GUC Trust have examined the Splinter Union Employee Claims and determined that they relate to liabilities that, even if true as alleged, have been assumed by General Motors LLC ("**New GM**") as modified pursuant to the terms of that certain *Settlement Agreement Between and Among GMCo/MLC-IUE-CWA and USW Regarding Retiree Health Care, Life Insurance, Pension Top-Up, and Modification and GMCo Assumption of MLC-IUE-CWA CBA* dated as of September 3, 2009, by and among General Motors

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases at www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] The GUC Trust reserves all of its rights to object on any other basis to any Splinter Union Employee Claims as to which the Court does not grant the relief requested herein.

Corporation, the IUE-CWA, the Industrial Division of the Communications Workers of America, AFL-CIO, CLC and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "**Original Settlement Agreement**"). Certain Splinter Unions subsequently joined the Original Settlement Agreement pursuant to Supplemental Agreements (each as listed and defined below) (and together with the Original Settlement Agreement, the "**Settlement Agreement**").

4.  Pursuant to the Settlement Agreement, certain claims, including claims related to the employment and/or retirement benefits of the Splinter Union Employees, including without limitation, the reduction, elimination or nonpayment of any pension, medical, dental, vision, long term disability, short term disability, life, accidental death and dismemberment, personal accident, and other insurance benefits, severance, and other welfare and fringe benefits of former and retired employees, and claims related to nonpayment of wages, discrimination, harassment, wrongful termination or other detrimental job actions, or a combination thereof (the "**Settled Claims**") have been assumed by New GM as modified, and waived as against MLC. The Splinter Union Employee Claims are all Settled Claims under the Settlement Agreement, and are therefore not liabilities of MLC, the Debtors, or the GUC Trust, and should therefore be disallowed and expunged from the claims register.

## Jurisdiction

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

6.  On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a

Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

7. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

8. On October 6, 2009, this Court entered the Procedures Order, which, *inter alia*, authorizes "the Debtors, and other parties in interest" to file omnibus objections to 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order. The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that are "objectionable under section 502(e)(1) of the Bankruptcy Code." (Procedures Order at 2.)

9. On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of the Plan provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including, resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

**The Settlement Agreement**

10. The Original Settlement Agreement, entered into initially by General Motors Corporation, the IUE-CWA, the Industrial Division of the Communications Workers of America, AFL-CIO, CLC and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, provides at Paragraph 10 (*Waiver and Release*) that all employment- and employee benefits-related claims by the Splinter Union Employees are waived as against MLC:

> Other than as set forth in paragraph 3 with respect to the Allowed Claim, the IUE-CWA and USW as authorized Bankruptcy Code section 1114 and 1113 representatives withdraw with prejudice all claims filed or otherwise made against GM or MLC and their subsidiaries and their employees, officers, directors and agents, relating to retiree health care benefits and basic life insurance and pursuant to any GM-IUE-CWA and GM-USW collective bargaining Agreements or otherwise, and agree not to bring any such claims in the future, and furthermore, on their own behalf and on behalf of all represented members/retirees, release and forever discharge MLC, and its current or former officers, directors, employees, agents, subsidiaries, affiliates and any and all of its welfare and pension benefit plans and their fiduciaries, with respect to any and all rights, claims or causes of action that any of them have or hereafter may have, whether known or unknown, suspected or unsuspected, concealed or hidden, arising out of, based upon or otherwise related to any claim arising out of their employment with MLC, including, without limitation, alleged breaches of a collective bargaining agreement, the Combs Settlement, any alleged entitlement to health care in retirement, and any alleged entitlement to life insurance in retirement.

11. Subsequent to this Court's approval of the Original Settlement Agreement, and as contemplated therein, the following additional splinter unions agreed to be bound by the terms of the Original Settlement Agreement on behalf of their members through the following supplemental agreements (the "**Supplemental Agreements**"):

| Party[3] | Date of Supplemental Agreement |
|---|---|
| International Association of Machinists and Aerospace Workers | June 28, 2010 |
| International Brotherhood of Electrical Workers | November 2, 2009 |
| Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045 | November 4, 2009 |
| International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 39 | November 4, 2009 |
| International Brotherhood of Teamsters | June 25, 2010 |
| International Union of Operating Engineers, Locals 101S, 832(S) and 18(S) | November 4, 2009 |
| United Catering Restaurant Bar & Hotel Workers | November 2, 2009 |

12. To the extent any Splinter Union Employee Claims allege the amendment or termination of any welfare benefit plan, such claims against the Debtors (and, consequently, the GUC Trust) have been extinguished pursuant to Paragraph 10 of the Settlement Agreement, as described above. Moreover, the applicable Splinter Union has specifically acted as a representative of the Splinter Union Employees pursuant to sections 1113 and 1114 of the Bankruptcy Code in reaching agreement with the Debtors.[4] Thus, all claims by the Splinter

---

[3] The above named parties, and together with the IUE-CWA, the Industrial Division of the Communications Workers of America, AFL-CIO, CLC, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, the "**Splinter Unions**".

[4] The sole remaining splinter union, the International Brotherhood of Boilermakers (the "**IBB**") declined to represent its retired past members (the "**IBB Retirees**") and did not agree to participate in the Original Settlement Agreement, nor has New GM assumed any liability for any claims attributable to the IBB Retirees. Rather than terminate the health and life insurance benefits of these IBB Retirees, by motion dated February 8, 2011, the Debtors requested that the Court authorize the Debtors, in conjunction with New GM, to provide the IBB Retirees the health and life insurance benefits on essentially the same terms and conditions provided to the other retirees as provided for in the Splinter Union Settlement. On March 9, 2011, the Court entered an order approving the addition of the IBB Retirees as parties to the Splinter Union Settlement. The Debtors and the GUC Trust are not aware of any of the Splinter Union Employee Claims annexed to this 230th Omnibus Objection to Claims having been submitted by IBB Retirees.

Union Employees against MLC have been extinguished pursuant to Paragraph 10 of the Settlement Agreement. As a result, neither the Debtors nor the GUC Trust have any liability to the Splinter Union Employees relating to the Benefit Plans.

13. The Debtors have properly reserved, in the applicable employee welfare benefit plan documents, the right to amend or terminate such plans in their sole discretion. The Settlement Agreement was consistent with these reservations and accordingly, the Splinter Union Employee Claims can be properly disallowed.

### The Relief Requested Should Be Approved by the Court

14. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Debtors and the GUC Trust have examined the terms of the Settlement Agreement and compared it with the proofs of claim identified on Exhibit "A" and have determined that the Splinter Union Employee Claims are not the responsibility of MLC, the Debtors, or the GUC Trust, having been assumed by New GM as described herein. New GM has also acknowledged this to be the case.

16. The Splinter Union Employee Claims have all been filed by Splinter Union Employees covered under the Settlement Agreement. To avoid the possibility of multiple recoveries by the same creditor, the Debtors and the GUC Trust request that the Court disallow and expunge in their entirety the Splinter Union Employee Claims from the claims register.

## Notice

17. Notice of this 230th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

## **Conclusion**

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
May 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**230th Omnibus Objection**     **Exhibit A**     <u>**Motors Liquidation Company, et al.**</u>

**Case No. 09-50026 (REG), Jointly Administered**

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MARY C BATES<br>3114 MCCLEARY JACOBY RD<br>CORTLAND, OH 44410-1718 | 9622 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARY PEERCY<br>206 LAWNDALE AVE<br>LEBANON, OH 45036-1332 | 20762 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROBERT L SMITH<br>968 IROQUOIS DR<br>WATERPORT, NY 14571-9744 | 30700 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$178,368.00 (U)<br>$178,368.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WIGGINS, ARTHUR W<br>885 HIGHWAY 2393<br>MONTICELLO, KY 42633-8472 | 63044 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ***CLAIMS TO BE DISALLOWED AND EXPUNGED*** | **4** | | **$0.00** (S)<br>**$0.00** (A)<br>**$0.00** (P)<br>**$178,368.00** (U)<br>**$178,368.00** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                              :
In re                                         :     Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :     09-50026 (REG)
     f/k/a General Motors Corp., et al.       :
                                              :
                         Debtors.             :     (Jointly Administered)
                                              :
---------------------------------------------------------------x
```

## ORDER GRANTING 230TH OMNIBUS OBJECTION TO CLAIMS
### (Splinter Union Employee Claims Assumed by General Motors LLC)

Upon the 230th omnibus objection to expunge certain claims of former employees represented by splinter unions, dated May 20, 2011 (the "**230th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Splinter Union Employee Claims on the grounds that each claim is for an obligation for which the Debtors and the GUC Trust have no liability, all as more fully described in the 230th Omnibus Objection to Claims; and due and proper notice of the 230th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 230th Omnibus Objection to Claims.

found and determined that the relief sought in the 230th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, the GUC Trust, creditors, and all parties in interest and that the legal and factual bases set forth in the 230th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 230th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 230th Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge