**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

> PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
> HERETO TO DETERMINE WHETHER THIS OBJECTION
> AFFECTS YOUR CLAIM(S)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                  :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*   :
                                                            :
            Debtors.                       :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**NOTICE OF 231st OMNIBUS OBJECTION TO CLAIMS**
**(Qualified Defined Benefits Pension Benefits Claims of Former Salaried and Hourly Employees)**

**PLEASE TAKE NOTICE** that on May 20, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 231st omnibus objection to expunge certain Qualified Defined

Benefits Pension Benefits claims of former salaried and hourly employees (the "**231st Omnibus**

**Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 231st Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

US_ACTIVE:\43711780\05\72240.0639

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 22, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 231st OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this 231st Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn:  Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn:  Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.);

and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **June 15**, **2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 231st Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 231st Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York  
      May 20, 2011

/s/ Joseph H. Smolinsky  
Harvey R. Miller  
Stephen Karotkin  
Joseph H. Smolinsky  

WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007  

Attorneys for the Motors Liquidation Company GUC Trust

**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                              :

In re                                               :        Chapter 11 Case No.
                                                     :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :        09-50026 (REG)
   f/k/a General Motors Corp., *et al.*        :
                                               :
                              Debtors.      :        (Jointly Administered)
                                               :
-----------------------------------------------------------x

## 231st OMNIBUS OBJECTION TO CLAIMS
**(Qualified Defined Benefits Pension Benefits Claims of Former Salaried and Hourly Employees)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON
EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time, the "**Plan**"), respectfully represents:

US_ACTIVE:\43711780\05\72240.0639

> **BY THIS OBJECTION, THE DEBTORS AND THE GUC TRUST DO NOT SEEK TO AFFECT THE RIGHTS OF THE CLAIMANTS TO CONTINUE RECEIVING PENSION BENEFITS FROM THEIR RESPECTIVE DEFINED BENEFIT PLANS.**

### Relief Requested

1. The GUC Trust files 231st omnibus objection (the "**231st Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging certain Qualified Defined Benefits Pension Benefits claims listed on **Exhibit "A"** [1] annexed hereto of former salaried and hourly employees (the "**Salaried and Hourly Employees**").[2]

2. The proofs of claim identified on Exhibit "A" hereto filed by the Salaried and Hourly Employees (the "**Qualified Defined Benefits Pension Benefits Claims**") assert alleged liability for a possible future reduction or elimination of accrued pension benefits under either the General Motors Retirement Program for Salaried Employees in the United States (the "**Salaried Plan**") or the General Motors Hourly-Rate Pension Plan (the "**Hourly Plan**," and together with the Salaried Plan, the "**Plans**").

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases at www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] The GUC Trust reserves all of its rights to object on any other basis to any Qualified Defined Benefits Pension Benefits Claims as to which the Court does not grant the relief requested herein.

3. Representatives of the GUC Trust have examined the Qualified Defined Benefits Pension Benefits Claims filed by the Salaried and Hourly Employees and have determined that the Debtors and the GUC Trust have no liability for them as (a) under the Master Purchase Agreement (as defined below), General Motors LLC ("**New GM**") assumed sponsorship, in place of the Debtors, of both the Salaried Plan and the Hourly Plan, and (b) the Qualified Defined Benefits Pension Benefits Claims relate to liabilities of the specific defined benefits pension plan under which such benefits are provided, and therefore, as described further below, such plans are legally separate from the Debtors. As a result, the Qualified Defined Benefits Pension Benefits Claims do not constitute liabilities of the Debtors or the GUC Trust and should be disallowed and expunged from the claims register.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on

October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

7. On October 6, 2009, this Court entered the Procedures Order, which, *inter alia*, authorizes "the Debtors, and other parties in interest" to file omnibus objections to 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order.  The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that are "objectionable under section 502(e)(1) of the Bankruptcy Code." (Procedures Order at 2.)

8. On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941).  Section 6.2 of the Plan provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including, resolving outstanding Disputed General Unsecured Claims (as defined in the Plan).  All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

**The Pension Plans Have Been Assumed
by New GM And Pensions Continue to Be Paid**

9. New GM assumed sponsorship, in place of the Debtors, of both the Salaried Plan and the Hourly Plan pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc. and New GM (the "**Master Purchase Agreement**"), and the Plans are therefore no longer the responsibility of the Debtors.

10. Further, under ordinary principles of contract law, payments to be made under the Plans to the Salaried and Hourly Employees as beneficiaries of the Plans are the responsibility of the Plans, and not of the Plans' sponsors. The Salaried Plan and the Hourly Plan are subject to statutory funding requirements, and thereby possess their own assets, and are legally separate from their plan sponsors.[3] In the highly unlikely event of a future Plan termination, New GM would have responsibility for funding shortfalls in the Plan and the Pension Benefit Guaranty Corporation, a U.S. Government agency (the "**PBGC**") would have the liability for certain pension payments. The Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") comprehensively regulates the design, administration, funding, and termination of employer-provided pension benefits programs. The Plans are both tax-qualified, single-employer defined benefit pension plans subject to the plan termination insurance provisions of Title IV of ERISA. Neither the Debtors nor the GUC Trust would have any responsibility to Pension Plan beneficiaries in the unlikely event of a future Plan termination.

---

[3] Section 502(d)(2) of ERISA (as defined below) provides, for example, that: "Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title."

11. Accordingly, the Salaried and Hourly Employees do not have a direct claim against the Debtors as asserted in the Qualified Defined Benefits Pension Benefits Claims. Moreover, the Debtors and the GUC Trust have no further obligation with respect to the Salaried Plan or the Hourly Plan by reason of New GM's assumption of such Plans as described above.

### The Relief Requested Should Be Approved by the Court

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Debtors and the GUC Trust have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that they bear no liability for the Qualified Defined Benefits Pension Benefits Claims, as described herein. To avoid the possibility of multiple recoveries by the same creditor, or recoveries by a creditor where no recovery is due, the Debtors and the GUC Trust request that the Court disallow and expunge in their entirety the Qualified Defined Benefits Pension Benefits Claims.

**Notice**

14.  Notice of this 231st Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

15.  No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

**Conclusion**

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       May 20, 2011

                                                         /s/ Joseph H. Smolinsky
                                                         Harvey R. Miller
                                                         Stephen Karotkin
                                                         Joseph H. Smolinsky

                                                         WEIL, GOTSHAL & MANGES LLP
                                                         767 Fifth Avenue
                                                         New York, New York 10153
                                                         Telephone: (212) 310-8000
                                                         Facsimile: (212) 310-8007

                                                         Attorneys for the Motors Liquidation
                                                         Company GUC Trust

**231st Omnibus Objection**      **Exhibit A**      <u>**Motors Liquidation Company, et al.**</u>
**Case No. 09-50026 (REG), Jointly Administered**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CHRISTOPHER GIGNILLIAT<br>665 WADES BRANCH RD<br>PO BOX 314<br>CENTERVILLE, TN 37033-0314 | 36577 | MLCS, LLC | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$182,641.92 (U)<br>$182,641.92 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| COOK, FREDERICK E<br>78 RIVER TRAIL DR<br>PALM COAST, FL 32137-4593 | 8224 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,071,844.00 (U)<br>$1,071,844.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARILYN J HARDY<br>1315 HAWTHORNE AVE<br>JAMESVILLE, WI 53545<br>UNITED STATES OF AMERICA | 30886 | MLC of Harlem, Inc. | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$324,000.00 (U)<br>$324,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SUSAN LOFTIS<br>319 ANACONDA ST<br>COMMERCE TWP, MI 48382 | 61385 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$580,000.00 (U)<br>$580,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ***CLAIMS TO BE DISALLOWED AND EXPUNGED*** | **4** | | **$0.00** (S)<br>**$0.00** (A)<br>**$0.00** (P)<br>**$2,158,485.92** (U)<br>**$2,158,485.92** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                              :    Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                :
:
            Debtors.                                          :    (Jointly Administered)
:
------------------------------------------------------------x

## ORDER GRANTING 231st OMNIBUS OBJECTION TO CLAIMS
**(Qualified Defined Benefits Pension Benefits Claims of Former Salaried and Hourly Employees)**

Upon the omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated May 20, 2011 (the "**231st Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Qualified Defined Benefits Pension Benefits Claims on the grounds that each Qualified Defined Benefits Pension Benefits Claim is for an obligation for which the Debtors and the GUC Trust have no liability, all as more fully described in the 231st

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 231st Omnibus Objection to Claims.

US_ACTIVE:\43711780\05\72240.0639

Omnibus Objection to Claims; and due and proper notice of the 231st Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 231st Omnibus Objection to Claims is in the best interests of the Debtors, their estates, the GUC Trust, creditors, and all parties in interest and that the legal and factual bases set forth in the 231st Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 231st Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the 231st Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge