**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, et al.,             :   09-50026 (REG)
     f/k/a General Motors Corp., et al.         :
                                                :
                    Debtors.                    :   (Jointly Administered)
                                                :
---------------------------------------------------------------x
```

**NOTICE OF 233rd OMNIBUS OBJECTION TO CLAIMS**
**(Supplemental Executive Retirement Benefits Claims of Former Executive Employees)**

**PLEASE TAKE NOTICE** that on May 20, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 233rd omnibus objection to expunge certain supplemental executive

retirement benefits claims of former executive employees (the "**233rd Omnibus Objection to**

**Claims**"), and that a hearing (the "**Hearing**") to consider the 233rd Omnibus Objection to

US_ACTIVE:\43712255\02\72240.0639

Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 22, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 233rd OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this 233rd Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison

Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **June 15**, **2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 233rd Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 233rd Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       May 20, 2011

      /s/ Joseph H. Smolinsky
      Harvey R. Miller
      Stephen Karotkin
      Joseph H. Smolinsky

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for the Motors Liquidation Company GUC Trust

HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                           :
In re                                      :   Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, et al.,        :   09-50026 (REG)
    f/k/a General Motors Corp., et al.     :
                                           :
                    Debtors.               :   (Jointly Administered)
                                           :
-----------------------------------------------------------x
```

**233rd OMNIBUS OBJECTION TO CLAIMS**
(Supplemental Executive Retirement Benefits Claims of Former Executive Employees)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

**Relief Requested**

1.  The GUC Trust files this 233rd omnibus objection hereto (the "**233rd Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging from the claims register certain executive retirement benefits claims listed on **Exhibit "A"** [1] annexed hereto of former executive employees (the "**Former Executive Employees**").[2]

2.  The proofs of claim identified on Exhibit "A" hereto under the heading "*Claims to be Disallowed and Expunged*" filed by the Former Executive Employees (the "**ERP Claims**") allege the reduction, elimination, or nonpayment of supplemental executive pension benefits provided under the General Motors Corporation Executive Retirement Plan (the "**ERP**").

3.  Representatives of the GUC Trust have examined the ERP Claims and determined that they relate either (a) to benefits provided under the ERP (the "**Assumed ERP Claims**"), which has been assumed, as modified, by General Motors LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM; or

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases at www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] The GUC Trust reserves all of its rights to object on any other basis to any ERP Claims as to which the Court does not grant the relief requested herein.

(b) relate to an alleged right to benefits that were unvested (the "**Unvested ERP Claims**"). Therefore, in either case, such claims are not liabilities of MLC, the other Debtors, or the GUC Trust and should be disallowed and expunged.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as

defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

7.      On October 6, 2009, this Court entered the Procedures Order, which, *inter alia*, authorizes "the Debtors, and other parties in interest" to file omnibus objections to 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order. The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that are "objectionable under section 502(e)(1) of the Bankruptcy Code." (Procedures Order at 2.)

8.      On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of the Plan provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including, resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

**The Master Purchase Agreement**

9.      On July 10, 2009 (the "**Closing Date**"), New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement. Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed certain employee benefit plans specified in a disclosure schedule, and the ERP is set forth on that schedule. Section 6.17(e) of the Master Purchase Agreement provides:

> As of the Closing Date, *Purchaser or one of its Affiliates shall assume (i) the Parent Employee Benefit Plans and Policies set forth on Section 6.17(e) of the Sellers' Disclosure Schedule* as modified thereon, and all assets, trusts, insurance policies and other Contracts relating thereto, except for any that do not comply in all respects with TARP or as otherwise provided in Section 6.17(h) and (ii) all

> employee benefit plans, programs, policies, agreements or arrangements (whether written or oral) in which Employees who are covered by the UAW Collective Bargaining Agreement participate and all assets, trusts, insurance and other Contracts relating thereto (the "**Assumed Plans**"), for the benefit of the Transferred Employees and Sellers and Purchaser shall cooperate with each other to take all actions and execute and deliver all documents and furnish all notices necessary to establish Purchaser or one of its Affiliates as the sponsor of such Assumed Plans including all assets, trusts, insurance policies and other Contracts relating thereto. Other than with respect to any Employee who was or is covered by the UAW Collective Bargaining Agreement, Purchaser shall have no Liability with respect to any modifications or changes to Benefit Plans contemplated by Section 6.17(e) of the Sellers' Disclosure Schedule, or changes made by Parent prior to the Closing Date, and Purchaser shall not assume any Liability with respect to any such decisions or actions related thereto, and *Purchaser shall only assume the Liabilities for benefits provided pursuant to the written terms and conditions of the Assumed Plan as of the Closing Date*. Notwithstanding the foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all necessary action, including reduction of benefits, to ensure that the Assumed Plans comply in all respects with TARP. Notwithstanding the foregoing, but subject to the terms of any Collective Bargaining Agreement to which Purchaser or one of its Affiliates is a party, Purchaser and its Affiliates may, in its sole discretion, amend, suspend or terminate any such Assumed Plan at any time in accordance with its terms.

(emphasis added). As a result, New GM assumed the ERP Claims to the extent required to be provided under the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") (29 U.S.C. §§ 1003, 1051, 1081, 1101) in effect on the Closing Date, including ERP Claims relating to nonpayment of supplemental executive pension benefits under the terms of the ERP (as they existed at that time) assumed by New GM. Therefore, neither the Debtors nor the GUC Trust have any liability for such portion of the ERP Claims (i.e., the Assumed ERP Claims).

### The Debtors Reserved the Right to Amend or Terminate ERP Benefits

10. New GM did not assume any liability for modifications of benefits (i.e., any reduction or elimination of supplement executive pension benefits) by the Debtors prior to the Closing Date. However, the ERP is an unfunded plan providing supplemental pension benefits in

excess of the amounts permitted under a tax-qualified pension plan,[3] and accordingly, the ERP is exempt from vesting, fiduciary, and many other substantive requirements of ERISA. Participants in the ERP are not entitled to statutory vesting (i.e., a nonforfeitable right) of their accrued benefits under the ERP, and such unvested benefits may be subject to forfeiture in accordance with the contractual terms of the ERP.

11. Prior to the Commencement Date, General Motors Corporation modified certain of the ERP Benefits. Under the terms of the ERP documents, General Motors Corporation properly reserved the right to amend or terminate the ERP and the benefits thereunder, in its sole discretion. Article I, Section II of the ERP documents specifically provides that "*benefits under this Plan are not guaranteed.*" The ERP documents further provides in Article I, Section I:

> It is intended that this Plan, in relevant part, qualify as an "excess benefit plan" under Section 3(36) of ERISA and, in relevant part, as a plan "providing deferred compensation for a select group of management or highly compensated employees" under Section 201(2) of ERISA, commonly called a "top hat" plan.

Plan document, Article I, Section I.

12. Article IV, Section I of the ERP documents provides that "the Corporation reserves the right, by and through the Executive Compensation Committee of the Board of Directors or its delegate, to amend, modify, suspend, or terminate this Plan in whole or in part, at any time."

13. Claimants have not provided any documentation or extrinsic evidence of any agreements superseding the terms of the ERP documents with respect to MLC's reservation of rights to reduce or eliminate benefits or otherwise amend or terminate the ERP. Accordingly,

---

[3] Article I, Section I of the ERP documents provides: "It is intended that this Plan, in relevant part, qualify as an 'excess benefit plan' under Section 3(36) of ERISA and, in relevant part, as a plan 'providing deferred compensation for a select group of management or highly compensated employees' under Section 201(2) of ERISA, commonly called a 'top hat' plan."

MLC, the Debtors, and the GUC Trust, have no obligation with respect to the Assumed ERP Claims and the Unvested ERP Claims. Such claims have either been assumed by New GM pursuant to the Master Purchase Agreement or relate to an expectation for benefits that were not vested and for which MLC, the Debtors, and the GUC Trust have no obligation. The ERP Claims should therefore be disallowed and expunged in their entirety

### The Relief Requested Should Be Approved by the Court

14. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). As described herein, the Debtors and the GUC Trust have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the ERP Claims are not the responsibility of MLC, the other Debtors, or the GUC Trust, having been assumed by New GM as described above, and are otherwise capable of termination. To avoid the possibility of recoveries by a creditor where no recovery is due, the Debtors and the GUC Trust request that the Court disallow and expunge the ERP Claims in their entirety.

### Notice

16.     Notice of this 233rd Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

17.     No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

### Conclusion

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  New York, New York
        May 20, 2011

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for the Motors Liquidation
                                        Company GUC Trust

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| COTE, JAMES D<br>2345 E CALLE LUSTRE<br><br>TUCSON, AZ 85718-4928 | 63184 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$33,350.02 (U)<br>$33,350.02 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CURINA H ATWOOD<br>27135 CRESTWOOD DRIVE<br><br>FRANKLIN, MI 48025 | 70920 | Motors Liquidation Company | $0.00 (S)<br>$39,167.28 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$39,167.28 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HAPPEL, ROY W<br>1566 WILSON AVE<br><br>CHAMBERSBURG, PA 17201-1378 | 6300 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$2,109,065.71 (U)<br>$2,109,065.71 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LOUIS FARINOLA<br>3918 WINTERSET LN<br><br>WEST BLOOMFIELD, MI 48323<br>UNITED STATES OF AMERICA | 22533 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$152,984.70 (U)<br>$152,984.70 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | **4** | | **$0.00** (S)<br>**$39,167.28** (A)<br>**$0.00** (P)<br>**$2,295,400.43** (U)<br>**$2,334,567.71** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**MOTORS LIQUIDATION COMPANY**, *et al.*,       :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*        :
                                                :
                    Debtors.                    :    (Jointly Administered)
                                                :
-----------------------------------------------------------------x

## ORDER GRANTING 233rd OMNIBUS OBJECTION TO CLAIMS
**(Supplemental Executive Retirement Benefits Claims of Former Executive Employees)**

Upon the 233rd omnibus objection to expunge certain executive retirement benefits claims of former executive employees, dated January 26, 2011 (the "**233rd Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the ERP Claims on the grounds that each ERP Claim is for an obligation for which the Debtors and the GUC Trust have no liability, all as more fully described in the 233rd Omnibus Objection to Claims; and due and proper notice of the 233rd Omnibus Objection to Claims having been

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 233rd Omnibus Objection to Claims.

US_ACTIVE:\43712255\02\72240.0639

provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 233rd Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 233rd Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 233rd Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 233rd Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
          _____, 2011

_____
United States Bankruptcy Judge