**11-6188872**

Richard J. McCord, Esq.
Counsel for USAA
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.,* | : | |
| f/k/a General Motors Corp. *et al.* | : | 09-50026(REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

## STIPULATION AND AGREED ORDER FOR ASSIGNMENT OF PROOF OF CLAIM NO. 1342 FROM THOMAS XANDER TO USAA

Motors Liquidation Company (f/k/a General Motors Corporation)("MLC") and its affiliated debtors, as debtors in possession (collectively, the "Debtors"), Thomas Xander ("Xander") and USAA (collectively with MLC, Xander and USAA, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree to the following:

### RECITALS:

A.  On June 1, 2009, certain of the Debtors[1] commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "**Initial Commencement Date**"), and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[2] each commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "**Realm/Encore Debtors' Commencement Date**," and together with the Initial Commencement Date, the "**Commencement Dates**") which

---

1 The initial Debtors are comprised of (i) Motors Liquidation Company(f/k/a General Motors Corporation); (ii) MLCS, LLC(f/k/a Saturn, LLC); (iii)MLCS Distribution Corporation(f/k/a Saturn Distribution Corporation); and (iv)MLC of Harlem, Inc.(f/k/a Chevrolet-Saturn of Harlem, Inc.).
2 The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., Case No. 09-50029 and Environmental Corporation Remediation Company, Inc., Case No. 09-50030.

2328931.1

cases are jointly administered with those of the initial Debtors under Case No. 09-50026(REG).3

B.  On September 14, 2009, Xander, by and through counsel, Albert S. Israel, Esq. of Fields & Israel, LLP, filed a Proof of Claim (Claim Number 1341), in the Debtors bankruptcy case, in the amount of $1,700,000.00.

C.  On September 14, 2009, Xander, by and through counsel, Albert S. Israel, Esq., of Fields & Israel, LLP, filed a Proof of Claim (Claim Number 1342), in the Debtors bankruptcy case, in the amount of $4,000,000.00.

D.  On November 27, 2009, USAA, by and through counsel, Greg W. Gibeaut, Esq. of Gibeaut, Mahan & Briscoe, filed a Proof of Claim (Claim Number 59961) in the Debtors bankruptcy case, in the amount of $2,300,000.00.

E.  On January 14, 2011, the Order Granting Debtors' 110th Omnibus Objection to Claims was entered, expunging Claim Number 59961 filed by USAA, in the amount of $2,300,000.00.

F.  After discussion amongst the Parties, the Parties agree to assign Proof of Claim Number 1342, in the amount $4,000,000.00 from Xander to USAA, with all rights incumbent herewith, and agree to reduce the claim from $4,000,000.00 to $2,300,000.00.

## AGREEMENT:

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties, through their undersigned counsel, that:

1.      Thomas Xander, by and through counsel, hereby agrees to transfer and assign Proof of Claim Number 1342, filed on September 14, 2009, in the bankruptcy case of Motors Liquidation Company a/k/a GM Corporation, in the amount of $4,000,000.00, as an Indemnity (products liability claim) to USAA, with all rights incumbent therewith.

2.      USAA hereby agrees to reduce immediately without further action Proof of Claim

Number 1342, in the amount of $4,000,000.00 to $2,300,000.00.

3.      Proof of Claim Number 1342 incorporates two claim amounts, $1,700,000.00 paid by Thomas Xander and $2,300,000.00 paid by USAA on behalf of Thomas Xander, both amounts paid in compromise of litigation from which the subject indemnity claims arise. Assignment of Claim Number 1342 to USAA and reduction of this claim by USAA to $2,300,000.00 as provided herein, shall not negate, reduce, eliminate and/or otherwise effect in any way the Claim of Xander for the sum of $1,700,000.00, which shall exist and survive separately and independently as Claim No. 1341, in the amount of $1,700,000.00.

4.      The Debtors reserve any and all rights to object to Claim Number 1341 or 1342 on any grounds whatsoever.

5.      Each party acknowledges that he or she has read all of the terms of this Agreement, has had an opportunity to consult with counsel of his or her own choosing or voluntarily waived such right and enters into these terms voluntarily and without duress.

6.      The enforcement of the terms and conditions of the Stipulation are subject to the approval of the Bankruptcy Court.  In the event the Bankruptcy Court fails to approve this Stipulation, the terms and provisions contained herein shall be null and void and of no further force and effect and shall not be deemed an admission of all parties and all claims and defenses shall be preserved.

7.      This Agreement is binding upon and shall inure to the benefit of the Parties hereto and their respective successors and/or assigns.

8.      If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future state or federal laws or rules and regulations promulgated thereunder, such provision shall be fully severable, and this Agreement shall be construed and enforced as if such illegal, invalid and unenforceable provision had never compromised a part hereof, and the remaining provisions of this Agreement shall remain in full force and effect and shall not be

2328931.1

affected by any illegal, invalid or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of such illegal, invalid, or unenforceable provision, there shall be automatically included as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable.

9.      The Parties agree to cooperate with each other to implement the terms of this Agreement, including without limitation, executing such other and further documents and instruments as either party may reasonably require with respect to this Agreement.

10.      It is understood and agreed that this Agreement shall be governed by, construed and enforced in accordance with, and subject to the laws of the State of New York, without regard to any conflict of laws principles except to the extent that the Bankruptcy laws apply and in such case title 11 of the United States Code shall apply. Venue for and jurisdiction over any claim or dispute pertaining to this Agreement shall be in the Bankruptcy Court for the Southern District of New York.

11.      This Agreement shall be deemed to have been jointly drafted by the parties, and in construing and interpreting this Agreement, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Agreement as a whole is purportedly prepared or requested by such party.

12.      This Stipulation may be executed in counterparts with each part being part of the whole.

[remainder of this page left intentionally blank]

2328931.1

**AGREED TO BY:**

Dated: East Meadow, New York
       February ___, 2011

                    **CERTILMAN BALIN ADLER & HYMAN, LLP**
                    Attorneys for USAA

                    By:    /s/Richard J. McCord_____
                              **RICHARD J. MCCORD, ESQ.**
                              90 Merrick Avenue
                              East Meadow, New York 11554
                              Phone: (516) 296-7000
                              Facsimile: (516) 296-7111

Dated: Long Beach, California
       February 25, 2011

                    **FIELDS & ISRAEL, LLP**
                    Attorneys for Thomas Xander

                    By:    /s/Albert S. Israel_____
                              **ALBERT S. ISRAEL, ESQ.**
                              111 West Ocean Boulevard, Suite 2300
                            Long Beach, California 90802
                            Phone: (562) 432-5111
                            Facsimile: (562) 432-6333

Dated: New York, New York
       February ___, 2011

                    **WEIL, GOTSHAL & MANGES, LLP**
                    Attorneys for the Debtors

                    By:    _____
                              **JOSEPH H. SMOLINSKY, ESQ.**
                              767 Fifth Avenue
                            New York, New York 10153
                            Phone: (212) 310-8000
                            Facsimile: (212) 310-8007

**"SO-ORDERED"**

_____
**HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE,
SOUTHERN DISTRICT OF NEW YORK**

2328931.1

2328931.1