Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :   **09-50026 (REG)**
         f/k/a General Motors Corp., *et al.*               :
                                                            :
                                     Debtors.               :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

## STIPULATION AND SETTLEMENT RESOLVING CLAIM NO. 70874

This Stipulation and Settlement (the "**Stipulation and Settlement**") is entered into as of **May 3, 2011** (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), General Motors LLC ("**New GM**"), and **David Shostack** (the "**Claimant**," and together with the GUC Trust and New GM, the "**Parties**").

## RECITALS:

WHEREAS, on June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with the Bankruptcy Court

09-50026-mg    Doc 10350    Filed 05/25/11    Entered 05/25/11 12:00:26    Main Document
         Pg 2 of 8

for the Southern District of New York (the "**Bankruptcy Court**") voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors,**" and together with the Initial Debtors, the "**Debtors**") commenced with the Bankruptcy Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG).

WHEREAS, on September 16, 2009, the Bankruptcy Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, on February 3, 2011, Claimant filed a motion to lift the automatic stay (the "**Automatic Stay Motion**") in the Debtors' chapter 11 cases to proceed with an action against the Debtors in state court (the "**State Court Action**") to recover damages relating to an alleged faulty transmission, among other parts, from the Claimant's 1994 Chevrolet Malibu bearing the vehicle identification number 1G1ND52FX4M653760 (the "**Claimant's Vehicle**");

WHEREAS, on February 11, 2011, Claimant filed proof of claim no. 70874 (the "**Claim**") seeking an administrative expense claim;

WHEREAS, on March 28, 2011, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming

2

Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (as may be amended, modified, or supplemented, the "**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**"), and transferred the Claim to the GUC Trust;

WHEREAS, pursuant to the Plan, the GUC Trust is authorized to resolve the Claim on behalf of the Debtors' estates;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement (the "**Settlement**") to resolve the Automatic Stay Motion and the Claim;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be allowed as a Class 3 general unsecured claim in the amount of $3,000 (the "**Allowed Claim**").

2. Within 30 days of the Bankruptcy Court's approval of this Stipulation and Settlement and delivery to New GM of a completed Internal Revenue Service form W9, New GM, or one of its agents, will additionally provide the Claimant with a check in the amount of $3,000 dollars (the "**Cash Payment**") payable to David Shostack at the address of 4 Suttonwood Dr., Commack, NY, 11725, upon which, New GM and its affiliates will be forever discharged and released from any liability relating to the Claimant's Vehicle.

3

3. Upon the Bankruptcy Court's approval of this Stipulation and Settlement, the Automatic Stay Motion shall automatically be withdrawn and the Claimant shall promptly take all necessary actions to withdraw with prejudice the State Court Action or any other action in any forum that is currently pending against the Debtors', the GUC Trust or New GM.

4. With respect to the Claim, other than the right to receive distributions on account of the Allowed Claim under the Plan, and the Cash Payment from New GM, the Claimant, for himself and on behalf of his spouse, heirs, assigns, guardians, successors, executors, administrators, agents, insurers, servants, employees, representatives, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, New GM, the GUC Trust Administrator Parties (as defined in the GUC Trust Agreement), and the GUC Trust, or any of their respective current affiliates, their estates or their respective future successors or assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, administrators, executors, trustees and attorneys (collectively, the "**MLC Parties**").  With respect to the Claim, except as set forth in this Stipulation and Settlement, the Claimant Parties hereby irrevocably waive any and all Claim (as defined in section 101(5) of the Bankruptcy Code) against any of the MLC Parties, and are hereby barred from asserting any and all claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties.  Further, the Claimant Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged all claims, debts, damages, demands, rights, liabilities, suits, matters, issues, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross

4

negligence, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, nondisclosure, breach of fiduciary duty, breach of warranty, products liability, strict liability, wrongful death, survival, injury by motor vehicle or equipment, loss of consortium, intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, or violations of any local, state, or federal or foreign statutes, rules or regulations or common law and any and all claims arising out of, relating to or in connection with the settlement or resolution of the Claim against each and all of the MLC Parties.

5. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reflect this Stipulation and Settlement.

6. This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7. This Stipulation and Settlement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

8. Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Settlement.

9. This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

10. This Stipulation and Settlement comprises claims which are contested and shall not be deemed an admission by the MLC Parties or Claimant Parties as to the merits of any claim or defense. The Parties agree that this Stipulation and Settlement was negotiated in good faith by the Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties represent and warrant that (i) they are not relying on any statements, understandings, representations, expectations, or agreements other than those expressly set forth herein; (ii) they have been represented and advised by legal counsel in connection with this Stipulation and Settlement, which they make voluntarily and of their own choice and not under coercion or duress; (iii) they have made their own investigation of the facts and are relying upon their own knowledge and the advice of counsel; (iv) they knowingly waive any and all claims that this Stipulation and Settlement was induced by any misrepresentation or nondisclosure and knowingly waive any and all rights to rescind or avoid this Stipulation and Settlement based upon presently existing facts, known or unknown. The Parties agree to and stipulate that each party is relying upon these representations and warranties in entering into this Stipulation and Settlement. Furthermore, the Parties agree that these representations and warranties are material inducements to entering into this Stipulation and Settlement. These representations and warranties shall survive the execution of this Stipulation and Settlement.

11.     The Claimant Parties agree that neither this Stipulation and Settlement nor the settlement contained herein, nor the negotiation thereof, nor any act performed or document prepared pursuant to or in furtherance of this Stipulation and Settlement or the settlement contained herein:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any allegation contained in the Claim or Lawsuit, or of any wrongdoing or liability of the MLC Parties, or of the damages to any Claimant Party; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the MLC Parties in any civil, criminal, or administrative proceeding in any court, arbitration, administrative agency, or other tribunal; or (iii) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation and Settlement, the settlement contained therein, and any other orders or documents executed in connection with the performance of the agreements embodied herein.  The MLC Parties may file this Stipulation and Settlement and/or any document prepared pursuant to or in furtherance of this Stipulation and Settlement in any action for any purpose.

12.     This Stipulation and Settlement shall be binding upon, and inure to the benefit of, the successors and assigns to the Claimant Parties and MLC Parties.  All MLC Parties are third party beneficiaries of and shall be entitled to enforce the releases contained in this Stipulation and Settlement.

13.     This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.  The Bankruptcy Court for the Southern District of New York shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING, AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS, AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.**

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GUC TRUST**<br>**By Wilmington Trust Company, not in its individual capacity, but solely as GUC Trust Administrator** | **DAVID SHOSTACK** |
| By: /s/ David Vanaskey, Jr. | By: /s/ David Shostack |
| Print Name: David Vanaskey, Jr.<br>Title: Vice President. | Print Name: David Shostack<br>Title: N/A |
| Dated: 5/3/11 | Dated: 4/25/11 |

**GENERAL MOTORS LLC**

By: /s/ Lawrence S. Buonomo

Print Name: Lawrence S. Buonomo
Title: Executive Director – Litigation

Dated: 4.25.11

**SO ORDERED** this **25th** day of **May**, 2011

                                                *s/ Robert E. Gerber*
                                                UNITED STATES BANKRUPTCY JUDGE