**PRESENTMENT DATE AND TIME: May 31, 2011 at 12:00 p.m. noon (Eastern Time)**
**OBJECTION DEADLINE: May 31, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY**, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
: 
                        Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER
BETWEEN THE MOTORS LIQUIDATION COMPANY GUC TRUST AND
CALLAN CAMPBELL PROVIDING FOR LIMITED MODIFICATION
OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

**PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust

(the "**GUC Trust**") will present the annexed Stipulation and Agreed Order Between the GUC

Trust, on the one hand, and Callan Campbell, on the other hand, Providing for Limited

Modification of the Automatic Stay and the Plan Injunction (the "**Stipulation and Order**") to

the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at

Room 621 of the United States Bankruptcy Court for the Southern District of New York (the

"**Bankruptcy Court**"), One Bowling Green, New York, New York 10004 on **May 31, 2011 at**

**12:00 p.m. noon (Eastern Time)**.

US_ACTIVE:\43656254\05\72240.0639

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia  30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; and (xvi) Richard C. Angino, Esq., attorney for Callan Campbell, Angino & Rovner PC, 4503 N. Front Street, Harrisburg, Pennsylvania  17110-1799, so as to be received no later than **May 31, 2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulation and Order, the GUC Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       May 25, 2011

        /s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for the Motors Liquidation
Company GUC Trust

**PRESENTMENT DATE AND TIME: May 31, 2011 at 12:00 p.m. noon (Eastern Time)**
**OBJECTION DEADLINE: May 31, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*         :
                                                               :
        Debtors.                      :    **(Jointly Administered)**
                                                               :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE MOTORS
LIQUIDATION COMPANY GUC TRUST AND CALLAN CAMPBELL
PROVIDING FOR LIMITED MODIFICATION OF
THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, and Callan Campbell, on the other hand (the "**Plaintiff,**" and together with the GUC Trust, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

**RECITALS**

A.  On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), commenced voluntary cases

US_ACTIVE:\43656254\05\72240.0639

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.      Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "**Automatic Stay**").

C.      A lawsuit styled *Callan Campbell v. Holly F. Fawber and General Motors Corporation*, Civil Action No. 05-CV-3501 (the "**Action**"), is currently pending in the Court of Common Pleas of Lackawanna County, Pennsylvania (the "**Pennsylvania State Court**"), and has been stayed since the Commencement Date pursuant the Automatic Stay.

D.      On October 26, 2009, Plaintiff filed proof of claim number 16513 (the "**Proof of Claim**") relating to the Action asserting unsecured claims in the amount of $30,000,000.

E.      On February 23, 2010, this Court entered the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implication of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 5037).[1]

F.      Pursuant to the ADR Order and the ADR Procedures, Plaintiff proposed to cap the Proof of Claim for all purposes at the amount of $6,500,000, which amount was accepted by the Debtors.[2]

---

[1] The ADR Order and ADR Procedures were subsequently amended by the Court on October 25, 2010 (ECF No. 7558).

[2] The ADR Order provides a mechanism whereby the Debtors can designate a claim for mediation by requesting that a claimant "cap" his or her claim at a fixed amount. Specifically, the ADR Order states that "if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimants, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap." Accordingly, once this "cap" is accepted by the Debtors, the claimant is forever barred from seeking recovery above such "cap."

G.     Pursuant to the ADR Order and the ADR Procedures, Plaintiff and the Debtors participated in mediation of the Proof of Claim, but were unable to resolve the Proof of Claim at that mediation.  Thus, the Proof of Claim is an "Unresolved Designated Claim" pursuant to the ADR Order and the ADR Procedures.

H.     The ADR Order and the ADR Procedures provide that if the Unresolved Designated Claim cannot be adjudicated in the Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction, litigation of such Unresolved Designated Claim shall proceed in the nonbankruptcy forum were the Unresolved Designated Claim was pending on the date the Debtors commenced their respective voluntary chapter 11 cases, subject to the Debtors' right to seek removal and/or transfer of venue.  (*See* ADR Procedures § II.E.3; ADR Order at 6.)

I.     On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of  Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) transferred certain claims pending against MLC to the GUC Trust, (iv) authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates, and (v) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in

accordance with the Plan (the "**Plan Injunction**"). (See Confirmation Order ¶ 54.) The Proof of Claim was among the claims transferred to the GUC Trust.

J.  Pursuant to the ADR Order and the ADR Procedures, Plaintiff and the GUC Trust wish to modify the Automatic Stay and the Plan Injunction solely to the extent necessary to permit the liquidation of the amount of the Proof of Claim through litigation of the Action in the Pennsylvania State Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue.

NOW, THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree as follows:

## STIPULATION

1.  Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to enable the Action to proceed to final judgment or settlement. Pursuant to the ADR Order and the ADR Procedures, the Action shall proceed in the Pennsylvania State Court, subject to the Debtors' and/or the GUC Trust's rights to seek removal and/or transfer of venue, or in such other forum as determined by the Court on request of the Debtors and/or the GUC Trust. Pursuant to the ADR Order and the ADR Procedures, any final judgment in the Action and, thus, distribution of any amount of the Proof of Claim shall be subject to treatment under the Plan and shall be treated as a general unsecured nonpriority claim against the Debtors identified in any judgment, unless otherwise determined and ordered by this Court.

2.  Except as provided in Paragraph 1 above, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the order confirming the Plan, including, without limitation, those provisions

prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the Action reserve the right to assert any and all defenses in the Action.

4. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

5. This Stipulation and Order is subject to the approval of the Court. If this Stipulation and Order is not approved by the Court, this Stipulation and Order shall by deemed null and void, and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases or the Action.

6. This Stipulation and Order sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7. The Parties represent and warrant to each other that the signatories to this Stipulation and Order have full power and authority to enter into this Stipulation and Order and to bind the Parties.

Dated: May 25, 2011

| | |
|---|---|
| /s/ Richard C. Angino | /s/ Joseph H. Smolinsky |
| Richard C. Angino | Harvey R. Miller |
| Angino & Rovner PC | Stephen Karotkin |
| 4503 N. Front Street | Joseph H. Smolinsky |
| Harrisburg, Pennsylvania 17110-1799 | Weil, Gotshal & Manges LLP |
| Telephone: (717) 238-6791 | 767 Fifth Avenue |
| | New York, New York 10153 |
| Attorney for Plaintiffs | Telephone: (212) 310-8000 |
| | Attorneys for the Motors Liquidation Company GUC Trust |

IT IS SO ORDERED.

Dated: New York, New York
            _____, 2011

THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE