**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Joseph H. Smolinsky**
+1 212 310 8767
joseph.smolinsky@weil.com

May 25, 2011

The Honorable Robert E. Gerber
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

Re: *In re Motors Liquidation Company, et al.*, Ch. 11 Case No. 09-50026 (REG), ECF Nos. 10230 & 10274: Notice of Appeal and Application to Appeal Without Prepayment of Fees, Submitted by Sherif R. Kodsy

Dear Judge Gerber,

We are writing in opposition to the application of Sherif R. Kodsy to proceed with the above-referenced appeal *in forma pauperis*. We would appreciate the inclusion of this opposition letter with any documents provided to the United States District Court for the Southern District of New York for its consideration of Mr. Kodsy's appeal.

The federal *in forma pauperis* statute, as codified in title 28 of the United States Code, provides, in relevant part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>   (i)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An appeal is "frivolous" if either "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or "the claim is 'based on an indisputably meritless legal theory.'" *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A claim is based on an "indisputably meritless legal theory" if it lacks an arguable basis in law. *Osuch v. Gregory*, 303 F. Supp. 2d 189, 191 (D. Conn. 2004) (citing *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam)). A claim seeking

**Weil, Gotshal & Manges LLP**

The Honorable Robert E. Gerber
May 25, 2011
Page 2

redress for a non-existent legal interest is an example offered by the Supreme Court as a claim that would be properly dismissed under 28 U.S.C. § 1915(e) because it is based on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *see also Nance*, 912 F.2d at 606. In addition, an appeal fails to state a claim on which relief may be granted and, therefore, must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Osuch*, 303 F. Supp. 2d 191 (quoting *Cruz*, 202 F.3d at 597).

On January 4, 2010, Mr. Kodsy filed a proof of claim asserting a secured claim against Remediation and Liability Management Company, Inc., a debtor affiliate of Motors Liquidation Company ("**MLC**" and together with its affiliated debtors, the "***Debtors***"), in the amount of $15 million for "personal injury, conspiracy, fraud, gross negligence, strict liability, [and] punitive damages" (the "**Kodsy Claim**"). The proof of claim form alleges that the Kodsy Claim is secured by a lien on a "Motor Vehicle" and "Other" property, but provides no further information on the alleged liens. On September 21, 2010, the Debtors filed an objection to the Kodsy Claim as part of the Debtors' 98th Omnibus Objection to Incorrectly Classified Claims (ECF No. 7050) (the "**98th Omnibus Objection**"), which sought to reclassify the Kodsy Claim as an unsecured claim because it is not secured by property of the Debtors' estates. On September 30, 2010, the claimant, acting *pro se*, filed a response that contained numerous factual allegations and legal conclusions regarding the underlying claim, including new, and baseless, accusations of bad faith, discrimination, perjury, and bribery (ECF No. 7309). The response did not provide any support for the assertion that the Kodsy Claim is entitled to secured status, nor did it identify the Debtors' property in which Mr. Kodsy is asserting an interest. On March 22, 2011, the Debtors filed a reply in which they reiterated their position that the Kodsy Claim is not entitled to secured status and should be reclassified as an unsecured claim (ECF No. 9874). Following a hearing on April 26, 2011, the Bankruptcy Court granted the relief requested by the Debtors, and entered a supplemental order on May 3, 2011 (ECF No. 10152) (the "**Bankruptcy Court Order**") reclassifying the Kodsy Claim as unsecured. An excerpt from the transcript of the April 26 hearing is annexed hereto as Exhibit "A."

On May 6, 2011, Mr. Kodsy filed a Notice of Appeal from the Bankruptcy Court Order (ECF No. 10230), and on May 10, 2011, Mr. Kodsy filed an Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 10274).

Section 506(a) of title 11 of the United States Code (the "**Bankruptcy Code**") defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a). The Kodsy Claim is not a secured claim within the meaning of section 506(a) of the Bankruptcy Code because the Kodsy Claim, if valid, is not secured by property of the Debtors' estates. Mr. Kodsy merely checked boxes on his proof of claim form stating that the Kodsy Claim was secured by liens on a "Motor Vehicle" and "Other" property; the Debtors are aware of no such liens and at no point has Mr. Kodsy provided evidence of, or support for, *any* liens against property of the Debtors that would secured the Kodsy Claim. Because no prepetition lien exists to secure Mr. Kodsy's contingent tort claims against the Debtors, as a matter of law, the Kodsy Claim *cannot* be

**Weil, Gotshal & Manges LLP**

The Honorable Robert E. Gerber
May 25, 2011
Page 3

secured. For these reasons, the Bankruptcy Court properly ruled that the Kodsy Claim was not entitled to secured status and was an unsecured claim.

Mr. Kodsy's appeal of the Bankruptcy Court's ruling is an attempt to enforce a security interest Mr. Kodsy does not and cannot possess and is unsupported by any arguable basis in law. Mr. Kodsy has simply taken a position contrary to that of the Debtors, irrespective of the fact that there is no arguable legal theory supporting such position. The complete lack of legal authority to support Mr. Kodsy's position is evident in the papers he has filed with the Bankruptcy Court and from oral argument during the April 26, 2011 hearing. Consequently, Mr. Kodsy's appeal is based on indisputably meritless legal theory and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the same reasons, it is also beyond doubt that Mr. Kodsy cannot prove a set of facts on appeal that would entitle him to a judgment that the Kodsy Claim is secured by a lien on the Debtors' property. Thus, Mr. Kodsy's appeal should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In a word, Mr. Kodsy's appeal is frivolous.

Moreover, the Debtors submit that it would inequitable to require them to suffer the cost of defending yet another frivolous appeal. The Debtors' possess very limited resources with which to administer the liquidation of their remaining assets. The administration of the Debtors' liquidation includes a number of other appeals, and the Debtors' scarce resources would be better spent on disputes that are not so patently lacking in merit and frivolous. While the court clearly has discretion to condition dismissal on whether Mr. Kodsy satisfies the prerequisites for an appeal, such as the payment of court fees, the Debtors submit that an exercise of such discretion is not appropriate here because Mr. Kodsy's appeal is frivolous and fails to state a claim on which relief may be granted. Accordingly, the Debtors request that the court dismiss Mr. Kodsy's appeal of the Bankruptcy Court Order with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

*/s/ Joseph H. Smolinsky*

Joseph H. Smolinsky

cc:    Sherif R. Kodsy

## **Exhibit A**

Excerpt from Transcript of Hearing on April 26, 2011

```
 1
 2    UNITED STATES BANKRUPTCY COURT
 3    SOUTHERN DISTRICT OF NEW YORK
 4    Case No. 09-50026
 5    - - - - - - - - - - - - - - - - - - - -x
 6    In the Matter of:
 7
 8    MOTORS LIQUIDATION COMPANY, et al.,
 9    f/k/a General Motors Corp., et al.
10              Debtors.
11
12    - - - - - - - - - - - - - - - - - - - -x
13
14              U.S. Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              April 26, 2011
19              9:51 AM
20
21    B E F O R E:
22    HON. ROBERT E. GERBER
23    U.S. BANKRUPTCY JUDGE
24
25
```

```
 1
 2    HEARING re Debtors' 137th Omnibus Objection to Claims (Eurobond
 3    Deutsche Debt Claims).
 4
 5    HEARING re Debtors' 138th Omnibus Objection to Claims (Eurobond
 6    Deutsche Debt Claims).
 7
 8    HEARING re Debtors' 141st Omnibus Objection to Claims (Eurobond
 9    Deutsche Debt Claims).
10
11    HEARING re Debtors' 143rd Omnibus Objection to Claims (Eurobond
12    Deutsche Debt Claims) Schwake - Adj. to 5/17/2011 at 9:45 a.m.
13
14    HEARING re Debtors' 217th Omnibus Objection to Claims
15    (Duplicate Claims Filed by Individual Members of the Dex-Cool
16    Class).
17
18    HEARING re Debtors' 218th Omnibus Objection to Claims
19    (Duplicate Claims Filed by Individual Members of the Dex-Cool
20    Class).
21
22    HEARING re Debtors' Objection to Proof of Claim No. 28231 Filed
23    by Isaac Oliva.
24
25
```

```
 1    HEARING re Motion of Debtors for Entry of Order Pursuant to

 2    Fed. R. Bankr. P. 9019 and Fed. R. Civ. P. 23 Approving

 3    Agreement Resolving Proof of Claim No. 51095 and Implementing

 4    Modified Dex-Cool Class Settlement.

 5

 6    HEARING re Debtors' Objection to Proof of Claim Nos. 00136,

 7    00552, 07020, 09072, 14901, 19246 and 19247 Filed by Sharyl L.

 8    Carter.

 9

10    HEARING re Motion of Debtors for Entry of Order Pursuant to

11    Fed. R. Bankr. P. 9019 and Fed. r. Civ. P. 23 Approving

12    Agreement Resolving Proof of Claim No. 51093 and Implementing

13    Modified Class Settlement.

14

15    HEARING re Motion of David Irwin for Relief from Automatic Stay

16    to Conduct Limited Intrusive Testing of Debtors' Property.

17

18    HEARING re Debtors' Objection to Claim Nos. 67121 and 67122.

19

20    HEARING re Debtors' Objection to Proof of Claim No. 70285 Filed

21    by Stanley R. Stasko.

22

23    HEARING re Motion for Relief from Stay Filed by Dave Shostack.

24

25    Transcribed by:  Pnina Eilberg
```

```
 1
 2    A P P E A R A N C E S :
 3    WEIL, GOTSHAL & MANGES LLP
 4          Attorneys for Debtors and Motors Liquidation
 5             Company GUC Trust
 6          767 Fifth Avenue
 7          New York, NY 10153
 8
 9    BY:    JOSEPH N. SMOLINSKY, ESQ.
10
11
12    GIRARD GIBBS LLP
13          Attorneys for Anderson Class, Dex-Cool Class
14          601 California Street
15          14th Floor
16          San Francisco, CA 94108
17
18    BY:    A.J. DE BARTOLOMEO, ESQ.
19
20
21    SMITH & ALSPAUGH, P.C.
22          505 20th Street N.
23          Birmingham, AL 35203
24
25    BY:    WILLIAM CONE OWEN, JR., ESQ.
```

```
 1

 2    BAXTER BRUCE & SULLIVAN P.C.

 3         Attorneys for Larry Compton, Trustee

 4         Professional Plaza

 5         9309 Glacier Highway

 6         Suite A-201

 7         Juneau, AK 99803

 8

 9    BY:  DANIEL G. BRUCE, ESQ. (TELEPHONICALLY)

10

11

12    ARNSTEIN & LEHR LLP

13         Attorneys for Sentry Insurance and

14            Sentry Select Insurance Company

15         120 South Riverside Plaza

16         Suite 1200

17         Chicago, IL 60606

18

19    BY:  DAVID ALAN GOLIN, ESQ. (TELEPHONICALLY)

20

21

22

23

24

25
```

```
 1
 2    GOLDBERG SEGALLA LLP
 3         Attorneys for Quaker Oats Company
 4         665 Main Street
 5         Suite 400
 6         Buffalo, NY 14203
 7
 8    BY:  BRUCE W. HOOVER, ESQ. (TELEPHONICALLY)
 9
10
11    PEPPER HAMILTON LLP
12         100 Renaissance Center
13         Suite 3600
14         Detroit, MI 48226
15
16    BY:  KAY STANDRIDGE KRESS, ESQ. (TELEPHONICALLY)
17
18
19    ALSO PRESENT:
20         SHERIF R. KODSY, Pro Se
21         SHARYL Y. CARTER, In Pro Per/Pro Se (TELEPHONICALLY)
22         DAVID A. RADKE, In Pro Per/Pro Se (TELEPHONICALLY)
23         STANLEY R. STASKO, In Pro Per/Pro Se (TELEPHONICALLY)
24         SARAH THOMPSON, Barclays Capital, Inc. (TELEPHONICALLY)
25
```

MOTORS LIQUIDATION COMPANY, et al.                    11

```
 1              The next matter on the calendar is the debtors' motion
 2   to object to --
 3              THE COURT:  Pause, please.
 4              MR. SMOLINSKY:  Yes.
 5              THE COURT:  Mr. Stasko, you're free to stay on the
 6   line as long as you do it quietly, or to drop off, whichever
 7   you prefer.
 8        (No response)
 9              THE COURT:  I hear no response.  You may continue, Mr.
10   Smolinsky.
11              MR. SMOLINSKY:  Thank you, Your Honor.
12              The next motion on the calendar is the debtors' 98th
13   omnibus objection to claims which seeks to reclassify claims
14   from secured or priority status to general unsecured status.
15   Most of this motion has been administered.  The remaining claim
16   is a claim filed by Sherif Kodsy and I would ask if he's here
17   today.
18              THE COURT:  Do you want to come on up to the table
19   please, sir?
20              MR. KODSY:  How you doing, Your Honor.
21              THE COURT:  Have a seat and pull the microphone close
22   to you.  I'm going to waive the requirement that you have to
23   stand when you speak, just speak into the microphone when it's
24   your turn.
25              MR. KODSY:  Thank you, Your Honor.
```

MOTORS LIQUIDATION COMPANY, et al.

1       THE COURT:  Your Honor, this claim asserts damages

2   caused by an alleged product defect in a Hummer truck,

3   allegedly manufactured by General Motors Corporation.  As a

4   result of this alleged defect Mr. Kodsy asserts claims for

5   personal injury, fraud, gross negligence, discrimination, bad

6   faith, perjury and bribery, among other claims.

7       The debtors have not yet fully evaluated the claim,

8   the merits of the claim or decided on an appropriate course of

9   action.  But given the fact that this is, in part, a personal

10  injury claim, it would be appropriate to utilize the ADR

11  procedures that this Court has approved and has been working

12  successfully in these cases.

13      In order to have an effective mediation, both parties

14  need to understand the status and nature of the claim from a

15  priority perspective under the bankruptcy code.  And there is

16  no doubt to the debtors and to the GUC Trust that this is a

17  general unsecured claim and that Mr. Kodsy, if he was able to

18  prevail on the merits of his claim, would not be entitled to a

19  cash payment equal to the amount of his damages but rather

20  entitled to a general unsecured claim that would allow him the

21  ability to share with similarly situated creditors in the stock

22  and warrants of New GM that have been made available under the

23  plan to general unsecured creditors.

24      Your Honor, Section 506 of the Bankruptcy Code is

25  entitled a determination of secured status.  And just reading

                        MOTORS LIQUIDATION COMPANY, et al.                      13

1    Section 506(a)(1) it says, "An allowed claim of a creditor

2    secured by a lien on property in which the estate has an

3    interest or that is subject to setoff under Section 553 of this

4    title, is a secured claim to the extent that the value of such

5    creditors interest in the estate's interest in such property or

6    to the extent of the amount subject to setoff, as the case may

7    be, and as an unsecured claim to the extent of the value of

8    such creditors' interest or the amount so subject to setoff, is

9    less than the amount of such allowed claim."

10             So Your Honor, Mr. Kodsy after discussions with us,

11   continues to assert that his claim is entitled to secured

12   status but he provides no basis for the assertion that he has

13   an interest in the estate's interest in any property.

14             It's important to note that under the debtors' plan

15   the only treatment of a secured claim is not the payment in

16   full and cash of the claim, but the debtors are given the

17   option to abandon the debtors' property that secures the

18   creditors' claim.  Here, to the extent there is no property so

19   it would be easy to abandon whatever interest he has in estate

20   property and the remainder of his claim would be a general

21   unsecured claim.

22             So Your Honor, we don't think there's any basis for

23   secured claim.  We'd like this issue addressed now so that we

24   could proceed in evaluating the claim and trying to liquidate

25   the claim, not under this Court's jurisdiction but pursuant to

                    MOTORS LIQUIDATION COMPANY, et al.

1    the ADR procedures that have been established.

2              THE COURT:  Okay.  Do you want to save the rest of

3    your remarks for reply?

4              MR. SMOLINSKY:  Sure.  Thank you.

5              THE COURT:  Okay.  Mr. Kodsy, you needn't stand up.

6    No, you can sit down if you choose to.

7              MR. KODSY:  No, I'll stand, Your Honor.

8              THE COURT:  Okay.  Come to the main microphone if you

9    feel okay about standing.  Mr. Kodsy, I'm meaning you no

10   disrespect, do you know what a secured claim is?

11             MR. KODSY:  I've done some research, Your Honor, and

12   it is a lien on an estate.

13             THE COURT:  Okay.  What is the lien that you claim

14   exists?

15             MR. KODSY:  Well, my claim -- I have a six-count

16   complaint against the estate.  I have a fraud --

17             THE COURT:  Bear with me please, Mr. Kodsy.  What is

18   the lien that you claim exists that turns your complaint into a

19   secured claim as contrasted to an unsecured claim?  Because if

20   I heard Mr. Smolinsky right he's not quarreling that you may

21   have an unsecured claim, although he says that should be

22   determined at another day.  But he's saying that whatever you

23   have doesn't have the required lien and therefore you have an

24   unsecured claim rather than a secured claim.

25             MR. KODSY:  Yes, Your Honor.  That's his argument.  I

1   did find some case law, due to the fraud, the nature of the

2   non-disclosed -- the concealments, it becomes, more or less, a

3   lien, a secured lien, just on the fraud and the concealment

4   factors.  The malicious -- intentional malicious acts, I could

5   quote Folger Adam Sec., I guess, Inc. vs. DeMatteis/MacGregor,

6   JV, 209 F.3d 252, 258, 259-60 (3rd Cir. 2000) stating under the

7   rule of ejusdim generis, the term other interests would

8   ordinarily be limited to interests of the same kind as those

9   enumerated, examples liens, mortgages, security interests,

10  encumbrances, liabilities and claims that mortgages, security

11  interests, encumbrances and liability possess characteristics

12  similar to a lien and that a lien is distinct from the

13  obligation to secureds.

14           Basically, Your Honor, it so that, you know, it's

15  depending on the issues the lien can be placed not just because

16  it's a structure or an actual property.  The bankruptcy --

17  everything is a liquidated property; it's not just an actual,

18  physical object.  That was my understanding of it.  It's

19  quoting, you know, exceptions on 523.  "It says for willful and

20  malicious injury by the debtor to another entity or to the

21  property of another entity, false pretenses, a false

22  representation, actual fraud, other than a statement respecting

23  the debtors or an insider's financial condition."

24           And subchapter 1104, Your Honor, which is the

25  discharge for the bankruptcy or 1141, effect of confirmation --

1    it quotes 363 "And the entity asserting an interest in property

2    has the burden of proof of validity."

3             So it's basically what I have, Your Honor.  It was a

4    design defect and it was totally -- it's just been a fight with

5    them, you know, for the fraud and the concealment and -- which

6    did cause personal injury to the extent where surgery is

7    needed.  They actually did the concealment prior to even

8    selling the vehicle; they totally misrepresented the vehicle

9    before even selling it, and after.

10            That's all I have, Your Honor.

11            THE COURT:  Okay.  Mr. Smolinsky, do you wish to

12   reply?

13            MR. SMOLINSKY:  Your Honor, not much.  I just rise to

14   advise the Court what the Court already knows with respect to

15   the discharge, 1141.  The debtors are not entitled under our

16   plan to a discharge, it's a liquidating case.

17            THE COURT:  Because it's a liquidating plan.

18            MR. SMOLINSKY:  That's correct, Your Honor.  And it

19   doesn't speak as to interests; it speaks as to whether certain

20   claims are accepted from the discharge that would otherwise be

21   granted to a Chapter 11 debtor.  But we did not ask for one, we

22   did not get one.

23            The Folger Adams case, I think, is a 363 case, as to

24   whether someone -- whether an interest under 363(f) can be sold

25   free and clear of.  I'm not a hundred percent, my memory

15

MOTORS LIQUIDATION COMPANY, et al.

1  doesn't serve me fully on that but it's not a case as to

2  whether someone with a general claim, like Mr. Kodsy is

3  entitled to an interest in the debtors' property, for purposes

4  of plan distributions.

5           Thank you, Your Honor.

6           THE COURT:  Mr. Kodsy, I'm going to have to grant the

7  debtors' motion to reclassify your claim from a secured claim

8  to an unsecured claim.  And although this is very easy from a

9  matter of bankruptcy law, I'm going to burden everybody in the

10 courtroom by taking a few minutes to explain the rationale.

11          In general terms, the Bankruptcy Code recognizes

12 claims of different types depending, in significant part, on

13 whether the creditors underlying rights against the debtor come

14 from a contract that gives it a lien or other secured interest.

15 A lien and security interest are generally the same thing.  A

16 mortgage is one kind of a lien or security interest.  And the

17 Latin phrase that you quoted, ejusdem generis, in fact, talks

18 about different things being thought of together such as liens,

19 mortgages and security interests.

20          But the doctrine upon which you relied does not turn

21 an unsecured claim into a secured claim unless there is a basis

22 in either contract law or statutory law to give the claimant a

23 security interest.  The underlying rationale for that, even

24 though it's not strictly relevant to my legal decision, just

25 helps you understand why the Code is put together this way, is

MOTORS LIQUIDATION COMPANY, et al.

1  because a claim of lien gives one creditor a leg up against the

2  remainder of the creditor community.  Without understating the

3  importance of your claims, there are lots of creditors in the

4  GM case who contend, sometimes more than contend with some

5  basis for their contentions, that they were hurt in GM vehicles

6  by reason of GM's fault or that they got defective cars by

7  reason of GM's fault or even that GM or its dealers or agents

8  lied to them when they acquired their vehicles.  I don't make

9  any findings as to whether or not any of those claims are valid

10  or not.  My guess is some are and some aren't and some are in

11  between.  But the point is that none of them is a secured

12  claim.  They're all unsecured claims.  If you claim a security

13  interest, you have to show that entitlement by contract such as

14  a mortgage, which you haven't alleged here, or by a statute,

15  which mainly exist to give state taxing authorities liens or

16  federal taxing authorities liens which you don't have here.  I

17  don't want to understate the importance of what's bugging you,

18  but whatever you have, it's an unsecured claim.  It's not a

19  secured claim because you don't have a lien.

20       GM is not asking to disallow your claim in its

21  entirety.  They're asking that it be reclassified as an

22  unsecured claim which is the right thing for them to ask for.

23  And your rights vis-à-vis your unsecured claim will be

24  litigated as we go forward, initially, through alternate

25  dispute resolution which is sometimes referred to in slang as

MOTORS LIQUIDATION COMPANY, et al.    57

```
 1   ADR.  So I'm sustaining the debtors' objection granting its
 2   motion to reclassify.  And, Mr. Smolinsky, you are to settle an
 3   order in accordance with that ruling.  The time to appeal this
 4   determination, Mr. Kodsy, is going to run from the time that
 5   the Court dockets the underlying order not from the date of
 6   today's explanation and ruling.  Have a good day.
 7           MR. KODSY:  Thank you, Your Honor.
 8           THE COURT:  Very well.  Mr. Smolinsky?
 9           MR. SMOLINSKY:  Thank you, Your Honor.  The next
10   series of matters on the agenda will be handled by my
11   colleague, Angela Zambrano.
12           THE COURT:  Sure.  Ms. Zambrano, you want to come on
13   up, please?
14           MS. ZAMBRANO:  Thank you, Your Honor.  The next
15   matters on the agenda are objections to individual claims that
16   we've asked to be expunged.  The reason we've asked them to be
17   expunged is that they're duplicate of class claims.  And so
18   what I'd like to do to put those in context is actually present
19   the class settlement.  And that'll make sense as to why they're
20   duplicative.
21           THE COURT:  Sure.  Pause for a second and allow class
22   counsel to come on up.
23           MS. DE BARTOLOMEO:  Thank you, Your Honor.
24           MS. ZAMBRANO:  Thank you.
25           THE COURT:  Get your papers organized down on the
```