Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                          :
**In re**                                                 :          **Chapter 11 Case No.**
                                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                :          **09-50026 (REG)**
         **f/k/a General Motors Corp.,** *et al.*         :
                                                          :
                            **Debtors.**                  :          **(Jointly Administered)**
                                                          :
-----------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE MOTORS
LIQUIDATION COMPANY GUC TRUST AND CALLAN CAMPBELL
PROVIDING FOR LIMITED MODIFICATION OF
THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one

hand, and Callan Campbell, on the other hand (the "**Plaintiff,**" and together with the GUC Trust,

the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this

Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

**RECITALS**

A.       On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company

(f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), commenced voluntary cases

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United

States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.       Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into

effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any

judicial action or proceeding against the Debtors that could have been commenced prior to the

Commencement Date (the "**Automatic Stay**").

C.       A lawsuit styled *Callan Campbell v. Holly F. Fawber and General Motors*

*Corporation*, Civil Action No. 05-CV-3501 (the "**Action**"), is currently pending in the Court of

Common Pleas of Lackawanna County, Pennsylvania (the "**Pennsylvania State Court**"), and

has been stayed since the Commencement Date pursuant the Automatic Stay.

D.       On October 26, 2009, Plaintiff filed proof of claim number 16513 (the "**Proof of**

**Claim**") relating to the Action asserting unsecured claims in the amount of $30,000,000.

E.       On February 23, 2010, this Court entered the Order Pursuant to 11 U.S.C. §

105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implication of Alternative

Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 5037).[1]

F.       Pursuant to the ADR Order and the ADR Procedures, Plaintiff proposed to cap the

Proof of Claim for all purposes at the amount of $6,500,000, which amount was accepted by the

Debtors.[2]

---

[1] The ADR Order and ADR Procedures were subsequently amended by the Court on October 25, 2010 (ECF No. 7558).

[2] The ADR Order provides a mechanism whereby the Debtors can designate a claim for mediation by requesting that a claimant "cap" his or her claim at a fixed amount. Specifically, the ADR Order states that "if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimants, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap." Accordingly, once this "cap" is accepted by the Debtors, the claimant is forever barred from seeking recovery above such "cap."

G.      Pursuant to the ADR Order and the ADR Procedures, Plaintiff and the Debtors participated in mediation of the Proof of Claim, but were unable to resolve the Proof of Claim at that mediation.  Thus, the Proof of Claim is an "Unresolved Designated Claim" pursuant to the ADR Order and the ADR Procedures.

H.      The ADR Order and the ADR Procedures provide that if the Unresolved Designated Claim cannot be adjudicated in the Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction, litigation of such Unresolved Designated Claim shall proceed in the nonbankruptcy forum were the Unresolved Designated Claim was pending on the date the Debtors commenced their respective voluntary chapter 11 cases, subject to the Debtors' right to seek removal and/or transfer of venue.  (*See* ADR Procedures § II.E.3; ADR Order at 6.)

I.      On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of  Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) transferred certain claims pending against MLC to the GUC Trust, (iv) authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates, and (v) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in

accordance with the Plan (the "**Plan Injunction**").  (See Confirmation Order ¶ 54.)  The Proof of

Claim was among the claims transferred to the GUC Trust.

        J.        Pursuant to the ADR Order and the ADR Procedures, Plaintiff and the GUC Trust

wish to modify the Automatic Stay and the Plan Injunction solely to the extent necessary to

permit the liquidation of the amount of the Proof of Claim through litigation of the Action in the

Pennsylvania State Court, subject to the GUC Trust's rights to seek removal and/or transfer of

venue.

        NOW, THEREFORE, the Parties, by and through their undersigned counsel, do

hereby agree as follows:

## STIPULATION

        1.        Upon entry of an order of the Court approving this Stipulation and Order, the

Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to enable

the Action to proceed to final judgment or settlement.  Pursuant to the ADR Order and the ADR

Procedures, the Action shall proceed in the Pennsylvania State Court, subject to the Debtors'

and/or the GUC Trust's rights to seek removal and/or transfer of venue, or in such other forum as

determined by the Court on request of the Debtors and/or the GUC Trust.  Pursuant to the ADR

Order and the ADR Procedures, any final judgment in the Action and, thus, distribution of any

amount of the Proof of Claim shall be subject to treatment under the Plan and shall be treated as

a general unsecured nonpriority claim against the Debtors identified in any judgment, unless

otherwise determined and ordered by this Court.

        2.        Except as provided in Paragraph 1 above, the provisions of the Automatic Stay,

the Plan Injunction, or any provision or injunction created in connection with confirmation of the

Plan and the order confirming the Plan, including, without limitation, those provisions

prohibiting execution, enforcement or collection of any judgment that may be obtained against

the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in

section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.      Nothing contained herein shall be deemed or construed as an admission of

liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the

Action reserve the right to assert any and all defenses in the Action.

4.      This Court shall retain jurisdiction and shall be the exclusive forum to resolve any

disputes or controversies arising from or relating to this Stipulation and Order.

5.      This Stipulation and Order is subject to the approval of the Court.  If this

Stipulation and Order is not approved by the Court, this Stipulation and Order shall by deemed

null and void, and shall not be referred to or used for any purpose by any party including in

either these chapter 11 cases or the Action.

6.      This Stipulation and Order sets forth the entire understanding of the Parties with

respect to the matters set forth herein and may not be modified or amended except by a writing

signed by the Parties and/or their counsel, and approved by the Court.  The Parties have

independently verified all facts and/or conditions of facts that they have determined are

necessary to their decision to enter into this Stipulation and Order, and they have not relied upon

any representations, written or oral, express or implied, of any other person in verifying and

satisfying themselves as to such facts and/or conditions of facts.

7.      The Parties represent and warrant to each other that the signatories to this

Stipulation and Order have full power and authority to enter into this Stipulation and Order and

to bind the Parties.

Dated: May 25, 2011


 /s/ Richard C. Angino                          /s/ Joseph H. Smolinsky
Richard C. Angino                             Harvey R. Miller
Angino & Rovner PC                            Stephen Karotkin
4503 N. Front Street                          Joseph H. Smolinsky
Harrisburg, Pennsylvania  17110-1799          Weil, Gotshal & Manges LLP
Telephone: (717) 238-6791                     767 Fifth Avenue
                                              New York, New York 10153
Attorney for Plaintiffs                       Telephone: (212) 310-8000

                                              Attorneys for the Motors Liquidation
                                              Company GUC Trust


IT IS SO ORDERED.

Dated: New York, New York            *s/ Robert E. Gerber*
       *May 31, 2011*                THE HONORABLE ROBERT E. GERBER
                                     UNITED STATES BANKRUPTCY JUDGE