Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                              :

In re                                       :         **Chapter 11 Case No.**

                                          :

**MOTORS LIQUIDATION COMPANY**, *et al.*,   :         **09-50026 (REG)**
      f/k/a General Motors Corp., *et al.*   :

                                        :

                       Debtors.          :         **(Jointly Administered)**

                                          :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**BETWEEN THE MOTORS LIQUIDATION COMPANY GUC TRUST, KATHY SUBIA,**
**AND THE ESTATE OF JOHN EDWARD PAYNE PROVIDING FOR LIMITED**
<u>**MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**</u>

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one

hand, and Kathy Subia, individually and as administrator and on behalf of the Estate of John

Edward Payne, on the other hand (together, the "**Plaintiffs**," and collectively with the GUC

Trust, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this

Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

<u>**RECITALS**</u>

        A.        On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company

(f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), commenced voluntary cases

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.     Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "**Automatic Stay**").

C.     A lawsuit styled *Kathy Subia, individually and on behalf of all statutory wrongful death claimants v. General Motors Corporation, et al.,* Case No. CV2008-09174 (the "**Action**"), is currently pending in the Superior Court of the State of Arizona in and for the County of Maricopa (the "**Arizona State Court**") and has been stayed since the Commencement Date pursuant the Automatic Stay.

D.     On November 13, 2009, Plaintiffs filed proofs of claim numbers 23954, 23955, 23957, and 23958[1] (the "**Proofs of Claim**") relating to the Action asserting unsecured claims in the following amounts:

| Claim Number | Filed Amount |
|---|---|
| 23954 | $5,000,000.00 |
| 23955 | $5,000,000.00 |
| 23957 | $5,000,000.00 |
| 23958 | $5,000,000.00 |

E.     On February 23, 2010, this Court entered the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implication of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 5037).[2]

---

[1] Plaintiffs also filed proofs of claim numbers 23953, 23956, and 23959, but these claims have been previously expunged.

F.  Pursuant to the ADR Order and the ADR Procedures, Plaintiffs proposed to cap all of the Proofs of Claim for all purposes for a combined amount of $3,500,000.00, which amount was accepted by the Debtors.[3]

G.  Pursuant to the ADR Order and the ADR Procedures, Plaintiffs and the Debtors participated in mediation of the Proofs of Claim, but were unable to resolve the Proofs of Claim at that mediation. Thus, the Proofs of Claim are "Unresolved Designated Claims" pursuant to the ADR Order and the ADR Procedures.

H.  The ADR Order and the ADR Procedures provide that if an Unresolved Designated Claim cannot be adjudicated in the Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction, litigation of such Unresolved Designated Claim shall proceed in the nonbankruptcy forum where the Unresolved Designated Claim was pending on the date the Debtors commenced their respective voluntary chapter 11 cases, subject to the Debtors' right to seek removal and/or transfer of venue. (*See* ADR Procedures § II.E.3; ADR Order at 6.)

I.  On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**"). Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii)

---

[2] The ADR Order and ADR Procedures were subsequently amended by the Court on October 25, 2010 (ECF No. 7558).

[3] The ADR Order provides a mechanism whereby the Debtors can designate a claim for mediation by requesting that a claimant "cap" his or her claim at a fixed amount. Specifically, the ADR Order states that "if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimants, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap." Accordingly, once this "cap" is accepted by the Debtors, the claimant is forever barred from seeking recovery above such "cap."

established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) transferred certain claims pending against MLC to the GUC Trust, (iv) authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates, and (v) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in accordance with the Plan (the "**Plan Injunction**"). (See Confirmation Order ¶ 54.) The Proofs of Claim were among the claims transferred to the GUC Trust.

   J. Pursuant to the ADR Order and the ADR Procedures, Plaintiffs and the the GUC Trust wish to modify the Automatic Stay and the Plan Injunction solely to the extent necessary to permit the liquidation of the amount of the Proofs of Claim through litigation of the Action in the Arizona State Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue.

   NOW, THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree as follows:

## STIPULATION AND ORDER

   1. Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to enable the Action to proceed to final judgment or settlement. Pursuant to the ADR Order and the ADR Procedures, the Action shall proceed in the Arizona State Court, subject to the Debtors' and/or the GUC Trust's rights to seek removal and/or transfer of venue, or in such other forum as determined by the Court on request of the Debtors and/or the GUC Trust. Pursuant to the ADR Order and the ADR Procedures, any final judgment in the Action and, thus, distribution of any amount of the Proofs of Claim shall be subject to treatment under the Plan and shall be treated as

general unsecured nonpriority claims against the Debtors identified in any judgment, unless otherwise determined and ordered by this Court.

2.  Except as provided in Paragraph 1 above, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.  Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the Action reserve the right to assert any and all defenses in the Action.

4.  This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

5.  This Stipulation and Order is subject to the approval of the Court.  If this Stipulation and Order is not approved by the Court, this Stipulation and Order shall by deemed null and void, and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases or the Action.

6.  This Stipulation and Order sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court.  The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon

any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7. The Parties represent and warrant to each other that the signatories to this Stipulation and Order have full power and authority to enter into this Stipulation and Order and to bind the Parties.

Dated: May 24, 2011

| | |
|---|---|
| /s/ LaMar B. Brown | /s/ Joseph H. Smolinksy |
| LaMar B. Brown | Harvey R. Miller |
| Robinson Calcagnie & Robinson | Stephen Karotkin |
| 620 Newport Center Drive | Joseph H. Smolinsky |
| Suite 700 | Weil, Gotshal & Manges LLP |
| Newport Beach, California 92660 | 767 Fifth Avenue |
| Telephone: (949) 720-1288 | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Attorneys for Plaintiffs | |
| | Attorneys for the Motors Liquidation Company GUC Trust |

IT IS SO ORDERED.

Dated: New York, New York       *s/ Robert E. Gerber*
    *May 31, 2011*      THE HONORABLE ROBERT E. GERBER
     UNITED STATES BANKRUPTCY JUDGE