# United States Bankruptcy Court
# Southern District of New York

In re: Motors Liquidation Company  
(f/k/a General Motors Corporation)

Case No. 09-50026 (REG) (Jointly Administered)

**PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). The Transferee identified below ("Transferee") hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice. Pursuant to the Agreement and Evidence of Transfer of Claim, dated as of May __, 2011, between the Transferor identified below ("Transferor") and Transferee and attached as Exhibit 1 hereto, Transferor, for good and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the claims of Transferor against Motors Liquidation Company (f/k/a General Motors Corporation) to the extent of the Transferred Amount set forth below of the Proof of Claim set forth below (the first page of which proof of claim is attached hereto as Exhibit 2).

| | |
|---|---|
| Morgan Stanley & Co. International plc<br>Name of Transferee | LMA SPC for and on behalf of the MAP 84 Segregated Portfolio<br>Name of Transferor |
| Name and Address where notices to Transferee should be sent:<br><br>Morgan Stanley & Co. International plc<br>1585 Broadway, 2nd Floor<br>New York, NY 10036<br>Attn:   John Ragusa<br>Phone:   (212) 761-1069<br><br>With a copy to:<br>Richards Kibbe & Orbe LLP<br>One World Financial Center<br>New York, NY 10281<br>Attn:   Managing Clerk<br><br>Name and Address where Transferee payments should be sent (if different from above): | Court Claim # (if known): **66218**<br>Original filer of Claim: Perry Partners International, Inc.<br><br>Amount of Claim: $102,691,204.67<br>Date Claim Filed: November 30, 2009<br><br>**Transferred Amount: $89,745.99** (corresponding to (i) $83,859.30 principal amount (which amount corresponds to GBP 51,000.00 principal amount) of 8.375% Guaranteed Notes due 2015 (the "Notes"), issued by General Motors Nova Scotia Finance Company, and fully and unconditionally guaranteed by Motors Liquidation Company (f/k/a General Motors Corporation), and (ii) $5,886.69 amount of interest (which amount corresponds to GBP 3,580.06 amount of interest) relating to the Notes), together with any and all further interest and other amounts payable in respect thereto.<br><br>Name and Address where notices to Transferor should be sent:<br><br>c/o Knighthead Capital Management, LLC<br>623 5th Ave., 29th Floor<br>New York, New York 10022<br>Attn:  Laura L. Torrado |

(*Signature on following page.*)

dc-642160  
666195v.2 892/04201

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

MORGAN STANLEY & CO. INTERNATIONAL PLC

By: _____   Date: May 25, 2011
Name:
Title
    Transferee/Transferee's Agent    BRIAN CRIPPS
                              Authorised Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

dc-642160
666195v.2 892/04201

# Exhibit 1

(*See attached Agreement and Evidence of Transfer of Claim.*)

dc-642160
666195v.2 892/04201

## AGREEMENT AND TRANSFER OF CLAIM

This Agreement and Evidence of Transfer of Claim (this "Agreement") is dated as of May 25, 2011 (the "Effective Date").

1.  **LMA SPC for and on behalf of the MAP 84 Segregated Portfolio** ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to **Morgan Stanley & Co. International plc,** its successors and assigns ("Purchaser"), and Purchaser hereby agrees to purchase, as of the Effective Date, all of Seller's right, title and interest in and to **£51,000.00** principal amount (equivalent to $83,859.30 principal amount using the conversion rate of 1.6443, which is the conversion rate (the "Rate") used in the Proof of Claim (as defined below)) of certain **8.375 percent notes due December 7, 2015 (ISIN/CUSIP XS0171922643)** (the "Notes"), issued by General Motors Nova Scotia Finance Company (the "Canadian Debtor"), a debtor in bankruptcy proceedings under the *Bankruptcy and Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the bankruptcy court of the province of Nova Scotia, Canada (the "Canadian Court", and such proceeding, the "Canadian Proceeding"), and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "US Debtor"), a debtor and debtor-in-possession in Case No. 09-50026 (REG) (the "US Proceeding") under title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and to the extent relating to the Notes, a related portion (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to Proof of Claim Number **66218**, which was filed by or on behalf of Seller's predecessor in interest against the US Debtor in the US Proceeding (the "Proof of Claim"), which interest in the Proof of Claim transferred hereby is in the amount of £54,580.06 (comprised of £51,000.00 principal amount of Notes and £3,580.06 accrued and unpaid interest as of the date of filing of the Case) (the equivalent of $89,745.99 of the total amount of the Proof of Claim, comprised of $83,859.30 principal amount of Notes and $5,886.69 accrued and unpaid interest as of the date of filing of the Case (in each case using the Rate), provided that, for the avoidance of doubt, Purchaser acknowledges that the amount of accrued and unpaid interest transferred to it hereunder includes only that portion of the filed Proof of Claim relating to the principal amount of the Notes transferred hereby and that, if any portion of such accrued and unpaid interest is not ultimately allowed in the US Proceeding, Purchaser shall have no right or interest to claim any other portion of the Proof of Claim in place of such disallowed portion), including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Seller's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) all of Seller's voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Bankruptcy Code or otherwise (the Notes, the Transferred Claim Amount,

662032v.4 892/04201

and the items referenced in (i) through (iii) are collectively referred to as the, the "<u>Transferred Claim</u>").

2.  Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Transferred Claim and the relevant portion of the Proof of Claim, free and clear of any and all liens, security interests or participations.

3.  Seller shall promptly remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim and the relevant portion of the Proof of Claim to Purchaser.

4.  Seller and Purchaser agree that this Agreement and the effectiveness hereof shall be subject to either of the conditions that (i) Purchaser is a party to that certain Lock Up Agreement, dated as of June 1, 2009 (the "<u>Lock Up Agreement</u>") among the Canadian Debtor, General Motors of Canada Limited, GM Nova Scotia Investments Ltd., General Motors Corporation (n/k/a Motors Liquidation Company), and the beneficial owners of the Canadian Debtor's 8.375% Guaranteed Notes due December 7, 2015 or the Canadian Debtor's 8.875% Guaranteed Notes due July 10, 2023 parties thereto, or (ii) Purchaser shall have duly executed and delivered a joinder to, and in accordance with, the Lock Up Agreement.

5.  Each of Seller and Purchaser represents and warrants that it has full power and authority to execute, deliver and perform its obligations under this Agreement.

6.  Except for customary documentation, if any, relating to the transfer of the Notes by Seller to Purchaser, this Agreement constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

7.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein.

8.  Each of Seller and Purchaser agrees that it shall not disclose the purchase price or purchase rate to any person or entity, except (i) to the extent required by applicable law or regulatory authorities or other legal process, (ii) to its affiliates, employees, officers, directors, professional advisors, agents or auditors, and (iii) as necessary or advisable to enforce this Agreement.

9.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

662032v.4 892/04201

[Signature pages follow.]

662032v.4 892/04201

IN WITNESS WHEREOF, this AGREEMENT AND TRANSFER OF CLAIM is executed as of the Effective Date.

**LMA SPC for and on behalf of the MAP 84 Segregated Portfolio**
By: Knighthead Capital Management, L.L.C., its Investment Advisor

By: _Laura Torrado_
Name: Laura Torrado
Title: Authorized Signatory

c/o Knighthead Capital Management, LLC
623 5th Ave., 29th Floor
New York, New York 10022
Attn: Laura L. Torrado

**Morgan Stanley & Co. International plc**

By:_____
Name:
Title:

1585 Broadway, 2nd Floor
New York, NY 10036

**Error! No property name supplied.**

       IN WITNESS WHEREOF, this AGREEMENT AND TRANSFER OF CLAIM is executed as of the Effective Date.

**LMA SPC for and on behalf of the MAP 84 Segregated Portfolio**
By: Knighthead Capital Management, L.L.C., its Investment Advisor

By:_____
Name:
Title:

c/o Knighthead Capital Management, LLC
623 5th Ave., 29th Floor
New York, New York 10022
Attn: Laura L. Torrado

**Morgan Stanley & Co. International plc**

By: *[signature]*
Name:
Title:    BRIAN CRIPPS
          Authorised Signatory

1585 Broadway, 2nd Floor
New York, NY 10036

662032v.4 892/04201

# Exhibit 2

*(See attached first page of Proof of Claim.)*

dc-642160
666195v.2 892/04201

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor (Check Only One):

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) — 09-13558 (REG)

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Perry Partners International, Inc.**

Name and address where notices should be sent:
Perry Partners International, Inc.
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on: 11/25/09

Your Claim Is Scheduled As Follows:

*[Stamp: FILED 2009 NOV 30 P 3:23 U.S. BANKRUPTCY COURT S.D.N.Y.]*

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):
Perry Partners International, Inc.
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ __$102,691,204.67__ Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate:** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 11/30/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[Signature]*
Michael C. Neus
General Counsel, Perry Corp. Investment Advisor

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. Modified B10 (GCG) (12/08).

# United States Bankruptcy Court
# Southern District of New York

In re:  Motors Liquidation Company  Case No. 09-50026 (REG) (Jointly Administered)
  (f/k/a General Motors Corporation)

**PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). The Transferee identified below ("Transferee") hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice. Pursuant to the Agreement and Evidence of Transfer of Claim, dated as of May __, 2011, between the Transferor identified below ("Transferor") and Transferee and attached as Exhibit 1 hereto, Transferor, for good and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the claims of Transferor against Motors Liquidation Company (f/k/a General Motors Corporation) to the extent of the Transferred Amount set forth below of the Proof of Claim set forth below (the first page of which proof of claim is attached hereto as Exhibit 2).

| Morgan Stanley & Co. International plc | Knighthead Master Fund, L.P. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to Transferee should be sent:

Morgan Stanley & Co. International plc
1585 Broadway, 2nd Floor
New York, NY 10036
Attn:  John Ragusa
Phone:  (212) 761-1069

With a copy to:
Richards Kibbe & Orbe LLP
One World Financial Center
New York, NY 10281
Attn:  Managing Clerk

Name and Address where Transferee payments should be sent (if different from above):

Court Claim # (if known): **66218**
Original filer of Claim:  Perry Partners International, Inc.

Amount of Claim: $102,691,204.67
Date Claim Filed:  November 30, 2009

**Transferred Amount: $1,669,979.40**
(corresponding to (i) $1,560,440.70 principal amount (which amount corresponds to GBP 949,000.00 principal amount) of 8.375% Guaranteed Notes due 2015 (the "Notes"), issued by General Motors Nova Scotia Finance Company, and fully and unconditionally guaranteed by Motors Liquidation Company (f/k/a General Motors Corporation), and (ii) $109,538.70 amount of interest (which amount corresponds to GBP 66,617.22 amount of interest) relating to the Notes), together with any and all further interest and other amounts payable in respect thereto.

Name and Address where notices to Transferor should be sent:

c/o Knighthead Capital Management, LLC
623 5th Ave., 29th Floor
New York, New York 10022
Attn:  Laura L. Torrado

(*Signature on following page.*)

dc-642160
666191v.2 892/04201

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

MORGAN STANLEY & CO. INTERNATIONAL PLC

By: _____  Date: May 25, 2011
Name:
Title:                      BRIAN CRIPPS
      Transferee/Transferee's Agent  Authorised Signatory

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

dc-642160
666191v.2 892/04201

# Exhibit 1

(*See attached Agreement and Evidence of Transfer of Claim.*)

dc-642160
666191v.2 892/04201

## AGREEMENT AND TRANSFER OF CLAIM

This Agreement and Evidence of Transfer of Claim (this "Agreement") is dated as of May 25, 011 (the "Effective Date").

1. **Knighthead Master Fund, L.P.** ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to **Morgan Stanley & Co. International plc,** its successors and assigns ("Purchaser"), and Purchaser hereby agrees to purchase, as of the Effective Date, all of Seller's right, title and interest in and to **£949,000.00** principal amount (equivalent to $1,560,440.70 principal amount using the conversion rate of 1.6443, which is the conversion rate (the "Rate") used in the Proof of Claim (as defined below)) of certain **8.375 percent notes due December 7, 2015 (ISIN/CUSIP XS0171922643)** (the "Notes"), issued by General Motors Nova Scotia Finance Company (the "Canadian Debtor"), a debtor in bankruptcy proceedings under the *Bankruptcy and Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the bankruptcy court of the province of Nova Scotia, Canada (the "Canadian Court", and such proceeding, the "Canadian Proceeding"), and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "US Debtor"), a debtor and debtor-in-possession in Case No. 09-50026 (REG) (the "US Proceeding") under title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and to the extent relating to the Notes, a related portion (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to Proof of Claim Number **66218**, which was filed by or on behalf of Seller's predecessor in interest against the US Debtor in the US Proceeding (the "Proof of Claim"), which interest in the Proof of Claim transferred hereby is in the amount of £1,015,617.22 (comprised of £949,000.00 principal amount of Notes and £66,617.22 accrued and unpaid interest as of the date of filing of the Case) (the equivalent of $1,669,979.40 of the total amount of the Proof of Claim, comprised of $1,560,440.70 principal amount of Notes and $109,538.70 accrued and unpaid interest as of the date of filing of the Case (in each case using the Rate), provided that, for the avoidance of doubt, Purchaser acknowledges that the amount of accrued and unpaid interest transferred to it hereunder includes only that portion of the filed Proof of Claim relating to the principal amount of the Notes transferred hereby and that, if any portion of such accrued and unpaid interest is not ultimately allowed in the US Proceeding, Purchaser shall have no right or interest to claim any other portion of the Proof of Claim in place of such disallowed portion), including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Seller's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) all of Seller's voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Bankruptcy Code or

661925v.3 892/04201

otherwise (the Notes, the Transferred Claim Amount, and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2. Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Transferred Claim and the relevant portion of the Proof of Claim, free and clear of any and all liens, security interests or participations.

3. Seller shall promptly remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim and the relevant portion of the Proof of Claim to Purchaser.

4. Seller and Purchaser agree that this Agreement and the effectiveness hereof shall be subject to either of the conditions that (i) Purchaser is a party to that certain Lock Up Agreement, dated as of June 1, 2009 (the "Lock Up Agreement") among the Canadian Debtor, General Motors of Canada Limited, GM Nova Scotia Investments Ltd., General Motors Corporation (n/k/a Motors Liquidation Company), and the beneficial owners of the Canadian Debtor's 8.375% Guaranteed Notes due December 7, 2015 or the Canadian Debtor's 8.875% Guaranteed Notes due July 10, 2023 parties thereto, or (ii) Purchaser shall have duly executed and delivered a joinder to, and in accordance with, the Lock Up Agreement.

5. Each of Seller and Purchaser represents and warrants that it has full power and authority to execute, deliver and perform its obligations under this Agreement.

6. Except for customary documentation, if any, relating to the transfer of the Notes by Seller to Purchaser, this Agreement constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

7. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein.

8. Each of Seller and Purchaser agrees that it shall not disclose the purchase price or purchase rate to any person or entity, except (i) to the extent required by applicable law or regulatory authorities or other legal process, (ii) to its affiliates, employees, officers, directors, professional advisors, agents or auditors, and (iii) as necessary or advisable to enforce this Agreement.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

661925v.3 892/04201

[Signature pages follow.]

IN WITNESS WHEREOF, this AGREEMENT AND TRANSFER OF CLAIM is executed as of the Effective Date.

| **Knighthead Master Fund, L.P.** | Morgan Stanley & Co. International plc |
|---|---|
| By: Knighthead Capital Management, LLC, its Investment Manager | |

By: _____
Name:
Title:   Laura Torrado
         Authorized Signatory

c/o Knighthead Capital Management, LLC
623 5th Ave., 29th Floor
New York, New York 10022
Attn: Laura L. Torrado

By: _____
Name:
Title:

1585 Broadway, 2nd Floor
New York, NY 10036

**Error! No property name supplied.**

IN WITNESS WHEREOF, this AGREEMENT AND TRANSFER OF CLAIM is executed as of the Effective Date.

| **Knighthead Master Fund, L.P.** | **Morgan Stanley & Co. International plc** |
|---|---|
| By: Knighthead Capital Management, LLC, its Investment Manager | |
| By:_____ | By: _____ |
| Name: | Name: |
| Title: | Title: BRIAN CRIPPS |
| | Authorised Signatory |
| c/o Knighthead Capital Management, LLC | 1585 Broadway, 2nd Floor |
| 623 5th Ave., 29th Floor | New York, NY 10036 |
| New York, New York 10022 | |
| Attn: Laura L. Torrado | |

661925v.3 892/04201

# Exhibit 2

*(See attached first page of Proof of Claim.)*

dc-642160
666191v.2 892/04201

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation)  Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)  09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)  09-13558 (REG)

**Your Claim Is Scheduled As Follows:**

FILED 2009 NOV 30 P 3: 23 U.S. BANKRUPTCY COURT S.D.N.Y.

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): **Perry Partners International, Inc.**

Name and address where notices should be sent:
Perry Partners International, Inc.
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
(*If known*)

Filed on: 11/25/09

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):
Perry Partners International, Inc.
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed, June 1, 2009:** $ **$102,691,204.67** Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** See Attachment
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. **Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
**Describe:**
**Value of Property:** $_____ **Annual Interest Rate** ____%
**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____
**Basis for perfection:** _____
**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 11/30/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Michael C. Neus
General Counsel Perry Corp. Investment Advisor

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. Modified B10 (GCG) (12/08).