HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for General Motors LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                       :
In re                                  :    Chapter 11 Case No.
                                       :
MOTORS LIQUIDATION COMPANY, et al.,    :    09-50026 (REG)
     f/k/a General Motors Corp., et al.:
                                       :
                         Debtors.      :    (Jointly Administered)
                                       :
-----------------------------------------------------------x
```

**NOTICE OF HEARING ON MOTION TO SUPPLEMENT
ORDER ENFORCING 363 SALE ORDER WITH RESPECT TO PRODUCTS
LIABILITY CLAIM AND DISCOVERY REQUESTS OF DR. TERRIE SIZEMORE**

PLEASE TAKE NOTICE that upon the annexed Motion, dated June 3, 2011 (the "**Motion**"), of General Motors LLC ("**New GM**") for an order, pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy Code**"), supplementing and enforcing that certain Order of this Court, dated July 1, 2010 (ECF No. 6237) with respect to the products liability claim and discovery request of Dr. Terrie Sizemore, all as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 22, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

US_ACTIVE:\43705057\03\72240.0639

PLEASE TAKE FURTHER NOTICE that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (ii) Weil, Gotshal & Manges LLP, attorneys for New GM, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, and (xvi) Terrie Sizemore, P.O. Box 23, Sullivan, Ohio 44880, so as to be received no later than **June 15, 2011, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, New GM may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       June 3, 2011

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for General Motors LLC

HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for General Motors LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                                               :

In re                                              :           Chapter 11 Case No.

**MOTORS LIQUIDATION COMPANY**, *et al.*,  :           **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*      :

                        Debtors.         :           **(Jointly Administered)**
                                                           :
------------------------------------------------------------x

### GENERAL MOTORS LLC'S MOTION TO SUPPLEMENT ORDER ENFORCING 363 SALE ORDER WITH RESPECT TO PRODUCTS LIABILITY CLAIM AND DISCOVERY REQUESTS OF DR. TERRIE SIZEMORE

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        General Motors LLC ("**New GM**"), respectfully represents:

### Relief Requested

        1.     New GM requests, pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy Code**") and this Court's Order Enforcing 363 Sale Order (as hereinafter defined), that this Court supplement such order, which enjoined and estopped certain products liability claimants from pursuing actions against New GM which liabilities were not assumed by New GM in connection with the 363 Transaction (as hereinafter defined) pending final disposition of the Campbell Appeal (as hereinafter defined).

US_ACTIVE:\43705057\03\72240.0639

2. Because the Campbell Appeal has been withdrawn by the Campbell appellants, with prejudice, and because Dr. Terrie Sizemore ("**Dr. Sizemore**") continues to pursue actions against New GM arising out of an accident that occurred prior to the Closing Date (as hereinafter defined), New GM requests that this Court enter an order (i) directing Dr. Sizemore to promptly dismiss New GM, with prejudice, from the Sizemore Action (as hereinafter defined) and (ii) enjoining Dr. Sizemore from taking or pursuing any further action or claims against New GM (including any discovery) in connection with the Sizemore Accident (as hereinafter defined).

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Furthermore, this Court has retained jurisdiction to hear and determine all matters arising from or related to the Order Enforcing 363 Sale Order.

## Relevant Background

4. In connection with the chapter 11 cases of General Motors Corporation and certain of its affiliates (collectively, the "**Debtors**"), New GM purchased substantially all of the Debtors' assets and assumed only certain specified liabilities. The purchase transaction (the "**363 Transaction**") was approved by the Court on July 5, 2009 and closed on July 10, 2009 (the "**Closing Date**"). *In re Gen. Motors Corp.*, 407 B.R. 463 (Bankr. S.D.N.Y. 2009). Pursuant to this 363 Transaction and the Order of the Bankruptcy Court authorizing and approving the same (ECF No. 2968) (the "**363 Sale Order**"), New GM expressly did not assume any products liability claims relating to accidents or incidents arising from the operation of General Motors vehicles occurring prior to the Closing Date.

5. Notwithstanding the foregoing and in direct contravention of the 363 Sale Order, New GM was improperly named as a defendant in six products liability actions relating to accidents or incidents that occurred prior to the Closing Date.  One of the such actions was a lawsuit and a related discovery (together, the "**Sizemore Action**") commenced by Dr. Sizemore in the Court of Common Pleas in Medina County in the State of Ohio, relating to an accident that occurred on January 22, 2008 (the "**Sizemore Accident**") -- well before the Closing Date.

6. In order to effect the 363 Sale Order and cause the six product liability actions to be discontinued, including the Sizemore Action, New GM filed a motion with the Bankruptcy Court to enforce the 363 Sale Order.  After a full briefing and hearing on the merits, the Bankruptcy Court granted the motion by order entered on July 1, 2010 (ECF No. 6237) (the "**Order Enforcing 363 Sale Order**").

7. Among other things, the Order Enforcing 363 Sale Order provides that:

> [Dr. Sizemore is] enjoined and estopped from taking or pursuing any further action against New GM (including any discovery) in connection with [the Sizemore Action] pending final disposition of the appeal . . . in the United States Court of Appeals for the Second Circuit, styled *Campbell v. Motors Liquidation Co. et al. (In re Motors Liquidation Co.)*, Case No. 10-1972-cv (2d Cir. 2010) (the "**Campbell Appeal**") . . . .
>
> [I]n the event the 363 Sale Order is not altered on appeal after the Campbell Appeal has been exhausted, New GM may file a motion with this Court for a supplemental order requiring [Dr.] Sizemore . . . to dismiss New GM from the Sizemore [] Action . . . with prejudice, and to continue to estop [Dr.] Sizemore from any further prosecution of the Sizemore [] Action . . . against New GM or otherwise pursing any of the claims asserted in the Sizemore [] Action . . . against New GM in any other action, forum, proceeding, or otherwise . . . .

(Order Enforcing 363 Sale Order at 3.)

8. Dr. Sizemore appealed the Order Enforcing 363 Sale Order, which appeal was denied by the United States District Court for the Southern District of New York (Marrero,

J.) (the "**District Court**") (*Sizemore v. Gen. Motors, LLC (In re Motors Liquidation Company)*, 439 B.R. 339 (S.D.N.Y. 2010)). Specifically, the District Court ruled:

(i)   "[Dr.] Sizemore may not sue New GM;" *Id.* 439 B.R. at 341 and

(ii)  "[w]here an order prohibits, as the 363 Sale Order does here, a particular class of claims from being brought against a legal entity, it is undoubtedly understood to also prohibit an 'action for discovery' with respect to that class of claims from being brought against that same entity." *Id.* at 341-42.

9.  On September 23, 2010, the Campbell Appeal was withdrawn by the Campbell appellants with prejudice. Accordingly, the Campbell Appeal may no longer be prosecuted. (*See* Ordered Stipulation of the United States Court of Appeals for the Second Circuit, a copy of which is annexed hereto as **Exhibit "A."**)

**The Sizemore Action Should Be Dismissed with Prejudice
and Dr. Sizemore Should Be Permanently Enjoined from Pursuing Any Further Claims
Against New GM with Respect to Any Claims or Matters Asserted in the Sizemore Action**

10. As stated, this Court's Order Enforcing the 363 Sale Order is clear and unequivocal. Simply put, because the Campbell Appeal has been fully disposed of favorably to New GM, Dr. Sizemore must now permanently cease from further pursuing New GM with respect to the Sizemore Action and all claims asserted therein.

11. New GM requested that Dr. Sizemore voluntarily dismiss New GM from the Sizemore Action in an effort to render this Motion unnecessary. Dr. Sizemore refused, noting in the Sizemore Action that New GM had not yet secured a supplemental order, thus requiring the filing of this Motion.

12. In view of the foregoing, New GM requests entry of an order supplementing the Order Enforcing 363 Sale Order (a) directing Dr. Sizemore to promptly dismiss New GM from the Sizemore Action with prejudice, and provide written evidence to this Court and to counsel of New GM of such dismissal within ten (10) days of the entry of the Order

granting the relief requested herein; and (b) permanently enjoining and estopping Dr. Sizemore from any further prosecution of the Sizemore Action as against New GM (including any discovery) or from otherwise pursuing any of the claims asserted or which could be asserted in the Sizemore Action against New GM in any other action, forum, proceeding, or otherwise.

## **Notice**

13. Notice of this Motion has been provided to Dr. Sizemore and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). New GM submits that such notice is sufficient and no other or further notice need be provided.

14. Other than in connection with the Order Enforcing 363 Sale Order, no previous request for the relief sought herein has been made by New GM to this or any other Court.

WHEREFORE, New GM respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
June 3, 2011

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for General Motors LLC

**Exhibit "A"**

09-50026-mg    Doc 10393    Filed 06/03/11    Entered 06/03/11 12:01:29    Main Document
Pg 10 of 14

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

_____

      At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand and ten,

_____

| | |
|---|---|
| In Re: Motors Liquidation Co., <br> f/k/a General Motors Corp, | **ORDER** <br> Docket Number: 10-1979 |
| Debtors. | |

-------------------------------------------------------------------

Callan Campbell, Kevin Chadwick, Edwin Agosto,
Kevin Junso, Joseph Berlingieri,

      Appellants,

v.

Motors Liquidation Company, General Motors, LLC and
United States of America,

      Appellees.

_____

      The parties in the above-referenced case have filed a stipulation withdrawing this appeal pursuant to FRAP 42. Each party has submitted a separate electronically signed counterpart reflecting the negotiated terms of the stipulation.

      The stipulations are hereby "So Ordered".

For The Court:

Catherine O'Hagan Wolfe, Clerk

Anna Greenidge, Deputy Clerk

HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
::
In re : Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

**ORDER SUPPLEMENTING ORDER
ENFORCING 363 SALE ORDER WITH RESPECT TO PRODUCTS LIABILITY
CLAIM AND DISCOVERY REQUESTS OF DR. TERRIE SIZEMORE**

        Upon the Motion, dated June 3, 2011 (the "**Motion**"),[1] of General Motors LLC ("**New GM**"), for an order pursuant to section 105(a) of the Bankruptcy Code supplementing and enforcing that certain Order Pursuant to 11 U.S.C. § 105(a) Enforcing 363 Sale Order (ECF No. 6237) with respect to the products liability claim and discovery requests of Dr. Terrie Sizemore ("**Dr. Sizemore**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted as provided herein; and it is further

        ORDERED that Dr. Sizemore shall immediately dismiss New GM from the Sizemore Action, with prejudice, and provide written evidence to this Court and to counsel to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\43705057\03\72240.0639

New GM of such dismissal within ten (10) days of the date of entry of this Order; and it is further

ORDERED that Dr. Sizemore be and hereby is permanently enjoined and estopped from any further prosecution of the Sizemore Action as against New GM (including any discovery) or from otherwise pursuing any of the claims asserted or which could be asserted in the Sizemore Action against New GM in any other action, forum, proceeding, or otherwise; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge