**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Joseph H. Smolinsky**
+1 212 310 8767
joseph.smolinsky@weil.com

May 25, 2011

The Honorable Robert E. Gerber
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

<u>Endorsed Order</u>

This letter to be forwarded to the District
Court for its consideration of Appellant
Kodsy's *in forma pauperis* application.

June 3, 2011

*/s/ Robert E. Gerber*
United States Bankruptcy Judge

Re: *In re Motors Liquidation Company, et al.*, Ch. 11 Case No. 09-50026 (REG), ECF Nos. 10230 & 10274: Notice of Appeal and Application to Appeal Without Prepayment of Fees, Submitted by Sherif R. Kodsy

Dear Judge Gerber,

We are writing in opposition to the application of Sherif R. Kodsy to proceed with the above-referenced appeal *in forma pauperis*. We would appreciate the inclusion of this opposition letter with any documents provided to the United States District Court for the Southern District of New York for its consideration of Mr. Kodsy's appeal.

The federal *in forma pauperis* statute, as codified in title 28 of the United States Code, provides, in relevant part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines
> that—
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal—
>>> (i)   is frivolous or malicious;
>>> (ii)  fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune
>>>       from such relief.

28 U.S.C. § 1915(e)(2). An appeal is "frivolous" if either "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or "the claim is 'based on an indisputably meritless legal theory.'" *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A claim is based on an "indisputably meritless legal theory" if it lacks an arguable basis in law. *Osuch v. Gregory*, 303 F. Supp. 2d 189, 191 (D. Conn. 2004) (citing *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam)). A claim seeking

**Weil, Gotshal & Manges LLP**

The Honorable Robert E. Gerber
May 25, 2011
Page 2

redress for a non-existent legal interest is an example offered by the Supreme Court as a claim that would be properly dismissed under 28 U.S.C. § 1915(e) because it is based on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *see also Nance*, 912 F.2d at 606. In addition, an appeal fails to state a claim on which relief may be granted and, therefore, must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Osuch*, 303 F. Supp. 2d 191 (quoting *Cruz*, 202 F.3d at 597).

On January 4, 2010, Mr. Kodsy filed a proof of claim asserting a secured claim against Remediation and Liability Management Company, Inc., a debtor affiliate of Motors Liquidation Company ("*MLC*" and together with its affiliated debtors, the "*Debtors*"), in the amount of $15 million for "personal injury, conspiracy, fraud, gross negligence, strict liability, [and] punitive damages" (the "*Kodsy Claim*"). The proof of claim form alleges that the Kodsy Claim is secured by a lien on a "Motor Vehicle" and "Other" property, but provides no further information on the alleged liens. On September 21, 2010, the Debtors filed an objection to the Kodsy Claim as part of the Debtors' 98th Omnibus Objection to Incorrectly Classified Claims (ECF No. 7050) (the "*98th Omnibus Objection*"), which sought to reclassify the Kodsy Claim as an unsecured claim because it is not secured by property of the Debtors' estates. On September 30, 2010, the claimant, acting *pro se*, filed a response that contained numerous factual allegations and legal conclusions regarding the underlying claim, including new, and baseless, accusations of bad faith, discrimination, perjury, and bribery (ECF No. 7309). The response did not provide any support for the assertion that the Kodsy Claim is entitled to secured status, nor did it identify the Debtors' property in which Mr. Kodsy is asserting an interest. On March 22, 2011, the Debtors filed a reply in which they reiterated their position that the Kodsy Claim is not entitled to secured status and should be reclassified as an unsecured claim (ECF No. 9874). Following a hearing on April 26, 2011, the Bankruptcy Court granted the relief requested by the Debtors, and entered a supplemental order on May 3, 2011 (ECF No. 10152) (the "*Bankruptcy Court Order*") reclassifying the Kodsy Claim as unsecured. An excerpt from the transcript of the April 26 hearing is annexed hereto as Exhibit "A."

On May 6, 2011, Mr. Kodsy filed a Notice of Appeal from the Bankruptcy Court Order (ECF No. 10230), and on May 10, 2011, Mr. Kodsy filed an Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 10274).

Section 506(a) of title 11 of the United States Code (the "*Bankruptcy Code*") defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a). The Kodsy Claim is not a secured claim within the meaning of section 506(a) of the Bankruptcy Code because the Kodsy Claim, if valid, is not secured by property of the Debtors' estates. Mr. Kodsy merely checked boxes on his proof of claim form stating that the Kodsy Claim was secured by liens on a "Motor Vehicle" and "Other" property; the Debtors are aware of no such liens and at no point has Mr. Kodsy provided evidence of, or support for, *any* liens against property of the Debtors that would secured the Kodsy Claim. Because no prepetition lien exists to secure Mr. Kodsy's contingent tort claims against the Debtors, as a matter of law, the Kodsy Claim *cannot* be

**Weil, Gotshal & Manges LLP**

The Honorable Robert E. Gerber
May 25, 2011
Page 3

secured.  For these reasons, the Bankruptcy Court properly ruled that the Kodsy Claim was not entitled to secured status and was an unsecured claim.

Mr. Kodsy's appeal of the Bankruptcy Court's ruling is an attempt to enforce a security interest Mr. Kodsy does not and cannot possess and is unsupported by any arguable basis in law.  Mr. Kodsy has simply taken a position contrary to that of the Debtors, irrespective of the fact that there is no arguable legal theory supporting such position.  The complete lack of legal authority to support Mr. Kodsy's position is evident in the papers he has filed with the Bankruptcy Court and from oral argument during the April 26, 2011 hearing.  Consequently, Mr. Kodsy's appeal is based on indisputably meritless legal theory and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  For the same reasons, it is also beyond doubt that Mr. Kodsy cannot prove a set of facts on appeal that would entitle him to a judgment that the Kodsy Claim is secured by a lien on the Debtors' property.  Thus, Mr. Kodsy's appeal should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  In a word, Mr. Kodsy's appeal is frivolous.

Moreover, the Debtors submit that it would inequitable to require them to suffer the cost of defending yet another frivolous appeal.  The Debtors' possess very limited resources with which to administer the liquidation of their remaining assets.  The administration of the Debtors' liquidation includes a number of other appeals, and the Debtors' scarce resources would be better spent on disputes that are not so patently lacking in merit and frivolous.  While the court clearly has discretion to condition dismissal on whether Mr. Kodsy satisfies the prerequisites for an appeal, such as the payment of court fees, the Debtors submit that an exercise of such discretion is not appropriate here because Mr. Kodsy's appeal is frivolous and fails to state a claim on which relief may be granted.  Accordingly, the Debtors request that the court dismiss Mr. Kodsy's appeal of the Bankruptcy Court Order with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

Joseph H. Smolinsky

cc:    Sherif R. Kodsy

US_ACTIVE:\43714544\03\72240.0639