Office of the Clerk
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN, Room 534 (Honorable Robert E. Gerber)
NEW YORK, NEW YORK 10004

RE: In re MOTOR LIQUIDATION COMPANY
    09-50026 (REG)

Dear Clerk,

        Enclosed for filing please find as follows:

1.    Motion For Relief Fron Stay
      with Exhibits A-N

I ask that a date for a hearing is marked up and I am
informed of said date. I am incarcerated and have fore-
gone the option of bundling based upon costs, however, a
true copy has been sent to WEIL, GOTSHAL & MANGES.

        Thank you fro your assistance in this matter and I
appriciate your future cooperation in this matter.

Dated: June 2, 2011          Barry-Henry: Spencer, Junior
                             20 Administration Road
                             Bridgewater, MA 02324

Cc Harvey R. Miller, Esq.,
   Stephen Karotkin, Esq.,
   Joseph H. Smolinsky, Esq.,
   Holly Clark, Esq.,
   William J. McLeod

Claimant: Barry-Henry: Spencer, Junior
          20 Administration Road
          Bridgewater, MA 02324
          Telephone:(770)658-0754

Creditor and Owner of
Surviving Spencer Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUN - 6 2011
U.S. BANKRUPTCY COURT, SDNY

————————————————————————————X
                                    :
In re                               :    Chapter 11 Case No.
                                    :
MOTOR LIQUIDATION COMPANY, et al.,  :    09-50026 (REG)
f/k/a General Motors Corp., et al.  :
                                    :
              Debtors,              :    (Jointly Administered)
                                    :
————————————————————————————X

## MOTION FOR RELIEF FROM STAY

The movant, Barry-Henry: Spencer, Junior hereby seeks

relief for cause from this Honorable Court's automatic stay

of the State of Massachusetts, County of Suffolk Superior

Court case SUCV2005-02304, pursuant to 11 USC sec 362(a),

whereon he may move to foreclose upon the interm lien of

$112,500,000.00 that was stayed based upon the bankruptcy

in this court, which would of perfected and merged into a

judgement of foreclosure, under the state law (of Massa-

chusetts), **In re Madden** (2001 BC MD Fla) 274 Br 551, 47

CB C2d 1459, 15 FLW Fed B 60. However, in the interest of

**Good Faith** He will abide by the July 9, 2010 agreement

pursuant to 11 USC sec 105(a) and General order M-390

Authorizing Implimentation of Alternative Dispute procedures,

Capping the claim AMOUNT for Proof of Claim at $9,000,000.00

(nine million dollars), for No. 64658, and the second

—1—

Prrof of Claim reduced to $30,000,000.00 (thirty million dollars), for No. 64659.

The movant seeks relief and authority to foreclose in the amount of $39,000,000.00 (thirty-nine Million dollars) worth of common stock of the General Motors Company, warrants to purchase General Motors Company common stock, and trust units representing the contingent right to receive additional General Motors Company common stock and warrants, his secured interest, from the the Trust Administrator and Trustee for the Motor Liquidation Company GUC Trust.

There are no encumbrance affecting the the security interest in these Proofs of Claim, whereas the Debtors are in the last stages of the Plan (Chapter 11 Plan) this court has just recently Allowed, and Confirmed by the Honorable Robert E. Gerber, United States Bankruptcy Judge and entered by the Clerk on March 29, 2011. This Plan includes all taxes, and allowances for future claims, ect., the combined amount of my claim and that of other creditors is present in the Plan and the court is well aware of all other creditors, lien holders, and litigations.

### Scheme to hinder, or defraud

The circumstances of the alleged scheme to delay, hinder and defraud this creditor with particularity, including; (1) delays and ignoring the Adminstrative remedies process at General Motors in 2004 and 2005 by way of GM-ESIS who rejected the claim and never sent their findings; (2) The

-2-

Massachusetts Case SUCV2005-02304 was prolonged and delayed
with the excuse of alleging the reason was because Movant
was incarcerated, discovery had trade secrets, case would
be litgated better when he was released, ect.; (3) the
debtor's Massachusetts lawyers moved to stay the Massachusetts
case prior to June 1, 2009, whereas the case and lien was
stayed; (4) The debtor's Massachusetts Lawyers wanted to
exclude the Movant as a Bankruptcy Creditor and ignored his
correspondance and calls, until he threatened to sue them
individually, Movant was finally allowed to file a proof
of claim in late November 2009, see Proof of Claim, Exhibit
A; (5) The debtor's New York Lawyers Joseph H. Smolinsky,
Harvey R. Miller, Stephen Karotkin of WEIL, GOTSHAL &
MANGES used stall tactics, threats of barratry, threats of
being cut out of the Creditors loop, and Changing the
Bankruptcy venue to New Jersey to absolve all debt, ect.,
by way of telling Movant's Brother Sylvester-Richard:
Spencer to get movant to agree to their ADR Procedures terms
for mediation, trying to hold the Movant binded to any
deal his non-lawyer Brother may broker, and to force a
nine million dollar cap with a two-hundred thousand settle-
ment floor, see ADR Procedures Contract of July 9, 2010,
Exhibit B; (6) Movant got pissed and petitioned the court
for sanctions predicated on the bad faith acts of the
debtor's lawyers, see Motion of Objection and for Sanctions
for Vitiation and Bad Faith on Behalf of Debtors, In Breach
of ADR Proceedings, Exhibit C; (7) The Movant was released

-3-

from incarceration and was having trouble financially, so he informed MLC Vice President Carrianne Basler and Joseph H. Smolinsky he can not afford the mediation trip to New York, nor the fee, whereas the mediation is non-binding there should be no problem working out the deal between the parties (Movant suggested $1,500,000.00), but Basler and her underlings refused. see E-Mail list of correspondance between Movant and Debtors sent to third party Tamika Scott, Exhibit D; (8) After ignored corres-pondance and telephone calls of threats, Movant had enough and unrelated found some foreclosed property, so he decided to take the $200,000.00 to move on and buy the property, however, he was not aware he would not receive funds for the purchase, so he signed the release, see Stipulation and Settlement resolving Claim No. (64658 & 64659), Exhibit E, when he realized the mistake he immediately moved for rescinding the offer, see Verified Declaration in the Nature of an Affidavit of Truth in Commerce, Rejection of the Settlement Offer and Contract for waiver of Tort, Exhibit F, and to perfect the Claim by UCC Financing Statement, see UCC Financing Statement, Exhibit G; (9) Movant then Motioned this court for a Counterclaim against the Debtors, and its servants, agents and employees based upon their actions of conspired acts, commercial fraud, deceit, barratry and other acts of Bad Faith, see Affidavit of Negative Averment, Opportunity To Cure, and CounterClaim and Notice of Final Determination and Judgement in Nihil decit, Exhibit H & I; (10) Movant keeping in Fair Collection of Debt practices sent the Debtors three

-4-

separate notices for payment of the $39,000,000.00 debt they agreed to by default which was final after three days and renderin all matters as settled res judicata and stare decisis, Default comprises estoppel of all actions, administrative and judicial, by the debtors against him, see Demand for Payment, Second Demand and Third Demand, Exhibit J, K & L; Wilmington Trust Company informed the Movant they are the Trust Administrator and Trustee for the MOTORS LIQUIDATION COMPANY GUC TRUST and he had a claim for $200,000.00, although he REJECTED the offer several months ago, see Proof of Claim Rejection of Settlement, Exhibit M; (12) The Movant had sent Wilmington Trust Company a Rejection of Executory Stipulation and Settlement letter authorizing them to negotiate the two claims 64658 & 64659, Exhibit N.

Whereas, no time in the past several months have the Debtors and Trustee/Trust Administrator nor Attorneys have responded to the Legal documents, or correspondance or the Movants' Brother's calls, thus, they are in conspired acts and through said conspiracy, by an agreement between two or more persons acting in a private conspiracy, McNalley v Pulitzer Pub Co., (1976) 532 F.2d 69, 429 US 855, to conspire, though said conspiracy to impede, or, hinder, or, obstruct, or, defeat the due course of justice in a State (States) or territory(ies), with purposeful intent to deny the equal protection of the law under the color of State law, or, authority, or other, Griffin v Breckinridge (1971) 403 US 88, 91 S.Ct. 1790, depriving of having or

exercising a Right, by deprivation of due process.

## CONCLUSION

Wherefore, the foregoing reasons the Movants claim is ripe for release from the stay, and authority to foreclose upon the debt in the amount of $39,000,000.00 whereas the debtors and their teams of attorneys are well aware of the consequences of failure to respond to legal documents within a timely matter will result in forfeit of those rights and their silence is acquiescence and under the terms of the doctrine of estoppel by silence. The Movant's prays this Honorable Court Allows his right to foreclose upon the owed amount fron the Trustee/Trust Administrator.

Respectfully submitted,

Barry-Henry: Spencer, Junior

Dated: June 2, 2011

## CERTIFICATE OF SERVICE

I, Barry-Henry: Spencer, Junior hereby certify that I sent a true copy of the hereabove and attached mentioned herein to the Debtor's Lawyers Harvey R. Miller, Stephen Karotkin, & Joseph H. Smolinsky WEIL, GOTSHAL & MANGES 767 Fifth Avenue New York New York 10153 on this 2nd of June 2011, by first class mail and a copy to the court in lieu of bundling based upon being incarcerated.

Barry-Henry: Spencer, Junior

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PROOF OF CLAIM**

Name of Debtor (Check Only One):

☒ Motors Liquidation Company (f/k/a General Motors Corporation)
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

Case No.
09-50026 (REG)
09-50027 (REG)
09-50508 (REG)
09-13558 (REG)

Your Claim is Scheduled As Follows:

EXHIBIT A

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): SPENCER, BARRY

Name and address where notices should be sent:

SPENCER, BARRY
PO BOX 1218
SHIRLEY, MA 01464-1218

Contact
Sylvester R. Spencer -
Telephone number: 617.719.4087 Brother
Email Address: srspencer1@comcast.net

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 05-02304
(If known) MASSACHUSETTS
SUFFOLK SUPERIOR Ct.
Filed on: 2005

THE GARDEN CITY GROUP, INC.
NOV 30 2009

Name and address where payment should be sent (if different from above):

Keep on Record Business Address
BARRY H. SPENCER JR
Care of: Post Office Box 191128
Roxbury, MA 02119
Telephone number: see above

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009: $ 682,000,000.00 negotiable

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. see Verified Proof of Claim annexed hereto

2. Basis for Claim: Breach of Contract(s), Impeding Commerce, personal injury
(See instruction #2 on reverse side.) loss wages, Medical Bills, consortim, Property loss

3. Last four digits of any number by which creditor identifies debtor: Commercial Debt CD GM-2304

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☒ Other
Describe:

Value of Property: $_____   Annual Interest Rate 18 %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: denial of writ due to Bankruptcy Stay

Amount of Secured Claim: $ 125,000,000.00   Amount Unsecured: $ 557,000,000.00

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☒ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☒ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).

☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:

$ 12,500,000.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

FOR COURT USE ONLY

Date: 11/16/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Barry Henry Spencer Junior, Secured Party, Auth. Rep.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

VERIFIED PROOF OF CLAIM
FOR
COMMERCIAL DISHONOR

*EXHIBIT B*

NOTICE OF FAULT AND OPPORTUNITY TO CURE
CERTIFIED MAIL NUMBER: 7008 1830 0004 5593 6429

Parties:    BARRY HENRY SPENCER JR/CREDITOR-PRINCIPAL & OWNER
            c/o POST OFFICE BOX 1218
              SHIRLEY, MA 01464-1218

            TAMIKA NICLOE SCOTT/CREDITOR-PRINCIPAL & OWNER
            c/o 352 WALNUT AVE APT# 3  (CHANGE OF ADDRESS)
              ROXBURY, MA 02119

            MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS COPR.)
            c/o THE GARDEN CITY GROUP, Inc./DEBTOR
              Attn: Motors Liquidation Company Claims Processing
              POST OFFICE BOX 9386
              DUBLIN, OHIO 43017-4286

Original Claim was filed with CEO Wagner, then "allegedly processed"
by ESIS GM (Results were never made public or available, nor was
Creditor allowed Administrative Remedy(ies). Second opportunity to
cure Commercial Defult and Dishonor was filed in Massachusetts
Suffolk Superior Civil Court 2005-02304. Case was stayed due to
present Bankruptcy Chapter 11 No.09-50026 at all times the Attorney
(ies) in Corporate capicity chosen not to honor the assumpsit and
decided to argue resulting in Commercial DISHONOR UCC 3-501 to 3-505.

STATEMENT OF FACTS

1. Sometime between 1996-1997 General Motors Manufactured Cadillac
vehicles, and sold them in the stream of commerce with an implied
warranty insuring the merchantability of the product. Unbeknown,
to GM as a good faith jester, there was a design defect in the fuel
system, that will over time cause the fuel rail to Crack. Cracking
would cause fuel leaks in the engine compartment, stalling due to
fuel loss of pressure to the engine. Between 1996-1997 to 10/2004
this Commercial Liability existed without a Commercial Remedy, in
violation of Commercial International Law and the State and Federal
Constitution(s), also the color of State and Federal Law(s).

2. In January 2003, TAMIKA N. SCOTT purchased one of the above
vehicles Green Eldorado 1997, from the Dealer Expressway Toyota,
the vehicle experienced stalling and shutting off while in use on
public ways. She returned the vehicle twice with witnesses due to
problems. She was insured the vehicle was safe, so she had taken
the vehicle. It was a weekend errand vehicle shoping, laundry, ect.,
see Affidavit of Creditor TIMIKA N. SCOTT.

3. On July 11, 2003, BARRY H. SPENCER JR, was on his way to his
second job site Kara's Painting to get material(s) for a Catered
function he had to do that weekend, when he had a vehicle turn onto
the street in front of him, he changed lanes and was rearended and
at this time the vehicle stalled and shut-off. Systems went Dead.

The Vehicle veered off road and into a tree, thus, causing SPENCER SUBSTAINTIAL INJURY and DAMAGE, making him incapable to fuction as whole in Public and Private capacities. The injury(ies) caused several days of hospital care and after care resulting in more than $27,000.00 in medical bills; loss wages for two jobs and a new catering Business (Nafse's Catering & Bistro), the pain medication caused dependency (leading to additional Mental and physical injury) and He had problems in support of family and loss of consortium with SCOTT and his Children. see Affidavit of Creditor BARRY H. SPENCER JR.

4. GM was notified via. CEO Richard Wagner, and He referred the matter to the claims department for GM (ESIS GM). ESIS Requested I, BARRY H. SPENCER JR., provide information and sign releases. I complied. I requested a copy of the findings and a copy of the policy/administration criteria of how a claim is evaluated. ESIS GM never to this day complied with the request. I wrote and called the agent of ESIS but he would not provide any information. I then requested the appeal process or who was the supervisor due to the agent's recalcitrant behavior towards the Creditor's claim on the liability without a remedy. ESIS GM placed their parent corporation by their corporate capicity, in Default of the Assumpsit debt on the antecedent contract, trust agreement and commercial agreement, thus, the 1st evidence of Commercial Dishonor (UCC 3-502) is clearly established. This commercial debt could of been sold for BID to a third party, on the commercial Dishonor.

5. To establish a chance for GM to Honor and pay the assumpsit antecedent claim or find a reasonable settlement BARRY H. SPENCER JR and TAMIKA N. SCOTT filed a statute staple antecedent claim against GM for all herein above, some orally stated to lawyer(s) Eckert, Seamans, Cherin & Mellot (Jennifer M. Brooks, Sandy S. Shen, and Charlotte Bednar) in their corporate capicity, the lawyers further placed GM in commercial Dishonor for a corporate liability without a remedy available during SPENCER's Injury(ies) and losses. SPENCER and SCOTT filed the claim in Massachusetts Suffolk Superior Court No. 2005-02304, then moved for Writ of Attachment in the amount of $12,500,000.00 (that was just denied 6/29/2009 pursuant to the Bankruptcy Stay Motion filed By Jennifer M. Brooks in the Suffolk Courty in Massachusetts, thus, the commercial Dishonor is ripe for sale to a third party on the International Commercial arena)

6. For the record, the bulk of this commercial dishonor resides with BARRY H. SPENCER JR., and this ORGANIZATION, TRADE NAME, TRADE MARK, DEBTOR, has a Secured Party/Creaditor that is the Holder or Due Course of the GM Debt, he has an International Registered Private Tracking Number - RE 011-42-963 US and UCC-1 filed in Massachusetts - Secured Transaction Registry Number-200972913140 and Tamika N. Scott's consortim claim and my children are covered by Me, Authorized Representative, Bailor, Principal, Sentient Soul Man, Grantor, Reinsurer, Underwriter, Secured Party, Power-of Attorney, Barry-Henry: Spencer Junior. Further, I hold a foreign jurisdiction that supersedes any other that interfers with obligations of or impairment of contract obligations, between Me and any Debtor.

7. For the record, so there is no miscommunication between the CREDITOR(S) and the DEBTOR-MOTOR LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORPORATION). Notibly, to ensure my true intent regarding this assumpsit commercial debt in DISHONOR and DEFAULT (UCC 3-502), I am selling this debt at $12,500,000.00 (Twelve Million, and Five Hundred Thousand) since that is what I asked for on the Writ of Attachment, or the debt pursuant to the Statute Staple Security Instrument Legal NOTICE AND DEMAND - TO ALL STATE, FEDERAL AND INTERNATIONAL PUBLIC OFFICERS (includes ALL other corporations) duly filed in Massachusetts International Registered Private Tracking Number - RE 011-42-963 UCC-1 Filed in Massachusetts (Secured Transaction Registry Number - 200972913140 BILLING COSTS ASSESSED WITH LEVIES AND LIENS UPON VIOLATIONS SHALL BE:

1.    ABUSE OF AUTHORITY $2,000,000.00 (TWO MILLION) US Dollars, per occurrence per agent/officer
3 occurrences (ESIS GM Claim, Appeal, & MA Case No. 05-02304)
6 agents/officers (ESIS Cl. Adj., Cl. Sup.& Mgr./MA Attry-Shen, Bednar & Brooks) . . $36,000,000.00

2.    VIOLATION OF SPEEDY TRIAL or ADMINISTRATIVE REVIEW
$2,000,000.00 (TWO MILLION) US Dollars per occurrence  per agent or officer involved
3 occurrences (ESIS CLAIM, APPEAL (PROLONGED w/o Remedy) and MA Case No.05-02304 -Automatic STAY)
6 agents/officers (ESIS Cl. Adj., Cl. Sup.& Mgr/MA Attry-Shen, Bedner& Brooks) . . . $36,000,000.00

3.    DENIAL OF DUE PROCESS
$2,000,000.00 (TWO MILLION) US Dollor  per occurrence  per agent or officer involved
3 occurrences (ESIS CLAIM, APPEAL  (Denied syllogistic of Claim, No Appeal remedy), MA Case
No. 05-02304 - Automatic Stay
6 agents/officers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $36,000,000.00

4.    ABUSE OF DUE PROCESS
$2,000,000.00 (TWO MILLION) US Dollars  per occurrence  per agent or officer involved
3 occurrences  (vitiated process in ESIS Claim, No Administrative Remedy ESIS & MA Case - DISHONR/STAY)
6 agents/officers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $36,000,000.00

5.    FREEDOM OR SPEECH
$2,000,000.00 (TWO MILLION) US Dollars  per occurence  per agent or officer involved
1 occurrence (ESIS CL. Adj. did not like to be questioned on claims process, was rude, hung up on, and denied the syllogistic of how the claim would be evaluated and the appeal process)
1 agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,000,000.00

6.    DISRESPECT BY JUDGE OR OFFICER
$2,000,000.00 (TWO MILLION) US Dollar  per occurrence  per agent or officer involved
1 occurrence  see above
1 agent  see above . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,000,000.00

7.    THREAT, COERCION, DECEPTION, OR ATTEMPTED DECEPTION
$2,000,000.00 (TWO MILLION) US Dollars  per occurrence  per agent or officer involved
3 occurrence (ESIS CLAIM PROCESS, DENIAL OF ESIS APPEAL & MA CASE DISHONR/STAY)
6 agents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $36,000,000.00

8.    CONSPIRACY
$2,000,000.00 (TWO MILLION) US Dollars  per occurrence  per agent or officer involved
3 occurrences (ESIS GM & MA Case Attry-Corporate capicity)
6 agents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $36,000,000.00

Private and Non-negotiable between parties
FORM: GM PROOF OF COMMERCIAL CLAIM
DEBTOR: GENERAL MOTORS CORPORATION
Creditors/Secured Parties: Barry-Henry: Spencer Junior & Tamika Nicole Scott

UCC-1 Filed in MASSACHUSETTS—Secured Transaction Registry Number-200972913140

NON-NEGOTIABLE NON-TRANSFERABLE PRIVATE TITLE OF ORIGIN—GENERAL MOTORS—PROOF OF CLAIM

9.   AIDING AND ABETTING
$2,000,000.00 (TWO MILLION) US Dollars  per occurrence  per agent or officer involved
3 occurrences (ESIS, GM & MA Case Attrys)
9 agents . . . . . . . . . . . . . . . . . . . . $54,000,000.00

10.   RACKETEERING
$2,000,000.00 (TWO MILLION) US Dollars  per occurrence  per agent or officer involved
see above . . . . . . . . . . . . . . . . . . . $54,000,000.00

11.   UNLAWFUL DISTRAINT OR ENCROACHMENT OF PUBLIC HAZARD BOND FOR INJURY AND DAMAGE
$5,000,000.00 (FIVE MILLION) US Dollars  per occurrence  per agent or officer involved
plus 18% annual interest  since reported to GM CEO  2005
3 occurrences (ESIS, GM & MA Attrys)
9 agents . . . . . . . . . . . . . . . . . . . $342,000,000.00

12.   DESTRUCTION, DEPRIVATION, CONCEALMENT, DEFACING, ALTERATION. OR THEFT OF PUBLIC HAZARD BOND
In addition to  aforementioned (Bond Value was concealed in violation of limited liability Insurance
fraud 15 USC, under the guise of being self insured)

13.   BREACH OF ANTECEDENT CONTRACT, TRUST AGREEMENT OR COMMERCIAL AGREEMENT
     occurrences (Constitution(s) State & Federal, color of statute staple law(s) State & Federal,
GM's  Manufacturer implied and/or expressed warranty of Merchanability          $12,000,000.00

Commercial Assumpsit Debt to Creditor BARRY H. SPENCER JR  GRAND TOTAL          $682,000,000.00

8.    In good faith, I am willing to forgive majority of this
commercial assumpsit due to a liability withot a remedy when I was
injured and the further recalcitrant acts to added to the physical
and emotional scars. I'm willing to offer, that (3) Cadillac Trucks
fully equipted&(TV, CD-Movies, Music video games) are delivered to
Tamika N. Scott with one Title in her name in two in Mine. A Check
is Drafted in the Amount of $100,000.00 for Tamika N. Scott is sent
to her to exhaust her claim(s) (this will be Subtracted from the
$12,500,000.00) Ensure the Vehicles are insured for 7 years reason-
able corporate rate (I will provide names of other drivers for mine).
     The remainder of the money about $12,250,000.00 I would like to
invest $3,000,000.00 into GM by Stock dividend reinvestment. I then
want an escrow account made for $7,000,000.00 interest and bonds.
The remainder I want in an account bearing my name with access, I
would want two additional family members with access. Also in good
faith I would expect a check for $100,000.00 sent to me.

9.   For the record, this is my Proof of Claim and Proof of Commer-
cial DISHONOR, now if you want to accept my Good Faith offer I am
willing to end this matter here, however if there is a problem and
you wish to rehash or review the numbers we can start with the
original commercial assumpsit debt $682,000,000.00. **This** Notice is
in the nature of a Miranda Warning. Take due heed of its contents.

10.  **Your** Failure to timely do so leaves you in the position of
accepting full responsibility for any and all liabilities for monetary
damages, as indicated herein, that I incur by any adversely affecting
injuries caused by your overt or covert actions or any of your fellow
officers or agents in this or any other relevant matters described

herein. You have ten (10) business days, from date received, to respond to and rebut the presumptions of this contract by submitting to me signed, certified, authenticated documents of the laws and/or ESIS, GM policy, regulations that rebut these presumptions point by point, On and for the Record under penalties of the law including perjury.

11. **For the record,** based upon the antecedent claim, contract, trust agreement or commercial agreement that was void due to the liability without remedy ALL General Motor Corporation officers, officials, agents and servants are bonded to fidelity, and are under ministerial duty. The implication of a trust is the implication of every duty proper to a trust. Basicly, whoever is a fiduciary or in conscience chargeable as a fiduciary is expected to live up to them. Notably, being fiduciaries, the ordinary rules of evidence are reversed, you must obey the law. Also a ministerial officer is liable for an injury done, where his acts are clearly against the law.

12. **For the record,** notification of legal responsibility is the first essential of due process of law. Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading. Any and All other obligors/grantors who view this contract are obliged to timely and fully answer or accept the contract offer.

13. **The period for Debtors to respond to this offer of contract is ten (10) days.** Any party or public official wishing to answer, respond, refute, deny, object or protest any statement, term, declaration, denial or provision in this presentment (UCC 3-501) must do so by Lawful Protest within ten (10) days of the date of issuance or forever lose all rights, titles, interests, and the opportunity to plead. All such responses must be verified and have exhibits and factual evidence in support annexed thereto.

14. **Debtors may agree with this offer to contract; all statements, terms, declarations, denials and provisions herein by remaining silent.** Failure to timely respond to all such terms and provisions with which Debtors disagree comprises Debtors' stipulation and confession jointly and severally to acceptance of all statements, terms, declarations, denials and provisions herein as facts, the whole truth, correct, and fully binding on all parties.

15. **This document serves as Notice of Fault** in the event Debtors fail to timely respond.

16. **Notice of Default shall be issued no sooner than three (3) three days after Notice of Fault.** Default is final three (3) days after Notice of Fault is issued. Default comprises Debtors consent jointly and severally to be named as defendant(s) in various actions, administrative, judicial or commercial.

17. **Upon Default, all matters are settled res judicata and stare decisis.**

18. **Default comprises an estoppel of all actions, administrative,

**judicial,** by Debtors against Barry-Henry: Spencer Junior in attempt to collect on said debt in the full amount herein assessed, and any action the Debtor now reasonably relied on.

### DISCLAIMER

THE QUOTATION OF THE PRIVATELY COPYRIGHTED STATUTORY LEGISLATIVELY CREATED CASE LAW AND STATE AND FEDERAL STATUTES PURSUANT TO PL 88-244, DECEMBER 30, 1963, IS DONE WITHOUT INTENT TO CREATE A "USE", VIOLATE ANY PRIVATE COPYRIGHT, OR GIVE LEGAL ADVICE TO ANYONE, AND STANDS SO UNLESS LAWFULLY PROTESTED BY ANY CONCERNED PARTIES

Notice to the principal is notice to all agents. Notice to an agent is notice to all principals.

### VERIFICATION

**Commercial Oath & Perjury Jurat:** I, Barry-Henry: Spencer Junior, on my Commercial Oath with unlimited liability proceeding in good faith, Pursuant to Title 28, USC 1746(1) and executed "**without the United States**, affirm under the penalty of perjury under the laws of the united States of America Republic, that the foregoing facts contained herein are true, correct, and complete and not misleading to the best of my belief and informed knowledge and furthis deponent saint not: "1" affix my autograph, signature, and seal, at the end of this communication to all of the above and below affirmations with **EXPLICIT RESERVATION OF ALL OF MY UNALIENABLE RIGHTS, WITHOUT PREJUDICE** to any of those rights.

**Dated:** On this    Day of November, two thousand Nine A.D.:

With Honor and Without Prejudice,

By: /s/ Barry-Henry: Spencer Junior
Autograph: /s/ Barry-Henry: Spencer, Junior
Employee Identification number: XXXXX472
Barry-Henry: Spencer, Junior, Sui Juris, Trustee, Bailor
Secured Party, Creditor, Beneficiary

Commonwealth of Massachusetts    }
                                 } ss.
County of Middlesex              }

On this the _16_ day of _November_, _2009_ before me _Daniel Morse_, the undersigned _Notary Public_, Personally appeared _Barry Spencer_, and proved to me through satisfactory evidence of identity, which was _MA DOC Inmate ID_ to be the person whose name was signed in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

DANIEL D. MORSE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
March 5, 2015

Private and Non-negotiable between parties
FORM: GM proof of commercial claim
DEBTOR: GENERAL MOTORS CORPORATION
Parties: Barry-Henry: Spencer Junior & Tamika-Nicole: Scott

## PROOF OF MAILING AND CONTENTS MAILED

I, Barry-Henry: Spencer Junior, do hereby certify and affirm that on
the date of November    , 2009, I caused a true and correct copy of:
Verified Proof of Claim For Commercial Dishonor Notice of Fault and
Opportunity To Cure
Affidavit of Tamika-Nicole: Scott
Affidavit of Barry-Henry: Spencer Junior
Motion For Writ of Attachment
Copy of RECALL NOTICE
GM ADMINISTRATIVE MESSAGE
LEGAL NOTICE AND DEMAND-International Tracking Number-RE 011-42-963 US

to be served on the party interested below by placing said document(s)
in an envelope addressed as follows:

> The Garden City Group
> Attn: Motors Liquidation Company Claims Processing
> P.O. Box 9386
> Dublin, Ohio  43017-4286

and then caused the sealed envelope to be deposited with the United
States Post Service, certified mail, return receipt requested, postage
prepaid, following ordinary business practices.

By the undersigns' full Commercial Liability, the it is certified
and affirmed the above is true, correct, complete and not misleading
to the best of his knowledge and belief.

Certified Mail Number:7008 1830 0004 5593 6429

By: _Barry Henry Spencer Junior_
Barry-Henry: Spencer Junior
With Honor and Without Prejudice
Barry-Henry: Spencer Junior,
Sui Juris, Trustee, Bailor,
Secured Party



EXHIBIT B

July 9, 2010

<u>BY FIRST CLASS MAIL</u>

Barry Henry Spencer Jr.
P.O. Box 1218
Shirley, MA 01464

Re:    In re Motors Liquidation Company *et. al.* ("MLC" or the "Debtors")
        Case No. 09-50026 (REG) -ADR Procedures –
        <u>Proof of Claim Nos. 64658 and 64659 (Barry H. Spencer)</u>

Dear Mr. Spencer,

On or around November 30, 2009 you caused the filing of two Proofs of Claims against Motors Liquidation Company ("**MLC**"), for the same dollar amount, and on account of the same obligation (*see* Proofs of Claims Nos. 64658 and 64659, a copy of which is annexed herein).

As we have discussed, both MLC and you agree that MLC should promptly designate your claim to the alternative resolution procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. 5037] entered by the United States Bankruptcy Court for the Southern District of New York on February 23, 2010, subject to the following agreements that shall be effective upon the countersignatures of you and your brother Sylvester, as outlined below:

A.    Proof of Claim No. 64659 (the "**Duplicate Claim**") is expunged from the Debtors' claim register as it is a duplicate of Proof of Claim No. 64658 and that the Debtors' claim agent shall be authorized to remove the Duplicate Claim from the Debtors' claim register. Proof of Claim No. 64658 (the "**Surviving Spencer Claim**") shall be subject to the other agreements herein.

B.    The Surviving Spencer claim is capped for all purposes to a general unsecured, nonpriority claim of no more than **$9,000,000 (nine million dollars)** (the "**Claim Amount Cap**").

C.    MLC shall transmit to you at the above address, with a copy to your brother Sylvester at the address set forth in the Surviving Spencer Claim, an ADR Notice (as such term is defined in the ADR Procedures) within five (5) business days of receiving a fully countersigned letter. The ADR Notice shall contain an initial settlement offer to

resolve the Surviving Spencer Claim of a general unsecured, nonpriority claim against MLC equal to or greater than **$200,000 (two hundred thousand dollars)** (the "**Claim Settlement Floor.**"

D.    In the event the Surviving Spencer Claim is not settled under the ADR Procedures, and a trial court values the Surviving Spencer Claim less than the Claim Settlement Floor or disallows the Surviving Spencer Claim in its entirety, MLC agrees to offer to settle the Surviving Spencer Claim for a general unsecured, nonpriority claim in the amount of **$200,000 (two hundred thousand dollars)** in exchange for your agreement not to appeal such trial court's determination. Should you or any authorized signatory nevertheless file an appeal to such trial court's determination of the Surviving Spencer Claim (which you shall expressly have a right to do), it is hereby understood that the Debtors shall be relieved of any further obligation to offer any settlement to resolve the Surviving Spencer Claim.

E.    By signing this letter, you understand and agree that the Claim Amount Cap includes all damages and relief to which you believe you are entitled to, including all interest, taxes, attorney's fees, other fees, and costs.

F.    By signing this letter, you understand that the Claim Amount Cap and any settlement offers in connection with the resolution of the Surviving Spencer Claim shall be for **an allowed general unsecured, nonpriority claim against MLC in full satisfaction of the Surviving Spencer Claim, to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' chapter 11 cases.**

G.    You further agree that in accordance with the ADR Procedures, your brother Sylvester shall be fully authorized to speak on your behalf and any agreement reached with your brother shall be binding on you in all respects.

H.    In the event this letter is not fully countersigned and returned to Joseph Smolinsky at the undersigned address by July 20, 2010, this offer shall expire and this letter and its contents shall not be admissible in any court under Rule 408 of the Federal Rules of Evidence.

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
*Attorneys for Debtors and Debtors in Possession*

Barry Henry Spencer Jr.
P.O. Box 1218
Shirley, MA 01464

CONSENTED AND AGREED TO

Sylvester Richard Spencer

Barry-Henry: Spencer Junior
MCI Shirley - W89745
P.O. Box 1218
Shirley, MA  01464

Temparary Address for Creditor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------X

In re                            :  Chapter 11 Case No.
                                 :
MOTORS LIQUIDATION COMPANY et, a1 :  09-50026 (REG)
   f/k/a General Motors Corp     :
                                 :
            Debtors,             :
-------------------------------X

*Endorsed Order*
*Denial, for failure to*
*show a prima facie*
*entitlement to relief*

*S/REG*
*USBJ*
*8/2/10*

### MOTION OF OBJECTION AND FOR SANCTIONS FOR VITIATION AND BAD FAITH ON BEHALF OF DEBTORS, IN BREACH OF ADR PROCEEDINGS

*EXHIBIT C*

Spencer moves this Honorable Court for

sanctions, attorney fees, other fees and cost,

but not limited to the agreed upon award of the

agreed $9,000,000 (Nine Million dollar) Claim Cap

Amount ("Cap") pursuant to part F, of the alterna-

tive resolution procedures established in the

Order, 11 U.S.C. § 105(a) and General Order M-390

Authorizing Implementation of Alternative Dispute

Procedures, Including Mandatory Mediation (the

"ADR Procedures")[Docket No. 5037] entered by the

United States Bankruptcy Court for the Sourthern

District of New York on February 23, 2010, the

award (herein above-mentioned) and sanctions are

are intended to prevent unfair practice to the

litigants and ensure the congruity and integrity
of the ADR Proceedings.

## INTRODUCTION

Predicated upon a private injury/product
liability/warranty, ect. claim being filed in the
Commonwealth of Massachusetts Suffolk Superior
Civil Court No. 2005-02304, Barry-Henry: Spencer
Junior ("Spencer") Creditor moved to Attach the
Debtor General Motors Corp. ("MLC" Motor Liquidation
Co) assets in the amount of $12,500,000 (Twelve
Million and Five Hundred Thousand Dollars) then MLC
by their attorney moved to Stay the Case, based on
this Bankruptcy Forum, hence, Spencer was sent a
Proof of Claim, see annexed.

In accord with this Court's Order the Claim was
properly filed, with the Insurer "The Garden City
Group, Inc., by November 30, 2009, for an amount
exceeding $680,000,000 (Six Hundred and Eighty
Million Dollars) for several Years of Stall tac-
tics, and vitiation of the process based upon
Spencer's Unrelated incarceration (that has so
recently been overturned on Constitutional Error),
However, at no time within the filing to present
has the Debtor MLC contested nor objected to the
claims of Spencer (Fed. R. Bankr. P 3007-1 Mass.
Local Rules) by factual or legal grounds.

-2-

Upon the Debtor's Motion established in this
Court's Order Pursuant to 11 U.S.C. § 105(a) and
General Order M-390 Authorizing Implimentation of
Alternative Dispute Procedures, Including Mandatory
Mediation, Spencer sent an original Capping letter
for $30,000,000 (Thirty Million Dollars) that went
unanswered, until one of the Debtor's Attorneys
contacted Spencer's Brother from the Proof of
Claim contact, and expressed the desire to enter
ADR Proceedings, so based upon said conversation
between Brothers Spencer sent Smolinsky a Damage
Assessment, dated April 28, 2010.

ɔ) Smolinsky and Sylvester-Richard: Spencer
("Sylvester") spoken of MLC's intent to less the
Cap to $9,000,000 (Nine Million Dollars) with a
$200,000 (Two-Hundred Thousand Dollar)(the **"Claim
Settlement Floor"** a/k/a "CSF")

Spencer via Sylvester told Smolinsky the CSF was
not in congruity with the original Motion he filed,
nor the Court order that explicitedly expressed
that Claims above $500,000 (five-hundred Thousand
Dollars) were only eligible for the ADP Proceedings.
Sylvester told Spencer he and Smolinsky had words
over the CSF number, thus, causing Smolinsky to
become unprofessional in his words i.e. telling
Sylvester to tell Spencer if he was so worried about
the CSF, he'll write the release for the $500,000,
x

-3-

or, He'll just recommend the ADR process does not occur and he'll put the case on the bottom of the pile, and most unprofessional was that it does not matter to him either way, cause MLC could change jurisdiction to New Jersey Bankrupcty Court where the laws are more lax, and MLC can expunge the debt of All Creditors.

After the subtle threats, coercion and intimidation He told Sylvester to express to me his intent and he will contact him again.

Spencer then Wrote another **Capping Proposal Letter** on May 17, 2010, expressing the intent of both parties to enter the ADR Proceedings to attempt to resolve the claims. Notibly, in the Letter Spencer made it clear that MLC and their Attorney again lessen the original Cap suggestion to 9 Million instead of 10 Million, so the lost Million should at least serve as the CSF, and also reminded the Attorney and MLC of their Motion, and that the Spencer Surviving Claim was not of the **Excluded Claims** in their Motion, thus, the CSE was inappropriate, and I would expect the other privileges for exchange of the Capping 9 Million. Spencer also provided a Certified Notice of Personal Representative, allowing Sylvester to have power to negotiate for him in the ADR Proceeding due to his incarceration, as aidant to move forward for both parties of interest, however, this was ignored.

Smolinsky on behalf of MLC, sent Spencer a
Notice to Proceed in the ADR Procedures dated
May 25, 2010, which contained sections A-H, Spencer
made an objection to MLC's CSF (section C & D), and
two question were asked, even though Objections had
occurred, the agreement was signed, see annexed —
hereto.

Notibly, Spencer wrote Smolinsky and MLC on
the Agreement Letter, since none of the issues were
addressed in the May 17th letter, and their agree-
ment letter still expressed the same subject matter
that was denied by Spencer via Sylvester, and in a
letter. Spencer mailed Smolinsky the June 1, 2010
letter along with his agreement letter, and upon
his receiving the letter he called Sylvester and
was abusive, upset, and agressive with more threats
coercion and intimidation, since his earlier acts
were herein explained (Jersey threat, ect.,) were
called into play.

MLC nor their Attorneys have not responded
to the agreed Cap, that is the basis of the ADR
Proceedings. Spencer made a simple Counter-Offer
in Good faith, yet The Debtors have failed to
respond in accord with the due process of the ADR
Proceedings.

## JURISDICTION

This court has jurisdiction to consider this
matter pursuant to 28 U.S.C. § 157 and 1334. This

-5-

Court also holds jurisdiction under the scope of
28 U.S.C. § 451, § 1651(a) and § 1927. However,
contemoraneous this issue is core under 28 U.S.C.
§ 157, § 451, and § 1927.

## MEMORANDUM IN SUPPORT

By the very terms of the ADR Proceedings the
Creditor Spencer filed objections to abjection and
euphemism threats, coercion and intimidation in present
and future actions, to undermine the surviving Spencer
Claims, thus, causing the ADR and Case Proceedings to
multiply unnecessarily, unreasonably and vexatiously
in vitiation of Part F - Failure to Comply with the
ADR Procedures, and Bankruptcy Codes and Rules.

If a creditor files a counteroffer/objection
the Debtors and Attorney have an obligation to res-
pond, and at least show an attempt to have resolved
the conflict, which has not occurred, in this case.
It only shows a vicissitude of new rules not in
congruity with the original motion, the Order of this
Court nor the Bankruptcy Codes.

The terms of § 1927 is clear since it authorizes
sanctions when a party multiplies "the proceedings of
any case." Hence, courts are to apply § 1927 "to
misconduct by an attorney in the course of the pro-
ceedings in a case before the court, not misconduct
that occurs before the case appears on the Federal
Court's docket." Bender v. Freed, 436 F.3d 747, 751.

-6-

Spencer's original claim in Massachusetts has
been stayed due to this venue, thus, All discovery,
the attachment of assets, and trial has been held
in limbo, but as a remedy, He was offered this
Creditor's venue, as All Creditors, yet, the Debtor
is still multiplying the proceedings unreasonably.

Although Bankruptcy Court is not " Court of
the United States" within the meaning of 28 U.S.C.
§§ 451 and § 1927, it is a unit of District Court,
which is a " Court of the United States," and thus
Bankruptcy Court comes within scope of § 451; under
28 U.S.C. § 157 and standing order of the United
States District Court...which delegates authority to
the Bankruptcy Court...to hear cases under Title 11
U.S. Code as well as any and all proceedings necessary
to hear and decide those cases, Bankruptcy Court has
authority to impose sanctions under 28 U.S.C. § 1927.
In re Schaefer Salt Recovery, Inc (2008 CA3 NJ) 542
F.3d 90, 50 BDC 144, CCH Bankkr L Rptr ¶ 81319

Now if this court is reminded of some pawn moves
by the debtors to avoid sanctions or awards for the
Creditor, Spencer reminds the court it may adopt
without comment reasoning as in Continental Airlines,
where the Bankruptcy Court reversed self and holds
that it possesses no contempt powers, civil or
criminal, and therefore it can act sua sponte under
28 U.S.C. § 157(d) recommends withdrawal of reference

**Scott, Tamika**

| | |
|---|---|
| From: | Barry Spencer Jr [barryspencerjr55@aol.com] |
| Sent: | Thursday, September 09, 2010 2:17 PM |
| To: | Scott, Tamika |
| Subject: | Fwd: Reconsideration of $200,000 Offer of Settlement |

*EXHIBIT D*

HI Mika,

I NEED FOR YOU TO COPY THIS LIST AND BRING IT HOME WITH YOU...THANKS LOVE

-----Original Message-----
From: Falabella, Pablo <pablo.falabella@weil.com>
To: Barry Spencer Jr <barryspencerjr55@aol.com>
Cc: Smolinsky, Joseph <Joseph.Smolinsky@weil.com>; CBasler <CBasler@alixpartners.com>
Sent: Thu, Sep 9, 2010 9:52 am
Subject: RE: Reconsideration of $200,000 Offer of Settlement

Mr. Spencer:

Here is link to a website (www.motorsliquidationcreditorscommittee.com) which lists market participant who would be interested in purchasing your allowed claim.  I have copied the list below.  Thanks,

- **Barclays Bank PLC**
  745 Seventh Avenue
  New York, NY 10019
  Phone: (212) 412-2865
  Fax: (212) 294-0365
  Email: daniel.crowley@barclayscapital.com
  Email: Jessica.fainman@barclayscapital.com

- **Blue Heron Micro Opportunities Fund, LLP**
  P.O. Box 14610
  Surfside Beach, SC 29587
  Attn: Claims Processing Dept.
  Phone: (803) 810-8055

- **Citigroup Global Markets inc.**
  390 Greenwich Street
  New York, NY 10013
  Attn: Chetan Bansal
  Phone: (212) 723-6064
  With a copy to **(for Citigroup Global Markets Inc.):**
  **Morrison & Foerster LLP**
  2000 Pennsylvania Avenue, NW
  Suite 5500
  Washington, DC 20006
  Attn: Charles M. Cole & Christopher S. Campbell
  Phone: (202) 887-1500

- **Contrarian Funds, LLC**
  411 West Putnam Avenue, Suite 425
  Greenwich, CT 06830
  Attn: Alisa Mumola

Phone: (203) 862-8211
Email: amumola@contrariancapital.com

- **Corre Opportunities Fund, L.P.**
  1370 Avenue of the Americas, 29th Floor
  New York, NY 10019
  Attn: Claims Processing (Bankruptcy)
  Phone: (917) 322-6417

- **Dover Master Fund II, L.P.**
  c/o Longacre Management, LLC
  810 Seventh Avenue, 33rd Floor
  New York, NY 10019
  Attn: Vladimir Jelisavcic

- **Jeffries Leveraged Credit Products, LLC**
  One Station Place
  Three North
  Stamford, CT 06902

- **Goldman Sachs Lending Partners LLC**
  200 West Street
  New York NY 10282
  Phone: (212) 902-1040
  Fax: (646) 769-7700
  Email: ficc-ny-closers@gs.com

- **Knighthead Master Fund, L.P.**
  c/o Knighthead Capital Management
  623 Fifth Avenue, 29th Floor
  New York, NY 10033
  Attn: Laura Torrado
  Phone: (212) 356-2914
  Fax: (212) 356-3933
  Email: ltorrado@knighthead.com

- **Pioneer Funding Group, LLC**
  122 West 27th Street, 12th Floor
  New York, NY 10001
  Attn: Adam D. Stein-Sapir
  Phone: (646) 237-6969

- **RBS Securities, Inc.**
  Distressed and Special Situations
  600 Washington Boulevard
  Stamford, CT 06901
  Phone: (203) 897-6502

- **SG Aurora Master Fund L.P.**
  825 Third Avenue, 34th Floor
  New York, NY 10022
  Phone: (212) 404-5737
  Fax: (212) 404-5745
  Email: Danielle.Salters@sgasset.com

- **Stone Lion Portfolio, L.P.**
  461 Fifth Avenue, 14th Floor
  New York, NY 10017

○  .The Seaport Group LLC
360 Madison Avenue, 22nd Floor
New York, NY 10017
Attn: Ian Morgan
Phone: (212) 616-7717
Email: IMorgan@theseaportgroup.com

●  United States Debt Recovery V LP
940 Southwood, Bl, Suite 101
Incline Village, NV 89451

Pablo Falabella
Weil, Gotshal & Manges LLP
Direct Dial: (212) 310-8050 | Fax: (212) 310-8007
767 Fifth Avenue, New York, NY 10153
pablo.falabella@weil.com

From: Barry Spencer Jr [mailto:barryspencerjr55@aol.com]
Sent: Thursday, September 09, 2010 10:17 AM
To: Falabella, Pablo
Subject: Fwd: Reconsideration of $200,000 Offer of Settlement

-----Original Message-----
From: Barry Spencer Jr <barryspencerjr55@aol.com>
To: CBasler <CBasler@alixpartners.com>
Sent: Thu, Sep 9, 2010 10:04 am
Subject: Re: Reconsideration of $200,000 Offer of Settlement

Dear Ms Basler,
Thank you for the copy of the settlement, however, I was told You or Mr Smolinsky will provide me a list of individuals, and
institutions that are in the market for purchase of thes settlements...please provide me the list.

-----Original Message-----
From: Basler, Carrianne <CBasler@alixpartners.com>
To: 'Barry Spencer Jr' <barryspencerjr55@aol.com>
Cc: 'Smolinsky, Joseph' <Joseph.Smolinsky@weil.com>; 'Falabella, Pablo' <pablo.falabella@weil.com>
Sent: Wed, Sep 1, 2010 3:56 pm
Subject: RE: Reconsideration of $200,000 Offer of Settlement

Mr. Spencer,
Attached please find the settlement agreement for your signature.  Please sign and send back by email and
US mail to the address at the end of the agreement.  MLC will then countersign and file the agreement with the
claims agent to update the status of your claim to an allowed unsecured claim of $200,000.
Best regards,
Carrianne Basler

From: Barry Spencer Jr [mailto:barryspencerjr55@aol.com]
Sent: Wednesday, September 01, 2010 12:32 PM
To: Basler, Carrianne
Subject: RE: Reconsideration of $200,000 Offer of Settlement

Dear Ms Basler,

This case is long over due and I will accept the offer of settlement. So you may e-mail me the releases for my consideration and
to add value.

You may call me I am presently home, and able to accept any fax the prompt disposition of this matter.

Sincerely,

Barry -Henry: Spencer Junior
auth rep UCC1-207


-----Original Message-----
From: Basler, Carrianne <CBasler@alixpartners.com>
To: Barry Spencer Jr <barryspencerjr55@aol.com>
Cc: Joseph H. Smolinsky (joseph.smolinsky@weil.com) <joseph.smolinsky@weil.com>; pablo.falabella
<pablo.falabella@weil.com>
Sent: Wed, Sep 1, 2010 12:08 pm
Subject: RE: Waiting On Mediation Change of City Response & Whether Echange Proces was Reevaluated

Mr. Spencer --
We are aware of your request to move the mediation to Boston. We have discussed
the request and will not be able to accommodate you. We are not aware of any
current restrictions on your ability to travel and have offered the prospect
(although rejected) of appointing a family representative with settlement
authority to appear for you.  We have established four regional mediation
centers and have infrastructures in place at those locations.   The hardships we
had envisioned in the few instances where accommodations would be made were
intended to be physical conditions that prohibit travel.  In terms of the
settlement offer, our offer of an immediate claim in the allowed amount of
$200,000 is, in our opinion, quite generous given the facts of this case.  We
would urge you to reconsider our offer.  Alternatively, please select a mediator
from the court approved panel so that we may proceed with the mandatory
mediation in New York.
Best regards.
MLC Claims Center


From: Barry Spencer Jr [barryspencerjr55@aol.com]
Sent: Wednesday, September 01, 2010 8:10 AM
To: Basler, Carrianne
Subject: Waiting On Mediation Change of City Response & Whether Echange Proces
was Reevaluated

Dear Ms Basler,

It seems as if my concerns regarding the changing of the City of Mediation to
Boston, MA and reopening the Exchange Process has
sparked a world wide MLC Debate, especially since I stated I would probably
settle for a possible $1,500,000 Number and that if
mediation was non-binding on both parties, why suffer through the process when
MLC and its attorneys, and I can come to terms
to ink a final number without further litigation and to buy peace.Send Me the
paperwork for a settlement of $1,500,000 and claim#64658 & 64659 will be closed.

However, to verify and reserve All Rights and Remedies in the Mediation Process
if you choose not to settle Your Account with Me,

I have not chosen a Mediator off of Your list of Mediators, based upon MLC
failure to respond to my last concerns emailed and spoken
with this law office by phone on the 20th of August 2010, concerning the change
of venue to Boston, MA for mediation since I have just recently been released
from incarceration under Constitutional Error, and the New York trip will cause
unnecessary hardship. I cannot move forward without a decision either way.

I believe we all have dead-lines and my dead-line was to choose a mediator
within ten business days, I believe the ten days has fell upon MLC and this
firm's lap, and they are expired as of today.

Please provide a decision so this issue may proceed to the next phase,
settlement or waste more money w/mediation neither party is
binded to.

BARRY H. SPENCER JR
Barry-Henry: Spencer Jr
Claimant

Auth. Rep.


-----Original Message-----
From: Basler, Carrianne <CBasler@alixpartners.com>
To: Barry Spencer Jr <barryspencerjr55@aol.com>
Sent: Mon, Aug 23, 2010 6:15 am
Subject: Out of Office: counter offer status

I will be out of the office until Monday, August 30th, 2010 with limited or no
access to email. If you need something immediately regarding Motors Liquidation
please contact Michelle Smith (msmith@alixpartners.com<mailto:msmith@alixpartners.com>)
or Susan Brown (subrown@alixpartners.com<mailto:subrown@alixpartners.com>).

Have a great day!
Carrianne

Confidential: This electronic message and all contents contain information from
the firm of AlixPartners, LLP and its affiliates which may be confidential or
otherwise protected from disclosure. The information is intended to be for the
addressee only. If you are not the addressee, any disclosure, copy,
distribution or use of the contents of this message is prohibited. If you have
received this electronic message in error, please notify us immediately at +1
(248) 358-4420 and destroy the original message and all copies.

Confidential: This electronic message and all contents contain information from the firm of AlixPartners, LLP and its
affiliates which may be confidential or otherwise protected from disclosure. The information is intended to be for the
addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is
prohibited. If you have received this electronic message in error, please notify us immediately at +1 (248) 358-4420 and
destroy the original message and all copies.


The information contained in this email message is intended only for use of the individual or entity named above. If the
reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify us by email
(postmaster@weil.com), and destroy the original message. Thank you.

EXHIBIT E

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

RECEIVED
SEP 07 2010

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------x
                                           :
In re                                      :     Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, et al.,        :     09-50026 (REG)
      f/k/a General Motors Corp., et al.   :
                                           :
            Debtors.                       :     (Jointly Administered)
                                           :
-------------------------------------------x
```

### STIPULATION AND SETTLEMENT RESOLVING CLAIM NO. [ 64658 & 64659 ]

This Stipulation and Settlement (the "**Stipulation and Settlement**") is entered into as of 9/1/2010 (the "**Effective Date**") by and among Motors Liquidation Company ("MLC") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and Barry Spencer (the "**Claimant**", and together with the Debtors, the "**Parties**"), on the other hand.

### RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), certain of the Debtors (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

US_ACTIVE:\43385846\01\72240.0639

WHEREAS on October 6, 2009, the Court entered that certain Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims (the "Settlement Procedures Order");

WHEREAS pursuant to the Settlement Procedures Order, the Debtors are authorized, with certain exceptions, to settle any and all claims asserted against the Debtors without prior approval of the Court or other party in interest whenever (i) the aggregate amount to be allowed for an individual claim (the "Settlement Amount") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "De Minimis Settlement Amount");

WHEREAS pursuant to Settlement Procedures Order, if the Settlement Amount is not a De Minimis Settlement Amount but is less than or equal to $50 million, the Debtors must submit the proposed settlement to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee"). Within five business days of receiving the proposed settlement, the Creditors' Committee may object or request an extension of time within to object. If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised notification to the Creditors' Committee or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than ten days' notice. If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (either of such events hereafter defined as "Committee Consent"), then the Debtors may proceed with the settlement;

WHEREAS, Claimants filed the following proofs of claim (the "Claims");

| Date of Filing | Claim Number | Filed Amount | Claim Amount Cap |
|---|---|---|---|
| 11/30/2009 | 64658 | $794,500,000.00 | $9,000,000.00 |
| 11/30/2009 | 64659 | $794,500,000.00 | $0.00 |

WHEREAS after good-faith, arms'-length negotiations, the Parties have reached an agreement (the "Settlement") to resolve the Claims;

WHEREAS the Debtors have provided notice of the Settlement to the Creditors' Committee in accordance with the Settlement Procedures Order and the Creditors' Committee has not timely objected or has provided written approval of the Settlement prior to the objection deadline.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1.    The Claims shall be treated as allowed general unsecured claims against Motors Liquidation Company in the amounts set forth below (the "Allowed Claims"), which Allowed Claims shall not be subject to any defense, counterclaim, right of setoff, reduction,

2

avoidance, disallowance (including under Section 502(d) of the Bankruptcy Code) or subordination.

| Claim Number | Allowed Amount |
|---|---|
| 64658 | $200,000.00 |
| 64659 | $0.00 |

2.      The Claimant shall receive distributions on account of the Allowed Claims in the form set forth in and pursuant to the terms of a confirmed chapter 11 plan or plans in these chapter 11 cases (the "Plan").

3.      Upon receipt of such distributions on account of the Allowed Claims as set forth in the Plan, the Claims shall be deemed satisfied in full.

4.      With respect to the Claims, other than the right to receive distributions on account of the Allowed Claims under the Plan, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Claimant Parties"), shall have no further right to payment from the Debtors, their affiliates, their estates or their respective successors or assigns (collectively, the "Debtor Parties"). With respect to the Claims, except as set forth in this Stipulation and Settlement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties.

5.      The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reduce and allow Proof of Claim Nos. 64658 & 64659 to reflect the Allowed Claims.

6.      This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto. This Stipulation and Settlement is subject in all respects to Creditor Committee Consent, and if such consent is not obtained by the Debtors, then the Debtors may determine in their sole discretion whether to proceed forward with seeking Court approval of the Stipulation and Settlement in accordance with the Settlement Procedures Order or abandon the Stipulation and Settlement.

7.      This Stipulation and Settlement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

8.      Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Settlement.

3

9.      This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

10.     This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.

Barry J. Spencer

By: _Barry Henry Spencer Senior_
                                    _with Ref_
Print Name: _BARRY H. SPENCOR_
Title: _CLAIMANT_

Dated: _Sept 1, 2010_

4

**MOTORS LIQUIDATION COMPANY
AND AFFILIATED DEBTORS**

By: _____

Print Name: _____
Title: _____

Dated: _____

Motors Liquidation Company
Attn: ADR Claims Team
2101 Cedar Springs Road
Suite 1100
Dallas, TX 75201
claims@motorsliquidation.com

5

Barry A Spencer Sr.
352 Walnut Ave #3
Roxbury, MA 02119

Motors Liquidation Company
Attn: ADR Claims Team
2101 Cedar Springs Road
Suite 1100
Dallas, Tx 75201

75201-2158

*, THE ONLY In the matter of commerce, all commerce operates in truth. Demand for truth is made of all parties for full disclosure of your true identity, who you represent, and who is the real party of interest. Where there is no competent Plaintiff and no competent witness, there is no claim. Where there is no contract, there is no claim.*

## Verified Declaration in the nature of an Affidavit of Truth in Commerce, Rejection of the Settlement Offer and Contract for Waiver of Tort

Issued By Principal:   **Barry-Henry: Spencer Junior,**
[c/o 352 Walnut Ave, at Roxbury
county of Suffolk, Massachusetts]

Sovereign Principal, Owner, Creditor
and Secured Party

Notice to Debtor:   **Carrianne Basler, Vice President, for**
**Motor Liquidation Company**
**And Affiliated Debtors**
Attn: ADR Claims Team
2101 Cedar Springs Road, suite 1100
Dallas, Tx 75201

Vice President for the Debtors and
Debtors in Possession

*Ex HIBIT F*

UNITED STATES OF AMERICA, a Republic
BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

§      In re                                             Chapter 11 Case No.

§      MOTORS LIQUIDATION COMPANY, et al.,              09-50026 (REG)

§          f/k/a/ General Motors Corp., et al.
            Debtors,

    I hereby duly notice Carrianne Basler, d/b/a CARRIANNE BASLER, VICE PRESIDENT MOTOR LIQUIDATION COMPANY/f/k/a GENERAL MOTORS CORPORATION, with my instrument, above and herein titled, concerning REJECTION of the settlement offer and waiver of tort of the private injury claim.

**Carrianne Basler, d/b/a CARRIANNE BASLER, VICE PRESIDENT MOTOR LIQUIDATION COMPANY, I, hereby accept your private and commercial oath of office and the commercial oaths of those you represent, including but not limited to all contracts to sell, market, and provide commercial products made for a specific purpose without causing injury to a private person utilizing said products.**

    **Further, I hereby and herein claim my right to common law jurisdiction and refuse statutory jurisdiction.**

The following "Verified Declaration in the nature of an Affidavit of Truth in Commerce, Rejection of Settlement Offer and Contract for Waiver of Tort" is made explicitly under reserve and without recourse

In the matter of:  The fiction(s) known as "MOTOR LIQUIDATION COMPANY and GENERAL MOTORS CORPORATION", and any and all derivatives thereof, and actions public and private of any and all employees, servants or agents

Being duly noticed on the public record at the county of Suffolk, Massachusetts also duly filed in the United States Bankruptcy Court Southern District of New York, for the world to see

    I, me, Principal: Barry-Henry: Spencer Junior, sovereign, the undersigned, a man born on the soil of Massachusetts, and the posterity of my ancestors, hereinafter referred to as "I", or "me", or "my", or "myself", hereby declare, proclaim, say and state, in good faith and with clean hands, the following:

    I am a man of full age and understanding, and I live on the soil of Massachusetts over a republican form of government. I am competent to state the matters set forth herein. I have personal knowledge of the facts stated herein, and the facts stated herein are done so under penalty of perjury by the Laws of God, my Creator, and by the laws of the United States of America, a republic, and by the laws of Massachusetts and New York, sovereign

Verified Declaration in the nature of
an Affidavit of Truth in Commerce,
Rejection of the Settlement and
Contract for Waiver of Tort                                    Page 1 of 5

state(s) within the union of states. All of the facts stated herein are true, correct, complete, certain and not misleading, admissible as evidence, and if testifying, I shall so state.

A matter must be expressed to be resolved. In commerce, truth is sovereign. Truth is expressed in the form of an Affidavit. An unrefuted Affidavit stands as Truth in commerce. An unrefuted Affidavit becomes the judgment in commerce. An Affidavit of Truth, under commercial law, can only be satisfied: (1) by a rebuttal Affidavit of truth, or (2) by payment, or (3) by agreement, or (4) by resolution by a jury with twelve justices according to the rules of common law. The following Verified Declaration is an instrument in commerce. Commerce operates in truth. Demand for truth is made of all parties for full disclosure. I am expressing truth by the following Verified Declaration.

WHEREAS an unrefuted declaration, noticed on the public record, is the highest form of evidence, I am, by declaration on the public record, hereby and herein giving seasonable and timely **notice**, establishing **factual evidence**, and establishing **ESTOPPEL** in order of protecting my unalienable **RIGHTS** and my private property, for private use, relative to attacks by parties having **UNCLEAN HANDS** and involved in **CONSPIRACY, COMMERCIAL FRAUD, DECEIT, BARRATRY**, and other acts of **BAD FAITH**.

Plain Statement of Facts

1.  Fact:  The person(s) known as "MOTOR LIQUIDATION CORPORATION and both prior and newly formed GENERAL MOTORS CORPORATION " also UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK, and any and all derivatives thereof, is a fiction, hereinafter referred to as "Fiction", being without form or substance. Any harmful, malicious, or injurious acts towards any natural born body, living or dead, is being purposely committed in commercial fraud by said acts, thus, causing Genocide on We the People by the Government Officials and Agents of the Commercial Corporation and Commercial Courts for the purpose of disfranchising We the People from our Life, Liberty and Property. This commercial fraud by Officials and Agents of the Fiction(s) known as "MOTOR LIQUIDATION CORPORATION the former GENERAL MOTORS CORPORATION and newly formed GENERAL MOTORS" also UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK, and any and all derivatives thereof including but not limited to these public Fiction, its employees, servants and agents is being committed for their self-enrichment by creating and using a fiction outside the authority of law and our courts of original jurisdiction.

2.  Fact:  I am hereby and herewith claiming a security interest on the Fiction(s) known as "MOTOR LIQUIDATION CORPORATION the former GENERAL MOTORS CORPORATION, or, newly formed GENERAL MOTORS"and/or Government Corporations, Courts also Agencies, and any and all derivatives thereof including but not limited to the public Fiction, its employees, servants and agents, nunc pro tunc to the date of July 11, 2003, when the Fiction(s) were operating in the stream of commerce. Said Fiction(s) are now DEBTORS to the PRINCIPAL, dating back to July 11, 2003, the date the Fiction(s) were operating as the former General Motor Corporation, then as of June 1, 2009 when bankruptcy was filed its name was changed to MOTOR LIQUIDATION CORPORATION, and as of September 15, 2010 newly formed GENERAL MOTORS CORPORATION, per vitiation of their private and public commercial contracts, policy, rules, regulations and public statutes.

3.  Fact:  My Private-claim via UCC-1 Financing Statement filed with Massachusetts Secretary of the Commonwealth of Massachusetts, Upon the Public Corporation Fiction(s) known as "MOTOR LIQUIDATION CORPORATION the former GENERAL MOTORS CORPORATION and newly formed GENERAL MOTORS", and any and all derivatives thereof including but not limited to the public Fiction, its employees, servants and agents and the United States Bankruptcy Court for the Southern District of New York, also Bonding of the Fiction(s), and any and all derivatives thereof and employee, servants and agents thereof, perfects my security interest in the Fiction(s). The Fiction(s), the United States Bankruptcy Court Southern District of New York chapter 11 Case No 09-50026 (REG) and the Security Exchange Commission Registration of the New General Motors Corporation, including but not limited to all servants, agents and employees are my private property and are registered by contract with me, nunc pro tunc to the date the Fiction(s) caused the Principal Private and Commercial Injuries and my Private claim of the Fiction(s) by this Verified Declaration under original common law jurisdiction for one-hundred (100) years and, as such, is the private property of me, the secured party, for the protection of my estate, my life and my liberty.

4.  Fact:  Carrianne Basler, Vice President of Motor Liquidation Corporation for the Debtors and Debtors in Possession, and me, the Secured Party/Creditor under threats, coercion and intimidation had no choice but to, attempt to work out a Settlement of the commercial private and public claims Proof **of claim No. 64658 and**

Verified Declaration in the nature of
an Affidavit of Truth in Commerce,
Rejection of the Settlement and
Contract for Waiver of Tort                        Page 2 of 5

**64659,** where the Fictions/Debtors offered under subtle threats, coercion and intimidation, a Stipulation and Settlement **Resolving Claim No 64658,** with an allowed claim of $200,000.00, however, the allowed claim has no value and the Market created for the Allowed Claims, are only offering cash payout at a rate of 20 – 25%, thus, undermining the value of the claim of 200,000.00 to between $42,000.00 and $52,000.00. The second **Proof of Claim 64659** was to be dismissed. Nor under the Fictions' Settlement Statement, does it define the Equity in the New GM as being stable, when the Market will determine the Value. The Secured Party/Creditors' surviving claim(s) are based upon Bodily injuries first, not subjected to Tax, and forced into this settlement will usurp his wealth, and estate and secondly, on deceitful and unfair business practices .

5.   Fact:   Carrianne Basler, Vice President of Motor Liquidation Corporation for the Debtors and Debtors in Possession, having **UNCLEAN HANDS** and involved in **CONSPIRACY, COMMERCIAL FRAUD, DECEIT, BARRATRY,** and other acts of **BAD FAITH,** knowing that the value assigned to the allowed claim was to be undermined, thus, caused further injury to the secured party, in fulfillment of other contractual obligations several years over due based upon the unnecessary litigation.

6.   Fact:   In all proceeding with Carrianne Basler, Vice President of Motor Liquidation Corporation for the Debtors and Debtors in Possession, also all servants and agents there seems to be a one sided view, as if the Fiction's, employees, agents, or servants assessment and views are and can only be correct in settlement or closure of their debt with this Creditor/Secured Party, thus, all of the concern's of this secured party have been ignored and disregarded, without justification resulting in forced offers of contract, based upon subtle coercion, intimidation and threats, by way of declining to answer correspond or contract in a timely manner, until the secured party with all rights reserved had to agree with Carrianne Basler, Vice President of Motor Liquidation Corporation for the Debtors and Debtors in Possession or another employee, agent or servant in order to move forward in any and all issues of merit.

7.   Fact:   The Secured party has two claims involving the Fiction(s) known as "MOTOR LIQUIDATION CORPORATION the former GENERAL MOTORS CORPORATION and newly formed GENERAL MOTORS", **Claim Number(s) 64658 and 64659** regarding Private Bodily Injury, breach of private and public contracts and unfair and deceitful business conduct in prior dealings, however, it is alleged both Claims are redundant or duplicate, so all prior and present unfair and deceitful business practice should be separate in the latter **Claim Number 64659.**

8.   Fact:   Based upon the recent acts of the Fiction(s) having **UNCLEAN HANDS** and involved in **CONSPIRACY, COMMERCIAL FRAUD, DECEIT, BARRATRY,** and other acts of **BAD FAITH,** the first **Claim No. 64658,** will now return to the original agreed upon sum **Capping Amount** $9,000,000.00 and the **ADR Process** will proceed, or, All issue of merit will proceed to a common law jury for fact and law.

9.   Fact:   Based upon the recent acts of the Fiction(s) having **UNCLEAN HANDS** and involved in **CONSPIRACY, COMMERCIAL FRAUD, DECEIT, BARRATRY,** and other acts of **BAD FAITH,** the second **Claim No. 64659,** will now carry a secured  non-De Minimis Settlement Amount, original value Filed Amount of $794, 500,000.00, reduced to $30,000,000.00, in order to resolve the issues in the **ADR Proceedings.**

10.  Fact:   Now in **GOOD FAITH** Carrianne Basler, Vice President of Motor Liquidation Corporation for the Debtors and Debtors in Possession, also all servants and agents can **HONOR** an **Allowed Claim** for $2,000,000.00, that will equal out to the **prior Allowed Claim Amount,** the Principal and Ms Basler, Vice President of Motor Liquidation Corporation agreed upon; notably, the value of the Allowed claim is based upon the GM-Motor Liquidation Corporations' Insurance Bonds' which is presently fluctuating between $30 and $35, and the equity value of the allowed claims are at a lower rate.

10.  Fact:   Use by Any and All Fiction(s) Government or Public Corporation on any document associated in any manor with me, the secured party, or my estate, without my prior, written consent, is strictly forbidden and is chargeable to each issuer or user or others in the amount of the sum certain of **U. S. Dollars one-thousand, in specie silver coin of the United States of America,** per issuer and per user per Fiction.  This includes any and all claims pertaining to the Fiction(s) dating back to the date of its creation.

11.  Fact:  Use by Any and All Fiction(s) Government or Public Corporation for the intent of gains, for the issuers or for the users or for others, of any of my unalienable RIGHTS, my private property or any part of my estate, without

Verified Declaration in the nature of
an Affidavit of Truth in Commerce,
Rejection of the Settlement and
Contract for Waiver of Tort                           Page 3 of 5

full disclosure and without my prior, written consent, is strictly forbidden and is chargeable to each of the issuers and users and others in the amount of the sum certain of **U. S. Dollars one-million, in specie silver coin of the United States of America**, per use per Fiction, including any past, present or future use.  This includes any and all claims pertaining to the Fiction(s) dating back to the date of its creation.

12.  Fact:  Use of the Fiction(s) on any document associated in any manor with me, the secured party, or my estate, without my prior, written consent, is all of the evidence required for enforcement of this agreement/contract, and evidence that any and all issuers, users and others are in full agreement and have accepted this agreement/contract under the condition and terms so stated and set forth herein, and is due and payable under the terms and conditions set forth herein this agreement/contract.

I hereby verify that an original for the foregoing instrument entitled, "Verified Declaration in the nature of an Affidavit of Truth in Commerce, Rejection of the Settlement and Contract for Waiver of Tort", is being duly recorded with the recorder of the county at the county of Suffolk, Massachusetts and the United States Bankruptcy Court Southern District of New York chapter 11 Case No 09-50026 (REG). **Notice to the principal is notice to the agent.  Notice to the agent is notice to the principal.**  Notice of my Private Claim for Vitiation of the Settlement claim, Rejection of the Settlement Offer under the pretense of the Fiction(s) having **UNCLEAN HANDS** and involved in **CONSPIRACY, COMMERCIAL FRAUD, DECEIT, BARRATRY**, and other acts of **BAD FAITH** of the Fiction(s) is nunc pro tunc to the date the Fiction(s) were created.  Notice of my Private Claims and copyright is applicable for (1) any and all parties, including any and all competent witnesses, making any claims against the Fiction(s), nunc pro tunc to the date of its creation, (2) the criminal or civil taking and/or destruction of my private property by agents of a criminal racketeering cartel, by their acts of dolus malus, in commercial fraud, and (3) any violations of my unalienable RIGHTS given me by God, my Creator and the Lord of heaven and earth.  The foregoing Verified Declaration is the intellectual, private property of Barry-Henry: Spencer Junior, a sovereign, secured by a common law, and common law copyright duly noticed on the public record, and cannot be used in any form without my prior, expressed, written consent.

**Any response for the foregoing Verified Declaration is required of being made within ten (10) calendar days of posting in written, controverted, counter-affidavit form, signed under penalty of perjury, before a Notary Public, using your Christian name**, controverting and overcoming each and every point of foregoing Verified Declaration, proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law and not merely the ultimate facts or conclusions of law, that the foregoing Verified Declaration is substantially and materially false sufficient for changing my status, and the Fiction's status, as well as my factual declarations.  Any rebuttal must be sent for me, at the temporary mailing location shown below, with return receipt.  Any request for additional time for responding for the foregoing Verified Declaration is required for being submitted in written form within the above stated ten (10) calendar days of posting, sent for me, at the temporary mailing location shown below, with return receipt.

**Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact as a matter of law**, and the foregoing Verified Declaration of Truth will stand as final judgment in this matter, as well as for the sum certain herein stated, and will be in full force and effect against all parties, due and payable and enforceable by law. The criminal penalties for commercial fraud must be determined by jury by the common law, but the monetary value is set by me for violation of my unalienable RIGHTS, in the amount of a sum certain stated herein, and will be due and payable on the thirty-first day or any day thereafter as use occurs after posting of the foregoing Verified Declaration by me on the public record at the county of Suffolk and/or the United States Bankruptcy Court Southern District of New York chapter 11 Case No 09-50026 (REG).

**This document serves as Notice of Fault,** in the event the Fiction(s) MOTOR LIQUIDATION CORPORATION and both formerly and newly formed GENERAL MOTORS CORPORATION ", and any and all derivatives thereof, and Carrianne Basler, Vice President of Motor Liquidation Corporation for the Debtors and Debtors in Possession, also all servants and agents fail to timely respond.

**Notice of Default shall be issued no sooner than three (3) days after Notice of Fault.** Default is final three (3) days after Notice of Fault is issued.  Default comprises Fiction(s) stipulation and confession jointly and severally to acceptance of all statements, terms, declarations, denials and provisions herein as facts, the whole truth, correct and fully binding on all parties, thus, consent is jointly and severally to be named as defendant(s) in various actions, administrative and judicial.

Verified Declaration in the nature of
an Affidavit of Truth in Commerce,
Rejection of the Settlement and
Contract for Waiver of Tort                    Page 4 of 5

**Upon Default, all matters are settled res judicata and stare decisis.**

**Default comprises estoppels of all actions, administrative, and judicial,** the Fiction(s) may assert against the Principal, Creditor/ Secured Party.

Verification: I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed, at arm's length, on the _21_ th day of September the _9_ th month in the year of our Lord, two-thousand ten at the county of Suffolk, nunc pro tunc to the date of the creation of the Fiction(s).

By: _____ Seal
By: me, /addressee: John-William, family of Doe,
Sovereign, a living soul born on
Massachusetts soil
c/o [352 Walnut Ave
in Roxbury near 02109]

Witness: By: _____

Witness: By: _____

**Authentication**

|   |   |   |
|---|---|---|
| | § | United States of America, a republic |
| SS. | § | Massachusetts, a state within the |
| | § | Union of states |

Having witnessed the signing and sealing of the foregoing Verified Declaration, I place my hand and seal hereon as an authentic act as a Notary Public, on this the _21_ th day of the _9_ th month in the year of Our Lord, two-thousand, _10_, at the county of Suffolk.

By: _____
Notary Public

11/29/2010   Abraham Silah
NOTARY PUBLIC
My commission expires 11/29/2010

Verified Declaration in the nature of
an Affidavit of Truth in Commerce,
Rejection of the Settlement and
Contract for Waiver of Tort

Page 5 of 5

*Ex HIBIT G*

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

SECRETARY OF THE
COMMONWEALTH

2010 SEP 21  PM 2: 14

CORPORATION DIVISION

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Barry-Henry: Spencer Junior
[c/o 352 Walnut Ave
in Robury, On Massachusetts near 02119]

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| MOTORS LIQUIDATION COMPANY | | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2101 Ceder Springs Road, suite 1100 | DALLAS | | TX | 75201 | US |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION ORGANIZATION TX | 1f. JURISDICTION OF ORGANIZATION TX | 1g. ORGANIZATIONAL ID #, if any UNKNOWN | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| GENERAL MOTORS CORPORATION | | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 300 Renaissance Center | Detroit | | MI | 48265-3000 | US |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION CORPORATION MI | 2f. JURISDICTION OF ORGANIZATION MI | 2g. ORGANIZATIONAL ID #, if any UNKNOWN | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| Spencer | Barry- | | Henry: | | Junior |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| c/o 352 Walnut Avenue | Robury | | Ma | [02119] | u.S.a |

4. This FINANCING STATEMENT covers the following collateral:

The above Secured Party, a sovereign, hereby duly gives notice (1) of claim to all right, interest and title in all of the Debtor
(s) titled and non-titled interest in assets, possessions, property, resources and licenses, including but not limited to any and
all insurance bonds for Claim No.            and United States Bankruptcy Court Southern District of New York
Chapter 11 Case No.            (EG), ect., is validated and confirmed by private contract and security agreement. Said
private contract and security agreement gives the Secured Party a total assignment for $39,000,000.00 US functional
currency in GENERAL MOTORS CORPORATIONS, and any and all derivatives thereof. The Security Interest claimed by
the Secured Party does not imply or represent any type of surety or obligation, by the Secured Party, for the Debtor(s)'s
actions or obligations. Any challenge to the herein noticed claim is required to be presented to the twelve justices of the
Constitutional County Court of Record for the People at the County of Suffolk, Massachusetts, for determination of the
merits of said challenge pursuant to the common law; (2) there is a security interest in United States Bankruptcy Court
Southern District of New York Chapter 11 Case No.            American Arbitration Association, Creditors Committee, ect.,
any and all judicial and administrative determinations that deters from commercial and common law and all signatures on
all contracts and agreements predicated on the legal entities described above as Debtor(s), nunc pro tunc to the date of

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS    Attach Addendum [if applicable] | | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

Consent Signatures: Debtor:MOTOR LIQUIDATION CORPORATION  Secured Party:  By:

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)    International Association of Commercial Administrators (IACA)

# THE UNITED STATES BANKRUPTCY CIRCUIT COURT
# OF THE SOUTHERN DISTRICT OF NEW YORK

In re                                          Chapter 11 Case #
                                               **09-50026 (REG)**

MOTORS LIQUIDATION COMPANY, et al.,
        f/k/a General Motors Corp., et al.,     **(Jointly Administristered)**

---

**Barry-Henry: Spencer Junior**, Third Party Plaintiff     IN ADMIRALTY

Vs.                                             EXHIDIT H

GENERAL MOTORS, MOTOR LIQUIDATION COMPANY,
CARRIANNE BASLER, JOSEPH SMOLINSKY, PABLO FALABELLA,
NICK S. CYPRUS, DAN AKERSON, UNKNOWN INSURERS, WEIL, GOSHAL & MANGES,
ANY AND ALL UNKNOWN PARTIES,
Third Party Defendants

---

## AFFIDAVIT OF NEGATIVE AVERMENT, OPPORTUNITY TO CURE, AND COUNTERCLAIM

---

Comes now Barry-Henry: Spencer Junior, Third Party Plaintiff, by optional special visitation and not appearing generally, before this court seeking a remedy in Admiralty as is provided by "The Saving to the Suitors Clause" at USC 28 -1333(1), . I am standing in my unlimited commercial liability as a Secured Party Creditor and request that the Third Party Defendants do the same, and waive all of their immunities. I respectfully request the indulgence of this court as I am not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519. This is based upon Suits and Admiralty act, Title 46, section 740, Suits in Admiralty, Title 46, section 781, Public Vessel Act, Title 46, Extension Act, and Expatriation via. UCC-1 Financing Statement and additional Statute Staple Documents of Political Status found in the Public Record of the Secretary of the State of MASSACHUSETTS, William Francis Galvin, at **Secured Transaction Number – 200972913140, International Registered Private Tracking Number – RE 011 – 42 -963.** The District Court holds Original Jurisdiction under Title, section 1333, to hear the subject matter.

AS TO COUNT 1: I, Barry-Henry: Spencer Junior, the Third Party Plaintiff, Secured Party Creditor, a Natural man, created by God, Demand that the ( Third Party Defendants) produce their Proof of Claim of Settlement for the Outstanding Billing Assessment . I demand to inspect the **"Original Insurance Notes or Bonds for the Spencer Designated Claims 64658 ($794,500,000.00) and 64659 ($794,500,000.00) amount", "Original Capping Insurance Note or Bond, Agreed upon for claim 64658 -$9,000,000.00" and the "Original Settlement Insurance Note or Bond for $200,000.00",** the agreed upon with wet ink signatures, along with the Title Page that shows whether or not the settlement, or payment has been satisfied. I believe that Motor Liquidation Company, General Motors, or any Insurance Holder has sold the original note and failed to give credit to my account. This note was created on my credit, and signature, or underwriting and was not an asset of Motor Liquidation Company, General Motors, Any John Doe

Insurance Holder or Bank. I believe the Third party defendants have not been damaged and have no legal right to not satisfy a debt collection claim based upon Bankruptcy. As you well know, Proof of Claim must be established by law. Only the Original Insurance Notes and Settlement proof will be accepted as proof of claim. If the Third Party Defendants have the original insurance notes let them bring it forth and offer their Proof of Claim for my inspection. I believe the Third Party Defendants DO NOT have lawful Proof of Claim and there is no evidence to the contrary. This is Dishonor in commerce, Theft, Fraud, Conspiracy, and Racketeering.

AS TO COUNT 2: I, Barry-Henry: Spencer Junior under threats, coercion and intimidation of debt, poverty and subtle recalcitrant acts of General Motors, Motor Liquidation Company and their subdivisions, agents and employees have been injured several times, associated with the debt General Motors and Motor Liquidation Company refused to pay to settle this debt. Motor Liquidation Company and General Motors has chosen to dishonor, by deceit and unfair business practice, and not provide a lawful Note of full value for the Proof of Claims, the Capping amount and/or Agreed Settlement Offer and has refused to zero the account with me. Lawful Money no longer is available for payment of debt in our economic system. Notes are considered as Legal Tender for debts, according to the Code. This is a Dishonor in Commerce, Fraud, Theft of Private Funds, Racketeering, and Conspiracy, and I believe there is no evidence to the contrary.

AS TO COUNT 3: I, , Barry-Henry: Spencer Junior under threats, coercion and intimidation of debt, poverty and subtle recalcitrant acts of General Motors, Motor Liquidation Company and their subdivisions, agents and employees have been injured due to the value of the ALLEGED SETTLEMENT of $200,000.00 carrying a value of only 20-25%, thus, only having a $42,000.00 to $52,000.00 value. Due to the deceit, fraud, theft of private funds I, Barry-Henry: Spencer Junior, under **fair debt collection** withdrawn the settlement agreement and moved to Cash in the Allowed Claim for as much as possible to settle all private debt that has occurred since the accident and the several tedious years of litigation in the state of Massachusetts and now the Federal Admiralty Courts.

AS TO COUNT 4: I, Barry-Henry: Spencer Junior under threats, coercion and intimidation of debt, poverty and subtle recalcitrant acts of General Motors, Motor Liquidation Company and their subdivisions, agents and employees, also his private creditors who have placed liens upon his private property for private use and public property, has caused this Creditor substantial injury, and therefore, he had to move to acquire any and all funds even by liquidation of, or, attempt to liquidate the Allowed Claim-Stipulation and Settlement Resolving Claim No. 64658 & 64659, after filing a **UCC-1 Financing Statement upon GENERAL MOTORS and MOTOR LIQUIDATION COMPANY in Massachusetts and Verified Declaration in the Nature of an Affidavit of Truth in Commerce, Rejection of the Settlement Offer and Contract for Waiver of Tort**, this was sent Certified mail September 22, 2010, and neither Motor Liquidation Company or General Motors Responded, thus, agreeing with the Offer to Contract that voided the prior agreement based upon **Deceit, Commercial Fraud, Conspiracy and Barratry. This contract changed the Allowed Claim amount to $39,000,000.00.** I believe that GENERAL MOTORS and MOTOR LIQUIDATION COMPANY is undermining, under valuing claims and using subtle threats, coercion and intimidation to prolong the settlement process, hence, stealing publicly and privately from its creditors.

---

## OPPORTUNITY TO CURE

---

The Third Party Defendants have 14 calendar days to cure their Dishonor by the following:

1. Dismiss any and all claims against the Third Party Plaintiff, with prejudice and pay the Third Party Plaintiff $39,00,000.00 (Thirty-nine Million US dollars) as is designated in the counterclaim herein, OR,

2. Pay all damages as indicated by the counterclaim contained herein with Real Money, Surrender any and all Public Hazard Bonds, other Bonds, Insurance Policies, 801K, CAFRA Funds, etc. as needed to satisfy counterclaim herein, OR,

3. Prove your claims with me have been settled by providing me with lawfully documented evidence that is certified true and correct, by (Officers of the Court), in their unlimited commercial liability, while Under Oath, On and For the Official Record, under penalties of the law including Perjury. This evidence must prove your case by preponderance or the greater weight of evidence and must answer each and every averment, Point by Point individually. If any and all points are not answered fully and accompanied by lawfully documented evidence, as provided herein, that will be Default on the part of the Third Party defendants. Non Response according to the conditions herein will be default. Incomplete answers and/ or lack of documented evidence as outlined herein will be Default. If the Third Party Defendants fail to respond as outlined herein, within 14 calendar days, this will be Default. Non Response will be a Self Executing Confession of Judgment by all Third Party Defendants, and will be complete agreement with all the statements, terms, and conditions of this contract. This is a contract in Admiralty. Any officer of the court that interferes or involves himself/herself with this claim will be added to this claim and become a Third Party Defendant. All Third Party Defendants are jointly and severally liable for this claim.

---

## COUNTERCLAIM

---

THE FOLLOWING DAMAGES HAVE BEEN ASESSED AGAINST YOU SHOULD YOU FAIL TO MEET THE REQUIREMENTS AS PROVIDED IN THE OPPORTUNITY TO CURE CONTAINED HEREIN:

1. Failure to provide legal tender to settle both claims upon which relief for the Creditor can be granted $1,000,000.00 (One Million US Dollars) per count Per Third Party Defendant.

2. Failure to respond as outlined herein $1,000,000.00 (One Million US Dollars.) per count Per Third Party Defendant.

3. Default by non response or incomplete response $1,000,000.00 (One Million Dollars) per count Per Third Party Defendant.

4. Dishonor In Commerce - $1,000,000.00 (One Million Dollars) per count per Third Party Defendant.

5. Fraud - $1,000,000.00 (One Million US Dollars) per count Per Third Party Defendant.

6. Racketeering - $1,000,000.00 (One Million US Dollars) per count per Third Party Defendant.

7. Theft of Public/Private Funds -$1,000,000.00 (One Million US Dollars) per count per Third Party Defendant.

8. Failure to pay Counterclaim in full within (30) Thirty Calendar Days of Default as contained herein. $1,000,000.00 (One Million US Dollars), per month, and interest of 1.5 % per month compounded daily for the first (30) Thirty Days from the date of default. After (30) Thirty Days beginning on the (31st) Thirty first Day after Default, the penalties for Failure to pay will increase by $100,000.00 (One Hundred Thousand Us Dollars Per Day) for each calendar day that this counterclaim is not paid in full, plus interest. After (90) calendar days of the date of

Default, the penalties for Failure to Pay Counterclaim will increase by $1,000,000.00 (One Million US Dollars) per calendar day, that the Counterclaim is not paid in full, plus interest as indicated herein.

9. All Claims are stated in US Dollars which means that a US Dollar will be defined, for the purposes of this counterclaim as, a One Ounce Silver coin of .999 pure silver, or the equivalent par value as established by law or the exchange rate as set by the US Mint, whichever is the higher amount, for a certified One Ounce Silver Coin (US Silver Dollar) at the time of the first day of default as outlined herein, if the claim is to be paid in Federal Reserve Notes, Federal Reserve notes will only be accepted at Par Value as indicated above.

10. Total damages will be assessed as the total amount of the damages as outlined herein times three (3) for a total of all damages as outlined in items 1-5 added to three (3) times the damages, for punitive, or other additional damages.

Barry-Henry: Spencer Junior,
Secured Party Creditor
Date: 10-18-2010

10/18/2010

NATHALIE PIERRE
Notary Public, Commonwealth of Massachusetts
My Commission Expires Nov. 28, 2014

# NOTICE OF FINAL DETERMINATION AND JUDGMENT IN NIHIL DECIT

## Verified Affidavit in the Truth

*EXHIBIT I*

By: me, addressee:    Barry-Henry, family of Spencer Junior, sovereign
                      [c/o  352 Walnut Avenue Street  apt # 3,
                      at Roxbury, county of Suffolk, Massachusetts near 02119]

Notice for:           Harvey R. Miller, Stephen Karotkin, Joseph H. Smolinsky
                      c/o   WEIL, GOTSHAL & MANGES
                      767 FIFTH AVENUE
                      NEW YORK, NEW YORK 10153
                      via Registered Mail: "RB 644 758 144 US"

Notice for:           CLERK OF THE COURT, for placing in the sovereign's folder for public notice
                      c/o    united states BANKRUPTCY COURT-AT-LAW SDNY
                      CHAPTER 11 CASE NO. 09-50026
                      ONE BOWLING GREEN, ROOM 534
                      NEW YORK, NEW YORK 10004
                      via Certified Mail: "_____" will be sent to court in 10-14 days

**The following "Verified Affidavit in the Truth" is made explicitly under reserve and without recourse, and I hereby and herein claim my right to common law jurisdiction and refuse statutory jurisdiction and/or admiralty jurisdiction.**

In the matter of:    Your Case No. 09-50026 alleged Chapter 11

§   The United States of America, the perpetual

§   union of sovereign states combined

§   to form a constitutional republic

§   on the soil of Massachusetts, a sovereign state

§   within the perpetual union of states at the sovereign county of Suffolk

A matter must be expressed to be resolved.  In commerce, truth is sovereign.  Truth is expressed in the form of an affidavit.  An unrefuted affidavit stands as truth in commerce.  An unrefuted affidavit becomes the judgment in commerce.  A Verified Affidavit in the Truth, under established commercial law, can only be satisfied: (1) by a rebuttal Verified Affidavit in the Truth; or, (2) by payment; or, (3) by agreement; or, (4) by resolution by a jury of twelve justices in the County Court of Record.  The following "Verified Affidavit in the Truth" is an instrument in commerce.  Commerce operates in truth.  I am expressing truth by the following "Verified Affidavit in the Truth".  Demand for truth is made of all parties for full disclosure.

Whereas, an unrefuted affidavit noticed for the public record is the highest form of evidence, I am hereby timely creating public record by declaration with the following "Verified Affidavit in the Truth" by

seasonable and timely notice, establishing factual evidence, and establishing estoppel in order of protecting my rights and my private property.

I hereby and herein declare that I am competent and of age for testifying.  I have personal knowledge of the facts stated herein.  The facts stated herein are stated under penalty of perjury by the Laws of God, my Creator, and by the laws of the United States of America, the perpetual union of sovereign states combined to form a constitutional republic, and by the laws of Texas, a sovereign state within the union of states.  I have verified the facts stated herein as being true, correct, complete, certain and not misleading by signing and sealing my affidavit before a Notary Public as an authentic act.

The following facts are being duly noticed for the public record concerning In re MOTOR LIQUIDATION COMPANY, et al f/k/a GENERAL MOTORS CORPORATION, as referenced by your Chapter Case No. 09-50026 (REG).  Notice to principal is notice to agent.  Notice to agent is notice to principal.  I hereby and herein declare and proclaim, by good faith, with clean hands and at arm's length, the following:

Comes now Barry Henry Spencer Junior to this court with the notice of the following facts:

1. On January 19 & 20th, A.D. 2003, I accompanied Tamika Nicole Scott to EXPRESSWAY TOYOTA MOTORS, and purchased a 1997 CADILLAC ELDORADO COUPE, Green, Vin# 1G6EL12Y8U604873.

2. The CADILLAC soon after began to experience numerous problems with stalling and shutting off while driving on public roads.

3. The CADILLAC was returned several times to EXPRESSWAY TOYOTA MOTORS, yet no alleged problems were found.

4. On several occasions I, Barry Henry Spencer Junior and/or other family members, were present when the vehicle had stalled and shutoff while in use, so  this was the cause for returning the vehicle to EXPRESSWAY TOYOTA MOTORS,

5. Unbeknown to I, Barry Henry Spencer Junior and Tamika Nicole Scott, **numerous complaints were filed with GENERAL MOTORS CORPORATION,** concerning stalling and shutting off of CADILLACS and other problems with CADILLAC vehicles made between 1996-1997.

6. After the vehicle was allegedly working correctly, I, Barry Henry Spencer Junior, was operating the vehicle in Hyde Park, on American Legion Highway when I, switched lanes to avoid an accident and was rear ended had suddenly experienced the prior stalling and shutting off of the vehicle and veered uncontrollably off road into a tree.

7. I, sustained several injuries and several prior injuries were compounded which were treated at BOSTON MEDICAL CENTER and other Chiropractic Offices, to this day I still have minor and major problems physically with my back, legs, hands, and mental private issues as a result of the accident.

8. At the time I was working for ARAMARK CATERS, KARA'S PAINTING and establishing a Private Business in Food Service business, hence, I sustained wages and Principal and Ownership Profit loss based upon the improper functioning of the CADILLAC vehicle.

10.    I was advised by Tamika Nicole Scott that she received a recall notice from GENERAL MOTORS and that there was evidence in the recall reasons for the stalling and shutting off of the

vehicle, so as soon as I found out I informed an attorney who was representing me, however, he never moved forward on the issue, hence, eventually the relationship was resolved.

11.    I eventually resolved issues with the vehicle insurer that rear ended me and Scott's insurer, and I was simultaneously attempting to resolve my Administrative remedies with GENERAL MOTORS by way of ESIS GM.

12.    ESIS GM's employees and agents were very recalcitrant towards processing the claim, and providing the due process of the Administrative and Appellate procedure. Basically, when I requested the steps the claim was denied, and then I was denied an appeal, thus, it was accepted as proof of the debt and their silence was agreement.

13.    Based upon ESIS GM's actions of Commercial Fraud, Deceit, Default and Dishonor, I had to have the process reviewed by the Massachusetts Suffolk Superior Court, yet they do not have original jurisdiction over Admiralty Maritime Claims.

14.    The case sat in Massachusetts Suffolk Superior Court for several years and never gotten further than discovery, until the GENERAL MOTORS employees moved for a stay of the proceedings predicated upon this bankruptcy that was initiated freely by the Third Party Defendants employees, agents, and servants, thus, hindering and injuring me of my commercial & common law rights, of this Admiralty Maritime claim by way of the ADMINISTRATOR JUDGE, not ruling on several issues including an injunction to seize the GENERAL MOTORS vessel's property, in the amount of $112,500,000.00, as surety.

15.    The Boston team of GENERAL MOTORS employees, agents and servants attempted to withhold information about the Bankruptcy when it was initially filed, and attempted to exclude my claim as a creditor.

16.    Eventually, I was given the opportunity to file a Verified Proof of Claim For Commercial Dishonor Certified Mail No. 7008 1830 0004 5593 6429 to which was a Contract, hence, it was dishonored by General Motors servants, MOTOR LIQUIDATION COMPANY and GARDEN CITY GROUP, by the TERMS OF THE CONTRACT.

17.    None of the Third Party Defendants responded and the Commercial Dishonor was noted.

18.    In order to participate in the ADR Proceeding I was subtlety coerced, intimidated and threatened in failure to respond to my Contracts, correspondence, calls, ect. to undermine my original proof of claims amount $682,000,000.00 to $9,000,000.00 Cap, with a $200,000.00 Claim Settlement Floor and  dismiss another claim, so in order to recoup some loss and pay my Trust's creditor 's I had to agree.

19.    Due to several disagreements and dishonor represented by the Third Party Defendant Debtors I filed a Motion of Objection and for sanctions for Vitiation and Bad Faith on Behalf of Debtors, In Breach of the ADR Proceedings, that was denied for failure to show a prima face entitlement S/REG USBJ on 8/2/10. It seemed as if the Debtors gotten even bolder after this ruling.

20.    Eventually, believing I would receive $200,000.00 US and without funds to travel back and forth to New York for the unbarred Mediation Process (due to the MOTOR LIQUIDATION COMPANY, nor its attorneys not willing to agree to the subject matter of the Mediation), I agreed to end the case, and signed the Stipulation and Settlement Resolving Claim No. 64658 & 64659 on September 1, 2010.


21. It became apparent after signing the agreement it would not allow immediate payouts and the distressed Allowed Claims are under sold now at 25% if lucky.

22. I attempted to get full value from several Corporations that made a Market, yet nothing happened so I felt cheated, deceived, ect., and I believed it was commercial dishonor, so I moved to dissolve the agreement that had no accord and satisfaction by way of filing a UCC-1 Financing Statement in Massachusetts Secretary of State Corporate Offices, and a Notarized Verified Declaration In the nature of an Affidavit of Truth in Commerce, Rejection of the Settlement Offer and Contract for Waiver of Tort with a $39, 000,000.00 US billing assessment derived from Proof of Claims No. 64658 & 64659 was accepted as proof of the debt and their silence was agreement with the contract sent certified Mail to Carrianne Basler, Vice President for MOTOR LIQUIDATION COMPANY and First Class Mail to Nick S. Cyprus, Vice President, Controller and Chief Accounting Officer for GENERAL MOTORS ON September 22, 2010.

23. None of the Third Party Defendants has to this day responded and the Commercial Dishonor is noted.

24. The Second and Final notice is now being sent via registered mail# RB 644 758 144 US to the Attorneys for the Third Party Debtors, prior to asking the UNITED STATES BANKRUPTCY COURT JUDGE to Review the Collection Process.

25. I am presently attempting to sell the $200,000.00 credit Allowed Claim to subtract it from the existing $39,000,000.00 US billing debt against the Third Party Defendants,

26. The Third Party Defendants were given the opportunity to extend the Allowed Claim to One Million, so the debt can be sold and the agreed amount can be achieved and the dishonor unfair and deceptive acts can be annulled, however they have refused to do so, so the non-communication is further proof of their Agreement to the Term of my communication and their Dishonor.

27. THIS IS THE FINAL NOTIFICATION AND JUDGMENT. NO OTHER NOTIFICATIONS WILL BE SENT TO YOU. COLLECTION OF THIS LAWFUL CLAIM, AGAINST YOUR BONDS, INSURANCE POLICIES, 801-K, CAFR FUNDS, PROPERTIES, OR ANY OTHER SOURCE OF REVENUE TO CURE YOUR DISHONOR IN THE PUBLIC WILL BEGIN IN THREE BUISNESS DAYS IF THIS CLAIM IS NOT PAID IN FULL. ADDITIONAL CIVIL DAMAGES AND CRIMINAL CHARGES MAY ALSO BE FORTHCOMING. NON RESPONSE IS A SELF EXECUTING POWER OF ATTORNEY TO FILE LIENS AND ENCUMBERANCES AGAINST ANY AND ALL PROPERTY OF THE LIBELLEES.

Barry Henry Spencer Junior, Libellant

DATE: 10/18/2010

If any man or woman wishes to respond to or rebut the foregoing "Verified Affidavit in the Truth", or has information that would controvert and overcome the foregoing "Verified Affidavit in the Truth", he or she is required to make such response or rebuttal, using only facts based on first-hand, personal knowledge, within ten business days of receipt by written, controverted, counter-affidavit form, signed under penalty of perjury, before a Notary Public, using his/her Christian name, controverting and overcoming each and every point of the foregoing "Verified Affidavit in the Truth", proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law and not merely the ultimate facts or conclusions of law, that my facts are substantially and materially false sufficient for changing my factual declarations. The foregoing "Verified Affidavit in the Truth" is an instrument in commerce, and I hereby and herein explicitly reserve all of my rights without recourse. In commerce, an unrefuted affidavit noticed on the public record is the highest form of evidence. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact, and the foregoing "Verified Affidavit in the Truth" will stand as final judgment in this matter. Failure to respond, nihil dicit, within ten business days of receipt establishes your unconditional acceptance of the foregoing facts, and the dismissal, closure and cancellation of this matter.

Verification:       I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed, at arm's length, on the _____th day of the _____th month in the year of our Lord, two-thousand, ten at the county of Suffolk.

By: *Barry Henry Spencer Junior*
By: me, addressee: Barry Henry, family of Spencer Junior, sovereign

Witnessed By: _____

Witnessed: By: _____

## Authentication

§       The United States of America, the perpetual

§       union of sovereign states combined

§       to form a constitutional republic on the soil of Massachusetts,

§       a sovereign state within the perpetual union of states

§       at the sovereign county of Suffolk



If any man or woman wishes to respond to or rebut the foregoing "Verified Affidavit in the Truth", or has information that would controvert and overcome the foregoing "Verified Affidavit in the Truth", he or she is required to make such response or rebuttal, using only facts based on first-hand, personal knowledge, within ten business days of receipt by written, controverted, counter-affidavit form, signed under penalty of perjury, before a Notary Public, using his/her Christian name, controverting and overcoming each and every point of the foregoing "Verified Affidavit in the Truth", proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law and not merely the ultimate facts or conclusions of law, that my facts are substantially and materially false sufficient for changing my factual declarations. The foregoing "Verified Affidavit in the Truth" is an instrument in commerce, and I hereby and herein explicitly reserve all of my rights without recourse. In commerce, an unrefuted affidavit noticed on the public record is the highest form of evidence. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact, and the foregoing "Verified Affidavit in the Truth" will stand as final judgment in this matter. Failure to respond, nihil dicit, within ten business days of receipt establishes your unconditional acceptance of the foregoing facts, and the dismissal, closure and cancellation of this matter.

Verification:    I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed, at arm's length, on the ____th day of the ____th month in the year of our Lord, two-thousand, ten at the county of Suffolk.

By: ~~Barry Henry Spencer Junior~~

By: me, addressee: Barry Henry, family of Spencer Junior, sovereign

Witnessed By: _____

Witnessed: By: _____

## Authentication

§    The United States of America, the perpetual

§    union of sovereign states combined

§    to form a constitutional republic on the soil of Massachusetts,

§    a sovereign state within the perpetual union of states

§    at the sovereign county of Suffolk

Having witnessed the signing and sealing of the foregoing "Verified Affidavit in the Truth", I place my hand and seal hereon as an authentic act by a Notary Public on this the ⎽⎽⎽⎽ th day of the ⎽⎽⎽⎽ th month in the year of our Lord, two-thousand, ⎽⎽⎽⎽, at the county of Sufolk.

By: _____

Notary Public



NATHALIE PIERRE
Notary Public, Commonwealth of Massachusetts
My Commission Expires Nov. 28, 2014

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

PROOF OF CLAIM
REJECTION OF SETTLEMENT

Name of Debtor:
Motor Liquidation Company (f/k/a General Motors Corporation

EXHIBIT M

Note: This is being used to assert a claim based upon 11 U.S.C. § 503 for All claims administrative and other, predicated upon Rejection of the Settlement offer.

Name of Creditor:
Barry-Henry: Spencer, Junior

Name and address where notices should be sent:

Barry-Henry: Spencer, Junior
c/o Bridgewater State Hospital
20 Administration Road
Bridgewater, MA 02123

This claim amends a previous filed Claim.

**Court Claim Number** 05-02304-MASS Suff County Superior Ct file on: 2005

Contact Person:
Sylvester-Richard: Spencer
P.O. Box 191128
Roxbury, MA 02119

Telephone No. 770 658 0754

I am the only one who filed a claim, and I am the Owner

Amount of Claim Entitled to Priority under 11 U.S.C.§ 507(a). If any portion of your claim falls in one of the following categories,

1. **Amount of Claim as of Date Case Filed**
June 1, 2009: $682,000,000.00

Itemized Statements are annexed with original PROOF OF Claim Dated Nov 30 2009 by The Garden Group, INC.

see annexed PROOF OF CLAIM

Documents in support are as follow: Verified Declaration in the nature of an Affidavit of the Truth in Commerce, Rejection of Settlement & Contract for Waiver of Tort; Affidavit of Negative Averement, Opportutity to Cure & Counter-Claim; Proof of Claim; MLC ADR Contract

**Basis for Claim:** Breach of Contracts, bodily Injuries, Property Loss, Bills Consortum

3. **Secured & Unsecured Claim:** This was considered General Unsecured Claim with disputed Claim amount of $200,000.00 see Rejection of Settlement, annexed-hereto, basis for the amended amount, and disputed lien status; should be secured based upon attempted lien that was Stayed ($112,500,000.00) due to Bankruptcy Stay.

4. **Summary of Rejection:** The review of the offer in no way setoff the loss in Wages (past, currect, and Future), Domestic Support, property deposits, rent, personal and family, household items, taxes, bodily injury, Medical expenses, ect.,

5. **Spencer will agree to ADR Procedures:** both of the PROOF OF CLAIMS WILL BE ACTIVE AS
A. 64658 will have $1,500,000.00 Claim Settlement Floor with a $9,000,000.00 Claim Amount Cap
B. 64659 will be settled with $1,500,000.00

Signature:
Barry-Henry: Spencer, Junior, Claimant

*EX HIBIT N*

Motor Liquidation Company GUC TRUST
WILMINGTON TRUST COMPANY
RODNEY SQUARE NORTH
1110 North Market Street .
Wilmington, DELAWARE 19890-1615

RE: REJECTION OF EXECUTORY STIPULATION AND SETTLEMENT RESOLVING
    CLAIM NO. [ 646458 & 64659 ]

Dear MLC, Trust Administrator, Court Justice Whom ever is hereby
    Noticed by this document;

    I am writing to reinstate the process of ADR Procedures established
in the order pursuant to 11 U.S.C. § 105(a) and General Order M-390
Authorizing Implementation of Alternative Dispute Procedures, including
mandatory mediation ("ADR Procedures") [Docket No. 5037] entered by the
United States Bankruptcy Court for the Southern District of New York
on February 23, 2010, due to the New Proof of Claim Rejection Settlement.

    I give you premission to negoate with my Brother Sylvester-Richard:
Spencer, or My Mother Ann Spencer-Purcell, or their representative for
me, on my behalf. They May Close out the Claims 64658 and 64659 under
my instruction by power of attorney.

    Thank you for your assistance in these matters and I await to hear
from this office so we can close the escrow, of the Debtor.

                                    By: *Barry-Henry Spencer Junior*
                                    Barry-Henry: Spencer, Junior


_____ *Kurt W Eichner* _____
Notary

COMMONWEALTH OF MASSACHUSETTS
*BARRY SPENCER*
personally appeared before me, the undersigned notary public, and
proved to me his/her identity through satisfactory evidence, which
were _____ *INMATE ID* _____ to be the person
whose name is signed on the preceding or attached document in my
presence on this __5__ day of *MAY 2011* .
                        *Kurt W Eichner*
Kurt W. Eichner, Notary Public
My Commission Expires July 14, 2017

cc  Bankruptcy Court of Southern District of New York
    Motor Liquidation Corporation
    The Garden Group, Inc.
    Sylvester Richard: Spencer P.O. Box 191128, Roxbury, MA 02119