Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
_____x
                                    :
**In re**                            :    **Chapter 11 Case no.**
                                    :
**MOTORS LIQUIDATION COMPANY, et al**:    **09-50026(REG)**
  **F/k/a General Motors Corp., et al.** :
                                    :
          **Debtors,**               :    **(Jointly administered)**
                                    :
                                    :
                                    :
                                    :
_____:

### DR. SIZEMORE'S MOTION TO STRIKE MOTORS LIQUIDATION COMPANY'S NOTICE OF HEARING ON MOTION TO SUPPLEMENT ORDER ENFORCING 363 SALE ORDER WITH RESPECT TO PRODUCTS LIABILITY CLAIM AND DISCOVERY REQUESTS OF DR. SIZEMORE

Dr. Sizemore thanks the Court for their continued patience in this matter, and respectfully requests the Court to Strike Motors Liquidation Company's Notice of Hearing because as she understood this Court on February 3, 2011, she entitled to a response to any motion filed by opposing parties and this is permitted prior to any hearing scheduled. In fact, NO WHERE in the June 1, 2010 Order, journaled July 1, 2010 does it state a 'hearing' will be conducted on the motion for a supplemental order.

Dr. Sizemore is working June 7, June 20, June 22, and June 28, 2011 ONLY this month and is unable to reschedule these dates and needs this supplemental income. Also, her vehicle is experiencing transmission difficulties she is sorting out-rendering her

vehicle unsafe- and is unable to make flight arrangements or find a party to care for her thirty-acre farm and her animals at this time.

It appears GM is just attempting to inconvenience Dr. Sizemore even more than they have to date. She contends there is no basis for the relief requested regarding Discovery and will address this issue in her objection to GM's Motion for Supplemental Order. GM appears to demand a hearing prior to the procedural motion for a supplemental order and her response in writing to the Court. She understands it is the Court that decides on a hearing, not the opposing party.

Dr. Sizemore wishes to assert she begs this Court to honor her Constitutional right to equal protection under the law and not allow the opposing side to intimidate or threaten her and thanks the Court in advance.

Respectfully submitted,

Dr. Terrie Sizemore RN DVM/pro se

Dated June 7, 2011 Sullivan, Ohio
Copy sent to: Chambers-Judge R. Gerber, Stephen Karotkin, the Debtors, c/o Motors Liquidation Co., GM LLC, Cadwalader Wikckersham & Taft, US Dept. of the Treasury, Vedder Price, Kramer Levin Naftalis & Frankel LLP, the Office of the US Trustee SDNY, US Attorney's Office SDNY, Caplin & Drysdale Chartered, One Thomas Circle, Stutzman Bromberg Esserman & Plifka, Gibson Dunn & Crutcher, FTI Consulting, and Crowell & Moring, Kirk P. Watson on June 7, 2011 via regular U.S. Mail.

Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x
                                    :
In re                               :    **Chapter 11 Case no.**
                                    :
**MOTORS LIQUIDATION COMPANY, et al** :    **09-50026(REG)**
F/k/a **General Motors Corp., et al.** :
                                    :
        **Debtors,**                :    (Jointly administered)
                                    :
                                    :
                                    :
_____:


**DR. SIZEMORE'S OBJECTION TO GENERAL MOTORS LLC'S MOTION TO SUPPLEMENT ORDER ENFORCING 363 SALE ORDER WITH RESPECT TO PRODUCTS LIABILITY CLAIM AND DISCOVERY REQUESTS OF DR. SIZEMORE**

TO THE HONORABLE ROBERT E. GERBER.
UNITED STATES BANKRUPTCY JUDGE:

Dr. Terrie Sizemore RN DVM, respectfully presents and requests:

### Objections Presented and Relief Requested

1. Dr. Sizemore contends there is no legal basis for request for relief for issues related to Discovery. Dr. Sizemore respectfully requests the Court demand a legal basis-other than just saying the Court is allowed to do whatever they wish-to support any conclusion of law that Dr. Sizemore violated law by attempting to request information from "New" GM as well as ANY location

in filings that legal facts have been pled that she violated law prior to the Court's June 1, 2010 ORDER.

2. Dr. Sizemore contends the interrogatories in her Discovery are either public record information or she is entitled to the information by law. Bankruptcy issues are public record. Since GM has failed to disclose the information voluntarily, Dr. Sizemore has been forced to utilize the Courts to obtain this legally entitled information.

3. Even on page 1 of the motion for supplemental order filed by GM New York counsel they only list 'which enjoined and estopped certain products liability claimants from pursuing actions against New GM which liabilities were not assumed by New GM in connection with the 363 Transaction…' There is no mention of discovery being an 'unassumed' item. Dr. Sizemore objects to any party placing words where there are no words.

4. Dr. Sizemore respectfully requests Judge Gerber vacate the June 1, 2010 Order, journaled July 1, 2010 ORDERING her to withdraw "New" GM from her Action for Discovery in Medina County Court of Common Pleas, Medina, Ohio, case no. 09CIV2471, appealed to the Ninth Appellate Court, Ohio case no. 10CA0035-M because she contends this Order to withdraw GM is not founded in law.

5. Dr. Sizemore has never contested issues regarding products liability except on a personal level. She is not contesting this issue at this time. She understands Federal law allows the Bankruptcy Court to excuse a Purchaser from assuming liability from product manufactured prior to acquiring the bankrupt

business, however, there are NO laws supporting consumers are prohibited from discovery-even regarding product manufactured by the Seller. Since the Purchaser retained the information and the 363 Sale Order provides the Purchaser will 'do business as usual, assist in litigation, and disclose information,' Dr. Sizemore contends they are the party with the information and she is entitled to obtain it-even pursuant to the plain language of the MPA/363 Sale Order/Order Authorizing the Sale of Assets.

6. In addition, there have been NO facts pled or conclusions of law presented by GM attorneys justifying the Court's Order to prohibit Discovery. The ONLY language Dr. Sizemore contends is contained in the argument presented by opposing counsel pertains to issues of products liability. There is NO language in the 363 Sale Order, the MPA, or any other Court document supporting Discovery violates any Bankruptcy laws or issues. Opposing counsel has failed to provide ONE location in these documents or argument founded in law that refutes this assertion-either in their present motion for supplemental order, in the May 17, 2010 Notice for Hearing, during the Hearing on June 1, 2010, in GM's Appellee brief to the US District Court SDNY, or in ANY of the cases in Ohio. In the absence of law to support what Dr. Sizemore contends is a fictitious legal conclusion, it is Dr. Sizemore's conclusion Discovery does NOT violate Bankruptcy issues and since there is NO law prohibiting it, Dr. Sizemore has NOT violated any laws in existence, therefore the Court must allow her the Discovery she seeks. In addition, Dr. Sizemore contends the law provides remedy when a business violates existing law-

regardless of Bankruptcy-when they are a foreign corporation doing business in Ohio. The request for Discovery occurred AFTER the closing date. GM never advised Dr. Sizemore or any party requesting for her that they did not possess the requested information or were not legally required to disclose the information. Therefore Dr. Sizemore's allegations of fraud and negligence regarding the issues regarding the Discovery would refer to actions – occurrences-AFTER the closing-which "New" GM would have retained liability for since all parties are responsible for laws in the States they conduct business in.

7. Dr. Sizemore attended the 'Hearing' on June 1, 2010 in the US Bankruptcy Court SDNY. At that time, she received notice of the Hearing from GM counsel, however, NO WHERE in this May 17, 2010 Notice of Hearing were ANY legal facts, argument, or conclusion regarding issues of Discovery. In fact, the case in Medina, Ohio (09CIV2471) is NEVER mentioned in the May 17, 2010 Notice for Hearing. If NO facts are pled regarding an issue, this litigant understands the Courts may not come to a legal conclusion not pled.

8. Dr. Sizemore mentioned the Discovery in Medina, Ohio during the June 1, 2010 Hearing ONLY because she was advised by counsel to tell Judge Gerber what happened that led to her unintentional mistake of listing GM on the product liability claim in Medina, Ohio, case no. 10CIV0102, which is the ONLY case referenced in the May 17, 2010 Notice for Hearing as well as the ONLY case where facts were pled to its violating the 363 Sale Order. Dr. Sizemore contended that HAD GM answered the very easy to answer

questions, they would never have been listed as a Defendant because the issues regarding Bankruptcy would have been clarified. This negates the argument presented by GM attorneys that the Discovery was useless because GM could not have been listed as a Defendant-other parties were proper Defendants. These parties are not within Dr. Sizemore's knowledge and GM attorneys have FAILED to provide a legal source to obtain this information other than from GM. The neglect and negligence and fraud Dr. Sizemore alleges "New" GM has caused damages-her not being able to continue with litigation against other potential Defendants, taking her away from her art and music and friends and animals and work, loss of sleep, stress, anxiety, etc-all damages the LAW actually permits her recovery for-even if "New" GM is exempt from product liability issues, it does not give them a license to disregard each and every other law in the country and GM attorneys have pled NO facts to support Bankruptcy exempts them from EVERYTHING. The 363 Sale Order only exempts them from 'occurrences' prior to the closing of Bankruptcy-not actions after. GM attorneys appear to be abusing the legal process by beginning a legal process with probable cause for product liability issues, then perverting it to include an issue that is NEVER mentioned in any Bankruptcy documents.

9. Dr. Sizemore contends the (including discovery) referred to does not exist in any Bankruptcy documents and has been included just because GM does not want to answer the questions. There is actually no law to support they are exempt from Discovery. GM has even sent partial requested information and

contend they have sent 'it all.' This is completely false-and by the way confirms negligence because if they possessed identities of product manufacturers in December, 2009, they intentionally withheld this information until June 2, 2010. This as well as GM attorneys document they 'sent this litigant' reports drafted by John Sprague and other documents. However, this litigant has stated and states again she contends this report is fraudulent and does not reflect data obtained from her vehicle by Mr. Jon Ball on or about February 25, 2008. She contends even the collision sequence is incorrect because she was in the vehicle when the crash occurred.

10. No attorney for GM has pled facts that any one of the questions asked in her Discovery-case no. 09CIV2471, appeal no 10CA0035-M- violate any part of the 363 Sale Order or any other Bankruptcy documents.

11. Dr. Sizemore requests GM disclose how many other litigants they have 'estopped' from discovery.

12. The only argument New York GM attorneys have presented is essentially that the Judge makes all decisions and even if they are not based in law, it is his discretion to decide whatever needs decided. Dr. Sizemore is certain that Judge Gerber is a very upstanding Judge and is aware of the enormous power and responsibility he possesses as a Federal Judge and she in every way is attempting to convey her respect for him and the Court, however, asserts she wants him to be-and quite frankly asserts she is entitled for him to be-in her corner as equally as he is in GM's corner. This is her Constitutional right to equal protection under the law. All Dr. Sizemore has ever wanted is a fair

fight with GM and has been insulted, intimidated, threatened, spoken harshly to, and contends she has been presented with false information regarding these issues. Without the Court, she is helpless against the opposing party and Judge Gerber is NOT GM's Judge, he is a Federal Judge that is impartial and justice is his first and foremost duty and obligation in every situation.

13. The Ninth District Court of Appeals has requested legal information regarding these issues in Ohio as well as New York and Ohio counsel for "New" GM has NEVER provided any legal argument that Dr. Sizemore's Discovery violates law or Bankruptcy-even on June 1, 2011 when Ohio counsel presented a brief for requested information. GM counsel only refers to the "Order."

14. In fact, Ohio GM attorney stated the following in his June 1, 2011 brief to the Medina Court: 'The July 1, 2010 Order of the Federal Bankruptcy Court...does not direct any court in Ohio to stay this case...The "Plaintiff's civil action" is defined in the Federal Enforcement Order as *Sizemore v. General Motors Company*, Medina County Common Pleas, Case no. 10-CIV-0102, ....However, New GM wishes to make clear that it is not asserting that the Federal Enforcement Order is any way directed to this Court (the Ninth Appellate Court, Ohio). ... It should be noted the Appellate Case no. 10-CA-0035-M ("the discovery action") is not specifically referenced in the Federal Enforcement Order. Therefore, the Federal Enforcement Order does not directly apply to that case.' Isn't that interesting because the case no. may not be identified in the Order, but the words, (including any discovery) are there.

15. Dr. Sizemore contends NO GM attorney has provided a legal basis or facts for a conclusion of law that Dr. Sizemore violated ANY laws by filing for Discovery.

16. Dr. Sizemore asserts the "Campbell" appeal was withdrawn by September 23, 2010 and GM has failed for over eight months to comply with this Court's Order requiring them to file a motion for a supplemental order. To her this constitutes contempt of Court and they have threatened her with contempt charges and written letters for her to withdraw GM when this Court specifically stated that is not the procedure. The procedure outlined in the July 1, 2010 Order is that when the 'Campbell' appeal is exhausted, GM counsel was/is supposed to file a motion for supplemental order-Dr. Sizemore has not been permitted to withdraw until that has been accomplished. Their eight months of neglect has caused damages, which Dr. Sizemore contends GM cannot skirt out of. Negligence is the ordinary care ANY one owes to another. Dr. Sizemore is being blamed for the tardiness she has had nothing to do with.

17. On or about May 13, 2011, Mr. Karotkin confirmed this procedure in par. 16 was properly understood as Judge Gerber explained on February 3, 2011.

18. Dr. Sizemore attempted to contact GM's New York attorneys for clarification of issues because the Ohio attorney has made several statements she claims are false and they have spoken harshly to her.

19. Dr. Sizemore presented written request for public records regarding the actual laws GM attorneys relied upon to come to-what she contends is their false

conclusion- she is not permitted Discovery. They have declined answering. As a consumer, she is entitled to requested information.

20. GM attorneys have written to intimidate her to withdraw GM from the cases in Medina, Ohio prior to their filing this motion for supplemental order.

## JURISDICTION

21. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.A. sect. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C.A. sect. 157(b). Furthermore, this Court has retained jurisdiction to hear and determine all matters arising from or related to the Order Enforcing 363 Order.

22. This litigant contends this Court does NOT have jurisdiction to issues that are not related to the 363 Sale Order or are in conflict with the agreement made by the Court and "New" GM and Motors Liquidation-in particular, issues relating to Discovery on product manufactured prior to the closing date in 2009.

23. This litigant contends that any Order ordering her to withdraw GM from her Discovery violates her Constitutional rights to equal protection, due process, open courts, trial by jury, presenting evidence, etc. She understands that the Constitution is Supreme law and that no law can be created to violate, deprive, or impinge on citizen's Constitutional rights.

24. In furtherance, this litigant contends that GM is a foreign corporation doing business in Ohio and as such is required to abide by all laws and rules in Ohio. As such, Consumer Protection laws allow this litigant the information pertaining to her vehicle manufactured prior to the closing date even if she

unable to bring an action for product liability against the "New" GM-she

contends other Defendants are liable.

## Relevant Background

**The Sizemore Action Should Not Be Dismissed Until Counsel for GM Has Provided Legal Argument and Legal Authorities to Support that Her Discovery Violated any Laws at all-particularly Bankruptcy laws. She contends her Action should not be dismissed until GM provides Facts that Discovery Was pled in the May 17, 2010 Notice for Hearing, the laws they relied upon to Conclude She is Not Permitted Discovery, the laws exempting GM from complying with Laws and Rules in Ohio, legal argument that allegations regarding fraud and negligence are prohibited by Bankruptcy or any other law against New GM.**

25. GM attorneys filing this motion for supplemental order have provided false information on page 3 by stating 'after a full briefing and hearing on the merits..' Dr. Sizemore contends again that issues regarding Discovery were not included in the May 17, 2010 Notice for Hearing and therefore Dr. Sizemore did not plead facts relating to this issue during the June 1, 2010 Hearing because she was unaware of issues regarding Discovery.

26. The 'actions' referred to under #47 of the Sale Order refer to actions 'related to claims' against parties, not discovery of information to perfect claims against legitimate and legally allowable Defendants. GM attorneys put words were there are no words. In fact, NO WHERE in any Bankruptcy documents is Discovery prohibited and the words together, 'action for discovery' do not exist ANYWHERE.

27. Also, on or about May 10, 2011, Dr. Sizemore sent a letter requesting public records information from GM attorneys in New York as they requested she

put in writing. They declined the information in writing and in a phone

conversation on June 2, 2011. They said they had no obligation to give her the

requested information, which was:

"As well as this, I am formally requesting you state specifically in the 363 Sale Order/? Transaction Order where an Action for Discovery-or the words (including discovery) exist. Also, I am formally requesting where in the May 17, 2010 Notice for Hearing your office sent me are references to my Action for Discovery-case no. 09-CIV-2471 in Medina County Court of Common Pleas.
   I would also appreciate the references Judge Gerber spoke of pertaining to issues 'already discussed' as he documented on his denial of my request for vacating his Order of July 1, 2010 ordering me to withdraw GM from my Action for Discovery. Specifically, he seems to imply you and/or the Court have already discussed issues of denying private citizens their Constitutional rights. You have MANY documents on the motors liquidation web page and I am unable to locate any referencing the specific issues I addressed in my motion to vacate. I assume this wouldn't be burdensome because you would already know what he is referring to.
As I have relayed to you in the past, it is my understanding there may not be any laws that interfere with or violate Constitutional rights.

Also, I am formally requesting you explain the meaning of the following parts of the 363 Sale Order I included in my motion but may not understand:

. M. The MPA was not entered into and none of the Debtors, the Purchaser, or the Purchasers' present or contemplated owners have entered into the MPA or propose to consummate the 363 Transaction for the purpose of hindering, delaying, or defrauding the Debtors' present or future creditors. None of the Debtors, the Purchaser, nor the Purchaser's present or contemplated owners is entering into the MPA or proposing to consummate the 363 Transaction fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims whether under the Bankruptcy Code or under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to any of the foregoing.
2. *Section 5.1 Organization and Good Standing.* Purchaser is a legal entity duly organized, validly existing and in good standing under the Laws of its jurisdiction of incorporation. Purchaser has the requisite corporate power and authority to own, lease and operate its assets and to carry on its business as now being conducted.

   3. **ARTICLE VI COVENANTS** Section 6.1 Access to Information
     *Section 6.2 Conduct of Business.* , (C) use reasonable best efforts to preserve in the Ordinary Course of Business and in all material respects the present relationships of Sellers and each of their Subsidiaries with their respective customers, suppliers and others having significant business dealings with them, (D) not take any action to cause any of Sellers' representations and warranties set forth in **ARTICLE IV**

to be untrue in any material respect as of any such date when such representation or warranty is made or deemed to be made…

6.23 of the MPA states: 'Preservation of Records, reasonable access to records…specifically 'parties shall take all reasonable best efforts to permit such disclosure…'

*Section 6.10 Litigation and Other Assistance.* In the event and for so long as any Party is actively contesting or defending against any action, investigation, charge, Claim or demand by a third party in connection with any transaction contemplated by this Agreement, the other Parties shall reasonably cooperate with the contesting or defending Party and its counsel in such contest or defense, make available its personnel and provide such testimony and access to its books, records and other materials as shall be reasonably necessary in connection with the contest or defense, all at the sole cost and expense of the contesting or defending Party; provided,

4. In addition to the above specific quotes from the 363 Transaction Order, it lists requirements for the Purchaser to 'disclose' requested information."

Dr. Sizemore asserts she is entitled to this information because it is Bankruptcy information, which is public record.

28. In referencing Judge Marrero's decision on page 4, there is no conclusion of law listed to justify an 'action for discovery' is undoubtedly understood to also be prohibited. This conclusion is not based on facts in the 363 Sale Order or the existing laws in Ohio or the Federal Consumer Protection Laws and essentially adds words and meaning where there are no words or meaning. There is no reference to the 363 Sale Order or any legal authority allowing private interpretation. Dr. Sizemore objects to Courts placing words were there are no words such as Judge Marrero has stated. This would appear partial as well as appear to violate Dr. Sizemore's equal protection rights.

29. GM attorneys continually falsely state 'Dr. Sizemore refused.' Dr. Sizemore did withdraw GM from the product liability action and Judge Gerber questioned why she did this when he ordered a 'stay.' She relayed she did not

know there was a stay and after the Campbell appeal was withdrawn, she incorrectly thought there was no longer a valid stay. Judge Gerber then explained the Order to include GM filing a motion for a supplemental order ordering her to remove GM, but allowing her a response to this filed motion- not dragging her to New York all over again to rehash legal argument GM has never argued. Any other statement GM has pled facts regarding Discovery issues is contrary to the facts and evidence in this case. Since there is no mention of her Discovery in the May 17, 2010 Notice for Hearing on June 1, 2010, she contends she was denied her Constitutionally protected due process.

### Notice

30. Notice has been provided Mr. Karotkin and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. sect. 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). Dr. Sizemore submits that such notice is sufficient and no other or further notice need be provided.

31. Dr. Sizemore has other briefs with this Court containing legal argument pertaining to these present issues of discovery.

WHEREFORE, Dr. Sizemore respectfully requests the Court deny entry of an Order for relief until counsel for New GM provides facts and legal conclusion based on law that she violated any laws, including Bankruptcy laws, when she filed for information in Medina, Ohio so she could perfect a product liability

claim against parties other than GM with information they possess regarding product defect.

Respectfully submitted,

_____
Dr. Terrie Sizemore RN DVM
Pro se

Dated: Sullivan, Ohio
June 7, 2011

Copy sent to: Chambers-Judge R. Gerber, Stephen Karotkin, the Debtors, c/o Motors Liquidation Co., GM LLC, Cadwalader Wikckersham & Taft, US Dept. of the Treasury, Vedder Price, Kramer Levin Naftalis & Frankel LLP, the Office of the US Trustee SDNY, US Attorney's Office SDNY, Caplin & Drysdale Chartered, One Thomas Circle, Stutzman Bromberg Esserman & Plifka, Gibson Dunn & Crutcher, FTI Consulting, and Crowell & Moring, Kirk P. Watson on June 7, 2011 via regular U.S. Mail.

Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――x
                                          :
**In re**                                 :   Chapter 11 Case no.
                                          :
**MOTORS LIQUIDATION COMPANY, et al** :   09-50026(REG)
F/k/a General Motors Corp., et al.        :
                                          :
        **Debtors,**                      :   (Jointly administered)
                                          :
                                          :
                                          :
―――――――――――――――――――――――:


**DR. SIZEMORE'S OBJECTION TO GM'S ORDER SUPPLEMENTING ORDER
ENFORCING 363 SALE ORDER WITH RESPECT TO PRODUCTS LIABILITY
CLAIM AND DISCOVERY REQUESTS OF DR. SIZEMORE**


Now comes Dr. Terrie Sizemore respectfully the Court deny this Motion for

Supplemental Order until GM counsel presents facts and conclusions of law that support

she violated any laws-particularly Bankruptcy Laws by filing for Discovery. She

contends until they do, they have no legal basis for relief regarding issues of Discovery.

She repeats she is not contesting issues relating to product liability.

                                          Respectfully submitted,

                                          /s/ Dr. Terrie Sizemore RN DVM
                                          Pro se

Dated: Sullivan, Ohio
June 7, 2011

Copy sent to: Chambers-Judge R. Gerber, Stephen Karotkin, the Debtors, c/o Motors Liquidation Co., GM LLC, Cadwalader Wikckersham & Taft, US Dept. of the Treasury, Vedder Price, Kramer Levin Naftalis & Frankel LLP, the Office of the US Trustee SDNY, US Attorney's Office SDNY, Caplin & Drysdale Chartered, One Thomas Circle, Stutzman Bromberg Esserman & Plifka, Gibson Dunn & Crutcher, FTI Consulting, and Crowell & Moring, Kirk P. Watson on June 7, 2011 via regular U.S. Mail.