**PRESENTMENT DATE AND TIME: June 23, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: June 23, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company and
Motors Liquidation Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    Case No. 09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :    (Jointly Administered)
                        Debtors.          :
                                          :
------------------------------------------------------------x
                                          :
NEW UNITED MOTOR                          :
MANUFACTURING, INC.,                      :
                                          :
        Plaintiff                         :    Adversary Proceeding
                                          :
        v.                                :    Case No. 10-05016 (REG)
                                          :
MOTORS LIQUIDATION COMPANY,               :
                                          :
        Defendant.                        :
------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF ORDER APPROVING**
**AGREEMENT RESOLVING, AMONG OTHER THINGS, PROOFS OF**
**CLAIM NOS. 67357, 70191 AND 70842 AND ADVERSARY PROCEEDING NO. 10-05016**

      **PLEASE TAKE NOTICE** that upon the annexed Motion of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as post-effective date

debtors (collectively, the "**Debtors**") and Motors Liquidation Company GUC Trust (the "**GUC**

**Trust**"), the undersigned will present the annexed *Order Approving Agreement Resolving, Among Other Things, Proofs of Claim Nos. 67357, 70191 and 70842 and Adversary Proceeding No. 10-05016* (the "**Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004 on **June 23, 2011 at 12:00 noon (Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C.

20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and

Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin &

Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding

asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:

Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100,

Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi)

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M.

Trafelet in his capacity as the legal representative for future asbestos personal injury claimants,

2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert

T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust

Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action

Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn:  Keith

Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action

Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia

30309 (Attn:  Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto

Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New

York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the

Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be

received no later than **June 23, 2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

   **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and

served with respect to the Motion, the GUC Trust may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form and content of the proposed

order annexed to the Motion, which order may be entered with no further notice or opportunity

to be heard offered to any party.

Dated: New York, New York
   June 15, 2011

      /s/ Joseph H. Smolinsky
      Harvey R. Miller
      Stephen Karotkin
      Joseph H. Smolinsky
      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Motors Liquidation Company and
      Motors Liquidation Company GUC Trust

**PRESENTMENT DATE AND TIME: June 23, 2011 at 12:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: June 23, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company and
Motors Liquidation Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :     Chapter 11
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :     Case No. 09-50026 (REG)
      f/k/a General Motors Corp., et al.:
                                        :     (Jointly Administered)
                      Debtors.          :
                                        :
------------------------------------------------------------x
                                        :
NEW UNITED MOTOR                        :
MANUFACTURING, INC.,                    :
                                        :
          Plaintiff                     :     Adversary Proceeding
                                        :
              v.                        :     Case No. 10-05016 (REG)
                                        :
MOTORS LIQUIDATION COMPANY,             :
                                        :
          Defendant.                    :
------------------------------------------------------------x
```

**MOTION FOR ENTRY OF ORDER APPROVING**
**AGREEMENT RESOLVING, AMONG OTHER THINGS, PROOFS OF**
**CLAIM NOS. 67357, 70191 AND 70842 AND ADVERSARY PROCEEDING NO. 10-05016**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**"), and the Motors

Liquidation Company GUC Trust (the "**GUC Trust**") submit this motion for entry of an order,

substantially in the form annexed hereto as **Exhibit "A,"** approving the agreement, dated June

15, 2011, by and among New United Motor Manufacturing, Inc. ("**NUMMI**"), the GUC Trust,

and MLC (the "**Settlement Agreement**"),[1] and respectfully represent:

**Resolution of the NUMMI Claim, the NUMMI Rejection Damages Claim and
the NUMMI Administrative Claim**

1.        On November 24, 2009, NUMMI timely asserted a claim against MLC, as

reflected in proof of claim number 67357, alleging (1) breach of contract; (2) implied breach of

contract and similar principles, including "detrimental reliance on express/implied

representations," "implied contractual indemnity," and "equitable indemnity;" and (3) breach of

fiduciary duty (the "**NUMMI Claim**").  On the basis of these allegations, NUMMI asserted that,

as of the Petition Date, it held claims against MLC in the amount of approximately $500 million.

2.        On March 31, 2010, NUMMI asserted an additional claim against MLC,

as reflected in proof of claim number 70191 (the "**NUMMI Rejection Damages Claim**"), for

any and all damages in connection with executory contracts to which it was party, that were

rejected by the Debtors pursuant to the March 2, 2010 Order Granting Eleventh Omnibus Motion

to Reject Executory Contracts (ECF No. 5084).

3.        On April 1, 2010, MLC filed an objection to the NUMMI Claim (ECF No.

5404) (the "**NUMMI Claim Objection**") arguing that the plain language of the relevant

agreements governing the relationship between MLC and NUMMI establish that there is no

supportable legal or factual basis for the NUMMI Claim.  NUMMI filed a response to MLC's

objection on May 24, 2010 (ECF No. 5854), and MLC filed a reply to NUMMI's response on

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement
Agreement.

November 4, 2010 (ECF No. 7655).  At the November 9, 2010 hearing on MLC's objection to

the NUMMI Claim, the Court asked that the parties treat the claims as a plenary litigation and

directed NUMMI to re-plead its claim in the style of a complaint.

4.    On November 24, 2010, NUMMI filed a complaint asserting claims for

breach of contract and promissory estoppel (the "**Complaint**") and thereby commenced

Adversary Proceeding Case No. 10-05016 against MLC (the "**Adversary Proceeding**").  The

Debtors filed a motion to dismiss the Adversary Proceeding on December 23, 2010; NUMMI

filed an opposition brief on January 18, 2011; and the Debtors submitted a reply on February 1,

2011.  Following oral argument on February 9, 2011, the Bankruptcy Court took the matter

under submission.

5.    On February 9, 2011, NUMMI asserted an administrative claim against

MLC, as reflected in administrative proof of claim number 70842, for "all liabilities of the

Debtors to NUMMI relating to or arising from events occurring subsequent to the

[Commencement] Date, whether asserted by NUMMI in the Complaint, arising or related to the

Adversary Proceeding, or otherwise." (the "**NUMMI Administrative Claim**", and together with

the NUMMI Claim and the NUMMI Rejection Damages Claim, the "**NUMMI Proofs of**

**Claim**") (NUMMI Administrative Claim at ¶ 6).  NUMMI alleged that its administrative

expense claim was contingent and in an unliquidated amount.

6.    On March 29, 2011, the Bankruptcy Court entered its *Findings of Fact,*

*Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code*

*and Rule 3020 of the Federal Rules of  Bankruptcy Procedure Confirming Debtors' Second*

*Amended Joint Chapter 11 Plan* (ECF No. 9941) (the "**Confirmation Order**"), which among

other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**").

Section 7.1(c) of the Plan provides, in relevant part, that the Debtors or the GUC Trust "may compromise, settle, or otherwise resolve any Disputed Claim without approval of the Bankruptcy Court."

7.       On June 15, 2011, after negotiations between MLC and NUMMI regarding the NUMMI Proofs of Claim and related litigation, the parties entered into the Settlement Agreement, a copy of which is annexed hereto as **Exhibit "B."**[2]  Pursuant to the Settlement Agreement, subject to the Court Order approving the Settlement Agreement becoming Final and on the Court Approval Date (as those terms are defined in the Settlement Agreement): (i) the NUMMI Claim shall be treated as a single Class 3, Allowed General Unsecured Claim against MLC in the amount of $25,000,000.00 and shall be entitled to treatment as provided in the Plan and Confirmation Order; (ii) the NUMMI Administrative Claim and the NUMMI Rejection Damages Claim shall be deemed withdrawn with prejudice; (iii) no later than ten business days after the Court Approval Date, NUMMI shall voluntarily dismiss the Adversary Proceeding with prejudice; and (iv) NUMMI and MLC shall release each other and, in their capacities as such, their respective agents, directors, officers, consultants, insurers, representatives, administrators, executors, trustees, attorneys, successors and assigns from any and all manner of claims.  The releases do not extend to New GM or Toyota Motor Corporation. No other claims or amounts are sought or asserted by NUMMI against the Debtors under the Settlement Agreement.  The Settlement Agreement nevertheless provides that MLC shall retain its 50% equity interest in NUMMI, including, without limitation, MLC's right to a distribution, if any, of assets pursuant to that certain Shareholders' Agreement by and among MLC, Toyota Motor Corporation, and NUMMI, dated February 21, 1984.

---

[2] The Settlement Agreement shall control the parties' respective rights and obligations, not the summary or descriptions contained in this Motion.

8.      Bankruptcy Court approval of the Settlement Agreement is requested for two reasons.  First, although the Plan provides that claims such as those asserted in the NUMMI Proofs of Claim can be settled by the GUC Trust without further order of the Court, the Settlement Agreement provides that its terms are not binding until, and conditions a number of provisions on, the entry of an order approving the Settlement Agreement by the Bankruptcy Court.  Second, because the Debtors' pending motion to dismiss the Adversary Proceeding remains under consideration by the Bankruptcy Court, the Debtors and the GUC Trust submit this Motion to apprise the Court of the parties' resolution of the subject matter of that dispute.

## Conclusion

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       June 15, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company and
Motors Liquidation Company GUC Trust

# EXHIBIT "A"

**Proposed Court Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                              :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
|     f/k/a **General Motors Corp.**, *et al.* | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| | : | |

-------------------------------------------------------------x
                              :

| | | |
|---|---|---|
| **NEW UNITED MOTOR** | : | |
| **MANUFACTURING, INC.,** | : | |
| | : | |
|     Plaintiff | : | **Adversary Proceeding** |
| | : | |
|     v. | : | **Case No. 10-05016 (REG)** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** | : | |
| | : | |
|     Defendant. | : | |

-------------------------------------------------------------x

## ORDER APPROVING
## AGREEMENT RESOLVING, AMONG OTHER THINGS, PROOFS OF
## CLAIM NOS. 67357, 70191 AND 70842 AND ADVERSARY PROCEEDING NO. 10-05016

Upon consideration of the motion (the "**Motion**")[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as post-

effective date debtors (collectively, the "**Debtors**") and the Motors Liquidation Company GUC

Trust (the "**GUC Trust**") for entry of an order approving that certain agreement, dated June 15,

2011, by and among New United Motor Manufacturing, Inc. ("**NUMMI**"), the GUC Trust, and

MLC (collectively, the "**Parties**"), a copy of which is attached hereto as **Exhibit "1"** (the

"**Settlement Agreement**"); and the Debtors having authority to compromise, settle, or otherwise

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

resolve disputed claims without approval of the Bankruptcy Court pursuant to the Plan; and the

Court having considered the Settlement Agreement; and the Court having jurisdiction over this

matter; and due notice of the Settlement Agreement having been provided, and no other or

further notice being necessary; and the Court having determined that the Settlement Agreement

establishes just cause for the relief granted herein; and it further appearing that the terms agreed

to in the Settlement Agreement are fair and reasonable; and after due deliberation and due and

sufficient cause appearing therefor, it is

        ORDERED that the relief requested in the Motion is granted to the extent

provided herein; and it is further

        ORDERED that the terms of the Settlement Agreement are approved in their

entirety and are deemed incorporated herein as if set forth in full herein; and it is further

        ORDERED that the Court will retain jurisdiction to consider any disputes or other

issues that may arise relating to this Order and the Settlement Agreement.

Dated: New York, New York
        _____, 2011

                _____
                United States Bankruptcy Judge

## EXHIBIT "B"

**Settlement Agreement**

**AGREEMENT RESOLVING PROOF OF CLAIM NOS. 67357, 70191 AND 70842 AND
ADVERSARY PROCEEDING NO. 10-05016 AND IMPLEMENTING SETTLEMENT**

This Agreement Resolving Proof of Claim Nos. 67357, 70191 and 70842 and Adversary Proceeding No. 10-05016 (the "Agreement") is entered into as of June 15, 2011, (the "Effective Date") by and among New United Motor Manufacturing, Inc. ("NUMMI"), the Motors Liquidation Company GUC Trust (the "GUC Trust"), and Motors Liquidation Company f/k/a General Motors Corporation ("MLC") (each a "Party" and collectively the "Parties").

WHEREAS, NUMMI is an automobile manufacturer and privately held California corporation formed in 1983 as a California corporation in which both the Toyota Motor Corporation ("Toyota") and MLC own a fifty percent (50%) interest.

WHEREAS, on or about June 1, 2009 (the "Petition Date"), MLC and certain affiliates (collectively, the "Debtors") filed voluntary petitions for relief (the "Chapter 11 Cases") pursuant to title 11 of the United States Code (the "Bankruptcy Code"), which are jointly administered in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" and "Court").

WHEREAS, concurrently with their filing for relief under the Bankruptcy Code, the Debtors filed a motion pursuant to, among other provisions, Section 363 and 365 of the Bankruptcy Code, seeking authority to sell (the "363 Transaction") substantially all of their assets to Vehicle Acquisition Holdings LLC, a Delaware limited liability company ("VAH") formed by the United States Department of the Treasury.

WHEREAS, prior to the consummation of the 363 Transaction, (i) VAH converted to a corporation and was renamed NGMCO, Inc., a Delaware corporation ("NGMCO"), and (ii) NGMCO subsequently changed its name to General Motors Company, a Delaware corporation ("New GM").

WHEREAS, on or about July 10, 2009, after approval from the Bankruptcy Court, the 363 Transaction closed, but MLC's fifty percent (50%) interest in NUMMI was not included in the 363 Transaction.

WHEREAS, on or about November 24, 2009, NUMMI timely filed proof of claim number 67357 (the "NUMMI Claim") in the amount of approximately $500 million against MLC asserting claims for (i) breach of contract; (ii) implied breach of contract and similar principles, including detrimental reliance on express and implied representations, implied contractual indemnity, and equitable indemnity, and (iii) breach of fiduciary duty.

WHEREAS, on March 31, 2010, NUMMI asserted an additional claim against MLC, as reflected in proof of claim number 70191 (the "NUMMI Rejection Damages Claim"), for any and all damages in connection with executory contracts to which it was party that were rejected by the Debtors pursuant to the March 2, 2010 Order Granting Eleventh Omnibus Motion to Reject Executory Contracts [Docket No. 5084].

WHEREAS, on or about April 1, 2010, MLC filed its Objection to the NUMMI Claim (the "Objection"). [Docket No. 5404].

WHEREAS, on or about May 24, 2010, NUMMI filed its Initial Response to the Objection (the "Response") [Docket No. 5854], and on or about November 4, 2010, MLC filed its Reply to NUMMI's Response (the "Reply") [Docket No. 7655].

WHEREAS, on or about November 9, 2010, the Bankruptcy Court held a hearing on MLC's Objection to the NUMMI Claim and asked the Parties to treat the claims as a plenary litigation. Accordingly, at the hearing, MLC and NUMMI agreed to treat the claims raised in the NUMMI Claim as a plenary litigation.

WHEREAS, on or about November 24, 2010, the Parties entered into a Joint Stipulation and Scheduling Order providing for the filing of an adversary complaint and scheduling dates for briefing and oral arguments related thereto. [Docket No. 7913].

WHEREAS, on or about November 24, 2010, NUMMI filed its Adversary Complaint (the "NUMMI Adversary Complaint") against MLC in Adversary Proceeding Case No. 10-05016 (REG) (the "NUMMI Adversary Proceeding"), alleging six counts of breach of contract, a single count of breach of contract based on the breach of the implied covenant of good faith and fair dealing, and a single count of promissory estoppel. [AP Docket No. 1].

WHEREAS, on or about December 23, 2010, MLC filed its Motion to Dismiss the NUMMI Adversary Complaint (the "MLC Motion to Dismiss"), [AP Docket No. 4], on or about January 18, 2011, NUMMI filed its Opposition to the MLC Motion to Dismiss (the "NUMMI Opposition"), [AP Docket No. 6], and on or about January 31, 2011, MLC filed its Reply in Further Support of its Motion to Dismiss the Adversary Complaints (the "MLC Reply"). [AP Docket No. 8].

WHEREAS, on February 9, 2011, NUMMI filed an administrative claim against MLC in a contingent and unliquidated amount, as reflected in administrative proof of claim number 70842, for "all liabilities of the Debtors to NUMMI relating to or arising from events occurring subsequent to the Petition Date, whether asserted by NUMMI in the [NUMMI Adversary] Complaint, arising or related to the Adversary Proceeding, or otherwise . . . ." (the "NUMMI Administrative Claim").

WHEREAS, on or about March 18, 2011, the Debtors filed the Debtors' Second Amended Joint Chapter 11 Plan (the "Plan"). [Docket No. 9836].

WHEREAS, on or about March 29, 2011, the Bankruptcy Court entered Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "Confirmation Order") [Docket No. 9941], and on March 31, 20011, the Plan was substantially consummated.

WHEREAS, the Plan and Confirmation Order provided for the creation and implementation of the GUC Trust and authorized the GUC Trust Administrator, among other things, to make distributions to allowed general unsecured claims and to prosecute and resolve objections to disputed general unsecured claims, subject to any applicable consent from MLC.

WHEREAS, after good-faith, arms' length negotiations, the Parties have reached an agreement to resolve all issues between them, including the issues raised by the NUMMI Claim, the NUMMI Adversary Complaint, the NUMMI Rejection Damages Claim and the NUMMI Administrative Claim.

NOW, THEREFORE, in consideration of the representations, acknowledgments, promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, NUMMI, the GUC Trust, and MLC hereby voluntarily, intentionally and upon the advice and guidance of counsel, execute this Agreement and agree, as follows:

1.      The Parties will jointly seek final approval of this Agreement by the Court.  In particular, promptly after execution of this Agreement by all Parties, the Debtors shall file a motion seeking Court approval of the Agreement (the "Motion").  The Motion will confirm that, under the terms of this Agreement, NUMMI will receive only the Total Allowed Unsecured Claim (defined below).

2.      This Agreement is subject to and shall be binding on the Parties only upon Court Approval.  "Court Approval" shall mean the entry by the Court in *In re Motors Liquidation Company et al.*, Chapter 11 Case No. 09-50026 (REG), after notice, of an order approving this Agreement, substantially in the form attached hereto as Exhibit "A" (the "Court Order").  "Court Approval Date" shall mean the date upon which the Court Order becomes Final (as defined below).  In the event Court Approval is not granted or similar relief is not otherwise provided by the Court or in the event that the Court Approval Date does not occur, this Agreement shall be deemed to be null and void and no Party shall have any obligations to another Party arising out of this Agreement, save and except for the obligations and/or provisions set forth in Paragraphs 9, 10, 12, 15, 16, and 17 hereof, which provisions are intended to survive the expiration or earlier termination of this Agreement.  "Final" shall mean that the Court Order has been entered by the Court, and (i) the time to appeal or petition for *certiorari* has expired and no timely appeal or petition for *certiorari* shall then be pending, or (ii) if a timely appeal or writ of certiorari thereof has been sought, that the Court Order shall have been affirmed by the highest court to which such Court Order was appealed, or certiorari shall have been denied or reargument or rehearing on remand shall have been denied or resulted in no material modification of such Court Order, and the time to take any further appeal, petition for *certiorari*, or move for modification of such Court Order, or move for reargument or rehearing, or move for a new trial or to amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, or any analogous rule under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or other rules governing procedure in cases before the Court shall have expired; provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or other rules governing procedure in cases before the Court, may be filed with respect to such Court Order shall not cause such Court Order not to be Final.

3.      Subject to the Court Order becoming Final, and effective upon the Court Approval Date, the NUMMI Claim shall be treated, in the aggregate, as a single Class 3, Allowed General Unsecured Claim by NUMMI against MLC in the amount of $25,000,000.00 (the "Total Allowed Unsecured Claim") and shall be entitled to treatment as provided in the Plan and Confirmation Order.

4.      Subject to the Court Order becoming Final, and effective upon the Court Approval Date, the Parties agree that the NUMMI Claim shall be superseded and replaced by the Total Allowed Unsecured Claim and the claims register may be so modified without further order of the Court.

5.      Subject to the Court Order becoming Final, and effective upon the Court Approval Date, the NUMMI Rejection Damages Claim shall be deemed withdrawn with prejudice and the claims register may be so modified without further order of the Court.

6.      Subject to the Court Order becoming Final, and effective upon the Court Approval Date, the NUMMI Administrative Claim shall be deemed withdrawn with prejudice and the claims register may be so modified without further order of the Court.

7.      Subject to the Court Order becoming Final, and no later than 10 business days after the Court Approval Date, NUMMI shall file with the Court a notice of voluntary dismissal pursuant to Bankruptcy Rule 7041 dismissing the NUMMI Adversary Proceeding with prejudice.

8.      Subject to the Court Order becoming Final, and effective upon the Court Approval Date, and unless otherwise set forth herein, NUMMI and, in their capacities as such, its agents, directors, officers, consultants, insurers, representatives, administrators, executors, trustees, attorneys, successors and assigns (collectively, the "NUMMI Parties"), shall have no further right to payment from the MLC Parties (defined below), and, except as set forth in this Agreement, the NUMMI Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), complaints, grievances, liabilities, obligations, promises, agreements, damages, causes of action, rights, debts, demands, controversies, costs, losses, and expenses (including attorneys' fees and expenses), including but not limited to claims under any municipal, local, state, or federal law, common or statutory, whether known or unknown, against any of the MLC Parties and their respective heirs, representatives, successors, and assigns, and the NUMMI Parties are hereby barred from asserting any and all such claims, whether known or "Unknown Claims" (defined below), presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Agreement by NUMMI (the "NUMMI Claims").  Nothing herein shall be construed as a release or waiver of any Party's rights or obligations under this Agreement.  For the avoidance of doubt, nothing herein shall be construed as a release or waiver of New GM and/or Toyota.

Subject to the Court Order becoming Final, and effective upon the Court Approval Date, and unless otherwise set forth herein, MLC and, in their capacities as such, its agents, directors, officers, consultants, insurers, representatives, administrators, executors, trustees, attorneys, successors and assigns (collectively, the "MLC Parties"), shall have no further right to payment from the NUMMI Parties, and, except as set forth in this Agreement, the MLC Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), complaints, grievances, liabilities, obligations, promises, agreements, damages, causes of action, rights, debts, demands, controversies, costs, losses, and expenses (including attorneys' fees and expenses), including but not limited to claims under any municipal, local, state, or federal law, common or statutory, whether known or unknown, against any of the NUMMI Parties and their respective heirs, representatives, successors, and assigns, and the MLC Parties are hereby barred from asserting any and all such claims, whether known or

"Unknown Claims" (defined below), presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Agreement by MLC (the "MLC Claims") (the MLC Claims together with the NUMMI Claims, collectively, the "Settled Claims"), except as provided in Paragraph 9 herein.  Nothing herein shall be construed as a release or waiver of any Party's rights or obligations under this Agreement.  For the avoidance of doubt, nothing herein shall be construed as a release or waiver of New GM and/or Toyota.

9.      Notwithstanding anything to the contrary herein (including the release in paragraph 8), MLC shall retain its 50% interest in NUMMI, including, without limitation, its right to a distribution, if any, of assets pursuant to Section 8.2 of that certain Shareholders' Agreement by and among Toyota, MLC, and NUMMI and dated February 21, 1984.

10.     Nothing in this Agreement shall have any affect on the claims, rights or defenses of the Debtors or Toyota with respect to the adversary proceeding captioned *Toyota Motor Corporation v. Motors Liquidation Company*, Adv. Pro. Case No. 10-05015.

11.     The Parties fully understand that the facts upon which the Agreement is based may hereafter be other than or different from facts now believed by either Party to be true, expressly accept and assume the risks of such possible differences in facts, and agree that this Agreement shall remain effective notwithstanding any such differences in facts.  For purposes of this Agreement, "Unknown Claims" means any and all Settled Claims that the Parties do not know or suspect to exist in their favor upon the Effective Date, which if known by them, might have affected their decision with respect to the Agreement.  With respect to any and all Settled Claims, the Parties stipulate and agree that they shall be deemed to have, and by operation of law shall have, waived any and all provisions, rights, and benefits conferred by any law, rules, or regulations of any state or territory of the United States or any other country, or principle of common or civil law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Settled Claims, but the Parties shall expressly have, and by operation of law shall have, fully, finally, and forever settled and released any and all Settled Claims and Unknown Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and the Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

12.     By executing this Agreement, the Parties acknowledge that they (a) are not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Agreement; (b) have made their own investigation of the facts and are relying solely upon their own knowledge and the advice of their own legal counsel; (c) knowingly waive any claim that this Agreement was induced by any misrepresentation or nondisclosure and any right to rescind or avoid this Agreement based upon presently existing facts, known or unknown; and (d) are entering into this Agreement voluntarily, of their own free will, and without any coercion, undue influence, threat, or intimidation of any kind or type whatsoever.  The Parties stipulate that each Party is relying upon these representations and warranties in entering into this Agreement.  The representations and warranties contained in this Paragraph 12 shall survive the execution of this Agreement indefinitely.

13.     By entering into this Agreement, the Parties do not admit, and specifically deny, any violation of any contract, municipal, local, state, or federal law, common or statutory. Neither the execution of this Agreement nor compliance with its terms, nor the consideration provided for herein shall constitute or be construed as an admission by any Party (or any Party's agents, representatives, attorneys, or employers) of any fault, wrongdoing, or liability whatsoever, and the Parties acknowledge that all such liability is expressly denied by the Parties. This Agreement has been entered into in release and compromise of claims as stated herein and to avoid the expense and burden of litigation.

14.     As a condition precedent to any obligations or liabilities of the Parties, the Parties expressly represent and warrant that (a) they are the lawful owners of certain of the claims and the potential claims released in this Agreement and release; (b) they have full capacity and authority to settle, compromise, and release the Settled Claims and potential claims and to enter into this Agreement; (c) no other person or entity has acquired or has been assigned, or will in the future acquire or have any right to assert, against any of the Parties any portion of the Settled Claims or any other potential claims released in this Agreement; and (d) they know of no other person or entity that intends to assert a claim by, through, under, or on behalf of any of the Parties.  The representations and warranties contained in this Paragraph 14 shall survive the execution of this Agreement indefinitely.

15.     This Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.  No Party has relied upon any representation, promise, assurance, covenant, omission or agreement not included in the terms hereof in making the decision to enter into this Agreement.

16.     This Agreement may not be modified other than by signed writing executed by the Parties or by order of the Court.

17.     Each person who executes this Agreement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge of and has consented to this Agreement.

18.     This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall

constitute sufficient proof of this Agreement to present any copy, copies, or facsimiles signed by the Parties hereto.

19.    This Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the State of California, without regard to conflicts of law principles thereof.  The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Agreement.

20.    Each Party understands, agrees, and acknowledges that all of the Parties shall be deemed to be the drafters of this Agreement and any ambiguity in or dispute regarding the interpretation of this Agreement shall not be resolved by any rule of interpretation providing for interpretation against the party that causes the uncertainty to exist or against any party as the drafter.

21.    The Parties hereto shall bear their own respective costs, expenses, and attorney's fees incurred in connection with the Actions, the claims and disputes that are the subject of this Agreement, and in connection with the negotiation, preparation, execution, and performance of this Agreement.  If any action or motion is brought to enforce or construe the terms of this Agreement, the party prevailing in that action shall be entitled to recover from the party not prevailing all of its/their reasonable costs, expenses, and attorneys fees incurred in that action or motion.

22.    This Agreement shall be binding upon the Parties hereto and their respective heirs, representatives, successors, and assigns.

23.    Except for express beneficiaries of this Agreement, no third party to this Agreement shall be entitled to enforce any provision hereof, nor may any third party hereto be entitled to rely upon any representation, warranty, covenant, acknowledgement or any other provision hereof.

24.    The Parties agree that the Court Order shall provide that, notwithstanding entry of the Court Order, the Court shall retain continuing jurisdiction over the Parties to further effectuate its Court Order and the terms of this Agreement.

25.    If notice need be given to the Parties for the purposes of this Agreement, any performance thereunder, or any motions or orders related to the Agreement, under the Federal Rules of Civil Procedure, the Bankruptcy Rules, or otherwise, notice shall be transmitted as follows:

If to NUMMI, delivered or faxed to:

Richard M. Cieri
Ray C. Schrock
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4611
Fax: (212) 446-4900

Mark E. McKane
Kirkland & Ellis LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Fax: (415) 439-1500

If to the GUC Trust, delivered or faxed to:

Wilmington Trust Company
Attn: Corporate Trust Administration
Rodney Square North
1100 North Market Street
Wilmington, Delaware  19890-1615
Fax: (302) 636-4140

With a copy to:

Matthew Williams
Keith Martorana
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY  10166-0193
Fax: (212) 351-4035

If to MLC, delivered or faxed to:

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinksy
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York New York 10153
Fax: (212) 310-8007

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS AGREEMENT.**

Dated: June 15,  2011                NEW UNITED MOTOR MANUFACTURING, INC.


                                     By: /s/ John Didonato
                                     Name: John Didonato
                                     Title: President


Dated: _____ __, 2011              MOTORS LIQUIDATION COMPANY GUC TRUST, by
                                     WILMINGTON TRUST COMPANY, solely in its capacity as
                                     the GUC Trust Administrator


                                     By: _____
                                     Name:
                                     Title:


Dated: _____ __, 2011              MOTORS LIQUIDATION COMPANY, LLC


                                     By: _____
                                     Name:
                                     Title:

Dated: _____ \_\_, 2011          NEW UNITED MOTOR MANUFACTURING, INC.


By: _____ _____
Name:
Title:


Dated: _____ \_\_, 2011          MOTORS LIQUIDATION COMPANY GUC TRUST, by
WILMINGTON TRUST COMPANY, solely in its capacity as
the GUC Trust Administrator

By: _____
Name:          Robert J. Perkins
Title:              Vice President


Dated: _____ \_\_, 2011          MOTORS LIQUIDATION COMPANY, LLC


By: _____ _____
Name:
Title:

Dated: _____ __, 2011          NEW UNITED MOTOR MANUFACTURING, INC.


By: _____
Name:
Title:


Dated: _____ __, 2011          MOTORS LIQUIDATION COMPANY GUC TRUST, by
WILMINGTON TRUST COMPANY, solely in its capacity as
the GUC Trust Administrator


By: _____
Name:
Title:


Dated: _____ __, 2011          MOTORS LIQUIDATION COMPANY, LLC

By: _Ted Stenger_____
Name: TED STENGER
Title: EVP

## EXHIBIT "A"

**Proposed Court Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :        **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.**, *et al.*            :
                                                            :        **(Jointly Administered)**
                        **Debtors.**                        :
                                                            :
------------------------------------------------------------x
                                                            :
**NEW UNITED MOTOR**                                        :
**MANUFACTURING, INC.**,                                    :
                                                            :
        **Plaintiff**                                       :        **Adversary Proceeding**
                                                            :
        **v.**                                              :        **Case No. 10-05016 (REG)**
                                                            :
**MOTORS LIQUIDATION COMPANY**,                             :
                                                            :
        **Defendant.**                                      :
------------------------------------------------------------x

# ORDER APPROVING
## AGREEMENT RESOLVING, AMONG OTHER THINGS, PROOFS OF CLAIM NOS. 67357, 70191 AND 70842 AND ADVERSARY PROCEEDING NO. 10-05016

Upon consideration of the motion (the "**Motion**")[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as post-

effective date debtors (collectively, the "**Debtors**") and the Motors Liquidation Company GUC

Trust (the "**GUC Trust**") for entry of an order approving that certain agreement, dated June 15,

2011, by and among New United Motor Manufacturing, Inc. ("**NUMMI**"), the GUC Trust, and

MLC (collectively, the "**Parties**"), a copy of which is attached hereto as **Exhibit "1"** (the

"**Settlement Agreement**"); and the Debtors having authority to compromise, settle, or otherwise

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

resolve disputed claims without approval of the Bankruptcy Court pursuant to the Plan; and the

Court having considered the Settlement Agreement; and the Court having jurisdiction over this

matter; and due notice of the Settlement Agreement having been provided, and no other or

further notice being necessary; and the Court having determined that the Settlement Agreement

establishes just cause for the relief granted herein; and it further appearing that the terms agreed

to in the Settlement Agreement are fair and reasonable; and after due deliberation and due and

sufficient cause appearing therefor, it is

       ORDERED that the relief requested in the Motion is granted to the extent

provided herein; and it is further

       ORDERED that the terms of the Settlement Agreement are approved in their

entirety and are deemed incorporated herein as if set forth in full herein; and it is further

       ORDERED that the Court will retain jurisdiction to consider any disputes or other

issues that may arise relating to this Order and the Settlement Agreement.

Dated: New York, New York
      _____, 2011

                                _____
                                United States Bankruptcy Judge