PREET BHARARA
United States Attorney for the
Southern District of New York
DAVID S. JONES
NATALIE N. KUEHLER
JAIMIE L. NAWADAY
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2739
Facsimile:  (212) 637-2730
Email: david.jones6@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
                                            :
In re:                                      :       Chapter 11
                                            :
MOTORS LIQUIDATION COMPANY, *et al.,*       :       Case No. 09-50026 (REG)
    f/k/a/ GENERAL MOTORS CORP., *et*       :
    *al.*,                                  :       Jointly Administered
                                            :
            Debtors.                        :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>**NOTICE OF LODGING OF PROPOSED**</u>
<u>**CONSENT DECREE AND SETTLEMENT AGREEMENT**</u>
<u>**REGARDING NATURAL RESOURCE DAMAGE CLAIMS**</u>

The United States of America hereby lodges with the Court a proposed Consent Decree

and Settlement Agreement Regarding Natural Resource Damage Claims Between the Debtors, the

United States of America, the State of Indiana, the State of New York, and the St. Regis Mohawk

Tribe (the "NRD Settlement Agreement").   A copy of the NRD Settlement Agreement is attached

hereto as Exhibit A, and has been executed by all parties.

The United States requests that the Court not approve the proposed Settlement Agreement

at this time.   Notice of the lodging of the proposed Settlement Agreement will be published in the

*Federal Register*, following which the United States Department of Justice will accept public

comments on the proposed Settlement Agreement for a 30-day period.   After the conclusion of

the public comment period, the United States will file with the Court any comments received, as

well as responses to the comments, and at that time, if appropriate, will request that the Court

approve the proposed Settlement Agreement.

Dated:        New York, New York
              March 31, 2011

                            PREET BHARARA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the United States of America


                    By:        */s/David S. Jones*
                            DAVID S. JONES
                            NATALIE N. KUEHLER
                            JAIMIE L. NAWADAY
                            Assistant United States Attorneys
                            86 Chambers Street, 3rd Floor
                            New York, New York 10007
                            Telephone:   (212) 637-2739
                            Facsimile:   (212) 637-2730
                            Email: david.jones6@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY *et al.*, | Case No. 09-50026 (REG) |
| f/k/a GENERAL MOTORS CORP. *et al.*, | (Jointly Administered) |
| Debtors. |  |

## CONSENT DECREE AND SETTLEMENT AGREEMENT REGARDING NATURAL RESOURCE DAMAGE CLAIMS BETWEEN THE DEBTORS, THE UNITED STATES OF AMERICA, THE STATE OF INDIANA, THE STATE OF NEW YORK, AND THE ST. REGIS MOHAWK TRIBE

## I. BACKGROUND

WHEREAS, on June 1, 2009, four of the Debtors, including Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, REALM and ENCORE, commenced voluntary cases under chapter 11 of the Bankruptcy Code;

WHEREAS, the chapter 11 cases filed by the Initial Debtors, REALM and ENCORE have been consolidated for procedural purposes and are being administered jointly as Case No. 09-50026 (REG);

WHEREAS on October 6, 2009, the Court entered that certain Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b)

Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish

Procedures for Settling Certain Claims (the "**Settlement Procedures Order**");

WHEREAS, the United States of America (the "**United States**"), by its attorney, Preet

Bharara, United States Attorney for the Southern District of New York, on behalf of the United

States Department of the Interior ("**DOI**"), and the United States Department of Commerce,

acting through the National Oceanic and Atmospheric Administration ("**NOAA**"), have

alleged that MLC and/or affiliated Debtors are potentially responsible or liable parties

with respect to the sites identified in Paragraphs 4-8 below (the "**Settled NRD Sites**");

WHEREAS, the United States on behalf of DOI and NOAA, the States of Indiana

and New York (collectively, the "**States**"), and the St. Regis Mohawk Tribe (the

"**Tribe**") have alleged that Debtors are liable under the Comprehensive Environmental

Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. §§ 9601-9675, and

analogous state laws, for damages for injury to, destruction of, or loss of natural resources

as defined in 42 U.S.C. § 9601(16) ("**NRD**") and costs of natural resource damage

assessment and restoration actions that DOI, NOAA, the States and/or the Tribe have

incurred or will incur at or in connection with the Settled NRD Sites;

WHEREAS on October 6, 2009, the Court entered that certain Order pursuant to

Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b)

Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish

Procedures for Settling Certain Claims (the "**Settlement Procedures Order**");

WHEREAS pursuant to the Settlement Procedures Order, the Debtors are

authorized, with certain exceptions, to settle any and all claims asserted against the

Debtors without prior approval of the Court or other party in interest whenever (i) the

2

aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "*De Minimis* **Settlement Amount**");

WHEREAS pursuant to the Settlement Procedures Order, if the Settlement Amount is not a *De Minimis* Settlement Amount, but is less than or equal to $50 million, the Debtors must submit the proposed settlement to the official committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors' Committee**"). If applicable, within five business days of receiving the proposed settlement, the Creditors' Committee may object or request an extension of time within which to object. If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised notification to the Creditors' Committee or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than ten days' notice. If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (either of such events hereafter defined as "**Committee Consent**"), then the Debtors may proceed with the settlement;

WHEREAS, Debtors have provided notice of this settlement to the Creditors' Committee in accordance with the Settlement Procedures Order;

WHEREAS, the State of Indiana timely filed proof of claim numbered 59181 (the "**Indiana NRD Claim**") seeking, *inter alia*, NRD damages and assessment costs with

respect to the General Motors Bedford Site located in Lawrence County, Indiana (the "**Bedford Site**");

WHEREAS, the State of New York timely filed proof of claim number 50636 (the "**New York NRD Claim**") seeking NRD damages and assessment costs with respect to the Central Foundry Division a/k/a Massena Superfund Site located in St. Lawrence County, New York (the "**Massena Site**");

WHEREAS, the St. Regis Mohawk Tribe timely filed proof of claim numbered 59087 (the "**Tribe NRD Claim**") seeking NRD damages and assessment costs with respect to the Massena Site;

WHEREAS, on November 28, 2009, the United States timely filed proof of claim No. 64064 against MLC asserting, *inter alia*, that Debtors are liable to the United States, DOI and NOAA for certain NRD damages and assessment costs with respect to (i) the Kin-Buc Landfill Superfund Site located in Middlesex County, New Jersey (the "**Kin-Buc Site**"); (ii) the National Lead Industries Superfund Site located in Salem County, New Jersey (the "**National Lead Site**"), (iii) the Diamond Alkali Superfund Site located in and around Essex, Hudson, Bergen, and Passaic Counties, New Jersey (the "**Diamond Alkali Site**"), (iv) the Onondaga Lake Superfund Site in New York (the "**Onondaga Site**"), (v) the Bedford Site, and (vi) the Massena Site (the "**US NRD Claim**" and together with the Indiana NRD Claim, the New York NRD Claim and the Tribe NRD Claim, the "**NRD Claims**").

WHEREAS, the United States, States, and Tribe allege in the NRD Claims that Debtors are liable for damages for injury to, destruction of, or loss of natural resources as defined in 42 U.S.C. § 101(16) and natural resource damages assessment costs and restoration actions;

4

WHEREAS, the Debtors on the one hand and the United States, the States and the Tribe on the other hand (collectively, the "**Parties**") have differences of opinion with respect to the NRD Claims regarding the Settled NRD Sites and wish to resolve certain differences as provided herein;

WHEREAS, the treatment of liabilities provided for herein represents a compromise of the positions of the Parties and is entered into solely for purposes of this settlement;

WHEREAS, this Settlement Agreement is in the public interest and is an appropriate means of resolving these matters;

NOW, THEREFORE, without the admission of liability or the adjudication of any issue of fact or law, and upon the consent and agreement of the parties to this Settlement Agreement by their attorneys and authorized officials, it is hereby agreed as follows:

## II. DEFINITIONS

1.      Unless otherwise expressly provided herein, terms used in this Settlement Agreement that are defined in CERCLA or its regulations or in the Bankruptcy Code shall have the meaning assigned to them in CERCLA, its regulations, or the Bankruptcy Code.  Whenever terms listed below are used in this Settlement Agreement, the following definitions shall apply:

    a.    "**Allowed General Unsecured Claim**" has the meaning set forth in the Plan of Liquidation.

    b.    "**Bankruptcy Code**" has the meaning set forth in the recitals.

    c.    "**Bankruptcy Court**" or the "**Court**" has the meaning set forth in the recitals.

    d.    "**CERCLA**" has the meaning set forth in the recitals.

    e.    "**Claim**" has the meaning provided in Section 101(5) of the Bankruptcy Code.

f.    "**District Court**" means the United States District Court for the Southern District of New York.

g.    "**DOI**" has the meaning set forth in the recitals.

h.    "**Effective Date**" means the date an order is entered by the Bankruptcy Court approving this Settlement Agreement.

i.    "**US NRD Claim**" has the meaning set forth in the recitals.

j.    "**GUC Trust**" has the meaning set forth in the Plan.

k.    "**Indiana NRD Claim**" has the meaning set forth in the recitals.

l.    "**MLC**" has the meaning set forth in the recitals.

m.    "**New York NRD Claim**" has the meaning set forth in the recitals.

n.    "**NOAA**" has the meaning set forth in the recitals.

o.    "**Parties**" has the meaning set forth in the recitals.

p.    "**Petition Date**" means June 1, 2009, in the case of all Debtors other than REALM and ENCORE, and October 9, 2009, in the case of REALM and ENCORE.

q.    "**Plan of Liquidation**" or "**Plan**" means the Second Amended Joint Chapter 11 Plan of Debtors, dated March 18, 2011 (as revised, amended, and supplemented from time to time).

r.    "**Settlement Agreement**" means this Consent Decree and Settlement Agreement Regarding Natural Resource Damage Claims Between the Debtors the United States of America, the State of Indiana, the State of New York, and the St. Regis Mohawk Tribe.

s.    "**Settled NRD Sites**" has the meaning set forth in the recitals.

6

t.    "**Tribe NRD Claim**" has the meaning set forth in the recitals.

u.    "**United States**" means the United States of America and all of its agencies,

departments, and instrumentalities, including DOI and NOAA.

### III.    JURISDICTION

2.    The Bankruptcy Court has jurisdiction over the subject matter hereof pursuant to

28 U.S.C. §§ 157, 1331, and 1334, and 42 U.S.C. §§ 9607 and 9613(b).

### IV.  PARTIES BOUND; SUCCESSION AND ASSIGNMENT

3.    This Settlement Agreement applies to, is binding upon, and shall inure to the

benefit of the United States, DOI, NOAA, the States, the Tribe, the Debtors, the Debtors' legal

successors and assigns, and any trustee, examiner, or receiver appointed in the Bankruptcy

Cases.

### V. ALLOWED CLAIMS

4.    In settlement and satisfaction of the US NRD Claim with respect to the Kin-Buc

Site, the United States, on behalf of NOAA, shall have an Allowed General Unsecured Claim in

the amount of $26,318, for past assessment costs only, classified in Class 3 under the Plan of

Liquidation.

5.    In settlement and satisfaction of the US NRD Claim with respect to the National

Lead Site, the United States, on behalf of NOAA, shall have an Allowed General Unsecured

Claim in the amount of $374 for past assessment costs only, classified in Class 3 under the Plan

of Liquidation.

6.    In settlement and satisfaction of the US NRD Claim with respect to the Diamond

Alkali Site, the United States, on behalf of DOI, shall have an Allowed General Unsecured

Claim in the amount of $44,721, for past assessment costs only, classified in Class 3 under the Plan of Liquidation.

7.        (a) In settlement and full satisfaction of the New York NRD Claim and the Tribe NRD Claim, and in settlement and satisfaction of the US NRD Claim with respect to the Massena Site, the United States on behalf of DOI  and NOAA, New York and the St. Regis Mohawk Tribe (collectively, "**the Joint Massena Trustees**") shall have a total Allowed General Unsecured Claim in the amount of $9,500,000.00, classified in Class 3 under the Plan of Liquidation (the "**Massena NRD Allowed Claim**"), which includes (i) restoration costs at the Massena Site sought by the Joint Massena Trustees; (ii) DOI's past assessment costs incurred at the Massena Site; (iii) NOAA's past assessment costs incurred at the Massena Site; (iv) New York's past assessment costs incurred at the Massena Site; (v) the St. Regis Mohawk Tribe's past assessment costs incurred at the Massena Site; and (vi) cultural damages incurred by the St. Regis Mohawk Tribe and New York attributable to the Massena Site.  If, after reviewing any public comments regarding this Settlement Agreement, the United States determines that the Settlement is appropriate, adequate and proper, the United States' motion seeking the Bankruptcy Court's approval of the Settlement under applicable environmental laws will provide instructions for purposes of distribution as to the exact amounts of past assessment costs, if any, incurred by each of the Joint Massena Trustees.  Before filing its Motion, the United States will obtain the concurrence of the State of New York and the St. Regis Mohawk Tribe as applicable. Distributions on account of the Massena NRD Allowed Claim shall be made pursuant to the instructions set forth in Paragraphs 15 through 18.  Any cash payments and all proceeds from the sale of non-cash consideration for restoration costs or cultural damages shall be deposited into DOI NRDAR, Account No. 14X5198 (the "**Massena**

**Restoration Account**"), to be jointly managed by the Joint Massena NRD Trustees.  A separate, Site-specific numbered account for the Massena Site has been or will be established within the DOI NRDAR Fund.  The funds received shall be assigned to the Massena Restoration Account to allow the funds to be maintained as a segregated account within the DOI NRDAR Fund.  The Joint Massena Trustees shall use the funds in the Massena Restoration Account, including all interest earned on such funds, for restoration activities at or in connection with the Massena Site as directed by the Joint Massena Trustees.

(b)  For purposes of the Debtors' claims register only, the Massena NRD Allowed Claim may be reflected as $3,166,666.66 for the United States on behalf of DOI and NOAA, $3,166,666.67 for New York State, and $3,166,666.67 for the Tribe, provided, however, that all distributions on the Massena NRD Allowed Claim shall be paid in accordance with Paragraph 7(a) and Paragraphs 15 through 18.  The United States may in its motion to approve the settlement, with the concurrence of New York State and the Tribe, revise the allocation of the Allowed Massena NRD Claim as among New York State, the Tribe, and the United States.

8.      In settlement and satisfaction of the Indiana NRD Claim, except to the extent that the Indiana NRD Claim seeks past assessment costs incurred at the Bedford Site, and the US NRD Claim with respect to the Bedford Site, the United States on behalf of DOI shall have a total Allowed General Unsecured Claim in the amount of $2,000,000, classified in Class 3 under the Plan of Liquidation (the "**Bedford NRD Allowed Claim**"), which includes (i) restoration costs sought by the United States and the State of Indiana (the "**Joint Bedford Trustees**") at the Bedford Site; and (ii) DOI's past assessment costs incurred at the Bedford Site.  The Debtors' claims agent shall be authorized and empowered to adjust the

9

claims register to indicate that the Indiana NRD Claim has been satisfied to the extent that such claim seeks restoration costs related to NRD at the Bedford Site.   The Indiana NRD Claim, to the extent it seeks past assessment costs incurred at the Bedford Site, shall not be affected by this Settlement Agreement.   All distributions to the United States shall be made pursuant to the instructions set forth in Paragraphs 15 through 18.   Any cash payments and all proceeds from the sale of non-cash consideration transferred to the United States for restoration shall subsequently be deposited into DOI NRDAR, Account No. 14X5198, to be jointly managed by the Joint Bedford Trustees.   A separate, Site-specific numbered account for the Site (the "**Bedford Restoration Account**") has been or will be established within the DOI NRDAR Fund.   The funds received shall be assigned to the Bedford Restoration Account to allow the funds to be maintained as a segregated account within the DOI NRDAR Fund.   The Joint Bedford Trustees shall use the funds in the Bedford Restoration Account, including all interest earned on such funds, for restoration activities at or in connection with the GM Bedford Site as directed by the Joint Bedford Trustees.

9.      The United States is authorized, within thirty days after the Effective Date, to file a new proof of claim in the Debtors' chapter 11 cases representing the amounts it contends are owed to it for NRD at the Onondaga Site (the "**New US NRD Claim**").   The New US NRD Claim may not be objected to on the grounds of timeliness.   The Debtors reserve all rights to object to the New US NRD Claim on any grounds other than timeliness.

10.      Nothing contained herein shall reduce the ability of the GUC Trust to enforce as to all claimants, other than the United States, Section 7.2 of the Plan.

10

11.     Notwithstanding the allowance of the US NRD Claim for the Settled NRD Sites as a Class 3 Unsecured Claim, nothing in this Consent Decree and Settlement Agreement shall prejudice the rights of the United States to assert any additional right of offset that is or becomes available to the United States pursuant to Section 5.7 of Debtors' Plan of Liquidation.

12.     The US NRD Claim for the Settled NRD Sites shall be treated as provided under Section 4.3 of the Plan of Liquidation and shall not be subordinated to any other allowed Class 3 Unsecured Claim pursuant to any provision of the Bankruptcy Code or other applicable law that authorizes or provides for subordination of allowed claims, including, without limitation, Sections 105, 510, and 726(a)(4) of the Bankruptcy Code.

13.     Only the cash and/or proceeds from the sale of the distribution received by the United States (and net cash received by each such entity upon sale of any non-cash distributions) pursuant to this Settlement Agreement for any Allowed General Unsecured Claim, and not the total amount of any Allowed General Unsecured Claim, shall be credited by each such entity to its account for the Settled NRD Site for which it received an Allowed General Unsecured Claim, and shall reduce the liability of any non-settling potentially responsible parties for that particular site by the amount of the credit.

14.     The GUC Trust shall reduce the distribution reserve amount to be used by the GUC Trust pursuant to Article VII of the Plan for the remaining unresolved general unsecured claims against Debtors asserted in the United States timely filed proof of claim No. 64064 to $[238,000,000.00.

## VII. **PAYMENT INSTRUCTIONS**

15.     Cash distributions to the United States pursuant to this Settlement Agreement shall be made at https://www.pay.gov to the U.S. Department of Justice account in accordance with

instructions provided to the Debtors by the Financial Litigation Unit of the United States

Attorney's Office for the Southern District of New York and shall reference Bankruptcy Case

Number 09-50026 and DOJ File Number 90-11-3-09754.

16.     Non-cash distributions to the Joint Massena Trustees, the Joint Bedford Trustees,

and the United States on behalf of DOI in connection with the Massena, Bedford and Diamond

Alkali Sites shall be made to:

> Merrill Lynch:
> For Federal Book Entry Securities:
> ABA#021000018
> BK of NYC/MLGOV
> Further Credit to the US Department of the Interior
> Account Number: 78L-09001

17.     All non-cash distributions to the United States on behalf of NOAA in connection

with the Massena, Kin-Buc and National Lead Sites shall be made to:

> Merrill Lynch:
> DTC#: 5198 Merrill Lynch
> Account Name: U.S. Department of the Treasury
> Further Credit to the US National Oceanic and Atmospheric Administration
> Account#: 78L-09000

18.     The Debtors shall transmit written confirmation of such cash and non-cash

distributions to the United States at the addresses specified below:

> As to the United States:
>
> BRUCE S. GELBER
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Ben Franklin Station
> Washington, DC  20044
> Ref. DOJ File No. 90-11-3-1-09754

DAVID S. JONES
NATALIE N. KUEHLER
Assistant United States Attorney
Office of the United States Attorney
    for the Southern District of New York
86 Chambers Street, Third Floor
New York, NY  10007

FUND MANAGER
Natural Resource Damage Assessment and Restoration Fund
Department of the Interior Office of Natural Resource Restoration
1849 C Street, NW
Mailstop 3548
Washington, DC 20240

LAURIE J. LEE
Office of General Counsel Natural Resources
National Oceanic and Atmospheric Administration
501 West Ocean Blvd., Suite 4470
Long Beach, CA  90802


As to Indiana:

BETH ADMIRE
Indiana Department of Environmental Management
100 N. Senate Ave., Room 1307
MC 60-01
Indianapolis, IN  46204


As to New York:

 Maureen F. Leary
Assistant Attorney General
Environmental Protection Bureau
NYS Office of the Attorney General
The Capitol
Albany, NY 12224-0341

Nathaniel H. Barber
Office of General Counsel
New York State Dep't of Environmental Conservation
625 Broadway
Albany, NY  12233-6500

<u>As to the St. Regis Mohawk Tribe</u>:

John Privitera
McNamee, Lochner, Titus & Williams, P.C.
677 Broadway
Albany, NY  12207

Danielle Lazore-Thompson, Esq.
St. Regis Mohawk Tribe
412 State Route 37
Akwesasne, New York 13655

## VIII.  <u>COVENANTS NOT TO SUE</u>

19.     In consideration of the payments and/or distributions that will be made under the

terms of this Settlement Agreement, and except as specifically provided in Paragraph 28, (i) the

United States on behalf of DOI covenants not to file a civil action or to take any administrative

or other civil action against the Debtors pursuant to Section 107 of CERCLA, 42 U.S.C. §9607,

with respect to NRD at the Diamond Alkali Site, the Massena Site and the Bedford Site,

including assessment and restoration costs and including NRD caused by or arising from

releases of hazardous substances from any portion of such sites and all areas affected by

migration of such substances from such sites, (ii) the United States on behalf of NOAA

covenants not to file a civil action or to take any administrative or other civil action against the

Debtors pursuant to Section 107 of CERCLA, 42 U.S.C. §9607, with respect to NRD at the

Massena Site, the Kin-Buc Site, and the National Lead Site, including assessment and

restoration costs and including NRD caused by or arising from releases of hazardous

substances from any portion of such sites and all areas affected by migration of such

substances from such sites, and (iii) neither DOI nor NOAA shall file any additional

claims as to any of the Settled NRD Sites. This covenant is solely with respect to natural

14

resource damage claims, and shall have no effect on any claims or causes of action asserted now

or in the future by or on behalf of the Environmental Protection Agency ("**EPA**").

20.    In consideration of the payments and/or distributions that will be made under the

terms of this Settlement Agreement, and except as specifically provided in Paragraph 8 and 28,

the State of Indiana covenants not to file a civil action or to take any administrative or

other civil action against the Debtors pursuant to Section 107 of CERCLA, 42 U.S.C. §

9607, with respect to NRD at the Bedford Site, including assessment and restoration costs

and including NRD caused by or arising from releases of hazardous substances from any

portion of the Bedford Site and all areas affected by migration of such substances from

the Bedford Site.  As per Paragraph 8, Indiana reserves and may continue to assert its

claim as to past assessment costs at the Bedford Site.

21.    In consideration of the payments and/or distributions that will be made under the

terms of this Settlement Agreement, and except as specifically provided in Paragraph 28, the

State of New York covenants not to file a civil action or to take any administrative or

other civil action against the Debtors pursuant to Section 107 of CERCLA, 42 U.S.C. §

9607, with respect to NRD or cultural resource damages at the Massena Site, including

assessment and restoration costs and including NRD caused by or arising from releases of

hazardous substances from any portion of the Massena Site and all areas affected by

migration of such substances from the Massena Site.

22.    In consideration of the distributions that will be made under the terms of this

Settlement Agreement, and except as specifically provided in Paragraph 28, the St. Regis

Mohawk Tribe covenants not to file a civil action or to take any administrative or other

civil action against the Debtors pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607,

15

with respect to NRD or cultural resource damages at the Massena Site, including assessment and restoration costs and including NRD caused by or arising from releases of hazardous substances from any portion of the Massena Site and all areas affected by migration of such substances from the Massena Site.

23.    These covenants not to sue (and any reservations thereto) shall also apply to Debtors' successors, assigns, officers, directors, employees, and trustees, but only to the extent that the alleged liability of the successor or assign, officer, director, employee, or trustee of Debtors is based solely on its status as and in its capacity as a successor or assign, officer, director, employee, or trustee of Debtors.  The covenants not to sue (and any reservations thereto) shall also apply to the Environmental Response Trust referenced in Debtors' confirmed Plan of Liquidation.  For purposes of this Paragraph, General Motors Company, a/k/a New GM, shall not be considered a successor or assign of Debtors.

24.    The covenants not to sue set forth in this Settlement Agreement shall extend only to Debtors and the persons described in Paragraph 23 above and do not extend to any other person. Nothing in this Settlement Agreement is intended as a covenant not to sue or a release from liability for any person or entity other than the Debtors and the persons or entities described in Paragraph 23 above.  The United States, the States, the Tribe and the Debtors expressly reserve all claims, demands, and causes of action, either judicial or administrative, past, present, or future, in law or equity, which they may have against all other persons, firms, corporations, entities, or predecessors of the Debtors for any matter arising at or relating in any manner to the Settled NRD Sites.

25.    The covenants not to sue set forth in Paragraphs 19 through 24 do not pertain to any matters other than those expressly specified therein.

16

## IX.  RESERVATION OF RIGHTS

26.       The United States, the States, and the Tribe expressly reserve, and this Settlement

Agreement is without prejudice to, all rights against the Debtors with respect to all matters other

than those set forth in Paragraphs 4 through 8.  The United States, the States and the Tribe also

specifically reserve, and this Settlement Agreement is without prejudice to, any action based on

(i) a failure to meet a requirement of this Settlement Agreement; (ii) criminal liability; and (iii)

liability with respect to any site other than the Settled NRD Sites.  In addition, the United States,

the States and the Tribe reserve, and this Settlement Agreement is without prejudice to, all rights

against the Debtors with respect to the Settled NRD Sites for liability under federal or state law

for acts by the Debtors, their successors, or assigns that occur after the date of lodging of this

Settlement Agreement.  Future acts creating liability under CERCLA or state law do not

include continuing releases from the Settled NRD Sites related to the Debtors' conduct

prior to the Effective Date. Nothing in this Settlement Agreement shall be deemed to limit the

authority of the United States, the States or the Tribe to take response action under Section 104

of CERCLA, 42 U.S.C. § 9604, or any other applicable law or regulation, or to alter the

applicable legal principles governing judicial review of any action taken by the United States

pursuant to such authority.  Nothing in this Settlement Agreement shall be deemed to limit the

information-gathering authority of the United States under Sections 104 and 122 of CERCLA,

42 U.S.C. §§ 9604 and 9622, or any other applicable law or regulation, or to excuse the Debtors

from any disclosure or notification requirements imposed by CERCLA or any other applicable

federal or state law or regulation.

27.       The Debtors hereby covenant not to sue and agree not to assert or pursue any

claims or causes of action against the States, the  Tribe, and the United States, including any

17

department, agency, or instrumentality of the United States, with respect to the Settled NRD

Sites, including, but not limited to:  (i) any direct or indirect claim for reimbursement from the

Hazardous Substances Superfund established pursuant to 26 U.S.C. § 9507; (ii) any claim

against the United States, the States or the Tribe under Sections 107 or 113 of CERCLA, 42

U.S.C. §§ 9607 or 9613*; or (iii) any claims arising out of response or restoration activities at the

Settled NRD Sites.  Nothing in this Settlement Agreement shall be deemed to constitute

preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611,

or 40 C.F.R. § 300.700(d).

## X.  CONTRIBUTION PROTECTION

28.    The Parties agree, and by entering this Settlement Agreement the Court finds, that

this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of

CERCLA, 42 U.S.C. § 9613(f)(2), and that the Debtors are entitled, as of the Effective Date, to

protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA,

42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this

Settlement Agreement.  Subject to the last sentence of this Paragraph, the "matters addressed" in

this Settlement Agreement, as that phrase is used in Section 113(f)(2) of CERCLA, 42 U.S.C.

§ 9613(f)(2) and subject to the covenants not to sue and releases and reservations of rights

set forth in Sections VIII and IX herein, include, without limitation, claims by the United

States on behalf of DOI and NOAA, the States, the Tribe, or potentially responsible parties for

natural resource damages, including assessment costs at or in connection with natural resource

damages at the Settled NRD Sites for which covenants not to sue were provided, including

natural resource damages resulting from releases of hazardous substances from any portion of

the Settled NRD Sites and all areas affected by migration of hazardous substances emanating

from the Settled NRD Sites. The "matters addressed" in this Settlement Agreement do not include claims against any of the Debtors asserted on behalf of EPA, the States or the Tribe for past response costs incurred by potentially responsible parties prior to the Petition Date and included in proofs of claim filed in any of the Bankruptcy Cases by potentially responsible parties with respect to the Settled NRD Sites. Matters addressed in this Settlement Agreement also include NRD claims asserted by the States and the Tribe, including restoration and assessment costs relating to or in connection with the NRD Settled Sites. Matters addressed in this Settlement Agreement do not include any matters that are the subject of the reservations of rights set forth in Section IX herein.

29. The Debtors each agree that, with respect to any suit for contribution brought against any of them after the Effective Date for matters related to this Settlement Agreement, they will notify the United States within fifteen business days of service of the complaint upon them. In addition, in connection with such suit, the Debtors shall notify the United States within fifteen business days of service or receipt of any Motion for Summary Judgment and within fifteen business days of receipt of any order from a court setting a case for trial (provided, however, that the failure to notify the United States pursuant to this Paragraph shall not in any way affect the protections afforded under Section IX of this Settlement Agreement.

## XI. **PUBLIC COMMENT**

30. This Settlement Agreement shall be lodged with the Bankruptcy Court and shall thereafter be subject to a period of public comment following publication of notice of the Settlement Agreement in the *Federal Register*. After the conclusion of the public comment period, the United States will file with the Bankruptcy Court any comments received, as well as the United States' responses to the comments, and at that time, if appropriate, the United States

19

will request approval of the Settlement Agreement.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Settlement Agreement disclose facts or considerations which indicate that the Settlement Agreement is inappropriate, improper, or inadequate.

31.     If for any reason (i) the Settlement Agreement is withdrawn by the United States as provided in Paragraph 29, or (ii) the Settlement Agreement is not approved by the Bankruptcy Court:  (a) this Settlement Agreement shall be null and void and the parties hereto shall not be bound under the Settlement Agreement or under any documents executed in connection herewith; (b) the parties shall have no liability to one another arising out of or in connection with this Settlement Agreement or under any documents executed in connection herewith; and (c) this Settlement Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value.

## XII.  **JUDICIAL APPROVAL**

32.     This Settlement Agreement shall be subject to approval of the Bankruptcy Court.

## XIII.  **NOTICES**

33.     Whenever, under the terms of this Settlement Agreement, written notice is required to be given, or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below via U.S. mail, unless those individuals or their successors give notice of a change of address to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided.  Except as otherwise provided in this Settlement Agreement, written notice as specified herein shall constitute complete satisfaction of any written notice requirement in the Settlement Agreement with respect to the United States and the Debtors, respectively.

<u>As to the United States</u>:

Bruce S. Gelber
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
Ref. DOJ File No. 90-11-3-09736

Natalie N. Kuehler
Assistant United States Attorney
Office of the United States Attorney
    for the Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007

Amy L. Horner
Office of the Solicitor-Environmental Restoration Branch
U.S. Department of the Interior
1849 C St NW
MS 5325
Washington, DC  20240

Laurie J. Lee
Office of General Counsel Natural Resources
National Oceanic and Atmospheric Administration
501 West Ocean Blvd., Suite 4470
Long Beach, CA  90802

<u>As to Indiana</u>:

Beth Admire
Indiana Department of Environmental Management
100 N. Senate Ave., Room 1307
MC 60-01
Indianapolis, IN  46204

<u>As to New York</u>:

Maureen F. Leary
Assistant Attorney General
Environmental Protection Bureau

NYS Office of the Attorney General
The Capitol
Albany, NY 12224-0341

Nathaniel H. Barber
Office of General Counsel
New York State Dep't of Environmental Conservation
625 Broadway
Albany, NY  12233-6500


As to the St. Regis Mohawk Tribe:

John J. Privitera
McNamee, Lochner, Titus & Williams, P.C.
677 Broadway
Albany, NY  12207

Danielle Lazore-Thompson, Esq.
St. Regis Mohawk Tribe
412 State Route 37
Akwesasne, New York 13655


As to the Debtors:

TED STENGER
Executive Vice President
Motors Liquidation Company, as agent for
    the foregoing entity,
500 Renaissance Center, Suite 1400
Detroit, MI  48243

DAVID R. BERZ
Weil, Gotshal & Manges LLP
Attorneys for Debtors and Debtors in Possession
1300 Eye Street, NW, Suite 900
Washington, D.C.  20005

.

## XIV.  INTEGRATION, AMENDMENTS, AND EXECUTION

34.     This Settlement Agreement constitutes the sole and complete agreement of the parties hereto with respect to the matters addressed herein.  This Settlement Agreement may not be amended except by a writing signed by all parties to this Settlement Agreement.

35.     This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

36.     Each undersigned representative of a Party certifies that he or she is fully authorized to execute this Settlement Agreement on behalf of such a Party and bind it legally to the terms and provisions herein.

## XV.  RETENTION OF JURISDICTION

37.     The Bankruptcy Court shall retain jurisdiction over the subject matter of this Settlement Agreement and the parties hereto for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement or to effectuate or enforce compliance with its terms.

## XVI.  EFFECTIVE DATE

38.     This Settlement Agreement shall be effective upon approval by the Court in accordance with Paragraph 32 above.

**THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT:**

**FOR THE UNITED STATES:**

PREET BHARARA
United States Attorney for the
Southern District of New York


Robert G. Dreher
Acting Assistant Attorney General
Environment and Natural Resources
    Division
U.S. Department of Justice

David S. Jones
Natalie N. Kuehler
Jaimie L. Nawaday
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007


Date: 3/30/11

Date: 3/30/11


Alan S. Tenenbaum
National Bankruptcy Coordinator
Patrick Casey
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

Date: 3-30-11

**ON BEHALF OF THE NATURAL RESOURCES TRUSTEES FOR THE STATE OF INDIANA:**

_____   Date: 3/30/11
Beth Admire, Co-Trustee

_____   Date: 3-31-11
John M. Davis, Co-Trustee

On behalf of the State of Indiana:

Indiana Attorney General
GREGORY F. ZOELLER
Attorney No. 1958-02                           Trial Counsel:

By: _____        By: _____
    Patricia Orloff Erdmann                Timothy J. Junk
    Chief Counsel for Litigation           Deputy Attorney General
    Atty. No. 17664-49A                    Atty. No.5587-02

25

**FOR THE STATE OF NEW YORK:**

ERIC T. SCHNEIDERMAN
Attorney General

Date: *March 31, 2011*

By:

Maureen Leary
Assistant Attorney General
Chief, Toxics Section
NYS Department of Law
Environmental Protection Bureau
The Capitol
Albany, New York 12224-0341
Tel.: (518) 474-7154
Fax: (518) 473-2534
maureen.leary@ag.ny.gov

26

**FOR THE SAINT REGIS MOHAWK TRIBE:**

Date: 03/31/11

McNAMEE, LOCHNER, TITUS
    & WILLIAMS, P.C.
John J. Privitera, Esq.
Jacob F. Lamme, Esq.
677 Broadway
Albany, New York  12207
Tel.:  (518) 447-3200
Fax:  (518) 426-4260

27

**FOR MLC, REALM, AND ENCORE:**

Date: 3/30/11

Ted Stenger
Executive Vice President
Motors Liquidation Company, as agent for
    each of the foregoing entities,
500 Renaissance Center, Suite 1400
Detroit, MI 48243
Tel.: (313) 486-4044
Fax: (313) 486-4259
Email: tstenger@alixpartners.com

Date: 3/30/11

James M. Redwine
Vice President of Environmental Affairs
Motors Liquidation Company, as agent for
    each of the foregoing entities

Date: 3/30/11

David R. Berz
Weil, Gotshal & Manges LLP
Attorneys for Debtors and Debtors in
Possession
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 682-7000
Fax: (202) 857-0939
Email: david.berz@weil.com

28