HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :   **09-50026 (REG)**
      f/k/a **General Motors Corp.**, *et al.*              :
                                                            :
                                    Debtors.                :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**OMNIBUS REPLY TO RESPONSES TO 147TH, 148TH, 151ST**
**THROUGH 156TH, 210TH AND 214TH OMNIBUS OBJECTIONS TO CLAIMS**
(Claims for Equity Interests)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented or modified from time to time, the "**Plan**"), respectfully represents:

**Preliminary Statement**

        1.    All of the claims asserted by the Responding Parties (as hereinafter defined) are based upon nothing more than the diminution in value of common stock in the

US_ACTIVE:\43661578\04\72240.0639

Debtors. As the mere loss in value of equity interests does not constitute a cognizable claim, the claims asserted by the Responding Parties should be disallowed and reclassified as equity interests. In order to assert a *prima facie* claim, the Responding Parties had to set forth certain facts and circumstances beyond the loss in value experienced generally by all shareholders on account of their equity interests. As more fully described herein, none of the Responding Parties were able to state a cognizable claim.

### Background

2. Between January 25, 2011 and February 24, 2011, the Debtors filed the 147th, 148th, 151st through 156th, 210th and 214th Omnibus Objections to Claims (collectively, the "**Omnibus Objections**"),[1] pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the claims listed on Exhibit "A" annexed to the Omnibus Objections (collectively, the "**Claims**") and reclassifying the Claims as equity interests, on the ground that the holders of the Claims are shareholders that merely purport to assert a claim for the loss in value of common stock in the Debtors, all as more fully explained in the Omnibus Objections.

3. Periodically thereafter, the Debtors received responses (collectively, the "**Responses**") to the Omnibus Objections from David Radke (ECF No. 9285), Dale R. Spirnak (ECF No. 9291), Thomas Jarusinski (ECF No. 9076), Mark F. Hasson III (ECF No. 9287), Patricia Jarusinski (ECF No. 9817), Ruth Meyer (ECF No. 9075), Ron Tanciar (ECF No. 9308), Carrol R. Waters (ECF No. 9347), Hugo Anderson (ECF No. 9222), Daniel Plouffe (ECF No.

---

[1] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

9403), Edmund J. Sterniak Jr. (ECF No. 9356), Jill and Dennis Gallaher (ECF No. 9827), Larry Massey (ECF No. 9627 and 10176), Ryan D'Amour (Informal), Timothy G Mayer (Informal), David O'Neal McKinney (Informal), Nelly Bauer-Rollandin (Informal), Claudette Ellison (Informal), Barney J. Rosso (Informal), Lindell L. Estes (Informal), and Domencia S. Dittmeier (Informal) (collectively, the "**Responding Parties**").[2]

4.      Between March 7, 2011 and March 31, 2011, this Court entered orders granting the relief requested in the Omnibus Objections with respect to all claims subject to the objections other than the Claims filed by the Responding Parties (ECF Nos. 9607, 9608, 9612, 9614, 9615, 9617, 9618, 9625, 9974, and 9978).  The hearing on the Omnibus Objections to the Claims filed by the Responding Parties is currently scheduled for June 22, 2011.

## Reply

5.      The most ubiquitous argument found in the Responses is that the Responding Parties should not be denied a distribution for the reason that the Responding Parties would otherwise not be compensated for the loss of capital that they invested in the Debtors.  In the first instance, through the Omnibus Objections, the Debtors do not seek to deny the Responding Parties of their right to receive a distribution on account of their equity interests.  Rather, the reclassification of the Claims as equity interests will provide the Responding Parties with what they are entitled to under the priority scheme set forth in the Bankruptcy Code.  While it is unfortunate that equity security holders will likely not receive a distribution in these chapter 11 cases, that outcome is attributable to the priority rules established under the Bankruptcy Code rather than the relief requested in the Omnibus Objections.  *See Carrieri v. Jobs.com Inc.*, 393 F.3d  508, 522 (5th Cir. 2004) ("Although the 'absolute priority rule' is generally only used by

---

[2] A summary of the Responses to the Omnibus Objections is annexed hereto as **Exhibit "A."**

the bankruptcy court when determining whether to confirm a Chapter 11 plan, the overarching theory behind it supports affirming the decisions to sustain the [debtor's] objections to [claims asserted by equity security holders].")

6. Certain of the Responding Parties summarily provide in their response that a distribution on account of the diminution in value of equity interests should be due because the Debtors misrepresented the viability of its businesses or mismanaged their business operations.[3] These assertions are, however, completely unsubstantiated and supported only by the Responding Parties' personal beliefs. Because the claimants fail to specify any specific misleading statements made by the Debtors, and failed to substantiate any assertion that the Debtors were mismanaged, the Responding Parties failed to plead a *prima facie* claim, and their Claims should be disallowed and reclassified as equity interests. In any event, any claims based on misstatements that were not made specifically to the claimant would likely be subordinated to all claims against the Debtors pursuant to section 510(b) of the Bankruptcy Code.

7. Since the filing of the Omnibus Objections, the Debtors confirmed and substantially consummated their Plan. Under the Plan, holders of Class 6 Equity Interests are

---

[3] Mark F. Hasson III provides in his response that "I feel that General Motors knew that its stock would eventually be worthless, and rather than notify me or take action to protect me from loss, they chose to take no action." (ECF No. 9287).

Ron Tanciar provides in his response that "I was lead [sic] to believe that General Motors would seek to borrow money from the U.S. Government or from private investment firms [which would have allowed the Debtors to avoid filing for bankruptcy]." (ECF No. 9308).

Dale R. Spirnak provides in his response that "General Motors must have known that the viability of the company was deteriorating months, possibly years, before filing for bankruptcy." (ECF No. 9291)

Carrol R. Waters provides in her response that the Debtors, "in their lack of imagineering and recklessness they failed to capture public confidence in their products and services failing to attract consumers and investors, thereby bringing a decades old Corporate Giant to its demise." (ECF No. 9347).

subordinate to all claims in accordance with the priority scheme set forth in the Bankruptcy Code. Based on the lack of successful challenge to the Plan, the general assertion that equity holders be given claims is now moot.

8. Accordingly, the Responding Parties only hold equity interests in the Debtors, and as such, their Claims should be reclassified as equity interests and disallowed as claims. *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested in the Omnibus Objections with respect to the Claims filed by the Responding Parties and such other and further relief as is just.

Dated: New York, New York
 June 17, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
 Company GUC Trust

**Exhibit A**

**Summary of Responses**

| Omnibus Objection | Claimant | Claim No. | ECF No. of Response | Summary of Claimant's Response |
|---|---|---|---|---|
| 147 | Dale Spirnak | 63648 | 9291 | Provides that the Debtors knew that the company would eventually become insolvent and the Debtors misrepresented the viability of the company. |
| 147 | David Radke | 63113 | 9285 | Provides that the Debtors were mismanaged and the claimant was misled to believe that shares in the Debtors were low risk. |
| 147 | Claudette Ellison | 32852 | Informal | Not available. |
| 148 | Patricia Jarusinski | 68303 | 9817 | Merely provides that the claim seeks a recovery for the loss of value and loss of dividend income relating to shares in the Debtors. |
| 151 | Lindell L. Estes | 13755 | Informal | Claimant asks to be paid back funds used to buy shares in the Debtors. |
| 151 | Liz & Barney Joe Rosso | 70478 | Informal | Not available. |
| 151 | Mark Hasson | 60788 | 9287 | Provides that the Debtors knew that the company would eventually become insolvent and the Debtors misrepresented the viability of the company. |
| 152 | Patricia Jarusinski | 68298 | 9817 | Merely provides that the claim seeks a recovery for the loss of value and loss of dividend income relating to shares in the Debtors. |
| 152 | Nelly Bauer-Rollandin | 64784 | Informal | Not available. |
| 153 | Ronald C. Tanciar | 49590 | 9308 | "I was lead [sic] to believe that General Motors would seek to borrow money from the U.S. Government or from private investment firms." |
| 153 | Ruth Meyer | 68969 | 9075 | Merely provides the amount that the claimant believes is due on account of shares in the Debtors. |

| Omnibus Objection | Claimant | Claim No. | ECF No. of Response | Summary of Claimant's Response |
|---|---|---|---|---|
| 153 | Daniel Plouffe | 45171 | 9403, 9894 | Provides that stock options and restricted stock units were obtained as employment compensation, and should be treated as claims. |
| 154 | Carroll R. Waters | 33413 | 9347 | Characterizes shares in the Debtors as loans and asserts that General Motors was mismanaged. |
| 155 | Hugo J. Anderson | 6285 | 9222 | Merely provides details on the quantity and purchase price of shares in the Debtors. |
| 155 | Daniel Plouffe | 45172 | 9403, 9894 | Provides that stock options and restricted stock units were obtained as employment compensation, and should be treated as claims. |
| 155 | Domenica S. Dittmeier | 70498 | Informal | Asserts that stockholders should get a least a portion of what they lost. |
| 156 | Edmund J. Sterniak, Jr. | 68114 | 9356 | Provides that it is unfair for General Motors to have been saved with taxpayer dollars and for General Motors to pay bonuses to employees without first providing a distributions to shareholders. |
| 210 | Jill and Dennis Gallaher | 70943, 70970 | 9827 | "This claim should not be disallowed or expunged, as this claim is based on an equity loan to help Motors Liquidation Company, et al f/k/a General Motors Corp. et al regain financial stability." |
| 210 | David O'Neal McKinney | 2234 | Informal | Shares in New GM should be issued to former employees of the Debtors. |
| 214 | Larry Massey | 70615 | 9627, 10176 | "At the time I bought this stock I bought it in good faith. On TV they were saying GM was not a world class car co. & there [sic] vehicles were not up to the standards of Toyota. I new [sic] this was wrong becouse [sic] I drove GM all my life. And I still do. I tried to help this Co the best I could when I thought they needed help." |

| Omnibus Objection | Claimant | Claim No. | ECF No. of Response | Summary of Claimant's Response |
|---|---|---|---|---|
| 214 | Stella V Malles | 70816 | 9888 | Cites a treatise on section 502(d) of the Bankruptcy Code, which is not in any way relevant to this objection. |
| 214 | Ryan D'Amour | 70552 | Informal | Not available. |