**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                                    :
In re                                               :         **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY, _et al._,**           :         **09-50026 (REG)**
       **f/k/a General Motors Corp., _et al._**     :
                                                    :
                              **Debtors.**          :         **(Jointly Administered)**
                                                    :
--------------------------------------------------------------x

### MOTORS LIQUIDATION COMPANY GUC TRUST'S
### REPLY TO RESPONSES TO THE 179th OMNIBUS OBJECTION
### TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED
### AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), files this reply (the "**Reply**") to the Responses (defined below)

---

[1]        The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC
(f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc.
(f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental
Corporate Remediation Company, Inc.

interposed to the 179th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and

Former Salaried and Executive Employees) (ECF No. 8862) (the "**Omnibus Objection**"), and

respectfully represents:

**Preliminary Statement**

1.      On January 26, 2011, the Debtors filed the Omnibus Objection, and a

hearing on the Omnibus Objection is scheduled for June 22, 2011 at 9:45 a.m.  The Omnibus

Objection seeks the disallowance and expungement of certain compensation and welfare benefits

claims of retired and former salaried and executive employees of the Debtors on the basis that

such claims (a) are related to unvested welfare benefits that were capable of being modified or

terminated by the Debtors at will pursuant to the terms of the operative documents governing

such welfare benefits, and were modified or terminated in accordance with such operative

documents, and (b) to the extent modified, have otherwise been assumed by New GM[2] pursuant

to the terms of the Master Purchase Agreement and, as described in the Omnibus Objection, are

not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and

expunged from the claims register.

2.      Responses to the Omnibus Objection were due by February 22, 2011 at

4:00 p.m..  The three responses listed on Annex 1 hereto and described further herein were filed

with respect to the Omnibus Objection (collectively, the "**Responses**") by Kathryn J. Slade and

Larry P. Schramm, respectively (individually, a "**Responding Party**" and collectively, the

"**Responding Parties**") relating to their claims (the "**Claims**").

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Omnibus Objection.

3.      After reviewing the Responses, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objection, and submits that the Responding Parties have failed to provide any legal or factual support for the Claims, and as a result the Claims should be disallowed and expunged.

4.      The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on the Responding Parties' welfare benefits. However, in view of the Debtors' liquidation, there should be no other outcome.

## The Responses

Claim No. 28723: Kathryn J. Slade (the "**Slade Claim**")

5.      On February 18, 2011, a response was filed on behalf of Kathryn J. Slade (the "**Slade Response**"), stating opposition to the relief sought in the Omnibus Objection with respect to the Slade Claim. (*See* proof of claim at Ex. 1 attached hereto). In the Slade Response, Ms. Slade opposes the disallowance and expungement of the Slade Claim on the basis that she worked for General Motors Corporation for over 30 years, often working overtime without pay to ensure the company's continued viability (although the Slade Claim itself is limited to loss of welfare benefits). The Slade Response notes that Ms. Slade's 30 years of dedication and hard work are part of the reason why General Motors Company (New GM) is now profitable.

Claims No. 63452 and 63453: Larry P. Schramm (the "**Schramm Claims**")

6.      On February 16, 2011, Larry P. Schramm filed a Response (the "**Schramm Response**") stating opposition to the relief sought in the Omnibus Objection with respect to the Schramm Claims. (*See* proofs of claim at Ex. 2 attached hereto). In the Schramm

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

Response, the Responding Party opposes the disallowance and expungement of the Schramm

Claims on the basis that Mr. Schramm was an employee of General Motors Corporation for 37

years, and retired as a result of an early retirement package that was offered to him by the

company.  The Schramm Response argues that the reduction or elimination of welfare benefits

decreases the value of the package of benefits that was agreed at retirement.  While the Schramm

Response notes that Mr. Schramm does not dispute the Debtors right to amend or terminate

benefit plans in accordance with the terms of such plans, it further argues that his voluntary

retirement should not be subject to being changed after the voluntary retirement was agreed.  The

Schramm Response notes that had he known that the Debtors were to be allowed to unilaterally

change his retirement benefits without negotiations, then the decision to retire at that time would

have been different.

7.    Notwithstanding the Responding Parties' opposition, the Responses

should be dismissed because (i) the Debtors had a right to amend or terminate the employee

welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision and life

insurance benefits ("**Welfare Benefits**"), including those on which the Claims are based, without

further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed

Welfare Benefits as they existed on Commencement Date and continues to provide Welfare

Benefits as modified prior to their assumption by New GM, and consequently the Debtors and

the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust files this Reply in

support of the Omnibus Objection and respectfully requests that the Claims be disallowed and

expunged from the claims register.

## The Claims Should Be Disallowed and Expunged

8.    The Responding Parties have failed to demonstrate the validity of their

Claims and, thus, the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*,

400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827

(S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is

asserted refuting claim's essential allegations).

**(A)    The Claims Should Be Disallowed**
**As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

9.      In their Responses, the Responding Parties have not demonstrated that the

Debtors were bound by any legal or contractual requirement to continue to provide them, or

other retired and former salaried and executive employees, with the Welfare Benefits on a

permanent basis.  The Omnibus Objection explains that the Employee Retirement Income

Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided

welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare

benefits.  Welfare benefits provided under the terms of a welfare benefit plan may therefore be

reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29

U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague*

*v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

10.      In addressing claims similar to the Responding Parties' Claims, the Sixth

Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted

from vesting requirements (to which pension plans are subject) under ERISA, and accordingly,

employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or*

*terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)

(citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the

Omnibus Objection, however, the Sixth Circuit has, recognized that once welfare benefits are

vested, they are rendered forever unalterable.

11.     Thus, the Responding Parties bear the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that each Responding Party has a contractual right to the perpetual continuation of their Welfare Benefits at a contractually specified level.

12.     In their Responses, the Responding Parties have not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time. Moreover, the Responding Parties have not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to the Responding Parties.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)     Ongoing Benefits Have Been Assumed by New GM**

13.     On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the Benefit Plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect on the Closing Date, including both responsibility for all claims incurred prior to the Closing Date and all future claims properly payable pursuant to the terms of the applicable Welfare Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to Welfare Benefits and ERP Benefits that have

been assumed by New GM, and the Responding Parties have not provided any credible factual or

legal basis to suggest otherwise.

**(C)      Any Other Arguments Raised by the Responding Parties Are Without Merit**

14.     The Schramm Response argues that, notwithstanding Mr. Schramm's

acknowledgement of the Debtors' specific reservation of their right to amend or terminate the

Welfare Benefit Plans in accordance with the terms of such plans, as set forth in summary plan

descriptions and other communications to benefit plan participants, Mr. Schramm's retirement

benefits should not be subject to such amendment once Mr. Schramm had accepted the offer to

voluntarily retire, as it undermines his reasons for accepting the offer and further undermines the

entire contractual process that American business is founded on.

15.     The Schramm Response does not provide any evidence, whether

contractual or otherwise, nor does it cite to any applicable provision or statute, that supports the

existence, of a separate, affirmative contractual obligation on the part of the Debtors to continue

to specifically provide Mr. Schramm with Welfare Benefits at the same level as at the time he

retired.  In fact, the Schramm Response concedes that "[t]here is little doubt that many GM

documents stated "GM reserves the right to amend or terminate benefit plans…," or similar

language".  Schramm Response at 3.  As a result, the Debtors and the GUC Trust cannot have

any liability on the Schramm Claim.

16.     Any remaining arguments raised by the Responding Parties are without

merit and should be dismissed.

**Conclusion**

17.     Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual rights to vested welfare benefits has been

established by the Responding Parties; and (iii) New GM assumed the Benefit Plans as modified,

the Debtors and the GUC Trust have no liability for the Responding Parties' Claims.  The GUC

Trust reiterates that the Responses have not provided any legal or factual support for the Claims

and cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the

Claims should be disallowed and expunged in their entirety.

18.    WHEREFORE, for the reasons set forth above and in the Omnibus

Objection, the GUC Trust respectfully requests that the Court grant the relief requested in the

Omnibus Objection and such other and further relief as is just.

Dated: New York, New York
       June 17, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**Annex 1**

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| | **179th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)** | | | | |
| 1. | 28723 | 9433 | Slade, Kathryn J. | $169,568.00 (U) | Ms. Slade's response notes that she worked for General Motors Corporation for over 30 years. Ms. Slade's response further asserts that her thirty years of dedication and hard work are part of the reason why General Motors Company (New GM) is now profitable. Mrs. Slade's response notes her concern about the possible loss of her pension benefits. |
| 2. | 63452 | 9288 | Schramm, Larry P. | $299,679.00 (U) | Mr. Schramm's response notes that he was an employee of General Motors Corporation for 37 years, and retired as a result of an early retirement package that was offered to him by the company. Mr. Schramm notes that the reduction or elimination of welfare benefits decreases the value of the package of benefits that he agreed at retirement. While Mr. Schramm's response notes that he does not dispute the Debtors right to amend or terminate benefit plans in accordance with the terms of such plans, his voluntary retirement should terminate those rights. Mr. Schramm's response notes that had he known that the Debtors were to be allowed to unilaterally change his retirement benefits without negotiations, then the decision to retire would have been very different. |
| 3. | 63453 | 9288 | Schramm, Larry P. | $160,000.00 (U) | Please see Proof of Claim No. 63452 above. |

**Exhibit 1**

.01849643

APS0609352158




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

**Your Claim Is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

FILED - 28723
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Name of Creditor (the person or other entity to whom the debtor owes money or property)  SLADE KATHRYN J

Name and address where notices should be sent

SLADE KATHRYN J
~~21804 S TAMIAMI TRL STE 320~~  20904 Torre del Lago st
ESTERO FL 33928-2943

Telephone number  517-375-3358
Email Address  c2h36b@hotmail.com

Name and address where payment should be sent (if different from above)

SLADE, Kathryn J
20904 TORRE DEL LAGO ST
ESTERO, FL. 33928

Telephone number  517-375-3358

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

*(GARDEN CITY GROUP INC stamp)*  NOV 17 2009

If an amount is identified above you have a claim scheduled by one of the Debtors in the amount shown  This scheduled amount of your claim may be an amendment to a previously scheduled amount  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009**  $ 169,568.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges  See attached Document of Support

**2 Basis for Claim**  Value of diminished/cancelled health insurance
(See instruction #2 on reverse side)  diminished

**3 Last four digits of any number by which creditor identifies debtor**  0291

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☒ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $ _____  Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $ _____

Basis for perfection _____

Amount of Secured Claim $ _____  Amount Unsecured $ _____

**6 Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts  contracts  judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date** 11-12-09

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*Kathryn J. Slade*

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules  The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM as FOLLOWS **IF BY MAIL**  THE GARDEN CITY GROUP INC, ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386 DUBLIN, OH 43017-4286  **IF BY HAND OR OVERNIGHT COURIER**  THE GARDEN CITY GROUP, INC, ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017  PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO  THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004  ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M  (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1  2009  You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold, money loaned, services performed  personal injury/wrongful death, car loan, mortgage note and credit card  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured (See DEFINITIONS, below )  State the type and the value of property that secures the claim, attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS below )  A claim may be partly priority and partly non-priority  For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9)  indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009  the date of commencement of these cases (See DEFINITIONS, below)  Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You must also attach copies of documents that evidence perfection of any security interest  You may also attach a summary  FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services, see Instruction 2  Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it  FRBP 9011  If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title, if any, of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

### DEFINITIONS

**Debtor**
A debtor is the person, corporation or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

Motors Liquidation Company
(f/k/a General Motors Corporation)          09-50026 (REG)
MLCS, LLC
(f/k/a Saturn, LLC)                         09-50027 (REG)
MLCS Distribution Corporation
(f/k/a Saturn Distribution Corporation)     09-50028 (REG)
MLC of Harlem, Inc
(f/k/a Chevrolet-Saturn of Harlem, Inc )    09-13558 (REG)

**Creditor**
A creditor is the person, corporation or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C § 101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing  The creditor must file the form with The Garden City Group, Inc  as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states, a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted, certain information  A creditor should redact and use only the last four digits of any social-security individual's

tax-identification, or financial-account number all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e)  any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

### INFORMATION

# Value of Diminished/Cancelled Health Insurance and Loss of Life Insurance for Kathryn J. Slade & Gene E. Slade

Calculation below for Kathryn J. Slade and Spouse Gene E. Slade.  Announced modification by GM & revised cap, the average cost of GM-paid health care is $4140 annually, from $5150 in 2006/2007.  **The difference between these 2 figures is $1360 per year per person under age 65 yrs.**  Spouse is included in calculations for losses (Dental, Vision & Extended Care coverage included in calculations below).  Life expectancy is calculated from government SSA Actuarial table data at  www ssa gov/"OACT/STATS/table4c6 html

| **Cost of Health Care Loss:** | **Kathryn J. Slade** | **Gene E. Slade** |
|---|---|---|
| Annual pre-age 65 benefit loss beginning yr 2010 | $1,360 | $1,360 |
| Number of years remaining until age 65 | X    12 | X    13 |
| **Total calculated amount of loss prior to age 65** | **$16,320** | **$17,680** |

| Health Care Benefit Loss from age 65 until full life expectancy. | | |
|---|---|---|
| Annual post-age 65 benefit loss beginning year 2017 | $1900 | $1900 |
| Number of years between age 65 and full life expectancy | X 17.57 | X 13 83 |
| **Amount of Loss after Age 65** | **$33,383** | **$26,277** |

| **Total Lifetime Loss** (add Total calculated amount loss prior To age 65 and Amount of Loss after After 65) | **$49,703** | **$43,957** |
|---|---|---|

## Life Insurance Loss:

| | |
|---|---|
| Annualized Salary at time of Retirement | $85,908 |
| Current amount of Company provided Life Insurance | - $10,000 |
| **Value of Lost Life Insurance** | **$75,908** |

# Total Loss of Benefits to Kathryn J. & Gene E. Slade is $169,568

**(adding $49,703 + $43,957 + $75,908 = $169,568)**

## Exhibit 2

02014974

^PS0615184380

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
- ☑ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem Inc)

Case No
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

Your Claim is Scheduled As Follows

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 8) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) SCHRAMM LARRY P

Name and address where notices should be sent

SCHRAMM LARRY P
3298 SUMMIT RIDGE DR
ROCHESTER HILLS MI 48306-2966

Telephone number *248-373-3883*
Email Address *LSCHRAMM@OAKLAND.EDU*

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number**
(If known)

Filed on

Name and address where payment should be sent (if different from above)

FILED - 63452
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.
NOV 30 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled claim ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have filed a proof of claim in accordance with the attached instructions you need not file it again

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $ *299,679.00*

If all or part of your claim is secured complete item 4 below, however if all of your claim is unsecured do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** *VALUE of Diminished & CANCELLED Health Care Benefits*
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor** *2857*

  **3a Debtor may have scheduled account as** _____
  (See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
**Describe**

**Value of Property $** _____  **Annual Interest Rate____%**

**Amount of arrearage and other charges as of time case filed included in secured claim, if any $** _____

**Basis for perfection** _____

**Amount of Secured Claim $** _____  **Amount Unsecured $** _____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim such as promissory notes purchase orders invoices itemized statements or running accounts contracts judgments mortgages and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor s business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase lease or rental of property or services for personal family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date** 11/21/09

**Signature** The person filing this claim must sign it Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

*LARRY P. SCHRAMM*    *Larry P Schramm*

FOR COURT USE ONLY

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN OH 43017-4286; IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 PM (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases. (See DEFINITIONS below.) Attach documentation supporting such claim.

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents as attachments may be destroyed after scanning.

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case, in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted certain information. A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

---

### INFORMATION

| Age | Male | Female | Annual Mortality Improvement | Relative Health Spending Factor | Age 56 Relative Cost Factor | Age on 1-1-2009 | 2009 Medical Cost |
|---|---|---|---|---|---|---|---|
| 18 | 0.000510 | 0.000219 | 1.000% | | 1.72 | 56 | $ 7,000 |
| 19 | 0.000528 | 0.000234 | 1.000% | | 1.785 | 57 | |
| 20 | 0.000549 | 0.000250 | 1.000% | 0.59 | 1.85 | 58 | |
| 21 | 0.000573 | 0.000265 | 1.000% | 0.634 | 1.93 | 59 | |
| 22 | 0.000599 | 0.000281 | 1.000% | 0.678 | 2.01 | 60 | |
| 23 | 0.000627 | 0.000298 | 1.000% | 0.722 | 2.09 | 61 | |
| 24 | 0.000657 | 0.000314 | 1.000% | 0.766 | 2.17 | 62 | |
| 25 | 0.000686 | 0.000331 | 1.000% | 0.81 | 2.25 | 63 | |
| 26 | 0.000714 | 0.000347 | 1.000% | 0.854 | 2.33 | 64 | |
| 27 | 0.000738 | 0.000362 | 1.000% | 0.898 | 2.425 | 65 | |
| 28 | 0.000758 | 0.000376 | 1.000% | 0.942 | 2.52 | 66 | |
| 29 | 0.000774 | 0.000389 | 1.000% | 0.986 | 2.64 | 67 | |
| 30 | 0.000784 | 0.000402 | 1.000% | 1.03 | 2.76 | 68 | |
| 31 | 0.000789 | 0.000414 | 1.000% | 1.04 | 2.92 | 69 | |
| 32 | 0.000789 | 0.000425 | 1.000% | 1.05 | 3.08 | 70 | |
| 33 | 0.000790 | 0.000436 | 1.000% | 1.04 | 3.295 | 71 | |
| 34 | 0.000791 | 0.000449 | 1.000% | 1.03 | 3.51 | 72 | |
| 35 | 0.000792 | 0.000463 | 1.000% | 1.02 | 3.775 | 73 | |
| 36 | 0.000794 | 0.000481 | 1.000% | 1.00 | 4.04 | 74 | |
| 37 | 0.000823 | 0.000504 | 1.000% | 1.00 | 4.325 | 75 | |
| 38 | 0.000872 | 0.000532 | 1.000% | 0.99 | 4.61 | 76 | |
| 39 | 0.000945 | 0.000567 | 1.000% | 1.00 | 4.89 | 77 | |
| 40 | 0.001043 | 0.000609 | 1.000% | 1 | 5.17 | 78 | |
| 41 | 0.001168 | 0.000658 | 1.000% | 1.03 | 5.41 | 79 | |
| 42 | 0.001322 | 0.000715 | 1.000% | 1.05 | 5.65 | 80 | |
| 43 | 0.001505 | 0.000781 | 1.000% | 1.08 | 5.855 | 81 | |
| 44 | 0.001715 | 0.000855 | 1.000% | 1.11 | 6.06 | 82 | |
| 45 | 0.001948 | 0.000939 | 1.000% | 1.16 | 6.25 | 83 | |
| 46 | 0.002198 | 0.001035 | 1.000% | 1.20 | 6.44 | 84 | |
| 47 | 0.002463 | 0.001141 | 1.000% | 1.25 | 6.615 | 85 | |
| 48 | 0.002740 | 0.001261 | 1.000% | 1.29 | 6.79 | 86 | |

| Year | Medical Inflation Factor | Medical Cost of Surviving Life | Male Probability of Survival | Female Probability of Survival |
|---|---|---|---|---|
| 2009 | 1.00 | $ 7,000 | 0.9945 | 0.9973 |
| 2010 | 1.06 | $ 7,265 | 0.9941 | 0.9971 |
| 2011 | 1.12 | $ 7,529 | 0.9937 | 0.9968 |
| 2012 | 1.19 | $ 7,855 | 0.9933 | 0.9965 |
| 2013 | 1.26 | $ 8,180 | 0.9928 | 0.9961 |
| 2014 | 1.34 | $ 8,506 | 0.9923 | 0.9958 |
| 2015 | 1.42 | $ 8,831 | 0.9917 | 0.9953 |
| 2016 | 1.50 | $ 9,157 | 0.9909 | 0.9949 |
| 2017 | 1.59 | $ 9,483 | 0.9900 | 0.9943 |
| 2018 | 1.69 | $ 9,869 | 0.9890 | 0.9938 |
| 2019 | 1.79 | $ 10,256 | 0.9878 | 0.9931 |
| 2020 | 1.90 | $ 10,744 | 0.9864 | 0.9924 |
| 2021 | 2.01 | $ 11,233 | 0.9848 | 0.9917 |
| 2022 | 2.13 | $ 11,884 | 0.9831 | 0.9909 |
| 2023 | 2.26 | $ 12,535 | 0.9811 | 0.9901 |
| 2024 | 2.40 | $ 13,410 | 0.9789 | 0.9869 |
| 2025 | 2.54 | $ 14,285 | 0.9766 | 0.9879 |
| 2026 | 2.69 | $ 15,363 | 0.9741 | 0.9861 |
| 2027 | 2.85 | $ 16,442 | 0.9714 | 0.9843 |
| 2028 | 3.03 | $ 17,602 | 0.9685 | 0.9822 |
| 2029 | 3.21 | $ 18,762 | 0.9653 | 0.9802 |
| 2030 | 3.40 | $ 19,901 | 0.9618 | 0.9777 |
| 2031 | 3.60 | $ 21,041 | 0.9579 | 0.9748 |
| 2032 | 3.82 | $ 22,017 | 0.9536 | 0.9717 |
| 2033 | 4.05 | $ 22,994 | 0.9489 | 0.9681 |
| 2034 | 4.29 | $ 23,828 | 0.9438 | 0.9640 |
| 2035 | 4.55 | $ 24,663 | 0.9382 | 0.9594 |
| 2036 | 4.82 | $ 25,436 | 0.9322 | 0.9543 |
| 2037 | 5.11 | $ 26,209 | 0.9257 | 0.9485 |
| 2038 | 5.42 | $ 26,922 | 0.9187 | 0.9421 |
| 2039 | 5.74 | $ 27,634 | 0.9111 | 0.9349 |

**nrp0221889**

http://www.gastankrenu.com/loc/mi.htm
11/23/09   10:28 AM

Present Value of Male Benefits ~ Larry Schramm ~ Age 56~65

$ 57,338

Present Value of Female Benefits ~ Joyce Schramm    Age 56~65

$ 57,534    Wife

+ Plus age 65 to expected life on

PAGE "Retire Health Care Insurance

+ $6,244    calculations"

Slow.



**RELATIVE PER-CAPITA HEALTH SPENDING BY AGE, 1999**

AGE GROUP 35-44 SET EQUAL TO 1

| Age Cohort | Value |
| --- | --- |
| 0 - 5 | 0.52 |
| 6 - 14 | 0.55 |
| 15 - 24 | 0.59 |
| 25 - 34 | 1.03 |
| 35 - 44 | 1 |
| 45 - 54 | 1.39 |
| 55 - 64 | 2.01 |
| 65 - 74 | 3.08 |
| 75+ | 5.65 |

SPENDING RELATIVE TO AGE

AGE COHORTS OF AMERICANS

SOURCE: Meara, White and Cutler, "Trends in Health Spending by Age, 1963-99". March, 2003.

Discount Factor | Discount Rate 5 50%
--- | ---
0 9736 |
0 9228 |
0 8747 |
0 8291 |
0 7859 |
0 7449 |
0 7061 |
0 6693 |
0 6344 |
0 6013 |
0 5700 |
0 5403 |
0 5121 |
0 4854 |
0 4601 |
0 4361 |
0 4134 |
0 3918 |
0 3714 |
0 3520 |
0 3337 |
0 3163 |
0 2998 |
0 2842 |
0 2693 |
0 2553 |
0 2420 |
0 2294 |
0 2174 |
0 2061 |
0 1953 |



Remote User

| Age | Male | Female | Annual Mortality Improvement | Relative Health Spending Factor |
|---|---|---|---|---|
| 18 | 0.000510 | 0.000219 | 1.000% | |
| 19 | 0.000528 | 0.000234 | 1.000% | |
| 20 | 0.000549 | 0.000250 | 1.000% | 0.59 |
| 21 | 0.000573 | 0.000265 | 1.000% | 0.634 |
| 22 | 0.000599 | 0.000281 | 1.000% | 0.678 |
| 23 | 0.000627 | 0.000298 | 1.000% | 0.722 |
| 24 | 0.000657 | 0.000314 | 1.000% | 0.766 |
| 25 | 0.000686 | 0.000331 | 1.000% | 0.81 |
| 26 | 0.000714 | 0.000347 | 1.000% | 0.854 |
| 27 | 0.000738 | 0.000362 | 1.000% | 0.898 |
| 28 | 0.000758 | 0.000376 | 1.000% | 0.942 |
| 29 | 0.000774 | 0.000389 | 1.000% | 0.986 |
| 30 | 0.000784 | 0.000402 | 1.000% | 1.03 |
| 31 | 0.000789 | 0.000414 | 1.000% | 1.04 |
| 32 | 0.000789 | 0.000425 | 1.000% | 1.05 |
| 33 | 0.000790 | 0.000436 | 1.000% | 1.04 |
| 34 | 0.000791 | 0.000449 | 1.000% | 1.03 |
| 35 | 0.000792 | 0.000463 | 1.000% | 1.02 |
| 36 | 0.000794 | 0.000481 | 1.000% | 1.00 |
| 37 | 0.000823 | 0.000504 | 1.000% | 1.00 |
| 38 | 0.000872 | 0.000532 | 1.000% | 0.99 |
| 39 | 0.000945 | 0.000567 | 1.000% | 1.00 |
| 40 | 0.001043 | 0.000609 | 1.000% | 1 |
| 41 | 0.001168 | 0.000658 | 1.000% | 1.03 |
| 42 | 0.001322 | 0.000715 | 1.000% | 1.05 |
| 43 | 0.001505 | 0.000781 | 1.000% | 1.08 |
| 44 | 0.001715 | 0.000855 | 1.000% | 1.11 |
| 45 | 0.001948 | 0.000939 | 1.000% | 1.16 |
| 46 | 0.002198 | 0.001035 | 1.000% | 1.20 |
| 47 | 0.002463 | 0.001141 | 1.000% | 1.25 |
| 48 | 0.002740 | 0.001261 | 1.000% | 1.29 |

| Age 20 Relative Cost Factor | Age on 1-1-2009 | 2009 Medical Cost |
|---|---|---|
| 0.59 | 20 | $ 7,000 |
| 0.634 | 21 | |
| 0.678 | 22 | |
| 0.722 | 23 | |
| 0.766 | 24 | |
| 0.81 | 25 | |
| 0.854 | 26 | |
| 0.898 | 27 | |
| 0.942 | 28 | |
| 0.986 | 29 | |
| 1.03 | 30 | |
| 1.04 | 31 | |
| 1.05 | 32 | |
| 1.04 | 33 | |
| 1.03 | 34 | |
| 1.015 | 35 | |
| 1 | 36 | |
| 0.995 | 37 | |
| 0.99 | 38 | |
| 0.995 | 39 | |
| 1 | 40 | |
| 1.025 | 41 | |
| 1.05 | 42 | |
| 1.08 | 43 | |
| 1.11 | 44 | |
| 1.155 | 45 | |
| 1.2 | 46 | |
| 1.245 | 47 | |
| 1.29 | 48 | |
| 1.34 | 49 | |
| 1.39 | 50 | |

| Year | Medical Cost Inflation Factor | Medical Cost of Surviving Life | Male Probability of Survival | Female Probability of Survival |
|---|---|---|---|---|
| 2009 | 1.00 | $ 7,000 | 0.9995 | 0.9998 |
| 2010 | 1.06 | $ 7,522 | 0.9994 | 0.9997 |
| 2011 | 1.12 | $ 8,044 | 0.9994 | 0.9997 |
| 2012 | 1.19 | $ 8,566 | 0.9994 | 0.9997 |
| 2013 | 1.26 | $ 9,088 | 0.9993 | 0.9997 |
| 2014 | 1.34 | $ 9,610 | 0.9993 | 0.9997 |
| 2015 | 1.42 | $ 10,132 | 0.9993 | 0.9997 |
| 2016 | 1.50 | $ 10,654 | 0.9993 | 0.9996 |
| 2017 | 1.59 | $ 11,176 | 0.9992 | 0.9996 |
| 2018 | 1.69 | $ 11,698 | 0.9992 | 0.9996 |
| 2019 | 1.79 | $ 12,220 | 0.9992 | 0.9996 |
| 2020 | 1.90 | $ 12,339 | 0.9992 | 0.9996 |
| 2021 | 2.01 | $ 12,458 | 0.9992 | 0.9996 |
| 2022 | 2.13 | $ 12,339 | 0.9992 | 0.9996 |
| 2023 | 2.26 | $ 12,220 | 0.9992 | 0.9996 |
| 2024 | 2.40 | $ 12,042 | 0.9992 | 0.9996 |
| 2025 | 2.54 | $ 11,864 | 0.9992 | 0.9995 |
| 2026 | 2.69 | $ 11,805 | 0.9992 | 0.9995 |
| 2027 | 2.85 | $ 11,746 | 0.9991 | 0.9995 |
| 2028 | 3.03 | $ 11,805 | 0.9991 | 0.9995 |
| 2029 | 3.21 | $ 11,864 | 0.9990 | 0.9994 |
| 2030 | 3.40 | $ 12,161 | 0.9988 | 0.9993 |
| 2031 | 3.60 | $ 12,458 | 0.9987 | 0.9993 |
| 2032 | 3.82 | $ 12,814 | 0.9985 | 0.9992 |
| 2033 | 4.05 | $ 13,169 | 0.9983 | 0.9991 |
| 2034 | 4.29 | $ 13,703 | 0.9981 | 0.9991 |
| 2035 | 4.55 | $ 14,237 | 0.9978 | 0.9990 |
| 2036 | 4.82 | $ 14,771 | 0.9975 | 0.9989 |
| 2037 | 5.11 | $ 15,305 | 0.9973 | 0.9987 |
| 2038 | 5.42 | $ 15,898 | 0.9970 | 0.9986 |
| 2039 | 5.74 | $ 16,492 | 0.9967 | 0.9985 |

**nrp0221889**

Two-mode Repair Orders student.pdf
11/23/09   10:01 AM

Present Value of Male Benefits — Son - Jeffs Schramm - Age 16 - 25

Present Value of Female Benefits — Daughter Rebecca Schramm   Age 20-25

Present Value of Male Benefits
$   63,530

Present Value of Female Benefits
$   35,028

| Discount Factor | Discount Rate |
|---|---|
|  | 5.50% |
| 0 9736 |  |
| 0 9228 |  |
| 0 8747 |  |
| 0 8291 |  |
| 0 7859 |  |
| 0 7449 |  |
| 0 7061 |  |
| 0 6693 |  |
| 0 6344 |  |
| 0 6013 |  |
| 0 5700 |  |
| 0 5403 |  |
| 0 5121 |  |
| 0 4854 |  |
| 0 4601 |  |
| 0 4361 |  |
| 0 4134 |  |
| 0 3918 |  |
| 0 3714 |  |
| 0 3520 |  |
| 0 3337 |  |
| 0 3163 |  |
| 0 2998 |  |
| 0 2842 |  |
| 0 2693 |  |
| 0 2553 |  |
| 0 2420 |  |
| 0 2294 |  |
| 0 2174 |  |
| 0 2061 |  |
| 0 1953 |  |



RELATIVE PER-CAPITA HEALTH SPENDING BY AGE, 1999

AGE GROUP 35-44 SET EQUAL TO 1

SPENDING RELATIVE TO AGE

AGE COHORTS OF AMERICANS

0 - 5: 0.52
'6 - 14: 0.55
15 - 24: 0.69
25 - 34: 1.03
34 - 44: 1
45 - 54: 1.39
55 - 64: 2.01
65 - 74: 3.08
75+: 5.65

SOURCE: Meara, White and Cutler, "Trends in Health Spending by Age: 1963-99", March, 2003.



Remote User

**Retiree Health Care Insurance Calculations**

SSA Actuarial Table Data
http //www ssa gov/OACT/STATS/table4c6 html

| Exact Age as of Jan 1, 2009 | Male Life Expectancy | Total | Female Life Expectancy | Total |
|---|---|---|---|---|
| 45 | 32 81 | $51,539 | 36 79 | $59,101 |
| 46 | 31 93 | $50,407 | 35 87 | $57,893 |
| 47 | 31 06 | $49,294 | 34 96 | $56,704 |
| 48 | 30 2 | $48,200 | 34 05 | $55,515 |
| 49 | 29 34 | $47,106 | 33 14 | $54,326 |
| 50 | 28 49 | $46,031 | 32 24 | $53,156 |
| 51 | 27 65 | $44,975 | 31 35 | $52,005 |
| 52 | 26 83 | $43,957 | 30 46 | $50,854 |
| 53 | 26 | $42,920 | 29 57 | $49,703 |
| 54 | 25 19 | $41,921 | 28 69 | $48,571 |
| 55 | 24 37 | $40,903 | 27 82 | $47,458 |
| 56 | 23 57 | $39,923 | 26 94 | $46,326 |
| 57 | 22 77 | $38,943 | 26 08 | $45,232 |
| 58 | 21 97 | $37,963 | 25 22 | $44,138 |
| 59 | 21 19 | $37,021 | 24 37 | $43,063 |
| 60 | 20 42 | $36,098 | 23 53 | $42,007 |
| 61 | 19 66 | $35,194 | 22 7 | $40,970 |
| 62 | 18 91 | $34,309 | 21 88 | $39,952 |
| 63 | 18 17 | $33,443 | 21 08 | $38,972 |
| 64 | 17 44 | $32,596 | 20 28 | $37,992 |
| 65 | 16 73 | $31,787 | 19 49 | $37,031 |
| 66 | 16 02 | $30,438 | 18 7 | $35,530 |
| 67 | 15 32 | $29,108 | 17 93 | $34,067 |
| 68 | 14 63 | $27,797 | 17 17 | $32,623 |
| 69 | 13 96 | $26,524 | 16 42 | $31,198 |
| 70 | 13 3 | $25,270 | 15 69 | $29,811 |
| 71 | 12 66 | $24,054 | 14 97 | $28,443 |
| 72 | 12 04 | $22,876 | 14 27 | $27,113 |
| 73 | 11 43 | $21,717 | 13 58 | $25,802 |
| 74 | 10 84 | $20,596 | 12 9 | $24,510 |
| 75 | 10 26 | $19,494 | 12 24 | $23,256 |
| 76 | 9 7 | $18,430 | 11 59 | $22,021 |
| 77 | 9 15 | $17,385 | 10 96 | $20,824 |
| 78 | 8 63 | $16,397 | 10 34 | $19,646 |
| 79 | 8 11 | $15,409 | 9 74 | $18,506 |
| 80 | 7 62 | $14,478 | 9 16 | $17,404 |
| 81 | 7 14 | $13,566 | 8 59 | $16,321 |
| 82 | 6 68 | $12,692 | 8 04 | $15,276 |

*LARRY & Joyce*



Remote User

# nrp0221889

Workstation 08 - Instructor.xls
11/23/09 10:00 AM

APS20089674229
02014974

**BALLOT #5940**

PLEASE COMPLETE THE FOLLOWING.

ITEM 1. **Amount of General Unsecured Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below.

| | |
|---|---|
| Claim Amount | $299,679 00 |
| Debtor | MOTORS LIQUIDATION COMPANY |

ITEM 2 **Vote on the Plan.** The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to.

Check one box:       ☐   Accept the Plan           02-17-11  A09  12  IN

☒   Reject the Plan

ITEM 3. **Acknowledgement and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto. The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein

Print or Type Name of Claimant:       _LARRY P. SCHRAMM_

Social Security or Federal Tax I.D. No. of Claimant.  _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_

Signature                                            _Larry P Schramm_

Name of Signatory (if different than claimant)·  _____

If by Authorized Agent, Title of Agent·          _____

Street Address:                        _3298 Summit Ridge Dr_

City, State, and Zip Code.              _Rochester Hills, MI 48306_

Telephone Number:                       _248-373-3883_

E-mail Address:                         _LSCHRAMM @ OAKLAND. EDU_

Date Completed:                         _2/9/11_

*(stamp: THE GARDEN CITY GROUP, INC. FEB 1 7 2011)*

*Please check* *one or both* *of the below boxes, if the above address is a change of address for the purpose(s) of·*

☐ future notice mailings; **AND/OR**   ☐ distributions

5

1124 / Z 4



APS2080914229
02014974

SCHRAMM LARRY P
3298 SUMMIT RIDGE DR
ROCHESTER HILLS, MI 48306-2956

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO 18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH 43017-9957

02495700
AP50858135840

 

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

Name of Debtor (Check Only One)

☐ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

*Your Claim is Scheduled As Follows*

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) LARRY SCHRAMM

Name and address where notices should be sent

LARRY SCHRAMM
3298 SUMMIT RIDGE DR
ROCHESTER HILLS MI 48306-2956

*248-373-3883*

Telephone number
Email Address *LSCHRAMM@OAKLAND.EDU*

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

THE GARDEN CITY GROUP INC
NOV 30 2009

Name and address where payment should be sent (if different from above)

FILED - 63453
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1** Amount of Claim as of Date Case Filed, June 1, 2009    $ *160,080.00*

If all or part of your claim is secured, complete item 4 below however if all of your claim is unsecured do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2** Basis for Claim *REDUCED LIFE INSURANCE BENEFITS*
(See instruction #2 on reverse side)

**3** Last four digits of any number by which creditor identifies debtor ___ *2857*

**3a** Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe

Value of Property $_____ Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____ Amount Unsecured $_____

**6** Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents Attach redacted copies of any documents that support the claim such as promissory notes, purchase orders invoices itemized statements or running accounts contracts judgments mortgages and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries, or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor s business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase lease or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**FOR COURT USE ONLY**

Date *11/21/09* | Signature The person filing this claim must sign it Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

*LARRY P SCHRAMM* _____

*Penalty for presenting fraudulent claim* Fine of up to $500 000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING PO BOX 9386 DUBLIN OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING 5151 BLAZER PARKWAY SUITE A DUBLIN OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT SDNY ONE BOWLING GREEN ROOM 534 NEW YORK NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 PM (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee, or another party in interest files an objection to your claim.

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor. If any.

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured (See DEFINITIONS below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9) indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS below.) Attach documentation supporting such claim.

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services see instruction 2. Do not send original documents as attachments may be destroyed after scanning.

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name, and only the year of any person's date of birth.

### INFORMATION

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group Inc. please provide a self-addressed stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However if the creditor decides to sell its claim any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com



# In The Event Of Death

In the event of your death during retirement, benefits may be payable to your eligible survivors under the Life and Disability Benefits Program, the Retirement Program, and the Savings-Stock Purchase Program  In addition, coverage may be available under the Health Care Program  Life Insurance benefits available under the Life and Disability Benefits Program are discussed below  Information concerning survivor's benefits available under the Retirement Program is discussed on page 39  Information concerning your Savings-Stock Purchase Program and Health Care coverage for your survivors is discussed on pages 40 and 41

---

## LIFE INSURANCE BENEFITS
## IN THE EVENT OF DEATH

The benefits available to you and your eligible survivors are those provided under the Life and Disability Benefits Program in effect when you last worked for General Motors

Set forth below are answers to questions you may have concerning any life insurance benefits that may be payable under the Program  If you have a specific question about life insurance benefits that is not answered here, you may wish to contact the GM location that administers your benefits

## BASIC LIFE AND EXTRA ACCIDENT INSURANCE

### Do I Have Basic Life and Extra Accident Insurance as a Retiree Before Age 65?

Depending on when they last worked, most retirees have all, or a portion, of their basic life insurance continued during retirement before age 65, without cost to them  However, retirees who retired voluntarily as early as age 55 and prior to age 60, when combined years of age and credited service totaled less than 85, must contribute until age 65, at a rate of $ 50 per month for each $1,000 of basic life insurance in force

Insurance is not continued for a retiree who received a monthly instalment payment of basic life insurance because of total and permanent disability (as described on page 32)

Extra accident insurance also is continued to age 65, while basic life insurance is in force, for those retirees who last worked prior to July 1, 1985

### How Much Basic Life and Extra Accident Insurance Do I Have as a Retiree Before Age 65?

**For employes who last worked prior to July 1, 1985**

If you are insured, the amount of your basic life insurance before age 65 is approximately 24 times your monthly base salary at retirement  Extra accident insurance, in an amount equal to one-half of your basic life insurance, also may be payable for accidental death

**For employes who last worked on or after July 1, 1985**

If you are insured and retire other than totally and permanently disabled, commencing at the earlier of (1) retirement or (2) attainment of age 65, your basic life insurance, which at retirement is approximately 24 times your monthly base salary, will reduce each month by 2% of the amount in force at retirement  This reduction continues until the amount of insurance equals the amount in force when insurance begins to

33

reduce, times 1½% for each year of participation (see below) If you retired totally and permanently disabled, the amount of your basic life insurance will commence to reduce at age 65

Extra accident insurance cancels upon retirement for any reason, regardless of age

## What Happens to My Basic Life and Extra Accident Insurance After I Retire?

### For employes who last worked prior to July 1, 1985

If you (1) are insured, and (2) have 10 or more years of participation when you reach age 65, your basic life insurance starts to reduce at age 65 and, under the current Program, is continued without cost to you At age 65, your extra accident and survivor income benefit insurance, if any, are canceled

### For employes who last worked on or after July 1, 1985

If you (1) are insured, (2) had 10 or more years of participation at retirement, and (3) retired

o other than totally and permanently disabled, your basic life insurance commences to reduce (as described on page 33) at the earlier of (i) retirement or (ii) attainment of age 65 and, under the current Program, continues without cost to you.

o totally and permanently disabled, your basic life insurance commences to reduce at age 65 and, under the current program, continues without cost to you

Extra accident and survivor income benefit insurance are canceled at retirement

## How Much Insurance Will I Have After My Basic Life Insurance Is Fully Reduced?

**Starting at age 65, for employes with 10 or more years of participation who last worked prior to July 1, 1985 or who retire totally and permanently disabled,**

**or**

**Commencing at retirement, for employes with 10 or more years of participation who**

**work on or after July 1, 1985 and who retire other than totally and permanently disabled,**

basic life insurance is reduced each month by 2% of the amount in force at (1) age 65 or (2) retirement, whichever applies This reduction continues until the amount of insurance equals the amount in force when insurance commences to reduce, times 1-1/2% for each year of participation A 20-year maximum applies to participation if you last worked prior to January 1, 1974

For example, an employe who retired (1) in 1980, or (2) totally and permanently disabled after July 1, 1985, with (a) 30 years of participation and (b) $40,000 of basic life insurance at age 65, would have the amount of insurance reduced by $800 each month

$$\$40,000 \times 2\% = \$800$$

and $18,000 of continuing life insurance remaining after all reductions

$$\$40,000 \times 1\text{-}1/2\% \times 30 \text{ years} = \$18,000$$

An employe at work on or after July 1, 1985 with 32 years of participation who has $60,000 of basic life insurance in force at retirement at age 60, would have the amount of insurance reduced commencing upon retirement, by $1,200 each month

$$\$60,000 \times 2\% = \$1,200$$

and $28,000 of continuing life insurance remaining after all reductions

$$\$60,000 \times 1\text{-}1/2\% \times 32 \text{ years} = \$28,800$$

Years of participation which are accrued after age 65, and any changes in salary after age 65, may be used in determining the amount of continuing life insurance, depending on when you last worked

The minimum amount of continuing life insurance is $3,500, if you last worked on or after November 1, 1987 The minimum amount is $3,000, if you last worked prior to that date

## Will I Be Notified of the Amount of My Continuing Life Insurance?

Yes When your insurance commences to

APS2080093533B
02495700

PLEASE COMPLETE THE FOLLOWING:                    **BALLOT #5942**

ITEM 1.  **Amount of General Unsecured Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below.

| | |
|---|---|
| Claim Amount | $160,000 00 |
| Debtor | MOTORS LIQUIDATION COMPANY |

ITEM 2  **Vote on the Plan.**  The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to·

Check one box:        ☐   Accept the Plan            02-17-11  A09:11  IN

                      ☒   Reject the Plan

ITEM 3  **Acknowledgement and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein

Print or Type Name of Claimant.                  _LARRY P. SCHRAMM_

Social Security or Federal Tax I.D. No of Claimant:  _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_

Signature:                                       _L.P. Schum_

Name of Signatory (if different than claimant)·  _____

If by Authorized Agent, Title of Agent:          _____

Street Address:                                  _3298 Summit Ridge Dr_

City, State, and Zip Code·                        _Rochester Hills, MI 48306_

Telephone Number:                                _248·373-3883_

E-mail Address:                                  _LSCHRAMM@OAKLAND.EDU_

Date Completed:                                  _2/9/11_

*(Stamp: THE GARDEN CITY GROUP, INC. FEB 17 2011)*

*Please check one or both of the below boxes, if the above address is a change of address for the purpose(s) of*

☐ future notice mailings; **AND/OR**  ☐ distributions

5

1123 / Z 4



APS2080933338
02495700

LARRY SCHRAMM
3298 SUMMIT RIDGE DR
ROCHESTER HILLS, MI 48306-2956



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO. 18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN. MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH  43017-9957