**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**               :   **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*                :
                                                            :
                                    Debtors.                :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY TO RESPONSES TO THE 187th OMNIBUS OBJECTION**
**TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), files this reply (the "**Reply**") to the Responses (defined below)

---

[1]     The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

interposed to the 187th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8870) (the "**Omnibus Objection**"), and respectfully represents:

## Preliminary Statement

1. On January 26, 2011, the Debtors filed the Omnibus Objection, and a hearing on the Omnibus Objection is scheduled for June 22, 2011 at 9:45 a.m. The Omnibus Objection seeks the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2] pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus Objection, are not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged from the claims register.

2. Responses to the Omnibus Objection were due by February 22, 2011 at 4:00 p.m.. The two responses listed on Annex 1 hereto and described further herein were filed with respect to the Omnibus Objection (collectively, the "**Responses**") by Doris E. McCormick and Rebecca S. McNutt, respectively (individually, a "**Responding Party**" and collectively, the "**Responding Parties**") relating to their claims (the "**Claims**").

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

3.  After reviewing the Responses, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objection, and submits that the Responding Parties have failed to provide any legal or factual support for the Claims, and as a result the Claims should be disallowed and expunged.

4.  The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on the Responding Parties' welfare benefits. However, in view of the Debtors' liquidation, there should be no other outcome.

## The Responses

Claim No. 4030: Doris E. McCormick (the "**McCormick Claim**")

5.  On February 18, 2011, a response was filed on behalf of Doris E. McCormick (the "**McCormick Response**"), stating opposition to the relief sought in the Omnibus Objection with respect to the McCormick Claim. (*See* proof of claim at Ex. 1 attached hereto). In the McCormick Response, the Responding Party opposes the disallowance and expungement of the McCormick Claim on the basis that her husband, a former employee of the Debtors, had agreed to an early retirement package that included "full pension benefits and full medical coverage for life". No additional documentation is provided in the either the McCormick Claim or the McCormick Response to support this assertion.

Claim No. 9489: Rebecca S. McNutt (the "**McNutt Claim**")

6.  On February 25, 2011, Rebecca S. McNutt filed a Response (the "**McNutt Response**") stating opposition to the relief sought in the Omnibus Objection with respect to the McNutt Claim. (*See* proof of claim at Ex. 2 attached hereto). In the McNutt Response, the

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

Responding Party opposes the disallowance and expungement of the McNutt Claim on the basis that she has "no direct and immediate access to the funds under the Plan" and "no knowledge of whether General Motors, LLC has assumed sponsorship of the Debtors' claim." The McNutt Response provides no additional documentation to support the McNutt Claim.

7. Notwithstanding the Responding Parties' opposition, the Responses should be dismissed because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision and life insurance benefits ("**Welfare Benefits**"), including those on which the Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on Commencement Date and continues to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently the Debtors and the GUC Trust have no liability for the Claims. Accordingly, the GUC Trust files this Reply in support of the Omnibus Objection and respectfully requests that the Claims be disallowed and expunged from the claims register.

### The Claims Should Be Disallowed and Expunged

8. The Responding Parties have failed to demonstrate the validity of their Claims and, thus, the Claims should be disallowed and expunged. *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)    The Claims Should Be Disallowed
        As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

9. In their Responses, the Responding Parties have not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide them, or

other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis. The Omnibus Objection explains that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits. Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan. 29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

10. In addressing claims similar to the Responding Parties' Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*" *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)). As noted in the Omnibus Objection, however, the Sixth Circuit has, recognized that once welfare benefits are vested, they are rendered forever unalterable.

11. Thus, the Responding Parties bear the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that each Responding Party has a contractual right to the perpetual continuation of their Welfare Benefits at a contractually specified level.

12. In their Responses, the Responding Parties have not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.

Moreover, the Responding Parties have not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to the Responding Parties. Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)    Ongoing Benefits Have Been Assumed by New GM**

13.     On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement. Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the Benefit Plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule. New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect on the Closing Date, including both responsibility for all claims incurred prior to the Closing Date and all future claims properly payable pursuant to the terms of the applicable Welfare Benefit Plan in effect when such claims are incurred. Therefore, the Debtors and the GUC Trust do not have any liability with respect to Welfare Benefits and ERP Benefits that have been assumed by New GM, and the Responding Parties have not provided any credible factual or legal basis to suggest otherwise.

**(C)    Any Other Arguments Raised by the Responding Parties Are Without Merit**

14.     The McCormick Response asserts that General Motors Corporation had tried three times since the 1970s to terminate or reduce full medical coverage agreements, and had lost such attempts in Court. The Debtors have researched this assertion and can find no factual basis to support it, nor has any support been provided in the McCormick Response to substantiate this statement. To the extent Ms. McCormick is referring to certain class action

suits between General Motors Corporation and the United Autoworkers Union relating to collective bargaining agreements, such suits bear no relevance to her claims as the Debtors' books and records do not indicate that her husband was a union employee.

15. Any remaining arguments raised by the Responding Parties are without merit and should be dismissed.

## Conclusion

16. Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual rights to vested welfare benefits has been established by the Responding Parties; and (iii) New GM assumed the Benefit Plans as modified, the Debtors and the GUC Trust have no liability for the Responding Parties' Claims. The GUC Trust reiterates that the Responses have not provided any legal or factual support for the Claims and cannot be afforded prima facie validity under the Bankruptcy Code. Accordingly, the Claims should be disallowed and expunged in their entirety.

17. WHEREFORE, for the reasons set forth above and in the Omnibus Objection, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objection and such other and further relief as is just.

Dated: New York, New York
    June 17, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**Annex 1**

| | 187th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) Responses | | | | |
|---|---|---|---|---|---|
| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 4030 | 9343 | McCormick, Doris E. | $1,184.27 per month for life (U) | Ms. McCormick's response notes that her husband was offered early retirement by General Motors Corporation in the 1970s. The retirement agreement covered his spouse and any dependents. Ms. McCormick asserts in the response that the Debtors have tried three times since the 1970s to terminate or reduce her full medical coverage agreement, and have lost such attempts in Court. Ms. McCormick requests that the objection be denied in reliance upon the original early retirement contract, which included full medical coverage for life as an inducement. |
| 2. | 28176 | 9489 | McNutt, Rebecca S. | Unliquidated | Ms. McNutt's response notes that she has no direct and immediate access to the funds under the Debtors' Plan of Reorganization. Ms. McNutt's response also notes that she has no knowledge of whether General Motors Company (New GM) has assumed sponsorship of welfare benefits. |

**Exhibit 1**

US_ACTIVE:\43728621\06\72240.0639




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)                                           Case No
☒ Motors Liquidation Company (f/k/a General Motors Corporation)           09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                           09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc)              09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)    MCCORMICK DORIS E

**Name and address where notices should be sent**

MCCORMICK DORIS E
964 CONTADERO PL
LAS VEGAS NV 89138-4545

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _____

Telephone number
Email Address

**Name and address where payment should be sent** (if different from above)

FILED - 04030
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

[Stamp: THE GARDEN CITY GROUP, INC    OCT 5 2009]

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

---

**1  Amount of Claim as of Date Case Filed, June 1, 2009**    $ **1,184.27 per Month for Life**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2  Basis for Claim**  **Retirement Income, Contrabutions, Level Benefit**
(See instruction #2 on reverse side )    **Per Month For Life**

**3  Last four digits of any number by which creditor identifies debtor** _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**    ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment    ☒ Other
Describe                                   • **Salaried Ret. program: 515.44**
**Value of Property** $ **1,184.27/mo**  Annual Interest Rate __%  • **Contributions: 368.83**
                                           • **Level Benefit: 300.00** ) HEALTH
**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $ **300.00** ) CARE

**Basis for perfection**  **Retirement and Healthcare Benefits for Life.**

**Amount of Secured Claim** $ **1,184.27/month**  **Amount Unsecured** $ _____
                              **For Life**

**6  Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of 'redacted' on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4)

☒ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__)
**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

---

**Date 9/30/09**   **Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

*[Signature: Doris E McCormick]*    **Doris E. McCormick**

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §§ 152 and 3571
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc, are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note and credit card If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor s name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U.S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc, please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

---

## INFORMATION

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

*Copy of Fidelity Statement*

## GM SALARIED RETIREMENT PROGRAM



| Payment Type, | Installment | Funding Breakdown | |
|---|---|---|---|
| Advice Number: | 00024803000 | → SALARIED RET PROGRAM | $515 44 |
| Advice Date | June 1, 2009 | → CONTRIBUTIONS | $368 83 |
| | | → THE LEVEL BENEFIT | $300 00 |

DORIS E MCCORMICK
*Questions? Please call 1-800-489-4646*

| Description | Current | Year to Date | Description | Current | Year to Date |
|---|---|---|---|---|---|
| GROSS PAYMENT | $1,184 27 | $7,105 62 | TAXABLE | $1,184 27 | $7,105 62 |
| | | | NET PAYMENT | $1,184 27 | $7,105 62 |

Note In response to the American Recovery and Reinvestment Act of 2009, the IRS has published new income tax withholding tables to be used for pension payments  The use of these new tables may increase the likelihood that you might owe taxes (and possibly estimated tax penalties) at the end of the year due to a reduction in withholding  It is important to understand how your tax liability is determined, based on your income and deductions for the calendar year  We encourage you to speak with a tax or financial advisor or visit the IRS website at www IRS gov

### DIRECT DEPOSIT CONFIRMATION

**Exhibit 2**

US_ACTIVE:\43728621\06\72240.0639




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor** (Check Only One)
- ☐ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)  MC NUTT  REBECCA S

**Name and address where notices should be sent**
MC NUTT  REBECCA S
625 LONGHORN DR
O FALLON  MO  63368-6933

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____ (If known)

Filed on _____

Telephone number
Email Address

**Name and address where payment should be sent** (if different from above)

FILED - 28176
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

Telephone number

Stamp: THE GARDEN CITY GROUP, INC. NOV 16 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS** If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**    $ _____

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim** _____
(See instruction #2 on reverse side)

**3.  Last four digits of any number by which creditor identifies debtor** _____

**3a  Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side)

**4  Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property  $_____    Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim $_____    Amount Unsecured $_____

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING     *the remainder of Creditor Rebecca S. McNutt's life (see attachment.

If the documents are not available, please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
- ☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
- ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
- ☒ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
- ☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
- ☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))
- ☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(_)

**Amount entitled to priority**

$331.47 monthly for

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date** 11-11-09

**Signature:** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*Rebecca S. McNutt* (signature)

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc, are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O BOX 9386 DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note and credit card If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

Motors Liquidation Company
(f/k/a General Motors Corporation)      09 50026 (REG)
MLCS LLC
(f/k/a Saturn LLC)                      09 50027 (REG)
MLCS Distribution Corporation
(f/k/a Saturn Distribution Corporation) 09 50028 (REG)
MLC of Harlem, Inc
(f/k/a Chevrolet-Saturn of Harlem, Inc) 09-13558 (REG)

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

## INFORMATION

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc, please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com



June 19, 2008

REBECCA S MC NUTT
625 LONGHORN DRIVE
O'FALLON, MO 63366

**GM Benefits & Services Center**
gmbenefits com
1-800-489-4646
**International Access**
Dial AT&T Direct® Access Code, then
877-833-9900
**TTY Service for the Hearing or Speech Impaired**
1-877-347-5225

Re   Hourly-Rate Employees Pension Plan "the Plan"
     William K Mc Nutt
     Alternate Payee Benefit Notification

Dear Rebecca S Mc Nutt

The Participant commenced pension benefits effective 06/01/2008   In accordance with the terms of the Qualified Domestic Relations Order on William K Mc Nutt's record, you, the Alternate Payee, are required to receive immediate payment of the pension benefit, effective 06/01/2008   Your benefits as of 06/01/2008 have been calculated as follows

| Benefit Source | Monthly Benefit at 06/01/2008 |
|---|---|
| Basic Benefit | $331 47 |
| Total | $331.47 |

**Monthly Annuity** — The Basic Benefit is payable for the duration of the Alternate Payee's lifetime  These payments shall cease upon the death of the Alternate Payee

You will receive a lump sum of $662 94 to cover retroactive payments accumulated between 06/01/2008 and 07/01/2008. The monthly payments in the amount of $331 47 will be paid to you starting 08/01/2008. Please complete and return the tax and direct deposit form(s) in the enclosed envelope  Checks for the first of the annuity payments will be sent to you with the required federal income tax withheld   Additional state taxes will also be withheld, if applicable

If you have any questions, please call the GM Benefits & Services Center toll-free at 1-800-489-4646, Monday through Friday, between 7 30 A M  and 6 00 P M , Eastern Time zone, to speak with a Customer Service Associate  From outside the U.S., dial your country's toll-free AT&T Direct® access number then enter 877-833-9900  In the U S., call 1-800-331-1140 to obtain AT&T Direct access numbers  From anywhere in the world, access numbers are available online at www att com/traveler or from your local operator

To ensure that you receive future mailings, please contact the GM Benefits & Services Center if your mailing address changes

Sincerely,

**GM Benefits & Services Center**