**HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                                                          :        **Chapter 11 Case No.**
                                                                                :
**MOTORS LIQUIDATION COMPANY, *et al.*,**       :        **09-50026 (REG)**
          **f/k/a General Motors Corp., *et al.***          :
                                                                                :
                                                 **Debtors.**          :        **(Jointly Administered)**
                                                                                :
-----------------------------------------------------------------x

### MOTORS LIQUIDATION COMPANY GUC TRUST'S REPLY TO ALAN C. ZAK'S  RESPONSES TO THE 177th AND 178th OMNIBUS OBJECTIONS TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

          The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), files this reply (the "**Reply**") to the Responses (defined below)

---

[1]        The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC
(f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc.
(f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental
Corporate Remediation Company, Inc.

interposed to the 177th and 178th Omnibus Objections to Claims (Welfare Benefits Claims of

Retired and Former Salaried and Executive Employees) (ECF Nos. 8859 and 8861, respectively)

(the "**Omnibus Objections**"), and respectfully represents:

### Preliminary Statement

1.      On January 26, 2011, the Debtors filed the Omnibus Objections, and a

hearing on the Omnibus Objections is scheduled for June 22, 2011 at 9:45 a.m.  The Omnibus

Objections seek the disallowance and expungement of certain compensation and welfare benefits

claims of retired and former salaried and executive employees of the Debtors on the basis that

such claims (a) are related to unvested welfare benefits that were capable of being modified or

terminated by the Debtors at will pursuant to the terms of the operative documents governing

such welfare benefits, and were modified or terminated in accordance with such operative

documents, and (b) to the extent modified, have otherwise been assumed by New GM[2] pursuant

to the terms of the Master Purchase Agreement and, as described in the Omnibus Objections, are

not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and

expunged from the claims register.

2.      Responses to the Omnibus Objections were due by February 22, 2011 at

4:00 p.m..  The two responses listed on Annex 1 hereto and described further herein were filed

with respect to the Omnibus Objections (collectively, the "**Responses**") by Alan C. Zak (the

"**Responding Party**") relating to his claims (the "**Claims**"), and have been consolidated for the

purposes of this reply for Mr. Zak's convenience.  One of the claims relates to the loss of life

insurance and the other to the loss of healthcare benefits.

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Omnibus Objections.

3.      After reviewing the Responses, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objections and further submits that Mr. Zak has failed to provide any legal or factual support for the Claims, and as a result the Claims should be disallowed and expunged.

4.      The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Zak's welfare benefits. However, in view of the Debtors' liquidation, there should be no other outcome.

**The Responses**

Claim Nos. 62462 and 62223: Alan C. Zak (the "**Zak Claims**")

5.      On February 22, 2011, responses were filed on behalf of Alan C. Zak (the "**Zak Responses**"), stating opposition to the relief sought in the Omnibus Objections with respect to the Zak Claims.  (*See* proofs of claim at Ex. 1 attached hereto).  In the Zak Responses, which are identical, Mr. Zak opposes the disallowance and expungement of the Zak Claims on the basis that, following a 31 year career at General Motors Corporation, his retirement was as a result of an early retirement package that was offered to him by his employer.  The Zak Responses note that the reduction or elimination of welfare benefits decreases the value of the package of benefits that he agreed with his employer at retirement.  While the Zak Responses do not dispute the Debtors right to amend or terminate benefit plans in accordance with the terms of such plans, Mr. Zak asserts in the Zak Responses that voluntary retirement benefits should not be capable of being amended or terminated after voluntary retirement has been agreed.  The Zak Responses note that had Mr. Zak known that the Debtors were to be allowed to unilaterally

---

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

change retirement benefits without negotiations following his retirement, then his decision to

retire at that time would have been different.

6.    Notwithstanding Mr. Zak's opposition, the Responses should be dismissed

because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the

"**Welfare Benefits Plans**") providing medical, dental, vision and life insurance benefits

("**Welfare Benefits**"), including those on which the Claims are based, without further liability,

and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as

they existed on Commencement Date and continues to provide Welfare Benefits as modified

prior to their assumption by New GM, and consequently the Debtors and the GUC Trust have no

liability for the Claims.  Accordingly, the GUC Trust files this Reply in support of the Omnibus

Objections and respectfully requests that the Claims be disallowed and expunged from the claims

register.

<u>**The Claims Should Be Disallowed and Expunged**</u>

7.    Mr. Zak has failed to demonstrate the validity of his Claims and, thus, the

Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22,

2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting

claim's essential allegations).

**(A)    The Claims Should Be Disallowed**
<u>**As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**</u>

8.    In the Zak Responses, Mr. Zak has not demonstrated that the Debtors were

bound by any legal or contractual requirement to continue to provide him, or other retired and

former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The

Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as

amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits. Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan. 29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

9.    In addressing claims similar to the Zak Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*" *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)). As noted in the Omnibus Objections, however, the Sixth Circuit has, recognized that once welfare benefits are vested, they are rendered forever unalterable.

10.    Thus, Mr. Zak bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Zak has a contractual right to the perpetual continuation of their Welfare Benefits at a contractually specified level.

11.    In the Zak Responses, Mr. Zak has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time. Moreover, Mr. Zak has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to him. In fact, the Zak

Responses concede that "[t]here is little doubt that many GM documents stated "GM reserves the right to amend or terminate benefit plans…," or similar language".  Zak Responses at 3. Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)**      **Ongoing Benefits Have Been Assumed by New GM**

12.      On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the Benefit Plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect on the Closing Date, including both responsibility for all claims incurred prior to the Closing Date and all future claims properly payable pursuant to the terms of the applicable Welfare Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to Welfare Benefits and ERP Benefits that have been assumed by New GM, and Mr. Zak has not provided any credible factual or legal basis to suggest otherwise.

**(C)**      **Any Other Arguments Raised by Mr. Zak Are Without Merit**

13.      The Zak Responses argue that, notwithstanding Mr. Zak's acknowledgement of the Debtors' specific reservation of their right to amend or terminate the Welfare Benefit Plans in accordance with the terms of such plans, as set forth in summary plan descriptions and other communications to benefit plan participants, Mr. Zak's retirement benefits should not be subject to such amendment once Mr. Zak had accepted the offer to voluntarily

retire, given that "the very foundation of American business is predicated" on the legal system upholding contractual agreements, and amending or terminating Mr. Zak's Welfare Benefits undermines his reasons for accepting the offer initially.

14.    The Zak Responses do not provide any evidence, whether contractual or otherwise, nor do they cite to any applicable provision or statute, that supports the existence, of a separate, affirmative contractual obligation on the part of the Debtors to continue to specifically provide Mr. Zak with Welfare Benefits at the same level as at the time he retired.  Further, Mr. Zak acknowledges the Debtors' right to amend or terminate the Welfare Benefits in accordance with the terms of the applicable Welfare Benefit plans.  As a result, the Debtors and the GUC Trust cannot have any liability on the Zak Claims.

15.    Any remaining arguments raised by Mr. Zak are without merit and should be dismissed.

### Conclusion

16.    Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual rights to vested welfare benefits has been established by Mr. Zak; and (iii) New GM assumed the Benefit Plans as modified, the Debtors and the GUC Trust have no liability for the Zak Claims.  The GUC Trust reiterates that the Zak Responses have not provided any legal or factual support for the Claims and cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims should be disallowed and expunged in their entirety.

17.    WHEREFORE, for the reasons set forth above and in the Omnibus

Objections, the GUC Trust respectfully requests that the Court grant the relief requested in the

Omnibus Objections and such other and further relief as is just.

Dated: New York, New York
       June 17, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**Annex 1**

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| 177th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | | |
| 1. | 62462 | 9397 | Zak, Alan C. | $78,320.00 (U) | Mr. Zak's response notes that he was an employee of General Motors Corporation for 31 years, and retired as a result of an early retirement package that was offered to him by the company. Mr. Zak notes that the reduction or elimination of welfare benefits decreases the value of the package of benefits that he agreed at retirement. While Mr. Zak's response notes that he does not dispute the Debtors right to amend or terminate benefit plans in accordance with the terms of such plans, his voluntary retirement should not terminate those rights. Mr. Zak's response notes that had he known that the Debtors were to be allowed to unilaterally change his retirement benefits without negotiations, then the decision to retire would have been different. |

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| 178th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | | |
| 1. | 62223 | 9396 and 9412 | Zak, Alan C. | $166,048.00 (U) | **[Mr. Zak's responses are to the 179th omnibus objection, however the Debtors and the GUC Trust believe this is a reference to his claims listed in the 178th Omnibus Objection]** Mr. Zak's response notes that he was an employee of General Motors Corporation for 31 years, and retired as a result of an early retirement package that was offered to him by the company. Mr. Zak notes that the reduction or elimination of welfare benefits decreases the value of the package of benefits that he agreed at retirement. While Mr. Zak's response notes that he does not dispute the Debtors right to amend or terminate benefit plans in accordance with the terms of such plans, his voluntary retirement should not terminate those rights. Mr. Zak's response notes that had he known that the Debtors were to be allowed to unilaterally change his retirement benefits without negotiations, then the decision to retire would have been different. |

**Exhibit 1**

US_ACTIVE:\43736425\02\72240.0639

02500918
APS0656618221




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem Inc) — 09-13558 (REG)

**Your Claim is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 USC § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 USC § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) ALAN ZAK

Name and address where notices should be sent

ALAN ZAK
5545 DUNROVEN WAY
DAWSONVILLE, GA 30534-4855

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(*If known*)

Filed on _____

Telephone number 770 844 7316
Email Address ZAKASANA@AOL.COM

Name and address where payment should be sent (if different from above)

FILED – 62223
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $166,048.00

If all or part of your claim is secured, complete item 4 below however if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** VALUE OF DIMINISHED / CANCELLED HEALTH CARE INSURANCE
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor** 3023

   **3a Debtor may have scheduled account as** _____
   (See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe

Value of Property $ _____ Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection _____

Amount of Secured Claim $ _____ Amount Unsecured $ _____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes purchase orders invoices itemized statements or running accounts contracts judgments mortgages and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of "redacted" on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 USC § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 USC § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 USC § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 USC § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase lease or rental of property or services for personal, family or household use – 11 USC § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 USC § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 USC § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 USC § 507(a)(__)

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

Date 11/24/09

**Signature** The person filing this claim must sign it Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

[signature: Alan O. Zak]

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 USC §§ 152 and 3571

Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group Inc are not authorized to and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING PO BOX 9386 DUBLIN OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT SDNY ONE BOWLING GREEN ROOM 534 NEW YORK NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1 2009 You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed personal injury/wrongful death car loan mortgage note and credit card If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9) indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC | |
| (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem Inc | |
| (f/k/a Chevrolet-Saturn of Harlem Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person corporation or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group Inc as described in the instructions above and in the Bar Date notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked edited out or otherwise deleted certain information A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc please provide a self-addressed, stamped envelope, and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ) and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

---

## INFORMATION



# U.S. Benefit Modifications

### Questions and Answers Regarding the Recently Announced Benefit Changes

## HEALTH CARE CHANGES AS OF JANUARY 1, 2010

**Q.**   **What salaried retiree health care changes did GM announce?**

**A**    Effective January 1, 2010, retirees, surviving spouses and their eligible dependents will only be eligible for medical and prescription drug coverages under the GM Salaried Health Care Program   Medical coverage includes behavioral health and substance abuse, durable medical equipment including prosthetic and orthotic appliances, and hearing   Effective January 1, 2010, dental, vision and extended care coverages will cancel   In addition, cost sharing provisions (e g , monthly contributions, deductibles, coinsurance and out of pocket maximums) under the Salaried Health Care Program will increase substantially

**Q.**   **Who is impacted by these changes?**

**A**    These changes impact current and future retirees and surviving spouses (including dependents) who are eligible for GM contributions towards health care in retirement They also impact those who are eligible to participate in the GM Salaried Health Care Program on a self-pay basis

## DENTAL, VISION and EXTENDED CARE COVERAGE (ECC)

**Q.**   **When will salaried retiree dental, vision, and extended care coverages cancel?**

**A.**   January 1, 2010

**Q**    **Can I self-pay for dental, vision or ECC through the GM Salaried Health Care Program?**

**A**    No

**Q.**   **Will I be offered COBRA for dental or vision when they are cancelled?**

**A**    This is still under consideration at General Motors

**Q.**   **Will I be offered COBRA for Extended Care Coverage when this is cancelled?**

**A**    No   The COBRA statutes do not apply to ECC

**Q.**   **Can I purchase dental and/or vision coverage on my own?**

**A.**   Yes   Dental and vision products are available publically for individual purchase



APS2009950696
02500918

PLEASE COMPLETE THE FOLLOWING

ITEM 1  **Amount of General Unsecured Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below

| | |
|---|---|
| Claim Amount | $166,048 00 |
| Debtor | MOTORS LIQUIDATION COMPANY |

ITEM 2  **Vote on the Plan.**  The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to

<u>Check one box</u>  ☑  Accept the Plan        01-26-11  A10·49  IN

☐  Reject the Plan

ITEM 3  **Acknowledgement and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto  The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein

Print or Type Name of Claimant        _ALAN C. ZAK_

Social Security or Federal Tax I D No of Claimant  _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_

Signature        _Alan C. Zak_

Name of Signatory (if different than claimant)  _____

If by Authorized Agent, Title of Agent  _____

Street Address        _5545 DUNROVEN WAY_

City, State, and Zip Code        _DAWSONVILLE, GA 30534_

Telephone Number        _770-844-7316_

E-mail Address        _ZAKASANA@AOL.COM_

Date Completed        _01-21-2011_

*THE GARDEN CITY GROUP, INC.  JAN 26 2011*

*Please check <u>one or both</u> of the below boxes, if the above address is a change of address for the purpose(s) of*

☐ future notice mailings, **AND/OR**  ☐ distributions        **BALLOT #1288**

5

188 / Z 4



APS2080936636
02500918

ALAN ZAK
5545 DUNROVEN WAY
DAWSONVILLE, GA  30534-4855

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO  18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH  43017-9957



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
- ☑ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

*Your Claim is Scheduled As Follows.*

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) ZAK ALAN C

**Name and address where notices should be sent**

ZAK ALAN C
5545 DUNROVEN WAY
DAWSONVILE GA 30534-4855

**Telephone number** 770 844 7916
**Email Address** ZAKASANA@AOL.COM

**Name and address where payment should be sent** (if different from above)

FILED - 62462
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

**Telephone number**

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

**Filed on** _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $ 78,320

If all or part of your claim is secured, complete item 4 below, however if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** VALUE OF CANCELLED BASIC LIFE INSURANCE
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor** 3023

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff** ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe

**Value of Property** $_____ **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $_____

**Basis for perfection** _____

**Amount of Secured Claim** $_____ **Amount Unsecured** $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim such as promissory notes purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor s business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date** 11/25/09

**Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

[signature] Alan C. Zak

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim Fine of up to $500 000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN, OH 43017-4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN ROOM 534, NEW YORK NEW YORK 10004 **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P.M  (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009  You should select the debtor against which you are asserting your claim

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note and credit card  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured (See DEFINITIONS, below )  State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below )  A claim may be partly priority and partly non-priority  For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below )  Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You must also attach copies of documents that evidence perfection of any security interest  You may also attach a summary  FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services, see instruction 2  Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it  FRBP 9011  If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title, if any, of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

Motors Liquidation Company
(f/k/a General Motors Corporation)         09-50026 (REG)
MLCS, LLC
(f/k/a Saturn, LLC)                        09-50027 (REG)
MLCS Distribution Corporation
(f/k/a Saturn Distribution Corporation)    09-50028 (REG)
MLC of Harlem Inc
(f/k/a Chevrolet-Saturn of Harlem, Inc )   09-13558 (REG)

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C § 101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing  The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states, a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted, certain information  A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

## INFORMATION



# U.S. Benefit Modifications

Dear GM Retiree

As part of GM's announcements on June 1st, we acknowledged some of the significant sacrifices that our salaried employees and retirees will be making to support the reinvention of General Motors  We also communicated that we would be reducing the obligations for certain retiree benefits by roughly two-thirds

We have now finalized the changes that we need to make in order to achieve the required two-thirds reduction  As promised, I am sharing this information with you as quickly as possible  These are very difficult changes to make, but unfortunately necessary to position the New GM to win – and win now.  These changes are described below  As always, all benefits are at all times subject to the terms of each plan.

## Basic Life Insurance in Retirement

For current retirees eligible for Basic Life Insurance in retirement (those whose service date was prior to January 1, 1993) the amount of Basic Life Insurance provided by GM is being reduced to $10,000 (retirees with less than $10,000 will remain at that level of life insurance)  This change will be effective on the first of the month following the New GM sale closing.

Retirees impacted by these reductions will have an opportunity to supplement their remaining employer provided Basic Life Insurance by enrolling in a Voluntary Life Insurance program through MetLife  This program will not require "proof of good health"  Enrollment for this program will be in the third quarter of this year

During the first two years of participation in the program, the death benefit available will be equal to the amount of the premiums paid  Following two years of premium contributions, the full amount of coverage elected will be payable in the event of your death  Details regarding the program will be mailed to you from MetLife in the third quarter

## Non Medicare Retiree Health Care

Effective January 1, 2010, the General Motors Salaried Health Care Program will be further modified for salaried retirees, surviving spouses and their eligible dependents  Individuals impacted by this change include

- Salaried retirees, surviving spouses and their dependents eligible to enroll or who currently are enrolled in the GM Salaried Health Care Program, and
- Current employees who are eligible to enroll in the GM Salaried Health Care Program upon retirement

The new plan design will include benefits and coverages for medical and prescription drugs <u>only,</u> and dental, vision, and extended care coverage will be cancelled  Cost sharing provisions (e g , monthly contributions, deductibles, coinsurance and out of pocket maximums) will increase substantially



APS2040045296
02018966

PLEASE COMPLETE THE FOLLOWING

**ITEM 1    Amount of General Unsecured Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below

| Claim Amount | $78,320 00 |
|---|---|
| Debtor | MOTORS LIQUIDATION COMPANY |

**ITEM 2    Vote on the Plan.**  The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to

<u>Check one box</u>    ☑    Accept the Plan          01-26-11  A10 49  IN

☐    Reject the Plan

**ITEM 3    Acknowledgement and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto  The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan   The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein

| | |
|---|---|
| Print or Type Name of Claimant | *ALAN  C.  ZAK* |
| Social Security or Federal Tax I D  No  of Claimant | *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* |
| Signature | *[signature]* |
| Name of Signatory (if different than claimant) | |
| If by Authorized Agent, Title of Agent | |
| Street Address | *5545 DUNROVEN WAY* |
| City, State, and Zip Code | *DAWSONVILLE, GA 30534* |
| Telephone Number | *770-844-7316* |
| E-mail Address | *ZAKASANA@AOL.COM* |
| Date Completed | *01-21-2011* |

*[stamp: THE GARDEN CITY GROUP, INC. JAN 26 2011]*

*Please check <u>one or both</u> of the below boxes, if the above address is a change of address for the purpose(s) of*

☐ future notice mailings, **<u>AND/OR</u>** ☐ distributions          **BALLOT #1287**

5

189 / Z 4



APS2080915296
02018966

ZAK, ALAN C
5545 DUNROVEN WAY
DAWSONVILLE GA 30534-4855

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL     PERMIT NO  18     DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH  43017-9957

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

