GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Joshua Weisser
Keith Martorana

Presentment Date: July 5, 2011 at 12:00 p.m.
Objection Deadline: June 28, 2011 at 5:00 p.m.

*Attorneys for the GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                          :
**In re**                                 :
                                          :          **Chapter 11 Case No.**
                                          :
                                          :          **09-50026 (REG)**
**MOTORS LIQUIDATION COMPANY,** *et al.*, :
**f/k/a General Motors Corp.,** *et al.*  :
                                          :          **(Jointly Administered)**
                                          :
                     **Debtors.**         :
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF**
**MOTION OF WILMINGTON TRUST COMPANY,**
**AS GUC TRUST ADMINISTRATOR, TO AMEND THE**
**MOTORS LIQUIDATION COMPANY GUC TRUST AGREEMENT**
**AND**
**OPPORTUNITY FOR HEARING**

       **PLEASE TAKE NOTICE** that upon the annexed Motion of Wilmington Trust Company, in its capacity as trust administrator and trustee of the Motors Liquidation Company GUC Trust (in such capacity, the "GUC Trust Administrator"), to amend the Motors Liquidation Company GUC Trust Agreement, the undersigned will present the attached proposed order to the Honorable Judge Robert E. Gerber, United States Bankruptcy Judge, for signature on **July 5, 2011 at 12:00 noon (Prevailing U.S. Eastern Time).**

       **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the relief requested in the Motion is filed and served in accordance with the preceding paragraph, there will not be a hearing and the order attached as Exhibit A to the Motion may be signed.

       **PLEASE TAKE FURTHER NOTICE** that any objections, if any, to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, and shall be filed, with proof of service, with the Clerk of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov. ) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest on a CD-Rom or 3.5 inch disk, preferably in text-searchable portable documents (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq, Stephen Karotkin, Esq. and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite, 370, Birmingham, Michigan 48009 (Attn: Lawrence S. Buonomo, Esq.); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.) (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michal L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq., and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W. Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for the GUC Trust, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Matthew J. Williams, Esq., Joshua Weisser, Esq., and Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; (xvi) John W. Andrews, Esq., attorney for Lisa G. Henry, 3220 Henderson Blvd., Tampa, Florida 33609; and (xvii) Wilmington Trust Company, Rodney Square North, 1100 North Market Street, Wilmington, DE 19890-1615, so as to be received no later than **June 28, 2011 at 5:00 p.m. (prevailing U.S. Eastern Time) (**the "Objection Deadline").

       **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served, the Court will notify the GUC Trust Administrator and the objecting parties of the date and time of the hearing (the "Hearing") and of the GUC Trust Administrator's obligation to notify all other parties entitled to receive notice.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  New York, New York
       June 20, 2011

                      GIBSON, DUNN & CRUTCHER LLP

                      By:  /s/ Matthew J. Williams

                      Matthew J. Williams
                      Joshua Weisser
                      Keith Martorana
                      200 Park Avenue
                      New York, NY 10166-0193
                      (212) 351-4000

                      *Attorneys for the GUC Trust Administrator*

**<u>ANNEX</u>**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Joshua Weisser
Keith Martorana

Presentment Date: July 5 2011 at 12:00 p.m.
Objection Deadline: June 28, 2011 at 5:00 p.m.

*Attorneys for the GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                        :

**In re**                      :         **Chapter 11 Case No.**
                          :

**MOTORS LIQUIDATION COMPANY, *et al.*,**  :       **09-50026 (REG)**
**f/k/a General Motors Corp., *et al.***     :

                        :         **(Jointly Administered)**
         **Debtors.**          :
---------------------------------------------------------------x

**MOTION OF WILMINGTON TRUST COMPANY,**
**AS GUC TRUST ADMINISTRATOR, TO AMEND THE**
<u>**MOTORS LIQUIDATION COMPANY GUC TRUST AGREEMENT**</u>

**TO:   THE HONORABLE ROBERT E. GERBER**
      **UNITED STATES BANKRUPTCY JUDGE**

      Wilmington Trust Company, in its capacity as trust administrator and trustee (in such

capacity, the "<u>GUC Trust Administrator</u>"), of the Motors Liquidation Company GUC Trust

(the "<u>Trust</u>") established under Article VI of the Debtors' Second Amended Joint Chapter 11

Plan dated as of March 18, 2011 (Docket No. 9836) (as confirmed, the "<u>Plan</u>") of the above-

captioned post-effective date debtors' (the "<u>Debtors</u>"), by and through the undersigned

counsel, submits this motion (the "<u>Motion</u>") seeking entry of an Order, pursuant to Sections

1142(b) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, <u>et</u> <u>seq</u>. (the

"<u>Bankruptcy Code</u>") approving the amendment of the Motors Liquidation Company GUC

Trust Agreement (the "Trust Agreement") substantially in the form attached hereto as Exhibit B (the "Amendment"), and in support thereof, respectfully represents as follows:[1]

### JURISDICTION

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b), paragraph II of the order confirming the Plan (Docket No. 9941) (the "Confirmation Order"), Article XI of the Plan and Section 13.3 of the Trust Agreement.  The statutory predicates for the relief sought herein are Sections 1142(b) and 105(a) of the Bankruptcy Code.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### BACKGROUND

2.      On or about March 29, 2011, this Court entered the Confirmation Order.  The effective date of the Plan (the "Effective Date") was March 31, 2011, and the initial distribution of GUC Trust Distributable Assets to holders of Initial Allowed General Unsecured Claims occurred on or about April 21, 2011 (the "Initial Distribution Date").

3.      Pursuant to the Plan, the Trust holds, administers, and directs the distribution of New GM Securities and other assets pursuant to the terms and conditions of the Trust Agreement.

4.      The salient provisions of the Trust Agreement and Plan provide that, on or promptly as practicable after the Effective Date, holders of Initial Allowed General Unsecured Claims are to receive their pro rata share of (a) New GM Securities and (b) beneficial interests in the Trust ("Units").  To streamline the distribution process, the Trust Agreement directs the GUC Trust Administrator to make subsequent distributions of

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan and Trust Agreement, as applicable.

"Excess GUC Trust Distributable Assets" to Unit holders, rather than to holders of Allowed General Unsecured Claims.

5.       The Trust Agreement contemplates the issuance of freely transferable Units through participants of the Depository Trust Corporation ("<u>DTC</u>").    However, the Confirmation Order and the Trust Agreement prohibit the issuance of transferable Units unless and until the Trust receives a favorable ruling from the Division of Corporation Finance of the Securities and Exchange Commission (the "<u>No Action Relief</u>").    (<u>See</u> Confirmation Order Para. 13, Trust Agreement § 3.5(a)).  The Confirmation Order and the Trust Agreement provide that the GUC Trust Administrator may waive the No Action Relief requirement and issue Units if (and only if) the Units are non-transferable.   However, the Trust Agreement itself lacks the proper mechanics to issue non-transferable Units.  (<u>See</u> GUC Trust Agreement §§ 3.3, 3.5).

6.       The Trust distributed New GM Securities to holders of Initial Allowed General Unsecured Claims on the Initial Distribution Date.  However, at that time, the Trust had not received No Action Relief, and therefore, did not issue or distribute the Units through DTC or otherwise.

7.       The issuance of Units is a vital component of the quarterly distributions contemplated by the Trust Agreement.  (<u>See</u> GUC Trust Agreement § 5.4(b)).  The GUC Trust Administrator anticipates making the next distribution as soon as practicable after July 1, 2011, the beginning of the next calendar quarter.  If Excess GUC Trust Distributable Assets are available on such date, pursuant to the Trust Agreement, a portion of the distribution is to be made to Unit holders.  Although the GUC Trust Administrator continues to pursue No Action Relief (and, upon receipt of such relief, will issue transferable Units), there is no certainty as to when, if at all, such relief will be received.

8.      Accordingly, modification of the Trust Agreement is required to establish the proper structure for the issuance of non-transferable Units and, ultimately, to distribute the Excess GUC Trust Distributable Assets.  The proposed Amendment provides the GUC Trust Administrator with both the appropriate mechanics for the issuance of non-transferable Units and also the option, if at some point No Action Relief is obtained, to issue transferable Units through DTC or otherwise.

**RELIEF REQUESTED**

9.      By this Motion, the GUC Trust Administrator seeks entry of an order, in the form attached hereto as Exhibit A, authorizing the GUC Trust Administrator to make certain technical amendments to the Trust Agreement to ensure that holders of Allowed General Unsecured Claims receive their distributions from the Trust in a timely and efficient manner, regardless of whether the No Action Relief is obtained and regardless of whether transferable Units are ultimately issued through DTC.

10.     Certain provisions of the Trust Agreement assume the receipt of the No Action Relief, and hence, the issuance of transferable Units by the Trust.  These provisions, if not amended, could impair future distributions to allowed claimants and impose an undue burden on the GUC Trust Administrator with respect to such distributions.

11.     If approved, by way of example, the proposed amended Section 3.3 would give the GUC Trust Administrator authority to issue and record non-transferable Units on its own books and records prior to the Trust's receipt of No Action Relief (if it is received at all). The GUC Trust Administrator could then make timely distributions of Excess GUC Trust Distributable Assets to the beneficial holders of the non-transferable Units.  If and when the No Action Relief is obtained, the Trust would also have the authority to issue transferable Units through DTC as was previously contemplated.

12.    In addition, the GUC Trust Administrator requests authority to amend the Trust Agreement to shift the end of the Trust's fiscal year, as established in Section 6.7 of the Trust Agreement, from December 31 to March 31.  The GUC Trust Administrator submits that this change will ease reporting and permit the GUC Trust Administrator to provide greater transparency to stakeholders with respect to the Trust's financial performance, particularly in the first year of the Trust's existence.  The Debtors will dissolve at the end of 2011.  See Plan § 6.10.  At their dissolution, the Debtors shall transfer to the Trust all of their Residual Wind-Down Assets.  Concurrently, the Trust shall assume the Residual Wind-Down Claims, and the GUC Trust Administrator shall have the exclusive right to object to such Residual Wind-Down Claims.  Modification of the Trust's fiscal year will permit the GUC Trust Administrator to perform a complete analysis of these additional assets and claims and include that full analysis in any required annual reporting, including the first annual report required under Section 6.2 of the Trust Agreement.    Accordingly, the Section 6.7 modification incorporated into the Amendment will improve the quality of the Trust's reporting and, therefore, should be approved.

## NOTICE

13.    The GUC Trust Administrator has served notice of this Motion on (i) the Office of the United States Trustee, Tracy Hope Davis, Esq. for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (ii) the parties identified on Exhibit C annexed hereto and (iii) other parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (Docket No. 10183). The GUC Trust Administrator submits that no other or further notice need be provided.

## WAIVER OF MEMORANDUM OF LAW

14.     The GUC Trust Administrator, by and through the undersigned counsel, represents that the facts and circumstances set forth herein do not present a novel question of law and, as such, respectfully requests that this Court waive the requirement of filing a memorandum of law in accordance with Rule 9013-1(b) of the Local Rules of the Bankruptcy Court for the Southern District of New York.

## CONCLUSION

WHEREFORE, the GUC Trust Administrator respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the Amendment of the Trust Agreement substantially in the form attached hereto as Exhibit B, and grant such other and further relief as may be deemed just and proper.

Dated:  New York, New York
        June 20, 2011

GIBSON, DUNN & CRUTCHER LLP

By:     /s/ Matthew J. Williams

Matthew J. Williams
Joshua Weisser
Keith Martorana
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

*Attorneys for the Motors Liquidation Company
GUC Trust*

**<u>EXHIBIT A</u>**

**[Proposed Order]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                              :          **Chapter 11 Case No.**
:
:          **09-50026 (REG)**
**MOTORS LIQUIDATION COMPANY, *et al.,*** :
**f/k/a General Motors Corp., *et al.*** :          **(Jointly Administered)**
:
**Debtors.** :
-------------------------------------------------------------------x

### ORDER APPROVING AMENDMENT TO
### MOTORS LIQUIDATION COMPANY GUC TRUST AGREEMENT

Upon the motion, dated June 20, 2011 (the "Motion") of Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "GUC Trust Administrator") of the Motors Liquidation Company GUC Trust (the "Trust") established under Article VI of the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 (as confirmed, the "Plan"), seeking entry of an Order, pursuant to Sections 1142(b) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") approving the amendment of the Motors Liquidation Company GUC Trust Agreement (the "Trust Agreement") substantially in the form attached to the Motion as Exhibit B (the "Amendment"); and any objections to the Motion having been settled, resolved, withdrawn or overruled; and this Court having determined that the relief requested in the Motion is in the best interests of the above-captioned post-effective date debtors' (the "Debtors") creditors and estates; and it further appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor:

## FINDINGS OF FACT

IT IS HEREBY FOUND AND DETERMINED THAT:

A.    The GUC Trust Administrator's entry into the Amendment complies fully with Section 13.13 of the Trust Agreement and is consistent with both the purpose and intent of the Trust and the Plan.

B.    The GUC Trust Administrator's entry into the Amendment does not require any additional approvals or consents.

## CONCLUSIONS OF LAW

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

ORDERED, that the relief requested in the Motion is granted in its entirety; and it is further

ORDERED, that the Amendment to the Trust Agreement, in substantially the form attached as Exhibit B to the Motion, is hereby approved, and the GUC Trust Administrator, FTI Consulting, Inc., as trust monitor, and the Debtors are each authorized and directed to execute the same; and it is further

ORDERED, that except as expressly modified hereby or by the Amendment, the Trust Agreement shall remain unmodified and in full force and effect; and it is further

ORDERED, that this Order shall be effective immediately upon entry; and it is further

ORDERED, that this Court shall retain jurisdiction of all matters and disputes arising in connection with or related to the interpretation or implementation of the Amendment.


Dated:  _____ __, 2011
            New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

2

**EXHIBIT B**

**[Trust Agreement Amendment]**

First Amendment to Trust Agreement

This amendment, dated as of June _, 2011 (the "Amendment") to that certain Motors Liquidation Company GUC Trust Agreement, dated as of March 30, 2011 (the "Trust Agreement"), is executed by Wilmington Trust Company, as trust administrator and trustee (in such capacity, the "GUC Trust Administrator") and the other undersigned parties, in accordance with Section 13.13 of the Trust Agreement. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan and Trust Agreement.

W I T N E S S E T H

WHEREAS, the Motors Liquidation Company GUC Trust (the "Trust") was established for the sole purpose of liquidating and distributing its assets for the benefit of the holders of the Allowed General Unsecured Claims (whether allowed prior to, on, or after the Effective Date); and

WHEREAS, it is now necessary to amend the Trust Agreement to provide for distributions of GUC Trust Distributable Assets on account of Units which are issued and evidenced by appropriate notation on the books and records of the GUC Trust Administrator; and

WHEREAS, pursuant to Section 8.1(a) of the Trust Agreement, the GUC Trust Administrator has filed a motion with the Bankruptcy Court seeking, inter alia, approval of this Amendment; and

WHEREAS, this Amendment shall become effective upon a Final Order of the Bankruptcy Court and execution by the appropriate signatories to this Amendment;

NOW, THEREFORE, in accordance with Section 13.13 of the Trust Agreement and the Confirmation Order, the Trust Agreement is hereby amended as follows:

1. The second sentence of Section 3.3(a) shall be deleted in its entirety and replaced

   with the following:

   > With respect to holders of Note Claims and Eurobond Claims, if the Units are freely negotiable and transferable pursuant to Section 3.6 of this Agreement, the GUC Trust shall issue such Units to holders of Note Claims and Eurobond Claims through the applicable Indenture Trustees and Fiscal and Paying Agents, who will in turn distribute the Units to such holders in accordance with the procedures of DTC and its participants. If the Units are not freely negotiable and transferable pursuant to Section 3.6 of this Agreement, the GUC Trust shall issue the Units, as entries on GUC Trust Administrator's books and records in accordance with Section 3.5(a) hereof, to the applicable Indenture Trustees and Fiscal and Paying Agents for the benefit of holders of Note Claims and Eurobond Claims. Any New GM Securities distributed to the applicable Indenture Trustees and Fiscal and Paying Agents on account of such Units shall in turn be distributed by such Indenture Trustees and Fiscal and Paying Agents to the holders of Note

Claims and Eurobond Claims in accordance with the procedures of DTC and its participants. Notwithstanding the foregoing, a holder of Note Claims or Eurobond Claims who holds such Claims in certificated form shall not be treated as a holder of Note Claims or Eurobond Claims for purposes of this Section 3.3.

2.  "At such time as" in the second sentence of Section 3.4(a) shall be replaced with the following: "As soon as reasonably practicable after".

3.  Section 3.5 shall be deleted in its entirety and replaced with the following:

3.5    Evidence of Units.

(a) Provided the Units are not freely negotiable or transferable pursuant to Section 3.6 of this Agreement, the Units shall be issued and evidenced by appropriate notation on the books and records of the GUC Trust Administrator. The Units shall not be certificated and shall not be transferable, assignable, pledged, or hypothecated in whole or in part, except by applicable laws of descent or distribution (in the case of a deceased individual GUC Trust Beneficiary); by operation of law; in accordance with applicable bankruptcy law; or as otherwise approved by the Bankruptcy Court. The GUC Trust Administrator shall not be required to recognize any equitable or other claims to such interest by the transferee thereof, and the named GUC Trust Beneficiary shall remain as such for all purposes hereunder.

(b) Provided the Units are freely negotiable and transferable pursuant to Section 3.6 of this Agreement:

(i)    Except pursuant to sub-section 3.5(b)(ii) below, Units will be issued in global form (the "Global Unit Certificate") only, registered in the name of DTC or its nominee (or the successor of either of them), and interests in the Global Unit Certificate will be held only through participants (including securities brokers and dealers, banks, trust companies, clearing corporations and other financial organizations) of DTC, as depositary. The Global Unit Certificate shall bear such legend as may be required by DTC. The aggregate number of Units issued hereunder may from time to time be increased by adjustments made on the records of the GUC Trust and a corresponding increase in the number of Units evidenced by such Global Unit Certificate (as shall be specified in the schedule included as part of the Global Unit Certificate or the issuance of further Global Unit Certificates in respect of such additional Units). Units will not be issued in definitive form, except in the limited circumstances described in Section 3.5(b)(ii) below. For so long as DTC serves as depositary for the Units, the GUC Trust Administrator may rely on the information and records of DTC to make distributions and send communications to the holders of Units and, in so doing, the GUC Trust Administrator shall be fully protected and incur no liability to any holder of Units, any transferee (or purported transferee) of Units, or any other person or entity.

2

(ii)    If DTC is unwilling or unable to continue as a depositary for the Units, or if the GUC Trust Administrator with the approval of the GUC Trust Monitor otherwise determines to do so, the GUC Trust Administrator shall exchange the Units represented by Global Unit Certificate(s) for definitive certificates.

(c)    Notwithstanding anything to the contrary in the Plan, the Confirmation Order or this Trust Agreement, the GUC Trust shall not issue any Units unless and until (i) the GUC Trust receives a favorable ruling from the Division of Corporation Finance of the SEC, in a form acceptable to the GUC Trust Administrator in its sole discretion, which provides that, among other matters, the Division of Corporation Finance of the SEC would not recommend enforcement action if such Units are not registered under Section 12(g) of the Securities Exchange Act of 1934, and (ii) in addition to such favorable ruling from the Division of Corporation Finance of the SEC, the Divisions of Investment Management and Trading and Markets of the SEC formally or informally communicate that they have no objection to the issuance of the Units and the establishment of the GUC Trust; *provided, however,* that in the case of each of clauses (i) and (ii) above; if, and only if the Units are not transferable except by operation of law, the GUC Trust Administrator may waive the requirement of such a ruling or "no objection" communication, as applicable, in its sole discretion.

4.  The second sentence of Section 3.6 shall be deleted in its entirety and replaced with the following:  "To the extent transferability of the Units would not require the GUC Trust to register the Units under Section 12(g) of the Securities Exchange Act of 1934, as amended, and for so long as DTC continues to serve as depositary for the Units, the transferability of the Units shall also be subject to the requirements of DTC's electronic book-entry system."

5.  The second sentence of Section 5.6(b) shall be deleted in its entirety and replaced with the following:  "Subject to the following sentence, no fractional shares of New GM Common Stock or fractional New GM Warrants shall be distributed by the GUC Trust hereunder to any holder of a Unit.  In addition, if the Units are not freely negotiable or transferable pursuant to Section 3.6 of this Agreement, no cash payment in an amount less than $25 shall be made by the GUC Trust Administrator to any holder of a Unit."

6.  In the third sentence of Section 6.2, the phrase "beneficial holders" shall be replaced with the phrase "Registered holders".

7.  Section 6.7 shall be deleted in its entirety and replaced with the following: "Except for the first and last years of the GUC Trust, the fiscal year of the GUC Trust shall commence on April 1 and end on March 31 of the succeeding year. The first year of the GUC Trust shall commence on March 31, 2011 and end on March 31, 2012.  For the last year of the GUC Trust, the fiscal year of the GUC Trust shall be such portion of the calendar year that the GUC Trust is in existence."

Except as expressly amended hereby, the Trust Agreement shall remain unmodified and in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed this Amendment or caused this Amendment to be duly executed by their respective officers, representatives, or agents as of the date first above written.

**MOTORS LIQUIDATION COMPANY**

By: _____
    Name:
    Title:

**MLC OF HARLEM, INC.**

By: _____
    Name:
    Title:

**MLCS, LLC**

By: _____
    Name:
    Title:

**MLCS DISTRIBUTION CORPORATION**

By: _____
    Name:
    Title:

**REMEDIATION AND LIABILITY MANAGEMENT COMPANY, INC.**

By: _____
    Name:
    Title:

**ENVIRONMENTAL CORPORATE REMEDIATION COMPANY, INC.**

By: _____
    Name:
    Title:

**WILMINGTON TRUST COMPANY, AS GUC TRUST ADMINISTRATOR AND TRUSTEE**:

By: _____
    Name:
    Title:

**FTI CONSULTING, INC., AS GUC TRUST MONITOR**:

By: _____
    Name:
    Title:

**EXHIBIT C**

**[Notice]**

| | |
|---|---|
| Motors Liquidation Company<br>401 South Old Woodward Avenue<br>Suite 370<br>Birmingham, Michigan 48009<br>Attn: Thomas Morrow<br>Telephone: (313) 486-4044<br>Telecopier: (313) 486-4259<br>E-mail: tmorrow@alixpartners.com | AlixPartners LLP<br>40 West 57th Street<br>New York, New York 10019<br>Attn: Ted Stenger<br>Telephone: (212) 490-2500<br>Telecopier: (212) 490-1344<br>E-mail: tstenger@alixpartners.com |
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq.<br>Telephone: (212) 310-8000<br>Telecopier: (212) 310-8007<br>E-mail: stephen.karotkin@weil.com<br>joseph.smolinsky@weil.com | Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Attn: Thomas Moers Mayer, Esq.<br>Robert Schmidt, Esq.<br>Telephone: (212) 715-9100<br>Telecopier: (212) 715-8000<br>E-mail: tmayer@kramerlevin.com<br>rschmidt@kramerlevin.com |
| Caplin & Drysdale, Chartered<br>375 Park Avenue, 35th Floor<br>New York, New York 10152-3500<br>Attn: Elihu Inselbuch, Esq.<br>Rita C. Tobin, Esq.<br>Telephone: (212) 319-7125<br>Telecopier: (212) 644-6755<br>E-mail: ei@capdale.com<br>rct@capdale.com | Caplin & Drysdale, Chartered<br>One Thomas Circle, N.W., Suite 1100<br>Washington, DC 20005<br>Attn: Trevor W. Swett III, Esq.<br>Kevin C. Maclay, Esq.<br>Telephone: (202) 862-5000<br>Telecopier: (202) 429-3301<br>E-mail: tws@capdale.com<br>kcm@capdale.com |
| Stutzman, Bromberg, Esserman & Plifka,<br>A Professional Corporation<br>2323 Bryan Street, Suite 2200<br>Dallas, Texas 75201<br>Attn: Sander L. Esserman, Esq.<br>Robert T. Brousseau, Esq.<br>Telephone: (214) 969-4900<br>Telecopier: (214) 969-4999<br>E-mail: esserman@sbep-law.com<br>brousseau@sbep-law.com | United States Department of the Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br>Attn: Chief Counsel, Office of Financial<br>Stability<br>Telecopier: (202) 927-9225<br>E-mail:<br>OFSChiefCounselNotices@do.treas.gov |
| Cadwalader, Wickersham & Taft LLP<br>1 World Financial Center<br>New York, New York 10128<br>Attn: John J. Rapisardi, Esq.<br>Telephone: (212) 504-6000<br>Telecopier: (212) 504-6666<br>E-mail: john.rapisardi@cwt.com | Cadwalader, Wickersham & Taft LLP<br>700 Sixth St. NW<br>Washington, DC 20001<br>Attn: Douglas S. Mintz, Esq.<br>Telephone: (202) 862-2200<br>Telecopier: (212) 504-6666<br>E-mail: douglas.mintz@cwt.com |