June 19, 2011

Honorable Judge Robert E. Gerber
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004
gerber.chambers@nysb.uscourts.gov

SUBJECT: GM/Motors Liquidation Company Bankruptcy
          Chapter 11 Case No. 09-50026 (REG)

REFERENCE:  1.) Order Granting Debtors' 155th Omnibus Objection to Claims
                Daniel Plouffe Claim # 45172 $62,792
                "Grounds for Objection – Equity Interest Claim"

            2.) Order Granting Debtors' 153rd Omnibus Objection to Claims
                Daniel Plouffe Claim # 45171 $162,320
                "Grounds for Objection – Equity Interest Claim"

CC: edward.wu@weil.com

Dear Judge Gerber:

As the court is aware, I have continued to communicate with representatives of the firm (Weil, Gotshal & Manges LLP) representing GM/Motors Liquidation Company (Jennifer Wine and Ed Wu) and they continue to attempt to get my claims reclassified in order to dismiss. This is not right nor is it fair. GM paid me for services I rendered to them with stock RSU's and options. My claim is for RSU's that were granted that had not yet vested, along with incentive/non-qualified stock options for services I rendered.

In my communication to you on March 17th I provided certain pages from GM documents that support my contention that my claims are valid as services rendered and not equity interests. The GM Stock Incentive Plan (Att. "A") specifically states that "prior to the exercise of a stock option, you have no rights to dividends and no other rights of a stockholder with respect to shares under that option" supporting the fact that stock options are not an equity interest. RSU's (and options) were provided because of services I rendered and work I performed. Please review the highlighted areas within this plan that I have attached.

I also provided another example of GM documentation that states I have an "acquired right" under the GM Annual Incentive Plan (Att. "B") "to receive payments or distributions under this Plan" and that "such right shall be no greater than the right of a general unsecured creditor of the Corporation". It further states, "all payments and distributions to be made hereunder shall be paid from the general assets of the corporation".

To further support the fact that these RSU's and options were distributed for services rendered, I submitted the GM 2007 Executive Incentive Compensation Program Highlights (Att. "C") with several areas again highlighted that explain that GM's executive compensation program used stock options and RSU's for services rendered to recognize individual performance and contributions. In addition to these documents, I have also provided a copy of the Summary of Cash Based Restricted Stock Units (RSU's) (Att. "D") which states RSU's are not an equity interest. Moreover, it clearly indicates GM elected to use RSU's as long-term incentive awards "to be specifically delivered in cash". This same document states that: 1) these RSU awards will be based on "performance and contributions ensuring there is a significant differentiation based on these factors "(services rendered) and "there are no actual underlying shares"; and, 2) "Thus, cash based RSU's do not result in stock ownership or confer any voting rights".

Finally, I attached samples of several years of personal letters received from GM's former President and Chief Executive Officer thanking me for my "hard work, leadership and personal contributions/performance. These letters also indicate that my executive compensation (salary, RSU's stock options, etc.) was based on my personal level of contributions and services I rendered for the years 2002, 2003, 2005, and 2007 (Att. "E-H"). Please note the 2007 information also includes my Executive Compensation Summary that further substantiates the fact that these RSU's were for services rendered and that they would be paid out in cash via the payroll. GM used this same overall compensation approach and philosophy related to executive compensation awarded in 2008.

It is with all due respect and gratitude that I am asking again for your help and assistance to review and consider this letter and the attachments I have previously provided. As my letter dated February 18, 2011, stated, I am one of the individuals whose life was severely and permanently affected as a result of GM's bankruptcy. I do not believe it is fair that GM should continue to harm my family. I do not have a lawyer to represent me ... and I do not have the resources to hire one. I have spent a considerable amount of time to try to present my case and related background as well as providing appropriate documentation and supporting evidence. I am once again appealing to you for your fair review of this matter.

Based on the letters I received from Edward Wu, dated June 15, 2011(see attached), Weil,et.al. will be rescheduling the hearing for objection to my claims to July 27, 2011 at 9:45 a.m.

I plan to participate in the hearing.

Respectfully,

*[signature: Daniel C Plouffe]*

Daniel C. Plouffe

Attachments

HEARING DATE AND TIME: June 22, 2011 at 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
 Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :   09-50026 (REG)
      f/k/a General Motors Corp., et al.                     :
                                                             :
                          Debtors.                           :   (Jointly Administered)
                                                             :
------------------------------------------------------------x

### MOTORS LIQUIDATION COMPANY GUC TRUST'S
### OMNIBUS REPLY TO RESPONSES TO 147TH, 148TH, 151ST
### THROUGH 156TH, 210TH AND 214TH OMNIBUS OBJECTIONS TO CLAIMS
(Claims for Equity Interests)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "GUC Trust"), formed by the above captioned debtors (collectively, the "Debtors") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented or modified from time to time, the "Plan"), respectfully represents:

#### Preliminary Statement

1.    All of the claims asserted by the Responding Parties (as hereinafter defined) are based upon nothing more than the diminution in value of common stock in the

US_ACTIVE:\43661578\04\72240.0639

Debtors. As the mere loss in value of equity interests does not constitute a cognizable claim, the claims asserted by the Responding Parties should be disallowed and reclassified as equity interests. In order to assert a *prima facie* claim, the Responding Parties had to set forth certain facts and circumstances beyond the loss in value experienced generally by all shareholders on account of their equity interests. As more fully described herein, none of the Responding Parties were able to state a cognizable claim.

### Background

2.  Between January 25, 2011 and February 24, 2011, the Debtors filed the 147th, 148th, 151st through 156th, 210th and 214th Omnibus Objections to Claims (collectively, the "**Omnibus Objections**"),[1] pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the claims listed on Exhibit "A" annexed to the Omnibus Objections (collectively, the "**Claims**") and reclassifying the Claims as equity interests, on the ground that the holders of the Claims are shareholders that merely purport to assert a claim for the loss in value of common stock in the Debtors, all as more fully explained in the Omnibus Objections.

3.  Periodically thereafter, the Debtors received responses (collectively, the "**Responses**") to the Omnibus Objections from David Radke (ECF No. 9285), Dale R. Spirnak (ECF No. 9291), Thomas Jarusinski (ECF No. 9076), Mark F. Hasson III (ECF No. 9287), Patricia Jarusinski (ECF No. 9817), Ruth Meyer (ECF No. 9075), Ron Tanciar (ECF No. 9308), Carrol R. Waters (ECF No. 9347), Hugo Anderson (ECF No. 9222), Daniel Plouffe (ECF No.

---

[1] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

9403), Edmund J. Sterniak Jr. (ECF No. 9356), Jill and Dennis Gallaher (ECF No. 9827), Larry Massey (ECF No. 9627 and 10176), Ryan D'Amour (Informal), Timothy G Mayer (Informal), David O'Neal McKinney (Informal), Nelly Bauer-Rollandin (Informal), Claudette Ellison (Informal), Barney J. Rosso (Informal), Lindell L. Estes (Informal), and Domencia S. Dittmeier (Informal) (collectively, the "Responding Parties").[2]

4. Between March 7, 2011 and March 31, 2011, this Court entered orders granting the relief requested in the Omnibus Objections with respect to all claims subject to the objections other than the Claims filed by the Responding Parties (ECF Nos. 9607, 9608, 9612, 9614, 9615, 9617, 9618, 9625, 9974, and 9978). The hearing on the Omnibus Objections to the Claims filed by the Responding Parties is currently scheduled for June 22, 2011.

### Reply

5. The most ubiquitous argument found in the Responses is that the Responding Parties should not be denied a distribution for the reason that the Responding Parties would otherwise not be compensated for the loss of capital that they invested in the Debtors. In the first instance, through the Omnibus Objections, the Debtors do not seek to deny the Responding Parties of their right to receive a distribution on account of their equity interests. Rather, the reclassification of the Claims as equity interests will provide the Responding Parties with what they are entitled to under the priority scheme set forth in the Bankruptcy Code. While it is unfortunate that equity security holders will likely not receive a distribution in these chapter 11 cases, that outcome is attributable to the priority rules established under the Bankruptcy Code rather than the relief requested in the Omnibus Objections. *See Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 522 (5th Cir. 2004) ("Although the 'absolute priority rule' is generally only used by

---

[2] A summary of the Responses to the Omnibus Objections is annexed hereto as Exhibit "A."

the bankruptcy court when determining whether to confirm a Chapter 11 plan, the overarching theory behind it supports affirming the decisions to sustain the [debtor's] objections to [claims asserted by equity security holders].")

6. Certain of the Responding Parties summarily provide in their response that a distribution on account of the diminution in value of equity interests should be due because the Debtors misrepresented the viability of its businesses or mismanaged their business operations.[3] These assertions are, however, completely unsubstantiated and supported only by the Responding Parties' personal beliefs. Because the claimants fail to specify any specific misleading statements made by the Debtors, and failed to substantiate any assertion that the Debtors were mismanaged, the Responding Parties failed to plead a *prima facie* claim, and their Claims should be disallowed and reclassified as equity interests. In any event, any claims based on misstatements that were not made specifically to the claimant would likely be subordinated to all claims against the Debtors pursuant to section 510(b) of the Bankruptcy Code.

7. Since the filing of the Omnibus Objections, the Debtors confirmed and substantially consummated their Plan. Under the Plan, holders of Class 6 Equity Interests are

---

[3] Mark F. Hasson III provides in his response that "I feel that General Motors knew that its stock would eventually be worthless, and rather than notify me or take action to protect me from loss, they chose to take no action." (ECF No. 9287).

Ron Tanciar provides in his response that "I was lead [sic] to believe that General Motors would seek to borrow money from the U.S. Government or from private investment firms [which would have allowed the Debtors to avoid filing for bankruptcy]." (ECF No. 9308).

Dale R. Spirnak provides in his response that "General Motors must have known that the viability of the company was deteriorating months, possibly years, before filing for bankruptcy." (ECF No. 9291)

Carrol R. Waters provides in her response that the Debtors, "in their lack of imagineering and recklessness they failed to capture public confidence in their products and services failing to attract consumers and investors, thereby bringing a decades old Corporate Giant to its demise." (ECF No. 9347).

subordinate to all claims in accordance with the priority scheme set forth in the Bankruptcy Code. Based on the lack of successful challenge to the Plan, the general assertion that equity holders be given claims is now moot.

8. Accordingly, the Responding Parties only hold equity interests in the Debtors, and as such, their Claims should be reclassified as equity interests and disallowed as claims. *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested in the Omnibus Objections with respect to the Claims filed by the Responding Parties and such other and further relief as is just.

Dated: New York, New York
June 17, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

US_ACTIVE:\43661578\04\72240.0639                    5

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

Edward Wu
+1 212 310 8322
edward.wu@weil.com

June 15, 2011

DANIEL PLOUFFE
70 FONTANA LN
GROSSE POINTE SHORES, MI 48236 1505

Re: *In re Motors Liquidation Company (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG),–
   Hearing on the 153th Omnibus Objection to Claims (Claims for Equity Interests) with Respect to
   Claim No(s). 45171.

Dear Daniel Plouffe,

This letter is to advise you that the hearing on the above referenced objection to your claim(s) is, at your election, either going forward on Wednesday, June 22, 2011 or Wednesday, July 27, 2011.[1] In either case, the hearing will begin at 9:45 a.m. (Eastern Time). To schedule the objection to be heard on June 22, 2011, please call me at (212) 310-8322. If we do not hear from you, the objection to your claim(s) will automatically be scheduled for July 27, 2011. If you fail to appear at the hearing for which you are scheduled, the Court will rule on this matter without further opportunity for you to be heard.

The hearing will be held at the following address:

   United States Bankruptcy Court
   Southern District of New York
   One Bowling Green
   Courtroom 621
   New York, NY 10004-1408

Rather than appearing in person, you may participate in the hearing telephonically. To request a telephonic appearance, please call me at (212) 310-8322 or call the Court's telephonic appearance provider, CourtCall, LLC, at (866) 582-6878 in advance of the hearing. In cases of hardship, we will arrange to cover the cost of your telephonic appearance. Additional information on CourtCall may be found at www.nysb.uscourts.gov (the official website for the Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider."

---

[1] A reply to your response will be filed shortly, and will be available at www.motorsliquidationdocket.com/maincase.php3 or by calling (703) 286-6401.

US_ACTIVE:\43736674\02\72240.0639

57 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

Edward Wu
+1 212 310 8322
edward.wu@weil.com

June 15, 2011

DANIEL PLOUFFE
70 FONTANA LN
GROSSE POINTE SHORES, MI 48236 1505

Re: *In re Motors Liquidation Company (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG),– Hearing on the 155th Omnibus Objection to Claims (Claims for Equity Interests) with Respect to Claim No(s). 45172.

Dear Daniel Plouffe,

This letter is to advise you that the hearing on the above referenced objection to your claim(s) is, at your election, either going forward on Wednesday, June 22, 2011 or Wednesday, July 27, 2011.[1] In either case, the hearing will begin at 9:45 a.m. (Eastern Time). To schedule the objection to be heard on June 22, 2011, please call me at (212) 310-8322. If we do not hear from you, the objection to your claim(s) will automatically be scheduled for July 27, 2011. If you fail to appear at the hearing for which you are scheduled, the Court will rule on this matter without further opportunity for you to be heard.

The hearing will be held at the following address:

United States Bankruptcy Court
Southern District of New York
One Bowling Green
Courtroom 621
New York, NY 10004-1408

Rather than appearing in person, you may participate in the hearing telephonically. To request a telephonic appearance, please call me at (212) 310-8322 or call the Court's telephonic appearance provider, CourtCall, LLC, at (866) 582-6878 in advance of the hearing. In cases of hardship, we will arrange to cover the cost of your telephonic appearance. Additional information on CourtCall may be found at www.nysb.uscourts.gov (the official website for the Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider."

---

[1] A reply to your response will be filed shortly, and will be available at www.motorsliquidationdocket.com/maincase.php3 or by calling (703) 286-6401.

US_ACTIVE:\43736674\02\72240.0639