Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
    Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :      09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :
                    Debtors.              :      (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER BETWEEN
THE MOTORS LIQUIDATION COMPANY GUC TRUST, AND THE STATES OF
ARKANSAS, ILLINOIS, INDIANA, IOWA, MAINE, MARYLAND, NEW JERSEY,
NORTH CAROLINA, RHODE ISLAND, AND VERMONT AND THE
MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION AND THE
MISSOURI DEPARTMENT OF NATURAL RESOURCES RESOLVING CERTAIN
CLAIMS RELATING TO MERCURY-CONTAINING SWITCHES**

   **PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust

(the "**GUC Trust**") will present the annexed Stipulation and Agreed Order Between the GUC

Trust, on the one hand, and the States of Arkansas, Illinois, Indiana, Iowa, Maine, Maryland,

New Jersey, North Carolina, Rhode Island, and Vermont and the Massachusetts Department of

Environmental Protection and the Missouri Department of Natural Resources, on the other hand,

resolving certain claims relating to mercury-containing switches (the "**Stipulation and Order**")

to the Honorable Robert E. Gerber, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") for approval and signature on **June 29, 2011 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for

Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as

Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York

10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the

Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500,

Atlanta, Georgia  30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the

Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th

Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P.

Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas

78703, so as to be received no later than **June 29, 2011 at 11:30 a.m. (Eastern Time)** (the

"**Objection Deadline**").

   PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Stipulation and Order, the GUC Trust may, on or after the Objection

Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
   June 22, 2011

      /s/ Joseph H. Smolinsky
     Harvey R. Miller
     Stephen Karotkin
     Joseph H. Smolinsky

     WEIL, GOTSHAL & MANGES LLP
     767 Fifth Avenue
     New York, New York 10153
     Telephone: (212) 310-8000
     Facsimile: (212) 310-8007
     Attorneys for the Motors Liquidation
      Company GUC Trust

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                        :

**In re**                                :           **Chapter 11 Case No.**
                                          :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :       **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*  :
                                          :

                       **Debtors.**      :       **(Jointly Administered)**
                                          :
-------------------------------------------------------------x

STIPULATION AND AGREED ORDER AMONG GUC TRUST AND THE STATES
OF ARKANSAS, ILLINOIS, INDIANA, IOWA, MAINE, MARYLAND, NEW
JERSEY, NORTH CAROLINA, RHODE ISLAND, AND VERMONT AND THE
MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION AND
THE MISSOURI DEPARTMENT OF NATURAL RESOURCES RESOLVING
<u>CERTAIN CLAIMS RELATING TO MERCURY-CONTAINING SWITCHES</u>

Motors Liquidation Company GUC Trust (the "**GUC Trust**") and the States of

Arkansas, Illinois, Indiana, Iowa, Maine, Maryland, New Jersey, North Carolina, Rhode

Island, and Vermont and the Massachusetts Department of Environmental Protection

("**Massachusetts**") and the Missouri Department of Natural Resources ("Missouri")

(collectively, "**States**") (and, collectively States and the GUC Trust are referred to herein as

"**Parties**"), by and through their respective undersigned counsel or representatives, hereby

enter into this Stipulation and Agreed Order ("**Stipulated Order**") and stipulate as follows:

1

RECITALS

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation

Company (f/k/a General Motors Corporation) and certain of its affiliated debtors, as debtors

in possession (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title

11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy

Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on June 1, 2009, General Motors Corporation filed a motion to approve the

sale of substantially all of its assets pursuant to 11 U.S.C. § 363;

WHEREAS, on July 5, 2009, the Bankruptcy Court approved the sale of assets to

NGMCO, Inc. (a/k/a Newco), later known as General Motors LLC and now known as

General Motors Company ("**New GM**");

WHEREAS, following the sale of assets, General Motors Corporation was renamed

Motors Liquidation Company ("**MLC**");

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section

502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim

(Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating

Thereto and Approving the Form and Manner of Notice Thereof establishing November 30,

2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial

Debtors based on prepetition claims;

WHEREAS, for decades and until at least model year 2002, MLC manufactured

vehicles that included mercury-containing switches;

WHEREAS, the States each have laws and/or regulations in effect that require manufacturers of automobiles with mercury-containing switches to fund or implement a program to collect and recycle the mercury-containing switches from such vehicles when those vehicles reach their "end-of-life" ("**State Mercury Laws**");

WHEREAS, beginning in 2006 or later, MLC started performing its obligations under the State Mercury Laws through participation in the National Vehicle Mercury Switch Recovery Program ("**NVMSRP**"), which is a coordinated effort among automobile manufacturers subject to the State Mercury Laws, to perform their obligations under the State Mercury Laws through a cooperative, national program implemented and administered by an entity known as End-of-Life-Vehicle Solutions Corporation ("**ELVS**");

WHEREAS, funding of ELVS comes from payments from the automobile manufacturers with liability under the State Mercury Laws, in proportion to each manufacturer's market share of the mercury switches being collected and recycled under the program, directly to ELVS;

WHEREAS, the States allege that MLC has environmental liability to them under the State Mercury Laws;

WHEREAS, the following States ("**Mercury-Switch-Only-Claim States**") timely filed the following Proofs of Claim exclusively asserting claims against MLC and its affiliated debtors (the "**Debtors**") arising from alleged liability under the State Mercury Laws of their respective States (collectively, the "**Mercury-Switch-Only-Claims**"):

| **State** | **Proof of Claim Number** |
| --- | --- |
| Arkansas | 59318 |
| Iowa | 50630 |

3

| | |
|---|---|
| Maine | 49692 |
| Maryland | 49515 |
| Missouri | 60898 |
| New Jersey | 48352 |
| North Carolina | 44292 |
| Rhode Island | 46174 |
| Vermont | 58677 |

WHEREAS, the following States ("**Mercury-Switch-And-Other-Claims States**") timely filed the following Proofs of Claim that assert, *inter alia*, claims against the Debtors arising from alleged liability under the State Mercury Laws of their respective States (collectively, the "**Mercury-Switch-And-Other-Claims**" and together with the Mercury-Switch-Only-Claims, the "**State Mercury Switch Claims**"):

| **State** | **Proof of Claim Number** |
|---|---|
| Illinois | 44875 |
| Indiana | 59181 |
| Massachusetts | 65349 |

WHEREAS, during pendency of its bankruptcy proceedings, MLC has made payments to ELVS to fund the recovery of mercury switches in vehicles it produced;

WHEREAS, in a letter dated February 7, 2011, attached hereto as Exhibit 1 ("**New GM Letter**"), New GM informed the New England Governors' Conference Inc., MLC and nine states that it "has decided to voluntarily provide support to NVMSRP and ELVS when MLC exits bankruptcy";

4

WHEREAS, New GM has represented to the States that it will make a one-time voluntary payment to ELVS in the amount of $4.5 million to cover MLC's share of ELVS program costs through 2017;

WHEREAS, there is now a general consensus among interested parties and stakeholders that the NVMSRP will not terminate in 2017 as originally contemplated, but will run for at least another five years beyond 2017, through 2022;

WHEREAS, MLC already has, or imminently will, cease funding ELVS, so that there is, or imminently will be, a gap in funding for MLC's share of program costs in addition to costs during 2018 through 2022;

WHEREAS, the States are entering into this Stipulated Order based upon New GM's representation that it will make a timely payment of $4.5 million to ELVS for costs through 2017, regardless of any distribution(s) to ELVS as a result of the resolution of State Mercury Switch Claims described herein;

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed Debtors Second Amended Joint Chapter 11 Plan (the "**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**"), and transferred the State Mercury Switch Claims to the GUC Trust;

WHEREAS, the States have agreed to the terms and language of this Stipulated Order based on the unique facts and circumstances present in this case, and nothing in this

5

Stipulated Order shall be treated as having any precedential value in any other bankruptcy; and

WHEREAS, this Stipulated Order is fair, reasonable, and in the public interest, and is an appropriate means of resolving the State Mercury Switch Claims.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1.    As further explained herein, the Parties agree that the State Mercury Switch Claims shall be treated as allowed general unsecured claims and allowed in the amount of $2,845,000 (two million eight hundred forty-five thousand dollars) in the aggregate. Distribution(s) on account of the State Mercury Switch Claims shall be made to ELVS, P.O. Box 3282 Farmington Hills, Michigan 48333-3282, in the form set forth in and pursuant to the terms of the Plan.    *See* Plan, Article V.    Simultaneous notification to the States of such distribution(s) shall be made to the following:

As to Arkansas:
    Kendra.jones@arkansasag.gov

As to Illinois:
    jmorgan@atg.state.il.us

As to Indiana:
    Tim.Junk@atg.in.gov

As to Iowa:
    Theresa Stiner
    Iowa Department of Natural Resources
    502 E. 9th Street
    Des Moines, Iowa 50319
    (515) 281-8646
    Theresa.Steiner@dnr.ia.us

As to Maine:
    nancy.macirowski@maine.gov

As to Maryland:
> htablada@mde.state.md.us
> hmiller@mde.state.md.us
> pcarroll@mde.state.md.us

As to Massachusetts:
> carol.iancu@state.ma.us
> jennifer.davis@state.ma.us
> robert.w.ritchie@state.ma.us

As to Missouri:
> Jeff.Klusmeier@ago.mo.gov
> Jack.McManus@ago.mo.gov
> Richard.Allen@dnr.mo.gov

As to New Jersey:
> Richard.Engel@dol.lps.state.nj.us

As to North Carolina:
> Jgreen@ncdoj.gov

As to Rhode Island:
> ccapizzo@riag.ri.gov

As to Vermont:
> tschwartz@atg.state.vt.us

2.    For the purpose of streamlining the distribution process only, and for no other reason, resolution of the State Mercury Switch Claims in the aggregate, as described in the preceding paragraph, shall be recorded and processed in the claims registry as described in this paragraph.   The Massachusetts Department of Environmental Protection Claim (No. 65349) shall be treated as an allowed general unsecured claim in the amount of $2,845,000 (two million eight hundred forty-five thousand dollars), which distribution shall be made to ELVS (the "**Allowed Claim**").    Upon payment of the full distribution(s) of the Allowed Claim to ELVS, the State Mercury Switch Claims shall be deemed to be satisfied in full, and the Debtors' claims agent shall be authorized and empowered to expunge from the claims register each State Mercury Switch Claim.

3.      With respect to the Mercury-Switch-Only-Claims, except as agreed herein, the Mercury-Switch-Only-Claim States and their respective successors or assigns shall have no further right to payment from the Debtors, the GUC Trust, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**").   With respect to the Mercury-Switch-Only-Claims, except as set forth in this Stipulated Order, the Mercury-Switch-Only-Claim States hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtor Parties arising under the Mercury-Switch-Only-Claim States' respective State Mercury Laws.

4.      With respect to the Mercury-Switch-And-Other-Claims, except as agreed herein, the Mercury-Switch-And-Other-Claims States and their respective successors or assigns shall have no further right to payment from the Debtors, the GUC Trust, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**") for any costs or liabilities arising under the Mercury-Switch-And-Other-Claims States' respective State Mercury Laws.   With respect to the Mercury-Switch-And-Other-Claims, except as set forth in this Stipulated Order, the Mercury-Switch-And-Other-Claims States hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtor Parties arising under the Mercury-Switch-And-Other-Claims States' respective State Mercury Laws.

5.      The portions of the Mercury-Switch-And-Other-Claims that do not arise under the Mercury Switch-And-Other-Claims States' respective State Mercury Laws are not settled or resolved as part of this Stipulated Order.   As to such portions of the Mercury-Switch-And-Other Claims that are not settled or resolved herein, or by any other stipulation or agreement between the Debtors and any Mercury-Switch-And-Other Claims State (the

8

"**Unresolved Claims**"), each Mercury-Switch-And-Other-Claims State is authorized, within forty-five days after the date upon which this Stipulated Order is entered by the Court, to file a new proof of claim in the Debtors' chapter 11 cases asserting the claims it contends it still has against Debtors for the Unresolved Claims (the "**New Proofs of Claim**").    The New Proofs of Claim shall not be objected to on the grounds of timeliness and shall be treated in all respects as relating back to the original, timely-filed claims.    The Debtors reserve all rights to object to the New Proofs of Claim on any grounds other than timeliness.

6.    The Debtors' claims agent shall be authorized and empowered to adjust the claims register consistent with the provisions of this Stipulated Order.

7.    Each State (except for the State of North Carolina, whose release and agreement not to sue are set forth below), by and through duly authorized representatives, on its own behalf and on behalf of each of its successors, if any, hereby covenants not to sue the Debtor Parties for the causes of action asserted in the State Mercury Switch Claims that arise under the State's respective State Mercury Switch Laws and further agrees that the State Mercury Switch Claims are not entitled to any treatment other than that set forth herein.    These covenants not to sue shall take effect upon the GUC Trust's payment of the full distributions specified herein. The State of North Carolina releases and agrees not to sue or take administrative action against the Debtor Parties under its State Mercury Laws for any liabilities or obligations asserted in North Carolina's State Mercury Switch Claim (proof of claim numbered 44292).    North Carolina's release and agreement shall take effect upon the GUC Trust's payment of the full distributions specified herein

8.    Nothing in this Stipulated Order is intended as a covenant not to sue or release for any person or entity other than the Debtor Parties.    The covenants not to sue and

9

release contained herein do not pertain to any matters other than those expressly set forth herein, including, *inter alia*, causes of actions related to Unresolved Claims.    Nothing in this Stipulated Order resolves any matter other than the claims asserted by the States under the State Mercury Laws in the Proofs of Claim enumerated above.

9.    Debtors agree that actions or claims against the Debtors by the States regarding any other matter or claim not resolved herein shall not be impaired or affected in any way by this Stipulated Order.    The States may pursue enforcement actions or proceedings with respect to such other actions, claims or obligations of the Debtor Parties that have not been otherwise resolved, in administrative or judicial tribunals in which the States could have pursued enforcement actions or proceedings if these bankruptcy cases had never been commenced.

10.    Each person who executes this Stipulated Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulated Order.

11.    This Stipulated Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12.    Nothing herein shall be construed as an admission of liability on behalf of Debtor Parties with respect to any portion of the State Mercury Switch Claims.

13.    This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulated Order.

**IN WITNESS WHEREOF, THE UNDERSIGNED PARTIES ENTER INTO THIS STIPULATION AND AGREED ORDER:**

**FOR MOTORS LIQUIDATION COMPANY GUC TRUST**
**BY GUC TRUST ADMINISTRATOR**

By: /s/ David A. Vanesky, Jr.
Print Name: David A. Vanesky, Jr.
Title: Vice President
Date: June 21, 2011

**FOR THE STATE OF ARKANSAS**

DUSTIN MCDANIEL
ARKANSAS ATTORNEY GENERAL

By: _____
Kendra Akin Jones, AR Bar #2004214
Assistant Attorney General
Arkansas Attorney General's Office
323 Center St., Ste. 400
Little Rock, AR 72201
501-682-7383
Kendra.jones@arkansasag.gov

Date: _6/17/11_

11

**FOR THE STATE OF ILLINOIS**

By: _____

Print Name: _Thomas Davis_

Title: _Bureau Chief_

Date: _6/14/11_

ILLINOIS SIGNATURE PAGE FOR MERCURY SWITCH CLAIM STIPULATION

12

State of Indiana's Signature Page to:

**STIPULATION AND AGREED ORDER AMONG GUC TRUST AND THE STATES OF ARKANSAS, ILLINOIS, INDIANA, IOWA, MAINE, MARYLAND, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, AND VERMONT AND THE MASSACHUSETTS DEPARTMENT OF ENVIRONMETNAL PROTECTION AND THE MISSOURI DEPARTMENT OF NATURAL RESOUCES RESOLVING CERTAIN CLAIMS RELATING TO MERCURY-CONTAMINATING SWITCHES**

On behalf of the Indiana Department of Environmental Management for the State of Indiana:

Date: JUNE 15, 2011

Thomas W. Easterly
Commissioner

On behalf of the State of Indiana:

Indiana Attorney General
Gregory F. Zoeller
    Attorney No. 1958-02

By:

    Timothy J. Junk
    Deputy Attorney General
    Atty. No. 5587-02

FOR THE STATE OF IOWA

DATE: June 20, 2011

BY: *Wayne Gieselman*

Wayne Gieselman
Division Administrator
Iowa Department of Natural Resources

**FOR THE STATE OF MAINE**

WILLIAM J. SCHNEIDER
ATTORNEY GENERAL

By: _____

Nancy Macirowski
Assistant Attorney General

Date: _June 15, 2011_

15

**FOR THE STATE OF MARYLAND**

By: _____

Horacio Tablada
Director, Land Management Administration
Department of the Environment

Date: _6/17/11_

**FOR THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION**

MARTHA COAKLEY
ATTORNEY GENERAL

By:

Carol Iancu, MA BBO # 635626
Assistant Attorney General
Environmental Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2428
carol.iancu@state.ma.us

Date: 6 / 20 / 11

17

**FOR THE MISSOURI DEPARTMENT OF NATURAL RESOURCES**

By its attorney,
CHRIS KOSTER
ATTORNEY GENERAL OF MISSOURI

Jeff Klusmeier, MO Bar No. 59601
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO   65102
(573) 751-4854
(573) 751-4323 Fax
Jeff.Klusmeier@ago.mo.gov

Date: 6/16/2011

**FOR THE STATE OF NEW JERSEY**

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By: ⁓⁓⁓⁓⁓
Richard F. Engel
Deputy Attorney General

Date: 6/17/11

**FOR THE STATE OF NORTH CAROLINA**

Dexter R. Matthews
Director
Division of Waste Management of NCDENR
401 Oberlin Road, Suite 150
Raleigh, NC 27605

Date: 6-15-01

20

**FOR THE STATE OF RHODE ISLAND**

PETER F. KILMARTIN
ATTORNEY GENERAL
By his Attorney,

By: _____

Christian F. Capizzo (#6655)
Special Assistant Attorney General
RI Department of Attorney General
150 South Main Street
Providence, RI 02903-2907

Date: _6/20/11_

**FOR THE STATE OF VERMONT**

WILLIAM H. SORRELL
ATTORNEY GENERAL

By: _____
Thea J. Schwartz
State of Vermont
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186

Date: _____6/16/11_____

IT IS SO ORDERED.

Dated: _____, 2011
        New York, New York


_____
United States Bankruptcy Judge

# EXHIBIT 1

**GM**

Michael J. Robinson
Vice President
Environment, Energy and
Safety Policy

February 7, 2011

New England Governors' Conference, Inc.
76 Summer Street
Boston, MA 02110-1226

Dear Sirs/Madams:

On November 23, 2009, I informed the New England Governors' Conference that General Motors Company, LLC (GM) would consider providing financial support to the National Vehicle Mercury Switch Removal Program (NVMSRP) and the End of Life Vehicle Solutions (ELVS) entity for the recovery of mercury switches generated by the Motors Liquidation Company, f/k/a General Motors Corporation (MLC). Mr. Akerson and I received a January 28, 2011 letter from the representatives of nine states requesting a decision based on MLC's imminent exit from bankruptcy.

As you know, GM purchased certain assets from MLC, but is not responsible for MLC liabilities such as the recovery of mercury switches in vehicles produced by MLC. See In re: General Motors Corporation, Case No. 09-50026 (REG), (Bankr. S. D. New York)(July 5, 2009). GM, which came into existence on July 10, 2009, has not produced vehicles with mercury switches and therefore has no legal responsibility for the recovery of mercury switches.

I understand MLC has been actively participating in NVMSRP and ELVS, and since filing for bankruptcy has funded the recovery of mercury switches in vehicles it produced. Consistent with my letter to the New England governors, GM has decided to voluntarily provide support to NVMSRP and ELVS when MLC exits bankruptcy, as described below. This contribution is being made on a good will basis to advance environmental protection, and not because GM has any legal responsibility for MLC's vehicles.

MLC has forecast that it will incur no more than $5 million for mercury switch recovery through 2017, assuming a significantly stepped-up recovery to 48% from the actual recovery rate of approximately 24% for the past two years. Obviously, the funding requirements are less on a present value basis. Inasmuch as many of the relevant vehicles were sold under trademarks acquired by GM, we are prepared, in the interests of good will, to assist in addressing the potential MLC funding shortfall.

Accordingly, to the extent there is a funding gap for the period after the confirmation of the MLC Plan of Liquidation, GM will make a one-time voluntary contribution to ELVS not to exceed $4.5 million for the mercury

300 Renaissance Center          M/C 482-C27-B81          Detroit, MI 48265-3000
Tel 313-665-4940                Fax 248-267-4365         michael.j.robinson@gm.com

New England Governors' Conference, Inc.
Page 2
February 7, 2011

switch recovery effort. Assuming that MLC continues to contribute to the ELVS program until Plan Confirmation, it is our belief that this proposed GM voluntary contribution will cover the mercury switch obligations relating to MLC-produced vehicles. We believe, therefore, that NVMSRP/ELVS will have sufficient funding to continue successfully the mercury switch collection program.

We will communicate shortly to ELVS the timing of our planned donation and the acknowledgment of same we will request from it. If you have any questions, please contact Patrick McCarroll (313-665-4767).

Very truly yours,

Michael J. Robinson

cc:    Daniel F. Akerson, Chairman and CEO of GM Company, LLC
       Albert Koch, President of Motors Liquidation Company
       David Head, Managing Director of Motors Liquidation Company
       Patrick J. McCarroll, Esq. GM Legal Staff
       Martha Coakley, Attorney General, Massachusetts
       Lisa Madigan, Attorney General, Illinois
       James D. "Buddy" Caldwell, Attorney General, Louisiana
       Douglas F. Gansler, Attorney General, Maryland
       William H. Sorrell, Attorney General, Vermont
       Odette Madriago, Acting Chief Deputy Director, California
       Paul Aasen, Commissioner, Minnesota
       Joe Martens, Acting Commissioner, New York
       Cathy Stepp, Secretary, Wisconsin