```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------

In re

MOTORS LIQUIDATION COMPANY, ET AL.,
f/k/a/ General Motors Corp., et al.,

                             Debtors.

STANLEY R. STASKO,

                             Appellant,

    - against -

MOTORS LIQUIDATION COMPANY,

                             Appellee.

10 Civ. 4322 (JGK)

MEMORANDUM OPINION AND ORDER

-----------------------------------

JOHN G. KOELTL, District Judge:

    The plaintiff-appellant, Stanley R. Stasko (the "appellant"), appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Gerber, R.) dated April 21, 2010, denying his motion for relief from the automatic stay, and ordering him to withdraw the action he brought against the defendants-appellees, Motors Liquidation Company, et al., f/k/a General Motors Corp., et al. (collectively "MLC"), in the Eastern District of Michigan (the "Michigan Action"). The appellant was an employee of the defendants-appellees' over ten years prior to the filing of the Michigan Action, which alleged claims pursuant to 42 U.S.C. § 1983.

I.

On June 1, 2009, MLC and certain subsidiaries (collectively, the "debtors") voluntarily filed for bankruptcy pursuant to chapter 11 of the Bankruptcy code. (Henderson Aff. ¶¶ 1, 13-16.) The filing of the chapter 11 petition stayed all pending and future litigation against the debtors. 11 U.S.C. § 362(a)(1). On July 10, 2009, the debtors consummated a sale pursuant to 11 U.S.C. 363 in which substantially all of their assets were transferred to NGMCO, Inc., a United States Treasury-sponsored purchaser. (See Amended and Restated Master Sale and Purchase Agreement, Designation No. 2.) The Bankruptcy Court issued an order stating that if any person or entity failed to file a proof of claim based on any prepetition claims against the debtor on or before November 30, 2009, that party would be "forever barred, estopped, and enjoined from asserting such claim[s] . . . and the [d]ebtors . . . shall be forever discharged from any and all indebtedness or liability with respect to such claim." (Order, Sept. 16, 2009, Designation No. 3 at 5.)

On December 11, 2009, the appellant filed a complaint against MLC in Michigan, alleging a claim pursuant to 42 U.S.C. § 1983 and requesting compensatory damages for "actual work performed [by appellant] . . . from July 1983 to August 1995," and punitive damages for hostile work environment. (Appellant's

2

Mot. to Lift Automatic Stay ("Appellant's Mot.") Ex. A, ¶¶ 57, 60.) In response to the appellant's complaint, the debtors' counsel sent a letter to the appellant on January 7, 2010, advising him of the chapter 11 cases and the automatic stay, and asking him to withdraw his complaint because it violated the automatic stay. (Debtors' Opp. to Appellant's Mot. to Lift the Stay ("Debtors' Opp."), Ex. A.) When the appellant failed to withdraw the Michigan Action, the debtors filed a Suggestion of Bankruptcy in the Michigan Action.

On February 19, 2010, the appellant moved to lift the automatic stay so that he could proceed with the Michigan Action. (See Appellant's Mot.) On March 19, 2010, the appellant also moved for a default judgment against the debtors in the Michigan Action, seeking $2,775,266 in damages. (Debtors' Opp. Ex. B.)

On April 8, 2010, a hearing was held before the bankruptcy court on the appellant's motion to lift the stay. The bankruptcy court noted that the appellant had proceeded in the Michigan Action without filing a proof of claim. (Hr'g Tr. 41.) The court then evaluated the motion under the twelve factors outlined by the Second Circuit Court of Appeals in Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.), 907 F.2d 12080 (2d Cir. 1990), focusing on the second, seventh, and twelfth factors.

3

The court found that the seventh factor, whether litigation in another forum would prejudice the interests of other creditors, weighed heavily against granting the appellant's motion. The court explained that the debtors would be forced to "expend scarce resources litigating this case in Michigan, as well as being subject to an onslaught of similar lift-stay motions that would likely ensue if [this motion were granted]." (Hr'g Tr. 41-42.) Applying similar reasoning, the court found that the second factor, lack of any connection with or interference with the bankruptcy case, weighed against granting the appellant's motion because allowing the Michigan Action to proceed would interfere with the bankruptcy case. (Hr'g Tr. 42.)

The court stated that the twelfth factor, balance of harms, was "one of the most important" factors, and found that it weighed in favor of denying the appellant's motion. (Id.) In particular, the court noted the substantial burden on the bankruptcy estate and the prejudice to other creditors that would result from lifting the stay for the Michigan Action. (Id.) The court also emphasized that, because the appellant failed to file a proof of claim, he "could not, without a further order from [the court], get estate assets anyway." (Id.)

The court then explained that the remaining Sonnax factors

4

were inapplicable to this case.  The court noted that although, when true, the eleventh factor, whether the parties are ready for trial in the other proceeding, carries substantial weight, it was irrelevant in this case because the Michigan Action had just been filed and the parties were therefore far from being ready for trial.  (Id.)  Because the relevant Sonnax factors weighed against granting the appellant's motion, the bankruptcy court denied the motion.  (Id.)

On April 19, 2010, the Michigan Court issued an order administratively closing the Michigan Action during the duration of the bankruptcy proceedings involving MLC.  (Order attached as Ex. A to MLC's Answering Brief.)  On April 21, 2010 the bankruptcy court issued an order consistent with its oral decision.  The order stated that consideration of the appellant's motion for relief from the automatic stay was a "core proceeding" pursuant to 28 U.S.C. § 157(b), denied the appellant's motion, and ordered the appellant to withdraw the Michigan Action.  (Order Denying Motion of Stanley R. Stasko for Relief from the Automatic Stay, Apr. 21, 2010, Designation No. 8.)

In violation of the Bankruptcy Court's order establishing November 30, 2009, as the deadline to file a proof of claim, the appellant filed a proof of claim in the bankruptcy cases on May 12, 2010.  The appellant filed this appeal on November 23, 2010.

5

After this appeal was filed, on May 3, 2011, the bankruptcy court expunged the plaintiff's proof of claim. That order is not in issue on this appeal from the bankruptcy court's April 21, 2010 Order.

**II.**

In general, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. In re Bell, 225 F.3d 203, 209 (2d Cir. 2000); In re BDC 56 LLC,, 330 F.3d 111, 119 (2d Cir. 2003), abrogated on other grounds by In re Zarnel, 619 F.3d 156, 166-68 (2d Cir. 2010); Fed. R. Bankr. P. 8013. A bankruptcy court's decision to deny a motion for relief from the automatic stay, however, is reviewed for abuse of discretion. See In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86, 91 (2d Cir. 2003); In re Sonnax Indus., Inc., 907 F.2d at 1286. A ruling is an abuse of discretion only if the bankruptcy court "bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." Duane Reade, Inc. v. St Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005) (internal quotation marks omitted); see also Peskin v. Picard, 440 B.R. 579, 584 (S.D.N.Y. 2010).

The bankruptcy court ruled that the appellant was not entitled to relief from the automatic stay because he failed to

6

establish cause and ordered the appellant to withdraw the Michigan Action. The ruling was not an abuse of discretion.

The Michigan Action was filed on December 11, 2009, six months after the debtors filed petitions for bankruptcy pursuant to chapter 11, triggering the automatic stay, and almost two weeks after the deadline to file a proof of claim with the bankruptcy court. The bankruptcy court appropriately weighed the relevant <u>Sonnax</u> factors. If the stay were lifted in this case, the bankruptcy estate and its resources would be greatly depleted from litigating the Michigan Action and the many other lawsuits that would likely follow. Furthermore, because the Michigan Action was recently filed and was in the very early stages of litigation, and because the appellant knowingly proceeded with the Michigan Action despite notice of the bankruptcy proceedings and the automatic stay, the appellant is not prejudiced by the operation of the stay.

The appellant expends a considerable amount of energy explaining that the events giving rise to the Michigan Action occurred prior to the debtors' filing of the bankruptcy petition, but the timing of those events is irrelevant. The relevant action in relation to the filing of the bankruptcy petition is the filing of the actual lawsuit, the Michigan Action. There is no dispute that the Michigan Action was brought on December 11, 2009, approximately six months after the

7

debtors commenced the bankruptcy. The lawsuit was therefore brought in violation of the automatic stay. Even if the appellant had brought the Michigan Action prior to June 1, 2009, when the debtors filed their bankruptcy petitions, the case would have been stayed pursuant to 11 U.S.C. § 362(a)(1) upon the filing of the petition. The appellant also failed to file a proof of claim by November 30, 2009. As a result, even if the appellant were granted relief from the automatic stay, he would need further orders from the bankruptcy court in order to access assets of the bankruptcy estate. The fact that the appellant subsequently filed an untimely proof of claim on May 12, 2010, is irrelevant. The appellant has failed to show cause as to why he should be granted relief from the automatic stay.

The appellant also argues that the bankruptcy court erred in considering the Michigan Action a "core proceeding." The appellant misunderstands the finding of the bankruptcy court. The court did not find that the Michigan Action was a core proceeding, but rather that the appellant's motion before the bankruptcy court to lift the automatic stay was a core proceeding, which is correct under 28 U.S.C. § 157(b). See 28 U.S.C. § 157(b)(1) & (b)(2)(G).

Finally, the appellant asserts that the bankruptcy court did not have the authority to order the appellant to withdraw the Michigan Action. There is no question that the bankruptcy

8

court had the authority to order the appellant to withdraw the Michigan Action. The bankruptcy court had personal jurisdiction over the appellant, who had brought the motion to lift the stay, and the bankruptcy court had the power to issue orders in furtherance of its authority over a core proceeding, such as the appellant's motion for relief from the automatic stay. 28 U.S.C. § 157(b). The Michigan Action was plainly in violation of the automatic stay, and the bankruptcy court acted within its power and discretion when it ordered the appellant to withdraw the Michigan Action.

### III.

For the foregoing reasons, the decision of the bankruptcy court is **affirmed.** The Clerk is directed to close this case and all pending motions.

**SO ORDERED.**

Dated: New York, New York
June 17, 2011

John G. Koeltl
United States District Judge

9