Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Post-Effective Date Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                        :
In re                                   :    **Chapter 11 Case No.**
                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :    **09-50026 (REG)**
      f/k/a General Motors Corp., *et al.* :
                                        :
                   Debtors.             :    **(Jointly Administered)**
                                        :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE POST-EFFECTIVE DATE
DEBTORS AND THE ROMAN CATHOLIC DIOCESE OF PITTSBURGH AND
TRANSFIGURATION PARISH PROVIDING FOR LIMITED
MODIFICATION OF THE AUTOMATIC STAY**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**") on the one hand, and the Roman Catholic Diocese of Pittsburgh and Transfiguration Parish (the "**Diocese**" and collectively with the Debtors, the "**Parties**"), on the other hand, by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

## RECITALS

A.     On June 1, 2009 (the "**Commencement Date**"), MLC, and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.     Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date barring, *inter alia*, the commencement or continuation of judicial proceedings against the debtor that were commenced before the commencement of the chapter 11 case and any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate (the "**Automatic Stay**").

C.     On April 14, 2008, the Diocese commenced case number 08-011870 in the Court of Common Pleas of Allegheny County, Pennsylvania (the "**State Court Action**"), against, *inter alia*, General Motors Corporation, for claims arising from fire damage to personalty and real estate owned by the Diocese. The fire is alleged to have begun with a vehicle parked on or near the real estate owned by the Diocese.

D.     On September 9, 2010 the Diocese filed the *Motion of the Roman Catholic Diocese of Pittsburgh and Transfiguration Parish for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code to Allow for Prosecution of the Civil Lawsuit Now Pending in the Court of Common Pleas of Allegheny County, Pennsylvania* (the "**Motion**") (ECF No. 6872), seeking to proceed with the State Court Action.

E.     In discussing the Motion with counsel for the Debtors, counsel for the Diocese has stated that it seeks relief from the automatic stay to conduct certain testing on a 1996 Chevrolet Tahoe sports utility vehicle, VIN 3GNEK18ROTG106271 and a Toyota Camry vehicle, VIN

4T1BG22KOWU333259 (the "**Vehicles**") believed to have been involved in the fire underlying the State Court Action.

F. On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**"). Among other things, the Confirmation Order confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**") and enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator[1], or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in accordance with the Plan (the "**Plan Injunction**"). (Confirmation Order ¶ 54.)

G. The Parties seek to resolve the Motion by entering into this Stipulation and Order.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

## STIPULATION AND ORDER

1. Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to permit the Debtors, the Diocese, the other parties to the State Court Action, and any of their designated agents (collectively, the "**Testing Parties**") access to the Vehicles to conduct testing pursuant to a protocol that sets forth the parameters and scope of the testing and has been agreed to by the Diocese and the Debtors (the "**Agreed Testing**").

2. Counsel for the Diocese shall work with counsel for the Debtors to arrange a mutually convenient date, time, and location for the Agreed Testing.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Plan.

3. The Debtors shall not object the State Court Action proceeding as to any non-Debtor parties.

4. Upon the Parties' execution of this Stipulation and Order, the Motion is deemed resolved.

5. Except as provided in Paragraph 1 above, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the order confirming the Plan, including, without limitation, those provisions regarding execution, enforcement or collection of any judgment that may be obtained against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

6. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to any claims filed by the Diocese against the Debtors, and the Debtors and the GUC Trust reserve their rights to assert any and all defenses to any such claims. Likewise, nothing contained herein shall be deemed or construed as a waiver of any rights or claims that the Diocese may have against the Debtors or the GUC Trust.

7. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

8. The Debtors make no representation or warranty as to the location, ownership, or control of the Vehicles.

9. The Parties acknowledge that this Stipulation is the joint work product of all of the Parties, and that, if any ambiguity exists herein, no inferences shall be drawn against or in favor of

any of the Parties on the basis of the authorship of this Stipulation.

10. The Parties each hereby expressly represent and warrant that they have the requisite power, authority (including having obtained all approvals and consents necessary), and legal capacity to enter into and execute this Stipulation.

11. No modification, amendment, or waiver of any of the terms or provisions of this Stipulation shall be effective or bind any of the Parties unless such modification, amendment, or waiver is (i) in writing, (ii) executed by a duly authorized representative of the party against whom it is sought to be enforced, and (iii) approved by the Court.

12. The Court retains exclusive jurisdiction over any disputes arising from or related to this Stipulation.

13. This Stipulation shall be binding on the Parties from the date of its execution, but is expressly contingent upon its approval by the Court. If the Court does not approve this Stipulation, this Stipulation shall be null and void in its entirety.

Dated: June 27, 2011
New York, New York

| **RAWLE & HENDERSON, LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| By: */s/ Steven R. Montgomery* | By: */s/ Joseph. H. Smolinsky* |
| Steven R. Montgomery | Harvey R. Miller |
| Rawle & Henderson, LLP | Stephen Karotkin |
| 14 Wall Street, 27th Floor | Joseph H. Smolinsky |
| New York, New York 10005-2101 | Weil, Gotshal & Manges LLP |
| Telephone: (212) 323-7070 | 767 Fifth Avenue |
| | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| *Attorneys for the Roman Catholic Diocese of Pittsburgh and Transfiguration Parish* | *Attorneys for Debtors and Post-Effective Date Debtors* |

**SO ORDERED** this **_27th_** day of **_June_**, 2011

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDE