Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :   09-50026 (REG)
    f/k/a General Motors Corp., et al.    :
                                          :
                         Debtors.         :   (Jointly Administered)
                                          :
------------------------------------------------------------x
```

### STIPULATION AND SETTLEMENT RESOLVING CLAIM NOS. 7617 AND 7618

This Stipulation and Settlement (the "**Stipulation and Settlement**") is entered into as of **May 20, 2011** by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, and **Richard and Elise Birdsall** (the "**Claimants**," and together with the GUC Trust, the "**Parties**"), on the other hand.

### RECITALS:

WHEREAS, on June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliated debtors (the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the

United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, Claimants filed the following proofs of claim in these chapter 11 cases;

| Date of Filing | Claim Number | Filed Amount |
|---|---|---|
| October 9, 2009 | 7617 | $325,000.00 |
| October 9, 2009 | 7618 | $325,000.00 |
| November 24, 2009 | 58954 | $474,500.00 |
| November 27, 2009 | 65890 | $474,500.00 |

WHEREAS, claim numbers 58954 and 65890 (collectively, the "**Surviving Claims**") were intended to amend and supersede claim numbers 7617 and 7618 (collectively, the "**Amended and Superseded Claims**"), respectively;

WHEREAS, the Surviving Claims and the Amended and Superseded Claims were timely filed;

WHEREAS, on May 6, 2010, the Debtors objected to the Amended and Superseded Claims pursuant to the Fifteenth Omnibus Objection to Claims (ECF No. 5731);

WHEREAS, on June 22, 2010, the Claimants filed a response to the Fifteenth Omnibus Objection to Claims (ECF No. 6089);

WHEREAS, upon the effective date of the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (ECF No. 9836), the GUC Trust succeeded the Debtors to address the allowance of Class 3 claims under the Plan;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement (the "**Settlement**") to resolve the Amended and Superseded Claims;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Amended and Superseded Claims are hereby disallowed and expunged.

2. The Surviving Claims shall be deemed to incorporate the documents attached to the Amended and Superseded Claims.

3. The Fifteenth Omnibus Objection to Claims is withdrawn with respect to the Amended and Superseded Claims.

4. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reflect the disallowance and expungment of the Amended and Superseded Claims from the claims registrar.

5. This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

6. This Stipulation and Settlement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

7. Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Settlement.

8. This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9. This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

| **RICHARD BIRDSALL** | **ELISE BIRDSALL** |
|---|---|
| By: /s/ Edward S. Donini | By: /s/ Edward S. Donini |
| Print Name: Edward S. Donini | Print Name: Edward S. Donini |
| Title: Attorney for Claimant | Title: Attorney for Claimant |
| Dated: 5/20/2011 | Dated: 5/20/2011 |

5

**MOTORS LIQUIDATION COMPANY GUC TRUST**
    **By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator**

By: /s/ David Vanaskey, Jr.

Print Name: David Vanaskey, Jr.
Title: Vice President

Dated: 6/21/2011


**SO ORDERED** this  *27th* day of ***June***, 2011

        *s/ Robert E. Gerber*
        UNITED STATES BANKRUPTCY JUDGE