Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------------x | | |

## STIPULATION REGARDING CLAIM NO. 67121 AND 67122

This Stipulation (the "**Stipulation**") is entered into as of May 25, 2011 (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, and Superior Industries International, Inc. (the "**Claimant,**" and together with the GUC Trust, the "**Parties**"), on the other hand.

## RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliated debtors (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States

Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS on November 30, 2009, the Claimant filed two identical proofs of claim, assigned claim numbers 67121 (the "**Surviving Claim**") and 67122 (the "**Duplicative Claim**," and together with the Surviving Claim, the "**Claims**"), each of which assert an unsecured prepetition claim in an unliquidated amount;

WHEREAS on January 27, 2011, the Debtors filed an objection to the Claims (the "**Objection**") (ECF No. 8878) on the grounds that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, and other grounds, all as more fully described in the Objection;

WHEREAS, upon the effective date of the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (ECF No. 9836), the GUC Trust succeeded the Debtors to address the allowance of Class 3 claims under the Plan;

WHEREAS after good-faith, arms'-length negotiations, the Parties have reached an agreement regarding the Claims;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Duplicative Claim is withdrawn with prejudice from the Debtors' claim register.

2. The Surviving Claim is capped as a general unsecured claim in the amount

of $43,582.76.  Within one hundred (100) days from the Court's approval of this stipulation, the GUC Trust shall file an objection to the Surviving Claim on any basis other than section 502(e)(1)(B) of the Bankruptcy Code.  If the GUC Trust fails to file an objection to the Surviving Claim within the aforementioned one hundred day period, the Surviving Claim shall be allowed in the amount of $43,582.76.  The parties may consensually resolve the allowance of the Surviving Claim at any time prior to the expiration of the aforementioned one hundred day period.

3. The Objection is withdrawn with respect to the Claims.

4. The Debtors' claims agent shall be authorized and empowered to adjust the claims register in accordance with this Stipulation.

5. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

6. This Stipulation may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

7. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

8.  This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9.  This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GUC TRUST**<br>  By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator | **SUPERIOR INDUSTRIES INTERNATIONAL, INC.** |
| By: /s/ David Vanaskey, Jr. | By: /s/ Schuyler Carroll |
| Print Name: David Vanaskey, Jr.<br>Title: Vice President | Print Name: Schuyler Carroll<br>Title: Attorney for Claimant, Superior Industries International, Inc. |
| Dated: 6/21/2011 | Dated: 5/25/2011 |

**SO ORDERED** this *27th* day of *June*, 2011

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE

E:\SUPERIOR STIPULATION\MLC- STIPULATION RE SUPERIOR 43639518.DOC