**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.* : 
: 
        Debtors. : **(Jointly Administered)**
: 
------------------------------------------------------------------x

## STIPULATION AND AGREED ORDER AMONG
## THE MOTORS LIQUIDATION COMPANY GUC TRUST, MOTORS LIQUIDATION COMPANY, THE UNITED STATES OF AMERICA, THE STATE OF INDIANA, THE STATE OF NEW YORK, AND THE ST. REGIS MOHAWK TRIBE

It is hereby stipulated and agreed by the United States of America (the "**United States**"), the State of Indiana, the State of New York, the St. Regis Mohawk Tribe (collectively, the "**Settling Trustee Parties**"), the Motors Liquidation Company GUC Trust ("**GUC Trust**"), and Motors Liquidation Company ("**MLC**"), through their attorneys as follows:

WHEREAS, on June 1, 2009, four of the Debtors, including MLC, (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, REALM and ENCORE, commenced voluntary cases under chapter 11 of the Bankruptcy Code;

WHEREAS, the chapter 11 cases filed by the Initial Debtors, REALM and ENCORE have been consolidated for procedural purposes and are being administered jointly as

Case No. 09-50026 (REG) and have been deemed substantively consolidated for purposes of the Plan of Liquidation (as defined below);

WHEREAS, on November 28, 2009, the United States of America (the "**United States**"), on behalf of the United States Environmental Protection Agency ("**EPA**"), the United States Department of the Interior ("**DOI**"), and the United States Department of Commerce, acting through the National Oceanic and Atmospheric Administration ("**NOAA**"), timely filed a proof of claim (the "US **Proof of Claim**") against MLC for the recovery of: (i) civil penalties pursuant to the Resource Conservation and Recovery Act ("**RCRA**"), 42 U.S.C. §§ 6901-6992k; (ii) response costs incurred and to be incurred by the United States under the Comprehensive Environmental Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. §§ 9601-9675; (iii) NRD, including past assessment costs, under Section 107 of CERCLA; and (iv) civil penalties under the Clean Air Act ("**CAA**"), 42 U.S.C. §§ 7401-7671q;

WHEREAS, the United States and Debtors entered into a Consent Decree and Settlement Agreement with respect to certain environmental liabilities asserted against Debtors in the US Proof of Claim, and lodged that Consent Decree and Settlement Agreement with the Bankruptcy Court on March 4, 2011;

WHEREAS, the Consent Decree and Settlement Agreement was approved by Order of this Court, dated March 29, 2011;

WHEREAS, on April 8, 2011, pursuant to Paragraph 44 of the Consent Decree and Settlement Agreement, the United States on behalf of EPA, DOI, and NOAA filed a Second Proof of Claim (the "**Second US Proof of Claim**") against MLC for matters not resolved by the Consent Decree and Settlement Agreement which seeks the recovery of: (i) certain response costs incurred and to be incurred by the United States under the Comprehensive Environmental

2

Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. §§ 9601-9675; and (ii) natural resource damages ("**NRD**"), including past assessment costs, under Section 107 of CERCLA;

WHEREAS, the properties for which the Second US Proof of Claim asserted natural resource damage liabilities of the Debtors to the United States include: (i) the Kin-Buc Landfill Superfund Site located in Middlesex County, New Jersey (the "**Kin-Buc Site**"); (ii) the National Lead Industries Superfund Site located in Salem County, New Jersey (the "**National Lead Site**"; (iii) the Diamond Alkali Superfund Site located in and around Essex, Hudson, Bergen, and Passaic Counties, New Jersey (the "**Diamond Alkali Site**"); (iv) the General Motors Bedford Site located in Lawrence County, Indiana (the "**Bedford Site**") and (v) the Central Foundry Division a/k/a Massena Superfund Site (the "**Massena Site**");

WHEREAS, the State of Indiana timely filed proof of claim numbered 59181 (the "**Indiana NRD Claim**") seeking, *inter alia*, NRD, including assessment costs with respect to the Bedford Site;

WHEREAS, the State of New York timely filed proof of claim numbered 50636 (the "**New York NRD Claim**") seeking NRD, including assessment costs with respect to the Massena Site;

WHEREAS, the St. Regis Mohawk Tribe timely filed proof claim numbered 59087 (the "**Tribe NRD Claim**") seeking NRD, including assessments costs with respect to the Massena Site;

WHEREAS, the Court signed an order confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan of Liquidation**"), dated March 18, 2011 (ECF No. 9836) which was entered by the Clerk of the Court on March 29, 2011, and all conditions

3

to the occurrence of the Effective Date (as defined in the Plan of Liquidation) were met or waived on March 31, 2011, thereby making the Plan of Liquidation effective as of that date;

WHEREAS, Section 6.2 of the Plan of Liquidation provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan of Liquidation) with respect to unsecured claims;

WHEREAS, the United States, Debtors, the State of Indiana, State of New York, and the St. Regis Mohawk Tribe entered into a Consent Decree and Settlement Agreement Regarding Natural Resource Damage Claims ("**Natural Resource Damages Consent Decree**") with respect to certain natural resource damage liabilities asserted against Debtors in their proofs of claim, and lodged that Natural Resource Damages Consent Decree with the Bankruptcy Court on March 31, 2011;

WHEREAS, on June 16, 2011, the United States filed its Motion for approval of the Natural Resource Damages Consent Decree after public comment;

WHEREAS, the Natural Resource Damages Consent Decree resolves: (i) Debtors' liabilities to NOAA with respect to the Kin-Buc Site for an allowed general unsecured claim in the amount of $26,318, classified in Class 3 under the Plan of Liquidation; (ii) Debtors' liabilities to NOAA with respect to the National Lead Site for an allowed general unsecured claim in the amount of $374, classified in Class 3 under the Plan of Liquidation; (iii) Debtors' liabilities to DOI with respect to the Diamond Alkali Site for an allowed general unsecured claim in the amount of $44,721, classified in Class 3 under the Plan of Liquidation; (iv) Debtors' liabilities to DOI and the State of Indiana with respect to the Bedford Site (other than to the extent that the Indiana NRD Claim seeks past assessment costs incurred at the Bedford Site) for an allowed general unsecured claim in the amount of $2,000,000, classified in Class 3 under the Plan of Liquidation; and (v)

4

Debtors' liabilities to DOI, NOAA, the State of New York, and the St. Regis Mohawk Tribe with respect to the Massena Site for an allowed general unsecured claim of the Joint Massena Trustees in the amount of $9,500,000, classified in Class 3 under the Plan of Liquidation;

WHEREAS, in accordance with Paragraph 7 of the Natural Resource Damages Consent Decree, the United States' Motion seeking approval of the Consent Decree provided, with the concurrence of New York State and the St. Regis Mohawk Tribe, that the final allocations for purposes of distribution of the allowed claim of $9,500,000 are: (i) an allowed claim on account of which payments will be made to the Massena Restoration Account of $8,000,000; (ii) an allowed claim for DOI's past assessment costs incurred for the Massena Site of $1,232,329; and (iii) an allowed claim for NOAA's past assessment costs incurred for the Massena Site of $267,671;

WHEREAS, the United States and the State of Indiana have further agreed that the allowed general unsecured claim in the amount of $2 million for Bedford site shall be divided into an allowed general unsecured claim in the amount of $1,660,333 for restoration costs related to NRD and an allowed general unsecured claim in the amount of $339,667 for DOI's past assessment costs incurred for the Bedford Site.

WHEREAS, allowed general unsecured claims classified in Class 3 under Debtors' Plan of Liquidation will be satisfied through the GUC Trust, including through the GUC Trust's distribution of New GM securities and GUC Trust Units, as defined in the Plan of Liquidation;

WHEREAS, Section 5.7 of the Plan of Liquidation provides that "[n]othing in the Plan shall limit or affect any right of the United States to offset (subject to obtaining Bankruptcy Court approval to the extent required) any obligation owed by the United States to the Debtors against any obligation owed by the Debtors to the United States";

5

WHEREAS, the United States has reason to believe that certain of the Debtors' disputed prepetition claims will be resolved in a manner that will give rise to a right to offset those claims in partial satisfaction of prepetition obligations owed by the Debtors to the United States;

WHEREAS, the United States seeks to preserve the right to offset certain obligations owed by the Debtors to DOI and NOAA under the Natural Resource Damages Consent Decree in connection with the Kin-Buc, National Lead, Diamond Alkali, Bedford, and Massena Sites, rendering those obligations subject to offset;

WHEREAS, such offset would result in reductions of the allowed general unsecured claims under the Natural Resource Damages Consent Decree: (i) with respect to the Kin-Buc Site by $5,897 (leaving an allowed Class 3 General Unsecured Claim in the amount of $20,421); (ii) with respect to the National Lead Site by $84 (leaving an allowed Class 3 General Unsecured Claim in the amount of $290; (iii) with respect to the Diamond Alkali Site by $10,020 (leaving an allowed Class 3 General Unsecured Claim in the amount of $34,701); (iv) with respect to the Bedford Site restoration costs related to NRD by $108,451 (leaving an allowed Class 3 General Unsecured Claim in the amount of $1,551,882); (v) with respect to DOI past assessment costs for the Bedford Site by $339,667 (leaving an allowed Class 3 General Unsecured Claim in the amount of $0); (vi) with respect to the allowed claim on account of which payments will be made to the Massena Restoration Account by $628,558 (leaving an allowed Class 3 General Unsecured Claim in the amount of $7,371,442); (vii) with respect to DOI past assessment costs for the Massena Site by $1,232,329 (leaving an allowed Class 3 General Unsecured Claim in the amount of $0: and (viii) with respect to NOAA past assessment costs for the Massena Site by $267,671 (leaving an allowed Class 3 General Unsecured Claim in the amount of $0).

NOW, THEREFORE, upon the consent and agreement of the parties to this Stipulation by their attorneys and authorized officials, it is hereby agreed as follows:

1. Upon approval by the Bankruptcy Court of the Natural Resource Damages Consent Decree and this Stipulated Order, the GUC Trust shall, in accordance with the Plan of Liquidation, distribute to NOAA New GM securities and GUC Trust Units on account of (i) an allowed general unsecured claim in Class 3 with respect to the Kin-Buc Site in the amount of $20,421; and (ii) an allowed general unsecured claim in Class 3 with respect to the National Lead Site in the amount of $290.

2. Upon approval by the Bankruptcy Court of the Natural Resource Damages Consent Decree and this Stipulated Order, the GUC Trust shall, in accordance with the Plan of Liquidation, distribute to DOI New GM securities and GUC Trust Units on account of an allowed general unsecured claim in Class 3 with respect to the Diamond Alkali Site in the amount of $34,701.

3. Upon approval by the Bankruptcy Court of the Natural Resource Damages Consent Decree and this Stipulated Order, the GUC Trust shall, in accordance with the Plan of Liquidation, distribute to the Bedford Restoration Account (as defined in the Natural Resource Damages Consent Decree) New GM securities and GUC Trust Units on account of an allowed general unsecured claim in Class 3 in the amount of $1,551,882.

4. Upon approval by the Bankruptcy Court of the Natural Resource Damages Consent Decree and this Stipulated Order, the GUC Trust shall, in accordance with the Plan of Liquidation, distribute to the Massena Restoration Account (as defined in the Natural Resource Damages Consent Decree) New GM securities and GUC Trust Units on account of an allowed general unsecured claim in Class 3 in the amount of $7,371,442.

5. The GUC Trust Administrator (as defined in the Plan of Liquidation), shall reserve for additional Class 3 general unsecured claims in the amounts of: (i) $5,897 for NOAA's claims with respect to the Kin-Buc Site; (ii) $84 for NOAA's claims with respect to the National Lead Site; (iii) $267,671 for NOAA's claims for past assessment costs for the Massena Site; (iv) $10,020 for DOI's claims with respect to the Diamond Alkali Site; (v) $339,667 for DOI's claims for past assessment costs with respect to the Bedford Site; (vi) $108,451 for restoration costs related to NRD for the Bedford Site; (vii) $1,232,329 for DOI's claims for past assessment costs for the Massena Site; and (viii) $628,558 for restoration claims for the Massena Site (together, the "**Potential Offset Reserve**") in the event that the right of offset anticipated by the United States does not materialize.

6. In the event that the right of offset anticipated by the United States does not materialize, the United States shall advise the GUC Trust in writing no later than thirty (30) days prior to the last GUC Trust distribution date that DOI and NOAA no longer assert a right of setoff in connection with the Kin-Buc, National Lead, Diamond Alkali, Bedford, and Massena Sites. In such event, the GUC Trust Administrator shall make distributions to the recipients and by the methods specified in the NRD Consent Decree on the next succeeding GUC Trust distribution date on account of the full amount of the Potential Offset Reserve. For the Massena Site, as provided in paragraph 5 of this Stipulation and Order, such distributions shall be on account of claim amounts of (i) $267,671 for NOAA's claims for past assessment costs for the Massena Site, (ii) $1,232,329 for DOI's claims for past assessment costs for the Massena Site, and (iii) $628,558 for restoration claims for the Massena Site.

7. In the event the right of offset anticipated by the United States is

8

exercised, the United States shall promptly, but in no event later than thirty (30) days prior to the last GUC Trust distribution date, advise the GUC Trust that the United States has exercised its right to set off after either obtaining (i) the consent of New GM (as defined in the Plan of Liquidation) for the offset or, (ii) an order of this Court determining that the offset is appropriate under the terms of the MSPA (as defined in the Plan of Liquidation) or under applicable law. The GUC Trust Administrator shall thereafter be authorized to release the Potential Offset Reserve.

8. In the event that the right of offset anticipated by the United States for restoration claims for the Massena Site ($628,558) is exercised, DOI shall deposit said offset into the DOI NRDAR segregated account for the Massena Site, Account No. 14X5198, and said funds, including all interest earned on such funds, shall be used for restoration activities at or in connection with the Massena Site as provided in Paragraph 7 of the Natural Resource Damages Consent Decree with respect to that Account. In no event shall such funds be used for the payment of assessment costs.

9. Nothing in this Stipulation shall prejudice the rights of the United States to assert any additional right of offset available to the United States pursuant to Section 5.7 of the Plan of Liquidation.

9

**FOR THE UNITED STATES:**

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice

__s/ Alan Tenenbaum__
Alan S. Tenenbaum
National Bankruptcy Coordinator
Patrick Casey
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

Date: ___6/24/11_____

PREET BHARARA
United States Attorney for the
Southern District of New York

__s/ David S. Jones_____
David S. Jones
Natalie N. Kuehler
Jaimie L. Nawaday
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007
Tel.: (212) 637-2800

Date: _____6/24/11_____

**ON BEHALF OF THE NATURAL RESOURCES TRUSTEES FOR THE STATE OF INDIANA:**

\_\_\_s/\_Beth Admire_____    Date: \_\_6/23/11_____
Beth Admire, Co-Trustee


\_\_\_\_\_s/\_John M. Davis_____    Date: \_\_6/21/11_____
John M. Davis, Co-Trustee


On behalf of the State of Indiana:

**Indiana Attorney General**
GREGORY F. ZOELLER
Attorney No. 1958-02                         Trial Counsel:


By:_____              By:\_\_\_s/ Timothy J. Junk_____
   Patricia Orloff Erdmann                       Timothy J. Junk
   Chief Counsel for Litigation                  Deputy Attorney General
   Atty. No. 17664-49A                           Atty. No.5587-02

**FOR THE STATE OF NEW YORK:**

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General

Date:                              __s/ Maureen Leary /dj_____
                            By:   Maureen Leary
                                        Assistant Attorney General
                                        Chief, Toxics Section
                                        NYS Department of Law
                                        Environmental Protection Bureau
                                        The Capitol
                                        Albany, New York 12224-0341
                                        Tel.: (518) 474-7154
                                        Fax: (518) 473-2534
                                        maureen.leary@ag.ny.gov

FOR THE ST. REGIS MOHAWK TRIBE:
Date:    6/21/11            _s/ Jacob Lamme_____
                                        McNAMEE, LOCHNER, TITUS
                                            & WILLIAMS, P.C.
                                        John J. Privitera, Esq.
                                        Jacob F. Lamme, Esq.
                                        677 Broadway
                                        Albany, New York 12207
                                        Tel.: (518) 447-3200
                                        Fax: (518) 426-4260

**FOR THE DEBTORS AND POST-EFFECTIVE DATE DEBTORS :**

**MOTORS LIQUIDATION COMPANY**

By:  s/ Edward Stenger

Print Name:  Edward J. Stenger
Title:  EVP

Dated:

**FOR MOTORS LIQUIDATION COMPANY GUC TRUST :**

**MOTORS LIQUIDATION COMPANY GUC TRUST**
   **By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator**

By:  s/ Robert J Perkins

Print Name:  Robert J. Perkins
Title:  Vice President

Dated:

**SO ORDERED** this *28th* day of *June*, 2011

> *s/ Robert E. Gerber*
> UNITED STATES BANKRUPTCY JUDGE