**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
**MOTORS LIQUIDATION COMPANY**, *et al.*,          :    09-50026 (REG)
    f/k/a **General Motors Corp.**, *et al.*    :
                                                   :
              Debtors.          :    (Jointly Administered)
                                                   :
---------------------------------------------------------------x

## ORDER GRANTING 222ND OMNIBUS OBJECTION TO CLAIMS
**(Duplicate Debt Claims)**

Upon the 222nd Omnibus Objection to Claims, dated May 20, 2011 (the "**Omnibus Objection**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order that disallowing and expunging certain proofs of claim as duplicative, all as more fully described in the Omnibus Objection; and due and proper notice of the Omnibus Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Omnibus Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit "A" annexed hereto are disallowed and expunged in their entirety; and it is further

ORDERED that, if applicable, the Omnibus Objection is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**") (the "**Adjourned Claims**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Omnibus Objection is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Omnibus Objection is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are

expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the

Omnibus Objection that are not disallowed pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
       ***June 27***, 2011

                                          *s/ Robert E. Gerber*
                                          UNITED STATES BANKRUPTCY JUDGE