**PRESENTMENT DATE AND TIME: July 19, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: July 19, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                         :    **Chapter 11 Case No.**
                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.*,         :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*          :
                                                  :
                                   Debtors.       :    **(Jointly Administered)**
                                                  :
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF PROPOSED SUPPLEMENTAL
### ORDER GRANTING 179TH OMNIBUS OBJECTION TO CLAIMS

PLEASE TAKE NOTICE that a hearing on the 179th Omnibus Objection to claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees), dated January 26, 2011 (ECF No. 8862) was held on June 22, 2011 at which time the Court granted the relief requested with respect to Claim No. 28723 filed by Kathryn J. Slade and Claim Nos. 63452 and 63453 filed by Larry P. Schramm and ordered that the claims be disallowed and expunged.

PLEASE TAKE FURTHER NOTICE that, consistent with the relief granted at the hearing, the Motors Liquidation Company GUC Trust (the "**GUC Trust**") will present the attached proposed Supplemental Order Granting 179th Omnibus

Objection to Claims (the "**Proposed Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for entry on **July 19, 2011 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any objections to the entry of the Proposed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to the Judge's Chambers at One Bowling Green, New York, New York 10004-1408), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (iv) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (v) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith

Martorana, Esq.); (vi) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips), so as to be received no later than **July 19, 2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

      PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Proposed Order, the GUC Trust may, on or after the Objection Deadline, submit the Proposed Order to the Bankruptcy Court, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       June 28, 2011

       /s/ Joseph H. Smolinsky
       Harvey R. Miller
       Stephen Karotkin
       Joseph H. Smolinsky

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Motors Liquidation
         Company GUC Trust

**PRESENTMENT DATE AND TIME: July 19, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: July 19, 2011 at 11:30 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
      f/k/a General Motors Corp., et al.:
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
------------------------------------------------------------x
```

## SUPPLEMENTAL ORDER GRANTING DEBTORS' 179th OMNIBUS OBJECTION TO CLAIMS
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

Upon the 179th omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated January 26, 2011 (the "**179th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully described in the 179th Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 179th Omnibus Objection to Claims.

Objection to Claims; and due and proper notice of the 179th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 179th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 179th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 179th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 179th Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____<br>United States Bankruptcy Judge

| 179th Omnibus Objection | Exhibit A | Motors Liquidation Company, et al. |
|---|---|---|
| | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LARRY SCHRAMM<br>3298 SUMMIT RIDGE DR<br>ROCHESTER HILLS, MI 48306-2956 | 63453 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$160,000.00 (U)<br>$160,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCHRAMM LARRY P<br>3298 SUMMIT RIDGE DR<br>ROCHESTER HILLS, MI 48306-2956 | 63452 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$299,679.00 (U)<br>$299,679.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SLADE, KATHRYN J<br>20904 TORRE DEL LAGO ST<br>ESTERO, FL 33928-2943 | 28723 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$169,568.00 (U)<br>$169,568.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | **3** | | **$0.00** (S)<br>**$0.00** (A)<br>**$0.00** (P)<br>**$629,247.00** (U)<br>**$629,247.00** (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1