**PRESENTMENT DATE AND TIME: July 19, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: July 19, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
    Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*            :
                                                            :
                                **Debtors.**                :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF PROPOSED**
**ORDER GRANTING MOTORS LIQUIDATION COMPANY GUC**
**TRUST'S OBJECTION TO CLAIM NO. 1038 FOR FAILURE TO COMPLY**
**WITH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(A) AND GENERAL**
**ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATE**
**DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION**

PLEASE TAKE NOTICE that a hearing on the Objection, dated April 29,

2011, of Motors Liquidation Company GUC Trust (the "**GUC Trust**"), to the allowance

of Proof of Claim No. 1038 was held on June 22, 2011 at which time the Court granted

the relief requested with respect to Proof of Claim No. 1038 (the "**Claim**") and ordered

that the Claim be disallowed and expunged.

PLEASE TAKE FURTHER NOTICE that, consistent with the relief

granted at the hearing, the GUC Trust will present the attached proposed Order (the

"**Proposed Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge,

for entry on **July 19, 2011 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any objections to the entry of

the Proposed Order must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can

be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably

in text-searchable portable document format (PDF) (with a hard copy delivered directly

to the Judge's Chambers at One Bowling Green, New York, New York 10004-1408), in

accordance with the customary practices of the Bankruptcy Court and General Order M-

399, to the extent practicable, and served in accordance with General Order M-399, and

on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue,

New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and

Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan  48009 (Attn: Thomas

Morrow); (iii) the Office of the United States Trustee for the Southern District of New

York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq.); (iv) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (v)

Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust

Administrator and for Wilmington Trust Company as Avoidance Action Trust

Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith

Martorana, Esq.); (vi) FTI Consulting, as the GUC Trust Monitor and as the Avoidance

Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500,

Atlanta, Georgia  30309 (Attn: Anna Phillips), so as to be received no later than **July 19,**

**2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed

and served with respect to the Proposed Order, the GUC Trust may, on or after the

Objection Deadline, submit the Proposed Order to the Bankruptcy Court, which may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
        June 28, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                    :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY, *et al.*,** | : | **09-50026 (REG)** |
|     **f/k/a General Motors Corp., *et al.*** | : | |
| | : | |
|         **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

**ORDER GRANTING MOTORS LIQUIDATION COMPANY GUC TRUST'S
OBJECTION TO PROOF OF CLAIM NO. 1038 FOR FAILURE TO COMPLY
WITH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(A)
AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF
<u>ALTERNATE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION</u>**

        Upon the Objection dated April 29, 2011 (the "**Objection**"),[1] of Motors

Liquidation Company (the "**GUC Trust**"), pursuant to section 502(b) of title 11, United

States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), and this Court's order Pursuant to Section

502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the

Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section

503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of

Notice Thereof (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order

disallowing and expunging Proof of Claim No. 1038 (the "**Claim**") on the grounds that

such claims should be disallowed under section 502(b) of the Bankruptcy Code for

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

failure to comply with the ADR Order and the ADR Procedures, all as more fully

described in the Objection; and due and proper notice of the Objection having been

provided, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Objection is in the best interests

of the GUC Trust, creditors, and all parties in interest and that the legal and factual bases

set forth in the Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted as

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

Claim is disallowed and expunged in its entirety; and it is further

**ORDERED that Claimant's counsel is to forthwith call Judge**

**Gerber's Chambers for an on the record conference call to personally explain both**

**the failure to comply with the ADR Order and ADR Procedures and the failure to**

**appear at the Hearing, how such failures assisted their clients, and to show cause as**

**to why the Court should not send a letter to disciplinary authorities in the**

**jurisdictions in which they practice law, reporting these circumstances and**

**reporting how their clients were prejudiced by the failure to do what the ADR**

**Order and ADR Procedures required**; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
        _____, 2011

_____
United States Bankruptcy Judge