Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
|    **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
|         **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

STIPULATION AND AGREED ORDER AMONG GUC TRUST AND THE STATES
OF ARKANSAS, ILLINOIS, INDIANA, IOWA, MAINE, MARYLAND, NEW
JERSEY, NORTH CAROLINA, RHODE ISLAND, AND VERMONT AND THE
MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION AND
THE MISSOURI DEPARTMENT OF NATURAL RESOURCES RESOLVING
<u>CERTAIN CLAIMS RELATING TO MERCURY-CONTAINING SWITCHES</u>

     Motors Liquidation Company GUC Trust (the "**GUC Trust**") and the States of

Arkansas, Illinois, Indiana, Iowa, Maine, Maryland, New Jersey, North Carolina, Rhode

Island, and Vermont and the Massachusetts Department of Environmental Protection

("Massachusetts") and the Missouri Department of Natural Resources ("Missouri")

(collectively, "**States**") (and, collectively States and the GUC Trust are referred to herein as

"**Parties**"), by and through their respective undersigned counsel or representatives, hereby

enter into this Stipulation and Agreed Order ("**Stipulated Order**") and stipulate as follows:

1

RECITALS

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation

Company (f/k/a General Motors Corporation) and certain of its affiliated debtors, as debtors

in possession (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title

11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy

Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on June 1, 2009, General Motors Corporation filed a motion to approve the

sale of substantially all of its assets pursuant to 11 U.S.C. § 363;

WHEREAS, on July 5, 2009, the Bankruptcy Court approved the sale of assets to

NGMCO, Inc. (a/k/a Newco), later known as General Motors LLC and now known as

General Motors Company ("**New GM**");

WHEREAS, following the sale of assets, General Motors Corporation was renamed

Motors Liquidation Company ("**MLC**");

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section

502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim

(Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating

Thereto and Approving the Form and Manner of Notice Thereof establishing November 30,

2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial

Debtors based on prepetition claims;

WHEREAS, for decades and until at least model year 2002, MLC manufactured

vehicles that included mercury-containing switches;

2

WHEREAS, the States each have laws and/or regulations in effect that require manufacturers of automobiles with mercury-containing switches to fund or implement a program to collect and recycle the mercury-containing switches from such vehicles when those vehicles reach their "end-of-life" ("**State Mercury Laws**");

WHEREAS, beginning in 2006 or later, MLC started performing its obligations under the State Mercury Laws through participation in the National Vehicle Mercury Switch Recovery Program ("**NVMSRP**"), which is a coordinated effort among automobile manufacturers subject to the State Mercury Laws, to perform their obligations under the State Mercury Laws through a cooperative, national program implemented and administered by an entity known as End-of-Life-Vehicle Solutions Corporation ("**ELVS**");

WHEREAS, funding of ELVS comes from payments from the automobile manufacturers with liability under the State Mercury Laws, in proportion to each manufacturer's market share of the mercury switches being collected and recycled under the program, directly to ELVS;

WHEREAS, the States allege that MLC has environmental liability to them under the State Mercury Laws;

WHEREAS, the following States ("**Mercury-Switch-Only-Claim States**") timely filed the following Proofs of Claim exclusively asserting claims against MLC and its affiliated debtors (the "**Debtors**") arising from alleged liability under the State Mercury Laws of their respective States (collectively, the "**Mercury-Switch-Only-Claims**"):

| State | Proof of Claim Number |
|-------|----------------------|
| Arkansas | 59318 |
| Iowa | 50630 |

| | |
|---|---|
| Maine | 49692 |
| Maryland | 49515 |
| Missouri | 60898 |
| New Jersey | 48352 |
| North Carolina | 44292 |
| Rhode Island | 46174 |
| Vermont | 58677 |

WHEREAS, the following States ("**Mercury-Switch-And-Other-Claims States**") timely filed the following Proofs of Claim that assert, *inter alia*, claims against the Debtors arising from alleged liability under the State Mercury Laws of their respective States (collectively, the "**Mercury-Switch-And-Other-Claims**" and together with the Mercury-Switch-Only-Claims, the "**State Mercury Switch Claims**"):

| **State** | **Proof of Claim Number** |
|---|---|
| Illinois | 44875 |
| Indiana | 59181 |
| Massachusetts | 65349 |

WHEREAS, during pendency of its bankruptcy proceedings, MLC has made payments to ELVS to fund the recovery of mercury switches in vehicles it produced;

WHEREAS, in a letter dated February 7, 2011, attached hereto as Exhibit 1 ("**New GM Letter**"), New GM informed the New England Governors' Conference Inc., MLC and nine states that it "has decided to voluntarily provide support to NVMSRP and ELVS when MLC exits bankruptcy";

4

WHEREAS, New GM has represented to the States that it will make a one-time voluntary payment to ELVS in the amount of $4.5 million to cover MLC's share of ELVS program costs through 2017;

WHEREAS, there is now a general consensus among interested parties and stakeholders that the NVMSRP will not terminate in 2017 as originally contemplated, but will run for at least another five years beyond 2017, through 2022;

WHEREAS, MLC already has, or imminently will, cease funding ELVS, so that there is, or imminently will be, a gap in funding for MLC's share of program costs in addition to costs during 2018 through 2022;

WHEREAS, the States are entering into this Stipulated Order based upon New GM's representation that it will make a timely payment of $4.5 million to ELVS for costs through 2017, regardless of any distribution(s) to ELVS as a result of the resolution of State Mercury Switch Claims described herein;

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed Debtors Second Amended Joint Chapter 11 Plan (the "**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**"), and transferred the State Mercury Switch Claims to the GUC Trust;

WHEREAS, the States have agreed to the terms and language of this Stipulated Order based on the unique facts and circumstances present in this case, and nothing in this

5

Stipulated Order shall be treated as having any precedential value in any other bankruptcy; and

WHEREAS, this Stipulated Order is fair, reasonable, and in the public interest, and is an appropriate means of resolving the State Mercury Switch Claims.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1.    As further explained herein, the Parties agree that the State Mercury Switch Claims shall be treated as allowed general unsecured claims and allowed in the amount of $2,845,000 (two million eight hundred forty-five thousand dollars) in the aggregate. Distribution(s) on account of the State Mercury Switch Claims shall be made to ELVS, P.O. Box 3282 Farmington Hills, Michigan 48333-3282, in the form set forth in and pursuant to the terms of the Plan.    *See* Plan, Article V.    Simultaneous notification to the States of such distribution(s) shall be made to the following:

As to Arkansas:
        Kendra.jones@arkansasag.gov

As to Illinois:
        jmorgan@atg.state.il.us

As to Indiana:
        Tim.Junk@atg.in.gov

As to Iowa:
        Theresa Stiner
        Iowa Department of Natural Resources
        502 E. 9th Street
        Des Moines, Iowa 50319
        (515) 281-8646
        Theresa.Steiner@dnr.ia.us

As to Maine:
        nancy.macirowski@maine.gov

As to Maryland:
> htablada@mde.state.md.us
> hmiller@mde.state.md.us
> pcarroll@mde.state.md.us

As to Massachusetts:
> carol.iancu@state.ma.us
> jennifer.davis@state.ma.us
> robert.w.ritchie@state.ma.us

As to Missouri:
> Jeff.Klusmeier@ago.mo.gov

As to New Jersey:
> Richard.Engel@dol.lps.state.nj.us

As to North Carolina:
> Jgreen@ncdoj.gov

As to Rhode Island:
> ccapizzo@riag.ri.gov

As to Vermont:
> tschwartz@atg.state.vt.us

2.    For the purpose of streamlining the distribution process only, and for no other reason, resolution of the State Mercury Switch Claims in the aggregate, as described in the preceding paragraph, shall be recorded and processed in the claims registry as described in this paragraph.    The Massachusetts Department of Environmental Protection Claim (No. 65349) shall be treated as an allowed general unsecured claim in the amount of $2,845,000 (two million eight hundred forty-five thousand dollars), which distribution shall be made to ELVS (the "**Allowed Claim**").    Upon payment of the full distribution(s) of the Allowed Claim to ELVS, the State Mercury Switch Claims shall be deemed to be satisfied in full, and the Debtors' claims agent shall be authorized and empowered to expunge from the claims register each State Mercury Switch Claim.

3.      With respect to the Mercury-Switch-Only-Claims, except as agreed herein, the Mercury-Switch-Only-Claim States and their respective successors or assigns shall have no further right to payment from the Debtors, the GUC Trust, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**").   With respect to the Mercury-Switch-Only-Claims, except as set forth in this Stipulated Order, the Mercury-Switch-Only-Claim States hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtor Parties arising under the Mercury-Switch-Only-Claim States' respective State Mercury Laws.

4.      With respect to the Mercury-Switch-And-Other-Claims, except as agreed herein, the Mercury-Switch-And-Other-Claims States and their respective successors or assigns shall have no further right to payment from the Debtors, the GUC Trust, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**") for any costs or liabilities arising under the Mercury-Switch-And-Other-Claims States' respective State Mercury Laws.   With respect to the Mercury-Switch-And-Other-Claims, except as set forth in this Stipulated Order, the Mercury-Switch-And-Other-Claims States hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtor Parties arising under the Mercury-Switch-And-Other-Claims States' respective State Mercury Laws.

5.      The portions of the Mercury-Switch-And-Other-Claims that do not arise under the Mercury Switch-And-Other-Claims States' respective State Mercury Laws are not settled or resolved as part of this Stipulated Order.   As to such portions of the Mercury-Switch-And-Other Claims that are not settled or resolved herein, or by any other stipulation or agreement between the Debtors and any Mercury-Switch-And-Other Claims State (the

8

"**Unresolved Claims**"), each Mercury-Switch-And-Other-Claims State is authorized, within forty-five days after the date upon which this Stipulated Order is entered by the Court, to file a new proof of claim in the Debtors' chapter 11 cases asserting the claims it contends it still has against Debtors for the Unresolved Claims (the "**New Proofs of Claim**").   The New Proofs of Claim shall not be objected to on the grounds of timeliness and shall be treated in all respects as relating back to the original, timely-filed claims.   The Debtors reserve all rights to object to the New Proofs of Claim on any grounds other than timeliness.

6.    The Debtors' claims agent shall be authorized and empowered to adjust the claims register consistent with the provisions of this Stipulated Order.

7.    Each State (except for the State of North Carolina, whose release and agreement not to sue are set forth below), by and through duly authorized representatives, on its own behalf and on behalf of each of its successors, if any, hereby covenants not to sue the Debtor Parties for the causes of action asserted in the State Mercury Switch Claims that arise under the State's respective State Mercury Switch Laws and further agrees that the State Mercury Switch Claims are not entitled to any treatment other than that set forth herein.   These covenants not to sue shall take effect upon the GUC Trust's payment of the full distributions specified herein. The State of North Carolina releases and agrees not to sue or take administrative action against the Debtor Parties under its State Mercury Laws for any liabilities or obligations asserted in North Carolina's State Mercury Switch Claim (proof of claim numbered 44292).   North Carolina's release and agreement shall take effect upon the GUC Trust's payment of the full distributions specified herein

8.    Nothing in this Stipulated Order is intended as a covenant not to sue or release for any person or entity other than the Debtor Parties.   The covenants not to sue and

release contained herein do not pertain to any matters other than those expressly set forth herein,

including, *inter alia*, causes of actions related to Unresolved Claims.    Nothing in this Stipulated

Order resolves any matter other than the claims asserted by the States under the State Mercury

Laws in the Proofs of Claim enumerated above.

9.    Debtors agree that actions or claims against the Debtors by the States

regarding any other matter or claim not resolved herein shall not be impaired or affected in any

way by this Stipulated Order.    The States may pursue enforcement actions or proceedings with

respect to such other actions, claims or obligations of the Debtor Parties that have not been

otherwise resolved, in administrative or judicial tribunals in which the States could have pursued

enforcement actions or proceedings if these bankruptcy cases had never been commenced.

10.    Each person who executes this Stipulated Order represents that he or she is

duly authorized to do so on behalf of the respective Parties hereto and that each such party has

full knowledge and has consented to this Stipulated Order.

11.    This Stipulated Order may be executed in counterparts, each of which

shall be deemed an original but all of which together shall constitute one and the same

instrument.

12.    Nothing herein shall be construed as an admission of liability on behalf of

Debtor Parties with respect to any portion of the State Mercury Switch Claims.

13.    This Court shall retain original and exclusive jurisdiction to adjudicate any

disputes arising from or in connection with this Stipulated Order.

**IN WITNESS WHEREOF, THE UNDERSIGNED PARTIES ENTER INTO THIS
STIPULATION AND AGREED ORDER:**

10

**FOR MOTORS LIQUIDATION COMPANY GUC TRUST
BY GUC TRUST ADMINISTRATOR**

By: /s/ David A. Vanesky, Jr.
Print Name: David A. Vanesky, Jr.
Title: Vice President
Date: June 21, 2011

**FOR THE STATE OF ARKANSAS**

DUSTIN MCDANIEL
ARKANSAS ATTORNEY GENERAL

By: /s/ Kendra Akin Jones
Kendra Akin Jones, AR Bar #2004214
Assistance Attorney General
Arkansas, Attorney General's Office
323 Center St., Ste. 400
Little Rock, AR 72201
501-682-7383
Kendra.jones@arkasasag.gov

Date: 6/17/11

**FOR THE STATE OF ILLINOIS**

By: /s/ Thomas Davis
Print Name:    Thomas Davis
Title:    Bureau Chief

Date:    6/14/11

**State of Indiana's Signature Page to:**

**STIPULATION AND AGREED ORDER AMONG GUC TRUST AND THE STATES OF ARKANSAS, ILLINOIS, INDIANA, IOWA, MAINE, MARYLAND, NEW JERSEY, NORTH CAROLINA, RHODE ISLAND, AND VERMONT AND THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION AND THE MISSOURI DEPARTMENT OF NATURAL RESOURCES RESOLVING CERTAIN CLAIMS RELATING TO THE MERCURY-CONTAMINATING SWITCHES**

On behalf of the Indiana Department of Environmental Management for the State of Indiana:

Date: June 15, 2011                        /s/ Thomas W. Easterly
                                          Thomas W. Easterly
                                          Commissioner

On behalf of the State of Indiana:

Indiana Attorney General
Gregory F. Zoeller
Attorney No. 1958-02

By: /s/ Timothy J. Junk
Timothy J. Junk
Deputy Attorney General
Atty. No. 5587-02

14

**FOR THE STATE OF IOWA**

DATE:    June 20, 2011

BY:    /s/ Wayne Gieselman
        Wayne Gielselman
        Division Administrator
        Iowa Department of Natural Resources

**FOR THE STATE OF MAINE**

WILLIAM J. SCHNEIDER
ATTORNEY GENERAL

By: /s/ Nancy Macirowski
Nancy Macirowski
Assistant Attorney General

Date: June 15, 2011

**FOR THE STATE OF MARYLAND**

By:    /s/ Horacio Tablada
Horacio Tablada
Director, Land Management Administration
Department of the Environment

Date:    6/17/11

**FOR THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION**

MARTHA COAKLEY
ATTORNEY GENERAL

By:    /s/ Carol Iancu
Carol Iancu, MA BBO # 635626
Assistant Attorney General
Environmental Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2428
carol.iancu@state.ma.us

Date:    6/20/11

**FOR THE MISSOURI DEPARTMENT OF NATURAL RESOURCES**

By its attorney,
CHRIS KOSTER
ATTORNEY GENERAL OF MISSOURI

By:   /s/ Jeff Klusmeier
Jeff Klusmeier, MO Bar No. 96061
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102
(573) 751-4854
(573) 751-4323 Fax
Jeff.Klusmeier@ago.mo.gov

Date:   6/16/2011

**FOR THE STATE OF NEW JERSEY**

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Richard F. Engel
Richard F. Engel
Deputy Attorney General

Date:   6/17/11

**FOR THE STATE OF NORTH CAROLINA**


/s/ Dexter R. Matthews

Dexter R. Matthews

Director

Division of Waste Management of NCDENR

401 Oberlin Road, Suite 150

Raleigh, NC 27605


Date:    6/15/01

**FOR THE STATE OF RHODE ISLAND**

PETER F. KILMARTIN
ATTORNEY GENERAL
By his Attorney,

By:    /s/ Christian F. Capizzo
Christian F. Capizzo (#6655)
Special Assistant Attorney General
RI Department of Attorney General
150 South Main Street
Providence, RI 02903-2907

Date:    6/20/11

**FOR THE STATE OF VERMONT**

WILLIAM H. SORRELL
ATTORNEY GENERAL

By:    /s/ Thea J. Schwartz
Thea J. Schwartz
State of Vermont
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186

Date:    6/16/11

IT IS SO ORDERED.

Dated:         **_June 29, 2011_**
               New York , New York

**_s/ Robert E. Gerber_**
United States Bankruptcy Judge