67 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

**Joseph H. Smolinsky**
+1 212 310-8767
joseph.smolinsky@weil.com

June 29, 2011

BY MAIL AND E-MAIL

Michael E. LeVert
PO Box 552
Lake Forrest, Il 60045
lfs1040@aol.com

Re: *In re Motors Liquidation Company, et al. (f/k/a General Motors Corp., et al.)* ("**Debtors**"),
    Chapter 11 Case No. 09-50026 (REG)

Dear Mr. LeVert,

We are in receipt of your letter dated June 24, 2011 addressed to the Bankruptcy Court for the Southern District of New York (the "**Court**") asking to confirm whether your Proof of Claim No. 17959 (the "**LeVert Claim**") has been allowed in light of the Debtors' confirmation of their chapter 11 plan (the "**Plan**") on March 29, 2011 and it having become effective on March 31, 2011 (the "**Effective Date**").

As we have explained to you before, the Debtors' Plan provides that any claim that has not been allowed pursuant to the Plan or a final order is disputed and is subject to the procedures for disputed claims. *See* Plan §§ 1.54, 7.1. Such procedures establish that the Debtors and the liquidating trust formed pursuant to the Plan (the "**GUC Trust**") have the right to object to claims for a period of one hundred and eighty (180) days after the Effective Date, which period may be extended upon request to the Court. Additionally, the time to object to a claim, such as yours, that is subject to the Court imposed alternative dispute resolution procedures can be objected to so long as the claim is still subject to those procedures (meaning that the alternative dispute resolution procedures have not been commenced, implemented, and concluded). *See* Plan §§ 7.1(b), 7.1 (c), 7.1 (d). The Debtors' Plan also provides that no payment or distribution to the holder of a disputed claim shall be made on account of such claim unless and until such disputed claim becomes an allowed claim. *See* Plan § 7.2.

Michael E. LeVert  
June 29, 2011  
Page 2

Weil, Gotshal & Manges LLP

Accordingly, because the LeVert Claim has not been yet allowed either by the Plan, a settlement, or a final order, the LeVert Claim continues to be a disputed claim and is not eligible for payment or distribution. As you may be aware, the Debtors and the GUC Trust continue to reconcile thousands of claims, including the LeVert Claim, and will endeavor to review your claim as soon as reasonably possible.

Sincerely yours,

*Joseph Smolinsky /PF*

Joseph H. Smolinsky

cc:  Honorable Robert E. Gerber (via Mail)

    Mr. David Head (via E-Mail)

June 30, 2011

Judge Robert E. Gerber
United States Bankruptcy
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: In re Motors Liquidation Company, et. al. (f/k/a General Motors Corp., et.al.) ("Debtors") Chapter 11 Case No. 09-50026 (REG)

Dear Judge Gerber:

I am writing regarding claim#17959 for LeVert Financial Services (aka LeVert PC and Michael LeVert).

**Please be advised as to the following facts as they relate to this case and to my claim:**

I. LeVert (aka LeVert Financial Services, LeVert P.C., and Michael LeVert) properly filed a claim for unpaid services. **This claim is identified by the court as claim# 17959 in the amount of $1,267,987.83.**

II. **LeVert was counseled that IF no objections were made to my claim (#17959), the claim was: a) valid; b) would be "allowed"; c) the claim was "not disputed"; and d) the filed amount would be the basis for settlement.**

III. **Further, per counsel, all objections had to be filed in the bankruptcy court by the end of March 2011.**

IV. My claim # is 17959' and, **the ONLY objection to my claim** was made ~July 2010 and that objection **was to change the claim from a secured to UNsecured** claim. This motion

was upheld (not challenged by claimant). **NO other motions were made (in the form of objections or otherwise) as to my claim's validity and/or amount. That is, my claim is NOT nor has it ever been "disputed" neither as to its validity nor as to its amount!!**

Accordingly, my claim should be paid out as part of the 70/30 distributions with the first (70%) having happened 4/21/11 and the remaining (30%) in July 2011. This position, per review of my specific claim (#17959) by representatives of Kramer Levin and Alix Partners, confirmed my claim was "valid", proper and undisputed, and should be paid out **with the distribution of securities at ~33% of the filed claim.**

Thanks for your understanding and help in this matter.

Very truly yours,

*[signature]*

Michael E. LeVert
(312) 961-1040
lfs1040@aol.com
P.O. Box 522
Lake Forest, Il 60045

June 30, 2011

Joseph H. Smolinsky
Weil, Gorshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119

Re: In re Motors Liquidation Company, et. al. (f/k/a General Motors Corp., et.al.) ("Debtors"), Chapter 11 Case No. 09-50026 (REG)

Dear Mr. Smolinsky:

I am replying to your letter dated June 29, 2011 received via email.

First, who is "we"??? You and I have NEVER had contact before.

Second, who are you?? What is your position at WG&M LLP?? On what authority do you write me in response to my letter to Judge Gerber??

Third, assuming you read my letter, you know I disagree with your response.

Sincerely yours,

Michael E. LeVert
(312) 961-1040
lfs1040@aol.com
P.O. Box 522
Lake Forest, Il 60045

Dear Mr. Smolinsky:

Please see attached response to your 6/29/11 letter to me

Sincerely yours,

Michael LeVert
(312) 961-1040