HEARING DATE AND TIME: September 26, 2011 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: September 19, 2011 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re  :  Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :  09-50026 (REG)
  f/k/a General Motors Corp., *et al.*  : 
: 
Debtors.  :  (Jointly Administered)
: 
------------------------------------------------------------x

### DECLARATION OF JOSEPH H. SMOLINSKY IN SUPPORT OF CROSS-MOTION OF POST-EFFECTIVE DATE DEBTORS AND MOTORS LIQUIDATION COMPANY GUC TRUST FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 1142(B) AND FED R. BANKR. P. 7012 AND 9014 (I) ENFORCING SETTLEMENT AGREEMENT WITH CLAIMANT BARRY H. SPENCER, JR.; (II) STRIKING DOCUMENTS FILED BY CLAIMANT; AND (III) ENJOINING CLAMANT FROM FURTHER ACTION AGAINST THE DEBTORS, POST-EFFECTIVE DATE DEBTORS, MOTORS LIQUIDATION COMPANY GUC TRUST, AND THEIR OFFICERS AND PROFESSIONALS

JOSEPH H. SMOLINSKY hereby declares:

1. I am a member of the Bar of the State of New York and a partner at the law firm Weil, Gotshal & Manges LLP, counsel to Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**") and Motors Liquidation Company GUC Trust (the "**GUC Trust**"). I submit this declaration in connection with the Cross-Motion of Post-Effective Date Debtors and Motors Liquidation Company GUC Trust for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 1142(b) and Fed. R. Bankr. P. 7012 and 9014 (i) Enforcing Settlement Agreement with Claimant Barry H. Spencer, Jr.; (ii) Striking Documents Filed by Claimant; and (iii) Enjoining Claimant from Further Action Against the Debtors, Motors Liquidation Company GUC Trust, and Their Professionals dated July 7, 2011 (ECF No. 10559) (the "**Motion**").

US_ACTIVE:\43716039\05\72240.0639

2. Attached hereto as **Exhibit "1"** is a true and correct copy of the proof of claim filed by claimant Barry N. Spencer, Jr. ("**Claimant**") against MLC in the amount of $682,000,000.00, which was assigned Claim No. 64658 for administrative purposes.

3. Attached hereto as **Exhibit "2"** is a true and correct copy of the proof of claim filed by claimant Barry N. Spencer, Jr. against MLC in the amount of $682,000,000.00, which was assigned Claim No. 64659 for administrative purposes.

4. Attached hereto as **Exhibit "3"** is a true and correct copy of the July 9, 2010 letter agreement, pursuant to the ADR Procedures,[1] executed by the Debtors and Claimant expunging Claim No. 64659 as duplicative of Claim No. 64658 and capping Claim No. 64658 for all purposes at $9 million.

5. Attached hereto as **Exhibit "4"** is a true and correct copy of the July 19, 2010 notice of the Debtors to Claimant submitting the Spencer Claim to alternate dispute resolution pursuant to the ADR Order.

6. Attached hereto as **Exhibit "5"** is a true and correct copy of Claimant's response to the ADR Notice, dated July 24, 2010, rejecting the settlement offer and proposing a counteroffer of an allowed priority claim of $9 million.

7. Subsequent to Claimant's rejection of the Debtor's settlement offer, I spoke by telephone with Claimant and explained the proposed treatment of allowed unsecured claims under the Debtors' then-proposed chapter 11 plan. I also provided anecdotal information on the expected market value of the stock to be distributed on account of allowed claims under the plan.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

8. Following this discussion, Claimant agreed to resolve the Spencer Claim for an allowed general unsecured claim against MLC in the amount of $200,000.00 to be paid in accordance with a confirmed chapter 11 plan. Attached hereto as **Exhibit "6"** is a true and correct copy of the settlement agreement executed by Claimant and the Debtors on September 1, 2010 and September 8, 2010, respectively. During all conversations with Claimant, Claimant appeared engaged and able to comprehend all of the information conveyed to him.

9. Upon information and belief, Claimant is not a party to any agreement with the Debtors, the GUC Trust, or their officers and professionals giving rise to any lien or security interest in favor of the Claimant.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of July, 2011, in New York, New York.

/s/ Joseph H. Smolinsky
Joseph H. Smolinsky