**Exhibit "5"**

BARRY SPENCER JR
PO BOX 1218
SHIRLEY, MA 01464

**RECEIVED**

JUL 29 2010

July 24, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                    Chapter 11 Case No.

MOTOR LIQUIDATION COMPANY, et al.,       09-50026
        f/k/a General Motors Corp.

                Debtors,

## CREDITOR'S COUNTEROFFER & OBJECTIONS
## FOR ALTERNATIVE DISPUTE RESOLUTION NOTICE

The Creditor/Secured Party (UCC – 1 Filed in State of
Massachusetts – Secured Transaction Registry Number –
200972913140; International Registered Private Tracking
Number – RE 011-42-963 US) has reviewed the DEBTOR'S
ADR NOTICE, Objections have been made to ensure correction
of the Claim Floor Settlement "CFS" and Debtor's obligation
to pay for Mediation, if necessary, based upon Creditor's
acceptance of Cap Amount. see Creditor's Capping Proposal
Letter (May 17, 2010); MLC Capping Letter w/objections
(May 24, 2010) and response Letter by Creditor (June 1,
2010), also Motion For Sanctions Being Held By Creditor.

### CAUSES OF ACTION

In addition to the objections, Creditor now provides
the Billing Assessment, below the UCC 1 Contracts found in
the UCC Corporate Offices of Massachusetts's Secretary of
the State (all rights reserved, if the Debtor vitiates the
process) the Bill is as follows:

PRIVATE EMOTIONAL & BODILY INJURY
+    Fractured several ribs, sternum, pelvis, back disks,
     shoulder, legs, hands

+    Aches, pains intense & reoccurring – continuing injury

-1-

+ Hernia tears – compounding injury
+ Morphine addiction leading to compounding
  injury – relationship problems, incarceration, ect.
+ Emotional withdrawal
+ Family problems

$5,000,000

LOSS WAGES

| + | ARAMARK CATERING   30K per yr | $ | 210.000 |
| + | Kara's Painting    25K per yr | $ | 175,000 |
| + | (start Up Business) Nafse Bistro | $ | 280,000 |
|   | unknown potential 40K per yr | | |

all are multiplied by 7 yrs          $   665,000

MEDICAL BILLS

+ Hospital several days, XRays, amburlance,
  radiology, surgical clinic, medications, ect.
+ Present issue
+ Future issue possible surgury Hernia & Disk
Your Boston Lawyers Subpoena All records ECKERT SEAMAN

$   60,000

BREACH OF MERCANTILE WARRANTY

+ Product liability
+ Defective product
+ Expressed warranty
+ Implied warranty
+ Warranty ab initio
+ Fitness for particular purpose
– at all times relevent, the vehicle was defective and
GM was aware of a defect in vehicles with simular problems
however, there was no commercial remedy, nor was it some-
thing major to be found although it caused major problems.
see Affidavit of Tamika Scott (there are other witnesses)
also Recall investigations (GM & NHTSA) are admissible
Carey v General Motors Corp, 377 Mass 736, 744 (1979);
Santos v Chyrsler Corp, 715 N.E.2d 47 (1999)

$1,500,000

UNFAIR & DECEITFUL BUSINESS PRACTICE

+     Vitiation of process by ESIS - GM Claim Unit

+     Vitiation of the State case (Discovery, Stay, ect.)

+     Undermining this Claim by WEIL, GOTSHAL & MANGES
      and ECKERT SEAMAN

+     Vitiation of the CFS by MLC and WEIL, GOTSHAL & MANGES

                                         _____
                                         $   500,000

CONSORTIUM

+     Family (Mother, Brother, (4) Sisters
      Children, Neices, Nephew

Companionship, Affection, Friendship, Coorporation,
Aid, Financial Support

+     Wife - Mother of Children (3)

Companionship, Affection, Friendship, Coorporation,
Aid, Financial Support and sexual relation

+     Wife - Mother of Child (1)

Companionship, Affection, Friendship, Coorporation,
Aid, Financial Support and Sexual relation

                                         _____
                                         $   575,000

LEGAL FEES OF SECURED PARTY FOR TRADENAME

+     2,000 Hrs For & yrs at $250.00 per hr
see POWER OF ATTORNEY

                                         _____
                                         $   500,000

FUTURE DAMAGES

+     impared earning capicity

+     Unknown                            $   200,000

+     One Cadillac                       _____
      Counter Offer GRAND TOTAL          $ 9,000,000.00

      The Creditor will resolve this matter based upon the
above submitted Billing Assessment of Nine Million Dollars
in US Currency.

The creditor reserves All Rights, i.e. to amend, add additional information, move the Debtor for All dicovery, including but not limited to those documents subpoena by MLC's Boston, MA lawyers ECKERT SEAMAN or All Discovery asked of them, in order to fulfill any request of the DEBTOR MLC, concerning the Surviving Spencer Claim.

## ESTABLISHMENT OF THE ISSUE FOR ARBITRATION/MEDIATION

If this issue is not resolved in the EXCHANGE PROCESS, the DEBTOR MLC will state in writing the presumed mediated issue for clearance, also correct the CFS to $500,000 as per the written objections, based upon the MLC determined ADR Proceeding accepted claims (assessed at $500,000 and above). It is presumed, the issue for mediation is as follow:

1. The extent of injuries and damages suffered by the Secured Party of the BARRY SPENCER JR CLAIM, or

2. The extent of responsibility of MLC based upon the defective part, or

Until this is determined, and the CFS is properly established, it is impossible to determine if the Creditor should submit to binding arbitration, thus, non - binding will stand.

## PRIORITY OF CLAIM

Secured Party moved to lien against the DEBTOR's assets in Massachusetts Suffolk Superior Court in the sum of $112,500,000, excessively less the Proof of Claim amount, the court refused to act only for the sake of the Bankruptcy Lien upon the case, via Stay to accommodate the Debtor, and assess all Creditor Claims, so a higher priority is warranted.

Secondly, Your Attorney inadvertantly suggested that MLC can access all Claims Debt then move in another forum New Jeresy, and move to dissolve or ask the Court to lessen

-4-

the debt, thus, second reason for priority.

Here, this case has been active for several years and if MLC is not willing to resolve the matter in the EXCHANGE PROCESS, coming from a DEBT in Proof of Claim at $794,500,000.00 after being saved from a $112,500,000 lien by a Stay and cannot agree to a number in the Nine Million ratio, then a jury needs to determine a number between $794,000,000 and $9,000,000 for years of vitiation of the process.

Priority is warranted, and it will protect a Secured Party from Bad Faith action to prolong this issue, for several more years, thus, having a Secured Party to assert his commercial remedies in fair debt collection.

For the Debtor BARRY SPENCER JR
By the Secured Party,

By: Barry-Henry: Spencer Junior
Aurt. Rep., Secured Party

By: BARRY H. SPENCER JR
Claimant of MLC Spencer Claim

cc    WEIL, GOTSHAL & MANGES

–5–

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,     :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.*   :
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
------------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION NOTICE

Service Date: 7/19/2010

Matter Name: BARRY SPENCER

Notice Address:

BARRY HENRY SPENCER JR.
PO BOX 1218
SHIRLEY, MA 01464

| Designated Claim Number | Amount Stated in Proof of Claim | Claim Amount Cap |
|---|---|---|
| 64658 | $794,500,000.00 | $9,000,000.00 |
| 64659 | $794,500,000.00 | $0.00 |

**Deadline to Respond: 8/9/2010**

        By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General
Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the
"**Debtors**") designate the above-identified claim  (the "**Designated Claim**") in the Debtors'
chapter 11 cases and submit the Designated Claim to alternative dispute resolution, pursuant to

the procedures (the "**ADR Procedures**") established by the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "**ADR Order**"), entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on February 23, 2010. A copy of the ADR Procedures is posted on the Debtors' website at www.motorsliquidation.com under the Claims Information tab.  You may also contact the Debtors at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com with questions about this matter.

The Debtors have reviewed your Designated Claim and, pursuant to the ADR Procedures, offer the amounts set forth below for allowance of your Designated Claim as [a] prepetition general unsecured nonpriority claim in full satisfaction of the Designated Claim  (the "**Settlement Offer**").

*You are required to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above* to:

Motors Liquidation Company
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201
Attn: ADR Claims Team
claims@motorsliquidation.com

In addition, to the extent your most recent proofs) of claim  not: (a) state the correct amount of your Designated Claim; (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim; (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim, you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to Debtors so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM CANNOT BE SETTLED.  PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT** OF) **BINDING ARBITRATION**.  PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN.  IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM.

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of **$200,000.00** against **Motors Liquidation Company** in full satisfaction of your Designated Claim, to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**"). Accordingly, please select your Claimant's Response below:

---

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box. If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

☒ I/we reject the Settlement Offer. However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim, to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases:

Debtor: ___MLC___
Amount: $ __9,000,000__
Priority: unsecured nonpriority claim (presumed) or ☐ other:* _see Counter offer_

*\*Note - If you choose a different priority, you must attach an explanation and any relevant documentation.*

---

Section II.A.3 of the ADR Procedures sets forth the restrictions on Counteroffers. Your Counteroffer may not (a) improve the priority sets forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim. You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

---

*Please indicate below whether you consent to binding arbitration for your Designated Claim by marking the appropriate box.*

☐ I/ WE CONSENT TO BINDING ARBITRATION.

**or**      _See Counter offer_

☒ I/WE DO NOT CONSENT TO BINDING ARBITRATION.

*Barry Henry Spencer Junior*

[Signature of the Designated Claimant's Authorized
Representative]  UCC 1-207 Secured Party
UCC Filed in MaesacHusetts

By:  BARRY H. SPENCER JR

Printed Name  CIAIMANT

EXHIBITS

NON-NEGOTIABLE NON-TRANSFERABLE PRIVATE TITLE OF ORIGIN
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL - NOTICE TO THE PRICAIPAL IS NOTICE TO THE AGENTS
POWER OF ATTORNEY

# ACKNOWLEDGMENT
### Grant of Exclusive Power of Attorney to conduct all
### tax, business, and legal affairs of principal person

# POWER OF ATTORNEY

BARRY HENRY SPENCER, JR, DEBTOR, GRANTOR, Principal PERSON, c\o P. O. BOX 191128, BOSTON, MA 02119, does hereby appoint Barry-Henry: Spencer, Junior, Sovereign, Creditor, Secured Party c/o: Post Office Box 191128, c/o temporary mailing location: the General Post Office, at Roxbury, county of Suffolk, on Massachusetts, near [02119] as my attorney in fact, to take exclusive charge of manage, and conduct all of my tax, business, legal affairs, settle debts, make purchases, etc., for such purposes, to act for me in my name and place, without limitation on the powers necessary to carry out these exclusive powers of attorney in fact, as authorized:

(A) To take possession of, hold, and manage my private land and all other property in any manner as he see fit ; and will be compensated for all expenses incurred plus $250.00 or more for each hour to a maximum of 20 hours per calendar day spent accomplishing my business; the above expenses include but are not limited to travel, meals, rooms, and  hiring professionals such as CPA's, managers, legal and tax advisors, or other workers as he deems necessary;

(B) To receive and accept money, negotiable instruments or property paid or delivered to me from any source;

(C) To deposit funds in, make withdrawals from, or sign checks or drafts against any account standing in my name individually or jointly in any bank or other depositor; to cash coupons, bonds, or certificates of deposit; to endorse checks, notes, negotiable instruments or  documents in my name; to have access to, and place items in or remove them from, any safe deposit box standing in my name individually; and otherwise to conduct bank transactions or business for me in my name;

(D) To issue checks and/or create notes or other negotiable instruments or documents in my name in order to pay my debts and expenses, including reasonable expenses incurred by my attorney in fact, Barry-Henry: Spencer, Junior**,** Sovereign, Creditor, Secured Party, c/o Post Office Box 191128, Boston, Massachusetts [02119] in exercising this exclusive power of attorney;

(E) To use and sign my name in the issuance, endorsement, creation or acceptance of any document, contract, agreement or negotiable instrument in any manner as he sees fit;

(F) To invest in, divest from or retain any investments in any stocks, bonds, securities, notes, invoices, receivables, land, businesses or other property;

(G) To buy, sell, exchange, lease, give options, and make contracts concerning real estate, land or other property for such considerations and on such terms as my attorney in fact, Barry-Henry: Spencer, Junior, Sovereign, Creditor, Secured Party c/o Post Office Box 191128, Boston, Massachusetts [02119] may consider prudent;

NON-NEGOTIABLE NON-TRANSFERABLE PRIVATE TITLE OF ORIGIN
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL – NOTICE TO THE PRICAIPAL IS NOTICE TO THE AGENTS

## POWER OF ATTORNEY

(H) To improve or develop my private land (real estate), to construct, alter, or repair building structures and appurtenances on my private land; to settle boundary lines, easements, and other rights with respect to my private land (real estate); to plant, cultivate, harvest and sell or otherwise dispose of plants, crops and timber, and do all things necessary or appropriate to good husbandry as he sees fit;

(I) To provide for the buying, selling, leasing, renting, loaning, use, maintenance, repair, security and storage of all of my property in any manner as he sees fit, and to declare all of my property as being "private property for private use", and to protect my private property from any and all trespassers in any manner as he sees fit;

(J) To use and sign my name in starting, maintaining or completing any legal action in protecting or recovering my private property as my attorney in fact, Barry-Henry: Spencer, sovereign, Creditor, Secured Party, c/o Post Office Box 191128, Boston, Massachusetts [02119] may consider prudent, and to hire and fire any lawyer/attorney as my attorney in fact Barry-Henry: Spencer, Junior, Sovereign, Creditor, Secured Party, c/o Post Office Box 191128, Boston, Massachusetts [02119], may consider prudent in protecting or recovering my private property;

(K) To give general and special proxies or exercise rights of conversion or rights with respect to shares or securities, to deposit shares or securities with or transfer them to protective committees, or similar bodies, to join in any reorganization and pay assessments or subscriptions called for in connection with shares or securities.

(L) To use and sign my name in any manner as he sees fit in order to buy, sell, convert, maintain, protect or recover any of my private property;

(M) To provide for the use, maintenance, repair, security, or storage of my tangible property;

(N) To purchase and maintain such policies of insurance against liability, fire, casualty, or other risks as my attorney in fact, Barry-Henry: Spencer, Junior, Sovereign, Creditor, Secured Party, c/o Post Office Box 191128, Boston, Massachusetts [02119] may consider prudent.

The herein named Creditor, Barry-Henry: Spencer, Junior, sovereign, Creditor, Secured Party, c/o Post Office Box 191128, Boston, Massachusetts [02119] named on the Uniform Commercial Code Financing Statement, i.e., UCC-1, filed with the MASSACHUSETTS SECRETARY OF STATE and Commercial Security Agreement, who is authorized by law to act for and in control of the Debtor, BARRY HENRY SPENCER, JR, and any and all derivative thereof. In addition, through this exclusive power of attorney, Barry-Henry: Spencer, Junior, Sovereign, Creditor, Secured Party, has the power to contract for all business and legal affairs of the Principal Person BARRY HENRY SPENCER, JR, any and all derivative thereof, Debtor.

NON-REGOTIABLE NON-TRANSFERABLE PRIVATE TITLE OF ORIGIN
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL – NOTICE TO THE PRICAIPAL IS NOTICE TO THE AGENTS

**POWER OF ATTORNEY**

3) The term "exclusive" shall be construed to mean that while these powers of attorney in fact are in force, only my attorney in fact may obligate me in these matters, and I forfeit the capacity to obligate myself with regard to same. This grant of exclusive power of attorney is effective nunc pro tunc to _August 13_____, A.D. 2009, and irrevocable during the lifetime of Creditor, Barry-Henry: Spencer, Junior, Sovereign, Creditor, Secured Party, c/o Post Office Box 191128, Boston, Massachusetts [02119].

Executed and sealed by the voluntary act of my own hand, this 13th day of _August_, 2009.

Offered By DEBTOR:

_BARRY HENRY SPENCER JUNIOR_

BARRY HENRY SPENCER, JUNIOR, Grantor

> I, me addressee: Barry-Henry: Spencer, Junior, sovereign the above named exclusive attorney-in fact, do accept the fiduciary interest of the herein named DEBTOR, GRANTOR, PRINCIPAL PERSON and will execute the herein granted power- of-attorney with due diligence.
>
> Accepted By: _Barry-Henry: Spencer Junior_
> By: Barry-Henry: Spencer, Junior, Grantee
> Sovereign, Secured Party, Attorney in Fact
>
> R thumb print

Witness: By: _____

Witness: By: _____

NON-NEGOTIABLE NON-TRANSFERABLE PRIVATE TITLE OF ORIGIN
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL – NOTICE TO THE PRICAIPAL IS NOTICE TO THE AGENTS
**POWER OF ATTORNEY**

## VERIFICATION

**Perjury Jurat:** Pursuant to Title 28, USC 1746(1) and executed "<u>without the United
States</u>". "I" Barry-Hehry: Spencer, Junior Sur Juris, affirm under penalty of perjury under
the laws of the united States of America Republic, that the foregoing is true and correct to
the best of my belief and informed knowledge and further deponent saint not. '1' affix my
autograph, signature, and seal, at the end of this communication to all of the above and
below affirmations with **EXPLICIT RESERVATION OF ALL OF MY UNALIENABLE
RIGHTS, WITHOUT PREJUDICE** to any of those rights.
Secured party's signature in accord with Uniform Commercial Code, § 3-402.

**Dated:** On this 13th Day of August , Two Thousand Nine A.D.:

With Honor and Without Prejudice,

By Barry-Henry: Spence Junior

Autograph: /s/ Barry-Henry: Spencer, Junior
Sui Juris, Secured Party, Creditor, Beneficiary

R thumb print
SEAL

## NOTICE

Using a notary on this document does not constitute any adhesion, nor does it alter my status in
any matter. The purpose for the notary is verification and identification only and not for entrance
into any foreign United States Jurisdiction.

*Jurat ss*  §   County of Suffolk
            §
            §   State of Massachusetts

On this 13 day of August , 2009, before me, the undersigned Notary Public,
personally appeared Barry-Henry: Spencer, Junior, proved to me through satisfactory evidence
of identification, which were MADOC Inmate ID to be
the living man whose name is subscribed upon these instrument and signed the preceding or
attached document in my presence, and who swore or affirmed to me that the contents of the
document are truthful and accurate to the best of his knowledge and belief, also acknowledged
to me that he executed the same in his authorized capacity; and by his signature on this
instrument, Barry-Henry: Spencer, Junior has acted on behalf of the person who executed this
instrument.

Witnessed, my hand and official seal.                    SEAL

_____    Date: August 13, 2009
Notary Public

Commission Expires:

DANIEL D. MORSE
Notary Public
Commonwealth of Massachusetts
My Commission Expires On
March 5, 2015

Acknowledgement: Power of Attorney
Private and Non-negotiable between parties
DEBTOR: BARRY HENRY SPENCER, JR   Secured Parties: Barry-Henry: Spencer, Junior
Page 4 of 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————— ————————X

In re

Chapter 11 Case No.

MOTOR LIQUIDATION COMPANY, et al  09-50026
 f/k/a General Motors Corp.,

Debtors.

—————————————————X

### CAPPING PROPOSAL LETTER

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky            ADR Claims Team
WEIL, GOTSHAL & MANGES LLP     Motor Liquidation Company
767 Fifth Avenue               2101 Ceder Springs Road ste 1100
New York, New York 10153       Dallas, Tx 75201

Dear Mr. Smolinsky,

Predicated upon our last conversation. and your
suggestion, via Your Client's intent to lessen the initial
Capping proposal to **$9,000,000.00** instead of **$10,000.000.00**,
I agree, as I am the Claimant, and hereby submit my claim
to the capping procedures established in Order pursuant to
11 U.S.C. sec. 105(a) and General Order M-390 Authorizing
implementation of alternative dispute procedures, including
manadatoty mediation (the **ADR Procedures**), being one, with
a verified **Proof of Claim** in this matter based upon a matter
arising out of Massachusetts (Docker No. 05-2304, however,
in the Good faith under the spirit of give and take, I pro-
pose a minimum of **$1,000,000.00**, since it was taken off the
high end,(this proposed minimum in no way effects the Cap,
herein expressed.

Accordingly, I hereby propose to cap my claim at
**$9,000,000.00**, per your client's request, from the original
**$10,000,000.00**unliquidated amount claim amount (the **Claim
Amount**) with a proposed minimum of **$1,000,000.00** that is not
contingent, or based upon acceptance of the **Capping Claim
Amount**.

-1-

GM CAPPING PROPOSAL LETTER

      I understand and agree pursuant to this ORDER, in
congruity with Your Claims Subject to the ADR Procedures
this is **not an Excluded Claim** (i) with modified 362 Stay,
(ii) claim of $500,000 or less, (iii) asbestos-related claim,
(iv) claim subject to separate order of Bankruptcy Court;
Upon receiving this Capping Proposal Letter (along with the
Notice of Personal Representative) if accepted by Debtors,
they will initiate the ADR Procedures, and will indicate in
the ADR Notice that the Claim Amount Cap has been accepted,
thus, binding the Claimant to the Claim Amount Cap, with said
approval of the Claim Amount Cap, the Debtors will pay for
all of the Mediator's fee and costs associated with any
subsequent mediation; Rule 408 of the Federal Rules of
Evidence shall apply to the ADR Procedures, except as per-
mitted by Rule 408, no person may rely on or introduce as
evidence in connection with any arbitral, judicial, or other
proceeding, any offers, counteroffers, or any other aspects
of the ADR Procedures; and Bankruptcy Rule 9006(a) will
apply to all time periods calculated in the ADR Procedures.

      I further understand and agree that the Claims Amount
Cap includes All damages and relief to which I believe I am
entitled, including all interest, taxes, attorney fees, other
fees, and cost.

Very truly yours,

By: _Barry-Henry Spencer Junior_
Barry-Henry: Spencer Junior
P.O. Box 1218
Shirley, MA 01464

Dated: May /7 , 2010

cc   Sylvester-Richard: Spencer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

In re

                                          Chapter 11 Case No.

MOTORS LIQUIDATION COMPANY, et al    09-50026 (REG)
      f/k/a General Motors Corp.,

                    Debtors            (Jointly Administered)
————————————————————————X

### NOTICE OF PERSONAL REPRESENTATIVE

Now comes Barry-Henry: Spencer Junior and hereby gives

All parties notice that Sylvester-Richard: Spencer, his

brother, will act in his interest in this matter, thus,

having the power to negotiate in the ADR Procedures,

litigate this matter, gather evidence in the name of his

brother, or others issues that may be addressed within the

due course of litigation, only for Barry's interest.

All agreements are subjected to Barry-Henry: Spencer

Junior's final approval, via signature, however, on minor

issues Sylvester-Richard: Spencer's signature is same as

Barry's and will have the same power when used only for

Barry's interest.

                         By: _____
                         Barry-Henry: Spencer Junior

Commonwealth of Massachusetts    }
                                 } ss.
County of Middlesex              }

On this the _17_ day of _May_, _2010_ before me _Daniel Morse_, the undersigned _Notary Public_,
Personally appeared _Barry Spencer_, and proved to me through satisfactory evidence of identity,
which was _MA DOC Inmate ID_ to be the person whose name was signed in my presence, and who swore or affirmed to
me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
        Notary Public

DANIEL D. MORSE
Notary Public
Commonwealth of Massachusetts
My Commission Expires On
March 5, 2015



May 24, 2010

**BY FIRST CLASS MAIL**

Barry Henry Spencer Jr.
P.O. Box 1218
Shirley, MA 01464

>           Re:     **In re Motors Liquidation Company** *et. al.* ("**MLC**" or the "**Debtors**")
>                   **Case No. 09-50026 (REG) -ADR Procedures –**
>                   **Proof of Claim Nos. 64658 and 64659 (Barry H. Spencer)**

Dear Mr. Spencer,

On or around November 30, 2009 you caused the filing of two Proofs of Claims against Motors Liquidation Company ("**MLC**"), for the same dollar amount, and on account of the same obligation (*see* Proofs of Claims Nos. 64658 and 64659, a copy of which is annexed herein). **✷ Please Note – Proofs of Claims were not annexed**

As we have discussed, both MLC and you agree that MLC should promptly designate your claim to the alternative resolution procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. 5037] entered by the United States Bankruptcy Court for the Southern District of New York on February 23, 2010, subject to the following agreements that shall be effective upon the countersignatures of you and your brother Sylvester, as outlined below:

A.   Proof of Claim No. 64659 (the "**Duplicate Claim**") is expunged from the Debtors' claim register as it is a duplicate of Proof of Claim No. 64658 and that the Debtors' claim agent shall be authorized to remove the Duplicate Claim from the Debtors' claim register.  Proof of Claim No. 64658 (the "**Surviving Spencer Claim**") shall be subject to the other agreements herein. **✷ Agreed**

B.   The Surviving Spencer claim is capped for all purposes to a general unsecured, nonpriority claim of no more than **$9,000,000 (nine million dollars)** (the "**Claim Amount Cap**"). **✷ Agreed.**

C.   MLC shall transmit to you at the above address, with a copy to your brother Sylvester at the address set forth in the Surviving Spencer Claim, an ADR Notice (as such term is defined in the ADR Procedures) within five (5) business days of receiving a fully countersigned letter.  The ADR Notice shall contain an initial settlement offer to

resolve the Surviving Spencer Claim of a general unsecured, nonpriority claim against MLC equal to or greater than **$200,000 (two hundred thousand dollars)** (the "**Claim Settlement Floor**." * I OBJECT. pursuant to Your MLC ADR Motion, and ORDER, ALL ADR Claims are $500,000.00 or above

D.   In the event the Surviving Spencer Claim is not settled under the ADR Procedures, and a trial court values the Surviving Spencer Claim less than the Claim Settlement Floor or disallows the Surviving Spencer Claim in its entirety, MLC agrees to offer to settle the Surviving Spencer Claim for a general unsecured, nonpriority claim in the amount of **$200,000 (two hundred thousand dollars)** in exchange for your agreement not to appeal such trial court's determination.  Should you or any authorized signatory nevertheless file an appeal to such trial court's determination of the Surviving Spencer Claim (which you shall expressly have a right to do), it is hereby understood that the Debtors shall be relieved of any further obligation to offer any settlement to resolve the Surviving Spencer Claim.  I OBJECT, SEE ABOVE and pg 5, of ADR Motion, Excluded claims not subject to ADR

E.   By signing this letter, you understand and agree that the Claim Amount Cap includes all damages and relief to which you believe you are entitled to, including all interest, taxes, attorney's fees, other fees, and costs.* If I dismiss other US case will MLC – Take liability for other parties

F.   By signing this letter, you understand that the Claim Amount Cap and any settlement offers in connection with the resolution of the Surviving Spencer Claim shall be for **an allowed general unsecured, nonpriority claim against MLC in full satisfaction of the Surviving Spencer Claim, to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' chapter 11 cases.**

G.   You further agree that in accordance with the ADR Procedures, your brother Sylvester shall be fully authorized to speak on your behalf and any agreement reached with your brother shall be binding on you in all respects.* With My final, review and signature on release,

H.   In the event this letter is not fully countersigned and returned to Joseph Smolinsky at the undersigned address by June 15, 2010, this offer shall expire and this letter and its contents shall not be admissible in any court under Rule 408 of the Federal Rules of Evidence.*However, All objects if not addressed are binding and if they are addressed and no agreement is made ADR process

|  |  |
|---|---|
| _(signature)_ | _(signature)_ |
| Harvey R. Miller | Barry Henry Spencer Jr. |
| Stephen Karotkin | P.O. Box 1218 |
| Joseph H. Smolinsky | Shirley, MA 01464 |
| | |
| WEIL, GOTSHAL & MANGES LLP | CONSENTED AND AGREED TO |
| 767 Fifth Avenue | |
| New York, New York 10153 | |
| Telephone: (212) 310-8000 | _____ |
| Facsimile: (212) 310-8007 | Sylvester Richard Spencer |
| _Attorneys for Debtors and Debtors in Possession_ | |

SEE SPENCER JUNE 1, 2010, letter sister to this

Barry-Henry: Spencer Junior
care of: P.O. Box 1218 W89745
Shirley, MA 01464

June 1, 2010

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Attorneys for Debtors

RE:  Capping Offer with Claim Settlement Floor
     May 25, 2010 Missive

Dear Mr Smolinsky,

   I received your letter, and it seems as though my messege
and correspondance was not reviewed by your Office, I had taken
the liberty to Object to a few issues, First I came from a
number in the Proof of Claim, to a Cap of ten million w/ a Claim
Settlement Floor of $500,000.00 Based upon Your Motion, and
Your Determinated Excluded Claims, on pg 5 of Your Motion, but,
in Bad Faith before the negotiations, you want to undermine and
circumvent Your Own words in Ink on Public Record, so I fixed the
intent of this Party and Your intent by Your Motion.

   My Brother spoken of some other US case, so my question is
are you speaking of the duplicate Proof of Claim, please send
both, because you neglected to send them, but its not important
unless there is a drastict difference in the claims, however I
agreed.

   Next, I chosen My Brother to Represent Me in this process
to make it easier from You, but, if from what I see in the Claim
Settlement Floor Bad Faith, off the rip, You can tell Your Client
You need to Fly to Boston, and spend a few Days with Me, or, We
can All respect the settlement process . . . My brother knows My
number, and when You two come within range I wouldn't care if it
consist of Cash and Bonds, he'll let me know and he'll tell you
to draw up the paper, for my final review and signature. If you
have a problem — then Boston's a good state. . . and I would
expect if you want to draw out the process the mediation will be

in Boston, so as to not inconvenience my Brother.

Now if at any time these ADR procedures come to settlement, the agreed amount is due to Barry-Henry: Spencer Junior, in exchange for release, accord and satisfaction, and if I have to wait, All interest is due at 18% daily, also if in bad faith MLC attempts to compile All settlement Debt to again, move for voluntary bankruptcy, the Capping Amount of $9,000,000.00 is the first Debtor and immediately due as a general secured claim, priority claim against MLC and WEIL, GOTSHAL & MANGES and each partner of the the firm, under Caveat Law, with no defense.


____ _____                    _Barry Henry' Spencer Junior_
Harvey R. Miller                       Barry-Henry Spencer Junior
Stephen Karotkin                       P.O. Box 1218
Joseph H. Smolinsky                    Shirley, MA 01464

WEIL, GOTSHAL & MANGES LLP             CONSENTED AND AGREED TO
767 Fifth Avenue
New York, New York  10153              _____

                                       Sylvester-Richard Spencer


Further, Attorneys for the Debtor will provide All Documents of intended use for the ADR process, not limited to All reports of the vehicle in question prior to 2003, and after; All interde-partmental discovery concerning recall; NHTSA (National Highway Traffic Safety Association correspondance, Expert testimony reduced to written form, and the Mediation Rules and All evidence able to be used by Both Parties, not excluding and documents, not mentioned. Also whether NationsBanc Auto Leasing, Inc., is another MLC company and their records concerning the vehicle – ONLY IF THE PROCESS GOES TO MEDIATION.

FROM : S                                          FAX NO. : 6174425699          Nov. 24 2003 12:19PM  P2

2 824

**Statement 1**

| HOURS UNITS | RATE | EARNINGS DESCRIPTION | CURRENT | YEAR TO DATE | TAXES AND DEDUCTIONS DESCRIPTION | CURRENT | TO DATE | DESCRIPTION | CURRENT | TO DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 2760 | 13250 | REGULAR | 36570 | 72464 | FED TAX | 3274 | 6447 | OASDI | 2268 | 42 |
| | | | | | FICA HI | 531 | 1051 | MA ST TX | 1790 | 35 |
| | | | | | UN DUES | 1000 | 1750 | | | |

584 0   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   SPENCER BARRY H

RECEIVE PAY THE CONVENIENT WAY! ENROLL IN DEPOSIT DIRECT OR THE NEW PAYCARD.

ACCOUNT NO. 4. RETAIN THIS STATEMENT . IT IS A RECORD OF YOUR EARNINGS AND TAX DEDUCTIONS          AFC020 0

---

**Statement 2**

## ARAMARK
## EMPLOYEE'S PAY STATEMENT

NON-NEGOTIABLE DETACH BEFORE DEPOSITING CHECK

| COMPONENT NO. | SOCIAL SECURITY NO. | EMPLOYEE NAME | PERIOD ENDING | DATE | CHECK NO. |
|---|---|---|---|---|---|
| 8584 0 | 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 | SPENCER BARRY H | 07/11/03 | 07/17/03 | 4 006335815 |

| | | YTD GROSS | CURRENT GROSS | NET PAY |
|---|---|---|---|---|
| | | 143353 | 10203 | 86 |

| HOURS UNITS | RATE | EARNINGS DESCRIPTION | CURRENT | YEAR TO DATE | TAXES AND DEDUCTIONS DESCRIPTION | CURRENT | TO DATE | DESCRIPTION | CURRENT | TO DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 770 | 13251 | REGULAR | 10203 | 143353 | FED TAX | | 9267 | OASDI | 633 | 88 |
| | | | | | FICA HI | 148 | 2079 | MA ST TX | 439 | 70 |
| | | | | | UN DUES | 250 | 3250 | | | |

RECEIVE PAY THE CONVENIENT WAY! ENROLL IN DEPOSIT DIRECT OR THE NEW PAYCARD.

PAYROLL ACCOUNT NO. 4. RETAIN THIS STATEMENT . IT IS A RECORD OF YOUR EARNINGS AND TAX DEDUCTIONS          AFC020 07

---

**Statement 3**

## ARAMARK
## EMPLOYEE'S PAY STATEMENT

NON-NEGOTIABLE DETACH BEFORE DEPOSITING CHECK

| COMPONENT NO. | SOCIAL SECURITY NO. | EMPLOYEE NAME | PERIOD ENDING | DATE | CHECK NO. |
|---|---|---|---|---|---|
| 8584 0 | 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 | SPENCER BARRY H | 08/15/03 | 08/21/03 | 4 006507018 |

| | | YTD GROSS | CURRENT GROSS | NET PAY |
|---|---|---|---|---|
| | | 254202 | 45050 | 3372 |

| HOURS UNITS | RATE | EARNINGS DESCRIPTION | CURRENT | YEAR TO DATE | TAXES AND DEDUCTIONS DESCRIPTION | CURRENT | TO DATE | DESCRIPTION | CURRENT | TO DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 3400 | 13250 | REGULAR | 45050 | 250413 | FED TAX | 4421 | 19870 | OASDI | 2794 | 1576 |
| | | OTIME 1 | | 1789 | FICA HI | 653 | 3686 | MA ST TX | 2205 | 1244 |
| | | 2NDSHIFT | | 2000 | UN DUES | 1250 | 5750 | | | |

RECEIVE PAY THE CONVENIENT WAY! ENROLL IN DEPOSIT DIRECT OR THE NEW PAYCARD.

PAYROLL ACCOUNT NO. 4. RETAIN THIS STATEMENT . IT IS A RECORD OF YOUR EARNINGS AND TAX DEDUCTIONS          AFC020 07

FROM : S

FAX NO. : 6174425699

Nov. 24 2003 12:20PM  P3

3 of 4

## Statement 1

| HOURS UNITS | RATE | EARNINGS DESCRIPTION | CURRENT | YEAR TO DATE | DESCRIPTION | CURRENT | TO DATE | DESCRIPTION | CURRENT | TO S |
|---|---|---|---|---|---|---|---|---|---|---|
| 3400 | 13250 | REGULAR | 45050 | 295463 | FED TAX | 4721 | 24591 | OASDI | 2917 | |
| | | OTIME 1 | 1789 | | FICA HI | 682 | 4368 | MA ST TX | 2303 | |
| | | 2NDSHIFT | 2000 | 4000 | UN DUES | 1000 | 6750 | | | |

8584 O    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    SPENCER BARRY

RECEIVE PAY THE CONVENIENT WAY! ENROLL IN DEPOSIT DIRECT OR THE NEW PAYCARD.

... NO. 4, RETAIN THIS STATEMENT . IT IS A RECORD ... YOUR EARNINGS AND TAX DEDUCTIONS ...

## ARAMARK

### EMPLOYEE'S PAY STATEMENT

NON-NEGOTIABLE DETACH BEFORE DEPOSITING CHECK

| COMPONENT NO. | SOCIAL SECURITY NO. | EMPLOYEE NAME | PERIOD ENDING 07/04/03 | DATE 07/10/03 | CHECK NO. |
|---|---|---|---|---|---|
| 8584 O | 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 | SPENCER BARRY H | | | 4   006311457 |

| HOURS UNITS | RATE | EARNINGS DESCRIPTION | CURRENT | YEAR TO DATE | DESCRIPTION | CURRENT | TO DATE | DESCRIPTION | CURRENT | TO DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 1700 | 13250 | REGULAR | 22923 | 133150 | FED TAX | 1187 | 9267 | OASDI | 1421 | 8251 |
| | | | | | FICA HI | 333 | 1931 | MA ST TX | 1122 | 651 |
| | | | | | UN DUES | 500 | 3000 | | | |

YTD GROSS 133150    CURRENT GROSS 22923    NET PAY 1836

RECEIVE PAY THE CONVENIENT WAY! ENROLL IN DEPOSIT DIRECT OR THE NEW PAYCARD.

ROLL ACCOUNT NO. 4, RETAIN THIS STATEMENT . IT IS A RECORD OF YOUR EARNINGS AND TAX DEDUCTIONS

AFC020 07/01

## ARAMARK

### EMPLOYEE'S PAY STATEMENT

NON-NEGOTIABLE DETACH BEFORE DEPOSITING CHECK

| COMPONENT NO. | SOCIAL SECURITY NO. | EMPLOYEE NAME | PERIOD ENDING 08/01/03 | DATE 08/07/03 | CHECK NO |
|---|---|---|---|---|---|
| 8584 O | 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 | SPENCER BARRY H | | | 4   006437824 |

| HOURS UNITS | RATE | EARNINGS DESCRIPTION | CURRENT | YEAR TO DATE | DESCRIPTION | CURRENT | TO DATE | DESCRIPTION | CURRENT | TO DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 680 | 13250 | REGULAR | 9010 | 152363 | FED TAX | | 9267 | OASDI | 559 | 9447 |
| | | | | | FICA HI | 130 | 2209 | MA ST TX | 441 | 7457 |
| | | | | | UN DUES | 250 | 3500 | | | |

YTD GROSS 152363    CURRENT GROSS 9010    NET PAY 7630

RECEIVE PAY THE CONVENIENT WAY! ENROLL IN DEPOSIT DIRECT OR THE NEW PAYCARD.

ROLL ACCOUNT NO. 4, RETAIN THIS STATEMENT . IT IS A RECORD OF YOUR EARNINGS AND TAX DEDUCTIONS

AFC020 07/01

18

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK,ss                                    SUPERIOR CIVIL COURT
                                              DOCKET No.SUCV2005-02304

BARRY H. SPENCER, JR.,
TAMIKA N. SCOTT

       -VS-

GENERAL MOTORS

### AFFIDAVIT OF TAMIKA NICOLE SCOTT

       I, Tamika Nicole Scott, hereby depose and state the following under oath &
under the pains and penalties of perjury:

1.     I, Tamika Nicole Scott, am the plaintiff in this case;

2.     I was accompanied by the other plaintiff, Barry H. Spencer Jr., to Expressway Motors
       on January 19 & 20, 2003, to purchase a 1997 Cadillac Eldorado Coupe, Green,
       Vin# 1G6EL12Y8U604873.

3.     Soon after purchasing the vehicle was I began to experience problems with the used
       vehicle. The vehicle began stalling and shutting off while driving public ways and roads.

4.     I called the salesman, Fernando Owens, who sold me the vehicle to express my concerns
       regarding the technical problems I was experiencing. I informed him the issues were
       hindering the safety of the vehicle, placing me, my unborn child, and my passengers at risk.
       They began to occur two-three weeks after the purchase date of January 20, 2003. Mr.
       Owens asked that I bring the vehicle in for a maintenance check.

5.     After dropping off the vehicle I returned later to Expressway Motors to pick it up and find
       out what the problem was. Mr. Owens informed me the vehicle had been inspected by the
       mechanics and nothing was found. He told me and my friend, Delicia Williamson, that if
       was trying to make an attempt to return the vehicle all sales were final. I informed Mr.
       Owens I was not trying to return the vehicle. I told him I just wanted whatever was
       happening to be fixed because it was a safety issue.

6.     In early February 2003 myself, and the other plaintiff, Barry H. Spencer Jr., were
       traveling down Dorchester Avenue. As I attempted to take a left turn and an intersection
       onto Talbolt Avenue, the vehicle completely shut down without warnings, we were coasting
       without any systems the steering locked up, the brakes, none of the lights worked. I
       frantically tried to get the car started by turning the ignition key out of fear of getting hit by
       the other moving vehicles in the flow of traffic.

Scott Affidavit con.                    2 of 3

7.  On February 10th, 2003, Myself and plaintiff, Barry H. Spencer, were traveling from
    my home on Vesta Road to his home on Parkview Street. While driving on a main
    highway, Blue Hill Avenue, the vehicle again shut off completely, as explained in par.6,
    this time we were in afternoon traffic one of the busiest streets in Dorchester,
    Massachusetts.

8.  I was reluctant to call the dealership after the system shutdown in early February for fear of
    being accused of trying to return the vehicle again. I did not want any problems and felt as
    though the dealership was accusing me of wrongdoing. But, after the near death experience
    on the 10th; I mustered up the courage to call and spoke with the sales person, Fernando
    Owens, again regarding my safety, and defective issues going on with the vehicle. He told
    me to bring the vehicle in and it would be taken to a Cadillac Dealership for servicing.

9.  The Dealer, Expressway Motors, held the vehicle then took it to EZ AUTO SERVICE
    Center, later we found out the vehicle was never checked or serviced for the problems
    complained of regarding stalling, shutting off and or systems failure.

10. I was told again, by Fernando Owens, the vehicle was fine and I should not have any
    recurring problems with the vehicle.

11. The plaintiff, Barry H. Spencer, Jr., was utilizing the vehicle on July 11, 2003. On this date
    I received a phone call from a Medical Specialist in the Intensive Care Unit at Boston
    Medical Hospital. The call was to inform me that Mr. Spencer had been seriously injured
    in a car accident.

12. I was just relived to find out the plaintiff, Barry H. Spencer was alive. He told me the
    following several days later when he was conscious and could speak. He was traveling on
    American Legion Highway, and a car came out from the Franklin Park Zoo parking lot in
    front of him; he immediately went over to the left lane from the right lane to avoid an
    accident, where within seconds, he was hit from behind. He was hit from behind in the far
    left lane, went to the right lane, then went off the road, veered into a tree, and all the he
    while anxiously tried to regain control of the vehicle but it would respond, same as herein
    mentioned. He remembered trying to steer the car to remain on the road but it was useless;
    he was trapped inside a luxury coffin; before losing consciousness, he remember only
    seeing grass then a tree; after all he felt was the rear end of the vehicle raising. He stayed in
    the Hospital for 3 to 4 days with fractures to the sternum, ribs, pelvis, hands and knees,
    lacerated liver, extreme headaches with lost periods of time, notwithstanding having
    problems sitting and standing for long periods of time and other aches and pains consistent
    of an accident with major front end damage.

13. Around December 2003 I received a recall letter from the General Motors Dealer, in which
    the car was originally sold, explaining the engine fuel rail needed to be replaced, on my
    vehicle; the notice stated the make, model, vehicle identification number & the nature of the
    problem.

Scott Affidavit con.                    2 of 3

14.  Upon doing some research and investigation I found there were numerous complaints like
     mine regarding the fuel rail and car system shutdown.  These safety violations have caused
     me substantial emotional scarring, property loss, and loss of wages for support of me and
     my child from the other defendant Mr. Spencer, since the defendant, General Motors,
     placed into the stream of commerce, a dangerous product by reason
     of defects.

     I hereby depose and state that all the facts herein are true to the best of my
     Knowledge, signed under the pains and penalties of perjury.

                              Tamika Nicole Scott

# ODI RESUME



**U.S. Department of Transportation**

**National Highway Traffic Safety Administration**

Investigation: EA 04-003
Prompted By: IE03-046 and PE03-050
Date Opened: 02/03/2004
Principal Investigator: Chris Lash
Subject: Fuel Rail Leakage

Manufacturer: General Motors Corporation
Products: 1995-1997 General Motors Aurora, Seville, Deville, Eldorado
Population: 483,274

Problem Description: Fuel rail cracks and leaks gasoline into the engine compartment.

## FAILURE REPORT SUMMARY

|                     | ODI | Manufacturer | Total  |
|---------------------|-----|--------------|--------|
| Complaints:         | 123 | 127          | 250    |
| Crashes/Fires:      | 15  | 40           | 55     |
| Injury Incidents:   | 0   | 4            | 4      |
| # Injuries:         | 0   | 4            | 4      |
| Fatality Incidents: | 0   | 0            | 0      |
| # Fatalities:       | 0   | 0            | 0      |
| Other*:             | 0   | 26,433       | 26,433 |

*Description Of Other: Fuel rail part sales from 9/00 to 10/03

Action: An Engineering Analysis has been opened.

Engineer: *Christopher Lash*                    Date: <u>02/03/2004</u>
Div. Chief: *Jeffrey L. Quandt*                 Date: <u>02/03/2004</u>
Office Dir.: *Kathleen C. DeMeter*              Date: <u>02/03/2004</u>

Summary: The fuel rail assemblies used in the subject vehicles were manufactured by Dana. The fuel rail jumper tubes were made of monolayer nylon 12 (PA12). In model year (MY) 1998, the jumper tube material was changed from PA12 to M-bond (a multi-layer PTFE/PA12). In addition, all service parts produced since the end of production 1997 use the M-bond jumper tubes.

Material analysis performed by Dana on failed fuel rails show that the mono-layer Nylon 12 jumper tubes are susceptible to environmental stress cracking (ESC). GM believes the ESC is a result of heat, time, alcohol blended fuel, fuel pressure cycling, and designed in stress.

Eight of the GM complaints are duplicative of ODI complaints. ODI has received 77 of its 123 complaints in the past 12 months. Fuel rail part sales over the last three years range from 3.0 percent of production for the MY 1997 Cadillac vehicles to 13.1 percent for the MY 1995 Auroras.

At least one of the fire incidents occurred while the vehicle was parked within a garage attached to the consumer's home. The fire resulted in damage to the dwelling as well as the total loss of the vehicle. This investigation has been upgraded to an Engineering Analysis.



# ODI RESUME

U.S. Department of Transportation

**National Highway Traffic Safety Administration**

Investigation: EA 04-003
Prompted By: PE03-050
Date Opened: 02/03/2004      Date Closed: 04/23/2004
Principal Investigator: Chris Lash
Subject: Fuel rail leaks

Manufacturer: General Motors Corp.
Products: 1995-1997 GM Aurora, Seville. Deville, Eldorado
Population: 483477

Problem Description: Fuel rail cracks and leaks gasoline into the engine compartment.

## FAILURE REPORT SUMMARY

|                     | ODI | Manufacturer | Total |
|---------------------|-----|--------------|-------|
| Complaints:         | 130 | 126          | 256   |
| Crashes/Fires:      | 16  | 40           | 56    |
| Injury Incidents:   | 0   | 4            | 4     |
| # Injuries:         | 0   | 4            | 4     |
| Fatality Incidents: | 0   | 0            | 0     |
| # Fatalities:       | 0   | 0            | 0     |
| Other*:             | 0   | 2472         | 2472  |

*Description of Other: Warranty claims related to fuel rail replacement.

Action: This Engineering Analysis is closed. Recall 04V-110.

Engineer: _Christopher Lash_        Date: _04/23/2004_
Div. Chief: _Jeffrey L. Quandt_     Date: _04/23/2004_
Office Dir.: _Kathleen C. DeMeter_  Date: _04/23/2004_

Summary: On March 3, 2004, General Motors notified ODI that it was recalling approximately 94,000 MY 1995-97 Oldsmobile Aurora vehicles equipped with 4.0L V8 engines (RPO L47 – VIN 8 "C") to address concerns with underhood fuel leakage from cracked fuel rails and, in some of the vehicles, cracked fuel return lines. According to GM, the nylon tubing (PA12) used in the fuel rail construction in these vehicles may degrade and crack. GM's supplier attributed the cracking to the combined effects of heat, time, alcohol fuel, fuel pressure cycling, and design stresses. In addition, GM stated that the MY 1995 Aurora uses a unique underhood fuel return line that may also crack at unusually high rates. GM dealers will install a new fuel rail constructed out of stainless steel in all of the recalled vehicles and will also install a revised chassis fuel return line in the my 1995 Auroras. On april 16, 2004, General Motors notified ODI that it was adding approximately 389,000 MY 1995-97 Cadillac Seville, Deville and Eldorado vehicles equipped with 4.6L V8 engines (RPO's LD8 and L37 – VIN 8 "Y" and "9") to recall 04V-110. The recalled Cadillacs will receive the new stainless steel fuel rails. This Engineering Analysis is closed.



*Cadillac*
RECALL INFORMATION PROCESSING CENTER
P.O. BOX 909989
MILWAUKEE, WI 53209-9989

PRSRT STD
U.S. POSTAGE
**PAID**
JANESVILLE, W
PERMIT NO. 11!

# Recall Notice



**RECALL NOTICE!**

*Recall Service
Must Be Performed On
A Vehicle Owned By:*

1G6EL12Y8VU604873
TAMIKA SCOTT
21 VESTA RD. APT. 1
DORCHESTER CENTER MA 02124-1641

# Important

---

**MAIL THIS FORM ONLY** if any of the items below apply to this vehicle. This will help us in contacting the present owner/lessee and ensure that you do not continue to receive notifications for this vehicle.

**CHECK (X) APPROPRIATE BOX.**

☐ My new address OR Vehicle sold/traded to:

*Cadillac*

() 04014

Name _____
Address _____
City, State, Zip _____
Phone (___) _____

074161-3215

Remove
this portion
before
mailing

1G6EL12Y8VU604873

☐ I have never owned/leased this vehicle.
☐ Vehicle was damaged beyond repair and scrapped.
☐ Vehicle was stolen and not recovered.
☐ Other: _____

By providing the information above you are authorizing an update to our records for this vehicle.

*19*



Cadillac

RECALL INFORMATION PROCESSING CENTER
P.O. BOX 909889
MILWAUKEE WI 53209

**Important**

# Recall Notice



**RECALL NOTICE!**

Recall Service
Must Be Performed On
A Vehicle Owned By:

PRSRT STD
U.S. POSTAGE
**PAID**
JANESVILLE, WI
PERMIT NO. 1195

1G6EL12Y8VU604873
TAMIKA N. SCOTT
21 VESTA RD. APT. 1
DORCHESTER CENTER MA 02124-1641

Il...l...l.l..l.l..l..l.l...l...l...llll....lll..l..l.l

CHECK (X) APPROPRIATE BOX.

☐ My new address OR Vehicle sold/traded to:

Cadillac

MAIL THIS FORM ONLY if any of the items below apply to this vehicle. This will help us in contacting the present owner/lessee and ensure that you do not continue to receive notifications for this vehicle.

Name _____

Address _____

City, State, Zip _____

Phone ( ) _____

☐ I have never owned/leased this vehicle.
☐ Vehicle was damaged beyond repair and scrapped.
☐ Vehicle was stolen and not recovered.
☐ Other: _____

By providing the information above you are authorizing an update to our records for this vehicle.

( ) 04/14

1G6EL12Y8VU604873

DC7280-3016

Remove
this portion
before
mailing

20



# RECALL! NOTICE!

ACCORDING TO OUR RECORDS AS OF AUGUST 1, 2005, THE FOLLOWING OPEN RECALL(S) HAVE NOT BEEN COMPLETED ON YOUR CADILLAC,
1G6EL12Y8VU604873.

04/14   ENGINE FUEL RAIL - REPLACE

Dealer:
HERB CHAMBERS CADILLAC, INC.
101 CADILLAC AVENUE
PROVIDENCE RI 02907
(401) 467-6600

007880-3018

Recall Service performed at no charge to owner.

1G6EL12Y8VU604873
TAMIKA N. SCOTT
21 VESTA RD. APT. 1
DORCHESTER CENTER MA 02124-1641

00000119112   GM RMS

## BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO. 21530    MILWAUKEE, WI

POSTAGE WILL BE PAID BY THE ADDRESSEE

RECALL PROCESSING CENTER
P.O. BOX 909989
MILWAUKEE, WI 53209-9967

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

2nd Notice

21

Barry-Henry: Spencer Jr
P.O. Box 1218
Shirley, MA 01464

July 10, 2010

Harvey Miller
Stephen Karotkin
Joseph Smolinsky
WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, New York 1015

RE:    Motion for Objection and Sanctions
       In re Motors liquidation Company
       Chapter 11 No. 09-50026

Dear Debtor Attorneys,

It seems as if bad business is occurring and I do
not want to travel that route with you, or your client,
so inclosed find the above Motion for your considera-
tion, and response, or, lets exchange offers.

It seems your client or you are not willing to move
forward to resolve this matter, so its time to produce
All automatic discovery pertaining to this case and
send your formal letter of your intent concerning the
ADR Proceedings. Please keep your $200,000 offers to
self and if you want my attention put a two in front
of the $200,000 ($2,200,000), and send a release.

By the way contact only me directly, if you want I'll
call your office collect, hay what's a few $5 calls when
you want to put up six digits, if I want to contact you
it will be via a third party or you can use your GM
Boston lawyers.

                           /s/Barry-HenryN Spencer Jr

July 14. 2010

By First Class Mail

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  1015

RE:  In re Motor Liquidation Company et. al
     Case No. 09-50026 (REG) - ADR Procedures -
     Proof Of Claim Nos. 64658 and 64659 (Barry H Spencer)

Dear Mr Karotkin,

     I received  your Client Debtor MLC July 9, 2010,

offer to contract under the ADR Procedures, my intent is

to move forward, so I signed the contract, however, I

believe it is in my best interest to handle this Public

matter, by my private person. Any and All correspondance

will be directed only to me for consideration, response,

and final adjudication I give No Consent to anyone, or

entity to bind Me or Myself.

     If the time comes when I am in need of a third party

non-binding authorized representative, I will have them

contact your office. An attorney cannot even bind a client

without consent, can you bind your client to a settlement

without their consent?

     I believe if it is the intent of both parties to close

this matter, it it will be done in the Exchange Process,

unless as Mr Smolinsky told me when we first talked he would

chase MLC's innocence of guilt or responsibility.

1

This is the second time I returned this Contract and I noticed that you have still held your position, but my objections have been noted. I hope this recalcitrant act is not what is instore for the ADR Proceedings.

I would expect to Receive the ADR Notice within (5) business days of the receipt of this letter and the signed contract — minus my Brother Sylvester Spencer's signature.

In the event I do not receive the ADR Notice within the time frame, it will be admissible in court as proof of vitiation of the ADR Procedures for the second time, thus, proof of negligence, motive and intent.

By: _____
Barry Henry Spencer Junior
P.O. Box 1218
Shirley, MA 01464



Motors Liquidation Company
Attn: ADR Claims Team
2101 Cedar Springs Road, Suite 1100
Dallas, Texas 75201