**Exhibit "3"**

09-50026-mg    Doc 10561-3    Filed 07/07/11    Entered 07/07/11 20:09:58    Exhibit 3
Pg 1 of 3



July 9, 2010

**BY FIRST CLASS MAIL**

Barry Henry Spencer Jr.
P.O. Box 1218
Shirley, MA 01464

Re:   In re Motors Liquidation Company *et. al.* ("**MLC**" or the "**Debtors**")
      Case No. 09-50026 (REG) -ADR Procedures –
      Proof of Claim Nos. 64658 and 64659 (Barry H. Spencer)

Dear Mr. Spencer,

On or around November 30, 2009 you caused the filing of two Proofs of Claims against Motors Liquidation Company ("**MLC**"), for the same dollar amount, and on account of the same obligation (*see* Proofs of Claims Nos. 64658 and 64659, a copy of which is annexed herein).

As we have discussed, both MLC and you agree that MLC should promptly designate your claim to the alternative resolution procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. 5037] entered by the United States Bankruptcy Court for the Southern District of New York on February 23, 2010, subject to the following agreements that shall be effective upon the countersignatures of you and your brother Sylvester, as outlined below:

A.   Proof of Claim No. 64659 (the "**Duplicate Claim**") is expunged from the Debtors' claim register as it is a duplicate of Proof of Claim No. 64658 and that the Debtors' claim agent shall be authorized to remove the Duplicate Claim from the Debtors' claim register. Proof of Claim No. 64658 (the "**Surviving Spencer Claim**") shall be subject to the other agreements herein.

B.   The Surviving Spencer claim is capped for all purposes to a general unsecured, nonpriority claim of no more than **$9,000,000 (nine million dollars)** (the "**Claim Amount Cap**").

C.   MLC shall transmit to you at the above address, with a copy to your brother Sylvester at the address set forth in the Surviving Spencer Claim, an ADR Notice (as such term is defined in the ADR Procedures) within five (5) business days of receiving a fully countersigned letter. The ADR Notice shall contain an initial settlement offer to

resolve the Surviving Spencer Claim of a general unsecured, nonpriority claim against MLC equal to or greater than **$200,000 (two hundred thousand dollars)** (the "**Claim Settlement Floor.**"

D. In the event the Surviving Spencer Claim is not settled under the ADR Procedures, and a trial court values the Surviving Spencer Claim less than the Claim Settlement Floor or disallows the Surviving Spencer Claim in its entirety, MLC agrees to offer to settle the Surviving Spencer Claim for a general unsecured, nonpriority claim in the amount of **$200,000 (two hundred thousand dollars)** in exchange for your agreement not to appeal such trial court's determination. Should you or any authorized signatory nevertheless file an appeal to such trial court's determination of the Surviving Spencer Claim (which you shall expressly have a right to do), it is hereby understood that the Debtors shall be relieved of any further obligation to offer any settlement to resolve the Surviving Spencer Claim.

E. By signing this letter, you understand and agree that the Claim Amount Cap includes all damages and relief to which you believe you are entitled to, including all interest, taxes, attorney's fees, other fees, and costs.

F. By signing this letter, you understand that the Claim Amount Cap and any settlement offers in connection with the resolution of the Surviving Spencer Claim shall be for **an allowed general unsecured, nonpriority claim against MLC in full satisfaction of the Surviving Spencer Claim, to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' chapter 11 cases.**

G. You further agree that in accordance with the ADR Procedures, your brother Sylvester shall be fully authorized to speak on your behalf and any agreement reached with your brother shall be binding on you in all respects.

H. In the event this letter is not fully countersigned and returned to Joseph Smolinsky at the undersigned address by July 20, 2010, this offer shall expire and this letter and its contents shall not be admissible in any court under Rule 408 of the Federal Rules of Evidence.

*[signature]*
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
*Attorneys for Debtors and Debtors in Possession*

*[signature]* Barry Henry Spencer Junior
Barry Henry Spencer Jr.    UCC-1-207
P.O. Box 1218              7-13-2010
Shirley, MA 01464

CONSENTED AND AGREED TO

*[signature]*
Sylvester Richard Spencer   all Rights Reserved