**PRESENTMENT DATE AND TIME: July 27, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: July 27, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
 Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                            Debtors.                        :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION
### AND AGREED ORDER RESOLVING CLAIM NO. 51380

**PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust (the "**GUC Trust**") will present the annexed Stipulation and Agreed Order Between the GUC Trust, on the one hand, and the Casmalia Resources Site Steering Committee, on the other hand, resolving a claim relating to liabilities associated with the Casmalia Resources Waste Facility in California (the "**Stipulation and Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") for approval and signature on **July 27, 2011 at 12:00 noon (Eastern Time)**.

US_ACTIVE:\43758822\01\72240.0639

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **July 27, 2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulation and Order, the GUC Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       July 12, 2011

                                              /s/ Joseph H. Smolinsky
                                              Harvey R. Miller
                                              Stephen Karotkin
                                              Joseph H. Smolinsky

                                              WEIL, GOTSHAL & MANGES LLP
                                              767 Fifth Avenue
                                              New York, New York 10153
                                              Telephone: (212) 310-8000
                                              Facsimile: (212) 310-8007

                                              Attorneys for the Motors Liquidation
                                                 Company GUC Trust

**PRESENTMENT DATE AND TIME: July 27, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: July 27, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :   09-50026 (REG)
     f/k/a General Motors Corp., *et al.*   :
                                            :
                   Debtors.                 :   (Jointly Administered)
                                            :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING CLAIM NO. 51380**

This Stipulation and Agreed Order (the "**Stipulation**") is entered into as of June 24, 2011 (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust ("**GUC Trust**") on the one hand, and the Casmalia Resources Site Steering Committee (the "**Claimant**", and together with the GUC Trust, the "**Parties**"), on the other hand.

**RECITALS:**

WHEREAS, on June 1, 2009, Motors Liquidation Company ("**MLC**") (f/k/a General Motors Corporation) and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States

US_ACTIVE:\43758822\01\72240.0639

Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**" and together with REALM and the Initial Debtors, the "**Debtors**")) commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order, Claimant timely filed against MLC proof of claim no. 51380 (the "**Claim**"), asserting a partially-unliquidated unsecured prepetition claim relating to liabilities associated with the Casmalia Resources Waste Facility in California (the "**Casmalia Site**");

WHEREAS, on January 28, 2011, Debtors filed their 208th Omnibus Objection to Claims, which, *inter alia*, objected under Section 502(e)(1)(B) of the Bankruptcy Code to the Claim to the extent it was a contingent claim for contribution on a debt for which the Debtors and the Claimant are co-liable (the **"Objection"**);

WHEREAS the Debtors and the United States of America entered into a certain Consent Decree and Settlement Agreement, approved by the Court on March 29, 2011 (the "**US Settlement Agreement**"), which provided, among other things, that the Claimant shall have an allowed general unsecured claim in the amount of $344,069 in partial settlement and satisfaction of the Claim;

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed MLC's and its affiliated debtors' (collectively, the "**Debtors**") Second Amended Joint Chapter 11 Plan ("**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**"), and transferred the Claim to the GUC Trust;

WHEREAS, pursuant to the Plan, the GUC Trust is authorized to resolve the Claims on behalf of the Debtors' estates;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Claim and the Objection insofar as it relates to the Claim;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

The Claim is fully resolved by the terms of the US Settlement Agreement.

Upon Claimant's receipt of the distribution(s) under the Plan as provided for in the US Settlement Agreement, the Claim shall be satisfied in full.

The Debtors shall withdraw the Objection to the Claim.

With respect to the Claim and the alleged liabilities referenced therein, other than the right to receive distributions under the Plan with respect to its allowed claim as provided in the US Settlement Agreement, the Claimant and its, successors and assigns, and its members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, the GUC Trust, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**").  Solely with respect to the Claim and the alleged liabilities of the Debtors referenced therein, except as set forth in this Stipulation and the US Settlement Agreement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code, and including the Claim to the extent within the scope of Section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation by the Parties; *provided however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release the Reorganized Debtors from their obligations under this Stipulation or from any otherwise non-dischargeable claim.

The Debtor Parties agree to release, settle, waive, relinquish, void and fully discharge the Claimant Parties, from any and all claims, lawsuits, demands, actions, causes of

action, liens, and damages, known or unknown, past, present or future, contingent or not contingent, of whatever name or nature, that arise from or relate to the Casmalia Site (including, without limitation, any claim for contribution or indemnification relating to amounts paid to the United States or any other governmental unit, *provided however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release the Claimant Parties from obligations under this Stipulation.

The Debtors' claims agent shall be authorized and empowered to adjust the claims register according to this Stipulation.

This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by order of the Court.

Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain jurisdiction over any and all disputes arising out of this Stipulation.

| FOR MOTORS LIQUIDATION COMPANY GUC TRUST BY GUC TRUST ADMINISTRATOR | CASMALIA RESOURCES SITE STEERING COMMITTEE |
|---|---|
| By: /s/ David A. Vanaskey, Jr.<br>    David A. Vanaskey, Jr.<br>Title: Vice President | Bingham McCutchen LLP<br>By: /s/ Milissa A. Murray<br>    Milissa A. Murray<br>Title: Counsel to the CRSSC |
| Dated: July 8, 2011 | Dated: June 24, 2011 |

IT IS SO ORDERED.

Dated: July __, 2011
       New York, New York

                                                    United States Bankruptcy Judge