Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Post-Effective Date Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                        :
**In re**                                               :        **Chapter 11 Case No.**
                                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.,*               :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*        :
                                                        :
                        **Debtors.**                    :        **(Jointly Administered)**
                                                        :
----------------------------------------------------------------x

## DEBTORS' RESPONSE TO REQUEST OF LISA GROSS FOR
## RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as post-effective date debtors, in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), submit this response to the Request for Relief from Automatic

Stay (ECF No. 10445) (the "**Lift Stay Motion**") filed by Lisa Gross ("**Movant**") *pro se*, and

respectfully represent:

## PRELIMINARY STATEMENT

1.      The Lift Stay Motion is Movant's second attempt to lift the automatic stay

to proceed with her prepetition appeal of an employment discrimination lawsuit pending against

MLC in the United States Court of Appeals for the Tenth Circuit (the "**Appeals Court**"), case number 08-3236 (the "**Appeal**").  General Motors LLC has acknowledged that it assumed liability for the claims underlying the Appeal.  Nevertheless, the Appeals Court will not allow Movant to substitute General Motors LLC as the Appellee in the Appeal without an Order from this Court lifting the automatic stay for such purpose.  The Debtors do not object to lifting the automatic stay in the Appeal solely to allow Movant to substitute General Motors LLC as the Appellee in the Appeal and support entry of an Order authorizing such substitution.  However, the Debtors object to the Lift Stay Motion to the extent it seeks to proceed with the merits of the Appeal as to the Debtors.

## BACKGROUND

2.      The commencement of the Debtors' chapter 11 cases on June 1, 2009 (the "**Commencement Date**"), triggered the automatic stay of all litigation pending against the Debtors, including the Appeal, pursuant to section 362 of title 11, United States Code (the "**Bankruptcy Code**").

3.      On July 10, 2009, the Debtors consummated the sale (the "**Sale**") of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors LLC), a United States Treasury-sponsored purchaser, pursuant to section 363 of the Bankruptcy Code and that certain Amended and Restated Master Sale and Purchase Agreement ("**MSPA**").

4.      Under section 2.3(a)(xiii) of the MSPA, General Motors LLC assumed liability for employment discrimination claims brought by "any Employee that is or was covered by the UAW Collective Bargaining Agreement."

**The First Lift Stay Motion**

5.      Movant's initial lift stay motion seeking to proceed with the Appeal was filed with this Court on March 2, 2010 (ECF No. 5179) (the "**First Lift Stay Motion**").  The Debtors filed an opposition to the First Lift Stay Motion on March 26, 2010 (ECF No. 5379) (the "**Opposition**"), noting that the Debtors did not retain liability for the cause of action underlying the Appeal and that Movant did not file a proof of claim against the Debtors.

6.      As noted in the Opposition, the Appeal arises from an employment discrimination case alleging claims under Title VII of the Civil Rights Act of 1964, which Movant commenced against General Motors Corporation ("**GM**") in October 2006 in the United States District Court for the District of Kansas (the "**Kansas Case**").  As indicated in summary judgment briefing in the Kansas Case, and as attached as Exhibit A to the Opposition, Movant was employed by GM from February 9, 2004 to January 13, 2006, during which time she was a member of the United Auto Workers ("**UAW**") union, and therefore the terms of her employment were governed by a collective bargaining agreement.  (Opp'n. Ex. A, 1).  The Kansas Case was dismissed with prejudice on July 24, 2008, and Movant commenced the Appeal on August 20, 2008.

7.      In response to Movant's First Lift Stay Motion, counsel for the Debtors conferred with counsel for General Motors LLC and General Motors LLC acknowledged that under the terms of the MSPA it assumed liability for the type of claims asserted in Movant's Appeal because Movant was a former hourly UAW employee.  In a letter dated March 24, 2010, attached as Exhibit F to the Opposition, counsel for the Debtors explained to Movant that General Motors LLC is the proper Appellee in the Appeal.  The letter suggested to Movant that she substitute parties in the initial Appeal and withdraw the Lift Stay Motion.  In response to the

letter, Movant called counsel for the Debtors and informed counsel that she was not prepared to withdraw the Lift Stay Motion.

        8.      This Court denied the First Lift Stay Motion by Order dated May 20, 2010 (ECF No. 5808) (the "**Stay Order**").  The Stay Order provides, however, that "this Order is without prejudice to Movant's right to pursue causes of action against, and seek relief from, non-debtor entities, including General Motors LLC." (Ord. at 2.)  The Stay Order also denied a separate motion Movant had filed seeking leave to file a late proof of claim against the Debtors. Movant did not appeal the Stay Order.

**Filings in the Appeals Court**

        9.      On June 17, 2010, Movant filed a motion (the "**Motion to Add**") with the Appeals Court seeking to add General Motors LLC as a party to the Appeal.  Movant attached the Stay Order to the Motion to Add.  On July 19, 2010, the Appeals Court entered an Order (the "**Appeals Court Order**") denying the Motion to Add, noting:

> As Ms. Gross is aware, this appeal is subject to the automatic stay imposed in the General Motors Corporation bankruptcy case. Until the stay is lifted, this court has no power to take any action on the merits of Ms. Gross's motion. The United States Bankruptcy Court for the Southern District of New York has jurisdiction over the General Motors Corporation bankruptcy case and is the only court with authority to grant relief from the automatic stay. It denied Ms. Gross's request to do so in the Bankruptcy Order. We do not construe its further statement, indicating she is not precluded from pursuing a cause of action against General Motors, LLC, as an order lifting the stay. Rather, the bankruptcy court clarified, without opining on the merits or likelihood of success of such a claim, that Ms. Gross is free to file a separate claim against a non-debtor entity.

The Appeals Court Order is annexed hereto as **Exhibit "A."**

**The Instant Lift Stay Motion**

10.    On June 14, 2011, Movant filed the instant Lift Stay Motion in these chapter 11 cases, which seeks "releif [sic] from the Automatic stay in the 10th circuit court of appeals case #08 3236." (Lift Stay Mot. at 1.)

11.    On July 5, 2011, Movant filed a letter with this Court (ECF No. 10557) reiterating that she is seeking relief from the automatic stay to proceed with the Appeal.

12.    In response to the Lift Stay Motion, counsel for the Debtors again conferred with counsel for General Motors LLC and General Motors LLC maintains its position that it assumed liability for the claims underlying the Appeal and would consent to being substituted as a party in the Appeal.

## PARTIAL RELIEF FROM THE AUTOMATIC STAY IS WARRANTED

13.    Because General Motors LLC assumed liability for the causes of action underlying the Appeal, the Debtors do not object to the stay being lifted in the Appeal solely to the extent necessary to allow Movant to substitute General Motors LLC as the Appellee and to proceed with the Appeal as to General Motors LLC.  For the Court's convenience, the Debtors have proposed an Order to this effect, annexed hereto as **Exhibit "B."**

14.    The Debtors object to the Lift Stay Motion solely to the extent that it seeks to proceed with the merits of the Appeal as to the Debtors.  As noted in the Opposition, the Appeal should not proceed on the merits as to the Debtors not only because General Motors LLC assumed liability for the Appeal, but also because Movant did not file a proof of claim against the Debtors and a previous request to permit a late claim was denied by this Court.  Accordingly, Movant is barred from any recovery from the Debtors.

15.    Further, in light of the Stay Order, the Appeal should not proceed on the merits as to the Debtors on the grounds of res judicata.  *See In re Sanders*, 408 B.R. 25, 36

5

(Bankr. S.D.N.Y. 2009) (order lifting stay is final determination on merits for purposes of res

judicata).

## CONCLUSION

WHEREFORE the Debtors respectfully request that the Court grant the Lift Stay

Motion solely to the extent necessary to allow Movant to substitute General Motors LLC as the

Appellee in the Appeal, deny the Lift Stay Motion for all other purposes, and grant such other

and further relief to the Debtors as is just.

Dated:  July 14, 2011
        New York, New York

                                        /s / Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:   (212) 310-8007

                                        Attorneys for Debtors and
                                        Post-Effective Date Debtors

**EXHIBIT "A"**

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

LISA PATRICE GROSS,

       Plaintiff-Appellant,

v.

GENERAL MOTORS
CORPORATION,

       Defendant-Appellee.

No. 08-3236

---

**ORDER**

---

Lisa Patrice Gross filed a motion asking this court to add General Motors,

LLC, as an additional defendant-appellee party in this appeal. In support of her

motion, Ms. Gross attaches the Order Denying Motions of Lisa Gross For Leave

To File Claim And For Relief From The Automatic Stay, *In Re Motors*

*Liquidation Co.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. May 20, 2010)

(Bankruptcy Order). In the Bankruptcy Order, the bankruptcy court stated "that

this Order is without prejudice to Movant's right to pursue causes of action

against, and seek relief from, non-debtor entities, including General Motors,

LLC." *Id.* at 2. Ms. Gross apparently relies on this portion of the Bankruptcy

Order as a basis for this court to add General Motors, LLC, as a party in this

proceeding.

As Ms. Gross is aware, this appeal is subject to the automatic stay imposed in the General Motors Corporation bankruptcy case.  Until the stay is lifted, this court has no power to take any action on the merits of Ms. Gross's motion.  The United States Bankruptcy Court for the Southern District of New York has jurisdiction over the General Motors Corporation bankruptcy case and is the only court with authority to grant relief from the automatic stay.  It denied Ms. Gross's request to do so in the Bankruptcy Order.  We do not construe its further statement, indicating she is not precluded from pursuing a cause of action against General Motors, LLC, as an order lifting the stay.  Rather, the bankruptcy court clarified, without opining on the merits or likelihood of success of such a claim, that Ms. Gross is free to file a separate claim against a non-debtor entity.

At the direction of the panel assigned to hear this case on the merits, the motion is DENIED.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

-2-

**EXHIBIT "B"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                        :
In re                                   :          **Chapter 11 Case No.**
                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*   :
                                        :
           **Debtors.**          :          **(Jointly Administered)**
                                        :
----------------------------------------------------------------x

## ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "**Motion**"), dated June 14, 2011, of Lisa Gross ("**Movant**")

requesting relief from the automatic stay (ECF No. 10445) to proceed with case number 08-3236

(the "**Appeal**"), currently pending in the United States Court of Appeals for the Tenth Circuit, all

as more fully described in the Motion; and the Court having jurisdiction to consider the Motion

and the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Motors Liquidation Company and its

affiliated debtors having filed their response to the Motion (ECF No. __) (the "**Response**");

based upon the Motion, the Response, and all of the proceedings before the Court, it is:

ORDERED that the Motion is denied except as set forth herein; and it is further

ORDERED that the automatic stay is modified solely to the extent necessary to

allow Movant to substitute General Motors LLC as the sole Appellee in the Appeal[1] for the

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Response.

purposes of prosecuting claims for which General Motors LLC has assumed liability in connection with the Sale under the MSPA; and it is further

ORDERED that upon the substitution of General Motors LLC as the sole Appellee in the Appeal, and the removal of Motors Liquidation Company as an Appellee, the automatic stay shall be terminated with respect to the Appeal; and it is further

ORDERED that except as otherwise provided herein, the provisions of the automatic stay, including, without limitation, those provisions prohibiting the execution, enforcement, or collection of any judgments against the Debtors, shall remain in full force and effect; and it is further

ORDERED that nothing contained herein shall prejudice General Motors LLC's right to assert any and all defenses to any claims in the Appeal; and it is further

ORDERED this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
_____, 2011

_____
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE