**Endorsed Order**

July 6, 2011

To:

Judge's Chambers

Judge Robert E. Gerber

Bankruptcy Court
Southern District of New York
1 Bowling Green
New York, New York  10004-1408

Though the Court understands the frustration and disappointment that Ms. Dittmeier feels as a stockholder in the former General Motors Corporation, and that her circumstances may be particularly difficult, the Court has ruled on this issue, and the Court is not permitted to revisit this issue on a case by case basis. Despite the hardships that the law may cause to many, the Court is bound to uphold the law, and the Court may not single out any individual stockholder for special consideration.

The claim must be expunged consistent with the Court's previous rulings.

Dated: New York, New York
       July 19, 2011

/s/ *Robert E. Gerber*
Hon. Robert E. Gerber
United States Bankruptcy Jud

Re:   Chapter 11 Case No.:   09-50026 (REG)

      155th Omnibus Objection to Claims  (ECF 8828)
                  Motors Liquidation Corp(GUC Trust)

In regard to:

      Claim no. 70498

      Domenica S. Dittmeier

      32 Shelley Ave.
      Valhalla, New York 10595
      914-428-1431                    Representing myself

In regard to the case noted on the title page, I am hereby objecting to the entry of the "Supplemental Order Granting 155th Omnibus Objection to Claims" in regard to my personal claim (Claim number 70498), which was disallowed and is to be reclassified as equity interest.

My name is Domenica Dittmeier. I am an 85-year old woman of limited income, with a totally disabled 88-year old husband.

I was a small stockholder of 466 shares, acquired starting in 1979, with a value that averaged about $32,000.

I seek only a partial return on my investment and therefore object to the decision to reclassify my claim from "creditor" to equity interest for the following reasons:


I contend that the general understanding of society and business is that a stockholder is essentially a creditor who is lending money and expects to get it back.

A bank is considered a creditor when it lends money and expects to get it back.

A supplier is considered a creditor when it sells on credit, which is lending money, and expects to be paid.

In exactly the same way a stockholder lends money to help the company operate and expects to get it back. There is absolutely no difference.

In no way was my investment ever thought of as a gift or charity. I expected it to be returned, and General Motors never indicated otherwise.

In addition to the above common-sense reasoning, I would like to add the following:

As mentioned, I am an 85-year old woman of limited income with a totally disabled 88-year old husband.

I seek only a portion of my investment (worth about $20,000 at time of bankruptcy), which small amount would not be significant to the available funds.

I have been a faithful lender to General Motors for 32 years, which is worth some consideration, as the money could have been placed elsewhere.

I understand that all stockholders cannot receive a return. However, I believe that His Honor Judge Gerber has the right to separate some for special consideration.

For the above reasons: hardship (advanced age, limited income, disability); the small amount involved; the length of time a stockholder; and the commonly-understood nature of the investment, I believe that I am entitled not to be reclassified, but to be reimbursed to whatever extent possible.

I hereby register my objection to the entry of the order (see title page) which would reclassify me, in regard to Claim No. 70498.

I thank you for your kind consideration.