**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) Case No. 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.*, | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) |

## CONFIDENTIALITY ORDER

Pursuant to the agreement of the undersigned entities and the provisions of Federal Rule of Civil Procedure 26 and Rules 7026 and 9018 of the Federal Rules of Bankruptcy Procedure, the Court enters this Confidentiality Order for the purpose of assuring the confidentiality of certain information that may be disclosed by the United States Department of the Treasury ("United States Treasury") in the course of discovery in connection with the Official Committee of Unsecured Creditors' First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief [Docket No. 7859] and any related litigation in these bankruptcy proceedings involving the Parties (the "Contested Matter").

1.  This Confidentiality Order shall govern any documents and information produced by the United States Treasury in the Contested Matter and designated as "Confidential Information" in accordance with this Confidentiality Order.

2.  Nothing in this Confidentiality Order shall limit the right of the United States Treasury to object to the production or disclosure of any documents or information on any ground (other than confidentiality) including, without limitation, that the documents and

information are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other immunity from discovery.

3. As used in this Confidentiality Order, the term "Confidential Information" includes any information that is disclosed by the United States Treasury in the course of discovery that takes place in the context of the Contested Matter and which at or before the time of disclosure has been designated as "Confidential Information" by the United States Treasury in one or more of the following ways:

    a. Information set forth in an answer to an interrogatory may be so designated by including the words "Subject to Confidentiality Order" in the answer.

    b. Information contained in any document or part thereof may be so designated by marking the words "Subject to Confidentiality Order" on the document or any copy of it delivered to another party or its counsel or by giving written notice to counsel for the other party, describing the document or part thereof either specifically or by category.

    c. Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given, or upon 10 days following receipt of a transcript of the oral deposition.

4. "Confidential Information" disclosed to another party or its counsel in the Contested Matter:

    a. Shall be used by a party and counsel only for the purposes of the Contested Matter.

    b. Shall not be published to the public in any form by the other party or counsel, nor used by a party for any business or commercial purpose.

    c. Shall be disclosed by a party or its counsel only to the following persons:

        (i) Motors Liquidation Company GUC Trust; Green Hunt Wedlake, Inc., in its capacity as Trustee for General Motors Nova Scotia Finance Company; Appaloosa Management L.P. (and its managed entities); Aurelius Capital Management, LP (and its managed entities); Elliot Management Corporation (and its managed entities); Fortress Investment Group LLC (and its managed entities); Perry Corp. (and its managed entities); Morgan Stanley & Co. International plc; Motors Liquidation Company f/k/a General Motors Corporation; and General Motors LLC (each of them, a "Party," and collectively, the "Parties").

3

>   (ii)   Attorneys of record for the Parties, including any attorneys employed by a law firm of record that represents any of those Parties.
>
>   (iii)  Secretarial, clerical, paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents any of the Parties.
>
>   (iv)   Independent (non-employee) expert witnesses or advisors retained by the Parties in connection with the Contested Matter.
>
>   (v)    Officers and managerial or supervisory personnel of the Parties.
>
>   (vi)   Court reporters or stenographers engaged to record deposition or hearing testimony, and their employees.
>
>   (vii)  Such other persons as hereafter may be authorized by the Court upon motion of any of the Parties.

5. A copy of this Confidentiality Order shall be delivered to each Party and to each person within categories (iii), (iv) and (vi) of paragraph 4(c) above to whom a disclosure of Confidential Information is made, at or before the time of disclosure, by the Party making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

6. The provisions of this Order shall not be construed as preventing:

   a. Any disclosure of Confidential Information by the United States Treasury.

   b. Any disclosure of Confidential Information to any judge, magistrate, or employee of this Court for purposes of these chapter 11 cases.

   c. Any disclosure of Confidential Information to or by any governmental entity for the purpose of the enforcement of the civil or criminal laws.

7. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible only the confidential portions of filings with the Court shall be filed under seal.

8. This Confidentiality Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Confidentiality Order; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any Confidential Information.

DOCSNY-468766v3

9. No part of the restrictions imposed by this Confidentiality Order may be waived, modified, dissolved or terminated, except by written agreement executed by counsel of record for the Parties, or by any order of the Court.

10. Upon the conclusion of the Contested Matter, all Confidential Information supplied by the United States Treasury and all copies thereof, shall be returned to the United States Treasury or such Confidential Information shall be certified to have been destroyed.

**SO AGREED TO BY AND AMONG THE FOLLOWING:**

Dated: July 7, 2011

By: */s/ David S. Jones*
David S. Jones
Jeffrey S. Oestericher
Matthew L. Schwartz
Joseph N. Cordaro
86 Chambers Street
New York, New York 10007

LEV L. DASSIN
Acting United States Attorney for the Southern District of New York
*Attorneys for the United States*

Dated: July 1, 2011

By: */s/ Katie L. Cooperman*
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019

*Attorneys for the Motors Liquidation Company GUC Trust*

Dated: July 3, 2011

By: */s/ Sean E. O'Donnell*
Daniel H. Golden
Philip C. Dublin
Sean E. O'Donnell
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036

*Attorneys for Green Hunt Wedlake, Inc., Trustee of General Motors Nova Scotia Finance Company*


Dated: June 30, 2011

By: */s/ Kevin D. Finger*
Bruce R. Zirinsky
Nancy A. Mitchell
John H. Bae
Kevin D. Finger
Gary D. Ticoll
GREENBERG TRAURIG LLP
200 Park Avenue
New York, New York 10166

*Attorneys for Appaloosa Management L.P. (and its managed entities); Aurelius Capital Management, LP (and its managed entities); Elliot Management Corporation (and its managed entities); Fortress Investment Group LLC (and its managed entities); Perry Corp. (and its managed entities); and Morgan Stanley & Co. International plc*


Dated: July 14, 2011

By: */s/ Stephen Karotkin*
Stephen Karotkin
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

*Attorneys for Motors Liquidation Company f/k/a General Motors Corporation*

Dated:        July 5, 2011

By:        */s/ Arthur Steinberg*
        Arthur Steinberg
        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, NY 10036

        *Attorneys for General Motors LLC*


SO ORDERED this **19th** day of **July,** 2011

        **s/ Robert E. Gerber**
        HON. ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE