**HEARING DATE AND TIME: July 26, 2011 at 9:00 a.m. (Eastern Time)**

**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
Jeffrey Robbin Lamb [State Bar No. 257648]
137 Bay Street Unit #2
Santa Monica, CA 90405
Telephone: (310) 399-2555
Facsimile: (310) 399-1190

Attorney for JUDD WIESJAHN & ANNALISA SAND

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: ) | |
| ) | DECLARATION OF JEFFREY R. LAMB, ESQ. |
| MOTORS LIQUIDATION COMPANY, et al., ) | IN SUPPORT OF MOTION OF JUDD |
| f/k/a GENERAL MOTORS CORP., et al., ) | WIESJAHN AND ANNALISA SAND TO FILE |
| ) | LATE PROOF OF CLAIM, OR IN THE |
| Debtors. ) | ALTERNATIVE, TO AMEND INFORMAL |
| ) | PROOF OF CLAIM |
| ) | |
| ) | Case No.: 09-50026 |
| ) | |

### DECLARATION OF JEFFREY R. LAMB

I, **JEFFREY R. LAMB**, hereby declare the following:

1. I am an attorney at law, licensed to practice in the State of California, the United States District Court for the Central and Northern Districts of California, the Ninth Circuit Court of Appeals. I have personal and firsthand knowledge of the facts herein and, if called as a witness, could and would competently testify thereto. I am an associate in the Law Office of Martin Stanley, counsel for Plaintiffs Judd Wiesjahn and Annalisa Sand. I have experience and have appeared in bankruptcy

-1-

court with respect to obtaining relief from automatic litigation stays, as well as with respect to interpleader activities related to the civil litigation that is the general subject of my practice.

2. On December 19, 2008, Wiesjahn/Sand filed an action in the Superior Court of California, County of Monterey, Case Number M95923 in which Wiesjahn/Sand assert that, *inter alia*, that the subject vehicle when being used in conjunction with the spare tire was susceptible to a loss of vehicle control, and as such were not suitable for use under normal and foreseeable driving conditions and lacked proper warnings regarding the danger, making the vehicle and tire defective by design, manufacture, and lack of warnings. (Attached as Exhibit A to Wiesjahn/Sand's Motion to File a Late Proof of Claim Form or In The Alternative To Amend Their Informal Proof of Claim is a true and correct copies the complaint)

3. Judd Wiesjahn and Annalisa Sand ("Wiesjahn/Sand") are creditors and parties-in-interest in the above-referenced bankruptcy cases.

4. On May 5, 2009, General Motors Corporation ("GM") was served with a true and correct copy of Wiesjahn/Sand's complaint, and as such the debtor was aware of Wiesjahn/Sand's complaint and the action filed against GM in the Superior Court of California, for the County of Monterey as case number M 95923. (Attached as Exhibit B of Wiesjahn/Sand's Motion to File a Late Proof of Claim Form or In The Alternative To Amend Their Informal Proof of Claim is a true and correct copy of the proof of service of summons on GM).

5. Following service of the summons and complaint, GM mailed a Notice of Stay of Proceedings to:

> "Martin Louis Stanley, Esq.
> Law Office of Martin Stanley
> 137 Bay Street #2
> Santa Monica, CA 90405
> (310) 399-2555
> Fax (310) 399-1190
> (Attorneys for Plaintiffs)"

(Attached as Exhibit C to Wiesjahn/Sand's Motion to File a Late Proof of Claim Form or In The Alternative To Amend Their Informal Proof of Claim is a true and correct copy of the Notice of Stay of Proceedings)

6. As such, GM knew that the plaintiffs' names were Annalisa Sand and Judd Wiesjahn, and that the attorney for Wiesjahn/Sand in that case is Martin Louis Stanley and Jeffrey Lamb of the Law Office of Martin Stanley located at 137 Bay Street Unit #2, Santa Monica, CA 90405, Telephone: 310-399-2555, and Facsimile: 310-399-1190.

7. However, General Motors Corporation and/or any of its affiliates ("Initial Debtors") never provided any notice to Wiesjahn/Sand that they were required to submit a Proof of Claim form by a certain date, nor were they provided with any initial notice from GM under the ADR procedures with respect to their claim (collectively "Notices"). These notices were never sent to Annalisa Sand at her address, Judd Wiesjahn, at his address, or even Martin Louis Stanley at the above address. And Plaintiffs' counsel has no idea to whom these were sent or to whom notice of GM's requirements was sent as nothing to either effect was ever received.

8. The Proof of Claim form or notice of any deadlines was not sent to Annalisa Sand or Judd Wiesjahn to their personal address, or to Martin Stanley and/or The Law Office of Martin Stanley care of Annalisa Sand or Judd Wiesjahn.

9. During the calendar years of 2008 and 2009, Martin Stanley and myself were the only people opening the mail at our offices located at 137 Bay Street Unit #2, Santa Monica, CA 90405. At those times both Mr. Stanley and myself reviewed all mail together each and every day. At not time did we receive any proof of claim forms with respect to the above referenced bankruptcy action. In all of the years that I have worked for the Law Offices of Martin Stanley, starting in 2004, we have never held ourselves out or gone by the Stanley Martin law office.

10. Annalisa Sand and Judd Wiesjahn are not known recipients of mail at "137 Bay Street Unit 2, Santa Monica, CA 90405," and there is no such thing as a "Stanley Martin Law Office" at that address. (Attached as Exhibits D & E to Wiesjahn/Sand's Motion to File a Late Proof of Claim Form or In The Alternative To Amend Their Informal Proof of Claim are true and correct copies of GM listing for Wiesjahn/Sand as creditors in interest).

11. Based upon these ambiguities, along with the fact there was no actual notice, Wiesjahn/Sand cannot be charged with notice or actual knowledge of their proof of claim filing deadline. *See In re Chess*, 268 B.R. 150, 156 (Bankr. W.D. Tenn. 2001) (there is a general presumption among the courts "that an addressee receives a properly mailed item *when the <u>sender presents proof</u> that the item was properly addressed, stamped, and sent through the United States mail*[,]"

12. On August 8, 2008, Decedent Rachel Love Wiesjahn lost her life as a result of injuries she suffered in an accident while riding as a passenger in a 2006 Chevrolet HHR vehicle designed, manufactured, sold, or otherwise placed into the stream of commerce by Motors Liquidation Company, f/k/a General Motors Corporation ("GM"). Decedent, Rachael Love Wiesjahn, is survived by her parents Wiesjahn/Sand.

13. Judd Wiesjahn is listed as a product liability claimant in the bankruptcy schedules filed by the Debtors in this matter. (Attached as Exhibits D to Wiesjahn/Sand's Motion to File a Late Proof of Claim Form or In The Alternative To Amend Their Informal Proof of Claim is a true and correct copy of GM creditor in interest list naming Judd Wiesjahn)

14. Annalisa Sand and is listed as a product liability claimant in the bankruptcy schedules filed by the Debtors in this matter. (Attached as Exhibits E to Wiesjahn/Sand's Motion to File a Late Proof of Claim Form or In The Alternative To Amend Their Informal Proof of Claim is a true and correct copy of GM creditor in interest list naming Annalisa Sand.

15. However Wiesjahn/Sand failed to file the proof of claim form before the bar date due to: 1) Motors Liquidation Company, f/k/a General Motors Corporation ("GM")'s failure to provide Wiesjahn/Sand's counsel and Wiesjahn/Sand, as the creditors, any Proof of Claim form and/or any notice that their forms had to be filed by a certain date; 2) GM's failure to provide separate notice to Annalisa Sand and Judd Wiesjahn's personal address; 3) GM's failure to provide any notice or proof of claim form to the Law Office of Martin Stanley care of Annalisa Sand and Judd Wiesjahn; and 4) GM's failure to use the proper business name of Wiesjahn/Sand's counsel if it even mailed any notice or proof of claim form to the Law Office of Martin Stanley. *See e.g. Bratton v. Yoder Co. (In re Yoder Co.)*, 758 F.2d 1114, 1118 (6th Cir. 1985) ("[t]estimony of non-receipt, standing alone, would be sufficient to support a finding of non-receipt; such testimony is therefore sufficient to rebut the presumption of receipt."); 11 U.S.C. § 342(g)(1) (notice is not effective where debtor fails to use the address supplied by the creditor; notice is not effective until it is "brought to the attention" of the creditor).  Notice was not brought to Plaintiff's attention until Plaintiff's counsel recently received "Notice of Hearing to Consider Approval of Debtors' Proposed Disclosure Statement With Respect to Debtors' Joint Chapter 11 Plan" (Attached as Exhibit F to Wiesjahn/Sand's Motion to File a Late Proof of Claim Form or In The Alternative To Amend Their Informal Proof of Claim is a true and correct copy of the Notice of Hearing).

16. As products liability claimants on the bankruptcy schedules filed by GM Wiesjahn/Sand had the right to assume that they would receive actual notice of relevant dates before their claims would be barred. *In re Dartmore Homes, Inc.*, 175 B.R. 659 (Bankr. N.D. Ill 1994) (finding Chapter 11 debtor, even creditors have right to assume they will receive notice of relevant dates before their claims are barred.)

17. In addition, Wiesjahn/Sand's claims will only have a negligible impact on the distributions of the Debtor's remaining assets to unsecured creditors. Wiesjahn/Sand's claims represent only a very tiny fraction of the billions of dollars of unsecured claims asserted against the Debtors in these cases.

18. In the alternative, Wiesjahn/Sand's failure to timely file a formal proof of claim before the bar date was the result of excusable neglect and Wiesjahn/Sand have acted in good faith. It is clear that the error in filing was not Wiesjahn/Sand and/or their counsel's error, but rather GM's error. As stated above, GM 1) failed to provide Wiesjahn/Sand's counsel and/or Wiesjahn/Sand, as the creditors, any Proof of Claim form and/or any notice that their forms had to be filed by a certain date; 2) GM's failed to provide separate notice to Annalisa Sand and Judd Wiesjahn's personal address; 3) GM's failed to provide any notice or proof of claim form to the Law Office of Martin Stanley care of Annalisa Sand and Judd Wiesjahn; and 4) GM's failed to use the proper business name of Wiesjahn/Sand's counsel if it even mailed any notice or proof of claim form to the Law Office of Martin Stanley. *See In re Any Mountain, Inc.*, 2007 Bankr. LEXIS 712 at *2 (Bankr. N.D. Cal. 2007) (finding excusable neglect where claimant's counsel misread bankruptcy court notice); *Bonner v. Adams (In re Adams)*, 734 F.2d 1094, 1103 (5th Cir. 1984) (holding "it is clear that one of the primary purposes of the list of creditors in the schedule is to provide the court information as to persons entitled to notice," and as such an incorrectly listed address not satisfy due process); *In re Hicks*, 184 BR. 954, 957 (Bankr. C.D. Cal. 1995) ("this obligation to list all creditors' names and address is part of the debtor's duty of *full disclosure that is the quid pro quo for fresh start* provided by the discharge); *In re Schepps Food Stores, Inc.*, 152 B.R. 136 (Bankr. S.D. Tex. 1993) (evidence that notice was never sent or that no one in the case received notice does rebut presumption that proper notice was given in bankruptcy case.)

19. Plaintiffs' have prepared Proof of Claim Forms using the blank claims form on the Motors Liquidation website at https://www.motorsliquidation.com/ClaimsInformation.aspx. (Attached as Exhibit G to Wiesjahn/Sand's Motion to File a Late Proof of Claim Form or In The Alternative To Amend Their Informal Proof of Claim are true and correct copies said claim forms).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of July 2011, at Los Angeles, California.

_____/s/ Jeffrey R. Lamb_____
JEFFREY R. LAMB