Hearing Date and Time: July 27, 2011 at 9:45 a.m. (Prevailing Eastern Time)

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No. 09-50026 |
| f/k/a General Motors Corp., *et al.*, | : | (Jointly Administered) |
| Debtors. | : | Honorable Robert E. Gerber |

# FINAL FEE APPLICATIONS - STATUS REPORT

The Court has scheduled a hearing on the final fee applications in these proceedings for Monday, September 26, 2011, beginning at 9:45 A.M.[1] This brief status report, filed two months before the hearing date, will summarize the pending applications and the process that, by informal stipulation, the Retained Professionals and the Fee Examiner are using to bring the matters to the Court for a resolution.

1.     The Court confirmed the Debtors' amended plan of reorganization on March 29, 2011, which required the submission of final fee applications on or before May 16, 2011. The plan provided as well that the professional services subject to review and Court approval would

---

[1] The hearing on the *Final Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors* [Docket No. 10268], will be heard, separately, on October 21, 2011 in conjunction with the summary judgment hearing in Adversary Proceeding No. 11-09406.

be the services provided to the Debtors between the Petition Date, June 1, 2009, through the Confirmation Date, March 29, 2011.

2.  By the week of June 1, 2011, a total of 25 Retained Professionals had submitted final fee applications for review and approval, totaling $107,619,087.12 in fees and $3,251,401.16 in expenses for a combined total of $110,870,488.20.[2] **Exhibit A** shows the total amounts by professional. The Court also has received two applications for compensation under 11 U.S.C. § 503(b), which the Fee Examiner is reviewing.

3.  The final fee applications included, again by stipulation, unapproved and unreviewed fees and expenses for the period from October 1, 2010 to March 29, 2011. In the interests of economy and efficiency, the Retained Professionals and the Fee Examiner had agreed that the fees and expenses for that period, which otherwise would have been the subject of interim applications (for the fifth and sixth interim fee periods), would be deferred and combined with the final fee applications.

4.  In the meantime, the Retained Professionals continued to receive 80 percent of the invoiced amounts for fees and 100 percent of the invoiced amounts for expenses pursuant to the Court's August 7, 2009 *Order Pursuant to §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 3711].

5.  Put another way, the Court has not yet reviewed—through applications for interim compensation—approximately $27,322,465.84 in fees and $602,371.28 in expenses, or approximately 25.2 percent of the totals in the final fee applications. The amounts not yet reviewed or approved on an interim basis are reflected in Exhibit A as well.

---

[2] This total does not include the amounts ($698,278.01) requested under section 503(b). Nor does it include the two final fee applications the Court already has approved: Alan Chappell ($72,900) [Docket No. 5751] and PricewaterhouseCoopers ($1.9 million) [Docket No. 8613].

2

6. On June 10, 2011, the Fee Examiner sent a memorandum to all of the Retained Professionals outlining the anticipated procedures for review and an agreed hearing date. The Debtors then re-scheduled the hearing for September 26, 2011 with the Court, communicating that to all of the Retained Professionals.

7. The Fee Examiner and his counsel are reviewing the final fee applications, including the "interim" amounts not yet reviewed, and will respond to them pursuant to an informal schedule reflecting the practices throughout these proceedings:

    A. The Fee Examiner will send each Retained Professional a draft report that addresses any questions, concerns, or potential objections raised by the applications.

    B. The Retained Professionals may respond to the draft reports, providing any additional explanation or documentation that might be requested or necessary to meet the applicant's burden of proof.

    C. On or before September 12, 2011, the Fee Examiner will file a report on each fee application, including any objection deemed necessary.[3]

    D. On or before September 21, 2011, the Retained Professionals may file any reply they deem necessary to any objection.

    E. On or before September 23, 2011, the Fee Examiner will file a final summary report.

8. The Court has approved interim fee applications (as negotiated or contested) through four interim periods, conducting hearings in person or by telephone on contested issues on April 29, June 29, October 26 and December 15, 2010 and January 11, 2011.

---

[3] Any other party-in-interest wishing to object to a fee application may do so in accordance with the schedule stated herein.

          A.      The number of contested issues has declined with each successive interim period although some significant differences remain. *See Fee Examiner's Twelve-Month Report and Summary of Responses to Fourth Interim Fee Applications* [Docket No. 8052].

          B.      Significantly, none of the final fee applications appears to ask the Court to revisit any of the issues it already has decided.

9.      Based on his experience in the four interim fee periods, the Fee Examiner anticipates that many of the differences involving interim or final fees and expenses—whether matters of practice or policy—can be resolved consensually, as they have been in the past, and presented to the Court for approval without the need for argument or testimony.

10.      However, the Fee Examiner anticipates that there may well be a disagreement over at least one substantive issue: the amount and nature of hourly rate increases over the course of these proceedings. It is a difference that is not easily resolved by negotiation—in part, because it involves many of the Retained Professionals and, in part, because it involves differences over the application of 11 U.S.C. § 328 (with little relevant case law) and over the practices of the "market" for legal services.

11.      From the Petition Date to the Confirmation Date, hourly rate increases account for at least $3 million in professional compensation.

12.      To help ensure that the rate increase issues are presented fairly and with ample time for consideration, the Fee Examiner anticipates filing a categorical objection to certain unjustified hourly rate increases in mid-August—well before the objection deadline. If filed, the objection would be accompanied by affidavits and documentary materials to which any or all of the Retained Professionals would have time, should they choose to do so, to respond.

Dated: Madison, Wisconsin
July 25, 2011.

                                         GODFREY & KAHN, S.C.

                          By:     /s/ *Katherine Stadler*
                                    Timothy F. Nixon (TN 2644)
                                    Katherine Stadler (KS 6831)

                                    GODFREY & KAHN, S.C.
                                    780 North Water Street
                                    Milwaukee, Wisconsin 53202
                                    Telephone: (414) 273-3500
                                    Facsimile: (414) 273-5198
                                    E-mail: tnixon@gklaw.com
                                                   kstadler@gklaw.com

                                    *Attorneys for the Fee Examiner*

6619826_3

# **EXHIBIT A**

**Motors Liquidation Company, *et al.*, Debtors**
**Chapter 11 Case No. 09-50026 (REG)**

**Exhibit A**

| Applicant | Docket No. | Period Covered by Final Fee Application | Final Fees Requested | Final Expenses Requested | Interim Fees Requested for the Period from October 1, 2010 to March 29, 2011 | Interim Expenses Requested for the Period from October 1, 2010 to March 29, 2011 |
|---|---|---|---|---|---|---|
| Analysis Research Planning Corporation | 10250 | March 1, 2010 to March 29, 2011 | 758,031.00 | 2,007.55 | 536,458.00 | 1,150.33 |
| Baker & McKenzie | 10262 | June 1, 2009 to March 29, 2011 | 1,280,837.78 | 24,236.72 | 18,048.02 | 2,617.52 |
| Bates White, LLC | 10264 | March 16, 2010 to March 29, 2011 | 1,995,593.84 | 13,968.88 | 910,311.25 | 6,777.20 |
| Brady C. Williamson, Fee Examiner and Godfrey & Kahn, S.C., Counsel to the Fee Examiner | 10267 | Dec. 28, 2009 to March 29, 2011 | 1,475,820.50 | 108,988.93 | 363,138.25 | 43,833.74 |
| Brownfield Partners, LLC | 10224 | June 1, 2009 to March 29, 2011 | 1,223,102.63 | 85,798.37 | 152,616.00 | 6,966.30 |
| Butzel Long, a professional corporation | 10241 | June 10, 2009 to March 31, 2011 | 2,046,609.06 | 144,757.17 | 703,367.50 | 59,500.51 |
| Caplin & Drysdale, Chartered | 10280 | Oct. 6, 2009 to March 31, 2011 | 2,297,993.96 | 173,913.01 | 1,218,786.00 | 88,405.90 |
| Deloitte Tax LLP | 10231 | Jan. 1, 2010 to March 29, 2011 | 1,891, 645.12 | 7,651.13 | 955,126.00 | 7,476.00 |
| Evercore Group LLC | 4453 | June 1, 2009 to July 10, 2009 | 16,029,032.00 | 2,920.62 | 0.00 | 0.00 |
| FTI Consulting, Inc. | 10265 | June 3, 2009 to March 29, 2011 | 18,495,125.25 | 135,380.13 | 7,993,423.00 | 25,582.37 |
| Hamilton, Rabinovitz & Associates, Inc. | 10266 | Feb. 1, 2010 to March 29, 2011 | 68,295.00 | 0.00 | 31,862.50 | 0.00 |
| Honigman Miller Schwartz and Cohn LLP | 10313 | July. 10, 2009 to March 29, 2011 | 2,405,699.25 | 21,461.43 | 108,539.25 | 4,661.97 |
| Jenner & Block LLP | 10246 | June 1, 2009 to March 29, 2011 | 4,952,968.55 | 271,139.73 | 12,064.10 | 131.85 |

| Applicant | Docket No. | Period Covered by Final Fee Application | Final Fees Requested | Final Expenses Requested | Interim Fees Requested for the Period from October 1, 2010 to March 29, 2011 | Interim Expenses Requested for the Period from October 1, 2010 to March 29, 2011 |
|---|---|---|---|---|---|---|
| Jones Day | 10244 | June 1, 2009 to January 31, 2010 | 465,693.65 | 5,591.62 | 0.00 | 0.00 |
| Kramer Levin Naftalis & Frankel, LLP | 10268 | June 1, 2009 to March 29, 2011 | 11,323,610.00 | 210,169.93 | 3,023,392.75 | 51,635.10 |
| Legal Analysis Systems, Inc. | 10269 | March 15, 2010 to March 31, 2011 | 442,626.00 | 3,479.45 | 241,437.50 | 0.00 |
| LFR Inc. | 10251 | June 1, 2009 to March 29, 2011 | 3,125,474.54 | 618,744.80 | 243,858.10 | 2,546.41 |
| Morris, Nichols, Arsht & Tunnell LLP | 10261 | Nov. 16, 2010 to March 29, 2011 | 10,529.67 | 2,987.21 | 10,529.67 | 2,987.21 |
| Plante & Moran, PLLC | 10279 | October 9, 2009 to March 29, 2011 | 1,306,275.54 | 19,496.99 | 331,849.95 | 4,674.91 |
| Stuart Maue, Ltd. | 10260 | Jan. 22, 2010 to Oct. 20, 2010 | 478,112.50 | 3,579.99 | 0.00 | 0.00 |
| Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation | 10248 | Feb. 24, 2010 to March 29, 2011 | 1,063,489.75 | 20,235.95 | 684,676.75 | 12,251.58 |
| The Claro Group, LLC | 10239 | June 1, 2009 to March 29, 2011 | 1,436,467.62 | 18,408.22 | 1,662.50 | 92.82 |
| Togut, Segal & Segal LLP | 10237 | Dec. 21, 2009 to March 29, 2011 | 1,078,996.00 | 6,142.83 | 438,826.00 | 2,453.94 |
| Trafelet, Dean M., Legal Representative for Future Asbestos Personal Injury Claimants | 10247 | Nov. 13, 2009 to March 29, 2011 | 214,677.50 | 2,395.42 | 133,704.75 | 249.06 |
| Weil, Gotshal & Manges LLP | 10270 | June 1, 2009 to March 29, 2011 | 44,722,014.30 | 1,347,945.08 | 9,208,788.00 | 278,376.56 |
| | | **TOTAL:** | **$107,619,087.12[1]** | **$3,251,401.16[1]** | **$27,322,465.84** | **$602,371.28** |

6622549_1

---

[1] The totals do not include two final fee applications the Court has approved: Alan Chappell ($72,900) [Docket No. 5751] and PricewaterhouseCoopers ($1.9 million) [Docket No. 8613].

2