**DICKSTEIN**SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

Eric B. Fisher
*fishere@dicksteinshapiro.com*

July 27, 2011

**BY HAND**

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *In re General Motors Corporation, et al., 09-50026 (REG): Official Committee of Unsecured Creditors' First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief* **(Docket No. 7859) ("Objection")**

Dear Judge Gerber:

We represent the Motors Liquidation Company GUC Trust ("**GUC Trust**"), successor to the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation ("**Old GM**"), with respect to the above-referenced Objection. We write in response to the July 19, 2011 letter submitted to the Court by counsel for Green Hunt Wedlake, Inc., the trustee of General Motors Nova Scotia Finance Company (the "**Nova Scotia Trustee**").

The Nova Scotia Trustee's letter seeks a discovery conference with respect to discovery requests that it served on May 19, 2011, and to which the GUC Trust has properly refused to respond on the grounds that the discovery requests: (i) were served months after the deadline agreed to by the parties; (ii) concern documents produced by the Nova Scotia Trustee itself; and (iii) are disguised contention interrogatories disallowed pursuant to Rule 7033-1(c) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York and expressly disallowed by this Court at the initial pretrial conference in this matter. Each of these objections is well-founded:

- By letter to this Court dated December 23, 2010, the parties agreed to serve party document requests on or before January 11, 2011;
- By its express terms, each of the document requests seeks the identification of documents produced by the Nova Scotia Trustee itself; and
- Each document request seeks the identification of documents that support certain assertions made by counsel for the GUC Trust.

**DICKSTEIN**SHAPIRO LLP

      Nevertheless, we are mindful of the Court's admonition to involve the Court in discovery disputes only as an unavoidable last resort. Accordingly, in an effort to spare the Court any need to further involve itself in this dispute, we hereby disclose to the Nova Scotia Trustee the support in its own documents for the assertions about which it inquires:

- Our assertion that the Nova Scotia Trustee's own documents indicated that the swap claim may be overstated was based upon the swap documents themselves, and correspondence indicating a potential overstatement of the swap claim and failure to properly terminate the swaps (GHW0001591-1614; 1615-1622; 2044-2045; 2046; 2101-2102; 2553-2554; 2688-2689; 2721-2722; 3388-3389; and 6281-6304). Further, our own calculations indicated that the amount of the overstatement was potentially in excess of $100 million due to lack of termination and an improper calculation method. This significant discrepancy in the calculation has since been corroborated by documents produced by General Motors LLC;
- Our assertion that there are communications through the end of 2010 between the Nova Scotia Trustee and noteholders about filing claims in the Nova Scotia bankruptcy proceeding that relate to the same claims as those asserted in the Old GM bankruptcy proceeding was based upon GHW0000304; 370-373; 3301-3302; 3388-3389; 4054-4144; and 4601-5166;
- Our assertion that there are communications through the end of 2010 that concern how the Nova Scotia Trustee's claim should be calculated and whether it would be allowed was based upon GHW0000305; 306; 2931-2935; 3263; 3310-3311; and 6218-6265. In particular, correspondence concerning the calculation of the swap component of the Nova Scotia Trustee's claim, as well as the consequences of not having terminated the swaps, occurred in the first half of 2010. Correspondence about the allowance of the Nova Scotia Trustee's claim, as well as the claims filed by the noteholders, occurred in the second half of 2010; and
- Our assertion that there is discussion "well into 2010" about whether the swaps are being properly calculated was based upon GHW0000305; 306; 3310-3311; and 6281-6304.

      We regret having to burden the Court with this letter, but believe that it is necessary to set the record straight, in light of the Nova Scotia Trustee's suggestion that certain statements made by us were without basis. We are hopeful that this letter resolves the issues raised by the Nova Scotia Trustee without the need for this Court's further involvement. We thank the Court for its attention to this matter.

                                Respectfully,

                                /s/ Eric B. Fisher
                                Eric B. Fisher