**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :    09-50026 (REG)
    f/k/a General Motors Corp., et al.        :
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
------------------------------------------------------------x
```

**SUPPLEMENTAL ORDER GRANTING**
**153RD OMNIBUS OBJECTION TO CLAIMS**
**(Claims for Equity Interests)**

Upon the 153rd omnibus objection, dated January 25, 2011 (the "**153rd Omnibus Objection to Claims**") (ECF No. 8826), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), filed pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the Claims for Equity Interests,[1] and reclassifying those Claims for Equity Interests as equity interests, all as more fully described in the 153rd Omnibus Objection to Claims; and due and proper notice of the 153rd Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the responses to the 153rd Omnibus Objection to Claims filed by Ruth Meyer (ECF No. 9075) and Ronald Tanciar (ECF No. 9308 and 9368) (the "**Responses**"), the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 153rd Omnibus Objection to Claims.

Debtors' reply to the Responses (ECF No. 1045`), and the arguments made by the parties at the hearing on the 153rd Omnibus Objection to Claims on June 22, 2011 (the "**Hearing**"); and the Court having found and determined that the relief sought in the 153rd Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 153rd Omnibus Objection to Claims establish just cause for the relief granted herein; and upon the findings of fact and conclusions of law set forth by this Court at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the 153rd Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Reclassified*" are disallowed and reclassified as equity interests; and it is further

ORDERED that the 153rd Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further adjournments; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 153rd Omnibus Objection to claims under the heading "*Claims to be Reclassified*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that the time for a claimant to seek an appeal from the entry of this Order shall begin to run from the date this Order is entered as opposed to the date of the Hearing;

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
*** July 27, 2011 ***

*s/ Robert E. Gerber*
United States Bankruptcy Judge