UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                    :    Chapter 11 Case No.
                                                         :
MOTORS LIQUIDATION COMPANY, *et al.*,                    :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                 :
                                                         :
                                    Debtors.             :    (Jointly Administered)
                                                         :
------------------------------------------------------------x

## STIPULATION AND AGREED ORDER RESOLVING CLAIM NO. 51380

This Stipulation and Agreed Order (the "**Stipulation**") is entered into as of June 24, 2011 (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust ("**GUC Trust**") on the one hand, and the Casmalia Resources Site Steering Committee (the "**Claimant**", and together with the GUC Trust, the "**Parties**"), on the other hand.

## RECITALS:

WHEREAS, on June 1, 2009, Motors Liquidation Company ("**MLC**") (f/k/a General Motors Corporation) and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**" and together with REALM and the Initial Debtors, the

"**Debtors**")) commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order, Claimant timely filed against MLC proof of claim no. 51380 (the "**Claim**"), asserting a partially-unliquidated unsecured prepetition claim relating to liabilities associated with the Casmalia Resources Waste Facility in California (the "**Casmalia Site**");

WHEREAS, on January 28, 2011, Debtors filed their 208th Omnibus Objection to Claims, which, *inter alia*, objected under Section 502(e)(1)(B) of the Bankruptcy Code to the Claim to the extent it was a contingent claim for contribution on a debt for which the Debtors and the Claimant are co-liable (the **"Objection"**);

WHEREAS the Debtors and the United States of America entered into a certain Consent Decree and Settlement Agreement, approved by the Court on March 29, 2011 (the "**US Settlement Agreement**"), which provided, among other things, that the Claimant shall have an allowed general unsecured claim in the amount of $344,069 in partial settlement and satisfaction of the Claim;

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed MLC's and its affiliated debtors' (collectively, the "**Debtors**") Second Amended Joint Chapter 11 Plan ("**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**"), and transferred the Claim to the GUC Trust;

WHEREAS, pursuant to the Plan, the GUC Trust is authorized to resolve the Claims on behalf of the Debtors' estates;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Claim and the Objection insofar as it relates to the Claim;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

The Claim is fully resolved by the terms of the US Settlement Agreement.

Upon Claimant's receipt of the distribution(s) under the Plan as provided for in the US Settlement Agreement, the Claim shall be satisfied in full.

The Debtors shall withdraw the Objection to the Claim.

With respect to the Claim and the alleged liabilities referenced therein, other than the right to receive distributions under the Plan with respect to its allowed claim as provided in

the US Settlement Agreement, the Claimant and its, successors and assigns, and its members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, the GUC Trust, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**").  Solely with respect to the Claim and the alleged liabilities of the Debtors referenced therein, except as set forth in this Stipulation and the US Settlement Agreement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code, and including the Claim to the extent within the scope of Section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation by the Parties; *provided however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release the Reorganized Debtors from their obligations under this Stipulation or from any otherwise non-dischargeable claim.

The Debtor Parties agree to release, settle, waive, relinquish, void and fully discharge the Claimant Parties, from any and all claims, lawsuits, demands, actions, causes of action, liens, and damages, known or unknown, past, present or future, contingent or not contingent, of whatever name or nature, that arise from or relate to the Casmalia Site (including, without limitation, any claim for contribution or indemnification relating to amounts paid to the United States or any other governmental unit, *provided however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release the Claimant Parties from obligations under this Stipulation.

The Debtors' claims agent shall be authorized and empowered to adjust the claims register according to this Stipulation.

This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by order of the Court.

Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.  The Court shall retain jurisdiction over any and all disputes arising out of this Stipulation.

| **FOR MOTORS LIQUIDATION COMPANY GUC TRUST BY GUC TRUST ADMINISTRATOR** | **CASMALIA RESOURCES SITE STEERING COMMITTEE** |
|---|---|
| By: /s/ David A. Vanaskey, Jr.<br>    David A. Vanaskey, Jr.<br>Title: Vice President | Bingham McCutchen LLP<br>By: /s/ Milissa A. Murray<br>    Milissa A. Murray<br>Title: Counsel to the CRSSC |
| Dated: July 8, 2011 | Dated: June 24, 2011 |

IT IS SO ORDERED.

Dated: **_August 2, 2011_**
       New York, New York

                                        **_s/ Robert E. Gerber_**
                                        United States Bankruptcy Judge