Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 09-50026(REG)

5   - - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7

8   MOTORS LIQUIDATION COMPANY, et al.

9   f/k/a General Motors Corporation, et al.,

10

11              Debtors.

12

13  - - - - - - - - - - - - - - - - - - - - - - -x

14

15              United States Bankruptcy Court

16              One Bowling Green

17              New York, New York

18

19              July 13, 2011

20              10:47 AM

21

22

23  B E F O R E:

24  HON. ROBERT E. GERBER

25  U.S. BANKRUPTCY JUDGE

1

2     HEARING re General Motors LLC's Motion to Supplement Order

3     Enforcing 363 Sale Order with Respect to Products Liability

4     Claim and Discovery Requests of Dr. Terrie Sizemore

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25     Transcribed by:  Shelia Watkins

1

2   A P P E A R A N C E S :

3   WEIL, GOTSHAL & MANGES LLP

4        Attorneys for New GM

5        767 Fifth Avenue

6        New York, NY 10153

7

8   BY:  STEPHEN KAROTKIN, ESQ.

9

10  TELEPHONICALLY:

11  TERRIE SIZEMORE, In Propria Persona

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MOTORS LIQUIDATION COMPANY, et al.

1                    P R O C E E D I N G S

2            THE CLERK:  All rise.  Have your seats, please.

3            THE COURT:  Okay.  Motors Liquidation formerly known

4     as General Motors.  Let me get appearances both here in the

5     Courtroom and on the phone.

6            MR. KAROTKIN:  Good morning, Your Honor, Steven

7     Karotkin, Weil, Gotshal & Manges, for New GM.

8            THE COURT:  Okay, Mr. Karotkin.  Ms. Sizemore, are

9     you on the phone?

10           MS. SIZEMORE:  Yes, I am.

11           THE COURT:  All right.  Folks, I've read both sides'

12    papers.  I think I understand the issues, but I'm not sure from

13    reading your response, Ms. Sizemore, that you do.

14           As a result, I'm going to ask Mr. Karotkin to make

15    his argument explaining what is bothering New GM, presumably

16    focusing in particular on the ruling by Judge Morero, which at

17    least seemingly is quite relevant here, and where I did not see

18    in your response any attention to that, Ms. Sizemore.  And I'll

19    hear what you have to say, Ms. Sizemore, but I am very troubled

20    by what you've made New GM go through in light of orders which

21    at least seemingly are quite clear and rulings by Judge Morero

22    which are quite clear, apart from issues arising from my own

23    orders.  But I'll hear what both sides have to say starting

24    with you, Mr. Karotkin.

25           MR. KAROTKIN:  Thank you, Your Honor.  I will be very

Page 5

1    brief and I think that our pleadings are very clear.  I think

2    that by the comments you've made you obviously understand the

3    situation.

4              The relief we are seeking, Your Honor, and I'd just

5    like to -- the record to note that we understand that Dr.

6    Sizemore is appearing pro se, and we're certainly not trying to

7    take advantage of that situation, and we tried to be very

8    patient in these proceedings.  But at the same time, this

9    litigation has to come to an end.  And as you may recall, in

10   your original order when you enjoined Dr. Sizemore from

11   proceeding with her action and proceeding with discovery in

12   connection with that action against New GM, you indicated that

13   you wouldn't require that that action be formally dismissed

14   until the Campbell appeal, which was an appeal of your section

15   363 order with respect to the original sale of General Motors

16   to New GM, was determined because that issue had raised issues

17   in connection with product liability suits and whether your

18   ruling in the contract on that matter would stand.

19             And as we indicated in our pleadings, the Campbell

20   appeal has been finally disposed of.  It is final and

21   consistent with the order that you entered initially with

22   respect to the Sizemore action as well as three or four other

23   actions that were determined at the same time.  You stated in

24   that order, and I quote, "In the event the 363 sale order is

25   not altered on appeal, after the Campbell appeal has been

Page 6

1   exhausted, New GM may file a motion with this Court for a

2   supplemental order requiring Dr. Sizemore to dismiss New GM

3   from the Sizemore action with prejudice, and to continue to

4   stop Dr. Sizemore from any other further prosecution of the

5   Sizemore action against New GM, or otherwise pursuing any of

6   the claims asserted in the Sizemore action against New GM in

7   any other action, forum, proceeding, or otherwise."

8           And after the Campbell appeal was determined, Your

9   Honor, and again finally disposed of, we went back to Dr.

10  Sizemore, notified her of that fact, and asked her to

11  voluntarily dismiss her action as against New GM with

12  prejudice; and she declined to do so, requiring us to come to

13  you with this motion consistent with your order, and I might

14  add against entirely consistent with Judge Morero's order on

15  appeal -- on the appeal that Dr. Sizemore had taken with

16  respect to your initial order.  And he again was very clear,

17  and we cited in our pleadings that -- you know, it's on page 4

18  of our pleadings that it's time for this to come to an end, and

19  that's all we're asking for.  We're asking that this now come

20  to an end, that your order be finally and fully enforced in

21  view of the fact that the Campbell appeal has been disposed of,

22  and that we move on and don't have to deal with this issue

23  anymore.

24          And that's simply where we are.  If you have any

25  questions, I'm happy to answer them.

Page 7

 1             THE COURT:  No, thank you.  Dr. Sizemore?

 2             MS. SIZEMORE:  Yes.  Hello?

 3             THE COURT:  I'll hear your argument.  And in

 4     particular, I need you to address Judge Morero's ruling.

 5             DR. SIZEMORE:  Okay.  I believe that I -- well, I

 6     thought I did.  I apologize, I don't have my computer fired up

 7     with the information, but Judge Morero -- you know, I don't

 8     know how to say it respectfully that he respects you as a

 9     Judge, which I would, you know, understand.

10             And so sometimes -- I still didn't see legal

11     conclusion that he based a decision with the -- not the product

12     liability.  The difficulty that I have with the situation is

13     General Motors' attorneys and everyone appears to combine the

14     two issues, and they're separate.  And I am at a complete loss

15     as to how to separate them because I am not disputing the

16     product liability issue, but Judge Morero came to the

17     conclusion that, well, if you're not allowed to do product

18     liability, then you're not allowed to ask questions.

19             Well, I'm -- I still have never seen -- when I saw

20     you a year ago, and you asked me to present law to you

21     regarding the product liability issue, I was at a complete loss

22     because what went through my mind was I just couldn't even

23     imagine that there could be a law that would allow me to

24     disrespect your order regarding product liability.  But I

25     have -- when I was leaving New Jersey that day I called, "you,"

Page 8

```
 1    on quotes, because I was, you know, just completely off -- you

 2    know, caught off guard when you included the action for

 3    discovery because I've rerun through transcript, and when I

 4    brought up the issue of the action to discovery, you kind of

 5    insinuated I was derailing the train there, getting it back off

 6    track with bankruptcy issues, and that wasn't the bankruptcy

 7    issue that's product liability was.  So when that conclusion

 8    happened, I called your chambers and spoke to your law clerk on

 9    my way out of town back home, and I said I'm a little confused

10    as to what law it was -- or what rule it was based on with the

11    action for discovery.  And he declined a response to me.

12              And I think that, in all honesty, it appears to me

13    that General Motors is not in compliance with your order, not

14    based on product liability, but the information that I put in

15    my brief about the MPA wasn't entered fraudulently, and that

16    they are to do business as usual; and article 6 covenant,

17    section 6.1 says access to information and 6.2 says the conduct

18    of business using -- use reasonable best efforts to preserve

19    the ordinary care of business with respect to customers,

20    suppliers, the significant business dealings, and talking about

21    the preservation of records, reasonable access to records,

22    especially parties, and helping litigants.  Well, I may not

23    have been able to put General Motors, but I know that there's a

24    rule sheet for this vehicle.

25              I know -- I contend that they've already given me
```

MOTORS LIQUIDATION COMPANY, et al.

Page 9

1    some information.  So, the action for discovery was filed prior

2    to the product liability action that I mistakenly put General

3    Motors down on, and there's been no argument pled whatsoever

4    that that action for discovery violated a bankruptcy law order.

5    And I know that the Supremacy Act allows you as the federal

6    court to prevail over state courts; but I also understand that

7    if there's no federal law and there's no provision in this MPA

8    or the sale agreement that prohibits an action for discovery on

9    the purchasing party that I haven't violated that.  And I -- if

10   I thought I violated your order again I would own up to that,

11   and I -- I don't know what to say.

12        I've looked through the whole transcript, and every

13   part of it and every part of the MPA refers to product

14   liability, and it refers to the one action that I filed, but

15   not the action for discovery that I filed.  And had they -- and

16   some of them is public record.  I mean General Motors'

17   attorneys in the transcript state that the newspapers across

18   the nation published the bankruptcy information, so it wasn't

19   secret that General Motors went into bankruptcy.

20        And I had already made a mistake in Ohio court, and I

21   feel that the action for discovery was logical; it was

22   intelligent.  It was reasonable; it was legal for me to

23   approach the New GM and say, hey, I need some questions

24   answered, so I don't make more mistakes.  And now I'm kind of

25   in conflict with your Court by saying, well, you couldn't sue

09-50026-mg   Doc 10656   Filed 07/15/11   Entered 08/04/11 13:52:51   Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 10 of 23

Page 10

1    them for product liability; so, Judge Morero said that you

2    couldn't sue for product liability; you can't ask them any

3    questions about it.  But I paid them my five thousand dollars

4    or whatever.  You go and I look at the consumer laws and I look

5    at the revised laws that allow me an action for discovery, and

6    civil rule 34 that allows if you're filing discovery.

7            And there were other parties:  there was the airbag

8    supplier, the black box people -- I have pictures that state

9    that there was a class 2 malfunction.  I contend that the

10   action key clutch isn't even correct in the report that I was

11   given by General Motors.  So, when you talked about the plain

12   language of a contract that General Motors entered into, the

13   purchaser and the seller, they all said that they would allow

14   me access to that information.

15           And so the incidents of -- you know, I consider fraud

16   not only a misrepresentation but a concealment of material

17   facts.  And I understand I'm not an attorney and I appreciate

18   Mr. Karotkin's extension of, you know, grace there, but I'm

19   also not an engineer, and that hurts me worse when I try to

20   navigate through this process.  And there are consumer

21   protection laws here, and I'm sure federally that I can

22   identify specific ones that allow me information, but I'm

23   pretty sure you know about them.

24           General Motors has failed to provide an actual law

25   that states -- the New GM, this is a bankrupt party, so it's

MOTORS LIQUIDATION COMPANY, et al.

Page 11

1    not like I'm asking for information from Motors Liquidation who

2    is the bankrupt party and I'm trying to get an action against

3    them when there's no actions allowed any longer.  But according

4    to your order, I'm entitled to the information, that I'm a

5    consumer; I was allowed.  And I tried to do that legally and

6    justifiably.  And they're like, no, we don't want any part of

7    that.

8           And the General Motors' attorneys put in their briefs

9    to Judge Morero that whereas the plaintiffs should be given

10   their plain meanings, but they appear to twist those words just

11   to benefit themselves.  And the only plea -- I mean I -- you're

12   all I have.  You know, all I have is the Court because they

13   have not voluntarily given me this.

14          They've sent me letters that said we gave you

15   everything you asked for, which I contend is untrue.  So if

16   they didn't have to give me information, they have given me

17   some.  So now that I think they've given me the wrong

18   information, concealed material facts, when I was before you a

19   year ago I asked you if fraud and negligence violated your

20   bankruptcy orders.  You stated that you couldn't give me legal

21   advice, but I contend that that's public record for the terms

22   of bankruptcy.

23          And I don't want to make more mistakes and I offered

24   to settle this for a fifth of what I originally asked for just

25   to have everybody go home and stop fighting.  And I feel that

Page 12

1    my issues were valid.  And when General Motors declined, you

2    know, settling that with me -- all I've ever asked for was a

3    fight.  And in a fair fight with -- I believe I was entitled to

4    that information, and all of the documents indicate that the --

5    what I violated had to do with my product liability action, and

6    the two separate issues that I can't seem to have separated.

7           And Mr. Karotkin mentioned that they asked me to

8    voluntarily withdraw the parties, and my understanding after

9    our February conversation was that I wasn't permitted to

10   withdraw those parties until we had this motion, and this

11   hearing, and order was rendered again.  And I realize that last

12   August that Mr. Jakubowski or whatever his name was for the

13   Campbell party intended to withdraw their appeal.  So the stay

14   that you granted -- and I've had to fight with the Ohio

15   attorney here for a whole year while I'm sure that all General

16   Motors' attorneys understood the terms of their order.

17          And the Ohio attorney said to the Ohio courts that

18   their order didn't have to do with their courts, and your order

19   didn't have to do with my discovery.  And you know, I consider

20   those kind of, you know, questionable things to have said to

21   the Court, but I don't know how to plead with you that I

22   understand the product liability mistakes that I made; but I

23   truly don't believe that I made a mistake regarding the action

24   for discovery, and I truly don't believe that General Motors'

25   counsel has presented you a legal basis for the relief

MOTORS LIQUIDATION COMPANY, et al.

Page 13

1    regarding that issue.  And even today he hasn't done that.

2    They failed to provide a law.  They failed to locate one part

3    of the bankruptcy documents that prohibit an action for

4    discovery.  They failed to provide in the transcript where we

5    discussed issues of the action for discovery, basically.

6           And I didn't mean to make them have to do anything.

7    In fact, as far as I know, they didn't actually have to do

8    anything until they filed their brief motion again, which was

9    over eight months and them doing that.  So I don't know what

10   else -- and actually in a hearing that I had in Ohio court on

11   June 7th -- or July 7th, General Motors' attorney affirmatively

12   stated that they thought that I had a case for fraud and

13   negligence and should just file that without even doing an

14   action for discovery based on those issues.  But I still think,

15   you know, even if I have a case for something, I think jumping

16   into the fire is not a good idea.

17          And I think that clearing up some things that I'm

18   legally allowed to clear up prior to filing any -- or

19   misfiling.  Because if General Motors had answered that action

20   for discovery, I'd have never placed them down on the product

21   liability, and I think that's pretty clear.  And those are

22   issues that Judge Morero did not address, and he did not

23   provide a federal law that says the purchasing party doesn't

24   have to give you any information based on product made prior to

25   the closing date.  Because your order says that it would, it

MOTORS LIQUIDATION COMPANY, et al.

Page 14

1    seems clear to me that I would have access to that information.

2         THE COURT:  All right.  Thank you, Ms. Sizemore --

3         DR. SIZEMORE:  And I --

4         THE COURT:  -- Dr. Sizemore.

5         DR. SIZEMORE:  -- apologize if I've said

6    something for the 15th time.

7         General Motors' attorneys referred me to a paragraph

8    47, I believe, in one of the documents, and I'm not sure if

9    it's in the sale order or the purchase agreement, about actions

10   against General Motors, but it references actions based on

11   claims and claims of liability.  It does not clearly state that

12   an action for discovery to perfect a claim against another

13   party is prohibited by your order.  The plain language of your

14   order does not prohibit that for me, and that's where my issue

15   is --

16        THE COURT:  All right.  I understand --

17        DR. SIZEMORE:  -- today.

18        THE COURT:  -- that, Dr. Sizemore.  All right.  Mr.

19   Karotkin, any reply?  Any desire to reply

20        MR. KAROTKIN:  No, Your Honor.  Again, I think that

21   Judge Morero -- Judge Morero's ruling, which was not appealed,

22   again, at 439 B.R. ed. 341, he says where an order prohibits,

23   as the 360 sale -- 363 sale order does here, a particular class

24   of claims from being brought against a legal entity, it is

25   undoubtedly understood to also prohibit an action for discovery

09-50026-mg   Doc 10656   Filed 07/15/11   Entered 08/04/11 13:52:51   Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 15 of 23

Page 15

1   with respect to that class of claims from being brought against

2   that same entity.

3           THE COURT:  All right.

4           MR. KAROTKIN:  As I said, we think it's finished.

5           DR. SIZEMORE:  Well, he says that it's undoubtedly,

6   and there's two --

7           THE COURT:  Well, Miss -- Dr. Sizemore, this isn't

8   the English Parliament:  you don't interrupt your adversary --

9           DR. SIZEMORE:  I'm sorry.

10          THE COURT:  -- and we don't have a back and forth.

11  There is an opening argument; there is a response.  And I let

12  you talk quite a long time --

13          DR. SIZEMORE:  Okay.

14          THE COURT:  -- and then Mr. Karotkin was in the

15  middle of his reply or maybe he was nearing the end of his

16  reply when you interrupted him.

17          MR. KAROTKIN:  I'm finished, Your Honor.  Thank you.

18          THE COURT:  All right.  Okay.  Now, I can and must

19  rule.

20          In my ruling, and I recognize that you're not a

21  lawyer, Dr. Sizemore, which is why I'm not imposing sanctions,

22  and why I'm going to say things that are quite obvious, is my

23  ruling is this has gone on much too long, and it's been

24  abusive, and it's got to stop.  And I am ruling once again that

25  no further litigation of any kind whether to collect money or

MOTORS LIQUIDATION COMPANY, et al.

Page 16

1    for discovery can proceed against New GM.  And though the

2    reasons are or I think should be obvious, I'm going to repeat

3    them now.

4            Back a year ago, on July 1st, 2010, I issued an order

5    enjoining Dr. Sizemore from taking or pursuing any further

6    action against New GM, including any discovery, and I said that

7    in explicit terms pending final disposition of the appeal in

8    the 2nd Circuit brought by the Campbell litigants.  And the

9    reason for that was that while this litigation was absolutely

10   prohibited, I recognize the possibility that even though I had

11   ruled that the litigation couldn't proceed, and the district

12   court had affirmed me, the Campbell litigants had brought an

13   action in the 2nd Circuit, and that I didn't want to prejudice

14   you, Dr. Sizemore, if the 2nd Circuit were to reverse the -- me

15   in the district court; but the 2nd Circuit didn't reverse me,

16   or the district court.  And my July 1st, 2010 order also

17   provided that in the event the 363 sale order is not altered on

18   appeal after the Campbell appeal has been exhausted, New GM

19   may file a motion with this court for a supplemental order

20   requiring Dr. Sizemore to dismiss New GM from the action that

21   Dr. Sizemore had brought with prejudice, and to continue to

22   block Dr. Sizemore from any further prosecution of the Sizemore

23   action against New GM or otherwise pursuing any of the claims

24   asserted in the Sizemore action against New GM in any other

25   action, forum, proceeding, or otherwise.

09-50026-mg   Doc 10656   Filed 07/15/11   Entered 08/04/11 13:52:51   Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 17 of 23

Page 17

1        Now, Dr. Sizemore, you've said a number of times in

2   your written pleadings and again today, "But this is only for

3   discovery."  Well, that is not a satisfactory basis from

4   sidestepping my order.  Judge Morero expressly ruled at 439

5   B.R. 339, among other things, Dr. Sizemore may not sue New GM.

6   That was at page 341.  And he went on to say where an order

7   prohibits, as the 363 sale order does here, a particular class

8   of claims from being brought against a legal entity, it is

9   undoubtedly understood to also prohibit, and quote, "action for

10  discovery," quote, with respect to that claims from being

11  brought against that same entity.  And I was reading from pages

12  341 and 342.

13        Dr. Sizemore, we have a rule of law called res

14  judicata, which means that after something has been litigated,

15  that matter is decided, unless it's reversed on appeal.  Judge

16  Morero's ruling is res judicata:  he has ruled on the exact

17  issue you're raising here and he has ruled against you.  So as

18  I said, the only reason, frankly, that I'm being nice about it

19  is because you're not a lawyer.

20        It is time to bring this to an end.  It must be

21  brought to an end, and I am issuing the order in the exact form

22  New GM asked for it with only two modifications.  One is that

23  where the order, the proposed order, says, and I need to find

24  it, on --

25        DR. SIZEMORE:  Can I ask Your Honor another --

09-50026-mg    Doc 10656    Filed 07/15/11    Entered 08/04/11 13:52:51    Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 18 of 23

Page 18

1          THE COURT:  -- page --

2          DR. SIZEMORE:  -- question?

3          THE COURT:  -- 2, in the parenthetical where it

4    says, "including any discovery," those words are to be put in

5    boldface and underlined; secondly, it is to add a paragraph

6    just before the last one that says, "Ordered," comma, "for the

7    avoidance of doubt," comma, "that this order shall not be

8    collaterally attacked in any other court," comma, "state or

9    federal," comma, "and it shall be reviewed only by a higher

10   court in the 2nd Circuit," semicolon, "and it is further," and

11   then it will flow to the final paragraph of this order.

12          Dr. Sizemore, I well understand how bankruptcy can be

13   harsh on individual litigants.  Believe me, I considered your

14   contentions the first several times you made them, but with

15   respect, enough is enough.

16          DR. SIZEMORE:  Well, may I --

17          THE COURT:  And your litigation must now come to a

18   halt.  Doctor --

19          DR. SIZEMORE:  May I ask --

20          THE COURT:  -- Sizemore, your time to appeal this

21   order will run from the time of entry of the slightly revised

22   order that New GM gives me.  Nothing is to be brought anywhere

23   unless you choose to appeal it to the District Court of the

24   Southern District of New York.  Do I make myself clear?

25          DR. SIZEMORE:  Well, I understand you, but I have a

Page 19

1    couple more questions.

2           THE COURT:  I can't give you legal advice.  If there

3    is an uncertainty as to what I said and what my ruling is, I'll

4    allow you to ask and then decide whether I should answer them.

5           DR. SIZEMORE:  Okay.  I have two questions.  Are you

6    stating that you're not permitting me to bring legal action

7    against any party for product liability even if it's the

8    supplier or a manufacturer of a part?

9           THE COURT:  I'm ruling vis-à-vis New GM and I'm

10   enforcing my earlier order.  I don't remember what I said in my

11   earlier orders.  I am not going beyond what I said in my

12   earlier orders, but what I am saying is I meant it when I

13   issued those earlier orders, and those earlier orders continue

14   to be in place.

15          DR. SIZEMORE:  I understand that in your order you

16   talked about any incident, occurrence, or event that happened

17   after -- see, I guess what GM is saying is that they can do

18   whatever they want to at this point because if the issue has

19   anything to do with product liability that happened prior to

20   the closing date, they bear no liability even though the law

21   allows me remedy for conduct that's happened after the closing

22   date.  And it appears to me that the Court is dismissing their

23   actions that have happened after the closing date because they

24   relate somehow to product liability that happened prior to the

25   closing date.

09-50026-mg    Doc 10656    Filed 07/15/11    Entered 08/04/11 13:52:51    Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 20 of 23

Page 20

1          THE COURT:  Don't paraphrase orders, Dr. Sizemore.

2     The orders say what they say.  I don't think General Motors

3     asked me for permission to do anything it wants to; it asked me

4     to enforce my earlier orders.

5          And I am trying to speak very quietly and not to lose

6     my temper, but you're pushing me, Dr. Sizemore.

7          DR. SIZEMORE:  Well, I apologize.  That's not my

8     intent.  This has been something very frustrating for me as

9     well, and I apologize to you, but everything I've understood,

10    some of it has been confusing and some of it doesn't appear to

11    match what I've read.

12         THE COURT:  Well, I don't remember the exact words I

13    issued in those past orders.  If you remember them, Mr.

14    Karotkin --

15         DR. SIZEMORE:  I remember --

16         THE COURT:  -- I'll accept your memory of them, but

17    ultimately neither Mr. Karotkin's memory of what I previously

18    ordered nor yours, Dr. Sizemore, controls; it's what I said in

19    those prior orders in writing, and as to which Judge Morero

20    affirmed me.  Mr. Karotkin, can you be of help in this, or is

21    your recommendation that we simply read the earlier orders?

22         MR. KAROTKIN:  My recommendation is that we read the

23    earlier order.  I think it's very clear.

24         THE COURT:  Okay.  All right, then.  We're adjourned.

25    Everybody have a nice day.

Page 21

1          MR. KAROTKIN:  Thank you, Your Honor.  We'll submit a

2    revised order.

3          THE COURT:  I'm sorry?

4          MR. KAROTKIN:  We -- I'm sorry.  We will submit a

5    revised order consistent with your ruling.

6          THE COURT:  Very well.  Have a good day.

7          MR. KAROTKIN:  Thank you, sir.

8       (Whereupon these proceedings were concluded at 11:18 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 22

1

2                          **I N D E X**

3

4                         **R U L I N G S**

5    **DESCRIPTION**                                    **PAGE**      **LINE**

6    General Motors LLC's Motion to Supplement          15          20

7    Order Enforcing 363 Sale Order with Respect

8    to Products Liability Claim and Discovery

9    Requests of Dr. Terrie Sizemore Granted.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 23

1

2                        C E R T I F I C A T I O N

3

4    I, Shelia Watkins, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6    Shelia          Digitally signed by Shelia Watkins
                      DN: cn=Shelia Watkins, o, ou,
                      email=digital1@veritext.com,
                      c=US
7    Watkins         Date: 2011.07.15 13:40:26 -04'00'

8    SHELIA WATKINS

9

10   Veritext

11   200 Old Country Road

12   Suite 580

13   Mineola, NY 11501

14

15   Date:  July 15, 2011

16

17

18

19

20

21

22

23

24

25