**PRESENTMENT DATE AND TIME: August 26, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE:  August 26, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :    09-50026 (REG)
     f/k/a General Motors Corp., et al.       :
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF PROPOSED SUPPLEMENTAL**
**ORDER GRANTING 210TH OMNIBUS OBJECTION TO CLAIMS**

PLEASE TAKE NOTICE that a hearing on the 210th Omnibus Objection to claims (Claims for Equity Interests), dated February 24, 2011 (ECF No. 9447), was held on July 27, 2011 at which time the Court granted the relief requested with respect to the claims of Dennis and Jill Gallaher (Claims Nos. 70943 and 70970) and ordered that the claims be disallowed and reclassified as an equity interest.

PLEASE TAKE FURTHER NOTICE that, consistent with the relief granted at the hearing, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), will present the attached proposed Supplemental Order Granting 176th Omnibus Objection to Claims (the "**Proposed Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for

US_ACTIVE:\43776831\01\72240.0639

entry on **August 26, 2011 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any objections to the entry of the Proposed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to the Judge's Chambers at One Bowling Green, New York, New York 10004-1408), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (iv) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (v) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (vi) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips), so as to be received no

later than **August 26, 2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Proposed Order, the GUC Trust may, on or after the Objection Deadline, submit the Proposed Order to the Bankruptcy Court, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
        August 9, 2011

        /s/ Joseph H. Smolinsky
        Harvey R. Miller
        Stephen Karotkin
        Joseph H. Smolinsky

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Motors Liquidation
          Company GUC Trust

**PRESENTMENT DATE AND TIME: August 26, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE:  August 26, 2011 at 11:30 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                                           :      **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :      **09-50026 (REG)**
    f/k/a **General Motors Corp.**, *et al.*       :
:
                                        **Debtors.**            :      **(Jointly Administered)**
:
------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING**
**DEBTORS' 210TH OMNIBUS OBJECTION TO CLAIMS**
**(Claims for Equity Interests)**

Upon the 210th omnibus objection, dated February 24, 2011 (ECF No. 9447) (the "**210th Omnibus Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), filed pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order that disallowing and reclassifying the Subject Proofs of Claim as an equity interest, all as more fully described in the 210th Omnibus Objection; and due and proper notice of the 210th Omnibus Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the response to the 210th Omnibus Objection to Claims filed by Dennis and Jill Gallaher (ECF No. 9827), the reply of the Motors Liquidation Company GUC Trust ("**GUC Trust**")[2] to the response (ECF No. 10451), and the failure of the claimants to appear at the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 210th Omnibus Objection.

[2] By operation of the Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9836), the GUC Trust has superseded the Debtors as the party responsible for reconciling general unsecured claims.

US_ACTIVE:\43776831\01\72240.0639

hearing on the 210th Omnibus Objection to Claims on July 27, 2011 (the "**Hearing**"); and the Court having found and determined that the relief sought in the 210th Omnibus Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 210th Omnibus Objection establish just cause for the relief granted herein; and upon the findings of fact and conclusions of law set forth by this Court at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the 210th Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Subject Proofs of Claim listed on Exhibit "A" annexed hereto (the "**Order Exhibit**") are disallowed and reclassified as equity interests; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 210th Omnibus Objection that are not disallowed pursuant to this Order, and any of the claims for equity interests that are reclassified as equity interests; and it is further

ORDERED that the time for a claimant to seek an appeal from the entry of this Order shall begin to run from the date this Order is entered as opposed to the date of the Hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

210th Omnibus Objection **Exhibit A** Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

**CLAIMS TO RECLASSIFY**

*CLAIMS TO RECLASSIFY*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DENNIS & JILL GALLAHER<br>18160 CLEAR SPRING LANE<br>EDEN PRAIRIE, MN 55347 | 70943 | Motors Liquidation Company | $5,585.95 | Equity Interest Claim | Pgs. 1-5 |
| DENNIS & JILL GALLAHER<br>18160 CLEAR SPRING LANE<br>EDEN PRAIRIE, MN 55347 | 70970 | Motors Liquidation Company | $5,585.95 | Equity Interest Claim | Pgs. 1-5 |

*CLAIMS TO RECLASSIFY* 2

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1