**PRESENTMENT DATE AND TIME:** Tuesday, August 23, 2011 at 12:00 p.m. noon (Eastern Time)
**OBJECTION DEADLINE: Tuesday, August 23, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                              :     **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :     **09-50026 (REG)**
   **f/k/a General Motors Corp.,** *et al.*    :
:
                                **Debtors.**         :     **(Jointly Administered)**
:
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER**
**BETWEEN THE MOTORS LIQUIDATION COMPANY**
**GUC TRUST AND CHARLES FRANCIS KAYSER**
**PROVIDING FOR LIMITED MODIFICATION OF THE**
**AUTOMATIC STAY AND THE PLAN INJUNCTION**

**PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust the

"**GUC Trust**") will present the annexed Stipulation and Agreed Order Between GUC Trust, on

the one hand, and Charles Francis Kayser, on the other hand, Providing for Limited Modification

of the Automatic Stay and the Plan Injunction (the "**Stipulation and Order**") to the Honorable

Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of

the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy**

**Court**"), One Bowling Green, New York, New York 10004 on **Tuesday, August 23, 2011 at**

**12:00 p.m. noon (Eastern Time)**.

US_ACTIVE:\43656255\08\72240.0639

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable

document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with

the customary practices of the Bankruptcy Court and General Order M-399, to the extent

practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal &

Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153

(Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the

Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370,

Birmingham, Michigan  48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for

Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as

Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York,

10166 (Attn:  Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as

the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite

500, Atlanta, Georgia  30309 (Attn:  Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for

the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th

Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P.

Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas

78703; and (xvi) Larry F. Woods, Esq., attorney for Charles Francis Kayser, 24 N. Frederick

Avenue, Oelwein, Iowa  50662-1735, so as to be received no later than **Tuesday, August 23,**

**2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Stipulation and Order, the GUC Trust may, on or after the Objection

Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 18, 2011


                                        /s/ Joseph H. Smolinsky
                                       Harvey R. Miller
                                       Stephen Karotkin
                                       Joseph H. Smolinsky

                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007
                                       Attorneys for the Motors Liquidation
                                       Company GUC Trust

PRESENTMENT DATE AND TIME: Tuesday, August 23, 2011 at 12:00 p.m. noon (Eastern Time)
OBJECTION DEADLINE: Tuesday, August 23, 2011 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                        :

**In re**                             :         **Chapter 11 Case No.**
                        :

**MOTORS LIQUIDATION COMPANY,** *et al.***,**  :        **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                        :

                  **Debtors.**     :         **(Jointly Administered)**
                        :
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE**
**DEBTORS AND CHARLES FRANCIS KAYSER**
**PROVIDING FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one

hand, and Charles Francis Kayser, on the other hand (the "**Plaintiff,**" and together with the GUC

Trust, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this

Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

**RECITALS**

A.      On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company

(f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), commenced voluntary cases

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United

States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.        Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into

effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any

judicial action or proceeding against the Debtors that could have been commenced prior to the

Commencement Date (the "**Automatic Stay**").

C.        A lawsuit styled *Charles Francis Kayser and Terri Kayser v. Daniel Sullivan*

*Elam Miller, et al.*, Case No. LACV 102738 (the "**Action**"), is currently pending in the District

Court of Iowa in and for Black Hawk County (the "**Iowa State Court**"), and has been stayed

since the Commencement Date pursuant the Automatic Stay.

D.        On October 5, 2009, Plaintiff filed proof of claim number 4452 (the "**Proof of**

**Claim**") relating to the Action asserting an unsecured claim in the amount of $60,000,000.

E.        On February 23, 2010, this Court entered the Order Pursuant to 11 U.S.C.

§ 105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implication of Alternative

Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 5037).[1]

F.        Pursuant to the ADR Order and the ADR Procedures, Plaintiff proposed to cap the

Proof of Claim for all purposes in the amount of $9,750,000, which amount was accepted by the

Debtors.[2]

---

[1] The ADR Order and ADR Procedures were subsequently amended by the Court on October 25, 2010 (ECF No. 7558).

[2] The ADR Order provides a mechanism whereby the Debtors can designate a claim for mediation by requesting that a claimant "cap" his or her claim at a fixed amount.  Specifically, the ADR Order states that "if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimants, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap." Accordingly, once this "cap" is accepted by the Debtors, the claimant is forever barred from seeking recovery above such "cap."

G.      Pursuant to the ADR Order and the ADR Procedures, Plaintiff and the Debtors participated in Offer Exchange Procedures (as defined in the ADR Procedures), but were unable to resolve the Proof of Claim through the Offer Exchange Procedures.  Thus, the Proof of Claim is an "Unresolved Designated Claim" pursuant to the ADR Order and the ADR Procedures.

H.      The ADR Order and the ADR Procedures provide that if an Unresolved Designated Claim cannot be adjudicated in the Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction, litigation of such Unresolved Designated Claim shall proceed in the nonbankruptcy forum were the Unresolved Designated Claim was pending on the date the Debtors commenced their respective voluntary chapter 11 cases, subject to the Debtors' right to seek removal and/or transfer of venue.  (*See* ADR Procedures § II.E.3; ADR Order at 6.)

I.      On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of  Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) transferred certain claims pending against MLC to the GUC Trust, (iv) authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates, and (v) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in

accordance with the Plan (the "**Plan Injunction**").  (See Confirmation Order ¶ 54.)  The Proofs

of Claim were among the claims transferred to the GUC Trust.

J.        Pursuant to the ADR Order and the ADR Procedures, Plaintiff and the GUC Trust

wish to modify the Automatic Stay and the Plan Injunction solely to the extent necessary to

permit the liquidation of the amount of the Proof of Claim through litigation of the Action in the

Iowa State Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue.

NOW, THEREFORE, the Parties, by and through their undersigned counsel, do

hereby agree as follows:

**STIPULATION AND ORDER**

1.        Upon entry of an order of the Court approving this Stipulation and Order, the

Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to enable

the Action to proceed to final judgment or settlement.  Pursuant to the ADR Order and the ADR

Procedures, the Action shall proceed in the Iowa State Court, subject to the Debtors' and/or the

GUC Trust's rights to seek removal and/or transfer of venue, or in such other forum as

determined by the Court on request of the Debtors and/or the GUC Trust.  Pursuant to the ADR

Order and the ADR Procedures, any final judgment in the Action and, thus, distribution of any

amount of the Proof of Claim shall be subject to treatment under the Plan and shall be treated as

a general unsecured nonpriority claim against the Debtors identified in any judgment, unless

otherwise determined and ordered by this Court.

2.        Except as provided in Paragraph 1 above, the provisions of the Automatic Stay,

the Plan Injunction, or any provision or injunction created in connection with confirmation of the

Plan and the order confirming the Plan, including, without limitation, those provisions

prohibiting execution, enforcement or collection of any judgment that may be obtained against

the Debtors, and/or the GUC Trust, and/or assets or property of the Debtors' estates (as defined

in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.      Nothing contained herein shall be deemed or construed as an admission of

liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the

Action reserve the right to assert any and all defenses in the Action.

4.      This Court shall retain jurisdiction and shall be the exclusive forum to resolve any

disputes or controversies arising from or relating to this Stipulation.

5.      This Stipulation and Order is subject to the approval of the Court.  If this

Stipulation and Order is not approved by the Court, this Stipulation and Order shall by deemed

null and void, and shall not be referred to or used for any purpose by any party including in

either these chapter 11 cases or the Action.

6.      This Stipulation and Order sets forth the entire understanding of the Parties with

respect to the matters set forth herein and may not be modified or amended except by a writing

signed by the Parties and/or their counsel, and approved by the Court.  The Parties have

independently verified all facts and/or conditions of facts that they have determined are

necessary to their decision to enter into this Stipulation and Order, and they have not relied upon

any representations, written or oral, express or implied, of any other person in verifying and

satisfying themselves as to such facts and/or conditions of facts.

7.      The Parties represent and warrant to each other that the signatories to this

Stipulation and Order have full power and authority to enter into this Stipulation and Order and

to bind the Parties.

Dated: August 18, 2011


/s/ Larry F. Woods                          /s/ Joseph H. Smolinsky
Larry F. Woods, Esq.,                       Harvey R. Miller
24 N. Frederick Avenue                      Stephen Karotkin
Oelwein, Iowa  50662-1735                   Joseph H. Smolinsky
Telephone: (319) 283-3204                   Weil, Gotshal & Manges LLP
                                            767 Fifth Avenue
Attorney for Plaintiff                      New York, New York 10153
                                            Telephone: (212) 310-8000

                                            Attorneys for the Motors Liquidation
                                            Company GUC Trust


IT IS SO ORDERED.

Dated: New York, New York
              _____, 2011       _____
                                            THE HONORABLE ROBERT E. GERBER
                                            UNITED STATES BANKRUPTCY JUDGE