To the Clerk,

Please find enclosed 2 filings - with 2 copies - one for the Court + one Chambers copy for Judge Gerber. If I need to include anything else, please let me know.

Jeri Sizemore
440-241-3126

Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
                                      :
In re                                 :    Chapter 11 Case no.
                                      :
MOTORS LIQUIDATION COMPANY, et al     :    09-50026(REG)
    F/k/a General Motors Corp., et al.:
                                      :
              Debtors,                :    (Jointly administered)
                                      :
                                      :
                                      :
                                      :
_____:


## MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. sect. 105 ENFORCING 363 SALE ORDER AND ARMSPA ORDERING NEW GM TO COMPLY WITH TERMS AND PROVISIONS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

# TABLE OF CONTENTS

| | |
|---|---|
| Relief requested | Page 1 |
| Jurisdiction | Page 2 |
| Factual Background | Page 3 |
| New GM's failure to comply | Page 4 |
| Specific Relief Requested | Page 4 |
| The request should be granted | Page 7 |
| Notice | Page 10 |

The party who has signed below, Dr. Terrie Sizemore RN DVM, respectfully requests this Court enter an Order pursuant to 11 U.S.C. sect. 105 enforcing this Court's 363 Sale Order and ARMSPA as she respectfully presents the following:

## Relief Requested

1. On July 5, 2009, this Court entered that certain Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement (the ARMSPA) with NGMCO, Inc., (ii) Granting related Relief (docket no. 2968) (the "Sale Order").

2. Consistent with the foregoing, the 363 Sale Order and the ARMSPA specifically provides:

M. The MPA was not entered into and none of the Debtors, the Purchaser, or the Purchasers' present or contemplated owners have entered into the MPA or propose to consummate the 363 Transaction for the purpose of hindering, delaying, or defrauding the Debtors' present or future creditors. None of the Debtors, the Purchaser, nor the Purchaser's present or contemplated owners is entering into the MPA or proposing to consummate the 363 Transaction fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims whether under the Bankruptcy Code or under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to any of the foregoing. 2. *Section 5.1 Organization and Good Standing.* Purchaser is a legal entity duly organized, validly existing and in good standing under the Laws of its jurisdiction of incorporation. Purchaser has the requisite corporate power and authority to own, lease and operate its assets and to carry on its business as now being conducted.

3. **ARTICLE VI COVENANTS** Section 6.1 Access to Information
   *Section 6.2 Conduct of Business.* , (C) use reasonable best efforts to preserve in the Ordinary Course of Business and in all material respects the present relationships of Sellers and each of their Subsidiaries with their respective customers, suppliers and others having significant business dealings with them, (D) not take any action to cause any of Sellers' representations and warranties set forth in **ARTICLE IV** to be untrue in any material respect as of any such date when such representation or warranty is made or deemed to be made…
   6.23 of the MPA states: 'Preservation of Records, reasonable access to records…specifically 'parties shall take all reasonable best efforts to permit such disclosure…'

*Section 6.10 Litigation and Other Assistance.* In the event and for so long as any Party is actively contesting or defending against any action, investigation, charge, Claim or demand by a third party in connection with any transaction contemplated by this Agreement, the other Parties shall reasonably cooperate with the contesting or defending Party and its counsel in such contest or defense, make available its personnel and provide

such testimony and access to its books, records and other materials as shall be reasonably necessary in connection with the contest or defense, all at the sole cost and expense of the contesting or defending Party; provided,

3. Moreover, New York and Ohio attorneys for the "New" GM have failed to provide one authority, law, or provision of the the 363 Sale Order and the ARMSPA prohibiting disclosure of the following requested information, therefore rendering this Motion to enter an Order pursuant to 11 U.S.C sect. 105 enforcing the Orders valid.

4. By this Motion, as described more particularly below, Dr. Terrie Sizemore RN DVM, seeks to enforce the 363 Sale Order and the ARMSPA with respect to disclosure of information for her vehicle, VIN 1GCEC14T44Z232769.

5. Because the "New" GM has failed to abide by the 363 Sale Order and the ARMSPA, Dr. Sizemore's administration of justice has been and is being impeded. Dr. Sizemore requests the entry of an Order pursuant to 11 U.S.C. sect. 105 of the Bankruptcy Code (a) enforcing the 363 Sale Order and the ARMSPA, (b) Ordering the "New" GM to disclose the following requested information, and (c) Ordering "New" GM to comply with State laws they conduct business in now and in the future as necessary in litigation.

## Jurisdiction

6. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. sect. 157 and 1334, Paragraph 71 of the 363 Sale

Order, and Article IX, Section 9.13 of the MSPA. Specifically, the 363 Sale Order states that:

> This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of the Order, the M(S)PA, all amendments thereto… in all respects, including, but not limited to, retaining jurisdiction to ( c) resolve any disputes arising under or related to the M(S)PA… (d) interpret, implement, and enforce the provisions of this Order,….

### Factual Background

7. On June 26, 2009, General Motors Corporation (n/k/a Motors Liquidation Company) entered into the MSPA with New GM. On July 5, 2009, the Court entered the 363 Sale Order and the MPA.

8. Both the ARMSPA and the 363 Sale Order contain specific provisions with respect to retention and disclosure of information of product manufactured and sold prior to the closing date of the Chapter 11 Bankruptcy.

9. Indeed, the terms of the ARMSPA and the 363 Sale Order could not be clearer that the "New" GM is/was required to retain all information, disclose all information as requested, and assist any party in litigating matters of product manufactured and sold by General Motors Corporation-the Sellers as well as conduct business as usual and comply with all laws in each State doing business in. These specific areas have been included above.

10. Consistent with the foregoing, Dr. Sizemore respectfully requests the Court enter an Order Ordering the New GM to comply with the

provisions of the 363 Sale Order and the ARMSPA by providing the disclosure of the requested information that follows.

### New GM's failure to comply with disclosure requests is in Contravention of the 363 Sale Order and the ARMSPA

11. Since her vehicle's inspection by GM's field investigator Mr. Jon Ball on February 25, 2008, Dr. Sizemore has made repeated attempts to petition GM-Corporation and Company for information she is legally entitled to for her vehicle, VIN 1GCEC14T44Z232769.

12. Dr. Sizemore contends both the Old and New GM have refused to comply with laws in her State-as well as New GM has failed to comply with the terms of the 363 Sale Order and ARMSPA by refusing her her requested information or providing what she contends is fraudulent information.

13. Dr. Sizemore contends the refusal by New GM to comply with this Court's Order and the terms of the 363 Sale Order and ARMSPA constitute contempt and have and is impeding this litigants administration of justice in Ohio courts.

### Specific Relief Requested by Dr. Sizemore

14. Dr. Sizemore requests this Court Order the New GM to provide the following disclosure:

   a. The actual data collected by Mr. Jon Ball on February 25, 2008 for her vehicle, VIN 1GCEC14T44Z232769.

   b. List of all documents in file no. 643508 with ESIS Inc.

c. The location of the data collected by Mr. Jon Ball on February 25, 2008 for her vehicle, VIN 1GCEC14T44Z232769.

d. Contact information and permission to contact Mr. Jon Ball.

e. The names of all GM engineers who viewed the data collected by Mr. Ball on February 25, 2008 for her vehicle, VIN 1GCEC14T44Z232769.

f. Provide truthful statements if Dr. Sizemore's vehicle, VIN 1GCEC14T44Z232769 was in compliance with all Federal Regulations and Uniform Commercial Code laws.

g. The interpretation of the data and measurements collected (all information) by Mr. Ball on February 25, 2008 for her vehicle VIN 1GCEC14T44Z232769 in understandable language-including, but not limited to, explanation of a "Class II Malfunction," all interpretation of measurements obtained, photos obtained, including every item of information Mr. Ball collected.

h. Provide the date Mr. John Sprague's report was drafted and the source of the information he utilized to draft this report-including, but not limited to, information regarding the crash sequence.

i. Detailed information of New GM's relationship with ESIS Inc.- including all aspects of ESIS Inc's involvement with GM and product liability issues.

j. The build sheet for Dr. Sizemore's vehicle, VIN 1GCEC14T44Z232769- including specific location of airbag sensors.

k. Information regarding airbag parts suppliers-specifically which parties are truthful and legitimate parties as defendants in a products liability action. Dr. Sizemore contends New GM provided her with three parts manufacturers but failed to include contact information for these three parties. Dr. Sizemore contends there is a substantial possibility these three parts parties are not truthful or legitimate parties she would be permitted to list as defendants in an action for products liability.

l. Provide the reasons New GM refers any and all information requests to the party named, ESIS Inc. when information is requested.

m. Provide the actual reason for the non-deployment event of January 22, 2008 regarding the airbag for vehicle, VIN 1GCEC14T44Z232769.

n. Please provide all criteria a vehicle must meet to deploy an airbag and please provide all data obtained from VIN 1GCEC14T44Z232769 to evaluate the non-deployment event on January 22, 2008 and the comparisons/discrepancies between the two.

o. Please provide the specific SDM deceleration rate necessary to deploy an airbag and Plaintiff's SDM deceleration rate in the Plaintiff's truck, VIN 1GCEC14T44Z232769, during the crash on January 22, 2008.

p. Please provide the details of ESIS Inc.'s contractual agreement with the "Old" and "New" General Motors and if that agreement has been altered by Bankruptcy in any material way.

 q. Please provide the name of the party/parties that hired/contracted/sent field investigator Jon Ball to inspect Plaintiff's vehicle, VIN 1GCEC14T44Z232769 on or about February 25, 2008.

 r. Please provide the name of the party/parties that hired/contracted/sent/etc, Mr. Popson to represent ESIS Inc., in Medina County, Ohio.

 s. Please provide any and all specific responsibilities of a 'third party administrator' in circumstances of products liability.

 t. Please provide details of cases for products liability ESIS Inc. 'handles' for General Motors and exactly what service ESIS Inc. performs for GM in matters of product liability.

 u. Please provide the exact page within the documents ESIS Inc. provided containing any of the requested information by the Ohio Attorney General or Dr. Sizemore.

 v. and every additional information Dr. Sizemore may need she has not included to date.

### The Requested Relief Should be Approved By the Court

15. The refusal of New GM to properly respond to the above requested information directly violate and contravene this Court's 363 Sale Order and the ARMSPA. Under these circumstances the Court has the authority and duty as Dr. Sizemore understands all the above to enforce the terms of the 363 Sale Order and ARMSPA and direct the Purchaser,

the New GM to promptly answer all interrogatories and provide all requested documents above.

16. Bankruptcy Courts have inherent authority to enforce their own orders: '(a)ll Courts, whether created pursuant to Article I or Article III, have inherent contempt power to enforce compliance with their lawful orders. The duty of any court to hear and resolve legal dispute carries with the power to enforce the Order.' *U.S. Lines Inc., v. GAC Marine Fuels, Ltd., (In re McClean Indus. Inc.)*, (Bankr. S.D.N.Y. 1986) (Buschman J.). Section 105 of the Bankruptcy Code also provides that "(t)he court may issue any order, process, or judgment that is necessary or appropriate to carry out' the Bankruptcy Code's provisions, and this section 'codif(ies) the bankruptcy court's inherent power to enforce its own orders.' *Back v. AM Gen. Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 640 (S.D.N.Y. 1997)(Lifland, J.); 11 U.S.C. sect. 105(a).

17. Additionally, pursuant to Paragraph 71 of the Sale Order and Section 9.13 of the MSPA, this Court retained exclusive jurisdiction 'to enforce and implement the terms and provisions of the (363 Sale) Order, the M(S)PA, (and) all amendments thereto.'

18. As plainly demonstrated, New GM is required to comply with this Court's Orders and with all laws in the States they continue to do business in as in the 'course of ordinary business,' are required to have retained and disclosed all information from the Purchaser, and assist

litigants as requested. Under these incontrovertible facts and circumstances, the relief requested in this Motion should be granted.

19. Further, this litigant, Dr. Sizemore, would be and is being harmed as the New GM fails to comply with the terms of the 363 Sale Order and ARMSPA by failing to disclose information she is/has requested. Under settled law, when a party unilaterally violates a Bankruptcy Court Order, that violation, standing alone, constitutes the only harm necessary for a renewed injunction, See e.g. *Balanoff v. Glazier (In re Steffan)*, 97 B.R. 741, 746 (Bankr. S.D.N.Y. 1989).

20. Additionally, Dr. Sizemore has suffered harm by reason that New GM has tortuously interfered with her ability to perfect her products liability claim against valid and viable defendants. Her original prayer for relief was $500,000.00 for her permanent blemish she sustained to her face, her unnecessary embarrassment, and unnecessary suffering, and all additional damages incurred by New GM's failure to comply with this Court's orders.

21. Not only has New GM and their associate company, ESIS Inc. refused to answer Dr. Sizemore and provide requested information and documents, they has refused the Ohio Attorney General's Consumer Protection Department.

## Notice

22.  Notice of this Motion has been provided to New York counsel for New GM, Mr. Karotkin and Mr. Falabella.

WHEREFORE Dr. Sizemore respectfully requests entry of an Order granting her the relief requested in this document.

Dated: Sullivan, Ohio
       August 12, 2011

_____
Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126
Pro se

Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**



_____x
                                   :
**In re**                          :    **Chapter 11 Case no.**
                                   :
**MOTORS LIQUIDATION COMPANY, et al** :    **09-50026(REG)**
   **F/k/a General Motors Corp., et al.** :
                                   :
           **Debtors,**            :    **(Jointly administered)**
                                   :
                                   :
                                   :
                                   :
                                   :
_____:

## MOTION FOR SANCTIONS

Now comes litigant, Dr. Terrie Sizemore RN DVM, and respectfully requests sanctions against counsel for GM, Mr. Karotkin and Mr. Popson.

Dr. Sizemore contends both attorneys have violated the terms and provisions of this Court's Orders-the 363 Sale Order and the ARMSPA (the Amended and Restated Master Sale Purchase Agreement) as well as the Order rendered by this Court on June 1, 2010, journaled July 1, 2010 Ordering a 'stay' of civil action in Ohio pending the outcome of the 'Campbell' appeal and after the disposition of the 'Campbell' appeal, being Ordered to file a Motion for Supplemental Order Ordering Dr. Sizemore to withdraw GM from her products liability action in Medina County Court of Common Pleas, case no. 10CIV0102. Dr. Sizemore contends both attorneys are well acquainted with the law and the Orders rendered by this Court. If Mr. Popson had complied with and

not concealed the terms of the June 1, 2010 Order, journaled July 1, 2010, Dr. Sizemore's action would have been properly stayed in the Court of Common Pleas in Medina, Ohio and the issues of her withdrawing this party at this time would not be relevant. Should she be found in contempt of this Court's Order-which she contends she is not, that would increase the damages she has sustained resulting from attorney conduct.

Mr. Popson has provided the Ohio Courts with copy of the terms of the 363 Sale Order regarding products liability issues. He has also provided Ohio Courts with copy of the June 1, 2010 Order journaled July 1, 2010 and the withdrawal of the "Campbell" appeal on September 23, 2010. Despite his awareness of law and procedure, Mr. Popson drafted multiple documents in the Ohio Courts-including Motions to Dismiss- when he was clearly aware of the Federal stay issued by this Court. In addition, he attended a hearing on December 14, 2010 where he allowed Judge Kimbler to think that the Court was legally permitted to dismiss New GM as a litigant in this action-in the face of a Federal stay. Dr. Sizemore contends Mr. Popson deliberately concealed the terms of the June 1, 2010 Order, journaled on July 1, 2010 to benefit his client. As she understands the rules, Mr. Popson may represent his client, New GM, zealously, but within the bounds of the law. Dr. Sizemore contends Mr. Popson's conduct violates Civil Rules of Procedure-including Fed. R. 11.

In addition, Dr. Sizemore contends Mr. Karotkin deliberately and consciously wasted time in drafting the required Motion for Supplemental Order and tortuously interfered with Dr. Sizemore's ability to litigate her cases. Dr. Sizemore is certain Mr. Karotkin was/is aware the "Campbell" case dissolved by September 23, 2010 and he failed to provide reason for his delay in complying with this Court's Order. Also, the

Court never discussed a '10' day requirement for Dr. Sizemore to withdraw GM, there is no indication of this in the Hearing transcript of July 13, 2011. This '10' day requirement was provided by GM counsel to benefit their client and prejudices Dr. Sizemore. Also, since Dr. Sizemore's products liability action was in Medina County Court of Common Pleas when the Federal stay was issued, she contends this is the proper procedure for her to return there and then be required to withdraw GM within '10' days. This procedure certainly does benefit Dr. Sizemore and does not impede any interest for GM at all – except if they are attempting to avoid third party discovery Mr. Karotkin stated was her right to on page 15 of the June 1, 2010 Hearing transcript. In addition to Mr. Karotkin stating third party discovery was available and legal for Dr. Sizemore as he stated clearly and plainly on page 15 of the June 1, 2010 hearing that discovery DID NOT violate the terms of the Bankruptcy Court's Order-the 363 Sale Order and the ARMSPA. Then he provided untruthful statements in writing to this Court regarding Dr. Sizemore's discovery action in Ohio and requested the Court Order Dr. Sizemore to withdraw GM from her Action for Discovery, filed in Medina County, Ohio, case no. 09CIV2471 appealed to the Ninth District Court of Appeals, case no. 10CA-0035-M, without legal basis to do so. As Dr. Sizemore understands frivolous conduct, Mr. Karotkin's assertion of Dr. Sizemore's violation of this Court's Orders without legal basis constitutes frivolous conduct. As stated, Mr. Karotkin contradicted his own words in the July 13, 2011 hearing from what he provided on page 15 of the June 1, 2010 Hearing.

The actions of the attorneys for General Motors have led to damages for Dr. Sizemore which include unnecessary legal harassment by Mr. Popson in Ohio when he clearly understood the provisions of the June 1, 2010 Order included the Federal stay.

Damages include unnecessary expense, worry and anxiety and unnecessary confusion over the legal issues pertaining to these cases, loss of enjoyment in life, loss of employment, unnecessary filings, driving to file, etc.

Dr. Sizemore contends that she unintentionally violated the 363 Sale Order when she listed New GM on her products liability action. She contends this is not the case for GM attorneys. Dr. Sizemore is not looking for a free pass for wrongdoing, and contends she is a law-abiding citizen that makes every honest attempt to become acquainted with requirements and laws and follows them. All she is requesting is equal treatment and protection only the Court can provide her.

This Court has the inherent authority to enforce its own Orders- a fact confirmed by GM counsel themselves and elaborated on in the Notice for Hearing issued by GM counsel on May 17, 2010 and provided this Court. In addition, this Court has the inherent ability to evaluate the attorney conduct before it.

## Notice

Notice of this Motion has been provided to New York counsel for New GM, Mr. Karotkin and Ohio counsel for New GM, Mr. Popson.

WHEREFORE Dr. Sizemore respectfully requests entry of an Order granting her this motion for sanctions. In the event of a hearing, Dr. Sizemore understands she may present financial details of the relief she seeks.

Dated: Sullivan, Ohio
August 12, 2011

Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126
Pro se