**HEARING DATE AND TIME: September 26, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 19, 2011 at 4:00 p.m. (Eastern Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND
THE ATTACHMENTS HERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*    :
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
------------------------------------------------------------x

**NOTICE OF 241ST OMNIBUS OBJECTION TO CLAIMS**
(Claims for Equity Interests and Duplicate Debt Claims)

**PLEASE TAKE NOTICE** that on August 19, 2011, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed an omnibus objection to disallow and expunge certain claims (the "**241st Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 241st Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

US_ACTIVE:\43785862\02\72240.0639

of New York, One Bowling Green, New York, New York 10004, on **September 26, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 241ST OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 241st Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be

received no later than **September 19, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 241st Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 241st Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 19, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

HEARING DATE AND TIME: September 26, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: September 19, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                   :   Chapter 11 Case No.
                                                        :
**MOTORS LIQUIDATION COMPANY**, *et al.*,               :   09-50026 (REG)
       f/k/a General Motors Corp., *et al.*             :
                                                        :
                              Debtors.                  :   (Jointly Administered)
                                                        :
------------------------------------------------------------x

### 241ST OMNIBUS OBJECTION TO CLAIMS
**(Claims for Equity Interests and Duplicate Debt Claims)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

US_ACTIVE:\43785862\02\72240.0639

**Relief Requested**

1. This Objection addresses individual proofs of claim that each assert a combination of claims arising from the ownership of equity interests as well as the ownership of the Debt Securities (as hereinafter defined) that were issued by the Debtors. A proof of claim that asserts an equity interest as a "claim" is improper because equity interests are not claims and, in turn, equity interests holders are not creditors on account of such interests. To the extent that a proof of claim asserts an equity interest as a "claim," it should be disallowed and reclassified as an equity interest. Reclassification will preserve the equity holder's rights on account of its equity interest, but will remove the "claim" from the Debtors' claims register.

2. With regard to the Debt Securities, the Debtors' confirmed chapter 11 Plan already provides for the allowance of an aggregate amount on account of each of the Debt Securities. Since the occurrence of the Effective Date (as defined in the Plan), distributions to holders of the Debt Securities have been ongoing. Accordingly, claims by individual holders of the Debt Securities are duplicative of the amounts allowed under the Plan and should be disallowed to avoid providing such holders with a double recovery.

3. The GUC Trust submits this 241st Omnibus Objection (the "**241st Omnibus Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order (a) reclassifying the claims listed on **Exhibit "A"** annexed hereto (the "**Subject Proofs of Claim**") to the extent an equity interest is asserted therein, and (b) disallowing and expunging the Subject Proofs of Claim to the extent a claim is asserted therein on account of the Debt Securities.[1]

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent,

**Jurisdiction**

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.     On June 1, 2009 ("**Commencement Date**"), four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026. On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6.     On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date, including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan).

---

www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

### The Debt Securities

7.　Prior to the Commencement Date, the Debtors issued several series of notes and bonds (collectively, the "**Debt Securities**") under (i) the Indenture, dated November 15, 1990, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A (the "**1990 Indenture**"), (ii) the Indenture, dated December 7, 1995, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A. (the "**1995 Indenture**" and together with the 1990 Indenture, the "**Wilmington Trust Indentures**"), (iii) the Fiscal and Paying Agency Agreement, dated July 3, 2003, between MLC, Deutsche Bank AG London, and Banque Générale du Luxembourg S.A. (the "**Fiscal and Paying Agency Agreement**"), and (iv) the Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors Corporation and Credit Suisse (the "**Bond Purchase and Paying Agency Agreement**," and together with the Fiscal and Paying Agency Agreement, the "**Eurobond Paying Agency Agreements**").

a.　**The Wilmington Trust Indentures**

8.　Wilmington Trust Company, as indenture trustee, filed proofs of claim numbers 65793 and 65729 on behalf of all note holders under the 1990 Indenture and the 1995 Indenture, respectively. The amounts asserted therein were reconciled pursuant to a stipulation,[4]

---

[4] *Stipulation and Agreed Order Among the Debtors, Wilimington Trust Company, Citibank, N.A., Solely in its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723*, dated August 5, 2010 and ordered on August 9, 2010 (ECF No. 6595). After the entry of the stipulation, the parties to the stipulation agreed to modify the amounts asserted in proof of claim 65793 and proof of claim 65729 to exclude the applicable original initial discount attributable to each debt instrument. The total allowed amounts have been revised and reflected in the Debtors' Plan.

and the Debtors' confirmed Plan provides for the allowance of an aggregate amount of $1,416,767,426 and $21,880,136,801 on account of the Debt Securities issued under the 1990 Indenture and 1995 Indenture, respectively.

9. Specifically, section 4.3(e) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*," provides in pertinent part:

> [A Claim on account of the Wilmington Trust Indentures] shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**"). The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims.

**b.     The Eurobond Paying Agency Agreements**

10. There is no indenture trustee for the Debt Securities issued under the Eurobond Paying Agency Agreements. While Credit Suisse, as paying agent, filed a global proof of claim for the benefit of all holders of the Debt Securities issued under the Bond Purchase and Paying Agency Agreement (Claim No. 20269), no party submitted a global proof of claim on account of the Fiscal and Paying Agency Agreement. Nevertheless, the Debtors' Plan provides that a claim based on both the Fiscal and Paying Agency Agreement and the Bond Purchase and Paying Agency Agreement, for the benefit of all holders of notes and bonds issued thereunder, is allowed in an amount equal to outstanding principal plus accrued and unpaid interest as of, and based on the currency conversion rate on, the Commencement Date.

11. Specifically, section 4.3(f) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*," provides in pertinent part:

> The Eurobond Claims under (i) that certain Fiscal and Paying Agency Agreement, dated as of July 3, 2003, among General Motors Corporation, Deutsche Bank AG London, and Banque Générale du

Luxembourg S.A. shall be Allowed in the amount of $3,770,634,476 and (ii) that certain Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors Corporation and Credit Suisse, shall be Allowed in the amount of $15,745,690 (together, the "**Fixed Allowed Eurobond Claims**"). The Fixed Allowed Eurobond Claims shall override and supersede any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Eurobond Claims.

**Debt Claims Should be Disallowed and Expunged as Duplicative**

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." Applicable law provides that "in bankruptcy, multiple recoveries for an identical injury are generally disallowed." *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

14. Representatives of the GUC Trust have reviewed the Subject Proofs of Claim and determined that, to the extent they assert a claim arising from the Debt Securities, the Subject Proofs of Claim are duplicative of the amounts allowed under the Debtors' Plan. If the filed claims were to be allowed, an individual bondholder may impermissibly recover twice –

once pursuant to the Subject Proof of Claim and again pursuant to the amount allowed under the Plan.

16. Since the Effective Date, distributions to individual holders of the Debt Securities have been ongoing. Such holders, to the extent they are holders as of the record date under the Debtors' Plan, have already received or will receive distributions on account of their Debt Securities. To avoid the possibility of multiple recoveries, the GUC Trust requests that the Court disallow and expunge the Subject Proofs of Claim to the extent it is based on the Debt Securities.

16. Moreover, as set forth in sections 4.3(e) and 4.3(f) of the Plan, upon the occurrence of the Effective Date, claims by holders of the Debt Securities became unenforceable as individual claims because the amount allowed pursuant to the Plan on account of the Wilmington Trust Indentures and the Eurobond Paying Agency Agreements overrode and superseded any individual claims filed by registered holders or beneficial owners of the Debt Securities. Accordingly, individual claims on account of the Debt Securities have already been disallowed under the terms of the Plan and this objection is being brought solely in the abundance of caution to ensure that no other claims are represented therein.

**Equity Interests Should be Disallowed and Reclassified as Equity Interests**

17. To the extent a Subject Proof of Claim asserts a claim on account of an equity interest, it should be disallowed and reclassified as an equity interest. Bankruptcy Rule 3007(d)(7) allows a debtor to file an omnibus objection to claims that are "are interests, rather than claims." The rationale behind such objections is that the Bankruptcy Code differentiates between a "claim" and an "equity security." *See* 11 U.S.C. §§ 101(5), 101(16). Under the Bankruptcy Code, those who have "claims" against the Debtors are called "creditors" while those who hold "equity securities" are called "equity security holders." *See id.* §§ 101(10),

101(17). While creditors may need to file proofs of claim to preserve their rights to receive distributions on account of their claims,[5] the Court has yet to require equity security holders to file proofs of interests to preserve the rights, if any, based solely on the ownership of equity interests. The filing of a proof of claim by an equity security holder to assert an equity interest is neither necessary nor sufficient. *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").

18. Based on the foregoing, to the extent a Subject Proof of Claim asserts an equity interest, the GUC Trust requests the Subject Proof of Claim be disallowed and reclassified as an equity interest. The reclassification of the Subject Proofs of Claim to equity interests will preserve any entitlement the holders of such proofs of claim have to a distribution solely on account of the ownership of the Debtors' equity interests.

### Reservation of Rights

19. The GUC Trust reserves the right to object on any basis to any of the claims with respect to which the relief requested herein is not granted in its entirety.

### Notice

20. Notice of this 241st Omnibus Objection has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided

---

[5] *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof*, dated September 16, 2009 (ECF No. 4079).

21.   No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       August 19, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

241st Omnibus Objection | **Exhibit A** | Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

**CLAIMS TO BE DISALLOWED AND EXPUNGED**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ARTHUR H ORLOWSKI<br>1725 CORBETT HIGHLANDS PL<br>ARROYO GRANDE, CA 93420-4987 | 13120 | Motors Liquidation Company | $83,037.00<br>Unliquidated | No Liability; Non-GM Securities | Pgs. 1-5 |
| BRUCE & JAN BAXTER<br>1750 QUEEN PALM WAY<br>NORTH PORT, FL 34288-8655 | 70641 | Motors Liquidation Company | $433,454.89 | No Liability; Non-GM Securities | Pgs. 1-5 |
| ELIZABETH O'CONNELL<br>151 OLD FARM ROAD<br>BASKING RIDGE, NJ 07920-3313 | 13261 | Motors Liquidation Company | $35,949.52 | No Liability; Non-GM Securities | Pgs. 1-5 |
| ELIZABETH STILER WEST<br>1415 CADENCE COURT<br>LOUISVILLE, KY 40222 | 17015 | Motors Liquidation Company | $26,626.10 | No Liability; Non-GM Securities | Pgs. 1-5 |
| ELVERA JONES<br>4352 QUAIL STREET<br>WHEATRIDGE, CO 80033-2550 | 26869 | Motors Liquidation Company | $6,902.00 | No Liability; Non-GM Securities | Pgs. 1-5 |
| ERNEST & MAGDA KATZ TTEES<br>REV. TR. AGEE. OF ERNEST KATZ<br>ERNEST KATZ DTD 5/16/95<br>2612 WEST ST APT 4D<br>BROOKLYN, NY 11223-6439 | 11008 | Motors Liquidation Company | $0.00<br>Unliquidated | No Liability; Non-GM Securities | Pgs. 1-5 |
| MARTHA GARRAGHTY<br>DAVID GARRAGHTY JT TEN<br>TOD DTD 12/08/2008<br>3909 HERMITAGE RD<br>RICHMOND, VA 23227-3921 | 17084 | Motors Liquidation Company | $0.00<br>Unliquidated | No Liability; Non-GM Securities | Pgs. 1-5 |
| URS KEMPF<br>EICHHOLZWEG 5C<br>6312 STERINHAUSEN SWITZERLAND | 62088 | Motors Liquidation Company | $1,800.00 | No Liability; Non-GM Securities | Pgs. 1-5 |
| VICTOR SCHMIT<br>5 RUE PRINCIPAL<br>L 6925 FLAXWEILER LUXEMBOURG | 60817 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | No Liability; Non-GM Securities | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**241st Omnibus Objection** — **Exhibit A** — Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| | | | | |
|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | |
| WOODS, ELEANOR M<br>8041 STRATHMOOR ST<br>DETROIT, MI 48228-2433 | 38854 | Motors Liquidation Company | $99,508.55 | No Liability; Non-GM Securities — Pgs. 1-5 |

**10**

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

**HEARING DATE AND TIME: September 26, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 19, 2011 at 4:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
f/k/a General Motors Corp., *et al.* :
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### ORDER GRANTING 241ST OMNIBUS OBJECTION TO CLAIMS
**(Claims for Equity Interests and Duplicative Debt Claims)**

Upon the 241st omnibus objection, dated August 19, 2011 (the "**241st Omnibus Objection**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order (a) reclassifying the Subject Proofs of Claim to the extent an equity interest is asserted therein, and (b) disallowing and expunging the Subject Proofs of Claim to the extent a claim is asserted therein on account of the Debt Securities, all as more fully described in the 241st Omnibus Objection; and due and proper notice of the 241st Omnibus Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 241st Omnibus Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 241st Omnibus Objection to Claims.

factual bases set forth in the 241st Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 241st Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, and the terms of the Plan, to the extent a Subject Proof of Claim listed on Exhibit "A" (the "**Order Exhibit**") assets claims for equity interests, it shall be disallowed and reclassified as an equity interest; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, to the extent a Subject Proof of Claim asserts a claim arising under the Debt Securities, it shall be disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 241st Omnibus Objection that are not disallowed pursuant to this Order, and any of the claims for equity interests that are reclassified as equity interests; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
        _____, 2011

                                                          UNITED STATES BANKRUPTCY JUDGE