> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                              :

In re                           :       **Chapter 11 Case No.**
                              :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*  :
                              :

            **Debtors.**       :      **(Jointly Administered)**
                              :

------------------------------------------------------------x


## <u>NOTICE OF 242ND OMNIBUS OBJECTION TO CLAIMS</u>
### (Contingent Co-Liability Claims)

     **PLEASE TAKE NOTICE** that on August 19, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed an omnibus objection to disallow and expunge certain claims (the "**242nd**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 242nd

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **September 26, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 242ND OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 242nd Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys

for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust

Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York,

New York 10166 (Attn:  Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust

Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree

Street, Suite 500, Atlanta, Georgia 30309 (Attn:  Anna Phillips); (xiv) Crowell & Moring LLP,

attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison

Avenue, 19th Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.);

and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard,

Austin, Texas 78703, so as to be received no later than **September 19, 2011, at 4:00 p.m.**

**(Eastern Time)** (the "**Response Deadline**").

     **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 242nd Omnibus Objection to Claims or any claim set forth thereon, the

GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 242nd Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
   August 19, 2011

         /s/ Joseph H. Smolinsky
         Harvey R. Miller
         Stephen Karotkin
         Joseph H. Smolinsky

         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York 10153
         Telephone: (212) 310-8000
         Facsimile: (212) 310-8007

         Attorneys for Motors Liquidation
          Company GUC Trust

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
    Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
**In re**                                     :        **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.,*     :        **09-50026 (REG)**
          **f/k/a General Motors Corp.,** *et al.* :
                                              :
                              **Debtors.**    :        **(Jointly Administered)**
                                              :
------------------------------------------------------------x

### 242ND OMNIBUS OBJECTION TO CLAIMS
#### (Contingent Co-Liability Claims)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE
EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

   The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented or

modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1.      The GUC Trust files this omnibus objection to certain claims (the "**242nd Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the claims listed on Exhibit "**A**" annexed hereto.[1]

2.      Representatives of the GUC Trust have examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Contingent Co-Liability Claims**") assert claims that are subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the GUC Trust seeks entry of an order disallowing and expunging the Contingent Co-Liability Claims from the claims register.

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]    Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases at www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

## Background

4.       On June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG).

5.       On October 6, 2009, this Court entered the Procedures Order, which, *inter alia*, authorizes "the Debtors, and other parties in interest" to file omnibus objections to 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order.  The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that are "objectionable under section 502(e)(1) of the Bankruptcy Code."  (Procedures Order at 2.)

6.       On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941).  Section 6.2 of the Plan provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including, resolving outstanding Disputed General Unsecured Claims (as defined in the Plan).  All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

7.       All of the Contingent Co-Liability Claims seek reimbursement and/or contribution from the Debtors, were filed by holders of claims that are co-liable with the Debtors to a third party, and are contingent upon the resolution of lawsuits that are pending or to be asserted in

the future.  Therefore, pursuant to section 502(e)(1)(b), the Contingent Co-Liability Claims should

be disallowed in their entirety.

## The Relief Requested Should Be Approved by the Court

**I.    The Contingent Co-Liability Claims Should be Disallowed Under Section 502(e)(1)(B)**

8.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In*

*re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL

234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr.

LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,

539 (Bankr. S.D.N.Y. 2000).  Section 502(e)(1)(B) of the Bankruptcy Code provides, in relevant

part, that the court shall disallow any claim for reimbursement or contribution of an entity that is

liable with the debtor to the extent that "such claim for reimbursement or contribution is contingent

as of the time of allowance or disallowance of such claim for reimbursement or contribution."  11

U.S.C. § 502(e)(1)(B).

9.    There are two distinct policies behind section 502(e)(1)(B).  First, section

502(e)(1)(B) prevents competition for the limited proceeds of the estate by precluding redundant

recoveries by multiple parties on the same underlying claim.  *Aetna Cas. & Surety Co. v. Ga.*

*Tubing Co. (In re Chateaugay Corp.)*, No. 93-3659, 1995 WL 429018, at *3 (S.D.N.Y. July 20,

1995) (citations omitted).  Second, section 502(e)(1)(B) furthers the administration of bankruptcy

cases by preventing "contingent, unresolved indemnification or contribution claims from delaying

the consummation of a plan of reorganization or *a final distribution in a liquidating case.*"  *In re*

*GCO Serv. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (emphasis added); *see also In re Alper*

*Holdings USA*, No. 07-12148, 2008 WL 4186333, at *7 (Bankr. S.D.N.Y. Sept. 10, 2008) (citations

omitted); *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (section 502(e)(1)(B)

enables "distribution to unsecured creditors without a reserve for these types of contingent claims

when the contingency may not occur until after the several years it often takes to litigate the

underlying lawsuit").

10.     As this Court held in *In re Chemtura Corp.,* for a claim to be disallowed

under section 502(e)(1)(B), three elements must be satisfied: "(1) the claim must be for

reimbursement or contribution; (2) the party asserting the claim must be liable with the debtor on

the claim of a third party; and (3) the claim must be contingent at the time of its allowance or

disallowance."  *In re Chemtura Corp.*, 436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010); *see also GCO

Serv.,* 324 B.R. at 465 (citations omitted); *Wedtech*, 85 B.R. at 289 (citation omitted).  As discussed

below, each of these three elements is satisfied with respect to the Contingent Co-Liability Claims.

A.      **The Contingent Co-Liability Claims Seek Reimbursement and/or Contribution**

11.     It is clear that the definition of contribution or reimbursement for the

purposes of section 502(e)(1)(B) is broad.  Courts have held that any claim for reimbursement or

contribution, whether arising through common law, contract, or statute, is subject to disallowance

under section 502(e)(1)(B).  *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 98, 101 (Bankr.

S.D.N.Y. 1992) (applying section 502(e)(1)(B) to common law theories of contribution); *Alper

Holdings*, 2008 WL 4186333, at *5 (applying to contractual claim for indemnification); *In re N.Y.

Trap Rock Corp.*, 153 B.R. 648, 651 (Bankr. S.D.N.Y. 1993) (noting a claim for contribution under

CERCLA may be disallowed under section 502(e)(1)(B)); *In re Amatex Corp.*, 110 B.R. 168, 171

(Bankr. E.D. Pa. 1990) ("Congress clearly meant to include all situations where indemnitors or

contributors could be liable with the debtor within the scope of § 502(e)(1)(B).").  Significantly, for

purposes of section 502(e)(1)(B), a claim for indemnification constitutes a claim for reimbursement.

*Alper Holdings*, 2008 WL 4186333, at *5 (citing *Wedtech*, 85 B.R. at 290; *GCO Serv.,* 324 B.R. at

465); *see also In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 982, 986 (Bankr. S.D.N.Y.

1992) ("*Drexel II*") ("courts have always recognized the application of § 502(e)(1)(B) to contractual

claims for reimbursement which remain contingent").

12.    As noted above, all of the Contingent Co-Liability Claims were filed by

claimants who are co-liable with the Debtors on claims of third parties and are seeking contingent

and unliquidated contribution or reimbursement amounts from the Debtors with respect to those

third party claims.  While certain of the Contingent Co-Liability Claims may be based upon

common law theories of contribution while others are premised upon a contractual right to

reimbursement or indemnification, the case law, as set forth above, clearly indicates that all such

claims fall within the purview of section 502(e)(1)(B).  Accordingly, the first element of section

502(e)(1)(B) is readily established.

**B.    Holders of Contingent Co-Liability Claims Are Co-Liable with the Debtors**

13.    As to the second element that the party asserting the claim must be co-liable

with a debtor on the claim of a third party, courts have stated that this requirement is to be

interpreted broadly and may be satisfied upon a finding that "the causes of action in the underlying

lawsuit assert claims upon which, if proven, the debtor *could be* liable but for the automatic stay."

*Chemtura*, 436 B.R. at 295 (quoting *Wedtech*, 85 B.R. at 290) (emphasis added); *see also In re

Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985) ("The phrase 'an entity that is liable

with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever

its basis.").  A claimant may be co-liable with a debtor even where the underlying plaintiff fails to

file a proof of claim against the debtor, *Chemtura*, 436 B.R. at 294, and even after the bankruptcy

court disallows the underlying plaintiff's claim against the debtor, *Alper Holdings*, 2008 WL

4186333, at *6-7 (noting disallowance under section 502(e)(1)(B) is not limited to instances where

its use would prevent "double recoveries" against the estate).

14.     Each of the Contingent Co-Liability Claims satisfies the requirement that its holder is co-liable with the Debtors on the underlying claim of a third party.  All of the Contingent Co-Liability Claims are based upon the claim or potential claim of an underlying plaintiff, under which both the holder of the Contingent Co-Liability Claim and the Debtors may be found liable. As such, the second element is satisfied with respect to each of the Contingent Co-Liability Claims.

### C.     The Contingent Co-Liability Claims Are Contingent

15.     The third and final element is that the claim must be contingent at the time of its disallowance and may be satisfied by a finding that a debtor's legal duty to pay has not yet arisen and will only exist "after it is triggered by the occurrence of a future event." *Alper Holdings*, 2008 WL 4186333, at *5.  The law is "well-settled that the claim of a co-liable party under [section] 502(e)(1)(B) is contingent until the claimant has made payment on its underlying claim to the principal creditor and thereby fixes his own right to payment from the debtor." *In re Eagle-Pitcher Indus., Inc.*, 144 B.R. 765, 769 (S.D. Ohio 1992) (citations omitted); *see Chateaugay,* 1995 WL 429018, at *3 (finding a claim to be contingent under section 502(e)(1)(B) because the claimant did not pay the underlying obligation); *Drexel II*, 148 B.R. at  987 (same).  In order for a claim to be disallowed under section 502(e)(1)(B), the claim need only be contingent as of the date of the court's ruling to disallow the claim.  *GCO Serv.*, 324 B.R. at 466; *Alper Holdings*, 2008 WL 4186333, at *5.

16.     All of the Contingent Co-Liability Claims appear to be contingent for the very reason that the proofs of claim do not indicate that the holders of such claims have made payment on the underlying obligation for which they seek contribution or indemnification from the Debtors.  As such, based on all available information, no right to payment has arisen on these contingent claims to date, and it may later be revealed that holders of Contingent Co-Liability Claims may not even be liable themselves on the underlying obligation.

17.    As the Contingent Co-Liability Claims satisfy each of the three elements under section 502(e)(1)(B), they must be disallowed in their entirety and expunged from the claim register.

### Reservation of Rights

18.    The GUC Trust reserves the right to object to any of the Contingent Co-Liability Claims that are not disallowed in their entirety for any reason.

### Notice

19.    Notice of this 242nd Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

20.    No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

## Conclusion

WHEREFORE the GUC Trust respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
      August 19, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

242nd Omnibus Objection

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ADKINS TRISHA L<br>KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY<br>321 EAST MAIN STREET<br>CAMPBELLSVILLE, KY 42718 | 62546 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $19,405.00 | (U) | | |
| | | | $19,405.00 | (T) | | |
| ALLSTATE INSURANCE COMPANY<br>TAYLOR LISA A LAW OFFICE OF<br>7473 W LAKE MEAD BLVD # 100<br>LAS VEGAS, NV 89128-0265 | 33347 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $22,472.23 | (U) | | |
| | | | $22,472.23 | (T) | | |
| ALLSTATE INSURANCE COMPANY 0127173994 - JAMES<br>VICKIE SHOWALTER<br>PO BOX 29500<br>ROANOKE, VA 24018 | 742 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $2,766.80 | (U) | | |
| | | | $2,766.80 | (T) | | |
| ALLSTATE INSURANCE COMPANY CLAIM# 0104209655 WILSON<br>ATTN SPENCER MERCHANT<br>PO BOX 29500<br>ROANOKE, VA 24018 | 737 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $2,287.84 | (U) | | |
| | | | $2,287.84 | (T) | | |
| BALBOA INSURANCE COMPANY AS SUBROGEE OF<br>VARDAN NAZARYAN<br>C/O LAW OFFICES OF TODD F HAINES<br>ATTN: TODD F HAINES, ESQ<br>30495 CANWOOD ST, STE 100<br>AGOURA HILLS, CA 91301 | 70526 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $13,421.38 | (U) | | |
| | | | $13,421.38 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BIGGS JOSEPH D<br>BIGGS, JOSEPH D<br>321 E MAIN STREET<br>CAMPBELLSVILLE, KY 42718 | 62542 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $4,190.75 | (U) | | |
| | | | $4,190.75 | (T) | | |
| CALIFORNIA STATE AUTOMOBILE ASSOCIATION<br>ATTN STANLEY MICHAEL ESQ<br>MACMORRIS & CARBONE<br>505 14TH ST SUITE 600<br>OAKLAND, CA 94612 | 1599 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $47,034.78 | (U) | | |
| | | | $47,034.78 | (T) | | |
| CENTERPOINT ASSOCIATES LLC<br>C/O EARLE I ERMAN ESQ<br>ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN PC<br>400 GALLERIA OFFICENTRE STE 444<br>SOUTHFIELD, MI 48034 | 22624 | Motors Liquidation Company | | | 502(e)(1)(B) | Pgs. 1-10 |
| | | | Unliquidated | | | |
| FRED LOYA INSURANCE<br>CLAIM # 596-94647<br>8603 INGRAM RD<br>SAN ANTONIO, TX 78245 | 1566 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $14,148.14 | (U) | | |
| | | | $14,148.14 | (T) | | |

Note:   This claim arises from litigation against the Debtors.  It is not entitled to priority status, it is not entitled an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code, and it is not secured by property of the Debtor's estates.  Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| GMAC INSURANCE A/S/O ALISON BROWNLEE<br>ATTN: BIRGIT ROBERTS/CLAIM 8722983<br>PO BOX 1429<br>WINSTON-SALEM, NC 27102 | 70365 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $17,998.00 | (U) | | |
| | | | $17,998.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY<br>BANKRUPTCY UNIT, T-1-55<br>HARTFORD PLAZA<br>HARTFORD, CT 06115 | 66090 | MLCS, LLC | | | 502(e)(1)(B) | Pgs. 1-10 |
| | | | Unliquidated | | | |
| KENTUCKY FARM BURAU MUTUAL INSURANCE COMPANY<br>321 E MAIN ST<br>CAMPBELLSVILLE, KY 42718 | 62547 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $7,440.96 | (U) | | |
| | | | $7,440.96 | (T) | | |
| KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY<br>BERTRAM COX & MILLER<br>PO BOX 1155<br>CAMPBELLSVILLE, KY 42719-1155 | 62548 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $9,257.05 | (U) | | |
| | | | $9,257.05 | (T) | | |
| KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY<br>321 E MAIN ST<br>CAMPBELLSVILLE, KY 42718 | 62549 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $19,349.55 | (U) | | |
| | | | $19,349.55 | (T) | | |
| KISKADEN, ANTHONY<br>BERTRAM, COX & MILLER<br>321 E MAIN ST<br>CAMPBELLSVILLE, KY 42718-1326 | 62545 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $10,005.83 | (U) | | |
| | | | $10,005.83 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

242nd Omnibus Objection

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY<br>SNYDER & DORER LAW OFFICE OF<br>214 SENATE AVE STE 600<br>CAMP HILL, PA 17011-2382 | 62924 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$12,911.52  (U)<br>$12,911.52  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| PARSONS, AVELENIA<br>321 E MAIN ST<br>CAMPBELLSVILLE, KY 42718 | 62544 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$22,830.50  (U)<br>$22,830.50  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| RESPONSE INSURANCE<br>SETTE & BONADIES PC<br>PO BOX 185366<br>HAMDEN, CT 06518-0366 | 62711 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$18,201.06  (U)<br>$18,201.06  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| SEDLAK ALAN D<br>RESPONSE INSURANCE<br>2324 WHITNEY AVENUE P O BOX 185366<br>HAMDEN, CT 06518 | 62710 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$18,201.06  (U)<br>$18,201.06  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| SEDLAK, ALAN D<br>SETTE & BONADIES PC<br>PO BOX 185366<br>HAMDEN, CT 06518-0366 | 62709 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$18,201.06  (U)<br>$18,201.06  (T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| SENECA INSURANCE COMPANY INC<br>ATTN: ERIC GOLDBERG ESQ<br>KAHN AND GOLDBERG LLP<br>708 THIRD AVE - 19TH FLOOR<br>NEW YORK, NY 10017 | 216 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $200,000.00 | (U) | | |
| | | | $200,000.00 | (T) | | |
| STATE FARM FIRE AND CASUALTY COMPANY<br>C/O EVEZICH LAW OFFICE<br>175 NE GILMAN BLVD, STE 209<br>ISAAQUAH, WA 98027 | 16684 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $530,890.33 | (U) | | |
| | | | $530,890.33 | (T) | | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>A/S/O DEXTER JACKSON (#960-0116)<br>C/O LAW OFFICES OF R W PARNELL<br>PO BOX 81085<br>CONYERS, GA 30013 | 14085 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $32,516.00 | (U) | | |
| | | | $32,516.00 | (T) | | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE<br>ARMOUR LAW FIRM<br>PO BOX 710<br>ALEXANDRIA, LA 71309-0710 | 11362 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $18,476.00 | (U) | | |
| | | | $18,476.00 | (T) | | |
| ZURICH AMERICAN INSURANCE COMPANY & AFFILIATES<br>ATTN MARY PERLICK, 9TH FL, TOWER 2<br>1400 AMERICAN LANE<br>SCHAUMBURG, IL 60196 | 4691 | Motors Liquidation Company | | | 502(e)(1)(B) | Pgs. 1-10 |
| | | | Unliquidated | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| | 25 | | $0.00 | (S) | | |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $1,062,005.84 | (U) | | |
| | | | $1,062,005.84 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                 :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
|     f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

## ORDER GRANTING 242ND OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

Upon the omnibus objection to expunge certain claims, dated August 19, 2011 (the

"**242nd Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the

"**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in

connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as

may be amended, supplemented or modified from time to time, the "**Plan**"), pursuant to section

502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter

11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and

expunging the Contingent Co-Liability Claims on the ground that such claims should be

disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the

242nd Omnibus Objection to Claims; and due and proper notice of the 242nd Omnibus Objection

to Claims having been provided, and it appearing that no other or further notice need be provided;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 242nd Omnibus Objection to Claims.

and the Court having found and determined that the relief sought in the 242nd Omnibus Objection

to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the 242nd Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the 242nd Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be*

*Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:  New York, New York
_____, 2011

_____
United States Bankruptcy Judge