Barry-Henry: Spencer Junior
P.O. Box 9106
Concord, MA 01742

Claimant and Creditor for Debtors
and Post - Effective Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
                                       :
In re                                  :
                                       :  Chapter 11 Case No.
MOTOR LIQUIDATION COMPANY              :
f/k/a General Motors Corp.,            :  09-50026 (REG)
                                       :
        Debtors,                       :
                                       :
---------------------------------------x

NOTICE FOR HEARING OR RULING ON THE SQUARE OF THE
DOCUMENTS SUBMITTED AS TO CLAIMANT'S OPPOSITION TO
DEBTORS CROSS-MOTION OF POST-EFFECTIVE DATE DEBTORS
AND MOTORS LIQUIDATION GUC TRUST FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. §§ 105(A) AND 1142(b) AND FED.
R. BANKR. P. 7012 AND 9014

PLEASE TAKE NOTICE, that upon the annexed Counter-Motion of Opposition dated August 12, 2011, of Barry-Henry: Spencer Junior, for an order, pursuant to sections 105(a) and 1142(b) of Title 11, and General Order M-390 and Rules 3020(d), for an entry of an order (i) dissolving the illegal contract of settlement with the debtors Motor Liquidation Company; (ii) Striking all rhetoric referenced to the "soveren citizen movement" and the Claimant's private criminalissues that are immaterial to the adversary premise; (iii) entry of an order for the Debtor and Claimant to sit and come to an agreement encompassing prior-brankruptcy and post-bankruptcy claims, a hearing to be set on the date of September 19, 2011 before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in room 621 of the U.S.

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York 10004, or prior to that date ruled upon the square of the documents submitted, due to the Claimant being held in custody in Massachusetts.

Respectfully,

/s/Barry-Henry Spencer

Barry-Henry: Spencer, Junior
P.O. Box 9106
Concord, MA 01742

Claimant and Creditor for Debtors
and Post -Effective Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――X
In re                              :    Chapter 11 Case No.
                                   :
MOTORS LIQUIDATION COMPANY,        :    09-50026 (REG)
   f/k/a General Motors Corp.,     :
                                   :
            Debtors.               :
―――――――――――――――――――――X

CLAIMANT'S OPPOSITION TO DEBTORS CROSS-MOTION OF
POST-EFFECTIVE DATE DEBTORS AND MOTORS LIQUIDATION
COMPANY GUC TRUST FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. §§ 105(A) AND 1142(b) AND FED R. BANKR.
P. 7012 AND 9014 (1) ENFORCING SETTLEMENT AGREEMENT
WITH CLAIMANT BARRY H. SPENCER, JR:(2) STRIKING
DOCUMENTS FILED BY CLAIMANT; AND (3) ENJOINING CLAIMANT
FROM FURTHER ACTION AGAINST THE DEBTORS, MOTORS
LIQUIDATION COMPANY GUC TRUST AND THEIR
OFFICERS AND PROFESSIONALS

Now comes the Claimant Barry-Henry Spencer, Junior to hereby move this Honorable Court to preserve his right and remedies to invalidate the illegal contract of alleged settlement, whereas this is not a run of the mill case of change of heart, or buyers remorse, predicated upon him opposing the validity of the fraudulant agreement and its enforcement, arguing first, he did not enter a binding legal contract because he did not meet the legal criteria of a contract, and within days of finding the fraud, deceit and collusion, he withdrew the settlement agreement with MLC debtors and notified the court, see (ECF No. 7249 - Verified Declaration in the Nature of an Affidavit of Truth

-1-

In Commerce, Rejection of Settlement Offer and Contract for Waivor of Tort, whereas Silence is Acquiesscence, Agreement and Dishonor.

## REQUESTED REMEDY

1.  In September 2011 Spencer and the Debtors Officers and Attorneys entered into an illegal agreement contrary to public policy where he (Spencer) would be subjected to sales tax, fees and other charges to dispose of the GM warrants, or at the time be subjected to a 75%-85% loss on the sale of $200,000.00 worth of stock warrants, thus, creating a compounded injury upon the original bodily injury, product liability, loss wages, unfair and deceitful business practice claim. However, since there has been recent acts of post-bankruptcy acts of fraud, deceit, barratry, and herein above mentioned, This Honorable Court must must acknowledge the distinction between the two time frames, which are particularly apposite to the resolution of the instant issue... bankrupticy was intended to protect the debtor from the continuing cost of pre-bankruptcy acts but not to insulate the debtor from the cost of post-bankruptcy acts. **In re Sure-Snap Corp**, 983 F.2d 1015.

2.  Spencer at no time moved to harm any officer, or professionals without the Honorable Court, first, reviewing the contract or presentments, he sent to MLC Debtors and their Attorneys for confirmation or rejection. Although MLC's Attorney recognized numerous Motions and presentment were sent to him and the Court, (ECF No. 7249) Rejection of Settlement Offer and Contract for Waiver of Tort; (EFC No.

8793) Motion to Accept Indemnity & Dischrge Bonds; Affidavit of Negative Averment, Opportunity To Cure, and CounterClaim; Notice of Final Determination and Judgement in Nihil Decit; Three Demands for payment from Debtors (predictaed upon the Breach of Contract of ECF No. 7249); (ECF No. 9150) Motion To Hear the Substance Breach of Contract Fraud of Established Contracts - Rejection of Disclosure (Plan), Administrative Proof of Claim, Motion to Hear substance of Establihed Contracts; and subsequent matters on the same issue (ECF No. 9152); (ECF No. 101069); (ECF No. 10253); (ECF No. 10413) and (ECF No. 10424).

3.  Basicly, at no time did the Debtor, nor their Attorneys and Professional follow the Bankruptcy Court Rule and provide a response to the pleading. Notibly, notification of legal responsibility is the "first essential of due process of the law," **Connally v General Construction Co.**, 269 U.S. 385, 391, "Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading" **United States v Tweel,** 550 F.2d 297.

4.  The Debtor and its attorneys are attempting to utilize the scheme of a judicial remedy as a protective covering for the fraudulent design of the illegal settlement agreement, **Shapiro v Wilgus**, 287 U.S. 348. Even if the Court were to allow the Debtor Motion to enforce the Settlement agreement, the fact the means employed to effect the fraudulent conveyance was the judgement of the court does not remove the taint of illegality, **First National Bank v Flershem**, 290 U.S. 504.

5. At all times, the Debtors and its attorneys and professionals utilized a systematic game of control and influence, to make Spencer respond favorably to their demands, i.e. reward and punishment by way of ignoring his concerns by telephone and correspondance (either returning calls and correspondance, or not until it was beneficial to them). Smolinsky tacticly does not place the substance of "the talks" into his motions nor the Debtor's insistence as to the circumstances surrounding the bias cancelling of the ADR Procedures pursuant to 11 U.S.C. § 105(a) and General OrderM-390. Even to the point of trying to get Spencer to keep his brother (who is not an attorney) as his Authorized Representative, thus, able to bind Spencer to any decision. **Sun Forest Corp v Shuili**, 152 F.Supp.2d 367, 393 (S.D. N.Y. 2001)("under New York law, a party claiming that it was unduly influenced to enter a contractual relationship must prove that it contracted under circumstances indicating that a relationship of control existed and the stronger of the two parties had exerted influence over the other to destroy the weaker party's free will and substituted for it the will of the [other]").

6. After it was realized the illegality and deceit, in which Spencer could not be charged with ratifying retention of the "settlement" when he had no knowledge, let alone "full knowledge of all the material particulars and circumstances" **Adair v Brimmer**, 74 N.Y. 539, 553-54 (1878). He moved to immediately repudiate the contract, so it will not be as though he deemed to ratify it. **VKK Corp v Nat'l Football League**, 244 F.3d 114,

-4-

122-23 (2d Cir 2001); see **Dirose v Pk Mgmt Corp.**, 691 F.2d 628, 634 (2d Cir 1982)(Collecting cases where delays renging from 6 months to two years constitutes waived).

7. The Court in its wisdom is well aware that "a party who makes an informed choice will not be relieved of the consequences when it subsequently develops that the choice was unfortune" **Dal Int'l Trading Co. v Sword Line, Inc.**, 286 F.2d 523, 525; However, in this case is not the same and is apposite since "there was a duty upon the defendants to disclose to the plaintiff all material facts connected with the matters in charge of the defendants." **Insurance Co. North America v Whitlock**, 214 N.Y.S. 697, 703 (1st Depat. 1926) See Also **Adair**, Supra, 74 N.Y. 539, 553-4(1878); 49 N.Y. Jur., Release § 17 (1966). Spencer was unaware of all the facts, the laws pertaining to the contract and how it will be dealt with by the "Bankruptcy Court", hence, the release confirmation is invalid. **Perry on Trust**, (7th ed), Sec. 851. **Garrett v Reid Cashion Land**, 34 Ariz 245, 270 P. 3044, 3052 citing **Adair v Brimmer**, Supra "Confirmation and ratification imply to legal minds, knowledge of a defect in the act to be confirmed, and the right to reject or ratify it..." See **Ungrinch v Ungrinch**, 115 N.Y. 413, 417.

8. Although New York policy dictates that settlement agreements are encouraged to end litigation are "strongly favored and may not be lightly cast aside" **Willgerodt v Hohn**, 953 F.Supp 557, 560 (S.D.N.Y 1997)(citing **Rivera v slate**, 115 A.D.2d 431, 433), in this case, there is enough cause sufficient to invalidate this contract, such as post-bankruptcy fraud, deceit, collusion that has caused mistake or accident. "Only where there is cause

sufficient to invalidate a contract...will a party be relieved from the consequences of a stipulation during litigation." **Matter of Estate of Rosenhain,** 597 N.Y.2d 782, 783 (quoting **Hallock,** 64 N.Y.2d at 230).

9.   Pursuant to New York Law, to form a vaild contract there must be an offer, acceptance, consideration, mutual assent & intent to be bound; **Reqister.Com. Inc. v Veno, Inc.,** 356 F.3d 393, 427 (2d Cir 2004); **Ostmen v St. John's Episcopal Hosp.,** 918 F.Supp 636, 643 (E.D.N.Y. 1996)(Because a "settlement agreement is a contract that is subject to the ordinary rules of Contract construction and interpretation...it requires an offer, an acceptance, and consideration to be enforced, and will be construded in accordance with the intent of Parties") In this matter, the cause of fraud and deceit surfaced that rescinded the acceptance. The delay in the discovery of the frauds provides no defense to the remedy the Debtors request or otherwise. **Michoud v Girod,** 4 How 503, 561; **Pomeroy's Equity,** sec 847; **Wiget v Rockwood,** 69 F.2d 326. "It is the settled doctrine of the court that no rights arise on an ultra vires contract, even though the contract has been performed" **Texas & Pacific Ry, v Pottorff,** 291 U.S. 245. "It is axiomatic that no right, by ratification or other means, can arise out of fraud." 13 C.J. 492, sec 440, "No performance of either side can give the unlawful contract any validity, or be the foundation of any right of action upon it." **Central Transportation Co. v Pullman Place Car Co.,** 139 U.S. 24.

10.   Spencer does object to the Plan and Confirmation Order, however to end this matter he is willing to assent to the Court

-6-

having exclusive jurisdiction of all matters prior and post-bankruptcy, The court has not approved the illegal agreement, nor if any sanctions should be awarded to Spencer due to the acts of the Debtors actors. Even if the Alternative Dispute Resolution were to be revisited by both sides to encompass thew intent of both parties prior and post bankruptcy acts it would not hinder any other agreement because the Spencer Claim has a $9,000,000.00 cap, which he has presented a prima facie case of entitlement. This would in no way "interfere with the implementation or consummation of the Plan" (Plan § 10.7).

11. Spencer further ask the Court to ORDER the Debtors to keep their slander to a minimum, libel is an actional cause for civil and criminal prosecution, futher to cite any criminal cases of my private nature to justify their illegal acts or fear is childish rhetoric and the appeal in any matter they cited concerning Spencer v Obama Case has not been perfected by law, thus, to make any conclusion of law or hint of obsessive sovereign movement, then he needs to have The Tea Party and Knights of Columbus stop teaching the lititure.

### Notice

12. Notice of this Motion has been provided the Debtors, Debtor's attorney and parties of interest in accordance with the Sixth Amended Order pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007.

### Conclusion

WHEREFORE the Claimant respectfully request entry of an order granting relief requested herein and to ORDER the revisit

of the Exchange Process and ADR Proceeding until a settlement with the intent of both parties is reached.

Dated: August 12, 2011

/s/Barry H. Spencer Junior
P.O. Box 9106
Concord, MA 01742