---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                 :

In re                              :      Chapter 11 Case No.
                              :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :

                **Debtors.**      :      **(Jointly Administered)**
                              :
-----------------------------------------------------------x

**NOTICE OF 244TH OMNIBUS OBJECTION TO**
**CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**
**(Late-Filed Claims)**

        **PLEASE TAKE NOTICE** that on August 24, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 244th Omnibus Objection to expunge certain claims and motion

requesting enforcement of the Bar Date Orders[1] (the "**244th Omnibus Objection to Claims**"),

and that a hearing (the "**Hearing**") to consider the 244th Omnibus Objection to Claims will be

held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of

the United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on September 26, 2011 **at 9:45 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 244th
OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT
OF BAR DATE ORDERS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED
THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 244th

Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP,

attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708  (Attn: Barry

N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation

Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn:

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the 244th Omnibus Objection to Claims.

Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265

(Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman &

Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii)

Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust

Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200

Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI

Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One

Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna

Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities

Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-

2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust

Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later

than September 19, 2011, **at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 244th Omnibus Objection to Claims or any claim set forth thereon, the

GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 244th Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      August 24, 2011

             /s/ Stefanie Birbrower Greer
             Barry N. Seidel (BS-1945)
             Stefanie Birbrower Greer (SG-2898)

             DICKSTEIN SHAPIRO LLP
             1633 Broadway
             New York, New York 10019-6708
             Telephone: (212) 277-6500
             Facsimile: (212) 277-6501

             Attorneys for Motors Liquidation
             Company GUC Trust

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                 :

**In re**                               :       **Chapter 11 Case No.**
                                           :

**MOTORS LIQUIDATION COMPANY,** *et al.*,   :       **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*   :

                       **Debtors.**      :       **(Jointly Administered)**
                                           :
------------------------------------------------------------x

## 244TH OMNIBUS OBJECTION TO CLAIMS
## AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS
### (Late-Filed Claims)

<div style="border:1px solid black; padding:10px">

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE
EXHIBIT ANNEXED TO THIS OBJECTION.

</div>

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by

the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1.      On March 29, 2011, this Court entered an order confirming the Plan (ECF

No. 9941).  Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the

creation of the GUC Trust to administer certain responsibilities after the Effective Date (as

defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as

defined in the Plan).  All conditions to the occurrence of the Effective Date were met or waived

on March 31, 2011, thereby making the Plan effective as of that date.

2.      The GUC Trust files this 244th omnibus objection to certain claims and

motion requesting enforcement of the Bar Date Orders (as defined below) (the "**244th Omnibus**

**Objection to Claims**"), pursuant to section 502(b) of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed against the Initial Debtors (as defined below) (the

"**Procedures Order**") (ECF No. 4180), this Court's order deeming the Procedures Order

applicable to the REALM/ENCORE Debtors (as defined below) (the "**REALM/ENCORE**

**Order**") (ECF No. 4841), this Court's order approving the procedures relating to the filing of

proofs of claim against the Initial Debtors (the "**Initial Debtors Bar Date Order**") (ECF No.

4079), this Court's order approving the procedures relating to the filing of proofs of claim

against the REALM/ENCORE Debtors (the "**REALM/ENCORE Bar Date Order**") (ECF No.

4586), and this Court's supplemental order to the Initial Debtors Bar Date Order approving the

procedures relating to the filing of proofs of claim with respect to certain properties of the

Debtors (the "**Property Bar Date Order**," and collectively with the Initial Debtors Bar Date

Order and the REALM/ENCORE Bar Date Order, the "**Bar Date Orders**") (ECF No. 4681)

2

seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

      3.      Representatives of the GUC Trust have examined the proofs of claim identified on **Exhibit "A"** and have determined that the proofs of claim listed on such exhibit (collectively, the "**Late-Filed Claims**") were received after the Bar Date (as defined below) from claimants who, despite not having received actual notice of the Bar Date Orders, received adequate and sufficient notice of the Bar Date Orders by publication (collectively, the "**Unknown Creditors**").  As the Late-Filed Claims fail to comply with the Bar Date Orders, the Debtors request that, consistent with the express terms of the Bar Date Orders, the Late-Filed Claims be disallowed and expunged in their entirety.  Furthermore, the Debtors reserve all of their rights to object on any other basis to any Late-Filed Claims as to which the Court does not grant the relief requested herein.

### Jurisdiction

      4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

      5.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9,

---

[1]     Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2]     The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered

with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009,

the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs,

which were amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors

filed their schedules of assets and liabilities and statements of financial affairs.

6.    On September 16, 2009, this Court entered the Initial Debtors Bar Date

Order establishing November 30, 2009 as the deadline for each person or entity to file a proof of

claim in the Initial Debtors' cases, including governmental units (the "**Initial Debtors Bar**

**Date**").  On December 2, 2009, this Court entered the REALM/ENCORE Bar Date Order

establishing February 1, 2010 (the "**REALM/ENCORE Bar Date**") as the deadline for each

person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except

governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court

established April 16, 2010, the "**REALM/ENCORE Governmental Bar Date**").  On December

18, 2009, this Court entered the Property Bar Date Order establishing February 10, 2010 as the

deadline for entities residing adjacent to or in the proximity of certain material manufacturing

properties of the Debtors (the "**Properties**") to file a proof of claim with respect to the Properties

(the "**Property Bar Date**," and collectively with the Initial Debtors Bar Date, the

REALM/ENCORE Bar Date, and the REALM/ENCORE Governmental Bar Date, the "**Bar**

**Dates**").

7.    Each of the Bar Date Orders specifically provides that, in order to be

timely-filed, proofs of claim must be "**actually received**" by the Debtors' claims agent or the

---

[3]    The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and
Environmental Corporate Remediation Company, Inc.

Court, on or before the applicable Bar Date.  (Initial Debtors Bar Date Order at 3 (emphasis in original); REALM/ENCORE Bar Date Order at 3 (emphasis in original); Property Bar Date Order at 2 (emphasis in original).)  The Bar Date Orders also expressly provide that any holder of a claim against the Debtors who is required, but fails, to file a proof of such claim on or before the applicable Bar Date shall forever be barred, estopped, and enjoined from asserting such claim against any of the Debtors and their respective estates.  (Initial Debtors Bar Date Order at 5; REALM/ENCORE Bar Date Order at 5; Property Bar Date Order at 4.)  Copies of the Bar Date Orders were made publicly available at www.motorsliquidationdocket.com.

8.    In addition to requiring the Debtors to provide actual notice of the Bar Date to all parties known to have claims against the Debtors, each of the Bar Date Orders authorized the Debtors to provide notice of the Bar Date by publication, which, as provided for in the Bar Date Orders, "shall be deemed good, adequate and sufficient publication notice of [the Bar Date] and the procedures for filing Proofs of Claim in these cases[.]"  (Initial Debtors Bar Date Order at 7; REALM/ENCORE Bar Date Order at 7; Property Bar Date Order at 5.)  The Debtors timely published notice of the Bar Dates in each of the newspapers specified in the Bar Date Orders.[4]  (*See* Affidavits of Publication, ECF Nos. 3522, 4290, 4724 and 4877.)

---

[4]    The Initial Debtors Bar Date Order authorized the Debtors to provide notice by publication in the *Financial Times*, *The Wall Street Journal* (Global Edition—North America, Europe, and Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National), *Detroit Free Press/Detroit News*, *Le Journal de Montreal* (French), *Montreal Gazette* (English), *The Globe and Mail* (National), and *The National Post*.  The REALM/ENCORE Bar Date Order authorized the Debtors to provide notice by publication in *USA Today* (National Edition), *The New York Times* (National Edition), *Detroit Free Press*, *Bay City Times*, *Commercial News*, *Flint Journal*, *Saginaw News*, *The Chronicle-Telegram*, *Observer & Eccentric*, *The Toledo Blade*, *Kansas City Business Journal*, *Syracuse Times*, *Dayton Daily News*, *Ypsilanti Courier*, *Tonawanda News*, and *The News-Herald*.  The Property Bar Date Order authorized the Debtors to provide notice by publication in *Flint Journal*, *The Oakland Press*, *Free Lance Star*, *Observer & Eccentric*, *Parma Sun Post*, *Ypsilanti Courier*, *Dayton Daily News*, *Delaware Business Ledger*, *Saginaw News*, *Shreveport Times*, *The Grand Rapids Press*, *The Indianapolis Star*, *Mansfield News Journal*, and *Pittsburgh Post Gazette*.

9.      After the applicable Bar Date, the Late-Filed Claims were periodically received from the Unknown Creditors who did not receive actual notice of the Bar Date Orders because they were unknown to the Debtors as having potential claims and, furthermore, the Debtors could not have known of the potential claims of the Unknown Creditors, and/or their identity, through an inspection of their books and records or other reasonable investigation.

### The Relief Requested Should Be Approved by the Court

10.      Section 502(b)(9) of the Bankruptcy Code provides that, upon the objection of a party in interest, a claim shall be disallowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). Pursuant to Bankruptcy Rule 3003(c)(3), a proof of claim is not timely filed unless it is done so "prior to a bar date established by order of a bankruptcy court." *In re XO Commc'n, Inc.*, 301 B.R. 782, 791 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 3003(c)(3).[5] Such a bar date is meant to "function as a statute of limitations and effectively [disallows] late claims in order to provide the Debtor and its creditors with finality to the claims process and permits the Debtor to make swift distributions under the Plan." *XO Commc'n,* 301 B.R. at 797.

11.      One of the very few occasions when a late-filed claim will not be disallowed is where a claimant can establish that notice afforded to the claimant of a bar date order failed to comply with constitutional principles of due process. Such principles, however, do not require that a claimant receive actual notice in all instances. Rather, the standard applicable in bankruptcy and nonbankruptcy proceedings alike is whether there was notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

---

[5]   Moreover, Bankruptcy Rule 3007(d)(4) provides that an omnibus objection may be made with respect to claims that were "not timely filed[.]" Fed. R. Bankr. P. 3007(d)(4).

of the action." *Id.* at 792 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306,

314 (1950)).  In applying that standard, the Supreme Court has stated:

> This Court has not hesitated to approve of resort to publication as a
> customary substitute in another class of cases where it is not
> reasonably possible or practicable to give more adequate warning.
> Thus, it has been recognized that, in the case of persons missing or
> unknown, employment of an indirect, and even a probably futile,
> means of notification is all that the situation permits, and creates
> no constitutional bar to a final decree foreclosing their rights.

*Mullane*, 339 U.S. at 317 (citations omitted).  As applied to bar date orders in the bankruptcy

context, the Supreme Court's interpretation regarding the sufficiency of notice compels the result

that, while actual notice of a bar date must be provided to "a creditor 'known' to a debtor," *XO

Commc'n*, 301 B.R. at 792, "[f]or obvious reasons debtors need not provide actual notice to

unknown creditors . . . [who are] entitled to no more than constructive notice (i.e., notice by

publication) of the bar date." *In re Drexel Burnham Lambert Group Inc.*, 151 B.R. 674, 681

(Bankr. S.D.N.Y. 1993) (parenthetical in original).

        12.    In differentiating between a "known" creditor and an "unknown" creditor,

the guiding principle is that the latter is one whose identity and/or claim is not "reasonably

ascertainable" or is merely conceivable, conjectural or speculative." *XO Commc'n*, 301 B.R. at

793 (citation omitted).  In turn, a creditor's identity or claim is not "reasonably ascertainable" if

it cannot be uncovered by a debtor through "reasonably diligent efforts." *Id.* (citing *Mennonite

Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983)).  However, a debtor need not engage in

extended searches where the effectiveness of such a search is outweighed by its practical

difficulties or high cost. *Mullane*, 339 U.S. at 317 (notice not required to those who could be

discovered upon investigation but do not, in "due course of business[,] come to knowledge").

Rather, the requisite search "focuses on the debtor's own books and records.  Efforts beyond a

careful examination of these documents are generally not required." *XO Commc'n,* 301 B.R. at

793 (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 347 (3d Cir. 1995)).

13.    A review of the Late-Filed Claims reveals that each of the Unknown

Creditors was "unknown" to the Debtors.  Whether based on the Debtors' books and records or

otherwise, the Debtors did not know of the identity of the Unknown Creditors and/or that such

Unknown Creditors had a potential claim.  As such, with respect to the Unknown Creditors,

actual notice was neither required nor practicable, and notice by publication was sufficient.

None of the Unknown Creditors have moved for an extension under Bankruptcy Rule

9006(b)(1).

14.    "Bar dates are 'critically important to the administration of a successful

chapter 11 case.'" *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y.

2010) (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).  A

bar date is more than a "procedural gauntlet" and functions as "an integral part of the

reorganization process." *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991).  A bar date

enables debtors to determine with reasonable promptness, efficiency and finality what claims

will be made against their estates so that distributions to holders of allowed claims can be made

as soon as possible. *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).

Accordingly, bar dates are strictly enforced in the Second Circuit. *See id.; In re Lehman Bros.*

*Holdings, Inc.*, 433 B.R. at 127; *In re Musicland Holding Corp.*, 356 B.R. at 607 ("The bar date

is akin to a statute of limitations, and must be strictly enforced.").  Because the Late-Filed

Claims fail to comply with the Bar Date Orders and are thus untimely, the GUC Trust requests

that the Court enforce its prior Bar Date Orders and disallow and expunge in their entirety the

Late-Filed Claims listed on **Exhibit "A."**

8

**Notice**

15.    Notice of this 244th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

16.    No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  New York, New York
       August 24, 2011

                                           /s/ Stefanie Birbrower Greer
                                         Barry N. Seidel (BS-1945)
                                         Stefanie Birbrower Greer (SG-2898)

                                         DICKSTEIN SHAPIRO LLP
                                         1633 Broadway
                                         New York, New York 10019-6708
                                         Telephone: (212) 277-6500
                                         Facsimile: (212) 277-6501

                                         Attorneys for Motors Liquidation
                                         Company GUC Trust

| 244th Omnibus Objection | | **Exhibit A** | | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG),  Jointly Administered | | |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| APRIL SHORTER<br>2877 N 44TH ST<br><br>MILWAUKEE, WI 53210 | 70519 | Motors Liquidation Company | | | Late-Filed Claim | Pgs. 1-7 |
| | | | Unliquidated | | | |

**Additional Claim Information**

| | | |
|---|---|---|
| Applicable Bar Date: | 11/30/2009 | |
| Postmark Date: | 12/24/2010 | |
| Official Claim Date: | 12/24/2010 | |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ARNO BUTZ<br>ADOLFSTR 9<br>42655 SOLINGEN GERMANY | 69704 | Motors Liquidation Company | $0.00 | (S) | Late-Filed Claim | Pgs. 1-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $83,128.30 | (U) | | |
| | | | $83,128.30 | (T) | | |
| | | | Unliquidated | | | |

**Additional Claim Information**

| | | |
|---|---|---|
| Applicable Bar Date: | 11/30/2009 | |
| Postmark Date: | 1/4/2010 | |
| Official Claim Date: | 1/4/2010 | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| AUSTIN AND REBECCA VIALL<br>710 KELLER LANE<br><br>TUSCUMBIA, AL 35674 | 70910 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-7 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/14/2011 |
| Official Claim Date: | 2/14/2011 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BSH<br>PRAZISIONS-STAHLROHRHANDEL GMBH<br>POSTFACH 17 02 26<br>42621 SOLINGEN GERMANY | 69705 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$42,462.00  (U)<br>$42,462.00  (T) | Late-Filed Claim | Pgs. 1-7 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/4/2010 |
| Official Claim Date: | 1/4/2010 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

# Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| C R RONDINIELLI INC<br>220 AVE LOS ATLETICOS<br><br>SAN GERMAN, PR 00683-4527 | 69133 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$456,037.91  (U)<br>$456,037.91  (T) | Late-Filed Claim | Pgs. 1-7 |

### Additional Claim Information

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/7/2009 |
| Official Claim Date: | 12/7/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CHERYL JAMES<br>813 HIDDEN TRAIL RD<br><br>PORT TOWNSEND, WA 98368-9002<br>UNITED STATES OF AMERICA | 70952 | Motors Liquidation Company | $4,000.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$500.00  (U)<br>$4,500.00  (T) | Late-Filed Claim | Pgs. 1-7 |

### Additional Claim Information

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/15/2011 |
| Official Claim Date: | 2/15/2011 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

244th Omnibus Objection

# Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CHRISTEEN SAULTERS/HINTON 254 ROSS MCPHAIL RD CARSON, MS 39427 UNITED STATES OF AMERICA | 70245 | Motors Liquidation Company | $0.00 (S) $0.00 (A) $0.00 (P) $10,000.00 (U) $10,000.00 (T) Unliquidated | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 4/22/2010 |
| Official Claim Date: | 4/22/2010 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| Christy Gresens 3161 Primrose Lane Green Bay, WI 54313 UNITED STATES OF AMERICA | 69483 | Motors Liquidation Company | $0.00 (S) $0.00 (A) $0.00 (P) $500.00 (U) $500.00 (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/16/2009 |
| Official Claim Date: | 12/16/2009 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

**Exhibit A**    Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CLARA M KRAFT<br>C/O RUTH R DALTON<br>1049 GEORGE RD<br>MEADOWBROOK, PA 19046-1107 | 71035 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$5,115.00  (U)<br>$5,115.00  (T) | Late-Filed Claim | Pgs. 1-7 |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 3/2/2011 |
| Official Claim Date: | 3/2/2011 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ERICA L DAVIS<br>C/O LAW OFFICES OF ROGER A GEDDES<br>ATTN: ROGER A GEDDES, ESQ<br>16211 N SCOTTSDALE RD, SUITE 470<br>SCOTTSDALE, AZ 85254 | 71085 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$2,000,000.00  (U)<br>$2,000,000.00  (T) | Late-Filed Claim | Pgs. 1-7 |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 3/24/2011 |
| Official Claim Date: | 3/24/2011 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ERIE INSURANCE<br>PO BOX 605<br><br>MURRYSVILLE, PA 15668 | 70051 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$7,535.82  (U)<br><br>$7,535.82  (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/22/2010 |
| Official Claim Date: | 2/22/2010 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| FLORENCE CONIGLIO<br>PO BOX 737<br><br>FT WHITE, FL 32038 | 70168 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$6,000.00  (U)<br><br>$6,000.00  (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 3/26/2010 |
| Official Claim Date: | 3/26/2010 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 6

244th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP<br>ATTN: ASSISTANT GENERAL COUNSEL<br>7 HANOVER SQ<br>NEW YORK, NY 10004 | 68864 | Motors Liquidation Company | $0.00 | (S) | Late-Filed Claim | Pgs. 1-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $3,027.00 | (U) | | |
| | | | $3,027.00 | (T) | | |

**Additional Claim Information**

Applicable Bar Date:    11/30/2009

Postmark Date:    11/20/2009

Official Claim Date:    12/4/2009

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| GEARY/GERALD GARTON<br>168 K C DRIVE<br><br>BASTROP, TX 78602<br>UNITED STATES OF AMERICA | 70336 | Motors Liquidation Company | $0.00 | (S) | Late-Filed Claim | Pgs. 1-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $17,770.04 | (U) | | |
| | | | $17,770.04 | (T) | | |

**Additional Claim Information**

Applicable Bar Date:    11/30/2009

Postmark Date:    6/26/2010

Official Claim Date:    6/26/2010

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| IRENE ROSE<br>982 WYNDSOR DR<br><br>HIXSON, TN 37343 | 70402 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$125,000.00  (U)<br>$125,000.00  (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 9/20/2010 |
| Official Claim Date: | 9/20/2010 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JACOB HALL<br>417 S. 1ST STREET<br><br>BELLEVILLE, IL 62220<br>UNITED STATES OF AMERICA | 70683 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/27/2011 |
| Official Claim Date: | 1/27/2011 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JAMES J ROBINSON<br>2932 BREEZY RD<br><br>VIRGINIA BEACH, VA 23451 | 70771 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-7 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/3/2011 |
| Official Claim Date: | 2/3/2011 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JAMES WILLIAMS SR<br>PO BOX 335<br><br>FAIRFIELD, CA 94533 | 70046 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$10,000.00   (U)<br>$10,000.00   (T)<br><br>Unliquidated | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/19/2010 |
| Official Claim Date: | 2/19/2010 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JOYCE DECKER<br>800 E KAHLER RD<br>WILMINGTON, IL 60481-1570 | 69700 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$6,000.00  (U)<br>$6,000.00  (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/4/2010 |
| Official Claim Date: | 1/4/2010 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JUNE A CAMERON<br>942 SYCAMORE AVE<br>HASTINGS, NE 68901 | 68971 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,575.00  (U)<br>$1,575.00  (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 11/30/2009 |
| Official Claim Date: | 12/7/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| KAREN A WILLING<br>1508 EVERGREEN DR<br><br>JANESVILLE, WI 53546 | 70637 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$61,252.50 (U)<br>$61,252.50 (T) | | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/22/2011 |
| Official Claim Date: | 1/22/2011 |
| Docket Number of Affidavit of Service: | 4706 |
| Notice Provided and Date of Service: | 3rd Supplemental POC on 12/21/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| KREMSER BANK<br>PINTSCH RUDOLF<br>RINGSTRASSE 5-7<br>A-3500 KREMS AUSTRIA | 68986 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,000.00 (U)<br>$4,000.00 (T) | | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 11/27/2009 |
| Official Claim Date: | 12/7/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection                    **Exhibit A**                    Motors Liquidation Company, et al.
                                                                 Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LEONARD C PETROSKI<br>2910 STATE HILL RD A-11<br><br>WYOMISSING, PA 19610 | 71057 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$8,000.00 (U)<br>$8,000.00 (T) | Late-Filed Claim | Pgs. 1-7 |

Additional Claim Information

    Applicable Bar Date:    11/30/2009

    Postmark Date:          3/11/2011

    Official Claim Date:    3/11/2011

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LINDA FISHER<br>PO BOX 1143<br><br>CANYON COUNTRY, CA 91386 | 69960 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$7,500.00 (U)<br>$7,500.00 (T) | Late-Filed Claim | Pgs. 1-7 |

Additional Claim Information

    Applicable Bar Date:    11/30/2009

    Postmark Date:          2/1/2010

    Official Claim Date:    2/1/2010

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 12

244th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| MARGIE BENNETT<br>4911 PELHAM DR.<br><br>AUSTIN, TX 78727<br>UNITED STATES OF AMERICA | 70581 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$10,000.00<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/14/2011 |
| Official Claim Date: | 1/14/2011 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| MARINA BURGOIN<br>1427 1/2 W 18TH ST<br><br>LOS ANGELES, CA 90006-4856 | 70808 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$300,000.00<br>$300,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/1/2011 |
| Official Claim Date: | 2/1/2011 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MR DANNY C SIMMONS<br>79 MARY DAY AVE<br><br>PONTIAC, MI 48341-1732 | 69779 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$37,989.00  (U)<br>$37,989.00  (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/12/2010 |
| Official Claim Date: | 1/14/2010 |
| Docket Number of Affidavit of Service: | 4706 |
| Notice Provided and Date of Service: | 3rd Supplemental POC on 12/21/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MR DONALD B HOLLAND<br>2144 WEBBER AVE<br><br>BURTON, MI 48529-2414 | 69713 | Motors Liquidation Company | $44,000.00  (S)<br>$0.00  (A)<br>$2,425.00  (P)<br>$0.00  (U)<br>$46,425.00  (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/4/2010 |
| Official Claim Date: | 1/6/2010 |
| Docket Number of Affidavit of Service: | 4706 |
| Notice Provided and Date of Service: | 3rd Supplemental POC on 12/21/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| MRS TERRY L LOVE<br>PO BOX 585<br><br>FLINT, MI 48501-0585 | 69755 | Motors Liquidation Company | $0.00 | (S) | Late-Filed Claim | Pgs. 1-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $18,000.00 | (U) | | |
| | | | $18,000.00 | (T) | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/11/2010 |
| Official Claim Date: | 1/11/2010 |
| Docket Number of Affidavit of Service: | 4706 |
| Notice Provided and Date of Service: | 3rd Supplemental on 12/21/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| MS ANN E ASH<br>61 PARKER AVE<br><br>MASSENA, NY 13662-2212 | 69768 | Motors Liquidation Company | $0.00 | (S) | Late-Filed Claim | Pgs. 1-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $6,000.00 | (U) | | |
| | | | $6,000.00 | (T) | | |
| | | | Unliquidated | | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 1/9/2010 |
| Official Claim Date: | 1/12/2010 |
| Docket Number of Affidavit of Service: | 4706 |
| Notice Provided and Date of Service: | 3rd Supplemental POC on 12/21/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| 244th Omnibus Objection | | **Exhibit A** | | | Motors Liquidation Company, et al. |
|---|---|---|---|---|---|
| | | | | | Case No. 09-50026 (REG),  Jointly Administered |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RELCO SYSTEMS INC<br>C/O DAMON MOREY LLP<br>ATTN WILLIAM P SAVINO ESQ<br>200 DELAWARE AVENUE<br>BUFFALO, NY 14202 | 70019 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$297,200.00 (U)<br>$297,200.00 (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/9/2010 |
| Official Claim Date: | 2/10/2010 |
| Docket Number of Affidavit of Service: | 4706 |
| Notice Provided and Date of Service: | 3rd Supplemental POC on 12/21/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RICHARD ROSS<br>3919 ENGLEWOOD<br><br>HOUSTON, TX 77026<br>UNITED STATES OF AMERICA | 70396 | Motors Liquidation Company | $2,500.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$400.00 (U)<br>$2,900.00 (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 9/7/2010 |
| Official Claim Date: | 9/7/2010 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection | **Exhibit A** | Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ROBERT RAYPOLE<br>4190 ARIZONA BLVD<br><br>LK HAVASU CTY, AZ 86406<br>UNITED STATES OF AMERICA | 70510 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$1,539.00  (U)<br><br>$1,539.00  (T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

Applicable Bar Date:    11/30/2009

Postmark Date:          12/7/2010

Official Claim Date:    12/7/2010

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 17

# Exhibit A

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| RUBY HILL LLC<br>ATTN  WENDY W SMITH ESQ<br>BINDER & MALTER LLP<br>2775 PARK AVENUE<br>SANTA CLARA, CA 95050 | 70189 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$795,482.00<br>$795,482.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 3/31/2010 |
| Official Claim Date: | 3/31/2010 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RUBY HILL LLC<br>ATTN  WENDY W SMITH ESQ<br>BINDER & MALTER LLP<br>2775 PARK AVENUE<br>SANTA CLARA, CA 95050 | 70190 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 3/31/2010 |
| Official Claim Date: | 3/31/2010 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

244th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SAEED SHAFA<br>27 PORTSMOUTH DR.<br><br>NOVATO, CA 94949<br>UNITED STATES OF AMERICA | 70976 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-7 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/18/2011 |
| Official Claim Date: | 2/18/2011 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SHANNA ANDERSON<br>5937 HILLCREST<br><br>DETROIT, MI 48236 | 70334 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-7 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 6/24/2010 |
| Official Claim Date: | 6/24/2010 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 19

### Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| WILLIAM L & ELLEN J PLACE<br>PO BOX 126<br><br>LOS LUNAS, NM 87031<br>UNITED STATES OF AMERICA | 70864 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$150.00<br>$150.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 2/10/2011 |
| Official Claim Date: | 2/10/2011 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| WYATT COBB<br>4592 PENNSYLVANIA ST<br><br>GARY, IN 46409 | 70111 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$2,900.00<br>$2,900.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Late-Filed Claim | Pgs. 1-7 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 3/10/2010 |
| Official Claim Date: | 3/10/2010 |

| | | | | |
|---|---|---|---|---|
| | 39 | $50,500.00 | (S) | |
| | | $0.00 | (A) | |
| | | $2,425.00 | (P) | |
| | | $4,325,063.57 | (U) | |
| | | $4,377,988.57 | (T) | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                              :

In re                            :        Chapter 11 Case No.
                              :

MOTORS LIQUIDATION COMPANY, *et al.*,  :      09-50026 (REG)
      f/k/a General Motors Corp., *et al.*  :

                Debtors.      :        (Jointly Administered)
                              :

---------------------------------------------------------------x

<div align="center">

**ORDER GRANTING 244TH OMNIBUS**
**OBJECTION TO CLAIMS AND ENFORCEMENT OF BAR DATE ORDERS**
**(Late-Filed Claims)**

</div>

Upon the 244th omnibus objection to expunge certain claims and motion

requesting enforcement of the Bar Date Orders,[1] dated August 24, 2011 (the "**244th Omnibus**

**Objection to Claims**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"),

formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the

Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11,

United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of

omnibus objections to proofs of claim filed against the Initial Debtors (the "**Procedures Order**")

(ECF No. 4180), this Court's order deeming the Procedures Order applicable to the

REALM/ENCORE Debtors (the "**REALM/ENCORE Order**") (ECF No. 4841), and the Bar

Date Orders, seeking entry of an order disallowing and expunging the Late-Filed Claims on the

grounds that such claims were not timely filed, all as more fully described in the 244th Omnibus

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 244th Omnibus Objection to Claims.

Objection to Claims; and due and proper notice of the 244th Omnibus Objection to Claims

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the 244th Omnibus Objection to

Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the 244th Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the 244th Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto are disallowed and expunged; and

it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to any claim listed on **Exhibit "A"** annexed to the 244th Omnibus

Objection to Claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
       _____, 2011


                                                    _____
                                                    United States Bankruptcy Judge