09-50026-mg    Doc 10749    HEARING DATE AND TIME: September 26, 2011 at 9:45 a.m. (Eastern Time)    Filed 08/24/11    Entered 08/24/11 16:32:19    Main Document
RESPONSE DEADLINE: September 19, 2011 at 4:00 p.m. (Eastern Time)
Pg 1 of 21

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

**FOR QUESTIONS CONCERNING YOUR GMAC BONDS, PLEASE CALL THE GMAC (ALLY FINANCIAL) INVESTOR HOTLINE AT 1-866-710-4623**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

In re                                                             :     Chapter 11 Case No.
                                                                     :
                                                                     :     09-50026 (REG)
**MOTORS LIQUIDATION COMPANY**, *et al.*  :
        f/k/a **General Motors Corp.**, *et al.*,  :
                                                                     :     (Jointly Administered)
                        Debtors.                         :
                                                                     :
---------------------------------------------------------- x

**NOTICE OF 246TH OMNIBUS OBJECTION TO CLAIMS**
(No Liability Claims)

        **PLEASE TAKE NOTICE** that on August 24, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed an omnibus objection to expunge certain claims (the "**246th Omnibus**

**Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 246th Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of

New York, One Bowling Green, New York, New York 10004, on **September 26, 2011 at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

    **PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE
246TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBITS
"A", "B" OR "C" ANNEXED THERETO.**

    **PLEASE TAKE FURTHER NOTICE** that any responses to the 246th Omnibus

Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Dickstein Shapiro LLP, attorneys

for the GUC Trust, 1633 Broadway, New York, New York 10019 (Attn: Barry N. Seidel, Esq.

and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas

Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims,

375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq.

and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005

(Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg,

Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity

as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street,

Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau,

Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC

Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust

Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith

Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action

Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia

30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto

Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York,

New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as

the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **September 19, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 246th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 246th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 24, 2011
      New York, New York

                            /s/ Stefanie Birbrower Greer
                            Barry N. Seidel (BS-1945)
                            Stefanie Birbrower Greer (SG-2898)

                            DICKSTEIN SHAPIRO LLP
                            1633 Broadway
                            New York, New York 10019
                            Telephone: (212) 277-6500
                            Facsimile: (212) 277-6501

                            Attorneys for Motors Liquidation
                            Company GUC Trust

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
Dickstein Shapiro LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

In re

MOTORS LIQUIDATION COMPANY, *et al.*,
f/k/a General Motors Corp., *et al.*,

Debtors.

------------------------------------------------------------ x

Chapter 11 Case No.

09-50026 (REG)

(Jointly Administered)

## 246TH OMNIBUS OBJECTION TO CLAIMS
### (No Liability Claims)

> THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
> CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE
> EXHIBIT ANNEXED TO THIS OBJECTION.

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1.     The GUC Trust files this 246th omnibus objection to certain claims (the
**"246th Omnibus Objection to Claims"**), pursuant to section 502(b) of title 11, United
States Code (the **"Bankruptcy Code"**), Rule 3007(d) of the Federal Rules of Bankruptcy
Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the
filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the **"Procedures
Order"**) (ECF No. 4180), seeking entry of an order disallowing and expunging the claims
listed on **Exhibits "A", "B", and "C"** annexed hereto.[1]

2.     Representatives of the GUC Trust have examined the proofs of claim
identified on **Exhibits "A", "B", and "C"** and have determined that such proofs of claim
(collectively, the **"No Liability Claims"**) seek recovery for amounts for which the Debtors are
not liable.  The No Liability Claims on **Exhibit "A"** (the **"Settled/Adjudicated Claims"**) are
claims which the Debtors either settled prepetition or obtained a prepetition judgment in their
favor; the No Liability Claims on **Exhibit "B"** (the **"Non-Debtor Claims"**) are claims for
which the Debtors are not liable and to the extent liability exists on account of such claims, such
liability is the obligation of an entity other than the Debtors; and the No Liability Claims on
**Exhibit "C"** (the **"Securities Claims"**) are claims for equity interests or individual debt security
claims, which are not entitled to recovery under the terms of the Plan.

3.     Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule
3007, and the Procedures Order, the GUC Trust seeks entry of an order disallowing and

---

[1] Creditors can obtain copies of the cover page of any proof of claim against the Debtors' bankruptcy estates on the Debtors' claims register on the website (www.motorsliquidation.com) maintained by the Debtors' claims agent.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017, or by phone at 1-703-286-6401.

expunging the No Liability Claims from the claims register. Further, the GUC Trust reserves the right to object on an alternative basis to any of the No Liability Claims as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.    On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

6.    On October 6, 2009, this Court entered the Procedures Order, which authorizes parties in interest to, among other things, file omnibus objections to claims under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that "seek recovery of amounts for which the Debtors are not liable." (Procedures Order at 2.)

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.

[3] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

## The Relief Requested Should Be Approved by the Court

7.       On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled *"The GUC Trust,"* provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

8.       A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.       Each of the No Liability Claims are claims for which the Debtors are not liable and therefore, are unenforceable against the Debtors.

### A.       Settled/Adjudicated Claims

10.       With respect to the six Settled/Adjudicated Claims listed on **Exhibit "A"**, five were settled or resolved prepetition such that, as of the Petition Date, the Debtors had no remaining liability to the claimants with respect to such claims. The remaining Settled/Adjudicated Claim (Claim No. 66268) relates to a litigation for which the Debtors

obtained a prepetition judgment in their favor and the claimant has exhausted all appellate remedies. Thus, the Debtors have satisfied the obligations (if any) associated with the Settled/Adjudicated Claims and such claims should be disallowed and expunged.

### B.    Non-Debtor Claims

11.    The claims listed on **Exhibit "B"** are claims for which a party other than the Debtors may be liable. Of these five claims, referred to herein as "Non-Debtor Claims" (i) one relates to a litigation in which only General Motors of Canada Ltd. (and not any of the Debtors), is named as a Defendant (Claim No. 18490), (ii) three are products liability claims (the "**Products Liability Claims**") which were assumed by General Motors, LLC ("**New GM**") and thus are not the responsibility of the Debtors, even if allowed (Claim Nos. 24325, 24327, and 63746), and (iii) one relates to benefits which are not owed by the Debtors pursuant to a prepetition settlement in *In re General Motors ERISA Litigation*, Case No. 05-71085 (E.D. Mich. June 5, 2008) (Claim No. 13980, the "**Benefits Claim**").

### a.    Claims Assumed by New GM

12.    The three Products Liability Claims relate to obligations assumed by New GM pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM (the "**Sale**"). Section 2.3(a)(ix) of the Master Purchase Agreement sets forth the extent to which the Products Liability Claims were assumed by New GM. In particular, New GM assumed:

> (ix) all Liabilities to third parties for death, personal injury, or other injury to [p]ersons or damage to property caused by motor vehicles designed for operation on public roadways or by the

5

> component parts of such motor vehicles and, in each case,
> manufactured, sold or delivered by [s]ellers [(i.e, the Debtors)] .
> . .which arise directly out of death, personal injury or other
> injury to [p]ersons or damage to property caused by accidents
> or incidents first occurring *on or after the Closing Date* and
> arising from such motor vehicles' operation or performance . . .

Master Purchase Agreement § 2.3(a)(ix) (emphasis added).  The term "Liabilities" is defined in

the recitals to the Master Purchase Agreement as follows:

> "Liabilities" means any and all liabilities and obligations of
> every kind and description whatsoever, whether such liabilities
> or obligations are known or unknown, disclosed or undisclosed,
> matured or unmatured, accrued, fixed, absolute, contingent,
> determined or undeterminable, on or off-balance sheet or
> otherwise, or due or to become due, including Indebtedness and
> those arising under any Law, Claim, Order, Contract or
> otherwise.

13.        Each of the Products Liability Claims relate to events occurring after the July

10, 2009 closing date of the Sale.  Thus, as expressly set forth in the Master Purchase Agreement,

such claims have been assumed by New GM.  *See In re Motors Liquidation Co.*, Ch. 11 Case

No. 09-50026 (REG), 2011 Bankr. LEXIS 11, at *4 (Bankr. S.D.N.Y. Jan. 5, 2011) (explaining

that "claims arising from 'accidents or incidents' occurring on or after July 10, 2009" were

assumed by New GM pursuant to section 2.3(a)(ix) of the Master Purchase Agreement).

Consequently, the Product Liability Claims should be disallowed and expunged.

6

b.    **The Benefits Claim**

14.    The Benefits Claim (Claim No. 13980) relates to a prepetition settlement of a class action lawsuit against the General Motors Savings-Stock Purchase Program for Salaried Employees and the General Motors Personal Savings Plan for Hourly Employees (collectively, the "**Plans**"). The Plans are subject to statutory funding requirements, and thereby possess their own assets, and are legally separate from, their plan sponsors.[4] Under ordinary principles of contract law, payments to be made to beneficiaries of the Plans are the responsibility of the Plans, and not of the Plans' sponsors. Thus, the Debtor has no obligation with respect to the Benefits Claim. By this Objection, the GUC Trust does not seek to affect the rights of the claimant to continue receiving pension benefits from its benefit plan.

C.    **Securities Claims**

15.    The seven "Securities Claims" fall into two categories. Four of such claims (Claim Nos. 3082, 7778, 19155, and 19758) relate to an equity interest held by the claimant ("**Equity Interests**"), for which claimants are not entitled to recovery and which should be disallowed and reclassified as equity under the Plan. The remaining three claims are debt security claims asserted by individuals, for which the Debtors are not liable under the terms of the Plan (the "**Individual Claims**").[5]

16.    With respect to the Equity Interests, the Bankruptcy Code clearly differentiates between a "claim" and an "equity security" and designates those who have

---

[4] Section 502(d)(2) of ERISA (as defined below) provides, for example, that: "Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any person unless liability against such person is established in his individual capacity under this title."

[5] To the extent any of the Securities Claims seek damages arising from the purchase or sale of an equity interest or debt security, such claims are either subordinated to (in the case of debt securities), or afforded the same treatment as (in the case of equity interests), the underlying security. 11 U.S.C. § 510(b).

"claims" against the Debtors as "creditors" and those who hold "equity securities" as "equity security holders." 11 U.S.C. §§ 101(5), 101(16), 101(10), 101(17). Thus, the filing of a proof of claim by an equity security holder to assert an equity interest is improper and insufficient to support a "claim." *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership"). A proof of claim asserting an equity interest as a "claim" should be disallowed and reclassified as an equity interest.

17.    The Individual Claims were previously fixed and allowed under the Debtors' Plan. Individual bondholders, to the extent they are beneficial bondholders as of the record date under the Debtors' Plan, will receive distributions in accordance with the Plan. To avoid the possibility of multiple recoveries, the GUC Trust representatives request that the Court disallow and expunge the Individual Claims. *See In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors'") (quoting In re Chateaugay Corp., 130 B.R. 690, 698 (S.D.N.Y. 1991)).

\*        \*        \*

18.    For the reasons set forth herein, the GUC Trust submits that the Debtors are not liable for the claims listed on Exhibits **"A", "B", and "C"** and that such claims should be disallowed, expunged and/or reclassified as described herein.

8

## Notice

19.     Notice of this 246th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibits "A", "B", and "C"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

20.     No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 24, 2011
      New York, New York

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

246th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BUCKLEY ERMA JEANINE<br>175 W 90TH ST<br>APT 5C<br>NEW YORK, NY 10024<br>UNITED STATES OF AMERICA | 66268 | Motors Liquidation Company | $0.00<br>$0.00<br>$500,000.00<br>$0.00<br>$500,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Settled/Adjudicated | Pgs. 4-5 |
| COMMONWEALTH OF KENTUCKY<br>TRANSPORTATION CABINET<br>ATTN KELLY ROBERTS<br>200 METRO STREET<br>FRANKFORT, KY 40622 | 1549 | Motors Liquidation Company | $0.00<br>$0.00<br>$1,151.72<br>$1,151.72<br>$2,303.44 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Settled/Adjudicated | Pgs. 4-5 |
| ELITE COUNTERTOPS LLC<br>CHESSON, CHRISTIAN D<br>1 LAKESHORE DR STE 1800<br>LAKE CHARLES, LA 70629-0123 | 11404 | Motors Liquidation Company | $22,228.11<br>$0.00<br>$0.00<br>$9,223.11<br>$31,451.22 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Settled/Adjudicated | Pgs. 4-5 |
| KENNEY, ANGELA<br>1401 SAPPHIRE ST<br>LONGVIEW, TX 75602-3730 | 38936 | Motors Liquidation Company | $40,931.00<br>$0.00<br>$0.00<br>$0.00<br>$40,931.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Settled/Adjudicated | Pgs. 4-5 |
| KEVIN A KING<br>C/O BRENT L ENGLISH<br>1500 WEST 3RD ST<br>470 MK FERGUSON PLAZA<br>CLEVELAND, OH 44113 | 65681 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$5,354.11<br>$5,354.11 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Settled/Adjudicated | Pgs. 4-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

246th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| RELYEA HOWARD<br>RELYEA, HOWARD<br>201 NOTT TER<br>SCHENECTADY, NY 12307-1025 | 16718 | Motors Liquidation Company | $0.00 | (S) | No Liability; Settled/Adjudicated | Pgs. 4-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $349,500.00 | (U) | | |
| | | | $349,500.00 | (T) | | |

| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 6 | | $63,159.11 | (S) | | |
|---|---|---|---|---|---|---|
| | | | $0.00 | (A) | | |
| | | | $501,151.72 | (P) | | |
| | | | $365,228.94 | (U) | | |
| | | | $929,539.77 | (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

246th Omnibus Objection                    **Exhibit B**                    Motors Liquidation Company, et al.
                                                                    Case No. 09-50026 (REG),  Jointly Administered

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| AL NAWASREH ADBER RAOUF ET AL JAMES L GILBERT GILBERT OLLANIK & KOMYATTE PC 5400 WARD ROAD BLDG IV STE 200 ARVADA, CO 80002 | 63746 | Motors Liquidation Company | $0.00 | (S) | No Liability; Non-Debtor Claims | Pgs. 5-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $20,000,000.00 | (U) | | |
| | | | $20,000,000.00 | (T) | | |
| BERTANZETTI, LINDA A 44344 STATE ROUTE 517 COLUMBIANA, OH 44408-9571 | 13980 | Motors Liquidation Company | | | No Liability; Non-Debtor Claims | Pgs. 5-7 |
| | | | Unliquidated | | | |
| ESMERALDA RAMIREZ LAMAR B BROWN ROBINSON CALCAGNIE & ROBINSON 620 NEWPORT CENTER DR SUITE 700 NEWPORT BEACH, CA 92660 | 24325 | Motors Liquidation Company | $0.00 | (S) | No Liability; Non-Debtor Claims | Pgs. 5-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $5,000,000.00 | (U) | | |
| | | | $5,000,000.00 | (T) | | |
| JAIME FITZKERLEY C/O BRIAN R. GOLDFINGER 45 SHEPPARD AVE E SUITE 900 TORONTO, ON  M2N 5W9 | 18490 | Motors Liquidation Company | $0.00 | (S) | No Liability; Non-Debtor Claims | Pgs. 5-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $1,000,000.00 | (U) | | |
| | | | $1,000,000.00 | (T) | | |
| RODOLFO RAMIREZ LAMAR B BROWN ROBINSON CALCAGNIE & ROBINSON 620 NEWPORT CENTER DR SUITE 700 NEWPORT BEACH, CA 92660 | 24327 | Motors Liquidation Company | $0.00 | (S) | No Liability; Non-Debtor Claims | Pgs. 5-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $5,000,000.00 | (U) | | |
| | | | $5,000,000.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit B**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 5 | | $0.00 | (S) | | |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $31,000,000.00 | (U) | | |
| | | | $31,000,000.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

246th Omnibus Objection

**Exhibit C**

<u>Motors Liquidation Company, et al.</u>
Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO RECLASSIFY |
| --- |

## CLAIMS TO BE RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
| --- | --- | --- | --- | --- | --- |
| DAVID A POTTER JR TTEE<br>MORGAN STANLEY / SMITH BARNEY<br>DAVID A POTTER SR TRUST U/A DTD 08/10/1990<br>28078 GRAVEL HILL RD<br>MILLSBORO, DE 19966-3953 | 3082 | Motors Liquidation Company | $19,215.28 | No Liability; Securities Claims (Equity Interests) | Pgs. 7-8 |
| DR. KHURSHID CHANNAH MD<br>CGM IRA CUSTODIAN<br>20 EAST 9TH STREET APT. 14-O<br>NEW YORK, NY 10003-5944 | 19758 | Motors Liquidation Company | $31,924.34 | No Liability; Securities Claims (Equity Interests) | Pgs. 7-8 |
| JOSEPH SCHONFELD<br>10369 NW 24 PL<br>SUNRISE, FL 33322<br>UNITED STATES OF AMERICA | 7778 | Motors Liquidation Company | $13,739.00 | No Liability; Securities Claims (Equity Interests) | Pgs. 7-8 |
| WENAAS, SYLVIA M<br>211 PROGRESS RD., APT # 4<br>MANAWA, WI 54949 | 19155 | Motors Liquidation Company | $0.00 Unliquidated | No Liability; Securities Claims (Equity Interests) | Pgs. 7-8 |

| CLAIMS TO BE RECLASSIFIED | 4 |
| --- | --- |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

246th Omnibus Objection

**Exhibit C**

<u>Motors Liquidation Company, et al.</u>
Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GALE L SLATES<br>5344 CORAL AVE<br>CAPE CORAL, FL 33904 | 20193 | Motors Liquidation Company | $80,000.00<br>Unliquidated | No Liability;<br>Securities Claims<br>(Individual Claims) | Pgs. 7-8 |
| JOHN A HAACK<br>2500 VILLAGE LN<br>FORISTELL, MO 63348-2422 | 62968 | Motors Liquidation Company | $521,768.00 | No Liability;<br>Securities Claims<br>(Individual Claims) | Pgs. 7-8 |
| STEGEMAN, GEORGE T<br>1206 N LAKESHORE RD<br>PORT SANILAC, MI 48469-9795 | 23023 | Motors Liquidation Company | $355.58 | No Liability;<br>Securities Claims<br>(Individual Claims) | Pgs. 7-8 |

*CLAIMS TO BE DISALLOWED AND EXPUNGED*        3

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

In re

MOTORS LIQUIDATION COMPANY, *et al.*
    f/k/a General Motors Corp., *et al.*,

                          Debtors.

---------------------------------------------------------- x

    :    **Chapter 11 Case No.**

    :

    :    **09-50026 (REG)**

    :

    :    **(Jointly Administered)**

    :

## ORDER GRANTING 246TH OMNIBUS OBJECTION TO CLAIMS
### (No Liability Claims)

Upon the 246th Omnibus Objection to expunge certain claims, dated August 24, 2011 (the "**246th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the No Liability Claims on the grounds that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully described in the 246th Omnibus Objection to Claims; and due and proper notice of the 246th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 246th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 246th Omnibus Objection to Claims establish just cause for the relief

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 246th Omnibus Objection to Claims.

granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the relief requested in the 246th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibits "A", "B" and "C"** (the "**Order Exhibits**") annexed hereto are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibits "A", "B" and "C"** annexed to the 246th Omnibus Objection to claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
United States Bankruptcy Judge