UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                      :

In re                                :        Chapter 11 Case No.
                                      :

MOTORS LIQUIDATION COMPANY, *et al.*,    :        09-50026 (REG)
      f/k/a General Motors Corp., *et al.*      :
                                      :

                     Debtors.      :        (Jointly Administered)
                                      :
------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING
DEBTORS' 176TH OMNIBUS OBJECTION TO CLAIMS**
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

Upon the 176th omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated January 26, 2011 (ECF No. 8858) (the "**176th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), filed pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 176th Omnibus Objection to Claims.

described in the 176th Omnibus Objection to Claims; and due and proper notice of the 176th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the responses to the 176th Omnibus Objection to Claims filed by Richard Knoth (ECF No. 9391) and Melvin Kendziorski (ECF No. Informal), the replies of the Motors Liquidation Company GUC Trust ("**GUC Trust**")[2] to the responses (ECF No. 10454 and 10456), and the failure of the claimants to appear at the hearing on the 176th Omnibus Objection to Claims on July 27, 2011 (the "**Hearing**"); and the Court having found and determined that the relief sought in the 176th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 176th Omnibus Objection to Claims establish just cause for the relief granted herein; and upon the findings of fact and conclusions of law set forth by this Court at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the 176th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 176th

---

[2] By operation of the Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9836), the GUC Trust has superseded the Debtors as the party responsible for reconciling general unsecured claims.

2

Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that the time for a claimant to seek an appeal from the entry of this Order shall begin to run from the date this Order is entered as opposed to the date of the Hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      **September 6, 2011**

                      */s/ **Robert E. Gerber***
                      United States Bankruptcy Judge

3

**176th Omnibus Objection**  **Exhibit A**  **Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| KENDZIORSKI, MELVIN J<br>2605 BROWNING DR<br>LAKE ORION, MI 48360-1817 | 21490 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$156,630.00 (U)<br>$156,630.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KNOTH RICHARD A<br>2559 BROWNING DR<br>LAKE ORION, MI 48360-1815 | 65254 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$152,878.00 (U)<br>$152,878.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | **2** | | **$0.00** (S)<br>**$0.00** (A)<br>**$0.00** (P)<br>**$309,508.00** (U)<br>**$309,508.00** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1