Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re                                                      :   Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY *et al.,*                       :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                   :   (Jointly Administered)
                                                           :
                            Debtors.                       :   Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION
TO FINAL FEE APPLICATION OF BAKER & MCKENZIE LLP**

**TO:    THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Final Application of Baker & McKenzie for Compensation and Reimbursement of Expenses for Services Rendered as Special Counsel to the Debtors for the Period June 1, 2009 Through March 29, 2011* [Docket No. 10262] (the "**Final Fee Application**"). With this report, the Fee Examiner identifies $54,530.76 in fees and expenses, from a total of $109,564.10 requested for the period from October 1, 2009 through March 29, 2011 (the "**Interim Period**"), that are objectionable.

**SUMMARY STATEMENT**

The Final Fee Application—covering the period from the firm's retention on June 1, 2009 through March 29, 2011 (the "**Final Fee Period**")—requests a total of $107,283.05 in fees for the Interim Period and a total of $1,280,837.78 for the Final Fee Period. On September 1, 2011, the Fee Examiner sent Baker & McKenzie LLP ("Baker & McKenzie") a draft of this final *Report and Statement of Limited Objection*. Baker & McKenzie did not respond to the draft report or provide additional information. This table summarizes the amounts Baker & McKenzie has requested and the amounts allowed, to date, for these proceedings:

| Fee Applications | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (06/01/2009 to 09/30/2009) | $1,262,789.76 | $216,380.08 | $1,046,409.68 | $104,640.97 | $21,619.20 | $0.00 | $21,785.99[1] |
| **Interim Period** (10/01/2009 to 03/29/2011) | $107,283.05 | $54,361.08[2] | $52,921.97[3] | $21,456.61 | $2,281.05 | $169.68[2] | $2,111.37[2] |
| **TOTALS:** | **$1,370,072.81** | **$270,741.16** | **$1,099,331.65** | **$126,097.58** | **$23,900.25** | **$ 169.68** | **$23,897.36** |

Baker & McKenzie was retained—and served—as the Debtors' consultant for certain U.S. tax matters and numerous foreign transactions, completing all of the substantive work it had performed for the Debtors by the end of the first interim period, September 30, 2009. *See* Final Fee Application ¶ 10. Accordingly, and by agreement with the Fee Examiner, Baker & McKenzie has not filed any other interim fee application and, instead, its final fee application includes a combined request for compensation for services rendered and expenses incurred for

---

[1] Increase in the amount awarded from the amount requested is due to currency exchange rates.

[2] This includes a recommended reduction for fees the parties agreed to defer from the first interim period.

[3] Proposed/pending.

all interim periods from October 1, 2009 through March 29, 2011.  In the absence of any substantive services for the Debtors, the Interim Period request reflects services primarily accruing to the benefit of Baker & McKenzie.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code.  On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[4]  The Plan was confirmed on March 29, 2011.

2. On November 16, 2009, Baker & McKenzie filed its *First Interim Application of Baker & McKenzie for Compensation and Reimbursement of Expenses for Services Rendered as Special Counsel for the Debtors for the Period June 1, 2009 Through September 30, 2009* [Docket No. 4454] (the "**First Fee Application**"), seeking fees in the amount of $1,262,789.76 and expenses in the amount of $21,619.20.

3. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Baker & McKenzie LLP* [Docket No. 6080] (the "**First Limited Objection**").  That report is incorporated by reference.

4. On July 22, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Baker & McKenzie.  *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30,*

---

[4] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

*2009* [Docket No. 6402] (the "**Second Omnibus Order**"). Through the Second Omnibus Order, the Court approved Baker & McKenzie's First Fee Application authorizing payment of $941,768.71 in fees and $21,785.99 in expenses.

5. On May 16, 2011, Baker & McKenzie filed the Final Fee Application seeking fees in the amount of $107,283.05 for the Interim Period and an aggregate of $1,280,837.78 in fees for the Final Fee Period.

## APPLICABLE STANDARDS

6. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

7. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

8. On July 25, 2011, the Fee Examiner filed a *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

9. In applying this Court's rulings to the fee applications for the Interim Period and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended

4

"safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

        A.      The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[5]

        B.      For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

## COMMENTS

**Interim Period**

10.    **Currency Conversions**. Some of Baker & McKenzie's timekeepers have billing rates set in foreign currencies; the firm, however, has not identified those timekeepers' foreign billing rates. *See* Final Fee Application. Moreover, Baker & McKenzie has failed to calculate those timekeepers' billing rates—or the value of their services—in U.S. dollars consistent with *Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, General Order M-348 (Bankr. S.D.N.Y. Mar. 21, 2008). That order requires fee

---

[5] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

5

applicants to use the currency conversion in effect on the date the fee application is filed. This issue was addressed with respect to the First Fee Application, resulting in a net reduction of $2,178.40 or 0.17 percent of the requested compensation.

11. In light of Baker & McKenzie's continued failure to comply with the local rules, a reduction is warranted to offset the incremental cost to the estate of the Fee Examiner calculating and verifying the proper exchange rates.

*Suggested disallowance for failure to comply with local rule governing currency exchange: $1,000.00.*

12. **Vague Tasks and Communications**. The Fee Examiner has identified several billing entries that fail to comply with the UST Guidelines. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Suggested disallowance for vague time entries: $378.08 (15 percent).*

13. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified at least two entries by Baker & McKenzie professionals, totaling $1,799.50, that do not comply with this guideline.

*Suggested disallowance for block billing: $269.92 (15 percent).*

14. **Duplicate Billing**. The Fee Examiner has identified numerous billing entries that appear, verbatim, on more than one invoice resulting in $11,163 in duplicative billing to the estates. Where the billing rate for the professional changes from invoices to invoice, the task has been allowed at the lowest billing rate identified.

*Suggested disallowance for duplicative billing: $11,163.00 (100 percent).*

6

15.     **Fee Inquiry Time**.  Baker & McKenzie failed to identify the amount of time it spent corresponding with the Fee Examiner and his counsel or responding to his concerns. Significantly, the firm nonetheless seeks compensation for maintaining awareness of the fee-related developments in the case.  *See*, *e.g.*, Mr. McDermott, 11/16/2010 time entry ("Review fee examiner memorandum to retained professionals").  The Fee Examiner calculates that Baker & McKenzie seeks at least $29,085.50 in Fee Inquiry Time, or $19,085.50 in excess of the $10,000 safe harbor.  The Fee Examiner reviewed the negotiation history for the first interim period and notes that, with one exception, Baker & McKenzie conceded that a disallowance was warranted for each of the concerns identified.[6]  A disallowance, therefore, for the firm's compensation request for Fee Inquiry Time is warranted.

*Suggested disallowance for fee inquiry time:  $9,542.75 (50 percent).*

16.     **Billing and Retention Matters**.  Baker & McKenzie failed to segregate the amount of time it spent on invoicing matters that are compensable only at 50 percent, *see In re Motors Liquidation Company*, Second Interim Fee Ruling Tr. at 8:20-23, 11:14-22, 12:24-25, 13:1-10, 14:5-25, 15:1-2, No. 09-50026 (Bankr. S.D.N.Y. July 6, 2010) [Docket No. 6369]—from fee application and other services compensable at 100 percent.  Of the total compensation request for the Interim Period, the Fee Examiner calculates the value of Baker & McKenzie's services as follows:

| | |
|---|---|
| Duplicative Billing: | $11,163.00 (*see* ¶ 16) |
| Fee Inquiry Time: | $29,085.50 (*see* ¶ 17) |

---

[6] The one exception was for a proposed disallowance for travel by an associate to meetings also attended by two Baker & McKenzie partners.

7

       First Fee Application (Oct. 2009):[7]       $ 8,053.50

       First Fee Application (Nov. 2009):       $17,787.00

                                **Total:**       **$66,089.00**

17.     Of the $107,283.05 Baker & McKenzie requests in compensation for the Interim Period, therefore, the Fee Examiner calculates that Baker & McKenzie seeks approximately $41,194.05 primarily related to invoicing matters.

     *Suggested disallowance for invoicing related matters: $17,500 (50 percent of $35,000, in recognition that Baker & McKenzie billed occasional retention-related services outside the October to November 2009 period).*

**Final Fee Period**

18.     **Project Staffing**. During the Final Fee Period, Baker & McKenzie provided services at an overall blended hourly rate of $473.56 (including all non-attorneys).

19.     **Expenses**. Baker & McKenzie requests reimbursement for $2,450.73 in expenses. Final Fee Application, Exhibit D.[8] In reviewing the individual invoices for the Interim Period, however, the Fee Examiner identified $169.68 in billing discrepancies and errors.

     *Suggested disallowance for expense billing errors: $169.68.*

20.     **Hourly Rate Increases**. Baker & McKenzie seeks a total of $26,994.92 in fees attributable to rate increases during the pendency of the case. This amount is approximately 2.0 percent of the total compensation sought for the Final Fee Application of $1,280,837.78.

     *Suggested treatment of rate increases: no objection.*

21.     **Fees deferred from First Fee Application**. By agreement, the resolution of $127,145.05 in billing-related fees was deferred during the first interim period. Baker &

---

[7] *See also* Final Fee Application ¶ 21, describing Baker & McKenzie's first fee application-related services as taking place during October-November 2009.

[8] The title to the exhibit erroneously identifies the itemization that follows as related to the Final Fee Period instead of the Interim Period.

8

McKenzie requests $85,645.55 in compensation for retention-related services, explaining that it incurred the charges in complying with bankruptcy-related standards across offices in 21 countries and that there was some confusion about whether Baker & McKenzie could be employed as an ordinary course professional. Final Fee Application, ¶ 19. The Fee Examiner has reviewed the charges incurred during this period and does not suggest any disallowance.

22. The Fee Examiner does recommend a partial disallowance for the $41,449.50 in compensation Baker & McKenzie requests for services related to invoicing and monthly statements. Final Fee Application, ¶ 20. At the July 6, 2010 hearing, the Court determined that professionals that billed for services related to the preparation of monthly statements prior to that date should have the fees discounted by only 35 percent, instead of 50 percent. Accordingly, the Fee Examiner recommends a 35 percent reduction for these fees, amounting to $14,507.33.

*Suggested disallowance for billing and retention related activities during the first interim period: $14,507.33.*

23. **Previous Reductions**. Baker & McKenzie filed only two fee applications in these cases. In his review of those applications, the Fee Examiner identified numerous areas of concern, including vague entries, block billing, billing not in tenths of an hour and billing errors. The Fee Examiner has reviewed, again, the areas of concern highlighted in the First Limited Objection in light of all the services provided by the professional in these cases and does not recommend that any adjustment to the previously awarded fees is warranted.

*Total fees suggested for disallowance: $54,361.08.*
*Total expenses suggested for disallowance: $169.68.*
*Total Fees and Expenses Suggested for Disallowance: $54,530.76.*

9

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the limited objection to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Final Fee Application.

Dated: Madison, Wisconsin
September 11, 2011.

GODFREY & KAHN, S.C.

By:   *s/Katherine Stadler*
Katherine Stadler

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Examiner*

6732788_3