**Hearing Date and Time:  September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------- x
                                                          :
In re:                                                    :    Chapter 11 Case No.
                                                          :
MOTORS LIQUIDATION COMPANY, et al.,                       :    09-50026 (REG)
       f/k/a General Motors Corp., et al.,                :    (Jointly Administered)
                                                          :
                         Debtors.                         :    Honorable Robert E. Gerber
                                                          :
--------------------------------------------------------- x
```

## FEE EXAMINER'S REPORT AND STIPULATED STATEMENT ON
## FIFTH AND FINAL FEE APPLICATION OF
## <u>BUTZEL LONG, A PROFESSIONAL CORPORATION</u>

# TABLE OF CONTENTS

**Page**

SUMMARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................... 3

APPLICABLE STANDARDS .............................................................................................. 7

COMMENTS .................................................................................................................... 8

Current Interim Periods.................................................................................................. 8

    Clerical and Administrative Charges ............................................................................ 8

    Multiple Attendees.................................................................................................... 9

    Duplicate Entries..................................................................................................... 9

    Vague Tasks and Communications.............................................................................. 9

    Paraprofessional Tasks............................................................................................. 9

    Fee Application Services ........................................................................................... 9

    Expenses ............................................................................................................... 10

Final Fee Period ........................................................................................................... 10

    Scope of Work ....................................................................................................... 10

    Rate Increases ....................................................................................................... 11

    Services Provided Outside of the Final Fee Period ....................................................... 11

    Previous Reductions................................................................................................ 11

CONCLUSION............................................................................................................... 12

## **TABLE OF AUTHORITIES**

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) ......................................................................................................... 7

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A................................ 7, 9

TO:    **THE HONORABLE ROBERT E. GERBER**
       **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Stipulated Statement* in connection with the *Fifth Interim and Final Fee Application of Butzel Long, a Professional Corporation, as Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During the (I) Interim Compensation Period October 1, 2010 Through March 31, 2011 and (II) Entire Compensation Period June 10, 2009 Through March 31, 2011* [Docket No. 10241] (the "**Final Fee Application**").[1]  With this report, the Fee Examiner identifies $15,238.49 in fees, from a total of $762,868.01 in requested fees and expenses for the periods from October 1, 2010 through January 31, 2011 and February 1, 2011 through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable.

### SUMMARY STATEMENT

In general, the Final Fee Application – covering the period from the firm's retention on June 10, 2009 through March 29, 2011 (the "**Final Fee Period**"), appears substantively sound. On September 1, 2011, the Fee Examiner sent Butzel Long ("**BL**") a draft of this report and, on September 6, 2011, the parties reached a consensual resolution.  This table summarizes the amounts BL has requested and the amounts allowed, to date, for these proceedings:

---

[1] The professionals primarily providing legal services to the Creditors' Committee have moved from Butzel Long, P.C. to Dickstein Shapiro, LLC.  The Court entered the *Consent Order Granting Substitution of Counsel on Behalf of Motors Liquidation Company GUC Trust* [Docket No. 10661], on August 8, 2011.  There has been no request for substitution filed in connection with the Final Fee Application.

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application**<br><br>(06/10/2009 to 09/30/2009) | $237,775.50 | $1,616.76 | $236,158.74 | $23,615.87 | $21,265.87 | $269.32 | $20,996.55 |
| **Second Fee Application**<br><br>(10/01/2009 to 01/31/2010) | $258,825.50 | $5,166.13 | $253,659.37 | $25,365.94 | $12,188.98 | $1,079.28 | $11,109.70 |
| **Third Fee Application**<br><br>(02/01/2010 to 05/31/2010) | $429,844.75 | $10,313.80[2] | $419,530.95[3] | $48,632.67[2] | $20,791.35 | $129.23 | $20,662.12 |
| **Fourth Fee Application**<br><br>(06/01/2010 to 09/30/2010) | $433,892.50 | $0.00 | $433,892.50 | $43,389.25 | $32,647.29 | $159.00 | $32,488.29 |
| **Current Interim Periods**<br><br>(10/01/2010 to 03/29/2011) | $703,367.50 | $15,238.49[4] | $688,129.01[3] | $140,673.50 | $59,500.51 | $0.00 | $59,500.51 |
| **Post-Confirmation Services**<br><br>(03/29/2011 or after) | $0.00 | $5,854.00[3] | ($5,854.00)[3] | $0.00 | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | **$2,063,705.75** | **$38,189.18** | **$2,025,516.57** | **$281,677.23** | **$146,394.00** | **$1,636.83** | **$144,757.17** |

[2] The fees ($17,735.55) disallowed in the Third Omnibus Order include a carve-out of $12,479.75 for fees relating to compensation for the fee review process. Amount reduced by the allowed amount of the carve-out of $7,421.75 for a net disallowance of $10,313.80.

[3] Amount includes a "Fees on Fees Differential" of $7,421.75, which is the allowed amount of the carve-out. *See* ¶ 15 below.

[4] Proposed/pending.

BL served as special counsel to the Official Committee of Unsecured Creditors, primarily acting as conflicts counsel and prosecuting the JP Morgan avoidance action. Throughout these proceedings, BL generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly.

## BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code.

2.      On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[5] The Plan was confirmed on March 29, 2011.

3.      On November 20, 2009, BL filed the *Application of Butzel Long, a Professional Corporation, As Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From June 10, 2009 Through September 30, 2009* [Docket No. 4450] (the "**First Fee Application**"), seeking fees and expenses in the amount of $259,041.37.

4.      On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Butzel Long* [Docket No. 5548] (the "**First Objection**"), identifying $46,105.81 in fees and expenses that were objectionable. That report is incorporated by reference.

---

[5] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

5.      On April 29, 2010, this Court issued an oral ruling that granted BL's First Fee Application in part but required a continued holdback of 10 percent of BL's requested fees.  On May 21, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered its *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* (the "**Omnibus Order**") [Docket No. 5834], approving a series of interim fee applications, including the application submitted by BL.  The Omnibus Order authorized payment to BL of $236,158.74 for fees and $20,996.55 for expenses.

6.      On March 17, 2010, BL filed the *Second Application of Butzel Long, a Professional Corporation, As Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From October 1, 2009 Through January 31, 2010* [Docket No. 5293] (the "**Second Fee Application**"), seeking fees in the amount of $258,825.50 and expenses of $12,188.98 for total requested compensation of $271,014.48.

7.      On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of Butzel Long* [Docket No. 6081] (the "**Second Objection**"), identifying $28,251.14 in fees and expenses that were objectionable.  That report is incorporated by reference.

8.      On July 6, 2010, this Court issued an oral ruling that granted BL's Second Fee Application in part but required a continued holdback of 10 percent of BL's requested fees.  On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by BL.  *Order Granting (I) Applications for Allowance of Interim*

4

*Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* [Docket No. 6402] (the "**Second Omnibus Order**"). The Second Omnibus Order authorized payment to BL of $253,659.37 for fees and $11,109.70 for expenses.

9.    On August 5, 2010, BL filed the *Third Application of Butzel Long, a Professional Corporation, As Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From February 1, 2010 Through May 31, 2010* [Docket No. 6542] (the "**Third Fee Application**"), seeking fees in the amount of $429,844.75 and expenses of $20,791.35 for total requested compensation of $450,636.10.

10.    On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Third Interim Fee Application of Butzel Long* [Docket No. 7417] (the "**Third Objection**"), identifying $17,864.78 in fees and expenses that were objectionable. That report is incorporated by reference.

11.    On November 15, 2010, BL filed the *Fourth Application of Butzel Long, a Professional Corporation, as Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2010 Through September 30, 2010* [Docket No. 7754] (the "**Fourth Fee Application**"), seeking fees in the amount of $433,892.50 and expenses in the amount of $32,647.29, for total requested compensation of $466,539.79.

5

12.     On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by BL.  *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* [Docket No. 7910] (the "**Third Omnibus Order**").  Through that Third Omnibus Order, the Court approved BL's Third Fee Application in the amount of $412,109.20 in fees and $20,662.12 in expenses and provided for an agreed upon "carve-out" of $12,479.75 pending the resolution of a disputed fee issue (the "**Carve-Out**").

13.     On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Fourth Interim Fee Application of Butzel Long, a Professional Corporation* [Docket No. 8036] (the "**Fourth Objection**"), identifying $159.00 in fees and expenses that were objectionable.  That report is incorporated by reference.

14.     On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by BL.  *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* [Docket No. 8289] (the "**Fourth Omnibus Order**").  Through that Order, the Court approved BL's Fourth Fee Application in the amount of $433,892.50 in fees and $32,488.29 in expenses.

15.     On January 4, 2011, BL and the Fee Examiner reached an agreement on the

subject matter of the Carve-Out, disallowing $5,058.00 of the disputed fee inquiry time.  The

allowed amount of the Carve-Out, $7,421.75 was then added to the accruing holdback amount of

$133,581.98 for all of BL's fee applications for a total holdback amount (exclusive of the

Current Interim Periods) of $141,003.73.

16.     On May 16, 2011, BL filed its Final Fee Application, seeking fees in the amount

of $703,367.50 and expenses of $59,500.51 for the Current Interim Periods and fees in the

amount of $2,046,609.06 and expenses of $144,757.17 for the Final Fee Period.

## APPLICABLE STANDARDS

17.     The Final Fee Application has been evaluated for compliance with the *Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local

Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST

Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the

"**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket

No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the

extent, if any, to which variation has been expressly permitted by order.

18.     On May 4, 2011, the Fee Examiner sent a memorandum to all Retained

Professionals that had filed interim applications summarizing the Court's prior rulings on

compensation issues and a second memorandum addressing the final fee application process of

which this report is a concluding part.

19.     On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status

Report* [Docket No. 10617] providing additional comments on the final fee review process.

7

20.    In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

A.    The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[6]

B.    For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised.  On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

## COMMENTS

**Current Interim Periods**.

21.    **Clerical and Administrative Charges**.  The Fee Examiner identified charges totaling $1,862.00 that appeared to be clerical or administrative tasks that might more appropriately have been absorbed as overhead.

---

[6] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000.  For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

*Agreed disallowance for clerical and administrative charges:  $1,862.00 (100 percent).*

22.    **Multiple Attendees**.  The number of BL professionals attending a single meeting or telephone conference remained a concern.  The Fee Examiner identified charges totaling $30,700.50 where at least three BL professionals attended the same meeting, hearing or conference call.

*Agreed disallowance for multiple attendees:  $5,872.00.*

23.    **Duplicate Entries**.  The Fee Examiner identified five entries that appear duplicative and are not compensable.

*Agreed disallowance for duplicate entries:  $1,966.50 (100 percent).*

24.    **Vague Tasks and Communications**.  The Fee Examiner has identified entries totaling $6,249.50 that fail to comply with the UST Guidelines.  Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication."  UST Guidelines at (b)(4)(v).  All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Agreed disallowance for vague tasks and communications:  $937.42 (15 percent).*

25.    **Paraprofessional Tasks**.  The Fee Examiner has identified 27.1 hours or $10,729.50 in paraprofessional tasks that, while compensable, are more appropriately billed at a lower rate.

*Agreed disallowance for paraprofessional tasks:  $4,600.57 (allowed 27.1 hours at the blended paraprofessional rate).*

26.    **Fee Application Services**.  BL has segregated fee issues into three project codes: "10 - Monthly Fee Statements"; 5 – Fee Applications and Monthly Budgets"; and "8 – Defending Fee Applications."  BL reports 111.1 billable hours ($11,541.75) for the preparation of BL's monthly fee statements.  BL has voluntarily reduced this billing by $5,745.00 (50 percent).  Project Code 5, by contrast, has not been reduced, and the Fee Examiner agrees

9

that reduction is not required.  The final category, Project Code 8, totals 16.6 hours ($7,273.68).

This category has not been reduced; however, it falls within the $10,000 safe harbor applicable

to the Final Fee Application.

     *Suggested disallowance for fee application services:  none.*

     27.    **Expenses**.  BL's requested expense reimbursements are generally

well-documented and appear to be unobjectionable.  *See* Final Fee Application, Exhibit C.


     *Total agreed disallowance of fees:  $15,238.49.*

     *Total suggested disallowance of expenses:  None.*

     *Total agreed disallowance of fees and expenses:  $15,238.49.*


**Final Fee Period**

     28.    BL provided services at an overall blended hourly rate of $436.62 during its

retention in these cases.

     29.    **Scope of Work**.  Project codes utilized by BL focused on the JPMorgan

Avoidance Complaint and the Nova Scotia litigation—in addition to those addressed in prior Fee

Examiner reports.   For the Final Fee Period, fees incurred in connection with the JPMorgan

Avoidance Complaint have totaled $883,106.22, and fees incurred in connection with the

General Motors Nova Scotia Finance Company have totaled $1,018,958.32.  Together, they

account for 93 percent of the fees requested by BL for the Final Fee Period.

     30.    The Fee Examiner has previously deferred any evaluation of the expenditure of

time in connection with the JPMorgan adversary proceeding and the Nova Scotia litigation until

the outcome of those proceedings was more readily ascertainable.  The Fee Examiner does not

contest an award of the requested fees at this time.  However, the outcome of the litigation is still

unknown.  Therefore, the Fee Examiner provisionally approves the requested fees with the understanding that the post-confirmation Debtors, or other parties interested in the outcome of the litigation, have the opportunity to object to these fees within the adversary proceeding depending on the ultimate result of the litigation.

31.     **Rate Increases**.  BL seeks fees that are the direct result of hourly rate increases for 14 timekeepers during the Final Fee Period.  These rate increases ranged from three to 21.5 percent during the Final Fee Period and resulted in increased fees of $116,451.50.  *See* Final Fee Application, Exhibit E.  These increases, and the rate increases of other retained professionals, are the subject of the *Fee Examiner's Limited Objection to Hourly Rate Increases* [Docket No. 10660] (the "**Rate Increase Objection**"), pending before the Court.  BL has not responded formally to the Rate Increase Objection.

32.     **Services Provided Outside of the Final Fee Period**.  The Fee Examiner identified entries totaling $5,854.00 for services outside of the Final Fee Period.  In addition, BL notes that it voluntarily reduced its fees by approximately $24,000.00 for services provided outside of the Final Fee Period in preparation of its fee application.  BL has agreed to withdraw its request for compensation for services provided outside of the Final Fee Period from its Final Fee Application and to seek compensation for these services from the Debtors.

*Agreed disallowance for services provided outside of the Final Fee Period:  $5,854.00.*

33.     **Previous Reductions**.  In his review of all BL's fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern.  The overwhelming majority of the time, BL has remedied these concerns or agreed to an appropriate reduction.  BL, in connection with its prior fee applications, has been subject to the following reductions:

Summer Associates:  $1,102.50

Vague Time Entries:  $2,811.44

Multiple Attendees:  $4,102.50

Clerical and Administrative Tasks:  $144.00

Billing Errors:  $303.00

Fee Applications, Fee Examiner Issues, and Monthly Fee Statements:  $38,060.73.


*Total suggested disallowance of fees for Current Interim Periods:  $15,238.49.*

*Total agreed disallowance for prior interim fee periods:  $18,733.52.*

*Total suggested disallowance of fees for Final Fee Period:  $5,854.00.*

*Total suggested disallowance of fees and expenses:  $39,826.01.*


## CONCLUSION

This *Report and Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the absence of any basis for objection to the Final Fee Application -- except as otherwise stated.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Stipulated Statement* to the Final Fee Application.

Dated: Milwaukee, Wisconsin
      September 11, 2011.

GODFREY & KAHN, S.C.

By:       */s/ Carla O. Andres*

      Carla O. Andres
      Timothy F. Nixon

      GODFREY & KAHN, S.C.
      780 North Water Street
      Milwaukee, Wisconsin 53202
      Telephone: (414) 273-3500
      Facsimile: (414) 273-5198
      E-mail: candres@gklaw.com
             tnixon@gklaw.com

      *Attorneys for the Fee Examiner*

6762592_4

13