Hearing Date and Time:  September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time:  September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
In re                                                    :    Chapter 11
                                                         :
MOTORS LIQUIDATION COMPANY *et al.,*                     :    Case No. 09-50026 (REG)
        f/k/a General Motors Corp. *et al.,*             :    (Jointly Administered)
                                                         :
                Debtors.                                 :    Honorable Robert E. Gerber
                                                         :
-------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION**
**TO THIRD AND FINAL FEE APPLICATION OF BATES WHITE, LLC**

**TO:    THE HONORABLE ROBERT E. GERBER**
        **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company),

appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of*

*Limited Objection* in connection with the *Final Application of Bates White, LLC as Asbestos*

*Liability Consultant to the Official Committee of Unsecured Creditors (I) for Final Allowance of*

*Compensation for Professional Services Rendered and for Reimbursement of Actual and*

*Necessary Expenses Incurred During the Period from October 1, 2010 Through March 29, 2011,*

*and (II) for Final Approval of Compensation for Professional Services Rendered and for*

*Reimbursement of Actual and Necessary Expenses Incurred During the Period March 16, 2010*

*Through and Including March 29, 2011* [Docket No. 10264] (the "**Final Fee Application**").

With this report, the Fee Examiner identifies $2,362.55 in fees, from a total of $910,311.25

requested for the periods from October 1, 2010 through January 31, 2011 and February 1, 2011

through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable.

## SUMMARY STATEMENT

In general, the Final Fee Application—covering the period from the firm's retention on

March 16, 2010 through March 29, 2011 (the "**Final Fee Period**")—appears substantively

sound.  It requests a total of $910,311.25 in fees for the Current Interim Periods and

$1,995,593.84 in fees for the Final Fee Period.  On September 1, 2011, the Fee Examiner sent

Bates White, LLC ("**Bates White**") a draft of this final *Report and Statement of Limited*

*Objection*.  Bates White did not respond to the draft report or provide additional information.

This table summarizes the amounts Bates White has requested and the amounts allowed, to date,

for these proceedings:

| Fee Applications | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (03/16/2010 to 05/31/2010) | $198,620.00 | $4,905.88 | $193,714.12 | $19,371.41 | $776.00 | $0.00 | $776.00 |
| **Second Fee Application** (06/01/2010 to 09/30/2010) | $906,669.25 | $15,100.78 | $891,568.47 | $89,156.85 | $6,426.41 | $10.73 | $6,415.68 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $910,311.25 | $2,362.55[1] | $907,948.70[1] | $183,681.05 | $6,777.20 | $0.00 | $6,777.20 |
| **TOTALS:** | **$2,015,600.50** | **$22,369.21** | **$1,993,231.29** | **$292,209.31** | **$13,979.61** | **$ 10.73** | **$13,968.88** |

---

[1] Proposed/pending.

Bates White has been retained—and served—as the asbestos liability consultant to the

Official Committee of Unsecured Creditors.  Throughout these proceedings, Bates White

generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the

U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York.

When asked about entries or practices, it responded promptly.

### BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates

("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code.  On

August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket

Nos. 6829 and 6830].[2]  The Plan was confirmed on March 29, 2011 [Docket No. 9941] (the

"**Confirmation Date**") with an effective date of March 31, 2011.

2.      On August 5, 2010, Bates White filed the *First Interim Application of Bates*

*White, LLC, as Asbestos Liability Consultant to the Official Committee of Unsecured Creditors,*

*for Allowance of Compensation for Professional Services Rendered and for Reimbursement of*

*Actual and Necessary Expenses Incurred for the Period from March 16, 2010 Through May 31,*

*2010* [Docket No. 6537] ("**First Fee Application**"), seeking fees and expenses in the amount of

$199,396.00.

3.      On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and*

*Statement of Limited Objection to the First Interim Fee Application of Bates White, LLC* (the

"**First Limited Objection**"), identifying a stipulated amount of $4,905.88 in fees and expenses

that were objectionable [Docket No. 7412].  That report and statement is incorporated by

reference.

---

[2] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

4.      On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications for the third interim fee period, including Bates White, LLC. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* [Docket No. 7910].  Through that order, the Court approved Bates White's first interim fee application in the amount of $193,714.12 in fees and $776.00 in expenses.

5.      On November 15, 2010, Bates White filed the *Second Interim Application of Bates White, LLC, as Asbestos Liability Consultant to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from June 1, 2010 Through September 30, 2010* [Docket No. 7774] (the "**Second Fee Application**"), seeking fees and expenses in the amount of $913,095.66.

6.      On December 8, 2010, the Fee Examiner filed a report and limited objection to the Second Fee Application, which was subsequently amended on December 13, 2010 by the *Fee Examiner's Amended Report and Statement of Limited Objection to the Second Interim Fee Application of Bates White, LLC* (the "**Amended Second Limited Objection**"), identifying a stipulated amount of $15,111.51 in fees and expenses that were objectionable [Docket No. 8081].  That report and statement is incorporated by reference.

7.      On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the Second Fee Application.  *Order Granting (I) Applications*

*for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement*

*of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) The Application of*

*LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and*

*Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* [Docket

No. 8289] (the "**Fourth Omnibus Order**"). Through the Fourth Omnibus Order, the Court

approved Bates White's second interim fee application in the amount of $891,568.47 in fees and

$6,415.68 in expenses.

8.        On May 16, 2011, Bates White filed the Final Fee Application seeking fees in the

amount of $910,311.25 for the Current Interim Periods and an aggregate of $1,995,593.84 in fees

for the Final Fee Period.

9.        As of the filing of the Final Fee Application, Bates White reports having been

paid $726,724.02 in fees and $6,777.20 in expenses for the Current Interim Periods pursuant to

the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the

"**Compensation Order**") and remains subject to a holdback of $183,681.05.

**APPLICABLE STANDARDS**

10.        The Final Fee Application has been evaluated for compliance with the *Amended*

*Guidelines for Fees and Disbursements for Professionals in Southern District of New York*

*Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local**

**Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement*

*of Expenses Filed under 11 U.S.C.  330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST**

**Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the

"**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket

5

No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the

extent, if any, to which variation has been expressly permitted by order.

11.    On May 4, 2011, the Fee Examiner sent a memorandum to all Retained

Professionals that had filed interim applications summarizing the Court's prior rulings on

compensation issues and a second memorandum addressing the final fee application process of

which this report is a concluding part.

12.    On July 25, 2011, the Fee Examiner filed a *Final Fee Applications – Status

Report* [Docket No. 10617] providing additional comments on the final fee review process.

13.    In applying this Court's rulings to the fee applications for the Current Interim

Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a

recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and

objections ("**Fee Inquiry Time**").

A.    The Fee Examiner does not object to the lesser of: either (i) the first

$10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total

compensation requested in the pending fee application, whichever is smaller.[3]

B.    For professionals whose applications contain requests for compensation

for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner reviewed the

time detail, all communications with the professional, the nature of the inquiry or

deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative

magnitude of the deficiencies in comparison to each other and to the professional's

overall fee request (past and present), and whether the professional "substantially

prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised.  On the

_____

[3] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000.  For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

6

basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging

from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

## COMMENTS

**Current Interim Periods**

14.     **Vague Tasks and Communications**.  The Fee Examiner has identified billing

entries that fail to comply with the UST Guidelines.  Specifically, "[t]ime entries for telephone

calls, letters, and other communications should give sufficient detail to identify the parties to and

the nature of the communication."  UST Guidelines at (b)(4)(v).  All time entries must be

sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Suggested disallowance for vague time entries:  $1,243.05 (15 percent).*

15.     **Block Billing**.  Block billing is prohibited by the UST Guidelines.  Time entries

for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent

on each discrete task.  Bates White timekeepers generally complied with this guideline.

*Suggested disallowance for block billing:  none.*

16.     **Fee Inquiry Time**.  Bates White seeks compensation for $9,894.50 for services

related to the fee review and objection process.

*Suggested disallowance for Fee Inquiry Time:  none (compensation request falls within
the safe harbor threshold).*

17.     **Time Detail Review**.  Bates White seeks compensation for 10.2 hours for

services segregated in the "Time Review" matter.  Bates White has discounted the compensation

request for these services by 50 percent, consistent with the Court's July 6, 2010 ruling.  The Fee

Examiner identified, however, three additional time detail review entries improperly segregated

to the Project Management matter, which were not reduced by 50 percent.

*Suggested disallowance for unreduced time detail review:  $467.75 (50 percent).*

18.    **Administrative Tasks**.  The Fee Examiner has identified entries that are non-compensable overhead—in particular, internal assessments of the professional's staffing and work stream.

*Suggested disallowance for administrative tasks:  $434.50 (100 percent).*

19.    **Non-Working Meals**.  The Fee Examiner has identified one entry for compensation for 1.1 hours spent at dinner while the timekeeper was traveling to New York for a hearing, amounting to $217.25.  The time detail, however, fails to substantiate that the timekeeper had to work in conjunction with the meal.

*Suggested disallowance for non-working meals:  $217.25 (100 percent).*

20.    **Expenses**.  The Fee Examiner reviewed the expenses requested and does not recommend that any disallowance is warranted.

*Suggested disallowance for expenses:  none.*

**Final Fee Period**

21.    **Project Staffing**.  During the Final Fee Period, Bates White provided services at an overall blended hourly rate of $344.49 for all consultant positions.

22.    **Asbestos Issues**.  Asbestos matters have consumed a significant portion of the administrative expense budget in these cases, involving at least eight Retained Professionals. The diverse interests represented worked together to agree upon a discovery protocol (the *Asbestos Claimants' Committee Anonymity Protocol*), conducted valuations of their interests, evaluated opposing interests, and reached an agreement on valuation, *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* [Docket No. 9214].  The Debtors' Joint Plan of Reorganization successfully established an Asbestos Trust to administer claims.

The process of discovery, valuation, validation, and settlement has been time consuming and, by its very nature, duplicative at times.  However, the Fee Examiner has not identified unnecessary duplication reflected in Bates White's application.

23.     **Hourly Rate Increases**.  The Fee Examiner's auditor, Stuart Maue, calculated the value of Bates White's rate increases in these cases at $1,949, or less than one tenth of one percent of its compensation request.  The Fee Examiner does not recommend a disallowance for these increases.

24.     **Project Staffing**.  Bates White reports that allowance of the requested compensation will result in a blended rate of $339.87 per hour.  Final Fee Application, ¶ 38.  The Fee Examiner does not recommend any disallowance for project staffing.

25.     **Previous Reductions**.  In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, billing that may not be in tenths of an hour and other specific areas of concern.  The Fee Examiner has reviewed, again, the areas of concern highlighted in the First and Second Reports in light of all the services provided by Bates White in these cases and does not recommend any adjustment to the previously awarded fees.

> *Total fees suggested for disallowance: $2,362.55.*
> *Total expenses suggested for disallowance:  none.*
> *Total Fees and Expenses Suggested for Disallowance:  $2,362.55.*

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the absence of any basis for objection to the Final Fee Application.  All professionals subject to the Fee Examiner's review should be aware, as well,

that while the Fee Examiner has made every effort to apply standards uniformly across the

universe of professionals in this case, some degree of subjective judgment will always be

required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of*

*Limited Objection* to the Final Fee Application.

Dated: Madison, Wisconsin
September 11, 2011.

GODFREY & KAHN, S.C.

By:        */s/ Katherine Stadler*
Katherine Stadler

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Examiner*

6809344_1