**Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :
In re                                                     :   Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY *et al.,*                      :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                  :   (Jointly Administered)
                                                          :
                        Debtors.                          :   Honorable Robert E. Gerber
                                                          :
--------------------------------------------------------- x

# FEE EXAMINER'S REPORT AND STIPULATED STATEMENT
# ON FIFTH AND FINAL FEE APPLICATION OF JENNER & BLOCK LLP

# TABLE OF CONTENTS

Page

**SUMMARY STATEMENT** ...................................................................................................1

**BACKGROUND** ..................................................................................................................2

**APPLICABLE STANDARDS** ..............................................................................................6

**COMMENTS** .......................................................................................................................7

**Current Interim Periods**......................................................................................................7

      **Vague Tasks and Communications** .......................................................................7

      **Block Billing** ..........................................................................................................8

      **Fee Inquiry Time**...................................................................................................8

      **Expenses** ..............................................................................................................8

**Final Fee Period** ...................................................................................................................8

      **Project Staffing**......................................................................................................8

      **Hourly Rate Increases** ..........................................................................................8

      **Previous Reductions**..............................................................................................8

      **Summer Associate Time** .......................................................................................9

      **Pre-Retention Expenses** .......................................................................................9

      **Retainer** ................................................................................................................9

**CONCLUSION** .................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

## OTHER AUTHORITIES

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) ............................................................................................... 6

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (2010) ................ 6, 7, 8

**TO:  THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Stipulated Statement* in connection with the *Fifth and Final Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* [Docket No. 10246] (the "**Final Fee Application**").  With this report, the Fee Examiner does not identify any fees or expenses requested for the periods from October 1, 2010 through January 31, 2011 and February 1, 2011 through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable, but he does recommend a disallowance of $551.18 in expenses previously awarded for the Second Fee Application.

**SUMMARY STATEMENT**

In general, the Final Fee Application appears substantively sound.  On August 31, 2011, the Fee Examiner sent Jenner & Block LLC ("**Jenner**") a draft of this report and, on September 1, 2011, the parties reached a consensual resolution.  This table summarizes the amounts Jenner has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (06/01/2009 to 09/30/2009) | $4,950,322.95 | $50,554.90 | $4,899,768.05 | $489,976.81 | $270,439.26 | $8,058.20 | $262,381.06 |
| **Second Fee Application** (10/01/2009 to 01/31/2010) | $45,622.50 | $5,579.00 | $40,043.50 | $4,004.35 | $6,208.97 | $694.29 | $5,514.68 |

1

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **Third Fee Application** (02/01/2010 to 05/31/2010) | $38,943.30 | $14,450.00 | $24,493.30 | $2,449.33 | $2,390.68 | $0.00 | $2,390.68 |
| **Fourth Fee Application** (06/01/2010 to 09/30/2010) | $14,239.00 | $8,179.40 | $6,059.60 | $605.96 | $721.46 | $0.00 | $721.46 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $12,064.10 | $29,460.00[1] | ($17,395.90)[2] | $2,412.82 | $131.85 | $551.18[3] | $131.85[2] |
| **TOTALS:** | **$5,049,127.75** | **$108,223.30** | **$4,952,968.55** | **$497,036.45** | **$279,760.37** | **$9,303.67** | **$271,007.88** |

Throughout these proceedings, Jenner generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly. Jenner was retained—and served—as Debtors special counsel primarily to assist with transactional and bankruptcy issues related to the Master Purchase Agreement and 11 U.S.C. § 363 sale. Upon the approval of the Final Fee Application—covering the period from the firm's retention on June 1, 2009 through March 29, 2011 (the "**Final Fee Period**")—Jenner will return to the Debtors at least $1.196 million that it has continued to hold in estate funds.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On

---

[1] This figure represents Jenner's voluntary reduction of $29,460 for summer associate services paid before the Court's ruling that such services were not compensable.

[2] Proposed/pending.

[3] Stipulated proposed adjustment to Jenner's Second Fee Application for pre-retention expenses.

2

August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[4] The Plan was confirmed on March 29, 2011 [Docket No. 9941] (the "**Confirmation Date**") with an effective date of March 31, 2011.

2. On November 16, 2009, Jenner filed the *First Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* (the "**First Fee Application**") [Docket No. 4451], seeking fees and expenses in the amount of $5,220,762.21.

3. On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Jenner & Block LLP* (the "**First Limited Objection**"), identifying $58,613.10 in fees and expenses that were objectionable [Docket No. 5545]. That report and statement is incorporated by reference.

4. On May 21, 2010, the Court entered an omnibus order approving a series of interim fee applications for the first interim fee period, including Jenner's. *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* (the "**First Omnibus Order**") [Docket No. 5834]. Through that order, the Court approved Jenner's first interim fee application in the amount of $4,899,768.05 in fees and $262,381.06 in expenses.

5. On March 15, 2010, Jenner filed the *Second Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* (the "**Second Fee Application**") [Docket No. 5263], seeking fees and expenses in the amount of $51,871.47.

---

[4] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

6. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee Application of Jenner & Block LLP* (the "**Second Limited Objection**"), identifying $6,313.29 in fees and expenses that were objectionable [Docket No. 6086]. That report and statement is incorporated by reference.

7. On July 22, 2010, the Court entered an omnibus order approving a series of interim fee applications for the second interim fee period, including Jenner's. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred From June 1, 2009 Through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. Through that order, the Court approved Jenner's second interim fee application in the amount of $40,043.50 in fees and $5,514.68 in expenses.

8. On August 4, 2010, Jenner filed the *Third Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* (the "**Third Fee Application**") [Docket No. 6524], seeking fees and expenses in the amount of $41,333.98.

9. On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Third Interim Fee Application of Jenner & Block LLP* (the "**Third Limited Objection**"), identifying a stipulated amount of $14,450 in fees and expenses that were objectionable [Docket No. 7414]. That report and statement is incorporated by reference.

4

10. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications for the third interim fee period, including Jenner's. *See Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) The Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* ("**Third Omnibus Order**") [Docket No. 7910]. Through that order, the Court approved Jenner's third interim fee application in the amount of $24,493.30 in fees and $2,390.68 in expenses.

11. On November 15, 2010, Jenner filed the *Fourth Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* (the "**Fourth Fee Application**") [Docket No. 7751], seeking fees and expenses in the amount of $14,960.46.

12. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Fourth Interim Fee Application of Jenner & Block LLP* (the "**Fourth Limited Objection**"), identifying a stipulated amount of $8,179.40 in fees and expenses that were objectionable [Docket No. 8026]. That report and statement is incorporated by reference.

13. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including Jenner's. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) The Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement*

5

*of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289]. Through the Fourth Omnibus Order, the Court approved Jenner's fourth fee application in the amount of $6,059.60 in fees and $721.46 in expenses.

14. On May 16, 2011, Jenner filed the Final Fee Application seeking fees in the amount of $12,064.10 for the Current Interim Periods and an aggregate of $4,952,968.55 in fees and $271,139.75 in expenses for the Final Fee Period.

15. With the Final Fee Application, Jenner reports having been paid $9,651.28 in fees and $131.85 in expenses for the Current Interim Periods pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**") with $2,412.82 remaining unpaid. *See* Final Fee Application, ¶ 17.

**APPLICABLE STANDARDS**

16. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

17. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on

6

compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

18.  On July 25, 2011, the Fee Examiner filed a *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

19.  In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A.  The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[5]

    B.  For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised.  On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

---

[5] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000.  For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

7

**COMMENTS**

**Current Interim Periods**

20. **Vague Tasks and Communications**. The Fee Examiner reviewed the Final Fee Application for entries that fail to comply with the UST Guidelines. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). Jenner timekeepers generally complied with this guideline.

*Suggested disallowance for vague time entries: none.*

21. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. Jenner timekeepers generally complied with this guideline.

*Suggested disallowance for block billing: none.*

22. **Fee Inquiry Time**. The Fee Examiner calculates that Jenner seeks compensation for $2,178.20 for services related to the fee review and objection process.

*Suggested disallowance for Fee Inquiry Time: none (compensation request falls within the 20 percent safe harbor threshold).*

23. **Expenses**. The Fee Examiner reviewed the expenses requested and does not recommend any disallowance.

*Suggested disallowance for expenses: none.*

**Final Fee Period**

24. **Project Staffing**. During the Final Fee Period, Jenner provided services at an overall blended hourly rate of $410.49 (including all non-attorneys).

25. **Hourly Rate Increases**. The Fee Examiner's auditor, Stuart Maue, did not identify any rate increases during the Final Fee Period.

8

26. **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, and other specific areas of concern. The Fee Examiner has reviewed, again, the areas of concern highlighted in the First through Fourth Limited Objections in light of all the services provided by Jenner in these cases and does not recommend any adjustment to the previously awarded fees as reduced.

27. **Summer Associate Time**. Jenner has reduced its compensation request by $29,460 in fees billed by summer associates and included in its First Fee Application before this Court's determination that such fees are non-compensable.

*Voluntary reduction for summer associate services: $29,460.00.*

28. **Pre-Retention Expenses**. In response to the Fee Examiner's inquiries to the Second Fee Application, Jenner provided the Fee Examiner with numerous invoices to support its expense reimbursement request, including invoices for expenses seemingly incurred before Jenner's retention. *See* Correspondence from Daniel R. Murray to Brady Williamson, Ex. B (May 27, 2010). Specifically, Jenner sought reimbursement for $1.68 in photocopying expenses incurred by the firm of Carey, Scott, Douglas & Kessler PLC in April 2009. In addition, Jenner sought reimbursement of $549.50 for the 2008 Occupational Tax Registration of Sean C. Henning. Counsel to the Fee Examiner raised these concerns by email dated June 23, 2010, but received no response.

*Agreed disallowance for pre-petition expenses: $551.18.*

29. **Retainer**. As of May 13, 2011 Jenner reports that it continues to hold $1,661,181.45 in a post-petition retainer. In the absence of any disallowances to the Final Fee Application, and taking into account the amounts Jenner was overpaid for the Fourth Fee Application, Jenner proposes to apply the retainer to amounts awarded but as yet unpaid to date.

9

It will return $1,196,792.70 to the Debtors. Subject to the proposed disallowance contained in this report, the Fee Examiner does not object to this calculation.

> ***Total fees suggested for disallowance: $29,460.00.***
>
> ***Total expenses suggested for disallowance: $551.18.***
>
> ***Total Fees and Expenses Suggested for Disallowance: $30,011.18.***

## CONCLUSION

This *Report and Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the limited objection to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Stipulated Statement* on the Final Fee Application.

Dated: Madison, Wisconsin
       September 10, 2011.

              GODFREY & KAHN, S.C.

      By:   /s/ *Katherine Stadler*
             Katherine Stadler

             GODFREY & KAHN, S.C.
             One East Main Street, Suite 500
             P.O. Box 2719
             Madison, Wisconsin 53701-2719
             Telephone: (608) 257-3911
             Facsimile: (608) 257-0609
             E-mail: kstadler@gklaw.com

             *Attorneys for the Fee Examiner*

6801852_2