Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.,*                      :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*      :    (Jointly Administered)
                                                           :
                     Debtors.    :    Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF NO OBJECTION**
**TO FOURTH INTERIM AND FINAL FEE APPLICATION OF**
**<u>PLANTE & MORAN, PLLC</u>**

# **TABLE OF CONTENTS**

**Page**

SUMMARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................ 2

APPLICABLE STANDARDS ........................................................................................... 5

COMMENTS ...................................................................................................................... 7

Current Interim Periods ...................................................................................................... 7

    Travel Time .............................................................................................................. 7

    Fee Applications, Fee Examiner Issues, and Monthly Fee Statements .............................. 7

    Clerical and Administrative Charges ........................................................................ 8

    Block Billing ............................................................................................................. 8

    Vague Tasks .............................................................................................................. 8

    Expenses ................................................................................................................... 8

Final Fee Period .................................................................................................................. 9

    Project Staffing ......................................................................................................... 9

    Hourly Rate Increases ............................................................................................... 9

    Previous Reductions ................................................................................................. 9

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) ...................................................... 7

*Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ................................................... 7

## OTHER AUTHORITIES

*Amended Guidelines for Fees and Disbursements for Professionals in Southern
District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr.
S.D.N.Y. Nov. 25, 2009) ........................................................................................................ 5

*Guidelines for Reviewing Applications for Compensation and Reimbursement of
Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A ................................ 6, 8

**TO:  THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of No Objection* in connection with the *Fourth and Final Fee Application of Plante & Moran, PLLC, as Accountants for the Debtors, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 9, 2009 Through March 29, 2011* [Docket No. 10279] (the "**Final Fee Application**").  With this report, the Fee Examiner states that he has no objection to the award of $336,524.86 in fees and expenses, the total requested for the period from October 1, 2010 through March 29, 2011 (the "**Current Interim Periods**").

## SUMMARY STATEMENT

In general, the Final Fee Application—covering the period from the firm's retention on October 9, 2009 through March 29, 2011 (the "**Final Fee Period**") – appears substantively sound.  On August 31, 2011, the Fee Examiner sent P&M a draft of this final *Report and Statement of No Objection*.  This table summarizes the amounts P&M has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (10/09/2009 to 01/31/2010) | $354,195.70 | $0.00 | $354,195.70 | $35,419.57 | $5,247.32 | $94.77 | $5,152.55 |

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **Second Fee Application** (02/01/2010 to 05/31/2010) | $332,405.34 | $1,848.50 | $330,556.84 | $33,055.68 | $5,870.07 | $72.33 | $5,797.74 |
| **Third Fee Application** (06/01/2010 to 09/30/2010) | $289,673.05 | $0.00 | $289,673.05 | $28,967.31 | $3,871.79 | $0.00 | $3,871.79 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $331,849.95 | $0.00 | $331,849.95 | $66,369.99 | $4,674.91 | $0.00 | $4,674.91 |
| **TOTALS:** | **$1,308,124.04** | **$1,848.50** | **$1,306,275.54** | **$163,812.55** | **$19,664.09** | **$167.10** | **$19,496.99** |

P&M served as an accountant to the Debtors, primarily responsible for helping the Debtors implement fully automated accounting and financial reporting systems post-petition. P&M also provided tax consulting and preparation services related to, among other things, the transition of services from the Debtors to New GM. Throughout these proceedings, P&M generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On

2

August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] The Plan was confirmed on March 29, 2011.

2. On March 17, 2010, P&M filed the *First Application of Plante & Moran, PLLC, As Accountants for the Debtors, For Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From October 9, 2009 Through January 31, 2010* [Docket No. 5294] (the "**First Fee Application**"), seeking fees in the amount of $354,195.70 and expenses of $5,247.32 for total requested compensation of $359,443.02.

3. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Plante & Moran, PLLC* [Docket No. 6092] identifying $94.77 in expenses that were objectionable. That report is incorporated by reference.

4. On July 6, 2010, this Court issued an oral ruling that granted P&M's First Fee Application in part but required a holdback of 10 percent of P&M's requested fees. On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by P&M. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* [Docket No. 6402] (the "**Second Omnibus Order**"). The Second

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

Omnibus Order authorized payment to P&M of $354,195.70 for fees (which included the 10 percent holdback) and $5,152.55 for expenses.

5. On August 5, 2010, P&M filed the *Second Application of Plante & Moran, PLLC, as Accountants for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from February 1, 2010 Through May 31, 2010* [Docket No. 6527] (the "**Second Fee Application**"), seeking fees in the amount of $332,405.34 and expenses of $5,870.07 for total requested compensation of $338,275.41.

6. On September 17, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of Plante & Moran, PLLC* identifying $1,920.83 in fees and expenses that were objectionable [Docket No. 6977]. That report is incorporated by reference.

7. On November 11, 2010, P&M filed its *Third Application of Plante & Moran, PLLC, as Accountants for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2010 Through September 30, 2010* [Docket No. 7733] (the "**Third Fee Application**"), seeking fees in the amount of $289,673.05 and expenses in the amount of $3,871.79 for total requested compensation of $293,544.84.

8. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by P&M. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services*

4

*Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* [Docket No. 7910] (the "**Third Omnibus Order**"). Through the Third Omnibus Order, the Court approved P&M's Second Fee Application in the amount of $330,556.84 in fees and $5,797.74 in expenses.

9. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of No Objection to Third Interim Fee Application of Plante & Moran, PLLC* [Docket No. 8031]. That report is incorporated by reference.

10. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by P&M. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* [Docket No. 8289] (the "**Fourth Omnibus Order**"). Through the Fourth Omnibus Order, the Court approved P&M's Third Fee Application in the amount of $289,673.05 in fees and $3,871.79 in expenses.

11. On May 17, 2011, P&M filed the Final Fee Application, seeking fees in the amount of $331,849.95 and expenses in the amount of $4,674.91, for the Current Interim Periods and fees in the amount of $1,306,275.54 and expenses of $19,496.99 for the Final Fee Period.

**APPLICABLE STANDARDS**

12. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"); the *Guidelines for Reviewing Applications for Compensation and Reimbursement*

5

*of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"); the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"); and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**" and, together with the First Advisory, the "**Advisories**"); as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

13. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

14. On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

15. In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

    B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

6

deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

**COMMENTS**

**Current Interim Periods**.

16.    **Travel Time**.  Non-working travel time will be compensable at 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted). The Advisories have requested that travel time be itemized separately. Travel time has been reduced in the Final Fee Application accordingly—although supplemental detail was requested to identify the purpose of travel. P&M provided the requested detail.

17.    **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**.  P&M reports 196.6 billable hours ($21,447.05 in fees) for retention matters, the preparation of P&M's monthly fee statements and interim fee application and its communications with the Fee Examiner regarding the firm's Third Fee Application. *See* Final Fee Application, Exhibit H, Compensation by Work Code.

18.    P&M has appropriately reduced, by 50 percent, all hours billed for its "review of detail time entries and preparation of monthly statements" and its "preparation of monthly budgets, review and responses relating to advisories, reports, inquiries and requests from Fee

7

Examiner and/or his representatives." Final Fee Application, Exhibit F, Summary of Services Rendered by Professional, n.3.

*Suggested disallowance for fee inquiry-related services: none.*

19. **Clerical and Administrative Charges**. The Fee Examiner initially identified charges in the amount of $317.00 that appear to be administrative or clerical tasks that might more appropriately have been absorbed as overhead.

*P&M has provided additional detail for the questioned services, resolving this concern.*

*Suggested disallowance for clerical and administrative charges: none.*

20. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified two entries by P&M professionals that do not comply with this guideline.

*P&M has submitted revised time entries, resolving this concern.*

*Suggested disallowance for block billing: none.*

21. **Vague Tasks.** The Fee Examiner has identified 19 specific billing entries that contain an insufficient description of a task and are non-compensable.

*P&M has provided revised time entries that resolve this concern.*

*Suggested disallowance for vague tasks: none.*

22. **Expenses.** P&M's requested expense reimbursements are generally well-documented and appear to be unobjectionable. *See* Final Fee Application, Exhibits C, G, K.

> *Total suggested disallowance of fees: None.*
> 
> *Total suggested disallowance of expenses: None.*
> 
> *Total recommended disallowance of fees and expenses: None.*

8

**Final Fee Period**.

23. **Project Staffing**. P&M provided services at an overall blended hourly rate of $218.26.

24. **Hourly Rate Increases**. P&M's request includes $40,427.60 in fees that are the direct result of hourly rate increases implemented during the Final Fee Period. *See* Third Fee Application, Summary Sheet. Most of the 21 rate increases, other than those related to promotions, ranged from 1.2 to 8.7 percent. The remaining six increases—ranging from 16.9 to 40 percent—amounted to $23,942.40 of the total billings resulting from fee increases. These increases were noticed to Debtors and are consistent with the semi-annual adjustment identified in P&M's engagement letter. *See* Third Fee Application, Exhibit 1, August 31, 2010 correspondence to Debtors from Michael Colella.

P&M attributes two of these increases to professionals attaining CPA certification. In addition, at least one professional was promoted during the Current Interim Periods, although P&M chose not to pass the related fee increase to the Debtors in its Final Fee Application. These increases are the subject of the *Fee Examiner's Limited Objection to Hourly Rate Increases* [Docket No. 10660] (the "**Rate Increase Objection**"), pending before the Court. P&M has not responded formally to the Rate Increase Objection.

*Suggested disallowance for hourly rate increases: none.*

25. **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern. The overwhelming majority of the time, P&M has either remedied these concerns or agreed to an appropriate reduction. P&M, in connection with its prior fee applications, has not been subject to a notable reduction of fees.

> *Total suggested disallowance of fees for Current Interim Periods: none.*
>
> *Total agreed disallowance for prior interim fee periods: $2,015.60*
>
> *Total suggested disallowance of fees for Final Fee Period: none.*
>
> *Total agreed disallowance of fees and expenses: $2,015.60.*

## CONCLUSION

This *Report and Statement of No Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the absence of any basis for objection to the Final Fee application—except as otherwise stated. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of No Objection* on the Final Fee Application.

Dated: Milwaukee, Wisconsin
       September 11, 2011.

                                GODFREY & KAHN, S.C.

                    By:    */s/ Carla O. Andres*
                                Carla O. Andres
                                Timothy F. Nixon

                                GODFREY & KAHN, S.C.
                                780 North Water Street
                                Milwaukee, Wisconsin 53202
                                Telephone: (414) 273-3500
                                Facsimile: (414) 273-5198
                                E-mail: candres@gklaw.com
                                            tnixon@gklaw.com

                                *Attorneys for the Fee Examiner*

6393627_5