Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY *et al.*, f/k/a General Motors Corp. *et al.*, | : | Case No. 09-50026 (REG) (Jointly Administered) |
| Debtors. | : | Honorable Robert E. Gerber |

**FEE EXAMINER'S REPORT AND STATEMENT OF NO
OBJECTION TO THIRD INTERIM AND FINAL FEE APPLICATION OF
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**

TO:   THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of No Objection* in connection with the *Third Interim and Final Application of Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period from October 1, 2010 Through March 29, 2011, and the Final Period from November 13, 2009 Through March 29, 2011* [Docket No. 10247] (the "**Final Fee Application**"). With this report,

the Fee Examiner states that he has no objection to the award of $133,953.81 in fees and expenses requested for the periods from October 1, 2010 through January 31, 2011 and February 1, 2011 through March 29, 2011 (the "**Current Interim Periods**").

## SUMMARY STATEMENT

In general, the Final Fee Application—covering the period from the Future Claimants' Representative's retention on November 13, 2009 through March 29, 2011 (the "**Final Fee Period**"), appears substantively sound. On August 31, 2011, the Fee Examiner sent Dean M. Trafelet (the "**Future Claimants' Representative**") a draft of this report. This table summarizes the amounts the Future Claimants' Representative has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (11/13/2009 to 05/31/2010) | $38,936.00 | $993.02 | $37,942.98 | $3,794.30 | $2,050.61 | $80.92 | $1,969.69 |
| **Second Fee Application** (06/01/2010 to 09/30/2010) | $42,036.75 | $0.00 | $42,036.75 | $4,203.68 | $95.75 | $0.00 | $95.75 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $133,704.75 | $0.00 | $133,704.75 | $26,740.95 | $249.06 | $0.00[1] | $249.06[1] |
| **TOTALS:** | **$214,677.50** | **$993.02** | **$213,684.48** | **$34,738.93** | **$2,395.42** | **$80.92** | **$2,314.50** |

2

The Future Claimants' Representative was appointed to represent and protect the interests of Debtors' future asbestos personal injury claimants. The Future Claimants' Representative also retained counsel, Stutzman, Bromberg, Esserman & Plifka, and a valuation consultant, Analysis Research Planning Corporation. Throughout these proceedings, the Future Claimants' Representative generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, he responded promptly.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] The Plan was confirmed on March 29, 2011.

*2.* On July 15, 2010, the Future Claimants' Representative filed the *First Interim Application of Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from November 13, 2009 Through May 31, 2010* [Docket No. 6350] (the "**First Fee Application**") seeking fees and expenses in the amount of $40,986.61.

3. On September 17, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants* [Docket No. 6975]. That report is incorporated by reference.

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

4.      On November 15, 2010, the Future Claimants' Representative filed the *Second Interim Application of Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from June 1, 2010 Through September 30, 2010* [Docket No. 7747] (the "**Second Fee Application**"), seeking fees in the amount of $42,036.75 and expenses of $95.75 for total requested compensation in the amount of $42,132.50.

5.      On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by the Future Claimants' Representative.  *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910].  Through the Third Omnibus Order, the Court approved the Future Claimants' Representative's First Fee Application in the amount of $37,942.98 in fees and $1,969.69 in expenses, authorizing payment of $34,148.68 in fees and $1,969.69 in expenses.

6.      On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by the Future Claimants' Representative.  *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred*

*from February 1, 2010 Through May 31, 2010* (the "Fourth Omnibus Order") [Docket No. 8289]. Through the Fourth Omnibus Order, the Court approved the Future Claimants' Representative's Second Fee Application in the amount of $42,036.75 in fees and $95.75 in expenses.

7. On May 16, 2011, the Future Claimants' Representative filed the Final Fee Application, seeking fees in the amount of $133,704.75 and expenses of $249.06 for the Current Interim Periods and fees in the amount of $213,684.48 and expenses of $2,314.50 for the Final Fee Period.

## APPLICABLE STANDARDS

8. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

9. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

10. On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

5

11.     In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

A.     The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

B.     For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

### COMMENTS

**Current Interim Periods**

12.     **Time Increment Analysis and Block Billing**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour and to note detail for services in separate time entries without "block billing." The Final Fee Application was unobjectionable in this regard.

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

6

*Suggested disallowance for time increment analysis and block billing: none.*

13. **Fees Related to Compensation**. The Future Claimants' Representative reports 2.9 hours for fee applications, .7 hours for Fee Examiner issues, and 9.0 hours for reviewing monthly fee statements. The Future Claimants' Representative has voluntarily reduced, by 50 percent, time spent reviewing time detail and monthly statements. The amount requested for Fee Inquiry Time falls within the safe harbor applicable to the Current Interim Periods.

*Suggested disallowance of Fee Inquiry Time: none.*

14. **Expenses**. The Final Fee Application, Exhibit E, contains an Expense Summary, which has been supplemented with supporting detail. The requested expenses appear to be reasonable.

*__Total suggested disallowance of fees: none.__*

*__Total suggested disallowance of expenses: none.__*

*__Total suggested disallowance of fees and expenses: none.__*

**Final Fee Period**

15. **Project Staffing**. The Future Claimants' Representative provided services at an overall blended hourly rate of $789.90.

16. **Asbestos Issues**. Asbestos matters have consumed a significant portion of the administrative expense budget in these cases, involving at least eight Retained Professionals. The diverse interests represented worked together to agree upon a discovery protocol (the *Asbestos Claimants' Committee Anonymity Protocol*), conducted valuations of their interests, evaluated opposing interests, and reached an agreement on valuation, *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* [Docket No. 9214]. The

7

Debtors' Joint Plan of Reorganization successfully established an Asbestos Trust to administer claims.

The process of discovery, valuation, validation, and settlement has been time consuming and, by its very nature, duplicative at times. However, the Fee Examiner has not identified unnecessary duplication reflected in the Future Claimants' Representative's applications.

17.     **Hourly Rate Increases**. The Future Claimants' Representative's request includes fees that are the direct result of hourly rate increases implemented during the Current Interim Periods, effective January 1, 2011. *See* Final Fee Application, Summary of Hours Billed. This fee increase of $15.00 per hour amounts to a 1.9 percent increase and less than $1,400.00 in increased compensation, resulting in a *de minimus* impact on the Debtors' estates.

*Suggested disallowance for hourly rate increases: none.*

18.     **Services Provided Outside of the Final Fee Period**. Although the time detail submitted by the Future Claimants' Representative in support of the Final Fee Application included services provided after the conclusion of the Final Fee Period, the Fee Examiner has confirmed that these billings, totaling $2,880.00, have not been included in the total compensation requested; nor should they be under the Amended Plan of Reorganization.

19.     **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern. The overwhelming majority of the time, the Future Claimants' Representative has remedied these concerns or agreed to an appropriate reduction. The Future Claimants' Representative, in connection with his prior fee applications, has not been subject to notable reductions of fees.

*Total suggested disallowance of fees for Current Interim Periods: none.*

*Total agreed disallowance for prior interim fee periods: $1,073.94.*

*Total suggested disallowance of fees for Final Fee Period: none.*

*Total agreed disallowance of fees and expenses: $1,073.94.*

## CONCLUSION

This *Report and Statement of No Objection* is intended to advise the Court, interested parties, and the U.S. Trustee that the Fee Examiner does not object to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of No Objection* to the Final Fee Application.

Dated: Milwaukee, Wisconsin
September 11, 2011.

GODFREY & KAHN, S.C.

By:   */s/ Carla O. Andres*
Carla O. Andres
Timothy F. Nixon

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

*Attorneys for the Fee Examiner*

6404584_5