Hearing Date and Time:  September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time:  September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
:
In re                                                                  :   Chapter 11
                                                                            :
MOTORS LIQUIDATION COMPANY *et al.,*    :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                :   (Jointly Administered)
                                                                            :
                                         Debtors.                  :   Honorable Robert E. Gerber
                                                                            :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STIPULATED STATEMENT**
**ON FINAL FEE APPLICATION OF JONES DAY**

TO:     **THE HONORABLE ROBERT E. GERBER**
           **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Stipulated Statement* in connection with the *Final Application of Jones Day, Special Counsel to the Debtors and Debtors-in-Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period from June 1, 2009 Through January 31, 2010* [Docket No. 10244] (the "**Final Fee Application**"). With this report, the Fee Examiner identifies $1,012.50 in fees, from a total of $465,693.65 requested for the period from the firm's retention on June 1, 2009 through March 29, 2011 (the "**Final Fee**

**Period**") that are objectionable. The Final Fee Application does not contain any request for compensation for the period from January 31, 2010 through March 29, 2011.

## SUMMARY STATEMENT

In general, the Final Fee Application appears substantively sound. It requests a total of $465,693.65 in fees for the Final Fee Period. On August 31, 2011, the Fee Examiner sent Jones Day a draft of this report and, on September 6, 2011, the parties reached a consensual resolution. This table summarizes the amounts Jones Day has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (06/01/2009 to 09/30/2009) | $455,396.65 | $0.00 | $455,396.65 | $45,539.67 | $4,359.53 | $0.00 | $4,359.53 |
| **Second Fee Application** (10/01/2009 to 03/29/2011) | $10,297.00 | $0.00 | $10,297.00 | $1,029.70 | $1,232.09 | $0.00 | $1,232.09 |
| **TOTALS:** | **$465,693.65** | **$0.00** | **$465,693.65** | **$46,569.37** | **$5,591.62** | **$ 0.00** | **$5,591.62** |

Throughout these proceedings, Jones Day generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York and the Fee Examiner has no suggested any disallowances for Jones Day's interim fee applications. When asked about entries or practices, it responded promptly.

Jones Day was retained—and served—as special counsel to the Debtors for numerous matters, including dealer litigation, ERISA and labor services, and tax services.

2

## BACKGROUND

1.    Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] The Plan was confirmed on March 29, 2011 [Docket No. 9941] (the "**Confirmation Date**") with an effective date of March 31, 2011.

2.    On November 16, 2009, Jones Day filed the *First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors-in-Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period from June 1, 2009 Through September 30, 2009* ("**First Fee Application**") [Docket No. 4448], seeking fees and expenses in the amount of $459,756.18.

3.    On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of No Objection to the First Interim Fee Application of Jones Day* (the "**First No Objection Report**") [Docket No. 5546]. That report and statement is incorporated by reference.

4.    On May 21, 2010, the Court entered an omnibus order approving a series of interim fee applications for the first interim fee period, including Jones Day's. *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* (the "**First Omnibus Order**") [Docket No. 5834]. Through the First Omnibus Order, the Court approved Jones Day's first interim fee application in the amount of $455,396.65 in fees and $4,359.53 in expenses.

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

5. On March 17, 2010, Jones Day filed the *Second Interim Application of Jones Day, Special Counsel to the Debtors and Debtors-in-Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period from October 1, 2009 Through January 31, 2010* (the "**Second Fee Application**") [Docket No. 5285], seeking fees and expenses in the amount of $11,529.09.

6. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of No Objection to The Second Interim Fee Application of Jones Day* (the "**Second No Objection Report**") [Docket No. 6087]. That report and statement is incorporated by reference.

7. On July 22, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the Second Fee Application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. Through the Second Omnibus Order, the Court approved Jones Day's second interim fee application in the amount of $10,297.00 in fees and $1,232.09 in expenses.

8. On or about March 17, 2010, Jones Day converted to ordinary course professional status pursuant to the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328 and 330 Authorizing Debtors to Employ Professionals Utilized in The Ordinary Course of Business* (the "**OCP Order**") [Docket No. 2900]. *See Declaration of Disinterestedness and Disclosure Statement of J. Todd Kennard on Behalf of Jones Day as Ordinary Course Professional* [Docket No. 5283].

Jones Day provided less than $50,000 in services as an OCP after January 31, 2010. Final Fee Application, ¶ 11.

9. On May 16, 2011, Jones Day filed the Final Fee Application seeking final approval of the fees approved on an interim basis and authorization for payment of $46,569.36 in fees held back.

## APPLICABLE STANDARDS

10. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

11. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals who had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

12. On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

13. In applying this Court's rulings to the fee applications for the interim periods from October 1, 2010 through the Confirmation Date (the "**Current Interim Periods**") the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S.

Trustee inquiries and objections ("**Fee Inquiry Time**").  The safe harbor does not apply to the Final Fee Application, which does not request any compensation for the Current Interim Periods.

## COMMENTS

**Final Fee Period**

14.   **Hourly Rate Increases**.  Jones Day did not raise the billing rate of any timekeeper during the Final Fee Period.

15.   **Project Staffing**.  Jones Day provided services at an overall blended hourly rate of $492.72 during its retention in these cases.

16.   **Previous Recommendations**.  In his review of all prior fee applications, the Fee Examiner has identified only one suggested adjustment, for law clerk services.  Jones Day sought approval of $1,012.50 in compensation for services provided by a law clerk before this Court's ruling that services provided by law students who have not completed their legal education is not compensable.  First Fee Application at 3.

*Agreement adjustment for law clerk services:  $1,012.50.*

*Total fees suggested for disallowance:  $1,012.50.*
*Total expenses suggested for disallowance:  none.*
*Total Fees and Expenses Suggested for Disallowance:  $1,012.50.*

## CONCLUSION

This *Report and Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the limited objection to the Final Fee Application.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee

6

Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Stipulated Statement* on the Final Fee Application.

Dated: Madison, Wisconsin
       September 10, 2011.

                                    GODFREY & KAHN, S.C.

By:    */s/ Katherine Stadler*
     Katherine Stadler

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Examiner*

6806025_1

7