Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- x | : | |
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY *et al.,* | : | Case No. 09-50026 (REG) |
| f/k/a General Motors Corp. *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Honorable Robert E. Gerber |
| | : | |
| ------------------------------------------------------- x | | |

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION
TO THIRD AND FINAL FEE APPLICATION OF LEGAL ANALYSIS SYSTEMS, INC.**

TO:  **THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Third and Final Application of Legal Analysis Systems, Inc. as Consultant on the Valuation of Asbestos Liabilities to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims for Compensation and Reimbursement of Expenses* [Docket No. 10269] (the "**Final Fee Application**"). With this report, the Fee Examiner identifies $3,104.63 in fees, from a total of $241,437.50 requested for the periods from

October 1, 2010 through January 31, 2011 and February 1, 2011 through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable.

## SUMMARY STATEMENT

In general, the Final Fee Application—covering the period from the firm's retention on March 15, 2010 through March 29, 2011 (the "**Final Fee Period**")—appears substantively sound. It requests a total of $241,437.50 in fees for the Current Interim Periods and $435,060.00 in fees for the Final Fee Period. On August 31, 2011, the Fee Examiner sent Legal Analysis Systems, Inc. ("**LAS**") a draft of this final *Report and Statement of Limited Objection*. LAS did not respond to the draft report or provide additional information. This table summarizes the amounts LAS has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (04/28/2010 to 05/31/2010) | $34,232.00 | $0.00 | $34,232.00 | $3,423.20 | $969.19 | $14.00 | $955.19 |
| **Second Fee Application** (06/01/2010 to 09/30/2010) | $166,956.50 | $7,566.00 | $159,390.50 | $15,939.05 | $2,510.26 | $0.00 | $2,510.26 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $241,437.50 | $3,104.63[1] | $238,332.87[1] | $48,287.50 | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | **$442,626.00** | **$10,670.63** | **$431,955.37** | **$67,649.75** | **$3,479.45** | **$14.00** | **$3,465.45** |

---

[1] Proposed/pending.

2

Throughout these proceedings, LAS generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. LAS has been retained—and served—as the asbestos valuation consultant to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims ("**ACC**").

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[2] The Plan was confirmed on March 29, 2011.

2. On August 5, 2010, LAS filed the *First Interim Quarterly Application of Legal Analysis Systems, Inc. for Interim Compensation and Reimbursement of Expenses with Respect to Services Rendered as Consultant on the Valuation of Asbestos Liabilities to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims for the Period April 28, 2010 Through May 31, 2010* ("**First Fee Application**") [Docket No. 6555], seeking fees and expenses in the amount of $35,201.19.

3. On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Legal Analysis Systems* (the "**First Limited Objection**"), identifying $14.00 in expenses that were objectionable [Docket No. 7413]. That report and statement is incorporated by reference.

4. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications for the third interim fee period, including the First Fee Application.

---

[2] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

*Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* [Docket No. 7910].  Through that order, the Court approved LAS's first interim fee application in the amount of $34,232.00 in fees and $955.19 in expenses.

5. On November 15, 2010, LAS filed the *Second Interim Quarterly Application of Legal Analysis Systems, Inc. for Interim Compensation and Reimbursement of Expenses with Respect to Services Rendered as Consultant on the Valuation of Asbestos Liabilities to the Official Committee of Unsecured Creditors Holdings Asbestos-Related Claims for the Period June 1, 2010 Through September 30, 2010* (the "**Second Fee Application**") [Docket No. 7776], seeking fees and expenses in the amount of $169,466.76.

6. On December 8, 2010, the Fee Examiner filed a report and limited objection to the Second Fee Application, which was subsequently amended on December 13, 2010 by the *Fee Examiner's Amended Report and Statement of Limited Objection to the Second Interim Fee Application of Legal Analysis Systems, Inc.* (the "**Amended Second Report**"), identifying a stipulated amount of $7,566.00 in fees and expenses that were objectionable [Docket No. 8077]. That report and statement is incorporated by reference.

7. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the Second Fee Application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and*

4

*Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289]. Through the Fourth Omnibus Order, the Court approved LAS' second interim fee application in the amount of $159,390.50 in fees and $2,510.26 in expenses.

8. On May 16, 2011, LAS filed the Final Fee Application seeking fees in the amount of $241,437.50 for the Current Interim Periods and an aggregate of $435,060.00 in fees for the Final Fee Period.

9. As of the filing of the Final Fee Application, LAS reports having been paid—or expecting to be paid—$193,150.00 in fees for the Current Interim Periods (no expense reimbursement request was submitted) pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"). It remains subject to a holdback of $48,287.50 for the Current Interim Periods.

## APPLICABLE STANDARDS

10. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

5

11. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

12. On July 25, 2011, the Fee Examiner filed a *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

13. In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[3]

    B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

---

[3] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

6

**COMMENTS**

**Current Interim Periods**

14. **Project Staffing**. Services were provided by one attorney—at $800 an hour—and one statistician—at $475 an hour. The overall blended rate for both timekeepers was $682.03. LAS explained in its responses to the Fee Examiner's inquiries in the earlier periods the division of labor between the two timekeepers, and the Fee Examiner has no staffing concerns.

15. **Vague Tasks and Communications**. The Fee Examiner has identified billing entries that fail to comply with the UST Guidelines. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Suggested disallowance for vague time entries: $2,144.63 (15 percent).*

16. **Block Billing**. The Fee Examiner has identified billing entries where individual tasks are not segregated by the amount of time spent. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task.

*Suggested disallowance for block billing: $960.00 (15 percent).*

17. **Billing and Fee Application Services**. LAS does not seek compensation for billing or fee application related services.

**Final Fee Period**

18. **Asbestos Issues**. Asbestos matters have consumed a significant portion of the administrative expense budget in these cases, involving at least eight Retained Professionals. The diverse interests represented worked together to agree upon a discovery protocol (the

7

*Asbestos Claimants' Committee Anonymity Protocol*), conducted valuations of their interests, evaluated opposing interests, and reached an agreement on valuation, *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* [Docket No. 9214]. The Debtors' Joint Plan of Reorganization successfully established an Asbestos Trust to administer claims.

The process of discovery, valuation, validation, and settlement has been time consuming and, by its very nature, duplicative at times. However, the Fee Examiner has not identified unnecessary duplication reflected in LAS's application.

19. **Expenses**. The Fee Examiner identified an apparent miscalculation in LAS's expense reimbursement request for the Final Fee Period. Based on the court's awards of LAS's expense requests for the First and Second Fee Applications—and the lack of any additional reimbursement request contained in the Final Fee Application—the Fee Examiner calculates that LAS has previously been awarded $3,465.45 in expenses.

*Suggested disallowance for expense request miscalculation: $14.00.*

20. **Hourly Rate Increases**. LAS did not raise the billing rates for any timekeepers during the Final Fee Period.

21. **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, billing that may not be in tenths of an hour and other specific areas of concern. The Fee Examiner has reviewed, again, the areas of concern highlighted in the First and Second Reports in light of all the services provided by LAS in these cases and does not recommend any adjustment to the previously awarded fees.

*Total fees suggested for disallowance: $3,104.63.*

*Total expenses suggested for disallowance: $14.00.*

*Total Fees and Expenses Suggested for Disallowance: $3,118.63.*

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the limited objection to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Final Fee Application.

Dated:  Madison, Wisconsin
        September 11, 2011.

                         GODFREY & KAHN, S.C.

By:  *s/Katherine Stadler*
     Katherine Stadler

     GODFREY & KAHN, S.C.
     One East Main Street, Suite 500
     P.O. Box 2719
     Madison, Wisconsin 53701-2719
     Telephone: (608) 257-3911
     Facsimile: (608) 257-0609
     E-mail: kstadler@gklaw.com

     *Attorneys for the Fee Examiner*

6808276_2