Hearing Date and Time:  September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time:  September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :
In re                                                     :   Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY *et al.*,                      :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.*,                  :   (Jointly Administered)
                                                          :
                        Debtors.                          :   Honorable Robert E. Gerber
                                                          :
--------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STIPULATED STATEMENT
ON FINAL FEE APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

TO:   **THE HONORABLE ROBERT E. GERBER
      UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Stipulated Statement* in connection with the *First and Final Application of Morris, Nichols, Arsht & Tunnell LLP, as Delaware Local Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from November 16, 2010 Through March 29, 2011* [Docket No. 10261] (the "**Final Fee Application**").  With this report, the Fee Examiner identifies a stipulated amount of $288.90 in fees, from a total of $13,516.88 in fees and

expenses requested for the period from the firm's retention on November 16, 2010 through March 29, 2011 (the "**Final Fee Period**"), that are objectionable and requests no reduction in expenses.

## SUMMARY STATEMENT

In general, the Final Fee Application appears substantively sound. On August 31, 2011, the Fee Examiner sent Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**") a draft of this report and the parties reached a consensual resolution the same day. Morris Nichols was retained—and served—as local counsel to the Official Committee of Unsecured Creditors (the "**UCC**") in Delaware litigation related to this Court's order to permit the UCC to conduct discovery on asbestos trusts and claims processing facilities. This is Morris Nichols' only application.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] The Plan was confirmed on March 29, 2011 [Docket No. 9941] (the "**Confirmation Date**") with an effective date of March 31, 2011.

2.  On May 16, 2011, Morris Nichols filed the Final Fee Application seeking fees in the amount of $10,529.67 and reimbursement of expenses in the amount $2,987.21 for the Final Fee Period.

3.  Morris Nichols does not state whether it has received any compensation for services rendered to date pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331*

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

2

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"). The Fee Examiner concludes, based on a review of the Debtors' monthly operating reports, that Morris Nichols did not receive any such compensation.

## APPLICABLE STANDARDS

4. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

5. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals who had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

6. On July 25, 2011, the Fee Examiner filed a *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

7. In applying this Court's rulings to the fee applications for the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

3

A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

## COMMENTS

**Final Fee Period**

8. **Project Staffing**. Morris Nichols provided services at an overall blended rate of $338.55 (including all non-attorneys). Moreover, in reviewing the Final Fee Application, the Fee Examiner did not identify any questionable staffing practices.

9. **Vague Tasks and Communications**. The Fee Examiner has identified several billing entries that fail to comply with the UST Guidelines. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). Similarly, professionals should identify the specific services provided—such as drafting, editing or

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

4

conferencing—rather than rely on generic terms like "Work on" or "Attention to." *In re CCT Commc'ns, Inc.*, No. 07-10210, 2010 WL 3386947, *8 (Bankr. S.D.N.Y. Aug. 24, 2010). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Agreed disallowance for vague time entries:  $128.10 (15 percent).*

10.     **Block Billing**.  Block billing is prohibited by the UST Guidelines.  Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task.

*Agreed disallowance for block billing:  $160.80 (15 percent).*

11.     **Fee Inquiry Time**.  Morris Nichols does not seek any compensation for services related to the fee review and objection process.

*Suggested disallowance for Fee Inquiry Time:  none.*

12.     **Time Detail Review**.  Morris Nichols provided less than one hour of services related to reviewing or revising its billing records in preparation for filing the Final Fee Application.  In light of the amounts in question, no reduction is suggested.

*Suggested disallowance for unreduced time detail review:  none.*

13.     **Expenses**.  The Fee Examiner did not identify any objectionable expenses.

*Suggested disallowance for expenses:  none.*

14.     **Hourly Rate Increases**.  Morris Nichols raised the billing rate of each of the three timekeepers providing services in these cases.  The value of the increases, $37.50, is less than the value of Morris Nichol's voluntary reductions of $1,099.58, *see* Final Fee Application, ¶ 26.

*Suggested disallowance for hourly rate increases:  none.*

5

*Total fees suggested for disallowance: $288.90.*

*Total expenses suggested for disallowance:  none.*

*Total Fees and Expenses Suggested for Disallowance:  $288.90.*

## CONCLUSION

This *Report and Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the very limited objection to the Final Fee Application.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Stipulated Statement* on the Final Fee Application.

Dated: Madison, Wisconsin
       September 10, 2011.

        GODFREY & KAHN, S.C.

        By: */s/ Katherine Stadler*
           Katherine Stadler

        GODFREY & KAHN, S.C.
        One East Main Street, Suite 500
        P.O. Box 2719
        Madison, Wisconsin 53701-2719
        Telephone: (608) 257-3911
        Facsimile: (608) 257-0609
        E-mail: kstadler@gklaw.com

        *Attorneys for the Fee Examiner*

6792839_1