Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- x
                                                         :

In re                                                       : Chapter 11

MOTORS LIQUIDATION COMPANY *et al.*,    : Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.*,           : (Jointly Administered)

                            Debtors.            : Honorable Robert E. Gerber

-------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STIPULATED STATEMENT
ON THIRD AND FINAL FEE APPLICATION OF TOGUT, SEGAL & SEGAL LLP**

**TO:    THE HONORABLE ROBERT E. GERBER
          UNITED STATES BANKRUPTCY JUDGE**

       The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Stipulated Statement* in connection with the *Third and Final Application of Togut, Segal & Segal LLP as Conflicts Counsel for the Debtors for Allowance of Compensation for Services (I) Rendered for the Period October 1, 2010 Through March 29, 2011, (II) Previously Approved by the Court on an Interim Basis, and (III) for Reimbursement of Expenses* [Docket No. 10240] (the "**Final Fee Application**"). With this report, the Fee Examiner identifies a stipulated amount of $1,853.05 in fees, from a total of $439,982.50 requested for the periods from October 1, 2010 through

January 31, 2011 and February 1, 2011 through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable.

## SUMMARY STATEMENT

In general, the Final Fee Application—covering the period from the firm's retention on December 21, 2009 through March 29, 2011 (the "**Final Fee Period**")—appears substantively sound. On August 31, 2011, the Fee Examiner sent Togut, Segal & Segal LLP ("**Togut Segal**") a draft of this report and, on September 1, 2011, the parties reached a consensual resolution. This table summarizes the amounts Togut Segal has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (12/21/2009 to 5/31/2010) | $529,364.00 | $1,989.00 | $527,375.00 | $52,737.50 | $3,107.43 | $0.00 | $3,107.43 |
| **Second Fee Application** (6/1/2010 to 9/30/2010) | $113,600.00 | $805.00 | $112,795.00 | $11,279.50 | $581.46 | $0.00 | $581.46 |
| **Current Interim Periods** (10/1/2010 to 3/29/2011) | $439,982.50 | $3,009.55[1] | $436,972.95[2] | $87,996.50 | $2,453.94 | $27.75 | $2,426.19[2] |
| **TOTALS:** | **$1,082,946.50** | **$5,803.55** | **$1,077,142.95** | **$152,013.50** | **$6,142.83** | **$27.75** | **$6,115.08** |

---

[1] This figure represents the parties' consensual resolution of $1,853.05 in proposed disallowances and Togut Segal's voluntary reduction of $1,156.50 for bill preparation services.

[2] Proposed/pending.

2

Togut Segal was retained—and served—as conflicts counsel to the Debtors, focusing its services primarily on two matters arising from the Debtors' rejection or assumption of several leases and responding to a motion for relief from the automatic stay filed by Deutsche Bank AG. Throughout these proceedings, Togut Segal generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[3] The Plan was confirmed on March 29, 2011 [Docket No. 9941] (the **"Confirmation Date"**) with an effective date of March 31, 2011.

2.  On August 5, 2010, Togut Segal filed the *First Application of Togut, Segal & Segal LLP as Conflicts Counsel for the Debtors for Allowance of Interim Compensation for Services Rendered for the Period December 21, 2009 Through May 31, 2010* (the "**First Fee Application**") [Docket No. 6543], seeking fees and expenses in the amount of $532,471.43.

3.  On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Togut Segal & Segal LLP* (the "**First Limited Objection**"), identifying a stipulated amount of $1,989.00 in fees that were objectionable [Docket No. 7415]. That report and statement is incorporated by reference.

---

[3] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

4. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications for the third interim fee period, including Togut Segal's. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* ("**Third Omnibus Order**") [Docket No. 7910]. Through the Third Omnibus Order, the Court approved Togut Segal's first interim fee application in the amount of $527,375.00 in fees and $3,107.43 in expenses.

5. On November 15, 2010, Togut Segal filed the *Second Application of Togut, Segal & Segal LLP as Conflicts Counsel for the Debtors for Allowance of Interim Compensation for Services Rendered for the Period June 1, 2010 Through September 30, 2010, and for Reimbursement of Expenses* (the "**Second Fee Application**") [Docket No. 7767], seeking fees and expenses in the amount of $114,381.46.

6. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee Application of Togut, Segal & Segal LLP* (the "**Second Limited Objection**"), identifying a stipulated amount of $319.00 in fees that were objectionable [Docket No. 8027]. That report and statement is incorporated by reference.

7. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the Second Fee Application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) The Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and*

4

*Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289]. Through the Fourth Omnibus Order, the Court approved Togut Segal's second interim fee application in the amount of $112,795.00 in fees and $581.46 in expenses.

8. On May 16, 2011, Togut Segal filed the Final Fee Application seeking fees and expenses in the amount of $441,279.94 for the Current Interim Periods and an aggregate of $1,078,996.00 in fees for the Final Fee Period.

9. As of the filing of the Final Fee Application, Togut Segal reports having been paid $351,986.00 in fees and $2,453.94 in expenses for the Current Interim Periods pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), noting that $87,996.50 remains unpaid.

**APPLICABLE STANDARDS**

10. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

11. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on

5

compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

12.  On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

13.  In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

A.  The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[4]

B.  For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

---

[4] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

6

**COMMENTS**

**Current Interim Periods**

14. **Vague Tasks and Communications**.  The Fee Examiner has identified billing entries that fail to comply with the UST Guidelines.  Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication."  UST Guidelines at (b)(4)(v).  All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Agreed disallowance for vague time entries:  $446.55 (15 percent).*

15. **Block Billing**.  Block billing is prohibited by the UST Guidelines.  Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task.  The Fee Examiner identified billing entries that fail to comply with this guideline.

*Agreed disallowance for block billing:  $847.50 (15 percent).*

16. **Fee Inquiry Time**.  Togut Segal seeks compensation for at least $11,118 for services related to the fee review and objection process.  The Fee Examiner reviewed the discussion history for the First and Second Fee Applications, and notes that Togut Segal agreed with the proposed disallowances in the First and Second Limited Objections.  A reduction, accordingly, is warranted.

*Agreed disallowance for Fee Inquiry Time:  $559.00 (50 percent of amounts in excess of the safe harbor).*

17. **Expenses**.  The Fee Examiner reviewed the expenses requested and identified $27.75 in amounts exceeding the $20 per person meal cap or that lack sufficient detail to determine their compensability.

*Agreed disallowance for expenses:  $27.75.*

7

**Final Fee Period**

18.     **Project staffing**.  Togut Segal provided services at an overall blended hourly rate of $531.06 (including all non-attorneys).

19.     **Hourly Rate Increases**.  On August 5, 2010, the Fee Examiner filed the *Fee Examiner's Limited Objection to Rate Increases* [Docket No. 10660].  As part of his analysis into rate increases in these cases, the Fee Examiner's auditor, Stuart Maue, calculated the value of Togut Segal's rate increases in these cases at $29,110.50 or approximately 2.7 percent of its compensation request.

*Suggested reduction for rate increases: none.*

*Total fees suggested for disallowance:  $1,853.05.*

*Total expenses suggested for disallowance:  $27.75.*

*Total Fees and Expenses Suggested for Disallowance:  $1,880.80.*

## CONCLUSION

This *Report and Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the limited objection to the Final Fee Application.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Stipulated Statement* on the Final Fee Application.

Dated: Madison, Wisconsin
September 10, 2011.

GODFREY & KAHN, S.C.

By:  */s/ Katherine Stadler*
Katherine Stadler

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Examiner*

6796023_2