**Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11 Case No.
                                                           :
MOTORS LIQUIDATION COMPANY *et al.,*                       :    09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*       :    (Jointly Administered)
                                                           :
              Debtors.   :    Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STIPULATED STATEMENT ON**
**<u>FIFTH AND FINAL FEE APPLICATION OF LFR INC.</u>**

# **TABLE OF CONTENTS**

**Page**

SUMMARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................ 3

APPLICABLE STANDARDS ........................................................................................... 8

COMMENTS ..................................................................................................................... 9

Current Interim Periods ..................................................................................................... 9

    Clerical and Administrative Charges ..................................................................... 9

    Vague Tasks and Communications ........................................................................ 9

    Transient Timekeepers .......................................................................................... 10

    Fee Applications, Fee Examiner Issues, and Monthly Fee Statements ............... 10

    Fee Discrepancies ................................................................................................. 11

    Expenses ............................................................................................................... 11

Final Fee Period ............................................................................................................... 11

    Project Staffing .................................................................................................... 11

    Rate Increases ...................................................................................................... 11

    Insurance Matters ................................................................................................. 11

    Previous Reductions ............................................................................................. 12

CONCLUSION ................................................................................................................ 13

## **TABLE OF AUTHORITIES**

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) ................................................................................................. 8

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A .......................... 8, 9, 10

**TO: THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Stipulated Statement* in connection with the *Application of LFR Inc. for (A) Allowance of Compensation and Reimbursement of Expenses for Services During the Fifth Interim Period from October 1, 2010 Through March 29, 2011; (B) Final Allowance of Previously Awarded Compensation During the Period June 1, 2009 Through March 29, 2011; and (C) for the Release of All Holdbacks from Allowed Compensation* [Docket No. 10251] (the "**Final Fee Application**"). With this report, the Fee Examiner identifies a stipulated amount of $3,239.85 in fees and expenses, from a total of $246,404.51 requested for the periods from October 1, 2010 through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable.

## SUMMARY STATEMENT

In general, the Final Fee Application – covering the period from the firm's retention on June 1, 2009 through March 29, 2011 (the "**Final Fee Period**"), appears substantively sound. On September 2, 2011, the Fee Examiner sent LFR Inc. ("LFR") a draft of this final report and, on September 8, 2011, the parties reached a consensual resolution. This table summarizes the amounts LFR has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (06/01/2009 to 09/30/2009) | $633,772.80 | $3,003.77 | $630,769.03 | $63,076.90 | $43,447.98 | $19,605.24 | $23,842.74 |

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **Second Fee Application** (10/01/2009 to 01/31/2010) | $1,034,548.40 | $5,237.05 | $1,029,311.35 | $102,931.14 | $182,730.34 | $434.14 | $182,296.20 |
| **Third Fee Application**[1] (02/01/2010 to 05/31/2010) | $1,010,871.20 | $5,918.44 | $1,004,952.76 | $100,495.27 | $387,715.62 | $10,543.63 | $377,171.99 |
| **Fourth Fee Application**[2] (06/01/2010 to 09/30/2010) | $217,990.50 | $1,407.20 | $216,583.30 | $21,658.33 | $33,226.15 | $338.69 | $32,887.46 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $243,858.10 | $3,239.85[3] | $240,618.25[3] | $48,771.62 | $2,546.41 | $0.00 | $2,546.41 |
| **TOTALS:** | **$3,141,041.00** | **$18,806.31** | **$3,122,234.69** | **$336,933.26** | **$649,666.50** | **$30,921.70** | **$618,744.80** |

LFR served as an environmental management consultant to the Debtors, primarily responsible for evaluating the Debtors' existing remedial and environmental site-files and existing regulatory actions associated with the Debtors' sites. LFR also provided future cost estimates and assessed possible future uses of certain of Debtors' sites. Throughout these proceedings, LFR generally submitted applications consistent with the letter and spirit of the

---

[1] These figures reflect the adjustment, based on the order dated May 9, 2011 [Docket No. 10198], for time spent negotiating with the Fee Examiner.

[2] These figures reflect the adjustment, based on the order dated May 9, 2011 [Docket No. 10198], for time spent negotiating with the Fee Examiner.

[3] Proposed/pending.

2

Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[4] The Plan was confirmed on March 29, 2011.

2. On November 16, 2009, LFR filed the *First Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period June 1, 2009 Through September 30, 2009* [Docket No. 4436] (the "**First Fee Application**"), seeking fees in the amount of $633,772.80 and expenses in the amount of $43,447.98 for total requested compensation of $677,220.78.

3. On March 15, 2010, LFR filed the *Second Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period October 1, 2009 Through January 31, 2010* [Docket No. 5270] (the "**Second Fee Application**"), seeking fees in the amount of $1,034,548.40 and expenses in the amount of $182,730.34 for total requested compensation of $1,217,278.74.

4. On or about April 20, 2010, LFR and counsel for the Fee Examiner discussed the issues raised, and LFR noted that it needed additional time to compile supporting materials before the scheduled April 29, 2010 hearing on the First Fee Application. As such, LFR and the Fee Examiner agreed to the *Stipulation and Order for Adjournment of April 29, 2010 Hearing on*

---

[4] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

*First Interim Fee Application of LFR Inc.* [Docket No. 5631] (the "**First Stipulated Adjournment**").

5. On April 22, 2010 the Fee Examiner filed the *Fee Examiner's Preliminary Report on the First Interim Fee Application of LFR Inc.* [Docket No. 5566] detailing outstanding fee issues and discussions with LFR.

6. On or about June 21, 2010, LFR and counsel for the Fee Examiner discussed the issues raised, and LFR noted that it needed additional time to compile supporting materials before the scheduled June 29, 2010 hearing on the First and Second Fee Applications. As such, LFR and the Fee Examiner agreed to the *Stipulation and Order for Adjournment of June 29, 2010 Hearing on Second Interim Fee Application of LFR Inc.* [Docket No. 6105] (the "**Second Stipulated Adjournment**").

7. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of LFR Inc. and Preliminary Report on Second Interim Fee Application of LFR Inc.* [Docket No. 6088] (the "**First Objection**"), identifying $23,161.51 in fees and expenses that were objectionable in connection with the First Fee Application and providing a preliminary analysis of the Second Fee Application. That report is incorporated by reference.

8. On July 6, 2010, this Court issued an oral ruling that granted LFR's First Fee Application in part but required a continued holdback of 10 percent of LFR's requested fees. On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by LFR. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred*

4

*from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. The Second Omnibus Order authorized payment to LFR of $630,769.03 for fees (which included the 10 percent holdback) and $23,842.74 for expenses.

9. On August 5, 2010, LFR filed its *Third Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period February 1, 2010 Through May 30, 2010* [Docket No. 6539] (the "**Third Fee Application**"), seeking fees in the amount of $1,010,871.20 and expenses in the amount of $387,715.62 for total requested compensation of $1,398,586.82.

10. On or about October 18, 2010, LFR and counsel for the Fee Examiner discussed the issues raised, and LFR noted that it needed additional time to compile supporting materials before the scheduled October 26, 2010 hearing on the Second and Third Fee Applications. As such, LFR and the Fee Examiner agreed to the *Stipulation and Order for Adjournment of October 26, 2010 Hearing on Third Interim Fee Application of LFR Inc.* [Docket No. 7397] (the "**Third Stipulated Adjournment**").

11. On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of LFR Inc. and Preliminary Report on Third Interim Application of LFR Inc.* [Docket No. 7424] (the "**Second Objection**") identifying $5,671.19 in fees and expenses that were objectionable. That report is incorporated by reference.

12. On November 15, 2010, LFR filed its *Fourth Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the*

5

*Case for the Period June 1, 2010 Through September 30, 2010* [Docket No. 7756] (the "**Fourth Fee Application**") seeking fees and expenses in the amount of $251,216.65.

13. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the Second Fee Application submitted by LFR. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through the Third Omnibus Order, the Court approved LFR's Second Fee Application in the amount of $1,029,311.35 in fees and $182,296.20 in expenses.

14. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Third and Fourth Interim Fee Applications of LFR Inc.* [Docket No. 8040] (the "**Third Objection**"), identifying $179,455.98 in fees and expenses that were objectionable. That report is incorporated by reference.

15. On December 13, 2010, LFR filed the *Response of LFR, Inc. to Fee Examiner's Report and Statement of Limited Objection to Third and Fourth Interim Fee Applications of LFR, Inc.* [Docket No. 8070], responding to issues with the sub-retention and time detail of the contractor, TEA, Inc.

16. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including LFR's Third and Fourth Fee Applications. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and*

6

*(II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289].  Through that Order, the Court approved LFR's Third Fee Application in the amount of $1,010,871.20 in fees and $387,715.62 in expenses and provided for an agreed upon "carve-out" of $257,704.48 pending the resolution of fee review and subcontractor expense issues (the "**First Carve-Out**").  Through that Order, the Court also approved LFR's Fourth Fee Application in the amount of $217,990.50 in fees and $33,226.15 in expenses and provided for an agreed upon "carve-out" of $36,514.33 pending the resolution of a subcontractor expense issue (the "**Second Carve-Out**" and together with the **First Carve-Out**, the "**Carve-Outs**").

17.    On May 9, 2011, the Court entered an order further approving LFR's Third and Fourth Fee Applications and the parties' resolution of the Carve-Outs.  *Order Granting the Third and Fourth Applications of LFR Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through September 30, 2010* (the "**LFR Order**") [Docket No. 10198].  Through that Order, the Court approved LFR's Third Fee Application in the amount of $1,010,871.20 in fees and $387,715.62 in expenses, authorizing additional payment of $11,709.65 in fees and $144,948.17 in expenses.  Through that Order, the Court also authorized additional payment of $14,517.31 in expenses in connection with LFR's Fourth Fee Application.

18.    On May 16, 2011, LFR filed its Final Fee Application seeking fees in the amount of $243,858.10 and expenses in the amount of $2,546.41 for the Current Interim Periods and fees in the amount of $3,125,474.54 and expenses of $618,744.80 for the Final Fee Period.

7

## APPLICABLE STANDARDS

19.     The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

20.     On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals who had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

21.     On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

22.     In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[5]

B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

**COMMENTS**

**Current Interim Periods**.

23. **Clerical and Administrative Charges**. The Fee Examiner has identified numerous billing entries, totaling $1,538.80 in fees, that describe clerical or administrative services that might more appropriately be charged at a lower billing rate.

*Agreed disallowance for clerical and administrative tasks: $804.40 (13.6 hours recalculated at paraprofessional rate, $54.00).*

24. **Vague Tasks and Communications**. The Fee Examiner has identified specific billing entries totaling $3,582.30 that fail to comply with the UST Guidelines. Specifically,

---

[5] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

9

"[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties and the nature of the communication." UST Guidelines at section (b)(4)(v). Additionally, six of these entries contain no description of any type for services provided. All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Agreed disallowance for vague time entries: $1,791.15 (50 percent).*

25.    **Transient Timekeepers**. Multiple timekeepers provided only nominal services during the Current Interim Periods. The Fee Examiner has reviewed these services and determined that some "transient" timekeepers do not appear to have added value to the services provided by LFR to the Debtors.

*Agreed disallowance for transient timekeepers: $558.50 (100 percent).*

26.    **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**. LFR does not arrange all time and service entries by project category as required by section (b)(4)(i),[6] including its review of time detail for fee applications or responding to the Fee Examiner. It appears that at least $12,015.50 has been billed to these matters in the Final Fee Application. The Fee Examiner has categorized these time entries into the following categories: (a) Fee Application and Fee Statement Review ($9,965.90), and (b) Fee Inquiry and Fee Examiner Response and Review ($2,049.60). Time spent preparing the fee application and statements appears reasonable and $9,965.90 is therefore compensable. The remaining amount, $2,049.60, falls within the $10,000 safe harbor for fee inquiry matters and is compensable.

*Suggested disallowance for fees related to fee application matters: none.*

---

[6] The project categories utilized by LFR do not include categories for administrative matters, fee applications, or responses to objections relating to fee applications as required by the UST Guidelines. *See* UST Guidelines at § (b)(4)(i) and Exhibit A.

27. **Fee Discrepancies**. The Fee Examiner notes that one individual identified on the Final Fee Application, Exhibit D, Summary of Hours and Fees by Professional, billed at two different hourly rates during the Current Interim Periods. Individuals billed at two different rates, asserted by LFR to be task associated rates, have been allowed only at the lowest rate billed by each individual.

*Agreed disallowance for fee discrepancies: $85.80.*

28. **Expenses**. The Final Fee Application, Exhibit F, contains a Summary of Expenses. These expenses were sufficiently explained for the Fee Examiner to determine that the expenses are compensable.

*Total agreed disallowance of fees: $3,239.85.*

*Total suggested disallowance of expenses: none.*

*Total agreed disallowance of fees and expenses: $3,239.85.*

**Final Fee Period**.

29. **Project Staffing**. LFR provided services at a blended hourly rate of $157.34.

30. **Rate Increases**. LFR seeks fees that appear to be the direct result of the hourly rate increases of 19 professionals implemented during the Final Fee Period. Five of these rate increases arose from promotions accompanied by title changes, and the remainder are due to professionals that billed at a reduced rate for services performed below their skill level. LFR has not requested fee increases during the Final Fee Period other than as a direct result of promotions.

31. **Insurance Matters**. The Fee Examiner's review of all LFR's fee applications identified several time entries for "insurance" presentations and evaluations of insurance

11

products in connection with environmental remediation. These time entries totaled $40,937.80 and were found primarily in the Second and Third Fee Applications. The services provided by LFR analyzing options for insurance ultimately did not result in the estates' purchase of insurance products, and the matter apparently was abandoned. After discussions with the Debtors and their retained environmental professionals, the Fee Examiner is satisfied that the time spent preparing technical underwriting requests, evaluating insurance products, and meeting with potential insurance providers was reasonable and necessary.

*Suggested disallowance for insurance matters: none.*

32. **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern. The overwhelming majority of the time, LFR has remedied these concerns or agreed to an appropriate reduction. LFR, in connection with its prior fee applications, has been subject to the following reductions of fees:

Travel Time: $4,707.30

Vague Tasks: $2,283.57

Clerical and Administrative Tasks: $4,946.90

Vague Communications: $462.40

Gaito Time Entries: $11,711.60

Fee Applications, Fee Examiner Issues, and Monthly Fee Statements: $5,807.50

*Total agreed disallowance of fees for Current Interim Periods: $3,239.85.*
*Total agreed disallowance for prior interim fee periods: $46,488.16.*
*Total suggested disallowance of fees for Final Fee Period: none.*
*Total agreed disallowance of fees and expenses: $49,728.01.*

12

## CONCLUSION

This *Report and Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the absence of any basis for objection to the Final Fee Application -- except as otherwise stated. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Stipulated Statement* to the Final Fee Application.

Dated: Milwaukee, Wisconsin
September 12, 2011.

GODFREY & KAHN, S.C.

By:     */s/ Carla O. Andres*
Carla O. Andres
Timothy F. Nixon

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
          tnixon@gklaw.com

*Attorneys for the Fee Examiner*

6394817_8