Hearing Date and Time:  September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time:  September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY *et al.*,                    :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.*,                :   (Jointly Administered)
                                                        :
                    Debtors.                            :   Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND LIMITED OBJECTION
TO THIRD INTERIM AND FINAL FEE APPLICATION OF
<u>ANALYSIS RESEARCH & PLANNING CORPORATION</u>**

TO:   **THE HONORABLE ROBERT E. GERBER**
      **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company),

appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Limited*

*Objection* in connection with the *Third Interim and Final Application of Analysis Research*

*Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in His*

*Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for Allowance*

*of Compensation and Reimbursement of Expenses Incurred for the Interim Period from*

*October 1, 2010 Through March 29, 2011 and the Final Period from March 1, 2010 Through*

*March 29, 2011* [Docket No. 10250] (the "**Final Fee Application**").  With this report, the Fee

Examiner objects to $188,035.50 in fees and expenses from the total of $537,608.33 requested for the periods from October 1, 2010 through March 29, 2011 (the "**Current Interim Periods**"). The same objection, and others, apply to the Final Fee Application.

## SUMMARY STATEMENT

With the notable exception discussed below, the Final Fee Application—covering the period from the firm's retention on March 1, 2010 through March 29, 2011 (the "**Final Fee Period**")—appears substantively sound. On August 31, 2011, the Fee Examiner sent Analysis Research Planning Corporation ("**ARPC**") a draft of this report and, on September 7, 2011, ARPC provided some supplemental detail but objections remain. The parties still hope to reach a consensual resolution on all of the remaining issues in advance of the hearing and to present a stipulated agreement to the Court for its approval. This table summarizes the amounts ARPC has requested and the amounts allowed, to date, for these proceedings:

| Fee Applications | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (03/01/2010 to 05/31/2010) | $16,034.50 | $0.00 | $16,034.50 | $1,603.45 | $0.00 | $0.00 | $0.00 |
| **Second Fee Application** (06/01/2010 to 09/30/2010) | $205,538.50 | $0.00 | $205,538.50 | $20,553.85 | $857.22 | $0.00 | $857.22 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $536,458.00 | $188,035.50[1] | $348,422.50[1] | $107,291.60 | $1,150.33 | $0.00 | $1,150.33 |

---

[1] Proposed/pending.

| Fee Applications | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **Rate Increase Adjustment** | N/A | $1,631.50[2] | ($1,631.50) | N/A | N/A | N/A | N/A |
| **TOTALS:** | $758,031.00 | $189,667.00 | $568,364.00 | $129,448.90 | $2,007.55 | $0.00 | $2,007.55 |

ARPC was retained as a valuation consultant to the Future Asbestos Claimants' Representative. Throughout these proceedings, with the noted exceptions, ARPC generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[3] The Plan was confirmed on March 29, 2011.

2. On July 15, 2010, ARPC filed the *First Interim Application of Analysis Research Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from March 1, 2010 Through May 31, 2010* [Docket No. 6351] (the "**First Fee Application**"), seeking fees in the amount of $16,034.50.

---

[2] Stipulated proposed adjustment for rate increases.

[3] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3. On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of No Objection to First Interim Fee Application of Analysis Research & Planning Corporation* [Docket No. 7416]. That report is incorporated by reference.

4. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by ARPC. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through the Third Omnibus Order, the Court approved ARPC's First Fee Application in the amount of $16,034.50.

5. On November 15, 2010, ARPC filed the *Second Interim Application of Analysis Research Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from June 1, 2010 Through September 30, 2010* [Docket No. 7748] (the "**Second Fee Application**"), seeking fees in the amount of $205,538.50 and expenses of $857.22 for total requested compensation of $206,395.72.

6. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of No Objection to Second Interim Fee Application of Analysis Research & Planning Corporation* [Docket No. 8033]. That report is incorporated by reference.

7. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by ARPC. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and*

4

*Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289]. Through the Fourth Omnibus Order, the Court approved ARPC's Second Fee Application in the amount of $205,538.50 in fees and $857.22 in expenses.

8. On May 16, 2011, ARPC filed the Final Fee Application, seeking fees in the amount of $536,458.00 and expenses of $1,150.33 for the Current Interim Periods and fees in the amount of $758,031.00 and expenses of $2,007.55 for the Final Fee Period.

## APPLICABLE STANDARDS

9. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

10. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

11. On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

12. In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time, or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[4]

    B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

**COMMENTS**

**Current Interim Periods**

13. **Project Staffing**. The services provided by ARPC required an aggregate expenditure of 5,327.50 hours. Fewer than two percent of the hours billed were at "officer"

---

[4] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

6

billing rates with the vast majority billed by "consultants" with lower hourly rates. The requested amount for fees yields an hourly billing rate of approximately $165.05.

*Suggested disallowance: none.*

14.   **Time Increments**. The UST Guidelines require professionals to bill in increments of one-tenth of an hour. However, three ARPC timekeepers billed the vast majority of all time increments in half hour increments for an aggregate billing amount of $103,427.00. The significant percentage of half hour increments suggests that billing was not contemporaneously maintained in one-tenth of an hour increments. This is a continuing concern from the Second Fee Application.

*ARPC has confirmed that the time detail submitted is accurate.*

*Suggested disallowance for improper use of time increments: none—in light of other recommended reductions.*

15.   **Fee Inquiry Time**. ARPC did not bill any time for its Project Categories 10 or 11, Fee/Employment Applications and Fee/Employment Objections, for the Current Interim Periods.

16.   **Unmerited Services**. The *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* was executed by the parties to the stipulation on January 20 and 21, 2011. The Order was entered by the Court on February 14, 2011. The 2,097.3 hours billed by ARPC on valuation matters subsequent to January 21, 2011, unexplained in the Final Fee Application, accounts for $188,035.50 in fees. They are not compensable. ARPC maintains that all services provided were at the request of the Future Claimants' Representative and his legal counsel, yet they were provided after the values were stipulated.

*Suggested disallowance for unmerited services: $188,035.50 (100 percent).*

17.   **Expenses**. The expenses submitted in the Final Fee Application generally appear reasonable. However, further detail is required in connection with one hotel charge of $651.83

7

that appears to be excessive and does not have a corresponding entry for Project Code 15 (Non-working Travel).

*ARPC has submitted supplemental detail, resolving this concern.*

*Suggested disallowance for hotel charge: none.*

*Total fees suggested for disallowance: $188,035.50.*

*Total expenses suggested for disallowance: none.*

*Total fees and expenses suggested for disallowance: $188,035.50.*

**Final Fee Period**

18. **Project Staffing**. ARPC provided services at a blended hourly rate of $114.42.

19. **Asbestos Issues**. Asbestos matters have consumed a significant portion of the administrative expense budget in these cases, involving at least eight Retained Professionals. The diverse interests represented worked together to agree upon a discovery protocol (*Asbestos Claimants' Committee Anonymity Protocol*), conducted valuations of their interests, evaluated opposing interests, and reached an agreement on valuation, *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* [Docket No. 9214]. The Debtors' Joint Plan of Reorganization successfully established an Asbestos Trust to administer claims.

The process of discovery, valuation, validation, and settlement has been time consuming and, by its very nature, duplicative at times. However, the Fee Examiner has not identified unnecessary duplication reflected in ARPC's applications.

20. **Hourly Rate Increases**. Rate increases of Retained Professionals are more fully addressed in the *Fee Examiner's Limited Objection to Hourly Rate Increases* [Docket No. 10660]. ARPC seeks $12,566.00 in fees that are the direct result of hourly rate increases

8

implemented during the Final Fee Period. ARPC erroneously billed one vice-president at $305.00 per hour rather than the correct rate of $435.00 per hour in its First Fee Application, affecting the calculation of fees attributable to rate increases by $9,848.50. In addition, a second timekeeper received a promotion that resulted in a pay increase of 43 percent. ARPC has withdrawn its request for compensation at the increased rate, resulting in an agreed disallowance of $1,631.50. In light of their aggregate amount, the remaining fees attributable to rate increases are not objectionable.

> *Agreed disallowance for rate increase: $1,631.50.*

21. **Services Provided Outside of the Final Fee Period**. Although the time detail submitted by ARPC in support of the Final Fee Application included services provided after the conclusion of the Final Fee Period, the Fee Examiner has confirmed that these billings, totaling $16,741.00, have not been included in the total compensation requested. Nor can they be under the Amended Plan of Reorganization.

> *Suggested disallowance for services provided outside of the Final Fee Period: none.*

22. **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern. The overwhelming majority of the time, ARPC has remedied these concerns or agreed to an appropriate reduction. ARPC, in connection with its prior fee applications, has not been subject to any reductions of fees.

> *Total fees suggested for disallowance for Current Interim Periods: $188,035.50.*
> *Total agreed disallowance for prior interim fee periods: none.*
> *Total fees suggested for disallowance for Final Fee Period: $1,631.50.*
> *Total fees and expenses suggested for disallowance: $189,667.00.*

## CONCLUSION

This *Report and Limited Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the basis for objections, if any, to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Limited Objection* to the Final Fee Application.

Dated: Milwaukee, Wisconsin
September 12, 2011.

GODFREY & KAHN, S.C.

By:  */s/ Carla O. Andres*
Carla O. Andres
Timothy F. Nixon

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

Attorneys for the Fee Examiner

6419696_5