**Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY *et al.,*                         :   09-50026 (REG)
     f/k/a General Motors Corp. *et al.,*                    :   (Jointly Administered)
                                                             :
                                   Debtors.                  :   Honorable Robert E. Gerber
                                                             :
------------------------------------------------------------ x

# FEE EXAMINER'S REPORT AND STIPULATED STATEMENT ON
# FIFTH AND FINAL FEE APPLICATION OF THE CLARO GROUP, LLC

# **TABLE OF CONTENTS**

**Page**

SUMMARY STATEMENT .................................................................................................... 1

BACKGROUND .................................................................................................................... 3

APPLICABLE STANDARDS ................................................................................................ 6

COMMENTS .......................................................................................................................... 8

Current Interim Periods.......................................................................................................... 8

    Scope of Retention ..................................................................................................... 8

    Time Increment .......................................................................................................... 9

    Block Billing ............................................................................................................ 10

    Fee Applications, Fee Examiner Issues, and Monthly Fee Statements ........................... 10

    Expenses .................................................................................................................. 10

Final Fee Period ................................................................................................................... 11

    Project Staffing ........................................................................................................ 11

    Rate Increases ......................................................................................................... 11

    Insurance Matters.................................................................................................... 11

    Previous Reductions................................................................................................ 12

CONCLUSION..................................................................................................................... 12

# TABLE OF AUTHORITIES

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) .................................................................................................. 6

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A.............................. 6, 10

**TO:    THE HONORABLE ROBERT E. GERBER**
**       UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Stipulated Statement* in connection with the *Fifth and Final Application of the Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period October 1, 2010 – March 31, 2011* [Docket No. 10239] (the "**Final Fee Application**"). With this report, the Fee Examiner does not object to an award of $1,755.32 in fees and expenses requested for the periods from October 1, 2010 through March 29, 2011 (the "**Current Interim Periods**"), nor, except as noted below, to the amounts requested in the Final Fee Application.

## SUMMARY STATEMENT

In general, the Final Fee Application—covering the period from the firm's retention on June 1, 2009 through March 29, 2011 (the "**Final Fee Period**")—appears substantively sound. On September 2, 2011, the Fee Examiner sent The Claro Group, LLC ("**Claro**") a draft of this report and, on September 7, 2011, the parties reached a consensual resolution. This table summarizes the amounts Claro has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (06/01/2009 to 09/30/2009) | $189,563.00 | $17,549.41 | $172,013.59 | $17,201.36 | $888.05 | $450.59 | $437.46 |

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **Second Fee Application** (10/01/2009 to 01/31/2010) | $652,010.50 | $6,121.30 | $645,889.20 | $64,588.92 | $9,138.41 | $0.00 | $9,138.41 |
| **Third Fee Application** (02/01/2010 to 05/31/2010) | $527,315.50 | $505.87 | $526,809.63 | $52,680.96 | $7,886.51 | $293.94 | $7,592.57 |
| **Fourth Fee Application** (06/01/2010 to 09/30/2010) | $46,810.50 | $2,303.37 | $44,507.13 | $4,450.71 | $402.43 | $0.00 | $402.43 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $1,662.50 | $0.00 | $1,662.50 | $332.50 | $92.82 | $0.00 | $92.82 |
| **TOTALS:** | **$1,417,362.00** | **$26,479.95** | **$1,390,882.05** | **$139,254.45** | **$18,408.22** | **$744.53** | **$17,663.69** |

Claro served as an environmental management consultant to the Debtors, primarily responsible for evaluating the Debtors' existing remedial and environmental site files and regulatory actions associated with the Debtors' manufacturing and related sites. Claro also assisted in the projection of future environmental costs. Throughout these proceedings, Claro generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York—with the exception discussed below. When asked about entries or practices, it responded promptly.

## BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] The Plan was confirmed on March 29, 2011.

2.      On November 20, 2009, Claro filed the *First Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 Through September 30, 2009* (the "**First Fee Application**") [Docket No. 4506], seeking fees and expenses in the amount of $190,451.05.

3.      On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of The Claro Group, LLC* [Docket No. 5558] (the "**First Objection**"), identifying $41,336.47 in fees and expenses that were objectionable. That report is incorporated by reference.

4.      On April 29, 2010, this Court issued an oral ruling that granted Claro's First Fee Application in part but required a continued holdback of 10 percent of Claro's requested fees. On May 21, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered its *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* (the "**Omnibus Order**") [Docket No. 5834], approving a series of interim fee applications, including the application submitted by Claro. The Omnibus Order authorized payment to Claro of $172,013.59 for fees and $437.46 for expenses.

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

5. On March 17, 2010, Claro filed the *Second Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period October 1, 2009 Through January 31, 2010* [Docket No. 5290] (the "**Second Fee Application**"), seeking fees in the amount of $652,010.50 and expenses of $9,138.41 for total requested compensation of $661,148.91.

6. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of The Claro Group* [Docket No. 6094] (the "**Second Objection**"), identifying $15,856.30 in fees and expenses that were objectionable. That report is incorporated by reference.

7. On July 6, 2010, this Court issued an oral ruling that granted Claro's Second Fee Application in part but required a continued holdback of 10 percent of Claro's requested fees. On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Claro. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. The Second Omnibus Order authorized payment to Claro of $645,889.20 for fees and $9,138.41 for expenses.

8. On August 4, 2010, Claro filed the *Third Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation*

4

*and Reimbursement of Expenses for the Period February 1, 2010 - May 31, 2010* [Docket No. 6506] (the "**Third Fee Application**"), seeking fees in the amount of $527,315.50 and expenses of $7,886.51 for total requested compensation of $535,202.01.

9. On September 17, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Third Interim Fee Application of The Claro Group* [Docket No. 6974] (the "**Third Objection**"), identifying $15,163.29 in fees and expenses that were objectionable. That report is incorporated by reference.

10. On November 9, 2010, Claro filed the *Fourth Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2010 – September 30, 2010* (the "**Fourth Fee Application**"), seeking fees in the amount of $46,810.50 and expenses in the amount of $402.43 for total requested compensation of $47,212.93.

11. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Claro. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through that Third Omnibus Order, the Court approved Claro's Third Fee Application in the amount of $526,809.63 in fees and $7,592.57 in expenses.

12. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Fourth Interim Fee Application of The Claro Group* [Docket

5

No. 8042] (the "**Fourth Objection**"), identifying $2,303.37 in fees and expenses that were objectionable. That report is incorporated by reference.

13. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Claro. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289]. Through that Order, the Court approved Claro's Fourth Fee Application in the amount of $46,810.50 in fees and $402.43 in expenses.

14. On May 16, 2011, Claro filed its Final Fee Application, seeking fees in the amount of $1,662.50 and expenses of $92.82 for the Current Interim Periods and fees in the amount of $1,417,362.00 and expenses of $18,408.22 for the Final Fee Period.

## APPLICABLE STANDARDS

15. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"); the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"); the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"); and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

6

16. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

17. On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617], providing additional comments on the final fee review process.

18. On August 5, 2011, the Fee Examiner filed the *Fee Examiner's Limited Objection to Hourly Rate Increases* [Docket No. 10660], making a limited objection to Claro's rate increases over the course of these proceedings. To date, Claro has not responded to the limited objection.

19. In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time, or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

    B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

7

overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

**COMMENTS**

**Current Interim Periods**.

20.     **Scope of Retention**. As discussed in all of the Fee Examiner's prior reports, Claro's retention is governed by the *Order Pursuant to 11 U.S.C. §§ 327(a) and 330 and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of The Claro Group, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* (the "**Retention Order**") [Docket No. 3632], which, in turn, is further defined by the Debtors' engagement letter (the "**Engagement Letter**"), as amended, with Claro. The Retention Order authorizes Claro to perform the defined scope of work set forth in the Engagement Letter, Exhibit A "Scope of Work," for an estimated $185,000.00.

21.     The Engagement Letter provides that Claro will spend approximately 550 hours completing the scope of work. However, at the Debtors' request, Claro performed significant additional tasks, described in the March 18, 2010 correspondence from Carrianne Basler of AP Services, LLC to the Fee Examiner and in Claro's overview of monthly activities provided to the Fee Examiner on June 2, 2010. The Fee Examiner repeatedly requested that Claro amend the scope of the Retention Order to address the increased scope of work and the increased fee estimate beyond the terms of the Engagement Letter. *See* Second Objection, ¶ 10; Third Objection, ¶ 14; and, Fourth Objection, ¶¶ 21-22.

22.     In response to the Fee Examiner's repeated objections to Claro's services exceeding the scope of the Retention Order, Claro sent two letters, dated March 9, 2010 and

8

June 17, 2010. Claro stated that the Engagement Letter provided that the initial amount proposed for Claro's services was a "good faith estimate" of Claro's potential fees and was not intended to be a cap for the services to be provided by Claro. Claro also asserted that the parties expected that the initial estimate in the Engagement Letter would be exceeded. Seeking an amendment of the Retention Order, it argued, would serve no purpose, resulting only in needless expense. In fact, however, interested parties and the public are entitled to be advised of any amended retention—both the significantly expanded scope of work and the fee increase of more than sevenfold from the initial Engagement Letter approved in the Retention Order.

23. To date, Claro has been compensated in excess of $170,000.00 in connection with its First Fee Application, $650,000.00 in connection with its Second Fee Application, $480,000.00 in connection with its Third Fee Application, and $47,000.00 in its Fourth Fee Application. It now seeks $1,755.32 in its Final Fee Application. Collectively, the applications have sought a total of $1,435,770.22.

24. Claro completed additional tasks only as requested by the Debtors. Accordingly, the Fee Examiner will not suggest a disallowance of work performed outside of the scope of the Retention Order. However, Claro did not comply with the Fee Examiner's code-based request that the expanded scope of its retention be disclosed to the Court and all interested parties. As a result, the transparency goals of the Bankruptcy Code could not be achieved, and the estates incurred the unnecessary expense of monitoring, examining, and reporting on matters that could have been easily remedied through a supplemented retention application.

*Suggested disallowance: None.*

25. **Time Increment**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour. The Fee Examiner identified one time entry billed at 0.25

9

totaling $112.50. However, Claro's efforts to comply with the time increments guideline are evident.

*Suggested disallowance for time increment: none.*

26. **Block Billing**. Block billing is prohibited by the UST Guidelines at section (b)(4)(v). "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *Id*. The Fee Examiner did not identify any entries by Claro professionals that do not comply with these guidelines and notes that Claro's time and record keeping improved significantly in successive applications.

*Suggested disallowance for block billing: none.*

27. **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**. Claro reports 3.45 billable hours, representing $1,662.50 in fees, for all fee matters including retention matters, the preparation of Claro's monthly fee statements and fee applications, its communications with the Fee Examiner, and "other job administration."

28. Claro has not voluntarily reduced the hours billed for these fee matters. The Fee Examiner has reviewed these fees and determined that a total of $1,412.50 applies to the preparation of fee applications and monthly statements, which are fully compensable. The remaining fees, totaling $250.00, represent time spent responding to the Fee Examiner's fee inquiries and fall within the safe harbor.

*Suggested disallowance for fees related fee statements and fee applications: none.*

29. **Expenses**. Claro's requested expense reimbursements are generally well-documented and appear to be unobjectionable. *See* Final Fee Application, Exhibit C.

10

> *Total fees suggested for disallowance: none.*
>
> *Total expenses suggested for disallowance: none.*
>
> *Total fees and expenses suggested for disallowance: none.*

**Final Fee Period**

30. **Project Staffing**. Claro provided services at an overall blended rate of $305.27.

31. **Rate Increases**. Claro seeks fees that are the direct result of its promotions of its own professionals during the Final Fee Period. These rate increases ranged from four to six percent during the Final Fee Period and resulted in increased fees of $5,129.50. *See* Final Fee Application, Exhibit F. These increases, and the rate increases of other retained professionals, are the subject of the *Fee Examiner's Limited Objection to Hourly Rate Increases*, pending before the Court. Due to their *de minimis* impact on the estates, however, these rate increases do not warrant objection or reduction.

32. **Insurance Matters**. The Fee Examiner's review of all Claro's fee applications identified several time entries for insurance presentations and evaluations of insurance products in connection with environmental remediation. These time entries totaled $44,234.00 and were found primarily in the Second and Third Fee Applications. However, the services provided by Claro analyzing options for insurance ultimately did not result in the estates' purchase of insurance products, and the matter apparently was abandoned. After discussions with the Debtors and their retained environmental professionals, the Fee Examiner is satisfied that the time spent preparing technical underwriting requests, evaluating insurance products, and meeting with potential insurance providers was reasonable and necessary.

> *Suggested disallowance for insurance matters: none.*

11

33.  **Previous Reductions**.  In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern.  The overwhelming majority of the time, Claro has remedied these concerns or agreed to an appropriate reduction.  Claro, in connection with its prior fee applications, has been subject to the following reductions of fees:

Block Billing:  $1,863.56

Time Increment Analysis:  $14,407.50

Clerical and Administrative Tasks:  $4,588.05

Multiple Attendees:  $3,643.50

Vague Communications:  $1,980.00

Vague Tasks:  $3,122.85

Fee Applications, Fee Examiner Issues, and Monthly Fee Statements:  $12,503.12

*Total fees suggested for disallowance for Current Interim Periods:  none.*
*Total agreed disallowance for prior interim fee periods:  $27,224.48.*
*Total fees suggested for disallowance for Final Fee Period:  none.*
*Total fees and expenses suggested for disallowance:  $27,224.48.*

## CONCLUSION

This *Report and Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the absence of any basis for objection to the Final Fee Application.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

12

WHEREFORE, the Fee Examiner respectfully submits this *Report and Stipulated Statement* to the Final Fee Application.

Dated: Milwaukee, Wisconsin
September 12, 2011.

          GODFREY & KAHN, S.C.

By:    */s/ Carla O. Andres*
      Carla O. Andres
      Timothy F. Nixon

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
        tnixon@gklaw.com

*Attorneys for the Fee Examiner*

6420800_9

13