**Hearing date and time: September 26, 2011, 9:45 a.m.**
                                          **Objection deadline: September 12, 2011**

PREET BHARARA
United States Attorney
  for the Southern District of New York
By:    David S. Jones
         Natalie N. Kuehler
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2800
Fax: (212) 637-2730
david.jones6@usdoj.gov
natalie.kuehler@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                        :
In re                                                :        Chapter 11 Case No.
                                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,  :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.*        :
                                                        :
                          Debtors.          :        (Jointly Administered)
                                                       :
---------------------------------------------------------------x

**OBJECTION OF THE UNITED STATES OF AMERICA TO "APPLICATION OF MARK BUTTITA FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION IN THIS CHAPTER 11 CASE FROM JUNE 4, 2009 THROUGH JULY 9, 2009"**

        The United States of America, on behalf of its agency the United States Department of the Treasury ("**Treasury**"), by and through its attorney Preet Bharara, United States Attorney for the Southern District of New York, hereby submits this objection to the Application of Mark Buttita for Allowance of Administrative Expenses Incurred from June 4, 2009 through July 9, 2009, Dkt. Nos. 10707 (the "**Fee Application**") and 10233 (notice of hearing). The Fee Application is based on an asserted "substantial contribution" of Buttita's

counsel during the case's first month and a half, during which Buttita strenuously objected to the asset sale that was the indispensable prerequisite for this case's successful outcome.

## DISCUSSION

The Fee Application should be denied because it does not relate to work that made a "substantial contribution" to the estate, as required for fee awards under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code. Rather, the Fee Application seeks compensation from the estate, which is funded by Treasury (along with Export Development Canada) as debtor-in-possession ("**DIP**") lender, for work opposing the sale transaction that was indispensable to the successful outcome of this case.

As Buttita acknowledges, to be eligible for compensation by the estate for substantial contributions to a case, the applicant must have performed a service leading to "an actual and demonstrable benefit to the debtor's estate, the creditors and, to the extent relevant, the stockholders." *In re Granite Partners*, 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997). *Granite Partners* cautions that "the substantial contribution provisions must be narrowly construed," and that "[c]ompensable services foster and enhance—rather than retard and interrupt—the progress of reorganization." *Id.* at 445-46. And "services calculated primarily to benefit the client do not justify an award even if they also confer an indirect benefit on the estate," *id.* at 446; *see also In re A. Tarricone, Inc.*, 83 B.R. 253, 255 (Bankr. S.D.N.Y. 1988) (creditor not entitled to "substantial contribution" fee award based on efforts to pursue client's rights as against debtor).

Here, far from making valuable contributions to further the success of the case or to benefit the estate as a whole, Buttita's counsel, during the early phase of this case, mounted vigorous opposition in an attempt to prevent the sale from occurring, unless certain concessions for the benefit of unknown future asbestos claimants were provided, specifically including a

2

request that the Court apply the requirements of Bankruptcy Code section 524(g) (concerning treatment under plans of reorganization of certain asbestos claimants) to the section 363 sale, notwithstanding that the sale was not, in fact, a plan and that the estate would need to develop a plan of liquidation at a later phase of the proceedings.  *See, e.g.*, Dkt Nos. 2148 (June 22, 2009 Joinder and Further Objection to [Sale] Motion), 2818 (June 30, 2009 Joinder and Further Objection of Mark Buttita to [Sale] Motion), 3013 (July 7, 2009 Joinder of Mark Buttita to motion seeking immediate appeal to Second Circuit or in the alternative seeking a stay of the Sale Order).  Not only did this request not advance the interests of the estate as a whole or of any group other than future asbestos claimants who had not yet manifested illness (such that Buttita's standing was in doubt), but Buttita did not succeed in this effort. Rather, the Court merely inserted into its approval of the sale an explicit statement of what the law requires, namely, that the purchaser's non-assumption of debtor obligations to future asbestos claimants was subject to whatever limits the Constitution might impose – if any.  This limitation cannot be said to have made "substantial contributions" to the case's success; rather, it was merely an articulation of a legal outer boundary to the effect of the Court's ruling.

Yet this ruling is the sole "contribution" that Buttita identifies.  *See* Fee Application at ¶ 45 (quoting Sale Opinion, Dkt. No. 2967, at 62-63).  This provision states what the permissible bounds and effect of the ruling would be even in the absence of such language, and, as such, it cannot constitute a "substantial contribution" to this case as a whole.  Moreover, even if the inserted phrase had some independent significance, the effect of that language was to protect only a particular class of creditors, was not itself significant to the case going forward, and, arising as it did from opposition to the very sale that made success in the case possible, it cannot be said to evidence a "substantial contribution" to the case as a whole.

3

Nor should the Court award Buttita fees for work performed opposing the sale in June and July 2009 based on subsequent events in the case, such as the eventual appointment of an asbestos committee or a future claims representative. Those events, while themselves significant in the conduct of this case overall, are not attributable to Buttita's work in the case's early stages. Rather, that work involved pressing actual or asserted rights that would have existed whether or not Buttita's counsel performed the June and July 2009 work for which it now seeks to get paid. To confirm a plan of liquidation, Debtors needed either to secure the agreement of the asbestos claimant constituencies, or to prevail in litigation against them, which would have been time-consuming and costly. Rather than incur the expense and delay that a contested proceeding would have required, Debtors prudently negotiated and reached agreements that satisfied asbestos claimants and their representatives, thereby permitting the case to proceed to plan confirmation. It was the dynamic of seeking and securing support for the plan and treatment of claims against the estate that led to the negotiated agreements between the Debtors and the asbestos representatives – not Buttita's early and strenuous opposition to the very sale that was indispensable for the orderly wind-down and payout to creditors that ultimately was achieved in this case.

In sum, because Buttita seeks payment for work that sought to "retard and interrupt" the sale that was the single most important factor in this case's success, and because that work in no way "foster[ed] and enhance[d]" the successful outcome of the case, his application should be denied.

4

## CONCLUSION

Buttita's application for allowance of an administrative expense for fees incurred in June and July 2009 should be denied.

Dated: New York, New York
September 12, 2011

        PREET BHARARA
        United States Attorney for the
        Southern District of New York

        /s/ David S. Jones
By:   David S. Jones
       Natalie N. Kuehler
       Assistant United States Attorneys
       86 Chambers St., 3rd Floor
       New York, NY 10007
       Tel. (212) 637-2800
       Fax (212) 637-2730
       david.jones6@usdoj.gov
       natalie.kuehler@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, David Jones, certify that I am an Assistant U.S. Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and that I caused the foregoing pleading to be served as follows:

      By electronic notice via ECF to all persons registered to receive such notice;

      By email to the following: Elihu Inselbuch (ei@capdale.com); Rita Tobin (rct@capdale.com); Stephen Karotkin (Stephen.karotkin@weil.com); Thomas Moers Mayer (tmayer@kramerlevin.com); Michael Edelman (MJEdelman@vedderprice.com); Michael Schein (MSchein@vedderprice.com) ;

      And by first class mail to the Office of the United States Trustee, and to all persons listed on the service list annexed hereto as Exhibit A.

                                                                           s/ David S. Jones

New York, New York
September 12, 2011

# EXHIBIT A

EXHIBIT A

# GENERAL MOTORS CORPORATION
## SERVICE LIST

| Claim Name | Address Information |
|---|---|
| ADRIAN ENVIRONMENTAL MANAGEMENT, INC. | C/O KENNETH RICHARDS 7533 WILLOW CREEK DRIVE CANTON MI 48187 |
| AIMS/DYKEMA GOSSETT PLLC | 10 SOUTH WACKER DRIVE CHICAGO IL 60606 |
| AIMS/LATHROP & GAGE LC | 2345 GRAND BLVD. KANSAS CITY MO 64108 |
| AIMS/STEPHENS & STEPHENS | 410 MAIN STREET BUFFALO NY 14202 |
| ARCADIS BBL | 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| ARCADIS BBL | ATTN: CHRIS PETERS 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| ARCADIS GERAGHTY & MILLER, INC. | ATTN: CHRIS PETERS 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| BT2, INC. | ATTN: MARK HUBER 2830 DAIRY DRIVE MADISON WI 53718-6751 |
| CHARTER TOWNSHIP OF FLINT | ATTN: SANDRA S WRIGHT 1490 S. DYE ROAD FLINT MI 48532 |
| CHARTER TOWNSHIP OF YPSILANTI | LARRY J. DOE, TREASURER 7200 S. HURON RIVER DR. YPSILANTI MI 48197 |
| CHARTER TWP. OF GENESEE | ATTN: TOM MANNOR, TREASURER 7244 N. GENESSE ROAD P.O. BOX 215 GENESEE MI 48437 |
| CITY OF SAGINAW, TREASURER | 1315 S. WASHINGTON AVE. SAGINAW MI 48601 |
| CITY OF SIOUX CITY | CITY TREASURER P.O. BOX 447 SIOUX CITY IA 51102 |
| CLEAN HARBORS ENVIRONMENTAL SERVICES | P.O. BOX 3442 BOSTON MA 02241-3442 |
| CONESTOGA-ROVERS & ASSOC. | ATTN: BETH LANDALE 22055 NIAGARA FALLS BLVD. SUITE #3 NIAGARA FALLS NY 14304 |
| CONESTOGA-ROVERS & ASSOCIATES | 22055 NIAGARA FALLS BLVD SUTIE #3 NIAGARA FALLS NY 14304 |
| ENCORE ENVIRONMENTAL CONSORTIUM | ATTN: MARK QUILTER P.O. BOX 66 6723 TOWPATH ROAD SYRACUSE NY 13214-0066 |
| ENVIRON INTERNATIONAL CORPORATION | 214 CARNEGIE STREET PRINCETON NJ 08540 |
| ENVIRON INTERNATIONAL CORPORATION | 214 CARNEGIE STREET PRINCETON NJ 08540-1980 |
| FAVERO GEOSCIENCES | ATTN: DAVE FAVERO 1210 SOUTH 5TH STREET, SUITE 2 SPRINGFIELD IL 62703 |
| GENERAL OIL COMPANY, INC. | 35796 VERONICA ST. LIVONIA MI 48150 |
| GLOBAL ENVIRONMENTAL ENGINEERING INC. | 6140 HILL 23 DRIVE SUITE 1 FLINT MI 48507 |
| GROUNDWATER & ENVIRONMENTAL SERVICES, INC | 440 CREAMERY WAY SUITE 500 EXTON PA 19341-2577 |
| HALEY & ALDRICH DESIGN AND CONTRUCTION | 56 ROLAND STREET BOSTON MA 02129-1400 |
| HALEY & ALDRICH OF NEW YORK | 200 TOWN CENTRE DRIVE, STE 2 ROCHESTER NY 14623-4264 |
| HDR ENGINEERING | ATTN: DICK BELL 8404 INDIAN HILLS DRIVE OMAHA NE 68114 |
| IOWA DEPT OF NATIONAL RESOURCES | HAZARDOUS WASTE REMEDIAL FUND 502 E. 9TH STREET DES MOINES IA 50319-0034 |
| J.A. LOMBARDO & ASSOCIATES | ATTN: JOSEPH A. LOMBARDO 445 S. LIVERNOIS - SUITE 202 ROCHESTER MI 48307 |
| NOVA CONSULTANTS, INC | 21580 NOVI ROAD #300 NOVI MI 48375 |
| O'BRIEN & GERE ENGINEERS, INC. | ATTN: TERRY L. BROWN 5000 BRITTONFIELD PKWY SYRACUSE NY 13057-9226 |
| ROYAL ENVIRONMENTAL, INC. | 720 LEXINGTON AVENUE P.O. BOX 15719 ROCHESTER NY 14615 |
| SEVENSON ENVIRONMENTAL SERVICES, INC. | 2749 LOCKPORT ROAD NIAGARA FALLS NY 14302 |
| THE BANK OF NEW YORK | FINANCIAL CONTROL BILLING DEPARTMENT P.O. BOX 19445 NEWARK NJ 07195-0445 |
| THE BARTECH GROUP | 17199 NORTH LAUREL PARK DR. SUITE224 LIVONIA MI 48152 |
| TOWN OF FRAMINGHAM | TAX COLLECTOR'S OFFICE 150 CONCORD ST FRAMINGHAM MA 01702 |
| WASHTENAW COUNTY TREASURER | P.O. BOX 8645 200 N. MAIN ST STE 200 ANN ARBOR MI 48107-8645 |
| WASTE MANAGEMENT | P.O. BOX 9001054 LOUISVILLE KY 40290-1054 |
| WDC EXPLORATION & WELLS | 500 MAIN STREET WOODLAND CA 95695 |
| YOUNG'S ENVIRONMENTAL CLEANUP, INC | G-5305 NORTH DORT HIGHWAY FLINT MI 48505 |

**Total Creditor count  39**