UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

HEARING: September 26, 2011
Time: 9:45 am

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., | : | |
| f/k/a/ General Motors Corp., et al., | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------- x

# RESPONSE OF THE UNITED STATES TRUSTEE REGARDING FINAL APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

# TABLE OF CONTENTS

I. Summary Statement 1

II. Jurisdiction, Venue and Statutory Predicates 5

III. Factual Background 6

IV. Legal Standards 9

A. The United States Trustee Has a Duty to Review and Comment Upon Applications for Compensation and Object When Appropriate

B. Each Professional Seeking Compensation Bears the Burden of Establishing That Its Requested Compensation is Reasonable, and the Court's Review for Reasonableness Protects the Estate from Overreaching 10

C. Actual and Necessary Expenses 13

V. Response 14

A. General Statement Applicable to All Professionals 14

B. Specific Response Regarding the Individual Applications 14

1. Hourly Rate Increases 15

VI. Conclusion 17

# TABLE OF AUTHORITIES

## Reported Decisions


In re American Preferred Prescription, Inc., 218 B.R. 680 (Bankr. E.D.N.Y. 1998) 13

In re Baker, 374 B.R. 489 (Bankr. E.D.N.Y. 2007) 12

In re Benassi, 72 B.R. 44 (D.Minn.1987) 12

In re Bennett Funding Group, 213 B.R. 234 (Bankr. N.D.N.Y. 1997) 12, 13

In re Beverly Mfg. Corp., 841 F.2d 365 (11th Cir. 1988) 12

In re Brous, 370 B.R. 563 (Bankr. S.D.N.Y. 2007) 6

In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833 (3d Cir. 1994) 13

In re Child World, Inc., 185 B.R. 14 (Bankr. S.D.N.Y. 1995) 12

Cohen & Thiros v Keen Enters., 44 B.R. 570 (N.D. Ind.1984) 12

Matter of Consolidated Bancshares, Inc., 785 F.2d 1249 (5th Cir.1986) 12

In re Engel, 124 F.3d 567 (3d Cir. 1997) 11

In re Evans, 153 B.R. 960 (Bankr. E.D. Pa. 1993) 13

Howard & Zukin Capital v. High River Ltd. P'ship, No. 05 Civ. 5726 (BSJ), 2007 WL 1217268 (S.D.N.Y., Apr. 24, 2007) 11

Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.), 210 B.R. 19 (Bankr. 2d Cir. 1997) 11

In re Keene Corp., 205 B.R. 690 (Bankr. S.D.N.Y. 1997) 11

In re Korea Chosun Daily Times, Inc., 337 B.R. 758 (Bankr. E.D.N.Y. 2005) 13

In re Lederman Enter., Inc., 997 F.2d 1321 (10th Cir. 1993) 11

In re Lee Tractor Co., Inc., 2008 WL 2788413 (Bankr. E.D.N.C. 2008) 15

In re Manoa Fin. Co., Inc., 853 F.2d 687 (9th Cir. 1998) 12

In re Meade Land and Dev. Co., 527 F.2d 280 (3rd Cir.1975) 12

In re National Paragon Corp., 87 B.R. 11 (E.D. Pa.1988) 12

In re Northwest Airlines Corp., 382 B.R. 632 (Bankr. S.D.N.Y. 2008) 11

In re Reconversion Techs, Inc., 216 B.R. 46 (Bankr. N.D. Okla. 1997) 15

In re Spanjer Bros., Inc., 191 B.R. 738 (Bankr. N.D. Ill. 1996) 12

In re S.T.N. Enters., Inc., 70 B.R. 823 (Bankr. D. Vt. 1987) 13

In re Taxman Clothing Co., 49 F.3d 310 (7th Cir. 1995) 12

In re Temple Retirement Community, Inc., 97 B.R. 333 (Bankr. W.D.Tex.1989) 12

In re Teraforce Tech. Corp., 347 B.R. 838 (Bankr. N.D. Tex. 2006) 15

Zolfo, Cooper & Co. v.Sunbeam-Oster Co., Inc., 50 F.3d 253 (3d Cir. 1995)
12

**Statutes**

11 U.S.C. § 101 et seq., the "Bankruptcy Code"
11 U.S.C. § 105(a) 7
11 U.S.C. § 326 10
11 U.S.C. § 327 10
11 U.S.C. § 328 10
11 U.S.C. § 329 10
11 U.S.C. § 330 2, 5, 6, 9, 11
11 U.S.C. § 330(a)(1) 10
11 U.S.C. § 330(a)(1)(A) 10
11 U.S.C. § 330(a)(1)(B) 10, 13
11 U.S.C. § 330(a)(3) 10, 11
11 U.S.C. § 331 5, 7
11 U.S.C. § 586 9
11 U.S.C. § 1103 10
11 U.S.C. § 1107(a) 6
11 U.S.C. § 1108 6
28 U.S.C. § 157 5
28 U.S.C. § 157(b) 5
28 U.S.C. § 586(a)(3)(A)(i)-(ii) 10
28 U.S.C. § 1334 5
28 U.S.C. § 1408 5

28 U.S.C. § 1930(a)(6) 9

**Federal Rules, Local Rules, Local Orders & Other Guidelines**

Federal Rule of Bankruptcy Procedure 2016 5, 11

Federal Rule of Bankruptcy Procedure 2016(a) 11

Local Bankruptcy Rules for the Southern District of New York, Rule 2016-1 5

Administrative Order M-389, Guidelines for Fees and Disbursements for Professionals in 5,
6 Southern District of New York Bankruptcy Cases

United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 6

**RESPONSE OF THE UNITED STATES TRUSTEE
REGARDING FINAL APPLICATIONS FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
(September 26, 2011 Hearing)**

**TO: THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:**

Tracy Hope Davis, the United States Trustee for Region 2 (the **"United States Trustee"**), has reviewed the fifth and final interim applications for compensation and reimbursement of expenses covering the period from October 1, 2010 to March 29, 2011 (the **"Fifth and Final Fee Periods")** filed by the retained professionals (the **"Retained Professionals"**). The Applications also seek final awards of compensation and reimbursement of out-of-pocket expenses (the **"Final Fee Applications"**) for the period from June 1, 2009 through March 29, 2011 (the **Entire Fee Period"**).

## I. SUMMARY STATEMENT

As set forth in the table below, for services performed during the Entire Fee Period, the Retained Professionals seek final allowances of fees in the aggregate of over $121 million, and reimbursement of out of pocket expenses in the aggregate of over $3.3 million, for an aggregate amount of compensation sought of over $124 million. The United States Trustee has no objection to the fees and expenses sought by the Fee Examiner, his counsel and his consultant. Furthermore, counsel to the United States Trustee has carefully reviewed the Fee Examiner's Reports as well as the applications for final fees filed by the professionals in these cases, and based on those reviews, the United States Trustee concurs with, and supports, the Fee Examiner's recommendations for allowances and disallowances of the various applications for fees and expenses.

With respect to the issue of hourly rate increases, the United States Trustee continues to object to rate increases on the basis, inter alia, that certain retained professionals unilaterally implemented hourly rate increases during the case, but failed to meet their burden of demonstrating that such increases were reasonable, pursuant to section 330 of the Bankruptcy Code. This specific issue will not be considered at the hearing on final fee applications scheduled for September 26, 2011, and accordingly, the United States Trustee reserves her rights with respect to this issue, including but not limited to conducting discovery, participating in discovery, and providing additional briefing to the Court if appropriate.

SUMMARY OF FEES FOR INTERIM AND ENTIRE FEE PERIOD

| Applicant | Period | Fees | Expenses |
|---|---|---|---|
| Weil Gotshal & Manges, LLP, Debtors' Counsel | October 1, 2010 - March 29, 2011 | $9,205,855.50 | $280,933.67 |
| | June 1, 2009 - March 29, 2011 | $44,719,081.80 | $1,476,502.19 |
| Kramer Levin Naftalis & Frankel, LLP Committee's Counsel | October 1, 2010 - March 29, 2011 | $3,060,398.75 | $52,329.32 |
| | June 1, 2009 - March 29, 2011 | $11,323,610.00 | $210,169.93 |
| Caplin & Drysdale Chartered, Special Counsel to the Committee | October 1, 2010 - March 29, 2011 | $1,210,386.00 | $88,188.61 |
| | October 6, 2009 - March 31, 2011 | $2,297,993.96 | $173,913.01 |
| Stutzman, Bromberg, Esserman & Plifka Counsel to Dean M. Trafelet | October 1, 2010 - March 29, 2011 | $684,676.75 | $12,251.58 |
| | February 24, 2010 - March 29, 2011 | $1,063,489.75 | $20,235.95 |
| Dean M. Trafelet Counsel for Future asbestos Personal Injury Claimants | October 1, 2010 - March 29, 2011 | $133,704.75 | $249.06 |
| | November 13, 2009 - March 29, 2011 | $214,677.50 | $2,395.42 |

| Applicant | Period | Fees | Expenses |
| --- | --- | --- | --- |
| Analysis Research Planning Corp.<br>Asbestos Claims Valuation Consultant to Dean M. Tafelet | October 1, 2010 - March 29, 2011 | $536,458.00 | $1,150.33 |
| | March 1, 2010 - March 29, 2011 | $758,031.00 | $2,007.55 |
| Bates White LLC<br>Asbestos Liability Consultant to the Committee | October 1, 2010 - March 29, 2011 | $910,311.25 | $6,777.20 |
| | March 16, 2010 - March 29, 2011 | $1,995,593.84 | $13,968.88 |
| Brownfield Partners, LLC<br>Debtors' Environmental Consultant | October 1, 2010 - March 29, 2011 | $152,616.00 | $6,966.30 |
| | June 1, 2009 - March 29, 2011 | $1,223,102.63 | $85,798.37 |
| Butzel Long, PC<br>Committee's Special counsel | October 1, 2010 - March 29, 2011 | $703,367.50 | $59,500.51 |
| | June 10, 2009 - March 31, 2011 | $2,046,609.06 | $144,757.17 |
| Deloitte Tax, LLP<br>Tax Services Provider to the Debtors | October 1, 2010 - March 29, 2011 | $955,126.00 | $7,476.00 |
| | January 1, 2010 - March 29, 2011 | $1,891,645.12 | $7,651.13 |
| FTI Consulting, Inc.,<br>Committee's Financial Advisor | October 1, 2010 - March 29, 2011 | $7,993,423.00 | $25,582.37 |
| | June 3, 2009 - March 29, 2011 | $18,495,125.25 | $135,380.13 |
| Hamilton Rabinovitz & Associates, Inc.<br>Asbestos Consultant to the Committee | October 1, 2010 - March 29, 2011 | $31,862.50 | $0.00 |
| | February 1, 2010 - March 29, 2011 | $68,295.00 | $0.00 |
| Jenner & Block LLP<br>Debtors' Special Counsel | October 1, 2010 - March 29, 2011 | $12,064.10 | $131.85 |
| | June 1, 2009 - March 29, 2011 | $4,952,968.55 | $271,139.73 |
| Legal Analysis Systems, Inc.<br>Consultant on the Valuation of Asbestos Claims for the Committee | October 1, 2010 - March 29, 2011 | $241,437.50 | $0.00 |

| Applicant | Period | Fees | Expenses |
|---|---|---|---|
| | March 15, 2010 - March 31, 2011 | $442,626.00 | $3,479.45 |
| LFR Inc. Debtors' Environmental Consultant | October 1, 2010 - March 29, 2011 | $243,858.10 | $2,546.41 |
| | June 1, 2009 - March 29, 2011 | $3,744,219.34 | $618,744.80 |
| Plante & Moran, PLLC, Accountants to the Debtors | October 1, 2010 - March 29, 2011 | $331,849.95 | $4,674.91 |
| | October 9, 2009 - March 29, 2011 | $1,306,275.54 | $19,496.99 |
| The Claro Group Debtors' Environmental Consultant | October 1, 2010 - March 29, 2011 | $1,662.50 | $92.82 |
| | June 1, 2009 - March 29, 2011 | $1,436,467.62 | $18,408.22 |
| Togut Segal & Segal LLP Conflicts Counsel to the Debtors | October 1, 2010 - March 29, 2011 | $438,826.00 | $2,453.94 |
| | December 21, 2009 - March 29, 2011 | $1,078,996.00 | $6,142.83 |
| Baker & McKenzie | October 1, 2010 - March 29, 2011 | $1,391.00 | $193.80 |
| | June 1, 2009 - March 29, 2011 | $1,280,837.78 | $24,236.72 |
| Evercore Group LLC | October 1, 2010 - March 29, 2011 | $0.00 | $0.00 |
| | June 1, 2009 - July 10, 2009 | $16,029,032.00 | $2,920.62 |
| Honigman Miller Schwartz and Cohn LLP | October 1, 2010 - March 29, 2011 | $108,539.25 | $4,661.97 |
| | July 10, 2009 - March 29, 2011 | $2,405,699.25 | $21,461.43 |
| Jones Day | October 1, 2010 - March 29, 2011 | $0.00 | $0.00 |
| | June 1, 2009 - January 31, 2010 | $465,693.65 | $5,591.62 |

| Applicant | Period | Fees | Expenses |
|---|---|---|---|
| Morris, Nichols, Arsht & Tunnell LLP | October 1, 2010 - March 29, 2011 | $10,529.67 | $2,987.21 |
| | November 16, 2010 - March 29, 2011 | $10,529.67 | $2,987.21 |
| Stuart Maue, Ltd. Consultant to the Fee Examiner | October 1, 2010 - March 29, 2011 | $0.00 | $0.00 |
| | January 22, 2010 - October 20, 2010 | $478,112.50 | $3,579.99 |
| Brady C. Williamson Fee Examiner and | October 1, 2010 - March 29, 2011 | $363,138.25 | $43,833.74 |
| Godfrey Kahn, S.C. Counsel to the Fee Examiner | December 28, 2009 - March 29, 2011 | $1,475,820.50 | $108,988.93 |
| **Total** | **Fifth and Final** | **$27,331,482.32** | **$602,981.60** |
| | **Entire Fee Period** | **$121,204,533.31** | **$3,379,958.27** |

## II. JURISDICTION, VENUE AND STATUTORY PREDICATES

1. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought in the Applications are sections 330 and 331 of title 11, United States Code (the **"Bankruptcy Code"**). This matter was initiated pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the **"Local Rules"**), Administrative Order M-389, Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the **"Local Guidelines"**), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330 (the **"UST Guidelines,"** together with the Local Guidelines, are referred to herein collectively as the **"Guidelines"**).[1]

## III. FACTUAL BACKGROUND

3. On June 1, 2009 (the **"Petition Date"**), General Motors Corp. (k/n/a Motors Liquidation Company) and certain subsidiary debtors (collectively, the **"Debtors"**) filed voluntary cases under Chapter 11 of the Bankruptcy Code.

4. The Debtors continued to operate and manage their business and properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

5. On June 3, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the **"Creditors' Committee"**). Docket No. 356. On November 30, 2009, the United States Trustee filed the First Amended Appointment of Official Committee of Unsecured Creditors. Docket No. 4552.

6. On March 5, 2010, the United States Trustee appointed the Committee of Unsecured Creditors Holding Asbestos Related Claims (the **"Asbestos Committee"**). Docket No. 5206.

7. On June 1, 2009, the Debtors filed a motion seeking the entry of an order authorizing and approving the sale of substantially all of their assets to NGMCO, Inc., a U.S. Treasury-sponsored purchaser, pursuant to the Amended and Restated Master Sale and Purchase

[1] The Bankruptcy Court for this judicial district has adopted the UST Guidelines. See In re Brous, 370 B.R. 563, 569 at n.8. (Bankr. S.D.N.Y. 2007); and Administrative Order M-389 at 1.

Agreement, dated as of June 26, 2009, together with all documents and agreements as well as all exhibits, schedules and addenda thereto (as amended, the **"MPA"**). Docket No. 92.

8. On July 5, 2009, the Court entered an Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief was entered (the **"Sale Order"**). Docket No. 2968.

9. On July 9, 2009, NGMCO, Inc. filed the required documentation to change its name to General Motors Company ("**GMCo.**").

10. On July 10, 2009, pursuant to the MPA and this Court's Sale Order, GMCo. acquired substantially all of the assets of the Debtors.

11. Since then, under the jurisdiction and supervision of this Court, the Debtors have engaged in an orderly wind-down of their remaining assets and business affairs.

12. On August 7, 2009, the Court entered its Order, Pursuant to §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the **"Interim Compensation Order"**). Docket No. 3711.

13. Pursuant to the Interim Compensation Order, the Retained Professionals have received payment of 80 percent of their invoiced fees.

14. On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee entered into a stipulation for the appointment of Brady C. Williamson as fee examiner (the **"Fee Examiner"**). Docket No. 4707. Pursuant to the Stipulation and Order With Respect to Appointment of a Fee Examiner (the **"Fee Examiner Order,"** entered December 23 2009), the Court approved the appointment.

15. On December 8, 2010, the Court entered an order approving the Debtors' Disclosure Statement and scheduled the hearing on the confirmation of the Debtors' Plan for March 3, 2011. Docket No. 8043.

16. On March 29, 2011 the Court entered an order confirming the Debtors Second Amended Joint Chapter 11 Plan. Docket No. 9941.

17. The Debtors' March 2011 Operating Report showed "Cash and cash equivalents at end of period" in the amount of $102,880,000.00.

18. On or about July 25, 2011, the Fee Examiner filed a "Final Fee Applications-Status Report" setting forth the procedures to be followed in reviewing the Final Fee Applications. Docket No. 10617.

19. In accordance with the Final Fee Applications-Status Report, the Fee Examiner has sent each Retained Professional a draft report that addresses any questions, concerns, or potential objection raised by the applications. Docket No. 10617, p. 3, ¶ 7(A). Copies of the draft reports were provided to the United States Trustee. The reports did not include a reference to any objection regarding hourly rate increases.

20. On or before September 12, 2011, the Fee Examiner will file a report on each fee application, including any objection deemed necessary. Docket No. 10617, p. 3, ¶ 7(D).

21. On or about August 5, 2011, the Fee Examiner filed the "Fee Examiner's Limited Objection to Hourly Rate Increases." Docket No. 10660. The Fee Examiner stated that hourly rate increases account for at least $3 million in professional compensation. Docket No. 10660, p. 3, ¶ 5.

22. Pursuant to a Chambers conference held on September 8, 2011, the hearing scheduled for September 26, 2011 will not address objections relating to hourly rate increases

unless the parties arrive at a settlement of the issue prior to the hearing. In the event the rate increase issue is not resolved by the date of the hearing, fees attributed to the dispute will not be awarded at the hearing.

23. The Debtors are current with the payment of quarterly fees due to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) through the second quarter of 2011.

## IV. LEGAL STANDARDS

### A. The United States Trustee Has a Duty to Review and to Comment Upon Applications for Compensation and to Object When Appropriate

Among the duties imposed upon a United States Trustee pursuant to 11 U.S.C. § 586, is the duty, when appropriate, to review and object to fee applications:

> (a) Each United States Trustee, within the region for which such United States Trustee is appointed, shall –
>
> . . . .
>
> (3) supervise the administration of cases and trustees in cases under chapter 7, 11, 12, 13, or 15 of title 11 by, whenever the United States Trustee considers it to be appropriate –
>
> (A)(I) reviewing, in accordance with procedural guidelines adopted by the Executive Office of the United States Trustee (which guidelines shall be applied uniformly by the United States Trustee except when circumstances warrant different treatment), applications for compensation and reimbursement under section 330 of title 11; and
>
> (ii) filing with the court comments with respect to such application and, if the United States Trustee considers it to be appropriate, objections to such application.
>
> . . . .

28 U.S.C. § 586(a)(3)(A)(I)-(ii).

**B. Each Professional Seeking Compensation Bears the Burden of Establishing That Its Requested Compensation is Reasonable, and the Court's Review for Reasonableness Protects the Estate from Overreaching**

Bankruptcy Code Section 330(a)(1) provides that only reasonable compensation and necessary expenses may be allowed:

> After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

To determine reasonableness, Section 330(a)(3) of the Bankruptcy Code instructs that:

> . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[2]

11 U.S.C. § 330(a)(3).

Section 330 requires the applicant to establish both reasonableness and benefit to the estate from the professional's services. In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10th Cir. 1993). To be compensable, the professional's services must have been necessary and beneficial to the estate or its creditors. In re Engel, 124 F.3d 567, 573 (3d Cir. 1997).

Each applicant bears the burden of proving the reasonableness of its fees and expenses sought. Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.), 210 B.R. 19, 24 (Bankr. 2d Cir. 1997); In re Northwest Airlines Corp., 382 B.R. 632, 645 (Bankr. S.D.N.Y. 2008) (citations omitted); Howard & Zukin Capital v. High River Ltd. P'ship, No. 05 Civ. 5726 (BSJ), 2007 WL 1217268, at *2 (S.D.N.Y. Apr. 24, 2007); In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997). The professional's burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." In re Spanjer Bros., Inc., 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996). To satisfy its burden, an applicant must justify its charges with

---

[2] Bankruptcy Rule 2016 implements the standards set forth in Section 330 of the Bankruptcy Code:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, the time expended and expenses incurred and (2) the amounts requested.

Fed. R. Bankr. P. 2016(a).

detailed, specific, itemized documentation. In re Baker, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007); In re Bennett Funding Group, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997).

If an applicant fails to sustain its burden on reasonableness, a court may properly deny the application for compensation. In re Beverly Mfg. Corp., 841 F.2d 365 (11th Cir. 1988). Similarly, a court may reduce a professional's fees or expenses when they are disproportionate to the benefit to the estate. In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995); Zolfo, Cooper & Co. v.Sunbeam-Oster Co., Inc., 50 F.3d 253, 262-63 (3d Cir. 1995) (affirming lower courts' denial of improperly documented and inadequately detailed expenses).

Courts serve a vitally important gate-keeping role in enforcing the Code's requirements that only reasonable fees be approved and paid as well as maintaining public confidence in the bankruptcy system itself:

> The affixing of a judge's signature to an order is not an empty formality. It is a judicial confirmation that the fees in question are in fact reasonable and do in fact represent compensation for actual and necessary services, measured against the various factors set out in the case law. In re Manoa Fin. Co., Inc., 853 F.2d 687, 690 (9th Cir.1988). See Matter of Consolidated Bancshares, Inc., 785 F.2d 1249, 1257 (5th Cir.1986). Because fees can be paid only upon court order, the court which signs that order must therefore be prepared to accept responsibility for its judicial actions by independently determining that court authorization for the fees is warranted. See In re National Paragon Corp., 87 B.R. 11, 13 (E.D. Pa.1988); In re Benassi, 72 B.R. 44 (D. Minn. 1987); Cohen & Thiros v. Keen Enters., 44 B.R. 570, 574 (N.D. Ind. 1984), (citing In re Meade Land and Dev. Co., 527 F.2d 280, 284 (3rd Cir. 1975)).

In re Temple Retirement Community, Inc., 97 B.R. 333, 337 (Bankr.W.D.Tex. 1989). "[T]he judiciary should retain control of fees, given the sensitivities they generate and the need to promote public confidence in the system." In re Child World, Inc., 185 B.R. 14, 17 (Bankr. S.D.N.Y. 1995). Other courts concur in the importance of judicial fee review and approval to maintaining public confidence in the bankruptcy system:

> The public expects, and has a right to expect, that an order of a court is a judge's certification that the result is proper and justified under the law. We frequently read in newspaper stories that the public has a perception that bankruptcies are too expensive and that high professional fees are a significant cause of these high expenses. Nothing better serves to allay these perceptions and fulfill public expectations than the recognition that a bankruptcy judge, before a fee application is approved, is obliged to carefully review same and find it personally acceptable, irrespective of the (always welcomed) observation of the UST or other interested parties.

In re Evans, 153 B.R. 960, 968 (Bankr. E.D. Pa. 1993). As the Third Circuit so aptly stated, "the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 844 (3d Cir. 1994).

**C. Actual and Necessary Expenses**

Under Section 330(a)(1)(B) of the Bankruptcy Code, only documented expenses that are actual and necessary are reimbursable. 11 U.S.C. § 330(a)(1)(B). Professionals must "furnish enough specificity for the Court to establish whether a given expense was both actual and necessary." In re Korea Chosun Daily Times, Inc., 337 B.R. 758, 769 (Bankr. E.D.N.Y. 2005) (quoting In re S.T.N. Enters., Inc., 70 B.R. 823, 834 (Bankr. D. Vt. 1987)). Expenses are "actual" if they are incurred and not based on a formula or pro rata calculation. Bennett Funding, 213 B.R. at 398. Expenses are "necessary" if they were "reasonably needed to accomplish proper representation of the client." In re American Preferred Prescription, Inc., 218 B.R. 680, 686-87 (Bankr. E.D.N.Y. 1998).

## V. RESPONSE

**A. General Response Applicable to All Professionals**

Meaningful fee discipline and control were critical throughout the pendency of these cases and remains important. The total fees sought by the Retained Professionals for the Entire Fee Period are $121,204,533.31and $3,379,958.27 in expenses.[3] Unless resolved prior to the hearing, fees related to the hourly rate increase issue will not be awarded.

**B. Specific Response Regarding Individual Applications**

The United States Trustee has no objection to the fees and expenses requested by the Fee Examiner, his counsel, and the Consultant to the Fee Examiner.

The Fee Examiner submitted draft reports and statements of limited objection (collectively, the **"Reports"**) to the United States Trustee and each of the Retained Professionals before filing the Reports with the Court. The Reports identify various fee and expense issues (excluding the hourly rate increase issue) with respect to the applications for compensation and reimbursement of out-of-pocket expenses to be considered on September 26, 2011. Based upon the Office of the United States Trustee's review of the Applications and the Fee Examiner's Reports, and upon consultations with the Fee Examiner, the United States Trustee concurs with, and supports the fee and expense allowances and disallowances recommended by the Fee Examiner in the Reports.

While not a matter to be addressed at the September 26, 2011 hearing, the United States Trustee also objects to the issue raised by the Fee Examiner regarding the reasonableness of a professional raising its hourly rates during the course of the bankruptcy proceedings.

**1. Hourly Rate Increases**

---

[3]This figure excludes the fees and expenses of AP Services.

The United States Trustee objects to the rate increases unilaterally implemented by the professionals in these cases. The applicant bears the burden of proving the reasonableness of its requested compensation. This burden should include justifying that any rate increase is reasonable. Stated differently, Retained Professionals that seek approval of rate increases in their fee applications throughout the Entire Fee Period are not automatically entitled to it. Although there is no per se prohibition against rate increases during a Chapter 11 case, there is similarly no automatic entitlement. Any rate increase should, like other fee matters, be subject to a reasonableness review, with the burden on the applicant to prove reasonableness, including, that comparable non-bankruptcy practitioners are paid similar increased rates. See In re Lee Tractor Co., Inc., 2008 WL 2788413 at *2 (Bankr. E.D.N.C. 2008) (at a hearing on debtor's attorney's application for compensation, the court found the rate increases reasonable considering the experience and quality of the work performed and the rates charged by attorneys with comparable experience among the local bankruptcy bar, but noting that "such percentage increases may not be so justified in future applications."); In re Teraforce Tech. Corp., 347 B.R. 838, 860 (Bankr. N.D. Tex. 2006) (holding that the reasonableness of the attorneys' hourly rate increases required a comparison with the local market); In re Reconversion Techs., Inc., 216 B.R. 46, 54-55 (Bankr. N.D. Okla. 1997) (disallowing rate increase because original hourly rates represented "the highest hourly rate which has been approved by this Court to date.").

On November 23, 2010, the Court issued a bench decision (the "Bench Decision") on two open questions involving legal fees. On the issue of rate increases, the Court decided, prospectively, that "[r]etained professionals are to provide written notice of upcoming increases in their [hourly] billing rates..." to give interested parties an opportunity to object and be heard. In re Motors Liquidation Company, Bench Decision on Pending Fee Issues, at 2, No. 09-50026

(Bankr. S.D.N.Y. 2010) [Docket No. 7896]. The Court eliminated any requirement to more widely "post notice of upcoming increases on ECF." Id.

A proper evaluation of the reasonableness of the compensation requested, including any increase in rates, can only be undertaken in the context of a review of the professional's fee application. The United States Trustee concurs with the Fee Examiner that comparison to market rates outside of bankruptcy is one of the critical factors required by the Bankruptcy Code in assessing reasonableness. In addition to the benchmarking rate studies referred to by the Fee Examiner in his objection, it is conceivable additional data on market rates should be gathered and analyzed before one can conclude definitively that these are the comparable benchmarks. Accordingly, the United States Trustee reserves her rights to conduct discovery on comparable rates and to offer other evidence for the Court's consideration on what is reasonable when measured against comparable billing practices outside of bankruptcy.

## VI. CONCLUSION

**WHEREFORE,** the United States Trustee respectfully submits that the Court enter an Order (i) consistent with the Fee Examiner, and (ii) granting such other relief as is just.

Dated: New York, New York
September 12, 2011

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

***By:*** ***/s/ Linda A. Riffkin***

Linda A. Riffkin
Assistant United States Trustee
Brian Masumoto
Trial Attorney
33 Whitehall Street, 21st Floor
New York, New York 10004
Tel. No. (212) 510-0500
Fax No. (212) 668-2255