Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re                                                      :   Chapter 1
                                                           :
MOTORS LIQUIDATION COMPANY *et al.,*                       :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                   :   (Jointly Administered)
                                                           :
                Debtors.                                   :   Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STIPULATED STATEMENT ON
THIRD INTERIM AND FINAL FEE APPLICATION OF
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
<u>A PROFESSIONAL CORPORATION</u>**


# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| SUMMARY STATEMENT | 1 |
| BACKGROUND | 2 |
| APPLICABLE STANDARDS | 5 |
| COMMENTS | 6 |
| Current Interim Periods | 6 |
|     Project Staffing | 6 |
|     Time Increments | 7 |
|     Block Billing | 7 |
|     Clerical and Administrative Charges | 7 |
|     Vague Tasks and Communications | 8 |
|     Voluntary Reductions | 8 |
|     Compensation and Fee Examiner Issues | 8 |
|     Expenses | 9 |
| Final Fee Period | 9 |
|     Project Staffing | 9 |
|     Asbestos Issues | 9 |
|     Rate Increases | 10 |
|     Services Provided Outside of the Final Fee Period | 10 |
|     Previous Reductions | 10 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) .................................................................................................. 5

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A................................. 5, 7

**TO:** **THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Stipulated Statement* in connection with the *Third Interim and Final Application of Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation, for Allowance of Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Interim Period from October 1, 2010 Through March 29, 2011 and the Final Period from February 24, 2010 Through March 29, 2011* [Docket No. 10248] (the "**Final Fee Application**").[1]  With this report, the Fee Examiner identifies $107.50 in fees and expenses, from a total of $696,928.33 requested for the periods from October 1, 2010 through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable.

**SUMMARY STATEMENT**

In general, the Final Fee Application—covering the period from the firm's retention on February 24, 2010 through March 29, 2011 (the "**Final Fee Period**")—appears substantively sound.  On September 1, 2011, the Fee Examiner sent Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation (the "**Stutzman Firm**"), a draft of this report and, on September 2, 2011, the parties reached a consensual resolution.  This table summarizes the amounts the Stutzman Firm has requested and the amounts allowed, to date, for these proceedings:

---

[1] On August 19, 2011, the Stutzman Firm filed its *Notice of Supplement to Third Interim and Final Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, for Allowance of Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Interim Period From October 1, 2010 Through March 29, 2011 and the Final Period From February 24, 2010 Through March 29, 2011* [Docket No. 10716], clarifying its request for compensation in the Final Fee Application.

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (02/24/2010 to 05/31/2010) | $63,314.50 | $1,804.46 | $61,510.04 | $6,151.40 | $3,712.78 | $64.94 | $3,647.84 |
| **Second Fee Application** (06/01/2010 to 09/30/2010) | $315,498.50 | $1,470.38 | $314,028.12 | $31,402.81 | $4,271.59 | $0.00 | $4,271.59 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $684,676.75 | $107.50[2] | $684,569.25[2] | $136,935.35 | $12,251.58 | $0.00 | $12,251.58 |
| **TOTALS:** | $1,063,489.75 | $3,382.34 | $1,060,107.41 | $174,489.56 | $20,235.95 | $64.94 | $20,171.01 |

The Stutzman Firm served as legal counsel to the Future Asbestos Claimants' Representative. Throughout these proceedings, the Stutzman Firm generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly.

**BACKGROUND**

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On

---

[2] Proposed/pending.

August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[3] The Plan was confirmed on March 29, 2011.

2. On July 15, 2010, the Stutzman Firm filed the *First Interim Application of Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Period from February 24, 2010 Through May 31, 2010* [Docket No. 6352] (the "**First Fee Application**"), seeking fees in the amount of $63,314.50 and expenses in the amount of $3,712.78 for total requested compensation of $67,027.28.

3. On September 17, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation* [Docket No. 6976], identifying $1,869.09 in fees and expenses that were objectionable. That report is incorporated by reference.

4. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by the Stutzman Firm. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through the Third Omnibus Order, the Court approved the Stutzman Firm's First Fee Application in the amount of $61,510.04 in fees and $3,647.84 in expenses.

---

[3] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

5.  On November 15, 2010, the Stutzman Firm filed the *Second Interim Application of Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Period from June 1, 2010 Through September 30, 2010* [Docket No. 7749] (the "**Second Fee Application**"), seeking fees in the amount of $315,498.50 and expenses in the amount of $4,271.59 for total requested compensation of $319,770.09.

6.  On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation* [Docket No. 8038], identifying $1,470.38 in fees that were objectionable. That report is incorporated by reference.

7.  On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by the Stutzman Firm. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289]. Through the Fourth Omnibus Order, the Court approved the Stutzman Firm's Second Fee Application in the amount of $314,028.12 in fees and $4,271.59 in expenses.

8.  On May 16, 2011, the Stutzman Firm filed the Final Fee Application, seeking fees in the amount of $684,676.75 and expenses of $12,251.58 for the Current Interim Periods and an aggregate of $1,060,215.22 in fees and $20,171.01 in expenses for the Final Fee Period.

4

## APPLICABLE STANDARDS

9.      The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

10.     On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

11.     On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617], providing additional comments on the final fee review process.

12.     In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

   A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time, or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[4]

   B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

## COMMENTS

**Current Interim Periods**

13. **Project Staffing**. Services have been provided by at least nine shareholders, four associates, and two paraprofessionals. The billing rate for shareholders ranges from $395.00 to $725.00 per hour, and the hourly rate for the associates ranges from $250.00 to $335.00 during the Current Interim Periods. *See* Final Fee Application, Exhibit D-1, Summary of Hours Billed. The overall blended rate for attorneys is $462.78. *Id.* Billing by shareholders accounted for 1,707.40 hours, or approximately 72 percent, of the total number of hours billed during the

---

[4] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

6

period. *See id*. This is a continuing increase from the 62 percent noted in the First Fee Application and the 70 percent identified in the Second Fee Application.

*The Stutzman Firm has provided supplemental detail to address the Fee Examiner's continuing concern that services are not being performed at the lowest appropriate billing rate.*

*Suggested disallowance for project staffing: none.*

16. **Time Increments**. The UST Guidelines require professionals to bill in increments of one-tenth of an hour. However, one timekeeper billed more than 53 percent of all time increments in half hour increments for an aggregate billing amount of $192,125.00. This is a continuing concern from the Second Fee Application.

*The Stutzman Firm has provided supplemental information satisfying the Fee Examiner that the time detail is accurate.*

*Suggested disallowance for improper use of time increments: none.*

15. **Block Billing**. Block billing is prohibited by the UST Guidelines at section (b)(4)(v). "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *Id*. The Fee Examiner identified multiple entries by Stutzman Firm's professionals, totaling $7,031.50, that do not comply with this guideline.

*The Stutzman Firm has provided supplemental detail, resolving this concern.*

*Suggested disallowance for block billing: none.*

16. **Clerical and Administrative Charges**. In the First Fee Application, the Fee Examiner identified charges that appeared to be clerical or administrative and, therefore, non-compensable services that might more appropriately have been absorbed as overhead, or delegated to a paralegal. In its Second and Final Fee Applications, the Stutzman Firm has voluntarily billed work, perhaps more appropriately performed by a paralegal, at a reduced rate of 50 percent for the associate performing the tasks. The Fee Examiner has identified one entry

7

for services more appropriately billed at a paralegal rate, where a reduction has not been taken, and one non-compensable administrative task.

*The Stutzman Firm has provided supplemental detail, partially resolving this concern. Agreed disallowance for paralegal tasks: $107.50.*

17. **Vague Tasks and Communications**. The Fee Examiner has identified 12 specific billing entries, aggregating $10,142.50, that are vague. All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*The Stutzman Firm has provided supplemental detail, resolving this concern. Suggested disallowance for vague time entries: none.*

18. **Voluntary Reductions**. The Stutzman Firm has voluntarily written off $287.50 in fees for the Current Interim Periods, prior to submission of its invoices. Also, as addressed in paragraph 16 above, the Stutzman Firm has written off an additional $10,685.00 in fees by billing certain services at a reduced rate. Finally, Mr. Esserman, a partner at the Stutzman Firm, states that he has voluntarily frozen his rate, despite rate increases to other clients during the Current Interim Periods.[5]

19. **Compensation and Fee Examiner Issues**. The Stutzman Firm has voluntarily reduced its fee request for fees incurred in reviewing monthly fee statements, by 50 percent, to a requested amount of $10,685.00 for the Current Interim Periods. However, an additional 20 hours, aggregating $7,106.50, have been billed for communications with the Fee Examiner, not only for the Stutzman Firm, but also on behalf of the Future Claimants' Representative and Analysis Research Planning Corporation. Of this amount, $7,791.50 falls outside of the safe harbor for the Compensation Period. Not all of these fees were incurred solely in connection

---

[5] In connection with its Final Fee Application, the Stutzman Firm submitted revised invoices for January through March 2011, reflecting the reduction of Attorney Esserman's hourly rate from $775.00 to $725.00.

8

with the Stutzman Firm's fee application, and time has not been segregated for services provided to other professionals. However, the Fee Examiner notes that the asbestos professionals represented by the Stutzman Firm have billed limited time for fee inquiry services, as the Stutzman Firm has provided these services, and the amounts requested appear to be reasonable.

*Suggested disallowance for fee inquiry-related services: none.*

20. **Expenses**. The Stutzman Firm's requested expense reimbursements are generally unobjectionable—with the exception of one request for car service reimbursement at more than twice the cost for the same service on another day. *See* Supplemental Expense Detail, pp. 3-4.

*The Stutzman Firm has provided supplemental detail, resolving this concern.*

*Suggested disallowance for car services: none.*

*Total suggested disallowance of fees: $107.50.*

*Total suggested disallowance of expenses: none.*

*Total suggested disallowance of fees and expenses: $107.50.*

**Final Fee Period**

21. **Project Staffing**. The Stutzman Firm provided services at a blended hourly rate of $453.46.

22. **Asbestos Issues**. Asbestos matters have consumed a significant portion of the administrative expense budget in these cases, involving at least eight Retained Professionals. The diverse interests represented worked together to agree upon a discovery protocol (*Asbestos Claimants' Committee Anonymity Protocol*), conducted valuations of their interests, evaluated opposing interests, and reached an agreement on valuation. *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* [Docket No. 9214]. The

9

Debtors' Joint Plan of Reorganization successfully established an Asbestos Trust to administer claims.

The process of discovery, valuation, validation, and settlement has been time consuming and, by its very nature, duplicative at times. However, the Fee Examiner has not identified unnecessary duplication reflected in the Stutzman Firm's applications.

23. **Rate Increases**. The Stutzman Firm seeks fees that are the direct result of hourly rate increases implemented during the Final Fee Period. These rate increases ranged from 3.5 to 10 percent and resulted in increased fees of $7,316.36. Due to their *de minimus* impact on the estates, however, these rate increases do not warrant objection or reduction.

*Suggested disallowance for rate increases: none.*

24. **Services Provided Outside of the Final Fee Period**. Although the time detail submitted by the Stutzman Firm in support of the Final Fee Application includes services provided after the conclusion of the Final Fee Period, counsel for the Fee Examiner has confirmed that these billings, totaling $3,058.00[6], have not been included in the total compensation requested. Nor can they be under the Amended Plan of Reorganization.

*Suggested disallowance for services provided outside of the Final Fee Period: none.*

25. **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern. For the overwhelming majority of the time, the Stutzman Firm has remedied these concerns or agreed to an appropriate reduction. The Stutzman Firm, in connection with its prior fee applications, has been subject to the following reductions of fees.

---

[6] The supplement also states that the Stutzman Firm does not seek compensation in its Final Fee Application for $28,982.50 of services billed in connection with its assisting the Future Claimants' Representative and his professionals with fee applications after the Final Fee Period.

10

    Clerical and Administrative Tasks:  $1,228.00

    Vague Time Entries:  $ 576.15

    Fee Inquiry Related Services:  $1,470.38

*Total agreed disallowance of fees and expenses for Current Interim Periods: $107.50.*

*Total agreed disallowance for prior interim fee periods: $3,339.78.*

*Total suggested disallowance of fees for Final Fee Period: none.*

*Total suggested disallowance of fees and expenses: $3,447.28.*

## CONCLUSION

  This *Report and Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for objections, if any, to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

  WHEREFORE, the Fee Examiner respectfully submits this *Report and Stipulated Statement* to the Final Fee Application.

11

Dated: Milwaukee, Wisconsin
September 12, 2011.

                                                  GODFREY & KAHN, S.C.

By:  */s/ Carla O. Andres*
       Carla O. Andres
       Timothy F. Nixon

       GODFREY & KAHN, S.C.
       780 North Water Street
       Milwaukee, Wisconsin 53202
       Telephone: (414) 273-3500
       Facsimile: (414) 273-5198
       E-mail: candres@gklaw.com
              tnixon@gklaw.com

*Attorneys for the Fee Examiner*

6405662_8

12