Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 12, 2011, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY *et al.,*                    :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                :   (Jointly Administered)
                                                        :
                       Debtors.                         :   Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION**
**TO THIRD AND FINAL FEE APPLICATION OF**
**HAMILTON, RABINOVITZ & ASSOCIATES, INC.**

TO:   **THE HONORABLE ROBERT E. GERBER**
      **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Third and Final Application of Hamilton, Rabinovitz, & Associates, Inc. as Consultants for the Debtors with Respect to Present and Future Asbestos Claims, for Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During (I) the Fifth Interim Compensation Period of October 1, 2010 Through March 29, 2011 and (II) the Total

*Compensation Period of February 1, 2010 Through March 29, 2011* [Docket No. 10266] (the "**Final Fee Application**"). With this report, the Fee Examiner identifies $9,851.25 in fees, from a total of $31,862.50 requested for the periods from October 1, 2010 through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable.

## SUMMARY STATEMENT

In general, the Final Fee Application—covering the period from the firm's retention on May 6, 2010 through March 29, 2011 (the "**Final Fee Period**")—appears substantively sound. On August 31, 2011, the Fee Examiner sent Hamilton, Rabinovitz & Associates, Inc. ("**HRA**") a draft of this final *Report and Statement of Limited Objection* and, on September 1 and 2, 2011, HRA provided supplemental responses. The parties expect to reach a consensual resolution on all of the remaining issues in advance of the hearing to present a stipulated agreement to the Court for its approval. This table summarizes the amounts HRA has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (02/01/2010 to 05/31/2010) | $7,970.00 | $0.00 | $7,970.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Second Fee Application** (06/01/2010 to 09/30/2010) | $28,462.50 | $0.00 | $28,462.50 | $2,846.25 | $0.00 | $0.00 | $0.00 |

2

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $31,862.50 | $9,851.25 | $22,011.25 | $6,372.50 | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | **$68,295.00** | **$9,851.25** | **$58,443.75** | **$9,218.75** | **$0.00** | **$0.00** | **$0.00** |

HRA has been retained as the Debtors' consultant to assist with the valuation of present and future asbestos claims. Throughout these proceedings, HRA generally has submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] The Plan was confirmed on March 29, 2011.

2. On August 5, 2010, HRA filed the *First Application of Hamilton, Rabinovitz, & Associates, Inc. as Consultants for the Debtors with Respect to Present and Future Asbestos Claims, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from February 1, 2010, Through*

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

*May 31, 2010* [Docket No. 6528] (the "**First Fee Application**") seeking fees in the amount of $7,970.00.

3. On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of No Objection to First Interim Fee Application of Hamilton, Rabinovitz & Associates, Inc.* [Docket No. 7423]. That report is incorporated by reference.

4. On November 15, 2010, HRA filed the *Second Application of Hamilton, Rabinovitz, & Associates, Inc. as Consultants for the Debtors with Respect to Present and Future Asbestos Claims, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2010, Through September 30, 2010* [Docket No. 7778] (the "**Second Fee Application**"), seeking fees in the amount of $28,462.50.

5. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by HRA. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) The Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through the Third Omnibus Order, the Court approved HRA's First Fee Application in the amount of $7,970.00 in fees.

6. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of No Objection to Second Interim Fee Application of Hamilton, Rabinovitz & Associates, Inc.* [Docket No. 8034] (the "**Second Objection**"). That report is incorporated by reference.

4

7. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by HRA. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289]. Through the Fourth Omnibus Order, the Court approved HRA's Second Fee Application in the amount of $28,462.50 in fees.

8. On May 16, 2011, HRA filed the Final Fee Application seeking fees in the amount of $31,862.50 for the Current Interim Periods and an aggregate of $68,295.00 in fees for the Final Fee Period.

**APPLICABLE STANDARDS**

9. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

10. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on

5

compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

11. On July 25, 2011, the Fee Examiner filed a *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

12. In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

**COMMENTS**

**Current Interim Periods**.

13. **Project Staffing**. Services have been provided by three people—a partner, a managing director, and a director. The billing rates range from $650.00 to $350.00 per hour. *See* Final Fee Application, Exhibit B. The overall blended rate is $615.70 for the Current Interim Periods, $138.54 per hour greater than the most recent prior interim period. *See id*. For the Final Fee Period, HRA's overall blended hourly rate was $526.97. None of the hours billed during the Current Interim Periods was billed at the lowest hourly rate.

*Suggested disallowance for project staffing: none.*

14. **Vague Tasks and Communications**. The Fee Examiner has identified 11 billing entries that fail to comply with the UST Guidelines. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*HRA has provided supplemental time detail, resolving these concerns.*

*Suggested disallowance for vague time entries: none.*

15. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified one entry by HRA professionals, totaling $520.00, that does not comply with this guideline.

*HRA has provided supplemental time detail, resolving this concern.*

*Suggested disallowance for block billing: none.*

16. **Time Increments**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour. However, two timekeepers billed fully 91 percent and

7

100 percent, respectively, of all entries in full- or half-hours. Total billings for these timekeepers are $31,862.50. This practice disregards the guideline requirement of billing in one-tenth of an hour increments and appears to reflect "rounding" of time, rather than an accurate billing based on contemporaneous records.

*The significant percentage of half hour increments suggests that billing was not contemporaneously maintained in one tenth of an hour increments. This has not been an issue in HRA's previous fee applications.*

*Suggested disallowance for time increment analysis: $9,558.75(30 percent).*

17.    **Excessive Fees**. The Fee Examiner has identified two entries totaling $765.00 that appear to be excessive based on the time detail provided.

*HRA has provided a supplemental response partially resolving these concerns.*

*Suggested disallowance for excessive billing: $292.50.*

*Total suggested disallowance of fees: $9,851.25.*

*No expenses requested.*

*Total suggested disallowance of fees and expenses: $9,851.25.*

**Final Fee Period**

18.    **Asbestos Issues**. Asbestos matters have consumed a significant portion of the administrative expense budget in these cases, involving at least eight Retained Professionals. The diverse interests represented worked together to agree upon a discovery protocol (the *Asbestos Claimants' Committee Anonymity Protocol*), conducted valuations of their interests, evaluated opposing interests, and reached an agreement on valuation. *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* [Docket No. 9214]. The

8

Debtors' Joint Plan of Reorganization successfully established an Asbestos Trust to administer asbestos claims.

The process of discovery, valuation, validation, and settlement has been time consuming and, by its very nature, duplicative at times. However, the Fee Examiner has not identified unnecessary duplication reflected in HRA's applications.

19. **Hourly Rate Increases**. HRA does not seek any fees arising from hourly rate increases during the Final Fee Period.

20. **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern. For the overwhelming majority of the time, HRA has remedied these concerns or agreed to an appropriate reduction. HRA, in connection with its prior fee applications, has not been subject to any reductions of fees.

> *Total suggested disallowance of fees for Current Interim Periods: $9,851.25.*
> *Total agreed disallowance for prior interim fee periods: none.*
> *Total suggested disallowance of fees for Final Fee Period: none.*
> *Total suggested disallowance of fees and expenses: $9,851.25.*

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the absence of any basis for objection to the Final Fee Application—except as otherwise stated. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards

9

uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Final Fee Application.

Dated: Milwaukee, Wisconsin
September 12, 2011.

                          GODFREY & KAHN, S.C.

                    By:    */s/ Carla O. Andres*
                          Carla O. Andres
                          Timothy F. Nixon

                          GODFREY & KAHN, S.C.
                          780 North Water Street
                          Milwaukee, Wisconsin 53202
                          Telephone: (414) 273-3500
                          Facsimile: (414) 273-5198
                          E-mail: candres@gklaw.com
                                         tnixon@gklaw.com

                          *Attorneys for the Fee Examiner*

6545211_6