Hearing Date and Time:  September 26, 2011, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time:  September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re                                                   :    Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY *et al.,*                    :    Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                :    (Jointly Administered)
                                                        :
                 Debtors.                               :    Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION**
**TO THIRD AND FINAL FEE APPLICATION OF DELOITTE TAX LLP**

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| SUMMARY STATEMENT | 1 |
| BACKGROUND | 2 |
| APPLICABLE STANDARDS | 5 |
| COMMENTS | 6 |
| Current Interim Periods | 6 |
|     Billing Rates and Project Staffing | 6 |
|     Project Categories | 7 |
|     Fee Application Services | 7 |
|     Fee Inquiry Time | 8 |
|     Time Increments | 8 |
|     Clerical and Administrative Charges | 8 |
|     Paraprofessional Tasks | 9 |
|     Block Billing | 9 |
|     Vague Tasks | 9 |
|     Expenses | 9 |
| Final Fee Period | 9 |
|     Scope of Work | 9 |
|     Project Staffing | 10 |
|     Services Outside the Final Fee Period | 10 |
|     Rate Increases | 10 |
|     Previous Reductions | 10 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

## STATUTES

11 U.S.C. §§ 330(a)(3)(B), (D) (2010) .................................................................................... 7

## OTHER AUTHORITIES

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) ........................................................................................... 5

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A ....................... 5, 6, 7, 9

**TO:    THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Third Interim and Fee Application of Deloitte Tax LLP As Tax Services Providers for the Period From January 1, 2010 Through March 29, 2011* [Docket No. 10231] (the "**Final Fee Application**").  With this report, the Fee Examiner identifies $111,150.93 in fees, from a total of $955,126.00 requested for the periods from October 1, 2010 through March 29, 2011 (the "**Current Interim Periods**"), that are objectionable.  Other than stated here and below, the Fee Examiner does not object to payment of the fees and expenses requested in the Final Fee Application.

## SUMMARY STATEMENT

In general, the Final Fee Application—covering the period from the firm's retention on January 1, 2010 through March 29, 2011 (the "**Final Fee Period**")—appears substantively sound.  On August 31, 2011, the Fee Examiner sent Deloitte Tax LLP ("**Deloitte**"**)** a draft of this report and, on September 7, 2011, Deloitte provided some supplemental information and indicated its intention to provide further information.  Deloitte has not yet provided the additional information, but the parties expect to reach a consensual resolution on all of the remaining issues in advance of the hearing to present a stipulated agreement to the Court for its approval.  This table summarizes the amounts Deloitte has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (01/01/2010 to 05/31/2010) | $579,353.00 | $577.53 | $578,775.47 | $57,877.55 | $135.00 | $15.00 | $120.00 |
| **Second Fee Application** (06/01/2010 to 09/30/2010) | $369,592.00 | $11,848.35 | $357,743.65 | $35,774.37 | $55.00 | $0.00 | $55.00 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $955,126.00 | $53,208.05[1] | $901,917.95[1] | $191,025.20 | $7,476.13 | $0.00 | $7,476.13 |
| **Post-Retention Services** | N/A | $45,502.00[1] | ($45,502.00)[1] | N/A | N/A | N/A | N/A |
| **TOTALS:** | **$1,904,071.00** | **$111,135.93** | **$1,792,935.07** | **$284,677.12** | **$7,666.13** | **$15.00** | **$7,651.13** |

Deloitte served as a tax consultant to the Debtors, primarily responsible for obtaining an IRS letter ruling on contemplated aspects of the plan of reorganization and trust structures. Throughout these proceedings, Deloitte generally submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When questioned about entries or practices, it responded promptly.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On

---

[1] Proposed/pending.

August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[2] The Plan was confirmed on March 29, 2011.

2. On August 5, 2010, Deloitte filed the *Amended First Interim Fee Application of Deloitte Tax LLP As Tax Services Providers for the Period From January 1, 2010 Through May 31, 2010* [Docket No. 6535] (the "**First Fee Application**"), seeking fees in the amount of $579,353.00 and expenses in the amount of $135.00 for total requested compensation in the amount of $579,488.00.

3. On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Amended First Interim Fee Application of Deloitte Tax LLP* [Docket No. 7418] (the "**First Objection**"), identifying $592.53 in fees and expenses that were objectionable. That report is incorporated by reference.

4. On November 15, 2010, Deloitte filed the *Second Interim Fee Application of Deloitte Tax LLP As Tax Services Providers for the Period From June 1, 2010 Through September 30, 2010* [Docket No. 7780] (the "**Second Fee Application**"), seeking fees in the amount of $369,592.00 and expenses in the amount of $55.00 for total requested compensation in the amount of $369,647.00.

5. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Deloitte. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) The Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31,*

---

[2] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

*2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through the Third Omnibus Order, the Court approved Deloitte's First Fee Application in the amount of $578,775.47 in fees and $120.00 in expenses.

6. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of Deloitte Tax LLP* [Docket No. 8035] (the "**Second Objection**"), identifying $11,848.35 in fees and expenses that were objectionable. That report is incorporated by reference.

7. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Deloitte. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* (the "**Fourth Omnibus Order**") [Docket No. 8289]. Through the Fourth Omnibus Order, the Court approved Deloitte's Second Fee Application in the amount of $357,743.65 in fees and $55.00 in expenses.

8. On March 2, 2011, Deloitte received a private letter ruling from the Internal Revenue Service with separate rulings on the transactions proposed in the plan of reorganization to create trusts to facilitate the Debtors' plan of reorganization.

9. On May 13, 2011, Deloitte filed the Final Fee Application seeking fees in the amount of $955,126.00 and expenses in the amount of $7,476.00 for the Current Interim Periods and an aggregate of $1,891,645.12 in fees and $7,651.00 in expenses (exclusive of disallowances during prior interim fee periods) for the Final Fee Period.

4

## APPLICABLE STANDARDS

10. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order.

11. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals filing interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

12. On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617], providing additional comments on the final fee review process.

13. In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

5

      A.      The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time, or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[3]

      B.      For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

**COMMENTS**

**Current Interim Periods**

14.    **Billing Rates and Project Staffing**. Deloitte has provided services at a blended rate of $674.98 (the "**Blended Rate**").[4] This Blended Rate is lower than it was in connection with the First and Second Fee Applications but remains greater than the individual billing rate of 14 individuals (one Senior Manager, seven Managers, and two Staff Associates) who reported services on the Final Fee Application. Fully 89 percent of the firm's work was performed by 10 "Partner/Director" and "Senior Manager" accountants. This is an increase of 10 percent from the

---

[3] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

[4] This Blended Rate does not reflect the billing discrepancies discussed elsewhere in this letter. *See* UST Guidelines at § (b)(3)(v).

6

79 percent noted in the Fee Examiner's Second Objection and identified as a continuing concern. No work was performed at a rate lower than $340.00 per hour.

The reasonableness of a compensation request is determined, in part, by analyzing whether the billing rate is appropriate to each task performed. *See* 11 U.S.C. §§ 330(a)(3)(B), (D) (2010). As a result, services should be performed by a person with the lowest billing rate able to address the matter. Deloitte has explained the specific, complex nature of the IRS letter ruling project with which it was tasked.

*Deloitte has provided a supplemental explanation that resolves the Fee Examiner's continuing concern with project staffing.*

15. **Project Categories**. Deloitte did not utilize project categories, including those required by UST Guidelines, for administrative matters, preparation of employment and fee applications, or responses to objections relating to fee applications. In addition, the Final Fee Application does not arrange all time and service entries by project category as required by sections (b)(4)(i) and (b)(4)(iii) of the UST Guidelines. This concern was raised by the Fee Examiner in connection with the First Objection and the Second Objection.

*Based on the deductions recommended below, no disallowance is suggested.*

16. **Fee Application Services**. Deloitte, as discussed above, has not segregated—by project—time spent on fee applications, objections to fee applications or communication with the Fee Examiner. The Fee Examiner has identified total fees related to the fee application process and inquiries of $75,087.00. Of that amount, $6,847.00 appears to be related to responding to the Fee Examiner. The remaining $68,240.00 in requested compensation is not segregated, and fully $45,502.00 of that amount has been billed for services provided after the conclusion of the Final Fee Period. Fees for reviewing bills are compensable at only 50 percent; fees for preparing the fee application itself are compensable at 100 percent. Accordingly, professionals long have

7

been encouraged to segregate—in the fee application or time detail—the different types of fee application services into appropriate categories. The failure to self-segregate the fees renders the fee review process less efficient.

17. Having closely reviewed the time detail, the Fee Examiner suggests a disallowance of 25 percent of the $22,738.00 Fee Inquiry Time billed during the Current Interim Periods. Time billed for services provided after the Final Fee Period is addressed in paragraph 26 below.

*Suggested disallowance for fee application-related services: $5,684.50 (25 percent).*

18. **Fee Inquiry Time**. The Fee Examiner identified $6,847.00 in fees related to responding to the Fee Examiner. That amount falls within the $10,000 safe harbor applicable to the Final Fee Application.

*Suggested disallowance for Fee Inquiry Time: none.*

19. **Time Increments**. The guidelines require professionals to bill in increments of one-tenth of an hour. However, one timekeeper billed fully 63 percent of all entries in full or half hours. Total billings for this timekeeper are $124,211.00. This practice disregards the guideline requirement of billing in one-tenth of an hour increments and appears to reflect "rounding" of time, rather than an accurate billing based on contemporaneous records.

*The significant percentage of half hour increments suggests that billing was not contemporaneously maintained in one tenth of an hour increments.*

*Suggested disallowance for time increment analysis: $18,631.65 (15 percent).*

20. **Clerical and Administrative Charges**. The Fee Examiner has identified charges of $23,787.90 that appear to be administrative or clerical tasks that might more appropriately have been absorbed as overhead.

*Suggested disallowance for clerical and administrative charges: $23,787.90.*

8

21. **Paraprofessional Tasks.** The Fee Examiner has identified 11.6 hours, reflecting $6,700.00 in paraprofessional tasks that, while compensable, are more appropriately billed at a lower rate.

*Suggested disallowance for paraprofessional tasks: $2,756.00 (recalculated at lowest hourly rate, staff associate.*

22. **Block Billing.** Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified six entries by Deloitte professionals that do not comply with this guideline.

*Suggested disallowance for block billing: $1,182.30 (15 percent).*

23. **Vague Tasks.** The Fee Examiner has identified four specific billing entries totaling $5,818.00 that contain an insufficient description of a task and are non-compensable.

*Suggested disallowance for vague tasks: $1,163.60 (20 percent).*

24. **Expenses**. Expenses totaling $7,476.00 have been well-documented and appear to be unobjectionable.

*Total suggested disallowance of fees: $53,208.05.*

*Total suggested disallowance of expenses: none.*

*Total suggested disallowance of fees and expenses: $53,208.05.*

**Final Fee Period**

25. **Scope of Work**. The focus of Deloitte's services was a request for an IRS letter ruling. Although the Fee Examiner previously deferred any evaluation of the expenditure of time in connection with the IRS letter ruling, the results of the process now are ascertainable. The IRS letter ruling was issued on March 2, 2011 and incorporated 25 separate opinions

9

enabling the Debtors to proceed with the plan of reorganization. Deloitte's services have resulted in a distinct benefit to the estate.

26. **Project Staffing**. Deloitte provided services at an overall blended rate of $679.42.

27. **Services Outside the Final Fee Period**. The Fee Examiner has identified $45,502.00 in billings for services provided after March 29, 2011, the conclusion of the Current Interim Periods and the Final Fee Period. An evaluation of these services is not within the purview of the Fee Examiner; they are suggested for disallowance, subject only to the evaluation of the Debtors for reasonableness pursuant to the plan of reorganization.

*Suggested disallowance for services provided after the Final Fee Period: $45,502.00.*

28. **Rate Increases**. Deloitte seeks fees that are the direct result of hourly rate increases implemented during the Final Fee Period. These rate increases of 15 and 30 percent were attributable to promotions with changes of title and resulted in increased fees of $82,165.00, solely attributable to the rate increases of two individuals. These increases, and the rate increases of other retained professionals, are the subject of the *Fee Examiner's Limited Objection to Hourly Rate Increases* [Docket No. 10660], to which Deloitte has not yet responded.

29. **Previous Reductions**. In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, time spent reviewing fee detail, and other specific areas of concern. For the overwhelming majority of the time, Deloitte has remedied these concerns or agreed to an appropriate reduction. Deloitte, in connection with its prior fee applications, has been subject, on a cumulative basis, to the following reductions of fees:

      Block Billing        $ 577.53

      Fee Application Services     $4,641.75

      Time Increments        $7,206.60

***Total suggested disallowance of fees for Current Interim Periods: $53,208.05.***

***Total agreed disallowance for prior interim fee periods: $12,440.88.***

***Total suggested disallowance of fees for Final Fee Period: $45,502.00.***

***Total suggested disallowance of fees and expenses: $111,150.93.***

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for objections to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Final Fee Application.

11

Dated: Milwaukee, Wisconsin
September 12, 2011.

               GODFREY & KAHN, S.C.

          By:  */s/ Carla O. Andres*
              Carla O. Andres
              Timothy F. Nixon

              GODFREY & KAHN, S.C.
              780 North Water Street
              Milwaukee, Wisconsin 53202
              Telephone: (414) 273-3500
              Facsimile: (414) 273-5198
              E-mail: candres@gklaw.com
                  tnixon@gklaw.com

              *Attorneys for the Fee Examiner*

6393629_5