Hearing Date and Time:  September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date - Extended by Agreement of Parties: September 14, 2011 (Prevailing Eastern Time)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :
In re                                                     :   Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY *et al.,*                      :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                  :   (Jointly Administered)
                                                          :
                                 Debtors.                 :   Honorable Robert E. Gerber
                                                          :
--------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF
LIMITED OBJECTION TO THIRD AND FINAL FEE APPLICATION OF
<u>CAPLIN & DRYSDALE, CHARTERED</u>**

**TO:   THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Third Interim Application and Final Application of Caplin & Drysdale, Chartered as Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims for Compensation and Reimbursement of Expenses* [Docket No. 10280] (the "**Final Fee Application**").  With this report, the Fee Examiner identifies $19,803.36 in fees, from a total of $1,209,846.00 requested for the periods from October 1, 2010 through January 31, 2011 and February 1, 2011 through March 29, 2011 (the "**Current Interim Periods**"), plus an additional $20,201.75 in post-confirmation services that are objectionable.

For these proceedings altogether, the Fee Examiner does not contest an award of $2,431,870.90 in fees and expenses, from a total of $2,471,906.97 requested for the period from the firm's *nunc pro tunc* retention on March 5, 2010 through March 29, 2011 (the "**Final Fee Period**").

## SUMMARY STATEMENT

In general, the Final Fee Application appears substantively sound. It requests a total of $1,218,786.00 in fees for the Current Interim Periods and $2,297,993.96 in fees for the Final Fee Period. On September 2, 2011, the Fee Examiner sent Caplin & Drysdale, Chartered ("**Caplin**") a draft of this final *Report and Statement of Limited Objection*. On September 9, Caplin responded by phone to the expressed concerns, and the Fee Examiner hopes to reach a consensual resolution on all of the remaining issues in advance of the hearing to present a stipulated agreement to the Court for its approval. This table summarizes the amounts Caplin has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (10/06/2009 to 05/31/2010) | $497,190.25 | $13,780.54 | $483,409.71 | $48,340.97 | $50,070.63 | $94.55 | $49,976.08 |
| **Second Fee Application** (06/01/2010 to 09/30/2010) | $593,511.50 | $8,975.00 | $584,536.50 | $58,453.65 | $36,161.57 | $630.54 | $35,531.03 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $1,209,846.00 | $19,803.36 | $1,190,042.64 | $243,757.20 | $88,405.90 | $30.96 | $88,374.94 |

2

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| Post-Confirmation Services (03/29/2011 or after) | $20,201.75[1] | $20,201.75 | $0.00 | N/A | N/A | N/A | N/A |
| **TOTALS:** | **$2,320,749.50** | **$62,760.65** | **$2,257,988.85** | **$350,551.82** | **$174,638.10** | **$756.05** | **$173,882.05** |

Throughout these proceedings, with some exceptions, Caplin submitted applications consistent with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. Caplin was retained—and served—as counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims ("**ACC**").

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[2] The Court confirmed the Plan on March 29, 2011 [Docket No. 9941] with an effective date of March 31, 2011.

2. On August 5, 2010, Caplin filed the *First Interim Quarterly Application of Caplin & Drysdale, Chartered for Interim Compensation and Reimbursement of Expenses with Respect to Services Rendered as Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims for the Period October 6, 2009 Through May 31, 2010* [Docket No. 6553] ("**First Fee Application**"), seeking fees and expenses in the amount of $547,260.88.

---

[1] This amount includes fees for services incurred after March 29, 2011.

[2] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

3.     On September 17, 2010, the Fee Examiner filed a report and limited objection to the First Fee Application, which was subsequently amended on September 20, 2010 by the *Fee Examiner's Amended Report and Statement of Limited Objection to the First Interim Fee Application of Caplin & Drysdale, Chartered* (the "**Amended Limited Objection**"), identifying a stipulated amount of $13,875.09 in fees and expenses that were objectionable [Docket No. 7006]. That report and statement is incorporated by reference.

4.     On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the First Fee Application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) The Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* [Docket No. 7910] (the "**Third Omnibus Order**"). Through the Third Omnibus Order, the Court approved Caplin's first interim fee application in the amount of $483,409.71 in fees and $49,976.08 in expenses, authorizing payment of $435,068.74 in fees and $49,976.08 in expenses, and requiring a continued holdback of 10 percent of Caplin's requested fees.

5.     On November 15, 2010, Caplin filed the *Second Interim Quarterly Application of Caplin & Drysdale, Chartered for Interim Compensation and Reimbursement of Expenses with Respect to Services Rendered as Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims for the Period June 1, 2010 Through September 30, 2010* [Docket No. 7777] ("**Second Fee Application**"), seeking fees and expenses in the amount of $629,673.07.

6.     On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee Application of Caplin & Drysdale,*

4

*Chartered* (the "**Second Limited Objection**"), identifying $57,266.92 in fees and expenses that were objectionable [Docket No. 8030]. That report and statement is incorporated by reference. On December 13, 2010, Caplin filed a response to the Second Limited Objection [Docket No. 8030].

7. On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the Second Fee Application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* [Docket No. 8289] (the "**Fourth Omnibus Order**"). Through the Fourth Omnibus Order, the Court approved Caplin's second interim fee application in the amount of $584,536.50 in fees and $35,531.03 in expenses, authorizing payment of $526,082.85 in fees and $35,531.03 in expenses and requiring a continued holdback of 10 percent of Caplin's requested fees.

8. On May 17, 2011, Caplin filed the Final Fee Application seeking fees in the amount of $1,218,786.00 for the Current Interim Periods[3] and an aggregate of $2,297,993.96 in fees for the Final Fee Period.

**APPLICABLE STANDARDS**

9. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST**

---

[3] This amount includes fees for services incurred after March 29, 2011. *See infra*, ¶ 13.

5

**Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

10. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

11. On July 25, 2011, the Fee Examiner filed a *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

12. In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A. The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[4]

    B. For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's

---

[4] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

6

overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

### COMMENTS

**Current Interim Periods**

13.  **Post Confirmation Services**. Caplin requests fees for services provided after March 29, 2011. Such fees are not compensable through the section 330 fee review process. *See generally* sections 1.2, 2.2, 7.1(a), 9.2, 11.1(h) and 12.7(a), Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**") [Docket No. 8014]. The Post-Confirmation Debtors have explicitly requested that retained professionals do not seek compensation for post-confirmation services through this Final Fee Application process. Caplin asserts that § 11.12 of the Plan permits such compensation. The Post-Confirmation Debtors and the Fee Examiner disagree.

14.  The Fee Examiner identified $8,940.00 in fees for services performed on March 30 and 31, 2011. Moreover, Caplin states that it seeks additional compensation for services related to drafting the Final Fee Application through May 13, 2011. Final Fee Application, ¶ 8. It does not, however, quantify the amount of those services, nor did it include the detailed time entries from which that information could be calculated. The Fee Examiner calculates Caplin provided $11,261.75 in services between April 1 and May 13, 2011, as follows:

**Fees Requested (Caplin):**           $2,297,993.96

Fees Requested (Current Interim Periods)    - $1,218,786.00   (invoices supplied)[5]
Fees Awarded (First Fee Application)        - $    483,409.71
Fees Awarded (Second Fee Application)       - $    584,536.50
                    Total:                    $     11,261.75

---

[5] This figure includes services performed on March 30 and March 31, 2011.

7

*Suggested disallowance for post-confirmation services: $20,201.75.*

15. **Vague Tasks and Communications**. The Fee Examiner has identified billing entries that fail to comply with the UST Guidelines. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Suggested disallowance for vague time entries: $4,114.26 (15 percent).*

16. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. Caplin timekeepers generally complied with this guideline.

*Suggested disallowance for block billing: $2,382.60 (15 percent).*

17. **Fee Inquiry Time**. Caplin seeks compensation for at least $35,494.50 for services related to the fee review and objection process, including services not segregated to the "Fee Auditor Matters-Self" matter category.

*Suggested disallowance for Fee Inquiry Time: $12,747.25 (50 percent of amounts in excess of the $10,000 safe harbor).*

18. **Nonworking Travel**. The Fee Examiner has identified several entries for local travel that appear not to have been reduced by 50 percent.

*Suggested disallowance for unreduced local travel: $559.25 (50 percent).*

19. **Expenses**. The Fee Examiner identified expense entries exceeding the cap or which may have been billed in error.

*Suggested disallowance for expenses: $30.96.*

**Final Fee Period**

20. **Project Staffing**. During the Final Fee Period, Caplin provided services at an overall blended hourly rate of $451.85 (including all non-attorneys).

8

21. **Asbestos Issues**.  Asbestos matters have consumed a significant portion of the administrative expense budget in these cases, involving at least eight Retained Professionals.  The diverse interests represented worked together to agree upon a discovery protocol (the *Asbestos Claimants' Committee Anonymity Protocol*), conducted valuations of their interests, evaluated opposing interests, and reached an agreement on valuation, *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* [Docket No. 9214].  The Debtors' Joint Plan of Reorganization successfully established an Asbestos Trust to administer claims.

The process of discovery, valuation, validation, and settlement has been time consuming and, by its very nature, duplicative at times.  However, the Fee Examiner has not identified unnecessary duplication reflected in Caplin's application.

22. **Hourly Rate Increases**.  On August 5, 2010, the Fee Examiner filed the *Fee Examiner's Limited Objection to Rate Increases* [Docket No. 10660].  As part of his analysis of rate increases in these cases, the Fee Examiner's auditor, Stuart Maue, calculated the value of Caplin's rate increases at $32,341.50, or approximately 1.4 percent of its compensation request.

*Suggested reduction for rate increases:  none.*

23. **Previous Reductions**.  In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries and other specific areas of concern.  The Fee Examiner has reviewed, again, the areas of concern highlighted in the First and Second Limited Objections in light of all the services provided by Caplin in these cases and does not recommend any adjustment to the previously awarded fees.

9

*Total fees suggested for disallowance: $40,005.11.*

*Total expenses suggested for disallowance: $30.96.*

*Total Fees and Expenses Suggested for Disallowance: $40,036.07.*

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the limited objection to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Final Fee Application not contesting an award of $2,431,870.90 in fees and expenses for the Final Fee Period.

Dated: Madison, Wisconsin
September 14, 2011.

GODFREY & KAHN, S.C.

By: _/s/ Katherine Stadler_
Katherine Stadler

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Examiner*

6771755_3

10