Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 15, 2011, 2011 at 4:00 p.m. (Extended by Stipulation)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
:
In re                                                     : Chapter 11
:
MOTORS LIQUIDATION COMPANY *et al.,*                      : Case No. 09-50026 (REG)
  f/k/a General Motors Corp. *et al.,*                    : (Jointly Administered)
:
                        Debtors.                          : Honorable Robert E. Gerber
:
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF
LIMITED OBJECTION TO APPLICATION OF MARK BUTTITA PURSUANT
TO 11 U.S.C. § 503(B) FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

**TO:   THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company),

appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of*

*Limited Objection* in connection with the *Application of Mark Buttita Pursuant to 11 U.S.C.*

*§ 503(b) for Allowance of Administrative Expenses Incurred in Making a Substantial*

*Contribution in this Chapter 11 Case From June 4, 2009 Through July 15, 2009* [Docket

No. 10233] (the "**Fee Application**"). The Fee Application is the subject of the *Objection of the*

*United States of America* [Docket No. 10831] (the "**Treasury Objection**"), filed on

September 12, 2011, asserting that the work reflected in the Fee Application did not make a substantial contribution to the estate.

Notwithstanding the Treasury Objection, the Fee Examiner assumes—without so asserting—that the "substantial contribution" requirement under section 503(b)(3)(D) and (b)(4) of the Bankruptcy Code has been met. With this Report and Limited Objection, however, the Fee Examiner identifies $25,352.07 in fees, from a total of $187,245.79 requested in fees and expenses for the period from June 4, 2009 through July 15, 2009 (the "**Compensation Period**"), that do not meet the Bankruptcy Code's reasonableness standard for any award of compensation or do not comply with guidelines for the award of fees and expenses in the Southern District of New York. Subject to the adjustments described below, the Fee Examiner does not object to the payment of $161,893.72 in fees and expenses.

## SUMMARY STATEMENT

The Fee Application, one of two filed under section 503(b) in these cases, requests a total of $173,272.50 in fees and $13,973.29 in expenses for the Compensation Period. The Fee Examiner hopes to reach a consensual resolution on all of the issues outlined in this *Report and Statement of Limited Objection* in advance of the hearing.

Mark Buttita ("**Mr. Buttita**"), as the personal representative of his deceased father Salvatore, served—through his counsel Caplin & Drysdale (the "**Applicant**")—from June 3, 2009 through March 4, 2010 on the Official Committee of Unsecured Creditors (the "**UCC**") and, from March 5 through the present, on the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**ACC**"). The Fee Application, in summary, relies heavily on time that is vaguely-described, billed in blocks of whole- and half-hour time, and in many instances inadequately segregated by task.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] The Court confirmed the Plan on March 29, 2011 [Docket No. 9941] with an effective date of March 31, 2011.

2.  In June 2009, the United States Trustee formed the UCC and asked Mr. Buttita, through his Chicago, Illinois counsel John Cooney ("**Mr. Cooney**"), to serve on the UCC as a representative of asbestos tort victims. Mr. Cooney then, on behalf of Mr. Buttita, selected Caplin & Drysdale to serve as Mr. Buttita's counsel in matters relating to the Debtor's section 363 sale of assets.

3.  Between June 4 and July 15, 2009, Caplin & Drysdale provided Mr. Buttita with the services that are the subject of this Fee Application.

4.  On March 12, 2010, the ACC filed the *Application to Retain and Employ Caplin & Drysdale, Chartered as Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims Nunc Pro Tunc to October 6, 2009* (the **"Caplin Retention Application"**) [Docket No. 5302].

    A.  According to the Caplin Retention Application, in October 2009, Mr. Cooney was approached by counsel to the Debtors and the UCC to serve as the sole member of a proposed subcommittee of the UCC representing creditors holding asbestos-related personal injury or wrongful death claims against the Debtors. Caplin Retention Application, ¶ 6, at 3. *See also Declaration of Elihu Inselbuch Under Rules 2014 and 2016 of the Federal Rules of*

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

*Bankruptcy Procedure and Section 328 of the U.S. Bankruptcy Code in Support of the Application for Order Authorizing the Employment and Retention of Caplin & Drysdale, Chartered (*"**Inselbuch Declaration**"*)* [Docket No. 5302, Ex. A], ¶ 12.

        B.      The Debtors, the United States Trustee, and the UCC pledged to seek approval of the formation of such subcommittee and for its retention of separate counsel, and Caplin & Drysdale began to work in that capacity immediately. Inselbuch Decl., ¶ 12, at 5-6. However, the proposed subcommittee never came to pass. Inselbuch Decl., ¶ 12, at 5-6; *see also* Caplin Retention Application, ¶ 6, at 2-3.

    5.      On March 5, 2010, the United States Trustee appointed the ACC [Docket No. 5206].

    6.      On April 21, 2010, the Court entered the *Order Approving and Authorizing the Retention and Employment of Caplin & Drysdale, Chartered, as Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims Nunc Pro Tunc to March 5, 2010* [Docket No. 5534].

    7.      On July 16, 2010, the Court issued a *Bench Decision and Order on Retroactivity of Caplin & Drysdale Retention and Compensation*, overruling the *United States Trustee's Objections to Application for Retention and employment of Caplin & Drysdale, Chartered as Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims Nunc Pro Tunc to October 6, 2009* [Docket No. 5389], and adjusting the *nunc pro tunc* date of Caplin & Drysdale's retention from March 5, 2010 to October 6, 2009 [Docket No. 6360]. As a result, all of Caplin & Drysdale's services provided directly to Mr. Buttita after October 6, 2009, through his membership on the UCC or ACC, have been compensable pursuant to the section 331 process.

8.      Caplin & Drysdale has not stated whether it has been or expects to be compensated for services provided to Mr. Buttita between July 15, 2009 and October 6, 2009.

## APPLICABLE STANDARDS

9.      The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

10.     On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals (including Caplin & Drysdale) that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

11.     On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617], providing additional comments on the final fee review process.

## COMMENTS

12.     **Blended Rates**.  During the Compensation Period, the Applicant provided services at an overall blended hourly rate of $543.06 (including all non-attorneys).  The applicant "voluntarily agreed to discount its total aggregate professional fees by thirty-three percent," Fee Application at ¶ 13, reducing the overall blended rate of $362.04.

5

13. **Time Increments**. The UST Guidelines require time entries to be recorded in tenths of an hour. *See* UST Guidelines at (b)(4)(v). Some timekeepers, however, have recorded their time entries in half-hour or whole-hour increments with unusual frequency, raising concerns about the accuracy of the timekeepers' record-keeping or the possibility that those timekeepers may be routine billing in increments higher than tenths of an hour. **Exhibit A** identifies those timekeepers who have not complied with the UST Guidelines. As such, the Fee Examiner recommends a 50 percent reduction for these entries.

*Recommended deduction for time increments*: $24,548.75.[2]

14. **Travel Time**. The Fee Examiner has identified the travel time enumerated on **Exhibit B** that has not been billed at 50 percent pursuant to the local practice.

*Suggested disallowance for travel time: $4,160.00 (50 percent).*

15. **Vague Task Descriptions**. The Fee Examiner has identified the billing entries itemized on **Exhibit C** that fail to comply with the UST Guidelines. UST Guidelines at (b)(4)(v). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*Suggested disallowance for vague time entries: $938.40 (30 percent).*

16. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified the tasks itemized on **Exhibit D** that do not comply with this guideline.

*Suggested disallowance for block billing: $8,380.95 (30 percent).*

---

[2] The disallowances in this report have been calculated based on Caplin & Drysdale's time records, which do not reflect a discount. As a result of the Applicant's voluntary one-third discount, all disallowances recommended in this report will be reduced, as illustrated on the attached Summary of Recommended Deductions by one third.

6

*Total fees suggested for disallowance: $25,352.07.[3]*

*Total expenses suggested for disallowance: none.*

*Total Fees and Expenses Suggested for Disallowance: $25,352.07.*

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the limited objection to the Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Fee Application.

---

[3] This figure reflects the one-third deduction illustrated on the attached Summary of Recommended Deductions.

7

Dated: Madison, Wisconsin
        September 15, 2011.

                                      GODFREY & KAHN, S.C.

By:    */s/ Katherine Stadler*
        Katherine Stadler

        GODFREY & KAHN, S.C.
        One East Main Street, Suite 500
        P.O. Box 2719
        Madison, Wisconsin 53701-2719
        Telephone: (608) 257-3911
        Facsimile: (608) 257-0609
        E-mail: kstadler@gklaw.com

        *Attorneys for the Fee Examiner*

6822226_3