**Hearing Date and Time: September 26, 2011 at 9:30 a.m.**
**Objection Date and Time: September 16, 2011 at 4:00 p.m. (Extended by Stipulation)**

Katherine Stadler
Eric J. Wilson (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
MOTORS LIQUIDATION COMPANY, et al.,                      :   Case No. 09-50026
        f/k/a General Motors Corp., et al.,              :   (Jointly Administered)
                                                         :
                Debtors.                                 :   Honorable Robert E. Gerber
                                                         :
------------------------------------------------------- x
```

## FEE EXAMINER'S STIPULATED STATEMENT ON THE
## FIFTH INTERIM AND FINAL FEE APPLICATION
## OF WEIL, GOTSHAL & MANGES LLP

# TABLE OF CONTENTS

**Page**

SUMMARY STATEMENT ............................................................................................ 2

BACKGROUND .......................................................................................................... 4

APPLICABLE STANDARDS ...................................................................................... 8

COMMENTS ................................................................................................................ 10

    Hourly Rate Increases ............................................................................................ 10

    Review of Billing Records ..................................................................................... 10

    Fee Inquiry Time .................................................................................................... 12

    Transient Billers .................................................................................................... 12

    Administrative Tasks ............................................................................................. 14

    Mediation Coordination ........................................................................................ 14

    Time Increments .................................................................................................... 15

    Non-Working Travel Time .................................................................................... 15

    Administrative Expenses ....................................................................................... 16

    Meal Expenses ...................................................................................................... 16

    Local Transportation Expenses ............................................................................. 16

    Color Copy Expenses ............................................................................................ 16

CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

**Page**

## CASES

*In re CCT Commc'ns, Inc.*, No. 07-10210, 2010 WL 3386947 (Bankr. S.D.N.Y. Aug. 24, 2010) ...................................................................................................... 12

*In re Fibermark, Inc.*, 349 B.R. 385 (Bankr. D. Vt. 2006) ............................................ 15

*In re Mesa Air Group, Inc.*, 449 B.R. 441 (Bankr. S.D.N.Y. 2011) .............................. 12

*In re Motors Liquidation Company, et al.*, Bench Decision on Pending Fee Issues, No. 09-50026 (Bankr. S.D.N.Y. Nov. 23, 2010) ........................................................ 9

*Wilder v. Bernstein*, 975 F. Supp. 276 (S.D.N.Y. 1997) ............................................... 15

## OTHER AUTHORITIES

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) .................................................................................. 8, 16

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330*, 28 C.F.R. Part 58, Appendix A (2010) .................. 8, 15

TO:    **THE HONORABLE ROBERT E. GERBER**
       **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Stipulated Statement* in connection with the *Fifth and Final Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors, for Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During (i) the Fifth Interim Compensation Period of October 1, 2010 Through March 29, 2011, and (ii) the Total Compensation Period of June 1, 2009 Through March 29, 2011* [Docket No. 10270] (the "**Fifth and Final Fee Application**").[1]   Summarized in __Exhibit A__, with this *Report and Statement of Limited Objection*, the Fee Examiner identifies a stipulated amount of $106,623.10 in fees and expenses, from a total of $9,487,164.56 requested for the period from October 1, 2010 through March 29, 2011 (the "**Current Interim Periods**"), for disallowance.   This does not include the amounts attributable to unjustified or unjustifiable rate increases identified in the *Fee Examiner's Limited Objection to Hourly Rate Increases* filed on August 5, 2011 [Docket No. 10660] (the "**Rate Increase Objection**").   The relevant Retained Professionals and the Fee Examiner have agreed that the Rate Increase Objection will not be heard on September 26.   *See also Response of the United States Trustee Regarding Final Applications for Compensation and Reimbursement of Expenses* [Docket No. 10840] at 2.   The Fee Examiner respectfully represents:

---

[1] On August 8, 2011, Weil submitted a revised summary sheet for the Fifth and Final Fee Application.  *See Notice of Supplement to Fifth and Final Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors, for Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During (i) the Fifth Interim Compensation Period of October 1, 2010 Through March 29, 2011, and (ii) the Total Compensation Period of June 1, 2009 Through March 29, 2011* [Docket No. 10662].

## SUMMARY STATEMENT

Like the fee applications that preceded it, the Fifth and Final Fee Application submitted

by Weil, Gotshal & Manges LLP ("**Weil**") for the Current Interim Periods was generally sound

and appropriately supported.  The table below summarizes the amounts Weil has requested and

the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed or Withdrawn | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Withdrawn | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (06/01/2009 to 09/30/2009) | $17,910,963.25 | $224,517.28 | $17,686,445.97 | $1,768,644.60 | $595,206.67 | $44,945.72 | $550,260.95 |
| **Second Fee Application** (10/01/2009 to 01/31/2010) | $5,903,901.25 | $96,279.35 | $5,807,621.90 | $580,762.19 | $398,725.81 | $24,787.85 | $373,937.96 |
| **Third Fee Application** (02/01/2010 to 05/31/2010) | $5,316,122.75 | $160,598.57 | $5,155,524.18 | $515,552.42 | $141,489.52 | $1,453.36 | $140,036.16 |
| **Fourth Fee Application** (06/01/2010 to 09/30/2010) | $6,903,518.50 | $39,884.25 | $6,863,634.25 | $686,363.43 | $132,720.16 | $1,386.71 | $131,333.45 |
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $9,205,855.50 | $89,225.03[2] | $9,116,630.47[2] | $1,841,171.10 | $280,933.67 | $17,398.07[2] | $263,535.60[2] |
| **TOTALS:** | **$45,240,361.25** | **$610,504.48** | **$44,629,856.77** | **$5,392,493.74** | **$1,549,075.83** | **$89,971.71** | **$1,459,104.12** |

The great majority of Weil timekeepers recorded their time in accordance with the

applicable guidelines and rules.  Nonetheless, as recounted in this report, the Fee Examiner has

---

[2] Proposed/pending.

identified some problematic areas—most notably in time charged for clerical and administrative tasks.

Over the course of these proceedings, the most significant area of disagreement between the Fee Examiner and Weil has been the time Weil billed to the review of its own invoices. Although the Fee Examiner took the position that much of this time should not be compensable at all, the Court ruled that the time was compensable at half-rate. Even with this ruling, which provided a "bright line" rule for one aspect of the disagreement, the Fee Examiner and Weil continued to disagree about the proper treatment of these billing tasks. Although billable at half-rate, the Fee Examiner contended that the time entries nonetheless were subject to review for reasonableness. Weil disagreed. Nonetheless, the time that Weil spent performing these tasks decreased significantly over the course of the proceedings—so much so that the Fee Examiner does not recommend any reduction on this basis in connection with the Fifth and Final Fee Application.

Although Weil and the Fee Examiner had disagreements in other areas—such as vague entries and legal research—these disagreements were primarily specific to particular timekeepers and, for the most part, did not recur across successive fee applications. In addition, with regard to the expenses submitted for reimbursement, Weil and the Fee Examiner had few material disagreements after receiving guidance from the Court.

During the Fifth Compensation Period, these were the blended hourly billing rates for each category of Weil timekeepers:

|            |          |
|------------|----------|
| Partner:   | $895.89  |
| Counsel:   | $700.01  |
| Associate: | $559.66  |
| Other:     | $224.23  |

3

The blended hourly rate for all Weil professionals was $584.76. This represents a slight decrease from the prior compensation period, when the overall blended hourly rate was $594.00, and an increase of approximately $100 from the first compensation period, when the overall blended hourly rate was $487.70.

## BACKGROUND

1.     Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases were consolidated procedurally and have been jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors have operated their businesses and managed their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.     On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[3] The Court confirmed the plan on March 29, 2011 [Docket No. 9941] (the "**Confirmation Date**") with an effective date of March 31, 2011.

3.     On January 13, 2010, Weil filed its first interim fee application [Docket No. 4803] (the "**First Fee Application**"), seeking fees and expenses in the amount of $18,506,169.92 for the period from June 1, 2009 through September 30, 2009 (the "**First Compensation Period**"). On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Weil, Gotshal & Manges LLP* (the "**Fee Examiner's First Report**"), identifying $410,245.59 in fees and expenses that were

---

[3] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

objectionable [Docket No. 5563].[4]  The Fee Examiner's First Report is incorporated by reference.

4.      On April 29, 2010, this Court issued an oral ruling that granted the First Fee Application in part but required a continued holdback of 10 percent of Weil's requested fees.  On May 21, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Weil.  *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* [Docket No. 5834] (the "**First Omnibus Order**").  The First Omnibus Order authorized payment to Weil of $17,686,445.97 for fees (which included the 10 percent holdback) and $550,260.95 for expenses.

5.      On March 17, 2010, Weil filed its second interim fee application [Docket No. 5295] (the "**Second Fee Application**"), seeking fees and expenses in the amount of $6,302,627.06 for the period from October 1, 2009 through January 31, 2010 (the "**Second Compensation Period**").  On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee Application of Weil, Gotshal & Manges LLP* (the "**Fee Examiner's Second Report**"), identifying $194,352.31 in fees and expenses that were objectionable [Docket No. 6095].  That report and statement is incorporated by reference.

6.      On July 6, 2010, this Court issued an oral ruling that granted the Second Fee Application in part but continued to require a holdback of 10 percent of Weil's requested fees.  On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling,

---

[4] The Fee Examiner also requested a five percent discount on the fees in that application, amounting to an additional $880,146.41, which the Court declined to impose.

the Court entered an omnibus order approving a series of interim fee applications, including the Second Fee Application submitted by Weil. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* [Docket No. 6402] (the "**Second Omnibus Order**"). The Second Omnibus Order authorized payment to Weil of $5,807,621.90 for fees (which included the 10 percent holdback) and $373,937.96 for expenses.

7.      On August 5, 2010, Weil filed its third interim fee application [Docket No. 6554] (the "**Third Fee Application**"), seeking fees and expenses in the amount of $5,457,612.27 for the period from February 1, 2010 through May 31, 2010 (the "**Third Compensation Period**"). On September 17, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Third Interim Fee Application of Weil, Gotshal & Manges LLP* (the "**Fee Examiner's Third Report**"), identifying $284,467.99 in fees and expenses that were objectionable [Docket No. 6984]. That report and statement is incorporated by reference.

8.      On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications for the third interim fee period, including Weil's application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* [Docket No. 7910] (the "**Third Omnibus Order**"). Through that order, the Court approved the Third Fee Application in the amount of $5,155,524.18 in fees and

6

$140,036.16 in expenses, requiring a continued holdback of ten percent of Weil's approved fees. Carved out of the order were $48,370.50 in fees related to compensation for the fee review process, pending a decision on that issue by the Court.

9.      On November 15, 2010, Weil filed its fourth interim fee application [Docket No. 7762] (the "**Fourth Fee Application**"), seeking fees and expenses in the amount of $7,036,238.66 for the period from June 1, 2010 through September 30, 2010 (the "**Fourth Compensation Period**"). On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Fourth Interim Fee Application of Weil, Gotshal & Manges LLP* (the "**Fee Examiner's Fourth Report**"), identifying $89,641.46 in fees and expenses that were objectionable [Docket No. 8044]. That report and statement is incorporated by reference.

10.     On December 23, 2010, the Court entered an omnibus order approving a series of interim fee applications for the fourth interim fee period, including Weil's application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2010 Through September 30, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010* [Docket No. 8289] (the "**Fourth Omnibus Order**"). Through that order, the Court approved the Fourth Fee Application in the amount of $6,863,634.25 in fees and $131,333.45 in expenses, requiring a continued holdback of ten percent of Weil's approved fees.

11.     The Court has not yet reviewed the fees and expense reimbursement requested for the Current Interim Periods. This report addresses that request along with Weil's final fee application for these proceedings.

7

12.     With the amounts now requested in the Fifth and Final Fee Application, Weil has

requested a total of $45,240,361.25 in fees and $1,549,075.83 in expenses for the entire

proceeding—that is, from June 1, 2009 through March 29, 2011.

13.     On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status

Report* [Docket No. 10617] providing additional comments on the final fee review process.

14.     On August 5, 2011, the Fee Examiner filed the Rate Increase Objection, making a

limited objection to Weil's rate increases over the course of these proceedings.  The relevant

retained professionals, including Weil, have agreed that the Rate Increase Objection will not be

heard on September 26.

15.     After reviewing the Fifth and Final Fee Application and supporting

documentation, the Fee Examiner then sent a draft of this report to Weil on August 31, 2011.  On

September 8, 9, 12, and 14, 2011, counsel for the Fee Examiner discussed the draft report with

Weil and was able to reach consensus on all of the objections raised other than those raised in the

Rate Increase Objection.  Discussions between the Fee Examiner and Weil on the Rate Increase

Objection continue.

## APPLICABLE STANDARDS

16.     The Fifth and Final Fee Application has been evaluated for compliance with the

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the

"**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C.  330*, 28 C.F.R. Part 58, Appendix A (2010)

(the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket

No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory*

[Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order and

Quarterly Reporting Order—including the extent, if any, that variation has been expressly permitted by order.

17.    On November 23, 2010, the Court issued a bench decision on two open questions involving professional fees.  It decided, prospectively, that "[r]etained professionals are to provide written notice of upcoming increases in their [hourly] billing rates . . . " to give interested parties an opportunity to object and be heard.  *In re Motors Liquidation Company, et al.*, Bench Decision on Pending Fee Issues, at 2, No. 09-50026 (Bankr. S.D.N.Y. Nov. 23, 2010) [Docket No. 7896].  It eliminated any requirement to more widely "post notice of upcoming increases on ECF." *Id.*

18.    With respect to time spent responding to fee objections or inquiries, the Court held that it would "authorize payment of the costs of defending against the objection if the fee applicant substantially prevails."  In contrast, the applicant "should indeed bear its own legal expenses for addressing the objection to its fees" in instances where "the outcome is a split decision, or the fee applicant otherwise fails to substantially prevail." *Id.*

19.    In applying this Court's ruling to subsequent fee applications, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

A.    The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[5]

B.    For professionals whose fee applications contain requests for compensation for Fee Inquiry Time beyond the amount of this safe harbor, the Fee

---

[5] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000.  For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

Examiner has reviewed the time detail, all communications with the professional, the

nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's

objection, the relative magnitude of the deficiencies in comparison to each other and to

the professional's overall fee request (past and present), and whether the professional

"substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee

raised.  On the basis of this review, the Fee Examiner has calculated a suggested

disallowance, ranging from zero to 50 percent for professionals requesting compensation

for Fee Inquiry Time.

### COMMENTS

20.    **Hourly Rate Increases**.  Over the course of these proceedings, the hourly rates

for many Weil timekeepers increased, resulting in an amount calculated by the Fee Examiner to

be $2,422,316.00 in additional fees attributable to rate increases charged to the estates.  The Fee

Examiner incorporates by reference the Rate Increase Objection.

21.    The Fee Examiner and Weil have agreed, subject to the approval of the Court and

subject to the right of any other interested party to object and/or be heard, that Weil may be

provisionally paid all disputed amounts that are subject to the Rate Increase Objection, pending

the resolution of that objection.  Should the Fee Examiner ultimately prevail on the Rate Increase

Objection—in whole or in part for any reason—Weil agrees to be subject to disgorgement of an

amount not to exceed $2,422,316.00.  Any such disgorgement shall be made pursuant to the Plan

of Reorganization to either the post-confirmation Debtors or the GUC Trust.

22.    **Review of Billing Records**.  During the Current Interim Periods, Weil billed

more than $109,000 on matters relating to its own compensation.  Many of these entries related

to time spent preparing its own fee application (as such and fully compensable) or preparing

10

budgets to forward to the Fee Examiner.  The Fee Examiner does not recommend a disallowance for any of the time spent on such tasks.

23.     During this latest fee period, the time Weil charged overall on issues relating to its own compensation decreased.  Those fees represent less than 1.2 percent of the total fees requested for the period from October 1, 2010 through March 29, 2011—far less than previous compensation periods, when such fees represented as much as six percent of the total fee application.

24.     During the Current Interim Periods, Weil timekeepers recorded 377.8 hours on tasks relating to the review of billing records.  Six Weil timekeepers billed more than a nominal amount of time to these tasks.  *See id.*  Although still a significant expenditure of resources, both the number of timekeepers involved and the number of hours billed decreased significantly from prior compensation periods.  *See*, *e.g.*, Fee Examiner's First Report, ¶ 28 (noting that 26 Weil timekeepers billed 940.0 hours during the First Compensation Period for reviewing billing records); Fee Examiner's Second Report, ¶ 15 (noting that 15 Weil timekeepers billed 670.4 hours during the Second Compensation Period for reviewing billing records); Fee Examiner's Third Report, ¶ 28 (noting that 18 Weil timekeepers billed 645.2 hours during the Third Compensation Period for reviewing billing records); and, Fee Examiner's Fourth Report, ¶ 27 (noting that eight Weil timekeepers billed 424.6  hours during the Fourth Compensation Period for reviewing billing records).

25.     The total fees billed by Weil during the Current Interim Periods exceeded the fees billed in every prior period other than the First Compensation Period.  Yet, Weil spent significantly less time reviewing billing records than in any prior period.  In keeping with the

Court's prior order, Weil billed the time recorded to these tasks at half-rate.[6]  The Fee Examiner

does not recommend any additional disallowance of fees associated with these tasks.

*Suggested disallowance for time billed to reviewing billing records:  none.*

26.    **Fee Inquiry Time**.  The Fifth and Final Fee Application includes $22,304.00 of

fees corresponding to Fee Inquiry Time.  Almost all of these time entries represent time spent

responding to the Fee Examiner in connection with issues raised in response to fee applications

submitted by Weil for two separate compensation periods—the Third Compensation Period and

the Fourth Compensation Period.  Weil did not "substantially prevail" on any of the issues raised

by the Fee Examiner in response to these fee applications but, instead, chose to negotiate a

resolution with the Fee Examiner without conceding the merits.

27.    Weil contends that the $10,000 safe harbor should apply not to each fee

application (which may contain Fee Inquiry Time relating to more than one prior compensation

period) but, instead, for each compensation period with respect to which Weil negotiated with

the Fee Examiner.  The Fee Examiner does not object to that position.

28.    There were two separate compensation periods encompassed within the Fee

Inquiry Time in the Fifth and Final Fee Application, each with a $10,000 safe harbor for Fee

Inquiry Time.  Accordingly, a $20,000 safe harbor applies.  The Fee Inquiry Time exceeds the

safe harbor by $2,304, and Weil agrees to a deduction in that amount.

*Stipulated disallowance for fee inquiry time:  $2,304.00.*

29.    **Transient Billers**.  The Fee Examiner previously noted a concern regarding

timekeepers who performed nominal tasks that may well have been unnecessary in light of

---

[6] Since this Court's July 6, 2010 decision on compensation for invoice review, the issue has been addressed by at least one other court in a published decision, which took a slightly different approach.  *See, e.g.*, *In re Mesa Air Group, Inc.*, 449 B.R. 441, 446 (Bankr. S.D.N.Y. 2011) (citing *In re CCT Commc'ns, Inc.*, No. 07-10210, 2010 WL 3386947, *9 (Bankr. S.D.N.Y. Aug. 24, 2010)).  "[T]he review and editing of time records—as opposed to fee applications—is not compensable."  *In re Mesa*, 449 B.R. at 445 (citation and internal punctuation omitted).

efforts by the many others devoted full-time to the case.  *See*, *e.g.*, Fee Examiner's Fourth

Report, ¶ 44.  Rather than recommend a specific disallowance, however, the Fee Examiner

reserved any objection until the final fee hearing, when the contributions of each Weil

timekeeper could be evaluated in context and over the course of the entire proceeding.  *Id.*

30.     Numerous Weil timekeepers billed a small amount of time to these cases.  All told,

the fees corresponding to Weil timekeepers who each billed fewer than 10 hours to these cases

exceeded $330,000.

31.     Most of the Weil timekeepers who billed only a small amount of time did so during

the first two months of these proceedings, when exigent circumstances and the sheer volume of

work may well have required an "all hands on deck" approach.  For the most part, the Fee

Examiner does not object to time billed by these timekeepers.

32.     Other Weil timekeepers billed a small amount of time, but it was apparent that they

added value because of their unique expertise through conferences with other attorneys.  The Fee

Examiner has not challenged these entries.

33.     In still other instances, a Weil timekeeper may have billed a small amount of time,

but the time was just as efficiently spent by that timekeeper as by another timekeeper with a

comparable billing rate.  Paralegals assisting with court filings represent a good example of this

category of transient biller.  For the most part, the Fee Examiner has not objected to these sorts of

entries.

34.     There were some Weil timekeepers, however, whose limited involvement in these

cases does not appear to have been necessary.  The Fee Examiner suggested full disallowance of

the fees corresponding to these entries.  Weil responded that many of the challenged timekeepers

added value to the administration of these cases and should not be subject to disallowance.

13

*Stipulated disallowance for transient billers: $22,300.80.*

35.     **Administrative Tasks**.  During the Current Interim Periods, a few Weil paralegals recorded significant time performing clerical and administrative tasks such as updating binders and cite checking briefs.  These sorts of tasks are more appropriate for secretarial staff and should be considered part of a law firm's overhead expense.  The Fee Examiner suggested a full disallowance of fees for these tasks.  Weil objected to this disallowance, particularly to the Fee Examiner's position that cite-checking briefs should be conducted by administrative staff, but nonetheless agreed to accept reduced compensation for certain of these tasks.

*Stipulated disallowance for administrative tasks: $45,404.10.*

36.     **Mediation Coordination**.  During the Current Interim Periods, one Weil associate with an hourly rate in excess of $600 billed more than 175 hours—and more than $110,000 in fees—to matters variously described as efforts to "coordinate" mediation proceedings.  This same timekeeper billed almost $100,000 in fees to these same activities— described in similarly vague fashion—during the Fourth Compensation period.  *See* Fee Examiner's Fourth Report, ¶ 34, Ex. E.  During the Current Interim Periods, another Weil attorney with an hourly rate in excess of $500 billed more than $11,000 in fees to tasks described as "review mediation scheduling issues."

37.     To be compensable, all time entries must be sufficiently detailed to allow the Court to determine their compliance with applicable codes, rules, standards, and guidelines.  Given the vague and repetitive nature of the tasks described, a 15 percent disallowance is appropriate.  Weil expressed its view that the complexities of the mediation process justified these expenditures but nonetheless agreed to a voluntary reduction.

*Stipulated disallowance for mediation coordination:  $18,717.38.*

14

38.    **Time Increments**.  The UST Guidelines require time entries to be recorded in tenths of an hour.  *See* UST Guidelines, (b)(4)(v).  For Weil's prior fee applications, the Fee Examiner noted timekeepers who billed a disproportionate amount of their time in half-hour and whole-hour increments.  *See* Fee Examiner's First Report, ¶ 32 (noting time billed primarily in half-hour and whole-hour increments); Fee Examiner's Second Report, ¶¶ 21-25 (recommending 10 percent disallowance of $56,800 in fees recorded in half-hour and whole-hour increments); Fee Examiner's Third Report, ¶¶ 41-43 (recommending 25 percent disallowance of $100,742.50 in fees recorded in half-hour and whole-hour increments); Fee Examiner's Fourth Report, ¶ 35 (noting $155,295 in fees recorded in half-hour and whole-hour increments).

39.    During the Current Interim Periods, however, all Weil timekeepers appeared to bill their time in tenth-of-an-hour increments as required by the UST Guidelines.  Consequently, the Fee Examiner recommends no deductions with respect to this issue.

*Suggested disallowance for time increments:  none.*

40.    **Non-Working Travel Time**.  Non-working travel time is compensable at 50 percent.  *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted).

41.    In accordance with this authority, Weil used a special project code for non-working travel time and billed time recorded under this code at half its normal billing rates.  One entry for non-working travel was billed at full rate, which totaled $997.50.  If properly coded, that entry would have been billed at half the normal billing rate, for a total of $498.75.

*Stipulated disallowance for non-working travel time:  $498.75.*

42.    **Administrative Expenses**.  Weil incurred $2,663.65 in expenses for velobinding and coil binding that are more properly considered overhead.

*Stipulated disallowance for administrative expenses:  $2,663.65.*

43.    **Meal Expenses**.  Weil submitted some meal expenses where the Fee Examiner was unable to determine the number of people present.  With respect to these meals, Weil agrees to the disallowance of $107.87, or the amount in excess of the $20 per person limit.

*Stipulated disallowance for meal expenses:  $107.87.*

*44.*    **Local Transportation Expenses**.  Weil incurred $111.55 in local transportation expenses for travel before 8:00 p.m. that do not appear directly related to a business purpose such as a court appearance or meeting outside of the office.

*Stipulated disallowance for local transportation expenses:  $111.55.*

45.    **Color Copy Expenses**.  Weil charged color copies at a rate of $1.00 per page. The Fifth and Final Fee Application stated that Weil "charges all of its clients $.10 per page" for photocopying with no indication that Weil charges a different rate for color copies.  Fifth and Final Fee Application, ¶ 63.  The Local Guidelines allow an expense of 20 cents per page or cost, whichever is lower, and make no distinction for color copies.  *See* Local Guidelines, § E.2.  Weil has agreed to a reduction for the marginal costs above 20 cents per page, which amounts to $14,515.00.

*Agreed disallowance for color copies:  $14,515.00.*


*Total fees suggested for disallowance:  $89,225.03.*

*Total expenses suggested for disallowance:  $17,398.07.*

*Total fees and expenses suggested for disallowance:  $106,623.10.*

## CONCLUSION

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the

limited basis for objections to the Fifth and Final Fee Application.  While the Fee Examiner has

made every effort to apply standards uniformly across the universe of professionals in this case,

some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Stipulated Statement* on the

Fifth and Final Fee Application.

Dated:  Madison, Wisconsin
September 16, 2011

GODFREY & KAHN, S.C.

By:      /s/ *Katherine Stadler*
Katherine Stadler
Eric J. Wilson

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com
ewilson@gklaw.com

*Attorneys for the Fee Examiner*

6812113_2

17

# EXHIBIT A

(Summary of Stipulated Deductions)

**Exhibit A**
Summary of Stipulated  Deductions*
Weil, Gotshal & Manges LLP
Fifth Interim and Final Fee Application
*In re Motors Liquidation Co. et al.*

| | |
|---|---|
| **Fee Category** | |
| Review of billing records | $0.00 |
| Fee inquiry time | $2,304.00 |
| Transient billers | $22,300.80 |
| Administrative tasks | $45,404.10 |
| Mediation coordination | $18,717.38 |
| Time increments | $0.00 |
| Non-working travel time | $498.75 |
| **Total Suggested Disallowance -- Fees** | **$89,225.03** |
| | |
| **Expense Category** | |
| Post-confirmation date | $0.00 |
| Administrative | $2,663.65 |
| Meals | $107.87 |
| Hotels | $0.00 |
| Local transportation | $111.55 |
| Color copies | $14,515.00 |
| **Total Suggested Disallowance -- Expenses** | **$17,398.07** |
| | |
| **Total Suggested Disallowance -- Fees and Expenses** | **$106,623.10** |

* Does not include amounts attributable to rate increases identified
  in the *Fee Examiner's Limited Objection to Hourly Rate Increases*  [Docket No. 10660].

6831158_1.XLS