Hearing Date and Time: September 26, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 16, 2011 (Extended by Stipulation)

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                     :

In re                                  :    Chapter 11

MOTORS LIQUIDATION COMPANY *et al.,*  :    Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*      :    (Jointly Administered)

                      Debtors.    :    Honorable Robert E. Gerber
                                     :
------------------------------------------------------------ x

**STIPULATED STATEMENT ON**
**FIFTH AND FINAL FEE APPLICATION OF**
**<u>KRAMER LEVIN NAFTALIS & FRANKEL LLP</u>**

## **TABLE OF CONTENTS**

**Page**

SUMMARY STATEMENT ........................................................................................... 2

BACKGROUND ........................................................................................................... 4

APPLICABLE STANDARDS ....................................................................................... 8

COMMENTS ................................................................................................................ 10

Current Interim Periods ................................................................................................ 10

      Fee Inquiry Time ........................................................................................... 10

      Time Detail Review ....................................................................................... 10

      Hearing Attendance ....................................................................................... 11

      Treasury Dispute ........................................................................................... 11

      Travel Time ................................................................................................... 12

Final Fee Period ........................................................................................................... 12

      Project Staffing ............................................................................................. 12

      Asbestos Issues ............................................................................................. 12

      Hourly Rate Increases ................................................................................... 13

      Previous Reductions ..................................................................................... 13

CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) .................................................................................................. 8

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330*, 28 C.F.R. Part 58, Appendix A (2010) .......................... 8

TO:   THE HONORABLE ROBERT E. GERBER
      UNITED STATES BANKRUPTCY JUDGE

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Stipulated Statement* in connection with the *Final Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, (I) for Final Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred During the Period from October 1, 2010 Through March 29, 2011 and (II) for Final Approval of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred During the Period June 1, 2009 Through and Including March 29, 2011* [Docket No. 10268] (the "**Final Fee Application**").  With this report, the Fee Examiner identifies $17,880.15 in fees, from a total of $3,023,392.75[1] requested for the periods from October 1, 2010 through January 31, 2011 and February 1, 2011 through March 29, 2011 (the "**Current Interim Periods**"), for disallowance.  Furthermore, the Fee Examiner does not object, subject to the adjustments detailed below, to the payment of the requested compensation for the period from the firm's retention on June 3, 2009 through March 29, 2011 (the "**Final Fee Period**")—subject to further adjustment of unjustified or unjustifiable rate increases identified in the *Fee Examiner's Limited Objection to Hourly Rate Increases* filed on August 5, 2011 [Docket No. 10660] (the "**Rate Increase Objection**").  The relevant Retained Professionals and the Fee Examiner have agreed that the Rate Increase Objection will not be heard on September 26.  *See also Response of the United States Trustee Regarding Final Applications for Compensation and Reimbursement of Expenses* [Docket No. 10840] at 2.

---

[1] Kramer Levin failed to specify in its summary sheet the amount of its interim compensation request for the Current Interim Periods.  The Fee Examiner has calculated this amount based on the invoices submitted.

1

## SUMMARY STATEMENT

In general, the Final Fee Application appears substantively sound. It requests a total of $3,023,392.75 in fees for the Current Interim Periods and $11,319,144 in fees for the Final Fee Period. On September 4, 2011, the Fee Examiner sent Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") a draft of this report. The parties subsequently reached a consensual resolution on all of the remaining issues (other than the Rate Increase Objection). This table summarizes the amounts Kramer Levin has requested and the amounts allowed, to date, for these proceedings:

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **First Fee Application** (06/03/2009 to 09/30/2009) | $4,593,910.50 | $114,848.00 | $4,479,062.50 | $447,906.25 | $85,047.77 | $478.67 | $84,569.10 |
| **Second Fee Application** (10/01/2009 to 01/31/2010) | $1,148,977.75 | $30,664.87 | $1,118,312.88 | $111,831.29 | $31,103.29 | $3,234.46 | $27,868.83 |
| **Third Fee Application** (02/01/2010 to 05/31/2010) | $644,939.25 | $52,386.50 | $592,552.75 | $59,255.28 | $7,592.26 | $15.00 | $7,577.26 |
| **Fourth Fee Application** (06/01/2010 to 09/30/2010) | $1,910,485.75 | $29,845.90 | $1,880,639.85 | $188,063.98 | $36,695.51 | $0.00 | $36,695.51 |

| Fee Application | Fees Requested | Interim Fees Disallowed | Interim Fees Approved or Recommended | Fees Held Back | Expenses Requested | Interim Expenses Disallowed or Recommended | Interim Expenses Allowed or Recommended |
|---|---|---|---|---|---|---|---|
| **Current Interim Periods** (10/01/2010 to 03/29/2011) | $3,023,392.75 | $17,880.15[2] | $3,005,512.60[2] | $604,678.55 | $51,635.10 | $0.00 | $51,635.10 |
| **TOTALS:** | $11,321,706.00 | $245,625.42 | $11,076,080.58 | $1,411,735.35 | $212,073.93 | $3,728.13 | $208,345.80 |

Kramer Levin served as counsel to the Official Committee of Unsecured Creditors (the "**UCC**"). Throughout these proceedings, Kramer Levin submitted applications that improved incrementally in their consistency with the letter and spirit of the Bankruptcy Code, the U.S. Trustee Guidelines, and the decisions and rules of the Southern District of New York. When asked about entries or practices, it responded promptly.

The hearing on the Final Fee Application is now scheduled for October 21, 2011 in conjunction with the hearing on cross-motions for summary judgment and the motion to dismiss Adversary Proceeding No. 11-09406, *Official Committee of Unsecured Creditors of Motors Liquidation, et al. v. U.S. Department of the Treasury, Export Development Canada* (the "**Treasury Litigation**"). The U.S. Department of the Treasury ("**Treasury**") has, in that adversary proceeding, reserved its right to object to the portion of Kramer Levin's fee application seeking reimbursement for work performed in connection with litigation against Treasury.[3] *See* Adversary Proceeding Docket No. 4, *Letter to the Honorable Robert E. Gerber filed by Thomas Moers Mayer on behalf of Official Committee of Unsecured Creditors of Motors Liquidation Company, et al.* entered 7/1/11. As a result, the Court has elected to hear the Final

---

[2] Proposed/pending.

[3] Neither the U.S. Department of Treasury nor Kramer Levin has provided the Fee Examiner with an estimate of the amount at issue in their fee dispute.

3

Fee Application in conjunction with dispositive motions in the Treasury Litigation. *See* Adversary Proceeding Docket No. 5, *Endorsed Order* signed 7/7/11.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[4] The Court confirmed the Plan on March 29, 2011 [Docket No. 9941] with an effective date of March 31, 2011.

2. On November 16, 2009, Kramer Levin filed the *First Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from June 3, 2009 Through September 30, 2009* [Docket 4459] ("**First Fee Application**"), seeking fees and expenses in the amount of $4,678,958.27. On December 29, 2009, Kramer Levin supplemented the First Fee Application by filing the detailed time entries supporting the application [Docket No. 4715].

3. On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Kramer Levin Naftalis & Frankel LLP* (the "**First Limited Objection**"), identifying $520,863.97 in fees and expenses that were objectionable [Docket No. 5555]. That report and statement is incorporated by reference. On April 27, 2010, Kramer Levin filed its response to the First Limited Objection [Docket No. 5629].

---

[4] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

4

4. On May 21, 2010, the Court entered an omnibus order approving a series of interim fee applications for the third interim fee period, including Kramer Levin. *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 20, 2009* [Docket No. 5834] (the "**First Omnibus Order**"). Through the First Omnibus Order, the Court approved Kramer Levin's first interim fee application in the amount of $4,479,062.50 in fees and $84,569.10 in expenses and requiring a continued holdback of 10 percent of Kramer Levin's requested fees.

5. On March 17, 2010, Kramer Levin filed the *Second Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from October 1, 2009 Through January 31, 2010* [Docket No. 5296] ("**Second Fee Application**"), seeking fees and expenses in the amount of $1,181,142.06. On May 18, 2010, Kramer Levin supplemented and corrected its second fee application, reducing its fee and reimbursement request to $1,180,081.04 through the *Supplement and Correction to the Second Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from October 1, 2009 Through January 31, 2010* [Docket No. 5790] (the "**Supplemental Second Fee Application**").

6. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee Application of Kramer Levin Naftalis & Frankel LLP* (the "**Second Limited Objection**"), identifying $58,851.45 in fees and expenses

5

that were objectionable or subject to a voluntary reduction [Docket No. 6091]. That report and statement is incorporated by reference.

7. On July 22, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the Second Fee Application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* [Docket No. 6402] (the "**Second Omnibus Order**"). Through the Second Omnibus Order, the Court approved Kramer Levin's second interim fee application in the amount of $1,118,312.88 in fees and $27,868.83 in expenses, authorizing payment of $1,006,481.59 in fees and $27,868.83 in expenses and requiring a continued holdback of 10 percent of Kramer Levin's requested fees.

8. On August 5, 2010, Kramer Levin filed the *Third Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from February 1, 2010 Through May 31, 2010* [Docket No. 6538] ("**Third Fee Application**"), seeking fees and expenses in the amount of $652,531.51.

9. On September 17, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Third Interim Fee Application of Kramer Levin Naftalis & Frankel LLP* (the "**Third Limited Objection**"), identifying $52,401.50 in fees and expenses that were objectionable or subject to a voluntary reduction [Docket No. 6979]. That report and statement is incorporated by reference.

6

10. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the Third Fee Application. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) The Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* [Docket No. 7910] (the "**Third Omnibus Order**"). Through the Third Omnibus Order, the Court approved Kramer Levin's third interim fee application in the amount of $592,552.75 in fees and $7,577.26 in expenses, authorizing payment of $533,297.47 in fees and $7,577.26 in expenses, carving-out $52,386.50[5] in fees related to the fee process, and requiring a continued holdback of 10 percent of Kramer Levin's requested fees.

11. On November 16, 2010, Kramer Levin filed the *Fourth Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from June 1, 2010 Through September 30, 2010* [Docket No. 7804] ("**Fourth Fee Application**"), seeking fees and expenses in the amount of $1,947,181.26.

12. On December 8, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Fourth Interim Fee Application of Kramer Levin Naftalis & Frankel LLP* (the "**Fourth Limited Objection**"), identifying $32,555.75 in fees and expenses that were objectionable [Docket No. 8028]. That report and statement is incorporated by reference.

---

[5] The Fee Examiner and Kramer Levin agreed to a global reduction of fees in a subsequent interim fee application that allowed the $52,386.50 in carved out fees to be released.

7

13. On January 11, 2011, the Court entered the *Order Granting the Application of Kramer Levin Naftalis & Frankel LLP for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses from June 1, 2010 Through September 30, 2010* [Docket No. 8540] (the "**Fourth Order**"). Through the Fourth Order, the Court approved Kramer Levin's fourth interim fee application in the amount of $1,880,639.85 in fees and $36,695.51 in expenses, authorizing payment of $1,692,575.87 in fees and $36,695.51 in expenses and requiring a continued holdback of 10 percent of Kramer Levin's requested fees.

14. On May 16, 2011, Kramer Levin filed the Final Fee Application seeking fees in the amount of $3,023,392.75 and expenses in the amount of $51,635.10 for the Current Interim Periods and an aggregate of $11,323,610 in fees and $210,169.93 in expenses for the Final Fee Period.

15. On August 5, 2011, the Fee Examiner filed the Rate Increase Objection, making a limited objection to Kramer's rate increases over the course of these proceedings. The relevant retained professionals, including Kramer, have agreed that the Rate Increase Objection will not be heard on September 26.

**APPLICABLE STANDARDS**

16. The Final Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket

8

No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

17. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals that had filed interim applications summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this report is a concluding part.

18. On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617] providing additional comments on the final fee review process.

19. In applying this Court's rulings to the fee applications for the Current Interim Periods and, with respect to that period, the Final Fee Period, the Fee Examiner established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A.    The Fee Examiner does not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[6]

    B.    For professionals whose applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the

---

[6] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

9

basis of this review, the Fee Examiner has calculated a suggested disallowance, ranging from zero to 50 percent for professionals requesting compensation for Fee Inquiry Time.

**COMMENTS**

**Current Interim Periods**

20. **Fee Inquiry Time**. Kramer Levin seeks compensation for $37,886.00 for services related to the fee review and objection process ("Fee Inquiry Time"). Kramer Levin has included this time in the fully-compensable Fee Application task category. Pursuant to the Court's November 23, 2010 Bench Decision [Docket No. 7896], Fee Inquiry Time is not compensable unless a professional "substantially prevails" in a dispute with the Fee Examiner.

21. The Court has not specifically determined whether Kramer Levin "substantially prevailed" in its previous disputes with the Fee Examiner, though the Court did determine in an oral ruling on December 15, 2010 that a different Retained Professional did not substantially prevail in similar matters.

22. Kramer contends that the $10,000 safe harbor should apply not for each fee application (which may contain Fee Inquiry Time relating to more than one prior compensation period), but instead for each compensation period with respect to which Kramer negotiated with the Fee Examiner. The Fee Examiner does not object to that position.

23. As a result, the Fee Examiner requests, after a deduction of the $20,000 safe harbor, a 40 percent disallowance of time spent communicating with the Fee Examiner.

*Stipulated disallowance for Fee Inquiry Time: $7,154.40.*

24. **Time Detail Review**. Kramer Levin seeks compensation for 233.75 hours for services segregated in the "Monthly Fee Statements" matter. Kramer Levin has discounted the compensation request for these services by 50 percent, consistent with the Court's July 6, 2010 ruling.

10

*Suggested disallowance for unreduced time detail review: none.*

25. **Paralegal Work Performed at Attorney Rates**. The Fee Examiner has identified significant work performed by a junior associate, charging $455 per hour, which could and should have been performed by a paralegal. These tasks included daily docket monitoring, updating the UCC website, and monitoring claims-trading activity. As such, and consistent with the Court's April 29, 2010 oral ruling on the same issue [Docket No. 5699], the Fee Examiner recommends that the time entries enumerated on **Exhibit A** be reduced to a lower billing rate.

*Stipulated disallowance for paraprofessional tasks performed at attorney rates: $10,240.00.*

26. **Hearing Attendance**. Kramer Levin seeks compensation for 11.5 hours by a junior associate to prepare for and attend the March 3, 2011 confirmation hearing, amounting to $5,232.50 in fees. The Fee Examiner was unable to determine the timekeeper's role from the time detail or the fee application narrative. Kramer Levin has provided a satisfactory explanation for the associate's attendance at the confirmation hearing.

*Suggested disallowance for hearing attendance: none.*

27. **Treasury Dispute**. During the Current Interim Fee Periods, the UCC was engaged—and remains engaged—in a dispute with Treasury over the proceeds of an adversary proceeding against various secured lenders known as the "Term Loan Litigation." For purposes of seeking a negotiated resolution with Treasury, Kramer Levin incurred fees to provide Treasury with an estimate of its own fees incurred in connection with the dispute.

28. The Fee Examiner takes no position on the ultimate conclusion of the dispute between the UCC and Treasury or on the $4,255.00 in time spent by the UCC's counsel calculating its own fees for purposes of negotiating with Treasury.

11

29. The UCC's dispute with Treasury, along with Treasury's possible objection to Kramer Levin's fees, may be resolved at the hearing on these matters now scheduled for October 21, 2011 in conjunction with the hearing on cross-motions for summary judgment and on Treasury's motion to dismiss the Treasury Litigation.

*Suggested disallowance for Treasury fee dispute time: none.*

30. **Travel Time**. The Fee Examiner has identified the travel time enumerated on Exhibit D, primarily spent by attorneys traveling to and from the Bankruptcy Court, that have not been billed at 50 percent pursuant to the local practice.

*Stipulated disallowance for travel time: $485.75 (50 percent).*

**Final Fee Period**

31. **Project Staffing**. During the Final Fee Period, Kramer Levin provided services at an overall blended hourly rate of $591.32 (including all non-attorneys).

32. **Asbestos Issues**. Asbestos matters have consumed a significant portion of the administrative expense budget in these cases, involving at least eight Retained Professionals. The diverse interests represented worked together to agree upon a discovery protocol (the *Asbestos Claimants' Committee Anonymity Protocol*), conducted valuations of their interests, evaluated opposing interests, and reached an agreement on valuation, *Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion* [Docket No. 9214]. The Debtors' Joint Plan of Reorganization successfully established an Asbestos Trust to administer claims.

The process of discovery, valuation, validation, and settlement has been time consuming and, by its very nature, duplicative at times. However, the Fee Examiner has not identified unnecessary duplication reflected in Kramer Levin's application.

12

33.     **Hourly Rate Increases**.  The Fee Examiner's auditor, Stuart Maue, calculated the value of Kramer Levin's rate increases in these cases at $417,026.00, or approximately 3.7 percent of its compensation request.  Most of these rate increases are attributable to four associates who incurred three separate rate increases (September 2009, January 2010, and September 2010) before Kramer Levin elected to "freeze" rates at December 2010 levels, affecting the last three months of the 22-month long case.  *See* Final Fee Application at ¶ 2.  The Fee Examiner incorporates, by reference, the Rate Increase Objection.

34.     The Fee Examiner and Kramer Levin have agreed, subject to the approval of the Court and subject to the right of any other interested party to object and/or be heard, that Kramer Levin may be provisionally paid all disputed amounts that are subject to the Rate Increase Objection, pending the resolution of that objection.  Should the Fee Examiner ultimately prevail on the Rate Increase Objection—in whole or in part for any reason—Kramer Levin agrees to be subject to disgorgement of an amount not to exceed $417,026.00.  Any such disgorgement shall be made, pursuant to the Plan of Reorganization, to either the post-confirmation Debtors or the GUC Trust.

35.     **Previous Reductions**.  In his review of all prior fee applications, the Fee Examiner has identified block billing, vague time entries, billing that may not be in tenths of an hour and other specific areas of concern.  The Fee Examiner has reviewed, again, the areas of concern highlighted in the First through Fourth Limited Objections in light of all the services provided by Kramer Levin in these cases and does not recommend any adjustment to the previously awarded fees.

*Total fees suggested for disallowance: $17,880.15.*

*Total expenses suggested for disallowance: none.*

*Total Fees and Expenses Suggested for Disallowance: $17,880.15.*

## CONCLUSION

This *Stipulated Statement* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the limited objection to the Final Fee Application. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Stipulated Statement* on the Final Fee Application.

Dated: Madison, Wisconsin
September 16, 2011

          GODFREY & KAHN, S.C.

By:    */s/ Katherine Stadler*
       Katherine Stadler

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Examiner*

6767086_4

14