DEBEVOISE & PLIMPTON LLP
By: Carl Micarelli
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6813
Facsimile: (212) 521-7813
Email: cmicarelli@debevoise.com

*Attorneys for Crown Enterprises, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>    f/k/a/ General Motors Corp., *et al.*,<br><br>                                            Debtors. | Chapter 11<br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**RESPONSE OF CROWN ENTERPRISES, INC. TO THE
MOTORS LIQUIDATION COMPANY GUC TRUST'S 245TH
OMNIBUS OBJECTION TO CLAIMS AND MOTION
REQUESTING ENFORCEMENT OF BAR DATE ORDERS**
(Late-filed Claims Post-Effective Date)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Crown Enterprises, Inc., through its attorneys, hereby submits its Response to Motors Liquidation Company GUC Trust's 245th Objection to Claims and Motion Requesting Enforcement of Bar Date Orders (Docket No. 10748):

**I.    Factual and Procedural Background**

1.    Crown Enterprises, Inc. was the lessor to the Debtors of that commercial realty commonly known as 4637 Port Royal Road and Saturn Parkway, Spring Hill, Tennessee under a lease dated February 14, 2001, as amended (the "Lease").

2. The Lease constituted an executory contract and unexpired lease of the Debtors as of the filing of this case.

3. Pursuant to this Court's Order entered September 15, 2009 (Docket No. 4050), the time within which the Debtor was, pursuant to 11 U.S.C. §365(d)(4), permitted to assume or reject the Lease was extended through and including December 28, 2009.

4. The Debtor did not timely seek to assume the Lease.

5. On that basis, the Debtor deemed the Lease rejected on December 29, 2009.

6. Crown Enterprises, Inc. is the holder of a claim arising from the Debtors' rejection of the Lease. The original proof of claim was mailed on January 28, 2010, and docketed by the Debtors as claim nos. 69961 and 69974.[1] An amended proof of claim was filed on May 24, 2011 and docketed by the Debtors as claim no. 71172.

7. The Debtors objected to claim nos. 69961 and 69974 in their 111th Omnibus Objection (Docket No. 8190). Crown Motors filed a timely response to that objection (Docket No. 8791). The hearing on that objection has been repeatedly adjourned by the Debtors.

8. The GUC Trust objected to claim no. 71172 in its 245th Omnibus Objection (Docket No. 10748). Crown Enterprises, Inc. now responds to and opposes that objection.

---

[1] It is unclear why the Debtor assigned two claim numbers to the single Proof of Claim filed by Crown Enterprises, Inc. on January 28, 2010.

**II.     The Objection Should Be Overruled and the Motion Denied.**

    **A.     Crown Enterprises' Claim Was Timely Under the Express Terms of the Confirmation Order and the Confirmed Chapter 11 Plan.**

    9.    The GUC Trust contends that the Claim of Crown Enterprises, Inc. was barred by this Court's September 16, 2009 Order (Docket No. 4079) establishing certain bar dates for the filing of claims against the Debtor (the "Bar Date Order").

    10.    As applicable here, the Bar Date Order is superseded by the Debtor's Second Amended Joint Chapter 11 Plan (the "Plan") and the Court's Findings of Fact, Conclusions of Law and Order dated March 29, 2011, which confirmed the Plan (the "Confirmation Order").

    11.    Decree paragraph 10 on page 22 of the Confirmation Order provides as follows:

> 10.    <u>Bar Date for Rejection Damage Claims</u>. Pursuant to Section 8.3 of the Plan, if the <u>rejection of an executory contract or unexpired lease</u> by any of the Debtors pursuant to Section 8.1 of the Plan results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not heretofore evidenced by a filed proof of Claim, shall be forever barred and shall not be enforceable against the Debtors, the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, and the Avoidance Action Trust Administrator, or any property to be distributed under the Plan, the GUC Trust, the Asbestos Trust, the Environmental Response Trust, and the Avoidance Action Trust unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtors, the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, and the Avoidance Action Trust Administrator <u>on or before the date that is sixty (60) days after the Effective Date</u>.

3

(Second and third underlines added.) An essentially identical provision appears as Section 8.3 of the Plan.

12. The Debtors gave notice on or about April 11, 2011, that the Effective Date had occurred on March 31, 2011.

13. The May 24, 2011 Proof of Claim of Crown Enterprises, Inc. seeks damages for the rejection of an executory contract or unexpired lease.

14. Thus, even if Crown Enterprises' May 24, 2011 amended claim is regarded as a separate claim from Crown Enterprises' January 28, 2010 original claim, the applicable "Bar Date for Rejection Damages Claims" would be May 30, 2011, *i.e.*, 60 days after the Effective Date of March 31, 2011.

15. Thus, the claim of Crown Enterprises, Inc. is timely, and the GUC Trust's objection should be overruled.

**B.   Crown Enterprises' Claim Was Timely Under the Express Terms of the Bar Date Order.**

16. Even if the September 16, 2009 Order (Docket No. 4079) were applicable here, the claim of Crown Enterprises, Inc. would be timely.

17. The claim of Crown Enterprises, Inc. was not, as Debtors contend at Exhibit A, p. 7, filed on May 24, 2011. That date was the date of filing of the amended claim in the amount of $1,614,539.00, which reduced the amount and clarified the description of the original claim in the amount of $1,782,742.00. The original claim was timely filed on January 28, 2010.

18. Paragraph (g) on page 3 of the Bar Date Order provides as follows:

> Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures,

4

>trusts, and Governmental Units) that asserts a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by <u>the later of</u> (i) the applicable Bar Date and (ii) the date that is **thirty days** following <u>the entry of the order approving such rejection</u>, or be forever barred from doing so.

(Underlining added, bold in original.)

19. Similarly, paragraph 3 of the Bar Date Notice, as approved by the Court in the Bar Date Order, provides as follows:

> **3. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
>
> If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

20. Thus, pursuant to the express terms of this Court's Bar Date Order (Docket No. 4079), the time period within which Crown Enterprises, Inc. may timely file a proof of claim for its rejection damages does not expire until "the date that is **thirty days** following the entry of the order approving such rejection."

21. Pursuant to the express terms of this Court's Bar Date Order, the bar date applicable to the claim of Crown Enterprises, Inc. cannot have been November 30, 2009, as the Debtors assert in their Objections (Exhibit A, p. 7). The Lease had not as of

5

November 30, 2009, been rejected. Nor had any Order of this Court approving any such rejection been entered, as required to trigger the 30-day period under the Bar Date Order.

22. The Court approved the rejection of the Lease for the first time in its Confirmation Order, which provides in decree paragraph 9 that "[p]ursuant to Section 8.1 of the Plan, all executory contracts and unexpired leases to which any of the Debtors are parties are rejected…." No previous Order of the Court approved rejection of the Lease. The Confirmation Order was entered on March 29, 2011.

23. Thus, by the terms of the Bar Date Order (if it were applicable here), the bar date would have been, at the earliest, <u>April 28, 2011</u>, thirty days after the entry of this Court's March 29, 2011 order approving the rejection of the Lease.

24. As previously argued by Crown Enterprises, Inc. in its response (Docket No. 8791) to the Debtors' 111th Omnibus Objections and Motion, this Court's Bar Date Order is clear that the bar date is thirty days after "the entry of the Order" approving rejection of the Lease – *not* the November 30, 2009 bar date for non-rejection claims, nor thirty days after the December 29, 2009 "deemed rejection" of the Lease. "Entry of [an] order" has a well-understood and unambiguous meaning, namely the notation of the order on the clerk's docket. No order approving the rejection was made or entered 30 days before November 30, 2009, which the GUC Trust claims was the applicable Bar Date, or at any other time prior to confirmation of the Plan.

25. Thus, the January 28, 2010 claim of Crown Enterprises, Inc., as subsequently amended, was timely, and the GUC Trust's objection should be overruled.

6

C.  **Even If Deemed "Late," Crown Enterprises' Claim Should Be Allowed.**

26. As set forth above, the applicable bar date did not occur until May 30, 2011, or, at the earliest, April 28, 2011. Crown Enterprises, Inc.'s January 28, 2010 claim, as amended on May 24, 2011, is therefore timely.

27. If and to the extent that this Court *now* amends or construes its Bar Date Order and Confirmation Order to permit the Debtors' "deemed rejection"—rather than the entry of the Court's Order approving the rejection or the Effective Date of the Plan—to trigger the Bar Date, then Crown Enterprises, Inc.'s claim should nonetheless be permitted as a late filed claim, for the reason that excusable neglect certainly exists under these circumstances.

28. The applicable bar date would have been January 28, 2010, if this Court (a) *now* amends its Bar Date Order *nunc pro tunc* to substitute the Debtors' alleged December 29, 2009 date of "deemed rejection" in place of the entry of this Court's Order approving the Debtors' rejection of the Lease as required by the Bar Date Order, and (b) disregards the later bar date established by the Confirmation Order and the Plan. Crown Enterprises, Inc.'s original Proof of Claim was mailed on that January 28, 2010 date and, according to the Debtors, was "filed" two business days later on February 1, 2010.

29. Crown Enterprises, Inc. acknowledges that if its Proofs of Claim are determined to be untimely, then the standard established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993), is the applicable standard by which the allowance of the late claim must be evaluated.

7

30.     Crown Enterprises, Inc. satisfies the express factors set forth by the Supreme Court in allowing late claims (if its claims are determined to be late at all):

(a)     the Debtors are not prejudiced in any legal sense, since Crown Enterprises, Inc. certainly has a valid claim arising from rejection of the Lease, and the Debtors would not be prejudiced by being forced to make payment upon that claim;

(b)     any delay was, at most, only two business days, and could not have had (and the Debtors do not alleged that it had) any impact upon judicial proceedings;

(c)     the reason for the delay, if any, was that under the express terms of this Court's Bar Date Order, the time within which a claim must be filed had not even commenced, let alone run;

(d)     Crown Enterprises, Inc. indisputably acted in good faith, relying upon the express terms of this Court's Bar Date Order; and

(e)     Crown Enterprises, Inc. had counsel at the time, and Crown Enterprises, Inc. should not be penalized for reasonably relying upon the reasonable construction by its counsel of an unambiguous Bar Date Order.

31.     Further, there would be no prejudice to the Debtors or GUC Trust in allowance of the claim of Crown Enterprises, Inc.  The Debtors filed their plan of liquidation on August 31, 2010.  As of the time of filing of the Debtors' Plan, Crown Enterprises, Inc.'s original proof of claim had been filed for seven months.  No objections to that Proof of Claim had been filed by the Debtors prior to the filing of the Debtors'

Plan, despite ample time for the Debtors to assert any legitimate objections. This Court had not disallowed the claim of Crown Enterprises, and it is presumptuous of the Debtors to have assumed, in filing a Plan seven months after filing of the claim, that the claim would later be disallowed. While the Debtors seek to invoke "equity" as a basis for disallowing the claim, it is the Debtors who are acting inequitably by asserting that the claim of Crown Enterprises, Inc. can be "lumped in" with other allegedly late-filed claims, and should be summarily disallowed simply because this Court would be required – as it is statutorily required – to actually evaluate the equities of each individual situation.

33. Crown Enterprises, Inc. does not dispute that bar dates serve an important function, and that they should be enforced, subject to the Supreme Court's admonition in *Pioneer Investment Services Co. v Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993), that late filings should be allowed whenever "excusable neglect" is shown. That function cannot be used to permit the Debtors to unilaterally re-write this Court's Bar Date Order, Confirmation Order and Plan to deny Crown Enterprises, Inc.'s claim, or to adopt a novel construction of the Bar Date Order of which Crown Enterprises, Inc. had no notice. Crown Enterprises, Inc. had (and continues to have) the right to rely upon this Court's orders as written, not as the Debtors and the GUC Trust now wish they had been written.

33. Even if the proof of Claim is determined to be untimely, the Proof of Claim should be allowed since the equities clearly favor Crown Enterprises, Inc., which has the right to rely upon the unambiguous provisions of this Court's Bar Date Order, the

9

Confirmation Order and the Plan, and not the attempts by the Debtors and the GUC Trust to re-write the terms of those Orders and Plan.

WHEREFORE, Crown Enterprises, Inc. prays that all Objections to its claim be overruled, and the Motion Requesting Enforcement of Bar Date Order and Motion to expunge certain claims (to the extent it seeks to disallow the claim of Crown Enterprises, Inc.) be denied, and the claim be allowed.

> Respectfully submitted,
>
> DEBEVOISE & PLIMPTON LLP
>
> By: /s/ Carl Micarelli
>      Carl Micarelli
>
> 919 Third Avenue
> New York, NY 10022
> Telephone: (212) 909-6813
> Facsimile:  (212) 521-7813
> Email:  cmicarelli@debevoise.com
>
> *Attorneys for Crown Enterprises, Inc.*

Dated:  September 19, 2011