BRENT L. ENGLISH
Law Offices of Brent L. English
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422
(216) 781-9917
(216) 781-8113 (Fax)
benglish@englishlaw.com

*Attorney for Claimant, Kevin A. King*
Claim No. 65671

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————  )
                                                                        )
In re.                                                               )          Chapter 11 Case No.
                                                                        )
MOTORS LIQUIDATION COMPANY *et al.,*      )          **09-50026 (REG)**
fka General Motors Corp., *et al.*                    )
                                                                        )          (Jointly Administered)
———————————————————————  )

## KEVIN A. KING'S RESPONSE TO THE DEBTOR'S OMNIBUS OBJECTION TO HIS CLAIM NO. 65671

     Kevin A. King, through his undersigned counsel, Brent L. English, hereby responds to

Debtor's objection to his claim (No. 65681) for $5,354.11.  The Debtor asserts that King's claim

is a "settled/adjudicated" claim which was "settled or resolved" prepetition such that, as of the

Petition Date, the Debtors had no remaining liability to [King] with respect to [his] claims."

(246th Omnibus Objection at 4, ¶ 10).

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF KEVIN
A. KING CONTAINED IN THE 246TH OMNIBUS OBJECTION
TO CLAIMS**

## I.    FACTS

General Motors Corporation settled a claim for bodily injuries arising from an alleged intentional tort committed by it in reference to King more than a year and one-half *before* the Petition Date.  However, General Motors *failed to pay the agreed settlement amount and, in fact, never paid anything to King*.

King's Claim (No. 65681) arose from the fact that on August 23, 2002 he sustained a very serious injury (a completely ruptured right quadriceps tendon) while working for General Motors at its Parma Stamping Plant.  The injury occurred when King slipped in water which had accumulated in an area where water-soluble wax had been excessively applied.  King sued General Motors for the commission of an intentional tort in the Court of Common Pleas of Cuyahoga County, Ohio pursuant to Ohio law.[1]  General Motors removed the case to the U.S. District Court for the Northern District of Ohio, Eastern Division, Case No. 1:06-cv-02037-DCN, Judge Donald C. Nugent.

---

[1].   In *Brady v. Safety-Kleen Corp*. (1991), 61 Ohio St.3d 624, 576 N.E.2d 722 (1991), the Supreme Court of Ohio held, in the context of a worker's compensation action, that "[a] cause of action brought by an employee alleging intentional tort by the employer in the workplace is not preempted by Section 35, Article II of the Ohio Constitution, or by R.C. 4123.74 and 4123.741. While such cause of action contemplates redress of tortious conduct that occurs during the course of employment, an intentional tort alleged in this context necessarily occurs outside the employment relationship." *Id.* at paragraph one of the syllabus (approving and following *Blankenship v. Cincinnati Milacron Chems. Inc*. (1982), 69 Ohio St.2d 608, 613, 433 N.E.2d 572 (1982)); Ellithorp, 1997 WL 416333 at *3.  In *Blankenship*, the Supreme Court of Ohio reasoned that "[n]o reasonable individual would ... contemplate the risk of an intentional tort as a natural risk of employment." *Blankenship*, 69 Ohio St.2d at 613, 433 N.E.2d 572. It, therefore, concluded that employers are not immune from liability for their intentional torts under Section 4123.74 of the Ohio Revised Code. *Id.*; see also *Brady*, 61 Ohio St.3d at 634, 576 N.E.2d 722 ("When an employer intentionally harms his employee, that act effects a complete breach of the employment relationship, and for purposes of the legal remedy for such an injury, the two parties are not employer and employee, but intentional tortfeasor and victim.")

The case was settled on the eve of trial (September 13, 2007) for **$5,000.00**. General Motors proposed an overly broad release (which included King's worker's compensation claim) which King refused to sign. King proposed an alternative which General Motors' counsel agreed upon. However, the settlement proceeds were never paid.

King's claim is for the $5,000.00 which General Motors agreed to pay plus interest from September 13, 2007 to the date of General Motors' bankruptcy filing (June 1, 2009) pursuant to 28 U.S.C. 1961 which, as of September 13, 2007 was 4.15%. The total interest owed is 354.11.

King attached to his Claim No. 65681 a copy of the U.S. District Court for the Northern District of Ohio, Eastern Division's electronic docket verifying the filing of the case. He also attached ECF Doc. 49 from that Court dated September 13, 2007 showing that the case "had settled and should be dismissed with prejudice with Defendant to pay costs, including jury costs" along with a copy of his Complaint and a copy of the Notice of Removal filed by General Motors. Finally, he attached a copy the revised Compromise Settlement Agreement and Release memorializing the terms of the settlement. These documents are attached hereto as well. The total claim is $5,344.11.

## II.    LAW AND ARGUMENT

This Court has core jurisdiction over the parties and the issues raised in the Claim Objection and the Response in accordance with 28 U.S.C. §§ 1334 and 157(b).

A properly executed and filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Where the claim is based on a writing, the original or duplicate must be filed. See, Fed. R. Bankr. P. 3001(c). Here, General Motors does not dispute that King's Claim was properly executed and filed, and hence, satisfies King's initial

burden of going forward with evidence to support his claim.

General Motors has the burden of producing evidence rebutting King's claim or else King must prevail. *In re. Fidelity Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir.1988), citing *In re. WHET, Inc*., 33 B.R. 424, 437 (D. Mass.1983).  If, however, General Motors presents evidence rebutting the claim, then King must produce additional evidence to "prove the validity of the claim by a preponderance of the evidence." *Id.* The ultimate burden of proof always rests upon the claimant. *Id.*; see also *In re. Schwegmann Giant Supermarkets Partnership*, 264 B.R. 823, 827 (E.D. La.2001) ("The burden of proof . . . is borne by the same party who would bear the burden if the contest took place outside of bankruptcy.").

State substantive law applies to whether the parties reached a prepetition settlement.  See, *In re. Omni Video, Inc*., 60 F.3d 230, 232 (5th Cir.1995) ("Federal bankruptcy law fails to address the validity of settlements and this gap should be filled by state law.  As we have held in federal diversity suits, a settlement is a contract and is best resolved by reference to state contracts law.").

In the case at bar, Ohio law should control since Ohio has the most significant relationship to the transaction and the parties.  Specifically, Ohio was the state where the settlement contract was made, where the tortious conduct occurred, where the litigation over same occurred, and where the settlement funds were to be paid.  Ohio law applies *Restatement of the Law 2d, Conflict of Laws* (1971), Section 188 to determine the law of the state that has the most significant relationship to the transaction and the parties.  *Reserve Assoc. Ltd. v. Selective Ins. Co. of South Carolina*, Lucas App. No. L-07-1191, 2007 WL 4216135, 2007-Ohio-6369 at ¶ 13.  "When applying section 188, * * * one does not simply tally up the number of contacts

existing for each state; instead, the importance of each particular contact must be assessed with reference to the choice of law principles in section 6 and the contact's 'relative importance with respect to the particular issue.' " *McDonald v. Williamson*, Cuyahoga App. No. 81590, 2003-Ohio-6606, 2003 WL 2292227 at ¶ 20 (citation omitted).

Section 188(2) of the *Restatement of the Law 2d, Conflict of Laws* (1971) provides as follows:

> In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties.

Under Ohio law, it is "axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc*., 74 Ohio St. 3d 501, 502, 1996-Ohio-158, 660 N.E.2d 431, citing *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 38, 60 O.O.2d 20, 285 N.E.2d 324; *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 36, 14 OBR 335, 337, 470 N.E.2d 902, 904 (settlement agreement "constitutes a binding contract"); See, also, 15 Ohio Jurisprudence 3d (1979) 511, 516, *Compromise, Accord, and Release*, § 1 and 3; and *Bolen v. Young* (1982), 8 Ohio App.3d 36, 455 N.E.2d 1316.  Further, settlement agreements are highly favored in the law.  *State ex rel. Wright v. Weyandt* (1977), 50 Ohio St.2d 194, 4 O.O.3d 383, 363 N.E.2d 1387; *Spercel*, 31 Ohio St.2d at 38.

Under Ohio law, whether a contract exists is a question of law.  *Zelina v. Hillyer*, 165

Ohio App.3d 255, 2005-Ohio-5803, 165 Ohio App.3d 255, at ¶ 3. "A contract is generally

defined as a promise, or a set of promises, actionable upon breach. Essential elements of a

contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal

benefit and/or detriment), a manifestation of mutual assent and legality of object and of

consideration." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58 at ¶ 16,

quoting *Perlmuter Printing Co. v. Strome, Inc*. (N.D. Ohio 1976), 436 F. Supp. 409, 414.  In

order to have a valid contract, there must be a "meeting of the minds" as to the essential terms of

the contract, such that "a reasonable person would find that the parties manifested a present

intention to be bound to an agreement." *Zelina* at ¶ 12. A "meeting of the minds" is usually

manifested by an offer by one party and acceptance by the other.  *TLG Electronics, Inc. v.

Newcome Corp*. (Mar. 5, 2002), Franklin App. No. 01AP–821, 2002-Ohio-882, 2002 WL

338203.

It appears that General Motors does not dispute that it entered into a settlement with King

or that the terms of the settlement were exactly as set forth in King's Claim No. 65681.  Rather,

General Motors appears to say that it has paid the claim.  This is flatly wrong.  See, Declaration

of Kevin King at ¶ 9-11  As his declaration shows, General Motors first issued a W-2 form for

the settlement but, when told that the money had not been paid, issued a revised W-2 form

reflecting this fact.

**CONCLUSION**

Given the foregoing, Kevin A. King respectfully objects to the Objection to his Claim

No. 65681 and requests that the claim be *allowed*.

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF KEVIN
A. KING CONTAINED IN THE 246TH OMNIBUS OBJECTION
TO CLAIMS**                                            -6-

Respectfully submitted,


*/s Brent L. English*
BRENT L. ENGLISH
LAW OFFICES OF BRENT L. ENGLISH
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422
(216) 781-9917
(216) 781-8113 (Fax)
Sup. Ct. Reg. No. 0022678
benglish@englishlaw.com

Attorney for Kevin A. King

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2011 a true and complete copy of this Response to Debtor's Objection to Kevin A. King's Claim No. 65681 was served electronically through the Court's ECF upon to the following:

Barry N. Seidel, Esq., Dickstein Shapiro, LLP, 1633 Broadway, New York, New York10019-6708;

Robert Schmidt, Esq., Lauren Macksoud, Esq. and Jennifer Sharrett, Esq., Kramer, Levin, Naftalis and Frankel, LLP, 1177 Avenue of the Americas, New York, New York 10036-2714.

David S. Jones, Esq. and Natalie Kuehler, Esq., U.S. Attorney's office, Southern District of New York, 86 Chambers Street, New York, New York 10007-1825;

Michael J. Edelman, Esq., Vedder Price, P.C., 1633 Broadway Avenue, 47th Floor, New York, New York 10019-6708;

Elihu Inselbuch, Esq., Caplin & Drysdale, 375 Park Avenue, New York, New York 10152-3500;

Michael V. Blumenthal, Esq., Crowell & Moring, LLP, 590 Madison Avenue, 20th Floor, New York, NY 10022-2524.

I further certify that on this 19th day of September 2011 a true and complete copy of this Response to Debtor's Objection to Kevin A. King's Claim No. 65681 was served by first-class U.S. Mail postage pre-paid, and by e-mail, upon the following at approximately 2:00 p.m.:

Stephanie Birbrower Greer, Esq., Dickstein Shapiro, LLP, 1633 Broadway, New York, New York10019-6708, greers@dicksteinshapiro.com;

John J. Rapisardi, Esq., Cadwalader, Wickersham & Taft, LLP, One World Financial Center, New York, New York, 10281-1003, john.rapisard@cwt.com;

Thomas Morrow, Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009-6621, tmorrow@alixpatrners.com;

Lawrence S. Buonomo, Esq., General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48243-1502, lawrence.s.buonomo@gm.com ;

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF KEVIN A. KING CONTAINED IN THE 246TH OMNIBUS OBJECTION TO CLAIMS**                    -8-

Joseph Samarias, Esq., Deputy Chief Counsel at U.S. Department of the Treasury -
Office of Financial Stability (TARP), U.S. Treasury Department, 1500 Pennsylvania
Avenue, SW, Room 2312, Washington, D.C. 20003-3116,
joseph.samarias@do.treas.gov;

Michael L. Schein, Esq., Vedder Price, P.C., 1633 Broadway Avenue, 47th Floor, New
York, New York 10019-6708, mschein@vedderprice.com;

Thomas Moers Mayer, Esq., Kramer, Levin, Naftalis and Frankel, LLP, Kramer, Levin,
Naftalis and Frankel, LLP, 1177 Avenue of the Americas, New York, New York
10036-2714, tmayer@kramerlevin.com;

Tracy H. Davis, Esq., Office of the United States Trustee for the Southern District of
New York, 33 Whitehall Street, Suite 2100, New York, New York 10004-2176,
tracy.davis@doj.gov;

Rita Tobin, Esq., Trevor W. Swett, III, Esq. and Kevin C. Maclay, Esq. Caplin &
Drysdale, Caplin & Drysdale, 375 Park Avenue, New York, New York 10152-3500,
rtobin@capdale.com, tswett@capdale.com, kmaclay@capdale.com;

Sander L. Esserman, Esq. and Robert T. Brousseau, Esq., Stutzman, Bromberg, Esserman
& Plifka, P.C., 2323 Bryan Street, Suite 2200, Dallas, Texas, 75201-2689,
esserman@sbep-law.com, brousseau@sbep-law.com;

Keith Martorana, Esq., Gibson, Dunn & Crutcher, LLP, 200 Park Avenue, New York,
New York 10166-0193, kmartorana@gibsondunn.com;

Anna Phillips, FTI Consulting, 1201 West Peachtree Street, NW, Atlanta, Georgia
30309-3449, anna.phillips@fticonsulting.com;

Kirk P. Watson, Esq., 2301 Woodlawn Boulevard, Austin, Texas 78703-2416,
kirkpwatson@gmail.com.


Dated: September 19, 2011


**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF KEVIN
A. KING CONTAINED IN THE 246TH OMNIBUS OBJECTION
TO CLAIMS**                                                   -9-

Respectfully submitted,


 _s/ Brent L. English_____
BRENT L. ENGLISH
LAW OFFICES OF BRENT L. ENGLISH
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422
(216) 781-9917
(216) 781-8113 (Fax)
Sup. Ct. Reg. No. 0022678
benglish@englishlaw.com

Attorney for Claimant, Kevin A. King

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF KEVIN
A. KING CONTAINED IN THE 246TH OMNIBUS OBJECTION
TO CLAIMS**                    -10-