Please Time Stamp and
Return This Copy to:

LAW OFFICES OF
BRENT L. ENGLISH
M.K. FERGUSON PLAZA
1500 W. THIRD ST., STE. 470
CLEVELAND, OH 44113-1422

'06 JUL 21 A 10: 05

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| KEVIN A. KING<br>7830 Neff Road<br>Medina, OH 44256-0484<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION<br>15 - 201 GM Building<br>P.O. Box 9025<br>Detroit, MI 48202-9025<br><br>and<br><br>GENERAL MOTORS CORPORATION<br>c/o CT Corporation System, its<br>Statutory Agent in Ohio for General Motors<br>Corporation<br>1300 East Ninth Street<br>Cleveland, OH 44114-1506<br><br>Defendant. | Judge: DANIEL GAUL<br><br>CV 06 596800<br><br>**COMPLAINT WITH JURY DEMAND** |

\* \* \* \* \*

Kevin A. King, the Plaintiff, through his undersigned counsel of record, Brent L. English,

states for this Complaint as follows:

1. Plaintiff Kevin A. King is a resident of Medina County, Ohio.

2. Plaintiff has been an employee of General Motors Corporation since 1968 and was,

on August 23, 2002, employed by General Motors Corporation at its Parma Metal Stamping

COMPLAINT WITH JURY DEMAND


EXHIBIT A

Plant (the "plant") located at, and known as 5600 Chevrolet Boulevard, Brook Park, Ohio 44130-1404.

3. On August 23, 2002 at approximately 8:30 a.m. Plaintiff came into the plant near Dock 1 for the purpose of picking up his paycheck at the truck repair office.

4. The floor in the area had been freshly waxed by agents or employees of Aramark Corporation and/or Aramark Industrial Services, Inc., under a contract with General Motors.

5. The wax product was a water soluble burnishable floor finish manufactured and/or distributed by ChemPak, Inc. in Westland, Michigan.

6. The wax product was not used in the manner specified by the manufacturer/distributor and, in fact, was applied over numerous other coats of wax, which had not been stripped from the floor despite the manufacturer/distributor's instructions and recommendations.

7. Moreover, the wax product was applied using an agricultural spreader pulled by an electric scooter with an electric pump that feeds the wax to the sprayers. The amount of wax was regulated by the speed by which the employee drove the scooter. This method of application was completely contrary to the manufacturers/distributor's directions and was applied in an unsafe manner.

8. On August 23, 2002 the area where the wax had been laid down was wet with water.

9. At approximately 6:30 a.m. General Motors was notified that the area wherein Plaintiff was injured was extremely slippery and dangerous and needed to be immediately attended to.

10. Despite having actual notice of a dangerous condition, General Motors took no steps to remedy the condition and, approximately two hours later, as Plaintiff was traversing the floor

in the vicinity of Pole V-3, and while trying to walk around the wet area, he slipped and fell violently to the floor.

11. Plaintiff completely ruptured his right quadriceps tendon in the fall.

12. Plaintiff required and obtained needed surgery and went through extensive physical therapy to rehabilitate his knee before he could return to work.

13. Plaintiff was unable to return to his work at General Motors Corporation until March 13, 2003.

14. Plaintiff's injuries are permanent in nature.

15. General Motors had actual knowledge of the existence of the dangerous condition within the Parma plant.

16. General Motors knew, based upon prior instances where others had fallen in the same area as a result of the same conditions, that harm to its employees would occur to a substantial certainty.

17. General Motors required employees such as the Plaintiff to traverse the area near Dock 1 where the dangerous conditions existed.

18. General Motors is therefore liable to the Plaintiff for an intentional tort pursuant to, and consistent with, *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.

19. This was originally filed in the Court of Common Pleas of Cuyahoga County, and was removed by the Defendant to the United States District Court for the Northern District of Ohio where it was voluntarily dismissed, without prejudice, on July 21, 2005.

20. This case is being filed within one year of the original date of dismissal pursuant to the Ohio Savings Statute, R.C. 2305.19.

COMPLAINT WITH JURY DEMAND                -3-

WHEREFORE, Plaintiff demands judgment against General Motors Corporation for a sum of money in excess of $25,000.00 exclusive of interest and his costs, interest, reasonable attorney's fees, and such other and further relief as may be allowable at law or in equity.

*[signature]*
BRENT L. ENGLISH
LAW OFFICES OF BRENT L. ENGLISH
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422
(216) 781-9917
(216) 781-8113 (Fax)
Sup. Ct. Reg. No. 0022678
benglish@englishlaw.com
Attorney for Kevin A. King

## JURY DEMAND

Kevin A. King hereby demands a trial by jury on all issues triable as of right to a jury herein.

*[signature]*
BRENT L. ENGLISH
Attorney for Plaintiff, Kevin A. King