B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

**Name of Debtor:**
General Motors Corporation, Motors Liquidation Company

**Case Number:**
09-50026 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Kevin A. King

☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**
c/o Brent L. English, 1500 West 3rd Street, 470 M.K. Ferguson Plaza, Cleveland, OH 44113

**Court Claim Number:**  1:06-0203
*(If known)*

**Telephone number:**
(216) 781-9917

Filed on:_____

**Name and address where payment should be sent (if different from above):**
Same as above

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Telephone number:**

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $         5,354.11

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

**2. Basis for Claim:**  Settlement agreement
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**  6754

   **3a. Debtor may have scheduled account as:**  not certain
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

**Value of Property:** $_____    Annual Interest Rate_____ %

**Amount of arrearage and other charges as of time case filed included in secured claim,**
if any: $_____    Basis for perfection: _____

**Amount of Secured Claim:** $_____    Amount Unsecured: $_____

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| **Date:** 11/30/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   OHio Sup. Ct. Reg. 0022678. | **FOR COURT USE ONLY** |
|---|---|---|

Attorney for Claimant, Kevin A. King.

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**EXHIBIT**

E

11-30-09 P04:04 IN

B 10 (Official Form 10) (12/08) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

_____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## DOCUMENTS SUPPORTING CLAIM

The claimant, Kevin A. King, 7830 Neff Road Medina, Ohio 44256-9484 was employed by GM in its Parma Stamping Plant. On August 23, 2002 he sustained a serious injury (a completely ruptured right quadriceps tendon) while at work when he slipped in water which had accumulated in an area where water-soluble wax had been excessively applied. He sued GM for an intentional tort in the Court of Common Pleas of Cuyahoga County, Ohio and GM removed the case to the U.S. District Court for the Northern District of Ohio, Eastern Division, Case No. 1:06-cv-02037-DCN, Judge Donald C. Nugent. The case was settled on the eve of trial (September 13, 2007) for $5,000.00. GM proposed an overly broad release which the claimant declined to sign. The claimant proposed an alternative which GM's counsel agreed upon. However, the settlement proceeds were never paid. The claim is for $5,000.00 plus interest from September 13, 2007 to the date of GM's bankruptcy filing pursuant to 28 U.S.C. 1961 which, as of September 13, 2007 was 4.15%. The total interest owed is 354.11.

Attached is a copy of the docket in the District Court verifying the case. Also attached is ECF Doc. 49 dated September 13, 2007 showing that the case "had settled and should be dismissed with prejudice with Defendant to pay costs, including jury costs." A copy of the Complaint is attached along with the notice of removal. Finally, a copy of the revised Compromise Settlement Agreement and Release which memorializes the terms of the settlement is attached.

The total claim is for $5,354.11 on the *intentional* tort claim.

Respectfully submitted,

BRENT L. ENGLISH    11/30/09
LAW OFFICES OF BRENT L. ENGLISH
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422
(216) 781-9917
(216) 781-8113 (Fax)
Sup. Ct. Reg. No. 0022678
benglish@englishlaw.com
Attorney for Claimant, Kevin A. King

# U.S. District Court
## Northern District of Ohio (Cleveland)
## CIVIL DOCKET FOR CASE #: 1:06-cv-02037-DCN

King v. General Motors Corporation
Assigned to: Judge Donald C. Nugent
Case in other court: USDC Northern District of Ohio,
               1:04cv01958
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 08/24/2006
Date Terminated: 09/13/2007
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

### Plaintiff

Kevin A. King
                               represented by **Brent L. English**
470 MK Ferguson Plaza
1500 West Third Street
Cleveland, OH 44113
216-781-9917
Fax: 216-781-8113
Email: benglish@englishlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

General Motors Corporation
                    represented by **Matthew J. Morelli**
Ulmer & Berne - Cleveland
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-583-7172
Fax: 216-583-7173
Email: mmorelli@ulmer.com
*TERMINATED: 05/23/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick N. Fanning**
Lathrop & Gage - Kansas City
Ste. 2800
2345 Grand Blvd.
Kansas City, MO 64108
816-292-2000
Fax: 816-292-2001
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

Paul R. Harris
Ulmer & Berne - Cleveland
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-583-7000
Fax: 216-583-7001
Email: pharris@ulmer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

William D. Edwards
Ulmer & Berne - Cleveland
1100 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-583-7150
Fax: 216-583-7151
Email: wdedwards@ulmer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2006 | 1 | Notice of Removal from Cuyahoga County Court of Common Pleas, case number CV 06 596800. with jury demand ( Filing fee 350 receipt number 14660003244.). Filed by General Motors Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Civil Cover Sheet)(C, BA) (Entered: 08/25/2006) |
| 08/24/2006 | -- | Random Assignment of Magistrate Judge Vecchiarelli, pursuant to Local Rule 3.1. (C, BA) (Entered: 08/25/2006) |
| 08/31/2006 | 2 | *Defendant's* Answer to Complaint (Related Doc # []) filed by all defendants. (Morelli, Matthew) (Entered: 08/31/2006) |
| 10/03/2006 | 3 | Case Management Conference Scheduling Order with case management conference to be held on 11/14/2006 at 10:30 AM at Chambers 15A before Hon. Donald C. Nugent. Signed by Judge Donald C. Nugent on 10/2/06. (E, S) (Entered: 10/03/2006) |
| 11/09/2006 | 4 | Motion to attend *case management conference (for corporate representative)* by telephone filed by all defendants. Related document(s) 3 . (Morelli, Matthew) (Entered: 11/09/2006) |
| 11/13/2006 | 5 | Marginal Order granting defendant's Motion for corporate representative to attend case management conference by telephone (Related Doc # 4 ). Judge Donald C. Nugent(R, J) Modified text 12/4/2006 (C, K A). (Entered: |

| | | |
|---|---|---|
| | | 11/13/2006) |
| 11/27/2006 | 6 | Minutes of proceedings of Case Management Conference before Judge Donald C. Nugent. The case is assigned to the Standard track. A Status Conference set for 2/12/2007 10:00 AM in Chambers 15A before Hon. Donald C. Nugent, fact discovery cut-off is 2/14/2007, expert discovery cut-off to be determined, dispositive motion deadline to be determined. (R, J) Modified text of docket entry on 1/8/2007 (B, B). (Entered: 11/27/2006) |
| 02/02/2007 | 7 | Motion to continue *Status Conference scheduled for 2/12/07* filed by Kevin A. King. (Attachments: # 1 Exhibit A)(English, Brent) Modified on 3/7/2007 (G, D). (Entered: 02/02/2007) |
| 02/09/2007 | 8 | Marginal Order granting Motion to continue (Related Doc # 7 )Status Conference and rescheduling it for 2/26/2007 09:30 AM in Chambers 15A before Hon. Donald C. Nugent.(R,JM) (Entered: 02/09/2007) |
| 02/28/2007 | 9 | Minutes of proceedings of Status Conference before Judge Donald C. Nugent. Discovery is extended to April 26, 2007. Expert discovery to be concluded at that time. Plaintiff to provide expert report to defendant by 3/5/07. Defendant to provide expert report by 4/5/07. Dispositive motions due 5/15/07; response due 6/15/07 and reply due 6/29/07. Trial set for 9/4/07 at 8:30 a.m. Trial order shall issue. Judge Donald C. Nugent (R,JM) (Entered: 02/28/2007) |
| 02/28/2007 | 10 | FILING ERROR, to be refiled. Civil Jury Trial Order scheduling case for trial on 9/4/2007 08:30 AM in Courtroom 15A before Hon. Donald C. Nugent. Judge Donald C. Nugent (R,JM) Modified text 3/6/2007 (C, K). (Entered: 02/28/2007) |
| 03/07/2007 | 11 | Civil Jury Trial Order REFILED - Trial set for 9/4/2007 08:30 AM in Courtroom 15A before Hon. Donald C. Nugent.. Signed by Judge Donald C. Nugent(R,JM) (Entered: 03/07/2007) |
| 05/15/2007 | 12 | Unopposed Motion for extension of time until May 29, 2007, June 29, 2007, and July 10, 2007 to File Dispositive Motion, File Response to Dispositive Motion, and File Reply in Support of Dispositive Motion (respectively) filed by General Motors Corporation. (Harris, Paul) (Entered: 05/15/2007) |
| 05/17/2007 | 13 | Marginal Order granting 12 Motion for Extension of Time re 12 Unopposed Motion for extension of time until May 29, 2007, June 29, 2007, and July 10, 2007 to File Dispositive Motion, File Response to Dispositive Motion, and File Reply in Support of Dispositive Motion (respectively). Signed by Judge Donald C. Nugent(R,JM) (Entered: 05/17/2007) |
| 05/23/2007 | 14 | Notice *of withdrawal of Matthew J. Morelli and substitution of William Edwards* filed by all defendants. (Morelli, Matthew) (Entered: 05/23/2007) |
| 05/29/2007 | 15 | Unopposed Motion for extension of time until June 1, 2007 and July 3, 2007 to File Defendant's Dispositive Motion and Plaintiff's Response to Dispositive Motion (respectively) filed by General Motors Corporation. (Harris, Paul) (Entered: 05/29/2007) |
| 06/01/2007 | 16 | Motion for summary judgment filed by General Motors Corporation. (Attachments: # 1 Memorandum in Support of Defendant's Motion for Summary |

| | | |
|---|---|---|
| | | Judgment# 2 Exhibit A to Memorandum in Support of Defendant's Motion for Summary Judgment# 3 Exhibit B to Memorandum in Support of Defendant's Motion for Summary Judgment# 4 Exhibit C to Memorandum in Support of Defendant's Motion for Summary Judgment# 5 Exhibit D to Memorandum in Support of Defendant's Motion for Summary Judgment)(Harris, Paul) (Entered: 06/01/2007) |
| 06/14/2007 | 17 | Marginal Order granting 15 Motion for Extension of Time until June 1, 2007 and July 3, 2007 to File Defendant's Dispositive Motion and Plaintiff's Response to Dispositive Motion (respectively). Signed by Judge Donald C. Nugent (R,JM) (Entered: 06/14/2007) |
| 07/03/2007 | 18 | Unopposed **Motion** for extension of Time to Respond to Defendant's Motion for Summary Judgment until 7/24/2007 filed by Kevin A. King. Related document(s) 17 , 16 . (English, Brent) (Entered: 07/03/2007) |
| 07/11/2007 | 19 | **Marginal Order** granting 18 Unopposed Motion for extension of Time until 7/24/07 to Respond in opposition to Defendant's Motion for Summary Judgment. Signed by Judge Nugent(R,JM) Modified text 7/13/2007 (C, K). (Entered: 07/11/2007) |
| 07/24/2007 | 20 | Unopposed **Motion** for extension of time until August 7, 2007 to Respond in Opposition to Defendant's Motion for Summary Judgment filed by Kevin A. King. (English, Brent) (Entered: 07/24/2007) |
| 07/27/2007 | 21 | **Marginal Order** granting 20 Motion for Extension of Time time until August 7, 2007 to Respond in Opposition to Defendant's Motion for Summary Judgment. Signed by Judge Donald C. Nugent(R,JM) (Entered: 07/27/2007) |
| 08/07/2007 | 22 | **Motion** for extension of time until August 23, 2007 to File Opposition to Defendant's Motion for Summary Judgment filed by Kevin A. King. Related document(s) 16 . (English, Brent) (Entered: 08/07/2007) |
| 08/09/2007 | 23 | **Marginal Order** granting 22 Motion for Extension of Time until August 23, 2007 to File Opposition to Defendant's Motion for Summary Judgment. Signed by Judge Donald c. Nugent(R,JM) (Entered: 08/09/2007) |
| 08/21/2007 | 24 | **Motion** for 10 day extension of time for Filing Opposition to Defendant's Motion for Summary Judgment to File Opposition to Motion for Summary Judgment filed by Kevin A. King. Related document(s) 16 . (English, Brent) Modified wording of text on 8/27/2007 (C, Br). (Entered: 08/21/2007) |
| 08/24/2007 | 25 | **Marginal Order** granting 24 Motion for Extension of Time for Filing Opposition to Defendant's Motion for Summary Judgment to File Opposition to Motion for Summary Judgment. Signed by Judge Donald C. Nugent(R, JM) (Entered: 08/24/2007) |
| 08/27/2007 | | Notice (Non-document)of Jury Trial re-set to 9/11/2007 08:30 AM in Courtroom 15A before Hon. Donald C. Nugent. (R,JM) (Entered: 08/27/2007) |
| 09/04/2007 | 26 | **Motion** for extension of time until September 6, 2007 to File Additional Affidavit filed by Kevin A. King. Related document(s) 25 . (Attachments: # 1 Affidavit OF KEVIN A. KING)(English, Brent) (Entered: 09/04/2007) |

| 09/04/2007 | 27 | **Memorandum and Evidence In Opposition** to 16 Motion for summary judgment filed by Kevin A. King. (Attachments: # 1 Affidavit OF KEVIN A. KING# 2 Affidavit OF JACKIE LEWIS)(English, Brent) Modified wording of text on 9/10/2007 (C, Br). (Entered: 09/04/2007) |
|---|---|---|
| 09/05/2007 | 28 | **Supplemental Opposition** to 16 Motion for summary judgment *(Supplement)* filed by Kevin A. King. (Attachments: # 1 Exhibit Precipitation Data for August 2002# 2 Exhibit Weather Data by hour for August 2002# 3 Exhibit Summary of Weather Data for August 2002)(English, Brent) Modified wording of text on 9/10/2007 (C, Br) (Entered: 09/05/2007) |
| 09/05/2007 | 29 | **Supplemental Opposition** to 16 Motion for summary judgment *(Supplement)* filed by Kevin A. King. (Attachments: # 1 Exhibit Cleveland Hopkins International Airport Hourly Precipitation Table August 2002# 2 Exhibit Cleveland Hopkins International Airport hourly weather data for August 2002# 3 Exhibit Cleveland Hopkins International Airport daily weather data for August 2002)(English, Brent) Modified text on 9/10/2007 (C, Br). (Entered: 09/05/2007) |
| 09/06/2007 | 30 | **Motion** for extension of time until September 7,2007 to File Supplemental Affidavit from Louis J. Chapman filed by Kevin A. King. Related document(s) 27 , 26 , 29 . (English, Brent) (Entered: 09/06/2007) |
| 09/07/2007 | 31 | **Order** denying Motion for summary judgment (Related Doc # 16 ). Trial remains set for 8:30am on September 11, 2007. Signed by Judge Donald C. Nugent on 9/7/07.(R,Sh) (Entered: 09/07/2007) |
| 09/07/2007 | 32 | **Notice** *of Filing and Supplmental Affidavit* filed by Kevin A. King. (Attachments: # 1 Exhibit Exhibit A, Affidavit of Louis J. Chapman)Related document(s) 27 , 16 , 26 , 30 .(English, Brent) Modified wording of text on 9/10/2007 (C, Br). (Entered: 09/07/2007) |
| 09/07/2007 | 33 | **Motion** to continue *Jury Trial scheduled for Tuesday, September 11, 2007* filed by Kevin A. King. Related document(s) 31 ,. (Attachments: # 1 Competing Trial Notice)(English, Brent) (Entered: 09/07/2007) |
| 09/07/2007 | 34 | **Response** to 33 Motion to continue *Jury Trial scheduled for Tuesday, September 11, 2007* filed by General Motors Corporation. (Harris, Paul) (Entered: 09/07/2007) |
| 09/07/2007 | 35 | **Motion** for reconsideration *of the Court's summary judgment ruling pending Defendant's Reply* filed by General Motors Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Harris, Paul) (Entered: 09/07/2007) |
| 09/07/2007 | 36 | **Motion** for attorney Patrick N. Fanning to Appear Pro Hac Vice Filing fee 100, receipt number 2627958. filed by General Motors Corporation. (Attachments: # 1 Exhibit Certificate of Good Standing)(Harris, Paul) (Entered: 09/07/2007) |
| 09/09/2007 | 37 | **Reply** in support of 36 Motion for attorney Patrick N. Fanning to Appear Pro Hac Vice Filing fee 100, receipt number 2627958. filed by Kevin A. King. (English, Brent) (Entered: 09/09/2007) |

| 09/09/2007 | 38 | Sur-Reply to *GM's Response to Plaintiff's 33 Motion* to continue *Jury Trial scheduled for Tuesday, September 11, 2007* filed by Kevin A. King. (English, Brent) (Entered: 09/09/2007) |
| 09/10/2007 | 39 | **Marginal Order** denying Motion to continue Trial. (Related Doc # 33 ). Signed by Judge Donald C. Nugent(R,JM) (Entered: 09/10/2007) |
| 09/10/2007 | 40 | **Marginal Order** granting Motion for appearance pro hac vice by attorney Patrick N. Fanning for General Motors Corporation (Related Doc # 36 ) Signed by Judge Donald C. Nugent(R,JM) (Entered: 09/10/2007) |
| 09/10/2007 | 41 | **Order** denying Motion for reconsideration of the Court's denial of Defendant's Motion for Summary Judgment. Related Doc # 35 . Trial will proceed as scheduled. Signed by Judge Donald C. Nugent on 9/10/07.(R,Sh) (Entered: 09/10/2007) |
| 09/10/2007 | 42 | **Motion** to continue *trial by one day* filed by Kevin A. King. (English, Brent) (Entered: 09/10/2007) |
| 09/10/2007 | 43 | **Marginal Order** granting Motion to continue (Related Doc # 42 )Jury Trial for One Day, Trial is re-set for 9/12/2007 08:30 AM in Courtroom 15A before Hon. Donald C. Nugent. Signed by Judge Donald C. Nugent(R,JM) (Entered: 09/10/2007) |
| 09/10/2007 | 44 | Trial Brief filed by General Motors Corporation. (Harris, Paul) (Entered: 09/10/2007) |
| 09/10/2007 | 45 | Notice *of Videotaped Deposition* filed by Kevin A. King. (English, Brent) (Entered: 09/10/2007) |
| 09/11/2007 | 46 | Subpoena Returned Executed; served upon Jackie Lewis by Residential Service on September 10, 2007 filed on behalf of Kevin A. King (English, Brent) (Entered: 09/11/2007) |
| 09/11/2007 | 47 | Subpoena Returned Executed; served upon Louis Chapman by Residential Service on September 10, 2007 filed on behalf of Kevin A. King (English, Brent) (Entered: 09/11/2007) |
| 09/12/2007 | 48 | Deposition of Jared Levin, MD taken on September 11, 2007. Complete document on file, 62 pages including index and exhibits with one videotape filed by Kevin A. King. Related document(s) 45 . (R,Sh) (Entered: 09/12/2007) |
| 09/13/2007 | 49 | **Order** of Case Dismissal. Signed by Judge Donald C. Nugent(R,JM) (Entered: 09/13/2007) |
| 09/17/2007 | 50 | **Order** that defendant is ordered to pay jury costs in the amount of $1,517.16. Signed by Judge Donald C. Nugent on 9/13/07.(E,P) (Entered: 09/17/2007) |

| **PACER Service Center** |
| **Transaction Receipt** |
| 11/30/2009 12:12:37 |

| PACER Login: | be0069 | Client Code: | king |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:06-cv-02037-DCN |
| Billable Pages: | 4 | Cost: | 0.32 |

## DOCUMENTS SUPPORTING CLAIM

The claimant, Kevin A. King, 7830 Neff Road Medina, Ohio 44256-9484 was employed by GM in its Parma Stamping Plant. On August 23, 2002 he sustained a serious injury (a completely ruptured right quadriceps tendon) while at work when he slipped in water which had accumulated in an area where water-soluble wax had been excessively applied. He sued GM for an intentional tort in the U.S. District Court for the Northern District of Ohio, Eastern Division, Case No. 1:06-cv-02037-DCN, Judge Donald C. Nugent. The case was settled on the eve of trial (September 13, 2007) for $5,000.00. GM proposed an overly broad release which the claimant declined to sign. The claimant proposed an alternative which GM's counsel agreed upon. However, the settlement proceeds were never paid. The claim is for $5,000.00 plus interest from September 13, 2007 to the date of GM's bankruptcy filing pursuant to 28 U.S.C. 1961 which, as of September 13, 2007 was 4.15%. The total interest owed is 354.11.

Attached is a copy of the docket in the District Court verifying the case. Also attached is ECF Doc. 49 dated September 13, 2007 showing that the case "had settled and should be dismissed with prejudice with Defendant to pay costs, including jury costs." A copy of the Complaint is attached along with a copy of the revised Compromise Settlement Agreement and Release which memorializes the terms of the settlement.

The total claim is for $5,354.11 on the *intentional* tort claim.

Respectfully submitted,

BRENT L. ENGLISH   11/30/09.
LAW OFFICES OF BRENT L. ENGLISH
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422
(216) 781-9917
(216) 781-8113 (Fax)
Sup. Ct. Reg. No. 0022678
benglish@englishlaw.com
Attorney for Claimant, Kevin A. King

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN A. KING,                          )        CASE NO. 1:06 CV 2037
                                        )
            Plaintiff,                  )        JUDGE DONALD C. NUGENT
      v.                                )
                                        )
GENERAL MOTORS CORPORATION,             )        ORDER OF DISMISSAL
                                        )
            Defendant.                  )

      This case was called for trial on September 12, 2007, with a jury present and

ready to serve. The parties informed the Court that the case had settled and should be dismissed

with prejudice with the Defendant to pay costs, including jury costs. Accordingly, this action is

DISMISSED WITH PREJUDICE, DEFENDANT TO PAY COSTS. The parties may submit a

final entry.

      IT IS SO ORDERED.


                                        DONALD C. NUGENT
                                        UNITED STATES DISTRICT JUDGE

DATED: September 12, 2007

Please Time Stamp and
Return This Copy to:
LAW OFFICES OF
BRENT L. ENGLISH
M.K. FERGUSON PLAZA
500 W. THIRD ST., STE. 470
CLEVELAND, OH 44113-1422

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| KEVIN A. KING<br>7830 Neff Road<br>Medina, OH 44256-0484 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) |
| GENERAL MOTORS CORPORATION<br>15 - 201 GM Building<br>P.O. Box 9025<br>Detroit, MI 48202-9025 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| GENERAL MOTORS CORPORATION<br>c/o CT Corporation System, its<br>Statutory Agent in Ohio for General Motors<br>Corporation<br>1300 East Ninth Street<br>Cleveland, OH 44114-1506 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

Judge: DANIEL GAUL

CV 06 596800

**COMPLAINT WITH JURY DEMAND**

\* \* \* \* \*

Kevin A. King, the Plaintiff, through his undersigned counsel of record, Brent L. English,

states for this Complaint as follows:

1.  Plaintiff Kevin A. King is a resident of Medina County, Ohio.

2.  Plaintiff has been an employee of General Motors Corporation since 1968 and was,

on August 23, 2002, employed by General Motors Corporation at its Parma Metal Stamping

COMPLAINT WITH JURY DEMAND

Plant (the "plant") located at, and known as 5600 Chevrolet Boulevard, Brook Park, Ohio 44130-1404.

3. On August 23, 2002 at approximately 8:30 a.m. Plaintiff came into the plant near Dock 1 for the purpose of picking up his paycheck at the truck repair office.

4. The floor in the area had been freshly waxed by agents or employees of Aramark Corporation and/or Aramark Industrial Services, Inc., under a contract with General Motors.

5. The wax product was a water soluble burnishable floor finish manufactured and/or distributed by ChemPak, Inc. in Westland, Michigan.

6. The wax product was not used in the manner specified by the manufacturer/distributor and, in fact, was applied over numerous other coats of wax, which had not been stripped from the floor despite the manufacturer/distributor's instructions and recommendations.

7. Moreover, the wax product was applied using an agricultural spreader pulled by an electric scooter with an electric pump that feeds the wax to the sprayers. The amount of wax was regulated by the speed by which the employee drove the scooter. This method of application was completely contrary to the manufacturers/distributor's directions and was applied in an unsafe manner.

8. On August 23, 2002 the area where the wax had been laid down was wet with water.

9. At approximately 6:30 a.m. General Motors was notified that the area wherein Plaintiff was injured was extremely slippery and dangerous and needed to be immediately attended to.

10. Despite having actual notice of a dangerous condition, General Motors took no steps to remedy the condition and, approximately two hours later, as Plaintiff was traversing the floor

COMPLAINT WITH JURY DEMAND        -2-

in the vicinity of Pole V-3, and while trying to walk around the wet area, he slipped and fell violently to the floor.

11. Plaintiff completely ruptured his right quadriceps tendon in the fall.

12. Plaintiff required and obtained needed surgery and went through extensive physical therapy to rehabilitate his knee before he could return to work.

13. Plaintiff was unable to return to his work at General Motors Corporation until March 13, 2003.

14. Plaintiff's injuries are permanent in nature.

15. General Motors had actual knowledge of the existence of the dangerous condition within the Parma plant.

16. General Motors knew, based upon prior instances where others had fallen in the same area as a result of the same conditions, that harm to its employees would occur to a substantial certainty.

17. General Motors required employees such as the Plaintiff to traverse the area near Dock 1 where the dangerous conditions existed.

18. General Motors is therefore liable to the Plaintiff for an intentional tort pursuant to, and consistent with, *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.

19. This was originally filed in the Court of Common Pleas of Cuyahoga County, and was removed by the Defendant to the United States District Court for the Northern District of Ohio where it was voluntarily dismissed, without prejudice, on July 21, 2005.

20. This case is being filed within one year of the original date of dismissal pursuant to the Ohio Savings Statute, R.C. 2305.19.

COMPLAINT WITH JURY DEMAND        -3-

WHEREFORE, Plaintiff demands judgment against General Motors Corporation for a

sum of money in excess of $25,000.00 exclusive of interest and his costs, interest, reasonable

attorney's fees, and such other and further relief as may be allowable at law or in equity.

BRENT L. ENGLISH
LAW OFFICES OF BRENT L. ENGLISH
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422
(216) 781-9917
(216) 781-8113 (Fax)
Sup. Ct. Reg. No. 0022678
benglish@englishlaw.com
Attorney for Kevin A. King

## JURY DEMAND

Kevin A. King hereby demands a trial by jury on all issues triable as of right to a jury
herein.

BRENT L. ENGLISH
Attorney for Plaintiff, Kevin A. King

COMPLAINT WITH JURY DEMAND        -4-

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN A. KING, | ) | CASE NO. 06 CV 596800 |
| | ) | |
| Plaintiff, | ) | JUDGE DANIEL GAUL |
| | ) | |
| vs. | ) | |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | **WRITTEN NOTICE OF FILING** |
| | ) | **NOTICE OF REMOVAL** |
| Defendant. | ) | |

Pursuant to 28 U.S.C. § 1446(d), Defendant General Motors Corporation

("GM") hereby notifies this Court and all adverse parties that on August 24, 2006, it filed

a Notice of Removal of the present litigation with the United States District Court for the



Northern District of Ohio, Eastern Division. GM has attached a copy of its Notice of

Removal (w/o exhibits) as Exhibit A.

Respectfully Submitted,

Matthew J. Morelli (0063738)
mmorelli@ulmer.com
Paul R. Harris (0079538)
pharris@ulmer.com
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)

LATHROP & GAGE L.C.
David C. Vogel
Patrick N. Fanning
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
(816) 292-2000
(816) 292-2001 (Fax)
*OF COUNSEL*

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2006, a copy of the above Written

Notice of Filing of Removal was served by First Class United States Mail, postage

prepaid on the following:

Brent L. English
Law Offices of Brent L. English
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422

ATTORNEY FOR PLAINTIFF

Paul R. Harris (0079538)

466/17999.0466
1582060.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN A. KING,                        )
                                      )
            Plaintiff,                )         CASE NO.
                                      )
    vs.                               )
                                      )
GENERAL MOTORS CORPORATION,           )
                                      )
            Defendant.                )

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant General

Motors Corporation ("GM") hereby gives notice of its removal of this cause of action,

under the caption *Kevin A. King v. General Motors Corporation*, Case No. CV-

06596800, from the Cuyahoga County Court of Common Pleas to the United States

District Court for the Northern District of Ohio, Eastern Division. The grounds for

removal are:

1.      This case is a civil action over which this Court has original

jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by

Defendant pursuant to 28 U.S.C. §§1441 and 1446 in that it is an action between citizens

of different states wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.    On July 21, 2006, Plaintiff filed his state court complaint in the Cuyahoga County Court of Common Pleas. Plaintiff is a GM employee who alleges that on August 23, 2002, he was injured when he slipped-and-fell while working at GM's Parma, Ohio facility.

3.    Plaintiff originally filed a lawsuit against GM and other defendants arising out of the same set of facts and circumstances on or about August 23, 2004. Plaintiff's first lawsuit against GM was subsequently removed to the United States District Court for the Northern District of Ohio and was assigned case number 1:04-cv-01958. After the parties had participated in discovery and depositions, Plaintiff decided to dismiss his case voluntarily without prejudice.

4.    On or about July 21, 2005, upon Plaintiff's request, Plaintiff and GM stipulated to a dismissal of Plaintiff's lawsuit without prejudice. In exchange for GM's consent to the dismissal and agreement not to pursue costs, Plaintiff's counsel agreed that – if he re-filed his lawsuit against GM for the alleged accident occurring on August 23, 2002 – he would not re-file his lawsuit in state court. Notwithstanding Plaintiff's earlier representation, he has re-filed his lawsuit in the Cuyahoga County Court of Common Pleas.

5.    Plaintiff is an Ohio resident. (See Complaint ¶ 1, attached as Exhibit A). GM is a Delaware corporation with its principal place of business in the State of Michigan.

2

6.    The amount in controversy exceeds $75,000. Although Plaintiff simply pleads that his damages exceed the state court's $25,000 jurisdictional threshold, his complaint may fairly be read to indicate that the matter in controversy exceeds $75,000, exclusive of costs and interest. Plaintiff alleges he was required to undergo surgery and extensive physical therapy as a result of his alleged slip-and-fall and he contends that his workplace injury caused him to miss more than six months of work. *Id.* at ¶¶ 8-13. Plaintiff already has incurred in excess of $35,000 in medical expenses and lost wages, without taking into consideration alleged pain and suffering. Moreover, Plaintiff describes his injuries as "permanent in nature." *Id.* at ¶ 14. Finally, Plaintiff previously pursued his claim for damages in federal court without objecting to the issue of diversity.

7.    Defendant may remove the action notwithstanding Plaintiff's failure to precisely state an amount of damages exceeding the requisite amount in controversy. *Kennard v. Harris Corp.*, 728 F. Supp. 453, 454 (E.D. Mich. 1989); *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989); *Pakledinaz v. Consolidated Rail Corp.*, 737 F. Supp. 47, 48 (E.D. Mich. 1990); and *Marin v. Granite City Steel Corp.*, 596 F. Supp. 293, 296-97 (S.D. Ill. 1984) ("[F]inal total [of damages] must appear to a 'legal certainty' to be less than the jurisdictional amount to justify remand. 1A Moore's Federal Practice ¶0.157[6].")

8.    Plaintiff served GM with his state court Summons on or about July 27, 2006. Accordingly, GM has filed this Notice of Removal within 30 days after service.

3

9.    A copy of the state court Complaint (Exhibit A), the Summons

(Exhibit B) and the Written Notice of Filing Notice of Removal (Exhibit C) are attached

to the present Notice.

WHEREFORE, Defendant General Motors Corporation requests that further

proceedings in the Cuyahoga County Court of Common Pleas be discontinued and that

this action be removed in its entirety to the United States District Court for the Northern

District of Ohio, Eastern Division, which will then assume full jurisdiction over this

cause of action.

Respectfully Submitted,

Matthew J. Morelli (0063768)
            mmorelli@ulmer.com
Paul R. Harris (0079538)
            pharris@ulmer.com
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)

LATHROP & GAGE L.C.
David C. Vogel
Patrick N. Fanning
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
(816) 292-2000
(816) 292-2001 (Fax)
OF COUNSEL

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2006, a copy of the above Notice of

Removal was served by First Class United States Mail, postage prepaid, on the following:

Brent L. English
Law Offices of Brent L. English
M.K. Ferguson Plaza, Suite 470
1500 West Third Street
Cleveland, Ohio 44113-1422

Paul R. Harris (0079538)

466/17999.0466
1582064.1

## COMPROMISE SETTLEMENT AGREEMENT
### AND RELEASE

THIS COMPROMISE SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into between Kevin A. King ("King") and General Motors Corporation ("GM") for the reasons and purposes set forth herein. The benefits, defenses and protection of the release granted by King are binding upon King and his agents, heirs, representatives, successors and assigns and shall inure to the benefit of GM and its respective officers, directors, shareholders, agents, servants, current and former employees, subsidiaries, physicians, lawyers, insurers, related and affiliated entities, representatives and assigns. For purposes of this Agreement, the term "GM" refers to GM and its subsidiaries, affiliates and divisions, and all employees, officers, directors, assigns and agents.

### RECITALS

WHEREAS, King alleges he was injured on or about August 23, 2002 when he slipped and fell in water at GM's Parma, Ohio metal stamping plant; and

WHEREAS, King filed suit against GM in the Court of Common Pleas of Cuyahoga County, Ohio and GM removed his lawsuit to the United States District Court for the Northern District of Ohio as Case No. 1:04-cv-01958. King dismissed that case, with GM's consent, without prejudice, on August 3, 2005. King refiled his complaint in the Court of Common Pleas of Cuyahoga County, Ohio and GM also removed that case to the United States District Court for the Northern District of Ohio. King's second lawsuit was captioned *Kevin A. King v. General Motors Corporation*, Case No. 1:06-cv-02037-DCN. In both of his lawsuits, King alleged that GM committed an employer intentional tort against him which caused him to suffer injuries and other damages.

WHEREAS, GM expressly denies liability for King's claims; but, in order to avoid further litigation, King and GM have decided to enter into an agreement embodying the mutual understandings and promises concerning the terms and conditions that will resolve all claims, lawsuits and disputes between and among King and GM, including, but not limited to, all claims for physical, personal or emotional injuries, pain and suffering, medical expenses, lost wages, attorney fees and costs relating to King's claim for damages.

NOW, THEREFORE, in consideration of the premises and promises contained herein, it is agreed as follows:

### COMPROMISE SETTLEMENT AGREEMENT

1. King and GM agree to a gross settlement of Five Thousand Dollars and zero one hundredths ($5,000.00) to be paid by GM to King and his counsel of record, Brent L. English, in full, strict and complete compromise, settlement and satisfaction of all claims, demands, suits or causes of action of any kind or type whatsoever that have been asserted by King against GM or any of its officers, directors, shareholders, agents, servants,

CC 1952636v2

current and former employees, subsidiaries, physicians, lawyers, insurers, related and
affiliated entities, representatives and assigns arising out of the incident described above.

2. GM expressly denies liability for King's claims; but, King and GM enter into
the Compromise Settlement Agreement for the sole purpose of avoiding the time,
expense and uncertainty that would accompany further litigation. The payment of
consideration described in this agreement is not and shall not be construed as an
admission of liability on the part of GM or any other person, firm or corporation of any
claim, whether asserted by King or otherwise. King acknowledges that GM's willingness
to pay this consideration is based solely upon Plaintiffs' acceptance of the terms of this
Settlement Agreement and he further acknowledges that in the absence of this Settlement
Agreement he is not entitled to the consideration set forth in this Settlement Agreement.

## RELEASE OF ALL CLAIMS

3. In consideration of the payments, covenants, agreements and actions herein
described, the adequacy and sufficiency whereof is hereby expressly acknowledged by
King, King fully, finally and forever releases, discharges and acquits GM and all entities
and persons in privity or affiliated with GM from any and all debts, claims and demands
of whatever nature, whether known or unknown, suspected or unsuspected, or whether
having arisen or hereafter to arise that King has or may claim to have or hereafter can,
shall or may for any reason have against GM and all entities and persons in privity with
GM arising from or relating in any way to the incident which forms the basis for his
lawsuit which was filed in the United States District Court for the Northern District of
Ohio, Case No. *Kevin A. King v. General Motors Corporation*, Case No. 1:06-cv-02037-
DCN.

4. It is expressly agreed and understood that this Compromise Settlement
Agreement and Release completely and totally releases all claims that King has or may
claim to have in the future against GM relating to the incident, except his right to
worker's compensation benefits for any claim which has been filed or which may be filed
relating to the incident. Except as provided for hereinabove, King releases GM from all
claims for alleged employer intentional tort.

5. In further consideration of the payments, covenants, agreements and actions
herein described, King has agreed and has dismissed with prejudice his case against GM
in the United States District Court for the Northern District of Ohio at GM's costs.

## ADDITIONAL PROVISIONS

6. Further, it is expressly agreed and understood that no one connected with or
representing GM has made any representation to King either as to liability or as to the
extent of his damages, and he hereby states that he is making this settlement and
executing this release of all claims solely of his own judgment. King understands that
this Compromise Settlement Agreement and Release covers and includes every claim of
every kind that he may have or may claim to have in the future against GM arising out of
the alleged incident which forms the basis for his lawsuit captioned *Kevin A. King v.*

*General Motors Corporation*, Case No. 1:06-cv-02037-DCN in the United States District Court for the Northern District of Ohio, except King's worker's compensation claim(s) related thereto, which are expressly excepted from the release and are not settled by his execution of this document.

7. Further, it is expressly agreed that King, for and in consideration of the sum referenced above, in hand paid by and on behalf of GM, the receipt of which is hereby acknowledged and confessed, does hereby release, relinquish, discharge and quitclaim GM of and from any and all claims, demands, rights or causes of action of any kind, whether now known, asserted or not, that he has or may claim to have against GM growing out of or resulting from the occurrence, and any and all alleged injuries and damages resulting therefrom, except his worker's compensation claim(s) related thereto, which are expressly excepted from the release and are not settled by his execution of this document.

8. Nothing hereby shall be deemed to affect any of King's rights under his pension, any collective bargaining agreement(s), or the buyout which King accepted from GM following the date of settlement of this case on September 12, 2007.

9. If any part of the Compromise Settlement Agreement and Release shall be determined to be illegal, invalid, or unenforceable, the illegal, invalid, or unenforceable part shall be stricken, but the remaining parts shall not be affected thereby unless by striking the illegal, invalid or unenforceable provision this agreement is deemed to have failed of its essential purpose.

10. King acknowledges that this Settlement Agreement constitutes a complete accord with respect to all claims, demands or causes of action that have been released by this Settlement Agreement and that King's sole remedy for breach of this Settlement Agreement is specific enforcement of its terms.

11. King will not disclose to any person or entity, directly or indirectly, by or through any agent, employee or other representative, the terms and conditions of this Settlement Agreement, or the negotiations culminating in this Settlement Agreement, except as required by law or as necessary to effectuate the provisions of this Settlement Agreement or as expressly consented to by GM. King may respond to inquires regarding this dispute with only the statement that it has been resolved. Plaintiff may communicate the terms and conditions of this Settlement Agreement to his spouse, his counsel and his tax advisors without violating this confidentiality provision. However, King agrees that he is responsible for any disclosure to third parties by his spouse, counsel and tax advisors and that a disclosure by any of them will constitute a disclosure by King under this Settlement Agreement.

12. It is further understood and agreed that the statements and representations contained in this Compromise Settlement Agreement and Release are contractual in nature and not merely recitations of fact.

13. The parties agree that the terms of this Settlement Agreement cannot be changed, altered, modified, amended or added to except in a writing that specifically refers to this Settlement Agreement and which is signed by the parties. Any purported changes, alterations, modifications, amendments, or additions to this Settlement Agreement that do not precisely fulfill this requirement are not valid. The parties expressly waive application of any local, state, federal, or foreign law, statute or judicial decision allowing verbal modifications, amendments, or additions to a contract notwithstanding an express provision requiring a writing signed by the parties.

14. King acknowledges that the promises and covenants contained in this Settlement Agreement are the sole and total agreement of the parties; that there are no covenants, promises, agreements or representations other than as contained in this Settlement Agreement; and that in accepting the terms of this Settlement Agreement Plaintiffs have not relied upon any promises, covenants, agreements or other representations other than as expressed in this Settlement Agreement.

15. King warrants and represents that he is the owner of all rights, claims or causes of action of any kind that he has or may claim to have arising out of the occurrence, and the claims being released herein have not been assigned, pledged, transferred or otherwise encumbered or sold.

16. King further acknowledges, confirms and agrees that he has had a reasonable period of time after which this Agreement was presented to him in which to review and decide whether to accept or reject its terms.

17. It is agreed and understood that the general rule pertaining to construction of contracts that ambiguities are to be construed against the drafter shall not apply to this Settlement Agreement.

18. IT IS FURTHER UNDERSTOOD AND EXPRESSLY AGREED THAT THE PURPOSE OF THIS AGREEMENT IS TO FULLY AND FINALLY RESOLVE AS AGAINST GM ALL DISPUTES AND CLAIMS FOR DAMAGES OF ANY KIND OR NATURE, KNOWN OR UNKNOWN, MANIFESTED OR TO BECOME KNOWN IN THE FUTURE, ARISING OUT OF THE OCCURRENCE AND THIS DOCUMENT SHALL BE LIBERALLY CONSTRUED TO EFFECTUATE THAT PURPOSE.

19. This Settlement Agreement is to be construed in accordance with the laws of the State of Ohio.

_____
Kevin A. King

STATE OF _____ )
                ) ss:
COUNTY OF _____ )

      Kevin A. King, after being duly sworn, states that he has read and understands the above and foregoing Compromise Settlement Agreement and Release, agrees to be bound fully thereby, and has voluntarily signed his name to said Agreement as his own free act and deed after having been fully informed of all provisions of said Agreement and of all of his rights with regard to his claims and potential claims against GM under state and federal law and otherwise.

                                    _____

                                    Notary Public

      Subscribed and sworn to before me this ___ day of December 2008.

My commission expires:

_____