**PRESENTMENT DATE AND TIME: September 28, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: September 28, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors and the Motors
  Liquidation Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :   Chapter 11 Case No.
                                         :
MOTORS LIQUIDATION COMPANY, et al.,      :   09-50026 (REG)
       f/k/a General Motors Corp., et al.:
                                         :
                    Debtors.             :   (Jointly Administered)
                                         :
------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF STIPULATION
## AND AGREED ORDER RESOLVING CLAIM NO. 36709

**PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust (the "**GUC Trust**") will present the annexed Stipulation and Agreed Order between the GUC Trust and Motors Liquidation Company, on the one hand, and the BKK Joint Defense Group, on the other hand, resolving a claim relating to liabilities associated with the BKK Landfill Site in California (the "**Stipulation and Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") for approval and signature on **September 28, 2011 at 12:00 noon (Eastern Time)**.

US_ACTIVE:\43774076\07\64318.0003

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 2000 Town Center, Suite 2400, Southfield, Michigan 48075 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **September 28, 2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulation and Order, the GUC Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       September 19, 2011

/s/ David R. Berz
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
   Company GUC Trust

**PRESENTMENT DATE AND TIME: September 28, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: September 28, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
 Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*                   :
                                                            :
                    **Debtors.**                            :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER  RESOLVING CLAIM NO.  36709**

This Stipulation and Agreed Order (the "**Stipulation**") is entered into as of August 31, 2011 (the "**Effective Date**") by and amongst Motors Liquidation Company ("**MLC**") (f/k/a General Motors Corporation) and the Motors Liquidation Company GUC Trust ("**GUC Trust**") on the one hand, and the BKK Joint Defense Group (the "**Claimant**", and together with MLC and the GUC Trust, the "**Parties**"), on the other hand.

**RECITALS:**

WHEREAS, on June 1, 2009, MLC and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

US_ACTIVE:\43774076\07\64318.0003

WHEREAS, on October 9, 2009, two additional Debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**" and together with REALM and the Initial Debtors, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order, Claimant timely filed against MLC proof of claim number 36709 (the "**Claim**"), asserting an unliquidated unsecured prepetition claim for environmental liabilities associated with the BKK Landfill Site;

WHEREAS on January 28, 2011, Debtors filed their 209th Omnibus Objection to Claims, which, *inter alia*, objected under section 502(e)(1)(B) of the Bankruptcy Code to the Claim as a contingent contribution claim (the "**Objection**");

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan, which, among other things, confirmed the Debtors Second Amended Joint

Chapter 11 Plan (as may be amended, modified or supplemented from time to time, the "**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement;

WHEREAS, upon the effective date of the Plan, the GUC Trust assumed responsibility for reconciling Class 3 General Unsecured Claims under the Plan;

WHEREAS the Parties acknowledge that portions of the Claim relate to costs that are not objectionable under section 502(e)(1)(B) of the Bankruptcy Code;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Claim and the Objection insofar as it relates to the Claim;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be treated as an allowed general unsecured claim against MLC in the amount of $ 130,345.57 (the "**Allowed Claim**"), which Allowed Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under section 502(d) of the Bankruptcy Code) or subordination.

2. The Debtors shall arrange to withdraw the Objection to the Claim.

3. The Claimant shall receive distributions on account of the Allowed Claim in the form set forth in and pursuant to the terms of the Plan.

4. Upon Claimant's receipt of all such distributions to which the Claimant is entitled on account of the Allowed Claim as set forth in the Plan, the Claim shall be satisfied in

full.

5.  With respect to the Claim and the alleged liabilities referenced therein, other than the right to receive distributions under the Plan, the Claimant and its successors and assigns, and its members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, the GUC Trust, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**").  Solely with respect to the Claim and the alleged liabilities of the Debtors referenced therein, except as set forth in this Stipulation, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code, and including the Claim to the extent within the scope of section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation by the Parties; *provided however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release the Debtors Parties from their obligations under this Stipulation or from any otherwise non-dischargeable claim.  In consideration of the Claimant's agreement to the Allowed Claim, the Debtors Parties agree to release, settle, waive, relinquish, void and fully discharge the BKK Joint Defense Group and each of its members, and each of their officers, directors, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, from any and all claims, lawsuits, demands, actions, causes of action, liens, and damages, known or unknown, past, present or future, contingent or not contingent, of whatever name or nature, that arise from or relate to the BKK Landfill Site, *provided however*,

US_ACTIVE:\43774076\07\64318.0003                     4

that, notwithstanding the foregoing, nothing contained herein shall waive or release the BKK Joint Defense Group or its members from obligations under this Stipulation.

6. The Debtors' claims agent is hereby authorized and empowered to adjust the claims register to fix and allow Proof of Claim No. 36709 to reflect the Allowed Claim.

7. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

8. This Stipulation may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

9. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

11. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain jurisdiction over any and all disputes arising out of this Stipulation.

| **MOTORS LIQUIDATION COMPANY GUC TRUST**<br>  By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator | **BKK JOINT DEFENSE GROUP** |
|---|---|
| By: /s/ David A. Vanaskey Jr. | By: /s/ Milissa A. Murry |
| Print Name: David A. Vanaskey, Jr.<br>Title: Vice President | Print Name: Milissa A. Murry<br>Title: Counsel to the BKK Joint Defense Group |
| Dated: August 31, 2011 | Dated: August 24, 2011 |

**MOTORS LIQUIDATION COMPANY**

By: /s/ Ted Stenger

Print Name: Ted Stenger
Title: Executive Vice President

Dated: August 27, 2011

IT IS SO ORDERED.

Dated: September __, 2011
       New York, New York

_____
United States Bankruptcy Judge