RECEIVED
SEP 2011
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al. | : | 09-50026 (REG) |
| Debtors. | : | (Jointly Administered) |

**CLAIMANT DIANE VANWINKLE'S REPLY TO DEBTORS' OBJECTION TO CLAIM AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Claimant, Diane Vanwinkle (hereinafter "Claimant") moves this Honorable Court for an Order Denying Debtors' Objection to Claim and Motion Requesting Enforcement of Bar Date Orders. Claimant would show that Debtors have been on notice of her claim since March 9, 2007 when proof of claim and representation was sent by her attorney to the Debtors.

Furthermore, Claimant would show that negotiations concerning her claim were in place following notice of her claim. After a breakdown in the settlement negotiations, Plaintiff filed suit against the Debtors in her state of residence (Exhibit A). Following service of her suit, Plaintiff's counsel received notification from Debtors' attorneys (Exhibit B) with notification of the pending claim and orders of the Court concerning pending litigation. Plaintiff's counsel promptly filed a withdrawal of the suit *without prejudice* in accordance with the Court's Order (Exhibit C).

RECEIVED
SEP 19 2011
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

Subsequently, Claimant received notification from Debtor's attorneys concerning the ongoing matter in this Honorable Court (Exhibit D) Pursuant to the notification, Plaintiff submitted a Proof of Claim, sent via overnight service, to Debtors' attorneys (Exhibit E). Therefore, Claimant is informed and believes that the Debtors have been on notice of her claim for a period of longer than four (4) years and any objection to her claim at this juncture is unreasonable and unwarranted.

Based upon the foregoing, Claimant respectfully requests for this Honorable Court to Deny the Debtor's Objection to Claim and Motion Requesting Enforcement of Bar Date Orders dated August 24, 2011.

s/Ian D. Maguire
Ian D. Maguire, Esquire
SC Federal Bar No.: 6282
**MAGUIRE LAW FIRM**
607 Briarwood Drive, Suite 1
Myrtle Beach, SC 29572
Telephone: (843) 361-7549
Facsimile: (843) 361-7048
E-mail: ian@maguirelawfirm.com
**ATTORNEY FOR CLAIMANT**
**DIANE VANWINKLE**

Myrtle Beach, South Carolina
September 16, 2011

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Diane VanWinkle and Charles VanWinkle

Plaintiff(s)

vs.

General Motors Corporation

Defendant(s)

IN THE COURT OF COMMON PLEAS

CIVIL ACTION COVERSHEET

09-CP - 26- 9336

COPY

(Please Print)

Submitted By: Ian D. Maguire, Esquire
Address: 607 Briarwood Drive, Suite 1; Myrtle Beach, SC 29572

SC Bar #: 66587
Telephone #: 843. 361. 7549
Fax #: 843. 361. 7048
Other:
E-mail: ian@maguirelawfirm.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

HORRY COUNTY
09 SEP 24 AM 11:00
MELANIE HUGGINS
CLERK OF COURT

## DOCKETING INFORMATION (*Check all that apply*)

***If Action is Judgment/Settlement do not complete***

- ☒ JURY TRIAL demanded in complaint. ☐ NON-JURY TRIAL demanded in complaint.
- ☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

**Contracts**
- ☐ Constructions (100)
- ☐ Debt Collection (110)
- ☐ Employment (120)
- ☐ General (130)
- ☐ Breach of Contract (140)
- ☐ Other (199)

**Torts - Professional Malpractice**
- ☐ Dental Malpractice (200)
- ☐ Legal Malpractice (210)
- ☐ Medical Malpractice (220)
- ☐ Notice/ File Med Mal (230)
- ☐ Other (299)

**Torts – Personal Injury**
- ☐ Assault/Slander/Libel (300)
- ☐ Conversion (310)
- ☐ Motor Vehicle Accident (320)
- ☐ Premises Liability (330)
- ☒ Products Liability (340)
- ☐ Personal Injury (350)
- ☐ Wrongful Death (360)
- ☐ Other (399)

**Real Property**
- ☐ Claim & Delivery (400)
- ☐ Condemnation (410)
- ☐ Foreclosure (420)
- ☐ Mechanic's Lien (430)
- ☐ Partition (440)
- ☐ Possession (450)
- ☐ Building Code Violation (460)
- ☐ Other (499)

**Inmate Petitions**
- ☐ PCR (500)
- ☐ Mandamus (520)
- ☐ Habeas Corpus (530)
- ☐ Other (599)

**Judgments/Settlements**
- ☐ Death Settlement (700)
- ☐ Magistrate's Judgment (720)
- ☐ Minor Settlement (730)
- ☐ Transcript Judgment (740)
- ☐ Lis Pendens (750)
- ☐ Other (799)

**Administrative Law/Relief**
- ☐ Reinstate Driver's License (800)
- ☐ Relief (820)
- ☐ Permanent Injunction (830)
- ☐ Forfeiture-Petition (840)
- ☐ Forfeiture—Consent Order (850)
- ☐ Other (899)

**Appeals**
- ☐ Arbitration (900)
- ☐ Magistrate-Criminal (920)
- ☐ Municipal (930)
- ☐ Probate Court (940)
- ☐ SCDOT (950)
- ☐ Worker's Comp (960)
- ☐ Zoning Board (970)
- ☐ Administrative Law Judge (980)
- ☐ Public Service Commission (990)
- ☐ Employment Security Comm (991)
- ☐ Other (999)

**Special/Complex /Other**
- ☐ Environmental (600)
- ☐ Automobile Arb. (610)
- ☐ Medical (620)
- ☐ Other (699)
- ☐ Pharmaceuticals (630)
- ☐ Unfair Trade Practices (640)
- ☐ Out-of State Depositions (650)
- ☐ Sexual Predator (510)

Submitting Party Signature: [signature] Date: 9/22/09

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**FOR MANDATED ADR COUNTIES ONLY**

Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>Diane VanWinkle and Charles VanWinkle,<br>Plaintiffs,<br><br>vs.<br><br>General Motor Corporation,<br><br>Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Docket No.: 09-CP-26-_______<br><br>**SUMMONS** |
|---|---|

HORRY COUNTY
09 SEP 24 AM 11:01
MELANIE HUGGINS
CLERK OF COURT

TO ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Ian D. Maguire, Esquire
SC Bar No.: 66587
**MAGUIRE LAW FIRM**
607 Briarwood Drive, Suite 1
Myrtle Beach, SC 29572
Telephone: (843) 361-7549
Facsimile: (843) 361-7048
E-mail: ian@maguirelawfirm.com
**ATTORNEY FOR PLAINTIFF**

Myrtle Beach, South Carolina
September 22, 2009

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Diane VanWinkle and Charles VanWinkle,
Plaintiffs,

vs.

General Motor Corporation,

Defendant.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 09-CP-26-_______

**COMPLAINT**
**(Jury Trial Requested)**

HORRY COUNTY
09 SEP 24 AM10:00
MELANIE HUGGINS
CLERK OF COURT

TO ABOVE NAMED DEFENDANT:

**FACTS**

Plaintiffs complaining of Defendant would respectfully show unto this Honorable Court as follows:

1. Upon information and belief, Plaintiffs, Diane VanWinkle and Charles VanWinkle are citizens and residents of Horry County, South Carolina.

2. Upon information and belief, Defendant, General Motors Corporation, a corporation organized and existing under the laws of another state other than South Carolina, transacts business in the state of South Carolina, solicits business in the state of South Carolina, and derives a substantial revenue therefrom.

3. The incident, which is the subject matter of this action, occurred in Horry County, South Carolina. Therefore, this Honorable Court has jurisdiction over the parties and the subject matter hereto.

4. On or about March 1, 2007, at or around 4:00 p.m., Plaintiff got into her 1997 Cutlass Oldsmobile vehicle to start the ignition at 4944 Bass Drive, Conway, South Carolina.

5. When Plaintiff started the ignition of the 1997 Cutlass Oldsmobile, the airbag blew out without warning, causing the injuries which give rise to this suit.

FOR A FIRST THEORY OF LIABILITY

(NEGLIGENCE)

6. At the time and place mentioned, Defendant Corporation was negligent, grossly negligent, careless, willful, wanton, and reckless in the following particulars, to wit:

a. In failing to properly design the air bag;

b. In failing to properly manufacture the air bag;

c. In failing to properly install the air bag;

d. In failing to warn users of safety hazards associated with the design, manufacture and installation of the air bag.

7. The injuries of the Plaintiff were directly and proximately caused by the above negligent and reckless acts of the Corporation.

FOR A SECOND THEORY OF LIABILITY

(STRICT LIABILITY)

8. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

9. At the time of the Plaintiff's injuries, the air bag was in substantially the same condition as when manufactured and sold by the Defendant Corporation, undergoing no substantial subsequent modifications.

10. Due to its design and manufacturer, the air bag was in a defective condition and unreasonably dangerous when installed and sold by the Defendant Corporation.

11. The injuries of the Plaintiff were directly and proximately caused by the defective and unreasonably dangerous condition of the air bag.

FOR A THIRD THEORY OF LIABILITY

(IMPLIED WARRANTY)

12. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

13. By virtue of sale of the vehicle for use by an ultimate consumer, the Defendant Corporation impliedly warranted to Plaintiff that the air bag was merchantable and fit for the purpose intended.

14. The air bag, in fact, was not merchantable and fit for the ordinary purpose for which it was intended to be used, in that it was defective and unreasonably dangerous.

15. As a direct and proximate result of the breach of the implied warranty of merchantability by Defendant Corporation, Plaintiff was injured.

16. As a result of the above mentioned negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendant Corporation, Plaintiffs have suffered great physical harm which has and will cause them to undergo physical pain and suffering; has and will cause them to spend money for medical treatment and medication; has and will cause them to suffer permanent physical and mental injuries and disabilities which they must

bear for the rest of their lives. Plaintiffs have also suffered in the form of lost wages and property damage. Therefore, Plaintiffs are informed and believe that they are entitled to a judgment against Defendant Corporation for actual and punitive damages in a sum determined through this Honorable Court

WHEREFORE, Plaintiffs prays for judgment against Defendant for actual and punitive damages; for the costs of this action; and for such other relief as this Honorable Court may deem just and proper.

Ian D. Maguire, Esquire
SC Bar No.: 66587
**MAGUIRE LAW FIRM**
607 Briarwood Drive, Suite 1
Myrtle Beach, SC 29572
Telephone: (843) 361-7549
Facsimile: (843) 361-7048
E-mail: ian@maguirelawfirm.com
**ATTORNEY FOR PLAINTIFFS**

Myrtle Beach, South Carolina
September 22, 2009

WEIL, GOTSHAL & MANGES LLP
1300 I STREET, N.W.
SUITE 900
WASHINGTON, D.C. 20005
(202) 682-7000
FAX: (202) 857-0940

AUSTIN
BEIJING
BOSTON
BUDAPEST
DALLAS
DUBAI
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW

DIRECT LINE
202-682-7206
brianna.benfield@weil.com

October 20, 2009

SCANNED

MAGUIRE LAW FIRM
DATE REC'D 10/21/09
FM FILE # 07/11/2.03 181
DOCKETED N
INITIAL JA

**BY FEDEX**

Mr. Ian D. Maguire
Maguire Law Firm
607 Briarwood Drive, Suite 1
Myrtle Beach, SC 29572

**Re: Diane Van Winkle and Charles Van Winkle v. General Motors Corporation**
**Case No. 09-CP-26-9336**

Dear Mr. Maguire:

I write to inform you that on June 1, 2009, (the "Commencement Date"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries, (collectively, the "Debtors"), filed voluntary petitions seeking bankruptcy protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The chapter 11 cases have been consolidated for procedural purposes and bear case no. 09-50026 (REG). Enclosed herewith is a copy of the Debtors' chapter 11 petition.

Your attention is directed to section 362(a) of the Bankruptcy Code, entitled "Automatic Stay." Pursuant to section 362(a) of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date, prohibiting the commencement or continuation of any actions or proceedings against the Debtors. The automatic stay expressly prohibits the following:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code.]

11 U.S.C. § 362(a)(1).

Accordingly, the above-captioned action was filed in violation of the automatic stay. All actions taken in violation of the automatic stay are void and, pursuant to established case law, parties may be held in contempt of court for violating the automatic stay. See, e.g., Bartel v. Eastern Airlines, 133 F.3d 908 (2d cir. 1998); Fidelity Mortgage Investors v. Camelia Builders, Inc., 550 F.2d 47 (2d cir. 1976), cert. denied, 429 U.S. 1093 (1977). In light of the foregoing, Motors Liquidation Company requests that you withdraw the complaint filed against it and confirm that you have done so within five business days. Motors Liquidation Company reserves all rights and remedies.

If you have any questions with respect to this matter, please do not hesitate to contact me.

Sincerely,

Brianna Benfield

Enclosure

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Diane Van Winkle and Charles Van Winkle,
Plaintiff,

vs.

General Motors Corporation,
Defendant.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 2009-CP-26-9336

**STIPULATION OF DISMISSAL *WITHOUT* PREJUDICE**



It has been made to appear to the Court that the Defendant hereto, General Motors Corporation, has filed a voluntary petition seeking bankruptcy protection under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to section 362(a) of the Bankruptcy Code, Defendant is entitled to an automatic stay prohibiting the commencement or continuation of any action or proceeding. Therefore, Plaintiffs represented by Ian D. Maguire come before this Court to stipulate to a dismissal ***without prejudice*** in this action pursuant to Rule 41(a)(1), SCRCP together with a tolling of any/all applicable statute of limitations.

**WE SO STIPULATE:**

Ian D. Maguire, Esquire
607 Briarwood Drive, Suite 1
Myrtle Beach, South Carolina 29572
(843) 361-7549
Attorney for Plaintiffs

FILED
HORRY COUNTY
2009 OCT 29 AM 10:29
MELANIE HUGGINS-WARD
CLERK OF COURT

LAW FIRM
11/2/09
07IM031P1

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY,** ***et al.*****,** **f/k/a General Motors Corp.,** ***et al.*** | : | **09-50026 (REG)** |
| **Debtors.** | : | **(Jointly Administered)** |

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN AND (II) OCCURRENCE OF EFFECTIVE DATE**

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that an order (the "**Confirmation Order**") (ECF No. 9941) confirming the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (ECF No. 9836) (the "**Plan**"), of Motors Liquidation Company and its affiliated debtors (collectively, the "**Debtors**"), was signed by the Honorable Robert E. Gerber, United States Bankruptcy Judge, and entered by the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on March 29, 2011.

PLEASE TAKE FURTHER NOTICE that the Confirmation Order is available for inspection during regular business hours in the office of the Clerk of the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004. The Confirmation Order is also available for registered users of the Bankruptcy Court's filing system by accessing the Bankruptcy Court's website (www.nysb.uscourts.gov) and for all parties at www.motorsliquidationdocket.com.

PLEASE TAKE FURTHER NOTICE that the Plan and its provisions are binding on the Debtors, Post-Effective Date Motors Liquidation Company, the GUC Trust Administrator,[1] the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, the Avoidance Action Trust Administrator, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a claim against or equity interest in the Debtors, including all governmental entities, whether or not the claim or equity interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan.

PLEASE TAKE FURTHER NOTICE that the Effective Date of the Plan (as defined in the Plan) occurred on March 31, 2011 and, as a result, the Plan has been substantially consummated.

PLEASE TAKE FURTHER NOTICE that all proofs of claim arising from the rejection of executory contracts or unexpired leases pursuant to the Plan must be filed with the Bankruptcy Court and served upon the Debtors, the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, and the Avoidance Action Trust Administrator, at the addresses set forth in the Confirmation Order, on or before May 30, 2011. Any claims arising from the rejection of an executory contract or unexpired lease for which a proof of claim has not been filed by such date shall be forever barred and shall not be enforceable against the Debtors, the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, and the Avoidance Action Trust Administrator, or any property to be distributed under the Plan, the GUC Trust, the Asbestos Trust, the Environmental Response Trust, and the Avoidance Action Trust, unless otherwise ordered by the Bankruptcy Court or provided in the Plan.

Dated: New York, New York
April 11, 2011

WEIL, GOTSHAL & MANGES LLP
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Plan.




IAN D. MAGUIRE, ESQUIRE
www.maguirelawfirm.com

May 27, 2011

**VIA USPS OVERNIGHT DELIVERY**
The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway
Suite A
Dublin, OH 43017

RE: Our Client: Diane VanWinkle
Date of Incident: March 1, 2007
ML File No.: 07-IM-031-PI

Dear Sir or Madam:

Please find enclosed herewith the Proof of Claim, along with a clocked copy of the lawsuit in regards to the above referenced client. By copy of this letter, I am serving the debtors listed below with the same. Please contact my office if you have any questions or concerns regarding this matter.

With kind regards, I am,
Sincerely,

Ian D. Maguire, Esquire

IDM/es
Enclosure

cc: GUC Trust Administrator
Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, Delaware 19890-1615

*Licensed in South and North Carolina*
**Reply to Main Office: 607 Briarwood Drive, Suite 1 • Myrtle Beach, South Carolina 29572 T • (843) 361-7549 F • (843) 361-7048**
Market Common Office: 2922 B Howard Avenue • Myrtle Beach, South Carolina 29577
www.maguirelawfirm.com

Asbestos Trust Administrator
Kirk P. Watson, Esquire
2301 Woodlawn Boulevard
Austin, TX 78703

Environmental Response Trust Administrative Trustee
Crowell & Moring LLP
Attn: Michael V. Blumenthal
590 Madison Avenue
19th Floor
New York, NY 10022-2524

Avoidance Action Trust Administrator
Wilmington Trust Company
Attn: Corporate Trust America
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1615

B 10 (Official Form 10) (04/10)

**UNITED STATES BANKRUPTCY COURT** Southern District of New York

**PROOF OF CLAIM**

Name of Debtor: Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.

Case Number: 09-50026 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Diane Van Winkle

Name and address where notices should be sent:
Diane Van Winkle
c/o Maguire Law Firm
607 Briarwood Drive, Suite 1; Myrtle Beach, SC 29572

Telephone number: (843) 361-7549

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**________
(*If known*)

Filed on:________

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 50,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Personal Injury
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** ____

**3a. Debtor may have scheduled account as:** ________
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:$**________ **Annual Interest Rate**____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $**________ **Basis for perfection:** ________

**Amount of Secured Claim: $**________ **Amount Unsecured: $** 50,000.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$________

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 05/27/2011

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.