Steven C. Powell (Admitted *Pro Hac Vice*)
POWELL MURPHY, PLLC
322 N. Old Woodward
Birmingham, MI 48009
Telephone: (248) 723-4390
Facsimile: (248) 646-3380
Email: scpowell@powellmurphylaw.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DIVISION OF NEW YORK**

----------------------------------------------------------x

In re                                                                      :         Chapter 11 Case No.
                                                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,    :         09-50026 (REG)
     f/k/a General Motors Corp., *et al.*              :         Honorable Robert E. Gerber
                                                                              :
                                    Debtors.                      :         (Jointly Administered)
                                                                              :

----------------------------------------------------------x

## AFFIDAVIT OF T. CHARLES POWELL

STATE OF MICHIGAN    }
                                          }SS
COUNTY OF OAKLAND  }

I, T. Charles Powell, being first duly sworn, state the following:

1. My employment with the Debtor (also referred to as "GM") began on approximately October 1, 1956.

2. At some point prior to approximately 1971, I obtained coverage under the Company's basic life insurance plan, obtained retirement benefits (including vested retirement benefits) and obtained coverage under the Debtor's basic life insurance plan.

3. Prior to approximately January 1, 1989, GM established a supplemental life benefits program.



09-50026-mg    Doc 10898-2    Filed 09/19/11    Entered 09/19/11 16:40:05    Exhibit
Exhibit B - Affidavit of T. Charles Powell    Pg 2 of 3

09/16/2011 19:23 FAX 9896877383          SANFORD FOODPRIDE                              ☒002

### Powell's Retirement

4. I began discussing my retirement with authorized representatives of the Debtor in early 1991. There were a number of benefits that were available for retirees at that time, including continuation of basic life insurance and supplemental life benefits.

5. Officials of GM repeatedly stated, represented and promised to me that the combined benefits under these two programs would not fall below $300,000 in pay-out upon my death. At the time, my wife and I determined that this sum would allow me to retire and not require me to keep working. This was a key factor and I would not have retired without it.

6. The people with whom I discussed my retirement, and who made representations and promises on behalf of GM, included my immediate supervisor, Mr. William R. Herron, a GM representative named Joseph Zuzula (I am not sure of the spelling) and a Mr. Reinbold. Other people with whom I discuss my retirement included the personnel director and the salaried personnel director at the time.

7. My retirement became effective on approximately September 1, 1991.

8. In connection with his retirement, Powell was provided with Basic Life Insurance and was provided with benefits under the Supplemental Life Benefits Program, among other benefits.

9. Specifically, these benefits include basic life insurance and supplemental life benefits totaling the following:

|  |  |
|---|---|
| (a) Basic Life Insurance: | $79,800 |
| (b) Supplemental Life Benefits Program: | $228,000 |
| **Subtotal:** | **$307,800** |

10. I was provided with benefit summary documents at approximately the time of my retirement, specifically providing that the basic life insurance would continue under a certain

formula that would reduce to a minimum of $79,800.00, and that the Supplemental Life Benefit would continue throughout my life, and it was clear that GM would pay the full cost of the policy. Excerpts of the those documents are attached to my response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

September 16, 2011

_____
T. CHARLES POWELL