UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
**DICKSTEIN SHAPIRO LLP**
1633 Broadway
New York, New York  10019-6708
Telephone (212) 277-6500
Fax (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

| | |
|---|---|
| **In Re:**<br><br>**MOTOR LIQUIDATION COMPANY,** *et al.*<br>**f/k/a General Motors Corp.,** *et al.*<br><br>                    Debtors. | **Chapter 11**<br>**Case No. 09-50026 (REG)**<br><br>**(Jointly Administered)** |

## RESPONSE OF CLAIMANT, DONALD WARNER (Claim No. 71177) TO 245TH OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS

NOW COMES Claimant, Donald Warner, by and through his attorneys, BERNSTEIN & BERNSTEIN, and in support of said Response, states as follows:

1.      Neither admit nor deny for want of sufficient information upon which to base a belief.

2.      Neither admit nor deny for want of sufficient information upon which to base a belief.  Further, Claimant indicates that neither Claimant nor his attorney received notice of the alleged claim bar date of November 30, 2009, which the Debtor indicates was established by a Court Order of September 16, 2009 as an initial Debtor's bar date.

3.      The Claimant did not receive notice of the claim bar date of November 30, 2009 nor any other applicable claim bar cutoff date.  Claimant Warner would object to the denial of his claim.

4.      Neither admit nor deny but leaves Debtor to its proofs.

5.      Neither admit nor deny but leaves Debtor to its proofs.

6.      Answering Paragraph 6, Claimant Warner states that neither he nor his attorney received the Order of September 16, 2009 establishing a November 30, 2009 bar date which the Debtor alleges is applicable to this action.  By way of further information, this claim arises out of a claim for Michigan no-fault benefits based on injuries sustained by Claimant Warner in an automobile accident of May 9, 2007.

Aside from the facts which give rise to the denial of this claim as to Claimant Warner, Claimant neither admits nor denies the balance of the allegations contained herein for want of sufficient upon which to base a belief.

7.      Neither admit nor deny but leaves Debtor to its proofs.  By way of further answer, attached to the claim in this matter was a Release which was tendered to the Claimant by the Debtor, its agents, servants or employees evidencing a settlement of a litigated claim for no-fault benefits, said settlement which was never completed due to the bankruptcy filing in this instance.

8.      Neither admit nor deny be leaves Debtor to its proofs.

9.      Neither admit nor deny but leaves Debtor to its proofs.

10.     Neither admit nor deny but leaves Debtor to its proofs.

11.     Neither admit nor deny but leaves Debtor to its proofs.

12.     Neither admit nor deny but leaves Debtor to its proofs.  However, by way of further answer, this notice of objection was received by counsel for Claimant Warner.

13.     Neither admit nor deny but leaves Debtor to its proofs.

WHEREFORE, Claimant prays that this Honorable Court deny and/or set aside the objection to the claim of Donald Warner (Claim No. 7177), and allow the Claimant to have the claim processed in conformity with the claims resolution procedure established in this matter for this type of claim.

**BERNSTEIN & BERNSTEIN, P.C.**

/s/ *Michael J. Butler*

_____
Joseph H. Howitt (P57027)
Michael J. Butler (P31833)
Attorneys for Claimant
18831 West Twelve Mile Road
Lathrup Village, MI  48076
(248) 350-3700
mbutler@lawfirmofbernstein.com

Dated:  September 12, 2011