## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (hereinafter referred to as "Agreement") is entered into as of the _____ day of May, 2009, between (1) Donald Warner ("Plaintiff") and his attorneys, the Law Firm of Bernstein & Bernstein, P.C. and (2) General Motors Corporation and ESIS, Inc. (collectively, "Defendants").

### I.

### RECITALS

1.1   Plaintiff was involved in an automobile accident on May 9, 2007 in Warren, Michigan (hereinafter "the Occurrence").

1.2   Plaintiff subsequently asserted claims against Defendants in the Circuit Court for the County of Wayne, Michigan for the recovery of Personal Protection Insurance Benefits pursuant to the Michigan No-Fault Automobile Insurance Act ("The Michigan No-Fault Act"), the recovery of uninsured motorist benefits and the recovery of underinsured motorist benefits in connection with the Occurrence, as more particularly described in pleadings filed in the action entitled, Donald Warner v. General Motors Corporation and/or ESIS, Inc., Case No. 08-112267 NF (the "Lawsuit").

1.3   Plaintiff and Defendants desire to enter into this Agreement in order to provide for a settlement of the claims asserted against Defendants in the Lawsuit and all other past and present claims that could be asserted now by Plaintiff and/or his heirs, against Defendants as a result of the Occurrence, upon the terms and conditions set forth herein, without the necessity of completing discovery or proceeding to trial on the merits with all of the attendant expense, and all without any admission of liability or wrongdoing by Defendants.

## II.

## PAYMENT

2.1 In consideration of the dismissal with prejudice of Plaintiff's claims against Defendants and the remaining promises set forth in this Agreement and upon receipt of a final order of dismissal with prejudice, General Motors Corporation agrees to make a cash payment of $21,750 (Twenty-One Thousand Seven Hundred Fifty Dollars and 00/100 Cents) on behalf of itself and ESIS, Inc., made payable to Donald Warner and his attorneys, the Law Firm of Bernstein & Bernstein, P.C.

## III.

## AGREEMENTS RESPECTING
## PRESENT AND FUTURE CLAIMS AND CAUSES OF ACTION

In consideration of the above payment, the parties and their attorneys agree to the following:

3.1 Dismissal. Upon receipt of the cash payment referred to in ¶ 2.1, Plaintiff and his attorneys shall immediately take all further steps that may be necessary to secure the Court's entry of an Order dismissing with prejudice all of their claims against Defendants. Plaintiff's attorneys shall promptly serve a copy of the Order as entered on counsel for Defendants.

3.2 Release. Plaintiff hereby releases and forever discharges Defendants, and their insurers, predecessors and successors in interest, assignees, nominees and past, present and future subsidiaries, affiliates, divisions, officers, directors, employees, stockholders, attorneys, servants, representatives, partners, agents and authorized dealers, as well as all of the subsidiaries, divisions, affiliates, directors, officers, agents, employees, insurers, attorneys, heirs, executors, predecessors and successors in interest, administrators and assignees of all those persons and entities (hereinafter all collectively referred to as the "Released Parties"), of and

2

from all past and present claims, demands, obligations, actions, or causes of action however denominated for any injury, damage or loss arising directly or indirectly from the Occurrence, including, but not in any sense limited to, all claims that were or that could have been asserted against the Released Parties in the Lawsuit.

**Further, Plaintiff hereby releases the Released Parties from any and all claims that he and/or his heirs could have made on or before April 21, 2009 (or that could have been made on Plaintiff's behalf) for the recovery of benefits under the Michigan No-Fault Act (and any similar statutory provisions) in connection with the Occurrence. Plaintiff agrees that neither he, nor his heirs, nor any other person or entity acting on his behalf, shall seek through any means to recover any Michigan No-Fault benefits in connection with the Occurrence that could have been sought from the Released Parties on or before April 21, 2009. Moreover, Plaintiff releases the Released Parties from any claims for the recovery of Michigan No-Fault benefits that relate or pertain to services and/or care rendered on or before April 21, 2009.**

This release shall be deemed a mutual release with each party to bear their own costs.

3.3    The parties and their attorneys acknowledge that the payment provided for by this Agreement is being made to compromise and settle this Occurrence as to both liability and amount and is being made in settlement and release of all past and present claims by or against any of the Released Parties. Neither payment of the sum reflected herein nor any statements or communications made by the parties or their agents during the negotiations leading to this Agreement shall be considered admissions of liability by or on behalf of any of them. Plaintiff and his attorneys further agree that Defendants have denied any claim of liability for injuries and damages sustained as a result of the Occurrence.

3

3.4     Plaintiff acknowledges and understands that he may have suffered injuries that are unknown to him at the present time, and that this was considered by him in entering into this Agreement and that he has determined the consideration to be paid by Defendants pursuant to this Agreement to be fair and adequate compensation with due regard for any such future possibilities.

3.5     The parties intend for this Agreement to be interpreted and effectuated so as to give Defendants the maximum protection allowed by law from claims, including contribution and indemnification claims, which relate to the subject matter of the Lawsuit. In accordance with the applicable laws, this Agreement shall discharge Defendants from all liability for contribution to any other tortfeasor. In addition, Plaintiff agrees to indemnify and hold Defendants harmless against claims by any person seeking contribution, subrogation or indemnification in connection with the payment being made pursuant to ¶ 2.1 of this Agreement. The parties agree to fully cooperate with each other concerning any issues arising out of this settlement and/or release.

3.6     Plaintiff shall indemnify the Released Parties against any claims pertaining to Michigan No-Fault Benefits in connection with the Occurrence that were incurred by Plaintiff on or before April 21, 2009.

3.7     Each party acknowledges that the other party is entering into this Agreement in order to avoid the costs that would be attendant to defending against and prosecuting claims in the Lawsuit through trial. Therefore, this Agreement shall be interpreted to terminate any claims by each against the other party hereto. Plaintiff further acknowledges that there is no agreement by Defendants to make any payment or to do any act or thing other than as expressly stated in this Agreement.

4

## IV

## CONFIDENTIALITY

4.1 Plaintiff and his attorneys also agree that, except as may be reasonably required in connection with further proceedings in the Lawsuit, they shall not disclose any of the terms or conditions of this Agreement, or any dollars sum, or estimate or characterization of the amount of the settlement embodied in this Agreement, or any part or portion thereof. It is further agreed that, in addition to maintaining the confidentiality of the amounts paid pursuant to this Agreement, Plaintiff and his attorneys agree not to disclose or characterize any of the negotiations culminating in this settlement agreement, including any offers, demands, counter-offers or counter-demands.

## V.

## MISCELLANEOUS PROVISIONS

5.1 The payment referenced in ¶ 2.1 is intended to compensate Plaintiff fully for his Michigan No-Fault Benefits through April 21, 2009. Defendants do not warrant any tax benefits and/or consequences arising from this Agreement or any related or incidental agreements.

5.2 Plaintiff and Defendants shall separately bear all attorneys' fees and costs arising from the actions of their own respective counsel in connection with the matters referred to in this Agreement.

5.3 Plaintiff acknowledges that he has fully informed himself of the Agreement's terms, contents, conditions, and effects and warrants that no promise or representation of any kind has been made to him by the other party to this Agreement or by anyone acting on behalf of the other party except as expressly stated in this Agreement. In making this settlement and signing this Agreement, each party represents that they have relied solely and completely upon

their own judgment and upon the advice and counsel of their attorneys, and that they fully understand and voluntarily accept the terms of the Agreement.

5.4    Plaintiff further certifies that he is voluntarily entering into this Agreement in good faith based solely and completely upon his own judgment and upon the advice of his attorneys following their good-faith assessment of the cause of action against Defendants as set forth in the Lawsuit. The payment referenced in ¶ 2.1 constitutes all money to be paid to Plaintiff by the Released Parties for Michigan No-Fault Benefits through April 21, 2009 and that the Released Parties shall be released from any and all liability for Michigan No-Fault Benefits through April 21, 2009, including liability for contribution and indemnification.

5.5    This Agreement shall be binding upon each party's personal representatives, administrators, heirs, agents, successors and assigns.

5.6    Plaintiff represents and warrants that no known person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Agreement.

5.7    The representations and warranties made by Plaintiff and his attorneys in this Agreement shall be deemed material to the rights and obligations of Defendants.

5.8    This Agreement is entered into in the State of Michigan and shall be construed and interpreted in accordance with its laws.

IN WITNESS WHEREOF, the parties hereto subscribe their names:

_____          _____
Witness                                 Donald Warner
Dated: May ____, 2009


_____          _____
Witness                                 The Law Firm of Bernstein & Bernstein, P.C.
Dated: May ____, 2009


_____          _____
Witness                                 Ryan K. Harding, Jenner & Block LLP
Dated: May ____, 2009                   On behalf of General Motors
                                        Corporation and ESIS, Inc.

7