HEARING DATE AND TIME: September 26, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: September 19, 2011 at 4:00 p.m. (Eastern Time)

Edoardo Rigo Salvatore (CA Bar No. 224207)
(*Pro Hac Vice pending*)
SALVATORE & NOKES, LLP
410 Broadway, Suite 100
Laguna Beach, CA 92651
Telephone: (949) 494-0909
Facsimile: (949) 415-3020
eMail: rigo@salvatorenokes.com

Attorneys for Claimants:
Aranzuza Mejia, Juan Carlos Mejia, Maria Alejandra Mejia
Aranzuza Mejia as *guardian ad litem* of
Lucas Mejia, Nicolas Mejia, and Santiago Mejia

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                     :

**In re**                      :       **Chapter 11 Case No.**
                                    :

**MOTORS LIQUIDATION COMPANY, et al.,**  :    **09-50026 (REG)**
    **f/k/a General Motors Corp., et al.**  :
                                    :

                    **Debtors.**  :    **(Jointly Administered)**
                                    :
-------------------------------------------------------------x

**CLAIMANTS' RESPONSE TO THE 245TH OMNIBUS OBJECTION TO CLAIMS AND CLAIMANTS' OPPOSITION TO MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**
**(Late-Filed Claims)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      Claimants Aranzuza Mejia, Juan Carlos Mejia, Maria Alejandra Mejia, and Aranzuza

Mejia as *guardian ad litem* of Lucas Mejia, Nicolas Mejia, and Santiago Mejia (collectively, the

"**Mejia Claims**") respectfully request that this court deny the relief requested in the 245th

omnibus objection to claims and the motion requesting enforcement of bar date orders.  The **Mejia Claims** cannot be "disallowed and expunged in their entirety" because (1) none of the Bar Date Orders cited by the **Debtors** relate to or can be applied to bar "future claims" for mass torts products liability personal injury claims; and (2) even if the court finds that the Bar Orders encompass the Mejia Claims, the claims cannot be "disallowed and expunged in their entirety" because the Bar Orders lack the adequate notice required by the Due Process Clause.

### The Mejia Claims

The **Mejia Claims** are mass torts product liability claims for wrongful death and personal injury which arose from a catastrophic automobile accident which occurred on **June 20, 2009** (See *Exhibit* "A" annexed hereto).  On that date, the entire Mejia family was returning home after attending a special Catholic Mass when their 2003 SUV Chevrolet Trailblazer overturned and rolled over several times.  Javier Mejia (15-years-old) and Graciella Villamizar (69-years-old) were fatally wounded and died immediately after the accident.  The rest of the family also suffered moderate to severe injuries.  The surviving family members filed Proofs of Claim on June 17, 2011 (See *Exhibit* "B" annexed hereto).

### The Bar Date Orders

In support for their objection and motion to disallow and expunge the **Mejia Claims**, **Debtors** have invoked and relied upon the Bar Date Orders, and specifically the "**Initial Bar Date Order**" (ECF No. 4079), which only apply to claims that arose prior to **June 1, 2009**.

On September 16, 2009, this Court entered the initial Debtors Bar Date Order establishing **November 30, 2009** as the deadline for each person or entity to file a proof of claim in the initial Debtors' cases.  The corresponding "**Notice of Deadline for filing Proofs of Claim**

**(Including Claims Under Section 503(B)(9) of the Bankrupcy Code**)" specifically states *inter*

*alia*:

PLEASE TAKE NOTICE THAT, on September 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims, including a claim under section 503(b)(9) of the Bankruptcy Code, as described more fully below (a "**503 (b)(9) Claim**"), against any of the Debtors (the "**General Bar Date**"); and (ii) **November 30, 2009at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims agins any of the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (othe than those set forth below as being specifically excluded) that arose prior to **June 1, 2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

(. . .)

1.      WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that arose prior to **June 1, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before **June 1, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009**. (*Emphasis in the original*).

Clearly the Initial Bar Date Order is limited to "prepetition" claims and those which could

be ascertainable prior to June 1, 2009 but not yet "matured," "fixed," "liquidated," or "certain."

The **Mejia Claims** for wrongful death and personal injury neither (1) arose prior to **June 1,**

**2009**;  nor (2) did they exist although "may not have matured or become fixed, or liquidated or certain prior to **June 1, 2009**. Regardless of the Debtor's prepetition wrongful conduct, the **Mejia claims** simply did not exist <u>at all</u> prior to **June 20, 2009**.  Therefore, the claims contemplated in the Bar Date Orders do not include the Mejia claims, and as such they cannot be "disallowed and expunged in their entirety."

But, even if the court finds that the Bar Orders encompass the Mejia Claims, the claims cannot be discharged because the Bar Orders lack the adequate notice required by the Due Process Clause.

**<u>Future "Claims" and the Due Process Clause</u>**

Bankruptcy proceedings and the discharge of any claim therein are subject to the constitutional requirements of the Due Process Clause.  When a debtor does not provide a potential claimant with adequate notice and opportunity to be heard, the claim cannot be discharged.  See, *City of New York v. New York, New Haven & Hartford R.R. Co*., 344 U.S. 293, 296-97 (1953); *Adam Glass Service, Inc. v. Federated Department Stores, Inc*., 173 B.R. 840, 843 (E.D.N.Y. 1994); *In re Union Hospital Assoc.,* 226 B.R. 134, 138 (Bankr. S.D.N.Y. 1998); *In re Emons Industries, Inc*., 220 B.R. 182, 192 (Bankr. S.D.N.Y. 1998) (**holding that future claimants who did not receive notice of bar date could file late claims, but were bound by provisions of plan**).

In widening the definition of the term "claim," the Bankruptcy Code of 1978 created an unintended conflict between two policies relating to mass tort cases.  On the one hand is the bankruptcy goal of final resolution of claims arising from actionable prepetition conduct, and on the other is the individual due process rights of anyone who has been harmed, or may be

harmed in the future, by the debtor's prepetition conduct.  In this case the due process rights of

the Mejia claimants should outweigh the bankruptcy goal of final resolution of all claims.

In attempting to resolve this conflict, courts have interpreted the definition of "claim" in

three different ways: **1)** to exclude claimants who the court believes cannot be afforded

"adequate notice" under due process (*In re Fairchild Aircraft Corp.,* 184 B.R. 910 (Bankr. W.D.

Tex. 1995), vacated, 220 B.R. 909 (Bankr. W.D. Tex. 1998)); **2)** to include even the claims that

are not identifiable by the debtor and finding the Due Process Clause to require only constructive

notice (*In re Storage Technology Corp.,* 117 B.R. 610 (Bankr. D. Colo. 1990); *In re Production*

*Plating, Inc*., 90 B.R. 277 (1988)); and **3)** to satisfy the requirements of due process by the

appointment of  future claims representatives to whom adequate notice can be given (*In re*

*Johns-Manville Corp*., 68 B.R. 618 (Bankr. S.D.N.Y. 1986), aff'd in part and rev'd in part, 78

B.R. 407 (S.D.N.Y. 1987), aff'd, 843 F.2d 636 (2d Cir. 1988); *In re A.H. Robins Co*., 88 B.R.

742, 744 (E.D. Va. 1988), aff'd, 880 F.2d 694 (4th Cir. 1989)).

Moreover, in applying the definition of "claim" to future claims, some circuit courts

including the Second Circuit, have applied the **"conduct test"** finding that a "claim" arises

whenever the debtor's prepetition conduct may cause harm in the future, even if the harm has not

occurred or has not been discovered at the time of the bankruptcy filing.  But the courts have

found that future claims may be included only if the debtor takes sufficient action to ensure

procedural due process is satisfied.  See *In re Emons Industries, Inc*., 220 B.R. 182, 193-94

(Bankr. S.D.N.Y. 1998); *In re Texaco, Inc*., 182 B.R. 937, 951-52 (Bankr. S.D.N.Y. 1995); *In re*

*Johns-Manville Corp*., 57 B.R. 680, 690 (Bankr. S.D.N.Y. 1986); *In re Johns-Manville Corp.*, 36

B.R. 743, 750 (Bankr. S.D.N.Y. 1984), aff'd, 52 B.R. 940 (S.D.N.Y 1985).

Likewise, when "adequate notice" under due process had not been provided to holders of

future asbestosis claims of former employees who had not been diagnosed with the disease prior

to petition, their claims could not be discharged.  See *In re Waterman Steamship Corporation*,

141 B.R. 552 (Bankr. S.D.N.Y. 1992), vacated, 157 B.R. 220 (S.D.N.Y. 1993) and remanded for

determination of adequacy of notice given to future claimants.

### Due Process Requires That The Mejia Claims Not Be Barred

Notice is "an elementary and fundamental requirement of due process in any proceeding

which is to be accorded finality."  See *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S.

306, 314 (1950).  The court found that "[k]nown present beneficiaries of known place of

residence" were entitled to receive personal notice by mail and other claimants "whose interest or

whereabouts could not **with due diligence** be ascertained" could be given constructive notice by

publication. *Id*. (Emphasis added).  Therefore *Mullane* allows notice by publication only when

the potential claimants are "missing or unknown."

In bankruptcy cases, consistent with *Mullane*, courts have held that, when the debtor

knows the identity of the holder of a claim, personal notice (rather than notice by publication) is

constitutionally required, even when the recipient of the notice has actual knowledge of the

bankruptcy case.  See *City of New York v. New York, New Haven & Hartford R.R. Co*., 344 U.S.

293, 296-97 (1953); *In re Brunswick Hospital Center, Inc*., 1997 WL 836684 (Bankr. E.D.N.Y.

1997); *In re Drexel Burnham Lambert Group Inc*., 151 B.R. 674, 682 (Bankr. S.D.N.Y. 1993);

*In re Interstate Cigar Co.,* 150 B.R. 305, 310 (Bankr. E.D.N.Y. 1993); *In re Waterman

Steamship Corp.*, 141 B.R. 552, 558 (Bankr. S.D.N.Y. 1992), vacated and remanded, 157 B.R.

220 (S.D.N.Y. 1993*); In re General Oil Distributors, Inc*., 68 B.R. 603, 604 (Bankr. E.D.N.Y.

1986).

The Mejia claimants were entitled to personal notice because their claims where capable of being ascertained after June 20, 2009.  In addition, even before the claims arose, the trustees failed to appoint a "future claims representatives" to whom adequate notice could  be given to protect the Mejia claimants and their future claims.  The trustees and/or a future claims representative could have become aware, through the exercise of reasonable diligence, as it became known in the public domain, of a fatal automobile accident involving a 2003 SUV Chevrolet Trailblazer, which claimed the lives of two people and injured six others. Furthermore, the Mejia claimants had a relationship and were in privity with General Motors Corporation: they purchased the vehicle brand new from a GM dealer and they had regular maintenance work perform by a GM dealer.  They received no personal notice of the bankruptcy deadline to file claims.

An important policy and objective of  bankruptcy proceedings is to provide the same treatment and opportunity for equitable compensation to all persons who have suffered harm due to the wrongful conduct of debtors.  Given the Mejia claimants so little time to become aware of a potential products liability claim when they were afflicted by their injuries seems inconsistent with that policy.  Even if they had seen the published notice or if they had been aware of the filing of the General Motors Corporation's bankruptcy, they would fall under the class of "unselfconscious " to which the Supreme Court adverted to in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Meaning in the short period of time between **June 20, 2009** and **November 30, 2009**, even if the Mejia claimants could have become aware of the bankruptcy and had seen the published notice of deadline to file claims, they would not have recognized

7

themselves as having a sophisticated potential products liability claims against debtors.  As the court noted in *Mullane*, "process which is a mere gesture is not due process."

Finally, it should be noted that the **Mejia claims** include claims for minors, who were "incompetent" to assert a claim before the deadline of **November 30, 2009** and unless a personal representative is appointed by the court under Rule 7017 of the *Federal Rules of Bankruptcy Procedure*, they continue to hold the rights guaranteed to them by the Constitution under the Due Process Clause.  "Notice to a person known to be an incompetent who is without the protection of a guardian" does not satisfy *Mullane*.  See *Convey v. Town of Summers*, 351 U.S. 141 (1956). Furthermore, the other Mejia claimants where also constructively "incompetent" for purpose of the bankruptcy case because before the deadline of **November 30, 2009**, they could not recognize that they had a potential claim in the bankruptcy case and therefore were not aware of when and how to assert a claim.  Notice by publication is not adequate notice for those future claimants who are not aware of their potential claims and are thus incapable of representing their own interest in the bankruptcy case.  The Supreme Court has recognized the deficiency of constructive notice for those incapable of understanding it. *Id* at 146. Therefore, for the **Mejia Claims**, absent personal notice by mail, "adequate notice" could have only been given to a *guardian ad litem* or a future claims representative.  Therefore, adequate notice could not have been given to the Mejia minors and at the very least, these claims should survive.

<u>Conclusion</u>

Holders of future post-petition Products Liability personal injury claims present a challenge to Bankruptcy courts.  Nevertheless, they are entitled in equity to full consideration and fairness as well as constitutionally required due process.  The holder of a claim who does not know about it cannot protect his or her rights.  Bankruptcy courts have the power under Rule

7017 of the *Bankruptcy Code* to appoint guardians or representatives to protect the interest of the "incompetent" claimants in bankruptcy proceedings.  The Mejia claimants respectfully request that this court deny the relief requested in the 245th omnibus objection to claims and the motion requesting enforcement of bar date orders.

Dated: Laguna Beach, California
       September 19, 2011

                               /s/ Edoardo Rigo Salvatore
                               Edoardo Rigo Salvatore (CA Bar No. 224207)

                               SALVATORE & NOKES LLP
                               410 Broadway, Suite 100
                               Laguna Beach, CA92651
                               (949) 494-0909
                               Attorneys

# EXHIBIT 1 - COLLISION REPORT

# Highway Collision Report

Interstate 85 South of Jimmy Carter Blvd.
Norcross, Georgia
June 20, 2009

Gwinnett County Police Case Number 09-0059574

Inv. M.Ricciardi #729



Case Number: 09-0059574
June 20, 2009

Gwinnett County Police Department
770 Hi-Hope Road
Lawrenceville, GA 30045

# Contents

Defendant, Criminal Charges, Date/Time, Location.................................................................4

Collision Scenario.................................................................................................................5

Victims..................................................................................................................................5

Vehicles.................................................................................................................................5

Witness List..........................................................................................................................6

Exhibits.................................................................................................................................8

Factual Information..............................................................................................................9

Conclusion...........................................................................................................................12

## Deceased

Graciela Villamizar
3151 Shanty Court
Kennesaw, GA 30144
Hispanic / female / 67 y.o.a.
D.O.B. 05/28/1942

Javier Majia
3151 Shanty Court
Kennesaw, GA 30144
Hispanic / male / 15 y.o.a.

## Criminal Charges

1 Failure to Maintain Lane  40-6-48

## Date / Time

Saturday June 20,2009      1308 hours

## Location

Interstate 85 Southbound south Jimmy Carter Blvd.

## Collision Scenario

Driver #1, Maria Mejia, was driving southbound on Interstate 85. Her vehicle was in the second lane from the right. She believed that a collision was imminent the vehicle in the lane to her right which had merged onto the highway. Ms Mejia attempted a maneuver to prevent a collision. This caused her to lose control of her vehicle and the vehicle to overturn. Two passengers were ejected from the vehicle and subsequently died from their injuries.

## Vehicles

1.  2003 Chevrolet Trailblazer
    VIN: 1GNES16S536218975
    Registered Owner: Juan C. Mejia
    P.O. Box 6098
    3151 Shanty Court NW
    Kennesaw, GA 30144
    Driver: Alejandra Mejia

2.  1994 BMW 318IS
    VIN: WBABE5327RJA08897
    Registered Owner: Roman Staniszewski
    2825 Duar Terrace
    North Port, FL 34291
    Driver: Ashton Staniszewski

# Witnesses

1. Ofc. J. Santiago #1122                                    Responding Officer
   Gwinnett County Police Department
   P.O. Box 602
   Lawrenceville, GA 30046
   (770) 513-5100

2. Ofc. V. Difatta #1170
   Gwinnett County Police Department          Responding Officer
   P.O. Box 602
   Lawrenceville, GA 30046
   (770) 513-5100

3. Sgt. D.A. Llorens #426                                    District 1 Supervisor
   Gwinnett County Police Department
   P.O. Box 602
   Lawrenceville, GA 30046
   (770) 513-5100

4. Ofc. B. Pillon #906                                       Responding Officer
   Gwinnett County Police Department
   P.O. Box 602
   Lawrenceville, GA 30046
   Work Phone:  (770) 513-5000

5. Sgt. T.W. Smith #257                                      A.I.U. Supervisor
   Gwinnett County Police Department
   P.O. Box 602
   Lawrenceville, GA 30046
   Work Phone:  (770) 513-5000

6. Inv. M. Ricciardi #729                                    Lead A.I.U. Investigator
   Gwinnett County Police Department
   P.O. Box 602
   Lawrenceville, GA 30046
   Work Phone:  (770) 338-7430 x5672

7. Mr. Ted Bailey                                            M.E. Investigator
   Gwinnett County Medical Examiner's Office
   175 Langley Drive Suite E-1
   Lawrenceville, GA 30045
   Work Phone: (770 513-7400

8.      Dr. Michele T. Stauffenberg, M.D.                    Medical Examiner
        Gwinnett County Medical Examiner's Office
        175 Langley Drive Suite E-1
        Lawrenceville, GA 30045
        Work Phone: (770) 513-7400

9.      Ms Maria Alejandra Mejia                             Driver #1
        3151 Shanty Court
        Kennesaw, GA 30144
        Phone: (770) 794-0794

10.     Mr. Ashton Staniszewski                              Driver #2
        6357 Aarons Way
        Flowery Branch, GA 30542
        Phone: (941) 457-9230

11.     Ofc. R. Broccoli, #922                               Traffic Control
        Gwinnett County Police Department
        P.O. Box 602
        Lawrenceville, GA 30046
        Work Phone:  (770) 513-5000

12.     Sgt. J. Patterson, #193                              Traffic Control
        Gwinnett County Police Department
        P.O. Box 602
        Lawrenceville, GA 30046
        Work Phone:  (770) 513-5000

13.     Inv. CR King, #930                                   A.I.U. Investigator
        Gwinnett County Police Department
        P.O. Box 602
        Lawrenceville, GA 30046
        Work Phone:  (770) 513-5000

14.     Ofc. C. Long, #739                                   Traffic Control
        Gwinnett County Police Department
        P.O. Box 602
        Lawrenceville, GA 30046
        Work Phone:  (770) 513-5000

| 15. | Ofc. J. West, #669<br>Gwinnett County Police Department<br>P.O. Box 602<br>Lawrenceville, GA 30046<br>Work Phone: (770) 513-5000 | Traffic Control |
| 16. | Ofc. MJ Pihera, #868<br>Gwinnett County Police Department<br>P.O. Box 602<br>Lawrenceville, GA 30046<br>Work Phone: (770) 513-5000 | Traffic Control |
| 17. | Sgt. R.J. Huckabey, #299<br>Gwinnett County Police Department<br>P.O. Box 602<br>Lawrenceville, GA 30046<br>Work Phone: (770) 513-5000 | Responding Supervisor |
| 18. | Ofc. I. Caldwell, #1107<br>Gwinnett County Police Department<br>P.O. Box 602<br>Lawrenceville, GA 30046<br>Work Phone: (770) 513-5000 | Traffic Control |
| 19. | Inv. M.A. Niziurski, #820<br>Gwinnett County Police Department<br>P.O. Box 602<br>Lawrenceville, GA 30046<br>Work Phone: (770) 513-5000 | A.I.U. Investigator |
| 20. | Ofc. E.C. Adams, #1275<br>Gwinnett County Police Department<br>P.O. Box 602<br>Lawrenceville, GA 30046<br>Work Phone: (770) 513-5000 | Traffic Control |
| 21. | Ofc. MB Hollub, #1046<br>Gwinnett County Police Department<br>P.O. Box 602<br>Lawrenceville, GA 30046<br>Work Phone: (770) 513-5000 | Traffic Control |

| 22. | Ms Melissa Colwell<br>102 Colonial Dr.<br>Taccoa, GA 30577<br>Phone: (678) 446-1259 | Witness |
| --- | --- | --- |
| 23. | Mr. Andrew D. Johnson<br>5595 Princeton Oaks Dr.<br>Sugar Hill, GA 30518<br>Phone: (678) 886-6015 | Witness |
| 24. | Mr. Luke Crown<br>3775 John Herndon Ct.<br>Suwanee, GA 30024 | Witness |
| 25. | Mr. Anthony Roides<br>3248 Trinity Mill Cir.<br>Atlanta, GA 30301 | Witness |
| 26. | Mr. Samuel Edward Green<br>65 Ridgeview Trl. S.E.<br>Cartersville, GA 30120 | Witness |
| 27. | Mr. John Barnette<br>1060 Wetherburn Way<br>Watkinsville, GA 30677<br>Phone: (706) 769-5029 | Witness |
| 28. | Ms Britni Galaviz<br>4481 Plantation Mill Trl.<br>Buford, GA 30519<br>Phone: (770) 905-4610 | Witness |
| 29. | Mr. Edwin M Halkyard IV<br>5034 Ravenwood Dr.<br>Marietta, GA 30066<br>Phone: (770) 591-8321 | Witness |

# Exhibits

E-1     Original State of Georgia Collision Report, Form DMVS523, Case 09-0059574
Completed by: Inv M. Ricciardi #729, Completed on: June 20,2009.

E-2     Gwinnett County Police Department Computer Aided Dispatch (CAD) call, Police Call
#P091710822, Generated on: June 20,2009.

E-3     Gwinnett County Police Department Computer Aided Dispatch (CAD) call, Fire call
#F09032069, Generated on June 20,2009.

E-4     Gwinnett County Police Department Impound Form, 2003 Chevrolet Trail Blazer, Beige,
Georgia Registration: APX4856, VIN: 1GNES16S536218975, Registered to: Juan Carlos
Mejia, completed by Ofc I. Caldwell #1107.

E-5     Gwinnett County Police Department Impound Form , 1994 BMW 318IS, Black, Florida
Registration: J555LI, VIN: WBABE5327RJA08897, Registered to: Roman Staniszewski,
completed by Ofc. MB Hollub #1046.

E-6     Gwinnett County Medical Examiner's Report, Case # 09G-0529 for Graciela Villamizar
completed on June 22,2009 by Dr. Michele T. Stauffenberg, M.D..

E-7     Gwinnett county Medical Examiner's Report, Case # 09G-0530 for Francisco Javier Mejia
Completed on June 20, 2009, by Dr. Michele T. Stauffenberg, M.D..

E-8     Gwinnett County Police Department Accident Investigation Unit Vehicle Inventory and
Inspection Report, 16 pages, completed on June 22, 2009 by Inv. M. Ricciardi #729.

E-9     Witness Statements , 13 pages, collected by Inv. M. Ricciardi #729.

E-10    Crash Data Retrieval System Report for Vehicle #1, down loaded on June 24, 2009 by
Inv. CR King, #930.

E-10    Final State of Georgia Collision Report, Form DMV523, Case# 09-059541
Completed by Inv. M. Ricciardi #729, Completed on October 15,2009.

# Fatality Motor Vehicle Collision, Interstate 85 South of Jimmy Carter Blvd.

## Factual Information

### Pre Collision Events

In the afternoon hours of June 20, 2009, a Chevrolet Trailblazer driven by Ms Alejandra Mejia went out of control on the southbound lanes of Interstate 85 south of Jimmy Carter Boulevard. The Trailblazer struck a BMW 318IS driven by Mr. Ashton Staniszewski. The Trailblazer subsequently was involved in a roll over, during which two of the vehicle's passengers were ejected and killed.

### Post Collision Events

At 1:08 P.M., on June 20th 2009 the Gwinnett County 911 Call center received a report of a motor vehicle collision on I85 Southbound south of Jimmy Carter Blvd. near Norcross, GA in Gwinnett County.

At 1:08 P.M., Gwinnett County Police Communications dispatched Officer J. Santiago, #1122, to the collision location. Ofc. Santiago was assigned to District 1, West Precinct, zone 123 of the Gwinnett Police Department. Ofc. B. Pillon also started toward the location and was the first officer to arrive at 1:11 P.M.. Sgt D. Llorens #426, was the District 1 Supervisor on duty. At 1:13 P.M., he requested the Accident Investigation Unit be called out to the scene. On June 20, 2009, I was the on-call investigator for the unit. I arrived at the scene at 1:41 P.M. and assumed the role of lead investigator. One person was dead at the scene and was in the roadway covered by a white sheet. The body was subsequently identified as Graciela Villamizar. I spoke to Sgt. Llorens. He informed me that another person was severely injured and had been transported to Gwinnett Medical Center for treatment. That person was determined to be Francisco Javier Mejia. He was pronounced dead at Gwinnett Medical Center. Additionally, he said all passengers from vehicle one had been transported to local hospitals with less severe, non life threatening injuries. The driver of vehicle two was at the scene and uninjured.

Interstate 85 is a fully controlled access highway. This section of Interstate 85 runs from north to south and has no remarkable grades or curves. The posted speed limit is 55 miles per hour. It is comprised of six regular lanes and a seventh lane designated as a high occupancy vehicle lane and is bounded on the left by a solid yellow line and concrete median barrier. The lanes are separated by broken white lines. The right or west edge of the roadway is bounded by a white fog line. On this day the weather was clear and dry. I walked the length of the scene from north to south. I began where the first evidence of the collision appeared. Tire marks indicated where vehicle #1 began to lose control. This was demonstrated by a critical speed yaw mark going from right to left in a line curving counter clockwise and continuing in the direction of the final rest position of vehicle #1. See Figure 1.



Figure 1:  Roadway Evidence                Figure 2: Crash Debris

While I looked over the crash site; Inv. King marked the scene using green aerosol pavement marking paint for vehicle #1 and pink aerosol pavement marking paint for vehicle #2.  Inv. Niziurski documented the scene with digital photographs of the roadway marks and documentary paint marks.

Following the previously noted critical speed yaw mark, it was clear the vehicle began to rotate counter clockwise due to steering input from the driver.  During this maneuver, the right rear tire lost air pressure and the wheel created a deep gouge mark in the pavement. The other tires on the vehicle experienced pressure losses and the vehicle began to overturn.  While the vehicle was overturning, two of the passengers previously described were ejected. While the tires of vehicle #1 were out of contact with the ground, they impacted the right windshield of vehicle #2 causing damage to the windshield and hood. The vehicle came to final rest in an upright attitude and facing generally north in relation to the roadway.



Figure 3: Gouge from right rear wheel.        Figure 4:  Damage to vehicle #2.

While looking over the involved vehicles, I found that the right rear tire of vehicle #1 had a foreign object imbedded in the center of the tread. It appeared that a screw or nail had penetrated the tire. See figure 4. This could account for that tire being compromised and loosing pressure when the stresses of driver #1's steering input were applied to it. There was no evidence of vehicle collision prior to vehicle #1 loosing control. Vehicles #1 and #2 were impounded and were escorted to the AIU impound lot at police headquarters by Sgt. T.W. Smith, #257 where they were held for further inspection.



Figure 4: Foreign object in right rear tire.          Figure 5: Foreign object in tire alternate view.

## Vehicle Inspection

On June 22, 2009, I inspected the vehicles involved in this collision at the Gwinnett County Police Headquarters.

I inspected the 1994 BMW. The vehicle displayed contact damage from impact caused by vehicle #2 landing on it as vehicle #2 overturned. The damage extended from the right front roof line above the windshield to the leading edge of the hood and included the right front fender and included the passenger "A" pillar. The imprint of a tire was clearly visible on the hood. All systems of the vehicle appeared to be in working order. Nothing was found that would be considered a contributing factor in this crash.




Figure 6: Contact damage caused by vehicle #1.          Figure 7:  Damage to vehicle #1.

I inspected the 2003 Chevrolet Trail Blazer.  I found the vehicle to have a sever amount of damage. The Trail Blazer showed extensive damage over the majority of the exterior surfaces. The vehicle showed extensive contact damage from the overturning and sliding on the roadway. All observed portions of the vehicle body were severely deformed. The vehicle's body panels exhibited extensive contact damage characterized by crumpled, torn and deeply abraded metal. The right front door had areas coated by dried red fluid that appeared to be blood. The roof had been removed by fire department personnel using hydraulic tools and door and window frames had been pried from their original positions in the same manner.

The vehicle was equipped with three General Meritrac P245/70R17 tires on the left and right front and right rear positions. A Lemans Pathmaker HT P245/70R17 was mounted on the left rear wheel. All tires had zero air pressure, and the left rear wheel assembly had been detached due to impact forces. All four wheel rims displayed deep abrasion caused by sliding on the roadway surface as the vehicle overturned. As mentioned previously, the right rear tire displayed a screw or nail in the center of the tread at about the 9 o'clock position.  All tires had adequate tread depth for safe operation.

The vehicle was equipped with a manual transmission and the gear selector was in park at the time of inspection.  The driver and passenger air bags had not deployed.  The speedometer is an analog type and showed a reading of zero.

The vehicle interior was relatively intact with no indications of intrusion.  The steering wheel appeared to be in its manufactured position.  All passenger seats appear to be in their manufactured positions and intact.  All seatbelts show evidence of being in use at the time of the crash as evidenced by extended locked position, blood staining on the exposed portion of the belt in the worn position or mechanically cut post crash during passenger extraction; with the exception being the second row center position which did not show signs of being in use at the time of the collision. This belt was fully retracted in the stowed position and moved freely.

The crash data recorder was downloaded by Inv. C.R. King, #930.  The resulting data was view.  It indicated that driver #1's seat belt was buckled.  The system displayed data for a non airbag deployment. No other data relevant to this investigation was discovered.

There were no recalls found that could be interpreted as contributing factors in this crash.


**Collision Analysis**

Vehicle #1, a 2003 Chevrolet Trailblazer, driven by Ms Maria A. Mejia, was traveling southbound on Interstate 85 in the third from the right lane. Vehicle #2, a 1994 BMW, driven by Mr. Ashton Staniszewski was in the lane adjacent and to the left of vehicle #1. Ms Mejia saw a vehicle to her right begin to change lanes and perceived that a collision was imminent.  She forcefully steered her vehicle to the left in order to avoid an impact.  This maneuver caused her vehicle to yaw counter clockwise. Some time during this yaw the right rear tire deflated, allowing the wheel rim to engage the pavement

and causing the vehicle to over turn multiple times.  This event led to vehicle #1 landing on the front of vehicle #2 and continued to overturn, ejecting two of vehicle #1's passengers.

## Conclusion:

Initial questioning at the scene of the available witnesses and driver #2 indicated that driver #1 executed an evasive maneuver in response to a perception that collision with a vehicle in the lane to her right was imminent.  The witnesses indicated that driver #1 "over reacted" to the other vehicle and that a collision was not imminent. This was reinforced by written statements made on the day of the wreck and in follow up interviews with witnesses.  See written statements included in the exhibits section.  Driver #1 held a class CP license, commonly known as a learners permit.  The license was issued on August 7, 2008, a span of about 10 months prior to the accident.  She was operating sport utility type vehicle with all eight seats occupied on a high speed controlled access highway.  Mr. Luke Crown in his written witness statement dated June 24, 2009 says that he spoke with Driver #1 at the scene and she made the following statement: "It was all my fault, I shouldn't have been driving". It is plausible that driver #1's lack of driving experience, combined with highway speeds and an over reaction to the maneuver of another vehicle, caused her to swerve.  The vehicle had a tire on the right rear that had been compromised by a foreign object.  It would be expected that this tire was not at optimum air pressure due to air escaping past the embedded screw.  This lower pressure would allow the tire to deflect when acted upon by the strain of sudden and vigorous steering input. Multiple witnesses describe vehicle #1 as "swerving, over correcting, fishtailing etc".  This deflection would allow the wheel rim to make contact with the road surface.  This was evidenced by the significant gouge mark located at the beginning of the crash scene.  The vehicle began to overturn and two passengers were ejected and killed.

It is my opinion that a lack of driver experience, influenced by the prevailing traffic conditions, and aggravated by a compromised tire were the factors responsible for this crash.

I met driver #1 and her father, passenger #3, at the office of attorney John Collar at 400 Galleria Pkwy in Atlanta on August 10, 2009.  This interview was conducted in order to determine if the family wished to pursue charges against driver #1 for vehicular homicide for the deaths of her grandmother and younger brother.  It is the family's position that nothing would be accomplished by such action.  This tragic event had deeply affected this family.  In keeping with the family's wishes, no prosecution will be sought in this case.





















# EXHIBIT 2 - PROOFS OF CLAIM

# MLC

v1.0a

Home

Claims Information

Schedules & Statement

Media

Real Estate & Asset Sales

Investor Information

MLC Corporate Information

FAQ

Contact Us

Secure Login

## Creditor Summary

Claims Information -> Claim Register -> Creditor Summary

| | As Filed | | | | | Current |
|---|---|---|---|---|---|---|
| Current Status | Count | Secured | Administrative | Priority | Unsecured | Total |
| | 6 | $0.00 | $0.00 | $0.00 | $12,000,000.00 | $12,000,000.00 |
| | 6 | $0.00 | $0.00 | $0.00 | $12,000,000.00 | $12,000,000.00 |

### Filed Claim Lists

| Claim# | Creditor | Filed Date | Filed Amount | Current Total | Debtor | Image |
|---|---|---|---|---|---|---|
| 71185 | ARANZUZA MEJIA | 6/17/2011 12:00:00 AM | 2000000.0000 | 2,000,000.0000 | | |
| 71185 | ARANZUZA MEJIA | 06/17/2011 | | $2,000,000.00 | $2,000,000.00 | Motors Liquidation Company |
| 71186 | JUAN CARLOS MEJIA | 6/17/2011 12:00:00 AM | 2000000.0000 | 2,000,000.0000 | | |
| 71186 | JUAN CARLOS MEJIA | 06/17/2011 | | $2,000,000.00 | $2,000,000.00 | Motors Liquidation Company |
| 71187 | MARIA ALEJANDRA MEJIA | 6/17/2011 12:00:00 AM | 2000000.0000 | 2,000,000.0000 | | |
| 71187 | MARIA ALEJANDRA MEJIA | 06/17/2011 | | $2,000,000.00 | $2,000,000.00 | Motors Liquidation Company |
| 71188 | ARANZUZA MEJIA AS GUARDIAN OF LUCAS MEJIA | 6/17/2011 12:00:00 AM | 2000000.0000 | 2,000,000.0000 | | |
| 71188 | ARANZUZA MEJIA AS GUARDIAN OF LUCAS MEJIA | 06/17/2011 | | $2,000,000.00 | $2,000,000.00 | Motors Liquidation Company |
| 71189 | ARANZUZA MEJIA AS GUARDIAN OF SANTIAGO MEJIA | 6/17/2011 12:00:00 AM | 2000000.0000 | 2,000,000.0000 | | |
| 71189 | ARANZUZA MEJIA AS GUARDIAN OF SANTIAGO MEJIA | 06/17/2011 | | $2,000,000.00 | $2,000,000.00 | Motors Liquidation Company |
| 71190 | ARANZUZA MEJIA AS GUARDIAN OF NICOLAS MEJIA | 6/17/2011 12:00:00 AM | 2000000.0000 | 2,000,000.0000 | | |
| 71190 | ARANZUZA MEJIA AS GUARDIAN OF NICOLAS MEJIA | 06/17/2011 | | $2,000,000.00 | $2,000,000.00 | Motors Liquidation Company |

Records per page: 25

Records: 1 - 6 of 6 - Pages: |<< << 1 >> >>|

| Schedule# | Creditor | Filed Date | Scheduled Amount | Debtor | Image |
|---|---|---|---|---|---|
| | | | There are no records available. | | |

Records per page: 25

Records: 0 - 0 of 0 - Pages: |<< << 1 >> >>|

Notes

September 15, 2011 (4:11:19:26 PM

**Disclaimer:** The material and historical information disclosed on this site is for informational purposes only and is not intended to be legal advice or indicative of future performance. Please consult an attorney for advice specifically relating to your legal matter. Motors Liquidation Company is not responsible for and makes no representations about the content, completeness, or accuracy of any other web sites that are accessible through this site.

Copyright ©2009 MotorsLiquidation.com | (43)

Home

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT   Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  GENERAL MOTORS CORPORATION | Case Number:  09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):  ARANZUZA MEJIA | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:  Edoardo Rigo Salvatore, Esq.  SALVATORE & NOKES, LLP  410 Broadway, Suite 100  Laguna Beach, CA 92651  Telephone number:  (949) 494-0909 | Court Claim Number:_____  *(If known)*  Filed on:_____ |
| Name and address where payment should be sent (if different from above):  Same as above  Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:   $   2,000,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

**2. Basis for Claim:** Personal Injury/Wrongful death on June 20, 2009. See attached.
(See instruction #2 on reverse side.)

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**3.** Last four digits of any number by which creditor identifies debtor: _____

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

Value of Property:$_____   Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

Amount of Secured Claim: $_____   Amount Unsecured: $_____

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:  06/16/2011 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:    GENERAL MOTORS CORPORATION | Case Number:    09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):    JUAN CARLOS MEJIA | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Edoardo Rigo Salvatore, Esq.<br>SALVATORE & NOKES, LLP<br>410 Broadway, Suite 100<br>Laguna Beach, CA 92651<br><br>Telephone number:<br>(949) 494-0909 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>Same as above<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $                2,000,000.00<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**    Personal injury/Wrongful death on June 20, 2009. See attached.<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>Value of Property:$_____  Annual Interest Rate_____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____   Basis for perfection: _____<br><br>Amount of Secured Claim: $_____   Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | Amount entitled to priority: |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | $_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>06/16/2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: GENERAL MOTORS CORPORATION | Case Number: 09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): MARIA ALEJANDRA MEJIA | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: <br><br> Edoardo Rigo Salvatore, Esq. <br> SALVATORE & NOKES, LLP <br> 410 Broadway, Suite 100 <br> Laguna Beach, CA 92651 <br><br> Telephone number: <br> (949) 494-0909 | Court Claim Number: _____ <br> *(If known)* <br><br> Filed on: _____ |
| Name and address where payment should be sent (if different from above): <br> Same as above <br><br><br> Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $        2,000,000.00 <br><br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. <br><br> Specify the priority of the claim. |
| **2. Basis for Claim:**    Personal injury on June 20, 2009. See attached. <br> (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____ <br><br> **3a. Debtor may have scheduled account as:** _____ <br> (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)** <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other <br> Describe: <br><br> Value of Property:$_____  Annual Interest Rate_____% <br><br> Amount of arrearage and other charges as of time case filed included in secured claim, <br> if any: $_____    Basis for perfection: _____ <br><br> Amount of Secured Claim: $_____    Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). <br><br> ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). <br><br> ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) <br><br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br><br> If the documents are not available, please explain: | **Amount entitled to priority:** <br><br> $_____ <br><br> *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date: 06/16/2011 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> Edoardo Rigo Salvatore | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: GENERAL MOTORS CORPORATION | Case Number: 09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): ARANZUZA MEJIA as guardian of NICOLAS MEJIA | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: Edoardo Rigo Salvatore, Esq. SALVATORE & NOKES, LLP 410 Broadway, Suite 100 Laguna Beach, CA 92651  Telephone number: (949) 494-0909 | Court Claim Number: _____ (If known)  Filed on: _____ |
| Name and address where payment should be sent (if different from above): Same as above  Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:    $    2,000,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any  portion of your claim falls in one of the following categories, check the box  and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

**2. Basis for Claim:** Personal injury on June 20, 2009. See attached.
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property:$_____  Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 06/16/2011 | Signature: The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  *Edoardo Rigo Salvatore* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:    GENERAL MOTORS CORPORATION | Case Number:    09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>ARANZUZA MEJIA as guardian of LUCAS MEJIA | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Edoardo Rigo Salvatore, Esq.<br>SALVATORE & NOKES, LLP<br>410 Broadway, Suite 100<br>Laguna Beach, CA 92651<br><br>Telephone number:<br>(949) 494-0909 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Same as above<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:    $    2,000,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim: __Personal injury on June 20, 2009. See attached.__<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: _____<br><br>    3a. Debtor may have scheduled account as: _____<br>    (See instruction #3a on reverse side.) | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other<br>Describe:<br><br>Value of Property:$_____    Annual Interest Rate_____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____    Basis for perfection: _____<br><br>Amount of Secured Claim: $_____    Amount Unsecured: $_____ | ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>Amount entitled to priority:<br><br>$_____ |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | | |
|---|---|---|
| Date:<br>06/16/2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Edoardo Rigo Salvatore* | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  GENERAL MOTORS CORPORATION | Case Number:  09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):  ARANZUZA MEJIA as guardian of SANTIAGO MEJIA | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:  Edoardo Rigo Salvatore, Esq.  SALVATORE & NOKES, LLP  410 Broadway, Suite 100  Laguna Beach, CA 92651  Telephone number:  (949) 494-0909 | Court Claim Number: _____ *(If known)*  Filed on: _____ |
| Name and address where payment should be sent (if different from above):  Same as above  Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:    $            2,000,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

| 2. Basis for Claim:   Personal injury on June 20, 2009. See attached.  (See instruction #2 on reverse side.) |
|---|
| 3. Last four digits of any number by which creditor identifies debtor: _____  3a. Debtor may have scheduled account as: _____  (See instruction #3a on reverse side.) |

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$ _____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. |
|---|

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:  06/16/2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  *Edoardo Rigo Salvatore* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18, employed in the County of Orange, State of California, and not a party to the within action; my business address is 1820 N. Bush Street, Santa Ana, CA 92706.

On **September 19, 2011**, I served a copy, with all exhibits and attachments, of the foregoing document described as **CLAIMANT'S RESPONSE TO THE 245TH OMNIBUS OBJECTION TO CLAIMS AND CLAIMANTS' OPPOSITION TO MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS** on the party or parties named below, by placing a true copy thereof enclosed in sealed envelopes, and sent as follows:

## See Attached Service List

_____ BY MAIL as follows: I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I sealed the envelope and placed it for collection and mailing on said date following ordinary practices. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (l) day after date of deposit for mailing in affidavit.

X\_\_\_\_\_ BY PERSONAL SERVICE: I caused such document(s) to delivered by hand to the offices of the addressee(s) listed above.

_____ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X\_\_\_\_\_ FEDERAL: I declare that I am employed in the office of a member of a bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 19, 2011** at Santa Ana, California.

SUSAN MCGRATH

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES**

1

2

3

IN RE: MOTORS LIQUIDATION COMPANY
USBK Case No.: 09-50026 (REG)

SERVICE LIS

| DICKSTEIN SHAPIRO, LLP<br>Attn: Barry N. Seidel, Esq.<br>1633 Broadway<br>New York, NY 10019-6708<br>Tel: (212) 277-6500<br>Fax: (212) 277-6501 | Attorneys for GUC Trust |
|---|---|
| Debtors<br>c/o Motors Liquidation Company<br>Attn: Thomas Morrow<br>401 South Old Woodward Avenue<br>Suite 370<br>Birmingham, Michigan 48009<br>Tel: (248) 594-4829 | Debtors |
| General Motors, LLC<br>Attn: Lawrence S. Buonomo, Esq.<br>400 Renaissance Center<br>Detroit, Michigan  48265<br>Tel: (313) 665-7390<br>Fax: (248) 267-4291<br>Email: lawrence.s.buonomo@gm.com | General Motors, LLC |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES**