UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



In re

| | |
|---|---|
| MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al. Debtors. | Chapter 11 Case No. 09-50026 (REG) (Jointly Administered) |

Objection to Debtor's DISALLOWING AND EXPUNGING OF TRACY WOODY'S PROOF OF CLAIM AND AMENDED PROOF OF CLAIM IN THE 243RD OMNIBUS OBJECTION TO CLAIMS AND OBJECTION TO MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS AND A MOTION REQUESTING SANCTIONS AGAINST "GM" AND IT'S ATTORNEYS, BARRY N. SIEBEL AND STEFANIE BIRBROWER GREER OF DICKSTEIN SHAPIRO LLP
(Late-Filed Claims)

1. The claimant, Tracy Woody, for the second time (2) scheduled for Motion and Hearing on September 26, 2011 is objecting to the disallowing and expunging of my proof of claim #70490 that was filed 10/25/10 with the Bankruptcy court heard the first time before the Honorable Judge Robert E. Gerber with the previous Attorney's Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, NY 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.). As the claimant, I am also requesting a Motion of Sanctions to file against General Motors Corporation ("GM") in the amount of $25,000 or whatever the court deems is reasonable and their 2nd set of Attorney's Barry N. Seidel and Stefanie Birbrower Greer of Dickstein Shapiro LLP in the amount of $15,000 or whatever the court deems is reasonable on the same issue of Baring my proof of claim due for the second (2nd) time of Bar Date set in GM's case

11/30/2009 which demonstrates GM's refusal to handle the liability incurred by them for presenting and manufacturing a defective vehicle, product liability vehicle, namely a Chevrolet Suburban SUV, which was presented to the consumer, the claimant, at the time of purchase, in regards to a mechanical inspection in which the vehicle was inspected to have defects in the instrument cluster, speedometer or stepper motor and a panel cluster problem, misrepresentation of the vehicle and due to fraud of GM of the condition of the vehicle sold at the time of purchase, downtime, repairs, court cost and fees, cost incurred in renting another vehicle, court call fees on 3 occasions regarding this matter, and relief due to the Magnuson Warranty Act and the Uniform Commercial Code Summary entitling Revocation of the contract, reimbursement of expenses including repairs to the vehicle including the fuel pump, replacement of battery, which intermittently failed due to fuel pump drainage problems. I have not recovered from the defective one, my loss and damages as of yet, of vehicle purchased over $25,000 in value considered like a cost value of a piece of property, and that was defective requires the consumer to seek relief against the manufacturer and their related parties as they are named in legal litigation.

2. An Order issued from the Honorable Judge granted an allowable claim by this Bankruptcy Court in which my claim was initially filed 10/25/10 claim number #70481 and amended claim of damages and losses with attached documentation of such damages filed by 2/8/11 against General Motors Corporation ("GM") in a previous Motion and Hearing, I object that my claim and amended claim was not listed in the established and allowable claims of the Debtor, "GM" and that "GM"

fraudulently listed my claim as 0 (zero) due to their defects and the financial loss the SUV impended on my ability to work, to be plunged into bankruptcy myself with continued harm financially, and to with payments made of $9,241.62 ($467.88*19) +$351.90) made during the defective period of the vehicle which also adds to my loss.

3. "After the Presiding Judge heard the facts in open court that GM did not mail me a proof of claim required for Debtors to administer and mail all proof of claims to litigants including myself listing GM as an included Defendant due to legal action pending at the time against them in the Wake County Courthouse, Raleigh, NC outlined by Federal Bankruptcy Law as well as all but 1 progressive court documents in their Bankruptcy case up until the 1st Hearing of the Chapter 11 Plan and Hearing of the discussion of Motion to Objection to Bar my proof of claim made by Weil, et. Al., 1st Attorney representative in the hearing entitled Objection to Debtor's For Entry of an Order Establishing Claims Reserves in Connection with Distributions to be Made Under the Debtors' Amended Joint Chapter 11 Plan with Respect to, Among Other Things, Certain Unliquidated Claims" an Order was granted by the Presiding Judge, Robert Gerber, to allow my claim within a certain 30 day window; however, not only the claim was filed the year before but also an amended claim was filed to state more specific details regarding loss, damages, and claims in which according to the PROOF OF CLAIM section: "UNLIQUIDATED..., a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again."

4. The claim arised from a lawsuit attached to the claim filed against GM for manufactured defects and product liability, fraud, et. al. from the time of purchase of their manufactured Chevrolet Suburban SUV. Claims in the case also included Magnuson-Moss Warranty Act, Uniform Commercial Code Summary entitling a Revocation of contract, exist several legitimate claims in this case that I have stated with specificity including evidence supplied partly by GM themselves and as a result of a lawsuit filed previously against GM the manufactured defects in the SUV where the instrument cluster, speedometer or stepper motor and a panel cluster problem were defective noted by a mechanic that provided a repair of the SUV purchased and the over 2 year time period that I was not aware of those manufactured defects and non performance cause me to experience financial hardship and downtime that impacted my having a reliable vehicle for work and expense helped plunge me into bankruptcy and repeatedly did not perform and conform was not included in the list of established claims. My claim stated the full loss shared by all 6 defendants including GM $39,376.02 and due to still renting a vehicle consideration a cap of $41,228.62 was allowed in my claim in which in the 1st hearing the Court received with the attached claim and related initial Complaint and related damages and expenses of documents was served on the Defendants mentioned in the Proof of Claim form themselves that I downloaded and indicated that it was an amended claim from #70481 filed 10/25/10. With a conversation of an Attorney at Weil, Gotshal & Manges LLP I could actually amend my claim because I initially filed a claim previously.

I, the claimant, pray that this Honorable Court grant the following relief:

1.  Continue to Enforce the Order of allowing the claimants proof of claim as stated and that due to General Motors Corporation ("GM") being sued by by interested party, Tracy Woody, initially in the District Court of Wake County of Raleigh, NC and presented in the U. S. Bankruptcy Court for the Southern District of New York, on the same complaint of product liability and manufactured defects at the time of purchasing a Chevrolet Suburban SUV manufactured by GM, fraud, et. al, named in the Complaint and lawsuit including 5 other defendants and a claim for damages and losses was allowed to be filed by Tracy Woody against General Motors Coporation in the Bankruptcy court that my initial claim filed on 10/25/10 became allowable (court claim number 70481) and, thus could be amended to an actual dollar figure of 6 defendants caped at $41,228.62 to be listed as an allowed and established claim against Motors Liquidation Company f/k/a General Motors Corporation.

2.  Sanctions be imposed on GM for $25,000 or whatever the court deems reasonable and their Attorneys for $15,000 or whatever the court deems reasonable Stefanie Birbrower Greer and Barry N. Seidel for bringing up for the 2nd time an Object to the Bar Date of the proof of claim that the Presiding Judge has already allowed the proof of claim, and that cost me court call time on the same issues, cost of paperwork and mailings, etc. to address the very same issue, and for GM's fraudulently claiming that the proof of claim is ZERO, and for allowing Chapter 11 not to be a shelter for fraudulent activity of GM in the case of the manufacturer of a defective

       vehicle outlined in this complaint who is responsible for my losses and

       damages in this case.

This <u>17th</u> day of September, 2011.

                                                   Tracy Woody
                                                   4908 Vallery Place
                                                   Raleigh, NC 27604
                                                   (919) 349-3418

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing Objection by depositing a copy of the same in the United States Mail, postage paid or by UPS, in an envelope addressed as noted below by Mail to all parties:

Honorable Robert E. Gerber
United States Bankruptcy Judge
Room 621 of the US Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

Clerk of Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York, 10019-6708
T. (212) 277-6500
F. (212) 277-6501
Attorneys for Motors Liquidation
Company GUC Trust

Attorneys for Debtors
Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, NY 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.),the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); General Motors, LLC, 400 Renaissance Center, Detroit, MI 48265 (Attn: Lawrence S. Buonomo, Esq.), Cadwalader, Wickersham & Taft LLP, attorneys for the U. S. Dept of the Treasury, One World Financial Center, NY, NY 10281 (Attn: John J. Rapisardi, Esq.), the U.S. Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.), Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, NY 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.), Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, NY, NY 10036(Attn: Thomas Moers Mayer, Esq, Robert Schmidt, Esq., Lauren Macksound, Esq., and Jennifer Sharret, Esq.) The office of the U.S. Trustee for the Southern District of New Your, 33 Whitehall Street, 21st Floor, NY, NY 100004 (Attn: Tracy Hope Davis, Esq.), The U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New Yor, NY 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.), Caplin & Drysdale,

Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Ave., 35th Floor, NY, NY 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.), and Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.).

This <u>17th</u> day of September, 2011.

_____
Tracy Woody, Pro Se