**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

In re:                                                    :
                                                          :    Chapter 11 Case No.
                                                          :
MOTORS LIQUIDATION COMPANY *et al.*,     :
      f/k/a General Motors Corp. *et al.,*  :    09-50026 (REG)
                                                          :    (Jointly Administered)
          Debtors.                          :
                                                          :    Honorable Robert E. Gerber
                                                          :

-------------------------------------------------------X

## <u>RESPONSE OF DELOITTE TAX LLP TO FEE EXAMINER'S REPORT</u>


TO:  THE HONORABLE ROBERT E. GERBER,
       UNITED STATES BANKRUPTCY JUDGE

      Deloitte Tax LLP ("Deloitte Tax") hereby responds to the Fee Examiner's Report and

Statement of Limited Objection to the Third and Final Fee Application of Deloitte Tax LLP

dated September 13, 2011 (the "Report"), which contains the Fee Examiner's review of the Third

Interim and Final Fee Application of Deloitte Tax LLP as Tax Service Providers for the Period

from January 1, 2010 through March 29, 2011 (the "Final Fee Application").


## <u>PRELIMINARY STATEMENT</u>

      Deloitte Tax has had communications with the Fee Examiner and certain issues have

been consensually resolved, as noted below (including Deloitte Tax's simply accepting some of

the Fee Examiner's proposed reductions).  However, several issues have not yet been resolved,

although, given the relatively small amounts at stake, Deloitte Tax is hopeful of reaching a

mutual resolution prior to the hearing.  (If a resolution is reached, Deloitte Tax will promptly so

notify the Court).

      Deloitte Tax acknowledges that the Fee Examiner has raised some legitimate questions as

to the unresolved issues.  However, these limited objections implicate largely subjective

judgment calls, in terms of the appropriate amount to be deducted.  Accordingly, Deloitte Tax

suggests below what it believes are more appropriate reductions.

Deloitte Tax responds to the issues raised in the Report in the order they were presented

in the Report.  For the convenience of the Court, the Fee Examiner's question or comment is

reproduced, followed by the Deloitte Tax response.

## 1.    <u>CURRENT INTERIM PERIODS</u>

### Fee Application Services

<u>Fee Examiner Comment/Paragraph 16</u>

"Deloitte, as discussed above, has not segregated — by project — time spent on fee
applications, objections to fee applications or communication with the Fee Examiner. The Fee
Examiner has identified total fees related to the fee application process and inquiries of
$75,087.00. Of that amount, $6,847.00 appears to be related to responding to the Fee Examiner.
The remaining $68,240.00 in requested compensation is not segregated and fully $45,502.00 of
that amount has been billed for services provided after the conclusion of the Final Fee Period.
Fees for reviewing bills are compensable at only 50 percent, whereas fees for preparing the fee
application itself are compensable at 100 percent. Accordingly, professionals long have been
encouraged to segregate in the fee application or time detail the different types of fee application
services into appropriate categories. The failure to self-segregate the fees renders the fee review
process less efficient. Having reviewed the time detail, the Fee Examiner suggests a
disallowance of 25 percent of the $22,738.00 Fee Inquiry Time billed during the Current Interim
Periods. The Fee Inquiry Time billed for services provided after the Final Fee Period is
addressed in paragraph 26, below.

*"Suggested disallowance for fee application-related services: $5,684.50 (25 percent)"*

**<u>Deloitte Tax Response</u>**

Deloitte Tax has determined the time entries cannot be broken into the different

categories without making such entries only estimates of the time spent on each task.  Even so,

all of the time entries represent legitimate, billable time for these services.  Deloitte Tax would

propose a reduction of the fees requested in this category of $2,500.

### Time Increments

<u>Fee Examiner Comment/Paragraph 19</u>

NY976916.2
018000-10112

"The applicable guidelines require professionals to bill in increments of one-tenth of an hour. However, one timekeeper billed fully 63 percent of all entries in full or half hours, suggesting that time was estimated in hindsight or not contemporaneously or precisely maintained. Total billings for this timekeeper are $124,211.00. This practice disregards the guideline requirement of billing in one-tenth of an hour increments and appears to reflect "rounding of time", rather than an accurate billing based on contemporaneous records.

*"The significant percentage of half hour increments suggests that billing was not contemporaneously maintained in one tenth of an hour increments.*

*"Suggested disallowance for time increment analysis: $18,631.65 (15 percent).*"

## Deloitte Tax Response

Deloitte Tax has determined the time entries cannot be broken into additional time increments without making such entries only estimates of the time spent. Even so, all of the questioned time entries represent billable time for these services. For example, many personnel specifically arrange portions of their work day (such as scheduled meetings and conference calls) into half-hour and hourly segments. Even so, Deloitte Tax would propose a reduction of the fees requested in this category of $9,315.

### Clerical and Administrative Charges

#### Fee Examiner Comment/Paragraph 20

"The Fee Examiner has identified charges in the amount of $23,787.90 that appear to be administrative or clerical tasks that might more appropriately have been absorbed as overhead.

*"Suggested disallowance for clerical and administrative charges: $23,787.90.*"

## Deloitte Tax Response

Deloitte Tax has reviewed the time entries referenced above and is of the view that the tasks were performed by the appropriate personnel. The private letter ruling request was a complicated filing with multiple documents and exhibits. The tasks required personnel with appropriate experience to ensure the trouble-free functioning of the production process.

NY976916.2
018000-10112

However, to resolve this issue, Deloitte Tax would propose a reduction of the fees requested in this category by $11,900.

## Paraprofessional Tasks

<u>See Examiner Comment/Paragraph 21</u>

"The Fee Examiner has identified 11.6 hours, reflecting $6,700.00 in paraprofessional tasks, that while compensable, are more appropriately billed at a lower rate.

"*Suggested disallowance for paraprofessional tasks: $2,756.00 (recalculated at lowest hourly rate, staff associate).*"

**<u>Deloitte Tax Response</u>**

Deloitte Tax has reviewed the time entries referenced above and believes the tasks were performed by the appropriate personnel. Nevertheless, to resolve this issue, Deloitte Tax would accept the Fee Examiner's recommendation and not contest the suggested disallowance of $2,756.

## Block Billing

Fee Examiner Comment/Paragraph 22

"Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified six entries by Deloitte professionals that do not comply with this guideline.

"*Suggested disallowance for block billing: $1,182.30 (15 percent)*".

**<u>Deloitte Tax Response</u>**

Deloitte Tax has determined that the time entries cannot be broken into separate tasks without making such entries only estimates of the time spent on each. To resolve this issue, Deloitte Tax would accept the Fee Examiner's recommendation and not contest the suggested disallowance of $1,182.30.

NY976916.2
018000-10112

**Vague Tasks**

<u>Fee Examiner Comment/Paragraph 23</u>

"The Fee Examiner has identified four specific billing entries totaling $5,818.00 that contain an insufficient description of a task and are non-compensable.

*"Suggested disallowance for vague tasks: $1,163.60 (20 percent)."*

**<u>Deloitte Tax Response</u>**

Deloitte Tax has reviewed the time entries described above and agrees with the suggested reduction for three of the four entries the Fee Examiner has identified. However, as to the fourth entry, Deloitte Tax believes that the Bryan Collins time entry is entirely compensable. His time entry was detailed and related to analyzing the changes to the General Unsecured Creditors' Trust and the potential effect of those changes on the private letter ruling request. Therefore, to resolve this issue, Deloitte Tax proposes to reduce the fees requested by $661.32, which is 20% of the fees associated with the remaining three time entries

2.    **<u>FINAL FEE PERIOD</u>**

**Services Outside the Final Fee Period**

<u>Fee Examiner Comment/Paragraph 26</u>

"The Fee Examiner has identified $45,502.00 in billings for services provided after March 29, 2011, the conclusion of the Current Interim Periods and the Final Fee Period. An evaluation of these services is not within the purview of the Fee Examiner and they are suggested for disallowance, subject only to the evaluation of the Debtors for reasonableness.

*"Suggested disallowance for services provided after the Final Fee Period: $45,502.00."*

**<u>Deloitte Tax Response</u>**

Deloitte Tax agrees it is appropriate for the Fee Examiner to exclude these billings from the Report. These billings are being reviewed by the Debtor and dealt with under the Plan.

NY976916.2
018000-10112

3.    **RATE INCREASES**

Fee Examiner Comment/Paragraph 28

"Deloitte seeks fees that are the direct result of hourly rate increases implemented during the Final Fee Period. These rate increases of 15 and 30 percent were attributable to promotions with changes in title and resulted in increased fees of $82,165.00, solely attributable to the rate increases of two individuals. These rate increases, and the rate increases of other retained professionals, are the subject of the Fee Examiner's Limited Objection to Hourly Rate Increases [Docket No. 10660], to which Deloitte has not yet responded."

**Deloitte Tax Response**

The Fee Examiner has informed Deloitte Tax that the Fee Examiner's objection on this issue relates to other applicants, and not Deloitte Tax.  Deloitte Tax did not impose across-the-board increases in its rate structure.  Rather, as noted in the Fee Examiner's response, the rates for two Deloitte Tax personnel increased only because they were promoted, one to senior manager and one to partner.  In accordance with Deloitte Tax's customary procedures, the new rates reflected their increased seniority levels and responsibilities.

Accordingly, it is believed that there is no pending objection to the fees of Deloitte Tax based on rate increases.

4.    **UNITED STATES TRUSTEE RESPONSE**

The United States Trustee submitted a response to the Fee Examiner Report.  The United States Trustee basically concurs with the Fee Examiner's comments.  As to the rate increases, the United States Trustee appears to be commenting on market rates and across-the-board increases – issues that are not relevant to in the Deloitte Tax situation.

NY976916.2
018000-10112

WHEREFORE, Deloitte Tax respectfully requests the Court approve the Final Fee

Application, subject to the resolutions set forth above and such other and further relief as is just.


Dated:   New York, New York
         September 21, 2011
                                        LOEB & LOEB LLP


                                        By: /s/ P. Gregory Schwed
                                            P. Gregory Schwed (PS-0861)
                                            345 Park Avenue
                                            New York, NY  10154
                                            Telephone: 212.407.4000

                                            Attorneys for Deloitte Tax

NY976916.2
018000-10112