**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                           :
In re                                                      :     Chapter 11 Case No.
                                                           :
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :     09-50026 (REG)
    f/k/a **General Motors Corp.**, *et al.*    :
                                                           :
        Debtors.                         :     (Jointly Administered)
                                                           :
------------------------------------------------------------------x

### ORDER GRANTING MOTORS LIQUIDATION COMPANY GUC TRUST'S OBJECTION TO PROOF OF CLAIM NO. 1038 FILED BY JOSE TORRES AS PERSONAL REPRESENTATIVE OF THE ESTATE OF VALERIA TORRES-RODRIGUEZ FOR FAILURE TO COMPLY WITH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(A) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION

Upon the Objection dated April 29, 2011 (the "**Objection**"),[1] of Motors Liquidation Company (the "**GUC Trust**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging Proof of Claim No. 1038 filed by Jose Torres, as Personal Representative of the Estate of Valeria Torres-Rodriguez (the "**Claim**") on the grounds

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

that such claims should be disallowed under section 502(b) of the Bankruptcy Code for failure to comply with the ADR Order and the ADR Procedures, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Court, including the hearing held on June 22, 2011 (the "**Hearing**"); and for the reasons set forth on the record at the Hearing; and the Court having found and determined that the relief sought in the Objection is in the best interests of the GUC Trust, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted as provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged in its entirety; and it is further

**ORDERED that Claimant's counsel is to forthwith call Judge Gerber's Chambers for an on the record conference call to personally explain both the failure to comply with the ADR Order and ADR Procedures and the failure to appear at the Hearing, how such failures assisted their clients, and to show cause as to why the Court should not send a letter to disciplinary authorities in the jurisdictions in which they practice law, reporting these circumstances and reporting how their clients were prejudiced by the failure to do what the ADR Order and ADR Procedures required**; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       **_September 21_**, 2011

       **_s/ Robert E. Gerber_**
       United States Bankruptcy Judge