# GORDON G. ARMSTRONG, III
### ATTORNEY AT LAW
### A PROFESSIONAL CORPORATION

OFFICE:
208 ADAMS STREET
MOBILE, AL 36603
(251) 434-6428

MAILING:
POST OFFICE BOX 1464
MOBILE, AL 36633
FAX (251) 434-6413

September 14, 2011

Robert Richardson Baugh, Esq.
P.O. Box 55727
Birmingham, AL 35255-5727

John Isaac Southerland, Esq.
Eugene De Martenson, Esq.
David Lee Brown, Jr., Esq.
Three Protective Center
2801 Highway 280 S, Suite 200
Birmingham, AL 35223-2484



George Marshall Keahey, Esq.
Ronnie Eldred Keahey, Esq.
P.O. Box 934
Grove Hill, AL 36451-0934

Stewart Leon Howard, Esq.
Jonathan Gerald Festa, Esq.
P.O. Box 1903
Mobile, AL 36633-1903

Re: *Leanne E. Clark and Christopher D. Clark: et al., vs. General Motors Corporation; et al.,*
    Case No. CV-2009-900138 – Circuit Court of Clarke County, AL

---

My Clients:    USA Hospital, USA Physicians Group & Baptist Hospital (Lifeflight)
Unpaid Balance: **$132,861.92**

September 13, 2011
Page 2

Dear Counsel:

    This is to advise that I have the pleasure of representing USA Hospital, USA Physicians Group & Baptist Hospital (Lifeflight Air Ambulance) with regard to their efforts to recover payment for the medical treatment provided Leanne Clark following her tragic accident of February 6, 2008. The total amount due for the necessary treatment provided by my clients' is $132,861.92. As of this writing, Mrs. Clark's medical bills incurred with my clients have not been paid.

    Following her discharge from USA Hospital, a hospital lien was filed pursuant to §35-11-370 et seq., Code of Alabama, 1975. I'm attaching a courtesy copy for your review. The lien is for all hospital care, treatment and maintenance and immediately attached to all actions, claims, demands, settlements, judgments, etc. accruing to Mrs. Clark as a result of her personal injuries. The lien was properly perfected in the manner provided by §35-11-371, and the filing of such claim or lien constituted statutory notice to all persons, firms or corporations liable for Mrs. Clark's damages whether or not they were named in the hospitals claim or lien. Pursuant to Section 372 of the statute, once a lien is perfected:

> no release or satisfaction of any action, claim, counterclaim, demand, judgment, settlement or settlement agreement, or of any of them, shall be valid or effectual as against such lien unless such lienholder shall join therein or execute a release of such lien.

> Any acceptance of a release or satisfaction of any such action, claim, counterclaim, demand or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien referred to in this division shall prima facie constitute an impairment of such lien, and the lienholder shall be entitled to a civil action for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment and maintenance.

    The purpose of Alabama's hospital-lien statute is, by giving a hospital an automatic lien for the reasonable value of its services, to induce it to receive a patient injured in an accident, without first considering whether the patient will be able to pay the medical bills incurred." *Ex parte University of South Alabama*, 761 So.2d 240, 244 (Ala.1999). The statute gives the hospital an automatic lien which begins when the patient enters the hospital. See *USA v Progressive Insurance Co.*, 904 So.2d 1242 (Ala. 2004). The lien is subject only to the patients' attorney's lien.

    I'm contacting each of you as representatives of the defendant's named by Mrs. Clark in her complaint for damages. Each of the defendant's was on constructive notice as to the hospital lien. By settling her claim(s) without a release or satisfaction of the lien from the lienholder, said

September 14, 2011
Page 3

fact prima facie constitutes an impairment of the lien and the hospital now has a cause of action against the plaintiff *and each defendant*.

    My client's are now forced to make demand on the defendant's for impairment of the lien. Since the time Mrs. Clark settled her remaining claim with the last defendant's on or about July 13, 2011, I have made repeated attempts to convince Mrs. Clark, through her counsel, to pay her medical bills from the amount recovered. Despite the sufficiency of the settlement to provide for her medical costs, past and future, Mrs. Clark has refused to pay the full balance and has insisted that my client must accept an amount less than the total amount due for the services rendered. Normally, though not required by the statute, my client considers such requests in instances when the recovery is insufficient to cover the medical costs, or there is a relatively low policy limit that would result in an insufficient recovery. Other factors my client usually considers are the overall medical bills to be paid out of the recovery and the willingness of others to reduce, including the plaintiff's attorney, in order to facilitate a settlement.

    Indeed, my clients' expressed a willingness to reduce their charges by 30% in December 2010 in this case when we were informed the settlement amount was limited to approximately $750,000.00. However, Mrs. Clark did not agree to same, and as fate would have it, she subsequently recovered a far greater amount when the remainder of the case was settled in July, 2011. Notwithstanding her sizable recovery, Mrs. Clark continued to insist that the physician's, nurses, medical personnel, hospital and staff that were instrumental in saving her life waive their charges altogether, or at the very least, agree to reduce by 80%. USA Hospital, secured by their lien, refused to reduce and repeated its demand for full payment.

    Finally, when she realized USA would not waive or reduce its lien, Mrs. Clark reached back seven months to communications occurring in December 2010 in an effort to revive and rely on negotiation terms that had long come and gone. Unfortunately for Mrs. Clark, she rejected those terms in December and can not now unilaterally decide to accept them. That ship has sailed.

    Accordingly, since her medical expenses remain unpaid, demand is now made of each defendant, through their respective counsel, for payment of Mrs. Clark's medical expenses based on their statutory liability for impairing the lien. The full balance plus interest is due. The statute also allows for the recovery of a reasonable attorney's fee which may be negotiable depending on how protracted this process continues to be. The hospital lien law is clear and all parties, plaintiff and defendants alike, were on notice upon recording in probate court.

    Please advise if you can accept this demand on behalf of your respective client's. If not, please notify me as to the proper person (name, title and address) for making such demand and I will forward same immediately.

September 14, 2011
Page 4

      If you have any questions, please let me know. I look forward to hearing from each of you.

Sincerely yours,

Gordon G. Armstrong, III

GGAIII/mmc

Cc: LaBarron N. Boone, Esq.

    United States Bankruptcy Court, Southern District of New York
    Chapter 11 Case No. 09-50026 (REG)

This is an attempt to collect a debt and any information obtained will be used for that purpose.

2008013170   Book-6339   Page-322
Total Number of Pages: 1

State of Alabama-Mobile County
I certify this instrument was filed on:
February 27, 2008 @ 11:46:54 AM
S.R. FEE                $2.00
RECORDING FEES          $3.50
TOTAL AMOUNT            $5.50

## NOTICE OF HOSPITAL LIEN

2008013170
Don Davis, Judge of Probate

STATE OF ALABAMA

COUNTY OF MOBILE

Under the provisions of Title 35, Chapter 11, Division 15, Code of Alabama, 1975, notice is hereby given that the UNIVERSITY OF SOUTH ALABAMA HOSPITALS, a public body corporate, whose address is 2451 Fillingim Street, Suite 3040, Mobile, Alabama, 36607, claims a lien for all reasonable charges for hospital care, treatment and maintenance necessitated by injuries received by:

Leanne Clark
(NAME OF INJURED PERSON)

1105 Shiloh Church Rd., Dixon Mills, AL  36736
(ADDRESS)

University of South Alabama Medical Center, 2451 Fillingim Street, Mobile Alabama 36617
(TREATING FACILITY)

DATE OF INJURY: 2/6/2008          DATE OF ADMISSION: 2/6/2008

DATE OF DISCHARGE: 2/18/2008          TOTAL CHARGES: $106,177.12

Upon any and all actions, claims, counterclaims and demands accruing to said injured person or accruing to the legal representative of said injured person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care.

To the best of the claimant's knowledge, the names and addresses of all persons, firms or corporations claimed by said injured person, or the legal representative of said person, to be liable for damages arising from such injuries are as follows:

Motor Vehicle Accident          Account No: 804452746

UNIVERSITY OF SOUTH ALABAMA HOSPITALS,
a public body corporate, Claimant

BY: _Teresa M. Englestead_
Its Agent

STATE OF ALABAMA
COUNTY OF MOBILE

Personally appeared before me, the undersigned authority in and for said County in said State, Teresa M. Englestead, who is known to me and who, being first by me duly sworn, on oath, deposes and says that she is Agent for the claimant and that she is informed and believes and on such information and belief she avers that the facts set out in the foregoing Notice of Hospital Lien are true and correct as therein set out.

_Teresa M. Englestead_
AFFIANT

Subscribed and sworn to before me on this 27th day of February, 2008

_Shirley A. Bru_
NOTARY PUBLIC

Prepared By Shirley A. Bru
P. O. Box 40010
Mobile, Alabama 36640

```
                                                Instrument ID: 1278
                                                Vol: HOSPITAL Book: 2008 Page: 5
                                                2/29/2008 10:31:11 AM
                                                Marengo County    AL
                                                Cindy D. Neilson
                                                Judge of Probate
                                                Recording Fee: $6.00
                                                         Taxes: $.00
                                                         Total: $6.00
```

## NOTICE OF HOSPITAL LIEN

STATE OF ALABAMA

COUNTY OF MARENGO

Under the provisions of Title 35, Chapter 11, Division 15, Code of Alabama, 1975, notice is hereby given that the UNIVERSITY OF SOUTH ALABAMA HOSPITALS, a public body corporate, whose address is 2451 Fillingim Street, Suite 3040, Mobile, Alabama, 36617, claims a lien for all reasonable charges for hospital care, treatment and maintenance necessitated by injuries received by:

Leanne Clark
(NAME OF INJURED PERSON)

1105 Shiloh Church Rd., Dixon Mills, AL 36736
(ADDRESS)

University of South Alabama Medical Center, 2451 Fillingim Street, Mobile Alabama 36617
(TREATING FACILITY)

DATE OF INJURY: 2/6/2008          DATE OF ADMISSION: 2/6/2008

DATE OF DISCHARGE: 2/18/2008          TOTAL CHARGES: $106,177.12

Upon any and all actions, claims, counterclaims and demands accruing to said injured person or accruing to the legal representative of said injured person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care.

To the best of the claimant's knowledge, the names and addresses of all persons, firms or corporations claimed by said injured person, or the legal representative of said person, to be liable for damages arising from such injuries are as follows:

Motor Vehicle Accident          Account No: 804452746

UNIVERSITY OF SOUTH ALABAMA HOSPITALS,
a public body corporate, Claimant

BY: _____
            Its Agent

STATE OF ALABAMA
COUNTY OF MOBILE

Personally appeared before me, the undersigned authority in and for said County in said State, Teresa M. Englestead, who is known to me and who, being first by me duly sworn, on oath, deposes and says that she is Agent for the claimant and that she is informed and believes and on such information and belief she avers that the facts set out in the foregoing Notice of Hospital Lien are true and correct as therein set out.

_____
AFFIANT

Subscribed and sworn to before me on this 27th day of February, 2008

_____
NOTARY PUBLIC

Prepared By: Shirley A. Bru
P. O. Box 40010
Mobile, Alabama 36640