HEARING DATE AND TIME: October 28, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 21, 2011 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR ADMINISTRATIVE PROOF OF CLAIM**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                            :
In re                                       :      Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :      09-50026 (REG)
     f/k/a General Motors Corp., et al.     :
                                            :
                         Debtors.           :      (Jointly Administered)
                                            :
-------------------------------------------------------x

### NOTICE OF 247TH OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF ADMINISTRATIVE BAR DATE ORDER
(Late-Filed Administrative Proofs of Claim)

**PLEASE TAKE NOTICE** that, on September 23, 2011, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed their 247th Omnibus Objection to expunge certain administrative expenses

and motion requesting enforcement of the Administrative Bar Date Order[1] (the "**247th Omnibus Objection**"), and that a hearing (the "**Hearing**") to consider the 247th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 28, 2011, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 247th OMNIBUS OBJECTION TO LATE-FILED ADMINISTRATIVE PROOFS OF CLAIM AND MOTION REQUESTING ENFORCEMENT OF THE ADMINISTRATIVE BAR DATE ORDER TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 247th Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 247th Omnibus Objection to Claims.

(Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI

Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **October 21, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if no responses are timely filed and served with respect to the 247th Omnibus Objection or any proof of claim set forth on **Exhibit "A"** thereto, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order, substantially in the form of the proposed order annexed to the 247th Omnibus Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
September 23, 2011

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

4

HEARING DATE AND TIME: October 28, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 21, 2011 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :    09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                 :
                                                             :
                          Debtors.                           :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

## 247TH OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF ADMINISTRATIVE BAR DATE ORDER
(Late-Filed Administrative Proofs of Claim)

> THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM SEEKING PAYMENT OF ADMINISTRATIVE EXPENSES. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

### Relief Requested

1.  The GUC Trust files this 247th omnibus objection to certain administrative expenses and motion (the "**247th Omnibus Objection**") requesting enforcement of this Court's order establishing the deadline for filing requests for payment of certain administrative expenses and procedures relating thereto (the "**Administrative Bar Date Order**") (ECF No. 8099), pursuant to section 503(a) of title 11, United States Code (the "**Bankruptcy Code**"), Rules 3007(d) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and seeking entry of an order disallowing and expunging the administrative expenses reflected in the proofs of claim listed on **Exhibit "A"** (collectively, the "**Late-Filed Administrative Proofs of Claim**") annexed hereto.[1] These proofs of claim were received after the Court-imposed deadlines set forth in the Administrative Bar Date Order, and the claimants thus are not entitled to recovery from the estate.

### Jurisdiction

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3.  On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**", and together with the Initial

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

2

Debtors, the "**Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

    4. On September 16, 2009, this Court entered the Initial Debtors Bar Date Order establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units (the "**Initial Debtors Bar Date**"). On December 2, 2009, this Court entered the REALM/ENCORE Bar Date Order establishing February 1, 2010 (the "**REALM/ENCORE Bar Date**") as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010, the "**REALM/ENCORE Governmental Bar Date**"). On December 18, 2009, this Court entered the Property Bar Date Order establishing February 10, 2010 as the deadline for entities residing adjacent to or in the proximity of certain material manufacturing properties of the Debtors (the "**Properties**") to file a proof of claim with respect to the Properties (the "**Property Bar Date**," and collectively with the Initial Debtors Bar Date, the REALM/ENCORE Bar Date, and the REALM/ENCORE Governmental Bar Date, the "**Bar Dates**").

    5. On December 14, 2010, this Court entered the Administrative Bar Date Order (ECF No. 8099) establishing the deadline for each person or entity (including, without

---

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

3

limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtors on or before (i) February 14, 2011 at 5:00 p.m. (Eastern Time) with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) the date that is thirty (30) days after the Effective Date (as defined in the Plan) at 5:00 p.m. (Eastern Time) as the deadline with respect to administrative expenses arising between February 1, 2011 and the Effective Date (together, the "**Administrative Bar Date**").

6. On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). All conditions to the occurrence of the Effective Date (as defined in the Plan) were met or waived on March 31, 2011, thereby making the Plan effective as of that date. Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date, including resolving issues related to Disputed Administrative Expenses (as defined in the Plan).

### The Relief Requested Should Be Approved by the Court

7. The Administrative Bar Date Order specifically requires proofs of claim to be **actually received** on or before the Administrative Bar Date. (Administrative Bar Date Order at 2.) The Administrative Bar Date Order also includes a clear warning that failure to comply with the applicable Bar Date would result in their claims being barred. (*See* Administrative Bar Date Order at 4.) Yet, all of the Late-Filed Administrative Proofs of Claim were received after the applicable Administrative Bar Date.

8. In addition to requiring the Debtors to provide actual notice of the Administrative Bar Date to all parties known to have claims against the Debtors, the Administrative Bar Date Order authorized the Debtors to provide notice of the Bar Date by

publication, which as provided for in the Bar Date Orders is "fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims for administrative expenses they may have against the Debtors in these chapter 11 cases." (Administrative Bar Date Order at 7.) The Debtors timely published notice of the Administrative Bar Date in each of the newspapers specified in the Administrative Bar Date Order.[4] (*See* Affidavit of Publication, ECF Nos. 9277, 8788 & 8673)

9. Because the Late-Filed Administrative Proofs of Claim fail to comply with the Administrative Bar Date Order and are thus untimely, the GUC Trust requests that the Court enforce its Administrative Bar Date Order and disallow and expunge in their entirety the proofs of claim listed on **Exhibit "A."**

10. The GUC Trust reserves all of their rights to object on any other basis to any Late-Filed Administrative Proof of Claim as to which the Court does not grant the relief requested herein.

## Notice

11. Notice of this 247th Omnibus Objection has been provided to each claimant who filed a Late-Filed Administrative Proof of Claim listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

---

[4] The Administrative Bar Date Order authorized the Debtors to provide notice by publication in *The Wall Street Journal* (Global Edition – North America, Europe, and Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National), *The Globe and Mail* (National), and *The National Post*.

5

12. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 23, 2011

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

| 247th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG), Jointly Administered | |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ALFREIDA POKORSKI<br>13619 N 94TH DRIVE<br>APT. 105<br>PEORIA, AZ 85381 | 71102 | Motors Liquidation Company | Unliquidated | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

Applicable Bar Date:   2/14/2011

Postmark Date:   N/A

Official Claim Date:   4/11/2011

---

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

| 247th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |
|---|---|---|---|---|---|

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ANGELINA CRUZ<br>13326 HAYDEN AVE.<br><br>NORWALK, CA 90650<br>UNITED STATES OF AMERICA | 71005 | Motors Liquidation Company | $0.00 (S)<br>$147,567.50 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$147,567.50 (T)<br>Unliquidated | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

   Applicable Bar Date:   2/14/2011

   Postmark Date:   N/A

   Official Claim Date:   2/24/2011

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ANGELINA CRUZ<br>13326 HAYDEN AVE<br><br>NORWALK, CA 90650 | 71015 | Motors Liquidation Company | $0.00 (S)<br>$147,567.50 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$147,567.50 (T)<br>Unliquidated | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

   Applicable Bar Date:   2/14/2011

   Postmark Date:   N/A

   Official Claim Date:   2/23/2011

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

| 247th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| --- | --- | --- | --- | --- | --- |
| BARBARA PALUMBO<br>49910 SCHOONER CT.<br>NEW BALTIMORE, MI 48047 | 71097 | Motors Liquidation Company | Unliquidated | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

| | |
| --- | --- |
| Applicable Bar Date: | 2/14/2011 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/31/2011 |

| CATHERINE FERRARI (AKA--CATHERINE HEATH)<br>3160 CASTELAR COURT, #202<br>CORONA, CA 92882 | 71063 | Motors Liquidation Company | Unliquidated | Late Filed | Pgs. 4-5 |
| --- | --- | --- | --- | --- | --- |

**Additional Claim Information**

| | |
| --- | --- |
| Applicable Bar Date: | 2/14/2011 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/19/2011 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

| 247th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered | |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| EEOC<br>ATTN MICHAEL BALDONADO<br>350 THE EMBARCADERO SUITE 500<br>SAN FRANCISCO, CA 94105 | 71090 | Motors Liquidation Company | Unliquidated | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 2/14/2011 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/17/2011 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ERNEST OGLE<br>733 ELLIS OGLE RD<br>GATLINBURG, TN 37738 | 71049 | Motors Liquidation Company | $0.00 (S)<br>$3,850.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$3,850.00 (T) | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 2/14/2011 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/4/2011 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

| | | | | | |
|---|---|---|---|---|---|
| 247th Omnibus Objection | | **Exhibit A** | | | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JUAN M IBARRA<br>C/O EEOC SAN FRANCISCO DISTRICT OFFICE<br>350 THE EMBARCADERO #500<br>SAN FRANCISCO, CA 94105 | 71016 | Motors Liquidation Company | $0.00 (S)<br>$11,175.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$11,175.00 (T) | Late Filed | Pgs. 4-5 |

Additional Claim Information

Applicable Bar Date: 2/14/2011

Postmark Date: N/A

Official Claim Date: 2/28/2011

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JUAN M IBARRA<br>C/O EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>SAN FRANCISCO DISTRICT OFFICE<br>350 THE EMBARCADERO, 5TH FLOOR<br>SAN FRANCISCO, CA 94105-1260 | 71017 | Motors Liquidation Company | $0.00 (S)<br>$11,175.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$11,175.00 (T) | Late Filed | Pgs. 4-5 |

Additional Claim Information

Applicable Bar Date: 2/14/2011

Postmark Date: N/A

Official Claim Date: 2/28/2011

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 5

| 247th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| --- | --- | --- | --- | --- | --- |
| LAWRENCE LANDRY<br>3214 WEST 18TH ST<br>LOS ANGELES, CA 90019 | 70969 | Motors Liquidation Company | Unliquidated | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

| | |
| --- | --- |
| Applicable Bar Date: | 2/14/2011 |
| Postmark Date: | N/A |
| Official Claim Date: | 2/17/2011 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| --- | --- | --- | --- | --- | --- |
| RONDA K BROCK<br>1550 NEW LAKE ROAD<br>LEWISBURG, TN 37091-4233 | 71002 | Motors Liquidation Company | Unliquidated | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

| | |
| --- | --- |
| Applicable Bar Date: | 2/14/2011 |
| Postmark Date: | N/A |
| Official Claim Date: | 2/24/2011 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 6

| 247th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |
|---|---|---|---|---|---|

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RONDA K BROCK<br>1550 NEW LAKE RD<br><br>LEWISBURG, TN 37091-4233 | 71003 | Motors Liquidation Company | Unliquidated | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

| Applicable Bar Date: | 2/14/2011 |
|---|---|
| Postmark Date: | N/A |
| Official Claim Date: | 2/24/2011 |

| SYLVIA KOSTEK<br>C/O EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>SAN FRANCISCO DISTRICT OFFICE<br>350 THE EMBARCADERO SUITE 500<br>SAN FRANCISCO, CA 94105-1260 | 71048 | Motors Liquidation Company | $0.00 (S)<br>$11,175.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$11,175.00 (T) | Late Filed | Pgs. 4-5 |

**Additional Claim Information**

| Applicable Bar Date: | 2/14/2011 |
|---|---|
| Postmark Date: | N/A |
| Official Claim Date: | 3/4/2011 |

| CLAIMS TO BE DISALLOWED AND EXPUNGED | 13 | $0.00 (S)<br>$332,510.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$332,510.00 (T) |
|---|---|---|

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :    09-50026 (REG)
      f/k/a General Motors Corp., et al.    :
                                            :
                    Debtors.                :    (Jointly Administered)
                                            :
------------------------------------------------------------x

## ORDER GRANTING 247TH OMNIBUS OBJECTION TO CLAIMS AND ENFORCEMENT OF ADMINISTRATIVE BAR DATE ORDER
(Late-Filed Administrative Proofs of Claim)

Upon the 247th omnibus objection to expunge certain administrative expenses and motion requesting enforcement of the Administrative Bar Date Order,[1] dated September 23, 2011 (the "**247th Omnibus Objection**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 503(a) of title 11, United States Code (the "**Bankruptcy Code**"), Rules 3003(c)(3) and 3007(d) and of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order establishing the deadline for filing requests for payment of certain administrative expenses and procedures relating thereto (the "**Administrative Bar Date Order**") (ECF No. 8099), seeking entry of an order disallowing and expunging the Late-Filed Administrative Proofs of Claim on the grounds that proofs of claim were not timely filed, all as more fully described in the 247th Omnibus Objection; and due and proper notice of the 247th Omnibus Objection having been

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 247th Omnibus Objection to Claims.

provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 247th Omnibus Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 247th Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 247th Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the administrative expenses reflected in the proofs of claim listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any administrative expense listed on **Exhibit "A"** annexed to the 247th Omnibus Objection that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
　　　　 _____, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge