**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re                                              :    Chapter 11 Case No.
                                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :    09-50026 (REG)
    f/k/a **General Motors Corp.,** *et al.*       :
                                                                 :
                Debtors.     :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

**ORDER GRANTING MOTORS LIQUIDATION
COMPANY GUC TRUST'S OBJECTION TO CLAIM
NOS. 39218, 39219, 39220, 39221, AND 39222 FILED BY KARLA
SCOTT, BARBARA HAWKINS, AND RYAN HAWKINS FOR FAILURE
TO COMPLY WITH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(A)
AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF
ALTERNATE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION**

Upon the Objection dated May 10, 2011 (the "**Objection**"),[1] of Motors Liquidation Company GUC Trust (the "**GUC Trust**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging Proofs of Claim Nos. 39218, 39219, 39220, 39221, and 39222 filed by Karla Scott, Barbara Hawkins, and Ryan Hawkins (the "**Claims**") on the grounds that such

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Claims should be disallowed under section 502(b) of the Bankruptcy Code for failure to comply with the ADR Order and the ADR Procedures, all as more fully described in the Objection; and upon the objection to the proposed order dated July 19, 2011 (ECF No. 10592); and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Court, including the hearings held on June 22, 2011 and September 20, 2011; and the Court having found and determined that the relief sought in the Objection is in the best interests of the GUC Trust, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted as provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged in their entirety; and it is further

ORDERED that no funds need to be reserved by the GUC Trust on account of the Claims; and it is further

ORDERED that subject to further order of this Court, this Order shall become effective on Thursday, October 13, 2011 at 4:00 p.m.; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       **_September 26, 2011_**

                                          **_s/ Robert E. Gerber_**
                                          United States Bankruptcy Judge