UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                        :

In re                                                :                    Chapter 11 Case No.
                                                :

MOTORS LIQUIDATION COMPANY, *et al.*,  :                    09-50026 (REG)
     f/k/a General Motors Corp., *et al.*    :
                                                :
                             Debtors.        :                    (Jointly Administered)
                                                  :
-----------------------------------------------------------------x

**ORDER GRANTING 245TH OMNIBUS
<u>OBJECTION TO CLAIMS AND ENFORCEMENT OF BAR DATE ORDERS</u>
(Late-Filed Claims)**

Upon the 245th omnibus objection to expunge certain claims and motion requesting enforcement of the Bar Date Orders,[1] dated August 24, 2011 (the "**245th Omnibus Objection to Claims**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), this Court's order deeming the Procedures Order applicable to the REALM/ENCORE Debtors (the "**REALM/ENCORE Order**"), and the Bar Date Orders, seeking entry of an order disallowing and expunging the Late-Filed Claims on the grounds that such claims were not timely filed, all as more fully described in the 245th Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 245th Omnibus Objection to Claims.

Claims; and due and proper notice of the 245th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 245th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 245th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 245th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that the 245th Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "Objection Adjourned" to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "Adjourned Hearing Date") (the "Adjourned Claims"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibit "A"** annexed to the 245th Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *September 26*, 2011

                                                        *s/ Robert E. Gerber*
                                                        United States Bankruptcy Judge