**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                          :

In re                                      :         Chapter 11 Case No.
                                          :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :         09-50026 (REG)
      f/k/a General Motors Corp., *et al.*      :
                                          :

                        Debtors.          :         (Jointly Administered)
                                          :
------------------------------------------------------------x

**ORDER GRANTING 238th OMNIBUS OBJECTION TO CLAIMS**
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

Upon the omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated August 19, 2011 (**ECF No. 10723**) (the "**238th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Welfare Benefits Claims on the ground that each Salaried

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 238th Omnibus Objection to Claims.

and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors and the GUC Trust have no liability, all as more fully described in the 238th Omnibus Objection to Claims; and due and proper notice of the 238th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 238th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, the GUC Trust, creditors, and all parties in interest and that the legal and factual bases set forth in the 238th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 238th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 238th Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

3

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      **_September 26,_**, 2011

                                      **_s/ Robert E. Gerber_**
                                      United States Bankruptcy Judge