Page 1

1
2   UNITED STATES BANKRUPTCY COURT
3   SOUTHERN DISTRICT OF NEW YORK
4   Case No. 09-50026(REG)
5   - - - - - - - - - - - - - - - - - - - - -x
6   In the Matter of:
7
8   MOTORS LIQUIDATION COMPANY, et al.
9   f/k/a General Motors Corporation, et al.,
10
11              Debtors.
12
13  - - - - - - - - - - - - - - - - - - - - -x
14
15              United States Bankruptcy Court
16              One Bowling Green
17              New York, New York
18
19              September 20, 2011
20              9:57 AM
21
22
23  B E F O R E:
24  HON. ROBERT E. GERBER
25  U.S. BANKRUPTCY JUDGE

1

2    **HEARING re Debtors' Objection to Proof of Claim No. 45631 filed**

3    **by Steven Newman c/o Michael Green, Deceased**

4

5    **HEARING re Notice of Presentment of Proposed Order Granting**

6    **Motors Liquidation Company GUC Trust's Objection to Claim Nos.**

7    **39218, 39219, 39220, 39221, and 39222 for Failure to Comply**

8    **with Amended Order Pursuant to 11 U.S.C. Section 105(a) and**

9    **General Order M-390 Authorizing Implementation of Alternate**

10   **Dispute Procedures Including Mandatory Mediation**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Lisa Bar-Leib

A P P E A R A N C E S :

WEIL GOTSHAL & MANGES LLP
    Attorneys for the Post-Effective Date Debtors and Motors
     Liquidation GUC Trust
    767 Fifth Avenue
    New York, NY 10153

BY:   JOSEPH H. SMOLINSKY, ESQ.

GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L.
    Attorneys for Ryan Hawkins, as Personal Representative of
     the Estate of Barbara Hawkins
    221 East Osceola Street
    Stuart, FL 34994

BY:   DONALD N. WATSON, ESQ.
    CHAN B. ABNEY, GENERAL COUNSEL & DIRECTOR
    (TELEPHONICALLY)

Page 4

1          P R O C E E D I N G S
2          THE COURT:  Motors Liquidation.
3          MR. SMOLINSKY:  Good morning, Your Honor.  Joseph
4  Smolinsky of Weil, Gotshal & Manges for the post-effective date
5  debtors as well as for the Motors Liquidation Company GUC
6  Trust.
7          THE COURT:  Thank you.  Pause for a second, Mr.
8  Smolinsky.  Do I have Donald Watson on the phone?
9          MR. WATSON (TELEPHONICALLY):  Yes, Your Honor.  Donald
10 Watson is here by phone.  Also from my firm, we have Ms. Chan
11 Abney on behalf of Ms. Tanisha Gary.  Donald Watson speaking
12 now.
13         THE COURT:  All right.  Gentlemen, I've read the
14 papers.  I'll hear first from Mr. Smolinsky and then from you,
15 Mr. Watson.
16         MR. WATSON:  Yes, sir.
17         THE COURT:  This matter has been a source of
18 frustration to me.  But reading the Watson firm's response, it
19 appears to me that there are two separate bases upon which I
20 have to grant Motors Liquidation's request.  First, what seems
21 to be very strong and uncontroverted evidence that notice
22 repeatedly got to the law firm in some fashion.  But even if we
23 put that aside, the underlying client's not being cooperative,
24 as you say, Mr. Watson -- even if you had responded fourteen
25 times over, you would have given me the same response you gave

09-50026-mg    Doc 10992    Filed 09/26/11    Entered 09/28/11 13:48:41    Main Document
                                    Pg 5 of 16
MOTORS LIQUIDATION COMPANY, et al.

Page 5

1  on this motion.  And although I don't like to penalize clients

2  for the acts of their lawyers, if I can avoid it, the fact is

3  that they had an ample opportunity to help themselves and

4  they're not cooperating and they made their own bed.  That's

5  what I need both sides to address starting with you, Mr.

6  Smolinsky.

7           MR. SMOLINSKY:  Thank you, Your Honor.  Mr. Watson and

8  his colleagues come from a fairly sizeable and reputable and

9  successful law firm.  We therefore are not here seeking

10 sanctions against the firm.  In fact, the only thing that we do

11 take issue with in their objection is the statement that they

12 didn't receive notice.  The affidavit of service demonstrates

13 that not only did we send first-class mail -- by first-class

14 mail the objection, but we also sent the objection by e-mail to

15 Mr. Watson at the e-mail address that was indicated on the

16 proof of claim form.

17          Now the objection itself highlights the fact that the

18 clients of the firm have been less than cooperative in

19 participating in the mediation program.  What Mr. Watson

20 describes as irreconcilable differences, I take issue with that

21 characterization.  I don't think that there is a difference in

22 philosophy or legal strategy.  I think it's just the fact that

23 the client has not complied with the terms of the ADR order.

24 It also is evident from the objection that the clients have

25 been made aware of the punitive nature of the expungement of

09-50026-mg    Doc 10992    Filed 09/26/11    Entered 09/28/11 13:48:41    Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 6 of 16

Page 6

1  the claim that could result from failure to participate.

2           So I don't think that it would be fair or equitable to

3  the estate to allow the Hawkins' estate to have another bite at

4  the apple and to bring in new counsel as requested by Mr.

5  Watson.  I believe that the statements made in the objection

6  relating to the lack of cooperation should be deemed to be

7  evidence or Mr. Watson could quickly put on a narrative of the

8  lack of cooperation and Your Honor should, based on that

9  testimony, expunge the claim.

10          THE COURT:  Am I right from what you said that I don't

11 need to find anything vis-à-vis the Watson firm itself and I

12 can rely solely on the failure to cooperate by the underlying

13 claimants?

14          MR. SMOLINSKY:  Your Honor, you've asked us to add a

15 paragraph to the order which requires the Watson firm to

16 appear.  They obviously came in and called Your Honor prior to

17 entry of the order.  And we're happy to strike that paragraph

18 from the order if Your Honor is inclined to do so, so that it

19 would be just a basic order which expunges the claim based on

20 the record of the hearing.  But we would like Mr. Watson to

21 confirm again, as evidence, that there has been no cooperation

22 so we don't end up having to come back to court.

23          THE COURT:  Well, Mr. Smolinsky, he put it in his

24 papers.  And under my case management order, allegations in

25 motions are taken as true unless they're controverted.  So if

09-50026-mg    Doc 10992    Filed 09/26/11    Entered 09/28/11 13:48:41    Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 7 of 16

Page 7

1    you want -- I guess I could ask Mr. Watson to say it again, but
2    he already said it once in his papers, and that's part of the
3    record now, isn't it?
4            MR. SMOLINSKY:  The only thing I'm concerned about,
5    Your Honor, is the statement in the objection that says there
6    are irreconcilable differences which would, in ordinary
7    circumstances, perhaps give rise to --
8            THE COURT:  Require a motion to withdraw?
9            MR. SMOLINSKY:  That's correct, Your Honor.  And I
10   think that if we make a record that irreconcilable differences
11   is the fact that they won't appear when directed to do so by a
12   Court and not the difference of philosophy or legal strategy
13   then I'm fine relying on the rest of the objection as evidence.
14           THE COURT:  Oh, fair enough.  Mr. Watson, may I get
15   your perspective, please?
16           MR. WATSON:  Yes, just briefly, Your Honor.  Because
17   the Court had mentioned the possibility of referring the matter
18   to a disciplinary body, we just thought it necessary to just
19   confirm.  We're not saying that the law firm did not give
20   service.  But there was no direct -- no deliberate attempt or
21   deliberate failure or refusal to comply with the Court so I
22   just wanted the record to reflect that.  But we do apologize.
23   Whatever the problem is and certainly with our law firm in
24   terms of the receipt of mail, that needs to be -- certainly
25   will be corrected.

1     With regard to the client's cooperation, I would just
2  reiterate that we have not been able to get that cooperation.
3  And there is, in fact, differences of philosophy but a
4  difference of philosophy in terms of how the case should be
5  resolved or should have been resolved.  But for purposes of
6  this hearing, we will stand on our previous papers in terms of
7  the lack of cooperation from the client.
8          THE COURT:  All right.  Thank you.  Any desire to
9  reply, Mr. Smolinsky?
10         MR. SMOLINSKY:  Your Honor, I am concerned about this
11 difference of philosophy.  I don't want this order to be
12 challenged later based on a failure of Mr. Watson to adequately
13 represent the client's interest.  I don't know how to square
14 that but I do want a clean order so that we could no longer
15 keep reserves for this claim.  And perhaps simply putting in
16 the order that no reserves need to be made for this claim is
17 sufficient.  And perhaps we should send a copy of the proposed
18 order to the client's address if Mr. Watson provides us with
19 that address and they could come into court and explain why
20 there's a difference of philosophy which would give rise to not
21 showing up at a mediation or refusing to cooperate.
22         THE COURT:  Okay.  I'm going to grant Motors
23 Liquidation's motion with some refinements in the order.  And
24 the following are my findings of fact and bases for the
25 exercise of my discretion.

09-50026-mg   Doc 10992   Filed 09/26/11   Entered 09/28/11 13:48:41   Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 9 of 16

Page 9

1              First, I find that notice was duly provided to the
2     agent by, at the very least, e-mail and the efforts to
3     telephonically communicate the agent and by the presumption of
4     mailing which, while on occasion it can be refuted, has not
5     been refuted here.
6              But I further find that with appropriate notice, I
7     would have gotten the same response from the Watson firm that I
8     got on this motion which says, in substance, two things.  One,
9     it says there are irreconcilable differences; but it also says
10    that the client isn't cooperating.  And while I normally would
11    not, or at least would try not to penalize a client for counsel
12    error, here, as I indicated in my opening remarks, the
13    prejudice to the client that might otherwise result is the
14    client's own doing.
15             So the Motors Liquidation's motion is granted with the
16    following refinements:
17             You're to drop from the order any references to the
18    quality of representation by the Watson firm.  I'm satisfied
19    that whatever might have happened before, any deficiencies were
20    cured and that the Watson firm did ultimately respond;
21             Second, you are to say expressly, if you wish, Mr.
22    Smolinsky, that the estate need not reserve funds on account of
23    this claim;
24             And, third, you are to provide that a copy of the
25    order is to be mailed both by first-class mail and by a

09-50026-mg    Doc 10992    Filed 09/26/11    Entered 09/28/11 13:48:41    Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 10 of 16

Page 10

1    mechanism, either Federal Express or certified mail or whatever

2    you find most appropriate, that provides a proof of delivery.

3            And the effective date of this order will be three

4    weeks after the order is mailed to the underlying Hawkins

5    estate.  I am not going to prejudge what I would do if suddenly

6    they decided that either they wanted to cooperate or they

7    wanted to appear.  That's why we have a three-week gap in

8    effectiveness.  I imagine the estate can reserve for another

9    three weeks.

10           I will hear from each of the two of you any

11   suggestions for further refining the order, but that's my

12   mindset, gentlemen.  Mr. Smolinsky, first from you.

13           MR. SMOLINSKY:  Your Honor, I presume that you would

14   like us to serve not only Mr. Watson but also the claimant

15   themselves.  And I would only ask that Mr. Watson provide us

16   with the correct mailing address.

17           THE COURT:  Well, certainly, it had been my thought

18   that it was going to go to both of them.  Mr. Watson, my phone

19   system doesn't pass sound in two directions at the same time.

20   But I thought you wished to be heard.

21           MR. WATSON:  I was just going to say that we'll

22   absolutely provide the address --

23           THE COURT:  Okay.

24           MR. WATSON:  -- for the claimant.

25           THE COURT:  Okay.  Any other mechanical matters that I

1  need to attend to, either side?  Okay.  Hearing none, does that

2  take care of Motors Liquidation for the day, Mr. Smolinsky?

3           MR. SMOLINSKY:  No, Your Honor.  There's one other

4  matter.  Before we get to it, there's a housekeeping matter.

5  If you recall, when we had the Hawkins estate's motion on the

6  first time there was also another claim of the estate of Larry

7  Torres Rodriguez.  You had a similar direction to us at the

8  prior hearing.  We did send out a notice of proposed order with

9  the language that you asked us to include about having them

10 call chambers to explain why it shouldn't be turned over to the

11 grievance committee.  As a courtesy, we called counsel after

12 that hearing.  We actually spoke to another attorney in the

13 office who said that they would speak to the attorney in charge

14 and get back to us.  We haven't heard anything.  I don't know

15 if Your Honor has heard anything.  But at this point, we'd like

16 to have Your Honor execute that order and we'll serve it with

17 the language that Your Honor directed us to.

18           THE COURT:  It saddens me to have to do that but I

19 think that's exactly what I need to do, Mr. Smolinsky.  So make

20 it happen.

21           MR. SMOLINSKY:  We will submit it to chambers, Your

22 Honor.

23           The last matter on the agenda is an objection to the

24 claim of Steven Newman which is a representative for the estate

25 of Michael Green.  On Friday, Your Honor received a letter

1   asking for an adjournment noting that Mr. Donovan, counsel to
2   the plaintiff, was on trial and couldn't make it.  We have a
3   mandate from our client to resolve all the remaining claims
4   issues as quickly as possible.  And Your Honor knows that we've
5   been doing that largely without the use of judicial resources.
6   But we do bring to your attention areas where there is some
7   concern.
8           We had agreed to adjourn this matter once before at
9   the request of Mr. Green.  Of course, we did that -- Mr.
10  Donovan.  Of course, we did that willingly.  And we did it with
11  the tacit agreement that their objection -- their reply to the
12  objection would be filed no later than the 6th of September.
13  We would have a week to reply and then today would be the
14  hearing on the matter.  Mr. Donovan agreed to those dates.  It
15  was included in the notice of adjournment.
16          The 6th came and went.  We didn't receive a response.
17  We then called Mr. Donovan, left a message; no response.  We
18  left another message a day later.  A secretary called back
19  saying that Mr. Donovan received the message but she couldn't
20  tell us anything about the circumstances.  We then sent a
21  letter by FedEx to Mr. Donovan telling him that his failure to
22  respond would be treated as a default.  Heard no response.  And
23  then Friday, he sent a letter directly to you; did not reach
24  out to us for an adjournment.
25          Mr. Donovan is not here.  Mr. Donovan is on trial in

1  New Jersey.  We, of course, understand if Your Honor agrees to
2  adjourn this matter.  However, this is a seventy-five million
3  dollar claim.  Mr. Donovan's clients have already received
4  twenty-two million dollars in cash from the pre-petition
5  debtors on account of the claim.  And we need to proceed
6  because a seventy-five million dollar claim does make an impact
7  on distributions to creditors.  So we would ask Your Honor, if
8  Your Honor is inclined, to grant the request for an adjournment
9  to provide in that order of adjournment a specific deadline to
10 respond and a specific hearing date.
11            THE COURT:  Yeah.  I saw that letter and I sensed the
12 frustration.  And I have it, too.  I will authorize one final
13 seven-day extension.  The order is to expressly provide there
14 will be no further extensions.  And it's to expressly provide
15 that your opponent is to work nights or weekends to get it in
16 if he is busy during the daytime.  I've had it with this.  I am
17 fed up.  Seven days from the date of entry.  And if you give me
18 an order with that content today, it'll be entered today.
19            MR. SMOLINSKY:  Thank you, Your Honor.  And we'll work
20 out a hearing date.  Maybe we'll pick one and if he's not
21 available on that date, we'll come to chambers and get a quick
22 new date that works for both of us.
23            THE COURT:  I understand.  This is not a small claim.
24 This is a very, very major claim against the estate and I would
25 have expected counsel to deal with it responsibly -- your

09-50026-mg    Doc 10992    Filed 09/26/11    Entered 09/28/11 13:48:41    Main Document
Pg 14 of 16
MOTORS LIQUIDATION COMPANY, et al.

Page 14

1   opponent to deal with it responsibly.

2             MR. SMOLINSKY:  Thank you, Your Honor.

3             THE COURT:  Okay.  Anything else?

4             MR. SMOLINSKY:  No, sir.

5             THE COURT:  Okay.  Then have a good day.

6             MR. SMOLINSKY:  Thank you.

7        (Whereupon these proceedings were concluded at 10:16 a.m.)

Page 15

**I N D E X**

**R U L I N G S**

| DESCRIPTION | PAGE | LINE |
|---|---|---|
| Motors Liquidation's objection to claim of Ryan Hawkins on behalf of Barbara Hawkins granted with order to contain language: (a) removing reference to Mr. Watson's law firm; (b) that says estate need not reserve funds on account of this claim; and (c) that says a copy of the order was mailed both by first-class mail and by a second means that provides a proof of delivery | 9 | 15 |
| Debtors' objection to proof of claim no. 45631 filed by Steven Newman c/o Michael Green, deceased adjourned for seven days with no further extensions | 13 | 13 |

1

2           C E R T I F I C A T I O N

3

4    I, Lisa Bar-Leib, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6    *Lisa Bar-Leib* (Digitally signed by Lisa Bar-Leib, DN: cn=Lisa Bar-Leib, o, ou, email=digital1@veritext.com, c=US, Date: 2011.09.26 11:36:10 -04'00')

7    _____

8    LISA BAR-LEIB

9    AAERT Certified Electronic Transcriber (CET**D-486)

10

11   Veritext

12   200 Old Country Road

13   Suite 580

14   Mineola, NY 11501

15

16   Date:   September 25, 2011