Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for General Motors LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                       :

**In re**                                      :        **Chapter 11 Case No.**
                                       :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*    :
                                       :

                        **Debtors.**       :        **(Jointly Administered)**
                                       :
-------------------------------------------------------------x

### GENERAL MOTORS LLC'S RESPONSE TO DR. SIZEMORE'S (i) MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105 ENFORCING 363 SALE ORDER AND ARMSPA ORDERING NEW GM TO COMPLY WITH TERMS AND PROVISIONS, AND (ii) MOTION FOR SANCTIONS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        General Motors LLC ("**New GM**"), files this omnibus response to the following

two concurrently-filed motions by Dr. Terrie Sizemore ("**Dr. Sizemore**"): (i) *Motion for Entry of*

*Order Pursuant to 11 U.S.C. § 105 Enforcing 363 Sale Order and ARMSPA Ordering New GM*

*to Comply with Terms and Provisions* (the "**Motion to Enforce**") and (ii) *Motion for Sanctions*

(the "**Motion for Sanctions**," and together with the Motion to Enforce, the "**Sizemore**

**Motions**"), and respectfully represents:

## Relevant Background

1.      The Sizemore Motions must be put into context with the following
incontrovertible facts:

### The 363 Transaction and the Sizemore Action

2.      In connection with the chapter 11 cases of General Motors Corporation
and certain of its affiliates (collectively, the "**Debtors**"), New GM purchased substantially all of
the Debtors' assets and assumed only certain specified liabilities.  The purchase transaction (the
"**363 Transaction**") was approved by the Court on July 5, 2009 and closed on July 10, 2009 (the
"**Closing Date**").  *In re Gen. Motors Corp.*, 407 B.R. 463 (Bankr. S.D.N.Y. 2009).  Pursuant to
the 363 Transaction and the Order of the Bankruptcy Court authorizing and approving the same
(ECF No. 2968) (the "**363 Sale Order**"), New GM expressly did not assume any products
liability claims relating to accidents or incidents arising from the operation of General Motors
vehicles occurring prior to the Closing Date.

3.      Notwithstanding the foregoing and in direct contravention of the 363 Sale
Order, New GM was improperly named as a defendant in a products liability lawsuit and related
discovery (together, the "**Sizemore Action**") commenced by Dr. Sizemore in the Court of
Common Pleas in Medina County in the State of Ohio in January 2010, relating to an accident
that occurred on January 22, 2008 (the "**Sizemore Accident**") -- well before the Closing Date.

### The Order Enforcing the 363 Sale Order

4.      By motion dated May 17, 2010, New GM sought an order from this Court
enforcing the 363 Sale Order so as to preclude any further prosecution of the Sizemore Action as
against New GM.  After a full hearing on the merits, the Bankruptcy Court granted the relief

requested in the motion by order dated July 1, 2010 (ECF No. 6237) (the "**Order Enforcing 363 Sale Order**").

      5.      Among other things, the Order Enforcing 363 Sale Order provides that:

> [Dr. Sizemore is] enjoined and estopped from taking or pursuing any further action against New GM (including any discovery) in connection with [the Sizemore Action] pending final disposition of the appeal . . . in the United States Court of Appeals for the Second Circuit, styled *Campbell v. Motors Liquidation Co. et al. (In re Motors Liquidation Co.)*, Case No. 10-1972-cv (2d Cir. 2010) (the "**Campbell Appeal**") . . . .

> [I]n the event the 363 Sale Order is not altered on appeal after the Campbell Appeal has been exhausted, New GM may file a motion with this Court for a supplemental order requiring [Dr.] Sizemore . . . to dismiss New GM from the Sizemore [] Action . . . with prejudice, and to continue to estop [Dr.] Sizemore from any further prosecution of the Sizemore [] Action . . . against New GM or otherwise pursing any of the claims asserted in the Sizemore [] Action . . . against New GM in any other action, forum, proceeding, or otherwise . . . .

(Order Enforcing 363 Sale Order at 3.)

      6.      Dr. Sizemore appealed the Order Enforcing 363 Sale Order, which appeal was denied by the United States District Court for the Southern District of New York (Marrero, J.) (the "**District Court**") (*Sizemore v. Gen. Motors, LLC (In re Motors Liquidation Company)*, 439 B.R. 339 (S.D.N.Y. 2010)).  In affirming the Bankruptcy Court, the District Court ruled:

- "[Dr.] Sizemore may not sue New GM;" *Id.* 439 B.R. at 341 and

- "[w]here an order prohibits, as the 363 Sale Order does here, a particular class of claims from being brought against a legal entity, it is undoubtedly understood to also prohibit an 'action for discovery' with respect to that class of claims from being brought against that same entity." *Id.* at 341-42.

*The Order Supplementing Order Enforcing 363 Sale Order*

7.      After the Campbell Appeal was withdrawn by the Campbell appellants with prejudice, New GM requested that Dr. Sizemore voluntarily dismiss New GM from the Sizemore Action.  Dr. Sizemore did not do so.

8.      Consequently, New GM filed a motion with this Court to supplement the Order Enforcing 363 Sale Order ("**New GM's Motion to Supplement**").  After a hearing before this Court on July 13, 2011 (the "**July 13 Hearing**") in which Dr. Sizemore fully participated, this Court stated:

> "this has gone on much too long, and *it's been abusive, and it's got to stop*";

> \*      \*      \*

> "*[i]t is time to bring this to an end.*  It must be brought to an end, and I am issuing the order in the exact form New GM asked for it with only two modifications.  One is that where the order, the proposed order, says . . . "*including any discovery," those words are to be put in boldface and underlined*; secondly, it is to add a paragraph just before the last one that says, "Ordered," comma, "for the avoidance of doubt," comma, "that this order shall not be collaterally attacked in any other court," comma, "state or federal," comma, "and it shall be reviewed only by a higher court in the 2nd Circuit," semicolon, "and it is further," and then it will flow to the final paragraph of this order";

> \*      \*      \*

> "Dr. Sizemore, I well understand how bankruptcy can be harsh on individual litigants.  Believe me, I considered your contentions the first several times you made them, but with respect, *enough is enough*."

Transcript of July 13 Hearing at 14:23-24; 17:20-18:11; and 18:12-15 respectively (emphasis supplied).

9.      On July 14, 2011, this Court entered an order granting New GM's Motion to Supplement, which provides as follows:

> ORDERED that Dr. Sizemore shall immediately dismiss New GM from the Sizemore Action, with prejudice, and provide written evidence to this Court and to counsel to New GM of such dismissal within ten (10) days of the date of entry of this Order; and it is further

ORDERED that Dr. Sizemore be and hereby is permanently enjoined and estopped from any further prosecution of the Sizemore Action as against New GM (**including any discovery**) or from otherwise pursuing any of the claims asserted or which could be asserted in the Sizemore Action against New GM in any other action, forum, proceeding, or otherwise; and it is further

ORDERED, for the avoidance of doubt, that this Order shall not be collaterally attacked in any other court, State or Federal, and it shall be reviewed only by a higher court in the Second Circuit;

(Order Supplementing Order Enforcing 363 Sale Order With Respect to Products

Liability Claim and Discovery Requests of Dr. Terrie Sizemore (ECF No. 10576)

(the "**Supplemental Order**") (emphasis in original)).

### *New GM's Request to Dr. Sizemore to Comply with the Supplemental Order*

10.    Twenty-one days after the Court entered the Supplemental Order, i.e., on

August 4, 2011, the attorneys for New GM sent an e-mail to Dr. Sizemore stating as follows:

Dr. Sizemore,

As you know, on July 14, 2011 the United States Bankruptcy Court for the Southern District of New York entered an order supplementing that certain Order Enforcing the 363 Sale Order with respect to your product liability claim and discovery request (hereafter, the "Order"). Among other things, the Order directs you to dismiss New GM from the Sizemore Action, with prejudice, and provide written evidence to the Bankruptcy Court and to us of such dismissal within ten (10) days of the entry of the Order.

We write to you because many more than ten (10) days have passed since the entry of the Order and according to our records, no written evidence of New GM's dismissal has been filed with the Bankruptcy Court or sent to us as counsel to New GM. Accordingly, we request that you comply with the Order immediately. In the absence of your prompt compliance, we will have no alternative but to seek appropriate relief in the Bankruptcy Court.

11.    As of the date hereof, Dr. Sizemore still has not complied with the

Supplemental Order.  In fact, as set forth in the Affidavit of James M. Popson, the attorney for

New GM in the Sizemore Action, sworn to on September 28, 2011 (the "**Popson Affidavit**," a

copy of which is annexed hereto as **Exhibit "A"**), Dr. Sizemore continues to pursue the

Sizemore Action as against New GM in contravention of the Supplemental Order.

### The Sizemore Motions Should be Dismissed

12.    Dr. Sizemore's response to New GM's request for compliance with the

Supplemental Order was the recently filed Sizemore Motions.  The Motion to Enforce is nothing

more than an attempt to relitigate matters which have been decided by this Court and affirmed by

the District Court.  Further, Dr. Sizemore's Motion for Sanctions, which accuses New GM's

attorneys of inappropriate conduct, is not supported by any facts.

13.    More specifically, as to the Motion to Enforce, this matter has been finally

determined.  The Motion to Enforce seeks a laundry list of discovery against New GM after both

this Court and the District Court have expressly precluded the same.  Further, Dr. Sizemore's

apparent reliance on the provisions of the Amended and Restated Master Sale and Purchase

Agreement (as amended, the "**MSPA**") to support her request for discovery simply is erroneous.

For example, Section 6.10 of the MSPA entitled "Litigation and Other Assistance" is a covenant

for the exclusive benefit of the parties to the MSPA.[1]  It plainly is not, as Dr. Sizemore asserts,

for her benefit or for the benefit of any other third party.

---

[1] Section 6.10 provides, in relevant part, as follows:

> *Section 6.10 Litigation and Other Assistance.*  In the event and for so long as any Party is
> actively contesting or defending against any action, investigation, charge, Claim or demand by a
> third party in connection with any transaction contemplated by this Agreement, the other Parties
> shall reasonably cooperate with the contesting or defending Party and its counsel in such contest
> or defense, make available its personnel and provide such testimony and access to its books,
> records and other materials as shall be reasonably necessary in connection with the contest or
> defense, all at the sole cost and expense of the contesting or defending Party;

MSPA§ 6.10.  In addition, the term "Parties" and "Party" are defined in the MSPA as follows:

> "Parties" means Sellers and Purchaser together, and "Party" means any of Sellers, on the
> one hand, or Purchaser, on the other hand, as appropriate and as the case may be.

MSPA § 1.1.

14.     As stated, as to Dr. Sizemore's Motion for Sanctions, it is devoid of any factual support.  The Popson Affidavit sets forth the status of the Sizemore Action and notes Dr. Sizemore's non-compliance with this Court's order.  Further, New GM's attorneys acting in the Bankruptcy Court merely have been seeking appropriate relief after requests for Dr. Sizemore to fulfill her obligations have been ignored.

15.     As this Court noted at the July 13 Hearing, "enough is enough" and Dr. Sizemore's continued disregard of this Court's orders must come to an end.  Although New GM is entitled to sanctions, New GM recognizes that Dr. Sizemore is acting *pro se* and is not seeking the same.  Nevertheless, New GM is seeking once and for all Dr. Sizemore's compliance with the clear and unequivocal rulings of this Court so that the matter can be finally put to rest and New GM can be spared of further unnecessary fees and expenses.

## Conclusion

16.     The Sizemore Motions are unfounded and should be summarily be denied.

Dated: New York, New York
          September 28, 2011

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  212-310-8000
Facsimile:  212-310-8007

Attorneys for General Motors LLC

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x
                                              :
In re                                         :         Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :         09-50026 (REG)
           f/k/a/ General Motors Corp., et al. :
                                              :
              Debtors.                        :
                                              :
———————————————————————x

## AFFIDAVIT OF JAMES M. POPSON

1.      My name is James M. Popson.  I am greater than 18 years of age and have personal knowledge of the facts stated herein.

2.      I am a resident of the State of Ohio, and I am licensed to practice law in the State and Federal Courts of Ohio and West Virginia, and the Federal District Court for the Eastern District of Michigan.  I have been admitted to practice *pro hac vice* in multiple state and federal courts across the country including in the states of Pennsylvania, Missouri, Illinois, New Jersey, Texas, Nevada, Mississippi, New York, Colorado, Florida, and Georgia.

3.      I am member in good standing of the state bars of Ohio and West Virginia.  I have never been subjected to discipline by any state bar or court.

4.      I was retained to represent General Motors Company (New GM) in a case captioned *Dr. Terrie Sizemore, RN, DVM v. General Motors Company, et al.*, Medina County Ohio, Court of Common Pleas Case No. 10 CIV 0102 (the "Ohio Case"), the Honorable James Kimbler presiding.

5.      On July 1, 2010, the United States Bankruptcy Court of the Southern District of New York issued an order enjoining and estopping Terrie Sizemore from taking or pursuing any action against New GM in connection with her lawsuit in the Medina County Court

of Common Pleas, pending final disposition of Campbell v. Motors Liquidation Co., et al., (In Re Motors Liquidation Co.) 10-1972-cv (2d Cir. 2010) (the "Campbell Appeal"). The Order further directed Terrie Sizemore to comply with its terms within eight (8) days.

6.    Terrie Sizemore took no action to comply with the order within eight (8) days, and did not inform the Ohio Court that she was required to refrain from pursuing her claims against New GM. Therefore, on behalf of New GM, I filed a motion to dismiss the Ohio Case on July 14, 2010 (a true and accurate copy is attached as Exhibit "A"). The motion did not request a dismissal "with prejudice," as the Campbell appeal remained pending, and did not request a hearing on the motion. The July 1, 2010 Order was attached as an exhibit to the Motion to Dismiss for the purpose of informing the Ohio Court that Sizemore was not permitted to take any further action against New GM, as Sizemore had not taken any action whatsoever within the eight days permitted to inform the Ohio Court as to her intentions at that time. This left Sizemore the option to either consent to a dismissal or request a stay if she chose to do so. I did not "conceal" the July 1, 2010 Order as alleged by Terrie Sizemore. On the contrary, I disclosed the Order to the Ohio Court when Sizemore failed to do so in a timely manner.

7.    On or about July 21, 2010, Terrie Sizemore filed a motion to stay the Ohio case. On behalf of my client, I did not oppose the motion to stay, and again did not request a hearing on the previously filed motion to dismiss because Sizemore appeared to be attempting to comply with the terms of the July 1, 2010 Order.

8.    On August 4, 2010, Terrie Sizemore withdrew her Motion to Stay, and voluntarily moved the Ohio Court to dismiss New GM from the Ohio Case. On behalf of my client, I did not oppose the motion to dismiss because Sizemore again appeared to be attempting to comply with the terms of the July 1, 2010 Order. I made this clear to Sizemore and the Ohio Court in a

brief filed on August 31, 2010 (a true and accurate copy is attached as Exhibit B). Sizemore's voluntary motion to dismiss was set for hearing, rendering the prior motions moot.

9.      On September 23, 2010, the Campbell appeal was dismissed with prejudice.

10.      The Ohio Court heard Sizemore's motion to dismiss on December 14, 2010. I appeared at the hearing, and offered no opposition to Sizemore's motion, as she appeared to be attempting comply with the bankruptcy court order of July 1, 2010. The Ohio Court was informed of the Campbell dismissal at the hearing. I did not misrepresent the content of the July 1, 2010 Order, and the Honorable Judge James Kimbler was in possession of the Order. At the hearing, Dr. Sizemore expressed her desire to comply with the July 1, 2010 Order in light of the dismissal, with prejudice, of the Campbell appeal. At the conclusion of the hearing Judge Kimbler requested that I prepare a proposed order of dismissal. Based on Sizemore's comments at the hearing and because the Campbell appeal had been dismissed with prejudice, the proposed order I prepared provided for a dismissal with prejudice.

11. On December 20, 2010, Sizemore filed a Motion to Strike the proposed Order, for the first time claiming she intended to dismiss New GM "without prejudice." On the same day, Judge Kimbler entered an Order dismissing the case "with prejudice."

12.      On March 8, 2011, Sizemore appealed the granting of her own motion to dismiss (Ohio Ninth District Court of Appeals Case No. 11-CA0025-M). Despite the fact that Sizemore had withdrawn her motion to stay in the trial court and moved for dismissal, she now argued that the July 10, 2010, Federal Order mandated a stay and precluded her own voluntary dismissal.

13.      The appeal was subsequently consolidated with Sizemore's appeal of the dismissal of her "discovery action" against New GM (Ohio Ninth District Court of Appeals Case

No. 10-CA0035-M). The July 10, 2010 Order is part of the record for both appeals, and was not concealed from the Court of Appeals.

14.    On May 19, 2011, the Court of Appeals ordered the parties to file a response as to whether the appeals should be stayed based upon the July 10, 2010 Order. I filed a response on behalf of New GM stating that the bankruptcy court Order of July 2010 did not direct any Court to take any specific action with regard to the appeals. Rather, the Order directed Sizemore to "refrain from taking action against New GM." However, Sizemore had failed to file a motion to stay the appeals. The response further stated that New GM did not object to the Court staying the appeals despite the absence of a request from Sizemore. New GM also explained that it was in the process of seeking a supplemental order (consistent with the July 2010 bankruptcy court order) requiring Sizemore to dismiss the cases with prejudice.

15.    On July 13, 2011, the Court of Appeals issued an Order staying the consolidated appeals for 90 days, or until October 13th, pending a ruling on New GM's motion for Supplemental Order from the bankruptcy court. Also on July 13, 2011, Sizemore filed a "Motion to Voluntarily Dismiss This Appeal and Withdraw General Motors Company From This Action." This motion was filed under a caption that contained only the discovery action (Ohio Ninth District Court of Appeals Case No. 10-CA0035-M). In the motion, Sizemore asked the Court of Appeals to remand the damages action (Ohio Ninth District Court of Appeals Case No. 11-CA0025-M) back to the trial court.

16.    On July 14, 2011, the bankruptcy court in New York issued the supplemental order requiring Sizemore to dismiss all her litigation against New GM with prejudice.

17.    On July 28, 2011, I filed a response to Sizemore's "Motion to Voluntarily Dismiss This Appeal and Withdraw General Motors Company From This Action" on behalf of

New GM. The response raised two issues: 1) Sizemore's motion did not expressly include dismissal of *both* appeals; and, 2) New GM objected to the remand of the damages action to the trial court. A copy of the July 14, 2011, supplemental order was attached as an exhibit to the filing.

18.     On July 29, 2011, Sizemore replied, clarifying to the Ohio Court of Appeals that she *did not intend* to dismiss New GM from the appeal on the damages action, despite the Federal Order requiring her to do so. Also on July 29, Sizemore filed a "Request for Findings of Fact and Conclusions of Law." (A true and accurate copy attached as Exhibit "C"). Sizemore's "Request" objected to the Court of Appeals order consolidating the two Sizemore appeals, accused the Ohio judges and Judge Gerber of "judicial misconduct," and asked for "findings of fact and conclusions of law" justifying consolidation of the two appeals.   I did not file a response to this "Request" on behalf of New GM because the Ohio Rules of Appellate Procedure do not require "findings of fact and conclusions of law" to support a consolidation order.

19.     As of the date of this affidavit, the consolidated appeals remain stayed before Ohio's Ninth District Court of Appeals, and upon information and belief will remain so until at least October 13, 2011. Sizemore continues to fail to comply with the Federal Supplemental Order of July 14, 2011, as she has refused to stipulate to a voluntary dismissal of New GM from the damages action (Ohio Ninth District Court of Appeals Case No. 11-CA0025-M).

20.     As it relates to the Sizemore matter, none of the actions taken by me in defense of New GM were intended to violate any court order. The dismissal of Sizemore's damages action in the Medina County (Ohio) Court of Common Pleas was upon Sizemore's own motion, was ordered by the Ohio Court with full disclosure of all relevant federal orders discussed herein, and was unopposed by New GM.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JAMES M. POPSON

SWORN TO BEFORE ME and subscribed in my presence on this 28th day of

September , 2011.

_____
NOTARY PUBLIC

ELIZABETH A. HRONIS, nka Kane
NOTARY PUBLIC ● STATE OF OHIO
My commission expires 7/4/13.

IN THE COURT OF COMMON PLEAS
MEDINA COUNTY, OHIO

COMMON PLEAS COURT
10 JUL 13 PM 1:52

FILED
KATHY FORTNEY
MEDINA COUNTY
CLERK OF COURTS

DR. TERRIE SIZEMORE RN DVM,               )    CASE NO.: 10CIV0102
                                          )
                    Plaintiff,            )    JUDGE JAMES L. KIMBLER
                                          )
vs.                                       )
                                          )
GENERAL MOTORS COMPANY, and JOHN          )    **GENERAL MOTORS COMPANY'S**
DOE, (name unknown), and JOHN DOE (name   )    **MOTION TO DISMISS**
unknown), and JOHN DOE (name unknown),    )
and JOHN DOE (name unknown),              )
                                          )
                    Defendants.           )

Now comes Defendant-Appellee, General Motors Company ("New GM"), by and through counsel, and hereby moves this Court to dismiss the instant matter pursuant order of the United States Bankruptcy Court for the Southern District of New York. See "Order" attached as Exhibit "A". The Order is dated July 1, 2010, and states that Plaintiff herein, Terrie Sizemore, is "enjoined and estopped from taking or pursuing any further action against New GM (including any discovery)" in connection with her pending actions against GM. Plaintiff was given 8 days from the date of the Order to comply. Plaintiff-Appellant has failed to take voluntary action with regard to this matter as ordered by the Bankruptcy Court. Accordingly, based upon the Order, GM respectfully requests that this Court dismiss the instant matter without the need for further intervention by the United States Bankruptcy Court.

**EXHIBIT**

tabbies'

A

Respectfully submitted,

JAMES M. POPSON (0072773)
Sutter, O'Connell & Farchione
3600 Erieview Tower
1301 E. 9th Street
Cleveland, OH  44114
Phone:  (216) 928-2200
Fax:  (216) 928-4400
Email:  jpopson@sutter-law.com

Attorney for Defendant General Motors Company

2

## CERTIFICATE OF SERVICE

A copy of the foregoing *Motion to Dismiss* was sent via regular U.S. mail, this *14th*

day of July, 2010 to the following:

Dr. Terrie Sizemore RN DVM          Pro Se Plaintiff
P.O. Box 23
Sullivan, OH  44880

JAMES M. POPSON (0072773)

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                        :

In re                      :        Chapter 11 Case No.
                         :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :        09-50026 (REG)
    **f/k/a General Motors Corp.,** *et al.*   :
                       :

              **Debtors.**      :       **(Jointly Administered)**
                       :

------------------------------------------------------x

### ORDER PURSUANT TO
### 11 U.S.C. § 105(a) ENFORCING 363 SALE ORDER

Upon the Motion, dated May 17, 2010 (the "**Motion**"), of General Motors, LLC

("**New GM**"),[1] pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy**

**Code**"), for entry of an order (a) enforcing the 363 Sale Order; (b) enjoining the Accident

Plaintiffs from prosecuting or otherwise attempting to enforce the claims asserted against New

GM in the Accident Plaintiffs' Civil Actions, and (c) directing the Accident Plaintiffs to dismiss

New GM from each of the Accident Plaintiffs' Civil Actions, with prejudice, all as more fully set

forth in the Motion; and upon the responses of certain of the Accident Plaintiffs[2] and New GM's

omnibus reply to the responses;[3] and due and proper notice of the Motion having been provided,

and it appearing that no other or further notice need be provided; and a hearing (the "**Hearing**")

having been held with respect to the Motion on June 1, 2010; and upon the record of the Hearing

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The following Accident Plaintiffs filed responses: (i) the Estate of Beverly Deutsch, the Heirs of Beverly Deutsche, and Sanford Deutsch (collectively, the "**Deutsch Plaintiffs**") [Docket No. 5863], (ii) Shane J. Robley [Docket No. 5864], and (iii) Terrie Sizemore [Docket No. 5866] (collectively, the "**Objecting Accident Plaintiffs**") The other three Accident Plaintiffs did not file any response to the Motion.

[3] Docket No. 5899.



and the Court's opinion (the "**Opinion**") with respect to the Motion as set forth on the record of

the Hearing; and the Court having found and determined (as set forth in the Opinion) that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that plaintiff, Leslie Griffin, shall immediately dismiss New GM from

the Griffin Civil Action styled *Griffin v. General Motors Co.*, No. 09-CI-00232 (Clay Circuit Ct.,

Ky.), with prejudice; and it is further

ORDERED that plaintiffs, Brian Korotka and Sharon Korotka, shall immediately

dismiss New GM from the Korotka Civil Action styled *Korotka v. Braeger Chevrolet, Inc. et al.*,

No. 08 CV 017991 (Milwaukee Cnty. Circuit Ct., Wis.), with prejudice; and it is further

ORDERED that defendant, RJ Burne Cadillac, shall immediately dismiss New GM

from the McDade Civil Action styled *McDade v. RJ Burne Cadillac v. General Motors

Corp. et al.*, No. 585 of 2010 (Lackawanna Cnty. Ct. of Common Pleas, Pa.), with prejudice; and

it is further

ORDERED that each of Leslie Griffin, Brian Korotka, Sharon Korotka, and RJ

Burne Cadillac, be and hereby is enjoined and estopped from any further prosecution of their

respective Accident Plaintiffs' Civil Actions as against New GM or from otherwise pursuing any

of the claims asserted therein against New GM in any other action, forum, proceeding, or

otherwise; and it is further

ORDERED that each of Leslie Griffin, Brian Korotka, Sharon Korotka, and RJ

Burne Cadillac, shall file with the Clerk of this Court evidence of the dismissal, with prejudice,

2

of its respective Accident Plaintiffs Civil Action against New GM within ten (10) business days after the entry of this Order; and it is further

ORDERED that Accident Plaintiffs (i) Terrie Sizemore and (ii) Shane J. Robley be and hereby are enjoined and estopped from taking or pursuing any further action against New GM (including any discovery) in connection with their respective Accident Plaintiff Civil Actions[4] pending final disposition of the appeal currently pending in the United States Court of Appeals for the Second Circuit, styled *Campbell v. Motors Liquidation Co. et al. (In re Motors Liquidation Co.)*, Case No. 10-1972-cv (2d Cir. 2010) (the "**Campbell Appeal**"); *provided, however*, that Terrie Sizemore shall have eight (8) calendar days from the date hereof to take the necessary action to comply with the foregoing; and it is further

ORDERED that in the event the 363 Sale Order is not altered on appeal after the Campbell Appeal has been exhausted, New GM may file a motion with this Court for a supplemental order requiring Accident Plaintiffs (i) Terrie Sizemore and (ii) Shane J. Robley to dismiss New GM from the Sizemore Civil Action and the Robley Civil Action, respectively, with prejudice, and to continue to enjoin and estop Terrie Sizemore and Shane J. Robley from any further prosecution of the Sizemore Civil Action and the Robley Civil Action, respectively, against New GM or from otherwise pursuing any of the claims asserted in the Sizemore Civil Action and the Robley Civil Action, respectively, against New GM in any other action, forum, proceeding, or otherwise; and it is further

ORDERED that in the event the Campbell Appeal results in a modification of the provisions of the 363 Sale Order so as to permit the pursuit or prosecution of the Product

---

[4] Terrie Sizemore's Accident Plaintiff Civil Action is the Sizemore Civil Action styled *Sizemore v. General Motors Co. et al.*, No 10CIV0102 (Medina Cnty. Ct. of Common Pleas, Ohio). Shane J. Robley's Accident Plaintiff Civil Action is the Robley Civil Action styled *Robley v. General Motors LLC et al.*, No. 2:09-cv-02767 (W.D. Tenn.).

Liability Claims as against New GM, the stay and enjoinment of the Sizemore Civil Action and

the Robley Civil Action as provided herein shall be lifted upon either (i) the written consent of

New GM, or (ii) a further order of this Court entered on notice to New GM; and it is further

ORDERED that the Deutsch Plaintiffs be and hereby are enjoined and estopped

from taking or pursuing any further action against New GM (including any discovery) in

connection with the Deutsch Civil Action styled *Estate of Beverly Deutsch v. General Motors

Corp.*, No. BC 389150 (Los Angeles Cnty. Superior Ct., Cal.), pending (i) final disposition of the

Campbell Appeal and (ii) a determination by this Court with respect to whether the wrongful

death claim asserted by the Deutsch Plaintiffs in the Deutsch Civil Action against New GM is an

Assumed Liability under that certain Amended and Restated Master Sale and Purchase

Agreement, dated as of June 26, 2009, as amended, by and among the Debtors and the

predecessors in interest to New GM (the "MSPA"); and it is further

ORDERED that in the event either (i) this Court determines that the wrongful

death claim asserted by the Deutsch Plaintiffs in the Deutsch Civil Action against New GM is an

Assumed Liability under the MSPA, or (ii) the Campbell Appeal results in a modification of the

provisions of the 363 Sale Order so as to permit the pursuit or prosecution of the Product

Liability Claims as against New GM, the stay and enjoinment of the Deutsch Civil Action as

provided herein shall be lifted upon either (i) the written consent of New GM, or (ii) a further

order of this Court entered on notice to New GM; and it is further

ORDERED that (i) in the event this Court determines that the wrongful death

claim asserted by the Deutsch Plaintiffs in the Deutsch Civil Action against New GM is not an

Assumed Liability under the MSPA and (ii) the 363 Sale Order is not altered on appeal after the

Campbell Appeal has been exhausted, New GM may file a motion with this Court for a

4

supplemental order requiring the Deutsch Plaintiffs to dismiss New GM from the Deutsch Civil

Action, with prejudice, and to continue to enjoin and estop the Deutsch Plaintiffs from any

further prosecution of the Deutsch Civil Action against New GM or from otherwise pursuing any

of the claims asserted in the Deutsch Civil Action against New GM in any other action, forum,

proceeding, or otherwise; and it is further

ORDERED that the attorneys for New GM and the attorneys for the Deutsch

Plaintiffs shall endeavor to agree on a stipulation (subject to this Court's approval) setting forth a

briefing schedule with respect to the issue of whether the wrongful death claim asserted by the

Deutsch Plaintiffs in the Deutsch Civil Action against New GM is an Assumed Liability under

the MSPA; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_**July 1, 2010**_


_**s/ Robert E. Gerber**_
United States Bankruptcy Judge

5

COMMON PLEAS COURT

10 AUG 31  AM 10: 40

FILED
KATHY FORTNEY
MEDINA COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
MEDINA COUNTY, OHIO

DR. TERRIE SIZEMORE RN DVM,                )    CASE NO.: 10CIV0102
                                           )
                Plaintiff,                 )    JUDGE JAMES L. KIMBLER
                                           )
vs.                                        )
                                           )    **DEFENDANT GENERAL MOTORS**
GENERAL MOTORS COMPANY, et al.,            )    **COMPANY'S BRIEF IN OPPOSITION**
                                           )    **TO PLAINTIFF'S MOTION FOR**
                Defendants.                )    **DECISION INSTANTER**

        Now comes Defendant, General Motors Company, and hereby requests that the Court

deny Plaintiff's Motion for Decision Instanter. Plaintiff mistakenly believes that this Court must

enter an Order with regard to her pending motions in order to avoid being in contempt of Court

with regard to an Order of the Bankruptcy Court in New York. The Order at issue simply

required Plaintiff to refrain from taking further action in this case within eight (8) calendar days

of the Order. Although she was late in doing so, Plaintiff did file a Motion to Stay this matter on

July 21, 2010. On August 4, 2010, Plaintiff filed a separate motion which essentially would

dismiss General Motors Company if it were granted. None of these actions appear to be on

contravention of any of the restrictions placed on the Plaintiff by the Federal Court in New York.

It does not appear that Plaintiff has taken any steps to further her litigation against General

Motors Company. Therefore, this "Motion for Decision Instanter" should be denied as moot.

General Motors Company does not oppose a dismissal of Plaintiff's action against it.



EXHIBIT

tabbies

_B_

Respectfully submitted,

JAMES M. POPSON (0072773)
Sutter, O'Connell & Farchione
3600 Erieview Tower
1301 E. 9th Street
Cleveland, OH 44114
Phone: (216) 928-2200
Fax: (216) 928-4400
Email: jpopson@sutter-law.com

Attorney for Defendant General Motors Company

## CERTIFICATE OF SERVICE

A copy of the foregoing *Motion to Dismiss* was sent via regular U.S. mail, this ____30^{rd}____

day of August, 2010 to the following:

Dr. Terrie Sizemore RN DVM                    Pro Se Plaintiff
P.O. Box 23
Sullivan, OH  44880

JAMES M. POPSON (0072773)

3

1

# IN THE NINTH DISTRICT COURT OF APPEALS
## MEDINA COUNTY, OHIO

| | | |
|---|---|---|
| Dr. Terrie Sizemore RN DVM | : | |
| | : | Case no:10CA0035-M |
| Plaintiff-Appellant, | : | Case no:11CA0025-M |
| | : | |
| v. | : | |
| | : | |
| General Motors Company, et al | : | Regular Calender |
| | : | Appeal from Medina County |
| Defendant-Appellees | : | Court of Common Pleas |
| | : | Case no: 09-CIV-2471 |
| | : | Case no: 10-CIV-0102 |

## <u>PLAINTIFF-APPELLANT'S RESPONSE TO MAGISTRATE'S ORDER FILED JULY 21, 2011 AND REQUEST FOR FINDINGS OF FACT AND CONCLUSION OF LAW PERMITTING ORDERS OF JULY 13, 2011 AND JULY 21, 2011 PURSUANT TO CIVIL RULE 53</u>

Dr. TERRIE SIZEMORE
RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

JAMES M. POPSON (0072773)
Sutter, O'Connell, & Farchone Co.,
LPA
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114
(216) 928-2200

Plaintiff-Appellant, *pro se*

Attorneys for Defendant-Appellee
General Motors Company

EXHIBIT

*C*

Now comes the Plaintiff-Appellant, Dr. Terrie Sizemore RN DVM, and respectfully responds to the Judge's Order of July 13, 2011 and the Magistrate's Order of July 21, 2011 and respectfully requests the findings of fact and conclusions of law pertaining to and permitting the consolidation of this Appellant's two appeals. This Appellant objects to the consolidation of the two appeals.

This Appellant, Dr. Sizemore, did not receive the Order dated July 13, 2011 granting the consolidation of the two appeals until July 14, 2011, after she filed her two briefs on July 13, 2011 for cases 10CA0035-M and 11CA0025-M. If the Court continues to consider the two appeals consolidated since her filing her two briefs, she asserts neither the July 13, 2011 nor the July 21, 2011 Orders contained findings of fact or conclusions of law permitting consolidation of the two appeals. Dr. Sizemore admits she is confused and disturbed by the Court's consideration to consolidate the appeals because up until now the Court has demonstrated fairness to this Appellant. This Appellant contends this consideration for consolidation is not founded in law as she understands the law and procedure.

Dr. Sizemore contends the two appeals are separate and this consolidation would obstruct justice for this Appellant. This Appellant

formally requests both findings of fact and conclusions of law for both Orders.

Dr. Sizemore's request to expedite this appeal has been unopposed. This Court and the trial Court have asserted procedural requirements all along and Dr. Sizemore is certain her request for proper procedure in this matter is lawful as well as has been unopposed legally because the trial Court was bound by Bankruptcy proceedings-a fact pled. This Appellant has received legal advisement that Appellate Courts function to review errors. Dr. Sizemore contends, again, the trial Court was not permitted to alter the terms of the Federal stay. She contends Judge Kimbler stated he was unconcerned about the Federal Orders on December 14, 2010 during a hearing for case no. 10CIV0102 in the presence of a witness in the Courtroom. Dr. Sizemore is ignoring what she considers Judicial misconduct and is only requesting this Court return this case to the trial Court for proper dismissal of General Motors. Since she has reluctantly withdrawn GM from 10CA0035-M- considering Judge Gerber's decision to force her to do so constituting falsely accusing Dr. Sizemore of misconduct as well as constituting Judicial misconduct and abuse of Judicial power-one of the 27 grievances listed in the Declaration of Independence, she contends she is within her rights to request this Court not consolidate these appeals and

4

grant her request to continue with any required oral hearing expeditiously to return this matter to the trial Court. Dr. Sizemore has attached page 23 of the June 1, 2010 hearing transcript confirming Judge Gerber stated her Action for Discovery-Common Pleas case no. 09CIV2471 and Ninth District Court appeal no. 10CA0035-M was not a bankruptcy issue.

The law and the Constitution do not state that Dr. Sizemore only has rights as a litigant if she is an attorney of if an attorney represents her. Dr. Sizemore wishes to assert that this Court, more than any other Court she has litigated in, has demonstrated awareness of the law and procedure and demonstrated fairness to her the majority of the time. She asserts, however, she finds this consolidation disturbing and contrary to treatment she has received to date by this Court and requests the Court continue with the one appeal since the other has been disposed.

Dr. Sizemore contends RC 2505.39 states: 'A court …shall send a special mandate to the lower court for execution or further proceedings. The court to which such mandate is sent shall proceed as if the final order, judgment, or decree has been rendered in it.' There is NO language that allows a lower court to deviate from the upper court's mandate. Dr. Sizemore is not certain this Ohio law she presents applies properly in this situation, but as Dr. Sizemore understands this, this Court and the Court of

Common Pleas are not permitted to deviate from the Federal stay issued by

Judge Gerber in the US Bankruptcy Court SDNY. That Order was rendered

on June 1, 2010 and journaled on July 1, 2010. No other order has been

issued until July 13, 2011. This action, 10CIV0102, appeal 11CA0025-M,

was in the trial Court at the time of the Order and by law is to be returned

there for this Appellant to withdraw GM. This may not be to GM's

advantage, but Dr. Sizemore contends that is not the concern of the impartial

Court. It is a concern to this Appellant. In addition, it would seem to Dr.

Sizemore the Order to consolidate would not be permitted by the stay issued

either.

Dr. Sizemore is certain the seriousness of GM's and GM's counsel's

conduct is apparent to this Court and she contends the function of the Court

is to be impartial and not attempt to unequally protect the interests of GM

over her interests.

## CONCLUSION

Dr. Sizemore wishes to state again, she appreciates the extension of

patience and gracious conduct by this Court. She continues to express her

appreciation for this Court's preservation and protection of her rights equally

with all parties and permitting her due process of law to the present and

anticipates the continuation of the same. She requests that if the Court

continues to consider the two appeals consolidated to please provide finding

of fact and conclusions of law to support.

Respectfully submitted,

Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126
sizemore3630@aol.com


## CERTIFICATE OF SERVICE

A true and accurate copy of this foregoing "PLAINTIFF-

APPELLANT'S RESPONSE TO MAGISTRATE'S ORDER FILED JULY

21, 2011 AND REQUEST FOR FINDINGS OF FACT AND

CONCLUSION OF LAW PERMITTING ORDERS OF JULY 13, 2011

AND JULY 21, 2011 PURSUANT TO CIVIL RULE 53" has been served,

via regular US Mail on this _____ day of July, 2011 upon the following:

James M. Popson
3600 Erieview Tower
1301 E. 9th Street
Cleveland, Ohio 44114

Attorney for the Defendant

Dr. Terrie Sizemore RN DVM
Pro Se

MOTORS LIQUIDATION COMPANY, et al.

Page 23

1    Civil Rules 33 and 34, which I said, if General Motors Company

2    is not a legitimate defendant, I don't feel that I can serve

3    discovery requests through 33 and 34, so I did not.  I said if

4    you are willing to answer discovery request, then please answer

5    my action for discovery.

6        Well, he invalidated that action for discovery

7    completely, but I still maintain that that was legally executed

8    and did not violate bankruptcy laws, and so I'm in the ninth

9    district because General Motors Company failed to comply with

10   Civil Rule (a)(1) requiring them twenty-eight days --

11       THE COURT:  Pause, please, Dr. Sizemore.  I don't want

12   to cut you off, especially since you traveled so far, but

13   you're getting a little bit afield.  I need you to concentrate

14   on the bankruptcy issues that are before me and what the

15   purchase agreement says.  So when I -- when you continue, which

16   will be in just a moment, I want you to focus on that, please.

17       Before you do, though, I would also like you to help

18   me -- I had always assumed that a DVM is a veterinarian.

19       DR. SIZEMORE:  Yes.

20       THE COURT:  And an RN is a nurse.  Do you have legal

21   training?  I saw your pleading.  It looked like either you had

22   at one time gone to law school or somebody with legal training

23   had helped you.

24       DR. SIZEMORE:  No, I've done research independently.

25   I am medically trained.  I have -- my background is completely