## Designation Of Items To Be Included in Records

All Items below make reference to UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK, Chapter 11 Case No. 09-50026 (REG), In re MOTORS LIQUIDATION COMPANY, et al, f/k/a General Motors Corp., et al. Debtors

Doc. 1) PROOF OF CLAIM FOR DAVID A. RADKE –Nov 24, 2010 (Claim # 63113)

Doc. 2) NOTICE OF DEBTORS' 147TH OMNIBUS OBJECTION TO CLAIMS (claims for equity interest) –Jan 25, 2011   (ECF No. 8820)

Doc. 3) Radke RESPONSE to "NOTICE OF DEBTORS' 147TH OMNIBUS OBJECTION TO CLAIMS" – Feb 14, 2011  (ECF No. 9285)

Doc. 4) AMENDED NOTICE OF MATTERS SCHEDULED FOR HEARING ON JULY 27TH, 2011 –July 25, 2011   (ECF No. 1019) – Including Transcripts from Hearing on July 27th

Doc. 5) SUPPLEMENTAL ORDER GRANTING DEBTOR'S 147 OMNIBUS OBJECTION TO CLAIMS – Sept 6, 2011   (ECF No. 10782)

Doc. 6) NOTICE OF APPEAL from David A. Radke to U.S. Bankruptcy Court, SDNY – Sept 16, 2011  (ECF No. 10903)

Other related documentation can be found in Appendix A.



## Statement of Issues

I am appealing the attempt by Motors Liquidation Co. and General Motors (the Debtors) to reject my unsecured claim solely on the basis that it is an equity interest claim. The objection to my claim was upheld in bankruptcy court with Judge Gerber's SUPPLEMENTAL ORDER GRANTING DEBTOR'S 147 OMNIBUS OBJECTION TO CLAIMS on Sept 6, 2011 (ECF No. 10782). As stated in my initial objection (ECF No.9285) and at the July 27th hearing (ECF No. 10619) my case is actually more than a simple equity interest claim as described below and GM/MLC should share in the loss due to their complicity.

The issue I have with the judgment above is that it denied my claim solely on the basis of being an equity interest claim. The debtor attorneys basically put all equity holders in several omnibus groups and attempted to classify them as disgruntled equity holders suing for lost common equity claims behind the premise that GM was at fault for losses due to poor management.

It was easy but incorrect to lump all the claims together in this manner. Although, in my written "Response to NOTICE OF DEBTORS' 147TH OMNIBUS OBJECTION TO CLAIMS" – Feb 14, 2011 (ECF No. 9285)", I did have a sentence or two that stated that GM management held much of the blame for the spiral down and final bankruptcy, this was a personal view of mine but not the basis for the grounds of my claim. My claim comes from the fact that all my losses occurred within my GM 401k plan and that the management and rules within that plan were primary reasons for my losses. GM had full control over the 401k plan although it was directly administered by Fidelity Investments. As a result GM is not without fault in this case and should be held accountable for a share of my losses.

Per my "Response" noted above, prior to my purchase of GM stock in my 401k plan, several Fidelity funds that I had previously invested in were removed from the GM401k Plan investment pool due to stated higher risks associated with them. These included Fidelity Canada and Fidelity Diversified International among others. At the same time, GM Common Stock remained in the plan with no mention of risk associated with that investment. I assumed that since GM Common Stock remained in the plan, the risk was considered minimal and I decided to invest in GM Common Stock for the safety of the roughly 4% dividend. During the many months prior to bankruptcy, GM management put out an overly optimistic view and stated many times that bankruptcy was not an option.

A major contributing factor in my 401k losses was the fact that new 401k plan trading restrictions were added after I had purchased GM Stock. The changes limited a plan participant's ability to repurchase an asset after selling it for a specific period of time such as 30days. Penalties included a hold on trading in the account for a much longer period of time. These restrictions certainly added to my losses as I was afraid to sell GM Stock thinking that I wouldn't be able to buy the stock back if the market conditions turned around quickly. This exacerbated the situation, the losses snowballed and I ended up riding the stock down, losing over $500,000 (90%) of my value. GM Common Stock value dropped more than 95% from Sept 2007 through April 2009 when trading of GM common stock within the 401k plan was halted. I would have been much more willing to sell if they had not introduced the new trading restriction rules within the plan. These rules placed an unfair GM Stock trading burden on the 401k plan participants which did not exist outside of the plan and should invalidate the Debtor's objection to my claim on the basis that it was solely an equity interest claim. Without these GM/MLC controlled factors/events, my losses in the 401k plan would have been a small fraction of the final amount.

In fact Judge Gerber even commented at the July 27th hearing that I may have a case against Fidelity or the 401k plan administrator for these issues but he didn't understand that GM actually had management and control of how the 401k plan was run.

On a related subject, I called Fidelity Benefits on March 1st 2011, attempting to get previously dispersed 401k plan documents from Fidelity (as plan administrator) and they asked for a reason, for which I stated a pending lawsuit. I was told from a back office group that they must request these documents from GM (ref work order W035202201) and it was up to GM on what they would provide and that it could take up to 5 business days for a reply. One week later, I followed up and was told by a Fidelity back office group that the requested material was outdated and no longer available from Fidelity. It was

also stated that GM supplied all details of its 401k plans but would not provide any information regarding the older plan documentation that I had requested.

When GM went into bankruptcy there was no means to recoup losses from the downturn over time as would normally be the case. Ford Common Stock is a great example of this as it when down to $1/sh but is now $16/sh and nearly 100% higher than it was before the market turned down in 2008. I understand that Ford Motor employees had sued their 401k plan under ERISA, saying it was a mistake for Ford to offer company stock as an investment for retirement. Ford stock had dropped more than 70% from April 2000 to April 2006. This lawsuit was held up at least through the district court level and later settled but only after Ford stock regained its previous trading level. Ford's case is most likely a valid point for all companies including GM where the common stock value dropped more than 95% from Sept 2007 through April 2009 when trading of GM common stock within the 401k plan as halted

In my case, GM Bankruptcy resulted in the loss of a lifetime of savings and investment within my 401k plan. For nearly 30 years I was able to save and invest within my 401k plan accumulating more than $600,000 of assets for my retirement. However, after 401k plan changes and from the time of my first purchase of GM shares in September 2007 to April 2009, I lost more than 90% of the value in my 401k plan due to GM common stock value (Claim No. 63113).

In closing, General Motors/MLC actions had a major impact on the losses I incurred within my 401k plan and I respectfully ask the Appeals Court to reconsider this loss as more than a simple equity interest claim and order that a reasonable percentage of my claim be approved and returned.

Dated: Haslett, Michigan

Sept 26th, 2011

David A. Radke

# Appendix A – Chronological List of Related Documents Received

NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11U.S.C. §§ 105 (a) AND 363(b) AUTHORIZING EXERCISE OF STOCK POWERS TO APPROVE AMENDMENT TO CERTIFICATE OF INCORPORATION OF GENERAL MOTORS COMPANY - Aug 27, 2010

NOTICE OF DEADLINES FOR FILING PROOF OF CLAIM (Including claims under section 503-b-9- of the bankruptcy code) –Sept 16, 2010

PROOF OF CLAIM FOR DAVID A. RADKE –Nov 24, 2010

DISCLOSURE STATEMENT FOR DEBTOR'S AMENDED JOINT CHAPTER PLAN – Dec 8 2010

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT: (II) ESTABLISHMENT OF RECORD DATE: (III) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN – Dec 8, 2010

NOTICE OF MATTERS SCHEDULED FOR HEARING ON MARCH 1, 2011 – Feb 25, 2011
(ECF No. 9476) – Adjourned to March 29th, 2011

ORDER GRANTING DEBTORS' 147TH OMNIBUS OBJECTION TO CLAIMS (not including 3 adjourned claims) - Mar 7, 2011 (ECF No.9607)

NOTICE OF MATTERS SCHEDULED FOR HEARING ON MARCH 29TH, 2011 – Mar 28, 2011
(ECF No.9924) – Adjourned to April 26, 2011

NOTICE OF MATTERS SCHEDULED FOR HEARING ON APRIL 26TH, 2011 – April 22, 2011
(ECF No.10112) – Adjourned to May 17, 2011

NOTICE OF MATTERS SCHEDULED FOR HEARING ON MAY 17TH, 2011 – May 13, 2011
(ECF No.10231) – Adjourned to June 22, 2011

MOTORS LIQUIDATION COMPANY GUC TRUST'S OMNIBUS REPLY TO RESPONSES TO 147TH, 148TH, 151S THROUGH 156TH, 210TH AND 214TH OMNIBUS OBJECTIONS TO CLAIMS – JUNE 17, 2011
(ECF No. 10451)

NOTICE OF MATTERS SCHEDULED FOR HEARING ON JUNE 22nd, 2011 – June 20, 2011
(ECF No.10471) – Adjourned to July 27, 2011