**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                                    :
In re                                                             :     Chapter 11 Case No.
                                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :     09-50026 (REG)
    f/k/a General Motors Corp., *et al.*          :
                                                                    :
                       Debtors.     :     (Jointly Administered)
                                                                    :
-------------------------------------------------------------x

### STIPULATION AND AGREED ORDER  RESOLVING CLAIM NO.  36709

This Stipulation and Agreed Order (the "**Stipulation**") is entered into as of August 31, 2011 (the "**Effective Date**") by and amongst Motors Liquidation Company ("**MLC**") (f/k/a General Motors Corporation) and the Motors Liquidation Company GUC Trust ("**GUC Trust**") on the one hand, and the BKK Joint Defense Group (the "**Claimant**", and together with MLC and the GUC Trust, the "**Parties**"), on the other hand.

### RECITALS:

WHEREAS, on June 1, 2009, MLC and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**" and together with REALM and the Initial Debtors, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order, Claimant timely filed against MLC proof of claim number 36709 (the "**Claim**"), asserting an unliquidated unsecured prepetition claim for environmental liabilities associated with the BKK Landfill Site;

WHEREAS on January 28, 2011, Debtors filed their 209th Omnibus Objection to Claims, which, *inter alia*, objected under section 502(e)(1)(B) of the Bankruptcy Code to the Claim as a contingent contribution claim (the "**Objection**");

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan, which, among other things, confirmed the Debtors Second Amended Joint Chapter 11 Plan (as may be amended, modified or supplemented from time to time, the "**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement;

WHEREAS, upon the effective date of the Plan, the GUC Trust assumed responsibility for reconciling Class 3 General Unsecured Claims under the Plan;

WHEREAS the Parties acknowledge that portions of the Claim relate to costs that are not objectionable under section 502(e)(1)(B) of the Bankruptcy Code;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Claim and the Objection insofar as it relates to the Claim;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be treated as an allowed general unsecured claim against MLC in the amount of $ 130,345.57 (the "**Allowed Claim**"), which Allowed Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under section 502(d) of the Bankruptcy Code) or subordination.

2. The Debtors shall arrange to withdraw the Objection to the Claim.

3. The Claimant shall receive distributions on account of the Allowed Claim in the form set forth in and pursuant to the terms of the Plan.

4. Upon Claimant's receipt of all such distributions to which the Claimant is entitled on account of the Allowed Claim as set forth in the Plan, the Claim shall be satisfied in full.

5. With respect to the Claim and the alleged liabilities referenced therein, other than the right to receive distributions under the Plan, the Claimant and its successors and assigns, and its members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the

"**Claimant Parties**"), shall have no further right to payment from the Debtors, the GUC Trust, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**"). Solely with respect to the Claim and the alleged liabilities of the Debtors referenced therein, except as set forth in this Stipulation, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code, and including the Claim to the extent within the scope of section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation by the Parties; *provided however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release the Debtors Parties from their obligations under this Stipulation or from any otherwise non-dischargeable claim. In consideration of the Claimant's agreement to the Allowed Claim, the Debtors Parties agree to release, settle, waive, relinquish, void and fully discharge the BKK Joint Defense Group and each of its members, and each of their officers, directors, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives and other professionals, from any and all claims, lawsuits, demands, actions, causes of action, liens, and damages, known or unknown, past, present or future, contingent or not contingent, of whatever name or nature, that arise from or relate to the BKK Landfill Site, *provided however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release the BKK Joint Defense Group or its members from obligations under this Stipulation.

6. The Debtors' claims agent is hereby authorized and empowered to adjust the claims register to fix and allow Proof of Claim No. 36709 to reflect the Allowed Claim.

7. This Stipulation contains the entire agreement between the Parties as to

the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

8. This Stipulation may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

9. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

11. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.  The Court shall retain jurisdiction over any and all disputes arising out of this Stipulation.

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GUC TRUST**<br>   **By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator** | **BKK JOINT DEFENSE GROUP** |
| By: /s/ David A. Vanaskey Jr. | By: /s/ Milissa A. Murry |
| Print Name: David A. Vanaskey, Jr.<br>Title: Vice President | Print Name: Milissa A. Murry<br>Title: Counsel to the BKK Joint Defense Group |
| Dated: August 31, 2011 | Dated: August 24, 2011 |

**MOTORS LIQUIDATION COMPANY**

By: /s/ Ted Stenger

Print Name: Ted Stenger
Title: Executive Vice President

Dated: August 27, 2011


IT IS SO ORDERED.

Dated: ***October 3, 2011***
      New York, New York

                                                ***s/ Robert E. Gerber***
                                              United States Bankruptcy Judge