UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
       f/k/a General Motors Corp., *et al.*                 :
                                                            :
                                Debtors.                    :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 1142(b) (I) ENFORCING
SETTLEMENT AGREEMENT WITH CLAIMANT BARRY N. SPENCER, JR. AND
(II) ENJOINING CLAIMANT FROM FURTHER ACTION AGAINST OFFICERS AND
PROFESSIONALS OF THE DEBTORS, THE POST-EFFECTIVE DATE DEBTORS,
AND MOTORS LIQUIDATION COMPANY GUC TRUST**

Upon the Motion, dated July 7, 2011 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**") and Motors Liquidation Company GUC Trust (the "**GUC Trust**"), pursuant to sections 105(a) and 1142(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 7012(b) and 9014(c) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for entry of an order (i) enforcing the Stipulation and Settlement Resolving Claim Nos. 64658 & 64659 dated September 1, 2010 between Claimant Barry N. Spencer, Jr. ("**Claimant**") and the Debtors (the "**Spencer Settlement Agreement**"); (ii) striking documents filed by Claimant; and (iii) enjoining Claimant from further action against the Debtors, the GUC Trust, and their officers and professionals, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

no other or further notice need be provided; and a hearing having been held on September 26, 2011 (the "**Hearing**") at which the Claimant appeared telephonically; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, the GUC Trust, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in part and denied in part, for the reasons set forth at the Hearing, as modified herein; and it is further

ORDERED that, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, the Spencer Settlement Agreement is valid and enforceable; and it is further

ORDERED that, pursuant to the Spencer Settlement Agreement, Proof of Claim No. 64658 shall be treated as an Allowed General Unsecured Claim (as defined in the Plan (hereinafter defined)) against Motors Liquidation Company in the amount of $200,000.00 (the "**Allowed Claim**") entitled to distributions as set forth in the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (ECF No. 9836) (the "**Plan**"); and it is further

ORDERED that, pursuant to the Spencer Settlement Agreement, Proof of Claim Nos. 64658 and 64659 shall be satisfied in full by the distributions made pursuant to the Plan on account of the Allowed Claim; and it is further

ORDERED that pursuant to the Spencer Settlement Agreement, except for the right to receive distributions on account of the Allowed Claim under the Plan, Claimant has waived (i) any future rights to additional payment from the Debtors, their affiliates, their estates, or their respective successors or assigns (the "**Debtor Parties**"), and (ii) any and all claims against the Debtor Parties in existence as of the execution of the Spencer Settlement Agreement;

and it is further

ORDERED that, the portion of the Motion seeking to strike the immaterial and impertinent documents filed by Claimant at ECF No. 7249 (UCC Financing Statement), ECF No. 8793 (Notices of Claim of Maritime Lien and UCC Financing Statement), ECF No. 9150 (UCC Financing Statement), and ECF No. 10169 (Petition for Warrant for Issuance of Arrest and Notices of Claim of Maritime Lien) is denied; and it is further

ORDERED that pursuant to, among other things, the automatic stay under section 362 of the Bankruptcy Code and Section 12.6 of the Plan, and this Court's Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941), Claimant is enjoined from taking further action against any current or former officers and professionals of the Debtors or the GUC Trust in any forum, including filing or recording, or attempting to file or record, any document or instrument of any description which purports to create a lien or record a security interest of any kind against the person or property of any current or former officers and professionals of the Debtors or the GUC Trust, without further leave of this Court; and it is further

ORDERED that to the extent Claimant files any further pleadings, or takes other action, against the Debtors or the GUC Trust in this Court, neither the Debtors nor the GUC Trust shall be required to file a response or take any action unless directed by this Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      ***October 3, 2011***

      ***s/ Robert E. Gerber***
      United States Bankruptcy Judge