TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Scott E. Ratner
Richard K. Milin

Conflicts Counsel to the Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, | ) | Case No. 09-50026 (REG) |
| *et al.*, | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER CONCERNING CHARTIS U.S. AND
### PROOFS OF CLAIM NUMBERS 59680, 59681, 59682, AND 59697

Upon consideration of: (i) the 110th Omnibus Objection to Claims filed on December 3, 2010 (the "**Claim Objection**", Docket No. 8000); (ii) the Response to the Claim Objection by Chartis U.S. (**"Chartis"**), dated March 4, 2011 (the "**Chartis Response**," Docket No. 9601); (iii) the (1) Supplemental Claim Objection and (2) Motion To Enforce the Plan Injunction and Automatic Stay and To Enjoin Chartis From Continuing To Retain More Than $20 Million It Improperly Seized from the Reorganized Debtors, dated October 6, 2011 (the "**Supplemental Claim Objection**") and filed by Reorganized Debtor Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (the "**Reorganized Debtors**"), by their attorneys, Togut, Segal & Segal LLP; and consideration of the Supplemental Claim Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Claim Objection having been provided; and a

hearing having been held to consider the relief requested in the Supplemental Claim Objection (the **"Hearing"**); and upon consideration of the Supplemental Claim Objection and the pleadings submitted by the parties in support or opposition to the relief sought therein and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Supplemental Claim Objection is in the best interests of the Reorganized Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Supplemental Claim Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is:

**ORDERED**, that Proofs of Claim Nos. 59680, 59681, 59682 and 59697 filed by Granite State Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., American International Specialty Lines Insurance Company, The Insurance Company of the State of Pennsylvania, Lexington Insurance Company, American Home Assurance Company, American Home Assurance Company of Canada, AIG Life Insurance Company, AIG Excess Liability Insurance Company, Ltd., Illinois National Insurance Company, New Hampshire Insurance Company-United Kingdom, and certain other entities related to Chartis, Inc. are disallowed and expunged; and it is further

**ORDERED**, that Chartis's retention of not less than $20,571,486 of the Reorganized Debtors' funds that Chartis purports to hold as collateral in connection with insurance policies it or its affiliates issued to the Reorganized Debtors or their predecessors in interest (the **"Funds"**) violates the permanent injunction incorporated into Section 10.7 of the Reorganized Debtors' confirmed Second Amended Joint Chapter 11 Plan (the **"Plan"**) and section 362 of the Bankruptcy Code, as made applicable here by Section 10.4 of the Plan; and it is further

**ORDERED**, that Chartis is enjoined from continuing to exercise dominion or control over the Funds; and it is further

**ORDERED**, that Chartis is liable for, and directed to pay, all of the Reorganized Debtors' costs and reasonable attorneys' fees in connection with this Supplemental Claim Objection and the Reorganized Debtors' efforts to obtain the return of the Funds at any time on or after April 1, 2011, the exact amount of which will be established by Reorganized Debtors' counsel who will submit a declaration stating such fees and costs, subject only to Bankruptcy Court approval; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        November __, 2011

_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE