1

Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**



|  |  |
|---|---|
| In re | Chapter 11 Case no. |
| MOTORS LIQUIDATION COMPANY, et al F/k/a General Motors Corp., et al. | 09-50026(REG) |
| Debtors, | (Jointly administered) |

## DR SIZEMORE'S REPLY TO GENERAL MOTORS LLC'S RESPONSE

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Dr. Sizemore respectfully replies to General Motors LLC's response to her motion for entry order pursuant to 11 U.S.C. sect. 105 enforcing 363 Sale Order nad ARMSPA ordering New GM to comply with terms ad provisions and her motion for sanctions.

Dr. Sizemore repeats all argument presented in her original motions here. She acknowledges the Background information presented by GM counsel, Mr. Karotkin, on pages 2-6, however, she contends:

1.     she has been falsely accused of wrong doing regarding any action for discovery and should never have been forced to act in a way that is not

09-50026-mg    Doc 11021    Filed 10/05/11    Entered 10/06/11 15:50:06    Main Document
Pg 2 of 11

2

founded in law by being ordering me to remove GM from discovery in Ohio –case 09CIV2471, appealed to the Ninth Appellate District, Ohio, case 10CA0035-M.

2. this false accusation and subsequent order has impeded her pursuit of the administration of justice for her interests because she did file to withdraw New GM from her appeal, 10CA0035-M in the Ninth District Court of Appeals, Ohio. She is responsible for this appeal financially and contends she was never in violation of any law requiring withdrawing this party from Discovery. Page 15 of the June 1, 2010 is attached to confirm Mr. Karotkin advised this Court then Discovery did not violate the terms of the 363 Sale Order.

3. she has made every honest attempt to request the Ninth Appellate District, Ohio expedite the proceedings there so she can withdraw GM from the product liability action, substitute proper defendants and continue her legally permissible action for product liability against defendants other than GM. This sincere attempt to protect her own interests as well as comply with this Court's Order demonstrate she is not in contempt. She contends she has ten days from the return of the matter to Medina County Court of Common Pleas because that is where the 'stay' was issued by this Court and where the action is procedurally to be returned to prior to Dr. Sizemore being required to withdraw GM.

4. every Federal Judge takes an oath pursuant to 28 USC 453- Oaths of judges : Each justice or judge of the United States shall take the

following oath or affirmation before performing the duties of his office: "I _____ _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____ under the Constitution and laws of the United States. So help me God." Dr. Sizemore contends she is not 'poor' in comparison to homeless individuals in inner cities, however, comparatively to GM, she contends she is not equally 'rich.'

5. her First Amendment right to petition government for redress of grievances includes her right to petition this Judicial branch of government for redress in her circumstances. Also, the Federal Constitutional provision for 'open courts' in her State of Ohio is included in this protected right as she understands *Re Max Intern v. Realty One, Inc.*, (N.D. Ohio 1995) 900 F. Supp. 132, affirmed 173 F.3d 995. Any attempt to deny her such, violates and deprives her of her Federal Constitutional right.

6. her Fourteenth Amendment rights of the U.S. Constitution include due process and equal protection under the law. Dr. Sizemore contends the law and the Order issued by this Court and Judge Gerber confirm she is entitled to pursue discovery to obtain information regarding product she is a consumer of as well as parties to product liability. She is entitled to

this information regardless of whether GM is permitted as a Defendant in a product liability action.

7. her rights to due process were violated in the June 1, 2010 hearing because she was not permitted to defend her position regarding discovery-in fact, Mr. Karotkin has provided copy of page 23 of that hearing demonstrating Judge Gerber confirming discovery is not a Bankruptcy issue. Any reference to Dr. Sizemore not obeying an order appears to be requiring her to obey an order not founded in law.

8. since understands because she is an American, she is equally a citizen of New York as Ohio, she contends her Constitutional rights are the same and to be protected at all times by Federal government.

9. she is entitled to pursue an action for product liability in State court against product suppliers and when in need of truthful information, she is entitled to petition GM-New or Old for the records they have been ordered to retain.

10. on page 4 of General Motors LLC's response, Mr. Karotkin points to areas in the transcript that lend the appearance of unsupported hostility by the Court and Judge Gerber towards Dr. Sizemore pertaining to the 'length' of time this has 'gone on.' There is no reference to Dr. Sizemore being responsible for Mr. Karotkin's over eight month delay in drafting the required 'motion for supplemental order enforcing the 363 Sale Order.' This appearance of partiality could be construed as a violation of the Federal laws-particularly 28 U.S.C. 455.

11.     she also contends any acts of fraud or negligence on the part of "New" GM after the closing date of Bankruptcy are serious issues that may be litigated because the terms of the 363 Order of this Court specifically state any 'occurrences' after the closing date have been assumed.

12.     she never refuted she was not permitted to list New GM as a Defendant in the product liability claim, 10-CIV-0102 in Medina County Court of Common Pleas, appealed to the Ninth Appellate District, Ohio, 11CA0025-M. She asserts she is merely attempting to continue her legally permitted product liability action against the proper and appropriate parties by having the action returned there.

13.     she continues to assert the information she has received from the New GM is fraudulent and New GM has been negligent in their legal duty to her as a consumer and pursuant to the 363 Sale Order by refusing to provide the necessary discovery voluntarily.

14.     she continues to assert Judge Marerro's conclusions are contrary facts and the terms of the 363 Sale Order and are not founded in any visible law.

15.     Mr. Karotkin states on page 6 of his response brief that "Section 6.10 of the MSPA ...is a covenant for the exclusive benefit of the parties to the MSPA.' This is odd because the product liability issues pertained to Dr. Sizemore and other litigants who are not engaged in 'a covenant for the exclusive benefit of the parties to the MSPA.' How did Dr. Sizemore become an issue for product liability if the MSPA did not include her or

her actions in some way? Mr. Karotkin apparently applies the Order as he chooses to favor his client in a bias manner and calls upon the Court and Judge Gerber to participate in this unequal application as well.

Dr. Sizemore contends General Motors LLC's counsel has presented no legal basis for relief for the "New" GM to be excused from complying with the terms of the 363 Sale Order and none are listed in their untimely filed "Response." (filed 29 days after Judge Gerber's Order of 28 days.)

Counsel, Mr. Karotkin, falsely states Dr. Sizemore's motion for sanctions is devoid of any factual support. Every statement and claim Dr. Sizemore made is truthful and in the records. Mr. Karotkin fails to justify his adamant demand for Dr. Sizemore to comply with an Order he never legally supported an argument for at any time. Dr. Sizemore is attempting to comply with this Court's order regarding product liability-confirmed by Mr. Karotkin's attachments of Dr. Sizemore's filings in Ohio. Dr. Sizemore has clearly demonstrated to this Court that GM and the attorneys for GM are refusing her her legally permitted discovery requests in every forum and in every way. This refusal for simple and justified information should be a clear indication to this Court GM is intentionally withholding information for reasons they are not legally permitted to do so.

In Mr. Popsons' Affidavit, he confirms his conduct as alleged by Dr. Sizemore. Item #5 confirms Mr. Popson's awareness of the terms of the July 1, 2010 Order of this Court, 'pending final disposition of Campbell v. Motors Liquidation Co., et al..'. Item #6 accuses Dr. Sizemore falsely. First of all, Dr. Sizemore was not required to withdraw in '8 days' because the Order set forth terms for a supplemental order. Also, Dr. Sizemore,

being frightened of contempt, did file a motion to withdraw GM from 10-CIV-0101 on August 4, 2010 because of her denial of her appeal to the District Court and not being aware of the terms of the July 1, 2010 Order. Mr. Popson claims he never 'concealed' the terms of the July 1, 2010 Order, however, he never demonstrates he verbalized it in any way to Judge Kimbler or Dr. Sizemore. Mr. Popson's feeble excuses for being, what Dr. Sizemore contends is deceptive, are not founded in law. Mr. Popson has failed to provide one law that supports his actions in any way. To point out Dr. Sizemore is 'stupid' is not amusing and since Dr. Sizemore did not appear to understand the terms of the July 1, 2010 Order, Mr. Popson had no legal right to capitalize on this. Dr. Sizemore contends his conduct does not display integrity as well as he is first and foremost duty is as an officer of the Court and, as she understands his Code of Professional Conduct, required to conduct himself properly at all times. Item #10 confirms Mr. Popson was present at the December 14, 2010 hearing and failed to clarify the legal Order of July 1, 2010 to Judge Kimbler. THIS led to the present confusion and Dr. Sizemore's appeal to the Ninth District Court of Appeals-with unnecessary expense for her. Item # 13 claims the product liability appeal was consolidated. This violates the Federal stay, which was in effect on July 13, 2011, not permitting the Ninth District Court of Appeals to consolidate the two. Dr. Sizemore asserts the two appeals are not related legally, therefore are not truly permitted to be consolidated-an argument apparently ignored by all parties. Dr. Sizemore reasserts, for what seems the millionth time, she understands she is not permitted an action against GM for product liability, however, she contends she is and was permitted an action for discovery. Two separate legal issues Dr. Sizemore contends GM attorneys wish this Court to improperly and illegally combine to obstruct justice for her. Item #14

is gibberish. Dr. Sizemore filed a 'stay' in the Court of appeals-which was granted- as well as Medina County Court of Common Pleas-which was ignored. Also in item #14, Mr. Popson FALSELY states 'New GM also explained that it was in the process of seeking a supplemental order..' No where does the record reflect this prior to July 13, 2011. Item #15 is false and the record does not reflect this. On July 13, 2011 the Federal stay did not permit the Ohio Court to issue this order- the order this magistrate entered consolidating the cases never states 'pending a ruling..' Dr. Sizemore's motion to withdraw GM related to the Discovery action she contends is legally founded action and she should never have been ordered to withdraw GM from. There was a second motion was filed by Dr. Sizemore requesting the product liability action to be returned to Common Pleas for further proceedings Dr. Sizemore is legally entitled to as well as third party discovery of GM for other necessary information-as promised by Mr. Karotkin in the attached page 15 of the June 1, 2010 hearing. Item #17 is false. Mr. Popson did not file a response to Dr. Sizemore's withdrawal of GM from the Discovery action. He filed a motion in opposition to her product liability action being returned to Common Pleas. In this brief, he makes argument for a party he is does not demonstrate he represents. This demonstrates GM's outright refusal to supply third party discovery as promised. Also, Dr. Sizemore was not required by procedure and law to withdraw both appeals because the Order of this Court was not entered until July 14, 2011 and the Order of the Ninth District to consolidate was on July 13, 2011-rendering it void and without force of law because of the Federal stay that was in place at this time. In item #18, Mr. Popson does his usual inflammatory actions by falsely stating facts not present. Dr. Sizemore 'contends' she is upset regarding conduct she perceives as judicial misconduct and lists

her concerns specifically. In addition, she properly requested the conclusions of law and findings of fact pursuant to the Civil Rules of Procedure in Ohio-which she has never obtained a response to. She is aware she is not permitted to appeal a magistrate's decision and must file the necessary brief. She contends there is all the appearance of the Courts not equally protecting her interests as GM's. She is entitled to this position. She is entitled to assert it for the record. She is required to do so if she considers further litigation. As confirmed, in the absence of opposition, the Ohio Courts have declined motions set forth by Dr. Sizemore that are proper and legal. Item #19 is ridiculous. The stay has been lifted and the Order has been presented to the Ninth District Court of Appeals and if there is a 'stay' Dr. Sizemore is not permitted to withdraw GM at all and since the stay has been lifted and the Ohio Court continues to refuse to rule on her motions to expedite and 'Instanter,' she contends this Court cannot find her in contempt when GM is apparently using the Judicial system to benefit themselves. It is Dr. Sizemore's assertion she is entitled to equal protection by the Courts and does not appear to be receiving this. GM wants all the laws to be only in their favor. Dr. Sizemore contends there are laws in her favor as well and she requests the Courts to protect her interests and Constitutional rights. Item # 20 – Dr. Sizemore contends this demonstrates Mr. Popson's insincere attempt to be ignorant. He is not ignorant. He is actually very clever and has used his knowledge to attempt to defeat Dr. Sizemore, however, she contends he has used his knowledge deceptively and has clearly demonstrated that in every way. The record confirms. Mr. Popson's convolutions of the truth cannot be unnoticed by this Court if Dr. Sizemore identifies them clearly.

Fundamental fairness includes the Court demonstrating equal protection and due process to Dr. Sizemore as a litigant as GM as well as protecting her right to petition government for the redress of grievances and right to open court to recover damages. She understands being pro se has unfortunately caused her to misunderstand procedure at times, however, she reasserts she has witness confirmation at a law library she spends hours completing legal research to attempt to present legal argument to support her interests in a proper and intelligent manner. She sincerely apologizes for any irregularities, however, she requests the Court protect her even in instances she is unable to protect herself.

New GM has been offered venue for being spared further and unnecessary fees and expenses and has declined. Dr. Sizemore reasserts she has only made every attempt to legally access the Courts for the administration of justice for herself and her interests.

## CONCLUSION

Dr. Sizemore concludes her argument is founded and Mr. Karotkin has failed to provide legal basis it is not. In addition, Mr. Karotkin has provided no argument to refute the allegations Dr. Sizemore asserts regarding the conduct by himself and Mr. Popson in these related matters and the cost and impeding justice she contends they have perpetrated. Therefore, sanctions are appropriate and an Order compelling GM to comply with Discovery is appropriately before this Court.

Dated: October 3, 2011
Sullivan, Ohio

_____
Dr. Terrie Sizemore RN DVM
Pro se

Notice:
Copy of this filing provided to Judge Gerber's Chambers
And Stephen Karotkin, counsel for General Motors LLC

MOTORS LIQUIDATION COMPANY, et al.

Page 15

*[Handwritten margin notes: "no ment of AFD", "law for third party", "details of my AFD not discussed", "AFD not ment", "0102 ?", "This is refer to 0102"]*

1   I think -- I think what Dr. Sizemore is saying is that she is
2   entitled to discovery and should not be compelled to dismiss
3   her lawsuit until General Motors, LLC has complied with
4   discovery. Again, as we indicated in our pleadings, Your
5   Honor, it's not a condition to your order or a violation of
6   your order that General Motors be compelled to comply with
7   discovery prior to or, as the condition to being dismissed from
8   the lawsuit. To the extent that third party discovery is
9   appropriate from General Motors, LLC, under the rules, under
10  whatever procedures are appropriate in the non-bankruptcy court
11  action brought by Dr. Sizemore, General Motors is obligated to
12  comply with appropriate third-party discovery and will do so.
13  It's my understanding that they already have furnished
14  discovery to Dr. Sizemore, and all we are suggesting is that
15  General Motors be dismissed and, again, to the extent that Dr.
16  Sizemore believes she is entitled to discovery, that can
17  proceed under the applicable rules of that non-bankruptcy court
18  forum.
19          THE COURT: Well, if her action were dismissed, what
20  would her basis for getting discovery to be. I'm a little
21  puzzled by that. Saying that she has a right to discovery
22  doesn't seem to make a whole lot of sense to me in light of
23  what I understand you're looking for and what I would be -- or
24  the variant, which is what I'm thinking about, which is staying
25  that litigation until the matter of the underlying free and

VERITEXT REPORTING COMPANY
212-267-6868                                              516-608-2400