**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                    :

In re                                            :          Chapter 11 Case No.
                                                  :

**MOTORS LIQUIDATION COMPANY,** *et al.*,    :          **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*       :
                                                 :
                                    Debtors.     :          (Jointly Administered)
                                                 :
---------------------------------------------------------------x

**ORDER GRANTING INTERIM AND FINAL APPLICATIONS
FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**

Upon consideration of (i) the applications (each, an "**Application**" and collectively, the "**Applications**") of the professionals (the "**Professionals**") listed on **Schedule "A"** and **Schedule "B"**[1] annexed hereto, pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking allowance of final compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in connection therewith for the Fifth Interim Period and the Total Compensation Period, (ii) the individual reports, objections, and stipulated statements (collectively, the "**Fee Examiner Objections**")[2] listed on Schedule "A" and Schedule "B" that were filed by the appointed fee examiner in these

---

[1] Schedule "A" sets forth fees and expenses for the period October 1, 2010 through March 29, 2011 (the "**Fifth Interim Period**"), and Schedule "B" sets forth fees and expenses for the period June 1, 2009 through March 29, 2011 (the "**Total Compensation Period**").

By order of the Court (ECF No. 5 in Adv. Pro. No. 11-09406 (REG)), the fee application of Kramer Levin Naftalis & Frankel, LLP was not heard on September 26, 2011 and will instead be heard on October 21, 2011 at 9:45 a.m.

[2] Each of the Fee Examiner Objections refers to the period from October 1, 2010 through January 31, 2011 as the "**Fifth Interim Fee Period**" and February 1, 2011 through March 29, 2011 as the "**Sixth Interim Fee Period**." Since the professionals, by agreement, combined their interim fee applications for these two periods, each of the Fee Examiner Objections refers to them collectively as the "**Fifth and Sixth Interim Fee Periods.**" Each of the Fee Examiner Objections refers to the Total Compensation Period as the "**Final Fee Period**."

chapter 11 cases (the "**Fee Examiner**") with regard to the Applications, (iii) the Fee Examiner's separately-filed objection to the increase of hourly rates of certain of the Professionals (the "**Rate Increase Objection**") (ECF No. 10660), (iv) the response of the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") to the Applications (ECF No. 10840), (v) the objection (the "**Debtors' Objection to ARPC's Application**") (ECF No. 10843) of Motors Liquidation Company and its affiliated post-effective date debtors (collectively, the "**Debtors**") to the Application of Analysis Research Planning Corporation ("**ARPC**"), (vi) the Fee Examiner's Final Report and Summary (ECF No. 10935), and (vii) the replies of certain of the Professionals;[3] and notice having been given pursuant to Bankruptcy Rule 2002(a)(6) and (c)(2) and the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183), and it appearing that no other or further notice need be provided; and a hearing having been held on September 26, 2011 (the "**Hearing**") to consider the Applications; and it appearing that the amounts set forth on Schedule "A" and Schedule "B" properly incorporate the Court's ruling at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, pursuant to sections 330 and 331 of the Bankruptcy Code, the Applications of the Professionals are granted as provided in Schedule "A" and Schedule "B"; and it is further

ORDERED that compensation for professional services and reimbursement of expenses allowed pursuant to this Order are allowed on a final basis; and it is further

---

[3] ECF Nos. 5635, 10918, 10919.

ORDERED that all objections to the Applications presented on September 26, 2011 are deemed resolved with the exception of (i) the Fee Examiner's Rate Increase Objection to the Application of Weil, Gotshal & Manges LLP ("**Weil**"), (ii) the Fee Examiner's Rate Increase Objection to the Application of Butzel Long, a professional corporation ("**Butzel**"),[4] (iii) the Debtors' Objection to ARPC's Application, (iv) and the Fee Examiner's objection to ARPC's Application (the "**Fee Examiner's Objection to ARPC's Application**") (ECF No. 10827); and it is further

ORDERED that, solely to the extent the Fee Examiner ultimately prevails in whole or in part on the Rate Increase Objection to Weil's Application, Weil shall be subject to disgorgement of an amount not to exceed $2,422,316.00, which represents the maximum disputed amount subject to the Rate Increase Objection, provided, however, that Weil shall not be required to pay interest on any amount that is subject to disgorgement; and it is further

ORDERED that, solely to the extent the Fee Examiner ultimately prevails in whole or in part on the Rate Increase Objection to Butzel's Application, Butzel shall be subject to disgorgement of an amount not to exceed $116,451.50, which represents the maximum disputed amount subject to the Rate Increase Objection, provided, however, that Butzel shall not be required to pay interest on any amount that is subject to disgorgement; and it is further

ORDERED that Weil, Butzel, and the Fee Examiner shall jointly propose to the Court a schedule and procedures to govern a proceeding to address the Rate Increase Objection; and it is further

ORDERED that, notwithstanding the allowance of the undisputed portion of ARPC's fee request as set forth in Schedule "A" and Schedule "B," the Debtors' Objection to

---

[4] The Rate Increase Objection also applies to the pending application of Kramer Levin Naftalis & Frankel, LLP (ECF No. 10268), scheduled for hearing on October 21, 2011.

ARPC's Application and the Fee Examiner's Objection to ARPC's Application are adjourned to October 28, 2011 at 9:45 a.m.; and it is further

ORDERED that the Debtors shall release, to the extent of any previous award granted pursuant to this Order or prior Order of this Court, any outstanding fee holdbacks imposed in these chapter 11 cases; and it is further

ORDERED that the Debtors are directed and authorized, upon entry of this Order, to pay each Professional promptly by wire transfer or check all the fees and expenses allowed herein less the amounts previously paid by the Debtors, provided, however, that all prepetition retainers held by the Professionals shall first be applied to satisfy such payments; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       **October 5, 2011**

                                      *s/ Robert E. Gerber*
                                      United States Bankruptcy Judge