Hearing date and time: October 28, 2011, 9:45 a.m.<br>
Objection deadline: October 17, 2011

PREET BHARARA
United States Attorney
  for the Southern District of New York
By:    David S. Jones
         Natalie N. Kuehler
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2800
Fax: (212) 637-2730
david.jones6@usdoj.gov
natalie.kuehler@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re                                   :         Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,  :         09-50026 (REG)
       f/k/a General Motors Corp., *et al.*       :
                                            :
                       Debtors.          :         (Jointly Administered)
                                            :
------------------------------------------------------------x

**LIMITED OBJECTION OF THE UNITED STATES OF AMERICA TO
"APPLICATION OF THE AD HOC COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS FOR PAYMENT OF REASONABLE FEES AND EXPENSES
PURSUANT TO 11 U.S.C. SECTION 503(b)"**

The United States of America, on behalf of its agency the United States Department of the Treasury ("**Treasury**"), by and through its attorney Preet Bharara, United States Attorney for the Southern District of New York, hereby submits this limited objection to the "Application of the Ad Hoc Committee of Asbestos Personal Injury Claimants for Payment of Reasonable Fees and Expenses Pursuant to 11 U.S.C. section 503(b)" (Dkt. No. 10245) (the "**Fee Application**"), insofar as the Fee Application seeks compensation in the amount of $276,397.00 based on an asserted "substantial contribution" of the Ad Hoc Committee's counsel

for its opposition to the asset sale that was the indispensable prerequisite for this case's successful outcome. This Court has already rejected an indistinguishable "substantial contribution" fee application by Mark Buttita, and, for the reasons stated in its ruling denying that application, it should likewise deny the Ad Hoc Committee's application for fees and costs incurred in June and July 2009.

## DISCUSSION

The Fee Application for work performed during the case's first months in June and July 2009[1] should be denied because it does not relate to work that made a "substantial contribution" to the estate, as required for fee awards under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code. Rather, the Fee Application seeks compensation from the estate, which is funded by Treasury (along with Export Development Canada) as debtor-in-possession ("**DIP**") lender, for work opposing the sale transaction that was indispensable to the successful outcome of this case.

To be eligible for compensation by the estate for substantial contributions to a case, the applicant must have performed a service leading to "an actual and demonstrable benefit to the debtor's estate, the creditors and, to the extent relevant, the stockholders." *In re Granite Partners*, 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997). *Granite Partners* cautions that "the substantial contribution provisions must be narrowly construed," and that "[c]ompensable services foster and enhance—rather than retard and interrupt—the progress of reorganization." *Id.* at 445-46. And "services calculated primarily to benefit the client do not justify an award

---

[1] The Fee Application covers a substantially longer period than June and July 2009, and seeks compensation for work performed on multiple issues. While the United States has not formed the conclusion that any other aspect of the fee application is appropriate, we affirmatively object solely to the application for fees and expenses incurred in connection with the July 2009 asset sale, for which the Fee Application seeks a total of $276,397.00. *See* Fee Application ¶ 34.

2

even if they also confer an indirect benefit on the estate," *id.* at 446; *see also In re A. Tarricone, Inc.*, 83 B.R. 253, 255 (Bankr. S.D.N.Y. 1988) (creditor not entitled to "substantial contribution" fee award based on efforts to pursue client's rights as against debtor).

The Ad Hoc Committee's fee application is, in the part challenged here, indistinguishable from the application of Mark Buttita, which this Court rejected in its entirety. *See* Order Denying "Application of Mark Buttita for Allowance of Administrative Expenses Incurred in Making a Substantial Contribution in This Chapter 11 Case from June 4, 2009 Through July 15, 2009," Dkt. No. 11028. As was true in the case of the Buttita fee application, far from making valuable contributions to further the success of the case or to benefit the estate as a whole, the Ad Hoc Committee's counsel, during the early phase of this case, mounted vigorous opposition in an attempt to prevent the sale from occurring, unless certain concessions for the benefit of asbestos claimants were provided. Specifically, the Ad Hoc Committee demanded that the Court apply the requirements of Bankruptcy Code section 524(g) (concerning treatment under plans of reorganization of certain asbestos claimants) to the section 363 sale, notwithstanding that the sale was not, in fact, a plan and that the estate would need to develop a plan of liquidation at a later phase of the proceedings. In pursuit of its self-interested objectives, the Ad Hoc Committee filed and aggressively litigated objections to the proposed sale, and then, even after this Court included language concerning the constitutional limits to any injunction on future claims, persisted in seeking to stay or reverse the sale order on an expedited basis. *See, e.g.*, Dkt Nos. 1971 (Ad Hoc Committee's Objection to Motion to Approve the Sale); 2988 (Notice of Appeal from Sale Order by Ad Hoc Committee of Asbestos Claimants); 2989 (Ad Hoc Committee's motion to allow direct appeal of Sale Order to Second Circuit or in the alternative to stay the sale order). Not only did this course of conduct not advance the interests of the estate as a whole or

3

of any group other than asbestos claimants, but the Ad Hoc Committee did not succeed in this effort. Rather, the Court merely inserted into its approval of the sale an explicit statement of what the law requires, namely, that the purchaser's non-assumption of debtor obligations to future asbestos claimants was subject to whatever limits the Constitution might impose – if any. This limitation cannot be said to have made "substantial contributions" to the case's success, and also cannot be said to have been the Ad Hoc Committee's true objective, given that it persisted in opposing the sale even after the language was added.

Nor should the Court award the Ad Hoc Committee fees for work performed opposing the sale in June and July 2009 based on subsequent events in the case, such as the eventual appointment of an asbestos committee or a future claims representative. Those events, while themselves significant in the conduct of this case overall, are not attributable to the Ad Hoc Committee's work in the case's early stages. Rather, that work involved pressing actual or asserted rights that would have existed whether or not the Ad Hoc Committee's counsel performed the June and July 2009 work for which it now seeks to get paid. To confirm a plan of liquidation, Debtors needed either to secure the agreement of the asbestos claimant constituencies, or to prevail in litigation against them, which would have been time-consuming and costly. Rather than incur the expense and delay that a contested proceeding would have required, Debtors prudently negotiated and reached agreements that satisfied asbestos claimants and their representatives, thereby permitting the case to proceed to plan confirmation. It was the dynamic of seeking and securing support for the plan and treatment of claims against the estate that led to the negotiated agreements between the Debtors and the asbestos representatives – not the Ad Hoc Committee's early and strenuous opposition to the very sale that was indispensable for the orderly wind-down and payout to creditors that ultimately was achieved in this case.

In sum, because the Ad Hoc Committee seeks payment for work that sought to "retard and interrupt" the sale that was the single most important factor in this case's success, and because that work in no way "foster[ed] and enhance[d]" the successful outcome of the case, the Fee Application should be denied to the extent it is based on work from June and July 2009.

## CONCLUSION

The Ad Hoc Committee's application for allowance of an administrative expense for fees incurred in June and July 2009 in connection with the asset July 2009 asset sale should be denied, resulting in a disallowance of at least $276,397.00 of the total amount sought in the Fee Application.

Dated: New York, New York
       October 17, 2011

                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York

                        /s/ David S. Jones
By:   David S. Jones
      Natalie N. Kuehler
      Assistant United States Attorneys
      86 Chambers St., 3rd Floor
      New York, NY 10007
      Tel. (212) 637-2800
      Fax (212) 637-2730
      david.jones6@usdoj.gov
      natalie.kuehler@usdoj.gov

**CERTIFICATE OF SERVICE**

I, David Jones, certify that I am an Assistant U.S. Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and that I caused the foregoing pleading to be served as follows:

By electronic notice via ECF to all persons registered to receive such notice;

By email to the following: Elihu Inselbuch (ei@capdale.com); Rita Tobin (rct@capdale.com); Stephen Karotkin (Stephen.karotkin@weil.com); Thomas Moers Mayer (tmayer@kramerlevin.com); Michael Edelman (MJEdelman@vedderprice.com); Michael Schein (MSchein@vedderprice.com) ;

And by first class mail to the Office of the United States Trustee, and to all persons listed on the service list annexed hereto as Exhibit A.

                                                     s/ David S. Jones

New York, New York
October 17, 2011

# EXHIBIT A

# GENERAL MOTORS CORPORATION
## SERVICE LIST

| Claim Name | Address Information |
|---|---|
| ADRIAN ENVIRONMENTAL MANAGEMENT, INC. | C/O KENNETH RICHARDS 7533 WILLOW CREEK DRIVE CANTON MI 48187 |
| AIMS/DYKEMA GOSSETT PLLC | 10 SOUTH WACKER DRIVE CHICAGO IL 60606 |
| AIMS/LATHROP & GAGE LC | 2345 GRAND BLVD. KANSAS CITY MO 64108 |
| AIMS/STEPHENS & STEPHENS | 410 MAIN STREET BUFFALO NY 14202 |
| ARCADIS BBL | 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| ARCADIS BBL | ATTN: CHRIS PETERS 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| ARCADIS GERAGHTY & MILLER, INC. | ATTN: CHRIS PETERS 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| BT2, INC. | ATTN: MARK HUBER 2830 DAIRY DRIVE MADISON WI 53718-6751 |
| CHARTER TOWNSHIP OF FLINT | ATTN: SANDRA S WRIGHT 1490 S. DYE ROAD FLINT MI 48532 |
| CHARTER TOWNSHIP OF YPSILANTI | LARRY J. DOE, TREASURER 7200 S. HURON RIVER DR. YPSILANTI MI 48197 |
| CHARTER TWP. OF GENESEE | ATTN: TOM MANNOR, TREASURER 7244 N. GENESSE ROAD P.O. BOX 215 GENESEE MI 48437 |
| CITY OF SAGINAW, TREASURER | 1315 S. WASHINGTON AVE. SAGINAW MI 48601 |
| CITY OF SIOUX CITY | CITY TREASURER P.O. BOX 447 SIOUX CITY IA 51102 |
| CLEAN HARBORS ENVIRONMENTAL SERVICES | P.O. BOX 3442 BOSTON MA 02241-3442 |
| CONESTOGA-ROVERS & ASSOC. | ATTN: BETH LANDALE 22055 NIAGARA FALLS BLVD. SUITE #3 NIAGARA FALLS NY 14304 |
| CONESTOGA-ROVERS & ASSOCIATES | 22055 NIAGARA FALLS BLVD SUTIE #3 NIAGARA FALLS NY 14304 |
| ENCORE ENVIRONMENTAL CONSORTIUM | ATTN: MARK QUILTER P.O. BOX 66 6723 TOWPATH ROAD SYRACUSE NY 13214-0066 |
| ENVIRON INTERNATIONAL CORPORATION | 214 CARNEGIE STREET PRINCETON NJ 08540 |
| ENVIRON INTERNATIONAL CORPORATION | 214 CARNEGIE STREET PRINCETON NJ 08540-1980 |
| FAVERO GEOSCIENCES | ATTN: DAVE FAVERO 1210 SOUTH 5TH STREET, SUITE 2 SPRINGFIELD IL 62703 |
| GENERAL OIL COMPANY, INC. | 35796 VERONICA ST. LIVONIA MI 48150 |
| GLOBAL ENVIRONMENTAL ENGINEERING INC. | 6140 HILL 23 DRIVE SUITE 1 FLINT MI 48507 |
| GROUNDWATER & ENVIRONMENTAL SERVICES, INC | 440 CREAMERY WAY SUITE 500 EXTON PA 19341-2577 |
| HALEY & ALDRICH DESIGN AND CONTRUCTION | 56 ROLAND STREET BOSTON MA 02129-1400 |
| HALEY & ALDRICH OF NEW YORK | 200 TOWN CENTRE DRIVE, STE 2 ROCHESTER NY 14623-4264 |
| HDR ENGINEERING | ATTN: DICK BELL 8404 INDIAN HILLS DRIVE OMAHA NE 68114 |
| IOWA DEPT OF NATIONAL RESOURCES | HAZARDOUS WASTE REMEDIAL FUND 502 E. 9TH STREET DES MOINES IA 50319-0034 |
| J.A. LOMBARDO & ASSOCIATES | ATTN: JOSEPH A. LOMBARDO 445 S. LIVERNOIS - SUITE 202 ROCHESTER MI 48307 |
| NOVA CONSULTANTS, INC | 21580 NOVI ROAD #300 NOVI MI 48375 |
| O'BRIEN & GERE ENGINEERS, INC. | ATTN: TERRY L. BROWN 5000 BRITTONFIELD PKWY SYRACUSE NY 13057-9226 |
| ROYAL ENVIRONMENTAL, INC. | 720 LEXINGTON AVENUE P.O. BOX 15719 ROCHESTER NY 14615 |
| SEVENSON ENVIRONMENTAL SERVICES, INC. | 2749 LOCKPORT ROAD NIAGARA FALLS NY 14302 |
| THE BANK OF NEW YORK | FINANCIAL CONTROL BILLING DEPARTMENT P.O. BOX 19445 NEWARK NJ 07195-0445 |
| THE BARTECH GROUP | 17199 NORTH LAUREL PARK DR. SUITE224 LIVONIA MI 48152 |
| TOWN OF FRAMINGHAM | TAX COLLECTOR'S OFFICE 150 CONCORD ST FRAMINGHAM MA 01702 |
| WASHTENAW COUNTY TREASURER | P.O. BOX 8645 200 N. MAIN ST STE 200 ANN ARBOR MI 48107-8645 |
| WASTE MANAGEMENT | P.O. BOX 9001054 LOUISVILLE KY 40290-1054 |
| WDC EXPLORATION & WELLS | 500 MAIN STREET WOODLAND CA 95695 |
| YOUNG'S ENVIRONMENTAL CLEANUP, INC | G-5305 NORTH DORT HIGHWAY FLINT MI 48505 |

**Total Creditor count 39**