Hearing Date and Time: October 28, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: October 17, 2011, 2011 at 4:00 p.m.

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3977
Facsimile: (608) 257-0609

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re                                                      : Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY *et al.,*                       : Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                   : (Jointly Administered)
                                                           :
                    Debtors.                               : Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

### FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO APPLICATION OF THE AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR PAYMENT OF REASONABLE FEES AND EXPENSES

**TO:    THE HONORABLE ROBERT E. GERBER**
**       UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Application of The Ad Hoc Committee of Asbestos Personal Injury Claimants for Payment of Reasonable Fees and Expenses Pursuant to 11 U.S.C. § 503(b)* [Docket No. 10245] (the "**Fee Application**").

For purposes of analyzing the Fee Application, the Fee Examiner has assumed, but does not assert, that the "substantial contribution" requirement of section 503(b)(3)(D) and (b)(4) of

the Bankruptcy Code can be met. That is in doubt in light of the Court's October 11, 2011 Order denying the administrative expense claim of Mark Buttita [Docket No. 11028], citing Mr. Buttita's persistent objections to the section 363 asset sale that made the reorganization possible, as well as his support for a stay of the sale order even after the Court had approved the sale. *See* Transcript of Hearing, September 26, 2011, pp.64-68 [Docket No. 11025] ("It may have been entirely reasonable, and certainly was not sanctionable…but as I said it cannot, in any fair meaning of the term, be regarded as either a contribution or a substantial contribution").

The Ad Hoc Committee of Asbestos Personal Injury Claimants (the "**Ad Hoc Committee**") took substantially similar positions to Mr. Buttita, filing both an objection to the Debtors' motion to approve the section 363 sale [Docket No. 1971] and a motion for immediate appeal or, in the alternative, a stay of the sale order [Docket No. 2989]. It may well be law of the case that, having taken such action, the Ad Hoc Committee cannot establish the substantial contribution indispensable to its administrative expense claim.

However, the Fee Examiner's review is limited to the reasonableness of the fees charged and, with this Report and Limited Objection, the Fee Examiner identifies $4,675.50 in fees, from a total of $511,032.22 requested in fees and expenses for the period from May 31, 2009 through January 31, 2010 (the "**Compensation Period**"), that do not meet the Bankruptcy Code's standards or do not comply with guidelines for the award of fees and expenses in the Southern District of New York. Subject to the adjustments described below, and subject to the Court's gating "substantial contribution" determination, the Fee Examiner does not object to the payment of $506,356.72 in fees and expenses.

**SUMMARY STATEMENT**

The Fee Application, one of two filed under section 503(b) in these cases, requests a total of $496,763.25 in fees and $14,268.97 in expenses for the Compensation Period. The Ad Hoc

2

Committee—through its counsel, Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation[1] ("**SBEP**")—represented the interests of asbestos personal injury claimants until the creation of the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**ACC**") on March 5, 2010.[2] The Fee Application relies heavily on time that is vaguely-described or impermissibly billed in blocks of whole- and half-hour time.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[3] The Court confirmed the Plan on March 29, 2011 [Docket No. 9941] with an effective date of March 31, 2011.

2.  The Ad Hoc Committee maintains that it contributed significantly to the successful Motors Liquidation Company proceedings, stating:

> First, the Ad Hoc Committee, on its own volition and at its own expense, advocated the interests of all current and future asbestos personal injury claimants at a time when no other case fiduciary was advocating those interests. The Ad Hoc Committee also played a key role in connection with the Debtors' proposed 363 Sale Motion (defined below). Through the efforts of the Ad Hoc Committee, the Bankruptcy Court recognized and addressed the Constitutional problem caused by the Debtors' proposed injunction against future asbestos claimants, thus eliminating a potential stumbling block to the closing and consummation of the 363 sale transaction. Moreover, the Ad Hoc Committee saved the Debtors' estates a substantial amount of time and money by commencing, at its own expense, an in-depth analysis and investigation into the

---

[1] Stutzman, Bromberg, Esserman & Plifka represented the Ad Hoc Committee from May 31, 2009 through February 26, 2010. After withdrawing from its representation, it was retained to represent the newly appointed Legal Representative of Future Asbestos Personal Injury Claimants.

[2] The Ad Hoc Committee voluntarily dissolved on February 26, 2010, immediately prior to the appointment of the ACC.

[3] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

> Debtors' aggregate asbestos liability, and the Ad Hoc Committee also played a key role in the appointment of an Official Committee of Asbestos Claimants as well as the appointment of Dean M. Trafelet as the Future Claimants' Representative. None of the Ad Hoc Committee's efforts were duplicative of the work done by any other estate professional, and the efforts of the Ad Hoc Committee benefited not just its members but also the Debtors' estates as a whole.

Fee Application, p.7 (footnote omitted).

3. Between May 31, 2009 and January 31, 2010, SBEP states that it provided the Ad Hoc Committee with the professional services that are the subject of this Fee Application.

4. On March 5, 2010, the United States Trustee appointed the ACC [Docket No. 5206].

5. On March 9, 2010, the Debtors' counsel filed its *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* [Docket No. 5214] (the "**Appointment Application**"). There were no objections to the Appointment Application, and the Future Claimants' Representative was appointed through the *Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants*, dated April 8, 2010 [Docket No. 5459].

6. On March 16, 2010, the Future Claimants' Representative filed the *Application of Dean M. Trafelet as Proposed Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation, as his Counsel as of February 24, 2010* [Docket No. 5275].

7. On April 15, 2010, the Court signed an *Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation, as his counsel as of February 24, 2010* [Docket No. 5506].

4

8. SBEP has stated that it does not expect to be compensated for services provided to the Ad Hoc Committee between January 31, 2010 and February 26, 2010. Fee Application, ¶ 27.

## APPLICABLE STANDARDS

9. The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330*, 28 C.F.R. Part 58, Appendix A (2010) (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, to which variation has been expressly permitted by order.

10. On May 4, 2011, the Fee Examiner sent a memorandum to all Retained Professionals (including SBEP) that had filed interim applications, summarizing the Court's prior rulings on compensation issues and a second memorandum addressing the final fee application process of which this submission is a concluding part.

11. On July 25, 2011, the Fee Examiner filed the *Final Fee Applications – Status Report* [Docket No. 10617], providing additional comments on the final fee review process.

12. On September 22, 2011, the Fee Examiner filed the *Fee Examiner's Final Report and Summary* [Docket No. 10935].

13. On September 26, the Court approved from the bench a series of interim and final fee applications and, on October 11, 2011, it entered the *Order Granting Interim and Final Applications for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses* [Docket No. 11029].

5

## COMMENTS

14. **Blended Rates**.  During the Compensation Period, the Applicant provided services at an overall blended hourly rate of $408.04 (including non-attorneys).

15. **Vague Task Descriptions.**  The Fee Examiner has identified billing entries totaling $153,384.75 that fail to comply with the UST Guidelines.  *See* UST Guidelines at (b)(4)(v).  All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*SBEP has provided supplemental detail resolving this concern and identifying two erroneous time entries.*

*Agreed disallowance for vague time entries:  $998.50.*

16. **Block Billing.**  Block billing is prohibited by the UST Guidelines.  Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task.  The Fee Examiner identified tasks totaling $49,026.00 that do not comply with this guideline.

*SBEP has provided supplemental detail, resolving the objection to the majority of these entries.*

*Suggested disallowance for block billing:  $210.00.*

17. **Paralegal Tasks.**  Administrative services are not compensable at any rate, including duties appropriate for office staff such as word processing, proofreading and secretarial tasks.  UST Guidelines § (b)(5)(vii); *see also*, *e.g.*, *In re Fibermark*, 349 B.R. 385, 396 (Bankr. D. Vt. 2006).  The Fee Examiner did not identify any administrative service entries.  However, the Fee Examiner did identify entries totaling $13,653.00 that may be more appropriately billed at a paralegal rate rather than at an attorney rate.

*SBEP has provided supplemental detail resolving the objection to a majority of these entries.*

*Agreed disallowance for paralegal tasks:  $3,467.00.*

6

18. **Repetitive Entries**. The Fee Examiner has identified 16 specific billing entries aggregating $1,907.50, that are duplicative. All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*SBEP has provided supplemental detail resolving this concern.*

*Suggested disallowance for repetitive entries: None.*

19. **Excessive Fees**. The Fee Examiner has identified three entries totaling $3,240.50 that appear to be excessive based on the time detail for the routine services provided.

*SBEP has provided supplemental detail resolving this concern.*

*Suggested disallowance for excessive billing: None.*

*Total fees suggested for disallowance: $4,675.50*

*Total expenses suggested for disallowance: none.*

*Total Fees and Expenses Suggested for Disallowance: $4,675.50.*

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, interested parties, and the U.S. Trustee of the basis for the limited objection to the Fee Application, assuming a "substantial contribution" and entitlement to a fee award have been established.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Fee Application.

7

Dated: Madison, Wisconsin
October 17, 2011

                                      GODFREY & KAHN, S.C.

                     By:      /s/ *Katherine Stadler*
                                    Katherine Stadler

                                    GODFREY & KAHN, S.C.
                                    780 North Water Street
                                    Milwaukee, Wisconsin 53202
                                    Telephone: (414) 273-3500
                                    Facsimile: (414) 273-5198
                                    E-mail: kstadler@tds.net

                                    *Attorneys for the Fee Examiner*

6878343_2