```
UNITED STATES BANKRUPTCY COURT         HEARING:   October 28, 2011
SOUTHERN DISTRICT OF NEW YORK          Time:     9:45 am
------------------------------------------ x
In re:                                     :
                                           :   Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,        :
f/k/a/ General Motors Corp., et al.,       :   Case No. 09-50026 (REG)
                                           :
              Debtors.                     :   (Jointly Administered)
                                           :
------------------------------------------ x
```

**OBJECTION OF THE UNITED STATES TRUSTEE
REGARDING APPLICATION OF THE AD HOC COMMITTEE
OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR
PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

**TO:   THE HONORABLE ROBERT E. GERBER,
       UNITED STATES BANKRUPTCY JUDGE:**

Tracy Hope Davis, the United States Trustee for Region 2 (the **"United States Trustee"**), has reviewed the Application of the Ad Hoc Committee of Asbestos Personal Injury Claimants (the "Ad Hoc Committee") for Payment of Fees and Reimbursement of Expenses (the "Application") (Docket No. 10245). The Ad Hoc Committee's counsel, Stutzman, Bromberg, Esserman& Plifka (the "Applicant"), seeks $496,763.25 in fees and reimbursement of expenses of $13,268.25, for a total of $511,032.22.

**I. SUMMARY STATEMENT**

As set forth below, the United States Trustee objects to the sale-related fees of the Applicant in the amount of $276,276,397.00. In addition, the United States Trustee objects to the balance of the request for fees and expenses totaling $234,636.22 based upon the failure of the Applicant to sustain its burden of establishing its claim of substantial contribution. Taking into consideration the existence of the Committee of Unsecured Creditors Holding Asbestos Related Claims (the "Official Asbestos Committee") and its retained professionals, the Applicant

has failed to prove that its overlapping services were necessary and not duplicative of the services rendered by the Official Asbestos Committee.

## II. JURISDICTION, VENUE AND STATUTORY PREDICATES

1. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought in the Applications section 503(b) of title 11, United States Code (the **"Bankruptcy Code"**).

## III. FACTUAL BACKGROUND

3. On June 1, 2009 (the **"Petition Date"**), General Motors Corp. (k/n/a Motors Liquidation Company) and certain subsidiary debtors (collectively, the **"Debtors"**) filed voluntary cases under Chapter 11 of the Bankruptcy Code.

4. The Debtors continued to operate and manage their business and properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

5. On June 3, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the **"Creditors' Committee"**). Docket No. 356. On November 30, 2009, the United States Trustee filed the First Amended Appointment of Official Committee of Unsecured Creditors. Docket No. 4552.

6. On March 5, 2010, the United States Trustee appointed the Official Asbestos Committee. Docket No. 5206.

7. By a Bench Decision dated July 16, 2010, the Court authorized the counsel to the Official Asbestos Committee to seek reasonable compensation for lease services benefiting the Official Asbestos Committee that were performed on and after October 6, 2009. Docket No. 6360.

8. On June 1, 2009, the Debtors filed a motion seeking the entry of an order authorizing and approving the sale of substantially all of their assets to NGMCO, Inc., a U.S. Treasury-sponsored purchaser, pursuant to the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, together with all documents and agreements as well as all exhibits, schedules and addenda thereto (as amended, the **"MPA"**). Docket No. 92.

9. On July 5, 2009, the Court entered an Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief was entered (the **"Sale Order"**). Docket No. 2968.

10. On July 9, 2009, NGMCO, Inc. filed the required documentation to change its name to General Motors Company ("**GMCo.**").

11. On July 10, 2009, pursuant to the MPA and this Court's Sale Order, GMCo. acquired substantially all of the assets of the Debtors.

12. On December 8, 2010, the Court entered an order approving the Debtors' Disclosure Statement and scheduled the hearing on the confirmation of the Debtors' Plan for March 3, 2011. Docket No. 8043.

13.     On March 29, 2011 the Court entered an order confirming the Debtors Second Amended Joint Chapter 11 Plan.  Docket No. 9941.

### IV.  LEGAL STANDARDS

14.     Compensation based upon a "substantial contribution" is designed to meet policy objectives of encouraging meaningful participation in the reorganization process while keeping fees and administrative expenses at a minimum to preserve as much of the estate as possible for creditors. In re U.S. Lines, Inc., 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989); see also Bayou Group, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010) ("[T]he section's policy of promoting meaningful creditor participation in the reorganization process is in tension with the contrasting policy, noted above, that provisions establishing administrative expenses should be construed narrowly and administrative expenses kept to a minimum"); In re Granite Partners, L.P., 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997) ("'substantial contribution provisions must be narrowly construed' including to 'discourage mushrooming expenses' and 'do not change the basic rule that the attorney must look to his own client for payment.'").

15.     As a result, Section 503(b) of the Bankruptcy Code is narrowly construed. In re Villa Luisa, L.L.C., 354 B.R. 345, 348 (Bankr. S.D.N.Y. 2006) (citing U.S. Lines, 103 B.R. at 429) ("Claims for substantial contribution are . . . narrowly construed and are subject to strict scrutiny"); see also In re Asarco LLC, 2010 WL 3812642, *8 (Bankr. S.D. Tex. Sept. 28, 2010) ("Substantial contribution claims may only be granted in 'unusual and rare circumstances. . . . Narrowly construing the allowance of substantial contribution claims to rare and unusual circumstances is 'consistent with the general doctrine that priority statutes, such as section

503(b), should be strictly construed to preserve the estate for the benefit of creditors'") (citations omitted).

16.  Whether a creditor has made a substantial contribution in a reorganization case is a question of fact. See, e.g., Bayou Group, 431 B.R. at 560; In re Hooker Invs., Inc., 188 B.R. 117, 120 (S.D.N.Y. 1995). The burden of proof rests on the applicant to show by a preponderance of the evidence that the services it rendered provided a substantial benefit to the estate. Bayou Group, 431 B.R. at 560; In re Best Prods. Co., 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994); see also Villa Luisa, 354 B.R. at 348 (the burden of proof is on the applicant and it is exceedingly difficult because a litigant is presumed to act in its own interest).

17.  Judge Drain has suggested that, in order to obtain a substantial contribution award, the creditor essentially must have "played a leadership role that normally would be expected of an estate-compensated professional but was not so performed." Bayou Group, 431 B.R. at 562. To meet the high threshold, the movant must establish that "'[its] services have some *causal relationship* to the contribution.' Mere conclusory statements regarding the causation or provision of a substantial contribution are insufficient to establish that a substantial contribution has been made." Asarco, 2010 WL 3812642, at *8 (citing U.S. Lines, 103 B.R. at 430).

18.  The provision of Section 503(b)(4) does not change the general rule that an attorney must look to his client for payment of his fees. Granite Partners, 213 B.R. at 445. Rather, compensation under "substantial contribution" grounds "is limited to those extraordinary actions that lead to an 'actual and demonstrable benefit to the debtor's estate, the creditors, and to the extent relevant, the stockholders.'" In re Randall's Island Family Golf Ctrs.,

Inc., 300 B.R. 590, 598 (Bankr. S.D.N.Y. 2003) (quoting In re Jensen-Farley Pictures, Inc., 47 B.R. 557, 569 (Bankr. D. Utah 1985)); accord, Best Prods., 173 B.R. at 866 and In re Alert Holdings, Inc., 157 B.R. 753, 757 (Bankr. S.D.N.Y. 1993).

19. In determining whether a creditor has made a substantial contribution, courts generally consider the following factors:

(1) whether the services benefitted the applying creditor or all creditors;

(2) whether the services provided a direct, significant and demonstrable benefit to the estate;

(3) whether the services rendered were duplicative of services rendered by attorneys for the committee, the committees themselves, or the debtor and its attorneys;

(4) whether the applicant would have done the same thing absent an expectation of compensation from the bankruptcy estate; and

(5) whether the benefit conferred through the "substantial contribution" at issue exceeds the cost that the party seeks to assess against the estate.

Best Prods., 173 B.R. at 865; In re Mirant Corp., 354 B.R. 113, 132-34 (Bankr. N.D. Tex. 2006).

20. Active participation alone is insufficient to give rise to a substantial contribution claim. Granite Partners, 213 B.R. at 446; see also In re Big Rivers Elec. Corp., 233 B.R. 739, 749-50 (W.D. Ky. 1998) (holding that actions taken by claimants in doing such things as documenting transactions that formed the basis of debtor's plan of reorganization, sharing expense of audit of environmental issues relating to debtor's plans, assisting debtor in negotiating certain contracts, and analyzing debtor's manpower issues, lacked any motivation to benefit or increase the bankruptcy estate but, instead, were designed solely to increase claimant's economic position, and so claimants were not entitled to recover on their claims for substantial contribution).

## V. OBJECTION

21.     The United States Trustee objects to the Applicant's request for fees and expenses in the amount of $276,397.00 based upon a claim of "substantial contribution" for services rendered in connection with the opposition to the sale transaction essential to the success of these cases. Docket No. 11045.

22.     The United States Trustee objects to the balance of the fees and expenses $234,636.22 ($511,033.22 - $276,397.00) requested by the Applicant for its failure to establish its entitlement under the requirements of Section 503(b).

23.     The time records accompanying the request for payment include services rendered from May 31, 2009 through January 29, 2010. Docket No. 10489.

24.     As noted above, the interest of the asbestos claimants were ably represented by the efforts of the Official Asbestos Committee, whose counsel has been allowed by the Court to seek compensation beginning after October 6, 2009.

25.     While the Application does identify fees by project categories, the time records attached to the Application do not. That failure hinders the analysis of whether the services performed by the Applicant did not duplicate the efforts performed by the professionals for the Official Asbestos Committee and, ultimately, whether the Application satisfies the requirements necessary to sustain a claim of substantial contribution.

26.     The non-sale related categories of services identified in the Application: "Asbestos Due Diligence," "Appointment of Futures Claimants Representative," "Bar Date Issues" and "Automatic Stay Issues"; all appear to be well within the ambit of the responsibilities of the Official Asbestos Committee. The Application fails to explain why the services for which

payment is sought based upon a claim of substantial contribution were necessary but not performed by the Official Asbestos Committee. Without this information it is difficult to analyze the merits of the Applicant's claim of substantial contribution.

27.     Based upon the Applicant's failure to sustain its burden of establishing its claim of substantial contribution, the United States Trustee objects to the Applicant's total request for fees and expenses totaling $511, 033.22.

## VI.  CONCLUSION

**WHEREFORE,** the United States Trustee respectfully submits that the Court enter an Order granting such other relief as is just.

Dated: New York, New York
       October 18, 2011

                                        Respectfully submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

                                By:     /s/ Linda A. Riffkin
                                        Linda A. Riffkin
                                        Assistant United States Trustee
                                        Brian Masumoto
                                        Trial Attorney
                                        33 Whitehall Street, 21st Floor
                                        New York, New York 10004
                                        Tel. No. (212) 510-0500
                                        Fax No. (212) 668-2255