Hearing date and time: October 21, 2011, 9:45 a.m.<br>
CWT Comments 10.19.2011

PREET BHARARA
United States Attorney
  for the Southern District of New York
By:    David S. Jones
        Natalie N. Kuehler
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY  10007
Tel.: (212) 637-2800
Fax: (212) 637-2730
david.jones6@usdoj.gov
natalie.kuehler@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                     :

In re                                             :         Chapter 11 Case No.

MOTORS LIQUIDATION COMPANY, *et al.*,  :         09-50026 (REG)
        f/k/a General Motors Corp., *et al.*     :

                             Debtors.      :         (Jointly Administered)
---------------------------------------------------------------x

**SURREPLY OF THE UNITED STATES OF AMERICA IN FURTHER SUPPORT OF ITS LIMITED OBJECTION TO FINAL FEE APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The United States of America, on behalf of its agency the United States Department of the Treasury ("**Treasury**"), by and through its attorney Preet Bharara, United States Attorney for the Southern District of New York, hereby submits this surreply to respond to specific issues raised for the first time in reply papers responding to the Treasury's limited objection to the Final Fee Application of Kramer Levin Naftalis & Frankel LLP for an award of attorneys' fees and costs, Dkt. No. 10268 (the "**Fee Application**"), solely to the extent the Fee Application seeks fees or expenses incurred in connection with the dispute between the Official Committee of

Unsecured Creditors (the "**Committee**") and the Debtor-in-Possession Lenders ("**DIP Lenders**"), Treasury and Export Development Canada ("**EDC**"), concerning entitlement to benefit from the proceeds (if any) of the Adversary Proceeding No. 09-0504 (REG) (the "**Avoidance Action**").

The Committee argues that it is entitled to reimbursement for the fees it incurred in connection with the litigation it instituted against the DIP Lenders for two principal reasons. First, the Committee argues that Paragraph 20 of the "Final Order . . . Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto . . ." ("**DIP Order**"), Dkt. No. 2529, only bars the use of the proceeds of the DIP facility and Amended DIP Facility (collectively, the "**DIP Credit Facility**") to litigate against the DIP Lenders but that the DIP Order does not prohibit the use of the proceeds from the sale of the DIP Lenders' collateral for this purpose. The express terms of the DIP Order and the "Order . . . Approving Amendment to DIP Credit Facility . . ." (the "**Wind-Down Order**"), Dkt. No. 2969, defeat this argument.

Paragraph 4 of the DIP Order provides that:

> Except for the Carve-Out, and upon entry of this Final Order, no costs or expenses of administration of these cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under any chapter of the Bankruptcy Code, shall be imposed or charged against, or recovered from, the DIP Lenders or any of the Property under section 506(c) of the Bankruptcy Code or any similar principle of law, and each of the Debtors hereby waives for itself and on behalf of its estate any and all rights under section 506(c) of the Bankruptcy Code or otherwise to assert or impose, or seek to assert or impose, any such costs or expenses of administration against the DIP Lenders or the Property.

DIP Order at ¶ 4.

2

The DIP Order defines the term "Property" to include all property and assets of each of the Debtors, including all proceeds, rents and products of such property. *See id.* at ¶ iv.

Paragraph 4 of the DIP Order unequivocally bars the use of (i) the proceeds of the DIP Facility (the "**DIP Facility Proceeds**") and (ii) the proceeds from the sale of the DIP Lenders' collateral securing the DIP Facility (the "**Sale Proceeds**") to pay for any "costs or expenses of administration of these cases." *See id.* at ¶ 4. Of course, the Debtors have used part of the DIP Facility Proceeds to administer the estate and that use is expressly authorized elsewhere in the DIP Order and Wind-Down Order. To facilitate a liquidating plan, the DIP Lenders allowed the Debtors to use the DIP Facility Proceeds – and only the DIP Facility Proceeds – to fund, *inter alia*, "the payment of expenses associated with the post-petition administration of the Debtors' case . . ." Wind-Down Order at p. 5; *see also* DIP Order at ¶ 9. However, Paragraph 20 of the DIP Order limits expressly the use of these proceeds, stating:

> Notwithstanding anything herein to the contrary, none of the proceeds of any extension of credit under the DIP Credit Facility shall be used in connection with (a) any investigation (including discovery proceedings), initiation or prosecution of any claims, causes of action, adversary proceedings or other litigation against the DIP Lenders or the Existing UST Secured Parties or EDC, in its capacity as lender under the Canadian Facility . . . ."[1]

DIP Order at ¶ 20.

When read together, these provisions prohibit the Committee from using the DIP Facility Proceeds and the Sale Proceeds for any litigation against the DIP Lenders. The Committee cannot look to the Sale Proceeds because Paragraph 4 of the DIP Order expressly prohibits the Debtors from using the Sale Proceeds to pay for administrative expenses, including the fees at

---

[1] This provision remains in full force. The Wind-Down Order states: "Except as modified by the Amended DIP Facility or this Order, the Final DIP Order shall remain in full force and effect." Wind-Down Order at p. 4.

3

issue here.  Moreover, when read together, the Wind-Down Order and Paragraph 20 of the DIP Order provide that the DIP Facility Proceeds may be used for administrative purposes but not to litigate against the DIP Lenders.  Thus, the only way the Committee could use any of the DIP Facility Proceeds is if its motion to enforce the DIP Order and Wind-Down Order as against the DIP Lenders and related filings somehow do not constitute "litigation" or the "initiation or prosecution" of "claims, causes of action, adversary proceedings or other litigation" against the DIP Lenders.  *See* Reply of Kramer Levin to limited objection of United States, October 18, 2011 ("**Kramer Levin Reply**"), at ¶ 19.  This argument is absurd on its face.  The fees at issue here are for work done by Committee counsel on applications filed in this Court seeking relief directly as against the DIP Lenders.  That constitutes "litigation" and so is subject to the restriction in paragraph 20.  This conclusion is not altered by the Committee's objection that it is acting purportedly to "enforce Treasury's own agreements," Kramer Levin Reply at ¶ 19; whatever the dispute's merits or origins, the Committee is indisputably litigating against the DIP Lenders, and, while it is not barred from doing so and it can be paid if funded by some other permissible source, it is barred from recovering a fee award from DIP Credit Facility funds or from proceeds of estate asset sales.

   Second, the Committee argues that because Treasury supported the confirmed Plan and the Plan calls for payment of allowed administrative expenses, Treasury waived its ability to object to payment of fees incurred litigating against the DIP Lenders.  *See* Kramer Levin Reply ¶ 20.  This argument also lacks merit.  Nothing in the Plan known to the Government purports to override the express restriction on use of DIP Facility Proceeds contained in Paragraph 20 of the DIP Order.

4

Moreover, the sole case on which the Committee relies, *In re Emons Industries, Inc.*, 76 B.R. 59, 60 (Bankr. S.D.N.Y. 1987), is readily distinguishable. *Emons Industries* did not involve a prohibition on the use of estate funds similar to Paragraph 20 of the DIP Order. Instead, the debtor and secured creditors in *Emons Industries* argued that counsel to the equityholders' committee did not provide sufficient benefit to the debtors' estates to warrant payment from the secured lenders' collateral. The Court rejected this contention in part because the secured creditors had supported a plan requiring such payment. *Id.* The absence of any express restriction comparable to DIP Order ¶ 20 renders *Emons Industries* inapposite. And, even if that were not the case, the Committee's argument proves too much, because it suggests that the DIP Lenders' support for the Plan would preclude them from objecting to any fee application on any basis – an obviously incorrect result but one that is merely an extension of the Committee's logic. The Committee's position would improperly render DIP Order ¶ 20 null and void despite the complete absence of any express intent to do so appearing in any statement or order of the Court, or any prior submission or statement of any party. In reality, to be approved, the Committee's application must be proper and consistent with law; to the extent it seeks payment from DIP-financed funds or sales proceeds, it is not, because it is barred by express provisions of the DIP Order.

## CONCLUSION

Kramer Levin's Fee Application should be denied to the extent it seeks compensation from funds derived from the DIP Credit Facility for work performed in connection with its dispute with the DIP Lenders concerning entitlement to the proceeds (if any) of the Committee's Avoidance Action.

Dated:  New York, New York
        October 20, 2011

                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York

                                 /s/ David S. Jones
                        By:     David S. Jones
                                Natalie N. Kuehler
                                Assistant United States Attorneys
                                86 Chambers St., 3rd Floor
                                New York, NY 10007
                                Tel. (212) 637-2800
                                Fax (212) 637-2730
                                david.jones6@usdoj.gov
                                natalie.kuehler@usdoj.gov

## CERTIFICATE OF SERVICE

I, David Jones, certify that I am an Assistant U.S. Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and that I caused the foregoing pleading to be served as follows:

By electronic notice via ECF to all persons registered to receive such notice;

By email to the following: Elihu Inselbuch (ei@capdale.com); Rita Tobin (rct@capdale.com); Stephen Karotkin (Stephen.karotkin@weil.com); Thomas Moers Mayer (tmayer@kramerlevin.com); Michael Edelman (MJEdelman@vedderprice.com); Michael Schein (MSchein@vedderprice.com) ;

And by first class mail to the Office of the United States Trustee, and to all persons listed on the service list annexed hereto.

                                                                                           s/ David S. Jones

New York, New York
October 20, 2011

# GENERAL MOTORS CORPORATION
## SERVICE LIST

| Claim Name | Address Information |
|---|---|
| ADRIAN ENVIRONMENTAL MANAGEMENT, INC. | C/O KENNETH RICHARDS 7533 WILLOW CREEK DRIVE CANTON MI 48187 |
| AIMS/DYKEMA GOSSETT PLLC | 10 SOUTH WACKER DRIVE CHICAGO IL 60606 |
| AIMS/LATHROP & GAGE LC | 2345 GRAND BLVD. KANSAS CITY MO 64108 |
| AIMS/STEPHENS & STEPHENS | 410 MAIN STREET BUFFALO NY 14202 |
| ARCADIS BBL | 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| ARCADIS BBL | ATTN: CHRIS PETERS 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| ARCADIS GERAGHTY & MILLER, INC. | ATTN: CHRIS PETERS 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| BT2, INC. | ATTN: MARK HUBER 2830 DAIRY DRIVE MADISON WI 53718-6751 |
| CHARTER TOWNSHIP OF FLINT | ATTN: SANDRA S WRIGHT 1490 S. DYE ROAD FLINT MI 48532 |
| CHARTER TOWNSHIP OF YPSILANTI | LARRY J. DOE, TREASURER 7200 S. HURON RIVER DR. YPSILANTI MI 48197 |
| CHARTER TWP. OF GENESEE | ATTN: TOM MANNOR, TREASURER 7244 N. GENESSE ROAD P.O. BOX 215 GENESEE MI 48437 |
| CITY OF SAGINAW, TREASURER | 1315 S. WASHINGTON AVE. SAGINAW MI 48601 |
| CITY OF SIOUX CITY | CITY TREASURER P.O. BOX 447 SIOUX CITY IA 51102 |
| CLEAN HARBORS ENVIRONMENTAL SERVICES | P.O. BOX 3442 BOSTON MA 02241-3442 |
| CONESTOGA-ROVERS & ASSOC. | ATTN: BETH LANDALE 22055 NIAGARA FALLS BLVD. SUITE #3 NIAGARA FALLS NY 14304 |
| CONESTOGA-ROVERS & ASSOCIATES | 22055 NIAGARA FALLS BLVD SUTIE #3 NIAGARA FALLS NY 14304 |
| ENCORE ENVIRONMENTAL CONSORTIUM | ATTN: MARK QUILTER P.O. BOX 66 6723 TOWPATH ROAD SYRACUSE NY 13214-0066 |
| ENVIRON INTERNATIONAL CORPORATION | 214 CARNEGIE STREET PRINCETON NJ 08540 |
| ENVIRON INTERNATIONAL CORPORATION | 214 CARNEGIE STREET PRINCETON NJ 08540-1980 |
| FAVERO GEOSCIENCES | ATTN: DAVE FAVERO 1210 SOUTH 5TH STREET, SUITE 2 SPRINGFIELD IL 62703 |
| GENERAL OIL COMPANY, INC. | 35796 VERONICA ST. LIVONIA MI 48150 |
| GLOBAL ENVIRONMENTAL ENGINEERING INC. | 6140 HILL 23 DRIVE SUITE 1 FLINT MI 48507 |
| GROUNDWATER & ENVIRONMENTAL SERVICES, INC | 440 CREAMERY WAY SUITE 500 EXTON PA 19341-2577 |
| HALEY & ALDRICH DESIGN AND CONTRUCTION | 56 ROLAND STREET BOSTON MA 02129-1400 |
| HALEY & ALDRICH OF NEW YORK | 200 TOWN CENTRE DRIVE, STE 2 ROCHESTER NY 14623-4264 |
| HDR ENGINEERING | ATTN: DICK BELL 8404 INDIAN HILLS DRIVE OMAHA NE 68114 |
| IOWA DEPT OF NATIONAL RESOURCES | HAZARDOUS WASTE REMEDIAL FUND 502 E. 9TH STREET DES MOINES IA 50319-0034 |
| J.A. LOMBARDO & ASSOCIATES | ATTN: JOSEPH A. LOMBARDO 445 S. LIVERNOIS - SUITE 202 ROCHESTER MI 48307 |
| NOVA CONSULTANTS, INC | 21580 NOVI ROAD #300 NOVI MI 48375 |
| O'BRIEN & GERE ENGINEERS, INC. | ATTN: TERRY L. BROWN 5000 BRITTONFIELD PKWY SYRACUSE NY 13057-9226 |
| ROYAL ENVIRONMENTAL, INC. | 720 LEXINGTON AVENUE P.O. BOX 15719 ROCHESTER NY 14615 |
| SEVENSON ENVIRONMENTAL SERVICES, INC. | 2749 LOCKPORT ROAD NIAGARA FALLS NY 14302 |
| THE BANK OF NEW YORK | FINANCIAL CONTROL BILLING DEPARTMENT P.O. BOX 19445 NEWARK NJ 07195-0445 |
| THE BARTECH GROUP | 17199 NORTH LAUREL PARK DR. SUITE224 LIVONIA MI 48152 |
| TOWN OF FRAMINGHAM | TAX COLLECTOR'S OFFICE 150 CONCORD ST FRAMINGHAM MA 01702 |
| WASHTENAW COUNTY TREASURER | P.O. BOX 8645 200 N. MAIN ST STE 200 ANN ARBOR MI 48107-8645 |
| WASTE MANAGEMENT | P.O. BOX 9001054 LOUISVILLE KY 40290-1054 |
| WDC EXPLORATION & WELLS | 500 MAIN STREET WOODLAND CA 95695 |
| YOUNG'S ENVIRONMENTAL CLEANUP, INC | G-5305 NORTH DORT HIGHWAY FLINT MI 48505 |

**Total Creditor count 39**