# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

SEAN E. O'DONNELL
212.872.1093/fax: 212.872.1002
sodonnell@akingump.com

October 19, 2011

**VIA ECF AND UPS**

Hon. Robert E. Gerber
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: *In re General Motors Corp., et al.*, 09-50026 (REG): Official Committee of Unsecured Creditors' First Amended Objection to Claims filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief (Docket No. 7859)

Dear Judge Gerber:

As this Court is aware, we are counsel Green Hunt Wedlake, Inc., in its capacity as trustee for General Motors Nova Scotia Finance Company (the "Nova Scotia Trustee"), a claimant in the above-captioned proceeding. In advance of the October 28, 2011 omnibus hearing, please find attached a Joint Status Report updating the court on the status of discovery and other issues relating to the First Amended Objection filed by the Official Committee of Unsecured Creditors of Motors Liquidation Company (as predecessor-in-interest to the Motors Liquidation Company GUC Trust) (the "GUC Trust") to the claims of the Nova Scotia Trustee and the various claims filed by certain current and former Noteholders of General Motors Nova Scotia Finance Company (the "Noteholders").

The Joint Status Report has been agreed to by the GUC Trust, the Nova Scotia Trustee, and the Noteholders. We appreciate the Court's attention to this matter.

Respectfully,

Sean E. O'Donnell /DLC

Sean E. O'Donnell

cc: Daniel H. Golden, Esq. (counsel to the Nova Scotia Trustee)
Eric B. Fisher, Esq. (counsel to the GUC Trust)
Kevin D. Finger, Esq. (counsel to the Noteholders)
Michele J. Meises, Esq. (counsel to the Debtors)
Arthur J. Steinberg, Esq. (counsel to General Motors Co.)

One Bryant Park | New York, NY 10036 | 212.872.1000 | fax: 212.872.1002 | www.akingump.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :   Case No. 09-50026 (REG)
f/k/a General Motors Corp., et al.,                          :
                                                             :   (Jointly Administered)
                    Debtors.                                 :
                                                             :
                                                             :
------------------------------------------------------------ x
```

## JOINT STATUS REPORT

On November 19, 2010, the Official Committee of Unsecured Creditors of Motors Liquidation Company (as predecessor-in-interest to the Motors Liquidation Company GUC Trust) (the "**GUC Trust**") filed its First Amended Objection (Docket No. 7859) (the "**GUC Trust's Objection**") to the claims filed by Green Hunt Wedlake, Inc., in its capacity as trustee (the "**Nova Scotia Trustee**") for General Motors Nova Scotia Finance Company (Claim No. 66319) on November 30, 2009 and the various claims filed by certain current and former Noteholders of General Motors Nova Scotia Finance Company (the "**Noteholders**") (collectively with the GUC Trust and the Nova Scotia Trustee, the "**Parties**" or individually a "**Party**") in November and December 2009.

Following oral argument on December 15, 2010, the Court indicated that the Parties should proceed with discovery relating to the GUC Trust's Objection. The purpose of this Joint Status Report is to update the Court, on behalf of all the Parties, on the status of the ongoing discovery, and to request the Court's assistance in scheduling a hearing on the GUC Trust's Objection and other relevant dates in connection therewith.

**Document Discovery Among the Parties**

The Parties have been engaged in discovery since January 2011. As of the submission of this Joint Status Report, both the GUC Trust and the Nova Scotia Trustee have completed their productions and no outstanding issues remain; the GUC Trust has produced 3,336 pages of material, and the Nova Scotia Trustee has produced 6,994 pages of material. Certain of the Noteholders, including Appaloosa Management L.P., Aurelius Capital Management, LP, Elliott Associates, L.P., Fortress Credit Opportunity Advisors, LLC, Perry Partners, L.P., and Perry Partners International, Inc. also have completed their respective document productions and produced a collective total of 85,041 pages of material. In addition, Noteholder Morgan Stanley International plc has not yet produced documents responsive to a subpoena dated August 22, 2011, but intends to complete such production by November 14, 2011. Finally, the GUC Trust has served discovery requests on the Debtors ("**Old GM**"), and Old GM has completed its production and produced 296,231 pages of material.

**Third Party Document Discovery**

During the course of the past year, the GUC Trust has served third party subpoenas upon the United States Department of Treasury ("**Treasury**"), General Motors Company ("**New GM**"), the Debtors' former financial advisor Morgan Stanley & Co. LLC, and the law firm of Jenner & Block LLP ("**Jenner & Block**"). Treasury has completed its document production and produced 2,697 pages of material. New GM produced 17,464 pages of material on May 27, 2011, but a dialogue continues between counsel for New GM and the GUC Trust regarding the sufficiency of the production. Morgan Stanley & Co., LLC has not yet produced documents responsive to a subpoena dated August 22, 2011, but intends to complete such production by November 14, 2011. Finally, Jenner & Block has yet to produce documents responsive to the

2

subpoena served upon it by the GUC Trust on July 22, 2011; however, the GUC Trust and Jenner & Block have been working together to consensually resolve any issues concerning that subpoena.

**Depositions**

No depositions have yet taken place or been scheduled. The Nova Scotia Trustee and the Noteholders take the position that each Party should take a maximum of ten non-expert depositions. The GUC Trust believes it may need to take up to fifteen depositions.

**Schedule**

The Parties have not agreed to a schedule governing discovery or pre-trial practice, though the Parties agree that such a schedule is appropriate. Although the GUC Trust believes that the Parties should mutually agree to deadlines for the completion of document production, filing of discovery motions, depositions (fact and expert), and expert reports, it believes that deadlines relating to the exchange of preliminary and final witness lists, pre-trial briefs, deposition designations, and trial exhibits should not be scheduled until further consultation with the Court. The following chart reflects the differences in the schedules proposed by the Parties:

| Event | Nova Scotia Trustee and Noteholders' Proposed Date | The GUC Trust's Proposed Date |
|---|---|---|
| Completion of Document Production | November 9, 2011 | October 31, 2011 |
| Last day for all discovery-related requests for a conference with the Court pursuant to Local Bankruptcy Rule 7007-1(b)[1] | November 14, 2011 | December 2, 2011 |
| Exchange of preliminary fact witness lists | December 5, 2011 | December 5, 2011 |
| Completion of non-expert depositions | January 20, 2012 | February 17, 2012 |
| Exchange of expert reports and documents relied upon by experts, if any | February 3, 2012 | March 16, 2012 |

---

[1] The Parties each agree that, in the event a request for relief to compel the production of documents is granted, the Party compelled to produce additional documents shall do so within twenty days of the Court's ruling.

3

| Event | Nova Scotia Trustee and Noteholders' Proposed Date | The GUC Trust's Proposed Date |
|---|---|---|
| Completion of expert depositions, if any | February 22, 2012 | April 6, 2012 |
| Exchange of final witness lists (both fact and expert witnesses, if any)[2] | February 24, 2012 | TBD |
| Filing of pre-trial briefs, if requested by the Court | March 1, 2012 | TBD |
| Exchange of all proposed deposition designations and trial exhibits | March 8, 2012 | TBD |
| Hearing[3] (subject to the availability of the Court) | March 2012 | Weeks of April 30, May 7 or May 14, 2012 |

**Conclusion**

The Parties appreciate the Court's attention to this matter and look forward to discussing these discovery and scheduling issues with the Court during the October 28, 2011 omnibus hearing.

---

[2] The Parties agree that, if a witness is designated who was not previously disclosed, the Parties should have the right to schedule the deposition of such witness prior to the hearing, including the issuance of a subpoena to compel the attendance of such witness at a deposition.

[3] The GUC Trust estimates that the hearing will occupy approximately four full trial days. The Nova Scotia Trustee and the Noteholders estimate that, if a hearing is necessary, it should take no more than two full trial days.