September 30, 2011

RECEIVED
OCT - 6 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

Clerk of Courts
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

Re:   Supporting Documentation to Appeal
      Motors Liquidation Company
      Order Granting 147th Omnibus Objection to Claims
      Claim number 63648 in the amount $1,648,995.40
      Docket number 10782
      Case number 0950026

Please accept this letter as supporting documentation in my appeal of reclassifying my claim as an equity interest. I do not feel that my concerns have been adequately considered. I wish to appeal that my claim has been reclassified as an equity interest claim.

General Motors fraudulently misrepresented the viability of their company to me. General Motors must have known that the viability of the company was deteriorating months, possibly years, before filing for bankruptcy. I feel that General Motors knew that its stock would eventually be worthless, and rather than notify me or take action to protect me from loss, they chose to take no action. It is my belief that due to fraud and misrepresentation that my claim should not have been reclassified as equity interest. The result is unjust and inequitable.

General Motors misrepresented the value of the company by continuing to allow GM stock to be included in the retirement savings plan of its employees, even while the value was continuing to decline. This falsely led participants to believe that the Stock Fund value could turn around as it always had done so in the past. In the past, when the stock declined, GM never notified us that we should liquidate our position, and it always recovered in value. In a matter of 18 months GM's lack of prudence resulted in a 95% loss in value ($1,648,995.40). General Motors did not exercise the required skill, care, prudence, and diligence by granting its employees investment access to its stock.

Additionally, General Motors failed to properly monitor the performance of their fiduciary appointee and remove or replace them when their performance was unsatisfactory.

Further, my interests were held in bonds in addition to General Motors stock. As you can see from the attached statements provided by Fidelity, my interest includes bonds, not just stock, and when action was finally taken to protect me from my employer's lack of prudence, 100% of the remaining value was held in bonds.

It is my request that you seriously consider my appeal and include me as a creditor of General Motors.

Sincerely, *Dale R. Spirnak*

Dale R. Spirnak
207 Mapledale Dr.
Munhall, PA 15120
412-461-5195

Attachments:
A - Copy of Notice of Appeal received by Clerk of Courts on September 19, 2011
B - Support of $1,648,995.40 claim
C - Fidelity statement from April 23, 2009

Official Form 17
(12/04)

# United States Bankruptcy Court

SOUTHERN District Of NEW YORK

In re MOTORS LIQUIDATION COMPANY
Debtor

Case No. 09-50026

Chapter 11

[Caption as in Form 16A, 16B, or 16D, as appropriate]

## NOTICE OF APPEAL

DALE R. SPIRNAK, the plaintiff [or defendant or other party] appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge (describe) entered in this adversary proceeding [or other proceeding, describe type] on the 6TH day of SEPTEMBER, 2011.
(month) (year)

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

SEE NEXT PAGE

Dated: 9-17-11

Signed: Dale R. Spirnak
Attorney for Appellant (or Appellant, if not represented by an Attorney)

Attorney Name: N/A

Address: 207 MAPLEDALE DR.
MUNHALL, PA. 15120

Telephone No: 412-461-5195

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this notice of appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

*If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

Supplemental Order to 147th Omnibus Objection to Claims
Claim #63648
Docket #10782

The names of all parties to the judgment, order, or decree appealed from and the names and addresses of their respective attorneys are as follows:

Anna Phillips
FTI Consulting
One Atlantic Center
1201 West Peach Street
Suite 500
Atlanta, Georgia 30309

Thomas Morrow
Motors Liquidation Company
401 South Old Woodward Avenue
Suite 370
Birmingham, Michigan 48009

Tracy Hope Davis
Office of the United States Trustee for the S.D.N.Y
33 Whitehall Street
21st Floor
New York, New York 10004

Keith Martorana
Gibson, Dunn, Crutcher LLP
200 Park Avenue
47th Floor
New York, New York 10166

David S. Jones
Natalie Kuehler
U.S. Attorney's Office, S.D.N.Y
86 Chambers Street
3rd Floor
New York, New York 10007

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinksky
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

B

Transaction History Overview >

# Transaction History

Print

View history from the time you opened your account to the present.

Frequently Asked Questions

○ Download Transaction History
○ View Processed Exchanges

**Select Time Period or Date Range**

| Time Period | Custom Date Range | From | 04/27/2009 (mm/dd/yyyy) | To | 04/29/2009 (mm/dd/yyyy) |

Get History

| Investments | Sources |

**Transaction History Period: 04/27/2009 to 04/29/2009**

**Transaction Details**

| Date ▲ | Investment | Transaction Type | Amount | # Shares or Units |
|---|---|---|---|---|
| 04/28/2009 ⊞ Show Details | PROMARK INCOME FUND | Exchange In | $74,334.97 | 3,360.316 |
| 04/28/2009 ⊞ Show Details | GM COMMON STOCK | Investment Gain/Loss | -$1,648,995.40 | 0.000 |
| 04/28/2009 ⊞ Show Details | GM COMMON STOCK | Exchange Out | -$74,334.97 | -15,778.170 |

Questions? Call **(800) 489-4646**

NetBenefits provided by



© 1996-2009 FMR LLC
All rights reserved.

Terms of Use    Privacy    Security

IA=1 SZ=3

C



**GENERAL MOTORS**

## Retirement Savings Plan
April 22, 2009 - April 23, 2009

ENV#MG000013
MG 25001   R

DALE R SPIRNAK
207 MAPLEDALE DR
MUNHALL, PA 15120

☎ GM Benefits and Services Center: 1-800-489-4646
RSP Websites: www.gmbenefits.com & @ work: Socrates
Representatives are available between 8:30 AM
and 12:00 Midnight Eastern Time any business day.

### Get Your Statements Online
Online statements offer many advantages over paper statements. For instance, you can view and print up-to-date statements whenever you like, and you can retrieve statements for any date, month, quarter, or custom date range within the previous 24 months. To sign up for online statements, please visit us online, go to Mail Preferences under the Your Profile tab, and update your delivery preference for savings statements and other notices. You must also provide us with a valid e-mail address so that we can periodically remind you to view your statements and other notices online.

### Account Activity This Period

| | |
|---|---|
| **Beginning Market Value** | $77,745.60 |
| Investment Gain/Loss | -147.30 |
| **Ending Market Value** | $77,598.30 |
| **Additional Information** | |
| ♦ Vested Balance | $77,598.30 |
| **Your Personal Rate of Return** | |
| This Period | -0.2% |
| Calendar Year to Date | -38.7% |

Your Personal Rate of Return is calculated with a time-weighted formula, widely used by financial analysts to calculate investment earnings. It reflects the results of your investment selections as well as any activity in the plan account(s) shown. There are other Personal Rate of Return formulas used that may yield different results. Remember that past performance is no guarantee of future results.

### Your Asset Allocation



- Stocks 96%
- Bonds 4%

Your account is currently allocated among the asset classes specified above. Percentages and totals may not be exact due to rounding.