Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                              :
In re                                         :          **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*  :
                                              :
          Debtors.   :          **(Jointly Administered)**
                                              :
------------------------------------------------------------x

### REPLY TO RESPONSE OF WILLIAM KUNTZ TO
### 248TH OMNIBUS OBJECTION TO CLAIMS
### (Insufficient Documentation)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this reply to the response (the "**Response**") of William Kuntz, III to the 248th Omnibus Objection to Claims, which seeks to disallow and expunge Claim Numbers 1092, 1093 and 1398 filed by Mr. Kuntz (collectively, the "**Kuntz Claims**"), on the basis that such claims do not include sufficient

documentation by which the GUC Trust may evaluate the Kuntz Claims. In support of this Reply, the GUC Trust respectfully represents:

## ARGUMENT

1. Representatives of the GUC Trust examined the Kuntz Claims and have made every effort to ascertain the validity of such claims. However, none of the information provided by Mr. Kuntz in his proofs of claim (attached hereto as Exhibit A) or otherwise (attached hereto as Exhibit B) indicates that the *Debtors* have any liability for the alleged damages suffered by Mr. Kuntz. In fact, such information supports the GUC Trust's argument that Mr. Kuntz has no claims whatsoever against the Debtors, and is simply seeking an audience or, at worst, an easy payday.[1]

2. The Kuntz Claims are briefly summarized below:

- Claim Number 1092. This claim seeks $300.00, based on "mail fraud" and a "bait and switch" allegedly perpetrated by "Smedley's," a GM Dealer based in Vandalia, Ohio. In his Response, Mr. Kuntz asserts that this claim "represents the failure of Smedley's to honor a truck promotion plan offering a free gas card in exchange for a test drive and credit application to GMAC." However, none of the documentation provides any legal basis for Mr. Kuntz's claim that the *Debtors* are liable for any damages. At best, the claim can be read as seeking recovery against a dealer which is neither owned nor controlled by the Debtors.

- Claim Number 1093. This claim, in the amount of $4,500.00, relates to what Mr. Kuntz describes as "the loss of an old Chevy truck." The claim does not include any details as to the nature of the alleged loss, or the legal basis for the Debtors' alleged liability for such loss. In the Response, Mr. Kuntz makes allegations against several automotive repair shops and the towns of Westport and Willsboro, New York – but none against the Debtors. Again, the information provided by

---

[1] In the Response, Mr. Kuntz states that counsel did not give him an extension of time to provide additional information in support of his claims. This is simply untrue. Mr. Kuntz requested an adjournment until April, 2012, in light of the fact that he had yet another court appearance scheduled in New York for that month. Counsel offered to adjourn the hearing until November 22, 2010 and/or to provide a dial-in number for the hearing. However, Mr. Kuntz declined both of these options and stated that he preferred to go forward on October 28, 2010. A delay through April, 2012 would be counter to the GUC Trust's goals of final and efficient resolution of the claims against the Debtors and, based on information provided by Mr. Kuntz to date, would be unlikely to yield any information supporting the Kuntz Claims.

2

>Mr. Kuntz is insufficient to establish the *Debtors'* liability for Mr. Kuntz's alleged damages.
>
>- <u>Claim Number 1398</u>.  This claim, made in the amount $2,400.00, "represents the loss of a fireproof file cabinet," which Mr. Kuntz claims to have given to an owner of an automotive repair shop (Mr. Reynolds) "in an effort to fend off the Small Dealer Exit Program that Reynold[s] was being forced into by the company."  In the Response, Mr. Kuntz states that the loss of his file cabinet was due to GM, and that the Debtors had a "hidden goal…to defraud many small dealers in small rural communities by a corporate mentality that looked upon a shiny showroom as evidence of the 'GM way.'"  Both Mr. Kuntz's allegations and any connection to the Debtors are, to say the least, far-fetched.  It is obvious that the information provided is insufficient to support a claim against the *Debtors*.

3. A proof of claim *must* "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see Ashford v. Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).  Moreover, the bar date order entered in these chapter 11 cases mandates that a proof of claim "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include supporting documentation or an explanation as to why such documentation is not available." (*Bar Date Ord.* at 2.)

4. The Debtors have no record of any obligations to Mr. Kuntz, nor does the information contained in the Kuntz Claims support any claim that such obligations exist.  The Kuntz Claims are plainly insufficient to establish a *prima facie* claim.  This proceeding is not unlike the objection filed by Lehman to claims filed by Mr. Kuntz in that case.  In *Lehman*, Judge Peck granted the debtors' objections and found, among other things, that a "claimant's belief as to a possible theory of liability does not make that theory plausible and is not enough to overcome an objection to a claim."  *Memorandum Decision Granting Debtors' Objection to*

3

*Claims 33550, 33551, 33552, 35121 and 35430 of William Kuntz III*, p. 8 (Bankr. S.D.N.Y. Nov. 10, 2010) (ECF No. 12662) ("**Lehman Decision**," attached hereto as <u>Exhibit C</u>).  Here, as in *Lehman*, the Kuntz Claims are based on mere speculation, which is insufficient to allow Mr. Kuntz to proceed with his claims.  *Id.*

    5. While Mr. Kuntz may derive personal satisfaction by asserting baseless claims against these and other debtors, without regard to the burden on the estate or the Court, the GUC Trust is mindful of avoiding unnecessary litigation and maximizing recoveries to creditors.  *See Lehman Decision*, at pp. 2-3 (noting Mr. Kuntz's "propensity to raise questions and to litigate" and describing him as a "seasoned *pro se* litigation veteran who seems to relish coming to court to articulate provocative positions and to take issue with the retained professionals"); *In re Silicon Graphics, Inc.*, Case No. 06-10977 (Bankr. S.D.N.Y. 2007) (Mem. Decision Denying Mot. of William Kuntz For An Order Reinstating His Proof of Claim, at p. 6) (Kuntz's "extensive legal experience, unlike many other pro se litigants, invokes little sympathy from this Court") (attached hereto as <u>Exhibit D</u>); *In re Commercial Financial Services, Inc.*, 238 B.R. 479, 484 n. 7 (Bankr. N.D. Okla. 1999) (listing numerous lawsuits Mr. Kuntz actively participated in).

Accordingly, and for the reasons otherwise set forth herein, the GUC Trust requests entry of an order expunging each of the Kuntz Claims and requiring Mr. Kuntz to pay any further costs incurred by the GUC Trust in connection with any matters before this Court related to the Kuntz Claims.

Dated: New York, New York
October 25, 2011

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
In re                                                          :    Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                               :
               Debtors.        :    (Jointly Administered)
                                                               :
----------------------------------------------------------------x

## ORDER GRANTING 248TH OMNIBUS OBJECTION
## AS TO CLAIM NUMBERS 1092, 1093 and 1398 FILED BY WILLIAM KUNTZ III

Upon the 248th omnibus objection to expunge certain claims, dated September 23, 2011 (the "**Omnibus Objection**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging Claim Numbers 1092, 1093 and 1398 (the "collectively, the Kuntz Claims"), on the grounds that such claims fail to provide sufficient documentation to ascertain the validity of the claims, all as more fully described in the Omnibus Objection; and due and proper notice of the Omnibus Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the

relief sought in the Omnibus Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Omnibus Objection establish just cause for the relief granted herein; and after consideration of the response of Mr. Kuntz to the Omnibus Objection (ECF No. 11064) and the GUC Trust's reply thereto, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Omnibus Objection is granted as to each of the Kuntz Claims; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Kuntz Claims are each disallowed and expunged; and it is further

ORDERED that, Mr. Kuntz shall pay any further costs incurred by the GUC Trust in connection with any matters before this Court related to the Kuntz Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge