# EXHIBIT D

09-50026-mg Doc 11074-4 Filed 10/25/11 Entered 10/25/11 16:51:19 Exhibit D
Pg 1 of 7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

SILICON GRAPHICS, INC. et al.,

Ch.11 Case No. 06-10977 (BRL)
(Jointly Administered)

                       Debtors.
------------------------------------------------------------x

## MEMORANDUM DECISION DENYING MOTION OF WILLIAM KUNTZ III FOR AN ORDER REINSTATING HIS PROOF OF CLAIM

Before the Court is the motion of William Kuntz III, dated May 30, 2007 (the "Motion"), for an order reinstating a proof of claim that was expunged pursuant to an order of this Court dated January 9, 2007. On June 14, 2007 Mr. Kuntz mailed a request to chambers that the Motion be heard on submission. Silicon Graphics, Inc. and its direct and indirect subsidiaries in the chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" or "SGI") filed a timely objection to the Motion dated June 15, 2007. Chambers attempted to contact Mr. Kuntz on June 18, 2007 using the phone number listed on his pleadings and left a voicemail relating to his request for a decision on submissions. On June 19, 2007, chambers left a message for Mr. Kuntz with an individual at the phone number indicating that because the Court did not hear back from Mr. Kuntz, that he wanted the matter considered on submission, the hearing would be held on June 20, 2007 as originally scheduled. The individual on the phone indicated that she was familiar with Mr. Kuntz. Mr. Kuntz did not appear at the hearing.

On May 8, 2006, SGI filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). On September 15, 2006, SGI filed their First Amended Plan of Reorganization, dated July 27, 2006. Mr. Kuntz appeared in this Court in

1

opposition to the plan. On September 19, 2006, this Court entered an order confirming the plan (the "Confirmation Order") and on October 17, 2006, the effective date occurred and SGI emerged from chapter 11. All opposition to the plan was overruled on the record and in the Confirmation Order. See ECF Docket # 632. After the time to appeal the Confirmation Order had passed, Mr. Kuntz filed a motion for an order extending his time to appeal the Confirmation Order. The Court issued an order denying the motion to extend time pursuant to the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") Rule 8002(c) on October 10, 2006.

**The Fourth Omnibus Objection to Claims**

On August 2, 2006, Mr. Kuntz filed a proof of claim in the Debtors cases for $892,000. On December 4, 2006, the Debtors filed the Fourth Omnibus Objection to Claims (the "Fourth Omnibus Objection"). According to the Debtors' affidavit of service, the notice of hearing for the Fourth Omnibus Objection was mailed to Mr. Kuntz in December of 2006. See ECF Docket # 767. Mr. Kuntz never objected to the Fourth Omnibus Objection, did not appear at the hearing on January 9, 2007, and did not appeal the order, now a final order, expunging his claim.[1] The current Motion was not filed until May 30, 2007.

Mr. Kuntz appears *pro se*, but clearly has extensive legal experience.[2] He comes before this Court asking, without any supporting legal authority, that his claim be reinstated. The Motion merely states that the attorneys in this case were aware of his interest in the future

---

[1] The Debtors assert that Mr. Kuntz's only relationship with SGI is as a shareholder, and pursuant to the Confirmation Order, all equity in the company was extinguished. While the Court is not, and need not rule on the merits of Mr. Kuntz's proof of claim, he does not now assert any basis regarding the merits of his proof of claim, nor was there a description of the basis for the $892,000 contained in the filed claim.

[2] The District Court in the Southern District of New York has outlined Mr. Kuntz's participation in hundreds of judicial proceedings all over the country in both the federal and state systems at both the trial court and appellate levels, including numerous appearances in bankruptcy proceedings. See *Kuntz v. Pardo*, 160 B.R. 35, 39 (SDNY 1193). Mr. Kuntz has filed pleadings in this case. See ECF Docket # 540, 667 and 872.

2

of his proof of claim, were aware that he would be out of the country in the winter, and that Mr. Kuntz kept in contact and was expecting an objection to his proof of claim, but that he was not informed of the order expunging his claim until February 8, 2007. Mr. Kuntz does not contest the Debtors' assertion that the Affidavit of Service for the Notice of the Fourth Omnibus Objection clearly illustrates that the notice was mailed to Mr. Kuntz at the address he provided on the proof of claim he filed in these cases. Mr. Kuntz continues to use that address on pleadings filed in these cases. Mr. Kuntz has not overcome the presumption that the notice was received. *See In re R.H. Macy & Co.*, 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993).

## Discussion

Although Mr. Kuntz cited no legal authority in the Motion, the Court will treat Mr. Kuntz's request as one for relief from an order of the Court under Rule 60(b). A party's ability to seek relief from a court order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is in many ways the functional equivalent of a party's rights under section 502(j) of the Bankruptcy Code. *See EDP Medical Computer Systems, Inc. v. U.S.* 2007 WL 706925, *3 (2nd Cir. March 9, 2007). Rule 60(b) provides a procedure for asking a court to relieve parties from the operation of judgments that, *inter alia,* are undermined by newly available evidence, have been previously satisfied, or result from mistake, fraud, or misconduct. *See* FED.R.CIV.P. 60(b); *Cody, Inc. v. Town of Woodbury* 179 F.3d 52, 56 (2d Cir. 1999). A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances. *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001). Rule 60(b) should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened. *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986). The burden is on the moving party to demonstrate the basis

3

for relief. *In re Crozier Bros., Inc,* 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986). In addition, the moving party may not advance new facts, issues or arguments not previously presented to the court. *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998). Having failed once to make out a prima facie case however, a party "may not relitigate old matters or present its case under a different theory and get yet another bite at the apple." *In re Crozier Bros., Inc.,* 60 B.R. at 689. Mr. Kuntz's motion fails to demonstrate any manifest errors or injustice, newly discovered evidence, change in controlling law or excusable neglect, and thus states no grounds for the relief under Rule 60(b).

Although Mr. Kuntz did not file an appeal of the order approving the Debtors' Fourth Omnibus Objection, the Court finds that if the Motion is meant as an attempt to appeal that order, it too would be an unsuccessful attempt. Rule 8001 of the Bankruptcy Rules requires that an appeal of any judgment, order or decree of the bankruptcy court "be taken by filing a notice of appeal with the clerk *within the time allowed* by Rule 8002." FED.R.BANKR.P. 8001(a) (emphasis added). Generally, Rule 8002 requires that a party file a notice of appeal within ten days of the "date of the entry of the judgment, order, or decree appealed from." FED.R.BANKR.P. 8002(a); *In re The Bennett Funding Group, Inc.* 439 F.3d 155, 159 -160 (2d Cir. 2006). A request for an extension of time to file a notice of appeal should be made by written motion within the original 10 day filing period. *See* Bankruptcy Rule 8002(c). A court may consider a motion to extend the time to file if the motion is made, "before the time for filing a notice of appeal has expired," except that if a motion is filed within 20 days after the time to file a notice of appeal has expired, the motion to extend time to file may be granted upon a showing of excusable neglect. FED.R.BANKR.P. 8002(c)(2). The burden of proving excusable neglect lies with the claimant filing late. *Midland Cogeneration Venture Limited Partnership v. Enron Corp.*

4

(*In re Enron Corp.*), 419 F.3d 115, 121 (2d Cir. 2005).[3] The Second Circuit takes a "hard line" relating to excusable neglect. *Silivanch v. Celebrity Cruises*, 333 F.3d 355 (2d Cir. 2003). The order approving the Fourth Omnibus Objection was entered January 9, 2007. This Motion was filed neither within the ten day period to appeal nor within the additional twenty day period if excusable neglect is shown.

Bankruptcy Rule 9022(a) provides: "Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Consistent therewith, it is clear that while notice is often provided for the convenience of the litigants, lack of notice of the entry of the order appealed from does not affect the time to appeal. *See Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 311 (S.D.N.Y. 1987) (citing FED.R.BANKR.P. 9022); *see also Hirsch v. London S.S. Owners' Mut. Ins. Ass'n (In re Seatrain Lines)*, 184 B.R. 660, 662 (Bankr. S.D.N.Y. 1995). Accordingly, to ensure timely appeal, a party must monitor the docket for the entry of an order it wishes to appeal. *See Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.)*, 896 F.2d 1189, 1193 (9th Cir. 1990) (the individual involved in that case was David Kuntz, not the current litigant). As a party has this independent duty, "a third party's failure to inform a party of entry of final judgment is not grounds for excusable neglect." *See In re Hess*, 209 B.R. at 82 (citation omitted); *In re Seatrain Lines, Inc.*, 184 B.R. at 662 (rejecting party's argument that the trustee's failure to send party notice of an order constituted excusable neglect). Mr. Kuntz did not provide the Court with a reason for not appealing the order expunging the claim, other than his claim

---

[3] The United States Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates L.P.*, 507 U.S. 380 (1993) set forth a four factor test for determining whether excusable neglect has been established. The factors include (i) the length of the delay; (ii) the danger of prejudice; (iii) the movant's good faith; and (iv) the reason for the late filing, including a consideration of whether the circumstances were beyond the control of the late filer. *Id.* at 395.

5

that he was unaware of its entry. Mr. Kuntz asserts in his affidavit supporting the Motion, however, that he was monitoring the cases.

Given Mr. Kuntz's extensive legal experience, unlike many other pro se litigants, invokes little sympathy from this Court relating to his failure to timely appeal the order approving the Fourth Omnibus Objection. *See Kuntz v. Pardo*, 160 B.R. 35, 39 (S.D.N.Y. 1993). The Motion is denied.

The Debtors requested that the Court consider limiting Mr. Kuntz's ability to file future pleadings in these cases unless he has obtained prior leave of the Court. While courts are free to put in place restrictions similar to this, and in fact, courts have done so in the past with respect to Mr. Kuntz, his actions in this case, at this juncture, are not so egregious that such a limitation is appropriate. However, should Mr. Kuntz file further frivolous or meritless pleadings in this case[4], consideration will be given to the placement of the form of restrictions requested by the Debtors.

SUBMIT AN ORDER CONSISTENT WITH THE FOLLOWING.

Dated: June 20, 2007　　　　　　　　　　/s/ Hon. Burton R. Lifland
New York, New York　　　　　　　　　United States Bankruptcy Judge

---

[4] Mr. Kuntz provided as an exhibit to the Motion, a communication to the attorneys for SGI after he apparently learned that the claim was expunged. He offered to discuss settlement in the form of reinstatement of his claim, so as "to spare the court a motion to reinstate same, and any appeal therefrom." Motion, Exhibit 11.

6