**PRESENTMENT DATE AND TIME: NOVEMBER 10, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: NOVEMBER 10, 2011 at 11:30 a.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                              Debtors.                      :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF PROPOSED ORDER GRANTING DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBERS 1092, 1093 and 1398 FILED BY <u>WILLIAM KUNTZ III</u>

PLEASE TAKE NOTICE that the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, will present the attached Order Granting the GUC Trusts' Objection to Proof of Claim numbers 1092, 1093 and 1398 filed by William Kuntz III (the "**Proposed Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for signature on **November 10, 2011 at 12:00 noon (Eastern).**

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Proposed Order must be made in writing and received (i) in the Bankruptcy Judge's chambers at the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 and (ii) by Dickstein Shapiro LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York 10019 (Attn: Stefanie Birbrower Greer, Esq., and Barry N. Seidel, Esq.), not later than **November 10, 2011 at 11:30 a.m. (Eastern).** Unless objections are received by that time, the GUC Trust may submit the Proposed Order to the Bankruptcy Court, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
October 31, 2011

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                    Debtors.                                :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER GRANTING 248TH OMNIBUS OBJECTION
### AS TO CLAIM NUMBERS 1092, 1093 and 1398 FILED BY WILLIAM KUNTZ III

Upon the 248th omnibus objection dated September 23, 2011 (the "**Objection**")[1] to Proof of Claim Numbers 1092, 1093 and 1398 filed by William Kuntz III (collectively, the "**Kuntz Claims**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claims and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (ECF No. 4079), seeking entry of an order disallowing and expunging Claim Numbers 1092, 1093 and 1398 on the grounds that such claims fail to provide sufficient documentation to ascertain the validity of the claims, all as more fully described in the Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Objection; and due and proper notice of the Omnibus Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having considered William Kunt III's responses to the Objection (ECF Nos. 11064 and 11084); and the Court at the hearing on the Omnibus Objection on October 28, 2011 (the "**Hearing**") having found and determined that the relief sought in the Omnibus Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Omnibus Objection establish just cause for the relief granted herein; and upon the record, including the findings of fact and conclusions of law set forth by this Court at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Omnibus Objection is granted as provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Kuntz Claims are each disallowed and expunged; and it is further

ORDERED that the time to appeal runs from the date this order is entered; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge