**HEARING DATE AND TIME: November 22, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                 :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :   **09-50026 (REG)**
      f/k/a General Motors Corp., *et al.*  :
                                                            :
                            Debtors.     :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S OMNIBUS
REPLY TO RESPONSES TO 119TH, 121ST, 122ND, 126TH, 135TH, 137TH,
140TH, 143RD, 203RD, AND 213TH OMNIBUS OBJECTIONS TO CLAIMS**
(Bondholder Claims)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

　　　　　The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time, the "**Plan**"), respectfully represents:

**Background**

　　　　　1.　　Prior to the commencement of these chapter 11 cases on June 1, 2009 (the

"**Commencement Date**"), the Debtors had issued (i) 24 tranches of debentures (the

US_ACTIVE:\43853060\02\72240.0639

"**Wilmington Trust Bond Debt Claims**") of which approximately $22.86 billion in principal amount remained outstanding as of the Commencement Date, (ii) two series of notes under a fiscal and paying agency agreement (the "**Eurobond Deutsche Debt Claims**") of which approximately $3.51 billion in principal amount remained outstanding as of the Commencement Date, and (iii) seven series of industrial revenue bonds (the "**IRB Debt Claims**," and together with the Wilmington Trust Bond Debt Claims and the Eurobond Deutsche Debt Claims, the "**Debt Claims**," and the individual holders of the Debt Claims, the "**Individual Bondholders**").

2.  The Debtors' Plan provides in Section 4.3(e), with respect to the Wilmington Trust Bond Debt Claims and the IRB Debt Claims, and in Section 4.3(f), with respect to the Eurobond Deutsche Debt Claims, for the allowance of aggregate amounts for such claims, which account for all accrued and unpaid interest as of the Commencement Date. As a result, whether or not an Individual Bondholder filed a proof of claim, they would receive a distribution to the extent they were holders as of the record date under the Plan. Furthermore, Sections 4.3(e) and 4.3(f) of the Plan provide that the aggregate amounts set forth in the Plan "override and supersede any individual Claims filed by Registered Holders or beneficial owners of debt securities . . ."

3.  Between December 21, 2010 and February 24, 2011, the Debtors filed objections to the individual Debt Claims asserted in these cases pursuant to the 119th, 121st, 122nd, 126th, 135th, 137th, 140th, 143rd, 203rd, 213th, and 216th Omnibus Objections to Claims (collectively, the "**Omnibus Objections**"),[1] on the grounds that the individual Debt Claims are either duplicative of a global proof of claim filed by the applicable indenture trustee

---

[1] While certain of the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

or that the Plan already provides for the allowance of the Debt Claims on an aggregate basis, all as more fully explained in the Omnibus Objections.

4. Periodically thereafter, the Debtors received responses (collectively, the "**Responses**") to the Omnibus Objections from the following Individual Bondholders: Johann Conrad Von Waldthausen (ECF No. 8813), Nicholas Martin (informal), Arthur Staple (ECF No. 8754), James E. Lockhart (ECF No. 8818), Andreus Hesse (informal), Gerhard Vogt (ECF Nos. 8939, 10320), Liborio Di Salvo (ECF Nos. 9084, 9551, 10087, 10196, 10428, 10853, 11037), Schwake Paul (ECF No. 9083), Alma G Haller (ECF No. 9292), and Cecil A Benjamin (ECF No. 9623) (collectively, the "**Responding Parties**").[2]

5. Distributions to Individual Bondholders began shortly after confirmation of the Plan and are ongoing.

**Reply**

6. Because of Sections 4.3(e) and (f) of the Plan, upon the occurrence of the effective date of the Plan, each of the individual Debt Claims became unenforceable as individual claims. As such, as a practical matter, the Debt Claims have already been disallowed under the terms of the Plan. Since distributions with respect to the Debt Claims are ongoing, it is likely that many of the Responding Parties have already received first distribution on account of the Debt Claims since filing their Response to the Omnibus Objection. Because distributions to beneficial bondholders are made by intermediaries, however, the GUC Trust is unable to confirm that the Responding Parties actually were holders of record and received distributions.

7. Several of the Responding Parties provide in their respective Response that they were unaware that their individual Debt Claim was duplicative of a global proof of

---

[2] A summary of the Responses to the Omnibus Objections is annexed hereto as **Exhibit "A."**

claim filed by the applicable indenture trustee.[3] Given the large number of Individual Bondholders, it is not surprising that certain Individual Bondholders would be unaware that an indenture trustee was representing their interests. Nevertheless, the issue is now moot as an aggregate amount for the Debt Claims has been fixed and allowed and individual Debt Claims are unenforceable under the Plan.

8. One of the claimants, Gerhard Vogt,[4] opposes the disallowance of his Debt Claim, despite already receiving his distribution, because he wanted his distribution to be comprised entirely of stock in General Motors Company ("**New GM**"), whereas, pursuant to the Plan, Mr. Vogt was provided with both stock and warrants in New GM. However, to the extent it should have been raised at all, Mr. Vogt's contention should have been made in connection with the confirmation of the Plan. As Mr. Vogt's concern relates to the form of distributions rather than the allowance of his Debt Claim, it is not properly asserted here and the time to do so has passed.

9. The remaining Responding Parties, while expressing a desire to oppose the Omnibus Objection, do not articulate a basis as to why the Omnibus Objections should not be

---

[3] The Response of Alma G. Haller states: "To my knowledge, no one else has filed a claim for these [individual Debt Claims] and I don't know why they are included in 'Duplicate Dept [sic] Claims'." (ECF No. 9292)

The Response of Cecil A. Benjamin states: "I received a notice from [the Debtors] Alleging [sic] a duplication of my bond by the Wilmington Trust Company. This claim is false and erroneous because the bond is registered in my name." (ECF No. 9623)

The Response of James E. Lockhart states: "There should be no other duplicative claim and, therefore, any other duplicate claim should be disallowed and expunged." (ECF No. 8818)

[4] Mr. Vogt's proof of claim number is 65396, and his Response was filed at ECF Nos. 8939 and 10320. An English translation of Mr. Vogt's Response, which was written in German, is annexed hereto as **Exhibit "B."**

granted. In light of the provisions of the Debtors' confirmed Plan that provides that the individual Debt Claims are unenforceable, these claims should also be disallowed.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested in the Omnibus Objections with respect to the Debt Claims filed by the Responding Parties and such other and further relief as is just.

Dated: New York, New York
November 11, 2011

/s/ Joseph H, Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

# Exhibit A
## Summary of Responses

US_ACTIVE:\43853060\02\72240.0639

**Summary of Responses**

| Omnibus Objection | Claimant | Claim No. | ECF No. of Response | Summary of Claimant's Response |
|---|---|---|---|---|
| 119 | JOHANN CONRAD VON WALDTHAUSEN | 33284 | 8813 | Basis of Response is unclear. |
| 121 | NICHOLAS MARTIN | 3915 | Informal | Specific basis not articulated in pleading. |
| 122 | ARTHUR STAPLE | 4366 | 8754 | Notes that claimant was unable to attend hearing due to medical problems and that the Court should send proceeds to claimant if it finds the claim is valid.[1] |
| 126 | JAMES E LOCKHART | 14416 | 8818 | Claimant states that he filed only one claim and any other duplicate claim should be disallowed. |
| 135 | ANDREUS HESSE | 27061 | Informal | Specific basis not articulated in pleading. |
| 137 | GERHARD VOGT | 65396 | 8939, 10320[2] | Claimant objects to receiving, as distribution on account of his claim, warrants in New GM in addition to stock in New GM. Claimant requests that his distribution exclusively consist of stock in New GM. |
| 140 | LIBORIO DI SALVO | 63622 | 9084, 9551, 10087, 10196, 10428, 10853, 11307. | Basis of Response is unclear. In his first filed response, ECF No. 9084, which was filed prior to confirmation of the Plan, the claimant appeared to allege that no mechanism was in place to make distributions to individual bondholders. |
| 143 | SCHWAKE PAUL | 63070 | 9083 | Basis of Response is unclear. |

---

[1] Through a conversation with Mr. Arthur Staple, as well as a conversation with his broker, which was authorized by Mr. Staple, it was revealed that Mr. Staple had in any event sold his debt securities prior to the commencement of these cases.

[2] An English translation of Mr. Vogt's Response, which was written in German, is annexed hereto as **Exhibit "B."**

| Omnibus Objection | Claimant | Claim No. | ECF No. of Response | Summary of Claimant's Response |
|---|---|---|---|---|
| 203 | PAUL J AND ALMA G HALLER TTEE | 19729 | 9292 | Claimant is unaware that another party filed a global proof of claim on her behalf. |
| 213 | CECIL A BENJAMIN | 70938 | 9623 | Claimant does not believe a duplicate claim was filed by the Wilmington Trust Company. |

# Exhibit A

**English Translation of Vogt Response**

US_ACTIVE:\43853060\02\72240.0639

< Letterhead of Gerhard Vogt >

The Honorable Robert E. Gerber                                      January 18, 2011
US Bankruptcy Court, Room 621
One Bowling Green
New York 10004-1408

**In re
MOTORS LIQUIDATION COMPANY, et al.,
F/k/a General Motors Corp., et al. - Debtors 137th - ECF no. 8015
Chapter 11 case no. 09-50026 (Reg) - Claim #65396 unsecured**

Dear Judge Gerber:
Ladies and Gentlemen:

Thank you for informing me that the debtor ("MLC") intends to reject the claims asserted by me.

In November 2009, my bank (HypoVereinsbank/UniCreditBank AG, Stuttgart) informed me that GM had filed a bankruptcy petition under Chapter 11. I filed my claim as creditor of an amount of EUR 25,000, 7.25% MLC securities, identification no. 894450, ISIN: XS0171942757 **directly with you** using the form "Proof of Claim" on November 20, 2009. Such claim amount including interest as per June 1, 2009 totaled an amount of **USD 37,627.00**, applying an exchange rate of EUR/USD 1.412 (Annex).

I hereby confirm in lieu of an oath that I have filed my claim neither with my bank nor with Deutsche Bank AG, Banque Generale du Luxembourg or any other bank. Thus, I did not become registered as creditor of MLC with **any** bank within the period for the filing of the claim in 2009. If I had registered the MLC bond with the bank, my claim as a creditor would be documented in the register **TC 3692**. In addition, the securities would have been blocked, which could be gathered from the attached securities deposit account statements 2009+2010. Therefore, I request that the objection/protest of the debtor be rejected.

Sincerely yours,

[*signature*]                                                      3 Enclosures

With copies to:
Weil, Gotshal & Manges LLP, New York 10153, Attn. Joseph H. Smolinsky
Kramer Levin Naftalis & Frankel LLP, New York 10036, Attn. Lauren Macksound

< Letterhead of Gerhard Vogt >

The Honorable Robert E. Gerber  May 12, 2011
US Bankruptcy Judge, Room 621
US Bankruptcy Court for the Southern District of New York
One Bowling Green
New York 10004

**Motors Liquidation Company**
**General Motors Corp.**
**Chapter 11 case no. 09-50026 (Reg) - Claim #65396**

Dear Judge Gerber:

I received your last letter dated May 3, 2011 on May 10, 2011.

In the meantime, I have received the following letters:

1. Weil, Gotshal & Manges LLP, Munich (Germany), of April 6, 2011. Subsequent inquiries by telephone with Mr. Stappmanns (WGM Munich). Following Mr. Stappmanns' consultation with WGM New York, I was guaranteed that my claim would exclusively be converted into "GM-NEW" stock. I then sent a fax to WGM Munich on April 25, 2011 with the restriction: conversion into "GM-NEW" stock and alternatively sale of my "GM-OLD" securities (price approximately EUR 23).

   The guarantee of the conversion exclusively into stock is false. In addition, a guaranteed alternative sale of the "GM-OLD" securities is false as the trade with such securities had already been terminated as per **April 21, 2011**. An obvious deceit of the creditors through Weil, Gotshal & Manges Munich and New York is given in this case. Thus, I filed a notice of revocation on May 3, 2011.

2. HypoVereinsbank, Stuttgart, of April 27, 2011. According to this letter, GM resolved a reorganization on **April 21, 2011**. My claim in the amount of EUR 25,000.00 (**correctly** plus interest as per June 1, 2009: **EUR 26,648.00**) was exchanged although a court hearing was scheduled with you, Judge Gerber, on **April 26, 2011**. This date was postponed to **May 17, 2011** with your letter dated May 3, 2011. I expressly objected to the mandatory exchange orally on April 29, 2011 and in writing on May 3, 2011.

>To date, there is no restructuring plan available to me which has been confirmed by the court.

I request that you, Judge Gerber, take these statements into consideration in the court hearing.

Sincerely yours,
[*signature*]

Enclosures:
copies of
Proof of Claim of November 20, 2009
letter by WGM Munich of April 6, 2011 and response thereto by fax of April 25, 2011
letter to WGM of May 3, 2011
letter by HypoVereinsbank of April 27, 2011
letter to HypoVereinsbank of May 3, 2011
letter by HypoVereinsbank of May 2, 2011

4

[*Proof of Claim form*]

5

< Letterhead of Weil, Gotshal & Manges LLP, Munich >

April 6, 2011

Gerhard Vogt
Schlüsselwiesen 16
70186 Stuttgart

**Chapter 11 proceedings of General Motors (Motors Liquidation Company)**

Dear Mr. Vogt:

You filed a claim (no. 65396) in the Chapter 11 proceedings with regard to the assets of Motor Liquidation Company ("**Old GM**"). Old GM has filed an objection against your claim (and all other Eurobond claims filed) which you objected to.

The objection of Old GM does not aim at contesting your claim on the merits or in terms of amount. Old GM objected to the claim only due to procedural requirements to be able to simplify the distribution proceedings.

In further detail:

Due to the large number of Eurobond investors, Old GM wants to organize the distribution proceedings as simple and unbureaucratic as possible. Therefore, it was agreed in the Debtors' Amended Joint Chapter 11 Plan of General Motors ("**Debtors' Amended Joint Chapter 11 Plan**") that Eurobond investors were to receive stock and/or warrants for their Eurobond shares in the new General Motors Company ("**New GM**"). This conversion is intended to be effected automatically, using the systems of Euroclear Bank or another clearing agency. Following the conversion of the shares, your depositary bank will notify you that Eurobond shares have been booked out of your securities deposit account and that stock and/or warrants in New GM have been booked into such account in accordance with the Debtors' Amended Joint Chapter 11 Plan.

In order to implement the automatic conversion without individual creditors receiving double distributions, it was necessary to object to your filed claim, as otherwise each claim of a Eurobond investor would have to be treated separately, thus significantly delaying the distribution proceedings.

You will not incur any additional costs due to the objection of Old GM and the value of the distribution you will receive will be the same as if your claim had been treated separately.

6

If you agree to the automatic conversion, please confirm your consent by phone or sign this page where indicated below and return this letter to me via fax, e-mail or regular mail.

Please do not hesitate to contact me if you have any further questions.

Sincerely yours,

[*signature*]
Markus Stappmanns

I agree to the automatic conversion [handwritten insertion: *into New GM stock if I succeed in possibly selling my "Old GM" securities otherwise until such point in time!*]

[*signature*]
- Gerhard Vogt -

Fax April 25, 2011

7

[handwritten comment: *via fax in advance*!]

< Letterhead of Gerhard Vogt >

May 3, 2011

Weil, Gotshal & Manges LLP
Attn. Mr. Stappmanns
Maximilianstr. 13
80539 Munich

**Letter from my depositary bank dated April 27, 2011 (HypoVereinsbank)**
**Mandatory exchange due to reorganization (GM)**
**Our telephone conversation dated April 29, 2011**
**Revocation of my declaration of consent dated April 25, 2011**

I hereby revoke my declaration of consent dated April 25, 2011 made to you. This consent only referred to the conversion of my claims into "New GM" stock.

I also expressly object to the mandatory exchange due to reorganization.

Furthermore, you provided incorrect information to me.

Following my requests, you spoke with your New York office and informed me that my claims would be converted exclusively into "New GM" stock.

This is obviously not the case.

Kind regards,
[*signature*]

8

< Letterhead of HypoVereinsbank, Stuttgart >

Stuttgart, April 27, 2011

Gerhard Vogt
Schlüsselwiesen 16
70186 Stuttgart

**Mandatory exchange due to reorganization**
**7.25% Motors Liquidation Co.     894450**
**Securities deposit account: [Redacted] / Vogt Gerhard**
**Balance: EUR -25,000.000- EO notes 2003(13) July 3, 2013**

Dear Mr. Vogt:

As per the ex-date April 21, 2011, the company resolved a reorganization in the proportion 1000 : 5.740779 in General Motors stock, in the proportion of 1000 : 5.21889 in warrants July 10, 2016 of General Motors and in the proportion of 1000 : 5.21889 in warrants July 10, 2019 of General Motors.

Thus, we will book the existing securities out of your account and in return book the following into your account:

**-143.519 General Motors stock German securities ID no. -A1C9CM-**

**according to type of custody 43/680 (securities credit/Luxembourg) and**

**-130.472- General Motors warrants July 10, 2016 German securities ID no. -A1KYEG-**

**according to type of custody 43/680 (securities credit/Luxembourg) and**

**-130.472- General Motors warrants July 10, 2019 German securities ID no. -A1KYEH-**

**according to type of custody 43/680 (securities credit/Luxembourg).**

Any fractions will be settled by us.

As the above reorganization concerns the first allocation of stock and warrants, we will enter a memorandum entry in the amount of your above bond inventory in your account following receipt. Any possible future allocations will be effected on such memorandum entry.

9

[handwritten comment: *via fax in advance*!]

< Letterhead of Gerhard Vogt >

May 3, 2011

HypoVereinsbank
Attn. Mr. Bauer
Kronprinzstr. 20
70173 Stuttgart

**Your letter dated April 27, 2011         -         Objection**
**Telephone conversation dated April 29, 2011**

I hereby expressly file another objection in writing to the mandatory exchange due to reorganization.

Mr. Stappmanns (Weil, Gotshal & Manges LLP, Munich) only has a declaration of consent signed by me regarding the conversion of my claims into "New GM" stock! At that time, he discussed this exchange issue with WGM New York and informed me that such conversion would be effected in stock.

There was no talk of warrants.

Kind regards,
[*signature*]

10

< Letterhead of HypoVereinsbank, Stuttgart >

Stuttgart, May 2, 2011

Gerhard Vogt
Schlüsselwiesen 16
70186 Stuttgart

**Supplement to our letter dated April 27, 2011!**
**7.25% Motors Liquidation Co.    894450**
**Securities deposit account: [Redacted] / Vogt Gerhard**
**Balance: EUR -25,000.000- EO notes 2003(13) July 3, 2013**

Dear Mr. Vogt:

We informed you by letter set out above that we will enter a memorandum entry for possible future allocations in your account following receipt.

We were now informed by our foreign securities depositary agency that no memorandum entry will be entered for the above bond. It is currently not yet clear how possible future allocations will be handled.

This letter is for your information.

Sincerely yours,

UniCredit Bank AG

This letter is not signed.

11