HEARING DATE AND TIME: December 20, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: December 13, 2011 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :     Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :     09-50026 (REG)
      f/k/a General Motors Corp., *et al.*                   :
                                                             :
                                   Debtors.                  :     (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### NOTICE OF OBJECTION TO CLAIM NUMBERS 70860 and 70869 FILED BY TRACY WOODY AND MOTION REQUESTING ENFORCEMENT OF COURT ORDERS SETTING DEADLINES TO FILE PROOFS OF CLAIM

**PLEASE TAKE NOTICE** that, on November 17, 2011, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to proofs of claim numbered 70860 and 70869 filed by Tracy Woody and motion requesting enforcement of court orders setting deadlines to file proofs of claim (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **December 20, 2011, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **December 13, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

3

to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
November 17, 2011

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**HEARING DATE AND TIME: December 20, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: December 13, 2011 at 4:00 p.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                                    Debtors.                :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**OBJECTION TO CLAIM NUMBERS 70860 and 70869**
**FILED BY TRACY WOODY AND MOTION REQUESTING ENFORCEMENT**
**OF COURT ORDERS SETTING DEADLINES TO FILE PROOFS OF CLAIM**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), objects to proofs of claim numbered 70860 and 70869 filed by Tracy Woody (collectively the "**Supplemental Claims**") on the basis that such claims were received after the February 7, 2011 deadline set forth in this Court's Order Denying the Motion of Tracy Woody for Relief from Stay and

Granting Supplemental Relief (the "**Stay Order**"). In support of this motion and objection, the GUC Trust respectfully represents:

## INTRODUCTION

1. In October 2010, Tracy Woody, a *pro-se* claimant, filed two proofs of claim in the amount of $33,687.36 (Claim Nos. 70490 and 70481, collectively, the "**Original Claims**," and together with the Supplemental Claims, the "**Claims**") against Motors Liquidation Company, seeking recovery of the property value of an allegedly defective vehicle and certain additional costs (the "**Vehicle**"). The Original Claims were filed over one year after the November 30, 2009 deadline set by the Court (the **"Bar Date"**) for the filing of prepetition claims against the Debtors.

2. In October 2010, Ms. Woody filed a motion with the Court seeking relief from the automatic stay (the "**Stay Motion**") to pursue a lawsuit against "General Motors Company/Chevrolet Division of GM/General Motors Corp." in the General Court of Justice for Wake County, North Carolina (the "**Lawsuit**").[1] The Lawsuit includes claims for, among other things, violations of the Magnuson-Moss Warranty Act and the Truth and Lending Act. After a hearing on the Stay Motion, the Court entered the Stay Order, denying Ms. Woody relief from the stay and establishing February 7, 2011 as the deadline for Ms. Woody to file proofs of claim against the Debtors. (The Stay Order is attached hereto as **Exhibit A**.)

3. On February 10, 2011 and February 11, 2011 (after the deadline set forth in the Stay Order) Ms. Woody filed proofs of claim numbered 70860 and 70869, respectively, asserting secured and unsecured claims in the amount of $39,376.02 arising from various losses

---

[1] Ms. Woody has also filed other pleadings in the Debtors' cases, including an "Objection to Debtor's [Motion] for Entry of an Order Establishing Claims Reserves in Connection with Distributions to be Made Under the Debtors' Amended Joint Chapter 11 Plan with Respect to, Among Other Things, Certain Unliquidated Claims." (Feb. 22, 2011).

6

related to the Vehicle, including "legal expenses" related to the Lawsuit. Ms. Woody checked the box on each of the proofs of claim indicating that the Supplemental Claims amend the previously filed Original Claims.

4. On August 24, 2011, the GUC Trust filed its 243rd Omnibus Objection to Claims, which included an objection to the Original Claims on the basis that such claims were not timely filed (the "**Original Objection**"). Ms. Woody filed her response to the Original Objection, which included, among other things, various baseless allegations against the Debtors and a wholly unsubstantiated request for sanctions against two attorneys at Dickstein Shapiro LLP, counsel to the GUC Trust (the "**Woody Response**"). The source of Ms. Woody's distress appears to be her (mis)understanding that the Court "has already allowed the proof of claim." *Woody Response*, ¶2; *But see December 2, 2010 Transcript*, at p. 54 (providing Ms. Woody additional time to file claims "without prejudice to the rights of Old GM or its creditor's committee to object to the proof of claim if one is filed"); *Stay Order* (noting deadline is "without prejudice to any other party's rights to be heard as to the allowance of that claim").[2]

5. Though the GUC Trust believes the Claims are untimely and that neither the Claims nor the allegations in the Woody Response have any substantive merit, the GUC Trust has made various settlement offers to Ms. Woody – both in connection with the Stay Motion and the Original Objection. The GUC Trust's efforts to settle the Claims reflect the need to be judicious in the use of the GUC Trust's limited resources and the *de minimis* value of the Claims. Most recently, the GUC Trust proposed to Ms. Woody, by letter dated October 18, 2011, that she accept an allowed unsecured claim in a fixed amount, in full and final settlement of the Claims. The Settlement Letter set November 11, 2011 as a deadline for the claimant to

---

[2] In accordance with the Case Management Order, the GUC Trust will be filing a separate reply to the Woody Response at least three days prior to the scheduled hearing.

respond to such offer.  Ignoring the Court's suggestion at the hearing on the Stay Motion, Ms. Woody did not respond to the Settlement Letter.  *See December 2, 2010 Hearing Transcript*, at p. 54 ("I would encourage you, Ms. Woody, considering how little a claim may be worth, to seriously consider any settlement offer that GM might offer you.").  (The relevant portion of the December 2, 2010 Hearing Transcript is attached hereto as **Exhibit B.**)  Counsel not been able to reach Ms. Woody by phone, as the number provided in her proofs of claim has been disconnected.  Given that efforts to resolve the Claims have proved fruitless, the GUC Trust has no choice but to pursue both the Original Objection and this Objection.

## RELIEF REQUESTED

6.      By this Objection, the GUC Trust seeks entry of an order enforcing the deadline for Ms. Woody to file claims against the Debtors, as set forth in the Stay Order, pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and seeking entry of an order disallowing and expunging the Supplemental Claims.  Additionally, the GUC Trust requests that this Objection be heard by the Court together with the Original Objection.

## JURISDICTION

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## THE CLAIMS

8.      On October 21, 2010 and October 25, 2010, almost a year after the Bar Date, Ms. Woody filed Claim Nos. 70490 and 70481, respectively, against Motors Liquidation Company:

- Claim Number 70490:  This claim is for a "pending state court lawsuit."  The basis of the claim, a portion of which appears to be classified as secured, is described as a manufactured defect of car; a loan ensued from a third party; and a product liability lawsuit pending revocation of contract."  The value of the property,

8

presumably of the Vehicle, is stated as $33,687.36. Attached to the claim are consumer credit documents between Ms. Woody and Farm Ranch Auto Sales and receipts from Chevy Trucks listing the Vehicle Price as $41,775.00.

- <u>Claim Number 70481</u>: This claim appears to be an exact duplicate of Claim No. 70490.

9. On February 10, 2011 and February 11, 2011, Ms. Woody filed Claim Nos. 70860 and 70869, respectively, against Motors Liquidation Company:

- <u>Claim No. 70860</u>: This claims states that it amends Claim No. 70481 and seeks $39,376.02, a portion of which Ms. Woody appears to classify as secured. The proof of claim form attaches a summary of expenses for which she is seeking reimbursement from the Debtors, including: (i) a deficiency surplus calculated aggregate owed and loss of SUV vehicle; (ii) the amount Ms. Woody paid for the SUV; (iii) car repairs and loss of items expenses; (iv) legal expenses; and (v) cost of renting a vehicle after loss of use of SUV. The proof of claim includes a copy of the complaint filed by Ms. Woody in Wake County, NC against a number of defendants, including GM. Ms. Woody also attaches a number of documents, presumably to support the expenses incurred regarding her Vehicle including: a letter from Capital One regarding a car loan for a Chevrolet car; a bill from Five Points Service Center; a bill from West Coast Towing; a bill from Walmart for a battery; and a bill from Farm Ranch Auto Sales.

- <u>Claim No. 70869</u>: This claim appears to be an exact duplicate of Claim No.70860.

## **ARGUMENT**

10. The Supplemental Claims should be expunged because they were filed late, in blatant violation of the Stay Order. At the hearing on the Stay Motion, the Court granted Ms. Woody additional time to file proofs of claim against the Debtors. The Stay Order, entered by the Court on January 6, 2011, provided that Ms. Woody "shall have thirty (30) days from the **date of this Order** to file a proof of claim in these chapter 11 cases, to the extent no proof of claim was previously timely filed, without prejudice to any other party's rights to be heard as to the allowance of that claim." *Stay Order* (emphasis added). Thirty days from January 6, 2011 is

9

February 5, 2011. Given that February 5, 2011 falls on a weekend, the next business day is Monday, February 7, 2011. Thus, **February 7, 2011** was Ms. Woody's deadline to file her claims. Ms. Woody did not file either of the Supplemental Claims before such deadline. Indeed, Claim No. 70860 was filed on February 10, 2011, while Claim No. 70869 was filed one day later.

11. Section 502(b)(9) of the Bankruptcy Code provides that, upon the objection of a party in interest, a claim shall be disallowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). Pursuant to Bankruptcy Rule 3003(c)(3), a proof of claim is not timely filed unless it is filed "prior to a bar date established by order of a bankruptcy court." *In re XO Commc'n, Inc.*, 301 B.R. 782, 791 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 3003(c)(3). Any creditor who fails to file a proof of claim on or before the applicable bar date "will be forever barred that is, forbidden – from asserting the claim against each of the Debtors and their respective estates." *Bar Date Order* at ¶6.

12. In this case, the Stay Order serves as the bar date order for the Supplemental Claims, clearly setting a deadline for Ms. Woody to file such claims against the Debtors.[3] *In re Mr. Goodbuys of New York Corp.,* 164 B.R. 24, 29 (Bankr. E.D.N.Y. 1994) (disallowing late-filed proof of claim by *pro se* claimant where claimant failed to comply with court-issued extension of the bar date order) Ms. Woody's failure to timely file the Supplemental Claims in accordance with the Stay Order should have the same consequences as

---

[3] To the extent Ms. Woody argues that the Supplemental Claims are timely because they amend the Original Claims, such argument also fails. As will be explained in more detail in the GUC Trust's reply to the Woody Response, despite having received actual notice of the Bar Date, Ms. Woody filed the Original Claims over one year after the November 30, 2009 Bar Date. It is black letter law that an amendment to a claim cannot be deemed timely where the original claim was late. *Avidon v. Halpert*, 145 F.2d 884, 885 (2d. Cir. 1944) (for an amendment to occur, "[t]here must be a timely assertion, however informal, by the creditor of his claim against the debtor's estate."); *see also In re Enron Corp.*, 328 B.R. 75, 86-87 (Bankr. S.D.N.Y. 2005) (a timely filed original claim is a threshold requirement for amending a claim).

10

violation of the deadline in the Bar Date Order – *i.e.*, her claims should be disallowed and expunged and she should be "forever barred" from asserting claims against the Debtors. *Id.*

13.  Ms. Woody had notice of the Stay Order (*See* Radhi S. Rai Affidavit of Service dated December 20, 2010, the relevant portion of which is attached hereto as **Exhibit C**) and was present at the hearing when the Court issued its ruling establishing the filing deadline. In light of the foregoing, there can be no reasonable dispute that Ms. Woody is bound by the Stay Order and the February 7, 2011 deadline set forth therein. Consequently, the Supplemental Claims were late and should be barred as a matter of law.

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging each of the Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 17, 2011

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                          :    Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*,    :    09-50026 (REG)
　　f/k/a General Motors Corp., *et al.*    :
:
　　　　　　　　　　　Debtors.        :    (Jointly Administered)
:
------------------------------------------------------------x

**ORDER GRANTING OBJECTION TO CLAIM NUMBERS 70860 and 70869
FILED BY TRACY WOODY AND MOTION REQUESTING ENFORCEMENT
OF COURT ORDERS SETTING DEADLINES TO FILE PROOFS OF CLAIM**

　　　　　Upon the objection to proofs of claim numbered 70860 and 70869 (the "**Claims**") and motion requesting enforcement of court orders setting deadlines to file proofs of claim, dated November 17, 2011 (the "**Objection**"), of the Motors Liquidation Company GUC Trust, formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and this Court's order setting a deadline for Tracy Woody to file proofs of claim (ECF No. 8391), seeking entry of an order disallowing and expunging the Claims on the grounds that such claims were not timely filed, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

　　　　　ORDERED that the relief requested in the Objection is granted; and it is further

12

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge