# EXHIBIT B

Page 1

1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 09-50026(REG)

5    - - - - - - - - - - - - - - - - - - -x

6    In the Matter of:

7

8    MOTORS LIQUIDATION COMPANY, et al.

9            f/k/a General Motors Corporation, et al.,

10

11            Debtors.

12

13    - - - - - - - - - - - - - - - - - - -x

14

15            United States Bankruptcy Court

16            One Bowling Green

17            New York, New York

18

19            December 2, 2010

20            9:52 AM

21

22

23    B E F O R E :

24    HON. ROBERT E. GERBER

25    U.S. BANKRUPTCY JUDGE

Page 2

1    HEARING re Status Conference re: Disclosure

2

3    HEARING re Debtors' Ninety-Seventh Omnibus Objection to Claims

4    (No Liability GMAC Debt Claims)

5

6    HEARING re Debtors' Ninety-eighth Omnibus Objection to Claims

7    (Incorrectly Classified Claims)

8

9    HEARING re Debtors' 10erd Omnibus Objection to Claims (Welfare

10    Benefits Claims of Retired and Former Salaried and Executive

11    Employees)

12

13    HEARING re Motion for Relief from Stay filed by John F.

14    Townsend III on behalf of Timothy Bynum

15

16    HEARING re Motion for Relief from Stay on behalf of Samuel

17    Barrow

18

19    HEARING re Motion for Relief from Stay, Tracy Woody

20

21    HEARING re Motion of Debtors Authorizing Estimation of Debtors'

22    Aggregate Liability for Asbestos Personal Injury Claims and

23    Establishing Schedule for Estimation Proceeding

24

25    Transcribed by:  Lisa Bar-Leib

1    and the rest of the objection could be marked off calendar as

2    resolved.

3              THE COURT:  Of course, sure.

4              MR. SMOLINSKY:  And that, I believe, leaves with us

5    Ms. Woody's motion.

6              THE COURT:  All right.  Ms. Woody, I'll hear your

7    oral argument.  It's your motion.  I do have a few questions of

8    both sides.  First, I saw an indication in the debtor's

9    response that there were settlement negotiations that were

10   being considered or ongoing, and I'd like to know what happened

11   to them, since I would've thought that the cost of litigating

12   this motion could exceed the amount of the cost of repairs or

13   damage to the vehicle.

14             I also did not see in this thick package, but I may

15   have missed it, the actual ruling by the North Carolina state

16   court, but Ms. Woody, I didn't see any reply by you that would

17   cause me to quarrel with what the debtors said about the claim

18   being found to be untimely, although the words that the debtor

19   used struck me as odd.  Certainly, I don't rule that way.  Time

20   barred and/or failed as a matter of law, I would've thought

21   that most judges would be more specific in saying what they're

22   ruling on and why.

23             Ms. Woody, you didn't deal with the Sonnax factors,

24   which are the factors that a judge in my circuit, the 2nd

25   Circuit, must take into account in deciding whether or not to

MOTORS LIQUIDATION COMPANY, et al.

1    grant relief from the stay.  And, of course, there are many,

2    many precedents where I have ruled, principally by dictated

3    decisions on others' requests for relief from the stay, which

4    so far as I recall, I have denied in every instance, and I

5    guess the question I have is why this case should be regarded

6    as different than the others, and why the precedents of the

7    others don't equally apply here.

8              So with that said, I'll hear first from you, Ms.

9    Woody.

10             MS. WOODY:  First of all, Your Honor, I would like to

11   apologize.  My daughter is actually sick and she was coughing.

12   I was just trying to let her know I was on the phone with the

13   Court.

14             But in any event, I believe that there are certain

15   bankruptcy procedures that has to be followed regarding General

16   Motors.  I believe I was supposed to be sent a proof of claim

17   and possibly a notice of creditor's meetings, because -- a

18   meeting, because I know that they, General Motors, was aware of

19   the lawsuit that I filed against them as the manufacturer.

20             I purchased a vehicle that was part of a lawsuit

21   against General Motors, regarding some manufacturing defects in

22   the vehicle, and I filed my case regarding this within the

23   three-year period.  And I did not receive a proof of claim from

24   the attorney for General Motors.  I didn't receive any notice

25   of creditor's meetings.

MOTORS LIQUIDATION COMPANY, et al.

Page 42

1        The only thing I received was this Chapter 11

2   confirmation and a letter previously telling me that GM was in

3   bankruptcy, and that I should dismiss my case, or sanctions may

4   be imposed upon me.  That's the letter I received from the

5   attorney's office for GM.

6        So I wasn't aware of the deadline, of any deadline

7   for a claim, but at this point, I'm still an interested party.

8   I still have a Wayne County court -- district court case

9   against which General Motors is one of the parties, that I'm

10  going to get in against because of manufacturing defects to the

11  vehicle and the damages and so forth that pursued (sic).

12       And as far as the bankruptcy, it is not set up to

13  protect any misrepresentation of a product or any type of -- I

14  mean, I was sold the product saying that the vehicle was in

15  good shape, that it had been tested, there was no problem with

16  it.

17       When I took the vehicle to a car mechanic, as a

18  matter of fact, General Motors is the one that sent this

19  litigation or lawsuit information a year after the warranty was

20  over, and it mentioned as long as -- well, the mechanic

21  mentioned that was working on my car, mentioned that the

22  speedometer defect had to be repaired by the manufacturer, and

23  the vehicle I had was down for several months.

24       And he mentioned -- we had a long conversation, the

25  mechanic and I, and there were some issues with the

MOTORS LIQUIDATION COMPANY, et al.

Page 43

1   manufacturer, it was some manufacturer defects.  And what

2   concerned me is that the vehicle stopped while I was driving,

3   and I had my children in the car, and my elderly mother.  And

4   we stopped, actually it stopped while we were driving, and we

5   were right there in a dead curve where somebody could've really

6   hit us, and we could've had a horrible accident.

7          But in any event, the ruling for the Wayne County

8   District Court was -- the attorneys had mentioned that I had

9   not filed the claim or the cases -- I should say the case, I

10  didn't file to serve it or serve it with the proper subpoenas

11  and so forth, which I'm not sure what happened to those

12  subpoenas, but I -- as far as everything was filed and even

13  served a second time around to the attorneys that these

14  defendants, including General Motors.  And I don't know how

15  that paperwork got missing.  I guess it was just a clerical

16  error.  But I had sent copies of all of the subpoenas.  I

17  reissued those subpoenas from the courthouse, from the clerk,

18  who signed off on them, and they received those as well.

19         So actually the order, as far as the Court, and I

20  have a jurisdiction was not appropriately -- filed.  So I filed

21  the motion to set that order aside, and that's where we're at

22  at this point.

23         And I listed the specific information about General

24  Motors and why the liability is still an issue, and it really

25  stems from a letter that -- also it kind of came from them,

MOTORS LIQUIDATION COMPANY, et al.

Page 44

1    which says that -- and I filed this with my proof of claim as

2    an interested party, which states that General Motors -- the

3    description of the lawsuit was it was a class action lawsuit,

4    and my vehicle is one of the vehicles that's listed in here, a

5    2003 Chevrolet Suburban, and it mentions --

6         THE COURT:  Pause, please, Ms. Woody.  Your lawsuit

7    was not a class action lawsuit, right?

8         MS. WOODY:  No, it wasn't.  It wasn't part of the

9    class action lawsuit, no, sir, it wasn't.

10        THE COURT:  No, I don't understand.  You're saying

11   you were a member of a class, of somebody else's class action

12   lawsuit?

13        MS. WOODY:  Oh, no, sir.  I'm saying that I'm

14   referencing that there was other plaintiffs that have filed a

15   lawsuit against General Motors regarding the same issues that I

16   had filed a lawsuit against.

17        THE COURT:  What does that have to do with you?

18        MS. WOODY:  Well, it's just that there are other

19   cases out there with the same type of problem, or there were

20   other cases out there with the same type of problems that I had

21   with my vehicle, with the manufactured defects.

22        THE COURT:  Okay.  Do you want to talk about the

23   Sonnax factors?

24        MS. WOODY:  I'm sorry?

25        THE COURT:  Do you want to be heard on what GM said

MOTORS LIQUIDATION COMPANY, et al.

Page 45

1    about the Sonnax factors?

2             MS. WOODY:  Sonnax factors?

3             THE COURT:  Yes.  If you don't know what they are --

4             MS. WOODY:  No.

5             THE COURT:  -- then I'll rule on them based --

6    because I know what they are.  But you don't want to speak to

7    that; am I correct?

8             MS. WOODY:  I'm not aware of what the Sonnax factors

9    are at this point.

10            THE COURT:  Okay.  Fair enough.

11            MS. WOODY:  Uh-huh.

12            THE COURT:  Do you have a copy -- well, I'll ask

13   Mr. Smolinsky.  Did the North Carolina court issue its ruling

14   in writing?  Hello?  Are you still with me, Ms. Woody?

15            MS. WOODY:  Oh, yes, I'm sorry.  I didn't know if you

16   were talking to an attorney.  There was a ruling about the

17   court not having subject matter.  It was an issue with the

18   subpoenas, but as I mentioned, I have asked that that motion be

19   set aside, so that's going to be scheduled for court, but

20   before I can schedule that, I needed to have a motion for

21   relief so I can continue showing the judge that in the file,

22   all the subpoenas, and they were all issued.  I've sent

23   certified copies and so forth of all the information.  So that

24   order, you know, is not correct.

25            THE COURT:  Okay.  Thank you.  All right.  I'll hear

MOTORS LIQUIDATION COMPANY, et al.

Page 46

1    from Mr. Smolinsky now.  Mr. Smolinsky, start with, did the

2    North Carolina court issue its ruling in writing?

3            MR. SMOLINSKY:  It did, Your Honor, and I'm just --

4    through my investigation from my office.  The reason why it

5    wasn't -- we didn't attach it to the papers, was that it didn't

6    say anything substantive.  It merely stated that GM's motion

7    for summary judgment is granted in its entirety, and

8    plaintiff's complaint is dismissed.

9            THE COURT:  When it said GM, did it make a

10   distinction between Old GM and New GM?

11           MR. SMOLINSKY:  I would have to say they were talking

12   about New GM, because that's the one who filed the motion for

13   summary judgment, and we had already worked out with Ms. Woody

14   that we were severed from that case.  So I wouldn't --

15   certainly wouldn't assume that the judge was dismissing the

16   case as to us.

17           THE COURT:  All right.  Continue.

18           MR. SMOLINSKY:  And plaintiff's complaint is

19   dismissed in its entirety, as asserted against General Motors

20   LLC f/k/a General Motors Company, s/h/a General Motors

21   Company/severally a division of GM/General Motors Corp., and

22   that's all it said.

23           So we paraphrased, based on what the motion for

24   summary judgment was, which was based on a timeliness --

25           THE COURT:  I don't quarrel with your paraphrase, Mr.

MOTORS LIQUIDATION COMPANY, et al.

Page 47

1    Smolinsky, but without being critical of another judge, without

2    understanding the basis upon which the other judge ruled, I

3    have some difficulty applying res judicata or collateral

4    estoppel.

5         MR. SMOLINSKY:  I don't dispute that, Your Honor, and

6    I don't think that we're arguing that the judge has already

7    dismissed the case as to us.

8         THE COURT:  Okay.  You don't need to repeat yourself

9    on the Sonnax factors.  Ms. Woody says she never got a proof of

10   claim form or got timely notice of the need to file a claim,

11   even though there was apparently ongoing communications between

12   her and GM's counsel down in North Carolina.  Do you have any

13   facts relevant to that?

14        MR. SMOLINSKY:  I don't, Your Honor, other than the

15   fact that we did our best to notify parties to actions and

16   threatened actions, using information that was provided by, at

17   that time, New GM.  I can't confirm or deny today whether Ms.

18   Woody was on that list.

19        I did hear her say that she knew that the bankruptcy

20   was filed at the time, but other than that, I would have to do

21   some further investigation.

22        THE COURT:  Okay.  Well, again, I don't have a

23   problem with you or your firm, Mr. Smolinsky, but other people

24   who have gotten involved in one way or another in this

25   controversy may not have done all the things that -- let's just

MOTORS LIQUIDATION COMPANY, et al.

Page 48

1    say that best practices would've suggested that they could've

2    or should've done.

3           You don't need to repeat yourself on Sonnax factors.

4    Is there anything else you want to talk about, Mr. Smolinsky?

5           MR. SMOLINSKY:  Other than to just, you know, confirm

6    for the record that this action was filed after our bankruptcy

7    was filed, and so when you look at the first Sonnax factor,

8    there are several matters that are not North Carolina state

9    court issues, but would have to come back to the bankruptcy

10   court for, such as whether the North Carolina action is voided

11   as a matter of law for violating the stay, whether any judgment

12   is unenforceable for the failure to file a proof of claim, or

13   whether any claims, an expressed warranty claim that would be

14   assumed by New GM, or a retained liability under the master

15   sale and purchase agreement.

16          With respect to the settlement, you know, we have

17   tried to take a very practical approach in this case.  We have

18   resolved a number of cases in similar situations where there

19   hasn't been proofs of claim.  We think that the bankruptcy

20   environment is the best way to do that in.  I think we made --

21   we spoke to Ms. Woody twice, and offered at each time a

22   settlement offer, which I think was very generous, relative to

23   I think the amount of her repairs, and those offers were

24   rejected.

25          I don't want to violate Rule 408, I'm happy to

Page 49

1    disclose what the offer was, if Your Honor is interested, but

2    so far we have not been able to resolve it.  I think the

3    practicality and the efficiency of this case is the important

4    issue here.  I think that we can deal with this claim here in

5    the bankruptcy court.  I fear very much that to the extent that

6    this moves back to North Carolina, that we're going to be mired

7    in litigation for a long time over a claim of a very small

8    amount.

9         THE COURT:  All right.  Everybody, have a seat,

10    please.  Mr. Smolinsky and Ms. Woody, I'm now going to rule.

11         Ladies and gentlemen, I am denying relief from the

12    stay.  Which means, Ms. Woody, that I am denying permission for

13    you to proceed in North Carolina, but will also be issuing a

14    supplemental order in the interest of justice, which I will

15    describe in a moment.

16         The narrowest issue before me is whether you, Ms.

17    Woody, should be allowed to proceed with further litigation in

18    North Carolina; and a motion of that character is governed by

19    twelve factors that I am directed by the 2nd Circuit Court of

20    Appeals to consider, which are known as the Sonnax factors,

21    S-o-n-n-a-x, as described in a case reported at 907 F2d 1280.

22         Those factors overwhelmingly weigh in favor of me

23    exercising my discretion, which the case law permits me to do,

24    to deny relief from the stay.

25         The first Sonnax factor is whether relief would

MOTORS LIQUIDATION COMPANY, et al.

Page 50

1    result in a partial or complete resolution of the issues.  Here

2    that depends on how you would define it.  It appears that the

3    -- a decision was issued insofar as General Motors LLC, what I

4    call New GM, would be concerned.  Here the litigation would

5    proceed, presumably it could result in a resolution of the

6    issues with respect to Old GM, but at the same time, the North

7    Carolina state court judge might rule that the same reasons

8    that he gave for ruling in favor of New GM would also apply to

9    Old GM, if in fact, he didn't have that in mind already.  I

10   can't be sure.

11           So this factor, when it's present in a clear way,

12   normally weighs in favor of granting relief from the stay, but

13   here it either is a wash or tilts against it.  Lack of any

14   connection with or interference with the bankruptcy case is the

15   second factor, and that weighs materially in favor of Old GM

16   here.

17           There have been many, I don't remember how many

18   similar motions that we've dealt with before where people want

19   to proceed with litigation against Old GM all around the

20   country, and the cost of defending these is a burden upon all

21   of GM's creditors, and creates both interference and burden on

22   that.

23           We do have a claims process for dealing with this

24   type of stuff.  I'm going to come back to the claims process

25   later.  But that's the way that a claim of this character

MOTORS LIQUIDATION COMPANY, et al.

Page 51

1    should be dealt with, not by litigating in North Carolina.

2              Whether the other proceeding involves the debtor as a

3    fiduciary weighs in favor of relief from the stay when it's

4    applicable, but here it's not applicable.

5              Factor number four is whether a specialized tribunal

6    with the necessary expertise has been established to hear the

7    cause of action, and that factor weighs in favor of granting

8    relief from the stay when it applies.  But when it doesn't

9    apply, it's either a wash or tilts against it.

10             The fifth factor is whether the debtor's insurer has

11   assumed full responsibility for defending it, and like some of

12   the predecessors, it weighs in favor of granting relief from

13   the stay when it's applicable, but here it does not apply.  So

14   it is either a wash or tends to weigh against relief from the

15   stay.

16             Whether the action primarily involves third parties;

17   well, again when this factor is present, it tends to weigh in

18   favor of granting relief from the stay.  There obviously here

19   is one third party, which is New GM, but which is no longer in

20   the case, and now as a practical matter, all we're talking

21   about is whether these claims should be heard in the claims

22   process or down in North Carolina.  So this factor is at most a

23   wash or alternatively, weighs against relief from the stay.

24             Factor number seven is whether litigation in another

25   forum would prejudice the interests of other creditors, and in

MOTORS LIQUIDATION COMPANY, et al.

Page 52

1    a different context I talked about this.  This is indeed

2    prejudicial to the other creditors because they would have to

3    bear the cost of litigation by Old GM in North Carolina, which

4    is unfair to them.  Those factors weighs materially in favor of

5    denying relief from the stay.

6          Whether the judgment claim arising from the other

7    action is subject to equitable subordination is factor number

8    eight.  And here, under the facts, this factor doesn't apply at

9    all or alternatively is regarded as a wash.  It just doesn't

10   apply.

11         Factor number nine is whether movant's success in the

12   other proceeding would result in a judicial lien avoidable by

13   the debtor.  This too doesn't apply.

14         Factor number ten, which is one of the most

15   important, is the interests of judicial economy and the

16   expeditious and economical resolution of litigation.  This

17   relates to a couple of the others and this weighs heavily

18   against granting relief from the stay.

19         I can deal with the matters of judicial economy much

20   more quickly and easily in the claims process, and going back

21   to start up a whole new litigation in North Carolina is going

22   to be exactly the opposite of being expeditious or economical,

23   and is exactly the kind of thing that the interests of judicial

24   economy say that I would be nuts to do.

25         Factor number eleven, whether the parties are ready

MOTORS LIQUIDATION COMPANY, et al.

Page 53

1    for trial in the other proceeding is a factor that when it

2    applies weighs in favor of granting relief from the stay, but

3    here it doesn't apply.  So once more, it's either a wash or

4    tends to vote or weigh against granting relief from the stay.

5         Impact of the stay on the parties and the balance of

6    harms, is here essentially a wash.  I can grant whatever relief

7    is in the interest of justice as well, and most likely quicker

8    than the North Carolina court could.

9         So for the foregoing reasons, I'm exercising my

10   discretion to deny relief from the stay.  With that said, I

11   take Ms. Woody at her word when she said she didn't get notice

12   of a deadline for filing claims.  And I wasn't a fly on the

13   wall, so I don't know what Ms. Woody was told by the lawyers

14   for New GM, who were defending that lawsuit down in North

15   Carolina, but if it is true, as Ms. Woody alleges, that she had

16   all these conversations with these guys and they never told her

17   about the fact that she'd need to file a claim and the deadline

18   for doing that, that's a matter of concern to me.

19        So what I'm going to do is, Ms. Woody, I'm going to

20   give you thirty days from the date that GM gives you service of

21   the order denying your motion for relief from the stay, to file

22   a proof of claim for the costs that you claim that you were

23   suffered.  And if you file a proof of claim, then you will get

24   the same distributions as other creditors of GM with

25   prepetition claims get, to the extent that there is either

Page 54

1    agreement on what your damages should be or I, as a judge,

2    resolve it.

3          That does not mean that if by way of example, you

4    file a proof of claim for nine thousand dollars, you're going

5    to get a check for nine thousand dollars.  First of all, it's

6    only what your damages actually are, and second, you're going

7    to get the same amount on a claim that other creditors get.

8    And I don't know exactly what a claim is worth in this case,

9    but let's say it's fifteen or twenty cents on the dollar,

10   that's what we're talking about, and it might be less for that

11   matter.  I just don't know, I don't know what the value of the

12   stock that is going to ultimately go to creditors is, but

13   that's the way it's going to be.

14         This ruling is, of course, without prejudice to the

15   rights of Old GM or its creditor's committee to object to the

16   proof of claim if one is filed, and I would encourage you,

17   Ms. Woody, considering how little a claim may be worth, to

18   seriously consider any settlement that GM might offer you, but

19   ultimately that's your decision, not mine.

20         Mr. Smolinsky, you're to settle an order in

21   accordance with this dictated ruling, saying in substance that

22   for the reasons set forth on the record, the motion for relief

23   from the stay is denied, but also providing that Ms. Woody will

24   have thirty days to file a proof of claim, and if she does file

25   a proof of claim that this ruling is without prejudice to

MOTORS LIQUIDATION COMPANY, et al.

Page 55

1    everybody's rights on whether or not that proof of claim should

2    be allowed.

3            The time to appeal from this determination will run

4    from the date of entry of the order, and not from today, and

5    the usual fourteen-day stay of effectiveness of the order under

6    Bankruptcy Rule 4001 will remain in effect.

7            All right.  I believe we're done, folks.

8    Mr. Smolinsky?

9            MR. SMOLINSKY:  Your Honor, I would just note that

10   Ms. Woody is free to contact me at the number on the papers or

11   Breanna Benefield (ph) who she spoke to several times, if she

12   wants to bypass the proof of claim process and see if we can

13   just reach agreement.

14           MS. WOODY:  I can barely hear, I'm sorry.

15           THE COURT:  All right.  Mr. Smolinsky, pull the

16   microphone real close to you and just repeat to her so she can

17   hear what you just told me.

18           MR. SMOLINSKY:  Your Honor, I was just making the

19   offer that if Ms. Woody wanted to try to bypass the proof of

20   claim process, that she's free to call me at the number on our

21   papers or Breanna Benefield who she has spoken to on several

22   occasions.

23           THE COURT:  Okay.  Did you follow that, Ms. Woody?

24           MS. WOODY:  I did, and thank you very much.

25           THE COURT:  Okay.  Have a nice day.  We're adjourned.

MOTORS LIQUIDATION COMPANY, et al.

Page 56

1          (Whereupon these proceedings were concluded at 11:06 a.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 57

1

2                              I N D E X

3

4                              RULINGS

5                                            Page      Line

6   Motion for Relief From Stay

7   Tracy Woody

8   Denied                                    49        13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 58

1

2                            C E R T I F I C A T I O N

3

4     I, Lisa Bar-Leib, certify that the foregoing transcript is a

5     true and accurate record of the proceedings.

6     **Lisa Bar-Leib**    Digitally signed by Lisa Bar-Leib
                            DN: cn=Lisa Bar-Leib, c=US
                            Reason: I am the author of this document
7     _____ Date: 2010.12.03 14:29:49 -05'00'

8     LISA BAR-LEIB

9     AAERT Certified Electronic Transcriber (CET**D-486)

10

11    Veritext

12    200 Old Country Road

13    Suite 580

14    Mineola, NY 11501

15

16    Date:  December 3, 2010

17

18

19

20

21

22

23

24

25