HEARING DATE AND TIME: December 20, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: December 13, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
In re                                                 :    Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*,                 :    09-50026 (REG)
f/k/a General Motors Corp., *et al.*                  :
:
Debtors.                              :    (Jointly Administered)
:
------------------------------------------------------x

### NOTICE OF 257th OMNIBUS OBJECTION TO CLAIMS
(Duplicate Claims)

**PLEASE TAKE NOTICE** that on November 17, 2011, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed their 257th Omnibus Objection to expunge certain claims (the "**257th Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 257th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **December 20, 2011, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 257th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 257th Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

2

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later

than **December 13, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 257th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 257th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       November 17, 2011

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

HEARING DATE AND TIME: December 20, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: December 13, 2011 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
        f/k/a General Motors Corp., et al.:
                                          :
                Debtors.                  :    (Jointly Administered)
                                          :
------------------------------------------------------------x

## 257th OMNIBUS OBJECTION TO CLAIMS
(Duplicate Claims)

---

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1. The GUC Trust files this 257th omnibus objection to certain claims (the "**257th Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

2. Representatives of the GUC Trust have examined the proofs of claim identified on **Exhibit "A"** and have determined that the proofs of claim listed on **Exhibit "A"** (collectively, the "**Duplicate Claims**") are duplicates of the earlier-filed corresponding claims identified under the heading "Surviving Claims" (collectively, the "**Surviving Claims**"). The GUC Trust seeks entry of an order disallowing and expunging from the claims register the Duplicate Claims and preserving the Debtors' right to later object to any Surviving Claim on any other basis.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

## Background

4.     On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5.     On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim). On October 6, 2009, the Court entered the Procedures Order. The Procedure Order authorizes the Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

---

[2]     The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]     The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

3

6.  On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled *"The GUC Trust,"* provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

### The Relief Requested Should Be Approved by the Court

7.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The GUC Trust has compared their books and records with the proofs of claim identified on Exhibit A and have determined that the Duplicate Claims were filed by the same claimants against the same Debtors, for the same dollar amounts, and on account of the same obligations as the corresponding Surviving Claims. The Surviving Claims are the earlier filed claims as compared to the Duplicate Claims.

9.  To avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Duplicate Claims. The Surviving Claims will remain on the claims register subject to further objections on any other basis.

10. The GUC Trust reserves all of their rights to object on any other basis to any Duplicate Claims as to which the Court does not grant the relief requested herein.

### Notice

11. Notice of this 257th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

12. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       November 17, 2011

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

257th Omnibus Objection

**Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

# Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) |
| FOX LINDSEY | 13052 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,000.00 (U)<br>$10,000.00 (T) | Duplicate Claim | Pgs. 4-5 | FOX, LINDSEY<br>PO BOX 101<br>PARAGOULD, AR 72451-0101<br>Official Claim Date 10/19/2009 | 12547 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,000.00 (U)<br>$10,000.00 (T) |
| FOX, LINDSEY<br>PO BOX 101<br>PARAGOULD, AR 72451-0101<br>Official Claim Date 10/19/2009 | | | | | | | | | |
| GLENDA O FRAZIER<br>140 JULIA COURT<br>FAYETTEVILLE, GA 30214<br>Official Claim Date 1/15/2011 | 70592 | Motors Liquidation Company | $19,061.29 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$19,061.29 (T) | Duplicate Claim | Pgs. 4-5 | FRAZIER, GLENDA<br>140 JULIA CT<br>FAYETTEVILLE, GA 30214-1275<br>Official Claim Date 10/9/2009 | 7207 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$19,061.00 (U)<br>$19,061.00 (T) |
| HARRIS ELLA | 3440 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$7,000.00 (U)<br>$7,000.00 (T) | Duplicate Claim | Pgs. 4-5 | HARRIS, ELLA<br>215 LAKELAND DR<br>BRANDON, MS 39042-2909<br>Official Claim Date 10/5/2009 | 3439 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,500.00 (U)<br>$10,500.00 (T) |
| HARRIS, ELLA<br>215 LAKELAND DRIVE<br>BRANDON, MS 39042-2909<br>Official Claim Date 10/5/2009 | | | | | | | | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**257th Omnibus Objection**

*Motors Liquidation Company, et al.*
Case No. 09-50026 (REG), Jointly Administered

# Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) |
| HOLMES, ALEX<br>221 RODNEY AVE<br>BUFFALO, NY 14214-2218<br>Official Claim Date 11/9/2009 | 21627 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,200.00 (U)<br>$4,200.00 (T) | Duplicate Claim | Pgs. 4-5 | HOLMES ALEX<br>221 RODNEY AVE<br>BUFFALO, NY 14214-2218<br>Official Claim Date 11/9/2009 | 21484 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,200.00 (U)<br>$4,200.00 (T) |
| HUFF, PENNY<br>1325 LAUREL ST<br>COLA, SC 29201<br>Official Claim Date 11/27/2009 | 60623 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$14,000.00 (U)<br>$14,000.00 (T) | Duplicate Claim | Pgs. 4-5 | HUFF, PENNY<br>1325 LAUREL ST<br>COLA, SC 29201<br>Official Claim Date 11/27/2009 | 58990 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$15,000.00 (U)<br>$15,000.00 (T) |
| POWERS SCOTT<br>6612 183RD ST<br>CHIPPEWA FALLS, WI 54729-6435<br>Official Claim Date 10/19/2009 | 12449 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,000.00 (U)<br>$1,000.00 (T) | Duplicate Claim | Pgs. 4-5 | POWERS, SCOTT<br>6612 183RD ST<br>CHIPPEWA FALLS, WI 54729-6435<br>Official Claim Date 10/19/2009 | 12450 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,000.00 (U)<br>$1,000.00 (T) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

*257th Omnibus Objection*

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) |
| PRIDEMORE, ALEXY<br>11966 OLD MILL RD<br>ENGLEWOOD, OH 45322-9723<br>Official Claim Date 10/20/2009 | 13276 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$8,000.00 (U)<br>$8,000.00 (T) | Duplicate Claim | Pgs. 4-5 | PRIDEMORE, ALEXY<br>11966 OLD MILL RD<br>ENGLEWOOD, OH 45322-9723<br>Official Claim Date 10/20/2009 | 13277 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$8,000.00 (U)<br>$8,000.00 (T) |
| SMILEY COLLEEN<br>ENTERPRISE RENTAL<br>ELCO ADMINISTRATIVE SERVICES COMPANY<br>BOX 4800<br>WAYNE, NJ 07474-4800<br>Official Claim Date 10/15/2009 | 10727 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,400.00 (U)<br>$4,400.00 (T) | Duplicate Claim | Pgs. 4-5 | SMILEY COLLEEN<br>SMILEY, GRANDCHILD - ARIZYAH<br>ELCO ADMINISTRATIVE SERVICES COMPANY<br>BOX 4800<br>WAYNE, NJ 07474-4800<br>Official Claim Date 10/15/2009 | 10724 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,400.00 (U)<br>$4,400.00 (T) |
| SMILEY COLLEEN<br>SMILEY, COLLEEN<br>ELCO ADMINISTRATIVE SERVICES COMPANY<br>BOX 4800<br>WAYNE, NJ 07474-4800<br>Official Claim Date 10/15/2009 | 10728 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,400.00 (U)<br>$4,400.00 (T) | Duplicate Claim | Pgs. 4-5 | SMILEY COLLEEN<br>SMILEY, GRANDCHILD - ARIZYAH<br>ELCO ADMINISTRATIVE SERVICES COMPANY<br>BOX 4800<br>WAYNE, NJ 07474-4800<br>Official Claim Date 10/15/2009 | 10724 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,400.00 (U)<br>$4,400.00 (T) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

**257th Omnibus Objection**

**Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG), Jointly Administered**

# Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) |
| SMILEY, COLLEEN<br><br>ELCO ADMINISTRATIVE SERVICES COMPANY<br>BOX 4800<br>WAYNE, NJ 07474-4800<br><br>Official Claim Date 10/15/2009 | 10726 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,400.00 (U)<br>$4,400.00 (T) | Duplicate Claim | Pgs. 4-5 | SMILEY COLLEEN<br><br>SMILEY, GRANDCHILD - ARIZYAH<br>ELCO ADMINISTRATIVE SERVICES COMPANY<br>BOX 4800<br>WAYNE, NJ 07474-4800<br><br>Official Claim Date 10/15/2009 | 10724 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,400.00 (U)<br>$4,400.00 (T) |
| SMILEY, GRANDCHILD<br><br>SMILEY, GRANDCHILD ARIZYAN<br>ELCO ADMINISTRATIVE SERVICES COMPANY<br>BOX 4800<br>WAYNE, NJ 07474-4800<br><br>Official Claim Date 10/15/2009 | 10725 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,400.00 (U)<br>$4,400.00 (T) | Duplicate Claim | Pgs. 4-5 | SMILEY COLLEEN<br><br>SMILEY, GRANDCHILD - ARIZYAH<br>ELCO ADMINISTRATIVE SERVICES COMPANY<br>BOX 4800<br>WAYNE, NJ 07474-4800<br><br>Official Claim Date 10/15/2009 | 10724 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,400.00 (U)<br>$4,400.00 (T) |
| TZENA T. SANDERS<br>1216 GINSBERG DR<br>DAYTONA BEACH, FL 32114<br><br>Official Claim Date 10/16/2009 | 11502 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$7,000.00 (U)<br>$7,000.00 (T) | Duplicate Claim | Pgs. 4-5 | SANDERS, TZENA<br>1216 GINSBERG DR<br>DAYTONA BEACH, FL 32114-2332<br><br>Official Claim Date 10/16/2009 | 11501 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$7,000.00 (U)<br>$7,000.00 (T) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

257th Omnibus Objection

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

# Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) |
| VAUGHT JOAN<br><br>DANNA PETER<br>506 OLD HOME RD<br>BALTIMORE, MD 21206-2140<br><br>Official Claim Date 10/26/2009 | 15696 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$50,000.00 (U)<br>$50,000.00 (T) | | Duplicate Claim | Pgs. 4-5 | VAUGHT JOAN<br><br>DANNA PETER<br>506 OLD HOME RD<br>BALTIMORE, MD 21206-2140<br><br>Official Claim Date 10/26/2009 | 15695 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$50,000.00 (U)<br>$50,000.00 (T) |
| VAUGHT JOAN<br><br>DANNA PETER<br>506 OLD HOME RD<br>BALTIMORE, MD 21206-2140<br><br>Official Claim Date 10/26/2009 | 15697 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$50,000.00 (U)<br>$50,000.00 (T) | | Duplicate Claim | Pgs. 4-5 | VAUGHT JOAN<br><br>DANNA PETER<br>506 OLD HOME RD<br>BALTIMORE, MD 21206-2140<br><br>Official Claim Date 10/26/2009 | 15695 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$50,000.00 (U)<br>$50,000.00 (T) |
| VERMEERSCH, MARK M<br>216 E RANDOLPH ST<br>LANSING, MI 48906-4043<br><br>Official Claim Date 11/4/2009 | 19822 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$84,172.18 (U)<br>$84,172.18 (T) | | Duplicate Claim | Pgs. 4-5 | MARK VERMEERSCH<br>216 E RANDOLPH ST<br>LANSING, MI 48906-4043<br><br>Official Claim Date 11/4/2009 | 19821 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$84,172.18 (U)<br>$84,172.18 (T) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 5

**257th Omnibus Objection**

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) |

**CLAIMS TO BE DISALLOWED AND EXPUNGED**

| | | | | |
|---|---|---|---|---|
| | 15 | | $19,061.29 (S) | |
| | | | $0.00 (A) | |
| | | | $0.00 (P) | |
| | | | $252,972.18 (U) | |
| | | | $272,033.47 (T) | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                           :        Chapter 11 Case No.
                                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,    :        09-50026 (REG)
    f/k/a General Motors Corp., *et al.*              :
                                                                :
            Debtors.                                        :        (Jointly Administered)
                                                                :
------------------------------------------------------------x

## ORDER GRANTING THE 257th OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Claims)

Upon the 257th omnibus objection to expunge certain claims, dated November 17, 2011 (the "**257th Omnibus Objection to Claims**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging the Duplicate Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, all as more fully described in the 257th Omnibus Objection to Claims; and due and proper notice of the 257th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 257th

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 257th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 257th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto are disallowed and expunged; and it is further

ORDERED that the claims listed on Exhibit A annexed hereto under the heading "*Surviving Claims*" (collectively, the "**Surviving Claims**") will remain on the claims register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Duplicate Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibit "A"** annexed to the 257th Omnibus Objection to Claims that is not listed on the Order Exhibit annexed hereto; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge