HEARING DATE AND TIME: December 20, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: December 13, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS YOUR CLAIM(S)**

---

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                          :    Chapter 11 Case No.
In re                                     :
                                          :    09-50026 (REG)
MOTORS LIQUIDATION COMPANY, *et al.*      :
     f/k/a General Motors Corp., *et al.*,:
                                          :    (Jointly Administered)
          Debtors.                        :
                                          :
------------------------------------------------------------ x

**NOTICE OF 261st OMNIBUS OBJECTION TO CLAIMS**
**(No Liability Claims)**

           **PLEASE TAKE NOTICE** that on November 17, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors

(collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11

Plan, dated March 18, 2011, filed an omnibus objection to expunge certain claims (the

"**261st Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the

261st Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber,

United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **December 20, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

      **PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 261st OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBITS "A", "B" OR "C" ANNEXED THERETO.**

      **PLEASE TAKE FURTHER NOTICE** that any responses to the 261st Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York 10019 (Attn: Barry N. Seidel, Esq. and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims,

375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq.

and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005

(Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg,

Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity

as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street,

Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau,

Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC

Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust

Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith

Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action

Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia

30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto

Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York,

New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as

the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **December 13, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

> **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 261st Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 261st Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  November 17, 2011
         New York, New York

                                            /s/ Stefanie Birbrower Greer
                                            Barry N. Seidel (BS-1945)
                                            Stefanie Birbrower Greer (SG-2898)
                                            DICKSTEIN SHAPIRO LLP
                                            1633 Broadway
                                            New York, New York 10019
                                            Telephone: (212) 277-6500
                                            Facsimile: (212) 277-6501

                                            Attorneys for Motors Liquidation
                                            Company GUC Trust

HEARING DATE AND TIME: December 20, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: December 13, 2011 at 4:00 p.m. (Eastern Time)

)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
Dickstein Shapiro LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

|  |  |
|---|---|
| In re | : Chapter 11 Case No. |
|  | : 09-50026 (REG) |
| **MOTORS LIQUIDATION COMPANY**, *et al.* | : |
| f/k/a **General Motors Corp.**, *et al.*, | : |
|  | : (Jointly Administered) |
| Debtors. | : |

-------------------------------------------------------- x

## 261st OMNIBUS OBJECTION TO CLAIMS
### (No Liability Claims)

---

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1.       The GUC Trust files this 261st omnibus objection to certain claims (the "**261st Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the claims listed on **Exhibits "A", "B", and "C"** annexed hereto (collectively, the "**No Liability Claims**").[1]

2.       Representatives of the GUC Trust have examined the No Liability Claims identified on **Exhibits "A", "B", and "C"** and have determined that such proofs of claim seek recovery for amounts for which the Debtors are not liable.  The No Liability Claim listed on (i) **Exhibit "A"** (the "**Settled Claim**") is asserted by a claimant who, since filing the proof of claim, has entered into settlement agreements, with the Debtors, pursuant to which she agreed to withdraw her claims against the Debtors; (ii) **Exhibit "B"** (the "**Non-Debtor Claims**") seek recovery on account of liabilities which are the obligation of an entity other than the Debtors; and (iii) **Exhibit "C"** (the "**Securities Claims**") reflect equity interests, rather than claims, and are not entitled to recovery under the terms of the Plan.

3.       Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Procedures Order, the GUC Trust seeks entry of an order disallowing and

---

[1] Creditors can obtain copies of the cover page of any proof of claim against the Debtors' bankruptcy estates on the Debtors' claims register on the website (www.motorsliquidation.com) maintained by the Debtors' claims agent.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017, or by phone at 1-703-286-6401.

expunging the Settled Claims and Non-Debtor Claims from the claims register, and disallowing and reclassifying the Securities Claims as equity interests. Further, the GUC Trust reserves the right to object on an alternative basis to any of the No Liability Claims as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.        On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

6.        On October 6, 2009, this Court entered the Procedures Order, which authorizes parties in interest to, among other things, file omnibus objections to claims under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that "seek recovery of amounts for which the Debtors are not liable." (Procedures Order at 2.)

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.

[3] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

### The Relief Requested Should Be Approved by the Court

7.    On March 29, 2011, this Court entered an order confirming the Plan (ECF

No. 9941).  Section 6.2 of Article VI of the Plan, entitled *"The GUC Trust,"* provides for the

creation of the GUC Trust to administer certain responsibilities after the Effective Date (as

defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as

defined in the Plan).  All conditions to the occurrence of the Effective Date were met or waived

on March 31, 2011, thereby making the Plan effective as of that date.

8.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.    Each of the No Liability Claims are claims for which the Debtors are

not liable and therefore, are unenforceable against the Debtors.

**A.    Settled Claim**

10.    The Settled Claim should be disallowed and expunged because it

reflects obligations of the Debtors which have been resolved or otherwise released.

11.    The claimant listed on **Exhibit "A"** (Claim No. 60069) is party to an

agreement with the Debtors, pursuant to which she agreed (i) not to seek recovery from the Debtors on account of such claim and (ii) to "promptly withdraw" her claim upon Court approval of the agreement. Although the Court approved the agreement over eleven months ago, the claimant has still not withdrawn her claim. [ECF No. 8005]. In light of the foregoing, and to ensure that the claims register accurately reflects disputed claims against the Debtors, the GUC Trust submits that the claim should be disallowed and expunged.

### B.    Non-Debtor Claims

12.    The claims listed on **Exhibit "B"** are not claims against the Debtors. Each of these claims appear to assert claims against an entity other than the Debtors. Sixteen of the Non-Debtor Claims describe claims against third parties which, in many cases, are not even related to the Debtors.[4]   The remaining twenty three Non-Debtor claims reflect obligations assumed by General Motors, LLC ("**New GM**") under the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM, or incurred by New GM after the Petition Date (the "**New GM Claims**").[5]

13.    The New GM Claims include claims arising out of a breach of warranty or otherwise covered by state lemon law statutes. Any such claims were assumed by New GM pursuant to Section 2.3(a) of the Master Purchase Agreement. In particular, New GM assumed:

> (A) all Liabilities arising under express written warranties of Sellers that are specifically identified as warranties and

---

[4] Claim Nos. 799, 2357, 5808, 8778, 17985, 19044, 29862, 31187, 43841, 43842, 43843, 43844, 43845, 43869, 44221 and 70524.

[5] Claim nos. 589, 957, 8563, 10994, 16531, 16665, 16932, 16933, 28091, 31865, 36538, 45190, 46178, 50640, 50641, 51021, 59011, 59012, 60623, 61037, 63483, 64240 and 70879.

delivered in connection with the sale of new, certified used or pre-owned vehicles or new or remanufactured motor vehicle parts and equipment (including service parts, accessories, engines and transmissions) manufactured or sold by Sellers or Purchaser prior to or after the Closing and (B) all obligations under Lemon Laws;

Master Purchase Agreement § 2.3(a)(vii).

14.     The New GM Claims also include claims for services provided to New GM after the Petition Date (Claim Nos. 8563, 10994, 16531, 16932, 16933 and 70879) or claims for services rendered prepetition at plants taken over by New GM under the Master Purchase Agreement (Claim No. 589). Master Purchase Agreement § 2.3(a)(ii). Each of the foregoing are obligations of New GM under the Master Purchase Agreement. New GM has agreed that these claims do not reflect obligations of the Debtors, and, instead, should be asserted against New GM.

15.     The GUC Trust submits that, because the Non-Debtors Claims do not reflect obligations of the Debtors, they should be disallowed and expunged.

## C.     Securities Claims

16.     The six Securities Claims relate to equity interests held by the claimants, for which claimants are not entitled to recovery. The Bankruptcy Code clearly differentiates between a "claim" and an "equity security" and designates those who have "claims" against the Debtors as "creditors" and those who hold "equity securities" as "equity security holders." 11 U.S.C. §§ 101(5), 101(16), 101(10), 101(17). Thus, the filing of a proof of claim by an equity security holder to assert an equity interest is improper and insufficient to support a "claim." *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership"). Therefore, the Securities Claims, each

6

of which asserts an equity interest as a "claim," should be reclassified as an equity interest, and disallowed.

*       *       *

17.     For the reasons set forth herein, the GUC Trust submits that the Debtors are not liable for the claims listed on Exhibits **"A", "B", and "C"** and that such claims should be disallowed, expunged and/or reclassified as described herein.

**Notice**

18.     Notice of this 261st Omnibus Objection to Claims has been provided to each claimant listed on **Exhibits "A", "B", and "C"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

19.     No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 17, 2011
      New York, New York

                                       /s/ Stefanie Birbrower Greer
                                       Barry N. Seidel (BS-1945)
                                       Stefanie Birbrower Greer (SG-2898)

                                       DICKSTEIN SHAPIRO LLP
                                       1633 Broadway
                                       New York, New York 10019
                                       Telephone: (212) 277-6500
                                       Facsimile: (212) 277-6501

                                       Attorneys for Motors Liquidation
                                       Company GUC Trust

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| TAMMY MORWAY ATTN: BARRY WALDMAN, ATTORNEY AND AGENT FOR TAMMY MORWAY 1000 FARMER ST DETROIT, MI 48226 | 60069 | Motors Liquidation Company | $0.00 | (S) | No Liability: Settled Claim | Pgs. 4-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $2,000,000.00 | (U) | | |
| | | | $2,000,000.00 | (T) | | |

| CLAIMS TO BE DISALLOWED AND EXPUNGED | 1 | | | |
|---|---|---|---|---|
| | | $0.00 | (S) | |
| | | $0.00 | (A) | |
| | | $0.00 | (P) | |
| | | $2,000,000.00 | (U) | |
| | | $2,000,000.00 | (T) | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

261st Omnibus Objection

**Exhibit B**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ALLIED SUPPLY CO INC<br>1100 E MONUMENT AVE<br><br>DAYTON, OH 45402-1355 | 5808 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,332.00 (U)<br>$1,332.00 (T) | | Liability: Non-Debtor (Third Party) | Pg. 5 |
| CITIBANK SOUTH DAKOTA NA<br>DBA<br>4740 121ST ST<br>URBANDALE, IA 50323 | 799 | MLCS, LLC | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$477.67 (U)<br>$477.67 (T) | | Liability: Non-Debtor (Third Party) | Pg. 5 |
| CITY OF PASADENA<br>100 N GARFIELD AVE<br>ROOM N210<br>PASADENA, CA 91109-7215 | 44221 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$415.81 (U)<br>$415.81 (T) | | Liability: Non-Debtor (Third Party) | Pg. 5 |
| CITY OF WAUKESHA TREASURER<br>C/O WAUKESHA WATER UTILITY<br>115 DELAFIELD ST<br>WAUKESHA, WI 53188 | 2357 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$413.55 (U)<br>$413.55 (T) | | Liability: Non-Debtor (Third Party) | Pg. 5 |
| EAST BAY MUNICIPAL DISTRICT<br>ATTN ANITA DICKEY<br>MS42<br>375 11TH ST<br>OAKLAND, CA 94607-4246 | 8778 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$548.51 (U)<br>$548.51 (T) | | Liability: Non-Debtor (Third Party) | Pg. 5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

261st Omnibus Objection

**Exhibit B**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| EDISON METUCHEN ORTHOPAEDIC GROUP<br>10 PARSONAGE ROAD, SUITE 500<br><br>EDISON, NJ 08837 | 29862 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$450.00<br>$450.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor (Third Party) | Pg. 5 |
| EPIDOC LLC<br>DR ROBERT MORGAN<br>241 MAGNOLIA LAKE RD<br>AIKEN, SC 29803 | 17985 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$28,487.54<br>$28,487.54 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor (Third Party) | Pg. 5 |
| MICHIGAN ORTHOPAEDIC<br>26025 LAHSER RD FL 2<br><br>SOUTHFIELD, MI 48033-2606 | 43841 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$115.00<br>$115.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor (Third Party) | Pg. 5 |
| MICHIGAN ORTHOPAEDIC<br>26025 LAHSER RD FL 2<br><br>SOUTHFIELD, MI 48033-2606<br>UNITED STATES OF AMERICA | 43842 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$110.00<br>$110.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor (Third Party) | Pg. 5 |
| MICHIGAN ORTHOPAEDIC<br>26025 LAHSER RD FL 2<br><br>SOUTHFIELD, MI 48033-2606<br>UNITED STATES OF AMERICA | 43843 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$674.43<br>$674.43 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor (Third Party) | Pg. 5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit B**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| MICHIGAN ORTHOPAEDIC<br>26025 LAHSER RD FL 2<br><br>SOUTHFIELD, MI 48033-2606<br>UNITED STATES OF AMERICA | 43844 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$258.48<br>$258.48 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor<br>(Third Party) | Pg. 5 |
| MICHIGAN ORTHOPAEDIC<br>26025 LAHSER RD FL 2<br><br>SOUTHFIELD, MI 48033-2606<br>UNITED STATES OF AMERICA | 43845 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$45.00<br>$45.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor<br>(Third Party) | Pg. 5 |
| MICHIGAN ORTHOPAEDIC<br>26025 LAHSER RD FL 2<br><br>SOUTHFIELD, MI 48033-2606<br>UNITED STATES OF AMERICA | 43869 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$45.00<br>$45.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor<br>(Third Party) | Pg. 5 |
| PROGRESSIVE NORTHEASTERN INSURANCE COMPANY<br>CARMAN CALLAHAN & INGHAM<br>266 MAIN ST<br>FARMINGDALE, NY 11735-2618 | 19044 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$28,106.37<br>$28,106.37 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor<br>(Third Party) | Pg. 5 |
| SIMPLEXGRINNELL LP<br>ATTN: BANKRUPTCY<br>50 TECHNOLOGY DR<br>WESTMINSTER, MA 01441 | 31187 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$3,082.25<br>$3,082.25 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Liability: Non-Debtor<br>(Third Party) | Pg. 5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

261st Omnibus Objection

**Exhibit B**

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| THOMAS PETZ<br>46633 CRYSTAL DOWNS WEST<br><br>NORTHVILLE, MI 48168<br>UNITED STATES OF AMERICA | 70524 | Motors Liquidation Company | $0.00 | (S) | Liability: Non-Debtor (Third Party) | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $900.00 | (U) | | |
| | | | $900.00 | (T) | | |

| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 16 | | | |
|---|---|---|---|---|
| | | $0.00 | (S) | |
| | | $0.00 | (A) | |
| | | $0.00 | (P) | |
| | | $65,461.61 | (U) | |
| | | $65,461.61 | (T) | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| 261st Omnibus Objection | | **Exhibit B** | | Motors Liquidation Company, et al. |
|---|---|---|---|---|
| | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BEJARANO, JOSE WAGNER COOK FREIBERGER & WASHIENKO LLC 18 TREMONT ST STE 903 BOSTON, MA 02108-2305 | 28091 | Motors Liquidation Company | $0.00 $0.00 $0.00 $300,000.00 $300,000.00 Unliquidated | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| DASSAULT SYSTEMES SIMULIA CORP. RISING SUN MILLS ATTN: CHIEF LEGAL COUNSEL 166 VALLEY STREET PROVIDENCE, RI 02909 | 70879 | Motors Liquidation Company | $0.00 $49,415.00 $0.00 $0.00 $49,415.00 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| DURKIN EQUIPMENT COMPANY 2383 CHAFFEE DR SAINT LOUIS, MO 63146-3306 | 8563 | Motors Liquidation Company | $0.00 $0.00 $0.00 $1,150.00 $1,150.00 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| EAST SIDE GAS CO INC 5010 N POST RD LAWRENCE, IN 46226-4118 | 16933 | Motors Liquidation Company | $0.00 $0.00 $0.00 $584.06 $584.06 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| GREENS GENERAL CONTRACTORS INC 1050 17TH ST NW STE 1100 WASHINGTON, DC 20036-5511 | 31865 | Motors Liquidation Company | $0.00 $0.00 $0.00 $272,038.22 $272,038.22 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

261st Omnibus Objection

**Exhibit B**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| HARMS, JOLENE C<br>LESAGE, MICHAEL T<br>PO BOX 306<br>620 13TH ST<br>PASO ROBLES, CA 93446-2229 | 36538 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$100,000.00<br>$100,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| INERGY PROPANE LLC<br>INERGY PROPANE LLC D/B/A CASTSIDE HOOSIER<br>5010 N POST RD<br>PO BOX 26061<br>INDIANAPOLIS, IN 46226-0061 | 16932 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$566.79<br>$566.79 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| IRONHORSE, ROBIN<br>TUCCI LLC<br>3 SOUTH STATE STREET SUITE 1<br>PAINESVILLE, OH 44077-3422 | 64220 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$39,267.36<br>$39,267.36 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| JUNE ROSA CARPENTER<br>C/O ACKROYD LLP<br>ATTN:  DIANE YOUNG (GMAC)<br>1500 FIRST EDMONTON PL, 10665 JASPER AVE<br>EDMONTON ALBERTA T5J 3S9 | 16665 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$75,000.00<br>$75,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| KORY PICKEL<br>C/O KIMMEL & SILVERMAN P C<br>30 E BUTLER AVE<br>AMBLER, PA 19002 | 59011 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$26,536.52<br>$26,536.52 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U)
= unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any
mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be
determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

261st Omnibus Objection

**Exhibit B**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| LADENSACK WILLIS<br>C/O W DOUGLAS ADAMS ESQUIRE<br>PO BOX 857<br>BRUNSWICK, GA 31521-0857 | 61037 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$30,000.00<br>$30,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| LECO PLASTICS INC<br>130 GAMEWELL ST<br>HACKENSACK, NJ 07601-4230 | 10994 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$334.00<br>$334.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| MILNER, MERILEE ANN & MILNER, RICHARD D<br>4503 NEWTON DR<br>LAS VEGAS, NV 89121-6753 | 60465 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$100,000.00<br>$100,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| NINA ASTAN AND SAM ASTAN<br>23277 VENTURA BLVD<br>WOODLAND HILLS, CA 91364 | 841 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$36,426.00<br>$36,426.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| PALUMBO, MICHELE<br>C/O CHARLES HESS, ATTORNEY<br>7211 SAWMILL ROAD, SUITE 200<br>DUBLIN, OH 43016 | 45190 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$17,646.00<br>$17,646.00<br><br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

261st Omnibus Objection

**Exhibit B**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| PATTERSON, CHARLES W FITZGERALD J ARNOLD PO BOX 227 DAYTON, TN 37321-0227 | 51021 | Motors Liquidation Company | $0.00 $0.00 $0.00 $40,000.00 $40,000.00 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| PREVOST, DEBORAH SOUTHEAST LOUSIANA LEGAL SERVICES CORPORATION PO BOX 2867 HAMMOND, LA 70404-2867 | 63483 | Motors Liquidation Company | $0.00 $0.00 $0.00 $31,137.67 $31,137.67 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| RANDY WALTERS KIMMEL & SILVERMAN PC 30 E BUTLER AVE AMBLER, PA 19002 | 59012 | Motors Liquidation Company | $0.00 $0.00 $0.00 $27,611.54 $27,611.54 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| SIMMONS TONY CLINT 201 W HOUSTON ST MARSHALL, TX 75670 | 50641 | Motors Liquidation Company | $0.00 $0.00 $0.00 $49,516.40 $49,516.40 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| SIMMONS, LINDA 201 W HOUSTON ST MARSHALL, TX 75670 | 50640 | Motors Liquidation Company | $0.00 $0.00 $0.00 $49,516.40 $49,516.40 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| SUD-CHEMIE PROTOTECH 32 FREMONT ST NEEDHAM, MA 02494-2933 | 16531 | Motors Liquidation Company | $0.00 $0.00 $0.00 $3,900.00 $3,900.00 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

261st Omnibus Objection                        **Exhibit B**                        <u>Motors Liquidation Company, et al.</u>
                                                                    Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| THERESA BROWN 2233 GODWIN AVE SE  GRAND RAPIDS, MI 49507-3129 | 46178 | Motors Liquidation Company | $0.00 $0.00 $0.00 $45,881.25 $45,881.25 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |
| TXU ENERGY RETAIL COMPANY LLC CO BANKRUPTCY DEPARTMENT PO BOX 650393 DALLAS, TX 75265-0393 | 589 | Motors Liquidation Company | $0.00 $0.00 $0.00 $562,629.14 $562,629.14 | (S) (A) (P) (U) (T) | No Liability: Non-Debtor (GM to Assume) | Pgs. 5-6 |

| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 23 | | $0.00 $49,415.00 $0.00 $1,809,741.35 $1,859,156.35 | (S) (A) (P) (U) (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

261st Omnibus Objection

**Exhibit C**

<u>Motors Liquidation Company, et al.</u>
Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| AUSTIN AND REBECCA VIALL 710 KELLER LANE TUSCUMBIA, AL 35674 | 70910 | Motors Liquidation Company | Unliquidated | | No Liability: Securities Claim | Pgs. 6-7 |
| BOYER, CHRISTEL I 1997 TRIPLE TREE RD BOZEMAN, MT 59715-7816 | 63456 | Motors Liquidation Company | $0.00 | (S) | No Liability: Securities Claim | Pgs. 6-7 |
| | | | $0.00 | (A) | | |
| | | | $28,947.09 | (P) | | |
| | | | $0.00 | (U) | | |
| | | | $28,947.09 | (T) | | |
| BYRAM, JERRY W 220 WHITE ST LEESBURG, AL 35983-3650 | 2766 | Motors Liquidation Company | Unliquidated | | No Liability: Securities Claim | Pgs. 6-7 |
| CLAYBORN COLEMAN C/O CHARLES W PULLIAM ATTORNEY AT LAW 931 E 192ND PL GLENWOOD, IL 60425 | 71176 | Motors Liquidation Company | $0.00 | (S) | No Liability: Securities Claim | Pgs. 6-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $20,000.00 | (U) | | |
| | | | $20,000.00 | (T) | | |
| KENNEDY, ALAN W 47183 SUNNYBROOK LN NOVI, MI 48374-3643 | 21966 | Motors Liquidation Company | $0.00 | (S) | No Liability: Securities Claim | Pgs. 6-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $62,084.11 | (U) | | |
| | | | $62,084.11 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

261st Omnibus Objection

**Exhibit C**

<u>Motors Liquidation Company, et al.</u>
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| VANESSA A SMITH / MARCIA PRICE<br>1724 OTTAWA DR<br><br>TOLEDO, OH 43606 | 70760 | Motors Liquidation Company | | No Liability: Securities Claim | Pgs. 6-7 |
| | | | Unliquidated | | |

| | | | | | |
|---|---|---|---|---|---|
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 6 | | $0.00    (S) | | |
| | | | $0.00    (A) | | |
| | | | $28,947.09    (P) | | |
| | | | $82,084.11    (U) | | |
| | | | $111,031.20    (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                         :      **Chapter 11 Case No.**

In re                                :

                                   :      **09-50026 (REG)**

**MOTORS LIQUIDATION COMPANY,** *et al.* :
      **f/k/a General Motors Corp.,** *et al.,* :
                                   :      **(Jointly Administered)**

                 **Debtors.**        :

                                   :
------------------------------------------------------------ x

<u>**ORDER GRANTING 261st OMNIBUS OBJECTION TO CLAIMS**</u>
**(No Liability Claims)**

      Upon the 261st Omnibus Objection to expunge certain claims, dated November 17,

2011 (the "**261st Omnibus Objection to Claims**"),[6] of the Motors Liquidation Company GUC

Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in

connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as

may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section

502(b) of title 11, United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures**

**Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the No Liability

Claims on the grounds that such claims seek recovery of amounts for which the Debtors are not

liable, all as more fully described in the 261st Omnibus Objection to Claims; and due and proper

notice of the 261st Omnibus Objection to Claims having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the relief

---

[6] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the 246th Omnibus Objection to Claims.

sought in the 261st Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 261st Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the relief requested in the 261st Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibits "A" and "B"** annexed hereto are disallowed and expunged; and it is further

ORDERED that, the claims listed on **"Exhibit C"** annexed hereto are reclassified as equity under the Plan and disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibits "A", "B" and "C"** annexed to the 261st Omnibus Objection to claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
     New York, New York

                                             _____
                                             United States Bankruptcy Judge