CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 223-4000
Fax: (212) 223-4134
Michael V. Blumenthal
Steven B. Eichel

Attorneys for the
Revitalizing Auto Communities Environmental Response Trust
f/k/a Environmental Response Trust

Michael O. Hill
General Counsel and Chief Operating Officer
Revitalizing Auto Communities
Environmental Response Trust
2930 Ecorse Road
Ypsilanti, MI 48198

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY, et al.,<br>f/k/a General Motors Corp., et al,<br><br>Debtors. | Chapter 11 Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**DECLARATION OF SCOTT R. HAMILTON IN SUPPORT OF MOTION OF THE REVITALIZING AUTO COMMUNITIES ENVIRONMENTAL RESPONSE TRUST FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1142 TO ENFORCE DEBTORS PAYMENT OBLIGATIONS UNDER THE SECOND AMENDED JOINT CHAPTER 11 PLAN AND THE CONFIRMATION ORDER**

Scott R. Hamilton, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the Chief Financial Officer of the Revitalizing Auto Communities Environmental Response Trust ("RACER" or "Trust"). I previously served as Controller of Motors Liquidation Company ("MLC"). I respectfully submit this declaration to provide the Court with the information set forth below.

2. Annexed hereto as Attachment A is a true and accurate copy of a "Flow of Funds Summary" created by Debtors and reflecting (in Rows 1-5) Debtors' statement of the value, as of March 30, 2011, of cash and U.S. Treasury securities that MLC and certain affiliated debtors (collectively, "Debtors") transferred to RACER on or about March 31, 2011.

3. Annexed hereto as Attachment B is a true and accurate copy of an October 21, 2011 letter from U.S. Bank, which has, since March 31, 2011, served as custodian of all cash and U.S. Treasury securities that the Trust has received from Debtors.

4. Attachment B lists the value of cash and U.S. Treasury securities that Debtors transferred to the Trust on the Effective Date. The U.S. Treasury securities have varying maturity dates and stated interest rates. Attachment B shows the fair market value of the transferred U.S. Treasury securities (including accrued interest) as of the Effective Date, and also specifies the maturity dates and stated interest rates of those U.S. Treasury securities.

5. It is my understanding that Debtors, based on their accumulated knowledge and experience with respect to the Trust's anticipated environmental and administrative spending needs over the life of the Trust (which knowledge and experience I do not question), had selected the maturity dates and stated interest rates associated of the U.S. Treasury securities reflected in Attachment B to meet the Trust's anticipated spending needs.

6. It is also my understanding that the United States Government had approved the combination of assets that Debtors transferred to RACER on the Effective Date.

7. In light of the foregoing, RACER held and intends to continue holding until maturity the U.S. Treasury securities transferred to it by MLC on the Effective Date. For the same reasons, had MLC transferred Cash to RACER in the amounts recorded as "amount[s] in

U.S. Dollars" in Rows 1 through 5 of Attachment A, RACER would have purchased the same securities on or immediately after the Effective Date, but at the cost reflected in Attachment B.

8. To avoid risks associated with purchasing longer-term U.S. Treasury securities before the Trust has determined whether any changes are needed to the mix of securities that Debtors recommended (and that I understood U.S. Treasury to have approved), Cash that RACER has received on and after the Effective Date has been placed in U.S. Treasury securities with relatively short maturity dates (e.g., three to twelve months) and a money market fund that invests exclusively short-term U.S. Treasury securities.

9. These securities provide relatively little interest income, typically less than 0.02% or less per year.

10. Therefore, had RACER received an additional $13,505,874 in Cash on March 31, 2011, that Cash would likely have since earned interest in an amount of more than $1,000 but less than $2,000.

11. Annexed hereto as Attachment C is a true and accurate copy of a November 10, 2011 letter from MLC providing notice of its intent "to file a certificate of dissolution (the "Dissolution Certificate") with the Secretary of State of the State of Delaware during the week beginning December 11, 2011, and upon the filing of the Certificate (or such later time as set forth in the Dissolution Certificate), the Company [MLC] will be dissolved."

12. Annexed hereto as Attachment D is a true and accurate copy of the U.S. Bank Trust and Custody Services Report on Controls Placed in Operation and Tests of Operating Effectiveness for the period from October 1, 2009 to September 30, 2010. It was supplied to me by a US Bank representative in response to my request for the most recent version of this Report.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2011 in Ypsilanti, Michigan.

/s/ Scott R. Hamilton
Scott R. Hamilton