Roger A. Geddes, Esq.
LAW OFFICES OF ROGER A. GEDDES
16211 N. Scottsdale Rd., Suite 470
Scottsdale, Arizona 85254
Telephone (602) 955-7220
Facsimile (800) 726-5013


Attorney for Claimant Erica L. Davis

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                           :
                                                                :    **Chapter 11**
                                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,    :    Case No. 09-50026 (REG)
    f/k/a **General Motors Corp.**, *et al*.             :
                                                                :    **(Jointly Administered)**
                    Debtors.                                    :
                                                                :
----------------------------------------------------------------x


**PRELIMINARY OPPOSITION OF ERICA L. DAVIS TO 244TH OMNIBUS OBJECTION
TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS
(CLAIM NO. 71085)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE

      1.    Claimant Erica L. Davis ("Davis") submits, among other things, that a determination with respect to the objection to her claim filed herein (claim no. 71085) is premature.

      2.    Davis has filed an action in the Superior Court of California, County of San Diego, against various automobile dealers from which she purchased a General Motors vehicle and other potential defendants. Davis was injured when she was burned by a defective car seat heater in the aforementioned General Motors vehicle prior the commencement of this subject bankruptcy proceeding.

      3.    Davis did not receive nor did she have actual notice of the claims bar date in this subject bankruptcy proceeding.

      4.    Discovery in the state court action is proceeding to determine, among other things, what the defendants in the state court action knew or should have known regarding the aforementioned defect.

      5.    Discovery in the state court action may uncover that debtor knew or should have known that the vehicle purchased by Davis was defective and that Davis was injured or that there was a high

probability that Davis would be injured by the defective vehicle. Discovery may determine that Davis was or should have been a known creditor of debtor deserving of actual notice of the claims bar date.

Dated: November 21, 2011

/s/     Roger A. Geddes
Roger A. Geddes, Esq.
LAW OFFICES OF ROGER A. GEDDES
16211 N. Scottsdale Rd., Suite 470
Scottsdale, Arizona 85254
Telephone (602) 955-7220
Facsimile (800) 726-5013