

# B.J. HARRINGTON
### ATTORNEY AT LAW

148 RUE TOULINE · P.O. BOX 603
NATCHITOCHES, LA 71458-0603

BILLY JOE HARRINGTON
ATTORNEY AT LAW

TELEPHONE: (318) 352-4192
FAX: (318) 352-8702
harrington@cp-tel.net

November 17, 2011

Clerk, United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    **RE:**   **Motors Liquidation Company, et al.,
f/k/a General Motors Corp., et al.
Case # 09-50026 (REG)**

Dear Clerk:

Enclosed please find for filing a Motion/Memorandum in Opposition to Omnibous Objection to Claims and Motion Requesting Enforcement of Bar Date Orders (Late Filed Claims), in reference to the above. An order is also attached.

                                              Sincerely,

                                              Billy J. Harrington
                                              Attorney at Law

BJH/tfh

Enclosures



RECEIVED
NOV 22 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

RECEIVED
NOV 22 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | CHAPTER 11 |
| IN RE | CASE NO. 09-50026 (REG) |
| MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION, ET AL, DEBTORS | (JOINTLY ADMINISTERED) |

### MOTION/MEMORANDUM IN OPPOSITION TO OMNIBOUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS (LATE FILED CLAIMS)

NOW INTO COURT, though undersigned counsel, comes and appears Cathy Sue Overstreet, individually and on behalf of Megan Overstreet and Katlyn Overstreet (minors) who respectfully respond to the Motion Requesting Enforcement of Bar Date Orders filed by Motors Liquidation Company GUC Trust ("debtor") as follows:

1.

Attached hereto is the Affidavit of Louisiana attorney Billy Joe Harrington who was co-counsel handling the claim of Cathy Sue Overstreet, individually and on behalf of Megan Overstreet and Katlyn Overstreet originally filed against General Motors Corporation on March 19, 2008 and served on General Motors Corporation on March 31, 2008.

2.

The petition indicates that General Motors Corporation was aware of the vehicle involved, the injuries and the allegations of fault as of the date they were served i.e. March 31, 2008.

3.

In connection with the litigation discovery was undertaken which included the depositions of Cathy Sue Overstreet, Megan

Overstreet and Katlyn Overstreet on December 18, 2008 by the attorney for General Motors Corporation so as of that date they had a full understanding of the theory of the case and the injury sustained.

4.

As the parties were in the process of scheduling an inspection of the vehicle involved, General Motors Corporation filed for bankruptcy protection and listed the claims of Cathy Sue Overstreet and her minor children, Megan Overstreet and Katlyn Overstreet as creditors in that bankruptcy.

5.

A Proof of Claim form was sent to Cathy C. Overtreet, Megan Overstreet and Katlyn Overstreet and was provided in a timely fashion to Billy Joe Harrington who gave the form to his secretary for electronic filing.

6.

The secretary had difficulty in filing the Proof of Claim form electronically and failed to mention it to Billy Joe Harrington.

7.

The secretary left the employment of Billy Joe Harrington without ever advising him that the claim had not been filed and months went by before the fact was discovered that the claim had not been filed on behalf of Cathy Sue Overstreet, Megan Overstreet or Katlyn Overstree.

8.

Immediately upon notification Billy Joe Harrington began trying to determine the necessary procedure involved for filing a late claim.

9.

A claim was filed with the United States Bankruptcy Court for the General Motors Corporation in October 2010.

10.

Recently Motors Liquidation Company GUC Trust a/k/a General Motors Corporation reviewed the claims and filed motions to have late filed claims dismissed.

11.

Some of the claims were summarily dismissed but the ones where objections were entered were set for hearing in later November 2011.

12.

As shown by the attached Affidavit, this late claim should be allowed filed under the rulings In Re: Bell Trami Enterprises, Inc., 178 B.R. 389 (U.S. Bankruptcy M.D. Pennsylvania 1994), wherein they interpreted guidelines for allowing late filings as set forth by the United States Supreme Court in Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed. 2d 74 (1993).

13.

As shown by the attached Affidavit there exists "excusable

neglect" in this case and there is a complete absence of prejudice and therefore the Proof of Claim of Cathy Sue Overstreet, Megan Overstreet and Katlyn Overstreet should be accepted in this bankruptcy proceeding. In Re: Bell Trami Enterprises, Inc., supra.

14.

In determining whether or not there is "excusable neglect" the Court should use a balancing test in weighing whether or not granting the Proof of Claim would prejudice the debtor, have an impact on the efficient court administration, whether or not the delay was beyond the reasonable control of the party whose duty it was to perform and whether the creditor acted in good faith and whether or not the creditor should be penalized for the mistake or neglect of their counsel. In this case all of the factors weigh in favor of allowing the filing of the Proof of Claim for Cathy Sue Overstreet, Megan Overstreet and Katlyn Overstreet since the delay will not prejudice the debtor, it will not affect the efficient court administration, the delay was beyond the control of Cathy Sue Overstreet, Megan Overstreet and Katlyn Overstreet and Cathy Sue Overstreet, Megan Overstreet and Katlyn Overstreet should not be penalized for the mistake or neglect of their counsel. Furthermore, pure speculation that a distribution of any monies in the bankruptcy to all the creditors might be reduced by an allowance of additional claims are not sufficient grounds to deny a late filing of a claim. In Re: Bell Trami Enterprises, Inc., supra.

15.

Cathy Sue Overstreet, Megan Overstreet and Katlyn Overstreet pray that this motion/memorandum and the supporting Affidvait be filed of record submitted to the Court for consideration at the upcoming hearing.

WHEREFORE, Cathy Sue Overstreet, Megan Overstreet and Katlyn Overstreet pray that this motion/memorandum and supporting Affidavit be filed of record and considered by the Court at the upcoming hearing.

RESPECTFULLY SUBMITTED,

BILLY JOE HARRINGTON
Attorney at Law
Post Office Box 838
Natchitoches, Louisiana 71458

BY: _____
BILLY JOE HARRINGTON, Attorney for
Cathy Sue Overstreet, Megan Overstreet
and Katlyn Overstreet
Bar Roll 16961

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been served upon all attorneys of record by depositing a copy of same in the U. S. Mail, postage prepaid and properly addressed, this __31__ day of __October__, 2011.

_____
OF COUNSEL

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | CHAPTER 11 |
| IN RE | CASE NO. 09-50026 (REG) |
| MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION, ET AL, DEBTORS | (JOINTLY ADMINISTERED) |

### **ORDER**

Considering the above and foregoing;

IT IS HEREBY ORDERED that the Motion/Memorandum and attached Affidavit be filed of record to be considered by this Court at the upcoming hearing of the Notice of 243rd Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date Orders (Late Filed Claims) filed by Motors Liquidation Company GUC Trust ("Debtor").

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT        CHAPTER 11

IN RE                                 CASE NO. 09-50026 (REG)

MOTORS LIQUIDATION COMPANY F/K/A      (JOINTLY ADMINISTERED)
GENERAL MOTORS CORPORATION, ET AL,
DEBTORS

## AFFIDAVIT

BEFORE ME, the undersigned Notary Public, and two competent witnesses, did personally come and appear BILLY JOE HARRINGTON, who after first duly sworn did depose and state the following based on his own knowledge, information and belief:

Billy Joe Harrington is a licensed attorney in Louisiana under Louisiana Bar Roll Number 16961 and is licensed to practice in Louisiana Bankruptcy Court.

Billy Joe Harrington is co-counsel in the cases entitled Cathy Overstreet v. General Motors, Corp., et al, Docket Number 40990 filed in the Eighth Judicial District Court, Winn Parish, Louisiana and the companion case of Cathy Overstreet on behalf of Katlyn Overstreet and Megan Overstreet bearing Docket Number 40989 of the Eighth Judicial District Court in Winn Parish, Louisiana.

These suits were filed on March 19, 2008 and both were served on General Motors Corporation through CT Corporation on March 31, 2008.

Extensive discovery was undertaken by counsel for General Motors Corporation, including interrogatories/production requests and depositions, including the depositions of Cathy Overstreet, Katlyn Overstreet and Megan Overstreet on December 18, 2008.

The litigation had reached a point wherein the points were in the process of scheduling experts to examine the vehicle when General Motors Corporation filed for bankruptcy protection.

In light of the bankruptcy the vehicle has not been formally inspected.

Billy Joe Harrington promptly and timely received a Proof of Claim form to be filed by Cathy Sue Overstreet, Katlyn Overstreet and Megan Overstreet.

Billy Joe Harrington gave the Proof of Claim form to his secretary who customarily filed the Proof of Claim forms with the Bankruptcy Court but she could not file the claim electronically and failed to tell Billy Joe Harrington that the claim was not filed.

Months later Billy Joe Harrington discovered that the claim had not been filed and then began trying to determine the proper procedure since the filing date had passed.

Billy Joe Harrington filed a Proof of Claim for Cathy Overstreet, Katlyn Overstreet and Megan Overstreet which was filed into the record in October of 2010.

Billy Joe Harrington does not know of any legal proceedings that occurred in the bankruptcy proceeding before filing the Proof of Claim in October of 2010 which would in any way have prejudiced General Motors Corporation and/or Motors Liquidation Company.

The sole reason for the late filing was "excusable neglect" and Cathy Sue Overstreet, Katlyn Overstreet and Megan Overstreet

are completely free of any responsibility or fault in the late filing.

Billy Joe Harrington is unaware, under the existing case law, of any prejudice which will be suffered by General Motors Corporation or Motors Liquidation Company GUC Trust if the claims of Cathy Overstreet, Katlyn Overstreet and Megan Overstreet are allowed to be processed during the bankruptcy proceeding.

THUS DONE AND SIGNED in Natchitoches, Louisiana on this 31st day of October, 2011.

WITNESSES:

_____
[signature]

_____
Carolyn Stothart

_____
BILLY JOE HARRINGTON
Louisiana Bar Roll Number 16961

_____
NOTARY PUBLIC
R. Lynn Quinn
#15836