**Hearing Date and Time: December 8, 2011 at 9:45 A.M.**

Maureen F. Leary
Assistant Attorney General
New York State Office of the Attorney General
Environmental Protection Bureau
The State Capitol
Albany, New York  12224-0341
Telephone: (518) 474-7154
Facsimile: (518) 473-2534
*Counsel for the State of New York and*
*The New York State Department of Environmental Conservation*

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** <br><br> **MOTORS LIQUIDATION COMPANY, et al.,** <br> **f/k/a General Motors Corp., et al.,** <br><br> Debtors. | Chapter 11 Case No. 09-50026(REG) <br><br><br><br><br> (Jointly Administered) |

**EX PARTE MOTION BY THE STATE OF NEW YORK TO ENLARGE THE TIME TO FILE THE GOVERNMENTAL ENTITIES' STATEMENT IN SUPPORT OF THE REVITALIZING AUTO COMMUNITIES ENVIRONMENTAL RESPONSE TRUST'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1142 TO ENFORCE DEBTORS' PAYMENT OBLIGATIONS UNDER THE SECOND AMENDED JOINT CHAPTER 11 PLAN AND THE CONFIRMATION ORDER**

**Please Take Notice** that upon the annexed Declaration of Maureen F. Leary and the Statement in Support of the Motion filed by the Revitalizing Auto Communities Environmental Response Trust for an Order Pursuant to 11 U.S.C. § 105 and 1142 to Enforce Debtors' Payment Obligations Under the Second Amended Joint Chapter 11 Plan and the Confirmation Order, the State of New York will move this Court pursuant to

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure and Rule 9077-1 of the Local Rules of this Court, at a hearing before the Honorable Robert E. Gerber, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, on December 8, 2011 at 9:45 A.M., to enlargement the response deadline and for an order granting leave to file the Governmental Entities' Statement in Support after the December 1, 2011 filing deadline.  No previous application for the relief requested in this Motion has been made.

Dated: December 6, 2011

              ERIC T. SCHNEIDERMAN
              Attorney General of the
              State of New York

BY: _____
   MAUREEN F. LEARY
   Assistant Attorney General
   New York State Department of Law
   Environmental Protection Bureau
   The Capitol
   Albany, New York  12224
   Tel: (518) 474-7154
   Fax: (518) 473-2534
   Maureen.Leary@ag.ny.gov

**UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re <br><br> **MOTORS LIQUIDATION COMPANY, et al.,** <br> **f/k/a General Motors Corp., et al.,** <br><br> Debtors. | Chapter 11 Case No. 09-50026(REG) <br><br><br> (Jointly Administered) |

**DECLARATION OF MAUREEN F. LEARY IN SUPPORT OF NEW YORK'S EX PARTE MOTION TO ENLARGE THE RESPONSE DEADLINE FOR THE FILING OF THE GOVERNMENTAL ENTITIES' STATEMENT IN SUPPORT OF THE REVITALIZING AUTO COMMUNITIES ENVIRONMENTAL RESPONSE TRUST'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1142 TO ENFORCE DEBTORS' PAYMENT OBLIGATIONS UNDER THE SECOND AMENDED JOINT PLAN AND CONFIRMATION ORDER**

1. I am an Assistant Attorney General in the Office of the New York State Attorney General. I submit this Declaration in support of New York's Ex Parte Motion pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure for an order to enlarge the response filing deadline and for leave to file the attached Governmental Entities' Statement in Support of the Motion by the Revitalizing Auto Communities Environmental Response ("RACER") Trust to enforce the obligations under the Debtor's Amended Plan and this Court's March 2011 Confirmation Order. There is good cause, and alternatively, excusable neglect, for the relief requested. New York and the other Governmental Entities have not filed a previous application for the relief requested. The RACER Trust has consented to the relief requested in this motion. MLC has not responded to New York's written request for MLC's consent to the relief requested.

3

2.    On or about November 15, 2011, the Governmental Entities received an email from counsel for the United States scheduling a conference call for Friday, November 18, 2011 to discuss "an issue" related to the RACER Trust's funding. On or about November 16, 2011, New York learned the details of the underfunding dispute between the RACER Trust and MLC related to the value of certain securities transferred as consideration from MLC to the RACER Trust under the terms of the October 2010 Consent Decree.

3.    On or about November 21, 2011, the Governmental Entities conferred with representatives of the RACER Trust, who advised that the Trust intended to file the Motion to enforce the provisions of the Amended Plan and Confirmation Order.

4.    During or shortly before the November 18 conference call with the United States, the remaining Governmental Entities became aware of the details of the underfunding dispute between the RACER Trust and MLC. As set forth in the RACER Trust's Motion, the dispute involves a shortfall in Trust funding of approximately $13.5 million, which could directly impact the Trust's remediation and redevelopment of contaminated sites in numerous States that are addressed under the Consent Decree. The interests of the Governmental Entities are therefore directly affected by the underfunding dispute and have a strong interest in the outcome of the Trust's Motion.

5.    Thereafter, New York conferred with representatives of the RACER Trust and learned of their efforts to negotiate a stipulation with MLC to preserve the status quo by depositing the disputed shortfall amount plus interest in an escrow account in order to protect the Trust's interest after MLC's planned December 11, 2011 dissolution. The

Trust advised that MLC had asked for the Trust's consent to adjourn the December 8 hearing date and delay MLC's response to the Motion until some time in January .

6. Based upon discussions with the RACER Trust, New York believed that the time frame for filing responses to the Motion and an agreement preserving the status quo would be reached between the Trust and MLC *prior* to the December 8 hearing date, and that both the response and hearing dates would be adjourned. On or about November 30, 2011, New York conveyed this belief to the other Governmental Entities. The Governmental Entities therefore did not file this Statement in Support of the Motion by the December 1, 2011 deadline.

7. In the late afternoon of Friday, December 2, 2011, the Governmental Entities learned that the Trust and MLC had not reached an agreement regarding either the adjournment to the hearing (and the response deadline) or the preservation of the status quo by depositing the disputed amount in escrow. Because the Governmental Entities required certain internal approvals in order to sign and collectively file this Statement in Support, there were further delays to the filing of the Statement in Support.

8. In light of the foregoing, New York respectfully submits that there is good cause for enlargement of the time frame for responding to the motion. Alternatively, there is excusable neglect for the Governmental Entities failure to timely file their Statement in Support of the Trust's Motion.

9. The position of the Governmental Entities on the Trust's Motion will inform the Court in its consideration of the Trust's Motion. The Governmental Entities, as signatories and beneficiaries to the October 2010 Consent Decree and Trust Agreement have a strong interest in the outcome of the Motion. As set forth in the

attached Statement in Support, the Governmental Entities have been and will continue to be prejudiced by further delays to resolution of this dispute (Statement in Support, ¶¶ 3-4).

10. MLC will not prejudiced by the Court's acceptance of this late filing and the Governmental Entities do not object to the Court providing a reasonable time frame for MLC's response.

Date: December 6, 2011

_____
MAUREEN F. LEARY
Assistant Attorney General