**Hearing Date and Time: December 8, 2011 at 9:45 a.m. (Eastern Time)**
**Response Deadline: December 1, 2011 at 4:00 p.m. (Eastern Time)**

Maureen F. Leary
Assistant Attorney General
New York State Office of the Attorney General
Environmental Protection Bureau
The State Capitol
Albany, New York  12224-0341
Telephone: (518) 474-7154
Facsimile: (518) 473-2534
*Counsel for the State of New York and*
*The New York State Department of Environmental Conservation*

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| **MOTORS LIQUIDATION COMPANY, et al.,** **f/k/a General Motors Corp., et al.,** | **Chapter 11 Case No. 09-50026(REG)** |
| **Debtors.** | **(Jointly Administered)** |

**STATEMENT OF THE STATES OF NEW YORK, NEW JERSEY, OHIO,**
**MISSOURI, KANSAS, MICHIGAN, LOUISIANA, WISCONSIN, THE**
**COMMONWEALTH OF MASSACHUSETTS, AND THE ST. REGIS MOHAWK TRIBE**
**IN SUPPORT OF THE REVITALIZING AUTO COMMUNITIES ENVIRONMENTAL**
**RESPONSE TRUST'S MOTION FOR AN ORDER PURSUANT TO**
**11 U.S.C. §§ 105 AND 1142 TO ENFORCE DEBTORS' PAYMENT**
**OBLIGATIONS UNDER THE SECOND AMENDED JOINT**
<u>**CHAPTER 11 PLAN AND THE CONFIRMATION ORDER**</u>

**ERIC T. SCHNEIDERMAN**
**Attorney General of the State of New York**

**MAUREEN F. LEARY**
**Assistant Attorney General**

**Of Counsel**

# TABLE OF CONTENTS

Page

Preliminary Statement ........................................................................................................1

Statement of Interest .........................................................................................................2

Factual Background ............................................................................................................4

The Consent Decree and Trust Agreement .....................................................................4

Amended Plan and Confirmation Order ..........................................................................6

MLC Transfer of Funding to the Trust ...........................................................................7

MLC Dissolution ...............................................................................................................7

Argument ...........................................................................................................................8

Conclusion .......................................................................................................................10

i

## PRELIMINARY STATEMENT

The undersigned States and the St. Regis Mohawk Tribe, as sovereign governmental entities (hereinafter collectively "Governmental Entities") and signatories to the October 2010 Environmental Response Trust Consent Decree and Settlement Agreement ("Consent Decree") and Environmental Response Trust Agreement ("Trust Agreement") submit this Statement in Support of the Revitalizing Auto Communities Environmental Response Trust's ("RACER") Trust's November 21, 2011 Motion for an Order Pursuant to 11 U.S.C. §§ 105 and 1142 to Enforce the Debtors' Payment Obligations Under the Second Amended Joint Chapter 11 Plan and Confirmation Order (Docket Nos. 11164 and 11165). The RACER Trust's Motion asserts that Motors Liquidation Company ("MLC") has failed to comply with the Amended Plan and this Court's March 29, 2011 Confirmation Order by failing to properly fund the Trust. The Motion asks the Court to determine a straightforward issue of law regarding whether MLC has fully complied with the terms and conditions of the Plan and Confirmation Order regarding the *value* of the consideration it was required to transfer to the RACER Trust. The Governmental Entities assert that MLC has also violated the express terms of the October 2010 Consent Decree and Trust Agreement approved by this Court by underfunding the Trust. The Governmental Entities have been significantly prejudiced by MLC's actions and have been deprived of the benefit to which they are entitled.

## STATEMENT OF INTEREST

1.      The simple legal question posed by the RACER Trust's Motion is whether MLC transferred to the RACER Trust the consideration expressly required under the Consent Decree - and which the Governmental Entities expected to be transferred when they executed the Consent Decree. There is no issue of fact presented, no need for extensive briefing, and no reason to

further delay hearing and resolution of the Motion.  The Governmental Entities therefore oppose MLC's attempt to adjourn or otherwise delay the December 8, 2011 hearing and a prompt resolution of the Trust's Motion, as set forth in MLC's December 1, 2011 abbreviated response. The Governmental Entities respectfully request that the Court consider and rule upon the Trustee's Motion *before* MLC's dissolution, which is scheduled for December 11, 2011 (Hamilton Decl., Attachment C).[1]  Alternatively, the Governmental Entities respectfully request that the Court enter an order delaying MLC's dissolution and thereby maintain the status quo until the dispute is ruled upon or otherwise resolved.  MLC's pending dissolution may eliminate the ability of the Governmental Entities - and this Court  - to enforce the Consent Decree and the terms of the Amended Plan and Confirmation Order.  MLC's dissolution may further complicate the RACER Trust's ability to recover the funding shortfall and thereby cause the Trust to incur additional unwarranted costs.

2.      The Governmental Entities also strongly object to MLC's suggestion that an "in-chambers or telephonic conference" should be held in lieu of the December 8, 2011 hearing (MLC Response, ¶ 3).  The Governmental Entities are not the only parties interested in the resolution of this dispute.  The communities in which the Trust properties are located, including the municipalities, economic development interests, and the general public, have a significant interest in assuring adequate funding for the remediation of the contaminated properties held by the Trust.  They too have a strong interest in the prompt resolution of the Motion.  An in-chambers or telephonic conference, rather than a full hearing and determination on the merits at this time, is simply not in the public interest and is entirely inconsistent with principles of open

---

[1] References are to the Affidavit of Scott Hamilton and Attachments, submitted in support of the RACER Trust's Motion.

public access to the federal courts.  A hearing by the Court, particularly given the simplicity of the issue, is in the public interest because it is the most expeditious and cost effective way to end the dispute.

3.     The Governmental Entities have been prejudiced by the actions of MLC, which have not only deprived them of the full and expected benefit of the Consent Decree, but have caused the expenditure of valuable Trust resources during the Trustee's attempt to resolve the underfunding dispute.  On information and belief, the Trustee made good faith and extensive efforts to resolve this dispute with MLC before bringing it to the Court.  These efforts, and the Trust having to litigate the dispute, had an unexpected cost.  Resources for this dispute were not specifically budgeted or funded under the Trust.

4.     The Governmental Entities will continue to be prejudiced if this dispute is not resolved expeditiously because the Trust will continue to incur costs, including attorneys fees, and will otherwise not have its full attention directed to fulfilling the primary objective of the Consent Decree, namely, to remediate and redevelop MLC's contaminated properties for the benefit of the communities in which they are located.  Finally, further delay to resolution countenances MLC's violation of the express provisions of the Amended Plan and the Confirmation Order which may remain unaddressed upon MLC's dissolution.

5.     The Governmental Entities therefore have a significant interest not only in the successful outcome of the Trust's Motion, but in the hearing going forward publicly on December 8, and in the prompt resolution of the Motion without further delay and additional expenditure of Trust resources.

## FACTUAL BACKGROUND

6.      In June 2009, General Motors Corporation ("GM") and certain affiliates filed Chapter 11 petitions.  On July 5, 2009, the Court approved the sale of substantially all of GM's assets to New GM.  Excluded from the sale were numerous environmentally contaminated properties owned, operated and polluted by GM.  The Debtor, GM, became known as MLC, and continued to own and have liability for the excluded contaminated properties.  The contaminated properties were "maintained" during the pendency of the bankruptcy with debtor-in-possession ("DIP") financing.  MLC had DIP financing of approximately $1.175 billion, which funded "wind-down" and other administrative responsibilities, including MLC's operational funding and the payment of professionals.

## THE CONSENT DECREE AND TRUST AGREEMENT

7.      For more than a year, the Governmental Entities, the United States Department of Treasury, the United States Environmental Protection Agency, and MLC negotiated a resolution to the problem of addressing the contaminated properties across several States excluded from the asset sale to New GM.  Many of the properties posed a significant threat to human health and/or the environment and required on-going remedial activities.

8.      In October 2010, the Government Entities, the United States, and MLC executed the Consent Decree and Trust Agreement, and lodged it with the Court (Exhibit A, Consent Decree and Trust Agreement, attached hereto).  The Consent Decree created the RACER Trust, an environmental Trust designed primarily to fund the clean up, management, redevelopment and/or sale of the contaminated properties excluded from the asset sale to New GM and held by MLC.  Thus, the Consent Decree's express objective is to remediate and return to use contaminated properties owned and polluted by GM (Consent Decree ¶ 29, pp. 11-12).

4

9.      The Consent Decree allowed MLC to transfer the contaminated properties it owned to the RACER Trust, but also required MLC to make a one-time $641.4 million payment (minus certain "adjustments")[2] in exchange for a release from liability related to the properties. The Trust Agreement appended to the Consent Decree required the $641.4 million payment to be made in cash (Trust Agreement § 2.5.1).[3]  The Consent Decree split the $641.4 million payment into four separate categories and defined how the RACER Trust would use funding in each category RACER Motion (Consent Decree ¶¶ 45-60, pp. 24-36).  A major portion (nearly $500 million) of the total MLC payment under the Consent Decree was intended for use in remediating the contaminated properties transferred from MLC to the Trust.  The RACER Trustee was given the sole discretion to invest the $641.4 million Trust funding upon receipt of the cash payment from MLC (Trust Agreement § 2.8).

10.      During the negotiations for the RACER Trust, the Governmental Entities rejected MLC's attempts to fund the Trust with instruments other than cash, including funding mechanisms involving the use of insurance policies.  The Governmental Entities at that time recognized the volatility of the market and sought to assure that the Trust's funding had little or

---

[2] The Consent Decree required the transfer of $641.4 million minus "adjustments" for certain Government-approved costs MLC itself had expended on the properties prior to the Plan's effective date (Consent Decree ¶¶ 32 and 36, pp. 15-16; 17-18).  As the Trustee's motion notes, subtracting the adjustments, MLC was required to transfer $625.2 million to the RACER Trust on the Amended Plan's effective date (RACER Motion, ¶ 18).

[3] The Trust ¶ 2.5.1, p.11 states: "Funding.  On the Effective Date, the Settlors [MLC] *shall (1) transfer or cause to be transferred to the Environmental Response Trust* or at the direction of the Environmental Response Trust Administrative Trustee *cash in the amount of no less than $641,414,653,* which constitutes the Environmental Response Trust Funds;…." (emphasis added).

no risk.  Thus, the Governmental Entities insisted that the RACER Trust be funded with MLC's cash payments.

11.    As set forth in the RACER Trust's Motion (¶¶ 3-4), the amount MLC was required to pay the Trust in cash, net of adjustments, was $625.2 million.

12.    The Consent Decree and Trust Agreement provided that each would become effective upon the Amended Plan's effective date and MLC's payment to the Trust was to be made upon the effective date (Consent Decree ¶ 32, pp. 15-16).

13.    On or about March 3, 2011, the Court held a confirmation hearing on MLC's Amended Plan.  On or about March 7, 2011, the Court issued a bench decision as a result of the hearing.  On or about March 29, 2011, the Court issued an order confirming the Amended Plan subject to its March 7 decision.

### AMENDED PLAN AND CONFIRMATION ORDER

14.    As described in the RACER Trust's Motion (¶¶ 3-4), the Amended Plan and the Confirmation Order incorporated the Consent Decree and Trust Agreement and required MLC to pay *in cash* $641,414,653 (minus adjustments) to the RACER Trust on the Amended Plan's effective date (*See* Amended Plan, § 6.4(c), p. 49; Confirmation Order, ¶ 7, p. 19).

15.    Section 6.10 of the Amended Plan provides that within "thirty (30) days *after its completion of the acts required by the Plan,* or as soon thereafter as is practicable, but no later than December 15, 2011, each Debtor shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of each Debtor…."

## MLC TRANSFER OF FUNDING TO THE TRUST

16.    Upon the Amended Plan's effective date, MLC transferred to the RACER Trust certain securities and approximately $49.8 million in cash (RACER Motion, ¶ 4).  MLC did not transfer $641.4 million in cash (net adjustments) to the Trust as required under the Trust Agreement.  MLC did not advise the Governmental Entities of its unilateral decision to fund the Trust with securities rather than cash, and did not notify the Governmental Entities that it intended to ignore a fundamental term of the Consent Decree and Trust Agreement.

17.    On information and belief, MLC has advised the RACER Trust and the United States that it values the transfer of the consideration to the Trust based upon the "net book value" of the securities transferred rather than the fair market value of the securities on the date of transfer.  The financial institution utilized by the RACER Trust values the securities by their fair market value.  On information and belief, financial institutions and financial professionals would not dispute that the value of the securities is based upon their fair market value on the date of transfer.

## MLC DISSOLUTION

18.    In a letter dated November 10, 2001, MLC notified New GM, the RACER Trust, and the Trust for General Unsecured Creditors ("GUC Trust") of its intention to file a certificate of dissolution with the Delaware Secretary of State (Hamilton Aff., Attachment C).

19.    On or about November 15, 2011, the Governmental Entities received an email from counsel for the United States scheduling a conference call for November 18, 2011 to discuss "an issue" related to the RACER Trust's funding.  It was during or shortly before that conference call, that the remaining Governmental Entities became aware of the underfunding dispute.

20.    On or about November 16, 2011, the State of New York learned of the $13.5 million underfunding dispute between the RACER Trust and MLC related to the value of the consideration transferred from MLC to the RACER Trust under the Consent Decree.  The $13.5 million shortfall directly impacts funding for the remediation of contaminated sites under the Trust and thereby affects the interests of the Governmental Entities.

21.    MLC never advised the Governmental Entities that it intends to dissolve without resolving the $13.5 million underfunding dispute set forth in this Motion or the other outstanding disputes in which the Governmental Entities have a strong interest in resolving prior to dissolution.  MLC has not advised the Governmental Entities of how the dispute could be resolved upon its dissolution.

22.    To date, the funding dispute set forth in the RACER Trust's Motion has not been resolved despite the Trust's efforts to reach a stipulated agreement with MLC to pay into Court the disputed amount.  On information and belief, MLC intends to dissolve on as early as December 11, 2011 regardless of whether the dispute is resolved.

## ARGUMENT

23.    In failing to transfer the proper consideration to the RACER Trust on the Plan's effective date, MLC violated the Consent Decree and Trust Agreement, and has failed to complete the acts required under the Amended Plan and Confirmation Order as a prerequisite to its dissolution.  MLC has not earned the right to dissolve under the Amended Plan.  It has not consummated a fundamental aspect of the Amended Plan.

24.    MLC's response to the RACER Trust's Motion seeks to further delay the resolution of the underfunding dispute.  MLC has failed to present to the Trustee or the Court any legal basis for its failure to transfer the required consideration to the Trust in compliance

8

with the Consent Decree, the Trust Agreement, the Amended Plan and the Confirmation Order. Indeed, the non-substantive nature of MLC's December 1 response gives the Court no inkling of the implications of its dissolution, or of the adverse impact further delays will have on both the Trust and the Governmental Entities if such a delay was allowed. MLC's response fails to outline how the resolution of the Motion or other outstanding disputes might be achieved after its dissolution. The absence of any colorable legal or factual basis for its failure to fully fund the Trust with the full value of the consideration required under the Consent Decree indicates that there may be no basis.

25.     The Governmental Entities dispute that the Motion involves the "reallocation of taxpayer funds" (MLC Response, ¶ 3). The Motion involves the issue of *the value* of what MLC was required to transfer to the Trust under the Consent Decree, Plan and Confirmation Order.

26.     On information and belief, MLC may attempt to create yet another Trust to address this and other outstanding disputes. The Governmental Entities oppose MLC's creation of another potentially complex and costly "mechanism" or entity to stand in its stead to resolve the dispute (MLC Response, ¶ 3). Only the professionals forming and running such an entity stand to benefit from this plan.

27.     The Governmental Entities also disagree that MLC needs any time "to consult with Treasury." MLC has had ample time to discuss this matter with Treasury and the United States has indicated it takes no position on the Motion. On information and belief, this dispute has been the subject of many discussions among the RACER Trust, Treasury and MLC. The Governmental Entities were not a party to, and were not aware of, those discussions. MLC does not dispute that it was required to transfer $625.2 million in cash to the Trust. MLC's explanation that the value of the securities transferred was $625.2 million based upon a "net

9

book valuation" is simply without merit. Net book valuation is not applicable to the value of the consideration that MLC was required to transfer to the Trust. First, cash is not valued under a net book valuation exercise. Second, if such a valuation method was applicable to the funding, the Consent Decree and Plan would have expressly stated as much - and would not have expressly required a "cash" payment.[4]

28.    Without notice to the Trust or the parties to the Consent Decree and Trust Agreements, MLC unilaterally and without authority determined to make a significant investment decision to purchase and transfer securities rather than cash to the Trust, and then exacerbated that decision by improperly valuing the securities transferred. This conduct resulted in a $13.5 million shortfall, the loss of the use of those dollars, including accrued interest, and a violation of the Consent Decree, the Amended Plan and the Confirmation Order.

## CONCLUSION

29.    For the reasons set forth above and in the RACER Trust's Motion, the Governmental Entities respectfully request (1) that the December 8, 2011 hearing not be adjourned and that it go forward on the record; (2) that the Motion be determined prior to MLC's dissolution or, alternatively, that the Court enter an order delaying dissolution until such time as MLC fully completes the acts required under the Consent Decree, the Plan, and the Confirmation Order;  (3) that MLC be required to deposit immediately the full amount of the disputed shortfall

---

[4] Net book value refers to the value at which an asset is carried on a company's balance sheet. It is an accounting exercise, and is defined as the value of a corporation's asset minus depreciation and amortization. It is by definition a company's discretionary application of a valuation formula to an asset it owns. Net book valuation values a company and its assets, not the assets of another entity like the Trust here. It is simply not a concept that is applicable to the question of the value of the consideration MLC was required to pay to the Trust on the effective date. *See e.g.,* http://www.investopedia.com/terms/b/bookvalue.asp#ixzz1eO0jZVy4; http://financial-dictionary; www.investinganswers.com; www.investorglossary.com; www.investorwords.com.

plus interest and costs, including attorneys fees, into Court; and (4) for such further relief as the

Court deems just and appropriate.

Dated: December 6, 2011

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

BY: _____

MAUREEN F. LEARY
Assistant Attorney General
New York State Department of Law
Environmental Protection Bureau
The Capitol
Albany, New York  12224
Tel: (518) 474-7154
Fax: (518) 473-2534
Maureen.Leary@ag.ny.gov

11

**FOR THE STATE OF INDIANA**

Date:   December 6, 2011                         _____/s/_____

                                                 TIMOTHY J. JUNK
                                                 Deputy Attorney General
                                                 Atty. No. 5587-02
                                                 Office of the Attorney General
                                                 Indiana Government Center South, Fifth  Floor
                                                 302 West Washington Street
                                                 Indianapolis, IN 46204

**FOR THE STATE OF KANSAS**


Date:   December 6, 2011                    _____/s/_____
                                            Timothy E. Keck
                                            Deputy Chief Counsel
                                            Kansas Department of Health and Environment
                                            1000 SW Jackson, Suite 560
                                            Topeka, KS 66612-1371
                                            785-296-1334
                                            Tkeck@kdheks.gov

**FOR THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL
QUALITY**

Date:   December 6, 2011          _____/s/_____
                                  Christopher A. Ratcliff, Attorney (LA. Bar Roll # 18675)
                                  Louisiana Department of Environmental Quality
                                  P.O. Box 4302
                                  602 N. 5th Street (70802)
                                  Baton Rouge, Louisiana 70821-4302
                                  (225) 219-3985

**FOR THE STATE OF MICHIGAN**


Date:   December 6, 2011                    _____/s/_____
                                           BILL SCHUETTE
                                           Attorney General

                                           Celeste R. Gill (P52484)
                                           Assistant Attorney General
                                           Environment, Natural Resources and
                                           Agriculture Division
                                           6th Floor, G. Mennen Williams Building
                                           525 West Ottawa Street
                                           P.O. Box 30755
                                           Lansing, MI  48909
                                           Tel.: (517) 373-7540
                                           Fax: (517) 373-1610
                                           gillc1@michigan.gov
                                           Attorneys for the Michigan Department
                                           of Environmental Quality

**FOR THE STATE OF MISSOURI**

CHRIS KOSTER
Attorney General of Missouri


Date: December 6, 2011                    _____/s/_____
                                          Jeff Klusmeier
                                          Assistant Attorney General
                                          P.O. Box 899
                                          Jefferson City, Missouri 65102
                                          (573) 751-4854
                                          (573) 751-4323 Fax
                                          Jeff.klusmeier@ago.mo.gov

## FOR THE STATE OF NEW JERSEY

Date:   December 6, 2011                    _____/s/_____
                                            PAULA T. DOW
                                            Attorney General for the State of New Jersey

                            By:    Richard F. Engel
                                   Deputy Attorney General
                                   Richard J. Hughes Justice Complex
                                   25 Market Street
                                   P.O. Box 093
                                   Trenton, New Jersey  08625-0093
                                   Tel.:  (609) 984-4863
                                   Fax:  (609) 341-5030

**FOR THE STATE OF OHIO**

MICHAEL DEWINE
Attorney General for the State of Ohio

Date:   December 6, 2011                          _____/s/_____
                                                    Dale T. Vitale
                                                    Assistant Attorney General
                                                    30 E. Broad Street, 25th Floor
                                                    Columbus, Ohio  43215
                                                    Tel.:  (614) 466-2766
                                                    Email: Dale.Vitale@ohioattorneygeneral.gov

**FOR THE STATE OF WISCONSIN**

J.B. VAN HOLLEN
Attorney General

Date:   December 6, 2011              _____/s/_____
                                      ANNE C. MURPHY
                                      Assistant Attorney General
                                      State Bar # 1031600
                                      Attorneys for the State of Wisconsin

**FOR THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION**

MASSACHUSETTS DEPARTMENT OF
ENVIRONMENTAL PROTECTION
By its attorney,

MARTHA COAKLEY,
ATTORNEY GENERAL

Date:   December 6, 2011           _____/s/_____
Carol Iancu, MA BBO # 635626
Assistant Attorney General
Environmental Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2428
carol.iancu@state.ma.us

**FOR THE SAINT REGIS MOHAWK TRIBE**


Date:  December 6, 2011                    _____/s/_____
                                          McNAMEE, LOCHNER, TITUS
                                          & WILLIAMS, P.C.
                                          John J. Privitera, Esq.
                                          Jacob F. Lamme, Esq.
                                          677 Broadway
                                          Albany, New York  12207
                                          Tel.:  (518) 447-3200
                                          Fax:  (518) 426-4260

## CERTIFICATE OF SERVICE

Maureen F. Leary, hereby certifies that on the 6th day of December, 2011 she served a true copy of the State of New York's Ex Parte Motion to enlarge the time to file a Statement in Support of the RACER Trust's Motion for an Order Enforcing the Amended Plan and Confirmation Order along with the Statement in Support upon each of the parties set forth below by electronic and/or first class mail, postage prepaid:


Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
harvey.miller@weil.com
stephen.karotkin@weil.com
Joseph.Smolinsky@weil.com
*Attorneys for Debtors*

David R. Berz
Thomas Goslin
Weil Gotshal & Manges, LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
david.berz@weil.com
thomas.goslin@weil.com
*Attorneys for General Motors*

Thomas Morrow
c/o Motors Liquidation Company
401 South Old Woodward Ave., Suite 370
Birmingham, Michigan 48009

Motors Liquidation Company
General Motors LLC
500 Renaissance Center, Suite 1400
Detroit, Michigan 48243
tstenger@alixpartners.com

Lawrence S. Buonomo
General Motors LLC
400 Renaissance Center
Detroit, Michigan 48265

John J. Rapisardi
Cadwalader Wiskersham & Taft LLP
One World Financial Center
New York, New York 10281
*Attorney for the United States Department of Treasury*

Michael O. Hill
Jeffrey Kehne
Hill & Kehne, LLC
2300 Wisconsin Avenue, NW
Suite 300
Washington, DC 20007
mhill@hillkehne.com
jkehne@hillkehne.com
*Attorney for the Environmental Response Trust Administrative Trustee*

Joseph Samarias
United States Department of Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Joseph.Samarias@do.treas.gov

Michael J. Edelman
Michael L. Schein
Vedder Price P.C.
1633 Broadway, 47th Floor
New York, NY 10019
mj_edelman@vedderprice.com
m_schein@vedderprice.com
*Attorneys for Export Development Canada*

Elliott P. Laws
Crowell & Morning LLP
1001 Pennsylvania Ave., NW
Washington, DC  20004
ELaws@crowell.com
*For the Environmental Response Trust*
*Administrative Trustee*

Thomas Moers Mayer
Robert Schmidt
Lauren Macksound
Jennifer Sharret
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of The Americas
New York, NY 10036
tmayer@kramerlevin.com
rschmidt@kramerlevin.com
lmacksound@kramerlevin.com
jsharret@kramerlevin.com
*Attorneys for Official Committee of*
*Unsecured Creditors*

Tracy Hope Davis
Andrew D. Velez-Rivera
Brian Shoichi Masumoto
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
andy.velez-rivera@usdoj.gov
Brian.Masumoto@usdoj.gov
*Attorneys for the United States*

David S. Jones
Natalie Kuehler
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
86 Chamber Street, 3rd Floor
New York, NY 10007
David.Jones6@usdoj.gov
Natalie.Kuehler@usdoj.gov
*Attorneys for the United States*

Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500
ei@capdale.com
rct@capdale.com
*Attorneys for Asbestos Claimants' Comm.*

Trevor W. Swett III
Kevin C. Maclay
Caplin & Drysdale
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
tws@capdale.com
kcm@capdale.com
*Attorneys for Asbestos Claimants'*
*Committee*

Sander L. Esserman
Robert T. Brousseau
Stutzman, Bromberg, Esserman & Plifka
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
esserman@sbep-law.com
brousseau@sbep-law.com
*Attorneys for Future Claimants'*
*Representative*

Alan Tenenbaum
Patrick M. Casey
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
patrick.casey@usdoj.gov
alan.tenembaum@usdoj.gov
*Attorneys for the United States*

John J. Privitera
McNamee, Lochner, Titus & Williams, P.C.
677 Broadway
Albany, NY 12207-2503
*Attorneys for the Saint Regis Mohawk Tribe*
privitera@mltw.com

Margarita Padilla
Deputy Attorney General
California Office of the Attorney General
P.O. Box 70550
1515 Clay Street
Oakland, CA  94615-0550
Margarita.Padilla@doj.ca.gov

Robert Kuehl
Deputy Attorney General
Delaware Office of the Attorney General
391 Lukens Drive
New Castle, DE  19720
Robert.Kuehl@state.de.us

James L. Morgan
State of Illinois Environmental Control
500 South Second
Springfield, IL  62706
jmorgan@atg.state.il.us

Timothy K. Junk
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South, 5th Fl.
302 West Washington Street
Indianapolis, IN 46204
Tim.Junk@atg.in.gov

Bruce H. Palin
Indiana Dept. of Environmental Mgmt.
MC 50-01, ICGB 1301
Indianapolis, IN  46204

Roderick L. Bremby
Secretary
Kansas Dept. of Health and Environment
Curtis State Office Building
1000 SW Jackson
Topeka, KS  66612

Beau James Brock, Assistant Secretary
Louisiana Dept. of Environmental Quality
P.O. Box 4312
Baton Rouge, LA  70821-4312

Carol Iancu
Assistant Attorney General
Environmental Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA  02108
carol.iancu@state.ma.us

Celeste R. Gill, Assistant Attorney General
Env., Natural Resources, and Agriculture
State of Michigan Attorney General's Office
P.O. Box 30755
Lansing, MI 48909
gillc1@michigan.gov

John McManus, Chief Counsel
Attorney General for the State of Missouri
Agriculture and Environmental Division
P.O. Box 899
Jefferson City, MO 65102
jack.mcmanus@ago.mo.gov

Leanne Tippett Mosby, Director
Division of Environmental Quality
Missouri Dept. of Natural Resources
P.O. Box 176
Jefferson City, MO 65102

John Dickinson
Richard F. Engel
Deputy Attorney General
New Jersey Attorney General's Office
Richard J. Hughes Justice Complex
25 Market St, CN 093
Trenton, NJ 08625
John.Dickinson@dol.lps.state.nj.us
Richard.Engel@dol.lps.state.nj.us

Dale T. Vitale
Assistant Attorney General
Chief, Environmental Enforcement Section
30 E. Broad Street, 25th Floor
Columbus, OH 43215
dale.vitale@ohioattorneygeneral.gov

Susan Shinkman
Chief Counsel
Office of Chief Counsel
Rachel Carson State Office Building
400 Market Street
Harrisburg, PA  17101-2301

Kerri L. Nicholas
Virginia Office of the Attorney General
900 East Main Street
Richmond, VA  23219
knicholas@oag.state.va.us

Michael Idzkowski
Richard Braun
Wisconsin Attorney General's Office
Bureau of Legal Services
Wisconsin Department of Natural Resources
P.O. Box 7921
101 S. Webster Street, LS/8
Madison, Wisconsin 53707-7981
Michael.Idzkowski@OhioAttorneyGeneral.gov
braunri@doj.state.wi.us

Michael V. Blumenthal
Steven B. Eichel
CROMWELL & MORNING LLP
590 Madison Avenue
New York, NY  10022

Keith Mortorana
Gibson, Dunn, Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY  10166
*Attorneys for Wilmington Trust Company as GUC*
*Trust Administrator and for Wilmington Trust*
*Company as Avoidance Action Trust Administrator*

Anna Phillips
FTI Consulting
One Atlantic Center
1201 West Peachtree, Suite 500
Atlanta, GA  30309
*GUC Trust Monitor and as the*
*Avoidance Action Trust Monitor*

Kirk P. Watson, Esq.
2301 Woodlawn Boulevard
Austin, Texas  78703
*Asbestos Trust Administrator*

Larry F. Woods
24 N. Frederick Avenue
Oelwein, Iowa  50662-1735
*Attorney for Charles Francis Kayser*

_____
Maureen F. Leary