UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
In re                                               :      Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :      09-50026 (REG)
    f/k/a General Motors Corp., *et al.*            :
                                                    :
                          Debtors.                  :      (Jointly Administered)
                                                    :
-----------------------------------------------------------------x

### STIPULATION AND ORDER REGARDING MOTION OF REVITALIZING AUTO COMMUNITIES ENVIRONMENTAL RESPONSE TRUST FOR AN ORDER ENFORCING DEBTORS' PAYMENT OBLIGATIONS UNDER SECOND AMENDED JOINT CHAPTER 11 PLAN AND CONFIRMATION ORDER

This Stipulation (the "**Stipulation**") is entered into as of December 12, 2011 (the "**Effective Date**") by and among Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**") and the Revitalizing Auto Communities Environmental Response Trust (f/k/a the Environmental Response Trust) ("**RACER**," and together with the Debtors, the "**Parties**").

### RECITALS:

WHEREAS, on June 1, 2009, MLC and certain of its affiliated debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, modified or supplemented from time to time, the "**Plan**") (ECF No. 9836), provides for the creation of RACER to take title to certain properties owned by the

Debtors, perform environmental remediation on those properties and position them for redevelopment;

WHEREAS, the Plan incorporates the Environmental Response Trust Consent Decree and Settlement Agreement and the Environmental Response Trust Agreement, dated March 3, 2011, both of which are annexed to the Plan as Exhibit "C";

WHEREAS, the Court issued an order (the "**Confirmation Order**") (ECF No. 9941) confirming the Plan on March 29, 2011, and the Plan became effective on March 31, 2011 (the "**Effective Date**");

WHEREAS, on the Effective Date, the Debtors funded RACER with a combination of cash and a portfolio of United States Treasury Securities (the "**U.S. Treasury Securities Portfolio**");

WHEREAS, on November 21, 2011, RACER filed the Motion of the Revitalizing Auto Communities Environmental Response Trust for an Order Pursuant to 11 U.S.C. §§ 105 and 1142 to Enforce the Debtors' Payment Obligations Under the Second Amended Joint Chapter 11 Plan and the Confirmation Order (the "**Motion**") (ECF No. 11164), wherein RACER asserts that the fair market value of the U.S. Treasury Securities Portfolio on the Effective Date was less than the value assigned to them by the Debtors, and as a result, RACER was underfunded and is entitled to an additional amount of $13,505,874, plus interest (the "**Shortfall Amount**") from the Debtors;

WHEREAS, the Debtors contend that they properly funded the Environmental Response Trust on the Effective Date;

2

WHEREAS, the Debtors assert the value of the U.S. Treasury Securities Portfolio has since increased by $36.3 million as of November 8, 2011, which sufficiently covers the alleged Shortfall Amount by millions of dollars; and

WHEREAS, RACER asserts that any increase or decrease in the value of the U.S. Treasury Securities Portfolio since the Effective Data is irrelevant to the issue of whether Debtors' met their Effective Date payment obligation;

WHEREAS, a hearing was held on December 8, 2011, during which counsel for the Parties expressed their interest in placing the disputed amount in escrow and establishing a schedule for efficient, expeditious resolution of the Motion;

WHEREAS, the Debtors intend to dissolve on December 15, 2011, and the Parties desire to enter into this Stipulation to, among other things, establish a briefing schedule and new hearing date on the Motion as hereinafter agreed; and

WHEREAS, MLC anticipates that a party or parties interested in opposing RACER's Motion following MLC's dissolution will soon enter an appearance in connection with the Motion;

NOW, THEREFORE, after good-faith, arms-length negotiations, in consideration of the foregoing, it is hereby stipulated and agreed that:

1.  The deadline for the filing of a substantive response (a "**Response**") to the Motion by any party that seeks to contest it following MLC's dissolution shall be January 5, 2011.

2.  RACER may file a reply (a "**Reply**") to a Response at any time prior to January 27, 2012.

3.  A hearing on the Motion, as stated by the Court during the December 8,

3

2011 hearing, will be held on February 9, 2012, at 9:45 a.m.

4. Prior to the dissolution of MLC on December 15, 2011, MLC shall deposit $13.6 million with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure, which the Clerk of the Court shall deposit in the Court Registry Investment System ("**CRIS**") pursuant to General Order M-418 (amending General Order M-101), dated May 17, 2011. The funds shall remain on deposit in the CRIS until (i) further Order of this Court directing the disposition of the funds after the issuance of an Order by this Court or a reviewing court as to the Motion and opportunities for further review have been exhausted (or the time for filing an appeal, request for reconsideration or petition for certiorari has passed without such appeal, request or petition having been filed), or (ii) other further Order of this Court.

5. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

6. This Stipulation may not be modified other than by signed writing executed by the Parties hereto or by Order of the Court.

7. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.

| **MOTORS LIQUIDATION COMPANY** | **REVITALIZING AUTO COMMUNITIES ENVIRONMENTAL RESPONSE TRUST** |
|---|---|
| By: /s/ David Berz<br>David Berz<br>Counsel to Motors Liquidation Company | By: /s/ Michael O. Hill<br>Michael O. Hill<br>Chief Operating Officer & General Counsel |
| Dated: December 12, 2011 | Dated: December 12, 2011 |

**SO ORDERED** this *12th* day of *December*, 2011

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE

5