UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In Re:                                                                               Chapter 11 Case No:

    MOTORS LIQUIDATION COMPANY, et al        09-50026(REG)
    F/k/a General Motors Corp., et al.

                                        (Jointly Administered)
                Debtors.
----------------------------------------------------------------X

## ATLAS TECHNOLOGIES INC.'S RESPONSE TO THE DEBTOR'S OMNIBUS OBJECTION TO CLAIMS

Now Comes Claimant, Atlas Technologies, Inc., by and through its attorneys, and for its response to the Debtor's 258th Omnibus Motion, states as follows:

1. Pursuant to this Court's order regarding the filing of proof of claims and objections thereto in these jointly administered chapter 11 cases, Atlas filed its proof of claim with this court on or about November 27, 2009, indicating that its claim was for regarding the nonpayment of purchase orders and or additional work requested by the Debtor or its predecessor in interest, General Motors Corporation.

2. The proof of claim filed by Atlas was filed in a timely manner, and contains all proper documentation to pursue this claim. Atlas has set forth its claim for $1,493,750.00, which has been a mattter of record in this matter for the last two years.

3. This Omnibus motion includes Atlas as one of the listed creditors noted in the motion as claim number 60044. Pursuant to this Omnibus objection to claims, the debtor has moved to disallow and expunge this claim, but fails to provide any basis for dismissal other than a vague suggestion that Atlas has failed to provide supporting documentation. In point of fact, Atlas has provided all the necessary documentation to support its claim in this matter. Attached hereto as exhibit A is a copy of the proof of claim with the supporting invoices and contract documents for the equipment that Atlas provided. These invoices have been unpaid as verified in the proof of claim. Atlas is clearly entitled to recovery in this matter

4. This debtor has brought a motion to dismiss an entirely valid claim in the hope that Atlas would not respond. A ruling that Plaintiff has failed to state a claim under 12(b)(6), for example, may be granted only in extraordinary circumstances. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief". The party bringing a 12(b)(6) motion has the burden to show that Rule 8(a)(2) has not been met. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991) The court's role at the 12(b)(6) stage is not to evaluate the strength or weakness of claims. *Jacobson v. Hughes Aircraft Co.* (9th Cir. 1997) 105 F.3d 1288, 1292. A Plaintiff's brief may always be used "to clarify allegations in her complaint whose

meaning is unclear." *Pegram v. Herdrich* (2000) 530 U.S. 211, 230, fn. 10.

5. This Debtor's objection is without support and is simply erroneous as to Atlas. It merely relates to the proof of claim, which was properly filed and more then adequately supported with the necessary documents to show the amounts due and owing from GM to Atlas.

WHEREFORE, for any and all these reasons, this 258th Omnibus objection insofar as it applies to ATLAS TECHNOLOGIES, INC., should be denied in its entirety, with the Court costs and disbursements of this matter.

Dated: December 12, 2011

Yours, etc.,

LASKY & STEINBERG, P.C.
By: _____
BARRY M. LASKY, ESQ.(BML-9370)
Attorney for ATLAS
TECHNOLOGIES, INC., Claimant
Under Filed Claim No.: 60044
Motors Liquidation Company
595 Stewart Avenue, Suite 410
Garden City, N.Y. 11530
(516) 227-0808
(516) 745-0769 - Fax

Exhibit "A"

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**
- ☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

Your Claim is Scheduled As Follows:
**FILED - 60044**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

[Stamp: THE GARDEN CITY GROUP, INC. NOV 27 2009]

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # *). All other requests for payment of an administrative expense should be made pursuant to 11 U.S.C. § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): Atlas Technologies, Inc.

**Name and address where notices should be sent:**
Lasky & Steinberg, P.C.
595 Stewart Avenue, Suite 410
Garden City, N.Y. 11530
Attn: Barry M. Lasky, Esq.

Telephone number: (516) 227-0808
Email Address: LSPC595@aol.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

**Name and address where payment should be sent (if different from above):**
Atlas Technologies, Inc.
3100 Copper Road
Fenton, MI 48430
Attn: Jesse Levine
Telephone number: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed, June 1, 2009:** $ 1,493,750.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is entitled to priority pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Non-payment on purchase orders and/or additional work requested

3. **Last four digits of any number by which creditor identifies debtor:** 9706

3a. Debtor may have scheduled account as: _____

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☒ Equipment ☒ Other
Describe: Approximately $700,000.00
Value of Property $ _____ Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____

Basis for perfection: Michigan Special Tools Lien and Mold Lien Acts

Amount of Secured Claim: $ 700,000.00   Amount Unsecured: $ 793,000.00

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain in an attachment.

**Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority: $ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**FOR COURT USE ONLY**

Date: 10/24/09

Signature: [signed] Jesse Levine, CFO Atlas Technologies, Inc.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

**ATLAS TECHNOLOGIES**

**GM - Spring Hill**
**Atlas Job # L081**
**General Motors Front of Line System**

| Item Number | ORIGINAL DESCRIPTION | FINAL DESCRIPTION | COST OWED BY GM |
|---|---|---|---|
| 1 | Provide dual small hydraulic power units for pallet carts | Provided one common oversized power unit for pallet cart control with additional accessories required due to the oversizing | $12,497 |
| 2 | Provide Atlas standard lift tables and drives on pallet carts | Provided custom designed tow passive lift tables and custom designed drives that were based on AASX components and design concepts | $37,523 |
| 3 | Provide standard air knives on fanner assemblies | Provide air knives utilized on AASX fanner assemblies to match components | $9,230 |
| 4 | Provide standard air compressor or booster | Purchased Kaeser air booster to match AASX spare parts criteria | $5,740 |
| 5 | Provide single MPS zone | Multiple MPS zones were established increasing the complexity and cost in the system | $9,760 |
| 6 | TeSRA not purchased in order | Many areas of the system were analyzed with respect to the AASX design | $6,250 |
| 7 | Select competitive sound enclosure manufacturer | GM approved the use of FAIST same supplier as AASX | $37,500 |
| 8 | Affix all electrical panels on balcony | New global specifications and access points in the balcony required different lay out than AASX | $7,099 |
| 9 | Provide spare parts commonality where feasible | Commonality with AASX system created conflict in CCRW global specifications | $81,750 |
| 10 | Provide spare parts commonality to AASX gantry where feasible | Utilize spare parts common to AASX | $5,701 |
| 11 | Anticipation of one week intervals for mechanical and controls approvals | Mechanical and controls approvals stretched to six months. Back to back. Mechanical design schedule was released for completion at 11 weeks - Controls hardware design schedule at 12 weeks | $27,510 |
| 12 | Quoted normal design, build, delivery schedule and purchasing process | Schedule was delayed nearly 3 months causing components to be designed and purchased without advance cost estimates | $206,914 |
| 13 | Quoted normal design, build, delivery schedule and work being done internally | Schedule was delayed nearly 3 months causing a significant amount of overtime and outsourced work at significantly higher costs than Atlas internal costs | $268,795 |
| 14 | Supply simple safety harness tie-off for maintenance of gantry | Design and build trolley driven safety harness and hoist system for maintenance personnel | $12,490 |
| 15 | Provide one catwalk between the two gantries for maintenance personnel | Four catwalks were included providing total maintenance access from balcony | $24,860 |
| 16 | Provide full assembly and detail drawings of AASX system and AEC centering station for reference | Detail drawings not received. All electronic drawings in 2-D format | $31,590 |
| 17 | Process approximately similar in design to the AASX system | Additional concept and design research placed into responses | $5,988 |
| 18 | Provide dual gantry system | Provided simpler, more efficient dual gantry system | $37,033 |
| 19 | Emulate the existing AEC centering station design | AEC design was altered significantly | $112,848 |
| 20 | Provide standard fanner magnet mounting assemblies | Fanner assemblies provided are also interchangeable with the new R2 line | $37,493 |
| 21 | Provide clock shaft capabilities on conveyor #1 | Metric screws had to be machined to provide spare parts commonality on system | $9,128 |
| 22 | Provide standard bearing types on conveyor #2 and centering station | THK bearings were supplied providing commonality with AASX | $17,677 |
| 23 | Provide spare cables and hoses for gantry | Additional cables and hoses supplied in cell-line of both gantries | $6,210 |
| 24 | Supply standard magnetic conveyors on conv. #1, conv. #2 and centering station | Conveyor lanes with upgraded design and material characteristics were supplied | $37,466 |
| 25 | Provide electromagnets in centering station | Full electromagnets and controller provided to meet AASX spare commonality | $6,127 |
| 26 | Provide crowding assemblies similar to AEC centering station | Current design is rated for 15 million cycles and created a need for increased mounting space | $56,240 |
| 27 | Provide front stops similar to AASX design | Disappearing front stops now provided. Not available on AASX system | $31,499 |
| 28 | Provide standard crowders as in AASX, AEC and GM-HI systems | Straight line stops supplied | $39,800 |
| 29 | Provide AEC design lateral lane adjustments | Lane adjustments have been significantly upgraded | $24,967 |
| 30 | Provide destacker similar in design to that AASX system | New 3B part requirement created additional engineering efforts for proper functionality | $97,922 |
| 31 | Provide dual gantry system utilizing TDCS drives | Guidal system was analyzed for stacks mismatch compliance | $12,477 |
| 32 | Provide a sound enclosure with visibility of the system in operation | Numerous windows were included wherever possible in every sound panel | $25,177 |
| 33 | Build front of line utilizing heavy duty tubing in framework | Extra heavy duty framework was provided as in AASX system | $24,158 |
| 34 | Emulate AEC centering station design | Design was altered due to incomplete references a 3B blank requirement, and increased component/fts specifications | INCL ABOVE |
| 35 | Follow GACCL component usage criteria | GACCL components were utilized wherever possible | $12,677 |
| 36 | Create a general arrangement drawing in 3-D solids | Drawing was created per specification, but has become extremely large | $10,764 |
| 37 | Provide fanner magnets with horizontal motion to and from the stack of blanks positioned in destack area | Horizontal motion provided including a magnet vertical overtravel guide assembly typical of the AASX system | $29,888 |
| 38 | Provide fanner magnets with horizontal motion to and from the stack of blanks positioned in destack area | Horizontal motion provided including a magnet horizontal spring loaded overtravel guide assembly typical of the AASX system | $32,976 |
| 39 | Provide conveyor size adjust capability on conv. #2 as referenced on the AFC design | A robust THK bearing and ball screw design is provided driven from the lateral conveyor lane adjustments on the centering station | $49,877 |
| 40 | Emulate the AEC centering station design as related to the STF crossbar's interaction with the centering station | Collision was witnessed between the STF and AEC centering station creating a need to re-evaluate the interaction between each during production and tooling changeover | $11,877 |
| 41 | Provide balcony for access to and viewing of the gantry during operation and maintenance | Balcony designed to fulfill the requirement | $19,877 |
| 42 | Provide a double sheet detector on both gantry heads | A cylinder driven assembly was included in the design | $9,502 |
| Totals | | | $1,493,760 |

# LASKY & STEINBERG, P.C.

### ATTORNEYS AND COUNSELORS AT LAW

**BARRY M. LASKY**
**SCOTT L. STEINBERG**\*

Mehrdad Kohanim
Stephen Bilkis & Associates
Of Counsel

\*ADMITTED IN NY & MA

595 STEWART AVENUE
SUITE 410
GARDEN CITY, N.Y. 11530
TEL (516) 227-0808
FAX (516) 745-0769

November 25, 2009

**VIA OVERNIGHT MAIL**
The Garden City Group, Inc
Attn Motors Liquidation Company
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

United States Bankruptcy Court
One Bowling Green, Room 534
New York, N Y 10004

**VIA FIRST CLASS MAIL**
The Garden City Group, Inc
Attn Motors Liquidation Company
P O Box 9386
Dublin, Ohio 43017-4286

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, N Y 10153
Attn Harvey R Miller, Esq
     Stephen Karotkin, Esq
     Joseph H Smolinsky, Esq

Al Koch
AP Services, LLC, an Affiliate
of Alix Partners, LLP
2000 Town Center, Suite 2400
Southfield, Michigan 48075

Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, N Y 10036
Attn Thomas Moers Mayer, Esq
     Amy Caton, Esq
     Robert T Schmidt, Esq
     Adam C Rogoff, Esq
     Gregory G Plotko, Esq

The Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, N Y 10004

Re:  In Re: Motors Liquidation Company, et al.,
     f/k/a General Motors Corp., et al.
     United States Bankruptcy Court
     Southern District of New York
     Chapter 11
     Case No.: 09-50026(REG)

Gentlemen

On behalf of our client, Atlas Technologies, Inc , located at 3100 Copper Road, Fenton, MI 48430, we are hereby filing a Proof of Claim for $1,493,000 00 due to the client as of June 1, 2009 Atlas Technologies, Inc , also has a secured claim in excess of $1,500,000 00 pursuant to the Michigan Special Tools Lien and Mold Lien Acts

# LASKY & STEINBERG, P.C.

Kindly acknowledge receipt of the Proof of Claim by stamping a copy of this letter and returning same in the self-addressed stamped envelope provided

The original of the Claim has been filed with The Garden City Group, Inc., Attn: Motors Liquidation Company Claims Processing, 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017. All of the other addressees included in the caption of this letter have received a copy of the Proof of Claim by regular mail

Should anyone have any questions with regard to the foregoing, please contact the undersigned immediately

Very truly yours,

LASKY & STEINBERG, P C

By _____
BARRY M LASKY

BML/ls
Enclosures

THE FOREGOING IS ACKNOWLEDGED
AND RECEIVED

_____

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU )

LISA STALLONE, being duly sworn, deposes and says, that deponent is not a party to the within action, is over 18 years of age and resides at Nassau County, New York.

That on the 13th day of December, 2011 deponent served the within **OMNIBUS OBJECTION TO CLAIMS ON BEHALF OF ATLAS TECHNOLOGIES, INC.** upon:

TO:   SEE ATTACHED LIST

in this action, designated by said for that purpose(s) by depositing a true copy of same via mail and enclosed in a post-paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
LISA STALLONE

Sworn to before me this
13th day of December, 2011.

_____
NOTARY PUBLIC

BARRY M. LASKY
Notary Public, State of New York
No. 02LA4500977
Qualified in Nassau County
Commission Expires July 31, 20__

(i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703