**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                                                  :    Chapter 11
                                                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,      :    Case No. 09-50026 (REG)
      f/k/a General Motors Corp., *et al.*,         :
                                                                                            :
               Debtors.                       :    (Jointly Administered)
                                                                                            :
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                          ) ss
COUNTY OF NASSAU       )

I, Barbara Kelley Keane, being duly sworn, depose and state:

1. I am an Assistant Director with The Garden City Group, Inc., the claims and noticing agent for the debtors and debtors-in-possession (the "Debtors") in the above-captioned proceeding. Our business address is 1985 Marcus Avenue, Suite 200, Lake Success, New York 11042-1013.

2. On December 15, 2011, at the direction of Dickstein Shapiro LLP ("Dickstein Shapiro"), counsel for the Debtors, Post-Effective Date Debtors, and Motors Liquidation Company GUC Trust, I caused a true and correct copy of the document annexed hereto as Exhibit A, to be served by overnight delivery on Christeen Saulters/Hinton, 254 Ross McPhail Rd, Carson, MS 39427 (affected party):

3. On December 15, 2011, also at the direction of Dickstein Shapiro, I caused a true and correct copy of the document annexed hereto as Exhibit B, to be served by overnight delivery on Jacob Hall, 420 S Missouri Ave, Belleville, IL 62220-3745 (affected party):

4. On December 15, 2011, also at the direction of Dickstein Shapiro, I caused a true and correct copy of the document annexed hereto as Exhibit C, to be served by overnight delivery on Pierro, John, Neiman Joseph H, 179-36 80th Rd, Jamaica, NY 11432-1402 and Pierro, John, 39 Hudson St, Hackensack, NJ 07601 (affected party):

Dated: December 16th, 2011
      Lake Success, New York

/s/ Barbara Kelley Keane
Barbara Kelley Keane

Sworn to before me this 16th day of December, 2011

/s/Susan P. Goddard
Susan P. Goddard
Notary Public, State of New York
No. 41-4985806
Qualified in Nassau County
Commission Expires September 23, 2013

# EXHIBIT A

**DICKSTEIN**SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

December 15, 2011

**FEDERAL EXPRESS**

Christeen Saulters Hinton
254 Ross McPhail Rd
Carson, MS 39427

Re:   Motors Liquidation Company, *et al.* - Case No. 09-50026-reg
       244th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date
       Orders (Late-Filed Claims)

Dear Ms. Hinton:

This letter is to advise you that the hearing on the above referenced objection to your claims (and on any related filings) is going forward on Tuesday, December 20, 2011 at 9:45 a.m. (Eastern Time). If you fail to appear at the hearing, the Court will rule on this matter without further opportunity for you to be heard.

The hearing will be held at the following address:

> United States Bankruptcy Court
> Southern District of New York
> One Bowling Green
> Courtroom 621
> New York, NY 10004-1408

Rather than appearing in person, you may participate in the hearing telephonically. To request a telephonic appearance, please email me at topicc@dicksteinshapiro.com or call me at (212) 277-6754.

Sincerely,

Courtney E. Topic

# EXHIBIT B

**DICKSTEIN**SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

December 15, 2011

**FEDERAL EXPRESS**

Jacob Hall
420 S. Missouri Ave
Belleville, Il 62220-3745

Re: Motors Liquidation Company, *et al.* - Case No. 09-50026-reg
244th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date Orders (Late-Filed Claims)

Dear Mr. Hall:

This letter is to advise you that the hearing on the above referenced objection to your claims (and on any related filings) is going forward on Tuesday, December 20, 2011 at 9:45 a.m. (Eastern Time).  If you fail to appear at the hearing, the Court will rule on this matter without further opportunity for you to be heard.

The hearing will be held at the following address:

> United States Bankruptcy Court
> Southern District of New York
> One Bowling Green
> Courtroom 621
> New York, NY 10004-1408

Rather than appearing in person, you may participate in the hearing telephonically.  To request a telephonic appearance, please email me at topicc@dicksteinshapiro.com or call me at (212) 277-6754.

Sincerely,

*[signature]*
Courtney E. Topic

# EXHIBIT C

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| **In re** | Chapter 11 Case No. |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, f/k/a **General Motors Corp.,** *et al.* | 09-50026 (REG) |
| **Debtors.** | (Jointly Administered) |

-----------------------------------------------------------x

## MOTORS LIQUIDATION COMPANY GUC TRUST'S FIRST SET OF DOCUMENT REQUESTS TO JOHN PIERRO

In connection with the Motors Liquidation Company GUC Trust's (the "GUC Trust") reply to Claimant John Pierro's (Claim Number 69842) response to GUC Trust's Eighty Ninth Omnibus Objection to Claims, the GUC Trust, by its attorneys, Dickstein Shapiro LLP, hereby requests, pursuant to the Case Management Order #2, dated February 24, 2011, and Rule 34 of the Federal Rules of Civil Procedure made applicable to these proceedings by Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure, that John Pierro produce the documents and things described herein for inspection and copying at the offices of Dickstein Shapiro, 1633 Broadway, New York, New York, 10017, by January 17, 2012.

DOCSNY-488888v1

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Concerning" means relating to, referring to, describing, evidencing or constituting.

3. "Debtors" means General Motors Corporation n/k/a Motors Liquidation Company and its subsidiaries who are debtors in the above-captioned bankruptcy, and their predecessors, successors, parents, subsidiaries, affiliates, related companies, joint ventures and all of their officers, directors, employees, agents, contractors, accountants advisors, attorneys, brokers, representatives, fiduciaries, trustees, successors or assigns and all other persons acting or purporting to act on their behalf.

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6. "Pierro," "you" and "your" each refer to John Pierro and any of his agents, attorneys, representatives, affiliates, partners, successors or assigns.

## INSTRUCTIONS

7. For instructions concerning this First Set of Document Requests, please refer to Addendum A hereto.

## DOCUMENT REQUESTS

1.    Any and all Documents and Communications that support your contention that Pierro sent a proof of claim, on or before November 30, 2009, to the Garden City Group.

2.    Any and all Documents and Communications concerning the date on which a proof of claim was sent by or on behalf of Pierro to the Garden City Group.

3.    Any and all Documents and Communications concerning the actions you took to determine or verify that the proof of claim sent by or on behalf of Pierro was received by Garden City Group on or before November 30, 2009.

Dated: New York, New York
       December 15, 2011

_____
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation Company GUC Trust

## ADDENDUM A

### INSTRUCTIONS

1. The Documents governed by this request include all Documents and/or ESI in your possession, custody or control.

2. Each request for production of Documents shall be deemed to be continuing in nature. If at any time additional Documents come into your possession, custody or control are brought to your attention, prompt supplementation of your response to these requests is required.

3. Documents and/or ESI should be produced in the manner in which they are maintained in the usual course of your business or you should organize and label the Documents to correspond with the categories in this request. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, the file label of the folder in which the Document and/or ESI was stored, or attachments to the Documents in addition to the Document itself.

4. Documents and/or ESI should be produced in such fashion as to identify the department, branch, server or office in which they were located and, where applicable, the device in which the ESI was stored, the owner of the device, the natural person in whose possession it was found and the business address of each Document's and/or ESI's custodian(s). Each page or electronic record produced in response to these requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or Document produced is apparent. At a minimum, the entity producing the Document or electronic record should be apparent.

DOCSNY-488888v1

5.   ESI should be produced in electronic form and with tracked changes and accompanying metadata as applicable. ESI shall be produced in native format in a manner that is reasonably usable within the meaning of Fed. R. Civ. P. 34(a).

6.   In searching for Documents and ESI responsive to these requests, you should search for all such Documents and/or ESI, regardless of the form in which the Document or ESI exists, the ownership of the device in which the ESI resides (i.e., whether owned by the individual or the business) or the location of the device in which the ESI is stored (e.g., hardware located at a business premises or within a cloud-based device). Among other places, you should search for ESI stored on all servers (physical, virtual, or cloud-based), networks, hard drives (external or internal), desktop computers, notebook computers, personal digital assistants, jump drives, voice mail, unified messaging services, Web-based networking media such as LinkedIn, Facebook, Twitter, Listservs, instant messaging services (AIM, Microsoft Messenger, Google Messenger, etc.) and all back-up data storage media, that hosts and/or stores such ESI.

7.   With regard to any claim of privilege with respect to any request or part herein, you should identify: (a) the nature of the privilege claimed; (b) the date of the Document withheld on the basis of privilege; (c) the author, addressees and other recipients of the Document withheld; and (d) the general subject matter of the Document withheld.

8.   Documents attached to each other should not be separated.

9.   Documents not otherwise responsive to this request should be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by this request.

10.  If any Document within the scope of this request has been destroyed or deleted, that Document should be identified including identification of its author(s), intended or

2

DOCSNY-488888v1

unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date, and subject matter. The circumstances of such destruction shall be set forth, and any Documents relating to such destruction should be produced.

11. The fact that a Document is produced by another party does not relieve you of the obligation to produce your copy of the same Document, even if the two Documents are identical.

12. In producing Documents and other materials, you should furnish all Documents or things in your possession, custody or control, regardless of whether such Documents or materials are possessed directly by you or your partners, associates, directors, officers, agents, attorneys (including staff and contract attorneys), secretaries, paralegals, assistants, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, managers, members, shareholders or by your attorneys or their agents, employees, representatives or investigators.

13. If you object to any part of any request, you should state fully the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request not objected to.

14. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice versa.

17. The past tense shall include the present tense and vice versa.

DOCSNY-488888v1

18. In searching for responsive Documents, you are required to search for all responsive Documents and communications.