UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :    09-50026 (REG)
     f/k/a General Motors Corp., et al.                      :
                                                             :
                           Debtors.                          :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER
BETWEEN MOTORS LIQUIDATION COMPANY AND
CERTAIN AFFILIATED DEBTORS AND THE REVITALIZING
AUTO COMMUNITIES ENVIRONMENTAL RESPONSE
TRUST APPROVING THE APPOINTMENT OF A TRUSTEE
TO COMPLETE THE TRANSFER OF ASSETS POST- DISSOLUTION**

Motors Liquidation Company ("MLC") (f/k/a General Motors Corporation) and Remediation and Liability Management Company, Inc. ("REALM") (each of MLC and REALM being a "Debtor"; and collectively, the "Debtors"), and the Revitalizing Auto Communities Environmental Response Trust ("Trust," and together with the Debtors, the "Parties"), each by their undersigned counsel, respectfully submit this Stipulation and Agreed Order Between Motors Liquidation Company and Certain Affiliated Debtors and the Revitalizing Auto Communities Environmental Response Trust Approving the Appointment of a Trustee to Complete the Transfer of Assets Post-Dissolution (the "Stipulation") and state:

**RECITALS**

WHEREAS, on June 1, 2009, MLC and certain of its affiliated debtors, as debtors in possession (collectively, the "Initial Debtors"), commenced voluntary cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy

Court for the Southern District of New York (the "Court"), Case No. 09-50026 (REG)(the "Case");

WHEREAS, on October 9, 2009, REALM commenced a voluntary case under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on March 29, 2011, the Court entered an order (the "Confirmation Order") confirming Debtors' Second Amended Joint Chapter 11 Plan (the "Plan");

WHEREAS, on March 31, 2011, the Plan became effective as of that date;

WHEREAS, the Debtors' Plan provided for the creation of an "Environmental Response Trust" pursuant to that certain Environmental Response Trust Agreement (the "Trust Agreement"), which was defined in and incorporated into the Environmental Response Trust Consent Decree and Settlement Agreement (the "Settlement Agreement"), both of which were approved by the Court in the Confirmation Order;

WHEREAS, the "Environmental Response Trust" created by the Plan is the Trust; and

WHEREAS, the Settlement Agreement (at paragraph 30 and elsewhere) and the Plan (at section 5.2 and elsewhere) required the Debtors to transfer, assign and deliver to the Trust all of their respective right, title and interest in and to the former General Motors properties described in the Settlement Agreement as "Properties" and listed on Attachment A to the Settlement Agreement, together with any of the Debtors' interests in any other assets included in the "Environmental Response Trust Assets" (as defined in the Plan), if any, except for the "Shortfall Amount" defined in, and which is the subject of, that certain *Stipulation and Order Regarding Motion of Revitalizing Auto Communities Environmental Response Trust for an Order Enforcing Debtors' Payment Obligations Under Second Amended Joint Chapter 11 Plan and Confirmation*

2

*Order*, filed with and entered by the Court in the Case on December 12, 2011 as Docket. #11228 (09-50026) (collectively, the "RACER Assets");

WHEREAS, certain states do not permit a trust to take title to real property, and as a result, the Trust formed a wholly-owned subsidiary, RACER Properties LLC (together with the Trust, "RACER"), for purposes of acquiring title to the RACER Assets in such states;

WHEREAS, some of the RACER Assets have not yet been properly transferred, assigned and delivered to RACER because, among other things, there are several outstanding issues preventing the recording of the deeds transferring such RACER Assets to RACER;

WHEREAS, as a result, the Debtors are still the record title holder of various RACER Assets or parts thereof, and the obligations of the Debtors under the Plan to transfer, assign and deliver all of the RACER Assets have not yet been discharged;

WHEREAS, section 6.10 of the Plan provides that the Debtors shall be dissolved no later than December 15, 2011 and all of the Debtors other than MLC and REALM have already been dissolved prior to the date hereof;

WHEREAS, MLC and REALM shall each file a certificate of dissolution effective as of December 15, 2011 (the "Dissolution Date"), and upon the Dissolution Date, each of MLC and REALM will be dissolved; and

NOW, THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree as follows:

## STIPULATION

1.   AP Services, LLC ("APS"), acting solely in its capacity as trust administrator and trustee of the Motors Liquidation Company DIP Lenders Trust (the "DIP Trust"), is hereby authorized, directed, approved and empowered to, *inter alia*, serve as the trustee for, and authorized signatory on behalf of, each of the Debtors with respect to the "Required Transfers"

(as hereinafter defined) in accordance with Section 279 of Title 8 of the Delaware Corporation Law.

2. APS, acting solely in its capacity as trust administrator and trustee of the DIP Trust (the "Authorized Signatory"), is hereby authorized, directed, approved and empowered to, and shall: (a) effectuate the transfer, assignment and delivery by the Debtors to RACER of all of the Debtors' respective rights, title and interest in and to the RACER Assets, including without limitation, completing the "Mansfield Site" matters described in Section 3(b) below (collectively, the "Required Transfers"), in each case, solely to the extent that such Required Transfers have not been completed prior to the Dissolution Date; and (b) complete, execute, deliver and file any and all documents (including quitclaim deeds, transfer tax forms, assignments and related conveyance documentation) in furtherance thereof, and take such other actions, in each case on behalf of the applicable Debtor, that are required to effectuate the Required Transfers.

3. Each of the Debtors is hereby authorized and directed to, and shall, authorize, direct and empower the Authorized Signatory to:

(a) cooperate with RACER to ascertain and verify the correct metes and bounds, legal or other descriptions for any Required Transfers which have not been completed prior to the Dissolution Date; and

(b) immediately commence and proceed diligently to complete the following matters with respect to the Stamping Facility located at 2525 West Fourth Street, Mansfield, Ohio (the "Mansfield Site"), which shall be deemed to be included in the Required Transfers:

4

    (i) cause a survey of the Mansfield Site to be performed in accordance with Richland County, OH requirements, and a new metes and bounds legal description based thereupon (the "Survey");

    (ii) obtain the approval of the Richland County Tax Map Department and any other requisite governmental authorities to the Survey (the "Approvals"); and

    (iii) deliver to RACER a fully-executed quitclaim deed effective as of March 31, 2011, attaching and incorporating the new corrected legal description as soon as the Approvals referred to in Paragraph 3(b)(ii) of this Stipulation are granted, together with all other transfer and related documents required to record said quitclaim deed with the appropriate Richland County authorities; and

  (c) seek reimbursement from RACER with respect to the reasonable fees and expenses that the Authorized Signatory incurs in completing the Required Transfers, and any other matters specifically requested in writing by RACER or its attorneys; provided, however, such reimbursement of any professional fees that the Authorized Signatory incurs in connection with the foregoing are capped, individually and in the aggregate, at $15,000.00.

 4. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

 5. This Stipulation is subject to the approval of the Court. If this Stipulation is not approved by the Court, the Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any Party.

6. This Stipulation sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court.

7. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation to bind the Parties.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies or facsimiles signed by the Parties to be charged.

*[Remainder of Page Intentionally Left Blank]*

The foregoing has been stipulated and agreed by the following parties.

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY, for itself, and its wholly-owned direct subsidiary, and Remediation and Liability Management Company, Inc.** | **REVITALIZING AUTO COMMUNITIES ENVIRONMENTAL RESPONSE TRUST** |
| By: /s/ David Berz | By: /s/ Michael O. Hill |
| David Berz<br>Counsel to the Debtors | Michael O. Hill<br>General Counsel & Chief Operating Officer |
| Dated: December 15, 2011 | Dated: December 14, 2011 |

**IT IS SO ORDERED**

Dated:  New York, New York
         **December 29, 2011**

/s/ *Robert E. Gerber*
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE