HEARING DATE AND TIME: February 9, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 2, 2012 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11 Case No.
                                                        :
                                                        :   09-50026 (REG)
MOTORS LIQUIDATION COMPANY, *et al.*                    :
    f/k/a General Motors Corp., *et al.*,               :
                                                        :   (Jointly Administered)
                    Debtors.                            :
                                                        :
------------------------------------------------------- x

### NOTICE OF 264th OMNIBUS OBJECTION TO CLAIMS
(Securities Claims)

**PLEASE TAKE NOTICE** that on January 6, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed an omnibus objection to expunge certain claims (the "**264th Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 264th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on **February 9, 2012 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 264th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 264th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York 10019 (Attn: Barry N. Seidel, Esq. and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be

received no later than **February 2, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 264th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 264th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 6, 2012
      New York, New York

                                    /s/ *Stefanie Birbrower Greer*
                                    Barry N. Seidel (BS-1945)
                                    Stefanie Birbrower Greer (SG-2898)
                                    DICKSTEIN SHAPIRO LLP
                                    1633 Broadway
                                    New York, New York 10019
                                    Telephone: (212) 277-6500
                                    Facsimile: (212) 277-6501

                                    Attorneys for Motors Liquidation
                                    Company GUC Trust

HEARING DATE AND TIME: February 9, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 2, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :    **Chapter 11 Case No.**
In re                                                            :
                                                                 :    **09-50026 (REG)**
**MOTORS LIQUIDATION COMPANY,** *et al.*                         :
    f/k/a **General Motors Corp.,** *et al.*,                    :
                                                                 :    (Jointly Administered)
                                  Debtors.                       :
                                                                 :
                                                                 :
---------------------------------------------------------------- x

## 264th OMNIBUS OBJECTION TO CLAIMS

### (Securities Claims)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

DOCSNY-491059v1

**Relief Requested**

1. The GUC Trust files this 264th Omnibus Objection to certain claims (the "**264th Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order and disallowing and reclassifying as equity interests the claims listed on **Exhibit "A"** (the "Equity Claims") and disallowing and expunging the claims listed on **Exhibit "B"** (the "Debt Security Claims"). [1]

2. Representatives of the GUC Trust have examined the proofs of claim indentified on **Exhibits "A"** and **"B"** and have determined that such proofs of claim (collectively, the "Securities Claims") are claims for equity interests or individual debt security claims, which are not entitled to recovery under the terms of the Plan.

3. Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Procedures Order, the GUC Trust seeks entry of an Order disallowing and reclassifying the Equity Claims as equity interests and disallowing and expunging the Debt Security Claims from the claims register. Further, the GUC Trust reserves the right to object to any of the Securities Claims as to which the Court does not grant the relief requested herein.

---

[1] Creditors can obtain copies of the cover page of any proof of claim against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017, or by phone at 1-703-286-6401.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

6. On October 6, 2009, this Court entered the Procedures Order, which authorizes parties in interest to, among other things, file omnibus objections to claims under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that "seek recovery of amounts for which the Debtors are not liable." (Procedures Order at 2.)

7. On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as

---

[1] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.

[2] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

3

defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

### The Relief Requested Should Be Approved by the Court

8. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9. Each of the Securities Claims are claims for which the Debtors are not liable and therefore, are unenforceable against the Debtors. With respect to the Equity Claims, the Bankruptcy Code clearly differentiates between a "claim" and "equity security" and designates those who have "claims" against the Debtors as "creditors" and those who hold "equity securities" as "equity security holders." 11 U.S.C. §§ 101(5),101(16), 101(10), 101(17). *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership"). Therefore, the Equity Claims, each asserting an equity interest as a "claim," should be reclassified as an equity interest and disallowed.

10. The Debt Security Claims were previously fixed and allowed under the

4

Debtors' Plan. Individual bondholders, to the extent they are beneficial bondholders as of the record date under the Debtors' Plan, will receive distributions in accordance with the Plan. To avoid the possibility of multiple recoveries, the GUC Trust representatives request that, consistent with other orders entered by this Court in these cases, the Court disallow and expunge the Debt Security Claims. *See In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993 ("'to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offend notions of uniform treatment for creditors'") (*quoting In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

11. For the reasons set forth herein, the GUC Trust submits that the Debtors are not liable for the Securities Claims listed on **Exhibits "A"** and **"B"** and that such claims should be disallowed, expunged and/or reclassified as described herein.

### Notice

12. Notice of this 264th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and **"B"**, and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: January 6, 2012
      New York, New York

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel
Stefanie Birbrower Greer
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation Company GUC Trust

6

| 264th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO RECLASSIFY, DISALLOW AND EXPUNGE

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
| --- | --- | --- | --- | --- | --- |
| CHARLES AND JOAN HASSINK<br>10256 SPINNAKER RUN<br><br>REMINDERVILLE, OH 44202-8109<br>UNITED STATES OF AMERICA | 4642 | Motors Liquidation Company | $3,500.00 | Securities Claims (Equity Interests) | Pgs. 4-5 |
| LLOYD OLDENBURG<br>27500 GERMAN RD<br><br>BELLE PLAINE, MN 56011 | 11250 | Motors Liquidation Company | $10,526.66 | Securities Claims (Equity Interests) | Pgs. 4-5 |
| WILLIAM J DARRAS<br>2003 E AVON LN<br><br>ARLINGTON HTS, IL 60004 | 17900 | Motors Liquidation Company | $35,368.00 | Securities Claims (Equity Interests) | Pgs. 4-5 |

| CLAIMS TO BE DISALLOWED AND EXPUNGED | 3 |
| --- | --- |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

| 264th Omnibus Objection | | **Exhibit B** | | | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG), Jointly Administered | |

### CLAIMS TO BE DISALLOWED AND EXPUNGED

#### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ALICE ZIITTEL<br>426 MINNESOTA AVE<br>SAINT PAUL, MN 55113 | 8712 | Motors Liquidation Company | $10,160.00 | Securities Claims (Debt Security) | Pgs. 4-5 |
| ARTHUR P JESCHON & IRENE S JESCHON<br>35 LEAH CT<br>HAMMONTON, NJ 08037 | 9624 | Motors Liquidation Company | $19,875.50 | Securities Claims (Debt Security) | Pgs. 4-5 |
| ESTATE OF KENNETH REYNOLDS<br>SANDRA REYNOLDS EXECUTRIX<br>21 - PINEHURST CIRCLE<br>ANNANDALE, NJ 08801-1655 | 22233 | Motors Liquidation Company | $24,000.00 | Securities Claims (Debt Security) | Pgs. 4-5 |
| GUNTHER PAUL HESSE<br>1103 BAHAMA BEND APT G-2<br>COCONUT CREEK, FL 33066 | 65853 | Motors Liquidation Company | $125,795.64 | Securities Claims (Debt Security) | Pgs. 4-5 |
| JERRY C DAVIDSON TTEE MANESS FAMILY TRUST<br>C/O JERRY C DAVIDSON TTEE<br>2866 FOXFIRE DR<br>ST LOUIS, MO 63129-3511 | 11002 | Motors Liquidation Company | $1,928.66 | Securities Claims (Debt Security) | Pgs. 4-5 |
| KARL PHILIPP MULLER<br>LEBEREN STRASSE 27<br>CH 8472 SEUZACH SWITZERLAND | 70884 | Motors Liquidation Company | $794.70 | Securities Claims (Debt Security) | Pgs. 4-5 |
| LE GAISSE<br>NATIXIS PRIVATE BANKING<br>51 AVE JF KENNEDY<br>L-1855 LUXEMBOURG EUROPE | 64748 | Motors Liquidation Company | $62,722.80 | Securities Claims (Debt Security) | Pgs. 4-5 |
| MARCIA TAUBER<br>460 KILMER WAY<br>THE VILLAGES, FL 32162 | 70802 | Motors Liquidation Company | $0.00<br>Unliquidated | Securities Claims (Debt Security) | Pgs. 4-5 |
| MARY ANN FOYLE IRA<br>383 W THORNHILL PLACE<br>FREDERICK, MD 21703-6171 | 61115 | Motors Liquidation Company | $8,500.00 | Securities Claims (Debt Security) | Pgs. 4-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

| 264th Omnibus Objection | | Exhibit B | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Creditor | Claim # | Debtor | Claim Amount | Claim Type | Pages |
| --- | --- | --- | --- | --- | --- |
| ROBERT G GRANT & CYNTHIA L GRANT JT WROS<br>26 ABBY LANE<br>GREEN BROOK, NJ 08812 | 62774 | Motors Liquidation Company | $150,000.00 | Securities Claims (Debt Security) | Pgs. 4-5 |
| ROBERT PAUL MCCORMICK<br>4683 MIRABELLA CT<br>SAINT PETE BEACH, FL 33706<br>UNITED STATES OF AMERICA | 28350 | Motors Liquidation Company | $10,450.00 | Securities Claims (Debt Security) | Pgs. 4-5 |
| STRUL FLANDEL<br>SQ ED MACHTENS 18/3<br>1080 BRUXELLES BELGIUM | 63034 | Motors Liquidation Company | $51,525.45 | Securities Claims (Debt Security) | Pgs. 4-5 |
| THOMAS GEHLEN<br>PLATANENWEG 39<br>LIEDERBACH, GERMANY 65835<br>DEUTSCHLAND | 26840 | Motors Liquidation Company | $698.67 | Securities Claims (Debt Security) | Pgs. 4-5 |

*CLAIMS TO BE DISALLOWED AND EXPUNGED*   13

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:                Chapter 11 Case No.
In re                                                          :
:                09-50026 (REG)
MOTORS LIQUIDATION COMPANY, *et al.*  :
 f/k/a General Motors Corp., *et al.*,          :
:                (Jointly Administered)
Debtors.                                        :
:
---------------------------------------------------------------- x

### ORDER GRANTING 264th OMNIBUS OBJECTION TO CLAIMS
(Securities Claims)

Upon the 264th Omnibus Objection to expunge certain claims, dated January 6, 2012, (the "**264th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Claims for Equity Interests on the grounds that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully described in the 264th Omnibus Objection to Claims; and due and proper notice of the 264th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 246th Omnibus Objection to Claims

DOCSNY-491059v1

relief sought in the 264th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 264th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the relief requested in the 264th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, the claims listed on **Exhibit "A"** annexed hereto are reclassified as equity under the Plan and disallowed and expunged; and it is further

ORDERED that, the claims listed on **Exhibit "B"** annexed hereto are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibits "A"** and **"B"** annexed to the 264th Omnibus Objection to claims that is not listed on **Exhibits "A"** and **"B"** annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
United States Bankruptcy Judge