HEARING DATE AND TIME: February 9, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 2, 2012 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re                                                  :    Chapter 11 Case No.
                                                       :
MOTORS LIQUIDATION COMPANY, *et al.*,                  :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*               :
                                                       :
                    Debtors.                           :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

## NOTICE OF 265th OMNIBUS OBJECTION TO CLAIMS
(Reducing, Allowing and Reclassifying Property Damage Claims)

**PLEASE TAKE NOTICE** that on January 6, 2011, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed their 265th omnibus objection to reduce, allow and reclassify certain claims (the "**265th Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 265th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 9, 2012, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 265th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 265th Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later

than **February 2, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 265th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 265th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
January 6, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

4

HEARING DATE AND TIME: February 9, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 2, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

## 265th OMNIBUS OBJECTION TO CLAIMS
(Reducing, Allowing and Reclassifying Property Damage Claims)

> THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM.
> CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON
> THE EXHIBIT ANNEXED TO THIS OBJECTION.

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

US_ACTIVE:\43463796\02\72240.0639

## Relief Requested

1. The GUC Trust files this 265th omnibus objection to certain claims (the "**265th Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order reducing the claims listed on **Exhibit "A"** annexed hereto (collectively, the "**Claims**") and reclassifying and allowing such Claims as set forth therein.[1]

2. Representatives of the GUC Trust examined the proofs of claim identified on **Exhibit "A."** As set forth more fully herein, the GUC Trust, together with its expert consultants, determined that such claims should be allowed in an amount less than that asserted by the claimant (the "**Reduced Amount**"). The GUC Trust contacted each of the claimants in writing and proposed allowance of their claim in the Reduced Amount. The claimants listed on **Exhibit "A"** did not respond to such correspondence. As such, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the GUC Trust seeks entry of an order fixing each Claim in the Reduced Amounts set forth on **Exhibit "A"**, and, to the extent necessary, reclassifying each claim as an unsecured claim.

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009, as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

---

[2]   The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]   The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

6.  On October 6, 2009, this Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.  On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled *"The GUC Trust,"* provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

### The Relief Requested Should Be Approved by the Court

8.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Additionally, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.  The GUC Trust and its expert consultants examined numerous proofs of claim filed against the Debtors which asserted claims for property damage. They concluded that

the fair, accurate and reasonable value of many of those claims was in fact less than reflected in the proofs of claim. Accordingly, the GUC Trust sent correspondence to many claimants requesting they voluntarily reduce their claims to the lesser amounts determined by the GUC Trust's expert consultants. The majority of such claimants agreed to the treatment proposed by the GUC Trust. However, the claimants listed on **Exhibit "A"** represent the exceptions – *i.e*, those who did not respond to the GUC Trust's request.

10. The GUC Trust submits that, given the relatively small amounts of the Claims, such Claims should not be litigated in an evidentiary hearing and, rather, should be resolved as proposed herein. The Reduced Amounts represent the fair value of the Claims, as determined by the GUC Trust's expert consultants, based on, among other things, information provided by the claimants. Moreover, the requested relief is integral to the GUC Trust's efforts to fully, finally and efficiently resolve the remaining claims against the Debtors. Based on the foregoing, the GUC Trust respectfully requests that the Claims be reduced and allowed in the Reduced Amounts and, to the extent necessary, reclassified as unsecured claims. The GUC Trust reserves all of its rights to object on any other basis to any Claims as to which the Court does not grant the relief requested herein.

## Notice

12. Notice of this 265th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other further notice be provided.

13. No previous request for the relief sought herein has been made by the GUC Trust or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
January 6, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

| 265th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO REDUCE, FIX AND ALLOW

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
| --- | --- | --- | --- | --- | --- | --- |
| ALLSTATE INSURANCE COMPANY | 885 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| F. OTWAY DENNY III, LLC (REPRESENTATIVE OF ALLSTATE INS. CO.) | | | $0.00 | (P) | $0.00 | (P) |
| 110 VETERANS MEM. BLVD. , #460 METAIRIE, LA 70005 | | | $15,118.75 | (U) | $7,559.38 | (U) |
| | | | $15,118.75 | (Total Claim Amount) | $7,559.38 | (Total Claim Amount) |
| Official Claim Date:  7/24/2009 | | | | | | |
| ALLSTATE INSURANCE COMPANY | 958 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| C/O YOST & BAILL LLP 2050 US BANK PLAZA SOUTH 220 SOUTH 6TH ST | | | $0.00 | (P) | $0.00 | (P) |
| MINNEAPOLIS, MN 55402 | | | $32,470.43 | (U) | $16,235.22 | (U) |
| | | | $32,470.43 | (Total Claim Amount) | $16,235.22 | (Total Claim Amount) |
| Official Claim Date:  7/31/2009 | | | | | | |
| ALLSTATE INSURANCE COMPANY | 19793 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| CRAWFORD STEWART C LAW OFFICES OF PO BOX E | | | $0.00 | (P) | $0.00 | (P) |
| 223 N MONROE ST, MEDIA, PA 19063-3019 | | | $13,935.70 | (U) | $6,967.85 | (U) |
| | | | $13,935.70 | (Total Claim Amount) | $6,967.85 | (Total Claim Amount) |
| Official Claim Date:  11/4/2009 | | | | | | |
| ALLSTATE PROPERTY & CASUALTY INS CO | 17347 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| COZEN OCONNOR ATTN: WILLIAM N CLARK ESQ | | | $0.00 | (P) | $0.00 | (P) |
| 1900 MARKET STREET RE: JOHN GASSAWAY | | | $164,081.62 | (U) | $82,040.81 | (U) |
| PHILADELPHIA, PA 19103 UNITED STATES OF AMERICA | | | $164,081.62 | (Total Claim Amount) | $82,040.81 | (Total Claim Amount) |
| Official Claim Date:  10/29/2009 | | | | | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

| 265th Omnibus Objection | | Exhibit A | | Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO REDUCE, FIX AND ALLOW

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
|---|---|---|---|---|---|---|
| ARTHUR GRIGORYAN<br><br>23277 VENTURA BLVD<br>WOODLAND HILLS, CA 91364<br><br>Official Claim Date: 7/6/2009 | 840 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$55,086.26<br>$55,086.26 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$13,771.57<br>$13,771.57 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| AUTO CLUB INSURANCE ASSOCIATION<br><br>TRANS PAC SOLUTIONS<br>C/O KELLY SCHROADER<br>PO BOX 36220<br>LOUISVILLE, KY 40233<br><br>Official Claim Date: 10/6/2009 | 5461 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$21,224.50<br>$21,224.50 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$5,306.13<br>$5,306.13 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| BUCKELS, LAWRENCE<br><br>KAHN, DEES, DONOVAN & KAHN<br>PO BOX 3646<br>EVANSVILLE, IN 47735-3646<br><br>Official Claim Date: 11/27/2009 | 61392 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$82,670.86<br>$82,670.86 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$20,667.72<br>$20,667.72 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| DASILVA, MICHAEL<br><br>STATE FARM INS<br>147 WASHINGTON POINTE DR<br>INDIANAPOLIS, IN 46229-2636<br><br>Official Claim Date: 10/13/2009 | 9537 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$13,498.50<br>$13,498.50 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$6,000.00<br>$6,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| DIRECT GENERAL INS A/S/O WILLIAM KANE<br><br>PRAXIS CONSULTING, INC<br>A/S/O DIRECT GENERAL, 1181183<br>PO BOX 5<br>MUNCIE, IN 47308<br><br>Official Claim Date: 11/18/2009 | 29771 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$48,910.00<br>$48,910.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$4,891.00<br>$4,891.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| 265th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO REDUCE, FIX AND ALLOW

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
| --- | --- | --- | --- | --- | --- | --- |
| DONAHUE LAW GROUP, P S C<br><br>410 SOUTH MAIN STREET<br>SOMERSET, KY 42501<br><br>Official Claim Date: 10/22/2009 | 14807 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$31,509.81<br>$31,509.81 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$15,754.91<br>$15,754.91 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| EADY, JOHN<br><br>400 HILLCREST CT<br>IRVING, TX 75062-6957<br><br>Official Claim Date: 10/30/2009 | 17837 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$22,250.00<br>$22,250.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$4,450.00<br>$4,450.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| GASKINS, ELIZABETH<br><br>440 BOWEN ST<br>SAVANNA, IL 61074-2106<br><br>Official Claim Date: 11/30/2009 | 63419 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$31,521.95<br>$31,521.95 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$5,000.00<br>$5,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| HOOVER, DOROTHY<br><br>HOOVER, MICHAEL L. & CHASE HOOVER<br>3580 8TH AVE NE<br>NAPLES, FL 34120-4963<br><br>Official Claim Date: 11/30/2009 | 63578 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$16,578.00<br>$16,578.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$4,000.00<br>$4,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| INTEGON NATIONAL INSURANCE A/S/O TERRY GREENE<br><br>ATTN: CLAIM # 8733775<br>PO BOX 1429<br>WINSTON-SALEM, NC 27102<br><br>Official Claim Date: 10/29/2009 | 17625 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$18,917.50<br>$18,917.50 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$9,458.75<br>$9,458.75 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| 265th Omnibus Objection | | | Exhibit A | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO REDUCE, FIX AND ALLOW

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
| --- | --- | --- | --- | --- | --- | --- |
| KAISER FOUNDATION HEALTH PLAN INC | 51096 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| C/O CARL WARREN & CO<br>PO BOX 3975 | | | $0.00 | (P) | $0.00 | (P) |
| WALNUT CREEK, CA 94598-0849 | | | $16,195.34 | (U) | $8,097.67 | (U) |
| Official Claim Date: 11/25/2009 | | | $16,195.34 | (Total Claim Amount) | $8,097.67 | (Total Claim Amount) |
| LIBERTY MUTUAL | 19431 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| 5050 W. TILGHMAN ST. SUITE 200<br>ALLENTOWN, PA 18104 | | | $0.00 | (P) | $0.00 | (P) |
| UNITED STATES OF AMERICA | | | $78,000.00 | (U) | $39,000.00 | (U) |
| Official Claim Date: 11/3/2009 | | | $78,000.00 | (Total Claim Amount) | $39,000.00 | (Total Claim Amount) |
| LINDSAY KENNEY LLP | 60950 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| ATN:DUNCAN MAGNUS FOR RESPONDENT<br>PRESTON CHEVROLET CADILLAC (2006) LTD<br>401 W GEORGIA ST STE 1800 | | | $0.00 | (P) | $0.00 | (P) |
| VANCOUVER BRITISH COLUMBIA V6B 5A1 | | | $14,246.00 | (U) | $7,123.00 | (U) |
| | | | $14,246.00 | (Total Claim Amount) | $7,123.00 | (Total Claim Amount) |
| Official Claim Date: 11/27/2009 | | | | | | |
| LUEKINNA MITCHELL | 71019 | Motors Liquidation Company | $12,400.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| 933 WALKER<br>DES MOINES, IA 50316 | | | $12,400.00 | (P) | $0.00 | (P) |
| | | | $0.00 | (U) | $4,450.00 | (U) |
| Official Claim Date: 2/28/2011 | | | $24,800.00 | (Total Claim Amount) | $4,450.00 | (Total Claim Amount) |
| LUMPKIN, MICHAEL R | 4689 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| FICKLEY R BRUCE LAW OFFICES OF<br>PO BOX 4005 | | | $0.00 | (P) | $0.00 | (P) |
| ROANOKE, VA 24015-0005 | | | $46,116.13 | (U) | $5,764.52 | (U) |
| Official Claim Date: 10/5/2009 | | | $46,116.13 | (Total Claim Amount) | $5,764.52 | (Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

| 265th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered | |

## CLAIMS TO REDUCE, FIX AND ALLOW

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
|---|---|---|---|---|---|---|
| MERCURY INSURANCE COMPANY<br><br>LEA & NIVINSKUS<br>134 W WILSHIRE AVE<br>FULLERTON, CA 92832-1824<br><br>Official Claim Date: 10/30/2009 | 17901 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$25,000.00<br>$25,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$6,000.00<br>$6,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| PARNASS, LUIS<br><br>1272 BONSAI CIR<br>CORONA, CA 92882-8346<br><br>Official Claim Date: 10/27/2009 | 16850 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$13,000.00<br>$13,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$4,000.00<br>$4,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| PATTEN ADRIEN<br><br>PATTEN, ADRIEN<br>STATE FARM<br>147 WASHINGTON POINT DR<br>INDIANAPOLIS, IN 46229-2636<br><br>Official Claim Date: 10/13/2009 | 9536 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$51,189.25<br>$51,189.25 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$25,594.63<br>$25,594.63 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| PROGRESSIVE AMERICAN INSURANCE<br><br>ATTN: STEVEN J JACOBSON, ESQ.<br>5701 N PINE ISLAND RD, STE 320<br>TAMARAC, FL 33321-4400<br><br>Official Claim Date: 11/10/2009 | 22492 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$35,372.40<br>$35,372.40 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$17,686.20<br>$17,686.20 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| PROGRESSIVE CASUALTY AS SUBROGEE OF DENNIS IMBER<br><br>ATTN: PAUL JOHNSTON<br>207 E MAIN ST<br>MACUNGIE, PA 18062-1312<br><br>Official Claim Date: 10/26/2009 | 15663 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$88,873.14<br>$88,873.14 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$11,109.14<br>$11,109.14 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 5

| 265th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered | |

## CLAIMS TO REDUCE, FIX AND ALLOW

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
|---|---|---|---|---|---|---|
| PROGRESSIVE EXPRESS INS. CO. | 22497 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| ATTN: STEVEN J JACOBSON, ESQ. 5701 N PINE ISLAND RD, STE 320 | | | $0.00 | (P) | $0.00 | (P) |
| TAMARAC, FL 33321-4400 | | | $21,093.20 | (U) | $6,546.60 | (U) |
| Official Claim Date: 11/10/2009 | | | $21,093.20 | (Total Claim Amount) | $6,546.60 | (Total Claim Amount) |
| SCHEIDT, MARK | 9538 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| STATE FARM 147 WASHINGTON POINTE DR | | | $0.00 | (P) | $0.00 | (P) |
| INDIANAPOLIS, IN 46229-2636 | | | $28,191.48 | (U) | $7,500.00 | (U) |
| Official Claim Date: 10/13/2009 | | | $28,191.48 | (Total Claim Amount) | $7,500.00 | (Total Claim Amount) |
| SHEFFIELD, BEVERLY | 14294 | MLC of Harlem, Inc. | $0.00 | (S) | $0.00 | (S) |
| 1321 ORLEANS #2208 | | | $0.00 | (A) | $0.00 | (A) |
| DETROIT, MI 48207 | | | $0.00 | (P) | $0.00 | (P) |
| Official Claim Date: 10/21/2009 | | | $15,000.00 | (U) | $6,500.00 | (U) |
| | | | $15,000.00 | (Total Claim Amount) | $6,500.00 | (Total Claim Amount) |
| SHELLY SWEDEEN | 61262 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| 231 SILVERWOOD AVE P.O. BOX 54 | | | $0.00 | (P) | $0.00 | (P) |
| MARBLE, MN 55764-0054 | | | $14,309.00 | (U) | $4,769.67 | (U) |
| Official Claim Date: 11/27/2009 | | | $14,309.00 | (Total Claim Amount) | $4,769.67 | (Total Claim Amount) |
| SMILEY, YOLANDA | 3952 | Motors Liquidation Company | $0.00 | (S) | $0.00 | (S) |
| | | | $0.00 | (A) | $0.00 | (A) |
| 73190 STANDIFER GAP RD APT. 621 CHATTANOOGA, TN 37421 | | | $0.00 | (P) | $0.00 | (P) |
| | | | $31,656.18 | (U) | $5,000.00 | (U) |
| Official Claim Date: 10/5/2009 | | | $31,656.18 | (Total Claim Amount) | $5,000.00 | (Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| 265th Omnibus Objection | | Exhibit A | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO REDUCE, FIX AND ALLOW

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
|---|---|---|---|---|---|---|
| SMITH, CHEIW<br><br>135 MAIN ST<br>RICHMONDVILLE, NY 12149-2401<br><br>Official Claim Date: 11/21/2009 | 33527 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$13,500.00<br>$13,500.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$5,000.00<br>$5,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| SOLDANELS TED<br><br>SOLDANELS, TED<br>DOUG JOHNSON STATE FARM INS. CO.<br>147 WASHINGTON POINTE DR.<br>INDIANAPOLIS, IN 46229-2636<br><br>Official Claim Date: 10/13/2009 | 9540 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$25,367.66<br>$25,367.66 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$5,000.00<br>$5,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| TOWER INSURANCE CO OF NY AS SUBROGEE OF TRISHA BROWN-JANVIER<br><br>JOSEPH J COOKE ESQ<br>MILBER MAKNS PLOUSADIS & SEIDEN LLP<br>1000 WOODBURY RD SUITE 402<br>WOODBURY, NY 11797<br><br>Official Claim Date: 11/30/2009 | 67129 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$86,087.96<br>$86,087.96 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$14,347.99<br>$14,347.99 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| VICKERY, ROBIN<br><br>LAW OFFICES OF MARK G MCMAHON<br>7912 BONHOMME AVE STE 101<br>SAINT LOUIS, MO 63105-3512<br><br>Official Claim Date: 10/8/2009 | 6397 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$33,625.75<br>$33,625.75 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$22,417.17<br>$22,417.17 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| WATKINS, SHARENA<br><br>5052 N 21ST ST<br>MILWAUKEE, WI 53209-5740<br><br>Official Claim Date: 11/27/2009 | 60050 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$17,000.00<br>$17,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$5,666.67<br>$5,666.67 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
             Debtors.                                       :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER GRANTING THE 265th OMNIBUS OBJECTION TO CLAIMS
**(Reducing, Allowing and Reclassifying Property Damage Claims)**

Upon the 265th omnibus objection to reduce, allow and reclassify certain claims, dated January 6, 2012, (the "**265th Omnibus Objection to Claims**"),[4] of Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order reducing, reclassifying and allowing certain claims on the grounds that the amounts set forth in the proofs of claim are greater than the fair, accurate, and reasonable values of the Claims, all as more fully described in the 265th Omnibus Objection to Claims; and due and proper notice of the 265th Omnibus Objection to Claims having been provided, and it appearing that no other or

---

[4] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 265th Omnibus Objection to Claims.

further notice need be provided; and the Court having found and determined that the relief sought in the 265th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 265th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 265th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claims listed on **Exhibit "A"** annexed hereto are allowed in the amounts set forth under the heading *"Proposed Allowed Status/Amount"*; and it is further

ORDERED that the claims listed as **Exhibit "A"** which are classified by the claimant as secured, priority or otherwise, are hereby reclassified as unsecured claims; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibit "A"** annexed to the 265th Omnibus Objection to claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge