Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                    :

**In re**                   :     **Chapter 11 Case No.**
                    :

**MOTORS LIQUIDATION COMPANY, _et al._,**  :     **09-50026 (REG)**
     **f/k/a General Motors Corp., _et al._**  :
                    :

              **Debtors.**    :     **(Jointly Administered)**
                    :
-------------------------------------------------------------x

## NOTICE OF OBJECTION TO PROOF OF CLAIM NO. 15927 BY PATRICIA MEYER

      **PLEASE TAKE NOTICE** that on January 6, 2012, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed its objection to proof of claim number 15927 filed by Patricia Meyer (the

"**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before

the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

New York 10004, on **February 9, 2012, at 9:45 a.m. (Eastern Time),** or as soon thereafter as

counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any response to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708   (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones,

Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **February 2, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
     January 6, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                 :
**In re**                                         :          **Chapter 11 Case No.**
                                                 :
**MOTORS LIQUIDATION COMPANY, et al.,**           :          **09-50026 (REG)**
    **f/k/a General Motors Corp., et al.**      :
                                                 :
        **Debtors.**                 :          **(Jointly Administered)**
                                                 :
                                                 :
------------------------------------------------------------x

## OBJECTION TO PROOF OF CLAIM
## NO. 15927 FILED BY PATRICIA MEYER

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

      The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by

the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), objects to proof of claim number

15927 filed by Patricia Meyer (the "**Claim**"), on the basis that such claim fails to set forth

facts necessary to establish any legal or factual basis for the alleged claim.  In support of this

Objection, the GUC Trust respectfully represents:

## RELIEF REQUESTED

1.      By this Objection, the GUC Trust seeks entry of an order disallowing and expunging the Claim pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Claim fails to set forth the legal and factual basis for the asserted claim against the Debtors. Thus, the GUC Trust seeks an order expunging the Claim from the claims register.

## JURISDICTION

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## THE CLAIM

3.      Claimant Ms. Meyer is the director of L.A.W.S. (Labor Advocates Workers Solutions) which, according to Ms. Meyer, is a not-for-profit labor group that advocates on behalf of American workers and retirees. As set forth more fully below, Ms. Meyer's claims against the Debtors arise from her organization's alleged investigation of the Debtors and others related to the Debtors' purported (and unsubstantiated) "fraud."

4.      On July 2, 2009, Ms. Meyer filed a proof of claim (Claim No. 455) asserting a claim against the Debtors for "billions in back taxes" arising from alleged "tax evasion." *See* Exhibit A. Included with the claim was a letter addressed to the Court indicating that the claim related to IRS whistleblower case #29-71478 "against General Motors and its sub corporation Delphi claiming for tax fraud." Ms. Meyer filed another claim on October 26, 2009, which was assigned Claim No. 15927. *See* Exhibit B. The earlier filed claim was expunged by order of this Court, on the basis that the claims were duplicative of one another.

5.      Following the filing of Claim No. 15927 in October 2009, the Debtors sent a letter to Ms. Meyer requesting further information regarding the amount of the Claim. In response, Ms. Meyer wrote that her claim for "billions in back taxes," should in fact be treated as an unsecured claim in the amount of $500,000. *See* Exhibit C. Thereafter, Ms. Meyer informed the GUC Trust that she is "requesting $500,000 to cover expenses accrued while researching the fraudulent General Motors/Delphi spin-off and other fraudulent practices." *See* Exhibit D.

6.      In October, 2010, Ms. Meyer appeared before the Court, purportedly in response to certain omnibus claims objections filed by the GUC Trust (though the Claim was not the subject of the pending objections). At that hearing, the Court requested that Ms. Meyer clarify the basis for the Claim:

> The Court: What is the nature of the Debt?
>
> Ms. Meyer: Recovery. Fines for the indemnification in what we have done to prove what we have above General Motors Corporation and the bankruptcy.
>
> The Court: What kind of investigation? What kind of recovery? I lost you.
>
> Ms. Meyer: It would be personal recovery for the cost of our indemnification and what we have done with the government agencies and trying to do work with General Motors through the path –
>
> The Court: You mean, you want to be paid for having the government investigating General Motors?
>
> Ms. Meyer: No, sir. We took our claims to the government and to federal agencies and we have been in the courtroom before with General Motors. And so I filed an omnibus claim and wanted to bring it before you. And when he said that some of the issues are not cleared up, they may not be. I am coming before you as Patricia Meyer, a person who was – who activated all the investigations.

*See* Exhibit E at p. 51-52.

7.      Since the October 26th hearing, counsel for the GUC Trust has had several discussions with Ms. Meyer in an effort to clarify the nature of the Claim and the basis for Ms Meyer's assertions that the Debtors are liable for the alleged losses.  In these discussions, Ms. Meyer reiterated that her claim is for $500,000 in costs incurred by Ms. Meyer and L.A.W.S. in connection with their investigation of the Debtors and Delphi Corporation.  Ms. Meyer was unable to cite any legal authority for her contention that the Debtors should be liable for such costs and the GUC Trust can find none.

8.      Ms. Meyer has also provided counsel for the GUC Trust with additional documentation, including, newspaper articles discussing Delphi Corp and General Motors; a letter to President Obama and Vice President Biden from L.A.W.S. regarding the state of GM; correspondence regarding the nature of her claim; and a book entitled "Dispute This," written by Ms. Meyer.   None of these documents set forth a legal or factual basis for a claim and are not sufficient supporting documentation describing a claim against the Debtors.

## ARGUMENT

### A.    Applicable Law

9.      For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.),* 209 F.3d 125, 128 (2d Cir. 2000).   A right to payment is nothing more than an enforceable obligation. *Pennsylvania Dep't of Pub. Welfare v. Davenport,* 495 U.S. 552, 559 (1990). The right to payment can constitute a prepetition claim if, before the filing of the bankruptcy petition, "the relationship between the debtor and the creditor contained all of the elements necessary to give right to a legal obligation—a 'right to payment'—under

the relevant non-bankruptcy law." *LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.),* 53 F.3d 478, 497 (2d Cir. 1995) (quoting *In re Nat'l Gypsum Co.,* 139 B.R. 397, 405 (N.D.Tex. 1992) (internal citations omitted)).

10.     Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim.  However, to be entitled to the weight afforded by Bankruptcy Rule 3001(f), the proof of claim must comply with the Bankruptcy Rules and set forth the facts necessary to support the claim.  *In re Chain,* 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (quoting *In re Marino,* 90 B.R. 25, 28 (Bankr. D. Conn. 1988)); *Kahler v. FIRSTPLUS Fin., Inc. (In re FIRSTPLUS Fin., Inc.),* 248 B.R. 60, 70 (Bankr. N.D. Tex. 2000); *In re North Bay Gen. Hosp., Inc.,* 404 B.R. 443, 464 (Bankr. S.D. Tex. 2009). *See also Bar Date Ord.* at 2 (requiring that a proof of claim "set forth with specificity the legal and factual basis for the alleged [c]laim").  If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim.  *Chain,* 255 B.R. at 281; *Marino,* 90 B.R. at 28.

**B.     There is No Legal or Factual Basis for the Meyer Claim**

11.     The Claim cannot meet the standard to satisfy a *prima facie* claim. Accordingly, the burden remains with Ms. Meyer to establish the validity of her claims.  As set forth more fully below, Ms. Meyer has not (and cannot) meet such burden, because she has no valid claims against the Debtors.

12.     The GUC Trust has no record of any obligations to Ms. Meyer (for any investigative work, tax related liability or otherwise) and is not aware of any business or other relationship with the Debtors that would give rise to a claim against the Debtors.  Additionally,

the GUC Trust has been unable to ascertain any plausible theory of liability that can be reasonably inferred from the statements made in the Claim or supporting documentation. Ms. Meyer is simply not a creditor of the Debtors.

13.    The supporting documentation included with the Claim describes alleged work by Ms. Meyer and L.A.W.S. "researching and pursuing facts that would prove the 'old GM' guilty of fraud and tax evasion," and makes allegations of fraud by the Debtors and Delphi Corporation. *See* Exhibit F. However, Ms. Meyer has identified no basis of liability (contractual or otherwise), that would assign the burden of paying investigation costs to the party being investigated.[1] Nor do any of such documents offer any facts or legal theories that would give rise to liability on the part of the Debtors to Ms. Meyer. Even if Ms. Meyer did prevail in her whistleblower action, her claim for costs would not be against the Debtors. *See generally* 26 U.S.C. § 7623 (authorizing the Internal Revenue Service to pay a whistleblower for information that results in the government's recovery of taxes, penalties, interest, and additional amounts).

14.    In short, none of the information known to the GUC Trust or provided by Ms. Meyer establishes any legal or factual basis for the Claim. Accordingly, the Claim should not be afforded *prima facie* validity and should be expunged.

---

[1]    The GUC Trust recognizes that, as a *pro se* litigant, Ms. Meyer may be held to a less stringent standard than trained attorneys. *Goodman v. Mr. Goodbuys of New York Corp., Inc. (In re Mr. Goodbuys of New York Corp., Inc.)*, 164 B.R. 24, 27 (Bankr. E.D.N.Y. 1994) citing *Branum v. Clark,* 927 F.2d 698, 704-05 (2d Cir. 1991). However, Ms. Meyer's *pro se* status does not exempt her from "compliance with the relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981)). This is especially true here, where there is simply no legal or factual basis for the Claim.

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging the Claim

and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      January 6, 2012

                                      */s/ Stefanie Birbrower Greer*____
                                      Barry N. Seidel (BS-1945)
                                      Stefanie Birbrower Greer (SG-2898)

                                      DICKSTEIN SHAPIRO LLP
                                      1633 Broadway
                                      New York, New York 10019-6708
                                      Telephone: (212) 277-6500
                                      Facsimile: (212) 277-6501

                                      Attorneys for Motors Liquidation
                                      Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                              :

In re                             :          Chapter 11 Case No.
                                :

MOTORS LIQUIDATION COMPANY, *et al.*,   :          09-50026 (REG)
     f/k/a General Motors Corp., *et al.*   :

                   Debtors.     :          (Jointly Administered)
                                :
----------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO PROOF OF CLAIM NO. 15927 FILED BY PATRICIA MEYER

Upon the objection to proof of claim number 15927 (the "**Claim**") filed by Patricia Meyer, dated January 6, 2012 (the "**Objection**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claim on the basis that such claim fails to set forth facts necessary to establish any legal or factual basis for the alleged claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to the Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
          _____, 2012

_____
United States Bankruptcy Judge

# EXHIBIT A

B-10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor *GENERAL MOTORS CORP* | Case Number *09-50026* |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)

**Name and address where notices should be sent**
*Patricia Meyer*
*Box 112*
*West Olive, MI 49460*

**Telephone number**
*269-998-4609*

**Name and address where payment should be sent** (if different from above)

FILED - 00455
SDNY
GENERAL MOTORS CORPORATION
09-50026 (REG)

**Telephone number**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
*(if known)*

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed** *$ billions in back taxes*

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges

**2. Basis for Claim** *Tax Evasion*
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:** *unknown*

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side)

**4. Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
**Describe:**

**Value of Property** $_____   **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any.** $_____   **Basis for perfection** _____

**Amount of Secured Claim** $_____   **Amount Unsecured** $_____

THE GARDEN CITY GROUP, INC.
JUL 2 2009

**6. Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim
*Unknown - check with IRS*

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of redacted on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4)

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7)

☒ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8)

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| **Date:** *6/13/09* | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Patricia Meyer* | FOR COURT USE ONLY |
|---|---|---|

RECEIVED
JUN 16 2009
U.S. BANKRUPTCY COURT, SDNY
REG

*Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# From the Desk of Patricia Meyer

Honorable Robert E. Gerber

United States Bankruptcy Court

Southern District of New York

One Bowling Green

New York, New York 10004-1408

To Whom It May Concern·

I, Patricia Meyer, an IRS whistleblower case #29-71478 against General Motors and its sub corporation Delphi claiming tax fraud, am filing a claim against General Motors with the General Motors bankruptcy court

This IRS claim could lead to the possibility of millions of dollars in back taxes owed the government. This case was filed two years before the General Motors bankruptcy. As stated by Robert Gardner, IRS Investigator , Floyd Williams, Legislative Liaison to the IRS, and Stephen Whitlock, head of the IRS Whistleblower Office, ruling 6103 allows them to neither admit nor deny on the progress of this claim. Attempts have been made to contact Senator Grassley and Senator Baucus to bring about changes in this ruling So far nothing has been done At this point, to my knowledge, there has been no settlement of this IRS case and I am considering it an open investigation Therefore, I am filing this claim

Patricia Meyer

Box 112

West Olive, MI 49460

269-998-4609

06/11/2009   20:16    2693231636                                    DEEM

SEP-22-2008  11:17                                                  P.02

## Gardner Robert B

| | |
|---|---|
| From: | Gardner Robert B |
| Sent: | Thursday, September 18, 2008 8:58 AM |
| To: | Kimshee97@aol.com; Whitlock Anne M |
| Cc: | Gardner Robert B |
| Subject: | Your Letter of September 5, 2008 |

Dear Ms. Meyer

I apologize for not getting back to you sooner but I have not been in my office for the past five weeks due to other priorities. This is to acknowledge receipt of your letter dated September 5, 2008, to me. Your whistleblower submission ( Claim Number 28-71478),is still open and all information supplied by you has been forwarded to the appropriate officials. I can understand your frustration with the length of this process but I am unable to provide you more specific information in regards to the taxpayers in question under Internal Revenue Code Section 6103.

You may continue to submit any additional information you wish to be considered to my attention.

Thank you for your participation in the Whistleblower Program

Sincerely,

Robert B. Gardner
Office of Whistleblower Programs
Acting Program Manager, Case Development and Oversight

Badge # 16-00031
130 South Elmwood
Buffalo, NY 14202 Room 124

(p) 716-961-5200
(o) 716-961-5078
(f) 716-961-5078

TOTAL P.02

sep 24 08 03:10:4p                                              p.1

Patricia Mayer
Box 112
West Olive, M:
49460

Re Bankruptcy
Br 09-5-0026

CERTIFIED MAIL

7008 1830 0000 6131 5120

U S POSTAGE
$10.05

Honorable Robert E Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1480

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com

# EXHIBIT B

00002145
APS0712063130




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)                                    Case No
☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-5002s (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc)      13-13558 (REG)

*Your Claim is Scheduled As Follows.*

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  PATRICIA MEYER

Name and address where notices should be sent
PATRICIA MEYER
BOX 112
WEST OLIVE, MI 49460-0112

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Telephone number
Email Address

Name and Address where payment should be sent (if different from above)

**FILED - 15927**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**  $ *billions in back taxes*

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim**  *Tax Evasion*
(See instruction #2 on reverse side)

**3  Last four digits of any number by which creditor identifies debtor** _____

    **3a  Debtor may have scheduled account as** _____
    (See instruction #3a on reverse side)

**4  Secured Claim (See instruction #4 on reverse side)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☒ Other
Describe

Value of Property  $_____    Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim  $_____    Amount Unsecured  $_____

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase lease, or rental of property or services for personal family, or household use – 11 U S C § 507(a)(7)

☒ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side)

*Unknown - Check with IRS*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

Date

*Patricia A. Meyer (bad pen)*

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 USC §§ 152 and 3571*
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP INC
OCT 26 2009

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules  The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc , are not authorized and are not providing you with any legal advice

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS  IF BY MAIL  THE GARDEN CITY GROUP, INC , ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING  P O  BOX 9386, DUBLIN  OH 43017-4286  IF BY HAND OR OVERNIGHT COURIER  THE GARDEN CITY GROUP, INC , ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017  PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY ONE BOWLING GREEN ROOM 534 NEW YORK, NEW YORK 10004  ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 PM  (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009  You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold, money loaned, services performed  personal injury/wrongful death  car loan, mortgage note, and credit card  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name  a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured  (See DEFINITIONS, below ) State the type and the value of property that secures the claim  attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C  § 507(a)**
If any portion of your claim falls in one or more of the listed categories  check the appropriate box(es) and state the amount entitled to priority  (See DEFINITIONS, below )  A claim may be partly priority and partly non-priority  For example, in some of the categories, the law limits the amount entitled to priority
For claims pursuant to 11 U S C  § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009  the date of commencement of these cases (See DEFINITIONS, below)  Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You may also attach copies of documents that evidence perfection of a security interest  You may also attach a summary  FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services, see instruction 2  Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it  FRBP 9011  If the claim is filed electronically  FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title, if any, of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C  § 101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing  The creditor must file the form with the Garden City Group, Inc  as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C  § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states, a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case, in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C  § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted, certain information  A creditor should redact and use only the last four digits of any social-security  individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e)  any applicable provisions of the Bankruptcy Code (11 U S C  § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

631 - 470 - 5000

7
3
-
2
8
6
6
X
0
1

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: *General Motors Corp* | Case Number: *09-50026* |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):

**Name and address where notices should be sent:**

*Patricia Meyer*
*Box 112*
*West Olive, MI 49460*

Telephone number:
*269-998-4609*

**Name and address where payment should be sent** (if different from above):

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** *$ billions in back taxes*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** *Tax Evasion*
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:** *unknown*

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☒ Other
Describe:

Value of Property: $_____  Annual Interest Rate_____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. *Unknown - Check with IRS*

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain

THE GARDEN CITY GROUP
JUL 2 2009

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☒ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: *6/17/09* | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Patricia Meyer* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# EXHIBIT C

**VIA FIRST CLASS MAIL**

PATRICIA MEYER
BOX 112
WEST OLIVE, MI 49460

Re:   In re Motors Liquidation Company, et al. (f/k/a/ General Motors Corporation, et al.) Case No.:
09-50026 (REG)

Dear Claimant,

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (collectively,
"MLC") are in receipt of the following proof(s) of claim that you filed against MLC in an unspecified and unsecured
amount:

| Claim Number | Creditor Name |
|--------------|---------------|
| 15927        | PATRICIA MEYER |

The purpose of this letter is to request that you provide MLC with a liquidated amount and supporting
documentation for your proof(s) of claim against MLC.  If you do not provide us with a liquidated amount for your
proof(s) of claim, MLC may be compelled to pursue liquidation of your proof(s) of claim in the Bankruptcy Court
through an objection or other available procedures.  If you wish to provide MLC with a liquidated amount for your
proof(s) of claim, please fill out the enclosed Claim Liquidation Letter and return it to MLC at the address indicated
in the top left hand corner of the letter no later than August 20th, 2010.

Please attach to your Claim Liquidation Letter any relevant documentation such as invoices, contracts,
financial records, a complaint, and/or other information that substantiates the amount and basis of your claims.  If
you do not provide us with documentation for your unsecured claims, MLC may choose to object to your claims as
lacking sufficient documentation to establish the validity of your claims.

Upon receipt of your Claim Liquidation Letter, MLC will direct its claims agent to update the official claims
register with the liquidated amount for the above-listed proof(s) of claim provided in the Claim Liquidation Letter.
Please be informed that submission of a Claim Liquidation Letter will not result in allowance of your proof(s) of
claim.  MLC reserves all rights with regard to the above-listed proof(s) of claim, including the right to object to the
liquidated amount included in the Claim Liquidation Letter.

Should you have any questions about this matter, please contact MLC at 1-800-414-9607 or by e-mail at
claims@motorsliquidation.com.

Sincerely,
Motors Liquidation Company


Enclosure

<u>VIA EMAIL AND FIRST CLASS MAIL</u>

Motors Liquidation Company
Attn: Claims Team
2101 Cedar Springs Road
Suite 1100
Dallas, TX 75201
claims@motorsliquidation.com

Re:    In re Motors Liquidation Company, et al. ("Debtors"), Case No. 09-50026 (REG) –
Claim Liquidation Letter

Dear Motors Liquidation Company,

By this letter, I hereby submit a liquidated amount for the following proof(s) of claim:

| <u>Proof(s) of Claim Number</u> | <u>Liquidated Amount (Unsecured)</u> |
|---|---|
| 15927 | $ 500,000.00 |

I understand and acknowledge that submission of this letter does not constitute allowance of the above-described proof(s) of claim, and that the Debtors reserve all rights with respect to these claims. I further acknowledge that upon receipt of this letter, the Debtors will direct their claims agent to update the official claims register with the liquidated amount provided in this letter for the corresponding proof(s) of claim listed above.

Very truly yours,

X _Patricia G Meyer_
Print Name      Patricia Meyer
Address         Box 112
City and State  West Olive, MI 49464
Telephone       269-998-9609
E-mail          kimshee97@att.net

# EXHIBIT D

Patricia Meyer
Box 112
West Olive, MI 49460
269-998-4609

Pablo Falabella
Weil, Gotshal & Manges LLP

September 28, 2010

Pablo,

Thank you for talking with me yesterday. When we originally talked there seemed to be confusion as to what I was requesting from Liquidation Motors. I am requesting $500,000 to cover expenses accrued while researching the fraudulent General Motors/Delphi spin-off and other fraudulent practices.

A form was returned earlier stating this request. It was sent to the stated office and I have no idea what could have happened to it.

Please feel free to contact me at 269-998-4609 or email kimshee97@att.net  if further information is needed.

Sincerely,

Patricia A. Meyer

Patricia Meyer
269-998-4609
kimshee97@att.net

# EXHIBIT E

Page 1

```
 1
 2     UNITED STATES BANKRUPTCY COURT
 3     SOUTHERN DISTRICT OF NEW YORK
 4     Case No. 09-50026(REG)
 5     - - - - - - - - - - - - - - - - - - -x
 6     In the Matter of:
 7
 8     MOTORS LIQUIDATION COMPANY, et al.
 9              f/k/a General Motors Corporation, et al.,
10
11              Debtors.
12
13     - - - - - - - - - - - - - - - - - - -x
14
15              United States Bankruptcy Court
16              One Bowling Green
17              New York, New York
18
19              October 26, 2010
20              9:53 AM
21
22
23     B E F O R E:
24     HON. ROBERT E. GERBER
25     U.S. BANKRUPTCY JUDGE
```

MOTORS LIQUIDATION COMPANY, et al.

1          MR. WILKINS:  Thank you.

2          MR. SMOLINSKY:  Your Honor, the rest of the agenda

3    other than the fee applications relate to claim objections,

4    omnibus claim objections filed by the debtors.  It's a

5    combination of claim objections that were on the calendar

6    before that we've continued to try to resolve as well as

7    omnibus claims motions 85 to 108 which are new motions.

8          As we have been trying to make it easier on Your

9    Honor, we have attached to the agenda a schedule of those

10   claims that were not seeking relief with respect to today

11   either because we've decided to withdraw the motion after

12   receiving additional information or we've agreed to adjourn to

13   continue our discussions.  And unless anyone wants to be heard

14   with respect to that, we would suggest that we simply submit

15   orders for those parties who did not respond to the motion and

16   to address the other claims as identified on the schedule to

17   the agenda.

18         THE COURT:  Fair enough.  Anybody in the courtroom

19   who wants to be heard given what Mr. Smolinsky just said?  No

20   response.  Anybody on the phone who wants to be heard given

21   what Mr. Smolinsky said?

22         MS. MEYER (TELEPHONICALLY):  My name is Patricia

23   Meyer.  And I'm not sure that I applied to work this motion in

24   at the present time.  My name is Patricia Meyer and my i.d. is

25   317595.  And the case number is, of course, 09-50026.  I filed

MOTORS LIQUIDATION COMPANY, et al.

Page 51

1   an omnibus claim against the Liquidation Motors (sic) and that

2   GM was never held accountable for -- in the amount paid.

3   Number  one --

4           THE COURT:  Pause, please, Mr. Meyer (sic).  What was

5   your claim for again?

6           MS. MEYER:  For an omnibus objection against

7   reservation orders.  And my name is Patricia Meyer --

8           THE COURT:  Well, I heard your name.  But even though

9   you repeated it, either because of the phone or my lack of

10  understanding, I didn't get the substance of what your claim is

11  for.

12          MS. MEYER:  It's against the debtor, Motors

13  Liquidation Corporation.

14          THE COURT:  Well, I understand that.  But what --

15          MS. MEYER:  It's for recovery --

16          THE COURT:  What is the nature of the debt?

17          MS. MEYER:  Recovery.  Fines for the indemnification

18  in what we have done to prove what we have above General Motors

19  Corporation and the bankruptcy.

20          THE COURT:  What kind of investigation?  What kind of

21  recovery?  I lost you.

22          MS. MEYER:  It would be a personal recovery for the

23  cost of our indemnification and what we have done with the

24  government agencies and trying to work with General Motors

25  through the path --

MOTORS LIQUIDATION COMPANY, et al.

Page 52

1          THE COURT:  You mean, you want to be paid for having

2     the government investigating General Motors?

3          MS. MEYER:  No, sir.  We took our claims to the

4     government and to federal agencies and we have been in the

5     courtroom before with General Motors.  And so I filed an

6     omnibus claim and wanted to bring it before you.  And when he

7     said that some of these issues are not cleared up, they may not

8     be.  I am coming before you as Patricia Meyer, a person who was

9     -- who activated all the investigations.

10         THE COURT:  Mr. Smolinsky, is that a claim that you

11    want me to deal with today?

12         MR. SMOLINSKY:  No, Your Honor.  If I recall, this

13    claim arises out of a whistleblower claim that Ms. Meyer has

14    been trying to assert before the government with no success for

15    several years.  I don't believe that it's the subject of the

16    motions that are on today.  We will double check.  And if Ms.

17    Meyers (sic) wants her day in court with respect to her claim,

18    we'll provide her with that opportunity.

19         THE COURT:  Fair enough.  All right.  Ms. Meyer, do

20    you understand what Mr. Smolinsky just said?

21         MS. MEYER:  Yes.  Do I deal with the Court for my --

22    just asking -- or do I have to deal with Mr. Smolinsky to put

23    me on a time for a court hearing?

24         THE COURT:  Well, for scheduling, I would appreciate

25    it if you coordinated with Mr. Smolinsky or one of his guys.

MOTORS LIQUIDATION COMPANY, et al.

Page 53

1    If you agree to disagree on whether you have a claim,

2    ultimately, the decision as to whether it's a good claim or not

3    will be mine.  And --

4          MS. MEYER:  All right.  And --

5          THE COURT:  -- you'll have your day in court as Mr.

6    Smolinsky said.

7          MS. MEYER:  That is fair, Your Honor.  And that's

8    what we need.  Thank you.

9          THE COURT:  Very well.  Okay.

10         MS. MEYER:  I'll be looking for -- do I contact them?

11   Is that my -- that's what I have to do now?

12         THE COURT:  What I would suggest is that since I

13   suspect it's going to be a busy day today, over the next few

14   days arrange with somebody at Mr. Smolinsky's firm or if they

15   haven't -- maybe it would be easier if they detail somebody who

16   they would like to deal with you and talk about what to do --

17         MS. MEYER:  That would be --

18         THE COURT:  -- what to do next.  I'm not making any

19   substantive rulings today.

20         MS. MEYER:  Thank you very much, Your Honor.

21         THE COURT:  Okay.

22         MS. MEYER:  I'll be looking forward to working with

23   their firm.

24         THE COURT:  Very well.  Ms. Meyer, you may be excused

25   from the call if you wish.

MOTORS LIQUIDATION COMPANY, et al.

Page 54

1          MS. MEYER:  Thank you, Your Honor.

2          THE COURT:  Okay.  Next, Mr. Smolinsky?  Or if -- was

3     that the only person who spoke up when we invited people on the

4     phone to speak up?  Anybody else on the phone who wants to be

5     heard?  The record will reflect no response.  Okay.

6          Your motion is, to the extent you wanted to push it

7     against non-responders, is granted or, I guess more

8     technically, your objections are sustained for the

9     nonobjectors.  They're continued for those who you said would

10    be continued including Ms. Meyer.

11         MR. SMOLINSKY:  Thank you, Your Honor.

12         THE COURT:  Okay.

13         MR. SMOLINSKY:  I think, as promised, that leaves the

14    fee applications as the last matter to address today.

15         THE COURT:  Okay.  What's your recommendation --

16         MR. SMOLINSKY:  How would Your Honor like to proceed?

17         THE COURT:  -- as to how you want to proceed on that?

18         MR. SMOLINSKY:  Perhaps we should start with the fee

19    examiner who can give an update on where --

20         THE COURT:  All right.  I see Mr. Wilkinson (sic)

21    coming up -- good morning, Mr. Wilkinson.  I said Wilkinson.  I

22    meant Williamson.  I apologize.  I'm tired, Mr. Williamson.

23         MR. WILLIAMSON:  Good morning, Your Honor.  Thank

24    you.  Brady Williamson, the fee examiner in this proceeding.

25    My colleagues from Godfrey & Kahn are on the telephone if their

# EXHIBIT F

Patricia A. Meyer
Box 112
West Olive, MI 49460
269-998-4690
kimshee97@att.net

Attorney Stephanie Greer
Dickstein/Shapiro

November 14, 2011

Dear Stephanie Greer,

I am writing you regarding our telephone conversation on Wednesday, November 9 regarding my claim, #69-50026, against Liquidation Motors. Included with this mailing you will find some background information about my activities through the last 18 years along with papers that will clarify the reason I had two claim numbers at one time.

During our conversation you questioned how Liquidation Motors (old GM) could be expected to pay for expenses incurred over the last 18 years by myself and my agency researching and pursuing facts that would prove the "old GM" guilty of fraud and tax evasion. It is important that you understand that I was contacted by Liquidation Motors to ask if I had a claim against the "old GM." Since I was asked I decided to ask for compensation for the work done trying to bring to light what GM has been doing over the years.

Since the inception of my agency, UAW Concern, in 1993 I have been collecting information, supporting workers throughout the country, sponsoring informational and information gathering meetings, communicating with many federal agencies in Washington, contacting Senators and Representatives along with the President and Vice President to bring to their attention the information I had about GM's fraud and tax evasion. I finally became a Whistle Blower to the new IRS Whistleblower Office under the direction of Stephen Whitlock about GM fraud and tax evasion at the suggestion of a Tax Advocacy attorney who read some of my proof and thought that the Whistleblower Office would have the power to carry through a corporate investigation of this magnitude. Unfortunately for the American people once again the government seems to have stepped in to "excuse" the old GM of prior wrong doing.

The thousands of dollars that have been spent over the years have been used to find truth, secure justice for our country and to uphold our American principals of right and wrong. No one, corporation or individual, should be allowed to circumvent our laws. This bankruptcy should never have been allowed to happen. General Motors Corporation needs to pay for the wrongs that it has done to the workers, retirees and the country as a whole through its actions of fraud and tax evasion even though these actions seem to have been "excused" and "protected" by the government.

I have been told many times by different media that my GM story is "too hot to handle" because GM is the largest car manufacturer in the world. Even though I have run into opposition getting this story out, when it finally reaches the public with the proofs that I have, it could be the biggest corporate scandal ever. Recently Penn State has had its own scandal which has horrified our country. Just think what will happen when this story hits the airways. The

actions of the "old GM" will definitely affect the new General Motors Company in North America and abroad. I agree with your statement that you should go back to Joseph Smolinsky with the information included with this letter before a final decision is made.

Respectfully submitted by,

Patricia Meyer
Claim # 59-50026