Hearing Date and Time: February 9, 2012 at 9:45 a.m. ET
Objection Deadline: February 2, 2012 at 4:00 p.m. ET

DICKSTEIN SHAPIRO LLP
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Counsel for Motors Liquidation
Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corporation, *et al.*, | Case No.: 09-50026 (REG) |
| | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------------x

**NOTICE OF MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST
PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018 FOR
<u>AN ORDER AUTHORIZING FILING OF COMPLAINT UNDER SEAL</u>**

**PLEASE TAKE NOTICE** that on January 17, 2012, Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed the Motion of Motors Liquidation Company GUC Trust Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 for an Order Authorizing Filing of Complaint Under Seal (the "**Motion**"), and that a hearing (the "**Hearing**") on the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 9, 2012, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

DSMDB-3010514v2

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 of the United States Bankruptcy Court for the Southern District of New York (May 17, 2010, Gonzalez, C.J.) (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's electronic case filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.) and Dickstein Shapiro LLP, 1633 Broadway, New York, New York 10019 (Attn: Barry N. Seidel, Esq., Eric B. Fisher, Esq., and Katie L. Cooperman Esq.), attorneys for the GUC Trust; (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036

(Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **February 2, 2012, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are timely filed and served with respect to the Motion, the GUC Trust may, on or after the Objection

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
January 17, 2012

**DICKSTEIN SHAPIRO LLP**

/s/ Eric B. Fisher
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Counsel for Motors Liquidation Company GUC Trust*

Hearing Date and Time: February 9, 2012 at 9:45 a.m. ET
Objection Deadline: February 2, 2012 at 4:00 p.m. ET

DICKSTEIN SHAPIRO LLP
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Counsel for Motors Liquidation
Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re:                                                       :   Chapter 11
:
MOTORS LIQUIDATION COMPANY, *et al.*,                        :   Case No.: 09-50026 (REG)
f/k/a General Motors Corporation, *et al.*,                  :
:   (Jointly Administered)
Debtors.                     :
-------------------------------------------------------------x

### MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018 FOR AN ORDER AUTHORIZING FILING OF COMPLAINT UNDER SEAL

Motors Liquidation Company GUC Trust ("**GUC Trust**"), by and through undersigned counsel, hereby files this motion (the "**Motion**") pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and General Order M-399 of the United States Bankruptcy Court for the Southern District of New York (May 17, 2010, Gonzalez, C.J.), seeking entry of an Order substantially in the form annexed hereto as Exhibit A, authorizing it to file under seal its complaint against the defendants named therein (collectively, the "**Defendants**"). In support of the Motion, the GUC Trust respectfully states as follows:

**Introduction**

1. On June 1, 2009, Motors Liquidation Company f/k/a General Motors Corporation ("**Old GM**") and certain of its subsidiaries filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code.

2. On June 3, 2009, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors (the "**Creditors Committee**"), pursuant to section 1102 of the Bankruptcy Code.

3. On March 29, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (Docket No. 9941) (the "**Confirmation Order**"). Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company Trust Agreement (as defined in the Plan), and (iii) authorized the GUC Trust to fulfill certain post-effective date responsibilities under the Plan, including prosecuting and resolving Disputed General Unsecured Claims (as defined in the Plan).

4. The Disputed General Unsecured Claims include (i) claims asserted based on Old GM's guarantee of certain notes issued by General Motors Nova Scotia Finance Company ("**Nova Scotia Finance**") in 2003 to certain beneficial owners and aggregating $1,072,557,531.72 (the "**Guarantee Claims**") and (ii) the claim asserted by a Canadian bankruptcy trustee of Nova Scotia Finance in the amount of $1,607,647,592.49 (the "**Duplicative Claim**" and together with the Guarantee Claims, the "**Disputed Claims**").

5. On July 2, 2010, the Creditors Committee filed an objection (Docket No. 6248) (the "**First Objection**") seeking to, among other things, (i) disallow certain Guarantee Claims

and the Duplicative Claim under section 502 of the Bankruptcy Code on the grounds that (a) such claims are duplicative and (b) the Lock-Up Agreement (as defined in the First Objection) is avoidable as a fraudulent transfer under section 548 of the Bankruptcy Code and under New York law, or, in the alternative, voidable as an unauthorized post-petition transfer under section 549 of the Bankruptcy Code; and/or (ii) equitably subordinate the Disputed Claims under section 510(c) of the Bankruptcy Code.

6. On November 19, 2010, the Creditors Committee filed an amended objection (Docket No. 7859) (the "**Amended Objection**" and together with the First Objection, the "**Objection**") seeking to disallow the Disputed Claims under section 502(d) of the Bankruptcy Code or equitably subordinate the Disputed Claims under section 510(c) of the Bankruptcy Code, or, in the alternative, reduce the Disputed Claims to the principal amount of the Notes less the Consent Fee (each as defined in the Amended Objection) which fee should be recharacterized as a principal prepayment.

7. On April 7, 2011, the Court entered the Agreed Protective Order Relating to Official Committee of Unsecured Creditors' First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief (Docket No. 10059) (the "**Protective Order**"). The parties to the Protective Order include, among others, the GUC Trust, the Creditors Committee and certain of the Defendants.

8. The Protective Order provides for the protection of the confidential status of certain documents and information disclosed by the parties thereto in matters relating to the Objection and related litigation. Among other things, the Protective Order provides that (i) information contained in materials produced by a party will be classified as Confidential Information or Highly Confidential Information, and (ii) papers filed with the Court concerning

3

documents or information designated confidential should be filed under seal unless the producing party consents to the public filing of the documents or information.

9. In order to address the arguments of certain parties who contend that the defenses of equitable subordination and recharacterization, which were asserted in the Objection, may only be asserted in an adversary proceeding, the GUC Trust has drafted a complaint (together with associated exhibits, the "**Complaint**") (attached as Exhibit B hereto), asserting these defenses to the claims. The Complaint includes allegations that are based upon information that has been designated as Confidential Information or Highly Confidential Information by certain parties to the Protective Order.

10. Consistent with the provisions of the Protective Order, on December 19, 2011, the GUC Trust communicated with the parties to the Protective Order to request their consent to the public filing of the Complaint. In connection with its request, the GUC Trust identified to the parties each confidential document relied upon in preparing the Complaint. On January 6, 2012, certain of the parties to the Protective Order indicated that they do not consent to the public filing of the Complaint.

11. Accordingly, the GUC Trust hereby seeks this Court's permission to file the Complaint under seal.

## Jurisdiction and Venue

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

13. By this Motion, the GUC Trust respectfully requests that this Court authorize it to file the Complaint under seal.

**Basis for Relief**

14.     Pursuant to section 107(b) of the Bankruptcy Code, the Court may order that the Complaint be filed under seal. Section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development or commercial information...[.]

11 U.S.C. § 107(b).

15.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make an order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…[.]

FED. R. BANKR. P. 9018.

16.     The Complaint refers to information that has been designated by various parties under the Protective Order as Confidential Information or Highly Confidential Information. Because the Complaint is based upon information derived from documents so designated, the Court should exercise its authority under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 to authorize the GUC Trust to file the Complaint under seal.

17.     The GUC Trust's position is that the matters described in the Complaint are of significant public interest and that the confidential designation of the documents upon which the Complaint relies is not appropriate. However, the GUC Trust seeks, through this Motion, to file the Complaint under seal to avoid any delays that would be caused by collateral litigation relating to the confidentiality designations of other parties. Accordingly, by this Motion, the

5

GUC Trust does not concede that any documents, testimony, materials or other information received by it pursuant to the Protective Order is confidential under applicable law, including Federal Rule of Civil Procedure 26. Moreover, by this Motion, the GUC Trust does not waive in any respect or otherwise impair its rights under the Protective Order or applicable law to challenge any confidentiality designations or seek appropriate judicial relief.

### Notice

18.   The GUC Trust has provided notice of the Motion to parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (Docket No. 10183). The GUC Trust submits that such notice is sufficient and further notice need not be provided. No previous request for the relief sought in the Motion has been made by the GUC Trust to this or any other court.

**WHEREFORE,** for all of the reasons set forth above, the GUC Trust respectfully requests entry of an Order, substantially in the form annexed hereto as Exhibit A, authorizing it to file the Complaint under seal and granting such further relief as the Court deems just and appropriate.

                                  Respectfully submitted,

Dated: New York, New York
       January 17, 2012              **DICKSTEIN SHAPIRO LLP**

                                /s/ Eric B. Fisher
                                Barry N. Seidel
                                Eric B. Fisher
                                Katie L. Cooperman
                                1633 Broadway
                                New York, New York 10019-6708
                                Telephone: (212) 277-6500
                                Facsimile: (212) 277-6501

                                *Counsel for Motors Liquidation*
                                *Company GUC Trust*

DSMDB-3010187v4