## **EXHIBIT A**

[Proposed Order]

DSMDB-3010187v4

Hearing Date and Time: February 9, 2012 at 9:45 a.m. ET
Objection Deadline: February 2, 2012 at 4:00 p.m. ET

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re: : Chapter 11
:
MOTORS LIQUIDATION COMPANY, *et al.*, : Case No.: 09-50026 (REG)
f/k/a General Motors Corporation, *et al.*, :
: (Jointly Administered)
Debtors. :
------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING MOTORS LIQUIDATION COMPANY GUC TRUST TO FILE COMPLAINT UNDER SEAL

Upon consideration of the motion (the "**Motion**")[1] filed by Motors Liquidation Company GUC Trust (the "**GUC Trust**"), pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and General Order M-399 of the United States Bankruptcy Court for the Southern District of New York (May 17, 2010, Gonzalez, C.J.), for an order (the "**Order**") authorizing the GUC Trust to file under seal its Complaint against the Defendants; the Court having reviewed the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish grounds for the relief granted herein:

IT IS HEREBY ORDERED THAT:

    1.      The Motion is GRANTED.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and the *Agreed Protective Order Relating to Official Committee of Unsecured Creditors' First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief* (Docket No. 10059) entered on April 7, 2011 in the above-captioned cases (the "**Protective Order**"), the GUC Trust is authorized to file the Complaint and related exhibits under seal (the "**Sealed Documents**").

3. The Sealed Documents shall remain confidential, be filed under seal, and may not be unsealed unless and until permitted by further order of the Court upon proper notice to the parties to the Protective Order (collectively, the "**Parties**") or by agreement of the Parties.

4. The GUC Trust shall deliver to the Clerk of the Court: (a) hard copies of the Sealed Documents to be filed under seal and (b) a CD or other electronic media containing the Sealed Documents in PDF format and this Order.  The CD or other electronic media shall be submitted in an envelope, clearly labeled with the case name and number, and if applicable, the document numbers assigned to the Sealed Documents, and hard copies of this Order shall be attached to the hard copy of the Sealed Documents and to the CD or other electronic media.

5. The Clerk of the Court shall not file the Sealed Documents either conventionally or electronically; however, the docket shall indicate that the Sealed Documents have been filed under seal.

6. The GUC Trust shall serve a copy of this Order and the Sealed Documents on counsel for Old GM, New GM and each of the Defendants at the same time as the Sealed Documents are delivered to the Clerk of the Court.

7. This Court shall retain any jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

8. This Order is without prejudice to the rights of any party in interest, subject to the Protective Order, to challenge the confidential designation of any document, testimony, material or other information received pursuant to the Protective Order, or to seek to unseal and make public any portion of the material filed under seal.

Date: New York, New York
_____, 2012

_____
UNITED STATES BANKRUPTCY JUDGE