**HEARING DATE AND TIME: February 9, 2012 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 2, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :    09-50026 (REG)
      f/k/a General Motors Corp., et al.      :
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
------------------------------------------------------------x
```

**NOTICE OF HEARING ON MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST PURSUANT TO 11 U.S.C. §§ 105(a) AND 1142(b) FOR ENTRY OF ORDER (I) DIRECTING BENJAMIN HUBBARD TO DISMISS SATURN CORPORATION AND THE GUC TRUST ADMINISTRATOR FROM PENDING ACTION WITH PREJUDICE AND (II) ENFORCING PRIOR ORDERS OF THIS COURT BY ENJOINING BENJAMIN HUBBARD FROM FURTHER ACTION AGAINST THE DEBTORS, <u>THE GUC TRUST, AND THE GUC TRUST ADMINISTRATOR</u>**

PLEASE TAKE NOTICE that upon the annexed Motion, dated January 19, 2012

(the "**Motion**"), of Motors Liquidation Company GUC Trust (the "**GUC Trust**"), pursuant to

sections 105(a) and 1142(b) of title 11, United States Code (the "**Bankruptcy Code**") for entry

of an order (I) directing Benjamin Hubbard to dismiss Saturn Corporation[1] and the GUC Trust

---

[1] The entity named in case no. 10-CVD-18602 is Saturn Corporation, the GUC Trust presumes that the intended party is either Saturn, LLC (n/k/a MLCS, LLC) or Saturn Distribution Corporation (n/k/a MLCS Distribution Corp.), both affiliated debtors of Motors Liquidation Company in these chapter 11 cases.

Administrator from an action in Wake County, North Carolina Superior Court, Case No. 10-

CVD-18602, with prejudice, and (II) enforcing prior orders of this Court by enjoining Benjamin

Hubbard from further action against the Debtors, the GUC Trust, and the GUC Trust

Administrator, all as more fully set forth in the Motion, a hearing will be held before the

Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **February 9, 2012 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel

may be heard.

             PLEASE TAKE FURTHER NOTICE that any responses or objections to this

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP,

attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o

Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham,

Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C.

20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and

Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin &

Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding

asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:

Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100,

Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi)

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M.

Trafelet in his capacity as the legal representative for future asbestos personal injury claimants,

2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert

T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust

Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action

Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith

Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action

Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia

30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto

Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New

York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the

Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; and (xvi) The

Roseboro Law Firm, PLLC, attorneys for Benjamin Hubbard, 4819 Emperor Blvd., Suite 400,

Durham, NC 27703 (Attn: John Roseboro), so as to be received no later than **February 2, 2012,**

**at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

        PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the GUC Trust may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Motion, which order may be entered with no further notice or opportunity to be heard

offered to any party.

Dated:  New York, New York
       January 19, 2012

                 /s/ Joseph H. Smolinsky
                 Harvey R. Miller
                 Stephen Karotkin
                 Joseph H. Smolinsky

                 WEIL, GOTSHAL & MANGES LLP
                 767 Fifth Avenue
                 New York, New York 10153
                 Telephone: (212) 310-8000
                 Facsimile: (212) 310-8007

                 Attorneys for Motors Liquidation GUC Trust

**HEARING DATE AND TIME: February 9, 2012 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE:  February 2, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                               :

**In re**                             :        **Chapter 11 Case No.**
                                               :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :       **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                                               :

                 **Debtors.**        :        **(Jointly Administered)**
                                               :

-----------------------------------------------------------------x

**MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST PURSUANT TO
11 U.S.C. §§ 105(a) AND 1142(b) FOR ENTRY OF ORDER (I) DIRECTING BENJAMIN
HUBBARD TO DISMISS SATURN AND THE GUC TRUST ADMINISTRATOR FROM
PENDING ACTION WITH PREJUDICE AND (II) ENFORCING PRIOR ORDERS OF
THIS COURT BY ENJOINING BENJAMIN HUBBARD FROM FURTHER
ACTION AGAINST THE DEBTORS, THE GUC TRUST,
<u>AND THE GUC TRUST ADMINISTRATOR</u>**

## TABLE OF CONTENTS

**Page**

Relief Requested ............................................................................................................. 1

Jurisdiction ................................................................................................................... 3

Background .................................................................................................................... 3

    A.    These Chapter 11 Cases .................................................................... 3

    B.    The Pending Action ........................................................................ 7

Argument ....................................................................................................................... 8

    A.    The Pending Action is Void for Violating the Automatic Stay ............................ 8

    B.    The Pending Action Violates the Sale Order ...................................................... 10

    C.    The Pending Action Violates the Bar Date Orders ............................................. 11

    D.    The Pending Action Violates the Plan Injunction and Exculpation
           Provision ........................................................................................ 11

Notice ........................................................................................................................... 13

Conclusion .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse, Inc.)*,
  835 F.2d 427, 431 (2d Cir. 1987)............................................................................9

*Dalton v. New Commodore Cruise Lines Ltd.*,
  No. 02 Civ. 8025, 2004 U.S. Dist. LEXIS 2590 (S.D.N.Y. Feb. 27, 2004) .............................9

*E. Refractories Co. Inc. v. Forty-Eight Insulations Inc.*,
  157 F.3d 169 (2d Cir. 1998)...........................................................................9, 10

*Hearst Magazines v. Geller*,
  No. 08 Civ. 11312, 2009 U.S. Dist. LEXIS 30481 (S.D.N.Y. Mar. 24, 2009)........................9

*Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville
  Corp.)*, 7 F.3d 32 (2d Cir. 1993) ..................................................................12

*Johns-Manville Sales Corp., v. Doan (In re Johns-Manville Corp.)*,
  26 B.R. 919 (Bankr. S.D.N.Y. 1983) ....................................................................9

*Mar. Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*,
  920 F.2d 183 (2d Cir. 1990)...........................................................................9

*In re Petition of Bd. of Dirs. of Hopewell Int'l Ins., Ltd.*,
  272 B.R 396 (Bankr. S.D.N.Y. 2002) ..................................................................12

*Penthouse Media Grp. v. Guccione (In re Gen. Media, Inc.)*,
  335 B.R. 66 (Bankr. S.D.N.Y. 2005) ..................................................................12

*Rexnord Holdings, Inc. v. Bidermann*,
  21 F.3d 522, 527 (2d Cir. 1994)......................................................................12

### STATUTES

Fed. R. Bankr. P. 3020(d) .................................................................................12

11 U.S.C. § 105............................................................................................1, 5

11 U.S.C. § 362............................................................................................1, 5

11 U.S.C. § 362(a) .........................................................................................3

11 U.S.C. § 362(a)(1).......................................................................................8, 9

11 U.S.C. § 1142(b) ..................................................................................................................12

28 U.S.C. § 157 ..........................................................................................................................3

28 U.S.C. § 157(b) .....................................................................................................................3

28 U.S.C. § 1334 ........................................................................................................................3

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company GUC Trust (the "**GUC Trust**"), respectfully

represents:

### **Relief Requested**

1.      On November 3, 2010, Benjamin McKinnley Hubbard ("**Hubbard**")

commenced an action in the Superior Court for Wake County, North Carolina (the "**Wake**

**County Court**"), Case No. 10-CVD-18602 (the "**Pending Action**") against Saturn Corporation

("**Saturn**").[2]  The complaint (the "**Complaint**") in the Pending Action alleges that Hubbard

purchased a new vehicle from Saturn on March 31, 2007, and the vehicle failed to conform to the

terms of its express warranties beginning in August 2007 and continuing throughout 2007, 2008,

and 2009.  Because the Pending Action arises from prepetition events, it was commenced against

Saturn in violation of the extant automatic stay in these chapter 11 cases pursuant to section 362

of chapter 11 of the United States Code (the "**Bankruptcy Code**").

2.      The effective date of the Debtors' Second Amended Joint Chapter 11 Plan

(the "**Plan**") was March 31, 2011.  Section 10.4 of the Plan states that all injunctions or stays

arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy

Code shall remain in full force and effect.  Section 10.7 of the Plan (the "**Plan Injunction**")

states that all holders of Claims shall be enjoined from taking any actions to interfere with the

implementation or consummation of the Plan.  Therefore, the Pending Action and, in particular,

the inclusion of the GUC Trust Administrator (as defined below) and Saturn as defendants,

---

[2] The named entity in the Pending Action is Saturn Corporation, the GUC Trust presumes that the
intended party is either Saturn, LLC (n/k/a MLCS, LLC) or Saturn Distribution Corporation (n/k/a MLCS
Distribution Corp.), both affiliated debtors of Motors Liquidation Company in these chapter 11 cases.

violates the automatic stay and the Plan Injunction.  Further, to the extent the Complaint asserts

claims under a lemon law or seeks repairs under an express written warranty, any resulting

liability was assumed by General Motors LLC pursuant to that certain Amended and Restated

Master Sale and Purchase Agreement (the "**MPA**") dated July 10, 2009, by and between General

Motors Corporation (n/k/a Motors Liquidation Company) ("**MLC**") and its affiliated debtors

(collectively, the "**Debtors**") and NGMCO, Inc. (n/k/a General Motors LLC).  Neither the GUC

Trust Administrator nor Saturn, therefore, is a proper defendant to the Pending Action or bears

any liability in relation to the Complaint.

3.      Despite communications from the Debtors' counsel to Hubbard's counsel

regarding the automatic stay, the effect of the Plan, and the MPA, Hubbard refused to dismiss

Saturn from the Pending Action.  On July 8, 2011, Hubbard filed a motion for default against

Saturn and on October 6, 2011, Hubbard amended the Complaint to add as a defendant, inter

alia, Wilmington Trust Company in its capacity as Trust Administrator and Trustee of the

Motors Liquidation Company GUC Trust (in such capacity, the "**GUC Trust Administrator**").

Hubbard did not file a proof of claim in these chapter 11 cases.

4.      By this Motion, Movants request entry of an order pursuant to sections

105(a) and 1142(b) of the Bankruptcy Code, substantially in the form annexed hereto as **Exhibit**

**"A,"** enforcing the provisions of the automatic stay, the MPA, this Court's orders establishing

deadlines for filing proofs of claim against the Debtors, and the Plan and (i) directing Hubbard to

withdraw the Pending Action as to Saturn and the GUC Trust Administrator with prejudice and

(ii) enjoining Hubbard from further actions against the Debtors, the GUC Trust, and the GUC

Trust Administrator.

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

### A.    These Chapter 11 Cases

6.      On June 1, 2009, MLC and certain of its subsidiaries, including Saturn,

LLC and Saturn Distribution Corporation (collectively, including MLC, the "**Initial Debtors**")

each commenced a voluntary case under chapter 11 of the Bankruptcy Code.[3]  The

commencement of these chapter 11 cases triggered the automatic stay set forth under section

362(a) of the Bankruptcy Code.

7.      On July 10, 2009, the Initial Debtors consummated a sale of substantially

all of their assets to NGMCO, Inc. (n/k/a General Motors LLC) pursuant to the MPA.  Section

2.3(a)(viii) of the MPA states that General Motors LLC assumed "all Liabilities arising under

express written warranties of [the Initial Debtors] that are specifically identified as warranties

and delivered in connection with the sale of new, certified used or pre-owned vehicles . . . and

(b) all obligations under Lemon Laws."  Paragraph 26 of this Court's July 5, 2009 Order

approving the MPA (ECF No. 2968) (the "**Sale Order**") states that "[e]xcept as expressly

provided in the MPA or this Order, after the Closing, the Debtors and their estates shall have no

further liabilities or obligations with respect to any Assumed Liabilities . . . and all holders of

---

[3] On October 9, 2009, two additional debtors, Remediation and Liability Management Company, Inc. and
Environmental Corporate Remediation Company, Inc. commenced voluntary cases under chapter 11 of
the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case
Number 09-50026 (REG).

such claims are forever barred and estopped from asserting such claims against the Debtors, their

successors or assigns, and their estates."

8.      By order dated September 16, 2009 (ECF No. 4079), the Bankruptcy

Court established November 30, 2009 as the bar date (the "**Prepetition Claim Bar Date**") for

creditors to file proofs of claim based on prepetition liabilities against the Debtors.  By order

dated December 14, 2010 (ECF No. 8099), the Court established February 14, 2011 (the

"**Administrative Claim Bar Date**"), as the deadline for filing post-petition, administrative

claims against the Debtors.

9.      The Court's orders establishing the Prepetition Claim Bar Date and the

Administrative Claim Bar Date (collectively, the "**Bar Date Orders**") state that any party that

fails to file a proof of claim on or before the applicable bar date "shall be forever barred,

estopped and enjoined from asserting such Claim" against the Debtors and the Debtors "shall be

forever discharged from any and all indebtedness or liability with respect to such Claim" (ECF

Nos. 4079, 8099).  Hubbard did not file a proof of claim against the Debtors.

10.      On March 29, 2011, this Court entered its Findings of Fact, Conclusions

of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020

of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint

Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**"), which, among other things,

confirmed the Plan.  The effective date of the Plan was March 31, 2011 (ECF No. 9836).

11.      Among other things, the Plan established the GUC Trust, to resolve

Disputed General Unsecured Claims[4] and to distribute assets to holders of Allowed General

---

[4] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Unsecured Claims against the Debtors (Plan § 6.2).  Wilmington Trust Company was appointed

to act as the GUC Trust Administrator (Plan § 1.83).

       12.     The Plan, in multiple provisions, prohibits potential claimants from

seeking redress against any of the Debtors, the GUC Trust or the GUC Trust Administrator

outside the proof of claim process described above (subject to exceptions not applicable here).

Section 10.3 of the Plan states that "on and after the Confirmation Date, the provisions of the

Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtors and their

respective successors and assigns."  Section 10.4 of the Plan states that all injunctions or stays

arising under or entered during the chapter 11 cases under section 105 or 362 of the Bankruptcy

Code, remain in full force and effect.  Section 10.7 of the Plan, the Plan Injunction, provides for

an injunction against interference with the implementation or consummation of the Plan:

> Upon the entry of the Confirmation Order, all holders of Claims
> and Equity Interests and other parties in interest, along with their
> respective present or former employees, agents, officers, directors,
> or principals, shall be enjoined from taking any actions to interfere
> with the implementation or consummation of the Plan.

(Plan § 10.7).

       13.     Further, paragraph 52 of the Confirmation Order and section 12.6 of the

Plan include an exculpation provision (the "**Exculpation Provision**") which provides that,

subject to limited exceptions (not applicable here), neither the Debtors nor the GUC Trust

Administrator "shall have or incur any liability to any holder of a Claim or Equity Interest for

any act or omission in connection with, related to, or arising out of the Chapter 11 Cases"

(Confirmation Order ¶ 52, Plan § 12.6).

       14.     The Court retains exclusive jurisdiction to consider any and all claims

against the Debtors and the GUC Trust Administrator "involving or relating to the administration

of the Chapter 11 Cases [and] the decisions and actions taken during the Chapter 11 Cases."

(*Id.*)  Section 11.1 of the Plan provides, in pertinent part:

> The Bankruptcy Court shall retain exclusive jurisdiction of all matters arising under, arising out of, or related to the Chapter 11 Cases and the Plan . . . for, among other things, the following purposes:
>
> . . .
>
> (b) To determine any motion, adversary proceeding, application, contested matter, and other litigated matter pending on or commenced before or after the Confirmation Date . . . ;
>
> (c) To ensure that distributions to holders of Allowed Claims are accomplished as provided herein;
>
> (d) To consider Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim;
>
> . . .
>
> (f) To issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any person with the consummation, implementation, or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court . . . .

(Plan § 11.1(b), (c), (d), (f)).

15.     On December 15, 2011, MLC was dissolved.  Pursuant to that certain Assignment and Assumption Agreement dated December 15, 2011, between MLC and the GUC Trust, MLC assigned and transferred certain assets to the GUC Trust and the GUC Trust assumed responsibility for administering the resolution of all Disputed Administrative Expenses, Disputed Priority Tax Claims, Disputed Priority Non-Tax Claims, and Disputed Secured Claims. Whether or not Hubbard is asserting a general unsecured claim or an administrative expense against the Debtors, the GUC Trust is the proper party to oppose his claims and seek redress in this Court.

B.        **The Pending Action**

16.        As noted above, on November 3, 2010, Hubbard commenced the Pending

Action against Saturn.  The Complaint, annexed hereto as **Exhibit "B,"** alleges that Hubbard

purchased a new vehicle from Saturn on March 31, 2007, and the vehicle failed to conform to the

terms of its express warranties beginning in or about August 2007 and continuing throughout

2007, 2008, and 2009 (Ex. B ¶¶ 5, 8, 10, 11).  The Complaint asserts claims for violation of the

New Motor Vehicles Warranties Act and unfair trade practices, and seeks punitive damages.  (*Id.*

¶¶ 4 – 22).

17.        On January 13, 2011, counsel for the Debtors sent counsel for Hubbard a

letter, a copy of which is annexed hereto as **Exhibit "C,"** informing Hubbard of these chapter 11

cases and the automatic stay and requesting that Hubbard dismiss the Pending Action within five

business days.

18.        Hubbard did not dismiss the Pending Action.  Rather, on July 8, 2011,

Hubbard filed a motion (the "**Default Motion**"), annexed hereto as **Exhibit "D,"** in the Pending

Action seeking a default judgment against Saturn.

19.        In response to the Default Motion, on July 8, 2011, counsel for the

Debtors filed a Notice of Bankruptcy, annexed hereto as **Exhibit "E,"** in the Pending Action to

advise all parties in interest of these chapter 11 cases, the automatic stay, and the Plan Injunction.

20.        Hubbard still did not dismiss Saturn from the Pending Action.  Rather, on

October 6, 2011, Hubbard filed an amended complaint (the "**Amended Complaint**"), annexed

hereto as **Exhibit "F,"** in the Pending Action naming as defendants General Motors LLC and

Wilmington Trust Company, in its capacity as Trust Administrator and Trustee of the GUC

7

Trust.  The Amended Complaint asserts that "Plaintiff's claims are post-bankruptcy-petition

claims."  (Ex. F ¶ 3).

        21.     Since receiving the Amended Complaint, counsel for the Debtors and the

GUC Trust have had several telephone conversations with, and have exchanged written

correspondence with, Hubbard's counsel in an attempt to obtain Hubbard's voluntary dismissal

of Saturn and the GUC Trust Administrator from the Pending Action.  Hubbard has declined to

dismiss Saturn and the GUC Trust Administrator, necessitating this Motion.

**<u>Argument</u>**

        22.     As set forth further below, Hubbard's actions are in direct violation of the

automatic stay, the Sale Order, the Bar Date Orders, the Plan, and the Confirmation Order.

Therefore, this Court should direct Hubbard to dismiss Saturn and the GUC Trust Administrator

from the Pending Action and should enjoin Hubbard from taking any further action against the

Debtors, the GUC Trust, and the GUC Trust Administrator.

**A.**      **<u>The Pending Action is Void for Violating the Automatic Stay</u>**

        23.     Section 362(a) of the Bankruptcy Code provides in pertinent part that the

filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
> > (1) the commencement or continuation, including the
> > issuance or employment of process, of a judicial,
> > administrative, or other action or proceeding against the
> > debtor that was or could have been commenced before the
> > commencement of the case under this title, or to recover a
> > claim against the debtor that arose before the
> > commencement of the case under this title

11 U.S.C. § 362(a)(1).  The Second Circuit has long held that when an entity files a bankruptcy

petition, the automatic stay is effective immediately and any proceedings filed after the stay

8

takes effect are void.  *E. Refractories Co. Inc. v. Forty-Eight Insulations Inc.*, 157 F.3d 169, 172

(2d Cir. 1998) (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994);

*48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse, Inc.)*, 835 F.2d 427,

431 (2d Cir. 1987)); *Hearst Magazines v. Geller*, No. 08 Civ. 11312, 2009 U.S. Dist. LEXIS

30481, at *3 (S.D.N.Y. Mar. 24, 2009).  "Moreover, since the bankruptcy stay is automatic,

'[t]he action is void even where the acting party had no actual notice of the stay.'"  *Id.* (quoting

*Dalton v. New Commodore Cruise Lines Ltd*., No. 02 Civ. 8025, 2004 U.S. Dist. LEXIS 2590, at

*2 (S.D.N.Y. Feb. 27, 2004)).

24.     The Second Circuit has held that "contempt proceedings are the proper

means of compensation and punishment for willful violations of the automatic stay."  *Mar.*

*Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*, 920 F.2d 183, 187 (2d Cir.

1990); *see also Johns-Manville Sales Corp. v. Doan (In re Johns-Manville Corp.)*, 26 B.R. 919,

922 (Bankr. S.D.N.Y. 1983) (finding respondent who sought to continue judicial proceedings

against debtor after debtor filed its petition for bankruptcy in contempt because respondent

"clearly recognized the intended prohibitory effect of the automatic stay . . . and nonetheless []

proceed[ed] in willful and flagrant disregard of the[] stay orders")).

25.     By commencing the Pending Action without first obtaining relief from the

automatic stay, Hubbard violated the automatic stay.  The Pending Action arises from alleged

nonconformities that began shortly after Hubbard purchased his vehicle from Saturn in 2007 and

that continued throughout 2007, 2008, and early 2009.  (Ex. B ¶¶ 5, 10, 11).  Accordingly, the

Pending Action "could have been commenced before the commencement of" these chapter 11

cases and is therefore subject to the automatic stay.  11 U.S.C. §362(a)(1).  Because the Pending

Action was commenced in violation of the automatic stay, it is void, and must be dismissed. *E.*

*Refractories Co. Inc*, 157 F.3d at 172.

26.    Further, Hubbard could be sanctioned and held in contempt for his

knowing, continued violation of the automatic stay.  Hubbard was provided notice of these

chapter 11 cases and the automatic stay on January 13, 2011, again on July 8, 2011, and in

subsequent conversations with counsel for the Debtors and the GUC Trust (Exs. C, E).

Notwithstanding his knowledge of the automatic stay, Hubbard proceeded to seek a default

judgment against Saturn (Ex. D) and to date has refused to dismiss Saturn.  Such conduct

constitutes a willful violation of the automatic stay for which Hubbard could be sanctioned and

held in contempt of court.  The Debtors and the GUC Trust do not at this time request monetary

sanctions against Hubbard; however, the Debtors and the GUC Trust reserve their rights to

request sanctions should Hubbard continue to violate the automatic stay and this Court's orders.

### B.    <u>The Pending Action Violates the Sale Order</u>

27.    Section 2.3(a)(viii) of the MPA provides that General Motors LLC

assumed "all Liabilities arising under express written warranties" and "all obligations under

Lemon Laws."  Further, the Sale Order states that  "the Debtors and their estates shall have no

further liabilities or obligations with respect to any Assumed Liabilities . . . and all holders of

such claims are forever barred and estopped from asserting such claims against the Debtors, their

successors or assigns, and their estates."  (Sale Ord. ¶ 26).  Accordingly, to the extent the

Pending Action seeks repairs to Hubbard's vehicle under an express written warranty, any

liability for such claims was assumed by General Motors LLC under the MPA, Saturn and the

GUC Trust Administrator cannot be held liable for such claims, and Saturn and the GUC Trust

Administrator must be dismissed from the Pending Action.

**C.**    **The Pending Action Violates the Bar Date Orders**

28.    November 30, 2009 was the Prepetition Claim Bar Date.  Hubbard did not
file a proof of claim by the Prepetition Claim Bar Date.  Even assuming, *arguendo*, that
Hubbard's claims are post-petition claims as Hubbard asserts in the Amended Complaint (Ex. F
¶ 3) the Administrative Claim Bar Date was February 14, 2011, and Hubbard did not file a post-
petition, administrative claim against the Debtors either.  Because Hubbard failed to file a proof
of claim in these chapter 11 cases, under the Bar Date Orders, Hubbard is "forever barred,
estopped and enjoined from asserting [a] Claim" against the Debtors and the Debtors are
"forever discharged from any and all indebtedness or liability with respect to such Claim" (ECF
Nos. 4079, 8099).  Accordingly, Saturn and the GUC Trust Administrator must be dismissed
from the Pending Action.

**D.**    **The Pending Action Violates the Plan Injunction and Exculpation Provision**

29.    The Plan provides that holders of Claims "shall be enjoined from taking
any actions to interfere with the implementation or consummation of the Plan."  (Plan § 10.7.)
The Plan further provides that neither the Debtors nor the GUC Trust Administrator shall have
any liability to any Claimant "for any act or omission in connection with, related to, or arising
out of the Chapter 11 Cases."  (Plan § 12.6).  Hubbard's continued efforts to pursue the Pending
Action against Saturn and the GUC Trust Administrator and to interfere with the distributions
provided for under the Plan and the winding up of the Debtors' affairs are in direct violation of
the foregoing provisions.  The GUC Trust, therefore, has no choice but to request that this Court
direct Hubbard to withdraw the Pending Action as to Saturn and the GUC Trust Administrator
and to enjoin Hubbard from pursuing further actions against the Debtors, the GUC Trust, and the
GUC Trust Administrator so that their professionals do not incur unnecessary costs and are not

11

distracted from their important work assisting in the administration of these chapter 11 cases and the GUC Trust.

30.    This Court has jurisdiction to enter such an order.  The Plan specifies that the Court retains exclusive jurisdiction "[t]o issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any person with the consummation, implementation, or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court."  (Plan § 11.1(f)).  Further, section 1142(b) of the Bankruptcy Code provides the Court with the authority to issue orders necessary to implement the terms of a confirmed plan.  11 U.S.C. § 1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act . . . that is necessary to the consummation of the plan"); s*ee also Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) (finding that bankruptcy courts retain postconfirmation jurisdiction to the extent provided by the plan); *Penthouse Media Grp. v. Guccione (In re Gen. Media, Inc.)*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005) (finding that bankruptcy courts retain post-confirmation jurisdiction to matters related to the implementation of a plan); *In re Petition of Bd. of Dirs. of Hopewell Int'l Ins., Ltd.*, 272 B.R 396, 407 n.11 (Bankr. S.D.N.Y. 2002) ("[T]he Court may direct parties to perform any act necessary to consummate the plan.") (citing 11 U.S.C. § 1142(b)).  In addition, Bankruptcy Rule 3020(d) provides that "[n]otwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate."  Fed. R. Bankr. P. 3020(d).

31.     Accordingly, in furtherance of the Plan Injunction and Exculpation Provisions, the Confirmation Order, the automatic stay, the MPA, the Sale Order, and the Bar Date Orders, the GUC Trust respectfully requests that the Court enter an order (i) directing Hubbard to withdraw the Pending Action as to Saturn and the GUC Trust Administrator forthwith, and (ii) enjoining Hubbard from further action against the Debtors, the GUC Trust, and the GUC Trust Administrator without further leave of this Court.

## Notice

32.     Notice of this Motion has been provided to Hubbard and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

33.     No previous request for the relief sought herein has been made by the Debtors or the GUC Trust to this or any other Court.

**<u>Conclusion</u>**

WHEREFORE the GUC Trust respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       January 19, 2012

/s/  Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company GUC
Trust

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.,*           :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*    :
                                                    :
                        **Debtors.**                :          **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 1142(b) (I) DIRECTING BENJAMIN
HUBBARD TO DISMISS SATURN AND THE GUC TRUST ADMINISTRATOR FROM
PENDING ACTION WITH PREJUDICE AND (II) ENFORCING PRIOR ORDERS OF
THIS COURT BY ENJOINING BENJAMIN HUBBARD FROM FURTHER
ACTION AGAINST THE DEBTORS, THE GUC TRUST,
AND THE GUC TRUST ADMINISTRATOR**

Upon the Motion, dated January 19, 2012 (the "**Motion**"),[1] of the Motors

Liquidation Company GUC Trust (the "**GUC Trust**"), pursuant to sections 105(a) and 1142(b)

of title 11, United States Code (the "**Bankruptcy Code**") for entry of an order (i) directing

Benjamin McKinley Hubbard ("**Hubbard**") to dismiss Saturn and the GUC Trust Administrator

from the Pending Action with prejudice; and (ii) enforcing prior orders of this Court by enjoining

Hubbard from further action against the Debtors, the GUC Trust, and the GUC Trust

Administrator, all as more fully described in the Motion; and due and proper notice of the

Motion having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, the GUC Trust and all parties in interest and that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that in consideration of, among other things, the automatic stay

created by section 362 of the Bankruptcy Code, Sections 10.7 and 12.6 of the Plan, and this

Court's Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of

the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming

Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941), Hubbard is (i) directed to

dismiss Saturn and the GUC Trust Administrator from the Pending Action forthwith; and (ii)

enjoined from taking further action against the Debtors, the GUC Trust, and the GUC Trust

Administrator in any forum without further leave of this Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
            [_____], 2012


_____
United States Bankruptcy Judge

**EXHIBIT B**

DEC-09-2010  16:25        WEIL GOTSHAL & MANGES        202 857 0940        P.05/09

10CV018602

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO. _____

BENJAMIN MCKINLEY HUBBARD,          )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )          COMPLAINT
                                    )
SATURN CORPORATION,                 )
                                    )
        Defendant.                  )
                                    )

2010 NOV -3 PH 4:46
BY
WAKE COUNTY, C.S.C.
FILED

---

NOW COMES Plaintiff, Benjamin Hubbard, complaining of Defendant, Saturn Corporation, as follows:

### Parties

1.    Plaintiff is a resident of Wake County, North Carolina.

2.    Defendant is a corporation organized and existing under and by virtue of the laws of the State of Delaware, and was authorized to do business in North Carolina at all relevant times. Defendant manufactured new motor vehicles which are sold in North Carolina.

### Venue

3.    Pursuant to N.C. Gen. Stat. § 1-80, venue is proper in Wake County, North Carolina.

### First Claim
### (Violation of New Motor Vehicles Warranties Act)

4.    The allegations of paragraphs 1 – 3 are incorporate herein as if fully set forth below.

5.    On or about March 31, 2007, Plaintiff purchased a new motor vehicle (a Saturn Ion) that Defendant manufactured for purposes other than resale.

6.      The vehicle originally delivered to Plaintiff on March 31, 2007. At the time the vehicle was originally delivered, its odometer reading was 35 miles.

7.      The vehicle is covered by two express warranties, a 3-year/36,0000 mile "bumper-to-bumper" warranty and 5-year/100,000 powertrain warranty.

8.      The vehicle has failed to conform to the terms of the express warranties in at least the following ways: the vehicle stalls and makes squeak, "skirt," and grinding noises.

9.      The nonconformities described above substantially impair the value of the motor vehicle to Plaintiff.

10.     The nonconformities began to occur on or about August 2007, no later than 24 months or 24,000 miles after the original delivery of the vehicle to Plaintiff.

11.     Plaintiff presented the vehicle to Defendant's authorized dealer for repair of the nonconformities on at least the following 14 occasions, but the same nonconformities continue to exist: August 31, 2007; September 28, 2007; November 2, 2007; April 2, 2008; June 26, 2008; August 14-17, 2008; October 11-13, 2008; January 22, 2009; April 23, 2009; May 29, 2009; June 24, 2009; July 17, 2009; October 5, 2009; and November 10, 2009.

12.     In an April 8, 2010 letter, Plaintiff notified Defendant of the continued existence of the nonconformities and requested a refund. Defendant denied the request for a refund in violation of N.C. Gen. Stat. § 20-351.3.

13.     Plaintiff notified Defendant in writing of his intention to bring this lawsuit at least ten (10) days before the filing of this action. (Ex. 1).

14.    As a direct and proximate result of Defendant's violation of the New Motor Vehicle Warranties Act, Defendant is liable to Plaintiff for damages in an amount to be determined at trial but in no event less than $21,417.83.

15.    Defendant has unreasonably refused to comply with N.C. Gen. Stat. § 20-351.3, justifying an award of treble damages under N.C. Gen. Stat. § 20-351.8(2).

16.    Defendant has unreasonably refused to give Plaintiff the requested refund or otherwise resolve the matter which constitutes the basis of the action, justifying an award of attorney's fees under N.C. Gen. Stat. § 20-351.8(3).

## Second Claim
### (Unfair Trade Practice)

17.    The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth below.

18.    Defendant's refusal to give Plaintiff the requested refund or otherwise resolve the matter which constitutes the basis of the action constitutes an unfair act or practice in or affecting commerce in violation of N.C. Gen. Stat. § 75.1.

19.    As a direct and proximate result of Defendant's unfair trade practice, Defendant is liable to Plaintiff for compensatory damages in an amount to be determined at trial but not less than $21,417.83, and treble damages pursuant to N.C. Gen. Stat. § 75-16.

20.    Defendant engaged in the unfair trade practice willfully and has unwarrantedly refused to resolve the matter, justifying an award of attorney's fees under N.C. Gen. Stat. § 75-16.1.

## Third Claim
### (Punitive Damages)

21.    Paragraphs 1 – 20 are incorporated herein as if fully set forth below.

Page 3 of 4

22.    Defendant's willful and wanton refusal to give Plaintiff the requested refund justifies an

award of punitive damages in an amount to be determined at trial.


**WHEREFORE**, Plaintiff respectfully prays this Court that:

1.    Defendant be ordered to accept the return of the vehicle and refund to Plaintiff the full

contract price of the vehicle, all collateral charges, and all finance charges incurred by Plaintiff

after he first notified Defendant of the nonconformities;

2.    Plaintiff recover damages in an amount to be determined at trial but in no event less

than $21,417.83 (less reasonable allowance for Plaintiff's use of the vehicle);

3.    Plaintiff recover treble damages pursuant to N.C. Gen. Stat. §§ 20-351.8(2) and 75-16.

4.    Plaintiff recover the cost and expenses of this action, including reasonable attorney's,

fees pursuant to N.C. Gen. Stat. §§ 20-351.8(3) and 75-16.1.;

5.    Plaintiff recover punitive damages in an amount to be determined at trial;

6.    All issues triable by jury be so tried; and

7.    Such other relief as the Court deems just and proper.


By:    _____

John Roseboro
The Roseboro Law Firm, PLLC
Attorney for Plaintiff Benjamin Hubbard
P.O. Box 13295
Durham, NC 27709
Phone: 919-313-4849
Fax: 919-251-9214
john.roseboro@roseborolaw.com
Page 4 of 4

Exhibit 1



*State of North Carolina*
*Department of the Secretary of State*

ELAINE F. MARSHALL
SECRETARY OF STATE

October 18, 2010

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED

SATURN CORPORATION
C/O Motors Liquidation Company
500 Renaissance Center, Suite 1400
Detroit, MI 48243

Re:     SATURN CORPORATION
SOS File Number:     S201028800007
Docket Number:       N/a

Ladies and Gentlemen:

Enclosed please find a Notice of Intent to File Lawsuit served on the Secretary of State as statutory agent for service of process for the entity referenced above.

The Service of Process Section of the Department of the Secretary of State on October 15, 2010, received these documents. The Secretary of State is required by law to forward these documents to the entity referenced above.  Pursuant to N.C.G.S. §55D-33, "Service on an entity under this subsection is effective for all purposes from and after the date of the service on the Secretary of State."

Sincerely yours,

Redgenno Cannon
Service of Process Agent

Enclosure

cc:
John Roseboro
The Roseboro Law Firm
P.O. Box 13295
Research Triangle Park, NC 27709

TOTAL P.09

**<u>EXHIBIT C</u>**

**Weil, Gotshal & Manges LLP**

1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
+1 202 682 7000 tel
+1 202 857 0940 fax

Brianna N. Benfield
+1 202 682-7206
brianna.benfield@weil.com

January 13, 2011

John Roseboro
The Roseboro Law Firm, PLLC
4819 Emperor Boulevard
Suite 400
Durham, NC 27703

Re: Benjamin McKinley Hubbard v. Saturn

Dear Mr. Roseboro:

I write to inform you that on June 1, 2009, (the "Commencement Date"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries including Saturn, (collectively, the "Debtors"), filed voluntary petitions seeking bankruptcy protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The chapter 11 cases have been consolidated for procedural purposes and bear case no. 09-50026 (REG). Enclosed herewith is a copy of the Debtors' chapter 11 petition.

Your attention is directed to section 362(a) of the Bankruptcy Code, entitled "Automatic Stay." Pursuant to section 362(a) of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date, prohibiting the commencement or continuation of any actions or proceedings against the Debtors. The automatic stay expressly prohibits the following:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code.]

11 U.S.C. § 362(a)(1).

Accordingly, the above-captioned action was filed in violation of the automatic stay. All actions taken in violation of the automatic stay are void and, pursuant to established case law, parties may be held in contempt of court for violating the automatic stay. See, e.g., Bartel v. Eastern Airlines, 133 F.3d 906 (2d cir. 1998); Fidelity Mortgage Investors v. Camelia Builders, Inc., 550 F.2d 47 (2d cir. 1976), cert. denied, 429 U.S. 1093 (1977). In light of the foregoing, Motors Liquidation Company requests that you withdraw the complaint filed against it and confirm that you have done so within five business days. Motors Liquidation Company reserves all rights and remedies.

US_ACTIVE:\43606483\01\72240.0639

**Weil, Gotshal & Manges LLP**

January 13, 2011
Page 2


If you have any questions with respect to this matter, please do not hesitate to contact me.


Sincerely,

Brianna N. Benfield

**<u>EXHIBIT D</u>**

## CALENDAR REQUEST FOR WAKE COUNTY SUPERIOR & DISTRICT COURTS

Benjamin Hubbard

FILE NO. 10-CVD-18602

JURY _____ NON-JURY __x__

Vs.

Saturn Corporation

TERM BEGINNING: August 15, 2011

| TRIAL | PRE-TRIAL | DEFAULT | DIVORCE | SMALL CLAIM APPEAL | MOTION |
|-------|-----------|---------|---------|--------------------|--------|
|       |           |         |         |                    | X      |

If Motion, specify type: Default judgment

### NATURE OF CASE

| CONTRACT | NEGLIGENCE | LAND | WILL | DOMESTIC | ADM. APPEAL | OTHER (Specify) |
|----------|-----------|------|------|----------|-------------|-----------------|
|          |            |      |      |          |             | "Lemon" Law     |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

1. In my opinion, this case will take __.75__ days (hours) to try.
2. Special Request:
3. If opposing counsel cannot be ready during the term specified, notice must be given to the undersigned and to the Trial Court Administrator 24 hours prior to date for setting the calendar, to wit: _____ .

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATE OF READINESS

I HEREBY CERTIFY:

a. All motions existing of record this date have been heard or otherwise disposed of;
b. I know of no procedural matters which would delay the trial of the case when called for trial;
c. I know of no parties or witnesses desired that will not be available on the trial date;
d. I know of no current reason that would cause me to move for continuance.
e. I am ready for trial;
f. I have/have not attended a pre-trial conference.

Attorney for ☒ Plaintiff  ☐ Defendant
(TYPE OR PRINT NAME)

This the _8th_ day of _July_ 2_011_ .

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Attorney for ☒ Plaintiff  ☐ Defendant
(TYPE OR PRINT NAME)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAIL CALENDAR REQUEST TO:    Trial Court Administrator, Post Office Box 1916, Raleigh, N.C. 27602
AND A COPY TO:               (Give address if out-of-town attorney or of pro se parties)

_____  ATTORNEY FOR  _____
_____  ATTORNEY FOR  _____

NOTE:  SUPERIOR COURT-SEE SESSIONS SCHEDULE FOR DATE REQUESTS ARE DUE
       DISTRICT COURT-REQUESTS ARE DUE FIVE WEEKS IN ADVANCE OF TRIAL/MOTION DATE

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has on this date served the foregoing Calendar

Request for Wake County Superior and District Courts upon all parties to this action via fax as

follows:

> Briana N. Benfield
> Weil, Gotshal & Manges LLP
> Attorneys for Defendant Saturn Corporation
> 1300 Eye Street NW, Suite 900
> Washington, DC 20005-3314
> Fax: 202-857-0940

This the _8ᵗʰ_ day of July 2011

By: _____

John Roseboro
N.C. State Bar No. 26680
The Roseboro Law Firm, PLLC
Attorney for Plaintiff Benjamin Hubbard
P.O. Box 13295
Research Triangle Park, NC 27709
Tel: 919-313-4849
Fax: 919-251-9214
Email: john.roseboro@roseborolaw.com

**<u>EXHIBIT E</u>**

**Weil, Gotshal & Manges LLP**

1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
+1 202 682 7000 tel
+1 202 857 0940 fax

David R. Berz
+1 202 682 7190
david.berz@weil.com

July 8, 2011

BY FIRST CLASS MAIL

Clerk of Court
Wake County Clerk of Court
General Court of Justice
State of North Carolina
P.O. Box 351
Raleigh, NC  27602-0351

Re: Case No. 10-CVD-18602

Dear Clerk of Court:

Enclosed please find a Notice of Bankruptcy of Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries, including Saturn, LLC (collectively, the "Debtors"), the defendant in the above-captioned case.  As indicated in the Notice, on June 1, 2009, the Debtors filed a voluntary petition seeking bankruptcy protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The chapter 11 case bears case no. 09-50026 (REG).  Under section 362 of the Bankruptcy Code, all actions pending against the Debtors are automatically stayed.

If you have any questions with respect to the foregoing, please do not hesitate to call me.

Respectfully submitted,

David R. Berz BB

David R. Berz

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO.: 10-CVD-18602


**BENJAMIN MCKINLEY HUBBARD**

     **Plaintiff,**

     **NOTICE OF BANKRUPTCY**

**v.**

**SATURN CORPORATION,**

     **Defendant.**


PLEASE TAKE NOTICE that, on June 1, 2009, (the "Commencement Date"),

Motors Liquidation Company (f/k/a/ General Motors Corporation) and certain of its

subsidiaries including Saturn, LLC (collectively "Debtors") filed a voluntary petition

seeking bankruptcy protection under chapter 11 of title 11 of the United States Code (11

U.S.C. § 101 *et seq.*) ( "Bankruptcy Code") in the United States Bankruptcy Court for the

Southern District of New York ( "Bankruptcy Court"). The bankruptcy case has been

assigned Case No. 09-50026 (REG). A copy of Saturn's chapter 11 petition is attached

hereto as Exhibit A.

PLEASE BE ADVISED that, as of the Commencement Date, any new or further

action against the Debtors is stayed pursuant to section 362 of the Bankruptcy Code (the

"Automatic Stay"), which provides that the filing of the petition, among other things,

"operates as a stay, applicable to all entities, of ...the commencement or continuation,

including the issuance or employment of process, of a judicial, administrative, or other

action or proceeding against the debtor that was or could have been commenced before

the commencement of the case under this title, or to recover a claim against the debtor

that arose before the commencement of the case under this title ....." and of "any act to

obtain possession of property of the estate or of property from the estate or to exercise

control over property of the estate." 11 U.S.C. § 362(a)(1) & 362(a)(3).

PLEASE BE FURTHER ADVISED that March 31, 2011, was the effective date

of the Debtors' Second Amended Joint Chapter 11 Plan (the "Plan") and pursuant to

sections 10.4, 10.6, and 10.7 of the Plan, an injunction went into effect on that date

effectively continuing the automatic stay and enjoining all parties in interest "from taking

any actions to interfere with the implementation or consummation of the Plan."[1]

PLEASE BE FURTHER ADVISED that any action taken against The Debtors

without obtaining relief from the Automatic Stay or the Plan Injunction from the

Bankruptcy Court may be void ab initio and may result in a finding of contempt against

Plaintiff. MLC reserves and retains it statutory rights to seek relief in the Bankruptcy

Court from any judgment, order, or ruling entered in violation of the Automatic Stay or

the Plan Injunction.

Dated: July 8, 2011

By: David Berz

David Berz
WEIL, GOTSHAL & MANGES, LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000

*Bankruptcy Counsel for the Debtors*

---

[1] The Plan (ECF No. 9836), the Bankruptcy Court's Order confirming the Plan (ECF No. 9941), and the Notice of (I) Entry of Order Confirming Debtors' Second Amended Joint Chapter 11 Plan and (II) Occurrence of Effective Date (ECF No. 10151) are publicly available free of charge at www.motorsliquidationdocket.com.

## EXHIBIT A

### Chapter 11 Petition of Saturn LLC

(Official Form 1) (1/08)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**SATURN, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Schedule 1 Attached** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**38-2577506** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**300 Renaissance Center** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N/A** |
| **Detroit, Michigan**    ZIP CODE **48265-3000** | ZIP CODE |
| County of Residence or of the Principal Place of Business: **Wayne County** | County of Residence or of the Principal Place of Business:<br>**N/A** |
| Mailing Address of Debtor (if different from street address):    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>**N/A**    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other<br>**Automotive Manufacturing** | ☐ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

Tax-Exempt Entity
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☒ Debts are primarily business debts.

**Filing Fee** (Check one box)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(B).

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors (on a Consolidated Basis)**

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☒ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets (on a Consolidated Basis)**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities (on a Consolidated Basis)**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

NY2:\1991976\10\16P0_10!.DOC\72240.0635

(Official Form 1) (1/08)                                                                                    FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>SATURN, LLC |
|---|---|

**All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed:   N/A | Case Number:<br>N/A | Date Filed:<br>N/A |
|---|---|---|
| Location<br>Where Filed:   N/A | Case Number:<br>N/A | Date Filed:<br>N/A |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of<br>Debtor:   **See Schedule 2 Attached** | Case Number:<br>**As filed** | Date Filed:<br>**June 1, 2009** |
|---|---|---|
| District:<br>**Southern District of New York** | Relationship:<br>**See Schedule 2 Attached** | Judge:<br>**Undetermined** |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b).<br><br>X _____<br>  Signature of Attorney for Debtor(s)                    Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(*Check all applicable boxes*)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Official Form 1) (1/08)                                                                                                    FORM B1, Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **SATURN, LLC** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | (Check only one box.) |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>Signature of Debtor | X _____<br>(Signature of Foreign Representative) |
| X _____<br>Signature of Joint Debtor | _____<br>(Printed Name of Foreign Representative) |
| _____<br>Telephone Number (if not represented by attorney) | _____<br>Date |
| _____<br>Date | |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| x /s/ Stephen Karotkin<br>Signature of Attorney for Debtor(s) | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached. |
| Stephen Karotkin<br>Printed Name of Attorney for Debtor(s) | |
| Weil, Gotshal & Manges LLP<br>Firm Name | _____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer |
| 767 Fifth Avenue<br>Address | _____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| New York, New York 10153 | |
| (212) 310-8000<br>Telephone Number | _____<br>Address |
| June 1, 2009<br>Date | x _____ |
| * In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | _____<br>Date |
| | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |

| Signature of Debtor (Corporation/Partnership) | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| x /s/ Jill A. Lajdziak<br>Signature of Authorized Individual | |
| Jill A. Lajdziak<br>Printed Name of Authorized Individual | |
| President<br>Title of Authorized Individual | |
| June 1, 2009<br>Date | |

## Schedule 1

## <u>All Other Names Used By the Debtor in the Last 8 Years</u>

1. Saturn Corporation
2. Saturn Motor Car Corporation
3. GM Saturn Corporation
4. Saturn Corporation of Delaware

## Schedule 2

| PENDING BANKRUPTCY CASES CONCURRENTLY FILED BY AFFILIATES OF THIS DEBTOR | |
|---|---|
| **Company** | **Affiliation** |
| Chevrolet-Saturn of Harlem, Inc. | Affiliate of Saturn, LLC |
| General Motors Corporation | Direct Parent of Saturn, LLC |
| Saturn Distribution Corporation | Wholly-Owned Direct Subsidiary of Saturn, LLC |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x

In re                                 :

                                      :        Chapter 11 Case No.

                                      :

SATURN, LLC,                          :        09-_____ (      )

                                      :

                                      :

            Debtor.                   :

----------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 50 LARGEST UNSECURED CLAIMS[1]

      Following is the consolidated list of the creditors of Saturn, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), holding the 50 largest noncontingent unsecured claims as of May 31, 2009.

      Except as set forth above, this list has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and with Rule 1007-1 of the Local Rules of Bankruptcy Procedure. This list does not include persons who come within the definition of "insider" set forth in section 101(31) of chapter 11 of title 11 of the United States Code.

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this Schedule.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 1. Wilmington Trust Company<br><br>Rodney Square North 1100 North Market Street Wilmington, DE 19890 United States | Attn: Geoffrey J. Lewis<br><br>Phone: (302) 636-6438 Fax: (302) 636-4145<br><br>Rodney Square North 1100 North Market Street Wilmington, DE 19890 United States | Bond Debt | | $22,759,871,912[1] |
| 2. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)<br><br>8000 East Jefferson Detroit, MI 48214 United States | Attn: Ron Gettlefinger<br><br>Phone: (313) 926-5201 Fax: (313) 331-4957<br><br>8000 East Jefferson Detroit, MI 48214 United States | Employee Obligations | | $20,560,000,000[2] |
| 3. Deutsche Bank AG, London As Fiscal Agent<br><br>Theodor-Heuss-Allee 70 Frankfurt, 60262 Germany | Attn: Stuart Harding<br><br>Phone:(44) 207 547 3533 Fax: (44) 207 547 6149<br><br>Winchester House 1 Great Winchester Street London EC2N 2DB England | Bond Debt | | $4,444,050,000[3] |

---

[1] This amount consolidates Wilmington Trust Company's claims as indenture trustee under the indentures, dated December 7, 1995 ($21,435,281,912) and November 15, 1990 ($1,324,590,000).

[2] This liability is estimated as the net present value at a 9% discount rate of future contributions, as of January 1, 2009, and excludes approximately $9.4 billion corresponding to the GM Internal VEBA.

[3] The amount includes outstanding bond debt of $4,444,050,000, based on the Eurodollar exchange rates of $1.39.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 4.   International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers – Communications Workers of America (IUE-CWA)<br><br>3461 Office Park Drive Kettering, OH 45439 United States | Attn: Mr. James Clark<br><br>Phone: (937) 294-9764 Fax: (937) 298-633<br><br><br><br>2701 Dryden Road Dayton, OH 45439 United States | Employee Obligations | | $2,668,600,000[4] |
| 5.   Bank of New York Mellon<br><br><br><br>One Wall Street New York, NY 10286 United States | Attn: Gregory Kinder<br><br>Phone: (212) 815-2576 Fax: (212) 815-5595<br><br>Global Corporate Trust, 101 Barclay, 7W New York, NY 10286 United States | Bond Debt | | $175,976,800 |
| 6.   Starcom Mediavest Group, Inc.<br><br><br><br>35 W. Wacker Drive Chicago, IL 60601 United States | Attn: Laura Desmond<br><br>Phone: (312) 220-3550 Fax: (312) 220-6530<br><br>35 W. Wacker Drive Chicago, IL 60601 United States | Trade Debt | | $121,543,017 |
| 7.   Delphi Corp.<br><br><br><br>5725 Delphi Drive Troy, MI 48098 United States | Attn: Rodney O'Neal<br><br>Phone: (248) 813-2557 Fax: (248) 813-2560<br><br>5725 Delphi Drive Troy, MI 48098 United States | Trade Debt | | $110,876,324 |

---

[4]   This liability estimated as the net present value at a 9% discount rate.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 8.   Robert Bosch GmbH | Attn: Franz Fehrenbach<br><br>Phone: (49 71) 1 811-6220<br>Fax: (49 71) 1 811-6454 | Trade Debt | | $66,245,958 |
| 38000 Hills Tech Drive<br>Farmington Hills, MI 48331<br>United States | Robert-Bosch-Platz 1 / 70839<br>Gerlingen-Schillerhoehe,<br>Germany | | | |
| 9.   Lear Corp. | Attn: Robert Rossiter<br><br>Phone: (248) 447-1505<br>Fax: (248) 447-1524 | Trade Debt | | $44,813,396 |
| 21557 Telegraph Road<br>Southfield, MI 48033<br>United States | 21557 Telegraph Road<br>Southfield, MI 48033<br>United States | | | |
| 10.   Renco Group, Inc. | Attn: Lon Offenbacher<br><br>Phone:  (248) 655-8920<br>Fax: (248) 655-8903 | Trade Debt | | $37,332,506 |
| 1 Rockefeller Plaza,<br>29th Floor<br>New York, NY 10020<br>United States | 1401 Crooks Road<br>Troy, MI 48084<br>United States | | | |
| 11.   Enterprise Rent A Car | Attn: Greg Stubblefiled<br><br>Phone: (314) 512 3226<br>Fax: (314) 512 4230 | Trade Debt | | $33,095,987 |
| 6929 N Lakewood Ave<br>Suite 100<br>Tulsa, OK 74117<br>United States | 600 Corporate Park Drive<br>St. Louis, MO 63105<br>United States | | | |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 12. Johnson Controls, Inc.<br><br>5757 N. Green Bay Avenue<br>Glendale, WI 53209<br>United States | Attn: Stephen A. Roell<br><br>Phone: (414)-524-2223<br>Fax: (414)-524-3000<br><br>5757 N. Green Bay Avenue<br>Milwaukee, WI 53201<br>United States | Trade Debt | | $32,830,356 |
| 13. Denso Corp.<br><br>24777 Denso Drive<br>Southfield, MI 48086<br>United States | Attn: Haruya Maruyama<br><br>Phone: (248) 350-7500<br>Fax: (248) 213-2474<br><br>24777 Denso Drive<br>Southfield, MI 48086<br>United States | Trade Debt | | $29,229,047 |
| 14. TRW Automotive Holdings, Corp.<br><br>12025 Tech Center Dr.<br>Livonia, MI 48150<br>United States | Attn: John Plant<br><br>Phone: (734) 855-2660<br>Fax: (734) 855-2473<br><br>12001 Tech Center Drive<br>Livonia, MI 48150<br>United States | Trade Debt | | $27,516,189 |
| 15. Magna International, Inc.<br><br>337 Magna Drive<br>Aurora, ON L4G 7K1<br>Canada | Attn: Don Walker<br><br>Phone: (905) 726-7040<br>Fax: (905) 726-2593<br><br>337 Magna Drive<br>Aurora, ON L4G 7K1<br>Canada | Trade Debt | | $26,745,489 |
| 16. American Axle & Mfg Holdings, Inc.<br><br>One Dauch Drive<br>Detroit, MI 48211-1198<br>United States | Attn: Richard Dauch<br><br>Phone: (313) 758-4213<br>Fax: (313) 758-4212<br><br>One Dauch Drive<br>Detroit, MI 48211<br>United States | Trade Debt | | $26,735,957 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 17.  Maritz Inc.<br><br>1375 North Highway Drive<br>Fenton, MO 63099<br>United States | **Attn:** Steve Maritz<br><br>Phone: (636) 827-4700<br>Fax: (636) 827-2089<br><br>1375 North Highway Drive<br>Fenton, MO 63099<br>United States | Trade Debt | | $25,649,158 |
| 18.  Publicis Groupe S.A.<br><br>133 Ave des Champs Elysees<br>Paris, 75008<br>France | **Attn:** Maurice Levy<br><br>Phone: (33 01) 4 443-7000<br>Fax: (33 01) 4 443-7550<br><br>133 Ave des Champs-Elysees<br>Paris, 75008<br>France | Trade Debt | | $25,282,766 |
| 19.  Hewlett Packard Co.<br><br>3000 Hanover Street<br>Palo Alto, CA 94304<br>United States | **Attn:** Mike Nefkens<br><br>Phone: (313) 230 6800<br>Fax: (313) 230 5705<br><br>500 Renaissance Center,<br>MC:20A Detroit, MI 48243<br>United States | Trade Debt | | $17,012,332 |
| 20.  Interpublic Group of Companies, Inc.<br><br>1114 Avenue of the Americas<br>New York, NY 10036<br>United States | **Attn:** Michael Roth<br><br>Phone:  (212) 704-1446<br>Fax: (212) 704.2270<br><br>1114 Avenue of the Americas<br>New York, NY 10036<br>United States | Trade Debt | | $15,998,270 |
| 21.  Continental AG<br><br>Vahrenwalder Str. 9<br>D-30165 Hanover,<br>Germany | **Attn:** Karl-Thomas<br><br>Phone: 49-69-7603-2888<br>Fax: 49-69-7603-3800<br><br>Guerickestrasse 7, 60488<br>Frankfurt 60488<br>Germany | Trade Debt | | $15,539,456 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 22.  Tenneco Inc. | Attn: Gregg Sherrill<br><br>Phone: (847) 482-5010<br>Fax: (847) 482-5030 | Trade Debt | | $14,837,427 |
| 500 North Field Drive<br>Lake Forest, IL 60045<br>United States | 500 North Field Drive<br>Lake Forest, IL 60045<br>United States | | | |
| 23.  Yazaki Corp. | Attn: George Perry<br><br>Phone:  (734) 983-5186<br>Fax:  (734) 983-5197 | Trade Debt | | $13,726,367 |
| 6801 Haggerty Road<br>Canton, MI 48187<br>United States | 6801 Haggerty Road, 48E<br>Canton, MI 48187<br>United States | | | |
| 24.  International Automotive Components | Attn: James Kamsickas<br><br>Phone: (313) 253-5208<br>Fax: (313) 240-3270 | Trade Debt | | $12,083,279 |
| 5300 Auto Club Drive<br>Dearborn, MI 48126<br>United States | 5300 Auto Club Drive<br>Dearborn, MI 48126<br>United States | | | |
| 25.  Avis Rental Car | Attn: Robert Salerno<br><br>Phone: (973) 496-3514<br>Fax: (212) 413-1924 | Trade Debt | | $12,040,768 |
| 6 Sylvan Way<br>Parsippany, NJ 07054<br>United States | 6 Sylvan Way<br>Parsippany, NJ 07054<br>United States | | | |
| 26.  FMR Corp. | Attn: Robert J. Chersi<br><br>Phone: (617)563-6611<br>Fax: (617) 598-9449 | Trade Debt | | $11,980,946 |
| 82 Devonshire St<br>Boston, MA 02109<br>United States | 82 Devonshire St<br>Boston, MA 02109<br>United States | | | |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 27.  AT&T Corp.<br><br>208 South Akard Street<br>Dallas, TX 75202<br>United States | Attn: Richard G. Lindner<br><br>Phone: (214) 757-3202<br>Fax: (214) 746-2102<br><br>208 South Akard Street<br>Dallas, TX 75202<br>United States | Trade Debt | | $10,726,376 |
| 28.  Union Pacific Corp.<br><br>1400 Douglas Street<br>Omaha, NE 68179<br>United States | Attn: Robert M. Knight, Jr.<br><br>Phone: (402) 544-3295<br>Fax: (402) 501-2121<br><br>1400 Douglas Street<br>Omaha, NE 68179<br>United States | Trade Debt | | $10,620,928 |
| 29.  Warburg E M Pincus & Co., Inc.<br><br>466 Lexington Ave<br>New York, NY 10017<br>United States | Attn: Joseph P. Landy<br><br>Phone:  (212) 878-0600<br>Fax:  (212) 878-9351<br><br>466 Lexington Ave<br>New York, NY 10017<br>United States | Trade Debt | | $10,054,189 |
| 30.  Visteon Corp.<br><br>One Village Center Drive<br>Van Buren Township,<br>MI 48111<br>United States | Attn: Donald J. Stebbins<br><br>Phone: (734) 710-7400<br>Fax: (734) 710-7402<br><br>One Village Center Drive<br>Van Buren Twp., MI 48111<br>United States | Trade Debt | | $9,841,774 |
| 31.  US Steel<br><br>600 Grant Street Room 1344<br>Pittsburgh, PA 15219<br>United States | Attn: John Surma<br><br>Phone: (412) 433-1146<br>Fax: (412) 433-1109<br><br>600 Grant Street<br>Room 1344<br>Pittsburgh, PA 15219<br>United States | Trade Debt | | $9,587,431 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 32.  Arcelor Mittal | Attn: Lakshmi Mittal<br><br>Phone: 44 20 7543 1131<br>Fax: (44 20) 7 629-7993 | Trade Debt | | $9,549,212 |
| 19, Avenue De La Liberte<br>Luxembourg, L-2930<br>Luxembourg | Berkley Square House, 7th Floor Berkley Square House London, England W1J6DA | | | |
| 33.  AK Steel Holding, Corp. | Attn: Jim Wainscott<br><br>Phone: (513) 425-5412<br>Fax: (513) 425-5815 | Trade Debt | | $9,116,371 |
| 9227 Centre Pointe Drive<br>Westchester, OH 45069<br>United States | 9227 Centre Pointe Drive<br>Westchester, OH 45069<br>United States | | | |
| 34.  CSX Corp. | Attn: Oscar Muñoz<br><br>Phone: (904) 359-1329<br>Fax: (904) 359-1859 | Trade Debt | | $8,884,846 |
| 500 Water Street, 15th Floor<br>Jacksonville, FL 32202<br>United States | 500 Water Street, 15th Floor<br>Jacksonville, FL 32202<br>United States | | | |
| 35.  Hertz Corporation | Attn: .Elyse Douglas<br><br>Phone: (201) 450-2292<br>Fax: (866) 444-4763 | Trade Debt | | $8,710,291 |
| 14501 Hertz Quail Springs Parkway<br>Oklahoma City, OK 73134<br>United States | 225 Brae Boulevard Park Ridge, NJ 07656<br>United States | | | |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent unliquidated disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 36.  Alpha S.A. de C.V. | **Attn:** Manuel Rivera<br><br>Phone: (52 81) 8 748 1264<br>Fax: (52 81) 8 748-1254 | Trade Debt | | $8,209,133 |
| Ave. Gómez Morín No. 1111<br>Sur Col. Carrizalejo<br>San Pedro Garza García, N.<br>L. C.P. 66254<br>Mexico | Ave. Gómez Morín No. 1111<br>Sur Col. Carrizalejo<br>San Pedro Garza García, N. L.<br>C.P. 66254<br>Mexico | | | |
| 37.  Voith AG | **Attn:** Hubert Lienhard<br><br>Phone: 49 7321 372301 | Trade Debt | | $7,146,187 |
| 2200 N. Roemer Rd<br>Appleton, WI<br>United States | St. Poltener Strasse 43<br>Heidenheim, D-89522<br>Germany | | | |
| 38.  Goodyear Tire & Rubber<br>     Co. | **Attn:** Robert Keegan<br><br>Phone: (330) 796-1145<br>Fax: (330) 796-2108 | Trade Debt | | $6,807,312 |
| 1144 E Market St<br>Akron, OH 44316-0001<br>United States | 1144 East Market Street<br>Akron, OH 44316-0001<br>United States | | | |
| 39.  Manufacturers<br>     Equipment & Supply Co. | **Attn:** Greg M. Gruizenga<br><br>Phone: (800) 373-2173<br>Fax: (810) 239-5360 | Trade Debt | | $6,695,777 |
| 2401 Lapeer Rd<br>Flint, MI 48503-4350<br>United States | 2401 Lapeer Rd<br>Flint, MI 48503<br>United States | | | |
| 40.  Severstal O A O | **Attn:** Gregory Mason<br><br>Phone: (313) 317-1243<br>Fax: (313) 337-9373 | Trade Debt | | $6,687,993 |
| 4661 Rotunda Drive<br>P.O. Box 1699<br>Dearborn, MI 48120<br>United States | 14661 Rotunda Drive,<br>P.O. Box 1699<br>Dearborn, MI 48120<br>United States | | | |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 41. Exxon Mobil Corp.<br><br>5959 Las Colinas Boulevard<br>Irving, TX 75039<br>United States | Attn: James P. Hennessy<br><br>Phone: (703) 846-7340<br>Fax: (703) 846-6903<br><br>3225 Gallows Road<br>Fairfax, VA 22037<br>United States | Trade Debt | | $6,248,959 |
| 42. Hitachi Ltd.<br><br>955 Warwick Road<br>P.O. Box 510<br>Harrodsburg, KY 40330<br>United States | Attn: Yasuhiko Honda<br><br>Phone: (81 34) 564-5549<br>Fax: (81 34) 564-3415<br><br>Akihabara Daibiru Building 18-13, Soto-Kanda, 1-Chome Chiyoda-Ku, Tokyo, 101-8608 Japan | Trade Debt | | $6,168,651 |
| 43. Mando Corp.<br><br>4201 Northpark Drive<br>Opelika, AL 36801<br>United States | Attn: Zung Su Byun<br><br>Phone: (82 31) 680-6114<br>Fax: (82 31) 681-6921<br><br>343-1, Manho-Ri ,Poseung-Myon, Pyongtaek Kyonggi, South Korea, Korea | Trade Debt | | $5,459,945 |
| 44. General Physics Corp.<br><br>1500 W. Big Beaver Rd.<br>Troy, MI 48084<br>United States | Attn: Sharon Esposito Mayer<br><br>Phone: (410) 379-3600<br>Fax: (410) 540-5302<br><br>6095 Marshalee Drive, St. 300 Elkridge, MD 21075<br>United States | Trade Debt | | $5,208,070 |
| 45. Sun Capital Partners, Inc.<br><br>5200 Town Center Circle, Suite 600<br>Boca Raton, FL 33486<br>United States | Attn: Mr. Kevin<br><br>Phone: (561) 948-7514<br>Fax: (561) 394-0540<br><br>5200 Town Center Circle, Suite 600 Boca Raton, FL 33486<br>United States | Trade Debt | | $4,747,353 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 46. Jones Lang Lasalle, Inc.<br><br>200 East Randolph Drive<br>Chicago, IL 60601<br>United States | **Attn:** Colin Dyer<br><br>Phone: (312) 228-2004<br>Fax: (312) 601-1000<br><br>200 East Randolph Drive<br>Chicago, IL 60601<br>United States | Trade Debt | | $4,651,141 |
| 47. McCann Erickson<br><br>238 11 Avenue, SE<br>Calgary, Alberta T2G OX8<br>Canada | **Attn:** Gary Lee<br><br>Phone: (646) 865 2606<br>Fax: (646) 865 8694<br><br>622 3rd Avenue<br>New York, NY 10017<br>United States | Trade Debt | | $4,603,457 |
| 48. Flex-N-Gate Corp.<br><br>1306 East University Ave.<br>Urbana, IL 61802<br>United States | **Attn:** Shahid Khan<br><br>Phone: (217) 278-2618<br>Fax: (217) 278-2318<br><br>1306 East University<br>Urbana, IL 61802<br>United States | Trade Debt | | $4,490,775 |
| 49. Bridgestone Corp.<br><br>535 Marriott Drive<br>Nashville, TN 37214<br>United States | **Attn:** Shoshi Arakawa<br><br>Phone: (81 33) 567 0111<br>Fax: (81 33) 567 9816<br><br>10-1 Kyobashi 1-chome Chuo-ku, Tokyo, Japan 104<br>Japan | Trade Debt | | $4,422,763 |
| 50. Cap Gemini America Inc<br><br>623 Fifth Avenue, 33rd Floor<br>New York, NY 10022<br>United States | **Attn:** Thierry Delaporte    $4,415,936<br><br>Phone: (212) 314-8327<br>Fax: (212) 314-8018<br><br>623 Fifth Avenue, 33rd Floor<br>New York, NY 10022<br>United States | Trade Debt | | $4,415,936 |

**DECLARATION UNDER PENALTY OF PERJURY:**

        I, the undersigned authorized officer of the limited liability company named as Debtor in this case declare under penalty of perjury that I have reviewed the foregoing Consolidated List of Creditors Holding the 50 Largest Unsecured Claims and that the list is true and correct to the best of my information and belief.

Dated:  June 1, 2009

                                    /s/ Jill A. Lajdziak
                                    Signature

                                    NAME: Jill A. Lajdziak

                                    TITLE: President

# SATURN LLC

## WRITTEN CONSENT
## OF THE BOARD OF MANAGERS

The undersigned members of the Board of Managers of Saturn LLC, a Delaware limited liability company (the "Company"), hereby take the following actions by written consent:

### COMMENCEMENT OF CHAPTER 11 CASE

RESOLVED, that the Company be, and it hereby is, authorized and directed to file a petition seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED, that each of the Proper Officers (it being understood that, for the purposes of these Resolutions, the "Proper Officers" shall include, without limitation, the President, any Vice President, the Treasurer, the Secretary, or any Assistant Secretary, is hereby authorized and directed to execute, verify, and file all petitions under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") at such time as such Proper Officer shall determine;

RESOLVED, that in connection with the commencement of the Chapter 11 case by the Company, each Proper Officer is hereby authorized to negotiate, execute, and deliver such notes, security and other agreements, and instruments as such Proper Officer considers appropriate to enable the Company to utilize cash collateral on the terms and conditions such Proper Officer or Proper Officers executing the same may consider necessary, proper, or desirable, and to consummate the transactions contemplated by such notes, security and other agreements and instruments on behalf of the Company, subject to Bankruptcy Court approval;

RESOLVED, that each Proper Officer is hereby authorized and directed to enter into, execute, deliver, certify, file and/or record, negotiate, and perform, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, applications, including without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents and to take such other actions, as in the judgment of such Proper Officer shall be or become necessary, proper, or desirable in connection with the Company's Chapter 11 case;

## EXECUTION OF MASTER SALE AND PURCHASE AGREEMENT

RESOLVED, that the Board finds that the sale of assets of the Company to Auto Acquisition Corp., a new entity formed by the United States Department of the Treasury, in accordance with the Purchase Agreement (as defined below), is expedient and in the best interests of the Company;

RESOLVED, that the form, terms and provisions of the proposed Master Sale and Purchase Agreement (the "Purchase Agreement") by and among the Company, General Motors Corporation, Saturn Distribution Company, Chevrolet- Saturn of Harlem, Inc., and Auto Acquisition Corp., in substantially the form reviewed by the Board, are hereby approved, and the sale of the assets of the Company set forth in the Purchase Agreement on the terms set forth in the Purchase Agreement is authorized and approved;

RESOLVED, that each of the Proper Officers, or any of them, is hereby authorized and directed to execute and deliver the Purchase Agreement, with such changes therein or revisions thereto as the Proper Officer or Officers executing and delivering the same may in his or their sole and absolute discretion approve, consistent with these Resolutions and with the advice of the Company's Legal Staff, and to cause the Company to carry out the terms and provisions thereof;

RESOLVED, that each of the Proper Officers, or any of them, is hereby authorized and directed to approve, execute and deliver from time to time such amendments, changes or modifications to the Purchase Agreement as any such Proper Officer shall, consistent with these Resolutions and with the advice of the Company's Legal Staff, deem necessary, proper or desirable;

## EXECUTION OF DIP LOAN FACILITY

RESOLVED, that in connection with the commencement of the Chapter 11 case by the Company, each of the Proper Officers, or any of them, is hereby authorized to negotiate, execute, deliver and cause the Company to perform its obligations under (i) the secured super priority debtor–in-possession credit agreement (the "Credit Agreement"), among General Motors Corporation, a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, as borrower, certain subsidiaries of General Motors Corporation, including the Company, listed therein, as guarantors, the United States Department of the Treasury, as lender, and Export Development Canada, as lender, (ii) the Guaranty and Security Agreement pursuant to which the Company is guaranteeing the Obligations (as defined in the Credit Agreement) and granting a security interest in its assets to secure such guarantee and (iii) the Equity Pledge Agreement, the Environmental Indemnity Agreement, the mortgages, deposit account control agreements and other similar documents and any other agreements or documents executed by the Company in connection with the Credit Agreement, the documents and transactions contemplated thereby and the

Company's grant of a security interest in or pledge of assets as collateral to secure its guarantee of the Obligations (the documents described in this clause (iii) collectively described herein as the "Other Financing Documents");

RESOLVED, that each of the Proper Officers, or any of them, is hereby authorized to grant a security interest in and pledge assets as collateral as described in the Guaranty and Security Agreement, the Equity Pledge Agreement and each Other Financing Document to which the Company is party;

## APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

RESOLVED, that, pursuant to the Company's Bylaws, the Board hereby designates a new officer of the Company, the Chief Restructuring Officer, with such duties as the Board or any committee thereof to whom appropriate authority has been delegated by the Board in connection with the actions contemplated by these Resolutions shall determine, including working with other senior management of the Company, and other professionals, to assist the Company in connection with the administration of its Chapter 11 case;

RESOLVED, that Albert A. Koch is hereby appointed to serve as the Chief Restructuring Officer, effective as of the date hereof;

## RETENTION OF ADVISORS

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP is hereby employed as attorneys for the Company under a general retainer in the Company's Chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the law firm of Jenner & Block LLP is hereby employed as attorneys for the Company under a general retainer in the Company's Chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the law firm of Honigman Miller Schwartz and Cohn LLP is hereby employed as special counsel for the Company in the Company's Chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of AP Services LLC is hereby employed as restructuring advisor for the Company in the Company's Chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of Evercore Partners, Inc. is hereby employed as financial advisor for the Company in the Company's Chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of The Blackstone Group L.P. is hereby employed as investment banker for the Company in the Company's Chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that each Proper Officer is hereby authorized and directed to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and all further acts and deeds the Proper Officer deems necessary, proper, or desirable in furtherance thereof with a view to the successful prosecution of the Company's Chapter 11 case;

## GENERAL AUTHORIZATION AND RATIFICATION

RESOLVED, that each Proper Officer is authorized and directed, consistent with these Resolutions and with the advice of the Company's Legal Staff: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Proper Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such Proper Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Proper Officer may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such Proper Officer to constitute evidence of such approval, (ii) to negotiate, execute, deliver, certify, file and/or record, and perform, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Proper Officer deems appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in such Proper Officer's judgment be necessary, proper or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

RESOLVED, that all actions taken by the Proper Officers prior to the date of the foregoing Resolutions adopted at this meeting and within the authority conferred, are hereby ratified, confirmed, approved in all respects as the act and deed of the Company.

The actions taken by this Consent shall have the same force and effect as if taken by the undersigned at a meeting of the Board of Managers of the Company, duly called and constituted pursuant to the laws of the State of Delaware. This Consent may be executed in counterparts, which together will constitute the original.

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Board of Managers as of June 1, 2009.


/s/ Gary L. Cowger
Gary L. Cowger


/s/ Jill A. Lajdziak
Jill A. Lajdziak


/s/ Joseph G. Peter
Joseph G. Peter

## AFFIRMATION OF SERVICE BY FEDERAL EXPRESS

Brianna Benfield, an attorney duly admitted to practice law before the Courts of

District of Columbia and State of Virginia, hereby affirms the following to be true under

penalty of perjury:

I am over the age of eighteen (18) years, am employed by the law firm of Weil,

Gotshal & Manges LLP, and am not a party to this action.

On the 8th day of July, 2011, I served a copy of the foregoing Notice of

Bankruptcy in the above-captioned action upon:

> John Roseboro
> 4819 Emperor Boulevard, Suite 400
> Durham, NC 27703
>
> Attorney for *Plaintiff*

by depositing true copies of the same in a properly addressed pre-paid envelope and sent

via Federal Express.

Dated: July 8, 2011

4

**EXHIBIT F**



COPY

STATE OF NORTH CAROLINA

COUNTY OF WAKE

FILED

2011 OCT -6 PM 1: 55

WAKE COUNTY, C.S.C.

BY _____

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO.: 10-CVD-18602

BENJAMIN MCKINLEY HUBBARD,

    Plaintiff,

        v.

SATURN CORPORATION [n/k/a MLCS, LLC],
WILMINGTON TRUST COMPANY
[In its Capacity as Trust Administrator
and Trustee of the Motors Liquidation Company
GUC Trust], and GENERAL MOTORS, LLC
[f/k/a NGMCO, Inc.],

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**AMENDED COMPLAINT**

NOW COMES Plaintiff, Benjamin Hubbard, complaining of Defendants as follows.

### Parties

1.    Plaintiff is a resident of Wake County, North Carolina.

2.    Defendant Saturn, LLC (n/k/a MLCS, LLC)("Defendant Saturn") is a corporation organized and existing under and by virtue of the laws of the State of Delaware, and was authorized to do business in North Carolina at all relevant times. Defendant manufactured new motor vehicles which are sold in North Carolina.

3.    On June 1, 2009, Defendant General Motors Liquidation Company and its subsidiary, Defendant Saturn, filed petitions for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. Plaintiff's claims arose after the June 1, 2009, commencement date of Defendant Saturn's bankruptcy case. Thus, Plaintiff's claims are post-bankruptcy-petition claims.

4.      As part of the bankruptcy proceedings, a trust fund -- the Motors Liquidation Company

GUC Trust -- was established to pay creditors' unsecured claims.  Defendant Wilmington Trust

Company ("Defendant WTC") is the trust administrator and trustee of the Motors Liquidation

Company GUC Trust·and, therefore, is a necessary party to this action.  Defendant WTC is a

corporation organized and existing under and by virtue of the laws of the State of Delaware.

5.      As part of the bankruptcy proceedings, on June 26, 2009, Defendant Saturn and other

entities, as sellers, entered into an Amended and Restated Master Sale and Purchase

Agreement with a purchaser that the United States Department of Treasury sponsored named

NGMCO, Inc.

6.      Under the terms of the Amended and Restated Master Sale and Purchase Agreement,

NGMCO, Inc. assumed responsibility for Defendant Saturn's liabilities arising under certain

warranty and lemon law claims:

> Section 6.15 Product Certification, Recall and Warranty Claims
>
> From and after the Closing, Purchaser shall be responsible for the administration,
> management and payment of all Liabilities arising under (i) express written
> warranties of Sellers that are specifically identified as warranties and delivered in
> connection with the sale of new, certified used or pre-owned vehicles or new or
> manufactured motor. vehicle parts and equipment (including. service parts,
> accessories, engines and transmissions) manufactured or sold by Sellers or
> Purchaser prior to or after the Closing and (ii) Lemon Laws.  In connection with
> the foregoing clause (ii), (A) Purchaser shall continue to address Lemon Law
> Claims using the same procedural mechanisms previously utilized by the
> applicable Sellers and (B) for avoidance of doubt, Purchaser shall not assume
> Liabilities arising under the law of implied warranty or other analogous
> provisions of state Law, other than Lemon Laws, that provide consumer
> remedies in addition to or different from those specified in Seller's express
> warranties.

7.     NGMCO, Inc. is now named General Motors, LLC ("Defendant General Motors").

Defendant General Motors is a limited liability company organized and existing under and by

virtue of the laws of the state of State of Delaware.

### Venue

8.     Pursuant to N.C. Gen. Stat. § 1-80, venue is proper in Wake County, North Carolina.

### First Claim
### (Violation of New Motor Vehicles Warranties Act)

9.     The allegations of paragraphs 1 – 8 are incorporate herein as if fully set forth below.

10.    On or about March 31, 2007, Plaintiff purchased a new motor vehicle (a Saturn Ion) that

Defendant Saturn manufactured for purposes other than resale.

11.    The vehicle originally delivered to Plaintiff on March 31, 2007.  At the time the vehicle

was originally delivered, its odometer reading was 35 miles.

12.    The vehicle is covered by two express warranties, a 3-year/36,0000 mile "bumper-to-

bumper" warranty and 5-year/100,000 powertrain warranty.

13.    The vehicle has failed to conform to the terms of the express warranties in at least the

following ways:  the vehicle stalls and makes squeak, "skirt," and grinding noises.

14.    The nonconformities described above substantially impair the value of the motor

vehicle to Plaintiff.

15.    The nonconformities began to occur on or about August 2007, no later than 24 months

or 24,000 miles after the original delivery of the vehicle to Plaintiff.

16.    Plaintiff presented the vehicle to Defendant Saturn's authorized dealer for repair of the

nonconformities on at least the following 14 occasions, but the same nonconformities continue

to exist:  August 31, 2007; September 28, 2007; November 2, 2007; April 2, 2008; June 26,

2008; August 14-17, 2008; October 11-13, 2008; January 22, 2009; April 23, 2009; May 29,

2009; June 24, 2009; July 17, 2009; October 5, 2009; and November 10, 2009.

17.    In an April 8, 2010 letter, Plaintiff notified Defendant Saturn of the continued existence

of the nonconformities and requested a refund.  Defendant Saturn denied the request for a

refund in violation of N.C. Gen. Stat. § 20-351.3.

18.    Plaintiff notified Defendant Saturn in writing of his intention to bring this lawsuit at least

ten (10) days before the filing of this action.

19.    As a direct and proximate result of Defendant Saturn's violation of the New Motor

Vehicle Warranties Act, Defendant Saturn is liable to Plaintiff for damages in an amount to be

determined at trial but in no event less than $21,417.83.

20.    Defendant Saturn has unreasonably refused to comply with N.C. Gen. Stat. § 20-351.3,

justifying an award of treble damages under N.C. Gen. Stat. § 20-351.8(2).

21.    Defendant Saturn has unreasonably refused to give Plaintiff the requested refund or

otherwise resolve the matter which constitutes the basis of the action, justifying an award of

attorney's fees under N.C. Gen. Stat. § 20-351.8(3).

Second Claim
(Unfair Trade Practice)

22.    The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth below.

23.    Defendant Saturn's refusal to give Plaintiff the requested refund or otherwise resolve

the matter which constitutes the basis of the action constitutes an unfair act or practice in or

affecting commerce in violation of N.C. Gen. Stat. § 75.1.

Page 4 of 7

24.     As a direct and proximate result of Defendant Saturn's unfair trade practice, Defendant

Saturn is liable to Plaintiff for compensatory damages in an amount to be determined at trial

but not less than $21,417.83, and treble damages pursuant to N.C. Gen. Stat. § 75-16.

25.     Defendant Saturn engaged in the unfair trade practice willfully and has unwarrantedly

refused to resolve the matter, justifying an award of attorney's fees under N.C. Gen. Stat. § 75-

16.1.

Third Claim
(Punitive Damages)

26.     Paragraphs 1 – 25 are incorporated herein as if fully set forth below.

27.     Defendant Saturn's willful and wanton refusal to give Plaintiff the requested refund

justifies an award of punitive damages in an amount to be determined at trial.


      **WHEREFORE**, Plaintiff respectfully prays this Court that:

1.     Defendant Saturn be ordered to accept the return of the vehicle;

2.     Defendants jointly and severally refund to Plaintiff the full contract price of the vehicle,

all collateral charges, and all finance charges incurred by Plaintiff after he first notified

Defendant Saturn of the nonconformities;

3.     Plaintiff recover damages from Defendants jointly and severally in an amount to be

determined at trial but in no event less than $21,417.83 (less reasonable allowance for

Plaintiff's use of the vehicle);

4.     Plaintiff recover treble damages from Defendants jointly and severally pursuant to N.C.

Gen. Stat. §§ 20-351.8(2) and 75-16.

5.     Plaintiff recover the cost and expenses of this action, including reasonable attorney's

fees, from Defendants pursuant to N.C. Gen. Stat. §§ 20-351.8(3) and 75-16.1.;

6.     Plaintiff recover punitive damages from Defendants jointly and severally in an amount

to be determined at trial;

7.     All issues triable by jury be so tried; and

8.     Such other relief as the Court deems just and proper.


This the 6th day of October 2011


By: _____

John Roseboro
The Roseboro Law Firm, PLLC
Attorney for Plaintiff Benjamin Hubbard
P.O. Box 13295
Durham, NC 27709
Phone: 919-313-4849
Fax: 919-251-9214
john.roseboro@roseborolaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this date served the foregoing Amended

Complaint upon the following via fax:

> Briana N. Benfield
> Weil, Gotshal & Manges LLP
> Attorneys for Defendant Saturn Corporation
> 1300 Eye Street NW, Suite 900
> Washington, DC 20005-3314
> Fax: 2020-857-0904

This the _6th_ day of October 2011

By: _____
John Roseboro
N.C. State Bar No. 26680
The Roseboro Law Firm, PLLC
Attorney for Plaintiff Benjamin Hubbard
P.O. Box 13295
Research Triangle Park, NC 27709
Tel: 919-313-4849
Fax: 919-251-9214
Email: john.roseboro@roseborolaw.com



**THE ROSEBORO LAW FIRM**
A PROFESSIONAL LIMITED LIABILITY COMPANY
P.O. BOX 13295
RESEARCH TRIANGLE PARK, NC 27709

CERTIFIED MAIL

7011 0470 0003 3234 1116

UNITED STATES
POSTAL SERVICE

U.S. POSTAGE
PAID
RALEIGH, NC
27616
OCT 11 '11
AMOUNT
$5.79
00037237-06

1000        19801

Received in
OCT 17 2011

ən Trust Co.
Square North
th Market Street
ən DE 19801-1243

0500

RETURN RECEIPT
REQUESTED