**PRESENTMENT DATE AND TIME:  January 31, 2012 at 12:00 p.m. noon (Eastern Time)**
**OBJECTION DEADLINE:  January 31, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| ------------------------------------------------------------x | | |

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER
BETWEEN THE MOTORS LIQUIDATION COMPANY GUC TRUST
AND KYOMI POSTLEY PROVIDING FOR LIMITED MODIFICATION
OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

**PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust (the "**GUC Trust**") will present the annexed Stipulation and Agreed Order Between the GUC Trust, on the one hand, and Kyomi Postley, on the other hand, Providing for Limited Modification of the Automatic Stay and the Plan Injunction (the "**Stipulation and Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004 on **January 31, 2012 at 12:00 p.m. noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of

the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia  30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; and (xvi) Kyomi Postley, 301 Potter Street, Apartment 4, Hot Springs, AR 71901, so as to be received no later than **January 31, 2012 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulation and Order, the GUC Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
January 24, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for the Motors Liquidation
Company GUC Trust

**PRESENTMENT DATE AND TIME: January 31, 2012 at 12:00 p.m. noon (Eastern Time)**
**OBJECTION DEADLINE: January 31, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :   **Chapter 11 Case No.**
                                                               :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**                  :   **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*                  :
                                                               :
                            Debtors.                           :   **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN**
**THE MOTORS LIQUIDATION COMPANY GUC TRUST**
**AND KYOMI POSTLEY PROVIDING FOR LIMITED MODIFICATION**
**OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, and Kyomi Postley, on the other hand (the "**Plaintiff,**" and together with the GUC Trust, the "**Parties**"), hereby enter into this Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

**RECITALS**

A.   On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), commenced voluntary cases

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.      Pursuant to section 362 of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "**Automatic Stay**").

C.      A lawsuit styled *Kyomi Postley v. General Motors Corporation*, Case No. 09-30330 (the "**Action**"), is currently pending in the United States Court of Appeals for the Fifth Circuit (the "**Appeals Court**"), and has been stayed since the Commencement Date pursuant the Automatic Stay.

D.      On November 30, 2009, Plaintiff filed proofs of claim numbers 65318 and 65399 (collectively, the "**Proofs of Claim**") relating to the Action asserting unsecured claims in the following amounts:

| Claim Number | Filed Amount |
|---|---|
| 65318 | $8,000,000.00 |
| 65399 | $8,000,000.00 |

E.      On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) transferred certain claims pending against MLC to the GUC Trust, (iv) authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates, and (v)

enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in accordance with the Plan (the "**Plan Injunction**"). (*See* Confirmation Order ¶ 54.) The Proofs of Claim were among the claims transferred to the GUC Trust.

F.      Plaintiff and the GUC Trust wish to modify the Automatic Stay imposed under section 362 of the Bankruptcy Code solely to the extent necessary to permit the liquidation of the amount of the Proofs of Claim through litigation of the Action in the Appeals Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue.

NOW, THEREFORE, the Parties do hereby agree as follows:

**STIPULATION**

1.      Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to enable the Action to proceed to final judgment or settlement. The Action shall proceed in the Appeals Court, subject to the Debtors' and/or the GUC Trust's rights to seek removal and/or transfer of venue or in such other forum as determined by the Court on request of the Debtors and/or the GUC Trust. Any final judgment in the Action and, thus, distribution of any amount on account of the Proofs of Claim shall be subject to appropriate treatment under the Plan and shall be treated as general unsecured nonpriority claims against the Debtors identified in any judgment, unless otherwise determined and ordered by this Court.

2.      Except as provided in paragraph 1 above, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the Confirmation Order, including, without limitation, those provisions prohibiting

execution, enforcement or collection of any judgment that may be obtained against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the Action reserve the right to assert any and all defenses in the Action.

4. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

5. This Stipulation and Order is subject to the approval of the Court. If this Stipulation and Order is not approved by the Court, this Stipulation and Order shall by deemed null and void, and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases or the Action.

6. This Stipulation and Order sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7. The Parties represent and warrant to each other that the signatories to this Stipulation and Order have full power and authority to enter into this Stipulation and Order and to bind the Parties.

Dated: January 24, 2012

| | |
|---|---|
| /s/ Kyomi Postley | /s/ Joseph H. Smolinsky |
| Kyomi Postley | Harvey R. Miller |
| 301 Potter Street | Stephen Karotkin |
| Apartment 4 | Joseph H. Smolinsky |
| Hot Springs, AR 71901 | Weil, Gotshal & Manges LLP |
| Telephone: (501) 463-4598 | 767 Fifth Avenue |
| | New York, New York 10153 |
| Pro Se | Telephone: (212) 310-8000 |

Attorneys for the Motors Liquidation Company GUC Trust

IT IS SO ORDERED.

Dated: New York, New York
          _____, 2012

THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE