HEARING DATE AND TIME: February 9, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 2, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                       :    Chapter 11 Case No.
                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*    :
                                            :
                    Debtors.                :    (Jointly Administered)
                                            :
-------------------------------------------------------------x

**REPLY TO RESPONSE OF ERMA JEANINE**
**BUCKLEY TO 246TH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this reply (the "**Reply**") to the response (the "**Response,**" a copy of which is annexed hereto as Exhibit A) filed by Erma Jeanine Buckley to the 246th Omnibus Objection to Claims, which seeks to disallow and expunge her claim against the Debtors (Claim Number 66268, the "**Claim,**" a copy of which is annexed hereto as Exhibit

B), on the basis that the Debtors are not liable for the Claim as a matter of law. In support of this Reply, the GUC Trust respectfully represents:

## PRELIMINARY STATEMENT

1. On November 9, 2009, Erma Jeanine Buckley, a *pro se* claimant, filed the Claim in the amount of $500,000 against General Motors Corporation ("**Old GM**"), seeking to recover damages for personal injury caused by an allegedly defective vehicle. In August 2011, the GUC Trust filed an objection to the Claim, arguing that there is no legal or factual basis for Ms. Buckley's claim against the Debtors. Ms. Buckley submitted a response to the objection which did not address the substantive arguments made by the GUC Trust.

2. As set forth more fully herein, the Claim was the subject of prepetition litigation in which a final, non-appealable judgment was entered in favor of Old GM (the "**Prepetition Litigation**"). Given that the substance of the Claim was fully and finally adjudicated in favor of Old GM prior to its bankruptcy, Ms. Buckley has no valid claims against the Debtors. Accordingly, the GUC Trust requests that the Court enter an order disallowing and expunging the Claim.

## THE PREPETITION LITIGATION

3. On May 11, 1998, Ms. Buckley commenced a lawsuit against Old GM alleging personal injury damages as a result of a car accident. In the years that followed, the case proceeded through many phases, including motions for summary judgment, appeals, and mistrials. *See, e.g.*, *Buckley v. Gen. Motors Corp.*, 54 Fed. Appx. 712 (2nd Cir. 2003); *Buckley v. Gen. Motors Corp.*, No. 98-CV-43662004, WL 725933 (S.D.N.Y. Apr. 2, 2004). The case went to trial in 2007, and following a jury verdict, judgment was entered in favor of Old GM. *See* Doc. No. 119, *Buckley v. Gen. Motors Corp.*, No. 98-CV-4366 (S.D.N.Y. Sept. 6, 2007).

4.  In September, 2007, Ms. Buckley filed a notice of appeal of the judgment with the Second Circuit Court of Appeals. A year later, the Court of Appeals dismissed the appeal as moot because it "lack[ed] an arguable basis in fact or law." *See* <u>Exhibit C</u>. Ms. Buckley then filed a petition for rehearing en banc, which the Second Circuit denied. *See* <u>Exhibit D</u>. In March, 2009, Ms. Buckley applied to the United States Supreme Court for an extension of the deadline to file a petition for a writ of certiorari, which was also denied. *See* <u>Exhibit E</u>. Ms. Buckley exhausted all avenues of appeal prior to the commencement of the Debtors' chapter 11 cases.

### **THE CLAIM**

5.  In November 2009, Ms. Buckley filed the Claim against the Debtors in the amount of $500,000. *See* <u>Exhibit B</u>. In discussions with counsel for the GUC Trust, Ms. Buckley acknowledged that by the Claim, she seeks to recover against the Debtors for the same alleged injury that she sought recovery for in the Prepetition Litigation.

6.  In August 2011, the GUC Trust filed its 246th Omnibus Objection to Claims, seeking to disallow and expunge various claims filed against the Debtors for which the claimant had not (and could not) assert a valid basis for liability. The Claim was included in that objection. Ms. Buckley filed a timely response, in which she does not address the substance of the Claim but states:

> I would appreciate the opportunity to observe the hearing. I was told that I am not allowed as a pro se. Should I be given the opportunity to observe on my behalf? If possible please consider my request.

*See* Response at 1. In November, 2011, counsel for the GUC Trust contacted Ms. Buckley and explained that she was, of course, permitted to attend the hearing on the Objection

3

## **ARGUMENT**

7.      For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000).  A right to payment is nothing more than an enforceable obligation. *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559 (1990).  The right to payment can constitute a prepetition claim if, before the filing of the bankruptcy petition, "the relationship between the debtor and the creditor contained all of the elements necessary to give right to a legal obligation—a 'right to payment'—under the relevant non-bankruptcy law." *LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 497 (2d Cir. 1995) (quoting *In re Nat'l Gypsum Co.*, 139 B.R. 397, 405 (N.D. Tex. 1992)) (internal citations omitted).

8.      Here, Ms. Buckley has not (and cannot) show that she has a prepetition right to payment from the Debtors that would give rise to a valid claim.  In the Claim, Ms. Buckley makes the same allegations, related to the same facts and alleged injuries already litigated and resolved in the Prepetition Litigation.  Given that Ms. Buckley exhausted all avenues of appeal prior to the Debtors' bankruptcy cases, she can make no credible argument that she has a right to payment from the Debtors.  In light of the foregoing, the GUC Trust submits that the Claim should be disallowed and expunged.

4

Dated: New York, New York
January 26, 2012

/s/ Stefanie Birbower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation Company GUC Trust*