HEARING DATE AND TIME: March 1, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 23, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :    **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*                   :
                                                            :
                        Debtors.                            :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### NOTICE OF OBJECTION TO PROOF OF
### CLAIM NO. 61381 BY DIMITRIOS MARANGOS

**PLEASE TAKE NOTICE** that on January 26, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to proof of claim number 61381 filed by Dimitrios Marangos (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 1, 2012, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708  (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **February 23, 2012, at 4:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard

offered to any party.

Dated: New York, New York
January 26, 2012

*/s/* Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation Company GUC Trust*

4

HEARING DATE AND TIME: March 1, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 23, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                                   :   Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*    :
:
                    Debtors.            :   (Jointly Administered)
:
-------------------------------------------------------------x

**OBJECTION TO PROOF OF CLAIM**
**NO. 61381 FILED BY DIMITRIOS MARANGOS**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), objects to proof of claim number 61381 filed by Dimitrios Marangos (the "**Claim**"), on the basis that such claim fails to set forth facts necessary to establish any legal or factual basis for the alleged claim. In support of this Objection, the GUC Trust respectfully represents:

DOCSNY-493061

## RELIEF REQUESTED

1. By this Objection, the GUC Trust seeks entry of an order disallowing and expunging the Claim pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Claim fails to set forth the legal and factual basis for the asserted claim against the Debtors. Thus, the GUC Trust seeks an order expunging the Claim from the claims register.[1]

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## THE CLAIM

3. Mr. Marangos was employed by General Motors Corporation from 1977 until he voluntarily resigned in January 1999. Prior to the commencement of these chapter 11 cases, and after his tenure at General Motors Corporation, Mr. Marangos brought multiple lawsuits against the Debtors for, among other things, "personal injury," "unfair labor practice," "conspiracy," "intentional swindling," "harassment," "economic sabotage," and "concealment of dangerous working conditions." *See* Exhibit A.

4. On or about November 25, 2009, Mr. Marangos filed a proof of claim against the Debtors for "$20 million and increases" for alleged damages related to "personal

---

[1] On January 27, 2011, the Debtors filed their 201st Omnibus Objection, related to workers' compensation claims (ECF No. 8912). The Claim was included in the Omnibus Objection. In response, Mr. Marangos contacted counsel by phone and informed them that the Claim was not a workers' compensation claim. The Debtors subsequently withdrew the Omnibus Objection with respect to the Claim (ECF No. 9704).

2

injury/other" together with a transmittal letter to Garden City Group. *See* Exhibit B. In support of his Claim, Mr. Marangos also attached the following documents:

- A list of lawsuits filed against General Motors Corporation by Mr. Marangos between 1997 and 1999. *See* Exhibit A.

- Select pages from the docket for one such lawsuit related to an appeal filed by Mr. Marangos in the United States Court of Appeals for the Sixth Circuit. *See* Exhibit C.

- A benefit statement directed to Mr. Marangos related to the "Hourly-Rate Employees Pension Plan." *See* Exhibit D.

- Documents related to claims filed by Mr. Marangos with the Michigan Department of Labor, including documents indicating that the Debtors and Mr. Marangos entered into a settlement on or about January 1999, pursuant to which the Debtors agreed to pay Mr. Marangos $135,000. *See* Exhibit E.

5.      It appears that each of the lawsuits filed by Mr. Marangos were resolved in favor of the Debtors long before commencement of the Debtors' chapter 11 cases (the "**Petition Date**"). Additionally, a workers' compensation claim brought by Mr. Marangos was also fully and finally resolved in 1999. In this regard, in his correspondence to Garden City Group, Mr. Marangos states:

> Please be advised that: all the lawsuits at the Federal Court plus the Workers Compensation case GM filed falsified records at the court. Thereafter the courts accepted the falsified records and prevented me to proceed with an Attorney on any of my cases. It is obvious that GM exercises it's [sic] power within the Government and the Courts.

*See* Exhibit B at 2.

## ARGUMENT

### A.      Applicable Law

6.      For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy

3

petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000). A right to payment is nothing more than an enforceable obligation. *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559 (1990). The right to payment can constitute a prepetition claim if, before the filing of the bankruptcy petition, "the relationship between the debtor and the creditor contained all of the elements necessary to give right to a legal obligation — a 'right to payment' — under the relevant non-bankruptcy law." *LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 497 (2d Cir. 1995) (quoting *In re Nat'l Gypsum Co.*, 139 B.R. 397, 405 (N.D. Tex. 1992)) (internal citations omitted).

       7.      Bankruptcy Rule 3001(f) provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim. However, to be entitled to the weight afforded by Bankruptcy Rule 3001(f), the proof of claim must comply with the Bankruptcy Rules and set forth the facts necessary to support the claim. *In re North Bay Gen. Hosp., Inc.*, 404 B.R. 443, 464 (Bankr. S.D. Tex. 2009); *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (quoting *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988)); *Kahler v. FIRSTPLUS Fin., Inc. (In re FIRSTPLUS Fin., Inc.)*, 248 B.R. 60, 70 (Bankr. N.D. Tex. 2000);. *See also Bar Date Order* at 2 (requiring that a proof of claim "set forth with specificity the legal and factual basis for the alleged [c]laim").

       8.      If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim. *In re Chain*, 255 B.R. at 281; *In re Marino,* 90 B.R. at 28. In addition, a claim having insufficient documentation falls short of the standard unambiguously required in the Bar Date Order (the "**Bar Date Order**") (ECF No. 4079). Indeed, the Bar Date Order

4

requires, among other things, that a proof of claim "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include supporting documentation or an explanation as to why such documentation is not available." Bar Date Order at 2; *see also* Notices of Bar Date.

### B. There Is No Legal or Factual Basis for the Claim

9. It appears that Mr. Marangos is attempting to use this Court and the bankruptcy process to revive claims long since resolved in favor of the Debtors. The Claim includes a general allegation that it is seeking payment for "personal injury," but does not include any documentation which supports the allegation that Mr. Marangos suffered an injury for which the Debtors should be liable. Indeed, the information Mr. Marangos provided with his Claim and otherwise available to the GUC Trust indicates only that (i) he filed various lawsuits against the Debtors, containing unsupported factual allegations and wide-ranging legal claims, all of which were decided against Mr. Marangos and for which his rights of appeal have expired and (ii) Mr. Marangos and the Debtors settled a workers' compensation claim brought by Mr. Marangos in or around 1999, in connection with which Mr. Marangos was paid $135,000 and waived certain additional benefits. *See* Exhibit F.

10. It also appears that Mr. Marangos may be seeking recovery against the Debtors for alleged bad acts. For example, in his letter to the Debtors' claims agent, Mr. Marangos accuses the Debtors of "falsif[ing] records at court" and improperly "exercis[ing] its power within the Government and the Courts." *See* Exhibit B. He also attaches to (and presumably intended to incorporate into) the Claim a list of litigation claims, which include "conspiracy," "intentional swindling," "harassment," "economic sabotage," and "concealment of dangerous working conditions." *See* Exhibit A. The GUC Trust expressly refutes the allegations

5

made by Mr. Marangos, which are unsupported and meritless. Indeed, the Debtors have no liability to Mr. Marangos on the basis of these allegations or for any other reason.

11. Because Mr. Marangos cannot allege a sufficient legal basis for the Claim, the Claim is not considered *prima facie* valid, and the burden remains with Mr. Marangos to establish the validity of the Claim.[2] Since the Claim is based on unsupported allegations against the Debtors and seeks recovery for claims fully and finally resolved prior to the Debtors' chapter 11 cases, Mr. Marangos cannot show that he has a right to payment which gives rise to a valid claim against the Debtors. Thus, the Claim should be disallowed and expunged.

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging the Claim and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 26, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation Company GUC Trust*

---

[2] The GUC Trust recognizes that, as a *pro se* litigant, Mr. Marangos may be held to a less stringent standard than trained attorneys. *Goodman v. Mr. Goodbuys of N.Y. Corp., Inc.* (*In re Mr. Goodbuys of N.Y. Corp., Inc.*), 164 B.R. 24, 27 (Bankr. E.D.N.Y. 1994) citing *Branum v. Clark,* 927 F.2d 698, 704-05 (2d Cir. 1991). However, Mr. Marangos' *pro se* status does not exempt him from "compliance with the relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981)). This is especially true where, as here, the allegations against the Debtors made in the *pro se* litigant's claim are wholly unsubstantiated.

6

HEARING DATE AND TIME: March 1, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 23, 2012 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
:
                        Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO PROOF OF CLAIM NO. 61381 FILED BY DIMITRIOS MARANGOS

Upon the objection to Proof of Claim Number 61381 (the "**Claim**") dated January 26, 2012 (the "**Objection**"), filed by the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claim on the basis that such claim fails to set forth facts necessary to establish any legal or factual basis for the alleged claim, as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

DOCSNY-493061

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge