PRESENTMENT DATE AND TIME: February 6, 2012 at 4:00 p.m. (Eastern Time)
OBJECTION DEADLINE: February 6, 2012 at 12:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,         :   09-50026 (REG)
        f/k/a General Motors Corp., *et al.*  :
                                              :
                    Debtors.                  :   (Jointly Administered)
                                              :
-------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF**
**MOTION PURSUANT TO BANKRUPTCY RULE 3003 AND**
**SECTION 105(a) OF THE BANKRUPTCY CODE FOR AN**
<u>**ORDER DISALLOWING CERTAIN LATE FILED CLAIMS**</u>

**PLEASE TAKE NOTICE** that, upon the annexed Motion, dated January 26, 2012 (the "**Motion**"), Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan dated March 18, 2011, for an order, pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") disallowing certain late filed proofs of claim, all as more fully set forth in the Motion, the GUC Trust will present the attached

proposed order to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for signature on **February 6, 2012 at 4:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **February 6, 2012 at 12:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if no objections are timely filed and

served with respect to the Motion, the Bankruptcy Court may enter an order, substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      January 26, 2012

                                              /s/ Stefanie Birbrower Greer
                                              Barry N. Seidel (BS-1945)
                                              Stefanie Birbrower Greer (SG-2898)

                                              DICKSTEIN SHAPIRO LLP
                                              1633 Broadway
                                              New York, New York 10019-6708
                                              Telephone: (212) 277-6500
                                              Facsimile: (212) 277-6501

                                              *Counsel for Motors Liquidation*
                                              *Company GUC Trust*

PRESENTMENT DATE AND TIME: February 6, 2012 at 4:00 p.m. (Eastern Time)
OBJECTION DEADLINE: February 6, 2012 at 12:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                    :    09-50026 (REG)
      f/k/a General Motors Corp., *et al.*                   :
                                                             :
                              Debtors.                       :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

**MOTION PURSUANT TO BANKRUPTCY RULE**
**3003 AND SECTION 105(a) OF THE BANKRUPTCY CODE**
**FOR AN ORDER DISALLOWING CERTAIN LATE FILED CLAIMS**

Motors Liquidation Company GUC Trust (the "**GUC Trust**"), by and through undersigned counsel, hereby files this motion (the "**Motion**") pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order substantially in the form annexed hereto as <u>Exhibit A</u> (the "**Proposed Order**") disallowing proofs of claim submitted on or after the date of entry of the Proposed Order (the "**Order Effective Date**"), subject to certain conditions, as set forth more fully herein.  In support of the Motion, the GUC Trust respectfully states as follows:

## Background

1.  On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

2.  On September 16, 2009, this Court entered the Initial Debtors Bar Date Order establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units (the "**Initial Debtors Bar Date**"). On December 2, 2009, this Court entered the REALM/ENCORE Bar Date Order establishing February 1, 2010 (the "**REALM/ENCORE Bar Date**") as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010, the "**REALM/ENCORE Governmental Bar Date**"). On December 18, 2009, this Court entered the Property Bar Date Order establishing February 10, 2010 as the deadline for entities residing adjacent to or in the proximity of certain material manufacturing properties of the Debtors (the "**Properties**") to file a proof of claim with respect to the Properties

---

[1] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

2

(the "**Property Bar Date**," and collectively with the Initial Debtors Bar Date, the REALM/ENCORE Bar Date, and the REALM/ENCORE Governmental Bar Date, the "**Bar Date**").

3. On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the creation of the GUC Trust to administer certain responsibilities after the effective date of the Plan (the "**Effective Date**"), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. Almost <u>one year</u> after the Effective Date and over <u>two years</u> after the Bar Date, potential claimants continue to file claims against the Debtors. Indeed, since the Effective Date, over 147 claims have been filed against the Debtors, in an aggregate amount of $450,478,578.00. The GUC Trust has filed objections to the vast majority of these claims on the basis that they were not timely filed. A number of such objections remain pending before the Court. The GUC Trust submits that objections relating to late filed claims are slowing down the claims resolution process and, are both delaying and diminishing distributions to the Debtors' real creditors.

6. In light of the foregoing, by this Motion, the GUC Trust seeks entry of the Proposed Order disallowing all proofs of claim filed against the Debtors (or their respective estates)

3

on or after the Order Effective Date (each, a "**Late Claim**"), except any Late Claim (i) which amends a timely filed claim, (ii) which is filed with the written consent of the GUC Trust, or (iii) as to which this Court has entered an order deeming such Late Claim timely filed. Within five (5) business days of receipt by the GUC Trust of a Late Claim, the GUC Trust will send to the claimant a copy of any order approving this Motion.

### Basis for Relief

7. Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue an order … that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to the Bankruptcy Code, the Court may establish rules and deadlines for the filing of proofs of claim. Fed. R. Bankr. P. 3003.

8. The GUC Trust submits that entry of the Proposed Order is an appropriate exercise of the Court's equitable powers, and is in the best interest of the Debtors' creditors. The Proposed Order will further the efficient and effective resolution of the remaining claims against the estates, by allowing the GUC Trust to focus on timely filed disputed claims and not spend time or resources to expunge claims which are obviously late filed. The Proposed Order does not prejudice potential claimants because (i) it preserves a claimant's right to file a motion seeking to deem its Late Claim timely filed and (ii) it ensures claimants will be given notice of the Proposed Order. Accordingly, the GUC Trust requests that the Court enter the Proposed Order.

### Notice

9. The GUC Trust has provided notice of the Motion to parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 3022 (Docket No. 10183). The GUC Trust submits that such notice is sufficient and further notice need

4

not be provided.  No previous request for the relief sought in the Motion has been made by the GUC Trust to this or any other court.

**WHEREFORE**, for all of the reasons set forth above, the GUC Trust respectfully requests entry of the Proposed Order, substantially in the form annexed hereto as Exhibit A, and granting such further relief as the Court deems just and appropriate.

Dated: New York, New York
January 26, 2012

Respectfully submitted,

**DICKSTEIN SHAPIRO LLP**

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Counsel for Motors Liquidation Company GUC Trust*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                      :    Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*,      :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*   :
:
         Debtors.                  :    (Jointly Administered)
:
------------------------------------------------------------x

**ORDER APPROVING MOTION PURSUANT TO**
**BANKRUPTCY RULE 3003 AND SECTION 105(a) OF THE BANKRUPTCY**
**CODE FOR AN ORDER DISALLOWING CERTAIN LATE FILED CLAIMS**

      Upon consideration of the motion (the "**Motion**") filed by Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan dated March 18, 2011, pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing certain proofs of claim filed on or after the date hereof; and the Court having reviewed the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, (b) this is a core proceeding pursuant to 26 U.S.C. § 157(b), (c) venue being proper before this Court pursuant to 26 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish grounds for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the relief requested in the Motion is granted; and it is further

      ORDERED that, all claims filed against the Debtors on or after the date of entry of this Order shall be deemed disallowed (each, a "**Late Claim**"), except any Late Claim (i) which

amends a timely filed claim, (ii) which is filed with the written consent of the GUC Trust, or (iii) as to which this Court has entered an order deeming such Late Claim timely filed; and it is further

ORDERED that nothing in this Order shall prevent any claimant submitting a Late Claim from filing a motion with the Court seeking to have its Late Claim deemed timely filed; and it is further

ORDERED that, within ten (10) business days of receipt by the GUC Trust of notice that a Late Claim has been filed, the GUC Trust shall send the person which filed such Late Claim a copy of this Order; and it is further

ORDERED that this Court shall retain any jurisdiction to hear and determine all matters arising from or related to this Order.

Date:  New York, New York
           _____, 2012

_____
UNITED STATES BANKRUPTCY JUDGE