Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                                      :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,                       :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                        :
:    **(Jointly Administered)**
        Debtors.                                                :
:
---------------------------------------------------------------x

**REPLY TO RESPONSES FILED BY CLAIMANTS TO THE 89TH, 165TH,
245TH, AND 253RD OMNIBUS OBJECTIONS TO LATE-FILED PROOFS OF
<u>CLAIM NUMBERED 70400, 69688, 70180, 71170, 70303, 71140, 71193, AND 70342</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

THE CLAIMS .......................................................................................................................... 3

ARGUMENT ............................................................................................................................ 6

    A.    Applicable Law ............................................................................................................ 6

    B.    The Claimants Have Not Satisfied Their Burden of Demonstrating Excusable Neglect .......................................................................................................................... 7

CONCLUSION ....................................................................................................................... 11

DOCSNY-487069

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                                                  <u>Page</u>

*Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir. 1995), *cert. denied*, 517 U.S. 1137 (1996) ...................................................................................................................... 8

*In re Adler, Coleman Clearing Corp.*, 204 B.R. 99 (Bankr. S.D.N.Y. 1997) ................................ 8

*In re Andover Togs, Inc.*, 231 B.R. 521 (Bankr. S.D.N.Y. 1999) ................................................. 6

*In re Dana Corp.*, No. 06–10354, 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008) .............. 11

*In re Enron Corp.*, 419 F.3d 115 (2d Cir. 2005) ...................................................................... 6, 7

*In re Hongjun Sun*, 323 B.R. 561 (Bankr. S.D.N.Y. 2005) .......................................................... 10

*In re Hooker Invs., Inc.*, 937 F.2d 833 (2d Cir. 1991) ................................................................... 6

*In re Klein*, 64 B.R. 372 (Bankr. E.D.N.Y. 1986) ........................................................................ 10

*In re Lehman Bros. Holdings Inc.*, 433 B.R. 113 (Bankr. S.D.N.Y. 2010) ................................ 7, 8

*In re XO Commc'n, Inc.*, 301 B.R. 782 (Bankr. S.D.N.Y. 2003) .................................................. 6

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993) .................................. 2, 7

*Traguth v. Zuck*, 710 F.2d 90 (2d Cir. 1983) .............................................................................. 10

<u>Statutes</u>

11 U.S.C. § 502(b)(9) ..................................................................................................................... 6

<u>Rules</u>

Fed. R. Bankr. P. 3003(c)(3) .......................................................................................................... 6

Fed. R. Bankr. P. 9006(b)(1) .......................................................................................................... 6

DOCSNY-487069

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this reply (the "**Reply**") to responses filed by various claimants (the "**Claimants**") to the 89th, 165th, 245th and 253rd Omnibus Objections filed by the GUC Trust, seeking expungement of the claims because they were filed after the November 30, 2009 deadline set by the Court (the "**Bar Date**"). The claims that are the subject of this Reply are:  Claim No. 70400 (Alberta Bruster); Claim No. 69688 (Lonnie Chapman); Claim No. 70180 (Betty Dalton); Claim No. 71170 (Jesmer Evans); Claim No. 70303 (Monty R. and Lisa K. Henderson); Claim No. 71140 (Michael Stelmach, Sr.), Claim No. 71193 (Stephan A. Truxall, Sr.); and Claim No. 70342 (Sudie M. Venable) (collectively, the "**Late-Filed Claims**"). In support of this Reply, the GUC Trust respectfully represents:

## PRELIMINARY STATEMENT

1. Over 71,315 claims were filed against the Debtors in this chapter 11 case. To date, the GUC Trust has filed objections to approximately 38,490 claims. The GUC Trust has resolved or attempted to resolve many of these objections. As of the date hereof, approximately 1,727 claims remain in dispute.

2. In order to maximize efficiencies in the claims reconciliation process, the GUC Trust has and will continue to address similarly situated claims together. Consistent with this approach, this Reply responds to similar arguments made by *pro se* Claimants whose claims

were filed well after the November 20, 2009 Bar Date. The Late-Filed Claims addressed herein are as follows:

| Claim Number | Claimant | Claim Amount | Omnibus Objection |
| --- | --- | --- | --- |
| 70400 | Alberta Bruster | $11,000.00 | 253rd |
| 69688 | Lonnie Chapman | $8,000.00 | 253rd |
| 70180 | Betty Dalton | $2,500,000.00 | 165th |
| 71170 | Jesmer Evans | Unliquidated | 245th |
| 70303 | Monty R. and Lisa K. Henderson | $10,000.00 | 89th |
| 71140 | Michael Stelmach, Sr. | Unliquidated | 245th |
| 71193 | Stephan A. Truxall, Sr. | Unliquidated | 245th |
| 70342 | Sudie M. Venable | $100,000 and $50,000 a year for life | 165th |

3. The reasons cited by the Claimants for the late filings include, among other things, mistake, lack of understanding of the rules, and preoccupation with personal matters. While each of these Claimants raises facts[1] and arguments that are sympathetic, they simply do not satisfy the "excusable neglect" standard required by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993), and its Second Circuit progeny. Accordingly, the Late-Filed Claims should be disallowed and expunged.

---

[1] Claimants make various unsupported factual allegations in the Responses. The GUC Trust expressly reserves its right to refute such facts. However, given that – even if the alleged facts are true – the Claimants cannot show "excusable neglect," the GUC Trust requests that, for the purposes of this Reply only and in order to address the Late-Filed Claims efficiently, the Court accept the alleged facts as true.

2

# THE CLAIMS[2]

**Alberta Bruster, Claim No. 70400**

4. On *September 17, 2010*, Alberta Bruster filed Claim No. 70400 against Motors Liquidation Company. The $11,000 claim was filed over 9 months after the Bar Date. Ms. Bruster's claim relates to a May 22, 2009 car accident she alleges was caused by a defect in power steering. Ms. Bruster asserts that her claim was late because she was not aware of either her claim or the bankruptcy proceeding until April 2010, when she received a recall notice for defective electrical power steering. Ms. Bruster's response is Docket No. 11146 and is attached hereto as Exhibit A.

**Lonnie Chapman, Claim No. 69688**

5. On *January 4, 2010*, Lonnie Chapman filed Claim No. 69688 against Motors Liquidation Company. Mr. Chapman has not provided any reason for the late filing of his claim. The $8,000 claim was filed over 5 weeks after the Bar Date. Mr. Chapman's claim is based on damages and injuries sustained from an alleged vehicle fire on April 21, 2009. Mr. Chapman's response is Docket No. 11136 and is attached hereto as Exhibit B.

**Betty Dalton, Claim No. 70180**

6. On *March 30, 2010*, Betty Dalton filed Claim No. 70180 against Motors Liquidation Company. The $2,500,000 claim was filed over 4 months after the Bar Date. Ms. Dalton's claim relates to an alleged 2007 accident in which her husband was fatally injured due to airbag non-deployment. In her response, Ms. Dalton asserts her claim was late because she did not know that she had a claim until she watched a television episode in February 2010

---

[2] As stated above, for purposes of the GUC Trust's objection to the Late-Filed Claims, the GUC Trust requests the Court treat the facts alleged by claimants as true. However, the GUC Trust reserves the right to challenge such factual allegations. Additionally, the GUC Trust reserves the right to argue that certain of the Late-Filed Claims are not properly asserted by or on behalf of the Claimant.

concerning vehicle safety crash tests that included the vehicle involved in her husband's accident. Further, Ms. Dalton contends that she did not receive sufficient notice of the bankruptcy because she lives in a rural area. Ms. Dalton's response is Docket No. 9344 and is attached hereto as Exhibit C.

**Jesmer Evans, Claim No. 71170**

7. On *June 1, 2011*, James and Sadie Evans, on behalf of their grandfather, Jarrate Evans, filed Claim No. 71170 against Motors Liquidation Company.[3] The unliquidated claim was filed over 18 months after the Bar Date. James Evans asserts that his grandfather was overcharged for financing by G.M.A.C. when he purchased a vehicle from a "G.M. Executive car cage." Mr. Evans asserts, without support, that the claim should be allowed because the Bar Date does not apply. Mr. Evans's response is Docket No. 10847 and is attached hereto as Exhibit D.

**Monty R. and Lisa K. Henderson, Claim No. 70303**

8. On *May 29, 2010*, Monty R. and Lisa K. Henderson filed Claim No. 70303 against Motors Liquidation Company. Although the Hendersons received actual notice of the Bar Date, the $10,000 claim was filed over 6 months after the Bar Date. The Hendersons' claim is based on an alleged engine fire and recall associated with the Hendersons' Chevy Impala. According to Claimants, the claim was timely filed because Claimants had filed a pre-bankruptcy claim with General Motors in August of 2008. The Hendersons' response is attached hereto as Exhibit E.[4]

---

[3] The claim was originally filed on behalf of their grandmother, Jessmer Evans. However, the Claimants have since clarified that the Claimant should be Jarrate Evans.

[4] The Hendersons sent their response directly to counsel for the GUC Trust. Counsel requested that the Hendersons file their response with this Court. However, to date, it does not appear that the Hendersons have complied with that request. For the purpose of this motion, the GUC Trust treats the response as if it had been filed with the Court.

4

**Michael Stelmach, Sr., Claim No. 71140**

9. On *May 25, 2011*, Anastasia Stelmach filed Claim Number 71140 on behalf of her late father, Michael Stelmach, Sr., against Motors Liquidation Company. Notice of the Bar Date was sent to Mr. Stelmach on September 25, 2009. Although Mr. Stelmach passed away in April 2008, his daughter received and viewed the bankruptcy notices. The unliquidated claim was filed over 18 months after the Bar Date. Ms. Stelmach asserts that the claim was late because she was preoccupied with other legal matters when she received notice of the bankruptcy and did not otherwise understand why her late father was receiving bankruptcy papers. Ms. Stelmach's response is Docket No. 11012 and is attached hereto as Exhibit F.

**Cheryl L. Truxall, Claim No. 71193**

10. On *June 22, 2011*, Cheryl L. Truxall filed Claim No. 71193 on behalf of her late husband, Stephen A. Truxall, Sr., against Motors Liquidation Company. Mr. Truxall, who died on August 25, 2010, received notice of the Bar Date on September 25, 2009. Nevertheless, his unliquidated claim was filed 19 months after the Bar Date. The claim is based on Mr. Truxall's June 8, 1991 work-related injury. Ms. Truxall contends that the claim should be permitted because prior to her husband's death, she was not privy to any of the notices that Mr. Truxall received regarding the bankruptcy. Ms Truxall's response is Docket No. 11218 and is attached hereto as Exhibit G.

**Sudie M. Venable, Claim No. 70342**

11. On or about *July 7, 2010*, Sudie M. Venable filed Claim No. 70342 against Motors Liquidation Company. The claim is for $100,000 and $50,000 a year, for life, and it was filed over 7 months after the Bar Date. The claim is based on her adult son's automobile accident. According to Ms. Venable, the claim was not filed on time because she

was preoccupied with caring for her disabled son, did not have time to follow-up regarding the bankruptcy and did not otherwise understand bankruptcy procedures.

## ARGUMENT

A. **Applicable Law**

12. Section 502(b)(9) of the Bankruptcy Code provides that, upon the objection of a party in interest, a claim shall be disallowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). Pursuant to Bankruptcy Rule 3003(c)(3), a proof of claim is not timely filed unless it is filed "prior to a bar date established by order of a bankruptcy court." *In re XO Commc'n, Inc.*, 301 B.R. 782, 791 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 3003(c)(3). As a general rule, any creditor who fails to file a proof of claim on or before the applicable bar date "will be forever barred that is, forbidden – from asserting the claim against each of the Debtors and their respective estates." *Bar Date Order* dated September 16, 2009 (the "**Bar Date Order**") at ¶ 6. In that regard, the bar date "does not function merely as a procedural gauntlet, but as an integral part of the reorganization process." *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991) (internal citations and quotation marks omitted).

13. Bankruptcy Rule 9006(b)(1) provides the court with discretion to enlarge the time to file claims "where the failure to act was the result of *excusable neglect*." Fed. R. Bankr. P. 9006(b)(1) (emphasis added). The claimant has the burden of establishing excusable neglect. *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005); *In re Andover Togs, Inc.*, 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999).

14. In determining whether excusable neglect exists, courts are required to consider the following four factors in accordance with the Supreme Court's decision in *Pioneer*: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable

6

control of the movant, and [4] whether the movant acted in good faith." 507 U.S. 380, 395 (1993).

15. The Second Circuit takes a "hard line" in applying the *Pioneer* factors, placing the greatest weight and focusing primarily "on the third factor, the reason for the delay in filing a proof of claim." *Enron*, 419 F.3d at 122 (internal quotation marks omitted). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392; *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 126 (Bankr. S.D.N.Y. 2010) (finding that creditors who claimed to be unaware of their claims until after the bar date could not demonstrate excusable neglect because they failed to investigate and perform reasonable diligence to identify those claims). Simply put, in the Second Circuit "[t]he equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule, and where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Enron*, 419 F.3d at 123 (internal citations omitted).

### B.  The Claimants Have Not Satisfied Their Burden of Demonstrating Excusable Neglect

16. The Claimants have provided several reasons why their claims were filed late, including, *inter alia*:

- Claimants did not know that they had claims prior to the Bar Date (Claim numbers 70400 (Bruster) and 70180 (Dalton));

- Claimants were unaware of the bankruptcy until after the Bar Date (Claim numbers 70400 (Bruster) and 71193 (Truxall));

- Claimants already filed a claim with ESIS or had a pending litigation prior to the Bankruptcy (Claim number 70303 (the Hendersons));

- Claimants were preoccupied with other matters and did not understand the Bar Date (Claim numbers 71140 (Stelmach) and 70342 (Venable)); and

7

- The Bar Date does not apply to the Claimant (Claim number 71170 (Evans)).

Each of the Late-Filed Claims and arguments made by the Claimants in their individual responses are addressed below.

17.     **Claim Number 70400 (Bruster)**: Ms. Bruster asserts that she was not aware of either the bankruptcy or the fact that she had a claim until April 2010. The accident upon which her claim is based, however, occurred in May 22, 2009 – well before the November 30, 2009 Bar Date. Ms. Bruster therefore had sufficient time to conduct due diligence and investigate whether she had a claim. *See Lehman Bros.*, 433 B.R. at 126 ("Creditors act at their peril where they fail to adequately investigate and pursue their rights."). Consequently, Ms. Bruster has not satisfied her burden to show excusable neglect.

18.     **Claim Number 70180 (Dalton)**: Ms. Dalton contends that (i) she was unaware of her claim until February of 2010 and (ii) notice by publication was insufficient because she lives in a rural area. First, given that the underlying accident occurred in 2007, Ms. Dalton had adequate time to conduct due diligence and investigate whether she had a claim prior to the Bar Date. *Lehman Bros.*, 433 B.R. at 126 (finding that excusable neglect is not present where claims were not unknowable and could have been discovered through the exercise of reasonable diligence). Second, the Debtors published notice of the Bar Date in accordance with the Court's order, which is sufficient – regardless of where Claimant resides. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 348-49 (3d Cir. 1995) (finding that publication of bar date notice in two national newspapers sufficient even though creditors lived in Cleveland), *cert. denied*, 517 U.S. 1137 (1996); *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 107 (Bankr. S.D.N.Y. 1997).

8

19. **Claim Number 71193 (Truxall)**: Ms. Truxall, who filed a claim on behalf of her husband, contends that she had no knowledge of the bankruptcy proceedings because she did not read the bankruptcy notices sent to her husband. However, Mr. Truxall passed away in August 2010, and was thus still living when he received actual notice of the Bar Date and when the Bar Date occurred. Thus, Ms. Truxall's lack of knowledge does not bear on excusable neglect or on the timeliness of the claim.

20. **Claim Number 70303 (Hendersons)**: The Hendersons argue their claim was timely because they submitted a claim to the Debtors' claim representative (ESIS) before commencement of the bankruptcy case. However, given the Hendersons received actual notice of the Bar Date, they were obligated to file a timely claim in the bankruptcy proceeding. Their failure to do so does not satisfy their burden of proving excusable neglect.

21. **Claim Number 71140 (Stelmach)**: Ms. Stelmach filed a claim on behalf of her late father over 18 months after the Bar Date. Actual notice was sent to Ms. Stelmach's father, and received by Ms. Stelmach, following his death. According to Ms. Stelmach, her claim was late because she was preoccupied with other legal matters when the relevant notices were received, and that she otherwise did not understand the notices. The reasons given by Ms. Stelmach do not satisfy her burden of demonstrating excusable neglect.

22. **Claim Number 70342 (Venable)**: Ms. Venable contends that her claim, which was filed over 7 months after the Bar Date, should be permitted because she was preoccupied with caring for her disabled adult son, did not have time to follow-up regarding the bankruptcy and did not understand bankruptcy procedures. Ms. Venable's preoccupation and inexperience with bankruptcy procedures does not satisfy her burden of demonstrating excusable neglect.

23. **Claim Number 71170 (Evans)**: Mr. Evans filed a claim on behalf of his late grandfather over 18 months after the Bar Date. Mr. Evans asserts that the claim was timely because the Bar Date does not apply. The claim, on its face, appears to be an unsecured claim subject to the Bar Date, and nothing in Mr. Evans's response provides support for the application of any other deadline. Thus, Mr. Evans has not met his burden of showing excusable neglect under the applicable case law.

24. **Claim Number 69688 (Chapman)**: Mr. Chapman, whose claim was filed over 5 weeks after the Bar Date, provides no understandable explanation for why his claim was filed late. Accordingly, he has failed to provide any evidence to satisfy his burden of demonstrating excusable neglect.

\* \* \*

25. The GUC Trust has a fiduciary duty to ensure the Bar Date Order is enforced as to all claimants who cannot show excusable neglect. The Claimants' *pro se* status does not change this approach. Indeed, while courts hold *pro se* litigants to less stringent standards than trained attorneys, a *pro se* litigant is nevertheless required to be aware of and comply with procedural rules and substantive law. *See, e.g.*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (A claimant's *pro se* status does not exempt the claimant from "compliance with relevant rules of procedural and substantive law."); *In re Hongjun Sun*, 323 B.R. 561, 566 (Bankr. S.D.N.Y. 2005) (finding that *Pioneer* and the Second Circuit's more stringent standards likewise apply to *pro se* claimants); *In re Klein*, 64 B.R. 372, 376 (Bankr. E.D.N.Y. 1986) (rejecting argument that literate *pro se* creditor should be excused from compliance with bar date because he did not understand the bar date notice received).

10

26. Notably, the vast majority of the claims filed against the Debtors were timely filed in advance of the Bar Date. Thousands of creditors therefore understood the notice given and their obligation to comply with the Bar Date. Allowing the Late-Filed Claims would be unfair to all of the creditors that complied with the Court's deadlines.[5] *In re Dana Corp.*, No. 06–10354, 2008 WL 2885901, at *6 (Bankr. S.D.N.Y. July 23, 2008) (finding that allowing the late-filed claim would be "unfair to those claimants who respected the Bar Date and would potentially open a floodgate of other late claimants seeking the same relief."). Moreover, allowing the Late-Filed Claims could also open the floodgates for other creditors seeking relief from the Bar Date, causing delays, costs and diversion of resources, to the detriment of all parties in interest.

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging each of the Late-Filed Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 26, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation Company GUC Trust*

---

[5] It would be particularly prejudicial to allow the unliquidated claims of Mr. Evans, Mr. Truxall and Mr. Stelmach, each of which were filed after the Effective Date and thus are not included in the GUC Trust's reserves.

11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
In re                                            :     **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,        :     **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*    :
:
          Debtors.                    :     **(Jointly Administered)**
:
------------------------------------------------------------x

## ORDER GRANTING 89TH, 165TH, 245TH, AND 253RD OMNIBUS OBJECTIONS AS TO LATE-FILED PROOFS OF CLAIM NUMBERED 70400, 69688, 70180, 71170, 70303, 71140, 71193, AND 70342 AND DISALLOWING AND EXPUNGING SUCH CLAIMS

Upon the 89th, 165th, 245th, and 253rd Omnibus Objections to late-filed proofs of claim numbered 70400 (Alberta Bruster); 69688 (Lonnie Chapman); 70180 (Betty Dalton); 71170 (Jesmer Evans); 70303 (Monty R. and Lisa K. Henderson); 71140 (Michael Stelmach, Sr.), 71193 (Stephan A. Truxall, Sr.); and 70342 (Sudie M. Venable) (collectively, the "**Late-Filed Claims**") and the reply (the "**Reply**") to the responses of the Late-Filed Claims of the Motors Liquidation Company GUC Trust formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Late-Filed Claims on the grounds that such Late-Filed Claims were not timely filed, all as more fully described in the Omnibus Objections and the Reply; and due and proper notice of the Omnibus Objections and Reply having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Omnibus Objections and Reply is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Omnibus Objections and Reply establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Omnibus Objections is granted as to the Late-Filed Claims; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Late-Filed Claims are disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge