HEARING DATE AND TIME: March 1, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 23, 2012 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS YOUR CLAIM(S)**

---

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                                      :
**In re**                                             :    **Chapter 11 Case No.**
                                                      :
**MOTORS LIQUIDATION COMPANY, et al.,**               :    **09-50026 (REG)**
    **f/k/a General Motors Corp., et al.**    :
                                                      :
        **Debtors.**    :    **(Jointly Administered)**
                                                      :
------------------------------------------------------x

**NOTICE OF 266th OMNIBUS OBJECTION TO
CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**
(Late-Filed Claims Post-Effective Date)

        **PLEASE TAKE NOTICE** that on January 27, 2012, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 266th Omnibus Objection to expunge certain claims and motion

requesting enforcement of the Bar Date Orders[1] (the "**266th Omnibus Objection to Claims**"),

and that a hearing (the "**Hearing**") to consider the 266th Omnibus Objection to Claims will be

held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of

the United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **March 1, 2012, at 9:45 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 266th OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 266th

Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP,

attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry

N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation

Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn:

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 266th Omnibus Objection to Claims.

DOCSNY-494036

Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200

3

Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI

Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One

Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna

Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities

Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-

2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust

Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later

than **February 23, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

> **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and
served with respect to the 266th Omnibus Objection to Claims or any claim set forth thereon, the

GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 266th Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      January 27, 2012

            /s/ Stefanie Birbrower Greer
            Barry N. Seidel (BS-1945)
            Stefanie Birbrower Greer (SG-2898)

            DICKSTEIN SHAPIRO LLP
            1633 Broadway
            New York, New York 10019-6708
            Telephone: (212) 277-6500
            Facsimile: (212) 277-6501

            Attorneys for Motors Liquidation
            Company GUC Trust

DOCSNY-494036

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                                    :
**In re**                                           :        **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY**, *et al.*,           :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*    :
                                                    :
                **Debtors.**                        :        **(Jointly Administered)**
                                                    :
--------------------------------------------------------------x

**266th OMNIBUS OBJECTION TO CLAIMS**
**AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**
(Late-Filed Claims Post-Effective Date)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON
THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by

the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1.       The GUC Trust files this 266th omnibus objection to certain claims and motion requesting enforcement of the Bar Date Orders (as defined below) (the "**266th Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed against the Initial Debtors (as defined below) (the "**Procedures Order**") (ECF No. 4180), this Court's order deeming the Procedures Order applicable to the REALM/ENCORE Debtors (as defined below) (the "**REALM/ENCORE Order**") (ECF No. 4841), this Court's order approving the procedures relating to the filing of proofs of claim against the Initial Debtors (the "**Initial Debtors Bar Date Order**") (ECF No. 4079), this Court's order approving the procedures relating to the filing of proofs of claim against the REALM/ENCORE Debtors (the "**REALM/ENCORE Bar Date Order**") (ECF No. 4586), and this Court's supplemental order to the Initial Debtors Bar Date Order approving the procedures relating to the filing of proofs of claim with respect to certain properties of the Debtors (the "**Property Bar Date Order**," and collectively with the Initial Debtors Bar Date Order and the REALM/ENCORE Bar Date Order, the "**Bar Date Orders**") (ECF No. 4681) seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[2]

---

[2]       Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

DOCSNY-494036

2.      Representatives of the GUC Trust have examined the proofs of claim identified on **Exhibit "A"** and have determined that the proofs of claim listed (collectively, the "**Late-Filed Claims**") were received not only well after the Court-imposed deadlines as set forth in the applicable Bar Date Orders, but even after the Effective Date (March 31, 2011). Because the Late-Filed Claims fail to comply with the Bar Date Orders, the GUC Trust requests that, consistent with the express terms of each of the Bar Date Orders, they be disallowed and expunged in their entirety.

### Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

---

[3]      The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[4]      The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

3

5.      On September 16, 2009, this Court entered the Initial Debtors Bar Date Order establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units (the "**Initial Debtors Bar Date**").   On December 2, 2009, this Court entered the REALM/ENCORE Bar Date Order establishing February 1, 2010 (the "**REALM/ENCORE Bar Date**") as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010, the "**REALM/ENCORE Governmental Bar Date**").   On December 18, 2009, this Court entered the Property Bar Date Order establishing February 10, 2010 as the deadline for entities residing adjacent to or in the proximity of certain material manufacturing properties of the Debtors (the "**Properties**") to file a proof of claim with respect to the Properties (the "**Property Bar Date**," and collectively with the Initial Debtors Bar Date, the REALM/ENCORE Bar Date, and the REALM/ENCORE Governmental Bar Date, the "**Bar Dates**").

6.      On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941).  Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan).  All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

## The Relief Requested Should Be Approved by the Court

7.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

4

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9).

9.    "Bar dates are 'critically important to the administration of a successful chapter 11 case.'" *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)). A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process." *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991). A bar date enables debtors to determine with reasonable promptness, efficiency and finality what claims will be made against their estates so that distributions to holders of allowed claims can be made as soon as possible. *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). Accordingly, bar dates are strictly enforced in the Second Circuit. *See id.*; *In re Lehman Bros. Holdings, Inc.*, 433 B.R. at 127; *In re Musicland Holding Corp.*, 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

10.    The Bar Date Orders specifically require proofs of claim to be **actually received** on or before the applicable Bar Dates. (Initial Debtors Bar Date Order at 3; REALM/ENCORE Bar Date Order at 3; Property Bar Date Order at 2.) Indeed, a number of the

Late Filed Claims were provided notice of the Bar Date Orders, including the deadline to file proofs of claim and a clear warning that failure to comply with the applicable Bar Date would result in their claims being barred. (*See* Initial Debtors Bar Date Order at 5; REALM/ENCORE Bar Date Order at 5; Property Bar Date Order at 4.) Yet, the Late-Filed Claims were received after the Effective Date of the Plan.

11. The Late-Filed Claims are untimely and they fail to comply with the Bar Date Orders. Accordingly, the GUC Trust requests that the Court enforce its prior Bar Date Orders and disallow and expunge in their entirety the Late-Filed Claims listed on **Exhibit "A."**

12. The GUC Trust reserves all of their rights to object on any other basis to any Late-Filed Claims as to which the Court does not grant the relief requested herein.

## Notice

13. Notice of this Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

DOCSNY-494036

WHEREFORE the GUC Trust respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       January 27, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

DOCSNY-494036

266th Omnibus Objection

**Exhibit A**

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ARCHANT DIALOGUE LIMITED<br>PROSPECT HOUSE ROUEN ROAD<br>NORWICH NR1 1RE GREAT BRITAIN ENGLAND | 71251 | Motors Liquidation Company | | Late Filed Claim | Pgs. 8 - 10 |
| | | | Unliquidated | | |

**Additional Claim Information**

Applicable Bar Date:

Postmark Date:        N/A

Official Claim Date:    1/7/2012

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ELJOUHFI ABDERRAHMANE<br>37 AVENUE DIAE ARRAHMANE LA<br>CHAVOLIERE 2 MAYRIAD RABAT, MOROCCO | 71246 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$100,000.00  (U)<br>$100,000.00  (T) | Late Filed Claim | Pgs. 8 - 10 |

**Additional Claim Information**

Applicable Bar Date:

Postmark Date:        N/A

Official Claim Date:    12/6/2011

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

266th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| KJIRI YOUNES<br>2 RUE BELGNAOUI SOUISSI<br><br>RABAT MAROC, MOROCCO | 71245 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$60,000.00   (U)<br>$60,000.00   (T) | Late Filed Claim | Pgs. 8 - 10 |

**Additional Claim Information**

Applicable Bar Date:

Postmark Date:        N/A

Official Claim Date:    12/6/2011

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| KJIRI YOUNES<br>2 RUE BELGNAOUI SOUISSI<br><br>RABAT MAROC, MOROCCO | 71247 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$180,000.00   (U)<br>$180,000.00   (T) | Late Filed Claim | Pgs. 8 - 10 |

**Additional Claim Information**

Applicable Bar Date:

Postmark Date:        N/A

Official Claim Date:    12/6/2011

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| WILLIAMS SCOTSMAN INC<br>8211 TOWN CENTER DR<br><br>BALTIMORE, MD 21236 | 71250 | Motors Liquidation Company | $0.00 | (S) | Late Filed Claim | Pgs. 8 - 10 |
| | | | $122.50 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $0.00 | (U) | | |
| | | | $122.50 | (T) | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | |
| Postmark Date: | N/A |
| Official Claim Date: | 12/27/2011 |

| CLAIMS TO BE DISALLOWED AND EXPUNGED | 5 | | |
|---|---|---|---|
| | | $0.00 | (S) |
| | | $122.50 | (A) |
| | | $0.00 | (P) |
| | | $340,000.00 | (U) |
| | | $340,122.50 | (T) |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
       f/k/a General Motors Corp., et al. :
                                          :
                   Debtors.               :        (Jointly Administered)
                                          :
-----------------------------------------------------------x
```

## ORDER GRANTING 266th OMNIBUS
## OBJECTION TO CLAIMS AND ENFORCEMENT OF BAR DATE ORDERS
### (Late-Filed Claims Post-Effective Date)

Upon the 266th omnibus objection to expunge certain claims and motion requesting enforcement of the Bar Date Orders, dated January 27, 2012, (the "**266th Omnibus Objection to Claims**")[5], of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), this Court's order deeming the Procedures Order applicable to the REALM/ENCORE Debtors (the "**REALM/ENCORE Order**"), and the Bar Date Orders, seeking entry of an order disallowing and expunging the Late-Filed Claims on the grounds that such claims were not timely filed, all as more fully described in the 266th Omnibus Objection to

---

[5] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 266th Omnibus Objection to Claims.

Claims; and due and proper notice of the 266th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 266th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 266th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 266th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibit "A"** annexed to the 266th Omnibus Objection to Claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York

_____, 2012

_____
United States Bankruptcy Judge

DOCSNY-494036