09-50026-mg    Doc 11369    Filed 02/02/12    Entered 02/02/12 14:30:50    Main Document
Pg 1 of 7

**HEARING DATE AND TIME: February 9, 2012 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 2, 2012 at 4:00 p.m. (Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Daniel H. Golden
Philip C. Dublin
Natalie E. Levine

*Counsel for Green Hunt Wedlake, Inc.,*
*Trustee of General Motors Nova Scotia Finance Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Motors Liquidation Company., *et al.,* | : | Case No. 09-50026 (REG) |
| *f/k/a General Motors Corp., et al.,* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**LIMITED OBJECTION OF GREEN HUNT WEDLAKE, INC., TRUSTEE OF GENERAL MOTORS NOVA SCOTIA FINANCE COMPANY, TO MOTION OF WILMINGTON TRUST COMPANY, (I) AS GUC TRUST ADMINISTRATOR, TO (A) LIQUIDATE NEW GM SECURITIES FOR THE PURPOSE OF FUNDING FEES, COSTS AND EXPENSES OF THE GUC TRUST AND THE AVOIDANCE ACTION TRUST, AND (B) TRANSFER NEW GM SECURITIES TO THE AVOIDANCE ACTION TRUST FOR THE PURPOSE OF FUNDING FUTURE TAX LIABILITIES, AND (II) AS AVOIDANCE ACTION TRUST ADMINISTRATOR, TO APPROVE AN AMENDMENT TO THE AVOIDANCE ACTION TRUST AGREEMENT**

Green Hunt Wedlake, Inc., in its capacity as trustee (the "**Nova Scotia Trustee**") for General Motors Nova Scotia Finance Company ("**GM Nova Scotia**"), by and through its undersigned counsel, hereby submits this limited objection (the "**Limited Objection**") to the *Motion of Wilmington Trust Company, (I) as GUC Trust Administrator, to (A) Liquidate New GM Securities for the Purpose of Funding Fees, Costs and Expenses of the GUC Trust and the Avoidance Action Trust, and (B) Transfer New GM Securities to the Avoidance Action Trust for*

*the Purpose of Funding Future Tax Liabilities, and (II) as Avoidance Action Trust Administrator, to Approve an Amendment to the Avoidance Action Trust Agreement* (the "**Motion**")[1] (Docket No. 11330). In support of this Limited Objection, the Nova Scotia Trustee respectfully represents as follows:

## LIMITED OBJECTION

1. By the Motion, Wilmington Trust Company (the "**GUC Trust Administrator**") seeks entry of an order permitting it to liquidate up to approximately $57 million of New GM Securities that would otherwise be available for distribution to general unsecured creditors. The Nova Scotia Trustee does not object to payment of the GUC Trust Administrator's reasonable and necessary professional fees and administrative expenses or the payment of taxes necessary to administer the trusts. However, in light of the magnitude of the increase over the Initial Budget (as defined below) —an increase of 70%,[2] the Nova Scotia Trustee files this Limited Objection to question whether such expenses are appropriate.

2. As described in the Motion, the Plan contemplated the creation of the GUC Trust for the prosecution of claims objections and the Avoidance Action Trust for winding up MLC's remaining assets. *See* Motion at ¶2. The Plan, the GUC Trust and the Avoidance Action Trust provide that the GUC Trust and the Avoidance Action Trust would be governed by a budget (the "**Initial Budget**"). Indeed, in connection with confirmation, the GUC Trust Administrator represented to this Court that the budget would provide a check on the authority of the GUC Trust. *See Limited Response of Wilmington Trust Company as Indenture Trustee to the Objections of (I) the California Department of Toxic Substances Control, (II) the State of New*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The calculation of this percentage does not include the additional requested $8.6 million allocated for reporting and transfer expenses, a line item which by itself is proposed to be increased by approximately 150%.

*York, and (III) the Town of Salina to the Debtors' Amended Joint Chapter 11 Plan* (Docket No. 9093) at ¶4 ("the fees and expenses of the GUC Trust, including the fees and expenses of any professionals retained by the GUC Trust, will be tightly constrained by a detailed and inflexible budget"). Despite the agreement to the Initial Budget, the Plan and the GUC Trust Agreement do provide the GUC Trust Administrator and the Avoidance Action Trust Administrator with the flexibility to sell New GM Securities to cover additional costs and expenses. *See* GUC Trust Agreement at 6.1. Importantly, the very fact that Bankruptcy Court approval is required to sell such assets demonstrates that this relief is not automatic and requires careful scrutiny by the Court and all affected parties. Indeed, the approval of the Motion sought by the movants provides this Court the only opportunity to examine the reasonableness of the magnitude of the fees and expenses both incurred and to be incurred by the GUC Trust Administrator.

        3.        As this Court is aware, the Nova Scotia Trustee is an officer of the Supreme Court of Nova Scotia and the fiduciary charged with overseeing GM Nova Scotia's winding up proceedings. In connection with its duties to creditors of the GM Nova Scotia estate, on November 25, 2009, the Nova Scotia Trustee filed a proof of claim in the amount of approximately $1.6 billion on account of a claim arising under Section 135 of the Nova Scotia Companies Act. On July 2, 2010, the Committee filed an objection to, among other claims, the Nova Scotia Trustee's proof of claim (Docket No. 6248) (the "**Claim Objection**"). Litigation with respect to the Claim Objection is ongoing. As such, the Nova Scotia Trustee's claim remains a disputed General Unsecured Claim. The Nova Scotia Trustee, therefore, acknowledges that it is impacted by the GUC Trust Administrator's requested relief not only as a beneficiary of the GUC Trust, but also as a defendant in the GUC Trust's litigation. Accordingly, the Nova Scotia Trustee understands that the Court will view the Nova Scotia

Trustee's concerns with respect to the relief requested in the Motion with a certain amount of skepticism. Nevertheless, for the reasons expressed herein, the Nova Scotia Trustee respectfully submits that absent further substantiation of the expenses to be incurred by the GUC Trust and Avoidance Action Trust from the GUC Trust Administrator, the Motion should be denied.

4. First, the Motion, as drafted, does not provide enough information regarding the reasons for the cost overruns and the potential for future requests from the GUC Trust Administrator. The GUC Trust Administrator proposes to use the proceeds of the sale for, among other things, over $30 million of professional fees and administrative costs (exclusive of reporting costs), *in addition* to the amounts permitted under the Initial Budget. The Nova Scotia Trustee does not question that the administration of the trusts has been costly and time-consuming. Notwithstanding the amount of work involved, the suggestion that the GUC Trust Administrator was unaware of $30 million worth of administrative costs and professional expenses when it undertook its assignment is not credible. Moreover, the timing of the GUC Trust Administrator's request (a mere ten months after the Effective Date) raises questions about whether the GUC Trust Administrator will make subsequent requests to sell otherwise distributable assets in the near future. Until the GUC Trust Administrator can provide further detail regarding the additional work undertaken, its inability to comply with the Initial Budget and whether there will be additional requests to liquidate assets otherwise distributable to unsecured creditors, the relief requested in the Motion should be denied.

5. Second, the proposed sale of the New GM Securities exacerbates the risk that the Nova Scotia Trustee, as a holder of a disputed claim, may not ultimately receive its rightful distribution upon the allowance of its claim. The GUC Trust Agreement provides that, in the event that the GUC Trust Administrator fails to reserve sufficient consideration for holders of

disputed claims that are subsequently allowed, such claims will be deemed discharged. *See* GUC Trust Agreement at 5.3(b).[3] For the Nova Scotia Trustee, this means that if another claim is allowed while the Nova Scotia Trustee's claim remains subject to dispute and the GUC Trust has not reserved sufficient amounts to pay the newly allowed claim, all of the reserved assets could be used to make distributions on account of the newly allowed claim, in which case the Nova Scotia Trustee's claim would be discharged. *See Id*. Each time New GM Securities are sold to pay costs and expenses of the trusts, the amount of securities that would have otherwise been available for the disputed claims reserve is decreased (as are distributions to holders of allowed claims). With fewer assets in reserve for disputed claims, the Nova Scotia Trustee's claim (as well as all other disputed claims) is placed at an increased risk of non-payment. As such, the Nova Scotia Trustee submits that the Court must examine the fees to be paid closely to ensure that the aggregate amount of New GM Securities available for disputed claim holders is not unduly at risk.

6.      As presented, the relief requested in the Motion is an unsettling departure from the negotiated Initial Budget and the expectations of creditors regarding the management of their

---

[3] Section 5.3(b) of the GUC Trust Agreement provides, in pertinent part, as follows:
On any Distribution Date where the GUC Trust does not hold sufficient GUC Trust Distributable Assets to satisfy all Disputed General Unsecured Claims or other Claims, in each case, that became Resolved Allowed General Unsecured Claims during the prior calendar quarter (or, in the case of a Distribution Date during the second calendar quarter, since the Initial Distribution Record Date), the GUC Trust Administrator shall (following the reservation of the Additional Holdback, the Reporting and Transfer Holdback and the Protective Holdback in accordance with Sections 6.1(b), (c) and (d) of this Trust Agreement, and/or the sale or pledge of any GUC Trust Distributable Assets to the extent necessary and approved by the GUC Trust Monitor and/or the Bankruptcy Court, as applicable) distribute all GUC Trust Distributable Assets that remain in the GUC Trust to the holders of such Resolved Allowed General Unsecured Claims pro rata by Claim amount. Following such distribution, any remaining unsatisfied portion of such Resolved Allowed General Unsecured Claims, together with all remaining Disputed General Unsecured Claims and other Claims (including, without limitation, the Term Loan Avoidance Action Claims and the Other Avoidance Action Claims) shall be discharged and forever barred from assertion against the GUC Trust.

GUC Trust Agreement at § 5.3(b).

5

assets, especially coming only ten months after the establishment of such budget. Unless and until the GUC Trust Administrator provides additional justification for the extraordinary increase in the costs of administration of the GUC Trust and comfort to the holders of disputed claims, both that similar increases will not be necessary in the future and that sufficient GUC Trust Assets will be reserved for distribution on account of their claims if and when those disputed claims are allowed, the relief requested in the Motion should be denied.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Nova Scotia Trustee respectfully requests that the Court (i) deny the relief requested in the Motion, absent further information from the GUC Trust regarding the need for substantial additional fees and expenses; and (ii) grant the Nova Scotia Trustee such other and further relief as this Court deems just, proper and equitable.

Dated: February 2, 2012

                                      Respectfully Submitted,

                                      */s/Daniel H. Golden*
                                      Daniel H. Golden
                                      Philip C. Dublin
                                      Natalie E. Levine
                                      Akin Gump Strauss Hauer & Feld LLP
                                      One Bryant Park
                                      New York, NY 10036
                                      Telephone:  (212) 872-1000
                                      Facsimile:   (212) 872-1002

                                      *Counsel for Green Hunt Wedlake, Inc.*
                                      *Trustee of General Motors Nova Scotia Finance Company*