**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                           :    **Chapter 11 Case No.**
                                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*    :
                                                                  :
                    **Debtors.**  :    **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING**
**83RD OMNIBUS OBJECTION TO CLAIMS AS TO**
**PROOF OF CLAIM NO. 64959 FILED BY JOSEPH COBBLE JR.**
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

Upon the 83rd omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated August 20, 2010) (ECF No. 6740) (the "**83rd Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 83rd Omnibus Objection to Claims.

described in the 83rd Omnibus Objection to Claims; and due and proper notice of the 83rd Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the response filed by Joseph Cobble Jr. (ECF No. 7074) and the Motors Liquidation Company GUC Trust's reply (ECF No. 11283); and a hearing on the 83rd Omnibus Objection to Claims having been held on January 18, 2012 (the "**Hearing**"); and the Court having found and determined that the relief sought in the 83rd Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 83rd Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, based on the findings of fact and conclusions of law set forth by the Court at the Hearing, it is hereby

ORDERED that the relief requested in the 83rd Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim no. 64959 filed by Joseph Cobble Jr. is hereby disallowed and expunged; and it is further

ORDERED that the time to appeal runs from the date of entry of this Order and not from the date of the Hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       **_February 8, 2012_**

       **_s/ Robert E. Gerber_**
       United States Bankruptcy Judge