**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                                :
**In re**                                                       :   **Chapter 11 Case No.**
                                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                       :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                        :
                                                                :
                    Debtors.                                    :   **(Jointly Administered)**
                                                                :
----------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a)**
**AND 1142(b) AND FED. R. BANKR. P. 7012(B) AND**
**9014(C) (I) DIRECTING THE TULLISES TO DISMISS THE**
**DEBTORS AND THEIR ATTORNEYS FROM PENDING ACTION WITH**
**PREJUDICE; AND (II) ENFORCING PRIOR ORDERS OF THIS COURT**
**BY ENJOINING THE TULLISES FROM FURTHER ACTION AGAINST THE**
**DEBTORS, POST-EFFECTIVE DATE DEBTORS, MOTORS LIQUIDATION**
**COMPANY GUC TRUST, AND THEIR OFFICERS AND PROFESSIONALS**

Upon the Motion, dated December 6, 2011 (ECF No. 11212) (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**") and Motors Liquidation Company GUC Trust (the "**GUC Trust**"), pursuant to sections 105(a) and 1142(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rules 7012(b) and 9014(c) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for entry of an order (i) directing Clinton and Margaret Tullis (the **"Tullises"**) to dismiss the Debtors and the Weil Defendants (including, without limitation, Weil, Gotshal & Manges LLP, Brianna Benfield, and David Berz) from the Pending Action with prejudice; and (ii) enforcing prior orders of this Court by enjoining the Tullises from further action against the Debtors, the GUC Trust, and their officers and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

professionals, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the opposition brief filed by the Tullises (ECF No. 11270) and the GUC Trust's response (ECF No. 11306); and a hearing on the Motion having been held on January 18, 2012 (the "**Hearing**"); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, the GUC Trust and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, based on the findings of fact and conclusions of law set forth by the Court at the Hearing, it is hereby:

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that in consideration of, among other things, the automatic stay created by section 362 of the Bankruptcy Code, Sections 10.7 and 12.6 of the Plan, and this Court's Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941), the Tullises are (i) directed to dismiss the Debtors and the Weil Defendants from the Pending Action forthwith; and (ii) enjoined from taking further action against the Debtors, the GUC Trust, and their officers and professionals in any forum, without further leave of this Court; and it is further

ORDERED that no response is required of the Debtors and the GUC Trust to the filings by the Tullises with this Court or in the Pending Action or to any future documents filed with this Court by the Tullises, unless the Court orders otherwise; and it is further

3

ORDERED that the GUC Trust is hereby authorized to file a copy of this Order with the Clerk of the Court in the Pending Action; and it is further

ORDERED that the time to appeal runs from the date of entry of this Order and not from the date of the Hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      *<u>February 8, 2012</u>*

*<u>s/ Robert E. Gerber</u>*
United States Bankruptcy Judge