　　　　　　　　　　　　　　　　　　　　　Pg 1 of 11

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
In Re: MOTOR LIQUIDATION COMPANY, et     :
al., f/k/a General Motors Corp., et al. :   11 Civ. 7893 (DLC)
                    Debtors,             :
-----------------------------------------:   OPINION & ORDER
                                         :
DALE R. SPIRNAK,                         :
                    Appellant,           :
                                         :
              -v-                        :
                                         :
MOTORS LIQUIDATION COMPANY GUC TRUST,    :
                    Appellee.            :
                                         :
-----------------------------------------X
```

For Pro Se Appellant Dale R. Spirnak:
Dale R. Spirnak
207 Mapledale Dr.
Munhall, PA 15120

For Appellee Motors Liquidation Company GUC Trust:
Joseph H. Smolinsky
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

DENISE COTE, District Judge:

　　Pro se appellant Dale R. Spirnak ("Spirnak") appeals from a September 6, 2011 order of the United States Bankruptcy Court for the Southern District of New York, the "Supplemental Order Granting Debtors' 147th Omnibus Objection to Claims" (the "Supplemental Order"). The Supplemental Order disallowed and reclassified as an equity interest a proof of claim that Spirnak filed in the liquidation proceedings of Motors Liquidation

Company ("MLC") (f/k/a General Motors Corp. ("GM")) and its affiliated debtors (the "Debtors"). For the following reasons, the Supplemental Order is affirmed.

## BACKGROUND

The following facts, which are undisputed unless otherwise indicated, are taken from the parties' briefs and the record on appeal. Only those facts relevant to the issues on appeal are discussed below.

Spirnak is a retired former employee of GM who invested in a GM-sponsored 401(k) retirement plan. One option in the GM 401(k) plan included investing in GM common stock. Spirnak alleges that by including this option within its 401(k) plan while other investments were excluded and by vouching for the "viability" of GM stock in other unspecified ways, GM represented to him that such an investment was safe. He claims that GM knew these representations to be false, and that the representations led him to invest a significant portion of his 401(k) account in GM common stock.

On June 1, 2009, MLC filed a petition seeking relief under chapter 11 of the Bankruptcy Code. On November 30, 2009, Spirnak filed a Claim for Equity Interests (the "Spirnak Claim"), asserting an unsecured claim against MLC in the amount of $1,648,995.40 for losses sustained as a result of diminution

2

in the value of the GM common stock in his 401(k) account.  On January 25, 2011, the Debtors filed the 147th Omnibus Objection to Claims (the "Omnibus Objection"), seeking to disallow a number of claims and reclassify them as equity interests.  The Spirnak Claim was among those claims to which the Debtors objected.  Spirnak filed a response to the Omnibus Objection on February 16, 2011 arguing, inter alia, that his claim should not be reclassified as an equity interest due to GM's misrepresentations.

On March 31, 2011, the Debtors' Second Amended Joint Chapter 11 Plan (the "Plan") became effective.  The Plan gave exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims, as defined in the Plan, to the Motors Liquidation Company GUC Trust (the "GUC Trust").  On June 17, 2011 the GUC Trust replied to Spirnak's response of February 16, 2011.

The Bankruptcy Court held a hearing on the Debtors' objection to the Spirnak Claim on July 27, 2011.  After hearing argument both from counsel for the Debtors and from Spirnak, Bankruptcy Judge Robert E. Gerber ruled in favor of the Debtors pursuant to § 510(b) of the Bankruptcy Code.  The Bankruptcy Court stated that the "substance" of Spirnak's claim was that he was "defrauded by false statements made either when [he] acquired [his] GM stock or when it was sold or both," and that

"those are exactly the kinds of claims that are covered by [section] 510(b) [of the Bankruptcy Code]." The Bankruptcy Court also noted that its ruling was without prejudice to any rights Spirnak might have against third parties other than MLC.

On September 6, 2011, the Bankruptcy Court entered the Supplemental Order. Spirnak's notice of appeal was received by the Bankruptcy Court on September 19, 2011 and filed in this Court on November 4, 2011. The parties' briefs on appeal were fully submitted on December 22, 2011.

## DISCUSSION

The standard of review applicable to matters within core bankruptcy jurisdiction is governed by the Federal Rules of Bankruptcy Procedure. On appeal, the court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id.; see Solow v. Kalikow (In re Kalikow), 602 F.3d 82, 91 (2d Cir. 2010) (noting that "[f]indings of fact are reviewed for clear error"). Legal conclusions of the Bankruptcy Court, however, are "reviewed de novo." Id. Because Spirnak is proceeding pro se, his submissions will be construed liberally.

4

Cf. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted) (pleadings filed by pro se plaintiffs are to be liberally construed).

The Bankruptcy Court properly disallowed the Spirnak Claim and reclassified it as an equity interest because Spirnak's losses stemmed from the decrease in value of an equity security, and because any claims he has for damages arising from the purchase or sale of his GM common stock must be subordinated to the claims of creditors pursuant to § 510(b) of the Bankruptcy Code. The Bankruptcy Code distinguishes between "equity security holders" and "creditors." Equity security holders include individuals who own shares in a debtor corporation. See 11 U.S.C. §§ 101(16), (17). Creditors are those who have "claims" against the debtor. See id. § 101(10). A proof of claim filed by an equity security holder is to be disallowed upon objection by a party in interest if the claim is based solely on ownership of equity interests. See id. § 502(b)(1).

Spirnak owned shares in GM, the debtor corporation. His claim was based solely on losses incurred through a decrease in value of these shares. Spirnak is therefore properly categorized as an equity security holder, not a creditor, and his claim was properly disallowed.

Spirnak argues that his investment losses should be converted to a general unsecured claim because he was a victim

5

of fraud. He claims that GM's misrepresentations induced him to invest in GM common stock and to retain this stock when he otherwise would have sold it. Section 510(b) of the Bankruptcy Code addresses these arguments directly. It provides as follows:

> [A] claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b). In other words, in chapter 11 liquidation proceedings, claims alleging "fraud or other violations of law in the issuance of debtor's securities" must be subordinated to the claims of general creditors. See In re Med Diversified, Inc., 461 F.3d 251, 256 (2d Cir. 2006).

In addition, § 510(b) requires subordination of "fraudulent retention" claims arising from fraud that occurs after the purchase of equity interests in the debtor. Some courts have found the language of § 510(b) ambiguous with respect to such claims, but concluded that such claims must still be subordinated. See In re SeaQuest Diving, LP, 579 F.3d 411, 421-22 (5th Cir. 2009); In re

Enron Corp., 341 B.R. 141, 152, 157 (Bankr. S.D.N.Y. 2006); In re Granite Partners, L.P., 208 B.R. 332, 338–39 (Bankr. S.D.N.Y. 1997). At least one court has concluded that such claims must be subordinated because they "aris[e] from the purchase or sale" of a security of the debtor pursuant to the plain language of the statute. See In re WorldCom, Inc., 329 B.R. 10, 14 (Bankr. S.D.N.Y. 2005).

When a statutory phrase is ambiguous, a court must "look outside the text of the statute to determine its intended meaning." Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt International B.V. v. Schreiber, 327 F.3d 173, 181 (2d Cir. 2003). On the other hand, "[w]hen a court determines that the language of a statute is unambiguous, its inquiry is complete." United States v. Santos, 541 F.3d 63, 67 (2d Cir. 2008). The Second Circuit has instructed that § 510(b) should be "interpret[ed] broadly" in light of its legislative history. In re Med Diversified, Inc., 461 F.3d at 259. The Second Circuit has further noted that § 510(b) expresses Congress's concern "with adapting bankruptcy distribution to the differing expectations of shareholders and general creditors." Id. at 256 (citation omitted).

Regardless of whether the language of § 510(b) is ambiguous, then, "fraudulent retention" claims must be

7

subordinated to the claims of general creditors.  Both Spirnak's fraudulent inducement and his fraudulent retention claims therefore fall squarely within the scope of § 510(b) and were properly subordinated by the Bankruptcy Court.

Spirnak claims that he should be entitled to file a proof of claim because some of the assets in his 401(k) account were invested in bonds.  Spirnak submitted a statement for his retirement savings plan dated April 22-23, 2009 as an exhibit to his notice of appeal.  This statement shows an asset allocation in his 401(k) of 96 percent stocks and 4 percent bonds.  Spirnak based his claim in the Bankruptcy Court, however, exclusively on investment losses due to the decrease in value of his GM common stock.  It is thus a claim based solely on ownership of equity interests and was properly disallowed upon objection by the Debtors pursuant to § 502(b)(1).  See 11 U.S.C. § 502(b)(1).

Spirnak further argues that he is not an "equity security holder" because he was an employee of GM who trusted "that his employer would give him safe and viable options" in exchange for his years of service, and because his 401(k) account represented his life savings of more than thirty years.  In light of this assertion, he

8

concludes that a decision in favor of the GUC Trust would set a "terrible" precedent.

To the extent Spirnak is arguing that he should be classified as a general creditor because he received his securities in exchange for labor, not cash, his argument fails. Section 510(b) mandates subordination when an individual receives equity securities in exchange for labor even when there is "no actual sale or purchase" of securities. In re Med Diversified, 461 F.3d at 258 (citation omitted). And to the extent Spirnak is urging the court to make new law in recognition of the inequities that would otherwise result, Spirnak misconstrues the function of the Court. The role of the Court is not to make law but "to interpret the language of the statute enacted by Congress." Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 461 (2002). In this case, Congress enacted a statute that subordinates the claims of equity security holders like Spirnak to those of general creditors. This Court has no authority to amend that statute.

## CONCLUSION

The September 6, 2011 Supplemental Order of the Bankruptcy Court is affirmed. The appeal is dismissed, and the Clerk of Court shall close the case.

SO ORDERED:

Dated:     New York, New York
           February 7, 2012

                                    _____
                                           DENISE COTE
                                    United States District Judge

COPIES MAILED TO:

Dale R. Spirnak
207 Mapledale Drive
Munhall, PA 15120

Joseph H. Smolinsky
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153