UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN MOTORS LIQUIDATION
COMPANY GUC TRUST AND MTECH ASSOCIATES, LLC
RESOLVING CLAIM NOS. 70527 AND 70536**

Motors Liquidation Company GUC Trust ("**GUC Trust**") and MTech Associates, LLC (the "**Claimant**" and together with the GUC Trust, the "**Parties**"), each by their undersigned counsel, respectfully submit this Stipulation and Agreed Order Between the Motors Liquidation Company GUC Trust and MTech Associates, LLC Resolving Claim Nos. 70527 and 70536 (the "**Stipulation**") and state:

**RECITALS:**

WHEREAS, on June 1, 2009, Motors Liquidation Company ("**MLC**") and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG); and

WHEREAS, on October 9, 2009, two additional debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**," and together with REALM and the Initial Debtors,

the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors; and

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims; and

WHEREAS, on December 2, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**REALM/ENCORE Bar Date Order**") establishing February 1, 2010 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against REALM and ENCORE based on prepetition claims; and

WHEREAS, MLC entered into an agreement with Claimant to lease certain premises located in Sterling Heights, Michigan (33500 Mound Road), from Claimant (the "**Lease**"), which Lease was rejected by MLC effective October 31, 2009; and

WHEREAS, in compliance with the Bar Date Order, Claimant filed against MLC administrative proof of claim number 70527 asserting an administrative expense claim ("**Claim No. 70527**"), and proof of claim number 70536 ("**Claim No. 70536**, and together with Claim No.

70527, the "**Claims**")[1] asserting a general unsecured claim, both relating to certain costs allegedly incurred by Claimant as a result of MLC's rejection of the Lease and abandonment of certain property; and

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan, which, among other things, confirmed the Debtors Second Amended Joint Chapter 11 Plan (as may be amended, modified or supplemented from time to time, the "**Plan**"), and established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement; and

WHEREAS, upon the effective date of the Plan, the GUC Trust assumed responsibility for reconciling Class 3 General Unsecured Claims under the Plan; and

WHEREAS, on December 15, 2011, MLC was dissolved and pursuant to that certain Assignment and Assumption Agreement dated December 15, 2011, between MLC and the GUC Trust, MLC assigned and transferred certain assets to the GUC Trust and the GUC Trust assumed responsibility for administering the reconciling certain other classes of claims under the Plan, including all Disputed Administrative Expenses; and

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Claim;

**NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:**

1. Claim No. 70527 shall be treated as an allowed administrative priority

---

[1] The Claims amended and superseded proof of claim number 44068, previously filed by MTech against MLC.

3

claim against MLC in the amount of $112,526.00 (the "**Allowed Administrative Claim**"), which Allowed Administrative Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under section 502(d) of the Bankruptcy Code) or subordination.

        2.      Claim No. 70536 shall be treated as an allowed general unsecured claim against MLC in the amount of $3,000,000.00 (the "**Allowed General Unsecured Claim**" and together with the Allowed Administrative Claim, the "**Allowed Claims**"), which Allowed General Unsecured Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under section 502(d) of the Bankruptcy Code) or subordination.

        3.      Upon receipt of all such distributions to which the Claimant is entitled on account of the Allowed Claims as set forth in the Plan, the Claim shall be satisfied in full.

        4.      With respect to the Claims and the alleged liabilities referenced therein, the Claimant and its successors and assigns, and their members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, the GUC Trust, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**").  With respect to the Claims and the alleged liabilities of the Debtors referenced therein, except as set forth in this Stipulation, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code, and including the Claims to the extent within the scope of section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or

4

not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation by the Parties.

5. The Debtors' claims agent is hereby authorized and empowered to adjust the claims register consistent with the terms and conditions of this Stipulation.

6. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7. This Stipulation may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

8. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

10. This Stipulation, and any dispute arising therefrom, shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain jurisdiction over any and all disputes arising out of this Stipulation.

[*Remainder of the Page Intentionally Left Blank.*]

The foregoing has been stipulated and agreed by the following parties.

| **MOTORS LIQUIDATION COMPANY GUC TRUST** | **MTech Associates, LLC** |
|---|---|
| By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator | |
| By: _____ | By: _/s/_____ |
| Print Name: | Print Name: |
| Title: | Title: |
| Dated: January __, 2012 | Dated: January 24, 2012 |

**IT IS SO ORDERED.**

Dated:    New York, New York
         February 9, 2012

                                        s/ Robert E. Gerber
                                        THE HONORABLE ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE

6

The foregoing has been stipulated and agreed by the following parties.

| **MOTORS LIQUIDATION COMPANY GUC TRUST** | **MTech Associates, LLC** |
|---|---|
| By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator | |

By: _____    By: _____

Print Name:  **David A. Vanaskey, Jr.**                Print Name:
Title:            **Vice President**                            Title:

Dated: January 24, 2012                                        Dated: January __, 2012

**IT IS SO ORDERED.**

Dated:    New York, New York
          _____, 2012

                                                    _____
                                                    THE HONORABLE ROBERT E. GERBER
                                                    UNITED STATES BANKRUPTCY JUDGE