**PRESENTMENT DATE AND TIME:** February 24, 2012 at 12:00 p.m. (Eastern Time)
**OBJECTION DEADLINE:** February 24, 2012 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                               :

In re                                         :       Chapter 11
                                           :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :       Case No. 09-50026 (REG)
     f/k/a General Motors Corp., *et al.*      :
                                           :       **(Jointly Administered)**
                    Debtors.         :
                                           :
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF (I) ORDER APPROVING AGREEMENT
RESOLVING PROOFS OF CLAIM NOS. 1206, 7587, AND 10162 AND (II) FINAL
JUDGMENT GRANTING DEBTORS' OBJECTION TO AND REQUEST FOR
DISALLOWANCE OF THE APARTHEID-RELATED PUTATIVE CLASS CLAIMS**

        **PLEASE TAKE NOTICE** that upon the annexed Motion of Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), the undersigned will present the annexed (I) *Order*

*Approving Agreement Resolving, Proofs of Claim Nos. 1206, 7587, and 10162* (the "**Order**")

and (II) *Final Judgment Granting Debtors' Objection to and Request for Disallowance of the*

*Apartheid-Related Putative Class Claims* (the "**Final Judgment**") to the Honorable Robert E.

Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United

States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One

Bowling Green, New York, New York 10004 on **February 24, 2012 at 12:00 noon (Eastern**

**Time)**.

        **PLEASE TAKE FURTHER NOTICE** that any responses or objections to this

US_ACTIVE:\43778196\05\72240.0639

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia  30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; Nagel Rice LLP, attorneys for Tozamile Botha, The Estate of William Daniel Peters, Msitheli Wellington Nonyukela, Mantoa Dorothy Molefi, Nothini Betty Dyonashe, Nonkululeko Sylvia Ngcaka, Mirriam Mzamo, Mncekeleli Henyn Simangentloko, Hans Langford Phiri, Mpumelelo Cilibe, James Michael Tamboer, and Samuel Zoyisile Mali, 103 Eisenhower Parkway, Roseland, New Jersey 07068 (Attn:  Diane E. Sammons, Esq.); and (xvii) Hausfeld

LLP, attorneys for Sakwe Balintulo, Dennis Vincent Frederick Brutus, Mark Fransch, Elsie Gishi, Lesiba Kekana, Archington Madondo, Mpho Alfred Masemola, Michael Mbele, Mamosadi Catherine Mlangeni, Reuben Mphela, Thulani Nunu, Thandiwe Shezi, and Thobile Sikani, 11 Broadway, Suite 615, New York, New York 10004 (Attn:  Steig D. Olson, Esq.), so as to be received no later than **February 24, 2012 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the GUC Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court an order and judgment substantially in the form and content of the proposed Order and Final Judgment annexed to the Motion, which Order and Final Judgment may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
February 10, 2012

/s/  Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company
GUC Trust

**PRESENTMENT DATE AND TIME: February 24, 2012 at 12:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: February 24, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :

In re                                   :          Chapter 11
                                            :

**MOTORS LIQUIDATION COMPANY,** *et al.,*   :          Case No. 09-50026 (REG)
     f/k/a General Motors Corp., *et al.*        :
                                          :          **(Jointly Administered)**
                    Debtors.                :
                                            :
------------------------------------------------------------x

**MOTION FOR ENTRY OF (I) ORDER APPROVING AGREEMENT RESOLVING PROOFS OF CLAIM NOS. 1206, 7587, AND 10162 AND (II) FINAL JUDGMENT GRANTING DEBTORS' OBJECTION TO AND REQUEST FOR <u>DISALLOWANCE OF THE APARTHEID-RELATED PUTATIVE CLASS CLAIMS</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company GUC Trust (the "**GUC Trust**") submits this motion for entry of: (I) an order, substantially in the form annexed hereto as **Exhibit "A,"** approving the agreement, dated December 29, 2011, by and among the GUC Trust, on the one hand; and Michael Hausfeld, as attorney in fact for and on behalf of Sakwe Balintulo, Dennis Vincent Frederick Brutus, Mark Fransch, Elsie Gishi, Lesiba Kekana, Archington Madondo, Mpho Alfred Masemola, Michael Mbele, Mamosadi Catherine Mlangeni, Reuben Mphela, Thulani Nunu, Thandiwe Shezi, and Thobile Sikani (collectively, the "**Balintulo Claimants**"); and Nagel Rice, LLP, Diane Sammons, appearing, as attorney in fact for and on behalf of Tozamile Botha,

The Estate of William Daniel Peters, Msitheli Wellington Nonyukela, Mantoa Dorothy Molefi, Nothini Betty Dyonashe, Nonkululeko Sylvia Ngcaka, Mirriam Mzamo, Mncekeleli Henyn Simangentloko, Hans Langford Phiri, Mpumelelo Cilibe, James Michael Tamboer, and Samuel Zoyisile Mali (collectively, the "**Botha Claimants**," and together with the Balintulo Claimants, the "**Claimants**"), on the other hand, (the "**Settlement Agreement**"),[1] and (II) the final judgment, substantially in the form annexed hereto as **Exhibit "B"** (the "**Final Judgment**"), granting the objection to and request for disallowance of the Apartheid-Related Putative Class Claims (defined below), and respectfully represent:

A.    **The Apartheid-Related Putative Class Claims**

1.    Claimants filed the following proofs of claim (the "**Claims**") on behalf of themselves (the "**Individual Claims**") and on behalf of putative classes (the "**Apartheid-Related Putative Class Claims**"):

| Date of Filing | Claim Number | Filed Amount |
| --- | --- | --- |
| 8/20/2009 | 1206 | Unliquidated |
| 10/9/2009 | 7587 | Unliquidated |
| 10/14/2009 | 10162 | Unliquidated |

2.    The Claims sought relief based upon an underlying lawsuit currently on appeal before the United States Court of Appeals for the Second Circuit, Appeal Docket Nos. 09-2778-CV, 09-2779-CV, 09-2780-CV, 09-2781, 09-2783-CV, 09-2785-CV, 09-2787-CV, 09-2792, 09-2801-CV, 09-3037-CV, from the United States District Court for the Southern District of New York Civil Action No. 03 Civ. 1024 (JES), Civil Action No. 02 CIV. 6218 (JES), and Civil Action No. 02 Civ. 4712 (the "**Lawsuit**").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

B.     **The Court Grants the Debtors' Objection to the Apartheid-Related Putative Class Claims**

3.     The Debtors objected to the Individual Claims and the Apartheid-Related Putative Class Claims (ECF 5845) (the "**Objection**") and a hearing was held on the Objection. After the hearing, the Court issued its Bench Decision dated January 28, 2011 (ECF 8926) (the "**Bench Decision**"), in which it granted the Objection, denied class certification, and disallowed the Individual Claims and Apartheid-Related Putative Class Claims in their entirety pending entry of a final judgment. The Court's disallowance of the Individual Claims was founded on the Second Circuit's decision in *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111 (2d Cir. 2010), which held that that the Alien Tort Claims Act, 28 U.S.C. § 1350 does not give rise to liability against corporations for violations of customary international law of human rights.

4.     Since the Court entered its Bench Decision, on June 6, 2011, the plaintiffs in *Kiobel* filed a petition for writ of certiorari to the Supreme Court to review the Second Circuit's decision. In July of this year, two other Courts of Appeals issued relief that conflict with the Second Circuit's ruling, resulting in a split amongst the circuits. *See Flomo v. Firestone Nat'l Rubber Co., LLC*, 643 F.3d 1013 (7th Cir. 2011); *Doe v. Exxon Mobil Corp.*, Nos. 09–7125, 09–7127, 09–7134, 09–7135, 2011 WL 2652384, at *21 (D.C. Cir. July 8, 2011). The Supreme Court granted the *Kiobel* plaintiffs' petition for writ of certiorari in October 2011.

D.     **The Settlement Agreement**

5.     Immediately following issuance of the Bench Decision, the GUC Trust and Claimants engaged in good faith arms' length settlement discussions regarding the Individual Claims in order to avoid the consequences of possible appeal. Although an agreement in principle was reached with counsel shortly thereafter, counsel for the Claimants required time to obtain all necessary consents.

6. In the meantime, on March 29, 2011, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan* (ECF No. 9941) (the "**Confirmation Order**"), which among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**") and created the GUC Trust to resolve all remaining disputed claims. The GUC Trust agreed to support the settlement.

7. On December 29, 2011, after arms' length negotiations, the parties entered into the Settlement Agreement, a copy of which is annexed hereto as **Exhibit "C."**[2] Pursuant to the Settlement Agreement, the Claimants receive an allowed, general unsecured claim in the aggregate total amount of $1.5 million (the "**Allowed Claim Amount**"). Pursuant to the Settlement Agreement, in exchange for the Allowed Claim Amount, among other things, (i) the Claimants release the Debtors, the GUC Trust, and other affiliated parties, (ii) which effectively prevents them from appealing the Final Judgment, and (iii) the Claimants will dismiss with prejudice General Motors Corporation from Lawsuit.

**E.     The Proposed Judgment and Order Approving the Settlement Agreement**

8. In sum, since the Court's issuance of its Bench Decision on the Objection to the Individual Claims and the Apartheid-Related Putative Class Claims, the Claimants and the GUC Trust have agreed to settle the Individual Claims pursuant to the Settlement Agreement, and have agreed to the form and entry of the Final Judgment disposing of the Apartheid-Related Putative Class Claims. The justification for this settlement has been magnified by the recent *Flomo* and *Exxon* decisions.

---

[2] The Settlement Agreement shall control the parties' respective rights and obligations, not the summary or descriptions contained in this Motion.

9. Although the Plan provides that claims such as those asserted in the Claims can be settled by the GUC Trust without further order of the Court, the GUC Trust submits this Motion not only to seek entry of the Final Judgment on the Bench Decision, but also to seek indulgence from this Court to approve the allowance of the Individual Claims totaling $1.5 million, as provided in the Settlement Agreement, notwithstanding the Bench Decision.

## Conclusion

WHEREFORE, as the Claimants and the GUC Trust have executed the Settlement Agreement and have agreed to the form and entry of the attached Final Judgment, the GUC Trust respectfully requests entry of the Order approving the Settlement Agreement and the Final Judgment, and such other and further relief as is just.

Dated: New York, New York
       February 10, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Motors Liquidation Company
GUC Trust

# EXHIBIT "A"

## Proposed Order

US_ACTIVE:\43778196\05\72240.0639

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                  :

In re                                      :          Chapter 11 Case No.

**MOTORS LIQUIDATION COMPANY**, *et al.*,  :          09-50026 (REG)
    f/k/a General Motors Corp., *et al.*    :

                                    :          **(Jointly Administered)**
                  Debtors.       :

------------------------------------------------------------x

## ORDER APPROVING AGREEMENT
## RESOLVING PROOFS OF CLAIM NOS. 1206, 7587, AND 10162

Upon consideration of the motion (the "**Motion**")[3] of Motors Liquidation Company GUC Trust (the "**GUC Trust**") for entry of an order approving that certain agreement, dated November 30, 2011, by and among the GUC Trust, on the one hand; and Michael Hausfeld, as attorney in fact for and on behalf of Sakwe Balintulo, Dennis Vincent Frederick Brutus, Mark Fransch, Elsie Gishi, Lesiba Kekana, Archington Madondo, Mpho Alfred Masemola, Michael Mbele, Mamosadi Catherine Mlangeni, Reuben Mphela, Thulani Nunu, Thandiwe Shezi, and Thobile Sikani; and Nagel Rice, LLP, Diane Sammons, appearing, as attorney in fact for and on behalf of Tozamile Botha, The Estate of William Daniel Peters, Msitheli Wellington Nonyukela, Mantoa Dorothy Molefi, Nothini Betty Dyonashe, Nonkululeko Sylvia Ngcaka, Mirriam Mzamo, Mncekeleli Henyn Simangentloko, Hans Langford Phiri, Mpumelelo Cilibe, James Michael Tamboer, and Samuel Zoyisile Mali, on the other hand, a copy of which is attached hereto as **Exhibit "1"** (the "**Settlement Agreement**"); and the GUC Trust having authority to compromise, settle, or otherwise resolve disputed claims without approval of the Bankruptcy Court pursuant to the Plan; and the Court having considered the

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Settlement Agreement; and the Court having jurisdiction over this matter; and due notice of the Settlement Agreement having been provided, and no other or further notice being necessary; and the Court having determined that the Settlement Agreement establishes just cause for the relief granted herein; and it further appearing that the terms agreed to in the Settlement Agreement are fair and reasonable; and after due deliberation and due and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that the terms of the Settlement Agreement are approved in their entirety and are deemed incorporated herein as if set forth in full herein; and it is further

ORDERED that the Court will retain jurisdiction to consider any disputes or other issues that may arise relating to this Order and the Settlement Agreement.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

# EXHIBIT "B"

## Proposed Final Judgment

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                    :
In re                                               :         Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :         09-50026 (REG)
   f/k/a General Motors Corp., *et al.*             :
                                                    :
                              Debtors.              :         (Jointly Administered)
                                                    :
------------------------------------------------------------------x

### FINAL JUDGMENT GRANTING DEBTORS' OBJECTION
### TO AND REQUEST FOR DISALLOWANCE OF THE APARTHEID-RELATED
### PUTATIVE CLASS CLAIMS

Upon the Objection dated May 21, 2010 (the "**Objection**") to Proofs of Claim Nos. 1206 and 7587 filed by Tozamile Botha, the Estate of William Daniel Peters, Msitheli Wellington Nonyukela, Mantoa Dorothy Molefi, Nothini Betty Dyonashe, Nonkululeko Sylvia Ngcaka, Mirriam Mzamo, Mncekeleli Henyn Simangentloko, Hans Langford Phiri, Mpumelelo Cilibe, James Michael Tamboer, and Samuel Zoyisile Mali and to Proof of Claim No. 10162 filed by Sakwe Balintulo, Dennis Vincent Frederick Brutus, Mark Fransch, Elsie Gishi, Lesiba Kekana, Archington Madondo, Mpho Alfred Masemola, Michael Mbele, Mamosadi Catherine Mlangeni, Reuben Mphela, Thulani Nunu, Thandiwe Shezi, and Thobile Sikani (collectively, "the **Apartheid Claimants**") of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims under Bankruptcy Code Section 503(b)(9)), and Procedures Relating Thereto and Approving the Form

and Manner of Notice Thereof (ECF 4079), seeking entry of an order disallowing and expunging claim numbers 1206, 7587, and 10162 filed by the Apartheid Claimants on behalf of themselves and on behalf of the members of putative classes (collectively, the "**Apartheid-Related Putative Class Claims**"); and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and after considering (i) the Objection (ECF 5845), (ii) the Apartheid Claimants' Response to the Objection and Cross-Motion Under Rule 9014 for Rule 7023 Class Treatment (ECF 6097) (the "**Apartheid Claimants' Response and Cross-Motion**"), (iii) the Debtors' Combined Reply to the Apartheid Claimants' Response and Cross-Motion (ECF 6305) (the "**Debtors' Reply**"), (iv) the Apartheid Claimants' Response to the Debtors' Reply (ECF 6317), (v) the Debtors' Supplemental Brief in Support of Their Objection (ECF 7510) (the "**Supplemental Brief**"), and (vi) the arguments of counsel at hearing on November 9, 2010; and the Court having found and determined after due deliberation that the relief sought in the Objection and the Supplemental Brief with respect to denial of class treatment is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection and the Supplemental Brief establish just cause for the relief granted herein for the reasons set forth in the Bankruptcy Court's Bench Decision on Apartheid Claimants' Motion for Class Certification, and On Debtors' Objection to Apartheid Claimants' Underlying Claims dated January 28, 2011 (ECF 8926) (the "**Bench Decision**");

It is hereby FINALLY ORDERED, ADJUDGED, AND DECREED that:

1. For the reasons set forth in the Bench Decision, the relief requested in the Objection and the Supplemental Brief as to the Apartheid-Related Putative Class Claims is granted as provided herein;

2. Class treatment under Rule 23 of the Federal Rules of Civil Procedure is denied as to the Apartheid-Related Putative Class Claims;

3. Pursuant to section 502(b) of the Bankruptcy Code, the Apartheid-Related Putative Class Claims are disallowed to the extent they purport to assert claims on behalf of members of any putative class;

4. Each party shall be responsible for its own costs and attorneys' fees;

5. This judgment is a final decision and is appealable pursuant to 28 U.S.C. § 158; provided, however, that the Apartheid Claimants have released all claims against the Debtors and the Motors Liquidation Company GUC Trust (the "**GUC Trust**") pursuant to the Settlement Agreement by and among the GUC Trust and the Apartheid Claimants dated as of December 29, 2011, and therefore have agreed not to appeal this judgment; and

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this judgment.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

# EXHIBIT "C"

## Settlement Agreement