**EXHIBIT "1"**
**(THE "SETTLEMENT AGREEMENT")**
**TO**
**MOTION FOR ENTRY OF (I) ORDER APPROVING AGREEMENT
RESOLVING PROOFS OF CLAIM NOS. 1206, 7587, AND 10162 AND (II) FINAL
JUDGMENT GRANTING DEBTORS' OBJECTION TO AND REQUEST FOR
DISALLOWANCE OF THE APARTHEID-RELATED PUTATIVE CLASS
CLAIMS (ECF No. 11410)**

## STIPULATION AND SETTLEMENT RESOLVING
## CLAIM NOS. 1206, 7587, AND 10162

This Stipulation and Settlement (the "**Stipulation and Settlement**") is entered into as of **December 29, 2011** (the "**Effective Date**") by and among Motors Liquidation Company GUC Trust ("**GUC Trust**"), on the one hand; and Michael Hausfeld, as attorney in fact for and on behalf of Sakwe Balintulo, Dennis Vincent Frederick Brutus, Mark Fransch, Elsie Gishi, Lesiba Kekana, Archington Madondo, Mpho Alfred Masemola, Michael Mbele, Mamosadi Catherine Mlangeni, Reuben Mphela, Thulani Nunu, Thandiwe Shezi, and Thobile Sikani (collectively, the "**Balintulo Claimants**"); and Nagel Rice, LLP, Diane Sammons, appearing, as attorney in fact for and on behalf of Tozamile Botha, The Estate of William Daniel Peters, Msitheli Wellington Nonyukela, Mantoa Dorothy Molefi, Nothini Betty Dyonashe, Nonkululeko Sylvia Ngcaka, Mirriam Mzamo, Mncekeleli Henyn Simangentloko, Hans Langford Phiri, Mpumelelo Cilibe, James Michael Tamboer, and Samuel Zoyisile Mali (collectively, the "**Botha Claimants**," and together with the Balintulo Claimants, the "**Claimants**"), on the other hand. The Claimants and the GUC Trust are collectively referred to herein as the "**Parties**."

## RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), certain of the Debtors (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, on October 6, 2009, the Court entered that certain Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims (the "**Settlement Procedures Order**");

WHEREAS, a lawsuit styled *In re South African Apartheid Litigation*, is currently on appeal before the United States Court of Appeals for the Second Circuit, Appeal Docket Nos. 09-2778-CV, 09-2779-CV, 09-2780-CV,09-2781,-9-2783-CV, 09-2785-CV, 09-2787-CV, 09-2792, 09-2801-CV, 09-3037-CV, from the United States District Court for the Southern District of New York Civil Action No. 03 Civ. 1024 (JES), Civil Action No. 02 CIV. 6218 (JES), and Civil Action No. 02 Civ. 4712, (the "**Lawsuit**");

WHEREAS, Claimants filed the following proofs of claim (the "**Claims**") on behalf of themselves (the "**Individual Claims**") and on behalf of putative classes (the "**Putative Class Claims**"):

| Date of Filing | Claim Number | Filed Amount |
|---|---|---|
| 8/20/2009 | 1206 | Unliquidated |
| 10/9/2009 | 7587 | Unliquidated |
| 10/14/2009 | 10162 | Unliquidated |

WHEREAS, Proof of Claim No. 1206 is substantially the same as Proof of Claim No. 7587;

WHEREAS, Motors Liquidation Company and its affiliated debtors (collectively, the "**Debtors**") objected to the Claims, and in its Bench Decision dated January 28, 2011, the Court granted the objection, denied class certification, and disallowed the Putative Class Claims and the Individual Claims in their entirety pending entry of a final judgment;

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**"), and transferred the Claims to the GUC Trust;

WHEREAS, pursuant to the Plan, the GUC Trust is authorized to resolve the Claims on behalf of the Debtors' estates;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement (the "**Settlement**") to resolve the Individual Claims as set forth below; and

WHEREAS, the GUC Trust Monitor has provided the consent, if any, required under the Settlement Procedures Order and the Confirmation Order;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

## TERMS

1. <u>Expunction of Duplicate Claim</u>. Claimants agree that Proof of Claim No. 7587 is hereby withdrawn and expunged in its entirety. The claims agent shall be authorized and empowered to adjust the claims register accordingly upon the Effective Date.

2. <u>Allowed Claims</u>.

   (a) Proof of Claim Nos. 1206 and 10162, to the extent they assert the

Individual Claims on behalf of the Claimants only (the "**Remaining Claims**") shall be treated as allowed general unsecured claims in the amounts set forth below, (the "**Allowed Claims**"), which Allowed Claims shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under Section 502(d) of the Bankruptcy Code) or subordination.

| Claim Number | Allowed Amount |
|---|---|
| 1206 | $750,000.00 |
| 10162 | $750,000.00 |

Claimants shall, collectively, receive distributions on account of the Allowed Claims in the form set forth in and pursuant to the Plan less any applicable taxes or withholdings as set forth herein. Claimants will separately advise the GUC Trust within thirty (30) days of the Effective Date of the tax identification numbers of the accounts into which any distributions on account of the Allowed Claims in the form set forth in and pursuant to the terms of the Plan, less any applicable taxes or withholdings, shall be made for the benefit of the Claimants. Such account for Claim No. 1206 shall be established in the name of "Nagel Rice, LLP, Attorney Trust Fund for the Benefit of the Balintulo and Botha claimants," and such account for Claim No. 10162 shall be established in the name of "Hausfeld LLP, Attorney Trust Fund for the Benefit of the Balintulo and Botha claimants." The claims agent shall be authorized and empowered to change the official creditor name as to Claim No. 1206 to "Nagel Rice, LLP, Attorney Trust Fund for the Benefit of the Balintulo and Botha claimants," and to change the official creditor name as to Claim No. 10162 to "Hausfeld LLP, Attorney Trust Fund for the Benefit of the Balintulo and Botha claimants."

(b)   Further, Michael Hausfeld and Nagel Rice, LLP, Diane Sammons, appearing ("**Claimants' Counsel**") acknowledge and agree that they are solely responsible for the distributions provided in this Paragraph 2 among the Claimants, and that the MLC Parties (defined below) shall have no responsibility or liability to the Claimants related to or in connection with such allocation or distribution.

3.   Claims Register. The claims agent shall be authorized and empowered to adjust the claims register to reduce and allow the Remaining Claims to reflect the Allowed Claims.

4.   No Other Payment or Compensation Due. Upon receipt of such distributions on account of the Allowed Claims as set forth in the Plan and as provided in Paragraph 2, the Claims shall be deemed satisfied in full.

5.   Taxes. Claimants' Counsel represent and agree that they are solely responsible for providing and will provide to the GUC Trust tax identification numbers for each of the Claimants within three (3) days of the Effective Date. EACH CLAIMANT AGREES TO PAY ANY TAXES FOUND TO BE OWED BY HIM OR HER, IF ANY, RELATED TO THE DISTRIBUTIONS PROVIDED IN PARAGRAPH 2, AND TO DEFEND, INDEMNIFY, AND HOLD THE MLC PARTIES HARMLESS FROM ANY CLAIMS, ASSESSMENTS, DEMANDS, SETTLEMENTS, PENALTIES, AND INTEREST CLAIMANT MAY OWE, OR THAT ARE FOUND TO BE OWED BY CLAIMANT AS A RESULT OF ANY PAYMENT

MADE AS A RESULT OF THIS STIPULATION AND SETTLEMENT. FURTHER, EACH CLAIMANT REPRESENTS AND AGREES THAT THE MLC PARTIES SHALL HAVE NO LIABILITY FOR ANY SUCH TAXES.

      6.    <u>Dismissal of the Lawsuit with Prejudice</u>. Claimants represent and warrant that they have an obligation to and will seek dismissal with prejudice of General Motors Corporation and any of the MLC Parties from the Lawsuit within thirty (30) days of the Effective Date and without costs to any of the MLC Parties.

      7.    <u>Release</u>.

      (a)    With respect to the Claims, other than the right to receive distributions on account of the Allowed Claims under the Plan, the Claimants, for themselves, on behalf of any minor children or estates they represent, and on behalf of their respective spouses, heirs, assigns, guardians, successors, executors, administrators, agents, insurers, servants, employees, representatives, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, the GUC Trust Administrator Parties (as defined in the GUC Trust Agreement), and the GUC Trust, or any of their respective current affiliates, their estates or their respective future successors or assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, administrators, executors, trustees and attorneys (collectively, the "**MLC Parties**"). With respect to the Claims, except as set forth in this Stipulation and Settlement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against any of the MLC Parties, and are hereby barred from asserting any and all claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties. Further, the Claimant Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged all claims, debts, damages, demands, rights, liabilities, suits, matters, issues, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, nondisclosure, breach of fiduciary duty, breach of warranty, products liability, strict liability, wrongful death, survival, injury by motor vehicle or equipment, loss of consortium, intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, aiding and abetting, crimes against humanity, torture, wrongful imprisonment, unlawful detention, extrajudicial killing, apartheid, denial or the right to a nationality, cruel, inhuman, and degrading treatment, or violations of any local, state, federal, foreign, or international law, rules or regulations or common law and any and all claims arising out of, relating to or in connection with the settlement or resolution of the Claims against each and all of the MLC Parties.

      (b)    Furthermore, to the extent permitted by law, each of the Claimants forever waives, generally releases, and covenants not to sue or file or assist with suing or filing any complaint, lawsuit, or other claim, brought on behalf of himself or herself or brought on behalf of a class, against any MLC Party with any court, administrative agency, governmental agency or any other entity based on any claim released in Paragraph 7(a), whether known or unknown at the time of execution of this Stipulation and Settlement. Each Claimant also waives

any right to recover from any MLC Party in a civil suit brought by any governmental agency or any other individual on his or her behalf with respect to any claim released in Paragraph 7(a).

(c) Claimants acknowledge that they have read and are familiar with the provisions of California Civil Code Section 1542 ("**Section 1542**"), which is set forth below:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE GUC TRUST.

By entering into this Agreement, to the extent applicable to any of them as California residents, each Claimant and the Claimant Parties hereby waive the provisions of Section 1542 and any and all similar provisions, rights, and benefits conferred by any law or any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

8. <u>Authority to Settle and Release</u>.

(a) Michael Hausfeld, Esq. of Hausfeld LLP represents that, as counsel for the Balintulo Claimants, he is duly authorized to execute this Stipulation and Settlement on behalf of all of the individual Balintulo Claimants and that each Balintulo Claimant has full knowledge of and has consented to this Stipulation and Settlement.

(b) Diane Sammons, Esq. of Nagel Rice LLP represents that, as counsel for the Botha Claimants, she is duly authorized to execute this Stipulation and Settlement on behalf of all of the individual Botha Claimants and that each Botha Claimant has full knowledge of and has consented to this Stipulation and Settlement.

(c) As a condition precedent to any obligations or liabilities of the MLC Parties, each Claimant expressly represents and warrants to the MLC Parties that (i) he or she are the lawful owner of the claims and the potential claims he or she released in this Stipulation and Settlement; (ii) he or she has full capacity and authority to settle, compromise, and release the claims and potential claims and to enter into this Stipulation and Settlement; (iii) no other person or entity has acquired or has been assigned, or will in the future acquire or have any right to assert, against any of the MLC Parties any portion of the claims or any other potential claims released in this Stipulation and Settlement. The Claimants shall indemnify and hold harmless the MLC Parties against any claim arising from a breach of the representation in this Paragraph 8. The representations and warranties contained in this Paragraph 8 shall survive the execution of this Stipulation and Settlement indefinitely.

9. <u>Representations and Warranties</u>. The Parties intend this Stipulation and Settlement to be a final and complete resolution of all disputes between them. This Stipulation and Settlement comprises claims which are contested. The Parties agree that this Stipulation and Settlement was negotiated in good faith by the Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties represent and warrant

that (i) they are not relying on any statements, understandings, representations, expectations, or agreements other than those expressly set forth herein; (ii) they have been represented and advised by legal counsel in connection with this Stipulation and Settlement, which they make voluntarily and of their own choice and not under coercion or duress; (iii) they have made their own investigation of the facts and are relying upon their own knowledge and the advice of counsel; (iv) they knowingly waive any and all claims that this Stipulation and Settlement was induced by any misrepresentation or nondisclosure and knowingly waive any and all rights to rescind or avoid this Stipulation and Settlement based upon presently existing facts, known or unknown. The Parties agree to and stipulate that each party is relying upon these representations and warranties in entering into this Stipulation and Settlement. Furthermore, the Parties agree that these representations and warranties are material inducements to entering into this Stipulation and Settlement. These representations and warranties shall survive the execution of this Stipulation and Settlement.

10. **No Admission of Fault or Liability**. The Claimant Parties agree that neither this Stipulation and Settlement nor the settlement contained herein, nor the negotiation thereof, nor any act performed or document prepared pursuant to or in furtherance of this Stipulation and Settlement or the settlement contained herein: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any allegation contained in the Claims or Lawsuit, or of any wrongdoing or liability of the MLC Parties, or of the damages to any Claimant Party; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the MLC Parties in any civil, criminal, or administrative proceeding in any court, arbitration, administrative agency, or other tribunal; or (iii) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation and Settlement, the settlement contained therein, and any other orders or documents executed in connection with the performance of the agreements embodied herein. The MLC Parties may file this Stipulation and Settlement and/or any document prepared pursuant to or in furtherance of this Stipulation and Settlement in any action for any purpose.

11. **Successors, Assigns, and Third Party Beneficiaries**. This Stipulation and Settlement shall be binding upon, and inure to the benefit of, the successors and assigns to the Claimant Parties and MLC Parties. All MLC Parties are third party beneficiaries of and shall be entitled to enforce the releases and covenants contained in this Stipulation and Settlement.

12. **GOVERNING LAW AND JURISDICTION**. THIS STIPULATION AND SETTLEMENT SHALL BE EXCLUSIVELY GOVERNED BY AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAW PRINCIPLES THEREOF. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

13. **Entire Agreement**. This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto. There are no representations, agreements, or inducements, except as set forth expressly and specifically in this Stipulation and Settlement.

14. <u>Severability</u>. If any provision hereof is invalid or unenforceable, then, to the fullest extent permitted by law, the other provisions hereof shall remain in full force and effect.

15. <u>Amendments in Writing</u>. This Stipulation and Settlement may not be amended or modified other than by signed writing executed by the Parties hereto or by order of the Court.

16. <u>Construction</u>. Each of the Parties understands, agrees, and acknowledges that all of the Parties shall be deemed to be the drafters of this Stipulation and Settlement and any ambiguity in or dispute regarding the interpretation of this Stipulation and Settlement shall not be resolved by any rule of interpretation providing for interpretation against the party that causes the uncertainty to exist or against any party as the drafter. Further, words in this Stipulation and Settlement of the male, female, or neuter gender shall be construed to include any other gender where appropriate. Words used in this Stipulation and Settlement that are either singular or plural shall be construed to include the other where appropriate.

17. <u>Headings</u>. Headings are for convenience only and shall not limit, expand, affect, or alter the meaning of any text.

18. <u>Multiple Counterparts</u>. This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

19. <u>Facsimile Signatures</u>. This Stipulation and Settlement may be executed by facsimile or electronically transmitted signatures, and such facsimile or electronically transmitted signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or by mail, although it is the Parties' intentions to deliver original signatures after delivery of facsimile or electronically transmitted signatures.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING, AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS, AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.**

MICHAEL HAUSFELD, AS ATTORNEY IN FACT FOR AND ON BEHALF OF SAKWE BALINTULO, DENNIS VINCENT FREDERICK BRUTUS, MARK FRANSCH, ELSIE GISHI, LESIBA KEKANA, ARCHINGTON MADONDO, MPHO ALFRED MASEMOLA, MICHAEL MBELE, MAMOSADI CATHERINE MLANGENI, REUBEN MPHELA, THULANI NUNU, THANDIWE SHEZI, AND THOBILE SIKANI

By: *Michael D. Hausfeld* w/permission /mk

Print Name: Michael Hausfeld
Title: Attorney

Dated: Dec. 30, 2011

NAGEL, RICE, LLP., AS ATTORNEY IN FACT FOR AND ON BEHALF OF TOZAMILE BOTHA, THE ESTATE OF WILLIAM DANIEL PETERS, MSITHELI WELLINGTON NONYUKELA, MANTOA DOROTHY MOLEFI, NOTHINI BETTY DYONASHE, NONKULULEKO SYLVIA NGCAKA, MIRRIAM MZAMO, MNCEKELELI HENYN SIMANGENTLOKO, HANS LANGFORD PHIRI, MPUMELELO CILIBE, JAMES MICHAEL TAMBOER, AND SAMUEL ZOYISLE MALI

By: *Diane C. Sammons*

Print Name: Diane Sammons
Title: Attorney

Dated: Dec. 30, 2011

MOTORS LIQUIDATION COMPANY GUC TRUST
    By Wilmington Trust Company not in its
    individual capacity but solely as MLC GUC
    Trust Administrator

By: _____

Name: _____David A. Vanaskey, Jr._____
                Vice President
Title: _____

Dated: December 29, 2011