DIMITRIOS S. MARANGOS,
3162 Glengrove Drive
Rochester Hills MI 48309
Tel: (248) 481-7998
Email: Dsm53@msn.com

*In pro se, Claimant*

Law Office of Dickstein Shapiro LLP
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
1633 Broadway
New York, New York 10019-6708
Tel: (212) 277-6500

*Attorneys for Motor Liquidation*
*Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **Motors Liquidation Company, et al.,** | : | **09-50026 (REG)** |
| **f/k/a General Motors Cor., et al.** | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administrated)** |
| | : | |
| | : | |

### ANSWER TO THE OBJECTION TO PROOF CLAIM NO. 61381

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, Dimitrios S. Marangos, (Claimant) and files this LIST OF EXHIBITS (enclosures) with explanation responding to the GUC Trust in regards the Objection for the Claim No. 61381. The court needs to be informed that: The reason the claim No. 61381 was objected on the filling of **201ST** Omnibus objection to Claims (Dated January 27, 2011) was because the Garden City Groups never sent the papers I filed with them at Dublin Ohio to the New York Law office, of Weil, Gotshal & Manes LLP, representing the Motors Liquidation Company. On Notice of Matters Hearing of March 1, 2011 from Motors Liquidation Company and after I contacted the above mentioned law office in NY and resent all the filling documents again, my claim entered as a **contested claim**, and the 201st Omnibus Objection to Claim no. 61381 withdrawn.

## REQUEST TO DISALLOWED RELIEF TO GUC Trust

1.      Dimitrios S. Marangos, and no other who does now enter a GENERAL DENIAL to the Request for Relief from GUC Trust. The claim No. 61381 has legal & factual basis against the Debtors.

## JURISDICTION

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## THE CLAIM

3.      GUC Trust stating that: I ( Dimitrios Marangos) voluntarily resigned my Employment with GM in January 1999. This document has been filled by GUC Trust on the filing of January 26, 2012 with the Court and is displayed under Exhibits (F) page 4 of 4. The above mention Exhibit is the falsified document which was removed from the Workers Compensation case on January 12, 1999 and named as Exhibit (A).
Please refer to the enclosed Exhibits as: 1- Exh. (A) of 1 page, 2- Exh. (B) / B1 of 24 pages & B2 CD/DVD Video, which is supporting evidence I have not voluntary resigned but I forced out as also the proof regarding the exhibit (A) removed from the record. Also refer to the enclosed Exhibit as: 5- Exh. (E) for full explanation.

4.      Admit and Denied, these lawsuits resolved in favor of the Debtor it's because GM owned the 6th District Court and the Judges, and they have violated all the Laws and rules at the Judiciary system in order to dismiss my cases. Please refer to the enclosed Exhibit 4-Exh. (D) of 3 pages, in regards the manipulation of the Appeal case. Also refer to the enclosed Exhibit as: 5- Exh. (E) for full explanation.

5.      Admit and add, Civil Rights & EEOC Lawsuits cases in regards Discrimination, Retaliation & Disabilities can't be dismissed until full satisfaction or redress to the grieving party. Enclosed is the proof of filing with Civil Rights and EEOC. The statement made at the Civil Rights was proving the fact regarding the Exhibit (A) from the Workers Compensation case that: they forced me to sign as also charging Discrimination, for National Origin, Retaliation, Disability. Please refer to the enclosed Exhibits as: 3- Exh. (C) / C1 / of 1 page, 3- Exh. (B) / C2 of 1 page.
The 6th District Court used erroneous reasons with no grounds to dismiss my cases. Please refer to the enclosed Exhibit as: 5- Exh. (E) for full explanation.

## ARGUMENT

### A,    **Applicable Law**

6.      Admit

7.      Admit

8.      Admit and add that: the enclosed proof of documentation under the exhibits it's a sufficient to proof legal basis for this claim and it's a *prima facie* and valid.

### B,    **There Is No Legal or Factual Basis for the Claim**

9.      Denied and add that: I have suffered numerous personal injuries and since 2002 I have been diagnosed with Bladder Cancer which I have received treatments on and off till September of 2011 which I diagnosed as the Cancer is in remission. Please refer to the enclosed Exhibit for full explanation as: 5- Exh. (E) 5.0 CD-DVD which contains over 3000 pages of supporting documentation along with Video tape and audio-voice tapes.

10.      Admit and add that: in regards to the falsification of records, please refer to the enclosed Exhibits as: 1- Exh. (A) of 1 page, 2- Exh. (B) / B1 of 24 pages & B2 CD/DVD Video, which is supporting evidence I did not voluntary resigned but I was forced out. Also enclosed is the proof regarding the exhibit (A) which was removed from the record? In regards to incorporate to the claim that: "conspiracy", "intentional swindling", "harassment", "economic sabotage", and "concealment of dangerous working conditions". All this is the truth which proof is enclosed in the Exhibits with this filling which also proves that the Government the Courts and GM have concealed my legal cases from the public as they concealed the truth from hundreds of Michigan families which their loved ones worked for GM and they died with not knowing the true reasons why they got sick and died. The above mentioned has sufficient evidence enclosed to prove legal basis as also  a Tort claim along with the Workers Compensation case evidence which prove that I was Blackmailed at the Court. So there is a lot of proof of Emotional Distress that they inflicted to me. Please refer to the enclosed Exhibit as: 5-Exh. (E) for full explanation.

11.      Denied and add that: with this Court filing are enclosed sufficient documentation to prove the legal basis for this claim. Therefore this claim is considered a *prima facie* and valid.

**Please note that:** with this filing the enclosed Exhibits documentation under 5- Exh. (E) 5.0 CD-DVD which contain over 3000 pages, includes over 1000 pages of additional documents which are not published at the WEB at www.theodysseybrief.com Version #1 of the Odyssey Brief, these documents intent to be at the Version #2 which is under development currently. Also at the enclosed Exhibits as: 5- Exh. (E) 5.0 CD-DVD some chapters have been removed in order to focus at the core of this matter.

## **CONCLUSION**

For the reasons mention above, this court should valid this claim as good standing and enter an order in favor of the claimant as the Court deems just and proper.

Please note that for variety of reasons I will not be able to attend in person at the hearing date of March 1, 2012 at 9:45am, but I will be available for teleconference providing ahead a scheduling for date and time.

Dated this __21st__ day of February, 2012

Dimitrios S. Marangos

*In pro se, Claimant*

4

## Index & Table of Contents with Explanation:

### Exhibits:

1- **Exh. (A)**
1-(Exh.- (A)-(1p.) WC Court Exh. (A) Removed from record-Jan-12-99
**Ref. 9-K9-A:  At the Workers Compensation Court case of January 12, 1999
this document named Exhibit (A) removed from the record because they
forced me to sign.**

2- **Exh. (B)**
2-Exh. - (B1)-(24p.) GM-D. Marangos WC-Court Transcript Jan-12-99
**Ref. 9-K9-B:  Workers Compensation Court Transcript with the proof that
the Exhibit (A) was removed from the record and I was
terminated from GM not voluntarily quit.**

2-Exh. - (B2) <u>CD/DVD</u> Video of the WC Case January 12, 1999
**Ref. 9-K9-B:  Workers Compensation Court Video with the proof that
the Exhibit (A) was removed from the record and I was
terminate from GM not voluntarily quit.**

3- **Exh. (C)**
3-Exh. - (C1)-(1p.) Civil Rights Discrimination & Retaliation.
**Ref.  2-D2-1:  1999 EEOC charge of Discrimination dated May 05, 1999,
Civil Rights Charge Discrimination for, National Origin,
Retaliation, Disability along with other EEOC forms**

3-Exh.- (C2)-(1p.)   EEOC Notice Right to Sue Charge No. 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
**Ref.  2-D2-2:  1999 EEOC charge of Discrimination dated June 28, 1999,
Notice of (Suit Rights), along with other EEOC forms.**

4- **Exh. (D)**
4-Exh. (D)-(3p.) Reply Appeals Court Transcript May-03-04
**Ref.  5-G3-C: Reply dated May 03, 2004, from the Clerk of the Appeals
Court, to my correspondence of April 29, 2004, regarding
release of Transcript of my Appeal case dismissal which
Denied the existence of a Transcript.**

5- **Exh. (E)**
5.0) <u>CD-DVD</u> Including the following:
**5A-The Odyssey Brief which is the Explanation of what has transpired with
Cover-up of the Court system, the Government & GM.**

**5B-Reference of the Brief**

**Notation: At the W.C. Hearing of January 12 1999, the Judge ordered my Attorney
and General Motors Attorney to remove this Exhibit (A) from the record.

Date _Ianuary 12, 1989_____

I hereby voluntarily quit my employment with General Motors Corporation.

I understand that my eligibility for, or entitlement to, benefits or privileges under any of the

employe benefit programs of General Motors applicable to me will be the same as those of any other

employe who voluntarily quits employment with the Corporation.

Dimitrios S. Marangos
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

Witness:

EXHIBIT (A)

STATE OF MICHIGAN

BUREAU OF WORKERS' DISABILITY COMPENSATION

DIMITRIOS S. MARANGOS,
SSN# 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,

             Plaintiff,

v

GENERAL MOTORS CORPORATION,

             Defendant.

_____/



RECEIVED
JAN 1 9 1999
D. MARANGOS

VIDEO REDEMPTION HEARING

BEFORE MAGISTRATE RICHARD J. ZETTEL

Mt. Clemens, Michigan - Tuesday, January 12, 1999

APPEARANCES:        MR. DAVID A. CUTTNER (P12423)
                    30300 Northwestern Highway, #308
                    Farmington Hills, Michigan  48334
                    (248) 932-3500

                    Appearing in on behalf
                    of the Plaintiff; and


                    CONKLIN, BENHAM, DUCEY, LISTMAN & CHUHRAN, PC
                    BY:  MR. DAVID J. BERGE (P40045)
                    1740 First National Building
                    Detroit, Michigan  48226
                    (313) 961-8690

                    Appearing on behalf
                    of the Defendant.

TRANSCRIBED BY:     Dolman Technologies Group, Inc.
                    P.O. Box 26125
                    Lansing, Michigan 48909
                    (517) 393-1668

DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

Page 2

## I N D E X

WITNESSES:    PLAINTIFF                                          PAGE

DIMITRIOS MARANGOS
        Direct examination by Mr. Cuttner                          7
        Cross-examination by Mr. Berge                            15
        Redirect examination by Mr. Cuttner                       16


WITNESSES:    DEFENDANT

None.

* * * * *

## E X H I B I T S

| Number | Described | Identified | Received |
|--------|-----------|------------|----------|

None.

Page 3

1      Mt. Clemens, Michigan

2      Tuesday, January 12, 1999 - 11:00 a.m.

3                P R O C E E D I N G S

4      THE COURT:  The Court calls the case of Dimitrios

5      Marangos versus Fischer Body Central Engineering, a

6      self-insured employer.  Now is the date and time set for

7      trial in this matter.  The parties are before the Court,

8      however, with a proposed redemption.  Counsel, would you

9      enter appearances for the record, please?

10     MR. CUTTNER:   Good morning, your Honor.  David a

11     Cuttner appearing on behalf of Dimitrios S. Marangos.

12     P12423.

13     MR. BERGE:   Good morning, your Honor.  David Berge

14     appearing on behalf of the Defendant, General Motors

15     Corporation.  P number 40045.

16     THE COURT:   Thank you, gentlemen.  Good morning to

17     you also.  This case was initiated by Plaintiff's

18     Application for Mediation or Hearing which is date

19     stamped and received by the Bureau February 12, 1998.  In

20     his application Plaintiff alleges that during the course

21     of his employment with Defendant, General Motors

22     Corporation, a self-insured employer, occurred injuries

23     and micro (phonetic) trauma due to strenuous labor

24     thereby injuring his low back.

25          Tape 005298, 01-12-99, 11:02:00

       DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1    In addition to the application, the file contains a

2  proposed redemption order in the amount of $135,000 with

3  net proceeds to Plaintiff of $84,105.  I have a proposed

4  attachment to the redemption order allocating net

5  proceeds over Plaintiff's remaining life expectancy.  I

6  have an Agreement to Redeem Liability which is signed by

7  Plaintiff and attorneys of record; an Affidavit in

8  Support of Redemption bearing Plaintiff's notarized

9  signature; a Worker's Settlement Statement showing total

10  disbursements of $50,895 and net amount to Plaintiff of

11  $84,105.  This statement was also signed by Plaintiff and

12  his attorney.  Finally, I've got the deposition testimony

13  of Wilbur Boike, B-O-I-K-E, who is an M.D., and the

14  deposition testimony of Robert E. M. Ho, spelled H-O, who

15  is also an M.D..

16    Mr. Cuttner, tell me a little bit about this file,

17  please, and why it's being redeemed?

18    MR. CUTTNER:    Yes, your Honor.  You should also

19  have as an exhibit to the file, Exhibit A, a Release and

20  Waiver of Seniority and Voluntary Quit.  Mr. Marangos has

21  had approximately 20 years of seniority with General

22  Motors Corporation.  He has some problems over and above

23  the orthopedic claims that were alleged.  He is on social

24  security disability.  He was on workers' disability

25  compensation benefits for those orthopedic claims since

DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1    1993.  They sent him to Dr. Boike and ordered him back to

2    work.  Dr. Ho said absolutely not and they terminated his

3    employment.  His pension benefits will be frozen to age

4    65 notwithstanding his probably being eligible for

5    disability pension if he wished to apply for same which

6    he has declined to do.  He probably is also entitled to

7    EDB benefits which he has likewise declined to do.

8        He wants this case settled.  We've had considerable

9    time both myself, and Mr. Barry Adler, also Plaintiff's

10   counsel, discussing this matter with him.  He has

11   indicated he wishes to get on with his life.  He wants

12   this lump sum of money.  He is presently divorced and the

13   divorce decree provided for a 30 percent net to his ex-

14   wife upon settlement of his case if it nets him in excess

15   of $100,000.  I have a copy of the judgment of divorce

16   with me, if you'd like to see it, where that is indicated

17   signed by the circuit court for the County of Macomb.

18       THE COURT:  Just out of--for a matter of virtue,

19   isn't it moot?  We don't have a net amount in excess of

20   $100,000.

21       MR. CUTTNER:    Yes, he did net in excess of--if

22   you take the $135,000 and subtract the attorney fee, the

23   net to him is one hundred and--

24       THE COURT:  All right.  I also show a $36,045--

25       MR. CUTTNER:    Right.  That's the 30 percent of

DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

the net to Mr. Marangos net--or the sub total after the

attorney fees and expense.  I then took 30 percent of

that--

       THE COURT:  All right.  Let's go off the record.

       MR. CUTTNER:    Yes, sir.

(From 11:05 a.m. to 11:08 a.m., off record)

       THE COURT:  We're back on the record with Dimitrios

Marangos.  Mr. Cuttner, I'm sorry to interrupt.

       MR. CUTTNER:    In any event, your Honor, I have

advised him that he probably would be entitled to a

disability pension and EDB benefits through the

reinstatement of his employment which is presently--I am

told--presently within a grievance process.  He has

elected, however, to settle his case.  He wants this lump

sum of money.  He wants to get on with his life.  He does

not need additional insurance because he is insured

through social security disability and this is what he

wants to do.  Thank you.

       THE COURT:  Okay.  Mr. Marangos?

       THE PLAINTIFF:    Yes.

       THE COURT:  Would you approach the bench, please.

I'm going to swear you in and then we'll ask you a few

questions.

       THE PLAINTIFF:    Sure.

       THE COURT:  Would you raise your right hand?

DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

               D I M I T R I O S   M A R A N G O S

1              a witness on his own behalf, being first duly sworn at

2              11:09 a.m. to testify the truth, the whole truth, and

3              nothing but the truth, was examined and testified as

4              follows:

5                    THE COURT:   Thank you.  You have a seat right

6              before the bench.  If you feel more comfortable, you may

7              stand.

8                    THE WITNESS:   You don't mind if I stand?

9                    THE COURT:   No.  Get up and down if you feel like

10             it.  That won't bother me.

11                   THE WITNESS:   Okay.  Thanks.

12                   THE COURT:   Mr. Cuttner?

13                   MR. CUTTNER:    Thank you.

14                        DIRECT EXAMINATION

15   BY MR. CUTTNER:

16   Q    Sir, you are Dimitrios S. Marangos, is that correct?

17   A    Yes, sir.

18   Q    And you live at 33668 Shelley Lynne, PO Box 1086, Sterling

19        Heights, Michigan  48312, is that correct?

20   A    Yes, sir.

21   Q    Your soc number is 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 and you want your check mailed

22        to that address I just indicated, is that correct?

23   A    To the home address, not to the PO box, yes, sir.

24   Q    You have heard everything I have said concerning your case and

1       are you in agreement with it?

2    A   Yes, sir, and eventually we are going to get to discuss--there

3       will be more about Exhibit A.

4    Q   Correct.  But with reference to everything else as far as you

5       are giving up your rights to a disability pension, extended

6       disability benefits--all of those matters--you are agreement

7       with that, is that correct?

8    A   Yes, sir.

9    Q   You have been informed that there is a 15 day appeal period

10       and if something comes to your attention today that you were

11       not aware of, then you have a right to request a review

12       hearing.  It is not an automatic reinstatement of your case,

13       that you will have to show what is called just cause in order

14       to get your case--your settlement set aside and your case

15       reinstated for trial, you understand that?

16    A   Yes, sir.

17    Q   And you must contact the Workers' Compensation Bureau in order

18       to do that, you understand?

19    A   Yes, sir.

20    Q   Once 15 days goes by and the Magistrate approves this matter

21       today, that ends your rights to workers' disability

22       compensation matters forever, you understand that?

23    A   Yes, sir.

24    Q   You have signed a Release and Waiver as far as EDB benefits

25       goes, you understand that?

DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

```
 1    A    Yes, sir.

 2    Q    The other matter which is an exhibit made to the redemption

 3         document called a Release and Waiver of Seniority indicates

 4         the language is "I hereby voluntarily quit my employment" and

 5         you wish to explain to the Magistrate that you have objected

 6         to this language.  You did not voluntarily quit.  You were

 7         terminated by General Motors, is that--

 8    A    That's correct.  That's exactly what I want to enter on the

 9         record.  This is untrue that I voluntarily agreed.  The

10         termination beyond my rights through General Motors.

11    Q    Other than that, are you in agreement that you want your case

12         settled today the way it's outlined where you will receive a

13         check for $84,105.  We have allocated it for social security

14         disability benefits and as I have explained to you, I cannot

15         bind, nor can the Magistrate, or the state of Michigan, the

16         Social Security Administration, but they generally will accept

17         a reasonable allocation and this is a reasonable allocation on

18         the basis of your medical problem.

19    A    I understand that, although we not done yet with Exhibit A.

20         You should say for the record, as you mentioned to me before,

21         I am under duress to sign this specific--

22              THE COURT:  Mr. Marangos, are you entering into

23           this redemption voluntarily?

24              THE WITNESS:  The redemption, yes, but not--

25              THE COURT:  Then I will tell you for the record
```

1          that, quite frankly, it's immaterial how you left.

2                  THE WITNESS:    Although, I do have to put it down

3          what I believe.

4                  THE COURT:    I'll tell you what, you can give this

5          back to your attorney.    If it's untrue, I don't need it

6          in the file.

7                  THE WITNESS:    No.    It's untrue the language for

8          voluntarily quit.

9                  THE COURT:    Then why did you sign it?

10                 THE WITNESS:    Because I have to sign that.    That's

11         the only way I can sign my--

12                 THE COURT:    Mr. Marangos, you don't have to do

13         anything.

14                 THE WITNESS:    Well, I can't--

15                 THE COURT:    I understand what General Motors is

16         saying.

17                 THE WITNESS:    I cannot settle my (indistinct) they

18         explain unless I sign this.

19                 THE COURT:    Okay.    Now, if you're insisting upon

20         making a record that it's untrue, then I don't want your

21         signature on that.

22                 THE WITNESS:    No, I have to sign it.    I have no

23         choice.

24                 THE COURT:    I just told you you don't have to sign

25         anything.    What I'm telling you, if you're going to

              DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1    redeem your case, it's immaterial to the Workers'

2    Compensation Bureau why you left that job--

3        THE WITNESS:    I understand, but I believe I should

4    express what I believe inside me.

5        THE COURT:    That's immaterial.

6        THE WITNESS:    It is for you because you are the

7    Magistrate and you do that everyday, but I am not.

8        THE COURT:    I--

9        THE WITNESS:    Do I have the right to explain

10    myself?

11        THE COURT:    Yes, you do.  But what did I just tell

12    you.  You can express yourself, you can call anybody

13    anything you want--it doesn't matter.  If you're telling

14    me this is an untrue statement, I'm saying I'm not going

15    to accept it.  That's what I'm telling you.

16        THE WITNESS:    That's the only way I have to redeem

17    my case.

18        THE COURT:    Well, then maybe you better sit down

19    and talk with Mr. Cuttner and Mr. Berge again.

20        THE WITNESS:    I already talked to them.

21        THE COURT:    What you're telling me is here I've

22    got to sign this, but I didn't sign it voluntarily.  I

23    signed it under duress and I want the Court to keep this

24    lie in it's file.                                    TAPE TIME
                                                         10:57

25        THE WITNESS:    No.

DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1           THE COURT:  I refuse to do that.

2           THE WITNESS:  No, I don't say that.  I say I have

3      to sign in order to solve my case.

4           THE COURT:  Okay.

5           THE WITNESS:  That's what I explain.  That's why I

6      want--

7           THE COURT:  I don't want it in the file.  If it's

8      signed under duress, I don't want it.

9           THE WITNESS:  Well--

10          THE COURT:  If it's not true, I don't want it.

11          THE WITNESS:  That's what they are telling me to do

12     and I have to do what they tell me.  I'm not a lawyer.

13          THE COURT:  I can understand why they want you to

14     do that.

15          THE WITNESS:  I don't, but I have to sign it.

16          THE COURT:  Well--

17          THE WITNESS:  That's all I know.

18          THE COURT:  I'm saying now, if you want to

19     voluntarily go on with your redemption the reason--

20     whether you were fired, or whether you quit is

21     immaterial, but they don't want you coming back and

22     saying, "Hey, I was fired and I'm going to file suit for

23     wrongful discharge."                      TAPE
                                                  TIME: 11:32

24          THE WITNESS:  I don't say nothing.  I say I have to

25     make a statement on the record which I see and you should

               DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1          allow me to make my statement in front of you and for the

2          record.

3               THE COURT:  If it's not material, I don't have to

4          allow you to make an immaterial statement.  Now, what

5          you're doing is signing a statement that's untrue, and

6          you're telling the Court pretend it's true?

7               THE WITNESS:   No, we're making a statement about

8          the language.  They are not able to change the language.

9          They explained--

10              THE COURT:   I understand, you've said that.

11              THE WITNESS:   --on this paper.

12              THE COURT:   And I'm saying if it's untrue, I don't

13         want it.  Now, we want to go on with this.  Mr. Cuttner,

14         let's go off the record again.  Why don't you discuss

15         this with your client?

16              MR. CUTTNER:    I have, your Honor.  That's what

17         we've been doing all morning.

18              THE COURT:   Okay.  If it's untrue, Mr. Marangos,

19         I'm telling you I don't want it in the file.

20              THE WITNESS:  So how do we do that?

21              THE COURT:   You discuss that with your attorney and

22         Mr. Berge.

23              THE WITNESS:   We've already did that.

24              THE COURT:   You're asking the Court what, to

25         perpetrate a fraud?                              TARGET TIME
                                                            12:21

1          THE WITNESS:    No.

2          THE COURT:    I'm not doing that.

3          THE WITNESS:    (Indistinct) I say is not--

4          THE COURT:    Under the law, if you sign something

5     that's untrue, then it's a fraud.

6          MR. BERGE:    Let's take a break and we'll talk

7     about it.

8          THE COURT:    Now, this is between you and General

9     Motors, not between you and this Court.

10          THE WITNESS:    I don't know; I'm not a lawyer.    I'm

11     just--

12          THE COURT:    Trust me.

13          THE WITNESS:    Okay.    I trust you.

14          THE COURT:    Okay.    We'll go off.    You can discuss

15     this with Mr. Cuttner and attorney for General Motors.

16     If we're going to go through with this redemption let me

17     know, if not then--

18          MR. CUTTNER:    Okay.    Thank you, Judge.

19     (From 11:16 a.m. to 11:20 a.m., off record)

20          THE COURT:    Okay.    We're back on the record with

21     Dimitrios Marangos versus Fischer Body, otherwise known

22     as General Motors Corporation.    Mr. Cuttner?

23          MR. CUTTNER:    Thank you, sir.    I've spoken to Mr.

24     Marangos, as has counsel for General Motors.    He agrees

25     that he has no made the record that he wished to do with

1        reference to the Release and Waiver of Seniority and the

2        quit and we're ready now to proceed.

NOT

TAPE
TIME : 12:24

3                THE COURT:    There is no Exhibit A?

4                MR. CUTTNER:    Right.  We have taken that out of

5        the Bureau file.  The record speaks for itself.

6                THE COURT:    Thank you and would you proceed with

7        your voir dire?

8                MR. CUTTNER:    Thank you.

9    BY MR. CUTTNER:

10   Q    Mr. Marangos, do you want the Magistrate to approve this

11       settlement now?

12   A    Yes.

13   Q    You understand that you have 15 days to request a review

14       hearing, but once that 15 days passes, you're going your way,

15       GM's going their way, you understand that?

16   A    Yes, sir.

17                MR. CUTTNER:    Thank you.  I have nothing further,

18       your Honor.

19                THE COURT:  Mr. Berge, wish to voir dire?

20                MR. BERGE:    Thank you, your Honor.

21                        CROSS-EXAMINATION

22   BY MR. BERGE:

23   Q    Mr. Marangos, I just want to make certain that you understand

24       that this is a full, final, and complete settlement of any and

25       all claims against General Motors Corporation for workers'

1           compensation benefits, you understand that?

2    A      Just for the workers' compensation.                    TAPC
                                                                    TIME: 14:05

3    Q      Okay.  You do understand that by purposes of this redemption,

4           it's our understanding that you go your way and General Motors

5           goes its way, you understand that?

6    A      Just for the workers' comp, Yes, I do understand that.

7                   MR. BERGE:    Thank you, your Honor.  I have

8              nothing further.

9                   MR. CUTTNER:    And, your Honor, I guess I should

10             cover that direct pay.

11                  THE COURT:  I was just going to ask you that.

12                  MR. CUTTNER:    All right.

13                        REDIRECT EXAMINATION

14   BY MR. CUTTNER:

15   Q      Mr. Marangos, you were involved in a divorce action with your

16          ex-wife, is that correct?

17   A      That's correct.

18   Q      And you agree that the Magistrate can order this direct pay as

19          the circuit court judgment of divorce indicates?

20   A      Yes, I do understand that.

21   Q      And you've signed the Workers' Settlement Statement that

22          allows for that direct pay, is that correct?

23   A      Yes.

24                  MR. CUTTNER:    Thank you, I have nothing else.

25                  THE COURT:  Mr. Marangos, regarding that direct pay, as

                    DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1    we spoke at length before we called the case, you understand

2    that I'm not required to do this, notwithstanding that court

3    order, you understand that?

4           THE WITNESS:  I'm sorry?

5           THE COURT:  In other words, as we spoke and as we

6           talked before we called the case, it is this Court's

7           position that that circuit judge has no jurisdiction to

8           tell a workers' compensation magistrate how to distribute

9           workers' compensation proceeds.

10          THE WITNESS:  Yes, you explained that to me.

11          THE COURT:  Also, did I not, further explain that

12          the statute says workers' compensation proceeds cannot be

13          assigned or transferred.  So I want you to fully

14          understand, and we'll make the record perfectly clear

15          that you fully understand, that if you tell me Judge, I

16          don't want this $36,045 to be paid to my ex-wife, we're

17          going to do that.  However, that doesn't solve your

18          problem with the circuit judge.  It's just that I will

19          approve that direct payment to your ex-wife upon your

20          statement that that's what I have to do and that's what I

21          want.

22          THE WITNESS:  Yes, that's what I want, and that's

23          what I want to do because I don't want no further

24          problems.

25          THE COURT:  It's more of a matter of convenience

 1          than anything else?

 2               THE WITNESS:    That's correct.

 3               THE COURT:    I mean certainly--I don't know who your

 4          circuit judge is next door, but I do know all the family

 5          judges--the family court judges--and I can probably

 6          assure you that if you were to say fine let's play some

 7          games over here and give me that $36,000, and then you

 8          don't pay it over to your ex-wife, then you're probably

 9          going to find yourself in jail for contempt of court.

10               THE WITNESS:    No, not me.    Thank you, sir.

11               THE COURT:    So I mean what you're saying is that

12          you fully understand you don't have to pay this over to

13          your ex-wife, but as a matter of convenience that's

14          exactly what you want to do?

15               THE WITNESS:    Yes, sir.

16               THE COURT:    Well, I think Mr. Cuttner has done, as

17          usual, done a very thorough job in explaining your rights

18          under Michigan's Workers' Disability Compensation Act

19          here this morning.    Did you understand each of the rights

20          that he explained to you?

21               THE WITNESS:    Yes, sir.

22               THE COURT:    More importantly, do you understand

23          that if you enter into this redemption agreement that

24          you'll be giving up all those rights you have un the

25          Workers' Compensation Act?

1    THE WITNESS:   I understand that, but also I

2    understand I am entitled for anything else beyond the

3    workers' compensation.

4        THE COURT:    I think what Mr. Berge did was verify

5    for the record that this redemption will have no effect

6    on your vested pension rights with General Motors, is

7    that correct, Mr. Berge?

8        MR. BERGE:    Yes, your Honor.   At age 65, you're

9    entitled to your vested deferred pension rights, you

10   understand that?   You have to say yes or no.

11       THE WITNESS:   Yes.

12       MR. BERGE:    Okay.   Thank you.

13       THE COURT:   Again, this will have no effect on any

14   pension rights you have vested.   However, at the same

15   time, this does not create any additional rights under

16   your pension plan with General Motors.

17       THE WITNESS:   I understand.

18       THE COURT:   Let me show you an Affidavit in Support

19   of Redemption which was submitted to this Court.   Will

20   you take a look at the affidavit, please, and verify for

21   the record that the notarized signature on the back page

22   is in fact your signature?

23       THE WITNESS:   Yes, sir.

24       THE COURT:   Did you get a chance to read the

25   affidavit or have it explained to you before you signed

1       it?

2               THE WITNESS:   Yes, sir.

3               THE COURT:   To the best of your knowledge--

4               THE WITNESS:   Yes, sir.

5               THE COURT:   --were the statements made in the

6       affidavit and the information contained in it true?

7               THE WITNESS:   Yes, sir.

8               THE COURT:   Thank you.  We've asked you a lot of

9       questions for the past few minutes.  Do you have any

10      questions you'd like to ask your attorney, General Motors

11      attorney or the Court at this time regarding this

12      redemption?

13              THE WITNESS:   Not for this redemption.  The only

14      thing I ask beyond this work comp case, I am entitled to

15      do what I have to do in June, if I have to, and future

16      days.  That's all I--                          TAPE
                                                        TIME : 18:33

17              THE COURT:   I don't know what that means.

18              THE WITNESS:   That means I should not have to

19      restrain myself for anything else come along due to this

20      work comp case against General Motors.  I should not

21      refrain my rights to do what I have to do if something

22      comes up with General Motors at future dates.  I don't

23      know what--

24              THE COURT:   Is that part of General Motors'

25      understanding, Mr. Berge?

          DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1          MR. BERGE:    I can't--On behalf of General Motors,

2    I guess I cannot preclude Mr. Marangos from whatever

3    other action he might take in the future.          TA PE
                                                         TIME / 18:52

4          THE WITNESS:    That's right.

5          THE COURT:    This matter is back--what Mr. Marangos

6    does with General Motors in the future, but I understand

7    it, normally though--did you have him sign release?

8          MR. BERGE:    That's what we'd have done, your

9    Honor.

10          THE COURT:    But the original release in this

11    particular--

12          MR. BERGE:    There is a release.  He did sign a

13    Resignation and Waiver of Seniority Rights.  That's all

14    that's being required of him today.          TAPE
                                                    TIME / 20:05

15          THE WITNESS:    You don't mind if I stand, your

16    Honor.

17          THE COURT:    As I indicated earlier, you stand or sit

18    as you--

19          THE WITNESS:    I've got to walk because my leg is

20    numb again.

21          THE COURT:    Don't walk too far from the microphone,

22    because your answers are very important here.

23          THE WITNESS:    No, I'm here.

24          THE COURT:    I don't have a copy of that in the

25    file, but I'll--

        DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1          MR. CUTTNER:    That was the Exhibit A.

2          MR. BERGE:    That was the Exhibit A you did not

3    accept.

4          THE COURT:  That's the one he doesn't agree to and

5    that's why it's not in the file.  You don't have any

6    questions, Mr. Marangos?

7          THE WITNESS:  No, your Honor.

8          THE COURT:  Based upon the entire record, including

9    the Affidavit for Redemption, presentation of counsel,

10   testimony of Plaintiff, medical records or depositions

11   submitted, I find the Agreement to Redeem Liability

12   serves the purposes of the Act, it's just and proper

13   under these circumstances, and is in the best interest of

14   this Plaintiff.  I further find that the redemption

15   agreement is entered into freely and voluntarily by the

16   parties, that the Petition for Hearing alleges a

17   compensable cause of action under the Act, Mr. Marangos

18   is fully aware of his rights under the Act and the

19   consequences of this Redemption Agreement.  Accordingly,

20   I am approving the redemption and signing the order.

21         Mr. Marangos, here's your copy of the signed

22   redemption order.  Counsel, would you accept personal

23   service and waive mailing and acknowledge same for the

24   record, please?

25         MR. CUTTNER:    I do so on behalf of Plaintiff,
     DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

1          your Honor.

2                  MR. BERGE:    I do so on behalf of the Defendant,

3          your Honor.  Thank you.

4                  THE COURT:    Thank you, gentlemen.  Anything

5          further counsel?

6                  MR. CUTTNER:    No.  We would like the file to make

7          copies of every document for Mr. Marangos.

8                  MR. BERGE:    I have nothing further, your Honor.

9          Thank you.

10                 THE COURT:  Mr. Marangos, you may step down.

11         (At 11:28 a.m., witness excused)

12                 THE COURT:  Thank you, sir.  Good luck to you.

13                 THE PLAINTIFF:   Thank you.

14                 THE COURT;   There being nothing further this record

15         is closed.

16         (At 10:28 a.m., proceeding concluded)
                   11:28

17

18

19

20

21

22

23

24

25                     Tape 005298, 01-12-99, 11:28:22

                 DOLMAN TECHNOLOGIES GROUP, INC. 517-393-1668

C E R T I F I C A T E   O F   R E P O R T

STATE OF MICHIGAN    }
COUNTY OF MACOMB     }  SS.

    I hereby certify that this transcript represents the complete, true, and correct rendition of the videotape of the proceedings as recorded.

    I further state that I assume no responsibility for any events that occurred during the above proceedings or any inaudible responses by any party or parties that are not discernible on the video of the proceedings.

*Kirah Steiger*

Dated:   January 16, 1999
Kirah Steiger (CER 6377)
Certified Electronic Recorder

#3-Exhibit(C2)

D2-2 (p.4)

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Dimitrios S. Marangos
33668 Shelly Lynne
Sterling Heights, MI. 48312

From: United States Equal Employment Opportunity Commission
477 Michigan Avenue - Room 865
Detroit, MI 48226

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 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 | Sam L. Johnson, Investigator | (313) 226-5674 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ xx ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*  _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*James R. Neely, J.*                                6-28-98

James R. Neely, Jr., Director                     *(Date Mailed)*

Enclosure(s)

cc:   General Motors Corporation
30001 Van Dyke
Warren, MI. 48090



BY CERTIFIED MAIL # Z571897755

RECEIVED
JUN 2 9 1999
D. MARANGOS

## CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 230990949 |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

_Michigan Department of Civil Rights_ and EEOC
State or local Agency, if any

Ω2-2(e.1)

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Dimitrios S. Marangos | (810) 268-8769 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 33668 Shelly Lynne, Sterling Heights, MI 48312 | | 06/12/1953 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| General Motors Corporation | Cat D (501 +) | (810) 575-7500 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 30001 Van Dyke, Warren, MI 48090 | | 099 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 01/12/1999 | 01/12/1999 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s).):

My employment with the above named employer began around October, 1977. I last held the position of electrician, in the Skill Trade Department. I am a qualified individual with a disability. I was the only individual of a national origin, Greek, employed in the electrician position.

January 12, 1999, I was forced into signing a voluntary quit record under false information regarding my benefits and privileges. I notified the courts regarding the employer's actions of forcing me to sign such voluntary quit record. These actions occurred during my workmen's comp. hearings.

I believe I have been discriminated against because of my national origin, Greek, and disability, and was retaliated against for having complained of unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended.

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

MAY. 5. 1999   DIMITRIOS S. MARANGOS

SIGNATURE OF COMPLAINANT
_Dimics S. M_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
_Rosalinda Martinez, Investigator_

| Date | Charging Party (Signature) |
|---|---|

EEOC FORM 5 (Rev. 06/92)

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
U.S. POST OFFICE & COURTHOUSE BUILDING
CINCINNATI, OHIO 45202-3988

JANICE E. YATES
CHIEF DEPUTY CLERK

TELEPHONE
(513) 564-7072

May 3, 2004

Dimitrios S. Marangos
46205 Boardman Drive, Apt. 101
Shelby Township, MI 48315

Case No. 00-2161, *Marangos v. General Motors Corp.*

Dear Mr. Marangos,

I will reiterate what I said on the telephone - mediation conferences are NOT tape recorded so there is no tape to transcribe. The substance of any and every mediation session is confidential - if you had questions about the mediation conference, they should have been addressed to your attorney at the time the session took place.

Notwithstanding any involvement of the mediation office in this appeal in its early stages, the case was fully briefed by both parties and orally argued to a three-judge panel. The court then decided, in a written opinion, the only issue which was before it on appeal - the denial of appointment of counsel. I am enclosing a copy of it as it appears in the legal services, such as Lexis and Westlaw although your attorney should have provided you with a copy of the court's decision at the time it was filed. With the issuance of that decision, the court completed its work in this case. The appeal is closed and no additional review will take place under this case number.

Sincerely yours,

Janice E. Yates
Chief Deputy Clerk

Enclosure

MAY - 5 2004

D. MARANGOS

32 Fed.Appx. 132
(Cite as: 32 Fed.Appx. 132, 2002 WL 448466 (6th Cir.(Mich.)))



This case was not selected for publication in the Federal Reporter.

NOT RECOMMENDED FOR FULL--TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,
Sixth Circuit.

Dimitrious S. MARANGOS, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.

No. 00-2161.

March 20, 2002.

Electrician sued employer for national origin and disability discrimination, and moved for appointment of counsel. The United States District Court for the Eastern District of Michigan denied motion, and subsequently granted employer's motion to dismiss and for summary judgment. Electrician appealed. The Court of Appeals, Cole, Circuit Judge, held that denial of motion for appointment of counsel was not abuse of discretion.

Affirmed.

West Headnotes

[1] Civil Rights ☞1523
78k1523
(Formerly 78k367)

[1] Civil Rights ☞1557
78k1557
(Formerly 78k389)

Federal regulation governing issuance of right to sue letters by Equal Employment Opportunity Commission (EEOC) does not mandate that district court or EEOC appoint counsel, but rather allows EEOC to offer necessary or appropriate assistance to person who receives right to sue letter. 29 C.F.R. § 1601.28(a)(4).

[2] Civil Rights ☞1557
78k1557
(Formerly 78k389)

Denial of motion for appointment of counsel for employee in employment discrimination action was not abuse of discretion where there was no proof that employee was indigent or that claims had enough merit to survive dismissal or summary judgment. Civil Rights Act of 1964, § 706(f)(1), as amended, 42 U.S.C.A. § 2000e-5(f)(1).

*132 On Appeal from the United States District Court for the Eastern District of Michigan.

Before KEITH and COLE, Circuit Judges; MARBLEY, [FN*] District Judge.

FN* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

OPINION

COLE, Circuit Judge.

**1 The sole issue on appeal is whether the district court improperly refused the request of plaintiff-appellant, Dimitrious S. Marangos, for the appointment of counsel. This Court AFFIRMS the district court's denial of appointment of counsel.

I. BACKGROUND

Dimitrious S. Marangos, an electrician employed by defendant-appellee, General Motors Corporation, sued his employer for national origin and disability discrimination occurring between 1986 and 1999. Marangos first filed his complaint with the EEOC, which dismissed his complaint and issued a "right to sue letter." Next, Marangos filed a complaint with the district court and also moved for appointment of counsel. The district court rejected appellant's *133 request, reasoning that absent exceptional circumstances, appointment of counsel is appropriate "only after a motion to dismiss or for summary judgment has been denied and only after the court determines the party requesting the counsel is indigent." Later, General Motors moved for dismissal and summary judgment due to res judicata and failure to plead a prima facie case. The district court granted General Motors' motion.

II. DISCUSSION

[1] In support of his appeal, Marangos cites 29 C.F.R.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

32 Fed.Appx. 132                                                                                                    **Page 2**
(Cite as: 32 Fed.Appx. 132, *133, 2002 WL 448466, **1 (6th Cir.(Mich.)))

§ 1601.28(a)(4), the federal regulation governing the EEOC's issuance of right to sue letters. Marangos's reliance on § 1601.28(a)(4) is misplaced, however, because the regulation does not mandate that a district court or the EEOC appoint counsel. Rather, § 1601.28(a)(4) allows the EEOC to offer necessary or appropriate assistance to a person who receives a right to sue letter. *See* 29 C.F.R. § 1601.28(a)(4) (2001) ("The issuance of a notice of right to sue does not preclude the Commission from offering such assistance to a person issued such notice as the Commission deems necessary or appropriate.").

[2] Similarly, the district court's ability to appoint counsel in employment discrimination cases is discretionary. 42 U.S.C.A. § 2000e- 5(f)(1) (2001) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant ..."). In reviewing employment-related appointment of counsel decisions for abuse of discretion, the Sixth Circuit considers three factors: "(1) the plaintiff's financial resources; (2) the plaintiff's efforts to obtain counsel; and (3) whether the plaintiff's claim has any merit." *Leon v. Fed. Reserve Bank of Chicago,* 823 F.2d 928, 930 (6th Cir.1987). Here, the district court refused to appoint counsel because there was no proof that Marangos was indigent or that the claims had enough merit to survive dismissal or summary judgment. Based on its consideration of these two factors, the district court acted within its discretion in denying the appointment of counsel to Marangos and that order should be AFFIRMED.

32 Fed.Appx. 132, 2002 WL 448466 (6th Cir.(Mich.))

END OF DOCUMENT

RECEIVED
MAY – 5 2004

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works