HARRIS BEACH PLLC
100 Wall Street
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659

-and-

HARRIS BEACH PLLC
Lee E. Woodard, Esq.
333 West Washington Street, Suite 200
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF TOWN OF SALINA, NEW YORK TO MOTION OF GUC TRUST FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §105(a) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES INCLUDING, MANDATORY MEDIATION**

The Town of Salina, appearing through the undersigned counsel, responds to the GUC Trust's Motion for Entry of an Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the "Claims Procedures Motion"), and respectfully states as follows:

229314 1763768v1

1. The Town of Salina (the "Town") has filed three claims in the Debtors' cases, each for reimbursement and payment of funds resulting from the Debtors' environmental contamination of various sites within the Town of Salina and the County of Onondaga in New York.

2. These claims filed assert the following claims against the Debtors: (i) approximately $12,498,818.63 for reimbursement for environmental contamination at the Onondaga Lake Superfund Site; (ii) approximately $18,577,319.00 for reimbursement for environmental contamination at the former-Town of Salina Landfill (the "Landfill Claim"); and (iii) an amount to be determined, but estimated to be in excess of $10,000,000.00 for reimbursement for environmental contamination at the Lower Ley Creek subsite (collectively, the "Town's Claims").

3. The Town objected to the prior Motion brought by the Debtors in February, 2010 for entry of an Order pursuant to 11 U.S.C.§105(a) and General Order M-390 authorizing implementation of alternative dispute resolution procedures including mandatory mediation. As a result of that objection, the Town was not required to participate in the alternative dispute resolution procedures at that time.

4. Upon information and belief, the latest Claims Procedures Motion brought by the GUC Trust now seeks to impose alternative dispute resolution procedures on the Town to resolve its claims. As outlined in the Claims Procedure Motion, Additional Designated Claims to be resolved through the Claims Procedures Motion are "Environmental Claims that are now ripe for determination as environmental claimants have had more than two and a half years since the filing of the bankruptcy to fully evaluate and finalize the extent and the amount of their claims and the GUC Trust's liability." *See Claims Procedures Motion*, ¶ 12, at p 5.

5. The Town is anxious to have its claims resolved; however, unless there are certain protections in place and revisions to the proposed ADR Order attached to the Claims Procedure

2

229314 1763768v1

Motion as Exhibit "1" (the "Second Amended ADR Order"), the Town should nevertheless be excepted from the Claims Procedures Motion for a variety of reasons.

6. First, the Town does not believe the Landfill Claims can be settled without the involvement of New York State and the New York State Department of Environmental Conservation ("DEC"). Upon information and belief, the GUC Trust will not settle the Town's Claims separately without a global resolution of the DEC's Claims that pertain to the Landfill Site (the "DEC's Landfill Claims"). There is no question that the Town's Claims are integrated with the DEC's Landfill Claims and that they arise from the same facts and circumstances. However, it is unclear whether the Town and the DEC will be allowed or required to proceed as a single joint claimant with respect to the Landfill Claims.

7. The Court should be aware that, under the Town's State Assistance Contracts with New York State and the DEC (the "Contracts"), the Town is reimbursed 75% of eligible remediation costs for the Landfill from the DEC. The Contracts require that the Town make all reasonable efforts to recover its response costs from responsible parties (including the Debtors) and to assist the DEC and New York State in compelling responsible parties to contribute to the cost of remedying the Landfill. Thus, establishing the amount of the Town's Claims should be done in conjunction with establishing corresponding claims asserted by the DEC and New York State. This process would also result in greater efficiencies for the GUC Trust and preserve both the GUC Trust's and the Town's resources because the Town's and the DEC's Landfill Claims will be considered together, eliminating a duplication of effort and expense involved in two separate proceedings in different forums.

8. Second, it appears that the proposed ADR Procedures Motion provides for an improper and overly broad ADR Injunction that leaves the claimants in an uncertain position in not

3

229314 1763768v1

being able to move forward with liquidating the claims or taking any further steps to allocate liability to the Debtors' estates. This ADR Injunction disregards the express exception from the automatic stay for governmental entities like the Town of Salina for activities that constitute enforcement of police and regulatory authority. See 11 U.S.C. § 362(b)(4).

9. Moreover, there are no procedures, terms, provisions or other protections in the GUC Trust's proposed ADR Procedures to ensure that the requisite discovery is undertaken to fully develop the underlying facts surrounding the environmental claims, the underlying environmental contamination and the Debtors' proportionate share for remedial costs. The Town, the DEC and the Debtors previously engaged in preliminary settlement discussions, but were unable to resolve the Landfill Claims. During those discussions, Counsel for the Debtors (and now the GUC Trust) supplied very limited information to the Town's Professionals regarding their calculations and allocation of the Debtors' share of remediation costs. To insure all relevant information is available, the Second ADR Order must allow for a complete discovery process and exchange of information between the parties.

10. Fourth, the GUC Trust states that the proposed two environmental mediators (the "Enironmental Claims Mediators") allegedly have expertise in the environmental arena and in regulatory matters related to the protection of human health and the environment. However, the Town has not been provided with their background information and experience, or been provided with sufficient time to review their credentials. The issues to be dealt with in liquidating the Town's Claims are legally and factually complex and will require significant expertise in environmental liability, clean-up and related areas. It is critical that the Environmental Claims Mediators that are to review the Town's claims have the necessary experience that will be required to value them. The Town therefore requests full disclosure of credentials and experience, (including involvement in

4

229314 1763768v1

prior ADR proceedings with environmental issues and the outcome of those proceedings), prior to agreeing to the Environmental Claims Mediators proposed by the GUC Trust. In the event the Town objects to the proposed mediators, the parties shall seek alternatives that are acceptable to all parties involved.

11. Finally, the Town of Salina is a budget-constrained municipality that relies on public tax-dollars to funds its operations, and does not have funds to pay for alternative dispute resolution costs and fees. The Town's involvement in this bankruptcy case has been, and continues to be, a financial burden to the Town. The GUC Trust should be required to fully fund any mediation and other resolution procedures involving the Town's Claims. Consequently, the Second Amended ADR Order should be revised to include that the sharing of any ADR costs by the Town should be waived as such sharing would constitute a substantial hardship on the Town.

12. In the event the Town of Salina is not excepted from the ADR Procedures, the Town requests that the Second ADR Order be revised to address the issues raised herein and that any such revised ADR Order be approved by counsel for the Town prior to submission to the Court.

WHEREFORE, the Town of Salina respectfully requests: (i) that the Town of Salina Claims be excluded from the ADR Process until such time when its claims can be established simultaneously with the DEC and New York State's claims regarding the Town of Salina Landfill Site; (2) the Second Amended ADR Order be revised to address the objections outlined above; and (3) such other and further relief as is deemed just and proper.

Dated: February 23, 2012

/s/ Lee E. Woodard
Lee E. Woodard, Esq.
HARRIS BEACH PLLC
333 West Washington St., Ste. 200
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331

229314 1763768v1

-and-

100 Wall Street
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659

Attorneys for Town of Salina.

229314 1763768v1