Hearing Date and Time: March 1, 2012 at 9:45 a.m. (ET)
Objection Deadline: February 23, 2012 at 4:00 p.m. (ET)

**The Wladis Law Firm, P.C.**
PO Box 245
5795 Widewaters Parkway
Syracuse, NY 13214
Telephone: (315) 445-1700
Kevin C. Murphy, Esq.

-and-

**Department of Law**
**Onondaga County, New York**
John H. Mulroy Civic Center, 19th Floor
421 Montgomery Street
Syracuse, New York 13202
Telephone: (315)435-2170
Luis A. Mendez
Senior Assistant County Attorney

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

MOTORS LIQUIDATION COMPANY, *et al.*,
f/k/a General Motors Corp., *et al.*,

Debtors.

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

**LIMITED OBJECTION OF ONONDAGA COUNTY, NEW YORK
TO THE TRUSTEE'S MOTION SEEKING AN ORDER AUTHORIZING
IMPLEMENTATION OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES,
INCLUDING MANDATORY MEDIATION AND DISCLOSURE STATEMENT,
DATED FEBRUARY 13, 2012**

The County of Onondaga, State of New York (the "County" or "Onondaga County"), by and through its undersigned counsel, submits these limited objections and comments to the proposed Order Authorizing Implementation of Alternative Dispute Resolution Procedures with respect to the proposed inclusion of all Environmental Claims within the scope of the proposed

Order, and respectfully states as follows:

## BACKGROUND

1. The Debtors filed Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. Onondaga County, New York (the "County") filed a three-pronged proof of claim for reimbursement and/or the payment of funds resulting from environmental contamination of various Debtor-owned or Debtor-contaminated sites located in Onondaga County, New York premised on purchase and sale and indemnification agreements entered into by the County and the Debtors as well as the Debtors' liability under federal statutory law.

3. Specifically, the County claims concern (a) the so-called PCB Dredge Spoil Site contaminated with PCBs originally discharged from the Debtor's environmentally impacted Inland Fisher Guide (IFG) facility located in Onondaga County adjacent to Ley Creek; (b) a multi-party United States Environmental Protection Agency (EPA) claim with respect to PCB contamination detected in Lower Ley Creek, downstream of the former IFG facility and extending to the mouth of the Creek where its discharges into Onondaga Lake, and (c) a joint EPA/State of New York multi-party claim with respect to the overall Onondaga Lake Superfund site, including PCB contamination of Onondaga Lake sediments.

4. On or about January 11, 2010, the Debtors filed a Motion for an order seeking authorization to implement alternative dispute resolution procedures, including mandatory mediation, with respect to Unliquidated/Litigation claims in part as a means to quantify the sum of general unsecured claims (the "2010 ADR Procedures Motion").

5. On or about February 2, 2010, the County filed an objection to the 2010 ADR Procedures Motion (the "ADR Objection") solely as to the proposed handling of environmental claims. As a result of other similar objections, and perhaps due to the first reports of on-going negotiations of environmental claims issues between the Debtors and federal and state environmental officials, all environmental claims, including the County's claims, were excluded from the ADR procedures authorized by a Court Order dated February 23, 2010 (the "2010 ADR Procedures Order").

6. On or about February 11, 2011 the County filed objections to Debtors' proposed Conformation Plan.

7. The County's objections to confirmation were resolved by Debtors' pledge, placed on the Record at the March 3, 2011 Hearing on the Confirmation Plan to set aside:

> "an amount of not less than $70 million of the total amount of $250 reserved for Federal general unsecured environmental claims (which includes the general unsecured environmental claims of Onondaga County, New York) has been allocated for general unsecured claims with respect to Motors Liquidation Corporation's (MLC's) alleged responsibility for contamination of Ley Creek below the Route 11 Bridge and extending into Onondaga Lake."

8. By Motion dated on or about February 13, 2012, the General Unsecured Creditors Trust Trustee has moved this Court to amend the 2010 Alternative Dispute Procedures Order to include within its ambit the any previously excluded environmental claims that have yet to be resolved, reportedly primarily claims located in New York State.

9. Pursuant to the terms of the proposed 2012 Order proffered by the General Unsecured Creditor Trustee, it is the County's understanding that the proposed Amended ADR procedures: "shall not apply to claims filed by the United States of America or its agencies". (Third ORDERED Paragraph of the Proposed Order of Trustee's Motion to Supplement Order Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation).

3

10. Provided that the Amended Order as finally entered does not impair the basis upon which the County agreed to resolve its objections to Confirmation as set forth at paragraph 7, supra, the County interposes the following limited objections to the relief requested by the Trustee as set forth below:

The Unnecessary and Wasteful Costs of the Proposed Order

11. Initially, the County notes the Debtor did not, to the knowledge of Onondaga County, consult with any of the environmental claimants in an effort to consider their concerns or to determine whether all or a portion of the environmental claims are properly the subject of the alternative dispute resolution procedures proposed in the pending motion or if a negotiated resolution was possible.

12. In his motion for relief, the Trustee states:

> There are a number of reasons why the GUC Trust is now seeking to expand the ADR Procedures to claims that were previously excluded, as more fully set forth below.
>
> *a. Environmental Claims*
>
> Initially, the Debtors excluded the Environmental Claims from the ADR Procedures to allow the Debtors to move forward on a minimally contested basis on the bulk of the unliquidated/litigation claims. A number of parties had objected to the use of the ADR Procedures for Environmental Claims. Generally, the following points were raised in objections to the inclusion of the Environmental Claims as Designated Claims: (i) the Environmental Claims were not ripe for determination and could not be resolved until claimants were able to conduct additional testing and take discovery to determine the Debtors' liability and the extent and amounts of the claims; (ii) the Environmental Claims are factually and legally complex and interrelated to other claims at a particular site that should be addressed together; (iii) the proposed panel of mediators at each mediation location did not appear to have the requisite environmental expertise, as no panel member was uniquely designated by the Debtors to handle environmental claims; (iv) the Debtors should be required to pay the costs of mediation; and (v) the ADR Procedures do not provide a mechanism for assuring funds will be available for the Environmental Claims and no reserve was established for "off-site" contamination. These objections either have been addressed or are no longer relevant. The Environmental Claims are now ripe for determination as environmental claimants have had more than two-and-a-half years since the

4

filing of the bankruptcy to fully evaluate and finalize the extent and amount of their claims and the GUC Trust's liability. Moreover, since this Court entered the Original ADR Order, the Debtors and the GUC Trust have had a significant amount of success in resolving the majority of the Environmental Claims without mediation. Currently, only a handful of the Environmental Claims remain unresolved, and applying the ADR Procedures to those claims, many of which concern the same property located in New York, would allow the GUC Trust the opportunity to efficiently resolve related claims within a reasonable time frame, under consistent procedures. Further, under the Plan, appropriate reserves have been made for all such claims.

13.     The County respectfully submits that the Trustee's asserted reasons for revisiting inclusion of environmental claims in the ADR process sets forth a more compelling argument that the proposed procedures have been and will be wasteful of Trust resources by mandating the resort to expensive mediation procedures.

14.     To the contrary, the Trustee's bases for this proposed wasteful use of Trust resources (i.e., "the Debtors and the GUC Trust have had a significant amount of success in resolving the majority of the Environmental Claims without mediation") militate for a serious effort by the Trustee to proceed with alacrity to negotiate a resolution of the remaining environmental claims with the Claimants.

15.     To be frank, the GUC Trust has declined to negotiate certain environmental claims due to reportedly on-going negotiations with the United States. In the year following entry of the Confirmation Order, the Trustee has never reached out to County representatives to seek either input or records upon which to base an offer of settlement, otherwise discuss valuation and/or resolution of the claim or approaches to work out a proposed approach to a remedy that might cost/effectively provide for a remedy while conserving Trust assets for the benefit of all creditors.

5

16. Onondaga County is ready and willing to sit down and negotiate its claim and the County informed counsel for the Debtor as much following receipt of this motion. Alternatively, the County is amenable to the Debtor first concluding its on-going negotiations with the United States.

17. Under the circumstances however, the Trustee seeks imposition of an expensive surcharge as a means of resolving the environmental claims that is neither justified by the Trustee's unwillingness, to date, to actually negotiate or the facts of the subject claims.

18. The County specifically objects to the cost proposed sharing provisions (See Trustee's Affidavit at ¶ 14). There simply is no basis for imposing upon creditors the costs of recovering funds due the creditors especially, as in the case at bar, resort to the expense of the cumbersome and time consuming proceedings proposed by the Trustee are the product of Trustee's failure to negotiate claims with all creditors.

<u>The Proposed Procedures do Not Address the Reality of Multiple Claimants</u>

19. The County is aware that more than one claimant has filed a proof of claim with respect to some of the matters addressed in the County's claim. However, the proposed 2012 ADR procedure makes no allowance for the factually and legally complex nature of multi-party environmental claims. Questions that the proposed order leaves unaddressed include the following: Is it possible for or required that such environmental claimants proceed as a single joint claim? Conversely, are such environmental claimants required to proceed as a single joint claim?

20. Given these concerns the County requests inclusion of a mechanism to determine if certain environmental claims should be excluded from the proposed Amended Order.

6

21. Alternatively, at the direction of the Court, the Trustee should be required to determine if certain environmental claims should be exempted from the proposed Amended Order prior to its entry or by a date certain after an order is executed.

22. Given the above concerns, the Trustee should first be required to determine if certain Environmental Claims need not be subject to the terms of the proposed Amended Order or if certain should be precluded from the terms of the proposed Amended Order.

23. Lastly in this regard, to the extent the Trustee can identify specific environmental claims that have not been amenable to resolution despite the best efforts of the Trustee, the County has no objection to those environmental claims, if not factually or legally related to the County claim, being identified and made subject to the proposed Amended Order.

The Need for Limited Discovery

24. The proposed rules severely restrict the claimants' ability to secure necessary discovery from the Trustee, particularly with respect to the County's claim which is driven, in part, by contract and in part, by the debtor's illegal unpermitted historical and on-going discharges of polychlorinated byphenols into the environment. While the County has certainly investigated its claim, the Trustee has shared no information concerning its contentions, factual bases or defenses for objecting to the County claim. As a result, environmental claims should be subject to some form of limited mandatory disclosure.

The Proposed Order Fails to Provide for Qualified Mediators

25. The motion and proposed Amended Order are silent as to the required qualifications for the proposed mediators or arbitrators. The County submits while the experience and expertise of the existing panel members is substantial, the nature of the subject

7

claims suggest the need for mediators and arbitrators expert in the resolution of similar environmental claims involving complex science and allocation issues as well as the intricacies of recent CERCLA jurisprudence.

26.    The County suggests the panel should be expanded with additional qualified mediators and arbitrators.

27.    Onondaga County, New York has no objection to any other portion of the motion or proposed Amended Order.

*Intentionally Left Blank*

WHEREFORE, for the reasons set forth above the Claimant Onondaga County, New York respectfully objects to that portion of the pending motion that proposes the inclusion of all remaining environmental claims in the proposed Amended Order and proposes the following:

A.  An initial stay of the Amended Order as to Environmental Claims for a period of 180 days during which time the Trustee shall be directed to attempt to secure a resolution of the Environmental Claims directly with each Environmental Claims creditor or as appropriate the United States;

B.  Absent a stay, require that the Trust pay all Mediation and Dispute Resolution costs;

C.  Allow for limited discovery; and

D.  Broaden the panel of available mediators to include experts with specific applicable CERCLA experience.

Dated:  Syracuse, New York
        February 23, 2012

Attorneys for Claimant
Onondaga County, New York

By: /s/ Luis A. Mendez, Esq.
    Luis A. Mendez
    Senior Deputy County Attorney
    John H. Mulroy Civic Center, 19th Floor
    421 Montgomery Street
    Syracuse, New York 13202
    Telephone: (315)435-2170

By: /s/ Kevin C. Murphy, Esq
    Kevin C. Murphy
    The Wladis Law Firm, P.C.
    PO Box 245
    Syracuse, NY 13214
    Telephone: (315) 445-1700