Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq.
Shannon Anne Scott, Esq.

*Attorneys for Woodbury Cadillac LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.* | Case No. 09-50026 (REG) (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------------X

### LIMITED OPPOSITION BY WOODBURY CADILALC LLC TO GUC TRUST'S 268TH OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS

Woodbury Cadillac LLC ("Woodbury Cadillac" or "Claimant") by and through its counsel, Jaspan Schlesinger LLP, hereby raises and files this Limited Opposition to the Debtors' 268th Omnibus Objection to Claims and Motion requesting enforcement of Bar Date Orders, dated January 27, 2012, and respectfully shows and alleges as follows:

### BACKGROUND

1.  On or about December 11, 2008, Woodbury Cadillac and Country Cadillac, Buick, Pontiac and GMC Truck, LLC ("Country") entered into a Contribution and Asset Purchase Agreement (the "Contract") wherein, Woodbury Cadillac agreed to acquire certain assets (the "Assets") of Country's automotive dealership (the "Dealership") for the sale and service of new and used vehicles bearing the "Cadillac" brand and mark.

2.      Under this Contract, Country agreed to contribute the Assets from its Dealership located at 305 W. Jericho Turnpike, Huntington, New York for a 17.5% membership interest in Woodbury Cadillac's dealership located at 760 Jericho Turnpike, Woodbury, New York. General Motors Corporation ("GM") was subsequently notified of Country's intention to transfer the Assets to Woodbury Cadillac.

3.      On or about March 12, 2009, Woodbury Cadillac received a letter from Country, dated March 10, 2009, in which Country advised Woodbury Cadillac that it would be unable to abide by the terms of the Contract and would not participate in the transfer of its Assets and the sale of its membership interest as agreed to due to Country's failure to obtain the requisite approval from GM and its Cadillac Division (the "Letter"). In the Letter, Country also informed Woodbury Cadillac of GM's intent to terminate Country's franchise rights effective March 16, 2009. Woodbury Cadillac at all times was ready, willing and able to perform all of its obligations pursuant to and in accordance with the terms of the Contract, but for the tortuous interference of GM.

4.      Accordingly, on or about March 13, 2009, Woodbury Cadillac commenced an action (the "Action") against Country and GM, bearing index number 09/0043687, in the Supreme Court, State of New York, County of Nassau ("Supreme Court"), seeking, among other things, damages for GM's tortuous interference with the Contract. Moreover, the Action was also brought to enjoin GM from taking any action to prevent Country from performing its obligations under the Contract.

5.      As a result of the filing of the Action by Order to Show Cause and a Summons and Complaint, the Supreme Court granted Woodbury Cadillac a Temporary Restraining Order

(the "TRO") enjoining GM from "relinquishing and/or terminating its franchise agreement with Country".

6. On or about April 14, 2009, Woodbury Cadillac was notified that GM had effectively terminated Country's franchise upon service of GM's Affirmation of Counsel Timothy J. McHugh, Esq. in opposition to Woodbury Cadillac's Order to Show Cause, dated April 14, 2009 ("GM Affirmation"). In the GM Affirmation, Mr. McHugh testified, *inter alia*, that Country had been terminated as a dealer in the GM system on March 17, 2009. GM actions clearly demonstrate it violated and continued to act in complete disregard of the TRO.

7. Thereafter, on or about June 1, 2009 and periodically thereafter, GM (n/k/a Motors Liquidation Company) and certain of its affiliates (collectively, the "Debtors"), commenced voluntary cases under chapter 11 of the United States Code ("Chapter 11 cases"). The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). Woodbury Cadillac was a scheduled creditor of the Debtors as an unsecured claimant on Schedule F to Exhibit F-7, pg. 177 of 181. As a result of the Chapter 11 cases, Woodbury Cadillac's Action was stayed as a result of the automatic stay.

8. On or about January 14, 2011, Woodbury submitted its formal proof of claim to the Garden City Group, Inc. (the "Claims Agent"), for an unsecured claim amount of $1,000,000.00. Woodbury Cadillac's claim was enumerated as claim no. 70618 ("Claim No. 70618") by the Claims Agent. A copy of Claim No. 70618 is annexed hereto as Exhibit "A".

9. Attached to Claim No. 70618 are copies of the subject Contract, the Letter and TRO executed by the Court in the Action which was commenced prior to the filing date of the

Chapter 11 cases which outline GM's tortuous interference with the Contract, which has caused Woodbury Cadillac to suffer irreparable harm and damages in the amount of $1,000,000.00.

10. At no time prior to the filing of Claim No. 70618 was Woodbury Cadillac provided and/or in receipt of any notice of a bar date, nor was it aware of any date barring the submission of its claim.

11. The GUC Trust ( the "Trustee") has since filed its 268th Omnibus Objection to Claims and Motion requesting enforcement of Bar Date Orders, dated January 27, 2012, (the "268th Omnibus Objection"), indicating an objection to Claim No. 70618 on the basis that it is a "Late Filed Claim". [Docket Entry # 11356]. To the extent the Trustee objects to Claim No. 70618 on this basis, Woodbury Cadillac opposes the 268th Omnibus Objection and respectfully asserts that the Debtor failed to provide notice to Woodbury Cadillac of a bar date to such claim, Woodbury Cadillac never received actual notice of a bar date, and therefore, Claim No. 70618 should be allowed as a timely filed claim.

## PROOF OF CLAIM NO. 70618 SHOULD BE ALLOWED

12. Woodbury Cadillac hereby submits its limited opposition to the Trustee's 268th Omnibus Objection for the reasons set forth herein.

13. The Federal Rules of Bankruptcy Procedure permit bankruptcy courts to establish bar dates by which proofs of claim must be filed or thereafter forfeited by the creditors. See Fed. R. Bankr. P. 2002(a)(7), 3003(c)(3). In order for a claim, such as the claim herein, to be time-barred, there has to be reasonable notice to the creditor. Collier on Bankruptcy at ¶ 3003.03[4] at 3003-9.

14. As a result of the Action, Woodbury Cadillac was listed amongst the endless schedule – approximately 181 pages, as a creditor at the time of the filing of the Chapter 11

cases. Specifically, Woodbury was scheduled as creditor of the Debtors as an unsecured claimant on Schedule F to Exhibit F-7, at page 177 of 181 pages of the creditors.

15. Accordingly, on or about January 14, 2011, Woodbury submitted its formal proof of claim -- Claim No. 70618, to the Claims Agent for an unsecured claim amount of $1,000,000.00.

16. As a scheduled "known" creditor, Woodbury Cadillac is entitled to actual notice of a bar date to its claim. See New York v. New York, N. H. & H. R. Co., 344 U.S. 293, 297 (U.S. 1953) (stating that a creditor should not be required to "make independent inquiry" as to the existence of a bar date [and] "even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred" ); Regen Capital I, Inc. v. Halperin (In re U. S. Wireless Data, Inc.), 547 F.3d 484, 492 (2d Cir. N.Y. 2008); In re XO Communs., Inc., 301 B.R. 782, 792 (S.D.N.Y. 2003) ("If a creditor is "known" to a debtor, actual notice of a debtor's bankruptcy filing and bar date must be given to the creditor in order to achieve a legally effective discharge of the creditor's claim"); In re Kelton Motors, Inc., 135 B.R. 758, 762 (D. Vt. 1991)(stating the "bankruptcy court has no discretion but must allow late claims where a creditor has not received notice of the bar date -- regardless of his actual knowledge of the bankruptcy proceedings.").

17. Yet, in the instant matter, Woodbury Cadillac was never provided actual notice of any bar date in relation to its claim.

18. Indeed, the 268th Omnibus Objection (or the attached Exhibit A) fails to provide a scintilla of evidence that Woodbury Cadillac was provided notice of a bar date. The Trustee's broad stroke contention in the 268th Omnibus Objection is merely an attempt to whitewash its failure to provide notice.

19. The 268th Omnibus Objection is devoid of any proof, in the form of sworn testimony or documentary evidence, that Woodbury Cadillac was provided <u>any</u> notice of any such bar date. It does not even indicate which of the several bar dates discussed is applicable to Claim No. 70618.

20. Accordingly, as Woodbury Cadillac was not provided with the required notice, Claim No. 70618 should be allowed.

## **CONCLUSION**

21. For the foregoing reasons, Woodbury Cadillac LLC requests that Claim No. 70618 be allowed in its entirety in the amount of $1,000,000.00, together with such other and further relief as this Court deems just and proper.

22. Woodbury Cadillac LLC reserves the right to revise, supplement, or amend this Opposition, and any failure to object on a particular ground or grounds shall not be construed as a waiver of his right to object.

**WHEREFORE**, Woodbury Cadillac LLC requests that Claim No. 70618 be allowed in its entirety in the amount of $1,000,000.00, as an unsecured claim, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
February 23, 2012

JASPAN SCHLESINGER LLP
*Attorneys for Woodbury Cadillac LLC*

By: s/Steven R. Schlesinger
STEVEN R. SCHLESINGER
SHANNON ANNE SCOTT
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000