**HEARING DATE AND TIME:  March 1, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :     Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :     09-50026 (REG)
       f/k/a General Motors Corp., et al. :
                                          :
                      Debtors.            :     (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S
REPLY TO RESPONSES TO THE 103rd OMNIBUS OBJECTION
TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED
AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# TABLE OF CONTENTS

**Page**

Preliminary Statement.................................................................................................... 1

The Claims Should Be Disallowed and Expunged .................................................... 3

    (A)    The Claims Should Be Disallowed As Debtors Had The Right to Amend
           or Terminate Each Welfare Benefit Plan ........................................................... 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................................... 4

The Responses ............................................................................................................. 5

    Claim No. 10327: Floyd Jankowski.................................................................... 5

    Claim No. 19527: Louis J. Alarie ...................................................................... 6

    Claim No. 31467: George W. Conrad ................................................................ 6

Conclusion .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
 514 U.S. 73 (1995)................................................................................................3

*Moore v. Metro. Life Ins. Co.*,
 856 F.2d 488 (2d Cir. 1988)................................................................................3

*In re Oneida, Ltd.*,
 400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
 234827 (S.D.N.Y. Jan. 22, 2010)........................................................................3

*Sprague v. Gen. Motors Corp.*,
 133 F.3d 388 (6th Cir. 1998) ...............................................................................3

## STATUTES

29 U.S.C. § 1051(1)...............................................................................................3

Employee Retirement Income Security Act of 1974 ....................................................3

US_ACTIVE:\43760293\09\72240.0639                                    ii

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

   The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), files this reply (the "**Reply**") to the Responses (defined below)

interposed to the 103rd Omnibus Objections to Claims (Welfare Benefits Claims of Retired and

Former Salaried and Executive Employees) (ECF No. 7105) (the "**Omnibus Objection**"), and

respectfully represents:

<u>**Preliminary Statement**</u>

   1.  On September 23, 2010, the Debtors filed the Omnibus Objection.  The

Omnibus Objection seeks the disallowance and expungement of certain compensation and

welfare benefits claims of retired and former salaried and executive employees of the Debtors on

the basis that such claims (a) are related to unvested welfare benefits that were capable of being

modified or terminated by the Debtors at will pursuant to the terms of the operative documents

governing such welfare benefits and were modified or terminated in accordance with such

operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objection, are not the responsibility of the Debtors or the GUC Trust and, therefore, should be

disallowed and expunged from the claims register.

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

2.      Responses to the Omnibus Objection were due by October 19, 2010.  The responses listed on **Annex "A"** annexed hereto, and described further herein were filed with respect to the Omnibus Objection (collectively, the "**Responses**") by Floyd Jankowski, Louis J. Alarie, and George W. Conrad (individually, a "**Responding Party**" and collectively, the "**Responding Parties**") relating to their individual claims (the "**Claims**").

3.      The Responses are generally not substantive, but are critical of the reduction or termination of welfare benefits provided to retired and former salaried and executive employees of the Debtors.  After reviewing the Responses, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objection, and submits that the Responding Parties have failed to provide any legal or factual support for the Claims.  Notwithstanding the Responding Parties' opposition, the Responses should be dismissed because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues to provide Welfare Benefits as modified prior to their assumption by New GM.  Consequently, the Debtors and the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust files this Reply in support of the Omnibus Objection and respectfully requests that the Claims be disallowed and expunged from the claims register.

4.      The Debtors and the GUC Trust are, of course, sympathetic to the impact that the financial problems of the Debtors have had on the Responding Parties' welfare benefits.

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

## The Claims Should Be Disallowed and Expunged

5.      The Responding Parties have failed to demonstrate the validity of their Claims and, thus, the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)     The Claims Should Be Disallowed
As Debtors Had The Right to Amend or Terminate Each Welfare Benefit Plan**

6.      In their Responses, the Responding Parties have not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide them, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The Omnibus Objection explains that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans and that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.      In addressing claims similar to the Responding Parties' Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or*

*terminate welfare plans.*" *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)

(emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As

noted in the Omnibus Objection, however, the Sixth Circuit has recognized that once welfare

benefits are vested, they are rendered forever unalterable.

        8.      Thus, the Responding Parties bear the burden of showing that the Debtors

intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the

Welfare Benefits, such that each Responding Party has a contractual right to the perpetual

continuation of their Welfare Benefits at a contractually specified level.

        9.      In their Responses, the Responding Parties have not provided any

evidence that contradicts the Debtors' common practice of advising participants of the Welfare

Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.

Moreover, the Responding Parties have not provided any evidence of a separate, affirmative

contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits

specifically to the Responding Parties.  Therefore, the Debtors and the GUC Trust do not have

any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)**      **Ongoing Benefits Have Been Assumed by New GM**

        10.      On the Closing Date, New GM completed its purchase of certain assets in

accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master

Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New

GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set

forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the

extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and the Responding Parties have not provided any credible factual or legal basis to suggest

otherwise.

### The Responses

**(A)    Claim No. 10327: Floyd Jankowski (the "Jankowski Claim")**

        11.    On October 12, 2010, a response (ECF No. 7353) was filed on behalf of

Mr. Jankowski, and on October 18, 2010, a further response was provided to Debtors' counsel on

behalf of Mr. Jankowski (together, the "**Jankowski Responses**"), both stating opposition to the

relief sought in the Omnibus Objection with respect to the Jankowski Claim.  (*See* Proof of

Claim and Jankowski Responses annexed hereto as **Exhibit 1**).  In the Jankowski Responses, Mr.

Jankowski opposes the disallowance and expungement of the Jankowski Claim on the basis that

he had provided nearly thirty years of service to his former employer, General Motors

Corporation ("**GM**").  Mr. Jankowski further opposes the disallowance and expungement of the

Jankowski Claim on the basis that he had agreed in 1992 to a settlement of a workers'

compensation claim for the lump sum amount of $30,000.  The Jankowski Responses include a

partial transcript of a court hearing reviewing this settlement (the "**Jankowski Settlement**").

        12.    The Jankowski Settlement appears to have no relevance to the Jankowski

Claim.  The Jankowski Settlement relates to a workers compensation claim brought by Mr.

Jankowski during his employment with GM.  The Jankowski Claim is entirely unrelated, being

based on the modification of Mr. Jankowski's retiree medical, extended care, and life insurance

benefits.  A successful workers' compensation claim would not result in a settlement that would

have specifically provided Mr. Jankowski with a vested right to Welfare Benefits or to recover

premiums in connection therewith.  The Jankowski Settlement therefore provides no support for the Jankowski Claim.

13.    The GUC Trust is not aware of any documentation or facts supporting the Jankowski Claim.  For the reasons set out above, the Debtors respectfully submit that the Jankowski Responses should be overruled, and the Jankowski Claim should be disallowed and expunged.

**(B)    Claim No. 19527: Louis J. Alarie (the "Alarie Claim")**

14.    On October 12, 2010, a response (ECF No. 7490) was filed on behalf of Louis J. Alarie (the "**Alarie Response**"), stating opposition to the relief sought in the Omnibus Objection with respect to the Alarie Claim.  (*See* Proof of Claim and Alarie Response annexed hereto as **Exhibit 2**).  In the Alarie Response, Mr. Alarie acknowledges the right of GM as his former employer to amend or terminate his welfare benefits: "I know that the Company, thru [*sic*] its Board can change that policy at any time" (Alarie Response at 1.)  Despite this acknowledgment, Mr. Alarie argues that the Board of Directors of GM did not make any changes to his welfare benefit plans, but in fact the U.S. Government directed such changes.  Mr. Alarie also offers some alternative restructuring options for the Debtors in his response.

15.    The Alarie Response provides no additional support for the Alarie Claim. Further, the GUC Trust is not aware of any documentation or facts supporting the Alarie Claim. For the reasons set out above, the Debtors respectfully submit that the Alarie Response should be overruled, and the Alarie Claim should be disallowed and expunged.

**(C)    Claim No. 31467: George W. Conrad (the "Conrad Claim")**

16.    On October 18, 2010, a response (ECF No. 7561) was filed on behalf of George W. Conrad (the "**Conrad Response**"), requesting further information on the status of the Conrad Claim.  (*See* Proof of Claim and Conrad Response annexed hereto as **Exhibit 3**).  No

specific arguments opposing the Omnibus Objection were made.  On Tuesday, July 12, 2011 at

3:50 p.m., counsel to the GUC Trust contacted Mr. Conrad to advise Mr. Conrad of the status of

the Conrad Claim and to determine whether Mr. Conrad would file any further response.  Mr.

Conrad advised that he would not file any further response to the Omnibus Objection.

       17.     The Conrad Response provides no support for the Conrad Claim.  Further,

the GUC Trust is not aware of any documentation or facts supporting the Conrad Claim.  For the

reasons set out above, the Debtors respectfully submit that the Conrad Response should be

overruled, and the Conrad Claim should be disallowed and expunged.

## Conclusion

       18.     Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been

established by the Responding Parties, and (iii) New GM assumed the Welfare Benefits Plans as

modified, the Debtors and the GUC Trust have no liability for the Responding Parties' Claims.

The GUC Trust reiterates that the Responses have not provided any legal or factual support for

the Claims and cannot be afforded prima facie validity under the Bankruptcy Code.

Accordingly, the Claims should be disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth herein and in the Omnibus Objection, the

GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objection and such other and further relief as is just.

Dated: New York, New York
        February 23, 2012

                                    /s/ Joseph H. Smolinsky
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Motors Liquidation
                                    Company GUC Trust

## Annex A

**103rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| 1. | 10327 | 7353 | Floyd Jankowski | $91,122.60 (P) | Mr. Jankowski asserts a claim for welfare benefits based on his years of service. Mr. Jankowski notes in his response that he participated in a workers compensation hearing in 1992, and includes a partial transcript from a workers compensation hearing to support the claim, although this hearing does not appear relevant to his current claim. |
| 2. | 19527 | 7490 | Louis J. Alarie | $36,000.00 (P) $10,000.00 (U) $46,000.00 (T) | Mr. Alarie asserts in his response that it was the U.S. Government, and not the board of General Motors Corporation, that determined to modify or terminate his welfare benefits. Mr. Alarie also provides some alternative solutions in his response to the reduction or elimination of his welfare benefits. |
| 3. | 31467 | 7561 | George W. Conrad | $28,000.00 (P) $28,000.00 (U) $56,000.00 (T) | Mr. Conrad's response seeks clarification of the status of his claim. |

## Exhibit 1



02486509
APS0655285538

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
☐ Motors Liquidation Company (f/k/a General Motors Corporation)
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem Inc )

**Case No**
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

*Your Claim is Scheduled As Follows:*

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under section 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (The person or other entity to whom the debtor owes money or property)
FLOYD JANKOWSKI

**Name and address where notices should be sent**

FLOYD JANKOWSKI
1224 HEAVENRIDGE RD
ESSEXVILLE MI 48732-1738

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
*(If known)*

Filed on _____

Telephone number **989-893-2036**
Email Address

**Name and address where payment should be sent** (if different from above)

**FILED - 10327
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC
OCT 14 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $_____

If all or part of your claim is secured, complete item 4 below, however if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** PERSONAL INJURY
*(See instruction #2 on reverse side)*

**3 Last four digits of any number by which creditor identifies debtor** 5895

**3a Debtor may have scheduled account as** _____
*(See instruction #3a on reverse side)*

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff** ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
**Describe**

Value of Property $_____ Annual Interest Rate ____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____ Amount Unsecured $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim such as promissory notes purchase orders, invoices itemized statements or running accounts, contracts judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary *(See instruction 7 and definition of redacted on reverse side)*

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☑ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date** 10-9-09

**Signature** The person filing this claim must sign it Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

Floyd Jankowski *Floyd Jankowski* "Retired"

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc, are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS  **IF BY MAIL**  THE GARDEN CITY GROUP INC  ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING  P O  BOX 9386, DUBLIN  OH 43017-4286  **IF BY HAND OR OVERNIGHT COURIER**  THE GARDEN CITY GROUP, INC  ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017  PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534  NEW YORK, NEW YORK 10004  **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M   (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These claims were commenced in the United States Bankruptcy Court for the Southern District of New York on, June 1, 2009  You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold  money loaned  services performed  personal injury/wrongful death, car loan, mortgage note and credit card  If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor s account or other number used by the creditor to identify the debtor if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured  (See DEFINITIONS, below )  State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C  § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority  (See DEFINITIONS, below )  A claim may be partly priority and partly non-priority  For example  in some of the categories  the law limits the amount entitled to priority

For claims pursuant to 11 U S C  § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1  2009, the date of commencement of these cases (See DEFINITIONS, below)  Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You must also attach copies of documents that evidence perfection of any security interest  You may also attach a summary  FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services  see instruction 2  Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it  FRBP 9011  If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title  if any  of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

## DEFINITIONS

**Debtor**
A debtor is the person, corporation  or other entity that has filed a bankruptcy case

Motors Liquidation Company
(f/k/a General Motors Corporation)  09-50026 (REG)
MLCS, LLC
(f/k/a Saturn, LLC)  09-50027 (REG)
MLCS Distribution Corporation
(f/k/a Saturn Distribution Corporation)  09-50028 (REG)
MLC of Harlem, Inc
(f/k/a Chevrolet-Saturn of Harlem, Inc )  09-13558 (REG)

**Creditor**
A creditor is the person  corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C  § 101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing  The creditor must file the form with The Garden City Group  Inc  as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C  § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states  a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor s business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C  § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has marked edited out, or otherwise deleted certain information  A creditor should redact and use only the last four digits of any social-security  individual's

## INFORMATION

tax-identification or financial-account number  all but the initials of a minor's name  and only the year of any person s date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage  lien certificate of title  financing statement  or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However  if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e)  any applicable provisions of the Bankruptcy Code (11 U S C  § 101 et seq )  and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claim@motorsliquidation com

FLoyd  JANKOWSKI    BENEFITS   Cost.

MEDICARE PREMIAM -  76.20 X 12mo = 914.40 x 20 YRS
till Age 85 = $18,208.00

ECC PREMIAM = 1973 till 2003 = 14.71 X 12 = 176.52 X 30 YRS
= 5295.60 WIFE passed Away 2003  $7.00 X 77mo. = $539.00
Total = $5834.60

LIFE INSURANCE = $77,000.00 Reduced to 34,073.00 At Age
75 Loss $67,000.00 went to $10,000.00.

Total Loss FoR CLAIM IS = $91122.60

PaJaulcowle

10-8-09

## SALARIED EMPLOYE RETIREMENT

### COMPLETE AT LEAST TWO MONTHS PRIOR TO RETIREMENT DATE

Name _Floyd Jankrowski_          S.S.N. _40362 5895_

Division _GMPT - Sag_          Interview Date _1-29-92_

Plant _SMI_          Interviewer _G R Snyder_

Credited Service:          Retirement Type _T+PD_

   Part A _29_ yr. _6_ months          Last day Worked _2-12-91_

   Part B _13_ yr. _4_ months          Retirement Date _2-1-92_


### LETTER OF INTENT

An employe intending to retire must sign a letter of intent
describing the type of retirement being applied for and the
effective date.  Under the current Salaried Retirement Plan
(6-90), intent forms are used for early voluntary and normal
retirements.  Window programs and special incentive
separations, if available, have forms specifically designed
for that offering.

Required Form(s):  Letter of Intent          _T+PD APPROVED_
~~Window Agreement~~
~~Incentive Separation Agreement~~


### REVIEW OF RETIREMENT BENEFIT

An employe intending to retire must sign the SRP - 117, which
describes and authorizes payment of retirement benefits.  In
addition, each employe must sign form SRP - 117A, which states
the conditions being placed on the payment of benefits.  This
could include a wage limitation up to age 62.  If a wage
limitation is imposed, the employe must also sign form
SRP - 117A (DA), which authorizes GM to receive FICA taxable
wage information from the Social Security Administration to
audit for wage limitation compliance.

Required Form(s):  SRP - 117 ✓
   SRP - 117A ✓
   ~~SRP - 117A (DA), if wage limitation~~

(RETIRE2,REV.10-91)

                                          _1677 56_
                                       _- 151 00   Fed Tax_
                                       _- 38.0u   St-Tax_
                                       _- 36.54   OLI_
                                       _- 9.56   DLI_
                                       _- 14.19   cmesp_
                              _Est   1428.33_

## LIFE INSURANCES

### Basic Group Life Insurance:

Continuing paid up life insurance is provided for employes who
retire either:
1. Early Voluntary, age 55-60, 85 points
2. Early Voluntary, 30 years credited service
3. Special or Window, over 10 years credited service
4. Normal, age 65
5. Total and Permanent, over 10 years credited service

During active employment, the basic policy equals 24 times
monthly base salary.  Once retired, the amount will decrease
by 2% the first month and a like amount each subsequent month,
until the amount equals (1.5% times original basic) times
credited service. ⌈Total and Permanent retirees begin
reduction at age 65.⌉ GM pays the full cost of this policy.

Base ( _3205_ ) X 24 = Current Basic........$ _77,000_    (A)    (15% D
                                                                  did )

Credited Service X 1.5% = Reduction Rate..... _.4425_    (B)

Fully reduced Amount (estimate) = A times B..$ _34,075_

Beneficiary Information _BEVERLY_

### Optional Group Life Insurance:

Employes may continue Optional Group Life Insurance during
retirement.  Premiums are paid by payroll deduction from the
pension benefit.  At age 66 the last inforce amount will
reduce by 10% of the original amount and a like amount each
year to age 75.  No optional may be continued beyond age 75.
Premium rate is based on age and amount inforce.  No
enrollment or increases are permitted after retirement.

Current Information:    Coverage  $ _192,300.00_

Rate _.19_ per 1000 per mo.        Monthly Cost  $ _36.54_    CONTIN-

Future Information:    Coverage  $ _192,300.00_

Rate _.40_ per $1000 per mo. at Age _50_  Monthly Cost $ _76.92_

Beneficiary Information _BEVERLY_
        ALSO: BEVERLY is APPLICANT OWNER of OGLI
Required Form:  Authorization to Deduct from Pension

## HEALTH CARE COVERAGES

**Basic hospital, surgical, medical, prescription drug, hearing:**
Generally, GM will pay the full cost of HSMPH coverages for
retirees with over 10 years of credited service. Exceptions:
1. Deferred Retirements
2. Voluntary Retirements (age 55 - 60) under 85 points,
   retiree any pay for health coverages

Sponsored dependents may be continued after retirement with
deductions from the retirement check. Note : retirees cannot
add new dependents after retirement to GM paid health
coverages, they may add sponsored dependents at their own
expense.

Retirees are eligible to elect health care coverages annually
under the ICP for the area they reside in. A small number of
HMO plans do require a small premium. Changes in coverage are
allowed mid-year for relocation to an area not serviced by the
current plan.

Medicare. Enrollment through Social Security is voluntary,
although adviseable for the retiree. Enrolled retirees are
reimbursed through special insurance payment. Surviving
spouses must be enrolled in medicare, if eligible, in order to
be given corporate paid health coverage.

Dental Coverage.
Under the current salaried program, the retiree and eligible
dependents will be eligible for coverage. Annual ICP provides
option elections.

Vision Coverage:
Under the current salaried program, the retiree and eligible
dependents will be eligible for coverage. While there is no
ICP option for vision, some HMO's include vision care.

**\*\*\* SALARIED HEALTH PROGRAMS ARE SUBJECT TO MODIFICATION BY
THE CORPORATION. CHANGES WILL GENERALLY AFFECT THE SALARY
GROUP INCLUDING ACTIVE, RETIREES AND SURVIVING SPOUSES.**

Comprehensive Medical Expense Plan (CMEP):
Coverage may be continued in retirement. Enrollment at any
time requires a six month waiting period. Premiums are
deducted from pension benefit. Current rates are:
Retiree (1 party)      -  $5.20 per month
Retiree + 1 (2 party)     $14.19 per month
Retiree + Family        -  $19.02 per month

Required Form:  GHC 902 Health Care enrollment

Current dependents on health care: BEVERLY , MATTHEW (67)

_____

Current Information:  Basic Health Care 2190 - PPO
Dental Carrier   01 MET   Vision  1 MET   CMEP YES -

NOTE - PPO CANNOT BE KEPT w/ MEDICARE.

1                STATE OF MICHIGAN

2      IN THE BUREAU OF WORKERS' DISABILITY COMPENSATION

3

4    FLOYD JANKOWSKI,

5                 Plaintiff,

6    -vs-

7    GENERAL MOTORS,

8

9

10                 REDEMPTION

11      BEFORE JOHN R. WHITEHOUSE, MAGISTRATE,

12    Saginaw, Michigan - Thursday, December 17, 1992

13

14    APPEARANCES:

15    For the Plaintiff:    MR. JOHN F. O'GRADY (P25388)
16                      973 Midland Road
                         Saginaw, MI 48603
17                      (517) 790-6611

18    For the Defendant:    MR. BRUCE L. DALRYMPLE (P23126)
                         Braun, Kendrick & Finkbeiner
19                      812 Second National Bank Building
                         Saginaw, MI 48607
20                      (517) 753-3561

21    REPORTED BY:        Angela L. McJames, RPR, CSR-4305
                         Certified Shorthand Reporter
22                      (517) 793-6672, 1-800-878-6672
                         FAX (517) 793-4290

23

24

25

GENERAL REPORTING SERVICE, INC.

9

| | | |
|---|---|---|
| 1 | | but if something significant would happen, something |
| 2 | | unforeseen between now and the end of 15 days, you |
| 3 | | could alert me or the bureau, we'll come and ask for |
| 4 | | a hearing and then there would be a hearing to |
| 5 | | determine if you did have a good and sufficient |
| 6 | | reason to change your mind, but that's a rare thing |
| 7 | | that happens.  Normally nothing happens and after the |
| 8 | | 15 days your settlement becomes final and then you |
| 9 | | would receive your check sometime between 15 and 30 |
| 10 | | days after that, do you understand that? |
| 11 | A | Yes. |
| 12 | Q | Do you have any questions at all about this, Floyd? |
| 13 | A | No, I don't. |
| 14 | Q | Do you believe that this settlement is in your best |
| 15 | | interest and do you want the judge to approve the |
| 16 | | settlement? |
| 17 | A | Yes, I do. |
| 18 | Q | Do you also understand that while we've primarily |
| 19 | | talked about your foot, your back and your heart, |
| 20 | | General Motors will take the position this |
| 21 | | settlement's for any and everything that happened to |
| 22 | | you during the course of your employment from the top |
| 23 | | of your head to the bottom of your feet and is saying |
| 24 | | that you should not go back and ask for any further |
| 25 | | workers' compensation benefits, this is the end of |

GENERAL REPORTING SERVICE, INC.

· 10 ·

1       your involvement with General Motors and the workers'

2       compensation system and you will just continue to

3       receive the pension benefits and any other vested

4       pension benefits which you're entitled to under your

5       contract, do you understand that?

6   A   Yes, I do.

7   Q   Do you have any questions at all, Floyd? Do you

8       think this is fair and do you want the judge to

9       approve it?

10  A   I have no questions and I feel it's fair.

11          MR. O'GRADY:  I do also recommend this, Your

12      Honor.  As The Court's well aware heart conditions

13      are difficult cases for the plaintiff to prove,

14      particularly when even the chest pain might have

15      started at work there was a period of I think it was

16      six or eight hours between the time of work and the

17      time of admission to the hospital and I just thought

18      we'd have some difficulty in proof.

19          THE COURT:  Thank you, Mr. O'Grady.

20          Mr. Dalrymple?

21                              EXAMINATION

22  BY MR. DALRYMPLE:

23  Q   Mr. Jankowski, do you understand that once this

24      agreement is approved and becomes final after the

25      15-days go by --

RECEIVED
OCT 1 2 2010
U.S. BANKRUPTCY COURT
SO. DIST. OF N.Y.

10·6·10

To: United States Bankruptcy Court.

Subject: Omnibus Objection to Claims.

I Floyd A Jankowski hereby object to motors Liquidation to expunge certain Compensation and welfare benefits. I retired 2·1·92 with 29·6 yrs of service. My life insurance was $77,000.00 reduced to 34,073 at age 75. I was paying 14.19 per month for CMER. till my wife died.

On 12·17·1992 a workers compensation hearing was held And the results state that GM stated I was to receive pension benefits and other pension benefits vested under my Contract. Therefore I ask the court to honor motors Liquidation Company to honor the Courts settlement. For 91,122.60.

Thank you

Floyd A Jankowski

P.S. Enclosed are copies of retirement and workers comp settlement.

## SALARIED EMPLOYE RETIREMENT

## COMPLETE AT LEAST TWO MONTHS PRIOR TO RETIREMENT DATE

Name _Floyd Jankowski_          S.S.N. _____ _5895_

Division _GMPS - SAG_          Interview Date _1-29-92_

Plant _SMI_          Interviewer _G R Snyder_

Credited Service:          Retirement Type _T+PD_

    Part A _29_ yr. _6_ months          Last day Worked _2-12-91_

    Part B _13_ yr. _4_ months          Retirement Date _2-1-92_

### LETTER OF INTENT

An employe intending to retire must sign a letter of intent
describing the type of retirement being applied for and the
effective date. Under the current Salaried Retirement Plan
(6-90), intent forms are used for early voluntary and normal
retirements. Window programs and special incentive
separations, if available, have forms specifically designed
for that offering.

Required Form(s):   Letter of Intent          _T+PD APPROVED_
~~Window Agreement~~
~~Incentive Separation Agreement~~

### REVIEW OF RETIREMENT BENEFIT

An employe intending to retire must sign the SRP - 117, which
describes and authorizes payment of retirement benefits. In
addition, each employe must sign form SRP - 117A, which states
the conditions being placed on the payment of benefits. This
could include a wage limitation up to age 62. If a wage
limitation is imposed, the employe must also sign form
SRP - 117A (DA), which authorizes GM to receive FICA taxable
wage information from the Social Security Administration to
audit for wage limitation compliance.

Required Form(s):   SRP - 117 ✓
SRP - 117A ✓
~~SRP - 117A (DA), if wage limitation~~

(RETIRE2,REV.10-91)

```
          1677.56
       -  151.00   FED TAX
       -   38.00   ST-TAX
       -   36.54   OLI
       -    9.50   DLI
       -   14.19   GMPF
EST      1427.33   NET
```

**LIFE INSURANCES**

## Basic Group Life Insurance:

Continuing paid up life insurance is provided for employes who
retire either:
1. Early Voluntary, age 55-60, 85 points
2. Early Voluntary, 30 years credited service
3. Special or Window, over 10 years credited service
4. Normal, age 65
5. Total and Permanent, over 10 years credited service

During active employment, the basic policy equals 24 times
monthly base salary. Once retired, the amount will decrease
by 2% the first month and a like amount each subsequent month,
until the amount equals (1.5% times original basic) times
credited service. Total and Permanent retirees begin
reduction at age 65. GM pays the full cost of this policy.

Base ( _3205_ ) X 24 = Current Basic........$ _77,000_ (A) _(540 ded)_

Credited Service X 1.5% = Reduction Rate..... _.4425_ (B)

Fully reduced Amount (estimate) = A times B..$ _34,073_

Beneficiary Information _BEVERLY_

## Optional Group Life Insurance:

Employes may continue Optional Group Life Insurance during
retirement. Premiums are paid by payroll deduction from the
pension benefit. At age 66 the last inforce amount will
reduce by 10% of the original amount and a like amount each
year to age 75. No optional may be continued beyond age 75.
Premium rate is based on age and amount inforce. No
enrollment or increases are permitted after retirement.

Current Information:  Coverage  $ _192,300.00_        _Continue_

Rate _.19_ per 1000 per mo.        Monthly Cost  $ _36.54_

Future Information:  Coverage  $ _192,300.00_

Rate _.40_ per $1000 per mo. at Age _50_  Monthly Cost $ _76.92_

Beneficiary Information _BEVERLY_
        ALSO: BEVERLY IS APPLICANT OWNER OF OGLI
Required Form: Authorization to Deduct from Pension

## HEALTH CARE COVERAGES

<u>Basic hospital, surgical, medical, prescription drug, hearing:</u>
Generally, GM will pay the full cost of HSMPH coverages for
retirees with over 10 years of credited service.  <u>Exceptions:</u>
1.  Deferred Retirements
2.  Voluntary Retirements (age 55 - 60) under 85 points,
    retiree any pay for health coverages

Sponsored dependents may be continued after retirement with
deductions from the retirement check.  Note : retirees cannot
add new dependents after retirement to GM paid health
coverages, they may add sponsored dependents at their own
expense.

Retirees are eligible to elect health care coverages annually
under the ICP for the area they reside in.  A small number of
HMO plans do require a small premium.  Changes in coverage are
allowed mid-year for relocation to an area not serviced by the
current plan.

Medicare:  Enrollment through Social Security is voluntary,
although adviseable for the retiree.  Enrolled retirees are
reimbursed through special insurance payment.  <u>Surviving
spouses must be enrolled in medicare, if eligible, in order to
be given corporate paid health coverage.</u>

<u>Dental Coverage:</u>
Under the current salaried program, the retiree and eligible
dependents will be eligible for coverage.  Annual ICP provides
option elections.

<u>Vision Coverage:</u>
Under the current salaried program, the retiree and eligible
dependents will be eligible for coverage.  While there is no
ICP option for vision, some HMO's include vision care.

<u>*** SALARIED HEALTH PROGRAMS ARE SUBJECT TO MODIFICATION BY
THE CORPORATION.  CHANGES WILL GENERALLY AFFECT THE SALARY
GROUP INCLUDING ACTIVE, RETIREES AND SURVIVING SPOUSES.</u>

<u>Comprehensive Medical Expense Plan (CMEP):</u>
Coverage may be continued in retirement.  Enrollment at any
time requires a six month waiting period.  Premiums are
deducted from pension benefit.  Current rates are:

| | |
|---|---|
| Retiree (1 party) | - $ 5.20 per month |
| Retiree + 1 (2 party) | $14.19 per month |
| Retiree + Family | $19.02 per month |

Required Form:  GHC 902 Health Care enrollment

Current dependents on health care: BEVERLY , MATTHEW

Current Information:  Basic Health Care 2190 - PPO
Dental Carrier  01  MET   Vision  1  MET   CMEP YES

Note - PPO cannot be kept w/ MEDICARE.

1                        STATE OF MICHIGAN

2          IN THE BUREAU OF WORKERS' DISABILITY COMPENSATION

3

    FLOYD JANKOWSKI,
4
                              Plaintiff,
5
        -vs-
6

9

10                            REDEMPTION

11          BEFORE JOHN R. WHITEHOUSE, MAGISTRATE,

12        Saginaw, Michigan - Thursday, December 17, 1992

13

14   APPEARANCES:

15   For the Plaintiff:      MR. JOHN F. O'GRADY (P25388)
                             973 Midland Road
16                           Saginaw, MI 48603
                             (517) 790-6611
17
     For the Defendant:      MR. BRUCE L. DALRYMPLE (P23126)
18                           Braun, Kendrick & Finkbeiner
                             912 Second National Bank Building
19                           Saginaw, MI 48607
20                           (517) 753-3461

                  REPORTED BY:  Angela L. McJames, RPR, CSR-4305
21                           Certified Shorthand Reporter
                             (517) 793-6672  1-800-878-6672
22                           FAX:  (517) 793-4290

23

24

25


                    GENERAL REPORTING SERVICE, INC.

10

1      your involvement with General Motors and the workers'
2      compensation system and you will just continue to
3      receive the pension benefits and any other vested
4      pension benefits which you're entitled to under your
5      contract, do you understand that?
6      A   Yes, I do.
7      Q   Do you have any questions at all, okay? Do you
8      think this is fair and do you want the judge to
9      approve it?
10     A   I have no questions and I feel it's fair.
11         MR. O'GRADY:  I do also recommend this, Your
12     Honor.  As The Court's well aware heart conditions
13     are difficult cases for the plaintiff to prove,
14     particularly when even the chest pain might have
15     started at work there was a period of I think it was
16     six or eight hours between the time of work and the
17     time of admission to the hospital and I just thought
18     we'd have some difficulty in proof.
19         THE COURT:  Thank you, Mr. O'Grady.
20         Mr. Dalrymple?
21                                      EXAMINATION
22     BY MR. DALRYMPLE:
23     Q   Mr. Jankowski, do you understand that once this
24     agreement is approved and becomes final after the
25     15-days go by --

14

```
1    STATE OF MICHIGAN    )
                           )        SS
2    COUNTY OF MIDLAND     )

3            I certify that this transcript, consisting of 13

4    pages, is a complete, true, and correct transcript of

5    the proceedings held and testimony taken in this case

6    on December 17, 1992.

7

8

9

10

11   August 3, 1995

12                          Angela L. McJames, RPR, CSR-4305

13                          Certified Shorthand Reporter

14                          My Commission Expires: 5-13-97

15

16

17

18

19

20

21

22

23

24

25
```

GENERAL REPORTING SERVICE, INC.

# O'GRADY & O'NEIL, P.C.

### ATTORNEYS AT LAW

JOHN F. O'GRADY
JAMES E. O'NEIL III

973 MIDLAND ROAD
SAGINAW MICHIGAN 48603
TELEPHONE (517) 79C-6611
FAX (517) 790-6532

September 27, 1995

Mr. Floyd Jankowski
1224 Heavenridge
Essexville, Michigan 48732

Re: JANKOWSKI v GM

Dear Floyd:

    Enclosed please find a copy of the transcript from your redemption hearing. At page five you will note that General Motors' attorney specifically indicated that your workers' compensation settlement would have no affect on your total and permanent disability pension. I have discussed this matter again with GM's attorney and he has assured me that he has contacted the appropriate officials at GM so that your pension is not affected. Please let me know when you receive your next pension check as it is possible that it may take them a few weeks to get this straightened out. I also need to know when you are reimbursed the money they shorted you last month because of their misinterpretation of this agreement.

    Please let me know when you receive your next pension check so we can be sure this matter is straightened out as promptly as possible. Thank you for your patience in this matter.

Yours truly,

JOHN F. O'GRADY
Attorney at Law

JFO/aa

Enclosure

1                          STATE OF MICHIGAN

2         IN THE BUREAU OF WORKERS' DISABILITY COMPENSATION

3
   FLOYD JANKOWSKI,
4
                          Plaintiff,
5
   -vs-
6
   GENERAL MOTORS,
7
                          Defendant.
8         _____/

9

10                          REDEMPTION

11         BEFORE JOHN R. WHITEHOUSE, MAGISTRATE,

12      Saginaw, Michigan - Thursday, December 17, 1992

13

14   APPEARANCES:

15   For the Plaintiff:      MR. JOHN F. O'GRADY (P25388)
                             973 Midland Road
16                           Saginaw, MI 48603
                             (517) 790-6611
17
   For the Defendant:        MR. BRUCE L. DALRYMPLE (P23126)
18                           Braun, Kendrick & Finkbeiner
                             812 Second National Bank Building
19                           Saginaw, MI 48607
                             (517) 753-3461
20
                REPORTED BY: Angela L. McJames, RPR, CSR-4305
21                           Certified Shorthand Reporter
                             (517) 793-6672   1-800-878-6672
22                           FAX:  (517) 793-4290

23

24

25


                    GENERAL REPORTING SERVICE, INC.

OCT-18-2010  11:13                                                    P.04/08
Oct 18 10:11 09-55026-mg  Doc 11446  Filed 02/23/12  Entered 02/23/12 20:51:04  Main Document p.4
09/26/95   10:03   KEN SHERMAN STATE FARM           9898928121
                   ☎ 1 517 733 7221
                                    Pg 32 of 53
                                    BRAUN KENDRICK                    ☑003

2

TABLE OF CONTENTS

FLOYD JANKOWSKI                                          PAGE

        Examination by Mr. O'Grady              5
        Examination by Mr. Dalrymple            10

1
2
3
4
5
6
7
8        THE COURT:  All right.  This is the case of
9    Floyd Jankowski versus the Central Foundry Division
10   of the General Motors Corporation, a self-insured.
11   Present in the courtroom is the Plaintiff, the
12   Plaintiff's attorney Mr. John O'Grady, representing
13   the self-insured Defendant in this matter is Mr.
14   Bruce Dalrymple.  This is a case that's been on the
15   trial docket, had a scheduled trial in November but
16   apparently the parties have been able to resolve
17   their differences subject to the approval of the
18   bureau and we're here to consider a redemption.
19       I don't find an affidavit yet.
20       MR. O'GRADY:  I'm sorry, Judge, I went to
21   take back just the copies and I took back everything.
22       THE COURT:  Okay.  Thank you.
23       It appears that I do have the necessary
24   papers to consider this redemption in the amount of
25   $30,000.


GENERAL REPORTING SERVICE, INC.

3

1           Mr. Jankowski, would you be kind enough to
2       stand and raise your right hand?
3                   FLOYD JANKOWSKI,
4       called on his own behalf, sworn by the Magistrate,
5       testified:
6                   THE COURT:  All right, sir.  If you'll have
7       a seat, please.
8                   And, Mr. O'Grady, you may present your case,
9       if you will, please.
10                  MR. O'GRADY:  Thank you, Your Honor.  Your
11      Honor, Floyd Jankowski's a long-term employee of
12      Central Foundry Division of General Motors.  During
13      the course of his employment he sustained several
14      injuries, which were work related.  First was an
15      injury back in 1977 when a powerhousing unit fell on
16      his right foot making a rather severe break to the
17      foot.  He received workers' compensation benefits for
18      a period of time and returned to work for a number of
19      years but the foot kept bothering him and also
20      resulted in some back problems due to irregular gait.
21                  Despite this injury Floyd was able to work
22      until approximately 1989 when his job in the, I guess
23      you could call it, a parts department and supply
24      department, Floyd was kind of the supervisor of that
25      department, and General Motors instituted a cost

GENERAL REPORTING SERVICE, INC.

OCT-18-2010   11:13
Oct 18 10:09:26-mg
09-50026-mg    Doc 11446    Filed 02/23/12    Entered 02/23/12 20:51:04    Main Document
KEN SHERMAN STATE FARM
9898928121
Pg 34 of 53
P.06/08
p.6

4

1    saving measure called Just-In-Time which resulted in

2    parts shortages and/or stressful situations for

3    Floyd.  He experienced some chest pain at work, went

4    home and hours after he was home was taken to the

5    hospital and diagnosed with a myocardial infarction.

6    He attempted to return to work but the stress and

7    pressure of the work was too much and he was unable

8    to continue.

9            I've discussed with Floyd the fact that

10   since he had returned to work for many years after

11   his foot injury that I thought that it would be

12   difficult to prove not that he was injured but that

13   he was disabled from that injury at this time.  With

14   regard to the myocardial infarction Floyd and I have

15   had many discussions about the difficulties of

16   proving work relationship even if there is some chest

17   pain at work when the actual infarction appears to

18   have taken place hours after work and he was taken

19   from home to the hospital.  And given the uncertainty

20   of whether we could prove that case or not to the

21   satisfaction of the preponderance of evidence

22   standard.  In other words, as I've said, it's our

23   burden to prove that the heart attack was caused by

24   work rather than just caused by any other sources of

25   life, and people have heart attacks regardless of


GENERAL REPORTING SERVICE, INC.

5

1   their employment.  So given the uncertainty of the

2   proof problems in this case, General Motors has made

3   an offer and I've recommended to Floyd that he accept

4   it.

5           As the papers reflect the offer is $30,000.

6   Floyd is currently receiving total and permanent

7   disability benefits from General Motors as well as

8   social security disability benefits and we would like

9   Mr. Dalrymple to, if possible, make a statement on

10  the record that this workers' compensation settlement

11  will have no effect on Floyd's total and permanent

12  disability benefits.

13          MR. DALRYMPLE:  It will not as long as he

14  filed within two years of obtaining his pension,

15  which I understand to be correct, but I don't have

16  the file with me.

17          MR. O'GRADY:  You did, Floyd?

18          THE WITNESS:  Yeah.

19

                                          EXAMINATION

20  BY MR. O'GRADY:

21  Q    Floyd, do you understand that we're here to settle

22       your case and that if the judge approves this

23       settlement it will be a full and final settlement of

24       all of your rights under the workers' compensation

25       act?

GENERAL REPORTING SERVICE, INC.

OCT-18-2012  11:13
Oct 18 10:09:33a    KEN SHERMAN STATE FARM
09-50026-mg    Doc 11446    Filed 02/23/12    Entered 02/23/12 20:51:04    Main Document
Pg 36 of 53
9898928121
p.8
p.08-08

6

1    A    Yes.

2    Q    You understand those rights are basically as follows:

3         You could, if you went to trial and won your case,

4         receive weekly payments in the amount that's set by

5         statute for as long as you remain disabled.  You also

6         could receive any work related medical reimbursement

7         for care and treatement that arose out of your heart

8         condition.  And thirdly, if appropriate you could

9         receive job retraining or job rehabilitation.  And

10        that by settling your case you'll receive no further

11        benefits in any of those regards.

12   A    Yes.

13   Q    You understand that you are giving up your right to

14        trial and by accepting this settlement there will be

15        no trial in your case?

16   A    Yes.

17   Q    You understand that the amount you'll receive here

18        today will be the total amount you will receive under

19        the workers' compensation act, but as Mr. Dalrymple

20        has just said, as long as you filed for total,

21        permanent pension within two years of your last day

22        of work, this will have no effect upon that.  You did

23        that, did you not?

24   A    Yes.

25   Q    Also, Floyd, you understand that I'm charging you


GENERAL REPORTING SERVICE, INC.

**<u>Exhibit 2</u>**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)
- ■ Motors Liquidation Company (f/k/a General Motors Corporation)  Case No 09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)  09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )  09-13558 (REG)

**Your Claim is Scheduled As Follows.**

THE GARDEN CITY GROUP, INC.
NOV 4 2009

THE GARDEN CITY GROUP, INC.
NOV 4 2009

NOTL *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)  ALARIE, LOUIS J

Name and address where notices should be sent
ALARIE, LOUIS J
8070 SAWGRASS TRL
GRAND BLANC MI 48439-1844

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
*(If known)*

Filed on _____

Telephone number
Email Address

Name and address where payment should be sent (if different from above)
**FILED - 19527**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number  **810-694-1446**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form  EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

1  Amount of Claim as of Date Case Filed, June 1, 2009  $ **846,000.00**

If all or part of your claim is secured, complete item 4 below, however if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim  **LOSS OF PROMISED TERM LIFE INSURANCE**
(See instruction #2 on reverse side)

3  Last four digits of any number by which creditor identifies debtor **SS: 1527**
3a  Debtor may have scheduled account as _____  **PLANT CODE 3500**
(See instruction #3a on reverse side)

4  Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____  Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim  $_____  Amount Unsecured  $_____

5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any  portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor s business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease, or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

■ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$ **36,000.00**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim  *INSURANCE REDUCED TO $10,000.00 AS OF 6/1/09*

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of ` redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

Date  **10/29/09**

Signature  The person filing this claim must sign it  Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any

*Louis J Alarie*

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years  or both  18 U S C §§ 152 and 3571*
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP, INC , ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O BOX 9386, DUBLIN, OH 43017-4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 **PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO** THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS
## INFORMATION

**Debtor**
A Debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien certificate of title financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ) and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

October 30, 2009

Item 1   Amount of Claim as of Date Case Filed June 1, 2009
         Claim #46,000.00 - Reduced to #36,000.00 as a result of the Government
         ordered/directed Bankruptcy

Item 2   Bases of claim - Loss of promised term life insurance - by direction
                          of the Government ordered Bankruptcy

Back up for request -
         when I retired from General Motors in 1990, I was promised a term life
         insurance policy in the amount of one time my yearly base salary,
         which would be #46,000.00. I was even given the option of
         buying up to 4 times my yearly. I did take part in this option.
         The premiums are set in a 5 year cicle. Each 5 years the premium
         went way up, almost #200.00 per month in the 65-70 age range.
         I dropped the option after 10 years - age 65.

         As a condition of the Government ordered/directed Bankruptcy the
         amount of the term policy was reduced to #10,000.00. I wonder
         what would have happened if I had kept the option going.

         I was assumeing that the full amount would be paid upon my death.
         This when invested would provide my wife an income to offset the
         loss of one half of my pension and my social security. This would help
         to insure her comfort in her later years.

         I made several inquiries about replaceing this loss. A term policy of
         #36,000.00 at my age 74, the premium would have been very high per
         month. Also the policy would not take full effect until the 4th year
         in force. Until that time they would only be responsibile for the
         premiums paid.

         The Government through its ordered/directed Bankruptcy has caused me
         much mental pain and concern.

         I have ask the local IRS office if this would be concided a loss for tax
         purposes - they said noway.

         I am therefore asking that a claim of #36,000.00 be entered against
         General Motors Corporation for my loss of life insurance.

*Page 2*

Also you might want to look into all the other retired salary employees and make this idea a class action amendment.

Louis K Blair

55-___-__-1527

Plant code 3500  - AC Spark Plug division

October 14, 2010

Harvey R. Miller, Stephen Karothin,        Chapter 11 case no. 09-5002(REG,
Joseph H. Smolinsky, Weil, Gotshal and
Manges LLP
767 Fifth Avenue
New York, New York 10153

The Garden City Group Inc.
Motors Liquidation Company Claims Agent
P.O. Box 9386
Dublin, Ohio 43017-4286

Honorable Robert E Gerber,
United States Bankruptcy Judge
One Bowling Green,
New York, New York 10004

Dear Sirs:

I do not have access to a computer or knowledge of all your rules -
you will need to accept this as my official reply to the 103rd motion.

I wish to thank you and the U.S. Bankruptcy Court of Southern District
of New York for helping destroy some of my wife's security in later times
upon my death.

I am 75 years old. I have been retired for just over 20 years. One of the
provision of my early retirement were life insurance, equal to 1 times
my base salary at retirement. I used that amount in making my
decision to retire. I know that the company, thru its Board can change
that policy at any time. However, that company and that Board did not
make that change. It was a U.S. Government directed change. Some
shallow thinking government employee.

I can only hope that at some time in the future my wife will not have
to apply for food stamps or be forced into government housing.

My claim and all the other retired salary people, should be reinstated. I have
three (3) ideas.
       1. In September of 2007 the company informed us that on September 1,
2017 all life insurance would be reduced to $75,000.

see page 2

page 2

Why not take that as a base figure and increase the amount of insurance. (Note: put some of your wiz kids on the job of determining the amount necessary to pay a one-time payment for all of us to the $25,000 level.

2. Make a change to the IPO coming up soon for the number shares equal to the $15,000 difference.

3. If something can not be worked out in 1 or 2 above, then have the Federal Judge declare the reduction a Long Term Capitol Loss. Thereby giving us some method of recovering on this stupid decission

If in the end nothing happens, may all the Federal and other administration people involved burn in Hell.

Sincerely

Louis J. Alarie
8070 Sawgrass Trail
Grand Blanc, Michigan · 48439

(810) 694-1446



Mr Louis J Alane
8070 Sawgrass Trl
Grand Blanc, MI 48439-1844

NETROPLEX MI 480-

15 OCT 2010 PM 6 L



The Garden City Group Inc,
Motors Liquidation Company Claims Agent
P.O. Box 9386
Dublin, Ohio
    43017-4286

3017+4286

**<u>Exhibit 3</u>**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor  (Check Only One)

☑ Motors Liquidation Company (f/k/a General Motors Corporation)     Case No
☐ MLCS  LLC (f/k/a Saturn, LLC)     09-50026 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)     09-50027 (REG)
☐ MLC of Harlem, Inc  (f/k/a Chevrolet-Saturn of Harlem, Inc )     09-50028 (REG)
    09-13558 (REG)

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C  § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C  § 503

Name of Creditor  (the person or other entity to whom the debtor owes money or property)   GEORGE W CONRAD

Name and address where notices should be sent

GEORGE W CONRAD
MARJORIE A CONRAD TEN COM
3419 CROW VALLEY DR
MISSOURI CITY TX 77459-3208

Telephone number   281-437-7676
Email Address   gwcgolf@sbcglobal.net

Name and address where payment should be sent (if different from above)

The SAME

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number   N/A
(If known)

Filed on

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**Your Claim is Scheduled As Follows.**

FILED - 31467
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (RFG)

THE GARDEN CITY GROUP, INC.
NOV 20 2009

If an amount is identified above  you have a claim scheduled by one of the Debtors  as shown  (This scheduled  amount of  your  claim  may  be  an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor  you do not need to file this proof of claim form  EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED  UNLIQUIDATED or CONTINGENT  a proof of claim MUST be filed in order to receive  any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions  you need not file again

1  Amount of Claim as of Date Case Filed, June 1, 2009     $

If all or part of your claim is secured, complete item 4 below  however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority complete item 5  If all or part of your claim is asserted pursuant to 11 U S C  § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  2) Basis for Claim ___ $38,000 00 Life Insurance when retired On May 1, 1987 – 18 $20.00 to $
$10,000 00 "     "     on  6-1-2009 (unknown but am told). $18,000.00

3  Last four digits of any number by which creditor identifies debtor     0026

3a  Debtor may have scheduled account as ___ TAX ID = 2515
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe

Value of Property $ ___  Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $

Basis for perfection

Amount of Secured Claim  $ ___  Amount Unsecured $ 28,000.00

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim  such as promissory notes  purchase orders  invoices, itemized statements or running accounts  contracts  judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  Amount of Claim Entitled to Priority under 11 U S C  § 507(a)  If any  portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C  § 507(a)(1)(A) or (a)(1)(B)

☐ Wages  salaries  or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business  whichever is earlier – 11 U S C  § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C  § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase  lease, or rental of property or services for personal  family  or household use – 11 U S C  § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C  § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C  § 503(b)(9), § 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C  § 507(a)(__)

Amount entitled to priority
$ 28,000.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date  11/11/2009

Signature  The person filing this claim must sign it  Sign and print name and title  if any  of the creditor or other person authorized to file this claim  and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

George W. Conrad
George W. CONRAD
RETIRED GM
INDIVIDUAL

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500 000 or imprisonment for up to 5 years, or both  18 U S C  §§ 152 and 3571
Modified B10 (GCG) (12/08)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules The attorneys for the Debtors and then court-appointed claims agent The Garden City Group Inc are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386 DUBLIN OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING 5151 BLAZER PARKWAY SUITE A DUBLIN OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT SDNY ONE BOWLING GREEN, ROOM 534 NEW YORK NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1 2009 You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death car loan mortgage note and credit card If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below ) State the type and the value of property that secures the claim attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C  § 507(a)**
If any portion of your claim falls in one or more of the listed categories check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below ) A claim may be partly priority and partly non-priority For example in some of the categories the law limits the amount entitled to priority

For claims pursuant to 11 U S C  § 503(b)(9) indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS below) Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services see instruction 2 Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS
## INFORMATION

**Debtor**
A debtor is the person corporation or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MI Co of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person corporation or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The amount and information in this proof of claim must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked edited out or otherwise deleted certain information A creditor should redact and use only the last four digits of any social-security individual's

tax-identification or financial-account number all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien certificate of title financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group Inc , please provide a self-addressed stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e) any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

11-17-09

Motors Liquidation Cp,

Enclosed please

find 2 claims +

self addressed

envelop

Thank you,

E-Mail
gwcgolf@sbcglobal.net

Tel 281-437-7676



George Conrad
3419 Crow Valley Dr
Missouri City TX 77459

# Amegy Bank
## of Texas

P.O. BOX 27459 • HOUSTON, TX 77227-7459

This Statement  January 20, 2009
Last Statement  December 19, 2008

Account 0005956706

0002768 01 AV 0 324
P02770   02-0000-AMG-PC0023-00016
**AUTO  T3 0 3021 77459-320819

GEORGE W CONRAD
OR MARJORIE A CONRAD
3419 CROW VALLEY DR
MISSOURI CITY TX 77459-3208

**DIRECT INQUIRIES TO:**
Direct all inquiries to Customer Service
In Houston                      713-235-8810
In Dallas/Fort Worth      214-754-9500
In San Antonio               210-343-4500
Or Toll-Free                    800-287-0301
Press 0 for a Customer Service Representative

Amegy Bank - The "A" Bank
Amegy Bank National Association

*1-26-09*

Are you getting the tax relief you deserve? TurboTax® for the Web(SM) is updated with the latest tax law changes to help you get every deduction and tax savings you deserve. Visit www.amegybank.com to find out more about filing your taxes online.

## SUMMARY OF ACCOUNT BALANCE

| Account Type | Account Number | Account Ending Balance | Outstanding Balances Owed |
|---|---|---|---|
| Interest Checking | 0005956706 | $31,306.04 | |

## INTEREST CHECKING 0005956706

| Previous Balance | Deposits/Credits | Charges/Debits | Checks Processed | Ending Balance |
|---|---|---|---|---|
| 24,912.94 | 13,751.56 | 1,263.78 | 6,094.68 | 31,306.04 |

### 6 DEPOSITS/CREDITS

| Date | Amount | Description |
|---|---|---|
| 12/31 | 3,317.14 | DEPOSIT Serial Number = 0000009001 8228404520 |
| 01/02 | 1,824.43 | FIDELITY INVESTM PENSIO ******76 REF # 021001037421589  1104612975 |
| 01/02 | 1,231.00 | US TREASURY 303 SOC SEC ******78A SSREF # 031036038224946 · 1104614990 |
| 01/02 | 527.00 | US TREASURY 303 SOC SEC ******78B SSREF # 031036038224947  1104614991 |
| 01/13 | 6,850.86 | DEPOSIT Serial Number = 0000009001 8118619520 |
| 01/20 | 1.13 | INTEREST PAYMENT  0002576122 |

### 8 CHARGES/DEBITS

| Date | Amount | Description |
|---|---|---|
| 12/29 | 160.82 | CPENERGY ENTEX CPE ACH 5757 REF # 021000028715779  1104439895 |
| 01/05 | 104.40 | THE HARTFORD NTPLICPCOL ******8 REF # 011900255683237  1103931611 |
| 01/05 | 92.40 | THE HARTFORD TCMAARPAC ******7 REF # 011900255165200  1103929105 |
| 01/06 | 47.12 | AT&T SERVICES CHECKPAYM 5763 REF # 071000151037486  1107324291 |
| 01/07 | 245.26 | PALHIC PREM DEBIT ****E***5183 REF # 021000023837774  1104224202 |
| 01/07 | 189.99 | PALHIC PREM DEBIT ****E***5184 REF # 021000023837775  1104224203 |
| 01/09 | 356.77 | CREDIT CARD PYMT CHECK 5765 REF # 12240215486361 2  1104639097 |
| 01/16 | 67.02 | DIRECTV CHECK PYMT 5770 REF # 021000023322819  1104332885 |

*$9,336.11*
*+ 73 = 94.74*
*86,821.705*
*= 733.51*
*86,087.54*

*MED, INSURANCE = PAID = PROVIDENT AMERICAN HEALTH*
*COPIES OF PREMIUMS = INS. CO (LIFE + HEALTH)*
*PAID JAN - THRU MAY 2009.*

MEMBER FDIC

0002768-0000003-0008013

# Amegy Bank
## of Texas

PO BOX 27459 • HOUSTON, TX 77227-7459



6-19-09

P03060   05-1000-AMG PC0023-00011

0003057 01 AV 0 335 **AUTO  T7 0 3171 77459-320819

GEORGE W CONRAD
OR MARJORIE A CONRAD
3419 CROW VALLEY DR
MISSOURI CITY TX 77459-3208

**DIRECT INQUIRIES TO:**
Direct all inquiries to Customer Service
In Houston                    713-235-8810
In Dallas/Fort Worth    214-754-9500
In San Antonio            210-343-4500
Or Toll-Free                 800-287-0301
Press 0 for a Customer Service Representative

Amegy Bank - The "A" Bank
Amegy Bank National Association

## SUMMARY OF ACCOUNT BALANCE

| Account Type | Account Number | Account Ending Balance | Outstanding Balances Owed |
|---|---|---|---|
| Interest Checking | 0005956706 | $46,251 43 | |

## INTEREST CHECKING 0005956706                                702  11

| Previous Balance | Deposits/Credits | Charges/Debits | Checks Processed | Ending Balance |
|---|---|---|---|---|
| 26,454 33 | 24,942 03 | 2,075 85 | 3,069 08 | 46,251 43 |

### 8 DEPOSITS/CREDITS

| Date | Amount | Description |
|---|---|---|
| 06/01 | 1,884 94 | FIDELITY INVESTM PENSIO *******76 REF # 021001032324318  1104607609 |
| 06/03 | 6,905 00 | DEPOSIT Serial Number = 0000009001 8556703030 |
| 06/03 | 1,193 30 | US TREASURY 303 SOC SEC *******76A SSREF # 031036038176249  1104301738 |
| 06/03 | 489 30 | US TREASURY 303 SOC SEC *******76B SSREF # 031036038176250  1104301739 |
| 06/10 | 355 01 | FNB CDINTEREST *******250091REF # 114921411803586  1104330825 |
| 06/10 | 355 01 | FNB CDINTEREST *******250091REF # 114921411803587  1104330826 |
| 06/15 | 13,758 20 | DEPOSIT Serial Number = 0000009001 8335461805 |
| 06/19 | 1 27 | INTEREST PAYMENT  0003087791 |

### 10 CHARGES/DEBITS

| Date | Amount | Description |
|---|---|---|
| 05/29 | 49 25 | AT&T SERVICES CHECKPAYM 5851 REF # 071000156409659  1104650688 |
| 06/02 | 1,138 28 | USAA LIFE INS CHECK PYM 5854 REF # 314074269060968  1105154769 |
| 06/02 | 38 13 | CPENERGY ENTEX CPE ACH 5848 REF # 021000022275378  1105133102 |
| 06/04 | 110 65 | CREDIT CARD PYMT CHECK 5853 REF # 122402152249854  1104526156 |
| 06/04 | 100 48 | THE HARTFORD TCMAARPAC *******7 REF # 011900255671265  1104521859 |
| 06/04 | 96 15 | THE HARTFORD NTPLICPCOL *******8 REF # 011900255686074  1104521865 |
| 06/04 | 37 44 | THE HARTFORD NTPLICPCOL *******9 REF # 011900255684224  1104521864 |
| 06/09 | 245 26 | PALHIC PREM DEBIT ****E***5183 REF # 021000021211035  1104320120 |
| 06/09 | 189 99 | PALHIC PREM DEBIT ****E***5184 REF # 021000021211036  1104320121 |
| 06/15 | 70 22 | DIRECTV CHECK PYMT 5857 REF # 021000021984238  1105062972 |

### 9 CHECKS PROCESSED

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 5842 | 06/08 | 40 00 | 5849* | 05/28 | 200 36 | 5855* | 06/04 | 31 05 |
| 5846* | 05/21 | 150 00 | 5850 | 06/01 | 321 56 | 5856 | 06/08 | 65 00 |
| 5847 | 05/21 | 750 00 | 5852* | 06/04 | 1,111 11 | 5861* | 06/19 | 400 00 |

* Not in check sequence



MEMBER FDIC

TO THE HonorableRobert E. Gerber                    18 October 2010
United States Bankruptcy Judge                          Case #09-50026
(REG)                                                            REG

Sir:

Permit me to pose a question please. Does this letter suspend my claim altogether or has --new GM accepted it as indicated on Pg. 5 -Attached.

I have heard nothing from anyone regarding my claim except that it is now to be expunged by your court.

Your Honor, I desire to be respectful to you, but we all need some help from someone ,somewhere.  Please have someone call me and thank-you.

Very truly yours

George Conrad

GM Retiree 1987 .

cc:Weil, Gotshal & Manges
    Harvey Miller

accrued Welfare Benefits required to be provided pursuant to the terms of the applicable Benefit

Plan as in effect at the time of the alleged failure (the "**Accrued Benefits Claims**"), or a

combination thereof.  In many cases, the amounts stated with respect to the Benefit Modification

Claims are based on a permanent reduction or elimination of certain Welfare Benefits following

the time that the applicable Benefits Plan had been assumed by New GM.

**Accrued Benefits Claims**
**Have Been Assumed By New GM**

8.    On July 10, 2009 (the "**Closing Date**"), New GM completed its purchase of

substantially all of the Debtors' assets in accordance with the Master Purchase Agreement.

Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent*

*Employee Benefit Plans and Policies*), New GM assumed certain employee benefit plans specified

in a disclosure schedule, i.e., the "Assumed Plans," and the Benefit Plans were included on that

schedule.  The Master Purchase Agreement provides, at Section 6.17(e):

> As of the Closing Date, Purchaser or one of its Affiliates shall assume (i) the
> Parent Employee Benefit Plans and Policies set forth on Section 6.17(e) of the
> Sellers' Disclosure Schedule as modified thereon, and all assets, trusts, insurance
> policies and other Contracts relating thereto, except for any that do not comply in
> all respects with TARP or as otherwise provided in Section 6.17(h) and (ii) all
> employee benefit plans, programs, policies, agreements or arrangements (whether
> written or oral) in which Employees who are covered by the UAW Collective
> Bargaining Agreement participate and all assets, trusts, insurance and other
> Contracts relating thereto (the "**Assumed Plans**"), for the benefit of the
> Transferred Employees and Sellers and Purchaser shall cooperate with each other
> to take all actions and execute and deliver all documents and furnish all notices
> necessary to establish Purchaser or one of its Affiliates as the sponsor of such
> Assumed Plans including all assets, trusts, insurance policies and other Contracts
> relating thereto. Other than with respect to any Employee who was or is covered by
> the UAW Collective Bargaining Agreement, Purchaser shall have no Liability
> with respect to any modifications or changes to Benefit Plans contemplated by
> Section 6.17(e) of the Sellers' Disclosure Schedule, or changes made by Parent
> prior to the Closing Date, and Purchaser shall not assume any Liability with
> respect to any such decisions or actions related thereto, and Purchaser shall only
> assume the Liabilities for benefits provided pursuant to the written terms and
> conditions of the Assumed Plan as of the Closing Date. Notwithstanding the
> foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all

09-50026-mg    Doc 11446    Filed 02/23/12    Entered 02/23/12 20:51:04    Main Document
Pg 53 of 53

103rd Omnibus Objection    Exhibit A    Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| FRANK J. CELSNAK<br>455 W OAKHAMPTON DR<br><br>EAGLE, ID 83616 | 21175 | Motors Liquidation Company | $0.00<br>$0.00<br>$55,645.00<br>$0.00<br>$55,645.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GEORGE LEEDOM<br>97 WESTGATE DR<br><br>MANSFIELD, OH 44906 | 49601 | Motors Liquidation Company | $0.00<br>$0.00<br>$67,317.00<br>$0.00<br>$67,317.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GEORGE LEEDOM<br>97 WESTGAGE DR<br><br>MANSFIELD, OH 44906 | 49602 | Motors Liquidation Company | $0.00<br>$0.00<br>$93,181.00<br>$0.00<br>$93,181.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GEORGE W CONRAD<br>MARJORIE A CONRAD TEN COM<br>3419 CROW VALLEY DR<br>MISSOURI CITY, TX 77459 | 31467 | Motors Liquidation Company | $0.00<br>$0.00<br>$28,000.00<br>$28,000.00<br>$56,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HARRY W MUNDY<br>65 DISCOVERY RD<br><br>MARTINSBURG, WV 25403 | 21663 | Motors Liquidation Company | $0.00<br>$0.00<br>$91,780.00<br>$0.00<br>$91,780.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HEUSER, RALPH E<br>292 MILLBROOK RD<br><br>HEBER CITY, UT 84032 | 3200 | Motors Liquidation Company | $0.00<br>$0.00<br>$54,278.00<br>$0.00<br>$54,278.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.