Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :    09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                 :
                                                             :
                        Debtors.                             :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

## REPLY TO RESPONSE TO OBJECTION TO
## PROOF OF CLAIM NO. 15927 FILED BY PATRICIA MEYER

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this reply to the response (the "**Response**") of Patricia Meyer to the objection filed by the GUC Trust (the "**Objection**"), which seeks to disallow and expunge her claim (Claim No. 15927, the "**Claim**"). In support of this Reply, the GUC Trust respectfully represents:

## PRELIMINARY STATEMENT

1. Ms. Meyer seeks to recover $500,000 of costs and expenses associated with an investigation of the Debtors and the Delphi Corporation allegedly conducted by Ms. Meyer and her organization, L.A.W.S. (Labor Advocates Workers Solutions). As set forth more fully in the Objection, the Claim contains no support for the proposition that Ms. Meyer has any right to payment from the Debtors.

2. In response to the Objection, Ms. Meyer provides a factual history regarding her investigation of the Debtors and makes further unsupported (and unsupportable) allegations of bad acts on the part of the Debtors. However, the Response is devoid of any legal authority that supports Ms. Meyer's contention that the Debtors are responsible for the costs and expenses described therein.

3. Ms. Meyer's efforts to recover on account of the Claim are, at best, misguided. In light of the foregoing, and given the baseless allegations made throughout the Response, the GUC Trust requests the Court enter an order (i) expunging the Claim and (ii) providing that, to the extent Ms. Meyer files any further pleadings, claims, or otherwise takes action against the Debtors or the GUC Trust in this Court, neither the Debtors nor the GUC Trust shall be required to file a response or take any action unless directed by this Court.

## DISCUSSION

4. There is no applicable legal authority or contract with the Debtors that provides any support for the recovery of the costs and expenses described in the Claim and the Response. These costs and expenses include travel expenses, as well as costs for phone calls, meeting sites, office supplies, "communications," and the opening of an office. Response, at pp. 2-3. To the extent such costs and expenses were in fact incurred (and the GUC Trust reserves its rights to argue otherwise), they are the responsibility of Ms. Meyer and her organization alone.

5. Instead of citing legal authority for the proposition that the Debtors are responsible for such costs and expenses, Ms. Meyer attempts to support her claim by making unsupported accusations of bad acts allegedly committed by the Debtors, including that they: (i) "purported fraud;" (ii) were engaged in "creative accounting;" (iii) "created the lie and fraud;" and (iv) "were cooking their books." Response, at pp. 1-4. Ms. Meyer does not even attempt to provide any support for such far-fetched allegations, and the GUC Trust refutes the accuracy of each of them.

6. Ms. Meyer and her organization voluntarily undertook to investigate, picket, and otherwise pursue the Debtors. Among other things, Ms. Meyer states that she and her organization contacted the "Work Force Committee of the United States Congress," the FBI, the Tax Advocacy Office, the "Whistleblower Office," the SEC, and others, seeking action against the Debtors. Response, at pp. 2-4. Ms. Meyer acknowledges that none of these actions resulted in a finding of wrongdoing against the Debtors. Id. The GUC Trust is aware of no contractual or statutory authority -- and Ms. Meyer has cited none -- which would require the target of such activities (here, the Debtors) to bear the attendant costs and expenses.

7. In light of the foregoing, the Claim lacks supporting evidence and is thus "not entitled to any presumption of validity that otherwise attaches to most creditors' proofs of claim." See Exhibit A at p. 94 (excerpt from the October 28, 2011 Hearing Transcript). Further, the law is clear that if the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim. In re Chain, 255 B.R. 278, 281 (Bankr. D. Conn. 2000); In re Marino, 90 B.R. 25, 28 (Bankr. D. Conn. 1988). Ms. Meyer has plainly failed to establish any legal

3

basis for the Claim or carry her burden to establish a prima facie claim. Consequently, the Claim should be disallowed and expunged.

Dated: New York, New York
February 24, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

# EXHIBIT A

Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 09-50026(REG)

- - - - - - - - - - - - - - - - - -x

In the Matter of:


MOTORS LIQUIDATION COMPANY, et al.

f/k/a General Motors Corporation, et al.,


        Debtors.


- - - - - - - - - - - - - - - - - -x


        United States Bankruptcy Court

        One Bowling Green

        New York, New York


        October 28, 2011

        9:57 AM




B E F O R E:

HON. ROBERT E. GERBER

U.S. BANKRUPTCY JUDGE

MOTORS LIQUIDATION COMPANY, et al.

Page 94

1    These explanations were impossible not just difficult
2    to follow. They lacked logical coherence but, more
3    fundamentally, the supporting documentation and/or explanation
4    that is essential to a filed proof of claim.
5        Finally, on October 26th, Mr. Kuntz submitted a
6    further response after the GUC trust had filed a reply once
7    more failing to advance or substantiate his claims in any
8    reasonable or comprehensible measure.
9        Because his claims are so lacking in supporting
10   evidence and logical linkage to the debtors' cases, most
11   fundamentally in showing anything that Old GM even allegedly
12   did that was wrong, they're not entitled to any presumption of
13   validity that otherwise attaches to most creditors' proofs of
14   claim.
15       Justice Sonya Sotomayor, now of the United States
16   Supreme Court, when she was a district judge sitting in this
17   district, observed while ruling against Mr. Kuntz in one of the
18   many other matters in which he has appeared as a litigant that
19   his "status as a pro se litigant is of little import," because
20   even back then, in 1993, he had already "amassed litigation
21   experience that would embarrass the majority of associates and
22   some partners at large New York law firms" while demonstrating
23   a "consistent patter of vexatious litigation and little respect
24   for the Courts or other parties". See Kuntz v. Pardo, 160 B.R.
25   at 39.