UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                :
                                                            :
                 Debtors.                           :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**FINAL JUDGMENT GRANTING DEBTORS' OBJECTION
TO AND REQUEST FOR DISALLOWANCE OF THE APARTHEID-RELATED
<u>PUTATIVE CLASS CLAIMS</u>**

Upon the Objection dated May 21, 2010 (the "**Objection**") to Proofs of Claim Nos. 1206 and 7587 filed by Tozamile Botha, the Estate of William Daniel Peters, Msitheli Wellington Nonyukela, Mantoa Dorothy Molefi, Nothini Betty Dyonashe, Nonkululeko Sylvia Ngcaka, Mirriam Mzamo, Mncekeleli Henyn Simangentloko, Hans Langford Phiri, Mpumelelo Cilibe, James Michael Tamboer, and Samuel Zoyisile Mali and to Proof of Claim No. 10162 filed by Sakwe Balintulo, Dennis Vincent Frederick Brutus, Mark Fransch, Elsie Gishi, Lesiba Kekana, Archington Madondo, Mpho Alfred Masemola, Michael Mbele, Mamosadi Catherine Mlangeni, Reuben Mphela, Thulani Nunu, Thandiwe Shezi, and Thobile Sikani (collectively, "the **Apartheid Claimants**") of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims under Bankruptcy Code Section 503(b)(9)), and Procedures Relating Thereto and Approving the Form

and Manner of Notice Thereof (ECF 4079), seeking entry of an order disallowing and expunging claim numbers 1206, 7587, and 10162 filed by the Apartheid Claimants on behalf of themselves and on behalf of the members of putative classes (collectively, the "**Apartheid-Related Putative Class Claims**"); and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and after considering (i) the Objection (ECF 5845), (ii) the Apartheid Claimants' Response to the Objection and Cross-Motion Under Rule 9014 for Rule 7023 Class Treatment (ECF 6097) (the "**Apartheid Claimants' Response and Cross-Motion**"), (iii) the Debtors' Combined Reply to the Apartheid Claimants' Response and Cross-Motion (ECF 6305) (the "**Debtors' Reply**"), (iv) the Apartheid Claimants' Response to the Debtors' Reply (ECF 6317), (v) the Debtors' Supplemental Brief in Support of Their Objection (ECF 7510) (the "**Supplemental Brief**"), and (vi) the arguments of counsel at hearing on November 9, 2010; and the Court having found and determined after due deliberation that the relief sought in the Objection and the Supplemental Brief with respect to denial of class treatment is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection and the Supplemental Brief establish just cause for the relief granted herein for the reasons set forth in the Bankruptcy Court's Bench Decision on Apartheid Claimants' Motion for Class Certification, and On Debtors' Objection to Apartheid Claimants' Underlying Claims dated January 28, 2011 (ECF 8926) (the "**Bench Decision**");

It is hereby FINALLY ORDERED, ADJUDGED, AND DECREED that:

1. For the reasons set forth in the Bench Decision, the relief requested in the Objection and the Supplemental Brief as to the Apartheid-Related Putative Class Claims is granted as provided herein;

2. Class treatment under Rule 23 of the Federal Rules of Civil Procedure is denied as to the Apartheid-Related Putative Class Claims;

3. Pursuant to section 502(b) of the Bankruptcy Code, the Apartheid-Related Putative Class Claims are disallowed to the extent they purport to assert claims on behalf of members of any putative class;

4. Each party shall be responsible for its own costs and attorneys' fees;

5. This judgment is a final decision and is appealable pursuant to 28 U.S.C. § 158; provided, however, that the Apartheid Claimants have released all claims against the Debtors and the Motors Liquidation Company GUC Trust (the "**GUC Trust**") pursuant to the Settlement Agreement by and among the GUC Trust and the Apartheid Claimants dated as of December 29, 2011, and therefore have agreed not to appeal this judgment; and

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this judgment.

Dated: New York, New York
 **February 24, 2012**

*s/ Robert E. Gerber*
United States Bankruptcy Judge