Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation
Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
**In re**                                   :    **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :    **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.* :
                                            :
                        Debtors.            :    **(Jointly Administered)**
                                            :
------------------------------------------------------------x

**AMENDED REPLY TO RESPONSE TO OBJECTION TO**
**PROOF OF CLAIM NO. 61381 FILED BY DIMITRIOS MARANGOS**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this amended reply (the "**Reply**") to the response (the "**Response**") of Dimitrios Marangos to the objection filed by the GUC Trust (the "**Objection**"), which seeks to disallow and expunge his claim (Claim No. 61381, the "**Claim**"). In support of this Reply, the GUC Trust respectfully represents:

**PRELIMINARY STATEMENT**

1. As set forth more fully in the Objection, Mr. Marangos seeks to recover "$20 million and increases" from the Debtors for alleged damages related to "personal injury/other." Prior to the commencement of these chapter 11 cases, Mr. Marangos brought – and lost – eight lawsuits against the Debtors in which he sought damages for the same events which give rise to the Claim. Through the Claim, Mr. Marangos is seeking to re-litigate that which has already been resolved in the Debtors' favor, and for which the time to seek re-argument or appeal has long since expired.

2. In response to the Objection, Mr. Marangos refers this Court to in excess of 5,000 pages of documents, including the "Odyssey Brief" (the "**Odyssey Brief**"), a lengthy dissertation by Mr. Marangos on the alleged wrongdoings of the Debtors, and the damages he allegedly suffered as a result. In his Response, Mr. Marangos plainly acknowledges that the Claim has been the subject of prior litigation, which was resolved in favor of the Debtors. Resp. ¶ 4. Mr. Marangos states, however, that the prior litigation should be discounted because, among other things, "GM owned the 6th District Court and the Judges, and they have violated all the Laws and rules at the Judiciary system in order to dismiss my cases." Id. As set forth more fully herein, the allegations made by Mr. Marangos are unfounded (and, in many respects, can even be described as outlandish) and do not give rise to any valid claims against the Debtors.

3. In light of the foregoing, the GUC Trust requests the Court enter an order (i) expunging the Claim and (ii) providing that, to the extent Mr. Marangos files any further pleadings, claims, or otherwise takes action against the Debtors or the GUC Trust in this Court, neither the Debtors nor the GUC Trust shall be required to file a response or take any action unless directed by this Court.

## **DISCUSSION**[1]

4.    The Response is replete with allegations of wrongdoing by the Debtors, but no legal authority which would support the notion that Mr. Marangos has any valid claims against the Debtors. Given that Mr. Marangos does not (and, indeed, cannot) allege a sufficient legal basis for the Claim, Mr. Marangos has not met his burden to establish that the Claim is *prima facie* valid. In re Chain, 255 B.R. 278, 281 (Bankr. D. Conn. 2000); In re Marino, 90 B.R. 25, 28-29 (Bankr. D. Conn. 1988).[2]

5.    Even if Mr. Marangos did suffer damages resulting from the actions of the Debtors (which the GUC Trust expressly denies), Mr. Marangos acknowledges that such damages were fully adjudicated and resolved in favor of the Debtors prior to the commencement of these cases. See Resp. Ex. 4-D; Resp. ¶ 4. Mr. Marangos argues that the results of the prior litigation were wrongly decided in favor of the Debtors, because of allegedly corrupt or improper practices by the Debtors and the courts. Resp. ¶ 5. For example, Mr. Marangos states:[3]

- "The Government, in Collaboration with General Motors has restrained me from the use of any attorneys, and/or legal representation. They collaborated with Attorneys and judges, to hide the truth …." Odyssey Br. at 4 (emphasis excluded).

---

[1] The GUC Trust notes – but does not rely on – admissions by Mr. Marangos as to the accuracy of certain arguments in the Objection. See, e.g., Resp. ¶ 10 (admitting the GUC Trust's argument that "Indeed, the Debtors have no liability to Mr. Marangos on the basis of these allegations or for any other reason.").

[2] In the Response, Mr. Marangos makes much of the fact that the GUC Trust included, as Exhibit F to the Objection, a document signed by Mr. Marangos which states that he voluntarily resigned as an employee of the Debtors. Resp. ¶ 3. Mr. Marangos argues that he signed the document under duress. Id. While the GUC Trust in no way concedes this point, it hereby withdraws Exhibit F from the Objection. Exhibit F was included only to provide the Court with supporting documentation for the background information provided, and is not essential to the legal arguments made therein.

[3] For ease of reading, we have not used "[sic]" when quoting the Odyssey Brief, but just quoted the words exactly as they appear in the document.

- "[I]t is my personal belief based on facts and solid records … the Government and General Motors Executives and the associates are behind all the destruction, which they created against me." Id. at 205.

- "The reasons for this destruction is obvious, they don't want my case in the Courts, because of all the people they got involved and they used everyone they were able to Control and to **Cover Up** for the others, so they **Stole Twelve (12) years** or so from my life, because they held back and deprived me from what every American Citizen calls upon as Civil Rights & Constitutional Rights, creating an endless and Painful Journey in my life.???" Id.

- "Even when I proved at the Federal Court that the General Motors, was wrong and Malicious when they filed falsified records in Court, and even when they were in Default, it did not matter, the Judges decided to become Cooperatives in the crime, and as you have understood by now they dismissed the cases I filed, every single time, by using false pretenses." Id.

Even if these arguments had any merit (which they clearly do not), any rights of appeal or reconsideration with respect to these cases expired well prior to the Debtors' bankruptcy filing. See, e.g., Resp. Ex. 4-D (Sixth Circuit Court of Appeals informing Mr. Marangos that "[t]he appeal is closed and no additional review will take place under this case number."). Accordingly, Mr. Marangos fully exercised his rights against the Debtors and should not be permitted to re-litigate them through the Claim.[4]

      6.      The GUC Trust also expressly refutes the accuracy of each of the other allegations in the Response and the Odyssey Brief, including such unsupported accusations against the Debtors as:[5]

---

[4] Notably, Mr. Marangos states that he hired over 65 attorneys from 1994 to 2004 in connection with his claims against the Debtors. Odyssey Br. at 3.

[5] Exhibit E to the Response includes over 5,000 pages of documents which Mr. Marangos states support his Claim. Resp. ¶ 11. Exhibit E includes, among other things,:

- Letters to GM with Mr. Marangos's ideas and suggestions;
- Newspaper articles regarding GM;
- Letters sent to the FBI regarding the ideas that GM has stolen from Mr. Marangos;
- Pictures of the GM Chemical Plant;
- EEOC Information dating from 1997-1999;

- "All this started after some General Motors Executives Stole my Suggestions and/or Ideas, which I submitted to General Motors. They used them with their own names and for there own recognition within General Motors and they ripped the fruit of the success with my Ideas and/or Suggestions. They kept me back by Blackmailing me not to Talk, or they would fire me and/or it will cost me???." Odyssey Br. at 2 (emphasis excluded).

- "The loss of my Business and the destruction of my family along with everything else I suffered because [GM] wanted to Cover-Up what has happened at General Motors and to protect The Cooperatives, The Others and The Players." Id. at 4 (emphasis excluded).

- "[T]he Ideas I provided to GM were to Help them, Instead they stole from me and they attempted to Kill me." Id. at 5 (emphasis excluded).

7. In light of the foregoing, the Claim lacks any valid basis in fact or law and thus should not be entitled to the presumption of validity. Nothing in the Response changes this conclusion. Consequently, the Claim should be disallowed and expunged.

---

- Documents related to federal court actions, such as, pleadings, legal research, excerpts from books on racial discrimination, court rules and newspaper articles on judges;
- Correspondence with the FBI requesting a criminal investigation of GM;
- Filings related to bankruptcy of Mr. Marangos's travel company, Odyssey Travel;
- Documents related to the foreclosure of Mr. Marangos's home and repossession of his car;
- Information regarding judgments against Mr. Marangos and his business;
- Articles on the values of American constitutional democracy;
- Tax and lien information related to Mr. Marangos; and
- Pleadings from a lawsuit against Mr. Marangos for failure to pay for legal services.

None of these documents change the fact that any claims Mr. Marangos may have had against the Debtors were fully and finally resolved by prepetition litigation. However, to the extent the Court deems any of these documents relevant or significant in any respect, the GUC Trust reserves the right to make any and all arguments related thereto.

Dated: New York, New York
February 27, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation Company GUC Trust*