**Hearing date and time:  March 1, 2012, 9:45 a.m.**

PREET BHARARA
United States Attorney
  for the Southern District of New York
By:    David S. Jones
         Natalie N. Kuehler
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY  10007
Tel.: (212) 637-2800
Fax: (212) 637-2730
david.jones6@usdoj.gov
natalie.kuehler@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                            :
In re                                          :         Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,   :         09-50026 (REG)
       f/k/a General Motors Corp., *et al.*        :
                                            :
                               Debtors.       :         (Jointly Administered)
                                            :
---------------------------------------------------------------x

**LIMITED OBJECTION OF THE UNITED STATES OF AMERICA TO MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST TO SUPPLEMENT AMENDED ORDER PURSUANT TO 11 U.S.C. SECTION 105(a) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION**

       The United States of America, on behalf of its agencies the United States Environmental Protection Agency ("**EPA**") and Department of the Interior ("**Interior**"), by and through its attorney Preet Bharara, United States Attorney for the Southern District of New York, hereby submits this limited objection to the Motion of the Motors Liquidation Company GUC Trust (Dkt. No. 11413, referred to herein as the "**ADR Motion**").  The ADR Motion seeks entry of an order expanding the disputes covered by a previous alternative dispute resolution order in this case, in relevant respect by, for the first time in this case, including environmental disputes with

federal agencies in the types of claims that are subject to mandatory mediation at the GUC Trust's sole election. As explained below, EPA and Interior object to being subject to mandatory mediation because the specific mediation procedures proposed by the GUC Trust are fundamentally unfair and not well designed to achieve efficient and timely resolution of the remaining environmental disputes between the United States and the GUC Trust, and because EPA and Interior have been highly responsive and have resolved the vast majority of their claims while also actively pursuing resolution of the only two federal environmental claims that are not resolved or subject to an agreed resolution pending notice, comment, and court approval.

As the Court is aware, the United States filed numerous and substantial environmental claims against the Debtors. The United States has resolved almost all of its environmental claims, with the sole remaining unresolved claims arising in or near Onondaga County, New York.[1] The United States has been and is actively negotiating to seek resolution of those last remaining unresolved claims, and is unaware of any other significant unresolved federal claim of any kind.

The ADR Motion says nothing about the federal environmental claims (which are not subject to the now-in-effect ADR order that the ADR Motion seeks to modify), and there can be no dispute that the United States has pursued claim resolution actively, productively and in good faith. Nor is there any basis to say that settlement discussions between the United States and the GUC Trust cannot or will not succeed in the absence of mediation. In fact, even the proposed order filed along with the ADR Motion stated that the ADR procedures would not apply to the United States and its agencies, *see* ADR Motion Exhibit 1, at page 2 ("ORDERED that,

---

[1] The United States' most recent environmental settlement agreement was lodged with the Court on January 30, 2012, and, if the United States concludes that any comments received do not warrant otherwise, the United States anticipates moving the Court for its approval and entry once the public comment period has expired.

2

notwithstanding anything to the contrary in the Motion, the ADR Procedures shall not apply to claims filed by the United States of America or its agencies"); nevertheless, counsel for the GUC Trust informed this Office only late last week that in fact the GUC Trust *does* intend for these procedures to apply to the United States, notwithstanding this assertedly inadvertent provision in their proposed order.[2]

Given the progress shown to date and the United States' clear commitment to pursue discussions at the sole remaining unresolved site, there is no need for the GUC Trust's demand for the right to unilaterally trigger mediation, with cumbersome and costly procedures that would burden the public fisc and that might well delay resolution of the outstanding environmental claims.

Moreover, the ADR Motion should be rejected as to the United States for the independent reason that its provisions are unduly onerous, prejudicial at least to governmental creditors, and unfairly one-sided in favor of the GUC Trust. *See generally* Limited Objection of the State of New York to the GUC Trust's Motion to Supplement Amended Order and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, February 23, 2012 (Dkt. No. 11444).

1. The Proposed Disclosure Obligations Are Unfairly Unilateral and Prejudicial

As detailed in New York State's objection, among other things, the ADR Motion's proposed procedures improperly require creditors to present "all documentation and such other information evidencing and/or substantiating the actual calculation of the Proposed Claim

---

[2] At least in part because this Office believed based on this language in the proposed order as filed that the ADR Motion would not apply to the United States, counsel for the GUC Trust agreed to extend the United States' time to object to the ADR Motion until February 28, just two days before the hearing. We regret any inconvenience this may have caused the Court and appreciate the Court's accommodation.

3

Amount" – a potentially monumental undertaking in the case of complex environmental claims, and not one that is accompanied by any reciprocal duty on the part of the GUC Trust to divulge any information they may have concerning MLC's legacy environmental responsibility. Such a one-way flow of information would allow the GUC Trust improperly to circumvent or frustrate use of the Federal Rules of Bankruptcy Procedure regarding discovery in contested matters. Moreover, this mechanism is at best unnecessary given the parties' advanced discussions (which have involved extensive technical presentations and discussion), and at worst is highly prejudicial to governmental units who will be forced to divulge all their own data without any assurance that they will in turn receive all relevant data from the GUC Trust. At a minimum, these procedures should not be applied to federal environmental claims.

2. <u>The Proposed Mediators Have No Evident Environmental Experience or Expertise</u>

The United States also shares New York's concerns about the GUC Trust's panel of proposed mediators. We have had inadequate opportunity to weigh their potential qualification to mediate the complex remaining unresolved federal environmental claims, and the GUC Trust has made no showing that any of their preferred mediators are even familiar, much less experienced or expert, in environmental disputes. This reality strongly suggests that any mediation would entail waste of resources educating mediators in myriad ways if the mediator is to have any possible ability to engage in an informed discussion of the relevant issues. Indeed, there is serious question whether the existing panel of mediators would add any value to the effort to resolve federal environmental claims.

3. <u>Mediation Costs Are Unwarranted and Should Not Be Borne by the United States</u>

The United States also objects to being required to fund the mediators, in whole or in part. Incurring this added professional expense will strain limited federal litigation budget

4

resources for an exercise that, in this Office's judgment, will add no value and in fact likely will only delay the resolution of federal claims.  Moreover, the United States is concerned about the waste of estate assets that any mandatory mediation would entail; as the Court is aware, the GUC Trust has moved for leave to sell certain assets that would have been used to fund creditor distributions to instead fund a variety of professional and administrative costs, and, at least as to the United States where it is premature to say direct discussions will not lead to consensual claim resolutions, the added expense of a cumbersome mediation process is not warranted.

4. <u>The GUC Trust Has Not Shown Need or Entitlement for an Injunction</u>

Finally, as New York State also observes, the ADR Motion seeks entry of a potentially sweeping injunction, without any justification or demonstrated need in the case of the federal environmental claims.  *See* ADR Procedures paragraph 1(C) ("Designated Claimant[s]" are "enjoined from commencing or continuing any action or proceeding in any manner or any place, including the Bankruptcy Court, seeking to establish, liquidate, collect on, or otherwise enforce" claims including environmental claims).  The GUC Trust has made no showing that they need or are entitled to such a sweeping injunction, and the United States objects to being subject to such an order.

5. <u>Denial of the ADR Motion as to Federal Environmental Claims Without Prejudice to Later Renewal Will Not Prejudice the GUC Trust</u>

Finally, the Court should reject the GUC Trust's suggestion that it should immediately be granted the discretion to unilaterally invoke ADR procedures whenever it chooses and that, objections notwithstanding, it will not do so unreasonably or unfairly.  The GUC Trust has not explained and cannot explain how mediation of federal environmental claims would promote efficiency or claim resolution.  Moreover, especially given these claims' public importance, the Court should not grant the GUC Trust the unilateral ability to divert federal environmental

5

claims to a debtor-friendly mandatory mediation process. The Court should instead deny the motion as to the United States, if the Court deems appropriate without prejudice to the GUC Trust's ability to seek mediation in the future if circumstances warrant.

* * *

These specific objections to the procedures are illustrative, and not necessarily exhaustive. But these considerations alone warrant denial of the ADR Motion as to the United States, or, put differently, warrant the inclusion of a provision carving the United States out of any order that otherwise grants the ADR Motion.

## CONCLUSION

The GUC Trust's motion should be denied as it would otherwise affect claims of the United States or any of its agencies, or modified to exclude the claims by agencies of the United States from its effect.

Dated: New York, New York
      February 28, 2012

                                 PREET BHARARA
                                 United States Attorney for the
                                 Southern District of New York

                                 _/s/ David S. Jones_____
               By:   David S. Jones
                        Natalie N. Kuehler
                        Assistant United States Attorneys
                        86 Chambers St., 3rd Floor
                        New York, NY 10007
                        Tel. (212) 637-2800
                        Fax (212) 637-2730
                        david.jones6@usdoj.gov
                        natalie.kuehler@usdoj.gov

## CERTIFICATE OF SERVICE

I, David Jones, certify that I am an Assistant U.S. Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and that I caused the foregoing pleading to be served as follows:

By electronic notice via ECF to all persons registered to receive such notice;

By email to the following: Joseph Smolinsky (joseph.smolinsky@weil.com); Maureen Leary (maureen.leary@ag.ny.gov) ;

And by fax to the Office of the United States Trustee.

   s/ David S. Jones

New York, New York
February 28, 2012