Court of Honorable Robert E. Gerber  
Attn: Helene Blum  
Fax: 212-668-3357

Weil, Gotshal & Manges LLP  
Attn: Sarah B. Roberts  
Fax: 212-310-8007

Dickstein & Shapiro LLP  
Attn: Stefanie Birbrower  
Fax: 212-277-6501

February 29, 2012

Reference: General Motors Liquidation Company Objection to Claims Case No:09-50026

(Informal Response) Eighty-Third Omnibus Objections to Claims  
    Claim No. 36256  
    Claim No. 36257

I received notification on February 24, 2012, prior to my court hearing of March 1, 2012, that my case may be expunged due to insufficient documentation. Since this is an informal response, I hope that the court will overlook my error of not providing the documentation that I have regarding my case. I intended to use "Court Call" on the date of my hearing and present my case with the documentation that supports my objection.

Please accept the following pages as support documentation for my case:
1. Summary of my Proof of Claim my Informal Response to Objections dated October 17, 2010
2. Letter of Total Compensation Benefits by Kathleen S. Barclay, Vice President Global Human Resources provides information for planning for my future retirement.
3. Modifications to GM Salaried Health Care Program-Indication of $260 monthly to surviving spouses under age 65 who are eligible for Medicare.
4. Summary of my Salary frozen which ultimately changed my future increases
5. Support paperwork where salary was frozen for 4 years and then 3 years,
6. Salary Compensation Statement dated 9/1/06 showing I was way below market range, prior to my retirement in 2007

I am scheduled for Court Call on Thursday, March 1, 2012 at 9:45 A.M. therefore, please confirm receipt of this support documentation.

Your acceptance is greatly appreciated,

*[signature]*  
Darlene M. Schneider



# Court Preparation – March 1, 2012

**OPENING REMARKS:**
Greatly appreciate that the new GM accepted the obligation to continue the pension fund to previous retirees. However, this obligation **does** have its rewards for the New GM towards the value of the IPO (Introduction ...) and Positive Public Opinion of the new company and confidence in the viability of the new stock, and also a tax advantage to GM.

**OBJECTION: DATED October 17, 2010 to Debtor's 83rd Omnibus**

1) Re-consider that General Motors Retains the unilateral right to withhold or eliminate benefits promised to employees during the lifetime career leaving employees in a vulnerable financial hardship. In my case, my husband is totally and permanently disabled.
2) Allow hardship cases to be heard individually and consider a settlement that would bestow compensation that would allow the party to prepare other options or changes that would improve their financial position. Provide some funding that would provide for alternative income to make up the difference for what I have lost.
3) I worry that GM could take away additional benefits or pension decline or taken over by Pension Benefit Guarantee Corporation (PBGC)
4) Each year GM employees were given their Total Compensation Benefits package that included a statement by GM Officer and Human Resources Vice President Katy Barclay: <u>It emphasizes those benefits that offer health care and financial protection to you and your family in the event of illness, injury or death. In addition, it provides important information for planning a secure and successful retirement.</u>

**What I have lost**

1) **$8,784** (for four years ($183/month* supplement) Husband on Medicare but under age 65, therefore do not receive $240 supplement in my pension check. (Did not realize this in 11/10 when I issued the Claim).
2) **$69,900** (Life insurance) reduced to $10,000 (was planned to compensate the difference of the reduction of my pension benefit to my spouse in the case that I predecease him.(Claim #36257)



3) **$182,588** for the loss of Health Insurance Coverage (Claim #36256)
4) Investments lost for which I am not asking recompense:
   a. SSPP Savings Stock Program (Estimate  $10,000)
   b. Stock Options in lieu of monetary award lost in bankruptcy(Estimate $3,685)

**Total Claim:  $261,272**

**\*This figure continues to escalate yearly. This is only an estimate of what we have spent since GM has eliminated my husband from healthcare.**

### Final Remarks

No mention ever made by the New GM Company to reverse their decision on benefits should the <u>new company</u> become profitable. The reduction in retirement benefits has caused distress and hardship because my husband has been totally and permanently disabled for virtually most of our married life. Previously he has undergone three open heart surgeries and again this year to replace the pulmonary valve. He receives Medicare(disability). Since 2010, my husband was eliminated from GM health care because he is receiving Medicare, but was promised compensation for these benefits in my pension check. However, since he is under the age of 65, we do NOT receive any compensation for this loss and now we also have to pay for Medicare supplement ($200/month) for my husband in addition to my own out of pocket expenses ($3,500/yr) for health care and medication that are no longer covered by the selected health care provider.

In addition, my life insurance benefit was to be equal to one year salary at the time of retirement. This amount was planned to compensate the difference of the reduction of my pension benefit to my spouse in the case that I predecease him. As announced following the bankruptcy filing, effective August 1, 2009, the company reduced retiree Basic Life Insurance coverage to a maximum of $10,000.

No mention was ever made by GM to reverse their decision should the new company become profitable. General Motors was required to reduce their costs during the bankruptcy proceedings, but retired employees should not have to suffer a lifetime, especially when our entire careers we were told our "total compensation was something we could plan on in our retirement years." <u>THAT IS THE VERY REASON</u>



- Confidential -

Dear Darlene M Schneider:

Your 2004 Personal Total Compensation Summary is being provided to you on the employee portal and designed to provide a "snapshot" of your total compensation as of December 31, 2003. It emphasizes those benefits that offer health care and financial protection for you and your family in the event of illness, injury or death. In addition it provides important information for planning a <u>secure and successful retirement</u>.

Please take the time to review this important information. Your 2004 Personal Compensation Summary information will continue to be available on this site until updated for 2005. However, you may want to print a copy and file it with your other valuable documents. If you have any questions about your benefit information, you should call the appropriate Benefit Center for assistance. The telephone numbers for the benefit centers are included in this document for your convenience.

Thank you for your continued efforts and contributions to General Motors. I believe that our collective efforts - and our unrelenting focus on producing business results - will create an outstanding and winning future for GM.

Kathleen S. Barclay
Vice President
Global Human Resources



## Material Modifications to the General Motors Salaried Health Care Program
### Effective January 1, 2010

Effective January 1, 2010, GM will cancel health care coverage for salaried retirees and surviving spouses who are under age 65 and <u>who are eligible for Medicare,</u> and for eligible dependents of retirees and surviving spouses who are under age 65, and <u>who are eligible for Medicare.</u>

The coverages that will cancel are: medical (which includes prescription drug, hearing aid, durable medical equipment, and behavioral health), dental, vision and Extended Care Coverage (ECC). In addition, the $76.20 Medicare Part B Special Benefit will also cancel effective January 1, 2010 for those impacted by this change.

Note: This change will NOT apply to salaried retirees, surviving spouses or their dependents who are under age 65 and are in End Stage Renal Disease (ESRD) as defined by Medicare. Eligible retirees, surviving spouses and dependents who are in ESRD will continue to be eligible for the Salaried Health Care Program until they reach age 65.

In order to offset some of the health care costs that those impacted by this change may incur, GM will establish a Health Reimbursement Account (HRA) Plan for impacted retirees and surviving spouses through Bank of America. Dependent spouses and dependent children who are impacted by this change are not eligible for the HRA Plan.

Beginning January 1, 2010, GM will allocate $260 monthly to an HRA account for retirees and surviving spouses under the age of 65 who are eligible for Medicare. Thereafter, the participant may obtain reimbursement of costs for qualified health care expenses, such as monthly health care premiums, deductibles and copays, on a non-taxed basis up to the accumulated total in the HRA.

The HRA Plan is being initiated for retirees and surviving spouses under the age of 65 whose GM paid health care coverage is canceled due to Medicare eligibility because they are not eligible for the $300 Pension Benefit until they reach age 65. GM is implementing the HRA Plan to provide an equivalent interim benefit. When these retirees and surviving spouses reach age 65, the $300 Pension Benefit will commence and allocations to the HRA will cease. Any remaining balance in the HRA account will be available to reimburse an eligible expense incurred during the year the participant attains age 65. Amounts not reimbursed by March 31 of the subsequent year for eligible expenses incurred during the year HRA participants attain age 65 will be forfeited.

GM reserves the right to amend, modify or terminate the GM Health Reimbursement Account Plan at any time without notice. In the event that GM terminates the Plan, you will be eligible for reimbursement of qualified health care expenses until the amount allocated to your account at that point has been exhausted or until March 31 of the year following the year GM terminates the plan.



Started with GM in 1969.
Salary 6/1/86  $33,576 until 10/1/90
Salary 11/1/91 $37,248 until 6/1/94

When I Graduated with BA in Business from the University of Michigan in 1991, I had a discussion with my husband about leaving GM due to not receiving regular increases.  At that time I had 22 years of service, a family of three children plus a disabled husband and felt my retirement with benefits meant more than my salary, therefore I made the decision to stay with GM.

In 1993 I transferred to Milford Proving Ground (hour distance from my home) to take a Purchasing Position 5W13 and received no promotion or increase $37,248, but positioning myself for a promotion.

In 1994 I received that promotion to a Buyer position 6W02 $40,224

The point made here is that during the years 1986-1993, I stayed with GM and sacrificed salary increases for the sake of the Corporation when GM Management made the business decision to freeze my salary during the years 1986-1993.  This decision ultimately reduced my social security benefits for retirement.

In 2006 my pay range for Position code 7W04 Supplier Leader pay grade A is very low compared to the  (Market Rate $88,200 - $112,800 Max Range).  This is also due to GM freezing my salary in earlier years.  Even with the increases, I never could catch up with the market value of my position and responsibility.  I stayed with GM not for the salary but for the security of the health and life insurance benefits for my retirement.

| Year | Salary | Code |
|---|---|---|
| 1986 | $33,576 | 5T14 |
| 1987 | $33,576 | |
| 1988 | $33,576 | |
| 1989 | $33,576 | |
| 1990 | $35,176 | |
| 1991 | $37,248 | Graduated with B.A. |
| 1992 | $37,248 | 5T14 |
| 1993 | $37,248 | 5W14 |
| 1994 | $40,224 | 6W02 |



**THAT I STAYED AT GENERAL MOTORS ALTHOUGH DURING THE YEARS 1986 – 1991 MY SALARY WAS FROZEN (documentation provided).**

As it is, the bankruptcy greatly affected our retirement savings with the loss on the stock market and our investment in General Motors stock and stock options which were lost in the bankruptcy.

**I hope you will give my plea sincere and utmost consideration as it is a life altering decision in my case.**

**Darlene M. Schneider**

```
                         WWP  -  WORLDWIDE PURCHASING                              PAGE    1
                         EMPLOYMENT/COMPENSATION HISTORY                           02/23/2001
                                                                                   PER006
                      NAME          :  SCHNEIDER,DARLENE,M
                      BIRTH DATE    :  02/01/1951
                      SERVICE DATE  :  11/01/1969
                      SSN/ID        :  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
                      SEX           :  FEMALE
                      RACE          :  NON-MINORITY
==================================================================================================

40796 NOBLETON              (810) 979-6307    AAP HANDICAP   : NO          EXEMPT/SUPV: A/N    SAL MINIMUM :   4,500.00
STERLING HEIGHTS, MI  48310                   VET STATUS     : NOT A VETERAN  PAY GRADE : 7B    SAL MIDPOINT:   6,000.00
                                                                                                SAL MAXIMUM :   7,917.00
CITIZENSHIP: U.S.A.                           CREDITED SERVICE: 29 YRS   6 MOS  AS OF DECEMBER 31, PRIOR YEAR
==================================================================================================

EDUCATION           LEVEL: COLLEGE GRADUATE

DEGREE              YEAR   SCHOOL                              MAJOR
--------            ----   ------------------------            -----------------------------
BACHELOR            1991   MICHIGAN-DEARBORN, U OF             GENERAL STUDIES
ASSOCIATE           1984   MACOMB COMM COL                     PHYSICAL & GENERAL SCIENCES
==================================================================================================

PERFORMANCE     ----------------INTEREST---------------  ------READINESS 1------  ------READINESS 2------  ------READINESS 3------
DATE       P S  PRIMARY           S  SECONDARY           S R LV FIELD OF WORK     S R LV FIELD OF WORK     S R LV FIELD OF WORK      POT
                                                                                                                                     S LVL
---------- - -  ----------------  -  ----------------    - - -- -----------------  - - -- -----------------  - - -- -----------------  - ---
01/12/2000 S 6
09/08/1992 S 6
08/30/1991 S 6                                            A 06  PURCHASING AND    A 06  PURCHASING AND
01/31/1991 S 6                                            A 06  PURCHASING AND    A 06  PURCHASING AND      A 07  MISCELLANEOUS
01/19/1990 S 6                                              06  PURCHASING AND      06  PURCHASING AND        08  MISCELLANEOUS
                                                            06  PURCHASING AND      05  PURCHASING AND        07  MISCELLANEOUS
==================================================================================================

EMPLOYMENT HISTORY (# INDICATES CISCO)

DATE        TITLE                           POSITION   UNIT                 DEPT     LOCATION         EC  TYPE OF CHANGE
----------  -----                           --------   ----                 ----     --------         --  --------------
01/01/2001  SR. BUYER                       7W09       WW PURCHASING        NW041    WARREN           MI  CHG-REORG/ORG NA
01/01/2000  SR. BUYER                       7W09       WW PURCHASING        NW041    WARREN           MI  TRANSFER-FUNCTIO
01/16/1999  SR. BUYER                       7W09       GM POWERTRAIN-HDQTRS 8425     WARREN           MI  CHG-LOCATION
06/01/1998  SR. BUYER                       7W09       GM POWERTRAIN-HDQTRS 8425     MILFORD          MI  PROMOTION-PROFIC
03/16/1996  BUYER                           6W02       GM POWERTRAIN-HDQTRS 8425     MILFORD          MI  TRANSFER-FUNCTIO
01/01/1995  BUYER                           6W02       WW PURCHASING        NW032    MILFORD          MI  CHG-REORG/ORG NA
06/01/1994  BUYER                           6W02       WW PURCHASING        NW032    MILFORD          MI  PROMOTION-PROFIC
02/16/1993  FOLLOW-UP PURCHASING EXPEDI     5W14       WW PURCHASING        NW032    MILFORD          MI  RECLASS-POS CODE
11/01/1992  FOLLOW-UP PURCHASING EXPEDI     5T14       WW PURCHASING        NW032    MILFORD          MI  TRANSFER-PERUNIT
07/01/1991  FOLLOW-UP PURCHASING EXPEDI     5T14       TSG FACILITIES       Y552     WARREN           MI  TRANSFER-FUNCTIO
```



```
SCHNEIDER,DARLENE,M                                                                                  PAGE    2
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                                                                                         02/23/2001
                                                                                                        PER006
================================================================================================================

EMPLOYMENT HISTORY (# INDICATES CISCO)      (CONTINUED)

DATE         TITLE                          POSITION   UNIT                   DEPT     LOCATION       EC TYPE OF CHANGE
----------   ----------------------------   --------   --------------------   ------   --------------    ----------------
11/17/1988   FOLLOW-UP PURCHASING EXPEDI    5T14       AES                    F007     WARREN         MI CHG-ORG MGT #(LI
01/16/1986   FOLLOW-UP PURCHASING EXPEDI    5T14       AES                    F007     WARREN         MI POSITION BUILD
08/01/1984   FOLLOW-UP PURCHASING EXPEDI    5T14       AES                    F007     WARREN         MI NO TRANSACTION D
06/30/1983                                                                                               RA RETURN FROM LEAV
02/28/1983                                                                                               RA DISAB LV-PREG.
01/02/1980                                                                                               RA RETURN FROM LEAV
10/01/1979                                                                                               RA LEAVE-DISAB(< 12
06/26/1978                                                                                               RA RETURN FROM LEAV
05/25/1978                                                                                               RA LEAVE-DISAB(< 12
10/01/1976   SECRETARY-STENOGRAPHER         4A03       #GMC CENTRAL OFFICES   F03      WARREN         MI NO TRANSACTION D
09/01/1975   STENOGRAPHER III               3A01       #GMC CENTRAL OFFICES   F03      WARREN         MI NO TRANSACTION D
07/07/1975   STENOGRAPHER III               3E01       #GMC CENTRAL OFFICES   F69      WARREN         MI NO TRANSACTION D
07/07/1975                                                                                               RA RETURN FROM LEAV
08/16/1974                                                                                               LP DISAB LV-PREG.
06/30/1974   CLERK III                      3A02       #GMC CENTRAL OFFICES   F03      WARREN         MI RA NO TRANSACTION D
================================================================================================================

COMPENSATION HISTORY - US

                                                       CHANGE      %      INTERVAL     ANNUAL
DATE         TYPE OF CHANGE                BASE RATE   AMOUNT    CHANGE   (MONTHS)    BASE RATE
----------   ----------------------------  ---------   ------    ------   --------    ---------
06/01/2000   BASE SALARY INCREASE           4963.00    190.00     4.0       12         59556.00
06/01/1999   BASE SALARY INCREASE           4773.00    379.00     8.6       12         57276.00
06/01/1998   PROMOTION-PROFICIENCY          4394.00    399.00    10.0       12         52728.00
06/01/1997   BASE SALARY INCREASE           3995.00    258.00     6.9       12         47940.00
06/01/1996   BASE SALARY INCREASE           3737.00    190.00     5.4       12         44844.00
06/01/1995   BASE SALARY INCREASE           3547.00    195.00     5.8       12         42564.00
06/01/1994   PROMOTION-PROFICIENCY          3352.00    248.00     8.0       31         40224.00
10/01/1993   RECOGNITION AWARD              3104.00    600.00     1.6                  37248.00
11/01/1991   BASE SALARY INCREASE           3104.00    176.00     6.0       13         37248.00
10/01/1990   BASE SALARY INCREASE           2928.00    130.00     4.7       52         35136.00
10/01/1990   RECOGNITION AWARD              2798.00   2900.00     8.6                  33576.00
08/01/1989   RECOGNITION AWARD              2798.00   3200.00     9.5                  33576.00
08/01/1988   RECOGNITION AWARD              2798.00   2350.00     7.0                  33576.00
07/01/1987   RECOGNITION AWARD              2798.00   2350.00     7.0                  33576.00
06/01/1986   BASE SALARY INCREASE           2798.00     94.40     3.5        5         33576.00
01/01/1986   COLA FOLD-IN                   2703.60     93.60     3.6        1         32443.20
12/01/1985   BASE SALARY INCREASE           2610.00     71.72     2.8       14         31320.00
10/16/1984   COLA FOLD-IN                   2538.28    518.28    25.7        2         30459.36
08/01/1984   PROMOTION-BONAFIDE             2020.00    117.00     6.1        4         24240.00
04/01/1984   BASE SALARY INCREASE           1903.00     50.00     2.7       20         22836.00
```



- Confidential -

# BASE SALARY CHANGE/RECOGNITION AWARD NOTICE
# COMPENSATION STATEMENT

| NAME: | SCHNEIDER, DARLENE M | EMP ID: | 05470084 |
|---|---|---|---|
| TITLE: | Supplier Leader | JOB CODE: | US2549 |
| UNIT: | Fuel Cell Activities | FLSA: | EXEMPT |
| DEPT: | Purchasing | | |
| EFFECTIVE DATE: | 9/1/06 | SALARY ADJUSTMENT TYPE: | PRO / PPR |
| PREVIOUS ANNUAL BASE: | $70,812.00 | PERCENT SALARY INCREASE: | 12.7% |
| AMOUNT OF INCREASE: | $9,000.00 | ANNUAL RANGE MARKET RATE: | $88,200.00 |
| NEW ANNUAL BASE: | $79,812.00 | ANNUAL RANGE MAXIMUM: | $112,800.00 |
| AWARD AMOUNT: | $.00 | AWARD TYPE: | |

This statement is part of my employment agreement. The salary cited above will be my salary for all hours worked, including overtime, during each monthly period. If approved, a night shift premium or an overtime premium for scheduled overtime hours may be paid me in accordance with the policy or practice in effect. Acceptance by me of my salary without protest in writing shall acknowledge that I have been paid in full for the period.

I acknowledge that I am privy to trade secrets or other confidential information/proprietary information concerning General Motors Corporation, its subsidiaries and/or affiliates, the disclosure of which will cause irreparable harm to General Motors Corporation, its subsidiaries and/or affiliates. I agree that I will not discuss or disclose to any person or entity any trade secret, confidential and/or proprietary information and, upon termination of my employment, I shall return such information to General Motors Corporation.

When signed or electronically accepted, this statement becomes part of my employment agreement and reaffirms that my employment is from month to month (day to day if I am in my Orientation and Development period) on a calendar month basis.

I acknowledge that I remain subject to the terms of any written non-competition, intellectual property, confidentiality, alternative dispute resolution or settlement agreement contained in a previous compensation statement or other document signed or electronically accepted by me.

By signing or electronically accepting this compensation statement, I also acknowledge my responsibility to adhere to and believe I am in compliance with General Motors Corporation guidelines with respect to employee conduct as contained in the "Winning With Integrity - Our Values and Guidelines for Employee Conduct" materials.

Except as stated above, there are no other oral or written understandings or agreements in effect regarding my salary, nature or duration of employment, or the other matters set forth in this Compensation Statement.



Accepted 9/7