**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                   :
In re                                              :          Chapter 11 Case No.
                                                   :
**MOTORS LIQUIDATION COMPANY,** *et al.,*          :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*   :
                                                   :
                          **Debtors.**             :          **(Jointly Administered)**
                                                   :
----------------------------------------------------------------x

**DECLARATION OF DAVID HEAD,**
**MANAGING DIRECTOR OF ALIXPARTNERS**
**IN SUPPORT OF THE GUC TRUST'S REPLY**
**TO RESPONSE OF LORIN W. TATE OPPOSING**
<u>**DEBTORS' OBJECTION TO ADMINISTRATIVE PROOF OF CLAIM NO. 70908**</u>

I, DAVID HEAD, hereby declare as follows:

1.        I am a Managing Director of AlixPartners, LLP ("**AlixPartners**"), located at 2000 Town Center, Suite 2400, Southfield, MI 48075, and am duly authorized to submit this declaration (the "**Declaration**") on behalf of AlixPartners.  AlixPartners represents the Motors Liquidation Company ("**MLC**") GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011.

2.        I respectfully submit this Declaration based upon my personal knowledge of the facts set forth herein, and my review of relevant documents and files in support of the GUC Trust's *Reply to Response of Lorin W. Tate* ("**Tate**") *Opposing Debtors' Objection to*

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc. ("**REALM**"), and Environmental Corporate Remediation Company, Inc. ("**ENCORE**").

*Administrative Proof of Claim No. 70908* (the "**Reply**"), and the advice of other professionals in

this case.  If called as a witness, I could and would competently testify thereto.

3.    I am responsible for reviewing GUC Trust claims and objecting to them

if, based on my review of the proof of claim and the supporting documentation, the claimant's

entitlement to the claim amount is not established.  It is my understanding based on my review of

the Tate Claim[2] and the arguments raised therein, that Tate insists he is entitled to finders' fees

for recovering assets of GM and other entities, which entities, according to Tate, include GMAC

and other non-debtor entities.

4.    The analysis begins with a review of the Recovery Agreement, a true and

correct copy, including Schedule A, is annexed hereto as Exhibit "A" (the "**MLC Recovery**

**Agreement**").  I also reviewed an affidavit Tate executed in the bankruptcy case of Arthur

Howard Earl filed in the U.S. Bankruptcy Court for the Northern District of Florida, a true and

correct copy of which is annexed hereto as Exhibit "B".

5.    In order to properly investigate the basis for the Tate Claim, I, and those

under my instruction, sought to determine whether MLC or the GUC Trust actually received the

allegedly recovered amounts by taking the below outlined steps.

6.    First, we reviewed the database of MLC contracts in order to determine

whether MLC assumed the MLC Recovery Agreement.  Based on that review, no agreement

with Tate was assumed by MLC or assumed and assigned to General Motors LLC.  We are also

unaware of any extensions to the MLC Recovery Agreement beyond the termination date of

October 15, 2009.

---

[2] Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the *Debtors'
Objection to Administrative Proof of Claim No. 70908 Filed By Lorin W. Tate* (ECF No. 9455) and the
Reply.

7.      Second, we reviewed line-by-line Attachment 3 of the Tate Claim to identify assets listed under MLC or a name MLC previously operated under as owner.  I estimated only approximately forty-seven groups of line items—listing a total of approximately $67,000 worth of recoverable assets—that pertain to MLC.  The balance of the Tate Claim relates to GMAC and other non-debtor entities that Tate repeatedly identifies in Attachment 3.  It does not appear, based on the MLC Recovery Agreement, that any non-MLC or GM assets should be considered as basis for compensation.

8.      Third, we compared the forty-seven groups of line items listing approximately $67,000 worth of recoverable assets against MLC's own books and records for the period from July 10, 2009 to May 2011.  We did not find any matching entries.  Moreover, upon discussions with New GM, the custodian of MLC's records from June 1, 2009 to July 10, 2009, our investigation reveals that MLC did not receive any payments on account of the Tate Claim.

9.      Fourth, we examined MLC's books and records to identify any receivables from the government custodians Tate listed in the supporting documentation to the Tate Claim for the post July 10, 2009 period.  Our examination revealed that although MLC did receive funds from certain custodians, all such receipts were in the ordinary course of business, where, for example, tax refunds were issued by taxing jurisdictions for current periods.

10.      As noted above, Tate insists he is entitled to finders' fees for recovering assets of both GM and GMAC.  Although we have attempted to reconcile the allegedly recovered assets belonging to MLC, we cannot reconcile the recovered assets belonging to GMAC, a non-debtor entity, without incurring considerable expense to the Debtors' estates.  A reconciliation of GMAC records with Attachment 3 would require extensive correspondence and

document exchanges with the respective individuals responsible for maintaining the books and records of GMAC as well as potential third-party discovery to the extent GMAC were uncooperative. Nevertheless, the affidavit filed by Tate in the Earl bankruptcy makes clear that another agreement with GMAC exists and MLC has no responsibility thereunder.

11.     In view of the efforts and costs necessary to further reconcile and contest the Tate Claim and the estimated maximum claim amount of $5,360, the GUC Trust will diligently seek to settle the Tate Claim if the Court finds that the Tate Claim is limited only to assets recovered on behalf of MLC.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Southfield, MI
         March 1, 2012

                                        */s/ DAVID HEAD*
                                        DAVID HEAD

**Exhibit "A"**

# RECOVERY AGREEMENT

This Recovery Agreement (the "Agreement") is entered into on this 30th day of August, 2007, by and between **Lorin W. Tate DBA Tate² Asset Recovery Services** ("Provider") and General Motors Corporation, ("GM") a Delaware corporation, (together, the "Parties").

WHEREAS, GM desires to secure Assets due and owing, but which remain undelivered and unclaimed, or as a result of its status as a rightful recipient of Assets from an agency or instrumentality of the United States or a State thereof, which remain undelivered or unclaimed; and

WHEREAS, Provider has, identified Assets, as contained on the attached Schedule A (the "Assets") that GM is entitled to claim.

NOW, THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties mutually agree as follows:

1. **Services:** Provider agrees to disclose all available information with respect to the Asset identity, including but not limited to how each Asset became unclaimed and to render all administrative services, including but not limited to the processing of all paperwork to perfect the claim for and corroborate the legal entitlement to each Asset. Provider will diligently exercise all necessary efforts to secure the release of and recovery of the Asset for GM. Provider will provide GM, within five (5) business days of receipt of same, copies of any and all correspondence Provider receives from the Agency, Entity or Authority maintaining the Asset ("the Holder"). Upon receipt of the Assets from the Holder, Provider will, within three (3) business days from said receipt, disburse the Assets to GM. GM will cooperate with Provider by executing and returning any documents provided by Provider as may be reasonably necessary to verify, complete and expedite this claim.

2. **Power of Attorney:** GM has appointed Provider as attorney in fact for the limited purpose of accomplishing release of the Assets. Such appointment is evidenced by a separately executed Power of Attorney, dated May 25, 2007, a copy of which is attached hereto as "Exhibit B."

3. **Compensation:** In consideration of the services described above, GM agrees to pay Provider a fee as set forth next to the Asset value per each item listed on Schedule A, only when such amounts are actually received by GM. GM will pay Provider this fee within sixty (60) days of receipt of said funds. Both Parties agree that Provider is not entitled to any advance fee but will only be paid the above fee contingent upon GM's receipt of said funds. GM may forego recovery at any time for any reason. If Assets recovered by Provider are subject to a contingency or other fee claim of GM's counsel or a collection agency, and/or are payable jointly to GM and another party, GM's fee to Provider will be limited to actual net amounts received by GM, exclusive of any such fee or third-party claim. Furthermore, if GM becomes aware of an Asset through another means, has contracted for its recovery with another party prior to the date of this Agreement, the Asset is determined not to belong to GM or if Provider cannot obtain the Asset, then GM will owe no fee to Provider. The foregoing determinations will be made by GM and will be conclusive and binding on Provider. Provider hereby waives all right of set-off, recoupment, or other claims it may now or hereafter have against GM in regard to the Assets, save only for the fees as herein stated.

4. **Costs of Recovery:** Provider will be responsible for the payment of all costs, fees and expenses, including taxes, in connection with or incidental to the matters contained in this Agreement.

5. **Indemnification:** Provider agrees to indemnify, defend and hold harmless GM from and against any and all losses, damages, or expense, including without limitation reasonable attorneys' fees, arising out of the activities of Provider performed pursuant to this Agreement or otherwise in connection with the relationship of the Parties.

6. **Provider Warranties:** Provider hereby represents, warrants and covenants to GM that:

   (i)    Provider is duly organized, validly existing and in good standing under the laws of the state of its incorporation and the states in which it does business, and has all corporate powers and all licenses, authorizations, consents and approvals required to carry on its business as now conducted.

(ii)     Provider has duly authorized the execution, delivery and performance of this Agreement, has duly executed and delivered this Agreement, and this Agreement, assuming due authorization, execution and delivery by GM, constitutes a legal, valid and binding obligation of Provider.

(iii)     The practices, procedures, or policies employed or proposed to be employed by the Provider have been in all respects legal, proper, and prudent and the business of Provider has been conducted in accordance with all applicable laws, rules, regulations, orders, or other requirements of governmental authorities. Provider has not received any notice of alleged violations of the foregoing.

(iv)     In its services under this Agreement, Provider will not engage in any collection activities covered by the Fair Debt Collection Practices Act, and in any event will make no direct contact with GM customers.

(v)     Provider acknowledges that it has no authority to and will not initiate any new criminal or civil action of any kind on behalf of GM or its affiliates.

(vi)     Neither this Agreement nor any statement, report or other document furnished or to be furnished by Provider pursuant to this Agreement contains any untrue statement of fact when such statement was made, or, to Provider's knowledge, omits to state a materials fact necessary to make the statements contained therein not misleading.

7. **Confidentiality:** Provider will not use the name of GM or any of GM's corporate affiliates in publications, customer lists, references, or any other manner without first obtaining GM's written consent to such use.

8. **Term:** This Agreement is effective as of the date first written above (the "Effective Date") and terminates upon the earlier of: (i) payment of the fees referenced in Section 3 of this Agreement; or (ii) one year from Effective Date. The fees paid to Provider will be limited to Assets collected within one year after the termination of this Agreement, after which date Provider will be entitled to no fees.

9. **Relationship of Parties:** Nothing herein will be deemed or construed to create a co-partnership or joint venture between the Parties hereto and the services of Provider will be rendered as an independent contractor and not as an agent of GM.

10. **Assignment; Modification.** Provider will not assign or delegate any of its responsibilities under this Agreement to any other party. This Agreement may not be assigned in part or whole by Provider without GM's written consent. Any modification of this Agreement is invalid unless contained in a writing signed by both Parties.

11. **Breach:** The failure of either Party to enforce any provision of this Agreement will not affect the right of such Party to enforce the same, nor will a waiver of any breach be held or taken to be a waiver of any succeeding breach.

12. **Entire Agreement.** This Agreement contains the entire Agreement between the Parties with respect to the subject matter hereof.

13. **Severability:** If any part of this Agreement is deemed void or unenforceable by a Court of Law, the remaining provisions constitute the Agreement between the Parties.

14. **Execution:** This Agreement may be executed by the Parties in separate counterparts, each of which when so executed will be an original, but all such counterparts will together constitute but one and the same fully executed instrument.

15. **Governing Law:** THE TERMS OF THIS AGREEMENT AND THE POWER OF ATTORNEY EXECUTED PURSUANT TO THIS AGREEMENT WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF MICHIGAN, WITHOUT REGARD TO CONFLICT OF LAW RULES.

IN WITNESS WHEREOF, the Parties have executed this Agreement, as of the date first above written.

By: _____

Name (Print):  **Lorin W. Tate**

Title·          **Principal**

Address:      ***Tate² Asset Recovery Services***
              6 Victoria Crossing Court
              Gaithersburg MD 20877-1806
              (202) 460-1473

**General Motors Corporation:**

By: _____

Name (Print):  Martin I. Darvick

Title:          Assistant Secretary

Address:      300 GM Renaissance Center
              Detroit, Michigan 48265-3000

*Tate*² 

*Asset Recovery Services*

## SCHEDULE A

**Assets**

| Payee Name | Amount of Assets | Fee |
|---|---|---|
| General Motors Corporation | All Unclaimed Assets | 8% of Amount Collected |

**Exhibit "B"**

## U.S. BANKRUPTCY COURT
### NORTHERN DISTRICT OF FLORIDA

IN RE:

ARTHUR HOWARD EARL
_____

Case No. 05-31297 _____

Debtor(s)

### AFFIDAVIT OF CLAIMANT

State of  Maryland _____ }

County of  Montgomery _____ }

    I (we),  GMAC DBA Nuvell Credit Corp. c/o Lorin W. Tate _____, the undersigned claimant(s) declare as follows:

1.     I am seeking funds deposited in the registry of the court in the amount of  $1,171.29 _____ .

2.     I am the individual claimant named in the Notice of Payment of Funds to the Registry.

3.     I have neither previously received remittance of these funds nor have contracted with any other party to recover these funds.

4.     I have provided notice to the U.S. Attorney pursuant to 28 U.S.C. § 2042.

    I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: ____9/19/08____

_____
Signature of claimant

_____
Signature of claimant
Lorin W. Tate
Print name(s)
6 Victoria Crossing Court
Address
Gaithersburg MD 20877-1806

38-2963650
Tax I.D. Number(s)

Sworn to and subscribed before me this 19 day of Oct , 20 08 by
LORIN W. TATE
(Name of claimant)
who is personally known to me or has produced
MD DL as identification.
(Type of identification produced)
T-300-546-886-167
eb: 03-04-2011

_____
Notary Public

**Exhibit B**

**POWER OF ATTORNEY**

POWER OF ATTORNEY is made this 16th day of April, 2008.

1. On behalf of GMAC LLC, I William J. McGrane, III, Director of GMAC LLC Treasury Accounting, hereby appoint: Lorin W. Tate DBA *Tate²* Asset Recovery Services, as my lawful attorney in fact, with full power and discretion to appoint substitute attorneys-in-fact to act for me and in my name in any way I could act in person with respect to seeking the recovery of the unclaimed, undistributed or undelivered funds set forth on Schedule A in the Recovery Agreement of GMAC LLC in the unclaimed property offices of the US **BANKRUPTCY COURT.**

2. I hereby revoke any and all previous powers of attorney in this regard to whomever granted with respect to the items listed in Schedule A to the Recovery Agreement.

3. I specifically grant my attorney-in-fact the authority set forth in the Recovery Agreement between the Parties to do whatever is necessary and proper, in any way, to collect the unclaimed, undistributed or undelivered funds identified above.

4. The powers granted above do not include the power to incur any financial obligation on my behalf, nor the power to make any expenditure on my behalf except for the payment of my attorney-in-fact's fee as set forth in the Recovery Agreement previously executed by GMAC LLC and Lorin W. Tate DBA *Tate² Asset Recovery Services.*

5. This Power of Attorney will become effective on the date it is signed.

6. This Power of Attorney will terminate after the funds collected are distributed to the principal.

_____          _____
Attorney-in-fact                                            Principal
                                                                   I certify that the signature of my attorney-
                                                                   in-fact is correct

**(THIS POWER OF ATTORNEY WILL NOT BE EFFECTIVE UNLESS IT IS PROPERLY NOTARIZED.)**

**Washington, District of Columbia**

Before me, **Lorin W. Tate** personally appeared and acknowledged to me that he/she is the person whose name is subscribed within the instrument and acknowledged the execution thereof to be his/her free act.

Signature: _____

My Commission Expires: 09/18/11                              (Notary Seal)

CARLOS Y. GOMEZ
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
My Commission Expires Sept. 18, 2011

**GMAC LLC**
**CERTIFICATION**

I, DONNA M. DICICCO, an Assistant Secretary of GMAC LLC, a Delaware limited liability company (formerly known as General Motors Acceptance Corporation, and referred to herein as "Corporation"), do hereby certify that the following resolution, excerpted from the minutes of the Board of Directors of the Corporation, was duly adopted by the Board of Directors by written consent dated December 19, 1997, and remains in full force and effect:

RESOLVED, That the officers of the Corporation, each within the scope of responsibilities assigned to them, and subordinate officers of the Corporation, each within the scope of responsibilities assigned to them and subject to the direction and control of the officer to whom such subordinate officer reports are hereby fully authorized and empowered to carry on the business and affairs of the Corporation, except to the extent that the then prevailing corporation law of the State of Delaware or the Certificate of Incorporation of the Corporation may preclude the granting of any portion of such authority; the foregoing authorization shall be interpreted and construed as broadly as possible, consistent with the intent of the Board expressed herein or hereafter; that the officers and subordinate officers of the Corporation be authorized as broadly as possible to carry on the business and affairs of the Corporation, subject only to prevailing restrictions of Delaware corporation law and the Certificate of Incorporation; the foregoing authorization shall be interpreted and construed to include the granting to the officers and subordinate officers of the Corporation of the power and authority to execute on behalf of the Corporation, among other things, such documents, agreements, certificates, government forms and other instruments as the officers and subordinate officers, within the scope of their assigned responsibilities, may deem desirable or necessary and appropriate and not inconsistent with advice of counsel to the Corporation, the best interests of the Corporation and the limitations of this authorization; and, further, the officers of the Corporation are authorized and empowered to delegate to their subordinate employees of the Corporation and other agents or attorneys of the Corporation, as appropriate, such reasonable portions of the authority granted to them in this resolution as such officers find prudent and not inconsistent with any direction from the officer to whom she or he reports.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of GMAC LLC this 19th day of September, 2008.

_Donna M. DiCicco_
Donna M. DiCicco
Assistant Secretary

State of Michigan    )
                     ) ss.
County of Wayne      )

Subscribed and sworn to before me this 19th day of September, 2008.

_April A. Ellenburg_
Notary Public

APRIL A. ELLENBURG
NOTARY PUBLIC, STATE OF MI.
COUNTY OF MACOMB
MY COMMISSION EXPIRES Apr 25, 2013.
ACTING IN THE COUNTY OF Wayne

**GMAC LLC**
**CERTIFICATE OF OFFICER**

I, DAVID J. DEBRUNNER, in my capacity as the duly elected and acting Vice President, Controller and Chief Accounting Officer of GMAC LLC ("GMAC") and in accordance with the authority granted by the Board of Directors of GMAC by unanimous written consent dated December 19, 1997, do hereby delegate to William J. McGrane, III, Director-Treasury Accounting of GMAC within my employ, the authority to execute such documents, agreements, certificates, government forms and other instruments on behalf of GMAC in connection with the filing of claims for unclaimed property refunds, and to perform such other acts as may be deemed necessary or advisable to carry out the intent and purposes of the foregoing and the transactions contemplated thereby.

IN WITNESS WHEREOF, I have hereunto set my hand and caused this Certificate to be delivered this 19th day of September, 2008.

David J. DeBrunner
Vice President, Controller and
Chief Accounting Officer


State of Michigan    )
                     ) ss.
County of Wayne      )

Subscribed and sworn to before me this 19th day of September, 2008.

Notary

DONNA M. DiCICCO
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES May 25, 2012
ACTING IN COUNTY OF Wayne

8-K 1 k35629e8vk.htm GMAC LLC 8-K

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

# FORM 8-K

### CURRENT REPORT
**Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934**

**September 19, 2008**
**(Date of report; date of**
**earliest event reported)**

**Commission file number: 1-3754**

# GMAC LLC

(Exact name of registrant as specified in its charter)

| **Delaware** | **38-0572512** |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |

**200 Renaissance Center**
**P.O. Box 200 Detroit, Michigan**
**48265-2000**
(Address of principal executive offices)
(Zip Code)

**(313) 556-5000**
(Registrant's telephone number, including area code)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

o    Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

o    Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

o    Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

o    Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

**Item 8.01 Other Events**

Effective September 11, 2008, GMAC LLC ("GMAC") has renewed a funding facility with Citi ("Facility"), under which GMAC could have access to funding of up to $13.8 billion for a variety of automobile assets and mortgage assets across the GMAC and Residential Capital, LLC businesses. The amount available for immediate funding is $10.1 billion, while the additional $3.7 billion would be made available upon successful syndication of the Facility.

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

GMAC LLC
(Registrant)

Dated: September 19, 2008

/S/ DAVID J. DEBRUNNER
David J. DeBrunner
Vice President, Chief Accounting Officer and
Controller

*SEC Info*   Home   Search   My Interests   Help   User Info   *Lorin Tate*

# Gmac LLC · 10-K · For 12/31/07 · EX-21

**Filed On** 2/27/08 5:04pm ET · SEC File 1-03754 · Accession Number 950124-8-900

Find _____ in this filing.   Show ⌐docs searched¬ and ⌐every "hit"¬.
Help.  *Wildcards:* ? (any letter), * (many). *Logic:* for Docs: & (and), | (or); for Text: | (anywhere), "(&)" (near).

| As Of | Filer | Filing | As/For/On Docs:Pgs | Issuer | Agent |
|---|---|---|---|---|---|
| 2/27/08 Gmac LLC | | 10-K | 12/31/07 17:457 | | Bowne of Boston/Financial |

## Annual Report · Form 10-K
### Filing Table of Contents

| Document/Exhibit | Description | Pages | Size |
|---|---|---|---|
| 1: 10-K | Annual Report for Fiscal Year Ended December 31, 2007 | HTML | 2,374K |
| 2: EX-10.1 | Employment Agreement, Dated September 1, 2007, Between Gmac Llc and Alvaro G. De Molina | HTML | 60K |
| 3: EX-10.2 | Letter Agreement Dated October 31, 2007 | HTML | 15K |
| 4: EX-10.2.1 | Amendment No. 1 to the Gmac Long-Term Incentive Plan Llc Long-Term Phantom Interest Plan | HTML | 9K |
| 5: EX-10.11 | Form of Award Agreement | HTML | 30K |
| 6: EX-10.13 | Form of Award Agreement | HTML | 29K |
| 7: EX-10.13.1 | Amendment No. 1 to the Gmac Management Llc Class C Membership Interests Plan | HTML | 8K |
| 8: EX-10.16 | Form of Award Agreement Related to Gmac Management Llc Class C Membership Interest Plan | HTML | 42K |
| 9: EX-10.17 | Form of Award Agreement Related to Gmac Management Llc Class C Membership Interest Plan | HTML | 41K |
| 10: EX-10.18 | Form of Award Agreement Related to Gmac Management Llc Class C Membership Interest Plan | HTML | 44K |
| 11: EX-10.19 | Form of Award Agreement Related to Gmac Management Llc Class C Membership Interest Plan | HTML | 39K |
| 12: EX-12 | Computation of Ratio of Earnings to Fixed Charges | HTML | 21K |
| 13: EX-21 | Subsidiaries of the Registrant | HTML | 42K |
| 14: EX-23.1 | Consent of Independent Registered Public Accounting Firm | HTML | 11K |
| 15: EX-31.1 | Certification of Principal Executive Officer Pursuant to Rule 13-14(A)/15d-14(A) | HTML | 13K |
| 16: EX-31.2 | Certification of Principal Financial Officer Pursuant to Rule 13-14(A)/15d-14(A) | HTML | 13K |
| 17: EX-32 | Certification of Principal Executive Officer and Principal Financial Officer Pursuant to 18 U.S.C. Section 1350 | HTML | 10K |

## EX-21 · Subsidiaries of the Registrant

*This is an EDGAR HTML document rendered as filed. [ Alternative Formats ]*

exv21

# Exhibit 21

## GMAC LLC

### GMAC LLC Subsidiaries as of December 31, 2007

Subsidiary companies of GMAC LLC are listed below.

| Name of subsidiary | State or sovereign power of incorporation |
| --- | --- |
| GMAC LLC | Delaware |
| Banco GMAC S.A. | Brazil |
| Basic Credit Holding Company, L.L.C. | Delaware |
| American Suzuki Financial Services Company LLC | Delaware |
| Nuvell Credit Company LLC | Delaware |
| Nuvell Financial Services LLC | Delaware |
| Nuvell National Auto Finance LLC | Delaware |
| Saab Financial Services LLC | Delaware |
| Capital Auto Receivables LLC | Delaware |
| Central Originating Lease, LLC | Delaware |
| G.M.A.C. Financiera de Colombia S.A. Compania de Financiamiento Comercial | Colombia |
| Gamma Auto Receivables LLC | Delaware |
| GMAC Nederland N.V. | Netherlands |
| GMAC Suisse S.A. | Switzerland |
| GM Credit AB | Sweden |
| GMAC (Thailand) Ltd. | Thailand |
| GMAC — Prestadora de Serviços de Mão-de-Obra Ltda. | Brazil |
| GMAC Australia LLC | Delaware |
| GMAC Automotriz Limitado | Chile |
| GMAC Bank Polska Spolka Akcyjna | Poland |
| GMAC Colombia S.A. LLC | Delaware |
| GMAC Comercial Automotriz Chile S.A. | Chile |
| GMAC Comercial Finance (Holdings) Limited | England |
| GMAC Commercial Finance LLC | Delaware |
| GMAC Commercial LLC | Delaware |
| GMAC Compania Financiera S.A. | Argentina |
| GMAC Continental LLC | Delaware |
| Masterlease Limited | England |
| GMAC del Ecuador S.A. | Ecuador |
| GMAC Financial Services India Limited | India |
| GMAC Financial Services Limited | Korea |
| GMAC (NZ) Limited | New Zealand |
| GMAC Holdings (U.K.) Limited | England |
| GMAC UK plc | England |
| GMAC Hungary Financial Services | Hungary |
| GMACI Holdings LLC | Delaware |
| GMAC Insurance Holdings, Inc. | Delaware |
| Aba Seguros, S.A. de C.V. | Mexico |
| GMAC Insurance Management Corporation | Delaware |
| GMAC International Insurance Company Ltd. | Bermuda |
| GMAC RE Corp. | Delaware |
| GMAC Securities Corporation | Delaware |
| MEEMIC Insurance Services Corporation | Delaware |

# Exhibit 21

## GMAC LLC

| Name of subsidiary | State or sovereign power of incorporation |
|---|---|
| Motors Insurance Corporation | Delaware |
| MEEMIC Insurance Company | Michigan |
| MIC General Insurance Corporation | Michigan |
| MIC Property and Casualty Insurance Corporation | Michigan |
| Universal Warranty Corporation | Michigan |
| GMAC International Holdings Coöperatief U.A | Netherlands |
| G.M.A.C. — Comercio e Aluguer de Veiculos, Lda | Portugal |
| GMAC Hungary kft | Hungary |
| GMAC Italia S.p.A. | Italy |
| General Motors Acceptance Corporation of Canada, Limited | Canada |
| GMAC — Institucao Financeira de Credito, S.A. | Portugal |
| GMAC Banque S.A. | France |
| GMAC d.o.o. (domiciled in Croatia) | Croatia |
| GMAC Finansiering A/S | Denmark |
| GMAC International Finance B.V | Netherlands |
| GMAC Pan European Auto Receivable Lending (PEARL) B.V | Netherlands |
| GMAC, a.s | Czech Republic |
| LLC GMAC CIS | Russia |
| GMAC International LLC | Delaware |
| GMAC Latin America Holdings LLC | Delaware |
| Autofinanciamiento GMAC, S.A. de C.V. | Mexico |
| GMAC Arrendamiento S.A. de C.V. | Mexico |
| GMAC MEXICANA, S.A. de C.V. Sociedad Financiera de Objeto Limitado Filial | Mexico |
| Servicios GMAC S.A. de C.V. | Mexico |
| GMAC Lease B.V. (aka Masterlease Europe) | Netherlands |
| GMAC Leasing GmbH | Austria |
| GMAC Leasing of DE LLC | Delaware |
| GMAC MEXICANA, S.A. de C.V. Sociedad Financiera de Objeto Limitado Filial | Mexico |
| GMAC Mortgage Group LLC | Delaware |
| GMAC Mortgage Holdings LLC | Delaware |
| Residential Capital, LLC | Delaware |
| GMAC Residential Holding Company, LLC | Delaware |
| GHS Global Relocation U.K. Limited | United Kingdom |
| GMAC Home Services, LLC | Delaware |
| GMAC Mortgage, LLC | Delaware |
| GMACB Service Company, LLC | Delaware |
| GMACRH Settlement Services, LLC | Delaware |
| GMAC-RFC Holding Company, LLC | Delaware |
| GMAC RFC International Holdings Coöperatief U.A | Canada |
| GMAC Residential Funding of Canada Limited | Canada |
| Residential Accredit Loans, Inc. | Delaware |
| Residential Asset Mortgage Products, Inc. | Delaware |
| Residential Asset Securities Corporation | Delaware |
| Residential Funding Company, LLC | Delaware |

# Exhibit 21

## GMAC LLC

| Name of subsidiary | State or sovereign power of incorporation |
|---|---|
| GMAC-RFC Auritec, S.A. | Mexico |
| GMAC-RFC Australia Pty Limited | Australia |
| GMAC-RFC Brasil Ltda. | Brazil |
| GMAC-RFC Chile Inversiones Ltda. | Chile |
| GMAC-RFC Europe Limited | England |
| GMAC-RFC Holdings Limited | England |
| Homecomings Financial, LLC | Delaware |
| Residential Asset Management Company LLC | Delaware |
| Residential Funding Mortgage Exchange, LLC | Delaware |
| Residential Funding Securities, LLC | Delaware |
| Residential Funding USA Corporation | Delaware |
| Residential Funding Mortgage Securities I, Inc. | Delaware |
| Residential Funding Mortgage Securities II, Inc. | Delaware |
| GMAC North America LLC | Delaware |
| GMAC Realty United Mortgage Properties Investments LLC | Delaware |
| GMAC Servicios S.A. | Colombia |
| GMAC South America LLC | Delaware |
| GMAC Sverige AB | Sweden |
| GMAC US LLC | Delaware |
| GMAC, Australia (Finance) Limited | Australia |
| IB Finance Holding Company, LLC | Delaware |
| GMAC Bank | Utah |
| Master Lease Austria GmbH | Austria |
| Pardo Rabello Inversiones S.R.L. | Argentina |
| SA Holding One LLC | Delaware |
| SA Holding Two LLC | Delaware |
| Semperian LLC | Delaware |
| Variable Asset Receivables LLC | Delaware |
| Wholesale Auto Receivables LLC | Delaware |

**Dates Referenced Herein** *and* **Documents Incorporated By Reference**

| This 10-K Filing | Date | Other Filings |
|---|---|---|
| For The Period Ended | 12/31/07 | 424B3 |
| Filed On / Filed As Of | 2/27/08 | |

Top                                    List All Filings

Filing Submission  -  Alternative Formats (Word / Rich Text, HTML, Plain Text, SGML, XML, et al.)

Copyright © 2008 *Fran Finnegan & Company*  All Rights Reserved.
www.secinfo.com - Fri, 14 Mar 2008 19:19:10.0 GMT - *Help at SEC Info*