B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re Motors Liquidation Company, *et al.*, (f/k/a   Case No. 09-50026 (REG)
General Motors Corporation., *et al.* Debtors.        (Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Goldman, Sachs & Co.                               JPMorgan Securities Limited
Name of Transferee                                 Name of Transferor

Name and Address where notices to transferee       Court Claim # (if known): 67022
should be sent:                                    Amount of Claim: $41,204,777.53
                                                   Date Claim Filed: 11/28/09
Goldman, Sachs & Co.                               Debtor: Motors Liquidation Company (f/k/a
200 West Street                                    General Motors Corporation)
New York, NY 10282-2198
Attn: Lauren Day
Email: gsd.link@gs.com

With a copy to:
Richards Kibbe & Orbe LLP
Attn: Managing Clerk
One World Financial Center
New York, NY 10281

Phone: 212-934-3921                                Phone:
Last Four Digits of Acct #:                        Last Four Digits of Acct. #:

Name and Address where transferee payments
should be sent (if different from above):
Same as above
Phone:
Last Four Digits of Acct #:

664872v.1 153/05723

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: Feb 29 2012
Transferee/Transferee's Agent
Thomas A. Tormey
Managing Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

664872v.1 153/05723

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION AND GENERAL
MOTORS NOVA SCOTIA FINANCE COMPANY

TO:   MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION,
THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK,
GREEN HUNT WEDLAKE INC. IN ITS CAPACITY AS TRUSTEE IN BANKRUPTCY OF GENERAL
MOTORS NOVA SCOTIA FINANCE COMPANY (the "Canadian Trustee")

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, JPMorgan Securities Limited ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Goldman, Sachs & Co. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to (i) Proof of Claim Number 67022 filed by or on behalf of Seller (the "US Proof of Claim") against Motors Liquidation Company f/k/a General Motors Corporation, debtor in proceedings for reorganization (the "US Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "US Court"), administered under Case No. 09-50026 (REG) (the "US Debtor") and (ii) Proof of Claim in the amount of CAD$42,576,804.43 filed by or on behalf of Seller (the "Canadian Proof of Claim") in the bankruptcy proceedings of General Motors Nova Scotia Finance Company (the "Canadian Debtor") under the *Bankruptcy and Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the District of Nova Scotia, Canada (the "Canadian Proceedings"), (b) the beneficial interest, if any, of Seller in Proof of Claim Number 69551, which was filed on behalf of, among other parties, Seller against the US Debtors in the US Proceeding, and was objected to, to the extent Proof of Claim Number 69551 is allowed, (c) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, causes of action, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the US Debtor, the Canadian Debtor or any other party, arising out of or in connection with the Purchased Claim and any guarantee, indemnity or reimbursement obligations related thereto, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims"), and (e) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.  Seller hereby represents and warrants to Purchaser that: (a) the US Proof of Claim (i) was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 30, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in the US Proceedings, and (ii) has not been disallowed in whole or in part, expunged or reduced, and Seller has not received a notice from the US Debtor that an objection to the US Proof of Claim was filed, *provided however* that the US Proof of Claim was estimated for the purposes of establishing reserves at $41,204,777.53 pursuant to the Order Estimating Maximum Amount of Certain Claims for Purposes of Establishing Claims Reserves Under the Debtors' Amended Joint Chapter 11 Plan dated March 23, 2011; (b) the Canadian Proof of Claim (i) was duly filed with the Canadian Trustee in accordance with the requirements of the Canadian Act, and (ii) has not been disallowed in whole or in part, expunged or reduced, and Seller has not received a notice from the Canadian Trustee under section 149(1) of the Canadian Act; (c) to the best of Seller's knowledge, Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, security interests, participations, or encumbrances created or incurred by Seller or against Seller provided, however, that Seller makes no representations or warranties with respect to any avoidance action under US law or Canadian law that may be commenced by the US Debtor, the US Debtor's estate, the Canadian Trustee or any other person or entity in or in relation to the US Proceedings or the Canadian Proceedings; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the US Proof of Claim and the Canadian Proof of Claim each includes the Purchased Claim specified in

Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the US Debtor, the Canadian Debtor or their respective affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors, and (g) Seller has not assigned the Transferred Claims and the Purchased Security, in whole or in part, to any third party.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the US Debtor, the US Court, the Canadian Debtor and the Canadian Trustee and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, the Canadian Act, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser shall file a notice of transfer with the US Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e). Purchaser shall file a notice of assignment of claim with the Canadian Trustee noting the transfer of the Transferred Claims pursuant to this Agreement and Evidence of Transferred Claims. Seller acknowledges and understands, and hereby stipulates, that an order of the US Court or the relevant Canadian court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, dividends, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the US Proof of Claim or the Canadian Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction), save for those matters that relate to the Canadian Proof of Claim and the Canadian Proceedings which shall be interpreted and determined in accordance with the laws of Canada. Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 5th day of May 2011.

**JP Morgan Securities Limited**

By: *[signature]*
Name: PAUL DAVIS
Title: EXECUTIVE DIRECTOR

125 London Wall
London
EC2Y 5AJ
United Kingdom

**Goldman, Sachs & Co.**

By: *[signature]*
Name:
Title: Dennis Lafferty
       Managing Director

200 West Street
New York, NY 10282
Attn: Lauren Day
Email: gsd.link@gs.com

DM_US 28103958-4.085847.0011
5/4/11 4:57 PM

Schedule 1

Transferred Claims

Purchased Claim

£10,650,000 of £10,654,000 (the principal amount of the 8.375% Guaranteed Notes due December 7, 2015 issued by General Motors Nova Scotia Finance Company in the US Proof of Claim as of the date of filing).

Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of October 9, 2009, the date General Nova Scotia Finance Company filed for bankruptcy) |
|---|---|---|---|---|---|---|---|
| 8.375% Guaranteed Notes due December 7, 2015 issued by General Motors Nova Scotia Finance Company | XS0171922643 | General Motors Nova Scotia Finance Company | Motors Liquidation Company f/k/a General Motors Corporation | £10,650,000 (comprised of (i) £3,650,000 sold on 3/12/2010 – with a settlement date of 3/17/2010, (ii) £5,000,000 sold on 2/26/2010 – with a settlement date of 3/03/2010, and (iii) £2,000,000 sold on 2/03/2010 – with a settlement date of 2/08/2010) | 8.375% | December 7, 2015 | £747,763.30 |

DM_US 28103958-4.085847.0011
5/4/11 4:57 PM