B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re <u>Motors Liquidation Company</u>, Debtor.          Case No. <u>09-50026 (REG)</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>Morgan Stanley & Co. International plc</u><br>Name of Transferee | <u>Appaloosa Investment Limited Partnership I</u><br>Name of Transferor |
|---|---|
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): <u>67498 (which amends 65824)</u> |
| | Amount of Claim: <u>£24,546,000</u> |
| 1585 Broadway, 2nd Floor<br>New York, NY 10036 | Date Claim Filed: <u>11/30/09</u> |
| | Debtor: <u>Motors Liquidation Company (f/k/a General Motors Corporation)</u> |
| Phone:_____ | Phone: _____ |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct. #: _____ |

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

660511v.2 892/04186

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Morgan Stanley & Co. International plc

BRIAN CRIPPS
Authorised Signatory

By: _____          Date: ___3/1/12___

Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

660511v.2 892/04186

## AGREEMENT AND TRANSFER OF CLAIM

1.      Appaloosa Investment Limited Partnership I ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to Morgan Stanley & Co. International plc ("Purchaser"), and its successors and assigns, as of April 12, 2011, the effective date of this agreement (the "Agreement"), all of Seller's right, title and interest in and to £24,546,000 principal amount (the "Notes") of certain 8.875 percent notes due July 10, 2023 (ISIN/CUSIP XS0171908063) issued by General Motors Nova Scotia Finance Company (the "Canadian Debtor"), a debtor in bankruptcy proceedings under the *Bankruptcy and Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the bankruptcy court of the province of Nova Scotia, Canada (the "Canadian Court", and such proceeding, the "Canadian Proceeding"), and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "US Debtor"), a debtor and debtor-in-possession in Case No. 09-50026 (REG) (the "US Proceeding") under title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and to the extent relating to the Notes, a related portion (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to (a) Proof of Claim Number 67498, which was filed by or on behalf of Seller against the US Debtor in the US Proceeding (the "Appaloosa US Proof of Claim"), (b) Proof of Claim Number 69551, which was filed by Greenberg Traurig, LLP on behalf of all holders of 8.875 percent notes due July 10, 2023 and all holders of 8.375 percent notes due December 7, 2015, each issued by the Canadian Debtor, other than the holders of the notes in the proofs of claim listed and described in Exhibit C annexed thereto, against the US Debtor in the US Proceeding (the "GT US Proof of Claim") and (c) the Proof of Claim originally filed in the aggregate amount of CAD $75,274,878.99 by or on behalf of Seller against the Canadian Debtor in the Canadian Proceeding (the "Canadian Proof of Claim", and together with the Appaloosa US Proof of Claim and the GT US Proof of Claim, the "Proofs of Claim") including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Seller's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Canadian Act, the Bankruptcy Code or otherwise (the Notes, the Transferred Claim Amount, and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2.      Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Notes, the Appaloosa US Proof of Claim, the Canadian Proof of Claim, and the items referenced in (i) through (iii) in Section 1 above, free and clear of any and all liens, security interests or participations.

3.    Seller shall promptly remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. On or as soon as possible after the date hereof, Seller shall transfer to Purchaser the Notes, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

4.    Seller and Purchaser agree that this Agreement and the effectiveness hereof shall be subject to either of the conditions that (i) Purchaser is a party to that certain Lock Up Agreement, dated as of June 1, 2009 (the "Lock Up Agreement") among the Canadian Debtor, General Motors of Canada Limited, GM Nova Scotia Investments Ltd., General Motors Corporation (n/k/a Motors Liquidation Company), and the beneficial owners of the Canadian Debtor's 8.375% Guaranteed Notes due December 7, 2015 or the Canadian Debtor's 8.875% Guaranteed Notes due July 10, 2023 parties thereto, or (ii) Purchaser shall have duly executed and delivered a joinder to, and in accordance with, the Lock Up Agreement.

5.    This Agreement constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

6.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature pages follow.]

IN WITNESS WHEREOF, Seller and Purchaser have executed this Agreement by their duly authorized officers or representatives as of the effective date of this Agreement.

Appaloosa Investment Limited Partnership I

Morgan Stanley & Co. International plc

By:_____

Name:

Title:

By:_____

Name:

Title:

Appaloosa Investment Limited Partnership I
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attention Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701 7055

1585 Broadway, 2nd Floor
New York, NY 10036

IN WITNESS WHEREOF, Seller and Purchaser have executed this Agreement by their duly authorized officers or representatives as of the effective date of this Agreement.


Appaloosa Investment Limited Partnership I        Morgan Stanley & Co. International plc


By:_____        By:_____
Name:                                    Name:
Title:                                   Title:        BRIAN CRIPPS
                                                      Authorised Signatory

Appaloosa Investment Limited Partnership I        1585 Broadway, 2nd Floor
c/o Appaloosa Management L.P.                      New York, NY 10036
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attention Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701 7055

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re <u>Motors Liquidation Company</u>, Debtor.                    Case No. <u>09-50026 (REG)</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Morgan Stanley & Co. International plc</u>            <u>Thoroughbred Fund LP</u>
Name of Transferee                                           Name of Transferor

Name and Address where notices to transferee      Court Claim # (if known): <u>66216 (which amends
should be sent:                                              65743)</u>
                                                             Amount of Claim: <u>£19,017,000</u>
1585 Broadway, 2nd Floor                                     Date Claim Filed: <u>11/30/09</u>
New York, NY 10036                                           Debtor: <u>Motors Liquidation Company (f/k/a
                                                             General Motors Corporation)</u>

Phone:_____      Phone: _____
Last Four Digits of Acct #: _____      Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

660515v.2 892/04186

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Morgan Stanley & Co. International plc

ALAN CRIPPS
Authorised Signatory

By: _____          Date:  _3/1/12_____
Transferee/Transferee's Agent

*Penalty for making a false statement:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

660515v.2 892/04186

## AGREEMENT AND TRANSFER OF CLAIM

1.      Thoroughbred Fund LP ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to Morgan Stanley & Co. International plc ("Purchaser"), and its successors and assigns, as of April 12, 2011, the effective date of this agreement (the "Agreement"), all of Seller's right, title and interest in and to £19,017,000 principal amount (the "Notes") of certain 8.875 percent notes due July 10, 2023 (ISIN/CUSIP XS0171908063) issued by General Motors Nova Scotia Finance Company (the "Canadian Debtor"), a debtor in bankruptcy proceedings under the *Bankruptcy and Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the bankruptcy court of the province of Nova Scotia, Canada (the "Canadian Court", and such proceeding, the "Canadian Proceeding"), and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "US Debtor"), a debtor and debtor-in-possession in Case No. 09-50026 (REG) (the "US Proceeding") under title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and to the extent relating to the Notes, a related portion (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to (a) Proof of Claim Number 66216, which was filed by or on behalf of Seller against the US Debtor in the US Proceeding (the "Thoroughbred US Proof of Claim"), (b) Proof of Claim Number 69551, which was filed by Greenberg Traurig, LLP on behalf of all holders of 8.875 percent notes due July 10, 2023 and all holders of 8.375 percent notes due December 7, 2015, each issued by the Canadian Debtor, other than the holders of the notes in the proofs of claim listed and described in Exhibit C annexed thereto, against the US Debtor in the US Proceeding (the "GT US Proof of Claim") and (c) the Proof of Claim originally filed in the aggregate amount of CAD $56,472.344.31 by or on behalf of Seller against the Canadian Debtor in the Canadian Proceeding (the "Canadian Proof of Claim", and together with the Thoroughbred US Proof of Claim and the GT US Proof of Claim, the "Proofs of Claim") including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Seller's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Canadian Act, the Bankruptcy Code or otherwise (the Notes, the Transferred Claim Amount, and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2.      Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Notes, the Thoroughbred US Proof of Claim, the Canadian Proof of Claim, and the items referenced in (i) through (iii) in Section 1 above, free and clear of any and all liens, security interests or participations.

3.      Seller shall promptly remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser.  On or as soon as possible after the date hereof, Seller shall transfer to Purchaser the Notes, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

4.      Seller and Purchaser agree that this Agreement and the effectiveness hereof shall be subject to either of the conditions that (i) Purchaser is a party to that certain Lock Up Agreement, dated as of June 1, 2009 (the "Lock Up Agreement") among the Canadian Debtor, General Motors of Canada Limited, GM Nova Scotia Investments Ltd., General Motors Corporation (n/k/a Motors Liquidation Company), and the beneficial owners of the Canadian Debtor's 8.375% Guaranteed Notes due December 7, 2015 or the Canadian Debtor's 8.875% Guaranteed Notes due July 10, 2023 parties thereto, or (ii) Purchaser shall have duly executed and delivered a joinder to, and in accordance with, the Lock Up Agreement.

5.      This Agreement constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

6.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature pages follow.]

IN WITNESS WHEREOF, Seller and Purchaser have executed this Agreement by their duly authorized officers or representatives as of the effective date of this Agreement.

Thoroughbred Fund LP

Morgan Stanley & Co. International plc

By: _____
Name:
Title:

By: _____
Name:
Title:

Thoroughbred Fund LP
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attention Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701 7055

1585 Broadway, 2nd Floor
New York, NY 10036

IN WITNESS WHEREOF, Seller and Purchaser have executed this Agreement by their duly authorized officers or representatives as of the effective date of this Agreement.


Thoroughbred Fund LP                          Morgan Stanley & Co. International plc


By:_____                  By:_____
Name:                                         Name:
Title:                                        Title:  BRIAN CRIPPS
                                                      Authorised Signatory

Thoroughbred Fund LP                          1585 Broadway, 2nd Floor
c/o Appaloosa Management L.P.                  New York, NY 10036
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attention Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701 7055

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re <u>Motors Liquidation Company</u>, Debtor.                    Case No. <u>09-50026 (REG)</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Morgan Stanley & Co. International plc</u>            <u>Palomino Fund Ltd.</u>
Name of Transferee                                                    Name of Transferor

Name and Address where notices to transferee        Court Claim # (if known): <u>66217 (which amends</u>
should be sent:                                                        <u>65744)</u>
                                                                              Amount of Claim: <u>£35,880,000</u>
1585 Broadway, 2nd Floor                                     Date Claim Filed: <u>11/30/09</u>
New York, NY 10036                                           Debtor: <u>Motors Liquidation Company (f/k/a</u>
                                                                              <u>General Motors Corporation)</u>

Phone:_____                      Phone: _____
Last Four Digits of Acct #: _____        Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

660513v.2 892/04186

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Morgan Stanley & Co. International plc

BRIAN CRIPPS
Authorised Signatory

By: _____     Date: __3/1/12__
      Transferee/Transferee's Agent

*Penalty for making a false statement:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

660513v.2 892/04186

## AGREEMENT AND TRANSFER OF CLAIM

1.     Palomino Fund Ltd. ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to Morgan Stanley & Co. International plc ("Purchaser"), and its successors and assigns, as of April 12, 2011, the effective date of this agreement (the "Agreement"), all of Seller's right, title and interest in and to £35,880,000 principal amount (the "Notes") of certain 8.875 percent notes due July 10, 2023 (ISIN/CUSIP XS0171908063) issued by General Motors Nova Scotia Finance Company (the "Canadian Debtor"), a debtor in bankruptcy proceedings under the *Bankruptcy and Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the bankruptcy court of the province of Nova Scotia, Canada (the "Canadian Court", and such proceeding, the "Canadian Proceeding"), and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "US Debtor"), a debtor and debtor-in-possession in Case No. 09-50026 (REG) (the "US Proceeding") under title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and to the extent relating to the Notes, a related portion (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to (a) Proof of Claim Number 66217, which was filed by or on behalf of Seller against the US Debtor in the US Proceeding (the "Palomino US Proof of Claim"), (b) Proof of Claim Number 69551, which was filed by Greenberg Traurig, LLP on behalf of all holders of 8.875 percent notes due July 10, 2023 and all holders of 8.375 percent notes due December 7, 2015, each issued by the Canadian Debtor, other than the holders of the notes in the proofs of claim listed and described in Exhibit C annexed thereto, against the US Debtor in the US Proceeding (the "GT US Proof of Claim") and (c) the Proof of Claim originally filed in the aggregate amount of CAD $110,012,540.61 by or on behalf of Seller against the Canadian Debtor in the Canadian Proceeding (the "Canadian Proof of Claim", and together with the Palomino US Proof of Claim and the GT US Proof of Claim, the "Proofs of Claim") including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Seller's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Canadian Act, the Bankruptcy Code or otherwise (the Notes, the Transferred Claim Amount, and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2.     Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Notes, the Palomino US Proof of Claim, the Canadian Proof of Claim, and the items referenced in (i) through (iii) in Section 1 above, free and clear of any and all liens, security interests or participations.

3.      Seller shall promptly remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. On or as soon as possible after the date hereof, Seller shall transfer to Purchaser the Notes, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

4.      Seller and Purchaser agree that this Agreement and the effectiveness hereof shall be subject to either of the conditions that (i) Purchaser is a party to that certain Lock Up Agreement, dated as of June 1, 2009 (the "Lock Up Agreement") among the Canadian Debtor, General Motors of Canada Limited, GM Nova Scotia Investments Ltd., General Motors Corporation (n/k/a Motors Liquidation Company), and the beneficial owners of the Canadian Debtor's 8.375% Guaranteed Notes due December 7, 2015 or the Canadian Debtor's 8.875% Guaranteed Notes due July 10, 2023 parties thereto, or (ii) Purchaser shall have duly executed and delivered a joinder to, and in accordance with, the Lock Up Agreement.

5.      This Agreement constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

6.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature pages follow.]

IN WITNESS WHEREOF, Seller and Purchaser have executed this Agreement by their duly authorized officers or representatives as of the effective date of this Agreement.

Palomino Fund Ltd.                                Morgan Stanley & Co. International plc

By:_____                        By:_____
Name:                                             Name:
Title:                                            Title:

Palomino Fund Ltd.                                1585 Broadway, 2nd Floor
c/o Appaloosa Management L.P.                      New York, NY 10036
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attention Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701 7055

IN WITNESS WHEREOF, Seller and Purchaser have executed this Agreement by their duly authorized officers or representatives as of the effective date of this Agreement.

Palomino Fund Ltd.                          Morgan Stanley & Co. International plc

By:_____        By:_____
Name:                                        Name:
Title:                                        Title:        BRIAN CRIPPS
                                                           Authorised Signatory

Palomino Fund Ltd.                          1585 Broadway, 2nd Floor
c/o Appaloosa Management L.P.                New York, NY 10036
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attention Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701 7055

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Motors Liquidation Company, Debtor.        Case No. 09-50026 (REG)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Morgan Stanley & Co. International plc        Thoroughbred Master Ltd.
Name of Transferee                            Name of Transferor

Name and Address where notices to transferee   Court Claim # (if known): 67501 (which amends
should be sent:                                65828)
                                               Amount of Claim: £19,847,000
1585 Broadway, 2nd Floor                       Date Claim Filed: 11/30/09
New York, NY 10036                             Debtor: Motors Liquidation Company (f/k/a
                                               General Motors Corporation)

Phone:_____          Phone: _____
Last Four Digits of Acct #: _____      Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

660518v.2 892/04186

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Morgan Stanley & Co. International plc

By: _____    Date: ___3/1/12___

BRIAN CRIPPS
Authorised Signatory
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

660518v.2 892/04186

## AGREEMENT AND TRANSFER OF CLAIM

1.      Thoroughbred Master Ltd. ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to Morgan Stanley & Co. International plc ("Purchaser"), and its successors and assigns, as of April 12, 2011, the effective date of this agreement (the "Agreement"), all of Seller's right, title and interest in and to £19,847,000 principal amount (the "Notes") of certain 8.875 percent notes due July 10, 2023 (ISIN/CUSIP XS0171908063) issued by General Motors Nova Scotia Finance Company (the "Canadian Debtor"), a debtor in bankruptcy proceedings under the *Bankruptcy and Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the bankruptcy court of the province of Nova Scotia, Canada (the "Canadian Court", and such proceeding, the "Canadian Proceeding"), and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "US Debtor"), a debtor and debtor-in-possession in Case No. 09-50026 (REG) (the "US Proceeding") under title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and to the extent relating to the Notes, a related portion (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to (a) Proof of Claim Number 67501, which was filed by or on behalf of Seller against the US Debtor in the US Proceeding (the "Thoroughbred US Proof of Claim"), (b) Proof of Claim Number 69551, which was filed by Greenberg Traurig, LLP on behalf of all holders of 8.875 percent notes due July 10, 2023 and all holders of 8.375 percent notes due December 7, 2015, each issued by the Canadian Debtor, other than the holders of the notes in the proofs of claim listed and described in Exhibit C annexed thereto, against the US Debtor in the US Proceeding (the "GT US Proof of Claim") and (c) the Proof of Claim originally filed in the aggregate amount of CAD $58,968,096.49 by or on behalf of Seller against the Canadian Debtor in the Canadian Proceeding (the "Canadian Proof of Claim", and together with the Thoroughbred US Proof of Claim and the GT US Proof of Claim, the "Proofs of Claim") including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Seller's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Canadian Act, the Bankruptcy Code or otherwise (the Notes, the Transferred Claim Amount, and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2.      Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Notes, the Thoroughbred US Proof of Claim, the Canadian Proof of Claim, and the items referenced in (i) through (iii) in Section 1 above, free and clear of any and all liens, security interests or participations.

3.      Seller shall promptly remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser.  On or as soon as possible after the date hereof, Seller shall transfer to Purchaser the Notes, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

4.      Seller and Purchaser agree that this Agreement and the effectiveness hereof shall be subject to either of the conditions that (i) Purchaser is a party to that certain Lock Up Agreement, dated as of June 1, 2009 (the "Lock Up Agreement") among the Canadian Debtor, General Motors of Canada Limited, GM Nova Scotia Investments Ltd., General Motors Corporation (n/k/a Motors Liquidation Company), and the beneficial owners of the Canadian Debtor's 8.375% Guaranteed Notes due December 7, 2015 or the Canadian Debtor's 8.875% Guaranteed Notes due July 10, 2023 parties thereto, or (ii) Purchaser shall have duly executed and delivered a joinder to, and in accordance with, the Lock Up Agreement.

5.      This Agreement constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

6.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature pages follow.]

IN WITNESS WHEREOF, Seller and Purchaser have executed this Agreement by their duly authorized officers or representatives as of the effective date of this Agreement.

Thoroughbred Master Ltd.

Morgan Stanley & Co. International plc

By: _____

By: _____

Name:

Name:

Title:

Title:

Thoroughbred Master Ltd.
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attention Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701 7055

1585 Broadway, 2nd Floor
New York, NY 10036

IN WITNESS WHEREOF, Seller and Purchaser have executed this Agreement by their duly authorized officers or representatives as of the effective date of this Agreement.

Thoroughbred Master Ltd.                    Morgan Stanley & Co. International plc

By:_____              By:_____
Name:                                       Name:
Title:                                      Title:    BRIAN CRIPP...
                                                      Authorised Signatory

Thoroughbred Master Ltd.                    1585 Broadway, 2nd Floor
c/o Appaloosa Management L.P.               New York, NY 10036
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attention Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701 7055

66.