UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | Case No. 09-50026 (REG) |
| Reorganized Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
RESOLVING PROOF OF CLAIM NUMBER 71242 ASSERTED
AGAINST THE REORGANIZED DEBTORS BY CHARTIS U.S.**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by Motors Liquidation Company and its affiliated above-captioned reorganized debtors (collectively, "**MLC**"), and Chartis Specialty Insurance Company ("**Chartis**" and, together with the GUC Trust, the "**Parties**"), each by their undersigned counsel, respectfully submit this Stipulation and Agreed Order Resolving Proof of Claim Number 71242 Asserted Against the Reorganized Debtors by Chartis U.S. (the "**Stipulation**"), and state:

**WHEREAS,** on June 1, 2009, General Motors Corporation and certain affiliates (the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**");   and

**WHEREAS**, on March 29, 2011, the Bankruptcy Court entered an order confirming the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**");   and

**WHEREAS**, all of the conditions to the occurrence of the effective date of the Plan were met or waived on March 31, 2011, thereby making the Plan effective as of that date; and

**WHEREAS,** as of November 29, 2009, Chartis filed four substantively identical Proofs of Claim, designated as Claims Nos. 59680, 59681, 59682 and 59697 (the "**Proofs of Claim**"), each against a different Debtor; and

**WHEREAS,** Chartis designated its Proofs of Claim as unliquidated but as secured by "right of setoff"; and

**WHEREAS**, on December 3, 2010, the Debtors objected to the Proofs of Claim in their 110th Omnibus Objection to Claims; and

**WHEREAS**, on March 4, 2011, Chartis and certain affiliates filed the Response of Granite State Insurance Company, *et al.* to the Debtors' 110th Omnibus Objection to Claims with Respect to Claim Nos. 59680, 59681, 59682 and 59697; and

**WHEREAS**, on October 6, 2011, MLC filed the Reorganized Debtors' (1) Supplemental Claim Objection and (2) Motion To Enforce the Plan Injunction and Automatic Stay and To Enjoin Chartis U.S. From Continuing To Retain More Than $20 Million It Improperly Seized from the Reorganized Debtors; and

**WHEREAS**, on November 3, 2011, MLC filed the Stipulation and Agreed Order Approving a Partial Resolution of Certain Claims Asserted Against the Reorganized Debtors by Chartis U.S., which was "so ordered" by this Court on November 21, 2011 (the "**Partial Resolution Stipulation**"); and

**WHEREAS,** pursuant to the Partial Resolution Stipulation, among other things, MLC acknowledged that Chartis had an allowed claim in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00), but reserved the right to argue that this amount should be treated as a general unsecured claim.  Chartis, on the other hand, reserved the right to argue that this amount should be treated as a secured claim; and

**WHEREAS,** on November 9, 2011, as required by the terms of the Partial Resolution Stipulation, Chartis filed a proof of claim against the Debtors that amended and superseded the Proofs of Claim, which was designated as Claim No. 71242 and asserted a Four Million Five Hundred Thousand Dollar ($4,500,000.00) secured claim (the "**Amended Proof of Claim**");  and

**WHEREAS**, on November 17, 2011, MLC filed the Reorganized Debtors' Amended Supplemental Objection To Proof of Claim Number 71242 (the "**Amended Supplemental Objection**");  and

**WHEREAS**, on December 1, 2011, Chartis and certain affiliates filed the Opposition of Chartis Specialty Insurance Company and Lexington Insurance Company to the Reorganized Debtors' Amended Supplemental Objection To Proof of Claim Number 71242 and Cross-Motion to Compel Arbitration (the "**Opposition & Cross-Motion**");  and

**WHEREAS**, on December 22, 2011, the GUC Trust filed its (1) Reply in Support of Objection To Proof of Claim Number 71242 Asserted by Chartis Specialty

3

Insurance Company and (2) Response in Opposition to Cross-Motion to Compel Arbitration; and

**WHEREAS**, on January 10, 2012, Chartis and certain affiliates filed a Reply Memorandum in Further Support of Their Cross-Motion to Compel Arbitration; and

**WHEREAS,** the GUC Trust and Chartis have reviewed and evaluated their respective positions with respect to Chartis's Amended Proof of Claim and have engaged in negotiations concerning resolution of the issues raised in MLC's Amended Supplemental Objection and Chartis's Opposition & Cross-Motion; and

**WHEREAS**, Chartis has represented that it has authority to act for Lexington Insurance Company and Chartis's other affiliates in entering into this Stipulation; and

**WHEREAS**, the Parties have agreed, in an effort to avoid unnecessary litigation and reduce their respective costs, to resolve the issues raised by Chartis's Amended Proof of Claim, MLC's Amended Supplemental Objection, and Chartis's Opposition & Cross-Motion in accordance with the terms set forth below;

**NOW, THEREFORE**, in consideration of the foregoing, the Parties hereby stipulate and agree that:

1. <u>Allowed Claim</u>.  The Amended Proof of Claim shall be allowed and treated as a (i) secured claim (as defined in the Plan) in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00), and (ii) a general unsecured claim (as defined in the Plan) in the amount of Three Million Dollars ($3,000,000.00).

4

2. <u>Payment of Secured Claim</u>.  The secured claim of One Million Five Hundred Thousand Dollars ($1,500,000.00) shall be paid by wire transfer to such bank account as Chartis shall designate in writing, within eleven (11) business days after the later of: (i) the Court's approval of this Stipulation; and (ii) Chartis providing the GUC Trust with written wiring instructions, by letter addressed to the GUC Trust's counsel of record as stated on the signature below, and completed W9 form.

3. <u>Reservation of Rights</u>.  Unless expressly changed by this Stipulation, the parties hereby reserve and maintain all rights and obligations set forth in the Partial Resolution Stipulation, including without limitation, the parties rights and obligations concerning the Renick Claim (as defined in the Partial Resolution Stipulation).

4. This Stipulation may be executed in counterparts which together shall constitute one and the same agreement.

5. This Stipulation constitutes the entire agreement between the Parties with respect to the matters addressed herein.  Its terms may not be amended or modified in any manner except by a writing signed by each of the parties or their counsel.

6. Each party and signatory to this Stipulation represents and warrants to each other party hereto that it has full power, authority and legal right and has obtained all approvals and consents necessary to execute, deliver and perform all actions required under this Stipulation.

7.  The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

| | |
|---|---|
| Dated: New York, New York<br>February 16, 2012 | Dated: New York, New York<br>February 16, 2012 |
| MOTORS LIQUIDATION COMPANY<br>GUC TRUST<br>By its Counsel,<br>TOGUT, SEGAL & SEGAL LLP<br>By: | CHARTIS U.S.<br>By its Counsel,<br>ZEICHNER ELLMAN & KRAUSE LLP<br>BY: |
| /s/ Scott E. Ratner<br>Scott E. Ratner<br>Richard K. Milin<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 | /s/ Michael S. Davis<br>Michael S. Davis<br>575 Lexington Avenue<br>New York, New York 10022<br>(212) 826-5311 |

**SO ORDERED**

This *2nd* day of *March*, 2012
in New York, New York

*/s/ Robert E. Gerber*
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

6