Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation*
*Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :          09-50026 (REG)
          f/k/a General Motors Corp., et al.   :
                                          :
                    Debtors.              :          (Jointly Administered)
                                          :
                                          :
---------------------------------------------------------------x
```

**REPLY TO RESPONSE FILED BY**
**CLAIMANT JOHN PIERRO TO THE 89TH**
**OMNIBUS OBJECTION TO LATE-FILED PROOFS OF CLAIM**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by

the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), files this reply (the "**Reply**") to the

response (the "**Response**") filed by claimant, John Pierro, to the 89th Omnibus Objection

filed by the GUC Trust, seeking expungement of proof of claim number 69842 (the

"**Claim**") because the claim was filed after the November 30, 2009 deadline set by the Court

(the "**Bar Date**"). In support of this Reply, the GUC Trust respectfully represents:

## PRELIMINARY STATEMENT

1.      In September 2010, the GUC Trust filed an omnibus objection (the "**Omnibus Objection**") to various claims, seeking expungement of such claims on the basis that they were filed after the Bar Date.   The Omnibus Objection included an objection to the Claim, which, according to the records of the GUC Trust and its claims agent, Garden City Group ("**GCG**"), was filed on January 25, 2010.

2.      In the Response, Mr. Pierro, through his counsel, asserted that the Claim was in fact timely filed but provided no supportive evidence.   As set forth more fully herein, Mr. Pierro has failed to respond to document requests issued by the GUC Trust or to otherwise provide any support for his assertion that the Claim was filed before the Bar Date.   Thus, Pierro cannot satisfy his burden of showing "excusable neglect," and the Claim should be disallowed and expunged.

## THE CLAIM[1]

3.      GCG's records reflect that no proof of claim from Mr. Pierro was received prior to the November 30, 2009 bar date.   The first record of the Claim is a file stamped copy dated January 25, 2010, which GCG received together with a letter from Mr. Pierro's counsel,

---

[1]      In 2007, Mr. Pierro filed suit against Daewoo Motor America, Inc., Daewoo Motor North America, GM Daewoo Auto & Technology ("**GMDAT**"), Daewoo Motor Co., Ltd ("**DWMC**") and General Motors Corp. for personal injury resulting from a car accident allegedly caused by a design defect in his 1999 Daewoo Leganza.  Mr. Pierro's case is pending in the United States District Court, Eastern District of New York. Pierro v. Daewoo Motor Am., Inc. et al., Doc. No. 2008-CV-00063 (Jan. 4, 2008) (the "**Litigation**").  The Claim seeks recovery for the same injuries that are the subject of the Litigation.

Notably, Pierro has no valid claim against the Debtors on the merits.  First, GMDAT was not a continuation of DWMC.  The applicable purchase agreement between GMDAT and DWMC explicitly prohibited any liabilities related to Daewoo-brand vehicles manufactured by Daewoo prior to October 17, 2002.  Additionally, to the extent plaintiff argues that the continuation of enterprise theory or "product line" theory of successor liability law applies, the New York Court of Appeals has rejected both. See Schumacker v. Richards Shear Co., Inc., 59 N.Y.2d 239, 245-46 (1983); see also Semenetz v. Sherling & Walden, Inc., 7 N.Y.3d 194, 201 (2006).

dated January 22, 2010 (the "**Letter**").  <u>See</u> Ex. A (January 22, 2010 Letter and attached Claim).

In the Letter, counsel states that the Claim was mailed on November 20, 2009, but provides no

additional information or supporting documentation.

     4.     In October 2011, counsel for the GUC Trust contacted Mr. Pierro's

counsel, Mr. Neiman, and requested documentation showing that the Claim was in fact timely

filed.  After several unreturned calls and no information from Mr. Neiman, the GUC Trust served

Mr. Pierro (though his counsel) with its First Set of Document Requests (the "**Requests**"), which

made a formal request for documents showing the Claim was timely filed.[2]  The last day for Mr.

Pierro to respond to the Requests was January 17, 2012.  <u>To date, Mr. Pierro has not responded</u>

<u>to the Requests</u>.

## ARGUMENT

     5.     As set forth in the Objection, section 502(b)(9) of the Bankruptcy Code

provides that, upon the objection of a party in interest, a claim shall be disallowed to the extent

that "proof of such claim is not timely filed."  11 U.S.C. § 502(b)(9).  As a general rule, any

creditor who fails to file a proof of claim on or before the applicable bar date "will be forever

barred that is, forbidden – from asserting the claim against each of the Debtors and their

respective estates."  Bar Date Order ¶ 6.

     6.     Bankruptcy Rule 9006(b)(1) provides the court with discretion to enlarge

the time to file claims "where the failure to act was the result of *excusable neglect*."  Fed. R.

Bankr. P. 9006(b)(1) (emphasis added).  <u>The claimant has the burden of establishing excusable</u>

<u>neglect</u>.  <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. L.P.</u>, 507 U.S. 380, 395 (1993); <u>In re</u>

<u>Enron Corp.</u>, 419 F.3d 115, 121 (2d Cir. 2005); <u>In re U.S. Lines, Inc.</u>, No. 04-CV-6614, 2006

---

[2]    <u>See</u> Ex. B, Affidavit of Service dated December 16, 2011 indicating that a copy of the Requests
was served on Pierro's counsel, via overnight mail, on December 15, 2011.

WL 1559237, at *5 (S.D.N.Y. June 7, 2006) (affirming order expunging untimely claim because claimant did not carry the burden of showing claims were timely filed, noting "once a party negates the *prima facie* validity of a proof of claim, the burden shifts back to the claimant, who then bears the ultimate burden of persuasion.") (citation omitted); In re Andover Togs, Inc., 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999).

7.      Here, Pierro has failed to satisfy his burden of showing "excusable neglect." The Response, filed by Pierro's counsel, fails to address the applicable legal standard. Moreover, Pierro and his counsel failed to respond to the Document Requests and have otherwise failed to provide the GUC Trust with any evidence that the Claim time-stamped January 25, 2010 – almost two months after the Bar Date – was previously filed on time. It is manifest that, if the Claim were indeed timely filed, Pierro and his counsel would have provided documents proving the same.

8.      Accordingly, the GUC Trust requests that the Court enforce its prior Bar Date Orders and disallow and expunge the Claim in its entirety.

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should enter an order expunging the Claim

and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
　　　 March 5, 2012

　　　　　　　　　　　　　　　　　 /s/ Stefanie Birbrower Greer
　　　　　　　　　　　　　　　　　 Barry N. Seidel (BS-1945)
　　　　　　　　　　　　　　　　　 Stefanie Birbrower Greer (SG-2898)

　　　　　　　　　　　　　　　　　 DICKSTEIN SHAPIRO LLP
　　　　　　　　　　　　　　　　　 1633 Broadway
　　　　　　　　　　　　　　　　　 New York, New York 10019-6708
　　　　　　　　　　　　　　　　　 Telephone: (212) 277-6500
　　　　　　　　　　　　　　　　　 Facsimile: (212) 277-6501

　　　　　　　　　　　　　　　　　 *Attorneys for Motors Liquidation*
　　　　　　　　　　　　　　　　　 *Company GUC Trust*

# EXHIBIT A



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
☐ Motors Liquidation Company (f/k/a General Motors Corporation)  Case No
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )

09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Motors Liquidation Company

Unsecured Unknown

Contingent / Unliquidated / Disputed

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) PIERRO, JOHN

**Name and address where notices should be sent**

PIERRO, JOHN
NEIMAN JOSEPH H
17936 80TH RD
JAMAICA, NY 11432-1402

Telephone number
Email Address

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number.**_____
(*If known*)

Filed on _____

THE GARDEN CITY GROUP INC.
JAN 25 2010

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**Name and address where payment should be sent** (if different from above)

FILED - 69842
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1 Amount of Claim as of Date Case Filed, June 1, 2009**   $ ~~up 920,00~~

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** _____
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor.** 3310 _____

  **3a Debtor may have scheduled account as** _____
  (See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff.**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
**Describe.**

**Value of Property** $_____  **Annual Interest Rate**___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $_____

**Basis for perfection.** _____

**Amount of Secured Claim** $_____   **Amount Unsecured** $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of redacted on reverse side* )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)
  **Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date** 11/10/0?

**Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

Jn/ Ne

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

*Joseph H. Neiman*

ATTORNEY AT LAW
39 HUDSON STREET
HACKENSACK, NEW JERSEY 07601

TEL  (201) 487-0061
FAX  (201) 883-0767
E-MAIL  J NEIMAN@VERIZON NET

MEMBER NJ & NY BAR

NEW YORK OFFICE
_____

179-36 80 TH ROAD
JAMAICA ESTATE, NEW YORK 11432

January 22, 2010

**VIA FEDERAL EXPRESS**

Garden City Group Inc
Attention   Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, OH   43017

Re:    Motors Liquidation Company f/k/a General Motors Corporation –
John Pierro, claimant

Dear Sir:

I am enclosing a copy of a proof of claim which was mailed to PO Box 9386 on
November 20, 2009.  To date I have not received any acknowledgment of same   Please
advise.

Very truly yours,

Joseph H  Neiman

JHN djb

lettersgeneral\Pierro General Motors

Summary of Pierro Claim

General Motors is one of several defendants in a product liability case for which

the claimant is the plaintiff



# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                             :    **Chapter 11**
                                     :
**MOTORS LIQUIDATION COMPANY, *et al.*,**  :    **Case No. 09-50026 (REG)**
       **f/k/a General Motors Corp., *et al.*,**   :
                                     :
                    **Debtors.**        :    **(Jointly Administered)**
                                     :
-------------------------------------------------------------------x

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                         ) ss
COUNTY OF NASSAU      )

I, Barbara Kelley Keane, being duly sworn, depose and state:

1.     I am an Assistant Director with The Garden City Group, Inc., the claims and noticing agent for the

debtors and debtors-in-possession (the "Debtors") in the above-captioned proceeding. Our business

address is 1985 Marcus Avenue, Suite 200, Lake Success, New York 11042-1013.

2.     On December 15, 2011, at the direction of Dickstein Shapiro LLP ("Dickstein Shapiro"), counsel

for the Debtors, Post-Effective Date Debtors, and Motors Liquidation Company GUC Trust, I caused a

true and correct copy of the document annexed hereto as Exhibit A, to be served by overnight delivery on

Christeen Saulters/Hinton, 254 Ross McPhail Rd, Carson, MS 39427 (affected party):

3.     On December 15, 2011, also at the direction of Dickstein Shapiro, I caused a true and correct copy

of the document annexed hereto as Exhibit B, to be served by overnight delivery on Jacob Hall, 420 S

Missouri Ave, Belleville, IL 62220-3745 (affected party):

4.      On December 15, 2011, also at the direction of Dickstein Shapiro, I caused a true and correct copy

of the document annexed hereto as Exhibit C, to be served by overnight delivery on Pierro, John, Neiman

Joseph H, 179-36 80th Rd, Jamaica, NY 11432-1402 and Pierro, John, 39 Hudson St, Hackensack, NJ

07601 (affected party):

Dated:  December 16th, 2011
        Lake Success, New York

                                                    /s/ Barbara Kelley Keane
                                                    Barbara Kelley Keane

Sworn to before me this 16th day of December, 2011

/s/Susan P. Goddard_____
Susan P. Goddard
Notary Public, State of New York
No. 41-4985806
Qualified in Nassau County
Commission Expires September 23, 2013

# EXHIBIT A

# DICKSTEINSHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

December 15, 2011

**FEDERAL EXPRESS**

Christeen Saulters Hinton
254 Ross McPhail Rd
Carson, MS 39427

Re:   Motors Liquidation Company, *et al.* - Case No. 09-50026-reg
      244th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date
      Orders (Late-Filed Claims)

Dear Ms. Hinton:

This letter is to advise you that the hearing on the above referenced objection to your claims (and on any related filings) is going forward on Tuesday, December 20, 2011 at 9:45 a.m. (Eastern Time). If you fail to appear at the hearing, the Court will rule on this matter without further opportunity for you to be heard.

The hearing will be held at the following address:

    United States Bankruptcy Court
    Southern District of New York
    One Bowling Green
    Courtroom 621
    New York, NY 10004-1408

Rather than appearing in person, you may participate in the hearing telephonically. To request a telephonic appearance, please email me at topicc@dicksteinshapiro.com or call me at (212) 277-6754.

Sincerely,

Courtney E. Topic

Los Angeles | New York | Orange County | Silicon Valley | Stamford | Washington, DC

# EXHIBIT B

**DICKSTEIN**SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

December 15, 2011

**FEDERAL EXPRESS**

Jacob Hall
420 S. Missouri Ave
Belleville, Il 62220-3745

Re:  Motors Liquidation Company, *et al*. - Case No. 09-50026-reg
     244th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date
     Orders (Late-Filed Claims)

Dear Mr. Hall:

This letter is to advise you that the hearing on the above referenced objection to your claims (and on any related filings) is going forward on Tuesday, December 20, 2011 at 9:45 a.m. (Eastern Time). If you fail to appear at the hearing, the Court will rule on this matter without further opportunity for you to be heard.

The hearing will be held at the following address:

     United States Bankruptcy Court
     Southern District of New York
     One Bowling Green
     Courtroom 621
     New York, NY 10004-1408

Rather than appearing in person, you may participate in the hearing telephonically. To request a telephonic appearance, please email me at topicc@dicksteinshapiro.com or call me at (212) 277-6754.

Sincerely,

Courtney E. Topic

# EXHIBIT C

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                        :
**In re**                                :    Chapter 11 Case No.
                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.,*  :    09-50026 (REG)
     f/k/a General Motors Corp., *et al.*  :
                                        :
               **Debtors.**               :    (Jointly Administered)
                                        :
-----------------------------------------------------------------x

## MOTORS LIQUIDATION COMPANY GUC TRUST'S FIRST SET OF DOCUMENT REQUESTS TO JOHN PIERRO

In connection with the Motors Liquidation Company GUC Trust's (the "GUC Trust") reply to Claimant John Pierro's (Claim Number 69842) response to GUC Trust's Eighty Ninth Omnibus Objection to Claims, the GUC Trust, by its attorneys, Dickstein Shapiro LLP, hereby requests, pursuant to the Case Management Order #2, dated February 24, 2011, and Rule 34 of the Federal Rules of Civil Procedure made applicable to these proceedings by Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure, that John Pierro produce the documents and things described herein for inspection and copying at the offices of Dickstein Shapiro, 1633 Broadway, New York, New York, 10017, by January 17, 2012.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

3.    "Debtors" means General Motors Corporation n/k/a Motors Liquidation Company and its subsidiaries who are debtors in the above-captioned bankruptcy, and their predecessors, successors, parents, subsidiaries, affiliates, related companies, joint ventures and all of their officers, directors, employees, agents, contractors, accountants advisors, attorneys, brokers, representatives, fiduciaries, trustees, successors or assigns and all other persons acting or purporting to act on their behalf.

4.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6.    "Pierro," "you" and "your" each refer to John Pierro and any of his agents, attorneys, representatives, affiliates, partners, successors or assigns.

## INSTRUCTIONS

7.    For instructions concerning this First Set of Document Requests, please refer to Addendum A hereto.

2

DOCSNY-488888v1

## DOCUMENT REQUESTS

1.  Any and all Documents and Communications that support your contention that Pierro sent a proof of claim, on or before November 30, 2009, to the Garden City Group.

2.  Any and all Documents and Communications concerning the date on which a proof of claim was sent by or on behalf of Pierro to the Garden City Group.

3.  Any and all Documents and Communications concerning the actions you took to determine or verify that the proof of claim sent by or on behalf of Pierro was received by Garden City Group on or before November 30, 2009.

Dated: New York, New York
      December 15, 2011

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation Company GUC Trust

3

DOCSNY-488888v1

## ADDENDUM A

### INSTRUCTIONS

1.      The Documents governed by this request include all Documents and/or ESI in your possession, custody or control.

2.      Each request for production of Documents shall be deemed to be continuing in nature. If at any time additional Documents come into your possession, custody or control are brought to your attention, prompt supplementation of your response to these requests is required.

3.      Documents and/or ESI should be produced in the manner in which they are maintained in the usual course of your business or you should organize and label the Documents to correspond with the categories in this request. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, the file label of the folder in which the Document and/or ESI was stored, or attachments to the Documents in addition to the Document itself.

4.      Documents and/or ESI should be produced in such fashion as to identify the department, branch, server or office in which they were located and, where applicable, the device in which the ESI was stored, the owner of the device, the natural person in whose possession it was found and the business address of each Document's and/or ESI's custodian(s). Each page or electronic record produced in response to these requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or Document produced is apparent. At a minimum, the entity producing the Document or electronic record should be apparent.

1

DOCSNY-488888v1

5.      ESI should be produced in electronic form and with tracked changes and accompanying metadata as applicable. ESI shall be produced in native format in a manner that is reasonably usable within the meaning of Fed. R. Civ. P. 34(a).

6.      In searching for Documents and ESI responsive to these requests, you should search for all such Documents and/or ESI, regardless of the form in which the Document or ESI exists, the ownership of the device in which the ESI resides (i.e., whether owned by the individual or the business) or the location of the device in which the ESI is stored (e.g., hardware located at a business premises or within a cloud-based device).  Among other places, you should search for  ESI stored on all servers (physical, virtual, or cloud-based), networks, hard drives (external or internal), desktop computers, notebook computers, personal digital assistants, jump drives, voice mail, unified messaging services, Web-based networking media such as LinkedIn, Facebook, Twitter, Listservs, instant messaging services (AIM, Microsoft Messenger, Google Messenger, etc.) and all back-up data storage media, that hosts and/or stores such ESI.

7.      With regard to any claim of privilege with respect to any request or part herein, you should identify: (a) the nature of the privilege claimed; (b) the date of the Document withheld on the basis of privilege; (c) the author, addressees and other recipients of the Document withheld; and (d) the general subject matter of the Document withheld.

8.      Documents attached to each other should not be separated.

9.      Documents not otherwise responsive to this request should be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by this request.

10.      If any Document within the scope of this request has been destroyed or deleted, that Document should be identified including identification of its author(s), intended or

2

DOCSNY-488888v1

unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date, and

subject matter. The circumstances of such destruction shall be set forth, and any Documents

relating to such destruction should be produced.

11.     The fact that a Document is produced by another party does not relieve you of the

obligation to produce your copy of the same Document, even if the two Documents are identical.

12.     In producing Documents and other materials, you should furnish all Documents or

things in your possession, custody or control, regardless of whether such Documents or materials

are possessed directly by you or your partners, associates, directors, officers, agents, attorneys

(including staff and contract attorneys), secretaries, paralegals, assistants, employees,

representatives, subsidiaries, managing agents, affiliates, accountants, investigators, managers,

members, shareholders or by your attorneys or their agents, employees, representatives or

investigators.

13.     If you object to any part of any request, you should state fully the nature of the

objection. Notwithstanding any objections, you shall nonetheless comply fully with the other

parts of the request not objected to.

14.     The terms "all," "any," and "each" shall each be construed as encompassing any

and all.

15.     The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

16.     The use of the singular form of any word includes the plural and vice versa.

17.     The past tense shall include the present tense and vice versa.

3

09-50026-reg    Doc 11247    Filed 12/16/11    Entered 12/16/11 15:18:56    Main Document    Pg 4 of
24

18.     In searching for responsive Documents, you are required to search for all

responsive Documents and communications.

DOCSNY-488888v1