**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONNA M. TRUSKY on behalf of Herself
and all others similarly situated,

    Plaintiff,                        Case No. 2:11-cv-12815-SFC-LJM

vs.                                  Honorable Sean F. Cox

GENERAL MOTORS COMPANY

    Defendant.

---

David H. Fink (P28235)                Michael P. Cooney (P39405)
Darryl Bressack (P67820)             Benjamin W. Jeffers (P57161)
Fink + Associates Law                 Attorneys for Defendant
100 West Long Lake Rd., Suite 111    Dykema Gossett PLLC
Bloomfield Hills, MI 48304            400 Renaissance Center
(248) 971-2500                        Detroit, MI 48243
dfink@finkandassociateslaw.com      (313) 568-5340
                                             bjeffers@dykema.com
Marc H. Edelson                     mcooney@dykema.com
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA 18901
(215) 230-8043
medelson@edelson-law.com

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman Kodroff & Willis, PC
1818 Market Street
Philadelphia, PA 19103
(215) 496-06611
jkodroff@srkw-law.com
jmacoretta@srkw-law.com

Attorneys for Plaintiff

---

**GENERAL MOTORS COMPANY'S CONCURRENCE
THAT PLAINTIFF HAS ALLEGED JURISDICTION IN RESPONSE TO
THE COURT'S ORDER TO SHOW CAUSE**

1. This is a non-injury warranty case regarding an alleged design defect in the rear wheel spindle rods in plaintiff's Chevrolet Impala. She seeks relief on behalf of herself and "all persons in the United States who purchased or leased a model year 2007 and 2008 Chevrolet Impala." Complaint, ¶14.

2. General Motors Company ("GM") denies any liability for the claims and responsibility for the relief sought in the case and reserves all rights, but acknowledges that plaintiff has alleged diversity and federal question jurisdiction.

## DIVERSITY JURISDICTION UNDER CAFA

3. Plaintiff has alleged diversity jurisdiction under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 4, codified at 28 U.S.C. § 1332(d) ("CAFA"). The Complaint sets forth predicate allegations to support diversity jurisdiction and plaintiff's Memorandum regarding the Show Cause Order (dkt #9) further confirms the point.

4. Under CAFA, federal district courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

5. Jurisdiction under CAFA is proper for the following reasons.

   a. *First*, plaintiff seeks to certify a putative class action.

   b. *Second*, she has alleged complete diversity of citizenship. Plaintiff states in her Affidavit that she is a citizen of the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. 1332(a). *See* Affidavit (dkt # 9, Ex. 1). Even without the Affidavit, she alleged in the Complaint that she is a resident of Pennsylvania, (Complaint, ¶9) and this is prima facie proof that she is domiciled in that state and thus a citizen of Pennsylvania for purposes of diversity jurisdiction. S*ee State Farm Mut. Auto. Ins. v. Dyer*, 14 F.3d 514, 520 (10th Cir. 1994). She

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

alleges that GM is a Delaware company and is headquartered in this District. Complaint, ¶12. Thus, there is complete diversity of citizenship.

        c.    ***Third***, the amount in controversy exceeds the Court's jurisdictional threshold, in that it exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(2). In addition to plaintiff's clarified allegation in her Affidavit, the Complaint likewise makes this plain. She requests damages for herself and on behalf of every class member for harm allegedly caused in connection with the alleged design defect in her vehicle.[1] She claims that there are approximately 197,000 model year 2007 Impalas and approximately 226,000 model year 2008 Impalas (Complaint, ¶17) for a total of 423,000 Class Vehicles. She asserts that she has paid $289.77 in expenses associated with the alleged defect. *Id.* at ¶32. Merely multiplying the number of Class Vehicles by the amount plaintiff allegedly has incurred in expenses alone establishes that the amount in controversy exceeds $5,000,000 ($289.77 x 423,000 vehicles = $122,572,710) if she were to pursue her costs on behalf of each class member. *Frederico v. Home Depot*, 507 F.3d 188, 195-96 (3d Cir. 2007) (approving the multiplication method for establishing the amount in controversy under CAFA).[2] In fact, she only would need to seek approximately $12 per Class Vehicle to exceed $5,000,000 (5,000,000/423,000 = $11.82). She also alleges that she seeks "compensatory" and "exemplary" damages for herself and each class member, along with "injunctive" relief including an order requiring GM to provide each Class

---

[1] Calculating damages for any given putative class member necessarily would require individualized proofs and an analysis of individual issues of causation and ascertainability. But, for jurisdictional limits, aggregate damages in this case could exceed $5,000,000 even if Plaintiff somehow was entitled to damages at all and was able to pursue class wide consideration of this case.

[2] And insofar as Plaintiff would seek rescission of her purchase agreement, which GM does not concede is permissible, courts consider the value of the contract in assessing the amount at issue for jurisdictional purposes. *See, e.g., Rosen v. Chrysler Corporation*, 205 F.3d 918, 921 (6th Cir. 2000) (stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy").

3

Vehicle with "functional rear wheel spindle rods." *Id*., at p. 20 (prayer for relief) and ¶57. The total value of the relief requested indisputably is an aggregate amount in excess of $5,000,000.

        d.    *Fourth*, the exceptions to CAFA do not apply. Although CAFA contains certain jurisdictional "carve-outs," none applies here. 28 U.S.C. §§ 1332(d)(5)(A) and (B) specify, respectively, that CAFA does not extend federal diversity jurisdiction to class actions in which (a) the primary defendants are states, state officials, or other governmental entities against whom the district court may be foreclosed from ordering relief ("state action" cases) or (b) the number of members of all proposed plaintiff class members in the aggregate is fewer than 100 ("limited scope" cases). Here, no states, state officials, or other governmental entities are defendants in this action. Further, the putative class consists of well over 100 citizens and entities. Accordingly, the provisions of 28 U.S.C. § 1332(d)(5) do not preclude the exercise of federal jurisdiction. This action similarly does not involve any of the categories of claims described in 28 U.S.C. § 1332(d)(9), which exempts cases that involve solely (i) securities covered under the federal securities laws; (ii) a corporation's internal affairs or governance; or (iii) the "rights, duties (including fiduciary duties), and obligations relating to or created pursuant to any security." 28 U.S.C. § 1332(d)(9)(A), (B), and (C).

## FEDERAL QUESTION JURISDICTION

6.    Although not mentioned by plaintiff, federal question jurisdiction likewise exists because plaintiff's claim and request for relief, as pled, arise under or relate to a case under Chapter 11 of the Bankruptcy Code. The United States District Court has original jurisdiction in matters under 28 U.S.C. § 1334(b) that arise under Title 11 or are related to a case under Title 11, 28 U.S.C. § 1334(b); *see Continental National Bank of Miami v. Sanchez*, 170 F.3d 1340 (11th Cir. 1999) ("A Claim is 'related to' a bankruptcy case within the meaning of § 1334(b) if it 'could conceivably have any effect' on the bankruptcy estate.") In matters in which the

4

bankruptcy case is still open, the court need only "determine whether a matter is at least related to the bankruptcy" to decide whether it has jurisdiction over the matter. *Cano v. CMAC Mortgage Corp.*, Case No. 02-70359, Adversary No. 08-07019. 2009 Bankr. LEXIS 2223 (Bankr. S.D. Tx. August 10, 2009). Put simply, if a matter arises under or relates to a bankruptcy case, then by definition there is federal question jurisdiction because a bankruptcy court is within the United States District Court. 28 U.S.C. § 1334(b).

7. On June 1, 2009, General Motors Corporation (n/k/a Motors Liquidation Company) ("Old GM") commenced a voluntary case under chapter 11 of title 11 of the United States Code in the Bankruptcy Court for the Southern District of New York ("Bankruptcy Case"). In connection with the filing of the Bankruptcy Case, General Motors Company ("GM") acquired substantially all of the assets of General Motors Corporation on July 10, 2009 in a transaction executed under the jurisdiction and pursuant to approval of the Bankruptcy Court. *See generally In re General Motors Corp.*, 407 B.R. 463 (Bankr., SDNY 2009)("Sale Opinion") (approving sale transaction).

8. In acquiring these assets, GM did not assume the liabilities of Old GM. Rather, the scope and limitations of GM's responsibilities are defined in the Bankruptcy Court's "Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection with the Sale; and (iii) Granting Related Relief," entered on July 5, 2009 (the "Sale Approval Order"), which is a final binding order. *See* Sale Approval Order, attached as Exhibit A; *see also*, *In Re: OnStar Contract Litig.*, Case No. 2:07-MDL-01867, Opinion & Order Granting in Part and Denying In Part Plaintiffs' Motion For Leave To File A Third Amended

5

Complaint, p. 3, Ex. B. The Sale Approval Order provides that, with the exceptions of certain liabilities expressly assumed under the relevant agreements, the assets acquired by GM were transferred "free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever. . . including rights or claims based on any successor or transferee liability. . ." Id., ¶7.

9. Plaintiff asserts that Old GM designed and manufactured 2007 and 2008 Chevrolet Impalas with a design defect in the rear wheel spindles. Seeking to expand the limits of new GM's responsibilities, plaintiff seeks to hold new GM responsible for Old GM's design choices and alleged conduct. Indeed, she largely refers to Old GM and new GM interchangeably, and often without making any distinction as to which entity actually did what. Complaint, ¶6 ("through a common and uniform course of conduct, GM and General Motors Corporation, acting individually and collectively . . ."; ¶33 ("Defendant, or General Motors Corporation, delivered to Plaintiff . . . a written warranty"); ¶41 ("Defendant, or General Motors Corporation, failed to disclose . . .").

10. Contrary to plaintiff's sweeping allegations, GM agreed only to continue providing warranty repairs on pre-transaction vehicles "subject to the terms and conditions" contained in the express warranties as written. *See* Sale Approval Order, ¶56. But new GM did not assume any of Old GM's liabilities for Old GM's alleged conduct or breaches of those warranties. Thus, plaintiffs must show that New GM breached the warranty pursuant to its terms, not merely that the "warranty was breached" by Old GM and that new GM assumed "warranty liability." *See In Re: OnStar Contract Litigation*, Opinion & Order January 25, 2011, pp. 6-7 (holding that plaintiff may not assert express warranty claim against new GM premised on Old GM's alleged breach of the same warranty). Nor may plaintiff pursue any claim against

6

new GM with respect to vehicles outside the age and mileage limitation of the express limited warranty or any relief not provided for by those warranties, including the "damages" and injunctive relief she seeks. (Complaint, ¶¶ 51-58).

11. Consequently, GM believes that the allegations against it fail to state a claim and may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) when the claim is analyzed within the proper framework of GM's actual responsibilities under the express warranty.[3] Plaintiff may not succeed in her effort to bolster a claim against new GM with imputed conduct or alleged breaches by Old GM, nor seek relief outside the scope of the express written warranty because doing so constitutes a direct challenge to the Bankruptcy Court's Sale Order and related opinions under § 363 of the Bankruptcy Code and a violation of the injunction contained within that order. *See In Re: OnStar Contract Litig.*, Case No. 2:07-MDL-01867, Opinion & Order Granting in Part and Denying In Part Plaintiffs' Motion For Leave To File A Third Amended Complaint, p. 3, Ex. B (denying leave to add express warranty claim against new GM because plaintiff sought to hold new GM liable for Old GM's alleged breaches of the warranty)

12. Moreover, at least to any extent that plaintiff's claims are not disposed of by virtue of the express language of the limited warranties for which GM assumed responsibility going forward, the matter falls squarely within the jurisdiction expressly retained by the Bankruptcy Court in the Sale Approval Order to resolve all matters relating to the implementation, enforcement and interpretation of the order. The Sale Approval Order explicitly states, "exclusive jurisdiction to enforce and implement the terms and provision of [the] Order" including to "protect [General Motors LLC] against any of the [liabilities that it not expressly assume under the MSPA]." *See* Sale Approval Order at ¶71; *see also*, *In Re: OnStar Contract*

---

[3] GM's response to plaintiff's Complaint is due on August 11, 2011, and GM intends to file a Motion to Dismiss on these grounds.

7

*Litig.*, Case No. 2:07-MDL-01867, Opinion & Order Granting in Part and Denying In Part Plaintiffs' Motion For Leave To File A Third Amended Complaint, p. 3, Ex. B ("the Bankruptcy Court has jurisdiction to resolve any disputes as to the liabilities that were assumed by NewGM"). It is well-settled that a bankruptcy court retains continuing jurisdiction to interpret and enforce its own orders. *Travelers Indemnity Co. v. Bailey*, 129 S.Ct. 2195, 2205 (March 20, 2009).

13. Finally, for similar reasons, to the extent that plaintiff asserts claims outside the parameters of the express limited warranties which New GM did assume, this matter presents issues as to which the Bankruptcy Court possesses exclusive jurisdiction because they are within its core jurisdiction under 28 U.S.C. § 157(b). Such claims violate the injunction contained with the Bankruptcy Court's order of June 1, 2009, which authorized the sale, pursuant to 11 U.S.C. § 363, of substantially all of the assets of Old GM free and clear of all liens, claims, interests and encumbrances. An order approving the sale of an estate's property is a core proceeding under 28 U.S.C. § 157(b)(2)(N), and the interpretation of its Sale Approval Order is a core proceeding in the Bankruptcy Court. *Morris v. Puleo*, 309 B.R. 819 (Bankr. M.D. Fl. 2004).

14. In short, the appropriate handling of this case presents complex issues of jurisdiction and venue, which New GM intends to raise in detail within its initial substantive response to the Complaint. However, GM concurs with plaintiff that this matter unambiguously is within the jurisdiction of the Federal courts, for multiple independent reasons.

## CONCLUSION

For all the reasons noted above, jurisdiction is proper and the matter should proceed.

8

DYKEMA GOSSETT PLLC

By: s/ Benjamin W. Jeffers
Benjamin W. Jeffers (P57161)
Michael P. Cooney (P39405)
Attorneys for Defendant
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
(313) 568-5340
bjeffers@dykema.com
mcooney@dykema.com

Dated: July 27, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record in this matter.

DYKEMA GOSSETT PLLC

By: /s/ Benjamin W. Jeffers
Benjamin W. Jeffers (P57161)
Michael P. Cooney (P39405)
Attorneys for Defendant
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
(313) 568-5340
bjeffers@dykema.com
mcooney@dykema.com

Dated: July 27, 2011

DET01\943370.1
ID\BWJ - 019956/0999

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243