# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONNA M. TRUSKY on behalf of Herself
and all others similarly situated,

        Plaintiff,                Case No. 2:11-cv-12815-SFC-LJM

vs.                           Honorable Sean F. Cox

GENERAL MOTORS COMPANY

        Defendant.

---

| | |
|---|---|
| David H. Fink (P28235) | Michael P. Cooney (P39405) |
| Darryl Bressack (P67820) | Benjamin W. Jeffers (P57161) |
| Fink + Associates Law | Attorneys for Defendant |
| 100 West Long Lake Rd., Suite 111 | Dykema Gossett PLLC |
| Bloomfield Hills, MI 48304 | 400 Renaissance Center |
| (248) 971-2500 | Detroit, MI 48243 |
| dfink@finkandassociateslaw.com | (313) 568-5340 |
| | bjeffers@dykema.com |
| Marc H. Edelson | mcooney@dykema.com |
| Edelson & Associates, LLC | |
| 45 West Court Street | |
| Doylestown, PA 18901 | |
| (215) 230-8043 | |
| medelson@edelson-law.com | |
| | |
| Jeffrey L. Kodroff | |
| John A. Macoretta | |
| Spector, Roseman Kodroff & Willis, PC | |
| 1818 Market Street | |
| Philadelphia, PA 19103 | |
| (215) 496-06611 | |
| jkodroff@srkw-law.com | |
| jmacoretta@srkw-law.com | |

Attorneys for Plaintiff

---

## DEFENDANT'S MOTION TO DISMISS

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Defendant, General Motors Company ("New GM"), by and through its attorneys, Dykema Gossett PLLC, seeks dismissal of the Complaint pursuant to Fed.R.Civ.P. 12(b). In this case, Plaintiff seeks to assert claims against New GM relating to vehicles manufactured and sold by Motors Liquidation Company f/k/a General Motors Corporation ("Old GM") prior to Old GM's bankruptcy. The Complaint purports to be based on a responsibility New GM assumed from Old GM to administer certain express, limited warranties according to their explicit terms and limitations. However, the claims asserted in the Complaint and the relief sought by Plaintiff are manifestly and unambiguously outside the scope of the warranty terms, premised on conduct of Old GM, and therefore constitute a violation of the Order of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") pursuant to which New GM acquired its assets and assumed specific liabilities only. The adjudication of that issue is within the exclusive jurisdiction of the Bankruptcy Court and the Complaint should be dismissed for that reason alone.

Alternatively, if an attempt is made to reform the Complaint by disregarding claims and allegations that implicate Bankruptcy Court jurisdiction (such that it is interpreted as a prayer for repairs within the scope of the assumed express warranty covering Plaintiff's vehicle), the Complaint is subject to dismissal because it fails to state a claim under that warranty.

As support for its Motion, New GM relies on Fed.R.Civ. P. 12(b) and the facts and law in the attached Brief.

Counsel for Defendant sought concurrence from Plaintiff's counsel pursuant to L.R. 7.1 but concurrence was not forthcoming.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT PLLC


By: s/ Benjamin W. Jeffers
    Benjamin W. Jeffers (P57161)
    Michael P. Cooney (P39405)
    Attorneys for Defendant
    Dykema Gossett PLLC
    400 Renaissance Center
    Detroit, MI 48243
    (313) 568-5340
    bjeffers@dykema.com
    mcooney@dykema.com

Dated: August 11, 2011

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DONNA M. TRUSKY on behalf of Herself
and all others similarly situated,

       Plaintiff,                Case No. 2:11-cv-12815-SFC-LJM

vs.                                Honorable Sean F. Cox

GENERAL MOTORS COMPANY

       Defendant.

---

David H. Fink (P28235)             Michael P. Cooney (P39405)
Darryl Bressack (P67820)         Benjamin W. Jeffers (P57161)
Fink + Associates Law             Attorneys for Defendant
100 West Long Lake Rd., Suite 111    Dykema Gossett PLLC
Bloomfield Hills, MI  48304        400 Renaissance Center
(248) 971-2500                   Detroit, MI 48243
dfink@finkandassociateslaw.com     (313) 568-5340
                                bjeffers@dykema.com
Marc H. Edelson                 mcooney@dykema.com
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA  18901
(215) 230-8043
medelson@edelson-law.com

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman Kodroff & Willis, PC
1818 Market Street
Philadelphia, PA  19103
(215) 496-06611
jkodroff@srkw-law.com
jmacoretta@srkw-law.com

Attorneys for Plaintiff

---

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................... ii

I.    INTRODUCTION .................................................................................... 1

II.   THE BANKRUPTCY OF OLD GM....................................................... 2

III.  PLAINTIFF'S ALLEGATIONS AND CLAIM ................................... 4

IV.   ARGUMENT........................................................................................... 8

    A.    The Court should dismiss the case because Plaintiff's attempt to enlarge New
        GM's liability is a direct violation of the Bankruptcy Court's Sale Approval Order
        and the Bankruptcy Court has exclusive jurisdiction to resolve the
        parties' dispute. ................................................................................ 9

        1.  Plaintiff's claim violates the terms of the Sale Approval Order. .............................. 9

        2.  Dismissal of this case is appropriate given the Bankruptcy Court's
            exclusive jurisdiction to resolve any questions regarding the scope
            of the New GM's assumed liabilities. ..................................... 11

    B.    Additionally, Plaintiff has failed to state a claim against New GM under the
        terms of the express written Warranty. ......................................... 14

V.    CONCLUSION ...................................................................................... 18

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bailey v. Monaco Coach Corp.*,
    350 F. Supp. 2d 1036 (N.D. Ga. 2004)................................................................15, 16

*Butler v. Kia Motors America*,
    985 So.2d 1133 (Fla. Dist. Ct. App. 2008) ................................................................10

*Chrysler Corp. v. Skyline Industrial Servs., Inc.*,
    448 Mich. 113, 528 N.W.2d 698 (1995)................................................................15

*Cipollone v. Liggett Group, Inc.*,
    505 U.S. 504 (1992)................................................................14

*Commercial Money Center, Inc. v. Illinois Union Ins. Co.*,
    508 F.3d 327 (6th Cir. 2007) ................................................................7

*Curry v. Meijer, Inc.*,
    286 Mich. App. 586, 780 N.W.2d 603 (2009)................................................................14

*Equitable Life Assurance Soc. of the U.S. v. Poe*,
    143 F.3d 1013 (6th Cir. 1998) ................................................................14

*Exhaust Unltd., Inc. v. Cintas Corp.*,
    223 F.R.D. 506 (S.D. Ill. 2004) ................................................................10

*In re Bridgeston/Firestone, Inc. Tires Prods. Liab. Litig.*,
    153 F.Supp.2d 935 (S.D. Ind. 2001) ................................................................17

*In re Bridgestone/Firestone, Inc.*,
    288 F.3d 1012 (7th Cir. 2002) ................................................................10

*In re Crysen/Montenay Energy Co.*,
    902 F.2d 1098 (2d Cir. 1990)................................................................12

*In re Eidison*,
    6 B.R. 613 (Bankr. N.D. Ga. 1980) ................................................................12

*In re Equivest St. Thomas, Inc.*,
    No. 07-30011 (JFK), 2008 WL 3108941 (D. V.I. August 4, 2008) ................................................................12

*In re General Motors Corp.*, *"Piston Slap" Products Liability Litig.*,
    No. MDL 04-1600, 2006 WL 1049259 (W.D. Okla. Apr. 19, 2006)................................................................10

*In re General Motors Corp.*,
    407 B.R. 463 (Bankr., SDNY 2009)................................................................2

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*In re McGhan*,
  288 F.3d 1172 (9th Cir. 2002) ............................................................12

*In re Nakash*,
  190 B.R. 763 (Bankr. S.D.N.Y. 1996)...................................................12

*In Re: OnStar Contract Litig.*,
  Case No. 2:07-MDL-01867, Opinion & Order Granting in Part and Denying in
  Part Plaintiffs' Motion for Leave to File a Third Amended Complaint .................2, 11, 13, 14

*Langley v. Prudential Mortgage Capital Co., LLC*,
  546 F.3d 365 (6th Cir. 2008) ...........................................................9, 13

*Lombard Corp. v. Quality Aluminum Products Co.*
  261 F.2d 336 (6th Cir. 1958) ..........................................................16

*Mendoza v. General Motors, LLC*
  2010 WL 5224136 (C.D.Cal. Dec. 15, 2010) ..........................................9

*Mill's Pride, Inc. v. Continental Insurance Co.*,
  300 F.3d 701 (6th Cir. 2002) ........................................................14, 15

*Moeller v. Danek Medical, Inc.*,
  1997 WL 1039333 (W.D. Pa. 1997) ....................................................14

*Oshana v. Coca-Cola, Co.*,
  472 F.3d 506 (7th Cir. 2006) ...........................................................10

*Rosci v. Acromed, Inc.*
  447 Pa.Super. 403, 669 A.2d 959 (1995).............................................15

*Security Watch, Inc. v. Sentinel Systems, Inc.*,
  176 F.3d 369 (6th Cir. 1999) .........................................................13

*Travelers Indemnity Co. v. Bailey*,
  129 S.Ct. 2195 (March 20, 2009) .....................................................11

*Woolums v. National RV*,
  530 F. Supp. 2d 691 (M.D. Pa. 2008) ............................................15, 17

## RULES

Fed. R. Civ. P. 12(b) ...................................................................8, 13

Fed. R. Civ. P. 12(b)(6) .................................................................13

Fed. R. Civ. P. 23(b)(3)..................................................................10

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Case 1:12-cv-01487-JGK   Document 13   Filed 03/07/12   Page 8 of 27

**S**TATUTES

28 U.S.C. § 1404(a) ........................................................................................................................13

28 U.S.C. § 1412 ..............................................................................................................................9

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·400 RENAISSANCE CENTER·DETROIT, MICHIGAN 48243

## I. **INTRODUCTION**

Plaintiff seeks to hold General Motors Company ("New GM")[1] responsible for the "liabilities" of Motors Liquidation Company f/k/a General Motors Corporation  ("Old GM") in connection with Old GM's design, assembly, and sale of 2007 & 2008 model year Chevrolet Impalas.  Plaintiff alleges that a design defect in her Impalas' rear wheel spindle rods led to increased wear and tear on the vehicle's tires.

Plaintiff's Complaint should be dismissed because her attempt in this Court to hold New GM responsible for Old GM's liabilities violates the exclusive jurisdiction of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") preserved in the Sale Approval Order[2] under which New GM acquired its assets and assumed specific liabilities only.  Pursuant to the Sale Approval Order, New GM's warranty obligations for vehicles sold by Old GM are limited to the express terms and conditions in the Old GM written warranties on a going-forward basis.  The warranty requires New GM to repair a defect in "materials and workmanship" if such a defect manifested itself and the vehicle was presented to a New GM dealer within the time and mileage limitations of the warranty.  New GM did not assume responsibility for Old GM's design choices, conduct, or alleged breaches of liability under the warranty, and its terms expressly preclude money damages.  To the extent there is legitimate

---

[1] Although beyond the scope of this motion, Plaintiff has named the wrong party.  The entity which acquired assets from Old GM and simultaneously assumed certain responsibilities of Old GM is General Motors LLC f/k/a General Motors Company.  The entity currently known as General Motors Company is the ultimate parent of General Motors LLC, but was formed later as part of a subsequent corporate reorganization.  For the purposes of this motion, in accepting the allegations of the Complaint as true, New GM has disregarded this distinction.

[2] The "Sale Approval Order" is the Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection with the Sale; and (iii) Granting Related Relief," entered on July 5, 2009, a copy of which is annexed hereto as Exhibit A.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

dispute on any of these points, under the express terms of the Sale Approval Order, the Bankruptcy Court retained exclusive jurisdiction over any dispute regarding the scope of New GM's limited obligations assumed pursuant to the Sale Approval Order. Plaintiff's attempt to plead a claim against New GM on a successor liability theory is a direct violation of the terms of the Sale Approval Order (including the injunction provisions contained therein), and her attempt to litigate that claim in this Court violates the exclusive jurisdiction preserved by the Bankruptcy Court pursuant to the Sale Approval Order under which only limited, specific liabilities were assumed by New GM.

Alternatively, assuming *arguendo* that Plaintiff alleged only that New GM (not Old GM) failed its assumed obligation under the terms and conditions of Old GM's express warranty (an assumption that requires the Court to disregard most of the Complaint, including the prayer for monetary damages), she nonetheless fails to state a claim.

In either case, the Court should dismiss the Complaint.

## II.  THE BANKRUPTCY OF OLD GM

On June 1, 2009, Old GM commenced a voluntary case under chapter 11 of title 11 of the United States Code in the Bankruptcy Court. On July 10, 2009, New GM acquired substantially all of the assets of Old GM in a transaction executed under the jurisdiction and pursuant to approval of the Bankruptcy Court. *See generally In re General Motors Corp.*, 407 B.R. 463 (Bankr., SDNY 2009) ("Sale Opinion") (approving sale transaction).

In acquiring these assets, New GM did not assume the liabilities of Old GM. Rather, the scope and limitations of New GM's responsibilities are defined in the Sale Approval Order, which is a final binding order and not subject to appeal. *See* Sale Approval Order, *see also*, *In Re: OnStar Contract Litig.*, Case No. 2:07-MDL-01867, Opinion & Order Granting in Part and

DYKEMA GOSSETT• A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Denying In Part Plaintiffs' Motion For Leave To File A Third Amended Complaint, p. 3, a copy of which is annexed hereto as Exhibit B.

One purpose of the Sale Approval Order and the Amended and Restated Master Sale and Purchase Agreement entered into between Old GM and New GM ("ARMSPA") which the Sale Approval Order, approved, was to expressly cut off successor and derivative liability claims against New GM based on Old GM's acts or omissions.  This clear finding of no successor liability is typical of bankruptcy asset sale orders and allows the debtor's estate (here, Old GM) to benefit by having buyers (New GM) pay an enhanced premium price for the debtor's assets. This public policy of the Bankruptcy Code is the basis for permitting such no "successor liability" sales pursuant to Section 363(f) of the Bankruptcy Code.

To accomplish this goal, the Sale Approval Order provides that, with the exceptions of certain liabilities expressly assumed under the relevant agreements, the assets acquired by New GM were transferred "free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever. . . including rights or claims based on any successor or transferee liability. . ." *Id.*, ¶7.  Moreover, the Sale Approval Order permanently enjoined claimants from attempting to enforce liabilities against New GM *other than Assumed Liabilities*, as follows:

> "[A]ll persons and entities … holding liens, claims and encumbrances, and other interests of any kind or nature whatsoever, including rights or claims based on any successor or transferee liability, against [Old GM] or the Purchased Assets (whether legal or equitable, secured or unsecured, ***matured or unmatured***, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to [Old GM], the Purchased Assets, the operation of the Purchased Assets prior to the Closing … are forever barred, estopped, and permanently enjoined … from asserting against [New GM] … such persons' or entities' liens, claims, encumbrances, and other interests, including rights or claims based on any successor or transferee liability."

Sale Approval Order, ¶ 8 (emphasis added).  Even more specifically, paragraph 46 of the Sale Approval Order provides as follows (emphasis added):

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

3

"Except for the Assumed Liabilities expressly set forth in the [ARMSPA] …
***[New GM] … shall [not] have any liability for any claim that arose prior to the
Closing Date, relates to the production of vehicles prior to the Closing Date, or
otherwise is assertable against [Old GM] … prior to the Closing Date ….
Without limiting the foregoing, [New GM] shall not have any successor,
transferee, derivative, or vicarious liabilities of any kind or character for any
claims, including, but not limited to, under any theory of successor or
transferee liability,*** de facto merger or continuity … and products … liability,
whether known or unknown as of the Closing, now existing or hereafter arising,
asserted or unasserted, fixed or contingent, liquidated or unliquidated."

*See also* Sale Approval Order, ¶ 47 ("Effective upon the Closing … all persons and entities ***are
forever prohibited and enjoined from commencing or continuing in any manner any action …
against [New GM] … with respect to any (i) claim against [Old GM] other than Assumed
Liabilities)*** (emphasis added).

The Bankruptcy Court retained "***exclusive jurisdiction*** to enforce and implement the
terms and provisions of [the Sale Approval] Order [and] the [ARMSPA] …, in all respects,
including, but not limited to, retaining jurisdiction to … (c) resolve any disputes arising under or
related to the [ARMSPA], except as otherwise provided therein, (d) interpret, implement, and
enforce the provisions of this Order [and] (e) ***protect [New GM] against any of the [liabilities
that it did not expressly assume under the ARMSPA***] …." Sale Approval Order., ¶ 71
(emphasis added).

### III. PLAINTIFF'S ALLEGATIONS AND CLAIM

On June 29, 2011, and notwithstanding being aware of the Bankruptcy Case and the Sale
Approval Order (*see* Complaint ¶1), including because her counsel has been involved in the *In re
OnStar* Litigation, Plaintiff filed this warranty case for economic damages based on an alleged
design defect in her Chevrolet Impala. She contends that all "model year 2007 and 2008 Impalas
were sold with common defective rear spindle rods that caused and continue to cause wheel
misalignment and premature tire wear." Complaint, ¶2. There are no allegations that her

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

vehicle's spindle rods broke or were manufactured incorrectly; rather the crux of the Complaint is that the spindle rod design leads to unintended consequences in wheel alignment and tire wear.

There are very few allegations related to Plaintiff herself. In paragraphs 9 and 10, she states she is a Pennsylvania resident and purchased her vehicle in February 2008 from a Chevrolet dealer in Forest City, Pennsylvania. Complaint, ¶¶9-10. The next reference is not until paragraph 30, where she claims that "[w]ithin the first year of ownership and within 6000 miles of travel, the Goodyear tires were unserviceable, as the tread had worn so quickly on the tires that they had becomes questionable to use any further." Complaint, ¶30. At that time she presented her vehicle to the dealer, and received a <u>free</u> set of replacement tires and a <u>free</u> wheel alignment. Complaint, ¶31. She does not allege any damages or out-of-pocket costs as a result of this service visit. This occurred some time in 2008 or early 2009, but certainly before the bankruptcy in June 2009. *Id.*

The only other factual allegations specific to Plaintiff are in paragraph 32, where she contends that in November 2010, she "brought her car in for its annual inspection and was informed that the replacement rear tires were worn and would not pass inspection." *Id.* ¶32. She "paid $287.77 for a set of rear replacement tires," and at that time the "car had 24,240 miles on it." *Id.*

She does not allege in the Complaint that she had any interaction with New GM. Indeed, there are no specific factual allegations that New GM – as opposed to Old GM – did anything at all in relation to her vehicle. Because New GM was not formed until mid 2009, it could not have designed, manufactured or sold Plaintiff's 2008 vehicle.

But that does not stop Plaintiff from alleging this logical impossibility. In paragraph 5, for instance, she contends that both "GM" [which is the defendant] and "General Motors

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·400 RENAISSANCE CENTER·DETROIT, MICHIGAN 48243

5

Corporation" [which is Old GM] "manufactured, supplied, promoted and sold model year 2007 and 2008 Chevrolet Impalas with the defective rear spindle rods." Complaint, ¶5.  In other instances she refers to Old GM and New GM interchangeably and without making any distinction as to which entity actually did what.  *See* Complaint, ¶6 ("through a common and uniform course of conduct, GM and General Motors Corporation, acting individually and collectively . . ."; ¶33 ("Defendant, or General Motors Corporation, delivered to Plaintiff . . . a written warranty"); ¶41 ("Defendant, or General Motors Corporation, failed to disclose . . .").

The best example of her effort to equate New GM with Old GM is her allegation regarding the issuance of a Program Bulletin concerning Impala police vehicles. She contends that in June and July 2008, "Defendant," *i.e*., ***New GM***, issued bulletins to dealers advising them to replace the spindle rods in 2007 and 2008 Impalas equipped with the police package. Complaint, ¶27.  She claims that the bulletins acknowledge a problem with the spindle rods and that it was improper to have replaced them only on police vehicles because there is no functional difference between those vehicles and all other Impalas. *Id*. at ¶29.  Even accepting her characterization of the bulletins as true, the problem is that she affirmatively alleges that New GM – the "defendant" in this case – made the decision to issue those bulletins in June 2008 when in fact, the Sale Approval Order had not been entered and New GM had not acquired any assets of Old GM.

Plaintiff's counsel undoubtedly knows that it is logically impossible for New GM to have done certain things alleged in the Complaint and thus, the only way for them to proceed is on a successor liability theory.  Plaintiff states as much, albeit without any explanation or support, in paragraph 1 of the Complaint by alleging that New GM "assumed the express warranty ***liabilities*** of [Old GM]." Complaint, ¶1.  But that is wrong, or at least so imprecise as to be an irrelevant

6

statement for current purposes.  New GM's assumed "warranty liabilities" were limited to certain defined obligations set by specific terms and conditions that do not encompass the claim asserted by Plaintiff here.  New GM did not assume responsibility for Old GM's conduct or design choices.  New GM did not assume liability for purported damage claims.  New GM agreed only to provide warranty repairs on pre-transaction vehicles "subject to the terms and conditions" contained in the express warranties as written.  *See* Sale Approval Order, ¶56.

Plaintiff asserts a single substantive claim for "Breach of Express Warranty."  *See* Count I.  This claim supposedly is based on the written warranty that she and each member of the putative class received at the time of purchase. Complaint, ¶33.  Attached hereto as Exhibit C is a copy of the 2008 Chevrolet Warranty ("Warranty") that Plaintiff received.[3]  There are a number of important features to this Warranty.  *First*, it is limited in duration. *Id*., p. 2.  (the "Bumper-to-Bumper" coverage is for the first 3 years or 36,000 miles, whichever comes first).  *Second*, it covers defects in materials and workmanship, not design. *Id*., p. 4.  *Third*, an owner must present their vehicle to a New GM dealer in order to trigger New GM's warranty obligations. *Id*., p. 4 ("To obtain warranty repairs, take the vehicle to a Chevrolet dealer facility within the warranty period and request the needed repairs"); *see also id.*, p. 22 ("You are responsible for presenting your vehicle to a GM dealer selling your vehicle line as soon as a problem exists").  *Fourth*, New GM's obligations are limited to repair and replacement under the Warranty.  The document expressly disclaims claims for damages like those that Plaintiff seeks in this case. *Id*., p. 9 ("Performance of repairs and needed adjustments is the exclusive remedy under this written

---

[3] Plaintiff did not attach the Warranty to her Complaint, but she quotes from it and it's obviously integral to her claim so the Court properly may evaluate it on a Motion to Dismiss. *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

warranty or any implied warranty. GM shall not be liable for incidental or consequential damages, such as, but not limited to, lost wage or vehicle rental expenses, resulting from breach of this written warranty or any implied warranty").

Plaintiff contends that New GM breached the Warranty by failing to repair or replace the rear spindle rods in all the class vehicles. Complaint, ¶52. In other words, she claims New GM breached the Warranties by not unilaterally recalling all vehicles without regard to whether any given owner (i) experienced a defect that manifested and caused harm during the warranty period, (ii) presented their vehicle to a New GM dealer for repairs, and (iii) failed to receive satisfactory repairs. She also presents a count for Injunctive and Declaratory Relief, but it likewise is premised on this same flawed express warranty theory. *See* Complaint, Count II. Plaintiff seeks this relief on behalf of herself and "all persons in the United States who purchased or leased a model year 2007 and 2008 Chevrolet Impala." Complaint, ¶14.

## IV. ARGUMENT

Dismissal of the case is the only proper outcome. If the Court considers and accepts as true Plaintiff's Complaint in whole, then the Court must dismiss the case because Plaintiff's claim seeks to enlarge New GM's liabilities in violation of the Sale Approval Order and, more fundamentally, any dispute about this issue is within the Bankruptcy Court's exclusive jurisdiction. However, even if the Court strikes out the allegations premised on Old GM's conduct and the successor liability theory, and looks instead for any actionable connection between New GM and Plaintiff's allegations, then the Complaint fails to state a claim under the terms of the written Warranty.

Either way, the case should be dismissed under Rule 12(b). There are no circumstances under which Plaintiff may litigate the Complaint in this Court.

8

**A.** **The Court should dismiss the case because Plaintiff's attempt to enlarge New GM's liability is a direct violation of the Bankruptcy Court's Sale Approval Order and the Bankruptcy Court has exclusive jurisdiction to resolve the parties' dispute.**

New GM believes that it is impossible to reconcile Plaintiff's claim with the terms of the Sale Approval Order. Plaintiff apparently disagrees. But the real issue is that it is not permissible even to litigate that dispute in this Court without infringing on the Bankruptcy Court's exclusive jurisdiction. Therefore, as explained below, the Court should dismiss the case without prejudice.[4] Plaintiff may re-file it in the Bankruptcy Court if she wishes.

1.    Plaintiff's claim violates the terms of the Sale Approval Order.

The claims asserted in this case are simply not cognizable under the terms and conditions of the express warranties assumed by New GM, an issue plaintiff clearly recognized in treating New GM and Old GM interchangeably throughout the Complaint. And her desire to represent a class of all purchasers further highlights her attempt to enlarge New GM's liabilities beyond that which it assumed. *See* Complaint, ¶14. A vehicle owner cannot state a claim under the Warranty where an alleged defect did not manifest itself during the Warranty period and the owner did not present the vehicle for repairs to New GM. *See* Section IV(B), *supra*. Certifying

---

[4] Alternatively, this Court would be empowered to transfer this action to the Bankruptcy Court pursuant to 28 U.S.C. § 1412 (transfer of cases arising in or related to cases under title 11) because it is a "core proceeding" or at minimum, is one "related to" the bankruptcy. *See Mendoza v. General Motors, LLC*, 2010 WL 5224136 (C.D.Cal. Dec. 15, 2010) (transferring a lawsuit against New GM to the Bankruptcy Court). But dismissal without prejudice is the appropriate result here because New GM affirmatively seeks dismissal in this Motion and the Court should respond to the particular request before it. *See e.g., Langley v. Prudential Mortgage Capital Co., LLC*, 546 F.3d 365 (6th Cir. 2008) (remanding so that the trial court could consider transfer or dismissal, depending on which motion the defendant chose to file). Dismissal is the proper result in any event. Plaintiff had notice of the Sale Approval Order, which clearly bars the claim and relief she seeks but nevertheless sought to evade Bankruptcy Court jurisdiction. It should be Plaintiff, not this Court, that makes the decision to put this matter on the Bankruptcy Court's docket.

9

a class of "all purchasers" necessarily would mean including class members who never experienced the "tire wear" issue that Plaintiff identifies and/or who never presented their vehicles *to New GM* for repairs during their Warranty period.[5]

Consequently, Plaintiff's pleading and request for class certification amounts to a direct challenge to the Bankruptcy Court's Sale Approval Order and related opinions under § 363 of the Bankruptcy Code. New GM is responsible only to continue providing warranty repairs on pre-transaction vehicles "subject to the terms and conditions" contained in the Warranty. *See* Sale Approval Order, ¶56. Holding New GM responsible for Old GM's "liabilities" as pled in the Complaint is directly at odds with the Sale Approval Order, which provides that New GM acquired Old GM's assets "free and clear," (¶7), and that except for the limited Assumed

---

[5] This case could never be certified as a class action for many other reasons under Rule 23 in any event. Though styled as an "all purchasers class," which suggests an objective means to define the class, in reality the case concerns whether and to what extent an alleged design flaw has manifested itself such that owners experience premature tire wear and tear during the warranty period. This presents a fundamental **ascertainability** problem. *See In re General Motors Corp.*, *"Piston Slap" Products Liability Litig.*, No. MDL 04-1600, 2006 WL 1049259, *2 (W.D. Okla. Apr. 19, 2006) (plaintiffs sought to certify a class of owners of GM vehicles with engines experiencing a certain defect known as a "piston slap." The district court denied certification in part because identifying the persons who owned cars with the defect would be difficult (if not impossible) because not all engines had the defect). Additionally, she cannot show **typicality** because her claim is different from others she seeks to represent due to lack of manifestation of harm. Courts routinely decline to certify "all purchaser" class actions that include uninjured members. The Florida Court of Appeals decision in *Butler v. Kia Motors America*, 985 So.2d 1133 (Fla. Dist. Ct. App. 2008) reached that exact conclusion in an unsuccessful brake class action brought against various manufacturers. *See also*, *Oshana v. Coca-Cola, Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (affirming denial of certification where class membership required only the mere purchase of the product "could include millions who were not deceived under [the Illinois consumer fraud statute]."); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012 (7th Cir. 2002); *Exhaust Unltd., Inc. v. Cintas Corp.*, 223 F.R.D. 506, 513-14 (S.D. Ill. 2004) (declining to certify a class where an individualized inquiry would be necessary to determine whether any class member has injured). And Plaintiff cannot prove that common issues **predominate** over individual issues. Fed. R. Civ. P. 23(b)(3). The list of individual issues and questions is long: Who experienced tire wear and tear? What was the cause? What is the spindle rod or the laundry list of non-covered causation factors set forth in the warranty? Who presented their vehicle for repairs? Who received repairs? Who did not?

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • 400 RENAISSANCE CENTER • DETROIT, MICHIGAN 48243

Liabilities, New GM shall not have liabilities "for any claim that arose prior the Closing Date, relates to the production of vehicles prior to the Closing Date, or otherwise is assertable against [Old GM] . . . prior to the Closing Date." Sale Approval Order, ¶47, Ex. A.

This Court addressed a similar effort to expand New GM's warranty liabilities in the *OnStar* litigation. *See In Re: OnStar Contract Litig.*, Case No. 2:07-MDL-01867, 1/25/11, Opinion & Order Granting in Part and Denying In Part Plaintiffs' Motion For Leave To File A Third Amended Complaint, p. 3, Ex. B. There, plaintiffs sought leave to add New GM to the lawsuit under an express warranty theory. Plaintiffs asserted in their proposed amended complaint that New GM was liable to plaintiff *due to* Old GM's breaches of the warranties. *Id.*, p. 3. The Court denied the Motion in part because the "express warranty claims that Plaintiffs seek to assert against New GM appear to be barred by the plain language of the Bankruptcy Court's Sale Approval Order," and expressly rejected plaintiffs' effort to hold New GM liable for Old GM's alleged breaches of the warranties. *Id.*, at p. 6.

As in *In re Onstar Litigation*, Plaintiff here is trying to saddle New GM with the alleged liability and conduct of Old GM. There is no other plausible way to read the Complaint.

> 2.  <u>Dismissal of this case is appropriate given the Bankruptcy Court's exclusive jurisdiction to resolve any questions regarding the scope of the New GM's assumed liabilities.</u>

Just as it is obvious that a dispute exists concerning the scope of New GM's liabilities under the Sale Approval Order, it is equally clear that this Court may not resolve it. The Sale Approval Order explicitly states the Bankruptcy Court has "exclusive jurisdiction to enforce and implement the terms and provision of [the] Order" ***including to "protect [New GM] against any of the [liabilities that it did not expressly assume under the ARMSPA*]."** *See* Sale Approval Order at ¶71. Only the Bankruptcy Court is empowered to consider Plaintiff's argument that New GM assumed Old GM's warranty "liabilities." *Id*; *Travelers Indemnity Co. v. Bailey*, 129

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

S.Ct. 2195, 2205 (March 20, 2009) (A bankruptcy court retains continuing jurisdiction to interpret and enforce its own orders).

This Court need not, and in fact should not, resolve the merits of the parties' respective positions. When there is any question about whether a bankruptcy court has exclusive jurisdiction over a matter that concerns a bankruptcy order or the automatic stay, imposed by the Bankruptcy Code, courts hold that a motion should be made in the bankruptcy court in the first instance to resolve the jurisdictional issue. *Cf. In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1104 (2d Cir. 1990) (even though creditor had a good faith belief that the stay did not apply, it still should have "sought the advice of the bankruptcy court as to the applicability of the automatic stay . . ."); *In re Nakash*, 190 B.R. 763, 769 (Bankr. S.D.N.Y. 1996) ("If the Receiver had doubts about the applicability of the stay he should have sought this court's opinion prior to taking unilateral action.") *In re Equivest St. Thomas, Inc.*, No. 07-30011 (JFK), 2008 WL 3108941 (D. V.I. August 4, 2008) ("Although not explicitly stated in any statute, the weight of authority suggests that motions for relief from an automatic stay should be filed in the bankruptcy court in the first instances."). The jurisdictional question here is analogous to seeking relief from the automatic stay, as the bankruptcy court arguably has the exclusive jurisdiction to grant relief from the automatic stay.[6]

---

[6] Having the Bankruptcy Court decide the jurisdictional issue in the first instance also promotes judicial economy because actions taken by courts without jurisdiction over the dispute will be invalid and void, and the Bankruptcy Court is required to protect its exclusive jurisdiction. *See In re McGhan*, 288 F.3d 1172 (9th Cir. 2002) ("A bankruptcy court may not decline to invoke this power in the face of a clearly invalid state court action infringing upon the bankruptcy court's exclusive jurisdiction. The bankruptcy court was required to reopen the proceeding to protect its exclusive jurisdiction over the enforcement of its own orders."); *see also In re Eidison*, 6 B.R. 613, 615 (Bankr. N.D. Ga. 1980) ("Since the property which was the subject matter of the garnishment action was in the exclusive jurisdiction of the Bankruptcy Court, the State Court judgment was void.").

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

The Court should dismiss the case without prejudice to Plaintiff's right to re-file in the Bankruptcy Court. If she desires, she can then seek a ruling as to the scope of the Sale Approval Order. *See In Re: OnStar Contract Litig.*, Case No. 2:07-MDL-01867, p. 7, Ex. B ("the Bankruptcy Court has jurisdiction to resolve any disputes as to the liabilities that were assumed by New GM" and holding that "to the extent that Plaintiffs wish to pursue warranty claims against New GM, the forum in which to seek to do so is the bankruptcy court"). The Court's authority to dismiss this case is implicit given the Bankruptcy Court's exclusive jurisdiction, is consistent with the result in *In re Onstar Litigation*, and is supported by the rule that dismissal of a lawsuit is appropriate where a forum selection clause dictates that litigation shall proceed in a different federal court. *See Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369 (6th Cir. 1999). In *Security Watch*, the Sixth Circuit affirmed the district court's decision to grant a motion to dismiss under Rule 12(b) due to a forum selection clause in the contract at issue in the case. *See also, Langley v. Prudential Mortgage Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008) (citing *Security Watch* as support for proposition that a trial court may dismiss an action under Rule 12(b) due to a forum selection clause and remanding to the trial court to permit defendants to move to enforce a forum selection clause either through a motion to dismiss under Rule 12(b)(6) or a motion to transfer under 28 U.S.C. § 1404(a)). The Court should dismiss this case pursuant to Rule 12(b), leaving Plaintiff to re-file in the appropriate forum if she so desires.

It has been more than two years since the entry of the Sale Approval Order. There have been numerous instances already where the Bankruptcy Court has had to address the scope of its Sale Approval Order. Other courts have deferred to the Bankruptcy Court and the exclusive jurisdiction preserved in the Sale Approval Order to allow the Bankruptcy Court to interpret its own orders. This Court should do the same in this case.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**B. Additionally, Plaintiff has failed to state a claim against New GM under the terms of the express written Warranty.**

Because there were 2007 and 2008 Impalas with unexpired express Warranties as of the date of the Sale Approval Order, it would be theoretically possible for a claim to exist against New GM arising from those Warranties, assuming a claimant does not seek relief outside the scope of the Warranty, including the "damages" and injunctive relief requested by Plaintiff in her Complaint. (Complaint, ¶¶ 51-58).

But in this case, even if the Court disregards Plaintiff's allegations in violation of the Sale Approval Order, this case would still be subject to dismissal because Plaintiff has not alleged New GM breached the Warranty. *See In Re: OnStar Contract Litigation*, Opinion & Order January 25, 2011, pp. 6-7 (holding that plaintiff may not assert express warranty claim against new GM premised on Old GM's alleged breach of the same warranty). In other words, the Court need not necessarily reach the issues implicating the Sale Approval Order and the Bankruptcy Court's exclusive jurisdiction in order to dismiss the case.

On this point the Court's analysis should begin and end with (i) the allegations in the Complaint specific to New GM and (ii) the terms of the Warranty. It is settled law that a party's liability for breach of an express warranty derives from, and is measured by, the terms of the warranty itself. *See Cipollone v. Liggett Group, Inc*., 505 U.S. 504, 525-26 (1992); *see Moeller v. Danek Medical, Inc*., 1997 WL 1039333, *4 (W.D. Pa. 1997)[7] ("An action based upon breach

---

[7] We presume without admitting at this stage that Pennsylvania law would govern Plaintiff's claim. "Because this action was brought in federal court in Michigan, Michigan's choice of law rules apply." *Mill's Pride, Inc. v. Continental Insurance Co.*, 300 F.3d 701, 704 (6th Cir. 2002). Traditionally, in Michigan, a breach of warranty claim sounds in "contract." *See Curry v. Meijer, Inc*., 286 Mich. App. 586, 595, 780 N.W.2d 603 (2009). For a contract dispute, "Michigan choice of law rules . . . require a court to balance the expectations of the parties to a contract with the interests of the states involved to determine which state's law to apply." *Equitable Life Assurance Soc. of the U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998). The balancing approach is consistent with the Second Restatement approach adopted by the Michigan

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·400 RENAISSANCE CENTER·DETROIT, MICHIGAN 48243

of an express warranty is premised 'solely upon the express affirmation of fact made by the manufacturer' to the intended recipient of the product."), *quoting Rosci v. Acromed, Inc*., 447 Pa.Super. 403, 669 A.2d 959, 969 (1995); *see Woolums v. National RV*, 530 F. Supp. 2d 691, 698-99 (M.D. Pa. 2008) (plaintiff may maintain a breach of warranty claim only to the extent that the warranty imposed an obligation upon defendant).  Obviously, given that New GM agreed only to continue providing warranty repairs on pre-transaction vehicles "subject to the terms and conditions" contained in the warranties issues by Old GM (Sale Approval Order, ¶56), this basic point of law is even more salient here.

The Warranty is a typical limited "repair and replacement" warranty.  To establish a breach, Plaintiff must at a minimum allege and prove that her vehicle had a defect that was covered (*see* Warranty, p. 2, Ex. C), that she presented it to New GM for repairs (*id*, p. 4), that New GM did not repair the covered defect as required by the Warranty, and that she seeks relief permitted by the Warranty.  *See id*, p. 9 (excluding claims for damages and confirming that "[p]erformance of repairs and needed adjustments is the exclusive remedy"); *see also*, *Bailey v. Monaco Coach Corp*., 350 F. Supp. 2d 1036, 1043 (N.D. Ga. 2004) (in an express warranty case, a plaintiff must prove that (a) a covered defect existed, (b) notice of the defect was given within a reasonable time after the defect was or should have been discovered; and (c) the warrantor was unable to repair the defect after a reasonable time or a reasonable number of attempts).

---

Supreme Court in *Chrysler Corp. v. Skyline Industrial Servs., Inc*., 448 Mich. 113, 528 N.W.2d 698 (1995).  Pursuant to Section 188 of the Second Restatement, the local law of the state with the most significant relationship applies, which takes into account the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile of the parties, as well as general policy considerations.  *See, e.g. Mill's Pride*, 300 F.3d at 705-706.  Here, Plaintiff purchased the car in Pennsylvania, serviced the car in Pennsylvania, and the car and the Plaintiff are located in Pennsylvania.  Further, there is no compelling interest or policy to apply Michigan law.  Based on these facts, there is a reasonable expectation that Pennsylvania law would apply.

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Plaintiff alleges none of these elements in her Complaint.  *First*, she does not allege the existence of a covered "defect."  The Warranty only covers defects in "materials and workmanship," (*see* Warranty, p. 4), whereas the theory of this case is that the vehicle contains a *design* flaw in the rear wheel spindles that in turn leads to premature tire wear and tear. *Lombard Corp. v. Quality Aluminum Products Co.* 261 F.2d 336, 338 (6th Cir. 1958) (holding that a design defect was not covered under an express warranty for defects in materials and workmanship).  She is not claiming that her rear wheel spindle broke or was assembled improperly.  She contends instead that Old GM made a poor design choice that is tantamount to a latent defect.  Defects in design are not covered by the Warranty, and once again, for all the reasons noted in Section IV(A) above, the Court may not consider any claim against New GM premised on the design choices of Old GM.

*Second*, even if the "defect" were covered, its mere existence is not a breach of the Warranty.  *See Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1044 (N.D. Ga. 2004) ("a [w]arranty itself is not breached simply because a defect occurs").  Rather, Plaintiff must allege that she gave notice and presented her vehicle to a New GM dealer for repairs.  Warranty, 4, Ex. C. She contends that (i) she bought her vehicle in February 2008 [obviously from Old GM], Complaint, ¶30; (ii) "[w]ithin the first year," her tires were worn and she took the vehicle for service to her dealer [to an Old GM dealer], ¶¶30, 31; and (iii) on November 30, 2010, she "brought her car in for its annual inspection" and was informed that the tires were worn and so she paid $289.77 for a set of new tires.  Complaint, ¶32.  But she never alleges that she brought her vehicle to a New GM dealer at any time, including for the November 2010 "inspection."  This is a fatal flaw with her claim.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

16

***Third***, given that she did not present the vehicle to New GM, by definition she cannot establish that New GM failed to fix her vehicle or that she purchased the new set of tires in November 2010 as a result of any conduct by New GM.  *See Woolums v. National RV*, 530 F. Supp. 2d 691, 700 (M.D. Pa. 2008) ("Because these repairs were either successful or never presented to National, they cannot provide grounds for a breach of warranty claim").

***Finally***, she seeks relief that she may not get under the Warranty.  She requests compensatory damages, attorneys' fees, exemplary damages, injunctive and declaratory relief. *See* Complaint, ¶57 and prayer for relief on page 20.  None of this is recoverable by her, let alone by any putative class members;  New GM only agreed to adhere to the terms of the Warranty, which expressly disclaims such relief:

> Performance of repairs and needed adjustments is the exclusive remedy under this written warranty or any implied warranty.  GM shall not be liable for incidental or consequential damages, such as, but not limited to, lost wage or vehicle rental expenses, resulting from breach of this written warranty or any implied warranty.

*See* 2008 Chevrolet Limited Warranty, p. 9, Ex. C.[8]  Plaintiff cannot reconcile her prayer for relief with the actual terms of the Warranty that forms the basis for the request in the first place.

In sum, even conducting a filtered analysis of the Complaint reveals a complete disconnect between (i) Plaintiff and what she wants; and (ii) New GM and its responsibilities assumed pursuant to the Sale Approval Order.  The allegations in the Complaint fail to state a

---

[8] Plaintiff could never obtain declaratory "relief" in the form of a court-ordered recall in any event.  Her request that New GM replace the spindle rods on every 2007 and 2008 vehicle, couched as a "safety" concern (Complaint, ¶55), is pre-empted by the National Traffic and Motor Vehicle Safety Act ("Act").  The Act gives NHTSA exclusive jurisdiction to order safety notifications and recall campaigns. *See In re Bridgeston/Firestone, Inc. Tires Prods. Liab. Litig.*, 153 F.Supp.2d 935, 945 (S.D. Ind. 2001).  Moreover, there is nothing in the Warranty that supports a claim for such relief.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

plausible theory of relief and the Court should therefore dismiss the Complaint on these grounds as well.

## V. <u>CONCLUSION</u>

Plaintiff's Complaint presents the Court with two options. The Court may either dismiss the Complaint without prejudice on the grounds that Plaintiff's successor liability theory implicates the scope of New GM's liabilities and the Bankruptcy Court has exclusive jurisdiction to resolve that issue, or the Court may evaluate only those allegations that relate to New GM and dismiss the case on the merits given Plaintiff's obvious failure to state a claim.

DYKEMA GOSSETT PLLC


By: s/ Benjamin W. Jeffers
    Benjamin W. Jeffers (P57161)
    Michael P. Cooney (P39405)
    Attorneys for Defendant
    Dykema Gossett PLLC
    400 Renaissance Center
    Detroit, MI 48243
    (313) 568-5340
    bjeffers@dykema.com
    mcooney@dykema.com

Dated: August 11, 2011

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2011, I electronically filed the foregoing paper with

the Clerk of the Court using the ECF system, which will send notification of such filing to the

attorneys of record in this matter.

DYKEMA GOSSETT PLLC


By: /s/ Benjamin W. Jeffers
    Benjamin W. Jeffers (P57161)
    Michael P. Cooney (P39405)
    Attorneys for Defendant
    Dykema Gossett PLLC
    400 Renaissance Center
    Detroit, MI 48243
    (313) 568-5340
    bjeffers@dykema.com
Dated:  August 11, 2011    mcooney@dykema.com

DET01\946631.1
ID\BWJ - 106069/0301

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

19