## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| _____ | ) | |
| DONNA M. TRUSKY, ASHA | ) | |
| JEFFRIES, GAYNELL COLE | ) | Case No. 2:11-cv-12815 |
| on behalf of themselves | ) | |
| and all others similarly situated, | ) | HON. SEAN F. COX |
| | ) | |
| Plaintiffs, | ) | |
| vs | ) | JURY TRIAL DEMANDED |
| | ) | |
| GENERAL MOTORS COMPANY | ) | |
| 300 Renaissance Center | ) | CLASS ACTION |
| Detroit, MI 48243 | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### AMENDED CLASS ACTION COMPLAINT

> **You are hereby notified to preserve all records and documents in all forms and formats (digital, electronic, film, magnetic, optical, print, etc.) during the pendency of this action that are relevant or may lead to relevant information and to notify your employees, agents and contractors that they are required to take appropriate action to do so.**

Plaintiffs, by and through counsel, bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf all others similarly situated, and alleges the following:

### INTRODUCTION

1.    This is a breach of warranty  action against General Motors Company, also known as "New GM," with respect to model year 2007 and 2008 Impalas. These vehicles were primarily manufactured by General Motors Corporation, also known as "Old GM". In July 2009, New GM acquired substantially all of the assets and assumed

1

some of the liabilities of Old GM when the later filed for bankruptcy relief in 2009. New GM assumed the express warranty liabilities of Old GM "pursuant to and subject to conditions and limitations contained in their express written warranties," including those which Plaintiffs and the class now seek to enforce. New GM is the Defendant in this action. Old GM is not a party to this action.

2. The model year 2007 and 2008 Impalas were sold with common defective rear spindle rods. These rear spindle rods were defective in workmanship and material and failed at the time of sale. This defect caused the rear spindle rods to fail and to directly damage other related components of the vehicle including the rear wheel alignment and premature tire wear, which manifests on the inner sections of the rear tires. Even though recall bulletins were issued for model year 2007 and 2008 Impalas operated as police vehicles, New GM has failed to honor its warranties with Plaintiffs and the putative class, by failing to correct this manufacturing defect in their vehicles. There are no relevant material differences between police vehicles and class members' vehicles relating to the defective spindle rods.

3. The fact that New GM moved to fix certain Impalas shows that it knew of the defect. Despite this, New GM refused to honor the warranties on hundreds of thousands of defective and potentially unsafe vehicles.

4. This class action seeks damages, injunctive and declaratory relief on behalf of a class of all persons who purchased model years 2007 and 2008 Chevrolet Impalas. Plaintiffs reasonably believe that the defendant New GM is the sole source and supply of non-defective replacement rear spindle rods, making injunctive and declaratory relief appropriate.

5. Through a common uniform course of conduct, New GM's predecessor manufactured, supplied, promoted, and sold model year 2007 and 2008 Chevrolet Impalas with rear spindle rods that were defective in workmanship and materials.

6. Through a common and uniform course of conduct, New GM acting individually and collectively through its agents and dealers:

    i.  failed to repair or replace the defective rear spindle rods under its express warranties, causing the 2007 and 2008 Chevrolet Impalas to incur premature and/or abnormal tire wear;

    ii.  failed to honor its warranties with Plaintiffs and the putative class, by failing to correct the manufacturing defect in their vehicles.

## JURISDICTION

7. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, as the claims alleged herein are asserted on behalf of a class of all persons in the United States who purchased model year 2007 and 2008 Chevrolet Impalas. The Class' aggregate claims are in excess of $5 million. Further, defendant New GM and the Class are of diverse citizenship under the Class Action Fairness Act.

8. Venue is proper in this district because Defendant New GM is headquartered in the District and many of New GM's actions or decisions relating to the defective Impalas took place in this District.

## THE PARTIES

9. Plaintiff Donna M. Trusky is a retail consumer residing at 101 7th Street, Blakely, Pennsylvania, 18447. Plaintiff Trusky is a citizen of the Commonwealth of Pennsylvania.

10. In February 2008, Plaintiff Trusky purchased a new 2008 model year Chevrolet Impala from Allan Hornbeck Chevrolet, an authorized dealer, located at 400 Main Street, Forest City, Pennsylvania, 18421.

11. The Goodyear tires were separately warranted by Goodyear to be free of defects in materials, workmanship and design.

12. Plaintiff Asha Jeffries is a retail consumer residing at 13927 Chandler Park Dr., Detroit, Michigan 48213. Plaintiff Jeffries is a citizen of the State of Michigan.

13. In June of 2009, Plaintiff Jeffries purchased a used 2007 Chevrolet Impala from Merolis Chevrolet, an authorized dealer, in East Pointe, Michigan.

14. Plaintiff Gaynell Cole is a retail consumer residing at Rt. 1, Box 571, Peterstown, West Virginia, 24963. Plaintiff Cole is a citizen of the State of West Virginia.

15. In 2008, Plaintiff Cole purchased a new 2008 Chevrolet Impala from Ramey Motors, an authorized dealer, in Princeton, West Virginia.

16. Defendant New GM is a Delaware corporation headquartered in this District and with its principal executive offices located at 300 Renaissance Center, Detroit, Michigan, 48243. New GM designs, tests, manufactures, distributes, sells or leases cars, trucks and sports utility trucks under several brand names, including but not limited to GMC, Chevrolet, Buick, Cadillac and Pontiac throughout the United States. Defendant New GM is a citizen of the State of Delaware and the State of Michigan.

17. New GM conducts business throughout Michigan and the United States.

## CLASS ALLEGATIONS

18. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all others similarly situated, comprising a class consisting of "all persons in the United States who purchased or leased a model year 2007 or 2008 Chevrolet Impala (the "Class").

19. Plaintiffs are members of the Class.

20. Excluded from the Class are judicial personnel involved in considering the claims herein, all persons and entities with claims for personal injury, the defendant New GM, any entities in which the defendant has a controlling interest, and all of their legal representatives, heirs and successors.

21. The members of the Class are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.  The exact number of Class members is presently unknown to Plaintiffs, but can easily be ascertained from the sales and warranty claim records of Defendant New GM.  Approximately 197,000 model year 2007 Impalas and approximately 226,000 model year 2008 Impalas were sold and subject to defendant New GM's express warranty obligation.

22. These are numerous questions of law or fact common to the members of the Class, which predominate over any questions affecting only individual members and which make class certification appropriate in this case, including:

   a.      Whether all Class members' 2007 and 2008 Impalas had rear spindle rods that are defective in workmanship and material?

b.      Whether all Class members' 2007 and 2008 Impalas suffered damage from a defective spindle rod?

c.      Whether the defect and failure manifested during the warranties' durational terms?

d.      Whether Defendant New GM improperly concealed the defect from class members?

e.      Whether Defendant New GM failed to repair or replace the defective rear spindle rods during the warranty period for all Class members?

f.      Whether Defendant New GM breached its warranties with Plaintiffs and members of the putative class, by failing to correct the defective rear spindle rods?

23. The claims asserted by the named Plaintiffs are typical of the claims of the members of the Class.

24. This class action satisfies the criteria set forth in Fed. R. Civ. P. 23(a) and 23(b)(3) in that Plaintiffs are members of the Class; Plaintiffs will fairly and adequately protect the interests of the members of the Class; Plaintiffs' interests are coincident with and not antagonistic to those of the Class; Plaintiffs have retained attorneys experienced in class and complex litigation; and Plaintiffs have, through counsel, access to adequate financial recourses to assure that the interests of the Class are adequately protected.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for, among other reasons, it is economically

impractical for most members of the Class to prosecute separate, individual actions; and

26. Litigation of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to the individual Class members which would substantially impair or impede the ability of other Class members to protect their interests.

27. Class certification is also appropriate because Defendant New GM has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory and/or injunctive relief with respect to the claims of Plaintiffs and the Class members.

## FACTUAL BACKGROUND

28. Plaintiffs incorporate by reference all preceding paragraphs.

29. Defendant New GM, or its predecessor in interest, sold model year 2007 and 2008 Chevrolet Impalas throughout the United States which were delivered with defective rear spindle rods. These spindle rods were defective in workmanship and material and failed during the warranty period causing direct damage to the rear wheel alignment, and premature tire wear including lower tread depth on the inboard side of the rear tires.

30. In June and July 2008, Old GM issued Program Bulletins to its dealers numbered 08032 and 08032A pursuant to its customer satisfaction program. A copy of the latter bulletin is attached as Exhibit "1" hereto.

31. The subject line of bulletin 08032A reads "Uneven Police Car Rear Tire Wear – Replace Rear Spindle Rods" which covers model year 2007 and 2008 Chevrolet

Impalas equipped with the Police Package. Under the heading "Condition" the bulletin reads, "On certain 2007-2008 model year Chevrolet Impala vehicles equipped with a police package (RPG9C1/9C3), the rear wheel spindle rods cause rear wheel misalignment, resulting in lower tread depth on the inboard side of the rear tire".

32. To remedy the defect in the cars subject to the bulletin 08032A, "Dealers are to replace the rear wheel spindle rods, align the rear wheels, and if necessary, replace the rear tires (only) that exhibit lower tread depth on the inboard side. If the tires have already been replaced to this condition, the customer may request reimbursement for the replacement tires until July 31, 2009".

33. The bulletin only applied to police vehicles. However, the issues affecting the cars subject to bulletin 08032A are the same as those affecting members of the Class. The defective rear spindle rods on the cars subject to bulletin 08032A are the same as those in cars purchased by members of the Class.

34. In February, 2008, Plaintiff Trusky purchased a new Chevrolet Impala equipped with Goodyear tires as part of the original equipment on the car. Within the first 6,000 miles driven and within the first year of, the tires were unserviceable, as the tread had worn so quickly that they had become questionable to use any further.

35. Plaintiff Trusky informed Defendant New GM's and/or its predecessor's dealer of the defect in manufacturing and workmanship when she raised the issue of premature tread wear on the tires with Allen Hornbeck Chevrolet, the dealer from whom Plaintiff had purchased the new car. Allen Hornbeck Chevrolet referred Plaintiff Trusky to Kost Tire, which replaced the rear tires and provided a front-

end realignment.  Allen Hornbeck paid for the replacement tires and realignment, but made no mention of any defect in the rear spindle rods, which caused the premature tire wear, nor was any work done to remedy the car free from future defects.

36. On November 30, 2010 Plaintiff Trusky brought her car in for its annual inspection and was informed that the replacement rear tires were worn and would not pass inspection.  Plaintiff Trusky paid $289.77 for a set of rear replacement tires.  At the time of inspection, the car had 24,240 miles on it and was within the original durational and mileage limitations of the warranty.

37. In June of 2009, Plaintiff Jeffries purchased a used model year 2007 Chevrolet Impala, which was within the durational and mileage limitations of the original warranty.  Shortly thereafter, Plaintiff Jeffries brought her vehicle back to the dealership for repairs.  She was advised by the dealership that the rotors of the vehicle needed repair.  She was not advised that there was a defect in the rear spindle rod which would lead to premature tire wear.

38. By January of 2010, the vehicle's two rear tires had worn bare – the wear was primarily within the inner section of the tires.  Plaintiff Jeffries replaced the two rear tires in January of 2010.

39. Also in January of 2010, Plaintiff Jeffries brought the vehicle to a Chevrolet dealership – Allstar Chevrolet – in Olive Branch, Mississippi for additional repair.  The vehicle was within the original durational and mileage limitations of the warranty.  The dealership advised Plaintiff Jeffries that the car needed an alignment.   The dealership advised her that they had received numerous

complaints from other owners of 2007 and 2008 Impalas regarding premature tire
wear on their vehicles.  The dealership advised that the alignment would only be a
temporary fix for the problem and that it would not be covered under the vehicle's
warranty.  Plaintiff Jeffries paid the dealership to perform the alignment.

40. In 2008, Plaintiff Cole purchased a new 2008 Chevrolet Impala from Ramey
Motors, an authorized dealer, in Princeton, West Virginia.

41. By July of 2011, the treads on Ms. Cole's rear tires had worn bare.  Ms. Cole
presented her vehicle to Ramey Motors for repair.  The vehicle was within the
original durational and mileage limitations of the warranty.  The dealership
advised that the repair would not be covered by Ms. Cole's warranty.  Ms. Cole
spent $486.94 to have her vehicle aligned, for a new rear tire, and for a "camber
kit."

42. Defendant New GM, or its predecessor, delivered to Plaintiffs – as it also did for
every member of the Class – a written warranty containing affirmations of fact as
to the absence of defects in materials and workmanship, including design, and the
durability and longevity of the rear spindle rods.  Further, Defendant New GM, or
its predecessor, delivered to Plaintiffs – as it also did for every member of the
Class – a written warranty in which it promised to repair or replace warranted parts
that were defective in workmanship and materials, including the rear spindle rods,
during the warranty period.

43. In particular, the written affirmations and warranties stated as follows:

## Bumper-to-Bumper (Includes Tires)

- Coverage is for the first 3 years or 36,000 miles, whichever comes first.

## Powertrain

- Coverage is for 5 years or 100,000 miles, whichever comes first.

## Powertrain Coverage

The powertrain is covered for 5 years or 100,000 miles, whichever comes first, except for other coverages listed here under "What is Covered" and those items listed under "What is Not Covered" later in this section.

**Engine:** Cylinder head, block, timing gears, timing chain, timing cover, oil pump/oil pump housing, OHC carriers, valve covers, oil pan, seals, gaskets, turbocharger, supercharger and all internal lubricated parts as well as manifolds, flywheel, water pump, harmonic balancer and engine mount. Timing belts are covered until the first scheduled maintenance interval.

**Transmission/Transaxle/Transfer Case:** Case, all internal lubricated parts, torque converter, transfer case, transmission/transaxle mounts, seals, and gaskets.

**Drive Systems:** Final drive housing, all internal lubricated parts, axle shafts and bearings, constant velocity joints, axle housing, propeller shafts, universal joints, wheel bearings, locking hubs, front differential actuator, supports, front and rear hub bearings, seals and gaskets.

## Tire Coverage

The tires supplied with your vehicle are covered against defects in material or workmanship under the Bumper-to-Bumper coverage. Any tire replaced will continue to be warranted for the remaining portion of the Bumper-to-Bumper coverage period.

Following expiration of the Bumper-to-Bumper coverage, tires may continue to be covered under the tire manufacturer's warranty. Review the tire manufacturer's warranty booklet or consult the tire manufacturer distributor for specific details.

44. Defendant New GM, or its predecessor, extended these warranties to all Class members.

45. At the time of sale, Defendant New GM or its predecessor sold to Plaintiffs, as with all Class members, an Impala with defective rear spindle rods which failed during the warranty period.

46. Plaintiffs reasonably believe and aver that Defendant New GM, based on the aforesaid recalls, had actual knowledge during their warranty periods that all Class members' vehicles had defective and failed rear spindle rods and that such defective and failed parts would cause failure and/or abnormal and/or premature wear of other parts and systems including wheel alignment and tires.

47. Plaintiffs believe and therefore aver that thousands of other persons who purchased 2007 and 2008 model year Chevrolets also informed Defendant, through its dealership network, of this defect in workmanship and material in their vehicles in the same or similar manner.

48. Defendant New GM failed to comply with the foregoing warranties with respect to the Plaintiffs and all Class members.  Among other things, Defendant New GM failed to repair or replace the rear spindle rods during the warranty period; and failed to make such other repairs during the warranty period so that premature tire wear and misalignment will not occur.

49. From the time of purchase of these vehicles by Class members to the present, the defective spindle rods have and will continue to cause rear wheel misalignment and premature and abnormal tire wear.

50. Defendant New GM's refusal to comply with its warranty caused a failure of the essential purpose of the warranty, as that term is used in the Uniform Commercial Code, because Defendant New GM has failed to replace the defective spindle rods with non-defective spindle rods.

51. Defendant New GM, or its predecessor, failed to disclose at the time they marketed, warranted, sold or delivered the 2007 and 2008 model year Chevrolet Impalas to consumers that their vehicles' spindle rods were defective, and that this caused the wheels to be misaligned and suffer premature tire wear, often requiring replacement tires within the first 10,000 miles of use. Despite having knowledge of this premature wear problem, Defendant New GM has not recalled the subject cars which has required affected Class members to pay the cost of fixing the defective spindle rods as well as for replacement tires and realignment. In fact, numerous Class members have replaced their tires numerous times.

52. Defendant New GM concealed the existence of the defect from class members, even those who presented their vehicles for repair of the defect.

53. As evidence by numerous postings on various internet sites, Class members have experienced similar problems with their vehicles.

   a.    *January 25, 2010, 2007 Chevrolet Impala*: I am new to this forum but after reading ALOT of the posts here I feel that I am not alone here. The wife and I got a settlement and bought a 2007 Impala, from Keystone Chevrolet here in Tulsa, so that we wouldn't have to worry about having problems with the car. But after having the car for about 1 1/2 years we have replaced the rear tires at least 2 or 3 times, all because of the same problem. The inside 2 or 3 treads keep wearing out down to the cords. Keystone Chevrolet called us on the phone and told us it was time to bring the car in for regular service work, so I thought it would be a good time to have the problem resolved. I asked for the Supervisor of the Service Department to make sure there wouldnt be a problem with having the rear end aligned, since I found out there was a Technical Service Bulletin on

the alignment needing to be done on this car when it comes right from the factory. But I was told that you can buy a brand new 2010 Chevy right now and after 12,000 miles there is nothing they can do with out having us pay for the work and/parts. Even if you get the car brand new and there is still the bumper to bumper warrenty on the car. I told the Supervisor there was a Technical Service Bulletin out on this car and I even gave him the TSB on this car and I was told that they cant do anything unless there was a REACLL on these cars. I really liked what I read on another forum that said it seems like Chevrolet isn't going to do anything for the common people like most of us here, but they would fix the cars with the Police Package on them for free. The person also went on to state that it was more of the common people like most of us on here that make up the sales of the Impalas and that a defect is a defect.
*http://townhall-talk.edmunds.com/direct/view/.f17777c/71*

b.    *March 10, 2010, 2008 Chevrolet Impala, 25,000 miles*: Had to replace 4 tires at 25,000 miles due to excessive inside wear. The dealer said not a GM problem. Had to replace, balance, and align. Never had that occur before on any new vehicle I purchased - at least not with the Ford's I owned.*http://www.carcomplaints.com/Chevrolet/Impala/2008/wheels_hubs/premature_tire_wear.shtml*

c.    *September 30, 2009, 2008 Chevrolet Impala LT 3.5L V6, 20,000 miles*: GM never fixes a problem, they just ignore the situation and hope you go away!! I have bought new cars my entire life and never had tires wear out this fast. GM knows how to fix the problem, but they just let it go on to the next model year. More money in the CEO's pocket, so the tax payors can bail them out!!!!  The tires wear on the inside and outside edges. The middle still has plenty of tread, but unsafe.
*http://www.carcomplaints.com/Chevrolet/Impala/2008/wheels_hubs/premature_tire_wear.shtml*

d.    *January 15, 2010, 2008 Chevrolet Impala LT V6, 17,000 miles*: This problem first started right after I bought the car. I have had the car in the shop a lot of times, they had me replace the tires, then to only have the problem come back again as soon as I rotated them. What a waste of good tread!! It doesn't shake the car & you can't feel it, but the thumping noise is bad when the tires are rotated to the front. No one can seem to find the problem or what is causing the noise. It is driving me crazy!! I just want a car that works. What is the problem here!! What happened to the dependable car. This is anything but!!
*http://www.carcomplaints.com/Chevrolet/Impala/2008/wheels_hubs/premature_tire_wear.shtml*

e.    *August 27, 2010, 2008 Chevrolet Impala LTZ V6, 41,000 miles*: ok well at 18,000 miles had to replace my tires. i was told it was because the dealers

put on cheap tires to sell the cars and the next set i bought would last way longer than i had to worry about since i leased. well at 41,000 miles again new tires with only 6 months to go on my lease. the wear was so extensive the tires were unsafe..the inside was worn to bare metal showing yet the rest of the tire was fine.... i was told that it is a supension problem and chevy is aware of it.... just to expensive to have a recall...sssoooo that makes th 3rd set of tires in 41,000 miles.. this is the first chevy impala i have owned ...... was completely satisfied with my pontiacs... well i never liked this car from the begining and i will not but another one...just waiting for my lease to run out and i will try a ford this time.. so beware of unsafe wear on your inside (hard to see} of your tires.. take a good look before you trust your family lives ...
*http://www.carcomplaints.com/Chevrolet/Impala/2008/wheels_hubs/prem ature_tire_wear.shtml*

f.    *November 1, 2010, 2008 Chevrolet Impala SS*: I believe that there is a greater issue with the 2008 Impala's. I have had to replace my rear tires because they wore completely out in the inside. I have been searching online and it looks like there is a camber issue with these cars. GM needs to look at a possible recall. I was quoted $45 a tire to adjust the camber on my 08 Impala SS by Firestone, but then they stated it would be $500 because they needed some kit. I cannot do this so I had to buy the 2 back tires ($415 for the cheapest ones) and wait. I do have an appointment with the dealership tomorrow. We will see what happens...
*http://townhall-talk.edmunds.com/direct/view/.f17777c/81*

g.    *2008 Chevrolet Impala*: I have the same rear end tire alignment problem on my 2008 Impala. I have now gone thru 2 sets of tires. Most current one lasted 7 months, 12k miles. Tires are rated for 60k miles. The inside of the tires are getting chewed up.  I've looked at the car from the rear and I can see that the alignment is poor, the tires bow out at the bottom as if there were way too much weight in the car.  I'm calling the dealer on Monday to see what can be done, this is a ridiculous issue to be fighting about. The manufacturer should cover this no questions asked. My wife (a civilian) drives like a grandma, there's no way we caused this.
*http://www.fixya.com/cars/t26922782007_impala_rear_tire_wear_due_re ar*

h.    *February 22, 2011, 2008 Chevrolet Impala*: Purchased new 2008 impala, had to replace tires at 35000. Always rotated and balanced and kept proper pressures. Now at 56000 and am being told by chevy 1800.00 to repair rear alignment. Car is driven 99% on the interstate. Again need new tires whats up??? chevy denies any problems but the web is full of issues surrounding this. Is there no other recourse????
*http://www.aboutautomobile.com/Complaint/2008/Chevrolet/Impala/Rear +Suspension*

i.  *July 4, 2010, Chevrolet Impala*: Severe inner surface tire wear on rear wheels of 2007-2008 chevrolet impala vehicles. Technical service bulletin 08032 is on file with general motors, acknowledging the problem, but willing only to pay for necessary repairs to police vehicles, when in fact the flaw exists with all 2007-2008 impala vehicles. We purchased the car as a demo model in 2009 and were not made aware of the problem. We believe the dealer was honest, and also not aware of the problem at the time. We believe this to be a safety issue as well, since handling on wet roads is effected due to the fact the rear tires are contacting the road surface only on 1-2" of the inside surface of the tires.
*http://www.aboutautomobile.com/Complaint/2008/Chevrolet/Impala/Rear +Suspension*

j.  *June 16, 2010, Chevrolet Impala*: Had to replace rear driver's tire at 17,000 miles due to wear down to the metal. Took the vehicle into the dealer to check wheel alignment and found the rear so misaligned that the adjustment struts had to be elongated. Spoke with GM customer service rep and was told this was not a Warranty issue.
*http://www.aboutautomobile.com/Complaint/2008/Chevrolet/Impala/Rear +Suspension*

k.  *May 28, 1010, 2008 Chevrolet Impala*: I own a 2008 chevy impala which I had new tires installed. I also had an alignment done. At my first tire rotation (6000 miles) I was told of excessive wear on the inside of the rear tires. The wear is very obvious. The tires are a 60,000 mile tire(uniroyal) after contacting the place that aligned my wheels.(ase certified) they did some investigating during which they found GM recalled "police package) vehicles with vin#s falling in a specified range. Which my car also falls in this range. They had defective spindle rods in them, however as a consumer and not a "police" vehicle GM tells me I am responsible for having the proper work done to have my car fixed. Upon searching myself I have found numerous "consumer" complaints regarding premature tire wear on these vehicles. I see this as a considerable safety concern that the manufacturer should be held accountable for regardless of whether it is a civilian or police vehicle.
*http://www.aboutautomobile.com/Complaint/2008/Chevrolet/Impala/Rear +Suspension*

l.  *March 8, 2010, 2008 Chevrolet Impala*: On 2008 chevy impala, the insides of all four tires were worn to the cord. The tires had been rotated regularly. The car was returned to the dealer who claimed the tires had not been rotated and that he had never heard of any defect.. We printed information from this website showing that this problem had been reported several times. The dealer still denied any defect even though one of the workers said he had replaced tires with the same problem.

16

        *http://www.aboutautomobile.com/Complaint/2008/Chevrolet/Impala/Rear +Suspension*

m.    *October 10, 2009, 2008 Chevrolet Impala*: 2008 chevy impala was shipped from the factory unaligned causing premature tire wear. There may be a camber related issue causing premature wear on the inner edge of the rear tires. Problems start at about 10,000 miles. I replaced the rear tires twice in one year.
   *http://www.aboutautomobile.com/Complaint/2008/Chevrolet/Impala/Rear +Suspension*

n.    *June 8, 2009, 2008 Chevrolet Impala SS*: My 08 impala sshas been going through tires excessively. I replaced the back tires almost 4 months ago and new tires are needed again. The rear tires are wearing on the insides of the tires. I brought this to the attention of my local GM dealer who "assured" me that nothing is wrong with the rear suspension and that I need to rotate the tires every 6000 miles that was what was wrong that I wasn't following the owners manual. So I thought it really was my fault so I spent the $500 to buy two new tires and now almost 4 months later the same thing is happening. I have only put about 6000 miles on the new tires and the cords are already showing on the insides of the rear tires.
   *http://www.aboutautomobile.com/Complaint/2008/Chevrolet/Impala/Rear +Suspension*

o.    *March 22, 2011, 2007 Chevrolet Impala*: CAR PURCHASED USED WITH NEW TIRES IN MARCH OF 2009. IN APRIL OF 2010 REAR TIRES HAD SEVERE WEAR ON INSIDE TREAD THAT CAUSED BELTS TO SHOW. FOUR NEW TIRES WERE INSTALLED AND A FOUR WHEEL ALIGNMENT WAS DONE. 11 MONTHS LATER REAR TIRES SHOWED THE SAME WEAR, INSIDE OF TIRE. WAS TOLD THERE WAS A SAFETY BULLETIN FROM GM BUT DIDN'T COVER MY CAR SINCE IT WAS NOT A POLICE VERSION. WAS TOLD BY DEALERSHIP THAT GM KNOWS ABOUT THIS PROBLEM AND HAS COME OUT WITH A CAMBER KIT TO FIX PROBLEM BUT I HAD TO PURCHASE IT AND HAVE IT INSTALLED. WHEN ASKED WHY IF IT WAS A MANUFACTURE DEFECT WITH THE VEHICLE CAUSING PREMATURE TIRE WEAR I WAS HAVING TO PAY FOR IT WAS BRUSHED OFF. CALLED CHEVROLET AND FILED A FORMAL COMPLAINT REGARDING THE MATTER AND WAS TOLD THAT IT WAS A MAINTENANCE ISSUE AND I WOULD HAVE TO PAY FOR THE REPAIR. CHEVY KNOWS THAT THERE IS A PROBLEM WITH THIS VEHICLE AND REFUSES TO TAKE RESPONSIBILITY TO REPAIR/FIX PROBLEM AND IS INSTEAD PUSHING THIS OFF ON THE CONSUMER. EXCESSIVE TIRE WEAR IS A SAFETY

PROBLEM AND I GUESS PEOPLE HAVE TO DIE FOR ACTION TO BE TAKEN.*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

p.    *November 1, 2010, 2007 Chevrolet Impala, 32,000 miles*: TL*THE CONTACT OWNS A 2007 CHEVROLET IMPALA LT. THE CONTACT STATED THAT WHEN SHE INSPECTED HER VEHICLE SHE NOTICED THAT ALL FOUR TIRES WERE WORN EXCESSIVELY ON THE INSIDE TO THE POINT WHERE THE TREAD WAS VISIBLE. THE VEHICLE WAS NOT INSPECTED NOR HAD IT BEEN REPAIRED. THE DEALER INFORMED HER THAT SHE SHOULD CONSIDER AN ALIGNMENT AND FOUR NEW TIRES. THE FAILURE MILEAGE WAS APPROXIMATELY 32,000. *http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

q.    *December 1, 2010, 2007 Chevrolet Impala*: GM 2007 CHEVROLET IMPALA LT2 - GOODYEAR INTEGRITY TIRES VEHICLE MANUFACTURING DETECT CAUSES TIRE CUPPING, UNEVEN TIRE WEAR AND PREMATURE TIRE WEAR OUT. POSSIBLE TIRE FAILURE WHILE DRIVING IF NOT DETECTED. TIRES RATED FOR 50,000 MILES FAILED AT 28,000. 30 JUNE 2007 - 205 MILES: PURCHASED NEW GM 2007 CHEVROLET IMPALA LT2 - GOODYEAR INTEGRITY TIRES 05 FEB 2008 - 7,094 MILES: DEALER ROTATED TIRES - ALL TIRES TREAD GREATER THAN 8/32. 26 DEC 2008 - 14,449 MILES: DEALER ROTATED TIRES - ALL TIRES TREAD GREATER THAN 8/32. 15 JUN 2009- 18,106 MILES: DEALER ROTATED TIRES - ALL TIRES TREAD GREATER THAN 8/32. 25 MAY 2010 - 23,812 MILES: DEALER ROTATED TIRES - ALL TIRES TREAD GREATER THAN 6/32. 01 DEC 2010 - 28,517 MILES: LUBE SHOP ROTATED TIRES - ALL TIRES BADLY CUPPED ON INSIDE TREAD. TIRES WORN OUT AND UNSAFE, MUST BE REPLACED ASAP.STEEL BELTS WILL START TO SHOW.ALL TIRES TREAD LESS THAN 2/32. 23 DEC 2010 - 28,788 MILES: DEALER - AFTER ESCALATION TO SERVICE MANAGER. REAR STRUT BOLT HOLE REQUIRES ELONGATION TO ALLOW PROPER WHEEL ALIGNMENT. UNDER WARRANTY, ELONGATED REAR STRUT BOLT HOLE, REPLACED WITH 4 NEW TIRES, COMPLETE 4 WHEEL ALIGNMENT. *TR *http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

r.    *September 15, 2009, 2007 Chevrolet Impala*: EXCESSIVE TIRE WARE ON REAR TIRES---NOTICED THERE WAS A PROBLEM AT 22,000 MILE'S AT 27,000 MILES CAR WOULD NOT HOLD THE ROAD .IN THE DEAD OF SUMMER CAR DROVE LIKE YOU WERE ON A LAKE OF ICE( 2007 CHEVY SS IMPALA)TALKED TO DEALERS THEY SAID NOT A REPORTED PROBLEM FOUND OUT LATER THAT WAS ¿!@#$%. ITS A SUSP PROBLEM .SO MUCH SO THERE

IS AN AFTER MARKET KIT TO CORRECT PROBLEM HAD TO TAKE CAR TO TIRE DEALER WHERE THEY CORRECTED PROBLEM. REPORTED PROBLEM TO G.M. AND GOT MORE ¿!@#$%. *TR
*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

s. *November 30, 2009, 2007 Chevrolet Impala*: I AM NOW BUYING THE 3RD SET OF REAR TIRES IN LESS THAN A YEAR. THE INSIDE TREAD WEARS DOWN TO THE WIRES EVERY 13-16,000 MILES. THE VIN ON MY CAR FALLS WITHIN THE VIN'S LISTED ON GM TSB 8032, HOWEVER THIS CAR IS NOT A POLICE CAR. GM STATES THAT I MUST BE HITTING A POTHOLE CAUSING ALIGNMENT PROBLEMS. I MUST BE HITTING THE SAME POTHOLE AT THE SAME MILEAGE ALL 3 TIMES AND IT ONLY AFFECTS THE REAR TIRES. THERE IS EXTENSIVE ANECDOTAL REFERENCES TO THIS PROBLEM ON NUMEROUS CAR COMPLAINT WEBSITES, INCLUDING NHTSA. SOMEONE IS GOING TO GET SERIOUSLY HURT IF GM IS ALLOWED TO IGNORE THIS PROBLEM. GM'S ONLY SOLUTION IS TO SELL ME ALIGNMENTS AND TIRES SINCE IT IS "MY FAULT" AND EVEN THOUGH THE PROBLEM IS IDENTICAL TO THE ISSUE NOTED BY GM IN TSB 8032, IT CAN'T POSSIBLY BE RELATED SINCE THE OTHER IDENTICAL PROBLEM ONLY HAPPENS ON POLICE AND GOVERNMENT CARS TO WHICH GM SELLS A LOT OF CARS. THE EVERYDAY INDIVIDUAL DOES NOT HAVE THE COMPLAINING POWER OF A LARGE BULK PURCHASER. *TR
*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

t. *March 7, 2011, 2008 Chevrolet Impala*: VEHICLE WON'T HOLD ALLIGNMENT AND WHEN IT DOES IT'S STILL WEARING OUT THE REAR TIRES AT A RATE 1/32 PER 1000 MILES, IT WORE OUT THE REAR TIRES IN 6000 MILES JUST LUCKY THAT I LOOKED AT THEM WHEN I DID. THE VEHICLE HAS 45000 MILES ON IT AND THIS IS THE SECOND SET OF TIRES IN 6000 MILES
*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

u. *October 15, 2010, 2008 Chevrolet Impala*: SEVERE TIRE WEAR. 2008 CHEVY IMPALA WITH GOODYEAR INTEGRITY TIRES. HAD TO HAVE ALL FOUR TIRES REPLACED AT 33,000 MILES, MIND YOU THESE ARE 50,000 MILES TIRES THAT HAVE BEEN ROTATED AND KEPT AT THE RECOMMENDED PSI. THEY ARE SEVERELY WORN ON THE INNER AND OUTER EDGES AND CAN SEE THE WEAR BARS. WAS TOLD BY THE DEALERSHIP THAT THE TIRES TO BEGIN WITH ARE JUNK! I HAD NO CHOICE BUT TO REPLACE THEM BEING THAT THIS CAR IS A LEASE AND ONLY HAVE 4 MONTHS LEFT WITH IT TILL THE TURN IN DATE. THE

19

UNNAMED TIRE STORE TOLD ME THAT I NEED AN ALIGNMENT
BUT THE DEALERSHIP THAT MY CAR GOES TO NEVER SAID
ANYTHING ABOUT NEEDING THE ALIGNMENT. *TR
*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

v.   *May 18, 2009, 2008 Chevrolet Impala:* PURCHASED NEW 2008
CHEVY IMPALA ONLY TO HAVE EXCESSIVE TIRE WEAR FRONT
AND BACK AT 13,000 MILES WHEN CAR WAS 1 1/2 YEAR OLD. I
NEEDED TO PURCHASE NEW TIRES AT THAT TIME. TODAY I
LEARNED I NEED TO PURCHASE ANOTHER SET OF TIRES AT
26,500 MILES. HAVE HAD TIRES ROTATED REGULARLY AND
ALIGNED. I THOUGHT THE FIRST SET OF TIRES FROM THE
DEALERSHIP WERE JUST "CHEAP" TIRES SO WHEN I REPLACED
I REPLACED WITH GOOD TIRES. STILL NEED A SET OF TIRES A6
13,000-14,000 MILES. THIS IS A DISGRACE. I AM JUST
BEGINNING THE PROCESS OF HAVING THIS PROBLEM
CORRECTED (I HOPE). GM DID PUT BULLETIN # 08032 FOR
POLICE CARS REGARDING THIS ISSUE. I GUESS JOHN Q PUBLIC
THOUGH IS NOT AS IMPORTANT AS THE POLICE. *TR
*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

w.   *June 28, 2010, 2008 Chevrolet Impala:* NOTICED ABNORMAL AND
EXCESSIVE TIRE FEATHERING. HAD RESEARCHED AND FOUND
PREVIOUS TO MY OWN EXPERIENCE THAT OTHERS HAD THE
SAME PROBLEM, SO I HAD BEEN MONITORING MY OWN TIRES
TO SEE IF IT WAS A DESIGN FLAW. ONE MECHANIC TOLD ME
AFTER I PURCHASE 4 NEW TIRES, WHICH ONLY HAVE 34,000
MILES ON A 50,000 MILE RATING, HE WOULD TRY AN
ALIGNMENT TO SEE IF IT NEED FOUR NEW STRUTS AS HE WAS
ASSUMING WAS THE MAIN PROBLEM BEHIND THE TIRE WEAR.
I CALLED A LOCAL GM SERVICE CENTER TO SEE IF THEY HAD
SUGGESTIONS FOR ME. THE GUY TOLD ME 4 NEW TIRES AND
THE FEW OTHERS WE HAVE SERVICED WITH THE SAME
PROBLEM, AN ADJUSTMENT HAD TO BE MADE BY
ELONGATING THE HOLES TO PULL THE TIRES INTO A GOOD
ALIGNMENT, ELIMINATING THE OUTWARD CAMBER. HE
FOUND THIS INFO IN A TECHNICAL SERVICE BULLETIN. GM
HAS RECALLED PUBLIC SERVICE VEHICLES, IE POLICE CARS,
OF THE SAME MAKE AND MODEL, BUT HAS YET TO SEE THE
PUBLIC SAFETY HAZARD BEHIND THIS EASILY REMEDIED
ISSUE. I WAS TOLD IT WOULD COST ME AT-LEAST $700 FOR
PREMATURELY   WORN   TIRES   AND   REPAIRS   AND
ADJUSTMENTS. IMAGINE IF I HAD BEEN AWARE OF THIS
PREVIOUS TO MY OWN INCIDENT. I WOULD ASSUME I STILL
HAD 15-20000 MILES OF TREAD-LIFE LEFT AND WOULD BE
DRIVING MY CAR AS IF THERE WERE NO PROBLEM AT-ALL

Case 9:12-cv-01597-JSK    Document 15    Filed 09/08/17    Page 21 of 27

UNTIL MY TIRES BLEW WHILE DRIVING MY SON BACK TO HIS MOTHERS HOUSE, CAUSING AN ACCIDENT, KILLING MY SON AND I AS WELL AS TWO OTHERS IN ANOTHER VEHICLE. THERE-IN LAYS THE SAFETY ISSUE. A PROMPT AND THOROUGH INVESTIGATION WILL SHOW IT'S A DESIGN FLAW THAT IS PUTTING LIVES AT RISK. THE SOONER THE DEFECT IS CORRECTED, THE SOONER PEOPLES LIVES AND WALLETS CAN REST AT EASE. I WOULD CERTAINLY BE WILLING TO ANSWER ANY OTHER QUESTIONS REGARDING THIS ISSUE. *TR
*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

x.   *February 6, 2010, 2008 Chevrolet Impala LTZ:* 2008 IMPALA LTZ THAT I PURCHASED FROM BILL CRAMER MOTORS IN DONALSONVILLE, GEORGIA ON 10/29/2009. ON 2/6/2010 I HAD A TIRE BLOW OUT IN BAINBRIDGE, GEORGIA NEARLY CAUSING A CRASH. AFTER CHANGING MY TIRE, AND RETURNING HOME I DISCOVERED THAT BOTH REAR TIRES WERE WORN DOWN TO THE BELT ON THE INSIDE. AFTER DOING SOME RESEARCH ON THIS ISSUE, I DISCOVERED THAT THIS IS A VERY COMMON ISSUE IN THE LATE MODEL IMPALA¿S. I CALLED THE SHOP TODAY (2/8/2010), AND THEY ADVISED ME THAT THEY ARE UNAWARE OF THIS ISSUE. I ALSO CALLED SOLOMON CHEVROLET IN DOTHAN, ALABAMA (1-866-646-6175). THEY ADVISED ME THAT THEY ARE VERY FAMILIAR WITH THIS ISSUE, AND THAT IT NEEDED A REAR CAMBER BOLT KIT AND A REALIGNMENT TO FIX THIS ISSUE. THE PARTS AND LABOR FOR THE KIT WERE ESTIMATED @ $200.00 AND THE ALIGNMENT @ $70.00. I WOULD ALSO LIKE TO NOTE THAT MY CAR IS STILL UNDER THE 12,000 MILE CERTIFIED WARRANTY. MY CAR HAD 34,861 MILE ON IT WHEN I PURCHASED IT, AND NOW IT ONLY HAS 45,690 MILES ON IT. SO I HAVE PUT A TOTAL OF 10,829 MILES ON IT. THE TIRES THAT ARE ON MY CAR WERE BRAND NEW WHEN I PURCHASED IT. THERE IS NO WAY POSSIBLE THAT I SHOULD HAVE TO BE REPLACING 2 WORN OUT TIRES WITHIN 10,829 MILES¿. THIS IS UNHEARD OF¿ *TR
*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

y.   *September 11, 2009, 2008 Chevrolet Impala:* STARTED HAVING ISSUES WITH MY 2008 CHEVY IMPALA WITH WHAT I THOUGHT WAS A TIRE BALANCE PROBLEM. DID REQUIRED TIRE ROTATION AS RECOMMENDED AT 6000, 10,000 AND THEN AGAIN AT 13,500. DEALER SAID TIRES MAY BE OUT OF ROUND AND SUGGESTED ROAD FORCE BALANCING AT 16,500 MILES. THIS DID NOT CHANGE THE ISSUE, SO WENT TO GOODYEAR DEALER AND FOUND OUT THAT THE INSIDE 2 INCHES OF ALL

FOUR TIRES WERE WEARING EXCESSIVELY WITH THE REAR
TWO LESS THAT 2/32 INCHES OF TREAD LEFT. GOODYEAR
SHOT THE ALIGNMENT AND SHOWED THAT THE ALIGNMENT
WAS WAY OFF AND TIRES COULD NOT BE WARRANTED WITH
AN ALIGNMENT ISSUE. TOOK BACK TO CHEVY DEALER TO
INFORM THEM OF THE ALIGNMENT ISSUE. THEY SAID
ALIGNMENT WAS NOT WARRANTED AFTER 7,500 MILES AND
ALSO WOULD NOT REPLACE THE 4 TIRES. I DID GET THE
DEALER TO GRATUITOUSLY DO A 4 WHEEL ALIGNMENT THAT
ALSO SHOWED THE CAMBER AND TOE, ESPECIALLY IN THE
REAR WAS "OUT OF TOLERANCE AND EXCEEDED CROSS-
TOLERANCE" ON THEIR MACHINE AS WELL. THE CAMBER
COULD NOT BE ADJUSTED WITHOUT EXTRA WORK
(ELONGATING THE BOLT HOLES OR A CHAMBER ALIGNMENT
KIT). CONTACTED GM COMPLAINT LINE FOR RESOLUTION TO
NO AVAIL, SAYING I HAD TO PROVE THAT THERE IS A DEFECT
ON THE VEHICLE. THIS IS AN INHERENT SAFETY PROBLEM
WITH 2007 AND 2008 IMPALAS THAT HAS FOSTERED
NUMEROUS COMPLAINT TO YOU INCLUDING 5 ALREADY THIS
YEAR. GM ISSUED A TSB #08032 FOR POLICE IMPALAS THAT
ARE ON THE SAME PLATFORM AND SUSPENSION, BUT NEVER
EXTENDED THAT TO THE PUBLIC. SEEMS TO ME THAT THE
REAR SUSPENSION HAS AN SEVERE DEFECT THAT CAN CAUSE
TIRE BLOWOUT WITHOUT WARNING. NO TIRES SHOULD WEAR
LIKE THAT WITH LESS THAN 17,000 MILES WITHOUT A REAR
SUSPENSION AND ALIGNMENT PROBLEM THAT NEEDS TO BE
RECALLED FOR REPAIR AND REPLACEMENT OF THE PARTS
AND TIRES. I SAW AT LEAST 12 COMPLAINTS IN THE FIRST 24
PAGES OF 2007 IMPALA COMPLAINTS TO THE ODI. PLEASE
INVESTIGATE THIS PROBLEM BEFORE SOMEONE IS
SERIOUSLY INJURED OR KILLED AS A RESULT OF THIS
CONTINUING IMPALA ISSUE. *TR
*http://www-odi.nhtsa.dot.gov/complaints/results.cfm*

54. At all relevant times, Defendant New GM, or its predecessor, controlled the

design, manufacture, marketing, lease and sale of model year 2007 & 2008

Chevrolet Impalas.

55. The Owner's Manual provided to consumers failed to disclose the defect in the

2007 & 2008 model year Chevrolet Impalas.

56. Defendant New GM has not adequately informed the Class about the defective spindle rods.

57. Defendant knew, or should have known, that the design, materials and workmanship utilized for the rear wheel spindle rods were defective, would fail during the warranty period, and would cause rear wheel misalignment resulting in lower tread depth on the inboard side of the rear tire.

58. Under the Michigan Uniform Commercial Code, MCL 440.2725, an "action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it." "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warrant explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

59. Class members exercising due diligence were unable to discover the nonconformity of the rear wheel spindle rods resulting in premature tire wear and the injury because Defendant New GM did not disclose the premature and abnormal wear characteristics and injury when the vehicles were delivered or brought in for service.

60. Defendant New GM breached its express warranties, as the model year 2007 and 2008 Chevrolet Impalas do not have the characteristics, uses and benefits portrayed by Defendant New GM , and Defendant New GM has failed to repair the

defective rear wheel spindle rods in accordance with the express promises of their written warranties.

## COUNT I – BREACH OF EXPRESS WARRANTY

61. Plaintiffs incorporate by reference all preceding paragraphs.

62. New GM has breached its express warranties to Plaintiffs and all other Class members to repair and/or replace the defective rear wheel spindle rods that were defective in workmanship and material.

63. GM's breach of warranties directly and proximately caused damages to Plaintiffs, and members of the Class.

WHEREFORE, Plaintiffs, individually and on behalf of all Class members, request judgment in their favor and against Defendant, and request the following relief:

    a.    certification of the Plaintiff class, the appointment of Plaintiffs as class representatives, and the appointment of Plaintiffs' counsel as class counsel;

    b.    compensatory damages for the Class to be determined at trial, together with interest, costs attorneys' fees;

    c.    exemplary damages;

    d.    injunctive relief enjoining the Defendant from engaging in the unlawful conduct described herein; and

    e.    such other relief as may be just, necessary or appropriate.

## COUNT II– INJUNCTIVE AND DECLARATORY RELIEF

64. Plaintiffs incorporate by reference all preceding paragraphs.

65. New GM has jeopardized the safety and security of Plaintiffs and the Class and will put them at an increased risk of personal injury and harm.

66. Plaintiffs and the Class will suffer irreparable harm, which may soon be immediate in nature, if New GM does not provide them with repairs or replacements of the rear wheel spindle rods.

67. Plaintiffs and the Class lack an adequate remedy at law to compel New GM to continue to provide them with functional rear wheel spindle rods.  Plaintiffs and the Class cannot obtain such relief from other sources.

68. Plaintiffs believe and therefore aver that New GM is the sole source of repair parts, thereby making injunctive and declaratory relief appropriate.

69. Plaintiffs and the Class are entitled to injunctive and declaratory relief to compel New GM to provide them with or repair and/or replacement of the defective rear wheel spindle rods.

WHEREFORE, Plaintiffs, individually and on behalf of all Class members, request judgment in their favor and against Defendant, and request the following relief:

a.    certification of the Plaintiff class, the appointment of Plaintiffs as class representatives, and the appointment of Plaintiffs' counsel as class counsel;

b.    compensatory damages for the Class to be determined at trial, together with interest, costs attorneys' fees;

c.    exemplary damages;

d.    injunctive relief enjoining the Defendant from engaging in the unlawful conduct described herein; and

    e.       such other relief as may be just, necessary or appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

Dated:  September 6, 2011          By:   _/s/ David H. Fink_____

David Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd., Suite 111
Bloomfield Hills, Michigan 48304
Phone:     (248) 971-2500
Fax:       (248) 971-2600
dfink@finkandassociateslaw.com

Marc H. Edelson
**EDELSON & ASSOCIATES, LLC**
45 West Court Street
Doylestown, PA 18901
Phone:     (215) 230-8043
Fax:       (215) 230-8735

Jeffrey L. Kodroff
John A. Macoretta
**SPECTOR, ROSEMAN &KODROFF&
WILLIS, PC**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Phone:     (215) 496-0300
Fax:       (215) 496-6611

Ronald Jay Smolow
3 Three Ponds Lane
Newtown, PA 18940
Phone:     (215) 579-1111
Fax:       (215) 579-7949

*Attorneys for the Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

Respectfully submitted,

**FINK + ASSOCIATES LAW**

By:    /s/ David H. Fink_____
        David H. Fink (P28235)
        Darryl Bressack (P67820)
        100 West Long Lake Rd.; Suite 111
        Bloomfield Hills, Michigan 48304
        (248) 971-2500
        dfink@finkandassociateslaw.com

Dated:  September 6, 2011