# EXHIBIT A

09-50026-mg    Doc 11503-31    Filed 03/07/12    Entered 03/07/12 17:11:15    Exhibit
Case 1:12-cv-01697-JSR    Document 18-2    Filed 09/27/12    Page 2 of 16
Pg 2 of 10

Case 2:07-md-01867-SFC-PJK    Document 279    Filed 01/25/11    Page 1 of 9

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: OnStar Contract Litigation          Case No. 2:07-MDL-01867

Honorable Sean F. Cox

_____/

## OPINION & ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

This matter is currently before the Court on Plaintiffs' Motion for Leave to File a Third Master Amended Complaint. Plaintiffs seek to file an amended complaint in order to: 1) add two additional plaintiffs as proposed class representatives; and 2) add NewGM as a Defendant and assert express warranty claims against NewGM, based on warranties that it allegedly assumed in bankruptcy proceedings. The parties have briefed the issues and the Court heard oral argument on January 6, 2011.

As explained below, the Court shall DENY THE MOTION IN PART AND GRANT THE MOTION IN PART. The Court shall DENY Plaintiffs' request for leave to assert warranty claims against NewGM. The Court shall GRANT the motion to the extent that the Court shall allow Plaintiffs to add two additional Plaintiffs as proposed class representatives.

### BACKGROUND

Buyers and lessees of automobiles equipped with OnStar telematics equipment filed prospective class action complaints against four automobile manufacturers and OnStar Corporation ("OnStar"), asserting consumer protection act and warranty claims. Starting with a

1

09-50026-mg  Doc 11503-31  Filed 03/07/12  Entered 03/07/12 17:11:15  Exhibit
Case 1:12-cv-01697-JSR  Document 18-2  Filed 09/27/12  Page 3 of 16
Pg 3 of 10

Case 2:07-md-01867-SFC-PJK   Document 279   Filed 01/25/11   Page 2 of 9

Transfer Order issued on August 22, 2007, the Judicial Panel on Multidistrict Litigation consolidated the various actions before this Court for pretrial proceedings.

Plaintiffs filed their "Master Amended Class Action Complaint" ("MAC") on February 25, 2008, asserting claims against the following Defendants: 1) General Motors Corporation ("GM"); 2) Volkswagen of America ("VW"); 3) American Honda Motor Company ("Honda"); 4) Subaru of America ("Subaru"); and 5) OnStar.

In response to the MAC, Defendants filed motions to dismiss. On February 19, 2009, this Court issued an "Opinion & Order Granting In Part And Denying In Part Defendants' Motions To Dismiss." (D.E. No. 100). Following that Opinion & Order, Plaintiffs obtained leave to file a Second Master Amended Class Action Complaint ("SMAC"), which was filed on April 30, 2009.

After the SMAC was filed, OnStar filed a Motion to Compel Arbitration, asking the Court to compel Plaintiffs to arbitrate Counts I-A, VI and VII of the SMAC. Those counts involve "lost pre-paid minutes" purchased by Plaintiffs. OnStar asserted, and this Court agreed, that the OnStar T&C's arbitration provision requires arbitration of the pre-paid minutes claims. (*See* D.E. No. 156). Accordingly, the lost pre-paid minutes claims were dismissed.

On or about June 1, 2009, GM filed for bankruptcy. All claims against GM ("Old GM") in this action have been stayed since that time.

The bankruptcy proceedings have been taking place in the United States Bankruptcy Court for the Southern District of New York. In the bankruptcy proceedings, NewGM acquired substantially all of the assets of Old GM. The Bankruptcy Court approved the sale and defined the scope and limitations of New GM's responsibilities for Old GM's liabilities in an "Order (I)

2

Case 2:07-md-01867-SFC-PJK Document 279 Filed 01/25/11 Page 3 of 9

Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief" ("the Sale Approval Order") which was entered in July 2009.

**More than a year later**, on August 2, 2010, Plaintiffs filed the instant motion seeking to file a Third Master Amended Complaint in order to add New GM as a Defendant and assert express warranty claims against it. Plaintiffs' proposed Third Master Amended Complaint alleges:

270. **GM breached its express warranties** to Plaintiff and all other Class members to repair and/or replace OnStar equipment so that it is in good operational condition and repair and suitable for its use in providing OnStar telematics services.
271. GM's breach of these express warranties proximately caused damages to Plaintiffs and members of the class.
272. **Pursuant to Section 10(b) of the Purchase Agreement and the Bankruptcy Court's Order, plaintiff's claims against GM are "Assumed Liabilities."**
273. By reason of the aforesaid, **NewGM is liable to plaintiffs and the Class for GM's breach of its express warranties** to Plaintiffs and the Class.

(Pls.' Proposed TMAC at ¶¶ 261-273) (emphasis added).

3

09-50026-mg Doc 11503-31 Filed 03/07/12 Entered 03/07/12 17:11:15 Exhibit
Case 1:12-cv-01697-JSK Document 18-2 Filed 09/27/12 Page 5 of 10
Pg 5 of 10

Case 2:07-md-01867-SFC-PJK Document 279 Filed 01/25/11 Page 4 of 9

## ANALYSIS

Plaintiffs filed their motion seeking leave to file a Third Master Amended Complaint ("TMAC") on August 2, 2010. Plaintiffs seek leave to file a TMAC in order to do two things: 1) include two additional proposed class representatives; and 2) assert claims against NewGM.

### A. The Court Shall Grant Plaintiffs' Request To Include Two Additional Named Plaintiffs As Proposed Class Representatives.

Plaintiffs seek to file an amended complaint in order to include two additional proposed class representatives: 1) Jason Smith (a New York resident who purchased a Subaru with OnStar); and 2) Armand Pepper (a Florida resident who purchased a vehicle made by Honda with OnStar).

Smith was the sole named Plaintiff in the action transferred here from New York. Through oversight, Plaintiffs neglected to include him as a named plaintiff in the SMAC. Nevertheless, the parties understood him to be a plaintiff, and proposed class representative, and discovery was conducted as to Smith during the class certification discovery. Thus, adding Smith is essentially a "house-keeping matter." Subaru did not file a brief opposing Plaintiffs' motion. Plaintiffs state that Subaru does not oppose the TMAC. (*See* Pls.' Reply Br. at 3 n.3).

Although Honda does not believe that adding Pepper as a named Plaintiff warrants the filing of new complaint, Honda does not oppose adding him as a named Plaintiff, providing that it is able to take discovery from Pepper, which Plaintiffs agree it may do.

OnStar also does not oppose the addition of Pepper and Smith as named Plaintiffs, but asserts that could be done with a supplement that would simply add the allegations as to these two individuals to the SMAC. (*See* OnStar's Br. at 2 n.2).

4

09-50026-mg    Doc 11503-31    Filed 03/07/12    Entered 03/07/12 17:11:15    Exhibit
Case 1:12-cv-01097-JCK    Document 18-2    Filed 09/27/11    Page 6 of 16
Pg 6 of 10

Case 2:07-md-01867-SFC-PJK    Document 279    Filed 01/25/11    Page 5 of 9

The Court finds that Plaintiffs should be permitted to add Smith and Pepper as named Plaintiffs and proposed class representatives. Given that an automatic stay is currently in place as to one of the named Defendants in the SMAC, and the fact that Plaintiffs do not seek to add or materially change the allegations as to Defendants, the Court agrees that the filing of a Third Master Amended Complaint is not the best course of action. The Court directs the parties to meet and confer in order to submit to the Court a stipulated order to accomplish Plaintiffs' goal of adding Smith and Pepper as named Plaintiffs and proposed class representatives.

B.  The Court Shall Deny Plaintiffs' Request To Assert Warranty Claims Against NewGM In This Action.

Plaintiffs also seek to assert class action claims against NewGM. Specifically, they seek to assert one claim against NewGM – a breach of express warranty claim. (*See* Count VIII of proposed TMAC) They state the following as to the proposed claim against NewGM: "The addition of a new Defendant – New GM – is proper because NewGM has assumed, through a purchase agreement and by order of a 2nd Circuit Bankruptcy Court, GM's express warranty obligations. Plaintiffs' allegations against GM for breach of express warranty are now properly attributable to NewGM." (Pls.' Br. at 2).

OnStar, Honda and VW oppose Plaintiffs' motion seeking to assert claims against NewGM at this late stage of the litigation.

OnStar notes that NewGM is an entirely new and distinct entity from GM and NewGM did not manufacture, market or sell any of the vehicles at issue in this litigation. Defendants assert that, in essence Plaintiffs are seeking "to assert successor liability against NewGM with respect to claims they purport to possess against Old GM, which remains in an ongoing Chapter

5

09-50026-mg12 Doc 11503-21   Filed 03/07/12   Entered 03/07/12 17:11:15   Exhibit
Case 1:12-cv-01697-JSR   Document 18-2   Filed 09/27/12   Page 7 of 16
Pg 7 of 10

Case 2:07-md-01867-SFC-PJK   Document 279   Filed 01/25/11   Page 6 of 9

11 proceeding in the Bankruptcy Court in the South District of New York." (OnStar's Br. at 2). OnStar further states that "NewGM (which is separately represented with respect to the issues in this case), maintains that it did not assume and is not the successor to any asserted liabilities of Old GM, and has so informed Plaintiffs' counsel. To the extent Plaintiffs dispute New GM's position, that issue is within the exclusive jurisdiction of the Bankruptcy Court to interpret its Sale Approval Order." (*Id.*). OnStar and the other Defendants also oppose the motion because "the late addition of New GM and the ensuing litigation in the Bankruptcy Court would unjustifiably delay this case to the prejudice of all parties." (*Id.* at 2).

This Court shall deny Plaintiffs leave to file a TMAC to assert express warranty claims against NewGM for numerous reasons, which include: 1) the express warranty claims Plaintiffs seek to add against NewGM appear to be barred under the plain language of the Bankruptcy Court's Order; 2) the Bankruptcy Court has jurisdiction to resolve any disputes as to the liabilities that were assumed by NewGM; and 3) Plaintiffs' undue delay in attempting to assert such claims would prejudice Defendants.

First, the express warranty claims that Plaintiffs seek to assert against NewGM appear to be barred by the plain language of the Bankruptcy Court's Sale Approval Order. Notably, Plaintiffs's proposed TMAC seeks to hold NewGM liable for <u>Old GM's alleged breaches of its</u> express warranties:

> 273. By reason of the aforesaid, **NewGM is liable to plaintiffs and the Class for GM's breach of its express warranties** to Plaintiffs and the Class.

(Pls.' Proposed TMAC at ¶¶ 261-273). Paragraph 7 of the Sale Approval Order, however, provides that the assets acquired by NewGm were transferred "free and clear of all liens, claims,

6

09-50026-mg    Doc 11503-31    Filed 03/07/12    Entered 03/07/12 17:11:15    Exhibit
Case 1:12-cv-04697-JSR    Document 18-2    Filed 09/27/12    Page 8 of 16
Pg 8 of 10

Case 2:07-md-01867-SFC-PJK    Document 279    Filed 01/25/11    Page 7 of 9

encumbrances, and other interests of any kind or nature whatsoever . . . including rights or claims based on any successor or transferee liability, and all such liens, claims, encumbrances, and other interests, including rights or claims based on any successor or transferee liability" (Docket Entry No. 255-2 at ¶ 7). Moreover, the Sale Approval Order also provides:

> Except for the Assumed Liabilities expressly set forth in the MPA, **none** of the Purchaser, its present or contemplated members or shareholders, it successors or assigns . . . **shall have any liability for any claim that arose prior to the Closing Date, relates to the production of vehicles prior to the Closing Date, or otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the Closing Date.**

(Sale Approval Order at ¶ 46) (emphasis added).

Second, any dispute over whether the express warranty claims Plaintiffs seek to assert against NewGM are "assumed liabilities" under the Bankruptcy Court's Orders is a dispute that should be resolved in the Bankruptcy Court. The Sale Approval Order expressly provides that the Bankruptcy Court has "exclusive jurisdiction" to enforce and implement there terms and provisions of the Sale Approval Order and the Master Purchase Agreement. That jurisdiction includes resolving any disputes arising under or related to the Master Purchase Agreement and interpreting and enforcing the provisions of the Sale Approval Order. Thus, to the extent that Plaintiffs wish to pursue warranty claims against NewGM, the forum in which to seek to do so is the bankruptcy court.

Third, Plaintiffs waited more than a year after the Sale Approval Order was entered before they sought leave to assert claims against NewGM in this action. During that year, Plaintiffs could have sought authorization from the Bankruptcy Court to pursue the claims at issue, or pursued the claims in bankruptcy court, but chose not to do so. In addition, during that

7

Case 2:07-md-01867-SFC-PJK   Document 279   Filed 01/25/11   Page 8 of 9

year significant class certification discovery and motion practice was conducted in this case. If the Court were to allow Plaintiffs to bring in a new Defendant at this late date, the Court would need to reopen class certification discovery, delay rulings on class certification, allow the new Defendant the opportunity to file its own motion to dismiss, and make a conflicts of law determination as to the new defendant. All of those actions would considerably delay this case – which has already been pending more than 3 years. The other Defendants would also be prejudiced as they would incur attorney fees and costs associated with the above actions.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Plaintiffs' Motion for Leave to File a Third Master Amended Complaint is GRANTED IN PART AND DENIED IN PART.

The motion is GRANTED to the extent that Plaintiffs shall be permitted to add Smith and Pepper as named Plaintiffs and proposed class representatives. As stated in this Opinion & Order, the Court directs the parties to meet and confer in order to submit to the Court a stipulated order to accomplish Plaintiffs' goal of adding Smith and Pepper as named Plaintiffs and proposed class representatives.

The motion is DENIED to the extent that the Court DENIES Plaintiffs' request for leave to assert claims against NewGM.

IT IS SO ORDERED.

                              S/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated: January 25, 2011

8

09-50026-mg Doc 11503-31 Filed 03/07/12 Entered 03/07/12 17:11:15 Exhibit
Case 1:12-cv-01057-JGK Document 18-2 Filed 09/27/11 Page 10 of 10
Pg 10 of 10

Case 2:07-md-01867-SFC-PJK Document 279 Filed 01/25/11 Page 9 of 9

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager