IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DONNA M. TRUSKY, ASHA JEFFRIES, GAYNELL COLE on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | Case No. 2:11-cv-12815<br><br>HON. SEAN F. COX |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GENERAL MOTORS COMPANY 300 Renaissance Center Detroit, MI 48243 | ) ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION TO TRANSFER VENUE
TO THE UNITED STATES DISTRICT COURT FOR THE
<u>SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1412</u>**

Plaintiffs, through their undersigned counsel, respectfully request that this Court enter an Order pursuant to 28 U.S.C. § 1412 transferring venue to the United States District Court for the Southern District of New York (the "Southern District Court"), so that this action may be referred to the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court") where the bankruptcy case of Motors Liquidation Company, f/k/a General Motors Corp. ("Old GM") is pending.. In support of their Motion, Plaintiffs submit and incorporate the attached Brief and state as follows:

1. Plaintiffs in this putative class action filed claims against General Motors Company ("New GM"), f/k/a General Motors Corporation ("Old GM"), alleging that (i) New GM assumed Old GM's express warranty obligations when it bought Old GM's assets in Old GM's bankruptcy case, (ii) model year 2007 and 2008 Chevrolet Impalas produced by Old GM had defective rear spindle rods which causes excessive

tire wear, and (iii) certain Chevrolet Impala owners therefore have express warranty claims against New GM. *See* Amended Class Action Complaint ("ACAC"), Dkt. #15.

2. New GM filed a Motion to Dismiss, arguing primarily that (i) the claims asserted by Plaintiffs were not express warranties assumed by New GM in Old GM's bankruptcy case, but instead were claims against Old GM, and (ii) the adjudication of these issues was within the exclusive jurisdiction of the Bankruptcy Court which had retained jurisdiction to resolve all such disputes. *See* Motion to Dismiss, Dkt. #18.

3. The parties agreed to stipulate to entry of an Order staying the proceedings before this Court, until the Bankruptcy Court resolved the dispute or expressly declined to do so.

4. On November 21, 2011, this Court entered the proposed stipulated Order staying these proceedings.

5. After further and full consultation, Plaintiffs believe that transfer of this action to the Southern District of New York for referral to the Bankruptcy Court is the proper procedural mechanism to implement the stipulation.

6. There is an overlap between the merits of Plaintiffs' claims and the coverage of the express warranties, and the issue of which claims were assumed pursuant to the purchase and sale agreement and the Sale Approval Order. All of the Plaintiffs' claims implicate assumed liability issues requiring interpretation of the Sale Approval Order. Interpretation and enforcement of the Sale Approval Order is in the exclusive jurisdiction of the Bankruptcy Court.

7. Pursuant to 28 U.S.C. § 1412, this Court has the authority to transfer venue "to a district court for another district, in the interest of justice or for the convenience of the

parties." If this case is transferred to the Southern District of New York, that Court would be empowered to refer the matter to the Bankruptcy Court, pursuant to 28 U.S.C. § 157(a). *See Mendoza v. General Motors, LLC,* 2010 WL 5224136 (C.D. Cal. Dec. 15, 2010).

8. Prior to filing this Motion, Plaintiffs sought concurrence from New GM in transferring venue to the Southern District of New York so that the case may be referred to the Bankruptcy Court. New GM declined to give its concurrence.

WHEREFORE, Plaintiffs respectfully request entry of an Order Transferring these Proceedings to the Southern District of New York pursuant to 28 U.S.C. § 1412 for referral to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

        Respectfully submitted,

        **FINK + ASSOCIATES LAW**

        By:   /s/ David H. Fink_____
              David H. Fink (P28235)
              Darryl Bressack (P67820)
              100 West Long Lake Rd.; Suite 111
              Bloomfield Hills, Michigan 48304
              (248) 971-2500
Dated: February 17, 2012        dfink@finkandassociateslaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| DONNA M. TRUSKY, ASHA JEFFRIES, GAYNELL COLE on behalf of themselves and all others similarly situated, | Case No. 2:11-cv-12815 <br><br> HON. SEAN F. COX |
| Plaintiffs, | |
| vs | |
| GENERAL MOTORS COMPANY <br> 300 Renaissance Center <br> Detroit, MI 48243 | |
| Defendant. | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO
TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE
<u>SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1412</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

STATEMENT OF THE ISSUES PRESENTED ............................................................................ ii

MOST CONTROLLING OR APPROPRIATE AUTHORITIES ................................................. iii

STATEMENT OF RELEVANT FACTS ....................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    A.   The Proposed Procedure ................................................................................................... 3

    B.   The Procedure was used in Another Similar General Motors Action ............................... 4

    C.   Other Courts Have Used the Procedure ............................................................................ 6

CONCLUSION ............................................................................................................................... 7

## STATEMENT OF THE ISSUES PRESENTED

Should this Court transfer this case to the Southern District of New York, so that the case can be referred to the Bankruptcy Court sitting in that District?

Plaintiffs Answer: Yes

## MOST CONTROLLING OR APPROPRIATE AUTHORITIES

**Cases**

*Creekridge Capital, LLC v. Louisiana Hosp. Center, LLC*, 410 B.R. 623 (D. Minn. 2009).......... 5
*In re Motors Liquidation Company, f/k/a Motors Corp.*, 457 B.R. 276, 286 (Bankr. S.D.N.Y. 2011) ................................................................................................................................. 3
Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991) ........................... 6
*Mendoza v. General Motors*, *LLC,* 2010 WL 5224136 (C.D. Cal. Dec. 15, 2010) ................ 2, 4, 5
*O'Hopp v. Conti Financial Corp*., 88 F. Supp. 2d 31 (E.D.N.Y. 2000) ......................................... 5
Res. Club, Ltd. v. Designer License Holding Co., LLC, 2010 WL 2035830 (D.N.J. May 21, 2010) ................................................................................................................................. 6

**Statutes**

28 U.S.C. § 1412 ............................................................................................................................ 3
28 U.S.C. § 157 .............................................................................................................................. 3

## STATEMENT OF RELEVANT FACTS

This case arises from claims brought by several Plaintiffs on behalf of themselves and other individuals similarly situated. Plaintiffs allege that model year 2007 and 2008 Chevrolet Impalas were sold with common defective rear spindle rods (ACAC, ¶ 2); that the problem caused the rear spindle rods to fail and to directly damage other related components of the vehicle including the rear wheel alignment which leads to premature tire wear on the inner sections of the rear tires. (Id.). Even though recall bulletins were issued for model year 2007 and 2008 Impalas <u>operated as police vehicles</u>, which are alleged to be identical structurally to the non-police vehicles, New GM refused to honor its warranties with Plaintiffs and the putative class, by failing to correct this manufacturing defect in non-police vehicles. (Id.). Significantly, even though most of the vehicles in question were manufactured by GM prior to its filing for bankruptcy, Plaintiffs allege that their claims were included within those liabilities assumed by New GM. Plaintiffs' claims are based exclusively on express warranty law, which is an "assumed liability" of New GM under the Bankruptcy Court's Sale Approval Order. (Id. ¶ 1).

In lieu of filing an Answer to the Complaint, New GM filed a Motion to Dismiss. In the Motion, New GM argued:

> The Amended Complaint purports to be based on a responsibility New GM assumed from Old GM to administer certain express, limited warranties subject to their explicit terms and limitations. However, the claims asserted and the relief sought by Plaintiffs are unambiguously outside the scope of the warranty terms and are premised on conduct of Old GM. They therefore constitute a violation of the Order of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") pursuant to which New GM acquired its assets and assumed specific liabilities only. The adjudication of that issue is within the exclusive jurisdiction of the Bankruptcy Court. The Amended Complaint did not, and cannot, fix this threshold jurisdictional problem, which was in the initial Complaint too. The Amended Complaint should be dismissed without prejudice for this reason alone.

Motion to Dismiss (Dkt. No. 18) at 2.

1

In essence, New GM argues that this Court should dismiss the case because Plaintiffs' "attempt to enlarge New GM's liability" violated the Bankruptcy Court's Sale Approval Order and the Bankruptcy Court has exclusive jurisdiction to resolve the parties' dispute. New GM quoted from the Sale Approval Order vesting the Bankruptcy Court with "'exclusive jurisdiction to enforce and implement the terms and provision of [the] Order' *including to 'protect [New GM] against any of the [liabilities that it did not expressly assume under the ARMSPA*].'" (*Id.* at 13) (citing Sale Approval Order at ¶ 71) (emphasis in original).

Alternatively, New GM argues that this Court is empowered to transfer the action to the Bankruptcy Court pursuant to 28 U.S.C. § 1412 because this is a "core proceeding" "related to" the bankruptcy. (*Id.* at. 19, n. 5) (*citing Mendoza v. General Motors*, *LLC,* 2010 WL 5224136 (C.D. Cal. Dec. 15, 2010) (transferring a lawsuit against New GM to the Bankruptcy Court).

Although Plaintiffs did not agree with New GM's analysis, they ultimately decided that the most efficient course would be for the Bankruptcy Court to resolve the issue raised by New GM. Plaintiffs proposed that they would file a Petition or a Motion before the Bankruptcy Court, asking that Court to resolve the controversy. New GM stipulated to entry of an Order staying the proceedings before this Court "until such time as the Bankruptcy Court enters an Opinion or Order resolving the [parties' dispute] or expressly declining to do so." (Dkt. No. 20)

.

## ARGUMENT

It is well established that the Bankruptcy Court has jurisdiction, and perhaps exclusive jurisdiction under the Sale Approval Order to determine the scope and extent of the liabilities assumed by New GM. There is clearly an overlap between the merits of Plaintiffs' claims and the coverage of the express warranties, and the issue of which claims were assumed pursuant to the purchase and sale agreement and the Sale Approval Order. Interpretation and enforcement of the Sale Approval Order is in the exclusive jurisdiction of the Bankruptcy Court. *In re Motors Liquidation Company, f/k/a Motors Corp.*, 457 B.R. 276, 286 (Bankr. S.D.N.Y. 2011) ("The [Sale Approval Order] provided, in relevant part: 'This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order, the MPA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith . . . .'").

This Court stayed proceedings in the Eastern District of Michigan in favor of the Bankruptcy Court's resolution of the threshold jurisdictional dispute. Plaintiffs concur with New GM's position that the Bankruptcy Court should decide the matter; therefore, Plaintiffs' instant Motion is not directed at avoiding the Bankruptcy Court's jurisdiction. Instead, the Motion seeks the best procedural mechanism for allowing the Bankruptcy Court to resolve the dispute.

### A.     The Proposed Procedure

Motions to transfer venue in cases "related" to a bankruptcy proceeding are governed by 28 U.S.C. § 1412. 28 U.S.C. § 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."[1]

---

[1] *See Abrams v. Gen. Nutrition Cos.*, 2006 WL 2739642 (D. N.J. Sept. 25, 2006)

3

This action is at least "related to" the Old GM bankruptcy case and transfer to the Southern District of New York is permitted under 28 U.S.C. § 1412. The Southern District Court would then refer the action to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).[2] In fact, in its Motion to Dismiss, New GM advocates transfer stating that "[a]lternatively, this Court would be empowered to transfer this action to the Bankruptcy Court pursuant to 28 U.S.C. § 1412 (transfer of cases arising in or related to cases under title 11) because it is a 'core proceeding" or at minimum, is one 'related to' the bankruptcy." *See* Motion to Dismiss, Dkt. #18, at 11, fn. 5. As shown below, this procedure has been followed in numerous similar situations.

### B. The Procedure was used in Another Similar General Motors Action

This same procedure was used in *Mendoza v. General Motors, LLC*, 2010 WL 5224136 (C.D. Cal. Dec. 15, 2010), a case relied on by New GM in its Motion to Dismiss. *See* Motion to Dismiss, (Dkt. #18 at 11) fn. 5. The plaintiff in *Mendoza* filed a putative class action on behalf of purchasers of Chevrolet Equinoxes and Pontiac Torrents alleging that New GM violated California consumer protection laws by failing to disclose a water leak defect. *Id.*at *1. New GM argued that whether that action "may proceed against New GM … is a question which only the New York Bankruptcy Court has jurisdiction to decide." *Id.* The court agreed that "[d]etermining if Plaintiff's claims against New GM are barred requires interpreting and applying the Agreement." *Id.* at 2. Therefore, the court concluded that the matter was at least "related to"

---

("although Section 1412 speaks only of proceedings 'under' the Bankruptcy Code, it is also applicable for determining whether a proceeding 'related to' a bankruptcy case may be transferred.") (*citing Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1992)).

[2] 28 U.S.C. §157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

4

the bankruptcy case, because it could "conceivably have an effect on the estate being administered in bankruptcy." *Id.*

Having decided this question, the *Mendoza* court determined that the appropriate procedural mechanism for transferring the action from the district court in California to the bankruptcy court in the Southern District of New York was 28 U.S.C. § 1412. *Id.* at *4.

Moreover, although courts sometimes consider several factors when determining whether a transfer of venue is appropriate, this approach is not applicable here where the Bankruptcy Court has retained exclusive jurisdiction to determine the parties' disputes. And, since New GM has specifically sought transfer and since Plaintiffs now agree with that position, a transfer clearly is appropriate.

In any event, the pertinent factors considered by some courts favor transfer. Those factors are:

> (1) the economical and efficient administration of the bankruptcy estate, (2) the presumption in favor of the forum where the bankruptcy case is pending, (3) judicial efficiency; (4) the ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders by those familiar with its laws, (6) the enforceability of any judgment rendered, and (7) the plaintiff's original choice of forum.

*See Creekridge Capital, LLC v. Louisiana Hosp. Center, LLC*, 410 B.R. 623, 628-29 (D. Minn. 2009); *Mendoza,* 2010 WL 5224136 at *5.

Here, as in *Mendoza* the underlying "bankruptcy case is venued in the Southern District of New York, so factors one, two, and three weigh in favor of transfer to that district." *Mendoza* at *5. As in *Mendoza,* Plaintiffs should "receive a fair trial in New York and will be able to enforce any judgment [they] might obtain, so factors four and six favor transfer." *Id.* Moreover, since the putative class action is brought on behalf of consumers residing in numerous states, no

5

one state has a paramount interest and, as the *Mendoza* court noted, "a bankruptcy court in New York is perfectly capable of interpreting and applying [other states'] law…." *Id.*

Transfer may also be appropriate to avoid the risk that parallel actions on the same facts may lead to "potentially inconsistent results." *O'Hopp v. Conti Financial Corp.*, 88 F. Supp. 2d 31, 37 (E.D.N.Y. 2000). As noted by the *Mendoza* court: "Identical lawsuits can, and likely will, be filed in other states. Each of these lawsuits . . . will require a determination as to whether New GM assumed the liabilities at issue when it purchased Old GM's assets. Unless such actions are transferred to the bankruptcy court, different courts will be required to interpret the same [purchase and sale agreement] and decide the same dispositive question, perhaps with different results." *Mendoza*, at *3.

### C.    Other Courts Have Used the Procedure

Other courts agree with the *Mendoza* court's analysis. In *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991) the court held that where "a civil proceeding already pending in one district court becomes 'related to' a chapter 13 case subsequently filed in another district court, the proper method for transferring the related proceeding to the bankruptcy court hearing the chapter 13 case is to seek a change of venue in the nonbankruptcy forum pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 7087." *Mar. Elec. Co.* at 1212. "After the related proceeding is transferred to the district court wherein the chapter 13 case is pending, then pursuant to 28 U.S.C. § 157(a), the related proceeding may be referred to the bankruptcy court actually hearing the chapter 13 case." *Id.; see also Res. Club, Ltd. v. Designer License Holding Co., LLC*, 2010 WL 2035830 (D.N.J. May 21, 2010) ("The Court hereby grants . . . transfer . . .

6

to the Southern District of New York pursuant to 28 U.S.C. 1412, which presumably will transfer the case to the Bankruptcy Court.").[3]

## CONCLUSION

For the reasons stated in their Motion and accompanying brief, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Transfer Venue to the Southern District of New York pursuant to 28 U.S.C. § 1412 for referral to the Bankruptcy Court pursuant to 28 U.S.C. § 157 (a).

                Respectfully submitted,

                **FINK + ASSOCIATES LAW**

        By:   /s/ David H. Fink
                David H. Fink (P28235)
                Darryl Bressack (P67820)
                100 West Long Lake Rd.; Suite 111
                Bloomfield Hills, Michigan 48304
                (248) 971-2500

Dated: February 17, 2012        dfink@finkandassociateslaw.com

---

[3]*See also Tatum v. Chrysler Group*, 2011 WL 6303290 (D. N.J. Dec. 16, 2011); *Perno v. Chrysler Group*, 2011 WL 868899 (D. N.J. March 10, 2011).

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send such notification to all ECF attorneys of record.

                              **FINK + ASSOCIATES LAW**

                              By:    /s/ David H. Fink_____
                                       David H. Fink (P28235)
                                       Darryl Bressack (P67820)
                                       100 West Long Lake Rd.; Suite 111
                                       Bloomfield Hills, Michigan 48304
                                       (248) 971-2500
Dated: February 17, 2012           dfink@finkandassociateslaw.com