09-50026-mg    Doc 11512    Filed 03/09/12    Entered 03/09/12 13:44:07    Main Document
Pg 1 of 30
HEARING DATE AND TIME: April 2, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 5, 2012 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
                                                        :    Chapter 11 Case No.
In re                                                   :
                                                        :    09-50026 (REG)
MOTORS LIQUIDATION COMPANY, et al.                      :
         f/k/a General Motors Corp., et al.,            :
                                                        :    (Jointly Administered)
                Debtors.                                :
                                                        :
------------------------------------------------------- x
```

## NOTICE OF 270th OMNIBUS OBJECTION TO CLAIMS
### (No Liability Claims)

**PLEASE TAKE NOTICE** that on March 9, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed an omnibus objection to expunge certain claims (the "**270th Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 270th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on **April 12,**

**2012 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 270th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBITS "A", "B", "C", "D" OR "E" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 270th Omnibus

Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Dickstein Shapiro LLP, attorneys

for the GUC Trust, 1633 Broadway, New York, New York 10019 (Attn: Barry N. Seidel, Esq.

and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas

Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be

received no later than **April 5, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 270th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 270th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  March 9, 2012
       New York, New York

                               /s/ Stefanie Birbrower Greer
                               Barry N. Seidel (BS-1945)
                               Stefanie Birbrower Greer (SG-2898)
                               DICKSTEIN SHAPIRO LLP
                               1633 Broadway
                               New York, New York 10019
                               Telephone: (212) 277-6500
                               Facsimile: (212) 277-6501

                               Attorneys for Motors Liquidation
                               Company GUC Trust

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
Dickstein Shapiro LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| | : 09-50026 (REG) |
| **MOTORS LIQUIDATION COMPANY**, *et al.* | : |
| f/k/a General Motors Corp., *et al.*, | : |
| | : **(Jointly Administered)** |
| Debtors. | : |
| | : |

------------------------------------------------------------ x

<u>270th OMNIBUS OBJECTION TO CLAIMS</u>
(No Liability Claims)

---

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON
THE EXHIBIT ANNEXED TO THIS OBJECTION.

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

### Relief Requested

1.      The GUC Trust files this 270th omnibus objection to certain claims (the "**270th Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the claims listed on **Exhibits "A", "B", "C", "D" and "E"** annexed hereto (collectively, the "**No Liability Claims**").[1]

2.      Representatives of the GUC Trust have examined the No Liability Claims identified on **Exhibits "A", "B", "C", "D" and "E"** and have determined that such proofs of claim seek recovery for amounts for which the Debtors are not liable. Each of the No Liability Claims listed on (i) **Exhibit "A"** (the "**Non-Debtor Claims**") are being asserted against an entity other than the Debtors; (ii) **Exhibit "B"** (the "**New GM Claims**") reflect obligations assumed by General Motors, LLC ("**New GM**"); (iii) **Exhibit "C"** (the "**Securities Claims**") are claims for equity interests or individual debt security claims; (iv) **Exhibit "D"** (the "**Individual Dex-Cool Claims**") are individual claims that are duplicative of Proof of Claim No. 51095 (the "**Dex-Cool Class Action Claim**"); and (v) **Exhibit "E"** (the "**Settled Claims**") are being asserted by claimants who, since filing the proof of claim, have entered into a

---

[1] Creditors can obtain copies of the cover page of any proof of claim against the Debtors' bankruptcy estates on the Debtors' claims register on the website (www.motorsliquidation.com) maintained by the Debtors' claims agent. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017, or by phone at 1-703-286-6401.

settlement agreement and agreed to release their claims against the Debtors. As such, the No Liability Claims are not entitled to recovery under the terms of the Plan.

3.         Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Procedures Order, the GUC Trust seeks entry of an order disallowing and expunging the No Liability Claims from the claims register. Further, the GUC Trust reserves the right to object on an alternative basis to any of the No Liability Claims as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.         This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.         On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

6.         On October 6, 2009, this Court entered the Procedures Order, which authorizes parties in interest to, among other things, file omnibus objections to claims under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.

[3] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

grounds set forth in the Procedures Order. The Procedures Order specifically authorizes parties

in interest to file omnibus objections to claims that "seek recovery of amounts for which the

Debtors are not liable." (Procedures Order at 2.)

## The Relief Requested Should Be Approved by the Court

7.       On March 29, 2011, this Court entered an order confirming the Plan (ECF

No. 9941). Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the

creation of the GUC Trust to administer certain responsibilities after the Effective Date (as

defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as

defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived

on March 31, 2011, thereby making the Plan effective as of that date.

8.       A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.       Each of the No Liability Claims are claims for which the Debtors are

not liable and therefore, are unenforceable against the Debtors.

### A.    Non-Debtor Claims

10.    The claims listed on **Exhibit A** are not claims against the Debtors. Each of these claims appear to assert claims against third parties which, in many cases, are not even related to the Debtors. The GUC Trust submits that, because the Non-Debtors Claims do not reflect obligations of the Debtors, they should be disallowed and expunged.

### B.    New GM Claims

11.    The New GM Claims reflect obligations assumed by New GM under the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the **"Master Purchase Agreement"**), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM. The claims listed on **Exhibit B** do not reflect obligations of the Debtors, and, instead, should be asserted against New GM (to the extent they are valid and remain unsatisfied).

12.    One of the New GM Claims (Claim No. 33218) arises out of a breach of warranty or is otherwise covered by state lemon law statutes. Such claims were assumed by New GM pursuant to Section 2.3(a) of the Master Purchase Agreement. In particular, New GM assumed:

> (A) all Liabilities arising under express written warranties of Sellers that are specifically identified as warranties and delivered in connection with the sale of new, certified used or pre-owned vehicles or new or remanufactured motor vehicle parts and equipment (including service parts, accessories, engines and transmissions) manufactured or sold by Sellers or Purchaser prior to or after the Closing and (B) all obligations under Lemon Laws;
>
> Master Purchase Agreement § 2.3(a)(vii).

13.    A second New GM Claim (Claim No. 70339) relates to events occurring after the July 10, 2009 closing date of the sale under the Master Purchase Agreement and such claims have likewise been assumed by New GM.  Master Purchase Agreement § 2.3(a)(ix); *see also In re Motors Liquidation Co.*, Ch. 11 Case No. 09-50026 (REG), 2011 Bankr. LEXIS 11, at *4 (Bankr. S.D.N.Y. Jan. 5, 2011) (explaining that "claims arising from 'accidents or incidents' occurring on or after July 10, 2009" were assumed by New GM pursuant to section 2.3(a)(ix) of the Master Purchase Agreement).  Consequently, the foregoing claim is also an obligation of New GM.

14.    The remaining New GM Claims are for liabilities arising under contracts that were assumed and assigned to New GM under the Master Purchase Agreement.  As such, each of those claims are obligations of New GM under the Master Purchase Agreement.  Master Purchase Agreement § 2.3(a)(ii).

## C.    Securities Claims

15.    The Securities Claims fall into two categories.  One claim (Claim No. 71119) relates to equity interest held by the claimant (the **"Equity Interest Claim"**), for which claimants are not entitled to recovery and which should be disallowed and reclassified as equity under the Plan.  The remaining five Securities Claims (the **"Individual Debt Claims"**) are debt security claims asserted by individuals, for which the Debtors are not liable under the terms of the Plan.[4]

16.    With respect to the Equity Interest Claim, the Bankruptcy Code clearly differentiates between a "claim" and an "equity security" and designates those who have

---

[4] With respect to one of the Individual Debt Claims (Claim No. 9149), the proof of claim makes clear that it is based on a security of the Debtor without specifying whether it is a debt or equity security.  However, claims based on equity securities are likewise not entitled to recovery under the Plan.

"claims" against the Debtors as "creditors" and those who hold "equity securities" as "equity security holders." 11 U.S.C. §§101(5), 101(10), 101(16), 101(17). Thus, the filing of a proof of claim by an equity security holder to assert an equity interest is improper and insufficient to support a "claim." *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership"). A proof of claim asserting an equity interest as a "claim" should be disallowed and reclassified as an equity interest.

17.    The Individual Debt Claims were previously fixed and allowed under the Debtors' Plan. Individual bondholders, to the extent they are beneficial bondholders as of the record date under the Debtors' Plan, will receive distributions in accordance with the Plan. To avoid the possibility of multiple recoveries, the GUC Trust representatives request that the Court disallow and expunge the Individual Claims. *See In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors'") (*quoting In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

### D.    Individual Dex-Cool Claims

#### i.    Background

18.    Before the Petition Date, certain class action plaintiffs, on behalf of themselves and a class of all others similarly situated, commenced actions against General Motors Corporation (**"Old GM"**) concerning, among other things, claims that "Dex-Cool" engine coolants led to expensive repairs (the **"Dex-Cool Class Action"**).

19.    The Dex-Cool Class Action was settled prepetition. Under the settlement, any party eligible to be a member of the Dex-Cool Class Action that failed to opt out was bound by the settlement.

20.    Given the commencement of Old GM's bankruptcy case, certain payments were not made under the Dex-Cool Class Action settlement. Thus, the Dex-Cool Class Action Claim was filed on behalf of all members of the class who were entitled to be, but were not, paid under the prepetition settlement. The Dex-Cool Class Action Claim was resolved by the Agreement resolving Proof of Claim No. 51095 and Implementing Modified Dex-Cool Class Settlement (the **"Agreement"**) (ECF No. 10172), approved by this Court on May 3, 2011. Pursuant to the Agreement, members of the class received its pro rata distribution in the form of a general unsecured claim.

### ii.    The Individual Dex-Cool Claims

21.    Based on the investigation performed by the GUC Trust it appears that each of the claimants who filed the Individual Dex-Cool Claims were members of the class for the Dex-Cool Class Action and, thus, their rights are determined by the Dex-Cool Class Action Claim. None of the claimants thus have an individual right to payment from the Debtors. Consequently, the Individual Dex-Cool Claims are not claims for which the Debtors are liable.

### E.    Settled Claims

22.    The Settled Claims should be disallowed and expunged because they reflect obligations of the Debtors which have been resolved or otherwise released. Each of the claimants listed on **Exhibit E** are a party to a postpetition agreement pursuant to which they have agreed not to seek recovery from the Debtors on account of their claims. In light of

8

the foregoing, the GUC Trust submits that the Settled Claims should be disallowed and expunged.

*   *   *

23.     For the reasons set forth herein, the GUC Trust submits that the Debtors are not liable for the claims listed on **Exhibits "A", "B", "C", "D" and "E"** and that such claims should be disallowed, expunged and/or reclassified as described herein.

**Notice**

24.     Notice of this 270th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibits "A", "B", "C", "D" and "E"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

25.     No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 9, 2012
New York, New York

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ABRASIVOS Y SERVICIOS<br>EULOGIO FLORES # 105 FRACCLA VICTORIA<br>GUADALUPE NL CP 67110, MEXICO | 22320 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $19,007.00 | (U) | | |
| | | | $19,007.00 | (T) | | |
| ANDERSON UNIVERSITY<br>ATTN CASHIER<br>1100 E 5TH ST<br>ANDERSON, IN 46012-3462 | 48350 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $4,920.00 | (U) | | |
| | | | $4,920.00 | (T) | | |
| ANDREW P THOMPSON TR FBO W THOMPSON TRUST<br>2 REQUA STREET<br>BRIARCLIFF MANOR, NY 10510 | 70775 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $5,865.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $0.00 | (U) | | |
| | | | $5,865.00 | (T) | | |
| APPLIED SCIENCE ASSOCIATES INC<br>4607 W LAMB AVE<br>TAMPA, FL 33629-7632 | 5033 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $3,150.00 | (U) | | |
| | | | $3,150.00 | (T) | | |
| BITO LOZADA ORTEGA & CASTILLO<br>PO BOX 781<br>MANILA PHILIPPINES 12105 PHILIPPINES | 61059 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $4,942.00 | (U) | | |
| | | | $4,942.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BLOOMBERG L P<br>PO BOX 30244<br><br>HARTFORD, CT 06150-0244<br>UNITED STATES OF AMERICA | 6950 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$6,057.29<br>$6,057.29 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| CASSANDRA MOREHEAD<br>2600 COUNTRYSIDE CT UNIT 19B<br><br>AUBURN HILLS, MI 48326-2224 | 33459 | Motors Liquidation Company | $13,172.94<br>$0.00<br>$0.00<br>$0.00<br>$13,172.94 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| CB RICHARD ELLIS INC<br>700 COMMERCE DRIVE SUITE 550<br><br>OAK BROOK, IL 60523 | 70949 | Motors Liquidation Company | $0.00<br>$14,000.00<br>$0.00<br>$0.00<br>$14,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| CITY OF CERRITOS<br>ATTN: FINANCE DEPT<br>18125 BLOOMFIELD AVE<br>CERRITOS, CA 90703 | 70985 | MLCS, LLC | $0.00<br>$78,404.85<br>$0.00<br>$0.00<br>$78,404.85 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| CONTITECH MGW GMBH<br>ACCOUNTS DEPT<br>A FRANZISKA HEUER, KASSELER STRABE 11<br>POSTFACH 1420<br>D 34334 HANN MUNDEN GERMANY | 17712 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$92,779.47<br>$92,779.47<br><br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| D & M CONTRACTING CO<br>PO BOX 362<br><br>RANDOLPH, OH 44265-0362 | 31227 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$67,869.16<br>$67,869.16 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| DAIMLER CHRYSLER MOTORS COMPANY LLC<br>CONNELLY JACKSON & COLLIER<br>1801 CALIFORNIA ST STE 3400<br>DENVER, CO 80202-2634 | 9383 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$47,593.20<br>$47,593.20 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| DEMORRIS THOMAS<br>C/O DEMORRIS WILEY<br>2531 MORNING GLORY LN<br>LAWRENCEVILLE, GA 30044-7308 | 71234 | Motors Liquidation Company | $120,456.12<br>$0.00<br>$0.00<br>$19,600.00<br>$140,056.12 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| GARY WADE TRUCKING<br>825 FAYETTEVILLE WILLIAMS RD<br><br>WILLIAMS, IN 47470-9661 | 6872 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$6,285.00<br>$6,285.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| INGUI, RONALD C<br>24 DARTMOUTH RD<br><br>WAYNE, NJ 07470-4607 | 1684 | Motors Liquidation Company | $2,000.00<br>$0.00<br>$0.00<br>$0.00<br>$2,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |
| JOSEPH R POLVERARI SR APC<br>FOR RUBY HILL LLC LANDLORD<br>333 W SAN CARLOS STREET 8TH FLOOR<br>SAN JOSE, CA 95110 | 70052 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$795,482.00<br>$795,482.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Non-Debtor Claims | Pg. 5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| LAPRISE OILFIELD SERVICES, INC.<br>C/O CLEALL LLP<br>ATTN: HARVEY HAIT<br>2500 COMMERCE PLACE, 10155 - 102 STREET<br>EDMONTON, ALBERTA T5J 4G8, CANADA | 58908 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $129,638.77 | (U) | | |
| | | | $129,638.77 | (T) | | |
| | | | Unliquidated | | | |
| PIVAL INTERNATIONAL INC<br>1000 AVE ST CHARLES STE 800<br>CANADA<br>VAUDREUIL-DORION PQ J7V 8P5 CANADA | 63379 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $21,459.86 | (U) | | |
| | | | $21,459.86 | (T) | | |
| QUIGG PARTNERS<br>LEVEL 7, THE BAYLEYS BUILDING<br>28 BRANDON STREET<br>P.O. BOX 3035<br>WELLINGTON 6140 NEW ZEALAND | 23260 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $21,491.38 | (U) | | |
| | | | $21,491.38 | (T) | | |
| SHANGHAI TAIYE AUTOMOBILE SEATCOP LTD<br>NO 688 CHUANSHA RD<br>PUDONG SHANGHAI<br>SHANGHAI CHINA | 39272 | Motors Liquidation Company | $0.00 | (S) | Non-Debtor Claims | Pg. 5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $20,941.36 | (U) | | |
| | | | $20,941.36 | (T) | | |
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 20 | | $135,629.06 | (S) | | |
| | | | $98,269.85 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $1,261,216.49 | (U) | | |
| | | | $1,495,115.40 | (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit B**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ASHLAND INC<br>C/O REGINALD W JACKSON, ESQ<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 EAST GAY STREET<br>COLUMBUS, OH 43215 | 1223 | Motors Liquidation Company | $0.00<br>$40,131.24<br>$0.00<br>$0.00<br>$40,131.24 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| ASHLAND INC & ASHLAND WATER TECHNOLOGIES<br>5200 BLAZER PKWY<br>DUBLIN, OH 43017 | 1222 | Motors Liquidation Company | $0.00<br>$40,131.29<br>$0.00<br>$97,670.72<br>$137,802.01 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| BRANDON J. DAVIS<br>337 WOOD BRIDGE GLEN<br>RICHMOND HEIGHTS, OH 44143 | 70339 | Motors Liquidation Company | $8,060.00<br>$0.00<br>$0.00<br>$5,000.00<br>$13,060.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| CONSOLIDATED RAIL CORPORATION<br>ATTN: JOHN K ENRIGHT ESQ<br>1717 ARCH STREET 32ND FL<br>PHILADELPHIA, PA 19103 | 64554 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$30,540.82<br>$30,540.82 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| CROWN EQUIPMENT CORPORATION<br>ATTN: RODNEY J. HINDERS<br>102 S. WASHINGTON ST.<br>NEW BREMEN, OH 45869<br>UNITED STATES OF AMERICA | 70844 | Motors Liquidation Company | $0.00<br>$26,550.52<br>$0.00<br>$0.00<br>$26,550.52 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

270th Omnibus Objection

**Exhibit B**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| DOUGLAS GROCH C/O KEVIN J BOISSONEAULT 3516 GRANITE CIRCLE TOLEDO, OH 43617 | 310 | Motors Liquidation Company | $0.00 $0.00 $0.00 $400,000.00 $400,000.00 | (S) (A) (P) (U) (T) | New GM Claims | Pgs. 5-6 |
| GENESEE PACKAGING INC ATTN DENNIS M HALEY (P14538) G-9460 S SAGINAW STREET SUITE A GRAND BLANC, MI 48439 | 70377 | Motors Liquidation Company | $0.00 $6,260.85 $0.00 $27,864.03 $34,124.88 | (S) (A) (P) (U) (T) | New GM Claims | Pgs. 5-6 |
| GENESEE PACKAGING, INC DENNIS M HALEY (P14538) G-9460 S SAGINAW STREET, SUITE A GRAND BLANC, MI 48439 UNITED STATES OF AMERICA | 45644 | Motors Liquidation Company | $0.00 $0.00 $0.00 $64,837.63 $64,837.63 | (S) (A) (P) (U) (T) | New GM Claims | Pgs. 5-6 |
| INDIANAPOLIS POWER & LIGHT COMPANY ATTN LACHELLE D STEPP 8520 ALLISON POINTE BLVD SUITE 200 INDIANAPOLIS, IN 46250 | 1172 | Motors Liquidation Company | $0.00 $0.00 $0.00 $282,816.11 $282,816.11 | (S) (A) (P) (U) (T) | New GM Claims | Pgs. 5-6 |
| INGRASSIA, JOSEPHINE 12 SPRUCE ST CARTERET, NJ 07008 | 33218 | Motors Liquidation Company | $0.00 $0.00 $0.00 $26,305.78 $26,305.78 | (S) (A) (P) (U) (T) | New GM Claims | Pgs. 5-6 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

270th Omnibus Objection

**Exhibit B**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| JEFFERIES LEVERAGED CREDIT PRODUCTS re: SMITH INSTRUMENT INC ATTN: MIKE RICHARDS ONE STATION PLACE THREE NORTH STAMFORD, CN 06902 | 7908 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$23,957.51<br>$23,957.51 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| KONE INC 4225 NAPERVILLE ROAD # 400 LISLE, IL 60532 | 70881 | Motors Liquidation Company | $0.00<br>$44,366.99<br>$0.00<br>$0.00<br>$44,366.99 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| MIKE DAVIS 503 N. APPERSONWAY KOKOMO, IN 46901 UNITED STATES OF AMERICA | 70694 | Motors Liquidation Company | $0.00<br>$297,666.00<br>$0.00<br>$0.00<br>$297,666.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| RELIANT ENERGY RETAIL SERVICES LLC C/O JACKSON WALKER L.L.P. ATTN HEATHER M. FORREST 901 MAIN STREET, SUITE 6000 DALLAS, TX 75202 | 70877 | Motors Liquidation Company | $0.00<br>$13,000.98<br>$0.00<br>$0.00<br>$13,000.98 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| ROCKY FORK COMPANY C/O JERRY E. PEER, JR. PETERSON ELLIS FERGUS & PEER LLP 250 CIVIC CENTER DRIVE PLAZA ONE, SUITE 650 COLUMBUS, OH 43215 UNITED STATES OF AMERICA | 70843 | Motors Liquidation Company | $0.00<br>$3,153.81<br>$0.00<br>$0.00<br>$3,153.81 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| 270th Omnibus Objection | Exhibit B | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG), Jointly Administered |
|---|---|---|

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| STANLEY WORKS THE<br>5335 AVION PARK DR<br><br>CLEVELAND, OH 44143-1916 | 45625 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$44,761.02<br>$44,761.02 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| SUMMIT FUNDING GROUP<br>RICHARD L FERRELL ESQ<br>TAFT STETTMAUS & HOLLISTER LLP<br>425 WALNUT ST STE 1800<br>CLEVELAND, OH 44114 | 60284 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$53,426.70<br>$53,426.70 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |
| SUN MICROSYSTEMS INC<br>C/O LAWRENCE SCHWAB/THOMAS GAA<br>BIALSON, BERGEN & SCHWAB<br>2600 EL CAMINO REAL STE 300<br>PALO ALTO, CA 94306 | 67363 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$338,240.00<br>$338,240.00<br><br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | New GM Claims | Pgs. 5-6 |

| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 18 | | $8,060.00<br>$471,261.68<br>$0.00<br>$1,395,420.32<br>$1,874,742.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit C**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BARBARA SWANSON<br>17255 E 200TH ST<br><br>ORION, IL 61273 | 14426 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$10,000.00<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Securities Claims | Pgs. 6-7 |
| CHUNG CHIT, LAU<br>18B TWR 5 PARC ROYALE<br>8 HIN TAI STR SHATIN<br>NT HONG KONG | 29733 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$300,000.00<br>$300,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Securities Claims | Pgs. 6-7 |
| JOHN BUTE<br>2328 E FINLEY ST<br><br>GILBERT, AZ 85296-1001 | 9419 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$5,000.01<br>$5,000.01 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Securities Claims | Pgs. 6-7 |
| M FELBER & F FELBER TTEE<br>MICHAEL J & FLORANCE C FELBER<br>U/A DTD 04/08/1994<br>821 E ROYAL RIDGE DR<br>ORO VALLEY, AZ 85737-8805 | 18359 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$10,300.00<br>$10,300.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Securities Claims | Pgs. 6-7 |
| MARGARET A O'NEILL A/K/A MARGARET ANN O'NEILL<br>25 STOWELL RD<br><br>BEDFORD, NH 03110-4714 | 71119 | Motors Liquidation Company | Unliquidated | | Securities Claims | Pgs. 6-7 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

### Exhibit C

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| MS&CO C/F PEARL KLOSTER IRA ROLLOVER DATED 07/31/86 1520 CLERMONT ROAD DURHAM, NC 27713-2410 | 63130 | Motors Liquidation Company | $0.00 | (S) | Securities Claims | Pgs. 6-7 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $3,300.00 | (U) | | |
| | | | $3,300.00 | (T) | | |
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 6 | | $0.00 | (S) | | |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $328,600.01 | (U) | | |
| | | | $328,600.01 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

270th Omnibus Objection

**Exhibit D**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BOBBY LOUGHRIDGE<br>2401 21ST STREET NORTH<br><br>TEXAS CITY, TX 77590-5209 | 18744 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$3,013.55<br>$3,013.55 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Individual Dex-Cool Claims | Pgs. 7-8 |
| FRED COGNETTI<br>7534 S CARLISLE AVE<br><br>TUCSON, AZ 85746-2518 | 28022 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$750.00<br>$750.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Individual Dex-Cool Claims | Pgs. 7-8 |
| JENSEN MARTHA J<br>8825 IROQUOIS RD<br><br>SAINT HELEN, MI 48656-9746 | 1776 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$102.68<br>$102.68 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Individual Dex-Cool Claims | Pgs. 7-8 |
| JENSEN MARTHA J<br>8825 IROQUOIS RD<br><br>SAINT HELEN, MI 48656-9746 | 1777 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$1,240.52<br>$1,240.52 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Individual Dex-Cool Claims | Pgs. 7-8 |
| JENSEN MARTHA J<br>8825 IROQUOIS RD<br><br>SAINT HELEN, MI 48656-9746 | 1778 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$255.90<br>$255.90 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Individual Dex-Cool Claims | Pgs. 7-8 |
| LLOYD STURTEVANT<br>5560 SCHIERING DRIVE<br><br>FAIRFIELD, OH 45014 | 59018 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$1,199.93<br>$1,199.93 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Individual Dex-Cool Claims | Pgs. 7-8 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

270th Omnibus Objection

**Exhibit D**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 6 | | $0.00 | (S) | | |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $6,562.58 | (U) | | |
| | | | $6,562.58 | (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

270th Omnibus Objection  **Exhibit E**  Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| DOE B<br>RASNER BRUCE<br>WATERFIELD TOWER<br>18881 VON KARMAN AVENUE SUITE 920<br>IRVINE, CA 92612 | 64733 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$500,000.00<br>$500,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Settled Claims | Pgs. 8-9 |
| DOE C<br>RASNER BRUCE<br>WATERFIELD TOWER<br>18881 VON KARMAN AVENUE SUITE 920<br>IRVINE, CA 92612 | 64732 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$500,000.00<br>$500,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Settled Claims | Pgs. 8-9 |
| DOE, A<br>RASNER, BRUCE<br>WATERFIELD TOWER,18881 VON KARMAN AVE, SUITE 920<br>IRVINE, CA 92612 | 64735 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$500,000.00<br>$500,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Settled Claims | Pgs. 8-9 |
| FERNAND JOSEPH DELAROSBIL<br>C/O BISCEGLIA DUMANSKI LLP<br>ATTN: JOSEPH A. BISCEGLIA<br>2ND FLOOR, 747 QUEEN STREET<br>SAULT STE. MARIE, ON  P6A 2A8 | 16787 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$2,000,000.00<br>$2,000,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Settled Claims | Pgs. 8-9 |
| KANDI VILLA<br>C/O MICHAEL ROOFIAN & ASSOC APC<br>11766 WILSHIRE BLVD<br>6TH FL<br>LOS ANGELES, CA 90025 | 18741 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$1,000,000.00<br>$1,000,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Settled Claims | Pgs. 8-9 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

270th Omnibus Objection

**Exhibit E**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| TORRES, ALEJANDRO<br>C/O BRUCE ELLIOTT RASNER<br>WATERFIELD TOWER<br>18881 VON KARMAN AVENUE STE 920<br>IRVINE, CA 92612 | 64734 | Motors Liquidation Company | $0.00 (S)<br><br>$0.00 (A)<br><br>$0.00 (P)<br><br>$500,000.00 (U)<br><br>$500,000.00 (T) | | Settled Claims | Pgs. 8-9 |
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 6 | | $0.00 (S)<br><br>$0.00 (A)<br><br>$0.00 (P)<br><br>$5,000,000.00 (U)<br><br>$5,000,000.00 (T) | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                      :    Chapter 11 Case No.

In re                               :

                                    :    09-50026 (REG)

**MOTORS LIQUIDATION COMPANY,** *et al.*  :
     **f/k/a General Motors Corp.,** *et al.,*  :

                                   :    **(Jointly Administered)**

              **Debtors.**        :

                                    :

-------------------------------------------------------- x

### ORDER GRANTING 270th OMNIBUS OBJECTION TO CLAIMS
### (No Liability Claims)

Upon the 270th Omnibus Objection to expunge certain claims, dated March 9, 2012 (the "**270th Omnibus Objection to Claims**"),[5] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the No Liability Claims on the grounds that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully described in the 270th Omnibus Objection to Claims; and due and proper notice of the 270th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief

---

[5] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 270th Omnibus Objection to Claims.

sought in the 270th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 270th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is:

ORDERED that the relief requested in the 270th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibits "A", "B", "D" and "E"** annexed hereto are disallowed and expunged; and it is further

ORDERED that, Claim Nos. 18359, 9419, 14426, 29733 and 63130 listed on **"Exhibit C"** annexed hereto are disallowed and expunged; and it is further

ORDERED that, Claim No. 71119 listed on **"Exhibit C"** annexed hereto is reclassified as equity under the Plan and disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibits "A", "B", "C", "D" and "E"** annexed to the 270th Omnibus Objection to claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
United States Bankruptcy Judge