HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                                         :   **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :   **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*     :
                                              :
           Debtors.                           :   **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

**NOTICE OF OBJECTION TO PROOF**
**OF CLAIM NO. 71249 FILED BY MARJORIE A. CREAMER**

**PLEASE TAKE NOTICE** that on March 22, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to proof of claim number 71249 filed by Marjorie A. Creamer (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 26, 2012, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **April 19, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard

offered to any party.

Dated: New York, New York
       March 22, 2012

           */s/ Stefanie Birbrower Greer*
           Barry N. Seidel (BS-1945)
           Stefanie Birbrower Greer (SG-2898)

           DICKSTEIN SHAPIRO LLP
           1633 Broadway
           New York, New York 10019-6708
           Telephone: (212) 277-6500
           Facsimile: (212) 277-6501

           Attorneys for Motors Liquidation
           Company GUC Trust

HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*  :
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**OBJECTION TO PROOF OF CLAIM**
**NO. 71249 FILED BY MARJORIE A. CREAMER**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), objects to proof of claim number 71249 filed by Marjorie A. Creamer (the "**Claim**"), on the basis that the Claim seeks recovery for amounts for which the Debtors are not liable. To the extent liability exists on account of the claim, such liability is the obligation of General Motors, LLC ("**New GM**"). In support of this Objection, the GUC Trust respectfully represents:

**PRELIMINARY STATEMENT**

1. On December 22, 2011, Ms. Creamer, a *pro se* litigant, filed the Claim in the amount of $2,000,000, seeking to recover damages for personal injury caused by an accident involving an allegedly defective vehicle ("**Accident**"). The Accident allegedly occurred on September 24, 2009. As set forth more fully herein, claims (if any) resulting from the Accident are liabilities that were assumed by New GM, and are not the responsibility of the Debtors.

2. Ms. Creamer filed an action against the Debtors related to the Accident in the United States District Court in Kansas, and has continued efforts to pursue such action, despite the automatic stay. Additionally, though this is the first objection filed by the GUC Trust to the Claim, Ms. Creamer has already sent several letters to the Court related to the Claim. Among other things, Ms. Creamer has requested "an urgency on the decision" related to the Claim, though she also acknowledges that she is asking the Debtors to pay her an "exorbitant amount" of money. See Exhibit A at 4. Despite efforts by the GUC Trust and its counsel to explain to Ms. Creamer that New GM is liable for any damages resulting from the Accident (and that, in any event, the Claim is not valid because it was not timely filed), Ms. Creamer has indicated that she intends to litigate the Claim.

3. In light of the foregoing, and as more fully set forth herein, the GUC Trust seeks entry of an order (i) disallowing and expunging the Claim pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and (ii) providing that, to the extent Ms. Creamer files any further pleadings, claims, or otherwise takes action against the Debtors or the GUC Trust in this Court, neither the Debtors nor the GUC Trust should be required to file a response or take any action unless directed by this Court.

## JURISDICTION

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## THE CLAIM

5. On March 15, 2011, Ms. Creamer filed a complaint against the Debtors in the United States District Court in Kansas seeking $2,000,000 for alleged damages resulting from the Accident, which allegedly took place on September 24, 2009 (the "**Litigation**").[1] On July 15, 2011, the Court entered an order dismissing the Litigation without prejudice because of the automatic stay that went into effect upon the Debtors' bankruptcy filing. See Exhibit B. Ms. Creamer's appeal to the Tenth Circuit Court of Appeals of this decision was dismissed as untimely. See Exhibit C.

6. After dismissal of the Litigation and rejection of her appeal, Ms. Creamer continued to attempt to file documents in the case. The Court informed Ms. Creamer, in writing, that no further filings in the case would be accepted, and directed her to appeal the case to the United States Supreme Court if she desired to pursue the matter. See Exhibit D. Ms. Creamer continued to send letters to the court, which appear on the docket but were not made part of the official record. See Exhibit E.

7. On December 22, 2011 (over two years after the Accident and the applicable Bar Date), Ms. Creamer filed the Claim, seeking to recover $2,000,000 from the Debtors for damages allegedly resulting from the Accident. See Exhibit F. Ms. Creamer had not previously filed a claim against the Debtors in connection with the Accident.

---

[1] On September 15, 2011, Ms. Creamer also filed a lawsuit against the "ESIS Claims Unit" seeking $2,000,000.00 in damages related to the Accident. This case is pending in the United States District Court in Kansas. *See* Exhibit I.

8. On January 12, 2012, counsel for the GUC Trust sent a letter to Ms. Creamer advising her that the Claim had not been timely filed and requesting that she voluntarily withdraw the Claim. See Exhibit G. Thereafter, Ms. Creamer filed a letter with the Court and wrote that "GCG agent for claims against MLC gave me claim #s [sic] because bankruptcy not closed yet." See Exhibit H at 3.

## ARGUMENT

### A. The Damages Sought in the Claim Are Liabilities Assumed by New GM

9. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Where, as here, a party other than the debtor is responsible for the claim as a matter of law, the claimant cannot meet such burden.

10. Pursuant to the Amended and Restated Master Sale and Purchase Agreement (the **"Master Purchase Agreement"**), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM, New GM assumed all "liabilities" related to events occurring on or after July 10, 2009 (the "**Assumption Date**"). Section 2.3(a)(ix) of the Master Purchase Agreement sets forth the extent to which products liability claims were assumed by New GM. In particular, New GM assumed:

> (ix) all Liabilities to third parties for death, personal injury, or other injury to [p]ersons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case,

4

> manufactured, sold or delivered by [s]ellers [(i.e, the Debtors)] . . .which arise directly out of death, personal injury or other injury to [p]ersons or damage to property caused by accidents or incidents first occurring *on or after the Closing Date* and arising from such motor vehicles' operation or performance . . .

Master Purchase Agreement § 2.3(a)(ix) (emphasis added). The term "Liabilities" is defined in the recitals to the Master Purchase Agreement as follows:

> "Liabilities" means any and all liabilities and obligations of every kind and description whatsoever, whether such liabilities or obligations are known or unknown, disclosed or undisclosed, matured or unmatured, accrued, fixed, absolute, contingent, determined or undeterminable, on or off-balance sheet or otherwise, or due or to become due, including Indebtedness and those arising under any Law, Claim, Order, Contract or otherwise.

11.    This Court has sustained various objections to claims filed by the Debtors and/or the GUC Trust, because the claims related to accidents that occurred after the Assumption Date. *See, e.g,* Order Granting the 246th Omnibus Objection, Docket No. 10964. Ms. Creamer's claim is no different. On its face, the Claim seeks recovery for damages resulting from an accident occurring on September 24, 2009, <u>two months after the Assumption Date</u>. Thus as a matter of law, the Claim is unenforceable against the Debtors and Ms. Creamer cannot satisfy her burden. Consequently, the Claim should be disallowed and expunged.

### B.    <u>The Claim Was Untimely Filed</u>

12.    Even if the Claim were an obligation of the Debtors (which it is not), it should still be disallowed and expunged on the basis that the Claim was not timely filed. Section 502(b)(9) of the Bankruptcy Code provides that, upon the objection of a party in interest, a claim shall be disallowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). Pursuant to Bankruptcy Rule 3003(c)(3), a proof of claim is not timely filed unless it is filed "prior to a bar date established by order of a bankruptcy court." *In re XO Commc'n,*

*Inc.*, 301 B.R. 782, 791 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 3003(c)(3). As a general rule, any creditor who fails to file a proof of claim on or before the applicable bar date "will be forever barred that is, forbidden – from asserting the claim against each of the Debtors and their respective estates." *Bar Date Order* dated September 16, 2009 at ¶ 6.

13.   Here, the Court set a November 30, 2009 deadline for filing proofs of claim. Given that the Claim was filed <u>over two years after the Bar Date</u>, and well after the Effective Date of the Plan, the fact that the Claim was not timely filed provides an independent basis on which to disallow and expunge it. [2]

## **CONCLUSION**

For the reasons set forth above, this Court should enter an order expunging the Claim and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 22, 2012

*/s/ Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

---

[2] The GUC Trust reserves the right to object to the Claim on grounds other than those particularly set forth in this Objection, to the extent the Court does not grant the requested relief.

6

**HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :   09-50026 (REG)
    f/k/a General Motors Corp., et al.      :
                                            :
                    Debtors.                :   (Jointly Administered)
                                            :
------------------------------------------------------------x
```

## ORDER GRANTING OBJECTION TO
## PROOF OF CLAIM NO. 71249 FILED BY MARJORIE A. CREAMER

Upon the objection to proof of claim number 71249 (the "**Claim**") filed by Marjorie A. Creamer, dated March [], 2012 (the "**Objection**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claim on the basis that such claim seeks recovery of an amount for which the Debtors are not liable, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after consideration of the letters filed by Ms. Creamer prior to the filing of the Objection (ECF Nos. 11326, 11345, and 11455, and); and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is hereby disallowed and expunged; and it is further

ORDERED that, to the extent Ms. Creamer files any further pleadings, claims, or otherwise takes action against the Debtors or the GUC Trust in this Court, neither the Debtors nor the GUC Trust shall be required to file a response or take any action unless directed by this Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
 _____, 2012

_____
United States Bankruptcy Judge

2