# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARJORIE A. CREAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 11-4028-CM/DJW |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Marjorie A. Creamer brings this action *pro se* and *in forma pauperis* against

defendants General Motors ("GM") and Motors Liquidation Company ("MLC"), asserting product

liability and personal injury claims, as well as claims under the Americans with Disabilities Act

("ADA") and Kansas consumer protection laws.  Defendants failed to appear or otherwise defend,

and the Clerk of the Court entered default against defendants on June 6, 2011.  Plaintiff filed the

instant Pleading for Judgment Order and Dollar Amount Against Defendants (Doc. 10).  She also

filed a document with the court in the form of a letter, which sets out a variety of assertions on a

variety of topics.  (Doc. 9.)  In her motion, plaintiff seeks damages in the amount of $2,000,000.

Defendants have filed a Notice of Bankruptcy (Doc. 11).  For the following reasons, the court denies

the motion and dismisses the complaint.

**I.  Factual Background**

According to the form complaint, plaintiff was injured in an accident on September 24, 2009

in her 2006 Chevy Cobalt.  Although the complaint is unclear, it appears that the accident was

caused by a defective steering motor (which plaintiff alleges was subsequently subject to a recall in March 2010), and that injury was caused by the failure of the airbags to deploy.  Apparently, GM's Claims Department has been of "no help" to plaintiff.  (Doc. 1, at 5.)

Plaintiff also filed a document with the court in the form of a letter, indicating that she is incarcerated in the Smith County, Kansas, jail, "[b]eing held for no reason."  (Doc. 9, at 1.)  She believes the food is drugged.  As to her case, she asserts that photographs of the accident and other materials are in a safety deposit box, but she is unable to get them to the court at this time.  She also asserts her desire to "try and change case law" of *Creamer v. Laidlaw Transit, Inc.*, 86 F.3d 167 (10th Cir. 1996) (sexual harassment case brought by plaintiff against her former employer, affirming district court's judgment in favor of defendant), stating that "[t]he cover-ups have got to stop." (Doc. 9, at 1, 2.)   She notes that she has written a book entitled THE HUSH, which has "unfinished chapters of injustices pounded and chained on me."  (Doc. 9, at 2.)

In her motion for default judgment, plaintiff asks for $2,000,000 "to compensate for defendants not answering any of my letters" . . . and for the defective automobile.  (Doc. 10, at 1.)

Defendant MLC has filed a Notice of Bankruptcy (Doc. 11), suggesting that any action taken against defendant without obtaining relief from the Automatic Stay or the Plan Injunction from the Bankruptcy Court may be void ab initio.

## II.  Judgment Standard

Generally speaking, once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  Under Federal Rule of Civil Procedure 55(b), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an

affidavit showing the amount due – must enter judgment for that amount and costs against a

defendant who has been defaulted for not appearing. . . ."

## III. Discussion

There appear to be a number of problems with this case that prevent this court from granting

plaintiff's requested relief. First, plaintiff's complaint contains no claimed amount of damages. No

judgment by default can be greater in amount or different in kind from the demand contained in the

complaint. Rule 54(c). Specifically, courts have held that a plaintiff may not receive a default

judgment for more than the amount sought in the complaint. *Silge v. Merz*, 510 F.3d 157 (2nd Cir.

2007); *Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603 (7th Cir. 1980). Plaintiff marks

a box indicating that she is seeking actual and punitive damages, but fails to set out any specific

damage allegations in her complaint. Indeed, in the section of the form directing her to "state the

amounts claimed" she merely reasserts her allegations that the defective steering motor caused her

September 2009 accident.

Further, and most importantly, the court is concerned that, even if judgment was proper, the

court lacks authority to enter judgment against an entity subject to an automatic stay in bankruptcy.

On June 1, 2009, defendant MLC (f/k/a/ GM) and certain subsidiaries voluntarily filed for

bankruptcy pursuant to chapter 11 of the Bankruptcy code in the United States Bankruptcy Court for

the Southern District of New York. Case No. 09-50026. The filing of the chapter 11 petition stayed

all pending and future litigation against defendant. 11 U.S.C. § 362(a)(1). Absent an order of the

bankruptcy court lifting the stay, plaintiff's present action in this court is in violation of the

automatic stay. *See, e.g. In re Motors Liquid. Co.*, No. 10 Civ. 4322 (JGK), 2011 WL 2462773

(S.D.N.Y. June 20, 2011). The court is to dismiss a case in which *in forma pauperis* status has been

granted if at any time the court determines the action is frivolous or malicious, fails to state a claim

on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(1)-(iii). The court therefore dismisses plaintiff's complaint without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's Pleading for Judgment Order and Dollar Amount Against Defendants (Doc. 10) is denied, and plaintiff's complaint is dismissed without prejudice.

Dated this 15th day of July 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**