# EXHIBIT G

# DICKSTEINSHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

January 12, 2012

Via First Class Mail

Marjorie S. Creamer
705 S. Monroe
Smith Center, KS
66967

Re:    MLC Claim No. 71249

Dear Ms. Creamer:

We are in receipt of Proof of Claim No. 71249 dated December 22, 2011 (attached as Exhibit A) concerning the bankruptcy of General Motors Corporation (now known as Motors Liquidation Company, "MLC").

Please be advised that, by order of the United States Bankruptcy Court for the Southern District of New York, the deadline to file claims against MLC and its debtor affiliates was set for November 30, 2009. The order (attached as Exhibit B) provides that any creditor failing to file an official claim by such deadline is forever barred from doing so. **Because your claim was filed late, it cannot be considered for distribution by MLC.**

By this letter we are asking you to withdraw your claim against MLC. A sample withdrawal form with instructions is attached to this letter (as Exhibit C) for your use.

Sincerely,

Stefanie J. Greer

SJG/
Enclosures

Los Angeles | New York | Orange County | Silicon Valley | Stamford | Washington, DC

DOCSNY-492616v1

# EXHIBIT A

B 10 (Official Form 10) (12/08)

**UNITED STATES BANKRUPTCY COURT** FOR THE SOUTHERN DISTRICT *of NEW YORK*    | **PROOF OF CLAIM**

Name of Debtor: GENERAL MOTORS CORP. and MLC    Case Number: 09-50026

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
MARJORIE A. CREAMER — CONSUMER PROTECTION

MARJORIE A. CREAMER - GM-PRODUCT LIABILITY
705 S. MONROE
SMITH CENTER KS 66967
thehush91@hotmail.com
785-259-1460

MARJORIE A. CREAMER
send to 705 S. MONROE
SMITH CENTER KS 66967

(stamp) THE GARDEN CITY GROUP DEC 22 2011

complaint, summons served

☒ Check this box to indicate that this claim amends a previously filed claim.

Clkentry Default

Court Claim Number: 11-4028
(if known)
Filed on: March 2011

ON time
Closed NO ANSWER

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 2,000,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

BODILY DAMAGE — PERSONAL INJURY
of Defective Recalled steering MOTOR

If all or part of your claim is entitled to priority, complete item 5.

in Safety deposit box/Cates

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

CONSUMER PROTECTION

**2. Basis for Claim:**
(See instruction #2 on reverse side.)

PRODUCT LIABILITY

**3.** Last four digits of any number by which creditor identifies debtor:
SS# 3261   Recall Cobalt VIN #

**3a. Debtor may have scheduled account as:**
(See instruction #3a on reverse side.)
1G1AL55F367780039
2006 COBALT MOTOR FAILURE cause

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

ACCIDENT
Sept 24, 2009
4 year
old car
not recalled

Value of Property: $ _____   Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ no worth coin + recalled

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☒ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a__)

Amount entitled to priority:
$ unknown

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain

FOR COURT USE ONLY

Date: 12/21/2011

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Dec 21, 2011    Marie A Creamer

legal just sheet 5

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

JUN-30-2011 1:13 PM    THOMAS CO INSURANCE    FAX NO. 7854823752

*Handwritten:* PT# 2525891-0 800-229-1590 Progressive
Phone
Fax 785-462-3752

## Global Warranty Management

Page 1 of

*Handwritten:* Progressive Policy #25255891-2

Patricia Schlyer
February 14, 2011

*Handwritten:* Fax 785-228-1878

**Global Warranty Management: Main > Interface With Customer > View Vehicle Summary**

INTERFACE WITH CUSTOMER

*Handwritten:* 095 735392-n Claim # 785-271-2631 9/24/2009
Blake J. Gerald

## View Vehicle Summary

This screen allows GMVIS users to view the Summary of Vehicle Information, Field Actions, Service Information, Applicable Warranties, Transaction History, Service Contract(s) if applicable, Warranty Block, Branded Title Information and OnStar and XM Radio Information (if applicable).

For this vehicle:
- View Vehicle Summary
  - Service Contract
  - Branded Title
  - Warranty Block
- View Vehicle Build
- View Vehicle Component Summary
- View Vehicle Transaction History Detail
- View Vehicle Delivery Information
- Investigate Motor Assembly History

### Vehicle Information

VIN: 1G1AL55F387780039
Service Contract: No    Branded Title: Yes
Order Type: 70 - RETAIL - STOCK
Field Actions: 1 Open

Model: 1AL89-2006 COBALT LT SEDAN
Warranty Block: Yes    PDI Status: No

### Required Field Actions

Open field actions are highlighted

| Type | Number | Original Nbr | Description | Release Date | Status |
|------|--------|--------------|-------------|--------------|--------|
| Product Emission Recall | N060090 | 06090 | ENGINE FUEL INJECTORS - REPLACE | 01/22/2007 | Closed |
| Product Safety Recall | N100023 | 10023 | LOSS OF POWER STEERING ASSIST - REPLACE ELECTRIC POWER STEERING MOTOR | 03/18/2010 | Open |

*Handwritten:* 3-18-2010

*Handwritten:* Claim # 09-5735320-n Sept 24, 2009 accident caused by
rec no notif Marc

### Branded Title

*The VIN information contained herein and information derived therefrom is the proprietary property of The Polk Company and is to be used only for the purpose of warranty verification and shall not be used for any other purpose whatsoever.
Brand Description: SALVAGED

*Handwritten:* March 18, 2010

Title Number: R1588243
Reported By: KS

Data Branded: 11/01/2009
Reporting Source Code:
Effective Date: 12/04/2009

*Handwritten:* 2
1.31 rec

### Warranty Block

*Handwritten:* 1.3 million recalled

| Code | Description | Effective Date |
|------|-------------|----------------|
| BT | BRANDED TITLE | 12/04/2009 |

Block Transaction Types:
ZPDI
ZPTI
ZREG
ZBCT

Blocked Labor Ops:

*Handwritten:* Recall and no notification
Send to replace defective steering
motor on 4 yr. old car

### Service Information

Vehicle has no current record of outstanding service information.

### OnStar and XM Satellite Radio Information

Refer to Help page for details. For OnStar contact 888.ON.STAR1 (888.667.8271) and for XM Radio contact 877.GET.XM9T (877.438.9677).

OnStar Equipped: N
XM Equipped: Y
OnStar Vehicle Diagnostics: N

XM Radio ID: Y48PG00E

OnStar Status: NA
XM Status: Inactive
DMN Enabled: N

*Handwritten:* 1-14 bankruptcy claim 09-50026
Late in claims because of still
waiting for 30 day limit in U.S. Appeals
Court

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,                          )
                                              )
                Plaintiffs,         )
                                              )    Case No. 11-4028-CM/DJW
vs.                                           )
                                              )
GENERAL MOTORS CORPORATION,                   )
and                                           )
MOTORS LIQUIDATION COMPANY,                   )
                                              )
                Defendant.          )
                                              )

### ENTRY OF DEFAULT

    Whereas the plaintiff, appearing pro se, has demonstrated that defendants General

Motors Corporation, and Motors Liquidation Company, have failed to appear or defend this action,

showing that more than twenty days have elapsed since service was effectuated upon defendant;

    DEFAULT IS HEREBY ENTERED against Defendants General Motors Corporation

and Motors Liquidation Company, pursuant to Federal Rule of Civil Procedure 55(a).


Date: June 6, 2011                          TIMOTHY M. O'BRIEN
                                            Clerk of the Court
Kansas City, Kansas


                                            By s/ Jennifer Walton
                                            Deputy Clerk
                                            United States District Court
                                            for the District of Kansas

# Volt loses some potential buyers

**NHTSA is looking into battery fires that followed crash tests**

By Chris Woodyard
USA TODAY



**Autos**

a new survey finds.
CNW Research finds that those who consider themselves "general consumers" who said they were "very likely" to consider buying a Volt fell from 1.3% in a March poll to 0.6% in the latest survey this month. Those "likely" to consider one fell from 4.3% to 1.1%.

Even respondents identified as "early adopters" — people who'll spend to be first with the latest technology — and "very likely" to consider a Volt fell from 21.3% to 11.6%, and those likely dropped from 38.1% to ...

Whatever drop in interest follows the opening last month of an investigation into Volt fire risks by the National Highway Traffic Safety Administration. It was opened after Volt batteries caught fire in testing that tried to re-create an event last spring in which a Volt battery caught fire weeks after a severe crash test. In a third test, the batteries heated up.

author Marjorie A. Creamer

# THE HUSH

page 58

# CHAPTER FOUR

## THE MOOT TRIAL

I was denied a jury trial. Chapter 4, the moot trial, will exhibit parts of the court trial on October 1994. Otherwise, the immense week-long trial could be displayed, but it would take several volumes of books. The original record of the court will allow the reader to see and discover the facts of the case revealing the moot court.

REPORTER'S PARTIAL TRANSCRIPT OF
COURT TRIAL DIRECT EXAMINATION OF
JOHN CHAPMAN—OCTOBER 20, 1994

DIRECT EXAMINATION—CHAPMAN

PAGE 16

1  BY MR. BRAKE:
2  Q. All right. Do you recall whether or not Mr. Hoff was
3  between Ms. Creamer's legs?
4  A. Yes. As I recall that.
5  Q. You recall that.
6  A. Yeah.
7  Q. And you would agree with me that that is not stated in
8  Exhibit R, wouldn't you, sir?
9  A. No, it's not.
10 Q. So you do have some independent recollection beyond
what's



14 Lift her up and do that time, that's what I saw, and he was
15 Lifting her...
16 Me, that's what he was actually between her leg. To
17 Q. And do you have any recollection as to whether or not you
18 Went up to him and put you hand on him?
19 A. Not exactly, no. I can—to change around what I said
20 Here would be—I couldn't do it. I couldn't change
21 What I said here because this was fresh in my mind, exactly
22 Everything else is, like, three or four years later. And I-
23 Just can't remember a lot of details of why I didn't make
24 Maybe three pages or it was only half a page. I just can't
25 say.

REPORTER'S PARTIAL TRANSCRIPT OF
COURT TRIAL DIRECT EXAMINATION OF
JOHN CHAPMAN—OCTOBER 20, 1994

DIRECT EXAMINATION—CHAPMAN

PAGE 21

1  Q. And your answer was yes, wasn't it, sir?
2  A. Yes.
3  Q. Would you agree, is, that Ms. Creamer was subjected to
4  sexual harassment at Laidlaw?
5  MR. BESNOFF: Your Honor, that's a very vague
6  question. Is it referring to the incident in question or just
7  in general? That is a matter for the Court's decision
8  THE COURT: In what context, Mr. Brake?
9  MR. BRAKE: In the context of her employment, Your
10 Honor.
11 THE COURT: Let's start out by asking this gentleman

10th Circuit of Appeals          11-3358
(5)   Brief Statement of facts      10th circuit
— A victim again —                 appeal

A victim again of this court, only this time "CONSUMER PROTECTION" is the issue at hand, not sexual harassment (assault, battery, attempt rape at work). MARJORIE A. CREAMER will show that the case 11-3358 in 10th circuit appeal court is of such imperative public importance as to NOT justify the 1 day allowance for decision, to quick for appellate practice to examine facts and to require attention to fact of improper conduct to defendent(s) contact. Requires immediate redetermination of case and misconduct of judges.
— USA Today newspaper Dec 8, 2011, Tuesday Chevy VOLT auto problems, fire hazard.
(1-5)

— CRUIZE replaced Cobalt and cruize has defective steering motor problems still today.

— March 2010, 1.3 million recalls on Cobalt defective steering motor. Marjorie A. Creamer's Cobalt recalled but never notified to replace motor

THIS IS WHAT HAPPENED — CHEVY 200 COBALT PURCHASED NEW, ACCIDENT ON SEPTEMBER 24, 2009 near frontal impact on "CRUIZE" ("65 mph"), rolled and non- non-deployment of airbag, THIS WAS ISSUE UNTIL MARCH of 2010 and found STEERING MOTOR DEFECTIVE recalls on COBALT FILED A KANSAS PRODUCT LIABILITY ACTION AFTER NO RECOURSE FOUND IN TRYING TO CONTACT GM CORP. DIRECTLY (today) DIST OF KS case   filed   IFP (no chg in income

(DATES) — MARCH 2011, filed IFP
MARCH 18 — U.S MARSHALL SERVED
MAY 4      GM CORP + MOTORS LIQ CO.
               D. Kan Rule 5.4(a)
    ○    — NO ANSWER
JUNE 3 — DEFAULT MOTION
JUNE 6 — CLERK of FEDERAL COURT DEFAULT ENTRY

(2-5)

⟨ ⟩ — NO ANSWER ON COMPLAINT + SUMMONS

JUN 21 — JUDGEMENT AMOUNT

JUNE 27 — NOTICE of BK
            TO LATE

    — CASE CONTINUES
    — ORDER KS JUDGE MUGUR

NOV 29 — APPEAL NOTICE

DEC 2 — 10th CIRCUIT APPEAL ORDER

BIASED
      JUDGES CONTACT WITH DEFENDANT
AGAIN (AS IN CREAMER V. LAIDLAW
         NO. 9251673 Lower Denver Court
                                 District

AND NO INVESTIGATION OF FACTS OR
DOCKET RECORD, NEED "AUTHORITATIVE
INTERPRETIVE STANDARDS" JUDGES
ENGAGED IN CONDUCT PREJUDICIAL
TO THE EFFECT WITHOUT STUDY OF
CASE RECORD. JUDGES LUCERO, OBRIEN
MURPHY ARE THE SAME JUDGES AS IN
CREAMER V. LAIDLAW APPEAL, CREAMER

                (3-5)

KNOWS JUDGES FAILED TO EXAMINE THE FACTS AND TESTIMONY of CASE NO 92S1673 DENVER DISTRICT COURT, AS page 16-21 of TESTIMONY of JOHN CHAPMAN - OCTOBER 20, 1994 WHICH appears IN THE HUSH page 58 & 59 author MARJORIE A. CREAMER WHO ALSO WAS DENIED JURY TRIAL AS CIVIL COVER SHEET REQUESTS.

IF THE TESTIMONY OF WEEK LONG TRIAL WOULD HAVE BEEN EXAMINED THE "SEVERE OT PERVASIVE" CLAUSE WOULD HAVE BEEN OMITTED. THIS DID ALTER THE WORK ENVIRONMENT.

ASKING JUDGES TO REFRAIN FROM PAST CONDUCT AND CORRECT SPECIFIC HARM TO MARJORIE A. CREAMER ACTION SHOULD BE TAKEN TO REDRESS THE HARM AND OUTCOME OF A PRODUCT LIABILITY CASE AS SUCH TO CATCH THE CHEVORLET PROBLEM TO RECTIFY THE ELAPSE OF 90's SEXUAL

(4-5)

HARASSMENT CAUSLUTIES, 20 YEARS
AGO. THIS VIABLE TESTIMONY
IS STILL IN THE ARCHIVES AS
ALSO IN THE HUSH and ALSO
THE CASE LAW IN FEDERAL REPORTER
NEEDS TO BE REMOVED (86 F 3rd 167
10th CIRCUIT 1996) as THESE INCIDENTS
IN 1991 WERE SEVERE AND PERVASIVE
ENOUGH TO ALTER THE RAINTIFF'S
WORK ENVIRONMENT. AS THE
FACT THAT A RECALL NOTIFICATION
FAILED CAUSING A SERIOUS ACCIDENT
ON SEP. 24, 2011 — CREAMER v GM Corp etal
— APRIL 24 1991 — CREAMER v LAIDLAW
AND CONTINUES WITH NEW 2011, 2012 MODELS
INCLUDING WITH COMPLAINT
10th CIRCUIT MISCONDUCT RULE 6.2
SUPPORING DOCUMENTS
        p. 58    THE HUSH
    RECALL of DEFECTIVE MOTOR COBALT
            STEERING
    ENTRY OF DEFAULT / ENVELOPE
    (5-5)            Dec 10, 2011

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,   :        09-50026 (REG)
       f/k/a General Motors Corp., *et al.*   :
                                        :
                        Debtors.        :        (Jointly Administered)
                                        :
-------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM (INCLUDING CLAIMS UNDER BANKRUPTCY CODE SECTION 503(B)(9)) AND PROCEDURES RELATING THERETO AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion, dated September 2, 2009 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), for entry of an order pursuant to section 502(b)(9) of

the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) (a) establishing (i) **November 9, 2009** at

**5:00 p.m. (Eastern Time) (the "General Bar Date")** as the deadline for each person or entity

(including without limitation, each individual, partnership, joint venture, corporation, estate, or

trust) other than a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) to

file a proof of claim (a "**Proof of Claim**") against any Debtor to assert any claim (as defined in

section 101(5) of the Bankruptcy Code) (a "**Claim**") that arose prior to the **Commencement**

**Date**, including any unsecured claim, secured claim, priority claim, or claim under section

503(b)(9) of the Bankruptcy Code (a "**503(b)(9) Claim**") and (ii) **November 30, 2009** at **5:00**

**p.m. (Eastern Time) (the "Governmental Bar Date"** together with the General Bar Date, the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

"**Bar Dates**") as the deadline for each Governmental Unit to file a proof of claim to assert any

Claim and (b) approving the (i) proposed model Proof of Claim form (the "**Proof of Claim**

**Form**"), (ii) proposed procedures for filing Proofs of Claim, and (iii) proposed procedures for

and the form of notice of the Bar Dates (the "**Notice Procedures**"), all as more fully described in

the Motion; and due and proper notice of the Motion having been provided, and it appearing that

no other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and upon the record of the hearing held before the Court on

September 14, 2009 (the "**Hearing**") and the Court's decision as stated on the record of the

Hearing; and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that the Motion is granted as provided herein; and it is further

    ORDERED that the following procedures for filing Proofs of Claim are approved:

(a)    Unless otherwise provided herein, the General Bar Date shall be **November 30, 2009 at 5:00 p.m. (Eastern Time)**.

(b)    Unless otherwise provided herein, the Governmental Bar Date shall be **November 30, 2009 at 5:00 p.m. (Eastern Time)**.

(c)    Proofs of Claims must:  (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of June 1, 2009 (the "**Commencement Date**"); (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. 10 ("**Official Form 10**")[2]; (iv) specify the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged Claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d)    If a claimant asserts a Claim against more than one Debtor, the claimant **must** file a separate Proof of Claim against each Debtor.

---

[2] Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

(e)     Proofs of Claim shall be deemed timely filed only if the Proofs of Claim
are **actually received** by the Debtors' court approved claims agent, the
Garden City Group, Inc. ("**GCG**"), or by the Court, on or before the
applicable Bar Date at –

If by hand delivery or overnight courier:
        The Garden City Group, Inc.
        Attn: Motors Liquidation Company Claims Processing
        5151 Blazer Parkway, Suite A
        Dublin, Ohio 43017

If by first-class mail:
        The Garden City Group, Inc.
        Attn: Motors Liquidation Company
        P.O. Box 9386
        Dublin, Ohio 43017-4286

            OR

If by hand delivery:
        United States Bankruptcy Court, SDNY
        One Bowling Green
        Room 534
        New York, New York 10004

(f)     Proofs of Claim sent by facsimile, telecopy, or electronic mail
transmission **will not** be accepted.

(g)     Any person or entity (including, without limitation, individuals,
partnerships, corporations, joint ventures, trusts, and Governmental Units)
that asserts a Claim that arises from the rejection of an executory contract
or unexpired lease must file a Proof of Claim based on such rejection by
the later of (i) the applicable Bar Date and (ii) the date that is **thirty days**
following the entry of the order approving such rejection, or be forever
barred from doing so.

(h)     Notwithstanding the foregoing, a party to an executory contract or
unexpired lease that asserts a Claim on account of unpaid amounts accrued
and outstanding as of the Commencement Date pursuant to such executory
contract or unexpired lease (other than a rejection damages Claim) must
file a Proof of Claim for such amounts on or before the applicable Bar
Date unless an exception identified in paragraph (j) below applies.

(i)     In the event the Debtors amend their Schedules to (a) designate a Claim as
disputed, contingent, unliquidated, or undetermined, (b) change the
amount of a Claim reflected therein, (c) change the classification of a
Claim reflected therein, or (d) add a Claim that was not listed on the
Schedules, the Debtors shall notify the claimant of the amendment.  The

deadline for any holder of a Claim so designated, changed, or added to file a Proof of Claim on account of any such Claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

(j)    The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

1.    any person or entity whose Claim is listed on the Schedules and (i) whose Claim is **not** described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the Claim set forth in the Schedules, and (iii) who does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

2.    any person or entity whose claim has been paid in full;

3.    any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders that wish to assert Claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including Claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

4.    any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a 503(b)(9) Claim);

5.    any person or entity that holds a Claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

6.    any holder of a Claim for which a separate deadline is fixed by this Court;

7.    any Debtor in these cases having a Claim against another Debtor;

8.    any entity that, as of the Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor;

9.    any holder of a Claim who has already properly filed a Proof of Claim with the Clerk of the Court or GCG, against any of the

Debtors utilizing a Claim form which substantially conforms to the Proof of Claim Form or Official Form 10; or

10.   any person or entity whose Claim is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided**, however, that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such Claim on or before the Bar Date, unless another exception identified herein applies.

(k)   Any person or entity that relies on the Schedules has the responsibility to determine that the Claim is accurately listed in the Schedules;

and it is further

ORDERED that any holder of a Claim against the Debtors that is required but fails to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such Claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of such Claim, or receive further notices with respect to any of the Debtors' chapter 11 cases; and it is further

ORDERED that the Proof of Claim Form, substantially in the form attached hereto as Annex I, and the proposed notice of the Bar Dates, substantially in the form attached hereto as Annex II (the "**Bar Date Notice**"), are hereby approved; and it is further

ORDERED that the Debtors are authorized to customize the Proof of Claim Form to contain certain information about the creditor to which it is sent and the Debtor against which the creditor might have a Claim; and it is further

ORDERED that the following Notice Procedures are hereby approved:

(a)     Within **ten days** of entry of this Bar Date Order, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) a Bar Date Notice to the following parties:

1.     the United States Trustee for the Southern District of New York;

2.     the attorneys for the statutory committee of unsecured creditors;

3.     all known holders of Claims listed on the Schedules at the addresses stated therein;

4.     all parties known to the Debtors as having potential Claims against any of the Debtors' estates;

5.     all counterparties to any of the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein, which shall not include the counterparties to executory contracts and unexpired leases that have been assumed by the Purchaser pursuant to the sale of substantially all of the Debtors' assets;

6.     the attorneys of record to all parties to pending litigation against any of the Debtors (as of the date of the entry of the Bar Date Order);

7.     the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney's Office for the Southern District of New York, and all applicable government entities; and

8.     all parties who have requested notice pursuant to Bankruptcy Rule 2002 (1-8, collectively, the "**Notice Parties**").

(b)    The Debtors shall post the Proof of Claim Form and Bar Date Notice on the website established by GCG for the Debtors' cases: www.motorsliquidation.com;

and it is further

ORDERED that the Debtors shall publish the Bar Date Notice, with any necessary modifications for ease of publication, once in each of <u>Financial Times</u>, <u>The Wall Street Journal</u> (Global Edition—North America, Europe, and Asia), <u>The New York Times</u> (National), <u>USA Today</u> (Monday through Thursday, National), <u>Detroit Free Press/Detroit News</u>, <u>Le Journal de Montreal</u> (French), <u>Montreal Gazette</u> (English), <u>The Globe and Mail</u> (National), and <u>The National Post</u> at least **thirty days** prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that the Debtors may, in their sole discretion, publish the Bar Date Notice in other newspapers, trade journals, or similar publications; and it is further

ORDERED that the Debtors and GCG are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order; and it is further

ORDERED that notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of Claims **not** subject to the Bar Dates established herein must file such Claims against the Debtors or be forever barred from doing so; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      September _16_, 2009

                                    _s/ Robert E. Gerber_
                                    UNITED STATES BANKRUPTCY JUDGE

## **Annex I**

**Notice of Bar Dates**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY** | : | **09-50026 (REG)** |
| **f/k/a GENERAL MOTORS CORPORATION,** | : |  |
| *et al.,* | : |  |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
### (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH
CLAIMS (INCLUDING CLAIMS UNDER
SECTION 503(B)(9) OF THE BANKRUPTCY CODE)
AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |

PLEASE TAKE NOTICE THAT, on September __, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar Date**"); and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1,**

**2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com. In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

**1.    WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that arose prior to **June 1, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before **June 1, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims (as defined in Section 2(d) below).

**2.    WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(a)    Your claim is listed on the Schedules (as defined below) and (i) is <u>not</u> described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do <u>not</u> dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do <u>not</u> dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(b)    Your claim has been paid in full;

(c)    You hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d)    You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim; **provided, however, 503(b)(9) Claims are subject to the General Bar Date as provided above.**  Section 503(b)(9) provides in part:  "…there shall be allowed administrative expenses…including…(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the General Bar Date;**

(e)    You hold a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(f)    You hold a claim against any of the Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(g)    You are a Debtor in these cases having a claim against another Debtor;

(h)    You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor as of the Bar Date;

(i)    You hold a claim for which you have already properly filed a Proof of Claim against any of the Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10; or

(j)    You hold a claim that is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided**, **however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies. Debt Instruments include those agreements listed at the end of this Notice.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

3.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

4.    **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

If by overnight courier or hand delivery to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

If by first-class mail, to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

5.      **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the Debtors, will be forever barred – that is, forbidden – from asserting the claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the Debtors' chapter 11 cases.*

7.      **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**").  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidation.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.  Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address and telephone number set forth below:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286
.1-703-386-6401

In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment. In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this notice, such as whether the holder should file a Proof of Claim.**

DATED: September ___, 2009                             BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

### Certain Debt Instruments

|   | Debt Instrument | CUSIP, ISN, or Swiss Security Numbers |
|---|---|---|
| 1 | Indenture, dated as of Nov. 15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec. 7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442717, 370442BW4, 370442BS3, 370442121, 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No. 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AB0 |
| 6 | Trust Indenture, dated as of Dec. 1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N.A., ($31,000,000 Pollution Control Revenue Refunding Bonds) | CUSIP No. 455329AB8 |
| 7 | Trust Indenture, dated as of Mar. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No. 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No. 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr. 1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No. 455329AB8 |

| 10 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, between GM, Deutsche Bank AG London, as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171942757, XS0171943649 |
|----|---|---|
| 11 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, between GM Nova Scotia Finance Company, GM, as guarantor, Deutsche Bank Luxembourg S.A., as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171922643, XS0171908063. |
| 12 | Bond Purchase and Paying Agency Agreement dated May 28, 1986 between GM and Credit Suisse | Swiss Security No. 876 926 |

# EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK


### <u>WITHDRAWAL OF CLAIM</u>

| Debtor Name and Case Number: | ☐  Motors Liquidation Company, Case No. 09-50026 |
| --- | --- |
| | ☐  MLC of Harlem, Inc., Case No. 09-13558 |
| | ☐  MLCS, LLC, Case No. 09-50027 |
| | ☐  MLCS Distribution Corporation, Case No. 09-50028 |
| | ☐  Remediation and Liability Management Company, Inc., Case No. 09-50029 |
| | ☐  Environmental Corporate Remediation Company, Inc., Case No. 09-50030 |
| Creditor Name and Address: | |
| Court Claim Number (if known): | |
| Date Claim Filed: | |
| Total Amount of Claim Filed: | |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above-referenced Debtor.


Dated: _____          _____

                                   Print Name: _____

                                   Title (if applicable): _____

-----------------------------------------------------------------------------------------------------

## DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

**Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

**Court, Name of Debtor and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

**Information identifying the Claim that is to be withdrawn:**
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

**Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).**

**This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or, if applicable, with their duly appointed Claims Agent as per any procedure approved by the court in the above-referenced bankruptcy proceeding.**