HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                  :
In re                                             :    **Chapter 11 Case No.**
                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.*,         :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*          :
                                                  :
              Debtors.                            :    **(Jointly Administered)**
                                                  :
-------------------------------------------------------------x

**NOTICE OF OBJECTION TO PROOFS OF CLAIM FILED BY EXIDE
TECHNOLOGIES, RELCO SYSTEMS, INC., AND ROTH GLOBAL PLASTICS, INC.**

**PLEASE TAKE NOTICE** that on March 22, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to proofs of claim filed by Exide Technologies (Claim No. 44829, Relco Systems, Inc. (Claim No. 70019), and Roth Global Plastics, Inc. (Claim No. 64854) (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 26, 2012, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **April 19, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
March 22, 2012

*/s/ Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation Company GUC Trust

HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :        **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                   :        **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*                :
                                                            :        **(Jointly Administered)**
                        Debtors.                            :
                                                            :
------------------------------------------------------------x

### OBJECTION TO PROOFS OF CLAIM FILED BY EXIDE TECHNOLOGIES, RELCO SYSTEMS, INC., AND ROTH GLOBAL PLASTICS, INC.

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this objection (the "**Objection**") to the proofs of claim (collectively, the **"Claims"**) filed by Exide Technologies (Claim No. 44829, attached as Exhibit A), Relco Systems, Inc. (Claim No. 70019, attached as Exhibit B), and Roth Global Plastics, Inc. (Claim No. 64854, attached as Exhibit C) (collectively, the **"Claimants"** and each, a **"Claimant"**). The Claims should be disallowed and expunged because, among other things, they are subject to and barred by section

502(e)(1)(B) of title 11 of the United States Code (the "**Bankruptcy Code**").  In support of this Objection, the GUC Trust respectfully represents:

## RELIEF REQUESTED

1. By this Objection, the GUC Trust seeks entry of an order disallowing and expunging the Claims pursuant to sections 502(e)(1)(B) and 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2. Each of the Claims are unliquidated and seek reimbursement, contribution, or contractual indemnification for costs and expenses each claimant <u>may</u> incur as a result of environmental contamination somehow related to the Debtors or their property.  For this reason, the GUC Trust seeks entry of an order pursuant to section 502(e)(1)(B) of the Bankruptcy Code disallowing and expunging the Claims from the claims register.  The liquidated portion of the Roth Claim should also be expunged for failure to provide documentation sufficient to support the claim, as required under the Bankruptcy Code and orders of this Court.

## JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## THE CLAIMS[1]

**Exide Technologies, Claim No. 44829**

4. Claim No. 44829 (the "**Exide Claim**") was filed on November 24, 2009 for an unliquidated amount.  The Exide Claim relates to the Four County Landfill, a closed landfill in Delong, Indiana, which according to the Claimant, is the subject of "remedial actions

---

[1] For purposes of the GUC Trust's objection to the Claims, the GUC Trust requests the Court treat the facts alleged by claimants as true.  However, the GUC Trust reserves the right to challenge such factual allegations.  Additionally, the GUC Trust reserves the right to object to any of the Claims that are not disallowed in their entirety for any reason.

2

by EPA and the State of Indiana." See Exhibit A at ¶ 7. The Exide Claim does not assert any current claim against the Debtors or include any information indicating that Claimant has actually incurred any damages for which it seeks "indemnification, contribution, reimbursement or other payments" from the Debtors. Id. at ¶ 6.

**Relco Systems Inc., Claim No. 70019**

        5.      Claim No. 70019 (the "**Relco Claim**") was filed on February 10, 2010 for $297,200.00. The Relco Claim seeks reimbursement for potential contamination to the claimant's property caused by a neighboring casting plant owned by the Debtors, the Bedford Indiana Powertrain Plant. The Relco Claim does not indicate that any contamination has occurred.

**Roth Global Plastics, Inc., Claim No. 64854**

        6.      Claim No. 64854 (the "**Roth Claim**") was filed on November 30, 2009 for an unliquidated amount. The Roth Claim seeks reimbursement for potential contamination to the Salina Industrial Power Park in Salina, New York, a property owned by the Debtors and leased to the Claimant since July 26, 2007. In support of the Roth Claim, the Claimant attached an Assignment and Amendment to Lease, but provided no documents indicating that it has incurred any "cost or expense" for which it seeks reimbursement from the Debtors. See Exhibit C at 4.

        7.      The Roth Claim also includes a $43,000 claim for damages relating to a security deposit given in connection with a lease assigned to the Claimant. The claim does not include any documentation which indicates that the Debtors are in possession of such security deposit or are otherwise required to pay such amount to the Claimant.

3

# THE RELIEF REQUESTED SHOULD BE APPROVED BY THE COURT

I.     **The Claims Should be Expunged Under Section 502(e)(1)(B)**

8.     Section 502(e)(1)(B) of the Bankruptcy Code provides, in relevant part, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution."  11 U.S.C. § 502(e)(1)(B).

9.     There are two distinct policies behind section 502(e)(1)(B).  First, section 502(e)(1)(B) prevents competition for the limited proceeds of the estate by precluding redundant recoveries by multiple parties on the same underlying claim.  *Aetna Cas. & Surety Co. v. Ga. Tubing Co. (In re Chateaugay Corp.)*, No. 93-3659, 1995 WL 429018, at *3 (S.D.N.Y. July 20, 1995) (citations omitted).  Second, section 502(e)(1)(B) furthers the administration of bankruptcy cases by preventing "contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or *a final distribution in a liquidating case*."  *In re GCO Serv. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (emphasis added); *see also In re Alper Holdings USA*, No. 07-12148, 2008 WL 4186333, at *7 (Bankr. S.D.N.Y. Sept. 10, 2008) (citations omitted); *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (section 502(e)(1)(B) enables "distribution to unsecured creditors without a reserve for these types of contingent claims when the contingency may not occur until after the several years it often takes to litigate the underlying lawsuit.").

10.    As this Court recently held in *In re Chemtura Corp.,* for a claim to be disallowed under section 502(e)(1)(B), three elements must be satisfied: "(1) the claim must be for reimbursement or contribution; (2) the party asserting the claim must be liable with the debtor on the claim of a third party; and (3) the claim must be contingent at the time of its

4

allowance or disallowance." *In re Chemtura Corp.*, 436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010); *see also GCO Serv.*, 324 B.R. at 465 (citations omitted); *Wedtech*, 85 B.R. at 289 (citation omitted). As set forth below, each of these three elements is satisfied with respect to the Claims.

### A. The Claims Seek Reimbursement and/or Contribution

11. Any claim for reimbursement or contribution, whether arising through common law, contract, or statute, is subject to disallowance under section 502(e)(1)(B). *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 98, 101 (Bankr. S.D.N.Y. 1992) (applying section 502(e)(1)(B) to common law theories of contribution); *Alper Holdings*, 2008 WL 4186333, at *5 (applying to contractual claim for indemnification); *In re N.Y. Trap Rock Corp.*, 153 B.R. 648, 651 (Bankr. S.D.N.Y. 1993) (noting a claim for contribution under CERCLA may be disallowed under section 502(e)(1)(B)); *In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990) ("Congress clearly meant to include all situations where indemnitors or contributors could be liable with the debtor within the scope of § 502(e)(1)(B).").

12. All of the Claims seek recovery for potential costs or expenses related to environmental contamination for which the Debtors may be liable through contribution or are otherwise obligated to reimburse the Claimants. Accordingly, the first element of section 502(e)(1)(B) is readily established for each claim.

### B. Holders of the Claims Are Co-Liable with the Debtors

13. The co-liability element of section 502(e)(1)(B) is satisfied upon a finding that "the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor *could be* liable but for the automatic stay." *Chemtura*, 436 B.R. at 295 (quoting *Wedtech*, 85 B.R. at 290) (emphasis added); *see also In re Baldwin-United Corp.*, 55 B.R. 885

5

(Bankr. S.D. Ohio 1985) ("The phrase 'an entity that is liable with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever its basis.").

14. Each of the Claims seeks satisfaction of an obligation for which it is co-liable with the Debtors. With respect to each of the Claims, the Claimants have asserted that the Claimants and the Debtors are potentially responsible parties for the underlying environmental obligations. As such, the second element is satisfied with respect to each of the Claims.

C. **The Claims Are Contingent**

15. The third and final element is that the claim must be contingent at the time of its disallowance. This element may be satisfied by a finding that a debtor's legal duty to pay has not yet arisen and will only exist "after it is triggered by the occurrence of a future event." *Alper Holdings*, 2008 WL 4186333, at *5. The law is "well-settled that the claim of a co-liable party under [section] 502(e)(1)(B) is contingent until the claimant has made payment on its underlying claim to the principal creditor and thereby fixes his own right to payment from the debtor." *In re Eagle-Pitcher Indus., Inc.*, 144 B.R. 765, 769 (S.D. Ohio 1992) (citations omitted); *see Chateaugay,* 1995 WL 429018, at *3 (finding a claim to be contingent under section 502(e)(1)(B) because the claimant did not pay the underlying obligation). In order for a claim to be disallowed under section 502(e)(1)(B), the claim need only be contingent as of the date of the court's ruling to disallow the claim. *GCO Serv.*, 324 B.R. at 466; *Alper Holdings*, 2008 WL 4186333, at *5.

16. All of the Claims are contingent. As set forth above, none of the Claimants have made any payments on any underlying obligation for which they seek contribution or indemnification from the Debtors. In fact, each Claim is based on a <u>potential</u>

6

liability, rather than an actual obligation. As such, no right to payment has arisen on these contingent claims to date.

17. As the Claims satisfy each of the three elements under section 502(e)(1)(B), they must be disallowed in their entirety and expunged from the claim register.

## II. The Liquidated Portion of the Roth Claim Should be Expunged

18. In addition to asserting a claim barred by section 502(e)(1)(B) of the Bankruptcy Code, the Roth Claim also includes a claim for $43,000 relating to a security deposit. The Roth Claim does not include any documentation supporting Claimant's contention that the $43,000 is an obligation of the Debtors.

19. A proof of claim *must* "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 258 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see Ashford v. Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). Additionally, the applicable bar date order requires, among other things, that a proof of claim must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include supporting documentation or an explanation as to why such documentation is not available." (Bar Date Order at 2.)

20. Here, the Roth Claim fails to provide any information indicating that the Debtors are even in possession of the $43,000 security deposit, let alone that there is an outstanding obligation to return it to the Claimant. Accordingly, the liquidated portion of the Roth Claim should also be disallowed and expunged.

7

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging each of the Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 22, 2012

                     */s/ Stefanie Birbrower Greer*
                     Barry N. Seidel (BS-1945)
                     Stefanie Birbrower Greer (SG-2898)

                     DICKSTEIN SHAPIRO LLP
                     1633 Broadway
                     New York, New York 10019-6708
                     Telephone: (212) 277-6500
                     Facsimile: (212) 277-6501
                     *Attorneys for Motors Liquidation*
                     *Company GUC Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,                           :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                     :
                                                                :
                               Debtors.        :    (Jointly Administered)
                                                                :
----------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO PROOFS OF CLAIM FILED BY EXIDE TECHNOLOGIES, RELCO SYSTEMS, INC., AND ROTH GLOBAL PLASTICS, INC., AND DISALLOWING AND EXPUNGING SUCH CLAIMS

Upon the Objection (the "**Objection**") to the proofs of claim of Exide Technologies (Claim No. 44829); Relco Systems Inc. (Claim No. 70019); and (Roth Global Plastics, Inc. (Claim No. 64854) (collectively, the "**Claims**") filed by the Motors Liquidation Company GUC Trust formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, pursuant to sections 502(b) and 502(e)(1)(B) of title 11 of the United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claims on the grounds that such Claims fail to provide sufficient documentation to ascertain the validity of such claims and seek reimbursement, contribution, or contractual indemnification for costs that were contingent or unliquidated at the time of the claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establishes

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted as to the Claims; and it is further

ORDERED that, pursuant to sections 502(b) and 502(e)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 3007, the Claims are disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

DOCSNY-495312