# EXHIBIT C



7014486

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor (Check Only One)<br>☒ Motors Liquidation Company (f/k/a General Motors Corporation)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)<br>☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | Case No<br>09-50026 (REG)<br>09-50027 (REG)<br>09-50028 (REG)<br>09-13558 (REG) | **Your Claim is Scheduled As Follows.**<br>FILED - 64854<br>MOTORS LIQUIDATION COMPANY<br>F/K/A GENERAL MOTORS CORP<br>SDNY # 09-50026 (REG) |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

| Name of Creditor (the person or other entity to whom the debtor owes money or property) ROTH GLOBAL PLASTICS, INC | |
|---|---|
| Name and address where notices should be sent<br><br>ROTH GLOBAL PLASTICS, INC<br>C/O HARTER SECREST & EMERY LLP (JRW)<br>1600 BAUSCH & LOMB PLACE<br>ROCHESTER, NEW YORK 14604<br><br>Telephone number (585) 232-6500<br>Email Address JWeider@HSELAW com, MNicholson@HSELAW com | ☐ Check this box to indicate that this claim amends a previously filed claim<br><br>Court Claim Number:_____<br>(If known)<br><br>Filed on _____ |
| Name and address where payment should be sent (if different from above)<br>ROTH GLOBAL PLASTICS, INC<br>ONE GENERAL MOTORS DRIVE<br>P O BOX 245<br>SYRACUSE, NEW YORK 13211<br><br>Telephone number (315) 579-3323 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars<br><br>☐ Check this box if you are the debtor or trustee in this case |

Stamp: THE GARDEN CITY GROUP, INC. NOV 30 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

| 1 Amount of Claim as of Date Case Filed, June 1, 2009 $43,000 and Contingent Claim (See Attached) | 5 Amount of Claim Entitled to Priority under 11 U.S C § 507(a). |
|---|---|

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim:** Consideration in the form of lease security deposit; rights under "Assignment and Amendment to Lease" (attached hereto)
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor:** _____
  **3a. Debtor may have scheduled account as.** _____
  (See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:
Value of Property $_____  Annual Interest Rate___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____
Basis for perfection _____
Amount of Secured Claim $_____   Amount Unsecured. $_____

**6 Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)
Amount entitled to priority.
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date 11/25/09 | Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any<br><br>[signature]<br>Michael E Nicholson, Esq | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

2088438608

**HSE**

## Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

WWW.HSELAW.COM


November 25, 2009


**VIA UPS NEXT DAY AIR**

The Garden City Group, Inc
Attn  Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio  43017

    Re   Motors Liquidation Company, *et al*,
          f/k/a General Motors Corporation, *et al*
          Case No  09-50026 (REG)- Jointly Administered

Ladies and Gentlemen

    Enclosed please find one original Proof of Claim to be filed in the above-referenced bankruptcy case, as well as one copy  Please time-stamp and return the copy in the enclosed, self-addressed, postage-paid envelope

    Thank you for your courtesy and cooperation in this matter  If you have any questions or comments, please feel free to contact me

                                Very truly yours,

                                Harter Secrest & Emery LLP

                                Michael E Nicholson
                                Associate

DIRECT DIAL  585 231 1263
E-MAIL  MNICHOLSON@HSELAW.COM


MEN men
Enclosures

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    MOTORS LIQUIDATION COMPANY., *et al*,
    f/k/a General Motors Corp., *et al.*

                  Debtors

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered)

### SPECIAL POWER OF ATTORNEY

The undersigned claimant, Roth Global Plastics, Inc., hereby grants John R Weider, Esq and Michael E Nicholson, Esq of Harter Secrest & Emery LLP legal signing authority on behalf of Roth Global Plastics, Inc to act separately in the above-captioned proceedings, with such authority expressly and exclusively limited to the signing of proof of claim forms

Dated: November 25, 2009

Signed. _____
By: Theresa A. Lauer
As: Senior Vice President- Finance

Roth Global Plastics, Inc ("Roth") files the attached proof of claim in the case of Motions Liquidation Company, *et al* f/k/a General Motors Corporation, *et al.* Case No 09-5006 and in connection therewith.

- Asserts a $43,000 claim as a lease security deposit pursuant to the "Assignment and Amendment to Lease" dated July 26, 2007 (the "Lease") attached hereto; and
- Hereby asserts a contingent claim in an undetermined monetary amount (and reserves the right to amend and specify the amount in connection therewith if and when such information becomes available) and reserves any and all other rights in the event that Roth incurs any cost or expense in connection with environmental liability related to the premises covered by the Lease, which such liabilities are the obligation of General Motors Corporation under the Lease, or in connection with any other obligation of General Motors Corporation under the Lease



## ASSIGNMENT AND AMENDMENT TO LEASE

THIS ASSIGNMENT AND AMENDMENT TO LEASE, made this 26 day of July, 2007, by and between FRALO MANUFACTURING, LLC, a New York limited liability company ("Fralo"), ROTH GLOBAL PLASTICS, INC., a Delaware corporation ("Roth"), and GENERAL MOTORS CORPORATION, a Delaware corporation ("GM").

### WITNESSETH:

**WHEREAS**, GM, as Landlord, and Fralo, as Tenant, entered into that certain Lease, dated December 9, 2002, covering premises in The Salina Industrial Power Park, Salina, New York, as amended by instruments dated June 15, 2004, October 6, 2005, and August 31, 2006 (the "Lease"); and

**WHEREAS**, Fralo, as Sublessor, and Roth, as Sublessee, entered into that certain Sublease Agreement, dated April 2, 2007, relating to the Premises covered by the Lease (the "Sublease Agreement"); and

**WHEREAS**, Fralo and Roth wish to terminate the Sublease Agreement; and

**WHEREAS**, Fralo wishes to assign its entire right, title and interest as tenant under the Lease to Roth and Roth wishes to accept such assignment; and

**WHEREAS**, GM wishes to consent to such assignment; and

**WHEREAS**, GM, as Landlord, and Roth, as Tenant, wish to amend the Lease as more particularly set forth herein.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties agree as follows:

1. In consideration for Landlord consenting to the assignment by Fralo of its entire right, title and interest as tenant under the Lease to Roth, George P. Caulkins III, the CEO and owner of Fralo has simultaneously executed and delivered the Guaranty, as attached hereto, of Fralo's obligation to pay all Basic Rental and other rents and charges payable under the Lease relating to periods prior to March 31, 2007.

2. Effective upon the date that this Agreement is executed by the parties hereto (the "Effective Date"), the Sublease shall be void and of no further force or effect.

3. (a) Effective upon the Effective Date, Fralo hereby assigns its entire right, title and interest as Tenant under the Lease to Roth and Roth accepts such assignment, assumes all obligations of Tenant thereunder and agrees to perform all obligations of Tenant under the Lease from and after the Effective Date.

(b) Fralo shall indemnify and hold harmless Roth from any and all obligations as Tenant under the Lease prior to the Effective Date and Roth shall indemnify and hold harmless Fralo from any and all obligations as Tenant under the Lease subsequent to the Effective Date.

4. Notwithstanding the Assignment provided for in Paragraph 3(a) hereof, Fralo shall not be released from any and shall be responsible for the performance of all obligations of Tenant during the remaining initial term of the Lease (but not during the Extension Period provided for in Paragraph 6 hereof).

5. GM hereby consents to the assignment of the Tenant's interest under the Lease by Fralo to Roth in accordance with the terms of this Agreement.

6. (a) The provisions of Section 3(d)(i) and (ii) of the Lease are hereby deleted and the following is substituted therefor.

(i) Provided Tenant shall not be in default at the time of the exercise of such right or at the commencement of such period, Tenant shall have the right to extend the term of this Lease for one (1) additional period of three (3) years upon the terms and conditions herein stated and at the Basic Rental provided for in Section 3(d)(ii) below. Tenant shall exercise such right, if at all, by written notice to Landlord not less than nine (9) months prior to the expiration of the term of this Lease.

(ii) In the event Tenant shall exercise its right to so extend the term of this Lease in accordance with Section 3(d)(i) above, the Basic Rental per year for such period shall be Ninety-Two Thousand Four Hundred ($92,400) per annum with respect to Phase I, Eighty-One Thousand Two Hundred Fifty Dollars ($81,250) per annum with respect to Phase II, and One Hundred Sixty-Three Thousand One Hundred Fifty Dollars ($163,150) per annum with respect to Phase III.

7. The Lease, as herein amended, is hereby ratified and confirmed by GM, Fralo and Roth and shall remain in full force and effect.

**IN WITNESS WHEREOF,** the parties hereto have hereunto set their hands the day and year first above written.

**FRALO MANUFACTURING, LLC**

By _[signature]_

Its _OWNER / MANAGING PARTNER_

**ROTH GLOBAL PLASTICS, INC.**
a Delaware corporation

By _[signature]_

Its _CEO / President_

**GENERAL MOTORS CORPORATION,**
a Delaware corporation

By _[signature]_

Its DEBRA HOMIC HOGE
DIRECTOR
WORLDWIDE REAL ESTATE

2

# Roth Glbal Plastics. Inc

Proud Manufacturer of *FRALO* Tanks

YOUR ENVIRONMENT IS OUR BUSINESS.

July 26, 2007

George P. Caulkins III, Manager
Fralo Manufacturing, LLC
518 17th Street, Suite 1700
Denver, CO 80202

    Re    <u>Assignment of Lease between Fralo Plastech Manufacturing, LLC and Roth Global Plastics, Inc.; Transfer of Security Deposit</u>

Dear Mr. Caulkins:

    This letter pertains to the Assignment and Amendment to Lease (the "Assignment and Amendment") dated 7/26, 2007 by and between Fralo Plastech Manufacturing, LLC ("Assignor") and Roth Global Plastics, Inc. ("Assignee"). Capitalized terms used herein and not otherwise defined shall have the meaning given to such terms in the Assignment and Amendment.

    Pursuant to the Assignment and Amendment, Assignor has assigned to Assignee all of its right, title and interest under that certain Lease dated effective December 9, 2002, covering premises in the Salina Industrial Power Park, Salina, New York, as amended by instructions dated June 15, 2004, October 6, 2005 and August 31, 2006 (the "Lease").

    This letter is for the purpose of confirming the parties' agreement concerning the security deposit (the "Deposit") posted by Assignor with the Landlord under the Lease, General Motors Corporation. The parties' agreement is as follows:

1.    Simultaneously with the execution of this letter agreement, Assignee shall pay to Assignor the sum of $31,781.25

2.    In consideration for such payment, Assignor hereby assigns to Assignee all of its right, title and interest in the Deposit.

3.    Assignee shall be solely responsible for taking all actions and making all claims of any nature that may be necessary or advisable to obtain the return of the Deposit from the Landlord  This assignment is made "without recourse" to Assignor.

Please countersign this letter below to indicate your consent to the terms and conditions of this letter agreement

Sincerely,
Roth Global Plastics, Inc.

By: _____
Jochen Drewniok, Chief Executive Officer

Consented, acknowledged and agreed this 27 day of July, 2007.

Fralo Manufacturing, LLC

By: _____
George P Caulkins III, Manager



CSXT Form 1550USR - Page 1
Revised October 1991 ø
Agreement No. CR-100227-001

## SUPPLEMENTAL SIDETRACK AGREEMENT

THIS SUPPLEMENTAL SIDETRACK AGREEMENT, Made as of January 21, 2004, is by and between CSX TRANSPORTATION, INC., a Virginia corporation, hereinafter "Railroad," whose mailing address is 500 Water Street, Jacksonville, Florida 32202, GENERAL MOTORS CORPORATION, whose mailing address is Salina Industrial Powerpark, ADM 1, 1 General Motors Drive, Syracuse, NY 13206, hereinafter "Industry," and FRALO PLASTECH MANUFACTURING, LLC, a limited liability company of the State of New York, whose mailing address is 1 General Motors Drive, Syracuse, NY 13206, hereinafter "Shipper," WITNESSETH THAT:

WHEREAS, Railroad and Industry entered into a certain Sidetrack Agreement dated March 18, 1953, hereinafter called the Sidetrack Agreement, covering the construction, ownership, operation and maintenance of certain private sidetrack facilities at Milepost QC-289.06, East Syracuse, Onondaga County, New York, hereinafter called the Sidetrack, as set forth in said Sidetrack Agreement,

WHEREAS, Industry has requested Railroad to consent to the use of that segment of Sidetrack No. 810 from Track Stationing 176+71=0+00 at point of switch in Mohawk Subdivision Track No. 8 to Track Station 11+56, and that segment of Sidetrack No. 811 from Track Station 9+56=0+00 at point of switch in Track No. 810 to Track Station 5+22, as more clearly shown on Drawing No. QC 289 06, dated December 19, 2003, attached hereto and made a part hereof, by Shipper, which Railroad has agreed to do upon the terms and conditions herein expressed;

**NOW, THEREFORE, IN CONSIDERATION OF THE PREMISES, AND OF THE MUTUAL COVENANTS HEREINAFTER SET FORTH, THE PARTIES HERETO COVENANT AND AGREE AS FOLLOWS:**

1. Shipper shall have the right to use said Sidetrack instead of Industry, and jointly with such other persons, firms and corporations as may now or hereafter be permitted by Industry or otherwise lawfully entitled to use the same, so long as this Supplemental Sidetrack Agreement remains in effect.

2. All of the provisions of said Sidetrack Agreement are incorporated herein, except Article 2 thereof, such that where the term "Industry" exists in said Sidetrack Agreement it shall-for purposes of this Supplemental Sidetrack Agreement-include Shipper as to tracks.

3. With respect to Shipper's use of and operations on and in the vicinity of said Sidetrack, Shipper shall observe, perform and assume all covenants, obligations and conditions imposed upon and assumed by Industry under and by virtue of said Sidetrack Agreement. However, nothing herein shall be construed to affect in any way any of the covenants, obligations or conditions undertaken by Industry under said Sidetrack Agreement or to release Industry therefrom.

CSXT Form 1550USR - Page 2
Revised October 1991
Agreement No. CR-100227-001

    4.    (A)    This Supplemental Sidetrack Agreement shall remain in effect until such time as any party hereto shall terminate the same by giving thirty (30) days written notice to the other parties hereto.

            (B)    However, the termination of the Sidetrack Agreement shall also effect a termination of this Supplemental Sidetrack Agreement automatically upon notice to Shipper from either Railroad or Industry.

    5.    This Supplemental Sidetrack Agreement shall not be assigned by Shipper to any party for any reason, without the prior written consent of both Industry and Railroad

IN TESTIMONY WHEREOF, the parties hereto have caused these presents to be duly executed, in triplicate. Each of said three (3) copies shall thereafter constitute an original of this Agreement.

*Execution Recommended Worldwide Real Estate By: [signature]*

**Witness for Industry:**

[signature] Kathleen M. Manga

**GENERAL MOTORS CORPORATION**

By: [signature] JOHN K BLANCH
DIRECTOR WORLDWIDE RE

Who, by the execution hereof, affirms that he/she has the authority to do so and to bind the Industry to the terms and conditions of this Agreement.
Print/Type Name: _____
Print/Type Title: _____
Tax ID Number: _____

**Witness for Shipper:**

[signature]

**FRALO PLASTECH MANUFACTURING, LLC** ~~INC.~~

By: [signature] CEO

Who, by the execution hereof, affirms that he/she has the authority to do so and to bind the Shipper to the terms and conditions of this Agreement
Print/Type Name: FRANCIS LOMBARDI II
Print/Type Title: CEO
Tax ID Number: 02-0538569

**Witness for Railroad:**

[signature]

**CSX TRANSPORTATION, INC.**

By: [signature]

Print/Type Name: Karen E Mohler
Print/Type Title: Director - RE Engineer



October 6, 2005

Fralo Plastech Manufacturing, LLC
One General Motors Drive
Syracuse, New York 13206

Gentlemen:

Reference is made to that certain Lease, dated December 9, 2002, between General Motors Corporation, as Landlord, and Fralo Plastech Manufacturing, LLC, as Tenant, covering premises in the Salina Industrial Powerpark, Salina, New York.

Pursuant to Exhibit "C-1" to the Lease, Landlord was required to "prepare grade and stabilize" the Storage Area. Although Landlord has graded and installed substantial amounts of gravel in order to stabilize the Storage Area, Tenant is dissatisfied with the Storage Area.

In order to accommodate Tenant, Landlord shall promptly, at its sole cost and expense, pave that portion of the Storage Area more particularly described on Exhibit "A" hereto (the "Paved Area"). Tenant shall remove all of its property from the Paved Area upon Landlord's written request to permit Landlord to pave the same.

Landlord shall notify Tenant upon the completion of the paving of the Paved Area and thereupon Tenant may utilize the Storage Area in accordance with the terms of the Lease.

Notwithstanding anything contained in the Lease to the contrary, Tenant acknowledges that the paving of the Paved Area by Landlord shall satisfy all of Landlord's obligations to stabilize the Storage Area pursuant to the Lease and Tenant release and waive any and all claims against Landlord for any and all damages and/or loss resulting from the past, present or future condition of the Storage Area.

If the foregoing is acceptable to you, please sign a copy of this letter in the space indicated below. When executed by you, this letter shall constitute a binding agreement.

Very truly yours,

GENERAL MOTORS CORPORATION

By _____
   DEBRA ROMIC HOGE
   DIRECTOR
   WORLDWIDE REAL ESTATE

ACCEPTED AND AGREED:
FRALO PLASTECH MANUFACTURING, LLC

By _____
                                10/6/05

DETROIT/1818959/1