**HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                       :
In re                                  :    Chapter 11 Case No.
                                       :
MOTORS LIQUIDATION COMPANY, et al.,    :    09-50026 (REG)
    f/k/a General Motors Corp., et al. :
                                       :
                   Debtors.            :    (Jointly Administered)
                                       :
-----------------------------------------------------------x
```

<u>NOTICE OF 273rd OMNIBUS OBJECTION TO CLAIMS</u>
**(Claims Relating to Former Employees Represented by United Auto Workers)**

**PLEASE TAKE NOTICE** that on March 23, 2012, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 273rd omnibus objection to disallow and expunge certain claims

relating to former employees who are or had been represented by the International Union, United

Automobile, Aerospace, and Agricultural Implement Workers of America (the "**273rd Omnibus**

Objection to Claims"), and that a hearing (the "**Hearing**") to consider the 273rd Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **April 26, 2012 at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.


**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 273rd OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**


**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this

273rd Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable

document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with

the customary practices of the Bankruptcy Court and General Order M-399, to the extent

applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal &

Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153

(Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the

Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370,

Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn:  Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree

Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP,

attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison

Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.);

and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard,

Austin, Texas 78703, so as to be received no later than **April 19**, **2012, at 4:00 p.m. (Eastern**

**Time)** (the "**Response Deadline**").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 273rd Omnibus Objection to Claims or any claim set forth thereon, the

GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 273rd Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      March 23, 2012

                          /s/ Joseph H. Smolinsky
                          Harvey R. Miller
                          Stephen Karotkin
                          Joseph H. Smolinsky

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Motors Liquidation
                          Company GUC Trust

**HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY, et al.,**       :        **09-50026 (REG)**
      **f/k/a General Motors Corp., et al.**  :
                                              :
                  **Debtors.**                :        **(Jointly Administered)**
                                              :
---------------------------------------------------------------x

## 273rd OMNIBUS OBJECTION TO CLAIMS
**(Claims Relating to Former Employees Represented by United Auto Workers)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON
EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

# TABLE OF CONTENTS

**Page**

Relief Requested ........................................................................................................................ 2

Jurisdiction .............................................................................................................................. 3

Background .............................................................................................................................. 4

The Uaw Settlement................................................................................................................ 5

The Master Purchase Agreement ........................................................................................... 6

The Relief Requested Should Be Approved By The Court .................................................... 10

Notice ..................................................................................................................................... 11

Conclusion .............................................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*In re Adelphia Commc'ns Corp.*,
  No. 02-41729, 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007)............................10

*In re Oneida, Ltd.*,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827
  (S.D.N.Y. Jan. 22, 2010)........................................................................................................10

*In re Rockefeller Ctr. Props.*,
  272 B.R. 524 (Bankr. S.D.N.Y. 2000).....................................................................................10

STATUTES

11 U.S.C. § 105(a) .........................................................................................................................11

11 U.S.C. § 502(a) .........................................................................................................................10

28 U.S.C. §§ 157 and 1334 ..............................................................................................................3

28 U.S.C. § 157(b) ...........................................................................................................................3

## **RULES**

Fed. R. Bankr. Rule 3007(d).............................................................................................................1

Fed. R. Bankr. P. 1015(c) and 9007...............................................................................................10

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

**<u>Relief Requested</u>**

1.      The GUC Trust files this 273rd omnibus objection (the "**273rd Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging certain claims listed on **Exhibit "A"** annexed hereto[1] filed by former employees of the Debtors (collectively, the "**UAW Employees**") who are or had been represented by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (the "**UAW**").[2]  Neither the Debtors nor the GUC Trust currently employ any individuals who are represented by the UAW.

2.      Representatives of the GUC Trust have examined the proofs of claim identified on Exhibit "A" hereto filed by UAW Employees (the "**UAW Claims**") and have

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases at www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] The GUC Trust reserves all of its rights to object on any other basis to any UAW Claim as to which the Court does not grant the relief requested herein.

1

determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" are claims related largely to liabilities that (i) have been assumed by General Motors LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM, or (ii) were otherwise waived as against the Debtors (and, consequently, the GUC Trust) pursuant to the UAW Settlement (as defined below).  The UAW Claims also include claims for (a) the elimination or reduction of pension or welfare benefits prior to the Commencement Date (as defined below), with continuing effect after the Commencement Date, and/or the nonpayment of benefits with respect to such pension or welfare benefits, and (b) miscellaneous claims for recognition of employee suggestions or ideas, nonpayment of salaries or wages and other amounts, and allegations of discrimination and adverse job actions.

3.    The Debtors and the GUC Trust believe that the UAW Settlement, which was reached with the UAW as an integral part of the Master Purchase Agreement, absolves both the Debtors (and, consequently, the GUC Trust) from any liability asserted by the UAW Claims. Nevertheless, as described further below, the UAW Claims, to the extent valid and continuing, have been assumed by New GM pursuant to the Master Purchase Agreement and, therefore, not liabilities of MLC, the Debtors, or the GUC Trust and therefore should be disallowed and expunged.

## <u>Jurisdiction</u>

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

5.          On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation

Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS

Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a

Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this

Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009,

Remediation and Liability Management Company, Inc. and Environmental Corporate

Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered

under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their

schedules of assets and liabilities and statements of financial affairs, which were amended on

October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of

assets and liabilities and statements of financial affairs.

6.          On September 16, 2009, this Court entered an order (ECF No. 4079)

establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim

in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person

or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental

units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established

April 16, 2010 as the deadline to file proofs of claim).

7.          On October 6, 2009, this Court entered the Procedures Order, which, inter

alia, authorizes "the Debtors, and other parties in interest" to file omnibus objections to 100

claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d)

and certain additional grounds set forth in the Procedures Order.  The Procedures Order

specifically authorizes parties in interest to file omnibus objections to claims that are

"objectionable under section 502(e)(1) of the Bankruptcy Code." (Procedures Order at 2.)

8.     On March 29, 2011, this Court entered an order confirming the Plan (ECF

No. 9941). Section 6.2 of the Plan provides for the creation of the GUC Trust to administer

certain responsibilities after the Effective Date (as defined in the Plan), including resolving

outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the

occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the

Plan effective as of that date.

### The UAW Settlement

9.     An integral part of the Debtors' reorganization included the sale of

substantially all the assets of the Debtors to New GM in accordance with the Master Purchase

Agreement, and the assumption and assignment to New GM of, among other things, certain

executory contracts and unexpired leases of personal property and nonresidential real property

(the "**Sale Transaction**"). As part of the Sale Transaction, New GM and the UAW reached a

resolution (the "**UAW Settlement**") addressing the Debtors' final obligations to UAW workers

and retirees with respect to a UAW-sponsored retiree benefits plan funded by a UAW-sponsored

Voluntary Employees Beneficiary Association (the "**UAW VEBA**"). Under the terms of the

UAW Settlement, New GM agreed to the terms of a modified collective bargaining agreement

and to provide the UAW VEBA with, among other things, (i) shares of common stock of New

GM representing 17.5% of New GM's total outstanding common stock, (ii) a note of New GM in

the principal amount of $2.5 billion, (iii) shares of cumulative perpetual preferred stock of New

GM in the amount of $6.5 billion, (iv) warrants to acquire 2.5% of New GM's equity, and (v) the

assets held in the Debtors' Voluntary Employees Beneficiary Association, which were

transferred to New GM as part of the Sale Transaction.  As described further herein, the Sale

Transaction and the UAW Settlement also provided for the Debtors to be absolved of all liability

with respect to claims asserted by UAW Employees, including the UAW Claims.[3]


### The Master Purchase Agreement

10.     The terms of the Master Purchase Agreement absolve the Debtors (and,

consequently, the GUC Trust) from any liability asserted by the UAW Claims.  Section 2.1 of

the Master Purchase Agreement (*Purchase and Sale of Assets; Assumption of Liabilities*)

provides that New GM has assumed responsibility for Assumed Liabilities (as defined in the

Master Purchase Agreement):

> On the terms and subject to the conditions set forth in this
> Agreement, other than as set forth in Section 6.30, Section 6.34
> and Section 6.35, at the Closing, [New GM] shall (a) purchase,
> accept and acquire from Sellers, and Sellers shall sell, transfer,
> assign, convey and deliver to [New GM], free and clear of all
> Encumbrances (other than Permitted Encumbrances), Claims and
> other interests, the Purchased Assets and (b) assume and
> thereafter pay or perform as and when due, or otherwise
> discharge, all of the Assumed Liabilities.

11.     Section 2.3(a) of the Master Purchase Agreement (*Assumed and Retained*

*Liabilities*) defines the scope of New GM's Assumed Liabilities to specifically include in Section

2.3(a)(xiii)(A) all liabilities with respect to all "Employment-Related Obligations" and

"Liabilities" pertaining to the UAW Employees:

> [The "Assumed Liabilities" shall consist only of the following
> Liabilities of Sellers:] all Employment-Related Obligations and (B)
> Liabilities under any Assumed Plan, in each case, relating to any
> Employee that is or was covered by the UAW Collective

---

[3] The terms of the Sale Transaction and the UAW Settlement as described herein are for summary purposes only,
and reference should be made to the relevant transaction documents where necessary.

Bargaining Agreement, except for Retained Workers Compensation Claims;[4]

12.     The term "Employment-Related Obligations" is defined in Section 1.1 of the Master Purchase Agreement (*Defined Terms)* to include any claims of whatever type or nature that are related to the employment or employee benefits maintained for the benefit of the UAW Employees.[5]  The term "Employee" is also defined in Section 1.1 of the Master Purchase Agreement to include current or former employees, which (for the avoidance of doubt) includes the UAW Employees.[6]  Lastly, the term "UAW Collective Bargaining Agreement" is defined in

---

[4] None of the UAW Claims include Retained Workers Compensation Claims.

[5]  Pursuant to Section 1.1 of the Master Purchase Agreement:

"Employment-Related Obligations" means all Liabilities arising out of, related to, in respect of or in connection with employment relationships or alleged or potential employment relationships with Sellers or any Affiliate of Sellers relating to Employees, leased employees, applicants, and/or independent contractors or those individuals who are deemed to be employees of Sellers or any Affiliate of Sellers by Contract or Law, whether filed or asserted before, on or after the Closing.  "Employment-Related Obligations" includes Claims relating to discrimination, torts, compensation for services (and related employment and withholding Taxes), workers' compensation or similar benefits and payments on account of occupational illnesses and injuries, employment Contracts, Collective Bargaining Agreements,  grievances originating under a Collective Bargaining Agreement, wrongful discharge, invasion of privacy, infliction of emotional distress, defamation, slander, provision of leave under the Family and Medical Leave Act of 1993, as amended, or other similar Laws, car programs, relocation, expense-reporting, Tax protection policies, Claims arising out of WARN or employment, terms of employment, transfers, re-levels, demotions, failure to hire, failure to promote, compensation policies, practices and treatment, termination of employment, harassment, pay equity, employee benefits (including post-employment welfare and other benefits), employee treatment, employee suggestions or ideas, fiduciary performance, employment practices, the modification or termination of Benefit Plans or employee benefit plans, policies, programs, agreements and arrangements of Purchaser, including decisions to provide plans that are different from Benefit Plans, and the like.  Without limiting the generality of the foregoing, with respect to any Employees, leased employees, and/or independent contractors or those individuals who are deemed to be employees of Sellers or any Affiliate of Sellers by Contract or Law, "Employment-Related Obligations" includes payroll and social security Taxes, contributions (whether required or voluntary) to any retirement, health and welfare or similar plan or arrangement, notice, severance or similar payments required under Law, and obligations under Law with respect to occupational injuries and illnesses.

[6]  Pursuant to Section 1.1 of the Master Purchase Agreement:

Section 1.1 of the Master Purchase Agreement to broadly include all current and former

collective bargaining agreements ("**CBAs**") with the UAW.[7]

13.     Section 6.17(f) of the Master Purchase Agreement (*UAW Collective*

*Bargaining Agreement*) provides that New GM assumed all employment- and employee benefit-

related obligations with respect to the UAW Employees,[8] further supporting the Debtors' and

---

"Employees" means (i) each employee or officer of any of Sellers or their Affiliates (including (a) any current, former or retired employees or officers, (b) employees or officers on long-term or short-term disability, military leave, sick leave, family medical leave or some other approved leave of absence and (c) employees on layoff status or with recall rights); (ii) each consultant or other service provider of any of Sellers or their Affiliates who is a former employee, officer or director of any of Sellers or their Affiliates; and (iii) each individual recognized under any Collective Bargaining Agreement as being employed by or having rights to employment by any of Sellers or their Affiliates.  For the avoidance of doubt, Employees includes all employees of Sellers or any of their Affiliates, whether or not Transferred Employees.

[7] Pursuant to Section 1.1 of the Master Purchase Agreement:

"UAW Collective Bargaining Agreement" means any written or oral Contract, understanding or mutually recognized past practice between Sellers and the UAW with respect to Employees, including the UAW Active Labor Modifications, but excluding the agreement to provide certain retiree medical benefits specified in the Memorandum of Understanding Post-Retirement Medical Care, dated September 26, 2007, between Parent and the UAW, and the Settlement Agreement.  For purpose of clarity, the term "UAW Collective Bargaining Agreement" includes all special attrition programs, divestiture-related memorandums of understanding or implementation agreements relating to any unit or location where covered UAW-represented employees remain and any current local agreement between Parent and a UAW local relating to any unit or location where UAW-represented employees are employed as of the date of the Original Agreement.  For purposes of clarity, nothing in this definition extends the coverage of the UAW-GM National Agreement to any Employee of S LLC, S Distribution, Harlem, a Purchased Subsidiary or one of Parent's Affiliates; nothing in this Agreement creates a direct employment relationship with a Purchased Subsidiary's employee or an Affiliate's Employee and Parent.

[8] Section 6.17(f) (*UAW Collective Bargaining Agreement*) of the Master Purchase Agreement provides:

[New GM] shall assume and assign to Purchaser, as of the Closing, the UAW Collective Bargaining Agreement and all rights and Liabilities of Parent relating thereto (including Liabilities for wages, benefits and other compensation, unfair labor practices, grievances, arbitrations and contractual obligations).  With respect to the UAW Collective Bargaining Agreement, Purchaser agrees to (i) recognize the UAW as the exclusive collective bargaining representative for the Transferred Employees covered by the terms of the UAW Collective Bargaining Agreement, (ii) offer employment to all Applicable Employees covered by the UAW Collective Bargaining Agreement with full recognition of all seniority rights, (iii) negotiate with the UAW over the terms of any successor collective

GUC Trust's position that they are not responsible for the UAW Claims.  Section 6.17(e) of the

Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and*

*Policies*) provides for New GM to also assume certain liabilities under specified employee

benefit plans (the "**Assumed Plans**"), including both prepetition and postpetition liabilities.  All

of the benefit plans covering the UAW Employees were included in the Assumed Plans on

consummation of the Master Purchase Agreement.[9]

---

bargaining agreement upon the expiration of the UAW Collective Bargaining Agreement and upon timely demand by the UAW, (iv) with the agreement of the UAW or otherwise as provided by Law and to the extent necessary, adopt or assume or replace, effective as of the Closing Date, employee benefit plans, policies, programs, agreements and arrangements specified in or covered by the UAW Collective Bargaining Agreement as required to be provided to the Transferred Employees covered by the UAW Collective Bargaining Agreement, and (v) otherwise abide by all terms and conditions of the UAW Collective Bargaining Agreement.  For the avoidance of doubt, the provisions of this Section 6.17(f) are not intended to (A) give, and shall not be construed as giving, the UAW or any Transferred Employee any enhanced or additional rights or (B) otherwise restrict the rights that Purchaser and its Affiliates have, under the terms of the UAW Collective Bargaining Agreement.

[9] Section 6.17(e) (*Assumption of Certain Parent Employee Benefit Plans and Policies*) of the Master Purchase Agreement provides:

As of  the Closing Date, Purchaser or one of its Affiliates shall assume (i) the Parent Employee  Benefit Plans and Policies set forth on Section 6.17(e) of the Sellers' Disclosure Schedule as modified thereon, and all assets, trusts, insurance policies and other Contracts relating  thereto, except for any that do not comply in all respects with TARP or as otherwise provided in Section 6.17(h) and (ii) all employee benefit plans, programs, policies,  agreements or arrangements (whether written or oral) in which Employees who are  covered by the UAW Collective Bargaining Agreement participate and all assets, trusts, insurance and other Contracts relating thereto (the "**Assumed Plans**"), for the benefit of  the Transferred Employees and Sellers and Purchaser shall cooperate with each other to take all actions and execute and deliver all documents and furnish all notices necessary to  establish Purchaser or one of its Affiliates as the sponsor of such Assumed Plans  including all assets, trusts, insurance policies and other Contracts relating thereto. Other than with respect to any Employee who was or is covered by the UAW Collective  Bargaining Agreement, Purchaser shall have no Liability with respect to any  modifications or changes to Benefit Plans contemplated by Section 6.17(e) of the Sellers' Disclosure Schedule, or changes made by Parent prior to the Closing Date, and Purchaser shall not assume any Liability with respect to any such decisions or actions related  thereto, and Purchaser shall only assume the Liabilities for benefits provided pursuant to  the written terms and conditions of the Assumed Plan as of the Closing  Date.  Notwithstanding the foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all necessary action, including reduction of benefits, to ensure that the Assumed Plans comply in all respects

14.    As demonstrated above, the Master Purchase Agreement broadly defines Assumed Liabilities related to UAW Employees to encompass all potential claims by UAW Employees relating to their previous employment by the Debtors, to the extent such claims are valid and continuing.  Given that such claims (if valid and continuing) were assumed by New GM pursuant to the Master Purchase Agreement, or were otherwise waived as against the Debtors (and, consequently, the GUC Trust) pursuant to the UAW Settlement, the Debtors and the GUC Trust have no liability for the UAW Claims.

### The Relief Requested Should Be Approved by the Court

15.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  As described herein, the Debtors and the GUC Trust have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the UAW Claims are not

_____

with TARP. Notwithstanding the foregoing, but subject to the terms of any Collective Bargaining Agreement to which Purchaser or one of its Affiliates is a party, Purchaser and its Affiliates may, in its sole discretion, amend, suspend or terminate any such Assumed Plan at any time in accordance with its terms.

the responsibility of MLC, the Debtors, or the GUC Trust, having been assumed by New GM as described above. To avoid the possibility of multiple recoveries by the same claimant, or recoveries where no recovery is due, the Debtors and the GUC Trust request that the Court disallow and expunge the UAW Claims in their entirety.

**Notice**

17.     Notice of this 273rd Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

**Conclusion**

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
        March 23, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ALLEN PATRICE<br>ALLEN, PATRICE / RAYMOND MASER ATTY<br>183 W MARKET ST SUITE 300<br>WARREN, OH 44481 | 15563 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$250,000.00<br>$250,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| COLEMAN GRADY<br>C/O DEBORAH L GORDON, ESQ<br>33 BLOOMFIELD HILLS PKWY STE 275<br>BLOOMFIELD HILLS, MI 48304-2909 | 43439 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$300,000.00<br>$300,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| DALE E VANDERBUR<br>C/O WILLIAM N IVERS<br>HARRISON & MOBERLY, LLP<br>10 W MARKET STREET SUITE 700<br>INDIANAPOLIS, IN 46024 | 67017 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$600,000.00<br>$600,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| DENT NELL<br>C/O LAW OFFICE SCOTT E COMBS<br>27780 NORI RD SUITE 105<br>NOVI, MI 48377-3427 | 62204 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$250,000.00<br>$250,000.00<br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| DONNA BLYZE<br>C/O HERMAN L JIMERSON<br>225 S MERAMEC AVE, STE 508<br>ST LOUIS, MO 63105 | 44407 | Motors Liquidation Company | $0.00<br>$0.00<br>$200,000.00<br>$0.00<br>$200,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| FELICIA A SORENSEN<br>PO BOX 58<br><br>ATTICA, MI 48412-0058 | 46241 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$5,000,000.00<br>$5,000,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| FELICIA A. SORENSEN<br>PO BOX 58<br><br>ATTICA, MI 48412-0058 | 46239 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$59,600.00<br>$59,600.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| GIORDANO, JOHN A<br>C/O PAMELA C BRATCHER<br>PO BOX 130<br>BOWLING GREEN, KY 42102-0130 | 49691 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$500,000.00<br>$500,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| JONES, PEARLY M<br>168 BRANCH ST<br><br>LOCKPORT, NY 14094-8930 | 69398 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$45,000.00<br>$45,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| MARK VERMEERSCH<br>216 E RANDOLPH ST<br><br>LANSING, MI 48906-4043 | 19821 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$84,172.18<br>$84,172.18 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| PIKE, RANDY<br>MEIER RICHARD A<br>30300 NORTHWESTERN HWY SUITE 320<br>FARMINGTON HILLS, MI 48334-3255 | 9198 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$90,000.00<br>$90,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

273rd Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| STUBBS, MIA F<br>3613 QUAIL HIGH BLVD<br><br>MORRISVILLE, NC 27560-7019 | 3236 | Motors Liquidation Company | $45,000.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$25,000.00  (U)<br><br>$70,000.00  (T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| THE MASTROMARCO FIRM<br>ATTY FOR GERALD HAYNOR<br>1024 N. MICHIGAN AVE<br>SAGINAW, MI 48602-4325 | 51383 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$75,000.00  (U)<br><br>$75,000.00  (T)<br><br>Unliquidated | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| WICE HARVEY<br>50 CROCKER BLVD, SUITE 100<br><br>MOUNT CLEMENS, MI 48043-2580 | 30947 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$250,000.00  (U)<br><br>$250,000.00  (T)<br><br>Unliquidated | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| WILSON, MARK S<br>JONES, MARK S<br>400 TRAVIS ST STE 1309<br>SHREVEPORT, LA 71101-3129 | 39459 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$49,999.99  (U)<br><br>$49,999.99  (T) | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |
| WIRTH THOMAS<br>WIRTH, THOMAS<br>27780 NOVI RD STE 105<br>NOVI, MI 48377-3427 | 45159 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$25,000.00  (U)<br><br>$25,000.00  (T)<br><br>Unliquidated | No Liability; Claim seeks recovery of amounts for which the Debtors are not liable. | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 16 | | $45,000.00 | (S) | | |
| | | | $0.00 | (A) | | |
| | | | $200,000.00 | (P) | | |
| | | | $7,603,772.17 | (U) | | |
| | | | $7,848,772.17 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,     :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.*  :
                                          :
                Debtors.                  :        (Jointly Administered)
                                          :
---------------------------------------------------------------x

<u>ORDER GRANTING 273rd OMNIBUS OBJECTION TO CLAIMS</u>
**(Claims Relating to Former Employees Represented by United Auto Workers)**

　　　　Upon the 273rd omnibus objection to expunge certain claims relating to former

employees who are or had been represented by the International Union, United Automobile,

Aerospace, and Agricultural Implement Workers of America, dated March 23, 2012 (the "**273rd**

**Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC**

**Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with

the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be

amended, supplemented or modified from time to time, the "**Plan**"), pursuant to section 502(b)

of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures

for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the

"**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the

UAW Claims on the ground that each UAW Claim is for an obligation for which the Debtors and

the GUC Trust have no liability, all as more fully described in the 273rd Omnibus Objection to

---
[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the 273rd Omnibus Objection to Claims.

1

Claims; and due and proper notice of the 273rd Omnibus Objection to Claims having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the 273rd Omnibus Objection to Claims is in the

best interests of the Debtors, their estates, the GUC Trust, creditors, and all parties in interest and

that the legal and factual bases set forth in the 273rd Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the 273rd Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be*

*Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is

further

ORDERED that nothing herein shall affect the rights of UAW Employees to

assert claims against parties other than the Debtors or the GUC Trust; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to any claim listed on Exhibit "A" annexed to the 273rd Omnibus

Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed

on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge