HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :
**In re**                                         :    Chapter 11 Case No.
                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**     :    09-50026 (REG)
   f/k/a General Motors Corp., *et al.*           :
                                                  :
           Debtors.                               :    (Jointly Administered)
                                                  :
------------------------------------------------------------------x

### NOTICE OF 275TH OMNIBUS OBJECTION TO CLAIMS
**(Workers' Compensation Claims in Retained States – Oklahoma)**

**PLEASE TAKE NOTICE** that on March 23, 2012, Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively,

the "**Debtors**"), in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 275th omnibus objection to claims (the "**Omnibus Objection to**

**Claims**"), and that a hearing (the "**Hearing**") to consider the 275th Omnibus Objection to

Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in

Room 621 of the United States Bankruptcy Court for the Southern District of New York, One

US_ACTIVE:\43792420\05\72240.0639

Bowling Green, New York, New York 10004, on **April 26, 2012 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

   **PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

   **IF YOU HAVE RECEIVED THE OMNIBUS OBJECTION TO CLAIMS BECAUSE YOUR CLAIM APPEARS ON EXHIBIT "A" AND YOU HAVE BEEN RECEIVING WORKERS' COMPENSATION BENEFITS, YOU SHOULD NOW BE RECEIVING BENEFITS FROM THE WORKERS' COMPENSATION COURT OF OKLAHOMA. THE OMNIBUS OBJECTION TO CLAIMS SHOULD NOT AFFECT YOUR RIGHTS TO CONTINUE RECEIVING BENEFITS FROM THE WORKERS' COMPENSATION COURT OF OKLAHOMA. IF YOU HAVE ANY QUESTIONS REGARDING YOUR BENEFITS, PLEASE CALL 1-800-414-9607.**

   **PLEASE TAKE FURTHER NOTICE** that any responses to the Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **April 19, 2012 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Omnibus Objection to Claims or any claim set forth thereon, the GUC

Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       March 23, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*            :
                                                            :
          Debtors.                                :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### 275TH OMNIBUS OBJECTION TO CLAIMS
(Workers' Compensation Claims in Retained States – Oklahoma)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE**
> **EXHIBIT ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011, respectfully represents:

### Relief Requested

        1.    The GUC Trust files this 275th omnibus objection to claims (the "**275th**

**Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the

US_ACTIVE:\43792420\05\72240.0639

"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging from the claims register the Workers' Compensation Claims (as hereinafter defined) listed on **Exhibit "A"** annexed hereto.[1]

2. The GUC Trust has examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" seek recovery of amounts for which the Debtors are not liable. Each proof of claim identified on Exhibit "A" is a claim for a benefit that would or should be provided pursuant to the Oklahoma Workers' Compensation Code, *Okla. Stat. tit. 85 § 301 et seq* (collectively, the "**Workers' Compensation Claims**"). Pursuant to Oklahoma labor laws, and as further explained below, the Workers' Compensation Claims are being administered by the Workers' Compensation Court of Oklahoma and defrayed with the proceeds of a bond provided by the Debtors prior to their insolvency, and to the extent such proceeds may no longer be sufficient, will be assumed by the Oklahoma Individual Self-Insured Guaranty Fund. *See Okla. Stat. tit. 85, § 66 and § 395.* The Guaranty Fund was specifically established by the Oklahoma Legislature to provide for the continuation of workers' compensation benefits due and unpaid to employees of self-insured employers who later become insolvent. *See id. § 66.1(F)(1) and § 358(F).*

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.mlcguctrust.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

3.      If any claimant received the 275th Omnibus Objection to Claims because their claim appears on Exhibit "A" and they have been receiving workers' compensation benefits, they should now be receiving benefits administered by the Worker's Compensation Court of Oklahoma.  The 275th Omnibus Objection to Claims should not affect such claimant's rights to continue receiving workers' compensation benefits pursuant to the Oklahoma Workers' Compensation Code.  **If any such claimant has any questions regarding their benefits, they should call 1-800-414-9607.**

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

---

[2]     The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]     The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

6. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established June 1, 2010 as the deadline to file proofs of claim).

7. Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The claimants that are listed in Exhibit "A" have all filed claims against the Initial Debtors.

**Relevant Background to the Workers' Compensation Claims**

8. In accordance with the provisions of the Oklahoma Workers' Compensation Act, *Okla. Stat. tit. 85, § 1 et seq.* (the "**Workers Compensation Act**" or "**Act**"), as amended and restated effective August 26, 2011, by the Oklahoma Workers' Compensation Code, *Okla. Stat. tit. 85 § 301 et seq.* (the "**Workers' Compensation Code**" or "**Code**"), and the rules and regulations pertaining thereunder, the Workers' Compensation Court of Oklahoma ("**Workers' Compensation Court**") granted certain of the Debtors authority to conduct business as self-insured or "own risk" employers in Oklahoma for a continuous period from year to year from the date of the order until revocation by the Workers' Compensation Court. The Debtors' continued certification as self-insured employers was conditioned upon the Debtors providing a surety bond (the "**Surety Bond**") in favor of the Workers' Compensation Court, for the Workers' Compensation Court to draw upon if the Debtors were ever unable to

meet their obligations to their employees and dependents under the Worker's Compensation Act or Workers' Compensation Code for whatever reason, including that of insolvency.  *See Act § 61(A)(4) and Code § 351(A)(3).*  Debtors had accordingly issued, on April 14, 2006, a Surety Bond in favor of the Workers' Compensation Court in the amount of $8,400,000 held by Travelers Casualty & Surety Company of America as surety.  Upon this Court's order on June 19, 2009, lifting the automatic stay for such purpose, the surety paid the full amount of the Surety Bond by wire transfer to a designated account of the Workers' Compensation Court.

9. Pursuant to section 66.1(E) of the Workers' Compensation Act and section 358(E) of the Workers' Compensation Code, a self-insured employer is required to pay into the Oklahoma Individual Self-Insured Guaranty Fund (the "**Guaranty Fund**") an assessed amount in the event that the balance of the Guaranty Fund is less than $1,000,000.  Pursuant to section 66.1(F)(1) of the Workers' Compensation Act and section 358(F) of the Workers' Compensation Code, "if an employer, who is currently approved by the [Workers' Compensation Court] as a self insured or own risk carrier, is unable to make payment of an award and judgment is rendered against such employer and execution is levied and returned unsatisfied in whole or in part, payments for such liabilities shall be made from the [Guaranty Fund]," and further, "the [Workers' Compensation Court] shall proceed to recover such payments from the employer, or the employer's receiver or trustee in bankruptcy, and may commence an action or proceeding or file a claim therefor."

10. The Debtors ceased all active operations in Oklahoma prior to their bankruptcy filings and did not resume such operations prior to their dissolution by December 15, 2011.  Accordingly, all of their outstanding obligations under the Workers' Compensation Code relate to incidents and injuries occurring and existing prior to the time that the Workers'

Compensation Court converted the proceeds of the Surety Bond to cover such prepetition obligations. Since the commencement of the Debtors' chapter 11 cases, the Workers' Compensation Court has been actively administering, and to the extent not adequately covered by the Surety Bond, the Guaranty Fund would be required to defray, the Debtors' outstanding workers' compensation claims resulting from prepetition incidents and injuries, including without limitation, payment of weekly indemnity benefits, partial disability benefits, medical, hospital and surgical expenses, physical or vocational rehabilitation, death benefits, funeral expenses, and other obligations required under the Workers' Compensation Code (collectively, the "**Covered Claims**"). Covered Claims are paid directly from the proceeds of the Surety Bond, and to the extent not adequately covered by the Surety Bond, by the Guaranty Fund. Therefore, the Debtors are absolved of the obligation to compensate employees directly based on such Covered Claims. In the event that the proceeds of the Surety Bond are not sufficient to meet the Debtors' outstanding obligations under the Workers' Compensation Code, the Workers' Compensation Court has filed a protective, unliquidated claim against the Debtors.

## The Relief Requested Should Be Approved by the Court

11. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co. v. Oneida Ltd.*, No. 09-CV-2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Moreover, the Procedures Order provides that the Debtors may file omnibus objections to claims that "seek recovery of amounts for which the Debtors are not liable." (Procedures Order at 2.)

13. The Workers' Compensation Claims, filed by or on behalf of the Debtors' individual employees, relate to Covered Claims that are currently being administered by the Workers' Compensation Court and defrayed by the proceeds of the Surety Bond and which are required, pursuant to the Workers' Compensation Code, to continue to be administered by the Workers' Compensation Court and, in the event that the proceeds of the Surety Bond may not be sufficient, defrayed by the Guaranty Fund until exhaustion of the individual claimants' eligibility for such compensation and benefits under the Workers' Compensation Code. Therefore, the Workers' Compensation Claims seek recovery for amounts for which the Debtors are no longer liable. Specifically, because the Workers' Compensation Court is drawing on proceeds of the Surety Bond specifically provided by the Debtors to cover any of their workers' compensation liability in the event of their insolvency, the Debtors should not be held liable for the Workers' Compensation Claims. Even in the remote and unexpected event that the proceeds of the Surety Bond are not sufficient to meet the Debtors' outstanding obligations under the Workers' Compensation Code, the Guaranty Fund is required pursuant to the Workers' Compensation Code to continue to honor any remaining Covered Claims (in part with proceeds acquired by the Guaranty Fund through assessments levied on Debtors by the Guaranty Fund throughout the years during which Debtors were members of the Guaranty Fund). Moreover, there is no

indication that the Guaranty Fund is insolvent or unable to make all payments due with respect to Covered Claims.

14. To avoid the possibility of improper and duplicative recovery against the Debtors' estates by both the holders of the Workers' Compensation Claims and the Guaranty Fund, the GUC Trust requests that the Court disallow and expunge in their entirety the Workers' Compensation Claims. Further, the GUC Trust reserves all their rights to object on any other basis to any Workers' Compensation Claims as to which the Court does not grant the relief requested herein.

## Notice

15. Notice of this 275th Omnibus Objection to Claims has been provided to (i) each claimant listed on Exhibit "A", (ii) Workers' Compensation Court of Oklahoma, Attn: Legal Officer, BK Dept., 1915 North Stiles, Oklahoma City, OK 73105-4918, (iii) and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).

16. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
March 23, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

275th Omnibus Objection **Exhibit A**  **Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
|---|---|---|---|---|---|
| **Name and Address of Claimant** | **Claim #** | **Debtor** | **Claim Amount and Priority (1)** | **Grounds For Objection** | **Objection Page Reference** |
| BETTY J SMITH<br>5361 HICKORY LN<br>NEWALLA, OK 74857-8399<br>State of Workers' Compensation Claim: Oklahoma | 67802 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$6,837.00 (P)<br>$0.00 (U)<br>$6,837.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DAYNA L UNDERWOOD<br>6900 E 576 RD<br>CATOOSA, OK 74015-6541<br>State of Workers' Compensation Claim: Oklahoma | 62525 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WILLIAM LOCKE<br>116 PARKWOODS CT<br>NOBLE, OK 73068-9399<br>State of Workers' Compensation Claim: Oklahoma | 16386 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,000.00 (U)<br>$10,000.00 (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| **Claims to be Disallowed and Expunged Totals** | 3 | | **$0.00** (S)<br>**$0.00** (A)<br>**$6,837.00** (P)<br>**$10,000.00** (U)<br>**$16,837.00** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 19, 2012 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                  :       Chapter 11 Case No.
                                                       :
**MOTORS LIQUIDATION COMPANY**, *et al.*,              :       09-50026 (REG)
     f/k/a General Motors Corp., *et al.*              :
                                                       :
                            Debtors.                   :       (Jointly Administered)
                                                       :
------------------------------------------------------------x

## ORDER GRANTING 275TH OMNIBUS OBJECTION TO CLAIMS
### (Workers' Compensation Claims in Retained States – Oklahoma)

Upon the 275th omnibus objection to claims, dated March 23, 2012 (the "**275th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Workers' Compensation Claims on the grounds that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully described in the 275th Omnibus Objection to Claims; and due and proper notice of the 275th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 275th Omnibus Objection to Claims.

found and determined that the relief sought in the 275th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 275th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 275th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 275th Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
           _____, 2012

_____
United States Bankruptcy Judge