**HEARING DATE AND TIME: May 15, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: May 8, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :   09-50026 (REG)
      **f/k/a General Motors Corp.,** *et al.*              :
                                                            :
                                    Debtors.                :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

### NOTICE OF HEARING ON MOTORS LIQUIDATION COMPANY GUC TRUST'S OBJECTION TO CLAIM NO. 4171 FILED BY JAMES O. BRYANT, JR.

**PLEASE TAKE NOTICE** that on March 23, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed an objection (the "**Objection**") to claim no 4171 filed by James O. Bryant, Jr., and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 15, 2012 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

US_ACTIVE:\43926444\04\72240.0639

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **May 8, 2012 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       March 23, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**HEARING DATE AND TIME: May 15, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: May 8, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                          :
**In re**                                                 :    **Chapter 11 Case No.**
                                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**             :    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*    :
                                                          :
        **Debtors.**       :    **(Jointly Administered)**
                                                          :
------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**OBJECTION TO CLAIM NO. 4171 FILED BY JAMES O. BRYANT, JR.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, respectfully represents:

**Relief Requested**

        1.    The GUC Trust files this Objection pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing and expunging proof of claim no. 4171 filed by James O. Bryant, Jr. (the "**Bryant Claim**").

US_ACTIVE:\43926444\04\72240.0639

2.  The GUC Trust has examined the Bryant Claim and has determined that the Bryant Claim seeks recovery of amounts for which the Debtors are not liable.  The Bryant Claim is a workers' compensation claim.  Pursuant to the provisions of the New Jersey Workers' Compensation Law, *N.J.S.A.* § 34:15-120.15, et seq. (the "**Act**"), and as further explained below, the Bryant Claim was expressly assumed by the New Jersey Department of Banking and Insurance (the "**Insurance Department**") and the New Jersey Self-Insurers Guaranty Association (the "**Association**") upon the Debtors' chapter 11 filing.

## Jurisdiction

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.  On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

---

[1]  The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2]  The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

5. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established June 1, 2010 as the deadline to file proofs of claim).

### Relevant Background to the Workers' Compensation Claim

6. In accordance with the provisions of the Act, and the rules and regulations pertaining thereunder, in order to operate as self-insured employers in New Jersey, the Debtors were required to post a surety bond (the "**Surety Bond**") in favor of the Insurance Department for the Insurance Department to draw upon if ever the Debtors became insolvent. *N.J.S.A.* § 34:15-77. As a consequence of the filing of the Initial Debtors' chapter 11 cases, on June 5, 2009, the Insurance Department drew upon the Surety Bond, in the amount of $9,000,000, held by Travelers Casualty & Surety Company of America, for the purpose of meeting Debtors' future obligations under the Act.

7. Since that time, by use of the proceeds of the Surety Bond, the New Jersey Property-Liability Insurance Guaranty Association ("**NJPLIGA**") has been actively administering on behalf of the Insurance Department all of the Debtors' outstanding workers' compensation claims resulting from prepetition incidents and injuries, including, without limitation, payment of weekly indemnity benefits, partial disability benefits, medical, hospital, and surgical expenses, physical or vocational rehabilitation, death benefits, funeral expenses, and other obligations required by the under the Act (collectively, the "**Covered Claims**"). Covered Claims are paid directly from the proceeds of the Surety Bond held by the Insurance Department

and, therefore, the Debtors are absolved of their obligations to compensate employees in connection with the Covered Claims, which include the Bryant Claim. To the extent that the proceeds of the Surety Bond are not sufficient to meet the Debtors' outstanding obligations under the Act, the Act requires an insolvency fund administered by the Association ("**Insolvency Fund**") to meet Debtors' obligations under the Act. *N.J.S.A.* § 34:15-120.18. To fund the Insolvency Fund for the purpose of meeting the obligations of insolvent members of the Association, the Association has annually assessed Debtors an amount based on a rate sufficient to maintain a pre-funded reserve of $1,000,000 and to pay the reasonable costs of the Insolvency Fund. Furthermore, both the Insurance Department and the Association have filed unliquidated claims against the Debtors in respect of Debtors' obligations under the Act in excess of the amount of the Surety Bond.

### The Relief Requested Should Be Approved by the Court

8.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co. v. Oneida Ltd.*, No. 09-CV-2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

9.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

Moreover, the Procedures Order provides that the Debtors may file omnibus objections to claims that "seek recovery of amounts for which the Debtors are not liable."  (Procedures Order at 2.)

10. The Bryant Claim relates to Covered Claims that are currently being administered by the NJPLIGA and defrayed by the proceeds of the Surety Bond held by the Insurance Department, and to the extent that the proceeds of the Surety Bond are not sufficient to cover such claims, would be administered by the Association and defrayed by the reserve held in the Insolvency Fund.  The Act requires that the Covered Claims continue to be administered by the Association and defrayed by the Insolvency Fund until exhaustion of the individual claimants' eligibility for such compensation and benefits under the Act.

11. The Insolvency Fund was specifically created for the purpose "of meeting the obligations of insolvent members . . ." *N.J.S.A.* § 34:15-120.19a.  Once a self-insured employer is deemed insolvent by the Association, "the Association is obligated for payment of compensation . . . to [the] insolvent member['s] employees resulting from . . . incidents and injuries existing prior to the member becoming an insolvent member." *Id.* § 34:15-120.18a. Under the Act, the Association is "deemed the insolvent member for purposes of [the Act] to the extent of its obligation on the [C]overed [C]laims and, to that extent, shall have all rights, duties and obligations of the insolvent member as if the member had not become insolvent." *Id.*  In other words, the Association essentially steps into the shoes of the Debtors for the purpose of administering payments in connection with the Covered Claims, including the Bryant Claim.  In addition, case law in New Jersey, has found that employees whose claim is based on an incident or injury occurring or arising prior to the commencement of a debtor's chapter 11 case are not required to file a proof of claim against the debtor's estate in order to receive workers' compensation benefits from the Association pursuant to section 34:15-120.18a of the Act.  *See*

*Morella v. Grand Union/New Jersey Self-Insurers Guaranty Association*, 193 N.J. 350 (N.J. 2008).

12. The Insurance Department has ordered the NJPLIGA to administer the Debtors' outstanding obligations under the Act with use of proceeds of the Surety Bond, and, therefore, the Bryant Claim seeks recovery for amounts for which the Debtors are no longer liable. Specifically, because the Insurance Department is drawing on proceeds provided by the Debtors to cover all workers' compensation claims in the event of the Debtors' bankruptcy, the Debtors are not liable for the Bryant Claim. In the unlikely event that the proceeds of the Surety Bond are insufficient to meet the Debtors' outstanding obligations under the Act, the Association is still responsible for paying claims of covered employees through the Insolvency Fund. There is no indication that the Insolvency Fund is at risk of defaulting on those obligations. Moreover, both the Insurance Department and the Association have filed unliquidated claims against the Debtors in respect of the Debtors' obligations under the Act in excess of the amount of the Surety Bond.

13. To avoid the possibility of improper and duplicative recovery against the Debtors' estates by both Mr. Bryant and the Association, the Debtors request that the Court disallow and expunge in its entirety the Bryant Claim. Further, the GUC Trust reserves all rights to object to the Bryant Claim as to which the Court does not grant the relief requested herein on any other basis.

## Notice

14. Notice of this Objection has been provided in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).

The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

15. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
March 23, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

HEARING DATE AND TIME: May 15, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: May 8, 2012 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                     :    Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :    09-50026 (REG)
   f/k/a General Motors Corp., *et al.*       :
:
                    Debtors.                             :    (Jointly Administered)
:
------------------------------------------------------------x

### ORDER GRANTING MOTORS LIQUIDATION COMPANY GUC TRUST'S OBJECTION TO CLAIM NO. 4171 FILED BY JAMES O. BRYANT, JR.

Upon the Objection,[1] dated March 23, 2012, of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing and expunging the Bryant Claim on the grounds that such claim seeks recovery of amounts for which the Debtors are not liable, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Bryant Claim is disallowed and expunged in its entirety from the claims register; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge