**DICKSTEIN**SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

April 3, 2012

Via Hand Delivery

Judge Robert E. Gerber
United States Bankruptcy Judge
United States District Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    Motors Liquidation Company, *et al.* - Case No. 09-50026-reg
            Adjourned Omnibus Objection No. 165, Claim Nos. 70180 and 70342

Dear Judge Gerber:

    We write on behalf of the Motors Liquidation Company GUC Trust (the "GUC Trust"), formed by the above-referenced debtors (the "Debtors") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, with respect to Your Honor's request that the GUC Trust and certain claimants submit additional briefing related to constructive notice. In particular, Your Honor asked if, in evaluating the sufficiency of notice of the deadline for filing proofs of claim (the "Bar Date") as to a particular claimant, it is relevant whether such claimant had access to or read the newspapers in which notice of the Bar Date was published. *See Transcript of Oral Argument* at 33:10-22, 34:4-6; 34:13-14, 35:5-9; 36:11-18; 38:5-7, In re Gen. Motors Corp., No. 09-50026 (Bankr. S.D.N.Y. Feb. 9, 2012) [hereinafter Tr. 2/9/12].

    At a hearing held on February 9, 2012 (the "Hearing"), Your Honor considered the objection filed by the Debtors to eight claims filed after the November 30, 2009 deadline to file claims against the Debtors. At the Hearing, Your Honor expunged four of the claims, and adjourned the remaining claims to allow the parties to submit further briefing on the constructive notice issues. Since the hearing, the GUC Trust has successfully resolved two of the remaining claims, but has been unable to resolve the claims filed by Betty Dalton (Claim No. 70180) and Sudie M. Venable (Claim No. 70342).[1] Thus, as Your Honor requested, the GUC Trust respectfully submits this letter to provide a "more complete briefing on the present state of the law on constructive notice." Tr. 2/9/12 at 34:13-14.

---

[1] Ms. Dalton and Ms. Venable are referred to collectively herein as the "Claimants." A search of the Debtors' records indicates that both of the Claimants were "unknown creditors" at the time notice of the Bar Date was sent. Neither of the Claimants argues otherwise.

**DICKSTEIN**SHAPIRO LLP

April 3, 2012
Page 2

Applicable Law

In short, the question as to whether constructive notice of a Bar Date through publication satisfies due process does not require consideration of whether the publication actually reached the creditor, or whether a particular claimant had access to or read the newspapers in which notice was published. As long as notice is "reasonably calculated" to reach potential creditors, notice by publication is adequate. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Cases in and outside of this district have consistently held that notice of a bar date by publication is sufficient as to an unknown creditor, irrespective of whether that creditor actually read the notice. *In re Best Products Co.*, 140 B.R. 353, 357-58 (Bankr. S.D.N.Y. 1992) ("The proper inquiry in evaluating notice is whether the party giving notice acted reasonably in selecting means likely to inform persons affected, not whether each person actually received notice.") [hereinafter *Best Products*]; *In re New Century TRS Holdings, Inc.*, No. 07-10416, 2012 WL 386247 at *8 (Bankr. D. Del. Feb. 7, 2012) (finding that the debtor provided adequate constructive notice of the claims bar date even though the claimant testified that she did not read either of the two newspapers in which it was published) [hereinafter *New Century*]; *see also Chemetron Corp. v. Jones*, 72 F.3d 341, 348-49 (3d Cir. 1995) (finding that publication of bar date notice in two national newspapers and in various local newspapers was sufficient even though it was not published in the local newspapers where claimant resided); *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 107 (Bankr. S.D.N.Y. 1997) ("Courts consistently reject the argument that a publication of 'general circulation' must be generally available in the particular locality where the objecting party resides."); *Brown v. Seaman Furniture Co.*, 171 B.R. 26, 27 (Bankr. E.D. Pa.1994) (finding that publication in The New York Times was sufficient notice to claimant in Pennsylvania); *In re Trump Taj Mahal Assocs.*, 156 B.R. 928, 940 (Bankr. D. N.J. 1993) ("[T]hat [the claimant] does not read the legal section of the newspaper and did not read the legal section of the newspaper that published the bar date order in this case is not controlling."); *In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 112 B.R. 920, 924 (N.D. Ill.1990) (publication notice is sufficient even though the claimants argued that they had never heard of The Wall Street Journal); *Wright v. Placid Oil Co.*, 107 B.R. 104, 108 (Bankr. N.D. Tex.1989) (holding that publication in The Wall Street Journal is sufficient notice to unknown creditor located in Louisiana).

In *Best Products*, for example, the claimants, residents of Latham, Maryland, argued that because they did not read any of the newspapers in which notice of the bar date was published, and because notice was not published in local or state newspapers, notice was insufficient as a matter of law. 140 B.R. at 358. The debtor, a national corporation, had published notice in the national editions of The Wall Street Journal, The New York Times, and three local newspapers in Chicago, Los Angeles, and Richmond. *Id.* at 356. In finding for the debtors, the Court found

**DICKSTEIN**SHAPIRO LLP

April 3, 2012
Page 3

that sufficient notice does not require publication in every state or locale where there could be a creditor. *Id.* at 358. The Court also found that facts about a particular creditor's access to or knowledge of a newspaper was not relevant to the notice analysis. *Id.* at 358. Less than two months ago, in *New Century*, the Delaware bankruptcy court relied on *Best Products* when it reiterated that "it is impracticable to expect a debtor to publish notice in every newspaper a possible unknown creditor may read." 2012 WL 386247 at *7 (citations omitted).

Here, the Court has already found that notice of the Bar Date by publication, as contemplated by the Bar Date Order (Docket No. 4079)[2] was "good, adequate, and sufficient publication notice" of the Bar Date in this case. *Bar Date Order* at 7 ("[N]otification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with the Claims they may have against the Debtors in these chapter 11 cases."). Thus, the GUC Trust submits that constructive notice of the Bar Date, as provided by the Debtors through publication, was sufficient as to both of the Claimants, irrespective of whether they read or had access to the newspapers in which the notice was published.

\*       \*       \*

In light of the foregoing, and given that neither of the Claimants have otherwise met their burden of demonstrating "excusable neglect" for their late filings under *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993), the claims filed by Ms. Dalton and Ms. Venable should each be disallowed and expunged.

---

[2] The Bar Date Order authorized the Debtors to provide notice by publication in the Financial Times, The Wall Street Journal (Global Edition – North America, Europe and Asia), The New York Times (National), USA Today (Monday through Thursday, National), Detroit Free Press/Detroit News, Le Journal de Montreal (French), Montreal Gazette (English), The Globe and Mail (National), and The National Post. The Debtors timely published notice in these newspapers. (*See* Affidavits of Publication, Docket Nos. 3522, 4290, 4724 and 4877.)

**DICKSTEIN**SHAPIRO LLP

April 3, 2012
Page 4

      Per agreement with the Claimants, the deadline to file responses to this letter is <u>Thursday, April 19, 2012 at 4:00 p.m. (Eastern Time)</u> and a hearing to further consider the claims filed by Ms. Dalton and Ms. Venable will be held on <u>Thursday, April 26th, 2012 at 9:45 a.m. (Eastern Time)</u>.[3]  The GUC Trust will be filing a notice of hearing with respect to the foregoing.

                                        Respectfully submitted,

                                        Stefanie Birbrower Greer

---

[3] To the extent the Court finds the Claimants' individual circumstances relevant (including whether they read or had access to the newspapers in which notice of the Bar Date was published, and whether they had knowledge of the Debtors' bankruptcy cases), the hearing on April 26, 2012 will be an evidentiary hearing. However, as set forth throughout this letter, it is the GUC Trust's position that an evidentiary hearing would not be necessary, given the Claimants' individual facts and circumstances are not relevant to whether their notice of the Bar Date satisfies the applicable legal standards.