**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER**

It is hereby stipulated and agreed by the Motors Liquidation Company GUC Trust ("**GUC Trust**"), General Motors Company, and the United States of America (the "**United States**"), on behalf of United States Customs and Border Protection ("**CBP**"), by and through their respective undersigned counsel or representatives, as follows:

WHEREAS, on June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. (together with REALM and the Initial

Debtors, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on June 1, 2009, MLC filed a motion to approve the sale of substantially all of its assets pursuant to 11 U.S.C. § 363;

WHEREAS, on June 26, 2009, Initial Debtors entered into the Master Sale and Purchase Agreement By and Among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, and Chevrolet Saturn of Harlem, as Sellers, and NGMCO, Inc., as Purchaser (the "**MSPA**");

WHEREAS, on July 5, 2009, the Court approved the sale of assets to NGMCO, Inc (a/k/a Newco), later known as General Motors LLC and now known as General Motors Company ("**New GM**");

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order, CBP timely filed against MLC Proof of Claim No. 51097 reflecting a general unsecured claim of

2

$25,066,317.08 plus unliquidated and contingent duties, fees, and other charges ("**Unliquidated Duties**"), and an unsecured priority claim of $51,285.40 plus Unliquidated Duties, for a total of $25,117,602.48, plus Unliquidated Duties.

WHEREAS, on or about February 14, 2011, CBP filed against MLC Proof of Claim No. 70915, asserting an administrative claim for Unliquidated Duties.

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan [Dkt. # 9941], which, *inter alia*, established the GUC Trust pursuant to the Motors Liquidation Company GUC Trust Agreement, transferred certain claims pending against MLC to the GUC Trust, and authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates.

WHEREAS, on or about August 22, 2011, CBP filed against MLC Proof of Claim No. 71212, which amended and superseded Proof of Claim No. 51097 and reflected a general unsecured claim of $745,935.36 plus Unliquidated Duties.

WHEREAS, the GUC Trust, New GM, and CBP have agreed that Proof of Claims No. 70915 and 71212 pertain to liabilities that have been assumed by New GM pursuant to the terms of the MSPA;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. CBP hereby withdraws with prejudice Proofs of Claim Nos. 51097, 70915 and 71212 (the "**Proofs of Claim**") from the claims register of this proceeding.

2. Pursuant to the provisions of the MSPA, New GM agrees that it has assumed the liabilities that may eventually be owing with respect to the Proofs of Claim, and any subsequently asserted liabilities by CBP that would have otherwise been reflected by amending or superseding the Proofs of Claim (the "**Assumed Liabilities**").

3. New GM and CBP reserve all of their respective rights to contest or otherwise challenge the Assumed Liabilities except as otherwise stated herein. CBP's withdrawal of the Proofs of Claim pursuant to this Stipulation and Agreed Order shall not provide a basis for New GM to challenge or disclaim its assumption of the Assumed Liabilities.

4. New GM, the GUC Trust and the United States, its agencies, departments, or agents, reserve all of their respective rights with respect to any right of setoff or counterclaim(s) held by the United States, its agencies, departments, or agents pursuant to 11 U.S.C. § 553 or other applicable law. Nothing in this Stipulation and Agreed Order shall discharge, release or otherwise preclude any right of setoff or recoupment that the United States, its agencies, departments or agents may possess.

5. CBP reserves all of its rights with respect to any sureties. Nothing in this Stipulation and Agreed Order shall discharge, release or otherwise affect the

4

ability of CBP to make demand on, be paid by, or otherwise pursue any sureties that are jointly and severally liable with New GM, the Debtors, or the GUC Trust for any debt owed to CBP.

6. The GUC Trust agrees that pursuant to the terms of the MSPA, Debtors transferred to New GM their interest in the proceeds of any refunds of duties owed by CBP to Debtors resulting from CBP's liquidation of unliquidated pre-petition entries (the "**Refunds**"). Debtors and the GUC Trust hereby disclaim any interest in any such Refunds.

7. This Stipulation and Agreed Order contains the entire agreement between the parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the parties relating hereto as it relates to the claims that are the subject matter of this agreement.

8. This Stipulation and Agreed Order may not be modified other than by signed writing executed by the parties hereto or by order of the Court.

9. Each person who executes this Stipulation and Agreed Order represents that he or she is duly authorized to do so on behalf of the respective parties hereto and that each party has full knowledge and has consented to this Stipulation and Agreed Order.

10. This Stipulation is subject to approval by the Court. In the event the Court declines to approve this Stipulation, it shall be null and void, with no effect.

Stipulated and Agreed:

| | |
|---|---|
| MOTORS LIQUIDATION COMPANY<br>GUC TRUST<br>By Wilmington Trust Company<br>as Trust Administrator | PREET BHARARA<br>United States Attorney for the<br>Southern District of New York |
| By: /s/ David A. Vanaskey, Jr.<br>    David A. Vanaskey, Jr.<br>    Vice President | By: /s/ Joseph N. Cordaro<br>    DAVID S. JONES<br>    JOSEPH N. CORDARO<br>    Assistant United States Attorneys<br>    86 Chambers Street, 3rd Floor<br>    New York, New York 10007<br>    Telephone: (212) 637-2739/2745<br>    Facsimile: (212) 637-2686<br>    *Attorney for the United States*<br>    *of America* |

GENERAL MOTORS COMPANY

By: /s/ Daniel M. Houlf
    Daniel M. Houlf
    General Director, U.S. Tax Counsel Group

SO ORDERED THIS **5th** DAY OF **April**, 2012.

*s/ Robert E. Gerber*
HON. ROBERT E. GERBER
United States Bankruptcy Judge