Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                         :
In re                                    :        **Chapter 11 Case No.**
                                         :
**MOTORS LIQUIDATION COMPANY,** *et al.,* :        **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* :
                                         :
                        Debtors.         :        **(Jointly Administered)**
                                         :
-------------------------------------------------------------x

**NOTICE OF OBJECTION TO PROOFS OF**
**CLAIM NOS. 18839 AND 70846 FILED BY JUANITA PICKETT**

     **PLEASE TAKE NOTICE** that on January 26, 2012, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed its objection to proof of claim number 18839 and administrative claim

number 70846 filed by Juanita Pickett (the "**Objection**"), and that a hearing (the "**Hearing**") to

consider the Objection will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **May 15, 2012, at 9:45 a.m.**

**(Eastern Time)**, or as soon thereafter as counsel may be heard.

     **PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708   (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **May 8, 2012, at 4:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard

offered to any party.

Dated: New York, New York
April 12, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation
Company GUC Trust*

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re**                                          :          **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,          :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*          :
:
         **Debtors.**          :          **(Jointly Administered)**
:
-----------------------------------------------------------------x

**OBJECTION TO PROOFS OF CLAIM**
**NOS. 18839 AND 70846 FILED BY JUANITA PICKETT**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by

the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), objects to proof of claim number

18839 (the "**Original Claim**") and administrative claim number 70846 (the "**Administrative**

**Claim**," and together with the Original Claim, the "**Claims**") filed by Juanita Pickett, on the

basis that such claims are time-barred by the applicable statutes of limitations.  In support of

this Objection, the GUC Trust respectfully represents:

## PRELIMINARY STATEMENT

1.        Juanita Pickett, a *pro se* litigant, seeks recovery against the Debtors for more than $250,000 in damages related to an accident which allegedly occurred in June 2004 (the "**Accident**").  Ms. Pickett filed a timely unsecured claim and a timely administrative claim against the Debtors in connection with the Accident.  *However*, Ms. Pickett did not commence an action related to the Accident prior to the Debtors' bankruptcy.  Because any applicable statutes of limitations for any claims and damages sought as a result of the Accident expired long before commencement of the Debtors' bankruptcy cases, the Claims are barred as a matter of law.

2.        In light of the foregoing, the GUC Trust seeks entry of an order disallowing and expunging the Claims pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## JURISDICTION

3.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).[1]

## BACKGROUND

4.        On January 1, 2003, Ms. Pickett purchased a 2003 Buick Rendezvous from a dealership in Georgia.  *See* Proof of Claim No. 18839, attached as Exhibit A.  On June 24, 2004, in Dekalb County, Georgia, Ms. Pickett was involved in the Accident, which she alleges was a result of defects in the vehicle.  *See* February 14, 2012 Letter at 8 & 52 (the "**February 2012 Letter**" attached as Exhibit B).  Ms. Pickett alleges she suffered numerous injuries as a

---

[1]        *In re Chateaugay Corp.*, 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1997) ("[T]he bankruptcy court must have jurisdiction to make the threshold determination of whether as a mater of law, a claim exists which can be asserted against the debtor, even if the claim sounds in personal injury, tort or wrongful death."); *Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.)*, 398 B.R. 736, 749 (S.D.N.Y. 2008) (noting "it is well settled" that a bankruptcy court can disallow personal injury claims).

result of the Accident, which made her unable to perform her job and resulted in the loss of her home.  *See* February 2012 Letter at 53.

5.      In 2004, through her then-attorney, Ms. Pickett allegedly filed a claim related to the Accident with ESIS/GM Central Claims Unit.  *See* February 2012 Letter at 11, 17 & 24.  As of the commencement of the bankruptcy cases, Ms. Pickett had not been paid on account of that claim.

6.      The Debtors' records, as well as an independent search of state and federal court dockets, do not reveal any cases commenced by Ms. Pickett in connection with the Accident, or any tolling agreement between the Debtors and Ms. Pickett.

## THE CLAIMS

7.      On or about November 2, 2009, Ms. Pickett filed the Original Claim.  The cover sheet for the claim asserts $24,404.60 in personal and property damage allegedly caused by the Accident, as well as damages for breach of the implied warranty of merchantability. Notably, supporting documentation filed with the Original Claim (and additional documentation later provided to the GUC Trust) indicates Ms. Pickett is seeking recovery of more than $250,000.00 on account of the Claim.  *See* Exhibit A.

8.      On or about February 9, 2011, Ms. Pickett filed an unliquidated administrative claim (Claim No. 70846).  *See* Exhibit C.  The Administrative Claim also seeks recovery for damages related to the Accident.

9.      On January 27, 2012, the GUC Trust filed its 267th Omnibus Objection to Claims, seeking expungement of various claims based on claimants' failure to provide sufficient documentation to support the asserted claims (the "**Omnibus Objection**").  The Claims were included in the Omnibus Objection.  In response, Ms. Pickett submitted a letter to the Court

attaching additional documentation in support of the Claims. *See* Exhibit B. The GUC Trust found that the documentation was sufficient to show the asserted basis for the Claims. Consequently, the GUC Trust agreed to withdraw the Omnibus Objection as related to the Claims, without prejudice to its rights to file additional objections with respect to the Claims.

## ARGUMENT

10.    For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000). A right to payment is an enforceable obligation. *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559 (1990). Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim. If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim. *In re Chain*, 255 B.R. 278, 281 (Bankr. D. Conn. 2000); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

11.    "A challenged claim will not be allowed by the bankruptcy court if the claim is barred by the applicable statue of limitations." *In re Brill*, 318 B.R. 49, 53 (Bankr. S.D.N.Y. 2004); *Asbestos Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 262 B.R. 223, 234 (S.D.N.Y. 2001) (citation omitted) ("This district has recognized the authority of the Bankruptcy Court to apply statutes of limitations and related dispositive legal defenses in the disallowance of claims, including personal injury claims."). As discussed more fully below, the Claims fail to state a legal basis for recovery

against the Debtors because the causes of action underlying the Claims are time-barred. Thus, the Claims are not *prima facie* valid and should be disallowed and expunged.[2]

### A.    The Claims are Time-Barred

12.    Ms. Pickett seeks recovery from the Debtors based on (i) personal injury, (ii) property damage, and (iii) breach of implied warranty of merchantability. February 2012 Letter at 31-32; Administrative Claim No. 70846. Actions based on such damages and breach could arguably be governed by New York law (the forum state), Michigan (the state where the vehicle was manufactured) or Georgia (the state where claimant is domiciled, the vehicle was purchased, the accident occurred and the alleged injuries were suffered).[3]

13.    As set forth in detail below, regardless of which state's statute of limitation period is applied, Ms. Pickett's right to bring such claims against the Debtors expired well before the Debtors' chapter 11 filing in June 2009.[4]

---

[2]    Ms. Pickett filed the Administrative Claim, seeking recovery for personal injury and property damage resulting from the Accident. (The Administrative Claim appears to seek the same relief as the Original Claim, only on an administrative basis.) As this Court has repeatedly held in these chapter 11 cases, claims based on personal injury and property damage resulting from a prepetition accident are not administrative claims. May 3, 2011 Supplemental Order (D.E. 10152); affirmed by *In re Motors Liquidation Co.*, No. 11-CV-4180, 2012 WL 124581, at *4 (S.D.N.Y. Jan. 17, 2012). Here, the Administrative Claim is wholly based on alleged damages, including for personal injury, resulting from the Accident. Thus, to the extent the Administrative Claim is not expunged as requested in this Objection, the GUC Trust requests that the Court reclassify it as a general unsecured claim.

[3]    Where a court is "exercising bankruptcy jurisdiction over state law claims under section 1334(b), the court applies the choice of law rules of the forum state to determine the applicable statutes of limitations." *Adelphia Commc'ns Corp. v. Bank of Am. (In re Adelphia Commc'ns Corp.)* , 365 B.R. 24, 57 n.136 (Bankr. S.D.N.Y. 2007) (citation omitted). New York choice-of-law rules (applicable here) look to, among other things, whether a conflict exists, and requires application of the state's "borrowing statute." *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, No. 10-CV-1306, 2012 WL 688529, at *2 (2d Cir. Mar. 5, 2012) ("Under New York choice-of-law rules, '[t]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved.'") (citation omitted); N.Y. § C.P.L.R. 202. The state's borrowing statute effectively requires the Court to apply the shorter of two statutes of limitations where (as here) plaintiff is a not a resident of New York. N.Y. § C.P.L.R. 202. Given that application of the statutes of limitations in each of these jurisdictions yields the same result, the GUC Trust has not provided the Court with an extensive choice of law analysis for the purpose of this Objection. The GUC Trust reserves all rights with respect thereto.

[4]    No tolling principles are relevant to the Claims which would alter application of the statutes of limitations.

| Cause of Action[5] | New York SOL[6] | Michigan SOL[7] | Georgia SOL[8] |
|---|---|---|---|
| **Personal Injury** | 3 Years (expired 6/07) | 3 Years (expired 6/07) | 2 Years (expired 6/06) |
| **Injury to Property** | 3 Years (expired 6/07) | 3 Years (expired 6/07) | 4 Years (expired 6/08) |
| **Breach of Implied Warranty of Merchantability** | 4 Years (expired 6/08) | 4 Years (expired 6/08) | 4 Years  (expired 6/08) |
| **Products Liability** | N/A | 3 Years (expired 6/07) | N/A |

14.    Based on the foregoing, it is clear Ms. Pickett failed to file any claims against the Debtors in connection with the Accident prior to expiration of any of the applicable statutes of limitations.  She is thus precluded from doing so now.  To be sure, the claims process does not revive claims extinguished prior to bankruptcy.  *See, e.g., LTV Steel Co., Inc. v. Shalala* (*In re Chateaugay Corp.*), 53 F.3d 478, 497 (2d Cir. 1995) ("A claim exists only if before the filing of the bankruptcy petition, the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation—'a right to payment'—under the relevant non-bankruptcy law.") (citation omitted).  Accordingly, Ms. Pickett does not have a prepetition right to payment against the Debtors and the Claims should thus be disallowed and expunged.

---

[5]    Each of the 3 applicable states has a 4 year statute of limitation for actions based on breach of the implied warranty of merchantability ("breach of contract").  *See* Ga. Code Ann. § 11-2-725(1); N.Y. U.C.C. § 2-725(1); Mich. Comp. Laws Ann. § 440.2725(1).    Otherwise, the limitation period in each state, regardless of the specific cause of action (unless otherwise specified in the state's code or rules), is determined by the type of damage the plaintiff seeks recovery for, rather than the legal claim asserted.  For example, the New York Civil Practice Laws and Rules, without specifying any particular cause of action, sets a 3 year limitation period for, "an action to recover damages for an injury to property."  N.Y. C.P.L.R. § 214(4).

[6]    *See* N.Y. C.P.L.R. § 214(4)-(5); *see also* N.Y. U.C.C. § 2-725(1).

[7]    *See* Mich. Comp. Laws Ann. §§ 600.5805(10) & (13); *see also* Mich. Comp. Laws Ann. § 440.2725(1).

[8]    *See* Ga. Code Ann. § 9-3-33; *see also* Ga. Code Ann. §§ 9-3-31; Ga. Code Ann. § 11-2-725(1).

## **CONCLUSION**

For the reasons set forth above, this Court should enter an order expunging the

Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 12, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                        :

In re                                   :         Chapter 11 Case No.
                                     :

MOTORS LIQUIDATION COMPANY, *et al.*,  :        09-50026 (REG)
     f/k/a General Motors Corp., *et al.*     :
                                   :

                    Debtors.        :         (Jointly Administered)
                                   :

--------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO
## PROOFS OF CLAIM NOS. 18839 AND 70846 FILED BY JUANITA PICKETT

        Upon the objection to proof of claim number 18839 and administrative claim number 70846 (the "**Claims**") dated April 12, 2012 (the "**Objection**"), filed by the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"),  pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claims on the basis that such claims are time-barred by any applicable statutes of limitations, as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

# EXHIBIT A

01592123

APS0587648796

---

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |

01592123

APS0587648796

## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

Name of Debtor (Check Only One)

- ☑ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

**Your Claim is Scheduled As Follows.**

FILED - 18839
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) PICKETT JUANITA

Name and address

*Juanita Pickett*
*PO Box 1181*
*Mableton Ga 30126*

Telephone number *678-913-7114*
Email Address

(stamp) THE GARDEN CITY GROUP, INC. NOV 2 2009

- ☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number *71-5489273 4*
(if known)

Filed on *Oct 30, 2008*

Name and address where payment should be sent (if different from above)

*Juanita Pickett*
*PO Box 1181*
*Mableton Ga 30126*

Telephone number *678 913-7114*

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

- ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars
- ☐ Check this box if you are the debtor or trustee in this case

1 Amount of Claim as of Date Case Filed, June 1, 2009    $ *24,404.60*

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

- ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 Basis for Claim *Personal Injury due to Product defect Extent*
(See instruction #2 on reverse side ) *From June 22, 2004 (Summary)*

3 Last four digits of any number by which creditor identifies debtor

- 3a Debtor may have scheduled account as
  (See instruction #3a on reverse side )

4 Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff    ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment    ☐ Other
Describe

Value of Property $_____    Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any. $_____

Basis for perfection

Amount of Secured Claim $_____    Amount Unsecured $ *24,404.60*

5 **Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

- ☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
- ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
- ☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
- ☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
- ☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))
- ☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6 Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

Date *10/30/09*

Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

*Juanita Pickett    Juanita Pickett*

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

a splints on her wrists, experienced **difficulty holding and lifting objects**, and was unable to continue working or perform normal everyday activities without increased pain and discomfort. In addition, our client's doctor has **not ruled out the possibility of future surgery on her wrists**. To this date, our client continues to suffer from on going pain and suffering as a result of this incident. *(See Exhibit "4," Emergency Room and Follow Up Treatment Records and Related Expenses).*

**Lost Wages:**    *Shanda*

Due to the obvious trauma of the crash, our client was unable to perform her regular work duties as a Wal-Mart Sales Associate. Prior to this incident, our client was earning approximately $1,614.40 per month. ($10.09 per hour x 40 hours worked per week x 4 weeks worked per month = $1,614.40 monthly earnings)   As a result of these wreck related injuries, Ms. Pickett missed 9 months of work. Since she missed 9 months of work, Ms. Pickett incurred lost wages in the amount of $14,529.60 as a result of this incident. ($1,614.40 monthly earnings x 9 months missed work = $14,529.60 lost wages) *(See Exhibit "5," Work Excuse and Wage Verification Documenting $14,529.60 Lost Wages).*

**Special Damages:**

The special damages which our client incurred as a result of this serious incident would include, but are not limited to, the following:

| | | |
|---|---|---|
| 1. | Gwinnett Medical Center | $ 5,348.00 |
| 2. | North Metropolitan Radiology Assoc. | $ 518.00 |
| 3. | Dr. Robert J. Bonhomme, M.D. | $ 485.00 |
| 4. | Optimum Health | $ 140.00 |
| 5. | Gwinnett Clinic | $ 3,030.00 |
| 6. | Greater Atlanta Primary Care | $ 354.00 |
| 7. | Lost Wages | $14,529.60 |
| | TOTAL SPECIAL DAMAGES | $24,404.60 |

**Demand:**

On the basis of **vehicle roll over**, trauma induced bilateral carpel tunnel syndrome, blunt head trauma with concussion, headaches, blurred vision, memory loss, bilateral arm pain, neck pain, back pain, shoulder pain, chest pain, possible future surgery, physical therapy, use of wrist splints, use of cervical collar, use of pain medication, lost wages and pain and suffering, we hereby request a settlement in the amount of **$250,000.00** for our client. A reasonable jury, in our opinion, would have little difficulty in awarding the amount requested, if not a **far greater award**. The amount cited in this settlement demand assumes that a copy of your insured's applicable declaration page has been produced to our office and that your insured does not carry excess or umbrella policy for any additional coverage above and beyond its primary policy.

This settlement demand is being made pursuant to Southern General Insurance Co. v. Holt,

3

 

★★★★★
**NHTSA**
www.nhtsa.gov

| Safety Ratings | Defects & Recalls | Safe Driving Information | Resources |
|---|---|---|---|

**Office of Defects Investigation**

# DEFECTS & RECALLS

**File a Complaint**

## COMPLAINTS - SEARCH RESULTS

**Search Complaints**

Navigate   ODI Home  »  Search Complaints  »  Results List

**Defect Investigations**

Help

**Safety Recalls**

**Search Results**

**Service Bulletins**

| | |
|---|---|
| Report Date | **April 4, 2009 at 11 20 AM** |
| Search Type | **VEHICLE** |
| Year | **2003** |
| Make | **BUICK** |
| Model | **RENDEZVOUS** |

New Search

**Downloads**

**Foreign Campaigns**

Pnnt Version

Results  4 | All records displayed

**EWR Information**

Make · BUICK                Model  RENDEZVOUS            Year  2003

**Sitemap**

Manufacturer  GENERAL MOTORS CORP

**Contact ODI**

Crash  No                     Fire  No                     Number of Injuries 0

(888) 327-4236

ODI ID Number  10242488                                  Number of Deaths  0

TTY (800) 424-9153

Date of Failure  December 16, 2003

VIN  3G5DA03E83S

Component  STEERING

Document Search

☐ Check to Request Research  Submit below                     Get Summary

Make  BUICK                Model  RENDEZVOUS            Year  2003

Manufacturer  GENERAL MOTORS CORP

Crash  Yes                    Fire  No                     Number of Injuries  1

ODI ID Number  10225411                                  Number of Deaths  0

Date of Failure  June 22, 2004

VIN  3G5DA03E83S

Component  STEERING

Document Search

☐ Check to Request Research  Submit below                     Get Summary

Make  BUICK                    Model  RENDEZVOUS            Year  2003

Manufacturer  GENERAL MOTORS CORP

Crash  Yes                    Fire  No                     Number of Injuries  1

ODI ID Number  10148868                                  Number of Deaths  0

Date of Failure  June 22, 2004

VIN  3G5DA03E83S

Component  STEERING

Document Search

Get Summary

Form Approved, O.M.B. No. 2127 0008

## DOT Auto Safety Hotline
## Vehicle Owner's Questionnaire
### To Report Vehicle Safety Defects
### 1-888-DASH-2-DOT
### (1-888-327-4236)
### INTERNET:www.nhtsa.dot.gov/hotline

U S Department
of Transportation

National Highway
Traffic Safety
Administration

| FOR AGENCY USE ONLY   J00148 | |
|---|---|
| Date Received | Repository ☐ |
| 22-APR-2008 | Reference No |
| | 10225411 |

### OWNER INFORMATION (Type or Print)

Name  Juanita  Pickert

Address

| City  DETROIT | State  MI | Zip Code |
|---|---|---|

Daytime Telephone Number

E-mail Address

Evening Telephone Number

Do you authorize NHTSA to provide a copy of this report to the manufacturer of your vehicle?   ☒ YES   ☐ NO
*In the absence of an authorization, NHTSA WILL NOT provide your name or address to the vehicle manufacturer*

Signature of Owner _____   Date ___/___/___

### VEHICLE INFORMATION

| 17 digit Vehicle Identification Number Located at bottom of windshield on driver's side | Make | Model | Model Year |
|---|---|---|---|
| 3G5DA03F83S | BUICK   -  - | RENDEZVOUS | 2003 |

| Date Purchased 01-JAN-03 | Dealer's Name and Telephone Number BARANCO BUICK PONTIAC GMC | Engine No Cylinders  6 | Fuel Type Gas |
|---|---|---|---|

| Original Owner ☒ | Dealer's City DEARBURN | State GA | Zip Code 30047 | | |
|---|---|---|---|---|---|

| Transmission Type AUTOMATIC | ☐ Antilock Brakes ☐ Cruise Control | Powertrain FRONT WHEEL DRIVE | Multiple Failure 1 | Incident Date(s) 22-JUN-2004 |
|---|---|---|---|---|

### FAILED COMPONENT(S)/PART(S) INFORMATION

| Vehicle Component Codes  020000 SUSPENSION, 010000 STEERING, 012000 STEERING  COLUMN | Failure Mileage 1000 | Failure Speed 5 |
|---|---|---|

### ADDITIONAL ITEMS TO BE COMPLETED WHEN REPORTING A TIRE FAILURE

| Tire Make | Tire Model (Name or Number) | Tire Size (Example P215/65R15) |
|---|---|---|

| DOT No (Example DOTMAL9ABC036) | ☐ Original Equipment ☐ Prior Repair | Failure Location |
|---|---|---|

| Tire Component Code | | Tire Failure Type |
|---|---|---|

### ADDITIONAL ITEMS TO BE COMPLETED WHEN REPORTING A CHILD SEAT FAILURE

| Make | Date Manufactured | Model No /Name |
|---|---|---|
| Seat Type | Installation System | |
| Child Seat Component Code | Failed Part | |

### APPLICABLE INCIDENT INFORMATION
*(Please describe in detail, on page type, number(s), Crash(es) and injury(ies))*

| Crash ☒ Yes ☐ No | Fire ☐ Yes ☒ No | Number of Persons Injured 1 | Number of Deaths 0 | Reported to Police Y |
|---|---|---|---|---|

Narrative Description of Incident(s), Crash(es), and Injury(ies)
Please describe (1) events leading up to the failure, (2) failure and its consequences, and (3) what was done to correct the failure, i e, parts repaired or replaced (if old part is available)

TL THE CONTACT OWNS A 2003 BUICK RENDEZVOUS  ON JUNE 22, 2004, WHILE DRIVING BETWEEN 5 AND 15 MPH, THE FRONT END OF THE VEHICLE BEGAN WOBBLING FROM SIDE TO SIDE  THE VEHICLE FLIPPED OVER TWO OR THREE TIMES  NO OTHER VEHICLES WERE INVOLVED IN THE CRASH  THE REAR AND A SIDE WINDOW WERE SHATTERED  THE VEHICLE WAS DESTROYED ACCORDING TO THE INSURANCE COMPANY  A POLICE REPORT WAS FILED  THE CONTACT HAD BEEN DRIVING FOR THIRTY MINUTES BEFORE THE CRASH OCCURRED  GM SERVICED THE HEADLIGHTS AND PERFORMED AN OIL CHANGE APPROXIMATELY FIVE MONTHS PRIOR TO THE CRASH  THE CONTACT IS STILL UNDER A DOCTOR'S CARE AND HAS CARPHAL TUNNEL IN BOTH ARMS DUE TO THE CRASH  THE CURRENT AND FAILURE MILEAGES WERE 1,000  UPDATED 05/05/08 *BF
UPDATED 05/05/08

Include, if available  Police/Fire Department Report, Photos, and Repair Invoice.        ATTACH ADDITIONAL SHEETS IF NECESSARY

The Privacy Act of 1974-Public Law 93-579 This information is requested pursuant to authority vested in the National Highway Traffic Safety Act and subsequent amendments  You are under no obligation to respond this questionnaire  Your response may be used to assist the NHTSA in determining whether a Manufacturer should take appropriate action to correct a safety defect  If the NHTSA proceeds with administrative enforcement or litigation against a manufacturer, your response, or a statistical summary thereof, may be used in support of the agency's action

# EXHIBIT B

- Please see Docket No. 11429 filed by Ms. Pickett.  Due to the personal information contained in the documents, the GUC Trust did not refile them here.

# EXHIBIT C

7016757

## UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

**ADMINISTRATIVE PROOF OF CLAIM**

Name of Debtor  *(Check only one)*
- ❑ Motors Liquidation Company (f/k/a General Motors Corporation)  09-50026 (REG)
- ❑ MLCS, LLC (f/k/a Saturn, LLC)  09-50027 (REG)
- ❑ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
- ❑ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )  09-13558 (REG)
- ❑ Remediation and Liability Management Company, Inc  09-50029 (REG)
  (subsidary of **General Motors Corporation**)
- ❑ Environmental Corporate Remediation Company, Inc  09-50030 (REG)

The deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtors is (i) on or before February 14, 2011 at 5 00 p m (Eastern Time), with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) the date that is thirty (30) days after the Effective Date at 5 00 p m (Eastern Time), with respect to administrative expenses arising between February 1, 2011 and the Effective Date

(Stamp: THE GARDEN CITY GROUP, INC. FEB 9 2011)

**ADMINISTRATIVE CLAIM**

**FILED - 70846**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Name of Creditor (The person or other entity to whom the debtor owes money or property)
**JUANITA PICKETT**

Name and address where notices should be sent
**JUANITA PICKETT**
P O BOX 1181
Jonesboro Ga
30126

Telephone Number  678 - 913 - 7114

- ❑ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars
- ❑ Check box if you have never received any notices from the bankruptcy court in this case
- ❑ Check box if the address differs from the address on the envelope sent to you by the court

Last four digits of account or other number by which creditor identifies debtor
1582123        18839

Check here ❑ replaces   a previously filed claim, dated 11-2-2009
if this claim ❑ amends

### 1. Basis for Claim
- ❑ Goods sold
- ❑ Services performed
- ❑ Money loaned
- ☑ Personal injury/wrongful death
- ☑ Taxes
- ☑ Other  Carper tunner in Both hand

- ❑ Retiree benefits as defined in 11 U S C § 1114(a)
- ❑ Wages, salaries, and compensation (fill out below)
  Last four digits of SS#
  Unpaid compensation for services performed
  from _____ to _____
  (date)              (date)

### 2. Date debt was incurred (must be on or after June 1, 2009)

### 3  If court judgment, date obtained

### 4  Total Amount of Administrative Claim : $ _____

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

### 5  Brief Description of Administrative Expense Claim (attach any additional information):
Loss Job
Loss car
Loss home
Loss health

### 6  Credits. All payments made on this claim have been credited and deducted for the purpose of making this proof of claim.

### 7.  Supporting Documents
Attach copies of supporting document, such as promissory notes, contracts, security agreements, and evidence of perfection of liens
DO NOT SEND ORIGINAL DOCUMENTS

### 8.  This Administrative Proof of Claim
- ❑ is the first filed proof of claim evidencing the claim asserted herein
- ❑ supplements a proof of claim filed on or about _____
- ❑ replaces/supersedes a proof of claim filed on _____

### 9   Date-Stamped Copy  To receive an acknowledgement of the filing to your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| | | |

*Penalty for presenting fraudulent claim  Fine up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571*

1583725359

Quenta Pickett
PO Box 1181
Mahltow Pa. 30126

at The Barber City Group Inc.
Motors Liquidation Co Claim Processing
Po Box 4386
Dublin, Ohio. 43017-4286



**Mailing Label**
Label 11-B   March 2004

*EXPRESS MAIL*

UNITED STATES POSTAL SERVICE®

**Post Office To Addressee**

EG 937261810 US

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code
48080

Date Accepted
27 11
Mo  Day  Year

Time Accepted
2:44
☐ AM  ☒ PM

Flat Rate ☐ or Weight
___ lbs  3 ozs

Day of Delivery
☒ Next ☐ 2nd ☐ 2nd Del. Day

Scheduled Date of Delivery
Month    Day

Scheduled Time of Delivery
☐ Noon ☐ 3 PM

Military
☐ 2nd Day ☐ 3rd Day

Int'l Alpha Country Code

Postage
$ 16.15

Return Receipt Fee
$

COD Fee
$

Insurance Fee
$

Total Postage & Fees
$

Acceptance Emp. Initials
M

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt    Time    ☐ AM ☐ PM
Mo    Day

Delivery Attempt    Time    ☐ AM ☐ PM
Mo    Day

Delivery Date    Time    ☐ AM ☐ PM
Mo    Day

Employee Signature

Employee Signature

Employee Signature

**CUSTOMER USE ONLY**

**PAYMENT BY ACCOUNT**
Express Mail Corporate Acct. No

Federal Agency Acct. No or
Postal Service Acct. No

☐ **WAIVER OF SIGNATURE** (Domestic Mail Only)
Additional merchandise insurance is void if
customer requests waiver of signature
I wish delivery to be made without obtaining signature
of addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and I
authorize that delivery employee's signature constitutes
valid proof of delivery

**NO DELIVERY**  ☐ Weekend  ☐ Holiday

Mailer Signature

**FROM** (PLEASE PRINT)    PHONE (          )

Juanita Pickett
Po Box 1181
Mableton Ga 30126

**TO** (PLEASE PRINT)    PHONE (          )

The Garden City Group
Att Motors Liquidation Inc.
Claims Processing
P.O. Box 6176 Dublin Ohio 43017-7286

ZIP+4 (U.S. ADDRESSES ONLY, DO NOT USE FOR FOREIGN POSTAL CODES)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW

**FOR PICKUP OR TRACKING**
Visit **WWW.USPS.COM**
Call **1-800-222-1811**

PRESS HARD  YOU ARE MAKING 3 COPIES