UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT
OF NEW YORK

IN RE,

GENERAL MOTORS CORP., ET AL.,                    CASE# 09-50026

DEBTORS.                                          CLAIM#69683

## OBJECTION TO A STIPULATED ORDER BETWEEN MOTORS LIQUIDATION COMPANY GUC TRUST AND SHERIF RAFIK KODSY PROVIDING FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION

Comes now plaintiff/claimant, Sherif Rafik Kodsy, herein as Kodsy, pro'se, objects to the debtors attempt to limit the claim of $15 million, OR MORE, alleging a cap amount of $9.5 million, as the disputed amount.

1- The ADR process, provided an alternative resolution process, hence a cap amount, was mandatory for a chapter 11 bankruptcy proceeding, the alleged limited modification does not require a cap amount as it is not mandated for a bankruptcy stay once the stay is lifted.

2- The defendants' case was stayed in the West Palm Beach Circuit Court, where the Bankruptcy stay, prevented Kodsy, for four years to pursue the conspiracy, fraud and gross negligence, which was similar to conspired manslaughter, which did cause injuries to claimant.

3- All the eye witnesses for claimant are no longer locally available after



RECEIVED
APR 1 2 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

1

several years had passed.

4- Kodsy, objects to the request of debtors to lift the stay, the debtors fraudulent and malicious intent was rooted in the state courts, where they had an attorney by the name of Steve Klein, from Rumberger, Kirk and Caldwell, that continued furtherance of malicious and fraudulent acts during his representations and altered court records such as trial transcripts to exonerate his actions and statements once he had to present it to the appellate courts, malicious fraud upon the court is and was a common practice for General Motors Corporation and its Lawyers in State Circuit Court.

5- Claimant should not be subjected to the fraud and malicious ethics of the General Motors Corporation and its unscrupulous Lawyers, that would stop at nothing to prevail, even if it was to commit fraud upon the appellate courts and defame the victim where not applicable for an arrest that occurred over 20 years ago.

6- Mr. Steven Klein, outright called Kodsy, a dishonest person, alleging to the jury in the Lemon Law proceeding, who are you going to believe the General Motors, Service Manager and the Mechanic's Manager or someone that has been Convicted of Dishonesty, then he alters that statement in the trial transcript, and alters other parts of the testimonies and trial transcript sections were omitted from the record.

7- The claimant had proven his case where infact the new subject vehicle maliciously sold as used, needed extensive repairs for an irregular vibration, which could not be corrected due to a design defect in the subject 2008 Hummer H2, herein.

8- The General Motors Corporation, attorney Steven Klein, discriminated against Kodsy, for being pro'se in more ways than one, where Kodsy's health issues increased soon after the daily needed use of the subject vehicle while Kodsy's designated equity for a motor vehicle was compromised and less equitable as consigned for its daily use, where Kodsy's livelihood and well being was intruded upon with the defendants' Malicious and negligent bad faith to conceal an obvious and apprehended defect, which was documented to exist by the defendants' work orders and by several other professional mechanics.

9- Mr. Steven Klein, had no limit for the malicious fraud he practiced and conspired with the defense witnesses for their testimonies, which he maliciously instructed them to act out a superior theory, rather than address the irregular biomechanical syndrome, where he further maliciously conspired with his friend from the court reporting company, Greenhill, Meek and Associates, to alter his and their statements before formal production and printing of the testimonies and proceedings.

10-    During the course of litigation with mr. Klein, he was

3

maliciously Non responsive to the issues in the complaint and misquoted case law that Kodsy, had to review and revise its meaning to continue the litigation.

11- The debtors' herein, want to remove this claim from Federal court to a state court where they would be immune from the production of non affiliated mechanics statements, as they would not be allowed in state court, hence if the only records that would be allowed would be the conspired upon statements of the defendant's agents, which the independent inspection reports refuted the defendants' malicious diagnostics but was not admissible, hence the Federal Court has jurisdiction to admit all the evidence, where the state court would not allow it.

12- Claimant herein, has complied with the ADR procedures herien, and filed with the bankruptcy court a timely motion for non binding arbitration, where a hearing was not yet set.

13- Claimant, Kodsy, filed a claim with the Bankruptcy court, hence the Bankruptcy stay, had allowed the debtors to be enriched in its new stock while lessening its obligations where the debtors were enriched, while Kodsy's, life, health and being was on hold, for over three years.

14- Claimant suffered severe hardships, from non use of a daily conformed vehicle, where injuries were projected and expected to be fatal where claimant's longevity and health was compromised, in addition to the

4

limited equity of credit remaining during the subject vehicle financing period and litigation, where Kodsy, was forced to use a rental auto and rest for days and weeks at a time from the subject vehicle's unwarned use.

15- The subject vehicle, was fraudulently disclosed of its origin when sold to claimant, to conceal its defects and its Georgia auctioned sale through the dealer, which was a false sense of reliance projected for a non conformity as it was concealed from its consumer.

16- Claimant, depended on a common performance, not a song and dance about the unusual capability to climb, where safety options, were not warned, where a common expected performance standard was non existent or non compliant, a negligent design, maliciously and negligently not warned..

17- The debtors herein, are conspiring with the old General Motors attorneys' to defraud its claimants' from a fair trial, where the General Motors attorneys' continued malicious fraud, is protected by the bankruptcy stay, where even if a prosecution prevails it would be fruitless for fraud, as it would be stayed in the bankruptcy proceeding.

18- Hence their intent to pursue a defense through lies, intimidation and conspired fraud would be immuned from prosecution, hence a fair trial would not be possible.

19- Claimant, has proven that injuries developed and increased in

5

scope right after the purchase of the uninsulated and unwarned 2008 HUMMER H2.

20-    Claimant, almost died from the unwarned and nonconformed subject vehicle, where the continuous malice from the General Motors representatives was contradicted through their work orders and where a denial of facts was to defraud the consumer from a remedy, which was with intentional negligence and careless disregard to health and well being of the consumer and user of the product on a prolonged daily basis.

21-    The subject vehicle had an elevated design, admitted to by the defendants' more than once, hence they further admitted that due to the elevated design, it was expected to have an increased vibration, however the subject vehicle, did not have an on and off switch to regulate and decrease the constant and ungoverned elevated vibration, which the vibration increased gradually from the uninterrupted use.(several hours at a time).

22-    The attempted manslaughter was from the defendants' failure to warn about physical and neurological symptoms that may occur from excessive or prolonged use in a short period of time.

23-    This court has the authority to govern to protect the public's interest from negligently unwarned constant use of a defective design, claimant Kodsy, is pro'se, hence a class action was not filed, but this claimant is for all injured persons in the HUMMER class.

6

24-   Wherefore, claimant, respectfully requests that this action be tried or further litigated in Federal court, where there would be a fair trial according to the evidence.

25-   The Hand formulation states that an actor is in breach if the burden of taking measures to avoid the harm would be less than the multiple of the likelihood that the harm will occur times the magnitude of the harm should it occur, or $B<PL$.

[*United States v. Carroll Towing Co.*, 159 F.2d 169 (2d Cir. 1947).]

26-   Restatement § 402A provides for strict liability in tort for anyone "who sells a product in a defective condition unreasonably dangerous to the user or consumer or his property."

27-   **Res Ipsa Loquitur.** Upon the showing that the product was one over which the defendant had complete control, and that the accident resulting in injury was of such a nature that it ordinarily would not occur in the absence of negligence, the doctrine of res ipsa loquitur permits the plaintiff to shift to the defendant the burden of proof on the issue of negligence. In a products liability action the injury will occur after the product left the defendant's possession. Most courts require only that the plaintiff offer evidence of normal storage, transportation and use. [See also Restatement § 328 comment g.]

## CERTIFICATE OF SERVICE

ALL ASSERTIONS MADE IN THE FOREGOING OBJECTION AND REQUEST ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT A COPY WAS FILED AND SENT TO THE DEFENDANTS ATTORNEY OF RECORD, BY EMAIL AND U.S. MAIL ON APRIL 9, 2012 .

..........................................
**SHERIF RAFIK KODSY**
Individual/pro'se
**15968 LAUREL OAK CIRCLE**
**DELRAY BEACH FLORIDA 33484**
561-666-0237

COPY(S) TO:
WEIL, GOTSHAL & MANGES LLP.
200 CRECENT COURT
SUITE 300
DALLAS , TEXAS 75201-6950

# UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

IN RE,

GENERAL MOTORS CORP., ET AL.,

DEBTORS.                                                                    CLAIM#69683

CASE# 09-50026

## REQUEST FOR A TELEPHONIC HEARING APPEARANCE

Comes now claimant Sherif Rafik Kodsy, herein as Kodsy, pro'se, respectfully requests a telephonic hearing for the non binding arbitration to be scheduled in Florida, according to the ADR process AND respectfully requests a telephonic hearing for the objection to the defendants' request to modify the Bankruptcy Stay.

1

## CERTIFICATE OF SERVICE

ALL ASSERTIONS MADE IN THE FOREGOING REQUEST, ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT A COPY WAS FILED AND SENT TO THE DEFENDANTS ATTORNEY OF RECORD, BY EMAIL AND U.S. MAIL ON APRIL 9, 2012.

*[signature]*

SHERIF RAFIK KODSY
Individual/pro'se
15968 LAUREL OAK CIRCLE
DELRAY BEACH FLORIDA 33484
561-666-0237

COPY(S) TO:

WEIL, GOTSHAL & MANGES LLP.
VANCE L. BEAGLES, ESQ.
200 CRECENT COURT
SUITE 300
DALLAS, TEXAS 75201-6950

2