**Hearing Date:** April 26, 2012 at 9:45 AM (ET)
**Objection Deadline:** April 19, 2012 by 5:00 PM (ET)

Edward S. Donini, Esq.
P.O. Box 605
New Smyrna Beach, FL 32170
(386) 760-1941

*Counsel to Richard and Elise Birdsall*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————x

In re

Chapter 11 Case No.

MOTORS LIQUIDATION COMPANY
f/k/a GENERAL MOTORS CORP, *et al.*,

09-50026 (REG)

Debtors.

(Jointly Administered)

————————————————————————x

JUDGE ROBERT E. GERBER
CLAIM NUMBERS:
7617, 7618, 58954, & 65890

## <u>CLAIMANTS' MOTION TO ENFORCE SETTLEMENT, FOR AN ORDER COMPELLING TWO STOCK DISTRIBUTIONS AND TO EXTEND TIME FOR FILING VOLUNTARY DISMISSAL OF INJURY CASE AND NOTICE OF HEARING</u>

Claimants, Richard Birdsall and Elise Birdsall, by and through their undersigned attorney, hereby request the following relief:

PLEASE TAKE NOTICE that a hearing on this Motion of Richard and Elise Birdsall, by their attorney, for entry of an order, as more fully described in this Motion, will be held before the Honorable Robert E. Gerber, U.S. Bankruptcy Judge, in Room 621 of the U.S. Bankruptcy Court

1

for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, on April 26, 2012 at 9:45 a.m.

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must be in writing, shall conform to the Fed. Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document format (PDF), WordPerfect or any other Windows-based word processing format, in either case, with two hard copies delivered directly to the Chambers of the Honorable Robert E. Gerber, U.S.B.J., U.S. Bankruptcy Court, One Bowling Green, Courtroom 621, New York, NY 10004; and shall be served upon: (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Co., 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonono, Esq.); and (iv) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002 so as to be received no later than April 19, 2012 at 5:00 p.m. (ET) (the "Objection Deadline")

PLEASE TAKE FURTHER NOTICE that only those objections that have been filed and served by the Objection Deadline in accord with the procedures herein may be considered by the Bankruptcy Court at the Hearing.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court may grant the relief requested in the Motion without a hearing if no objections to the Motion are timely filed and served.


Dated: April 13, 2012

New York, New York                    EDWARD S. DONINI, ESQ.
                                      /s/ Edward S. Donini, Esq.
                                      P.O. Box 605
                                      New Smyrna Beach, FL 32170
                                      (386) 760-1941

1. On Jan. 31, 2007, Richard Birdsall was lawfully operating his 2000 Oldsmobile Intrigue, built and distributed by General Motors, when the back windshield unexpectedly exploded, sending bits of glass throughout the vehicle and into his eyes. Mr. Birdsall lost 50 percent of the vision in his right eye and injuries to his left eye.

2. Based upon the fact that General Motors had made a purposeful decision to continue to use the unsafe tempered glass, instead of the shatterproof laminated glass, in said rear windshield, and other aspects of negligence, my clients' lawsuit was prosecuted in the Federal District Court, Middle District of Florida, under case # 3:08-cv-743-J-25JRK. When General Motors filed for bankruptcy, on June 1, 2009, the stay of said products liability suit was ordered.

3. Since General Motors filed for Bankruptcy, we have timely responded to all Court Orders, correspondences and notices, among the following:

Proof of Claim, with Exhibits, of Richard Birdsall, filed 10/7/09;

Proof of Claim (consortium claims) of Mrs. Elise Birdsall, 10/7/09;

First Amendment to Proof of Claim (medical records) filed 11/20/09;

* The said "First Amendment to Proof of Claim" was erroneously assigned new claim numbers (58954 & 65890), so my clients' claims

3

were improperly listed as duplicate claims, on G.M.'s 15th Omnibus

Objection To Claims, among Matters Scheduled for 6/29/10 and

7/14/10. On 6/27/11 Judge Gerber executed and filed the Stipulation

And Settlement Resolving said alleged "duplication" and Omnibus

Objection by merging all four claim numbers into 58954 and 65890.

Claimants thereafter served and filed Capping Claim Notices, Rejections

of Settlement Offers with Counteroffers and Mediation Report.

4. Pursuant to the Orders of this Court, on Sept. 8, 2011, we received a

Notice that Mediation was ordered to take place in Dallas, Texas. In view

of the severity of Mr. Birdsall's injuries and my own practice, I instructed

my clients that their attendance at Mediation was mandatory. Mr. and

Mrs. Birdsall and this attorney incurred the significant expenses of air

travel and hotels to arrive in Dallas on Dec. 8, 2011 and attend the

arranged Mediation on Dec. 9, 2011 at Weil, Gotshal, 200 Crescent Ct.,

Dallas. (The undersigned had already invested over $5,000.00 in

expenses) After 8 hours of demeaning, "negotiation" the representative

from General Motors, Susan Braun, decreed that the sum of $50,000.00

(in stock, warrants and options) was the limit General Motors would be

willing to settle for. After being worn out and emotionally depleted, by 5

years of litigation, my clients agreed to accept said "final offer."

5. The Settlement Agreement, executed in Dallas on Dec. 9, 2011, was a

standard stipulation. Same also contained a provision stating that

claimants will file a "dismissal with prejudice" of claimants' Federal

injury lawsuit within 30 days, (para. #13). Since General Motors and the

"Trust" have violated said Settlement Agreement, in all respects, this

attorney has also requested, in this motion, that said provision of

dismissal be extended in time until 30 days after General Motors

complies with the Order resulting from this Motion.

6. The said "Stipulation and Settlement", executed Dec. 9, 2011, also mandates that the $50,000.00 be paid to claimants by G.M. depositing "distributions on account of the Allowed Claim" in the form of said shares of stock and warrants. (paras. # 2 and 3). I received a 5-page instruction, from Wilmington Trust Co., Trust Administrator and Trustee for Motors Liquidation Co. GUC Trust, dated 12/19/11. Said instructions are attached, Ex. A. Note that p. 5 of the instruction, consists of the page known as "Schedule A" on which the undersigned listed the new account I set up to receive the expected shares and warrants.

7. Your Honor's attention is respectfully directed to the 4th regular para. on p. 1 of the attached "instruction" from Wilmington Trust. Said clause decrees that, as long as "the information requested in this letter… is received by the Trust Administrator by 5 p.m. 12/29/11" we would receive the January, 2012 distribution of shares. Find also enclosed, (Ex. B.) my cover letter, to Wilmington Trust, dated Dec. 27, 2011 which was sent, by mail and fax on said date. Lastly find attached, the proof of fax also dated 12/27/11, Ex. C. (I have a separate Agreement, with the Birdsalls, that said new account, at Ameritrade will be monitored by this attorney and that any decisions regarding same will be made jointly. We have been together over 5 years, have complete faith in each other and I have never had an ethics or contempt proceeding in 33 years of practice.)

8. Despite our complete compliance with the said Settlement Agreement and the said instructions from Wilmington Trust, we did not receive <u>any</u> shares from the Jan. 2012 stock distribution or any other distribution. On April 12, 2012, I discussed these issues with Edward Wu, Esq., of Weil Gotshal, and he is working on it. We would appreciate a resolution, if Weil Gotshal can render such assistance. If there are 396 shares of G.M.

stock deposited into the subject Ameritrade Account # 863-536-430, prior to the hearing of this motion, I will withdraw this motion.

9.  When I called, many times to the trust, no one could tell me why we failed to receive said January distribution. The ladies there did also confirm that Wilmington had, indeed, received my cover letter and documents on Dec. 27, 2011. I was told we were "not even on the list." As the result of subsequent conversations, I learned that a second stock distribution will be made in the third week of April, 2012. I was also informed that confirmation letters, for the intended April, 2012 distribution, were mailed to claimants (or their attorneys) on April 3, 2012. Neither my clients nor I received such a letter.

10. On April 10, 2012, this attorney again called Wilmington Trust and spoke to a lady there who could not give me any answer as to whether or not we would receive the distribution in April. I was not on the list. I have not received the Notice that was mailed out on April 3, 2012. As of the date this motion was filed, I have not received any notices regarding any distribution to take place in April of 2012. I did confirm that Wilmington Trust has the proper address of record, Edward S. Donini, Esq., P.O. Box 605, New Smyrna Beach, FL 32170.

11. As a result of the above mentioned undisputable facts, it is hereby requested that this Court (a) Order a distribution of 198 shares of General Motors stock, to be deposited into Ameritrade Account # 863-536-430 within 20 days of the filing of this Court's Order; (b) that the aforesaid distribution will constitute satisfaction of the January 2012 distribution; (c) that the Wilmington Trust Co., issue an additional 198 shares of General Motors stock, into the same account, representing the April 2012 distribution; (d) that if said distributions are not made, or if General Motors or Wilmington Trust misses any additional distributions, in the

future, that the Debtor shall be in contempt of court, liable for damages, attorney's fees and costs to the undersigned attorney and my clients; (e) that 30 days after the issuance of both the Jan. 2012 and April 2012 distributions of stock, into the aforesaid Ameritrade Account, this attorney shall file a voluntary dismissal, with prejudice, of case # 3:08-cv-743-J-25JRK in the Federal Court Middle District of Florida.

12. Since neither the Birdsalls' product liability case nor the instant bankruptcy case have been dismissed, this Court has the jurisdiction to enforce the subject Settlement Agreement. Kokkonen v. Guardian Life Insurance Co. of America, 511 US 375 (1994); In Re: Valdez Fisheries Development Assoc., 439 F.3d 545 (9th Cir. 2006).

13. If this motion is not granted, my clients will suffer abject and profound prejudice. They have been through 5 years of litigation, in two Court venues. They have spent the money for plane travel, expenses and hotels to spend two days in Dallas for the Mediation and now they have no compliance with the agreement that they freely entered into.

14. As long as the debtor was competent, both legally and mentally, at the time it entered into a settlement, this Bankruptcy Court is charged with the responsibility of enforcing the Settlement Agreement. In Re: Rains, 428 F.3d 893 (9th Cir. 2005). General Motors was extremely competent to enter into this subject Settlement Agreement. At the said Mediation, and in the effectuation of the Settlement Agreement, in Dallas, on Dec. 9, 2011, the Debtor had the following persons present: GM's insurance adjuster, Susan Braun; Philip Halladay, independent trial counsel for General Motors; Vance Beagle, Esq. of Weil Gotshal, Esqs. General Motors has made no objections to the Settlement Agreement nor have they claimed that my clients committed any fraud in the execution

7

thereof. Therefore this Court must enforce the Settlement Agreement. <u>In Re: Colortran Inc.</u>, 218 B.R. 507 (9th Cir. Bac. 1997).

15. It is further requested that this Court issue an Order retaining jurisdiction of this case, and these claimants claims, in order to consider and determinate all disputes arising out of or related to this Settlement Agreement, in accordance with <u>NWL Holdings, Inc. v. Even Center Inc. (In Re: Ames Dep't. Stores</u>, 317 B.R. 260, 274 (Bankr. S.D.N.Y. 2004) and <u>Momentum Manufacturing Co. v. Employees Creditor's Commission</u>, 25 F.3d 1132, 1136 (2nd Fed. Circ. 1994).

16. As a result of the above mentioned facts and law, it is further requested that an injunction be issued, by this Court, precluding General Motors or Wilmington Trust from omitting my clients from any future distributions.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that the original of this Motion has been served upon Vito Genna, Clerk of the U.S. Bank. Court, Southern Dist. of New York, One Bowling Green, New York City, N.Y. 10004 and that copies were served upon all the below-listed parties electronically, April 13, 2012.

1. The Garden City Group, Inc., ATTN: Motors Liquidation Co. Claims Processing, 5151 Blazer Parkway, Suite A., Dublin, Ohio, 43017;
2. Attorneys for the Debtor, Weil, Gotshal & Manges, Esqs., 767 Fifth Ave., New York City, NY 10153, Fax # 212-310-8007;
3. Office of the U.S. Trustee, Assistant Trustee Brian Masumoto, Esq., 33 Whitehall Street, 21st Floor, New York City, NY 10004;
4. Attorneys for the Committee of Unsecured Creditors, Kramer, Levin, Esqs., 1177 Avenue of the Americas, New York City, NY 10036.

EDWARD S. DONINI, ESQ.
/s/ Edward S. Donini, Esq.
P.O. Box 605
New Smyrna Beach, FL 32170
Tel.: (386) 760-1941
Fla. Bar # 0984787
Attorney for Creditors Richard and Elise Birdsall

WILMINGTON TRUST COMPANY
as Trust Administrator and Trustee for the
MOTORS LIQUIDATION COMPANY GUC TRUST

December 19, 2011

To the Holders of Allowed Class 3 General Unsecured Claims of Motors Liquidation Company (f/k/a General Motors Corporation):

Wilmington Trust Company has been selected as the trust administrator and trustee for the Motors Liquidation Company GUC Trust (in such capacity, the "Trust Administrator") that has made and will continue to make distributions to holders of Allowed Class 3 General Unsecured Claims pursuant to the Second Amended Joint Chapter 11 Plan of Motors Liquidation Company *et al.* (f/k/a General Motors Corporation) (the "Plan").[1]

The agreement governing the Motors Liquidation Company GUC Trust (the "Trust") provides for quarterly distributions. The next distribution is anticipated to be made on or about January 13, 2012. As a holder of one or more Allowed Class 3 General Unsecured Claims, you are entitled to participate in such distributions in accordance with the requirements of the Plan, subject to the following paragraph. Your anticipated distributions in respect of your Allowed Class 3 General Unsecured Claims may consist of common stock of General Motors Company, warrants to purchase such common stock and/or units in the Trust, representing contingent beneficial interests in such trust.[2] In addition, in respect of any such units in the Trust, you may receive additional shares of common stock, warrants and/or cash in lieu of certain fractional shares and fractional warrants.[3]

**In order to receive the distribution to which you are entitled on or about the next distribution date, you must provide the information requested in this letter so that it is actually received by the Trust Administrator by <u>5:00 p.m. (Eastern) on December 29, 2011</u>.**

---

[1]  On March 29, 2011, the United States Bankruptcy Court for the Southern District of New York entered an order confirming the Plan. The effective date of the Plan was March 31, 2011.

[2]  On July 6, 2011, the United States Bankruptcy Court for the Southern District of New York entered an order which, in part, amended the Trust Agreement to establish appropriate mechanics for the issuance of non-transferable "units" in the Trust. As a result, you may receive non-transferable units in connection with this distribution. Such units would be issued on the books and records of the Trust only and would not be transferable by you in any respect.

[3]  The trust agreement governing the Trust (the "Trust Agreement") prohibits the distribution of fractional shares of common stock or fractional warrants. Any fractional shares or fractional warrants shall be rounded up or down to the next whole number or zero, as applicable (with one-half being closer to the next higher whole number for these purposes); provided that for purposes of determining the number of shares of common stock or the number of warrants that any holder of an Allowed Class 3 General Unsecured Claim shall be entitled to, the Trust Administrator shall aggregate the distributable assets that such holder is entitled to receive in respect of all Allowed Class 3 General Unsecured Claims held by such holder.

A.

**If you do not provide the information requested in this letter so that it is actually received by such time and date, or if the Trust Administrator determines, in its sole discretion, that the information you have sent is incomplete or illegible, you will not receive your distribution until, at the earliest, the next succeeding distribution date.**

Listed on the accompanying Schedule A is your name as it appears on the records of the Trust, the identification number that has been assigned to you and the amount of your Allowed Class 3 General Unsecured Claim. In order to receive the distributions to which you are entitled pursuant to your Allowed Class 3 General Unsecured Claim, please review and confirm the accuracy of Schedule A and then continue with the steps below.

### Step 1

**If claimant is a U.S. person**, you must provide the Trust Administrator with your social security number or other taxpayer identification number. Accordingly, please fill out the attached Form W-9 Request for Taxpayer Identification Number and Certification.

**If claimant is not a U.S. person**, instead please fill out the attached Form W-8BEN Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding (or other applicable Form W-8).

### Step 2

*You must designate a broker, bank or other financial institution with which you maintain a securities account to receive on your behalf the General Motors Company common stock and warrants to which you are entitled. Unless and until you direct otherwise by providing a revised Schedule A to the Trust Administrator, the Trust Administrator may use the brokerage account information you provide to make all future distributions, if any, to you in accordance with the Plan.[4] You will not receive any distribution of General Motors Company common stock or warrants from the Trust unless and until you designate a broker in accordance with the instructions below.*

*If you DO have a securities account with a broker, bank or other financial institution.* If you currently have a securities account with a broker, bank or other financial institution, you must provide the name and contact information of that broker, bank or other financial institution to the Trust Administrator on the attached Schedule A.

*If you DO NOT have a securities account with a broker, bank or other financial institution.* If you do not currently have a securities account with a broker, bank or other

---

[4]  In order to be effective, such revised Schedule A must be delivered to the Trust Administrator either via facsimile to (602) 296-1935 or via email to mlcguctrust@wilmingtontrust.com. Blank copies of Schedule A may be obtained by contacting the Trust Administrator at the phone number and address provided at the bottom of this notice, or by visiting the Motors Liquidation Company GUC Trust website at https://www.mlcguctrust.com/.

financial institution, you ***must*** open such an account before you can receive your General Motors Company common stock and warrants. We have listed at the end of this letter certain brokerage firms that are prepared to assist you in opening a securities account. You are not limited to these firms, and may select any broker, bank or other financial institution authorized to maintain a securities account on your behalf. Once you have opened a securities account, you must provide the name and contact information of that broker, bank or other financial institution to the Trust Administrator on the attached Schedule A.

## Step 3

Send (i) the fully completed Form W-9 or Form W-8BEN and (ii) the fully completed Schedule A to the Trust Administrator either via facsimile to (602) 296-1935 or via email to mlcguctrust@wilmingtontrust.com. If the Trust Administrator determines, in its sole discretion, that the information you have sent is incomplete or illegible, your submission may be rejected by the Trust Administrator, and you may not receive your distribution until, at the earliest, the next succeeding distribution date. The information you provide, including your social security or taxpayer identification number, will be held on a confidential basis. The Trust Administrator will then provide further instructions to you and/or your broker, bank or other financial institution.

***IMPORTANT NOTE: Please ensure your Claimant Identification Number (referenced on the attached schedule) is included on ALL of your communications with the Trust Administrator. The Trust Administrator will reject any paperwork that does not contain the Claimant Identification Number, and such rejection may have an impact on the timely receipt of any distributions.***

If you are entitled to receive a distribution of General Motors Company common stock and warrants but the Trust Administrator is unable to transfer such stock and warrants to a securities account of yours, the Trust Administrator will under certain circumstances distribute these assets to you by transferring them to an account where they will be held on your behalf. Once you have completed the actions described in this letter, and all other required conditions for transferring such stock and warrants to your securities account have been satisfied, the Trust Administrator will transfer such stock and warrants from that account to your securities account.

Receipt of the General Motors Company common stock and warrants may have tax consequences for you, and you are encouraged to consult with your tax advisor.

Please be advised that if you do not take the actions required by this letter and any further instructions provided by the Trust Administrator, you could forfeit your interests in any distributions pursuant to the Plan to which you would otherwise be entitled.

If you have any questions about your distribution, or for more information, please visit the Trust website at https://www.mlcguctrust.com/. You may also contact the Trust Administrator by calling (866) 521-0079 or in writing at:

Motors Liquidation Company GUC Trust
c/o Wilmington Trust Company, as Trust Administrator

3

Rodney Square North
1110 North Market Street
Wilmington, Delaware, 19890-1615

Sincerely,

WILMINGTON TRUST COMPANY,
solely in its capacity as Trust Administrator

For your convenience, we provide below contact information for brokerage firms that have indicated their willingness to assist you in opening a securities account. In addition, there may be numerous other brokers, banks and other financial institutions prepared to act in this capacity. The fact that a brokerage firm is listed below is in no way an endorsement or recommendation of that firm by the Trust Administrator. Before choosing a broker, bank or other financial institution to maintain a securities account on your behalf, you should consider, among other things, any fees that the institution may charge for its services. You may also wish to consult with a financial advisor, attorney or other professional before opening a securities account.

| | |
|---|---|
| • **M&T Securities, Inc.**<br>**(877) 405-1791** | • **Morgan Stanley Smith Barney**<br>**(800) 780-0718** |

# SCHEDULE A

CLAIM NUMBER:   **MLC-0058954**

CLAIMANT NAME:   **RICHARD & ELISE BIRDSALL**

ALLOWED CLASS 3 GENERAL UNSECURED CLAIM:  **$50,000.00**

BROKER, BANK OR FINANCIAL INSTITUTION INFORMATION

COMPANY NAME: TD Ameritrade, Acct.#863-536430

CONTACT NAME: Alex Negron, Regional MgR.

CONTACT PHONE (407) 245 2409

CONTACT EMAIL: _____

TD Ameritrade, PO Box 2209
OMAHA, Nebraska 68103-2209

This form must be completed and returned to the Trust Administrator with a completed Form W-9 or Form W-8BEN via facsimile to **(602) 296-1935** or via email to mlcguctrust@wilmingtontrust.com.

5

# EDWARD S. DONINI
## ATTORNEY AT LAW

610 Dunlawton Avenue
Suite 2
Port Orange, FL 32127
Tel. (386) 760-1941

**MAILING ADDRESS**
P.O. Box 605
New Smyrna Beach, FL 32170

Fla. Bar 1993
NJ Bar 1978
Fed. Courts 1979
Former State Atty.
Assoc. Trial Law Amer.
Fla. Bar Trial Section

Wilmington Trust Co.
Trust Administrator & Trustee For
Motors Liquidation Co. GUC Trust
Rodney Square North
1110 North Market St.
Wilmington, Del. 19890-1615

Dec. 27, 2011
via fax. # (602) 296-1935

Dear Wilmington Trust Co:                Re: Birdsall v. Gen. Motors Corp.

I am the attorney for Richard and Elise Birdsall. We initially sued G.M., in Florida, for Mr. Birdsall's injuries related to a products liability defect. My clients' claims, in the G.M. Bankruptcy Case, were known as Claim #s 65890 & 58954. We settled all claims against G.M. in the Court-Ordered Mediation, on Dec. 9, 2011, for $50,000.00, allocated to Claim # 58954. We realize that said settlement will be paid, by G.M., in the form of stock and other consideration.

**<u>WE HAVE RECEIVED YOUR NOTICE, DATED DEC. 19, 2011, IN WHICH YOU HAVE ASSIGNED CLAIM # MLC- 0058954 to this Allowed Claim</u>.**

We have opened a new account, at TD-Ameritrade, acct. # 863-536430 for the purpose of receiving the said settlement proceeds. Please forward all proceeds of settlement into said account.

Please find attached the Schedule A, which has been completed to reflect said account information. Also attached is the completed W-9 Form. (My clients and I have agreed that I will allocate, account for, and fill out all tax forms, for any subsequent capital gains taxes due.)

If you have any questions regarding this correspondence, kindly contact me immediately. Thank you.

EDWARD S. DONINI, ESQ.

CC: Mr. and Mrs. Birdsall, w/enc.
ESD/pg

Ex B

# hp LaserJet *3380*



ED S.Donini.Esq
3867601941
Dec-27-2011   2:26PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 925 | 12/27/2011 | 2:23:52PM | Send | 16022961935 | 2:02 | 3 | OK |

## EDWARD S. DONINI
### ATTORNEY AT LAW

610 Dunlawton Avenue
Suite 2
Port Orange, FL 32127
Tel. (386) 760-1941

MAILING ADDRESS
P.O. Box 605
New Smyrna Beach, FL 32170

Fla. Bar 1993
NJ Bar 1978
Fed. Courts 1979
Former State Atty.
Assoc. Trial Law Amer.
Fla. Bar Trial Section

Wilmington Trust Co.
Trust Administrator & Trustee For
Motors Liquidation Co. GUC Trust
Rodney Square North
1110 North Market St.
Wilmington, Del. 19890-1615

Dec. 27, 2011
via fax. # (602) 296-1935

Dear Wilmington Trust Co:

Re: Birdsall v. Gen. Motors Corp.

I am the attorney for Richard and Elise Birdsall. We initially sued G.M., in Florida, for Mr. Birdsall's injuries related to a products liability defect. My clients' claims, in the G.M. Bankruptcy Case, were known as Claim #s 65890 & 58954. We settled all claims against G.M. in the Court-Ordered Mediation, on Dec. 9, 2011, for $50,000.00, allocated to Claim # 58954. We realize that said settlement will be paid, by G.M., in the form of stock and other consideration.

**WE HAVE RECEIVED YOUR NOTICE, DATED DEC. 19, 2011, IN WHICH YOU HAVE
ASSIGNED CLAIM # MLC- 0058954 to this Allowed Claim.**

We have opened a new account, at TD-Ameritrade, acct. # 863-536430 for the purpose of receiving the said settlement proceeds. Please forward all proceeds of settlement into said account.

Please find attached the Schedule A, which has been completed to reflect said account information. Also attached is the completed W-9 Form. (My clients and I have agreed that I will allocate, account for, and fill out all tax forms, for any subsequent capital gains taxes due.)

If you have any questions regarding this correspondence, kindly contact me immediately. Thank you.

EDWARD S. DONINI, ESQ.

CC: Mr. and Mrs. Birdsall, w/enc.
ESD/pg

Ex. C.