**HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*                :
                                                            :
                        Debtors.                            :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S REPLY TO
RESPONSE OF SHARRON S. REYES TO THE ONE HUNDRED AND FIRST
OMNIBUS OBJECTION TO CLAIMS (PROOF OF CLAIM NO. 7625)
(Claims Relating to Former Employees Represented by United Auto Workers)**

US_ACTIVE:\43940870\02\72240.0639

**TABLE OF CONTENTS**

**Page**

Preliminary Statement .................................................................................................... 1

The Claim Should Be Disallowed and Expunged ......................................................... 2

The Response ................................................................................................................. 3

Conclusion ..................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Oneida, Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
   234827 (S.D.N.Y. Jan. 22, 2010) .......................................................................................... 2

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the Reyes Reponse (defined below) interposed to the 101st Omnibus Objection to Claims (Claims Relating to Former Employees Represented by United Auto Workers) (ECF No. 7103) (the "**Omnibus Objection**"), and respectfully represents:

**Preliminary Statement**

1. On September 23, 2010, the Debtors filed the Omnibus Objection. The Omnibus Objection seeks the disallowance and expungement of certain employment-related and pension and welfare benefits claims of UAW Employees[2] on the basis that such claims have been assumed by New GM pursuant to the terms of the Master Purchase Agreement, as described in the Omnibus Objection, are not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged from the claims register.

2. Responses to the Omnibus Objection were due by October 19, 2010. The response listed on **Annex "A"** hereto and described further herein was received with respect to the Omnibus Objection by Sharron S. Reyes (the "**Reyes Response**") relating to Ms. Reyes' claim, Claim No. 7625 (the "**Reyes Claim**").

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

US_ACTIVE:\43940870\02\72240.0639

3.       The Reyes Response is generally not substantive.  After reviewing the Reyes Response, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objection, and submits that Ms. Reyes has failed to provide any legal or factual support for the Reyes Claim.  Notwithstanding Ms. Reyes' opposition, the Reyes Response should be dismissed because the Reyes Claim relates to liabilities for pension benefits of UAW Employees that have been assumed in full by New GM pursuant to the terms of the Master Purchase Agreement.  Accordingly, the GUC Trust files this Reply in support of the Omnibus Objection and respectfully requests that the Reyes Claim be disallowed and expunged from the claims register.

## The Claim Should Be Disallowed and Expunged

4.       Ms. Reyes has failed to demonstrate the validity of the Reyes Claim and, thus, the Reyes Claim should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

## The Response

5.       On October 18, 2010, Sharron S. Reyes provided attorneys to the Debtors with the Reyes Response, stating opposition to the relief sought in the Omnibus Objection with respect to the Reyes Claim.  (*See* Proof of Claim and Reyes Response at **Exhibit 1** attached hereto).  In the Reyes Response, Ms. Reyes states, "I am not trying to sue for anything.  I only want to protect what I am now receiving, which is my pension and what I receive from my divorce order."  Reyes Response at 1.  The Reyes Claim includes documentation indicating that Ms. Reyes is a UAW Employee who has since at least September 1998 received a monthly total

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

and permanent disability pension benefit from the General Motors Hourly-Rate Employee Pension Plan ("**Pension Plan**").  The Reyes Claim also includes documentation indicating that Ms. Reyes is also entitled to 50 percent of her ex-husband's monthly pension benefit from the Pension Plan pursuant to a divorce decree entered on September 29, 1997 in a Michigan state court.

6. Paragraph 13 of the Omnibus Objection explains that, pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed all liabilities under employee benefit plans sponsored by Debtors under which UAW Employees participate, including responsibility for all claims with respect to pre- and post-petition benefits and benefits modifications provided under any such plan.  The Pension Plan, under which Debtors provided pension benefits to Ms. Reyes, her ex-husband and other UAW Employees, is accordingly covered under Section 6.17(e) of the Master Purchase Agreement.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the pension benefits of Ms. Reyes.

7. The Reyes Response provides no additional support for the Reyes Claim.  For the reasons set out above, the Debtors respectfully submit that the Reyes Response should be overruled, and the Reyes Claim should be disallowed and expunged.

## Conclusion

8. Because New GM assumed the pension benefits claims of UAW Employees, the Debtors and the GUC Trust have no liability for the Reyes Claim.  The GUC Trust reiterates that the Reyes Response has not provided any legal or factual support for the Reyes Claim and cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Reyes Claim should be disallowed and expunged in its entirety.

9. WHEREFORE, for the reasons set forth above and in the Omnibus Objection, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objection and such other and further relief as is just.

Dated: New York, New York
April 13, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**Annex A**

| | 101st Omnibus Objection to Claims (Claims Relating to Former Employees Represented by United Auto Workers) | | | | |
|---|---|---|---|---|---|
| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 7625 | Informal | Sharron S. Reyes | Unliquidated (U) | Ms. Reyes' response asserts she is not trying to sue for anything.  She only wants to protect what she is now receiving, which is her pension and 50 percent of her ex-husband's GM pension that she receives as a result of her divorce order, both pensions of which are provided under the General Motors Hourly Rate Pension Plan covering UAW Employees. |

# Exhibit 1

US_ACTIVE:\43940870\02\72240.0639

'APS0567466394      

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)  
☐ Motors Liquidation Company (f/k/a General Motors Corporation)  
☐ MLCS, LLC (f/k/a Saturn, LLC)  
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc)  

Case No  
09-50026 (REG)  
09-50027 (REG)  
09-50028 (REG)  
09-13558 (REG)  

**Your Claim is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)   REYES SHARRON S

Name and address where notices should be sent  
REYES SHARRON S  
4780 JAMM RD  
ORION MI 48359-2216  

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____  
(If known)

Filed on _____

Telephone number  
Email Address

(Stamp: THE GARDEN CITY GROUP INC. OCT 9 2009)

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)

**FILED - 07625**  
**MOTORS LIQUIDATION COMPANY**  
**F/K/A GENERAL MOTORS CORP**  
**SDNY # 09-50026 (REG)**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

Telephone number

1  Amount of Claim as of Date Case Filed, June 1, 2009   $_____  
If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5  
☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  **Basis for Claim** _____  
(See instruction #2 on reverse side)

3  Last four digits of any number by which creditor identifies debtor _____  
  3a  Debtor may have scheduled account as _____  
  (See instruction #3a on reverse side)

4  **Secured Claim** (See instruction #4 on reverse side)  
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information  

Nature of property or right of setoff    ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other  
Describe  

Value of Property $_____  Annual Interest Rate ___%  
Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____  
Basis for perfection _____  
Amount of Secured Claim $_____   Amount Unsecured $_____

6  **Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  **Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  **Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount  
Specify the priority of the claim  
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)  
☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)  
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)  
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)  
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)  
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))  
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)  
Amount entitled to priority  
$567 00  NET PAY  (MON) bi-wkly  
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment  ALIMONY

Date 4-7-09  Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any  
not sure as to want you want Copies enclosed of Pension + Alimony  

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571  
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP, INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN, OH 43017-4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP, INC , ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY ONE BOWLING GREEN, ROOM 534, NEW YORK NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

Sharron Sue Reyes,

    Plaintiff,

vs.    RECEIVED FOR FILING  HON ROBERT C ANDERSON
    OAKLAND COUNTY CLERK  Case # 96-510998-DO
        Affix Label

Santos Barrientos Reyes,  '97 SEP 30 P12:42

    Defendant.
        BY _____/
        DEPU    COUNTY CLERK

DON VALENTE (P-21692)
Attorney for Plaintiff
2763 Mackintosh
Bloomfield Hills, MI 48302
248-335-6826 / Fax 335-8601
_____/

A TRUE COPY
LYNN D ALLEN
Oakland County Clerk / Register of Deeds
_____ Deputy

**SECOND AMENDED DEFAULT JUDGMENT OF DIVORCE**

At a session of said Court
held in Pontiac, Michigan
on ___SEP 29 997___.

PRESENT: HON. ROBERT C ANDERSON
        JUDGE

UPON STIPULATION of the parties hereto as evidenced by their below signatures &/or the signatures of their attorneys and the Court being advised in the premises;

IT IS HEREBY ORDERED that the above-captioned cause default judgment of divorce dated 4-23-96 and (first) amended default judgment of divorce dated 12-11-96 shall be and hereby are amended as follows with all other terms and conditions not inconsistent with the following provisions to remain as they are.

10-9-09

Hope That These Two Contracts, Retirement Pension + Alimony Agreement between GM + myself are sufficiant, not sure
9-29-9 what you are seeking

CLIENT COPY

1. **REAL ESTATE:**
   That the plaintiff shall be & is hereby awarded all the right, title & interest defendant may have in the following two parcels of real estate with the plaintiff assuming any & all encumbrances thereon including but not limited to any outstanding mortgages and defendant shall forthwith execute & deliver to plaintiff warranty deeds to effect same

   * Real estate located in Orion Township, Oakland County, MI described as Lots 69, 70 & 71 of "Havin Subdivision" of the W. ½ of the SE ¼ of section 33, T4N, R10E, Orion Twp, Oakland County, MI as recorded in L. 58, Page 49 of plats of OCR; c/k/a 4780 Jamm Rd, Orion, MI 48359 and bearing sidwell # 09-33-401-041

   * Real estate located in Orion Township, Oakland County, MI described as the S 60 feet of Lot 31 of "Havin Subdivision" of the W. ½ of the SE ¼ of section 33, T4N, R10E, Orion Twp., Oakland County, MI as recorded in L. 58, Page 49 of plats of OCR; c/k/a 4755 Jamm Rd, Orion, MI 48359 and bearing sidwell # 09-33-426-018

   Further, that defendant hereby waives & releases plaintiff from any and all liability plaintiff may otherwise have under this or an earlier divorce judgment between the parties to sell this real estate; pay off the mortgage on the other real estate referred to herein; and pay the balance of the proceeds of the sale to the defendant, which if it was done after the first 7-14-86 judgment of divorce might have netted defendant approx, **$ 21,000.**

2. **DEFENDANT'S RETIREMENT PENSION PLAN & SURVIVING SPOUSE BENEFITS:**
   That plaintiff Sharron Sue Reyes (alternate payee with DOB 4-16-41 and SS # 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 and 1678 residing at 4780 Jamm Rd., Orion, MI 48359) shall, retroactive commencing upon defendant Santos B. Reyes (participant with DOB 4-10-36 and SS # 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) retirement and into the future, be entitled to not 100% (after 12-11-96 as called for in the 12-11-96 judgment) but only 50% of all the General Motors retirement & pension benefits to which defendant is entitled, including but not necessarily limited to his GM hourly rate employee pension plan benefits; survival benefits incentive & thrift programs; IRS's; contributory retirement funds; deferred, vested pension plans; interest; stock, savings & security plan benefits; & any other fringe benefits derived through such employment.

   Further, that plaintiff hereby waives & releases defendant from liability for the following retirement benefits of defendant which plaintiff was entitled to under this or an earlier divorce judgment between the parties but has not yet received:

   (a) From the approx. 5-92 retirement of defendant until 3-1-96 when plaintiff first began receiving 50% of defendant's monthly approx. $1,800 retirement benefits or approx. **$ 39,600** (44 months @ $900).

   (b) From 12-11-96 through 9-1-97 the 50% of defendant's monthly retirement benefits which defendant was and is receiving but which, per the 12-11-96 Amended Default Judgment of Divorce, should have been but have not been received by plaintiff being **$ 8,556.12** (9 months @ $950.68).

   Further, that plaintiff / alternate payee shall be entitled to 100% of any post retirement surviving spouse benefits under the plan a/k/a widow payments under the plan.

   Further, that the appropriate GM representative is hereby directed to cause the above to be reflected on their records and to in writing advise plaintiff / alternate payee that the same has been so reflected

3. **LIFE INSURANCE:**
That defendant shall change, if necessary, & maintain the plaintiff herein as the irrevocable beneficiary on each and every present & after acquired policy of life insurance on his life, including but not limited to those through General Motors & its carriers and through any credit union with which he is associated such as the Members Life Insurance Co., PO Box 61, Waverly, IA 50677 (800-779-5433). Further, that this judgment shall constitute authorization for any such insurance carrier or its agent to effect said change and to provide written evidence of same and the details of the coverage, etc to the plaintiff &/or her attorney.

4. **EXECUTION / DELIVERY OF DOCUMENTS:**
That each party hereto shall forthwith and timely execute and deliver to the other party any conveyance or other instrument necessary or convenient to effect the terms and provisions of this judgment and in the event of failure of either party to so perform a certified copy of this judgment may be filed or recorded with an appropriate government agency and the filing or recording hereof shall have the same force and effect as if the required instruments themselves had been executed, delivered, filed &/or recorded (MCLA 552.401 & 402).

5. **RETENTION OF JURISDICTION:**
That this Honorable Court shall retain jurisdiction relative to this judgment and the parties hereto for the purpose of enforcing but not modifying the executory terms of this judgment and either party may petition the Court for such relief as may be appropriate upon the failure of the other party to cooperate in satisfying the executory provisions called for herein.

APPROVED FOR ENTRY:

_____
Plaintiff Sharron Sue Reyes

_____
Plaintiff's Attorney Don Valente

_____
Defendant Santos Barrientos Reyes

**ROBERT C. ANDERSON**
_____
CIRCUIT COURT JUDGE

SEP-29-1998 07:25          GM PENSION CENTER                                P 02/02

GENERAL MOTORS HOURLY-RATE EMPLOYES PENSION PLAN
PURSUANT TO THE AGREEMENT BETWEEN GENERAL MOTORS AND THE UAW

SHARRON S REYES                         RETIREMENT NO: R367401678
4780   JAMM ROAD                        DIVISION: MLCG - ORION
ORION              MI 483592216         CISCO: 19017

RETIREMENT TYPE 69                      CREDITED SERVICE
 TOTAL AND PERMANENT DISABILITY          PART A:  19-1 A

RETIREMENT DATE. 06-01-1998             BENEFIT CLASS CODE: C
                                        BASIC  BENEFIT RATE:   38.00
              FACTORS          OPTION   TEMPORARY BENEFIT RATE:  35 75
       AGE  OPTION SURVIVOR    CODE
        %      %       %                SOCIAL SECURITY NO. 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
BASIC  NONE  NONE    NONE      NONE     BIRTH DATE: 04-16-1941
                                        AUTHORIZED DEDUCTIONS
                                          % FEDERAL INCOME TAX
                                         2 00 UNION DUES
****************************************************************
THE FOLLOWING MONTHLY BENEFITS HAVE BEEN AUTHORIZED. ADDITIONAL INFORMATION
REGARDING YOUR PENSION BENEFITS ARE EXPLAINED ON THE ATTACHED FORM HRP 11A

DUE TO RECEIPT OF SICKNESS AND ACCIDENT BENEFITS THROUGH 06-29-1998,
YOUR INITIAL MONTHLY BENEFITS HAVE BEEN REDUCED BY    743 43.

DUE TO RECEIPT OF A SOCIAL SECURITY DISABILITY INSURANCE AWARD
EFFECTIVE 07-01-1997 A MONTHLY TEMPORARY BENEFIT IS NOT PAYABLE.

              **** AUTHORIZED BENEFITS ****
              COMMENCEMENT          AMOUNT AT      AMOUNT AT
                DATE     AMOUNT      AGE 62         AGE 65
                           $           $              $
BASIC         06-01-1998   725 80     725.80         725.80
SPECIAL-INS   07-01-1997    43 80      43.80          43 80
 TOTAL                     769 60     769 60         769 60
****************************************************************
I UNDERSTAND THIS BENEFIT AUTHORIZATION REFLECTS MY INELIGIBILITY
TO ELECT A SURVIVING SPOUSE OPTION.

I AM THE EMPLOYE HEREIN NAMED AND IDENTIFIED  I HAVE READ AND UNDERSTAND
THE DATA AND CALCULATIONS SHOWN

                         _____  9-30-98
                            EMPLOYE SIGNATURE       DATE

WE HAVE EXAMINED THE ABOVE DATA AND HEREBY AUTHORIZE PAYMENT OF THE
ABOVE BENEFITS
_____              _____
LOCAL PENSION COMMITTEE              LOCAL PENSION COMMITTEE
MANAGEMENT REPRESENTATIVE            UNION REPRESENTATIVE

9/28/98                              9-30-98
_____                              _____
 DATE                                 DATE




                              ISSUE DATE AND TIME  09-14-1998  14:35 08

DISTRIBUTION:  ORIGINAL-MASTER PENSION FILE    COPY 1-EMPLOYE
               COPY 2-UNION MEMBER OF THE LOCAL PENSION COMMITTEE


                                                          TOTAL P.02

SEP-29-1998 07:24    GM PENSION CENTER    P 01/02

CISCO· 1901-7    HRP-11A(D) (Rev 5/95)

**SUPPLEMENTAL INFORMATION TO FORM HRP-11 AUTHORIZATION OF MONTHLY BENEFITS**
**THE GENERAL MOTORS HOURLY-RATE EMPLOYEES PENSION PLAN**

Sharon S. Reyes    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
4780 Jamm Rd.
Orion, MI. 48359-2216

I have read and understand the data shown on Form HRP-11 applicable to my retirement under the General Motors Hourly-Rate Employees Pension Plan. I further understand that:

1. If my retirement is for total and permanent disability, but a temporary benefit has not been authorized, I may be entitled to receive such benefit prior to my attaining age 62. To obtain a temporary benefit, I must submit proof satisfactory to GM that I am not eligible for a Social Security Disability Insurance Benefit or unreduced Social Security benefits.

2. If I become eligible for a Social Security Disability Insurance Benefit or an unreduced Social Security benefit prior to attaining age 62, I immediately will furnish to the GM Pension Administration Center evidence of the effective date of my entitlement to such benefit.

   In such case, any temporary benefit I may be receiving will cease to be payable. Any supplement I may be receiving will be reduced in accordance with applicable provisions of the Pension Plan. Such cessation or reduction will be effective as of the first of the month for which I initially become entitled to such Social Security benefit, but not prior to the effective date of my retirement.

   Any overpayment of my GM pension benefits resulting from my receipt of such Social Security benefit must be refunded by me in a lump sum. Otherwise, my GM pension benefits will be suspended in accordance with Pension Plan provisions until the total amount suspended equals the total amount of the overpayment.

3. In connection with any eligibility I may have to receive either a monthly temporary benefit or a supplement under applicable provisions of the Pension Plan, I hereby authorize the Social Security Administration to release to General Motors Corporation, on a continuing annual basis, my Social Security Disability Insurance Benefit status, as may be specified by the General Motors Corporation.

4. If workers compensation benefits become payable as a result of a workers compensation application filed two years or more after my retirement, a deduction may be made from my monthly benefits otherwise payable under the Pension Plan. The deduction will equal the full amount of such workers compensation benefits, unless otherwise provided under applicable provisions of the Pension Plan.

5. If I am entitled to a special benefit because of my age or disability status and enrolled in Part B of Medicare, such benefit will be paid under the General Motors Health Care Program for Hourly Employees, but will be included in my monthly GM pension check.

6. I understand that I may not be engaged in regular employment or occupation for remuneration or profit and may be required to submit to a medical examination at any time during retirement prior to age 65 but not more often than semiannually. I also understand that General Motors may periodically request a signed disclosure agreement that will allow General Motors to verify any earnings I may have after retirement until age 65 with the Social Security Administration.

Employee Signature    Date 9/30/98

Oct. 18, 2010
Sharron S. Reyes
4780 Jamm Rd.
Orion, Mi. 48359
Ph. 248 391 1493

Wiel,Gotshal and Manges LLP
767 Fifth Ave.
New york, NY.10153

Fasimile 212 310 8007           RE:Chapter 11 Case # 09-50026 (reg.)

I do not know what this paperwork means.
When G.M. first sent me paperwork about the bankruptcy,I thought
G.M. wanted copies of my paperwork concerning my pension and my
divorce. I did mail copies to them.
I am not trying to sue for anything,I only want to protect what I
am now receiving,which is my pension and what I receive from my
divorce order.
When I saw my name and address on page 15, I became concerned.
I hope this clears up any misunderstandings.

    Most Cordially Yours,

           *[signature: Sharron Reyes]*

105+ omni — Employee — UAW
POC

TOTAL P.03

OCT-18-2010  16:55                                                           P.01/03
10/18/2010  04:13   2483938057            STAPLES1271                    PAGE  01/03

HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, et al.,                            :    09-50026 (REG)
    f/k/a General Motors Corp., et al.                         :
                                                               :
                              Debtors.                         :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## NOTICE OF DEBTORS' 101ST OMNIBUS OBJECTION TO CLAIMS
(Claims Relating to Former Employees Represented by United Auto Workers)

**PLEASE TAKE NOTICE** that on September 23, 2010, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed their 101st omnibus objection to expunge certain claims relating to former employees who are or had been represented by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (the "**101st Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 101st Omnibus Objection to Claims

US_ACTIVE:\43506663\01\72240.0639