Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                              :        **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*           :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*    :
:
                        **Debtors.**                :        **(Jointly Administered)**
:
-------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY TO RESPONSES TO THE 116th OMNIBUS OBJECTION**
**TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# TABLE OF CONTENTS

**Page**

Preliminary Statement.................................................................................................. 1

The Claims Should Be Disallowed and Expunged ...................................................... 3

    (A)    The Claims Should Be Disallowed As Debtors Had The Right to Amend
           or Terminate Each Welfare Benefit Plan ............................................................ 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................................... 4

The Responses ............................................................................................................. 5

    Claim No. 38358: Richard McManama.................................................................. 5

    Claim No. 43262: Don Siefkes ............................................................................. 6

    Claim No. 61564: William D. Scott....................................................................... 7

Conclusion .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995).................................................................................................3

*Moore v. Metro. Life Ins. Co.*,
   856 F.2d 488 (2d Cir. 1988)...............................................................................3

*In re Oneida, Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
   234827 (S.D.N.Y. Jan. 22, 2010)........................................................................3

*Sprague v. Gen. Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) .............................................................................3

**STATUTES**

29 U.S.C. § 1051(1)....................................................................................................3

Employee Retirement Income Security Act of 1974 ....................................................3

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

   The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), files this reply (the "**Reply**") to the Responses (defined below)

interposed to the 116th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and

Former Salaried and Executive Employees) (ECF No. 8195) (the "**Omnibus Objection**"), and

respectfully represents:

## Preliminary Statement

   1.  On December 20, 2010, the Debtors filed the Omnibus Objection.  The

Omnibus Objection seeks the disallowance and expungement of certain compensation and

welfare benefits claims of retired and former salaried and executive employees of the Debtors on

the basis that such claims (a) are related to unvested welfare benefits that were capable of being

modified or terminated by the Debtors at will pursuant to the terms of the operative documents

governing such welfare benefits and were modified or terminated in accordance with such

operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objection, are not the responsibility of the Debtors or the GUC Trust and, therefore, should be

disallowed and expunged from the claims register.

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

2.      Responses to the Omnibus Objection were due by January 27, 2011.  The responses listed on **Annex "A"** annexed hereto, and described further herein were filed with respect to the Omnibus Objection (collectively, the "**Responses**") by Richard McManama, Don Siefkes, and William D. Scott (individually, a "**Responding Party**" and collectively, the "**Responding Parties**") relating to their individual claims (the "**Claims**").

3.      The Responses are generally not substantive, but are critical of the reduction or termination of welfare benefits provided to retired and former salaried and executive employees of the Debtors.  After reviewing the Responses, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objection, and submits that the Responding Parties have failed to provide any legal or factual support for the Claims.  Notwithstanding the Responding Parties' opposition, the Responses should be dismissed because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues to provide Welfare Benefits as modified prior to their assumption by New GM.  Consequently, the Debtors and the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust files this Reply in support of the Omnibus Objection and respectfully requests that the Claims be disallowed and expunged from the claims register.

4.      The Debtors and the GUC Trust are, of course, sympathetic to the impact that the financial problems of the Debtors have had on the Responding Parties' welfare benefits.

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

## The Claims Should Be Disallowed and Expunged

5.      The Responding Parties have failed to demonstrate the validity of their Claims and, thus, the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)    The Claims Should Be Disallowed
As Debtors Had The Right to Amend or Terminate Each Welfare Benefit Plan**

6.      In their Responses, the Responding Parties have not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide them, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The Omnibus Objection explains that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans and that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.      In addressing claims similar to the Responding Parties' Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or*

*terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)

(emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As

noted in the Omnibus Objection, however, the Sixth Circuit has recognized that once welfare

benefits are vested, they are rendered forever unalterable.

> 8.    Thus, the Responding Parties bear the burden of showing that the Debtors

intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the

Welfare Benefits, such that each Responding Party has a contractual right to the perpetual

continuation of their Welfare Benefits at a contractually specified level.

> 9.    In their Responses, the Responding Parties have not provided any

evidence that contradicts the Debtors' common practice of advising participants of the Welfare

Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.

Moreover, the Responding Parties have not provided any evidence of a separate, affirmative

contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits

specifically to the Responding Parties.  Therefore, the Debtors and the GUC Trust do not have

any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)    Ongoing Benefits Have Been Assumed by New GM**

> 10.    On the Closing Date, New GM completed its purchase of certain assets in

accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master

Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New

GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set

forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the

extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and the Responding Parties have not provided any credible factual or legal basis to suggest

otherwise.

## The Responses

**(A)    Claim No. 38358: Richard McManama (the "McManama Claim")**

11.    On January 26, 2011, a response (ECF No. 9039) was filed on behalf of

Richard McManama (the "**McManama Response**"), stating opposition to the relief sought in the

Omnibus Objection with respect to the McManama Claim, which alleges reduction in retiree

medical benefits.  (*See* Proof of Claim and McManama Response annexed hereto as **Exhibit 1**).

In the McManama Response, Mr. McManama opposes the disallowance and expungement of the

McManama Claim on the basis that he had provided thirty seven years of service to his former

employer, General Motors Corporation ("**GM**").  Mr. McManama further alleges that GM was

negligent in failing to initiate a grantor trust or other provisions to protect employee benefits.

The McManama Response further claims that the Debtors should continue to provide medical

benefits coverage to salaried retirees commensurate with the medical benefits coverage provided

by New GM to its active employees following the approval of the Master Purchase Agreement.

Mr. McManama also asserts that the right of the Debtors to amend or terminate welfare benefits

should apply uniformly to all affected employees, and not result in arbitrarily discrimination

against one particular group.

12.    Mr. McManama's assertion that GM was negligent in failing to initiate a

grantor trust or other provisions to protect employee benefits is opposed by the Debtors.

Establishing a grantor trust to fund unvested medical benefits for non-unionized employees is

neither a legal requirement for employers, nor is it adopted in general practice by employers, and Mr. McManama has not provided any basis to support this argument.

13.     The McManama Response also asserts that the amendment or termination of welfare benefits should apply uniformly to all affected employees.  Contrary to Mr. McManama's assertion, neither ERISA nor any other applicable law requires employees of the same employer to be treated the same for purposes of providing welfare benefits, such as medical and insurance benefits coverage, as provided by the Welfare Benefit Plans.  Moreover, the McManama Response refers to the fact that employees of New GM currently receive a different benefits package to former employees of the Debtors.  New GM is a different entity and a different employer to the Debtors, and the Debtors cannot influence New GM's employee benefits policy.

14.     The GUC Trust is not aware of any documentation or facts supporting the McManama Claim.  For the reasons set out above, the Debtors respectfully submit that the McManama Response should be overruled, and the McManama Claim should be disallowed and expunged.

**(B)     Claim No. 43262: Don Siefkes (the "Siefkes Claim")**

15.     On January 6, 2011, a response (ECF No. 8761) was filed on behalf of Don Siefkes (the "**Siefkes Response**"), stating opposition to the relief sought in the Omnibus Objection with respect to the Siefkes Claim.  (*See* Proof of Claim and Siefkes Response annexed hereto as **Exhibit 2**).  In the Siefkes Response, Mr. Siefkes argues that the objection to the Siefkes Claim is unjust and inequitable.  The Siefkes Response further explains that he and his wife will be required to pay over $130,000 during their expected lifetimes to maintain the same level of benefits that Mr. Siefkes asserts was previously promised to him by GM.  Mr. Siefkes also proposes alternative solutions to the plan of reorganization of the Debtors.  Lastly, the

Siefkes response requests that the Court order that a reasonable percentage of his claim be honored by the Debtors.

16.    The Siefkes Response provides no additional support for the Siefkes Claim. Further, the GUC Trust is not aware of any documentation or facts supporting the Siefkes Claim.   For the reasons set out above, the Debtors respectfully submit that the Siefkes Response should be overruled, and the Siefkes Claim should be disallowed and expunged.

**(C)    Claim No. 61564: William D. Scott (the "Scott Claim")**

17.    On January 18, 2011, a response (ECF No. 8802) was filed on behalf of William D. Scott (the "**Scott Response**"), requesting further information on the status of the Scott Claim.  (*See* Proof of Claim and Scott Response annexed hereto as **Exhibit 3**).  The Scott Response notes that Mr. Scott was employed by GM for 38 years.  The Scott Response further explains the calculation for Mr. Scott's loss, and notes that the plan of reorganization of the Debtors has laid an undue burden on former employees of the Debtors.  Mr. Scott requests that the Court order a reasonable amount as a settlement of his claim.

18.    The Scott Response provides no support for the Scott Claim.  Further, the GUC Trust is not aware of any documentation or facts supporting the Scott Claim.  For the reasons set out above, the Debtors respectfully submit that the Scott Response should be overruled, and the Scott Claim should be disallowed and expunged.

## Conclusion

19.    Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been established by the Responding Parties, and (iii) New GM assumed the Welfare Benefits Plans as modified, the Debtors and the GUC Trust have no liability for the Responding Parties' Claims. The GUC Trust reiterates that the Responses have not provided any legal or factual support for

the Claims and cannot be afforded prima facie validity under the Bankruptcy Code.

Accordingly, the Claims should be disallowed and expunged in their entirety.

     WHEREFORE, for the reasons set forth herein and in the Omnibus Objection, the

GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objection and such other and further relief as is just.

Dated: New York, New York
   April 13, 2012

         /s/ Joseph H. Smolinsky
         Harvey R. Miller
         Stephen Karotkin
         Joseph H. Smolinsky
         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York 10153
         Telephone: (212) 310-8000
         Facsimile: (212) 310-8007

         Attorneys for Motors Liquidation
         Company GUC Trust

**Annex A**

**116th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| 1. | 38358 | 9039 | Richard McManama | $223,107.00 (U) | Mr. McManama notes that he was an employee of General Motors Corporation for 37 years. Mr. McManama further notes that General Motors was negligent in failing to initiate a grantor trust or other provisions to protect employee benefits. Mr. McManama's response further claims that the Debtors should honor claims from former employees commensurate with the benefits provided by General Motors Company (New GM) following the approval of the Master Purchase Agreement. Mr. McManama also asserts that the right of General Motors Corporation to amend or terminate welfare benefits was intended to apply uniformly to all affected employees, and not intended to arbitrarily discriminate against one particular group. |
| 2. | 43262 | 8761 | Don Siefkes | $130,402.00 (U) | Mr. Siefkes' response argues that objection to his claim is unjust and inequitable. Mr. Siefkes notes that he and his wife will be required to pay over $130,000 during their expected lifetimes to maintain the same level of benefits that Mr. Siefkes asserts was promised. Mr. Siefkes' response also proposes alternative solutions to the plan of reorganization of Motors Liquidation Company. Mr. Siefkes' response requests that the Court order that a reasonable percentage of his claim be honored by the Debtors. |
| 3. | 62599 | 8802 | William D. Scott | $134,992.00 (U) | Mr. Scott's response notes that he was employed by General Motors Corporation for 38 years. Mr. Scott's response explains the calculation for his loss, and notes that the plan of reorganization of the Debtors has laid an undue burden on employees. Mr. Scott requests that the Court order a reasonable amount as a settlement of his claim. |

## **Exhibit 1**

02190594
APS0655664226




## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☐ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

NOTE  This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case  but may be used *for purposes of asserting a claim under 11 U S C § 503(b)(9)* (see Item 8) All other requests for payment of an administrative expense should be *filed pursuant to 11 U S C § 503*

**Your Claim is Scheduled As Follows.**

*[stamp]* THE GARDEN CITY GROUP, INC.  NOV 23 2009

Name of Creditor (the person or other entity to whom the debtor owes money or property) RICHARD MCMANAMA

Name and address where notices should be sent

RICHARD MCMANAMA
1033 DEVONSHIRE RD
GROSSE POINTE PARK  MI 48230-1416

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

Filed on _____

Telephone number  313-469-9921
Email Address  RICKMCMANAMA@HOTMAIL.COM

Name and address where payment should be sent (if different from above)

FILED - 38358
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above  you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor  you do not need to file this proof of claim form  EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED  UNLIQUIDATED  or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

| 1  Amount of Claim as of Date Case Filed, June 1, 2009  $ 223,107 | 5  **Amount of Claim Entitled to Priority under 11 U S C § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount |
|---|---|

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim** VALUE OF DIMINISHED HEALTH INSURANCE
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor:** XXX - XX - 3855

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
**Describe**

**Value of Property**  $ _____  **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any**  $ _____

**Basis for perfection** _____

**Amount of Secured Claim**  $ _____  **Amount Unsecured**  $ _____

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes  purchase orders  invoices  itemized statements or running accounts, contracts, judgments, mortgages and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (*See instruction 7 and definition of  redacted  on reverse side* )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business  whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal  family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9)(§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)__

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date  11/17/09 | **Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any | **FOR COURT USE ONLY** |
|---|---|---|
| | *Richard P McManama*    RICHARD P MCMANAMA | |

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group Inc are not authorized and are not providing you with any legal advice*

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

*PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING PO BOX 9386 DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP, INC , ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED*

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 PM (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1 2009 You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned services performed personal injury/wrongful death, car loan, mortgage note and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 USC § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority I or example in some of the categories, the law limits the amount entitled to priority
For claims pursuant to 11 USC § 503(b)(9), indicate the amount of such claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009 the date of commencement of these cases (See DEFINITIONS below) Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

**DEFINITIONS**          **INFORMATION**

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc | |
| (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 USC § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 USC § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case, in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 USC § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information A creditor should redact and use only the last four digits of any social-security individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group Inc please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 USC § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

Richard P.McManama
xxx-xx-3855
1033 Devonshire Rd
Grosse Pointe Park, Mi 48230
rickmcmanama@hotmail.com
313-469-9921

**7. SUMMARY – Value of diminished Health Insurance**

|  | Richard McManama (retiree) | MarieMcManama (spouse) | Total |
|---|---|---|---|
| GM annual pre-bankruptcy cost | $5500 | $5500 | |
| GM annual post-bankruptcy cost | $4140 | $4140 | |
| Annual pre 65 benefit loss beginning 2010 | $1360 | $1360 | |
| No. years remaining until 65 | X  7 | X 10.33 | |
| Loss prior to 65 | $9520 | $14049 | $ 23569 |
| | | | |
| GM annual pre-bankruptcy cost | $5500 | $5500 | |
| Annual post 65 GM supplement | $3600 | 0 | |
| Annual post 65 benefit loss | $1900 | $5500 | |
| Years 65-full life expectancy | X 21.97 | X28.69 | |
| Loss after 65 | $41743 | $157795 | $199538 |

**TOTAL HEALTH INSURANCE LOSS**                                                    **$223,107**

Richard P McManama                                    Friday, January 21, 2011
1033 Devonshire Rd
Grosse Pointe Park, Michigan, 48230

United States Bankruptcy Court
Southern District of New York
------------------------------------------------------x
In re                                    :
Motors Liquidation Company, et al.,      :
       f/k/a General Motors Corp,0et al. :
               Debtors                   :
------------------------------------------------------x



CLAIMANT RESPONSE AND OBJECTION TO THE DEBTORS' 115th OMNIBUS OBJECTION TO
CLAIMS(Welfare Benefits Claims of Claimant a Retired and Former Executive Employee)

---

   THIS RESPONDS TO THE DEBTORS' OBJECTIONS TO CLAIMS NUMBERED 2490594,2010952 AND
7012417 BY RICHARD P> McMANAMA, (CLAIMANT) AND SEEKS THE COURT'S REJECTION TO THE
DEBTORS' REQUEST TO DENY AND EXPUNGE THE CLAIMS.

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        1.    Richard P. McManama, a Retired Salaried Executive, and Claimant of
Claims numbered 7012417 (for the purpose of providing to the Claimant at and after retirement, Life
Insurance Coverage at a prescribed level as promised to Claimant while employed at General Motors
Corp.) and 2490594 (for the purpose of providing to the Claimant Medical and Dental Insurance
Coverage as reviewed with Claimant at time of Claimant's retirement) and 2010952 ( for the purpose of
providing to the Claimant an Executive Pension as reviewed with Claimant at time of Claimant's
retirement).  This response to the Debtors' 115th Omnibus Objection to Claims in accordance with
section 502 of Title 11, United States Code (the "Bankruptcy Code"), and this Court's Procedures Order,
seeks denial of an order requested by Debtors to disallow and expunge these  claims.

        2.    Whereas the Claimant (Richard P. McManama) was a salaried employee
of General Motors Corporation (now known as Motors Liquidation Corp.) for 37 years  and an Executive
for 18 years  and whereas General Motors Corp. included the benefits claimed above to be administered

1

upon retirement to salaried and executive employees as part of their overall compensation and whereas, General Motors Corp. was negligent by failing to initiate a grantor trust or other provisions to protect these benefits for retired salaried and executive employees, the Debtor's <u>bear a responsibility to honor these claims</u> at least <u>commensurate with the</u> <u>level of such benefits that are provided to</u> <u>salaried employees and executives who retired or retire subsequent to execution of the Master</u> <u>Purchase Agreement</u>, dated June 26,2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM.

3.      Whereas the objective of the Court is to execute justice, it is fair and just that Salaried and Executive employees who retired prior to the execution of the Master Purchase Agreement, dated June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM would be provided with Welfare Benefits and Retirement Compensation, whether vested or unvested, equivalent to those Salaried and Executive employees who retired or retire after said Master Purchase Agreement. Essentially, the accumulation of such Welfare Benefits and Compensations were primarily accrued by both groups of Salaried and Executive employees sighted above while employed by General Motors Corporation now known as Motors Liquidation Corporation. In as much as such Welfare Benefits and Retirement Compensations are paid from the same source of funds, it is therefore fair and just that there be no difference in the disbursement of Welfare Benefits or Retirement Compensation to either group of Salaried and Executive employees.

4.      Claimant met the requirements of Court Order (ECF No. 4079) entered by this Court on September 16, 2009, for filing proof of Claims numbered 2490594,2010952 and 7012417.

5.      Debtors contend the language of these Welfare Benefits provides the right to "amend, modify, suspend or terminate the program benefit in whole or in part, at any time". Such right was intended to be fairly applied uniformly to all affected Salaried Employees and Executive Employees with equivalent seniorities and not intended to arbitrarily discriminate against one group of retired Salaried and Executive employees with **unjust and unequal** denial of these Welfare Benefits while other retired Salaried and Executive employees of similar seniority are provided such Welfare

2

Benefits.  This is exactly the circumstance of this Claimant and of those retired Salaried and Executive

employees who retired prior to the Master Purchase agreement, dated June 26, 2009, cited above,

relative to those retired Salaried and Executive employees of similar seniority who retired after the

Master Purchase agreement.

### Notice

6.   Notice of this response and objection to the Debtors' 115th Omnibus

Objection to Claims has been provided to all parties indicated in the Debtors' 115th Omnibus Objection

to Claims.  The list of such parties is provided in Exhibit B sent only with the Document provided to the

US Bankruptcy Court of the Southern District of New York.

7.   Richard P. McManama, Claimant for Claims numbered 2490594, 2010952 and

7012417 asserts that the Debtors and New GM mutually abdicating responsibility

for the inequities discussed in this response to Debtors' 115th Omnibus Objection to

these claims for the reasons provided by Debtors, is unjust and therefore Claimant

requests that entry of an order granting Debtors the relief requested upon this

Debtors' 115th Omnibus Objection to Claims **be denied** by this Bankruptcy Court.

*Richard P McManama*

Richard P. McManama

Claimant (Claims 2490594,2010952 & 7012417)

Chapter 11 Case No. 09-50026

3

# EXHIBIT B

**RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO CLAIMS**

<u>List of Parties provided a copy of the response in conformance to Federal Rules of Bankruptcy Procedure</u>

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gothshal & Manges, LLP
787 Fifth Avenue
New York, NY 10153

Mr. Ted Stenger
Motors Liquidation Co.
401 S. Old Woodward Avenue
Ste 370
Birmingham, MI 48009

Elihu Inselbuch, Esq.
Rita C. Tobin, Esq.
Caplin & Drysdale
375 Park Avenue
35th Floor
New York, NY 10152-3500

Michael L. Schein, Esq.
Michael J. Edelman, Esq.
Vedder Price, P.C.
1633 Broadway
47th Floor
New York, NY 10019

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft, LLP.
One World Financial Center
New York, NY 10281

Tracy Hope Davis, Esq.
United States Trustee
Southern District of New York
33 Whitehall Street
21st Floor
New York, NY 10004

Robert T. Brousseau, Esq.
Sander L. Esserman, Esq.
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street
Suite 2200
Dallas, TX 75201

Lawrence S. Buonomo, Esq.
General Motors, LLC.
400 Renaissance Center
Detroit, MI 48265

David S. Jones, Esq.
Natalie Kuehler, Esq.
U. S. Attorney's Office
S.D.N.Y.
86 Chambers Street
Third floor
New York, NY 10007

Thomas Moers Mayer, Esq.
Robert Schmidt, Esq.
Lauren Macksoud, Esq.
Jennifer Sharret, Esq.
Kramer, Levin, Naftalis & Frankel LLP.
1177 Avenue of the Americas
New York, NY 10036

Joseph Samarias, Esq.
United States Department of Treasury
1500 Pennsylvania Avenue, NW
Room 2312
Washington, DC. 20220

Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

1

Kevin C. Maclay, Esq.
One Thomas Circle, N.W.
Suite 1100
Washington, DC., 20006

(The remainder of this page is intentionally left blank)

**<u>Exhibit 2</u>**

7013647

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
☐ Motors Liquidation Company (f/k/a General Motors Corporation)   Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )       09-13558 (REG)

Your Claim is Scheduled As Follows

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) DON SIEFKES

**Name and address where notices should be sent**

DON SIEFKES

42541 SADDLE LANE
STERLING HEIGHTS MI 48314

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(*if known*)

Filed on _____

Telephone number 586-596-4765
Email Address DON SIEFKES@AOL.COM

**Name and address where payment should be sent** (if different from above)

FILED - 43262
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.
NOV 24 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009**  $ 130,402.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** VALUE OF CANCELLED HEALTH INSURANCE
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor** 5493

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

**Value of Property** $_____  **Annual Interest Rate** ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

**Basis for perfection**

**Amount of Secured Claim** $_____  **Amount Unsecured** $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of 'redacted' on reverse side* )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date** 11/24/09

**Signature** The person filing this claim must sign it Sign and print name and title if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

Don Siefkes

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim* Fine of up to $500 000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**



3242316242

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL** THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN OH 43017-4286. **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING 5151 BLAZER PARKWAY SUITE A, DUBLIN OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT SDNY ONE BOWLING GREEN ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9) indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim.

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

Motors Liquidation Company
(f/k/a General Motors Corporation)    09-50026 (REG)
MLCS LLC
(f/k/a Saturn, LLC)    09-50027 (REG)
MLCS Distribution Corporation
(f/k/a Saturn Distribution Corporation)    09-50028 (REG)
MLC of Harlem Inc.
(f/k/a Chevrolet-Saturn of Harlem Inc.)    09-13558 (REG)

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group Inc. please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

HEALTH CARE LOSS

RETIREE- DON SIEFKES - 16.73 YRS @ $1,900 = 31,787

SPOUSE- ROSEMARY LAKE - 17.93 YRS @ 5,500 = 98,615

$130,402



July 2008

Dear Salaried Employee

Since the first of this year, U S market and economic conditions have become significantly more difficult  These conditions, along with the rapid change in automotive industry sales mix, require us to take further actions that will position GM for sustainable profitability and growth  As a result, GM is announcing a change to the *General Motors Salaried Health Care Program*

Effective January 1, 2009, GM is canceling health care coverage for retirees and their dependents aged 65 or older  Instead, eligible salaried retirees and surviving spouses who are over age 65 will receive a monthly pension increase of $300  This pension increase is designed to help offset some of your health care costs in retirement

Eligible salaried retirees, surviving spouses and their dependents who are pre-age 65 may continue to participate in the *General Motors Salaried Health Care Program* until they turn age 65  This Program remains subject to the Salaried Retiree Health Care Cap that became effective January 1, 2007

Additional information about the 2009 changes to the *General Motors Salaried Health Care Program* will be outlined during FLEX Enrollment in the fall issue of the Total Compensation Journal  In addition, GM will provide a service called Extend Health to post-age 65 retirees in October to help them learn more about individual Medicare health care plans that are available in 2009  Attached is a list of questions and answers to help clarify the changes  We recognize that this change will require more of your personal attention in deciding how you will manage your health care in your retirement

This is a very difficult decision for the Company to make, however, it is necessary to take this action given today's economic conditions  As hard as this action is, we are doing what is necessary to position GM for future success  We ask for your understanding and continued support

Sincerely,

*Kathleen Barclay*

Kathleen S Barclay
Vice President
Global Human Resources

SSA Actuarial Table Data  — RETIREE

http://www.ssa.gov/OACT/STATS/table4c6.html

| Exact Age as of Jan 1, 2009 | Life Expectancy Male | Total | Life Expectancy Female | Total |
|---|---|---|---|---|
| 45 | 32 81 | $51,539 | 36 79 | $59,101 |
| 46 | 31 93 | $50,407 | 35 87 | $57,893 |
| 47 | 31 06 | $49,294 | 34 96 | $56,704 |
| 48 | 30 2 | $48,200 | 34 05 | $55,515 |
| 49 | 29 34 | $47,106 | 33 14 | $54,326 |
| 50 | 28 49 | $46,031 | 32 24 | $53,156 |
| 51 | 27 65 | $44,975 | 31 35 | $52,005 |
| 52 | 26 83 | $43,957 | 30 46 | $50,854 |
| 53 | 26 | $42,920 | 29 57 | $49,703 |
| 54 | 25 19 | $41,921 | 28 69 | $48,571 |
| 55 | 24 37 | $40,903 | 27 82 | $47,458 |
| 56 | 23 57 | $39,923 | 26 94 | $46,326 |
| 57 | 22 77 | $38,943 | 26 08 | $45,232 |
| 58 | 21 97 | $37,963 | 25 22 | $44,138 |
| 59 | 21 19 | $37,021 | 24 37 | $43,063 |
| 60 | 20 42 | $36,098 | 23 53 | $42,007 |
| 61 | 19 66 | $35,194 | 22 7 | $40,970 |
| 62 | 18 91 | $34,309 | 21 88 | $39,952 |
| 63 | 18 17 | $33,443 | 21 08 | $38,972 |
| 64 | 17 44 | $32,596 | 20 28 | $37,992 |
| 65 | 16 73 | $31,787 | 19 49 | $37,031 |
| 66 | 16 02 | $30,438 | 18 7 | $35,530 |
| 67 | 15 32 | $29,108 | 17 93 | $34,067 |
| 68 | 14 63 | $27,797 | 17 17 | $32,623 |
| 69 | 13 96 | $26,524 | 16 42 | $31,198 |
| 70 | 13 3 | $25,270 | 15 69 | $29,811 |
| 71 | 12 66 | $24,054 | 14 97 | $28,443 |
| 72 | 12 04 | $22,876 | 14 27 | $27,113 |
| 73 | 11 43 | $21,717 | 13 58 | $25,802 |
| 74 | 10 84 | $20,596 | 12 9 | $24,510 |
| 75 | 10 26 | $19,494 | 12 24 | $23,256 |
| 76 | 9 7 | $18,430 | 11 59 | $22,021 |
| 77 | 9 15 | $17,385 | 10 96 | $20,824 |
| 78 | 8 63 | $16,397 | 10 34 | $19,646 |
| 79 | 8 11 | $15,409 | 9 74 | $18,506 |
| 80 | 7 62 | $14,478 | 9 16 | $17,404 |
| 81 | 7 14 | $13,566 | 8 59 | $16,321 |
| 82 | 6 68 | $12,692 | 8 04 | $15,276 |

| Exact Age as of Jan 1, 2009 | Life Expectancy Male | Total | Life Expectancy Female | Total |
|---|---|---|---|---|



## Spouse/Dependent Health Care Insurance Calculations

SS Actuarial Table

http //www ssa gov/OACT/STATS/table4c6 html

| Exact Age as of Jan 1, 2009 | Male Life Expectancy | Total | Female Life Expectancy | Total |
|---|---|---|---|---|
| 45 | 32 81 | $97,655 | 36 79 | $119,545 |
| 46 | 31 93 | $96,955 | 35 87 | $118,625 |
| 47 | 31 06 | $96,310 | 34 96 | $117,760 |
| 48 | 30 2 | $95,720 | 34 05 | $116,895 |
| 49 | 29 34 | $95,130 | 33 14 | $116,030 |
| 50 | 28 49 | $94,595 | 32 24 | $115,220 |
| 51 | 27 65 | $94,115 | 31 35 | $114,465 |
| 52 | 26 83 | $93,745 | 30 46 | $113,710 |
| 53 | 26 | $93,320 | 29 57 | $112,955 |
| 54 | 25 19 | $93,005 | 28 69 | $112,255 |
| 55 | 24 37 | $92,635 | 27 82 | $111,610 |
| 56 | 23 57 | $92,375 | 26 94 | $110,910 |
| 57 | 22 77 | $92,115 | 26 08 | $110,320 |
| 58 | 21 97 | $91,855 | 25 22 | $109,730 |
| 59 | 21 19 | $91,705 | 24 37 | $109,195 |
| 60 | 20 42 | $91,610 | 23 53 | $108,715 |
| 61 | 19 66 | $91,570 | 22 7 | $108,290 |
| 62 | 18 91 | $91,585 | 21 88 | $107,920 |
| 63 | 18 17 | $91,655 | 21 08 | $107,660 |
| 64 | 17 44 | $91,780 | 20 28 | $107,400 |
| 65 | 16 73 | $92,015 | 19 49 | $107,195 |
| 66 | 16 02 | $88,110 | 18 7 | $102,850 |
| 67 | 15 32 | $84,260 | 17 93 | $98,615 |
| 68 | 14 63 | $80,465 | 17 17 | $94,435 |
| 69 | 13 96 | $76,780 | 16 42 | $90,310 |
| 70 | 13 3 | $73,150 | 15 69 | $86,295 |
| 71 | 12 66 | $69,630 | 14 97 | $82,335 |
| 72 | 12 04 | $66,220 | 14 27 | $78,485 |
| 73 | 11 43 | $62,865 | 13 58 | $74,690 |
| 74 | 10 84 | $59,620 | 12 9 | $70,950 |
| 75 | 10 26 | $56,430 | 12 24 | $67,320 |
| 76 | 9 7 | $53,350 | 11 59 | $63,745 |
| 77 | 9 15 | $50,325 | 10 96 | $60,280 |
| 78 | 8 63 | $47,465 | 10 34 | $56,870 |

Hearing Date and Time: February 3, 2011 at 9:45 a.m. EST

Don Siefkes
42541 Saddle Lane
Sterling Heights, MI 48314

Phone:   586-596-4765
e-mail: donsiefkes@aol.com

Retired salaried employee of General Motors
with unsecured claim for health and life insurance benefits
Claim No. 43262. Page 5, Exhibit A, Debtor's 116th Omnibus Objection to Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
In re                                                     :        **Chapter 11 Case No.**
                                                          :
**MOTORS LIQUIDATION COMPANY, et al.,**   :                **09-50026**
         **f/k/a General Motors Corp., et al**.           :
                                                          :
                              **Debtors.**                :
--------------------------------------------------------------x

Response to the **NOTICE OF DEBTORS' 116TH OMNIBUS OBJECTION TO CLAIMS**,
dated December 20, 2010.

I object to this attempt by Motors Liquidation Co. and General Motors to avoid paying any
money to retirees who had been promised health and life insurance benefits in retirement. Their
request to deny all these claims is unjust and inequitable.

My wife and I will have to pay out over $130,000 cash during our expected lifetimes if we want
to maintain the same level of benefits that we had been promised.

GM had several options to avoid bankruptcy. The simplest would have been to reduce salaries
and benefits of all employees, executives, and retirees by 25% and allow attrition to reduce the
number of employees in the company.  This would have let the company stay in business while
continuing to offer benefits to current employees and retirees at a reduced level.

Instead they chose to terminate retiree benefits, layoff thousands of employees, close multiple
plant facilities, and declare bankruptcy. These steps basically left most GM executives with their
compensation and employment intact, and put the cost savings onto terminated employees and
retirees.

I respectfully ask the Court to order that a reasonable percentage, to be determined by the Court,
of my claim and others be honored by Motors Liquidation Co. and General Motors.

Dated: Sterling Heights, Michigan
        January 6th, 2011

                                            _/s/ Don Siefkes_____
                                            Don Siefkes

**<u>Exhibit 3</u>**

US_ACTIVE:\43950800\01\72240.0639



William D  Scott
71 Bittersweet Drive
Brewster, MA 02631
November 13, 2009

The Garden City Group, Inc                                  **FILED - 62599**
Attn. Motors Liquidation Company Claims Processing      **MOTORS LIQUIDATION COMPANY**
P O  Box 9386                                        **F/K/A GENERAL MOTORS CORP**
Dublin, Ohio 43017-4286                                  **SDNY # 09-50026 (REG)**

I am a retired General Motors salaried executive employee who has lost the following amount in
promised health care coverage for myself (Retiree) and spouse due to the General Motors
bankruptcy and am looking for any redress for my losses that is possible  Please see
calculations below

**Health Care Loss Calculations for:**

> **Retiree - William D Scott   (310 42 0156)**
> **Spouse – Mary E Scott**

**Health Care Benefit Losses**

> Estimated health care benefits lost from 65 until full life expectancy

| | |
|---|---:|
| Annual post – 65 benefit loss beginning 2010 | $1,900 |
| Number of years between 65 and full life expectancy | X  14 63 |
| Amount of loss after age 65 | $27,797 |
| | |
| Total life time loss for William D Scott  -  Retiree | $27,797 |

> Spouse

| | |
|---|---:|
| Annual post -65 benefit loss beginning 2010 | $5,500 |
| Number of years between 65 and full life expectancy | X  19 49 |
| Amount of loss after age 65 | $107,195 |
| | |
| Total life time loss for Mary E  Scott  -  Spouse | $107,195 |

> Combined Retiree and Spouse Estimated Total Loss

| | |
|---|---:|
| William D Scott – Retiree | $27,797 |
| Mary E Scott - Spouse | + $107,195 |
| | |
| Total Combined Life Time Loss | $134,992 |

*William D. Scott*
William D Scott

Hearing Date and Time: February 3, 2011 at 9:45 a.m. EST

William D. Scott
71 Bittersweet Drive
Brewster, MA  02631

508 896 9313
A65jaguar@msn.com

Retired salaried employee of General Motors
with unsecured claim for health and life insurance benefits
Claim No. 62599. Page 17, Exhibit A, Debtor's 116th Omnibus Objection to Claims

COURT CLERK COPY

RECEIVED
JAN 18 2011
U.S. BANKRUPTCY COURT, SDNY

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------x
In re                                           :        Chapter 11 Case No.
                                                :
**MOTORS LIQUIDATION COMPANY, et al.,**         :        09-50026
      **f/k/a General Motors Corp., et al.**    :
                                                :
                Debtors.                        :
-----------------------------------------------x

Response to the **NOTICE OF DEBTORS' 116TH OMNIBUS OBJECTION TO CLAIMS**,
dated January 12, 2011.

I do object to this attempt by Motors Liquidation Co. and General Motors to avoid paying the
benefits of health insurance and life insurance in retirement, as expected and earned through 38
years of loyal service. Their request to deny all these claims is unjust and inequitable.

Based on a life expectancy chart, my wife and I will have loss in the amount of $134,992 in
Health Care coverage, an expense that we now have to provide on our own if we want to
maintain the same level of benefits.    (attachment A)

Additionally, we lost the benefit of insurance coverage in the amount of $822,140 when Motors
Liquidation reduced the insurance level to $10,000.    (attachment B)

Combined, these two losses; Health Care Benefit and Life Insurance, amount to $957,132 based
on life expectancy charts from retirement to end of life.

In addition, ERP, Executive Retirement Pension amount has been reduced based on life
expectancy charts to the combined loss to my spouse and me of $383,055.    (attachment C)

In total our combined loss under Motors Liquidation Co, plan would amount to $1,340,198.

This plan has laid an undue burden on the faithful and loyal salaried employee who provided
years of service to General Motors. I respectfully ask the Court to order a reasonable amount as a
settlement, as determined by the Court, of my claims and others to be honored by Motors
Liquidation Co. and General Motors.

Dated: Brewster, MA
       Jan 12, 2011

                                                        William D Scott
                                                        William D. Scott

William D. Scott                                        **Attachment A**
71 Bittersweet Drive
Brewster, MA 02631
November 13, 2009


The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286


I am a retired General Motors salaried executive employee who has lost the following amount in promised health care coverage for myself (Retiree) and spouse due to the General Motors bankruptcy and am looking for any redress for my losses that is possible. Please see calculations below.

**Health Care Loss Calculations for:**

> **Retiree - William D Scott**   (310 42 0156)
> **Spouse – Mary E Scott**

**Health Care Benefit Losses**

> Estimated health care benefits lost from 65 until full life expectancy

| | |
|---|---|
| Annual post – 65 benefit loss beginning 2010 | $1,900 |
| Number of years between 65 and full life expectancy | X 14.63 |
| Amount of loss after age 65 | $27,797 |
| Total life time loss for William D Scott  -  Retiree | $27,797 |

> Spouse

| | |
|---|---|
| Annual post -65 benefit loss beginning 2010 | $5,500 |
| Number of years between 65 and full life expectancy | X 19.49 |
| Amount of loss after age 65 | $107,195 |
| Total life time loss for Mary E  Scott  -  Spouse | $107,195 |

> Combined Retiree and Spouse Estimated Total Loss

| | |
|---|---|
| William D Scott – Retiree | $27,797 |
| Mary E Scott - Spouse | + $107,195 |
| Total Combined Life Time Loss | $134,992 |


William D Scott

William D. Scott                                                     **Attachment B**
71 Bittersweet Drive
Brewster, MA 02631
November 13, 2009


The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286


I am a retired General Motors salaried executive employee who has lost the following amount in promised insurance coverage due to the General Motors bankruptcy and am looking for any redress for my losses that is possible. Please find enclosed statements that will verify the following:

Total loss in promised Insurance:  $822,140.00

Document #1: Letter sent November 6, 2009 to GM Benefits and Service Center requesting **written** verification of the amount of basic life insurance ($228,000.00) and executive supplemental coverage ($604,140.00) for William D. Scott prior to GM bankruptcy. (These figures were provided over phone; will forward written verification when received)

Document #2: 2001 Benefit statement from General Motors declaring basic ($400,000.00) and supplemental life insurance ($605,000.00) amounts. (Retirement year)

Document #3: Confirmation of basic life coverage as of 8/1/2009 ($10,000.00)


The amount lost was calculated in the following way:


Prior to Bankruptcy:
Basic Life:              $228,000.00
Supplemental:            $604,140.00
Total:                   $832,140.00                      $832,140.00

Post Bankruptcy:         $10,000                          - $10,000.00


Total insurance loss for retiree:                         $822,140.00


William D Scott

William D. Scott                                                      **Attachment  C**
71 Bittersweet Drive
Brewster, MA 02631
November 13, 2009

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286

I am a retired General Motors salaried executive employee who has lost the following amount in promised executive salary (ERP) due to the General Motors bankruptcy and am looking for any redress for my losses that is possible. Please find enclosed statements that will verify the following:

Total loss in promised ERP income:  $383,055.00

1. Document #1: Calculation of ERP for William D. Scott as provided by GM
   Document #2: Letter from GM Benefits and Services Center showing reduction in surviving spouse benefits
   Document #3: Social Security Period Life Table showing life expectancies
   Documents #4: General Motors paystubs for William D. Scott

The amount lost was calculated in the following way:

| | | |
|---|---|---|
| Loss per year for William D. Scott: | $22,316.00 | |
| Age: 1/01/2009:  67 years | | |
| Life expectancy (S.S. chart) 15.32 years | | |
| Total income loss for retiree: | $341, 881.12 | $341, 881.12 |
| | | |
| Loss per year, surviving spouse, | | |
| Mary E. Scott: | $19,421.64 | |
| Age 1/01/2009 one day shy of 64 | | |
| Years (1/02/1945) | | |
| Life Expectancy beyond retiree, | | |
| (S.S. chart) 2.12 years | | |
| Total loss for surviving spouse: | $41,173.88 | $41,173.88 |
| | | |
| Total loss for retiree, William D. Scott | | |
| and surviving spouse, Mary E. Scott | | Total   $383,055.00 |

William D Scott