**HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
       f/k/a General Motors Corp., et al. :
                                          :
                  Debtors.                :        (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S REPLY TO RESPONSES OF**
**SHARON A. BELL TO THE ONE HUNDRED AND SECOND OMNIBUS OBJECTION**
**TO CLAIMS (PROOF OF CLAIM NO. 68029)**
**(Claims Relating to Former Employees Represented by United Auto Workers)**

# TABLE OF CONTENTS

**Page**

Preliminary Statement.................................................................................................................. 1

The Claim Should Be Disallowed and Expunged........................................................................ 2

The Bell Reponses ...................................................................................................................... 3

Conclusion ................................................................................................................................. 3

## TABLE OF AUTHORITIES

**Page(s)**

C ASES

*In re Oneida, Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
   234827 (S.D.N.Y. Jan. 22, 2010)......................................................................................2

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the Bell Reponses (defined below) interposed to the 102nd Omnibus Objection to Claims (Claims Relating to Former Employees Represented by United Auto Workers) (ECF No. 7104) (the "**Omnibus Objection**"), and respectfully represents:

### Preliminary Statement

1.      On September 23, 2010, the Debtors filed the Omnibus Objection.  The Omnibus Objection seeks the disallowance and expungement of certain employment-related and pension and welfare benefits claims of UAW Employees[2] on the basis that such claims have been assumed by New GM pursuant to the terms of the Master Purchase Agreement, as described in the Omnibus Objection, are not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged from the claims register.

2.      Responses to the Omnibus Objection were due by October 19, 2010.  The responses listed on **Annex "A"** hereto and described further herein were filed with respect to the Omnibus Objection by Sharon A. Bell (the "**Bell Responses**") relating to Ms. Bell's claim, Claim No. 68029 (the "**Bell Claim**").

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

3.      The Bell Responses are generally not substantive.  After reviewing the

Bell Responses, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus

Objection, and submits that Ms. Bell has failed to provide any legal or factual support for the

Bell Claim.  Notwithstanding Ms. Bell's opposition, the Bell Responses should be dismissed

because the Bell Claim relates to liabilities for employment-related grievances of UAW

Employees that have been assumed in full by New GM pursuant to the terms of the Master

Purchase Agreement.  Accordingly, the GUC Trust files this Reply in support of the Omnibus

Objection and respectfully requests that the Bell Claim be disallowed and expunged from the

claims register.

### The Claim Should Be Disallowed and Expunged

4.      Ms. Bell has failed to demonstrate the validity of the Bell Claim and, thus,

the Bell Claim should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384,

389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22,

2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting

claim's essential allegations).

### The Bell Reponses

5.      The Bell Responses were filed on behalf of Sharon A. Bell stating

opposition to the relief sought in the Omnibus Objection with respect to the Bell Claim.  (*See*

Proof of Claim and Bell Responses at **Exhibit 1** attached hereto).  The Bell Claim alleges an

unresolved grievance under appeal with the UAW Local No. 235.  In the Bell Responses, Ms.

Bell concedes that her employment-related grievance is being resolved through the grievance

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because,
pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed
General Unsecured Claims (as defined in the Plan).

procedure for UAW Employees established pursuant to the UAW Collective Bargaining

Agreement.

6.      Paragraph 8 of the Omnibus Objection explains that pursuant to Section

2.3(a)(xiii) (*Assumed and Retained Liabilities*) of the Master Purchase Agreement, New GM

assumed all liabilities with respect to all employment-related obligations and liabilities

pertaining to the UAW Employees, including (among other things) all liabilities with respect to

claims related to discrimination, torts, compensation, workers' compensation, grievances

originating under the UAW Collective Bargaining Agreement, and termination of employment.

The Bell Claim and Bell Responses state a grievance originating under the UAW Collective

Bargaining Agreement that was assumed in full by New GM pursuant to Section 2.3(a)(xiii) of

the Master Purchase Agreement.  Therefore, the Debtors and the GUC Trust do not have any

liability with respect to the Ms. Bell's employment-related grievance currently under appeal with

the UAW Local No. 235.

7.      The Bell Responses provides no additional documentation to support the

Bell Claim.  For the reasons set out above, the Debtors respectfully submit that the Bell

Responses should be dismissed, and the Bell Claim should be disallowed and expunged.

## Conclusion

8.      Because New GM assumed all liabilities with respect to all employment-

related obligations and liabilities pertaining to the UAW Employees, the Debtors and the GUC

Trust have no liability for the Bell Claim.  The GUC Trust reiterates that the Bell Responses

haev not provided any legal or factual support for the Bell Claim and cannot be afforded prima

facie validity under the Bankruptcy Code.  Accordingly, the Bell Claim should be disallowed and

expunged in its entirety.

9.    WHEREFORE, for the reasons set forth above and in the Omnibus

Objection, the GUC Trust respectfully requests that the Court grant the relief requested in the

Omnibus Objection and such other and further relief as is just.

Dated: New York, New York
      April 13, 2012

            /s/ Joseph H. Smolinsky
            Harvey R. Miller
            Stephen Karotkin
            Joseph H. Smolinsky
            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            Attorneys for Motors Liquidation
            Company GUC Trust

**Annex A**

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| \multicolumn{6}{c}{102nd Omnibus Objection to Claims (Claims Relating to Former Employees Represented by United Auto Workers)} |
| 1. | 68029 | 7492 and 9812 | Sharon A. Bell | Unliquidated (U) | Ms. Bell's responses state that her employment-related grievance is currently under appeal with the UAW, but asserts that UAW National Leadership and Top Management of General Motors should be allowed to determine the liability amount, and also asserts that MLC is equally liable as New GM for all violations of Ms. Bell's employment. |

**Exhibit 1**

US_ACTIVE:\43940951\02\72240.0639




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**

☑ Motors Liquidation Company (f/k/a General Motors Corporation)   Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn LLC)   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem Inc )   09-13558 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Your Claim is Scheduled As Follows.**

FILED - 68029
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Name of Creditor (the person or other entity to whom the debtor owes money or property)  BELL SHARON A

Name and address where notices should be sent

BELL SHARON A
1214 SAINT CLAIR ST
DETROIT, MI 48214-3670

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _____

Telephone number  313 680-9800
Email Address  Sharonbellgmyawa@yahoo.con

Name and address where payment should be sent (if different from above)

1214 St. Clair
Det, ME 48214

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

Telephone number  313 680 - 9800

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form  EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

1  **Amount of Claim as of Date Case Filed, June 1, 2009**   $ Under investigation un undetermined

If all or part of your claim is secured  complete item 4 below, however if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority  complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9)  complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges    Grievance #016543 )

2  **Basis for Claim**  Grievance unresolved of arm pire ; (case )
(See instruction #2 on reverse side )  Local Union 735 Fourth Step Appeal AA 041    )

3  **Last four digits of any number by which creditor identifies debtor** _____

   **3a Debtor may have scheduled account as** _____
   (See instruction #3a on reverse side )

4  **Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☑ Other
**Describe**

**Value of Property** $ Undetermined  **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any**  $ _____

**Basis for perfection** _____

**Amount of Secured Claim** $ _____   **Amount Unsecured** $ _____

5  **Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries, or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business  whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase lease or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6  **Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  **Documents** Attach redacted copies of any documents that support the claim  such as promissory notes purchase orders invoices itemized statements or running accounts, contracts judgments mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of 'redacted' on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

| | **Signature** The person filing this claim must sign it  Sign and print name and title  if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any | **FOR COURT USE ONLY** |
|---|---|---|
| Date 11 | Sharon Bell, SHARON Bell   11/29/2009 | |

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years  or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group Inc are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING PO BOX 9386 DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT SDNY ONE BOWLING GREEN ROOM 534 NEW YORK NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 PM (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1 2009 You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold money loaned, services performed, personal injury/wrongful death, car loan mortgage note and credit card If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS below ) State the type and the value of property that secures the claim attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS below ) A claim may be partly priority and partly non-priority For example in some of the categories the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9) indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1 2009 the date of commencement of these cases (See DEFINITIONS below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services see instruction 2 Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person corporation or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked edited out or otherwise deleted certain information A creditor should redact and use only the last four digits of any social-security individual's

tax-identification or financial-account number all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien certificate of title financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group Inc please provide a self-addressed stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However if the creditor decides to sell its claim any transfer of such claim is subject to FRBP 3001(e) any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ) and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

1

This packaging is the property of the U S Postal Service® and is provided solely for use in sending Express Mail® shipments
Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service, Oct. 2008, All rights reserved.

Print postage online - Go to usps.c

PLEASE PRESS FIRMLY

# EXPRESS MAIL
UNITED STATES POSTAL SERVICE

## Flat Rate
## Mailing Envelope

**For Domestic and International Use**

*Visit us at usps.com*

UNITED STATES POSTAL SERVICE

1007

U S POSTAGE
PAID
DETROIT, MI
48233
NOV 29, 09
AMOUNT
**$17.50**
00026810-14

When used internationally
affix customs declarations
(PS Form 2976, or 2976A).

Please recycle.

USPS packaging products have been
awarded Cradle to Cradle Certification℠
for their ecologically-intelligent design
For more information go to
mbdc com/usps

EP13F

## EXPRESS MAIL
UNITED STATES POSTAL SERVICE®

Addressee Copy
Label 11 B   March 2004

Post Office To Addressee

### DELIVERY (POSTAL USE ONLY)

| Delivery Attempt | Time | | Employee Signature |
|---|---|---|---|
| Mo.    Day | | ☐ AM ☐ PM | |
| Delivery Attempt | Time | | Employee Signature |
| Mo.    Day | | ☐ AM ☐ PM | |
| Delivery Date | Time | | Employee Signature |
| Mo.    Day | | ☐ AM ☐ PM | |

### CUSTOMER USE ONLY

☐ WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if
customer requests waiver of signature
I wish delivery to be made without obtaining signature
of addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and
authorize that delivery employee's signature constitutes
valid proof of delivery

NO DELIVERY
☐ Weekend ☐ Holiday

Mailer Signature

TO (PLEASE PRINT)        PHONE (

ZIP + 4 (U S ADDRESSES ONLY  DO NOT USE FOR FOREIGN POSTAL CODES)

+

FOR INTERNATIONAL DESTINATIONS WRITE COUNTRY NAME BELOW

### ORIGIN (POSTAL SERVICE USE ONLY)

| PO ZIP Code | Day of Delivery | Postage |
|---|---|---|
| | ☐ Next ☐ 2nd ☐ 2nd Del Day | $ |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| | Month     Day | $ |
| Mo.  Day  Year | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| Time Accepted ☐ AM ☐ PM | ☐ Noon ☐ 3 PM | $ | $ |
| | Military | Total Postage & Fees |
| Flat Rate ☐ or Weight | ☐ 2nd Day ☐ 3rd Day | $ |
| lbs      ozs | Int'l Alpha Country Code | Acceptance Emp. Initials |

FROM (PLEASE PRINT)    PHONE (

EH656033650US

### FOR PICKUP OR TRACKING
Visit **WWW.USPS.COM**
Call **1-800-222-1811**

EMS



1

Sharon Bell

1214 St. Clair

Detroit, MI. 48214

313-680-9800

Honorable Robert E. Gerber, United States Bankruptcy Judge

Room 621 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green

New York, New York 10004

**Regarding: Objection to 102nd Omnibus Objection to Claims (Chapter 11 Case No. 09-50026 (REG)
(Docket No. 4180)**

Dear Judge Gerber,

Please acknowledge this letter as my objection to any claims to disallowed or expunge of my

claims relating: Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated

debtors, as debtors in possession (the "Debtors"); on September 23, 2010, Motors Liquidation (and all

the above) filed a Notice of Debtors' 102nd Omnibus Objection to claims (Claims relating to former

employees represented by United Auto Workers).   An Objection hearing is to be held on October 26,

2011 please acknowledge my objection to any expunge or disallowance as it pertains to my case Sharon

A Bell).

According to my union representative my claims are being discussed through the grievance

procedure (National Agreement between General Motor and the United Automobile Workers…) I object

to any/and all expunge or disallowance for the fact it would be a great injustice to allow violations of the

law as what has occurred in my cases. The union is trying to resolve the problems that I experienced

while working for my employer (General Motors/Motors Liquidation Company) for example, the UAW

Sharon A Bell case 68029                          Objection                      Motors Liquidation Company

2

(union).  The UAW National Leadership and Top Management of General Motors should be allowed to

determine the liability amount for the recovery claims which I am seeking (Sharon A Bell case 68029)

also, Motor Liquidation Company is equally liable as is the New General Motors for all violations of my

employment.

In closing I object to any expunge or disallowance of my claims therefore, I object to 102nd

Omnibus Objection to Claims relating Sharon A. Bell case 68029 represented by United Auto Workers.

My phone number and address is listed above.

Sharon Bell
1214 St. Clair
Detroit, MI. 48214
313-680-9800
March 13, 2011

Honorable Robert E. Gerber, United States Bankruptcy Judge
Room 621 of the United States Bankruptcy Court for the Southern District of New York,
One bowling green
New York, New York 10004
(2 Pages)

**Regarding:**    **Objection to 102nd Omnibus Objection to Claims (Chapter 11 Case No. 09-50026 (REG) (Docket No. 4180) (New York, New York, November 8, 2010) I object to any Claim Withdrawn and I object to the 102nd omnibus objection to expunge my claim (Sharon A Bell case number: 68029) I object to any disallowance of my case and expunge of my case (68029) This is a case in chapter 11 Case No. 09-50026 (REG)**

Dear Judge Gerber,

I object to the 102 nd Omnibus Objection to withdraw my objection claims to not disallowed or expunge of my claims (Case 68029) relating to: Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "Debtors"); on September 23, 2010, Motors Liquidation (and all the above) filed a Notice of Debtors' 102nd Omnibus Objection to claims (Claims relating to former employees represented by United Auto Workers); The liabilities related to my claims are under investigation by the National Labor and Michigan Civil Rights Department.

The employment claims I am concerned about are important factors related to my wages and benefits. These employment issues/claims are the unresolved employment claims between old General Motors LLC, New General Motors and the UAW therefore to disallow or expunge my claims while I have pending investigations in place would be unjust to me. I object to any Claim Withdrawn and/or any disallowance or expunge of my (case 68029).

Please do not disallow or expunge my claims (Case 68029) also I need more time to seek legal advice and to attend the court Objection Adjourn Hearing. I motion the court to cancel or re-schedule the Adjournment Hearing. I am tentatively scheduled to discuss this matter with a potential attorney who may be willing to represent me in this bankruptcy matter.  As I have already stated my employment claims have greatly affected my wages and benefits therefore I must plead that the court does not disallow and expunge my claims/case 68029.

As I already noted on November 28, 2010 I appealed the UAW's Umpire Appeal Disposition Settlement under the UAW Constitution again I am required to exhausts all

Sharon A Bell case 68029                    Objection                    Motors Liquidation Company

2of 2

remedies before taking my case outside.  I am requesting that the Objection Adjourned Hearing be rescheduled or canceled. Also, I object to any withdrawal of my claims and or any expunge or disallowance of my case.

On or about November 11, 2010 the UAW-GM (Umpire Section settled my grievance I disagreed with the settlement. I filed an internal appeal on November 28, 2010.  My claims are in appeal within the UAW internal grievance appeal procedure. I object to any/and all expunge or disallowance for the fact it would be a great injustice to allow violations of the law as what has occurred in my cases. The union and I are still in disagreement as to the manner in which my grievance was settled. I appealed the Union's disposition settlement.  The problems that I experienced while working for my employer (General Motors/Motors Liquidation Company) happen at both the Old General Motors and the New General Motors.  Until my cases and grievances are properly settled Motor Liquidation Company is equally liable as is the New General Motors for all violations of my employment.

In closing I object to any expunge or disallowance of my claims therefore, I object to 102nd Omnibus Objection to Claims relating my (Sharon Bell case #68029) represented by United Auto Workers. I also need more time to speak with a lawyer regarding this matter I am schedule to meet with a specific attorney concerning this matter.

Signed,
Sharon Bell
sharonbellgmuaw@yahoo.com

cc: David N. Griffiths , Attorney

Sharon A Bell case 68029                    Objection                    Motors Liquidation Company