Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Post-Effective Date
Debtors and Motors Liquidation GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,* :        **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* :
                                          :
          **Debtors.** :        **(Jointly Administered)**
                                          :
-------------------------------------------------------------x

## NOTICE OF HEARING ON MOTION OF
## MOTORS LIQUIDATION COMPANY GUC TRUST
## FOR ENTRY OF AN ORDER FIXING THE AMOUNT OF AND
## ALLOWING CLAIM NO. 11385 FILED BY DANA H. FOX FOR
## <u>DISTRIBUTION PURPOSES AND GRANTING RELATED RELIEF</u>

PLEASE TAKE NOTICE that upon the annexed Motion dated April 13, 2012

(the "**Motion**") of Motors Liquidation Company GUC Trust (the "**GUC Trust**") for entry of an

order fixing the amount and allowing claim no. 11385 filed by Dana H. Fox as a general

unsecured claim in the amount of $19,500.00 for distribution purposes, pursuant to section 502

of title 11, United States Code (the "**Bankruptcy Code**"), all as more fully set forth in the

Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy

Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **May 15, 2012 at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP,

attorneys for the Debtors and Post-Effective Date Debtors and the GUC Trust, 767 Fifth Avenue,

New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph

H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old

Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii)

General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S.

Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States

Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn:

John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania

Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder

Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York,

New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer

Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors,

1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq.,

Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of

the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones,

Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official

committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor,

New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and

One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq.

and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional

Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future

asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:

Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP,

attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust

Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York,

New York 10166 (Attn:  Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust

Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree

Street, Suite 500, Atlanta, Georgia 30309 (Attn:  Anna Phillips); (xiv) Crowell & Moring LLP,

attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison

Avenue, 19th Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.);

and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard,

Austin, Texas 78703, so as to be received no later than **May 8, 2012, at 4:00 p.m. (Eastern

Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
        April 13, 2012

<div style="margin-left: 40%;">

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Post-Effective Date
Debtors and Motors Liquidation GUC Trust

</div>

**HEARING DATE AND TIME:  May 15, 2012 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE:  May 8, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and Post-Effective Date
Debtors and Motors Liquidation GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------x
                                    :
In re                               :       Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :       09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                    :
                Debtors.            :       (Jointly Administered)
                                    :
----------------------------------------------------------x
```

<div align="center">

**MOTION OF MOTORS LIQUIDATION**
**COMPANY GUC TRUST FOR ENTRY OF**
**AN ORDER FIXING THE AMOUNT OF AND**
**ALLOWING CLAIM NO. 11385 FILED BY DANA H. FOX**
**FOR DISTRIBUTION PURPOSES AND GRANTING RELATED RELIEF**

</div>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

RELIEF REQUESTED ...................................................................................................... 1

JURISDICTION ................................................................................................................ 2

BACKGROUND ............................................................................................................... 2

    A.    The Fox Claim ........................................................................................ 2

    B.    The Plan and Confirmation Order.......................................................... 4

    C.    Mr. Fox Is Not Entitled to Recovery for Litigation Expenses .............. 6

    D.    Mr. Fox Is Not Entitled to Preferential Treatment Under the Plan........ 7

    E.    The Fox Claim Cannot Be Resolved Through the Debtors' Alternative
        Dispute Resolution Mechanism ............................................................. 8

NOTICE ........................................................................................................................... 8

CONCLUSION ................................................................................................................. 9

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashford v. Consol. Pioneer Mortgage*,
178 B.R. 222 (B.A.P. 9th Cir. 1995), *aff'd* , 91 F.3d 151 (9th Cir. 1996)................................7

*See Cunningham v. F.B.I.,* 664 F.2d 383, 386 (3d Cir. 1981) ........................................6

*Crooker v. United States Dep't of Justice*, 632 F.2d 916, 921 (1st Cir. 1980) ..............7

*DeBold v. Stimson*, 735 F.2d 1037, 1043 (7th Cir. 1984) ..............................................7

*In re Allegheny Int'l, Inc.*,
954 F.2d 167 (3d Cir. 1992)..........................................................................................8

*In re Emergency Beacon Corp.,*
52 B.R. 979, 984 (S.D.N.Y. 1985)................................................................................6

*In re Brous*,
370 B.R. 563 (Bankr. S.D.N.Y. 2007) ........................................................................6

*In re Chain*,
255 B.R. 278 (Bankr. D. Conn. 2000) ........................................................................6

*In re Marino*,
90 B.R. 25 (Bankr. D. Conn. 1988) ............................................................................6

*In re St. Rita's Assocs. Private Placement, L.P.*,
260 B.R. 650 (Bankr. W.D.N.Y. 2001) ......................................................................6

STATUTES

11 U.S.C. § 105(a) ...............................................................................................................8

11 U.S.C. § 502(b)(1) ..........................................................................................................6

28 U.S.C. §§ 157 and 1334...................................................................................................2

28 U.S.C. § 157(b) ...............................................................................................................2

OTHER AUTHORITIES

Fed. R. Bankr. P. 1015(c) and 9007.....................................................................................8

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company GUC Trust (the "**GUC Trust**") respectfully represents:

<div align="center">

**Relief Requested**

</div>

1.       On October 16, 2009, Dana H. Fox, a pro se claimant in these chapter 11 cases, filed Proof of Claim No. 11385 with two components: (i) a secured claim in the amount of $19,500.00; and (ii) an unliquidated general unsecured claim for "6 years litigation time," relating to an alleged faulty vehicle and misinformation provided to Mr. Fox during its purchase (the "**Fox Claim**").  By Order dated March 9, 2011 (ECF No. 9692), the Fox Claim was reclassified in its entirety as a general unsecured claim.  As described further herein, since filing the Fox Claim, Mr. Fox has filed 19 separate pleadings in this Court relating to the Fox Claim (the "**Fox Filings**"), and numerous motions, appeals and pleadings in the United States District Court for the Southern District of New York (the "**District Court**"), which have since been closed following the denial of the motions filed by Mr. Fox and the dismissal of his related appeals.[1]  As discussed further herein, the GUC Trust is prepared to allow the full amount of Mr. Fox's asserted liquidated pecuniary losses of $19,500.00, notwithstanding the lack of relevant supporting documentation provided in his proofs of claim.  However, Mr. Fox's claim for litigation costs cannot be allowed and has become an impediment to the GUC Trust's allowance of such claim.

---

[1] See *Memorandum Opinion and Order* of Shira A. Scheindlin, United States District Judge dated March 26, 2012 at Docket No. 8 in Case 1:11-cv-09087-SAS (the "**District Court Order**") annexed hereto as **Exhibit "D."**

2.      By this Motion, the GUC Trust requests entry of order pursuant to section

502 of title 11 of the United States Code (the "**Bankruptcy Code**"), substantially in the form

annexed hereto as **Exhibit "A,"** fixing the amount of the Fox Claim as a general unsecured claim

in the amount of $19,500.00, allowing such claim for distribution purposes, and disallowing Mr.

Fox's unsubstantiated claim for "6 years litigation time."

### Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

**A.      The Fox Claim**

4.      By order dated September 16, 2009 (ECF No. 4079), the Bankruptcy

Court established November 30, 2009 as the bar date for creditors to file proofs of claim based

on prepetition liabilities against the Initial Debtors (the "**Bar Date Order**").[2]  On August 28,

2009, Mr. Fox wrote to the Bankruptcy Court requesting that the automatic stay be lifted to allow

Mr. Fox to proceed with litigation in Florida commenced in 2003.  By Order dated September

21, 2009, the Court determined to treat Mr. Fox's correspondence as evidence of a proof of

claim, which was accorded Proof of Claim No. 1459 (the "**Original Fox Claim**").  On October

16, 2009, Mr. Fox filed the Fox Claim (Proof of Claim No. 11385) as described above.

---

[2] "Initial Debtors" refers to the four entities that filed voluntary petitions for relief under chapter
11 of the Bankruptcy Code on June 1, 2009:

- Motors Liquidation Company (f/k/a General Motors Corporation)
- MLCS, LLC (f/k/a Saturn, LLC)
- MLC Distribution Corporation (f/k/a Saturn Distribution Corporation)
- MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

5.      In the course of administering their estates, on June 30, 2010, the Debtors filed a motion (ECF No. 6232) (the "**Consolidation Motion**") seeking an order disallowing and expunging the Original Fox Claim on the basis that the Original Fox Claim had been amended and superseded by the later-filed Fox Claim.  Mr. Fox did not submit any opposition to the Consolidation Motion.  After notice and a hearing, on August 12, 2010, this Court issued an Order Granting Debtors' Twenty-Fifth Omnibus Objection To Claims (Amended and Superseded Claims) (ECF No. 6626) (the "**Consolidation Order**"), which granted the Consolidation Motion and expunged the Original Fox Claim as having been amended and superseded by the subsequently filed Fox Claim.  Mr. Fox did not file a notice of appeal with respect to the Consolidation Order during the 14-day period afforded to claimants under Rule 8002 (*Time for Filing Notice of Appeal*) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6.      On January 27, 2011, in preparation for establishing cash reserves for purposes of continuing their chapter 11 plan of liquidation, the Debtors moved the Bankruptcy Court to reclassify the Fox Claim from a secured claim to a general unsecured claim (ECF No. 8897) (the "**Reclassification Motion**").  On March 9, 2011, this Court issued the Order Granting Debtors' 191st Omnibus Objection To Claims (Incorrectly Classified Claims) (ECF No. 9692) (the "**Reclassification Order**") reclassifying the Fox Claim from a secured claim to a general unsecured claim and reserving the Debtors' rights to object to the reclassified Fox Claim on any other grounds.  Despite notice and a hearing, Mr. Fox did not oppose the Reclassification Motion, nor did he appeal the Reclassification Order within the 14-day period required under the Bankruptcy Rules.

7.      On February 6, 2012, Mr. Fox filed his *Motion for Late Entry (Toll Statute of Limitations) and Motion to Proceed In Forma Pauperis* (the "**District Court Motion**") with both the District Court and the United States Court of Appeals for the Second Circuit.  It is unclear what relief Mr. Fox sought in the District Court Motion, other than, as suggested by the title, to proceed *in forma pauperis*.  The District Court Motion attaches several filings Mr. Fox made in the Bankruptcy Court over the years, including his correspondence with counsel to the GUC Trust regarding the possible resolution of the Fox Claim.[3]  The District Court's docket also contained documents purporting to appeal the Consolidation Order more than fifteen months after it was entered, and to appeal the Reclassification Order more than eight months after it was entered.  On March 26, 2012, United States District Judge Shira A. Scheindlin issued the District Court Order dismissing Mr. Fox's appeals on the basis that they were not timely filed, therefore depriving the District Court of jurisdiction to consider the appeals, closed the motions and the case, and returned the matter to this Court for resolution.[4]  In the District Court Order, Judge Scheindlin notes that the consolidation of Mr. Fox's proofs of claim, and the reclassification of such claims, were "entirely appropriate." District Court Order at 3.

B.      **The Plan and Confirmation Order**

8.      On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter

---

[3] This correspondence appears at Ex-7 and Ex-8 on pages 16 and 17 of Mr. Fox's "Motion For Late Entry (Toll Statute of Limitations) and Motion to Proceed in Forma Pauperis" filed with the District Court, annexed hereto as **Exhibit "B**."

[4] A copy of the GUC Trust's response to Mr. Fox's District Court Motion is annexed hereto as **Exhibit "C,"** and the District Court Order is annexed hereto as **Exhibit "D."**

11 Plan (ECF No. 9941) (the "**Confirmation Order**"), which, among other things, confirmed

the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**").

9.      The Plan and the Confirmation Order specify that the Bankruptcy Court

retains exclusive jurisdiction to consider claims such as those asserted by Mr. Fox and to provide

the relief sought herein.  Section 11.1 of the Plan provides, in pertinent part:

> The Bankruptcy Court shall retain exclusive jurisdiction of all
> matters arising under, arising out of, or related to the Chapter 11
> Cases and the Plan  . . . for, among other things, the following
> purposes
>
> . . . .
>
> (b) To determine any motion, adversary proceeding,
> application, contested matter, and other litigated matter pending on
> or commenced before or after the Confirmation Date . . . .;
>
> (c) To ensure that distributions to holders of Allowed
> Claims are accomplished as provided herein;
>
> (d) To consider Claims or the allowance, classification,
> priority, compromise, estimation, or payment of any Claim;
>
> . . . .
>
> (f) To issue injunctions, enter and implement other orders,
> and take such other actions as may be necessary or appropriate to
> restrain interference by any person with the consummation,
> implementation, or enforcement of the Plan, the Confirmation
> Order, or any other order of the Bankruptcy Court . . . .

(Plan § 11.1(b), (c), (d), (f)).  In addition, the Confirmation Order and the Plan provide that the

Bankruptcy Court retains exclusive jurisdiction to consider any and all claims against the

Debtors, the GUC Trust, and their respective officers, counsel and professionals "involving or

relating to the administration of the Chapter 11 Case [and] the decisions and actions taken during

the Chapter 11 Cases."  (Confirmation Order ¶ 52; Plan § 12.6.)

### C.    Mr. Fox Is Not Entitled to Recovery for Litigation Expenses

10.    While the GUC Trust is prepared to allow the allowable portion of the Fox Claim related to alleged vehicle defects as a general unsecured claim in the asserted amount of $19,500.00, no basis exists to provide Mr. Fox with an allowed claim for the "6 years litigation time" that is asserted in the Fox Claim.  Absent explicit statutory or other authority, the American Rule – whereby each party pays its own litigation costs – generally applies to the responsibility for payment of fees in litigation.  *E.g.*, *In re St. Rita's Assocs. Private Placement, L.P.*, 260 B.R. 650, 652 (Bankr. W.D.N.Y. 2001); *In re Brous*, 370 B.R. 563, 572 (Bankr. S.D.N.Y. 2007) (stating that litigants must generally bear their own legal expenses under the "American Rule").  Indeed, Courts have observed that because a *pro se* litigant has not incurred costs for the services of an attorney, such *pro se* litigant requires no compensation.  *See e.g. Cunningham v. F.B.I.,* 664 F.2d 383, 386 (3d Cir. 1981).  Mr. Fox must therefore bear his own litigation costs in relation to proceedings outside of this court that he has elected to pursue.[5]  To the extent the claim is not for out-of-pocket expenses of litigation but rather for Mr. Fox's time and inconvenience, there is even less support for allowance.  *See In re Emergency Beacon Corp.,*

---

[5]  It should be noted that Mr. Fox has failed to provide any documentary support in Proof of Claim No. 11385 for litigation expenses, and that this alone would be enough to disallow this portion of the Fox Claim.  A proof of claim *must* "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules.  *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see Ashford v. Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  The Fox Claim falls far short of the standard unambiguously required by the Bar Date Order.  Indeed, the Bar Date Order requires, among other things, that a proof of claim must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include supporting documentation or an explanation as to why such documentation is not available.  Bar Date Order at 2.  The Fox Claim and the Fox Filings do not meet this standard.

52 B.R. 979, 984 (S.D.N.Y. 1985) ("[…] the bankruptcy judge declined to order fees based on the "general rule" that pro se litigants are not entitled to attorney's fees."; "[…] as the bankruptcy judge correctly noted, the "overwhelming majority" of United States Circuit Courts have refused to award attorney's fees to pro se plaintiffs").  Courts have also been reluctant to award attorney's fees to pro se litigants because of the lack of a "meaningful standard for calculating the amount of such an award."  *See Crooker v. United States Dep't of Justice*, 632 F.2d 916, 921 (1st Cir. 1980); *DeBold v. Stimson*, 735 F.2d 1037, 1043 (7th Cir. 1984).

11.    In order to allow the GUC Trust to grant Mr. Fox an allowed claim for the allowable portion of the Fox Claim, the GUC Trust requests that Mr. Fox's claim for "6 years litigation time" be disallowed.

**D.    Mr. Fox Is Not Entitled to Preferential Treatment Under the Plan**

12.    Mr. Fox has claimed, and the GUC Trust is willing to allow, a general unsecured claim in the amount of $19,500.00.  Mr. Fox is entitled to receive similar treatment to that accorded to similarly situated creditors under the Plan, who receive a pro rata share of a fund consisting of General Motors Company stock and warrants on account of their allowed claim. As this Court is aware, the GUC Trust is unable to provide any general unsecured claimant with treatment that prefers such claimant's claim over other general unsecured claims, as to do so would violate the terms of the Plan and the Confirmation Order.  The GUC Trust therefore seeks to have the Fox Claim allowed in the amount of $19,500.00 and to accord Mr. Fox treatment identical to that of other similarly situated general unsecured creditors under the Plan.

**E.      The Fox Claim Cannot Be Resolved Through the Debtors' Alternative Dispute Resolution Mechanism**

13.      In the Fox Filings, Mr. Fox has requested that the Fox Claim be settled through the Debtors' alternative dispute resolution mechanism.  Given that the Debtors and the GUC Trust are willing to offer Mr. Fox an allowed claim to the full extent possible under the Bankruptcy Code and other applicable law, *i.e.*, a claim for the full $19,500.00 liquidated amount stated in the Fox Claim, alternative dispute resolution is unnecessary and will merely increase the costs already incurred by the GUC Trust and Mr. Fox in dealing with Fox Claim.  Under the ADR procedures, Mr. Fox would also be responsible for paying for half the costs of conducting a mediation, an amount that would be disproportionate to the amount of benefit that Mr. Fox could achieve through mediation.  Granting Mr. Fox an allowed claim for $19,500.00 means that the liquidated amount of the Fox Claim will be allowed in full, while the previously unliquidated portion – which cannot be allowed whether addressed through the alternative dispute resolution mechanism or through this Motion – will be expunged.  Mr. Fox cannot achieve a better result through the Debtors' alternative dispute resolution mechanism.

## Notice

14.      Notice of this Motion has been provided to Mr. Fox and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).  The Debtors and the GUC Trust submit that such notice is sufficient and no other or further notice need be provided.

15.      No previous request for the relief sought herein has been made by the Debtors or the GUC Trust to this or any other Court.

### Conclusion

WHEREFORE the Debtors and the GUC Trust respectfully request entry of an

order granting the relief requested herein and such other and further relief as is just.

Dated:  New York, New York
        April 13, 2012

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Post-Effective Date Debtors and Motors
                                        Liquidation Company GUC Trust

## **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                       :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
|     f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

ORDER FIXING THE AMOUNT OF AND
ALLOWING CLAIM NO. 11385 FILED BY DANA H. FOX FOR
DISTRIBUTION PURPOSES AND GRANTING RELATED RELIEF

Upon the Motion, dated April 13, 2012 (the "**Motion**"),[1] of Motors Liquidation

Company GUC Trust (the "**GUC Trust**") pursuant to section 502 of title 11, United States Code

(the "**Bankruptcy Code**"), for entry of an order fixing the amount of and allowing claim no.

11385 filed by Dana H. Fox for distribution purposes, all as more fully described in the Motion;

and due and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, the GUC Trust

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

        ORDERED that the Motion is granted as provided herein; and it is further

        ORDERED that Proof of Claim No. 11385 is allowed as a general unsecured

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

claim in the amount of $19,500.00; and it is further

ORDERED that the claim for "6 years litigation time" in Proof of Claim No.

11385 is hereby disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
       [_____], 2012

_____
United States Bankruptcy Judge

**<u>EXHIBIT B</u>**

SECOND DISTRICT* NEW YORK

11-Civ. 9087 (SAS)

Dana H. Fox, Pro-se )
    Appellant )
V. )
General Motors, Inc. )    Lower Case # 09 B 50026(REG)
Motors Liquidators, et al )
    Appellees )    Claim #4287

RECEIVED
12 FEB -6 PM 1:23
U.S. COURT OF APPEALS
SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 2/10/2012

## MOTION FOR LATE ENTRY (TOLL STATUTE OF LIMITATIONS)
## MOTION TO PROCEED IN FORMA PAUPERIS   SEE PG. 29

Now comes Mr. Fox pro-se with late entry motion due to
mail fraud as Mr. Fox   is   mailing papers to this court
since last year (see receipts for metered mail) (Exhibit 1).

Mr. Fox pro-se filed several motions to proceed informa pauperis
in lower court and they were denied or never responded to;
Prosecutor Diamond said that was not allowed; Mr/ Fox pro-se
was involuntarily dragged into Bankruptcy Court by G.M.'S
automatic Stay of Bankruptcy.

District Court did not send the form required either.

Mr. Fox pro-se has not received a dismissal order from any lower
court.

Please see August 12, 2010 Order Granting Debtor's Twenty-Fifth
Objection to Claims (Exhibit 2) Page 5 Claims disallowed and
expunged and   then designated Surving Claims (Contradictory).
You have a motion to order the lower court to produce the full
record in regards to Mr. Fox pro-se's Claim, if you deem that
necessary.

The lower courts have Obstructed Justice and cannot be allowed
to maintain Jurisdiction.

Respectfully Submitted

Dana H. Fox    PRO-SE

PLEASE TAKE YOUR TIME
AND READ THESE PLEADINGS
THOROUGHLY. D.H.F.

MAILED 1/31/12
2/1/12

GARDEN CITY GROUP/MOTORS LIQUIDATORS
HAS VERIFIED (ON FILE) RECEIPT OF
THESE PAPERS. A LETTER WILL FOLLOW
2/1/12 D.H.F

PG 2

Pagefield Postal Store
Fort Myers, Florida
33907428
1189290420 -0094
(800)275-8777
09/13/2011                                    12:07:40 PM

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| NEW YORK NY 10007 Zone-6 First-Class Letter 1.00 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| NEW YORK NY 10004 Zone-6 First-Class Letter 1.00 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| DUBLIN OH 43017 Zone-5 First-Class Letter 1.00 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| Total: | | | $1.32 |

---

DOWNTOWN STATION
FT MYERS, Florida
339019998
1189290421 -0095
09/19/2011    (239)334-9159    10:45:43 AM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| DUBLIN OH 43017 Zone-5 First-Class Letter 0.30 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| NEW YORK NY 10007 Zone-6 First-Class Letter 0.30 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| NEW YORK NY 10004 Zone-6 First-Class Letter 0.30 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| Total: | | | $1.32 |
| Paid by: Cash | | | $1.32 |

************************************
************************************
BRIGHTEN SOMEONE'S MAILBOX. Greeting cards
available for purchase at select P...

---

DOWNTOWN STATION
FT MYERS, Florida
339019998
1189290421 -0096
09/21/2011    (239)334-9159    10:15:49 AM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| DUBLIN OH 43017 Zone-5 First-Class Letter 0.20 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| NEW YORK NY 10007 Zone-6 First-Class Letter 0.20 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| NEW YORK NY 10004 Zone-6 First-Class Letter 0.20 oz. | | | $0.44 |
| Issue PVI: | | | $0.44 |
| Forever Jazz LEHIGH ACRES FL 33971 | 2 | $0.44 | Void $0.44 |

*RECEIPTS SHOWING PREVIOUS APPEALS PLEADINGS THE COURT CLAIMS WERE NOT RECEIVED.*

EX. I

PG. 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                          :
**In re**                                                 :          **Chapter 11 Case No.**
                                                          :
**MOTORS LIQUIDATION COMPANY, et al.,**                   :          **09-50026 (REG)**
    **f/k/a General Motors Corp., et al.**   :
                                                          :
        **Debtors.**    :          **(Jointly Administered)**
                                                          :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS
### (Amended and Superseded Claims)

Upon the twenty-fifth omnibus objection to claims, dated June 30, 2010 (the

"**Twenty-Fifth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a

General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy**

**Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking

entry of an order disallowing and expunging the Amended and Superseded Claims on the

grounds that such claims have been amended and superseded by the corresponding Surviving

Claims, all as more fully described in the Twenty-Fifth Omnibus Objection to Claims; and due

and proper notice of the Twenty-Fifth Omnibus Objection to Claims having been provided, and

it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Twenty-Fifth Omnibus Objection to Claims is in the best

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Twenty-Fifth Omnibus Objection to Claims.

A:\MLC ORDER 25TH OMNI OBJECTION CLAIMS 43469396V2.DOC

EX. 2                                                                                    Pg-3

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Twenty-Fifth Omnibus Objection to Claims establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Fifth Omnibus Objection to

Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be*

*Disallowed and Expunged*" (collectively, the "**Amended and Superseded Claims**") are

disallowed and expunged; and it is further

ORDERED that the claims listed on the Order Exhibit annexed hereto under the

heading "*Surviving Claims*" (collectively, the "**Surviving Claims**") will remain on the claims

register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that, if applicable, the Twenty-Fifth Omnibus Objection to Claims is

adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further

adjournments, (such actual hearing date, the "**Adjourned Hearing Date**") (the "**Adjourned**

**Claims**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be

12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the

Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Twenty-Fifth Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Withdrawn*"; and it is further

Pg-4

ORDERED that, if applicable, the Twenty-Fifth Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding

claimant; and it is further

ORDERED that the disallowance and expungement of the Amended and

Superseded Claims does not constitute any admission or finding with respect to any of the

Surviving Claims; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the Twenty-Fifth

Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that

is not listed on the Order Exhibit annexed hereto and (ii) any Surviving Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      *August 12, 2010*

                                   *s/ Robert E. Gerber*
                                United States Bankruptcy Judge

PG-5

Twenty-Fifth Omnibus Objection

# Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | |
|---|---|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Amended and Superseded Claims | Grounds For Objection Page Reference | Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) |
| CUNNINGHAM, MELANIE<br>ONE OXFORD CENTRE - SUITE 2501<br>PITTSBURGH, PA 15219<br>Official Claim Date: 11/9/2009 | 21818 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | | Pgs. 1-5 | CUNNINGHAM, MELANIE<br>SWENSEN PERER & KONTOS<br>ONE OXFORD CENTRE - SUITE 2501<br>PITTSBURGH, PA 15219<br>Official Claim Date: 11/9/2009 | 21819 | Motors Liquidation Company | $19,500.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| DANA H FOX<br>1625-2 PARKMEADOWS DR<br>FORT MYERS, FL 33907<br>Official Claim Date: 9/21/2009 | 1459 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | | Pgs. 1-5 | DANA H FOX<br>1625-2 PARKMEADOWS DR<br>FORT MYERS, FL 33907<br>Official Claim Date: 10/16/2009 | 11385 | Motors Liquidation Company | $19,500.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$19,500.00 (T) |
| DOROTHY JOHANNES<br>530 CR 3401<br>BULLARD, TX 75757<br>Official Claim Date: 10/5/2009 | 3224 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) | | Pgs. 1-5 | DOROTHY JOHANNES<br>530 COUNTY RD 3401<br>BULLARD, TX 75757<br>Official Claim Date: 10/5/2009 | 3223 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$2,596.11 (U)<br>$2,596.11 (T) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00"
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

PG-6

UNITED STATES COURT OF APPEALS
DISTRICT OF NEW YORK

Dana H. Fox, Pro-se                    )
        Appellant                      )
                                       )        Appeal ECF #8291
V.                                     )        Lower Court #09 B 50026(REG)
                                       )        Claim #4287
United States Bankruptcy Court         )
Motors Liquidators                     )
General Motors, Et Al                  )
        Appelles                       )

MOTION FOR APPEAL TO GO FORWARD      | Motion to
DUE TO OBSTRUCTION OF JUSTICE        | TOLL Statute
BY LOWER COURT(S)                    | of
                                     | Limitations

Now Comes Plaintiff/ Appellant Dana H. Fox, Pro-se, Motioning

the Appeals Court to proceed with this appeal and waive the

filing fee as this is a matter of extreme public interest.

Please see the attached exhibits from U.S. District Court

directing Mr. Fox, Pro-se to "another court or agency".

Will This Honorable court please Order the Lower Bankruptcy Court

To Forward the entire record of Mr. Fox Pro-se's case to

your Appeals court as they appear  incapable of doing it

themselves; A simple letter from the Appeals court will suffice.

Mr. Fox, Pro-se has exhausted his avenues of access in trying

to get the lower court to respond to motions, etc.

The record, even that which is already submitted to Appeals

is self explanatory.

Claim #4287 Is a secured claim as the vehicle was returned to

the dealership per instructions of General Motors;  And this

was not handled properly either.

G.M. Attornies  invented another claim # which has not helped.

Respectfully Submitted,

Florida Address is the same          Dana H. Fox
New Forwarding:                      Dana H. Fox, Pro-se
955 Mass. Ave
#155
Cambridge, Mass. 02139

1625-2 PARKMEADOWS DR.
FT. MYERS, FLA. 33907

CC: MOTORS LIQUIDATORS FOR ATTORNEY ON THIS DATE  1/20/12  2012.    PG-7

RECEIPT FOR PREVIOUS
MOTION TO GO FORWARD
REC'VD BY DUBLIN OHIO
COURT OF APPEALS CLAIMY
NO RECEIPT.

```
         Pagefield Postal Store
           Fort Myers, Florida
               339071428
            1189290420 -0098
01/20/2012    (800)275-8777    11:09:56 AM

                    Sales Receipt
Product          Sale  Unit        Final
Description       Qty  Price        Price

DUBLIN OH 43017 Zone-5              $0.64
First-Class Letter
1.90 oz.
Nonmach First-Class                $0.20
                                ========
Issue PVI:                         $0.84

NEW YORK NY 10007                  $1.28
Zone-6 First-Class
Large Env
2.40 oz.
                                ========
Issue PVI:                         $1.28

                                ========
Total:                             $2.12

Paid by:                           $2.12
Cash
*******************************************
*******************************************
BRIGHTEN SOMEONE'S MAILBOX. Greeting cards
available for purchase at select Post
Offices.
*******************************************
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK  10007

**RUBY J. KRAJICK**
CLERK OF COURT

Date: 10/13/11

The enclosed papers are being returned to you for one or more of the following reasons checked below.  Please read this list carefully to correct the mistakes in your papers.  After you correct your papers, you may return them to this office for processing **TOGETHER WITH THIS LETTER.**

[ ]   Papers cannot be filed without an original signature.  A xerox copy of your signature or documents without a signature are not acceptable.

[X]   These papers appear to be intended for another court or agency.

[ ]   Papers cannot be filed without proof that they have been served on your opponent(s) or their attorney(s). This office **will not** forward copies of your papers to your defendants or their counsel.  Please note that a "cc" on the bottom of your papers is not sufficient proof of service.  You may use your own form or the one enclosed.  Please indicate the document(s) you served on your affirmation of service.

[ ]   Your complaint or petition is undergoing judicial review.  Once a docket number and judge is assigned you will be notified by mail.  No further papers can be accepted for filing until your case has received a docket number and a judge.

[ ]   You did not include an *In Forma Pauperis* Application or the filing fee of $_____ (which must be paid in cash, certified check or money order made payable to the Clerk of the Court, U.S.D.C.-S.D.N.Y.). **Personal checks are not accepted.**

[ ]   Each plaintiff must sign the complaint and each plaintiff must submit a separate *In Forma Pauperis* application, to have the filing fee waived.

[ ]   Your application to waive the fees does not contain enough information for the Court to consider your request.  Please fill out the enclosed *In Forma Pauperis* application.  If you are presently incarcerated, be especially careful to answer question number two (2) on the form.  If you have never worked you must state this as your answer to this question.

[ ]   Other: _____

_____

_____

_____

Sincerely,

*J. Hodges*
*Pro Se*
(212) 805-0175

*Rev. 05/10*

Ex 1

PG 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

Dana H. Fox, Pro-se )
      Plaintiff/Appellant )
                     )
V. )
                     )     Case # 09-40026(REG)
General Motors, Inc )
Motors Liqidators, et al )
      Defendants/Appellee )     Claim #  4287

Brief with Motions

Now Comes Mr. Fox Pro-se to incorporate the entire record with
this brief and Declare that General Motors, Inc. by and through
it's representatives, is Not bankrupt as G.M., Inc. is bailed
out by the U.S. Government.

Any person in Bankruptcy Court and District Court and Appeals
Court will have to recuse themselves from any involvement in
this matter as they collectively have a vested interest in the
outcome of this alleged bankruptcy and therefore are not impartial:
So Motioned for recusal of all parties described;  If holding investments.

Mr. Fox, Pro-se is sworn to defend the U.S. Constitution on several
different levels and he Motions the court(s) to recognize their
own resposibilities in regards to their own oaths.

Mr. Fox, Pro-se has repeatedly been denied Just treatment in
Bankruptcy court and the court ignores it's own provisions in
the court's alleged omnibus decision.

Mr. Fox relies on the record and previous pleadings to verify this
to prevent redundancy.

General Motors, Inc. is in contempt of court in Florida Circuit
court and is one hearing away from the Judge's intention to rule
to this effect:  [Failure by G.M. to respond to a court ordered
subpeona].

This farce of alleged Bankruptcy cannot be allowed to continue
And Mr. Fox. Pro-se motions again for claim #4287 to be removed
to District Court for review by the U.S. Court of Appeals [Three
Judges Deciding instead of one judge being burdened].

Wherefore, having repeatedly stating his position in regards to
claim #4287, Mr. Fox Pro-se submits this brief.

A true copy by U.S. Mail to
Courts and Motors Liq.
9/21/11

Respectfully Submitted
Dana H. Fox, Pro-se

RECEIVED
POST OFFICE
SEP 28 AM 9:09

Ex-2

PG-10

Fox
1500A Lafayette Rd.
#192
Ports, N.H. 03801

RECEIVED
SDNY PRO SE OFFICE
2011 SEP 28 AM 9: 06

U.S. District Court South
500 Pearl St.
N.Y., N.Y. 10007

UNITED STATES
POSTAL SERVICE

U.S. POSTAGE
FT MYERS FL
SEP 28 '11
AMOUNT
$0.44
0004500Z-04

USDC
SDNY
P3

pg. 11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

RUBY J. KRAJICK
CLERK OF COURT

Date: 10/21/11

The enclosed papers are being returned to you for one or more of the following reasons checked below. Please read this list carefully to correct the mistakes in your papers. After you correct your papers, you may return them to this office for processing **TOGETHER WITH THIS LETTER.**

[ ] Papers cannot be filed without an original signature. A xerox copy of your signature or documents without a signature are not acceptable.

[X] These papers appear to be intended for another court or agency.

[ ] Papers cannot be filed without proof that they have been served on your opponent(s) or their attorney(s). This office **will not** forward copies of your papers to your defendants or their counsel. Please note that a "cc" on the bottom of your papers is not sufficient proof of service. You may use your own form or the one enclosed. Please indicate the document(s) you served on your affirmation of service.

[ ] Your complaint or petition is undergoing judicial review. Once a docket number and judge is assigned you will be notified by mail. No further papers can be accepted for filing until your case has received a docket number and a judge.

[ ] You did not include an *In Forma Pauperis* Application or the filing fee of $_____ (which must be paid in cash, certified check or money order made payable to the Clerk of the Court, U.S.D.C.-S.D.N.Y.). **Personal checks are not accepted.**

[ ] Each plaintiff must sign the complaint and each plaintiff must submit a separate *In Forma Pauperis* application, to have the filing fee waived.

[ ] Your application to waive the fees does not contain enough information for the Court to consider your request. Please fill out the enclosed *In Forma Pauperis* application. If you are presently incarcerated, be especially careful to answer question number two (2) on the form. If you have never worked you must state this as your answer to this question.

[ ] Other: _____

_____

_____

_____

Sincerely,

Pro Se
(212) 805-0175

*Rev. 05/10*

EX-3                                    PG-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

RECEIVED
PRO SE OFFICE

BY J. KRAJICK
CLERK OF COURT
2000 OCT 18 AM 10: 07

Date:       SEP 26 2011

The enclosed papers are being returned to you for one or more of the following reasons checked below. Please read this list carefully to correct the mistakes in your papers. After you correct your papers, you may return them to this office for processing **TOGETHER WITH THIS LETTER.**

[ ]     Papers cannot be filed without an original signature. A xerox copy of your signature or documents without a signature are not acceptable.

[ ]     These papers appear to be intended for another court or agency.

[ ]     Papers cannot be filed without proof that they have been served on your opponent(s) or their attorney(s). This office **will not** forward copies of your papers to your defendants or their counsel. Please note that a "cc" on the bottom of your papers is not sufficient proof of service. You may use your own form or the one enclosed. Please indicate the document(s) you served on your affirmation of service.

[ ]     Your complaint or petition is undergoing judicial review. Once a docket number and judge is assigned you will be notified by mail. No further papers can be accepted for filing until your case has received a docket number and a judge.

[ ]     You did not include an *In Forma Pauperis* Application or the filing fee of $_____ (which must be paid in cash, certified check or money order made payable to the Clerk of the Court, U.S.D.C.-S.D.N.Y.). **Personal checks are not accepted.**

[ ]     Each plaintiff must sign the complaint and each plaintiff must submit a separate *In Forma Pauperis* application, to have the filing fee waived.

[ ]     Your application to waive the fees does not contain enough information for the Court to consider your request. Please fill out the enclosed *In Forma Pauperis* application. If you are presently incarcerated, be especially careful to answer question number two (2) on the form. If you have never worked you must state this as your answer to this question.

[X]    Other: _Please Supply this Court with the correct Docket #_
        _for your case._
        _THE COURT DOCKET LISTS #09 B 50026 (REG)_
        _AND THEY CHANGED THE CLAIM # TO 11385_

Sincerely,

Pro Se
(212) 805-0175

*Rev. 05/10*

EX-4

PG-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

Dana H. Fox, Pro-se                    )
        Plaintiff/Appellant           )
                                       )
v.                                     )          09 B 50026 (REG)
                                       )     Case #09-40026 (REG)
General Motors, Inc.                   )        Claim#4287
Motors liqidators, et al               )        Claim# 11385
        Defendants/Appellees          )
                                       )

MOTION TO WAIVE, BY-PASS, EXPUNGE
THE AUTOMATIC STAY OF BANKRUPTCY

Now Comes Plaintiff/Appellant Dana H. Fox, Pro-se to reinforce
to all parties concerned that there can be no Discrimination
towards Mr. Fox Pro-se due to his Vows of Poverty and current
financial situation;  Nor can there be any form of prejudice due
to the amount of money owed to Mr. Fox Pro-se as the Vows of
Poverty were taken in regards to the amount of money owed Mr. Fox.
This lack of invested interest in this country, etc. helps Mr.
Fox pro-se to remain mostly impartial for all decisions and
Oversight that he has interceeded in on behalf of whoever asked
for advice or direction.
No vested interest helps in the face of the corruption that money
and It's influence leads to.
As there is a provision in the alleged Omnibus decision for
cases to be reclassified or returned to other courts;  This is
already referenced by Mr. Fox Pro-se in previous pleadings:
And the Fact that General Motors, Inc.  is not  Bankrupt, there
cannot be a continuing stay of Bankruptcy as it is against
Common Sense and "Common Law".
Wherefore, Mr. Fox Pro-se files this motion to override, etc.
The alleged Automatic Stay of Bankruptcy and remove this matter
to U.S. District court as motioned for.

I certify that true copies         Respectfully Submitted,
are served by U.S. Mail to
Bankruptcy Court and
Motor Liqidators on this date:     Dana H. Fox, Pro-se
        9/19/11

UNITED STATES BANKRUPTCY
SOUTHERN DISTRICT

DNA H. FOX, PRO-SE )
v. )
GENERAL MOTORS, INC. ) CASE # 09 B50026 (REG)
MOTORS LIQUIDATORS ) CLAIM # 11385
)
)

| MOTION BROUGHT FORWARD FOR MORE TIME TO RESPOND | MOTION TO PROCEED TO U.S. DISTRICT COURT WITH AFFIDAVIT OF SERVICE | * MOTION FOR LATE ENTRY MAIL DELAY *

MR. FOX, PRO-SE HAS FILED A BRIEF AND REQUEST FOR ALL THE PLEADINGS SUBMITTED BY MR. FOX PRO-SE AND THE ALLEGED OMNIBUS; TO BE TRANSFERED TO THE U.S. DISTRICT COURT SOUTHERN DISTRICT.

MR. FOX ALSO FILED A MOTION TO PROCEED INFORMA PAUPERIS AND HAS NOT RECEIVED A RESPONSE: [ MR. FOX PRO-SE CONTINUES TO WAIT FOR YOUR TRUSTEES TO PAY HIM AS OF JUNE 28, 2011] THE ENTIRE RECORD OF MR. FOX'S PLEADINGS AND JUDGEMENTS ARE REQUESTED TO BE SENT TO U.S. DISTRICT COURT.

AFFIDAVIT OF SERVICE                    RESPECTFULLY SUBMITTED
TO U.S. BANKRUPTCY COURT
AND U.S. DISTRICT COURT
ON THIS DATE 10/14/11               DANA H. FOX  PRO-SE
DNA H FX PRO-SE

PLEASE STOP
OBSTRUCTING JUSTICE!

PLEASE ACT ON THIS MOTION
TO PROCEED IN FORMA PAUPERIS
AS THE $250. REPRESENTS A HARDSHIP
FOR MR. FOX PRO-SE WHO HAS TO GO BACK
ON THE ROAD. DNA H FX

EX-6

PG-15

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Joseph H. Smolinsky
+1 212 310 8767
joseph.smolinsky@weil.com

September 28, 2011

Mr. Dana H. Fox
1625-2 Parkmeadows Dr.
Fort Myers
FL 33907-4600

**Re:  Settlement Offer for Proof of Claim No. 11385**

Dear Mr. Fox,

Further to my telephone conversation with you on Tuesday, September 27, 2011, I am writing you to memorialize the offer of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), the successor to Motors Liquidation Company (formerly known as General Motors Corporation) to settle your various claims against Motors Liquidation Company.

On October 16, 2009, you filed a proof of claim (claim no. 11385) against Motors Liquidation Company, in the amount of $19,500 for the value of your vehicle plus certain other unidentified amounts for the inconveniences of litigation, and this the only active proof of claim that you have pending in these chapter 11 cases.  You have also filed a number of other documents in Motors Liquidation Company's chapter 11 cases, including pleadings related to a proof of claim that has been expunged by court order (claim no. 1459).

As discussed, Motors Liquidation Company GUC Trust is prepared to grant you an allowed general unsecured claim in the amount of **$19,500** (your "**Allowed Claim**"), in full and final satisfaction of all of your claims against Motors Liquidation Company, with the proviso that your other pleadings are withdrawn.  Accepting this Allowed Claim will therefore resolve all of your outstanding issues with Motors Liquidation Company and the GUC Trust.

Accepting this offer of an Allowed Claim, which will require you to sign a stipulation and settlement agreement with the GUC Trust, will give you the right to receive your pro rata share of a fund consisting of General Motors Company stock and warrants on account of the Allowed Claim.  I have attached a fact sheet entitled "Frequently Asked Questions", which explains how this works in further detail.  In accepting this Allowed Claim, you will be receiving the same treatment provided to all other general unsecured creditors in these chapter 11 cases.  Should you need any further information in this regard, please do not hesitate to contact me.

EX A

PG-16

a H. Fox
mber 28, 2011
e 2

Should you be inclined to accept this offer, please contact me at your earliest convenience but in no event later than October 21, 2011, and we will prepare the stipulation and settlement agreement accordingly.  We of course recommend that you consult with an attorney with respect to the contents of this letter.

Sincerely yours,

Joseph H. Smolinsky

cc:  Carrianne Basler, AlixPartners LLP

EX 8

PG-17

9/30/11

Dana H. Fox, Pro-se
1625-2 Parkmeadows Dr.
Fort Myers, FLa. 33907

Weil, Gotshal & Manges
767 5th Ave,
N.Y., N.Y.  10153-0119

Att:  Joseph Smolinsky

Response to Settlement Offer
for Claim #4286/11385
4287

Dear Mr. Smolinsky:

Pursuant to the telephone conversation of 9/27/11, there was a
return call to your assistant on 9/28/11 with a return offer:
Mr. Fox, pro-se will require the full face value of Stocks and
Warrants based on the <u>selling</u> price of said commodities [at time
of transfer, transaction, deposit to a Fidelity brokerage account
for the Full amount of 19,500.00].

This will take care of the automobile;  Although the court of
bankruptcy says this is an unsecured claim, there is on file in
the record a copy of the Title to said vehicle with a written
stipulation on the face of the title that the vehicle in question
is signed over to the dealer for the Re-purchase program that
G.M., Inc. informed Mr. Fox Pro-se about just prior to the return
of the vehicle.

There is an accumulation of "years" of litigation in Circuit Court
in Florida (Lee County) and you have that case # reference and
the reference to Previous litigation by Mr. Fox, Pro-se and George
Bush Sr.  in regards to the safety issues of the Aurora Automobile.
Mr. Fox, Pro-se firmly believes That U.S. District Court and/or
U.S. Appeals Court will probably award considerably more than
the $19. 500.00 and the $150,000.00 that Mr. Fox is requesting
as I (Mr. Fox) am famous for undervaluing the net worth of any
situatiion.

G.M. Inc. Was Going to be found in §Contempt of Court for not
responding to a Court Ordered Subpeona [A serious Offense] and
G.M. inc is a Repeat Offender for this litigation and because
they never fixed the problem(s) with the Aurora.

I Trust this clarifies my position.

cc:  Will be sent to U.S. Courts
     if necessary.

Sincerely,

Dana H. Fox, Pro-se

<u>Total</u> Settlemt Figure is $169, 500.00

GX-9

PG-18

10/3/11

Forwarding
Address

Dana H. Fox, Pro-se
1500A Lafayette Rd.
Ports., N.H. 03801

Now 955 MASS-AVE.
#155
CAMBRIDGE, MASS. 02139

Weil, Gotschal & Manges
767 7th Ave.
N.Y., N.Y. 10153-0119

Re: Address Change
Claim: 4287/11385

Att: Joseph Smolinsky

Dear Mr. Smolinsky:

Any Further correspondence must be sent to the forwarding
address listed above.
I have no cell phone or any other means of communication.
I trust the Fax of the settlement statement is sufficient for
the understanding of the situation; It is the only way that
I will remove the motions you allude to and withdraw the Appeal.
I was a consultant, through the Trustees, for G.M. back in the
'60's, GAVE Bob Lutz his Job (reluctantly on his part), based
on the Control he displayed in figure skating: There was a
direction given to build what is the major part of G.M. approximately
60 miles North of Detroit (Wayne County) which is an area that
was described as a waste land.
G.M. accuately owes me Millions and million of dollars, yet that
is a seperate issue to be taken up later.
As you encouraged me to maintain the Compensatory side of this
claim 4287/11385, I believe this settlement is very resonable in
light of the other U.S. Courts possibly assesing Civil and
potential Criminal Fines on top of Mr. Fox's <u>entire</u> claim.

cc: to U.S. Courts if
Necessary

Sincerely
Dana H. Fox, Pro-se

EX-10

PG-19



U.S. POSTAGE
PAID
LEOMINSTER, MA
OCT 12
0153 11
AMOUNT
$0.64
00086142-13

10007

USPS

UNITED STATES
POSTAL SERVICE

U.S. DISTRICT COURT
500 PEARL ST.
N.Y., N.Y. 10007

2011 OCT 17 PM 3:43

RECEIVED
UNITED STATES OF SERVICE

Fox
1560 A LAFAYETTE RD. APT2
PORTS., N.H. 03801

PRO-SE

PG-20

9/23/11

Dana H. Fox, Pro-se
1500A Lafayette Rd.
Portsmouth, N.H. 03801
955 MASS - AVE.
MASS
CAMBRIDGE, MASS. 02139

Catherine Ohagan Wolfe
U.S. Court of Appeals
40 Foley Sq.
N.Y., N.Y. 10007

Re: Appeal ECF# 8291
Claim #4287 4385

Dear Cathrine Ohagan Wolfe and to Whom It May Concern:

Mr. Fox Pro-se made a promise in the '60's not to use computers
at a very elevated level [U.S. Trustees, The Queen, Joe Biden]
after the internet was created and after the Senate Judicary
Committe was formed [Both at Mr. Fox's suggestion].

Mr. Fox is sworn in at several different levels to defend the
Constitution and has sworn an oath to defend the United States
and Great Britain from tyranny.

Mr. Fox, Pro-se had litigated this matter before and has advized
George Bush Sr. on how to proceed against General Motors Inc.
G.M. has never fixed the problem and as such is a repeat offender.
G.M. was about to be found in Contempt of Court in Circuit Court
in Fort Myers, Fla.[case #03-CA-0365], for failure to repond to
a Court Ordered Supeona and Mr. Fox received (three days before
the Contempt Hearing) The Automatic Stay Of Bankruptcy.

Mr. Fox, Pro-se has motioned for this Stay to be lifted as G.M., Inc.
is not bankrupt; And for this case to be removed to U.S. District
court and sent to U.S. Appeals Court for a three Judge review
instead of a one Judge Review in U.S. Ditrict Court.

Mr. Fox Pro-se took Vows of Poverty because the Trustees of this
country owe Mr. Fox so much money they can't afford to pay him.
Mr. Fox had the U.S.Bankruptcy Court established in New York and
any monies owed him can go towards fees, etc.

Please address these issues to the Judges that have reviewed this
before for the sake of a Continuity of Justice and Mr. Fox will
advize the court of his final settlment amount.

Copies of this letter to
Chief Judge Loretta A. Preska
U.S. District Court

Sincerely,
Dana H. Fox, Pro-se

Alot of Mr. Fox's paper work is destroyed and case citation is
difficult

UNITED STATES COURT OF APPEALS

Dana H. Fox, Pro-se        )
       Appellant    )
                   )
V.                  )
                   )     ECF #8291  09 B 50026
General Motors Inc.     )
                   )  Lower Case #09-40026(REG)
Motor Liqidators, et al )
       Appellee    )     Claim #4287 11385

Motion to Reinstate Suspended Appeal

Now comes, Dana H. Fox Pro-se with this motion to reinstate the
suspended appeal concerning Bankruptcy court and the removal
of this matter from Bankruptcy court and the U.S. District Court.
Mr. Fox, Pro-se had pointed out in his pleadings in the lower
courts that General Motors, Inc. is not bankrupt as they are
bailed out by the U.S. Government and as such cannot be allowed
to continue, and never should have been allowed to enter into
Federal Bankruptcy court.
The lower court made provisions for alternate dispute resolution
yet Mr. Fox (Motioned for this) and , never received the opportunity.
There is also the indication in the alledged omnibus decision for
claims to be reclassified, not dismissed.
The U.S. Bankruptcy Court is acting irresponsibly in regards to
it's Judicial reponsibilties to remain  impartial.
Mr. Fox pro-se has filed a motion to Toll the Statute on limitations
as the Bankruptcy court was deceptive in it's alleged omnibus
decision in cancelling Mr. Fox's valid claim yet bringing it
forward at the same time.
The Matter of the Aurora Automobile is litigated before by Mr.Fox
and George Bush Senior (who spent two weeks in the hospital) who
had an accident, and asked Mr. Fox how to proceed against G.M.
These cases are in the Federal Docket record back to the '70's.
Mr. Fox Pro-se has litigated this before at this level and it is
better for three Judges to decide this instead of one Judge in
District Court.
Wherefore, this motion to reinstate the Appeal and remove from
District and Banruptcy Court.

Copy Mailed to Courts        Respectfully Submitted,
and MOtor Liqidators
9/23/11                    Dana H. Fox, Pro-se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

Dana H. Fox, Pro-se )
      Plaintiff/Appellant )
  )
V. )
  )
General Motors, Inc )
Motors Liqidators, et al )
      Defendants/Appellee )

09 B 50026

Case # 09-40026(REG)

Claim # 4287
     11385

### Brief with Motions

Now Comes Mr. Fox Pro-se to incorporate the entire record with
this brief and Declare that General Motors, Inc. by and through
it's representatives, is Not bankrupt as G.M., Inc. is bailed
out by the U.S. Government.

Any person in Bankruptcy Court and District Court and Appeals
Court will have to recuse themselves from any involvement in
this matter as they collectively have a vested interest in the
outcome of this alleged bankruptcy and therefore are not impartial:
So Motioned for recusal of all parties described;  If holding investments.

Mr. Fox, Pro-se is sworn to defend the U.S. Constitution on several
different levels and he Motions the court(s) to recognize their
own resposibilities in regards to their own oaths.

Mr. Fox, Pro-se has repeatedly been denied Just treatment in
Bankruptcy court and the court ignores it's own provisions in
the court's alleged omnibus decision.

Mr. Fox relies on the record and previous pleadings to verify this
to prevent redundancy.

General Motors, Inc. is in contempt of court in Florida Circuit
court and is one hearing away from the Judge's intention to rule
to this effect:  [Failure by G.M. to respond to a court ordered
subpeona].

This farce of alleged Bankruptcy cannot be allowed to continue
And Mr. Fox. Pro-se motions again for claim #4287 to be removed
to District Court for review by the U.S. Court of Appeals [Three
Judges Deciding instead of one judge being burdened].

Wherefore, having repeatedly stating his position in regards to
claim #4287, Mr. Fox Pro-se submits this brief.

A true copy by U.S. Mail to
Courts and Motors Liq.
9/21/11

Respectfully Submitted

Dana H. Fox, Pro-se

PG-23

9/23/11

Dana H. Fox, Pro-se
1500A Lafayette Rd.
Portsmouth, N.H. 03801
955 MASS AVE.
#155
CAMBRIDGE, MASS .02139

Catherine Ohagan Wolfe
U.S. Court of Appeals
40 Foley Sq.
N.Y., N.Y. 10007

Re: Appeal ECF# 8291
Claim #4287

09 B 50026 (REG
14255

Dear Cathrine Ohagan Wolfe and to Whom It May Concern:

Mr. Fox Pro-se made a promise in the '60's not to use computers
at a very elevated level [U.S. Trustees, The Queen, Joe Biden]
after the internet was created and after the Senate Judicary
Committe was formed [Both at Mr. Fox's suggestion].

Mr. Fox is sworn in at several different levels to defend the
Constitution and has sworn an oath to defend the United States
and Great Britain from tyranny.

Mr. Fox, Pro-se had litigated this matter before and has advized
George Bush Sr. on how to proceed against General Motors Inc.
G.M. has never fixed the problem and as such is a repeat offender.
G.M. was about to be found in Contempt of Court in Circuit Court
in Fort Myers, Fla.[case #03-CA-0365], for failure to repond to
a Court Ordered Supeona and Mr. Fox received (three days before
the Contempt Hearing) The Automatic Stay Of Bankruptcy.

Mr. Fox, Pro-se has motioned for this Stay to be lifted as G.M., Inc.
is not bankrupt; And for this case to be removed to U.S. District
court and sent to U.S. Appeals Court for a three Judge review
instead of a one Judge Review in U.S. Ditrict Court.

Mr. Fox Pro-se took Vows of Poverty because the Trustees of this
country owe Mr. Fox so much money they can't afford to pay him.
Mr. Fox had the U.S.Bankruptcy Court established in New York and
any monies owed him can go towards fees, etc.

Please address these issues to the Judges that have reviewed this
before for the sake of a Continuity of Justice and Mr. Fox will
advize the court of his final settlment amount.

Sincerely,
Dana H. Fox, Pro-se

Copies of this letter to
Chief Judge Loretta A. Preska
U.S. District Court

Alot of Mr. Fox's paper work is destroyed and case citation is
difficult

PG 24

UNITED STATES COURT OF APPEALS

Dana H. Fox, Pro-se        )
      Appellant      )
                         )
V.                     )
                        )     ECF #8291  09 B50026
General Motors Inc.     )
                        )  Lower Case #09-40026(REG)
Motor Liqidators, et al )
      Appellee      )     Claim #4287 4385

Motion to Reinstate Suspended Appeal

Now comes, Dana H. Fox Pro-se with this motion to reinstate the
suspended appeal concerning Bankruptcy court and the removal
of this matter from Bankruptcy court and the U.S. District Court.
Mr. Fox, Pro-se had pointed out in his pleadings in the lower
courts that General Motors, Inc. is not bankrupt as they are
bailed out by the U.S. Government and as such cannot be allowed
to continue, and never should have been allowed to enter into
Federal Bankruptcy court.
The lower court made provisions for alternate dispute resolution
yet Mr. Fox (Motioned for this) and , never received the opportunity.
There is also the indication in the alledged omnibus decision for
claims to be reclassified, not dismissed.
The U.S. Bankruptcy Court is acting irresponsibly in regards to
it's Judicial reponsibilties to remain  impartial.
Mr. Fox pro-se has filed a motion to Toll the Statute on limitations
as the Bankruptcy court was deceptive in it's alleged omnibus
decision in cancelling Mr. Fox's valid claim yet bringing it
forward at the same time.
The Matter of the Aurora Automobile is litigated before by Mr.Fox
and George Bush Senior (who spent two weeks in the hospital) who
had an accident, and asked Mr. Fox how to proceed against G.M.
These cases are in the Federal Docket record back to the '70's.
Mr. Fox Pro-se has litigated this before at this level and it is
better for three Judges to decide this instead of one Judge in
District Court.
Wherefore, this motion to reinstate the Appeal and remove from
District and Banruptcy Court.

Copy Mailed to Courts         Respectfully Submitted,
and MOtor Liqidators
9/23/11                    Dana H. Fox, Pro-se

pg-25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

Dana H. Fox, Pro-se                )
            Plaintiff/Appellant    )
                                   )          09 B 50026
V.                                 )
                                   )     Case #09-40026 (REG)
General Motors, Inc.               )
Motors liqidators, et al           )       Claim#4287
            Defendants/Appellees   )
                                   )

MOTION TO WAIVE, BYPASS, EXPUNGE
THE AUTOMATIC STAY OF BANKRUPTCY

Now Comes Plaintiff/Appellant Dana H. Fox, Pro-se to reinforce
to all parties concerned that there can be no Discrimination
towards Mr. Fox Pro-se due to his Vows of Poverty and current
financial situation;  Nor can there be any form of prejudice due
to the amount of money owed to Mr. Fox Pro-se as the Vows of
Poverty were taken in regards to the amount of money owed Mr. Fox.
This lack of invested interest in this country, etc. helps Mr.
Fox pro-se to remain mostly impartial for all decisions and
Oversight that he has interceeded in on behalf of whoever asked
for advice or direction.

No vested interest helps in the face of the corruption that money
and It's influence leads to.

As there is a provision in the alleged Omnibus decision for
cases to be reclassified or returned to other courts;  This is
already referenced by Mr. Fox Pro-se in previous pleadings:
And the Fact that General Motors, Inc. is not Bankrupt, there
cannot be a continuing stay of Bankruptcy as it is against
Common Sense and "Common Law".

Wherefore, Mr. Fox Pro-se files this motion to overide, etc.
The alleged Automatic Stay of Bankruptcy and remove this matter
to U.S. District court as motioned for.

I certify that true copies          Respectfully Submitted,
are served by U.S. Mail to
Bankruptcy Court and                Dana H. Fox, Pro-se
Motor Liqidators on this date:
            9/19/11

PG. 27

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT

Dana H. Fox,                         )
          Plaintiff/Appellant        )          09 B 50026
                                     )     Case #09-40026 (REG)
V. General Motors, Inc.              )
Motors Liquidators, etal             )        Claim #4287
          Defendant/Appellee         )
                                     )

Ammended Appeal and

Motion to Remove this Matter From
         Bankruptcy to
U.S. District Court to be
      Forwarded to the
U.S. Court of Appeals

Now Comes Plaintiff/Appellant Pro-se Dana H. Fox with this
ammended Appeal to correct the claim # from 4286 to the correct
claim number which is #4287:  When David Griffiths called from
[Weils, etc] he gave two different numbers that most probably
caused the mistake, now corrected.

As Mr. Fox, Pro-se is unable to find any case citation in regards
to any enity being allowed to continue in Bankruptcy when that
entity [Individual or Corporation] is bailed out financially;
In this case by the U.S. Government:

Mr. Fox, pro-se believes that this matter exceeds the authority
of the Bankruptcy court and must go to Federal District Court
as it is quite obvious to Mr. Fox, Pro-se that there is "something"
extremely wrong in the manner that this matter is proceeding and
being allowed to proceed under the Juridiction of Bankruptcy
Court.

Wherefore Mr. Fox Pro-se Motions the Bankruptcy Court to remove
this case from Bankruptcy Court Jurisdiction to the Jurisdiction
of the U.S. Federal District court to consider this matter.

Mr. Fox, Pro-se incorporates here-in and attaches a motion to
The U.S. District Court to remove this matter [claim 4287] from
Bankruptcy Court to the U.S. District Court for a Fair and Just
appraisal on the Merits of the Claim and Jurisdiction.

This is mailed to U.S.              Respectfully Submitted,
District court and Motors           Dana H. Fox, Pro-se
Liqidators on this date
9/13/11

PG-28

UNITED STATES BRANKRUPTCY COURT
SOUTHERN DISTRICT

Dana H. Fox, Pro-se                    )
      Plaintiff/Appellant        )
                         )        09 B 500 26
V.                                     )        Lowere Court # 09-40026 (REG)
General Motors, Inc.                   )        Claim # 4286-1
Motors Liqidators, et al              )                4287
      Defendants/Appellees       )

Motion to Waive Any Fees to Proceed
In Forma Pauperis

Now Comes Plaintiff/Appellant Dana H. Fox, Pro-se with this
Motion to waive filing fees and any other fees in regards to this
matter, as Mr. Fox Pro-se has existed under Vows of Poverty for
the last 50 years and as a Volunteer to America waiting, now
for his Just Rewards as his Tour of Duty is up:
Social Security Disability: $663.00 Per Month
Family Estate income: $600.00 Per Month Plus $250.00 Per Month.
There may be alot of Property that the Trustees of the United States
list in Mr. Fox Pro-se's name yet he receives no income from this
and can make no money from this, including your (my) Bankruptcy
Court that the Trustees set up at my order and you (Judge Gerber)
must recall the history of that small feat!?
Mr. Fox Pro-se asked several times to Mr. Diamond on the telephone
(How's Bobby doing at Barclay's?) and asked the court in pleadings
for any forms that apply to this motion and only received a
denial of motions in regards to this instead of being supplied
with what it is that the court requires.
Mr. Fox is on the road in regards to his Oath of 1965 to defend the
United States and Great Britain from Tyranny and to travel in
regards to other promises made to the Trustees.
George Bush Sr. asked My advice years ago on how to proceed against
General Motors as Mr. Fox Pro-se had already prevailed in this
very same issue of the Aurora Automobile and G.M. has never Fixed
the problem(s).
The vehicle in question was returned under G.M.'s repurchase program
but the dealer and G.M. did nothing; Causing Eight-9 years of
litigation.

This matter is none of the              Respectfully Submitted
[Weil,etc. business] and that is
my certificate of service.              Dana H. Fox
                  9/9/11

MR. FOX, PRO-SE HAS ALSO SWORN TO DEFEND THE U.S. CONSTITUTION
SEVERAL TIMES AND LEVELS OVER... I EXPECT YOU TO DO THE SAME.
EX.7-7.

PG-29

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT

Dana H. Fox, Pro-se                    )
        Appellant                      )
                                       )
v.                                     )                Lower Court # 09-40026
                                       )                        09 B 50026
General Motors, Inc.                   )                Claim# 4286
Motors Liqidators, et al               )                      4282
        Appellees                      )

Appeal of August 12, 2010
Decision And
MOTION TO TOLL THE STATUTE OF LIMITATIONS

Now Comes Plaintiff/Appellant with a motion to toll the statute
of limitations in regards to an appeal of an incorrect decision
to expunge Mr. Fox Pro-se's legitimate claim against General
Motors, Inc.:  Mr. Fox was notified of this mistake on 9/7/11
by a call from David Griffiths from  [Weil, etc.] after repeated
calls to Motor Liquidator for Alternate dispute resolution.
Mr. Fox, Pro-se has filed numerous motions for more time to respond
to court papers due to travel responsibilites;  There are also
Motions to recognize the rights of a Pro-se litigant [Does this
court recognize the rights of a pro-se litigant?].
Mr. Fox, Pro-se recalls that the decision of August 12, 2010
appears to be vague and ommissive as it expunges certain cases
yet brings them (the cases) forward indicating that the cases are
still valid:  This is the problem with overwordiness in legal
proceedings where the attempt is to confuse the issue with mis-
representation of what is supposed to be intended.
Mr. Fox Pro-se has also filed for Alternate dispute resolution
and motions here-in for this to be honored.
Mr. Fox Pro-se's matter concerns Public Safety and G.M. was in
contempt of court in the lower court for not responding to a
Court Ordered Subpeona:  This Honorable Court cannot allow G.M.
to get away with this as G.M. is not bankrupt [G.M., Inc. is
bailed out by the U.S. Govt.] and is currently posting a profit
if that can be believed.
Wherefore, Mr. Fox Pro-se motions the court to re-instate this
claim #4286 and assign this matter to non-binding Mediation.

As the court forwards these           Respectfully Submitted,
pleadings to Motor Liqidators
for [Weil, etc] this is the           Dana H. Fox Pro-se
certificate of service, 9/7/11

PG. 30

Dana H. Fox, Pro-se          )
        Plaintiff/Appellant  )
                             )
V.                           )          Lowere Case :  09-50026(Reg)
                             )                Claim #4287
General Motors, Inc.         )
Motors Liqidators, et al     )          Appeal #
        Defendants/ appellee )
                             )

### Addendum

Mr. Fox, Pro-se Submits this addendum for thr Following points:

1). This matter involves the <u>Magnuson-Moss Federal Warranty Act</u>:

      A). A product is suppose to work the way it was, Or is
           intended, or the customer gets their money back...


2). The Aurora Automobile was returned to the dealership  with
    the Title signed over for <u>Re-Purchace</u> by the dealer/General
    Motors, and there is a copy of the title on record.

3). The problem(s) with the Aurora are previously litigated in State
    and Federal Court by Mr. Fox pro-se and George Bush Sr. (Who was
    in the Hospital for two weeks due to an accident in his); Mr. Fox
    was lucky and was able to get the vehicle back under control.

4). This is a public safety matter and does not belong in
    Bankruptcy Court.

5.) General Motors was going to be found in Contempt of Court
    in Florida Circuit Court in Lee Conty Florida for Failure to
    respond to a court Ordered Subpoena:  Enter the Automatic
    Stay Of Bankruptcy.

Wherefore, Mr. Fox Pro-se motions for this matter to go to the
Court of Appeals.

Affidavit of Service:  *D.H.Fx*
I certify that a true copy is                    Respectfully Submitted,
served by U.S. Mail on this date 2/16/11          *D.H.Fx*
to Appeals and Bankruptcy Court                  Dana H. Fox Pro-se
and Motors Liquidators for G.M.'S, Inc.
Attorneys

pa-31

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT

Dana H. Fox, Pro-se )
            Plaintiff )
    V.                )
                      )     Lower Court # 09-50026(REG)
General Motors, Inc   )          Claim #4287
Motors Liqidators, et al )               4287
            Defendants )
                      )

### Notice to Suspend Appeal

Now Comes Plaintiff Pro-se Dana H. Fox with this notice to suspend the pending Appeal:

1). Pending the outcome of the re-classification of claims.

2). Pending someone contacting Mr. Fox Pro-se with an offer of settlement.

3). Pending the Honorable court of Bankruptcy notifying Mr. Fox Pro-se that this is the outcome of the March 1, 2011 Hearing on the motion for an order reclassifying claims.

Mr. Fox Pro-se reserves his right to re-establish the Appeal if no offer of settlement if forthcoming etc.

Wherefore Mr. Fox, Pro-se motions to suspend and temporarily withdraw the Appeal until a settlement offer is agreed upon.

Respectfylly Sybmitted,

Dana H. Fox, Pro-se

I certify that a true copy
is served by U.S. Mail on
this date to    3/4/11
Appeals Court
Motors liqidators for
General Motors, Inc and their Attorneys (Please Forwaed to
                                         the Attorneys).
D.H. Fx

I CERTIFY A COPY
IS SERVED BY U.S. MAIL 3/4/11
TO THE ATTORNEY, N.Y.
D.H.F.

PG-32

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :
In re                                       :        **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*  :
                                            :        **(Jointly Administered)**
                        **Debtors.**        :
------------------------------------------------------------x
                                            :
**DANA H. FOX,**                            :        **Case No. 1:11-cv-09087-SAS**
                                            :
                        **Appellant,**      :
                                            :
        **v.**                              :
                                            :
                                            :
**MOTORS LIQUIDATION COMPANY**              :
**GUC TRUST,**                              :
                                            :
                        **Appellee.**       :
------------------------------------------------------------x

## MOTORS LIQUIDATION COMPANY GUC TRUST'S
## OPPOSITION TO APPELLANT'S MOTIONS TO PROCEED IN
## FORMA PAUPERIS AND FOR LATE ENTRY (TOLL STATUTE OF LIMITATIONS)

*Joseph H. Smolinsky*          **WEIL, GOTSHAL & MANGES LLP**
*David N. Griffiths*           767 Fifth Avenue
*Brianna Benfield*             New York, New York 10153
                               212-310-8000 (T)
                               212-310-8007 (F)

                               *Attorneys for Motors Liquidation Company*
                               *  GUC Trust – Appellee*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 2

BACKGROUND ............................................................................................................. 3

    A.    The Debtors' Chapter 11 Cases .................................................................... 4

    B.    The Fox Proofs of Claim.............................................................................. 4

    C.    The Bankruptcy Court Orders...................................................................... 5

    D.    The GUC Trust's Settlement Offer.............................................................. 6

    E.    The Motion.................................................................................................... 6

ARGUMENT .................................................................................................................. 7

    A.    The Motion Should be Denied and the Appeal Should be Dismissed
          because the Appeal is Untimely.................................................................... 7

    B.    Appellant's Request to Proceed In Forma Pauperis Should be Denied
          because the Appeal is Futile ........................................................................ 8

CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re The Bennett Funding Group, Inc.*,
    439 F.3d 155 (2d Cir. 2006)............................................................................11

*In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*,
    160 B.R. 882 (Bankr. S.D.N.Y. 1993)...........................................................10

*Nance v. Kelly*,
    912 F.2d 605 (2d Cir. 1990) (per curiam).........................................................9

*Neitzke v. Williams*,
    490 U.S. 319 (1989).........................................................................................9

*Osuch v. Gregory*,
    303 F. Supp. 2d 189 (D. Conn. 2004)..............................................................9

*Simon v. Emigrant Sav. Bank (In re Siemon)*,
    421 F.3d 167 (2d Cir. 2005).............................................................................7

**STATUTES**

11 U.S.C. § 363.......................................................................................................4

11 U.S.C. § 506(a).................................................................................................10

11 U.S.C. § 507(a).................................................................................................11

11 U.S.C. § 553.....................................................................................................10

11 U.S.C. § 1129(b)................................................................................................4

28 U.S.C. § 1915(e).................................................................................................9

28 U.S.C. § 1915(e)(2).............................................................................................9

28 U.S.C. § 1915(e)(2)(B)(ii)..................................................................................9

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 3020............................................................................................4

Fed. R. Bankr. P. 8002......................................................................................2, 5

Fed. R. Bankr. P. 8002(a).......................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

Fed. R. Bankr. P. 8002(c)(1).............................................................................................................7

Fed. R. Bankr. P. 8002(c)(2).............................................................................................................7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                       :

In re                            :         **Chapter 11 Case No.**
                                        :

**MOTORS LIQUIDATION COMPANY**, *et al.*,   :        **09-50026 (REG)**
         **f/k/a General Motors Corp.,** *et al.*   :
                                        :        **(Jointly Administered)**
                    **Debtors.**         :

---------------------------------------------------------------x
                                         :

**DANA H. FOX,**                       :        **Case No. 1:11-cv-09087-SAS**
                                           :

                   **Appellant,**        :

v.                                      :

**MOTORS LIQUIDATION COMPANY**
**GUC TRUST,**                           :

                   **Appellee.**        :
---------------------------------------------------------------x

## MOTORS LIQUIDATION COMPANY GUC TRUST'S OPPOSITION TO APPELLANT'S MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR LATE ENTRY (TOLL STATUTE OF LIMITATIONS)

TO THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT COURT JUDGE:

         The Motors Liquidation Company GUC Trust (the "**GUC Trust**") hereby submits

this opposition to Appellant's Motion for Late Entry (Toll Statute of Limitations) and Motion to

Proceed In Forma Pauperis (the "**Motion**").[1]  In support hereof, the GUC Trust respectfully

represents:

---

[1] The Motion appears twice on this Court's docket, at ECF Nos. 3 and 4.  Appellant has filed
multiple motions on the Court's docket that overlap.  This opposition responds to what appears
to be the principal motions on the Court's docket, though is intended to cover all related
pleadings.

## PRELIMINARY STATEMENT

Dana H. Fox ("**Appellant**") is a claimant in the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain affiliated debtors (collectively, including MLC, the "**Debtors**") currently pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  In 2009 Appellant filed two proofs of claim in the Debtors' chapter 11 cases relating to Appellant's purchase of an allegedly faulty General Motors vehicle at some point prior to 2003, and misinformation allegedly provided to Appellant during that vehicle purchase.

On August 12, 2010, the Bankruptcy Court issued an Order Granting Debtors' Twenty-Fifth Omnibus Objection To Claims (Amended and Superseded Claims) (Bankr. ECF No. 6626) (the "**Consolidation Order**"), which expunged the Original Fox Claim (as defined herein) for being amended and superseded by the subsequently filed Second Fox Claim (as defined herein).  On March 9, 2011, the Bankruptcy Court issued the Order Granting Debtors' 191st Omnibus Objection To Claims (Incorrectly Classified Claims) (Bankr. ECF No. 9692) (the "**Reclassification Order**") reclassifying the Second Fox Claim from a secured claim to a general unsecured claim and reserving the Debtors' rights to object to the reclassified Second Fox Claim on any other grounds.

Appellant did not commence a timely appeal of either the Consolidation Order or the Reclassification Order under the time limits set forth in Rule 8002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Rather, Appellant commenced the instant appeal (the "**Appeal**") more than fifteen months after the Consolidation Order and more than eight months after the Reclassification Order.  As such, the Appeal is untimely, this Court lacks jurisdiction over the appeal, and the Appeal must be dismissed.

Even if the Appeal were timely, Appellant's request to proceed *in forma pauperis* contained in the Motion should be denied because the Appeal is futile and fails to state a claim on which relief can be granted.  In addition to the Appeal being untimely, there is no colorable argument that the Bankruptcy Court erred in granting the Consolidation Order or the Reclassification Order.  The underlying Second Fox Claim asserts damages of approximately $19,500.00 for costs related to Appellant's vehicle, and an unliquidated claim for his time in litigating with General Motors Corporation prior to the chapter 11 filings.  As indicated in the attachments to the Motion, the Debtors were prepared to allow Appellant's claim in the full amount of $19,500.00 but do not believe that any claim for "litigation time" is warranted or permissible under applicable law.  As also noted in Appellant's attachments, this proposal was rejected by Appellant.  As a result of this Appeal, the Debtors have been unable to seek to have the Bankruptcy Court fix and allow the Second Fox Claim at $19,500.00.  The Debtors respectfully submit that this matter should be sent back to the Bankruptcy Court in order to allow the Second Fox Claim to be liquidated.

## BACKGROUND

### A.    The Debtors' Chapter 11 Cases

1.    On June 1, 2009, MLC and three other Debtors each commenced a voluntary case under title 11 of the United States Code (the **"Bankruptcy Code"**) in the Bankruptcy Court.[2] On July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors LLC), a United States Treasury-sponsored purchaser,

---

[2] In addition, on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company commenced with the Bankruptcy Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG).

pursuant to section 363 of the Bankruptcy Code and that certain Amended and Restated Master

Sale and Purchase Agreement (Bankr. ECF No. 2968).[3]

      2.      On September 16, 2009, the Bankruptcy Court entered an order (the "**Bar Date**

**Order**") establishing November 30, 2009, as the deadline for each person or entity to file a proof

of claim in the Debtors' cases, including governmental units (Bankr. ECF No. 4079).

      3.      On March 29, 2011, the Bankruptcy Court entered its Findings of Fact,

Conclusions of Law, and Order Pursuant to Sections § 1129(b) of the Bankruptcy Code and Rule

3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint

Chapter 11 Plan (the "**Confirmation Order**") (Bankr. ECF No. 9941), which, among other

things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**") (Bankr.

ECF No. 9836). The Plan became effective on March 31, 2011 (Bankr. ECF No. 10056).

Among other things, the Plan created the GUC Trust which has the exclusive authority to

prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

(Plan § 6.2).

    **B.**    **The Fox Proofs of Claim**

      4.      On August 28, 2009, Appellant wrote to the Bankruptcy Court requesting that the

automatic stay in place as a result of the Debtors' chapter 11 cases be lifted to allow Appellant to

proceed with a lawsuit he had commenced against the Debtors in Florida in 2003 (Bankr. ECF

No. 3979). By Order dated September 21, 2009 (Bankr. ECF No. 4084), the Bankruptcy Court

ruled that Appellant's correspondence should be treated as a proof of claim, which was accorded

Proof of Claim No. 1459 (the "**Original Fox Claim**").

---

[3] Documents cited as Bankr. ECF No. __ refer to documents appearing on the docket of Chapter 11 Case No. 09-50026 (REG). All documents are publicly available free of charge at www.motorsliquidationdocket.com, or upon request to counsel to the Debtors.

5.    On October 16, 2009, Appellant filed Proof of Claim No. 11385 with the

Bankruptcy Court with two components: (i) a secured claim in the amount of $19,500, and (ii)

an unliquidated general unsecured claim for "6 years litigation time," relating to an alleged faulty

vehicle and misinformation provided to Appellant during its purchase (the "**Second Fox Claim**,"

and, together with the Original Fox Claim, the "**Fox Proofs of Claim**").

### C.    The Bankruptcy Court Orders

6.    In the course of administering their estates, on June 30, 2010, the Debtors filed a

motion (Bankr. ECF No. 6232) (the "**Consolidation Motion**") seeking an order disallowing and

expunging the Original Fox Claim on the basis that the Original Fox Claim had been amended

and superseded by the Second Fox Claim. Appellant did not submit any opposition to the

Consolidation Motion. After notice and a hearing, on August 12, 2010, the Bankruptcy Court

issued the Consolidation Order, which granted the Consolidation Motion and expunged the

Original Fox Claim.

7.    Appellant did not file a notice of appeal with respect to the Consolidation Order

during the 14-day period afforded to claimants under Bankruptcy Rule 8002 (Time for Filing

Notice of Appeal). On December 17, 2010, Appellant filed a document styled Notice of Appeal

and Motions (Bankr. ECF No. 8291), which does not identify the Consolidation Order, or any

other order. In February 2011 Appellant filed two more motions for leave to appeal with the

Bankruptcy Court (Bankr. ECF No. 9568 and 9569), and on March 7, 2011, Appellant filed a

Notice to Suspend and Temporarily Withdraw Appeal (Bankr. ECF No. 9668).

8.    On January 27, 2011, the Debtors moved the Bankruptcy Court to reclassify the

Second Fox Claim from a secured claim to a general unsecured claim (Bankr. ECF No. 8897)

(the "**Reclassification Motion**"). On March 9, 2011, the Bankruptcy Court issued the

Reclassification Order granting the Reclassification Motion. Despite notice and a hearing,

Appellant did not oppose the Reclassification Motion, nor did he appeal the Reclassification

Order within the 14-day period required under the Bankruptcy Rules.

9.      On September 12, 2011, Appellant filed a document styled Appeal of August 12,

2010 Decision and Motion to Toll the Statute of Limitations (Bankr. ECF No. 10881), which was

transferred to this Court on December 13, 2011, (ECF No. 1).

### D.      The GUC Trust's Settlement Offer

10.      On September 27, 2011, the GUC Trust's counsel contacted Appellant by

telephone to discuss the Second Fox Claim and told Appellant that it was willing to allow the

Second Fox Claim as a general unsecured claim in the amount of $19,500.00, representing the

full amount of actual and permitted damages.[4]  The GUC Trust's counsel explained to Appellant

(i) how claims are treated under the Plan; (ii) that many creditors in the Debtors' chapter 11

cases have faced the frustrations of litigation; and (iii) that litigation costs and damages for time

spent in litigation could not be recovered from the GUC Trust.  On September 28, 2011, counsel

for the GUC Trust sent Appellant a letter (the "**Settlement Offer**"), a copy of which is contained

at Page 16 of the Motion, reiterating the offer of an allowed claim, and further providing a fact

sheet explaining the distribution mechanism for general unsecured creditors under the Plan.

11.      On September 30, 2011, Appellant rejected the Settlement Offer via a letter, a

copy of which is also annexed to the Motion, stating that he refused the treatment afforded to

similarly situated creditors under the Plan, he requires any distribution to be made at the full cash

amount (even if provided in stock and warrants), and that his unliquidated claim for litigation

time is a six-figure sum.

---

[4] Federal Rule of Evidence 408 does not preclude discussion of the Settlement Offer as
Appellant has made the proposal an issue in the Motion.

### E.     The Motion

12.     On February 6, 2012, Appellant filed the Motion with this Court and the United States Court of Appeals for the Second Circuit.  It is unclear what relief Appellant seeks in the Motion, other than, as suggested by the title, to proceed *in forma pauperis*.  The Motion attaches several filings Appellant made in the Bankruptcy Court over the years and Appellant's correspondence with counsel for the GUC Trust regarding the Settlement Offer.

### ARGUMENT

### A.     The Motion Should Be Denied and the Appeal Should be Dismissed Because the Appeal is Untimely

13.     Bankruptcy Rule 8002(a) states that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).  "[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"  *Simon v. Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005).

14.     The Bankruptcy Rules state that "[t]he *bankruptcy judge* may extend the time for filing the notice of appeal by any party" unless certain criteria are met.  Fed. R. Bankr. P. 8002(c)(1) (emphasis added).  The Bankruptcy Rules do not contain any provision allowing a district court judge to extend the time for filing a notice of appeal.  Further, the Bankruptcy Rules state:

> A request to extend the time for filing a notice of appeal must be made by written motion filed *before the time for filing a notice of appeal has expired*, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.  An extension of time for filing a notice of appeal may not exceed 21

> days from the expiration of the time for filing a notice of appeal
> otherwise prescribed by this rule or 14 days from the date of
> entry of the order granting the motion, whichever is later.

Fed. R. Bankr. P. 8002(c)(2) (emphasis added).

15.    Appellant did not file a notice of appeal with the Bankruptcy Court, or any other court, within fourteen days of the Consolidation Order, the Reclassification Order, or any other Bankruptcy Court order related to Appellant's filings with the Bankruptcy Court.  Appellant filed his first purported notice of appeal on December 17, 2010 (Bankr. ECF No. 8291), more than five months after the Bankruptcy Court issued the Consolidation Order, and an appeal was not actually commenced with this Court until December 13, 2011, fifteen months after the Bankruptcy Court issued the Consolidation Order.

16.    Similarly, Appellant did not file a request to extend the time for filing a notice of appeal with the Bankruptcy Court, or with any other Court, before the time for filing a notice of appeal expired with respect to the Consolidation Order, the Reclassification Order, or any other Bankruptcy Court order related to Appellant's filings with the Bankruptcy Court.  Appellant also failed to request an extension of the time for filing a notice of appeal within 21 days after the expiration of the time for filing a notice of appeal, much less make any showing of excusable neglect.  To the extent the Motion seeks leave to appeal the Consolidation Order beyond the required time frame, Appellant has shown no cause for his seventeen month delay in seeking such relief.  Even if Appellant had shown cause for his relief, the deadlines set forth for commencing an appeal under Bankruptcy Rule 8002 are jurisdictional and because Appellant did not comply with those deadlines, this Court has no jurisdiction over this appeal.  *Simon*, 421 F.3d at 169.  Accordingly, the Motion should be denied in its entirety and the Appeal should be dismissed.

**B.      Appellant's Request to Proceed *In Forma Pauperis* Should be Denied because the Appeal Is Futile**

17.      Even if the Appeal were timely, Appellant's request to proceed *in forma pauperis*

should be denied and the Appeal should be dismissed because it is futile.  The federal *in forma*

*pauperis* statute, as codified in title 28 of the United States Code, provides, in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i)    is frivolous or malicious;
>         (ii)   fails to state a claim on which relief may be granted;
> or
>         (iii)  seeks monetary relief against a defendant who is
> immune from such relief.

28 U.S.C. § 1915(e)(2).  An appeal is "frivolous" if either "the 'factual contentions are clearly

baseless,' such as when allegations are the product of delusion or fantasy," or "the claim is

'based on an indisputably meritless legal theory.'"  *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.

1990) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  A claim is based on

an "indisputably meritless legal theory" if it lacks an arguable basis in law.  *Osuch v. Gregory*,

303 F. Supp. 2d 189, 191 (D. Conn. 2004) (citing *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir.

1990) (per curiam)).  A claim seeking redress for a nonexistent legal interest is an example

offered by the Supreme Court as a claim that would be properly dismissed under 28 U.S.C.

§ 1915(e) because it is based on an indisputably meritless legal theory.  *See Neitzke*, 490 U.S. at

327; *see also Nance*, 912 F.2d at 606.  In addition, an appeal that fails to state a claim on which

relief may be granted must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), if "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief."  *Osuch*, 303 F. Supp. 2d 191 (quoting *Cruz*, 202 F.3d at 597).

18.    The Appeal is frivolous and fails to state a claim on which relief may be granted
for several reasons.  First, it is unclear precisely what relief Appellant is seeking.  The document
commencing this Appeal states that it is an "Appeal of August 12, 2010 Decision."  As noted
above, the Consolidation Order, entered on August 12, 2010, only expunged the Original Fox
Claim because it was amended and superseded by the Second Fox Claim.  The Second Fox
Claim still survives.

19.    There is no arguable basis in law or fact suggesting that the Bankruptcy Court
erred in issuing the Consolidation Order.  Prior to filing the Consolidation Motion, the Debtors
carefully analyzed the Original Fox Claim and the Second Fox Claim and determined that the
Original Fox Claim had been amended and superseded by the subsequently filed Second Fox
Claim.  Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re
Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894
(Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally
disallowed.").  Accordingly,  to avoid the possibility of multiple recoveries by the same creditor,
the Debtors sought Bankruptcy Court approval via the Consolidation Motion to disallow and
expunge the Original Fox Claim in its entirety.  The Second Fox Claim remains on the claims
register, subject to further objections on any other basis.  Appellant did not oppose the
Consolidation Motion and provides no coherent arguments that support reversal of the
Consolidation Order.

20.    To the extent Appellant seeks to challenge the Reclassification Order, there is
similarly no arguable basis in law or fact suggesting that the Bankruptcy Court erred in issuing
the Reclassification Order because Appellant cannot provide any colorable argument that he has
a secured claim.  Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant

Case 1:11-cv-09087-SAS Document 6 Filed 05/07/12 Page 15 of 17

part, as an "allowed claim of a creditor secured by a lien on property in which the estate has an

interest, or that is subject to setoff under section 553 . . . to the extent of the value of such

creditor's interest in the estate's interest in such property." *Id.* § 506(a). Prior to filing the

Reclassification Motion, the GUC Trust reviewed the Second Fox Claim and determined that

Appellant improperly asserted a secured claim because the Second Fox Claim (i) was not secured

by a lien on property in which the estate had an interest or subject to setoff under section 553 of

the Bankruptcy Code; (ii) was not on account of obligations owed on goods received by the

Debtors within 20 days before the commencement of their respective chapter 11 cases; and (iii)

was not entitled to priority status under any of the subsections of section 507(a) of the

Bankruptcy Code. Accordingly, the bases upon which the Debtors sought relief from the

Bankruptcy Court for an order reclassifying the Second Fox Claim as a general unsecured claim

cannot reasonably be contradicted. Appellant did not oppose the Reclassification Motion and

has not set forth any argument that supports reversal of the Reclassification Order.

21.     To the extent Appellant believes that the Second Fox Claim is worth more than

the allowed general unsecured claim of $19,500.00 the GUC Trust offered Appellant via the

Settlement Offer, such issue is not before this Court. The GUC Trust has not yet sought – and

the Bankruptcy Court has not issued – any orders disallowing any portion of the general

unsecured claim asserted in the Second Fox Claim. Until there is an order denying any portion

of Appellant's claim, the issue of the value of Appellant's claim is not ripe for appeal. *See In re

The Bennett Funding Group, Inc.*, 439 F.3d 155 (2d Cir. 2006) (a final order in a bankruptcy case

becomes ripe for appeal when nothing is left for the bankruptcy court to decide on the issue).

22.     It would be inequitable to require the GUC Trust to suffer the cost of defending

this untimely and frivolous appeal. The GUC Trust possesses very limited resources with which

to administer claims and the administration of such claims already includes a number of other

appeals. The GUC Trust's scarce resources would be better spent on disputes that are not

untimely and so patently lacking in merit. While the Court clearly has discretion to condition

dismissal on whether Appellant satisfies the prerequisites for an appeal, such as the payment of

court fees, the GUC Trust submits that an exercise of such discretion is not appropriate here

because the appeal is untimely, frivolous, and fails to state a claim on which relief may be

granted. Accordingly, the GUC Trust requests that the Court dismiss Appellant's Motion and the

Appeal with prejudice.

## CONCLUSION

Wherefore the GUC Trust respectfully requests an order denying the Motion,

dismissing the Appeal, and granting such other and further relief as is just.

Dated:    New York, New York
          March 7, 2012

WEIL, GOTSHAL & MANGES LLP
Attorneys for Motors Liquidation Company
 GUC Trust – Appellee

By: /s/ Joseph H. Smolinsky
    Joseph H. Smolinsky
    A Member of the Firm
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

## CERTIFICATE OF SERVICE

I, Edward Wu, certify under penalty of perjury that I am over the age of eighteen and am not a party to the above-captioned proceeding.  On March 7, 2012, I caused a true and correct copy of the foregoing MOTORS LIQUIDATION COMPANY GUC TRUST'S OPPOSITION TO APPELLANT'S MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR LATE ENTRY (TOLL STATUTE OF LIMITATIONS) to be served by FedEx, unless otherwise indicated, upon the parties that are listed below.

| | |
|---|---|
| Mr. Dana H. Fox<br>1625-2 Parkmeadows Dr.<br>Fort Myers<br>FL 33907-4600<br><br>Mr. Dana H. Fox<br>2169 Dominica Ave<br>Fort Myers<br>FL 33905<br><br>Mr. Dana H. Fox<br>955 Mass. Ave # 155<br>Cambridge<br>MA 02139 | Tracy Hope Davis, Esq.<br>Office of the U.S. Trustee<br>For the Southern District of NY<br>33 Whitehall St., 21st Floor<br>New York, New York 10004<br>(by Federal Express Mail Only) |
| The United States Department of the Treasury<br>1500 Pennsylvania Avenue NW, Room 2312<br>Washington, DC 20220<br>Attn: Joseph Samarias, Esq.<br>(by Federal Express Mail Only) | GUC Trust Administrator<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890-1615<br>Attn: Corporate Trust Administration<br>(by Federal Express Mail Only) |

/s/ Edward Wu
Edward Wu

**<u>EXHIBIT D</u>**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

DANA H. FOX,

                          Appellant,

    - against -

MOTORS LIQUIDATION COMPANY,

                          Appellee.

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/12

**ORDER**

**11 Civ. 9087 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Appellant Dana H. Fox, proceeding pro se, has filed motions to proceed *in forma pauperis* and for late entry (toll statute of limitations). Although these motions are dated February 6, 2012 on the Court's ECF docket, appellee's counsel has represented to the Court that it did not receive these motions until February 16, 2012. Accordingly, the appellee may have until March 7, 2012, in which to oppose the motions. The appellant may have until March 16, 2012, in which to submit a reply, if any. These dates are fixed and not subject to adjournment for any reason.

                                 SO ORDERED:

                                 Shira A. Scheindlin
                                 U.S.D.J.

Dated:     New York, New York
           February 17, 2012

## - Appearances -

**Appellant (Pro Se):**

Dana H. Fox
1500A Lafayette Road, Apt. # 192
Portsmouth, NH 03801

**For Appellee:**

Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8767