UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | **DECLARATION** |
|  | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.* : | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**Michael Hounshel,** declares pursuant to 28 U.S.C. 1746 as follows:

1. I am a Facility Manager with Relco Systems, Inc. ("Relco") in Bedford, Indiana. Relco is a corporation which owns property located at 50 M. Street, Bedford, Indiana ("the Relco Property"). I now submit this declaration in opposition to the motion of the Motors Liquidation Company GUC Trust (the "GUC Trust") to disallow a Proof of Claim filed by Relco (Claim No. 70019).

2. Relco's Proof of Claim alleges that the GUC Trust is liable for the destruction of the property value of the Relco Property because of contamination from the nearby "Old GM" facility at or about 105 GM Drive, Bedford, Indiana.

3. GUC Trust's motion papers asserts without any factual basis whatsoever that Relco's claim may be disallowed pursuant to Section 502(e)(1)(B) because Relco's claim (1) is a claim for reimbursement or contribution of "potential" costs or expenses; (2) Relco is "co-liable" with the Debtors on the claim of a third party; and (3) Relco's claim is "contingent" at the time

of the allowance or disallowance. *See,* the GUC Trust's Objection to Proofs of Claim, pages 4-7. All of these assertions are false.

4. Relco does not seek recovery for "potential" costs or expenses (emphasis added) related to environmental contamination at the Relco Property for which the GUC Trust may be liable, through contribution or otherwise, in the future. As summarized below, Relco seeks recovery for property damages already incurred and still being incurred at the Relco Property, as well as for investigation and cleanup costs, based on the best information available to Relco at this time.

5. Second, contrary to GUC Trust's assertion, Relco is not co-liable with the Debtor for the contamination caused to the Relco Property. Relco is not responsible for the well-documented and significant soil and/or ground water contamination arising from and out of the General Motors facility located near the Relco Property. Upon information and belief, only the GUC Trust and/or its affiliates are responsible for this contamination and there is no factual basis whatsoever to assert that Relco is also responsible for this contamination.

6. Finally, it is well documented that "Old GM" caused massive environmental contamination on and from its facility close to the Relco Property. A copy of a voluminous summary of the significant and widespread amount of environmental investigation and remediation work to date as a result of the "Old GM" operations (obtained from the United States Environmental Protection Agency website) is attached hereto as **Exhibit A.**

7. While Relco has not yet conducted soil and ground water testing on the Relco Property, I know that the former Apostolic Holiness Tabernacle property, located at 130 M. Street, Bedford, Indiana ("the Church Property"), immediate adjacent to the Relco Property, has environmental issues on it for which GUC Trust is liable. A diagram showing the approximate

footprints of the Relco Property, the Church Property, and the General Motors facility, is attached hereto as **Exhibit B.**

8. Upon information and belief, the Church Property has been acquired by General Motors and/or the GUC Trust so that environmental work can be done there. See **Exhibit C.** The Church Property is no longer the site of the Apostolic Holiness Tabernacle. In addition, on several occasions, I have personally witnessed environmental professionals in "spacesuits" on-site of the Church Property boring holes in the soil and taking environmental samples at the Church Property. This activity - - immediately adjacent to the Relco Property -- has occurred on more than one occasion, and upon information and belief, is ongoing.

9. Given the above, and given the significant amount of environmental testing and cleanup work that is has been done by the GUC Trust all around the Relco Property, I respectfully submit that there is a strong factual basis for Relco's claim that "Old GM" polluted the entire area and that the GUC Trust is liable to Relco for the destruction of the value of the Relco Property.

10. Accordingly, there is no basis for GUC Trust's allegation that Relco's claim is contingent. It is not triggered by the occurrence of a future event. This damage has already occurred and is continuing to occur to this day.

11. For all of the above reasons, I respectfully submit that the GUC Trust's motion to disallow Relco's Proof of Claim should be denied in all respects.

12. I declare that the foregoing statements are true under penalty of perjury.

Dated April 18, 2012

/s Michael Hounshel
───────────────────────────
**Michael Hounshel**

Doc #1687533.1