Dear Honorable Robert E. Gerber,

I, Clyde Jackson am writing you to ask if you would please review my case. I have had surgery on both wrist. I had a complete joint replacement on my left wrist. The joints are fussed together and I can't move it backward and forward. I had this surgery on March 2010. I had surgery on my right wrist and it left me with three screws in my right wrist. I need to keep my workman compensation case open. I am in constant pain in both of my wrist. Would you please consider keeping me under workman compensation.

I am: Clyde Jackson at 3197 Lower River Rd. S.E., Decatur, Alabama 35603-5605

My claim # is 61751

Thank you
Clyde Jackson

P.S. I have a life time workman compensation coverage.

# IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

CLYDE JACKSON,                                )
                                             )
     PLAINTIFF,                         )
                                             )
VS.                                          )    CIVIL ACTION NO. CV 90-496
                                             )
GENERAL MOTORS CORPORATION,                  )
SAGINAW DIVISION,                            )
                                             )
     DEFENDANT.                         )

## SATISFACTION OF JUDGMENT

This will certify that the judgment in the above case has been satisfied and that court costs have been paid in full.

THIS _3_ day of ___Feb___, 199_4_

_____Charles Page, Jr_____
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

| | | |
|---|---|---|
| CLYDE JACKSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. CV 90-496 |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | |
| SAGINAW DIVISION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## RECEIPT

Received of Saginaw Division, General Motors Corporation, its draft in the amount
of Sixteen Thousand and No/100 ($16,000.00) Dollars in full payment, satisfaction, and
accord of the lump sum settlement in the above cause.

This the _12_ day of _Jan_____, 199_4_.


_Clyde Jackson_
PLAINTIFF/EMPLOYEE

FILED IN
OFFICE
04 FEB -3 AM 9: 26

IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

| | | |
|---|---|---|
| CLYDE JACKSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. CV 90-496 |
| | ) | |
| GENERAL MOTORS CORPORATION, | ) | |
| SAGINAW DIVISION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## SETTLEMENT AGREEMENT

The undersigned being the only parties interested in the above matter, hereby petition the Court for approval of this petition for settlement and settlement agreement and as such do represent to the Court as follows:

1.    That the parties, Clyde Jackson and Saginaw Division, General Motors Corporation, are subject to the provisions of the Workmen's Compensation Act of the State of Alabama as last amended, and that the plaintiff is over the age of nineteen (19) years and resides in Decatur, Morgan County, Alabama, and can read and understand the English language. On or about to-wit: on several occasions, the dates of which are uncertain and in dispute, the plaintiff, while employed by the defendant, did allegedly sustain injuries and/or diseases to various body parts, including his neck, shoulders, elbows, wrists and hands. The plaintiff has been treated by numerous physicians including Dr. Masear, an orthopedic surgeon of Birmingham, Alabama. A copy of the last office note of Dr. Masear is attached hereto and incorporated herein by reference. The plaintiff returned to work after his injuries and/or diseases and worked for considerable periods of time and is now working for the defendant.

2.    The defendant-employer has paid to date medical and surgical benefits as

provided by said Workmen's Compensation Act on behalf of the plaintiff-employee in an amount equal to or greater than $10,298.48. The defendant-employer has paid the plaintiff-employee temporary total disability benefits for 58 weeks and 3 days in an amount equal to or greater than $19,386.14.

3. The plaintiff-employee, through his attorney, along with the defendant, through its attorney, agree that this is a disputed claim as to the nature and extent of any permanent loss of ability to earn, if any, sustained by the plaintiff-employee as a result of the alleged job related injuries and/or diseases which have occurred during the plaintiff's employ with the defendant up to the date of the execution of this agreement.

4. In the spirit of compromise the parties have agreed upon a lump sum settlement whereby the defendant-employer will pay to the plaintiff-employee the sum of Sixteen Thousand and No/100 ($16,000.00) Dollars, which the defendant-employer is willing to pay and the plaintiff-employee is willing to accept, in full payment, satisfaction and accord of any and all claims for and on account of said alleged injuries and/or diseases occurring while in the employ of the defendant up to the day of the execution of this agreement which he might have under the Workmen's Compensation Law of the State of Alabama, including any claims for temporary or permanent disability compensation benefits.

5. The payment described above shall be paid by the defendant-employer to the plaintiff-employee in full payment, satisfaction and accord of any and all claims for compensation benefits either temporary or permanent on account of said alleged injuries and/or diseases occurring while in the employ of the defendant up to the day of the execution of this agreement as he might have under the Workmen's Compensation Act of the State of Alabama or otherwise against the defendant.

6.  When the payment hereinabove referred to has been made, the defendant-employer shall be and is hereby released and discharged from any and all claims and liabilities for compensation benefits on account of said alleged injuries and/or diseases occurring while in the employ of the defendant up to the day of the execution of this agreement as he might have under the Workmen's Compensation Act of the State of Alabama as last amended or otherwise.  Medical benefits shall remain in effect as required by the Workmen's Compensation Act.

7.  The plaintiff-employee agrees to present himself for examination or if physically unable to do so to submit to examination by the physician or physicians designated by the defendant-employer when requested.

8.  This settlement agreement contains the entire agreement between the parties hereto and is substantially in accordance with the Workmen's Compensation Act of the State of Alabama.

DONE and DATED at _____Athens_____, Alabama, on this the _____13ᵗ_____ day of _____December_____, 1993.

_____
PLAINTIFF-EMPLOYEE, who has
read this agreement and been
advised by his attorney as to
its content and meaning

_____
HENRY L. THOMPSON, who has read
this agreement and advised
plaintiff of its content
and meaning

IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

CLYDE JACKSON,                          )
                                        )
     PLAINTIFF,                        )
                                        )
VS.                                     )   CIVIL ACTION NO. CV 90-496
                                        )
GENERAL MOTORS CORPORATION,             )
SAGINAW DIVISION,                       )
                                        )
     DEFENDANT.                        )

## FINDINGS OF FACT AND JUDGMENT

Upon a reading of the above and foregoing settlement agreement and being fully advised of the premises, and it appearing that the allegations of said settlement agreement are true and truly represent the facts surrounding the plaintiff-employee's alleged injury, and the said plaintiff-employee appearing in person before the Court and being examined by the Court, and evidencing his assent to said settlement, and having received the advice of Counsel, and recognizing that the settlement is in substantial conformity with the provisions of the Workmen's Compensation Act of the State of Alabama, as last amended;

It is therefore ORDERED, ADJUDGED and DECREED by the Court that said settlement agreement be and the same is hereby approved and the parties and all things conform thereto.

It is further ORDERED, ADJUDGED and DECREED by the Court that upon the defendant-employer paying to the plaintiff-employee the sum of Sixteen Thousand and No/100 ($16,000.00) Dollars as outlined in said settlement agreement, that the defendant-employer shall be and is hereby discharged from any and all liability in this matter, whether thereunder the Workmen's Compensation laws of the State of Alabama as last amended or otherwise, and shall specifically be relieved of any obligation to pay any

compensation benefits of whatever kind or character to the plaintiff-employee for and concerning the injuries and/or diseases allegedly sustained by the plaintiff-employee during any periods that he has been employed by the defendant employer up to the date of the execution of this order. Medical benefits will be paid as required by the Workmen's Compensation Act of the State of Alabama.

It is further ORDERED, ADJUDGED and DECREED by the Court that the costs of this action are hereby assessed to the defendant for which execution may issue.

The plaintiff's attorney is hereby awarded a fee of $2400.00, to be paid from the proceeds of this judgment.

DONE and ORDERED this 13 day of December, 1993.

CIRCUIT JUDGE

*Debtor's Information*

Patient         : 161591 - JACKSON, CLYDE
Address         : 3197 LOWER RIVER ROAD
                : DECATUR, AL 35603
Phone           : 256-355-6347
SSN             : 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
Gender          : Male
Birthdate       : 09/01/1952
Employer        : DELPHI SAGINAW
Employer Phone  :
Marital Status  : Married

Responsible Party : -
Financial Class   : 3 - WORKMAN'S COMP
Status
Account Type      : CASE NOT ACCEPTED AS W/C
Balance           : Total=0.00  Private=0.00  Ins-Pending=0.00
Signature Date    : 11/18/2009

Primary Physician  : 19 - VICTORIA R MASEAR, MD
Refering Physician
                   : 718.83 - OTHER JOINT DERANGEMENT, NOT EL
                   : 718.83 - OTHER JOINT DERANGEMENT, NOT EL
                   : 718.83 - OTHER JOINT DERANGEMENT, NOT EL
Allergies          : SEE MEDICAL HISTORY

Contact           : PT CELL          Ph 256-654-5217
First Visit       :
Employment Status : E
Miscellaneous     :

#. IBG Ins# Ins-Name....... Ins-Group... Ins-ID#..... Insured-Party..... Rel
1  3  9952 DELPHI NATIONAL 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 420745788    DELPHI SAGINAW,P O O

...................................................................

Call Alisha @ 859-825-6897
for approval

- 866-335-7444

ORTHOPAEDIC SPECIALISTS OF ALABAMA
APPOINTMENT LOOKUP
PRINTED 02:28:39pm  25 Mar 2010
PAGE:    1

FOR: CLYDE JACKSON

| Ln# | Date.... | Doctor......... | Atype | Time... | Slot. | Loc | Reason.................... |
|-----|----------|-----------------|-------|---------|-------|-----|---------------------------|
| 1)  | 03/25/10 | 19 MASEAR, VICT | T     | 02:10p  | RTP   | MCE | POST-OP WRIST/BILATERAL |
| 2)  | 03/09/10 | 19H MASEAR, VIC | H     | 09:15a  | S     |     | SVE L/SWANSON WRIST ARTHROPLASTY |
| 3)  | 02/02/10 | 19 MASEAR, VICT | R     | 01:40p  | RTP   | MCE | *WC *RC WRIST/LEFT |
| 4)  | 12/16/09 | 19 MASEAR, VICT | R     | CNCLD   | R     | MCE | (QC RESCHEDULE) RE-CHECK WRIST/LEFT |
| 5)  | 11/18/09 | 19 MASEAR, VICT | N     | 03:40p  | N     | MCE | *WC* NP WRIST/LEFT |