**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY, et al.,** | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp., et al.** | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------x

### CLAIMANT'S, BETTY J SMITH, RESPONSE TO OMNIBUS OBJECTION
### (Workers' Compensation Claims in Retained States – Oklahoma)

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW**, Betty J. Smith, Claimant, respectfully submits the following response to

the Debtors Omnibus Objection to Claimant's claim. (*See* Exhibit A of the Debtor's Omnibus

Objection.)

### ARGUMENTS AND AUTHORITIES

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure sets forth the requirements of

an Omnibus Objection as follows:

> Subject to subdivision (e), objections to more than one claim may be joined in an
> omnibus objection if all the claims were filed by the same entity, or the objections are
> based solely on the grounds that the claims should be disallowed, in whole or in part,
> because:
> (1) they duplicate other claims;
> (2) they have been filed in the wrong case;
> (3) they have been amended by subsequently filed proofs of claim;
> (4) they were not timely filed;
> (5) they have been satisfied or released during the case in accordance with the Code,
> applicable rules, or a court order;
> (6) they were presented in a form that does not comply with applicable rules, and the
> objection states that the objector is unable to determine the validity of the claim
> because of the noncompliance;
> (7) they are interests, rather than claims; or

1

(8) they assert priority in an amount that exceeds the maximum amount under §507 of
the Code.

### Omnibus Objection is not the forum to disallow claim based on an allegation that the Debtor is not liable for such claim

Pursuant to the provisions of Rule 3007(d) it specifically identifies eight (8) reasons permitting an Omnibus Objection.  The assertions rose in paragraphs 1, 2 and 3 assert that the Omnibus Objection is proper and should be granted because it alleges that the Claimant's claimant is or should be provided for pursuant to the Oklahoma Worker's Compensation Act and the Individual Self-Insured Guaranty Fund.  The claimant alleges that the Debtor's reasoning for being allowed to make an Omnibus Objections is improper as the Debtor has failed to raise a legally sufficient argument that one of the eight requirements for being permitted to raise an Omnibus Objection.

### The Claimant's claim is not duplicative

The Debtor asserts in the Omnibus Objection that the Claimant claim is currently being administered by the Worker's Compensation Court and defrayed by the Surety Bond and in the event the Surety Bond is not sufficient the claim is being defrayed by the Individual Self-Insured Guaranty Fund.  The Claimant's claim is based on her award granted against the Debtor and is not currently receiving Worker's Compensation benefits.  The Claimant argues that the judgment against the Debtor is not currently being administered by the Worker's Compensation Court or defrayed by the Surety Bond or Individual Self-Insured Guaranty Fund.  The Claimant argues that reference to such Surety Bond or Individual Self-Insured Guaranty Fund is the first that the Claimant has heard of such bond or fund.  The Claimant asserts that it has not received any communication from the Worker's Compensation Court regarding payment of the Claimant's claim under the Individual Self-Insured Guaranty Fund or Surety Bond.  The Debtor has not

2

made a legally sufficient argument that the Claimant's claim is duplicative and has not provided not evidence in support of such allegation. The Claimant asserts that the Debtor is merely making assumptions as to what could possibly be the case. The Claimant argues, as a pro se Claimant that the Debtor is in a better position than the Claimant, but has failed to provide proof, based on the records of this case, that the Claimant's claim is in fact duplicative. In fact in the Debtor's Omnibus Objection the Debtor argues merely that the relief requested should be granted in order to avoid the **possibility** of improper and duplicative recovery.

### The Claimant asserts that law and equity permits the allowance of the Claimant's claim.

The Claimant asserts that it would legally inequitable for this Honorable Court to disallow the Claimant's claim based on assumptions only. The Claimant argues that equity promotes that allowance of the Claimant's claim as the Debtor has not provided any evidence to show that it has in fact paid the Claimant the award amount of $6,837.00 either directly or through the Worker's Compensation Court, Surety Bond or Individual Self-Insured Guaranty Fund.

**WHEREFORE** it is respectfully requested that the Debtor's Omnibus Objection be denied and the Claimant claim be allowed.


Dated: Newalla, OK
April 18, 2012

Respectfully Submitted,

Betty J. Smith
*CLAIMANT*
5361 Hickory Lane
Newalla, OK 74857

3

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of __APRIL, 20__12 a true and correct copy of this document was mailed by U.S. Mail to the following:

Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

Motors Liquidation Company
500 Renaissance Center, Ste 1400
Detroit, MI 48243

General Motors
400 Renaissance Center
Detroit, MI 48265

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

U.S. Department of Treasury
1500 Pennsylvania Ave. NW, Rm 2312
Washington, D.C. 20220

Vedder Price
1633 Broadway
47th Floor
New York, NY 100119

Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Office of U.S. Trustee for the Southern District of New York
Attn: Tracy Hope
33 Whitehall Street, 21st Floor
New York, NY 10004

4

U.S. Attorney's Office, S.D.N.Y
86 Chambers Street, 3rd Floor
New York, NY 10007

Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500
-and-
One Thomas Circle, N.W. Ste 1100
Washington, D.C. 20005

Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street, Ste 2200
Dallas, Texas 75201

Betty Smit

5