UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                :
In re                                           :       Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :       09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                :
                        Debtors.                :       (Jointly Administered)
                                                :
-----------------------------------------------------------------x

## STIPULATION AND SETTLEMENT RESOLVING
## ADMINISTRATIVE PROOF OF CLAIM NO. 70908 FILED BY LORIN W. TATE

This Stipulation and Settlement ("**Stipulation and Settlement**") is entered into as of **April 20, 2012** (the "**Effective Date**") by and between the Motors Liquidation Company GUC Trust (the "**GUC Trust**") and **Lorin W. Tate** (the "**Claimant**," and together with the GUC Trust, the "**Parties**").

## RECITALS

WHEREAS, on June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") voluntary cases under chapter 11 of the Bankruptcy Code.  On October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company (together with the Initial Debtors, the "**Debtors**") commenced with the Bankruptcy Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG).

US_ACTIVE:\43385846\01\72240.0639

WHEREAS, by order dated December 14, 2010,[1] the Court established February 14, 2011 as the deadline to file proofs of claim for administrative expenses arising between June 1, 2009 and January 31, 2011;

WHEREAS, on February 12, 2011, the Claimant filed Proof of Claim No. 70908 (the "**Claim**") seeking an administrative expense claim in the amount of $2,142,343[2] plus 4% per annum interest;

WHEREAS, on February 24, 2011, the Debtors filed the *Objection to Administrative Proof of Claim No. 70908 Filed by Lorin W. Tate* (the "**Objection**") (ECF No. 9455);

WHEREAS, on March 28, 2011, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**") and upon the dissolution of MLC in December 2011, the GUC Trust became authorized under the terms of the Plan to resolve the Claim and other administrative expenses on behalf of the Debtors' estates;

---

[1] *Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof*, dated December 14, 2010 (ECF No. 8099).

[2] The Claimant originally alleged a claim of $2.2 million. In paragraph three of the Claimant's *Response to Notice of Debtor's Objection to Administrative Proof of Claim No. 70908 Filed by Lorin W. Tate* (the "**Response**") (ECF No. 10106), the Claimant concedes the Debtors have paid him a total of $65,656.44, which, according to the Claimant, reduces the Claim to $2,142,343.

2

WHEREAS, on April 19, 2011, the Claimant filed the Response and, on March 1, 2012, the GUC Trust filed the *Reply to Response of Lorin W. Tate Opposing Debtors' Objection to Administrative Proof of Claim No. 70908* (the "**Reply**") (ECF No. 11474);

WHEREAS, on March 6, 2012, the Court held a hearing to consider the issues raised in the Objection, the Response, and the Reply, and issued an oral decision on the record, ordering counsel to the GUC Trust to settle an order consistent with the decision; and

WHEREAS, after good-faith, arm's-length negotiations, the Parties have reached an agreement (the "**Settlement**") to resolve the Claim.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be allowed as an administrative expense claim in the amount of $13,092.75 (the "**Allowed Claim**").

2. Other than the Claimant's right to receive payment on account of the Allowed Claim, upon the Bankruptcy Court's approval of this Stipulation and Settlement, the Debtors and the GUC Trust will forever be discharged from any liability in connection with the Claim and that certain Recovery Agreement dated August 30, 2007 entered into between the Claimant and MLC.

3. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reflect this Stipulation and Settlement.

4. This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

5. This Stipulation and Settlement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

6. Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge of and has consented to this Stipulation and Settlement.

7. This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

8. The Parties agree that this Stipulation and Settlement was negotiated in good faith by the Parties, and reflects a settlement that was reached voluntarily after consultation with, or the opportunity to consult with, competent legal counsel.

9. The Parties represent and warrant that (i) they are not relying on any statements, understandings, representations, expectations, or agreements other than those expressly set forth herein; (ii) they have been represented and advised by legal counsel in connection with this Stipulation and Settlement, or have had the opportunity to consult with legal counsel, and they enter into this Stipulation and Settlement voluntarily and of their own choice and not under coercion or duress;  (iii) they have made their own investigation of the facts and are relying upon their own knowledge and the advice of counsel or have had the opportunity to consult with legal counsel; (iv) they knowingly waive any and all claims that this Stipulation and Settlement was induced by any misrepresentation or nondisclosure and knowingly waive any and all rights to rescind or avoid this Stipulation and Settlement based upon presently existing facts, known or unknown.

10. The Claimant, for himself and on behalf of his spouse, heirs, assigns, guardians, successors, executors, administrators, agents, insurers, servants, employees, representatives, trustees, and attorneys (collectively, the "**Claimant Parties**"), agrees that neither this Stipulation and Settlement, nor the negotiation thereof, nor any act performed or document prepared pursuant to or in furtherance of this Stipulation and Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any allegation contained in the Claim, or of any wrongdoing or liability of the Debtors, the GUC Trust Administrator Parties (as defined in the GUC Trust Agreement), and the GUC Trust, or any of their respective current affiliates, their estates or their respective future successors or assigns, and their past, present, and future members, officers, directors, partners, principals, agents, insurers, servants, employees, administrators, executors, trustees, and attorneys (collectively, the "**MLC Parties**"), or of the damages to any of the Claimant Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the MLC Parties in any civil, criminal, or administrative proceeding in any court, arbitration, administrative agency, or other tribunal; or (iii) is admissible in any proceeding except an action to enforce or interpret the terms of this Stipulation and Settlement, as well as any other orders or documents executed in connection with the performance of the agreements embodied herein. The MLC Parties may file this Stipulation and Settlement and/or any document prepared pursuant to or in furtherance of this Stipulation and Settlement in any action for any purpose.

11. This Stipulation and Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Claimant Parties and the MLC Parties. All the MLC Parties are third party beneficiaries of, and shall be entitled to enforce, the releases contained in this Stipulation and Settlement.

12. This Stipulation and Settlement shall be exclusively governed by, and construed and enforced in accordance with, the laws of the state of New York, without regard to conflicts of law principles thereof. The Bankruptcy Court for the Southern District of New York shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

*[Remainder of Page Intentionally Left Blank]*

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING, AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS, AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.**

| **MOTORS LIQUIDATION COMPANY GUC TRUST** **By Wilmington Trust Company, not in its individual capacity, but solely as GUC Trust Administrator** | **LORIN W. TATE** |
|---|---|
| By: */s/ David A. Vanaskey* | By: */s/ Lorin W. Tate* |
| Print Name: David A. Vanaskey<br>Title: Vice President | Print Name: Lorin W. Tate<br>Title: Founder/CEO |
| Dated: 4/20/2012 | Dated: 4/20/2012 |

SO ORDERED this **23rd** day of **April**, 2012

*/s/ Robert E. Gerber*
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

6