Hearing Date & Time: April 26, 2012 at 9:45 AM (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | |
|---|---|
| In Re: | Chapter 11 |
| | Case No. 09-50026 (REG) |
| MOTORS LIQUIDATION COMPANY, et al., f/k/a | |
| General Motors Corp., et al., | (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------------x

### DON VERDINA AND KELLY LABUNSKI, INDIVIDUALLY, AND AS CO-SPECIAL ADMINISTRATORS OF THE ESTATE OF STEPHANIE VERDINA'S OBJECTION TO MOTORS LIQUIDATION COMPANY GUC TRUST'S MOTION FOR LIMITED MODIFICATION OF AUTOMATIC STAY AND PLAN INJUNCTION

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES DISTRICT BANKRUPTCY JUDGE:

  Don Verdina and Kelly Labunski, Individually, and as Co-Special Administrators of the Estate of Stephanie Verdina, unsecured creditors, and holders of proof of claim number 134 ("Plaintiffs"), hereby object to the motion of Motors Liquidation Company GUC trust (the "GUC Trust") for limited modification of automatic stay and plan injunction (Document No. 11547), and state:

  1.  Plaintiffs' underlying action arises out of the death of their young daughter who was a restrained passenger in a Chevy Trailblazer. During the subject collision, Stephanie Verdina's seatbelt failed and she was ejected from the vehicle. Plaintiffs filed suit in the Circuit Court of Winnebago County, Illinois, Case No. 2007 L 395, against General Motors Corporation ("GM") and Takata Seat Belts, Inc. ("Takata") on January 15, 2009 and March 12, 2009, respectfully. The action against GM was severed following its filing for bankruptcy, and the

1

action against Takata has continued. Plaintiffs anticipate a late 2012 trial in their case against Takata. Takata is represented by the law firm of Bowman & Brooke, LLP.

2. Plaintiffs filed a proof of claim in the GM bankruptcy proceeding. Pursuant to this Court's orders, Plaintiffs mediated this case in Chicago on October 7, 2011 before the Hon. Judge Nudelman (ret.). Tom Branigan, a partner with Bowman & Brooke, LLP appeared at the mediation on behalf of GUC Trust. Mr. Branigan had presented a Takata witness for deposition in Plaintiffs' underlying case less than one month before the mediation. Plaintiffs' counsel sought an agreement by Takata that: a) in the event that GUC Trust and Plaintiffs' could reach an agreement as to the claim amount, Takata would seek a set-off of only the market value of the claim amount at the conclusion of the trial versus Takata. For example, if the claim amount was agreed to be $1Million, but the market value of the stock paid to Plaintiffs' was $200,000, then Plaintiffs wanted an assurance from Takata's lawyer (the same lawyer representing GUC Trust at the mediation) that Takata would seek a set-off of $200,000 rather than a set-off of $1Million. Counsel for GUC Trust/Takata was not able to provide such assurance and the mediation failed.

3. Following the mediation, Mr. Branigan contacted Plaintiffs' counsel to ask whether counsel would agree to lift the stay. It is the understanding of Plaintiffs' counsel that Bowman & Brooke, LLP, intends to represent both Takata and GM in the underlying action if this motion is granted and the Circuit Court of Winnebago County consolidates the cases.

4. Lifting the stay will not benefit the GUC Trust. The GUC Trust would pay for Bowman & Brooke, LLP to defend GM in a case where there is no real possibility for Plaintiffs to collect any substantial judgment against GM. Bowman & Brooke, LLP would benefit from being paid twice as much for its legal work, having twice the experts, and still only needing to truly defend Takata to succeed at trial. If plaintiffs prevail against Takata in the Circuit Court,

there will be no need for them to pursue their claim against the GUC Trust in this or any other court.

5.  This claim could be better resolved in the best interest of GUC Trust by either: a) settling the claim for a reasonable amount with the agreement of Takata that it will seek a set-off only of the market value of the paid claim; or b) by a proceeding before Your Honor only if plaintiffs' case against Takata has been lost.  Such a proceeding could be done in a day or less and would involve the presentation of evidence with relaxed rules on its admission.  Either of these methods would save the GUC Trust substantial resources and would further the interests of justice.

Respectfully submitted,

/s/ Michael T. Gill

Michael T. Gill
Bruce R. Pfaff
Pfaff & Gill, Ltd.
One E. Wacker Dr., Suite 3310
Chicago, IL 60601
(312) 828-9666
(312) 828-0880 (facsimile)
mgill@pfaffgill.com
bpfaff@pfaffgill.com

Lewis B. Kaplan
838 N. Main Street
P.O. Box 1254
Rockford, IL 61105

ATTORNEYS FOR PLAINTIFFS