April 26, 2012



Honorable Robert E. Gerber
United States Bankruptcy Judge
Courtroom 621, One Bowling Green
New York, New York 10004-1408

RE: GM Chapter 11 Case No.: 09-50026 (REG)

Dear Honorable Gerber,

I have sent you information pertaining to Weil, Gotshal & Manges LLP. You can add this to the file I sent last week. This contains information on a case I was recently informed of. I had no knowledge as to what this firm was talking about.

When GM filed bankruptcy, I did not expect to do anything. That my pension and divorce settlement would stay as is. Now I am totally confused as to why now? What is it that I am suing for? I do not want to lose my disability pension or any other matter that would pertain to the old GM.

On number 4. of **The Claim Should be Disallowed and expunged**. Now this is information I just received on April 18, 2012 (enclosed). I read the case and I still do not understand as to what they say I am asking for?

If this is just procedure to GM filing bankruptcy, could you please let me know? In reality I have no clue as what is going on? What claim should be disallowed and expunged?

Your Honor, I do not what to lose my pension or make any changes to anything that pertains to GM and what I was awarded back in 1997-1998. I want everything to stay as is.

If you have any question, please don't hesitate to call or write: Sharron S. Reyes, 4780 Jamm Road, Orion, Michigan 48359 (248) 391-1493.

Sincerely,

Sharron S. Reyes

Cc: Senator Carl Levin

April 20, 2012

Senator Carl Levin
SR-269 Russell Senate Office Building
Washington, D.C. 20510
202-224-6221

Re: GM Bankruptcy

Dear Senator Levin:

I am sending you the enclosed information. It concerns GM's bankruptcy and a claim that I was suing GM.

Senator I am so confused as to what is going on. The paperwork I signed was for what I believed was to keep everything as is. I did not what any changes as to what I was already receiving.

I am not familiar with bankruptcy or anything that GM had to due during this process. Could you please let me know if I did the right thing or do I need to make changes.

As you can see in the letter to the judge, I state several times that I am not sure what they want or what they are talking about. April 26th is the day all this goes in front of the bankruptcy court and I don't know what to do. I am supposed to call the Judge at (212) 310-8729 or Mr. David Griffiths in New York at the same number.

Thank you for your time and help in this matter. I can be reached at Sharron S. Reyes, 4780 Jamm Road, Orion, Michigan 48359. (248) 391-1493/(810) 391-4216.

Sincerely,

Sharron S. Reyes

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

# Weil, Gotshal & Manges LLP

**David Griffiths**
+1 212 310 8729
david.griffiths@weil.com

April 16, 2012

BY FEDEX

Sharron S. Reyes
4780 Jamm Road
Orion, MI 48359-2216

**Re:**   ***In re Motors Liquidation Company (f/k/a General Motors Corp.), Case No. 09-50026 (REG) –
Hearing on Debtors' 101st Omnibus Objection to Claims (Claims Relating to Former
Employees Represented by United Auto Workers):  Claim No. 07625 Filed by Sharron S. Reyes***

Dear Ms. Reyes,

This letter is to advise you that the hearing on the Debtors' objection to your above referenced claim is going
forward on **April 26, 2012 at 9:45 a.m. (Eastern Time).**  The hearing will be held at the following address:

>    United States Bankruptcy Court
>    Southern District of New York
>    One Bowling Green
>    Courtroom 621
>    New York, NY 10004-1408

You may participate in the hearing telephonically at no cost to yourself by contacting me by e-mail at
david.griffiths@weil.com or call me at (212) 310-8729 so that I can arrange for Court Call to charge Weil,
Gotshal & Manges LLP for the costs of the service.

Please do not hesitate to call me with any questions.

Yours sincerely,

David Griffiths

*Sent (Certified) 4-14-12*                    March 30, 2012

To Thee


        Honorable Robert E. Gerber
        United States Bankruptcy Judge
        Courtroom 621, One Bowling Green
        New York, NY 10004-1408

Your Honor


        I am writing to you in regards to paperwork I received
from Old G.M. sometime ago.
When I received paperwork, I was confused as to what G.M.,
wanted from me so I sent copies of my Divorce Award Dated
Sept 30, 1997, also, copy of my Pension Award.
Then I received more paperwork from G.M.., so, I sent a letter
stating that I was not suing G.M. I just wanted to protect
what I had already been awarded.
I received a call from Mr. David Griffith concerning this,
he said that I would probably receive one more paper and then
hopefully the misunderstanding would be cleared off record.
I am so sorry your Honor if this has caused a problem for the
Court, it was not my intention to do so.
I beg Your forgiveness and hope this can be corrected.
I have talked to Mr. David Griffith on several occassions
about this, last one on March 12, 2012.
He was very nice and said at that time that I was to receive
a letter from the court with a phone number that I was to call
and speak with you on April 26, 2012.
He also said that after speaking with you I will hopefully
have problem resolved and that it would be ex-sponged from
record,
Your Honor, I do not know much about law and do not want to
sue G.M. I only want what I have already been Awarded.
And that is my Divorce Award and my Pension Award.
Again I apoligize to the Court and look forward to speaking
with you on April 26, 2012.


                                    Most Respectfully,

                                    Akrum Reyes

                                    4780 Jamm Rd
                                    Orion, Mi 48359

Ref 101st Omnibus
    (ECF No. 7680)                  Phone # 248-391-1493

SEP-29-1998  07 25     GM PENSION CENTER                                    P 02/02

### GENERAL MOTORS HOURLY-RATE EMPLOYES PENSION PLAN
### PURSUANT TO THE AGREEMENT BETWEEN GENERAL MOTORS AND THE UAW

SHARRON S REYES                           RETIREMENT NO. R367401678
4780   JAMM ROAD                          DIVISION: MLCG - ORION
ORION               MI 483592216          CISCO· 19017

RETIREMENT TYPE  69                       CREDITED SERVICE
 TOTAL AND PERMANENT DISABILITY            PART A:  19-1 A

RETIREMENT DATE. 06-01-1998               BENEFIT CLASS CODE: C
                                          BASIC  BENEFIT RATE: 38.00
              FACTORS       OPTION        TEMPORARY  BENEFIT RATE· 35 75
         AGE   OPTION SURVIVOR  CODE
          %        %        %              SOCIAL SECURITY NO. 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
BASIC    NONE     NONE     NONE    NONE    BIRTH DATE· 04-16-1941
                                          AUTHORIZED DEDUCTIONS
                                           % FEDERAL INCOME TAX
                                           2 00 UNION DUES

**************************************************************
THE FOLLOWING MONTHLY BENEFITS HAVE BEEN AUTHORIZED.  ADDITIONAL INFORMATION
REGARDING YOUR PENSION BENEFITS ARE EXPLAINED ON THE ATTACHED FORM HRP 11A

DUE TO RECEIPT OF SICKNESS AND ACCIDENT BENEFITS THROUGH 06-29-1998,
YOUR INITIAL MONTHLY BENEFITS HAVE BEEN REDUCED BY    743 43.

DUE TO RECEIPT OF A SOCIAL SECURITY DISABILITY INSURANCE AWARD
EFFECTIVE 07-01-1997 A MONTHLY TEMPORARY BENEFIT IS NOT PAYABLE.

#### **** AUTHORIZED BENEFITS ****

|            | COMMENCEMENT |        | AMOUNT AT | AMOUNT AT |
|------------|--------------|--------|-----------|-----------|
|            | DATE         | AMOUNT | AGE 62    | AGE 65    |
|            |              | $      | $         | $         |
| BASIC      | 06-01-1998   | 725 80 | 725.80    | 725.80    |
| SPECIAL-INS| 07-01-1997   | 43 80  | 43.80     | 43 80     |
| TOTAL      |              | 769 60 | 769 60    | 769 60    |

**************************************************************
I UNDERSTAND THIS BENEFIT AUTHORIZATION REFLECTS MY INELIGIBILITY
TO ELECT A SURVIVING SPOUSE OPTION.

I AM THE EMPLOYE HEREIN NAMED AND IDENTIFIED  I HAVE READ AND UNDERSTAND
THE DATA AND CALCULATIONS SHOWN

                    _Sharron S Reyes_         _9-30-98_
                    EMPLOYE SIGNATURE            DATE

WE HAVE EXAMINED THE ABOVE DATA AND HEREBY AUTHORIZE PAYMENT OF THE
ABOVE BENEFITS

_Christine Jassan_                   _Betty C. Courtney_
LOCAL PENSION COMMITTEE              LOCAL PENSION COMMITTEE
MANAGEMENT REPRESENTATIVE           UNION REPRESENTATIVE

_9/28/98_                            _9-30-98_
DATE                                 DATE

                    ISSUE DATE AND TIME  09-14-1998  14.35 08

DISTRIBUTION:   ORIGINAL-MASTER PENSION FILE   COPY 1-EMPLOYE
                COPY 2-UNION MEMBER OF THE LOCAL PENSION COMMITTEE

                                                      TOTAL P.02

CISCO  1901-7              HRP-11A(D) (Rev 5/95)

## SUPPLEMENTAL INFORMATION TO FORM HRP-11 AUTHORIZATION OF MONTHLY BENEFITS
## THE GENERAL MOTORS HOURLY-RATE EMPLOYEES PENSION PLAN

**Sharon S. Reyes**                            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
**4780 Jamm Rd.**
**Orion, MI.  48359-2216**

I have read and understand the data shown on Form HRP-11 applicable to my retirement under the General Motors Hourly-Rate Employees Pension Plan. I further understand that:

1. If my retirement is for total and permanent disability, but a temporary benefit has not been authorized, I may be entitled to receive such benefit prior to my attaining age 62. To obtain a temporary benefit, I must submit proof satisfactory to GM that I am not eligible for a Social Security Disability Insurance Benefit or unreduced Social Security benefits

2. If I become eligible for a Social Security Disability Insurance Benefit or an unreduced Social Security benefit prior to attaining age 62, I immediately will furnish to the GM Pension Administration Center evidence of the effective date of my entitlement to such benefit

   In such case, any temporary benefit I may be receiving will cease to be payable. Any supplement I may be receiving will be reduced in accordance with applicable provisions of the Pension Plan. Such cessation or reduction will be effective as of the first of the month for which I initially become entitled to such Social Security benefit, but not prior to the effective date of my retirement.

   Any overpayment of my GM pension benefits resulting from my receipt of such Social Security benefit must be refunded by me in a lump sum. Otherwise, my GM pension benefits will be suspended in accordance with Pension Plan provisions until the total amount suspended equals the total amount of the overpayment.

3. In connection with any eligibility I may have to receive either a monthly temporary benefit or a supplement under applicable provisions of the Pension Plan, I hereby authorize the Social Security Administration to release to General Motors Corporation, on a continuing annual basis, my Social Security Disability Insurance Benefit status, as may be specified by the General Motors Corporation

4. If workers compensation benefits become payable as a result of a workers compensation application filed two years or more after my retirement, a deduction may be made from my monthly benefits otherwise payable under the Pension Plan. The deduction will equal the full amount of such workers compensation benefits, unless otherwise provided under applicable provisions of the Pension Plan

5. If I am entitled to a special benefit because of my age or disability status and enrolled in Part B of Medicare, such benefit will be paid under the General Motors Health Care Program for Hourly Employees, but will be included in my monthly GM pension check

6. I understand that I may not be engaged in regular employment or occupation for remuneration or profit and may be required to submit to a medical examination at any time during retirement prior to age 65 but not more often than semiannually. I also understand that General Motors may periodically request a signed disclosure agreement that will allow General Motors to verify any earnings I may have after retirement until age 65 with the Social Security Administration

_Sharon S. Reyes_                    9/30/98
Employee Signature                   Date

T&PD

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

Sharron Sue Reyes,

    Plaintiff,

              RECEIVED FOR FILING   HON  ROBERT C  ANDERSON

vs.            OAKLAND  COUNTY CLERK   Case # 96-510998-DO

                         Affix Label

Santos Barrientos Reyes,  '97  SEP 30  P12 :42

    Defendant.

                BY___/_____

                DEPU____COUNTY CLERK

DON VALENTE (P-21692)
Attorney for Plaintiff
2763 Mackintosh
Bloomfield Hills, MI 48302
248-335-6826 / Fax 335-8601

A TRUE COPY
LYNN D. ALLEN
Oakland County Clerk Register of Deeds
Deputy

**SECOND AMENDED DEFAULT JUDGMENT OF DIVORCE**

At a session of said Court
held in Pontiac, Michigan
on ____SEP 29  '97__.

PRESENT: HON. ROBERT C  ANDERSON

JUDGE

UPON STIPULATION of the parties hereto as evidenced by their below signatures &/or the signatures
of their attorneys and the Court being advised in the premises;

IT IS HEREBY ORDERED that the above-captioned cause default judgment of divorce dated 4-23-96
and (first) amended default judgment of divorce dated 12-11-96 shall be and hereby are amended as
follows with all other terms and conditions not inconsistent with the following provisions to remain as
they are.

10-9-09

HOPE THAT THESE TWO
CONTRACTS, RETIREMENT
PENSION + ALIMONY
AGREEMENT BETWEEN
GM + MYSELF ARE
SUFFICIANT, NOT SURE
9-29-9 WHAT YOU ARE SEEKING

**CLIENT COPY**

1.   **REAL ESTATE:**
That the plaintiff shall be & is hereby awarded all the right, title & interest defendant may have
in the following two parcels of real estate with the plaintiff assuming any & all encumbrances
thereon including but not limited to any outstanding mortgages and defendant shall forthwith
execute & deliver to plaintiff warranty deeds to effect same

*    Real estate located in Orion Township, Oakland County, MI described as
     Lots 69, 70 & 71 of "Havin Subdivision" of the W. ½ of the SE ¼ of section 33, T4N,
     R10E, Orion Twp , Oakland County, MI as recorded in L. 58, Page 49 of plats of OCR;
     c/k/a 4780 Jamm Rd, Orion, MI 48359 and bearing sidwell # 09-33-401-041

*    Real estate located in Orion Township, Oakland County, MI described as
     the S 60 feet of Lot 31 of "Havin Subdivision" of the W. ½ of the SE ¼ of section 33,
     T4N, R10E, Orion Twp., Oakland County, MI as recorded in L. 58, Page 49 of plats of
     OCR; c/k/a 4755 Jamm Rd, Orion, MI 48359 and bearing sidwell # 09-33-426-018

     Further, that defendant hereby waives & releases plaintiff from any and all liability
     plaintiff may otherwise have under this or an earlier divorce judgment between the
     parties to sell this real estate; pay off the mortgage on the other real estate referred to
     herein; and pay the balance of the proceeds of the sale to the defendant, which if it was
     done after the first 7-14-86 judgment of divorce might have netted defendant approx,
     **$ 21,000.**

2.   **DEFENDANT'S RETIREMENT PENSION PLAN & SURVIVING SPOUSE BENEFITS:**
That plaintiff Sharron Sue Reyes (alternate payee with DOB 4-16-41 and SS # 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 and *1678*
residing at 4780 Jamm Rd., Orion, MI 48359) shall, retroactive commencing upon defendant
Santos B. Reyes (participant with DOB 4-10-36 and SS # 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) retirement and into the
future, be entitled to not 100% (after 12-11-96 as called for in the 12-11-96 judgment) but only
50% of all the General Motors retirement & pension benefits to which defendant is entitled,
including but not necessarily limited to his GM hourly rate employee pension plan benefits;
survival benefits incentive & thrift programs; IRS's; contributory retirement funds; deferred,
vested pension plans; interest; stock, savings & security plan benefits; & any other fringe
benefits derived through such employment.

Further, that plaintiff hereby waives & releases defendant from liability for the following
retirement benefits of defendant which plaintiff was entitled to under this or an earlier divorce
judgment between the parties but has not yet received:

     (a) From the approx. 5-92 retirement of defendant until 3-1-96 when plaintiff first began
     receiving 50% of defendant's monthly approx. $1,800 retirement benefits or approx.
     **$ 39,600** (44 months @ $900).

     (b) From 12-11-96 through 9-1-97 the 50% of defendant's monthly retirement benefits
     which defendant was and is receiving but which, per the 12-11-96 Amended Default
     Judgment of Divorce, should have been but have not been received by plaintiff being
     **$ 8,556.12** (9 months @ $950.68).

Further, that plaintiff / alternate payee shall be entitled to 100% of any post retirement
surviving spouse benefits under the plan a/k/a widow payments under the plan.

Further, that the appropriate GM representative is hereby directed to cause the above to be
reflected on their records and to in writing advise plaintiff / alternate payee that the same has
been so reflected

3.   **LIFE INSURANCE:**
That defendant shall change, if necessary, & maintain the plaintiff herein as the irrevocable beneficiary on each and every present & after acquired policy of life insurance on his life, including but not limited to those through General Motors & its carriers and through any credit union with which he is associated such as the Members Life Insurance Co., PO Box 61, Waverly, IA 50677 (800-779-5433). Further, that this judgment shall constitute authorization for any such insurance carrier or its agent to effect said change and to provide written evidence of same and the details of the coverage, etc to the plaintiff &/or her attorney.

4.   **EXECUTION / DELIVERY OF DOCUMENTS:**
That each party hereto shall forthwith and timely execute and deliver to the other party any conveyance or other instrument necessary or convenient to effect the terms and provisions of this judgment and in the event of failure of either party to so perform a certified copy of this judgment may be filed or recorded with an appropriate government agency and the filing or recording hereof shall have the same force and effect as if the required instruments themselves had been executed, delivered, filed &/or recorded (MCLA 552.401 & 402).

5.   **RETENTION OF JURISDICTION:**
That this Honorable Court shall retain jurisdiction relative to this judgment and the parties hereto for the purpose of enforcing but not modifying the executory terms of this judgment and either party may petition the Court for such relief as may be appropriate upon the failure of the other party to cooperate in satisfying the executory provisions called for herein.

**APPROVED FOR ENTRY:**

_____
Plaintiff Sharron Sue Reyes

_____
Plaintiff's Attorney Don Valente

_____
Defendant Santos Barrientos Reyes

# ROBERT C. ANDERSON

_____
CIRCUIT COURT JUDGE

OCT-18-2010  16:55

10/18/2010  04:13   2483938057          STAPLES1271

P.03/03
PAGE  03/03

Oct. 18, 2010
Sharron S. Reyes
4780 Jamm Rd.
Orion, Mi.  48359
Ph. 248 391 1493

Wiel,Gotshal and Manges LLP
767 Fifth Ave.
New york, NY.10153

Fasimile 212 310 8007          RE:Chapter 11 Case # 09-50026 (reg.)

I do not know what this paperwork means.
When G.M. first sent me paperwork about the bankruptcy, I thought
G.M. wanted copies of my paperwork concerning my pension and my
divorce. I did mail copies to them.
I am not trying to sue for anything, I only want to protect what I
am now receiving, which is my pension and what I receive from my
divorce order.
When I saw my name and address  on page 15, I became concerned.
I hope this clears up any misunderstandings.
         Most Cordially Yours,

10bt omni - Employec - UAW
        POC

TOTAL P.03



01356425
APS0567466394

## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☐ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Your Claim is Scheduled As Follows:**

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 USC § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense  should be filed pursuant to 11 USC § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)   REYES SHARRON S

Name and address where notices should be sent

REYES  SHARRON S
4780 JAMM RD
ORION  MI 48359-2216

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Telephone number
Email Address

Name and address where payment should be sent (if different from above)

**FILED - 07625**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

*[Stamp: THE GARDEN CITY GROUP, INC.  OCT 9 2009]*

If an amount is identified above you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1  Amount of Claim as of Date Case Filed, June 1, 2009          $_____

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim _____
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____ Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim $_____     Amount Unsecured $_____

5  **Amount of Claim Entitled to Priority under 11 USC § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 USC § 507(a)(1)(A) or (a)(1)(B)

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 USC § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 USC § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 USC § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 USC § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 USC § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 USC § 507(a)(__)

Amount entitled to priority

$567 00  *NET PAY MONTHLY*

*Amount are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment   *ALIMONY*

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

Date *4-9-09*

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*Not sure if is want you want  Copies*
*enclosed of Pension + Alimony*

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 USC §§ 152 and 3571
Modified B10 (GCG) (12/08)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In certain circumstances such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.

## A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP, INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP, INC , ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY ONE BOWLING GREEN, ROOM 534, NEW YORK NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

## THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below ) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below ) A claim may be partly priority and partly non-priority For example, in some of the categories the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C §101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court

## INFORMATION

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

HEARING DATE AND TIME:  April 26, 2012 at 9:45 a.m. (Eastern Time)

Copies

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                           :

**In re**                        :       **Chapter 11 Case No.**
                           :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                           :

             **Debtors.**      :      **(Jointly Administered)**
                           :
------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S REPLY TO**
**RESPONSE OF SHARRON S. REYES TO THE ONE HUNDRED AND FIRST**
**OMNIBUS OBJECTION TO CLAIMS (PROOF OF CLAIM NO. 7625)**
**(Claims Relating to Former Employees Represented by United Auto Workers)**

## TABLE OF CONTENTS

**Page**

Preliminary Statement ..................................................................................................... 1

The Claim Should Be Disallowed and Expunged ............................................................ 2

The Response ..................................................................................................................... 3

Conclusion ......................................................................................................................... 4

## TABLE OF AUTHORITIES

Page(s)

CASES

*In re Oneida, Ltd.,*
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
    234827 (S.D.N.Y. Jan. 22, 2010)..............................................................................2

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the Reyes Reponse (defined below) interposed to the 101st Omnibus Objection to Claims (Claims Relating to Former Employees Represented by United Auto Workers) (ECF No. 7103) (the "**Omnibus Objection**"), and respectfully represents:

### Preliminary Statement

1.    On September 23, 2010, the Debtors filed the Omnibus Objection. The Omnibus Objection seeks the disallowance and expungement of certain employment-related pension and welfare benefits claims of UAW Employees[2] on the basis that such claims have been assumed by New GM pursuant to the terms of the Master Purchase Agreement, as described in the Omnibus Objection, are not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged from the claims register.

2.    Responses to the Omnibus Objection were due by October 19, 2010. The response listed on **Annex "A"** hereto and described further herein was received with respect to the Omnibus Objection by Sharron S. Reyes (the "**Reyes Response**") relating to Ms. Reyes' claim, Claim No. 7625 (the "**Reyes Claim**").

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

and permanent disability pension benefit from the General Motors Hourly-Rate Employee Pension Plan ("**Pension Plan**"). The Reyes Claim also includes documentation indicating that Ms. Reyes is also entitled to 50 percent of her ex-husband's monthly pension benefit from the Pension Plan pursuant to a divorce decree entered on September 29, 1997 in a Michigan state court.

6.    Paragraph 13 of the Omnibus Objection explains that, pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed all liabilities under employee benefit plans sponsored by Debtors under which UAW Employees participate, including responsibility for all claims with respect to pre- and post-petition benefits and benefits modifications provided under any such plan. The Pension Plan, under which Debtors provided pension benefits to Ms. Reyes, her ex-husband and other UAW Employees, is accordingly covered under Section 6.17(e) of the Master Purchase Agreement. Therefore, the Debtors and the GUC Trust do not have any liability with respect to the pension benefits of Ms. Reyes.

7.    The Reyes Response provides no additional support for the Reyes Claim. For the reasons set out above, the Debtors respectfully submit that the Reyes Response should be overruled, and the Reyes Claim should be disallowed and expunged.

## Conclusion

8.    Because New GM assumed the pension benefits claims of UAW Employees, the Debtors and the GUC Trust have no liability for the Reyes Claim. The GUC Trust reiterates that the Reyes Response has not provided any legal or factual support for the Reyes Claim and cannot be afforded prima facie validity under the Bankruptcy Code. Accordingly, the Reyes Claim should be disallowed and expunged in its entirety.

9.      WHEREFORE, for the reasons set forth above and in the Omnibus

Objection, the GUC Trust respectfully requests that the Court grant the relief requested in the

Omnibus Objection and such other and further relief as is just.

Dated: New York, New York
       April 13, 2012

                                    /s/ Joseph H. Smolinsky
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Motors Liquidation
                                    Company GUC Trust

## Annex A

### 101st Omnibus Objection to Claims (Claims Relating to Former Employees Represented by United Auto Workers)

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| 1. | 7625 | Informal | Sharron S. Reyes | Unliquidated (U) | Ms. Reyes' response asserts she is not trying to sue for anything. She only wants to protect what she is now receiving, which is her pension and 50 percent of her ex-husband's GM pension that she receives as a result of her divorce order, both pensions of which are provided under the General Motors Hourly Rate Pension Plan covering UAW Employees. |

US_ACTIVE:\43940687\02\72240.0639