Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation
Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.**, *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

**DECLARATION OF CARRIANNE BASLER IN SUPPORT OF
THE SUPPLEMENTAL LETTER BRIEF FILED IN FURTHER
SUPPORT OF THE OBJECTION TO CLAIM NUMBERS 70180
AND 70342 AND RELATED DOCUMENTS FILED BY THE GUC TRUST**

I, Carrianne Basler, hereby declare as follows:

1.  I am a managing director for AP Services, LLC, located at 300 North LaSalle, Suite 1900, Chicago, IL 60654, and am duly authorized to submit this declaration ("the "**Declaration**"). AP Services is retained by the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (the "**Plan**").

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc. ("**REALM**"), and Environmental Corporate Remediation Company, Inc. ("**ENCORE**").

2.  Part of my responsibilities include assisting the GUC Trust with its obligations under Section 6.2 of Article VI of the Plan, including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). I make this Declaration, in support of the GUC Trust's Objection to Claim Numbers 70180 and 70342 and the related documents [Docket Nos. 8847, 11349, and 11572], based on my personal knowledge and on information obtained by me in the normal course of my duties as a representative of the GUC Trust. If called as a witness, I could and would competently testify to the facts set forth herein.

3.  On September 9, 2009, the Bankruptcy Court signed the Order Establishing the Deadline for Filing Proofs of Claim (the "**Bar Date Order**") [Docket No. 4079]. It is my understanding, based on the affidavit of publication annexed here as Exhibit A [Docket 4290], that on October 15, 2009, the Debtors published notice of the Bar Date in the following national newspapers: The Financial Times, The Wall Street Journal (Global Edition – North America, Europe and Asia), The New York Times (National), USA Today (National), The Globe and Mail (National), and The National Post. Publication in these newspapers was supplemented by publication in the Detroit Free Press/Detroit News, Le Journal de Montreal (French), and The Montreal Gazette (English).

4.  The Bar Date Notice was published in various newspapers having general circulation, including The Wall Street Journal, The New York Times, and USA Today. There is no reason to believe that these newspapers are not (as most newspapers are) available from vendors in Christiansburg, Virginia and Halifax, Virginia, where claimants reside. In fact, it is my understanding that publicly available information supports the conclusion that such newspapers are indeed available at locations in both Christiansburg and Halifax.

5. At the time the Bar Date Notice was published, the Debtors had no knowledge of the claims that Ms. Dalton or Ms. Venable now assert against the Debtors. Thus, neither of those claimants were included in the nearly 2 million claimants provided with actual notice of the Bar Date.

6. Claimants seem to suggest that the Debtors should have published the Bar Date Notice in local newspapers in all locations where customers own General Motors vehicles. This approach would have been onerous, cumbersome and unduly expensive.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 23, 2012

*Catrianne Basler*
AP Services, LLC