HEARING DATE AND TIME: April 26, 2012 at 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                              :  Chapter 11 Case No.
                                                   :
**MOTORS LIQUIDATION COMPANY**, *et al.*,          :  09-50026 (REG)
       f/k/a General Motors Corp., *et al.*        :
                                                   :
                              Debtors.             :  (Jointly Administered)
                                                   :
------------------------------------------------------------x

**REPLY IN SUPPORT OF MOTORS LIQUIDATION COMPANY
GUC TRUST'S MOTION FOR LIMITED MODIFICATION OF THE
AUTOMATIC STAY AND THE PLAN INJUNCTION AS TO THE ACTION FILED BY
DON VERDINA AND KELLY LABUNSKI, INDIVIDUALLY, AND AS CO-
SPECIAL ADMINISTRATORS OF THE ESTATE OF STEPHANIE VERDINA**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time) (the "**Plan**"), files this reply to the response (the "**Response**")

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

interposed to the GUC Trust's Motion for Limited Modification of the Automatic Stay and the Plan Injunction as to the Action Filed by Don Verdina and Kelly Labunski, Individually, and as Co-Special Administrators of the Estate of Stephanie Verdina (ECF No. 11547) (the "**Motion**"), and respectfully represents:

## Preliminary Statement

1.  Don Verdina and Kelly Verdina (k/n/a Kelly Labunski) (together, "**Plaintiffs**") should either pursue the Action they filed in the 17th Judicial Circuit Court in Winnebago County, Illinois (the "**Illinois County Court**") or dismiss General Motors Corporation ("**GM**") from the Action and withdraw the Proof of Claim they filed in these bankruptcy proceedings.[2]

2.  Incredibly, Plaintiffs argue that they should not be required to pursue the Action that *they filed* against GM because (1) the GUC Trust will be required to pay attorneys' fees to defend the Action "where there is no real possibility for Plaintiffs to collect any substantial judgment against GM," and (2) Plaintiffs will not need to pursue their claim against GM if they prevail against Takata Seat Belts, Inc. ("**Takata**") in the Illinois County Court. Instead, Plaintiffs suggest that this Court should simply allow the Proof of Claim—filed in the amount of $5,000,000—to lie dormant on the claims register while Plaintiffs pursue their litigation against other parties.

3.  Apart from the fact that Plaintiffs' argument reveals their own opinion that their claims against GM lack merit, Plaintiffs' position is not supported by the Bankruptcy Code or this Court's ADR Order and Procedures. Plaintiffs should not be allowed to avoid liquidating their Proof of Claim indefinitely simply because any future verdict against Takata may be set-off

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

by the amount of a settlement with or verdict against GM. If Plaintiffs wish to avoid this result, they should withdraw their Proof of Claim, which Plaintiffs have already admitted holds little value to them. This Court should grant the GUC Trust's Motion so that the Proof of Claim may be liquidated through litigation of the Action Plaintiffs filed.

### Reply

4. The GUC Trust attempted to settle the Proof of Claim through mediation pursuant to this Court's February 23, 2010 Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 5037). The mediation was unsuccessful. Accordingly, the ADR Order and the ADR Procedures provide that the Proof of Claim is an "Unresolved Designated Claim."

5. Under the ADR Order and the ADR Procedures, if an Unresolved Designated Claim cannot be adjudicated in the Court as a result of abstention or because of a lack of or limitations upon subject matter jurisdiction, litigation of such Unresolved Designated Claim shall proceed in the nonbankruptcy forum where the Unresolved Designated Claim was pending on the date the Debtors commenced their respective voluntary chapter 11 cases, subject to the Debtors' right to seek removal and/or transfer of venue or in such other forum. (ADR Procedures § II.E.3; ADR Order at 6.) Here, the Proof of Claim cannot be adjudicated to judgment by this Court because it is an unliquidated wrongful death claim. *See* 28 U.S.C. § 157(b). Accordingly, pursuant to the ADR Order and ADR Procedures, the GUC Trust sought a limited modification of the Automatic Stay and the Plan Injunction solely to the extent necessary to permit liquidation of the Proof of Claim through litigation of the Action in the Illinois County Court, subject to the GUC Trust's right to seek removal and/or transfer of venue.

6.       Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the stay upon request by a party in interest showing cause for relief. *See* 11 U.S.C. § 362(d)(1); *In re N.Y. Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) (granting relief from automatic stay so personal injury claim could be liquidated in state court). For example, in *In re New York Medical Group, P.C.*, finding that under 28 U.S.C. § 157(b)(2)(B) it lacked jurisdiction to liquidate a personal injury claim, the court applied the *Sonnax* factors to determine if cause existed to grant relief from the automatic stay.[3] *See id*. at 413-14; *Sonnax Indus., Inc. v. Tri Component Prods. Corp (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990) (listing factors "to be weighed in deciding whether litigation should be permitted to continue in another forum"). The court found cause existed to lift the stay because (1) the state court was the only forum that could award complete relief to all parties, (2) relief from the stay would promote judicial economy by allowing the action pending against multiple defendants, including the debtor, to be decided in one forum, (3) the litigation would not interfere with the bankruptcy case because it would not involve the time or attention of the debtor's current personnel, would not interfere with the debtor's ability to confirm the plan, and would not interfere with the debtor's operations as the debtor was liquidating, and (4) the debtor's insurer, who was already defending other defendants, would also defend the debtor. *See id*. at 413-14; *see also In re Erickson*, 330 B.R. 366 (Bankr. D. Conn. 2005) (concurring with *In re New York*

---

[3] The *Sonnax* factors are as follows: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *See Sonnax Indus., Inc*., 907 F.2d at 1286.

*Medical Group, P.C.* and granting relief from automatic stay when Court could not liquidate claim.)

7. Under 28 U.S.C. § 157(b), this Court cannot liquidate Plaintiffs' wrongful death claim, and cause exists under the *Sonnax* factors to allow the Action to proceed in the Illinois County Court. First, the Illinois County Court can award complete relief to all parties and, therefore, relief from the automatic stay will promote judicial economy. Plaintiffs assert that they will only pursue their claim against the GUC Trust if they do not prevail in their case against Takata. Such an approach fails to value the "interests of judicial economy and the expeditious and economical resolution of litigation." *See In re Sonnax Indus., Inc.* 907 F.2d at 1286. Under Plaintiff's approach, not only would the GUC Trust have to allow Plaintiffs' Proof of Claim to languish pending the disposition of the Action against Takata, but also, if Plaintiffs should fail to recover against Takata, the GUC Trust would then be required to litigate the same facts, with the same attorneys, the same witnesses, and quite possibly the same experts, in a separate action in order to liquidate Plaintiffs' Proof of Claim. If the Action is allowed to proceed, however, the GUC Trust will move to consolidate the cases that were severed as a result of the Debtors' bankruptcy and could thus avoid this needless delay and duplication of costs.

8. Nor would the Action interfere with these bankruptcy cases. Here, the Debtors are liquidating and, thus, they have no ongoing operations, and the Plan has been confirmed by this Court. Instead, the ongoing inability to liquidate the Proof of Claim may unnecessarily delay distributions that would otherwise be available for the benefit of all creditors. Without liquidation, Plaintiff's Proof of Claim will remain unresolved and pending on the claims register. The GUC Trust would thus be required to delay its final distributions

pending liquidation of the Proof of Claim, a result that would be unfairly prejudicial to other unsecured creditors who have timely filed proofs of claim.

9. This Court should not allow the Proof of Claim to remain unliquidated and pending on the claims register while Plaintiffs pursue their litigation against other parties. Plaintiffs must litigate their claims against GM in order to liquidate the amount of the Proof of Claim. If Plaintiffs no longer wish to pursue the Action they filed, they should be required to dismiss GM from the Action and withdraw their Proof of Claim.

WHEREFORE, for the reasons set forth above and in the Motion, the GUC Trust respectfully requests that the Court grant the Motion, and grant such other and further relief as is just.

Dated: New York, New York
April 25, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Vance L. Beagles
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust