**PRESENTMENT DATE AND TIME:  May 10, 2012 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE:  May 10, 2012 at 11:30 a.m. (Eastern Time)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Joshua Weisser
Keith Martorana

*Attorneys for the Motors Liquidation Company*
*Avoidance Action Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| In re<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.*,<br>**f/k/a General Motors Corp.,** *et al.*<br><br>Debtors. | Chapter 11 Case No.<br><br>09-50026 (REG)<br><br>**(Jointly Administered)** |

------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF MOTION OF WILMINGTON TRUST
COMPANY, AS AVOIDANCE ACTION TRUST ADMINISTRATOR, TO
APPROVE AN AMENDMENT AND RESTATEMENT OF THE MOTORS
LIQUIDATION COMPANY AVOIDANCE ACTION TRUST AGREEMENT**

**PLEASE TAKE NOTICE** that upon the annexed motion, dated April 26, 2012 (the "**Motion**") of Wilmington Trust Company, solely in its capacity as trust administrator and trustee (in such capacity, the "**Trust Administrator**"), of the Motors Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan dated March 18, 2011, for an order, pursuant to Sections 1142(b) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. and section 13.13 of the Motors Liquidation Company Avoidance Action Trust Agreement dated as of March 30, 2011 (the "**Original Trust Agreement**"), approving an amendment

and restatement of the Original Trust Agreement, all as more fully set forth in the Motion, the undersigned will present the attached proposed order (the "**Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, for signature on **May 10, 2012 at 12:00 noon (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn:

Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as

to be received no later than **May 10, 2012 at 11:30 a.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Trust Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court the Order, which Order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
         April 26, 2012

                                    GIBSON, DUNN & CRUTCHER LLP

                                    By:    /s/ Matthew J. Williams

                                    Matthew J. Williams
                                    Joshua Weisser
                                    Keith Martorana
                                    200 Park Avenue
                                    New York, NY 10166-0193
                                    (212) 351-4000

                                    *Attorneys for the Motors Liquidation Company*
                                    *Avoidance Action Trust Administrator*

**PRESENTMENT DATE AND TIME:  May 10, 2012 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE:  May 10, 2012 at 11:30 a.m. (Eastern Time)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Joshua Weisser
Keith Martorana

*Attorneys for the Motors Liquidation Company*
*Avoidance Action Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, f/k/a General Motors Corp., *et al.* | **09-50026 (REG)** |
| Debtors. | **(Jointly Administered)** |

**MOTION OF WILMINGTON TRUST COMPANY,
AS AVOIDANCE ACTION TRUST ADMINISTRATOR, TO
APPROVE AN AMENDMENT AND RESTATEMENT OF THE MOTORS
LIQUIDATION COMPANY AVOIDANCE ACTION TRUST AGREEMENT**

**TO:  THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "**Trust Administrator**"), of the Motors Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**") established under Article VI of the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 (Docket No. 9836) (as confirmed, the "**Plan**") of the above-captioned post-effective date debtors (the "**Debtors**"), by and through the undersigned counsel, submits this motion (the "**Motion**") seeking entry of an Order, pursuant to Sections 1142(b) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**") and section 13.13 of the Motors Liquidation

Company Avoidance Action Trust Agreement dated as of March 30, 2011 (the "**Original Trust Agreement**"), approving an amendment and restatement of the Original Trust Agreement substantially in the form attached hereto as Exhibit B (the "**Amendment and Restatement**," and the Original Trust Agreement, as amended and restated, the "**Amended and Restated Trust Agreement**"),[1] and in support thereof, respectfully represents as follows:[2]

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b), paragraph II of the order confirming the Plan (Docket No. 9941) (the "**Confirmation Order**"), Article XI of the Plan and Section 13.3 of the Original Trust Agreement. The statutory predicates for the relief sought herein are Sections 1142(b) and 105(a) of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

2. On or about March 29, 2011, this Court entered the Confirmation Order. The Avoidance Action Trust was established under Delaware law on March 30, 2011 pursuant to the Plan and the Confirmation Order; however, the Avoidance Action Trust did not become effective until the Avoidance Action Trust Transfer Date (as defined below). The effective date of the Plan was March 31, 2011.

3. The Avoidance Action Trust was created to, upon its effectiveness, hold, administer and distribute (to the extent any proceeds are recovered thereon) the assets delivered to the Avoidance Action Trust pursuant to the Plan (the "**Avoidance Action Trust Assets**"). As of December 15, 2011, the Avoidance Action Trust Assets consisted primarily

---

[1] A blackline comparison of the Amended and Restated Trust Agreement to the Original Trust Agreement is attached hereto as Exhibit C.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan and Original Trust Agreement, as applicable.

2

of (i) cash in the original amount of approximately $1.6 million (the "**Avoidance Action Trust Administrative Fund**") for the purposes of paying the fees and expenses incurred by the Avoidance Action Trust, the Trust Administrator and the monitor of the Avoidance Action Trust (the "**Trust Monitor**"), (ii) $500,000 for the purposes of funding any costs, fees or expenses incurred by the Avoidance Action Trust that are directly or indirectly related to reports that may be required to be filed by the Avoidance Action Trust with the U.S. Securities and Exchange Commission, and (iii) the Term Loan Avoidance Action (and any proceeds thereof).[3] On December 15, 2011 (the "**Avoidance Action Trust Transfer Date**"), the Avoidance Action Trust Assets were transferred to the Avoidance Action Trust and the Avoidance Action Trust became effective.

4.  On January 20, 2012, the Trust Administrator, in conjunction with the trust administrator and trustee of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), filed a motion (the "**Liquidation Motion**") (Docket No. 11330) seeking authority, in part, to liquidate and transfer to the Avoidance Action Trust a portion of the New GM Securities then held by the GUC Trust for the purposes of funding accrued and projected fees, costs and expenses of the Avoidance Action Trust (the "**Avoidance Action Trust Shares**"). As described more fully in the Liquidation Motion, the Avoidance Action Trust Administrative Fund appeared to be insufficient to fund litigation costs related to the Term Loan Avoidance Action and to satisfy the Avoidance Action Trust's general administrative costs. The relief requested in the Liquidation Motion was intended to remedy this anticipated shortfall.

---

[3] The "**Term Loan Avoidance Action**" means the Avoidance Action commended by the Official Committee of Unsecured Creditors of Motors Liquidation Company against JPMorgan Chase Bank, N.A., individually and as Administrative Agent, and various lenders party to a term loan agreement, dated as of November 29, 2006, between General Motors Corporation, as borrower, JPMorgan Chase Bank, N.A., as agent, and various institutions as lenders and agents, styled *Official Committee of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A. et al.*, Adv. Pro. No. 09-00504 (Bankr. S.D.N.Y. July 31, 2009).

5.      On March 8, 2012, this Court entered an order approving the Liquidation Motion (the "**Liquidation Order**") to the extent set forth therein (Docket No. 11507). Between the dates of March 12, 2012 and March 20, 2012, the GUC Trust sold (with respect to the Avoidance Action Trust Shares) New GM Securities in an amount that generated proceeds equal to $13,715,264 (the "**Supplemental Avoidance Action Trust Cash**").

6.      The GUC Trust has not yet transferred the Supplemental Avoidance Action Trust Cash to the Avoidance Action Trust. The delay was based primarily on concerns regarding the potential effects of such transfer on prior rulings of the Internal Revenue Service (the "**IRS**") with respect to the tax characterization of (i) the Debtors' section 363 sale of assets to New GM (as defined in the Plan) consummated in 2009 and (ii) the GUC Trust's tax status as a "disputed ownership fund." In that regard, the Liquidation Order prohibited the GUC Trust from transferring the Supplemental Avoidance Action Trust Cash to the Avoidance Action Trust unless and until a favorable ruling was received from the IRS with respect to the effect of such transfer on its prior rulings (the "**Favorable IRS Ruling**"). *See* Liquidation Order p. 3.

7.      On April 24, 2012, the GUC Trust received the Favorable IRS Ruling, satisfying the conditions precedent set forth in the Liquidation Order for the transfer of the Supplemental Avoidance Action Trust Cash to the Avoidance Action Trust. However, the Original Trust Agreement does not contemplate funding sources other than the Avoidance Action Trust Administrative Fund, nor does it contain any mechanical procedures for the receipt, administration or disbursement of the Supplemental Avoidance Action Trust Cash.[4]

---

[4] The Liquidation Motion initially included, as part of the requested relief, a request for Court approval of an amendment and restatement to the Original Trust Agreement. However, the need for the Favorable IRS Ruling became apparent only after the filing of the Liquidation Motion; as such, the Trust Administrator determined that it would be prudent to withdraw such request for relief until a time after the IRS had reviewed the proposed Amendment and Restatement and issued the Favorable IRS Ruling. As a result, prior to the hearing on the Liquidation Motion, the portion of the requested relief related to the amendment and restatement of the Original Trust Agreement was withdrawn.

4

8. Accordingly, modification of the Original Trust Agreement is required to establish the proper structure for the receipt and use of the Supplemental Avoidance Action Trust Cash.

**RELIEF REQUESTED**

9. By this Motion, the Trust Administrator seeks entry of an order, in the form attached hereto as Exhibit A, authorizing the Trust Administrator to make certain technical amendments to the Original Trust Agreement to ensure that the Supplemental Avoidance Action Trust Cash, upon receipt from the GUC Trust, is properly (i) held and administered during the life of the Avoidance Action Trust, (ii) disbursed to pay the fees, costs and expenses of the Avoidance Action Trust, and (iii) distributed to the holders of Allowed General Unsecured Claims (as defined in the Plan) in the event that either (A) all or a portion of the Supplemental Avoidance Action Trust Cash is unused or (B) the Avoidance Action Trust realizes proceeds of the Term Loan Avoidance Action.[5] A summary of the most significant changes reflected in the Amendment and Restatement are presented below:[6]

- Receipt and Administration – The Original Trust Agreement provides only for the establishment of one cash account to be used in connection with the satisfaction of the general fees, costs and expenses of the Avoidance Action Trust, which account is to be funded with the Avoidance Action Trust Administrative Fund. *See* Original Trust Agreement §§ 8.1(I)(b)(xvii); 8.4(a). Such account is, and the funds held therein are, subject to the liens of the DIP Lenders (as defined in the Plan). *See* Original Trust Agreement §§ 2.3(a); 8.4(a). Thus, to avoid the

---

[5] In addition, the Amendment and Restatement formalizes the procedures for selling interests in or granting liens on the Term Loan Avoidance Action. *See, e.g.* Amended and Restated Trust Agreement §§ Background (H); 1.1(eee); 6.1(d). These substantive concepts (i.e. the authority to sell interests in or grant liens on the Term Loan Avoidance Action) were already present and available to the Trust Administrator in the Original Trust Agreement. *See* Original Trust Agreement §§ Background (H)(vi); 8.1(I)(b)(iii) (providing the Trust Administrator with the authority to sell or grant liens on the Term Loan Avoidance Action). However, as with the Supplemental Avoidance Action Trust Cash, the Original Trust Agreement contained no mechanical provisions which would properly permit the use of any cash received from the sale of interests in, or the granting of liens upon the Term Loan Avoidance Action. As such, the revisions reflected in the Amendment and Restatement are necessary to give effect to the substantive concepts that were already present in the Original Trust Agreement in this regard. For the avoidance of any doubt, the Trust Administrator does not have any present intent to sell interests in, or grant liens upon, the Term Loan Avoidance Action if it is able to access the Supplemental Avoidance Action Trust Cash.

[6] The description of the Amendment and Restatement are provided for convenience only and are qualified in full by the Amended and Restated Avoidance Action Trust Agreement attached as Exhibit B hereto.

5

inequitable result of the DIP Lenders inadvertently obtaining liens on the Supplemental Avoidance Action Trust Cash, the concept of cash to be received from the GUC Trust and the creation of a segregated account (the "**Segregated Account**") to hold such cash (on which the DIP Lenders do not possess liens) was added to the Amended and Restated Trust Agreement. *See, e.g.*, Amended and Restated Trust Agreement §§ 1.1 (nn); 2.3(f); 8.1(I)(b)(xix).

- Use and Disbursement – The Original Trust Agreement provides only for the use of the Avoidance Action Trust Administrative Fund to satisfy fees, costs and expenses of the Avoidance Action Trust. Upon the addition of the Supplemental Avoidance Action Trust Cash as a source of funding under the Amended and Restated Trust Agreement, several provisions regarding the use of cash to satisfy fees, costs and expenses of the Avoidance Action Trust required updating to reflect this new cash source. *See, e.g.*, Amended and Restated Trust Agreement §§ Background (H) and 6.1(c) (providing the Trust Administrator with the authority to expend the Supplemental Avoidance Action Trust Cash to cover fees and expenses); § 8.3 (permitting the use of Supplemental Avoidance Action Trust Cash for the payment of Trust Professionals); § 9.6 (permitting the use of Supplemental Avoidance Action Trust Cash to cover compensable indemnity claims); §§ 9.7 and 11.5 (permitting the use of Supplemental Avoidance Action Trust Cash to cover fees of the Trust Administrator and Trust Monitor).

- Repayment – The Original Trust Agreement does not contemplate any sources of funding other than the Avoidance Action Trust Administrative Fund (on which the DIP Lenders possess liens); as such, any "repayment" of funds used for the administration of the Avoidance Action Trust is contemplated to be delivered solely to the DIP Lenders. *See e.g.* Original Trust Agreement §§ 1.1(w); 5.1(d)(i) (providing that, upon any realization of proceeds from the Term Loan Avoidance Action, an amount of cash equal to the funds expended on administration of the Avoidance Action Trust are to be distributed first to the DIP Lenders (the "**DIP Lender Advances**")); § 2.6(b) (providing that if any portion of the Avoidance Action Trust Administrative Fund remains upon dissolution of the Avoidance Action Trust, such funds shall be delivered to the DIP Lenders).

  To avoid the inequitable result of the DIP Lenders inadvertently receiving a "repayment" of the Supplemental Avoidance Action Trust Cash, the Amended and Restated Trust Agreement provides for modified distribution waterfall in the event that any proceeds of the Term Loan Avoidance Action are realized by the Avoidance Action Trust. In that regard, any such cash proceeds will first be distributed to the DIP Lenders in the amount of the DIP Lender Advances. *See* Amended and Restated Trust Agreement § 5.1(d). Second, the proceeds will be deposited into the Segregated Account in the amount of the cash previously deducted from that account for purposes of funding the fees, costs and expenses of the Avoidance Action Trust, which such Segregated Account will be reserved for distribution solely to the holders of Allowed General Unsecured Claims. *Id.* Third, and finally, the remaining proceeds will be distributed to the beneficiaries of the Avoidance Action Trust (whether they be the DIP Lenders or the holders of Allowed General Unsecured Claims). *Id.*

6

10. The modifications to the Original Trust Agreement to be effected by the Amendment and Restatement are of a technical nature – the substantive relief which these modifications effect (the transfer of the Supplemental Avoidance Action Trust Cash from the GUC Trust to the Avoidance Action Trust) was previously considered by this Court and authorized. *See* Liquidation Order p. 3. Absent the relief requested in this Motion, the Avoidance Action Trust will be unable to properly implement the transfer of the Supplemental Avoidance Action Trust Cash. Any such transfer prior to the implementation of proper mechanics to administer and disburse such funds would create uncertainty (and potentially litigation) over the proper recipients of such funds. Accordingly, the relief requested in this Motion should be approved.

## NOTICE

11. The Trust Administrator has served notice of this Motion on (i) the Office of the United States Trustee, Tracy Hope Davis, Esq. for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, and (ii) parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (Docket No. 10183). The Trust Administrator submits that no other or further notice need be provided.

# CONCLUSION

WHEREFORE, the Trust Administrator respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> approving the Amendment and Restatement of the Original Trust Agreement substantially in the form attached hereto as <u>Exhibit B</u>, and grant such other and further relief as may be deemed just and proper.

Dated: New York, New York
April 26, 2012

GIBSON, DUNN & CRUTCHER LLP

By:    /s/ Matthew J. Williams

Matthew J. Williams
Joshua Weisser
Keith Martorana
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

*Attorneys for the Motors Liquidation Company*
*Avoidance Action Trust Administrator*

8