HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: May 24, 2012 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**MOTORS LIQUIDATION COMPANY, et al.,**   :        **09-50026 (REG)**
      **f/k/a General Motors Corp., et al.**      :
                                                         :
               **Debtors.**                        :        **(Jointly Administered)**
                                                         :
------------------------------------------------------------x

## NOTICE OF 277th OMNIBUS OBJECTION TO CLAIMS
### (Insufficient Documentation)

**PLEASE TAKE NOTICE** that on April 27, 2012, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed their 277th Omnibus Objection to expunge certain claims (the "**277th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 277th

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **May 31, 2012, at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 277th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 277th Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

2

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust

3

DOCSNY-502816

Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later

than **May 24, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 277th Omnibus Objection to Claims or any claim set forth thereon, the

GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 277th Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      April 27, 2012

                /s/ Stefanie Birbrower Greer
                Barry N. Seidel (BS-1945)
                Stefanie Birbrower Greer (SG-2898)

                DICKSTEIN SHAPIRO LLP
                1633 Broadway
                New York, New York 10019-6708
                Telephone: (212) 277-6500
                Facsimile: (212) 277-6501

                Attorneys for Motors Liquidation
                Company GUC Trust

DOCSNY-502816

HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: May 24, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.**, *et al.* | : |  |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------x

## 277th OMNIBUS OBJECTION TO CLAIMS
### (Insufficient Documentation)

---

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1.      The GUC Trust files this 277th omnibus objection to certain claims (the **"277th Omnibus Objection to Claims"**) pursuant to section 502(b) of title 11, United States Code (the **"Bankruptcy Code"**), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the **"Procedures Order"**) (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the **"Bar Date Order"**) (ECF No. 4079), seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

2.      Representatives of the GUC Trust have examined the proofs of claim identified on **Exhibit "A"** and have made every effort to ascertain the validity of such claims. After careful review, the GUC Trust has determined that the proofs of claim listed on **Exhibit "A"** (collectively, the **"Insufficient Documentation Claims"**) fail to provide sufficient documentation to ascertain the validity of such claims. Thus, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Bar Date Order, the GUC Trust seeks entry of an order disallowing and expunging the Insufficient Documentation Claims from the claims register.

---

[1]      Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

2

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5.      On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim). On October 6, 2009, the Court entered the Procedures Order. The Procedure Order authorizes the Debtors, among other things, to file

---

[2]      The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]      The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

3

omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6.    On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled *"The GUC Trust,"* provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

### The Relief Requested Should Be Approved by the Court

7.    A proof of claim *must* "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 258 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see Ashford v. Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

8.    The Bar Date Order requires, among other things, that a proof of claim must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include supporting documentation or an explanation as to why such documentation is not available." (Bar Date Ord. at 2.) The Insufficient Documentation Claims do not contain sufficient information to evaluate such claims. Accordingly, they should be disallowed and expunged.

4

9.     The GUC Trust reserves all of their rights to object on any other basis to any Insufficient Documentation Claims as to which the Court does not grant the relief requested herein.

**Notice**

10.     Notice of this 277th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

11.     No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
          April 27, 2012

                    /s/ Stefanie Birbrower Greer
                    Barry N. Seidel (BS-1945)
                    Stefanie Birbrower Greer (SG-2898)

                    DICKSTEIN SHAPIRO LLP
                    1633 Broadway
                    New York, New York 10019-6708
                    Telephone: (212) 277-6500
                    Facsimile: (212) 277-6501

                    Attorneys for Motors Liquidation
                    Company GUC Trust

DOCSNY-502816

277th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ARNSWALD, KERRY N<br>1587 MARY LN W<br><br>ARBOR VITAE, WI 54568 | 28328 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$30,000.00<br>$30,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| BROWN, GLEN L<br>2920 S ESTRELLA CIR<br><br>MESA, AZ 85202-7842 | 1831 | Motors Liquidation Company | Unliquidated | | Insufficient Documentation | Pgs. 4-5 |
| ERDMAN, DARYL<br>4436 S 65TH ST<br><br>GREENFIELD, WI 53220-3420 | 12112 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$153,000.00<br>$153,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| EVERETT CHEVROLET INC<br>C/O HOGUET NEWMAN REGAL & KENNEY LLP<br>JOSHUA D RIEVMAN ESQ<br>ATTNY FOR EVERETT CHEVROLET<br>10 EAST 40TH STREET<br>NEW YORK, NY 10016-0200 | 36855 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$5,000,000.00<br>$5,000,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| F LEE MAJOR III<br>DAVID W EDGAR<br>EDGAR LAW FIRM LLC<br>1032 PENNSYLVANIA<br>KANSAS CITY, MO 64105 | 68596 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$200,000.00<br>$200,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| GUNDERSON LAW FIRM<br>3895 WARREN WAY<br><br>RENO, NV 89509 | 1050 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$9,515.01<br>$9,515.01 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| INTEVA PRODUCTS LLC<br>ATTN GENERAL COUNSEL<br>1401 CROOKS ROAD<br>TROY, MI 48084 | 66269 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$120,000.00<br>$120,000.00<br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| JAMES S HENDERSON<br>C/O DAVID W EDGAR<br>EDGAR LAW FIRM LLC<br>1032 PENNSYLVANIA<br>KANSAS CITY, MO 64105 | 68598 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$100,000.00<br>$100,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| JOHN T MAJOR<br>DAVID W EDGAR<br>EDGAR LAW FIRM LLC<br>1032 PENNSYLVANIA<br>KANSAS CITY, MO 64105 | 68597 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$100,000.00<br>$100,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| M3S SPORTS LLC<br>ATTN: CORPORATE OFFICER/AUTHORIZED AGENT<br>5003 HORIZONS DRIVE<br>COLUMBUS, OH 43220-5286 | 16683 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$10,000.00<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

277th Omnibus Objection

**Exhibit A**

<u>Motors Liquidation Company, et al.</u>
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| MAJOR CADILLAC COMPANY, INC<br>DAVID W EDGAR<br>EDGAR LAW FIRM, LLC<br>1032 PENNSYLVANIA<br>KANSAS CITY, MO 64105 | 63340 | Motors Liquidation Company | $0.00 | (S) | Insufficient Documentation | Pgs. 4-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $902,357.36 | (U) | | |
| | | | $902,357.36 | (T) | | |
| MEYER, JOHN<br>2413 SW 2ND STREET TER<br>BLUE SPRINGS, MO 64014-4605 | 28968 | Motors Liquidation Company | $0.00 | (S) | Insufficient Documentation | Pgs. 4-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $1,100.00 | (U) | | |
| | | | $1,100.00 | (T) | | |
| MRS TERRY L LOVE<br>PO BOX 585<br>FLINT, MI 48501-0585 | 69755 | Motors Liquidation Company | $0.00 | (S) | Insufficient Documentation | Pgs. 4-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $18,000.00 | (U) | | |
| | | | $18,000.00 | (T) | | |
| PALMER, SHARON<br>7058 SHENANDOAH TRL<br>AUSTELL, GA 30168-6699 | 49544 | Motors Liquidation Company | Unliquidated | | Insufficient Documentation | Pgs. 4-5 |
| PRITCHARD, SUSAN<br>C/O CHRISTENSEN LAW<br>ATTN: THOMAS CHRISTENSEN, ESQ.<br>1000 S. VALLEY VIEW BLVD.<br>LAS VEGAS, NV 89107-4448 | 65407 | Motors Liquidation Company | $0.00 | (S) | Insufficient Documentation | Pgs. 4-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $500,000.00 | (U) | | |
| | | | $500,000.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

277th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| SMITH, TAMARA<br>2721 BIRD ST APT B<br><br>FORT WORTH, TX 76111-2478 | 21061 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$75,000.00<br>$75,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| UNITED HEALTHCARE AND BUNGE NORTH AMERICA<br>INGENIX<br>10701 WEST RESEARCH DRIVE W1030-3550<br>WAUWATOSA, WI 53226 | 7272 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$315,648.02<br>$315,648.02 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| UNIVERSAL UNDERWRITERS INS CO & ITS AFFILIATES<br>C/O FOX HEFTER SWIBEL LEVIN & CARROLL LLP<br>ATTN MARGARET M ANDERSON<br>200 W MADISON ST SUITE 3000<br>CHICAGO, IL 60606 | 70572 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$9,884,703.00<br>$9,884,703.00<br><br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| VICTORY MEDIA INC DBA MILITARY SPOUSE<br>429 MILL ST<br><br>CORAOPOLIS, PA 15108 | 527 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$9,456.00<br>$9,456.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 19 | | $0.00<br>$0.00<br>$0.00<br>$17,428,779.39<br>$17,428,779.39 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: May 24, 2012 at 4:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                              :

**In re**                            :      **Chapter 11 Case No.**
                              :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*    :
                              :

               **Debtors.**      :      **(Jointly Administered)**
                              :

----------------------------------------------------------x

## <u>ORDER GRANTING THE 277th OMNIBUS OBJECTION TO CLAIMS</u>
### (Insufficient Documentation)

Upon the 277th omnibus objection to expunge certain claims, dated April 27, 2012 (the "**277th Omnibus Objection to Claims**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging the Insufficient Documentation Claims[4] listed on the Order Exhibit (as defined below) on the grounds that such claims fail to provide sufficient

---

[4]     Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the 277th Omnibus Objection.

documentation to ascertain the validity of the claims, all as more fully described in the 277th Omnibus Objection to Claims; and due and proper notice of the 277th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 277th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 277th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 277th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibit "A"** annexed to the 277th Omnibus Objection to Claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

2

DOCSNY-502816