HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: May 24, 2012 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,         :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*      :
                                              :
           Debtors.                           :    (Jointly Administered)
                                              :
------------------------------------------------------------x

### NOTICE OF 278th OMNIBUS OBJECTION TO CLAIMS
(Incorrectly Classified Claims)

**PLEASE TAKE NOTICE** that on April 27, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed their 278th omnibus objection to reclassify certain claims (the "**278th Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 278th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

DOCSNY-502847

of New York, One Bowling Green, New York, New York 10004, on **May 31, 2012, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 278th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 278th Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

2

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust

DOCSNY-502847

Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **May 24, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 278th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 278th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      April 27, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

DOCSNY-502847

HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: May 24, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
f/k/a General Motors Corp., *et al.* :
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**278th OMNIBUS OBJECTION TO CLAIMS**
(Incorrectly Classified Claims)

> THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.
> CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON
> THE EXHIBIT ANNEXED TO THIS OBJECTION.

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

DOCSNY-502847

## Relief Requested

1. The GUC Trust files this 278th omnibus objection to certain claims (the "**278th Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order reclassifying the claims listed on **Exhibit "A"** annexed hereto so that they are in accordance with the Bankruptcy Code.[1]

2. Representatives of the GUC Trust have examined the proofs of claim identified on **Exhibit "A"** hereto and have determined that the proofs of claim listed under the heading "*Claims to be Reclassified*" (collectively, the "**Incorrectly Classified Claims**") are claims that are not entitled to secured status because they are not secured by a lien on property in which the estate has an interest or subject to a right of setoff under section 553 of the Bankruptcy Code, nor are they entitled to administrative and/or priority status under any subsections of section 503 or 507(a) of the Bankruptcy Code.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

## Background

4. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009, as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

6. On October 6, 2009, this Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

3

7. On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled *"The GUC Trust,"* provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

### The Relief Requested Should Be Approved by the Court

8. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Additionally, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9. Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553…to the extent of the value of such creditor's interest in the estate's interest in such property…" *Id.* § 506(a).

10. Section 507 of the Bankruptcy Code outlines the specific types of claims that are entitled to priority over other general unsecured claims asserted against the debtor.

4

11. Section 503 of the Bankruptcy Code establishes an administrative expense priority for certain enumerated categories of estate expenses.

12. The GUC Trust has reviewed and determined that each Incorrectly Classified Claim improperly asserts that it is a secured, administrative, and/or priority claim. The Incorrectly Classified Claims (i) are not secured by a lien on property in which the estate has an interest or subject to setoff under section 553 of the Bankruptcy Code, (ii) are not entitled to administrative expense status under any of the subsections of section 503 of the Bankruptcy Code, and/or (iii) are not entitled to priority status under any of the subsections of section 507(a) of the Bankruptcy Code. Accordingly, the GUC Trust requests that the Court enter an order reclassifying the secured, administrative, and/or priority portions of each Incorrectly Classified Claim as Indicated on **Exhibit "A."**

13. The GUC Trust reserves all of its rights to object on any other basis to any Claims as to which the Court does not grant the relief requested herein.

### Notice

14. Notice of this 278th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other further notice be provided.

15. No previous request for the relief sought herein has been made by the GUC Trust or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
April 27, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

6

278th Omnibus Objection

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

# Exhibit A

## CLAIMS TO BE RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| ANGELA HOOPER<br>9344 TRUE AVE<br>DOWNEY, CA 90240-2533<br>Official Claim Date: 11/25/2009 | 48381 | Motors Liquidation Company | $0.00<br>$0.00<br>$30,142.42<br>$0.00<br>$30,142.42 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | $0.00<br>$0.00<br>$0.00<br>$30,142.42<br>$30,142.42 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | Incorrectly Classified Claim | Pgs. 4-5 |
| DONALD B JACKSON<br>3502 DARIEN DRIVE<br>TROTWOOD, OH 45426-2301<br>Official Claim Date: 11/21/2009 | 33487 | Motors Liquidation Company | $810.62<br>$0.00<br>$0.00<br>$0.00<br>$810.62 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | $0.00<br>$0.00<br>$0.00<br>$810.62<br>$810.62 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | Incorrectly Classified Claim | Pgs. 4-5 |
| JENNIFER DENNY<br>1855 LONG HOLLOW RD<br>LAFOLLETTE, TN 37766<br>Official Claim Date: 1/7/2010 | 69723 | Motors Liquidation Company | $6,664.86<br>$0.00<br>$6,664.86<br>$0.00<br>$13,329.72 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | $0.00<br>$0.00<br>$0.00<br>$13,329.72<br>$13,329.72 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | Incorrectly Classified Claim | Pgs. 4-5 |

(1) The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**278th Omnibus Objection**

**Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

## Exhibit A

### CLAIMS TO BE RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| MARK FRANCIS<br>141 WEST 10TH STREET<br>NEW YORK, NY 10014<br>Official Claim Date: 6/26/2009 | 568 | Motors Liquidation Company | $2,900.00<br>$0.00<br>$2,425.00<br>$2,900.00<br>$8,225.00 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | $0.00<br>$0.00<br>$0.00<br>$2,900.00<br>$2,900.00 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | Incorrectly Classified Claim | Pgs. 4-5 |
| TRANSTECH ASSOCIATES<br>242 SO. WASHINGTON BLVD., #120<br>SARASOTA, FL 34236<br>Official Claim Date: 1/29/2011 | 70720 | Motors Liquidation Company | $0.00<br>$9,822.00<br>$0.00<br>$0.00<br>$9,822.00 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | $0.00<br>$0.00<br>$0.00<br>$9,822.00<br>$9,822.00 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | Incorrectly Classified Claim | Pgs. 4-5 |

### CLAIMS TO BE RECLASSIFIED

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 5 | $10,375.48<br>$9,822.00<br>$39,232.28<br>$2,900.00<br>$62,329.76 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | $0.00<br>$0.00<br>$0.00<br>$57,004.76<br>$57,004.76 | (Secured Claim)<br>(Administrative Expense Claim)<br>(Priority Claim)<br>(Unsecured Claim)<br>(Total Claim) | | |

(1) The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: May 24, 2012 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                     : Chapter 11 Case No.
                                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,                     : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                  :
                                                          :
                    Debtors.                              : (Jointly Administered)
                                                          :
------------------------------------------------------------x

## ORDER GRANTING THE 278th OMNIBUS OBJECTION TO CLAIMS
(Incorrectly Classified Claims)

Upon the 278th omnibus objection to reclassify certain claims, dated April 27, 2012 (the "**278th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order reclassifying the Incorrectly Classified Claims on the grounds that each Incorrectly Classified Claim was incorrectly classified by claimant, all as more fully described in the 278th Omnibus Objection to Claims; and due and proper notice of the 278th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 278th Omnibus Objection to Claims.

Court having found and determined that the relief sought in the 278th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 278th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 278th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed as **Exhibit "A"** which are classified by the claimant as secured, priority or otherwise, are hereby reclassified as unsecured claims; and it is further

ORDERED that, with respect to this 278th Omnibus Objection to Claims, the GUC Trust reserves all of its rights to object on any other basis to any Incorrectly Classified Claim; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibit "A"** annexed to the 278th Omnibus Objection to claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge