**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY *et al.*,<br><br>f/k/a GENERAL MOTORS CORP. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER BETWEEN
THE GUC TRUST AND THE UNITED STATES OF AMERICA**

It is hereby stipulated and agreed by the Motors Liquidation Company GUC Trust (the "**GUC Trust**") through its attorneys, Weil, Gotshal & Manges LLP, and the United States of America (the "**United States**" or "**Government**" and together with the GUC Trust, the "**Parties**"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, as follows:

WHEREAS, on June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and four of its affiliated debtors, (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, the Remediation and Liability Management Company ("**REALM**") and the Environmental and Corporate Remediation Company, Inc. ("**ENCORE**" and, together with the Initial Debtors, the "**Debtors**"), commenced voluntary cases under chapter 11 of the Bankruptcy Code;

WHEREAS, the chapter 11 cases filed by the Initial Debtors, REALM and ENCORE have been consolidated for procedural purposes and are being administered jointly as Case No. 09-50026 (REG) and have been deemed substantively consolidated;

WHEREAS on March 29, 2011, the Court issued its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan of Liquidation**") which, among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan ("**Plan**"), and established the GUC Trust pursuant to the Motors Liquidation Company GUC Trust Agreement;

WHEREAS pursuant to the Plan of Liquidation, the Debtors have dissolved and the GUC Trust is authorized to resolve all remaining claims on behalf of the Debtors;

WHEREAS, on November 28, 2009, the United States of America (the "**United States**"), on behalf of the United States Environmental Protection Agency ("**EPA**"), the United States Department of the Interior, and the United States Department of Commerce, acting through the National Oceanic and Atmospheric Administration, timely filed a proof of claim (the "**Proof of Claim**") against MLC;

WHEREAS, one of the sites for which the Proof of Claim asserted environmental obligations by the Debtors to EPA under the Comprehensive Environmental Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. §§ 9601-9675, is the Lower Ley Creek Site, a subsite of the Onondaga Lake Superfund Site in New York that includes the entire portion of Ley Creek from the Route 11 Bridge to the mouth of Ley Creek at Onondaga

Lake, including Old Ley Creek Channel, a tributary of Ley Creek formed when Ley Creek was rerouted in the early 1970s;

WHEREAS, the United States, the State of New York, and Debtors entered into a Consent Decree and Settlement Agreement with respect to certain environmental liabilities asserted against Debtors at the Lower Ley Creek Site (the "**Lower Ley Creek Consent Decree and Settlement Agreement**") and are simultaneously lodging the Lower Ley Creek Consent Decree and Settlement Agreement with the Bankruptcy Court;

WHEREAS, the Lower Ley Creek Consent Decree and Settlement Agreement resolves Debtors' liabilities to EPA at the Lower Ley Creek Site for an allowed general unsecured claim in the amount of $38,344,177, classified in Class 3 under the Plan of Liquidation;

WHEREAS, allowed general unsecured claims classified in Class 3 under Debtors' Plan of Liquidation will be satisfied through the GUC Trust established pursuant to Debtors' Plan of Liquidation, including through the GUC Trust's distribution of New GM securities and GUC Trust Units, as defined in Debtors' Plan of Liquidation;

WHEREAS, Debtors' Plan of Liquidation provides for the distribution of New GM securities and GUC Trust Units in satisfaction of allowed general unsecured claims classified in Class 3 on the earliest GUC Trust distribution date that is reasonably practicable;

WHEREAS, Section 5.7 of Debtors' Plan of Liquidation provides that "[n]othing in the Plan shall limit or affect any right of the United States to offset (subject to obtaining Bankruptcy Court approval to the extent required) any obligation owed by the United States to the Debtors against any obligation owed by the Debtors to the United States";

3

WHEREAS, the United States has reason to believe that certain of the Debtors' disputed prepetition claims will be resolved in a manner that will give rise to a right to offset those claims in partial satisfaction of prepetition obligations owed by the Debtors to the United States;

WHEREAS, the United States seeks to preserve the right to offset certain obligations owed by the Debtors to EPA under the Lower Ley Creek Consent Decree and Settlement Agreement, rendering those obligations subject to offset at the Lower Ley Creek Site;

WHEREAS, such offset would result in a reduction of EPA's allowed general unsecured claim at the Lower Ley Creek Site by $17,305,000 (leaving a Class 3 General Unsecured Claim in the amount of $21,039,177);

NOW, THEREFORE, upon the consent and agreement of the parties to this Stipulation by their attorneys and authorized officials, it is hereby agreed as follows:

1. Upon approval by the Bankruptcy Court of the Lower Ley Creek Consent Decree and Settlement Agreement and this Stipulated Order, the GUC Trust shall, in accordance with Debtors' Plan of Liquidation, distribute to EPA New GM securities and GUC Trust Units on account of an allowed general unsecured claim in Class 3 at the Lower Ley Creek Site in the amount of $21,039,177.

2. The GUC Trust Administrator (as defined in the Plan of Liquidation) shall reserve for additional Class 3 general unsecured claims in the amounts of $17,305,000 for EPA's claims at the Lower Ley Creek Site (the "**Potential Offset Reserve**") in the event that the right of offset anticipated by the United States does not materialize.

3. In the event that the right of offset anticipated by the United States does not materialize, the United States shall advise the GUC Trust in writing no later than thirty (30) days prior to the last GUC Trust distribution date that EPA no longer asserts a right of setoff in

4

connection with the Lower Ley Creek Site. In such event, the GUC Trust Administrator shall make distributions to EPA on account of the full amount of the Potential Offset Reserve on the next succeeding GUC Trust distribution date.

4. In the event the right of offset anticipated by the United States is exercised, the United States shall promptly, but in no event later than thirty (30) days prior to the last GUC Trust distribution date, advise the GUC Trust that such exercise has been made after either obtaining (i) the consent of New GM (as defined in the Plan of Liquidation) for the offset or, (ii) an order of this Court determining that the offset is appropriate under the terms of the MSPA (as defined in the Plan of Liquidation) or under applicable law. The GUC Trust Administrator shall thereafter be authorized to release the Potential Offset Reserve.

5. Nothing in this Stipulation shall prejudice the rights of the United States to assert any additional right of offset available to the United States pursuant to Section 5.7 of Debtors' Plan of Liquidation.

6. This Stipulation is expressly subject to and contingent upon the entry of the Lower Ley Creek Settlement Agreement and Consent Decree. If the Lower Ley Creek Settlement Agreement and Consent Decree does not become effective, this Stipulation shall be null and void.

7. Entry of this Stipulation by the Court shall be binding on all interested parties.

[SIGNATURE PAGES FOLLOW]

**THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT:**

**FOR THE UNITED STATES:**

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice

_____
Alan S. Tenenbaum
National Bankruptcy Coordinator
Patrick Casey
Senior Counsel
Division Environment and Natural
Resources Division
U.S. Department of Justice

Date: 4/27/12

PREET BHARARA
United States Attorney for the
Southern District of New York

_____
David S. Jones
Natalie N. Kuehler
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007

Date: 4/30/12

**FOR THE GUC TRUST BY WILMINGTON TRUST COMPANY AS GUC TRUST ADMINISTRATOR:**

Date: 4/30/12

_____
Motors Liquidation Company GUC Trust
By David A. Vanaskey
Vice President
Wilmington Trust Company
Rodney Square North
1110 North Market Street
Wilmington, DE 19890-1615

Date: 4/30/12

_____
David R. Berz
Weil, Gotshal & Manges LLP
Attorneys for the post-effective date Debtors
and the GUC Trust
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 682-7000
Fax: (202) 857-0939
Email: david.berz@weil.com

**SO ORDERED** this ___ day of _____, 2012

_____
UNITED STATES BANKRUPTCY JUDGE