Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                      :    **Chapter 11 Case No.**
                                               :
**MOTORS LIQUIDATION COMPANY,** *et al.,*      :    **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*  :
                                               :
                    Debtors.                   :    **(Jointly Administered)**
                                               :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING CERTAIN CLAIMS FILED BY**
**THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION**

This Stipulation and Agreed Order (the "**Stipulated Order**") is entered into as of April 12, 2012 (the "**Effective Date**") between the Motors Liquidation Company General Unsecured Creditors Trust ("**GUC Trust**") and the Massachusetts Department of Environmental Protection ("**MassDEP**" or "**Claimant**"), collectively "the "**Parties**", by and through their respective undersigned counsel or representatives.

**RECITALS:**

WHEREAS, on June 1, 2009, Motors Liquidation Company ("**MLC**"), f/k/a General Motors Corporation, and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the

"**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on June 1, 2009, General Motors Corporation filed a motion to approve the sale of substantially all of its assets pursuant to 11 U.S.C. § 363;

WHEREAS, on July 5, 2009, the Bankruptcy Court approved the sale of assets to NGMCO, Inc. (a/k/a Newco), later known as General Motors LLC and now known as General Motors Company ("**New GM**");

WHEREAS, following the sale of assets, General Motors Corporation was renamed Motors Liquidation Company ("**MLC**");

WHEREAS, on October 9, 2009, two additional debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**," and together with REALM and the Initial Debtors, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order, the Claimant timely filed a proof of claim, assigned number 65349 (the "**Original Claim**"), asserting various claims against

2

MLC and its affiliated debtors relating to their environmental liabilities to the Commonwealth of Massachusetts ("**Commonwealth**");

WHEREAS, the Debtors and MassDEP were parties, along with others, to the Environmental Response Trust Consent Decree and Settlement Agreement (Docket No 7452-1) (the "**ERT Agreement**");

WHEREAS, the ERT Agreement resolved certain portions of the Original Claim and expressly reserved other portions of the Original Claim, including, among other things, any general unsecured claim arising from damages or injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments ("**NRD claims**");

WHEREAS, the GUC Trust and MassDEP were parties, along with others, to the Stipulation and Agreed Order Resolving Certain Claims Relating to Mercury-Containing Switches (Docket No 10527) (the "**Mercury Switch Stipulation**");

WHEREAS, the Mercury Switch Stipulation reserved the Claimant's ability to assert, by filing an amended claim, any claims that were not settled or resolved by the ERT Agreement or the Mercury Switch Stipulation, but otherwise fully resolved the Original Claim;

WHEREAS, August 10, 2011, the Claimant filed an amended proof of claim, assigned number 71208 (the "**Amended Claim**"), asserting unsecured prepetition claims against Debtors relating to their environmental liabilities to the Commonwealth that were not settled or resolved by the ERT Agreement or the Mercury Switch Stipulation, including NRD claims related to the former Framingham Landfill Site in Framingham Massachusetts;

WHEREAS, on March 29, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11

3

Plan, (the "**Confirmation Order**"), which, among other things, confirmed the Debtors Second Amended Joint Chapter 11 Plan (as may be amended, modified or supplemented from time to time, the "**Plan**"), and established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement ("**GUC Trust Agreement**") and transferred the general unsecured claims contained in the Amended Claim to the GUC Trust;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Amended Claim;

WHEREAS, this Stipulated Order is fair, reasonable, and in the public interest, and is an appropriate means of resolving the Amended Claim;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Amended Claim shall be treated as a Resolved Allowed General Unsecured Claim, as defined in the GUC Trust Agreement, in the amount of $875,000 (the "**Allowed Claim**"), which distribution(s) shall be made to the Commonwealth by the GUC Trust in accordance with the terms of the Plan, the Confirmation Order, and the GUC Trust Agreement. The Allowed Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under section 502(d) of the Bankruptcy Code) or subordination.

2. Upon receipt by the Commonwealth of all distributions due to Claimant on account of the Allowed Claim pursuant to the terms of the Plan, the Confirmation Order and the GUC Trust Agreement, the Amended Claim shall be deemed to be satisfied in full, and Claimant shall have no further right to payment. Satisfaction of the Amended Claim shall not occur prior to the final Distribution Date in accordance with the Plan, the Confirmation Order and the GUC Trust Agreement.

3. Upon receipt by the Commonwealth of all distributions due to Claimant on account of the Allowed Claim pursuant to the terms of the Plan, the Confirmation Order and the GUC Trust Agreement, the GUC Trust shall be released from liability to the Commonwealth for the claims or causes of action asserted in the Amended Claim, and the Parties further agree that such claims or causes of action are not entitled to any treatment other than that set forth herein. The release described in this Paragraph shall not become effective if at the time of the triggering event there is pending any action by the Commonwealth to enforce the terms of this Stipulated Order. In such circumstances, the release would become effective at the time any non-compliance and/or any such action related thereto is fully resolved.

4. Nothing in this Stipulated Order is intended as a covenant not to sue or release for any person or entity other than the GUC Trust. The release contained herein does not pertain to any matters other than those expressly set forth herein. Nothing in this Stipulated Order resolves any matter other than the claims asserted in the Amended Claim identified above.

5. The GUC Trust agrees that causes of action against it by the Claimant regarding any matter not resolved herein shall not be impaired or affected in any way by this Stipulated Order, including, for example, enforcement of the terms of this Stipulated Order. MassDEP may pursue enforcement actions or proceedings with respect to such causes of action or obligations of the GUC Trust that have not been otherwise resolved. However, nothing herein shall constitute a modification of the automatic stay under section 362 of the Bankruptcy Code or the terms of the Plan, including the injunctions created thereunder set forth in Paragraph 54 of the Confirmation Order and Sections 10.6 and 10.7 of the Plan.

6. The claims agent for these cases shall be authorized and empowered to adjust the claims register consistent with the provisions of this Stipulated Order.

7. This Stipulated Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto, if any; provided, however, that nothing herein shall affect the rights or obligations of the parties under the ERT Agreement or the Mercury Switch Stipulation.

8. This Stipulated Order may not be modified other than by signed writing executed by the Parties and approved by order of the Court.

9. Each person who executes this Stipulated Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulated Order.

10. This Stipulated Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11. Notwithstanding the foregoing, this Stipulated Order shall not become effective and binding until its entry as an order of the Bankruptcy Court upon a motion of the GUC Trust served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules. Upon execution of this Stipulated Order by the Parties, the GUC Trust shall promptly prepare and file the motion and serve it upon the necessary parties-in-interest.

12. The GUC Trust has informed the Commonwealth, and hereby states, that it is not seeking contribution protection under Mass. Gen.Laws ch.21E, § 3A(j)(2), so that the comment period referenced in Mass. Gen.Laws ch.21E, § 3A(j)(2) shall be deemed to be closed.

13. The Court shall retain jurisdiction to adjudicate any disputes arising out of this Stipulated Order.

IN WITNESS WHEREOF, THE UNDERSIGNED PARTIES ENTER INTO THIS STIPULATION AND AGREED ORDER:

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GUC TRUST** **By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator** | **MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION** By its Attorney, **MARTHA COAKLEY ATTORNEY GENERAL** |
| By: /s/ David A. Vanaskey | /s/ Carol Iancu By: Carol Iancu Assistant Attorney General Environmental Protection Division Office of the Attorney General One Ashburton Place Boston, MA 02108 |
| David A. Vanaskey Vice President | |
| Dated: April 12, 2012 | Dated: April 12, 2012 |

IT IS SO ORDERED.

Dated:       *<u>May 1, 2012</u>*
              New York, New York


*s/ Robert E. Gerber*
United States Bankruptcy Judge

7