STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
Phone: (248) 644-1500
Fax: (248) 644-1509
Gerald D. Wahl
Email: gwahl@sterlingattorneys.com

Attorney for Claimant Marcus Jordan



**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br>(Jointly Administered) |

## MOTION FOR ORDER TO CHANGE
## VENUE FOR DETERMINATION OF CLAIM

Marcus Jordan, Claimant, moves this Court for an order changing venue pursuant to Title 28 §1412, for the following reasons:

1. Claim No. MLC-0011039, filed October 15, 2009 is subject to a liquidated claim amount of $2,000,000 for reserve purposes only.

2. Although the debtor has not objected, Claimant Jordan believes the amount will be objected to shortly.

3. This claim is subject to Title 28, §1412, which states:

   A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

4. Claimant's underlying case is one of race discrimination and retaliation in regards to employment brought under both federal and state statutes (Ex. A, Plaintiff's First Amended Complaint).

5. The complaint was originally filed December 12, 2007 in the district court for the Eastern District of Michigan, the Hon. Denise Page Hood and amended on May 1, 2008, leading to approximately 2,000 pages of produced documents and deposition transcript pages numbering in the thousands.

6. Judge Hood presided over the case which was subject to at least two scheduling conferences, motion practice, and finally a motion for summary judgment dated May 29, 2009, less than two weeks before Debtor's bankruptcy petition and the institution of these proceedings.

7. Aside from those witnesses identified on both parties' witness list, the following individuals' depositions were taken in southeastern Michigan and are the most likely witnesses at trial: Alice Gage, Bruce Jackson, Gary Cummings, Stephen Goodmurphy, Clint Toyer, Jason Dilley, Brandon Bauer, Maureen Berndston, and Plaintiff, who continues to reside in the Detroit area. Additionally, the record keepers of local witnesses, particularly those of the Debtor whose documents inform much of the issues in the case, all reside under the subpoena power of the Eastern District of Michigan.

8. It would be inconvenient to require Plaintiff, counsel for both parties, witnesses, and the transportation of trial materials, to New York to try this litigation.

9. Additionally, Judge Hood is familiar not only with discrimination law, but has experience with both parties and their counsel.

10. For the reasons stated herein, and in the brief filed in support of this Motion, Claimant Marcus Jordan respectfully requests the Bankruptcy Court enter an order transferring this case in the interest of justice and for the convenience of the parties to the Eastern District of Michigan, and further, to be assigned to Denise Page Hood for determination of the claim.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:_____

Gerald D. Wahl (P26511)
Attorney for Claimant
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: May 1, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS JORDAN,

    Plaintiff,

vs.

    Case No. 07-CV-15326
    Hon. Denise Page Hood
    Magistrate: Hon. Steven D. Pepe

GENERAL MOTORS CORPORATION,

    Defendant.

| Gerald D. Wahl (P26511) | Tim McConaghy (P36122) |
|---|---|
| Driggers, Schultz & Herbst, PC | John M. Boyda (P39268) |
| Attorneys for Plaintiff | Hardy, Lewis & Page, PC |
| 2600 W. Big Beaver Road, Suite 550 | Attorneys for Defendant |
| Troy, MI 48084 | 401 South Old Woodward, Suite 400 |
| (248) 458-3593 | Birmingham, MI 48009-6629 |
| GWahl@driggersschultz.com | (248) 645-0800 |
| | jmb@hardylewis.com |

### FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, MARCUS JORDAN, by and through his counsel, DRIGGERS, SCHULTZ & HERBST, P.C., and for his complaint against Defendant, GENERAL MOTORS CORPORATION, states as follows:

### COMMON ALLEGATIONS

1.    Plaintiff is a resident of the City of Oak Park, Oakland County, Michigan, and is an adult citizen of the United States.

2.    Defendant, General Motors Corporation has its principal place of business in Detroit, Wayne County, Michigan, is organized and existing under the laws of the State of Delaware, and is an employer within the meaning of the statutes cited herein.

3. Jurisdiction is vested in this court pursuant to federal questions under 42 USC §1981 *et seq.*, and Title VII, Plaintiff having filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the stated discriminatory act, and less than 90 days have elapsed since the issuance of a right to sue letter.

4. At all times pertinent hereto, Plaintiff performed his job duties in a competent fashion from March 2000 (date of hire) through the time of his termination in October 2006, statements to the contrary are pretext to mask illegal discrimination based on race.

5. Defendant discriminated against Plaintiff and other black employees in termination/retention/re-deployment decisions beginning in the spring 2006 through Plaintiff's termination on or about October 2, 2006 from the Body Release Engineering organization, inclusive of the two groups that Plaintiff worked in, i.e., Rear Closures and Power Mechanisms (of approximately 100 engineers, 20 of whom were black, and after layoffs, transfers/re-deployments, virtually no blacks remained in Body Release Engineering).

6. Plaintiff was assigned to Brandon Bower who issued a negative performance evaluation in March 2004 after having told Plaintiff that he must "assimilate yourself into the group"; Plaintiff was the only African American of the approximate dozen engineers in the group. The group of engineers had been subject to racist emails from one of its engineers which was not remedied by Bower.

7. Plaintiff was transferred to Michael White in or around April 2005, who continued Bower's treatment of plaintiff, and who told Plaintiff's coworkers' that "Brandon [Bower] told me he was no good", and "Marcus is not up to it."

8. Michael White assigned Plaintiff a "stretch" project intended to be slightly beyond Plaintiff's capabilities, and when Plaintiff allegedly came up short, he was placed on probation.

9. Plaintiff complained to both Human Resources and his upper management that he was a victim of Michael White's bias.

10. Effective May 1, 2006, Plaintiff was transferred from underneath Michael White, in part based on Plaintiff's complaints, only to be returned two weeks later to Michael White who then placed Plaintiff on the performance intervention plan, which morphed into a performance improvement plan by late June 2006, resulting in a discharge on October 2, 2006.

## COUNT I – RACE DISCRIMINATION - TITLE VII

11. Plaintiff incorporates herein by reference the preceding paragraphs as though fully restated herein.

12. Plaintiff is an African-American.

13. Plaintiff was discriminated against by Defendant on account of his race in the terms and conditions of his employment, the two disciplinary actions taken against Plaintiff allegedly because of his performance, and ultimately terminated.

14. Plaintiff was replaced by a less qualified Caucasian employee.

15. Defendant engaged in a practice and pattern of race discrimination in its Body Engineering Release organization.

16. Defendant's actions were willful in that it knew that it was undertaking acts of discrimination with malice or reckless indifference to the federally protected rights of Mr. Jordan.

17. As a proximate result of Defendant's illegal action, Plaintiff has suffered economic loss and sustained an injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, money damages, and punitive damages in excess of $300,000, equitable relief in the form of reinstatement, costs and attorneys' fees.

## COUNT II – 42 USC §1981

18. Plaintiff incorporates herein by reference the preceding paragraphs as though fully restated herein.

19. That Defendant failed to continue its contract of employment with Plaintiff because of his color, black.

20. Defendant's actions were willful in that it knew that it was undertaking acts of discrimination with malice or reckless indifference to the federally protected rights of Mr. Jordan.

21. As a proximate result of Defendant's illegal actions, Plaintiff has suffered economic loss and sustained an injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, money damages, and punitive damages in excess of $300,000, equitable relief in the form of reinstatement, costs and attorneys' fees.

## COUNT III – 42 USC §1981 RETALIATION

22. Plaintiff incorporates herein by reference the preceding paragraphs as though fully restated herein.

23. Plaintiff complained of discrimination to both Human Resources and his upper management after the continued adverse actions undertaken by Michael White.

24. Defendant used as discipline two performance "improvement" plans, and ultimately terminated Plaintiff's employment for retaliation for his having complained of illegal bias.

25. That Defendant's actions were willful in that it knew that it was undertaking acts of discrimination with malice or reckless indifference of the federally protected rights of Mr. Jordan.

26. As a proximate result of Defendant's illegal action, Plaintiff has suffered economic loss and sustained an injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, money damages, and punitive damages in excess of $300,000, equitable relief in the form of reinstatement, costs and attorneys' fees.

## COUNT IV – MICHIGAN ELCRA-RACE DISCRIMINATION

27. Plaintiff incorporates herein by reference the preceding paragraphs as though fully restated herein.

28. Plaintiff claims supplemental jurisdiction as to this Count since it arises under a common nucleus of operative facts as those articulated in Counts I – III, and/or otherwise inextricably wound with said claims.

29. Defendant intentionally violated those provisions of the Michigan ELCRA that prohibit race discrimination in employment.

30. A proximate result of Defendant's illegal acts as afore-stated Plaintiff has suffered economic loss, present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, money damages, and punitive damages in excess of $300,000, equitable relief in the form of reinstatement, costs and attorneys' fees.

## COUNT V – MICHIGAN ELCRA -- RETALIATION

31. Plaintiff incorporates herein by reference the preceding paragraphs as though fully restated herein.

32. Plaintiff claims supplemental jurisdiction as to this Count since it arises under a common nucleus of operative facts as those articulated in Counts I – IV, and/or otherwise inextricably wound with said claims.

33. Defendant intentionally violated those provisions of the Michigan ELCRA which prohibit retaliation in for having complained of race discrimination.

34. A proximate result of Defendant's illegal acts as afore-stated Plaintiff has suffered economic loss, present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, money damages, equitable relief in the form of reinstatement, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST, P.C.

By: ___s/Gerald D. Wahl___
GERALD D. WAHL (P26511)
Attorney for Plaintiff
2600 W. Big Beaver Road, Suite 550
Troy, Michigan 48084
(248) 649-6000
Gwahl@driggersschultz.com

Dated: May 1, 2008

### CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I electronically filed the foregoing paper with the Clerk of the Court, using the ECF system which will send notification of such filing to the following:

John M. Boyda, Esq. -- jmb@hardylewis.com

s/Gerald D. Wahl
DRIGGERS, SCHULTZ & HERBST P.C.
Attorneys for Plaintiff
2600 West Big Beaver Road, Suite 550
Troy, MI 48084-3323
(248) 458-3593
(P26511)
GWahl@driggersschultz.com

STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
Phone: (248) 644-1500
Fax: (248) 644-1509
Gerald D. Wahl
Email: gwahl@sterlingattorneys.com

Attorney for Claimant Marcus Jordan

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br>(Jointly Administered) |

## BRIEF IN SUPPORT OF MOTION FOR ORDER CHANGING VENUE

**I.    BACKGROUND.**

Plaintiff, Marcus Jordan, worked at Defendant for approximately six years as an engineer, having obtained two degrees in Engineering from the University of Michigan. He was terminated in October 2006 after being told by his management that "you don't fit in" in an all white department wherein Plaintiff was the only African American, where racist emails had been sent and brought to the attention of management, discriminatory transfers, a performance improvement plan that was scored in a patently false manner, and the termination of his employment.

**II.    LAW.**

As noted in the Motion, under 28 USC §1412, this Court can transfer venue to allow claims to be decided based on best interest of justice and convenience to the parties.

In *Norton v Encompass Svcs Corp*, 301 BR 836 (SD Tex 2003), the court held that a discrimination case should be removed from the Southern District of Texas (Houston) to the Northern

1

District (Dallas) in an age discrimination case brought under the federal statute, i.e., 29 USC §621, *et seq.*

The court reviewed:

> [w]hether the transfer would promote the economic and efficient administration of the bankruptcy estate, whether the interests of judicial economy would be served by the transfer, whether the parties would be able to receive a fair trial in each of the possible venues, whether either forum has an interest in having the controversy decided within its borders, whether the enforceability of any judgment obtained would be affected by the transfer, and whether the plaintiff's original choice of forum should be disturbed. *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 668 (Bankr.C.D.Cal.2001); *see also In re Bruno's, Inc.*, 227 B.R. 311, 324-25 (Bankr.N.D.Ala.1998). Courts also consider the location of the plaintiff and the defendant, the ease of access to the necessary proof, the convenience of the witnesses, the convenience of the parties as indicated by their relative physical and financial condition, the availability of the subpoena power for unwilling witnesses, and the expense related to obtaining witnesses. *Bruno's*, 227 B.R. at 325; *see also Larami Ltd. v Yes! Entertainment Corp.*, 244 B.R. 56, 61 (D.N.J.2000).

*Norton* at 839.

In examining these factors, the court agreed with Norton that since he still lived in Dallas, and asserted that potential witnesses and documents were located there, that the case was ordered to be transferred to Dallas.

Numerous other cases decided under the statute are fact intensive and can be fairly described as an evaluation of the same elements undertaken by the judge in *Norton, supra*.

Moreover, Judge Hood has had significant experience generally with discrimination law, and specifically with the issues and attorneys involved in this matter. She would be in the best position to adjudicate whatever liquidated amount, should attach to Mr. Jordan's claims.

## III. CONCLUSION.

Claimant requests this Court to change venue to the Eastern District of Michigan, Hon. Denise Page Hood.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: _____
Gerald D. Wahl (P26511)
Attorney for Claimant
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: May 1, 2012

3

Sterling Attorneys At Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
Phone: (248) 644-1500
Fax: (248) 644-1509
Gerald D. Wahl
Email: gwahl@sterlingattorneys.com

Attorney for Claimant Marcus Jordan

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br>(Jointly Administered) |

## PROOF OF SERVICE

On the date below, I served via first class mail, a copy of Motion for Order Changing Venue, Brief in Support, and this Proof of Service upon:

Joseph H. Smolinsky
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

I declare, under penalty of perjury, the above statements are true to the best of my knowledge, information, and belief.

_____
Dawn Thomason-Estes

Dated: May _1_, 2012

1