**HEARING DATE AND TIME:  May 15, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                    :
In re                               :      Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :      09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                    :
                     Debtors.       :      (Jointly Administered)
                                    :
-------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S
REPLY TO RESPONSES TO THE 169th OMNIBUS OBJECTION
TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED
AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

## <u>TABLE OF CONTENTS</u>

**Page**

Preliminary Statement........................................................................................................ 1

The Claims Should Be Disallowed and Expunged ........................................................... 3

    (A)    The Claims Should Be Disallowed  As Debtors Had Right to Amend or
            Terminate Each Welfare Benefit Plan .................................................... 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................................... 4

The Responses ................................................................................................................... 5

(A)    Claim No. 2105: Allen J. Szynski.......................................................................... 5

(B)    Claim No. 64286: Lelah M. Johnson-Green ......................................................... 6

(C)    Claim No. 68301: Thomas Jarusinski ................................................................... 7

Conclusion ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995)..................................................................................................................4

*Moore v. Metro. Life Ins. Co.*,
   856 F.2d 488 (2d Cir. 1988)..................................................................................................3

*In re Oneida, Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC),
   2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) ...........................................................................3

*Sprague v. Gen. Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) ................................................................................................3

STATUTES

29 U.S.C. § 1051(1) ....................................................................................................................3

Employee Retirement Income Security Act of 1974 ....................................................................3

OTHER AUTHORITIES

"Your Benefits in Retirement Summary Plan Description: A Handbook for Salaried
   Retirees in the United States" ................................................................................................8

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), files this reply (the "**Reply**") to the Responses (defined below)

interposed to the 169th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and

Former Salaried and Executive Employees) (ECF No. 8851) (the "**Omnibus Objection**"), and

respectfully represents:

### Preliminary Statement

1.      On January 26, 2011, the Debtors filed the Omnibus Objection.  The

Omnibus Objection seeks the disallowance and expungement of certain compensation and

welfare benefits claims of retired and former salaried and executive employees of the Debtors on

the basis that such claims (a) are related to unvested welfare benefits that were capable of being

modified or terminated by the Debtors at will pursuant to the terms of the operative documents

governing such welfare benefits, and were modified or terminated in accordance with such

operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objection, are not the responsibility of the Debtors or the GUC Trust and therefore should be

disallowed and expunged from the claims register.

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

2.      Responses to the Omnibus Objection were due by February 22, 2011.  The
responses listed on **Annex "A"** hereto and described further herein were filed with respect to the
Omnibus Objection (collectively, the "**Responses**") by Allen J. Szynski, Lelah M. Johnson-
Green, and Thomas Jarusinski (individually, a "**Responding Party**" and collectively, the
"**Responding Parties**") relating to their individual claims (the "**Claims**").

3.      The Responses are generally not substantive, but are critical of the
reduction or termination of welfare benefits provided to retired and former salaried and executive
employees of the Debtors.  After reviewing the Responses, the GUC Trust[3] respectfully reiterates
the Debtors' position in the Omnibus Objection, and submits that the Responding Parties have
failed to provide any legal or factual support for the Claims.  Notwithstanding the Responding
Parties' opposition, the Responses should be dismissed because (i) the Debtors had a right to
amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**")
providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including
those on which the Claims are based, without further liability, and in all relevant instances did
so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement
Date and continues to provide Welfare Benefits as modified prior to their assumption by New
GM, and consequently the Debtors and the GUC Trust have no liability for the Claims.
Accordingly, the GUC Trust files this Reply in support of the Omnibus Objection and
respectfully requests that the Claims be disallowed and expunged from the claims register.

4.      The Debtors and the GUC Trust are, of course, sympathetic with the
impact that the financial problems of the Debtors have had on the Responding Parties' welfare

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because,
pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed
General Unsecured Claims (as defined in the Plan).

benefits.  However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

## The Claims Should Be Disallowed and Expunged

5.    The Responding Parties have failed to demonstrate the validity of their Claims and, thus, the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)    The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.    In their Responses, the Responding Parties have not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide them, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The Omnibus Objection explains that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.    In addressing claims similar to the Responding Parties' Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or*

*terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)

(emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As

noted in the Omnibus Objection, however, the Sixth Circuit has recognized that once welfare

benefits are vested, they are rendered forever unalterable.

   8. Thus, the Responding Parties bear the burden of showing that the Debtors

intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the

Welfare Benefits, such that each Responding Party has a contractual right to the perpetual

continuation of their Welfare Benefits at a contractually specified level.

   9. In their Responses, the Responding Parties have not provided any

evidence that contradicts the Debtors' common practice of advising participants of the Welfare

Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.

Moreover, the Responding Parties have not provided any evidence of a separate, affirmative

contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits

specifically to the Responding Parties.  Therefore, the Debtors and the GUC Trust do not have

any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)**  **Ongoing Benefits Have Been Assumed by New GM**

   10. On the Closing Date, New GM completed its purchase of certain assets in

accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master

Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New

GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set

forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the

extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and the Responding Parties have not provided any credible factual or legal basis to suggest

otherwise.

### The Responses

**(A)    Claim No. 2105: Allen J. Szynski (the "Szynski Claim")**

11.    On February 14, 2011, a response was filed on behalf of Allen J. Szynski

(the **"Szynski Response"**), stating opposition to the relief sought in the Omnibus Objection with

respect to the Szynski Claim.  (*See* Proof of Claim at **Exhibit "1"** and Szynski Response at

**Exhibit "2"** attached hereto).  In the Szynski Response, Mr. Szynski's asserts that he was

promised the following items at retirement: (1) complete health coverage for himself and his

spouse; (2) hearing aids and testing, as long with eye exams and glass coverage for life for

himself and his spouse; (3) prescription coverage for himself and his spouse; (4) $48,000 in life

insurance coverage for life; and (5) $60,000 in long term insurance coverage each year for

himself and his spouse.  Mr. Szynski notes that he paid for coverage for at least 40 years, and

asserts that General Motors Corporation was self-insured for the purposes of all welfare benefits

and therefore kept the premiums it was paid for such benefits.  No additional documentation is

provided in either the Szynski Claim or the Szynski Response to support these assertions.

Further, the GUC Trust is not aware of any documentation or facts supporting the Szynski

Claim.

12.    The Szynski Response provides no additional support for the Szynski

Claim.  For the reasons set out above, the Debtors respectfully submit that the Szynski Response

should be overruled, and the Szynski Claim should be disallowed and expunged.

**(B)**     **Claim No. 64286: Lelah M. Johnson-Green (the "Johnson-Green Claim")**

13.     On February 16, 2011, a response was filed on behalf of Lelah M. Johnson-Green (the "**Johnson-Green Response**"), stating opposition to the relief sought in the Omnibus Objection with respect to the Johnson-Green Claim.  (*See* Proof of Claim at **Exhibit "3"** and Johnson-Green Response at **Exhibit "4"** attached hereto).  The Johnson-Green Response asserts that the Johnson Claim should not be expunged as the "Alternative Dispute Resolution Procedures [in the Motors Liquidation Company chapter 11 cases] states that 'the Debtors shall not identify as a Designated Claim any proof of claim within any of the following categories […] (b) claims asserted in liquidated amounts of $500,000 or less.'"  Mrs. Johnson-Green has also corresponded with this Court explaining the adverse impact to her life that the changes to her welfare benefits have caused.  The GUC Trust submits that the Debtors' Alternative Dispute Resolution Procedures are not appropriate for resolution of an employee benefit claim because the claims should be disallowed and expunged for the reasons set out in the Omnibus Objection and herein.

14.     The Johnson-Green Response also indicates concern at the potential future loss of Mrs. Johnson-Green's pension.  In the Omnibus Objection, the Debtors and the GUC Trust do not seek to affect the rights of Mrs. Johnson-Green to continue receiving pension benefits under the terms of her defined benefit pension plan.  General Motors Company ("**New GM**") assumed sponsorship, in place of the Debtors, for payment of Mrs. Johnson-Green's pension pursuant to the terms of the Master Purchase Agreement described in the Omnibus Objection, and Mrs. Johnson-Green's pension is therefore no longer the responsibility of the Debtors.  Accordingly, Mrs. Johnson-Green does not have a direct claim against the Debtors with respect to any potential future loss of pension benefits.  In any event, the pension claim appears to be protective in nature and does not represent a current outstanding liability, as to the

best of the GUC Trust's knowledge, Mrs. Johnson-Green's pension payments continue to be paid in the ordinary course by New GM.

15.     The Johnson-Green Response provides no additional support for the Johnson Claim.  For the reasons set out above, the Debtors respectfully submit that the Johnson-Green Response should be overruled, and the Johnson Claim should be disallowed and expunged.

**(C)    Claim No. 68301: Thomas Jarusinski, (the "Jarusinski Claim")**

16.     On September 17, 2010, a response (ECF No. 9076) was filed on behalf of Thomas Jarusinski (the "**Jarusinski Response**"), stating opposition to the relief sought in the Omnibus Objection with respect to the Jarusinski Claim.  (*See* Proof of Claim at **Exhibit "5"** and Jarusinski Response at **Exhibit "6"** attached hereto).  The Jarusinski Response notes that Mr. Jarusinski was an employee of General Motors Corporation for 37 years.  The Jarusinski Response further asserts that an employee of General Motors Corporation's Human Resources department communicated annually that employees should review compensation and benefit related information received from the company and file it with other documents for planning purposes and reference.  Mr. Jarusinski notes in the Jarusinski Response that replacement welfare benefits cannot be obtained at reasonable cost, if at all, due to his age.  The Jarusinski Response states that the $300 increase in pension payments to retired employees is insufficient to compensate for his loss.  Mr. Jarusinski further complains in his response of emotional distress as a result of the reduction or termination of his welfare benefits in the Jarusinski Response.[4]

---

[4] While it can be argued that this Court has no ability to liquidate a claim for emotional distress under 28 U.S.C. § 157, the GUC Trust notes that the Jarusinski Claim contains no assertion of emotional distress and therefore it has not been properly or timely asserted.

17.     The Jarusinski Response provides no additional support for the Jarusinski Claim.  The GUC Trust is not aware of any documentation or facts supporting the Jarusinski Claim.  For the reasons set out above, the Debtors respectfully submit that the Jarusinski Response should be overruled, and the Jarusinski Claim should be disallowed and expunged.

**Conclusion**

18.     Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been established by the Responding Parties; and (iii) New GM assumed the Welfare Benefit Plans as modified, the Debtors and the GUC Trust have no liability for the Responding Parties' Claims. The GUC Trust reiterates that the Responses have not provided any legal or factual support for the Claims and cannot be afforded prima facie validity under the Bankruptcy Code. Accordingly, the Claims should be disallowed and expunged in their entirety.

19.     WHEREFORE, for the reasons set forth above and in the Omnibus Objection, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objection and such other and further relief as is just.

Dated:  New York, New York
        May 4, 2012

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Motors Liquidation
                                        Company GUC Trust

**Annex A**

| | 169th Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | |
|---|---|---|---|---|---|
| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 2105 | 9253 | Szynski, Allen J. | $6,300 (P) | Mr. Szynski's response asserts that he was promised the following items at retirement: (1) complete health coverage for himself and his spouse; (2) hearing aids and testing, as long with eye exams and glass coverage for life for himself and his spouse; (3) prescription coverage for himself and his spouse; (4) $48,000 life insurance coverage for life; and (5) $60,000 long term insurance coverage each year for himself and his spouse.  Mr. Szynski notes that he paid for coverage for at least 40 years, and asserts that General Motors Corporation was self-insured for the purposes of all welfare benefits and therefore kept the premiums it was paid for such benefits. |
| 2. | 64286 | 9286 | Johnson-Green, Lelah M. | Unliquidated | Ms. Johnson-Green's response notes that her claim should not be expunged as the "Alternative Dispute Resolution Procedures [in the Motors Liquidation Company chapter 11 cases] states that "the Debtors shall not identify as a Designated Claim any proof of claim within any of the following categories […] (b) claims asserted in liquidated amounts of $500,000 or less." |
| 3. | 68301 | 9076 | Jarusinski, Thomas | Unliquidated | Mr. Jarusinski's response notes that he was an employee of General Motors Corporation for 37 years.  Mr. Jarusinski notes in his response that an employee of General Motors Corporation's Human Resources department communicated annually that employees should review compensation and benefit related information received from the company and file it with other documents for planning purposes and reference.  Mr. Jarusinski notes that replacement welfare benefits cannot be obtained at reasonable cost, if at all, due to his age.  Mr. Jarusinski's response states that the $300 increase in pension payments to retired employees is insufficient to compensate for his loss.  Mr. Jarusinski complains of emotional distress as a result of the reduction or termination of his welfare benefits. |

## Exhibit 1

01070983
APS0541557112

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

PROOF OF CLAIM

Your Claim is Scheduled As Follows:

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)   SZYNSKI ALLEN J

Name and address where notices should be sent

SZYNSKI ALLEN J
48431 MILONAS DR
SHELBY TWP MI 48315-4302

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _____

Telephone number
Email Address   *A.J SZYNSKI@AOL.COM*

Name and address where payment should be sent (if different from above)

FILED - 02105
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $_____

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim.** _____
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor.** 0799

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____   Annual Interest Rate 5%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim: $_____   Amount Unsecured  $_____

**6 Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☒ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) § 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)
**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date:** 9/28/09

**Signature:** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances, such bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc, are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

### DEFINITIONS

**Debtor**
A debtor is the person, corporation or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A document should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

### INFORMATION

APS0541557112

SZYNSKI, ALLEN J
48431 MILONAS DR
SHELBY TWP, MI 48315-4302



September 28, 2009


THE GARDEN CITY GROUP INC.

ATTN: MOTORS LIQUIDATION COMPANY

P.O. BOX 9386

DUBLIN, OHIO 43017-4286


DEAR MS OR SIR:

Attached HEREIN: Please find the explanation for my claim.  Receipts are

not  available as all monies were deducted automatically from my wage and

pension  payments, by the corporation.  These deductions were made from the

beginning of my salary start date until the bankruptcy decision. These deductions

were for long term care, also called E C C.  This was a guaranteed benefit for

myself and my spouse. I worked at Fisher Body Division and B O C  Divisions.

General Motors took approximately $15.00 per Month out of my wage and pension.

When bankruptcy was declared they kept all the monies.


The deductions from my account  do amount to a tidy sum, as these deductions

occurred over a 35 year period.  The corporation just claimed it was now cancelled,

and only at my expense.  I would appreciate these  monies returned with interest.

Please respond:


Sincerely,

Allen J. Szypski 48431 Milonas Dr.  Shelby Twp. MI. 48315   ID# 0749

Email:  AJSZYNSKI@AOL.COM

**<u>Exhibit 2</u>**

FEBRUARY 8, 2011

WEIL, GOTSHAL & MANGES LLP                    RE: CLAIM #2105 ALLEN J. SZYNSKI

767 FIFTH AVENUE

NEW YORK, NEW YORK 10153

MESSRS: HARVEY R. MILLER,

JOSEPH H. SMOLINSKY,

STEPHEN KAROTKIN

DEAR SIRS:  I DO NOT BELIEVE I SHOULD BE DISALLOWED AND EXPUNGED  FROM THE CLASS ACTION SUIT

AGAINST GENERAL MOTORS CORP,  NOW MOTORS LIQUIDATION CO. et.al.,

I was promised, at retirement, the following items:

Complete health care coverage paid by the corporation for myself and my spouse,

Hearing aids and testing, along with Eye exam and glass coverage for life for both of us,

Prescription coverage covered completely for myself and my spouse,

$48,000 life insurance coverage for my life, guaranteed, AFTER REDUCTION  FROM $96,000

PLUS, $60,000 LONG TERM CARE INSURANCE COVERAGE EACH YEAR FOR BOTH MYSELF

AND MY SPOUSE EACH YEAR REQUIRED. I PAID FOR THIS COVERAGE FOR A TOTAL OF AT LEAST 40 YEARS; AND

SINCE GM DECIDED TO BE SELF INSURED, THE KEPT THE PREMIUMS WE PAID MONTHLY.

AFTER DEDICATING NEARLY 30 HONEST AND HARD WORKING YEARS TO THE CORPORATIN, WE DESERVE THE

BENEFITS WE HAD BEEN PROMISED AND SIGNED CONTRACTS FOR AND INTENDED TO HAVE IN OUR

RETIREMENT YEARS.    I APOLOGIZE AS I DO NOT HAVE THE CAPABILITY TO PROVIDE A C/D OF THE STATEMENT

AND SINCERELY HOPE YOU WILL TAKE THIS IN YOUR CONSIDERATION.

THANK YOU SINCERELY FOR YOU HELP!

ALLEN J. SZYNSKI AND JOYCE A SZYNSKI  48431 MILONAS DR. SHELBY TWP MI. 48315

COPY TO:   _THE HONORABLE ROBERT E. GERBER, UNITED STATES BANKRUPTCY COURT_

**Exhibit 3**

02008178
APS0614868548

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM

| Name of Debtor (Check Only One) | Case No | Your Claim is Scheduled As Follows: |
|---|---|---|

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS LLC (f/k/a Saturn LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem Inc) — 13-13558 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)   JOHNSON-GREEN LELAH M

Name and address where notices should be sent

JOHNSON-GREEN LELAH M
1545 WINTHROP RD
BLOOMFIELD HILLS  MI 48302-0884

#3
(3 attachments)

Telephone number 248-334-0447
Email Address Lejg55@yahoo.com

Name and address where payment should be sent (if different from above)

FILED - 64286
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.
NOV 20 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown this scheduled amount of your claim may be an amount in a previously scheduled amount If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1** Amount of Claim as of Date Case Filed, June 1, 2009   $ _____

If all or part of your claim is secured, complete item 4 below however if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2** Basis for Claim  Extended Car that was cancelled
(See instruction #2 on reverse side)

**3** Last four digits of any number by which creditor identifies debtor _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☒ Motor Vehicle  ☐ Equipment  ☐ Other  Describe

Value of Property $ _____   Annual Interest Rate ____ %

Amount of arrearage and other charges as of time case filed included in secured claim  if any  $ _____

Basis for perfection _____

Amount of Secured Claim $ _____   Amount Unsecured $ _____

**6** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim  such as promissory notes  purchase orders  invoices  itemized statements of running accounts  contracts  judgments  mortgages  and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available  please explain in an attachment

**5**  **Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase  lease  or rental of property or services for personal  family  or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) § 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date 11/18/9 | Signature  The person filing this claim must sign it  Sign and print name and title  if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney  if any | FOR COURT USE ONLY |
|---|---|---|

Lelah Johnson Green

Penalty for presenting fraudulent claim  Fine of up to $500 000 or imprisonment for up to 5 years or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**PLAN YEAR 2008 BENEFIT OPTIONS**

All contribution rates shown are monthly    *Jelah Johnson - Green  #3*

**Expected Retirement Date: December 1, 2008**                    **Zip Code: 48302**

## MEDICAL PLAN (after-tax)

Your Monthly Contribution by Family Status

| Option | Self | Self + Spouse/ Domestic Partner | Self + Child(ren) | Self + Family | Carrier Number |
|---|---|---|---|---|---|
| Enhanced PPO (BCBS-US-RS) | $60 00 | $121 00 | $115 00 | $170 00 | 800-482-2210 |
| HMO Health Alliance Plan - MI (RS) | $50 00 | $100 00 | $95 00 | $140 00 | 800-422-4641 |
| Health Savings Account PPO - BCBS (RS) | $0 00 | $0 00 | $0 00 | $0 00 | 800-482-2210 |
| Health Savings Account PPO - CIGNA/HAP (RS) | $0 00 | $0 00 | $0 00 | $0 00 | 800-244-6224 |
| HMO Priority Health Southeast - MI (RS) | $50 00 | $100 00 | $95 00 | $140 00 | 800-446-5674 |
| Waive Medical for Other GM Coverage | N/A | N/A | N/A | N/A | |
| No Coverage | N/A | N/A | N/A | N/A | |

**Note**  If you choose to waive medical coverage in order to be a dependent under your spouse's GM plan, you are automatically waiving dental and vision coverages, too

## EXTENDED CARE COVERAGE (ECC) (after-tax)

Your Monthly Contribution by Family Status

| Option | Self | Self + Spouse/ Domestic Partner | Self + Child(ren) | Self + Family | Carrier Number |
|---|---|---|---|---|---|
| Extended Care Coverage | $5 00 | $14 00 | $14 00 | $19 00 | 800-523-4626 |
| No Coverage | N/A | N/A | N/A | N/A | |

You must elect a medical plan in order to elect ECC, which is provided at the same family status as your medical plan enrollment  If you waive ECC, you are permanently excluded from future re-enrollment unless you waive medical coverage to be covered as a dependent of another GM salaried employee or retiree who has ECC

## DENTAL PLAN (after-tax)

Your Monthly Contribution by Family Status

| Option | Self | Self + Spouse/ Domestic Partner | Self + Child(ren) | Self + Family | Carrier Number |
|---|---|---|---|---|---|
| Traditional Delta Dental (RS) | $8 00 | $15 00 | $18 00 | $23 00 | 800-870-9988 |
| DHMO DeltaCare - MI (RS) | $8 00 | $15 00 | $18 00 | $23 00 | 800-870-9988 |
| DHMO United Concordia - MI (RS) | $8 00 | $15 00 | $18 00 | $23 00 | 800-937-6432 |
| Waive Dental for Other GM Coverage | N/A | N/A | N/A | N/A | |
| No Coverage | N/A | N/A | N/A | N/A | |

## VISION PLAN (after-tax)

Your Monthly Contribution by Family Status

| Option | Self | Self + Spouse/ Domestic Partner | Self + Child(ren) | Self + Family | Carrier Number |
|---|---|---|---|---|---|
| Cole Managed Vision (S) | $1 00 | $2 00 | $2 00 | $3 00 | 800-638-0166 |
| Waive Vision for Other GM Coverage | N/A | N/A | N/A | N/A | |
| No Coverage | N/A | N/A | N/A | N/A | |



## U.S. Benefit Modifications *Libby Johnson - Brown* #3

Dear GM Retiree

As part of GM's announcements on June 1st, we acknowledged some of the significant sacrifices that our salaried employees and retirees will be making to support the reinvention of General Motors  We also communicated that we would be reducing the obligations for certain retiree benefits by roughly two-thirds

We have now finalized the changes that we need to make in order to achieve the required two-thirds reduction  As promised, I am sharing this information with you as quickly as possible  These are very difficult changes to make, but unfortunately necessary to position the New GM to win – and win now  These changes are described below  As always, all benefits are at all times subject to the terms of each plan

### Basic Life Insurance in Retirement

For current retirees eligible for Basic Life Insurance in retirement (those whose service date was prior to January 1, 1993) the amount of Basic Life Insurance provided by GM is being reduced to $10,000 (retirees with less than $10,000 will remain at that level of life insurance)  This change will be effective on the first of the month following the New GM sale closing

Retirees impacted by these reductions will have an opportunity to supplement their remaining employer provided Basic Life Insurance by enrolling in a Voluntary Life Insurance program through MetLife  This program will not require "proof of good health"  Enrollment for this program will be in the third quarter of this year

During the first two years of participation in the program, the death benefit available will be equal to the amount of the premiums paid  Following two years of premium contributions, the full amount of coverage elected will be payable in the event of your death  Details regarding the program will be mailed to you from MetLife in the third quarter

### Non Medicare Retiree Health Care

Effective January 1, 2010, the General Motors Salaried Health Care Program will be further modified for salaried retirees, surviving spouses and their eligible dependents  Individuals impacted by this change include

- Salaried retirees, surviving spouses and their dependents eligible to enroll or who currently are enrolled in the GM Salaried Health Care Program, and
- Current employees who are eligible to enroll in the GM Salaried Health Care Program upon retirement

The new plan design will include benefits and coverages for medical and prescription drugs only, and dental, vision, and extended care coverage will be cancelled  Cost sharing provisions (e g , monthly contributions, deductibles, coinsurance and out of pocket maximums) will increase substantially



*Lila Johnson-Brown*
#3

## U.S. Benefit Modifications

For salaried retirees, the changes will exceed the changes that otherwise would be required under the current salaried retiree cap that was implemented on January 1, 2007   However, this acceleration of cost share is necessary at this time to facilitate GM's restructuring plan

In this regard, the 2006 caps have been updated to reflect an additional increase in overall cost sharing   Going forward, the revised caps will be the basis for annual plan design changes necessary to maintain capped levels   When the average costs exceed the revised caps established under the 2010 design, then additional plan changes that affect cost-sharing features of program coverage will be implemented

Please note that the GM Benefits and Services Center and current GM health plan carriers do not have any additional information regarding these announced changes   Further details of these changes will be communicated directly to impacted employees and retirees in the fall as part of the 2010 Annual Enrollment

I realize the sacrifices that we need to make will be very difficult for you and your families   While the actions we are taking to reinvent GM are many and affect a vast range of stakeholders, the impact on former employees such as yourself, who dedicated so many years to the service of General Motors, is unquestionably very difficult   Much has changed from the Company I joined over 20 years ago, however, I am confident the many steps we are taking will establish a foundation for the New GM that will win in the future   I appreciate your continued support of GM

Sincerely,

*Fred Henderson*

Frederick A  Henderson
President and Chief Executive Officer

**Exhibit 4**

Date:       February 14, 2011

To:        United States Bankruptcy Court Southern District of New York

cc:        Weil, Gotshal & Manges LLP
           767 Fifth Avenue
           New York, New York 10153

From:    Lelah Johnson-Green, Claimant
           Listed on Notice of Debtors' 169th Omnibus Objection to Claims and
           Notice of Debtors' 171st Omnibus Objection to Claims


Dear Honorable Judge Robert Gerber,


Motors Liquidation Company itself set the value of my claim at $164,000 because I have no way
of estimating what my benefits are worth. It sent me paperwork stating the value of my benefits
and I signed the document.

My claim should not be dissolved or expunged because Section I.B., entitled Excluded Claims, of
the Alternative Dispute Resolution Procedures of Chapter 11 Case No. 09-50026 (REG), it states
that "the Debtors shall not identify as a Designated Claim any proof of claim within any of the
following categories ........................(b) claims asserted in liquidated amounts of $500,000 or less.


Respectfully Submitted,

Lelah Johnson-Green
1545 Winthrop Road
Bloomfield Hills, MI  48302-0684

January 18, 2011

Lelah Johnson-Green
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

Dear General Motors and
Bankruptcy Court,

THE GARDEN CITY GROUP, INC
JAN 20 2011

Page 1 of 4

I submitted my signed document
for $164,000; however, a total
amount of $164,000 will not
support my current lifestyle in
the upcoming years of my life.

Currently, I use my pension
to help support my aging parents
and my handicapped sister. My
pension allows me to care for
them financially and physically

Lelah Johnson - Green
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

Page 2 of 4

and not have to seek outside
employment.

My pension also pays
the housenote on the house
that my son, my nephew and I
currently live in. My nephew is
in high school, my son works
part-time and his paycheck
also helps pay the housenote
(as well as buy groceries).

You stated in your documents
that I should discuss this

Lelah Johnson - Green
378 - 50 - 2010

Page 3 of 4

bankruptcy document with an attorney; however, I cannot afford an attorney. My monthly pension is just enough to pay my bills. I am also living off my SS-PP savings now. If I live modestly and don't acquire new debt, I will be able to sustain my current lifestyle. If I lose my pension, not only will I suffer great financial hardship, but my family members will also be devastated.

'elah Johnson-Green
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

Page 4 of 4

So GM and Bankruptcy Court, when determining my financial worth, please consider my 35 years of service with GM, as well as my need to sustain my life and the lives of those who depend on me.

Respectfully Yours,

Lelah Johnson-Green



Leiah Johnson Green,
1345 Winthrop Rd.
Bloomfield Hills, Mi.
48302-0684

7010 1060 0001 0435 7944

CERTIFIED MAIL™

The Garden City Group
attn: Motors Liquidation Co.
Balloting Center
P.O. Box 9386
Dublin, OH. 43017-9957
43017+9286

RETURN RECEIPT
REQUESTED

U.S. POSTAGE
PAID
BLOOMFIELD TWP, MI
48302
JAN 18 '11
AMOUNT
$5.54
0005807-08



January 18, 2011                    Lalah Johnson-Green

Dear General Motors and
            Bankruptcy Court,
                                        Page 1 of 4

I submitted my signed document
for $164,000; however, a total
amount of $164,000 will not
support my current lifestyle in
the upcoming years of my life.

Currently, I use my pension
to help support my aging parents
and my handicapped sister. My
pension allows me to care for
them financially and physically

Lelah Johnson - Green
' 2010

Page 2 of 4

and not have to seek outside
employment.

My pension also pays
the housenote on the house
that my son, my nephew and I
currently live in. My nephew is
in high school, my son works
part-time and his paycheck
also helps pay the housenote
(as well as buy groceries).

You stated in your documents
that I should discuss this

Lelah Johnson-Green
·2010

Page 3 of 4

bankruptcy document with on attorney; however, I cannot afford an attorney. My monthly pension is just enough to pay my bills. I am also living off my SS-PP savings now. If I live modestly and don't acquire new debt, I will be able to sustain my current lifestyle. If I lose my pension, not only will I suffer great financial hardship, but my family members will also be devastated.

Lelah Johnson-Green
. 2010

Page 4 of 4

So Gm and Bankruptcy Court,
when determining my financial
worth, please consider my 35
years of service with Gm, as
well as my need to sustain my
life and the lives of those who
depend on me.

Respectfully Yours,

Lelah Johnson - Green

3/23/11

P. 1 of 3

Dear Judge Gerber,

The day of your final judgement regarding my case is fast approaching. I've considered many avenues I could follow in an attempt to persuade you to appeal in favor of my claim; unfortunately, they all require money and I have none to spend on this case (smile).

However, I know that, as a judge, you will decide what is best for GM, its employees and its retirees, and I trust in your final decision.

Judge Gerber

P. 2 of 3

I'd like to tell you how my family is doing since the first time I wrote to you:

- My nephew Norman has been skipping classes and staying out late. Initially I was going to kick him out of my house, but my son said that he could have 'seniorittis' and is slacking because he is about to graduate. My niece said it could be his way of grieving over the death of his father (who died last October). I told Norman that sometimes in life we only get (1) chance to do right. He has that chance. I told

Judge Gerber

P. 3 of 3

him to be smart, not stupid, and use this chance wisely.

My son is still working part-time and seeking full-time work. I know that, in time, he will have that job.

Both my parents celebrated birthdays. My dad turned 91 and my mom 89. It took some time to convince her that she was 89. She thought she was 87. (smile).

Take care Judge Gerber, God bless you and yours.

Respectfully Yours,
Lelah Johnson-Gren

**<u>Exhibit 5</u>**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check One One) | Case No

☑ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc ) — 09-13558 (REG)

**Your Claim is Scheduled As Follows:**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purpose of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)

Name and address where notices should be sent
Thomas ~~Patrick~~ Jarusinski
102 Greenock Ct.
2169 Seven Lakes South
West End, NC 27376-9613
Telephone number 910.673.2884
Email Address  Jar7lakes@yahoo.com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

FILED - 68301
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.
DEC 3 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  This scheduled amount of your claim may be an amendment to a previously scheduled amount  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1** Amount of Claim as of Date Case Filed, June 1, 2009   $_____

If all or part of your claim is secured, complete Item 4 below, however, if all of your claim is unsecured, do not complete Item 4 If all or part of your claim is entitled to priority, complete Item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete Item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2** Basis for Claim   Loss of Health Care
(See instruction #2 on reverse side)

**3** Last four digits of any number by which creditor identifies debtor   9978

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim  $_____   Amount Unsecured  $_____

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☑ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6.** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

| FOR COURT USE ONLY |
|---|

Date 12/20/09

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any

*Thomas Jarusinski*   THOMAS JARUSINSKI

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)



Thomas & Patricia Jarusinski
102 Greenock Ct.
2169 Seven Lakes South
West End, NC 27376-9613

The GARDEN CITY GROUP, INC.

Attn: MOTORS LIQUIDATION COMPANY

P.O. Box 9386

DUBLIN, OHIO 43017-4286

43017+0286



**Exhibit 6**

Court Clerk
US Bankruptcy Court S.D.N.Y.
One Bowling Green
New York, New York 10004



Attn: Court Clerk Copy


As a claimant in the GM bankruptcy case, I would like my claims to be settled which are attached.

The claim for $62,000 is the difference in value of cancelled life insurance that was in effect at my retirement on August 31, 2005. The policy amount is now $10,000. This insurance, along with the optional amount I opted to purchase, was part of a nest egg to provide a moderate retirement which is now eroded by this action and other cuts made by GM.

Working for more than 37 years at GM afforded a good living and comfort that at retirement my "Personal Total Compensation" would accompany me into a satisfying retirement. These benefits that have been revoked were paid for in lieu of regular salary payments and therefore should beredeemable to me in full.

The other claim refers to cancelled health insurance. Preceeded first by higher deductibles, health insurance was eliminated and compensated with $300 to cover Medicare payments, supplemental medical, vision (plus spouse) and dental (plus spouse). FYI...this year

incorporated a 20% increase in the supplemental coverage with United Health Care. $300?

Vice-president of Human Resources, Katy Barclay, communicated annually that we should 'review' the important information in our package and file it with other valuable documents for future planning and reference. My future planning included all that was promised and has since been undermined by cutting and eliminating these inherent benefits. Redirecting retirement goals while 'in retirement' is virtually impossible as insurance, health care costs and long term care coverage have escalated beyond reach as your age increases. The $300 stipend added to my pension falls well short of all it was to cover and reimbursement for spousal benefits is now non existent. Increased co-pay, higher deductibles and prescription 'donut hole' has taken funds that were once earmarked for minor luxuries that included and occasional vacation, replacement of my aging GM auto and moderate dining and entertainment venues. Step #9 in the 2005 Road Map to Retirement states facetiously to "Relax and Enjoy".

Not only am I struggling with GM imposed financial burdens, but with angst as to what lurks behind the next corner. This emotional distress is not what I had anticipated nor was it ever projected to be a possibility. Earlier attempts to state my concerns have been stymied by massive amounts of legalese to simple confusion regarding bench date and calendar date. Compensation

packages spoke clearly of what to expect and now that those perks have been removed we are subjected to terminology that only corporate lawyers can decipher.

Dedicated employment for over 37 years often included inconvenient overtime, casual time, lessened family time and on a positive note, hope to look forward to retirement time. Pride and loyalty for GM endured throughout my career and has since morphed to disappointment and hopelessness at a time that should be a reward for a lifetime of good service,

I will appreciate your thoughtful consideration of my request and look forward to hearing from you.


Respectfully,

*Thomas Jarusinski*

Thomas Jarusinski
2169 Seven Lakes South
West End, North Carolina 27376
910-673-2884
jar7lakes@yahoo.com

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**

| | Case No. |
|---|---|
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) | 09-13558 (REG) |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Your Claim is Scheduled As Follows:**

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):

**Name and address where notices should be sent:**

~~Thomas &~~ Patricia Jarusinski
102 Greenock Ct.
2169 Seven Lakes South
West End, NC 27376-9613

Telephone number: 910. 673. 2884

Email Address: jar 7 lakes @yahoo. com

**Name and address where payment should be sent (if different from above):**

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Loss of Health Care
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side)

**4. Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__).

Amount entitled to priority: $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date:** 1/6/11

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Patricia Jarusinski she    PATRICIA JARUSINSKI

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

FOR COURT USE ONLY

FILED
FEB - 2 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

\* **7007595** \*

7007595

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | **PROOF OF CLAIM** |
|---|---|---|

**Name of Debtor (Check Only One):**
☑ Motors Liquidation Company (f/k/a General Motors Corporation)
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

**Case No.**
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): PATRICIA JARUSINSKI

**Name and address where notices should be sent:**

PATRICIA JARUSINSKI

102 GREENOCK COURT
2169 SEVEN LAKES SOUTH
WEST END NC 27376

Telephone number: 910.673.2884
Email Address: pjarusinski@yahoo.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

**Name and address where payment should be sent (if different from above):**

Telephone number: 910.673.2884

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Your Claim is Scheduled As Follows:**

*If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.*

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**    $ _____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** *loss of income from dividends*
*(See instruction #2 on reverse side.)*

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   *(See instruction #3a on reverse side.)*

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

**Value of Property:** $_____    **Annual Interest Rate** ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 11/20/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Patricia Jarusinski*    PATRICIA JARUSINSKI

RECEIVED
FEB - 2 2011
FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

\* **1745093102** \*
1745093102

**\*7007600\***    7007600

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor (Check Only One): | Case No. | Your Claim is Scheduled As Follows: |
|---|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) | |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) | |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) | |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) | |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): FBO PATRICIA JARUSINSKI

| Name and address where notices should be sent: | ☐ Check this box to indicate that this claim amends a previously filed claim. | If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again. |
|---|---|---|
| FBO PATRICIA JARUSINSKI<br><br>102 GREENOCK COURT<br>2169 SEVEN LAKES SOUTH<br><br>WEST END NC 27376 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ | |
| Telephone number: 910.673.2884<br>Email Address: pjarusinski@yahoo.com | | |
| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |
| Telephone number: | | |

| 1. Amount of Claim as of Date Case Filed, June 1, 2009:                                    $ | 5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** loss of income from dividends<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other<br>Describe:<br><br>Value of Property: $_____  Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____<br><br>Basis for perfection: _____<br><br>Amount of Secured Claim: $_____    Amount Unsecured: $_____ | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br><br>☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain in an attachment. | Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date: 11/20/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Patricia Jarusinski*    PATRICIA JARUSINSKI | FOR COURT USE ONLY<br><br>FEB - 2 2011<br><br>U.S. BANKRUPTCY COURT<br>SO. DIST. OF NEW YORK |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

\*0762572894\*
0762572894

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| **PROOF OF CLAIM** |

**Name of Debtor** (Check Only One):

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) — 09-13558 (REG)

**Case No.**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Your Claim is Scheduled As Follows:**

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):   THOMAS JARUSINSKI

**Name and address where notices should be sent:**

THOMAS JARUSINSKI
2169 7 LKS S
WEST END, NC 27376-9613

**Telephone number:**   *jar7lakes@yahoo.com*
**Email Address:**   910.673.2884

**Name and address where payment should be sent** (if different from above):

**Telephone number:**

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

**Filed on:** _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS**: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**   $ 62,000 00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item . If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** (See instruction #2 on reverse side.) $ 62,000 life insurance loss

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☒ Other
Describe:

Value of Property: $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain in an attachment.

**Date:** 1/30/

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Thomas Jarusinski*

**FOR COURT USE ONLY**

RECEIVED
FEB - 2 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| Name of Debtor (Check Only One):<br>☐ Motors Liquidation Company (f/k/a General Motors Corporation)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)<br>☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) | Case No.<br>09-50026 (REG)<br>09-50027 (REG)<br>09-13558 (REG) | Your Claim is Scheduled As Follows: |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

**Thomas & Pamela Jarusinski**
102 Greenlock Ct.
**2169 Seven Lakes South**
**West End, NC 27376-9613**

Telephone number: 910.673.2884
Email Address: jar7lakes@ yahoo.com

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. **Amount of Claim as of Date Case Filed**, June 1, 2009: $_____
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** POTENTIAL LOSS OF PENSION
(See instruction #2 on reverse side)

3. **Last four digits of any number by which creditor identifies debtor:** 9998
    3a. **Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side)

4. **Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:
Value of Property: $_____   Annual Interest Rate ___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) § 507(a)(2)).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 1/20/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[signature]* Thomas Jarusinski     THOMAS JARUSINSKI

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

FOR COURT USE ONLY:

FEB – 2 2011
U.S. BANKRUPTCY COURT
SO. DIST OF NEW YORK

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor (Check Only One): | Case No. |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Your Claim is Scheduled As Follows:**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

**Thomas ~~Deatrick~~ Jarusinski
102 Greenock Ct.
2169 Seven Lakes South
West End, NC 27376-9613**

Telephone number: 910 . 673 . 2884
Email Address: jar7lakes@ yahoo.com

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. This scheduled amount of claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. **Amount of Claim as of Date Case Filed, June 1, 2009:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges.

2. **Basis for Claim:** LOSS of Health Care
   (See instruction #2 on reverse side)

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side)

4. **Secured Claim** (See instruction #4 on reverse side)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
   Describe:

   Value of Property: $_____  Annual Interest Rate ____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

   Basis for perfection: _____

   Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment ---

Date 20/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any.

☐ Thomas Jarusinski      THOMAS JARUSINSKI

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**FOR COURT USE ONLY**

FEB – 2 2011

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK