```
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        : Chapter 11
In Re:                                  :
                                        : Case No.: 09-50026(REG)
MOTORS LIQUIDATION COMPANY, et al.,     :
   f/k/a GENERAL MOTORS CORP., et al.,  :
                                        : (Jointly Administered)
         Debtors                        :
--------------------------------------- X
```

**REPLY OF BURTON TAFT, ADMINISTRATOR OF THE ESTATE OF BRIAN TAFT TO THE MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

**AND NOW**, comes the Respondent, Burton Taft, Administrator of the Estate of Brian Taft, and responds to the Motion of Motors Liquidation Company GUC Trust for Limited Modification of the Automatic Stay and the Plan Injunction as follows:

1. It is admitted that the GUC Trust and Burton Taft, Administrator of the Estate of Brian Taft, went to mediation in an effort to resolve the claim of Burton Taft which was filed against General Motors Corporation and that the mediation was unsuccessful. It is denied that the relief requested by the GUC Trust is appropriate.

2. Admitted.

3. Denied. On June 1, 2009, General Motors Corporation and certain of its subsidiaries commenced a bankruptcy proceeding. General Motors name was later changed to Motors Liquidation Company. It is the Respondent's understanding that General Motors Corporation and Motors Liquidation Company now no longer exists and that only the Motors Liquidation Company GUC Trust

exists. The GUC Trust now seeks to have Burton Taft go forward with litigation against and entity which no longer exists. Undersigned counsel advised counsel for the GUC Trust that a limited modification of the stay would be appropriate if the GUC Trust agreed to stand in the shoes of General Motors Corporation and respond to all discovery and produce necessary witnesses as General Motors Corporation would have done. It is anticipated that if the litigation goes forward against General Motors Corporation, defense counsel in the underlying case will argue to the trial court that discovery and witnesses cannot be produced from an entity which no longer exists. Therefore, while a modification of the stay may be appropriate to liquidate the damages, there should be assurances within the Order that Burton Taft will receive all documents, discovery and witnesses from the GUC Trust or General Motors Corporation's successor, General Motors Company, as if General Motor Corporation were still and entity.

    4. Admitted.

    5. Admitted.

    6. Admitted.

    7. Admitted.

    8. It is admitted that Burton Taft and the GUC Trust participated in a mediation on Plaintiff's Proof of Claims. The mediation failed because the GUC Trust failed to put a fair value

on Plaintiff's claim.  It is admitted that the claim remains unresolved.

    9.  The ARD Order is a written document which speaks for itself.  Any allegation inconsistent with that document is denied.

    10.  The ARD Order is a written document which speaks for itself.  Any allegation inconsistent with that document is denied.

    11.  Denied.  It is denied that the GUC Trust wishes to allow liquidation of Plaintiff's Proof of Claim.  On the contrary, undersigned counsel spoke to counsel for the GUC Trust and advised that an appropriate modification to allow liquidation of the Proof of Claims would be appropriate.  However, the GUC Trust wishes to modify the Stay Order and have Plaintiff proceed against and entity which no longer exists.  It is anticipated that counsel in the underlying action will not produce any discovery documents or witnesses which would allow a fair liquidation of Plaintiff's claim.

    12.  The ARD Order is a written document which speaks for itself.  Any allegation inconsistent with that document is denied.

    13.  The ARD Order is a written document which speaks for itself.  Any allegation inconsistent with that document is denied.

14. It is admitted that the Plaintiff and the GUC Trust participated in mediation and were unable to resolve Plaintiff's claim. It is denied that the Plaintiff's claim should be liquidated in the Action in Federal Court for the reasons set forth above.

15. While it is admitted that a modification of the automatic stay is appropriate, it is denied that it is appropriate in the manner requested by the GUC Trust for the reasons set forth above.

16. It is admitted that the Plaintiff has received notice of the Motion filed by the GUC Trust.

17. Admitted.

**WHEREFORE**, Burton Taft, Administrator of the Estate of Brian Taft requests that the relief sought by the GUC Trust be denied and that an Order be entered allowing modification of the Stay such that Burton Taft can proceed with his case in the United States District Court for the Middle District of Pennsylvania against the Motors Liquidation Company GUC Trust and that that entity be required to produce during the litigation all discovery documents and witnesses which could have been produced by General Motors Corporation had the bankruptcy not been filed.

ROTH & DEMPSEY, P.C.

/s/ Michael G. Gallacher
MICHAEL G. GALLACHER, ESQUIRE
Attorneys for Burton Taft,
Administrator of the Estate of
Brian Taft

4