UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SMALLEY, <br><br> Plaintiff, <br><br> v. <br><br> MOTORS LIQUIDATION COMPANY GUC TRUST f/k/a GENERAL MOTORS CORPORATION, <br><br> Defendant. | 11 Civ. 3823 (LBS) <br><br> **MEMORANDUM & ORDER** |

SAND, J.

Thomas Smalley ("Smalley") appeals from a March 23, 2011, Order entered by Hon. Robert E. Gerber of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). Order Granting Debtors' Objection to Proof of Claim No. 69998 Filed by Thomas Smalley.

Having reviewed the history of these proceedings, the parties' submissions, and the decision of the Bankruptcy Court, we affirm.

## I.    Standard of Review

District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a). On appeal, the court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo.*" *Solow v. Kalikow (In re Kalikow),* 602 F.3d 82, 91 (2d Cir. 2010).

## II.    Discussion

Smalley, of Lynville, Iowa, was injured in a motor vehicle accident on September 27, 1997, in Woodale, Illinois. Smalley was driving a 1991 Buick Regal, manufactured by General Motors. According to the accident report, Smalley's car "ran of[f] the road into the culvert, striking a

1

sidewalk [and] the vehicle then overturned onto its roof." Proof of Claim No. 69998. Smalley

claims that he broke his ribs, injured his head, and currently suffers from cauda equina syndrome,

a neurological condition that can be caused by a "violent impact [to the body], such as a car crash

[or] a fall from a significant height." *Id.*

Roughly coincident with Smalley's accident, the Office of Defects Investigation, National

Highway Traffic Safety Administration, Department of Transportation investigated and ordered a

recall of all 1991 Buick Regals on the grounds that "[t]he engine cradle front bolts and/or

retainers may fail, allowing the front of the engine cradle to fall, possibly separating the steering

intermediate shaft from the steering gear, with complete loss of steering control." *Id.* Smalley

claims that the mechanical defect that resulted in the recall was the proximate cause of his

accident and subsequent injuries. *Id.*

On June 1, 2009, General Motors Corporation filed a voluntary petition in the United

States Bankruptcy Court for the Southern District of New York under Chapter 11 of the

Bankruptcy Code. Debtors' Objection to Proof of Claim No. 69998 Filed by Thomas Smalley

("Debtors' Objection") 2.

On September 16, 2009, the Bankruptcy Court issued an order designated November 30,

2009, at 5:00 p.m. (Eastern Time) as the General Bar Date and stipulating that proofs of claim not

"actually received" by the General Bar Date would be untimely. Order Pursuant to Section 502(b)

(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing

Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(B)(9)) and Procedures

Relating Thereto and Approving the Form and Manner of Notice Thereof ("Bar Order") at 2–3.

The Bar Order further required publication of the Bar Date Notice in various national newspapers

—including the *Financial Times, Wall Street Journal, New York Times*, and *USA Today*—as well as

on www.motorsliquidation.com, a website established by Garden City Group, Inc., the Debtors'

court approved claims agent. *Id.* at 7.

On February 8, 2010, Smalley filed his proof of claim. On March 2, 2011, the Bankruptcy Court held a hearing on Smalley's claim. Smalley failed to appear, no one appeared on his behalf, and Smalley could not be reached by telephone. Transcript Regarding Hearing Held on March 1, 2011 ("Tr") at 62–63. As a result of Smalley's absence, the Bankruptcy Court decided Smalley's motion on the papers. *Id.* at 71.

The Bankruptcy Court found that Smalley had never filed a lawsuit against General Motors at the time of the accident. *Id.* at 72. On June 19, 2009, a few weeks after General Motors' Chapter 11 filing, Smalley contacted debtors' customer service center, notifying debtors of the 1997 accident. *Id.* As a consequence, Smalley received actual notice of the Bar Date by mail. *Id.* Despite receiving actual notice of the November 30, 2009, Bar Date, Smalley did not file his claim until February 8, 2010. *Id.* On December 12, 2010, General Motors proposed a settlement, but Smalley declined, asserting that his claim was worth between $15 million and $80 million. *Id.*

Based on these finding of fact—which Smalley has not challenged—the Bankruptcy Court made the following determinations. First, applying both Illinois law (the place of accident) and New York law, the Bankruptcy Court found that Smalley's negligence or products liability claims against General Motors were time barred. *Id.* at 76. *See also* 735 Ill. Stat. 513-202; *Golla v. General Motors Corp.*, 657 N.E.2d 894, 903 (Ill. 1995); New York CPLR 214(5); *Victorson v. Bock Laundry Machine Co.*, 37 N.Y.2d 395, 404 (N.Y. 1975). Second, the Bankruptcy Court found that Smalley's proof of claim was also time barred, because Smalley, who had received actual notice, filed it after the General Bar Date. Tr. at 77. *See also In re XO Communications, Inc.*, 301 B.R. 782, 797–798 (Bankr. S.D.N.Y. 2003). We see no reason whatsoever to disturb the Bankruptcy Court's findings of fact and determinations of law.

The Bankruptcy Court further analyzed whether Smalley's delay in filing his claim was excusable, based on the factors enunciated by the United States Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380, 385–387 (1993). The factors

3

are (1) the degree of prejudice to debtors; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether claimant was acting in good faith; and (5), whether claimant's delay was based on his or her counsel's mistake or neglect. The Bankruptcy Court held—in our view correctly—that despite Smalley's seeming good faith, his failure to explain his delay, the degree of prejudice to debtors to litigate a decade-old claim, and the prejudice to other creditors of General Motors setting aside between $15 and $80 million to litigate Smalley's claim, compelled the conclusion that Smalley's claim was not excusable. Tr. at 77-79. Finally, the Bankruptcy Court noted General Motors' attempts to settle Smalley's claim despite all evidence that it was time barred. *Id.*

We have no trouble concluding that the Bankruptcy Court committed no errors. We affirm.

## III.   Conclusion

For the foregoing reasons, the decision of the United States Bankruptcy Court for the Southern District of New York is *affirmed*.

**SO ORDERED.**

May 7, 2012
New York, N.Y.

_____
U.S.D.J.

4