HEARING DATE AND TIME: May 15, 2012 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: May 8, 2012 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :   Chapter 11 Case No.
                                         :
MOTORS LIQUIDATION COMPANY, et al.,      :   09-50026 (REG)
     f/k/a General Motors Corp., et al.  :
                                         :
                       Debtors.          :   (Jointly Administered)
                                         :
------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S
REPLY TO THE OBJECTION FILED BY SHERIF RAFIK KODSY
TO ORDER PROVIDING FOR LIMITED MODIFICATION OF THE AUTOMATIC
STAY AND THE PLAN INJUNCTION[1]**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES DISTRICT BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**") respectfully

represents:

---

[1] As explained herein, Plaintiff filed his objection prior to and in anticipation of the GUC Trust's Motion for Limited Modification of the Automatic Stay and the Plan Injunction as to the Action filed by Sherif Rafik Kodsy (ECF No. 11604) (the "**Motion**").

US_ACTIVE:\43982466\07\72240.0639                    1

**Introduction**

1. The GUC Trust previously designated the Claim[2] filed by Plaintiff for resolution under the ADR Procedures. However, after it became apparent through the offer and exchange process that further settlement discussions would be futile, and after Plaintiff insisted on holding the mediation in Florida—a location that is not provided for in the ADR Procedures and to which the GUC Trust would have incurred considerable costs to travel—the GUC Trust terminated the ADR process in accordance with its rights under the ADR Procedures.

2. Accordingly, on March 30, 2012, the GUC Trust wrote to Plaintiff and requested that Plaintiff sign a Stipulation and Agreed Order Providing for Limited Modification of the Automatic Stay and the Plan Injunction (the "**Stipulation and Agreed Order**") in order to permit liquidation of the amount of Plaintiff's Claim through litigation of the pre-bankruptcy Action that Plaintiff had filed in the Florida Court.

3. Counsel for the GUC Trust participated in multiple telephone conversations with Plaintiff, both prior to and after sending the March 30, 2012 letter, in an attempt to explain the need to lift the Automatic Stay in order to move forward and liquidate the Claim. Despite these efforts, Plaintiff has unreasonably refused to stipulate to lifting the Automatic Stay in order to pursue the Action he filed in the Florida Court, and, accordingly, the Stipulation and Agreed Order was not presented to this Court.

4. On April 12, 2012, Plaintiff filed a pleading titled Objection to a Stipulated Order Between Motors Liquidation Company GUC Trust and Sherif Rafik Kodsy Providing for Limited Modification of the Automatic Stay and the Plan Injunction (ECF No. 11589) (the "**Objection**"). In the Objection, Plaintiff appears to object to lifting the Automatic

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Stay so that the Action he filed may continue.[3]

5. On April 13, 2012, the GUC Trust filed its Motion, requesting a limited modification of the Automatic Stay and the Plan Injunction solely to the extent necessary to permit liquidation of the Claim through litigation of the Action in the Florida Court, subject to the GUC Trust's right to seek removal and/or transfer of venue.

6. The Motion should be granted and Plaintiff's Objection should be overruled so that Plaintiff's Claim can be liquidated in the state court Action brought by Plaintiff.

**Response**

7. The ADR Procedures provide that if a Designated Claim is not resolved by the ADR Procedures, was pending in a nonbankruptcy forum on the Commencement Date, and cannot be adjudicated by the Court,[4] litigation of such claim shall proceed in that nonbankruptcy forum, subject to the GUC Trust's right to seek removal or transfer of venue. (ADR Procedures § II.E.)  Here, pursuant to the ADR Order and the ADR Procedures, the GUC Trust terminated the ADR Procedures, and the Claim was not resolved.  Thus, the Claim is an "Unresolved Designated Claim" pursuant to the ADR Order and the ADR Procedures.

8. The ADR Order further provides that if litigation of an Unresolved Designated Claim in a forum other than this Court is required, the Automatic Stay shall be modified "solely to the extent necessary to permit the liquidation of the amount of such

---

[3] The relief that Plaintiff seeks in his Objection is not clear, but the GUC Trust believes that Plaintiff objects to lifting the Automatic Stay in order to pursue the Action he filed.  If Plaintiff does not wish to pursue his Action, then Plaintiff should dismiss it and withdraw the Claim.

[4] The Claim cannot be adjudicated to judgment by the Court because it is an unliquidated personal injury claim. *See* 28 U.S.C. § 157(b).

Unresolved Designated Claim in the appropriate forum." (ADR Order at 6; *see also* ADR Procedures §§ II.E(3)-(4).)[5]

9. The automatic stay is intended to benefit a debtor by giving the debtor a "breathing spell" from creditors and providing for orderly administration of the bankruptcy estate. *See, e.g.*, *Teachers Ins. & Annu-ity Ass'n of America v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986). Here, it is the GUC Trust that is seeking to modify the Automatic Stay solely to the extent necessary to proceed with the Action that Plaintiff filed in the Florida Court, subject to the GUC Trust's right to seek removal and/or transfer of venue. Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the stay upon request by a party in interest showing cause for relief. *See* 11 U.S.C. § 362(d)(1); *In re N.Y. Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) (granting relief from automatic stay so personal injury claim could be liquidated in state court).

10. Since Plaintiff appears to challenge the lifting of the Automatic Stay, it is appropriate to analyze the *Sonnax* Factors. *See Sonnax Indus., Inc. v. Tri Component Prods. Corp (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). The *Sonnax* factors are as follows: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other

---

[5] The ADR Procedures further provide that any such liquidated claim "(a) shall be subject to treatment under the applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise determined and ordered by the Bankruptcy Court." (*See* ADR Procedures § II.E(4).)

creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.[6] *See id*.

11.     Cause exists under the *Sonnax* factors to allow the Action to proceed in the Florida Court subject to the GUC Trust's right to seek removal and/or transfer of venue.  As to the first *Sonnax* factor, "whether relief would result in a partial or complete resolution of the issues," the GUC Trust cannot proceed without liquidating Plaintiff's Claim and, under 28 U.S.C. § 157(b), this Court cannot liquidate Plaintiff's personal injury claim.  *See Sonnax Indus., Inc.*, 907 F.2d at 1286; 28 U.S.C. § 157(b).  Therefore, allowing the Action to proceed in the Florida Court would result in a complete resolution of the issues, namely, the liquidation of Plaintiff's Claim.

12.     In regards to both the second *Sonnax* factor, "lack of any connection with or interference with the bankruptcy case," and seventh *Sonnax* factor, "whether litigation in another forum would prejudice the interests of other creditors," if the Court allows the Action to proceed, it would neither interfere with these bankruptcy cases nor prejudice other creditors.  Here, the Debtors have dissolved and, thus, they have no ongoing operations, and the Plan has been confirmed by this Court.  Instead, the ongoing inability to liquidate the Claim may unnecessarily delay distributions that would otherwise be available for the benefit of all creditors.  Without liquidation, Plaintiff's Claim will remain unresolved and pending on the

---

[6] The GUC Trust has only analyzed the Sonnax factors that apply in the instant case as "[n]ot all of the factors are relevant in every case, and the court need not assign equal weight to each factor."  *See In re N.Y. Med. Grp., P.C.*, 265 B.R. at 413 (citations omitted).

claims register.  The GUC Trust would thus be required to delay its final distributions pending liquidation of the Claim, a result that would be unfairly prejudicial to other unsecured creditors who have timely filed proofs of claim.

13. In regards to the tenth *Sonnax* factor, relief from the automatic stay will promote the "interests of judicial economy and the expeditious and economical resolution of litigation." *See id*.  Though the relief Plaintiff seeks in his Objection is unclear, the GUC Trust believes that Plaintiff is declining to pursue the Action he filed.  Under Plaintiff's approach, the GUC Trust would have to allow Plaintiff's Claim to languish indefinitely awaiting Plaintiff's decision as to whether to pursue the Action he filed.  Such a delay would result in mounting costs to the GUC Trust.  If the Action is allowed to proceed, however, the GUC Trust will be able to liquidate Plaintiff's Claim and could thus avoid this needless delay.

14. Finally, in regards to the twelfth *Sonnax* factor, the "impact of the stay on the parties and the balance of harms," the GUC Trust, its creditors, and Plaintiff will not be harmed if this Court lifts the Automatic Stay to allow Plaintiff to pursue the state court Action.  *See id*.  As mentioned above, the GUC Trust and its creditors will be harmed if the GUC Trust is not able to liquidate the Claim and release its reserves as the ongoing liability might delay distributions to other creditors.  By contrast, Plaintiff will not be harmed by being allowed to pursue the Action that he filed.

15. This Court should not allow the Claim to remain unliquidated and pending on the claims register.  Plaintiff must litigate his claims in the state court Action in order to liquidate the amount of the Claim.  If Plaintiff no longer wishes to pursue the Action he filed, he should be required to dismiss the Debtors from the Action and withdraw his Claim.  As this Court stated in granting the GUC Trust's motion to lift the stay as to the claim filed by Verdina,

"[T]he claim against old GM must be liquidated . . . . sooner or later, unless abandoned . . . ." (*See* Tr. of Hr'g dated April 26, 2012 at 36: 5-6, 16.)[7]

16.  Accordingly, pursuant to the ADR Order and Section II.E of the ADR Procedures, this Court should permit the modification of the Automatic Stay and the Plan Injunction solely to the extent necessary to enable the Action to proceed to final judgment or settlement in the Florida Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue.[8]  Plaintiff's Objection should be overruled.

17.  Upon liquidation of the Claim, this Court would retain jurisdiction with respect to the treatment of the Claim under the Plan.

## Conclusion

WHEREFORE the GUC Trust respectfully requests that the Court overrule

---

[7] To the extent Plaintiff argues that his Claim is not subject to the Claim Amount Cap following termination of the ADR process, such argument is inconsistent with the ADR Procedures. Plaintiff was advised that, upon the GUC Trust's acceptance of the Claim Amount Cap, Plaintiff would be "forever barred from seeking recovery above the Claim Amount Cap." Further, the ADR Order provides that a Claim Amount Cap that is accepted by the Debtors will become binding on the Claimant. (See ADR Order at 5.) The GUC Trust accepted Plaintiff's capping offer and participated in good faith in the offer and exchange process with the hopes of resolving Plaintiff's Claim. Unfortunately, Plaintiff's demands in the offer and exchange process and with respect to the mediation location were not reasonable and, unfortunately, the GUC Trust believes in its business judgment that settlement of this matter is simply not possible.

[8] Plaintiff makes various accusations of alleged misconduct by GM and its attorneys in the Action pending in the Florida Court. While Plaintiff's accusations are baseless, they can and should be resolved in the Florida Court. Further, Plaintiff appears to complain about one or more evidentiary rulings by the Florida Court as to the admissibility of certain vehicle inspection reports. That issue should also be resolved in the Florida Court or on appeal from the Florida Court's rulings, if appropriate. Accordingly, the GUC Trust does not address Plaintiff's accusations and complaints regarding the Florida Court's rulings.

Plaintiff's Objection, grant the relief requested in the Motion, and grant such other and further relief as is just.

Dated: New York, New York
May 8, 2012

/s/ Joseph H. Smolinsky_____
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
 Company GUC Trust

HEARING DATE AND TIME: May 15, 2012 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: May 8, 2012 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                   :

In re                                :         Chapter 11 Case No.
                                 :

MOTORS LIQUIDATION COMPANY, *et al.*,  :        09-50026 (REG)
    f/k/a General Motors Corp., *et al.*     :
                                 :
              Debtors.            :         (Jointly Administered)
                                 :
------------------------------------------------------------x

**ORDER OVERRULING SHERIF RAFIK KODSY'S OBJECTION TO AN ORDER BETWEEN MOTORS LIQUIDATION COMPANY GUC TRUST AND SHERIF RAFIK KODSY PROVIDING FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION AND GRANTING MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY AND PLAN INJUNCTION AS TO THE ACTION FILED BY <u>SHERIF RAFIK KODSY</u>**

Upon the Motion, dated May 8, 2012 (the "**Motion**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), for entry of an order providing for a limited modification of the Automatic Stay and the Plan Injunction as to the Action filed by Sherif Rafik Kodsy, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the GUC Trust, the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Automatic Stay and the Plan Injunction are modified solely to the extent necessary to permit liquidation of the Claim by enabling the Action to proceed to final judgment or settlement in the Florida Court; and it is further

ORDERED that the Automatic Stay and the Plan Injunction are not modified in regards to and shall bar the filing of any additional action that Sherif Rafik Kodsy may seek to pursue; and it is further

ORDERED that pursuant to the ADR Order and the ADR Procedures, the Action shall proceed as to the claim against the Debtors in the Florida Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue or in such other forum as determined by the Court on request of the GUC Trust; and it is further

ORDERED that pursuant to the ADR Order and the ADR Procedures, any final judgment in the Action shall be subject to treatment under the Plan and shall be treated as a general unsecured nonpriority claim against the GUC Trust, unless otherwise determined and ordered by this Court; and it is further

ORDERED that, except as provided herein, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect; and it is further

ORDERED that nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action, and the

defendants in the Action reserve the right to assert any and all defenses in the Action; and it is further

ORDERED that this Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Order.

Dated: New York, New York

_____, 2012

_____
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE