**HEARING DATE AND TIME: May 15, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                                 :    **Chapter 11 Case No.**
                                                      :
**MOTORS LIQUIDATION COMPANY**, *et al.*,             :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*              :
                                                      :
                        Debtors.                      :    **(Jointly Administered)**
                                                      :
---------------------------------------------------------------x

**REPLY IN SUPPORT OF MOTORS LIQUIDATION COMPANY
GUC TRUST'S MOTION FOR LIMITED MODIFICATION OF THE
AUTOMATIC STAY AND THE PLAN INJUNCTION AS TO THE ACTION FILED BY
<u>BURTON TAFT, ADMINISTRATOR OF THE ESTATE OF BRIAN TAFT</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned Debtors[1] in connection with the Plan, files this reply to the response (the

"**Response**") (ECF No. 11682) interposed to the GUC Trust's Motion for Limited Modification

of the Automatic Stay and the Plan Injunction as to the Action Filed by Burton Taft,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1

Administrator of the Estate of Brian Taft (ECF No. 11601) (the "**Motion**"), and respectfully represents:

## Preliminary Statement

1. Plaintiff should either pursue the Action he filed in the Pennsylvania Federal Court or dismiss GM from the Action and withdraw the Proofs of Claim he filed in these bankruptcy proceedings. The demands Plaintiff makes as to the terms of lifting the Automatic Stay and Plan Injunction are unreasonable, and, in any event, are appropriate for resolution in the Action Plaintiff filed in the Pennsylvania Federal Court.

2. Plaintiff does not deny that a modification of the Automatic Stay and Plan Injunction is appropriate to liquidate the Proofs of Claim. Plaintiff nevertheless objects to the relief sought in the Motion unless (1) the GUC Trust agrees to substitute itself as a defendant in the place of GM, and (2) the GUC Trust and/or General Motors LLC ("**New GM**") agree (or are ordered by this Court) to produce all discovery and necessary witnesses in the Action. Plaintiff seeks to have both of the foregoing issues clarified and included in this Court's order lifting the Automatic Stay and Plan Injunction rather than having discovery disputes considered in the Pennsylvania Federal Court.

3. The GUC Trust cannot agree to Plaintiff's demands. It is premature to assess what discovery will be requested in the Action or how best to illicit responses to such requests. The GUC Trust has no prepetition books and records because those were sold to New GM, and it does not have control over certain potential witnesses, but these are issues that are present in every litigation. To the extent the GUC Trust is unable to produce documents or witnesses, third party discovery is always available.

**Reply**

4.      The GUC Trust is seeking to exercise its rights under the ADR Order and Procedures to resolve the Proofs of Claim through litigation of the Action Plaintiff filed. Accordingly, the GUC Trust sought in its Motion a limited modification of the Automatic Stay and the Plan Injunction solely to the extent necessary to permit liquidation of the Proofs of Claim. Plaintiff does not appear to object to this request.

5.      The GUC Trust, however, cannot meet Plaintiff's demand that it submit itself as a named defendant in the underlying Action in the place of GM. Under the Plan, the GUC Trust is the representative of the Debtors and, as a liquidating trust, it is charged with defending the Debtors in order to liquidate claims brought against the estate. Suffice it to say that the GUC Trust stands ready to defend the Action and liquidate the claim, if any, against GM, and no substitution of parties is necessary or appropriate.

6.      Similarly, Plaintiff's demand that the GUC Trust be required "to produce during the litigation all discovery documents and witnesses which could have been produced by General Motors Corporation had the bankruptcy not been filed" is equally unreasonable and inappropriate.[2] Plaintiff's belief that the GUC Trust will not provide much of the discovery Plaintiff intends to seek in the Action is, in essence, correct, because the GUC Trust cannot. The GUC Trust has no employees, witnesses, and limited documents from former GM. And Motors Liquidation Company has no employees, witnesses, or documents, because it has dissolved (although books and records remaining after the sale to New GM are now in the possession of the GUC Trust). Thus, as has been the case in other litigation that has continued against the Debtors post-liquidation and dissolution, Plaintiff's discovery requests will need to be made

---

[2] As this Court is aware, New GM is a separate entity, and the GUC Trust cannot form agreements or make representations to Plaintiff on its behalf.

through third party subpoenas directed to former GM employees. In any event, any issues that Plaintiff has with the discovery process are properly considered by the Pennsylvania Federal Court.

7. This Court should lift the Automatic Stay and the Plan Injunction to permit liquidation of the Proofs of Claim, and Plaintiff should pursue his procedural and discovery concerns in the Pennsylvania Federal Court. Accordingly, pursuant to the ADR Order and Section II.E. of the ADR Procedures, this Court should permit the modification of the Automatic Stay and the Plan Injunction solely to the extent necessary to enable the Action to proceed to final judgment or settlement in the Pennsylvania Federal Court.

8. Upon liquidation of the Proofs of Claim, this Court would retain jurisdiction with respect to the treatment of the Proofs of Claim under the Plan.

WHEREFORE, for the reasons set forth above and in the Motion, the GUC Trust respectfully requests that the Court grant the Motion, and grant such other and further relief as is just.

Dated: New York, New York
       May 10, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Vance L. Beagles
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*           :
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :
------------------------------------------------------------x

## ORDER GRANTING MOTION OF MOTORS
## LIQUIDATION COMPANY GUC TRUST FOR LIMITED MODIFICATION
## OF THE AUTOMATIC STAY AND PLAN INJUNCTION AS TO ACTION
## FILED BY BURTON TAFT, ADMINISTRATOR OF THE ESTATES OF BRIAN TAFT

Upon the Motion, dated April 13, 2012 (the "**Motion**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), for entry of an order providing for a limited modification of the Automatic Stay and the Plan Injunction as to the Action filed by Burton Taft, Administrator of the Estate of Brian Taft, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

ORDERED that the Automatic Stay and the Plan Injunction are modified solely to the extent necessary to permit liquidation of the Proofs of Claim by enabling the Action to proceed to final judgment or settlement; and it is further

ORDERED that pursuant to the ADR Order and the ADR Procedures, the Action shall proceed as to the claims against the Debtors in the Pennsylvania Federal Court, subject to the Debtors' and/or the GUC Trust's rights to seek removal and/or transfer of venue or in such other forum as determined by the Court on request of the Debtors and/or the GUC Trust; and it is further

ORDERED that, notwithstanding the GUC Trust's not being submitted into the Action as a defendant, the GUC Trust shall be charged, pursuant to the Plan, as the representative of the Debtors for all purposes of defending the Action and liquidating the Proofs of Claim; and it is further

ORDERED that pursuant to the ADR Order and the ADR Procedures, any final judgment in the Action shall be subject to treatment under the Plan and shall be treated as a general unsecured nonpriority claim against the GUC Trust, unless otherwise determined and ordered by this Court and it is further

ORDERED that, except as provided in Paragraph 2 above, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect and it is further

ORDERED that nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the Action reserve the right to assert any and all defenses in the Action; and it is further

ORDERED that this Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Order.

Dated: New York, New York
_____, 2012

                                           THE HONORABLE ROBERT E. GERBER
                                           UNITED STATES BANKRUPTCY JUDGE