Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
                                       :
**In re**                              :    Chapter 11 Case no.
                                       :
**MOTORS LIQUIDATION COMPANY, et al**  :    09-50026(REG)
   **F/k/a General Motors Corp., et al.** :
                                       :
          **Debtors,**                 :    (Jointly administered)
                                       :
                                       :
                                       :
                                       :
_____:


# DR. TERRIE SIZEMORE'S OBJECTION TO THE APRIL 26, 2012 ORDER OF JUDGE GERBER

Now comes Dr. Terrie Sizemore and respectfully objects to the Honorable Judge Robert E. Gerber's April 26, 2012 ORDER. She apologizes because she understood Judge Gerber to state she was permitted to file an objection to the April 26, 2012 ORDER, however, she does not have an actual copy of an ORDER at this time. She has requested one and been advised an ORDER has not been written and journaled at this time.

Dr. Terrie Sizemore was also advised she only had 14 days from April 26, 2012 to file this Objection, however, she understood she had 14 days from when an ORDER was written so she would know how to respond and what to respond to. At present, she will guess what will be

written in the ORDER and files this Objection at this time. If she needs to file again after the ORDER is written and journaled, she will.

At present, Dr. Terrie Sizemore wishes to state the agenda she was called to the April 26, 2012 Hearing for was in reference to her two filings. The first was her filing to have the Court Enforce the 363 Sale Order for "New" GM to disclose the information she requested and the information she contended the 363 Sale Order and the ARMSPA ordered GM to retain. The second was her motion for sanctions against two GM attorneys for the conduct she pled in her filing. She contends GM did not plead argument sufficient to have her two issues disregarded.

These were the only two matters on the agenda to be addressed in Court on April 26, 2012. Dr. Sizemore is baffled as to how she was accused by Judge Gerber of contempt and misconduct-particularly vexatious conduct when there was no motion before this Court to find her guilty of any misconduct. Dr. Sizemore is unaware as to how to object until she sees an actual ORDER, however, she is disturbed by Judge Gerber's apparent disgust with her when she wasn't even accused of any wrongdoing. Judge Gerber making statements to 'take it out of Dr. Sizemore's hide..' were disturbing because she was not accused of any wrongdoing. Dr. Sizemore is not in contempt of any ORDER of this Court and has made it clear she removed GM from her Action for Discovery even though she contends she has been falsely accused of wrongdoing by filing this Discovery Action. As Dr. Sizemore stated in the Hearing, she attended oral argument on January 10, 2012 in the Ninth Appellate Court in Ohio and one Judge present asked GM attorneys how it could be possible GM could be exempt from answering questions. Dr. Sizemore did not demonstrate vexatious conduct by taking her Constitutionally protected right to appeal and all her actions in all matters pertaining to her injuries have been warranted under existing law-thus negating any accusation of vexatious conduct.

This Court advised Dr. Sizemore to take an appeal to the District Court on June 1, 2010. She did so at the advice of Judge Gerber, so how could that be vexatious? In addition, she didn't need to take the appeal because Judge Gerber rendered a 'stay' when he rendered his ORDER after the June 1, 2010 Hearing. This stay negated her need to appeal at that time.

Also, Dr. Sizemore is not responsible for GM attorneys taking over 8 months to comply with Judge Gerber's ORDER and that fact is ignored at this time. Dr. Sizemore does not want to be blamed for acts of others. She has taken responsibility for her own acts. The only conduct Dr. Sizemore did incorrectly was listing New GM on her products liability action in January, 2010, however, that cannot be construed as contempt because contempt carries with it 'acts that are done contrary to Court orders knowingly and willfully.' Dr. Sizemore did not know the Bankruptcy Court existed until May, 2010, thus she cannot be accused of being in contempt. There is no ORDER Dr. Sizemore is in contempt of.

Dr. Sizemore has been persistent in her attempts to 'do the right thing' to pursue her legal options for her injuries, however, this does not constitute vexatious conduct. Dr. Sizemore is disturbed by the Court's statement- enough is enough. It should be stated 'enough is enough' regarding GM hiding information they were ORDERED to keep and other parties than this Consumer have petitioned for information they have been given by GM regarding her vehicle. Dr. Sizemore cannot reconcile a legal basis that allows any other party-including GM- to refuse her requested information.

This Court ordered a 'stay' that continued for many months after and Dr. Sizemore has been accused of misconduct when it was GM's attorneys that continued to file motion after motion in Ohio Courts. It appears GM attorneys have privately consulted with this Court to ask

them to threaten Dr. Sizemore when there is no motion before this Court for a decision by this Court.

## CONCULSION AND PRAYER FOR RELIEF

Without seeing an actual ORDER, Dr. Sizemore can only speculate what the ORDER will contain. She has attached copy of her withdrawal of GM from her Discovery Action as ORDERED on July 13, 201 and copy of the agenda for the April 26, 2012 Hearing. Dr. Sizemore contends there are issues at hand that are non-bankruptcy issues and she is confused as to how those issues can be the jurisdiction of this Court. It appears GM wants this Court to make decisions of matters in Ohio and Dr. Sizemore has not seen any pleadings for this and has not had the opportunity to respond to any accusation made against her. She contends it is her right to respond to accusation of wrongdoing. She contends her issues have not been addressed.

Respectfully submitted,

Dr. Terrie Sizemore RN DVM
Pro se

Attachments:
1. Copy of Terrie Sizemore's withdrawal of GM in her Ohio Discovery Action
2. Copy of the Agenda for the April 26, 2012 Hearing.

## CERTIFICATE OF SERVICE

A true and accurate copy of this foregoing Dr. Terrie Sizemore's Objection to the April 26, 2012 Order of Judge Gerber has been served, via regular US Mail on this 9th day of May, 2012 upon the following:

Stephen Karotkin
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Ave.
New York, New York 10153
Attorneys for General Motors, LLC

# IN THE NINTH DISTRICT COURT OF APPEALS
# MEDINA COUNTY, OHIO

| | | |
|---|---|---|
| Dr. Terrie Sizemore RN DVM | : | |
| | : | |
| Plaintiff-Appellant, | : | Case no:10CA0035-M |
| | : | |
| v. | : | |
| | : | |
| General Motors Company, | : | Regular Calender |
| | : | Appeal from Medina County Court |
| Defendant-Appellee | : | of Common Pleas, |
| | : | Case no: 09-CIV-2471 |

## APPELLANT'S REQUEST TO VOLUNTARILY DISMISS THIS APPEAL AND WITHDRAW GENERAL MOTORS COMPANY FROM THIS ACTION

DR. TERRIE SIZEMORE
RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Plaintiff-Appellant, *pro se*

JAMES M. POPSON (0072773)
Sutter, O'Connell, & Farchone Co., LPA
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114
(216) 928-2200

Attorneys for Defendant-Appellee
General Motors Company

Now comes the Appellant, Dr. Terrie Sizemore RN DVM, and respectfully requests the Court grant this request to voluntarily dismiss this appeal and withdraw GM as the Adverse Party to this Action for Discovery.

Dr. Sizemore wishes to thank the Court for their gracious patience regarding these issues. She contends her hands have been tied pursuant to the language of Judge Gerber's Order until now. She wishes to thank this Court for the appearance and actual conduct to support they have attempted and have in every way been fair with her in these matters and protected her rights as a litigant.

Dr. Sizemore attended a hearing in the US Bankruptcy Court SDNY on July 13, 2011 and Judge Gerber affirmed his June 1, 2010 Order journaled on July 1, 2010 Ordering her to withdraw GM from her Action for Discovery. Even though he stated no sanctions would be imposed, she is disappointed with this continued decision.

Dr. Sizemore wishes to state for the record she contends Judge Gerber's Order to withdraw this appeal and this Adverse Party are inconstant with the law and her rights. She contends there has been no law presented at the Federal or State level that prohibits this Action for Discovery against the New GM and that the Bankruptcy documents confirm that the New GM actually entered into a contractual agreement to retain the information

regarding her GM vehicle and agreed to make this information available to this Appellant and have not. She contends this constitutes a violation of the Bankruptcy Order issued in June or July 2009 by Judge Gerber of the US Bankruptcy Court SDNY. The US Bankruptcy Court SDNY did not accept Dr. Sizemore's presentation of this argument, however, Dr. Sizemore contends this was part of her argument.

In addition, Dr. Sizemore asserted that there was/is no legal basis for prohibiting her from discovery so she may perfect a product liability claim against other potential defendants and she claims the New GM is not permitted acts of fraud and negligence post Bankruptcy closing and this argument was not accepted by the Bankruptcy Court.

GM's NY counsel has affirmed that GM will comply with third party discovery as she pleads with this Court to expedite her appeal in 11CA0025-M to return that action back to the trial Court, allow her to substitute Mr. Stanley Sparks for one John Doe Defendant so she can pursue her legally permitted third party discovery upon the New GM.

Dr. Sizemore contends she asserted to the US Bankruptcy Court SDNY on July 13, 2011 during the hearing that information she sought was either public record or she was/is entitled to by law. She asserted GM has confirmed they have already 'sent information' she contends is fraudulent

09-50026-mg    Doc 11707    Filed 05/11/12    Entered 05/14/12 11:37:00    Main Document
              Pg 8 of 12

4

and conceals material facts. Dr. Sizemore contends GM's bankruptcy was publicly published and therefore some issues relate to matters of public record she is entitled to for this reason alone-particularly issues relating to responsible parties post bankruptcy filing. She relayed to Judge Gerber she approached GM with a reduced amount to settle –in fact $1/5^{th}$ the original amount requested- and since they declined this, she contended all she was requesting was a fair fight with this opposing party.

Dr. Sizemore advised Judge Gerber of all the statements she contends are false that have been made by GM's Ohio counsel, Mr. Popson and presented in his briefs to this Court and the trial Court. She contended she was not called to NY for issues relating to Action for Discovery and when attempting to refer to her Action for Discovery Judge Gerber affirmed this was not a bankruptcy issue. All argument made by this Appellant was rejected.

Dr. Sizemore asserted the Purchase agreement signed by GM included they would be liable for any occurrences or incidents, etc that happened after the closing and she considered their refusal to comply with the laws in the State of Ohio and this Action for Discovery constituted a violation and contempt of that agreement. This argument was not accepted.

The US Bankruptcy Court SDNY relied upon the US District Court SDNY Judge Merraro's decision that essentially if a party is not permitted to file an action for product liability is should be understood they are not permitted an action for discovery pertaining to product liability either. Dr. Sizemore contends she asserted this conclusion was not based on facts of bankruptcy documents nor conclusions of law. Her argument was not accepted.

Dr. Sizemore also asserted she was not an engineer and was in need of the product information to assist her with litigation and since she was/is a consumer and paid $25,000.00 for the vehicle, she was entitled to any and all information regarding the vehicle. She contended that misrepresentation and concealment of material facts also were included as definitions of fraud. This argument was also not accepted.

Dr. Sizemore wishes to thank the Court again for their patience in these matters and contends if Mr. Popson had been forthcoming with the language of Judge Gerber's Order it would have prevented much confusion with the Court. She understands she is responsible for the charges relating to this appeal and is disturbed by the Bankruptcy Court's dismissal of this fact. Dr. Sizemore contends the Bankruptcy Court appears to dismiss GM's counsel's conduct that the law provides her remedy for damages resulting

from, but the Bankruptcy Court appears to not allow her that recovery because GM doesn't have to answer for their acts or the acts of their counsel. This is confusing and disturbing to this Appellant and she does not know how to relay this to the Court properly.

Respectfully submitted,

_____
Dr. Terrie Sizemore RN DVM
Pro se

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing "APPELLANT'S REQUEST TO VOLUNTARILY DISMISS THIS APPEAL AND WITHDRAW GENERAL MOTORS COMPANY FROM THIS ACTION" was sent via regular US Mail on this _____ day of July, 2011 to the party below:

James M. Popson
3600 Erieview Tower
1301 E. 9th Street
Cleveland, Ohio 44114

Attorney for the Defendant

_____
Dr. Terrie Sizemore RN DVM
Pro Se

> If you currently are not receiving agendas by e-mail and would like to, send your name, the party that you represent (if any), and the proof of claim number(s) applicable to you (if any) to claims@motorsliquidationdocket.com.
>
> If you have a question regarding whether a particular matter listed herein will go forward, please contact Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust (Attn: Edward Wu; edward.wu@weil.com; (212) 310-8322).

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
:
In re                                               :    **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :    **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*        :
                                                    :
                Debtors.                            :    (Jointly Administered)
                                                    :
----------------------------------------------------------x

### NOTICE OF MATTERS SCHEDULED FOR
### HEARING ON APRIL 26, 2012 AT 9:45 A.M. (EASTERN TIME)

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, before the Honorable Robert E. Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling Green, New York, NY 10004-1408

**I.     CONTESTED MATTERS**

1.  Motion by Dr. Sizemore for Entry of Order Pursuant to 11 U.S.C. § 105 Enforcing 363 Sale Order and ARMSPA Ordering New GM to Comply with Terms and Provisions and Motion for Sanctions (**ECF No. 10714**)

    Responses Filed:

    A.  General Motor LLC's Response to Dr. Sizemore's (i) Motion for Entry of Order Pursuant to 11 U.S.C. § 105 Enforcing 363 Sale Order and ARMSPA Ordering New GM to Comply with Terms and Provisions, and (ii) Motion for Sanctions (**ECF No. 10995**)

    Replies Filed:

    B.  Dr. Sizemore's Reply to General Motors LLC's Response (**ECF No. 11021**)

Additional Documents:

C.   Memorandum Endorsed Order (**ECF No. 10763**)

**Status**:   This matter is going forward.

2. Motion of Motors Liquidation Company GUC Trust for Limited Modification of the Automatic Stay and the Plan Injunction as to the Action filed by Don Verdina and Kelly Labunski, Individually, and as Co-Special Administrators of the Estate of Stephanie Verdina (**ECF No. 11547**)

   Responses Filed:

   A.   Don Verdina and Kelly Labunski, Individually, and as Co-Special Administrators of the Estate of Stephanie Verdina's Objection to Motors Liquidation Company GUC Trust's Motion for Limited Modification of Automatic Stay and Plan Injunction (**ECF No. 11629**)

   Replies Filed:

   B.   Motors Liquidation Company GUC Trust's reply to be filed by April 25, 2011.

   Additional Documents:   None to date.

   **Status**:   This matter is going forward.

3. Debtors' Eighty-Third Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (**ECF No. 6740**)

   Responses Filed:

   A.   Objection and Response to Debtors' Eighty-Third Omnibus Objection to Claim by Linda K. Bellaire (the "**Bellaire Response**") (**ECF No. 6972**)

       1.   Response and Objection to Debtors' Eighty-Third Omnibus Objections to Claims by Linda K. Bellaire (**ECF No. 7076**)

   B.   David E. Turner (Informal Response)

   C.   Calvin H. Purnell (Informal Response)

   Replies Filed:

   D.   Motors Liquidation Company GUC Trust's Reply to Responses to the 83rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (**ECF No. 11445**)