Eric H. Gibbs
A. J. De Bartolomeo
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

- and -

Paul A. Rachmuth (pr1566)
**GERSTEN SAVAGE LLP**
600 Lexington Avenue
New York , New York  10022
Telephone: (212) 752-9700
Facsimile:  (212) 980-5192
prachmuth@gerstensavage.com

*Class Counsel in General Motors Case,*
*Anderson v. General Motors*

HEARING DATE : June 14, 2012
9:45 am (Eastern Time)

OBJECTION DEADLINE: June 7, , 2012
4:00 pm (Eastern Time)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.,*<br>**f/k/a General Motors Corp.,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

## MEMORANDUM OF LAW IN SUPPORT OF *ANDERSON* CLASS COUNSEL'S MOTION FOR APPROVAL OF NOTICE PURSUANT TO FED. R. CIV. P. 23(h) FOR AWARD OF ATTORNEY'S FEES FROM CLAIM No. 51093 SETTLEMENT FUND

## TABLE OF CONTENTS

**Page**

I.    Relief Requested ................................................................................................ 1

II.   Preliminary Statement ....................................................................................... 2

III.  Jurisdiction ........................................................................................................ 7

IV.   Background ........................................................................................................ 7

    A.    The Underlying *Anderson* Class Action and the 2009 California State Court Settlement Approval ................................................................................... 7

    B.    The 2011 Bankruptcy Settlement Agreement to Benefit the *Anderson* Class Members ................................................................................................... 9

    C.    The 2011 Settlement of the Debtors' Preference Action Against Class Counsel ................................................................................................... 11

V.    The Post-Petition Effo*rts by Cl*ass Counsel to Obtain a Settlement Fund for the *Anderson* Class Members Support An Award of Reasonable Attorneys' Fees ................................ 12

VI.   The Requested Fee Award Is Reasonable And Merits Court Approval ........................... 13

    A.    Class Counsel are Entitled to an Award of Reasonable Attorneys' Fees for their Efforts in the Chapter 11 Proceedings in Successfully Creating a Common Fund Benefit for Class Members. .......................................................................... 13

    B.    The Court Should Award Class Counsel Reasonable Attorneys' Fee For Their Success in Obtaining a Common Fund Benefit for Class Members in the Chapter 11 Proceeding. ........................................................................... 15

        1.    The Amount of the Fee Award Sought by Class Counsel Is Reasonable ................................................................................ 17

            (a)    The Proposed Fee Award Falls Within The Percentage-of-the-Fund  Benchmark Approved In Class Action Common Fund Cases .................................................... 17

            (b)    The Proposed Fee Award Satisfies the Lodestar Cross-Check ................................................................ 18

            (c)    The *Goldberger* Factors All Favor Granting Class Counsel's Proposed  Fee Award ......................................... 19

i

(1)    The Time and Labor Expended by Counsel ..................... 19

(2)    The Magnitude, Complexities and Risk of the
Litigation ......................................................................... 19

(3)    The Quality of Representation .......................................... 20

(4)    The Requested Fee in Relation to the Settlement ............. 20

(5)    Public Policy Considerations ........................................... 21

VII.    Conclusion ................................................................................................... 21

TABLE OF CONTENTS

## TABLE OF AUTHORITIES

**Case**                                                                                **Page**

*Adair v. Bristol Tech. Sys., Inc.*
    1999 WL 1037878 (S.D.N.Y. Nov. 16, 1999) ................................................................. 18

*Alyeska Pipeline Services Co. v. Wilderness Society*
    421 U.S. 240 (1975) ........................................................................................ 6, 14, 15, 16

*Blum v. Stenson*
    465 U.S. 886 (1984) ..................................................................................................... 17, 20

*Boeing Co. v. Van Gemert*
    444 U.S. 472 (1980) ........................................................................................ 6, 14, 15, 16

*Cohen v. Apache Corp.*
    WL 126560 (S.D.N.Y. Apr. 21, 1993) .......................................................................... 19

*deMunecas v. Bold Food, LLC*
    2010 U.S. Dist. LEXIS 87644 (S.D.N.Y. Aug. 23, 2010) ............................................. 21

*Fischel v. Equitable Life Assurance Soc'y of the U.S.*
    307 F.3d 997, 1006-07 (9th Cir. 2002) ............................................................................ 6

*Goldberger v. Integrated Resources, Inc.*
    209 F.3d 43 (2d. Cir. 2000) .................................................................................. *passim*

*Greene v. Emersons Ltd.*
    1987 WL 11558 (S.D.N.Y. May 20, 1987) .................................................................... 19

*Guippone v. BH S&B Holdings, LLC*
    2011 U.S. Dist. LEXIS 126026 (S.D.N.Y. Oct. 28, 2011) ................................. 15, 22, 23

*In re Agent Orange Products Liability Litigation*
    818 F.2d 226 (2d Cir.1987) ........................................................................................... 15

*In Re American Bank Note Holographics, Inc.*
    127 F.Supp. 2d 418 (S.D.N.Y. 2001) ............................................................................ 17

*In re Avon Prods. Inc. Sec. Litig.*
    1992 WL 349768 (S.D.N.Y. Nov. 6, 1992) .................................................................... 19

*In Re Consumer Privacy Cases*
        175 Cal.App.4th 545 (Cal. Ct. App. 2009) ............................................................ 6, 16 17

*In re NASDAQ Market-Makers Antitrust Litig.*
        187 F.R.D. 465 (S.D.N.Y. 1998) ................................................................................... 17

*In re Partsearch Technologies*
        453 B.R. 84 (Bankr. S.D.N.Y. 2011) ............................................................... 5, 15, 17, 18

*In re Union Carbide Corp. v. Consumer Prods. Bus. Sec. Litig.*
        724 F.Supp. 160 (S.D.N.Y. 1989) .................................................................................. 18

*Johnson v. Brennan*
        2011 U.S. Dist. LEXIS 105775 (S.D.N.Y. Sept. 16, 2011) ............................................. 21

*Klein v. PDG Remediation, Inc.*
        1999 SL 38179 (S.D.N.Y. Jan. 28, 1999) ....................................................................... 18

*Lealao v. Beneficial Inc.*
        82 Cal.App.4th 19 (Cal. Ct. App. 2000) ................................................................... 6, 17

*Luciano v. Olsten Corp.*
        109 F.3d 111 (2d Cir. 1997) ........................................................................................... 20

*Mills v. Electric Auto-Lite Co.*
        396 U.S. 375 (1970) ................................................................................................... 6, 14

*Six (6) Mexican Workers v. Arizona Citrus Growers*
        904 F.2d 1301 (9th Cir. 1990) ....................................................................................... 17

*Sprague v. Ticonic National Bank*
        307 U.S. 161 (1939) ....................................................................................................... 14

*Stefaniak v. HSBC Bank USA, N.A.*
        No. 1:05-CV-720 S, 2008 U.S. Dist. LEXIS 53872 (W.D.N.Y. June 28, 2008) .............. 22

*Strougo ex rel. Brazilian Equity Fund v. Bassini*
        258 F.Supp. 2d 254 (S.D.N.Y. 2003) .................................................................. 17, 18, 22

*Trustees v. Greenough*
        105 U.S. 527 (1881) ................................................................................................... 6, 14

*Vizcaino v. Microsoft Corp.*
        290 F.3d 1043 (9th Cir. 2002) ............................................................................. 6, 16, 17

ii

TABLE OF AUTHORITIES

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*
396 F.3d 96 (2d Cir. 2005)............................................................................................................ 17

**Statutes**

28 U.S.C. § 157............................................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23...................................................................................................................... 1, 5

TABLE OF AUTHORITIES

Girard Gibbs LLP Court Appointed Class Counsel in General Motors Case, *Anderson v. General Motors* ("Class Counsel") submits this memorandum of law in support of its Motion for Approval of Notice Pursuant To Fed. R. Civ. P. 23(h) for Award of Attorney's Fees from Claim No. 51093 Settlement Fund (the "Motion").

## I.    Relief Requested

Pursuant to Rules 7023 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 23(h) of the Federal Rules of Civil Procedure ("Rule 23(h)"), Class Counsel respectfully requests entry of an order, substantially in the form of the proposed order submitted herewith (the "Order"), approving form and dissemination of notice of Class Counsel's Application for attorney's fees from the settlement fund created for approved Claim No. 51093 Pursuant to Fed. R. Civ. P. 23.  The settlement fund was created for the benefit of the *Anderson* class members who filed timely and valid claim forms in the underlying class settlement ("*Anderson* Claimants").

By the Motion, Class Counsel seek approval of the form, content and means of notice to the *Anderson* Claimants of Class Counsel's application for attorneys' fees to compensate Class Counsel for post-petition efforts to establish and preserve the common fund settlement for the *Anderson* Claimants' benefit ("Notice").  The proposed Notice, which is annexed to the proposed Order as Exhibit A, provides the claimants with information regarding the *Anderson* approved Class Claim No. 51093 settlement fund ("Settlement Fund" or "Fund"), which was created through the March 14, 2011 Settlement Agreement Resolving Proof of Claim No. 51093 and the Court's May 3, 2011 Order.  *See* Dkt. No. 10171.  The proposed Notice further describes Class Counsel's fee application to compensate them for their post-petition work to create the

1

Settlement Fund and explains that any fee awarded by the Court will be paid from the Fund, the *Anderson* Claimants' rights to be heard on the issue of the application for attorneys' fees, and the procedures by which the *Anderson* Claimants can present their views on the post-petition fee application to the Court.

In the accompanying Declaration of A.J. De Bartolomeo in support of the Motion (the "De Bartolomeo Decl."), Class Counsel also present a detailed account of the post-petition work they performed to obtain the common fund benefit for the *Anderson* Claimants and the factual and legal bases for their application for attorneys' fees under the common benefit doctrine. Class Counsel provides this information and authorities so the Court will have a complete record on which to assess the adequacy of the proposed Notice.

## II.    Preliminary Statement

*Anderson* Class Claim No. 51903 was based on the settlement of a consumer class action (the "*Anderson* Class Action") that was granted final approval by the California Superior Court in March 2009, three months *before* General Motors ("GM") filed its Chapter 11 proceeding. The Anderson Class Action settlement was a "claims-made" settlement. Upon the commencement of GM's bankruptcy proceeding, the *Anderson* Class Action settlement and its provisions for relief to affected consumers were stayed. Absent the post-petition efforts of Class Counsel, the approved relief to the affected consumers would have been lost.

The May 2004 complaint in the *Anderson* Class Action alleged that certain model year Silverado trucks exhibited an abnormal engine knock or piston noise. The Plaintiff alleged that GM's business policy was to offer valuable benefits only to consumers who complained about the noise, in violation of California's "Secret Warranty" statute. The settlement and judgment provided for cash benefits for engine evaluation and for reimbursement of money spent by class

claimants for certain engine repairs and protection plans, pursuant to a court-approved claims process. On March 26, 2009, acting in its role as the claims administrator, GM mailed claim forms to the estimated 240,000 members of the *Anderson* class. Approximately 6,000 *Anderson* class members submitted timely claim forms to GM by the May 11, 2009 claims deadline.

The June 1, 2009 GM bankruptcy closed down all *Anderson* settlement and claims administration activities. Although the notice was sent and claim forms were returned to GM, GM did not review, analyze or process any of the *Anderson* claim forms. GM did not provide Class Counsel with any statistical or claims data. GM did not prepare or send any settlement payments to the *Anderson* claimants as required by the settlement and final judgment. GM did not fulfill any class member requests for engine noise evaluations. The GM bankruptcy brought all claims administration work in the *Anderson* class settlement to a standstill and left the claim forms submitted by the class members stored somewhere within General Motors' corporate offices.

Beginning shortly after the June 1, 2009 bankruptcy filing and continuing to the end of 2011, Class Counsel worked to negotiate and obtain a recovery and create a common fund for the class claimants in the bankruptcy that was as close to the original settlement as possible under the circumstances. Without Class Counsel's efforts in the bankruptcy proceeding, each of the *Anderson* claimants would have had to file his own individual proof of claim by the November 30, 2009 deadline to receive any recovery. All *Anderson* Claimants who failed to file a timely proof of claim would receive nothing. A claimant who filed a timely proof of claim would then have to negotiate with the Debtor to settle their claim. If the claim was allowed, the claimant would have to comply with the banking requirements of the Wilmington Trust Company in order to receive a distribution under the bankruptcy plan. After the receipt of the

3

bankruptcy distribution of GM common stock and 2016 and 2019 warrants, the claimant would have to decide when and how to sell the securities.

Instead, Class Counsel negotiated a stipulation to permit a class Proof of Claim with Debtors' Counsel, analyzed and valued the claims, filed a timely class Proof of Claim for $10,000,000.00, tracked down the claim forms submitted to GM by *Anderson* class members (which took nearly a year), took on the claims administration duties for the nearly 6,000 claimants, negotiated a carve-out from the Debtor's mandatory arbitration and mediation procedures for the class Proof of Claim, and negotiated and documented a class settlement with the Debtor.

To date, Class Counsel has not been compensated for any of the services performed on behalf of the Anderson Class Action claimants in this Chapter 11 proceeding resulting in the claim No. 51093 settlement fund. [1]

Under this Bankruptcy Court's May 3, 2011 Order approving the agreement between Anderson and the Debtors, Class Counsel obtained $8,853,300.00 in settlement relief on the $10,000,000.00 class Proof of Claim submitted by Anderson for the *Anderson* Claimants. Because Class Counsel has achieved a substantial and tangible benefit for the class, they request an award of attorneys' fees from the common settlement fund under Rule 23 and the common benefit doctrine.    See Fed. R. Civ. P. 23(h); *In re Partsearch Techs., Inc.*, 453 B.R. 84, 103 (Bankr. S.D.N.Y. 2011) (Glenn, Bankr. J.) (approving class settlement in Chapter 11 proceeding and holding that the payment of attorneys' fees to Class Counsel is "procedurally appropriate" under Rule 23(h) standards).

---

[1]    The background facts described in Section IV and the post-petition work and efforts of the Class Counsel described in Section V are set out in detail in the accompanying Declaration of A. J. De Bartolomeo filed in support of the Motion.

A court considering a motion for attorneys' fees in a class action must direct notice to class members "in a reasonable manner." Fed. R. Civ. P. 23(h)(1).  By the Motion, Class Counsel proposes that the Notice be directed to the *Anderson* Claimants by U.S. mail, to the name and address identified on the claim form submitted to GM in the original settlement.

As for content, the proposed Notice includes a description of the underlying class action and settlement, the relevant proceedings in the Bankruptcy Court, and the post-petition settlement with the *Anderson* Claimants; information regarding the request for attorneys' fees and how the claimant can comment on the fee application; how the post-bankruptcy settlement proceeds will be allocated and distributed so that the Claimants can calculate or estimate their individual recoveries; and contact information for Class Counsel.

Class Counsel is entitled to an award of reasonable attorneys' fees for their efforts in the Chapter 11 proceedings on behalf of the *Anderson* Claimants under the "common fund" or "common benefit" doctrine.  This doctrine permits attorneys who recover a common fund for the benefit of a class of persons to obtain reasonable attorneys' fees out of the fund, thus spreading the cost of the litigation to its beneficiaries.  *Alyeska Pipeline Services Co. v. Wilderness Society*, 421 U.S. 240, 245 (1975); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392-93 (1970); *see also Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d. Cir. 2000) ("*Goldberger*") (citing *Trustees v. Greenough*, 105 U.S. 527, 533 (1881), and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980): "where an attorney succeeds in creating a common fund…., the attorneys whose efforts created the fund are entitled to a reasonable fee—set by the court—to be taken from the fund").

The amount of attorneys' fees requested in the Motion, $447,767, is fair and reasonable under the six factors outlined by the Second Circuit in *Goldberger v. Integrated Resources, Inc.*,

5

209 F.3d at 50 (2d Cir. 2000).   Application of the *Goldberger* factors shows that the fee requested by Class Counsel is reasonable.   First, Class Counsel expended substantial time and effort — a total investment of 1,326  attorney hours calculating to $516,101 in lodestar — in litigation and settlement negotiations with GM's attorneys after the commencement of this Chapter 11 proceeding, as set forth in detail in the De Bartolomeo Decl.   Second, class action litigation is inherently complex and the fact that this was one of the largest Chapter 11 reorganizations in history has only amplified that complexity.   Third, participation in this litigation involved significant risk to Class Counsel, as their ability to receive a fee has been entirely dependent on their success in obtaining meaningful relief for the affected consumers. Fourth, Class Counsel have extensive experience in litigating class actions and negotiating settlements in complex matters on behalf of consumers and investors, as reflected in the Girard Gibbs LLP firm resume attached hereto as **Exhibit A**.   Fifth, the total fee including costs that Class Counsel would receive if the Court grants the Motion is $447,767, which represents 5.1% of the allowed general unsecured claim of $8,853,300.00 in settlement relief that Class Counsel have obtained for the *Anderson* Claimants, or 30% of the monetized value of that relief assuming the shares that underlie the allowed general unsecured claim are sold in a commercially reasonable manner at prevailing market rates—percentages that are commonly considered fair and reasonable in the Second Circuit.   Sixth, public policy favors the representation of consumers in class action litigation – and continuing into the Chapter 11 proceedings -- on a contingent fee basis as Class Counsel have undertaken here.

For all of the reasons described herein, Class Counsel request that the Court grant the Motion and approve the form, content and manner of Notice to the *Anderson* Claimants.

6

### III.    Jurisdiction

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the March 14, 2011 Settlement Agreement resolving Proof of Claim No. 51093, and the Court's Order entered on May 3, 2011.  *See* Dkt. Nos. 9805 and 10171.[2]

### IV.    Background

**A.    The Underlying *Anderson* Class Action and the 2009 California State Court Settlement Approval**

The procedural history of the *Anderson* Class Action before the California Superior Court and its settlement are detailed and documented in the Debtors' motion to approve the agreement resolving Anderson's class proof of claim (No. 51903).  *See* Dkt. No. 9805. The procedural history is summarized briefly here.[3]

On May 18, 2004, Anderson filed a class action complaint against GM on behalf of himself and a class of similarly situated consumers alleging that certain Silverado trucks exhibited an abnormal engine knock or piston noise.  Anderson further alleged that GM knew about this condition and that GM had a business policy under which it provided certain benefits, including a 6 year/100,000 General Motors Protection Plan (or "GMPP"), to California owners and lessees of Silverados who complained to GM about the condition. Anderson asserted that GM's business policy to offer a GMPP or other benefit to some consumers, but not others, who own or lease a Silverado with an abnormal engine knock or piston noise condition was an adjustment program or "secret warranty" that violates California law, including the California Motor Vehicle Warranty Adjustment Program, because GM allegedly did not notify Anderson or other consumers about the adjustment program or provide them with coverage under the plan.

---

[2]    "Dkt. No. __" refers to the numbered docket entries in the above-captioned litigation.
[3]    Unless otherwise indicated, capitalized terms used herein conform to the meaning of the terms in the Debtor's motion at Dkt. No. 9805.

On November 13, 2008, following 4 ½ years of sharply contested discovery, law and motion practice and settlement negotiations, GM and the *Anderson* Class reached a comprehensive claims-made stipulation of settlement. *See* De Bartolomeo Decl., ¶4. Under the terms of the settlement, GM agreed to reimburse class members who submitted valid, timely claims for: (i) monies spent on the purchase of a GMPP that otherwise would have been available to them for free under GM's allegedly unlawful adjustment program; and/or (ii) repair costs paid by class members to correct the abnormal engine knock or piston noise or on other specified engine repairs. GM also agreed that certain members of the *Anderson* class with continuing engine knock or piston noise concerns could request a free evaluation from a Chevrolet dealer and, if appropriate, obtain free repairs to correct the condition.

The class settlement provided for cash benefits for engine evaluation and for reimbursement of sums expended by class claimants for certain engine repairs and protection plans, pursuant to the court-approved claims process. *See* De Bartolomeo Decl., ¶4. As part of the settlement terms, GM agreed to act as the notice and claims administrator in the case.

In subsequent orders, the California Superior Court granted preliminary approval of the settlement, appointed Girard Gibbs LLP as Class Counsel and directed notice of the settlement to be disseminated to *Anderson* class members. On March 5, 2009, the California Superior Court conducted a fairness hearing, granted final approval of the class action settlement, and entered Final Judgment. *Id.* ¶4.

Also on March 5, 2009, the Superior Court awarded the *Anderson* Class Counsel attorneys' fees and reimbursement of expenses for the work that they did from the start of the case in May 2004 to the final approval of the settlement in March 2009. Based on the applicable California fee-shifting statute, California Code of Civil Procedure 1021.5, the Court ordered a

total of $1,950,000 in attorneys' fees and $212,500 in documented out-of-pocket costs and expenses. *Id.* ¶4.

Pursuant to the approved settlement and the final judgment, members of the *Anderson* class had the opportunity to submit a claim form to obtain the benefits of the settlement. On March 26, 2009, GM, in its role as the notice and claims administrator, mailed claim forms to the approximately 240,000 class members. Approximately 6,000 class members submitted timely claim forms to GM by the May 11, 2009 claims deadline. These claim forms were in GM's sole and exclusive possession when it filed for bankruptcy. *Id.* ¶8.

## B.    The 2011 Bankruptcy Settlement Agreement to Benefit the *Anderson* Class Members

The GM Chapter 11 proceeding commenced on June 1, 2009 and stayed implementation of the settlement before any of the *Anderson* class members received any settlement benefits.

On November 25, 2009, Class Counsel filed the *Anderson* class Proof of Claim, in accordance with this Court's September 16, 2009 order, on behalf of the *Anderson* class. The *Anderson* Proof of Claim, which was assigned claim number 51093, asserted a class claim in the amount of $10,000,000.00, for consideration to the class members due pursuant to the *Anderson* Class Action Settlement. *Id.* ¶12.

After the filing of the *Anderson* class Proof of Claim, the Parties engaged in good-faith, arm's-length negotiations, and reached an agreement to resolve the *Anderson* Proof of Claim and to implement the *Anderson* Class Action Settlement, as modified, subject to this Court's approval.

The key provisions of the settlement agreement for the *Anderson* class in the GM bankruptcy proceeding are summarized as follows:

9

a.    The Proof of Claim was resolved and the Participating Anderson class members are to receive, in the aggregate, a single allowed general unsecured claim in the amount of $8,853,300.00 (the "Settlement Fund for Claim No. 51093" or "Settlement Fund").

b.    Class Counsel was authorized to dispose of the Settlement Fund for Claim No. 51093 by making an appropriate pro rata distribution of consideration to the *Anderson* Claimants in accordance with the Agreement.

c.    Cash proceeds resulting from the sale or assignment of the Settlement Fund for Claim No. 51093 are to be distributed, on a pro rata basis, depending on the Claim Form information submitted by the *Anderson* Claimants.  *See* Dkt. No. 9805.

On March 24, 2011, the Debtors filed their motion with this Court for an order approving the Agreement pursuant to Bankruptcy Rule 9019 and Rule 23 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 9805.  Anderson and Class Counsel consented to the Debtors' motion and Class Counsel appeared with Debtors' Counsel to present the settlement to the Court.

In its May 3, 2011 order, this Court granted the motion and approved the resolution of the Claim and the implementation of the *Anderson* Class Action Settlement and Agreement, as described above.  The Court further ruled that it retained jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of the May 3, 2011 order.  *See* Dkt. No. 10171.

On November 15, 2011, in accordance with the rules imposed by the Wilmington Trust Company, the bank account established by Class Counsel for the benefit of the *Anderson* claimants received the Total Allowed Unsecured Claim from Debtors in the form of General Motors common stock and General Motors 2016 and 2019 warrants.  *See* De Bartolomeo Decl., ¶42.

10

**C.        The 2011 Settlement of the Debtors' Preference Action Against Class Counsel**

In December 2010, GM notified Class Counsel that it would ask the Bankruptcy Court to recover the fee payment awarded to Class Counsel in the state court *Anderson* settlement.  Class Counsel disputed GM's claim and raised numerous defenses.  *See id.* ¶30.

From January to May 2011, the Debtors and Class Counsel engaged in extensive discussions related to the potential preference action and the possible defenses raised.  *See id.* ¶36.

The Parties entered into a May 31, 2011 tolling agreement, which provided that any applicable statute of limitation, statute of repose, or any other time-related defense was tolled through June 30, 2011.  *See id*.

During that time period, the Debtors and Class Counsel engaged in good faith, arm's-length discussions and negotiations and, on June 30, 2011, reached an amicable resolution of all potential claims and disputes relating to the attorneys' fee payment.  Class Counsel agreed to pay $750,000 to the Debtors' estate to resolve the preference claim.  *Id.* ¶40.

As part of the resolution of the preference claim, the Debtors acknowledged that Class Counsel would submit an application under the common fund doctrine for attorneys' fees and costs for the services Class Counsel provided to the *Anderson* Claimants after the Debtors' bankruptcy filing, and that the application would seek payment of attorneys' fees and costs solely from the proceeds of the claim allowed pursuant to the Agreement Resolving Class Proof of Claim No. 51093 and Implementing Modified Class Settlement, not from the Debtors.  The Debtors agreed that they would take no position on the application.  *Id.* ¶41. Class Counsel has not included any of the time spent on the preference action in their time and expense calculations for post-petition work on behalf of the *Anderson* Claimants.  *See* De Bartolomeo Decl., ¶50.

11

**V.    The Post-Petition Eff*orts by Cl*ass Counsel to Obtain a Settlement Fund for the *Anderson* Class Members Support An Award of Reasonable Attorneys' Fees**

Beginning in July 2009 and continuing to the present, Class Counsel worked with Debtors' Counsel and the Trustee to resolve the *Anderson* Class Claim, create the Settlement Fund for the benefit of the *Anderson* Claimants, and to distribute the proceeds.  These post-petition efforts have included and will include: (a) negotiating a stipulation to permit the filing of a class Proof of Claim with Debtors' Counsel, (*b*) assessing the valuation for the class Proof of Claim, (c) drafting, filing and preparing for argument a motion to exclude the *Anderson* claim from the Debtor's proposed mandatory arbitration and mediation procedures (d) negotiating a resolution to that motion, (e) tracking down the settlement benefit claim forms submitted to GM by *Anderson* class members, which took nearly a year, (f) reviewing and analyzing the 5,913 claim forms for valuation and settlement purposes, and then ultimately determining that 4,579 claim forms qualify for settlement distribution purposes, (g) negotiating with Debtors' Counsel to draft the *Anderson* class Claim No. 51093 settlement documentation and present it to the Bankruptcy Court, (h) working with AlixPartners and the Wilmington Trust Company to provide the requisite information for the approved claims processing and bankruptcy settlement distribution; (i) monetizing the distribution, (j) distributing the settlement checks to the claimants, and (l) following up with any claimants whose settlement checks are returned as "undeliverable" or whose settlement checks become stale.  The post-petition work performed by Class Counsel is set forth in detail in the accompanying *See* De Bartolomeo Decl., ¶¶9-44, exclusive of ¶¶30, 36, 40, and 41.

In total, Class Counsel expended 1,326 attorney hours representing a total lodestar of $516,101 and costs in the amount of $8,837 since the commencement of this Chapter 11 proceeding to obtain and distribute the allowed general unsecured claim in the amount of

$8,853,300.00 for approved Claim No. 51093 to the *Anderson* Claimants. Class Counsel has received no compensation for these efforts. De Bartolomeo Decl., ¶51.

### VI.    The Requested Fee Award Is Reasonable And Merits Court Approval

**A.    Class Counsel is Entitled to an Award of Reasonable Attorneys' Fees for their Efforts in the Chapter 11 Proceedings in Successfully Creating a Common Fund Benefit for Class Members.**

The Court has the authority to award Class Counsel reasonable attorneys' fees for their efforts in the Chapter 11 proceedings on behalf of the *Anderson* Claimants under the "common fund" or "common benefit" doctrine.

Since the nineteenth century, the Supreme Court has approved the use of the common benefit doctrine in awarding counsel who recovers a common fund benefitting Class members reasonable attorneys' fees out of the fund. *See Trustees v. Greenough*, 105 U.S. 527, 533 (1881) ("*Greenough*"); *Sprague v. Ticonic National Bank,* 307 U.S. 161, 164–65 (1939); *Mills v. Electric Auto-Lite Co*., 396 U.S. 375, 392-93 (1970 ("*Mills*")); *Alyeska Pipeline Services Co. v. Wilderness Society*, 421 U.S. 240, 245 (1975) ("*Alyeska*"); and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("*Boeing*"). The doctrine "reflects the traditional practice in courts of equity," which recognized "that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing,* 444 U.S. 478 (citing *Greenough,* 105 U.S. 532–37, and *Mills*,  396 U.S. at 392). A court acting in equity therefore may assess attorney's fees proportionally among those benefitted by the suit. *Id* (citing *Mills*, 396 U.S. at 394).

Courts routinely employ the common benefit doctrine in awarding attorneys' fees to counsel in class actions that result in a lump sum recovery that benefits an identifiable class. *See Boeing,* 444 U.S. at 479–81, 100 S.Ct. 745; *In re Agent Orange Products Liability Litigation,* 818 F.2d 226, 237 (2d Cir.1987). Indeed, Rule 23(h), itself, recognizes the applicability of the

13

doctrine in class action cases that result in the creation of a common fund for the class. *See, e.g.,* Comment to 2003 Amendment to Rule 23(h) ("This subdivision authorizes an award of 'reasonable' attorneys' fees…. This is the customary term for measurement of a fee award in cases in which counsel may obtain an award of fees under the 'common fund' theory that applies in many class actions…."). The Second Circuit similarly has held that "attorneys whose efforts created the [common] fund are entitled to a reasonable fee—to be set by the court—to be taken from the fund." *Goldberger*, 209 F.3d at 47 (citing *Boeing*, 44 U.S. at 478). The doctrine also has been applied to compensate counsel who obtains a common fund benefit for class members in bankruptcy. *See, e.g.*, *In re Partsearch Technologies*, 453 B.R. 84, 103 (Bankr. S.D.N.Y. 2011) (approving settlement of class action against Chapter 11 debtor and awarding fees to class counsel out of common fund); *Guippone v. BH S&B Holdings, LLC*, No. 09 Civ. 01029 (CM), 2011 U.S. Dist. LEXIS 126026, *23 (S.D.N.Y. Oct. 28, 2011) (McMahon, Dist. J.) (awarding attorneys' fees from common fund in Rule 23 class settlement involving Chapter 7 trustee).

Class Counsel are entitled to reasonable attorneys' fees for work performed for the Class in this bankruptcy proceeding under these authorities. In *Alyeska*, the Supreme Court identified several characteristics of common fund cases that make an award of attorneys' fees to counsel appropriate. These include the ease of identifying the class of persons benefitted by the recovery, the ease in tracing the benefits that flow from the fund to those persons, and confidence that the costs of achieving those benefits for the class can be shifted with some exactitude to those to those benefitted by the litigation. *Alyeska*, 421 U.S. at 264 n. 39; *see Boeing*, 444 U.S. at 478-79.

Each of the *Alyeska* factors applies here. As a result of Class Counsel's efforts, the Court approved a common fund, in the form of a "Total Allowed Unsecured Claim" totaling

$8,853,000.00, from which the Anderson Class Claimants will be compensated.  (Dkt. Entry. No. 10162).  First, the number of *Anderson* Claimants in the Class, 4,579 people, is known.  Second, the Court previously approved a plan of allocation that specified the manner in which proceeds from the common fund will be awarded to Class Claimants. (*Id.*).  Thus, it is easy to determine and trace the amount of aggregate benefit conferred on the *Anderson* Class Claimants as a result Class Counsel's efforts.  Finally, as described more fully below, the Court may arrive at a reasonable fee for Class Counsel's efforts on behalf of the Class in the Chapter 11 proceeding, by setting some percentage of the recovery as Class Counsel's fee or, using the "lodestar approach," ascertain the number of hours reasonably billed to the Class, multiply it by an appropriate hourly rate, and deduct that product from the fund.  *Goldberger*, 209 F.3d at 47.

**B.      The Court Should Award Class Counsel Reasonable Attorneys' Fee For Their Success in Obtaining a Common Fund Benefit for Class Members in the Chapter 11 Proceeding.**

Courts may employ either the lodestar or percentage-of fund method to calculate attorneys' fees.  *Goldberger*, 209 F.3d at 50.[4]  Under the lodestar method, "hours reasonably expended" are multiplied by a "reasonable hourly rate."  *Id,* at 49.  A "multiplier" to the base lodestar amount may be employed to increase the award depending on "factors such as the riskiness of the litigation and the quality of the attorneys."  *Id*.  "'Under the common fund doctrine' . . . a reasonable fee is based on a percentage of the fund bestowed on the class."

---

[4]      The analysis is similar under Ninth Circuit precedent and California state law standards. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (in calculating amount of attorneys' fee award to be paid from common fund, district court has discretion to use either percentage-of-fund or lodestar method); *In re Consumer Privacy Cases*, 175 Cal.App.4th 545, 557-58 (Cal. Ct. App. 2009) ("Regardless of whether attorneys' fees are determined using the lodestar method or awarded based on a 'percentage-of-the-benefit' analysis under the common fund doctrine, '[t]he ultimate goal…is the award of a reasonable" fee to compensate counsel for their efforts, irrespective of the method of calculation.'" (internal citation omitted).)

15

*Strougo ex rel. Brazilian Equity Fund, Inc*. v. Bassini, 258 F.Supp. 2d 254, 261 (S.D.N.Y. 2003)

(*citing Blum v. Stenson*, 465 U.S. 886, 900, n.16 (1984)).

In the Second Circuit, and elsewhere, the trend in common fund cases is toward the use

of the percentage-of the settlement fund method.  *See In re Partsearch Technologies*, 453 B.R. at

105 (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)); *In Re*

*American Bank Note Holographics, Inc.*, 127 F.Supp. 2d 418, 431 (S.D.N.Y. 2001) ("Although

the law in this Circuit has not been uniform, the trend in the district courts of this Circuit is to use

the percentage of the fund approach to calculate attorneys' fees"); *In re NASDAQ Market-*

*Makers Antitrust Litig.*, 187 F.R.D. 465, 484 (S.D.N.Y. 1998) ("[T]here is strong support for the

percentage approach from district courts in this Circuit."); *see also Six (6) Mexican Workers v.*

*Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ("A reasonable fee under the

common fund doctrine is calculated as a percentage of the recovery.")  The court may apply the

lodestar method as a cross-check of the percentage method.  *See Goldberger*, 209 F.3d at 50.

Regardless of which method is employed, the court must undertake an analysis that

ensures a proposed attorneys' fee award is reasonable.  The Second Circuit has set forth criteria

to guide the court's analysis.  Those criteria are:  "(1) the time and labor expended by counsel;

(2) the magnitude and complexities of the litigation; (3) the risk of the litigation…; (4) the

quality of the representation; (5) the requisite fee in relation to the settlement; and (6) public

policy considerations."  *Goldberger*, 209 F.3d at 50 (citation and internal quotations omitted);

*see also In re Union Carbide Corp. v. Consumer Prods. Bus. Sec. Litig.*, 724 F.Supp. 160, 163

(S.D.N.Y. 1989).

16

1.      **The Amount of the Fee Award Sought by Class Counsel Is Reasonable**

(a)      **The Proposed Fee Award Falls Within The Percentage-of-the-Fund Benchmark Approved In Class Action Common Fund Cases**

The courts in this District have awarded reasonable attorney fees representing twenty-five percent (25%) to fifty percent (50%) of a common class fund recovery. As a general rule, however, the reasonable range for percentage-of-the-fund fee applications awarded in common fund class cases is 25% to 33 1/3% of the common fund. *See In re Partsearch*, 453 B.R. at 105 (approving fee award of 25% of $180,000.00 class settlement involving Chapter 11 debtor); *Strougo*, 248 F.Supp. at 262 (approving fee award of 33/13 % of $1.5 million settlement); *Adair v. Bristol Tech. Sys., Inc.*, No. 97 Civ. 5874 (RWS), 1999 WL 1037878, at *1 (S.D.N.Y. Nov. 16, 1999) (approving fee award representing 33 1/3 % of settlement fund); *Klein v. PDG Remediation, Inc.*, No. 95 Civ. 4954 (DAB), 1999 SL 38179, at *3-4 (S.D.N.Y. Jan. 28, 1999) (stating that "33 1/3 % of the settlement fund" is within the range of reasonable attorney fees awarded in the Second Circuit); *Cohen v. Apache Corp.*, 89 Civ. 0076 (PNL), 1993 WL 126560, at *1 (S.D.N.Y. Apr. 21, 1993) (approving fee award of 33% of settlement fund); *In re Avon Prods. Inc. Sec. Litig.*, No. 89 Civ. 6216 (MEL), 1992 WL 349768, at *3 (S.D.N.Y. Nov. 6, 1992) ("The request for 30% is in line with numerous [fee] awards in this Court and elsewhere in recent litigation."); *Greene v. Emersons Ltd.,* No. 76 Civ. 2178 (CSH), 1987 WL 11558, at *1-2 (S.D.N.Y. May 20, 1987) (awarding fees and expenses of 46.2 % of settlement fund).

The proposed fee award falls within the reasonable attorney fee percentage approved by other courts in this District, both in Chapter 11 proceedings and class litigation outside of bankruptcy. In the fee application, Class Counsel will ask for a proposed fee award of $447,766.00 inclusive of costs. The requested fee and cost award represents approximately 5.1% of the Settlement Fund for the allowed general unsecured claim in the amount of $8,853,300.00

secured for *Anderson* Claimants in this proceeding.  Alternatively, if calculated in light of the monetized value of securities that form the basis of the Total Allowed Unsecured Claim, which have a market value of $1,492,580 in cash proceeds that will be available for distribution to *Anderson* Class Claimants, the requested fee represents 30% of the monetized Settlement Fund. Under either scenario, the requested fee award falls within the percentages that are commonly considered fair and reasonable in the Second Circuit.

(b)    <b>The Proposed Fee Award Satisfies the Lodestar Cross-Check</b>

The requested fee award also is reasonable under the lodestar-multiplier cross-check analysis.  Class Counsel supports the Motion with the De Bartolomeo Declaration, which sets out in detail the work performed by Class Counsel on behalf of the *Anderson* Class in the Chapter 11 proceeding, the total hours worked, and Class Counsel's resulting lodestar.  The fee requested is considerably *less than* the total lodestar Class Counsel have included in the bankruptcy proceedings. *See* De Bartolomeo Decl., ¶46.

Class Counsel requests compensation for the 1,326 hours Class Counsel spent negotiating, perfecting, litigating, and resolving Proof of Claim No. 51093.  *See* Motion ¶¶36-37 and De Bartolomeo Decl., ¶¶9-44, exclusive of ¶¶30, 36, 40, and 41.

Class Counsel set their hourly rates consistent with the hourly rates approved for lawyers of comparable skill, experience, and reputation. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115-116 (2d Cir. 1997) (quoting *Blum v. Stenson*, 465 U.S. at 896, n.11: "The 'lodestar' figure should be in line with those [rate] prevailing in the market for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"). The lawyers primarily responsible for the work performed in the bankruptcy proceeding were A. J. De Bartolomeo (24 years experience, $625/hour) and Elizabeth C. Pritzker (22 years experience, $610/hour).  Each of these attorneys are experienced litigators who regularly prosecute class and complex actions all across the

18

United States.  The hourly rates set by Girard Gibbs are reasonable and have recently been approved by federal courts in several decisions.  *See* De Bartolomeo Decl. ¶52.

The Court may also consider evidence of other courts approving similar rates or other attorneys who are engaged in similar litigation charging similar rates.  The Girard Gibbs firm specializes in the prosecution of complex and class action cases, and the hourly rates of its attorneys are comparable to those approved for class counsel in similarly complex litigation.  *Id.*

    (c)    **The *Goldberger* Factors All Favor Granting Class Counsel's Proposed Fee Award**

All of the six *Goldberger* factors — "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations" — favor granting the fee award in the amount requested by Class Counsel. *Goldberger*, 209 F.3d at 50.

### (1)    The Time and Labor Expended by Counsel

As detailed in the De Bartolomeo Decl. and Exhibit A attached thereto, Class Counsel expended 1,326 attorney-hours litigating and engaging in settlement discussions related to these Chapter 11 proceedings.  Based on Class Counsel's current billing rates, Class Counsel's "lodestar" is $516,101.  *Id.* ¶51.  Thus, the first *Goldberger* factor, the time and labor expended, weighs in favor of approving the fee award sought by Class Counsel.

### (2)    The Magnitude, Complexities and Risk of the Litigation

The second and third *Goldberger* factors, which examine the complexity, magnitude and risk, also support the fee award that Class Counsel requests.  Class litigation under Rule 23 is "inherently complex."  *Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *25 (S.D.N.Y. Sept. 16, 2011).  Here, Class Counsel litigated class claims in the

context of one of the largest Chapter 11 reorganizations in the nation's history. Had Class Counsel not obtained a meaningful common fund recovery for the *Anderson* Claimants, it would not have been entitled to any compensation for their efforts before this Court. *See deMunecas v. Bold Food, LLC*, 09 Civ. 00440 (DAB), 2010 U.S. Dist. LEXIS 87644, at *21 (S.D.N.Y. Aug. 23, 2010) (Batts, Dist. J.) ("Common fund recoveries are contingent on a successful litigation outcome.").

### (3)    The Quality of Representation

The fourth *Goldberger* factor, quality of representation, weighs in favor of the fee award Class Counsel has requested. As detailed in the firm resume of Girard Gibbs, LLP, attached hereto as **Exhibit A**, Class Counsel have extensive experience litigating complex class action suits on behalf of consumers. *Id.* ¶52.

### (4)    The Requested Fee in Relation to the Settlement

The fifth *Goldberger* factor, which weighs the fee request against the settlement, is also satisfied. Class Counsel seeks a fee award of $468,472 from the Settlement Fund.

As discussed, if the Court grants Class Counsel's motion for post-petition fees and approves the fee requested, the total amount of attorneys' fees Class Counsel will receive will be 5.1% of the Settlement Fund for the allowed general unsecured claim in the amount of $8,853,300.00 for the *Anderson* Claimants. The requested fee constitutes 30% of the $1,492,580.10 cash proceeds that will be available for distribution to the *Anderson* Claimants should the Settlement Fund be monetized at share prices prevailing in the market today. Such an award is well within the percentage proportions commonly held to be fair and reasonable in this Circuit. *See Guippone*, 2011 U.S. Dist. LEXIS 126026, at *23 ("In the Second Circuit, the trend is to use the percentage-of-recovery method for class counsel fee awards in common fund cases, and one-third has been held to be a 'fair and appropriate award.'"); *Stefaniak v. HSBC Bank*

20

*USA, N.A.*, No. 1:05-CV-720 S, 2008 U.S. Dist. LEXIS 53872, at *9-10 (W.D.N.Y. June 28, 2008) (noting that a one-third award is "typical in class action settlements in the Second Circuit"); *accord Strougo*, 248 F.Supp. at 262 (approving attorneys' fee award of 33/13 % of $1.5 million settlement).

(5)    <strong>Public Policy Considerations</strong>

Finally, public policy, the sixth *Goldberger* factor supports granting Class Counsel's requested fee.  As described above, Class Counsel undertook to represent the interests of the *Anderson* Class Claimants in these proceedings with the expectation that they would recoup their attorney's fees, if at all, only if meaningful benefits were obtained for the *Anderson* Claimants. In short, Class Counsel shouldered the entire burden and attendant risk of attempting to secure a common fund benefit for the Class in the Chapter 11 proceeding.  Public policy favors such contingent fee awards in class action litigation.  *See Guippone*, 2011 U.S. Dist. LEXIS 126026, at *37 (concluding that the sixth *Goldberger* factor was met: "but for the work of Class Counsel and their willingness to bear the entire risk of bringing this litigation to fruition, Class Members likely would receive nothing on their claims.").

<strong>VII.    <u>Conclusion</u></strong>

For all of the foregoing reasons, the Court should grant Class Counsel's Motion and approve the proposed Notice for distribution to the *Anderson* Claimants as to Class Counsel's fee application.

[Signature Page Follows]

21

Date:           May 14, 2012            **GIRARD GIBBS LLP**


                                        By: _____
                                             A. J. De Bartolomeo

                                        601 California Street, 14th Floor
                                        San Francisco, California 94108
                                        Telephone:  (415) 981-4800
                                        Facsimile:   (415) 981-4846

                                        *Court Appointed Class Counsel in General Motors*
                                        *Case, Anderson v. General Motors*


                                        Paul Rachmuth
                                        **Gersten Savage LLP**
                                        600 Lexington Avenue
                                        New York, New York 10022-6018
                                        Telephone:  (212) 752-9700
                                        Facsimile:  (212) 980-5192

                                        *Local Bankruptcy Counsel in General Motors Case,*
                                        *Anderson v. General Motors*