HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                              :
**In re**                                     :   **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*      :
                                              :
                    Debtors.                  :   **(Jointly Administered)**
                                              :
-----------------------------------------------------------x

**REPLY TO RESPONSE OF MARVIN ECHOLS**
**TO THE 27TH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this reply (the "**Reply**") to the response (the "**Response,**" a copy of which is annexed hereto as Exhibit A) filed by Marvin Echols to the 27th Omnibus Objection to Claims (the "**Objection**"), which seeks to reclassify his claim against the Debtors (Claim Number 44240, the "**Claim,**" a copy of which is annexed hereto as Exhibit B). In support of this Reply, the GUC Trust respectfully represents:

## INTRODUCTION

1. On November 24, 2009 Marvin Echols, a *pro se* claimant, filed the Claim, seeking to recover approximately $30,000 from the Debtors in damages for "failure of ABS braking system." In the Claim, Mr. Echols states that the Claim is entitled to "priority for recall warranty for [ABS] braking system" and also identifies the claim as a secured claim. Based on the foregoing, it appears Mr. Echols intended to assert his claim as a priority claim under section 507(a) of title 11, United States Code (the "**Bankruptcy Code**").

2. On July 2, 2010, the Debtors filed the Objection, seeking to reclassify the Claim as an unsecured claim. Thereafter, Mr. Echols filed the Response, in which he reiterates that the Claim is based on "ABS braking system failures" and cites various authority for the proposition that the Claim is "[constructively] priority and or constructively a secured claim." Response, pp. 3-4. As set forth more fully herein, Mr. Echols' interpretation of the law is incorrect. As a matter of law, the Claim is an unsecured claim which is not entitled to either priority or secured status under the Bankruptcy Code.

## ARGUMENT

3. Where (as here) an objection is filed refuting a claimant's entitlement to priority or secured status, the burden shifts to the claimant to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd, No. 09-cv-2229 (DC), 2010 WL 23487 (S.D.N.Y. Jan 22, 2010). Mr. Echols has not (and cannot) meet that burden.

4. First, the Claim is not a priority claim. Section 507(a) of the Bankruptcy Code limits claims entitled to priority status to claims for, among other things, certain domestic support obligations, wages, salaries or commissions, contributions to employee benefit plans,

and specific tax obligations.  11 U.S.C. § 507(a).  Here, neither the Claim nor the Response indicates that the Claim falls within any of the categories of claims entitled to priority under the Bankruptcy Code.  Instead, Mr. Echols describes the claim as a typical products liability claim, which has no place in the priority scheme.  <u>In re Motors Liquidation Company</u>, 428 B.R. 43, 63 (S.D.N.Y. 2010) (finding that products liability claimants are unsecured creditors).

5. Second, the Claim is not a secured claim.  Secured claims are limited to allowed claims where the creditor has a lien on property of the estate.  11 U.S.C. § 506(a)(1).  Mr. Echols has provided no evidence that he has any lien whatsoever on property in which the Debtors have an interest.  Mr. Echols's citations to case law and allegations about his "property interest rights in GM's property" are simply misguided.  <u>Response</u>, p. 1.  Again, the Claim is simply an unsecured product liability claim.

6. In light of the foregoing, the GUC Trust submits that the Objection should be sustained and the Claim should be reclassified as a general unsecured claim.

Dated: New York, New York
       May 16, 2012

                                         */s/ Stefanie Birbrower Greer*
                                         Barry N. Seidel (BS-1945)
                                         Stefanie Birbrower Greer (SG-2898)

                                         DICKSTEIN SHAPIRO LLP
                                         1633 Broadway
                                         New York, New York 10019-6708
                                         Telephone: (212) 277-6500
                                         Facsimile: (212) 277-6501

                                         *Attorneys for Motors Liquidation
                                         Company GUC Trust*