Hearing Date: June 14, 2012 at 9:45 a.m.
Objection Deadline: June 7, 2012 at 4:00 p.m.

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1540 Broadway
New York, NY 10036
(212) 858-1000 (Phone)
(212) 858-1500 (Fax)
Nickolas J. Karavolas (NK-0324)

*Counsel for Wells Fargo Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.* ) | |
| f/k/a General Motors Corp., et al. ) | 09-50026 (REG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**MOTION FOR AN ORDER DIRECTING**
**DISBURSEMENT OF CLAIM DISTRIBUTIONS TO SECURED PARTY**

Wells Fargo Bank, N.A. ("**Wells Fargo**"), by and through its undersigned counsel, hereby files this motion ("**Motion**") pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and 11 U.S.C. § 105(a) seeking entry of an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**") directing that all distributions on account of the Del Norte Claim (defined below) be made to Wells Fargo on the terms described herein and specified in the Proposed Order. In support of this Motion, Wells Fargo respectfully represents as follows:

**Background**

1. Wells Fargo financed the car and truck sales business of Del Norte Chevrolet-Olds Co. ("**Del Norte**"), an automotive dealership with locations in Brawley and Imperial, California. Under date of April 30, 2008, Wells Fargo and Del Norte entered into a Credit and Security Agreement (the "**Credit Agreement**") pursuant to which, *inter alia*, Wells Fargo provided to Del Norte a line of credit, referred to as the "**Floor Plan Line**", in the principal

amount of $10,650,000.  Del Norte executed and delivered to Wells Fargo a Floor Plan Note dated April 30, 2008 in the principal amount of $10,650,000 pursuant to which, *inter alia*, Del Norte agreed to repay to Wells Fargo on or before May 31, 2009 all amounts borrowed by Del Norte pursuant to the Credit Agreement plus interest accrued thereon at the specified rates and other fees, costs and charges.  A true and correct copy of the Credit Agreement is attached hereto as Exhibit B.   A true and correct copy of the Floor Plan Note is attached hereto as Exhibit C.

   2. Pursuant to Section 1.2 of the Credit Agreement, and to secure each and every debt, liability and obligation that Del Norte owed or might come to owe Wells Fargo, Del Norte granted Wells Fargo a lien and security interest in the property described therein (the "**Collateral**"), including all Del Norte's general intangibles, vehicle and parts inventories, equipment, accounts and all cash proceeds of the foregoing, including identifiable cash proceeds of these assets deposited in Del Norte's bank accounts.  Wells Fargo perfected its security interest in Del Norte's assets by filing financing statements with the California Secretary of State.  A true and correct copy of one of said financing statements and pertinent continuation statements are submitted herewith as Exhibit D.

   3. Del Norte's President and sole shareholder, James Larry Allen ("**Allen**"), guaranteed Del Norte's obligations to Wells Fargo.

   4. On or about November 19, 2008, Wells Fargo discovered that Del Norte had breached the Credit Agreement by failing to pay to Wells Fargo more than $4 million worth of proceeds received by Del Norte from the sale of vehicles.  Shortly thereafter, Wells Fargo commenced litigation in the Imperial County Superior Court against Del Norte and Allen to enforce their loan and guaranty obligations as described above.

   5. Del Norte filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California ("**San Diego Bankruptcy Court**") on December 23, 2008.  Later that month, Wells Fargo moved for and was granted relief from the automatic stay.  On June 8, 2009, Del Norte's bankruptcy case was closed.

6. On or about April 21, 2009, Allen filed a chapter 7 bankruptcy petition in the San Diego Bankruptcy Court, Case No. 09-05214-JM7. Gerald Davis was appointed and is acting trustee in Allen's bankruptcy case, which remains pending.

7. Wells Fargo filed an adversary proceeding against Allen seeking denial of a discharge. Summary judgment was granted in Wells Fargo's favor by an order entered on February 26, 2010. A true and correct copy of the order denying Allen's discharge is attached hereto as Exhibit E.

8. On January 21, 2011, judgment in the amount of $8,717,845.76 was entered in favor of Wells Fargo and against Del Norte and Allen in the above-referenced Imperial County Superior Court action. Allen caused $12,000 to be paid on the judgment (from the proceeds of real property abandoned from his estate). With post-judgment interest the amount now due on the judgment exceeds $9.5 million.

9. In 2006, Del Norte and Allen commenced litigation against General Motors Corporation ("**GM**") in the Imperial County Superior Court seeking to recover damages out of an alleged breach of an agreement pertaining to the delivery of vehicles to Del Norte by GM. This case was removed to the United States District Court for the Southern District of California, and then stayed when GM filed bankruptcy. A true and correct copy of this complaint is submitted herewith as Exhibit F.

10. On June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries as debtors in the above-captioned chapter 11 cases commenced voluntary cases under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.

11. By an order entered March 29, 2011 (ECF No. 9941), this honorable Court confirmed the Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (the "**Plan**"). Section 6.2 of Article VI of the Plan provides for the creation of the "**GUC Trust**" to administer certain responsibilities after the Plan effective date.

3

Motion to Acknowledge Claim Transfer DOC (4).DOC

12. Del Norte filed a claim in the amount of $3,113,314.96 against MLC, which claim was assigned Claim No. 04957 (the "**Del Norte Claim**"). A true and correct copy of the Del Norte Claim which Wells Fargo obtained from the GUC Trust's website, MLCGUCTrust.com, is submitted herewith as Exhibit G. The Del Norte Claim states that it is based on an alleged breach of a settlement agreement. Allen is not listed as a claimant on the Del Norte Claim, but Allen is listed as a co-claimant on the GUC Trust's web-site. For clarity, all references to the Del Norte Claim include the interests of both Del Norte and Allen, if any, in such claim.

13. The amended schedule B-21 which Allen filed in his bankruptcy case on March 10, 2010 includes a reference to a claim against GM which Allen valued at $0.00. The Allen bankruptcy case docket does not reflect Bankruptcy Court authorization for the estate to employ the attorney who filed the Del Norte Claim, Lowell Sutherland, Esq.

14. Wells Fargo is informed and believes the Del Norte Claim has been approved and allowed in the amount of $424,000. Wells Fargo is further informed that no distribution has been made on account of the Del Norte Claim.

15. Wells Fargo has notified Allen's chapter 7 trustee, Mr. Davis, of the existence and proceedings relating to the Del Norte claim. Mr. Davis has agreed through counsel to the relief requested in this Motion.

16. On February 8, 2012, this honorable Court entered an Order Approving Motion Pursuant to Bankruptcy Rule 3003 and Section 105(a) of the Bankruptcy Code For an Order Disallowing Certain Late Filed Claims ("**Claims Order**") (ECF No. 11394). The Claims Order deems proofs of claim filed on or after February 8, 2012 disallowed unless: the claim amends a timely filed claim; the GUC Trust consents in writing to the filing of the claim; or the Court enters an order deeming the claim timely filed. Further, the Claims Order provides that a late-filed claim, even if deemed timely, will not be allowed except by order of the Court, order of the tribunal presiding over the ADR Proceeding (if applicable), or by settlement with the GUC Trust.

17. Pursuant to Section 5.1 of the Plan, the transfer registers for each of the classes of claims or equity interests maintained by MLC and its affiliated post-effective date debtors (collectively, the "**Debtors**") were deemed closed as of the close of business on March 29, 2011.

18. Wells Fargo has communicated with counsel for the GUC Trust and been informed that the GUC Trust will not recognize a notice given pursuant to Bankruptcy Rule 3001(e) that Del Norte transferred the Del Norte Claim to Wells Fargo for security prior to commencement of MLC's bankruptcy, absent entry of an order of this honorable Court.

### Jurisdiction and Venue

19. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

20. Wells Fargo requests that the Court order that all distributions to be made on account of the Del Norte Claim be made to Wells Fargo, who shall hold Allen's portion of such distributions, if any, subject to an order of the Bankruptcy Court presiding over Allen's chapter 7 case pertaining to such funds.

21. Wells Fargo also requests, to implement the foregoing and ensure effective relief, that the claims register maintained by the GUC Trust Administrator or its agents shall be adjusted to reflect Wells Fargo as the holder of the Del Norte Claim for purposes of all distributions, subject to Wells Fargo's agreement to deliver, within fifteen (15) days of entry of the Proposed Order, to the GUC Trust the name and tax identification number to be utilized for purposes of distributions on the Del Norte Claim.

### Basis for Relief

22. Rule 3001(e)(3) of the Bankruptcy Rules provides as follows:

> (3) *Transfer of Claim for Security Before Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security before proof of the claim has been filed, the transferor or transferee or both may file a proof of claim for the full amount. The proof shall be supported by a statement setting forth the terms of the transfer. If

either the transferor or the transferee files a proof of claim, the clerk shall immediately notify the other by mail of the right to join in the filed claim. If both transferor and transferee file proofs of the same claim, the proofs shall be consolidated. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim, payment of dividends thereon, or participation in the administration of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate.

23. The advisory committee note to Rule 3001(e)(3) states that the holder of a security interest in a claim is entitled to receive distributions on account of the claim. "An assignee for security has been recognized as a rightful claimant in bankruptcy. *Feder v. John Engelhorn & Sons*, 202 F.2d 411 (2d Cir. 1953)." Fed. R. Bankr. P. 3001 Advisory Committee's Note (1983) (Subdivision (e)). As such, Rule 3001(e)(3) allows a secured creditor to file a proof of claim for the transferred claim, and Rule 3001(e)(3) expressly provides that if the parties do not submit an agreement as to voting, dividends and participation in the administration of the estate, the Court shall upon a motion by a party in interest enter such orders respecting these matters as are appropriate. Fed. R. Bankr. P. 3001(e)(3). Wells Fargo submits such an order is appropriate here, to ensure that Wells Fargo is able to recover its collateral.[1] Section 105(a) of the Bankruptcy Code also gives the Court authority to issue any order "necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

24. Likewise, the Claims Order deems proofs of claim filed on or after February 8, 2012 disallowed unless a specified event has incurred, including entry of an order of this Court allowing the late filed claim. Thus, the Claims Order contemplates that claims otherwise not timely under the Plan may be allowed.

25. Wells Fargo's security interest in general intangibles clearly encumbers the Del Norte Claim. Whether the underlying claim is one for failure to deliver vehicles as set forth in the original State court complaint (Exhibit F) or for breach of a settlement agreement as stated in

---

[1] Rule 3001(e)(3) requires the Clerk of the Court to give notice to a transferee if the transferor files a proof of claim, so that the transferee may join. Fed. R. Bankr. P. 3001(e)(3). Wells Fargo received no such notification, presumably because the Del Norte Claim does not inform the Clerk that the claim was transferred for security to Wells Fargo.

6

the Del Norte Claim (Exhibit G), the claim is for breach of contract, and a breach of contract claim may be encumbered.  "'General intangible" means any personal property, **including things in action**, other than accounts, chattel paper, commercial tort claims, deposit accounts, documents, goods, instruments, investment property, letter-of-credit rights, letters of credit, money and oil, gas or other minerals before extraction. General intangible includes payment intangibles and software." A.R.S. § 47-9102A(42) (emphasis added); *see also* Cal. Comm. Code § 9102(a)(42) (same).[2]  This section is generally regarded as the "catch all" that includes all types of personal property not specifically included in another defined category of personal property.  *In re Commercial Money Center, Inc.*, 350 B.R. 465, 476 (9th Cir. B.A.P. 2006).  A thing in action includes a cause of action for breach of contract.  None of the categories of property excluded from the definition would encompass a breach of contract claim.  *See U.S. ex rel. Rahman v. Oncology Associates*, 269 B.R. 139, 156 (D. Md. 2001), aff'd 61 Fed.Appx. 860 (2003) (lawsuit is a general intangible).

26. Although Wells Fargo has obtained a judgment against Del Norte for the amounts due under the Credit Agreement and other agreements between Del Norte and Wells Fargo, Wells Fargo's security interests granted under the Credit Agreement remain extant.  Case law and commentators understand that UCC section 9-601 does not require a secured creditor to elect remedies when obtaining a judgment against the obligor.  Rather, the secured creditor's security interests remain in place after entry of a judgment.  *See Kuhn v. Wagnon (In re Kuhn),* 408 B.R. 528, 532-535 (Bankr. D. Kan. 2009) and cases cited therein.[3]

## Notice

27. Wells Fargo has provided notice of this Motion to:  (a) the U.S. Trustee; (b) the Debtors; (c) counsel to the Debtors; (d) counsel to the GUC Trust; (d) counsel to Allen and Del

---

[2] Del Norte is a California corporation, with its operations in California (prior to its bankruptcy).  The Credit Agreement provides it is governed by Arizona law.  California and Arizona law are consistent on all UCC issues addressed herein.

[3] California and Arizona have both adopted UCC section 9-601 with no changes relevant to this matter.

Norte who submitted the Del Norte Claim; (e) counsel to the Creditors' Committee; (f) the Office of the United States Attorney for the Southern District of New York; (g) the United States Department of the Treasury; (h) counsel to the United States Department of the Treasury; (i) the U.S. Attorney's Office; (j) Avoidance Action Trust Administrator; (k) counsel for Export Development Canada; (l) counsel for the Asbestos Claimants' Committee; (m) counsel for the Future Claimants' Representative; (n) counsel for the GUC Trust Administrator; (o) GUC Trust Monitor and Avoidance Action Trust Monitor; (p) counsel for the Environmental Response Trust; (q) counsel for the Asbestos Trust Administrator; and (r) all those persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Wells Fargo respectfully submits that no further notice is necessary.

## No Prior Request

28.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, Wells Fargo respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief sought herein and such other and further relief as the Court may deem just and proper.

New York, New York
Dated: May 16, 2012

                                          Respectfully submitted,
                                          /s/  Nickolas J. Karavolas
                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                          1540 Broadway
                                          New York, New York 10036
                                          Telephone: (212) 858-1000
                                          Facsimile: (212) 858-1500