HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY**, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
: 
             Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC
TRUST'S REPLY TO RESPONSE OF JAMES P. KURLINSKI
TO THE 170TH AND 172ND OMNIBUS OBJECTIONS TO CLAIMS
(WELFARE BENEFITS CLAIMS OF RETIRED
<u>AND FORMER SALARIED AND EXECUTIVE EMPLOYEES</u>)**

**TABLE OF CONTENTS**

**Page**

Table of Authorities ....................................................................................................................... ii

Preliminary Statement.................................................................................................................... 1

The Claims Should Be Disallowed and Expunged ....................................................................... 3

    (A)    The Claims Should Be Disallowed As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan ................................................................. 3

    (B)    Ongoing Benefits Have Been Assumed by New GM............................................ 4

The Kurlinski Response: Claim Nos. 28135 and 22848: James P. Kurlinski.............................. 5

Conclusion ..................................................................................................................................... 6

# Table of Authorities

**Page(s)**

**CASES**

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995).................................................................................................................4

*In re Oneida, Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
   234827 (S.D.N.Y. Jan. 22, 2010).............................................................................................3

*Moore v. Metro. Life Ins. Co.*,
   856 F.2d 488 (2d Cir. 1988).....................................................................................................3

*Sprague v. Gen. Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) .................................................................................................3

**STATUTES**

29 U.S.C. § 1051(1) .......................................................................................................................3

Employee Retirement Income Security Act of 1974 .....................................................................3

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the response interposed by Mr. James P. Kurlinski to the 170th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8852) (the "**170th Omnibus Objection**") and the 172nd Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8854) (the "**172nd Omnibus Objection**," and together with the 170th Omnibus Objection, the "**Omnibus Objections**"), and respectfully represents:

## Preliminary Statement

1. On January 26, 2011, the Debtors filed the Omnibus Objections. The Omnibus Objections seek the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus Objections, are not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged from the claims register.

2. Responses to the Omnibus Objections were due by February 22, 2011. The response listed on **Annex "A"** hereto and described further herein was filed with respect to the Omnibus Objections (the "**Kurlinski Response**") by James P. Kurlinski relating to his individual claims (the "**Claims**").

3. The Kurlinski Response is generally not substantive, but is critical of the reduction or termination of welfare benefits provided to retired and former salaried and executive employees of the Debtors. After reviewing the Kurlinski Response, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objections, and submits that Mr. Kurlinski has failed to provide any legal or factual support for the Claims. Notwithstanding Mr. Kurlinski's opposition, the Kurlinski Response should be dismissed because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently the Debtors and the GUC Trust have no liability for the Claims. Accordingly, the GUC Trust files this Reply in support of the Omnibus Objections and respectfully requests that the Claims be disallowed and expunged from the claims register.

---

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

2

4. The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Kurlinski's welfare benefits. However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

### The Claims Should Be Disallowed and Expunged

5. Mr. Kurlinski has failed to demonstrate the validity of his Claims and, thus, the Claims should be disallowed and expunged. *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)  The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6. In the Kurlinski Response, Mr. Kurlinski has not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide him, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis. The Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits. Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan. 29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7. In addressing claims similar to Mr. Kurlinski's Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from

3

vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*" *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)). As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.  Thus, Mr. Kurlinski bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Kurlinski has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.  In the Kurlinski Response, Mr. Kurlinski has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time. Moreover, Mr. Kurlinski has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Kurlinski. Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)    Ongoing Benefits Have Been Assumed by New GM**

10.  On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement. Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule. New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

4

on the Closing Date, including both responsibility for all claims incurred prior to the Closing Date and all future claims properly payable pursuant to the terms of the applicable Welfare Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to Welfare Benefits that have been assumed by New GM, and Mr. Kurlinski has not provided any credible factual or legal basis to suggest otherwise.

### The Kurlinski Response: Claim Nos. 28135 and 22848: James P. Kurlinski

11.    On January 18, 2011, a response (ECF No. 8801) was filed on behalf of James P. Kurlinski stating opposition to the relief sought in the Omnibus Objections with respect to the Claims.[4]  (*See* Proof of Claim No. 28135 at **Exhibit 1** hereto, Proof of Claim 22848 at **Exhibit 2** hereto, and the Kurlinski Response at **Exhibit 3** hereto).  The Kurlinski Response asserts that the objection to his claim is unjust and inequitable.  Mr. Kurlinski's response also provides alternatives to Motors Liquidation Company's plan of reorganization.  Mr. Kurlinski requests that the Court order a reasonable percentage of his claim be allowed.

12.    The Kurlinski Response provides no additional support for the Claims.  The GUC Trust is not aware of any documentation or facts supporting the Claims.  For the reasons set out above, the Debtors respectfully submit that the Kurlinski Response should be overruled, and the Claims should be disallowed and expunged.

### Conclusion

13.    Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been

---

[4] The Kurlinski Response states opposition to the Debtors' 116th Omnibus Objection to Claims (ECF No. 8195). Attorneys for the GUC Trust have reviewed the 116th Omnibus Objection to Claims and note that Mr. Kurlinski's Claims are not part of the 116th Omnibus Objection to Claims.  For the purposes of this Reply, the GUC Trust will assume that the Kurlinski Response applies equally to both the 170th Omnibus Objection and the 172nd Omnibus Objection.

established by Mr. Kurlinski; and (iii) New GM assumed the Welfare Benefit Plans as modified, the Debtors and the GUC Trust have no liability for Mr. Kurlinski's Claims.  The GUC Trust reiterates that the Kurlinski Response has not provided any legal or factual support for the Claims and cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims should be disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth above and in the Omnibus Objections, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objections and such other and further relief as is just.

Dated: New York, New York
       May 21, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

6

**Annex A**

| **170th and 172nd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)** | | | | | |
|---|---|---|---|---|---|
| **No.** | **Proof of Claim No.** | **Response Docket No.** | **Name** | **Total Claimed** | **Summary** |
| 1. | 28135 | 8801 | Kurlinski, James P. | $27,797.00 (U) | Mr. Kurlinski's response asserts that the objection to his claim is unjust and inequitable, and suggests various alternatives to the Motors Liquidation Company plan of reorganization, and requests that a reasonable percentage of his claim be allowed. |
| 2. | 22848 | 8801 | Kurlinski, James P. | $57,741.00 (U) | See Proof of Claim No. 28135 above. |

**Exhibit 1**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor (Check Only One)<br>☒ Motors Liquidation Company (f/k/a General Motors Corporation)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)<br>☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | Case No<br>09-50026 (REG)<br>09-50027 (REG)<br>09-50028 (REG)<br>09-13558 (REG) | Your Claim is Scheduled As Follows. |

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  **JAMES P KURLINSKI**

Name and address where notices should be sent
**JAMES P KURLINSKI**
**15237 WINTER PARK**
**MACOMB MICHIGAN 48044**

Telephone number **586 247 2256**
Email Address **JAMESKURLINSKI@SBCGLOBAL.NET**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

[Stamp: THE GARDEN CITY GROUP, INC.  NOV 1 2 2009]

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)
**FILED - 22848**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1  Amount of Claim as of Date Case Filed, June 1, 2009**     $ **57,741**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim**  **VALUE OF CANCELLED BASIC LIFE INSURANCE**
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor**  **1236**

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim  $_____     Amount Unsecured  $_____

**5  Amount of Claim Entitled to Priority under 11 U.S.C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount**

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)
Amount entitled to priority
$ _____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements
You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )
DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING
If the documents are not available, please explain in an attachment

Date **11-08-09**
Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any
*[signature: James P Kurlinski]*

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG)(12/08)



# CONFIRMATION STATEMENT

November 9, 2005

4 GM-H 502A ENV# GM11102224001000814

JAMES P. KURLINSKI
15237 WINTERPARK DR
MACOMB, MI 48044

**GM Benefits & Services Center**
gmbenefits com
1-800-489-4646

**TTY Service for the Hearing or Speech Impaired**
1-877-347-5225

**Overseas Calls**
Dial your country's toll-free AT&T Direct® access number then enter 877-833-9900 In the U S , call 1-800-331-1140 to obtain AT&T Direct access numbers From anywhere in the world, access numbers are available online at www att.com/traveler or from your local operator

Dear JAMES P KURLINSKI

This statement confirms your 2006 benefit elections and contributions Please review this statement carefully and retain it for your records You can also access this information through the Enrollment link on gmbenefits com Once you log on, simply click on Your New Benefits

If you have any questions, please call the GM Benefits & Services Center toll-free at 1-800-489-4646, Monday through Friday between 7 30 a m and 6 00 p m Eastern Time zone, to speak with a Customer Service Associate

| Plan | Option | Family Status / Coverage Volume | Your 2006 Monthly Contribution After-Tax |
|---|---|---|---|
| Medical | HMO Health Alliance Plan - MI (S) | Self + Spouse/ Domestic Partner | $78 00 |
| Extended Care Coverage (ECC) | Extended Care Coverage | Self + Spouse/ Domestic Partner | $14 00 |
| Dental | Traditional Delta Dental | Self + Spouse/ Domestic Partner | $15 00 |
| Vision | Cole Managed Vision (S) | Self + Spouse/ Domestic Partner | $2 00 |
| Basic Life Insurance | 2 X Annual Base Salary | $67,741 | $0 00 |
| Dependent Life Insurance - Spouse | | $25,000 | $36 00 |
| Personal Accident Insurance - Employee | | $50,000 | $0 55 |
| Personal Accident Insurance - Spouse | | $50,000 | $0 55 |
| **TOTAL MONTHLY CONTRIBUTIONS** | | | **$146.10** |

Note  The (S) after a benefit option is used for administrative purposes only

**In general, you will only receive new ID cards for plans if you are enrolling for the first time, making changes, or if changes are made to plan information. New ID cards should be received by early January 2006. If you need medical attention before your ID card arrives, you can use this confirmation statement as a temporary ID card.**

**If you have questions regarding ID cards, insurance claims, network providers, or plan coverage, contact your specific insurance company at the phone number listed on the back of this statement.**

4 GM-H-502A
3 GM-H-396A/ 319991 001

gmbenefits com
Page 1

FESCOHOB_GM11102224_11_CFM_ANNUAL ps
GM11102224001000814

**Exhibit 2**



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Your Claim is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) **JAMES P KURLINSKI**

Name and address where notices should be sent
**JAMES P KURLINSKI**
**15237 WINTER PARK**
**MACOMB MICHIGAN 4804**

Telephone number **586-243-2256**
Email Address **JAMESKURLINSKI@SBCGLOBAL.NET**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

THE GARDEN CITY GROUP, INC.
NOV 16 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)
**FILED - 28135**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**
Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

1. Amount of Claim as of Date Case Filed, June 1, 2009  $ **27,297**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 Basis for Claim: **VALUE OF CANCELLED HEALTH INSURANCE**
(See instruction #2 on reverse side )

3 Last four digits of any number by which creditor identifies debtor **1236**

3a Debtor may have scheduled account as. _____
(See instruction #3a on reverse side )

4. **Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property: $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection _____

Amount of Secured Claim. $_____  Amount Unsecured. $_____

6. **Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 **Documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

Date: **11-08-09**
Signature: The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

*James P Kurlinski*

5 **Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)



# CONFIRMATION STATEMENT

November 9, 2005

4 GM-H 502A ENV# GM11102224001000814

JAMES P. KURLINSKI
15237 WINTERPARK DR
MACOMB, MI 48044

**GM Benefits & Services Center**
gmbenefits com
1-800-489-4646

**TTY Service for the Hearing or Speech Impaired**
1-877-347-5225

**Overseas Calls**
Dial your country's toll-free AT&T Direct® access number then enter 877-833-9900 In the U S , call 1-800-331-1140 to obtain AT&T Direct access numbers From anywhere in the world, access numbers are available online at www att com/traveler or from your local operator

Dear JAMES P. KURLINSKI

This statement confirms your 2006 benefit elections and contributions Please review this statement carefully and retain it for your records You can also access this information through the Enrollment link on **gmbenefits com** Once you log on, simply click on Your New Benefits

If you have any questions, please call the GM Benefits & Services Center toll-free at 1-800-489-4646, Monday through Friday between 7.30 a m. and 6·00 p m Eastern Time zone, to speak with a Customer Service Associate

| Plan | Option | Family Status / Coverage Volume | Your 2006 Monthly Contribution After-Tax |
|---|---|---|---|
| Medical | HMO Health Alliance Plan - MI (S) | Self + Spouse/ Domestic Partner | $78 00 |
| Extended Care Coverage (ECC) | Extended Care Coverage | Self + Spouse/ Domestic Partner | $14 00 |
| Dental | Traditional Delta Dental | Self + Spouse/ Domestic Partner | $15 00 |
| Vision | Cole Managed Vision (S) | Self + Spouse/ Domestic Partner | $2 00 |
| Basic Life Insurance | 2 X Annual Base Salary | $67,741 | $0 00 |
| Dependent Life Insurance - Spouse | | $25,000 | $36 00 |
| Personal Accident Insurance - Employee | | $50,000 | $0 55 |
| Personal Accident Insurance - Spouse | | $50,000 | $0 55 |
| **TOTAL MONTHLY CONTRIBUTIONS** | | | **$146.10** |

Note. The (S) after a benefit option is used for administrative purposes only

**In general, you will only receive new ID cards for plans if you are enrolling for the first time, making changes, or if changes are made to plan information. New ID cards should be received by early January 2006. If you need medical attention before your ID card arrives, you can use this confirmation statement as a temporary ID card.**

**If you have questions regarding ID cards, insurance claims, network providers, or plan coverage, contact your specific insurance company at the phone number listed on the back of this statement**

4 GM-H-502A
3 GM-H-396A/ 319991 001

gmbenefits com
Page 1

FESCOHOB_GM11102224_11_CFM_ANNUAL ps
GM11102224001000814

**Exhibit 3**

Hearing Date and Time: February 3, 2011 at 9:45 a.m. EST

James Kurlinski
15237 Winter Park
Macomb, MI 48044

586-247-2256
jameskurlinski@sbcglobal.net



Retired salaried employee of General Motors
with unsecured claim for health and life insurance benefits
Claim No. 43262. Page 5, Exhibit A, Debtor's 116th Omnibus Objection to Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                      :      **Chapter 11 Case No.**
                                                           :
**MOTORS LIQUIDATION COMPANY, et al.,**                    :      **09-50026**
     **f/k/a General Motors Corp., et al.**                :
                                                           :
                Debtors.                                   :
-----------------------------------------------------------x

Response to the **NOTICE OF DEBTORS' 116TH OMNIBUS OBJECTION TO CLAIMS**, dated December 20, 2010.

I object to this attempt by Motors Liquidation Co. and General Motors to avoid paying any money to retirees who had been promised health and life insurance benefits in retirement. Their request to deny all these claims is unjust and inequitable.

My wife and I will have to pay out over $130,000 cash during our expected lifetimes if we want to maintain the same level of benefits that we had been promised.

GM had several options to avoid bankruptcy. The simplest would have been to reduce salaries and benefits of all employees, executives, and retirees by 25% and allow attrition to reduce the number of employees in the company. This would have let the company stay in business while continuing to offer benefits to current employees and retirees at a reduced level.

Instead they chose to terminate retiree benefits, layoff thousands of employees, close multiple plant facilities, and declare bankruptcy. These steps basically left most GM executives with their compensation and employment intact, and put the cost savings onto terminated employees and retirees.

I respectfully ask the Court to order that a reasonable percentage, to be determined by the Court, of my claim and others be honored by Motors Liquidation Co. and General Motors.

Dated: Macomb, MI 48044
       January 11, 2011

*James Kurlinski*