**HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
|   **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
|   Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC
TRUST'S REPLY TO RESPONSES OF RICHARD A. SCHELL
TO THE 171ST AND 174TH OMNIBUS OBJECTIONS TO CLAIMS
(WELFARE BENEFITS CLAIMS OF RETIRED
AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................ ii

Preliminary Statement..................................................................................................... 1

The Claims Should Be Disallowed and Expunged ....................................................... 3

    (A)    The Claims Should Be Disallowed  As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan ................................................................. 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................................... 4

The Responses: Claim Nos. 30666 and 30667:  Richard A. Schell............................... 5

Conclusion ...................................................................................................................... 6

## <u>Table of Authorities</u>

**Page(s)**

**CASES**

*Curtiss-Wright Corp. v. Schoonejongen*,
    514 U.S. 73 (1995)................................................................................................................4

*In re Oneida, Ltd.*,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
    234827 (S.D.N.Y. Jan. 22, 2010)........................................................................................3

*Moore v. Metro. Life Ins. Co.*,
    856 F.2d 488 (2d Cir. 1988)...............................................................................................3

*Sprague v. Gen. Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998) ..............................................................................................3

**STATUTES**

29 U.S.C. § 1051(1) ...................................................................................................................3

Employee Retirement Income Security Act of 1974 ..................................................................3

US_ACTIVE:\43994148\01\72240.0639

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), files this reply (the "**Reply**") to the Responses (defined below)

interposed by Mr. Richard A. Schell to the 171st Omnibus Objections to Claims (Welfare

Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8853) (the

"**171st Omnibus Objection**") and the 174th Omnibus Objections to Claims (Welfare Benefits

Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8856) (the "**174th

Omnibus Objection**," and together with the 171st Omnibus Objection, the "**Omnibus

Objections**"), and respectfully represents:

### Preliminary Statement

1.      On January 26, 2011, the Debtors filed the Omnibus Objections.  The

Omnibus Objections seek the disallowance and expungement of certain compensation and

welfare benefits claims of retired and former salaried and executive employees of the Debtors on

the basis that such claims (a) are related to unvested welfare benefits that were capable of being

modified or terminated by the Debtors at will pursuant to the terms of the operative documents

governing such welfare benefits, and were modified or terminated in accordance with such

operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

---

[1]      The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objections, are not the responsibility of the Debtors or the GUC Trust and therefore should be

disallowed and expunged from the claims register.

2.       Responses to the Omnibus Objections were due by February 22, 2011.

The responses listed on **Annex "A"** hereto and described further herein were filed with respect

to the Omnibus Objections (collectively, the "**Responses**") by Richard Schell relating to his

individual claims (the "**Claims**").

3.       The Responses are generally not substantive, but are critical of the

reduction or termination of welfare benefits provided to retired and former salaried and executive

employees of the Debtors.  After reviewing the Responses, the GUC Trust[3] respectfully reiterates

the Debtors' position in the Omnibus Objections, and submits that Mr. Schell has failed to

provide any legal or factual support for the Claims.  Notwithstanding Mr. Schell's opposition,

the Responses should be dismissed because (i) the Debtors had a right to amend or terminate the

employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental,

vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the

Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM

otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues

to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently

the Debtors and the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust

files this Reply in support of the Omnibus Objections and respectfully requests that the Claims

be disallowed and expunged from the claims register.

---

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because,
pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed
General Unsecured Claims (as defined in the Plan).

4.       The Debtors and the GUC Trust are, of course, sympathetic with the

impact that the financial problems of the Debtors have had on Mr. Schell's welfare benefits.

However, in view of the Debtors' liquidation and under applicable law, there should be no other

outcome.

**The Claims Should Be Disallowed and Expunged**

5.       Mr. Schell has failed to demonstrate the validity of his Claims and, thus,

the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22,

2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting

claim's essential allegations).

**(A)      The Claims Should Be Disallowed
           As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.       In the Responses, Mr. Schell has not demonstrated that the Debtors were

bound by any legal or contractual requirement to continue to provide him, or other retired and

former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The

Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as

amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and

that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits

provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in

accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see*

*Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*,

133 F.3d 388, 400 (6th Cir. 1998).

7.       In addressing claims similar to Mr. Schell's Claims, the Sixth Circuit has

noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from

vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.      Thus, Mr. Schell bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Schell has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.      In the Responses, Mr. Schell has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Schell has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Schell.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)      Ongoing Benefits Have Been Assumed by New GM**

10.      On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Schell has not provided any credible factual or legal basis to suggest otherwise.

### The Responses: Claim Nos. 30666 and 30667: Richard Schell

11.    On January 24, 2011, a response (ECF No. 8812) was filed on behalf of

Richard Schell (the "**First Schell Response**") stating opposition to the relief sought in the

Omnibus Objections with respect to the Claims.[4]  On April 25, 2011, a second response (ECF

No. 10124) was filed on behalf of Mr. Schell (the "**Second Schell Response**," and with the

"**First Schell Response**", the "**Responses**"), reiterating his objection to the relief sought in the

Omnibus Objections with respect to the Claims.  (*See* Proof of Claim No. 30666 at **Exhibit 1**

hereto, Proof of Claim 30667 at **Exhibit 2** hereto, the First Schell Response at **Exhibit 3** hereto

and the Second Schell Response at **Exhibit 4** hereto).  The First Schell Response asserts that the

objection to his claim is unjust and inequitable.  Mr. Schell notes in the First Schell Response

that he will have to pay out $199,700.00 to maintain the level of benefits that had been promised

to him by General Motors Corporation ("**Old GM**").  The First Schell Response also notes that

Mr. Schell accepted lower pay relative to contract workers while working for General Motors

---

[4] The First Schell Response states opposition to the Debtors' 116th Omnibus Objection to Claims (ECF No. 8195). Attorneys for the GUC Trust have reviewed the 116th Omnibus Objection to Claims and note that Mr. Schell's Claims are not part of the 116th Omnibus Objection to Claims.  For the purposes of this Reply, the GUC Trust will assume that the First Schell Response applies equally to both the 171st Omnibus Objection and the 174th Omnibus Objection.  The Second Schell Response is stated as being an attachment to Mr. Schell's Proof of Claim No. 30666, and makes reference to the Debtors' 116th Omnibus Objection to Claims, the 171st Omnibus Objection and the 174th Omnibus Objection.  For the purposes of this Reply, the GUC Trust will assume that the Second Schell Response applies to supplement Proof of Claim No. 30666, and to state opposition to the relief sought by the Debtors in both Omnibus Objections.

Corporation, in exchange for a higher benefits package.  The First Schell Response also provides alternatives to Motors Liquidation Company's plan of reorganization.  Mr. Schell requests in the First Schell Response that the Court order a reasonable percentage of his claim be allowed.

12.     The Second Schell Response notes that Old GM offered good benefits packages in order to attract and retain highly qualified staff, and that Mr. Schell had provided 37 years of loyalty, dedication, and 100% commitment at the General Motors Design Center.  The Second Schell Response argues that Old GM's retiree insurance program was earned and should be grandfathered.  Mr. Schell notes in the Second Schell Response that he is willing to accept 50% of what was promised to him in healthcare premiums.

13.     The Responses provide no additional support for the Claims.  The GUC Trust is not aware of any documentation or facts supporting the Claims.  For the reasons set out above, the Debtors respectfully submit that the Schell Responses should be overruled, and the Claims should be disallowed and expunged.

## Conclusion

14.     Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been established by Mr. Schell; and (iii) New GM assumed the Welfare Benefit Plans as modified, the Debtors and the GUC Trust have no liability for Mr. Schell's Claims.  The GUC Trust reiterates that the Responses have not provided any legal or factual support for the Claims and cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims should be disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth above and in the Omnibus Objections,

the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objections and such other and further relief as is just.

Dated: New York, New York
      May 21, 2012

                /s/ Joseph H. Smolinsky
                Harvey R. Miller
                Stephen Karotkin
                Joseph H. Smolinsky
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Motors Liquidation
                Company GUC Trust

## Annex A

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| 171st and 174th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | | |
| 1. | 30666 | 8812 and 10124 | Schell, Richard A. | $199,700.00 (U) | Mr. Schell's responses assert that the objections to his claims are unjust and inequitable. Mr. Schell notes in his responses that he will have to pay out $199,700 to maintain the level of benefits that had been promised to him by General Motors Corporation. Mr. Schell's responses also note that he accepted lower pay relative to contract workers while working for General Motors Corporation, in exchange for a higher benefits package. Mr. Schell's responses also provides alternatives to Motors Liquidation Company's plan of reorganization. Mr. Schell requests that the Court order a reasonable percentage of his claim be allowed. |
| 2. | 30667 | 8812 and 10124 | Schell, Richard A. | $199,700.00 (U) | See Proof of Claim No. 30666 above. |

**<u>Exhibit 1</u>**

01115982
APS0545993019




## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
- ☑ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )

**Case No**
- 09-50026 (REG)
- 09-50027 (REG)
- 09-50028 (REG)
- 13558 (REG)

Your Claim is Scheduled As Follows.

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)   SCHELL RICHARD A

**Name and address where notices should be sent**

SCHELL RICHARD A
100 CAMELOT WAY
ROCHESTER MI 48306-2614

Telephone number 248-651-1919
Email Address

**Name and address where payment should be sent** (if different from above)

MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

FILED # - 30666

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

(Garden City Group stamp: THE GARDEN CITY GROUP, INC / NOV 19 2009)

If an amount is identified above you have a claim scheduled by one of the Debtors as shown  This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**   $ 199,700

If all or part of your claim is secured, complete item 4 below however if all of your claim is unsecured  do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim**   VALUE OF CANCELLED BASIC LIFE INSURANCE FOR MY FAMILY
(See instruction #2 on reverse side)

**3  Last four digits of any number by which creditor identifies debtor**   3620

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side)

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

**Value of Property** $ _____   **Annual Interest Rate** ___ %

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $ _____

**Basis for perfection**

**Amount of Secured Claim** $ _____   **Amount Unsecured** $ _____

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor s business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease, or rental of property or services for personal  family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim  such as promissory notes  purchase orders  invoices  itemized statements or running accounts  contracts  judgments  mortgages and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available  please explain in an attachment

| | FOR COURT USE ONLY |
|---|---|

**Date** 11-16-09

**Signature**  The person filing this claim must sign it  Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

(signature)

Penalty for presenting fraudulent claim  Fine of up to $500 000 or imprisonment for up to 5 years  or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY SUITE A, DUBLIN OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT SDNY ONE BOWLING GREEN ROOM 534 NEW YORK NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30 2009 AT 5 00 P M. (PREVAILING EASTERN TIME)

**Court Name of Debtor and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1 2009. You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee, or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor. If any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS below.) State the type, and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9) indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1 2009 the date of commencement of these cases (See DEFINITIONS below) Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

Motors Liquidation Company
(f/k/a General Motors Corporation)   09-50026 (REG)
MLCS LLC
(f/k/a Saturn LLC)   09-50027 (REG)
MLCS Distribution Corporation
(f/k/a Saturn Distribution Corporation)   09-50028 (REG)
MLC of Harlem Inc.
(f/k/a Chevrolet-Saturn of Harlem Inc.)   09-13558 (REG)

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U S C § 101(5). A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted certain information. A creditor should redact and use, only the last four digits of any social-security, individual's

tax-identification or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien certificate of title, financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc. please provide a self-addressed stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However if the creditor decides to sell its claim and a transfer of such claim is subject to FRBP 3001(e) any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq.) and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

## INFORMATION



APS2083472410
01115982

PLEASE COMPLETE THE FOLLOWING

ITEM 1   **Amount of General Unsecured Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below

| | |
|---|---|
| Claim Amount | $199,700 00 |
| Debtor | Motors Liquidation Company |

ITEM 2   **Vote on the Plan.**  The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to

<u>Check one box</u>         ☐   Accept the Plan

                        ☑   Reject the Plan

ITEM 3   **Acknowledgement and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto   The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan   The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein

Print or Type Name of Claimant          *RICHARD A SCHELL*

Social Security or Federal Tax I D No of Claimant   *3 75-42-3620*

Signature          *(signature)*

Name of Signatory (if different than claimant)   _____

If by Authorized Agent, Title of Agent   _____

Street Address          *100 CAMELOT WAY*

City, State, and Zip Code          *ROCHESTER, MI. 48306*

Telephone Number          *248-651-1919*

E-mail Address          *CAMPPRO1@YAHOO.COM*

Date Completed          *1-20-2011*

*Please check <u>one or both</u> of the below boxes, if the above address is a change of address for the purpose(s) of*

☐ future notice mailings, **AND/OR**   ☐ distributions

01-29-11 P12.01 IN

THE GARDEN CITY GROUP INC
JAN 29 2011

**BALLOT #1456**

5





APS2083472410
01115982

SCHELL RICHARD A
100 CAMELOT WAY
ROCHESTER, MI 48306-2614



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO 18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH 43017-

Mr  Richard Schell
100 Camelot Way
Rochester His, MI 48306-2614

**<u>Exhibit 2</u>**

02495532
APS0656119641

## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | PROOF OF CLAIM |

**Name of Debtor** (Check Only One)

☑ Motors Liquidation Company (f/k/a General Motors Corporation)   **Case No** 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn LLC)   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem Inc (f/k/a Chevrolet-Saturn of Harlem Inc)   09-13558 (REG)

*NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Your Claim is Scheduled As Follows

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)   RICHARD SCHELL

**Name and address where notices should be sent**

RICHARD SCHELL
100 CAMELOT WAY
ROCHESTER MI 48306-2614

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

Filed on _____

**Telephone number** 248-651-1919
**Email Address**

**Name and address where payment should be sent** (if different from above)

FILED - 30667
MOTORS LIQUIDATION COMPANY
f/k/a GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

**Telephone number**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.
NOV 19 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file it again

**1 Amount of Claim as of Date Case Filed, June 1 2009**   $ *199,700*

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** *VALUE OF CANCELLED BASIC LIFE INSURANCE FOR MY FAMILY*
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor** *3620*

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff** ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
**Describe**

**Value of Property** $ _____   **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $ _____

**Basis for perfection**

**Amount of Secured Claim** $ _____   **Amount Unsecured** $ _____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim such as promissory notes purchase orders invoices itemized statements or running accounts contracts judgments mortgages and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary *(See instruction 7 and definition of "redacted" on reverse side)*

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5   Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| **Date** 11-16-09 | **Signature** The person filing this claim must sign it Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any
*[signature]* | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

PLEASE SEND YOUR ORIGINAL COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL THE GARDEN CITY GROUP, INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING PO BOX 9386 DUBLIN OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING 5151 BLAZER PARKWAY SUITE A DUBLIN OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT SDNY ONE BOWLING GREEN ROOM 534 NEW YORK NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2 Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured (See DEFINITIONS below). State the type and the value of property that secures the claim, attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS below). A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.
For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS below). Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services see instruction 2. Do not send original documents as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011. If the claim is filed electronically FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC | |
| (f/k/a Saturn LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem Inc | |
| (f/k/a Chevrolet-Saturn of Harlem Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien certificate of title, financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

INFORMATION

**<u>Exhibit 3</u>**

*COURT CLERK*

Hearing Date and Time: February 3, 2011 at 9:45 a.m. EST

Richard A Schell
100 Camelot Way
Rochester, Mi. 48306

Phone: (248) 651-1919
Lamppro1@yahoo.com

Retired salaried employee of General Motors
with unsecured claim for health and life insurance benefits
Claim No. 43262. Page 5, Exhibit A, Debtor's 116th Omnibus Objection to Claims

JAN 24 2011

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

In re                                            :        **Chapter 11 Case No.**
                                                 :
**MOTORS LIQUIDATION COMPANY, et al.,**          :        **09-50026**
    **f/k/a General Motors Corp., et al**.   :
                                                 :
        **Debtors.**   :

-------------------------------------------------x

Response to the **NOTICE OF DEBTORS' 116TH OMNIBUS OBJECTION TO CLAIMS**, dated
December 20, 2010.

    I object to this attempt by Motors Liquidation Co. and General Motors to avoid paying any money to retirees who had earned and been promised health and life insurance benefits in retirement. Their request to deny all these claims is unjust and inequitable.

    My wife and I will have to pay out over $199,700 cash during our expected lifetimes if we want to maintain the same level of benefits that we had been promised.

    Throughout my career at GM I worked alongside contract employees who were paid and average of 10-15% premium because they did not have the benefit package that I had. One of the primary reasons I stayed with GM was because of their retirement package which included insurance, health care, extended care, dental care, vision and life insurance. A 15% premium per hour, compounded over my thirty seven year career would have been enough to pay for my wife's and my Live Insurance , Health Care insurance and more than enough to pay for Extended health care coverage, which was all promised.

    GM had several options to avoid bankruptcy. The simplest would have been to reduce salaries and benefits of all employees, executives, and retirees, and allow attrition to reduce the number of employees in the company.  This would have let the company stay in business while continuing to offer benefits to current employees and retirees at a reduced level.

    Instead they chose to terminate retiree benefits, layoff thousands of employees, close multiple plant facilities, and declare bankruptcy. These steps basically left most **GM executives with their compensation and employment intact**, and put the cost savings onto terminated employees and retirees.

    I respectfully ask the Court to order that a reasonable percentage, to be determined by the Court, of my claim and others be honored by Motors Liquidation Co. and General Motors.

Dated: January 12, 2011
      Rochester, Mi.

                                      Richard A. Schell

## Exhibit 4

Richard A Schell
100 Camelot Way
Rochester, Mi. 48306
Phone: (248) 651-1919
Lamppro1@yahoo.com

*COURT CLERK COPY*

RECEIVED
APR 25 2011
U.S. BANKRUPTCY COURT
SO DIST. OF NEW YORK

Retired salaried employee of General Motors
with unsecured claim for health and life insurance benefits
Claim No. 30666, Debtor's 116th, 171st, & 174th Omnibus Objection to Claims

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------x

In re                                             :    **Chapter 11 Case No.**
                                                   :
**MOTORS LIQUIDATION COMPANY, et al.,**    :    **09-50026**
    f/k/a General Motors Corp., et al.    :
                                                   :
        Debtors.    :

------------------------------x

Response to the **NOTICE OF DEBTORS' 116TH OMNIBUS OBJECTION TO CLAIMS**, dated
December 20, 2010.

To: **The Honorable Judge Robert E. Gerber:**

This is an attachment to my original Claim #30666

**General Motors Corporation** offered good benefit packages in order to **attract and retain good
employees.**

**I gave my loyalty, dedication and 100% commitment for 37 years at General Motors Design Center.**

The General Motors Corporation **Retiree Insurance program was earned** and should be Grandfathered.

 I understand **General Motors** is struggling and I believe that it is important for an American Automobile
company **to survive.** I am **willing to accept 50%** of what was promised to me in health care premiums.

Of course, I would expect Motors Liquidation Company to object, their compensation is directly
proportional to how much they object.

I implore you to consider how the **loss of earned medical and life insurance premiums** will affect two
seniors on a fixed income.

Dated: April 21, 2011
    100 Camelot Way                                    Respectfully Yours,
    Rochester, Mi. 48306
    (248)-651-1919
    Lamppro1@yahoo.com

                              Richard A. Schell

Richard A Schell
100 Camelot Way
Rochester, Mi. 48306

Phone: (248) 651-1919
Lamppro1@yahoo.com

Retired salaried employee of General Motors
with unsecured claim for health and life insurance benefits
Claim No. 43262. Page 5, Exhibit A, Debtor's 116th Omnibus Objection to Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------x
In re                                            :        **Chapter 11 Case No.**
                                                 :
**MOTORS LIQUIDATION COMPANY, et al.,**          :            **09-50026**
        f/k/a General Motors Corp., et al.       :
                                                 :
        **Debtors.**                             :
------------------------------------------------x

Response to the **NOTICE OF DEBTORS' 116TH OMNIBUS OBJECTION TO CLAIMS**, dated
December 20, 2010.

   I object to this attempt by Motors Liquidation Co. and General Motors to avoid paying any money to
retirees who had earned and been promised health and life insurance benefits in retirement. Their request
to deny all these claims is unjust and inequitable.

   My wife and I will have to pay out over $199,700 cash during our expected lifetimes if we want to
maintain the same level of benefits that we had been promised.

   Throughout my career at GM I worked alongside contract employees who were paid and average of 10-
15% premium because they did not have the benefit package that I had. One of the primary reasons I
stayed with GM was because of their retirement package which included insurance, health care, extended
care, dental care, vision and life insurance. A 15% premium per hour, compounded over my thirty seven
year career would have been enough to pay for my wife's and my Live Insurance , Health Care insurance
and more than enough to pay for Extended health care coverage, which was all promised.

   GM had several options to avoid bankruptcy. The simplest would have been to reduce salaries and
benefits of all employees, executives, and retirees, and allow attrition to reduce the number of employees
in the company.  This would have let the company stay in business while continuing to offer benefits to
current employees and retirees at a reduced level.

   Instead they chose to terminate retiree benefits, layoff thousands of employees, close multiple plant
facilities, and declare bankruptcy. These steps basically left most **GM executives with their
compensation and employment intact**, and put the cost savings onto terminated employees and retirees.

   I respectfully ask the Court to order that a reasonable percentage, to be determined by the Court, of my
claim and others be honored by Motors Liquidation Co. and General Motors.

Dated: January 12, 2011
        Rochester, Mi.

iuj

                                                        Richard A. Schell