Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                             :
**In re**                                    :        **Chapter 11 Case No.**
                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.,*    :        **09-50026 (REG)**
          **f/k/a General Motors Corp.,** *et al.*    :
                                             :
               **Debtors.**                  :        **(Jointly Administered)**
                                             :
-----------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC
TRUST'S REPLY TO RESPONSES OF RONALD C. TANCIAR
TO THE 172ND AND 174TH OMNIBUS OBJECTIONS TO CLAIMS
(WELFARE BENEFITS CLAIMS OF RETIRED
AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

## TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................. ii

Preliminary Statement.............................................................................................................. 1

The Claims Should Be Disallowed and Expunged ................................................................. 3

    (A)    The Claims Should Be Disallowed  As Debtors Had Right to Amend or
            Terminate Each Welfare Benefit Plan ................................................................. 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................................... 4

The Responses: Claim Nos. 49591 and 49592:  Ronald C. Tanciar .............................................. 5

Conclusion ............................................................................................................................... 5

i

# Table of Authorities

**Page(s)**

CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
    514 U.S. 73 (1995)..................................................................................................4

*In re Oneida, Ltd.*,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
    234827 (S.D.N.Y. Jan. 22, 2010)........................................................................3

*Moore v. Metro. Life Ins. Co.*,
    856 F.2d 488 (2d Cir. 1988)................................................................................3

*Sprague v. Gen. Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998) ..............................................................................3

STATUTES

29 U.S.C. § 1051(1) .......................................................................................................3

Employee Retirement Income Security Act of 1974 .....................................................3

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the Responses (defined below) interposed by Mr. Ronald C. Tanciar to the 172nd Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8854) (the "**172nd Omnibus Objection**") and the 174th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8856) (the "**174th Omnibus Objection**," and together with the 172nd Omnibus Objection, the "**Omnibus Objections**"), and respectfully represents:

<u>**Preliminary Statement**</u>

1.      On January 26, 2011, the Debtors filed the Omnibus Objections.  The Omnibus Objections seek the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

---

[1]      The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objections, are not the responsibility of the Debtors or the GUC Trust and therefore should be

disallowed and expunged from the claims register.

        2.      Responses to the Omnibus Objections were due by February 22, 2011.

The Responses listed on **Annex "A"** hereto and described further herein were filed with respect

to the Omnibus Objections by Ronald C. Tanciar relating to his individual claims (the

"**Claims**").  The Responses are generally not substantive, but are critical of the Debtors'

bankruptcy filing and the effect this has had on stockholders with equity interests in the Debtors.[3]

After reviewing the Responses, the GUC Trust[4] respectfully reiterates the Debtors' position in

the Omnibus Objections, and submits that Mr. Tanciar has failed to provide any legal or factual

support for the Claims.  Notwithstanding Mr. Tanciar's opposition, the Responses should be

dismissed because (i) the Debtors had a right to amend or terminate the employee welfare benefit

plans (the "**Welfare Benefits Plans**") providing medical, dental, vision, and life insurance

benefits (the "**Welfare Benefits**"), including those on which the Claims are based, without

further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed

Welfare Benefits as they existed on the Commencement Date and continues to provide Welfare

Benefits as modified prior to their assumption by New GM, and consequently the Debtors and

the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust files this Reply in

support of the Omnibus Objections and respectfully requests that the Claims be disallowed and

expunged from the claims register.

---

[3] Mr. Tanciar has also filed Proof of Claim No. 49590 relating to a loss in value of common stock that he held in the Debtors.  This claim was reclassified as an equity interest by Order of this Court on July 27, 2011 (ECF No. 10631).

[4] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

3.      The Debtors and the GUC Trust are, of course, sympathetic with the

impact that the financial problems of the Debtors have had on Mr. Tanciar's welfare benefits.

However, in view of the Debtors' liquidation and under applicable law, there should be no other

outcome.

### The Claims Should Be Disallowed and Expunged

4.      Mr. Tanciar has failed to demonstrate the validity of his Claims and, thus,

the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22,

2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting

claim's essential allegations).

**(A)      The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

5.      In the Responses, Mr. Tanciar has not demonstrated that the Debtors were

bound by any legal or contractual requirement to continue to provide him, or other retired and

former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The

Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as

amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and

that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits

provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in

accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see*

*Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*,

133 F.3d 388, 400 (6th Cir. 1998).

6.      In addressing claims similar to Mr. Tanciar's Claims, the Sixth Circuit has

noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from

vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

7.    Thus, Mr. Tanciar bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Tanciar has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

8.    In the Responses, Mr. Tanciar has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Tanciar has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Tanciar. Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)    Ongoing Benefits Have Been Assumed by New GM**

9.    On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

4

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Tanciar has not provided any credible factual or legal basis to suggest otherwise.

### The Responses: Claim Nos. 49591 and 49592: Ronald C. Tanciar

10.     On February 17, 2011, a response (ECF No. 9308) was filed on behalf of

Ronald C. Tanciar (the "**First Tanciar Response**") stating opposition to the relief sought in the

Omnibus Objections with respect to the Claims.  On April 25, 2011, a second response (ECF No.

10124) was filed on behalf of Mr. Tanciar (the "**Second Tanciar Response**," and with the "**First

Tanciar Response**", the "**Responses**"), resubmitting the First Tanciar Response.  (*See* Proof of

Claim No. 49591 at **Exhibit 1** hereto, Proof of Claim 49592 at **Exhibit 2** hereto, the First

Tanciar Response at **Exhibit 3** hereto and the Second Tanciar Response at **Exhibit 4** hereto).

The Responses oppose the Omnibus Objections to his Claims, noting that as an equity interest

holder, Mr. Tanciar has the same rights as all creditors, and suggesting that restitution should be

considered in the form of the distribution of equivalent shares in New GM common stock.

11.     The Responses provide no additional support for the Claims.  The GUC

Trust is not aware of any documentation or facts supporting the Claims.  For the reasons set out

above, the Debtors respectfully submit that the Responses should be overruled, and the Claims

should be disallowed and expunged.

### Conclusion

12.     Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been

established by Mr. Tanciar; and (iii) New GM assumed the Welfare Benefit Plans as modified,

the Debtors and the GUC Trust have no liability for Mr. Tanciar's Claims.  The GUC Trust

reiterates that the Responses have not provided any legal or factual support for the Claims and

cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims

should be disallowed and expunged in their entirety.

        WHEREFORE, for the reasons set forth above and in the Omnibus Objections,

the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objections and such other and further relief as is just.

Dated: New York, New York
      May 21, 2012

                                /s/ Joseph H. Smolinsky
                                Harvey R. Miller
                                Stephen Karotkin
                                Joseph H. Smolinsky
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Motors Liquidation
                                Company GUC Trust

## Annex A

| 172nd and 174th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | | |
|---|---|---|---|---|---|
| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 49591 | 9308 and 9368 | Tanciar, Ronald C. | $69,500.00 (U) | Mr. Tanciar's responses oppose the objections to his claims, noting that as an equity interest holder, he has the same rights as all creditors, and suggesting that restitution should be considered in the form of the distribution of equivalent shares in New GM common stock. |
| 3. | 49592 | 9308 and 9368 | Tanciar, Ronald C. | $163,103.00 (U) | Please see Proof of Claim No. 49591 above. |

## **Exhibit 1**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

Name of Debtor: *MOTORS LIQUIDATION COMPANY (F/K/A GENERAL MOTORS CORPORATION)*   Case Number: *09-50026 (REG)*

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): *RONALD C TANCIAR*

□ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
*RONALD C TANCIAR*
*220 RIDGE RUN CROSSING*
*ATHENS, GA. 30605*
Telephone number: *706-850-6134*   *EMAIL: TANCIAR50@G-MAIL.COM*

Court Claim Number: _____ (If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
**FILED - 49591**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**
Telephone number:

□ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

□ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ *69,500*
   *JUNE 1, 2009*
   If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete item 5.
   □ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: *VALUE OF CANCELLED BASIC LIFE INSURANCE*
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: *9315*
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: □ Real Estate  □ Motor Vehicle  □ Other
   Describe:
   Value of Property $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____ Basis for perfection _____
   Amount of Secured Claim $_____ Amount Unsecured $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim.
   □ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   □ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).
   □ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
   □ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
   □ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
   □ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).
   Amount entitled to priority:
   $_____
   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

Date: *11/2/09*   Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature] *Ronald E. Tanciar,*

FOR COURT USE ONLY
[stamp: THE GARDEN CITY GROUP INC. NOV 25 2009]

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Mr Ronald C Tanciar
220 Ridge Run Xing
Athens, GA 30605

GENTLEMEN:

> ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★
> Mr Ronald C Tanciar
> 220 Ridge Run Xing
> Athens, GA 30605

11/21/09

ATTACHED YOU'LL FIND (3) CLAIMS AGAINST GENERAL MOTORS.   PLEASE FILE WITH THE COURT.

YOUR TIME WILL BE APPRECIATED

REGARDS,

RONALD C TANCIAR





TANCIAR, RONALD C 25001 - GENERAL MOTORS SSPP

Mr Ronald C Tanciar
220 Ridge Run Xing
Athens, GA 30605

## Market Value of Your Account

Statement Period  05/01/2009 to 05/31/2009

Displayed in this section is the value of your account for the statement period, in both shares/units and dollars

| Investment | Shares/Units as of 04/30/2009 | Shares/Units as of 05/31/2009 | Price as of 04/30/2009 | Price as of 05/31/2009 | Market Value as of 04/30/2009 | Market Value as of 05/31/2009 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | $8,446 52 | $0 00 |
| Company Stock | | | | | | |
| GM Common Stock | 1 792 782 | 0 000 | $4 71 | $4 71 | $8 446 52 | $0 00 |
| **Bond Investments** | | | | | $273,570 72 | $283,845 48 |
| Stable Value | | | | | | |
| Promark Income Fund | 10 159 563 | 10,541 036 | $22 12 | $22 17 | $224,779 74 | $233 759 15 |
| Real Return Bond | | | | | | |
| Pimco Real Return | 4 317 787 | 4 317 787 | $11 30 | $11 60 | $48 790 98 | $50 086 33 |
| **Account Totals** | | | | | $282,017 24 | $283,845 48 |

Please refer to NetBenefits and other Plan information, such
right to direct investments under the Plan For information c
those rights visit NetBenefits and click on "Plan Information"

To help achieve long-term retirement security, you should g
a well-balanced and diversified investment portfolio Spread
investments can help you achieve a favorable rate of return
losing money This is because market or other economic cor
or one particular security, to perform very well often cause
particular security, to perform poorly If you invest more tha
one company or industry, your savings may not be properly
a guarantee against loss, it is an effective strategy to help y

In deciding how to invest your retirement savings, you shou
including any other retirement savings outside of the Plan  No sino
because, among other factors, individuals have different fin
meeting their goals, and different tolerances for risk It is al
investment portfolio, your investment objectives, and the in
ensure that your retirement savings will meet your retireme
website http //www dol gov/ebsa/investing html for informa
diversification

*****************
Mr Ronald C Tanciar
220 Ridge Run Xing
Athens, GA 30605

*CANCELLATION OF G.M. STOCK.*

*I LOST 1,792,782 UNITS
OF G.M. STOCK IN OUR STOCK SAVINGS
PURCHASE PROGRAM,
IT ALL SHOULD BE REIMBURSED.*

*RON TANCIAR*


## Your Contributions

This section contains a breakdown of your current investmo

### Your Current Investment Elections as of 11/22/2009

**All Eligible Sources**

| Investment Option | Current % |
|---|---|
| **Bond Investments** | |
| STABLE VALUE | |
| PROMARK INCOME FUND | 100% |
| **Total** | 100% |

```
     #
   # #
  #   #
 #     #
#######   ###
#     #   ###
#     #   ###

######
#     #  ####    #     ######  #####
#     # #    #   #     #       #    #
######  #    #   #     #####   #    #
#     # #    #   #     #       #####
#     # #    #   #     #       #    #
######   ####    ######  ######  #    #
```

```
 #####   #####   #####
#     # #     # #     #
#           #         #
 #####   #####   #####
#             #       #
#       #     # #     #
 #####   #####   #####
```

**<u>Exhibit 2</u>**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

Name of Debtor: *MOTORS LIQUIDATION COMPANY (F/K/A GENERAL MOTORS CORPORATION)*  Case Number: *09-50026 (REG)*

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): *RONALD C TANCIAR*

□ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
*RONALD C TANCIAR*
*220 RIDGE RUN CROSSING*
*ATHENS, GA. 30605*
*EMAIL: TANCIAR50@GMAIL.COM*
Telephone number: *706-850-6134*

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

**FILED – 49592**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number:

□ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

□ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: *JUNE 1, 2009* $*-163,103*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

□ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: *VALUE OF CANCELLED HEALTH CARE INSURANCE*
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: *9315*

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: □ Real Estate  □ Motor Vehicle  □ Other
Describe:

Value of Property $_____  Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____  Basis for perfection: _____

Amount of Secured Claim $_____  Amount Unsecured $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

□ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

□ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

□ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

□ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: *11/21/09*
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[signature]*

FOR COURT USE ONLY
THE GARDEN CITY GROUP, INC.
NOV 25 2009

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Mr Ronald C Tanciar
220 Ridge Run Xing
Athens, GA  30605



Mr Ronald C Tanciar
220 Ridge Run Xing
Athens, GA 30605

11/21/09

GENTLEMEN:

.ATTACHED YOU'LL FIND (3) CLAIMS AGAINST
GENERAL MOTORS.    PLEASE FILE WITH THE
COURT.
    YOUR TIME WILL BE APPRECIATED.



REGARDS,

RONALD C. TANCIAR







TANCIAR  RONALD C  25001 - GENERAL MOTORS SSPP

Mr Ronald C Tanciar
220 Ridge Run Xing
Athens, GA  30605

## Market Value of Your Account

Statement Period  05/01/2009 to 05/31/2009

Displayed in this section is the value of your account for the statement period, in both shares/units and dollars

| Investment | Shares/Units as of 04/30/2009 | Shares/Units as of 05/31/2009 | Price as of 04/30/2009 | Price as of 05/31/2009 | Market Value as of 04/30/2009 | Market Value as of 05/31/2009 |
|---|---|---|---|---|---|---|
| **Stock Investments** | | | | | **$8,446 52** | **$0 00** |
| Company Stock | | | | | | |
| GM Common Stock | 1 792 782 | 0 000 | $4 71 | $4 71 | $8,446 52 | $0 00 |
| **Bond Investments** | | | | | **$273,570 72** | **$283,845 48** |
| Stable Value | | | | | | |
| Promark Income Fund | 10 159 563 | 10,541 036 | $22 12 | $22 17 | $224 779 74 | $233 759 15 |
| Real Return Bond | | | | | | |
| Pimco Real Return | 4 317 787 | 4 317 787 | $11 30 | $11 60 | $48 790 98 | $50,086 33 |
| **Account Totals** | | | | | **$282,017 24** | **$283,845 48** |

Please refer to NetBenefits and other Plan information, such
right to direct investments under the Plan  For information c
those rights visit NetBenefits and click on "Plan Information'

To help achieve long-term retirement security, you should g
a well-balanced and diversified investment portfolio  Spread
investments can help you achieve a favorable rate of return
losing money  This is because market or other economic cor
or one company or industry, to perform very well often cause
particular security, to perform poorly  If you invest more tha
one company or industry, your savings may not be properly
a guarantee against loss, it is an effective strategy to help y

In deciding how to invest your retirement savings, you shou
including any retirement savings outside of the Plan  No sinc
because, among other factors, individuals have different fine
meeting their goals, and different tolerances for risk  It is al
investment portfolio, your investment objectives, and the in
ensure that your retirement savings will meet your retireme
website http //www dol gov/ebsa/investing html for informa
diversification



* * * * * * * * * * * * * *
Mr Ronald C  Tanciar
220 Ridge Run Xing
Athens, GA  30605

*CANCELLATION OF G.M. STOCK.*

*I LOST 1,792.782 UNITS*
*OF G.M. STOCK IN OUR STOCK SAVINGS*
*PURCHASE PROGRAM.*
*IT ALL SHOULD BE REIMBURSED.*

*RON TANCIAR*

## Your Contributions

This section contains a breakdown of your current investme

**Your Current Investment Elections as of 11/22/2009**

**All Eligible Sources**

| Investment Option | Current % |
|---|---|
| **Bond Investments** | |
| STABLE VALUE | |
| PROMARK INCOME FUND | 100% |
| **Total** | **100%** |

**<u>Exhibit 3</u>**

DMC Center
220 Ridge Run Xing
Athens, GA 30605-4986

Date:        February 7th, 2011

Subject:     Motors Liquidations Co. (f/k/a General Motors Corp.)
             Chapter 11 Case No. 09-50026 (REG)
             Notice of Debtors' 153RD, 172nd & 174th Omnibus Objection to Claims

             Claim #: **49590**        $300,000.00
             Claim #: **49592**        $163,103.00
             Claim #: **49591**        $ 69,500.00

FEB 17 2011

             I **strongly object** that the debtors wish to disallow certain Equity Interest
             Claims

To:          Honorable Robert E. Gerber
             U.S. Bankruptcy Judge
             Room 621
             U.S. Bankruptcy Court, Southern District of New York
             One Bowling Green
             New York, N.Y.  10004

Dear Judge Gerber:

I am vehemently opposed to the debtors request to disallow certain claims in this bankruptcy
proceeding.  As a stock holder of General Motors Corp. I was lead to believe that General Motors
would seek to borrow money from the U. S. Government or from private investment firms.  Instead,
General Motors filed for bankruptcy, which left many equity interest holders, holding on to worthless
General Motors stock.

We believed in the good faith of General Motors management not to declare bankruptcy.  Even though
we are not categorized as a creditor in these bankruptcy proceeding but as equity interest holders, we
should still be given the same entitlement rights as all the creditors.

Restitution should be considered in the form of cash or the distribution of equivalent shares in the new
General Motors stock.

Just recently (see attached article) top General Motors executives received thousands of shares of stock
prior to the  IPO being issued worth approximately $13 million dollars.  In fairness, all the equity
interest holders, who believed in General Motors management prior to their declaring bankruptcy,
should also receive the spoils of free shares of the new General Motors Corporation.  Wouldn't you
agree?

I leave the court with these final words on **JUSTICE** by Denis Diderot;

> *Justice* *is the first virtue of those who command,*
> *and stops the complaints of those who obey.*

I certainly hope the court will do justice for all equity interest holders.

Mr. Ron Tanciar
220 Ridge Run Xing
Athens, GA 30605-4986

Regards,

Ronald C Tanciar
220 Ridge Run Crossing
Athens, GA  30605
Telephone: (706) 850-6134



Ron Tanciar
220 Ridge Run Xing.
Athens, GA 30605

# Top GM Executives Receive Millions In Stock Prior To IPO

by Manoli Katakis,  Posted June 22nd, 2010

Why is GM's Ed Whitacre smiling?
Well well well… not too long after the government hired a New York firm to prepare General Motors' post-bankruptcy IPO, the U.S. Securities and Exchange Commission disclosed that the company's highest ranking officers and executives received over 100,000 total shares of stock estimated to be somewhere in the ballpark of **$13 million**. Those who have been disclosed that received shares include:

- Chairman/CEO Ed Whitacre: 24,547 shares
- GM North America President Mark Reuss: 25,104 shares
- Vice Chairman Tom Stephens: 50,521 shares
- Vice Chairman/CFO Chris Liddell: 15,979 shares
- Vice Chairman Steve Grisky: 18,063 shares

While it's been a widely-publicized goal of General Motors to go public as soon as possible, Ed Whitacre has cautioned that an IPO will not happen until he believes its maximum value can be attained. According to some analysts, this could take as long as another year or two. Considering Whitacre now has 24,547 reasons for a successful IPO, it's easy to understand why.

## The GM Authority Take

I understand the logic behind providing GM's senior management team with this amount of yet-unsold stock. Instead of being awarded bonuses or salary raises, stock is used to compensate for salary cuts and certain lack of benefits. It also provides a huge incentive to make the overall organization a success. But GM's senior management team isn't the only one within GM to have taken a cut – there are thousands of other GM employees that were forced to see salary and benefit cuts as well. In all fairness, all of those hard working men and women should also receive the spoils of free shares of the company they have worked so hard to bring out of its darkest period in history. ***Wouldn't you agree?***



**<u>Exhibit 4</u>**

Mr. Ron Tanciar
220 Ridge Run Xing
Athens, GA 30605-4986

2/15/11

FOLKS:

THIS IS MY 2ND LETTER I'VE MAILED TO YOU.
I SENT THE FIRST ONE BY ~~REGIS~~ CERTIFIED MAIL.
I JUST WANT TO MAKE SURE YOU RECEIVE A COPY
BY FEB. 22ND, 2011.

THANK YOU.

RONALD C TANCIAR

Date:        February 7th, 2011

Subject:     Motors Liquidations Co. (f/k/a General Motors Corp.)
             Chapter 11 Case No. 09-50026 (REG)
             Notice of Debtors' 153RD, 172nd & 174th Omnibus Objection to Claims

             Claim #: **49590**        $300,000.00
             Claim #: **49592**        $163,103.00
             Claim #: **49591**        $ 69,500.00

             I **strongly object** that the debtors wish to disallow certain Equity Interest
             Claims

To:          Honorable Robert E. Gerber
             U.S. Bankruptcy Judge
             Room 621
             U.S. Bankruptcy Court, Southern District of New York
             One Bowling Green
             New York, N.Y.   10004

Dear Judge Gerber:

I am vehemently opposed to the debtors request to disallow certain claims in this bankruptcy
proceeding.  As a stock holder of General Motors Corp. I was lead to believe that General Motors
would seek to borrow money from the U. S. Government or from private investment firms.  Instead,
General Motors filed for bankruptcy, which left many equity interest holders, holding on to worthless
General Motors stock.

We believed in the good faith of General Motors management not to declare bankruptcy.  Even though
we are not categorized as a creditor in these bankruptcy proceeding but as equity interest holders, we
should still be given the same entitlement rights as all the creditors.

Restitution should be considered in the form of cash or the distribution of equivalent shares in the new
General Motors stock.

Just recently (see attached article) top General Motors executives received thousands of shares of stock
prior to the  IPO being issued worth approximately $13 million dollars.  In fairness, all the equity
interest holders, who believed in General Motors management prior to their declaring bankruptcy,
should also receive the spoils of free shares of the new General Motors Corporation.  Wouldn't you
agree?

I leave the court with these final words on **JUSTICE** by Denis Diderot;



> ### _Justice is the first virtue of those who command,_
> ### _and stops the complaints of those who obey._

I certainly hope the court will do justice for all equity interest holders.



Regards,

Ronald C Tanciar
220 Ridge Run Crossing
Athens, GA  30605
Telephone: (706) 850-6134



# Top GM Executives Receive Millions In Stock Prior To IPO

by <u>Manoli Katakis</u>, Posted June 22nd, 2010

Ron Tanciar
220 Ridge Run Xing.
Athens, GA  30605

Why is GM's Ed Whitacre smiling?

Well well well... not too long after the government <u>hired a New York firm</u> to prepare General Motors' <u>post-bankruptcy IPO</u>, the U.S. Securities and Exchange Commission disclosed that the company's highest ranking officers and executives received over 100,000 total shares of stock estimated to be somewhere in the ballpark of <u>**$13 million.**</u> Those who have been disclosed that received shares include:

- Chairman/CEO Ed Whitacre: 24,547 shares
- GM North America President Mark Reuss: 25,104 shares
- Vice Chairman Tom Stephens: 50,521 shares
- Vice Chairman/CFO Chris Liddell: 15,979 shares
- Vice Chairman Steve Grisky: 18,063 shares

While it's been a widely-publicized goal of General Motors to go public as soon as possible, Ed Whitacre has cautioned that an IPO will not happen until he believes its maximum value can be attained. According to some analysts, this could take as long as another year or two. Considering Whitacre now has 24,547 reasons for a successful IPO, it's easy to understand why.

## The GM Authority Take

I understand the logic behind providing GM's senior management team with this amount of yet-unsold stock. Instead of being awarded bonuses or salary raises, stock is used to compensate for salary cuts and certain lack of benefits. It also provides a huge incentive to make the overall organization a success. But GM's senior management team isn't the only one within GM to have taken a cut – there are thousands of other GM employees that were forced to see salary and benefit cuts as well. In all fairness, all of those hard working men and women should also receive the spoils of free shares of the company they have worked so hard to bring out of its <u>darkest period</u> in history. ***Wouldn't you agree?***