**HEARING DATE AND TIME:  May 31, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
|  |  |
| :--- | :--- |
| | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.,* | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC**
**TRUST'S REPLY TO RESPONSE OF DOUGLAS STERETT**
**TO THE 170TH OMNIBUS OBJECTION TO CLAIMS**
**(WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

## TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................ ii

Preliminary Statement............................................................................................................. 1

The Claim Should Be Disallowed and Expunged.................................................................... 3

    (A)    The Claim Should Be Disallowed  As Debtors Had Right to Amend or
            Terminate Each Welfare Benefit Plan .................................................................. 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................................... 4

The Sterett Response: Claim No. 64279:  Douglas Sterett.......................................................... 5

Conclusion ............................................................................................................................. 5

i

# Table of Authorities

**Page(s)**

Cases

*Curtiss-Wright Corp. v. Schoonejongen*,
514 U.S. 73 (1995)..................................................................................................................4

*In re Oneida, Ltd.*,
400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
234827 (S.D.N.Y. Jan. 22, 2010)..........................................................................................3

*Moore v. Metro. Life Ins. Co.*,
856 F.2d 488 (2d Cir. 1988)..................................................................................................3

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ................................................................................................3

Statutes

29 U.S.C. § 1051(1) ..................................................................................................................3

Employee Retirement Income Security Act of 1974 ....................................................................3

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the response interposed by Mr. Douglas Sterett to the 170th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8852) (the "**Omnibus Objection**"), and respectfully represents:

## Preliminary Statement

1.    On January 26, 2011, the Debtors filed the Omnibus Objection.  The Omnibus Objection seeks the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2] pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus Objection, are not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged from the claims register.

---

[1]    The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

2.      Responses to the Omnibus Objection were due by February 22, 2011.  The response listed on **Annex "A"** hereto and described further herein was filed with respect to the Omnibus Objection (the "**Sterett Response**") by Douglas Sterett relating to his individual claim (the "**Claim**").

3.      The Sterett Response is generally not substantive, but is critical of the reduction or termination of welfare benefits provided to retired and former salaried and executive employees of the Debtors.  After reviewing the Sterett Response, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objection, and submits that Mr. Sterett has failed to provide any legal or factual support for the Claim.  Notwithstanding Mr. Sterett's opposition, the Sterett Response should be dismissed because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the Claim is based, without further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently the Debtors and the GUC Trust have no liability for the Claim.  Accordingly, the GUC Trust files this Reply in support of the Omnibus Objection and respectfully requests that the Claim be disallowed and expunged from the claims register.

4.      The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Sterett's welfare benefits.

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

2

However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

<u>**The Claim Should Be Disallowed and Expunged**</u>

5.     Mr. Sterett has failed to demonstrate the validity of his Claim and, thus, the Claim should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)     The Claim Should Be Disallowed**
      <u>**As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**</u>

6.     In the Sterett Response, Mr. Sterett has not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide him, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis. The Omnibus Objection explains that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.     In addressing claims similar to Mr. Sterett's Claim, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or*

3

*terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)

(emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As

noted in the Omnibus Objection, however, the Sixth Circuit has recognized that once welfare

benefits are vested, they are rendered forever unalterable.

8.    Thus, Mr. Sterett bears the burden of showing that the Debtors intended to

vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare

Benefits, such that Mr. Sterett has a contractual right to the perpetual continuation of his Welfare

Benefits at a contractually specified level.

9.    In the Sterett Response, Mr. Sterett has not provided any evidence that

contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans

of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr.

Sterett has not provided any evidence of a separate, affirmative contractual obligation on the part

of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Sterett.  Therefore,

the Debtors and the GUC Trust do not have any liability with respect to the reduction in or

discontinuation of the Welfare Benefits.

**(B)    Ongoing Benefits Have Been Assumed by New GM**

10.    On the Closing Date, New GM completed its purchase of certain assets in

accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master

Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New

GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set

forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the

extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

4

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Sterett has not provided any credible factual or legal basis to suggest otherwise.

### The Sterett Response: Claim No. 64279: Douglas Sterett

11.      On February 18, 2011, a response (ECF No. 9355) was filed on behalf of

Douglas Sterett (the "**Sterett Response**") stating opposition to the relief sought in the Omnibus

Objection with respect to the Claim (*See* Proof of Claim No. 64279 at **Exhibit 1** hereto, and the

Sterett Response at **Exhibit 2** hereto).[4]  The Sterett Response explains that Mr. Sterett was

encouraged to take early retirement at age 60 by General Motors Corporation, and chose to

accept the offer based on the terms and conditions presented to him by his former employer.  Mr.

Sterett notes that he would not have made the decision to retire without the welfare benefits

component of the package, and requests as a result that the Court consider his Claim.

12.      The Sterett Response provides no additional support for his Claim.  The

GUC Trust is not aware of any documentation or facts supporting the Claim.  For the reasons set

out above, the Debtors respectfully submit that the Sterett Response should be overruled, and the

Claim should be disallowed and expunged.

### Conclusion

13.      Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been

established by Mr. Sterett; and (iii) New GM assumed the Welfare Benefit Plans as modified, the

Debtors and the GUC Trust have no liability for Mr. Sterett's Claim.  The GUC Trust reiterates

that the Sterett Response has not provided any legal or factual support for the Claim and cannot

---

[4] Mr. Sterett also filed a letter at ECF No. 9893 with documentation to support his Claim amount.

be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claim should be

disallowed and expunged in its entirety.

           WHEREFORE, for the reasons set forth above and in the Omnibus Objection, the

GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objection and such other and further relief as is just.

Dated: New York, New York
       May 21, 2012

                             /s/ Joseph H. Smolinsky              
                             Harvey R. Miller
                             Stephen Karotkin
                             Joseph H. Smolinsky
                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for Motors Liquidation
                             Company GUC Trust

## Annex A

| 170th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | | |
|---|---|---|---|---|---|
| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 64279 | 9355 and 9893 | Sterett, Douglas | $113,443.00 (U) | Mr. Sterett's response explains that he was encouraged to take early retirement at age 60, and chose to accept the offer based on the terms and conditions presented to him by General Motors Corporation.  Mr. Sterett notes that he would not have made such a decision without the welfare benefits component of the package, and requests that the Court consider his claim. |

**<u>Exhibit 1</u>**

7014980

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**

☐ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor (the person or other entity to whom the debtor owes money or property)** DOUGLAS STERETT

**Name and address where notices should be sent**
DOUGLAS STERETT

40679 VILLAGEWOOD RD
NOVI MI 48375

Telephone number
Email Address

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

**Name and address where payment should be sent (if different from above)**
N/A

FILED - 64279
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☒ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $_____

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** Health Care / Life Ins Loss.
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor** 3485
(See instruction #3a on reverse side)

**3a Debtor may have scheduled account as** N/A

**4 Secured Claim (See instruction #4 on reverse side)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____   Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____   Amount Unsecured $ 113,443

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority

$_____

* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

Date 11/29

[signature]

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim Fine of up to $500 000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

0051977323

# Loss Calculation for Douglas Sterett (Age 63)

## Life insurance:

Annual Salary @ retirement: ~~12,000~~

Current value of
Company provided          90,000
Life ins.                 -10,000

Value of lost ins.    $80,000

## Health Care:

Pre 65 benifit loss          1360
                           ×   2 YR
Post 65 benifit loss = $2720

                        $1900
                      × 16.17 YRS

Total Loss          = $30,723
                    +   2720
Health Care  33,443   $33,443
Life ins     80,000
            $113,443



APS2804149N
00042221

PLEASE COMPLETE THE FOLLOWING                    **BALLOT #5718**

   **ITEM 1   Amount of General Unsecured Claim.**  For purposes of voting to accept or reject the
Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set
forth below

| | |
|---|---|
| Claim Amount | $113,443 00 |
| Debtor | MOTORS LIQUIDATION COMPANY |

   **ITEM 2   Vote on the Plan.**  The undersigned holder of a Class 3 General Unsecured Claim in
the amount set forth in Item 1 above hereby votes to

Check one box          ☐   Accept the Plan

                       ☒   Reject the Plan

   **ITEM 3   Acknowledgement and Certification.**  By signing this Ballot, the undersigned
acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including
all exhibits thereto  The undersigned certifies that (i) it is the holder of the General Unsecured Claim
identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan  The
undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and
conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the
Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained
therein

Print or Type Name of Claimant              _DOUGLAS C STERETT_

Social Security or Federal Tax I D  No  of Claimant   _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_

Signature                                   _DLCSterett_

Name of Signatory (if different than claimant)  _____

If by Authorized Agent, Title of Agent  _____

Street Address                              _40679 Village Wood Rd_

City, State, and Zip Code                   _Novi, MI 48375_

Telephone Number                            _248-305-9087_

E-mail Address                              _Loudpipes@mail.com_

Date Completed                              _2/6/11_

*Please check **one or both** of the below boxes, if the above address is a change of address for the
purpose(s) of*

☐ future notice mailings; **AND/OR**  ☐ distributions

THE GARDEN CITY GROUP INC
FEB 1 5 2011

02-15-11  A09.34  IN                    5

1329 / Z4



APS2080814901
00042221

DOUGLAS STEREIT
40679 VILLAGEWOOD RD
NOVI MI 48375



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO 18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH 43017-9957

**Exhibit 2**

**DOUG STERETT**
**40679 Village Wood Rd.**
**Novi, Michigan 48375**
**248/305-9087**

February 18, 2011

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
Southern District of New York
New York, New York 10004

RE:    Response to 170th Objection to Claims
       Chapter 11, Case No. 09-50026

Dear Honorable Robert E. Gerber:

In November of 2006, I was encouraged to take an early retirement at age 60. I chose to accept that offer based on the terms and conditions presented. A significant factor in my decision was the health care and life insurance that were components of that offer. I would not have accepted the early retirement if the health care and life insurance were not as presented. I feel that I had a contract upon which I made a decision. I consider the changes in health care and life insurance coverage a breach of that contract. General Motors salaried employees and retirees have no collective bargaining. This is a distinct disadvantage in dealing with an issue such as this.

I am listed as a creditor in the **DEBTOR'S 170TH OMNIBUS OBJECTIONS TO CLAIMS.** My Claim Number is 64279, appearing on Page 6 of Exhibit A. The calculations to support the amount of my claim have been previously submitted to The Garden City Group, P.O. Box 9386, Dublin, Ohio 43017 on November 28, 2009. The data I submitted is based on the Loss Calculator provided to me by the General Motors Retirees Association.

I appreciate your consideration for my claim.

Respectfully,

Doug Sterett

cc:    Judges Chambers
       The Honorable Robert E. Gerber

       Weil Gotshal & Manges, LLP

**<u>Exhibit 3</u>**

# DOUG STERETT
### 40679 Village Wood Rd.
### Novi, Michigan 48375
### 248/305-9087

February 18, 2011

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
Southern District of New York
New York, New York 10004

RE:    Response to 170th Objection to Claims
       Chapter 11, Case No. 09-50026

Dear Honorable Robert E. Gerber:

Enclosed is the documentation to explain the calculation of my claim amount.

I appreciate your consideration for my claim.

Respectfully.

Doug Sterett

Enclosure

cc:    Judges Chambers
       The Honorable Robert E. Gerber

       Weil Gotshal & Manges, LLP

1

Alert - Salaried Retiree Loss Calculations

to send an additional communication upon request.

We hope you will find this information easy to understand and apply to your own situation. Please help us continue to grow GMRA by letting your active and retired GM friends and family know about our work on behalf of GM retirees.

Thanks again for your membership and support!

All the best,

## Salaried Retiree Loss Calculations for GM Bankruptcy Claim Filing

Since the GM Bankruptcy Proof of Claim letters were mailed out many GMRA members have requested our recommendations on filing individual claims for loss. While every retiree has a unique situation, and we can't possibly respond to each individual, we can suggest some general guidelines for you to consider in measuring your loss, and for filing your claim. Typical loss categories include Life Insurance, Health Insurance (including Medical, Prescription, Dental, Vision and Extended Care Coverage) and Executive Supplemental programs. We recommend filing a separate claim for every loss category that applies to your situation.

Note: the filing deadline for receipt by Motors Liquidation is November 30, 2009, so you should act quickly if you wish to file a claim.

While GMRA can't give legal or financial counsel, we believe that it can't hurt to file if you feel you have lost significant value. However, you should know that the Unsecured Creditors' Committee of the Motors Liquidation Company ("old GM") will be sorting through literally thousands of claims, and it is generally  expected at this time that claimants will only receive pennies on the dollar -- if anything at all.

For the purposes of this letter, we will focus on health benefits and life insurance, because those two areas impact nearly all salaried retirees.  Retirees may also consider filing for losses in pension or other benefit programs impacted by the bankruptcy and in the period leading up to the bankruptcy.  For example, Health Care benefits were eliminated for all retirees over 65 on January 01, 2009, just five months prior to the bankruptcy filing. Although this preceded the actual bankruptcy filing, the action was effected at a time during which General Motors was insolvent, as illustrated by the federal loans that began to support the company in December 2008.  Similarly, many executives were severely impacted by changes in their non-qualified supplemental programs both before and after the bankruptcy filing date.

In the next sections of this letter, you will find step-by-step guides on how to calculate losses for health benefits and life insurance. Following these samples, you will find a table wherein GMRA has completed the health benefits calculation for your convenience. Just find your age as of January 1, 2009, and read across to view your Loss Calculation Total. This table is based on the Social Security Administration's period life table which predicts longevity based on gender and current age. (Please visit http://www.ssa.gov/OACT/STATS/table4c6.html to learn more about the Social Security Administration's period life table.) We suggest that the SSA table be used as

09-50026-mg    Doc 11735    Filed 05/21/12    Entered 05/21/12 17:23:07    Main Document
Pg 22 of 27
Alert - Salaried Retiree Loss Calculations

Page 3 of 7

a reference for any separate loss calculations you may initiate.

GMRA will continue to investigate other options -- legal and otherwise -- on behalf of salaried retirees. In the meantime, use your best judgment on whether this applies to your personal situation, or, if appropriate, consult your attorney for more specific advice regarding your circumstances. If you no longer have your form and wish to submit a claim or your attorney advises you to submit a claim, the form can be obtained here:  http://www.motorsliquidation.com or  http://www.uscourts.gov/bkforms.

-

-

-

-

## Life Insurance

Prior to the bankruptcy filing, salaried retirees had a Basic Life Insurance benefit equal to one year's base salary as of date of retirement. As announced following the bankruptcy filing, effective August 01, 2009, the Company reduced retiree Basic Life Insurance coverage to a maximum of $10,000. While many retirees continue to pay for Optional and/or Dependent Life Insurance for themselves, their spouse, or their dependents after this date, the amount of the loss in Company-paid life insurance on the retiree should, in our opinion, be claimed as a loss.

The simplest method to calculate your loss would be to determine the amount of Company-provided Basic Life Insurance in effect prior to the August 1, 2009, reduction. Typically, this would be equivalent to the annualized salary of the employee in effect at the time of retirement. From this amount, simply subtract $10,000. The difference is the amount that you have lost in the value of your life insurance. If an employee / retiree has died since the implementation of any of these reductions, a claim should be completed by the surviving spouse or the executor of the estate.

### Sample Calculation

| | |
|---|---|
| Annualized Salary at time of retirement | $65,000 |
| Current amount of Company provided Life Insurance | - $10,000 |
| Value of Lost Life Insurance | $55,000 |

## Health Care Benefit Losses

For those retirees and/or surviving spouses less than 65 years of age, GM recently announced a substantial increase in cost for continued participation in the GM plan, which also underwent significant plan modifications. Since those under 65 have not completely lost GM-paid health care coverage, it is necessary to first determine a value for the loss prior to age 65, then add that amount to the loss of all coverage beginning at 65 and through the remainder of your life expectancy.

For those who lost health care coverage prior to the bankruptcy filing, consider using the actual

date you lost the GM benefit as the start date for calculating your loss. For many this was Jan 01, 2009, or the month in which you became Medicare eligible.

Calculate the amount of loss for the retiree, spouse, and dependents separately, and then add the individual losses to determine the total loss.

Based on information recently provided by General Motors Company, the average cost of health care for Medical, Prescription, Dental, Vision, and Extended Care Coverage to the company under the salaried cap implemented in 2006/7 was $5500. Based on the announced modifications, the Company has revised the cap and the new average cost to GM to provide GM-paid health care is $4140 annually. GMRA recommends calculating the loss for health care using the difference between these figures, or $1360 per year, per person under 65.

Beginning at 65, the loss per year, per person, would be $5500 minus the $3600 annual Level Benefit through life expectancy, or $1900. This is only one method of determining your health care loss. If you have estimated costs for your unique situation, consider using those in your calculations.

### Sample Calculation for a Male 58 year old retiree

All cost figures shown below are estimated!

| | |
|---|---|
| Annual pre-65 benefit loss beginning 2010 | 1360 |
| Number of years remaining until age 65 | X   7 |
| Amount of loss prior to age 65 | $9520 |

Add this amount to the estimate of health care benefit loss from age 65 until full life expectancy:

| | |
|---|---|
| Annual post-65 benefit loss beginning 2017 | $1900 |
| Number of years between 65 and full life expectancy | X  14.97 |
| Amount of loss after age 65 | $28,443 |
| Total Lifetime Loss | $37,963 |

## Dental Coverage

Included in health care calculation above

## Vision Coverage

Included in health care calculation above

## Extended Care Coverage (ECC)

Included in health care calculation above

7014980

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One):
- ☐ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

Case No.
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

Your Claim is Scheduled As Follows:

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (The person or other entity to whom the debtor owes money or property): DOUGLAS STERETT

**Name and address where notices should be sent:**

DOUGLAS STERETT

40679 VILLAGEWOOD RD
NOVI MI 48375

Telephone number:
Email Address:

**Name and address where payment should be sent** (if different from above):

N/A

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Health Care / Life ins. loss.
*(See instruction #2 on reverse side.)*

**3. Last four digits of any number by which creditor identifies debtor:** 3485

**3a. Debtor may have scheduled account as:** N/A
*(See instruction #3a on reverse side.)*

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $113,443

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 11/28/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

# LOSS CALCULATION FOR DOUGLAS STERETT (AGE 63)

## Life insurance:

Annual Salary @ retirement: ~~13,00~~

$$90,000$$

Current value of Company provided Life ins.     $-10,000$

Value of lost ins.   $\$80,000$

## Health Care:

pre 65 benifit loss

$$1360 \times 2 \text{ YR}$$

post 65 benifit loss  $= \$2720$

$$1900 \times 16.17 \text{ YRS} = \$30,723$$

Total Loss

Health Care  33,443
Life ins      80,000
          $\$113,443$

$$+ \quad 2720$$
$$\$33,443$$

# Actuarial Publications

Social Security Online

Statistical Tables

 Period Life

Life Tables

A period life table is based on the mortality experience of a population during a relatively short period of time. Here we present the 2006 period life table for the Social Security area population. For this table, the period life expectancy at a given age represents the average number of years of life remaining if a group of persons at that age were to experience the mortality rates for 2006 over the course of their remaining life.

## Period Life Table, 2006

| Exact age | Male | | | Female | | |
|---|---|---|---|---|---|---|
| | Death probability [a] | Number of lives [b] | Life expectancy | Death probability [a] | Number of lives [b] | Life expectancy |
| 0 | 0.007349 | 100,000 | 75.10 | 0.006055 | 100,000 | 80.21 |
| 1 | 0.000465 | 99,265 | 74.66 | 0.000433 | 99,395 | 79.70 |
| 2 | 0.000321 | 99,219 | 73.69 | 0.000276 | 99,351 | 78.73 |
| 3 | 0.000244 | 99,187 | 72.72 | 0.000184 | 99,324 | 77.75 |
| 4 | 0.000194 | 99,163 | 71.74 | 0.000160 | 99,306 | 76.77 |
| 5 | 0.000181 | 99,144 | 70.75 | 0.000144 | 99,290 | 75.78 |
| 6 | 0.000174 | 99,126 | 69.76 | 0.000133 | 99,276 | 74.79 |
| 7 | 0.000163 | 99,108 | 68.77 | 0.000124 | 99,262 | 73.80 |
| 8 | 0.000142 | 99,092 | 67.79 | 0.000113 | 99,250 | 72.81 |
| 9 | 0.000112 | 99,078 | 66.79 | 0.000102 | 99,239 | 71.82 |
| 10 | 0.000085 | 99,067 | 65.80 | 0.000093 | 99,229 | 70.82 |
| 11 | 0.000085 | 99,059 | 64.81 | 0.000094 | 99,220 | 69.83 |
| 12 | 0.000135 | 99,050 | 63.81 | 0.000113 | 99,210 | 68.84 |
| 13 | 0.000251 | 99,037 | 62.82 | 0.000153 | 99,199 | 67.85 |
| 14 | 0.000416 | 99,012 | 61.84 | 0.000210 | 99,184 | 66.86 |
| 15 | 0.000595 | 98,971 | 60.86 | 0.000274 | 99,163 | 65.87 |
| 16 | 0.000765 | 98,912 | 59.90 | 0.000335 | 99,136 | 64.89 |
| 17 | 0.000928 | 98,836 | 58.94 | 0.000385 | 99,103 | 63.91 |
| 18 | 0.001077 | 98,745 | 58.00 | 0.000418 | 99,064 | 62.93 |
| 19 | 0.001208 | 98,638 | 57.06 | 0.000438 | 99,023 | 61.96 |
| 20 | 0.001343 | 98,519 | 56.13 | 0.000457 | 98,980 | 60.99 |
| 21 | 0.001470 | 98,387 | 55.20 | 0.000479 | 98,934 | 60.01 |
| 22 | 0.001549 | 98,242 | 54.28 | 0.000497 | 98,887 | 59.04 |
| 23 | 0.001567 | 98,090 | 53.37 | 0.000511 | 98,838 | 58.07 |
| 24 | 0.001540 | 97,936 | 52.45 | 0.000523 | 98,787 | 57.10 |

| Exact age | Male | | | Female | | |
|---|---|---|---|---|---|---|
| | Death probability [a] | Number of lives [b] | Life expectancy | Death probability [a] | Number of lives [b] | Life expectancy |
| 63 | 0.014759 | 81,843 | 18.45 | 0.009424 | 88,951 | 21.32 |
| 64 | 0.015890 | 80,635 | 17.72 | 0.010174 | 88,113 | 20.52 |
| 65 | 0.017161 | 79,354 | 17.00 | 0.011009 | 87,217 | 19.72 |
| 66 | 0.018610 | 77,992 | 16.28 | 0.011986 | 86,257 | 18.94 |
| 67 | 0.020216 | 76,540 | 15.58 | 0.013117 | 85,223 | 18.16 |
| 68 | 0.021992 | 74,993 | 14.89 | 0.014430 | 84,105 | 17.40 |
| 69 | 0.023966 | 73,344 | 14.22 | 0.015924 | 82,891 | 16.64 |
| 70 | 0.026212 | 71,586 | 13.55 | 0.017646 | 81,571 | 15.90 |
| 71 | 0.028725 | 69,710 | 12.91 | 0.019544 | 80,132 | 15.18 |
| 72 | 0.031450 | 67,707 | 12.27 | 0.021523 | 78,566 | 14.47 |
| 73 | 0.034385 | 65,578 | 11.65 | 0.023551 | 76,875 | 13.78 |
| 74 | 0.037599 | 63,323 | 11.05 | 0.025717 | 75,064 | 13.10 |
| 75 | 0.041267 | 60,942 | 10.46 | 0.028247 | 73,134 | 12.43 |
| 76 | 0.045411 | 58,427 | 9.89 | 0.031187 | 71,068 | 11.78 |
| 77 | 0.049921 | 55,774 | 9.34 | 0.034405 | 68,852 | 11.14 |
| 78 | 0.054797 | 52,990 | 8.80 | 0.037905 | 66,483 | 10.52 |
| 79 | 0.060154 | 50,086 | 8.29 | 0.041808 | 63,963 | 9.92 |
| 80 | 0.066266 | 47,073 | 7.78 | 0.046337 | 61,289 | 9.33 |
| 81 | 0.073175 | 43,954 | 7.30 | 0.051587 | 58,449 | 8.76 |
| 82 | 0.080723 | 40,737 | 6.84 | 0.057503 | 55,433 | 8.21 |
| 83 | 0.088916 | 37,449 | 6.39 | 0.064135 | 52,246 | 7.68 |
| 84 | 0.097922 | 34,119 | 5.97 | 0.071587 | 48,895 | 7.17 |
| 85 | 0.107951 | 30,778 | 5.56 | 0.079984 | 45,395 | 6.68 |
| 86 | 0.119182 | 27,456 | 5.18 | 0.089431 | 41,764 | 6.22 |
| 87 | 0.131736 | 24,183 | 4.81 | 0.100009 | 38,029 | 5.78 |
| 88 | 0.145669 | 20,998 | 4.46 | 0.111773 | 34,226 | 5.37 |
| 89 | 0.160978 | 17,939 | 4.14 | 0.124745 | 30,400 | 4.98 |
| 90 | 0.177636 | 15,051 | 3.84 | 0.138938 | 26,608 | 4.62 |
| 91 | 0.195594 | 12,378 | 3.56 | 0.154348 | 22,911 | 4.28 |
| 92 | 0.214792 | 9,957 | 3.30 | 0.170963 | 19,375 | 3.98 |
| 93 | 0.235163 | 7,818 | 3.07 | 0.188761 | 16,062 | 3.69 |
| 94 | 0.256634 | 5,979 | 2.86 | 0.207711 | 13,030 | 3.44 |
| 95 | 0.277945 | 4,445 | 2.67 | 0.226885 | 10,324 | 3.20 |
| 96 | 0.298731 | 3,209 | 2.51 | 0.245997 | 7,982 | 3.00 |
| 97 | 0.318602 | 2,251 | 2.36 | 0.264731 | 6,018 | 2.81 |
| 98 | 0.337164 | 1,534 | 2.24 | 0.282754 | 4,425 | 2.65 |
| 99 | 0.354023 | 1,017 | 2.12 | 0.299719 | 3,174 | 2.49 |
| 100 | 0.371724 | 657 | 2.01 | 0.317702 | 2,223 | 2.35 |