**HEARING DATE AND TIME: May 31, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
                                       :
In re                                  :    Chapter 11 Case No.
                                       :
MOTORS LIQUIDATION COMPANY, et al.,    :    09-50026 (REG)
        f/k/a General Motors Corp., et al.    :
                                       :
                Debtors.               :    (Jointly Administered)
                                       :
--------------------------------------------------------------x
```

## MOTORS LIQUIDATION COMPANY GUC TRUST'S REPLY TO RESPONSES OF MOHAMED A. FETOUH TO THE 171ST AND 177TH OMNIBUS OBJECTIONS TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................ ii

Preliminary Statement............................................................................................................ 1

The Claims Should Be Disallowed and Expunged ................................................................ 3

    (A)    The Claims Should Be Disallowed  As Debtors Had Right to Amend or
             Terminate Each Welfare Benefit Plan ................................................................ 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................................... 4

The Responses: Claim Nos. 23024 and 23308:  Mohamed A. Fetouh ........................................ 5

Conclusion .............................................................................................................................. 5

# Table of Authorities

**Page(s)**

**CASES**

*Curtiss-Wright Corp. v. Schoonejongen*,
514 U.S. 73 (1995)........................................................................................................4

*In re Oneida, Ltd.*,
400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
234827 (S.D.N.Y. Jan. 22, 2010)..................................................................................3

*Moore v. Metro. Life Ins. Co.*,
856 F.2d 488 (2d Cir. 1988)..........................................................................................3

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) .......................................................................................3

**STATUTES**

29 U.S.C. § 1051(1) ............................................................................................................3

Employee Retirement Income Security Act of 1974 .........................................................3

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the Responses (defined below) interposed by Mohamed A. Fetouh to the 171st Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8853) (the "**171[st] Omnibus Objection**") and the 177th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8859) (the "**177[th] Omnibus Objection**," and together with the 171st Omnibus Objection, the "**Omnibus Objections**"), and respectfully represents:

### **Preliminary Statement**

1.    On January 26, 2011, the Debtors filed the Omnibus Objections.  The Omnibus Objections seek the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

---

[1]    The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objections, are not the responsibility of the Debtors or the GUC Trust and therefore should be

disallowed and expunged from the claims register.

2.      Responses to the Omnibus Objections were due by February 22, 2011.

The responses listed on **Annex "A"** hereto and described further herein were provided to counsel

to the Debtors with respect to the Omnibus Objections (collectively, the "**Responses**") by

Mohamed A. Fetouh relating to his individual claims (the "**Claims**").

3.      The Responses are generally not substantive, but are critical of the

reduction or termination of welfare benefits provided to retired and former salaried and executive

employees of the Debtors.  After reviewing the Responses, the GUC Trust[3] respectfully reiterates

the Debtors' position in the Omnibus Objections, and submits that Mr. Fetouh has failed to

provide any legal or factual support for the Claims.  Notwithstanding Mr. Fetouh's opposition,

the Responses should be dismissed because (i) the Debtors had a right to amend or terminate the

employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental,

vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the

Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM

otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues

to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently

the Debtors and the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust

files this Reply in support of the Omnibus Objections and respectfully requests that the Claims

be disallowed and expunged from the claims register.

---

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

4.       The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Fetouh's welfare benefits. However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

## The Claims Should Be Disallowed and Expunged

5.       Mr. Fetouh has failed to demonstrate the validity of his Claims and, thus, the Claims should be disallowed and expunged. *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)**     **The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.       In the Responses, Mr. Fetouh has not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide him, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis. The Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits. Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan. 29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.       In addressing claims similar to Mr. Fetouh's Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from

vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.    Thus, Mr. Fetouh bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Fetouh has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.    In the Responses, Mr. Fetouh has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Fetouh has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Fetouh.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)    Ongoing Benefits Have Been Assumed by New GM**

10.    On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Fetouh has not provided any credible factual or legal basis to suggest otherwise.

### The Responses: Claim Nos. 23024 and 23308: Mohamed A. Fetouh

11.      On February 15, 2011, informal responses were received by attorneys to

the Debtors from Mohamed A. Fetouh stating opposition to the relief sought in the Omnibus

Objections with respect to the Claims (*See* Proof of Claim No. 23024 at **Exhibit 1** hereto, Proof

of Claim No. 23308 at **Exhibit 2** hereto, and the Responses at **Exhibit 3** hereto).

12.      In the Responses, Mr. Fetouh objects to the treatment afforded to former

employees of the Debtors as part of the Debtors' liquidation, and notes the substantial

expenditure he would incur to cover the expected costs of similar welfare benefits.

13.      The Responses provide no additional support for the Claims.  The GUC

Trust is not aware of any documentation or facts supporting the Claims.  For the reasons set out

above, the Debtors respectfully submit that the Responses should be overruled, and the Claims

should be disallowed and expunged.

### Conclusion

14.      Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been

established by Mr. Fetouh; and (iii) New GM assumed the Welfare Benefit Plans as modified,

the Debtors and the GUC Trust have no liability for Mr. Fetouh's Claims.  The GUC Trust

reiterates that the Responses have not provided any legal or factual support for the Claims and

cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims

should be disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth above and in the Omnibus Objections,

the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objections and such other and further relief as is just.

Dated: New York, New York
        May 21, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**Annex A**

| 171st and 177th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | | |
|---|---|---|---|---|---|
| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 23024 | Informal | Fetouh, Mohamed A. | $86,675.00 (U) | Mr. Fetouh objects to the treatment afforded to former employees of the Debtors as part of their liquidation, and notes the amounts he would incur to cover the expected cost of similar welfare benefits. |
| 2. | 22308 | Informal | Fetouh, Mohamed A. | $142,697.00 (U) | See Proof of Claim 23024 above. |

**<u>Exhibit 1</u>**

01076009

APS0542052782



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |

**Name of Debtor** (Check Only One)

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5 ) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*



**Name of Creditor** (the person or other entity to whom the debtor owes money or property)   FETOUH MOHAMED A

**Name and address where notices should be sent**

FETOUH MOHAMED A
4864 SEASONS
TROY MI 48098-6621

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

Filed on _____

Telephone number  248-641-1928
Email Address  mfetouh @sbcglobal.net

**Name and address where payment should be sent** (if different from above)

FILED - 23024
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**   $ 86,675.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim**   value of cancelled basic life insurance
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor**   6040

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____   Amount Unsecured $_____

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**

If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  *(See instruction 7 and definition of "redacted" on reverse side )*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

Date 11/10/09
11/10/09

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

**Modified B10 (GCG) (12/08)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc , are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP, INC , ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O BOX 9386, DUBLIN, OH 43017-4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP, INC , ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**
**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M   (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1   Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2   Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3   Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4   Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5   Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority
For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6   Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7   Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be
paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

## INFORMATION

| Coverage | Self + Spouse/ Domestic Partner | Before Tax | $0 00 |
| | | After Tax | $2 00 |
| Enrolled Dependents, | Samira M Fetouh | | |

**Insurance Benefits**

| **Basic Life Insurance** | **Basic Life Insurance - Salaried** | | **$0.00** |
| Coverage | **2 X Annual Base Salary** | Before Tax | $0 00 |
| Volume | **$96,675.00** | After Tax | $0 00 |
| **Personal Accident Insurance - Employee** | **Personal Accident Insurance - Employee** | | **$7.50** |
| Coverage | **$500,000** | Before Tax | $0 00 |
| Volume | **$500,000.00** | After Tax | $7 50 |
| **Personal Accident Insurance - Spouse** | **Personal Accident Insurance - Spouse** | | **$3.75** |
| Coverage | **$250,000** | Before Tax | $0 00 |
| Volume | **$250,000.00** | After Tax | $3 75 |

**Totals**

| | | |
| --- | --- | --- |
| **Before Tax Total:** | **$0.00** |
| **After Tax Total:** | **$163.25** |
| **Calendar Monthly Total:** | **$163.25** |

### Important Legal and Administrative Information

**IMPORTANT NOTICE to Allison Transmission, Inc. employees:** When the sale of **Allison Transmission, Inc.** was completed, you automatically became a participant in **Allison Transmission, Inc.** sponsored benefit plans and no longer participate in GM sponsored benefits plans  Due to administrative complexities, during a transition period currently anticipated to end by December 31, 2008, certain of your benefits information, including Annual Enrollment materials, may continue to reference GM sponsored benefit plans and/or will contain a GM logo  **However notwithstanding such references or logos, as a participant in Allison Transmission, Inc. sponsored benefits plans, all Allison Transmission, Inc. terms and conditions apply.** No such reference gives any **Allison Transmission, Inc.** employee rights to any GM-sponsored benefits after the sale nor establishes an employment relationship with GM

**Terms and Conditions**
By enrolling in one or more of the plans, you agree to the following terms and conditions

You understand that General Motors will enroll you for the health care options you have selected for which you are eligible, and which you have not waived or canceled, with the appropriate carrier(s) as determined by General Motors.

If you enroll in life insurance after you are first eligible or elect to increase your coverage, you understand that you may be required to provide proof of good health  You understand that you must be actively at work in order for coverage to go into effect  If the effective date is not a regularly scheduled work day, the life insurance will become effective on such date, provided you were actively at work on the last regularly scheduled work day prior to the effective date  If you are not actively at work on the effective date of coverage, you understand your effective date of coverage will be postponed until you return to work. Under current Plan terms, Optional Life, Dependent Life, and Personal Accident Insurance generally remain in effect as long as (i) you are eligible for Basic Life Insurance (see the Summary Plan Description for exceptions), (ii) the Group Policy remains in effect, (iii) the required contributions are made, and (iv) for Dependent Life and/or Personal Accident

## Your New Benefits

Print This Page | Close

**2008 Benefits**

Below is a summary of your **new benefits** for this event  **2008 Enrollment** This summary will serve as your confirmation if you do not want to make any changes.

| Your Health & Insurance Benefits | | Calendar Monthly Cost |
|---|---|---|
| **Health Benefits** | | |

| Medical· | **Enhanced PPO (BCBS-US-RS)** | **$121.00** |
|---|---|---|
| Coverage: | **Self + Spouse/ Domestic Partner** | Before Tax· $0 00 |
| | | After Tax  $121 00 |
| Enrolled Dependents | **Samira M Fetouh** | |

- The carrier for this plan is Blue Cross and Blue Shield  Prescription Drug coverage administered by Medco for Enhanced PPO  Contact Medco for any prescription drug coverage questions at www medco com or 1-800-464-4679
- Your physician, hospital, and/or skilled nursing facility obtains precertifcation. Precertification is not a guarantee of benefit payment  To be covered, the service must meet all terms and conditions of the Program

| **Health Savings Account:** | **No Health Savings Account with Bank of America** | **$0.00** |
|---|---|---|
| | | Before Tax  $0 00 |
| | | After Tax  $0 00 |

- To take advantage of the Health Savings Account you must enroll in either Health Savings Account PPO - BCBS or Health Savings Account PPO - CIGNA/HAP  If you are on Medicare you are not eligible to contribute to a Health Savings Account

| **Extended Care Coverage (ECC)** | **Extended Care Coverage** | **$14.00** |
|---|---|---|
| Coverage | **Self + Spouse/ Domestic Partner** | Before Tax  $0.00 |
| | | After Tax: $14 00 |
| Enrolled Dependents | **Samira M Fetouh** | |

- If you elect No Coverage - ECC, you are permanently excluded from future re-enrollment unless you waive medical coverage to be covered as a dependent of another GM Salaried employee or retiree who has ECC

| **Dental** | **Traditional Delta Dental (RS)** | **$15.00** |
|---|---|---|
| Coverage. | **Self + Spouse/ Domestic Partner** | Before Tax  $0 00 |
| | | After Tax  $15 00 |
| Enrolled Dependents | **Samira M Fetouh** | |

| **Vision.** | **Cole Managed Vision (S)** | **$2.00** |
|---|---|---|

APS28609002
01076009

**BALLOT #5649**

PLEASE COMPLETE THE FOLLOWING

ITEM 1    **Amount of General Unsecured Claim.**  For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below

| | |
|---|---|
| Claim Amount | $86,675 00 |
| Debtor | MOTORS LIQUIDATION COMPANY |

ITEM 2    **Vote on the Plan.**  The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to

Check one box          ☒    Accept the Plan          U2-15-11 A10.38 IN

                       ☐    Reject the Plan

ITEM 3    **Acknowledgement and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto  The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein

Print or Type Name of Claimant          _MOHAMED A. FETOUH_

Social Security or Federal Tax I D No of Claimant    _371 - 66 - 6040_

Signature          _____

Name of Signatory (if different than claimant)    _____

If by Authorized Agent, Title of Agent    _____

Street Address          _4864 SEASONS DR_

City, State, and Zip Code          _TROY, MI 48098_

Telephone Number          _248-641-1928_

E-mail Address          _MFETOUH@SBCGLOBAL.NET_

Date Completed          _2 - 2 - 2011_

(stamp: THE GARDEN CITY GROUP, INC   FEB 15 2011)

*Please check underline one or both of the below boxes, if the above address is a change of address for the purpose(s) of*

☐ future notice mailings, **AND/OR** ☐ distributions

5

924 / Z 4



APS2080856902
01076009

FEIOUH  MOHAMED A
4864 SEASONS
TROY  MI  48098-6621



Mr. Mohamed Fetouh
4864 Seasons
Troy, MI 48098-6621

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO  18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH  43017-9957



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**Exhibit 2**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☒Motors Liquidation Company (f/k/a General Motors Corporation)  — Case No 09-50026 (REG)
☐MLCS, LLC (f/k/a Saturn, LLC)  — 09-50027 (REG)
☐MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  — 09-50028 (REG)
☐MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )  — 09-13558 (REG)

**Your Claim is Scheduled As Follows.**


THE GARDEN CITY GROUP, INC.
NOV 1 2 2009
THE GARDEN CITY GROUP, INC.
NOV 1 2 2009

NOTE *This form should not be used to make a claim for an administrative expense arising* **after the commencement of the case** *but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)  MOHAMED FETOUH

**Name and address where notices should be sent**

MOHAMED FETOUH
4864 SEASONS
TROY MI 48098-6621

Telephone number **248-641-1928**
Email Address **MFETOUH@SBCGLOBAL.NET**

**Name and address where payment should be sent** (if different from above)

FILED - 23308
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED  UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009**  $ **142,697.00**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2 Basis for Claim** **Value of diminished health insurance**
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor** ___**6040**___

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

**Value of Property** $ _____  **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $ _____

**Basis for perfection** _____

**Amount of Secured Claim** $ _____  **Amount Unsecured** $ _____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  *(See instruction 7 and definition of  redacted  on reverse side )*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease, or rental of property or services for personal  family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| Date **11/10/09** | **Signature** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any | FOR COURT USE ONLY |
|---|---|---|
| **11/10/09** | *(signature)* | |

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

**Modified B10 (GCG) (12/08)**

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc , are not authorized and are not providing you with any legal advice*

## A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP, INC , ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O BOX 9386, DUBLIN, OH 43017-4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP, INC , ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DLLIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**

## THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below ) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below ) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc | |
| (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) Claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's

## INFORMATION

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et'seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions about this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

### Health Care Loss calculations as of 1/1/09

**Employee: Mohamed A Fetouh, birth date 1/21/1944**

**Spouse dependent: Samira M Fetouh, birth date 9/3/1953**

**Mohamed A. Fetouh:**

Amount of loss                    $31,787

**Samira M.  Fetouh:**

Amount of loss                    $110,910

Total Lifetime Loss               $142,697

Calculations were based on data provided by GMR, Nov  09







see page 2
for age 65

SSA Actuarial Table Data
http://www.ssa.gov/OACT/STATS/table4c6.html

| Exact Age as of Jan 1, 2009 | Life Expectancy Male | Total | Life Expectancy Female | Total |
|---|---|---|---|---|
| 45 | 32 81 | $51,539 | 36.79 | $59,101 |
| 46 | 31.93 | $50,407 | 35 87 | $57,893 |
| 47 | 31 06 | $49,294 | 34 96 | $56,704 |
| 48 | 30.2 | $48,200 | 34 05 | $55,515 |
| 49 | 29 34 | $47,106 | 33 14 | $54,326 |
| 50 | 28 49 | $46,031 | 32 24 | $53,156 |
| 51 | 27 65 | $44,975 | 31 35 | $52,005 |
| 52 | 26 83 | $43,957 | 30 46 | $50,854 |
| 53 | 26 | $42,920 | 29 57 | $49,703 |
| 54 | 25.19 | $41,921 | 28 69 | $48,571 |
| 55 | 24 37 | $40,903 | 27 82 | $47,458 |
| 56 | 23.57 | $39,923 | 26 94 | $46,326 |
| 57 | 22 77 | $38,943 | 26 08 | $45,232 |
| 58 | 21 97 | $37,963 | 25 22 | $44,138 |
| 59 | 21 19 | $37,021 | 24 37 | $43,063 |

page 1 of 2



| Age | Life Expectancy Male | Total | Life Expectancy Female | Total |
|---|---|---|---|---|
| 60 | 20.42 | $36,098 | 23.53 | $42,007 |
| 61 | 19.66 | $35,194 | 22.71 | $40,970 |
| 62 | 18.91 | $34,309 | 21.88 | $39,952 |
| 63 | 18.17 | $33,443 | 21.08 | $38,972 |
| 64 | 17.44 | $32,596 | 20.28 | $37,992 |
| 65 | 16.73 | $31,787 | 19.49 | $37,031 |
| 66 | 16.02 | $30,438 | 18.7 | $35,530 |
| 67 | 15.32 | $29,108 | 17.93 | $34,067 |
| 68 | 14.63 | $27,797 | 17.17 | $32,623 |
| 69 | 13.96 | $26,524 | 16.42 | $31,198 |
| 70 | 13.31 | $25,270 | 15.69 | $29,811 |
| 71 | 12.66 | $24,054 | 14.97 | $28,443 |
| 72 | 12.04 | $22,876 | 14.27 | $27,113 |
| 73 | 11.43 | $21,717 | 13.58 | $25,802 |
| 74 | 10.84 | $20,596 | 12.91 | $24,510 |
| 75 | 10.26 | $19,494 | 12.24 | $23,256 |
| 76 | 9.71 | $18,430 | 11.59 | $22,021 |
| 77 | 9.15 | $17,385 | 10.96 | $20,824 |
| 78 | 8.63 | $16,397 | 10.34 | $19,646 |
| 79 | 8.11 | $15,409 | 9.74 | $18,506 |
| 80 | 7.62 | $14,478 | 9.16 | $17,404 |
| 81 | 7.14 | $13,566 | 8.59 | $16,321 |
| 82 | 6.68 | $12,692 | 8.04 | $15,276 |

| Exact Age as of Jan 1 2009 | Life Expectancy Male | Total | Life Expectancy Female | Total |
|---|---|---|---|---|
| 83 | 6.24 | $11,856 | 7.52 | $14,288 |
| 84 | 5.82 | $11,058 | 7.02 | $13,338 |
| 85 | 5.41 | $10,279 | 6.54 | $12,426 |
| 86 | 5.03 | $9,557 | 6.08 | $11,552 |
| 87 | 4.67 | $8,873 | 5.65 | $10,735 |
| 88 | 4.34 | $8,246 | 5.25 | $9,975 |
| 89 | 4.02 | $7,638 | 4.87 | $9,253 |
| 90 | 3.72 | $7,068 | 4.52 | $8,588 |
| 91 | 3.45 | $6,555 | 4.19 | $7,961 |
| 92 | 3.2 | $6,080 | 3.89 | $7,391 |
| 93 | 2.97 | $5,643 | 3.61 | $6,859 |
| 94 | 2.77 | $5,263 | 3.36 | $6,384 |
| 95 | 2.59 | $4,921 | 3.13 | $5,947 |
| 96 | 2.43 | $4,617 | 2.93 | $5,567 |
| 97 | 2.29 | $4,351 | 2.75 | $5,225 |
| 98 | 2.16 | $4,104 | 2.58 | $4,902 |

used Cal.
myself
Mehrang
Female

page 2 of 2



## Spouse/Dependent Health Care Insurance Calculations



SS Actuarial Table
http://www.ssa.gov/OACT/STATS/table4c6.html

| Exact Age as of Jan 1, 2009 | Male Life Expectancy | Total | Female Life Expectancy | Total |
|---|---|---|---|---|
| 45 | 32.81 | $97,655 | 36.79 | $119,545 |
| 46 | 31.93 | $96,955 | 35.87 | $118,625 |
| 47 | 31.06 | $96,310 | 34.96 | $117,760 |
| 48 | 30.2 | $95,720 | 34.05 | $116,895 |
| 49 | 29.34 | $95,130 | 33.14 | $116,030 |
| 50 | 28.49 | $94,595 | 32.24 | $115,220 |
| 51 | 27.65 | $94,115 | 31.35 | $114,465 |
| 52 | 26.83 | $93,745 | 30.46 | $113,710 |
| 53 | 26 | $93,320 | 29.57 | $112,955 |
| 54 | 25.19 | $93,005 | 28.69 | $112,255 |
| 55 | 24.37 | $92,635 | 27.82 | $111,610 |
| 56 | 23.57 | $92,375 | 26.94 | $110,910 |
| 57 | 22.77 | $92,115 | 26.08 | $110,320 |
| 58 | 21.97 | $91,855 | 25.22 | $109,730 |
| 59 | 21.19 | $91,705 | 24.37 | $109,195 |
| 60 | 20.42 | $91,610 | 23.53 | $108,715 |
| 61 | 19.66 | $91,570 | 22.7 | $108,290 |
| 62 | 18.91 | $91,585 | 21.88 | $107,920 |
| 63 | 18.17 | $91,655 | 21.08 | $107,660 |
| 64 | 17.44 | $91,780 | 20.28 | $107,400 |
| 65 | 16.73 | $92,015 | 19.49 | $107,195 |
| 66 | 16.02 | $88,110 | 18.7 | $102,850 |
| 67 | 15.32 | $84,260 | 17.93 | $98,615 |
| 68 | 14.63 | $80,465 | 17.17 | $94,435 |

calculation for my wife Samira Fetouh ←

page 1 of 1



APS286092003
02482349

**BALLOT #5650**

PLEASE COMPLETE THE FOLLOWING

ITEM 1 **Amount of General Unsecured Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below

| Claim Amount | $142,697 00 |
|---|---|
| Debtor | MOTORS LIQUIDATION COMPANY |

ITEM 2 **Vote on the Plan.** The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to

Check one box    ☒ Accept the Plan

02-15-11  A10 37 IN

☐ Reject the Plan

ITEM 3 **Acknowledgement and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein

Print or Type Name of Claimant    *MOHAMED A. FETOUH*

Social Security or Federal Tax I D No of Claimant    371 - 66 - 6040

Signature    _____

Name of Signatory (if different than claimant)    _____

If by Authorized Agent, Title of Agent    _____

Street Address    *4864 SEASONS DR.*

City, State, and Zip Code    *TROY, MI 48098*

Telephone Number    *248-641-1928*

E-mail Address    *MFETOUH @SBCGLOBAL.NET*

Date Completed    *2 - 2 - 2011*

THE GARDEN CITY GROUP INC    FEB 1 5 2011

*Please check underline(one or both) of the below boxes, if the above address is a change of address for the purpose(s) of*

☐ future notice mailings; **AND/OR**    ☐ distributions

5

925 / Z 4





APS2080926063
02482349

MOHAMED FETOUH
4864 SEASONS
TROY MI 48098-6621



Mr. Mohamed Fetouh
4864 Seasons
Troy, MI  48098-6621

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO. 18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH  43017-9957



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**Exhibit 3**

US_ACTIVE:\43997622\01\72240.0639

February 14, 2011

Mohamed A Fetouh
4864 Seasons Dr
Troy, MI 48098

Phone:   248-641-1928
e-mail: mfetouh@sbcglobal.net

Retired salaried employee of General Motors, with unsecured claim for **health insurance** benefits,
**Claim No. 23308, Exhibit A, pgs 1-5, Debtor's 177th Omnibus Objection to Claims.**

**REFERNCE:**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                    :     **Chapter 11 Case No.**
                                                         :
**MOTORS LIQUIDATION COMPANY, et al.,**  :          **09-50026 (REG)**
        **f/k/a General Motors Corp., et al.**   :
                                                         :     **(Jointly Administered)**
                        **Debtors.**                     :
-------------------------------------------------------------x

This letter is in response to the **NOTICE OF DEBTORS' 177TH OMNIBUS OBJECTION TO CLAIMS**, dated January 26, 2011.

I object to this attempt by Motors Liquidation Co. and General Motors to avoid paying any money to retirees who had been promised health insurance benefits in retirement. Their request to deny all these claims is unjust and inequitable. As my claim, dated 11/10/2009, indicates that my wife and I will have to pay out over $142,697 cash during our expected lifetimes to maintain the same level of health insurance that we had been promised by General Motors. I respectfully ask the Court to order that my claim and others be honored by Motors Liquidation Co. and General Motors.

Sincerely,

Mohamed A Fetouh

February 14, 2011

Mohamed A Fetouh
4864 Seasons Dr
Troy, MI 48098

Phone:   248-641-1928
e-mail: mfetouh@sbcglobal.net

Retired salaried employee of General Motors, with unsecured claim for **life insurance** benefits,
**Claim No. 23024, Exhibit A, pgs 1-5, Debtor's 171st Omnibus Objection to Claims.**


**REFERNCE:**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                           :          **Chapter 11 Case No.**
                                                                :
**MOTORS LIQUIDATION COMPANY, et al.,**   :              **09-50026 (REG)**
        **f/k/a General Motors Corp., et al.**   :
                                                                :          **(Jointly Administered)**
                **Debtors.**                           :
-----------------------------------------------------------------x


This letter is in response to the **NOTICE OF DEBTORS' 171st OMNIBUS OBJECTION TO**
**CLAIMS, dated January 26, 2011.**

I object to this attempt by Motors Liquidation Co. and General Motors to avoid paying any
money to retirees who had been promised life insurance benefits in retirement. Their request to
deny all these claims is unjust and inequitable. As my claim, dated 11/10/2009, indicates that
Motors Liquidation Co. and General Motors have cancelled my basic life insurance benefit that
was valued at $86,675 and left me without coverage. Their cancellation of this life insurance
benefit makes it difficult for me at my age of 67 years old to obtain the same level of insurance
that I had been promised by General Motors. I respectfully ask the Court to order that my claim
and others be honored by Motors Liquidation Co. and General Motors.


Sincerely,

Mohamed A Fetouh