**HEARING DATE AND TIME:  May 31, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                    :
In re                               :      Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :      09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                    :
                Debtors.            :      (Jointly Administered)
                                    :
-------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC**
**TRUST'S REPLY TO RESPONSE OF GERALD S. KASPZYK**
**TO THE 171ST AND 177TH OMNIBUS OBJECTIONS TO CLAIMS**
**(WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................... ii

Preliminary Statement........................................................................................................ 1

The Claims Should Be Disallowed and Expunged .......................................................... 3

    (A)    The Claims Should Be Disallowed  As Debtors Had Right to Amend or
              Terminate Each Welfare Benefit Plan ................................................................. 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................................... 4

The Response: Claim Nos. 14302, 21514 and 21515:  Gerald S. Kaspzyk................................... 5

Conclusion .......................................................................................................................... 6

## Table of Authorities

**Page(s)**

CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
514 U.S. 73 (1995)..................................................................................................................4

*In re Oneida, Ltd.*,
400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
234827 (S.D.N.Y. Jan. 22, 2010).............................................................................................3

*Moore v. Metro. Life Ins. Co.*,
856 F.2d 488 (2d Cir. 1988)....................................................................................................3

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ...................................................................................................3

STATUTES

29 U.S.C. § 1051(1) .......................................................................................................................3

Employee Retirement Income Security Act of 1974 .....................................................................3

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

           The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the Response (defined below) interposed by Gerald S. Kaspzyk to the 171st Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8853) (the "**171st Omnibus Objection**") and the 177th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8859) (the "**177th Omnibus Objection**," and together with the 171st Omnibus Objection, the "**Omnibus Objections**"), and respectfully represents:

## Preliminary Statement

           1.      On January 26, 2011, the Debtors filed the Omnibus Objections. The Omnibus Objections seek the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

---

[1]      The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objections, are not the responsibility of the Debtors or the GUC Trust and therefore should be

disallowed and expunged from the claims register.

2.      Responses to the Omnibus Objections were due by February 22, 2011.

The response listed on **Annex "A"** hereto and described further herein was filed with respect to

the Omnibus Objections (the "**Response**") by Gerald S. Kaspzyk relating to his individual claims

(the "**Claims**").

3.      The Response is generally not substantive, but is critical of the reduction

or termination of welfare benefits provided to retired and former salaried and executive

employees of the Debtors.  After reviewing the Response, the GUC Trust[3] respectfully reiterates

the Debtors' position in the Omnibus Objections, and submits that Mr. Kaspzyk has failed to

provide any legal or factual support for the Claims.  Notwithstanding Mr. Kaspzyk's opposition,

the Response should be dismissed because (i) the Debtors had a right to amend or terminate the

employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental,

vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the

Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM

otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues

to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently

the Debtors and the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust

files this Reply in support of the Omnibus Objections and respectfully requests that the Claims

be disallowed and expunged from the claims register.

---

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

4.      The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Kaspzyk's welfare benefits. However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

## The Claims Should Be Disallowed and Expunged

5.      Mr. Kaspzyk has failed to demonstrate the validity of his Claims and, thus, the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)      The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.      In the Response, Mr. Kaspzyk has not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide him, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.      In addressing claims similar to Mr. Kaspzyk's Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from

vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.      Thus, Mr. Kaspzyk bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Kaspzyk has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.      In the Response, Mr. Kaspzyk has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Kaspzyk has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Kaspzyk. Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)**      **Ongoing Benefits Have Been Assumed by New GM**

10.      On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Kaspzyk has not provided any credible factual or legal basis to suggest otherwise.

### The Response: Claim Nos. 14302, 21514, and 21515: Gerald S. Kaspzyk

11.     On February 22, 2011, a response (ECF No. 9434) was filed on behalf of

Gerald S. Kaspzyk stating opposition to the relief sought in the Omnibus Objections with respect

to the Claims (*See* Proof of Claim No. 14302 at **Exhibit 1** hereto, Proof of Claim No. 21514 at

**Exhibit 2** hereto, Proof of Claim No. 21515 at **Exhibit 3** hereto, and the Response at **Exhibit 4**

hereto).

12.     In the Response, Mr. Kaspzyk notes that he was an employee of General

Motors Corporation for 38 years, gives details of his welfare benefits package, and explains the

methodology for calculating his claim amounts.  Mr. Kaspzyk asserts in the Response that the

settlement reached with employees represented by the United Auto Workers ("**UAW**") union

results in different treatment of similarly situated former employees and retirees of the Debtors.

As a result, Mr. Kaspzyk notes that he should be compensated for the loss of his welfare benefits.

13.     Contrary to Mr. Kaspzyk's assertion, neither ERISA nor any other

applicable law requires employees of the same employer to be treated the same for purposes of

providing welfare benefits, such as medical and insurance benefits coverage, as provided by the

Welfare Benefit Plans.  Moreover, the Response refers to the fact that employees of New GM

represented by the UAW union currently receive a different benefits package to former

employees of the Debtors.  New GM is a different entity and a different employer to the Debtors,

and the GUC Trust cannot influence New GM's employee benefits policy.

14.     The Response provides no additional support for the Claims.  The GUC Trust is not aware of any documentation or facts supporting the Claims.  For the reasons set out above, the Debtors respectfully submit that the Response should be overruled, and the Claims should be disallowed and expunged.

## Conclusion

15.     Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been established by Mr. Kaspzyk; and (iii) New GM assumed the Welfare Benefit Plans as modified, the Debtors and the GUC Trust have no liability for Mr. Kaspzyk's Claims.  The GUC Trust reiterates that the Response has not provided any legal or factual support for the Claims, and the Claims cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims should be disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth above and in the Omnibus Objections, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objections and such other and further relief as is just.

Dated:  New York, New York
        May 21, 2012

                            /s/ Joseph H. Smolinsky
                            Harvey R. Miller
                            Stephen Karotkin
                            Joseph H. Smolinsky
                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Motors Liquidation
                            Company GUC Trust

**Annex A**

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|-----|-----|-----|-----|-----|-----|
| \multicolumn | | | | | |

| 171st and 177th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | | |
|-----|-----|-----|-----|-----|-----|
| **No.** | **Proof of Claim No.** | **Response Docket No.** | **Name** | **Total Claimed** | **Summary** |
| 1. | 14302 | 9434 | Kaspzyk, Gerald S. | $90,213.17 (U) | Mr. Kaspzyk's response notes that he was an employee of General Motors Corporation for 38 years, and gives details of his welfare benefits package, and also explains how he arrived at his claim amount.  Mr. Kaspzyk asserts that the settlement reached with employees represented by the United Auto Workers union results in different treatment of similarly situated employees. As a result, Mr. Kaspzyk notes that he should be compensated for his loss of welfare benefits. |
| 2. | 21514 | 9434 | Kaspzyk, Gerald S. | $67,317.00 (U) | Please see Proof of Claim No. 14302 above. |
| 3. | 21515 | 9434 | Kaspzyk, Gerald S. | $69,134.36 (U) | Please see Proof of Claim No. 14302 above. |

**Exhibit 1**

02528877

APS0659354106

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**
- ☑ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc)

Case No
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (See Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) KASPZYK GERALD S

Name and address where notices should be sent

KASPZYK GERALD S
1772 KILBURN RD N
ROCHESTER HILLS MI 48306-3034

Telephone number **248-651-2711**
Email Address **GKASPZYK@YAHOO.COM**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(*If known*)

Filed on _____

THE GARDEN CITY GROUP, INC
OCT 21 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors is shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**Name and address where payment should be sent** (if different from above)

FILED - 14302
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $ **90,213.17**

If all or part of your claim is secured, complete item 4 below however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** EMPLOYEE CONTINUING LIFE INSURANCE AT RETIREMENT FREE
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor**

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe

Value of Property $ _____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection _____

Amount of Secured Claim $ _____ Amount Unsecured $ _____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of redacted on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
- ☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
- ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
- ☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
- ☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
- ☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))
- ☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date**
**10-15-09**

**Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

*Gerald S. Kasprzyk* (signature)

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law  In certain circumstances  such as bankruptcy cases not filed voluntarily by the debtor  there may be exceptions to these general rules  The attorneys for the Debtors and their court-appointed claims agent  The Garden City Group  Inc  are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS  IF BY MAIL  THE GARDEN CITY GROUP, INC  ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O  BOX 9386  DUBLIN, OH 43017-4286  IF BY HAND OR OVERNIGHT COURIER  THE GARDEN CITY GROUP INC  ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING  5151 BLAZER PARKWAY, SUITE A  DUBLIN, OH 43017  PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO  THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN  ROOM 534, NEW YORK, NEW YORK 10004  ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M  (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These Chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on  June 1, 2009  You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold  money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor  trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name  a transferred claim  or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured  (See DEFINITIONS, below )  State the type and value of property that secures the claim  attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C  § 507(a)**
If any portion of your claim falls in one or more of the listed categories  check the appropriate box(es) and state the amount entitled to priority  (See DEFINITIONS below )  A claim may be partly priority and partly non-priority  For example  in some of the categories  the law limits the amount entitled to priority
For claims pursuant to 11 U S C  § 503(b)(9), indicate the amount of your claim arising from the value of goods received by the debtor within 20 days before June 1  2009, the date of commencement of these cases (See DEFINITIONS below)  Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim  the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You must also attach copies of documents that evidence perfection of any security interest  You may also attach a summary  FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services  see instruction 2  Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it  FRBP 9011  If the claim is filed electronically  FRBP 5005(a)(2)  authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title  if any, of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person  corporation  or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc | |
| (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C  § 101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the creditor on the date of the bankruptcy filing  The creditor must file the form with The Garden City Group Inc  as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C  § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states  a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C  § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked  edited out or otherwise deleted, certain information  A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

## INFORMATION

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement  or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C  § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claim@motorsliquidation.com

**<u>Exhibit 2</u>**

01071724

. AP90541630929





| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) KASPZYK, GERALD S

**Name and address where notices should be sent**

KASPZYK  GERALD S
1772 KILBURN RD N
ROCHESTER HILLS  MI 48306-3034

Telephone number  *248-651-2711*
Email Address  *GKASPZYK@YAHOO.COM*

**Name and address where payment should be sent** (if different from above)

FILED - 21514
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number·

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.
NOV 9 2009

**Your Claim is Scheduled As Follows**

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions  you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**   $ *67,317.00*

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim** *RETIREE EMPLOYEE HEALTH CARE LOSSES*
(See instruction #2 on reverse side)

**3  Last four digits of any number by which creditor identifies debtor**   *7389*

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side)

**4  Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

**Value of Property** $_____  **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $_____

**Basis for perfection** _____

**Amount of Secured Claim** $_____   **Amount Unsecured** $_____

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  *(See instruction 7 and definition of  redacted  on reverse side )*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any  portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$_____

**Date** *11-5-09*

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*Gerald J Kaspyk*

| FOR COURT USE ONLY |
|---|

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571*
**Modified B10 (GCG) (12/08)**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules  The attorneys for the Debtors and their court-appointed claims agent  The Garden City Group, Inc  are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS  IF BY MAIL  THE GARDEN CITY GROUP, INC , ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O  BOX 9386, DUBLIN, OH 43017-4286  IF BY HAND OR OVERNIGHT COURIER  THE GARDEN CITY GROUP, INC , ATTN  MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017  PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO  THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004  ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M  (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on  June 1, 2009  You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note and credit card  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured  (See DEFINITIONS, below )  State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C  § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority  (See DEFINITIONS, below )  A claim may be partly priority and partly non-priority  For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C  § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below)  Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You must also attach copies of documents that evidence perfection of any security interest  You may also attach a summary  FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services, see instruction 2  Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it  FRBP 9011  If the claim is filed electronically  FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title, if any of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

---

### _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation  or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem  Inc | |
| (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation  or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C  §101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing  The creditor must file the form with The Garden City Group  Inc  as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C  § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states, a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C  § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted  certain information  A creditor should redact and use only the last four digits of any social-security, individual's

### _____ INFORMATION _____

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group  Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C  § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

### Health Care Benefit Losses

#### Gerald Stanley Kaspzyk (GM retiree )

     Date of Birth: 3-31-43

| | |
|---|---|
| Annual post-65 benefit loss beginning 2010 * | $ 1900 00 |
| Number of years between 65 and full life expectancy | X  16.73 |
| Amount of loss after age 65 | $ 31,787.00 |

#### Kathryn Anne Kaspzyk (wife of GM retiree)

     Date of Birth: 7-9-42

| | |
|---|---|
| Annual post-65 benefit loss beginning 2010 | $ 1900.00 |
| Number of years between65 and full life expectancy | X  18.7 |
| Amount of loss after age 66 | $ 35,530.00 |

*Based on information provided by General Motors Company for retiree's 65 and older, the average cost of health care for   Medical, Prescription, Dental, Vision and Extended Care Coverage to the company under the salaried cap implemented in 2006/7 was $ 5500 minus the $ 3600 annual Level Benefit through life expectancy, or $ 1900.

**<u>Exhibit 3</u>**

01071724
APS0541630929

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 13558 (REG) |

**Your Claim is Scheduled As Follows:**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  KASPZYK GERALD S

Name and address where notices should be sent

KASPZYK GERALD S
1772 KILBURN RD N
ROCHESTER HILLS  MI 48306-3034

☒ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _____

Telephone number  *248-651-2711*
Email Address  *GHASPZYK@YAHOO.COM*

(THE GARDEN CITY GROUP INC  NOV 9 2009 stamp)

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree, with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDAILD or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

Name and address where payment should be sent (if different from above)

**FILED - 21515
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

---

**1   Amount of Claim as of Date Case Filed, June 1, 2009**   $ *69,194.36*

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2   Basis for Claim** *EMPLOYEE CONTINUING LIFE INSURANCE AT RETIREMENT*
(See instruction #2 on reverse side )

**3   Last four digits of any number by which creditor identifies debtor** *7384*

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4   Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff    ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment    ☐ Other
Describe

Value of Property  $_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection

Amount of Secured Claim  $_____    Amount Unsecured  $_____

**5   Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐  Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐  Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)

☐  Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐  Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐  Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐  Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐  Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

---

**6   Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7   Documents**  Attach redacted copies of any documents that support the claim  such as promissory notes  purchase orders, invoices, itemized statements or running accounts  contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**FOR COURT USE ONLY**

---

**Date** *11-5-09*

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*(signature) Gerald S Kaspzyk*

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group, Inc are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP INC ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING P O BOX 9386 DUBLIN OH 43017-4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING 5151 BLAZER PARKWAY SUITE A DUBLIN OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M  (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1 2009 You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned services performed personal injury/wrongful death car loan mortgage note and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor s account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor s name, a transferred claim or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C §507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories the law limits the amount entitled to priority

For claims pursuant to 11 U S C §503(b)(9) indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1 2009, the date of commencement of these cases (See DEFINITIONS below) Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer s address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

### DEFINITIONS

**Debtor**
A debtor is the person corporation or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc | |
| (f/k/a Chevrolet-Saturn of Harlem Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person corporation or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor s right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C §101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C §506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information A creditor should redact and use only the last four digits of any social-security individual s

### INFORMATION

tax-identification or financial-account number all but the initials of a minor s name and only the year of any person s date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien certificate of title financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group Inc please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e) any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ) and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

### Retired Employee Life Insurance Losses

| | |
|---|---|
| Annualized Salary at time of retirement | $ 79,134.36 |
| Current amount of Company provided Life Insurance | - $ 10,000 00 |
| Value of Lost Life Insurance | $ 69,134.36 |



AUTHORIZATION OF MONTHLY BENEFITS                           SRP 117

GENERAL MOTORS RETIREMENT PROGRAM FOR SALARIED EMPLOYES

GERALD S KASPZYK                        RETIREMENT NO  R369427389
1772 KILBURN RD N                       DIVISION  GENERAL MOTORS CORP
ROCHESTER              MI 483063034     CISCO: 10001

NBD BANK                                CREDITED SERVICE
G S KASPZYK                             PART A    38-00
611 WOODWARD AT FORT                    PART B    38-00
DETROIT                MI 48232
BANK ACCOUNT NUMBER  ACCOUNT TYPE       BENEFIT CLASS CODE. D
41023155             CHCK               BASIC  BENEFIT RATE·  40.00
EFT: P                                  TEMPORARY  BENEFIT RATE·  37.40

                                        SOCIAL SECURITY NO: 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
RETIREMENT TYPE: 56                     BIRTH DATE: 03-31-1943
  WINDOW RETIREMENT AGE 53 TO 62        SALARY
RETIREMENT DATE: 10-01-1998               AVERAGE MONTHLY        6,594 53

              FACTORS        OPTION  EMPLOYE CONTRIBUTIONS
         AGE  OPTION SURVIVOR CODE    PRIOR TO 07-77:    1,809 12
          %      %      %             07-77 TO 10-79       878 92
BASIC    84 90 95.00   60 00   SS     10-79 &  LATER     9,519 17
TEMPORARY 84.90 NONE   NONE   NONE
SUPPLEMENTARY 84 90 95.00 60.00 SS    AUTHORIZED DEDUCTIONS
PRIMARY  84 90 95.00   60 00   SS       % FEDERAL INCOME TAX

***********************************************************************
THE FOLLOWING MONTHLY BENEFITS HAVE BEEN AUTHORIZED   ADDITIONAL INFORMATION
REGARDING YOUR RETIREMENT BENEFITS ARE EXPLAINED ON THE ATTACHED FORM SRP 117A

            **** AUTHORIZED BENEFITS ****
              COMMENCEMENT         AMOUNT AT      AMOUNT AT
            DATE      AMOUNT        AGE  62        AGE 65
                        $              $              $
BASIC        10-01-1998  1,214.48   1,444 00      1,444.00
TEMPORARY    10-01-1998    952.58
SUPPLEMENTARY 10-01-1998   795 19     795 19        795 19
PRIMARY      10-01-1998    757.04     757 04        757.04
·PECIAL-INS  04-01-2008                              43 80
     TOTAL              3,719.29   2,996 23      3,040.03

***********************************************************************
            **** SURVIVOR INFORMATION ****
KATHRYN A KASPZYK
SOCIAL SECURITY NO  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        BIRTH DATE: 07-09-1942
     **** SURVIVOR BENEFITS AT RETIREE COMMENCEMENT DATE ****
              AMOUNT
                $
BASIC          866.40
SUPPLEMENTARY  477.11
PRIMARY        454.23
TOTAL        1,797 74

***********************************************************************
I UNDERSTAND THIS BENEFIT AUTHORIZATION REFLECTS MY ELECTION OF THE
SURVIVING SPOUSE OPTION

I AM THE EMPLOYE HEREIN NAMED AND IDENTIFIED  I HAVE READ AND UNDERSTAND
THE DATA AND CALCULATIONS SHOWN

                                     _Gerald S Kaspzyk_      10-21-98
  APPROVED BY.                       EMPLOYE SIGNATURE          DATE

_Ray Gelson_
SIGNATURE AUTHORIZED DELEGATE          _____ DATE


                        ISSUE DATE AND TIME· 10-20-1998   12 02.07

DISTRIBUTION  ORIGINAL-MASTER RETIREMENT FILE  COPY-EMPLOYE

**<u>Exhibit 4</u>**

United States Bankruptcy Court                              February 16, 2011

Southern District of New York

One Bowling Green

New York, NY 10004

Honorable Robert E. Gerber, United States Bankruptcy Judge


In re

Motors Liquidation Company, et al.,

      f/k/a General Motors Corp., et al.         Chapter 11 Case No.

                                                 09-50026 (reg)


In regards to the Notice of Debtors' 171st Omnibus Objection to Claims dated January 26, 2011, I, Gerald
S. Kaspzyk, retired General Motors employee object to the claims of the debtors for the following
reasons:

Life Insurance

    a.  I was an employee of General Motors Corporation for 38 Years (starting on October 1, 1960
        retiring on October 1, 1998) (exhibit A).
    b.  At the time of retirement  my salary was $ 79,134.36 (exhibit A).
    c.  In my General Motors benefit package at the time of retirement I was told I would be
        provided with a life insurance at age 65. The amount of insurance in affect would be equal
        to my salary at time of retirement.
    d.  Effective August 1, 2009 the amount of Basic Life Insurance provided by General Motors in
        retirement was reduced to a Maximum of $ 10,000 (exhibit B).


Health Care Benefit Losses


Based on information recently provided by General Motors Company, the average cost of health care for
Medical, Prescription, Dental, Vision and Extended Care Coverage to the company under the salary cap
implemented in 2006/2007 was $ 5500. Beginning at 65, the loss per year, would be $5500 minus the
$3600 annual Level Benefit ($300 per month GM added to our pensions starting on January 1, 2009), or
$1900. Based on these figures I have determined that my Health Care Benefit Losses for me and my

wife, Kathryn A. Kaspzyk would be $ 67,317.00. This Loss Calculation Total figure is based on the Social Security Administration's period life table which predicts longevity based on gender and age times $ 1900.00. My date of birth is 3-31-1943 and my wife, Kathryn A. Kaspzyk, date of birth is 7-9-1942. (exhibit C).

Rationale for Requested Claims

United States Bankruptcy Courts have the right to alter all contracts of all participants going through bankruptcy. In that context they have upheld UAW agreements with regard to contracts between parties including Health Care Benefits. The UAW Health Care Benefits were maintained by letting the UAW assume all the Health Care Benefits for their employees and having it funded by GM through cash infusions and acquiring approximately 17% in the New GM stock. Therefore, since some of the parties (UAW) have not had their benefits altered by bankruptcy then salary benefits should not be adversely modified since that would be treating employees differently.

Therefore, I should receive recompense for the losses in Life Insurance and Health Care Benefits I was promised at the time of retirement and the relief requested by the Debtors should be denied.

Sincerely,

Gerald S. Kaspzyk
1772 Kilburn
Rochester Hills, MI 48306
248-651-2711

AUTHORIZATION OF MONTHLY BENEFITS
GENERAL MOTORS RETIREMENT PROGRAM FOR SALARIED EMPLOYES

GERALD S KASPZYK                                RETIREMENT NO: R369427389
1772 KILBURN RD N                               DIVISION: GENERAL MOTORS CORP.
ROCHESTER            MI 483063034               CISCO: 10001

NBD BANK                                        CREDITED SERVICE
G S KASPZYK                                       PART A:   38-00
611 WOODWARD AT FORT                              PART B:   38-00
DETROIT              MI 48232
BANK ACCOUNT NUMBER  ACCOUNT TYPE               BENEFIT CLASS CODE: D
41023155             CHCK                       BASIC  BENEFIT RATE:  40.00
EFT: P                                          TEMPORARY  BENEFIT RATE:  37.40

                                                SOCIAL SECURITY NO: XXX-XX-7389
RETIREMENT TYPE: 56                             BIRTH DATE: 03-31-1943
  WINDOW RETIREMENT AGE 53 TO 62                SALARY
RETIREMENT DATE: 10-01-1998                       AVERAGE MONTHLY  :   6,594.53

                 FACTORS         OPTION   EMPLOYE CONTRIBUTIONS
         AGE   OPTION SURVIVOR    CODE      PRIOR TO 07-77:     1,809.12
          %      %       %                  07-77 TO 10-79:       878.92
BASIC    84.90  95.00   60.00     SS        10-79 &  LATER:     9,519.17
TEMPORARY 84.90 NONE    NONE     NONE
SUPPLEMENTARY 84.90 95.00 60.00   SS      AUTHORIZED DEDUCTIONS
PRIMARY  84.90  95.00   60.00     SS        % FEDERAL INCOME TAX

*****************************************************************************
THE FOLLOWING MONTHLY BENEFITS HAVE BEEN AUTHORIZED.  ADDITIONAL INFORMATION
REGARDING YOUR RETIREMENT BENEFITS ARE EXPLAINED ON THE ATTACHED FORM SRP 117A.

              **** AUTHORIZED BENEFITS ****
              COMMENCEMENT          AMOUNT AT       AMOUNT AT
              DATE      AMOUNT       AGE 62          AGE 65
                          $             $               $
BASIC         10-01-1998  1,214.48   1,444.00        1,444.00
TEMPORARY     10-01-1998    952.58
SUPPLEMENTARY 10-01-1998    795.19     795.19          795.19
PRIMARY       10-01-1998    757.04     757.04          757.04
SPECIAL-INS   04-01-2008                                43.80
    TOTAL                 3,719.29   2,996.23        3,040.03

*****************************************************************************
              **** SURVIVOR INFORMATION ****
KATHRYN A KASPZYK
SOCIAL SECURITY NO: XXX-XX-4225              BIRTH DATE: 07-09-1942
    **** SURVIVOR BENEFITS AT RETIREE COMMENCEMENT DATE ****
                   AMOUNT
                     $
BASIC             866.40
SUPPLEMENTARY     477.11
PRIMARY           454.23
TOTAL           1,797.74

*****************************************************************************
I UNDERSTAND THIS BENEFIT AUTHORIZATION REFLECTS MY ELECTION OF THE
SURVIVING SPOUSE OPTION.

I AM THE EMPLOYE HEREIN NAMED AND IDENTIFIED.  I HAVE READ AND UNDERSTAND
THE DATA AND CALCULATIONS SHOWN.

    APPROVED BY:                    _Gerald S Kaspzyk_    10-21-98
                                    EMPLOYE SIGNATURE      DATE

_Ray Gibson_
SIGNATURE AUTHORIZED DELEGATE         DATE

              EXHIBIT  A

                        ISSUE DATE AND TIME: 10-20-1998  12:02:07

DISTRIBUTION: ORIGINAL-MASTER RETIREMENT FILE  COPY-EMPLOYE

*EXHIBIT*

## Retired Employee Life Insurance Losses

Annualized Salary at time of retirement                  $ 79,134.36

Current amount of Company provided Life Insurance        - $ 10,000.00

Value of Lost Life Insurance                             $ 69,134.36

*EXHIBIT C*

## Health Care Benefit Losses

**Gerald Stanley Kaspzyk (GM retiree )**

    Date of Birth: 3-31-43

| | |
|---|---|
| Annual post-65 benefit loss beginning 2010 * | $ 1900.00 |
| Number of years between 65 and full life expectancy | X 16.73 |
| Amount of loss after age 65 | $ 31,787.00 |

**Kathryn Anne Kaspzyk (wife of GM retiree)**

    Date of Birth: 7-9-42

| | |
|---|---|
| Annual post-65 benefit loss beginning 2010 | $ 1900.00 |
| Number of years between65 and full life expectancy | X 18.7 |
| Amount of loss after age 66 | $ 35,530.00 |

\*Based on information provided by General Motors Company for retiree's 65 and older, the average cost of health care for   Medical, Prescription, Dental, Vision and Extended Care Coverage to the company under the salaried cap implemented in 2006/7 was $ 5500 minus the $ 3600 annual Level Benefit through life expectancy, or $ 1900.

*EXHIBIT C*

SSA Actuarial Table Data
http://www.ssa.gov/OACT/STATS/table4c6.html

| Exact Age as of Jan 1, 2009 | Life Expectancy Male | Total | Life Expectancy Female | Total |
|---|---|---|---|---|
| 45 | 32.81 | $51,539 | 36.79 | $59,101 |
| 46 | 31.93 | $50,407 | 35.87 | $57,893 |
| 47 | 31.06 | $49,294 | 34.96 | $56,704 |
| 48 | 30.2 | $48,200 | 34.05 | $55,515 |
| 49 | 29.34 | $47,106 | 33.14 | $54,326 |
| 50 | 28.49 | $46,031 | 32.24 | $53,156 |
| 51 | 27.65 | $44,975 | 31.35 | $52,005 |
| 52 | 26.83 | $43,957 | 30.46 | $50,854 |
| 53 | 26 | $42,920 | 29.57 | $49,703 |
| 54 | 25.19 | $41,921 | 28.69 | $48,571 |
| 55 | 24.37 | $40,903 | 27.82 | $47,458 |
| 56 | 23.57 | $39,923 | 26.94 | $46,326 |
| 57 | 22.77 | $38,943 | 26.08 | $45,232 |
| 58 | 21.97 | $37,963 | 25.22 | $44,138 |
| 59 | 21.19 | $37,021 | 24.37 | $43,063 |
| 60 | 20.42 | $36,098 | 23.53 | $42,007 |
| 61 | 19.66 | $35,194 | 22.7 | $40,970 |
| 62 | 18.91 | $34,309 | 21.88 | $39,952 |
| 63 | 18.17 | $33,443 | 21.08 | $38,972 |
| 64 | 17.44 | $32,596 | 20.28 | $37,992 |
| 65 | 16.73 | $31,787 | 19.49 | $37,031 |
| 66 | 16.02 | $30,438 | 18.7 | $35,530 |
| 67 | 15.32 | $29,108 | 17.93 | $34,067 |
| 68 | 14.63 | $27,797 | 17.17 | $32,623 |
| 69 | 13.96 | $26,524 | 16.42 | $31,198 |
| 70 | 13.3 | $25,270 | 15.69 | $29,811 |
| 71 | 12.66 | $24,054 | 14.97 | $28,443 |
| 72 | 12.04 | $22,876 | 14.27 | $27,113 |
| 73 | 11.43 | $21,717 | 13.58 | $25,802 |
| 74 | 10.84 | $20,596 | 12.9 | $24,510 |
| 75 | 10.26 | $19,494 | 12.24 | $23,256 |
| 76 | 9.7 | $18,430 | 11.59 | $22,021 |
| 77 | 9.15 | $17,385 | 10.96 | $20,824 |
| 78 | 8.63 | $16,397 | 10.34 | $19,646 |
| 79 | 8.11 | $15,409 | 9.74 | $18,506 |
| 80 | 7.62 | $14,478 | 9.16 | $17,404 |
| 81 | 7.14 | $13,566 | 8.59 | $16,321 |
| 82 | 6.68 | $12,692 | 8.04 | $15,276 |