UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                                      :

In re                                                          :          Chapter 11 Case No.

**MOTORS LIQUIDATION COMPANY**, *et al.*,     :          09-50026 (REG)
       f/k/a General Motors Corp., *et al.*   :

                        Debtors.     :          (Jointly Administered)
-----------------------------------------------------------------x

### ORDER GRANTING MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY AND PLAN INJUNCTION AS TO ACTION FILED BY BURTON TAFT, ADMINISTRATOR OF THE ESTATES OF BRIAN TAFT

Upon the Motion, dated April 13, 2012 (the "**Motion**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), for entry of an order providing for a limited modification of the Automatic Stay and the Plan Injunction as to the Action filed by Burton Taft, Administrator of the Estate of Brian Taft, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Automatic Stay and the Plan Injunction are modified solely to the extent necessary to permit liquidation of the Proofs of Claim by enabling the Action to proceed to final judgment or settlement; and it is further

ORDERED that pursuant to the ADR Order and the ADR Procedures, the Action shall proceed as to the claims against the Debtors in the Pennsylvania Federal Court, subject to the Debtors' and/or the GUC Trust's rights to seek removal and/or transfer of venue or in such other forum as determined by the Court on request of the Debtors and/or the GUC Trust; and it is further

ORDERED that pursuant to the ADR Order and the ADR Procedures, any final judgment in the Action shall be subject to treatment under the Plan and shall be treated as a general unsecured nonpriority claim against the GUC Trust, unless otherwise determined and ordered by this Court and it is further

ORDERED that, except as provided in herein, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect and it is further

ORDERED that nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the Action reserve the right to assert any and all defenses in the Action; and it is further

2

ORDERED that this Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Order.

Dated: New York, New York
      *May 22, 2012*

      *s/ Robert E. Gerber*
      United States Bankruptcy Judge