HEARING DATE AND TIME: June 28, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 21, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                      :

In re                                :      Chapter 11 Case No.
                                        :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :    09-50026 (REG)
      **f/k/a General Motors Corp.,** *et al.*  :

                                        :

           **Debtors.**         :    (Jointly Administered)
                                        :

-----------------------------------------------------------x

### NOTICE OF OBJECTION TO PROOFS OF CLAIM
### OF D&M REAL ESTATE LLC (CLAIM NO. 66211)
### AND HORSE TAVERN & GRILL (CLAIM NO. 67347)

      **PLEASE TAKE NOTICE** that on May 24, 2012, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed its objection to the proofs of claim of D&M Real Estate LLC (Claim No.

66211) and Horse Tavern & Grill (Claim No. 67347) (the "**Objection**"), and that a hearing (the

"**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber,

United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on **June 28,**

**2012, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708  (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

2

New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **June 21, 2012, at 4:00 p.m. (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      May 24, 2012

                    /s/ *Stefanie Birbrower Greer*
                    Barry N. Seidel (BS-1945)
                    Stefanie Birbrower Greer (SG-2898)
                    DICKSTEIN SHAPIRO LLP
                    1633 Broadway
                    New York, New York 10019-6708
                    Telephone: (212) 277-6500
                    Facsimile: (212) 277-6501

                    *Attorneys for Motors Liquidation*
                    *Company GUC Trust*

4

HEARING DATE AND TIME: June 28, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: June 21, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,       :    09-50026 (REG)
         f/k/a General Motors Corp., *et al.*  :
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
                                            :
--------------------------------------------------------------x

### OBJECTION TO PROOFS OF CLAIM OF
### D&M REAL ESTATE LLC (CLAIM NO. 66211)
### AND HORSE TAVERN & GRILL (CLAIM NO. 67347)

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by

the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), files this objection (the

"**Objection**") to proofs of claim numbered 66211 and 67347 (collectively, the "**Claims**,"

attached as **Exhibits "A"** and **"B"**) filed by D&M Real Estate LLC ("**D&M**") and Horse

Tavern & Grill ("**Horse Tavern**," and collectively with D&M, the "**Claimants**"),

respectively, on the basis that such claims are invalid as a matter of law because they are barred by the Pennsylvania Contribution Among Joint Tortfeasors Act (the "**Act**," attached as Exhibit "**C**"). In support of this Objection, the GUC Trust respectfully represents:

## RELIEF REQUESTED

1.       The Claims seek contribution from the Debtors in connection with alleged injuries arising from a prepetition accident involving Jamie Medford Frei. Mr. Frei filed a lawsuit seeking recovery against the Claimants in connection with the accident (the "**Lawsuit**"). Prior to filing the lawsuit against the Claimants, Mr. Frei and the Debtors entered into a settlement agreement resolving any claims Mr. Frei may have had against the Debtors related to the accident (the "**Settlement Agreement**"[1]) for a sum certain. Mr. Frei agreed that any judgment in the lawsuit would be reduced by the pro rata share of liability allocated to General Motors Corporation. Specifically, Mr. Frei agreed to a release of the Debtors which provided:

> It is understood and agreed that this release is governed by the Pennsylvania Contribution Among Tortfeasors Act and the total claim against all other parties who may be liable for compensatory damages is hereby reduced to the extent of the pro rata of common liability of the Releasees [i.e., the Debtors], if the Releasees are found to be tortfeasors.

Settlement Agreement, p. 2. As set forth more fully herein, the inclusion of the foregoing language in the Settlement Agreement bars other tortfeasors – here, the Claimants – as a matter of Pennsylvania law, from seeking recovery against the settling party – here, the Debtors.

2.       In light of the foregoing, the GUC Trust seeks entry of an order disallowing and expunging the Claims pursuant to section 502(b) of title 11 of the United States

---

[1]       The Settlement Agreement contains a confidentiality provision and thus is not attached here. The GUC Trust will provide a copy to the Court at the Court's request.

2

Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## JURISDICTION

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).[2]

## ARGUMENT

4.      For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000). A right to payment is an enforceable obligation. *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559 (1990). Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim. If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim. *In re Chain*, 255 B.R. 278, 281 (Bankr. D. Conn. 2000); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988). Where applicable law specifically precludes a claim, such claim should be disallowed and expunged as a matter of law.

5.      Here, Pennsylvania law specifically bars the relief sought by the Claims. The Act provides in relevant part:

> A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another tortfeasor, *unless the release is given before the right of the other*

---

[2]      *In re Chateaugay Corp.*, 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1997) ("[T]he bankruptcy court must have jurisdiction to make the threshold determination of whether as a matter of law, a claim exists which can be asserted against the debtor, even if the claim sounds in personal injury, tort or wrongful death.").

> *tortfeasor to secure a money judgment for contribution has*
> *accrued and provides for a reduction to the extent of the pro rata*
> *share of the released tortfeasor of the injured person's damages*
> *recoverable against all the other tortfeasors.*

42 Pa. Cons. Stat. § 8327 (emphasis added). Simply put, where a release reduces the plaintiff's ultimate recovery by the released party's allocated share of liability, the released party is relieved from any contribution obligations to other tortfeasors. *Armstrong v. Antique Auto. Club of Am.*, 670 F. Supp.2d 387, 393 (M.D. Pa. 2009) (explaining that under the Act "if third-party defendant[]'s allocated share of the liability is more than he paid pursuant to the release, then the plaintiff is not paid that amount and there is no contribution claim by the defendants because by definition the defendants will not have paid more than their allocated share").

       8.      Because the Claimants are barred from pursuing their contribution claims against the Debtors, the Claims are not *prima facie* valid and should be disallowed and expunged.

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging the Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 24, 2012

                                       */s/ Stefanie Birbrower Greer*
                                       Barry N. Seidel (BS-1945)
                                       Stefanie Birbrower Greer (SG-2898)

                                       DICKSTEIN SHAPIRO LLP
                                       1633 Broadway
                                       New York, New York 10019-6708
                                       Telephone: (212) 277-6500
                                       Facsimile: (212) 277-6501

                                       Attorneys for Motors Liquidation
                                       Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,       :    09-50026 (REG)
        f/k/a General Motors Corp., *et al.* :
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
-------------------------------------------------------x

## ORDER GRANTING OBJECTION TO PROOFS OF CLAIM OF
## D&M REAL ESTATE LLC (CLAIM NO. 66211)
## AND HORSE TAVERN & GRILL (CLAIM NO. 67347)

Upon the objection (the "**Objection**") to the proofs of claim of D&M Real Estate

LLC  (Claim No. 66211) and Horse Tavern & Grill (Claim No. 67347) (collectively, the

"**Claims**"), filed by the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by

the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11,

United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and

expunging the Claims on the basis that such claims are barred by section 502(b) of the

Bankruptcy Code and the Pennsylvania Contribution Among Joint Tortfeasors Act, as more fully

described in the Objection; and due and proper notice of the Objection having been provided,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

2

# EXHIBIT A

/03759500
APS0705074377





| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**    **Case No**
- ☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )    09-13558 (REG)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

*Your Claim Is Scheduled As Follows:*

Motors Liquidation Company

Unsecured Unknown

Contingent / Unliquidated / Disputed

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) D & M REAL ESTATE LLC

**Name and address where notices should be sent**

D & M REAL ESTATE LLC
NELSON LEVINE DELUCA & HORST LLC
457 HADDONFIELD RD STE 710
CHERRY HILL, NJ 08002-2201

Telephone number   856-665-8500
Email Address   dpastorick@nldhlaw.com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
(if known)

Filed on: _____

FILED
U S BANKRUPTCY
S.D.N.Y.
2009 NOV 30

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**Name and address where payment should be sent** (if different from above)

FILED - 66211
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ 1,000,000.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2. Basis for Claim:** Personal Injury
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:** 1312

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side)

**4. Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff: ☒ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:

Value of Property: $ _____ Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____

Basis for perfection _____

Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U S C § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) § 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6. Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7. Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

FILED
THE CITY of
2009 NOV 30
DEC 1 2009

| Date: 11/30 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

William Dirk Pastorick, Attorney | FOR COURT USE ONLY

DEC 1 2009 |

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

12-01-09P01:30 RCVD

## COURT OF COMMON PLEAS
### OF BUCKS COUNTY
· OFFICE
OF
#### COURT ADMINISTRATOR
DOYLESTOWN, PA 18901

### CIVIL COVER SHEET

The information provided herein is for case flow and calendar management purposes only. It does not replace or supplement the filing and service of pleadings or other papers as required by law or rules of court. This sheet will not be used as a source for making docket entries except to note the type of action commenced. This is not a substitute from documents for commencement of actions

Case No. 2008-11271-31-2

| PLAINTIFFS | vs | DEFENDANTS |
|---|---|---|

| | |
|---|---|
| | D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc , t/a The Horse Tavern & Grill |
| Jamie Medford Frei | |
| William C. Roeger, Jr , Esquire | William Dirk Pastorick, Esquire |
| Bar ID # 18435 | Bar ID # 77070 |
| William G Roark, Esquire | Brian M. Andrie, Esquire |
| Bar ID # 203699 | Bar ID # 93544 |

### NATURE OF SUIT

(Check one classification only)

| ASSUMPSIT (Contracts) | TRESPASS | EQUITY |
|---|---|---|
| _____ Mechanics Lien 057 | _____ Motor Vehicle 047 | _____ Ejectment 053 |
| _____ Employment 525 | _____ Non-Motor Vehicle 048 | _____ Partition 309 |
| _____ Insurance 526 | _____ Other Personal Injury 049 | _____ Quiet Title 062 |
| _____ No-Fault Insurance 527 | _____ Assault 532 | _____ Labor Dispute 540 |
| _____ Negotiable Instrument 527 | _____ Libel/Slander 533 | _____ Mandamus 055 |
| _____ Product Liability 529 | _____ Medical Malpractice 534 | _____ Declaratory Judgment 061 |
| _____ Warranty 530 | _____ Medical Malpractice Writ 819 | _____ Equity 051 |
| _____ Mortgage Foreclosure 060 | _____ Medical Malpractice Transfer 821 | _____ Quo/Warrants 056 |
| _____ Replevin (With Order) 054 | _____ Legal Malpractice 535 | _____ Other 539 |
| _____ Assumpsit 046 | _____ Professional Malpractice 816 | _____ Writ of Summons |
| _____ Other 531 | _X_ Product Warranty Liability 536 | |
| _____ Writ of Summons 112 | _X_ Other 537 (Joinder Complaint) | |
| | _____ Writ of Summons 110 | |

| APPEALS | OTHER |
|---|---|
| _____ DJ Appeal - Assumpsit 025 | _____ Petition |
| _____ DJ Appeal - Trespass 837 | |
| _____ Award of Viewers 601 | |
| _____ Board of Assessment 301 | |
| _____ Pa. Labor Relations Board 369 | |
| _____ Board of Elections 319 | |
| _____ Local Agency 262 | |
| _____ Zoning Hearing Board or Land Use 030 | |
| _____ Suspension of Operator's License 134 | |
| _____ Suspension of Registration 694 | |
| _____ Other 538 | |

RECEIVED
2008 JAN 14 P 3: 51
PROTHONOTARY
OF BUCKS COUNTY

| DEMAND | _____ over $50,000 | _____ JURY DEMAND |
|---|---|---|
| | _____ under $50,000 | (Check only if demanded in Complaint ) |
| | _____ Not Applicable | _____ Yes    _____ No |

**THIS FORM SHOULD BE RETURNED TO THE PROTHONOTARY'S OFFICE**

REV 06/2006

11/30/2009 13·17 FAX                NLdH                                    Ø005

NELSON LEVINE de LUCA & HORST, LLC    ATTORNEYS FOR DEFENDANTS
WILLIAM DIRK PASTORICK (PA77070)    D&M REAL ESTATE, LLC, T/A THE
BRIAN M. ANDRIS (PA93544)    HORSE TAVERN & GRILL AND THE
457 HADDONFIELD ROAD    HORSE, INC., T/A THE HORSE
SUITE 710    TAVERN & GRILL
CHERRY HILL, NJ 08002
856.665.8500
856-665-8501 (fax)

| | |
|---|---|
| JAMIE MEDFORD FREI<br>    Plaintiff<br><br>v.<br><br>D&M REAL ESTATE, LLC, T/A THE<br>HORSE TAVERN & GRILL AND THE<br>HORSE, INC., T/A THE HORSE TAVERN &<br>GRILL<br>    Defendant<br><br>v.<br><br>GENERAL MOTORS CORPORATION<br>1515 Market Street<br>Suite 1210<br>Philadelphia, PA 19102 | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL ACTION - LAW<br><br>CIVIL ACTION NO: 2008-11271-31-2<br><br>JURY TRIAL DEMANDED |

### COMPLAINT NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

        Bucks County Bar Association
        135 East State Street
        Doylestown, PA 18901
        Phone (215) 348-9413, 1-800-479-8585
        www.bucksbar.org

        PA Bar Association· www.pabar.org

Dated, January____, 2009

11/30/2009 13:17 FAX                    NLdH                                    ☑006

NELSON LEVINE de LUCA & HORST, LLC
WILLIAM DIRK PASTORICK (PA77070)
BRIAN M. ANDRIS (PA93544)
457 HADDONFIELD ROAD
SUITE 710
CHERRY HILL, NJ 08002
856.665.8500
856-665-8501 (fax)

ATTORNEYS FOR DEFENDANTS
D&M REAL ESTATE, LLC, T/A THE
HORSE TAVERN & GRILL AND THE
HORSE, INC., T/A THE HORSE
TAVERN & GRILL

---

| | |
|---|---|
| JAMIE MEDFORD FREI<br>          Plaintiff<br><br>          v.<br><br>D&M REAL ESTATE, LLC, T/A THE<br>HORSE TAVERN & GRILL AND THE<br>HORSE, INC., T/A THE HORSE TAVERN &<br>GRILL<br>          Defendant<br><br>          v.<br><br>GENERAL MOTORS CORPORATION<br>1515 Market Street<br>Suite 1210<br>Philadelphia, PA 19102 | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL ACTION - LAW<br><br>CIVIL ACTION NO: 2008-11271-31-2<br><br>JURY TRIAL DEMANDED |

### JOINDER COMPLAINT PURSUANT TO Pa. R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL AGAINST ADDITIONAL DEFENDANT GENERAL MOTORS CORPORATION

The Defendants, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill (hereinafter "The Horse Tavern"), hereby file a Joinder Complaint pursuant to Pa. R.C.P. 2252 against the Additional Defendant, General Motors Corporation and in support thereof avers as follows:

1       On or about October 31, 2008, Plaintiff, Jamie Frei, filed the above-captioned Civil Action Complaint against The Horse Tavern.

2       In the Complaint, Plaintiff claims to have been injured on December 29, 2006

3        Specifically, Plaintiff has made a claim under Pennsylvania's Dram Shop Act, alleging that he was served alcohol by The Horse Tavern while he was underage and visibly intoxicated and that he was injured as a result.

4.       Without admitting any of the factual allegations contained therein, The Horse Tavern incorporates by reference the factual averments of Plaintiff's Complaint.

5        General Motors Corporation is a Pennsylvania corporation with a registered place of business located at 1515 Market Street, Suite 1210, Philadelphia, Pennsylvania, 19102.

6        Plaintiff's injuries were the result of a motor vehicle accident that occurred on December 29, 2006

7.       At the time of the accident, Plaintiff was operating a 2005 Chevrolet Cobalt having a Vehicle Identification Number 1G1AL12F657609040

8.       The 2005 Chevrolet Cobalt was designed, manufactured, sold, and/or distributed by General Motors Corporation

9        General Motors Corporation had a duty to design and manufacture the 2005 Chevrolet Cobalt in a condition reasonably safe for the user and/or consumer.

10.      General Motors Corporation breached its duty by negligently designing and/or manufacturing the 2005 Chevrolet Cobalt so that the airbag failed to deploy during the accident that allegedly caused Plaintiff's injuries.

11.      In the event that Plaintiff's allegations that he sustained damages as a result of this incident prove to be true, such allegations being specifically denied by The Horse Tavern, then Additional Defendant, General Motors Corporation is solely liable for those damages as a result of its negligence.

2

12.    In the event that Plaintiff's allegations that he sustained damages as a result of this incident prove to be true, such allegations being specifically denied by The Horse Tavern, then Additional Defendant, General Motors Corporation is solely and/or strictly liable for placing into the stream of commerce an unreasonably dangerous and defective product.

13    Alternatively, if the allegations in Plaintiff's Complaint are true, such allegations being specifically denied, then Additional Defendant General Motors Corporation is liable to Defendant for contribution, or jointly and severally liable, for any amount which may be adjudged against The Horse Tavern, on Plaintiff's cause of action

NELSON LEVINE de LUCA & HORST, LLC

BY: _____
WILLIAM DIRK PASTORICK (PA77070)
BRIAN M. ANDRIS (PA93544)
ATTORNEYS FOR DEFENDANTS D&M
REAL ESTATE, LLC, T/A THE HORSE
TAVERN & GRILL AND THE HORSE,
INC , T/A THE HORSE TAVERN & GRILL

Dated: January 14, 2009

3

## VERIFICATION

I, WILLIAM DIRK PASTORICK/BRIAN M. ANDRIS, do hereby state that I am counsel for D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse Tavern, Inc , t/a The Horse Tavern & Grill in the within action, and as such do hereby verify that the statements made in the foregoing Joinder Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

WILLIAM DIRK PASTORICK
BRIAN M. ANDRIS

Dated. 1/14/09

NELSON LEVINE de LUCA & HORST, LLC
WILLIAM DIRK PASTORICK (PA77070)
BRIAN M. ANDRIS  (PA93544)
457 HADDONFIELD ROAD
SUITE 710
CHERRY HILL, NJ 08002
856.665.8500
856-665-8501 (fax)

ATTORNEYS FOR DEFENDANTS
D&M REAL ESTATE, LLC, T/A THE
HORSE TAVERN & GRILL AND THE
HORSE, INC., T/A THE HORSE
TAVERN & GRILL

| | |
|---|---|
| JAMIE MEDFORD FREI<br>Plaintiff<br><br>v.<br><br>D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL<br>Defendant<br><br>v.<br><br>GENERAL MOTORS CORPORATION<br>1515 Market Street<br>Suite 1210<br>Philadelphia, PA 19102 | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL ACTION - LAW<br><br>CIVIL ACTION NO:  2008-11271-31-2<br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, Tara C. Leary, Secretary to Brian M. Andris, Esquire, hereby certify that a true and correct copy of the JOINDER COMPLAINT PURSUANT TO Pa. R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC, T/A THE HORSE TAVERN & GRILL AGAINST ADDITIONAL DEFENDANT GENERAL MOTORS CORPORATION was served on January 14, 2009, upon counsel listed below by United States Mail, postage prepaid:

William C Roeger, Jr, Esquire
William G Roark, Esquire
Hamburg, Rubin, Mullin, Maxwell & Lupin
210 W. Walnut Street
P.O Box 259
Perkasie, PA  18944

11/30/2009 13 17 FAX                        NLdH                                    ☑011



NELSON LEVINE de LUCA & HORST, LLC

BY: _____
      Tara C. Leary, Legal Secretary

Date. January ___, 2009

2

11/30/2009 13 17 FAX                                    NLdH                                      ☑012

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
BY  Francis J. Grey, Jr, Esquire
Identification Number: 56145                           *Attorneys for Third-Party Defendant,*
BY  Monica V. Pennisi Marsico, Esquire                 *General Motors Corporation*
Identification Number. 83681
190 North Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

JAMIE MEDFORD FREI                                     COURT OF COMMON PLEAS
                                                       BUCKS COUNTY, PENNSYLVANIA
        Plaintiff

        v                                          :   CIVIL ACTION

D&M REAL ESTATE, LLC, T/A THE HORSE                .   NO   2008-11271-31-2
TAVERN & GRILL AND THE HORSE, INC.,
T/A/ THE HOARSE TAVERN & GRILL

        Defendant

        v

GENERAL MOTORS CORPORATION

        Third-Party Defendant


**GENERAL MOTORS CORPORATION'S ANSWER WITH NEW MATTER TO JOINDER COMPLAINT
PURSUANT TO PA.R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE
TAVERN & GRILL AND THE HORSE, INC, T/A THE HORSE TAVERN & GRILL**

        Third-Party Defendant, General Motors Corporation (hereinafter "General Motors" or "GM"),

by and through its undersigned counsel, hereby answers the Joinder Complaint pursuant to Pa R C P

2252 of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc , T/A

The Horse Tavern & Grill, as follows·

        1     Denied  After reasonable investigation, General Motors is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph (1) of

the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

2.      Denied After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (2) of the defendants' Joinder Complaint, therefore, said allegations are denied and strict proof thereof is demanded

3      Denied After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (3) of the defendants' Joinder Complaint, therefore, said allegations are denied and strict proof thereof is demanded.

4.      Denied After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (4) of the defendants' Joinder Complaint, therefore, said allegations are denied and strict proof thereof is demanded.

5.      Denied. General Motors is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Detroit, Michigan It is admitted only that GM does business in the Commonwealth of Pennsylvania

6.      Denied After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (6) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded

7      Denied After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (7) of

the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded

    8.    Denied as stated. General Motors admits only that it designed in part, manufactured in part and sold to an authorized GM dealership, the 2008 Chevrolet Cobalt bearing Vehicle Identification Number 1G1AL12F657609040 referenced in the defendants' Joinder Complaint

    9    Denied The allegations contained in Paragraph (9) of Plaintiff's Complaint constitute conclusions of law to which no response is required.

    10    Denied The allegations contained in Paragraph (10) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required To the extent that a response is required, General Motors specifically denies that the Cobalt referenced in the Joinder Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control. By way of further response, General Motors denies that it was negligent in the manner described in the Joinder Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph (10) In further response, General Motors specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same

    11    Denied The allegations contained in Paragraph (11) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required To the extent that a response is required, General Motors specifically denies that it was negligent in the manner described in the defendants' Joinder Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph (11) By way of further response, General Motors denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same General Motors specifically denies that it is solely liable for plaintiff's alleged damages

12    Denied. The allegations contained in Paragraph (12) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required To the extent that a response is required, General Motors specifically denies that the Cobalt referenced in the Joinder Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control By way of further response, General Motors denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same General Motors specifically denies that it is solely liable for plaintiff's alleged damages

13.    Denied. The allegations contained in Paragraph (13) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required To the extent that a response is required, General Motors specifically denies that it is alone liable, jointly and/or severally liable or liable over to D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse Inc , T/A The Horse Tavern & Grill on any of the causes of action set forth in plaintiff's Complaint or the New Matter of said defendants, or liable for contribution and/or indemnity General Motors further denies that defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse Inc , T/A The Horse Tavern & Grill, are entitled to contribution and/or indemnification from General Motors

WHEREFORE, third-party defendant, General Motors Corporation, demands judgment in its favor against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc , T/A The Horse Tavern & Grill, on the causes of action alleged and requests the costs of this litigation.

## NEW MATTER

By way of further answer, General Motors Corporation sets forth the following New Matter

14      General Motors incorporates by reference plaintiff's Complaint against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc , T/A The Horse Tavern & Grill, in this matter

15.     The damages allegedly sustained by plaintiff were caused by the negligent actions or omissions of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc , T/A The Horse Tavern & Grill.

16      The damages allegedly sustained by plaintiff were caused by the negligent actions or omissions, in whole or in part, of additional individuals or entities other than General Motors, and over whom General Motors exercises no authority or control

17      Plaintiff's alleged injuries may have been caused by the intervening or superseding acts of negligence of persons over whom General Motors exercises no control and for whose conduct General Motors bears no responsibility

18      The defendants' Joinder Complaint fails to state a claim upon which relief may be granted.

19.     Plaintiff's claims may be barred by the applicable statute of limitations

20.     Plaintiff may not have been wearing, or properly wearing, the available occupant restraints at the time of the accident described in the defendants' Joinder Complaint

21      Abuse and/or misuse of the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint, including but not limited to the failure to maintain said vehicle, may constitute the sole and exclusive cause of the injuries referenced in the Complaint

22      Plaintiff may have been negligent in the operation of the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint so as to bar or reduce any recovery by operation of the provisions of the Pennsylvania Comparative Negligence Act

23      Plaintiff's claims may be barred and/or limited by the statutes of the Commonwealth of Pennsylvania relating to motor vehicle insurance and/or motor vehicle accidents.

24      Some or all of the damages requested by the plaintiff are not recoverable in this action

25      General Motors hereby pleads any and all releases entered, or to be entered into, by the defendants, as a reduction, in whole or in part, of any damages to which the defendants may be entitled to recover from General Motors, it being specifically denied that General Motors is liable to the defendants in any respect

26      To the extent that plaintiff failed to maintain or preserve the 2003 Chevrolet Silverado referenced in the defendants' Joinder Complaint and/or its component parts in their immediate post-accident condition, plaintiff is guilty of spoliation and the defendants may not maintain an action against General Motors

27.     The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint may have been substantially altered or modified after it left the possession of General Motors.

28      It is specifically denied that the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was in a defective or dangerous condition at the time that it left the possession and/or control of General Motors Corporation

29      The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was designed and manufactured in compliance with congressionally enacted safety standards.

30.     The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was designed and manufactured in conformity with the prevailing scientific and technological knowledge at the time the vehicle left the possession and/or control of General Motors Corporation

31      The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint should have been delivered to the purchaser with a written Limited New Car Warranty Said warranty speaks for itself and General Motors hereby pleads the limitations contained in said warranty

32.    Plaintiff may have failed to mitigate his or her damages

33    General Motors reserves the right upon completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counterclaims, cross-claims and/or third-party complaints as may be appropriate.

WHEREFORE, third-party defendant, General Motors Corporation, demands judgment in its favor against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, on the causes of action alleged and requests the costs of this litigation.

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

DATE: 2/23/09                    BY

FRANCIS J GREY, JR , ESQUIRE
MONICA V PENNISI MARSICO, ESQUIRE
*Attorneys for Third-Party Defendant,*
*General Motors Corporation*

-7-

11/30/2009 13:18 FAX                         NLdH                                    ☑019

## VERIFICATION

STATE OF MICHIGAN          )
                           )      SS.
COUNTY OF WAYNE            )

DIANE L RORAI being first duly sworn, deposes and says that she is authorized pursuant to

applicable law and rules to verify, on behalf of General Motors Corporation, the forgoing

## GENERAL MOTORS CORPORATION'S ANSWER WITH NEW MATTER TO JOINDER COMPLAINT PURSUANT TO PA.R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC, T/A THE HORSE TAVERN & GRILL

And that the same are hereby verified on behalf of General Motors Corporation

_Diane L. Rorai_

DIANE L. RORAI
Authorized Agent

Sworn to and subscribed before me
This 20th day of February, 2009.

MARY J VERSEY-LANDRUM
NOTARY PUBLIC, MICHIGAN
WAYNE COUNTY
MY COMMISSION EXPIRES JAN. 13, 2012

Notary Public

_Re Jamie Medford Frei v D&M Real Estate, LLC, et al v. General Motors Corporation_

## CERTIFICATE OF SERVICE

I, Monica V Pennisi Marsico, hereby certify that on this 23rd day of February, 2009, a copy of the

foregoing, *General Motors Corporation's Answer with New Matter to Joinder Complaint pursuant to*

*Pa.R.C.P 2252 of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse,*

*Inc., T/A The Horse Tavern & Grill*, was served upon on all counsel listed below via United States Mail,

postage prepaid.

William C. Roeger, Jr., Esquire
William G. Roark, Esquire
HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
210 W. Walnut Street
P.O Box 259
Perkasie, PA 18944

William Dirk Pastorick, Esquire
Brian M. Ardis, Esquire
NELSON LEVINE DeLUCA & HORST, LLC
457 Haddonfield Road
Suite 710
Cherry Hill, NJ 08002

_____
Monica V. Pennisi Marsico, Esquire

# EXHIBIT B

03759497
APS0705074086





PROOF OF CLAIM

## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

Your Claim is Scheduled As Follows:

Motors Liquidation Company

Unsecured  Unknown

Contingent / Unliquidated / Disputed

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item 3). All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) HORSE TAVERN & GRILL

Name and address where notices should be sent

HORSE TAVERN & GRILL
NELSON LEVINE DELUCA & HORST LLC
457 HADDONFIELD RD STE 710
CHERRY HILL, NJ 08002-2201

Telephone number  856-665-8500
Email Address  dpastorick@nldhlaw.com

Name and address where payment should be sent (if different from above):

FILED - 67347
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number:_____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009:  $ 1,000,000.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2. Basis for Claim:  personal injury
(See instruction #2 on reverse side)

3. Last four digits of any number by which creditor identifies debtor:  1312

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side)

4. Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim  $_____  Amount Unsecured: $_____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7. Documents:  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5. Amount of Claim Entitled to Priority under 11 U S C § 507(a)
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)  Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Signature: This person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any.

Date: 11/30

William Dirk Pastorick, Attorney

FOR COURT USE ONLY

DEC 1 2009

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

12-01-09P12 42 RCVD

# COURT OF COMMON PLEAS
## OF BUCKS COUNTY
### OFFICE
### OF
### COURT ADMINISTRATOR
### DOYLESTOWN, PA 18901

## CIVIL COVER SHEET

The information provided herein is for case flow and calendar management purposes only. It does not replace or supplement the filing and service of pleadings or other papers as required by law or rules of court. This sheet will not be used as a source for making docket entries except to note the type of action commenced. This is not a substitute from documents for commencement of actions

Case No. 2008-11271-31-2

| PLAINTIFFS | vs. | DEFENDANTS |
|---|---|---|

|  |  | D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse, Inc., t/a The Horse Tavern & Grill |
| Jamie Medford Froi | | William Dirk Fastorick, Esquire |
| William C. Roeger, Jr., Esquire | | Bar ID # 77070 |
| Bar ID # 18435 | | Brian M. Andris, Esquire |
| William G. Roark, Esquire | | Bar ID # 93544 |
| Bar ID # 203699 | | |

### NATURE OF SUIT

(Check one classification only)

**ASSUMPSIT (Contracts)**
- _____ Mechanics Lien 057
- _____ Employment 525
- _____ Insurance 526
- _____ No-Fault Insurance 527
- _____ Negotiable Instrument 527
- _____ Product Liability 529
- _____ Warranty 530
- _____ Mortgage Foreclosure 060
- _____ Replevin (With Order) 054
- _____ Assumpsit 046
- _____ Other 531
- _____ Writ of Summons 112

**TRESPASS**
- _____ Motor Vehicle 047
- _____ Non-Motor Vehicle 048
- _____ Other Personal Injury 049
- _____ Assault 532
- _____ Libel/Slander 533
- _____ Medical Malpractice 534
- _____ Medical Malpractice Writ 819
- _____ Medical Malpractice Transfer 821
- _____ Legal Malpractice 535
- _____ Professional Malpractice 816
- _____ Product Warranty Liability 536
- __X__ Other 537 (Joinder Complaint)
- _____ Writ of Summons 110

**EQUITY**
- _____ Ejectment 053
- _____ Partition 309
- _____ Quiet Title 062
- _____ Labor Dispute 540
- _____ Mandamus 055
- _____ Declaratory Judgment 061
- _____ Equity 051
- _____ Quo Warranto 056
- _____ Other 539
- _____ Writ of Summons

**APPEALS**
- _____ DJ Appeal - Assumpsit 025
- _____ DJ Appeal - Trespass 337
- _____ Award of Viewers 501
- _____ Board of Assessment 301
- _____ Pa. Labor Relations Board 369
- _____ Board of Elections 319
- _____ Local Agency 262
- _____ Zoning Hearing Board or Land Use 030
- _____ Suspension of Operator's License 134
- _____ Suspension of Registration 694
- _____ Other 588

**OTHER**
- _____ Petition

RECEIVED 2009 JAN 14 P 3 51 PROTHONOTARY OF BUCKS COUNTY

| DEMAND | _____ over $50,000 | _____ JURY DEMAND |
|---|---|---|
| | _____ under $50,000 | (Check only if demanded in Complaint.) |
| | _____ Not Applicable | _____ Yes    _____ No |

**THIS FORM SHOULD BE RETURNED TO THE PROTHONOTARY'S OFFICE**

REV 06/2005

NELSON LEVINE de LUCA & HORST, LLC       ATTORNEYS FOR DEFENDANTS
WILLIAM DIRK PASTORICK (PA77070)         D&M REAL ESTATE, LLC, T/A THE
BRIAN M. ANDRIS (PA93544)                HORSE TAVERN & GRILL AND THE
457 HADDONFIELD ROAD                     HORSE, INC., T/A THE HORSE
SUITE 710                                TAVERN & GRILL
CHERRY HILL, NJ 08002
856.665.8500
856-665-8501 (fax)

| | |
|---|---|
| JAMIE MEDFORD FREI<br>Plaintiff<br><br>v.<br><br>D&M REAL ESTATE, LLC, T/A THE<br>HORSE TAVERN & GRILL AND THE<br>HORSE, INC., T/A THE HORSE TAVERN &<br>GRILL<br>Defendant<br><br>v.<br><br>GENERAL MOTORS CORPORATION<br>1515 Market Street<br>Suite 1210<br>Philadelphia, PA 19102 | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL ACTION - LAW<br><br>CIVIL ACTION NO: 2008-11271-31-2<br><br>JURY TRIAL DEMANDED |

## COMPLAINT NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Bucks County Bar Association
135 East State Street
Doylestown, PA 18901
Phone (215) 348-9413, 1-800-479-8585
www.bucksbar.org

PA Bar Association: www.pabar.org

Dated, January ___, 2009

NELSON LEVINE de LUCA & HORST, LLC          ATTORNEYS FOR DEFENDANTS
WILLIAM DIRK PASTORICK (PA77070)            D&M REAL ESTATE, LLC, T/A THE
BRIAN M. ANDRIS  (PA93544)                  HORSE TAVERN & GRILL AND THE
457 HADDONFIELD ROAD                        HORSE, INC., T/A THE HORSE
SUITE 710                                   TAVERN & GRILL
CHERRY HILL, NJ 08002
856.665.8500
856-665-8501 (fax)

| | |
|---|---|
| JAMIE MEDFORD FREI<br>Plaintiff<br><br>v.<br><br>D&M REAL ESTATE, LLC, T/A THE<br>HORSE TAVERN & GRILL AND THE<br>HORSE, INC., T/A THE HORSE TAVERN &<br>GRILL<br>Defendant<br><br>v.<br><br>GENERAL MOTORS CORPORATION<br>1515 Market Street<br>Suite 1210<br>Philadelphia, PA 19102 | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br>CIVIL ACTION - LAW<br><br>CIVIL ACTION NO:  2008-11271-31-2<br><br>JURY TRIAL DEMANDED |

**JOINDER COMPLAINT PURSUANT TO Pa. R.C.P. 2252 OF DEFENDANTS,
D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL
AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL AGAINST
ADDITIONAL DEFENDANT GENERAL MOTORS CORPORATION**

The Defendants, D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse,

Inc., t/a The Horse Tavern & Grill (hereinafter "The Horse Tavern"), hereby file a Joinder

Complaint pursuant to Pa. R.C.P. 2252 against the Additional Defendant, General Motors

Corporation and in support thereof avers as follows·

    1.      On or about October 31, 2008, Plaintiff, Jamie Frei, filed the above-captioned

Civil Action Complaint against The Horse Tavern.

    2      In the Complaint, Plaintiff claims to have been injured on December 29, 2006

3.      Specifically, Plaintiff has made a claim under Pennsylvania's Dram Shop Act, alleging that he was served alcohol by The Horse Tavern while he was underage and visibly intoxicated and that he was injured as a result.

4.      Without admitting any of the factual allegations contained therein, The Horse Tavern incorporates by reference the factual averments of Plaintiff's Complaint.

5       General Motors Corporation is a Pennsylvania corporation with a registered place of business located at 1515 Market Street, Suite 1210, Philadelphia, Pennsylvania, 19102.

6.      Plaintiff's injuries were the result of a motor vehicle accident that occurred on December 29, 2006

7.      At the time of the accident, Plaintiff was operating a 2005 Chevrolet Cobalt having a Vehicle Identification Number 1G1AL12F657609040.

8.      The 2005 Chevrolet Cobalt was designed, manufactured, sold, and/or distributed by General Motors Corporation.

9.      General Motors Corporation had a duty to design and manufacture the 2005 Chevrolet Cobalt in a condition reasonably safe for the user and/or consumer.

10.     General Motors Corporation breached its duty by negligently designing and/or manufacturing the 2005 Chevrolet Cobalt so that the airbag failed to deploy during the accident that allegedly caused Plaintiff's injuries.

11      In the event that Plaintiff's allegations that he sustained damages as a result of this incident prove to be true, such allegations being specifically denied by The Horse Tavern, then Additional Defendant, General Motors Corporation is solely liable for those damages as a result of its negligence.

12.   In the event that Plaintiff's allegations that he sustained damages as a result of this incident prove to be true, such allegations being specifically denied by The Horse Tavern, then Additional Defendant, General Motors Corporation is solely and/or strictly liable for placing into the stream of commerce an unreasonably dangerous and defective product.

13.   Alternatively, if the allegations in Plaintiff's Complaint are true, such allegations being specifically denied, then Additional Defendant General Motors Corporation is liable to Defendant for contribution, or jointly and severally liable, for any amount which may be adjudged against The Horse Tavern, on Plaintiff's cause of action.

NELSON LEVINE de LUCA & HORST, LLC

BY: _____
WILLIAM DIRK PASTORICK (PA77070)
BRIAN M. ANDRIS (PA93544)
ATTORNEYS FOR DEFENDANTS D&M
REAL ESTATE, LLC, T/A THE HORSE
TAVERN & GRILL AND THE HORSE,
INC , T/A THE HORSE TAVERN & GRILL

Dated: January 14 , 2009

3



## VERIFICATION

I, WILLIAM DIRK PASTORICK/BRIAN M. ANDRIS, do hereby state that I am counsel for D&M Real Estate, LLC, t/a The Horse Tavern & Grill and The Horse Tavern, Inc., t/a The Horse Tavern & Grill in the within action, and as such do hereby verify that the statements made in the foregoing Joinder Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
WILLIAM DIRK PASTORICK
BRIAN M. ANDRIS

Dated. 1/14/09

NELSON LEVINE de LUCA & HORST, LLC
WILLIAM DIRK PASTORICK (PA77070)
BRIAN M. ANDRIS  (PA93544)
457 HADDONFIELD ROAD
SUITE 710
CHERRY HILL, NJ 08002
856.665.8500
856-665-8501 (fax)

ATTORNEYS FOR DEFENDANTS
D&M REAL ESTATE, LLC, T/A THE
HORSE TAVERN & GRILL AND THE
HORSE, INC., T/A THE HORSE
TAVERN & GRILL

---

JAMIE MEDFORD FREI
      Plaintiff

    v.

D&M REAL ESTATE, LLC, T/A THE
HORSE TAVERN & GRILL AND THE
HORSE, INC., T/A THE HORSE TAVERN &
GRILL
      Defendant

    v.

GENERAL MOTORS CORPORATION
1515 Market Street
Suite 1210
Philadelphia, PA 19102

COURT OF COMMON PLEAS
BUCKS COUNTY

CIVIL ACTION - LAW

CIVIL ACTION NO:  2008-11271-31-2

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I, Tara C. Leary, Secretary to Brian M. Andris, Esquire, hereby certify that a true and correct copy of the JOINDER COMPLAINT PURSUANT TO Pa R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC., T/A THE HORSE TAVERN & GRILL AGAINST ADDITIONAL DEFENDANT GENERAL MOTORS CORPORATION was served on January 14, 2009, upon counsel listed below by United States Mail, postage prepaid:

William C. Roeger, Jr., Esquire
William G. Roark, Esquire
Hamburg, Rubin, Mullin, Maxwell & Lupin
210 W. Walnut Street
P.O. Box 259
Perkasie, PA  18944

11/30/2000 13:17 FAX                    NLdH                                    ☑011



NELSON LEVINE de LUCA & HORST, LLC

BY: _____
Tara C. Leary, Legal Secretary

Date January 14, 2009

2

11/30/2008 13:17 FAX                    NLdE                                      @012

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
BY. Francis J Grey, Jr., Esquire
Identification Number: 56145                     *Attorneys for Third-Party Defendant,*
BY: Monica V. Pennisi Marsico, Esquire           *General Motors Corporation*
Identification Number: 83681
190 North Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

JAMIE MEDFORD FREI                    :    COURT OF COMMON PLEAS
                                      :    BUCKS COUNTY, PENNSYLVANIA
        Plaintiff                     :
                                      :
    v.                                :    CIVIL ACTION
                                      :
D&M REAL ESTATE, LLC, T/A THE HORSE   :    NO.: 2008-11271-31-2
TAVERN & GRILL AND THE HORSE, INC.,   :
T/A/ THE HOARSE TAVERN & GRILL        :

        Defendant

    v.

GENERAL MOTORS CORPORATION

        Third-Party Defendant

**GENERAL MOTORS CORPORATION'S ANSWER WITH NEW MATTER TO JOINDER COMPLAINT
PURSUANT TO PA.R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE
TAVERN & GRILL AND THE HORSE, INC, T/A THE HORSE TAVERN & GRILL**

        Third-Party Defendant, General Motors Corporation (hereinafter "General Motors" or "GM"),

by and through its undersigned counsel, hereby answers the Joinder Complaint pursuant to Pa.R.C P

2252 of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A

The Horse Tavern & Grill, as follows:

        1      Denied After reasonable investigation, General Motors is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph (1) of

the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded

2.      Denied  After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (2) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

3      Denied  After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (3) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

4.      Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (4) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

5.      Denied  General Motors is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Detroit, Michigan. It is admitted only that GM does business in the Commonwealth of Pennsylvania

6.      Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (6) of the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

7      Denied. After reasonable investigation, General Motors is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph (7) of

-2-

the defendants' Joinder Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

     8.    Denied as stated. General Motors admits only that it designed in part, manufactured in part and sold to an authorized GM dealership, the 2008 Chevrolet Cobalt bearing Vehicle Identification Number 1G1AL12F657609040 referenced in the defendants' Joinder Complaint

     9.    Denied. The allegations contained in Paragraph (9) of Plaintiff's Complaint constitute conclusions of law to which no response is required.

     10    Denied The allegations contained in Paragraph (10) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required To the extent that a response is required, General Motors specifically denies that the Cobalt referenced in the Joinder Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control. By way of further response, General Motors denies that it was negligent in the manner described in the Joinder Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph (10). In further response, General Motors specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same.

     11.    Denied. The allegations contained in Paragraph (11) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required To the extent that a response is required, General Motors specifically denies that it was negligent in the manner described in the defendants' Joinder Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph (11) By way of further response, General Motors denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same. General Motors specifically denies that it is solely liable for plaintiff's alleged damages

12.    Denied  The allegations contained in Paragraph (12) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that the Cobalt referenced in the Joinder Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control. By way of further response, General Motors denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries  If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same. General Motors specifically denies that it is solely liable for plaintiff's alleged damages

13.    Denied. The allegations contained in Paragraph (13) of the defendants' Joinder Complaint constitute conclusions of law to which no response is required  To the extent that a response is required, General Motors specifically denies that it is alone liable, jointly and/or severally liable or liable over to D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse Inc., T/A The Horse Tavern & Grill on any of the causes of action set forth in plaintiff's Complaint or the New Matter of said defendants, or liable for contribution and/or indemnity  General Motors further denies that defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse Inc., T/A The Horse Tavern & Grill, are entitled to contribution and/or indemnification from General Motors

WHEREFORE, third-party defendant, General Motors Corporation, demands judgment in its favor against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc , T/A The Horse Tavern & Grill, on the causes of action alleged and requests the costs of this litigation.

<u>New Matter</u>

By way of further answer, General Motors Corporation sets forth the following New Matter

-4-

14.   General Motors incorporates by reference plaintiff's Complaint against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill, in this matter.

15.   The damages allegedly sustained by plaintiff were caused by the negligent actions or omissions of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill.

16.   The damages allegedly sustained by plaintiff were caused by the negligent actions or omissions, in whole or in part, of additional individuals or entities other than General Motors, and over whom General Motors exercises no authority or control.

17   Plaintiff's alleged injuries may have been caused by the intervening or superseding acts of negligence of persons over whom General Motors exercises no control and for whose conduct General Motors bears no responsibility.

18   The defendants' Joinder Complaint fails to state a claim upon which relief may be granted.

19.   Plaintiff's claims may be barred by the applicable statute of limitations

20.   Plaintiff may not have been wearing, or properly wearing, the available occupant restraints at the time of the accident described in the defendants' Joinder Complaint.

21   Abuse and/or misuse of the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint, including but not limited to the failure to maintain said vehicle, may constitute the sole and exclusive cause of the injuries referenced in the Complaint.

22   Plaintiff may have been negligent in the operation of the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint so as to bar or reduce any recovery by operation of the provisions of the Pennsylvania Comparative Negligence Act.

-5-

23. Plaintiff's claims may be barred and/or limited by the statutes of the Commonwealth of Pennsylvania relating to motor vehicle insurance and/or motor vehicle accidents.

24. Some or all of the damages requested by the plaintiff are not recoverable in this action.

25. General Motors hereby pleads any and all releases entered, or to be entered into, by the defendants, as a reduction, in whole or in part, of any damages to which the defendants may be entitled to recover from General Motors, it being specifically denied that General Motors is liable to the defendants in any respect

26 To the extent that plaintiff failed to maintain or preserve the 2003 Chevrolet Silverado referenced in the defendants' Joinder Complaint and/or its component parts in their immediate post-accident condition, plaintiff is guilty of spoliation and the defendants may not maintain an action against General Motors

27. The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint may have been substantially altered or modified after it left the possession of General Motors.

28. It is specifically denied that the 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was in a defective or dangerous condition at the time that it left the possession and/or control of General Motors Corporation.

29. The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was designed and manufactured in compliance with congressionally enacted safety standards.

30 The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint was designed and manufactured in conformity with the prevailing scientific and technological knowledge at the time the vehicle left the possession and/or control of General Motors Corporation

31 The 2005 Chevrolet Cobalt referenced in the defendants' Joinder Complaint should have been delivered to the purchaser with a written Limited New Car Warranty. Said warranty speaks for itself and General Motors hereby pleads the limitations contained in said warranty.

-6-

32.    Plaintiff may have failed to mitigate his or her damages

33    General Motors reserves the right upon completion of its investigation and discovery,
which is ongoing and incomplete, to file such additional defenses, counterclaims, cross-claims and/or
third-party complaints as may be appropriate.

WHEREFORE, third-party defendant, General Motors Corporation, demands judgment in its
favor against defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc ,
T/A The Horse Tavern & Grill, on the causes of action alleged and requests the costs of this litigation

LAVIN, O'NEIL, RICCI , CEDRONE & DISIPIO

DATE· 2/23/09            BY·

_____
FRANCIS J GREY, JR , ESQUIRE
MONICA V PENNISI MARSICO, ESQUIRE
*Attorneys for Third-Party Defendant,*
*General Motors Corporation*

## VERIFICATION

STATE OF MICHIGAN      )
                               )    SS.

COUNTY OF WAYNE      )

DIANE L RORAI being first duly sworn, deposes and says that she is authorized pursuant to

applicable law and rules to verify, on behalf of General Motors Corporation, the forgoing

**GENERAL MOTORS CORPORATION'S ANSWER WITH NEW MATTER TO JOINDER COMPLAINT PURSUANT TO PA.R.C.P. 2252 OF DEFENDANTS, D&M REAL ESTATE, LLC, T/A THE HORSE TAVERN & GRILL AND THE HORSE, INC, T/A THE HORSE TAVERN & GRILL**

And that the same are hereby verified on behalf of General Motors Corporation

_Diane L. Rorai_
DIANE L. RORAI
Authorized Agent

Sworn to and subscribed before me
This 28th day of February, 2009

MARY J. VERSEY-LANDRUM
NOTARY PUBLIC, MICHIGAN
WAYNE COUNTY
MY COMMISSION EXPIRES JAN. 19, 2012

Notary Public

_Re: Jamie Medford Frei v. D&M Real Estate, LLC, et al v. General Motors Corporation_

## CERTIFICATE OF SERVICE

I, Monica V. Pennisi Marsico, hereby certify that on this 23rd day of February, 2009, a copy of the foregoing, *General Motors Corporation's Answer with New Matter to Joinder Complaint pursuant to Pa.R.C.P. 2252 of defendants, D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill,* was served upon on all counsel listed below via United States Mail, postage prepaid.

William C. Roeger, Jr., Esquire
William G. Roark, Esquire
HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
210 W. Walnut Street
P.O. Box 259
Perkasie, PA 18944

William Dirk Pastorick, Esquire
Brian M. Ardis, Esquire
NELSON LEVINE DELUCA & HORST, LLC
457 Haddonfield Road
Suite 710
Cherry Hill, NJ 08002

Monica V. Pennisi Marsico, Esquire

# EXHIBIT C



PENNSYLVANIA STATUTES, ANNOTATED BY LEXISNEXIS (R)
Copyright © 2012 by Matthew Bender & Company, Inc.,
a member of the LexisNexis Group.

* Pa.C.S. documents are current through 2012 Regular Session Act 47, Enacted May 17, 2012. *
* P.S. documents are current through Act 2012-33 *
* May 14, 2012 Annotation Service. *

PENNSYLVANIA CONSOLIDATED STATUTES
TITLE 42. JUDICIARY AND JUDICIAL PROCEDURE
PART VII. CIVIL ACTIONS AND PROCEEDINGS
CHAPTER 83. PARTICULAR RIGHTS AND IMMUNITIES
SUBCHAPTER B. CONTRIBUTION AMONG TORT-FEASORS

**Go to the Pennsylvania Code Archive Directory**

42 Pa.C.S. § 8327 (2012)

§ 8327. Liability to make contribution as affected by release.


A release by the injured person of one joint tort-feasor does not relieve him from liability to make contribution to another tort-feasor, unless the release is given before the right of the other tort-feasor to secure a money judgment for contribution has accrued and provides for a reduction to the extent of the pro rata share of the released tort-feasor of the injured person's damages recoverable against all the other tort-feasors.

**HISTORY:** Act 1976-142 (S.B. 935), P.L. 586, § 2, approved July 9, 1976, See section of this act for effective date information.

LexisNexis (R) Notes:


CASE NOTES



1. In an action for contribution arising from a truck accident brought by insurers against the commonwealth department of transportation (department) under the Uniform Contribution Among Tort-Feasors Act, 42 Pa. Cons. Stat. §§ 8321 to 8327, summary judgment in favor of the department was reversed because the insurers' complaint contained allegations of the department's negligence creating a dangerous condition of a highway under its jurisdiction, which allegations, if proved, could render the department liable under the exceptions to sovereign immunity enumerated in the Judicial Code, 42 Pa. Cons. Stat. § 8522; because a governmental unit could indeed be jointly liable, the department was not entitled to judgment as a matter of law.
 Underwriters at Lloyds London v. Commonwealth, DOT, 145 Pa. Commw. 268, 603 A.2d 241, 1992 Pa. Commw. LEXIS 98 (1992).

42 Pa.C.S. § 8327

2. Subcontractor was not entitled to have a judgment amended to reflect its right of contribution from other tortfeasors because, since the subcontractor had not made payment to discharge the common liability, it had not met a condition precedent to the accrual of his claim for right of contribution under 42 Pa. Cons. Stat. § 8327.

St. Paul Fire & Marine Ins. Co. v. Nolen Group, Inc., 2007 U.S. Dist. LEXIS 64603, 74 Fed. R. Evid. Serv. (CBC) 461 (E.D. Pa. Aug. 31 2007).

TREATISES AND ANALYTICAL MATERIALS

1. 12-179 Dunlap-Hanna Pennsylvania Forms P 179.07, CHAPTER 179 Settlements, Common Additional Release Terms.

2. 4 P.L.E. AUTOMOBILES AND MOTOR VEHICLES § 293, Pennsylvania Law Encyclopedia, Joint Tort-feasors, Copyright 2010, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

3. 14 P.L.E. COSTS AND COUNSEL FEE AWARDS § 105, Pennsylvania Law Encyclopedia, --Judgments, Settlements, and Releases, Copyright 2010, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

4. 14 P.L.E. COSTS AND COUNSEL FEE AWARDS § 108, Pennsylvania Law Encyclopedia, Measure of Contribution, Copyright 2010, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

5. 41 P.L.E. RELEASE § 36, Pennsylvania Law Encyclopedia, Joint Wrongdoers, Copyright 2010, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

6. 48 P.L.E. TORTS § 12, Pennsylvania Law Encyclopedia, -- Joint Tort-feasors, Copyright 2010, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

**LexisNexis 50 State Surveys, Legislation & Regulations**

Compensatory Damages & Costs