Hearing Date: May 31, 2012 at 9:45 a.m.

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
*Attorneys for Motors Liquidation
Company GUC Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :     Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,                          :     09-50026 (REG)
       f/k/a General Motors Corp., *et al.*                    :
                                                               :
                      Debtors.                                 :     (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## REPLY TO DECLARATION FILED BY RELCO SYSTEMS, INC. IN OPPOSITION TO OBJECTION TO PROOF OF CLAIM NO. 70019

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, files this reply (the "**Reply**") to the Declaration of Michael Hounshel of Relco Systems, Inc. ("**Relco**") filed in response (the "**Response**") to the GUC Trust's objection (the "**Objection**") to proof of claim number 70019 (the "**Claim**").[1] In support of this Reply, the GUC Trust respectfully represents:

---

[1] The Response, which is labeled as a "Declaration," contains legal arguments which go beyond factual representations in support of the Claim. Thus, for the purposes of this Reply, the GUC Trust treats the filing as a response to the Objection.

## **PRELIMINARY STATEMENT**

1. In the Objection, the GUC Trust demonstrates that the Claim is subject to and barred by section 502(e)(1)(B) of title 11 of the United States Code (the "**Bankruptcy Code**") because (1) the Claim is for reimbursement or contribution; (2) to the extent there is any contamination on Relco's property for which the Debtors could be liable for, Relco, as the property owner, would be co-liable with the Debtors; and (3) the Claim is contingent because Relco has not made payments or incurred costs for contamination to the property. *See* Objection, at ¶¶ 8 - 17.

2. In the Response, Relco argues that the Claim is not subject to disallowance under section 502(e)(1)(B) because it is not contingent. Response, at ¶¶ 4, 7. Without citing any legal authority, Relco insists that, because the property next-door is contaminated, the Claim is not contingent – even though it acknowledges that Relco "has not yet conducted soil and ground water testing" with respect to its property. Response, at ¶ 7. Relco is wrong as a matter of law. Indeed, case law supports the conclusion that, so long as there is no evidence of contamination on Relco's property, the Claim is contingent and is thus subject to disallowance under section 502(e)(1)(B).

3. To the extent the Court sides with Relco and finds the Claim is not contingent, the Claim still fails as a matter of law under section 502(b)(1). Indeed, Relco has not (and cannot) meet its burden to show that its property is contaminated. As a matter of law, a claimant cannot establish a claim for contamination by relying – as Relco attempts to do here – solely on allegations of contamination to an adjacent property. Thus, it has no valid right of payment against the Debtors.

2

4.     For the foregoing reasons and those set forth in the Objection, the Claim should be disallowed and expunged.

## ARGUMENT[2]

**A.     The Claim Should be Disallowed and Expunged Under Section 502(e)(1)(B)**

5.     As set forth in the Objection, section 502(e)(1)(B) of the Bankruptcy Code provides, in relevant part, that the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor to the extent that "such claim for reimbursement or contribution is *contingent* as of the time of allowance or disallowance of such claim for reimbursement or contribution." 11 U.S.C. § 502(e)(1)(B) (emphasis added). In the Response, Relco attempts to avoid application of this provision by arguing that the Claim is not contingent.[3] Response at ¶¶ 4, 7. Relco is wrong as a matter of law.

6.     A claim is contingent where (as here), it is based on unknown facts such "the location of [contaminated] sites, the determination of their coverage by CERCLA, and the incurring of response costs by EPA." *In re Chateaugay Corp.*, 944 F.2d 997, 1005 (2d Cir. N.Y. 1991) (unknown facts such "the location of [contaminated] sites, the determination of their coverage by CERCLA, and the incurring of response costs by EPA are all steps that may fairly be viewed, in the regulatory context, as rendering EPA's claim 'contingent'"). The Claim, which is based on the possibility of contamination on a site where no response costs have been incurred, fits squarely within the definition of a contingent claim. *In re Chemtura Corp.*, 443

---

[2]     For purposes of the Objection, the GUC Trust requests the Court treat the facts alleged by Relco as true. However, the GUC Trust reserves the right to challenge such factual allegations, all of which the GUC Trust expressly refutes. Moreover, to the extent the Court denies this Objection, the GUC Trust reserves all rights to challenge the amount sought by Relco in connection with the Claim.

[3]     While Relco also argues that it is not co-liable with the debtor (Reply ¶5), it is undisputed that it owns the subject property and as a result, may be responsible for investigation cleanup costs under CERCLA. 42 U.S.C. § 9607(a)(1).

B.R. 601, 617 (Bankr. S.D.N.Y. 2011) ("until and unless amounts *are actually paid*, the claims for reimbursement or contribution with respect to those amounts remain contingent for 502(e)(1)(B) purposes") (emphasis in the original); *In re Lyondell Chem. Co.*, 442 B.R. 236, 248 (Bankr. S.D.N.Y. 2011) (same).

7.  Specifically, Relco argues – without legal support – that the Claim is not contingent because contamination at the "Apostolic Holiness Tabernacle property located . . . immediate adjacent to the Relco Property" indicates that there is contamination on the Relco property. Response at ¶ 7 (emphasis in the original). However, even if the adjacent property were contaminated – this is insufficient to erase the contingency factor inherent in the Claim. *In re Cottonwood Canyon Land Co.*, 146 B.R. 992, 997 (Bankr. D. Colo. 1992) (disallowing claim pursuant to section 502(e)(1)(b) based on alleged migrating of hazardous materials from adjacent property owned by the debtor because "the claim is contingent, at least to the extent that CSI had not, as of the date of confirmation, expended dollars in the satisfaction of its obligation as owner to commence remediation of the property").

**B.    The Claim Should Also be Disallowed and Expunged Under Section 502(b)**

8.  Even if Relco were correct (which it is not) that the Claim is not contingent, the Claim should also be expunged under section 502(b) of the Bankruptcy Code.

9.  Where (as here), an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. 11 U.S.C. § 502(b); *see also In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). If the claimant docs not allege a sufficient legal basis for the claim, the claim is

not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim. *In re Chain*, 255 B.R. 278, 280, 281 (Bankr. D. Conn. 2000); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988). For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000).

10. Here, it is Relco's burden to demonstrate that the Claim is enforceable "against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Relco cannot satisfy that burden. Relco has provided no evidence to support the proposition that there has been actual contamination to its property.[4] Indeed, Relco's reliance on alleged contamination to the neighbor's property is insufficient as a matter of law. *See DVL Inc. v. General Electric*, 811 F.Supp.2d 579, 598 (N.D.N.Y 2010) (summary judgment granted to defendant where plaintiff could only show contamination on property adjacent to its own); *Township of North Bergen v. Senger*, No. A-2051-07T2, 2009 WL 2192243 at *2 (N.J. Super. Ct. App. Div. July 24, 2009) (dismissing counterclaims based on property damages caused by alleged contamination because "there was no evidence that Senger's property (as opposed to adjacent properties) was contaminated"). In light of the foregoing, Relco cannot show that it has a right to payment against the Debtors and the Claim should be dismissed under section 502(b).

---

[4] Counsel to the GUC Trust has asked Relco's counsel in several phone conversations for documentation showing actual contamination to the property which would support the Claim. Relco's counsel did not provide any such information and insisted that the information contained in the Response was sufficient to support the Claim.

## CONCLUSION

For the reasons set forth above and in the Objection, this Court should enter an order disallowing and expunging the Claim under section 502(e)(1)(B) of the Bankruptcy Code or, alternatively, under section 502(b) of the Bankruptcy Code, and granting such other and further relief as is just and proper.

Dated: New York, New York
      May 24, 2012

    /s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
Attorneys for Motors Liquidation
Company GUC Trust