HEARING DATE AND TIME: June 14, 2012 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 7, 2012 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|  | : |  |
| --- | --- | --- |
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : |  |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------x

## NOTICE OF MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION AS TO THE PROOF OF CLAIM FILED BY ANNE VALDES FOR THE SOLE PURPOSE OF ALLOWING CLAIMANT TO LIQUIDATE THE PROOF OF CLAIM BY FILING AN ACTION

**PLEASE TAKE NOTICE** that upon the annexed Motion, dated May 31, 2012,

of the Motors Liquidation Company GUC Trust (the "**GUC Trust**")[1] for an order authorizing a

limited modification of the Automatic Stay and the Plan Injunction as to the Proof of Claim filed

by Anne Valdes, all as more fully described in the Motion, a hearing will be held before the

Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

York 10004 on **June 14, 2012 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel

may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable

document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with

the customary practices of the Bankruptcy Court and General Order M-399, to the extent

practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal &

Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153

(Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the

Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370,

Birmingham, Michigan  48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

US_ACTIVE:\43995250\6\72240.0639

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for

Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as

Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York

10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the

Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500,

Atlanta, Georgia  30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the

Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th

Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P.

Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas

78703; and (xvi) The Arango Law Firm, 1801 SE 3rd Ave. Number 600, Miami, Florida (Attn:

Julio Arango, Esq.) so as to be received no later than **June 7, 2012 at 4:00 p.m. (Eastern Time)**

(the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the GUC Trust may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Motion, which may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      May 31, 2012

/s/  Joseph H. Smolinksy
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

4

HEARING DATE AND TIME: June 14, 2012 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 7, 2012 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
    Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
**In re**                                   :    **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :    **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.* :
                                            :
                **Debtors.**                :    **(Jointly Administered)**
                                            :
---------------------------------------------------------------x

**MOTION OF MOTORS LIQUIDATION COMPANY**
**GUC TRUST FOR LIMITED MODIFICATION OF THE AUTOMATIC**
**STAY AND THE PLAN INJUNCTION AS TO THE PROOF OF CLAIM FILED**
**BY ANNE VALDES FOR THE SOLE PURPOSE OF ALLOWING CLAIMANT TO**
**LIQUIDATE THE PROOF OF CLAIM BY FILING AN ACTION**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES DISTRICT BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**") respectfully

represents:

**Relief Requested**

        1.      The GUC Trust attempted to settle proof of claim number 3958 (the

"**Proof of Claim**") filed by Anne Valdes ("**Claimant**") through mediation pursuant to the ADR

US_ACTIVE:\43995250\6\72240.0639

Procedures.[2] The mediation was unsuccessful. Accordingly, pursuant to the ADR Order and Procedures, the GUC Trust now requests a limited modification of the Automatic Stay and the Plan Injunction solely to the extent necessary to permit liquidation of the Proof of Claim through litigation in an action to be filed by Claimant within forty-five days of the entry of this Court's order granting this Motion.

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

A. The Bankruptcy Proceedings and the Automatic Stay

3. On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

4. Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date and barred, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that was commenced prior to the Commencement Date (the "**Automatic Stay**").

B. The Proof of Claim Was Not Pending in Any Forum as of the Commencement Date

5. On October 5, 2009 Claimant filed the Proof of Claim asserting an unsecured claim in the amount of $3,122,635.75 based on alleged personal injuries. The Proof

---

[2] Capitalized terms not defined in this section are defined below.

of Claim is annexed hereto as **"Exhibit A."**

6.      No lawsuit was pending against the Debtors as of the Commencement

Date.

C.      The Proof of Claim Remains Unresolved After
        Mediation Pursuant to the ADR Order and ADR Procedures

7.      On February 23, 2010, this Court entered the Order Pursuant to 11 U.S.C.

§ 105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implementation of

Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF

No. 5037).[3]

8.      Pursuant to the ADR Order and the ADR Procedures, Claimant and the

GUC Trust participated in mediation of the Proof of Claim, but were unable to resolve the Proof

of Claim at that mediation.  Thus, the Proof of Claim is an "Unresolved Designated Claim"

pursuant to the ADR Order and the ADR Procedures.

9.      The ADR Order and the ADR Procedures provide that if an Unresolved

Designated Claim cannot be adjudicated in the Court as a result of abstention or because of lack

of or limitations upon subject matter jurisdiction, and litigation of such Unresolved Designated

Claim was not pending in any forum on the date the Debtors commenced their respective

voluntary chapter 11 cases, then litigation shall proceed in the United States District Court for

the Southern District of New York or such nonbankruptcy forum that has personal jurisdiction,

subject matter jurisdiction, or *in rem* jurisdiction and is a proper venue.  (*See* ADR Procedures §

II.E.3; ADR Order at 6 (Ex. B).)

---

[3] The ADR Order and ADR Procedures were subsequently amended by the Court on October 25, 2010 (ECF No. 7558).  The amended ADR Order and ADR Procedures are annexed hereto as "**Exhibit B**."  On February 13, 2012, the GUC Trust filed a Motion to Supplement the ADR Procedures, and the entry of that order is currently pending. (ECF No. 11413.)

3

10.     On March 28, 2011, the Court entered its Findings of Fact, Conclusions

of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020

of the Federal Rules of  Bankruptcy Procedure Confirming Debtors' Second Amended Joint

Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the

Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the

"**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company

GUC Trust Agreement, (iii) transferred certain claims pending against MLC to the GUC Trust,

(iv) authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates, and (v)

enjoined all persons from commencing or continuing in any manner on account of or respecting

any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or

the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in

accordance with the Plan (the "**Plan Injunction**").  (*See* Confirmation Order ¶ 54.)  Pursuant to

the Plan, the GUC Trust succeeded the Debtors in resolving and liquidating claims, including the

Proof of Claim.

11.     Pursuant to the ADR Order and the ADR Procedures, the GUC Trust

wishes to modify the Automatic Stay and the Plan Injunction solely to the extent necessary to

permit the liquidation of the amount of the Proof of Claim through litigation in an action to be

filed by Claimant (the "**Action**") within forty-five days of the entry of this Court's order granting

this Motion.

### The Relief Requested Should Be Approved by the Court

12.     The Proof of Claim cannot be adjudicated to judgment by the Court

because it is an unliquidated personal injury claim.  See 28 U.S.C. § 157(b).  Accordingly,

because no claim was pending in a nonbankruptcy forum as of the Commencement Date, the

ADR Procedures provide that litigation of the Proof of Claim shall proceed in the United States

4

District Court for the Southern District of New York or such other nonbankruptcy forum that has

personal jurisdiction, subject matter jurisdiction, or *in rem* jurisdiction and is a proper venue.

(ADR Procedures § II.E (Ex. B).)

13.    The ADR Order further provides that if litigation of an Unresolved

Designated Claim in a forum other than this Court is required, the Automatic Stay shall be

modified "solely to the extent necessary to permit the liquidation of the amount of such

Unresolved Designated Claim in the appropriate forum."  (ADR Order at 6 (Ex. B); *see also*

ADR Procedures §§ II.E(3)-(4) (Ex. B).)[4]

14.    Here, the GUC Trust is seeking to modify the Automatic Stay solely to

the extent necessary to proceed with liquidation of the Claimant's Proof of Claim.[5]  *See Teachers*

*Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986) (automatic stay is intended

to benefit a debtor by giving the debtor a "breathing spell" from creditors and providing for

orderly administration of the bankruptcy estate).

15.    The GUC Trust cannot liquidate Claimant's Proof of Claim without the

filing of the Action.  Claimant should be ordered to file the Action so that the Proof of Claim can

---

[4] The ADR Procedures further provide that any such liquidated claim "(a) shall be subject to treatment under the applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise determined and ordered by the Bankruptcy Court."  (*See* ADR Procedures § II.E(4) (Ex. B).)

[5] The United States District Court for the Southern District of New York where the Debtors' bankruptcy is pending is the proper forum to resolve the Proof of Claim.  *See In re U.S. Lines, Inc.* 216 F.3d 228, 234 (2d Cir. 2000); 28 U.S.C. 157(b)(5) (the district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending).  Under § 1334(b), federal jurisdiction exists if the matter is "related to" a bankruptcy.  28 U.S.C. § 1334(b).  Moreover, personal injury claims are properly tried in the district court in which the bankruptcy case is pending.  *See* § 157(b)(5).  Judicial efficiency and the economic administration of the Debtors' estates support jurisdiction in the Southern District of New York as the court is familiar with the Debtors' bankruptcy and will be able to more quickly and efficiently render a decision in the Action than would a court that is not, and because the Debtors' bankruptcy is venued in the Bankruptcy Court for the Southern District of New York.  To avoid the procedural hurdles and expense of litigating the removal and transfer of this matter to the Southern District of New York, the GUC Trust suggests that Claimant file the action in the Southern District of New York at the outset to avoid unnecessary motion practice.

US_ACTIVE:\43995250\6\72240.0639

be liquidated through a complete resolution of the claims Claimant alleges against the Debtors.

Under 28 U.S.C. § 157(b), this Court cannot liquidate Claimant's personal injury claim, and the

ADR Order and Procedures provide that the Action may appropriately proceed in the United

States District Court for the Southern District of New York or such other nonbankruptcy forum

that has personal jurisdiction, subject matter jurisdiction, or *in rem* jurisdiction and is a proper

venue.  *See* 28 U.S.C. § 157(b); *see also* ADR Order at 6 (Ex. B); ADR Procedures §§ II.E(3)-(4)

(Ex. B).

16.     Moreover, any delay by the Claimant in filing the Action would

unnecessarily delay Plan distributions.  Accordingly, the GUC Trust requests that this Court

order Claimant to file the Action within forty-five days of the entry of an order approving this

Motion.  Without liquidation, Claimant's Proof of Claim will remain unresolved and pending on

the claims register.  The GUC Trust would thus be required to delay its final distributions

pending liquidation of the Proof of Claim, a result that would be unfairly prejudicial to other

unsecured creditors who have timely filed proofs of claim.  In the event the Action is not timely

filed, or a motion to extend the time for filing for cause is not filed with this Court within the

forty-five day period, the Proof of Claim should be automatically disallowed and expunged.

17.     Pursuant to the ADR Order and Section II.E. of the ADR Procedures, the

GUC Trust respectfully requests that the Court modify the Automatic Stay and the Plan

Injunction solely to the extent necessary to enable Claimant to file the Action and further

requests that this Court direct Claimant to file the Action within forty-five days of the entry of an

order approving this Motion.

## Notice

18.     Notice of this Motion has been provided to Claimant, by and through her

counsel of record, and parties in interest in accordance with the Sixth Amended Order Pursuant

6

to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case

Management Procedures, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that

such notice is sufficient and no other or further notice need be provided.

                19.      No previous request for the relief sought herein has been made by the

GUC Trust to this or any other Court.

              WHEREFORE the GUC Trust respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

      Dated:  New York, New York
             May 31, 2012

                            /s/ Joseph H. Smolinksy _____
                            Harvey R. Miller
                            Stephen Karotkin
                            Joseph H. Smolinsky

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Motors Liquidation
                             Company GUC Trust

7

## **Exhibit A**

**Proof of Claim No. 3958**



# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

**Name of Debtor (Check Only One)**

- ☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 13-13558 (REG)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) VALDES, ANNE

**Name and address where notices should be sent**

VALDES, ANNE
~~2802 NE 214th PL~~
~~MIAMI, FL 00000~~-1323
c/o Julio Arango, Esq
1801 SW 3 Ave #600
Miami, FL 33129

Telephone number 305-446-8185
Email Address JulioArango@JVALaw com

**Name and address where payment should be sent** (if different from above)

c/o Julio Arango, Esq
1801 SW 3 Ave #600
Miami, FL 33129

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____ (If known)

Filed on _____

**FILED - 03958**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**Your Claim is Scheduled As Follows:**

Motors Liquidation Company

Unsecured Unknown

Contingent / Unliquidated / Disputed

[Stamp: THE GARDEN CITY GROUP, INC. OCT 5 20..]

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**   $ 3,122,635.75/100 (See Attached)

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2  Basis for Claim** PERSONAL INJURY ; PHYSICAL DISCOMFORT, MENTAL EMOTIONAL TRAUMA
(See instruction #2 on reverse side ) Hospital & Medical Expenses ; Pain + Suffering (See Attached)

**3  Last four digits of any number by which creditor identifies debtor**

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property  $_____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim  $_____    Amount Unsecured  $_____

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes purchase orders, invoices itemized statements or running accounts, contracts, judgments mortgages and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary (See instruction 7 and definition of redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

Date 9/30/09

[Signature]  Anne Valdes, Claimant, Plaintiff Personal Injury — Creditor

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

**<u>Exhibit B</u>**

**Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing
Implementation of Alternative Dispute Procedures, Including Mandatory Mediation, dated
October 25, 2010 (ECF No. 7558)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                   :

In re                             :         **Chapter 11 Case No.**

                                   :

**MOTORS LIQUIDATION COMPANY,** *et al.,* :         **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*   :

                                   :

                   **Debtors.**         :         **(Jointly Administered)**

                                   :

--------------------------------------------------------------x

## AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a)
## AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF
## <u>ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY</u>
## <u>MEDIATION</u>

Upon the Motion, dated January 11, 2010 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as

debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section

105(a) of title 11, United States Code and General Order M-390 (the "**Original ADR**

**Order**"), for authorization to implement alternative dispute procedures, including

mandatory mediation (the "**ADR Procedures**"), all as more fully set forth in the Motion;

and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion, the Omnibus Reply of the Debtors to Objections to Debtors' Motion for Entry of
Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative
Dispute Resolution Procedures, Including Mandatory Mediation, and in the ADR Procedures annexed to
the Original ADR Order as Exhibit "A."

Motion establish just cause for the relief granted herein; and after consideration of the

response pleadings filed; and the Court having entered the Original ADR Order; and

upon the Debtors' Motion, dated October 8, 2010 (the "**Motion to Amend**") to amend

the ADR Order; and the Court having determined since the entry of the Original ADR

Order that the Original ADR Order should be modified in certain respects and restated in

its entirety as provided herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that this Amended ADR Order supersedes in all respects the

Original ADR Order; and it is further

ORDERED that notwithstanding anything to the contrary in the Motion or

Motion to Amend, the ADR Procedures, as set forth in **Exhibit "A"** to this Amended

ADR Order, are approved as provided herein with respect to (a) personal injury claims,

(b) wrongful death claims, (c) tort claims, (d) product liability claims, (e) claims for

damages arising from the rejection of an executory contract or unexpired lease with a

Debtor under section 365 of the Bankruptcy Code (excluding claims for damages arising

from the rejection of executory contracts that relate primarily to environmental matters),

(f) indemnity claims (excluding tax indemnity claims relating to leveraged fixed

equipment lease transactions and excluding indemnity claims relating to asbestos

liability), (g) lemon law claims, to the extent applicable under section 6.15 of the Master

Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of

June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable

under section 6.15 of the MPA, and (i) class action claims (the "**Initial Subject**

**Claims**"); and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion, the Motion to Amend, or the ADR Procedures, the ADR procedures shall not apply to claims filed by the United States of America or its agencies; *provided*, *however*, nothing shall preclude the Debtors from seeking in the future by separate motion alternative dispute resolutions in connection with any such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion or the ADR Procedures, the ADR Procedures shall not apply to claims filed by state and tribal governments concerning alleged environmental liabilities; *provided*, *however*, nothing shall preclude the Debtors from seeking in the future by separate motion alternative dispute resolutions in connection with any such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion, the Motion to Amend, or the ADR Procedures, the United States of America, nor any state or tribal government shall be in any way bound by any determination made pursuant to the ADR Procedures as to any other party or claim subject to the ADR Procedures, including any determination with respect to the amount, classification, disallowance, or type of claim; and it is further

ORDERED that, annexed to this Amended ADR Order as **Exhibit "B"** is a revised schedule of mediators (the "**Schedule of Mediators**"); and it is further

ORDERED that, the Debtors from time to time may further modify the Schedule of Mediators, in consultation with the Ad Hoc Committee, by filing a revised

Schedule of Mediators with this Court and providing counsel to the Ad Hoc Committee

with the Sharing Cap for each additional mediator added to the Schedule of Mediators;

and it is further

ORDERED that, the Debtors are authorized to waive the obligation to

share costs of non-binding mediation in their sole discretion to the extent the Designated

Claimant establishes, to the satisfaction of the Debtors, that sharing of such expenses

would constitute a substantial hardship upon the Designated Claimant; and it is further

ORDERED that, within thirty (30) days from the date of entry of this

Order (the "**Capping Period**"), any holder of an Unliquidated/Litigation Claim that is an

Initial Subject Claim filed against any of the Debtors may request the Debtors to initiate

the ADR Procedures for such Unliquidated/Litigation Claim by sending a letter (each a

"**Capping Proposal Letter**," the form of which is annexed to this Order as **Exhibit "C"**)

to the Debtors indicating a willingness to cap its Unliquidated/Litigation Claim at a

reduced amount (the "**Claim Amount Cap**"); *provided*, *however*, that with respect to any

claim for amounts resulting from the rejection of an executory contract that is rejected

pursuant to an order entered after the date of this Order, a Capping Proposal Letter will

be deemed timely if it is received within thirty (30) days of the entry of the order

authorizing such rejection; and it is further

ORDERED that, upon receiving a Capping Proposal Letter, the Debtors

will, if, and only if, the Claim Amount Cap is accepted by the Debtors, initiate the ADR

Procedures by designating the Unliquidated/Litigation Claim in accordance with the

ADR Procedures and will indicate in the ADR Notice that the Claim Amount Cap has

been accepted; and it is further

ORDERED that, if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimant, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap. To the extent the Debtors accept the Claim Amount Cap, the Debtors will be responsible for all fees and costs associated with any subsequent mediation. If the Claim Amount Cap is not accepted, the Debtors will notify the Designated Claimant that the Claim Amount Cap has been rejected, and the Claim Amount Cap will not bind any party and shall not be admissible to prove the amount of the Unliquidated/Litigation Claim; and it is further

ORDERED that, within one month after the Capping Period has expired, the Debtors will provide to (i) counsel for the statutory committee of unsecured creditors (the "**Creditors' Committee**"), and (ii) counsel for the United States of America, a privileged and confidential report containing information on the status of the Unliquidated/Litigation Claims (the "**Committee Report**"). The Debtors shall provide both the Creditors' Committee and the United States of America with an updated Committee Report once a month; and it is further

ORDERED that the following notice procedures are hereby approved:

1. Within **three (3) days** of entry of this Order, the Debtors shall cause to be mailed a copy of this Order to all known holders of Initial Subject Claims that are subject to the ADR Procedures.

2. The Debtors shall post a form of the Capping Proposal Letter on the website established by GCG for the Debtors' cases: www.motorsliquidationdocket.com;

and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures with respect to the Initial Subject Claims, including, without limitation, by implementing any arbitration awards or settlements with respect to Designated Claims achieved under the terms of the ADR Procedures; *provided, howeve*r, that nothing in this Order or the ADR Procedures, shall obligate the Debtors to settle or pursue settlement of any particular Designated Claim; *further provided* that any such settlements may be pursued and agreed upon as the Debtors believe are reasonable and appropriate in their sole discretion, subject to the terms and conditions set forth in the ADR Procedures; and it is further

ORDERED that, if litigation of an Unresolved Designated Claim in a forum other than this Court is required for any of the reasons forth in Section II.E.3 of the ADR Procedures (as determined by this Court), then the Stay shall be modified subject to the terms and conditions set forth in Section II.E.4 of the ADR Procedures. Any such modification of the Stay shall be solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum. If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, as set forth in Section II.E.4 of the ADR Procedures, the Stay shall remain in effect with respect to such Unresolved Designated Claim, and the Designated Claimant may seek a determination of this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy forum as set forth in Section II.E.3 of the ADR Procedures; and it is further

09-50026-reg Doc 4767 Filed 05/31/13 Entered 05/31/13 16:39 Main Document Pg 7 of 7
09-50026-reg Doc 7533 Filed 10/25/10 Entered 10/25/10 15:09:31 Main Document Pg 7 of 7
Pg 21 of 62

ORDERED that nothing contained in this Amended ADR Order shall be deemed to preclude any party in interest from objecting to any Designated Claim to the extent such entity has standing to assert an objection in accordance with Bankruptcy Code and applicable law; and it is further

ORDERED that nothing contained in this Order shall alter the Creditors' Committee's rights set forth in this Court's Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180]; and it is further

ORDERED that nothing in the ADR Procedures, including the ADR Injunction set forth therein, shall preclude the holder of a Designated Claim from commencing or continuing an action against a non-debtor party; and it is further

ORDERED that Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Capping Proposal Letter, the ADR Procedures, and the Committee Report; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Amended ADR Order and the ADR Procedures.

New York, New York
Date: **_October 25, 2010_**

*s/ Robert E. Gerber*
Honorable Robert E. Gerber
United States Bankruptcy Judge

# **Exhibit A**

# **The ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                    :

In re                             :             **Chapter 11 Case No.**
                                    :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :    **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*  :
                                      :

                    **Debtors.**        :        **(Jointly Administered)**
                                      :
-----------------------------------------------------------------x

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

      The alternative dispute resolution procedures (the "**ADR Procedures**") adopted

in the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), are set

forth below:

      **I.**    **CLAIMS SUBJECT TO THE ADR**
                **PROCEDURES AND ADR INJUNCTION**

      **A.**    **Claims Subject to the ADR Procedures**

      1.      The claims subject to the ADR Procedures (collectively, the "**Designated**

**Claims**") include any and all claims (other than an Excluded Claim as defined below) designated

by the Debtors under the notice procedures set forth below that assert or involve claims based on

one or more of the following theories of recovery, whether or not litigation previously has been

commenced by the claimant: (a) personal injury claims, (b) wrongful death claims, (c) tort

claims, (d) product liability claims, (e) claims for damages arising from the rejection of an

executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code

(excluding claims for damages arising from the rejection of executory contracts that relate

primarily to environmental matters), (f) indemnity claims (excluding tax indemnity claims

relating to leveraged fixed equipment lease transactions and excluding indemnity claims relating

to asbestos liability), (g) lemon law claims, to the extent applicable under section 6.15 of the

Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of

June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable under

section 6.15 of the MPA, and (i) class action claims ("**Class Claims**").  The Debtors may

identify as a Designated Claim any proof of claim asserted in these cases, other than Excluded

Claims as defined in Section I.B below, if the Debtors believe, in their business judgment and

sole discretion, that the ADR Procedures would promote the resolution of such claim and serve

the intended objectives of the ADR Procedures.

> 2.     The holders of the Designated Claims are referred to herein as the

"**Designated Claimants**."

> B.     <u>**Excluded Claims**</u>

> The Debtors shall not identify as a Designated Claim any proof of claim within

any of the following categories (collectively, the "**Excluded Claims**"): (a) claims for which the

automatic stay under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**")

was modified by prior order of this Court (the "**Bankruptcy Court**") to allow the litigation of

the claim to proceed in another forum; (b) claims asserted in liquidated amounts of $500,000 or

less; (c) asbestos-related claims (including indemnity claims relating to asbestos liability); (d)

environmental claims that constitute prepetition unsecured claims (including claims for damages

arising from the rejection of executory contracts that relate primarily to environmental matters);

(e) patent infringement claims; (f) tax claims (excluding tax indemnity claims relating to

leveraged fixed equipment lease transactions); and (g) claims subject to a separate order of the

Bankruptcy Court providing for arbitration or mediation.  Notwithstanding the foregoing, any of

the Excluded Claims, any disputed postpetition administrative expenses, and any claims or

counterclaims asserted by the Debtors may be submitted to the ADR Procedures by agreement of

the applicable Debtor and the applicable claimant or by further order of the Bankruptcy Court.

### C.  The ADR Injunction

Upon service of the ADR Notice (as defined below) on a Designated Claimant

under Section II.A.1 below, such Designated Claimant (and any other person or entity asserting

an interest in the relevant Designated Claim) shall be enjoined from commencing or continuing

any action or proceeding in any manner or any place, including in the Bankruptcy Court, seeking

to establish, liquidate, collect on, or otherwise enforce the Designated Claim(s) identified in the

ADR Notice other than (1) through these ADR Procedures, or (2) pursuant to a plan or plans

confirmed in the applicable Debtors' chapter 11 cases (collectively, the "**ADR Injunction**").

Notwithstanding the forgoing, the Debtors shall not be precluded from seeking to estimate any

Designated Claim not subject to an accepted Claim Amount Cap in connection with confirmation

or consummation of a plan or plans confirmed in the applicable Debtors' chapter 11 cases, or

preclude the Designated Claimant from seeking estimation of its Designated Claim solely for

voting purposes in connection with confirmation of a plan or plans confirmed in the applicable

Debtors' chapter 11 cases.  The ADR Injunction shall expire with respect to a Designated Claim

only when that Designated Claim has been resolved or after the ADR Procedures have been

completed as to that Designated Claim.  Except as expressly set forth herein or in a separate

order of the Bankruptcy Court, the expiration of the ADR Injunction shall not extinguish, limit,

or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar

injunction that may be imposed upon the confirmation or effectiveness of a plan or plans in the

applicable Debtors' chapter 11 cases (a "**Plan Injunction**"), and the automatic stay and the Plan

Injunction shall remain in place to the extent then in effect.

## II.    **THE ADR PROCEDURES**

### A.    **Offer Exchange Procedures**

The first stage of the ADR Procedures will be the following offer exchange

procedures, requiring the parties to exchange settlement offers and thereby providing an

opportunity to resolve the underlying Designated Claim on a consensual basis without any

further proceedings by the parties (the "**Offer Exchange Procedures**").  Rule 408 of the Federal

Rules of Evidence shall apply to the ADR Procedures.  Except as permitted by Rule 408, no

person may rely on, or introduce as evidence in connection with any arbitral, judicial, or other

proceeding, any offer, counteroffer, or any other aspect of the ADR Procedures.

#### 1.    *Designation of Designated Claims and Settlement Offer by the Debtors*

(a)    At any time following the entry of an order approving the ADR

Procedures, as applicable (the "**ADR Order**") and subject to the terms and conditions in

Sections I.A and I.B above, the Debtors may designate a Designated Claim for resolution

through the ADR Procedures by serving upon the Designated Claimant, at the address listed on

the Designated Claimant's most recently filed proof of claim or amended proof of claim, as well

as to any counsel of record in these cases for the Designated Claimant, the following materials

(collectively, the "**ADR Materials**"): (i) a notice that the Designated Claim has been submitted

to the ADR Procedures (an "**ADR Notice**"),[1] (ii) a copy of the ADR Order, and (iii) a copy of

these ADR Procedures.  For transferred claims, the Debtors also will serve a copy of the ADR

Materials on the transferee identified in the notice of transfer of claim.

---

[1] The form of the ADR Notice is attached hereto as **Annex 1** and incorporated herein by reference.  The Debtors anticipate that the ADR Notice will be substantially in the form of Annex 1; however, the Debtors reserve the right to modify the ADR Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

(b)      The ADR Notice will (i) advise the Designated Claimant that his or her

Designated Claim has been submitted to the ADR Procedures; (ii) request that the Designated

Claimant verify or, as needed, correct, clarify, or supplement, certain information regarding the

Designated Claim (including the addresses for notices under the ADR Procedures); and (iii)

include an offer by the Debtors to settle the Designated Claim (a "**Settlement Offer**").  The

ADR Notice also will require the Designated Claimant to sign and return the ADR Notice along

with the Claimant's Response (as defined in Section II.A.2 below) to the Debtors so that it is

received by the Debtors no later than twenty-one (21) days[2] after the mailing of the ADR Notice

(the "**Settlement Response Deadline**").

(c)      If the Designated Claimant fails to sign and return the ADR Notice or to

include a Claimant's Response (as defined below) with the returned ADR Notice by the

Settlement Response Deadline, (i) the Offer Exchange Procedures will be deemed terminated

with respect to the Designated Claim and (ii) the Designated Claim will be submitted to

nonbinding mediation.

2.      *The Claimant's Response*

The only permitted responses to a Settlement Offer (the "**Claimant's Response**")

are (i) acceptance of the Settlement Offer, or (ii) rejection of the Settlement Offer coupled with a

counteroffer (as further defined below, a "**Counteroffer**").  If the ADR Notice is returned

without a response or with a response that is not a permitted response, the Designated Claim

shall be treated as set forth in Section II.A.1(c) above.

---

[2] Bankruptcy Rule 9006(a) shall apply to all periods calculated in the ADR Procedures.

3.      *The Counteroffer*

The Counteroffer shall (i) provide all facts that substantiate the Designated Claim and that are sufficient for the Debtors to evaluate the validity and amount of the Designated Claim; (ii) provide all documents that the Designated Claimant contends support the Designated Claim; (iii) state the dollar amount of the Designated Claim (the "**Proposed Claim Amount**"), which may not (A) improve the priority set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim, or (B) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order), if applicable, or the amount set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but may liquidate any unliquidated amounts expressly referenced in a proof of claim), with an explanation of the calculation and basis for the Proposed Claim Amount; and (iv) provide the name and address of counsel representing the Designated Claimant with respect to the Designated Claim, unless the Designated Claimant is a natural person, in which case the Designated Claimant shall either provide the name of such counsel or state that he or she is appearing without counsel.

The Counteroffer is presumed to offer the allowance of the Designated Claim as a general unsecured claim in the Proposed Claim Amount against the Debtor identified in the applicable proof of claim.  If the Debtors accept the Counteroffer, the Designated Claimant shall not seek recovery from the Debtors of any consideration other than the consideration ultimately distributed to holders of other allowed general unsecured claims against the relevant Debtor.  A Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority, or the Designated Claim shall be treated as set forth in Section II.A.1(c) above.

4.      *Consent to Subsequent Binding Arbitration*

As described in Sections II.B and II.C below, in the absence of a settlement at the conclusion of the Offer Exchange Procedures, Designated Claims shall proceed to nonbinding mediation and, if such mediation is unsuccessful, upon consent of the parties (including deemed consent based on prior contractual agreements), to binding arbitration.  A Designated Claimant is required to notify the Debtors whether it consents to, and thereby seeks to participate in, binding arbitration in the event that its Designated Claim ultimately is not resolved through the Offer Exchange Procedures and the nonbinding mediation.  A Designated Claimant shall make an election to either consent or not consent to binding arbitration by checking the appropriate box in the ADR Notice (an "**Opt-In/Opt-Out Election**").  Any Designated Claimant that does not consent to binding arbitration in its response to the ADR Notice may later consent in writing to binding arbitration, subject to the agreement of the Debtors.  Consent to binding arbitration, once given, cannot subsequently be withdrawn without consent of the Debtors.

5.      *The Debtors' Response to a Counteroffer*

The Debtors must respond to any Counteroffer within fifteen (15) days after their receipt of the Counteroffer (the "**Response Deadline**"), by returning a written response (as further defined below, each a "**Response Statement**").  The Response Statement shall indicate that the Debtors (a) accept the Counteroffer; or (b) reject the Counteroffer, with or without making a revised Settlement Offer (a "**Revised Settlement Offer**").

(a)      *Failure to Respond*

If the Debtors fail to respond to the Counteroffer by the Response Deadline, (i) the Counteroffer will be deemed rejected by the Debtors; (ii) the Offer Exchange Procedures will be deemed terminated with respect to the Designated Claim; and (iii) the Designated Claim will be submitted to nonbinding mediation.

(b)     *Revised Settlement Offer*

If the Debtors make a Revised Settlement Offer by the Response Deadline, the Designated Claimant may accept the Revised Settlement Offer by providing the Debtors with a written statement of acceptance no later than ten (10) days after the date of service of the Revised Settlement Offer (the "**Revised Settlement Offer Response Deadline**").  If the Designated Claimant does not accept the Revised Settlement Offer by the Revised Settlement Offer Response Deadline, the Revised Settlement Offer will be deemed rejected and the Designated Claim automatically will be submitted to nonbinding mediation.

(c)     *Request for Additional Information*

The Debtors may request supplemental or clarification of information supplied in the Designated Claimant's most recently filed proof of claim to assist in a good faith evaluation of any particular Designated Claim.  If the Debtors request additional information or documentation by the Response Deadline, the Designated Claimant shall serve additional information or documentation sufficient to permit the Debtors to evaluate the basis for the Designated Claim (with the exception, in the Designated Claimant's sole discretion, of privileged information or information prepared expressly in contemplation of litigation) so that it is received by the Debtors within fifteen (15) days after such request.  If the Designated Claimant timely responds, the Debtors shall have fifteen (15) days to provide an amended Response Statement, which may include a Revised Settlement Offer as a counter to the Counteroffer.  If the Debtors do not provide an amended Response Statement within this period, or if the Designated Claimant fails to provide the requested information or documentation within the time allotted, the Designated Claim will be submitted to nonbinding mediation.

6.      *Offer Exchange Termination Date*

Upon mutual written consent, the Debtors and a Designated Claimant may exchange additional Revised Settlement Offers and Counteroffers for up to twenty (20) days after the later of (a) the Revised Settlement Offer Response Deadline or (b) the expiration of the applicable timeframes provided for in Section II.A.5(c) above with respect to requesting, receiving, and responding to additional information or documentation.  Otherwise, the Offer Exchange Procedures shall conclude and terminate on the earliest of the following (the "**Offer Exchange Termination Date**"): (i) the date upon which the Designated Claim automatically advances to nonbinding mediation under the provisions set forth above; (ii) the date that any settlement offer for a Designated Claim is accepted under the procedures set forth above; (iii) the date upon which a Response Statement was served by the Debtors, if the Debtors notified the Designated Claimant in their Response Statement of the Debtors' intention to proceed directly to nonbinding mediation; or (iv) such earlier date as is agreed upon by the Debtors and the Designated Claimant.

7.      *Ability to Settle Claims*

Nothing herein shall limit the ability of a Designated Claimant and the Debtors to settle a Designated Claim by mutual consent at any time.  All such settlements shall be subject to the terms of Section II.D.2 below.

B.      **Nonbinding Mediation ("Mediation")**

1.      *Mediation Notice*

If the Debtors and the Designated Claimant do not settle the Designated Claim through the Offer Exchange Procedures, the Debtors shall serve a notice of nonbinding mediation, with a copy of the Designated Claimant's applicable proof(s) of claim attached, on the Designated Claimant no later than thirty (30) days after the Offer Exchange Termination

Date, or as soon thereafter as is reasonably practicable.[3] The Mediation Notice will provide the Mediation Location (as such term is defined in Section II.B.2 below).

        2.      *Location and Appointment of the Mediator*

All Mediations shall be conducted in either (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; (iv) San Francisco, California; or (v) Chicago, Illinois (collectively, the "**Mediation Locations**"), unless the parties agree to a different location. Within ten (10) days after receiving the Mediation Notice, the Designated Claimant shall choose one of the individuals identified in a list of mediators annexed to the Mediation Notice and corresponding to the applicable Mediation Location to conduct the mediation (the "**Mediator**").

To the maximum extent practicable, the scheduling and location of Mediation sessions shall give due consideration to the convenience of the parties and the proximity of the Designated Claimant. Notwithstanding the foregoing, within ten (10) business days after service of the Mediation Notice, the Designated Claimant may file a motion with the Bankruptcy Court, on notice to the Debtors and any previously appointed mediator, for an order directing that the Mediation be conducted in a different location (a "**Hardship Motion**") if the Designated Claimant can demonstrate that traveling to any of the Mediation Locations presents a "substantial hardship;" *provided, however*, that there shall be a rebuttable presumption that, absent other extraordinary facts, there is no "substantial hardship" imposed on a Designated Claimant if the primary representative for a Designated Claimant resides in a location that is less than 750 miles from the Mediation Location or is less than a three-hour plane trip from the Mediation Location (based on typical commercial schedules for the fastest route, excluding any

---

[3] The form of the Mediation Notice is attached hereto as **Annex 2** and incorporated herein by reference. The Debtors anticipate that the Mediation Notice will be substantially in the form of Annex 2; however, the Debtors reserve the right to modify the Mediation Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

layovers).  While a Hardship Motion is pending, all deadlines under these ADR Procedures shall be suspended.  If a Hardship Motion is granted, any alternative location shall be determined by the Bankruptcy Court, taking into account the convenience of the parties and any agreements reached by the parties.  If the location of the Mediation is changed, (i) any Mediator appointed in the original location may be replaced by a Mediator in the new location (selected by mutual agreement of the parties or order of the Court), and (ii) the Bankruptcy Court may require that that the Debtors and the Designated Claimant share the costs of the Mediation.

3.     *Mediation Rules*

The Mediation of Designated Claims shall be governed by the Mediator's regular procedures, except where expressly modified in the ADR Procedures.  In the event of any conflict, the ADR Procedures shall control.  Any party to a Mediation that fails to participate in good faith, on the terms described herein, may be subject to sanctions under Section II.F below.

(a)     *Impartiality and Qualifications of Mediators*

A person appointed as a Mediator must (i) be an impartial, neutral person; (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter; and (iii) upon appointment, disclose any circumstances likely to create a reasonable inference of bias.  In the event a Mediator discloses circumstances likely to create a reasonable inference of bias, such Mediator may be replaced at the written request of either the Debtors or the Designated Claimant prior to the mediation.

(b)     *Fees and Costs for Mediation*

For each Mediation conducted under these ADR Procedures, the Mediator selected to preside will be entitled to charge the mediation fees disclosed to, and agreed to by, the Debtors and the Designated Claimant.  Unless the parties have expressly agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit Designated Claims

to Mediation, the Mediator's fees and the costs of any Mediation shall be shared equally by the Debtors and the Designated Claimant subject to the Sharing Cap (as such term is described in the ADR Order. For purposes of clarity, these costs shall not include travel expenses of the parties.

(c)     *Pre-Mediation Briefing*

Unless the parties agree otherwise, on or before thirty (30) days prior to the scheduled Mediation, the Designated Claimant shall serve on the Mediator and the Debtors by electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern Time), a nonconfidential, pre-Mediation statement (the "**Opening Statement**") not to exceed fifteen (15) pages, excluding any attachments, setting forth all of the Designated Claimant's claims and identifying each and every cause of action or theory the Designated Claimant asserts, including a short and plain statement of the facts and law upon which the Designated Claimant relies for recovery and maintains entitle it to relief. The Designated Claimant shall include, as exhibits or annexes to the Opening Statement, all documents (or summaries of voluminous documents), affidavits, and other evidentiary materials on which the Designated Claimant relies (with the exception, in the Designated Claimant's sole discretion, of privileged information or information prepared expressly in contemplation of litigation). Unless the parties agree otherwise, on or before fifteen (15) days after service of the Opening Statement, the Debtors shall serve on the Mediator and the Designated Claimant, by electronic transmission or facsimile, at a minimum, and no later than by 6:00 p.m. (Eastern Time), a nonconfidential response statement (the "**Mediation Response Statement**") not to exceed fifteen (15) pages, excluding attachments. The Designated Claimant shall receive copies of all exhibits to the Mediation Response Statement (with the exception, in the Debtors' sole discretion, of privileged information or information prepared expressly in contemplation of litigation). The Debtors shall

09-50026-reg   Doc 7557   Filed 10/26/10   Entered 10/26/10 15:09:34   Exhibit A   Pg 14 of 38

provide copies of the Opening Statement and Mediation Response Statement to counsel to the statutory committee of unsecured creditors (the "**Creditors' Committee**") upon request, on a confidential basis.  At the Mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the Mediator, which shall receive "Mediator's-eyes-only" treatment.

(d)     *The Mediation Session*

Unless otherwise agreed by the parties or as provided herein, the Mediation session must occur no later than sixty (60) days after the date on which the Mediator is appointed.  Unless otherwise agreed by the parties, the Mediation session is open only to the parties and their respective counsel, and insurers (if any).

(e)     *Treatment of Mediation Settlement*

If the Mediation results in a settlement of the Designated Claim, such settlement shall be subject to the terms of Section II.D below.  If the Mediation of a Designated Claim does not result in a settlement of the Designated Claim, the Designated Claim shall be subject to Section II.C or II.E below.

(f)     *Modification of the Mediation Procedures*

The Mediation procedures described herein may be modified upon the mutual written consent of the Debtors and the Designated Claimant.

**C.     Arbitration**

1.     *Binding Arbitration*

If the Designated Claimant and the Debtors have consented to binding arbitration under Section II.A.4 above, the Designated Claim will be arbitrated under the terms of this Section II.C if such claim is not resolved in the Offer Exchange Procedures or Mediation.  If the Designated Claimant has expressly indicated that it does not consent to binding arbitration in its

response to the ADR Notice and has not subsequently opted in to binding arbitration pursuant to

Section II.A.4 above, the Designated Claim shall be resolved in the Bankruptcy Court by the

Debtors' commencement of proceedings pursuant to the Bankruptcy Code, including without

limitation, estimating or objecting to the Designated Claims.  Any party to an arbitration that

fails to participate in the arbitration in good faith, on the terms described herein, may be subject

to sanctions under Section II.F below.

<div align="center">2.        <em>Arbitration Notice</em></div>

To initiate the arbitration process for a Designated Claim, the Debtors shall serve

a notice of arbitration (the "**Arbitration Notice**"), with a copy of the Designated Claimant's

applicable proof(s) of claim attached, on the Designated Claimant, the Creditors' Committee,

and the American Arbitration Association (the "**AAA**").[4]

<div align="center">3.        <em>Arbitration Rules and Procedures</em></div>

For Designated Claims that are not designated by the Debtors as Complex

Designated Claims (as defined below), the arbitration of all Designated Claims shall be

conducted by a single arbitrator selected pursuant to the Commercial Arbitration Rules of the

AAA.  The arbitrator shall be governed by the commercial arbitration rules of the AAA then in

effect (the "**Arbitration Rules**"), except where the Arbitration Rules are expressly modified in

the ADR Procedures.[5]

The Debtors may, at their discretion, designate certain Designated Claims as

complex designated claims (the "**Complex Designated Claims**").  The arbitration of all

---

[4] The form of the Arbitration Notice is attached hereto as **Annex 3** and incorporated herein by reference.  The Debtors anticipate that the Arbitration Notice will be substantially in the form of Annex 3; however, the Debtors reserve the right to modify the Arbitration Notice, as necessary or appropriate, consistent with the terms of the ADR Procedures.

[5] In the event of any conflict between the Arbitration Rules and the ADR Procedures, the ADR Procedures shall control.

Complex Designated Claims shall be conducted by a panel of three arbitrators selected pursuant to the Commercial Arbitration Rules of the AAA.  The AAA Procedures for Large, Complex Commercial Disputes, in addition to the Commercial Rules of Arbitration, shall be used for arbitration of all Complex Designated Claims; *provided, however*, unless otherwise agreed by the parties, (i) the AAA shall appoint a panel of three (3) arbitrators, as provided in this Section and Section II.C.3(g) and (ii) the arbitration hearing on a Complex Designated Claim must be held no later than ninety (90) days after the date of appointment of the arbitrator(s), as provided in Section II.C.3(k).  Finally, the AAA Supplementary Rules for Class Arbitrations shall also be used for all Class Claims, including those related to class certification and the Class Determination Award (as defined in Rule 5 of the AAA Supplementary Rules for Class Arbitrations), except that the arbitrator(s) shall not make a Clause Construction Award (as defined in Rule 3 of the AAA Supplementary Rules for Class Arbitrations), or determine that a Class Claim is not arbitrable for failure for each class member to have entered into an arbitration agreement, the Court having specifically found that the ADR Procedures are applicable to Class Claims notwithstanding the absence of a written agreement to arbitrate.[6]

      (a)     *Governing Law*

The ADR Procedures, as they relate to arbitration proceedings, are governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. (the "**Federal Arbitration Act**"), and the enforceability of an arbitration award is governed by Section 9 of the Federal Arbitration Act, except as modified herein.

---

[6] In the event of any conflict between the AAA Supplementary Rules for Class Arbitrations and the ADR Procedures, the ADR Procedures shall control.

     (b)    *Fees and Costs for Binding Arbitration; Sharing*

Unless the parties expressly have agreed otherwise in writing (either prepetition or postpetition) as part of an agreement to submit claims to binding arbitration, the fees and costs charged by the AAA and the arbitrator(s) shall be shared equally by the Debtors and the Designated Claimant; *provided, however*, that the arbitrator(s), in the arbitrator(s)' sole discretion, may assess fees and costs against any party that the arbitrator(s) finds to be abusing or unduly delaying the arbitration process.  The AAA shall submit invoices to the Designated Claimants and the Debtors according to the AAA's ordinary invoicing practices then in effect and subject to the AAA's ordinary payment terms then in effect.  For purposes of clarity, these costs shall not include travel expenses of the parties.

     (c)    *Impartiality and Qualifications of Arbitrators*

In designating the arbitrator in accordance with the procedures described below, the AAA shall review the Arbitration Notice and the applicable Designated Claim.  Any person appointed as an arbitrator must: (i) be an impartial, neutral person; (ii) be experienced (either from past arbitrations or former employment) in the law that is the subject of the Designated Claim; (iii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter; and (iv) upon appointment, disclose any circumstances likely to create a reasonable inference of bias.  In the event that an arbitrator discloses circumstances likely to create a reasonable inference of bias, such arbitrator may be replaced by the AAA at the written request of the Debtors or the Designated Claimant within ten (10) days after such disclosure.

(d)   *Time and Location of Arbitration Hearings*

All arbitration hearings shall be conducted in either (i) New York, New York; (ii) Detroit, Michigan; (iii) Dallas, Texas; or (iv) San Francisco, California (collectively, the "**Arbitration Locations**").  To the maximum extent practicable, the scheduling and location of arbitration hearings shall give due consideration to the proximity of the Designated Claimant and to the convenience of the parties to the Arbitration Location.  Within ten (10) days of appointment, the arbitrator(s) shall conduct a preliminary hearing pursuant to AAA Commercial Arbitration Rule 20.  Notwithstanding anything set forth herein or in the ADR Order to the contrary, the Creditors' Committee, through its counsel, shall be permitted to participate in the arbitration hearings to the same extent the Creditors' Committee would be permitted to participate in claims litigation in the Bankruptcy Court pursuant to sections 502, 1103, 1109(b), or any other applicable section of the Bankruptcy Code.

(e)   *Appeals of Arbitration Awards*

All arbitration awards shall be final and binding.  Other than the identities of the applicable Debtors and Designated Claimants, the claims register number(s) assigned to the applicable arbitrated Designated Claims and the priority and dollar amounts of the Designated Claims as awarded in the arbitration awards, and except as otherwise required by law or agreed upon by the parties, all arbitration awards shall be treated as confidential.  No party shall have the right to appeal an arbitration award except pursuant to the appeal provisions of the Federal Arbitration Act, in which case any appeal must be to the United States District Court for the Southern District of New York.  Any appeal shall be governed by the Federal Arbitration Act. The parties shall have ten (10) days from the date the arbitration award is served to appeal such award.  Failure to timely appeal shall result in the loss of any appeal rights.  Once any appeal has

concluded or appellate rights are waived, the Debtors shall update the claims docket in their

chapter 11 cases accordingly and may file any notice of the liquidated amount of the Designated

Claim that they deem necessary or appropriate for such purpose.

(f)      *Modification of the Arbitration Procedures*

The arbitration procedures described herein may be modified only upon the

mutual consent of the Debtors and the Designated Claimant.  In addition, the Debtors shall

consult with the Creditors' Committee prior to any modification to the arbitration procedures.

(g)      *Appointment of the Arbitrator*

Within 5 five days of receiving the applicable Arbitration Notice, the AAA shall

commence the following procedures for the appointment of arbitrator(s) (the "**Appointment of**

**Arbitrator(s) Procedures**") by concurrently sending by electronic transmission or facsimile, to

the Debtors and the applicable Designated Claimant, an identical list of the names of at least

eight (8) arbitrator candidates who meet the qualifications necessary for the matter.[7]  The

Debtors and the applicable Designated Claimant shall have seven (7) business days from the date

this list is served to (i) strike two (2) names from the proposed list, (ii) list the remaining names

in order of preference, and (iii) return the list to the AAA.  In the event that the Designated

Claim is not a Complex Designated Claim, the AAA shall appoint a single arbitrator from the

name(s) not stricken, giving consideration first to the preferences of the parties and second to

scheduling and the availability of the arbitrator.  In the event that the Designated Claim is a

Complex Designated Claim, the AAA shall appoint a panel of three (3) arbitrators from the

name(s) not stricken, giving consideration first to the preferences of the parties and second to the

---

[7] If, for any reason, there are more than two parties to an arbitration, AAA shall identify a number of potential
arbitrators equal to the number of parties, plus one, and the remaining selection proceedings shall otherwise govern.
Affiliated entities are considered a single party for this purpose.  The Creditors' Committee shall have no role in the
arbitrator selection process.

09-50026-reg   Doc 7555-7   Filed 10/26/10   Entered 10/26/10 15:09:34   Exhibit A   Pg 20 of 33

scheduling and the availability of the arbitrators.  The AAA shall appoint the arbitrator(s) in

accordance with the Appointment of Arbitrator(s) Procedures within ten (10) business days of its

receipt of the applicable Arbitration Notice.

(h)  *Pre-Hearing Matters*

Unless otherwise agreed to by the parties, any pre-hearing issues, matters or

disputes (other than with respect to merits issues) shall be presented to the arbitrator(s)

telephonically (or by such other method agreed to by the arbitrator(s) and the parties) for

expeditious, final, and binding resolution.  Upon a party's request, the arbitrator(s) may order

that a substantive motion, such as a motion for summary judgment, be heard in person rather

than telephonically.  Any pre-hearing issue, matter, or dispute (other than with respect to merits

issues) must be presented to the arbitrator(s) not later than fifteen (15) days prior to the

arbitration hearing so as to permit the arbitrator(s) to review and rule upon the requests by

telephonic or electronic communication at least five days prior to the arbitration hearing.

(i)  *Discovery*

Unless the Designated Claim is a Complex Designated Claim, there shall be no

interrogatories.  Any requests for production of documents, electronically-stored information and

things ("**Document Requests**") shall be made in writing and shall be limited to no more than

twenty (20) requests, including discrete subparts.  Items requested in the Document Requests

must be produced within thirty (30) days after service of the Document Requests.  All documents

from discovery shall be confidential and shall not be (i) disclosed to any person or party not

participating in the arbitration proceeding or (ii) used for any purpose other than in connection

with the arbitration proceeding, except as provided herein.  Notwithstanding the foregoing, upon

request of the Creditors' Committee, the Debtors shall provide to the Creditors' Committee, on a

confidential basis, copies of all discovery materials produced pursuant to this Section II.C.3(i)

for any particular Designated Claim.

      (j)    *Pre-Arbitration Statement*

      Unless otherwise agreed by the parties, on or before ten (10) days prior to the

scheduled arbitration hearing, each party shall submit to the arbitrator(s) and serve on the other

party or parties and the Creditors' Committee by overnight mail a pre-arbitration statement not to

exceed fifteen (15) pages, excluding any attachments.  On or before ten (10) days prior to the

scheduled arbitration hearing, the Creditors' Committee may submit a short statement, not to

exceed five (5) pages, to the arbitrator(s) and serve such statement on the parties to the

arbitration.

      (k)    *Arbitration Hearing*

      Unless otherwise agreed by the parties and the arbitrator(s) or as provided herein,

the arbitration hearing on a Designated Claim must be held no later than ninety (90) days after

the date of appointment of the arbitrator(s).  The arbitration hearing is open only to the parties

and their respective counsel, insurers (if any), and witnesses.  In addition, notwithstanding

anything else set forth herein or in the ADR Order to the contrary, the Creditors' Committee,

through its counsel, shall be permitted to attend and participate in the arbitration hearing to the

same extent the Creditors' Committee would be permitted to participate in claims litigation in the

Bankruptcy Court, pursuant to sections 502, 1103, 1109(b), and any other applicable section of

the Bankruptcy Code.  Nonparty witnesses shall be sequestered.  No posthearing briefs may be

submitted, unless the arbitrator(s) requests briefs, in which case such briefing shall be subject to

the issues, timing, and page limitations the arbitrator(s) imposes.  There shall be no reply briefs.

        (l)     *Awards*

The arbitrator(s) shall issue a written, reasoned opinion and award (the "**Arbitration Award**") within fourteen (14) days after the arbitration hearing.  The arbitrator(s) shall not be compensated for more than eight hours of deliberations on and preparation of the Arbitration Award for a Designated Claim.  Any Arbitration Award shall be an allowed general unsecured nonpriority claim against the Debtor identified in the Arbitration Award (or if no Debtor is identified in the Arbitration Award, the claim shall be deemed to be against the Debtor identified in the Designated Claimant's applicable proof of claim included with the service of the Arbitration Notice, unless otherwise ordered by the Bankruptcy Court).  The Arbitration Award may not award a priority claim or otherwise determine the priority of the claim under the Bankruptcy Code; *provided, however*, that, within thirty (30) days after the issuance of an Arbitration Award, the Designated Claimant may seek relief from the Bankruptcy Court to determine that some or all of the Arbitration Award is subject to treatment as a priority claim if the Designated Claimant's applicable proof of claim filed as of the date of filing of the ADR Order asserted an entitlement to such priority.  Further, no portion of a claim resulting from any Arbitration Award shall be allowed to the extent that it consists of (a) punitive damages; (b) interest, attorneys' fees, or other fees and costs, unless permissible under section 506(b) of the Bankruptcy Code; (c) an award under any penalty rate or penalty provision of the type specified in section 365(b)(2)(D) of the Bankruptcy Code; (d) amounts associated with obligations that are subject to disallowance under section 502(b) of the Bankruptcy Code; (e) specific performance, other compulsory injunctive relief, restrictive, restraining, or prohibitive injunctive relief or any other form of equitable remedy; or (f) any relief not among the foregoing but otherwise impermissible under applicable bankruptcy or nonbankruptcy law.  The Debtors and the

Creditors' Committee shall have the right within thirty (30) days after the issuance of an

Arbitration Awards to file a motion seeking relief from the Bankruptcy Court to enforce the

preceding sentence and obtain the disallowance of any portion of a claim included in an

Arbitration Award in violation of clauses (a) through (f) herein.  In all cases, the awarded claim

shall be subject to treatment in the Debtors' chapter 11 cases as set forth in any order(s)

confirming a chapter 11 plan or plans, or in such other applicable order of the Bankruptcy Court.

The entry of an Arbitration Award shall not grant the Designated Claimant any enforcement or

collection rights.

  **D.**  **Settlements of Designated Claims**

    1.  *Settlements Permitted at Any Stage of the ADR Procedures*

    Designated Claims may be settled by the Debtors and a Designated Claimant

through the Offer Exchange Procedures, Mediation, or by agreement at any point during these

ADR Procedures.  Nothing herein shall prevent the parties from settling any claim at any time.

    2.  *Settlement Authority and Approvals*

    Nothing herein shall limit, expand, or otherwise modify the Debtors' authority to

settle claims pursuant to orders of the Bankruptcy Court then in effect, including without

limitation the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b)

authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for

Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180] (the "**Claims**

**Procedures and Settlement Order**") and any future order(s) confirming a chapter 11 plan or

plans in these cases (collectively, the "**Settlement Authority Orders**").  Any settlements of

claims pursuant to, or in connection with, the ADR Procedures shall be approved consistent with

the terms, conditions, and limitations set forth in the applicable Settlement Authority Orders.

The Debtors shall be requested to seek Bankruptcy Court approval of such settlements only to

the extent that (a) such approval is required by the terms of the Settlement Authority Orders or (b) the settlement falls outside of the authority granted in the Settlement Authority Orders and otherwise requires Bankruptcy Court approval.

      **E.**      **Failure to Resolve a Designated Claim Through ADR Procedures**

      1.      *Litigation Generally*

Claims not resolved through the ADR Procedures shall proceed to litigation for resolution. Notwithstanding anything herein, the Debtors may terminate the ADR Procedures at any time prior to serving the Arbitration Notice and proceed to litigation of the Designated Claim as set forth herein.

      2.      *Litigation in the Bankruptcy Court*

If the Designated Claim is not resolved by the ADR Procedures (an "**Unresolved Designated Claim**"), litigation of such Unresolved Designated Claim shall proceed in the Bankruptcy Court by the commencement by the Debtors of proceedings consistent with the terms, conditions, and limitations set forth in the Claims Procedures Order or other applicable procedures or orders, as soon as reasonably practicable upon completion of the ADR Procedures for the Unresolved Designated Claim, to the extent that (a) the Bankruptcy Court has subject matter jurisdiction over the Unresolved Designated Claim and (b) the Unresolved Designated Claim is not subject to the abstention provisions of 28 U.S.C. § 1334(c). Disputes over the subject matter jurisdiction of the Bankruptcy Court or the application of abstention shall be determined by the Bankruptcy Court.

      3.      *Litigation in Other Courts*

If the Unresolved Designated Claim cannot be adjudicated in the Bankruptcy Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction (as determined by the Bankruptcy Court), then, subject to the terms and conditions

set forth in Section II.E.4 below, litigation of such Unresolved Designated Claim shall proceed

(a) if the Unresolved Designated Claim was pending in a nonbankruptcy forum on the date the

Debtors commenced their respective voluntary chapter 11 cases (the "**Commencement Date**"),

then (i) in such nonbankruptcy forum, subject to the Debtors' right to seek removal or transfer of

venue or (ii) in such other forum as determined by the Bankruptcy Court on request of the

Debtors;[8] or (b) if the Unresolved Designated Claim was not pending in any forum on the

Commencement Date, then in the United States District Court for the Southern District of New

York or such other nonbankruptcy forum that, as applicable, (i) has personal jurisdiction over the

parties, (ii) has subject matter jurisdiction over the Unresolved Designated Claim, (iii) has in rem

jurisdiction over the property involved in the Unresolved Designated Claim (if applicable) and

(iv) is a proper venue.  If necessary, any disputes regarding the applicability of this Section II.E.3

shall be determined by the Bankruptcy Court.

### 4. _Modification of the Automatic Stay_

If litigation of an Unresolved Designated Claim in a forum other than the

Bankruptcy Court is required as set forth in Section II.E.3 above, the ADR Order provides that

the automatic stay imposed by section 362 of the Bankruptcy Code, or any subsequent Plan

Injunction (collectively, the "**Stay**"), shall be modified solely to the extent necessary to permit

the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum;

_provided, however_, that any such liquidated claim (a) shall be subject to treatment under the

applicable chapter 11 plan or plans confirmed in these cases; and (b) shall be treated as a general

unsecured nonpriority claim against the Debtor identified in the judgment, unless otherwise

---

[8] The Debtors may elect to file a motion pursuant to 28 U.S.C. § 157(b)(5) to remove to the United States District Court for the Southern District of New York any Unresolved Designated Claim (along with any other unliquidated and litigation claims asserted against the Debtors) where the underlying claim is a personal injury claim or wrongful death claim.

determined and ordered by the Bankruptcy Court.  No later than forty-five (45) days after the

Bankruptcy Court determines that the terms of Section II.E.3 above applies to an Unresolved

Designated Claim or at such other time as agreed to by the parties, the Debtors shall either (a)

file a notice of such modification of the Stay (a "**Notice of Stay Modification**") with the

Bankruptcy Court and serve a copy of such notice on the Designated Claimant and the Creditors'

Committee or (b) file a motion seeking an order governing the terms upon which the Stay will be

modified (a "**Stay Motion**") and serve such Stay Motion on the Designated Claimant and the

Creditors' Committee.  The Stay shall be modified solely to the extent set forth above (a) as of

the date that is forty-five (45) days after the filing of a Notice of Stay Modification, unless the

Bankruptcy Court orders otherwise or the parties otherwise agree; or (b) as ordered by the Court

in connection with a Stay Motion.  If the Debtors fail to file a Notice of Stay Modification or a

Stay Motion for any reason with respect to an Unresolved Designated Claim, the Stay shall

remain in effect with respect to such Unresolved Designated Claim and the Designated Claimant

may seek a determination of the Bankruptcy Court regarding whether and on what terms the Stay

must be modified to permit litigation in a nonbankruptcy forum as set forth in Section II.E.3

above.

       **F.**      **Failure to Comply with the ADR Procedures**

      If a Designated Claimant or the Debtors fail to comply with the ADR Procedures,

negotiate in good faith, or cooperate as may be necessary to effectuate the ADR Procedures, the

Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the

ADR Order or, with respect to a Designated Claimant, an abandonment of or failure to prosecute

the Designated Claim, or both.  Upon such findings, the Bankruptcy Court may, among other

things, disallow and expunge the Designated Claim, in whole or part, or grant such other or

09-50026-reg   Doc 7556-7   Filed 10/26/10   Entered 10/26/10 15:09:34   Exhibit A   Pg 27 of 33

further remedy deemed just and appropriate under the circumstances, including, without

limitation, awarding attorneys' fees, other fees, and costs to the other party.

ANNEX 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :          **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                   :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*            :
                                                            :
                        **Debtors.**                        :          **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**ALTERNATIVE DISPUTE RESOLUTION NOTICE**

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

        By this notice (the "**ADR Notice**"), Motors Liquidation Company (f/k/a General
Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the
"**Debtors**") designate the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors'
chapter 11 cases and submit the Designated Claim(s) to alternative dispute resolution, pursuant
to the procedures (the "**ADR Procedures**") established by the Amended Order Pursuant to 11
U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute
Resolution Procedures, Including Mandatory Mediation entered by the United States Bankruptcy
Court for the Southern District of New York (the "**Bankruptcy Court**") on _____ ___, 2010
and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390
Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory
Mediation entered by the Bankruptcy Court on April 29, 2010 (together, the "**ADR Order**").  A
complete copy of the ADR Procedures is enclosed for your reference.

        The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR
Procedures, offer the amounts set forth below for allowance of your Designated Claim(s) as [a]
prepetition general unsecured nonpriority claim(s) in full satisfaction of the Designated Claim(s)
(the "**Settlement Offer**").

*You are required to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.*

In addition, to the extent your most recent proofs of claim **[does]/[do]** not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct, and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Claimant's Response.

If you do not return this ADR Notice with the requested information and a Claimant's Response to the Settlement Offer to **[Debtor's Representative]** so that it is received by the Deadline to Respond, your Designated Claims will be subject to mandatory mediation as set forth in Section II.B of the ADR Procedures.

IN ADDITION, YOU ARE REQUIRED TO INDICATE EXPRESSLY WHETHER YOU CONSENT TO **BINDING ARBITRATION** IF YOUR DESIGNATED CLAIM(S) CANNOT BE SETTLED.  PLEASE MARK THE BOX BELOW INDICATING WHETHER YOU (i) CONSENT TO **BINDING ARBITRATION** OR (ii) **DO NOT** CONSENT TO (AND SEEK TO **OPT OUT** OF) **BINDING ARBITRATION**.  PLEASE NOTE THAT YOUR CONSENT TO **BINDING ARBITRATION** CANNOT SUBSEQUENTLY BE WITHDRAWN.  IN ADDITION, ANY ATTEMPT TO OPT OUT OF **BINDING ARBITRATION** IN THE RESPONSE TO THIS ADR NOTICE SHALL BE INEFFECTIVE IF YOU PREVIOUSLY HAVE CONSENTED IN WRITING (EITHER PREPETITION OR POSTPETITION) TO **BINDING ARBITRATION** AS A MEANS TO RESOLVE YOUR CLAIM(S).

Details about the arbitration process, including the sharing of fees, are set forth in Section II.C of the ADR Procedures.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER:

**Settlement Offer**: The Debtors offer you an allowed general unsecured, nonpriority claim in the amount of $_____ against **[Name of Debtor]** in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted response (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**").  Accordingly, please select your Claimant's Response below:

*Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box.  If you reject the Settlement Offer, please make your counteroffer where indicated.*

☐ I/we agree to and accept the terms of the Settlement Offer.

**or**

<div style="border:1px solid black; padding:10px;">

☐   I/we reject the Settlement Offer.  However, I/we will accept, and propose as a Counteroffer, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases:

Debtor: _____
Amount:  $_____
Priority:  unsecured nonpriority claim (presumed) or ☐ other:*_____

*Note - If you choose a different priority, you must attach an explanation and any relevant documentation.

</div>

Section II.A.3 of the ADR procedures sets forth the restrictions on Counteroffers.  Your Counteroffer may not (a) improve the priority set forth in your most recent timely-filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the ADR Order) or the amount set forth in your most recent timely-filed proof of claim(s) or amended proof of claim(s).  You may not amend your proof of claim solely for the purpose of proposing a Counteroffer of a higher amount or a better priority.

<div style="border:1px solid black; padding:10px;">

*Please indicate below whether you consent to binding arbitration for your Designated Claim(s) by marking the appropriate box.*

☐  I/ WE CONSENT TO BINDING ARBITRATION.

**or**

☐  I/WE DO NOT CONSENT TO BINDING ARBITRATION.

</div>

[Signature of the Designated Claimant's Authorized Representative]

By:   _____
Printed Name

09-50026-reg   Doc 7556-7   Filed 10/26/10   Entered 10/26/10 15:09:34   Exhibit A Pg 31 of 35

## ANNEX 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                           :
In re                                      :        Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, et al.,        :        09-50026 (REG)
      f/k/a General Motors Corp., et al.   :
                                           :
                     Debtors.              :        (Jointly Administered)
                                           :
-------------------------------------------------------------x
```

## NOTICE OF NONBINDING MEDIATION

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Location:

      By this Mediation Notice, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Amended Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____ __, 2010 and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation entered by the Bankruptcy Court on April 29, 2010.  The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures otherwise were terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

      As provided for in the ADR Procedures, mediation shall be conducted in the Mediation Location set forth above, unless the parties agrees to a different location.  As further

09-50026-mg   Doc 7556-7   Filed 10/26/10   Entered 10/26/10 15:09:34   Exhibit A   Pg 32 of 38

provided in the ADR Procedures, you have ten (10) days to choose one of the individuals identified on the list of mediators enclosed with this Mediation Notice to conduct the mediation.

   A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.C of the ADR Procedures, concerning mediation.

         [Signature of the Debtors' Authorized Person]

ANNEX 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                               :

**In re**                                    :         **Chapter 11 Case No.**
                                               :

**MOTORS LIQUIDATION COMPANY,** *et al.,*   :         **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*   :
                                             :

                    **Debtors.**       :         **(Jointly Administered)**
                                             :
-------------------------------------------------------------x

**NOTICE OF BINDING ARBITRATION**

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Arbitration Location:

        By this Arbitration Notice, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") submit the above-identified claim(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to **binding arbitration**, pursuant to the procedures (the "**ADR Procedures**") established by the Amended Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____ ___, 2010 and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation entered by the Bankruptcy Court on April 29, 2010. The Debtors have been unable to resolve your Designated Claim(s) on a consensual basis with you through the Offer Exchange Procedures of the ADR Procedures and or through binding mediation.

        PLEASE NOTE THAT YOU HAVE CONSENTED (OR ARE DEEMED TO HAVE CONSENTED) TO BINDING ARBITRATION. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO BINDING ARBITRATION, PURSUANT TO THE ADR PROCEDURES.

        As provided for in the ADR Procedures, an arbitrator will be appointed through the American Arbitration Association ("**AAA**").  The ADR Procedures require you and the Debtors to share the administrative fees and costs of arbitration charged by the AAA and the arbitrator.

        A complete copy of the ADR Procedures is enclosed for your reference.  Please refer to Section II.C of the ADR Procedures, concerning binding arbitration.

                                        [Signature of the Debtors' Authorized Person]

**Exhibit B**

**Schedule of Mediators**

**Dallas, Texas**

| Name | Experience |
|------|-----------|
| Burdin, Mary | Personal injury, products liability |
| Damuth, Brenda J. | Personal injury, products liability |
| Grissom, Jerry | Class actions, personal injury, products liability |
| Hale, Earl F. | Complex business disputes |
| Lopez, Hon. Carlos G. | Personal injury, products liability |
| Martin, Hon. Harlan | Complex business disputes, personal injury, products liability |
| Nolland, Christopher | Complex business disputes, class actions |
| Parker, Walter E. "Rip" | Personal injury, products liability, complex disputes |
| Pryor, Will | Personal injury, products liability, complex business disputes |
| Rubenstein, Kenneth J. | Personal injury, products liability, complex business disputes |
| Stoddard, Ross | Personal injury, products liability, complex business disputes |
| Young, James | Class actions, complex business disputes, insurance disputes, personal injury |

**New York, New York**

| Name | Experience |
|------|-----------|
| Carling, Francis | Products liability, personal injury |
| Cyganowski, Melanie | Complex business disputes |
| Ellerin, Hon. Betty | Complex business disputes, products liability, personal injury, class actions |
| Farber, Eugene I. | Products liability |
| Feerick, Kevin | Complex business disputes, products liability |
| Gafni, Abraham J. | Complex business disputes, products liability, personal injury |
| Holtzman, Eric H. | Products liability |
| Hyman, Ms. Chris Stern | Insurance disputes |
| Leber, Bernice K. | Complex business disputes |
| Levin, Jack P. | Class actions, breach of warranty claims, products liability |
| McAllister, Michael T. | Personal injury, products liability |
| McLaughlin, Hon. Joseph T. | Complex business disputes, class actions |
| Ricchiuti, Joseph F. | Complex business disputes, products liability, personal injury, class actions |
| Silbermann, Hon. Jacqueline W. | Complex business disputes, products liability, personal injury, class actions |
| Woodin, Peter H. | Complex business disputes, products liability, personal injury, class actions |

## Detroit, Michigan

| Name | Experience |
|---|---|
| Connor, Laurence D. | Complex business disputes |
| Harrison, Michael G. | Personal injury |
| Kaufman, Richard C. | Personal injury |
| Muth, Jon R. | Complex business disputes, class actions |
| Pappas, Edward H. | Complex business disputes, products liability |

## San Francisco, California

| Name | Experience |
|---|---|
| Cahill, Hon. William J. | Complex business disputes, products liability, personal injury, class actions |
| Denver, Thomas | Products liability, personal injury |
| Infante, Hon. Edward A. | Complex business disputes |
| Komar, Hon. Jack | Products liability class actions, mass torts |
| Lynch, Hon. Eugene F. | Complex business disputes |
| McLean, William | Complex business disputes, products liability, personal injury |
| McPharlin, Linda Hendrix | Complex business disputes |
| Needham, Craig | Products liability, personal injury |
| Williams, John R. (Jack) | Products liability, personal injury |
| Wulff, Randall W. | Complex business disputes, products liability, class actions |

## Chicago, Illinois

| Name | Experience |
|---|---|
| Anderson, Hon. Wayne R. | Complex business disputes, personal injury, products liability, class actions, mass torts |
| Cohn, Lynn | Personal injury, products liability, class actions |
| DiVito, Hon. Gino | Complex business disputes, products liability, personal injury |
| Dutenhaver, Katheryn M. | Complex business disputes, products liability, personal injury |
| Ginn, Bradley R. | Complex business disputes, products liability, personal injury |
| Neville, Hon. Richard E. | Complex business disputes, personal injury, products liability |
| Nudelman, Hon. Stuart A. | Complex business disputes, personal injury, products liability |
| Sullivan, Hon. James E. | Complex business disputes, personal injury, products liability, class actions |

09-50026-reg Doc 7556-7 Filed 10/25/10 Entered 10/25/10 15:09:34 Exhibit A Pg 37 of 38

**Exhibit C**

**Form of Capping Claim Letter**

[Date]

**<u>BY E-MAIL AND FIRST CLASS MAIL</u>**

Motors Liquidation Company
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201
Attn.: ADR Claims Team
claims@motorsliquidation.com

> Re:   **<u>In re Motors Liquidation Company</u>**, *et al*. (**"Debtors"**)
>         **<u>Case No. 09-50026 (REG) – Capping Proposal Letter</u>**

Dear Motors Liquidation Company,

By this letter, I, the undersigned, am the below-referenced claimant, or an authorized signatory for the below-referenced claimant, and hereby submit my claim to the capping procedures established in the Amended Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____ ___, 2010 and the Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation entered by the Bankruptcy Court on April 29, 2010.

Accordingly, I hereby propose to cap my claim at the amount specified below (the "**Claim Amount Cap**").

| Claimant's Name | Proof of Claim No. | Original Filed Amount | Claim Amount Cap |
|---|---|---|---|
|  |  |  |  |

I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorney's fees, other fees, and costs.  If the Claim Amount Cap is accepted by the Debtors, I understand that I am required to submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used under the ADR Procedures.

Very truly yours,

By        _____
Address   _____
State     _____

cc:   Pablo Falabella, Esq.
       Weil, Gotshal & Manges LLP
       767 Fifth Avenue, New York, NY 10153
       pablo.falabella@weil.com

HEARING DATE AND TIME: June 14, 2012 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 7, 2012 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                        :
In re                                                   :          **Chapter 11 Case No.**
                                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.*,               :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*        :
                                                        :
                        **Debtors.**                    :          **(Jointly Administered)**
                                                        :
------------------------------------------------------------------x

### ORDER GRANTING MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION AS TO THE PROOF OF CLAIM FILED BY ANNE VALDES FOR THE SOLE PURPOSE OF ALLOWING CLAIMANT TO LIQUIDATE THE PROOF OF CLAIM BY FILING AN ACTION

Upon the Motion, dated May 31, 2012 (the "**Motion**"),[1] of the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), for entry of an order providing for a limited

modification of the Automatic Stay and the Plan Injunction as to the Proof of Claim filed by

Anne Valdes, all as more fully described in the Motion; and due and proper notice of the Motion

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

the GUC Trust, the Debtors, their estates, creditors, and all parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Automatic Stay and the Plan Injunction are modified solely to

the extent necessary to permit liquidation of the Proof of Claim by permitting the Action to be

filed by Claimant to proceed to final judgment or settlement; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

ORDERED that, within forty-five days of the entry of this Order, Claimant shall

file the Action in the United States District Court for the Southern District of New York or such

other nonbankruptcy forum that has personal jurisdiction, subject matter jurisdiction, or *in rem*

jurisdiction and is a proper venue; and it is further;

ORDERED that, should Claimant fail to file the Action in the United States

District Court for the Southern District of New York or such other nonbankruptcy forum that has

personal jurisdiction, subject matter jurisdiction, or *in rem* jurisdiction and is a proper venue

within forty-five days of the entry of this Order or fail to file with this Court within forty-five

days of the entry of this Order a motion to extend the time for filing for cause, the Proof of Claim

shall be automatically disallowed and expunged in its entirety without the necessity of further

order by this Court; and it is further;

ORDERED that pursuant to the ADR Order and the ADR Procedures, any final

judgment in or settlement of the Action shall be subject to treatment under the Plan and shall be

treated as a general unsecured nonpriority claim against the GUC Trust, unless otherwise

determined and ordered by this Court; and it is further

ORDERED that, except as provided herein, the provisions of the Automatic Stay,

the Plan Injunction, or any provision or injunction created in connection with confirmation of the

Plan and the order confirming the Plan, including, without limitation, those provisions

prohibiting execution, enforcement, or collection of any judgment that may be obtained against

the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in

section 541 of the Bankruptcy Code), shall remain in full force and effect; and it is further

ORDERED that nothing contained herein shall be deemed or construed as an

admission of liability by the Debtors or the GUC Trust with respect to the Action, and the

defendants in the Action reserve the right to assert any and all defenses in the Action; and it is

further

ORDERED that this Court shall retain jurisdiction and shall be the exclusive

forum to resolve any disputes or controversies arising from or relating to this Order.

Dated: New York, New York

_____, 2012

_____
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43995250\6\72240.0639