**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :     Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY, ET AL**   :
                                                            :     **09-50026 (REG)**
  f/k/a General Motors Corp., *et al.*         :
                                                            :
                                        Debtors.    :     (Jointly Administered)
                                                            :
------------------------------------------------------------x

### SECOND AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION

Upon the Motion, dated February 13, 2012 (the "**Motion**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), for an order, pursuant to section 105(a) of title 11 of the United States Code and General Order M-390, to supplement the Amended ADR Order (the "**Second Amended ADR Order**"); and the Court having determined that the relief sought in the Motion is in the best interests of the GUC Trust, the Debtors' estates, creditors, and all parties in interest and that the legal and factual bases set for in the Motion establish just cause for the relief granted herein; and after due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after consideration of all response pleadings filed; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Amended ADR Order is supplemented as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and the modified ADR Procedures set forth in Exhibit "A" attached hereto.

ORDERED that the modified ADR Procedures set forth in Exhibit "A" attached hereto are approved as provided herein with respect to claims that assert liquidated amounts of $100,000 or more based on (a) personal injury claims; (b) wrongful death claims; (c) tort claims; (d) product liability claims; (e) claims for damages arising from the rejection of an executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code (excluding claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters); (f) patent claims; (g) indemnity claims (excluding tax indemnity claims relating to leveraged fixed equipment lease transactions and excluding indemnity claims relating to asbestos liability); (h) lemon law claims, to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "**MPA**"); (i) warranty claims, to the extent applicable under section 6.15 of the MPA; and (j) class action claims (collectively, the "**Designated Claims**"); and it is further

ORDERED that, annexed to this Second Amended ADR Order as **Exhibit "B"** is the schedule of mediators (the "**Schedule of Mediators**"); and it is further

ORDERED that, the GUC Trust from time to time may further modify the Schedule of Mediators by filing a revised Schedule of Mediators with this Court; and it is further

ORDERED that, the GUC Trust is authorized to waive the obligation to share costs of non-binding mediation in their sole discretion to the extent the Designated Claimant establishes, to the satisfaction of the GUC Trust, that sharing of such expenses would constitute a substantial hardship upon such Designated Claimant; and it is further

ORDERED that, within **three (3) business days** of entry of this Order, the GUC Trust shall cause to be mailed a copy of this Order to all known holders of Patent Claims and Lower Tier Claims; and it is further

ORDERED that the GUC Trust is authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures with respect to the Designated Claims, including, without limitation, by implementing any arbitration awards or settlements with respect to Designated Claims achieved under the terms of the ADR Procedures; *provided, however*, that nothing in this Order or the ADR Procedures shall obligate the GUC Trust to settle or pursue settlement of any particular Designated Claim; *further provided* that any such settlements may be pursued and agreed upon as the GUC Trust believes are reasonable and appropriate in its sole discretion, subject to the terms and conditions set forth in the ADR Procedures; and it is further

ORDERED that, if litigation of an Unresolved Designated Claim in a forum other than this Court is required for any of the reasons forth in Section II.E.3 of the ADR Procedures (as determined by this Court), then the Stay shall be modified subject to the terms and conditions set forth in Section II.E.4 of the ADR Procedures.  Any such modification of the Stay shall be solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum.  If the GUC Trust fails to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, as set forth in Section II.E.4 of the ADR Procedures, the Stay shall remain in effect with respect to such Unresolved Designated Claim, and the Designated Claimant may seek a determination of this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy forum as set forth in Section II.E.3 of the ADR Procedures; and it is further

ORDERED that nothing contained in this Second Amended ADR Order shall be deemed to preclude any party in interest from objecting to any Designated Claim to the extent such entity has standing to assert an objection in accordance with the Bankruptcy Code and applicable law; and it is further

ORDERED that nothing in the ADR Procedures, including the ADR Injunction set forth therein, shall preclude the holder of a Designated Claim from commencing or continuing an action against a non-debtor party; and it is further

ORDERED that Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the ADR Procedures; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Second Amended ADR Order and the ADR Procedures.

Dated: New York, New York
 _**June 4, 2012**_

 _**s/ Robert E. Gerber**_
United States Bankruptcy Judge