Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x
                                    :
In re                               :    Chapter 11 Case no.
                                    :
MOTORS LIQUIDATION COMPANY, et al   :    09-50026(REG)
   F/k/a General Motors Corp., et al. :
                                    :
            Debtors,                :    (Jointly administered)
                                    :
                                    :
                                    :
_____:


## DR. TERRIE SIZEMORE'S FIRST SUPPLEMENT TO HER OBJECTION TO THE MAY 22, 2012 ORDER OF JUDGE GERBER STEMMING FROM THE APRIL 26 2012 HEARING

Now comes Dr. Terrie Sizemore pursuant to Rule 9074-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York respectfully avails herself of her right to supplement her objection to the Honorable Judge Robert E. Gerber's May 22, 2012 ORDER since she is still within the 14 days permitted by rule. Dr. Sizemore received notice from General Motor's counsel only permitting her 7 days to object, however, the ORDER itself states 14 days as well as the rule and the minutes to the April 26, 2012 Hearing. Dr. Sizemore apologizes if she has this slightly incorrect and she is actually objecting to an ORDER being drafted and presented by opposing counsel and

not a truly journaled ORDER from the Court at this time. She will take her appeal of any official ORDER as needed or permitted.

Dr. Sizemore wishes to add to the record in this Court at this time that she filed her legally permitted Action for Discovery naming "New" GM as the Adverse Party in Ohio Court. Then she filed a product liability action naming "New" GM as a Defendant- which GM and this Bankruptcy Court now claim was in violation of the 363 Sale ORDER and the ARMSPA.

When Dr. Sizemore filed her Action for Discovery, she filed pursuant to statutory laws and Civil Rules of Procedure in Ohio. "New" GM is required to abide by both statutory laws and Civil Rules of Procedure in Ohio doing business in Ohio as a foreign corporation. Dr. Sizemore is unaware of any Judicial power this US Bankruptcy Court SDNY has to negate any legal responsibilities for this entity as they conduct business in Ohio.

Furthermore, "New" GM did not comply with the Ohio Civil Rules of Procedure by responding to either legal action within the required 28 days. Dr. Sizemore would consider this negligence because it would be a breach of a legal duty of care to do so.

When "New" GM did not respond to Dr. Sizemore's Action for Discovery, she contends the Ohio Civil Rules of Procedure allowed her to prevail in her case by default. Ohio Courts accepted "New" GM's argument that Dr. Sizemore had a 'legitimate' action when she filed her products liability action against "New" GM because GM's Ohio attorneys advised the Courts she had properly filed the products liability action against "New" GM.

In addition, when Dr. Sizemore filed her products liability action against "New" GM-being unaware of the terms of the bankruptcy, "New" GM counsel had the required 28 days to respond to her filing. When they responded after the 28 days, they ANSWERED the Complaint. This act constituted GM's legal admission Dr. Sizemore had filed a proper products liability action against "New" GM. Dr. Sizemore filed to have "New" GM's ANSWER stricken from the record because it was out of time and counsel for "New" GM adamantly stated GM was a proper Defendant in this matter and their ANSWER should not be stricken from the record. This legal action carries with it the weight of honesty. If this Court is admitting to attorney misconduct by dishonest actions being condoned when counsel for "New" GM filed responses in Ohio Courts, Dr. Sizemore needs to have this issue clarified.

"New" GM counsel in Ohio phoned Dr. Sizemore and requested she submit interrogatories and document requests pursuant to Ohio Civil Rules of Procedure 33 and 34 because "New" GM was willing to answer these requests at this time-this was February, 2010. Dr. Sizemore contended she would not be permitted to do so if in fact she had made a mistake placing "New" GM on this product liability action and demanded counsel for "New" GM answer her Action for Discovery before she proceed with her product liability action. This would clarify the issues at hand and would have prevented Dr. Sizemore from having to come to New York at any time or being involved with this New York Court. This in itself is tangible damages that the law permits recovery on.

Dr. Sizemore contends she is certain this Court does not possess judicial power to prohibit her from recovery for the abuse by all parties pertinent and all actions she is not responsible for, but has been forced to endure.

## CONCULSION AND PRAYER FOR RELIEF

Dr. Sizemore contends she never should have had to dismiss her appeal in Ohio. She contends this act from this Court tortuously interfered with her rights as a litigant in Ohio. Dr. Sizemore reasserts there have been no conclusions of law or findings of fact that substantiate the conduct forced upon her and wishes to have this information as part of the record.

Respectfully submitted,

Dr. Terrie Sizemore RN DVM
Pro se

## CERTIFICATE OF SERVICE

A true and accurate copy of this foregoing Dr. Terrie Sizemore's First Supplement to Her Objection to the May 22, 2012 Order of Judge Gerber Stemming from the April 26, 2012 Hearing has been served, via regular US Mail on this 30th day of May, 2012 upon the following:

Stephen Karotkin
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Ave.
New York, New York 10153
Attorneys for General Motors, LLC