**HEARING DATE AND TIME: June 14, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :        09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                        :
            Debtors.                    :        (Jointly Administered)
                                        :
------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY TO ROBERT L. GRAJEK'S RESPONSES TO THE 181ST and 184TH OMNIBUS**
**OBJECTIONS TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# <u>TABLE OF CONTENTS</u>

**Page**

Preliminary Statement ................................................................................................................ 1

The Claims Should Be Disallowed and Expunged ...................................................................... 3

    (A)    The Claims Should Be Disallowed  As Debtors Had Right to Amend or
Terminate Each Welfare Benefit Plan ................................................................ 3

    (B)    Ongoing Benefits Have Been Assumed by New GM .......................................... 4

The Grajek Responses: Claim Nos. 21847 and 21848 ................................................................ 5

Conclusion .................................................................................................................................. 6

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
    514 U.S. 73 (1995)......................................................................................................4

*Moore v. Metro. Life Ins. Co.*,
    856 F.2d 488 (2d Cir. 1988).......................................................................................3

*In re Oneida, Ltd.*,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC),
    2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) ...............................................................3

*Sprague v. Gen. Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998) ..................................................................................3

STATUTES

29 U.S.C. § 1051(1) ...................................................................................................3

Employee Retirement Income Security Act of 1974 ....................................................3

ii

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

   The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the response (defined below) interposed to the 181st Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8864) (the "**181st Omnibus Objection**"), and the 184th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8867) (the "**184th Omnibus Objection**," and together with the 181st Omnibus Objection, the "**Omnibus Objections**"), and respectfully represents:

### Preliminary Statement

   1.  On January 26, 2011, the Debtors filed the Omnibus Objections.  The Omnibus Objections seek the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus Objections, are not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged from the claims register.

2.       Responses to the Omnibus Objections were due by February 22, 2011. The Grajek Responses listed on **Exhibit 1** attached hereto and described further herein were filed with respect to the Omnibus Objections by Mr. Robert L. Grajek relating to his individual claims (the "**Welfare Benefits Claims**").

3.       The Grajek Responses (as defined herein) are generally not substantive, but are critical of the reduction or termination of welfare benefits provided to retired and former salaried and executive employees of the Debtors.  After reviewing the Grajek Responses, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objections, and submits that Mr. Grajek has failed to provide any legal or factual support for the Welfare Benefits Claims.  Notwithstanding Mr. Grajek's opposition, the Grajek Responses should be overruled because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently the Debtors and the GUC Trust have no liability for the Welfare Benefits Claims.  Accordingly, the GUC Trust files this Reply in support

---

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

US_ACTIVE:\44020162\1\72240.0639

of the Omnibus Objections and respectfully requests that the Welfare Benefits Claims be

disallowed and expunged from the claims register.

4.      The Debtors and the GUC Trust are, of course, sympathetic with the

impact that the financial problems of the Debtors have had on Mr. Grajek's welfare benefits.

However, in view of the Debtors' liquidation and under applicable law, there should be no other

outcome.

**The Welfare Benefits Claims Should Be Disallowed and Expunged**

5.      Mr. Grajek has failed to demonstrate the validity of his Welfare Benefits

Claims and, thus, the Welfare Benefits Claims should be disallowed and expunged.  *See, e.g.*, *In*

*re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010

WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim

when objection is asserted refuting claim's essential allegations).

**(A)     The Welfare Benefits Claims Should Be Disallowed As Debtors
          Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.      In the Grajek Responses, Mr. Grajek has not demonstrated that the

Debtors were bound by any legal or contractual requirement to continue to provide him, or other

retired and former salaried and executive employees, with the Welfare Benefits on a permanent

basis.  The Omnibus Objections explain that the Employee Retirement Income Security Act of

1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit

plans, and that ERISA does not require an employer to provide or to vest welfare benefits.

Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or

forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. §

1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen.*

*Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

US_ACTIVE:\44020162\1\72240.0639

7.     In addressing claims similar to Mr. Grajek's Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.     Thus, Mr. Grajek bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Grajek has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.     In the Grajek Responses, Mr. Grajek has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Grajek has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Grajek.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)     Ongoing Benefits Have Been Assumed by New GM**

10.     On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set

4

forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the

extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Grajek has not provided any credible factual or legal basis to suggest otherwise.

### The Grajek Responses: Claim Nos. 21847 and 21848

11.    On February 10, 2011, a response (ECF No. 9232) was filed on behalf of

Robert L. Grajek (the "**First Grajek Response**") stating opposition to the relief sought in the

181st Omnibus Objection.  A second response (ECF No. 9235) was filed on behalf of Mr. Grajek

(the "**Second Grajek Response**," and with the "**First Grajek Response**," the "**Grajek**

**Responses**") to the relief sought in the 184th Omnibus Objection on February 10, 2011.   (*See*

Proofs of Claim Nos. 21847 and 21848 at **Exhibit 2** attached hereto, the First Grajek Response at

**Exhibit 3** attached hereto, and the Second Grajek Response at **Exhibit 4** attached hereto).

12.    In the Grajek Responses, which are identical, Mr. Grajek states opposition

to the relief sought in the Omnibus Objections with respect to the Welfare Benefits Claims.  The

Grajek Responses note that Mr. Grajek served General Motors Corporation ("**Old GM**") for 31

years prior to his retirement.  Further, the Grajek Responses note that the Grajek family is having

difficulties maintaining the prior level of benefits, as both Mr. Grajek and his wife are

uninsurable due to chronic illnesses.  Mr. Grajek asserts that throughout his career with Old GM,

he was led to believe that he "could plan on company furnished life insurance" and that benefits

were part of his "total compensation."   In the Grajek Responses, Mr. Grajek points to

presentations on benefits provided by the company and summaries of benefits prepared by the

5

company.  But Mr. Grajek does not identify any writing which expressly provides that these benefits were intended to vest for life.

13.     Mr. Grajek received summary plan descriptions explaining his Welfare Benefit Plans each year during his employment and every five years following his retirement. The Summary Plan Descriptions explicitly stated that the Welfare Benefits could be amended or terminated by Old GM at any time.  In addition, the letters that Mr. Grajek has attached to the Proofs of Claim explicitly note that the Welfare Benefits Plans could be amended or terminated at any time.[4]

14.     The Grajek Responses provide no additional support for the Welfare Benefits Claims.  The GUC Trust is not aware of any documentation or facts supporting the Welfare Benefits Claims.  For the reasons set out above, the Debtors respectfully submit that the Grajek Responses should be overruled, and the Welfare Benefits Claims should be disallowed and expunged.

## Conclusion

15.     Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been established by Mr. Grajek; and (iii) New GM assumed the Welfare Benefit Plans as modified, the Debtors and the GUC Trust have no liability for Mr. Grajek's Welfare Benefits Claims.  The GUC Trust reiterates that the Grajek Responses have not provided any legal or factual support for the Welfare Benefits Claims and cannot be afforded prima facie validity under the

---

[4] See Declaration of Joseph H. Smolinsky in Support of Motors Liquidation Company GUC Trust's Reply to Responses to the 83rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (Proof of Claim No. 62922 filed by Claimant Linda K. Bellaire) at ECF No. 11453 for a copy of Summary Plan Descriptions sent to Old GM retirees.  Page 2 of the Summary Plan Description explicitly states, "General Motors Corporation reserves the right to amend, change, or terminate the Plans and Programs described in this booklet."

US_ACTIVE:\44020162\1\72240.0639

Bankruptcy Code.  Accordingly, the Welfare Benefits Claims should be disallowed and expunged in their entirety.

          WHEREFORE, for the reasons set forth herein and in the Omnibus Objections, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objections and such other and further relief as is just.

Dated: New York, New York
      June 5, 2012

          /s/ Joseph H. Smolinsky
          Harvey R. Miller
          Stephen Karotkin
          Joseph H. Smolinsky
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Motors Liquidation
          Company GUC Trust

**Exhibit 1**

| 181st and 184th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | |
|---|---|---|---|---|
| Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 21847 | 9232 | Grajek, Robert L. | $86,716.00 (U) | Mr. Grajek's response asserts that the objection to his claim is unjust and inequitable.  Mr. Grajek's response further notes that to maintain the same amount of insurance as previously provided General Motors Company would not be possible, as both he and his wife are uninsurable due to chronic illnesses.  Mr. Grajek's response points to presentations on benefits provided by the company and summaries of benefits prepared by the company to support his response. |
| 21848 | 9235 | Grajek, Robert L. | $87,716.00 (U) | Please see Proof of Claim 21847 above. |

**<u>Exhibit 2</u>**

01099803
APS0544402219




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |

**Name of Debtor** (Check Only One)                Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )    09-13558 (REG)

NOTE  *This form should not be used to make a claim for an administrative expense arising after the commencement of the case and may be used for purpose of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)    GRAJEK, ROBERT L

Name and address where notices should be sent

GRAJEK ROBERT L
16864 EVERGREEN TER
HOMER GLEN IL 60491-8425

Telephone number **815.485.1061**
Email Address **RZQVLS2@COMCAST.NET**

Name and address where payment should be sent (if different from above)

FILED - 21847
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

**Your Claim is Scheduled As Follows:**

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1**  Amount of Claim as of Date Case Filed, June 1, 2009    $ **86,716.00**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2. Basis for Claim** **VALUE OF CANCELLED BASIC LIFE INSURANCE**
(See instruction #2 on reverse side )

**3**  Last four digits of any number by which creditor identifies debtor. **1745**

    **3a.** Debtor may have scheduled account as _____
    (See instruction #3a on reverse side )

**4. Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
**Describe**

Value of Property: $_____   Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim. $_____     Amount Unsecured $_____

**6  Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7. Documents:**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5**  Amount of Claim Entitled to Priority under 11 U S C § 507(a).
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐  Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐  Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐  Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐  Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐  Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐  Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐  Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date **11/4/2009**

**Signature:** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

ATTACHMENT: COVER LETTER; ADDENDUMS 1 THROUGH 3

November 4, 2009

To: U S Bankruptcy Court for the Southern District of New York

Subject· Support of Claim against Motors Liquidation Company (f/k/a/ General Motors Corporation)
Basic Life Insurance Reductions

- 2008 Basic Life Insurance (Annualized Life Insurance at time of retirement):
  $96,716 00
    o See Addendum 1 (2 pages)
- February 16,2009 GM Letter: Announced Basic Life Insurance to those who
  retired prior to May 1, 2007, will have Basic Life Insurance reduced 50% on
  January 1, 2017.
    o This letter accelerated this reduction and reduced Basic Life Insurance
      another 25% on may1, 2009  However, this letter states that Basic Life
      Insurance will not be reduced below $25,000 00
    o See Addendum 2 (2 pages)
- June 2009 GM Letter. "U.S  Benefit Modifications", Basic Life Insurance in
  Retirement
    o Reduced basic Life Insurance to $10,000.00
    o See Addendum 3 (4 pages)
- Basic Life Insurance Reduction (Worksheet)
    o Annualized Life Insurance at time of Retirement
      ▪ Basic Life Insurance @ $96,716 00 less $10,000.00 Reduced Basic
        Life Insurance = **$86,716.00 Loss In Value**

Robert L. Grajek
16864 Evergreen Ter
Homer Glen, IL 60491
Last Four SSN  1745
815.485 1061

Attachments·
Addendum 1 through 3



ADDENDUM 1 (2 pages)

# YOUR PERSONAL FACT SHEET

## 2008 ANNUAL ENROLLMENT

- Review your benefit elections and dependent information in this PERSONAL FACT SHEET carefully.
- To make changes to your benefit elections for 2008, follow the ENROLLMENT INSTRUCTIONS on the next page.
- If you do not make changes during the enrollment period, this PERSONAL FACT SHEET will serve as your confirmation statement.

Enrollment Period: October 30–November 16, 2007

4 GM-H 501B ENVB GM10108807001001650

ROBERT L. GRAJEK
16864 EVERGREEN TERRACE
HOMER GLEN, IL 60491

Dear ROBERT L GRAJEK.

This **PERSONAL FACT SHEET** shows your 2008 benefit elections and the contribution amounts for each option Remember, if you do not make any changes during the enrollment period, this **PERSONAL FACT SHEET** will serve as your confirmation statement

Each year you have the opportunity to review and change certain benefit elections based on your current needs At the close of this enrollment period, you cannot change your 2008 benefit elections, except in the case of a qualified life event change

In addition to your **PERSONAL FACT SHEET**, the enclosed newsletter highlights changes for 2008 Please review these materials carefully when making your benefit enrollment decisions Additionally, a detailed Health Care Resource Guide is available for review online in the **Reference Library** by clicking the Enroll Now icon on gmbenefits.com, or by calling the GM Benefits & Services Center at 1-800-489-4646 The number for the TTY Service for the Hearing or Speech Impaired is 1-877-347-5225

### YOUR CURRENT ELECTIONS WITH 2008 CONTRIBUTION AMOUNTS
*This statement reflects your personal information as of September 28, 2007*

| Plan | Option | Family Status/Coverage Volume | Your 2008 Monthly Contribution After-Tax |
|------|--------|-------------------------------|-------------------------------------------|
| Medical | Enhanced PPO (BCBS-US-RS) | Self + Family | $170 00 |
| Health Savings Account | No Health Savings Account with Bank of America | No Coverage | $0 00 |
| Extended Care Coverage (ECC) | Extended Care Coverage | Self + Family | $19 00 |
| Dental | Traditional Delta Dental (RS) | Self + Family | $23 00 |
| Vision | Cole Managed Vision (S) | Self + Family | $3 00 |
| Basic Life Insurance | 2 X Annual Base Salary | $96,716 | $0 00 |
| Optional Life Insurance | 3 X Annual Base Salary | $317,100 | $209 29 |
| Dependent Life Insurance — Spouse | | $100,000 | $52 00 |
| Dependent Life Insurance — Child | | $15,000 | $1 20 |
| Personal Accident Insurance — Employee | | $500,000 | $7 50 |
| Personal Accident Insurance — Spouse | | $500,000 | $7 50 |
| Personal Accident Insurance — Child | | $50,000 | $1 60 |
| **TOTAL MONTHLY CONTRIBUTIONS** | | | **$494.09** |

**Note:** The (S) or (RS) after a benefit option is used for administrative purposes only
**Note:** If applicable, you may decrease or cancel your contributory life insurance coverages; however, you may not increase your coverage or enroll in new coverage

gmbenefits.com

Page 3

4 GM-H-501B
3 GM-H-405A/ 319991 001

FESCOHOB_GM10108807_11_PFS_ANNUAL
GM10108807001001650

## ENROLLMENT INSTRUCTIONS

**Here's what you need to do to enroll in your 2008 benefits.**

- Review your **PERSONAL FACT SHEET** and the enclosed newsletter carefully to determine your benefit needs
- Enroll by logging on to **gmbenefits.com** or calling the GM Benefits & Services Center at 1-800-489-4646

**If you enroll using gmbenefits.com:**

- Go to **gmbenefits.com** and click the **Enroll Now** icon.
- You will be prompted to enter your Social Security number (or Customer ID) and Personal Identification Number (PIN) You will either establish a PIN or enter the PIN you use to access your GM Savings Plan, if applicable
- You should be aware that you have the ability to establish a Customer ID on this Web site, which is an identifier that you can create to use instead of your Social Security number.
- Once you have logged on, click the **Review Your Benefits and Enroll** link and follow the online instructions to enroll

**If you enroll using the GM Benefits & Services Center:**

- Call GM Benefits & Services Center at 1-800-489-4646, Monday through Friday between 7.30 a m  and 6:00 p m  Eastern Time zone, to speak with a Customer Service Associate
- You will be prompted to enter your Social Security number (or Customer ID) and Personal Identification Number (PIN) You will either establish a PIN or enter the PIN you use to access your GM Savings Plan, if applicable
- TTY Service for the Hearing or Speech Impaired is available at 1-877-347-5225.

Overseas Calls· Dial your country's toll-free AT&T Direct* access number, then enter 877-833-9900. In the U S , call 1-800-331-1140 to obtain AT&T Direct access numbers. From anywhere in the world, access numbers are available online at www att com/traveler or from your local operator

## 2008 BENEFIT OPTIONS

**If you do not elect a new medical, dental or vision plan, you will automatically be enrolled in the default plan that is shaded below.** If there is only one plan listed and it is shaded, no election is available at this time  If there are multiple plans listed, then you may choose from any of the available plans

### MEDICAL PLAN (after-tax)  Your Monthly Contribution by Family Status

| Option | Self | Self + Spouse/ Domestic Partner | Self + Child(ren) | Self + Family | Carrier Number |
|---|---|---|---|---|---|
| Enhanced PPO (BCBS-US-RS) | $60 00 | $121 00 | $115 00 | $170 00 | 800-482-2210 |
| Health Savings Account PPO - BCBS (RS) | $0 00 | $0 00 | $0 00 | $0 00 | 800-482-2210 |
| Health Savings Account PPO - CIGNA/HAP (RS) | $0 00 | $0 00 | $0 00 | $0 00 | 800-244-6224 |
| Waive Medical for Other GM Coverage | $0 00 | $0 00 | $0 00 | $0 00 | |
| No Coverage | $0 00 | $0 00 | $0 00 | $0 00 | |

**Note:**If you choose to waive medical coverage in order to be a dependent under your spouse's GM plan, you are automatically waiving dental and vision coverages, too
**Note:**If you elect to enroll in a Medicare HMO, your enrollment is not complete until you have been approved for coverage by the carrier  Please contact the carrier for the application form  If you do not return the form, you will be defaulted into the Enhanced Medical Plan PPO

**All medical plans with an asterisk (*) are considered Benchmark HMOs. Please access the Resource Guide online in the Reference Library by clicking the Enroll Now icon on gmbenefits.com for an explanation of benchmark HMOs. Also, the related Medical Plan Quality Information is listed next.**

**gmbenefits com**

4 GM-H-501B
3 GM H-406A/ 319991 001

Page 4

FESCOHOB_GM10108807_11_PFS_ANNUAL
GM10108807001081850

*Addendum 2 (2 pages)*

# General Motors

February 16, 2009

Dear GM Salaried Retiree

These are extremely challenging times for the global auto industry and for General Motors. In the United States, we are witnessing the lowest industry sales volumes in the past 50 years. In response, we are undertaking a number of very tough but necessary actions to position the company for long-term viability and success. Our Viability Plan is very aggressive and requires significant sacrifices from all GM stakeholders, including the current management, active salaried employees, unions, suppliers, dealers, investors, debt holders, retirees and surviving spouses.

In early 2007, General Motors announced that

- For employees who retired prior to May 1, 2007, the Basic Life Insurance in effect would be reduced by 50% on January 1, 2017

- For employees who retired on or after May 1, 2007, the Basic Life Insurance in effect would be reduced by 50% on the 10th anniversary of retirement.

As a result of continued deterioration of business conditions, the decision has been made to accelerate a portion of that reduction. Effective May 1, 2009, for most retirees, the amount of Basic Life Insurance in effect will be reduced by 25%.

- For employees who retired prior to May 1, 2007, the remaining 25% reduction of the amount in effect on May 1, 2009, will be taken on January 1, 2017.

- For employees who retired on or after May 1, 2007, the remaining 25% reduction of the amount in effect on May 1, 2009, will be taken on the 10th anniversary of your retirement.

In either case, your Basic Life Insurance will not be reduced below $25,000. Retirees whose current Basic Life Insurance amount is less than $25,000 will not have any reductions to their current Basic Life Insurance amount.

For salaried employees who retired prior to May 1, 2009, GM has worked with MetLife to make available a replacement life insurance plan to assist those who wish to maintain a higher level of life insurance coverage. GM continues to engage MetLife to determine how the acceleration of the 25% reduction will affect the replacement policy. We will provide more information regarding this topic as soon as it becomes available.

The decision to reduce retiree benefits was extremely difficult. However, this and other actions we are taking are essential to enable GM to emerge a stronger, leaner, and more viable business in the long run. We want to thank you for your ongoing support during these challenging times.

If you have any questions about this information, please call the GM Benefits & Services Center at 1-800-489-4646, Monday through Friday between 7 30 a m and 6 00 p m Eastern Time zone, and select the Life Insurance option

Sincerely,

Jean L Rose
Executive Director
Employee Benefits and
Human Resources Operations

*Notwithstanding the above, the Corporation reserves the right, by and through the Board of Directors or its delegate, to amend, modify, suspend, or terminate its benefit plans in whole or in part, at any time*





*Addendum 3 (4 pages)*



# U.S. Benefit Modifications

Dear GM Retiree:

As part of GM's announcements on June 1st, we acknowledged some of the significant sacrifices that our salaried employees and retirees will be making to support the reinvention of General Motors. We also communicated that we would be reducing the obligations for certain retiree benefits by roughly two-thirds.

We have now finalized the changes that we need to make in order to achieve the required two-thirds reduction. As promised, I am sharing this information with you as quickly as possible. These are very difficult changes to make, but unfortunately necessary to position the New GM to win — and win now. These changes are described below. As always, all benefits are at all times subject to the terms of each plan.

## Basic Life Insurance in Retirement

For current retirees eligible for Basic Life Insurance in retirement (those whose service date was prior to January 1, 1993) the amount of Basic Life Insurance provided by GM is being reduced to $10,000 (retirees with less than $10,000 will remain at that level of life insurance). This change will be effective on the first of the month following the New GM sale closing.

Retirees impacted by these reductions will have an opportunity to supplement their remaining employer provided Basic Life Insurance by enrolling in a Voluntary Life Insurance program through MetLife. This program will not require "proof of good health". Enrollment for this program will be in the third quarter of this year.

During the first two years of participation in the program, the death benefit available will be equal to the amount of the premiums paid. Following two years of premium contributions, the full amount of coverage elected will be payable in the event of your death. Details regarding the program will be mailed to you from MetLife in the third quarter

## Non Medicare Retiree Health Care

Effective January 1, 2010, the General Motors Salaried Health Care Program will be further modified for salaried retirees, surviving spouses and their eligible dependents Individuals impacted by this change include:

- Salaried retirees, surviving spouses and their dependents eligible to enroll or who currently are enrolled in the GM Salaried Health Care Program, and
- Current employees who are eligible to enroll in the GM Salaried Health Care Program upon retirement.

The new plan design will include benefits and coverages for medical and prescription drugs only, and dental, vision, and extended care coverage will be cancelled. Cost sharing provisions (e.g., monthly contributions, deductibles, coinsurance and out of pocket maximums) will increase substantially.



# U.S. Benefit Modifications

For salaried retirees, the changes will exceed the changes that otherwise would be required under the current salaried retiree cap that was implemented on January 1, 2007. However, this acceleration of cost share is necessary at this time to facilitate GM's restructuring plan.

In this regard, the 2006 caps have been updated to reflect an additional increase in overall cost sharing. Going forward, the revised caps will be the basis for annual plan design changes necessary to maintain capped levels. When the average costs exceed the revised caps established under the 2010 design, then additional plan changes that affect cost-sharing features of program coverage will be implemented.

Please note that the GM Benefits and Services Center and current GM health plan carriers do not have any additional information regarding these announced changes Further details of these changes will be communicated directly to impacted employees and retirees in the fall as part of the 2010 Annual Enrollment.

I realize the sacrifices that we need to make will be very difficult for you and your families. While the actions we are taking to reinvent GM are many and affect a vast range of stakeholders, the impact on former employees such as yourself, who dedicated so many years to the service of General Motors, is unquestionably very difficult. Much has changed from the Company I joined over 20 years ago, however, I am confident the many steps we are taking will establish a foundation for the New GM that will win in the future. I appreciate your continued support of GM.

Sincerely,

Frederick A. Henderson
President and Chief Executive Officer



# U.S. Benefit Modifications

### Questions and Answers Regarding the Recently Announced Benefit Changes

## HEALTH CARE CHANGES AS OF JANUARY 1, 2010

**Q.**   **What salaried retiree health care changes did GM announce?**

**A.**   Effective January 1, 2010, retirees, surviving spouses and their eligible dependents will only be eligible for medical and prescription drug coverages under the GM Salaried Health Care Program. Medical coverage includes behavioral health and substance abuse, durable medical equipment including prosthetic and orthotic appliances, and hearing  Effective January 1, 2010, dental, vision and extended care coverages will cancel. In addition, cost sharing provisions (e.g., monthly contributions, deductibles, coinsurance and out of pocket maximums) under the Salaried Health Care Program will increase substantially

**Q.**   **Who is impacted by these changes?**

**A.**   These changes impact current and future retirees and surviving spouses (including dependents) who are eligible for GM contributions towards health care in retirement They also impact those who are eligible to participate in the GM Salaried Health Care Program on a self-pay basis.

## DENTAL, VISION and EXTENDED CARE COVERAGE (ECC)

**Q.**   **When will salaried retiree dental, vision, and extended care coverages cancel?**

**A.**   January 1, 2010

**Q.**   **Can I self-pay for dental, vision or ECC through the GM Salaried Health Care Program?**

**A.**   No.

**Q.**   **Will I be offered COBRA for dental or vision when they are cancelled?**

**A**   This is still under consideration at General Motors.

**Q.**   **Will I be offered COBRA for Extended Care Coverage when this is cancelled?**

**A.**   No  The COBRA statutes do not apply to ECC

**Q.**   **Can I purchase dental and/or vision coverage on my own?**

**A.**   Yes. Dental and vision products are available publically for individual purchase



# U.S. Benefit Modifications

**Q.**   **Will I be able to purchase Extended Care Coverage (ECC) on my own?**

**A.**   No.  ECC is a unique benefit to the GM Salaried Health Care Program.  Individuals
interested in the long term custodial care feature of ECC should look into purchasing Long
Term Care insurance

## LIFE INSURANCE

**Q**   **I understand that Basic Life Insurance has been reduced to a flat $10,000 for current
retirees. Can I purchase any coverage to replace this?**

**A.**   Yes. GM is working with MetLife to make this opportunity available for current retirees
but GM will not sponsor or administer this plan.  Yes.  Additional information will be
provided in the third quarter on coverage available on a self-pay basis, and you will be
encouraged to consider that and other options that you might independently identify
The Voluntary Insurance program will be provided without the requirement of "proof of
good health"   During the first two years of participation in the program, the death benefit
available will be equal to the amount of the premiums paid. Following two years of
premium contributions, the full amount of coverage elected will be payable in the event
of your death.

## SALARIED RETIREMENT PROGRAM

**Q**   **Will the Salaried Retirement Program benefits be reduced after the 363 sale?**

**A.**   The Salaried Retirement Program (SRP) is a qualified pension plan protected under the
Employee Retirement Income Security Act (ERISA).  We have confirmed that we do not
plan on terminating the plan or reducing SRP benefits as a result of the 363 sale.
However, GM continues to reserve the right to amend, modify and terminate employee
benefit plans in the future.

**General Motors reserves the right to change, amend, modify, suspend or
terminate its employment practices, policies, employee benefit plans or programs
at any time.  This document provides general Information only.  In the event of a
conflict with the official plan documents, the plan documents will control.**



APS2080864177
01099803

**BALLOT # 439**

PLEASE COMPLETE THE FOLLOWING

ITEM 1  **Amount of General Unsecured Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below

| | |
|---|---|
| Claim Amount | $86,716 00 |
| Debtor | MOTORS LIQUIDATION COMPANY |

ITEM 2  **Vote on the Plan.** The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to

<u>Check one box</u>    ☒    Accept the Plan       01-06-11 A10·23 IN

☐    Reject the Plan

ITEM 3  **Acknowledgement and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including all exhibits thereto  The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein

Print or Type Name of Claimant         Robert L. Grajek

Social Security or Federal Tax I D  No  of Claimant   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

Signature

Name of Signatory (if different than claimant)

If by Authorized Agent, Title of Agent

Street Address              16864 Evergreen Ten

City, State, and Zip Code        Homer Glen, Il 60491

Telephone Number           815 485 1061

E-mail Address             RZQVLS2 @ Comcast . Net

Date Completed             1/3/2011

*Please check <u>one or both</u> of the below boxes, if the above address is a change of address for the purpose(s) of*

☐ future notice mailings; **AND/OR**   ☐ distributions

THE GARDEN CITY GROUP INC
JAN 6 2011

5

1745 / Z 4



APS2080864177
01099803

GRAJEK, ROBERT L.
16864 EVERGREEN TER
HOMER GLEN, IL  60491-8425

1745 / 2.4

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO. 18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH  43017-9957

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES



**<u>Exhibit 3</u>**

US_ACTIVE:\44014320\1\99910.6279

HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE February 22, 2011 at 4:00 p.m. (Eastern Time)

Robert L. Grajek
16864 Evergreen Terrace
Homer Glen, IL 60491
Phone: 815-485-1061
Email: rzqvls2@comcast.net

Retired salaried employee of General Motors with unsecured claim for health and life benefits –
**Claim Number 21847**. Page 7, Exhibit A, Debtor's 181st Omnibus Objection to Claims.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

| | |
|---|---|
| In re | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, : <br> f/k/a General Motors Corp., *et al.* : | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------------- x

Response to the <u>NOTICE OF DEBTORS' 181st OMNIBUS OBJECTION TO CLAIMS</u>
dated January 26, 2011.

I object to this attempt by Motors Liquidation Co., General Motors, and their legal representatives, to avoid paying any monies to retirees who have, for their entire careers, have been promised health and life insurance benefits in retirement. Their request to deny all claims for these benefits these claims is unjust and inequitable.

If my wife and I wish to maintain the same level of benefits that we have been promised by General Motors throughout our expected lifetimes, we will be required to spend in premiums over $90,000 for Life Insurance. That is, if we were able to obtain life insurance. Both my wife and I have chronic illnesses and are both <u>uninsurable</u>.

Throughout my 31-year career with GM, I was led to believe during presentations by GM representatives, and included in annual "GM Personnel Benefits Summaries", that I could plan on company furnished life insurance and that duplicate coverage would not be necessary.

During my employment, GM would prepare for me a "Personal Total Compensation Summary", which stated that my benefits were part of my "total compensation". This "total compensation" was always portrayed as something to count on by GM Management, as well as by GM Human Resources.

GM had several options to avoid bankruptcy, but decided to do so and then chose to terminate retiree benefits, close facilities, and lay-off employees.

I respectfully ask the Court to order that my claim and others be honored by Motors Liquidation Co. and General Motors.

_____
Robert L. Grajek
Homer Glen, Illinois 60491

Dated: February 2, 2011

HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
:
**In re**                                          :          **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :          **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*   :
:
        **Debtors.**                            :          **(Jointly Administered)**
:
----------------------------------------------------------x

**NOTICE OF DEBTORS' 181st OMNIBUS OBJECTION TO CLAIMS**
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

      **PLEASE TAKE NOTICE** that on January 26, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 181st omnibus objection to expunge certain compensation and

welfare benefits claims of retired and former salaried and executive employees (the "**181st**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 181st

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

**Exhibit 4**

HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE February 22, 2011 at 4:00 p.m. (Eastern Time)

Robert L. Grajek
16864 Evergreen Terrace
Homer Glen, IL 60491
Phone: 815-485-1061
Email: rzqvls2@comcast.net

Retired salaried employee of General Motors with unsecured claim for health and life benefits –
**Claim Number 21848**. Page 14, Exhibit A, Debtor's 181st Omnibus Objection to Claims.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

In re                                                    Chapter 11 Case No.

    MOTORS LIQUIDATION COMPANY, *et al.*, :        09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :

            Debtors.                (Jointly Administered)

-------------------------------------------------------------- x

Response to the NOTICE OF DEBTORS' 184th OMNIBUS OBJECTION TO CLAIMS
dated January 26, 2011.

I object to this attempt by Motors Liquidation Co., General Motors, and their legal representatives, to
avoid paying any monies to retirees who have, for their entire careers, have been promised health and
life insurance benefits in retirement. Their request to deny all claims for these benefits these claims is
unjust and inequitable.

If my wife and I wish to maintain the same level of benefits that we have been promised by General
Motors throughout our expected lifetimes, we will be required to spend in additional premiums over
$99,000 for health Insurance. That is, if we were able to obtain additional health insurance to cover
what has been cancelled and reduced by GM. Both my wife and I have chronic illnesses and are both
uninsurable and there is nothing we can do to access additional coverage.

Throughout my 31-year career with GM, I was led to believe during presentations by GM
representatives, and included in annual "GM Personnel Benefits Summaries", that I could plan on
company furnished health insurance throughout my life, as well as my spouse.

During my employment, GM would prepare for me a "Personal Total Compensation Summary", which
stated that my benefits were part of my "total compensation". This "total compensation" was portrayed
as something to count on by GM Management, as well as by GM Human Resources.

GM had several options to avoid bankruptcy, but decided to do so and then chose to terminate retiree
benefits, close facilities, and lay-off employees.

I respectfully ask the Court to order that my claim and others be honored by Motors Liquidation Co.
and General Motors.

                              Robert L. Grajek
                              Homer Glen, Illinois 60491

Dated: February 2, 2011

HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------x
                                                      :
In re                                                 :      Chapter 11 Case No.
                                                      :
MOTORS LIQUIDATION COMPANY, et al.,                   :      09-50026 (REG)
        f/k/a General Motors Corp., et al.            :
                                                      :
                            Debtors.                  :      (Jointly Administered)
                                                      :
------------------------------------------------------x
```

**NOTICE OF DEBTORS' 184th OMNIBUS OBJECTION TO CLAIMS**
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

      **PLEASE TAKE NOTICE** that on January 26, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 184th omnibus objection to expunge certain compensation and

welfare benefits claims of retired and former salaried and executive employees (the "**184th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 184th

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States