**HEARING DATE AND TIME: June 14, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                      :
                   Debtors.           :    (Jointly Administered)
                                      :
-------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY TO THE RESPONSE OF STANLEY E. JACK TO THE 180TH AND 184TH**
**OMNIBUS OBJECTIONS TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# <u>TABLE OF CONTENTS</u>

**Page**

Preliminary Statement ................................................................................................ 1

The Claims Should Be Disallowed and Expunged ...................................................... 3

    (A)    The Claims Should Be Disallowed As Debtors Had Right to Amend or
             Terminate Each Welfare Benefit Plan ................................................... 3

    (B)    Ongoing Benefits Have Been Assumed by New GM .......................... 4

The Jack Response: Claim Nos. 30749 and 30751 ...................................................... 5

Conclusion .................................................................................................................. 7

i

US_ACTIVE:\44009164\1\72240.0639

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
  514 U.S. 73 (1995)..................................................................................................4

*Moore v. Metro. Life Ins. Co.*,
  856 F.2d 488 (2d Cir. 1988)...................................................................................3

*In re Oneida, Ltd.*,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC),
  2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) ...........................................................3

*Sprague v. Gen. Motors Corp.*,
  133 F.3d 388 (6th Cir. 1998) ..................................................................................3

STATUTES

29 U.S.C. § 1051(1) ........................................................................................................3

Employee Retirement Income Security Act of 1974 ......................................................3

US_ACTIVE:\44009164\1\72240.0639

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the response (defined below) interposed to the 180th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8863) (the "**180[th] Omnibus Objection**") and the 184th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8867) (the "**184[th] Omnibus Objection**" and together with the 180th Omnibus Objection, the "**Omnibus Objections**"), and respectfully represents:

### Preliminary Statement

1.      On January 26, 2011, the Debtors filed the Omnibus Objections.  The Omnibus Objections seek the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objections, are not the responsibility of the Debtors or the GUC Trust and therefore should be

disallowed and expunged from the claims register.

2.    Responses to the Omnibus Objections were due by February 22, 2011.

The response listed on **Exhibit 1** attached hereto and described further herein was filed with

respect to the Omnibus Objections (the "**Jack Response**") by Mr. Stanley E. Jack relating to his

individual claims (the "**Claims**").

3.    The Jack Response is generally not substantive, but is critical of the

reduction or termination of welfare benefits provided to retired and former salaried and executive

employees of the Debtors.  After reviewing the Jack Response, the GUC Trust[3] respectfully

reiterates the Debtors' position in the Omnibus Objections, and submits that Mr. Jack has failed

to provide any legal or factual support for the Claims.  Notwithstanding Mr. Jack's opposition,

the Jack Response should be overruled because (i) the Debtors had a right to amend or terminate

the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental,

vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the

Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM

otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues

to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently

the Debtors and the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust

files this Reply in support of the Omnibus Objections and respectfully requests that the Claims

be disallowed and expunged from the claims register.

---

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

2

4.      The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Jack's welfare benefits. However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

## The Claims Should Be Disallowed and Expunged

5.      Mr. Jack has failed to demonstrate the validity of his Claims and, thus, the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)     The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.      In the Jack Response, Mr. Jack has not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide him, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.      In addressing claims similar to Mr. Jack's Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from

3

vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.     Thus, Mr. Jack bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Jack has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.     In the Jack Response, Mr. Jack has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Jack has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Jack.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)**     **Ongoing Benefits Have Been Assumed by New GM**

10.     On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

4

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Jack has not provided any credible factual or legal basis to suggest otherwise.

### The Jack Response: Claim Nos. 30749 and 30751

11.    On February 15, 2011, a response (ECF No. 9274) was filed on behalf of

Stanley E. Jack stating opposition to the relief sought in the Omnibus Objections with respect to

the Claims[4] (*See* Proof of Claim No. 30749 at **Exhibit 2** attached hereto, Proof of Claim No.

30751 at **Exhibit 3** attached hereto, and the Jack Response at **Exhibit 4** attached hereto).

12.    In the Jack Response, Mr. Jack requests consideration for the value of his

reduced retirement benefits and cancelled heath care benefits.  Mr. Jack notes in the Jack

Response that he served the company for 31 years before retiring.

13.    The Jack Response asserts that while Mr. Jack's peers were forced to

retire after 30 years of service and are receiving full retirement benefits, Mr. Jack's early

retirement at the age of 52 only entitled Mr. Jack to 50% of the pension benefits he would

otherwise have received had he retired at a later date.  While Mr. Jack asserts that his Claims are

for retirement benefits, he also includes in his Proofs of Claim a claim for wages that he would

have earned had he not retired early.

---

[4] The Jack Response states opposition to the Debtors' 184th Omnibus Objection to Claims (ECF No. 8867), with respect to Proof of Claim Nos. 30749 and 30751.  Attorneys for the GUC Trust have reviewed the 184th Omnibus Objection to Claims and note that Claim No. 30749 is not part of the 184th Omnibus Objection to Claims.  For the purposes of this Reply, the GUC Trust will assume that the Jack Response also applies to the 180th Omnibus Objection to Claims (ECF No. 8863), which includes Proof of Claim No. 30749.

US_ACTIVE:\44009164\1\72240.0639

14.     Mr. Jack chose to accept a buyout offer from his employer pursuant to the provisions of a retirement agreement, a copy of which has not been provided with the Claims or the Jack Response.  The Jack Response provides no evidence to support Mr. Jack's argument that his retirement was anything but voluntary, nor that the terms of his retirement agreement alter the terms of the Welfare Benefits Plans that govern Mr. Jack's Welfare Benefits.

15.     Typically, when a former employee of the Debtors entered into a voluntary agreement for early retirement, the employee would receive certain benefits, either in the form of a cash buyout or additional service credit, which allowed the employee to receive accelerated pension benefits.  The amount that an employee received as a pension payment depended on the amount of service credit that the employee had accrued, either through actual service or pursuant to a retirement agreement.  Employees of the Debtors retiring pursuant to voluntary retirement agreements continued to receive Welfare Benefits (excluding pensions) under the applicable Welfare Benefits Plans, and retirement agreements did not affect that arrangement.

16.     In the Omnibus Objection, the Debtors and the GUC Trust do not seek to affect the rights of Mr. Jack to continue receiving pension benefits under the terms of his defined benefit pension plan.  General Motors Company ("**New GM**") assumed sponsorship, in place of the Debtors, for payment of Mr. Jack's pension pursuant to the terms of the Master Purchase Agreement described in the Omnibus Objections, and Mr. Jack's pension is therefore no longer the Debtors' responsibility.  Accordingly, Mr. Jack does not have a claim against the Debtors with respect to his pension entitlement.  To the best of the GUC Trust's knowledge, Mr. Jack's pension payments continue to be paid in the ordinary course by New GM.

6

17.      The Jack Response provides no additional support for the Claims.  The GUC Trust is not aware of any documentation or facts supporting the Claims.  For the reasons set out above, the Debtors respectfully submit that the Jack Response should be overruled, and the Claims should be disallowed and expunged.

### Conclusion

18.      Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been established by Mr. Jack; and (iii) New GM assumed the Welfare Benefit Plans as modified, the Debtors and the GUC Trust have no liability for Mr. Jack's Claims.  The GUC Trust reiterates that the Jack Response has not provided any legal or factual support for the Claims and cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims should be disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth above and in the Omnibus Objections, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objections and such other and further relief as is just.

Dated: New York, New York
            June 5, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

7

## Exhibit 1

| | 180th and 184th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | |
|---|---|---|---|---|---|
| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 30749 | 9274 | Jack, Stanley E. | $1,624,636.46 | Mr. Jack's response asserts that he worked for General Motors Corporation for 31 years, and took early retirement in 2008, with a reduced pension as a result.  Mr. Jack's response notes that he does not understand how the company arrived at his pension calculations, and seeks to preserve his entitlement to retirement welfare benefits. |
| 2. | 30751 | 9274 | Jack, Stanley E. | $54,089.28 | Mr. Jack asserts that he should receive compensation in the amount stated for his cancelled health care benefits. |

**Exhibit 2**

7008434

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

Name of Debtor  (Check Only One):
- ☑ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

Case No.
09-50026 (RBG)
09-50027 (RBG)
09-50028 (RBG)
09-13558 (RBG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): STANLEY JACK

Name and address where notices should be sent:
STANLEY JACK
1297 S. PALMERLEE
CEDARVILLE MI 49719

Telephone number: 906-484-8484
Email Address: SEJACK23@AOL.COM

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Your Claim is Scheduled As Follows:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $1,624,636.46

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is unsecured pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** REDUCED PENSION FORCED EARLY
*(See instruction #2 on reverse side.)* LOST PAYSIGN - BENEFIT RETIREMENT

**3. Last four digits of any number by which creditor identifies debtor:** 1336

3a. Debtor may have scheduled account as: _____
*(See instruction #3a on reverse side.)*

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other.
Describe:

Value of Property: $_____   Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5.** Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 11-15-2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claims:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)



4444924728

LOST WAGES/RETIREMENT BENEFIT FORCED EARLY RETIREMENT
RESULTING IN REDUCED PENSION.

STANLEY JACK
1336

YEARLY WAGE @ FORCED RETIREMENT @ AGE 52
$130,368

WORK TO AGE 62    130,368 x 10 YRS = $1,303,680

REDUCED   MONTHLY   RETIREMENT BENEFIT @ AGE 52   $3,388.22
$3,388.22                                              MONTH
  x 12
40,658.64 YR x 10 yrs = 406,586.40    DIFFERENCE LOST WAGE
                                            1,303,680
                                         -  406,586.40
                                           $897,093.60

RETIREMENT BENEFIT IF I WAS ABLE TO WORK TO AGE 62
$6,054.14 MONTH

FORCE   RETIREMENT   REDUCED BENEFIT @52   $
$2,560.72 MONTH

MALE   LIFE EXPECTANCY @ AGE 62   18.91 YRS
$6,054.14                              $2,560.72
  x 12                                    x 12
$72,649.68 YR                          30,728.64 YR
  x18.91 LIFE EXPECTANCY                 x18.91 LIFE EXPECTANCY
$1,373,805.44                          $581,078.58

          REDUCED   BENEFIT   PENSION
          $1,373,805.44
        - $581,078.58
          $792,726.86   LOST PENSION AGE 62 TO LIFE
        +$897,093.60   LOST WAGES AND REDUCED PENSION   EXPECTANCY
                        @ AGE 52 FORCED RETIREMENT
FORCE       $1,689,820.46
RETIREMENT → -$65,184   VALUE OF LOST PENSION DUE TO
PAYOFF       $1,624,636.46   FORCED RETIREMENT (REDUCTION IN
                              WORKFORCE) DOWN SIZING
                                    BANKRUPTCY

Estimate A Payment

Page 1 of 1

Estimate a Payment >

# Benefit Estimate # 16

Print This Page

## Your Future Benefit

This estimate of your future benefit is based on the following assumptions:

- You stop working on **08/23/2018**
- You start receiving benefits on **09/01/2018**
- You selected **Spouse** as beneficiary with a date of birth **12/04/1953**

The <u>default payment options</u> for this calculation are as follows:

### Default Payment Options

| Payment Source | Form Of Payment | Amount | Frequency | Payable to |
|---|---|---|---|---|
| SRP Retirement Benefit | Single Life Annuity | Your benefit will start at | | |
| (view details) | | $6,054.14 | Monthly | you |
| | | Age 62 and 1 Month adjustment on 10/01/2018 will change your benefit to: | | |
| | | $6,054.14 | Monthly | you |
| | | | View all payment options | |

Estimate another payment

Compare estimates

**NetBenefits℠ provided by**

**Fidelity**
INVESTMENTS

© Copyright 1996-2004 FMR Corp.
All rights reserved.
Legal Disclaimer

Important: General Motors reserves the right to amend, modify, suspend or terminate any of its employee benefit plans or programs by action of its Board of Directors (Board) or other committee or individual expressly authorized by the Board to take such action. The benefits to which an employee is entitled are determined solely by the provisions of the applicable benefit program. Absent an express delegation of authority from the Board of Directors, no one has the authority to commit the Corporation to any benefit or benefit provisions not provided for under the applicable benefit program, or to change the eligibility criteria or any other provisions of such program.

This Website is not a plan document. To the extent there is any conflict between the terms of the Salaried Retirement Program and the language in this Website, the terms of the Program will control.

https://workplaceservices400.fidelity.com/netbenefits/definedbenefit2/NBModelingServlet    9/16/2005

**<u>Exhibit 3</u>**

7008434

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) — 13558 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Your Claim is Scheduled As Follows:

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): STANLEY JACK

**Name and address where notices should be sent:**

STANLEY JACK

1297 S. PALMERLEE
CEDARVILLE MI 49719

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

**Telephone number:** 906-484-8484
**Email Address:** SEJACK23@AOL.COM

**Name and address where payment should be sent (if different from above):**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Telephone number:**

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claims against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $54,089.28

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** VALUE OF CANCELED/REDUCED HEALTH CARE BENEFITS
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 1336

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

**Value of Property:** $_____   **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 11/15/200[9]

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[signature] A. J. Jack*

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*
Modified B10 (GCG) (12/08)



4444924728

Stamp: NOV 19 2009



# CONFIRMATION STATEMENT

**GM Benefits & Services Center**
gmbenefits.com
1-800-489-4646

4.GM-H-502A ENV9 GM1124563869100432

**TTY Service for the Hearing or Speech Impaired**
1-877-347-5225

STANLEY E. JACK
1297 S. PALMERLEE RD.
CEDARVILLE, MI 49719

**Overseas Calls**
Dial your country's toll-free AT&T Direct access number, then
enter 877-833-9900. In the U.S., call 1-800-331-1140 to obtain
AT&T Direct access numbers. From anywhere in the world,
access numbers are available online at www.att.com/traveler or
from your local operator.

Dear STANLEY E. JACK:

This statement confirms your 2009 benefit elections and contributions. Please review this statement carefully and retain it for your records. You can also access this information through the Health & Insurance tab on gmbenefits.com. Once you log on, simply click on 2009 Benefits.

If you have any questions, please call the GM Benefits & Services Center toll-free at 1-800-489-4646, Monday through Friday between 7:30 a.m. and 6:00 p.m. Eastern Time zone, to speak with a Customer Service Associate.

| Plan | Option | Family Status/Coverage Volume | Your 2009 Monthly Contribution After-Tax |
|---|---|---|---|
| Medical | Health Savings Account PPO – BCBS (RS) | Self + Spouse/ Domestic Partner | $0.00 |
| Extended Care Coverage (ECC) | Extended Care Coverage | Self + Spouse/ Domestic Partner | $14.00 |
| Health Savings Account | No Health Savings Account with Bank of America | | $0.00 |
| Dental | Traditional Delta Dental (RS) | Self + Spouse/ Domestic Partner | $18.00 |
| Vision | Cole Managed Vision (S) | Self + Spouse/ Domestic Partner | $6.00 |
| **TOTAL MONTHLY CONTRIBUTIONS** | | | **$38.00** |

Note: The (S or RS) after a benefit option is used for administrative purposes only.

In general, you will only receive new ID cards for plans if you are enrolling for the first time, making changes, or if changes are made to plan information. New ID cards should be received by early January 2009. If you need medical attention before your ID card arrives, you can use this confirmation statement as a temporary ID card.

If you have questions regarding ID cards, insurance claims, network providers, or plan coverage, contact your specific insurance company at the phone number listed on the back of this statement.

4.GM-H-502A
3.GM-H-396AV 319991.001

gmbenefits.com
Page 1

FESCOHOB_GM11245638_11_CFM_ANNUAL
GM1124563869100432

# YOUR PERSONAL FACT SHEET



STANLEY E. JACK
1297 S. PALMERLEE RD.
CEDARVILLE, MI 49719

- To make changes to your benefit elections for the plan year 2010 and to find additional information about your benefits and enrolled dependents, log on to gmbenefits.com at **gmbenefits.com** during your annual enrollment period.

- The carriers will be mailing new ID cards for 2010, if required. If you have any questions about your ID cards, please contact the carrier directly.

**Annual Enrollment Period:**
**October 28 through November 18, 2009**
**Go to gmbenefits.com**

## YOUR BENEFIT ELECTIONS AND COSTS FOR 2010
*This statement reflects data on our system as of October 20, 2009.*

| PLAN TYPE | PLAN | COVERAGE LEVEL | YOUR 2010 CONTRIBUTION MONTHLY BEFORE-TAX | AFTER-TAX |
|---|---|---|---|---|
| Medical | Enhanced PPO (BCBS-US-RS) | Self + Spouse/ Domestic Partner | $0.00 | $206.00 |
| Health Savings Account† | No Health Savings Account with Bank of America | | $0.00 | $0.00 |
| Subtotals | | | $0.00 | $206.00 |
| **TOTAL BENEFIT CONTRIBUTIONS** | | | $206.00 | |

† A Health Savings Account is an individual account and is not a group health plan offered by your employer. The amount indicated refers to your per pay period contribution based on your current annual election amount.

4.GM-H-501B
3.GEC-H-405D/319991.001

gmbenefits.com
Page 3

FESCOHAU_GM10201337_11_PFS_AE_OMR
GM1020133769/000768

**Exhibit 4**

Stanley Jack
1297 S. Palmerlee Rd.
Cedarville, Michigan 49719
906-484-8484
Creditor Claimant
Claims # 30749, 30751



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re :                                                      :
                                                             :    **Chapter 11 Case No.**
**MOTORS LIQUIDATION COMPANY, et al.,** :
       **f/k/a General Motors Corp., et al.** :    **09-50026 (REG)**
                                                             :
          **Debtors.**                :    **(Jointly Administered)**
-----------------------------------------------------------x

**OBJECTION TO DEBTORS' 184th OMNIBUS OBJECTION TO CLAIMS**
(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Comes now Stanley Jack (a/k/a Stanley E. Jack), creditor and claimant against Motors

Liquidation Company ("MLC") (f/k/a General Motors Corporation, "Old GM"), and

retired salaried manager from Old GM, who respectfully files this OBJECTION TO

DEBTORS' 184TH OMNIBUS OBJECTION TO CLAIMS.

Relief Requested

Debtors' 184th Omnibus Objection to Claims seeks entry of an order disallowing and

expunging certain welfare benefits claims listed on that filing's original Exhibit "A",

claims as filed by retired and former salaried and executive employees. Included on that

list is Claim # 30749 in the amount of $1,624,636.46 and Claim # 30751 in the amount of

$54,089.28 filed by Stanley Jack, Proof of Claim copy attached for reference. Creditor Claimant

Jack requests the Debtors' proposed order not be allowed, thereby preserving Creditor

Claimant's right to financial consideration for the value of his reduced retirement and cancelled

Welfare / healthcare benefits in retirement.

### Background

Creditor Claimant Jack spent his entire adult working career at Old GM from age 21 through 52, holding many managerial positions in engineering/manufacturing areas. I was pressured into an early retirement offer in 2008 that involved leaving the Old GM . I retired as a Superintendent from the Engineering Shops. I was told my pension was reduced 50% because of my age at retirement. The Old GM compensated me $65,000 for 50% of my earned pension and I received full benefits. This is a small amount of money considering the value of 50% of my pension. I served The Old GM for 31 years and was saving at a rate to retire with a full pension and benefits. I have a hard time calculating how being forced to retire ten years earlier than I planned should cost me 50 % of my pension. The math does not add up. The Old GM is the only one to benefit from this action. Many of my peers were forced to retire with 30 years of service at the age of 58 and are receiving their full retirements. Retirement benefits are an integral part of one's compensation package. If the legal system does not uphold the ability to negotiate a contractual agreement regarding benefits in the future (retirement), then why should anyone have faith in the legal system to uphold any contractual obligation? The very foundation of American business is predicated on this fact.

### Summary

In summary, Creditor Claimant Jack respectfully asks the Court to deny DEBTORS' 184th OMNIBUS OBJECTION TO CLAIMS and preserve my claim to allow entitlement to the retirement welfare benefits I worked so hard to earn.

Creditor Claimant reserves the right to modify, revise, or supplement the above referenced figures and calculations.

Dated: February 11, 2011

Respectfully Submitted,

Stanley E. Jack
1297 S. Palmerlee Rd.
Cedarville, Michigan 49719
906-484-8484
sejack23@aol.com

## OBJECTION TO DEBTORS' 184th OMNIBUS OBJECTION TO CLAIMS
## CERTIFICATE OF SERVICE

I hereby certify that hard copy versions of the above and foregoing have been delivered or served upon the following via U.S. Postal Service with adequate first-class postage affixed, mailed February 11, 2011. Two originals were sent to the Court

Two originals sent via U.S. Postal Service Delivery:

Clerk of the Court
Honorable Judge R.E. Gerber
U.S. Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004

Copies via USPS:

1) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

2) Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Ted Stenger);

3) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);

4) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

5) United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

6) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

7) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

8) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

9) U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);

10) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.)

11) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.);

12) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.);