**HEARING DATE AND TIME:  June 14, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                    :        Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :        **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*   :
:
            Debtors.                      :        (Jointly Administered)
:
------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY TO THE RESPONSES OF DONALD T. LICO TO THE 183RD AND 184TH**
**OMNIBUS OBJECTIONS TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# TABLE OF CONTENTS

**Page**

Preliminary Statement ........................................................................................................ 1

The Claims Should Be Disallowed and Expunged ...................................................... 3

    (A)    The Claims Should Be Disallowed As Debtors Had Right to Amend or
            Terminate Each Welfare Benefit Plan ................................................................ 3

    (B)    Ongoing Benefits Have Been Assumed by New GM .......................................... 4

The Lico Responses: Claim Nos. 36730 and 37728 ..................................................... 5

Conclusion ......................................................................................................................... 6

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995)................................................................................................4

*Moore v. Metro. Life Ins. Co.*,
   856 F.2d 488 (2d Cir. 1988)................................................................................3

*In re Oneida, Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC),
   2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) .............................................3

*Sprague v. Gen. Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) ................................................................................3

STATUTES

29 U.S.C. § 1051(1) ................................................................................................3

Employee Retirement Income Security Act of 1974 ....................................................3

US_ACTIVE:\44014116\1\72240.0639

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the responses (defined below) interposed to the 183rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8866) (the "**183rd Omnibus Objection**") and the 184th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8867) (the "**184th Omnibus Objection**" and together with the 183rd Omnibus Objection, the "**Omnibus Objections**"), and respectfully represents:

### **Preliminary Statement**

1.        On January 26, 2011, the Debtors filed the Omnibus Objections.  The Omnibus Objections seek the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

---

[1]  The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objections, are not the responsibility of the Debtors or the GUC Trust and therefore should be

disallowed and expunged from the claims register.

2.      Responses to the Omnibus Objections were due by February 22, 2011.

The responses listed on **Exhibit 1** attached hereto and described further herein were filed with

respect to the Omnibus Objections by Donald T. Lico relating to his individual claims (the

"**Claims**").

3.      The Lico Responses (as defined herein) are generally not substantive, but

are critical of the reduction or termination of welfare benefits provided to retired and former

salaried and executive employees of the Debtors.  After reviewing the Lico Responses, the GUC

Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objections, and submits that

Mr. Lico has failed to provide any legal or factual support for the Claims.  Notwithstanding Mr.

Lico's opposition, the Lico Responses should be overruled because (i) the Debtors had a right to

amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**")

providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including

those on which the Claims are based, without further liability, and in all relevant instances did

so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement

Date and continues to provide Welfare Benefits as modified prior to their assumption by New

GM, and consequently the Debtors and the GUC Trust have no liability for the Claims.

Accordingly, the GUC Trust files this Reply in support of the Omnibus Objections and

respectfully requests that the Claims be disallowed and expunged from the claims register.

---

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

US_ACTIVE:\44014116\1\72240.0639

4.      The Debtors and the GUC Trust are, of course, sympathetic with the

impact that the financial problems of the Debtors have had on Mr. Lico's welfare benefits.

However, in view of the Debtors' liquidation and under applicable law, there should be no other

outcome.

### The Claims Should Be Disallowed and Expunged

5.      Mr. Lico has failed to demonstrate the validity of his Claims and, thus, the

Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22,

2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting

claim's essential allegations).

**(A)     The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.      In the Lico Responses, Mr. Lico has not demonstrated that the Debtors

were bound by any legal or contractual requirement to continue to provide him, or other retired

and former salaried and executive employees, with the Welfare Benefits on a permanent basis.

The Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as

amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and

that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits

provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in

accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see*

*Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*,

133 F.3d 388, 400 (6th Cir. 1998).

7.      In addressing claims similar to Mr. Lico's Claims, the Sixth Circuit has

noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from

3

vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.      Thus, Mr. Lico bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Lico has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.      In the Lico Responses, Mr. Lico has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Lico has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Lico.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)      Ongoing Benefits Have Been Assumed by New GM**

10.      On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

4

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Lico has not provided any credible factual or legal basis to suggest otherwise.

### The Lico Responses: Claim Nos. 36730 and 37728

11.     On February 22, 2011, a response (ECF No. 9401) was filed on behalf of

Donald T. Lico (the "**First Lico Response**") stating opposition to the relief sought in the 183rd

Omnibus Objection.  A second response (ECF No. 9399) was filed on behalf of Mr. Lico (the

"**Second Lico Response**," and with the "**First Lico Response**," the "**Lico Responses**") to the

relief sought in the 184th Omnibus Objection on February 22, 2011 (*See* Proof of Claim No.

36730 at **Exhibit 2** hereto, Proof of Claim No. 37728 at **Exhibit 3** hereto, the First Lico

Response at **Exhibit 4** hereto, and the Second Lico Response at **Exhibit 5** hereto).

12.     In the Lico Responses, Mr. Lico notes that he provided 32 years of loyalty

and dedication to General Motors Corporation ("**Old GM**").  The Lico Responses further note

that Mr. Lico cannot obtain welfare benefits on terms similar to those previously provided by

Old GM, either due to prohibitive costs or ineligibility.  Moreover, Mr. Lico notes that during

briefings by Old GM on his benefits, Mr. Lico heard no mention of secured, unsecured or vested

benefits.  Mr. Lico argues that he may have purchased his own life insurance and health

insurance had he known that his benefits were not secure.  Like all other former employees of

Old GM, Mr. Lico received copies of summary plan descriptions describing applicable Welfare

Benefit Plans during his employment and retirement.  These summary plan descriptions

US_ACTIVE:\44014116\1\72240.0639

explicitly stated that Welfare Benefits Plans could be amended or terminated by Old GM.[4]  The

letters attached to the Proofs of Claim also explain that the Welfare Benefits Plans could be

amended or terminated at any time.

13.    In the Lico Responses, Mr. Lico notes that he received a copy of his

personal benefits summary when he retired on October 1, 1986.  However, Mr. Lico does not

explain why the letter that he received should be read to ensure the vesting of a benefit or to

otherwise modify the Welfare Benefit Plans under which he was receiving his Welfare Benefits.

14.    The Lico Responses further assert that Mr. Lico should receive similar

treatment with respect to his welfare benefits as unionized workers currently employed by New

GM.  Contrary to Mr. Lico's assertions, there is no statutory obligation under ERISA or

otherwise to treat employees of the same employer in the same way.  Moreover, New GM is a

different entity than the Debtors, and New GM has made its own decisions as to the desired level

of Welfare Benefits for particular employees and groups of employees.

15.    The Lico Responses provide no additional support for the Claims.  The

GUC Trust is not aware of any documentation or facts supporting the Claims.  For the reasons

set out above, the Debtors respectfully submit that the Lico Responses should be overruled, and

the Claims should be disallowed and expunged.

## Conclusion

16.    Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been

---

[4]  See Declaration of Joseph H. Smolinsky in Support of Motors Liquidation Company GUC Trust's Reply to
Responses to the 83rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and
Executive Employees) (Proof of Claim No. 62922 filed by Claimant Linda K. Bellaire) at ECF No. 11453 for a copy
of Summary Plan Descriptions sent to Old GM retirees.  Page 2 of the Summary Plan Description explicitly states,
"General Motors Corporation reserves the right to amend, change, or terminate the Plans and Programs described in
this booklet."

established by Mr. Lico; and (iii) New GM assumed the Welfare Benefit Plans as modified, the

Debtors and the GUC Trust have no liability for Mr. Lico's Claims.  The GUC Trust reiterates

that the Lico Responses have not provided any legal or factual support for the Claims and cannot

be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims should be

disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth above and in the Omnibus Objections,

the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objections and such other and further relief as is just.

Dated:  New York, New York
        June 5, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

7

**Exhibit 1**

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| colspan... | | | | | |

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| \multicolumn | | | | | |

<table>
<tr><th colspan="6">183rd and 184th Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)</th></tr>
</table>

| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
|---|---|---|---|---|---|
| 1. | 36730 | 9401 | Lico, Donald T. | $196,440.00 | Mr. Lico's response notes that he was a General Motors Corporation employee for 32 years. Mr. Lico's response further notes that he is unable to obtain life insurance benefits on similar terms as those that were provided by the company, either because the cost is prohibitive, or because they are otherwise unavailable. Mr. Lico notes that during briefings by General Motors on his benefits, there was no mention of secured, unsecured, or vested benefits. Mr. Lico requests treatment on par with that received by unionized workers. |
| 2. | 37728 | 9399 | Lico, Donald T. | $37,221.00 | Mr. Lico's response notes that he is unable to obtain health care benefits on similar terms as those that were provided by the company, either because the cost is prohibitive, or because they are otherwise unavailable. |

**Exhibit 2**

US_ACTIVE:\44014116\1\72240.0639

01130029
APS0547379828

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check One)

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)    09-13558 (REG)

Case No

*Your Claim is Scheduled As Follows.*

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 9) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (The person or other entity to whom the debtor owes money or property)   LICO DONALD T

Name and address where notices should be sent

LICO DONALD T
54501 CAMBRIDGE DR
SHELBY TOWNSHIP MI 48315-1611

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

Filed on _____

Telephone number  **586-677 1930**
Email Address

THE GARDEN CITY GROUP INC.
NOV 23 2009

Name and Address where payment should be sent (if different from above)

FILED - 36730
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009**   $ *196,440 00*

If all or part of your claim is secured, complete item 4 below, If all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** *LOST LIFE INSURANCE COVERAGE*
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor** _*0876*_

  **3a Debtor may have scheduled account as** _____
  (See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____ Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____   Amount Unsecured $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of redacted on reverse side* )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount**

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority

$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| Date 11/19/09 | **Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any | FOR COURT USE ONLY |
|---|---|---|
| | *DONALD T LICO*    x *Donald T Lico* | |

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**



## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL, THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER, THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 PM (PREVAILING EASTERN TIME)

**Court, Name of Debtor and Case Number**

These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee, or another party in interest files an objection to your claim.

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a  Debtor May Have Scheduled Account As**

Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**

Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**

If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below). A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim

**6  Credits**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**

Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature**

The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title. If any of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Creditor**

A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**

A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**

A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case, in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use, only the last four digits of any social-security, individual's

---

### INFORMATION

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**

To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and any applicable orders of the bankruptcy court

**Additional Information**

If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

Donald Thomas Lico
54501 Cambridge Drive  Shelby Township  Michigan 48315

Basic Life Insurance,                    $50,440.00
(see attached documents)

Supplemental Life Benefits
        Program                              156,000 00
  (see attached documents) $ 206,440.00

Current amount of Company
   provided life insurance    10,000.00
     (see attached documents

Value of lost life insurance $196,440.00

GM NATIONAL RETIREE  SERVICING  CENTER
LIFE INSURANCE  COVERAGES  AND AMOUNTS  IN FORCE

February 8, 1996

RETIREE   Donald T. Lico
SOC SEC #    ·  0876    CISCO  10001

| | | |
|---|---|---|
| **BASIC GROUP LIFE INSURANCE** | Prior to reducing | $104,000 |
| Policy #14000-G | Currently | $99,840 |
| | Ultimate  Amount | $50,440 |
| | | |
| **OPTIONAL LIFE INSURANCE** | Prior to reducing | $104,000 |
| Policy #23600-G | Currently | $104,000 |
| | | |
| **DEPENDENT LIFE INSURANCE** | Spouse | $20,000 |
| Policy #23950-G | Child | $4,000 |
| | | |
| **SUPPLEMENTAL GROUP LIFE INSURANCE** | | $0 |
| Policy #24390-G | | |
| | | |
| **SUPPLEMENTAL LIFE BENEFITS PROGRAM** | | $156,000 |
| | | |
| **PERSONAL UMBRELLA LIABILITY INSURANCE** | | $2 MIL |
| | | |
| **PERSONAL ACCIDENT INSURANCE** | | $0 |
| | Spouse | $0 |
| | Child | $0 |

THE  INFORMATION  CONTAINED  IN THIS  DOCUMENT  CORRECTS  AND
SUPERSEDES  ANY PREVIOUS  CORRESPONDENCE.

*ALL INFORMATION  PROVIDED IN THIS LETTER  IS SUBJECT TO THE TERMS AND
CONDITIONS  OF THE APPLICABLE  GROUP POLICIES OR PROGRAM   THESE
POLICIES  ARE TERM INSURANCE  AND HAVE NO CASH VALUE*



# YOUR PERSONAL FACT SHEET

## 2008 ANNUAL ENROLLMENT

- Review your benefit elections and dependent information in this PERSONAL FACT SHEET carefully
- To make changes to your benefit elections for 2008, follow the ENROLLMENT INSTRUCTIONS on the next page
- If you do not make changes during the enrollment period, this PERSONAL FACT SHEET will serve as your confirmation statement

Enrollment Period  October 30–November 16, 2007

4 GM H 501B ENV# GM10108772001000911

DONALD T  LICO
54501 CAMBRIDGE DR
SHELBY TOWNSHIP, MI 48315

Dear DONALD T  LICO

This PERSONAL FACT SHEET shows your 2008 benefit elections and the contribution amounts for each option  Remember, if you do not make any changes during the enrollment period, this PERSONAL FACT SHEET will serve as your confirmation statement

Each year you have the opportunity to review and change certain benefit elections based on your current needs  At the close of this enrollment period, you cannot change your 2008 benefit elections, except in the case of a qualified life event change

In addition to your PERSONAL FACT SHEET, the enclosed newsletter highlights changes for 2008  Please review these materials carefully when making your benefit enrollment decisions  Additionally, a detailed Health Care Resource Guide is available for review online in the Reference Library by clicking the Enroll Now icon on gmbenefits com, or by calling the GM Benefits & Services Center at 1-800-489-4646  The number for the TTY Service for the Hearing or Speech Impaired is 1-877-347-5225

### YOUR CURRENT  ELECTIONS WITH 2008 CONTRIBUTION AMOUNTS
*This statement reflects your personal information as of September 27, 2007*

| Plan | Option | Family Status/Coverage Volume | Your 2008 Monthly Contribution After-Tax |
|---|---|---|---|
| Medical | Enhanced PPO (BCBS-US-RS) | Self + Spouse/ Domestic Partner | $121 00 |
| Extended Care Coverage (ECC) | Extended Care Coverage | Self + Spouse/ Domestic Partner | $14 00 |
| Dental | Traditional Delta Dental (RS) | Self + Spouse/ Domestic Partner | $15 00 |
| Vision | Cole Managed Vision (S) | Self + Spouse/ Domestic Partner | $2 00 |
| Basic Life Insurance | 2 X Annual Base Salary | $50,440 | $0 00 |
| Supplemental Life Benefits Program | | $156,000 | $0 00 |
| Personal Umbrella Liability Insurance | | $2,000,000 | $0 00 |
| TOTAL MONTHLY CONTRIBUTIONS | | | $152 00 |

Note  The (S) or (RS) after a benefit option is used for administrative purposes only
Note  If applicable, you may decrease or cancel your contributory life insurance coverages, however, you may not increase your coverage or enroll in new coverage

4 GM H 501B
3 GM H-405AV 319991 001

gmbenefits com

Page 3

FESCOHOB_GM10108772_11_PFS_ANNUAL
GM10108772001000911

Zimbra adlico51@comcast.net                                          http //sz0001 cv mail comcast.net/zimbra/mail

SmartZone Communications Center Collaboration Suite          adlico51@comcast net

## U.S. Executive Retiree Benefit Modifications

Monday, June 08, 2009 6:41:10 PM

From  hrcommunications@gm com
   To  Master_Exec_Retirees_60809__1@gm com
Sender  eileen m conley@gm com

Dear GM Executive Retiree.

As part of GM's announcements on June 1st, we acknowledged some of the significant sacrifices that our salaried employees and retirees will be making to support the reinvention of General Motors  In addition to announcing changes to the amount of non-qualified pension payments for currently retired executives while we are in chapter 11, I also communicated that we would be reducing the obligations for certain retiree benefits by roughly two-thirds

We have now finalized the changes that we need to make in order to achieve the required two-thirds reduction  As promised, I am sharing this information with you as quickly as possible  These are very difficult changes to make, but unfortunately necessary to position the New GM to win - and win now  These changes are described below  As always, all benefits are at all times subject to the terms of each plan

### Executive Retirement Plan

Currently, all executive retirees with an Executive Retirement Plan ("ERP", formerly SERP) benefit have been subject to a reduction of at least 10% since May 1, 2009  A small number of ERP recipients may also be subject to a larger reduction as a result of the "cap" on monthly ERP payments under the chapter 11 court supervised process that commenced on June 1, 2009

As of the sale closing date of the New GM, ERP benefits for current retired executives will be changed as follows

For retirees with an annual combined Salaried Retirement Plan ("SRP") benefit plus Executive Retirement Plan ("ERP") benefit of $100,000 or less, the 10% ERP reduction currently in effect will become permanent

For retirees with an annual combined Salaried Retirement Plan ("SRP") benefit plus Executive Retirement Plan ("ERP") benefit **over** $100,000 annually, the portion of the ERP benefit below $100,000 total (when combined with SRP) will be continue to be reduced by 10%, while the remaining ERP benefit (i e , the portion above $100,000 total retirement benefits) will be reduced by two-thirds

There is no change to the benefits you receive under the Salaried Retirement Plan

### Supplemental Life Benefits Program

The Supplemental Life Benefits Program (SLBP) and Supplemental Group Life

Insurance Program (SGLI) for executives in retirement are being eliminated   This change will be effective upon the New GM sale closing   Current retired Executives will have an opportunity to purchase supplemental coverage from MetLife and information regarding this program will be provided in the third quarter  No "proof of good health" will be required by MetLife

## Basic Life Insurance

For retirees eligible for Basic Life Insurance in retirement (those whose service date was prior to January 1, 1993) the amount of Basic Life Insurance provided by GM is being reduced to $10,000  This change will be effective upon the New GM sale closing (retirees with less than $10,000 will remain at that level of life insurance)  This change will be effective on the first of the month following the New GM sale closing

Retirees impacted by these reductions will have an opportunity to supplement their remaining employer provided Basic Life Insurance by enrolling in a Voluntary Life Insurance program through MetLife. This program will not require "proof of good health"  Enrollment for this program will be in the third quarter of this year

During the first two years of participation in the program, the death benefit available will be equal to the amount of the premiums paid  Following two years of premium contributions, the full amount of coverage elected will be payable in the event of your death  Details regarding the program will be mailed to you from MetLife in the third quarter

## Non Medicare Retiree Health Care

Effective January 1, 2010, the General Motors Salaried Health Care Program will be further modified for salaried retirees, surviving spouses and their eligible dependents  Individuals impacted by this change include:

    Salaried retirees, surviving spouses and their dependents eligible to enroll or who currently are enrolled in the GM Salaried Health Care Program, and

    Current employees who are eligible to enroll in the GM Salaried Health Care Program upon retirement

The new plan design will include benefits and coverages for medical and prescription drugs only, and dental, vision, and extended care coverage will be cancelled  Cost sharing provisions (e g , monthly contributions, deductibles, coinsurance and out of pocket maximums) will increase substantially

For salaried retirees, the changes will exceed the changes that otherwise would be required under the current salaried retiree cap that was implemented on January 1, 2007  However, this acceleration of cost share is necessary at this time to facilitate GM's restructuring plan

In this regard, the 2006 caps have been updated to reflect an additional increase in overall cost sharing  Going forward, the revised caps will be the basis for annual plan design changes necessary to maintain capped levels  When the average costs exceed the revised caps established under the 2010 design, then additional plan changes that affect cost-sharing features of program coverage will be implemented

Zimbra adlico51@comcast.net                                                    http //sz0001 ev mail comcast net/zimbra/mail

Please note that the GM Benefits and Services Center and current GM health plan carriers do not have any additional information regarding these announced changes Further details of these changes will be communicated directly to impacted employees and retirees in the fall as part of the 2010 Annual Enrollment

I realize the sacrifices that we need to make will be very difficult for you and your families   While the actions we are taking to reinvent GM are many and affect a vast range of stakeholders, the impact on former leaders such as yourself, who dedicated so many years to the service of General Motors, is unquestionably very difficult   Much has changed from the Company I joined over 20 years ago, however, I am confident the many actions we are taking will establish a foundation for the New GM that will win in the future   I appreciate your continued support of GM

Sincerely,

Frederick A Henderson
President and Chief Executive Officer

**The Corporation reserves the right, by and through the Executive Compensation Committee of the Board of Directors or its delegate, to amend, modify, suspend, or terminate its executive plans in whole or in part, at any time.**

**Exhibit 3**

01130029
APS0547379828



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☒ Motors Liquidation Company (f/k/a General Motors Corporation) ,     Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)     09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)     09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )     09-13558 (REG)

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Your Claim is Scheduled As Follows**

Name of Creditor (the person or other entity to whom the debtor owes money or property)  LICO DONALD T

Name and address where notices should be sent

LICO DONALD T
54501 CAMBRIDGE DR
SHELBY TOWNSHIP  MI 48315-1611

FILED - 37728
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number  **586-677-1930**
Email Address

Name and address where payment should be sent (if different from above)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

*If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again*

1  Amount of Claim as of Date Case Filed, June 1, 2009·  $ **3722100**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim  **LOST HEALTH CARE BENEFITS**
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor  **0876**

    3a  Debtor may have scheduled account as: _____
    (See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____  Amount Unsecured $_____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (*See instruction 7 and definition of "redacted" on reverse side* )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment ·

5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority

$_____

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

Date
**11/19/09**

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*Donald T Lico* (signature)

**DONALD T LICO**

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC
NOV 23 2009

Donald Thomas Lico
54501 Cambridge Drive  Shelby Township, Michigan 48315

## Health Care Benefit Losses
## Medical, Dental, Vision & Extended Care

Total lifetime loss for retiree:
(Based on SSA Acturial Table Data)
see attached

Annual benefit loss $1900.00 × 8.63 = $16,397.00

Total lifetime loss for retiree's spouse:
(Based on SSA Acturial Table Data)
see attached

Annual benefit loss $1900.00 × 10.96 = 20,824.00

Value of lost health care benefits $37221.00



# YOUR PERSONAL FACT SHEET

## 2008 ANNUAL ENROLLMENT

- Review your benefit elections and dependent information in this PERSONAL FACT SHEET carefully
- To make changes to your benefit elections for 2008, follow the ENROLLMENT INSTRUCTIONS on the next page.
- If you do not make changes during the enrollment period, this PERSONAL FACT SHEET will serve as your confirmation statement.
  Enrollment Period. October 30–November 16, 2007

4 GM H 501B ENV# GM1010877200100911

DONALD T. LICO
54501 CAMBRIDGE DR
SHELBY TOWNSHIP, MI 48315

Dear DONALD T LICO

This PERSONAL FACT SHEET shows your 2008 benefit elections and the contribution amounts for each option Remember, if you do not make any changes during the enrollment period, this PERSONAL FACT SHEET will serve as your confirmation statement

Each year you have the opportunity to review and change certain benefit elections based on your current needs At the close of this enrollment period, you cannot change your 2008 benefit elections, except in the case of a qualified life event change

In addition to your PERSONAL FACT SHEET, the enclosed newsletter highlights changes for 2008 Please review these materials carefully when making your benefit enrollment decisions Additionally, a detailed Health Care Resource Guide is available for review online in the Reference Library by clicking the Enroll Now icon on gmbenefits.com, or by calling the GM Benefits & Services Center at 1-800-489-4646 The number for the TTY Service for the Hearing or Speech Impaired is 1-877-347-5225

### YOUR CURRENT ELECTIONS WITH 2008 CONTRIBUTION AMOUNTS
*This statement reflects your personal information as of September 27, 2007*

| Plan | Option | Family Status/Coverage Volume | Your 2008 Monthly Contribution After-Tax |
|------|--------|-------------------------------|------------------------------------------|
| Medical | Enhanced PPO (BCBS-US-RS) | Self + Spouse/ Domestic Partner | $121 00 |
| Extended Care Coverage (ECC) | Extended Care Coverage | Self + Spouse/ Domestic Partner | $14 00 |
| Dental | Traditional Delta Dental (RS) | Self + Spouse/ Domestic Partner | $15 00 |
| Vision | Cole Managed Vision (S) | Self + Spouse/ Domestic Partner | $2 00 |
| Basic Life Insurance | 2 X Annual Base Salary | $50,440 | $0 00 |
| Supplemental Life Benefits Program | | $156,000 | $0 00 |
| Personal Umbrella Liability Insurance | | $2,000,000 | $0 00 |
| TOTAL MONTHLY CONTRIBUTIONS | | | $152 00 |

Note. The (S) or (RS) after a benefit option is used for administrative purposes only
Note· If applicable, you may decrease or cancel your contributory life insurance coverages, however, you may not increase your coverage or enroll in new coverage

4 GM H 501B
3 GM H-405A/ 319991 001

gmbenefits com
Page 3

FESCOHOB_GM10108772_11_PFS_ANNUAL
GM1010877200100911

Email Alert - Salaried Retiree Loss Calculations - AT&T Yahoo! Mail    Page 4 of 6

Total Lifetime Loss                                $37,963

**Dental Coverage**

Included in health care calculation above

**Vision Coverage**

Included in health care calculation above

**Extended Care Coverage (ECC)**

Included in health care calculation above

SSA Actuarial Table Data
http //www ssa gov/OACT/STATS/table4c6 html

| Exact Age as of Jan 1, 2009 | Life Expectancy Male | Total | | Life Expectancy Female | Total |
|---|---|---|---|---|---|
| 45 | 32 81 | $51,539 | | 36 79 | $59,101 |
| 46 | 31 93 | $50,407 | | 35 87 | $57,893 |
| 47 | 31 06 | $49,294 | | 34 96 | $56,704 |
| 48 | 30 2 | $48,200 | | 34 05 | $55,515 |
| 49 | 29 34 | $47,106 | | 33 14 | $54,326 |
| 50 | 28 49 | $46,031 | | 32.24 | $53,156 |
| 51 | 27 65 | $44,975 | | 31 35 | $52,005 |
| 52 | 26 83 | $43,957 | | 30 46 | $50,854 |
| 53 | 26 | $42,920 | | 29 57 | $49,703 |
| 54 | 25 19 | $41,921 | | 28 69 | $48,571 |
| 55 | 24 37 | $40,903 | | 27 82 | $47,458 |
| 56 | 23 57 | $39,923 | | 26 94 | $46,326 |
| 57 | 22 77 | $38,943 | | 26 08 | $45,232 |
| 58 | 21 97 | $37,963 | | 25 22 | $44,138 |
| 59 | 21 19 | $37,021 | | 24.37 | $43,063 |
| 60 | 20 42 | $36,098 | | 23 53 | $42,007 |
| 61 | 19.66 | $35,194 | | 22 7 | $40,970 |
| 62 | 18 91 | $34,309 | | 21 88 | $39,952 |
| 63 | 18 17 | $33,443 | | 21 08 | $38,972 |
| 64 | 17 44 | $32,596 | | 20 28 | $37,992 |
| 65 | 16 73 | $31,787 | | 19 49 | $37,031 |
| 66 | 16 02 | $30,438 | | 18 7 | $35,530 |
| 67 | 15 32 | $29,108 | | 17 93 | $34,067 |
| 68 | 14 63 | $27,797 | | 17 17 | $32,623 |
| 69 | 13 96 | $26,524 | | 16 42 | $31,198 |
| 70 | 13 3 | $25,270 | | 15 69 | $29,811 |
| 71 | 12 66 | $24,054 | | 14 97 | $28,443 |
| 72 | 12 04 | $22,876 | | 14 27 | $27,113 |
| 73 | 11 43 | $21,717 | | 13 58 | $25,802 |
| 74 | 10 84 | $20,596 | | 12 9 | $24,510 |
| 75 | 10 26 | $19,494 | | 12 24 | $23,256 |
| 76 | 9 7 | $18,430 | | 11 59 | $22,021 |

09-50026-mg   Doc 11792   Filed 06/05/12   Entered 06/05/12 19:28:08   Main Document
Pg 26 of 46

Email Alert - Salaried Retiree Loss Calculations - AT&T Yahoo! Mail                Page 5 of 6

| | | | | | |
|---|---|---|---|---|---|
| 77 | 9 15 | $17,385 | | 10.96 | $20,824 |
| 78 | 8 63 | $16,397 | | 10 34 | $19,646 |
| 79 | 8 11 | $15,409 | | 9 74 | $18,506 |
| 80 | 7 62 | $14,478 | | 9 16 | $17,404 |
| 81 | 7 14 | $13,566 | | 8.59 | $16,321 |
| 82 | 6 88 | $12,692 | | 8 04 | $15,276 |

| Exact Age as of Jan 1, 2009 | Life Expectancy Male | Total | Life Expectancy Female | Total |
|---|---|---|---|---|
| 83 | 6 24 | $11,856 | 7 52 | $14,288 |
| 84 | 5 82 | $11,058 | 7 02 | $13,338 |
| 85 | 5 41 | $10,279 | 6 54 | $12,426 |
| 86 | 5 03 | $9,557 | 6 08 | $11,552 |
| 87 | 4 67 | $8,873 | 5 65 | $10,735 |
| 88 | 4 34 | $8,246 | 5 25 | $9,975 |
| 89 | 4 02 | $7,638 | 4 87 | $9,253 |
| 90 | 3 72 | $7,068 | 4 52 | $8,588 |
| 91 | 3 45 | $6,555 | 4 19 | $7,961 |
| 92 | 3 2 | $6,080 | 3 89 | $7,391 |
| 93 | 2 97 | $5,643 | 3 61 | $6,859 |
| 94 | 2 77 | $5,263 | 3 36 | $6,384 |
| 95 | 2 59 | $4,921 | 3 13 | $5,947 |
| 96 | 2 43 | $4,617 | 2.93 | $5,567 |
| 97 | 2 29 | $4,351 | 2 75 | $5,225 |
| 98 | 2 16 | $4,104 | 2 58 | $4,902 |
| 99 | 2 05 | $3,895 | 2 43 | $4,617 |
| 100 | 1 94 | $3,686 | 2 29 | $4,351 |
| 101 | 1 83 | $3,477 | 2 15 | $4,085 |
| 102 | 1 73 | $3,287 | 2 02 | $3,838 |
| 103 | 1 63 | $3,097 | 1 89 | $3,591 |
| 104 | 1 54 | $2,926 | 1 77 | $3,363 |
| 105 | 1 45 | $2,755 | 1 66 | $3,154 |
| 106 | 1 37 | $2,603 | 1 55 | $2,945 |
| 107 | 1 28 | $2,432 | 1 44 | $2,736 |
| 108 | 1 21 | $2,299 | 1 34 | $2,546 |
| 109 | 1 13 | $2,147 | 1 25 | $2,375 |
| 110 | 1 06 | $2,014 | 1 16 | $2,204 |
| 111 | 0 99 | $1,881 | 1 07 | $2,033 |
| 112 | 0 92 | $1,748 | 0 99 | $1,881 |
| 113 | 0 86 | $1,634 | 0 91 | $1,729 |
| 114 | 0 8 | $1,520 | 0 84 | $1,596 |
| 115 | 0 74 | $1,406 | 0 76 | $1,444 |
| 116 | 0 68 | $1,292 | 0 7 | $1,330 |
| 117 | 0 63 | $1,197 | 0 63 | $1,197 |

SmartZone Communications Center Collaboration Suite          adlico51@comcast.net

## U.S. Executive Retiree Benefit Modifications

Monday, June 08, 2009 6:41:10 PM

From. hrcommunications@gm com
  To· Master_Exec_Retirees_60809__1@gm.com
Sender· eileen m conley@gm com

Dear GM Executive Retiree:

As part of GM's announcements on June 1st, we acknowledged some of the significant sacrifices that our salaried employees and retirees will be making to support the reinvention of General Motors. In addition to announcing changes to the amount of non-qualified pension payments for currently retired executives while we are in chapter 11, I also communicated that we would be reducing the obligations for certain retiree benefits by roughly two-thirds

We have now finalized the changes that we need to make in order to achieve the required two-thirds reduction. As promised, I am sharing this information with you as quickly as possible. These are very difficult changes to make, but unfortunately necessary to position the New GM to win - and win now. These changes are described below. As always, all benefits are at all times subject to the terms of each plan.

### Executive Retirement Plan

Currently, all executive retirees with an Executive Retirement Plan ("ERP", formerly SERP") benefit have been subject to a reduction of at least 10% since May 1, 2009   A small number of ERP recipients may also be subject to a larger reduction as a result of the "cap" on monthly ERP payments under the chapter 11 court supervised process that commenced on June 1, 2009.

As of the sale closing date of the New GM, ERP benefits for current retired executives will be changed as follows:

For retirees with an annual combined Salaried Retirement Plan ("SRP") benefit plus Executive Retirement Plan ("ERP") benefit of $100,000 or less, the 10% ERP reduction currently in effect will become permanent.

For retirees with an annual combined Salaried Retirement Plan ("SRP") benefit plus Executive Retirement Plan ("ERP") benefit **over** $100,000 annually, the portion of the ERP benefit below $100,000 total (when combined with SRP) will be continue to be reduced by 10%, while the remaining ERP benefit (i e., the portion above $100,000 total retirement benefits) will be reduced by two-thirds

There is no change to the benefits you receive under the Salaried Retirement Plan.

### Supplemental Life Benefits Program

The Supplemental Life Benefits Program (SLBP) and Supplemental Group Life

Zimbra adhco51@comcast.net                                                    http.//sz0001 ev mail comcast.net/zimbra/mail

Insurance Program (SGLI) for executives in retirement are being eliminated. This change will be effective upon the New GM sale closing. Current retired Executives will have an opportunity to purchase supplemental coverage from MetLife and information regarding this program will be provided in the third quarter. No "proof of good health" will be required by MetLife.

## Basic Life Insurance

For retirees eligible for Basic Life Insurance in retirement (those whose service date was prior to January 1, 1993) the amount of Basic Life Insurance provided by GM is being reduced to $10,000. This change will be effective upon the New GM sale closing (retirees with less than $10,000 will remain at that level of life insurance). This change will be effective on the first of the month following the New GM sale closing

Retirees impacted by these reductions will have an opportunity to supplement their remaining employer provided Basic Life Insurance by enrolling in a Voluntary Life Insurance program through MetLife. This program will not require "proof of good health". Enrollment for this program will be in the third quarter of this year.

During the first two years of participation in the program, the death benefit available will be equal to the amount of the premiums paid. Following two years of premium contributions, the full amount of coverage elected will be payable in the event of your death. Details regarding the program will be mailed to you from MetLife in the third quarter.

## Non Medicare Retiree Health Care

Effective January 1, 2010, the General Motors Salaried Health Care Program will be further modified for salaried retirees, surviving spouses and their eligible dependents. Individuals impacted by this change include:
·      Salaried retirees, surviving spouses and their dependents eligible to enroll or who currently are enrolled in the GM Salaried Health Care Program, and
·      Current employees who are eligible to enroll in the GM Salaried Health Care Program upon retirement.

The new plan design will include benefits and coverages for medical and prescription drugs only, and dental, vision, and extended care coverage will be cancelled. Cost sharing provisions (e.g , monthly contributions, deductibles, coinsurance and out of pocket maximums) will increase substantially.

For salaried retirees, the changes will exceed the changes that otherwise would be required under the current salaried retiree cap that was implemented on January 1, 2007. However, this acceleration of cost share is necessary at this time to facilitate GM's restructuring plan.

In this regard, the 2006 caps have been updated to reflect an additional increase in overall cost sharing. Going forward, the revised caps will be the basis for annual plan design changes necessary to maintain capped levels. When the average costs exceed the revised caps established under the 2010 design, then additional plan changes that affect cost-sharing features of program coverage will be implemented.

Please note that the GM Benefits and Services Center and current GM health plan carriers do not have any additional information regarding these announced changes Further details of these changes will be communicated directly to impacted employees and retirees in the fall as part of the 2010 Annual Enrollment

I realize the sacrifices that we need to make will be very difficult for you and your families. While the actions we are taking to reinvent GM are many and affect a vast range of stakeholders, the impact on former leaders such as yourself, who dedicated so many years to the service of General Motors, is unquestionably very difficult Much has changed from the Company I joined over 20 years ago, however, I am confident the many actions we are taking will establish a foundation for the New GM that will win in the future I appreciate your continued support of GM.

Sincerely,

Frederick A Henderson
President and Chief Executive Officer

**The Corporation reserves the right, by and through the Executive Compensation Committee of the Board of Directors or its delegate, to amend, modify, suspend, or terminate its executive plans in whole or in part, at any time.**



APS2080740696
00029694

PLEASE COMPLETE THE FOLLOWING:                **BALLOT #1051**

ITEM 1.  **Amount of General Unsecured Claim.**  For purposes of voting to accept or reject the
Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set
forth below.

| | |
|---|---|
| Claim Amount. | $2,233,661 00 |
| Debtor: | MOTORS LIQUIDATION COMPANY |

ITEM 2.  **Vote on the Plan.**  The undersigned holder of a Class 3 General Unsecured Claim in
the amount set forth in Item 1 above hereby votes to:

Check one box:        ☒    Accept the Plan

                      ☐    Reject the Plan                01-14-11 A10:18 IN

ITEM 3.  **Acknowledgement and Certification.**  By signing this Ballot, the undersigned
acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including
all exhibits thereto.  The undersigned certifies that (i) it is the holder of the General Unsecured Claim
identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan.  The
undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and
conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the
Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained
therein.

Print or Type Name of Claimant:          *Donald T. Lico*

Social Security or Federal Tax I.D. No. of Claimant:    *383 - 26 - 0876*

Signature:                              *Donald T. Lico*

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address:                          *54501 Cambridge Dr.*

City, State, and Zip Code:               *Shelby Twp., MI, 48315*

Telephone Number:                        *586 - 677 - 1930*

E-mail Address:                          *adlico51@comcast.net*

Date Completed:                          *1-10-11*

*Please check <u>one or both</u> of the below boxes, if the above address is a change of address for the
purpose(s) of:*

☐ future notice mailings; **AND/OR**  ☐ distributions

5

1189 / Z4



APS2080740696
00029694

LICO DONALD T
LICO DONALD T
54501 CAMBRIDGE DR
SHELBY TOWNSHIP MI 48315-1611



D. Lico
54501 Cambridge Dr
Shelby Twp, MI 48315

NETROPLEX MI 480

11 JAN 2011 PM 7 L

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO. 18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC.
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH  43017-9957



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**Exhibit 4**

THE HONORABLE ROBERT E. GERBER

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

ONE BOWLING GREEN

NEW YORK, NY  10004


NOTICE OF DEBTORS 183 OMNIBUS OBJECTION TO CLAIMS

CLAIMS OF FORMER SALARIED EMPLOYEE

MOTORS LIQUIDATION COMPANY

GENERAL MOTORS CORPORATION

DEBTORS


CHAPTER 11 CASE NO. 09-50026 (REG)

CLAIM 36730

DONALD T. LICO

CREDITOR RETIRED SALARY EMPLOYEE OF GENERAL MOTORS

SELF REPRESENTED

54501 CAMBRIDGE DR.

SHELBY TOWNSIP, MI  48315

586-677-1930


NOTICE OF DEBTORS 183 OMNIBUS OBJECTION TO CLAIMS

CLAIMS OF FORMER SALARIED EMPLOYEE

MOTORS LIQUIDATION COMPANY

GENERAL MOTORS CORPORATION

DEBTORS

CHAPTER 11 CASE NO. 09-50026 (REG)

CLAIM NO. 36730

DONALD T. LICO

54501 CAMBRIDGE DR.

SHELBY TOWNSHIP, MI 48315

GENERAL MOTORS CORPORATION

CLAIM 36730

CHAPTER 11 CASE NO. 09-50026 (REG)

NOTICE OF DEBTORS 183 OMNIBUS OBJECTION TO CLAIMS

(WELFARE BENEFITS CLAIMS OF RETIRED AND FORMER SALARIED AND
EXECUTIVE EMPLOYEES)

AS A GENERAL MOTORS EMPLOYEE FOR 32.04 YEARS OF LOYAL AND

DEDICATED SERVICE, I AM OBJECTING TO YOUR DECISION THAT I AM NOT

ENTITLED TO LIFE INSURANCE BENEFITS THAT WERE PROMISED TO ME

AT MY RETIREMENT.  AT MY CURRENT AGE OF 80 YEARS OLD, I AM

INELIGIBLE TO PURCHASE THESE BENEFITS AND/OR IT IS COST

PROHIBITIVE ON MY RETIREMENT INCOME.

AT THE TIME OF MY RETIREMENT, THERE WAS NO MENTION OF SECURED,

UNSECURED OR VESTED BENEFITS.  IN FACT, I RECEIVED A COPY OF A

PERSONAL BENEFIT SUMMARY AT THE TIME OF MY RETIREMENT ON

10/01/1986 OUTLINING ALL OF MY LIFE INSURANCE BENEFITS.  (SEE

COPY OF PERSONAL BENEFIT SUMMARY.)  AT THAT TIME, I COULD HAVE

BEEN ELIGIBLE TO PURCHASE MY OWN LIFE INSURANCE AT AN

AFFORDABLE RATE WITHIN MY RETIREMENT INCOME, HAD I BEEN

AWARE THAT THESE BENEFITS WERE NOT SECURE.  AS A SALARY

EMPLOYEE, I WORKED COUNTLESS HOURS OF OVERTIME, OFTEN

WITHOUT COMPENSATION, HELPING TO STRENGTHEN AND BUILD

GENERAL MOTORS.  I DID THIS WITH THE BELIEF THAT I WOULD BE ABLE

TO HAVE A SECURE RETIREMENT FOR MYSELF AND MY FAMILY.


I BELIEVE THAT MY LIFE INSURANCE BENEFITS SHOULD BE GIVEN THE

SAME CONSIDERATION BY THE DEBTORS AS THE UNION REPRESENTED

EMPLOYEES.


MY CLASS 3 (GENERAL UNSECURED CLAIMS) SHOULD BE ALLOWED TO GO

FORWARD UNDER THE JOINT CHAPTER 11 "PLAN" OF MOTORS

LIQUIDATION COMPANY.  PLEASE NOTE THAT MY RETIREMENT PAPERS

WERE APPROVED BY A GENERAL MOTORS AUTHORIZED DELEGATE.


RESPECTFULLY SUBMITTED,

DONALD T. LICO



GMC CENTRAL OFFICE
3044 W GRAND BLVD
DETROIT          MI 48202

## *PERSONAL BENEFIT SUMMARY*
# YOUR SHARE OF THE GM BENEFIT PROGRAM

### PREPARED FOR:

J876 10001    236 48063

LICO      DONALD      T
2685 NEW ENGLAND DRIVE
ROCHESTER     MI 48063

### Based on your personal data as of December 31, 1985.

The salary you receive through your paycheck is one tangible form of the total income and benefits available to you and your family from General Motors. Your GM benefit programs enrich this income, and add to your total financial security and that of your family. Your GM benefits are among the best in American industry. Further improvements were made in certain of these programs during 1985, which can enlarge your opportunity for personal financial planning through GM savings and investment programs.

We are pleased to provide you with this updated summary of your GM benefits and their net worth to you and your family. The summary has been expanded to reflect the Informed Choice Plan and improvements in the Flexible Compensation Program. Your continuing contribution to the success of GM helps make these improvements possible.

Chairman

## *HEALTH CARE BENEFITS (Informed Choice Plan)*

YOU AND ENROLLED FAMILY MEMBERS HAVE CHOSEN THE
TRADITIONAL OPTION OF THE INFORMED CHOICE PLAN.
YOUR ENROLLMENT INCLUDES: BASIC, DENTAL, VISION AND MAJOR MEDICAL COVERAGES

# RETIREMENT BENEFITS

Through December 31, 1985, your credited service is **31 YEARS AND 8 MONTHS.**

Your contributions are:

| | |
|---|---|
| Prior to 7-1-77 ......... | $7,757.43 |
| 7-1-77 to 10-1-79 ....... | $1,424.37 |
| After 10-1-79 ........... | $4,138.27 |

If you work for GM until age 65 in **1996** your estimated monthly retirement income would be:

From the Retirement Program
| | |
|---|---|
| —Noncontributory benefits ........ | $970.00 |
| —Contributory benefits .......... | $2,000.00* |

From Social Security
| | |
|---|---|
| —Yourself ...................... | $859.00 |
| —Dependent spouse at age 65 ..... | $430.00 |

### Total Monthly ........... $4,259.00

**\* ASSUMES CONTINUED CONTRIBUTIONS TO AGE 65 AND NO WITHDRAWALS.**

Estimated retirement benefits are based on the assumption that your current pay will stay the same until retirement. Retirement payments are for your lifetime only. Your election of survivor benefits would reduce these amounts.

Estimates of your retirement income at other ages are available upon request from your Personnel Office.

## Plus

If you retire from GM (except at employe option between ages 55 and 60 when your age and credited service total less than 85):

- You may (1) take your Savings-Stock Purchase Program account in a lump sum, (2) defer receipt to the year after the year you attain age 70½, or (3) convert your account to a lifetime annuity.
- Your health care coverage will be continued for your lifetime.
- A portion of your Life Insurance and Personal Accident Insurance may be continued for your lifetime. Optional Life Insurance may be continued until age 70.

# SURVIVOR BENEFITS

In the event of your death while employed by GM, the following payments will be made to your beneficiary:

## Monthly Payments

From the Insurance Program:
$350 to an eligible survivor, for up to 24 months ($200 if certain Social Security benefits are payable). Thereafter, your spouse 1) who, upon your death, was at least age 45, or 2) whose age, when added to your years of service totals 55 or more, would be paid $350 a month until the earlier of (1) age 62, (2) remarriage or (3) entitlement to unreduced Social Security because of your death.

From the Retirement Program:
A noncontributory benefit of **$380 PER MONTH** for your spouse's lifetime when Insurance Program survivor benefits are not payable or are waived. Contributory benefits of **$883 PER MONTH** would begin immediately for your spouse's lifetime in lieu of return of contributions.

From Social Security:
Social Security could pay a surviving spouse and children as much as **$1,388 PER MONTH.**

*Optional Dependent Insurance:*
| | |
|---|---|
| $50,000 | Life Insurance—spouse |
| $10,000 | Life Insurance—each child |

Contributory Personal Accident Insurance, which provides additional coverage for death, dismemberment, and certain other conditions resulting from bodily injury sustained in an accident, also is available to you.

## Lump-Sum Payments

| | |
|---|---|
| $104,000 | Basic Life Insurance |
| $260,000 | Optional Life Insurance |
| $16,716 | Savings-Stock Purchase Program |
| SEE B | Retirement Program contributions |
| $255 | Social Security death payment |
| $602 | Employe Stock Ownership Plan |
| $156,000 | SUPPLEMENTAL LIFE INS. |
| $537,557 | **Total** |

Plus, if death is accidental:
| | |
|---|---|
| $52,000 | -Extra Accident Insurance |
| $52,000 | -Extra Accident Insurance (while on company business) |

## Plus

GM will pay for health care coverages for your spouse and eligible children if you die while actively employed provided you:

1) Elected the Retirement Program contributory surviving spouse option and had 10 or more years of credited service, or
2) Were eligible to retire voluntarily (except between ages 55 and 60 when your age and credited service total less than 85).

**AS A GENERAL MOTORS EXECUTIVE, YOU MAY BE ELIGIBLE TO RECEIVE ADDITIONAL COMPENSATION UNDER THE GENERAL MOTORS BONUS PLAN.**

**AS YOU KNOW, THESE PLANS PROVIDE OUTSTANDING REWARDS TO EXECUTIVES BASED ON CORPORATE, UNIT, AND INDIVIDUAL ACHIEVEMENT.**

**SUPPLEMENTAL EXECUTIVE RETIREMENT PROGRAM (SERP)**

**IN ADDITION TO THE RETIREMENT BENEFITS SHOWN ABOVE, UPON RETIREMENT AT AGE 65, YOU MAY BE ELIGIBLE FOR BENEFITS UNDER THE NEW SUPPLEMENTAL EXECUTIVE RETIREMENT PROGRAM.**

GM NATIONAL RETIREE  SERVICING  CENTER
LIFE INSURANCE  COVERAGES  AND AMOUNTS  IN FORCE

February  8, 1996

RETIREE:  Donald  T. Lico
SOC SEC #:        0876    CISCO: 10001

| | | |
|---|---|---|
| **BASIC GROUP LIFE INSURANCE** | Prior to reducing | $104,000 |
| Policy #14000-G | Currently | $99,840 |
| | Ultimate  Amount | $50,440 |
| | | |
| **OPTIONAL LIFE INSURANCE** | Prior to reducing | $104,000 |
| Policy #23600-G | Currently | $104,000 |
| | | |
| **DEPENDENT LIFE INSURANCE** | Spouse | $20,000 |
| Policy #23950-G | Child | $4,000 |
| | | |
| **SUPPLEMENTAL GROUP LIFE INSURANCE** | | $0 |
| Policy #24390-G | | |
| | | |
| **SUPPLEMENTAL LIFE BENEFITS PROGRAM** | | $156,000 |
| | | |
| **PERSONAL UMBRELLA LIABILITY INSURANCE** | | $2 MIL |
| | | |
| **PERSONAL ACCIDENT INSURANCE** | | $0 |
| | Spouse | $0 |
| | Child | $0 |

THE  INFORMATION  CONTAINED  IN  THIS  DOCUMENT  CORRECTS  AND
SUPERSEDES  ANY  PREVIOUS  CORRESPONDENCE.

*ALL INFORMATION  PROVIDED IN THIS LETTER IS SUBJECT TO THE TERMS AND
CONDITIONS  OF  THE  APPLICABLE  GROUP  POLICIES  OR  PROGRAM.  THESE
POLICIES  ARE  TERM  INSURANCE  AND  HAVE  NO  CASH  VALUE.*

**Exhibit 5**

THE HONORABLE ROBERT E. GERBER

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

ONE BOWLING GREEN

NEW YORK, NY  10004


NOTICE OF DEBTORS 184 OMNIBUS OBJECTION TO CLAIMS

CLAIMS OF FORMER SALARIED EMPLOYEE

MOTORS LIQUIDATION COMPANY

GENERAL MOTORS CORPORATION

DEBTORS


CHAPTER 11 CASE NO. 09-50026 (REG)

CLAIM 37728



RECEIVED

FEB 2 2 2011

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

DONALD T. LICO

CREDITOR RETIRED SALARY EMPLOYEE OF GENERAL MOTORS

SELF REPRESENTED

54501 CAMBRIDGE DR.

SHELBY TOWNSIP, MI  48315

586-677-1930

NOTICE OF DEBTORS 184 OMNIBUS OBJECTION TO CLAIMS

CLAIMS OF FORMER SALARIED EMPLOYEE

MOTORS LIQUIDATION COMPANY

GENERAL MOTORS CORPORATION

DEBTORS

CHAPTER 11 CASE NO. 09-50026 (REG)

CLAIM NO. 37728

DONALD T. LICO

54501 CAMBRIDGE DR.

SHELBY TOWNSHIP, MI 48315

GENERAL MOTORS CORPORATION

CLAIM 37728

CHAPTER 11 CASE NO. 09-50026 (REG)

NOTICE OF DEBTORS 184 OMNIBUS OBJECTION TO CLAIMS

(WELFARE BENEFITS CLAIMS OF RETIRED AND FORMER SALARIED AND
EXECUTIVE EMPLOYEES)

AS A GENERAL MOTORS EMPLOYEE FOR 32.04 YEARS OF LOYAL AND

DEDICATED SERVICE, I AM OBJECTING TO YOUR DECISION THAT I AM NOT

ENTITLED TO BENEFITS THAT WERE PROMISED TO ME AT MY

RETIREMENT.  AT MY CURRENT AGE OF 80 YEARS OLD, I AM INELIGIBLE

TO PURCHASE THESE SUPPLEMENTAL HEALTH BENEFITS AND/OR IT IS

COST PROHIBITIVE ON MY RETIREMENT INCOME.


AT THE TIME OF MY RETIREMENT, THERE WAS NO MENTION OF SECURED,

UNSECURED OR VESTED BENEFITS.  IN FACT, I RECEIVED A COPY OF A

PERSONAL BENEFIT SUMMARY AT THE TIME OF MY RETIREMENT ON

10/01/1986 OUTLINING ALL OF MY HEALTH CARE BENEFITS.  (SEE COPY

OF PERSONAL BENEFIT SUMMARY.)  AT THAT TIME, I COULD HAVE BEEN

ELIGIBLE TO PURCHASE MY OWN SUPPLEMENTAL HEALTH INSURANCE AT

AN AFFORDABLE RATE WITHIN MY RETIREMENT INCOME, HAD I BEEN

AWARE THAT THESE BENEFITS WERE NOT SECURE. AS A SALARY

EMPLOYEE, I WORKED COUNTLESS HOURS OF OVERTIME, OFTEN

WITHOUT COMPENSATION, HELPING TO STRENGTHEN AND BUILD

GENERAL MOTORS. I DID THIS WITH THE BELIEF THAT I WOULD BE ABLE

TO HAVE A SECURE RETIREMENT FOR MYSELF AND MY FAMILY.


I BELIEVE THAT MY HEALTH BENEFITS SHOULD BE GIVEN THE SAME

CONSIDERATION BY THE DEBTORS AS THE UNION REPRESENTED

EMPLOYEES.


MY CLASS 3 (GENERAL UNSECURED CLAIMS) SHOULD BE ALLOWED TO GO

FORWARD UNDER THE JOINT CHAPTER 11 "PLAN" OF MOTORS

LIQUIDATION COMPANY. PLEASE NOTE THAT MY RETIREMENT PAPERS

WERE APPROVED BY A GENERAL MOTORS AUTHORIZED DELEGATE.


RESPECTFULLY SUBMITTED,

*Donald T. Lico*

DONALD T. LICO

GMC CENTRAL OFFICE
3044 W GRAND BLVD
DETROIT              MI 48202

## PERSONAL BENEFIT SUMMARY

# YOUR SHARE OF THE GM BENEFIT PROGRAM

### PREPARED FOR:

0876 10001   236 48063

LICO    DONALD    T
2685 NEW ENGLAND DRIVE
ROCHESTER    MI 48063

Based on your personal data as of December 31, 1985.

The salary you receive through your paycheck is one tangible form of the total income and benefits available to you and your family from General Motors. Your GM benefit programs enrich this income, and add to your total financial security and that of your family. Your GM benefits are among the best in American industry. Further improvements were made in certain of these programs during 1985, which can enlarge your opportunity for personal financial planning through GM savings and investment programs.

We are pleased to provide you with this updated summary of your GM benefits and their net worth to you and your family. The summary has been expanded to reflect the Informed Choice Plan and improvements in the Flexible Compensation Program. Your continuing contribution to the success of GM helps make these improvements possible.

_Chairman_

## HEALTH CARE BENEFITS (Informed Choice Plan)

YOU AND ENROLLED FAMILY MEMBERS HAVE CHOSEN THE
TRADITIONAL OPTION OF THE INFORMED CHOICE PLAN.
YOUR ENROLLMENT INCLUDES:  BASIC, DENTAL, VISION AND MAJOR MEDICAL COVERAGES
In most cases and for the most part, any health care costs you incur for covered services are passed directly on to GM. The approximate total annual cost to GM of supplying these coverages for you, your dependents, and all other persons covered by our health care programs during 1985 is shown below.

| | |
|---|---|
| HOSPITAL/SURGICAL/MEDICAL | |
| PRESCRIPTION DRUG | $1,804,896,100 |
| HEARING AID | |
| SUBSTANCE ABUSE | |
| VISION | 47,431,473 |
| DENTAL | 269,884,888 |
| CMEIP | 14,563,205 |
| Total | $2,136,775,666 |

The average annual cost to GM of your health care coverages is   **$2,831.61 FOR FAMILY COVERAGE.**

## FLEX 86 (Flexible Compensation Spending Accounts)

For 1986, you chose to make before-tax deposits to Flex spending accounts as follows:

Health Care
Dependent Care
Legal Services