**HEARING DATE AND TIME: June 14, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------x
                                    :
In re                               :    Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :    09-50026 (REG)
    f/k/a General Motors Corp., et al. :
                                    :
                Debtors.            :    (Jointly Administered)
                                    :
----------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY TO THE RESPONSES OF DAVID R. VOLPE TO THE 116TH AND 183RD**
**OMNIBUS OBJECTIONS TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# TABLE OF CONTENTS

**Page**

Preliminary Statement ................................................................................................... 1

The Claims Should Be Disallowed and Expunged ....................................................... 3

    (A)    The Claims Should Be Disallowed As Debtors Had Right to Amend or
            Terminate Each Welfare Benefit Plan ................................................................ 3

    (B)    Ongoing Benefits Have Been Assumed by New GM ......................................... 4

The Volpe Responses: Claim Nos. 62390 and 62391 ................................................... 5

Conclusion .................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995)..................................................................................................................4

*Moore v. Metro. Life Ins. Co.*,
   856 F.2d 488 (2d Cir. 1988)...................................................................................................3

*In re Oneida, Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC),
   2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) ..........................................................................3

*Sprague v. Gen. Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) .................................................................................................3

STATUTES

29 U.S.C. § 1051(1) .....................................................................................................................3

Employee Retirement Income Security Act of 1974 ....................................................................3

US_ACTIVE:\44015927\1\72240.0639

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

          The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the responses (defined below) interposed to the 116th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8195) (the "**116th Omnibus Objection**") and the 183rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8866) (the "**183rd Omnibus Objection**" and together with the 116th Omnibus Objection, the "**Omnibus Objections**"), and respectfully represents:

## **Preliminary Statement**

        1.      The Debtors filed the 116th Omnibus Objection on December 20, 2010 and filed the 183rd Omnibus Objection on January 26, 2011. The Omnibus Objections seek the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b)

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

to the extent modified, have otherwise been assumed by New GM[2] pursuant to the terms of the

Master Purchase Agreement and, as described in the Omnibus Objections, are not the

responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged

from the claims register.

2.        Responses to the 116th Omnibus Objection were due by January 27, 2011,

and responses to the 183rd Omnibus Objection were due by February 22, 2011.  The responses

listed on **Exhibit 1** attached hereto and described further herein were filed with respect to the

Omnibus Objections by David R. Volpe relating to his individual claims (the "**Claims**").

3.        The Volpe Responses (as defined herein) are generally not substantive, but

are critical of the reduction or termination of welfare benefits provided to retired and former

salaried and executive employees of the Debtors.  After reviewing the Volpe Responses, the

GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objections, and submits

that Mr. Volpe has failed to provide any legal or factual support for the Claims.  Notwithstanding

Mr. Volpe's opposition, the Volpe Responses should be overruled because (i) the Debtors had a

right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**")

providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including

those on which the Claims are based, without further liability, and in all relevant instances did

so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement

Date and continues to provide Welfare Benefits as modified prior to their assumption by New

GM, and consequently the Debtors and the GUC Trust have no liability for the Claims.

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objections.

[3] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

Accordingly, the GUC Trust files this Reply in support of the Omnibus Objections and respectfully requests that the Claims be disallowed and expunged from the claims register.

4.      The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Volpe's welfare benefits. However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

## The Claims Should Be Disallowed and Expunged

5.      Mr. Volpe has failed to demonstrate the validity of his Claims and, thus, the Claims should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)      The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.      In the Volpe Responses, Mr. Volpe has not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide him, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis. The Omnibus Objections explain that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits.  Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

US_ACTIVE:\44015927\1\72240.0639

7.      In addressing claims similar to Mr. Volpe's Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)).  As noted in the Omnibus Objections, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.      Thus, Mr. Volpe bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Volpe has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.      In the Volpe Responses, Mr. Volpe has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Volpe has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Volpe.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)**    **Ongoing Benefits Have Been Assumed by New GM**

10.      On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set

4

forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the

extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Volpe has not provided any credible factual or legal basis to suggest otherwise.

### The Volpe Responses: Claim Nos. 62390 and 62391

11.     On January 26, 2011, a response (ECF No. 9038) was filed on behalf of

Daivd R. Volpe (the "**First Volpe Response**") stating opposition to the relief sought in the 116th

Omnibus Objection.[4]  A second response (ECF No. 9290) was filed on behalf of Mr. Volpe (the

"**Second Volpe Response**," and with the "**First Volpe Response**," the "**Volpe Responses**") to

the relief sought in the 183rd Omnibus Objection on February 17, 2011 (*See* Proof of Claim No.

62390 at **Exhibit 2** hereto, Proof of Claim No. 62391 at **Exhibit 3** hereto, the First Volpe

Response at **Exhibit 4** hereto, and the Second Volpe Response at **Exhibit 5** hereto).

12.     In the Volpe Responses, Mr. Volpe notes that he was an employee of

General Motors Corporation for 32 years, and he "initiated, negotiated and accepted an early

retirement offer in 2001."  The Volpe Responses assert that Mr. Volpe is entitled to benefits

negotiated at the time of his retirement and disputes whether accrued benefits have been assumed

by General Motors Company ("**New GM**").  Despite conceding in the Volpe Responses that the

Debtors could amend or terminate benefit plans in accordance with the terms of such plans, Mr.

Volpe nevertheless argues that his negotiated retirement agreement should not be subject to

---

[4] Claim No. 62390, addressed by the First Volpe Response, was expunged pursuant to the Order Granting Debtors'
116th Omnibus Objection to Claims (ECF No. 9162) but was later reinstated.

modification on that basis.  The Volpe Responses note that if Mr. Volpe would have known that

the Debtors could unilaterally alter his retirement benefits, he may not have retired when he did.

Mr. Volpe has not provided copies of any documents that support his argument that his Welfare

Benefits could not be amended or modified following his retirement.  Mr. Volpe was clearly on

notice throughout his employment with General Motors Corporation that his benefits could be

amended or modified, through summary plan descriptions describing welfare benefits provided

to all employees.  Further, Mr. Volpe received summary plan descriptions every five years

following his retirement, which clearly stated that Welfare Benefits could be amended or

modified.[5]

13.     The Volpe Responses provide no additional support for the Claims.  The

GUC Trust is not aware of any documentation or facts supporting the Claims.  For the reasons

set out above, the Debtors respectfully submit that the Volpe Responses should be overruled, and

the Claims should be disallowed and expunged.

## Conclusion

14.     Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been

established by Mr. Volpe; and (iii) New GM assumed the Welfare Benefit Plans as modified, the

Debtors and the GUC Trust have no liability for Mr. Volpe's Claims.  The GUC Trust reiterates

that the Volpe Responses have not provided any legal or factual support for the Claims and

---

[5] See Declaration of Joseph H. Smolinsky in Support of Motors Liquidation Company GUC Trust's Reply to Responses to the 83rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (Proof of Claim No. 62922 filed by Claimant Linda K. Bellaire) at ECF No. 11453 for a copy of Summary Plan Descriptions sent to General Motors Corporation retirees.  Page 2 of the Summary Plan Description explicitly states, "General Motors Corporation reserves the right to amend, change, or terminate the Plans and Programs described in this booklet."

6

cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims

should be disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth above and in the Omnibus Objections,

the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objections and such other and further relief as is just.

Dated:  New York, New York
        June 5, 2012

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Motors Liquidation
                                        Company GUC Trust

7

**Exhibit 1**

| No. | 116th and 183rd Omnibus Objections to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | |
|---|---|---|---|---|---|
| | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 62390 | 9038 | Volpe, David R. | $157,431.00 | Mr. Volpe's response notes that he was an employee of General Motors Corporation for 32 years, and "initiated, negotiated and accepted an early retirement offer in 2001." Mr. Volpe's response asserts that Mr. Volpe is entitled to benefits negotiated at the time of his retirement and disputes that accrued benefits have been assumed by General Motors Company (New GM). Mr. Volpe's response accepts that the Debtors had the right to amend or terminate benefit plans in accordance with the terms of such plans; however, Mr. Volpe argues that his negotiated retirement agreement should not be subject to modification on that basis. Mr. Volpe's response notes that if he would have known that the Debtors could unilaterally alter his retirement benefits, he may not have retired when he did. |
| 2. | 62391 | 9290 | Volpe, David R. | $70,945.00 | Please see Proof of Claim No. 62390 above. |

**<u>Exhibit 2</u>**

7008209

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | PROOF OF CLAIM

| Name of Debtor (Check Only One): | Case No. |
| --- | --- |
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Your Claim is Scheduled As Follows:

Name of Creditor (the person or other entity to whom the debtor owes money or property): DAVID VOLPE

Name and address where notices should be sent:

DAVID VOLPE

240 BERRY GLEN CT.
Alpharetta GA 30022

Telephone number: *770-998-7758*
Email Address: *DVOLPE @NETZERO.NET*

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

1. **Amount of Claim as of Date Case Filed, June 1, 2009:** $ *157,431.00*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** *VALUE OF DIMINISHED + CANCELLED HEALTH CARE BENEFITS*
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** *0704*

   3a. **Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
**Describe:**

Value of Property: $_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____

Basis for perfection:

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

*ATTACHMENTS - 2 PAGES*

If the documents are not available, please explain in an attachment.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: *7/21/09* | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
| --- | --- | --- |

*DAVID R. VOLPE*   *David R. Volpe*   *11-21-2009*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

9392080833

(1)

DAVID R. VOLPE
240 BERRY GLEN CT.
ALPHARETTA, GA 30022

11/21/2009 GM BANKRUPTCY CLAIM ATTACHMENT
   DIMINISHED + CANCELLED HEALTH CARE BENEFITS
PRE-AGE 65 BENEFIT LOSS

AS ANNOUNCED { 2009 COST TO GM - ALL SALARIED HEALTH CARE BENEFITS  =  $5500/YR/PERSON
BY G.M.   { 2010 REDUCED COST TO GM -  "   "   "   "   =  $4140/YR/PERSON

                         LOSS OF BENEFIT = $1360/YR/PERSON

DAVID VOLPE, AGE 58  1-1-2010, D.O.B. 1-27-1951
   # YRS REMAINING UNTIL AGE 65 = 6.08 YRS.

      BENEFIT LOSS = 6.08 YRS × $1360/YR = $8269
                (6 YRS, 1 MO.)

MARY JEAN VOLPE, SPOUSE, AGE 59  1-1-2010, D.O.B. 5-8-1952
   # YRS. REMAINING UNTIL AGE 65 = 7.42 YRS.

      BENEFIT LOSS = 7.42 YRS × $1360/YR = $10,091
                (7 YRS, 5 MOS.)

POST-AGE 65 BENEFIT LOSS

DAVID VOLPE, BEGINNING FEB 2016
   (22.77* - 6.08) YRS × ($5500 - $3600**) = $31,711
** - $3600 REPRESENTS $300/MO. LEVEL BENEFIT ADDED TO PENSION > 65
                                                          BY GM
MARY JEAN VOLPE, BEGINNING JUN 2017
   (26.94* - 7.42) YRS. × ($5500)    = $107,360
* - AVG LIFE EXPECTANCY - SSA ACTUARIAL TABLE FROM WWW.SSA.GOV/OACT/STATS/
                                              TABLE 4C6.HTML

(2)

DAVID R. VOLPE
240 BERRY GLEN CT.
ALPHARETTA, GA 30022

11/21/2009 GM BANKRUPTCY CLAIM ATTACHMENT
    DIMINISHED + CANCELLED HEALTH CARE BENEFITS

SUMMARY CALCS.

                              BENEFIT LOSS

| INDIVID. | PRE-65 | POST-65 | TOTAL |
|---|---|---|---|
| DAVID VOLPE | $8,269 | $31,711 | $39,980 |
| MARY JEAN VOLPE, spouse | $10,091 | $107,360 | $117,451 |
| | | | $157,431 |

**Exhibit 3**

7008209

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PROOF OF CLAIM**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

Your Claim is Scheduled As Follows.

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 USC § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 USC § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) DAVID VOLPE

Name and address where notices should be sent
DAVID VOLPE
240 BERRY GLEN CT
Alpharetta GA 30022

Telephone number 770-998-7758
Email Address DVOLPE@NETZERO.NET

Name and address where payment should be sent (if different from above)
FILED - 62391
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.
NOV 28 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1** Amount of Claim as of Date Case Filed, June 1, 2009   $ 70,945.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2** Basis for Claim VALUE OF CANCELLED BASIC LIFE INSURANCE
(See instruction #2 on reverse side )     — AS A SALARIED Retiree

**3** Last four digits of any number by which creditor identifies debtor   0704

**3a** Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4** Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe _____

Value of Property $ _____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection _____

Amount of Secured Claim $ _____   Amount Unsecured $ _____

**5** Amount of Claim Entitled to Priority under 11 USC § 507(a)
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 USC § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 USC § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 USC § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 USC § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 USC § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 USC § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 USC § 507(a)(__)

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim  such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment   2 ATTACHED DOC'TS.

FOR COURT USE ONLY

Date 11-20-07

Signature  The person filing this claim must sign it  Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

DAVID R. VOLPE   David R. Volpe   11-20-2009

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 USC §§ 152 and 3571

Modified B10 (GCG) (12/08)

9392080833

My Coverages                     *888-543-3461  MetLife* (handwritten)

**Life Insurance**
- My Life Insurance
- Beneficiary Management
- Inquiry
- Learn about Life Insurance
- Calculate your needs
- Contact a Life Benefits Specialist

**COVERAGES**

## Coverages – *DAVID R. VOLPE, 11/20/2009* (handwritten) *GM BANKRUPTCY CLAIM ATTACHMENT #1* (handwritten)

**Messages**

### Basic Life Insurance (Basic Life)

| | |
|---|---|
| Approved Amount: | (circled) $80,945.00 |
| Monthly Cost to You: | $0.00 |
| Paid by: | Employer |

| Beneficiary | % Share | Role | Relation |
|---|---|---|---|
| MARY JEAN VOLPE | 100.0 | Primary | Spouse |
| JENNIFER VOLPE | 50.0 | Contingent | Self |
| MICHAEL VOLPE | 50.0 | Contingent | Self |

To designate your beneficiary, you will need the following information for your beneficiary.
- Date of Birth
- Address

Click on the Learn about Life Insurance link to determine how much life insurance you need

### Optional Life Insurance (Optional Life)

| | |
|---|---|
| Approved Amount: | $177,900.00 |
| Monthly Cost to You: | $55.15 |
| Paid by: | You |

| Beneficiary | % Share | Role | Relation |
|---|---|---|---|
| MARY JEAN VOLPE | 100.0 | Primary | Spouse |
| JENNIFER VOLPE | 50.0 | Contingent | Self |
| MICHAEL VOLPE | 50.0 | Contingent | Self |

Printer-friendly version of your coverages

### Personal Accident Insurance (Optional AD&D)

| | |
|---|---|
| Approved Amount: | $500,000.00 |
| Monthly Cost to You: | $7.50 |
| Paid by: | You |

| Beneficiary | % Share | Role | Relation |
|---|---|---|---|
| MARY JEAN VOLPE | 100.0 | Primary | Spouse |
| JENNIFER VOLPE | 50.0 | Contingent | Self |
| MICHAEL VOLPE | 50.0 | Contingent | Self |

**Did you know?**

Most employees keep the same level of coverage year after year despite changes in their lifestyle. Has your life insurance kept pace with your changing needs? (Source: 6th Annual MetLife Study of Benefits Trends, 2008)

### Dependent Life Insurance (Dependent Life) - Spouse

| | |
|---|---|
| Approved Amount: | $100,000.00 |
| Monthly Cost to You: | $28.00 |
| Paid by: | You |

### Dependent Personal Accident Insurance (Dependent AD&D) - Spouse

| | |
|---|---|
| Approved Amount: | $500,000.00 |
| Monthly Cost to You: | $7.50 |
| Paid by: | You |

*(handwritten, right side:)*

*CALCULATION*   [go]

*GM PROVIDED BASIC LIFE INSUR. PRIOR TO 8-1-2009 = $80,945*

*GM PROVIDED BASIC LIFE INSUR REDUCED ON 8-1-2009 & FORWARD = $10,000*

*VALUE OF LOST LIFE INSURANCE = $70,945*

*(handwritten at bottom, diagonal:)*

*Per Cynthia – All rates & coverage remain the same for 2009 unless you change or cancel. You cannot ↑ your coverages — Just ↓ or cancel. You can call them to get prem. changes – Nothing avail to us in writing – They'll calc on their computer + adv...*

*(circled handwritten)* 11/3/2008



*11/20/2009 GM BANKRUPTCY CLAIM ATTACHMENT #2*

# YOUR PERSONAL FACT SHEET

## 2008 ANNUAL ENROLLMENT

4.GM-H-501B ENV# GM10108805001000218

DAVID R. VOLPE
240 BERRY GLEN COURT
ALPHARETTA, GA 30022

- Review your benefit elections and dependent information in this PERSONAL FACT SHEET carefully.
- To make changes to your benefit elections for 2008, follow the ENROLLMENT INSTRUCTIONS on the next page.
- If you do not make changes during the enrollment period, this PERSONAL FACT SHEET will serve as your confirmation statement.
  Enrollment Period: October 30–November 16, 2007

Dear DAVID R. VOLPE:

This PERSONAL FACT SHEET shows your 2008 benefit elections and the contribution amounts for each option. Remember, if you do not make any changes during the enrollment period, this PERSONAL FACT SHEET will serve as your confirmation statement.

Each year you have the opportunity to review and change certain benefit elections based on your current needs. At the close of this enrollment period, you cannot change your 2008 benefit elections, except in the case of a qualified life event change.

In addition to your PERSONAL FACT SHEET, the enclosed newsletter highlights changes for 2008. Please review these materials carefully when making your benefit enrollment decisions. Additionally, a detailed Health Care Resource Guide is available for review online in the Reference Library by clicking the Enroll Now icon on gmbenefits.com, or by calling the GM Benefits & Services Center at 1-800-489-4646. The number for the TTY Service for the Hearing or Speech Impaired is 1-877-347-5225.

**Your current medical option will no longer be available to you. Unless you elect to enroll in a new medical plan during this enrollment period, you will be defaulted into Enhanced PPO (BCBS-US-RS) as shown below.**

**YOUR CURRENT ELECTIONS WITH 2008 CONTRIBUTION AMOUNTS**
*This statement reflects your personal information as of October 1, 2007.*

| Plan | Option | Family Status/Coverage Volume | Your 2008 Monthly Contribution After-Tax |
|------|--------|-------------------------------|------------------------------------------|
| Medical | Enhanced PPO (BCBS-US-RS) | Self + Spouse/ Domestic Partner | $121.00 |
| Health Savings Account | No Health Savings Account with Bank of America | No Coverage | $0.00 |
| Extended Care Coverage (ECC) | Extended Care Coverage | Self + Spouse/ Domestic Partner | $14.00 |
| Dental | Traditional Delta Dental (RS) | Self + Spouse/ Domestic Partner | $15.00 |
| Vision | Cole Managed Vision (S) | Self + Spouse/ Domestic Partner | $2.00 |
| Basic Life Insurance | 2 X Annual Base Salary | $80,945 | $0.00 |
| Optional Life Insurance | 2 X Annual Base Salary | $177,900 | $76.50 |
| Dependent Life Insurance — Spouse | | $100,000 | $34.00 |
| Personal Accident Insurance — Employee | | $500,000 | $7.50 |
| Personal Accident Insurance — Spouse | | $500,000 | $7.50 |
| **TOTAL MONTHLY CONTRIBUTIONS** | | | **$277.50** |

**Note:** The (S) or (RS) after a benefit option is used for administrative purposes only.
**Note:** If applicable, you may decrease or cancel your contributory life insurance coverages; however, you may not increase your coverage or enroll in new coverage.

gmbenefits.com

4.GM-H-501B
3.GM-H-405A/ 319991.001

Page 3

FESCOHOB_GM10108805_11_PFS_ANNUAL
GM10108805001000218

**Exhibit 4**

David R. Volpe, pro se
240 Berry Glen Ct.
Alpharetta, GA  30022
770-998-7758  (O)
Creditor Claimant
Claim # 62390

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**In re**                                               :
                                                        :        **Chapter 11 Case No.**
**MOTORS LIQUIDATION COMPANY, et al,**                  :
           **f/k/a General Motors Corp., et al.**       :        **09-50026 (REG)**
                                                        :
                                **Debtors.**            :        **(Jointly Administered)**
------------------------------------------------------------x


### OBJECTION TO DEBTORS' 116th OMNIBUS OBJECTION TO CLAIMS
#### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

TO THE HONORABLE ROBERT E. GERBER,

UNITED STATES BANKRUPTCY JUDGE:


Comes now David Volpe (a/k/a David R. Volpe), creditor and claimant against Motors

Liquidation Company ("MLC") (f/k/a General Motors Corporation, "Old GM"), and a

retired salaried manager from Old GM, who respectfully files this OBJECTION TO

DEBTORS' 116TH OMNIBUS OBJECTION TO CLAIMS.


Relief Requested


Debtors' 116th Omnibus Objection to Claims seeks entry of an order disallowing and

expunging certain welfare benefits claims listed on that filing's original Exhibit "A",

claims as filed by retired and former salaried and executive employees.  Included on that

list is Claim # 62390 in the amount of $157,431.00 filed by David Volpe, Proof of Claim

copy attached for reference.  Creditor Claimant Volpe requests the Debtors' proposed

order not be allowed, thereby preserving Creditor Claimant's right to financial consideration for the value of diminished and cancelled welfare and healthcare benefits in retirement.

## Background

Creditor Claimant Volpe spent his entire adult working career at Old GM from age 18 through 50, holding many managerial positions in technical and engineering areas.  He initiated, negotiated and accepted an early retirement offer in 2001 that involved leaving Old GM but receiving full salary compensation and benefits from July 2001 through October 2002; then transitioning to retirement pension and benefits starting November 2002.  He retired as a Zone Manager from the Service Operations group.

## Debtors argue "Accrued Benefits Have Been Assumed by New GM"

Healthcare benefits provided by New GM in 2010 are significantly different and diminished as compared to those provided in 2009 and earlier.  Medical insurance premiums paid by Creditor Claimant Volpe were $1020 more in 2010 than 2009 while the deductible increased from $750 to $5000, over a 6-fold increase, for the same period.  Co-pays after the deductible have also more than doubled from 2009 to 2010 and forward.  Dental, Vision and Extended Care Hospitalization have been completely eliminated in 2010.  GM published documents indicate healthcare costs to GM were reduced by $1360 per covered person from 2009 to 2010 (see the attached Claim for more detail).  This significant increase in liability to Creditor Claimant Volpe should not be categorized and concluded as "Accrued Benefits Have Been Assumed by New GM" based on these facts, especially if one is on the "paying end".

## Debtors argue "Benefit Modification Claims Should Be Disallowed As Debtors Had Right to Amend Or Terminate Each Benefit Plan"

There is little doubt that many GM documents stated, "GM reserves the right to amend or terminate benefit plans…..", or similar language.   However, the voluntary retirement negotiated by Creditor Claimant Volpe in 2001 should not be subject to changing the terms of the retirement contract "ex post facto".  Changing benefits or any provision of an employment and/or retirement contract is on firm legal ground for future agreements when both parties agree but Old GM being allowed to change the provisions unilaterally after the fact undermines the entire contractual process that American business is founded on.  Part of the standard retirement negotiations was the provision that Creditor Claimant Volpe could never be re-employed by GM.  In the referenced *Sprague v. General Motors Corp.* case, the court stated:

> To vest benefits is to render them forever unalterable.  Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; the intent to vest "must be found in the plan documents and must be stated in clear and express language".

In the case of Creditor Claimant Volpe, the special early retirement was negotiated with the understanding that pension and retirement benefits, and the inability of Volpe to ever be rehired by GM, were contractual obligations of both parties.  Why should Old GM not be bound to their contractual obligations?  Because they patently state they have the right to terminate or amend at will?  If provisions of any contract are allowed to be changed unilaterally, then what value does the contractual process have?  Had Volpe known that GM was to be allowed (in the future) to unilaterally change the provisions without any negotiations, then the voluntary decision to retire may have been very different.

## Discussion

The Court is being asked to consider the employment and retirement agreement between Volpe and Old GM, one where professional engineering services were tendered by Volpe for many years in return for a mix of salary compensation and benefits, both in the present during employment and in retirement.  At any time either Volpe or Old GM had

3

the ability to end the employment agreement if the value and/or compensation for the services were not agreeable to either party.  Retirement benefits are an integral part of one's compensation package.  If the legal system does not uphold the ability to negotiate a contractual agreement regarding benefits in the future (retirement), then why should anyone have faith in the legal system to uphold any contractual obligation?  The very foundation of American business is predicated on this fact.  Had Creditor Claimant Volpe known GM had the ability to walk away from these contractual obligations, he would not have initiated, negotiated and accepted an early retirement package, especially one that prevents him from ever accepting re-employment with GM in the future.

<u>Summary</u>

In summary, Creditor Claimant Volpe respectfully asks the Court to deny <u>DEBTORS'</u> <u>116th OMNIBUS OBJECTION TO CLAIMS</u> and preserve his claim to allow entitlement to the retirement welfare benefits he worked so hard to earn.

Creditor Claimant reserves the right to modify, revise, or supplement the above referenced figures and calculations.

Attach: (1)

Dated:  January 24, 2011                    Respectfully Submitted,


_____
David R. Volpe, pro se
240 Berry Glen Ct.
Alpharetta, GA  30022
770-998-7758  (O)
dvolpe@netzero.net


(GM Bankruptcy – Benefits Claim – Objection 20110124.doc)

4

**OBJECTION TO DEBTORS' 116th OMNIBUS OBJECTION TO CLAIMS**

**CERTIFICATE OF SERVICE**

I hereby certify that hard copy versions of the above and foregoing have been delivered or served upon the following via U.S. Postal Service with adequate first-class postage affixed, mailed January 25, 2011.  Two originals were sent to the Court via overnight delivery service on the same date.

Two originals sent via Overnight Delivery:
Clerk of the Court
Honorable Judge R.E. Gerber
U.S. Bankruptcy Court for the
　　Southern District of New York
One Bowling Green
New York, NY  10004

Copies via USPS:

1) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

2) Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Ted Stenger);

3) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);

4) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

5) United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

6) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

7) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

8) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

9) U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);

10) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.)

11) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.);

12) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.);

_____
David R. Volpe

## **Exhibit 5**

*CleRK's CoPy* ✓

David R. Volpe, pro se
240 Berry Glen Ct.
Alpharetta, GA  30022
770-998-7758  (O)
Creditor Claimant
Claim # 62391

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY, et al,** | : | |
| f/k/a **General Motors Corp., et al.** | : | **09-50026 (REG)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------x

## OBJECTION TO DEBTORS' 183rd OMNIBUS OBJECTION TO CLAIMS
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

TO THE HONORABLE ROBERT E. GERBER,

UNITED STATES BANKRUPTCY JUDGE:

Comes now David Volpe (a/k/a David R. Volpe), creditor and claimant against Motors
Liquidation Company ("MLC") (f/k/a General Motors Corporation, "Old GM"), and a retired
salaried manager from Old GM, who respectfully files this OBJECTION TO DEBTORS' 183rd
OMNIBUS OBJECTION TO CLAIMS.

### Relief Requested

Debtors' 183rd Omnibus Objection to Claims seeks entry of an order disallowing and expunging
certain welfare benefits claims listed on that filing's original Exhibit "A", claims as filed by
retired and former salaried and executive employees.  Included on that list is Claim # 62391 in the
amount of $70,945.00 filed by David Volpe, Proof of Claim copy attached for reference.

Creditor Claimant Volpe requests the Debtors' proposed order not be allowed, thereby preserving Creditor Claimant's right to financial consideration for the value of diminished and cancelled welfare and basic life insurance benefits in retirement.

## Background

Creditor Claimant Volpe spent his entire adult working career at Old GM from age 18 through 50, holding many managerial positions in technical and engineering areas. He initiated, negotiated and accepted an early retirement offer in 2001 that involved leaving Old GM but receiving full salary compensation and benefits from July 2001 through October 2002, then transitioning to retirement pension and benefits starting November 2002. He retired as a Zone Manager from the Service Operations group.

## Debtors argue "Accrued Benefits Have Been Assumed by New GM"

Life Insurance benefits provided by New GM in 2010 are significantly different and diminished as compared to those provided in 2009 and earlier. Life Insurance benefits negotiated at retirement by Creditor Claimant Volpe in 2001 were stated and agreed upon by both parties at two times the annual salary to be provided entirely by Old GM. Anything beyond that, up to five times the annual salary, was to be paid by the retiree at a price set by Old GM (in conjunction with MetLife). Creditor Claimant Volpe was entitled for life, per the negotiated retirement package, to more than $182,000 Life Insurance death benefit at retirement and that amount was in place until a unilateral reduction by Old GM was noted on Creditor Claimant Volpe's 2008 Annual Enrollment benefits package. It was then determined Old GM had unilaterally, and without notification or justification, decreased the Life Insurance death benefit to $80,945. A further reduction in the death benefit was made unilaterally to a flat $10,000 effective August 1, 2009. This significant decrease in Life Insurance death benefit to Creditor Claimant Volpe should not be categorized and concluded as "Accrued Benefits Have Been Assumed by New GM" based on these facts.

2

<u>Debtors argue "Benefit Modification Claims Should Be Disallowed As Debtors Had Right to</u>
<u>Amend Or Terminate Each Benefit Plan"</u>

There is little doubt that many GM documents stated, "GM reserves the right to amend or
terminate benefit plans…..", or similar language.   However, the voluntary early retirement
<u>initiated and negotiated</u> by Creditor Claimant Volpe in 2001 should not be subject to changing the
terms of the retirement contract "ex post facto".   Changing benefits or any provision of an
employment and/or retirement contract is on firm legal ground <u>for future agreements</u> when both
parties agree but Old GM being allowed to change the provisions unilaterally after the fact
undermines the entire contractual process that American business is founded upon.   Part of the
standard retirement negotiations was the provision that Creditor Claimant Volpe could never be
re-employed by GM.   In the referenced *Sprague v. General Motors Corp.* case, the court stated:

> To vest benefits is to render them forever unalterable.   Because vesting of welfare plan
> benefits is not required by law, an employer's commitment to vest such benefits is not to
> be inferred lightly; the intent to vest "must be found in the plan documents and must be
> stated in clear and express language".

In the case of Creditor Claimant Volpe, the special early retirement was negotiated with the
understanding that pension and retirement benefits, and the inability of Volpe to ever be rehired
by GM, were contractual obligations of both parties.   Why should Old GM not be bound to their
contractual obligations?   Because they patently state they have the right to terminate or amend at
will?   If provisions of any contract are allowed to be changed unilaterally, then what value does
the contractual process have?   Had Volpe known that GM was to be allowed (in the future) to
unilaterally change the provisions without any negotiations, then the voluntary decision to retire
may have been very different.

<u>Discussion</u>

The Court is being asked to consider the employment and retirement agreement between Volpe
and Old GM, one where professional engineering services were tendered by Volpe for many
years in return for a mix of salary compensation and benefits, both in the present during
employment and in retirement.   At any time either Volpe or Old GM had the ability to end the

3

employment agreement if the value and/or compensation for the services were not agreeable to either party. Retirement benefits are an integral part of one's compensation package. If the legal system does not uphold the ability to negotiate a contractual agreement regarding benefits in the future (retirement), then why should anyone have faith in the legal system to uphold any contractual obligation? The very foundation of American business is predicated upon this fact. Had Creditor Claimant Volpe known GM had the ability to walk away from these contractual obligations, he would not have initiated, negotiated and accepted an early retirement package, especially one that prevents him from ever accepting re-employment with GM in the future.


<u>Summary</u>

In summary, Creditor Claimant Volpe respectfully asks the Court to deny <u>DEBTORS' 183rd</u> <u>OMNIBUS OBJECTION TO CLAIMS</u> and preserve his claim to allow entitlement to the retirement life insurance and welfare benefits he worked so hard to earn.

Creditor Claimant reserves the right to modify, revise, or supplement the above referenced figures and calculations.

Attach: (1)


     Dated: February 14, 2011             Respectfully Submitted,


                                       David R. Volpe, pro se
                                       240 Berry Glen Ct.
                                       Alpharetta, GA  30022
                                       770-998-7758   (O)
                                       dvolpe@netzero.net


(GM Bankruptcy – Life Insur Claim – Objection 20110214.doc

## OBJECTION TO DEBTORS' 116th OMNIBUS OBJECTION TO CLAIMS

## CERTIFICATE OF SERVICE

I hereby certify that hard copy versions of the above and foregoing have been delivered or served upon the following via U.S. Postal Service with adequate first-class postage affixed, mailed February 14, 2011.  Two originals were sent to the Court with Delivery Receipt Requested on the same date.

Clerk of the Court
Honorable Judge R.E. Gerber
U.S. Bankruptcy Court for the
    Southern District of New York
One Bowling Green
New York, NY  10004

1) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);
2) Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Ted Stenger);
3) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);
4) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);
5) United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);
6) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);
7) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);
8) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);
9) U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);
10) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.)
11) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.);
12) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.);

_____
David R. Volpe