**HEARING DATE AND TIME:  June 14, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
        f/k/a General Motors Corp., et al.   :
                                    :
                Debtors.            :        (Jointly Administered)
                                    :
------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY TO THE RESPONSE OF DAVID L. ROBERTSON TO THE 183RD OMNIBUS**
**OBJECTION TO CLAIMS (WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

# TABLE OF CONTENTS

**Page**

Preliminary Statement.................................................................................................. 1

The Claim Should Be Disallowed and Expunged...................................................... 3

    (A)    The Claim Should Be Disallowed  As Debtors Had Right to Amend or
             Terminate Each Welfare Benefit Plan ................................................ 3

    (B)    Ongoing Benefits Have Been Assumed by New GM........................... 4

The Robertson Response: Claim No. 61493.............................................................. 5

Conclusion .................................................................................................................. 6

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Curtiss-Wright Corp. v. Schoonejongen*,
    514 U.S. 73 (1995)....................................................................................................4

*Moore v. Metro. Life Ins. Co.*,
    856 F.2d 488 (2d Cir. 1988).....................................................................................3

*In re Oneida, Ltd.*,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC),
    2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) .............................................................3

*Sprague v. Gen. Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998) ....................................................................................3

STATUTES

29 U.S.C. § 1051(1) ............................................................................................................3

Employee Retirement Income Security Act of 1974 .........................................................3

US_ACTIVE:\44020178\1\72240.0639

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), files this reply (the "**Reply**") to the response (defined below)

interposed to the 183rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and

Former Salaried and Executive Employees) (ECF No. 8866) (the "**Omnibus Objection**"), and

respectfully represents:

### Preliminary Statement

1.      On January 26, 2011, the Debtors filed the Omnibus Objection.  The

Omnibus Objection seeks the disallowance and expungement of certain compensation and

welfare benefits claims of retired and former salaried and executive employees of the Debtors on

the basis that such claims (a) are related to unvested welfare benefits that were capable of being

modified or terminated by the Debtors at will pursuant to the terms of the operative documents

governing such welfare benefits, and were modified or terminated in accordance with such

operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2]

pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus

Objection, are not the responsibility of the Debtors or the GUC Trust and therefore should be

disallowed and expunged from the claims register.

---

[1]  The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

2.        Responses to the Omnibus Objection were due by February 22, 2011.  The response listed on **Exhibit 1** attached hereto and described further herein was filed with respect to the Omnibus Objection (the "**Robertson Response**") by Mr. David L. Robertson relating to his individual claim (the "**Welfare Benefits Claim**").

3.        The Robertson Response is generally not substantive, but is critical of the reduction or termination of welfare benefits provided to retired and former salaried and executive employees of the Debtors.  After reviewing the Robertson Response, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objection, and submits that Mr. Robertson has failed to provide any legal or factual support for the Welfare Benefits Claim. Notwithstanding Mr. Robertson's opposition, the Robertson Response should be overruled because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the Welfare Benefits Claim is based, without further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently the Debtors and the GUC Trust have no liability for the Welfare Benefits Claim.  Accordingly, the GUC Trust files this Reply in support of the Omnibus Objection and respectfully requests that the Welfare Benefits Claim be disallowed and expunged from the claims register.

4.        The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Robertson's welfare benefits.

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

US_ACTIVE:\44020178\1\72240.0639

However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

### The Welfare Benefits Claim Should Be Disallowed and Expunged

5.    Mr. Robertson has failed to demonstrate the validity of his Welfare Benefit Claim and, thus, the Welfare Benefits Claim should be disallowed and expunged.  *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)    The Welfare Benefits Claim Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.    In the Robertson Response, Mr. Robertson has not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide him, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis.  The Omnibus Objection explains that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits. Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.    In addressing claims similar to Mr. Robertson's Welfare Benefits Claim, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt,*

modify or terminate welfare plans." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78

(1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir.

1990)).  As noted in the Omnibus Objection, however, the Sixth Circuit has recognized that once

welfare benefits are vested, they are rendered forever unalterable.

        8.      Thus, Mr. Robertson bears the burden of showing that the Debtors

intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the

Welfare Benefits, such that Mr. Robertson has a contractual right to the perpetual continuation of

his Welfare Benefits at a contractually specified level.

        9.      In the Robertson Response, Mr. Robertson has not provided any evidence

that contradicts the Debtors' common practice of advising participants of the Welfare Benefits

Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover,

Mr. Robertson has not provided any evidence of a separate, affirmative contractual obligation on

the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Robertson.

Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction

in or discontinuation of the Welfare Benefits.

**(B)**       **Ongoing Benefits Have Been Assumed by New GM**

        10.      On the Closing Date, New GM completed its purchase of certain assets in

accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master

Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New

GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set

forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the

extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect

on the Closing Date, including both responsibility for all claims incurred prior to the Closing

Date and all future claims properly payable pursuant to the terms of the applicable Welfare

US_ACTIVE:\44020178\1\72240.0639

Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC Trust

do not have any liability with respect to Welfare Benefits that have been assumed by New GM,

and Mr. Robertson has not provided any credible factual or legal basis to suggest otherwise.

### **The Robertson Response: Claim No. 61493**

11.     On February 22, 2011, a response (ECF No. 9411) was filed on behalf of

David L. Robertson stating opposition to the relief sought in the Omnibus Objection with respect

to the Welfare Benefits Claim.  (*See* Proof of Claim No. 61493 at **Exhibit 2** attached hereto, and

the Robertson Response at **Exhibit 3** attached hereto).

12.     In the Robertson Response, Mr. Robertson requests consideration for the

value of his "deferred vested retirement benefit."  The Robertson Response demands an

immediate accounting of Mr. Robertson's Welfare Benefits Claim as well as a hearing on Mr.

Robertson's Welfare Benefits Claim.  In addition, Mr. Robertson has attached to his Proof of

Claim actuary tables as well as documentation of his retirement benefits.

13.     The GUC Trust understands Mr. Robertson's request for an accounting of

his Welfare Benefits Claim to mean an explanation for why his benefits were reduced.  Both the

Omnibus Ojection and this Reply explain the reason for the reduction in Mr. Robertson's

Welfare Benefits.

14.     To the extent Mr. Robertson's Welfare Benefits Claim relates in any way

to his pension entitlement, in the Omnibus Objection, the Debtors and the GUC Trust do not seek

to affect the rights of Mr. Robertson to continue receiving pension benefits under the terms of his

defined benefit pension plan.  General Motors Company ("**New GM**") assumed sponsorship, in

place of the Debtors, for payment of Mr. Robertson's pension pursuant to the terms of the Master

Purchase Agreement described in the Omnibus Objection, and Mr. Robertson's pension is

therefore no longer the Debtors' responsibility.  Accordingly, Mr. Robertson does not have a

claim against the Debtors with respect to his pension entitlement. To the best of the GUC

Trust's knowledge, Mr. Robertson's pension payments continue to be paid in the ordinary course

by New GM.

15.    On June 1, 2012, attorneys for the GUC Trust telephoned Mr. Robertson

to advise him of his upcoming hearing date, and left a voicemail. As requested by Mr.

Robertson, the matter is now scheduled for a hearing on June 14, 2012.

16.    The Robertson Response provides no additional support for the Welfare

Benefits Claim. The GUC Trust is not aware of any documentation or facts supporting the

Welfare Benefits Claim. For the reasons set out above, the Debtors respectfully submit that the

Robertson Response should be overruled, and the Welfare Benefits Claim should be disallowed

and expunged.

## <u>Conclusion</u>

17.    Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been

established by Mr. Robertson; and (iii) New GM assumed the Welfare Benefit Plans as modified,

the Debtors and the GUC Trust have no liability for Mr. Robertson's Welfare Benefits Claim.

The GUC Trust reiterates that the Robertson Response has not provided any legal or factual

support for the Welfare Benefits Claim and cannot be afforded prima facie validity under the

Bankruptcy Code. Accordingly, the Welfare Benefits Claim should be disallowed and expunged

in their entirety.

US_ACTIVE:\44020178\1\72240.0639

WHEREFORE, for the reasons set forth above and in the Omnibus Objection,

the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus

Objection and such other and further relief as is just.

Dated: New York, New York
       June 5, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

7

## Exhibit 1

| 183rd Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | |
|---|---|---|---|---|
| **Proof of Claim No.** | **Response Docket No.** | **Name** | **Total Claimed** | **Summary** |
| 61493 | 9411 | Robertson, David L. | $47,102.16 (U) | Mr. Robertson's response demands an immediate accounting of his claim in such format and in such time as to prepare for a hearing on the matter. |

**Exhibit 2**

01063483
APS0723869291



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
☒ Motors Liquidation Company (f/k/a General Motors Corporation)    Case No    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )    09-13558 (REG)

**Your Claim is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 8.5). All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) ROBERTSON, DAVID L

**Name and address where notices should be sent**

ROBERTSON, DAVID L
PO BOX 695
HUNTSVILLE, AL 35804-0695

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

Filed on _____

Telephone number 256-653-4036
Email Address cmdrdave@h'wnay.net

FILED - 61493
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

**Name and address where payment should be sent** (if different from above)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1** Amount of Claim as of Date Case Filed, June 1, 2009    $ 47,102.16

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2** Basis for Claim DEFERRED VESTED RETIREMENT BENEFIT
(See instruction #2 on reverse side)

**3** Last four digits of any number by which creditor identifies debtor 2020

   **3a** Debtor may have scheduled account as _____
   (See instruction #3a on reverse side )

**4** Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____    Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection

Amount of Secured Claim $_____    Amount Unsecured $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of 'redacted' on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a)
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C §507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase lease or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) § 507(a)(2)

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date** 11/23/09

**Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: If: BY MAIL: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR.

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing
Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee, or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories the law limits the amount entitled to priority

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009 the date of commencement of these cases. (See DEFINITIONS, below.) Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You may also attach copies of documents that evidence perfection of any security interest. You may also attach a summary FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are:

Motors Liquidation Company
(f/k/a General Motors Corporation)        09-50026 (REG)
MLCS, LLC
(f/k/a Saturn, LLC)                       09-50027 (REG)
MLCS Distribution Corporation
(f/k/a Saturn Distribution Corporation)   09-50028 (REG)
MLC of Harlem, Inc
(f/k/a Chevrolet-Saturn of Harlem, Inc.)  09-13558 (REG)

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

**Basis of Claim**                                    11/22/2009
**David L Robertson**
**vs. Motors Liquidation**

| | | |
|---|---|---|
| Life Expectancy in years | 79 | Ref attached Life/Actuary Tables |
| Age of Retirement Benefit | 65 | Ref Attached Monbthly Vested Retirement Benefit Docume |

Difference in Actuary          14 years or 168 months

| | | |
|---|---|---|
| Amount of Benefit/month | $    280 37 | Ref Attached Monbthly Vested Retirement Benefit Docume |
| Expected payout of Benefit | 168 months | |

**Total amount of Claim**          **$ 47,102.16**



MONTHLY DEFERRED VESTED RETIREMENT BENEFITS    SRP 1121

GENERAL MOTORS RETIREMENT PROGRAM FOR SALARIED EMPLOYES

DAVID L ROBERTSON                              RETIREMENT NO   R262512020
2250 NORTON ROAD                               DIVISION  CPC HEADQUARTERS
ROCHESTER                    MI 48063          FISCO  53001

DATE SERVICE BROKEN  08-31 1989                CREDITED SERVICE
                                                PART A       7 04
RETIREMENT TYPE  90                             PART B       7 04
   SEPARATION WITH VESTED BENEFIT
                                               SOCIAL SECURITY NO  262 51 2020
                                               BIRTH DATE  02-20 1958
                                               SALARY
                                                AVERAGE MONTHLY        3,823.27

                                               EMPLOYE CONTRIBUTIONS
                                                PRIOR TO 07 77   NONE
                                                07-77 TO 10-79   NONE
                                                10-79 & LATER  NONE

                                               AUTHORIZED DEDUCTIONS
                                                % FEDERAL INCOME TAX
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
TOTAL MONTHLY DEFERRED RETIREMENT BENEFITS ARE SHOWN BELOW.  ADDITIONAL
INFORMATION REGARDING YOUR BENEFITS ARE EXPLAINED ON THE ATTACHED
SRP 1121 A.
                        AMOUNT
BASIC                    187.73
SUPPLEMENTARY             92.64

   TOTAL AT AGE 65       280.37
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
I HAVE EXAMINED THE ABOVE DATA AND I HEREBY CERTIFY THAT THE DATA USED
IN THE CALCULATIONS ARE AS SHOWN IN OUR RECORDS AND THAT THE CALCULATION
OF SUCH BENEFITS ARE CORRECT.

M L Eng                           9-28-89
SIGNATURE AUTHORIZED DELEGATE          DATE
I AM THE EMPLOYE HEREIN NAMED AND IDENTIFIED.  I HAVE READ AND UNDERSTAND
THE DATA AND CALCULATIONS SHOWN.

                                               10/12/89
   EMPLOYE SIGNATURE                               DATE

*Social Security Online*
Statistical Tables

# Actuarial Publications

 ## Period Life Table

Life Tables

A period life table is based on the mortality experience of a population during a relatively short period of time  Here we present the 2005 period life table for the Social Security area population $^*$ For this table, the period life expectancy at a given age represents the average number of years of life remaining if a group of persons at that age were to experience the mortality rates for 2005 over the course of their remaining life

### Period Life Table, 2005

| Exact age | Male | | | Female | | |
|---|---|---|---|---|---|---|
| | Death probability [a] | Number of lives [b] | Life expectancy | Death probability [a] | Number of lives [b] | Life expectancy |
| 0 | 0.007566 | 100,000 | 74 81 | 0 006156 | 100,000 | 79 95 |
| 1 | 0 000522 | 99,243 | 74 38 | 0 000416 | 99,384 | 79 45 |
| 2 | 0 000358 | 99,192 | 73 42 | 0 000257 | 99,343 | 78 48 |
| 3 | 0.000255 | 99,156 | 72 45 | 0.000181 | 99,318 | 77 50 |
| 4 | 0 000204 | 99,131 | 71 47 | 0 000155 | 99,300 | 76.52 |
| 5 | 0 000184 | 99,111 | 70 48 | 0 000147 | 99,284 | 75 53 |
| 6 | 0 000174 | 99,092 | 69 49 | 0 000142 | 99,270 | 74 54 |
| 7 | 0 000163 | 99,075 | 68.51 | 0 000137 | 99,255 | 73 55 |
| 8 | 0 000143 | 99,059 | 67 52 | 0 000129 | 99,242 | 72 56 |
| 9 | 0.000117 | 99,045 | 66 53 | 0 000117 | 99,229 | 71 57 |
| 10 | 0 000096 | 99,033 | 65 53 | 0 000107 | 99,217 | 70 58 |
| 11 | 0 000101 | 99,024 | 64 54 | 0.000106 | 99,207 | 69 58 |
| 12 | 0 000155 | 99,014 | 63 55 | 0 000123 | 99,196 | 68 59 |
| 13 | 0.000272 | 98,998 | 62.56 | 0 000162 | 99,184 | 67 60 |
| 14 | 0 000435 | 98,971 | 61.57 | 0 000218 | 99,168 | 66 61 |
| 15 | 0 000613 | 98,928 | 60 60 | 0 000282 | 99,146 | 65 62 |
| 16 | 0 000781 | 98,868 | 59 64 | 0 000342 | 99,118 | 64 64 |
| 17 | 0 000940 | 98,791 | 58 68 | 0 000390 | 99,085 | 63 67 |
| 18 | 0 001077 | 98,698 | 57 74 | 0 000420 | 99,046 | 62 69 |
| 19 | 0 001195 | 98,591 | 56 80 | 0 000437 | 99,004 | 61 72 |
| 20 | 0 001314 | 98,474 | 55 87 | 0 000454 | 98,961 | 60 74 |
| 21 | 0.001427 | 98,344 | 54 94 | 0 000473 | 98,916 | 59 77 |

Actuarial Life Table

| Exact age | Male | | | Female | | |
|---|---|---|---|---|---|---|
| | Death probability [a] | Number of lives [b] | Life expectancy | Death probability [a] | Number of lives [b] | Life expectancy |
| 22 | 0 001496 | 98,204 | 54 02 | 0 000487 | 98,869 | 58 80 |
| 23 | 0 001510 | 98,057 | 53 10 | 0 000497 | 98,821 | 57 83 |
| 24 | 0.001482 | 97,909 | 52.18 | 0 000505 | 98,772 | 56 86 |
| 25 | 0 001439 | 97,764 | 51 25 | 0 000512 | 98,722 | 55 88 |
| 26 | 0 001404 | 97,623 | 50 33 | 0 000522 | 98,672 | 54 91 |
| 27 | 0 001380 | 97,486 | 49 40 | 0 000538 | 98,620 | 53 94 |
| 28 | 0 001376 | 97,351 | 48 47 | 0 000564 | 98,567 | 52 97 |
| 29 | 0 001390 | 97,218 | 47 53 | 0 000597 | 98,511 | 52 00 |
| 30 | 0 001413 | 97,082 | 46 60 | 0 000636 | 98,453 | 51 03 |
| 31 | 0 001439 | 96,945 | 45 66 | 0 000681 | 98,390 | 50 06 |
| 32 | 0.001474 | 96,806 | 44 73 | 0 000730 | 98,323 | 49 10 |
| 33 | 0 001521 | 96,663 | 43 79 | 0 000784 | 98,251 | 48 13 |
| 34 | 0 001581 | 96,516 | 42 86 | 0 000844 | 98,174 | 47 17 |
| 35 | 0 001653 | 96,363 | 41 93 | 0 000911 | 98,091 | 46 21 |
| 36 | 0 001745 | 96,204 | 40 99 | 0 000988 | 98,002 | 45.25 |
| 37 | 0.001869 | 96,036 | 40 06 | 0 001080 | 97,905 | 44 29 |
| 38 | 0 002028 | 95,857 | 39 14 | 0 001187 | 97,799 | 43 34 |
| 39 | 0.002219 | 95,662 | 38 22 | 0 001309 | 97,683 | 42 39 |
| 40 | 0 002436 | 95,450 | 37 30 | 0 001442 | 97,556 | 41 45 |
| 41 | 0.002670 | 95,218 | 36 39 | 0 001584 | 97,415 | 40 51 |
| 42 | 0 002918 | 94,963 | 35 49 | 0 001736 | 97,261 | 39 57 |
| 43 | 0 003176 | 94,686 | 34.59 | 0 001896 | 97,092 | 38 64 |
| 44 | 0 003448 | 94,385 | 33 70 | 0 002066 | 96,908 | 37 71 |
| 45 | 0 003738 | 94,060 | 32 81 | 0.002250 | 96,707 | 36 79 |
| 46 | 0 004055 | 93,708 | 31.93 | 0 002446 | 96,490 | 35 87 |
| 47 | 0 004410 | 93,328 | 31 06 | 0.002647 | 96,254 | 34 96 |
| 48 | 0.004809 | 92,917 | 30.20 | 0 002850 | 95,999 | 34.05 |
| 49 | 0.005245 | 92,470 | 29.34 | 0 003060 | 95,725 | 33 14 |
| 50 | 0.005730 | 91,985 | 28 49 | 0 003295 | 95,432 | 32 24 |
| 51 | 0.006237 | 91,458 | 27.65 | 0 003555 | 95,118 | 31.35 |
| 52 | 0 006716 | 90,888 | 26.83 | 0 003821 | 94,780 | 30 46 |
| 53 | 0 007148 | 90,277 | 26 00 | 0 004090 | 94,418 | 29.57 |
| 54 | 0 007565 | 89,632 | 25 19 | 0 004374 | 94,032 | 28 69 |
| 55 | 0.008007 | 88,954 | 24 37 | 0 004686 | 93,620 | 27 82 |
| 56 | | | | | | |

Actuarial Life Table

| Exact age | Male | | | Female | | |
|---|---|---|---|---|---|---|
| | Death probability [a] | Number of lives [b] | Life expectancy | Death probability [a] | Number of lives [b] | Life expectancy |
| | 0 008531 | 88,242 | 23 57 | 0 005050 | 93,182 | 26 94 |
| 57 | 0.009170 | 87,489 | 22 77 | 0 005493 | 92,711 | 26 08 |
| 58 | 0 009955 | 86,686 | 21 97 | 0.006031 | 92,202 | 25 22 |
| 59 | 0.010869 | 85,823 | 21 19 | 0.006653 | 91,646 | 24 37 |
| 60 | 0 011908 | 84,891 | 20 42 | 0 007365 | 91,036 | 23 53 |
| 61 | 0 013015 | 83,880 | 19 66 | 0 008130 | 90,365 | 22 70 |
| 62 | 0 014131 | 82,788 | 18 91 | 0 008907 | 89,631 | 21 88 |
| 63 | 0 015226 | 81,618 | 18 17 | 0 009676 | 88,832 | 21 08 |
| 64 | 0 016354 | 80,376 | 17 44 | 0.010475 | 87,973 | 20 28 |
| 65 | 0.017609 | 79,061 | 16 73 | 0 011366 | 87,051 | 19 49 |
| 66 | 0 019066 | 77,669 | 16 02 | 0 012397 | 86,062 | 18 70 |
| 67 | 0 020735 | 76,188 | 15 32 | 0 013571 | 84,995 | 17 93 |
| 68 | 0 022655 | 74,608 | 14 63 | 0 014910 | 83,842 | 17 17 |
| 69 | 0 024826 | 72,918 | 13 96 | 0 016419 | 82,592 | 16 42 |
| 70 | 0 027295 | 71,108 | 13 30 | 0 018160 | 81,235 | 15 69 |
| 71 | 0 030012 | 69,167 | 12 66 | 0 020086 | 79,760 | 14 97 |
| 72 | 0 032897 | 67,091 | 12 04 | 0 022104 | 78,158 | 14 27 |
| 73 | 0 035926 | 64,884 | 11 43 | 0.024183 | 76,431 | 13 58 |
| 74 | 0.039188 | 62,553 | 10 84 | 0 026414 | 74,582 | 12 90 |
| 75 | 0 042921 | 60,102 | 10 26 | 0.029029 | 72,612 | 12 24 |
| 76 | 0 047157 | 57,522 | 9 70 | 0 032067 | 70,504 | 11 59 |
| 77 | 0 051737 | 54,809 | 9 15 | 0 035389 | 68,243 | 10 96 |
| 78 | 0.056658 | 51,974 | 8 63 | 0 038996 | 65,828 | 10 34 |
| 79 | 0 062061 | 49,029 | 8 11 | 0 043018 | 63,261 | 9 74 |
| 80 | 0.068216 | 45,986 | 7 62 | 0 047669 | 60,540 | 9 16 |
| 81 | 0 075229 | 42,849 | 7 14 | 0 053073 | 57,654 | 8 59 |
| 82 | 0 083020 | 39,626 | 6.68 | 0 059222 | 54,594 | 8.04 |
| 83 | 0 091635 | 36,336 | 6 24 | 0 066184 | 51,361 | 7 52 |
| 84 | 0 101194 | 33,006 | 5.82 | 0 074036 | 47,962 | 7 02 |
| 85 | 0 111834 | 29,666 | 5 41 | 0 082854 | 44,411 | 6.54 |
| 86 | 0 123673 | 26,349 | 5 03 | 0.092709 | 40,731 | 6 08 |
| 87 | 0 136793 | 23,090 | 4 67 | 0 103657 | 36,955 | 5 65 |
| 88 | 0 151241 | 19,931 | 4 34 | 0.115742 | 33,124 | 5 25 |
| 89 | 0 167026 | 16,917 | 4 02 | 0 128995 | 29,291 | 4 87 |
| 90 | | | | | | |

Actuarial Life Table

| Exact age | Male | | | Female | | |
|---|---|---|---|---|---|---|
| | Death probability [a] | Number of lives [b] | Life expectancy | Death probability [a] | Number of lives [b] | Life expectancy |
| | 0 184140 | 14,091 | 3 72 | 0 143437 | 25,512 | 4.52 |
| 91 | 0.202559 | 11,497 | 3 45 | 0 159077 | 21,853 | 4.19 |
| 92 | 0.222243 | 9,168 | 3 20 | 0 175914 | 18,377 | 3 89 |
| 93 | 0 243144 | 7,130 | 2.97 | 0 193937 | 15,144 | 3 61 |
| 94 | 0 265201 | 5,397 | 2 77 | 0 213123 | 12,207 | 3 36 |
| 95 | 0 287099 | 3,965 | 2 59 | 0 232548 | 9,605 | 3 13 |
| 96 | 0 308468 | 2,827 | 2 43 | 0.251932 | 7,372 | 2 93 |
| 97 | 0 328915 | 1,955 | 2 29 | 0 270971 | 5,514 | 2 75 |
| 98 | 0.348039 | 1,312 | 2 16 | 0 289339 | 4,020 | 2 58 |
| 99 | 0.365441 | 855 | 2 05 | 0 306700 | 2,857 | 2 43 |
| 100 | 0 383713 | 543 | 1 94 | 0.325102 | 1,981 | 2.29 |
| 101 | 0 402899 | 334 | 1 83 | 0 344608 | 1,337 | 2 15 |
| 102 | 0 423044 | 200 | 1 73 | 0 365284 | 876 | 2 02 |
| 103 | 0 444196 | 115 | 1 63 | 0 387201 | 556 | 1 89 |
| 104 | 0 466406 | 64 | 1.54 | 0.410433 | 341 | 1 77 |
| 105 | 0 489726 | 34 | 1 45 | 0 435059 | 201 | 1 66 |
| 106 | 0 514213 | 17 | 1 37 | 0 461163 | 114 | 1 55 |
| 107 | 0 539923 | 8 | 1 28 | 0 488833 | 61 | 1 44 |
| 108 | 0 566919 | 4 | 1 21 | 0 518162 | 31 | 1 34 |
| 109 | 0.595265 | 2 | 1 13 | 0 549252 | 15 | 1 25 |
| 110 | 0.625029 | 1 | 1 06 | 0 582207 | 7 | 1 16 |
| 111 | 0 656280 | 0 | 0.99 | 0 617140 | 3 | 1 07 |
| 112 | 0 689094 | 0 | 0 92 | 0 654168 | 1 | 0 99 |
| 113 | 0 723549 | 0 | 0 86 | 0 693418 | 0 | 0 91 |
| 114 | 0 759726 | 0 | 0 80 | 0 735023 | 0 | 0.84 |
| 115 | 0 797713 | 0 | 0 74 | 0 779125 | 0 | 0 76 |
| 116 | 0.837598 | 0 | 0 68 | 0 825872 | 0 | 0.70 |
| 117 | 0.879478 | 0 | 0 63 | 0 875425 | 0 | 0 63 |
| 118 | 0 923452 | 0 | 0 58 | 0 923452 | 0 | 0 58 |
| 119 | 0.969625 | 0 | 0.53 | 0 969625 | 0 | 0 53 |

[a] Probability of dying within one year
[b] Number of survivors out of 100,000 born alive

* The population comprised of (i) residents of the 50 States and the District of
Columbia (adjusted for net census undercount), (ii) civilian residents of Puerto Rico,

| Actuarial Services |
| --- |
| **Funding** |
| Contribution Rates |
| Valuations |
| Fiscal Notes |
| Pension Budget Summaries |
| **Benefit Components** |
| Plan 1 COLAs |
| **Actuarial Information** |
| Assumptions |
| Return on Investment |
| Inflation Data |
| Life Expectancies |
| OPEB |
| **Publications** |
| Experience Studies |
| Pension Studies |
| Presentations |

## Life Expectancies

A life expectancy table shows an average future lifetime for retirement plan members from each attained age. We based the table shown below on the RP-2000 combined healthy mortality table*, with mortality improvements projected to the year 2009. We used 50 percent of Scale AA* for the annual mortality improvement factors

We use the mortality rates from the underlying mortality table to estimate survivorship both pre- and post-retirement. Based on actual plan experience, we set rates "back" or "forward" for some plans. A "set back" means that at each attained age, a member has the life expectancy of a younger person. A "set forward" is just the opposite, members have the life expectancy of older individuals. The following table displays the age offsets (in years) for each of Washington's public pension systems. Negative numbers denote set backs

| System | PERS | | TRS | | SERS | | PSERS | | LEOFF | | WSP | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Male | Female | Male | Female | Male | Female | Male | Female | Male | Female | Male | Female |
| Age Offsets | -1 | -1 | -2 | -2 | 0 | -2 | -1 | -1 | -1 | 1 | -1 | 1 |

To use the life expectancy table. Find your age in the column below, then look to the appropriate gender column on the right to find the additional number of years you may expect to live. It is important to note that one-half of individuals can expect to live beyond their life expectancy and one-half will not live to that age. We apply these tables to large populations, they are not intended for individual retirement planning purposes

### Life Expectancy Using the RP-2000 Combined Healthy Mortality Table Projected to 2009*

| Age | Male | Female | Age | Male | Female |
| --- | --- | --- | --- | --- | --- |
| 18 | 62 | 65 | 65 | 17 | 20 |
| 19 | 61 | 64 | 66 | 17 | 19 |
| 20 | 60 | 63 | 67 | 16 | 18 |
| 21 | 59 | 62 | 68 | 15 | 17 |
| 22 | 58 | 61 | 69 | 14 | 17 |
| 23 | 57 | 60 | 70 | 14 | 16 |
| 24 | 56 | 59 | 71 | 13 | 15 |
| 25 | 55 | 58 | 72 | 12 | 14 |
| 26 | 54 | 57 | 73 | 12 | 14 |
| 27 | 53 | 56 | 74 | 11 | 13 |
| 28 | 52 | 55 | 75 | 10 | 12 |
| 29 | 51 | 54 | 76 | 10 | 12 |
| 30 | 50 | 53 | 77 | 9 | 11 |
| 31 | 49 | 52 | 78 | 8 | 10 |
| 32 | 48 | 51 | 79 | 8 | 10 |
| 33 | 47 | 50 | 80 | 7 | 9 |
| 34 | 46 | 49 | 81 | 7 | 9 |
| 35 | 45 | 48 | 82 | 6 | 8 |
| 36 | 44 | 47 | 83 | 6 | 8 |
| 37 | 43 | 46 | 84 | 6 | 7 |
| 38 | 42 | 45 | 85 | 5 | 7 |
| 39 | 41 | 44 | 86 | 5 | 6 |

Office of the State Actuary: Life Expectancy Table                    Page 2 of 2

| | | | | | |
|---|---|---|---|---|---|
| 40 | 40 | 43 | 87 | 4 | 6 |
| 41 | 39 | 42 | 88 | 4 | 5 |
| 42 | 38 | 41 | 89 | 4 | 5 |
| 43 | 37 | 40 | 90 | 3 | 5 |
| 44 | 36 | 39 | 91 | 3 | 4 |
| 45 | 35 | 38 | 92 | 3 | 4 |
| 46 | 35 | 37 | 93 | 3 | 4 |
| 47 | 34 | 36 | 94 | 3 | 4 |
| 48 | 33 | 35 | 95 | 2 | 3 |
| 49 | 32 | 34 | 96 | 2 | 3 |
| 50 | 31 | 33 | 97 | 2 | 3 |
| 51 | 30 | 32 | 98 | 2 | 3 |
| 52 | 29 | 31 | 99 | 2 | 3 |
| 53 | 28 | 30 | 100 | 2 | 3 |
| 54 | 27 | 30 | 101 | 2 | 3 |
| 55 | 26 | 29 | 102 | 2 | 3 |
| 56 | 25 | 28 | 103 | 2 | 2 |
| 57 | 24 | 27 | 104 | 2 | 2 |
| 58 | 23 | 26 | 105 | 2 | 2 |
| 59 | 23 | 25 | 106 | 1 | 2 |
| 60 | 22 | 24 | 107 | 1 | 2 |
| 61 | 21 | 23 | 108 | 1 | 2 |
| 62 | 20 | 22 | 109 | 1 | 2 |
| 63 | 19 | 21 | 110 | 1 | 2 |
| 64 | 18 | 21 | | | |

*RP-2000 Combined Healthy mortality table and Scale AA were both published by the Society of Actuaries. As we project improvements into the future, life expectancies improve slightly each year. This table does not use age offsets. We determine mortality rates for disabled members using a separate table.



APS2080853022
01063483

PLEASE COMPLETE THE FOLLOWING

**BALLOT # 414**

ITEM 1    **Amount of General Unsecured Claim.** For purposes of voting to accept or reject the
Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set
forth below

| | |
|---|---|
| Claim Amount | $47,102 16 |
| Debtor | MOTORS LIQUIDATION COMPANY |

ITEM 2    **Vote on the Plan.** The undersigned holder of a Class 3 General Unsecured Claim in
the amount set forth in Item 1 above hereby votes to

<u>Check one box</u>    ☒    Accept the Plan            01-05-11  A09 38  IN

☐    Reject the Plan

ITEM 3    **Acknowledgement and Certification.** By signing this Ballot, the undersigned
acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, including
all exhibits thereto  The undersigned certifies that (i) it is the holder of the General Unsecured Claim
identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan  The
undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and
conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the
Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained
therein

Print or Type Name of Claimant            DAVID L. ROBERTSON

Social Security or Federal Tax I D  No  of Claimant      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

Signature

Name of Signatory (if different than claimant)

If by Authorized Agent, Title of Agent

Street Address            P.O  Box 695

City, State, and Zip Code        Huntsville, AL 35804

Telephone Number            256.653.4036

E-mail Address            cmdrdave@hiwaay.net

Date Completed            12/28/10

*Please check <u>one or both</u> of the below boxes, if the above address is a change of address for the
purpose(s) of*

☐ future notice mailings, **AND/OR**    ☐ distributions

THE GARDEN CITY GROUP INC
JAN 5 2011

5

363 / 25



APS2080853022
01063483

ROBERTSON, DAVID L
PO BOX 695
HUNTSVILLE, AL 35804

363 / 2 5

# BUSINESS REPLY MAIL

FIRST-CLASS MAIL    PERMIT NO. 18    DUBLIN OH

POSTAGE WILL BE PAID BY ADDRESSEE

THE GARDEN CITY GROUP, INC
ATTN  MOTORS LIQUIDATION CO  BALLOTING CENTER
PO BOX 9386
DUBLIN OH 43017-9957

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

31 DEC 2010 PM 2 L



**<u>Exhibit 3</u>**

US_ACTIVE:\44020178\1\72240.0639

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------x
                                                   :
                                                   :
In re                                              :     Chapter 11 Case No.
                                                   :
MOTORS LIQUIDATION COMPANY,                        :     09-5026 (REG)
et al., f/k/a General Motors Corp., et al.         :
                                                   :
                Debtors.                           :     (Jointly Administered)
                                                   :
                                                   :
--------------------------------------------------x


RESPONSE TO NOTICE OF DEBTORS' 183rd
OMNIBUS OBJECTION TO CLAIMS
(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)


        Comes now David L. Robertson, Pro se claimant in the above styled bankruptcy

proceeding, and would show unto the court that he has duly filed Claim No. 61493 as a

vested retiree of General Motors Corporation, and would further show unto the Court that

in order to determine the status hereunder, the debtors in possession must provide an

accounting of said claim in such format and in such time as to prepare for hearing in this

matter.

        Claimant demands an immediate accounting and further demands that this matter

be set for hearing or otherwise that the objection be overruled.

                                        _____
                                        David L. Robertson
                                        Pro se Claimant
                                        P. O. Box 695
                                        Huntsville, AL  35804
                                        (256) 653-4036

CERTIFICATE OF SERVICE

I hereby certify that I have this date mailed a copy of the foregoing Response to Notice of Debtors 183rd Omnibus Objection to Claims to Harvey R. Miller, Stephen Karotkin, and Joseph H. Smolinsky of the firm of Weil, Gotshal & Manges, LLP, to their regular mailing address of 767 Fifth Avenue, New York, New York 10153, properly addressed and postage prepared, this the ___17___ day of February, 2011.

David L. Robertson
Pro se Claimant