**HEARING DATE AND TIME: June 14, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
        f/k/a General Motors Corp., et al.:
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

<div align="center">

**MOTORS LIQUIDATION COMPANY GUC**
**TRUST'S REPLY TO RESPONSES OF GLENN C. KUNTZ**
**TO THE 185TH OMNIBUS OBJECTION TO CLAIMS**
**(WELFARE BENEFITS CLAIMS OF RETIRED**
**AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

</div>

## <u>TABLE OF CONTENTS</u>

**Page**

Table of Authorities ................................................................................................................. ii

Preliminary Statement............................................................................................................. 1

The Claims Should Be Disallowed and Expunged ................................................................. 3

I.      The Claims Should Be Disallowed As Debtors Had Right to Amend or Terminate
        Each Welfare Benefit Plan.......................................................................................... 3

II.     Ongoing Benefits Have Been Assumed by New GM...................................................... 4

The Kuntz Responses: Claim No.10078:  Glenn C. Kuntz........................................................  5

Conclusion ............................................................................................................................. 7

i

## <u>Table of Authorities</u>

**Page(s)**

C<small>ASES</small>

*Curtiss-Wright Corp. v. Schoonejongen*,
514 U.S. 73 (1995)..................................................................................................3

*In re Oneida, Ltd.*,
400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL
234827 (S.D.N.Y. Jan. 22, 2010)............................................................................3

*Moore v. Metro. Life Ins. Co.*,
856 F.2d 488 (2d Cir. 1988)....................................................................................3

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ...................................................................................3

S<small>TATUTES</small>

29 U.S.C. § 1051(1) ...........................................................................................................3

Employee Retirement Income Security Act of 1974 ........................................................3

US_ACTIVE:\44020260\1\72240.0639

09-50026-mg    Doc 11796    Filed 06/05/12    Entered 06/05/12 20:37:56    Main Document
Pg 4 of 41


TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

   The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time), files this reply (the "**Reply**") to the responses interposed by Mr. Glenn C. Kuntz to the 185th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) (ECF No. 8868) (the "**185[th] Omnibus Objection**"), and respectfully represents:

<div align="center">

**Preliminary Statement**

</div>

   1.  On January 26, 2011, the Debtors filed the Omnibus Objection.  The Omnibus Objection seeks the disallowance and expungement of certain compensation and welfare benefits claims of retired and former salaried and executive employees of the Debtors on the basis that such claims (a) are related to unvested welfare benefits that were capable of being modified or terminated by the Debtors at will pursuant to the terms of the operative documents governing such welfare benefits, and were modified or terminated in accordance with such operative documents, and (b) to the extent modified, have otherwise been assumed by New GM[2] pursuant to the terms of the Master Purchase Agreement and, as described in the Omnibus Objection, are not the responsibility of the Debtors or the GUC Trust and therefore should be disallowed and expunged from the claims register.

---

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

US_ACTIVE:\44020260\1\72240.0639

2.      Responses to the Omnibus Objection were due by February 22, 2011.  The responses listed on **Exhibit 1** hereto and described further herein were filed with respect to the Omnibus Objection by Glenn C. Kuntz relating to his individual claims (the "**Claims**").

3.      The Kuntz Responses (as defined herein) are generally not substantive, but are critical of the reduction or termination of welfare benefits provided to retired and former salaried and executive employees of the Debtors.  After reviewing the Kuntz Responses, the GUC Trust[3] respectfully reiterates the Debtors' position in the Omnibus Objection, and submits that Mr. Kuntz has failed to provide any legal or factual support for the Claims.  Notwithstanding Mr. Kuntz's opposition, the Kuntz Responses should be overruled because (i) the Debtors had a right to amend or terminate the employee welfare benefit plans (the "**Welfare Benefits Plans**") providing medical, dental, vision, and life insurance benefits (the "**Welfare Benefits**"), including those on which the Claims are based, without further liability, and in all relevant instances did so, and (ii) New GM otherwise assumed Welfare Benefits as they existed on the Commencement Date and continues to provide Welfare Benefits as modified prior to their assumption by New GM, and consequently the Debtors and the GUC Trust have no liability for the Claims.  Accordingly, the GUC Trust files this Reply in support of the Omnibus Objection and respectfully requests that the Claims be disallowed and expunged from the claims register.

4.      The Debtors and the GUC Trust are, of course, sympathetic with the impact that the financial problems of the Debtors have had on Mr. Kuntz's welfare benefits.  However, in view of the Debtors' liquidation and under applicable law, there should be no other outcome.

---

[3] While the Omnibus Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

2

## The Claims Should Be Disallowed and Expunged

5.    Mr. Kuntz has failed to demonstrate the validity of his Claims and, thus, the Claims should be disallowed and expunged. *See, e.g.*, *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim when objection is asserted refuting claim's essential allegations).

**(A)    The Claims Should Be Disallowed
As Debtors Had Right to Amend or Terminate Each Welfare Benefit Plan**

6.    In the Kuntz Responses, Mr. Kuntz has not demonstrated that the Debtors were bound by any legal or contractual requirement to continue to provide him, or other retired and former salaried and executive employees, with the Welfare Benefits on a permanent basis. The Omnibus Objection explains that the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans, and that ERISA does not require an employer to provide or to vest welfare benefits. Welfare benefits provided under the terms of a welfare benefit plan may therefore be reduced or forfeited in accordance with the terms of the applicable welfare benefit plan. 29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d 488, 491 (2d Cir. 1988); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998).

7.    In addressing claims similar to Mr. Kuntz's Claims, the Sixth Circuit has noted that welfare plans such as the Welfare Benefit Plans are specifically exempted from vesting requirements (to which pension plans are subject) under ERISA, and accordingly, employers "*are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans.*" *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (emphasis added) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990)). As

3

noted in the Omnibus Objection, however, the Sixth Circuit has recognized that once welfare benefits are vested, they are rendered forever unalterable.

8.      Thus, Mr. Kuntz bears the burden of showing that the Debtors intended to vest Welfare Benefits provided by the Welfare Benefits Plans, and did *in fact* vest the Welfare Benefits, such that Mr. Kuntz has a contractual right to the perpetual continuation of his Welfare Benefits at a contractually specified level.

9.      In the Kuntz Responses, Mr. Kuntz has not provided any evidence that contradicts the Debtors' common practice of advising participants of the Welfare Benefits Plans of the Debtors' right to amend or terminate the Welfare Benefits at any time.  Moreover, Mr. Kuntz has not provided any evidence of a separate, affirmative contractual obligation on the part of the Debtors to continue to provide the Welfare Benefits specifically to Mr. Kuntz.  Therefore, the Debtors and the GUC Trust do not have any liability with respect to the reduction in or discontinuation of the Welfare Benefits.

**(B)      Ongoing Benefits Have Been Assumed by New GM**

10.      On the Closing Date, New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement.  Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed the plans specified in a disclosure schedule, and the Welfare Benefit Plans are set forth on that schedule.  New GM assumed the obligation to provide the Welfare Benefits to the extent required to be provided under the terms of the applicable Welfare Benefits Plan in effect on the Closing Date, including both responsibility for all claims incurred prior to the Closing Date and all future claims properly payable pursuant to the terms of the applicable Welfare Benefit Plan in effect when such claims are incurred.  Therefore, the Debtors and the GUC

4

Trust do not have any liability with respect to Welfare Benefits that have been assumed by New

GM, and Mr. Kuntz has not provided any credible factual or legal basis to suggest otherwise.

### The Kuntz Responses: Claim No. 10078: Glenn C. Kuntz

11.    On February 2, 2011, a response (the "**First Kuntz Response**") was filed

at ECF No. 9413 on behalf of Glenn C. Kuntz stating opposition to the relief sought in the

Omnibus Objection with respect to the Claims (*See* Proof of Claim No. 10078 at **Exhibit 2**

hereto and the First Kuntz Response at **Exhibit 3** hereto). Mr. Kuntz subsequently submitted a

further response to attorneys for the GUC Trust (the "**Second Kuntz Response**" and with the

First Kuntz Response, the "**Kuntz Responses**"). A copy of the Second Kuntz Response is

located at **Exhibit 4** hereto. The Kuntz Responses assert that the objection to his claim is unjust

and inequitable. In the Kuntz Responses, Mr. Kuntz notes that he retired from General Motors

Corporation ("**Old GM**") in 1988 after providing 35 years of service as an executive employee

at the Inland Fisher Guide in Elyria, Ohio. The Kuntz Responses state that, following Mr.

Kuntz's retirement, Old GM reduced Mr. Kuntz's life insurance coverage from $425,000 to

$10,000. In addition, the Kuntz Responses specify that Old GM also terminated Mr. Kuntz's

Extended Care Coverage ("**ECC**") and other related Welfare Benefits following his retirement

from Old GM. Mr. Kuntz argues in the Kuntz Responses that he made life plans based on

promises he believes Old GM to have been made in relation to his life insurance coverage, and

that allowing Welfare Benefits to be subsequently modified is unjust. Lastly, Mr. Kuntz

requests that the Court order a reasonable percentage of his claim be allowed.

12.    In the Kuntz Responses, Mr. Kuntz has provided a letter dated November

17, 1993 from the GM National Retiree Servicing Center. This letter, which is included in

**Exhibit 4**, specifically provides that Mr. Kuntz's Welfare Benefits are "subject to the terms and

conditions of the General Motors Life and Disability Benefits Program." Mr. Kuntz was therefore on notice as a result of this letter that the terms of his Welfare Benefits were subject to Welfare Benefit Plans, which he would need to review in order to understand the coverage he was receiving.

13. Mr. Kuntz's Claims include a claim for Extended Care Coverage. Mr. Kuntz's Extended Care Coverage was provided under a "pay-as-you-go" Welfare Benefit Plan provided by Old GM, whereby beneficiaries under the ECC made payments on a regular basis and in turn received coverage accordingly. As a result of their financial distress, the Debtors terminated the ECC program. Following the termination of ECC coverage, no further payments were required of Mr. Kuntz, and no further coverage was provided by the Debtors. For the period that Mr. Kuntz's ECC coverage was in force, Mr. Kuntz received the coverage he paid for and had the opportunity to submit claims under the ECC if he needed to. Given that Mr. Kuntz received the coverage he was due at the time that he paid for it, no claim can result from the termination of this Welfare Benefit. www

14. As part of the Second Kuntz Response at **<u>Exhibit 4</u>** hereto, Mr. Kuntz has provided a document entitled "*Benefit Coverages for Glenn C. Kuntz if Placed on Special Leave of Absence And/ Or Special Retirement.*" This document states at page 5: "The above is information only. Terms and conditions of each benefit program control benefits payable." Again, Mr. Kuntz was clearly on notice that he needed to refer to underlying Welfare Benefit Plans to ascertain the extent of his coverage.

15. The Kuntz Responses provide no additional support for the Claims. The GUC Trust is not aware of any documentation or facts supporting the Claims. For the reasons

set out above, the Debtors respectfully submit that the Kuntz Responses should be overruled, and the Claims should be disallowed and expunged.

## **Conclusion**

16.     Because (i) ERISA recognizes that employers are free to amend or terminate welfare benefits, (ii) no contrary contractual right to vested welfare benefits has been established by Mr. Kuntz; and (iii) New GM assumed the Welfare Benefit Plans as modified, the Debtors and the GUC Trust have no liability for Mr. Kuntz's Claims.  The GUC Trust reiterates that the Kuntz Responses have not provided any legal or factual support for the Claims and cannot be afforded prima facie validity under the Bankruptcy Code.  Accordingly, the Claims should be disallowed and expunged in their entirety.

WHEREFORE, for the reasons set forth above and in the Omnibus Objection, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objection and such other and further relief as is just.

Dated: New York, New York
         June 5, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

US_ACTIVE:\44020260\1\72240.0639

**Exhibit 1**

| 185th Omnibus Objection to Claims (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees) | | | | | |
|---|---|---|---|---|---|
| No. | Proof of Claim No. | Response Docket No. | Name | Total Claimed | Summary |
| 1. | 10078 | 9413 | Kuntz, Glenn C. | $337,000.00 (P) | Mr. Kuntz's first response notes that he can provide significant documentation supporting his claim.  Mr. Kuntz's second response notes that his life insurance was decreased from $415,000 to $10,000 and that his Extended Care and other related Welfare Benefits were terminated. |

## Exhibit 2

01086913

APS0543124632

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem  Inc ) — 09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE   This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used
for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 8). All other requests for payment of an administrative expense should be
filed pursuant to 11 U S C § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)  KUNTZ GLENN C

Name and address where notices should be sent

KUNTZ, GLENN C
1505 CLEAR BROOK DR
DAYTON  OH 45440-4332

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _____

Telephone number  937-848-7288
Email Address   g.jkuntz@aol.com

Name and address where payment should be sent (if different from above)

**FILED - 10078
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above  you have a claim scheduled by one of the Debtors as shown [This scheduled amount of your claim may be an amendment to a previously scheduled amount] If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form  EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED  UNLIQUIDATED or CONTINGENT  a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions  you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**   $ 337,000.00

If all or part of your claim is secured  complete item 4 below  however  if all of your claim is unsecured  do not complete item 4  If all or part of your claim is entitled to priority  complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9)  complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim** GM CANCELLED ALL BUT $10,000.00 OF MY LIFE INSURANCE (WAS $ 347,000.00)
(See instruction #2 on reverse side )     I AM 74 YEARS OLD

**3  Last four digits of any number by which creditor identifies debtor** _____

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim  $_____     Amount Unsecured  $_____

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim  such as promissory notes, purchase orders, invoices  itemized statements of running accounts  contracts, judgments  mortgages and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages  salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☒ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase  lease  or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)__

**Amount entitled to priority**

$ 337000.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date 10-12-09 | **Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.
OCT 14 2009

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2 Basis for Claim.**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5 Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS below). Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information. A creditor should redact and use only the last four digits of any social-security, individual's

### INFORMATION

tax-identification or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to 1 FRBP 3001(c), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact AlixPartners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

DATE: 10-1-10

Claim 1086913
Garden City Group Inc.
Attn. Motors Liquidation Company
Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286

Dear Garden City:

My name is Glenn C. Kuntz, I am 75 years old and I retired from G.M. when "Inland Fisher Guide" in Elyria, Ohio closed in 1988.

I was an Executive employe (Unclassified) with over 35 years of Service

Per "Deanna" at MetLife on 9-30-10, I had the following Life Insurance Coverage from GM until 8-1-09:

Basic $170,000
Supplemental 255,000
Total $425,000

I now have only $10,000 in Life Insurance from GM, which is a reduction of $415,000.

As a matter of information, executives who retired after 8-1-09 received Life Insurance that amounts to 50% of their final salaries. My final salary was $85,000 × 50% = $42,500 compared to the $10,000 I am now getting.

In addition to the loss in Life Insurance, I lost the "Extended Care Coverage" and "Personal Liability Umbrella" which was provided by GM.

I have enclosed copies of two pay stubs for the year ending 2008 which show the following:

Imp Income for:

Insurance {
Supplemental Life — $996.53
Personal Liability Umbrella — 439.97
Extended Care Coverage — 168.00

As a 75 year old, who made "Life Plans" based on what GM promised, I feel that I am entitled to insurance coverage comparable to what I had prior to the 2009 changes or an appropriate cash settlement.

Sincerely,

Glenn C. Kuntz
1505 Clear Brook Dr.
Dayton, OH 45440
(937) 848-7288

**GENERAL MOTORS CORPORATION**

| DRAFT NO | SOCIAL SECURITY NO | PAY ENDING DATE | OVERTIME | | | FEDERAL TAX | | |
|---|---|---|---|---|---|---|---|---|
| | | | PAID THRU | REG HRS | PREM HRS | STATUS | NO EXEMPT | SUPP DED |
| 4505619 | ***-**-8331 | 12/15/2008 | | | | MARRIED | 03 | |

| CURRENT PAY & DEDUCTIONS | AMOUNT | YEAR TO DATE |
|---|---|---|
| IMP INC LIFE INS | | 996.53 |
| IMP INC PULT | | 439.97 |
| SERP | 451.42 | 5417.04 |
| GROSS PAY | 451.42 | 6853.54 |
| FICA-SS TAX | 7.42 | 89.04 |

| CURRENT PAY & DEDUCTIONS | AMOUNT | YEAR TO DATE |
|---|---|---|
| FICA-HI TAX | 1.73 | 20.76 |
| FEDERAL TAX | 9.17 | 55.02 |
| OHIO TAX | 3.23 | 31.22 |
| TOTAL DEDUCTIONS | | 21.55 |
| NET PAY | 429.87 | |

FICA-SS TAX: $ 5.15 FICA-HI TAX: $ 1.20 ON $ 83.04 OF LIFE INS

# GM SALARIED RETIREMENT PROGRAM

| | | Funding Breakdown | |
|---|---|---|---|
| Payment Type. | Installment | | |
| Advice Number. | 00021549020 | SALARIED RET PROGRAM | $2,287 79 |
| Advice Date. | December 1, 2008 | CONTRIBUTIONS | $1,064 81 |
| | | MED B REIMBURSEMENT | $76 20 |

GLENN C KUNTZ
Questions? Please call 1-800-489-4646

| Description | Current | Year to Date |
|---|---|---|
| GROSS PAYMENT | $3,428 80 | $41,145 60 |
| NON-TAXABLE | $132 34 | $1,588 08 |
| FED WITHHOLDING | $58 81 | $705 72 |
| EXT CARE COV-ECC | $14 00 | $168 00 |

| Description | Current | Year to Date |
|---|---|---|
| TAXABLE | $3,296 46 | $39,557 52 |
| DENTAL COVERAGE | $15 00 | $180 00 |
| MEDICAL COVERAGE | $121 00 | $1,452 00 |
| VISION | $2 00 | $24 00 |
| NET PAYMENT | $3,217 99 | $38,615 88 |

# Ready **Post.**

Document Mailer

**From:** Glenn C Kuntz
1505 Clear Brook Dr.
Dayton, OH 45440

CERTIFIED MAIL™

7010 0290 0003 0474 3136

**To:** Claim 1086913
Garden City Group Inc.
Attn: Motors Liquidation Co.
Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286







$2.80
AMOUNT
OCT 01 '10
0009692l-03

43017    0001
UNITED STATES
POSTAL SERVICE

**Exhibit 3**

DATE: 2-17-11

U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ATTENTION: CHAMBERS
1 BOWLING GREEN
ROOM 534
NEW YORK, NY 10004



FOR YOUR ATTENTION:
    MY NAME IS GLENN C. KUNTZ (G.M. SALARIED RETIREE).
I AM RESPONING TO THE "DEBTORS 185TH OMNIBUS OBJECTION".
    I STRONGLY DISAGREE WITH THE DECISION TO DENY
MY CLAIM FOR COMPENSATION:
    CASE: MOTORS LIQUIDATION CO.
        CLAIM # 10078

    UPON REQUEST, I CAN PROVIDE SIGNIFICANT
DOCUMENTATION SUPPORTING MY CLAIM. PLEASE ADVISE.

                THANK YOU,

                GLENN C. KUNTZ
                1505 CLEAR BROOK DR.
                DAYTON, OH 45440

        (937) 848-7288
        gjkuntz@aol.com

**Exhibit 4**

DAVID N. GRIFFITHS
WEIL, GOTSHAL & MANGES LLP
767 FIFTH AVE.
NEW YORK, NY 10153

MR. GRIFFITHS:
    PER YOUR REQUEST, I AM ENCLOSING A DETAILED
PACKAGE OF INFORMATION REGARDING MY CLAIM #10078
FOR COMPENSATION FROM G.M.
    IN ADDITION TO THE ATTACHED DETAIL, I FEEL THE
FOLLOWING COMMENTS ARE SIGNIFICANT.
    ① GM REDUCED MY LIFE INSURANCE COVERAGE FROM
    THE $415,000 WHICH WAS "GAURANTEED FOR LIFE"
    TO JUST $10,000.
    ② GM ALSO DROPPED THE FOLLOWING COVERAGE:
        • EXTENDED CARE
        • PERSONAL LIABILITY UMBRELLA
    ③ I WAS CARRYING A $100,000 PRIVATE LIFE
    INSURANCE POLICY. HOWEVER, THIS POLICY
    WAS COSTING TOO MUCH AND AS I WAS GETTING
    OLDER I FELT THE $415,000 WITH GM WAS ADEQUATE
    SO IN 2005 I DROPPED THIS PRIVATE INSURANCE.
    ④ SINCE 2009, I FREQUENTLY TRIED TO GET MORE
    LIFE INSURANCE. HOWEVER, SINCE I AM 76 YEARS OLD
    AND WHEN I SAID I WAS ON "COUMADIN", THEY HUNG-UP
    OR GAVE ME A MONTHLY CHARGE THAT WAS OUT-OF-SIGHT.
    ⑤ IN ADDITION, I HAD A "HEART OBLATION" IN SEPT. 2009
    AND AM CONSIDERED 20% DISABLED BY THE "V.A."
    ⑥ IN SHORT, "MY LIFE'S FINANCIAL PLAN" WAS DESTROYED BY G.M.
    WHEN ALL BUT $10,000 IN INSURANCE WAS TAKEN.
    ⑦ I DESPERATELY NEED SIGNIFICANT INSURANCE COVERAGE
    TO PROVIDE FOR MY WIFE'S FINANCIAL NEEDS
    WHEN I PASS-ON.

                        GLENN C. KUNTZ
                        1505 CLEAR BROOK DR.
                        DAYTON, OH 45440
                        (937) 848-7288

David N. Griffiths
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153

Mr. Griffiths:

I am enclosing 5 Exhibits to support my claim #10078 for compensation from GM.
Exhibit #1 - The Initial information I sent to " Garden City Group"
indicating my claim for $415,000.00 in Life Insurance.

Exhibit #2 - My claim for  $ 415,000.00 and the amount $337,000.00 which has
been denied.
(I do not understand the $78,000.00 difference)

Exhibit #3 - Is the original retirement document which clearly states on page #4
" Supplemental Group Life Insurance " equal to 3 times your annual base
salary will be continued for the remainder of my life."
(Also please see more readable copies of pages 4 and 5 attached.)

Exhibit #4 - Spells out enhancements of Basic and Optional Life Ins. coverage.

Exhibit #5 - Spells out reduced " Basic Life Insurance and the $255,000.00 in
Supplemental Life Benefits."

Glenn C. Kuntz
1505 Clear Brook Dr.
Dayton, Ohio 45440

(937) 848 - 7288
(937) 271 - 1844
gjkuntz@aol.com

EXHIBIT #1

DATE: 10-1-10

CLAIM 1086913

GARDEN CITY GROUP INC.

ATTN. MOTORS LIQUIDATION COMPANY

CLAIMS PROCESSING

P.O. BOX 9386

DUBLIN, OHIO 43017-4286

DEAR GARDEN CITY:

MY NAME IS GLENN C. KUNTZ, I AM 75 YEARS OLD AND I RETIRED FROM G.M. WHEN "INLAND FISHER GUIDE" IN ELYRIA, OHIO CLOSED IN 1988.

I WAS AN EXECUTIVE EMPLOYE (UNCLASSIFIED) WITH OVER 35 YEARS OF SERVICE.

PER "DEANNA" AT MET LIFE ON 9-30-10, I HAD THE FOLLOWING LIFE INSURANCE COVERAGE FROM GM UNTIL 8-1-09:

BASIC $170,000
SUPPLEMENTAL 255,000
TOTAL $425,000

I NOW HAVE ONLY $10,000 IN LIFE INSURANCE FROM GM, WHICH IS A REDUCTION OF $415,000.

AS A MATTER OF INFORMATION, EXECUTIVES WHO RETIRED AFTER 8-1-09 RECEIVED LIFE INSURANCE THAT AMOUNTS TO 50% OF THEIR FINAL SALARIES. MY FINAL SALARY WAS $85,000 × 50% = $42,500 COMPARED TO THE $10,000 I AM NOW GETTING.

In addition to the loss in Life Insurance, I lost the "Extended Care Coverage" and "Personal Liability Umbrella" which was provided by GM.

I have enclosed copies of two pay stubs for the year ending 2008 which show the following:

Imp Income for:

Insurance { Supplemental Life          $996.53
            Personal Liability Umbrella   439.97
            Extended Care Coverage        168.00

As a 75 year old, who made "Life Plans" based on what GM. promised, I feel that I am entitled to insurance coverage comparable to what I had prior to the 2009 changes or an appropriate cash settlement.

Sincerely,

Glenn C. Kuntz
1505 Clear Brook Dr.
Dayton, OH 45440
(937) 848-7288

# GM SALARIED RETIREMENT PROGRAM

| Payment Type: | Installment | | | Funding Breakdown | |
|---|---|---|---|---|---|
| Advice Number: | 00021548020 | | | SALARIED RET PROGRAM | $2,287.79 |
| Advice Date: | December 1, 2006 | | | CONTRIBUTIONS | $1,064.81 |
| | | | | MED B REIMBURSEMENT | $76.20 |

**GLENN C KUNTZ**
*Questions? Please call 1-800-489-4646*

| Description | Current | Year to Date | Description | Current | Year to Date |
|---|---|---|---|---|---|
| GROSS PAYMENT | $3,428.80 | $41,145.60 | TAXABLE | $3,296.46 | $39,557.52 |
| NON-TAXABLE | $132.34 | $1,588.08 | DENTAL COVERAGE | $15.00 | $180.00 |
| FED WITHHOLDING | $58.81 | $705.72 | MEDICAL COVERAGE | $121.00 | $1,452.00 |
| EXT CARE COV-ECC | $14.00 | $168.00 | VISION | $2.00 | $24.00 |
| | | | NET PAYMENT | $3,217.99 | $38,615.88 |

| GENERAL MOTORS CORPORATION | DRAFT NO. | SOCIAL SECURITY NO. | PAY ENDING DATE | OVERTIME | | | FEDERAL TAX | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | PAID THRU | REG HRS | PREM HRS | STATUS | NO EXEMPT | SUPP DED |
| | 4505419 | XXX-XX-8351 | 12/15/2006 | | | | MARRIED | 03 | |

| CURRENT PAY & DEDUCTIONS | AMOUNT | YEAR-TO-DATE | CURRENT PAY & DEDUCTIONS | AMOUNT | YEAR-TO-DATE |
|---|---|---|---|---|---|
| IMP INC LIFE INS | | 996.53 | FICA-HI TAX | 1.73 | 20.76 |
| | | | FEDERAL TAX | | |
| SERP | 451.42 | 5417.04 | OHIO TAX | 3.25 | 31.22 |
| | | | TOTAL DEDUCTIONS | | |
| | | | NET PAY | 429.87 | |

FICA-SS TAX: $   5.15 FICA-HI TAX: $   1.20 ON $   83.04 OF LIFE INS.

EXHIBIT #2

**VIA EMAIL AND FIRST CLASS MAIL**

**Motors Liquidation Company**
**Attn: Claims Team**
**2101 Cedar Springs Road**
**Suite 1100**
**Dallas, TX 75201**
claims@motorsliquidation.com

Re:    In re Motors Liquidation Company, et al. (f/k/a/ General Motors Corporation, et
       al.) Chapter 11 Case No.: 09-50026 (REG) —
       Letter requesting information to establish validity of claim

Dear Motors Liquidation Company,

By this letter, I hereby submit the attached documentation in support of the following claim(s):

| Claim Number | Amount |
|---|---|
| 10078 | $ 415,000 ⁰⁰ |
| | |

In addition, I am providing the following supplemental employee Information:

    __X__ Employee    or    ____ Surviving Spouse
    ____ Active    or    __X__ Retired Employee
    __X__ Salaried    or    ____ Hourly
    ____ Union (Union Affiliation: _____ )

I understand and acknowledge that submission of this letter does not constitute allowance of the above-
described claim(s), and that the Debtors reserve all rights with respect to these claim(s).

    Very truly yours,

Claimant Name    GLENN C. KUNTZ
By
Address    1505 Clear Brook Dr.
City and State    Dayton, OH 45440

185th Omnibus Objection                    **Exhibit A**                    Motors Liquidation Company, et al.

Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| JOHN D AGOSTINO<br>7275 HERTFORDSHIRE WAY<br>VICTOR, NY 14564 | 20795 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$152,000.00 (P)<br>$0.00 (U)<br>$152,000.00 (T) | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOHN LYNCH<br>3604 CHIMNEY ROCK DR<br>CARROLLTON, TX 75007 | 28980 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$116,000.00 (P)<br>$0.00 (U)<br>$116,000.00 (T) | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KATKO JR. CHARLES<br>187 GREENAN LN<br>LAKE ORION, MI 48362 | 22663 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$280,275.00 (U)<br>$280,275.00 (T)<br>Unliquidated | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KUNTZ, GLENN C<br>1505 CLEAR BROOK DR<br>DAYTON, OH 45440 | 10078 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$337,000.00 (P)<br>$0.00 (U)<br>$337,000.00 (T) | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LARRY LEIDLEIN<br>3841 WINDING PINE<br>METAMORA, MI 48455 | 32750 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$210,966.00 (U)<br>$210,966.00 (T)<br>Unliquidated | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

EXHIBIT #3

FISHER GUIDE DIVISION
GENERAL MOTORS CORPORATION
DIVISIONAL OFFICES
6600 E. TWELVE MILE
WARREN, MI. 48090-9009
OEX (313) 578-3303 or 8-549-3502

OEX COPY BEING SENT

TIME: 1:49 PM    DATE: 7-20-88

DESTINATION: Tabin Smith - Elysum

OEX/RAPIFAX NUMBER: 2474-1312

NAME: Glenn E. Kuntz

PHONE EXT:

NAME OF SENDER: Paul W. Meicher

PHONE EXT: 8-549-3040

% of Retirement & not Taxable
Bonus Payout

15
(?)1/2

NUMBER OF PAGES BEING SENT: **6**  (INCLUDING THIS COVER SHEET)

TO CONFIRM RECEIPT OF THIS OEX, PLEASE CALL: **8-549-3040**

②

BENEFIT COVERAGES FOR *Glenne C. Kantz*

IF PLACED ON SPECIAL LEAVE OF ABSENCE AND/OR SPECIAL
RETIREMENT:

o  **BONUS**

You will be eligible for bonus consideration related to
the year in which you last worked and the earning out of
previous bonus awards, subject to the determination by
the Bonus and Salary Committee.

o  SPECIAL LEAVE OF ABSENCE/RETIREMENT BENEFITS

You will be placed on Special Leave of Absence on
_____9-1-88_____ and will be placed on Special
Retirement on ____4-1-90____ .

While on Special Leave of Absence, you will be paid a
monthly allowance comparable to that which you would have
received under the provisions of a Special Retirement.
These amounts have been calculated as follows:

| _____9-1-88_____ | = 3,952.76 |
| _____10-1-88_____ | = 3,998.81 |
| _____10-1-89_____ | = 4,018.76 |
| _____4-1-90_____ | = Retire |

A copy of your Special Retirement estimate is attached.
Supplemental Executive Retirement Benefits (SERP) will
also be payable when you reach ages 62 and 1 month - an
estimate form is attached.

Note:  You will not be subject to any annual earnings
limitation. Thus, earnings from another employer will
not result in a reduction of your monthly allowance while
on Special Leave of Absence - or your GM Retirement Benefit.

pwm 7-88

## SUPPLEMENTAL EXECUTIVE RETIREMENT PROGRAM (SERP)

| | |
|---|---|
| Retiree Name: *Glenn C. Kuntz* | Location: FG-Elyria |
| Bank Name: | CISCO Code: 36128 |
| Address Line 1: | Retirement Number: R298288331 |
| Address Line 2: | Retiree SS Number: 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 |
| City, State & Zip: | Retirement Date: 4-1-90 |
| Account No: | Credited Service: |
| Last Day Worked: 9-30-88 | Part A: 35-06  } 35.5 |
| Retirement Type Code: | Part B: 35-06 |
| Age At Retirement: 58-00 | Final Base Salary: 77,083.33 |
| Avg. Monthly Salary: 6,430.55 | Age Factor: 1 |
| Date of Death: | Option Factor: 95 |

### ***Formula for Calculating SERP***

SOS Frust

| | |
|---|---|
| Average Monthly Salary | 6,430.55 |
| | X .02 |
| Multiplied by Part B Credited Service | 128.611 |
| | X 35.5 |
| Target SERP | 4,665.74 |

| | |
|---|---|
| 834  .02  36.5 | |
| Less (Age 65 SS Benefit* X .02 X Part A Credited Service) | - 591.98 |
| 958.56   1,113.19   1,324.36 | 1,970.77 |
| Less Total Unreduced Part A Basic, Part B Primary and Supplementary | - 3,396.05 |
| UNREDUCED SERP | 574.67 |

| | |
|---|---|
| Multiplied by Age Factor (If Applicable) | X 1 |
| SERP Benefit Reduced For Age | |
| Multiplied by Retiree Option Factor | 95 % |
| SERP Benefit Payable at Age 62 and 1 month | 545.94 |
| Less Temporary Benefit (If Applicable) | - 642.00 |
| SERP PAYABLE PRIOR TO AGE 62 AND 1 MONTH | |

Memo: Monthly Cost Of Surviving Spouse Option $ 28.73
(SERP Reduced For Age Benefit less SERP Reduced For Surviving
Spouse Option)

*1985: $717;  1986: $760;  1987: $789;  1988: $838

### ***Surviving Spouse Information***

Spouse Name: *Judith A. Kuntz*   Birthdate: 01-30-41
Social Security Number: 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

### ***Formula For Calculating Spouse SERP***

| | |
|---|---|
| SERP Benefit Payable at Age 62 and 1 Month | 545.94 |
| Multiplied by Survivor Option Factor | X 60% |



o  BASIC LIFE, EXTRA ACCIDENT AND SURVIVOR INCOME BENEFIT
   INSURANCE

At retirement, your Basic Life Insurance, equal to two times
your annual base salary, will be reduced by 2% each month
until the amount equals 14% for each year of participation
times the amount in force at retirement.  Extra Accident
Insurance will cancel upon retirement.  Survivor Income
Benefit Insurance (SIBI) will continue in force until you
attain age 65.  General Motors will pay the full cost of
this insurance.  *$170,000 - reduced to $90,000*

o  OPTIONAL AND DEPENDENT GROUP LIFE INSURANCE

If you are enrolled, Optional and Dependent Group Life
Insurance remains in force, up to age 75.  The amount of
Optional Life Insurance coverage is reduced 10% at age 66
and annually thereafter.  At age 75, this coverage will
end.  The full amount of Dependent Group Life Insurance,
however, remains in effect until at age 70, this coverage
will end.  Contributions for these insurance coverages will
be deducted from your retirement/leave of absence checks.

o  SUPPLEMENTAL GROUP LIFE INSURANCE

Your Supplemental Group Life Insurance, equal to three times
your annual base salary will be continued for the remainder
of your life.  General Motors pays the full cost of this
insurance.  *$255,000*

o  PERSONAL LIABILITY UMBRELLA INSURANCE

Your Personal Liability Umbrella Insurance (PULI) will
remain in effect at Corporate expense for you and your
eligible family members for your lifetime, unless you
should elect to cancel.  The annual premium, which is paid
by General Motors, is subject to be reported as imputed
income for you each year for tax purposes in accordance
with IRS rules.

o  HEALTH CARE

While on Special Leave of Absence, all health coverages,
less Dental coverage, will continue at Corporation expense.
Upon retirement, all health care coverages, including Dental
coverage, will be continued at Corporation expense.  You
may continue CMEIP coverage by having the contribution
deducted from your retirement/leave of absence checks.

pwm 7-88



o  PERSONAL ACCIDENT INSURANCE

Personal Accident Insurance may be continued when retired
by paying the required contributions. After you reach
age 70, insurance in force for any person may not exceed
$50,000.

o  SAVINGS - STOCK PURCHASE PROGRAM

Upon retirement, you may elect distribution of all assets
in your S-SPP account which includes full earn-out of all
GM contributions; or you may defer receipt of your account
until April 1 of the year after you attain age 70½.  If
you elect to defer this distribution of your account, you
may subsequently elect to receive it in a lump sum at any
time.  If you defer distribution, you continue to "manage"
the assets in your account and you can transfer assets up
to 4 times a year.  Starting in 1989, a new installment
distribution program will be available to retirees.  You
will be provided additional information regarding this.

o  EMPLOYE STOCK OWNERSHIP PLAN

Assets in your ESOP account will normally be delivered to
you in February of the year following your retirement or
later deferral.  Within the next year, all GM employes
may be given an earlier opportunity to liquidate their
ESOP accounts.  You will be provided additional informa-
tion regarding this.

o  FLEXIBLE COMPENSATION PROGRAM

You may request reimbursement for expenses incurred during
the balance of the year you last worked - up to the balance
of your Flex spending accounts - and receive quarterly
cash payments due to you for any benefits traded in.

o  NEW VEHICLE PURCHASE PROGRAM

You and members of your immediate family will continue
to be eligible to purchase up to a total of 4 new vehicles
each year under the provisions of the Employe New Vehicle
Purchase Program.

The above is information only.  Terms and conditions of
each benefit program control benefits payable.

pwm 7-88

ESTIMATE OF MONTHLY BENEFITS — SRP EST

GLENN C KUNTZ                                    RETIREMENT NO: 5898290331
173  CASTLETON LANE                              DIVISION: FISHER GUIDE-ELYRIA
GRAFTON            OH 44044                       CISCO: 36126

RETIREMENT TYPE: 67                              CREDITED SERVICE
SPECIAL RETIREMENT AGE 55 TO 62                  PART A:
RETIREMENT DATE: 04-01-1990                      PART B:  33-05

                    FACTORS          OPTION     BENEFIT CLASS CODE: L D
              AGE  OPTION SURVIVOR    CODE       BASIC BENEFIT RATE:  37.00
              %                                  TEMPORARY BENEFIT RATE:  21.40
BASIC         NONE   25.00   50.00   SS
TEMPORARY     NONE   NONE    NONE    NONE         SOCIAL SECURITY NO: 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
SUPPLEMENTARY NONE   95.00   60.00   SS           BIRTH DATE: 03-29-1935
PRIMARY       NONE   75.00   50.00   SS           SALARY
                                                 AVERAGE MONTHLY ()  6,496.25

                                                 EMPLOYEE CONTRIBUTIONS
                                                 PRIOR &  07-77:    8,924.89
                                                 07-77 &  10-79:    1,343.59
                                                 10-79 &  LATER:    7,472.27

************************************************************************************
THE FOLLOWING REPRESENTS AN ESTIMATE ONLY BASED ON THE ABOVE DATA
************************************************************************************

                    **** ESTIMATED BENEFITS ****
                      COMMENCEMENT       AMOUNT AT     AMOUNT AT
                 DATE          AMOUNT      AGE 62         AGE 65
                               $            $             $
BASIC         04-01-1990      908.44      908.44        908.44
TEMPORARY     04-01-1990      642.00
SUPPLEMENTARY 04-01-1990    1,247.00       247.00      1,287.00
PRIMARY       04-01-1990    1,051.49     1,051.49      1,051.49
SPECIAL-INS   04-01-2000                                  24.00
    TOTAL                   3,849.93     3,207.93      3,255.73

************************************************************************************
                    **** SURVIVOR INFORMATION ****
************************************************************************************
JUDITH A KUNTZ
SOCIAL SECURITY NO: 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                  BIRTH DATE: 05-20-1941
**** ESTIMATED SURVIVOR BENEFITS AT RETIREE COMMENCEMENT DATE ****
                    AMOUNT
                      $
BASIC              545.06
SUPPLEMENTARY      748.20
PRIMARY            631.49
TOTAL            1,924.75

************************************************************************************
THIS IS AN ESTIMATE ONLY AND DOES NOT CONSTITUTE A COMMITMENT ON
EITHER THE EMPLOYE OR THE GENERAL MOTORS CORPORATION
************************************************************************************

3849          3840
               12
              7700
              3850
             4620

ISSUE DATE AND TIME: 07-19-1988  11:29:05

(4)

o **BASIC LIFE, EXTRA ACCIDENT AND SURVIVOR INCOME BENEFIT INSURANCE**

At retirement, your Basic Life Insurance, equal to two times your annual base salary, will be reduced by 2% each month until the amount equals 1½% for each year of participation times the amount in force at retirement.   Extra Accident Insurance will cancel upon retirement.   Survivor Income Benefit Insurance (SIBI) will continue in force until you attain age 65.   General Motors will pay the full cost of this insurance.   *$170,000 -- reduced to $90,000*

*

o **OPTIONAL AND DEPENDENT GROUP LIFE INSURANCE**

If you are enrolled, Optional and Dependent Group Life Insurance remains in force, up to age 75.   The amount of Optional Life Insurance coverage is reduced 10% at age 66 and annually thereafter.   At age 75, this coverage will end.   The full amount of Dependent Group Life Insurance, however, remains in effect until at age 70, this coverage will end.   Contributions for these insurance coverages will be deducted from your retirement/leave of absence checks.

o **SUPPLEMENTAL GROUP LIFE INSURANCE**

Your Supplemental Group Life Insurance, equal to three times your annual base salary will be continued for the remainder of your life.   General Motors pays the full cost of this insurance.   *$255,000*

*

o **PERSONAL LIABILITY UMBRELLA INSURANCE**

Your Personal Liability Umbrella Insurance (PULI) will remain in effect at Corporate expense for you and your eligible family members for your lifetime, unless you should elect to cancel.   The annual premium, which is paid by General Motors, is subject to be reported as imputed income for you each year for tax purposes in accordance with IRS rules.

o **HEALTH CARE**

While on Special Leave of Absence, all health coverages, less Dental coverage, will continue at Corporation expense. Upon retirement, all health care coverages, including Dental coverage, will be continued at Corporation expense.   You may continue CMEIP coverage by having the contribution deducted from your retirement/leave of absence checks.

o **PERSONAL ACCIDENT INSURANCE**

Personal Accident Insurance may be continued when retired by paying the required contributions. After you reach age 70, insurance in force for any person may not exceed $50,000.

o **SAVINGS - STOCK PURCHASE PROGRAM**

Upon retirement, you may elect distribution of all assets in your S-SPP account which includes full earn-out of all GM contributions; or you may defer receipt of your account until April 1 of the year after you attain age 70½. If you elect to defer this distribution of your account, you may subsequently elect to receive it in a lump sum at any time. If you defer distribution, you continue to "manage" the assets in your account and you can transfer assets up to 4 times a year. Starting in 1989, a new installment distribution program will be available to retirees. You will be provided additional information regarding this.

o **EMPLOYE STOCK OWNERSHIP PLAN**

Assets in your ESOP account will normally be delivered to you in February of the year following your retirement or later deferral. Within the next year, all GM employes may be given an earlier opportunity to liquidate their ESOP accounts. You will be provided additional information regarding this.

o **FLEXIBLE COMPENSATION PROGRAM**

You may request reimbursement for expenses incurred during the balance of the year you last worked - up to the balance of your Flex spending accounts - and receive quarterly cash payments due to you for any benefits traded in.

o **NEW VEHICLE PURCHASE PROGRAM**

You and members of your immediate family will continue to be eligible to purchase up to a total of 4 new vehicles each year under the provisions of the Employe New Vehicle Purchase Program.

The above is information only. Terms and conditions of each benefit program control benefits payable.

pwm 7-88

**IMPORTANT FOR 2007 (CONTINUED)**

Exhibit #4

## Life Insurance

As part of our effort to address GM's growing benefit costs, as well as to provide a life insurance program that is more in line with our competition, the corporate-paid Basic Life Insurance benefit is being reduced by 50% for most of our retirees, effective January 1, 2017.

To allow time for you to prepare and adjust, GM will not reduce the coverage for 10 years. Therefore, the coverage will reduce on January 1, 2017. In addition to the Basic Life Insurance changes, enhancements have been made to Optional Life and Dependent Life Insurance.

**Basic Life Insurance – Coverage Change** *(for those with a Service Date prior to January 1, 1993, who retire before May 1, 2007)*

On January 1, 2017, the Basic Life Insurance coverage amount in effect reduces by 50%, but not to less than $25,000 for those who retired before May 1, 2007. If you have less than $25,000 of coverage, you are not affected.

Note: For current active employees who retire on or after May 1, 2007, coverage amounts reduce immediately to the lesser of 1 x Annual Base Salary or $200,000 on the date of retirement, and again by 50% 10 years later.

**Optional Life Insurance – Enhancements**

Coverage no longer reduces by 10% each year beginning at age 66. For retirees currently age 66 or older, no additional reductions occur—your current amount remains for your lifetime unless you decrease or cancel your coverage or the plan is modified. Also, coverage no longer cancels when you reach age 75.



**Dependent Life Insurance – Enhancements**

Dependent Life Insurance coverage no longer cancels when you reach age 70. You may continue coverage while you have eligible dependents by making the required monthly contributions.

Also, effective January 1, 2007, Dependent Life Insurance rates reduce for certain age brackets. See your enclosed Personal Fact Sheet for your 2007 costs.

Remember, it's your responsibility to cancel coverage when you no longer have eligible dependents by calling the GM Benefits & Services Center at 1-800-489-4646.

**Personal Accident Insurance – Rates**

Personal Accident Insurance rates for you, your spouse and children are increasing. See your enclosed Personal Fact Sheet for your 2007 costs.

**To see all the 2007 Life Insurance and Personal Accident Insurance rates, go to gmbenefits.com during enrollment or call the GM Benefits & Services Center at 1-800-489-4646.**

## STEP 1:
## To-Do List 

**Think about:**

☐ **Your current elections**

☐ **How the changes taking place in 2007 may impact your personal situation**

☐ **What you need to do differently as a result**

**Your next step:**

**Consider your benefit enrollment choices.**

GM NATIONAL RETIREE SERVICING CENTER
NAO PERSONNEL Administration
P.O. Box 5113
Southfield, Michigan 48086-5113
1-800-828-9236
TDD 1-800-872-8682

EXHIBIT #5

November 12, 1993

Glenn C Kuntz
5810 Stone Lake Dr
Dayton, OH  45429-6063

Dear Glenn C Kuntz,

As a result of your request, this letter is to confirm your current coverages and amounts in force, provided any required contributions have been paid. Contribution information can be found on the reverse side of this letter.

Our records, as of the date of this letter, show the following information:

| Coverage | Amount |
|---|---|
| Basic Life Insurance | $  90,313 |
| Dependent Life Insurance(Spouse/Child) | Waived |
| Personal Umbrella Liability Insurance | $ 5,000,000 |
| Survivor Income Benefit Insurance | |
| Supplemental Life Benefits Program | $   255,000 |

Information provided in this letter is subject to the terms and conditions of the General Motors Life and Disability Benefits Program. All insurances are term and have no cash value.

If you have any questions regarding this letter, you may call toll-free, 1-800-828-9236 (Telephone Device for the Deaf 1-800-872-8682), during normal business hours, or write to the address above.

Always include this Social Security number, 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, in all your correspondence.

Retiree Servicing Center

*indicates that coverage or part of the coverage is owned by someone other than you.

CF00