**HEARING DATE AND TIME: June 14, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                  :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*   :
                                                            :
                       Debtors.            :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### RESPONSE OF MOTORS LIQUIDATION COMPANY GUC TRUST TO THE MOTION OF MARCUS JORDAN FOR AN ORDER CHANGING VENUE FOR DETERMINATION OF CLAIM

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as amended, supplemented or modified from time to time, the "**Plan**"), files this Response to the *Motion for Order to Change Venue for Determination of Claim* (the "**Motion**") (ECF No. 11676), filed by Marcus Jordan (the "**Claimant**"), and respectfully represents:

**Preliminary Statement**

1.  The Claimant is seeking, pursuant to section 1412 of Title 28 of the United States Code, a transfer of venue to the United States District Court for the Eastern District of Michigan (the "**Michigan District Court**") for the purpose of determining the allowance of Claim No. 11039 (the "**Claim**"), filed by Marcus Jordan.[1] However, transfer of venue is premature at this point because the Debtors and the GUC Trust have yet to file an objection to the Claim or attempt to resolve the Claim without litigation in a cost-effective and efficient manner through the use of the alternative dispute resolution procedures (the "**ADR Procedures**") that the Court authorized for these cases. The GUC Trust may later agree to simply modify the Automatic Stay as to the Claim if a non-judicial resolution cannot be achieved through the ADR Procedures and it believes this Court is not the forum most appropriate for adjudicating the dispute. However, the limited resources of the estate and the administration of these cases are best served if the ADR Procedures are first applied to the Claim before the parties resort to litigation. The GUC Trust respectfully requests that the Court deny the transfer of venue sought in the Motion, upon which, the GUC Trust will directly proceed to designate the Claim for resolution under the ADR Procedures.

**Background**

2.  Prior to the commencement date of these chapter 11 cases, the Claimant filed an action (the "**Prepetition Action**")[2] against Motors Liquidation Company ("**MLC**")

---

[1] The dispute underlying the Claim is the subject of a prepetition action by the Claimant against the Debtors that is pending in the Michigan District Court. Counsel for the Claimant has indicated that he is aware that the Automatic Stay (as hereinafter defined) remains in effect in these cases. The Claimant maintains that a transfer of venue will obviate the need to seek relief from the Automatic Stay.

[2] *Jordan v. General Motors Corp.*, No. 07-CV-15326 (E.D. Mich.) (DPH).

2

(f/k/a General Motors Corporation) in the Michigan District Court, alleging that MLC engaged in racial discrimination and retaliation against the Claimant while he was an employee of MLC.

        3.        While the Prepetition Action was still pending, on June 1, 2009, MLC and certain of its other affiliated Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), which caused the Prepetition Action to be stayed pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**").

        4.        On February 23, 2010, this Court entered an Order (the "**ADR Order**") (ECF No. 5037) authorizing the implementation of the ADR Procedures, including mandatory mediation.  The ADR Order was subsequently amended on October 25, 2010 (ECF No. 7558) and on June 4, 2012 (ECF No. 11777).  The ADR Procedures have been successfully used in these cases to consensually resolve a multitude of claims in a manner that is significantly more cost-effective than litigation and does not burden the resources of the judiciary.

        5.        On March 28, 2011, this Court entered the Order confirming the Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the Confirmation Order provides that the Automatic Stay shall remain in full force and effect until the closing of these chapter 11 cases.  (*See* Confirmation Order ¶ 53.)

### Response

        6.        Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412.[3]  The decision to transfer venue is "within the

---

[3] The terms "case" and "proceeding" are terms of art in the bankruptcy context.  While "cases" encompass the entire rubric of controversies and all matters of administration associated with a debtor's bankruptcy, "proceedings" encompass discrete matters found within a particular bankruptcy case.  *See Carver v. Brecher (In re Carver)*, 144 B.R. 643, 647 (S.D.N.Y. 1992).  The Claimant is clearly seeking transfer of a proceeding rather than the entire case.  However, neither the Debtors nor the GUC Trust have to date objected to the Claim.  As such, currently, there does not appear to be a proceeding (whether a claims

3

discretion of the court, as evidenced by the use of the permissive 'may' in § 1412." *In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (S.D.N.Y. 2008) (noting discretion should be exercised cautiously) (citing *Enron Corp. v. Arora (In re Enron Corp.)*, 317 B.R. 629, 638 n. 8 (Bankr. S.D.N.Y. 2004)). In deciding whether to exercise its discretion, courts consider the interests of justice and the convenience of the parties on a case by case basis. *Id*. The "party moving for change of venue bears the burden of proof and that burden must be carried by a preponderance of the evidence." *Gulf States Exploration Co. v. Manville Forest Prod. Corp. (In re Manville Forest Prod. Corp.)*, 896 F.2d 1384, 1390 (2d. Cir. 1990). The "district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *Id.* at 1391; *Dunmore Homes, Inc.* 380 B.R. at 670 (debtor's selection of a proper venue "entitled to great weight" in consideration of change of venue motions) (citation omitted).

        7.      Several factors are pertinent in considering whether the interests of justice and the convenience of the parties warrant a transfer of venue.[4] One important factor that bears on both the interests of justice and the convenience of the parties is the efficient administration of

---

objection proceeding or otherwise) to transfer under section 1412. *Cf. In re Dunmore Homes, Inc.*, 380 B.R. 663, 669 (S.D.N.Y. 2008) ("After a case or proceeding has commenced in a proper district, it can be transferred [under section 1412] to another district . . .").

[4] In evaluating the interests of justice, courts have considered (i) whether transfer would promote the economic and efficient administration of the bankruptcy estate; (ii) whether the interests of judicial economy would be served by the transfer; (iii) whether the parties would be able to receive a fair trial in each of the possible venues; (iv) whether either forum has an interest in having the controversy decided within its borders; (v) whether the enforceability of any judgment would be affected by the transfer; and (vi) whether the plaintiff's original choice of forum should be distributed. *Dunmore Homes, Inc*. 380 B.R. at 672.

In evaluating the convenience of the parties, courts consider (i) proximity of creditors of every kind to the court; (ii) proximity of the debtor; (iii) proximity of witnesses necessary to the administration of the estate; (iv) location of the assets; (v) economic administration of the estate; and (vi) necessity for ancillary administration if liquidation results. *Id.* At 676 (emphasizing the most weight is given to the promotion of the economic and efficient administration of the estate). *Id*. at 676.

the bankruptcy estate. *Manville Forest Prod. Corp.*, 896 F.2d at 1391. While the Debtors and the GUC Trust have made tremendous progress in resolving the more than 70,000 claims filed against the Debtors in these cases, there still remain hundreds of claims left to be resolved which must be approached in a cost-effective and efficient manner in order to preserve the limited funds that the estate has to resolve the remaining claims. *In re Infiltrator Systems, Inc.*, 248 B.R. 715, 716 (Bankr. D. Conn. 2000) (claimant's argument of inconvenience offset by need to preserve estate assets and to have claimants participate in the established claims adjudication process) (citing *Gerstl v. Galanis (In re Galanis)*, 6 B.R. 900, 905 (Bankr. D. Conn. 1980) ("Taking into account the acknowledged national scope of [debtor's] business operations, any factor increasing the likelihood of fragmented proceedings militates against practical and economical administration of the estate.").

        8.      The interests of judicial economy would be best served by denying the Motion. It is the GUC Trust's intention to first attempt to resolve the Claim without litigation through the established ADR Procedures approved by this Court. The ADR Procedures were implemented to promote direct settlement discussions and exchange of information between parties and to promote non-judicial resolution through mediation or arbitration with a neutral outside party. If the Claimant and others similarly situated are able to circumvent the ADR Procedures, the GUC Trust would be required to individually litigate such claims, which would unduly delay the resolution of these chapter 11 cases, consume substantial resources of the judiciary, and deplete the assets of the estates.

        9.      The Claimant asserts that the convenience of the parties favor a transfer of venue because it would be inconvenient for the Claimant and witnesses to travel to New York for litigation. Such an argument is misguided because the goal of the ADR Procedures is to avoid

litigation in New York or any other forum, and furthermore, the ADR Procedures permit mediations to be held in Detroit, Michigan, a location convenient to the Claimant's residence. If the parties are unable to consensually resolve the Claim through alternative dispute resolution, the GUC Trust may later agree to lift the Automatic Stay as to the Claim so that the Prepetition Action in the Michigan District Court may proceed. However, given that the administration of the estate and the resources of the judiciary are best served by attempting to resolve the Claim through the ADR Procedures rather than litigation, the interests of justice and the convenience of the parties on balance favor denying the Motion. At minimum, the Claimant cannot meet his burden of proof to warrant this Court exercising its discretion to transfer venue at this juncture.

WHEREFORE, the GUC Trust respectfully requests that the Court deny the Motion without prejudice to the ability of the Claimant to request such relief again—subject to the GUC Trust's right to object—if the parties are unable to resolve the Claim pursuant to the ADR Procedures and the GUC Trust elects to proceed with an objection to the Claim in this Court.

Dated: New York, New York
June 7, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Vance L. Beagles
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust