## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY *et al.*, | Case No. 09-50026 (REG) |
| f/k/a GENERAL MOTORS CORP. *et al.*, | (Jointly Administered) |
| Debtors. |  |

## CONSENT DECREE AND SETTLEMENT AGREEMENT
## BETWEEN THE GUC TRUST, THE UNITED STATES OF AMERICA,
## AND THE STATE OF NEW YORK

## I.    BACKGROUND

WHEREAS, on June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors (collectively, the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional debtors, REALM and ENCORE (together with the Initial Debtors, the "**Debtors**"), commenced voluntary cases under chapter 11 of the Bankruptcy Code;

WHEREAS, the chapter 11 cases filed by the Initial Debtors, REALM and ENCORE have been consolidated for procedural purposes and are being administered jointly as Case No. 09-50026 (REG) (the "**Bankruptcy**");

WHEREAS, the United States of America (the "**United States**"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, on behalf of the United States Environmental Protection Agency ("**EPA**"), has alleged that MLC and/or affiliated

Debtors are potentially responsible or liable parties with respect to the Lower Ley Creek

subsite of the Onondaga Lake Superfund Site in New York, which includes Old Ley Creek

Channel (the "**Lower Ley Creek Site**");

WHEREAS, the State of New York, by its attorney Eric T. Schneiderman, Attorney

General for the State of New York, on behalf of the New York State Department of

Environmental Conservation ("**NYSDEC**") has also alleged that MLC and/or affiliated Debtors

are potentially responsible or liable parties with respect to the Lower Ley Creek Site;

WHEREAS, the United States on behalf of EPA and the State of New York on

behalf of NYSDEC have alleged that the Debtors are liable under the Comprehensive

Environmental Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. §§

9601-9675, for costs EPA and NYSDEC have incurred or will incur in response to releases and

threats of releases of hazardous substances at or in connection with the Lower Ley Creek Site;

WHEREAS on March 29, 2011, the Court issued its Findings of Fact, Conclusions

of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule

3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second

Amended Joint Chapter 11 Plan (the "**Plan of Liquidation**") which, among other things,

confirmed the Debtors' Second Amended Joint Chapter 11 Plan ("**Plan**"), and established

the Motors Liquidation GUC Trust ("**GUC Trust**") pursuant to the Motors Liquidation

Company GUC Trust Agreement;

WHEREAS pursuant to the Plan of Liquidation the GUC Trust is authorized to

resolve all remaining claims on behalf of the Debtors;

WHEREAS, (i) on November 28, 2009, the United States timely filed duplicate

copies of its proof of claim against MLC both in the Bankruptcy Court and directly with

the Debtors' claims agent, and the two copies of the identical proof of claim were assigned Nos. 67362 and 64064, and (ii) on April 16, 2010, the United States filed proofs of claim against REALM and ENCORE which were assigned Nos. 70254 and 70255, respectively, (collectively, the "**First U.S. Proof of Claim**");

WHEREAS, on April 8, 2011, the United States filed a second proof of claim (the "**Second U.S. Proof of Claim**") against MLC in the Bankruptcy Court that supersedes the First U.S. Proof of Claim;

WHEREAS, on November 24, 2009, the State of New York timely filed proofs of claim numbers 50587 (the "**New York Proof of Claim**") against MLC and REALM in the Bankruptcy Court;

WHEREAS, on March 29, 2011, the Bankruptcy Court entered a previous Consent Decree and Settlement Agreement between the Debtors, the United States, several States, including the State of New York, and a Tribe, which provided for the creation of an environmental response trust to remediate MLC-owned properties, including the Inland Fisher Guide and Deferred Media subsite of the Onondaga Lake Site and the PCB Dredgings subsite of the Onondaga Lake Site;

WHEREAS, on March 29, 2011, June 17, 2011, and March 29, 2012, the Bankruptcy Court entered a total of nine other previous Consent Decrees and Settlement Agreements between the Debtors and the United States resolving certain claims of the United States for various Sites other than the Lower Ley Creek Site;

WHEREAS, on September 16, 2011, the MLC GUC Trust and the State of New York entered into a Stipulation and Agreement resolving certain claims of the State of New York for various sites other than the Lower Ley Creek Site;

WHEREAS, on or about December 15, 2011, MLC dissolved pursuant to the terms and provisions of the Plan of Liquidation;

WHEREAS, the GUC Trust, the United States and the State of New York (collectively, the "**Parties**") have differences of opinion with respect to the claims asserted by the United States regarding the Lower Ley Creek Site in the Second U.S. Proof of Claim and the New York Proof of Claim and wish to resolve their differences with respect to the Lower Ley Creek Site in the Second U.S. Proof of Claim and New York Proof of Claim as provided herein;

WHEREAS, with respect to the Lower Ley Creek Site, the Second U.S. Proof of Claim and the New York Proof of Claim are being settled as provided herein in recognition that EPA is the lead agency and NYSDEC is the support agency at the Lower Ley Creek Site, and that distributions and proceeds for the Lower Ley Creek Site under this Consent Decree and Settlement Agreement shall be deposited as provided herein;

WHEREAS, the treatment of liabilities provided for herein represents a compromise of the positions of the Parties and is entered into solely for purposes of this settlement;

WHEREAS, this Consent Decree and Settlement Agreement is in the public interest and is an appropriate means of resolving these matters;

WHEREAS the claims set forth in the Second U.S. Proof of Claim for all sites other than the Lower Ley Creek Site which have not been otherwise settled (the "**Surviving Claims**") shall survive and in no way be affected by this settlement, and the GUC Trust retains all existing rights to object to or settle all or some of the Surviving Claims;

NOW, THEREFORE, without the admission of liability or the adjudication of any issue of fact or law, and upon the consent and agreement of the parties to this Consent Decree and Settlement Agreement by their attorneys and authorized officials, it is hereby agreed as follows:

## II.   DEFINITIONS

1.      Unless otherwise expressly provided herein, terms used in this Consent Decree and Settlement Agreement that are defined in CERCLA or its regulations or in the Bankruptcy Code shall have the meaning assigned to them in CERCLA, its regulations, or the Bankruptcy Code. Whenever terms listed below are used in this Consent Decree and Settlement Agreement, the following definitions shall apply:

 a.   "**Allowed General Unsecured Claim**" has the meaning set forth in the Plan of Liquidation.

 b.   "**Bankruptcy**" has the meaning set forth in the recitals.

 c.   "**Bankruptcy Code**" has the meaning set forth in the recitals.

 d.   "**Bankruptcy Court**" or the "**Court**" has the meaning set forth in the recitals.

 e.   "**CERCLA**" has the meaning set forth in the recitals.

 f.   "**Claim**" has the meaning provided in section 101(5) of the Bankruptcy Code.

 g.   "**Distribution**" has the meaning set forth in the Plan.

 h.   "**Effective Date**" means the date an order is entered by the Bankruptcy Court approving this Consent Decree and Settlement Agreement.

 i.   "**EPA**" has the meaning set forth in the recitals.

 j.   "**EPA Allowed Claim**" means the total amount of Allowed General Unsecured Claims by EPA in settlement and satisfaction of its claims concerning the Lower Ley Creek Site.

k.  "**Lower Ley Creek Site**" means the entire portion of Ley Creek from the Route 11 Bridge to the mouth of Ley Creek at Onondaga Lake, including Old Ley Creek Channel, a tributary of Ley Creek formed when Ley Creek was rerouted in the early 1970s.  The Lower Ley Creek Site does not include the Onondaga Lake Bottom, Salina Landfill, Inland Fisher Guide and Deferred Media, and PCB Dredgings subsites of the Onondaga Lake Superfund Site in New York.

l.  "**Motors Liquidation Company GUC Trust**" has the meaning set forth in the Plan.

m.  "**Hazardous Substance Superfund**" means the Hazardous Substance Superfund established by 26 U.S.C. § 9507.

n.  "**MLC**" means Motors Liquidation Company (f/k/a General Motors Corporation), a debtor in this Chapter 11 liquidation.

o.  "**New York Proof of Claim**" has the meaning set forth in the recitals;

p.  "**NPL**" means the National Priorities List, 42 U.S.C. § 9605.

q.  "**NYSDEC**" has the meaning set forth in the recitals;

r.  "**Parties**" has the meaning set forth in the recitals.

s.  "**Petition Date**" means June 1, 2009, in the case of the Initial Debtors, and October 9, 2009, in the case of REALM and ENCORE.

t.  "**Plan of Liquidation**" or "**Plan**" has the meaning set forth in the recitals.

u.  "**Second U.S. Proof of Claim**" has the meaning set forth in the recitals.

v. "**Consent Decree and Settlement Agreement**" means this Consent Decree and

Settlement Agreement between the Debtors, the United States of America, and the

State of New York.

w. "**United States**" means the United States of America and all of its agencies,

departments, and instrumentalities, including EPA.

### III. JURISDICTION

2.    The Bankruptcy Court has jurisdiction over the subject matter hereof pursuant to 28

U.S.C. §§ 157, 1331, and 1334, and 42 U.S.C. §§ 9607 and 9613(b).

### IV. PARTIES BOUND; SUCCESSION AND ASSIGNMENT

3.    This Consent Decree and Settlement Agreement applies to, is binding upon, and

shall inure to the benefit of the United States, the State of New York, the Debtors' estates, the

GUC Trust, their legal successors and assigns, and any trustee, examiner, or receiver appointed in

the Bankruptcy.

### V. ALLOWED CLAIMS

4.    In full settlement and satisfaction of the Second U.S. Proof of Claim with respect to

the Lower Ley Creek Site and the New York Proof of Claim with respect to the Lower Ley Creek

Site, the United States, on behalf of EPA, and the State of New York, on behalf of NYSDEC,

jointly shall have an Allowed General Unsecured Claim in the amount of $39,103,434, classified

in Class 3 under the Plan of Liquidation, which the GUC Trust shall distribute as follows:

a. The United States, on behalf of EPA, shall have an Allowed General Unsecured

Claim of $38,344,177, the recovery for which shall be deposited in the Lower

Ley Creek Special Account and shall be used to conduct or finance response

actions at or in connection with the Lower Ley Creek Site or, if funds remain in

the Special Account at the completion of the response actions, transferred by EPA to the Hazardous Substance Superfund. The manner and timing of use of the funds in the Lower Ley Creek Special Account will be left to the sole discretion of EPA. Nothing herein shall affect any authority of the State of New York under CERCLA, the underlying regulations set forth in the National Contingency Plan, 40 C.F.R. Part 300, and any memorandum of agreement between EPA and the State of New York.

   b. The State of New York, on behalf of NYSDEC, shall have an Allowed General Unsecured Claim of $859,257.

5.     Upon the completion of all distributions and payments for the foregoing allowed general unsecured claims, the Second U.S. Proof of Claim and New York Proof of Claim shall be deemed fully settled and satisfied as to the Lower Ley Creek Site only, and the claims agent shall be authorized and empowered to adjust the claims register accordingly.

6.     The Second U.S. Proof of Claim and New York Proof of Claim shall be deemed allowed in the respective amounts set forth herein as to the Lower Ley Creek Site for purposes of distributions under the Plan of Liquidation, and shall be entitled to receive payment in the next distribution under the Plan, provided, however, that distributions to the United States shall be in accordance with the provisions of the separate tax setoff stipulation and agreed order between the Debtors and the United States filed simultaneously herewith (the "**Setoff Stipulation**").

7.     As to those sites and/or proofs of claim not resolved by this or any other settlement agreement between the United States, the State of New York, and the GUC Trust, the Second U.S. Proof of Claim shall remain pending and the post-effective date Debtors and/or GUC Trust reserve all existing rights to object to the Second U.S. Proof of Claim.

8.      Nothing contained herein shall reduce the ability of the GUC Trust to enforce as to all claimants, other than the United States and the State of New York, Section 7.2 of the Plan requiring that all claims must be resolved before any distribution on account of allowed claims may occur.

9.      The GUC Trust shall reduce the distribution reserve amount to be used by the GUC Trust pursuant to Article VII of the Plan for the remaining unresolved general unsecured claims against Debtors asserted in the Second U.S. Proof of Claim by no more than $100 million.

10.     The allowed claims provided for herein shall be treated as provided under Section 4.3 of the Plan of Liquidation and the Setoff Stipulation and shall not be subordinated to any other allowed Class 3 Unsecured Claim pursuant to any provision of the Bankruptcy Code or other applicable law that authorizes or provides for subordination of allowed claims, including, without limitation, Sections 105, 510, and 726(a)(4) of the Bankruptcy Code.

11.     Only the amount of cash received by EPA (and net cash received upon sale of any non-cash distributions) pursuant to this Consent Decree and Settlement Agreement for any Allowed General Unsecured Claim, and not the total amount of any Allowed General Unsecured Claim, shall be credited by EPA to its account for the Settled Non-Owned Site for which it received an Allowed General Unsecured Claim, and shall reduce the liability of non-settling potentially responsible parties for that site by the amount of the credit.

## VI.     PAYMENT INSTRUCTIONS

12.     Cash distributions to the United States pursuant to this Consent Decree and Settlement Agreement shall be made at https://www.pay.gov to the U.S. Department of Justice account in accordance with instructions provided to the Debtors by the Financial Litigation Unit

of the United States Attorney's Office for the Southern District of New York and shall reference

Bankruptcy Case Number 09-50026 and DOJ File Number 90-11-3-09754.

13.     Non-cash distributions to the United States shall be made to:

> U.S. Environmental Protection Agency
> Attn:  Molly Williams
> Suite 300
> 4411 Montgomery Rd.
> Cincinnati, OH  45212

14.     Distributions to the State of New York shall be made to:

> JP Morgan Chase, Key Bank Type B Escrow Acct No. 99112
> Attention: Daniel F. Murphy
> Worldwide Securities Services
> 4 New York Plaza,12th Floor
> New York, NY  10004

15.     The GUC Trust shall transmit written confirmation of such cash and non-cash

distributions to the United States at the addresses specified below:

> <u>The United States:</u>
>
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Ben Franklin Station
> Washington, DC  20044
> Ref. DOJ File No. 90-11-3-1-09754
>
> DAVID S. JONES
> NATALIE N. KUEHLER
> Assistant United States Attorney
> Office of the United States Attorney
> for the Southern District of New York
> 86 Chambers Street, Third Floor
> New York, NY  10007
>
> <u>EPA:</u>
>
> CRAIG KAUFMAN
> Attorney-Advisor

U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC  20460

The State of New York:

GARY HARPER
Office of the New York State Comptroller
State Street
Albany, NY  12207

MAUREEN F. LEARY
Assistant Attorney General
Office of the New York State Attorney General
Environmental Protection Bureau
Albany, NY  12224-0341

NYSDEC:

BENJAMIN CONLON
Office of General Counsel
New York State Department of Environmental Conservation
625 Broadway
Albany, NY  12232

## VII.    COVENANTS NOT TO SUE AND RESERVATION OF RIGHTS

16.    In consideration of all of the payments and/or distributions that will be made under

the terms of this Consent Decree and Settlement Agreement and as required under the Plan and

the GUC Trust Agreement, and except as specifically provided in Paragraphs 18 through 20, the

United States on behalf of EPA and the State of New York on behalf of NYSDEC covenant not to

file a civil action or to take any administrative or other civil action against the post-effective date

Debtors or the GUC Trust pursuant to Sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606 or

9607, with respect to the Lower Ley Creek Site.

17.    These covenants not to sue (and any reservations thereto) shall also apply to the post-

effective date Debtors and the GUC Trust's successors, assigns, officers, directors, employees,

and trustees, but only to the extent that the alleged liability of the successor or assign, officer, director, employee, or trustee of the GUC Trust or the post-effective date Debtors is based solely on its status as and in its capacity as a successor or assign, officer, director, employee, or trustee of the GUC Trust or the post-effective date Debtors. For purposes of this Paragraph, New GM shall not be considered a successor or assign of the GUC Trust.

18. The covenants not to sue set forth in this Consent Decree and Settlement Agreement shall extend only to the post-effective date Debtors, the GUC Trust and the persons described in Paragraph 17 above and do not extend to any other person. Nothing in this Consent Decree and Settlement Agreement is intended as a covenant not to sue or a release from liability for any person or entity other than the GUC Trust, the United States, the State of New York, and the persons or entities described in Paragraph 17 above. The United States, the State of New York, and the GUC Trust expressly reserve all claims, demands, and causes of action, either judicial or administrative, past, present, or future, in law or equity, which they may have against all other persons, firms, corporations, entities, or predecessors of the GUC Trust for any matter arising at or relating in any manner to the Lower Ley Creek Site.

19. The covenants not to sue set forth in Paragraph 16 do not pertain to any matters other than those expressly specified therein.

20. The United States and the State of New York expressly reserve, and this Consent Decree and Settlement Agreement is without prejudice to, all rights against the GUC Trust and the post-effective date Debtors with respect to all matters other than those set forth in Paragraph 16. The United States and the State of New York also specifically reserve, and this Consent Decree and Settlement Agreement is without prejudice to, any action based on (i) a failure to meet a requirement of this Consent Decree and Settlement Agreement; (ii) criminal liability; (iii) liability

for damages for injury to, destruction of, or loss of natural resources; (iv) liability for response costs that have been or may be incurred by federal agencies which are trustees for natural resources; and (v) liability with respect to any site other than Lower Ley Creek Site. In addition, the United States and the State of New York reserve, and this Consent Decree and Settlement Agreement is without prejudice to, all rights against the GUC Trust with respect to the Lower Ley Creek Site for liability under federal or state law for acts by the GUC Trust, or their respective successors, or assigns that occur after the date of lodging of this Consent Decree and Settlement Agreement. Nothing in this Consent Decree and Settlement Agreement shall be deemed to limit the authority of the United States or the State of New York to take response action under Section 104 of CERCLA, 42 U.S.C. § 9604, or any other applicable law or regulation, or to alter the applicable legal principles governing judicial review of any action taken by the United States or the State of New York pursuant to such authority. Nothing in this Consent Decree and Settlement Agreement shall be deemed to limit the information-gathering authority of the United States or the State of New York under Sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604 and 9622, or any other applicable law or regulation, or to excuse the Debtors or the GUC Trust from any disclosure or notification requirements imposed by CERCLA or any other applicable law or regulation.

21.    Entry of an order approving this Settlement Agreement by the Court shall bar the post-effective date Debtors from asserting or pursuing, and the GUC Trust hereby covenants not to sue and agrees not to assert or pursue, any claims or causes of action against the United States and the State of New York, including any department, agency, or instrumentality of the United States and the State of New York, with respect to the Lower Ley Creek Site, including, but not limited to: (i) any direct or indirect claim for reimbursement from the Hazardous Substances Superfund established pursuant to 26 U.S.C. § 9507; (ii) any claim against the United States and

the State of New York under Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613; or (iii) any claims arising out of response activities at the Lower Ley Creek Site. Nothing in this Consent Decree and Settlement Agreement shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## VIII.   CONTRIBUTION PROTECTION

22.     The Parties agree, and by entering this Consent Decree and Settlement Agreement the Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the GUC Trust and the post-effective date Debtors are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree and Settlement Agreement. Subject to the last sentence of this Paragraph, the "matters addressed" in this Consent Decree and Settlement Agreement, as that phrase is used in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), include, without limitation, claims by EPA, NYSDEC, or potentially responsible parties for response costs at or in connection with the Lower Ley Creek Site, including claims related to releases of hazardous substances from any portion of the Lower Ley Creek Site and all areas affected by migration of hazardous substances emanating from the Lower Ley Creek Site. The "matters addressed" in this Consent Decree and Settlement Agreement do not include claims against the Debtors or the GUC Trust for past response costs incurred by potentially responsible parties prior to the date of lodging this Consent Decree and Settlement Agreement with the Bankruptcy Court and included in proofs of claim filed in the Bankruptcy by potentially responsible parties with respect to the Lower Ley Creek Site, nor do such "matters

addressed" include any claim for natural resource damages, assessment costs, or restoration costs filed by or on behalf of the United States Department of Interior, the United States National Oceanic and Atmospheric Administration, and/or the State of New York.

23.     The GUC Trust agrees that, with respect to any suit for contribution brought against it or the post-effective date Debtors after the Effective Date for matters related to this Consent Decree and Settlement Agreement, the GUC Trust will notify the United States and the State of New York within fifteen business days of service of the complaint upon them.  In addition, in connection with such suit, the GUC Trust, on behalf of itself or the post-effective date Debtors, shall notify the United States and the State of New York within fifteen business days of service or receipt of any Motion for Summary Judgment and within fifteen business days of receipt of any order from a court setting a case for trial (provided, however, that the failure to notify the United States and the State of New York pursuant to this Paragraph shall not in any way affect the protections afforded under Section VIII of this Consent Decree and Settlement Agreement and shall not require the United States or the State of New York to perform any action).

## IX.     JUDICIAL APPROVAL AND PUBLIC COMMENT

24.     The GUC Trust shall promptly seek approval of this Consent Decree and Settlement Agreement under Bankruptcy Rule 9019 or applicable provisions of the Bankruptcy Code, if necessary.

25.     This Consent Decree and Settlement Agreement shall be lodged with the Bankruptcy Court and shall thereafter be subject to a period of public comment following publication of notice of the Consent Decree and Settlement Agreement in the *Federal Register*.  After the conclusion of the public comment period, the United States will file with the Bankruptcy Court any comments received, as well as the United States' responses to the comments, and at that time, if appropriate,

the United States will request approval of the Consent Decree and Settlement Agreement. The United States, or the State of New York if it takes public comment, reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree and Settlement Agreement disclose facts or considerations which indicate that the Consent Decree and Settlement Agreement is not in the public interest.

26.     If for any reason (i) the Consent Decree and Settlement Agreement is withdrawn by the United States or the State of New York as provided in Paragraph 25, or (ii) the Consent Decree and Settlement Agreement is not approved by the Bankruptcy Court: (a) this Consent Decree and Settlement Agreement shall be null and void and the parties hereto shall not be bound under the Consent Decree and Settlement Agreement or under any documents executed in connection herewith; (b) the Parties shall have no liability to one another arising out of or in connection with this Consent Decree and Settlement Agreement or under any documents executed in connection herewith; and (c) this Consent Decree and Settlement Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value.

## X.     NOTICES

27.     Whenever, under the terms of this Consent Decree and Settlement Agreement, written notice is required to be given, or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below via U.S. mail, unless those individuals or their successors give notice of a change of address to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Except as otherwise provided in this Consent Decree and Settlement Agreement, written notice as specified herein shall constitute complete satisfaction of any written

09-50026-mg    Doc 11826-1    Filed 06/13/12    Entered 06/13/12 13:24:46    Exhibit 1    Pg 17 of 22
09-50026-reg    Doc 11658-2    Filed 04/30/12    Entered 04/30/12 16:27:33    Exhibit 1    Pg 17 of 22
Pg 17 of 22

notice requirement in the Consent Decree and Settlement Agreement with respect to the United

States and the GUC Trust or the Debtors' estates, respectively.

     As to the United States:

     Chief, Environmental Enforcement Section
     Environment and Natural Resources Division
     U.S. Department of Justice
     P.O. Box 7611
     Ben Franklin Station
     Washington, DC 20044
     Ref. DOJ File No. 90-11-3-09754

     Natalie N. Kuehler
     Assistant United States Attorney
     Office of the United States Attorney
     for the Southern District of New York
     86 Chambers Street, Third Floor
     New York, NY 10007

     Craig Kaufman
     Attorney-Advisor
     U.S. Environmental Protection Agency
     Ariel Rios Building
     1200 Pennsylvania Avenue, NW
     Washington, DC 20460

     As to the State of New York:

     Maureen Leary
     Assistant Attorney General
     NYS Department of Law
     Environmental Protection Bureau
     The Capitol
     Albany, New York 12224-0341
     Tel.: (518) 474-7154
     Fax: (518) 473-2534
     maureen.leary@ag.ny.gov

     BENJAMIN CONLON
     Office of General Counsel
     New York State Department of Environmental Conservation
     625 Broadway
     Albany, NY 12232

        <u>As to the GUC Trust:</u>

        David A. Vanaskey
        Vice President
        Wilmington Trust Company
        Rodney Square North
        1110 North Market Street
        Wilmington, DE 19890-1615

## XI.    INTEGRATION, AMENDMENTS, AND EXECUTION

28.    This Consent Decree and Settlement Agreement constitutes the sole and complete agreement of the parties hereto with respect to the matters addressed herein. This Consent Decree and Settlement Agreement may not be amended except by a writing signed by all parties to this Consent Decree and Settlement Agreement.

29.    This Consent Decree and Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

## XII.    RETENTION OF JURISDICTION

30.    The Bankruptcy Court shall retain jurisdiction over the subject matter of this Consent Decree and Settlement Agreement and the parties hereto for the duration of the performance of the terms and provisions of this Consent Decree and Settlement Agreement for the purpose of enabling any of the Parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Consent Decree and Settlement Agreement or to effectuate or enforce compliance with its terms.

[SIGNATURE PAGES FOLLOW]

**THE UNDERSIGNED PARTIES ENTER INTO THIS CONSENT DECREE AND SETTLEMENT AGREEMENT:**

FOR THE UNITED STATES:

PREET BHARARA
United States Attorney for the
Southern District of New York

_____
Robert G. Dreher
Acting Assistant Attorney General
Environment and Natural Resources
    Division
U.S. Department of Justice

_____
David S. Jones
Natalie N. Kuehler
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007

Date: __4/27/12__

Date: __4/30/12__

_____
Alan S. Tenenbaum
National Bankruptcy Coordinator
Patrick Casey
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

Date: __4/30/12__

_____
Cynthia Giles
Assistant Administrator
Office of Enforcement and Compliance
Assurance
U.S. Environmental Protection Agency

Date: _____

19

**THE UNDERSIGNED PARTIES ENTER INTO THIS CONSENT DECREE AND
SETTLEMENT AGREEMENT:**

**FOR THE UNITED STATES:**

PREET BHARARA
United States Attorney for the
Southern District of New York

_____
Robert G. Dreher
Acting Assistant Attorney General
Environment and Natural Resources
     Division
U.S. Department of Justice

_____
David S. Jones
Natalie N. Kuehler
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007

Date: _____

Date: _____

_____
Alan S. Tenenbaum
National Bankruptcy Coordinator
Patrick Casey
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

Date: _____

_____
Cynthia Giles
Assistant Administrator
Office of Enforcement and Compliance
Assurance
U.S. Environmental Protection Agency

Date: _4|27|12_

19

09-50026-mg    Doc 11826-1    Filed 06/13/12    Entered 06/13/12 23:24:46    Exhibit 1    Pg 21 of 22
09-50026-reg    Doc 11655-2    Filed 04/30/12    Entered 04/30/12 16:27:33    Exhibit 1    Pg 21 of 22
Pg 21 of 22

**FOR THE STATE OF NEW YORK**

ERIC T. SCHNEIDERMAN
Attorney General

Date: _April 30, 2012_

By: _Maureen Leary_
Maureen Leary
Assistant Attorney General
Chief, Toxics Section
NYS Department of Law
Environmental Protection Bureau
The Capitol
Albany, New York 12224-0341
Tel.: (518) 474-7154
Fax: (518) 473-2534
maureen.leary@ag.ny.gov

**FOR THE GUC TRUST BY WILMINGTON TRUST COMPANY AS GUC TRUST ADMINISTRATOR:**

Date:  4/30/12

Motors Liquidation Company GUC Trust
By David A. Vanaskey
Vice President
Wilmington Trust Company
Rodney Square North
1110 North Market Street
Wilmington, DE 19890-1615

Date:  4/30/12

David R. Berz
Weil, Gotshal & Manges LLP
Attorneys for the post-effective date Debtors
and the GUC Trust
1300 Eye Street, NW, Suite 900
Washington, D.C.  20005
Tel.:  (202) 682-7000
Fax:  (202) 857-0939
Email:  david.berz@weil.com