**THIS NOTICE CONTAINS IMPORTANT INFORMATION REGARDING THE *ANDERSON* CLASS SETTLEMENT IN THE GM BANKRUPTCY PROCEEDINGS. YOU SHOULD READ IT CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                              :
**In re**                                                     :    Chapter 11 Case No.
                                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                     :    09-50026 (REG)
          f/k/a General Motors Corp., *et al.*                :
                                                              :
                              **Debtors.**                    :    (Jointly Administered)
-------------------------------------------------------------x

**RULE 23(h) NOTICE OF REQUEST FOR ATTORNEYS' FEES TO BE PAID FROM SETTLEMENT FUND CREATED BY CLASS COUNSEL TO RESOLVE CLASS CLAIM IN GENERAL MOTORS BANKRUPTCY PROCEEDING**

### 1. Why did I receive this Notice?

You are receiving this Notice because you were entitled to benefits under the original 2009 class settlement in *Anderson v. General Motors Corp.* and you submitted a valid claim form to GM in that settlement. In this notice, people like you who submitted a valid claim form are referred to as the *Anderson* claimants.

When General Motors ("GM") filed for bankruptcy on June 1, 2009, the *Anderson* settlement and its payments to class members were put on hold under bankruptcy rules. Since then, Class Counsel have worked to obtain a recovery for the *Anderson* claimants. If Class Counsel had not stepped in and represented the *Anderson* claimants in the GM bankruptcy, each claimant would have had to file his own individual proof of claim by the November 2009 deadline, negotiate with GM to settle his claim, and have his claim approved by the Bankruptcy Court to receive any recovery.

Class Counsel are now asking the Bankruptcy Judge to approve a request for attorneys' fees and costs for the legal services they provided to the *Anderson* claimants after GM's June 1, 2009 bankruptcy filing. Class Counsel are asking the Court to approve a fee that is less than the fees they actually incurred working for the *Anderson* claimants in the bankruptcy. If the Bankruptcy Judge approves the request, the fees will be paid from the settlement fund.

Because you filed a valid claim, Federal Rule of Civil Procedure 23(h) requires that you be notified of this request for attorneys' fees and that you have the opportunity to tell the Bankruptcy Court your views on the fee request.

1

## 2. What is the original | *Anderson v. General Motors Corp.* case and settlement?

On May 18, 2004, Class Counsel filed a class action complaint on behalf of Jason Anderson and a class of consumers against GM asserting violations of California state law. The parties reached a settlement in September 2008. In March 2009, the state court approved the proposed class action settlement on behalf of California owners and lessees of certain 1999-2003 Chevrolet Silverado trucks who had piston or piston pin noise in their vehicles. Anderson claimed that GM offered valuable benefits only to consumers who complained about the noise, in violation of California law. GM denied all claims against it.

The March 2009 settlement provided for cash benefits ranging from $1,200 to $2,600 for engine evaluation and for reimbursement of money spent by class claimants for certain engine repairs and protection plans, pursuant to a court-approved claims process. Class members were instructed to send their completed claim forms to GM by May 11, 2009, to receive their settlement checks and benefits. Approximately 6,000 *Anderson* class members submitted timely claim forms to GM. Under the *Anderson* settlement, GM was to act as the claims administrator.

In March 2009, the state court also awarded the *Anderson* Class Counsel attorneys' fees and expenses for the five years of work they performed in the case from May 2004 to the court's settlement approval in March 2009. The California fee-shifting statute mandated that GM pay the attorneys' fees separately from class payments, and the state court ordered GM to pay $1,950,000 in fees and $212,500 in documented out-of-pocket expenses.

## 3. The General Motors Bankruptcy.

**The General Motors Bankruptcy:** On June 1, 2009 GM filed for bankruptcy protection. The bankruptcy closed down all *Anderson* settlement and claims administration activities. As a result, GM did not review, analyze or process any of the *Anderson* claim forms, or send any settlement payments to the *Anderson* claimants. The GM bankruptcy brought all claims administration work in the *Anderson* class settlement to a standstill.

**Settlement of the Preference Action:** In December 2010, GM notified Class Counsel that it would ask the Bankruptcy Court to recover the attorney fees the California Superior court ordered it to pay to Class Counsel as part of the *Anderson* settlement. Class Counsel disputed GM's claim and raised numerous defenses. After GM and Class Counsel engaged in good faith arm's-length negotiations, Class Counsel agreed to return $750,000 of the fee payment to resolve GM's preference claim. As part of the settlement, GM acknowledged that Class Counsel would seek attorneys' fees and costs for the legal services they had provided to the *Anderson* claimants after GM's bankruptcy filing, and that those fees would be paid from the settlement fund. GM takes no position on Class Counsel's fee application.

### 4. Class Counsel's Work in the Bankruptcy to Establish Settlement Fund.

Starting shortly after the June 1, 2009 bankruptcy filing and continuing to the present, Class Counsel have worked to create a settlement fund for the benefit of the *Anderson* claimants that is as close to the original *Anderson* settlement as was possible in the context of a bankruptcy proceeding. Class Counsel undertook this work solely for the benefit of the *Anderson* claimants.

If Class Counsel had not represented the *Anderson* claimants in the GM bankruptcy proceeding, each of the nearly 6,000 *Anderson* claimants would have had to take several steps to have any potential recovery in the bankruptcy proceeding. First, the claimant would have had to file his or her own individual proof of claim by the November 30, 2009 deadline. All *Anderson* claimants who failed to file a timely proof of claim would have given up any right to recover anything from GM. A claimant who filed a timely proof of claim would have had to negotiate with GM to prove and settle his individual claim. Then the claimant would have had to obtain the Bankruptcy Court's approval of the claim. To actually receive a distribution under the bankruptcy plan, the claimant would have had to comply with the Wilmington Trust Company's banking and transfer requirements. Finally, because the recovery is in the form of GM common stock and 2016 and 2019 GM warrants, the claimant would have had to decide when and how to sell the securities.

Because of Class Counsel's work to create a settlement fund, the *Anderson* claimants did not have to take any of these steps to obtain a recovery. Class Counsel's work on behalf of the *Anderson* claimants has included the following:

- Negotiating a stipulation to permit the filing of a class proof of claim;
- Filing a timely class proof of claim for an estimated $10,000,000;
- Monitoring the GM bankruptcy proceedings to determine which motions might affect the legal rights of the *Anderson* claimants;
- Obtaining GM's agreement that the *Anderson* claimants would not have to participate in GM's mandatory arbitration and mediation procedures;
- Tracking down the claim forms submitted to GM by *Anderson* class members;
- Reviewing, analyzing, and valuing the 6,000 *Anderson* claim forms;
- Negotiating and documenting the settlement with GM for $8.8 million in pre-bankruptcy dollars for the *Anderson* claimants;
- Working with GM and the Bankruptcy Trustee to receive the distribution of GM stock and warrants under the Bankruptcy Plan;
- Performing all the claims administration duties for the 6,000 *Anderson* claimants;
- Receiving and responding to class member questions about the status of the settlement and the timing of any recovery; and
- Distributing this notice to all *Anderson* claimants.

The Bankruptcy Court approved the settlement in April 2011. The Trustee delivered the GM common stock and warrants to the *Anderson* claimant trust account in November 2011, in accordance with the Bankruptcy Plan. The bankruptcy payout was approximately $ 0.18 on the dollar. The market value of the GM stock and warrants is approximately $1,492,580.00.

## 5. Class Counsel's Request for Attorneys' Fees Paid From the Settlement Fund.

To date, Class Counsel have not been compensated for any of the work performed in the bankruptcy proceeding to establish the settlement fund, or reimbursed for the expenses they incurred. Class Counsel are asking the Bankruptcy Court for an award of attorneys' fees and reimbursement of expenses equal to 30% of the settlement fund, for a total amount of $447,767.00. The actual fees that Class Counsel incurred are more than $516,000, which is substantially higher than the fee amount they are now requesting. Any award of attorneys' fees and expenses approved by the Court will be paid from the settlement fund. Under no circumstances will you be personally liable for Class Counsel's fees or expenses.

## 6. How To Comment on Request for Attorneys' Fees Paid From the Settlement Fund.

You may comment in support of or in opposition to Class Counsel's request for attorneys' fees and expenses. The Bankruptcy Court will hold a hearing on July 26, 2012, to decide whether to award Class Counsel's fee request. You do not have to go to the hearing. Your objections or comments must be submitted in writing. You must send the original objection or comment to the Clerk of the Bankruptcy Court and send copies to Class Counsel at the following addresses, so that your objections or comments *are received* no later than July 19, 2012:

| Bankruptcy Court Address: | *Anderson* Class Counsel's Address: |
|---|---|
| Clerk of the Bankruptcy Court | A.J. De Bartolomeo, Esq. |
| U.S. Bankruptcy Court, Room 621 | Girard Gibbs LLP |
| Southern District of New York | 601 California Street |
| One Bowling Green | Suite 1400 |
| New York, New York 10004-1408 | San Francisco, California 94108 |

Your comment in support of or in opposition to Class Counsel's request for attorneys' fees and expenses must: (a) include a reference at the beginning to *Anderson Claim No. 51093 Request for Attorneys' Fees,* Chapter 11 Case No. 09-50026 (REG); (b) list your full name, address, and telephone number; (c) contain a written statement of the grounds supporting your position; (d) state whether you intend to appear at the Court's hearing on the motion for attorneys' fees; and (e) include your signature or your counsel's signature. If you do not present your views in writing in accordance with the procedures and deadline set out in this Notice, your views will not be considered, and you will waive any objections you have.

If you want your own lawyer to appear and speak at the hearing on your behalf, you must also state in your written objections or comments that you intend to have your lawyer appear and speak for you, and state the name, address, and telephone number of your lawyer.

Dated: New York, New York                             *Anderson* Class Counsel
      May 14, 2012                                      Girard Gibbs LLP
                                                                 601 California Street, Suite 1400
                                                                 San Francisco, CA 94108