**PRESENTMENT DATE AND TIME:  June 28, 2012 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE:  June 28, 2012 at 11:30 a.m. (Eastern Time)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Keith Martorana

*Attorneys for the Motors Liquidation Company*
*GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : 
: **Chapter 11 Case No.**
: 
: **09-50026 (REG)**
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 
**f/k/a General Motors Corp.,** *et al.* : 
: **(Jointly Administered)**
: 
**Debtors.** : 
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF MOTION OF WILMINGTON**
**TRUST COMPANY, AS GUC TRUST ADMINISTRATOR,**
**TO APPROVE AN AMENDMENT TO THE**
**MOTORS LIQUIDATION COMPANY GUC TRUST AGREEMENT**

**PLEASE TAKE NOTICE** that upon the annexed motion, dated June 14, 2012 (the "**Motion**") of Wilmington Trust Company, solely in its capacity as trust administrator and trustee (in such capacity, the "**Trust Administrator**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan dated March 18, 2011, for an order, pursuant to Sections 1142(b) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. and section 13.13 of the Amended and Restated Motors Liquidation Company GUC Trust Agreement dated as of June 11, 2012 (the "**Trust Agreement**"), approving an amendment to the Trust Agreement, all as

more fully set forth in the Motion, the undersigned will present the attached proposed order (the "**Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, for signature on **June 28, 2012 at 12:00 noon (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn:

Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as

to be received no later than **June 28, 2012 at 11:30 a.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Trust Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court the Order, which Order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
        June 14, 2012

                          GIBSON, DUNN & CRUTCHER LLP

                          By:   /s/ Matthew J. Williams

                          Matthew J. Williams
                          Keith Martorana
                          200 Park Avenue
                          New York, NY 10166-0193
                          (212) 351-4000

                          *Attorneys for the Motors Liquidation Company*
                          *GUC Trust Administrator*

PRESENTMENT DATE AND TIME:  June 28, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE:  June 28, 2012 at 11:30 a.m. (Eastern Time)

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Keith Martorana

*Attorneys for the Motors Liquidation Company*
*GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
**In re**                                                       :     **Chapter 11 Case No.**
                                                                :
                                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                       :     **09-50026 (REG)**
**f/k/a General Motors Corp.,** *et al.*                        :
                                                                :     **(Jointly Administered)**
                                                                :
            **Debtors.**                                        :
----------------------------------------------------------------x

**MOTION OF WILMINGTON TRUST COMPANY, AS**
**GUC TRUST ADMINISTRATOR, TO APPROVE AN AMENDMENT**
**TO THE MOTORS LIQUIDATION COMPANY GUC TRUST AGREEMENT**

**TO:**    **THE HONORABLE ROBERT E. GERBER**
           **UNITED STATES BANKRUPTCY JUDGE**

Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "**Trust Administrator**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**") established under Article VI of the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 (Docket No. 9836) (as confirmed, the "**Plan**") of the above-captioned post-effective date debtors, by and through the undersigned counsel, submits this motion (the "**Motion**") seeking entry of an Order, pursuant to Sections 1142(b) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**") and section 13.13 of the Amended and Restated Motors Liquidation Company GUC Trust Agreement dated as of June 11, 2012 (the "**Trust Agreement**"), approving an

amendment to the Trust Agreement substantially in the form attached hereto as Exhibit B (the "**Amendment**"), and in support thereof, respectfully represents as follows:[1]

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b), paragraph II of the order confirming the Plan (Docket No. 9941) (the "**Confirmation Order**"), Article XI of the Plan and Section 13.3 of the Trust Agreement. The statutory predicates for the relief sought herein are Sections 1142(b) and 105(a) of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

2. On or about March 29, 2011, this Court entered the Confirmation Order. The GUC Trust was established under Delaware law on March 30, 2011 pursuant to the Plan and the Confirmation Order. Pursuant to the Plan, the GUC Trust holds, administers, and directs the distribution of New GM Securities and other assets, if any, held by the GUC Trust from time to time (the "**GUC Trust Distributable Assets**") pursuant to the terms and conditions of the Trust Agreement.

    A.    The Issuance of Units

3. The Trust Agreement provides for the issuance of contingent beneficial interests in the GUC Trust, in the form of Trust "units" (the "**Units**") which are issued to all holders of Allowed General Unsecured Claims at or around the time that such holder's claim(s) are allowed. The Units represent the right to receive additional distributions of GUC Trust Distributable Assets in the event that such assets are not necessary to satisfy currently Disputed General Unsecured Claims that are subsequently Allowed (such assets, the "**Excess GUC Trust Distributable Assets**").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Trust Agreement.

4. Since the effective date of the Plan the GUC Trust has made distributions consisting of 114,205,811 shares of New GM Common Stock and 103,823,510 warrants of each class of New GM Warrants on account of Allowed General Unsecured Claims and 5,438,145 shares of New GM Common Stock and 4,943,767 warrants of each class of New GM Warrants on account of Units.

5. The Confirmation Order contemplated that the Units would be transferable by beneficiaries of the GUC Trust (the "**GUC Trust Beneficiaries**") through participants of the Depository Trust Company ("**DTC**"), but only to the extent that the GUC Trust received a favorable ruling from the Division of Corporation Finance of the Securities and Exchange Commission (the "**SEC**") which provided that, among other matters, the Division of Corporation Finance of the SEC would not recommend enforcement action if the Units were not registered under Section 12(g) of the Securities Exchange Act of 1934 (the "**No-Action Relief**"). *See* Confirmation Order ¶ 13.

6. While the Trust Administrator's pursuit of the No-Action Relief was pending, the Units were initially issued only in non-transferable form on the books and records of the GUC Trust as permitted by the Trust Agreement (the "**Issued Non-Transferable Units**").

7. On May 23, 2012, the GUC Trust received the No-Action Relief. In connection therewith, on June 11, 2012, the Trust Administrator and the GUC Trust Monitor entered into an amendment and restatement of then effective Trust Agreement (the "**Amendment and Restatement**," a copy of which was attached to the Form 8-K filed by the GUC Trust with the SEC on June 12, 2012).[2] Pursuant to the Amendment and Restatement, the Trust Administrator and GUC Trust Monitor made several technical amendments to the then effective Trust Agreement in order to prepare for the issuance of Units in transferable form (the "**Transferable Units**") and to comply with the No-Action Relief. Each of the

---

[2] A copy of the Amendment and Restatement is also available at www.mlcguctrust.com.

3

modifications effected by the Amendment and Restatement were of a technical nature and did not affect the rights or interests of GUC Trust Beneficiaries.[3] As such, the Amendment and Restatement became effective on June 11, 2012 upon the execution of the same by the Trust Administrator and the GUC Trust Monitor.

8. On or about June 12, 2012 the GUC Trust exchanged the Issued Non-Transferable Units for the Transferable Units.

B. The GUC Trust's Reporting Obligations

9. The Trust Agreement requires the GUC Trust to file with the Court, and deliver to the DIP Lenders and the GUC Trust Monitor, a series of financial reports (termed "**GUC Trust Reports**") no later than 30-days following each fiscal quarter end (other than the fiscal year end), and 45-days following each fiscal year end. *See* Trust Agreement § 6.2(a).

10. By contrast, the No-Action Relief contemplates that the GUC Trust shall comply with standard Form 10-Q and Form 10-K reporting requirements for non-accelerated filers (the "**Securities Filings**"), which would obligate the GUC Trust to deliver a Form 10-Q within 45-days following each fiscal quarter end (other than the fiscal year end), and a Form 10-K within 90-days following each fiscal year end.[4]

---

[3] As outlined in the preamble to the Amendment and Restatement, the provisions modified by the Amendment and Restatement were the following: (i) the definition of "Excess Distribution Record Date" was modified to extend the record date, but not the actual date of distribution, associated with future distributions of Excess GUC Trust Distributable Assets in respect of Units in order to comply with certain regulatory requirements of the SEC that could potentially be applicable to the GUC Trust; (ii) Sections 3.4(a) and 5.6(b) were modified to clarify that the rounding and/or sale of fractional New GM Securities, as dictated by the Trust Agreement were additionally subject to the policies and procedures of DTC and its participants (as would be required in order for the Units to be issued in transferable form through DTC); and (iii) the distribution formula contained in Section 5.4(b) was modified to cure a potential forward-looking defect and to ensure that GUC Trust Distributable Assets are distributed on a pro-rata basis among all holders of Allowed General Unsecured Claims as required by the Plan.

[4] A copy of the No-Action Relief can be obtained at the following web address: www.sec.gov/divisions/corpfin/cf-noaction/2012/motorsliquidation052312-12g.htm

11.     It is anticipated that the Securities Filings will contain substantially all of the information that is required to be disclosed in the GUC Trust Reports.  However, the Securities Filings will contain significant additional disclosures that are not currently required to be disclosed in the GUC Trust Reports.  Among other disclosures, the No-Action Relief requires the GUC Trust to include in the Securities Filings (i) management discussion and analysis, (ii) risk factors, (iii) a description of legal proceedings, (iv) a description of controls and procedures and (v) an attestation of a registered public accounting firm with respect to the GUC Trust's internal controls over financial reporting (Form 10-K only) (collectively, the "**Additional Disclosure**").

12.     Due to the detailed nature of the Additional Disclosure, the GUC Trust is unable to provide the Additional Disclosure within the time periods set forth for the filing of the GUC Trust Reports.  As a result, if the Trust Agreement is not modified, the GUC Trust will be required to deliver competing and partially repetitive financial reports each quarter end, separated by a two-week period (45-days separation at the fiscal year end).  The creation and filing of such competing reports will not only be burdensome and costly for the GUC Trust, it may lead to confusion among GUC Trust Beneficiaries that rely on such reports.  Accordingly, modification of the Trust Agreement is desirable to establish a uniform reporting timeline for the GUC Trust.

## RELIEF REQUESTED

13.     By this Motion, the Trust Administrator seeks entry of an order, in the form attached hereto as <u>Exhibit A</u>, authorizing the Trust Administrator to amend the Trust Agreement to conform the timing of the filing of the GUC Trust Reports with the timing of the filing of the Securities Filings.  The proposed Amendment would have the effect of extending the required reporting deadline for the GUC Trust Reports from (A) 30-days after

fiscal quarter end and 45-days after fiscal year end, to (B) 45-days after fiscal quarter end and 90-days after fiscal year end.

14.     For the avoidance of doubt, the proposed Amendment would not change the substance of the reporting required by the Trust Agreement; rather the Amendment would merely extend the date of filing of the GUC Trust Reports by 15-days with respect to each fiscal quarter end and 45-days with respect to each fiscal year end.

15.     In the event that the Trust Agreement were to remain unmodified, the GUC Trust would be required to run concurrent and largely duplicative reporting processes to satisfy the competing requirements of the No-Action Relief and the Trust Agreement. As noted above, such duplicative work would be burdensome and costly to the GUC Trust. More troubling, however, would be the potential confusion raised by the filing of separate financial reports over a span of a two-week period every quarter (45-days at fiscal year end). The Securities Filings would contain potentially differing and updated disclosures from those contained in the GUC Trust Reports, which would be filed on a more accelerated basis. Accordingly, the relief requested in this Motion should be approved.

## NOTICE

16.     The Trust Administrator has served notice of this Motion on (i) the Office of the United States Trustee, Tracy Hope Davis, Esq. for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (ii) the DIP Lenders and (iii) parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (Docket No. 10183). The Trust Administrator submits that no other or further notice need be provided.

6

## **CONCLUSION**

WHEREFORE, the Trust Administrator respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> approving the Amendment to the Trust Agreement substantially in the form attached hereto as <u>Exhibit B</u>, and grant such other and further relief as may be deemed just and proper.

Dated:  New York, New York
    June 14, 2012

                                          GIBSON, DUNN & CRUTCHER LLP

                                          By:    /s/ Matthew J. Williams

                                          Matthew J. Williams
                                          Keith Martorana
                                          200 Park Avenue
                                          New York, NY 10166-0193
                                          (212) 351-4000

                                          *Attorneys for the Motors Liquidation Company*
                                          *GUC Trust Administrator*

**<u>EXHIBIT A</u>**

**[Proposed Order]**

09-50026-mg    Doc 11830    Filed 06/14/12    Entered 06/14/12 16:17:17    Main Document
Pg 12 of 18

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                           :
:                  **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :                  **09-50026 (REG)**
f/k/a General Motors Corp., *et al.*                            :
:                  **(Jointly Administered)**
:
Debtors.                                               :
----------------------------------------------------------------x

### ORDER APPROVING AMENDMENT TO MOTORS LIQUIDATION COMPANY GUC TRUST AGREEMENT

Upon the motion, dated June 14, 2012 (the "**Motion**") of Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "**Trust Administrator**") of the Motors Liquidation Company GUC Trust (the "**GUC Trust**") established under Article VI of the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 (as confirmed, the "**Plan**"), seeking entry of an Order, pursuant to Sections 1142(b) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. approving the amendment to the Motors Liquidation Company GUC Trust Agreement (the "**Trust Agreement**") substantially in the form attached to the Motion as Exhibit B (the "**Amendment**"); and any objections to the Motion having been settled, resolved, withdrawn or overruled; and this Court having determined that the relief requested in the Motion is in the best interests of the above-captioned post-effective date debtors' creditors and estates; and it further appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor:

**FINDINGS OF FACT**

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Trust Administrator's entry into the Amendment complies fully with Section 13.13 of the Trust Agreement and is consistent with both the purpose and intent of the GUC Trust and the Plan.

B. The Trust Administrator's entry into the Amendment does not require any additional approvals or consents.

**CONCLUSIONS OF LAW**

IT IS HEREBY ORDERED THAT:

ORDERED, that the relief requested in the Motion is granted in its entirety; and it is further

ORDERED, that the Amendment to the Trust Agreement, in substantially the form attached as <u>Exhibit B</u> to the Motion, is hereby approved, and the Trust Administrator and FTI Consulting, Inc., as Trust Monitor, are authorized to execute the same; and it is further

ORDERED, that this Order shall be effective immediately upon entry; and it is further

ORDERED, that this Court shall retain jurisdiction of all matters and disputes arising in connection with or related to the interpretation or implementation of the Amendment.

Dated: _____ __, 2012
       New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

2

## EXHIBIT B

**[Amendment to Trust Agreement]**

First Amendment to Amended and Restated Trust Agreement

This amendment, dated as of June __, 2012 (the "<u>Amendment</u>") to that certain Amended and Restated Motors Liquidation Company GUC Trust Agreement, dated as of June 11, 2012 (the "<u>Amended and Restated Trust Agreement</u>"), is executed by Wilmington Trust Company, as trust administrator and trustee (in such capacity, the "<u>GUC Trust Administrator</u>") and FTI Consulting Inc., as GUC Trust Monitor, in accordance with Section 13.13 of the Amended and Restated Trust Agreement.  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Amended and Restated Trust Agreement.

W I T N E S S E T H

WHEREAS, on May 23, 2012, the Motors Liquidation Company GUC Trust (the "<u>Trust</u>") received the No-Action Relief, as defined in the Amended and Restated Trust Agreement, permitting the issuance of transferable Units, and such Units were subsequently issued in transferable form on or about June 12, 2012; and

WHEREAS, Section 6.2(a) of the Amended and Restated Trust Agreement provides that the GUC Trust Reports shall be filed with the Bankruptcy Court no later than thirty days following the end of each fiscal quarter, except that the GUC Trust Report for the end of any fiscal year may be filed no later than forty-five days following the end of such fiscal year; and

WHEREAS, pursuant to the No-Action Relief and Section 6.3 of the Amended and Restated Trust Agreement, the Trust will be required to file Form 10-Qs with the SEC no later than forty-five days following the end of each fiscal quarter and a Form 10-K with the SEC no later than ninety days following the end of each fiscal year (collectively, the "<u>Securities Filings</u>"); and

WHEREAS, it is anticipated that the Securities Filings will contain substantially all of the information presently reported in the GUC Trust Reports, and that maintaining separate filing dates for the GUC Trust Reports and the Securities Filings may lead to confusion among GUC Trust Beneficiaries and will be burdensome and costly for the Trust; and

WHEREAS, it is now desirable to conform the dates for the required filings of both the GUC Trust Reports and the Securities Filings; and

WHEREAS, pursuant to 13.13(b) of the Amended and Restated Trust Agreement, the GUC Trust Administrator has filed, out of an abundance of caution, a motion with the Bankruptcy Court seeking, inter alia, approval of this Amendment; and

WHEREAS, this Amendment shall become effective upon a Final Order of the Bankruptcy Court and execution by the appropriate signatories to this Amendment.

NOW, THEREFORE, in accordance with Section 13.13 of the Amended and Restated Trust Agreement the Amended and Restated Trust Agreement is hereby amended as follows:

1. The second sentence of Section 6.2(a) shall be deleted in its entirety and replaced with the following:

> The GUC Trust Reports shall be filed with the Bankruptcy Court and provided to the GUC Trust Monitor and DIP Lenders no later than forty-five days following the end of each fiscal quarter, except that the GUC Trust Report for the end of any fiscal year may be filed, provided and posted no later than ninety following the end of the fiscal year.

Except as expressly amended hereby, the Amended and Restated Trust Agreement shall remain unmodified and in full force and effect.

[Signature Pages Follow]

IN WITNESS WHEREOF, the parties hereto have executed this Amendment or caused this Amendment to be duly executed by their respective officers, representatives, or agents as of the date first above written.

**WILMINGTON TRUST COMPANY, AS GUC TRUST ADMINISTRATOR AND TRUSTEE**:

By: _____
    Name:
    Title:

**FTI CONSULTING, INC., AS GUC TRUST MONITOR**:

By: _____
    Name:
    Title:

3