HEARING DATE AND TIME: July 17, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: July 10, 2012 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :   09-50026 (REG)
        f/k/a General Motors Corp., et al.    :
                                              :
                           Debtors.           :   (Jointly Administered)
                                              :
------------------------------------------------------------x

### NOTICE OF 281st OMNIBUS OBJECTION TO CLAIMS
(Insufficient Documentation)

**PLEASE TAKE NOTICE** that on June 14, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed their 281st Omnibus Objection to expunge certain claims (the "**281st Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 281st Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

DOCSNY-507631

of New York, One Bowling Green, New York, New York 10004, on **July 17, 2012, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 281st OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 281st Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust

Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **July 10, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 281st Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 281st Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
　　　　June 14, 2012

　　　　　　　　　　　　　　　　　　　　/s/ Stefanie Birbrower Greer
　　　　　　　　　　　　　　　　　　　　Barry N. Seidel (BS-1945)
　　　　　　　　　　　　　　　　　　　　Stefanie Birbrower Greer (SG-2898)

　　　　　　　　　　　　　　　　　　　　DICKSTEIN SHAPIRO LLP
　　　　　　　　　　　　　　　　　　　　1633 Broadway
　　　　　　　　　　　　　　　　　　　　New York, New York 10019-6708
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 277-6500
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 277-6501

　　　　　　　　　　　　　　　　　　　　Attorneys for Motors Liquidation
　　　　　　　　　　　　　　　　　　　　Company GUC Trust

HEARING DATE AND TIME: July 17, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: July 10, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                          :   Chapter 11 Case No.
                                               :
MOTORS LIQUIDATION COMPANY, et al.,            :   09-50026 (REG)
        f/k/a General Motors Corp., et al.     :
                                               :
                  Debtors.                     :   (Jointly Administered)
                                               :
---------------------------------------------------------------x

## 281st OMNIBUS OBJECTION TO CLAIMS
(Insufficient Documentation)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

DOCSNY-507631

### Relief Requested

1. The GUC Trust files this 281st omnibus objection to certain claims (the "**281st Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

2. Representatives of the GUC Trust have examined the proofs of claim identified on **Exhibit "A"** and have made every effort to ascertain the validity of such claims. After careful review, the GUC Trust has determined that the proofs of claim listed on **Exhibit "A"** (collectively, the "**Insufficient Documentation Claims**") fail to provide sufficient documentation to ascertain the validity of such claims. Thus, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Bar Date Order, the GUC Trust seeks entry of an order disallowing and expunging the Insufficient Documentation Claims from the claims register.

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

### Jurisdiction

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.  On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5.  On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim). On October 6, 2009, the Court entered the Procedures Order. The Procedure Order authorizes the Debtors, among other things, to file

---

[2]  The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]  The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

omnibus objections to no more than 100 claims at a time, under various grounds, including those
set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures
Order.

6.    On March 29, 2011, this Court entered an order confirming the Plan (ECF
No. 9941). Section 6.2 of Article VI of the Plan, entitled *"The GUC Trust,"* provides for the
creation of the GUC Trust to administer certain responsibilities after the Effective Date (as
defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as
defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived
on March 31, 2011, thereby making the Plan effective as of that date.

### The Relief Requested Should Be Approved by the Court

7.    A proof of claim *must* "set forth the facts necessary to support the claim"
for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 258
B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28
(Bankr. D. Conn. 1988); *see Ashford v. Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir.
B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-
74 (3d Cir. 1992).

8.    The Bar Date Order requires, among other things, that a proof of claim
must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include
supporting documentation or an explanation as to why such documentation is not available."
(Bar Date Ord. at 2.)    The Insufficient Documentation Claims do not contain sufficient
information to evaluate such claims. Accordingly, they should be disallowed and expunged.

DOCSNY-507631

9. The GUC Trust reserves all of their rights to object on any other basis to any Insufficient Documentation Claims as to which the Court does not grant the relief requested herein.

### Notice

10. Notice of this 281st Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

11. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
June 14, 2012

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

| 281st Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |
|---|---|---|---|---|---|

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ANDRE C PINCHEM<br>23882 BROWNSTOWN SQ DR APT 202<br>ROMULUS, MI 48174 | 71256 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 4-5 |
| CROWN ENTERPRISES INC<br>C/O MARILYN MITCHELL<br>12225 STEPHENS RD<br>WARREN, MI 48089 | 69961 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,782,742.00  (U)<br>$1,782,742.00  (T)<br>Unliquidated | Insufficient Documentation | Pgs. 4-5 |
| CROWN ENTERPRISES INC<br>C/O MARILYN MITCHELL<br>12225 STEPHENS RD<br>WARREN, MI 48089 | 69974 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,782,742.00  (U)<br>$1,782,742.00  (T)<br>Unliquidated | Insufficient Documentation | Pgs. 4-5 |
| CROWN ENTERPRISES INC<br>ATTN MARILYN MITCHELL CORPORATE COUNSEL<br>12225 STEPHENS RD<br>WARREN, MI 48089 | 71172 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,614,539.00  (U)<br>$1,614,539.00  (T) | Insufficient Documentation | Pgs. 4-5 |
| DANIELLE DUDLEY<br>3928 S I 10 SERVICE RD W<br>APT 304<br>METAIRIE, LA 70001-1592<br>UNITED STATES OF AMERICA | 62577 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$27,000.00  (U)<br>$27,000.00  (T) | Insufficient Documentation | Pgs. 4-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

| 281st Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG), Jointly Administered | |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| GOSSAGE, ROBERT<br>STACY GOSSAGE<br>712 MADISON AVE<br>DIXON, IL 61021-3515 | 17271 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$19,000.00<br>$19,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| HICKS NICOLE<br>HICKS, NICOLE<br>22 WOODLAND ST 1ST FL<br>NEW BRITAIN, CT 06051-2331 | 64712 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$15,000.00<br>$15,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| JOHN A HAACK<br>10500 VILLAGE LANE<br>FORISTELL, MO 63348 | 62969 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$1,000,000.00<br>$1,000,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| LUMBRERAS, MARIA<br>THE HENNING FIRM<br>603 URBAN LOOP<br>SAN ANTONIO, TX 78204-3117 | 63641 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$1,200,000.00<br>$1,200,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |
| LYON STEPHENS<br>C/O JAMES D MURPHY JR - ATTORNEY AT LAW<br>24750 LAHSER ROAD<br>SOUTHFIELD, MI 48033-6044 | 1184 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$225,000.00<br>$225,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Insufficient Documentation | Pgs. 4-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

| 281st Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| NORMAN-BLACKMON MOTOR COMPANY INC<br>C/O P RICHARD HARTLEY ESQ<br>PO BOX 583<br>GREENVILLE, AL 36037 | 1158 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,200,000.00 (U)<br>$1,200,000.00 (T) | Insufficient Documentation | Pgs. 4-5 |
| PERKINS, LINDA<br>325 WILLIS FLAT RD<br>GLENMORE, LA 71433-6829 | 11987 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$18,000.00 (U)<br>$18,000.00 (T) | Insufficient Documentation | Pgs. 4-5 |
| SOLIS, ZAIDA<br>1147 W DRUMMER AVE<br>MESA, AZ 85210-2210 | 18728 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$17,000.00 (U)<br>$17,000.00 (T) | Insufficient Documentation | Pgs. 4-5 |
| TOM HO LEE<br>2544 CAMPBELL ROAD<br>KELOWNA (WEST KELOWNA), BC, V1Z 1T2 | 44899 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 4-5 |
| WANDA WILSON<br>C/O WILLIE R PERRY JR ESQ<br>201 N CHURCH STREET<br>DURHAM, NC 27701 | 66697 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,500,000.00 (U)<br>$1,500,000.00 (T) | Insufficient Documentation | Pgs. 4-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

| 281st Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
|---|---|---|---|---|---|
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| WILLIAM CHAPMAN<br>C/O LANG MICHENER LLP, ATTN: MICHAEL KATZALAY<br>1500 ROYAL CENTRE<br>PO BOX 11117, 1055 WEST GEORGIA STREET<br>VANCOUVER BRITISH COLUMBIA V6E 4N7 CANADA | 28383 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 4-5 |

| CLAIMS TO BE DISALLOWED AND EXPUNGED | 16 | $0.00 (S) |
|---|---|---|
| | | $0.00 (A) |
| | | $0.00 (P) |
| | | $10,401,023.00 (U) |
| | | $10,401,023.00 (T) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

HEARING DATE AND TIME: July 17, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: July 10, 2012 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
            f/k/a General Motors Corp., *et al.*            :
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## ORDER GRANTING THE 281st OMNIBUS OBJECTION TO CLAIMS
(Insufficient Documentation)

Upon the 281st omnibus objection to expunge certain claims, dated June 14, 2012 (the "**281st Omnibus Objection to Claims**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging the Insufficient Documentation Claims[4] listed on the Order Exhibit (as defined below) on the grounds that such claims fail to provide sufficient

---

[4]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the 281st Omnibus Objection.

documentation to ascertain the validity of the claims, all as more fully described in the 281st Omnibus Objection to Claims; and due and proper notice of the 281st Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 281st Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 281st Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 281st Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibit "A"** annexed to the 281st Omnibus Objection to Claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

DOCSNY-507631