PRESENTMENT DATE AND TIME: July 5, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: July 5, 2012 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
 Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                         :    **Chapter 11 Case No.**
                                                  :
**MOTORS LIQUIDATION COMPANY**, *et al.*,         :    **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*           :
                                                  :
              Debtors.                            :    **(Jointly Administered)**
                                                  :
---------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF STIPULATION
# AND PROPOSED AGREED ORDER RESOLVING THE FEE
# EXAMINER'S OBJECTION TO THE FINAL FEE APPLICATIONS
# OF WEIL, GOTSHAL & MANGES LLP; KRAMER LEVIN NAFTALIS
# & FRANKEL LLP; AND BUTZEL LONG, A PROFESSIONAL CORPORATION

**PLEASE TAKE NOTICE** that the annexed stipulation and proposed agreed order (the

"**Stipulation and Agreed Order**"), dated June 20, 2012, by and among Weil, Gotshal &

Manges, LLP ("**Weil**"); Kramer Levin Naftalis & Frankel LLP ("**Kramer**"); Butzel Long, a

Professional Corporation ("**Butzel**"); and Brady C. Williamson, by his counsel and in his

capacity as the fee examiner appointed in the above-captioned chapter 11 cases (the "**Fee**

**Examiner**," and together with Weil, Kramer and Butzel, the "**Parties**"), to resolve the *Fee*

*Examiner's Limited Objection to Hourly Rate Increases* (ECF No. 10660) solely as to Weil,

Kramer and Butzel, all as more fully set forth in the Stipulation and Agreed Order, will be presented to the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 5, 2012 at 12:00 noon (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any objections to the Stipulation and Agreed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

US_ACTIVE:\44030154\2\72240.0639

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard,

Austin, Texas 78703; and (xvi) Butzel Long, a Professional Corporation, as special counsel to the statutory committee of unsecured creditors, 380 Madison Avenue, New York, New York 10017 (Attn: Robert Sidorsky, Esq.), so as to be received no later than **July 5, 2012 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Stipulation and Agreed Order, the Parties may, on or after the Objection Deadline, submit the Stipulation and Agreed Order to the Bankruptcy Court, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       June 20, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
   Company GUC Trust

**PRESENTMENT DATE AND TIME: July 5, 2012 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: July 5, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
**In re**                                                    :   **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**                :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                     :
                                                             :
                        Debtors.                             :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING THE**
**FEE EXAMINER'S OBJECTION TO THE FINAL FEE APPLICATIONS**
**OF WEIL, GOTSHAL & MANGES LLP; KRAMER LEVIN NAFTALIS**
**& FRANKEL LLP; AND BUTZEL LONG, A PROFESSIONAL CORPORATION**

This Stipulation and Agreed Order is entered into as of June 20, 2012 (the "**Effective Date**") by and among Weil, Gotshal & Manges LLP ("**Weil**"); Kramer Levin Naftalis & Frankel LLP ("**Kramer**"); Butzel Long, a Professional Corporation ("**Butzel**"); and Brady C. Williamson, by his counsel and in his capacity as the fee examiner appointed in the above-captioned chapter 11 cases (the "**Fee Examiner**," and together with Weil, Kramer and Butzel, the "**Parties**").

**RECITALS:**

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliated debtors (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on June 25, 2009, the Court entered an Order (ECF No. 2546) authorizing the Debtors to retain Weil as their attorneys in the prosecution of their chapter 11 cases, *nunc pro tunc* to the Commencement Date;

WHEREAS, on July 1, 2009, the Court entered an Order (ECF No. 2854) authorizing the statutory committee of unsecured creditors (the "**Unsecured Creditors' Committee**") to retain Kramer as their attorneys, *nunc pro tunc* to June 3, 2009;

WHEREAS, on July 13, 2009, the Court entered an Order (ECF No. 3124) authorizing the Unsecured Creditors' Committee to retain Butzel as special counsel to the committee, *nunc pro tunc* to June 10, 2009;

WHEREAS, on December 23, 2009, Brady C. Williamson was appointed the Fee Examiner pursuant to the *Stipulation and Order with Respect to Appointment of a Fee Examiner*, dated December 23, 2009, by and among the United States Trustee, the Debtors, and the Unsecured Creditors' Committee (ECF No. 4708);

WHEREAS, in accordance with the Court's Order establishing procedures for interim compensation and reimbursement of expenses for professionals retained by the Debtors and Unsecured Creditors' Committee (ECF No. 3711), the professionals periodically filed the following interim fee applications throughout the Debtors' chapter 11 cases:

2

A. ("**Weil Interim Fee Applications**") (ECF Nos. 4803, 5295, 6554, and 7762), which were approved by the Court to the extent provided in the Court's Orders approving interim compensation and reimbursement of expenses by professionals retained by the Debtors (ECF Nos. 5834, 6402, 7910, and 8289);

B. ("**Kramer Interim Fee Applications**") (ECF Nos. 4459, 5296, 6538 and 7804), which were approved by the Court to the extent provided in the Court's Orders approving interim compensation and reimbursement of expenses by professionals retained by the Unsecured Creditors' Committee (ECF Nos. 5834, 6402, 7910 and 8540);

C. ("**Butzel Interim Fee Applications**") (ECF Nos. 4450, 5293, 6542 and 7754), which were approved by the Court to the extent provided in the Court's Orders approving interim compensation and reimbursement of expenses by professionals retained by the Unsecured Creditors' Committee (ECF Nos. 5834, 6402, 7910 and 8289);

WHEREAS, in accordance with the Court's Order confirming the Debtors' Joint Chapter 11 Plan (ECF No. 9941):

A. On May 17, 2011 Weil filed its fifth and final fee application ("**Weil's Final Fee Application**") (ECF No. 10270; supplemented by ECF No. 10662);

B. On May 16, 2011 Kramer filed its fifth and final fee application ("**Kramer's Final Fee Application**") (ECF No. 10268);

3

C. On May 16, 2011 Butzel filed its fifth and final fee application ("**Butzel's Final Fee Application**") (ECF No. 10241);

WHEREAS, on August 5, 2011, the Fee Examiner objected to Weil, Kramer and Butzel's Final Fee Applications pursuant to the *Fee Examiner's Limited Objection to Hourly Rate Increases* (the "**Rate Increase Objection**") (ECF No. 10660);

WHEREAS, with the exception of the Rate Increase Objection, the Parties consensually resolved all of the Fee Examiner's objections to Weil, Kramer and Butzel's Final Fee Applications prior to the Court's hearing on Weil, Kramer and Butzel's Final Fee Applications;

WHEREAS, on October 5, 2011, the Court entered an Order ("**Weil's Final Fee Order**") (ECF No. 11029) approving Weil's Final Fee Application on a final basis in the amounts specified therein and authorized the payment of all awarded amounts, subject only to the continuing Rate Increase Objection filed by the Fee Examiner, as more fully described in Weil's Final Fee Order;

WHEREAS, on November 17, 2011, the Court entered an Order ("**Kramer's Final Fee Order**") (ECF No. 11148) approving Kramer's Final Fee Application on a final basis in the amounts specified therein and authorized the payment of all awarded amounts, subject only to the continuing Rate Increase Objection filed by the Fee Examiner, as more fully described in Kramer's Final Fee Order;

WHEREAS, on October 5, 2011, the Court entered an Order ("**Butzel's Final Fee Order**") (ECF No. 11029) approving Butzel's Final Fee Application on a final basis in the amounts specified therein and authorized the payment of all awarded amounts, subject only to the continuing Rate Increase Objection filed by the Fee Examiner, as more fully described in Butzel's Final Fee Order;

WHEREAS, Weil, Kramer and Butzel's Final Fee Orders provide that all objections to Weil, Kramer and Butzel's Final Fee Applications are deemed resolved with the exception of the Fee Examiner's Rate Increase Objection;

WHEREAS, the Parties are entering into this Stipulation and Agreed Order to resolve the Rate Increase Objection with the mutual desire and understanding that (i) none of the terms embodied herein are to be construed as an admission as to the merits of the respective positions of the Parties; and (ii) this Stipulation and Agreed Order shall not have any precedential impact towards any action or proceeding outside of these chapter 11 cases;

NOW, THEREFORE, after good-faith, arms-length negotiations, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. Weil shall pay the sum of $425,000 to an account designated by the Motors Liquidation Company GUC Trust in full and final satisfaction of the Rate Increase Objection. Upon the receipt of payment, the Rate Increase Objection is otherwise hereby withdrawn with prejudice with respect to Weil.

2. Kramer shall pay the sum of $73,168 to an account designated by the Motors Liquidation Company GUC Trust in full and final satisfaction of the Rate Increase Objection. Upon the receipt of payment, the Rate Increase Objection is otherwise hereby withdrawn with prejudice with respect to Kramer.

3. Butzel shall pay the sum of $20,432 to an account designated by the Motors Liquidation Company GUC Trust in full and final satisfaction of the Rate Increase Objection. Upon the receipt of payment, the Rate Increase Objection is otherwise hereby withdrawn with prejudice with respect to Butzel.

4. No Party will in any pending or subsequent litigation in this or any other

case assert that this Stipulation and Agreed Order, or any term embodied herein, is an admission as to the merits or strength of the respective positions of the Parties. Each of the Parties reserves all of their rights with respect to the issues implicated by the Rate Increase Objection in any action or proceeding outside of these chapter 11 cases.

5. This Stipulation and Agreed Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

6. This Stipulation and Agreed Order may not be modified other than by signed writing executed by the Parties hereto.

7. Each person who executes this Stipulation and Agreed Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Agreed Order.

8. This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreed Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9. This Stipulation and Agreed Order shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Agreed Order.

IN WITNESS WHEREOF, THE UNDERSIGNED PARTIES ENTER INTO THIS STIPULATION AND AGREED ORDER:

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Dated: June 20, 2012

/s/ Eric J. Wilson
Katherine Stadler
Eric J. Wilson

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Attorneys for the Fee Examiner

Dated: June 15, 2012

/s/ Robert T. Schmidt
Thomas Moers Mayer
Robert T. Schmidt

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

Dated: June 19, 2012

/s/ Robert Sidorsky
Robert Sidorsky

BUTZEL LONG, A PROFESSIONAL CORPORATION
380 Madison Avenue
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494

Dated: June 4, 2012

IT IS SO ORDERED.

Dated: New York, New York
         _____, 2012

_____
United States Bankruptcy Judge

7