HEARING DATE AND TIME: **July 19, 2012 at 9:45 a.m. (Eastern Time)**
OBJECTION DEADLINE: **June 29, 2012 at 5:00 p.m. (Eastern Time)**
REPLY DEADLINE:  **July 11, 2012 at 5:00 p.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg
Scott Davidson

*Counsel for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                             :     Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, *et al*.,              :     Case No.: 09-50026 (REG)
        f/k/a General Motors Corp., *et al*.       :
                                                   :     (Jointly Administered)
                Debtors.                           :
                                                   :
------------------------------------------------------------x
MOTORS LIQUIDATION COMPANY GUC                     :
TRUST,                                             :
                                                   :
                Plaintiff,                         :     Adversary Proceeding
                                                   :     Case No.: 12-09802 (REG)
        v.                                         :
                                                   :
APPALOOSA INVESTMENT LIMITED                       :
PARTNERSHIP, *et al.*,                             :
                                                   :
                Defendants.                        :
------------------------------------------------------------X

## MOTION BY GENERAL MOTORS LLC FOR SUMMARY JUDGMENT

General Motors LLC ("**New GM**"), by its undersigned counsel, hereby moves for summary judgment ("**Motion**") on certain issues raised by the Motors Liquidation Company

18890377v1

GUC Trust ("**GUC Trust**") in its Claims Objection[1] filed in the above-referenced contested matter pursuant to Rule 56 of the Federal Rules of Civil Procedure, Rule 7056 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Rule 7056-1 of the Local Bankruptcy Rules for the Southern District of New York Local ("**Local Bankruptcy Rules**"). In support of this Motion, New GM respectfully states as follows:

1. As detailed in the *Memorandum of Law in Support of the Motion by General Motors LLC for Summary Judgment* ("**Memorandum of Law**"), the Buonomo Declaration and the *Statement of Undisputed Material Facts Pursuant to Local Rule 7056-1 in Support of Motion by General Motors LLC for Summary Judgment* ("**Rule 7056-1 Statement of Facts**"), each submitted simultaneously herewith, there is no issue of material fact with respect to the following:

    (i) The GUC Trust is not entitled to any Civil Rule 60(b) relief and the Sale Approval Order should not be disturbed or modified in any way;

    (ii) The GUC Trust cannot utilize any "avoiding powers" or Section 502(d) of the Bankruptcy Code to upset the Lock-Up Agreement or avoid the payment of the Consent Fee as all applicable avoiding power claims were sold to New GM;

    (iii) The Lock-Up Agreement was not an unauthorized post-petition settlement as it was either (a) a pre-petition contract that constituted a Purchased Contract that was sold to New GM; (b) a pre-petition or post-petition contract that was validly assumed by Old GM and assigned to New GM; or (c) a post-petition contract that constituted a Purchased Contract that was sold to New GM;

    (iv) The GUC Trust cannot utilize any other asset or claim that was transferred to New GM as a basis for its Claims

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Declaration of Lawrence S. Buonomo in Support of Motion for Summary Judgment* ("**Buonomo Declaration**").

      Objection and/or Complaint, including any claim based on an intercompany account or note receivable, an intercompany loan or any other intercompany obligation; and

  (v)  The Swap Transactions were properly transferred to New GM pursuant to the 363 Sale.

  2.  As there are no issues of material fact respecting each of the foregoing matters, summary judgment should be granted to New GM in connection therewith.

## NOTICE

  3.  Notice of this Motion has been given in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 [Docket No. 10183]. New GM submits that such notice is sufficient and no other and further notice need be provided.

  4.  New GM relies upon the Memorandum of Law, the Buonomo Declaration, the Rule 7056-1 Statement of Facts, the *Declaration of Scott I. Davidson in Support of Motion for Summary Judgment*, and the Exhibits contained in the Compendium of Exhibits filed simultaneously herewith.

  5.  No prior request for the relief sought herein has been made to this or any other court.

  WHEREFORE, New GM respectfully requests that the Court enter summary judgment in its favor on the following issues:

  (i)  The GUC Trust is not entitled to any Civil Rule 60(b) relief and the Sale Approval Order should not be disturbed or modified in any way;

18890377v1      3

(ii)    The GUC Trust cannot utilize any "avoiding powers" or Section 502(d) of the Bankruptcy Code to upset the Lock-Up Agreement or avoid the payment of the Consent Fee as all applicable avoiding power claims were sold to New GM;

(iii)    The Lock-Up Agreement was not an unauthorized post-petition settlement as it was either (a) a pre-petition contract that constituted a Purchased Contract that was sold to New GM; (b) a pre-petition or post-petition contract that was validly assumed by Old GM and assigned to New GM; or (c) a post-petition contract that constituted a Purchased Contract that was sold to New GM;

(iv)    The GUC Trust cannot utilize any other asset or claim that was transferred to New GM as a basis for its Claims Objection and/or Complaint, including any claim based on an intercompany account or note receivable, an intercompany loan or any other intercompany obligation; and

(v)    The Swap Transactions were properly transferred to New GM pursuant to the 363 Sale.

Dated:  New York, New York
        June 8, 2012

                                KING & SPALDING LLP


                                By: /s/ Arthur Steinberg
                                    Arthur Steinberg
                                    Scott Davidson
                                    1185 Avenue of the Americas
                                    New York, New York  10036
                                    (212) 556-2100
                                    (212) 556-2222 (facsimile)

                                *Counsel for General Motors LLC*