# EXHIBIT L

# Blakes

Blake, Cassels & Graydon LLP
Barristers & Solicitors
Patent & Trade-mark Agents
199 Bay Street
Suite 2800, Commerce Court West
Toronto ON  M5L 1A9  Canada
Tel: 416-863-2400  Fax: 416-863-2653

January 27, 2009

Nathan Cheifetz
*Partner*
Dir: 416-863-2969
nathan.cheifetz@blakes.com

**WITHOUT PREJUDICE**

Reference: 74786/2

John P. Stapleton, Director
Neil J. MacDonald, Director
Mercedes Michel, Director
c/o General Motors Nova Scotia Finance Company
1908 Colonel Sam Drive
Oshawa, Ontario
L1H 8P7

RECEIVED
FEB 0 2 2009

- and -

General Motors Nova Scotia Finance Company
P.O. Box 730
Halifax, Nova Scotia
B3J 2V1

Attention:    Mr. John P. Stapleton, President and Chief Executive Officer
             Mr. Barry D. Horne, Recognized Agent

Re:  £350,000,000 8.375 percent Guaranteed Notes due 2015 (the "**2015 Notes**") and £250,000,000 8.875 percent Guaranteed Notes due 2023 (the "**2023 Notes**" and together with the 2015 Notes, the "**Notes**"); issued by General Motors Nova Scotia Finance Company (the "**Company**")

Dear Sirs and Madam:

We are the solicitors for Aurelius Capital Management, LP, Drawbridge Special Opportunities Advisors LLC and Fortress Credit Opportunities Advisors LLC, acting on behalf of their managed funds which are holders of Notes with an approximate outstanding principal amount of £217 million, issued pursuant to the Fiscal and Paying Agency Agreement dated as of July 10, 2003. We are writing to you in light of recent public announcements by the United States and Canadian governments requiring General Motors Corporation ("**GM**") and its subsidiaries, as recipients of government support, to enter into discussions with holders of their public debt.

Pursuant to the Loan and Security Agreement (the "**Loan Agreement**") dated as of December 31, 2008 among GM, certain of its US subsidiaries and the United States Department of the Treasury, our clients understand that GM is required to prepare and submit a restructuring plan on or before February 17, 2009, including, among other things, specific actions intended to result in the reduction of the outstanding unsecured public indebtedness of GM and its consolidated subsidiaries by not less than two-thirds through a "Bond Exchange", such as a conversion into equity, and other "appropriate means".

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000021930

# Blakes

Similarly on December 20, 2008 Canadian Prime Minister Stephen Harper and Ontario Premier Dalton McGuinty announced that the Government of Canada and the Government of Ontario will provide up to C$3 billion of loans to General Motors of Canada Ltd. ("**GM Canada**") through the government's Canada Account managed by Export Development Canada ("**EDC**"). It is proposed that the terms of such loans include an agreement with all stakeholders to reduce structural costs in order to restore competitiveness.

In our view, any proposed restructuring of GM's obligations in the United States remains wholly separate from the restructuring of the obligations of affiliates of GM, such as GM Canada and the Company, which are located in Canada. As creditors of the Company, our clients have serious concerns about the effects of the proposed restructuring of GM Canada on the value of the Notes. Our clients purchased the Notes in good faith and have relied upon the Company's and GM's covenant to pay the Notes in full on their respective maturity dates. The holders have separate claims against GM in the United States and the Company in Canada and expect each of those separate claims to be properly respected.

We bring to your attention the provisions of the Third Schedule to the *Companies Act* (Nova Scotia) that permit a complainant to apply to court for a determination that the business or affairs of the Company or any of its affiliates are or have been carried on or conducted in a manner, or the powers of the directors of the Company or any of its affiliates are or have been exercised in a manner, that is oppressive or unfairly prejudicial to or that unfairly disregards the interests of any creditor of the Company, and the court may make an order to rectify the matters which are the subject of such complaint. The duties of the directors to act in the best interests of the Company include treating individual stakeholders affected by corporate actions (such as our clients) equitably and fairly and preserving the value of the Company's assets, which would encompass any notes or other receivables payable directly or indirectly by GM Canada. The holders of the Notes would view as prejudicial to their interests any attempt to change the terms of any notes or receivables that are assets of the Company in a manner that negatively impacts the value and claim of any such notes or receivables. Accordingly, our clients expect that any dealings among GM and its affiliates will take place on an arm's length basis and that the directors will fulfill their duty to ensure that such dealings do not prejudice creditors' interests.

The *Companies Act* also provides that every present and past member of an unlimited company (such as the Company) shall be liable to contribute to the assets of the unlimited company in an amount sufficient for payment of its debts and liabilities in the event of the unlimited company being wound up.

Pursuant to the proposed terms of the EDC loan and the Loan Agreement and in order to advance the restructurings in Canada and the United States, our clients wish to commence discussions with you immediately. In order for such discussions to be productive, we require further information with respect to the Company. As first items, we would ask you to please provide us with a copy of the register of all members since incorporation, the most current financial statements of the Company, a description of the Company's assets, and copies of any intercompany agreements between the Company and any other GM entities.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000021931

09-50026-mg    Doc 11853-6    Filed 06/20/12    Entered 06/20/12 15:17:35    Exhibit L - Letter from Blake - Cassels - & Graydon LLP - dated January 27 - 2009 - a    Pg 4 of 9

Page 3

We request a response to this letter by February 3, 2009, and we look forward to hearing from you.

Yours truly,

Nathan Cheifetz

NC/sws

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER
NGM000021932



Barry D. Horne
Direct 902.444.8553
barry.horne@mcinnescooper.com

Purdy's Wharf Tower II
1300-1969 Upper Water Street
PO Box 730
Halifax NS
Canada B3J 2V1
Tel 902.425.6500 | Fax 902.425.6350

Our File: BH-1971

February 4, 2009

Mr. Nathan Cheifetz
Blake, Cassels & Graydon LLP
199 Bay Street
Suite 2800, Commerce Court West
Toronto, ON  M5L 1AA9

Dear Mr. Cheifetz:

**Re:** £350,000,000 8.375 percent Guaranteed Notes due 2015 (the "2015 Notes") and £250,000,000 8.875 percent Guaranteed Notes due 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"); issued by General Motors Nova Scotia Finance Company (the "Company")

As solicitors for General Motors Nova Scotia Finance Company ("Company"), we acknowledge receipt of your letter of January 27, 2009. It is not the policy of the Company to comment on media reports, nor to meet with individual noteholders. The Company cannot provide a noteholder with any information that is not publicly available. The prospectus and prospectus supplement contain all publicly available information about the use of proceeds of the Note issuance and the guarantee of the repayment of the Notes by GM Corporation.

Yours very truly,


Barry D. Horne

BDH/baf

(~AUTOFILE)

Charlottetown   Fredericton   Halifax   Moncton   Saint John   St. John's   Summerside   mcinnescooper.com

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000021937



Blake, Cassels & Graydon LLP
Barristers & Solicitors
Patent & Trade mark Agents
199 Bay Street
Suite 2800, Commerce Court West
Toronto ON  M5L 1A9  Canada
Tel: 416-863-2400  Fax: 416-863-2653

February 10, 2009

**Nathan Cheifetz**
*Partner*
Dir: 416-863-2969
nathan.cheifetz@blakes.com

Reference: 74786/2

Mr. Barry D. Horne
McInnes Cooper
Purdy's Wharf Tower II
1300-1969 Upper Water Street
P.O. Box 730
Halifax, NS  B3J 2V1

Re:  £350,000,000 8.375 percent Guaranteed Notes due 2015 (the "**2015 Notes**") and £250,000,000 8.875 percent Guaranteed Notes due 2023 (the "**2023 Notes**" and together with the 2015 Notes, the "**Notes**"); issued by General Motors Nova Scotia Finance Company (the "**Company**")

Dear Mr. Horne:

In response to your letter of February 4 (faxed to us on February 5), please note that the need for General Motors Corporation ("**GM**") – indeed its commitment to the U.S. government – to restructure its consolidated balance sheet radically over the next several weeks is a contractual obligation and not merely the subject of "media reports." Our clients are not mere "individual noteholders." Rather, our clients hold 37.5% of the only publicly traded GM bonds with recourse to a Canadian subsidiary, and have sought to initiate a constructive dialogue, without which no consensual restructuring of the Canadian bonds can be accomplished.

General Motors of Canada Limited and the Company can either embrace or shun this opportunity – each with its own distinct consequences. We encourage you to consider a different approach at this juncture. Our clients' offer to speak remains open. Until we hear otherwise, we will take at face value your dismissal of our clients' overture and conduct ourselves accordingly.

Our clients are concerned about the Company's ability to repay the Notes in light of the public disclosure of GM's financial difficulties. The source of funds that will enable the Company to honour its obligations to its Noteholders will be from amounts paid to the Company by its affiliates.

In conjunction with the information requested in our prior letter dated January 27, 2009, our clients seek to determine if the Company's directors have adhered to their fiduciary duties when approving transactions that impact the Company. Specifically, our clients seek additional information about the transactions that occurred at the Company and General Motors Nova Scotia Investments Ltd. ("**Investments**"), an affiliate of the Company, in May 2008.

Each of Mr. Stapleton, Mr. MacDonald and Ms. Michel is listed in the Nova Scotia Registry of Joint Stock Companies as a director of the Company and of Investments.

On May 22, 2008, Investments passed a special resolution to reduce its paid-up capital from CAD $576,672,770 to CAD $100 and to repay to its sole shareholder, GM, the amount of CAD $576,672,670 in

12274321.4

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000021933



Page 2

cash. This special resolution was filed with the Registrar of Joint Stock Companies (Nova Scotia) on May 27, 2008. The special resolution stated that the directors of Investments had determined that CAD $576,672,670 would be in excess of the wants of Investments and that it would be desirable to reduce the paid-up capital by such amount and pay such amount to GM.

In support of an application to the Supreme Court of Nova Scotia to confirm such special resolution, Mr. MacDonald, acting as a director of Investments but also having fiduciary duties to the Company, swore an affidavit in which he stated that the Company was the sole creditor of Investments (paragraph 8). Mr. MacDonald further stated in his affidavit that Investments "would after the proposed reduction of its share capital be able to pay its debts and liabilities as they become due" (paragraph 9), that the realizable value of the assets of Investments "would after the proposed reduction of its share capital exceed the aggregate of its liabilities and paid-up share capital" (paragraph 10), and that "no creditor will be adversely affected or prejudiced by the proposed reduction of the share capital" of Investments (paragraph 11). We note that notice of the court application was not provided to the creditors of the Company notwithstanding the prejudice that could result to such creditors if the Company is unable to obtain payment from Investments of amounts owed.

We have also reviewed the special resolution of the Company dated and effective as of May 22, 2008 and filed with the Office of the Registrar of Joint Stock Companies (Nova Scotia) on May 27, 2008. This special resolution stated that the directors of the Company had determined that the amount of CAD $16,000,000 and US $500,000 would be in excess of the wants of the Company and that it would be desirable to reduce the paid-up capital of the Company by such amount and pay CAD $16,000,000 and US $500,000 to its shareholder, GM, in cash.

Our clients are concerned about the determination made by the directors of the Company and of Investments that the funds paid to the shareholder, GM, were in excess of the wants of the Company and of Investments. In this regard, our clients ask you to respond to the following questions:

1.  What was the basis for the directors' determination that CAD $16,000,000 and US $500,000 would be in excess of the wants of the Company when the Company has outstanding liabilities to the Noteholders in an amount of £600,000,000?

2.  What other assets does the Company possess to enable it to satisfy its obligations to the Noteholders?

3.  What was the basis for the directors' determination that CAD $576,672,670 would be in excess of the wants of Investments when Investments has outstanding liabilities to the Company?

4.  What other assets does Investments possess to enable it to satisfy its obligations to the Company?

5.  Were the directors of the Company and Investments other than Mr. MacDonald aware in advance of the two aforementioned distributions?

Our clients have serious questions about the removal of funds from these Canadian debtors and the exercise by the directors of their fiduciary duties. The answers to these questions and the provision of information relating thereto should be made publicly available, so that all Noteholders can understand their position.

12274321.4

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER
NGM000021934



Page 3

If satisfactory answers are not provided to these questions by February 13, 2009, our clients will be left with no choice but to pursue all legal remedies available to them against the Company and its directors.

Yours truly,

Nathan Cheifetz

NC/sws

12274321.4

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER
NGM000021935



# McINNES COOPER
LAWYERS | AVOCATS

Barry D. Horne
Direct 902.444.8553
barry.horne@mcinnescooper.com

Purdy's Wharf Tower II
1300-1969 Upper Water Street
PO Box 730
Halifax NS
Canada B3J 2V1
Tel 902.425.6500 | Fax 902.425.6350

Our File: BH-1971

February 13, 2009

**VIA FACSIMILE** 1-416-863-2653
**AND REGULAR MAIL**

Mr. Nathan Cheifetz
Blake, Cassels & Graydon LLP
199 Bay Street
Suite 2800, Commerce Court West
Toronto, ON  M5L 1AA9

Dear Mr. Cheifetz:

Re:  **£350,000,000 8.375 percent Guaranteed Notes due 2015 (the "2015 Notes") and £250,000,000 8.875 percent Guaranteed Notes due 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"); issued by General Motors Nova Scotia Finance Company (the "Company")**

We have your letter of February 10, 2009.

It continues to be the policy of the Company not to comment on media reports. Our client takes exception with your suggestion that the directors have not exercised their fiduciary obligations. The directors took the necessary steps to ensure that they satisfied those obligations and that applicable laws were complied with in carrying out the transactions referred to in your aforementioned letter.

Yours very truly,

Barry D. Horne

BDH/baf

(4741132_1.DOC)

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000021936