# EXHIBIT M

Hfx No. 308066

Supreme Court of Nova Scotia

Between:

Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., Drawbridge DSO Securities LLC, Drawbridge OSO Securities LLC, FCOF UB Securities LLC, Appaloosa Investment Limited Partnership I, Palomino Fund Ltd., Thoroughbred Master Ltd. and Thoroughbred Fund LP

Plaintiffs

- and -

General Motors Corporation, General Motors Nova Scotia Finance Company, General Motors Nova Scotia Investments Ltd., General Motors of Canada Limited, Neil J. Macdonald, Mercedes Michel and John P. Stapleton

Defendants

[Court Administration stamp: MAR 0 2 2009, Halifax, N.S.]

## Notice of Action

**To:**   General Motors Corporation
General Motors Nova Scotia Finance Company
General Motors Nova Scotia Investments Ltd.
General Motors of Canada Limited
Neil J. Macdonald
Mercedes Michel
John P. Stapleton

### Action has been started against you

The plaintiffs take action against you.

The plaintiffs started the action by filing this notice with the court on the date certified by the prothonotary.

The plaintiffs claim the relief described in the attached statement of claim. The claim is based on the grounds stated in the statement of claim.

### Deadline for defending the action

To defend the action, you or your counsel must file a notice of defence with the court no more than the following number of days after the day this notice of action is delivered to you:

- 15 days if delivery is made in Nova Scotia

- 30 days if delivery is made elsewhere in Canada

- 45 days if delivery is made anywhere else

- 2 -

### Judgment against you if you do not defend

The court may grant an order for the relief claimed without further notice, unless you file the notice of defence before the deadline.

### You may demand notice of steps in the action

If you do not have a defence to the claim or you do not choose to defend it you may, if you wish to have further notice, file a demand for notice.

If you file a demand for notice, the plaintiffs must notify you before obtaining an order for the relief claimed and, unless the court orders otherwise, you will be entitled to notice of each other step in the action.

### Rule 57 – Action for Damages Under $100,000

Civil Procedure Rule 57 limits pretrial and trial procedures in a defended action so it will be more economical. The Rule applies if the plaintiffs state the action is within the Rule. Otherwise, the Rule does not apply, except as a possible basis for costs against the plaintiffs.

This action is not within Rule 57.

### Filing and delivering documents

Any documents you file with the court must be filed at the office of the prothonotary:
1815 Upper Water Street, Halifax, Nova Scotia (telephone # 902-424-4900)

When you file a document you must immediately deliver a copy of it to each other party entitled to notice, unless the document is part of an *ex parte* motion, the parties agree delivery is not required, or a judge orders it is not required.

### Contact information

The plaintiffs designate the following address:

Cox, Palmer
Purdy's Wharf
1100-1959 Upper Water Street
Halifax, Nova Scotia  B3J 3N2

Attention: John A. Keith

Documents delivered to this address are considered received by the plaintiffs on delivery.

Further contact information is available from the prothonotary.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007192

- 3 -

## Proposed place of trial

The plaintiffs propose that, if you defend this action, the trial will be held in Halifax, Nova Scotia.

## Signature

Signed March 2, 2009

Jeff Galway
Blake, Cassels & Graydon LLP
199 Bay Street, Suite 2800
Commerce Court West
Toronto, ON  M5L 1A9

Tel: 416-863-3859
Fax: 416-863-2653
E-mail: jeff.galway@blakes.com

John A. Keith
Cox & Palmer
Purdy's Wharf, Tower 1
1100-1959 Upper Water Street
Halifax, NS  B3J 3E5

Tel: 902-491-4217
Fax: 902-421-3130
E-mail: JKeith@coxandpalmer.com

Counsel for the Plaintiffs

## Prothonotary's certificate

I certify that this notice of action, including the attached statement of claim, was filed with the court on March 2, 2009.

Karen Hilman
Deputy Prothonotary

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007193

## STATEMENT OF CLAIM

### The Plaintiffs

1. Aurelius Capital Partners, LP is a limited partnership organized under the laws of the State of Delaware.

2. Aurelius Capital Master, Ltd. is an exempted company organized under the laws of the Cayman Islands.

3. Drawbridge DSO Securities LLC is a limited liability company organized under the laws of the State of Delaware.

4. Drawbridge OSO Securities LLC is a limited liability company organized under the laws of the State of Delaware.

5. FCOF UB Securities LLC, is a limited liability company organized under the laws of the State of Delaware.

6. Appaloosa Investment Limited Partnership I is a limited partnership organized under the laws of the State of Delaware.

7. Palomino Fund Ltd. is a corporation organized under the laws of the British Virgin Islands.

8. Thoroughbred Master Ltd. is a corporation organized under the laws of the British Virgin Islands.

9. Thoroughbred Fund LP is a limited partnership organized under the laws of the State of Delaware.

### The Defendants

10. General Motors Corporation ("GM US") is a publicly traded corporation incorporated under the laws of Delaware that manufactures and sells automobiles and trucks. GM US's head office is in Detroit, Michigan. GM US is insolvent absent a government bailout and debt restructuring, and thus on the brink of bankruptcy.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007194

09-50026-mg    Doc 11853-7    Filed 06/20/12    Entered 06/20/12 15:17:35    Exhibit M - Notice of Action with respect to Oppression Action    Pg 6 of 13

- 2 -

11. General Motors Nova Scotia Finance Company ("Finance") is an unlimited company incorporated under the Nova Scotia *Companies Act*. The sole shareholder of Finance is GM US.

12. General Motors Nova Scotia Investments Ltd. ("Investments") is a limited company incorporated under the Nova Scotia *Companies Act*. The sole shareholder of Investments is GM US.

13. Finance and Investments were incorporated by GM US for the purpose of making loans to related parties and issuing debt instruments.

14. General Motors of Canada Limited ("GM Canada") is a corporation incorporated under the *Canada Business Corporations Act* ("CBCA") that manufactures and sells automobiles and trucks. GM Canada's head office is Oshawa, Ontario. The sole shareholder of GM Canada is GM US. GM Canada is approaching the minimum cash reserve levels required to meet its obligations.

15. GM US, Investments and GM Canada are all affiliates of Finance for the purposes of the *Companies Act* and the CBCA.

16. Neil J. Macdonald ("Macdonald") resides in Oshawa, Ontario and is the Vice President, General Counsel and Secretary of GM Canada. At all material times Macdonald was an officer and director of Finance, Investments and GM Canada.

17. Mercedes Michel ("Michel") resides in New York New York, and is a Director of the Treasurer's Office of GM US. At all material times Michel was an officer and director of Finance and Investments and an executive of GM US.

18. John P. Stapleton ("Stapleton") resides in Oshawa, Ontario and is Vice President Finance, Treasurer and Chief Financial Officer of GM Canada. At all material times, Stapleton was an officer and director of Finance, Investments and GM Canada.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007195

09-50026-mg   Doc 11853-7   Filed 06/20/12   Entered 06/20/12 15:17:35   Exhibit M - Notice of Action with respect to Oppression Action   Pg 7 of 13

- 3 -

Finance's Indebtedness to the Plaintiffs

19. In 2003, Finance issued two series of notes (the "Notes") as follows:

(a) notes in the aggregate amount of £350,000,000 with an interest rate of 8.375% which are repayable in 2015 (the "2015 Notes"); and

(b) notes in the aggregate amount of £250,000,000 with an interest rate of 8.875% which are repayable in 2023 (the "2023 Notes").

20. GM US guaranteed Finance's obligations under both the 2015 Notes and the 2023 Notes.

21. The Plaintiffs are the holders of £216,248,000 (approximately 62%) of the outstanding principal amount of the 2015 Notes and £160,450,000 (approximately 64%) of the outstanding principal amount of the 2023 Notes.

22. As a result of their status as holders of Notes issued by Finance, the Plaintiffs are "complainants" within the meaning of section 7 of the Third Schedule of the *Companies Act* in respect of oppression claims concerning Finance or its affiliates commenced under section 5 of the said Schedule and are "complainants" within the meaning of section 238 of the CBCA in respect of oppression claims concerning GM Canada and its affiliates commenced under section 241 of the CBCA.

The Inter-Corporate Obligations

23. At all material times Finance was a major creditor of both Investments and (directly or indirectly) GM Canada.

24. The ability of Finance to satisfy its obligations under the Notes has been and remains dependent upon the receipt by Finance of amounts owing to it by Investments and GM Canada.

Finance Reduces Paid Up Capital - May 2008

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007196

- 4 -

25. In or about May 2008 Macdonald, Michel and Stapleton, as directors of Finance, purported to determine that a portion of the paid up capital of the issued and outstanding common shares of Finance in the amount of $16 million Canadian and $500,000 U.S. was "in excess of the wants" of Finance and that it would be desirable to reduce the paid up capital on the issued and outstanding common shares of Finance by the aggregate amount of $16 million Canadian and $500,000 U.S. and to pay such amounts to GM US in cash as a repayment of capital.

26. In reliance on this purported determination by Macdonald, Michel and Stapleton, GM US as the sole shareholder of Finance resolved on May 22, 2008 that the paid up capital of Finance be reduced by $16 million Canadian and by $500,000 U.S. and that such amounts be paid to GM US. The paid up capital of Finance was subsequently so reduced and Finance paid GM US $16 million Canadian and $500,000 U.S. At this time GM US was to the knowledge of Macdonald, Michel and Stapleton either insolvent or on the brink of insolvency.

27. At the time that Macdonald, Michel and Stapleton purported to determine that it would be desirable for Finance to reduce its paid up capital as referred to in paragraph 25 above, and at the time the payments referred to in paragraph 26 were in fact made, Macdonald, Michel, Stapleton, Finance and GM US knew that Finance was indebted to the holders of the Notes, that GM US would not be able to honour its guarantee obligations to the holders of the Notes in full and that any return of capital to GM US would prejudice Finance's ability to repay its obligations under the Notes and thus be prejudicial to the interests of Finance's creditors including the Plaintiffs.

28. By recommending and supporting a repayment of capital by Finance to GM US, Macdonald, Michel and Stapleton breached the fiduciary duties and duties of care they, as directors, owed to Finance.

29. By recommending and supporting a repayment of capital by Finance to GM US, Michel had an irreconcilable conflict of interest between her role as director of Finance and her role as an executive in GM US's Treasury since GM US controls Finance and was the beneficiary of the repayment of capital.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007197

09-50026-mg    Doc 11853-7    Filed 06/20/12    Entered 06/20/12 15:17:35    Exhibit M -
Notice of Action with respect to Oppression Action    Pg 9 of 13

- 5 -

30.     The acts of Macdonald, Michel and Stapleton in recommending and supporting a payment by Finance to GM US of $16 million Canadian and $500,000 U.S. as a purported return of capital, the payment of such amounts by Finance, and the receipt of such amounts by GM US has prejudiced the ability of Finance to repay its obligations under the Notes. Such acts by Macdonald, Michel, Stapleton, Finance and GM US were oppressive, unfairly prejudicial to and unfairly disregarded the interests of Finance and its creditors including the Plaintiffs.

31.     As a result of the facts set out in paragraphs 25-30 above, GM US has been or will be unjustly enriched at the expense of Finance and its creditors, there having been an enrichment, a corresponding deprivation and the absence of any juristic reason for the enrichment.

Investments Reduces Paid Up Capital - May 2008

32.     In or about May 2008 Macdonald, Michel and Stapleton also purported to determine that a portion of the paid up capital of the issued and outstanding common shares of Investments in the amount of $576,672,670 Canadian was "in excess of the wants" of Investments and that it would be desirable to reduce the paid up capital on the issued and outstanding common shares of Investments by the $576,672,670 Canadian and to pay such amount to GM US in cash as a repayment of capital.

33.     In reliance on this purported determination by Macdonald, Michel and Stapleton, GM US as the sole shareholder of Investments resolved on May 22, 2008 that the paid up capital of Investments be reduced by $576,672,670 Canadian and that such amounts be paid to GM US. The paid up capital of Investments was subsequently so reduced and Investments paid GM US $576,672,670 Canadian. At this time GM US was to the knowledge of Macdonald, Michel and Stapleton either insolvent or on the brink of insolvency.

34.     Following the above payment by Investments to GM US, the paid up capital of Investments was reduced from $576,672,770 Canadian to $100 Canadian.

35.     At the time that Macdonald, Michel and Stapleton purported to determine that it would be desirable for Investments to reduce its paid up capital as referred to in paragraph 32 above, and at the time the payment referred to in paragraph 33 was in fact made, Macdonald, Michel, Stapleton, Finance, Investments and GM US knew that (i) Investments was indebted to

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007198

- 6 -

Finance, (ii) Finance was indebted to the holders of the Notes (iii) GM US would not be able to honour its guarantee obligations to the holders of the Notes in full and (iv) any return of capital by Investments to GM US would prejudice Investments' ability to repay Finance and in turn prejudice Finance's ability to repay its obligations under the Notes and thus be prejudicial to the interests of Finance's creditors including the Plaintiffs.

36.     By recommending and supporting a repayment of capital by Investments to GM US, Macdonald, Michel and Stapleton had an irreconcilable conflict of interest between the duties they owed as officers and directors to Finance and the duties they owed to Investments. Michel's role as an executive in GM US's Treasury posed an additional conflict of interest since GM US controls Finance and was the beneficiary of the repayment of capital.

37.     As directors of Finance, a creditor of Investments, Macdonald's, Michel's and Stapleton's duty was to protect the interests of Finance. Instead of causing Finance, as a creditor of Investments, to object to the proposed reduction by Investments of its paid up capital, Macdonald, Michel and Stapleton not only recommended such course of action but caused Investments to implement it. Macdonald, in fact, swore an affidavit in support of a court order pursuant to sections 59 and 60 of the *Companies Act* in which he failed to disclose the extent of Investments' obligations to Finance, failed to disclose Finance's obligation to the holders of the Notes, and swore that no creditor would be adversely affected or prejudiced by the proposed reduction in the paid up capital of Investments. The plaintiffs plead that Macdonald, Michel and Stapleton breached the fiduciary duty and duty of care they, as directors, owed to Finance.

38.     The acts of Macdonald, Michel and Stapleton in recommending, supporting and implementing a payment by Investments to GM US of $576,672,670 Canadian as a purported return of capital, the failure of Finance to object to the proposed reduction in Investments' paid up capital, the payment of such amount by Investments, and the receipt of such amount by GM US has prejudiced the ability of Investments to repay its obligations to Finance and in turn prejudiced the ability of Finance to repay its obligations under the Notes. Such acts by Macdonald, Michel, Stapleton, Finance, Investments and GM US were oppressive, unfairly prejudicial to and unfairly disregarded the interests of Finance and its creditors including the Plaintiffs.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007199

09-50026-mg    Doc 11853-7    Filed 06/20/12    Entered 06/20/12 15:17:35    Exhibit M - Notice of Action with respect to Oppression Action    Pg 11 of 13

- 7 -

39.     As a result of the facts set out in paragraphs 32-38 above, GM US has been or will be unjustly enriched at the expense of Finance and its creditors, there having been an enrichment, a corresponding deprivation and the absence of any juristic reason for the enrichment.

GM Canada Undermines Value of its Obligations to Finance

40.     On February 11, 2009, at a time that GM Canada was indebted (directly or indirectly) to Finance, at a time when GM US was insolvent and at a time when GM Canada was approaching the minimum cash reserve levels required to meet its obligations, GM US and GM Canada amended their July 20, 2006 Credit Agreement with a syndicate of lenders. Among other things, the amended Credit Agreement allows GM Canada to guarantee the indebtedness of other entities and provide its assets as collateral security for indebtedness regardless of whether such indebtedness is that of GM Canada or of other entities and regardless of whether such indebtedness is new or pre-existing. By agreeing to the amendment to the Credit Agreement, GM Canada made possible the impairment of its ability to repay the obligations it owes (directly or indirectly) to Finance.

41.     As officers and directors of GM Canada, Macdonald and Stapleton were instrumental in conceiving, approving and implementing the course of conduct referred to in paragraph 40 above. Macdonald and Stapleton had an irreconcilable conflict of interest between the duties they owed as officers and directors of Finance and the duties they owed to GM Canada. By supporting and failing to object to the above course of action, Macdonald and Stapleton breached the fiduciary duties and duties of care they, as directors, owed to Finance.

42.     The course of conduct undertaken by Macdonald, Stapleton and GM Canada and referred to in paragraphs 40-41 is oppressive, unfairly prejudicial to, and unfairly disregards the interests of Finance and its creditors including the Plaintiffs.

Claim for Relief

43.     These parties claim an order providing the following remedies:

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007200

- 8 -

(a) a declaration that the conduct of Finance, Macdonald, Michel, Stapleton and GM US as set out in paragraphs 25-30 above was oppressive, unfairly prejudicial to and unfairly disregarded the interests of the creditors of Finance including the Plaintiffs;

(b) a declaration that the conduct of Finance, Investments, Macdonald, Michel, Stapleton and GM US as set out in paragraphs 32-38 above was oppressive, unfairly prejudicial to and unfairly disregarded the interests of the creditors of Finance including the Plaintiffs;

(c) a declaration that the conduct of GM Canada, Macdonald and Stapleton set out in paragraphs 40-42 above is oppressive, unfairly prejudicial to and unfairly disregards the interests of the creditors of Finance including the Plaintiffs;

(d) an order pursuant to section 5(3)(h) of the Third Schedule to the *Companies Act* setting aside the transaction referred to in paragraphs 25-26 above wherein Finance purported to reduce its paid up capital and paid $16 million Canadian and $500,000 U.S. to GM US;

(e) an order pursuant to section 5(3)(h) of the Third Schedule to the *Companies Act* setting aside the transaction referred to in paragraphs 32-33 above wherein Investments purported to reduce its paid up capital and paid $576,672,670 Canadian to GM US;

(f) an interlocutory and permanent order pursuant to section 241(a) of the CBCA restraining GM Canada from guaranteeing the obligations of any other entity or from pledging its assets or granting security in respect of the indebtedness of any other entity.

(g) a declaration that GM US has been unjustly enriched as a result of its receipt of the $16 million Canadian and $500,000 U.S. referred to in paragraphs 25-30 above and an order requiring GM US to disgorge such amounts to Finance;

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007201

- 9 -

(h) a declaration that GM US has been unjustly enriched as a result of its receipt of the $576,672,670 Canadian referred to in paragraphs 32-38 above and an order requiring GM US to disgorge such amount to Investments;

(i) judgment jointly and severally against all of the defendants pursuant to section 5(3)(h) and/or (j) of the Third Schedule to the *Companies Act* and /or section 241(j) of the CBCA for damages and compensation in an amount to be determined plus interest at the rates prescribed by the Notes;

(j) costs of this action; and

(k) such further and other relief as counsel may advise and the court permit.

**Signature**
Signed March 2, 2009

Jeff Galway
Blake, Cassels & Graydon LLP
199 Bay Street, Suite 2800
Commerce Court West
Toronto, ON  M5L 1A9

Tel: 416-863-3859
Fax: 416-863-2653
E-mail: jeff.galway@blakes.com

John A. Keith
Cox & Palmer
Purdy's Wharf, Tower 1
1100-1959 Upper Water Street
Halifax, NS  B3J 3E5

Tel: 902-491-4217
Fax: 902-421-3130
E-mail: JKeith@coxandpalmer.com

Counsel for the Plaintiffs

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER
NGM000007202