**Exhibit 23.4**

April 23, 2009

General Motors Corporation
300 Renaissance Center
Detroit, MI 48265

**Re: Consent of Hamilton, Rabinovitz & Associates, Inc.**

Ladies and Gentlemen:

Hamilton, Rabinovitz & Associates, Inc., an independent firm expert in asbestos valuation, hereby consents to the incorporation by reference in the Form S-4 Registration Statement Under the Securities Act of 1933 listed in the table below of General Motors Corporation (the "Corporation") of the use of and references to (i) its name and (ii) its review of and reports concerning the Corporation's liability exposure for pending and estimatable unasserted asbestos-related claims to be filed with the Securities and Exchange Commission on or about April 27, 2009.

| Form | Registration Statement No. | Description |
|------|---------------------------|-------------|
| S-4  |                           | General Motors Corporation Proposed Bond Exchange |

Sincerely,

/s/ Dr. Francine F. Rabinovitz
Dr. Francine F. Rabinovitz, President
Hamilton, Rabinovitz & Associates, Inc.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

Exhibit 24.1

# POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

| SEC Registration(s) Statement on | Covering |
| --- | --- |
| Form S-4 | Registration of Securities for Issuance Pursuant to Restructuring Activities |

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/   ERSKINE B. BOWLES
Erskine B. Bowles

4/24/09
Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007790

## POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

SEC Registration(s) Statement on

Form S-4

Covering

Registration of Securities for Issuance Pursuant to Restructuring Activities

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/   ARMANDO M. CODINA

Armando M. Codina

4/24/09

Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

## POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

| SEC Registration(s) Statement on | Covering |
|---|---|
| Form S-4 | Registration of Securities for Issuance Pursuant to Restructuring Activities |

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/   ERROLL B. DAVIS, JR.
Erroll B. Davis, Jr.

4/25/09
Date

### POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert
C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of
substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director
of GM), to sign:

| SEC Registration(s) Statement on | Covering |
|---|---|
| Form S-4 | Registration of Securities for Issuance Pursuant to Restructuring Activities |

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all
exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said
attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and
necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying
and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or
cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/  GEORGE M.C. FISHER
George M.C. Fisher

4/25/09
Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007793

## POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

| SEC Registration(s) Statement on | Covering |
|---|---|
| Form S-4 | Registration of Securities for Issuance Pursuant to Restructuring Activities |

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/   FREDERICK A. HENDERSON
Frederick A. Henderson

4/24/09
Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007794

# POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

SEC Registration(s) Statement on
Form S-4

Covering
Registration of Securities for Issuance Pursuant to Restructuring Activities

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/   E. NEVILLE ISDELL
E. Neville Isdell

April 24, 2009
Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007795

## POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

| SEC Registration(s) Statement on | Covering |
|---|---|
| Form S-4 | Registration of Securities for Issuance Pursuant to Restructuring Activities |

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/   KAREN KATEN
Karen Katen

4/25/2009
Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

# POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

| SEC Registration(s) Statement on | Covering |
| --- | --- |
| Form S-4 | Registration of Securities for Issuance Pursuant to Restructuring Activities |

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/   KENT KRESA
Kent Kresa

4/26/2009
Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

# POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

| SEC Registration(s) Statement on | Covering |
|---|---|
| Form S-4 | Registration of Securities for Issuance Pursuant to Restructuring Activities |

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/    PHILIP A. LASKAWY
Philip A. Laskawy

04-24-2009
Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007798

# POWER OF ATTORNEY

The undersigned, a director of General Motors Corporation (GM), hereby constitutes and appoints Nick S. Cyprus, Robert C. Shrosbree, James Jordan, and Anne T. Larin, and each of them, my true and lawful attorneys-in-fact and agents, with full power of substitution and resubstitution, for me and in my name, place and stead, in any and all capacities (including my capacity as a director of GM), to sign:

| SEC Registration(s) Statement on | Covering |
|---|---|
| Form S-4 | Registration of Securities for Issuance Pursuant to Restructuring Activities |

and any or all amendments (including post-effective amendments) to such Registration Statement(s), and to file the same, with all exhibits thereto, and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do in person, hereby ratifying and confirming all that said attorneys-in-fact and agents or any of them, or their or my substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this power of attorney has been executed by the undersigned.

/s/   ECKHARD PFEIFFER
Eckhard Pfeiffer

4-24-2009
Date

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007799

## LETTER OF TRANSMITTAL

### Relating to the Exchange Offers
### and Consent Solicitations

**Outstanding Notes of General Motors Corporation and General Motors Nova Scotia Finance Company**

by

### GENERAL MOTORS CORPORATION and
### GENERAL MOTORS NOVA SCOTIA FINANCE COMPANY

**Pursuant to the Prospectus, dated April 27, 2009**

(as the same may be supplemented or amended from time to time, the "U.S. Prospectus")

EACH OF THE EXCHANGE OFFERS WILL EXPIRE AT 11:59 P.M., NEW YORK CITY TIME, ON MAY 26, 2009, UNLESS EXTENDED (SUCH DATE AND TIME, AS THE SAME MAY BE EXTENDED, THE "EXPIRATION DATE"). WITH RESPECT TO ANY SERIES OF OLD NOTES, TENDERS MAY NOT BE WITHDRAWN AFTER 11:59 P.M., NEW YORK CITY TIME, ON MAY 26, 2009 (SUCH DATE AND TIME, AS THE SAME MAY BE EXTENDED, THE "WITHDRAWAL DEADLINE"), EXCEPT IN LIMITED CIRCUMSTANCES AS SET FORTH IN THE APPLICABLE OFFER DOCUMENTS (AS DEFINED BELOW).

The Exchange Agent and Solicitation and Information Agent for the exchange offers and consent solicitations is:

| **D.F. King & Co., Inc.** | **D. F. King (Europe) Limited** |
|---|---|
| 48 Wall Street, 22nd Floor | One Ropemaker Street |
| New York, New York 10005 | London EC2Y 9HT |
| Banks and Brokers call: (212) 269-5550 | Banks and Brokers call: +44 20 7920 9700 |
| All others call toll free: (800) 769-7666 | All others call toll free: 00 800 5464 5464 |
| By Facsimile | Email: gm@dfking.com |
| (For Eligible Institutions Only) | |
| (212) 809-8838 | |
| Attn: Mark Fahey | |
| Email: gm@dfking.com | |

The Settlement and Escrow Agent for the non-USD old notes is:

**Deutsche Bank AG, London Branch**
**Deutsche Bank AG London**
Winchester House
1 Great Winchester Street
London EC2N 2DB
Email: xchange.offer@db.com

The Luxembourg Tender Agent for the exchange offers is:

**Deutsche Bank Luxembourg S.A.**
2, Bld Konrad Adenauer
L-1115 Luxembourg
Email: xchange.offer@db.com

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

Certain terms used and not defined herein shall have the respective meanings ascribed to them in the U.S. Prospectus.

The undersigned acknowledges that it has received the U.S. Prospectus as filed with the U.S Securities and Exchange Commission, or in the case of holders located outside of the United States, a separate U.K. prospectus dated on or about April 27, 2009 as approved by the United Kingdom Listing Authority or a separate Canadian offering memorandum dated April 27, 2009 (the "Canadian Offering Memorandum"), as applicable, and this letter of transmittal (as each may be amended or supplemented from time to time), copies of which accompany this letter (collectively, the "Offer Documents"), which together constitute GM's offer to purchase any and all of the outstanding old notes for the exchange consideration, as described in the Offer Documents.

**HOLDERS OF OLD NOTES AGREE THAT, BY CAUSING THEIR OLD NOTES TO BE TENDERED ON THEIR BEHALF THROUGH THE DEPOSITORY TRUST COMPANY'S ("DTC") AUTOMATED TENDER OFFER PROGRAM ("ATOP"), IT (A) MAY NOT WITHDRAW A TENDER OF SUCH OLD NOTES AFTER THE WITHDRAWAL DEADLINE, EXCEPT TO THE EXTENT REQUIRED BY LAW OR PROVIDED IN THE APPLICABLE OFFER DOCUMENTS, AND (B) AGREES TO BOUND BY THE TERMS AND CONDITIONS OF THE EXCHANGE OFFERS AS DESCRIBED IN THE APPLICABLE OFFER DOCUMENTS AND THIS LETTER OF TRANSMITTAL.**

Only owners of old notes validly tendered at or prior to the Expiration Date and not validly withdrawn will be eligible to receive the applicable exchange consideration. See "The Exchange Offers and Consent Solicitations—Procedures for Tendering Old Notes" in the U.S. Prospectus.

The exchange offers may be extended, amended, terminated or consummated as provided in the applicable Offer Documents. During any extension, we may instruct the Exchange Agent to retain validly tendered old notes and those old notes may not be withdrawn (subject to the limited circumstances required by law or provided in the applicable Offer Documents), will remain subject to the exchange offers and may be accepted thereafter for purchase by GM.

**No alternative, conditional or contingent tender of old notes will be accepted.** The undersigned waives all rights to receive notice of acceptance of such holder's old notes for purchase.

### PLEASE READ THIS ENTIRE LETTER OF TRANSMITTAL CAREFULLY BEFORE CHECKING ANY BOX BELOW

This letter of transmittal is to be used in respect of old notes tendered by book-entry transfer to the Exchange Agent's account at DTC pursuant to the procedures set forth under "The Exchange Offers and Consent Solicitations—Procedures for Tendering Old Notes" in the U.S. Prospectus, where instructions are not being transmitted through ATOP for such tender.

Custodians of old notes that are tendering by book-entry transfer to the Exchange Agent's account at DTC can execute a tender through ATOP by electronically transmitting their acceptance to DTC through ATOP, which will verify the acceptance and execute a book-entry delivery to the Exchange Agent's account at DTC. DTC will then send an agent's message to the Exchange Agent. Delivery of the agent's message by DTC will satisfy the terms of the exchange offers as to execution and delivery of a letter of transmittal by the participant identified in the agent's message. The agent's message must be received by the Exchange Agent at or prior to the Expiration Date for the relevant exchange offer for the tendering holders to be eligible to receive the applicable exchange consideration. An "agent's message" is a message transmitted by DTC, received by the Exchange Agent and forming part of the book-entry confirmation, which states that DTC has received an express acknowledgement from you that you have received the applicable Offer Documents including this letter of transmittal and agree to be bound by the terms of the letter of transmittal and that GM may enforce such agreement against you.

2

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007801

The undersigned should complete, execute and deliver this letter of transmittal to indicate the action the undersigned desires to take with respect to an exchange offer:

| **TENDER OF OLD NOTES** |
|---|
| ☐ CHECK HERE IF OLD NOTES ARE BEING DELIVERED BY BOOK-ENTRY TRANSFER MADE TO AN ACCOUNT MAINTAINED BY THE EXCHANGE AGENT WITH DTC AND COMPLETE THE FOLLOWING (ONLY PARTICIPANTS IN DTC MAY DELIVER OLD NOTES BY BOOK-ENTRY TRANSFER): <br><br> Name of Tendering Institution _____ <br><br> DTC Account Number _____ <br><br> Date Tendered _____ <br><br> Transaction Code Number _____ |

**The undersigned authorizes the Exchange Agent to deliver this letter of transmittal to GM as evidence of the undersigned's tender of old notes.**

THE COMPLETION, EXECUTION AND DELIVERY OF THIS LETTER OF TRANSMITTAL IN CONNECTION WITH THE TENDER OF OLD NOTES WILL BE DEEMED TO CONSTITUTE AGREEMENT THAT TENDERS OF OLD NOTES MAY NOT BE WITHDRAWN AFTER THE WITHDRAWAL DEADLINE FOR THE OFFER RELATED TO SUCH OLD NOTES, EXCEPT TO THE EXTENT REQUIRED BY LAW OR PROVIDED IN THE APPLICABLE OFFER DOCUMENTS.

QUESTIONS AND REQUESTS FOR ASSISTANCE OR FOR ADDITIONAL COPIES OF THE APPLICABLE OFFER DOCUMENTS AND THIS LETTER OF TRANSMITTAL MAY BE DIRECTED TO THE SOLICITATION AND INFORMATION AGENT.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007802

## PART A—DESCRIPTION OF OLD NOTES TENDERED

**THE UNDERSIGNED MUST COMPLETE THE APPROPRIATE BOX(ES) BELOW WITH RESPECT TO THE OLD NOTES TO WHICH THIS LETTER OF TRANSMITTAL RELATES.**

| DESCRIPTION OF OLD NOTES TENDERED | | | |
|---|---|---|---|
| Name(s) and Address(es) of Registered Holder(s) or Name of DTC Participant and Participant's DTC Account Number in Which Old Notes are Held (Please fill in if blank) | Title of Old Notes to be Tendered | Aggregate Principal Amount of Old Notes Represented | Aggregate Principal Amount of Old Notes Tendered (1) |
| | 1.50% Series D Convertible Senior Debentures due June 1, 2009 | | |
| | 7.20% Notes due January 15, 2011 | | |
| | 9.45% Medium-Term Notes due November 1, 2011 | | |
| | 7.125% Senior Notes due July 15, 2013 | | |
| | 7.70% Debentures due April 15, 2016 | | |
| | 8.80% Notes due March 1, 2021 | | |
| | 9.4% Medium-Term Notes due July 15, 2021 | | |
| | 9.40% Debentures due July 15, 2021 | | |
| | 8.25% Senior Debentures due July 15, 2023 | | |
| | 8.10% Debentures due June 15, 2024 | | |
| | 7.40% Debentures due September 1, 2025 | | |
| | 6¾% Debentures due May 1, 2028 | | |
| | 4.50% Series A Convertible Senior Debentures due March 6, 2032 | | |
| | 5.25% Series B Convertible Senior Debentures due March 6, 2032 | | |
| | 6.25% Series C Convertible Senior Debentures due July 15, 2033 | | |
| | 8.375% Senior Debentures due July 15, 2033 | | |
| | 7.75% Discount Debentures due March 15, 2036 | | |
| | 7.25% Quarterly Interest Bonds due April 15, 2041 | | |
| | 7.25% Senior Notes due July 15, 2041 | | |
| | 7.5% Senior Notes due July 1, 2044 | | |
| | 7.375% Senior Notes due May 15, 2048 | | |
| | 7.375% Senior Notes due May 23, 2048 | | |
| | 7.375% Senior Notes due October 1, 2051 | | |
| | 7.25% Senior Notes due February 15, 2052 | | |

If the space provided above is inadequate, list the information requested above on a separate signed schedule and attach that schedule to this letter of transmittal.

---

(1)   Unless otherwise indicated in this column, any tendering holder will be deemed to have tendered the entire principal amount represented by the old notes indicated in the column labeled "Aggregate Principal Amount Represented." See Instruction 2.

4

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007803

**PART B—CANADIAN RESIDENTS**

**IF THE UNDERSIGNED IS A CANADIAN RESIDENT, THE UNDERSIGNED MUST ALSO COMPLETE THE FOLLOWING:**

1.  The undersigned is resident in or subject to the laws of the province of (*check only one*):

| | | | | | |
|---|---|---|---|---|---|
| ☐ | British Columbia | ☐ | Alberta | ☐ | Saskatchewan |
| ☐ | Manitoba | ☐ | Ontario | ☐ | Québec |
| ☐ | New Brunswick | ☐ | Prince Edward Island | ☐ | Nova Scotia |
| ☐ | Newfoundland and Labrador | ☐ | Yukon Territory | ☐ | Northwest Territories |
| ☐ | Nunavut | | | | |

2.  With respect to old notes other than convertible old notes, the undersigned is an "accredited investor" as defined in Section 1.1. of National Instrument 45-106—*Prospectus and Registration Exemptions* by virtue of satisfying the applicable criteria indicated in Annex "A" attached hereto (***check appropriate box in Annex "A"***).

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007804

## NOTE: SIGNATURES MUST BE PROVIDED BELOW
## PLEASE READ THE ACCOMPANYING INSTRUCTIONS CAREFULLY

Ladies and Gentlemen:

By the execution hereof, the undersigned hereby acknowledges receipt of the Prospectus dated April 27, 2009 as filed with the U.S Securities and Exchange Commission (the "U.S. Prospectus"), or in the case of holders located outside of the United States, a separate U.K. prospectus dated on or about April 27, 2009 as approved by the United Kingdom Listing Authority or a separate Canadian offering memorandum dated April 27, 2009 (the "Canadian Offering Memorandum"), as applicable, and as each may be amended or supplemented from time to time, of General Motors Corporation, a Delaware corporation ("GM"), under which General Motors Nova Scotia Finance Company, a Nova Scotia unlimited company, is jointly making the exchange offers (together with GM, "we," "our," "us" or the "issuers"), and this letter of transmittal (as it may be supplemented and amended from time to time, this "letter of transmittal") (collectively, the "Offer Documents"). We urge you to review the applicable Offer Documents for the terms and conditions of the exchange offers and consent solicitations. Certain terms used but not defined herein have the meaning given to them in the U.S. Prospectus.

Upon the terms and subject to the conditions of the exchange offers, the undersigned hereby tenders to the issuer of its old notes the above-described principal amount of old notes. Subject to and effective upon the acceptance for exchange of the old notes tendered herewith, the undersigned hereby (1) irrevocably sells, assigns and transfers to the issuer of its old notes all right, title and interest in and to all such old notes as are being tendered herewith and (2) irrevocably appoints the Exchange Agent as its agent and attorney-in-fact (with full knowledge that the Exchange Agent is also acting as our agent with respect to the tendered old notes with full power coupled with an interest) to (a) transfer ownership of the old notes on the account books maintained by the applicable Clearing System, together with all accompanying evidences of transfer and authenticity, to or upon the order of the issuer of its old notes, (b) present the old notes for transfer on the relevant security register and (c) receive all benefits or otherwise exercise all rights of beneficial ownership of the old notes, all in accordance with the terms of the exchange offers.

If the undersigned tenders, and does not validly withdraw, 1.50% Series D Convertible Debentures due June 1, 2009 (the "old Series D notes"), the undersigned irrevocably agrees, in the event the exchange offers are extended beyond June 1, 2009 to extend the maturity of their old Series D notes and to forbear from taking any action to enforce, or direct enforcement of, and to waive any and all of the rights and remedies available to such holders under such old Series D notes or the indenture governing such old Series D notes, in each case until the earlier of (a) the termination of the exchange offers (including in the event GM files a petition for relief under the U.S. Bankruptcy Code) and (b) the consummation of the exchange offers (the date of such earlier event, the "Forbearance and Waiver Termination Date") (such agreement, the "Series D Forbearance, Waiver and Extension").

At the Forbearance and Waiver Termination Date, the Series D Forbearance, Waiver and Extension will expire and any and all principal and interest amounts otherwise due under any old Series D notes that remain outstanding (i.e., any old Series D notes not accepted for exchange in the exchange offers) will become immediately due and payable. The Series D Forbearance, Waiver and Extension will attach to any old Series D notes that have been tendered in the exchange offers and not validly withdrawn on or prior to May 26, 2009, which is the date set initially as the withdrawal deadline or such later date as the registration statement of which the U.S. Prospectus and this letter of transmittal form a part is declared effective or as GM in its absolute discretion may determine (the "Attachment Date"). The Attachment Date will also be the expiration and settlement dates for the exchange offer that we are making in which we are offering to exchange amended Series D notes (old Series D notes to which the Forbearance, Waiver and Extension have attached and which will not mature until the Forbearance, Waiver and Extension Termination Date) for old Series D notes.

By having tendered hereby, and not having validly withdrawn on or prior to the Attachment Date, old Series D notes, the undersigned hereby consents to the attachment of the Series D Forbearance, Waiver and Extension to such tendered old Series D notes, and GM may in its absolute discretion enter into a supplemental

6

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007805

indenture as of the Attachment Date or take such other action as it determines is appropriate (including by assigning a temporary or different CUSIP number to such old Series D notes) to evidence the attachment of the Series D Forbearance, Waiver and Extension to such old Series D notes; the undersigned shall also be deemed to have tendered any notes issued or deemed issued by GM in order to implement the Forbearance, Waiver and Extension. If the undersigned validly withdraws tendered old Series D notes prior to the Attachment Date, then such old Series D notes will not be subject to the Series D Forbearance, Waiver and Extension. However, if the undersigned validly withdraws its old Series D notes at any time following the Attachment Date (in the event withdrawal rights have been extended past or reinstated after the Attachment Date), then such old Series D notes, notwithstanding such withdrawal or any subsequent transfer, will continue to be subject to the Series D Forbearance, Waiver and Extension until the Forbearance, Waiver and Extension Termination Date.

Subject to applicable regulations of the Securities and Exchange Commission, if, for any reason whatsoever, acceptance for exchange of any old notes tendered pursuant to an exchange offer is delayed (whether before or after our acceptance for exchange of old notes) or we extend an exchange offer or are unable to accept for exchange the old notes tendered pursuant to an exchange offer, we may instruct the Exchange Agent to retain tendered old notes, and those old notes may not be withdrawn, except to the extent that you are entitled to the withdrawal rights set forth in the applicable Offer Documents. If you have tendered old notes, you may withdraw those old notes prior to the withdrawal deadline by submitting a withdrawal instruction to the relevant Clearing System subject to the limitations and requirements described in "The Exchange Offers and Consent Solicitations—Withdrawal of Tenders" in the U.S. Prospectus.

**The undersigned hereby represents and warrants that the undersigned has full power and authority to tender, sell, assign and transfer the old notes tendered hereby and to acquire the exchange consideration upon the exchange of such tendered old notes, and that, when the old notes are accepted for exchange, GM will acquire good, marketable and unencumbered title thereto, free and clear of all liens, restrictions, charges and encumbrances, and that the old notes tendered hereby are not subject to any adverse claims or proxies. The undersigned will, upon request, execute and deliver any additional documents deemed by us or the Exchange Agent to be necessary or desirable to complete the sale, assignment and transfer of the old notes tendered hereby. The undersigned has received the applicable Offer Documents and agrees to all of the terms of the exchange offers and the consent solicitations.**

**If the undersigned is not a resident of the United States, the undersigned hereby represents and warrants that (1) the undersigned is a "non-U.S. qualified offeree", as such term is defined in the U.S. Prospectus under the heading "Non-U.S. Offer Restrictions" and, (2) if the undersigned is a resident of Canada, the undersigned (i) is a Canadian resident, (ii) has reviewed and acknowledges the resale restrictions referred to in the Canadian Offering Memorandum under the heading "Resale Restrictions" and agrees not to resell the exchange consideration except in compliance with such resale restrictions, (iii) is basing its investment decision exclusively on the Canadian Offering Memorandum and not on any other information, including any advertising, concerning GM, GM Nova Scotia or the exchange offers and consent solicitations, and (iv) in respect of old notes other than convertible old notes, (A) is an "accredited investor" as defined in NI 45-106 by virtue of satisfying the specific criteria indicated by the undersigned in Annex "A", (B) is entitled under applicable Canadian securities laws to acquire the exchange consideration without the benefit of a prospectus qualified under those securities laws, and in the case of holders in provinces other than Ontario and Newfoundland, without the services of a dealer registered pursuant to those securities laws, (C) if in Ontario, is not an individual unless acquiring the exchange consideration from a fully-registered Ontario securities dealer or from a dealer registered in Ontario as a limited market dealer, (D) is acquiring the exchange consideration as principal for its own account, or is deemed to be acquiring the exchange consideration as principal by applicable law, and (E) was not created or used solely to acquire or hold the exchange consideration without a prospectus in reliance on an exemption from the prospectus requirements under applicable Canadian securities laws.**

**GM reserves the right not to accept as validly given any certification as to eligibility given by a holder of old notes if GM has reason to believe that such certification has not properly been given or is otherwise incorrect. As it may be unlawful in certain jurisdictions to deliver (or be deemed to have delivered)**

7

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007806

**exchange consideration to holders of old notes, such holders who are residents, citizens, nationals of or have otherwise some form of connection with certain jurisdictions are required to inform themselves about and observe any applicable legal requirements. It is the responsibility of any such holder wishing to accept the proposals to satisfy itself as to the full observance of the laws of the relevant jurisdiction in connection therewith, including the obtaining of any governmental, exchange control or other consents which may be required and the compliance with any other necessary formalities.**

The undersigned understands that tenders of old notes pursuant to any one of the procedures described in the U.S. Prospectus under the heading "The Exchange Offers and Consent Solicitations—Procedures for Tendering Old Notes" and in the instructions herein will, upon our acceptance for exchange of such tendered old notes, constitute a binding agreement between the undersigned and us upon the terms and subject to the conditions of the exchange offers.

Additionally, the undersigned understands that by tendering old notes in the exchange offers, the undersigned will be deemed to have consented to the proposed amendments in respect of the debt instruments governing their old notes as described in the U.S. Prospectus under the heading "Proposed Amendments", except that if the undersigned tenders "non-USD old notes" as such term is defined in the U.S. Prospectus prior to the date on which the registration statement of which the U.S. Prospectus forms a part is declared effective, then the undersigned will not be deemed to have consented to the proposed amendments. Except for holders of non-USD old notes who tender such old notes prior to the date on which the registration statement of which the U.S. Prospectus forms a part is declared effective, holders may not tender their old notes pursuant to the exchange offers without delivering consents to the proposed amendments, and holders may not deliver consents to the proposed amendments pursuant to the consent solicitations without tendering their old notes.

**The exchange offers are subject to certain conditions described in the section of the U.S. Prospectus entitled "The Exchange Offers and Consent Solicitations—Conditions to the Exchange Offers". The undersigned understands that our obligation to accept for exchange old notes validly tendered and not validly withdrawn pursuant to the exchange offers is subject to the conditions set forth in the Offer Documents. The undersigned recognizes that as a result of these conditions (certain of which may be waived, in whole or in part, by GM), as more particularly set forth in the Offer Documents, we may not be required to accept for exchange or to exchange any of the old notes tendered hereby and, in such event, the old notes not accepted for exchange will be returned to the undersigned at the address shown below the signature of the undersigned.**

Unless otherwise indicated in the boxes entitled "Special Delivery Instructions" or "Special Payment or Issuance Instructions" in this letter of transmittal, certificates for all securities issued as part of the Exchange Consideration in exchange for tendered old notes, and any old notes delivered herewith but not exchanged, will be registered in the name of and delivered to the undersigned at the address shown below the signature of the undersigned. If securities are to be issued as part of the exchange consideration to a person other than the person(s) signing this letter of transmittal, or if securities delivered as part of the exchange consideration are to be mailed to someone other than the person(s) signing this letter of transmittal, the appropriate boxes of this letter of transmittal should be completed. If old notes are surrendered by holder(s) that have completed either the box entitled "Special Delivery Instructions" or "Special Payment or Issuance Instructions" in this letter of transmittal, signature(s) on this letter of transmittal must be guaranteed by a Medallion Signature Guarantor (as defined in Instruction 3).

All authority herein conferred or agreed to be conferred in this letter of transmittal shall survive the death or incapacity of the undersigned and any obligation of the undersigned hereunder shall be binding upon the heirs, executors, administrators, personal representatives, trustees in bankruptcy, legal representatives, successors and assigns of the undersigned.

**THE UNDERSIGNED, BY COMPLETING THE BOXES ENTITLED "DESCRIPTION OF OLD NOTES TENDERED" AND IF APPLICABLE "CANADIAN RESIDENTS" ABOVE AND SIGNING AND DELIVERING THIS LETTER, WILL BE DEEMED TO HAVE TENDERED THE OLD NOTES AS SET FORTH IN SUCH BOXES.**

8

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007807

## REGISTERED HOLDERS OF OLD NOTES SIGN HERE

### (In addition, complete IRS Form W-9 below or applicable IRS Form W-8)

PLEASE SIGN HERE

PLEASE SIGN HERE

_____
Authorized Signature of Registered
Holder

_____
Authorized Signature of Registered
Holder

Must be signed by registered holder(s) exactly as name(s) appear(s) on the old notes or on a security position listing as the owner of the old notes or by person(s) authorized to become registered holder(s) by properly completed bond powers transmitted herewith. See Instruction 3. If signature is by attorney-in-fact, trustee, executor, administrator, guardian, officer of a corporation or other person acting in a fiduciary or representative capacity, please provide the following information:

Name: _____
Title: _____
Address: _____
_____
Telephone Number: _____
Date: _____

Name: _____
Title: _____
Address: _____
_____
Telephone Number: _____
Date: _____

Taxpayer Identification or Social Security Number

Taxpayer Identification or Social Security Number

9

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007808

## SIGNATURE GUARANTEE

### (If required, see Instruction 3)

Signature(s) Guaranteed by an
Eligible Institution: _____

                     Authorized Signature             Date: _____

Name of Eligible Institution
Guaranteeing Signature: _____  Address: _____

Capacity (full title): _____
Telephone Number: _____

| SPECIAL PAYMENT OR ISSUANCE INSTRUCTIONS (See Instructions 3, 4, 5 and 6) | SPECIAL DELIVERY INSTRUCTIONS (See Instructions 3, 4, 5 and 6) |
|---|---|
| To be completed ONLY if the exchange consideration and any accrued interest for the old notes accepted for purchase is paid to, or any old notes that are not tendered or are not accepted are to be issued in the name of someone other than the undersigned. | To be completed ONLY if the exchange consideration or any old notes that are not tendered or are not accepted are to be sent to someone other than the undersigned, or to the undersigned at an address other than that shown above. |
| **Deliver:** ☐ Exchange Consideration to:<br>☐ Old notes to:<br>☐ Check to:<br>(Check Appropriate Boxes) | **Deliver:** ☐ Exchange Consideration to:<br>☐ Old notes to:<br>☐ Check to:<br>(Check Appropriate Boxes) |
| Name(s) _____<br>Address _____<br>_____<br>Telephone Number: _____<br>_____<br>(Taxpayer Identification or Social Security Number) | Name(s) _____<br>Address _____<br>_____<br>Telephone Number: _____<br>_____<br>(Taxpayer Identification or Social Security Number) |
| ☐ Credit the exchange consideration and/or untendered old notes delivered by book-entry transfer to the DTC account set forth below:<br>_____<br>(Account Number)<br>_____<br>(Name of Account Party) | ☐ Credit the exchange consideration and/or untendered old notes delivered by book-entry transfer to the DTC account set forth below<br>_____<br>(Account Number)<br>_____<br>(Name of Account Party) |

10

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007809

## INSTRUCTIONS
### Forming Part of the Terms and Conditions of the Exchange Offers

**1.    Delivery of this Letter of Transmittal.**

All confirmations of any book-entry transfers delivered to the Exchange Agent's account at DTC, as well as a properly completed and duly executed copy of this letter of transmittal (or facsimile thereof), and any other documents required by this letter of transmittal with any required signature guarantees or, in the case of a book-entry transfer, an appropriate agent's message, must be received by the Exchange Agent at its address set forth herein on or prior to the expiration date. The method of delivery of this letter of transmittal, the old notes and all other required documents is at the election and risk of the holder. Except as otherwise provided below, the delivery will be deemed made only when actually received by the Exchange Agent.

Any beneficial holder whose old notes are registered in the name of a broker, dealer, bank, trust company, other nominee or custodian and who wishes to tender old notes in the exchange offers should contact such registered holder promptly and instruct such registered holder to tender on such beneficial holder's behalf. If such beneficial holder wishes to tender directly, such beneficial holder must, prior to completing and executing this letter of transmittal and tendering old notes, either make appropriate arrangements to register ownership of the old notes in such beneficial holder's own name or obtain a properly completed bond power from the registered holder. Beneficial holders should be aware that the transfer of registered ownership may take considerable time.

Delivery to an address other than as set forth herein, or instructions via a facsimile number other than the ones set forth herein, will not constitute a valid delivery.

GM expressly reserves the right, at any time or from time to time, to extend the expiration date by complying with certain conditions set forth in the applicable Offer Documents.

**LETTERS OF TRANSMITTAL SHOULD NOT BE SENT TO THE ISSUERS OR ANY CLEARING SYSTEM.**

**2.    Certificated Notes**

We believe that each series of old notes is currently represented by a global note deposited with a common depository at the applicable Clearing System. Old notes cannot be physically tendered. If you happen to hold old notes in physical, certificated form, you will need to deposit such old notes into the applicable Clearing System in order to participate in the exchange offers. If you need assistance in doing so, please contact the Solicitation and Information Agent at the address and telephone number set forth above.

**3.    Signature on this Letter of Transmittal; Written Instruments and Endorsements; Guarantee of Signatures.**

If this letter of transmittal is signed by the registered holder(s) of the old notes tendered hereby, the signature(s) must correspond with the name(s) as written on the face of the certificates without alteration or enlargement or any change whatsoever.

If any of the old notes tendered hereby are owned of record by two or more joint owners, all such owners must sign this letter of transmittal.

If a number of old notes registered in different names are tendered, it will be necessary to complete, sign and submit as many separate copies of this letter of transmittal as there are different registrations of old notes.

11

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007810

Signatures on all letters of transmittal must be guaranteed by a recognized participant in the Securities Transfer Agents Medallion Program, the New York Stock Exchange Medallion Signature Program or the Stock Exchange Medallion Program (a "Medallion Signature Guarantor"), unless the old notes tendered thereby are tendered (i) by a holder of old notes who has not completed either the box entitled "Special Delivery Instructions" or the box entitled "Special Payment or Issuance Instructions" on this letter of transmittal or (ii) for the account of a member firm of a registered national securities exchange, a member of the Financial Industry Regulatory Authority or a commercial bank or trust company having an office or correspondent in the United States (each of the foregoing being referred to as an "Eligible Institution"). If the old notes are registered in the name of a person other than the signer of the letter of transmittal or if old notes not accepted for purchase or not tendered are to be returned to a person other than the holder, then the signatures on the letters of transmittal accompanying the tendered old notes must be guaranteed by a Medallion Signature Guarantor as described above.

If this letter of transmittal is signed by the registered holder or holders of old notes listed and tendered hereby, no endorsements of the tendered old notes or separate written instruments of transfer or exchange are required. In any other case, the registered holder (or acting holder) must either properly endorse the old notes or transmit properly completed bond powers with this letter of transmittal (in either case executed exactly as the name(s) of the registered holder(s) appear(s) on the old notes, with the signature on the old notes or bond power guaranteed by a Medallion Signature Guarantor (except where the old notes are tendered for the account of an Eligible Institution).

If old notes are to be tendered by any person other than the person in whose name the old notes are registered, the old notes must be endorsed or accompanied by an appropriate written instrument or instruments of transfer executed exactly as the name or names of the holder or holders appear on the old notes, with the signature(s) on the old notes or instruments of transfer guaranteed as provided above, and this letter of transmittal must be executed and delivered either by the holder or holders, or by the tendering person pursuant to a valid proxy signed by the holder or holders, which signature must, in either case, be guaranteed as provided below.

**4.    Special Issuance, Delivery and Payment Instructions.**

Tendering holders should indicate, in the applicable box, the account at DTC in which the exchange consideration and accrued interest are to be issued and deposited, if different from the accounts of the person signing this letter of transmittal.

Tendering holders should indicate, in the applicable box, the name and address in which old notes for principal amounts not tendered or not accepted for exchange are to be issued and delivered, if different from the names and addresses of the person signing this letter of transmittal.

In the case of issuance or payment in a different name, the taxpayer identification number or social security number of the person named must also be indicated and the tendering holder should complete the applicable box.

If no instructions are given, the exchange consideration (and any old notes not tendered or not accepted) will be issued in the name of and delivered to the acting holder of the old notes or deposited at such holder's account at the applicable Clearing System, as applicable.

**5.    Transfer Taxes.**

GM shall pay all transfer taxes, if any, applicable to the exchange of old notes pursuant to the exchange offers. If, however, transfer taxes are payable in circumstances where certificates representing the securities issued as part of the exchange consideration or old notes for principal amounts not tendered or accepted for exchange are to be delivered to, or are to be registered or issued in the name of, any person other than the registered holder of the old notes tendered or where tendered old notes are registered in the name of any person other than the person signing this letter of transmittal, or if a transfer tax is imposed for any reason other than the exchange of old notes pursuant to the exchange offers, then the amount of any such transfer taxes (whether

12

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007811

imposed on the registered holder or any other person) will be payable by the tendering holder. If satisfactory evidence of payment of such taxes or exemption therefrom is not submitted herewith, the amount of such transfer taxes will be billed directly to such tendering holder.

Except as provided in this Instruction 5, it will not be necessary for transfer stamps to be affixed to the old notes listed in this letter of transmittal.

**6.    Waiver of Conditions.**

GM reserves the absolute right to waive, in whole or in part, any of the specified conditions to the exchange offers set forth in the Offer Documents.

**7.    Requests for Assistance or Additional Copies.**

Questions and requests for assistance relating to the Offer Documents, including this letter of transmittal and other related documents and relating to the procedure for tendering may be directed to the Exchange Agent at the address and telephone number set forth above.

Questions and requests for assistance or for additional copies of the Offer Documents may be directed to the Solicitation and Information Agent at the address and telephone number set forth above.

**8.    Validity and Form.**

All questions as to the validity, form, eligibility (including time of receipt) and acceptance for exchange or purchase of any tendered old notes pursuant to any of the instructions in this letter of transmittal, and the form and validity (including time of receipt of notices of withdrawal) of all documents will be determined by GM in its absolute discretion, which determination will be final and binding. GM reserves the absolute right to reject any or all tenders of any old notes determined by GM not to be in proper form, or if the acceptance of, or exchange of, such old notes may, in the opinion of counsel for GM, be unlawful. GM also reserves the right to waive any conditions to any offer that GM is legally permitted to waive.

Tender of old notes will not be deemed to have been validly made until all defects or irregularities in such tender have been cured or waived. All questions as to the form and validity (including time of receipt) of any delivery will be determined by GM in its absolute discretion, which determination shall be final and binding. None of GM, the Exchange Agent, the Solicitation and Information Agent, any Dealer Manager or any other person or entity is under any duty to give notification of any defects or irregularities in any tender or withdrawal of any old notes, or will incur any liability for failure to give any such notification.

**9.    Important Tax Information.**

**TO COMPLY WITH TREASURY DEPARTMENT CIRCULAR 230, YOU ARE HEREBY NOTIFIED THAT: (A) ANY DISCUSSION OF FEDERAL TAX ISSUES IN THIS LETTER OF TRANSMITTAL IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED BY YOU, FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON YOU UNDER THE INTERNAL REVENUE CODE OF 1986, AS AMENDED (THE "CODE"); (B) ANY SUCH DISCUSSION IS INCLUDED HEREIN BY THE ISSUER IN CONNECTION WITH THE SOLICITATION BY THE ISSUER OF TENDERS; AND (C) YOU SHOULD SEEK ADVICE BASED ON YOUR PARTICULAR CIRCUMSTANCES FROM AN INDEPENDENT TAX ADVISOR.**

Under current U.S. federal income tax law, the Exchange Agent (as payor) may be required to withhold a portion of any payments (including payments with respect to accrued interest) made to certain holders (or other payees) pursuant to the exchange offers and other transactions described in the U.S. Prospectus. To avoid such backup withholding, each tendering U.S. holder or other U.S. payee must provide the Exchange Agent with its

13

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

correct taxpayer identification number ("TIN") and certify that it is not subject to backup withholding by completing Form W-9 of the Internal Revenue Service (the "IRS"), or otherwise establish an exemption from the backup withholding rules. In general, for an individual, the TIN is such individual's social security number. If the Exchange Agent is not provided with the correct TIN, the U.S. holder (or other payee) may be subject to a $50 penalty imposed by the IRS. If an exemption from backup withholding is not established, any reportable payments will be subject to backup withholding at the applicable rate, currently 28%. Such reportable payments generally will be subject to information reporting, even if an exemption from backup withholding is established. If a US. holder has not been issued a TIN and has applied for one or intends to apply for one in the near future, such U.S. holder should write "Applied For" in the space provided for the TIN in Part I of Form W-9, sign and date the Form W-9 and the Certificate of Awaiting Taxpayer Identification Number. If "Applied For" is written in Part I and the Exchange Agent is not provided with a TIN prior to the date of payment, the Exchange Agent will withhold 28% of any reportable payments made to the U.S. holder. For further information concerning backup withholding and instructions for completing the attached Form W-9 (including how to obtain a TIN if you do not have one and how to complete Form W-9 if the old notes are held in more than one name), consult the instructions in Form W-9. All IRS forms mentioned herein may be obtained on the IRS website at www.irs.gov.

Certain persons (including, among others, all corporations and certain non-U.S. persons) are not subject to these backup withholding and reporting requirements. Exempt U.S. persons should indicate their exempt status on Form W-9. A Non-U.S. Holder generally will not be subject to backup withholding with respect to any reportable payments (including payments with respect to accrued interest) as long as (1) the payor or broker does not have actual knowledge or reason to know that the holder is a U.S. person, and (2) the holder has furnished to the payor or broker a properly executed IRS Form W-8 (or a successor form) certifying, under penalties of perjury, its status as a non-U.S. person or otherwise establishes an exemption. An IRS Form W-8 can be obtained from the Exchange Agent. Holders should consult their tax advisors as to any qualification for exemption from backup withholding and the procedure for obtaining the exemption. Backup withholding is not an additional U.S. federal income tax. Rather, the amount of U.S. federal income tax withheld will be creditable against the U.S. federal income tax liability of a person subject to backup withholding. If backup withholding results in an overpayment of U.S. federal income tax, a refund may be obtained provided that the required information is timely furnished to the IRS.

As to Non-U.S. Holders, payment of interest (including original issue discount) may be subject to a 30% U.S. withholding tax, or lower rate under an applicable treaty. Interest may be exempt from withholding if it qualifies as portfolio interest to the Non-US Holder. In order to claim a lower rate or exemption, a Non-US Holder must furnish a properly executed IRS Form W-8 (or a successor form) claiming a lower rate or exemption. Non-U.S. Holders should consult their tax advisors as to any qualification for a lower rate under an applicable treaty or exemption from withholding.

A person's failure to complete Form W-9, IRS Form W-8 or other appropriate form will not, by itself, cause such person's old notes to be deemed invalidly tendered, but may require the Exchange Agent to withhold a portion of any payments made to such person pursuant to the exchange offers and other transactions described in the U.S. Prospectus.

NOTE: FAILURE TO COMPLETE AND RETURN FORM W-9 (OR FORM W-8, AS APPLICABLE) MAY RESULT IN BACKUP WITHHOLDING OF 28% OF ANY REPORTABLE PAYMENTS MADE TO YOU PURSUANT TO THE OFFERS AND OTHER TRANSACTIONS DESCRIBED IN THE CONFIDENTIAL OFFERING MEMORANDUM. PLEASE REVIEW FORM W-9 AND INSTRUCTIONS CONTAINED IN THIS LETTER OF TRANSMITTAL FOR ADDITIONAL DETAILS OR CONTACT THE EXCHANGE AGENT FOR THE APPLICABLE FORM W-8.

IMPORTANT: THIS LETTER OF TRANSMITTAL OR A FACSIMILE THEREOF TOGETHER WITH OLD NOTES OR CONFIRMATION OF BOOK-ENTRY TRANSFER AND ALL OTHER REQUIRED DOCUMENTS MUST BE RECEIVED BY THE EXCHANGE AGENT ON OR PRIOR TO THE EXPIRATION DATE.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007813

**CERTIFICATE OF AWAITING TAXPAYER IDENTIFICATION NUMBER**

I certify, under penalties of perjury, that a taxpayer identification number has not been issued to me, and either (1) I have mailed or delivered an application to receive a taxpayer identification number to the appropriate Internal Revenue Service Center or Social Security Administration Office or (2) I intend to mail or deliver an application in the near future. I understand that, if I do not provide a taxpayer identification number by the time of payment, a portion (currently 28%) of all reportable payments made to me will be withheld and remitted to the Internal Revenue Service.

SIGNATURE: _____    DATE: _____

15

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007814

## ANNEX A—"ACCREDITED INVESTORS" IN CANADA

With respect to old notes other than convertible old notes, the undersigned is an "accredited investor" as defined in Section 1.1. of National Instrument 45-106—*Prospectus and Registration Exemptions* by virtue of indicating the applicable criteria for qualifying as an "accredited investor" set forth below (*check the appropriate box*).

| | | |
|---|---|---|
| ☐ | (a) | a Canadian financial institution, or a Schedule III bank, |
| ☐ | (b) | the Business Development Bank of Canada incorporated under the *Business Development Bank of Canada Act* (Canada), |
| ☐ | (c) | a subsidiary of any person referred to in paragraphs (a) or (b), if the person owns all of the voting securities of the subsidiary, except the voting securities required by law to be owned by directors of that subsidiary, |
| ☐ | (d) | a person registered under the securities legislation of a jurisdiction of Canada as an adviser or dealer, other than a person registered solely as a limited market dealer under one or both of the *Securities Act* (Ontario) or the *Securities Act* (Newfoundland and Labrador), |
| ☐ | (e) | an individual registered or formerly registered under the securities legislation of a jurisdiction of Canada as a representative of a person referred to in paragraph (d), |
| ☐ | (f) | the Government of Canada or a jurisdiction of Canada, or any crown corporation, agency or wholly owned entity of the Government of Canada or a jurisdiction of Canada, |
| ☐ | (g) | a municipality, public board or commission in Canada and a metropolitan community, school board, the Comité de gestion de la taxe scolaire de l'île de Montréal or an intermunicipal management board in Québec, |
| ☐ | (h) | any national, federal, state, provincial, territorial or municipal government of or in any jurisdiction other than Canada or a province or territory of Canada, or any agency of that government, |
| ☐ | (i) | a pension fund that is regulated by either the Office of the Superintendent of Financial Institutions (Canada) or a pension commission or similar regulatory authority of a jurisdiction of Canada, |
| ☐ | (j) | an individual who, either alone or with a spouse, beneficially owns, directly or indirectly, financial assets having an aggregate realizable value that before taxes, but net of any related liabilities, exceeds C$1,000,000, |
| ☐ | (k) | an individual whose net income before taxes exceeded C$200,000 in each of the two (2) most recent calendar years or whose net income before taxes combined with that of a spouse exceeded C$300,000 in each of the two (2) most recent calendar years and who, in either case, reasonably expects to exceed that net income level in the current calendar year, |
| ☐ | (l) | an individual who, either alone or with a spouse, has net assets of at least C$5,000,000, |
| ☐ | (m) | a person, other than an individual or investment fund, that has net assets of at least C$5,000,000 as shown on its most recently prepared financial statements and that has not been created or used solely to purchase or hold securities as an accredited investor as defined in this paragraph (m), |
| ☐ | (n) | an investment fund that distributes or has distributed its securities only to: <br><br> (i)  a person that is or was an accredited investor at the time of the distribution, <br><br> (ii)  a person that acquires or acquired securities in the circumstances referred to in sections 2.10 *[minimum amount investment exemption]* of NI 45-106, and 2.19 *[additional investment in investment funds exemption]* of NI 45-106, or <br><br> (iii)  a person described in paragraph (i) or (ii) that acquires or acquired securities under section 2.18 *[investment fund reinvestment exemption]* of NI 45-106, |

16

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007815

| | | |
|---|---|---|
| ☐ | (o) | an investment fund that distributes or has distributed securities under a prospectus in a jurisdiction of Canada for which the regulator or, in Québec, the securities regulatory authority, has issued a receipt, |
| ☐ | (p) | a trust company or trust corporation registered or authorized to carry on business under the *Trust and Loan Companies Act* (Canada) or under comparable legislation in a jurisdiction of Canada or a jurisdiction other than Canada or a province or territory of Canada, acting on behalf of a <u>fully managed account</u> managed by the trust company or trust corporation, as the case may be, |
| ☐ | (q) | a <u>person</u> acting on behalf of a <u>fully managed account</u> managed by that person, if that <u>person</u>: <br> (i) is registered or authorized to carry on business as an adviser or the equivalent under the securities legislation of a jurisdiction of Canada or a jurisdiction other than Canada or a province or territory of Canada, and <br> (ii) in Ontario, is purchasing a security that is not a security of an investment fund, |
| ☐ | (r) | a registered charity under the *Income Tax Act* (Canada) that, in regard to the trade, has obtained advice from an eligibility adviser or an adviser registered under the securities legislation of the jurisdiction of the registered charity to give advice on the securities being traded, |
| ☐ | (s) | an entity organized in a jurisdiction other than Canada or a province or territory of Canada that is analogous to any of the entities referred to in paragraphs (a) to (d) or paragraph (i) in form and function, |
| ☐ | (t) | a <u>person</u> in respect of which all of the owners of interests, direct, indirect or beneficial, except the voting securities required by law to be owned by directors, are <u>persons</u> that are accredited investors, |
| ☐ | (u) | an investment fund that is advised by a <u>person</u> registered as an adviser or a <u>person</u> that is exempt from registration as an adviser, or |
| ☐ | (v) | a <u>person</u> that is recognized or designated by the securities regulatory authority or, except in Ontario and Québec, the regulator as <br> (i) an accredited investor, or <br> (ii) an exempt purchaser in Alberta or British Columbia. |

**DEFINITIONS**

"**financial assets**" means

    (a)  cash,

    (b)  securities, or

    (c)  a contract of insurance, a deposit or an evidence of a deposit that is not a security for the purposes of securities legislation;

"**fully managed account**" means an account of a client for which a <u>person</u> makes the investment decisions if that <u>person</u> has full discretion to trade in securities for the account without requiring the client's express consent to a transaction;

"**person**" includes

    (a)  an individual,

    (b)  a corporation,

    (c)  a partnership, trust, fund and an association, syndicate, organization or other organized group of persons, whether incorporated or not, and

    (d)  an individual or other person in that person's capacity as a trustee, executor, administrator or personal or other legal representative;

17

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007816

"**related liabilities**" means

    (a)   liabilities incurred or assumed for the purpose of financing the acquisition or ownership of <u>financial assets</u>, or

    (b)   liabilities that are secured by <u>financial assets</u>;

"**spouse**" means, an individual who,

    (a)   is married to another individual and is not living separate and apart within the meaning of the *Divorce Act* (Canada), from the other individual,

    (b)   is living with another individual in a marriage-like relationship, including a marriage-like relationship between individuals of the same gender, or

    (c)   in Alberta, is an individual referred to in paragraph (a) or (b), or is an adult interdependent partner within the meaning of the *Adult Interdependent Relationships Act* (Alberta).

18

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

Letter to Brokers

# General Motors Corporation

### Exchange Offers and Consent Solicitations

**Pursuant to the Prospectus, dated April 27, 2009**

> EACH OF THE EXCHANGE OFFERS WILL EXPIRE AT 11:59 P.M., NEW YORK CITY TIME, ON MAY 26, 2009, UNLESS EXTENDED. WITH RESPECT TO ANY SERIES OF OLD NOTES, TENDERS MAY NOT BE WITHDRAWN AFTER 11:59 P.M., NEW YORK CITY TIME, ON MAY 26, 2009, EXCEPT IN LIMITED CIRCUMSTANCES AS SET FORTH IN THE APPLICABLE OFFER DOCUMENTS (AS DEFINED BELOW).

**April 27, 2009**

To Brokers, Dealers, Commercial Banks, Trust Companies and Other Nominees:

We are enclosing herewith the documents listed below relating to the offer by General Motors Corporation ("GM") and General Motors Nova Scotia Finance Company, (together with GM, "we," "our," "us" or the "issuers") to exchange (the "Exchange Offers") 225 shares of GM common stock for each 1,000 U.S. dollar equivalent of principal amount (or accreted value, if applicable) of each series of old notes set forth on Annex A hereto ("old notes"), in accordance with and subject to the terms and conditions set forth in the prospectus dated April 27, 2009 as filed with the U.S Securities and Exchange Commission (the "U.S. Prospectus"), or in the case of holders located outside of the United States, in accordance with and subject to the terms and conditions set forth in a separate U.K. prospectus dated on or about April 27, 2009 as approved by the United Kingdom Listing Authority or a separate Canadian offering memorandum dated April 27, 2009 (the "Canadian Offering Memorandum"), as applicable, copies of which accompany this letter, and the letter of transmittal (as each may be amended or supplemented from time to time) (collectively, the "Offer Documents"). Certain terms used and not defined herein shall have the respective meanings ascribed to them in the U.S. Prospectus.

In addition, in connection with the Exchange Offers, (a) we will pay, in cash, accrued interest on old GM notes, other than the discount notes, and (b) GM Nova Scotia will pay, in cash, accrued interest on the old GM Nova Scotia notes, in each case, from and including the most recent interest payment date to, but not including, the settlement date.

Concurrently with the exchange offers, we are soliciting consents (the "Consent Solicitations") from the holders of old notes to amend (the "Proposed Amendments") the terms of the debt instruments that govern each series of old notes. Under these proposed amendments (a) the material covenants and events of default other than the obligation to pay principal and interest on the old notes would be removed and (b) an early call option would be added in each series of non-USD old notes (as defined below), which we would exercise to redeem any non-tendered non-USD old notes for the exchange consideration offered pursuant to the Exchange Offers (*i.e.*, 225 shares of GM common stock per 1,000 U.S. dollar equivalent of principal amount of non-USD old notes). Except for holders who tender non-USD old notes prior to the date on which the registration statement of which the U.S. Prospectus forms a part is declared effective, holders may not tender their old notes pursuant to the Exchange Offers without delivering consents to the Proposed Amendments, and holders may not deliver consents to the Proposed Amendments pursuant to the Consent Solicitations without tendering their old notes.

We are requesting that you contact your clients for whom you hold old notes through your account (the "Beneficial Holders") with The Depository Trust Company ("DTC") regarding the Exchange Offers and Consent Solicitations. For your information and for forwarding to your clients for whom you hold old notes registered in your name or in the name of your nominee, we are enclosing the following documents:

1. A form of letter which may be sent to your clients for whose account you hold old notes through your DTC account, which contains a form that may be sent from your clients to you with such clients' instruction with regard to the Exchange Offers and Consent Solicitations;

2. Letter of Transmittal (together with accompanying Substitute Form W-9 and related Guidelines); and

3. A copy of the appropriate Offer Documents based on each Beneficial Holder's residence.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

The Exchange Offers and Consent Solicitations are being made in various jurisdictions. In order to comply with the laws of the local jurisdiction where each Beneficial Holder is a resident, you must send each Beneficial Holder a copy of the appropriate Offer Document that corresponds to the jurisdiction in which such Beneficial Holder is resident as follows:

- United States residents must receive the U.S. Prospectus dated April 27, 2009, as filed with the SEC;

- Canadian residents must receive the Canadian Offering Memorandum dated April 27, 2009; and

- Residents of any country other than the United States or Canada must receive a copy of the U.K. Prospectus dated on or about April 27, 2009, as approved by the United Kingdom Listing Authority only if such resident is a "non-U.S. qualified offeree" (as defined in the U.S. Prospectus).

**YOUR PROMPT ACTION IS REQUESTED. OLD NOTES TENDERED PURSUANT TO THE EXCHANGE OFFERS MAY BE WITHDRAWN AT ANY TIME BEFORE THE WITHDRAWAL DEADLINE. WE URGE YOU TO CONTACT YOUR CLIENTS AS PROMPTLY AS POSSIBLE IN ORDER TO OBTAIN THEIR INSTRUCTIONS.**

GM will agree to pay a soliciting dealer fee equal to $5.00 for each 1,000 U.S. dollar equivalent principal amount (or, in the case of the discount notes, accreted value) of old notes that are validly tendered and accepted for purchase pursuant to the Exchange Offers to retail brokers that are appropriately designated by their Beneficial Holder clients to receive this fee, but only if the old notes for each applicable series that are tendered by or for that Beneficial Holder have an aggregate U.S. dollar equivalent principal amount of $250,000 or less. Soliciting dealer fees will only be paid to retail brokers upon consummation of the Exchange Offers. No soliciting dealer fees will be paid if the Exchange Offers are not consummated, and such fee will be payable thereafter upon request by the soliciting dealers and presentation of such supporting documentation of GM may reasonably request. In addition, we will pay brokerage houses and other custodians, nominees and fiduciaries their reasonable out-of-pocket expenses incurred in connection with forwarding copies of the Offer Documents and related documents to the beneficial owners of old notes and in connection with handling or forwarding tenders for exchange and payment. We will pay or cause to be paid any transfer taxes applicable to the tender of old notes. You must return the Soliciting Dealer Form set forth on Annex B hereto to the Exchange Agent to receive the soliciting dealer fee.

Any inquiries you may have with respect to Exchange Offers or Consent Solicitations, or requests for additional copies of the enclosed materials or the Letter of Transmittal, should be directed to D.F. King & Co., Inc., the Solicitation and Information Agent for the Exchange Offers, at their New York office telephonically at (212) 269-5550 (collect), toll free at (800) 769-7666 or by facsimile at (212) 809-8838 or, at their London office telephonically at +44 20 7920 9700 (collect), toll free at 00 800 5464 5464 or by facsimile at 20 7588 7300 or in each case through email at gm@dfking.com.

Please refer to "The Exchange Offers and Consent Solicitation—Procedures for Tendering Old Notes" in the U.S. Prospectus for a description of the procedures which must be followed to tender old notes in the Exchange Offers and participate in the Consent Solicitations.

Very truly yours,

General Motors Corporation

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL CONSTITUTE YOU OR ANY OTHER PERSON AS THE AGENT OF GM OR THE EXCHANGE AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR TO MAKE ANY STATEMENT ON BEHALF OF ANY OF THEM IN CONNECTION WITH THE EXCHANGE OFFERS OTHER THAN THE DOCUMENTS ENCLOSED HEREWITH AND THE STATEMENTS CONTAINED THEREIN.**

Enclosures

2

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007819

## Annex A

The table below identifies the corresponding CUSIP/ISIN, outstanding principal amount and applicable debt instrument governing each series of old notes subject to the Exchange Offers and Consent Solicitations.

| Series of Old Notes | | | |
|---|---|---|---|
| CUSIP /ISIN | Outstanding Principal Amount (1) | Title of Old Notes to be Tendered | Applicable Debt Instrument (2) |
| *USD Old Notes* | | | |
| 370442691 | USD 1,001,600,875 | 1.50% Series D Convertible Senior Debentures due June 1, 2009 | 1995 Indenture |
| 370442BB0 | USD 1,500,000,000 | 7.20% Notes due January 15, 2011 | 1995 Indenture |
| 37045EAS7 | USD 48,175,000 | 9.45% Medium-Term Notes due November 1, 2011 | 1990 Indenture |
| 370442BS3 | USD 1,000,000,000 | 7.125% Senior Notes due July 15, 2013 | 1995 Indenture |
| 370442AU9 | USD 500,000,000 | 7.70% Debentures due April 15, 2016 | 1995 Indenture |
| 370442AJ4 | USD 524,795,000 | 8.80% Notes due March 1, 2021 | 1990 Indenture |
| 37045EAG3 | USD 15,000,000 | 9.4% Medium-Term Notes due July 15, 2021 | 1990 Indenture |
| 370442AN5 | USD 299,795,000 | 9.40% Debentures due July 15, 2021 | 1990 Indenture |
| 370442BW4 | USD 1,250,000,000 | 8.25% Senior Debentures due July 15, 2023 | 1995 Indenture |
| 370442AV7 | USD 400,000,000 | 8.10% Debentures due June 15, 2024 | 1995 Indenture |
| 370442AR6 | USD 500,000,000 | 7.40% Debentures due September 1, 2025 | 1990 Indenture |
| 370442AZ8 | USD 600,000,000 | 6 3/4% Debentures due May 1, 2028 | 1995 Indenture |
| 370442741 | USD 39,422,775 | 4.50% Series A Convertible Senior Debentures due March 6, 2032 | 1995 Indenture |
| 370442733 | USD 2,600,000,000 | 5.25% Series B Convertible Senior Debentures due March 6, 2032 | 1995 Indenture |
| 370442717 | USD 4,300,000,000 | 6.25% Series C Convertible Senior Debentures due July 15, 2033 | 1995 Indenture |
| 370442BT1 | USD 3,000,000,000 | 8.375% Senior Debentures due July 15, 2033 | 1995 Indenture |
| 370442AT2 | USD 377,377,000(1) | 7.75% Discount Debentures due March 15, 2036 | 1995 Indenture |
| 370442816 | USD 575,000,000 | 7.25% Quarterly Interest Bonds due April 15, 2041 | 1995 Indenture |
| 370442774 | USD 718,750,000 | 7.25% Senior Notes due July 15, 2041 | 1995 Indenture |
| 370442121 | USD 720,000,000 | 7.5% Senior Notes due July 1, 2044 | 1995 Indenture |
| 370442725 | USD 1,115,000,000 | 7.375% Senior Notes due May 15, 2048 | 1995 Indenture |
| 370442BQ7 | USD 425,000,000 | 7.375% Senior Notes due May 23, 2048 | 1995 Indenture |
| 370442766 | USD 690,000,000 | 7.375% Senior Notes due October 1, 2051 | 1995 Indenture |
| 370442758 | USD 875,000,000 | 7.25% Senior Notes due February 15, 2052 | 1995 Indenture |

3

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007820

| Series of Old Notes | | | |
|---|---|---|---|
| CUSIP /ISIN | Outstanding Principal Amount (1) | Title of Old Notes to be Tendered | Applicable Debt Instrument (2) |
| *Euro Old Notes* | | | |
| XS0171942757 | EUR 1,000,000,000 | 7.25% Notes due July 3, 2013 | July 3, 2003 FPAA |
| XS0171943649 | EUR 1,500,000,000 | 8.375% Notes due July 5, 2033 | July 3, 2003 FPAA |
| *Old GM Nova Scotia Notes* | | | |
| XS0171922643 | GBP 350,000,000 | 8.375% Guaranteed Notes due December 7, 2015 | July 10, 2003 FPAA |
| XS0171908063 | GBP 250,000,000 | 8.875% Guaranteed Notes due July 10, 2023 | July 10, 2003 FPAA |

(1) Represents the principal amount at maturity. The exchange consideration offered to holders of discount notes will be based on the accreted value thereof as of the settlement date. As of June 30, 2009, the accreted value of the discount notes will be $568.94 per $1,000 principal amount at maturity thereof.

(2) The debt instruments governing the old notes are the (a) Indenture dated as of November 15, 1990 between GM and Wilmington Trust Company, as Successor Trustee (the "1990 Indenture"); (b) Indenture dated as of December 7, 1995 between GM and Wilmington Trust Company, as Successor Trustee (the "1995 Indenture"); (c) Fiscal and Paying Agency Agreement dated as of July 3, 2003 among GM, Deutsche Bank AG London and Banque Générale du Luxembourg S.A. (the "July 3, 2003 FPAA"); and (d) Fiscal and Paying Agency Agreement dated as of July 10, 2003 among General Motors Nova Scotia Finance Company, GM, Deutsche Bank Luxembourg S.A. and Banque Générale du Luxembourg S.A. (the "July 10, 2003 FPAA"), in each case as amended or supplemented prior to the date of this U.S. Prospectus.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007821

**Annex B**

### SOLICITING DEALER FORM

As described in the U.S. Prospectus, General Motors will pay a soliciting dealer fee of $5.00 for each 1,000 U.S. dollar equivalent principal amount of old notes that are validly tendered and accepted for purchase pursuant to the applicable exchange offer to retail brokers that are appropriately designated by their clients to receive this fee, but only for old notes tendered by or for a beneficial owner if the old notes for each applicable series tendered by or for that beneficial owner have an aggregate U.S. dollar equivalent principal amount of $250,000 or less. In order to be eligible to receive the soliciting dealer fee, this Soliciting Dealer Form, properly completed, must be received by the Exchange Agent at or prior to the Expiration Date applicable to such old notes. General Motors shall, in its sole discretion, determine whether a broker has satisfied the criteria for receiving a soliciting dealer fee (including, without limitation, the submission of the appropriate documentation without defects or irregularities and in respect of bona fide tenders). General Motors will pay soliciting dealer fees promptly after the Settlement Date applicable to such old notes. Tendering holders are not obligated to pay brokerage fees or commissions to the Dealer Manager, the Exchange Agent, the Solicitation and Information Agent or General Motors.

**NAME AND ADDRESS OF BROKER, DEALER, COMMERCIAL BANK, TRUST COMPANY OR ANY OTHER ELIGIBLE RECIPIENT THAT SOLICITED INSTRUCTIONS TO SUBMIT**

Name of Firm _____
(Please Print)

Attention of Individual at Firm _____
(Please Print)

Address: (Street) _____

(City, State/ Province/Region and Zip /Postal Code) _____

_____

(Country) _____

Telephone Number _____

If payment of the soliciting dealer fee is to be made by wire transfer, include wire transfer instructions below:

Bank Name: _____    ABA#: _____

Account Name: _____    Account#: _____

5

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER
NGM000007822

**Beneficial Owners tendering not more than 250,000 U.S. dollar equivalent principal amount for each applicable series of Old Notes**

| Beneficial Owners | Transaction Code Reference Number | Title of Old Notes Tendered | Aggregate Principal Amount Participating |
|---|---|---|---|
| Beneficial Owner #1 | | | |
| Beneficial Owner #2 | | | |
| Beneficial Owner #3 | | | |
| Beneficial Owner #4 | | | |
| Beneficial Owner #5 | | | |
| Beneficial Owner #6 | | | |

**(Attach additional list, if necessary and affix the list to this Soliciting Dealer Form)**

Aggregate Soliciting Dealer Fee: _____

**\*\*\*\***

### RETURN THIS SOLICITING DEALER FORM TO THE EXCHANGE AGENT

The acceptance of compensation by such soliciting dealer will constitute a representation by it that (a) it has complied with the applicable requirements of the Securities Exchange Act of 1934, as amended, and the applicable rules and regulations thereunder, in connection with such solicitation; (b) it is entitled to such compensation for such solicitation under the terms and conditions of the exchange offers; (c) in soliciting a tender, it has used no solicitation materials other than those furnished by General Motors; and (d) if it is a foreign broker or dealer not eligible for membership in the Financial Institution Regulatory Authority ("FINRA"), it has agreed to conform to the FINRA's Rules of Fair Practice in making solicitations.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007823

**Letter to Clients**

# General Motors Corporation

### Exchange Offers and Consent Solicitations

### Pursuant to the Prospectus dated April 27, 2009

> EACH OF THE EXCHANGE OFFERS WILL EXPIRE AT 11:59 P.M., NEW YORK CITY TIME, ON MAY 26, 2009, UNLESS EXTENDED. WITH RESPECT TO ANY SERIES OF OLD NOTES, TENDERS MAY NOT BE WITHDRAWN AFTER 11:59 P.M., NEW YORK CITY TIME, ON MAY 26, 2009, EXCEPT IN LIMITED CIRCUMSTANCES AS SET FORTH IN THE APPLICABLE OFFER DOCUMENTS (AS DEFINED BELOW).

**April 27, 2009**

To Our Clients:

This letter relates to the offer by General Motors Corporation ( "GM") and General Motors Nova Scotia Finance Company (together with GM, "we," "our," "us" or the "issuers") to exchange (the "Exchange Offers") 225 shares of GM common stock for each 1,000 U.S. dollar equivalent of principal amount (or accreted value, if applicable) of each series of old notes set forth on Annex A hereto (the "old notes"), in accordance with and subject to the terms and conditions set forth in the prospectus dated April 27, 2009 as filed with the U.S Securities and Exchange Commission (the "U.S. Prospectus"), or in the case of holders located outside of the United States, in accordance with and subject to the terms and conditions set forth in a separate U.K. prospectus dated on or about April 27, 2009 as approved by the United Kingdom Listing Authority (the "U.K. Prospectus") or a separate Canadian offering memorandum dated April 27, 2009 (the "Canadian Offering Memorandum"), as applicable, copies of which accompany this letter, and the letter of transmittal (as each may be amended or supplemented from time to time) (collectively, the "Offer Documents"). Certain terms used and not defined herein shall have the respective meanings ascribed to them in the U.S. Prospectus.

In addition, (a) GM will pay, in cash, accrued interest on old GM notes, other than the discount notes, and (b) GM Nova Scotia will pay, in cash, accrued interest on the old GM Nova Scotia notes, in each case, from and including the most recent interest payment date to, but not including, the settlement date.

Concurrently with the exchange offers, we are soliciting consents (the "Consent Solicitations") from the holders of old notes to amend (the "Proposed Amendments") the terms of the debt instruments that govern each series of old notes. Under these proposed amendments (a) the material covenants and events of default other than the obligation to pay principal and interest on the old notes would be removed and (b) an early call option would be added in each series of non-USD old notes (as defined below), which we would exercise to redeem any non-tendered non-USD old notes for the exchange consideration offered pursuant to the Exchange Offers (*i.e.*, 225 shares of GM common stock per 1,000 U.S. dollar equivalent of principal amount of non-USD old notes). Except for holders who tender non-USD old notes prior to the date on which the registration statement of which the U.S. Prospectus forms a part is declared effective, holders may not tender their old notes pursuant to the Exchange Offers without delivering consents to the Proposed Amendments, and holders may not deliver consents to the Proposed Amendments pursuant to the Consent Solicitations without tendering their old notes.

This material is being forwarded to you as the beneficial owner of the old notes held by us for your account but not registered in your name. A TENDER OF SUCH OLD NOTES MAY ONLY BE MADE BY US AS A PARTICIPANT IN THE DEPOSITORY TRUST COMPANY PURSUANT TO YOUR INSTRUCTIONS.

Accordingly, we request instructions as to whether you wish us to tender on your behalf the old notes held by us for your account and consent to the Proposed Amendments applicable to such old notes, pursuant to the terms and conditions set forth in the enclosed Offer Documents. You may only tender your old notes by book-entry transfer of the old notes into the exchange agent's account at The Depository Trust Company. We urge you

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007824

to read carefully the applicable Offer Documents, including the documents incorporated by reference therein, and the related letter of transmittal before instructing us to tender your old notes. IF YOU ARE NOT A RESIDENT IN THE UNITED STATES, YOU MAY ONLY PARTICIPATE IN THE EXCHANGE OFFERS AND CONSENT SOLICITATIONS (1) IF YOU ARE A "NON-U.S. QUALIFIED OFFEREE" (AS DEFINED IN THE U.S. PROSPECTUS) AND (2) (A) IF YOU ARE RESIDENT IN CANADA, PURSUANT TO THE CANADIAN OFFERING MEMORANDUM OR (B) IF YOU ARE RESIDENT OUTSIDE OF THE UNITED STATES AND CANADA, PURSUANT TO THE U.K. PROSPECTUS. Copies of the relevant Offer Documents (including the related letter of transmittal) may be requested directly from D.F. King & Co., Inc. at their New York office at (800) 769-7666 (toll-free) or (212) 269-5550 (collect) or, at their London office at 00 800 5464 5464 (toll free) or +44 20 7920 9700 (collect) or in each case through email at gm@dfking.com.

Your instructions should be returned to us as promptly as possible in order to permit us to tender the old notes on your behalf in accordance with the provisions of the Exchange Offers and Consent Solicitations. The Exchange Offers and Consent Solicitations will expire at 11:59 p.m., New York City time, on May 26, 2009, unless extended. Any old notes tendered pursuant to the Exchange Offers may be withdrawn at any time before 11:59 p.m., New York City time, on May 26, 2009.

Your attention is directed to the following:

1.  The Exchange Offers are for any and all old notes.

2.  The Exchange Offers are subject to certain conditions. See the section of the U.S. Prospectus captioned "The Exchange Offers and Consent Solicitations—Conditions to the Exchange Offers."

3.  GM will pay or cause to be paid any transfer taxes incident to the transfer of the old notes to GM.

4.  Each holder who tenders old notes in the Exchange Offers will be deemed to have consented to the Proposed Amendments in respect of the debt instruments governing their old notes, except that if a holder tenders non-USD old notes prior to the date on which the registration statement of which the U.S. Prospectus forms a part is declared effective, then the holder will not be deemed to have consented to the Proposed Amendments with respect to such non-USD old notes. Except for holders of non-USD old notes who tender such old notes prior to the date on which the registration statement of which the U.S. Prospectus forms a part is declared effective, holders may not tender their old notes in the Exchange Offers without delivering consents to the Proposed Amendments, and holders may not deliver consents to the Proposed Amendments pursuant to the Consent Solicitations without tendering their old notes.

5.  In the case of a holder resident in Canada, you must complete and deliver to us with your instructions the section of this notice titled "Part B—Canadian Residents".

If you wish to have us tender your old notes and consent to the Proposed Amendments applicable to such old notes, please so instruct us by completing, executing and returning to us the instruction form on the back of this letter.

Very truly yours,

_____

2

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007825

### SOLICITING DEALER FEE

**NAME AND ADDRESS OF BROKER, DEALER, COMMERCIAL BANK, TRUST COMPANY OR OTHER ELIGIBLE RECIPIENT THAT SOLICITED INSTRUCTIONS TO SUBMIT**

If you are a retail beneficial owner (i.e., you hold less than the U.S. dollar equivalent of $250,000 of a particular series of old notes), you may designate the broker, dealer, commercial bank, trust company or any other eligible recipient that solicited your submission so that, in the event the exchange offers are successful, such entity may receive a soliciting dealer fee equal to $5.00 for each 1,000 U.S. dollar equivalent principal amount of old notes that are validly tendered and accepted for purchase pursuant to the exchange offers. Please complete the information below and send your completed instruction letter to your broker, dealer, commercial bank, trust company or any other eligible recipient that solicited your submission, so that they can provide confirmation of their eligibility for the soliciting dealer fee to GM.

Name of Firm _____

(Please Print)

Name of Individual at Firm, if known _____

Address _____

_____

(Include Zip Code)

****

**RETURN THIS PAGE TO YOUR SECURITIES INTERMEDIARY**

3

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007826

## INSTRUCTIONS TO THE DEPOSITORY TRUST COMPANY PARTICIPANT

The undersigned acknowledge(s) receipt of your letter relating to the Exchange Offers and Consent Solicitations with respect to the old notes.

This will instruct you to tender the aggregate principal amount at maturity of old notes indicated below held by you or for the account or benefit of the undersigned (or, if no amount is indicated below, for all of the aggregate principal amount at maturity of old notes held by you for the account or benefit of the undersigned) upon the terms and subject to the conditions set forth in the Offer Documents.

### PART A—DESCRIPTION OF OLD NOTES TENDERED

☐  Please do not tender any old notes held by you for my account.

☐  Please tender the old notes held by you for my account as indicated below:

| Old Notes | CUSIP/ISIN | Amount of Old Notes to be Tendered |
|---|---|---|
| 1.50% Series D Convertible Senior Debentures due June 1, 2009 | 370442691 | |
| 7.20% Notes due January 15, 2011 | 370442BB0 | |
| 9.45% Medium-Term Notes due November 1, 2011 | 37045EAS7 | |
| 7.125% Senior Notes due July 15, 2013 | 370442BS3 | |
| 7.70% Debentures due April 15, 2016 | 370442AU9 | |
| 8.80% Notes due March 1, 2021 | 370442AJ4 | |
| 9.4% Medium-Term Notes due July 15, 2021 | 37045EAG3 | |
| 9.40% Debentures due July 15, 2021 | 370442AN5 | |
| 8.25% Senior Debentures due July 15, 2023 | 370442BW4 | |
| 8.10% Debentures due June 15, 2024 | 370442AV7 | |
| 7.40% Debentures due September 1, 2025 | 370442AR6 | |
| 6 3/4% Debentures due May 1, 2028 | 370442AZ8 | |
| 4.50% Series A Convertible Senior Debentures due March 6, 2032 | 370442741 | |
| 5.25% Series B Convertible Senior Debentures due March 6, 2032 | 370442733 | |
| 6.25% Series C Convertible Senior Debentures due July 15, 2033 | 370442717 | |
| 8.375% Senior Debentures due July 15, 2033 | 370442BT1 | |
| 7.75% Discount Debentures due March 15, 2036 | 370442AT2 | |
| 7.25% Quarterly Interest Bonds due April 15, 2041 | 370442816 | |
| 7.25% Senior Notes due July 15, 2041 | 370442774 | |
| 7.5% Senior Notes due July 1, 2044 | 370442121 | |
| 7.375% Senior Notes due May 15, 2048 | 370442725 | |
| 7.375% Senior Notes due May 23, 2048 | 370442BQ7 | |
| 7.375% Senior Notes due October 1, 2051 | 370442766 | |
| 7.25% Senior Notes due February 15, 2052 | 370442758 | |

4

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007827

## PART B—CANADIAN RESIDENTS ONLY

If the undersigned is a Canadian resident, the undersigned must also complete the following:

1. The undersigned is resident in or subject to the laws of the province of (*check only one*):

| | | | | | |
|---|---|---|---|---|---|
| ☐ | British Columbia | ☐ | Alberta | ☐ | Saskatchewan |
| ☐ | Manitoba | ☐ | Ontario | ☐ | Québec |
| ☐ | New Brunswick | ☐ | Prince Edward Island | ☐ | Nova Scotia |
| ☐ | Newfoundland and Labrador | ☐ | Yukon Territory | ☐ | Northwest Territories |
| ☐ | Nunavut | | | | |

2. With respect to old notes other than convertible old notes, the undersigned is an "accredited investor" as defined in Section 1.1. of National Instrument 45-106—*Prospectus and Registration Exemptions* by virtue of satisfying the applicable criteria indicated in Annex B attached hereto (***check appropriate box in Annex B***).

## ALL HOLDERS, PLEASE COMPLETE THE FOLLOWING:

Dated: _____ , 2009

Signature(s): _____

Print Name(s) and Title here: _____

Print Address(es): _____

(Include Zip Code)

Area Code and Telephone Number(s): _____

Tax Identification or Social Security Number(s): _____

**None of the old notes held by us for your account will be tendered and no consent will be given in respect of the Proposed Amendments unless we receive written instructions from you to do so. Unless a specific contrary instruction is given in the space provided, your signature(s) hereon shall constitute an instruction to us to tender all the old notes held by us for your account.**

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007828

### Annex A

The table below identifies the corresponding CUSIP/ISIN, outstanding principal amount and applicable debt instrument governing each series of old notes subject to the Exchange Offers.

| Series of Old Notes | | | |
|---|---|---|---|
| CUSIP /ISIN | Outstanding Principal Amount (1) | Title of Old Notes to be Tendered | Applicable Debt Instrument (2) |
| *USD Old Notes* | | | |
| 370442691 | USD 1,001,600,875 | 1.50% Series D Convertible Senior Debentures due June 1, 2009 | 1995 Indenture |
| 370442BB0 | USD 1,500,000,000 | 7.20% Notes due January 15, 2011 | 1995 Indenture |
| 37045EAS7 | USD 48,175,000 | 9.45% Medium-Term Notes due November 1, 2011 | 1990 Indenture |
| 370442BS3 | USD 1,000,000,000 | 7.125% Senior Notes due July 15, 2013 | 1995 Indenture |
| 370442AU9 | USD 500,000,000 | 7.70% Debentures due April 15, 2016 | 1995 Indenture |
| 370442AJ4 | USD 524,795,000 | 8.80% Notes due March 1, 2021 | 1990 Indenture |
| 37045EAG3 | USD 15,000,000 | 9.4% Medium-Term Notes due July 15, 2021 | 1990 Indenture |
| 370442AN5 | USD 299,795,000 | 9.40% Debentures due July 15, 2021 | 1990 Indenture |
| 370442BW4 | USD 1,250,000,000 | 8.25% Senior Debentures due July 15, 2023 | 1995 Indenture |
| 370442AV7 | USD 400,000,000 | 8.10% Debentures due June 15, 2024 | 1995 Indenture |
| 370442AR6 | USD 500,000,000 | 7.40% Debentures due September 1, 2025 | 1990 Indenture |
| 370442AZ8 | USD 600,000,000 | 6 3/4% Debentures due May 1, 2028 | 1995 Indenture |
| 370442741 | USD 39,422,775 | 4.50% Series A Convertible Senior Debentures due March 6, 2032 | 1995 Indenture |
| 370442733 | USD 2,600,000,000 | 5.25% Series B Convertible Senior Debentures due March 6, 2032 | 1995 Indenture |
| 370442717 | USD 4,300,000,000 | 6.25% Series C Convertible Senior Debentures due July 15, 2033 | 1995 Indenture |
| 370442BT1 | USD 3,000,000,000 | 8.375% Senior Debentures due July 15, 2033 | 1995 Indenture |
| 370442AT2 | USD 377,377,000(1) | 7.75% Discount Debentures due March 15, 2036 | 1995 Indenture |
| 370442816 | USD 575,000,000 | 7.25% Quarterly Interest Bonds due April 15, 2041 | 1995 Indenture |
| 370442774 | USD 718,750,000 | 7.25% Senior Notes due July 15, 2041 | 1995 Indenture |
| 370442121 | USD 720,000,000 | 7.5% Senior Notes due July 1, 2044 | 1995 Indenture |
| 370442725 | USD 1,115,000,000 | 7.375% Senior Notes due May 15, 2048 | 1995 Indenture |
| 370442BQ7 | USD 425,000,000 | 7.375% Senior Notes due May 23, 2048 | 1995 Indenture |
| 370442766 | USD 690,000,000 | 7.375% Senior Notes due October 1, 2051 | 1995 Indenture |
| 370442758 | USD 875,000,000 | 7.25% Senior Notes due February 15, 2052 | 1995 Indenture |

6

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007829

| Series of Old Notes | | | |
|---|---|---|---|
| **CUSIP /ISIN** | **Outstanding Principal Amount (1)** | **Title of Old Notes to be Tendered** | **Applicable Debt Instrument (2)** |
| *Euro Old Notes* | | | |
| XS0171942757 | EUR 1,000,000,000 | 7.25% Notes due July 3, 2013 | July 3, 2003 FPAA |
| XS0171943649 | EUR 1,500,000,000 | 8.375% Notes due July 5, 2033 | July 3, 2003 FPAA |
| *Old GM Nova Scotia Notes* | | | |
| XS0171922643 | GBP 350,000,000 | 8.375% Guaranteed Notes due December 7, 2015 | July 10, 2003 FPAA |
| XS0171908063 | GBP 250,000,000 | 8.875% Guaranteed Notes due July 10, 2023 | July 10, 2003 FPAA |

(1)   Represents the principal amount at maturity. The exchange consideration offered to holders of discount notes will be based on the accreted value thereof as of the settlement date. As of June 30, 2009, the accreted value of the discount notes will be $568.94 per $1,000 principal amount of maturity thereof.

(2)   The debt instruments governing the old notes are the (a) Indenture dated as of November 15, 1990 between GM and Wilmington Trust Company, as Successor Trustee (the "1990 Indenture"); (b) Indenture dated as of December 7, 1995 between GM and Wilmington Trust Company, as Successor Trustee (the "1995 Indenture"); (c) Fiscal and Paying Agency Agreement dated as of July 3, 2003 among GM, Deutsche Bank AG London and Banque Générale du Luxembourg S.A. (the "July 3, 2003 FPAA"); and (d) Fiscal and Paying Agency Agreement dated as of July 10, 2003 among General Motors Nova Scotia Finance Company, GM, Deutsche Bank Luxembourg S.A. and Banque Générale du Luxembourg S.A. (the "July 10, 2003 FPAA"), in each case as amended or supplemented prior to the date of this U.S. Prospectus.

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007830

## ANNEX B—"ACCREDITED INVESTORS" IN CANADA

With respect to old notes other than convertible old notes, the undersigned is an "accredited investor" as defined in Section 1.1. of National Instrument 45-106—*Prospectus and Registration Exemptions* by virtue of indicating the applicable criteria for qualifying as an "accredited investor" set forth below (**check the appropriate box**).

| | | |
|---|---|---|
| ☐ | (a) | a Canadian financial institution, or a Schedule III bank, |
| ☐ | (b) | the Business Development Bank of Canada incorporated under the *Business Development Bank of Canada Act* (Canada), |
| ☐ | (c) | a subsidiary of any person referred to in paragraphs (a) or (b), if the person owns all of the voting securities of the subsidiary, except the voting securities required by law to be owned by directors of that subsidiary, |
| ☐ | (d) | a person registered under the securities legislation of a jurisdiction of Canada as an adviser or dealer, other than a person registered solely as a limited market dealer under one or both of the *Securities Act* (Ontario) or the *Securities Act* (Newfoundland and Labrador), |
| ☐ | (e) | an individual registered or formerly registered under the securities legislation of a jurisdiction of Canada as a representative of a person referred to in paragraph (d), |
| ☐ | (f) | the Government of Canada or a jurisdiction of Canada, or any crown corporation, agency or wholly owned entity of the Government of Canada or a jurisdiction of Canada, |
| ☐ | (g) | a municipality, public board or commission in Canada and a metropolitan community, school board, the Comité de gestion de la taxe scolaire de l'île de Montréal or an intermunicipal management board in Québec, |
| ☐ | (h) | any national, federal, state, provincial, territorial or municipal government of or in any jurisdiction other than Canada or a province or territory of Canada, or any agency of that government, |
| ☐ | (i) | a pension fund that is regulated by either the Office of the Superintendent of Financial Institutions (Canada) or a pension commission or similar regulatory authority of a jurisdiction of Canada, |
| ☐ | (j) | an individual who, either alone or with a spouse, beneficially owns, directly or indirectly, financial assets having an aggregate realizable value that before taxes, but net of any related liabilities, exceeds C$1,000,000, |
| ☐ | (k) | an individual whose net income before taxes exceeded C$200,000 in each of the two (2) most recent calendar years or whose net income before taxes combined with that of a spouse exceeded C$300,000 in each of the two (2) most recent calendar years and who, in either case, reasonably expects to exceed that net income level in the current calendar year, |
| ☐ | (l) | an individual who, either alone or with a spouse, has net assets of at least C$5,000,000, |
| ☐ | (m) | a person, other than an individual or investment fund, that has net assets of at least C$5,000,000 as shown on its most recently prepared financial statements and that has not been created or used solely to purchase or hold securities as an accredited investor as defined in this paragraph (m), |
| ☐ | (n) | an investment fund that distributes or has distributed its securities only to: <br><br> (i)   a person that is or was an accredited investor at the time of the distribution, <br><br> (ii)   a person that acquires or acquired securities in the circumstances referred to in sections 2.10 *[minimum amount investment exemption]* of NI 45-106, and 2.19 *[additional investment in investment funds exemption]* of NI 45-106, or <br><br> (iii)   a person described in paragraph (i) or (ii) that acquires or acquired securities under section 2.18 *[investment fund reinvestment exemption]* of NI 45-106, |

8

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007831

| | | |
|---|---|---|
| ☐ | (o) | an investment fund that distributes or has distributed securities under a prospectus in a jurisdiction of Canada for which the regulator or, in Québec, the securities regulatory authority, has issued a receipt, |
| ☐ | (p) | a trust company or trust corporation registered or authorized to carry on business under the *Trust and Loan Companies Act* (Canada) or under comparable legislation in a jurisdiction of Canada or a jurisdiction other than Canada or a province or territory of Canada, acting on behalf of a fully managed account managed by the trust company or trust corporation, as the case may be, |
| ☐ | (q) | a person acting on behalf of a fully managed account managed by that person, if that person: <br><br> (i) is registered or authorized to carry on business as an adviser or the equivalent under the securities legislation of a jurisdiction of Canada or a jurisdiction other than Canada or a province or territory of Canada, and <br><br> (ii) in Ontario, is purchasing a security that is not a security of an investment fund, |
| ☐ | (r) | a registered charity under the *Income Tax Act* (Canada) that, in regard to the trade, has obtained advice from an eligibility adviser or an adviser registered under the securities legislation of the jurisdiction of the registered charity to give advice on the securities being traded, |
| ☐ | (s) | an entity organized in a jurisdiction other than Canada or a province or territory of Canada that is analogous to any of the entities referred to in paragraphs (a) to (d) or paragraph (i) in form and function, |
| ☐ | (t) | a person in respect of which all of the owners of interests, direct, indirect or beneficial, except the voting securities required by law to be owned by directors, are persons that are accredited investors, |
| ☐ | (u) | an investment fund that is advised by a person registered as an adviser or a person that is exempt from registration as an adviser, or |
| ☐ | (v) | a person that is recognized or designated by the securities regulatory authority or, except in Ontario and Québec, the regulator as <br><br> (i) an accredited investor, or <br><br> (ii) an exempt purchaser in Alberta or British Columbia. |

**DEFINITIONS**

"**financial assets**" means

(a) cash,

(b) securities, or

(c) a contract of insurance, a deposit or an evidence of a deposit that is not a security for the purposes of securities legislation;

"**fully managed account**" means an account of a client for which a person makes the investment decisions if that person has full discretion to trade in securities for the account without requiring the client's express consent to a transaction;

"**person**" includes

(a) an individual,

(b) a corporation,

(c) a partnership, trust, fund and an association, syndicate, organization or other organized group of persons, whether incorporated or not, and

(d) an individual or other person in that person's capacity as a trustee, executor, administrator or personal or other legal representative;

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007832

"**related liabilities**" means

    (a)    liabilities incurred or assumed for the purpose of financing the acquisition or ownership of <u>financial assets</u>, or

    (b)    liabilities that are secured by <u>financial assets</u>;

"**spouse**" means, an individual who,

    (a)    is married to another individual and is not living separate and apart within the meaning of the *Divorce Act* (Canada), from the other individual,

    (b)    is living with another individual in a marriage-like relationship, including a marriage-like relationship between individuals of the same gender, or

    (c)    in Alberta, is an individual referred to in paragraph (a) or (b), or is an adult interdependent partner within the meaning of the *Adult Interdependent Relationships Act* (Alberta).

PRODUCED BY GENERAL MOTORS LLC IN GM NOVA SCOTIA MATTER
CONFIDENTIAL - PRODUCED SUBJECT TO PROTECTIVE ORDER

NGM000007833