# EXHIBIT TT

8-K 1 mm10-0909_8knova.htm

---

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**

**Washington, DC 20549-1004**

# FORM 8-K

**CURRENT REPORT**
**PURSUANT TO SECTION 13 OR 15(d) OF**
**THE SECURITIES EXCHANGE ACT OF 1934**

**Date of Report (Date of earliest event reported) October 9, 2009**

# MOTORS LIQUIDATION COMPANY
(Exact Name of Registrant as Specified in its Charter)

| **1-43** | **DELAWARE** | **38-0572515** |
|---|---|---|
| (Commission File Number) | (State or other jurisdiction of incorporation) | (I.R.S. Employer Identification No.) |

| **300 Renaissance Center, Detroit, Michigan** | **48265-3000** |
|---|---|
| (Address of Principal Executive Offices) | (Zip Code) |

**(313) 665-3994**
(Registrant's telephone number, including area code)

**Not Applicable**
(Former name or former address, if changed since last report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐    Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐    Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17-CFR 240.14a-12)

☐    Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐    Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

---

## ITEM 8.01      Other Events.

As previously disclosed, on June 1, 2009, and prior to the filing by Motors Liquidation Company, formerly known as General Motors Corporation (the "Company"), of a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), the Company, General Motors Nova Scotia Finance Company ("GM Nova Scotia"), General Motors of Canada Limited, General Motors Nova Scotia Investments Limited and certain holders (the "Holders") of GM Nova Scotia's outstanding 8.375% notes due December 7, 2015 and GM Nova Scotia's 8.875% notes due July 10, 2023 (collectively, the "GM Nova Scotia Notes") entered into a lock up agreement relating to the GM Nova Scotia Notes (the "Agreement"). GM Nova Scotia is a wholly-owned subsidiary of the Company and the GM Nova Scotia Notes are guaranteed by the Company. Under the terms of the Agreement, GM Nova Scotia provided the Holders with a consent to a bankruptcy order in respect of GM Nova Scotia pursuant to the Bankruptcy and Insolvency Act (Canada) (the "Order"). On October 9, 2009, the Holders issued an application to the Nova Scotia Supreme Court for the Order, as contemplated by the Agreement, and the Order was approved. The Company does not expect to realize any value from GM Nova Scotia on account of its equity interest.

*Cautionary Statement Regarding Forward-Looking Statements*

This Current Report on Form 8-K may contain forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995 with respect to the Company's financial condition, results of operations, and business that is not historical information. As a general matter, forward-looking statements are those focused upon future or anticipated events or trends and expectations and beliefs relating to matters that are not historical in nature. The words "believe," "expect," "plan," "intend," "estimate," or "anticipate" and similar expressions, as well as future or conditional verbs such as "will," "should," "would," and "could," often identify forward-looking statements. The Company believes there is a reasonable basis for its expectations and beliefs, but they are inherently uncertain, and the Company may not realize its expectations and its beliefs may not prove correct. The Company undertakes no obligation to publicly update or revise any forward-looking statement, whether as a result of new information, future events, or otherwise. The Company's actual results and future financial condition may differ materially from those described or implied by any such forward-looking statements as a result of many factors that may be outside the Company's control. Such factors include, without limitation: (i) the ability of the Company to develop, prosecute, confirm, and consummate its plan of liquidation with respect to the Company's chapter 11 proceedings or any other plan of liquidation; (ii) the Company's ability to obtain the approval of the Bankruptcy Court with respect to motions in the Company's chapter 11 proceedings; (iii) risks associated with third parties seeking and obtaining court approval for the appointment of a chapter 11 trustee; and (iv) the potential adverse impact of the Company's chapter 11 proceedings on the Company's liquidity or results. This list is not intended to be exhaustive.

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

MOTORS LIQUIDATION COMPANY
(Registrant)

October 9, 2009

(Date)

By:    /s/ James Selzer

James Selzer
Vice President and Treasurer

3