PRESENTMENT DATE AND TIME: June 29, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: June 29, 2012 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                              Debtors.                      :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF
# STIPULATION AND AGREED ORDER RESOLVING
# CERTAIN CLAIMS FILED ON BEHALF OF THE NEW YORK
# STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION

**PLEASE TAKE NOTICE** that the annexed stipulation and proposed agreed

Order (the "**Stipulated and Agreed Order**") between the Motors Liquidation GUC Trust (the

"**GUC Trust**") and the New York State Department of Environmental Conservation

("**NYSDEC**") resolving certain claims filed on behalf of NYSDEC, as more fully described in

the Stipulated and Agreed Order, will be presented to the Honorable Robert E. Gerber, United

States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern

US_ACTIVE:\43988438\6\64318.0003

District of New York, One Bowling Green, New York, New York 10004, on **June 29, 2012 at 12:00 noon (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Stipulation and Agreed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **June 29, 2012 at 11:30 a.m. (Eastern**

**Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Stipulation and Agreed Order, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court the Stipulation and Agreed Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       June 21, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

PRESENTMENT DATE AND TIME: June 29, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: June 29, 2012 at 11:30 a.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*      :
                                              :
                   Debtors.                   :   (Jointly Administered)
                                              :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING CERTAIN CLAIMS**
**FILED ON BEHALF OF THE NEW YORK STATE**
**DEPARTMENT OF ENVIRONMENTAL CONSERVATION**

This Stipulation and Agreed Order ("**Stipulated Order**") is entered into by and between the Motors Liquidation Company General Unsecured Creditors Trust ("**GUC Trust**") on the one hand, and the New York State Department of Environmental Conservation ("**NYSDEC**" or the "**Claimant**") by and through their respective undersigned counsel or representatives.

**RECITALS**

WHEREAS, on June 1, 2009, Motors Liquidation Company ("**MLC**") (f/k/a General Motors Corporation) and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**" and together with REALM and the Initial Debtors, the

"**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order on or about November 24, 2009, NYSDEC timely filed the following proofs of claim, among others, against the Debtors asserting unsecured prepetition claims relating to certain sites that are environmentally contaminated sites within the State of New York, including but not limited to the following claims (collectively, the "**Initial Claims**"):

| **Claim Number** | **Site** |
|---|---|
| 51047 | American Axle |
| 50639 | Brillo |
| 29772 | Grass River (NYSDOH) |
| 50827 | Old Upper Mountain |
| 50822 | Onondaga Lake (Site-Wide) |
| 50635 | Saginaw |

WHEREAS, in compliance with the Bar Date Order on or about November 24, 2009, NYSDEC timely filed proof of claim numbered 50587 asserting an unsecured prepetition claims relating to certain sites that are environmentally contaminated sites near the Debtors' former Inland Fisher Guide facility in the State of New York (the "**IFG Claim**").

6

WHEREAS, on or about February 28, 2011, NYSDEC filed amendments to certain of the Initial Claims, as follows (collectively, the "**Amended Claims**"):

| Am. Claim No. | Site |
| --- | --- |
| 71023 | American Axle |
| 71034 | Brillo |
| 71026 | Old Upper Mountain |
| 71031 | Saginaw |
| 71032 | Onondaga Lake (Site-Wide) |

WHEREAS, on or about February 28, 2011, NYSDEC filed proof of claim numbered 71025 amending the IFG Claim and asserting liabilities, among others, relating to certain costs incurred by NYSDEC in connection with environmentally contaminated sites near Onondaga Lake (the "**Amended IFG Claim**").

WHEREAS, on November 24, 2009 and February 14, 2011, NYSDEC filed Notices of Administrative Claims and Administrative Claims related to post-petition penalties accruing related certain of the foregoing proofs of claims, as follows (collectively, the "**Admin Claims**," and together with the Initial Claims, the Amended IFG Claim and the Amended Claims, the "**Claims**") :

| Admin. Claim No. | Site |
| --- | --- |
| 70987 | Saginaw (penalties) |
| 70989 | Brillo (penalties) |
| 70988 | American Axle (penalties) |

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed the Debtors Second Amended Joint Chapter 11 Plan (as may be amended, modified or supplemented

from time to time, the "**Plan**"), established the GUC Trust pursuant to the Plan and that certain Motors Liquidation Company GUC Trust Agreement, dated March 30, 2011;

WHEREAS, the Plan provides for distributions in satisfaction of allowed general unsecured claims as soon as reasonably practical after the effective date of the Plan;

WHEREAS, pursuant to the Plan, the GUC Trust is authorized to resolve the Claims on behalf of the Debtors' estates;

WHEREAS, on September 16, 2011, the NYSDEC and the GUC entered into a Stipulation and Settlement Agreement resolving certain proofs of claim filed by NYSDEC, but additional unresolved claims remained;

WHEREAS, the NYSDEC and the GUC have reached agreement to settle the IFG Claim separately from this Stipulated Order;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Claims;

WHEREAS, this Stipulated Order is fair, reasonable, and in the public interest, and is appropriate for resolving the NYSDEC Claims set forth herein;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by the Parties that:

1. The following claims shall be treated as Resolved Allowed General Unsecured Claims (collectively the "**Allowed Claims**") against MLC, as defined in the GUC Trust Agreement, and shall be subject to payment and distribution pursuant to the terms of the Plan, the Confirmation Order, the GUC Trust Agreement, and this Stipulated Order in the following amounts. The Allowed Claims set forth below shall not be subject to any defense, counterclaim,

right of setoff, reduction, avoidance, disallowance (including under Section 502(d) of the Code), or subordination:

| Claim No. | Site | Allowed Claim Amount |
|---|---|---|
| 70988 | American Axle (penalties) | $417,000 |
| 71023 | American Axle | $10,000,000 |
| 70989 | Brillo (penalties) | $26,100 |
| 71034 | Brillo | $392,902 |
| 29772 | Grass River (NYSDOH) | $5,096 |
| 71026 | Old Upper Mountain | $5,000,000 |
| 71032 | Onondaga Lake (State-Wide) | $96,957 |
| 70987 | Saginaw (penalties) | $80,000 |
| 71031 | Saginaw | $116,500 |
| 71025 | IFG Past Costs | $3,300 |

2.     Upon receipt by the NYDEC of all distributions due to Claimant on account of the Allowed Claims pursuant to the terms of the Plan, the Confirmation Order, the GUC Trust Agreement and this Stipulated Order, the Claims shall be deemed to be satisfied in full, and Claimant shall have no further right to payment. Satisfaction of the Claims shall not occur prior to the final Distribution Date in accordance with the Plan, the Confirmation Order and the GUC Trust Agreement.

3.     Upon receipt by the NYSDEC of all distributions due to Claimant on account of the Allowed Claims pursuant to the terms of the Plan, the Confirmation Order and the GUC Trust Agreement, the GUC Trust and the Debtors shall be released from liability to the NYSDEC for the claims or causes of action asserted in the Claims, and the Parties further agree that such claims or causes of action are not entitled to any treatment other than that set forth herein. The release described in this Paragraph shall not become effective if at the time of the triggering event there is pending any action by the NYSDEC to enforce the terms of this Stipulated Order. In such circumstances, the release would become effective at the time any non-compliance and/or any such action related thereto is fully resolved.

4. Nothing in this Stipulated Order is intended as a covenant not to sue or release for any person or entity other than the GUC Trust and the Debtors. The release contained herein does not pertain to any matters other than those expressly set forth herein.

5. The GUC Trust agrees that causes of action against it by NYSDEC regarding any matter not resolved herein shall not be impaired or affected in any way by this Stipulated Order, including but not limited to, enforcement of the terms of this Stipulated Order. NYSDEC may pursue enforcement actions or proceedings with respect to such causes of action or obligations that have not been otherwise resolved.

6. Nothing contained in this Stipulated Order shall apply to or affect any action by NYSDEC based on (a) the failure to meet any requirement of this Stipulated Order; (b) any criminal liability; (c) any matter otherwise reserved herein; and (d) liability for response costs or injunctive relief under applicable state and/or federal environmental laws or regulations as a result of conduct after the date of execution of this Stipulation, which in no event shall include any continuing releases occurring after the execution of this Stipulated Order.

7. Nothing in this Stipulated Order shall be deemed to limit NYSDEC's exercise of its authority under State or Federal laws or regulations, including but not limited to its information gathering authority and summary abatement authority, or to alter the applicable legal principles governing judicial review of any action taken by NYSDEC pursuant to that authority. Nothing in this Stipulated Order shall be deemed to excuse the GUC Trust from any disclosure or notification requirements imposed by Federal or State laws or regulations.

8. Except with respect to any action to enforce this Stipulated Order, the GUC Trust hereby covenants not to sue for itself, or take such action on behalf of the Debtors, and agrees not to assert or pursue any claims or causes of action against NYSDEC or the State of

New York with respect to any of the Claims or contaminated sites covered herein. This covenant not to sue shall also apply to NYSDEC's and the State of New York's successors, assigns, employees, representatives, and consultants.

9. The GUC Trust and/or claims agent for these cases shall be authorized and empowered to adjust the claims register consistent with this Stipulated Order.

10. With regard to claims for contribution against the GUC Trust or the Debtors, the Parties hereto agree that the GUC Trust and the Debtors, and their respective successors and assigns, are entitled to protection from contribution actions or claims as provided by the Comprehensive Environmental Response, Compensation, and Liability Act ("**CERCLA**") section 113(f)(2), 42 U.S.C. § 9613(f)(2), or as otherwise provided by law, for "matters addressed" in this Stipulated Order. The "matters address" in this Stipulated Order, as that term is sued in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), include all past and future response costs, including any oversight costs and any costs relating to natural resource damages, relating to or arising from the sites referenced in the Claims.

11. The GUC Trust also agrees that with respect to any suit or claim for contribution brought against them for matters related to this Stipulation, they will notify NYSDEC in writing within thirty (30) days of their receipt of service of such suit or claim. NYSDEC shall have no obligation to appear, intervene or defend the GUC Trust or the Debtors in any such suit or claim for contribution. Nothing herein shall create any rights in any person or third party; provided, however, that only the funds actually received by NYSDEC under this Stipulated Order shall reduce the potential liability of any other potentially responsible or liable person for the contaminated sites underlying the Claims herein. The term "funds actually received" shall mean the number and amount of United States dollars that NYSDEC receives

11

after causing the distribution to be sold or otherwise converted to United States dollars, exclusive of any fees or transaction costs incurred.  The Parties expressly reserve all claims, demands and causes of action, judicial or administrative, past, present or future, in law or equity, which they may have against any other person or entity for any matter arising from or related in any manner to the Claims addressed herein.

12. This Stipulated Order contains the entire agreement between the Parties as to the subject matter hereof.

13. This Stipulated Order may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

14. Each person who executes this Stipulated Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulated Order.

15. This Stipulated Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulated Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

16. This Stipulated Order shall become binding and effective upon its approval and entry by the Bankruptcy Court, upon motion of the GUC Trust, on notice to parties in interest in accordance with the Bankruptcy Code and Rules.  Upon approval and execution of this Stipulated Order by the Parties, the GUC Trust shall promptly prepare, file and serve such motion for approval of this Stipulated Order.

US_ACTIVE:\43988438\6\64318.0003

17. This Stipulated Order, and any disputes arising in connection with this Stipulated Order, shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.

18. The Court shall retain jurisdiction to adjudicate any disputes arising from this Stipulated Order.

[SIGNATURE PAGE FOLLOWS]

US_ACTIVE:\43988438\6\64318.0003

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GENERAL UNSECURED CREDITORS TRUST**<br>  For the GUC Trust by Wilmington Trust Company as GUC Trust Administrator | **NEW YORK OFFICE OF THE ATTORNEY GENERAL, ON BEHALF OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL PROTECTION** |
| By:<br>   /s/ Jacqueline E. Solone<br>JACQUELINE E. SOLONE<br>ASISTANT VICE PRESIDENT | By:<br>   /s/ Maureen F. Leary<br>MAUREEN F. LEARY, ASSISTANT ATTORNEY GENERAL |
| Dated: June 6, 2012 | Dated: May 31, 2012 |

IT IS SO ORDERED.

Dated: _____
       New York, New York

_____
United States Bankruptcy Judge

US_ACTIVE:\43988438\6\64318.0003