George W. McClain
3022 Imperial Valley Dr
Little Rock, Arkansas 72212

Court Clerk Copy

RECEIVED
JUN 19 2012
U.S. BANKRUPTCY

Phone: 501-225-7295
E-Mail: GMINC#sbcglobal.net

Retired salaried employe of General Motors
with unsecured claims for health care and life insurance benefits
Claim No. 9513, Page 6, Exhibit A, Debtors' 181st Omnibus Objection to Claims
Claim No. 21851, Page 6, Exhibit A, Debtors' 185th Omnibus Objection to Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY, et al.,**                     :    **09-50026 (REG)**
     f/k/a **General Motors Corp., et al.**                 :
                                                            :
          **Debtors.**                                      :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

Response to the Debtors' Reply June 5, 2012 to George W. McClain's response to the 181st and 185th Omnibus Objection to Claims.

In the Debtors's June 5, 2012 reply to my response filed February 11, 2011 there are a number of inaccurate statements and erroneous assumptions which compel me to respond.

The reply states that my response of February 11, 2011 did not present any evidence of a separate, affirmative contractual obligation to continue to provide welfare benefits including continuing life insurance specifically to me. This is inaccurate.

The letter of February 10, 1984 from Vice-President V.K. Quinn, with attachments, confirming verbal agreements I had reached with Regional Manager Al Clark and offering a mutually satisfactory retirement with the requirement that I submit a written acceptance of the offer is the very essence of both a verbal and written affirmative contractual obligation. The agreement provided for consideration to both parties.

The consideration to me was promised health benefits for life for both me and my spouse, benefits I could lose if separated for some reason other than retirement, and a promise of continued life insurance all at Corporation expense. The consideration to the Corporation was the immediate savings by eliminating my salary plus a savings in expense by the reduction in the amount of my retirement benefit and a reduction in the amount of retirement benefit my spouse would receive if she survived me.

The Retiree Servicing Center letters are frequently referred to in the Debtors' reply as not establishing contractual rights. These letters were not submitted by me for that purpose but simply as confirmation of the amount of the promised life insurance.

The attachement to the letter of February 10, 1984 from Vice-President V.K. Quinn listed the benefits that were promised for life and some for my spouse if she survived me. The attachment includes the statement "Complete Details regarding Benefit Plan Continuation Privileges are contained in the enclosed booklet Your Benefits in Retirement".

The booklet did not contain a "Reservation of Rights Clause".

No where in the Debtors' June 5, 2012 reply do they deny the fact that the "Reservation in Rights Clause" was not in the booklet provided to me. Nor do they deny the fact that the list of benefits provided to me included the statement that "Complete Details regarding Benefit Plan Continuation Privileges" are contained in the booklet"

Metropolitan Life Insurance Company advised me in a letter dated May 30, 2008, copy attached, that the Group Insurance Certificate also does not contain language reserving the right to change the plan or policy provisions.

Throughout the Debtors' reply it is stated that the Reservation of Rights Clause was added to later editions of the "Your Benefits in Retirement" booklet, 1996, 2000 and 2005, and that put me "clearly on notice of the reservation of rights."

The Debtor', however, did not provide any evidence, registered, certified, proof of mailing etc. that I actually received these later editions. In fact, the only later edition of the "Your Benefits in Retirement" booklet I am aware of is one I secured in 2009 from a former General Motors employe who had retired in 2003.

Booklets issued after my retirment are immaterial to my claims because I could not recind my 1984 retirement and re-employment would not have been offered. This fact is acknowledged by the Debtors' reply, item 33, page 18.

From 1963 to 1970 I was Branch Manager of the Motors Insurance Corporation branch office for the State of Massachessutes in Boston. From 1970 until my retirement in 1984 I was Branch Manager of the Motors Insurance Corporation branch office for the State of Arkansas. My responsibility as Branch Manager included discussing and reaching agreements with several employes, just as Regional Manager Al Clark did with me, about early mutually satisfactory retirements. None of those employes were informed that the benefits promised and agreed to could be amended, changed or terminated. Three of the employes who agreed to early retirement in the Little Rock Branch prior to my retirement, where I represented the Corporation in the discussions were Evelyn McKenzie, William Dennis and Stacy Coggins.

In item 28, page 14 of the Debtors' Reply the false assumption is made that I "never used the promise of permanent unalterable welfare benefits as a form of consideration inducing retirement". The Debtors could not possibly know what was in my mind in February 1984 when I agreed to accept the retirement offer. I can assure the Court that the provision for these permanent benefits was paramount in my decision to accept the offer of early retirement.

In item 3, page 2 of the Debtors' Reply it is stated that the position taken by another former employe of the Debtors, George Cobble, Jr., is the same as mine. No evidence or proof was provided that the positions truly are identical, date of retirement whether before or after 1984, the type of offer letter he received and what attachements were included and which edition of the "Your Benefits in Retirement" booklet he received.

In item 31, page 16 of the Debtors's Reply they set forth four conditions I must establish to prevail. I trust I have established to the Court's satisfaction that I have met all four conditions:

1. a promise-the offer letter and acceptance which also confirmed that verbal agreements had been reached with Regional Manager Al Clark.

2. reliance on the promise-the paramount reason I agreed to early retirement after discussion and agreements with Regional Manager Al Clark in February 1984.

3. injury caused by the reliance-loss of $43,097 in health benefits and $204,750 in life insurance destroying my estate planning and the future well being of my spouse and children.

4. an injustice if the promise is not enforced--at age 89 the monthly cost of replacing just the life insurance would be more than my monthly retirement income from General Motors and companies do not write coverage for people my age. My estate can never recover the loss.

    The Chairman of General Motors, T.A. Murphy in his letter December 13, 1976 stated that the new coverage will have an extremely favorable impact on your estate building situation. The loss of that coverage has had an extremely unfavorable impact on my estate situation.

For the reasons stated in the foregoing plus the fact that any error, omission or ambiquity in the offer, verbal and written, by the Debtors in February 1984 should be interpreted adversely to the party, the Debtors, who prepared the offer, I respectfully request the Court to approve my two claims.


Dated:   Little Rock, Arkansas
         June 16, 2012

                                                    _____
                                                         George W. McClain

Metropolitan Life Insurance Company
25300 Telegraph Road, Suite 580
Southfield, MI 48033
Tel 248 603-2810 Fax 248 945-8206
Afried1@metlife.com



**Aaron Fried, FSA**
Vice President
Detroit Customer Unit

Registered Principal

May 30, 2008

Mr. George W. McClain
3022 Imperial Valley Dr.
Little Rock, AR 72212-3108

RE:   Case Reference #:   08109077906
      Complainant:        George W. McClain
      NAIC Code:          65978 – MetLife Insurance Company
      Situs State:        Michigan

Dear Mr. McClain

This is in response to your letter dated May 12, 2008, addressed to Betsy E. Griffin, Director of Corporate Customer Relations, with a copy to the office of C. Rob Henrikson, Chairman of the Board and Chief Executive Officer. This letter was a follow-up to a previous letter you submitted, dated April 9, 2008, and MetLife's initial response dated May 1, 2008, from Lawrence Rakowicz. The issue over which you expressed concern relates to General Motors' decision to reduce Basic Life Insurance by 50 percent, but not less than $25,000, on January 1, 2017, for participants in the General Motors Life and Disability Benefits Program for Salaried Employees who retired before May 1, 2007.

In your letter you pointed out that the "Your Benefits in Retirement" Summary Plan Description booklet you have in your possession does not include the reservation of rights language by which General Motors reserves the right to amend, change or terminate the Plans and Programs described in the booklet. You also indicated that your reading of the MetLife Group Insurance Certificate does not reveal any statements about reserving the right to amend, change or terminate the coverage provided. In addition, you noted that your copy of the Your Benefits in Retirement booklet does contain information, on page 24, that you feel applies to the two letters you received from MetLife in December 1987 and June 1989 regarding the amount of your Basic Life Insurance.

Please be advised that the reservation of rights language provided with MetLife's May 1, 2008, response to your initial letter was taken from the most recently published (March 2005) General Motors Summary Plan Description (SPD) for salaried retirees. You may access this updated version of the booklet online at www.gmbenefits.com. When newer versions of the SPD are made available, they serve to replace prior versions. Consequently, the March 2005 version of the booklet is the current version that pertains to your benefits as a GM retiree. As such, even though the older version of the SPD that you have may not include this reservation of rights language, the language is a part of the current Summary Plan Description document.

With respect to your concern about the absence of the reservation of rights language in the MetLife Group Insurance Certificate, please be advised that the Group Insurance Certificate is an insurance company document written to express the details of the coverage provided under the employer's group life insurance program. When the employer changes the provisions of their group insurance program, MetLife amends the insurance certificate to reflect those changes. Because it is the insurance company's description of the plan provisions and not the employer's document, the Group Insurance

Metropolitan Life Insurance Company (MLIC) New York, NY 10166
Securities offered by MetLife Securities, Inc. (MSI) (FINRA/SIPC). MLIC and MSI are affiliates.

<u>Certificate does not contain language reserving the right to change Plan or Program provisions, as this right belongs to General Motors Corporation as the Plan Administrator.</u>

The paragraph you circled on the copy of page 24 from the older version of GM's SPD, which you attached to your letter, does relate to the December 1987 and June 1989 notification letters produced by MetLife. However, as stated in Mr. Rakowicz's May 1, 2008 letter, the letters you received in December 1987 and June 1989 accurately depicted the terms of the Plan at those times.

As was previously stated in the May 1, 2008 correspondence, the General Motors Life and Disability Benefits Program for Salaried Employees ("the Plan") is an employee welfare benefit plan regulated by federal law, specifically, the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§1001-1461.

General Motors Corporation, as the Plan Administrator of the General Motors Life and Disability Benefits Program for Salaried Employees, explicitly reserves the right to change Plan provisions. The change in the terms of the Plan to reduce group life insurance for salaried retirees was made in accordance with this reservation of rights, as specifically set forth in the applicable Summary Plan Description.

We trust this clarifies the issues raised in your inquiry. If necessary, please send any subsequent correspondence regarding this complaint to the following address:

**Betty M Webb, Director**
**Corporate Customer Relations**
**MetLife**
**500 Schoolhouse Road**
**Johnstown, PA 15904**


Sincerely,

Aaron Fried
Vice President


Cc:    C. Rob Henrikson