UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
In re:                                                                  :   Chapter 11
                                                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,                                   :   Case No.:  09-50026 (REG)
f/k/a General Motors Corporation, *et al.*,                             :
                                                                        :   (Jointly Administered)
                                        Debtors.                        :
                                                                        :

ENDORSED ORDER:

Deeming Ms. Creamer's letter to be a motion for reargument under Fed.R.Bankr.P. 9023 or 9024, or Local Bankruptcy Rule 9023-1, reargument is denied.  After review of Ms. Creamer's letter, and the transcript of the hearing insofar as it dealt with Ms. Creamer's claim, the Court must conclude that the motion fails to identify any matters or controlling decisions that the Court did not consider.

The Court was told by Court Call that "Ms. Creamer disconnected" during the time the Court was dictating its decision.  (*See* Tr. at page 61).  Ms. Creamer was not deprived of the opportunity to present any part of her argument.

However, to assist Ms. Creamer in the event she wishes to appeal, a copy of the transcript, including the Court's ruling in full insofar as it addressed Ms. Creamer's claim, is attached to this order.  During the Court's review of the transcript when considering Ms. Creamer's motion for reargument, the Court corrected the transcription errors in the transcript, and if there are any further proceedings involving use of the transcript, the corrected transcript should be used instead.

Ms. Creamer is reminded of the Court's holdings that she could still assert any claims she might have with respect to the accident against New GM, and that the Court was not going to affect any rights she might have in that regard in any way.  Her claim arose when the accident took place and the injury was suffered, after the sale of Old GM's assets to New GM.  Though she bought her vehicle before the sale, the Court's sale order permitted claims of that character to be asserted against New GM.  The Court suggests, but does not order, that in deciding whether she wishes to appeal, Ms. Creamer keep that in mind.

Dated:  New York, New York                     *s/Robert E. Gerber*
           June **26**, 2012                    United States Bankruptcy Judge