**Page 1**

1    UNITED STATES BANKRUPTCY COURT

2    FOR THE SOUTHERN DISTRICT OF NEW YORK

3    Case No. 09-50026 (REG)

4    - - - - - - - - - - - - - - - - - - - -x

5    In Re:

6

7    MOTORS LIQUIDATION COMPANY, et al.,

8    f/k/a General Motors Corp., et al.

9

10              Debtors.

11

12    - - - - - - - - - - - - - - - - - - - -x

13

14              United States Bankruptcy Court

15              Southern District of New York

16              One Bowling Green

17              New York, New York   10004

18

19              April 26, 2012

20              9:45 AM

21

22    B E F O R E:

23    HON. ROBERT E. GERBER

24    U.S. BANKRUPTCY JUDGE

25

General Motors Corp., et al.

Page 54

1    resulting order and not from the time of this dictated

2    decision.

3              MR. NEIMAN:    Thank you, Your Honor.

4              THE COURT:    All right.  Have a good day. Next matter

5    Ms. Greer.

6              MS. GREER:    One more, Your Honor.  This is the

7    objection to the claim filed by Marjorie Creamer.  It's Claim

8    No. 71249.  Ms. Creamer filed her claimed on December 22, 2011,

9    Your Honor, so we've objected to it on two bases.  One, that

10   the underlying claim was assumed by new GM, as I'm sure you

11   know from the papers and, two, that the claim was also late.  I

12   know you've read the papers, Your Honor, if you'd like me to go

13   through the details, I'm happy to do that or we can --

14             THE COURT:    No, I'd like to jump to Mr. Creamer, who

15   appears to be on my phone log.  Are you on the phone, Ms.

16   Creamer?

17             MS. CREAMER:    Hello.

18             THE COURT:    Okay.  Ms. Creamer, your opponent has

19   made two principal points.  One would be bad news if it weren't

20   for the other.  One is that you claim was way late, but she

21   also says that it took place after the sale and your claim is

22   against new GM and not old GM, and that's actually good news

23   for you because nothing that I would be doing here in this

24   court is going to affect you in an adverse way.  What -- why

25   are you trying to push this claim in this court?

Page 55

1       MS. CREAMER:   Because the new GM is under another

2   liquidation (indiscernible 11.12.25)department bankruptcy.

3   (indiscernible) my car was purchased, it was a 2006

4   (indiscernible 11.12.34). I'd never buy another Chevrolet,

5   ever.  They've got problems.

6       THE COURT:   Uh huh.

7       MS. CREAMER:   And that's why Obama?(indiscernible

8   11.12.54)filed bankruptcy. All these people that are dying?  I

9   should've died.  In fact, I think I did die when I hit my head

10  on my (indiscernible 11.13.01).  I hit a totem-pole.  It's very

11  serious.  You guys (indiscernible 11.13.08) about people's

12  lives.  But you don't understand, (indiscernible 11.13.15) and

13  the people that are working in the factories, that's not their

14  fault.  Somebody up there knows, that those cars power-steering

15  (indiscernible 11.13.24) and they didn't do anything about it.

16  Some (indiscernible 11.13.26) went out 35,000 miles

17  (indiscernible 11.13.30). Mine did. Mine was one of them

18  (indiscernible 11.13.32) after the fact that the accident was

19  called an accident. I filed under "old" but I also filed under

20  "new" which is another (indiscernible 11.13.43) of claim

21  numbers.  It happens.

22      THE COURT:   Okay.  I've read your letters, Ms.

23  Creamer.  One of your letters, the one that's dated January 13,

24  2011, says that the car-wreck took place on September 24, 2009.

25      MS. CREAMER:   Can I interrupt you, Your Honor?

Page 56

1          THE COURT:    No.  You may not interrupt me.  My

2     question to you is: Is that date still correct?

3          MS. CREAMER:    No.  It actually happened when I

4     purchased the car.  (indiscernible 11.14.16) When I drove it

5     off the lot, it was defective (indiscernible 11.14.21) from the

6     day I purchased it. (indiscernible 11.14.28).

7          THE COURT:    All right. Do you have anything further

8     to say to me before I give Ms. Greer a chance to reply?

9          MS. CREAMER:    Yes, I do.

10          THE COURT:    Go ahead.

11          MS. CREAMER:    (indiscernible 11.14.46) issue, I just

12     listened to number three on the conference call about the

13     airbags not inflating (indiscernible 11.14.54) off to the side.

14     I tried to talk to GM, their officials, their claim agents,

15     everybody and when it got down to the point that it was the

16     steering (indiscernible 11.15.05) nobody would talk to me.

17     Because they knew they were in trouble.  And they knew they had

18     to get out.  And how were they gonna get out?  Flying through

19     your court system?  It's still a (indiscernible 11.15.20) card.

20     It is. The Volt has caught fire for being a new electric car.

21     It's called Consumer Protection in America.  What do want

22     (indiscernible 11.15.33) cars?  Please. (indiscernible

23     11.15.35) Why?  Aren't we better than that?  I think Obama

24     failed.  That's where Congress is wrong.  My car was wrong.

25     (indiscernible 11.15.50) what would've happened to them?  It

General Motors Corp., et al.

Page 57

1   just happened I was on an old highway by myself when it went

2   out.  And thank God of that.  Because you don't have to pay

3   farm-women to (indiscernible 11.16.02).

4           THE COURT:   Okay.  Ms. Greer, you may reply.

5           MS. GREER:   Your Honor, of course the GUC Trust

6   refutes -- I mean, all the facts asserted by the claimant.

7   Certainly, just to reiterate, Your Honor, that not only are

8   claims related to accidents occurring after -- after the July

9   10, 2009 all liabilities in connection with those accidents

10  were assumed by new GM.  So were Lemon Law claims, Your Honor,

11  so to the extent she's asserting those claims which are not in

12  the pleadings, but those are all new GM claims.  So, Your

13  Honor, based on that we'd ask that the claim be expunged.  I'd

14  also mention, Your Honor, that we've heard quite a bit from Ms.

15  Creamer and I'd like to ask for language in the order which  --

16  which basically gives us some leeway to the extent she

17  continues to file pleadings, that we don't need to respond to

18  them unless Your Honor asks us to.

19          THE COURT:   Okay.

20          MS. ~~GREER~~ CREAMER:   Your Honor, I'd like to have a rebuttal

21  on that.

22          THE COURT:   I beg your pardon.  You were speaking

23  over Ms. Greer, so I didn't hear you, Ms. Creamer.

24          MS. GREER:   I would like to have a rebuttal on that.

25          THE COURT:   Yes you may.  Limited to the --

Page 58

1          MS. GREER:    A Creditor --

2          THE COURT:    -- new stuff she said.

3          MS. CREAMER:    It is.

4          THE COURT:    Go ahead.

5          MS. CREAMER:    A creditor is a person, corporation,

6   entity owed a debt by the debtors and has responded before the

7   date, on or before the date of the bankruptcy filing, 11-U-

8   period-S-period-Z-period, 101 (indiscernible 1:17:43) 10, on or

9   before the date of the bankruptcy filing.  It arose when I

10  bought that car.  You can say whatever you want to say, but

11  it's (indiscernible 1:17:47) from right there in your -- in

12  your good (indiscernible 1:17:49) on your code.  And if they're

13  unsecured debt.

14          THE COURT:    Okay.  All right, everybody sit in place

15  for a second.  All right, in this contested matter in the

16  Chapter 11 case.  May I ask for silence while I'm dictating a

17  decision, please.  Court Call, do you have any idea what all

18  this noise is, and where it's coming from.

19          COURT CALL OPERATOR:    Yes, Your Honor, it's coming

20  from Ms. Creamer's line.

21          THE COURT:    Ms. Creamer, can I ask you to keep quiet

22  on your end of the line, please.  Thank you.

23          MS. CREAMER:    (indiscernible 1:18:47).  I'm sorry.

24          THE COURT:    I couldn't hear what -- what you said.

25  All right, I'm going to start over again.

General Motors Corp., et al.

Page 59

1        In this contested matter in the Chapter 11 case of Motors

2    Liquidation Company, formerly known as General Motors, the GUC

3    Trust objects to the claim of Marjorie Creamer in the State of

4    Kansas.  As stated in her letter of January 13, 2011, she

5    bought a GM vehicle that caused a wreck on September 24, 2009,

6    causing severe injuries.  It is alleged, and for the purpose of

7    this analysis, I take it as true, that she bought the vehicle

8    back in 2007.  So we have a situation where the vehicle was

9    bought back then, is alleged to have been a lemon or otherwise

10   defectively manufactured, but the wreck only took place on

11   September 24, 2009.

12        It is undisputed, or should be, that under the sale

13   agreement, new GM assumed all liabilities to third parties for

14   death, personal injury, or other injury to persons, or damage

15   to property caused by motor vehicles, which arose directly out

16   of death, personal injury or other injury to persons or damage

17   to property caused by accidents or incidents first occurring on

18   or after the closing date.  And it is also undisputed that the

19   closing date was back in July of 2009, several months before

20   the wreck that caused the property and the severe injuries.

21        Motors Liquidation, which is old GM, has moved to

22   dismiss the -- expunge the claim, and I'm granting that. The

23   reason for it, and it's actually good news for Ms. Creamer, is

24   that new GM assumed this liability.  You have the right, Ms.

25   Creamer, to go after new GM, and if you succeed in your lawsuit

General Motors Corp., et al.

Page 60

1    against new GM you can get money and not stock.  So, you're

2    going after the wrong entity.  Now, I - I sense from your oral

3    argument that you're upset, but you're actually in a better

4    position than you thought you were, because you have the right

5    to go against an entity that's continuing in business, and if

6    you can prove your claim you can get money from them and not

7    stock.  But by the same token the history of this matter does

8    indicate a lot of vexatious litigation.  I'm not exactly sure

9    why there's been a misunderstanding as to who the right entity

10   is to go after, why you want to proceed against old GM, Ms.

11   Creamer, when you can go against new GM, which has more in the

12   way of resources to satisfy your claim.  But in any event, yes.

13   I'm not going to issue a Martin-Trigona order, but there has

14   been too much going on, so the order can and should provide,

15   Ms. Greer, not just that the claim is expunged but that if Ms.

16   Creamer files anything further in this Court, or in any Court,

17   you don't have to respond to it unless and until I issue an

18   order saying that you need to respond.  I'm not otherwise

19   imposing sanctions, not against a pro se plaintiff -- claimant.

20   But again, this is costing old GM's other creditors a lot of

21   money and every time you have to show up in Court, and I'm

22   telling you, you don't need to do it any more.

23            MS. GREER:   Thank you, Your Honor.

24            THE COURT:   All right.

25            Ms. Creamer, I don't expect you to agree with my

Page 61

1    ruling, but do you understand it?

2            COURT CALL OPERATOR:  Excuse me, Your Honor, this is

3    the Court Call Operator.  Ms. Creamer disconnected at 11:41.

4            THE COURT:    Okay, that was about two minutes ago,

5    huh?

6            COURT CALL OPERATOR:    Yes, Your Honor.  I did not

7    want to interrupt you.

8            THE COURT:    Sure.  I understand.

9            All right, nevertheless we must continue.  Ms. Greer,

10    you're to settle an order in accordance with the forgoing?

11            MS. GREER:    YES Your Honor, will do.

12            THE COURT:    Okay.  What else do you have?

13            MS. GREER:    Your Honor, I think I'm all done and I'd

14    ask if I could be excused unless you have any questions --

15            THE COURT:    No.

16            MS. GREER: -- or anything further.

17            THE COURT:    You may be excused.  And the folks who

18    are UAW members and are here on health care members -- matters,

19    I'll hear those next.

20            MS. GREER:    Thank you, Your Honor.

21            THE COURT:    Sir, I understand you're one of the UAW

22    folks.  Would you come up to the plane -- the main counsel

23    table please, and speaking into the microphone just tell us

24    your name and I'll give you a chance to be heard in a couple of

25    minutes.