**HARRIS BEACH PLLC**
100 Wall Street
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659

-and-

**HARRIS BEACH PLLC**
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331
Lee Woodard, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

### OPPOSITION OF TOWN OF SALINA, NEW YORK TO MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE UNITED STATES

The Town of Salina (the "Town"), appearing through the undersigned counsel, responds to the Motion of the United States of America (the "United States") for entry of an order approving (i) the Lower Ley Creek Non-Owned Site Consent Decree and Settlement Agreement, and (ii) the Onondaga Other Non-Owned Site Consent Decree and Settlement Agreement (collectively referred to as the "Settlement Agreements"), and respectfully states as follows:

229314 1322901.2

1. The Town has filed three claims in the Debtors' cases, each for reimbursement and payment of funds resulting from environmental contamination of various sites within the Town and the County of Onondaga in New York.

2. These claims filed assert the following claims against the Debtors: (i) approximately $12,498,818.63 for reimbursement for environmental contamination at the Onondaga Lake Superfund Site; (ii) approximately $18,577,319.00 for reimbursement for environmental contamination at the former Town of Salina landfill site (the "Landfill Subsite"); and (iii) an amount to be determined, but estimated to be in excess of $10,000,000.00, for reimbursement for environmental contamination at the Lower Ley Creek Subsite.

3. Pursuant to a May 7, 2012 notice publication in the *Federal Register*, the Town submitted written comments requesting that certain revisions be made to the Settlement Agreements, including revisions to paragraphs 22 of the Settlement Agreements, which were designed to ensure that the terms and conditions of the settlements reached between the Debtors and United States did not adversely impact the Town's efforts to seek cost recovery and/or contribution from potentially responsible parties ("PRPs") for the on-going cleanup of the Landfill Subsite. Presently, the Town and the State of New York are incurring millions of dollars in remediating the Landfill Subsite. *See* Exhibit 4 of the United States' June 13, 2012 Docket Filing, Bates-Stamped Nos. US00477 - US00483.

4. In response to the Town's written comments, the United States submitted a Memorandum of Law on or about June 13, 2012, wherein it alleges that the proposed settlement between the Debtors and the United States relating to the Landfill Subsite is supported by a finding made by the United States Environmental Protection Agency ("EPA") that the Debtors should be allocated a 20% equitable share of the liabilities associated with the cleanup of the Landfill Subsite.

5. The United States and EPA made this determination based on a single sentence contained in the Declaration of Mark Granger, a Remedial Project Engineer with EPA, and without the involvement, assistance, or support of the Town.

6. Since EPA has had no meaningful involvement with the on-going cleanup of the Landfill Subsite, nor in the Town and New York State Department of Environmental Conservation's ("DEC") efforts to recover cleanup costs from PRPs (including the Debtors) who are responsible for the contamination present at the Landfill Subsite, we find it disingenuous that EPA can now determine a 20% equitable share of liability for the Debtors.

7. We submit that the evaluation made by EPA of the Debtors' status as a PRP to the Landfill Subsite significantly discounts the Debtors' historical practices of disposing PCB-contaminated wastes at the Landfill Subsite, and how such practices largely contributed to the total cleanup cost in excess of $23 million. As the Town has previously stated in this proceeding, "but for" the Debtors' disposal of PCB-related wastes at the Landfill Subsite, the total cost of remediation would be significantly less, totaling approximately $10 million or less.

8. In light of the foregoing, the Town respectfully requests that the Court require that the Settlement Agreements be revised to ensure that the agreements reached between the Debtors and the United States do not adversely impair the Town and NYSDEC's future abilities to recover on their proof of claims, to the maximum extent permitted by this proceeding, against the Debtors as PRPs to the Landfill Subsite.

9. As set forth in the Town's May 30, 2012 comment letter to the Settlement Agreements, the Town thus requests that the Settlement Agreements be revised as follows:

a). Paragraphs 22 of the Settlement Agreements be revised as requested in the Town's May 30, 2012 comment letter to explicitly carve out the Town's claims for the Landfill

HARRIS BEACH
ATTORNEYS AT LAW

Subsite and the Lower Ley Creek Subsite from the contribution protection provisions being afforded to the Debtors.

b).   The Settlement Agreements be revised to include the following provision: *"This Stipulation is without prejudice to the Town of Salina to dispute the settled amounts and allocation of environmental liabilities agreed to between the Debtors and the United States in any future litigation or proceedings between the Town, EPA, NYSDEC or any potentially responsible parties, whether in these bankruptcy cases or in any other appropriate forum."*

10.   Thus, the Town opposes entry of an order approving the settlements reached between the Debtors and the United States to the extent that the revisions set forth herein are not incorporated into the Settlement Agreements prior to final consideration by the Court.

WHEREFORE, the Town of Salina respectfully requests: (i) the Settlement Agreements be revised as requested herein; and (2) such other and further relief as the Court deems just and proper.

Dated: June 27, 2012

/s/ Lee E. Woodard
Lee E. Woodard, Esq.
HARRIS BEACH PLLC
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331

-and-

100 Wall Street
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659

*Attorneys for Town of Salina*

229314 1841822v1