**PRESENTMENT DATE AND TIME: July 17, 2012 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: July 17, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                            :
**In re**                                   :    Chapter 11 Case No.
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    09-50026 (REG)
       f/k/a **General Motors Corp.,** *et al.*   :
                                            :
                      Debtors.              :    (Jointly Administered)
                                            :
------------------------------------------------------------x

**NOTICE OF SETTLEMENT OF SUPPLEMENTAL ORDER GRANTING
DEBTORS' 171ST AND 174TH OMNIBUS OBJECTION TO CLAIMS AS TO
PROOF OF CLAIM NOS. 30666 AND 30667
FILED BY RICHARD A. SCHELL**
(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

**PLEASE TAKE NOTICE** that, pursuant to Rule 9074-1 of the Local

Rules of Bankruptcy Procedure for the Southern District of New York, and in accordance

with the oral decision of the Honorable Robert E. Gerber on the record on May 31, 2012,

the annexed proposed Supplemental Order Granting Debtors' 171st and 174th Omnibus

Objections to Claims as to Proof of Claim Nos. 30666 and 30667 filed by Richard A.

Schell, (Welfare Benefits Claims of Retired and Former Salaried and Executive

Employees) (the "**Order**"), will be presented for settlement and entry to the Honorable

US_ACTIVE:\44017833\01\72240.0639

Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 17**, **2012 at 12:00 noon (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any objections or proposed counter-orders must be made in writing and received by the Court and the undersigned not later than **July 17, 2012, at 11:30 a.m. (Eastern Time)**.  Unless an objection or proposed counter-order is received by that time, the proposed order annexed hereto may be entered by the Court.

Dated: New York, New York
       June 29, 2012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                               :
In re                                                          :     Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,                          :     09-50026 (REG)
      f/k/a General Motors Corp., *et al.*                :
                                                               :
            Debtors.                :     (Jointly Administered)
                                                               :
---------------------------------------------------------------x

# SUPPLEMENTAL ORDER GRANTING DEBTORS' 171ST AND 174TH OMNIBUS OBJECTION TO CLAIMS AS TO PROOF OF CLAIM NOS. 30666 AND 30667 FILED BY RICHARD A. SCHELL
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

      Upon the 171st omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated January 26, 2011 and the 174th omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated January 26, 2011 (the "**171st and 174th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 171st and 174th Omnibus Objections to Claims.

Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully described in the 171st and 174th Omnibus Objections to Claims; and due and proper notice of the 171st and 174th Omnibus Objections to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the response filed by Richard A. Schell (ECF Nos. 8812 and 10124), and the Motors Liquidation Company GUC Trust's Response (ECF No. 11733); and a hearing on the 171st and 174th Omnibus Objections to Claims having been held on May 31, 2012; and the Court having found and determined that the relief sought in the 171st and 174th Omnibus Objections to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 171st and 174th Omnibus Objections to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 171st and 174th Omnibus Objections to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Proof of Claim Nos. 30666 and 30667 filed by Richard A. Schell are hereby disallowed and expunged; and it is further

ORDERED that the time to appeal runs from the date of entry of this Order and not from the date of the Hearing; and it is further

ORDERED that the claimant reserves and retains any and all rights, if any, that they may have against New GM; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
       _____, 2012

                                United States Bankruptcy Judge