Howard S. Sher (admitted *pro hac vice*)
JACOB & WEINGARTEN, P.C.
2301 W. Big Beaver, Suite 777
Troy, Michigan 48084
(248) 649-1900

Attorneys for J. Michael Losh

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x
                                      :
In re                                 :    Chapter 11
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    Case No. 09-50026(REG)
    f/k/a General Motors Corp., et al.,:
                                      :    (Jointly Administered)
            Debtors.                  :
                                      :
_____x

**SUR-REPLY OF J. MICHAEL LOSH TO MOTORS LIQUIDATION COMPANY GUC TRUST'S REPLY TO J. MICHAEL LOSH'S RESPONSE TO THE 229TH OMNIBUS OBJECTION TO CLAIMS (SUPPLEMENTAL EXECUTIVE RETIREMENT CLAIMS AND WELFARE BENEFITS CLAIMS OF RETIRED AND FORMER SALARIED AND EXECUTIVE EMPLOYEES)**

On October 20, 2009, J. Michael Losh ("Losh") filed an unsecured non-priority claim (the "Claim") in the amount of $6,190,524. On May 20, 2011, Debtors filed an objection (the "Objection") to the Claim. On June 8, 2011, Losh filed a response (the "Response") to the Objection.

Simply put, Losh and GM entered into a certain May 1, 2000 Agreement (the "Agreement")[1] which memorialized the

---

[1] A copy of the Agreement is attached as Exhibit 1 to the Response.

understandings of the parties concerning Losh's retirement[2] from GM and, under the Agreement, Losh was to receive $600,000 annually (the "Aggregate Retirement Benefits").[3] This negotiated amount was achieved by the adoption of an "Additional Payment" concept that required GM to pay the Aggregate Retirement Benefits regardless of how GM decided to treat its employees under GM's Supplemental Executive Retirement Program ("SERP"). In other words, if GM decided to reduce benefits under SERP, the Additional Payment would increase so that Losh would receive the Aggregate Retirement Benefits. Accordingly, Losh filed the Claim based upon his rights under the Agreement.

On June 6, 2012, more than 12 months after Debtors filed the Objection, the Motors Liquidation Company GUC Trust (the "GUC Trust") filed a reply (the "Reply") to the Response. The Reply merely argues that Losh's retirement benefits were appropriately reduced "as a result of the reduction of benefits being provided to all beneficiaries of the SERP." This sur-reply is being filed to address this argument.[4]

---

[2] Losh was GM's Chief Financial Officer.

[3] The actual amount was approximately $565,000 annually because of the surviving spouse deduction that GM was entitled to make due to the election of benefits made by Losh's spouse.

[4] The GUC Trust has consented to the filing of this sur-reply by Losh. In addition, the Court has indicated that it will permit the filing of this sur-reply.

The Agreement was drafted by GM and was entered into in connection with Losh's retirement.[5] Paragraph 3 of the Agreement provides, in relevant part, as follows:

> Losh will receive payment under: (1) the GM Salaried Retirement Program; (2) the Benefit Equalization Plan; (3) the Supplemental Executive Retirement Program (Regular formula) and (4) an additional payment from GM (the Additional Payment) commencing August 2000. The total of 1, 2, 3 and 4 will be defined as his Aggregate Retirement Benefits. The Aggregate Retirement Benefits will be $50,000 monthly ($600,000 annually).

Thus, it did not matter how much any particular payment equaled (in fact, Losh was not entitled to any payment under the Benefit Equalization Plan) because the total of 1, 2, 3 and 4 had to always equal the Aggregate Retirement Benefits. See the Losh Affidavit at paragraph 6. In other words, for example, if Losh were to receive a smaller payment under SERP, then the Additional Payment had to increase, because if it did not increase, the total of 1, 2, 3, and 4 would not equal the Aggregate Retirement Benefits. See the Losh Affidavit at paragraph 7.

Because of the contractual obligation of GM to pay the Aggregate Retirement Benefits as set forth in the Agreement, Losh agreed in Paragraph 6 of the Agreement (see also Paragraphs 9 and 10 of the Agreement) to refrain from engaging at any time

---

[5] See Paragraph 4 of the Affidavit of J. Michael Losh (the "Losh Affidavit") which is being filed along with this sur-reply.

3

in activity which, in the opinion of the Executive Compensation Committee of GM, is competitive with any activity of GM and from otherwise acting in any manner inimical or in way contrary to the best interests of GM. See the Losh Affidavit at paragraph 8.

There was one possible exception to Losh's right to receive the Additional Payment. Paragraph 4 of the Agreement provides, in relevant part, as follows:

> It is further understood that the committee[6] has the same right to amend, modify, suspend, reduce, or eliminate the Benefit Equalization Plan, and/or the Additional Payment as the GM Board of Directors has with respect to the Alternative Formula Benefit under the General Motors Supplemental Executive Retirement Program and that nothing contained in this Agreement in any way modifies this right.

Thus, pursuant to Paragraph 4 of the Agreement, the Executive Compensation Committee had the same right to reduce the Additional Payment as the GM Board of Directors had with respect to the reduction of the Alternative Formula Benefit under the General Motor's Supplemental Executive Retirement Program ("SERP").[7]

Therefore, it is irrelevant whether there was a "reduction of benefits being provided to all beneficiaries of the SERP" (as

---

[6] In Paragraph 2 of the Agreement, the term "Committee" is defined as the Executive Compensation Committee. The reference to committee in Paragraph 4 is clearly referring to the Executive Compensation Committee.

[7] Losh, however, was confident that the Executive Compensation Committee would never exercise any such right. See the Losh Affidavit at paragraph 9.

4

argued by the GUC Trust).[8] Rather, in order to sustain the Objection, the Court would have to find that the two conditions required in order to effectuate a reduction in the Additional Payment had been satisfied. First, the Court would have to find that the Executive Compensation Committee of GM actually exercised its right to reduce the Additional Payment; and second, the Court would have to determine that in exercising such right, the GM Board of Directors also had the right to reduce the Alternative Formula Benefit under SERP.[9] Here, the GUC Trust has not provided any evidence that the Executive Compensation Committee of GM took any action relative to Losh. Again, it would not be enough if GM took action to generally reduce benefits under SERP (after all, the parties anticipated such and that is why Losh and GM agreed that the Additional Payment would always increase should SERP benefits be reduced); the Executive Compensation Committee had to actually take appropriate action to reduce the Additional Payment. Since the Executive Compensation Committee never reduced the Additional

---

[8] Losh was not like all beneficiaries of SERP; he had a contractual right to receive the Aggregate Retirement Benefits.

[9] Presumably, if the GM Board had an unconditional, discretionary right to reduce the Alternative Formula Benefit, then Paragraph 4 of the Agreement would have simply given the Executive Compensation Committee an unconditional, discretionary right to reduce the Additional Payment; there would have been no need to refer to the right of the Board of Directors to reduce the Alternative Formula Benefit under SERP. Thus, it appears that the Executive Compensation Committee did not have an unconditional, discretionary right to reduce the Additional Payment.

5

Payment (and certainly, Losh has never been informed that it did so[10]), the Objection cannot be sustained.[11]

This Court's analysis need not go any further. However, even if the Court were ultimately to find that the Executive Compensation Committee actually took action consistent with Delaware General Corporation Law to reduce the Additional Payment, then the question becomes what right did the Committee have to reduce the Additional Payment? The GUC Trust argues that the Objection should be sustained because "the Additional Payment can be reduced to the same extent as benefits under the SERP." (see page 6 of the Reply). This is simply not true, because the Additional Payment could only be reduced by the Executive Compensation Committee if the GM Board had the right to reduce the "Alternative Formula Benefit" under SERP. The GUC

---

[10] As set forth in Paragraphs 10 and 11 of the Losh Affidavit: (a) Losh never received notice of any kind from anyone providing that the Executive Compensation Committee had taken any action to reduce the Additional Payment; and (b) to the best of Losh's knowledge, information and belief, the Executive Compensation Committee never voted or took any other action to reduce the Additional Payment.

[11] In order to have taken such action, in accordance with the Delaware General Corporation Law, either: (i) the Executive Compensation Committee would have needed to conduct a meeting at which a quorum was present and at which at least a majority of the committee members present voted to approve the reduction of the Additional Payment; or (ii) if no meeting of the Executive Compensation Committee was conducted, then all of the members of the Executive Compensation Committee would have needed to consent, in writing, to a reduction of the Additional Payment. *8 Del. C. 1953, §141.* In the Reply, the GUC Trust did not even allege that the Executive Compensation Committee ever met to discuss the reduction of the Additional Payment and it did not attach any unanimous written consent resolving to reduce the Additional Payment.

Trust has not articulated any circumstance under which the GM Board could reduce or eliminate the Alternative Formula Benefit. There must have been a reason why the Agreement referred to the Alternative Formula Benefit and not just generally to "benefits under the SERP" (especially since Losh was not entitled to the Alternative Formula Benefit, but rather was entitled to the "Regular formula" [see paragraph 3 of the Agreement]). As such, the GUC Trust has also not shown that the Executive Compensation Committee had the right to reduce the Additional Payment at any particular point in time.

In summary, Losh bargained for and agreed to broad non-competition/non-disclosure/non-disparagement covenants in part in return for GM's promise to pay the Aggregate Retirement Benefits. Because the GUC Trust has not shown, or even alleged, that the Executive Compensation Committee ever took action to reduce the Additional Payment, or that facts and circumstances were present which would have permitted the Executive Compensation Committee to do so, the Objection should be overruled and the Claim should be allowed.[12]

---

[12] If the GUC Trust had asserted that the Executive Compensation Committee had taken action to reduce the Additional Payment, which it has not, then Losh would be entitled to conduct discovery with respect to whether the Executive Compensation Committee had actually taken such action and whether it was entitled to take such action.

7

                          Respectfully submitted,

                          JACOB & WEINGARTEN, P.C.

Dated: July 2, 2012          By: /s/ Howard S. Sher
                                    Howard S. Sher (P38337)
                                    Attorneys for J. Michael Losh
                                    2301 W. Big Beaver Rd, Ste 777
                                    Troy, Michigan 48084
                                    (248) 649-1900
                                    howard@jacobweingarten.com

# Affidavit

Howard S. Sher (admitted *pro hac vice*)
JACOB & WEINGARTEN, P.C.
2301 W. Big Beaver, Suite 777
Troy, Michigan 48084
(248) 649-1900

Attorneys for J. Michael Losh

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x
                                    :
In re                               :    Chapter 11
                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,:   Case No. 09-50026(REG)
    f/k/a General Motors Corp., et al.,:
                                    :    (Jointly Administered)
        Debtors.                    :
                                    :
_____x

### AFFIDAVIT OF J. MICHAEL LOSH
### IN CONNECTION WITH THE OBJECTION TO HIS PROOF OF CLAIM

I, J. Michael Losh, being duly sworn, depose and state as follows:

1.  I have personal knowledge of the matters set forth herein and if called as a witness I could competently testify to the matters set forth herein.

2.  On or about September 1, 2000, I retired from General Motors Corporation ("GM").

3.  At the time of my retirement, I was the Chief Financial Officer of GM.

4. In connection with my retirement, I entered into an Agreement (the "Agreement") with GM. The Agreement was drafted by GM. A copy of the Agreement was attached as an Exhibit to the Response filed with the Court on my behalf in opposition to the objection to my proof of claim filed by the Debtors.

5. Paragraph 3 of the Agreement provides, in part, as follows:

> Mr. Losh will receive payment under: (1) the GM Salaried Retirement Program; (2) the Benefit Equalization Plan; (3) the Supplemental Executive Retirement Program (Regular formula) and (4) an additional payment from GM (the Additional Payment) commencing August 2000. The total of 1, 2, 3 and 4 will be defined as his Aggregate Retirement Benefits. The Aggregate Retirement Benefits will be $50,000 monthly ($600,000 annually).

6. It did not matter how much any particular payment equaled (in fact, I was not entitled to any payment under the Benefit Equalization Plan) because the total of 1, 2, 3 and 4 had to always equal the Aggregate Retirement Benefits.

7. In other words, the intent of the Agreement was such that if I were to receive a smaller payment under SERP, then the Additional Payment had to increase, because if it did not increase, the total of 1, 2, 3, and 4 would not equal my Aggregate Retirement Benefits.

8. Because the intent of the Agreement was to make the Aggregate Retirement Benefits owing to me a contractual

2

obligation of GM as set forth in the Agreement, I agreed in Paragraph 6 of the Agreement to refrain from engaging at any time in activity which, in the opinion of the Executive Compensation Committee of GM, was competitive with any activity of GM and from otherwise acting in any manner inimical or in any way contrary to the best interests of GM.

9.  There was one exception to my right to receive the entire Aggregate Retirement Benefits. Paragraph 4 of the Agreement provided, in part, as follows:

> It is further understood that the committee has the same right to amend, modify, suspend, reduce, or eliminate the Benefit Equalization Plan, and/or the Additional Payment as the GM Board of Directors has with respect to the Alternative Formula Benefit under the General Motors Supplemental Executive Retirement Program and that nothing contained in this Agreement in any way modifies this right.

However, I was confident that the Executive Compensation Committee would never exercise any such right.

10.  I have never received notice of any kind from anyone indicating that the Executive Compensation Committee has taken any action to amend, modify, suspend, reduce, or eliminate the Additional Payment.

11.  To the best of my knowledge, information and belief, the Executive Compensation Committee never voted or took any other action to amend, modify, suspend, reduce, or eliminate the Additional Payment.

3

Further deponent sayeth not.

/s/ J. Michael Losh (w/consent)
J. Michael Losh

Dated: July 2, 2012

# Proof Of Service

Howard S. Sher (admitted *pro hac vice*)
JACOB & WEINGARTEN, P.C.
2301 W. Big Beaver, Suite 777
Troy, Michigan 48084
(248) 649-1900

Attorneys for J. Michael Losh

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x
                                        :
In re                                   :    Chapter 11
                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,   :    Case No. 09-50026(REG)
    f/k/a General Motors Corp., et al.,:
                                        :    (Jointly Administered)
            Debtors.                    :
                                        :
_____x

**PROOF OF SERVICE**

  I, Teri Naubert, state that on July 2, 2012, I did file: (1) Sur-Reply Of J. Michael Losh To Motors Liquidation Company GUC Trust's Reply To J. Michael Losh's Response To The 229th Omnibus Objection To Claims (Supplemental Executive Retirement Claims And Welfare Benefits Claims Of Retired And Former Salaried And Executive Employees); (2) Affidavit of J. Michael Losh In Connection With The Objection To His Proof Of Claim; and (3) this Proof Of Service with the Clerk of the Court using the electronic filing system which will send electronic notification of such filing to all registered ECF users.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 2, 2012

               /s/ Teri Naubert
               Teri Naubert
               howard@jacobweingarten.com