Benjamin Higgins
120 Julie Lane
Templeton, CA 93465

June 22, 2012

Clerk of the Bankruptcy Court
U.S. Bankruptcy Court, Room 621
Southern District of New York
One Bowling Green
New York, NY 10004-1408



**RE:   Anderson Claim No. 51093 Request for Attorneys' Fees, Chapter 11 Case No. 09-50026 (REG)**

To Whom It May Concern:

I am a claimant in *Anderson v. General Motors Corp.* which received notice of Class Counsels' request for attorneys' fees and expenses on June 19, 2012, and I wish to make comments. I do not intend to appear at the Court's hearing on the motion regarding this matter. My full name, address, and telephone number are as follows:

Benjamin Higgins
120 Julie Lane
Templeton, CA 93465
(916) 281-8699

The aforementioned notice states that the bankruptcy payout in General Motors common stock and warrants to the claimant trust account was approximately $0.18 on the dollar, with a market value of approximately $1,492,580.00. *Anderson* Class Counsel is seeking an award of attorneys' fees and reimbursement equal to 30% of this settlement fund, or approximately $447,767.00. This of course is in addition to the separate and previous award to Class Counsel of $1,950,000 in attorneys' fees and $212,500 in reimbursement.

Curiously however, the notice makes no apparent mention regarding plans for the balance of the settlement fund (approximately $1 million, assuming Class Counsel's request for attorneys' fees and reimbursement is granted). On June 22, 2012 I contacted Class Counsel's offices via telephone and asked this question of an associate handling the *Anderson* case, who informed me that the balance of the settlement fund would be distributed proportionally amongst claimants. If this is indeed the case – that 70% of the settlement fund will be distributed to claimants – then I certainly have no opposition to Class Counsel being awarded attorneys' fees and reimbursement.

If however the balance of the settlement funds will be used to fulfill some other unknown obligation, and claimants shall receive little or no benefit, then Class Counsel's request for attorneys' fees and reimbursement should not be granted. This is a simple matter of principle. Class Counsel's work during the bankruptcy proceeding had a primary aim of creating a settlement fund for claimants. According to the notice, "Class Counsel undertook this work solely for the benefit of the *Anderson* claimants." Thus, in the event that claimants will derive no benefit from the settlement fund, Class Counsel should likewise not derive any benefit.

Thank you for the opportunity to provide these comments. Should you have any questions regarding this correspondence, please do not hesitate to contact me.

Sincerely,

Benjamin Higgins

Cc:   A.J. De Bartolomeo, Esq.
      Girard Gibbs LLP
      601 California Street, Suite 1400
      San Francisco, CA 94108