**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **Case No. 09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

----------------------------------------------------------------x

## STIPULATION CONCERNING HONEYWELL CLAIM NO. 45832

This Stipulation (the "**Stipulation**") is entered into as of June 28, 2012 by and between the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, and Honeywell International Inc. ("**Honeywell**," and together with the GUC Trust, the "**Parties**"), on the other hand.

## RECITALS

WHEREAS, on June 1, 2009, the Motors Liquidation Company ("**MLC**") and certain of its affiliated debtors (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE,**" and together with REALM and the Initial

Debtors, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy

Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on September 16, 2009, the Bankruptcy Court entered the

Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the

Federal Rules of Bankruptcy Procedure Establishing the Deadline for Filing Proofs of

Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures

Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date**

**Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to

file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order, Honeywell timely

filed against MLC, among other claims, proof of claim number 45832 (the "**Honeywell**

**Claim**"), asserting an unsecured prepetition claim relating to environmental liabilities,

including natural resource damages and future remediation costs, concerning the Lake

Bottom Subsite of the Onondaga Lake Superfund Site (the "**Lake Bottom Subsite**");

WHEREAS, in compliance with the Bar Date Order, the United States on

behalf of the United States Environmental Protection Agency ("**EPA**") filed proof of

claim number 64064 (the "**EPA Claim**"), asserting, *inter alia*, an unsecured prepetition

claim relating to past oversight costs incurred by EPA at the Lake Bottom Subsite and

future remediation costs associated with the Lake Bottom Subsite..

WHEREAS, the EPA Claim also asserts a claim for natural resources

damages relating to the Onondaga Lake Superfund Site, including the Lake Bottom

Subsite (the "**US NRD Claim**");

2

WHEREAS, on January 28, 2010, the Debtors filed their 208th Omnibus

Objection to Claims (Contingent Co-Liability Claims) (the "**Objection**") (Docket No.

8945), which Objection included the Honeywell Claim, contending, among other things,

that the Honeywell Claim should be disallowed and expunged in its entirety because the

Honeywell Claim was a "contribution claim" under section 502(e) of the Bankruptcy

Code and duplicative with the EPA Claim to the extent the Honeywell Claim relates to

the Lake Bottom Subsite;

WHEREAS, on March 22, 2011, Honeywell filed a response to the

Objection (Docket No. 9872) in respect of the Honeywell Claim (the "**Response**");

WHEREAS, the Parties have been engaged in good faith discussions

regarding the Objection, the Response and the Honeywell Claim;

WHEREAS, on March 29, 2011, the Bankruptcy Court entered its

Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of

the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure

Confirming Debtors' Second Amended Joint Chapter 11 Plan, which, among other

things, confirmed the Debtors Second Amended Joint Chapter 11 Plan (as amended,

modified or supplemented, the "**Plan**"), and established the GUC Trust pursuant to that

certain Motors Liquidation Company GUC Trust Agreement;

WHEREAS, upon the effective date of the Plan, the GUC Trust assumed

responsibility for reconciling claims under the Plan;

WHEREAS, on April 30, 2012, the United States of America lodged with

the Bankruptcy Court a proposed Onondaga Non-Owned Site Consent Decree and

Settlement Agreement (the "**Onondaga Settlement Agreement**") entered into between

3

the United States of America and the GUC Trust.  The Onondaga Settlement Agreement was subject to a public comment period that ended on June 6, 2012, and a motion (Docket No. __) to approve the Onondaga Settlement Agreement was filed with the Court by the United States of America on June 13, 2012 and is scheduled to be heard on June 28, 2012;

WHEREAS, the Onondaga Settlement Agreement resolves, among other things, the EPA claim to the extent it seeks reimbursement of EPA oversight costs related to the Lake Bottom Subsite; however, due to the highly-technical nature of the remediation associated with the Lake Bottom Subsite and the fact that Honeywell has assumed primary responsibility for such remediation, the United States of America and the GUC Trust agreed that the GUC Trust would resolve its liability for future remediation costs as to the Lake Bottom Subsite directly with Honeywell, rather than with EPA;

WHEREAS, the Onondaga Settlement Agreement specifically provides that the "matters addressed" in the Onondaga Settlement Agreement, as to which the GUC Trust and the post-effective date Debtors are entitled to receive protection from contribution claims, do not include the Honeywell Claim, however, Honeywell is concerned that the language in the Onondaga Settlement Agreement is not sufficient to prohibit the GUC Trust from pursuing the Objection against Honeywell, notwithstanding the agreement between the GUC Trust and the United States of America that the GUC Trust would resolve its liability for future remediation costs at the Lake Bottom Site directly with Honeywell; and

4

WHEREAS, after good faith, arms' length negotiations, the Parties have reached an agreement to resolve the Objection and thereby obviate any need by Honeywell to comment on or object to the Onondaga Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, agreements and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, upon the foregoing recitals, which are incorporated herein in all respects, the Parties enter into this Stipulation and agree as follows:

1.    Understanding the United States has filed and is pursuing the US NRD Claim, Honeywell agrees to withdraw with prejudice the portion of the Honeywell Claim that seeks contribution for natural resource damages pursuant to 42 U.S.C. §§ 9601(6) and 9607(a)(4)(C), which withdrawal shall be deemed accomplished by this Stipulation without the need for further action by Honeywell.  The surviving Honeywell Claim, which does not include a claim for contribution for natural resource damages, is hereinafter referred to as the "**Amended Honeywell Claim**."

2.    The GUC Trust and Honeywell agree that should the GUC Trust enter into a settlement resolving the US NRD Claim, such settlement shall not be admissible evidence in connection with the adjudication of the Honeywell Claim, nor shall such settlement be relied upon in any alternative dispute resolution proceeding relating to the Amended Honeywell Claim.

3.    The Objection shall be, and is hereby deemed, withdrawn in all respects, as to the Amended Honeywell Claim.

4.    The GUC Trust, by and on behalf of itself and the Debtors, agrees

5

that it will not seek to expunge, or object to, the Amended Honeywell Claim pursuant to section 502(e)(1)(B) of the Bankruptcy Code.

5.    Except as set forth herein, Honeywell reserves all of its rights in respect of the Amended Honeywell Claim and the GUC Trust reserves any and all defenses to the Amended Honeywell Claim, and all parties reserve their respective position as to the amount in which such claim should be allowed.

6.    Honeywell agrees not to object to the Onondaga Settlement Agreement, and such settlement shall not be admissible evidence in connection with the adjudication of the Amended Honeywell Claim, nor shall such settlement be relied upon in any alternative dispute resolution proceeding relating to the Amended Honeywell Claim.

7.    Honeywell reserves the right to comment on, or object to, any further settlement between the GUC Trust and any other party relating to Onondaga Lake Superfund Site.

8.    This Stipulation shall become effective only upon approval by the Bankruptcy Court of the Onondaga Settlement Agreement.  If the Onondaga Settlement Agreement is not approved, this Stipulation shall become null and void.

9.    This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

10. This Stipulation may not be modified other than by signed writing executed by the Parties hereto or by order of the Bankruptcy Court.

11. Each person who executes this Stipulation represents that he or she

is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

12. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

13. The Bankruptcy Court shall retain jurisdiction over any and all disputes arising out of this Stipulation.

*[SIGNATURE PAGE FOLLOWS]*

**MOTORS LIQUIDATION
COMPANY GUC TRUST
   By Wilmington Trust Company, not
   in its individual capacity, but solely
   as MLC GUC Trust Administrator**


/s/ Joseph H. Smolinsky
Counsel to Motors Liquidation Company
   GUC Trust

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Dated: June 28, 2012


**HONEYWELL INTERNATIONAL
INC.**

/s/   Joel M. Gross
Counsel for Honeywell International Inc.
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5705

Dated: June 27, 2012



IT IS SO ORDERED.

Dated: New York, New York
         **July 3, 2012**

                                        */s/ Robert E. Gerber*
                                        United States Bankruptcy Judge


8