**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
**In re**                                            :        **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :        **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*          :
:
              **Debtors.**                           :        **(Jointly Administered)**
:
------------------------------------------------------------------x

<u>**SUPPLEMENTAL ORDER GRANTING DEBTORS' 171ST OMNIBUS**</u>
<u>**OBJECTION TO CLAIMS AS TO PROOF OF CLAIM NOS. 31707 and 31708**</u>
<u>**FILED BY PAUL C. CURZAN**</u>
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

Upon the 171st omnibus objection to expunge certain welfare benefits

claims of retired and former salaried and executive employees, dated January 26, 2011

(the "**171st Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a

General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code

(the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures**

**Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the

Salaried and Executive Employee Welfare Benefits Claims on the grounds that each

Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which

the Debtors have no liability, all as more fully described in the 171st Omnibus Objections

---
[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the 177th and 178thOmnibus Objections to Claims.

to Claims; and due and proper notice of the 171st Omnibus Objections to Claims having

been provided, and it appearing that no other or further notice need be provided; and the

Court having considered the response filed by Paul C. Curzan (ECF Nos. 9357 and

9862), and the Motors Liquidation Company GUC Trust's Response (ECF No. 11738);

and a hearing on the 171st Omnibus Objections to Claims having been held on June 14,

2012; and the Court having found and determined that the relief sought in the 171st

Omnibus Objections to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the

171st Omnibus Objections to Claims establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 171st Omnibus Objections to

Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Proof

of Claim Nos. 31707 and 31708 filed by Paul C. Curzan are hereby disallowed and

expunged; and it is further

ORDERED that the time to appeal runs from the date of entry of this

Order and not from the date of the Hearing; and it is further

ORDERED that the claimant reserves and retains any and all rights, if any,

that he may have against New GM; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
       **July 6, 2012**

                                        _/s/ **Robert E. Gerber**_____
                                        United States Bankruptcy Judge