Kenneth M. Schneider (Mich Bar P31963)
Kimberly Ross Clayson (Mich Bar P 69804)
SCHNEIDER MILLER, PC
645 Griswold, Suite 3900
Detroit, MI 48214
Telephone: 313-237-0850
Facsimile: 313-237-0059

Attorneys for Lyon Stephens, Creditor


**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____/
                                        :
                                        :   Chapter 11
                                        :   Case No. 09-50026 (REG)
In re                                   :
                                        :
**MOTORS LIQUIDATION COMPANY, et al.,** :   (Jointly Administered)
    **f/k/a GENERAL MOTORS CORP., et al.** :
_____/

**CREDITOR LYON STEPHENS' RESPONSE TO 281ST OMNIBUS OBJECTION
TO CLAIMS AS TO CLAIM NO. 1184**

Lyon Stephens, Creditor by his attorneys Schneider Miller, PC states as follows for his Response to Debtor's Objection to Claims:

1.      Prior to Debtor's bankruptcy filing in 2007, Lyon Stephens ("Creditor") initiated a products liability claim against General Motors Corporation ("Debtor") in Tuscola County Circuit Court in the State of Michigan due to injuries resulting from the failed deployment of an airbag.

2.      As of this bankruptcy filing the case was in the process of a Michigan Circuit Court Case Evaluation for settlement.

3. Creditor timely filed his proof of claim identifying the basis for claim as "personal injury" at question 2. on the Proof of Claim.

4. No documentation was attached for the reason that the documentation related to the lawsuit is too voluminous to include as support of Creditor's claim

5. Debtor's counsel who represented it in the lawsuit is the same counsel representing it in this bankruptcy proceeding and has possession and control of records related to the personal injury claim.

6. The Case Evaluation Summary outlining Creditor's claim is attached hereto as Exhibit 1 to support the basis of Creditor's claim.

WHEREFORE Creditor Lyon Stephens respectfully requests this court to allow his Proof of Claim in the amount of $225,000.00 or whatever amount this court determines to be just and appropriate under the circumstances.

July 9, 2012

/s/Kenneth M. Schneider
Kenneth M. Schneider (Mich Bar P31963)
Kimberly Ross Clayson (Mich Bar P 698 04)
SCHNEIDER MILLER, PC
645 Griswold, Suite 3900
Detroit, MI 48226
Telephone: 313-237-0850
Facsimile: 313-237-0059
kschneider@schneidermiller.com
kclayson@schneidermiller.com

Kenneth M. Schneider (Mich Bar P31963)
Kimberly Ross Clayson (Mich Bar P 69804)
SCHNEIDER MILLER, PC
645 Griswold, Suite 3900
Detroit, MI 48226
Telephone: 313-237-0850
Facsimile: 313-237-0059

Attorneys for Lyon Stephens, Creditor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____/
                                          :
                                          :    Chapter 11
                                          :    Case No. 09-50026 (REG)
In re                                     :
                                          :
**MOTORS LIQUIDATION COMPANY, et al.,**   :    (Jointly Administered)
    **f/k/a GENERAL MOTORS CORP., et al.** :
_____/

**CREDITOR LYON STEPHENS' BRIEF IN SUPPORT OF RESPONSE TO 281ST
OMNIBUS OBJECTION TO CLAIMS AS TO CLAIM NO. 1184**

Lyon Stephens through his counsel Schneider Miller, PC states as follows for his Brief:

**BACKGROUND**

Creditor Lyon Stephens filed a products liability personal injury suit against General Motors Corporation ("Debtor") prepetition in Tuscola County Circuit Court in the State of Michigan. At the time of Debtor's bankruptcy filing, the lawsuit had been substantially litigated discovery was near completion and the matter was in the Case Evaluation process. The details of Creditor's claim are set forth in Plaintiff's October 8, 2008 Case Evaluation Summary which is attached hereto.

Creditor timely filed a Proof of Claim form identifying his claim as a personal injury claim. No attachments were made due to the voluminous nature of the supporting documentation. Regardless, Debtor had records pertaining to this claim in its possession and control and could ascertain from its own records the validity of the claim.

**ARGUMENT**

11 U.S.C. §502(b) governs what claims will be disallowed. Section 502 does not disqualify any claim on the grounds that the creditor did not provide supporting documentation. *In re Guidry*, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005). "Courts have accordingly held that a claim cannot be disallowed solely on the basis that its proof was not accompanied by a Rule 3001(c) attachment." *Id.*

Rule 3001 simply provides that any proof of claim filed with supporting documentation will have prima facie validity. *In re Kemmer*, 315 B.R. 706, 713-714 (Bankr. E.D. Tenn. 2004) (Citing *Cluff*, 313 B.R. at 337 (Additional citations omitted). Any lack of supporting documents only means that the burden of proof remains with the creditor but a creditor may meet the burden of proof by presenting supporting documents. *Id.* "At that point, the objecting party is still required to present evidence that the claim is legally deficient." *Id.* Creditors are not expected to attach "voluminous documentation" and any requirement to do so "would put an unduly onerous burden upon the creditor, as well as the debtor." *Id.*

Creditor Stephen Lyons claim should be allowed. Evidence of Creditor's claim is

attached as Exhibit 1 to this Response. The attached Case Evaluation Summary describes Creditor's claim and identifies damages in the amount of $425,000.00. Creditor filed a proof of claim in the reduced amount of $225,000.00 for the reason that Creditor's claim was contingent and unliquidated as of the petition date with the expectation that the claim would somehow be compromised within this bankruptcy proceeding. Additional records of Creditor's claims are voluminous and include reports such as the police report from the underlying accident that is the reason for the products liability claim, expert witness reports, photos of the damaged vehicle and failed airbag, hospital records and medical reports. The Case Evaluation Summary sufficiently summarizes all of this information and a calculation of damages is fully described in the Summary.

**CONCLUSION**

For the reasons set forth in this Brief, Creditor Stephen Lyon's claim is proper and should be allowed in the amount of $225,000.00.


July 9, 2012                    /s/Kenneth M. Schneider
                                Kenneth M. Schneider (Mich Bar P31963)
                                Kimberly Ross Clayson (Mich Bar P69804)
                                SCHNEIDER MILLER, PC
                                645 Griswold, Suite 3900
                                Detroit, MI 48226
                                Telephone: 313-237-0850
                                Facsimile: 313-237-0059
                                kschneider@schneidermiller.com
                                kclayson@schneidermiller.com