HEARING DATE AND TIME: August 21, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: August 14, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.* | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------------x

## NOTICE OF OBJECTION TO PROOF OF CLAIM OF AUTONATION, INC. (CLAIM NO. 50085)

**PLEASE TAKE NOTICE** that on July 13, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to the proof of claim of AutoNation, Inc. and Subsidiaries (Claim No. 50085) (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 21, 2012, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **August 14, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
July 13, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

HEARING DATE AND TIME: August 21, 2012 at 9:45 a.m. (Eastern Time)<br>
RESPONSE DEADLINE: August 14, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.* | : | 09-50026 (REG) |
| | : | (Jointly Administered) |
| Debtors. | : | |

------------------------------------------------------------x

## OBJECTION TO PROOF OF CLAIM
## OF AUTONATION, INC. (CLAIM NO. 50085)

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this objection to proof of claim number 50085, filed by AutoNation, Inc. and Subsidiaries (collectively, "**AutoNation**") (the "**Claim**," attached as <u>Exhibit A</u>). The Claim should be disallowed and expunged because it is subject to and barred by section 502(e)(1)(B) of title 11 of the United States Code (the "**Bankruptcy Code**"). In support of this Objection, the GUC Trust respectfully represents:

## RELIEF REQUESTED

1. The Claim is unliquidated and seeks common law and/or contractual indemnification for costs and expenses that AutoNation may incur, but has not yet incurred, in connection with products it sold that were manufactured by the Debtors. Accordingly, based on this Court's decisions in *In re Chemtura Corp.*, 436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010), *In re Lyondell Chem. Co.*, 442 B.R. 236, 243 (Bankr. S.D.N.Y. 2011) and other persuasive authority, the GUC Trust seeks entry of an order disallowing and expunging the Claim pursuant to sections 502(e)(1)(B) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## THE CLAIM[1]

3. AutoNation is engaged in the automotive retail business and sold products manufactured by the Debtors. Claim, p. 2.

4. Certain of the claimants and the Debtors were parties to Sales and Service Agreements (collectively the "**Agreements**"), which were terminated before Debtors' Chapter 11 filing. Id.[2] The Agreements contain provisions under which the Debtors were obligated to indemnify the AutoNation counterparty for certain product liability claims. Id. AutoNation

---

[1] For purposes of the GUC Trust's objection to the Claim, the GUC Trust requests the Court treat the facts alleged by AutoNation as true. However, the GUC Trust reserves the right to challenge such factual allegations. Additionally, the GUC Trust reserves the right to object to the Claim on any other basis if it is not disallowed in its entirety as requested herein.

[2] AutoNation also asserted as "a protective measure" a claim for amounts owed by New GM based on its assumption of certain dealership agreements with certain other AutoNation subsidiaries. Claim, p. 2. To the extent AutoNation still asserts such a claim against the Debtors, it should be expunged under section 502(b) because, to the extent there is any liability, it is the liability of New GM.

2

asserts that such provisions survived termination of the Agreements. Id. In the Claim, AutoNation asserts the Debtors owe it an "unknown/unliquidated amount" for such contractual indemnification claims. Claim, p. 1.

5. The claimants also include AutoNation subsidiaries which sold products manufactured by the Debtors, but were not parties to any Agreements. Claim, p. 3. AutoNation asserts that such subsidiaries would have a common law right to indemnification for any product liability claim made against them relating to products manufactured by the Debtors. Id. In the Claim, AutoNation asserts the Debtors owe it an "unknown/unliquidated amount" for such common law indemnification claims. Claim, p. 1.

6. In the Claim, AutoNation asserts that two claims have been made against it for which they could have indemnification rights against the Debtors. Id. at p. 3. AutoNation settled one of those claims and filed a separate proof of claim (Claim No. 70999) asserting its right to indemnification based on that settlement. With respect to the other claim, Autonation does not allege that it made any payments on account of such claim, only that the claim was made against it. Thus, the Claim is based solely on the possibility that AutoNation may make payments in the future for claims which it may have indemnification rights against the Debtor.

## THE RELIEF REQUESTED SHOULD BE APPROVED BY THE COURT

7. Section 502(e)(1)(B) of the Bankruptcy Code provides, in relevant part, that the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution." 11 U.S.C. § 502(e)(1)(B).

8. There are two distinct policies behind section 502(e)(1)(B). First, section 502(e)(1)(B) prevents competition for the limited proceeds of the estate by precluding

3

redundant recoveries by multiple parties on the same underlying claim. *Aetna Cas. & Surety Co. v. Ga. Tubing Co. (In re Chateaugay Corp.)*, No. 93-3659, 1995 WL 429018, at *3 (S.D.N.Y. July 20, 1995) (citations omitted). Second, section 502(e)(1)(B) furthers the administration of bankruptcy cases by preventing "contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or *a final distribution in a liquidating case.*" *In re GCO Serv. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (emphasis added); *see also In re Alper Holdings USA*, No. 07-12148, 2008 WL 4186333, at *7 (Bankr. S.D.N.Y. Sept. 10, 2008) (citations omitted); *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (section 502(e)(1)(B) enables "distribution to unsecured creditors without a reserve for these types of contingent claims when the contingency may not occur until after the several years it often takes to litigate the underlying lawsuit.").

9. As this Court recently held in *In re Chemtura Corp.*, for a claim to be disallowed under section 502(e)(1)(B), three elements must be satisfied: "(1) the claim must be for reimbursement or contribution; (2) the party asserting the claim must be liable with the debtor on the claim of a third party; and (3) the claim must be contingent at the time of its allowance or disallowance." *In re Chemtura Corp.*, 436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010); *see also GCO Serv.*, 324 B.R. at 465 (citations omitted); *Wedtech*, 85 B.R. at 289 (citation omitted); *In re Lyondell Chem. Co.*, 442 B.R. 236, 243 (Bankr. S.D.N.Y. 2011). As set forth below, each of these three elements is satisfied with respect to the Claim.

A. **The Claim Seeks Reimbursement and/or Contribution**

10. Any claim for indemnification, whether arising through common law, contract, or statute, is a claim seeking reimbursement or contribution that is subject to disallowance under section 502(e)(1)(B). *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R.

4

98, 101 (Bankr. S.D.N.Y. 1992) (applying section 502(e)(1)(B) to claim based on an indemnification provision in the debtor's bylaws); *Alper Holdings*, 2008 WL 4186333, at *5 (applying to contractual claim for indemnification); *In re N.Y. Trap Rock Corp.*, 153 B.R. 648, 651 (Bankr. S.D.N.Y. 1993) (noting a claim for contribution under CERCLA may be disallowed under section 502(e)(1)(B)); *In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990) ("Congress clearly meant to include all situations where indemnitors or contributors could be liable with the debtor within the scope of § 502(e)(1)(B)."); *In re Motors Liquidation Co.*, Case No. 09-50026 (REG), Transcript at 74 (Bankr. S.D.N.Y. May 31, 2012) ("Even where a claim is based on a direct contractual claim, if in substance it's a claim for reimbursement, it must be disallowed.").

11.    On its face, the Claim seeks recovery for potential costs or expenses AutoNation could incur in connection with product liability claims asserted against it, for which the Debtors may be required to indemnify. Accordingly, the first element of section 502(e)(1)(B) is readily established.

B.     **AutoNation is Co-Liable with the Debtors**

12.    The co-liability element of section 502(e)(1)(B) is satisfied upon a finding that "the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor *could be* liable but for the automatic stay." *Chemtura*, 436 B.R. at 295 (quoting *Wedtech*, 85 B.R. at 290) (emphasis added); *see also In re Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985) ("The phrase 'an entity that is liable with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever its basis.").

5

13. The Claim seeks satisfaction for products liability claims which customers could assert against both AutoNation and the Debtors, on the basis that they sold and manufactured, respectively, the relevant products. As such, the second element is satisfied.

### C. The Claim is Contingent

14. The third and final element of section 502(e)(1)(B) is that the claim must be contingent at the time of its disallowance. This element may be satisfied by a finding that a debtor's legal duty to pay has not yet arisen and will only exist "after it is triggered by the occurrence of a future event." *Alper Holdings*, 2008 WL 4186333, at *5. The law is "well-settled that the claim of a co-liable party under [section] 502(e)(1)(B) is contingent until the claimant has made payment on its underlying claim to the principal creditor and thereby fixes his own right to payment from the debtor." *In re Eagle-Pitcher Indus., Inc.*, 144 B.R. 765, 769 (S.D. Ohio 1992) (citations omitted); *see Chateaugay*, 1995 WL 429018, at *3 (finding a claim to be contingent under section 502(e)(1)(B) because the claimant did not pay the underlying obligation); *In re Motors Liquidation Co.*, Case No. 09-50026 (REG), Transcript at 71 (Bankr. S.D.N.Y. May 31, 2012) ("[U]ntil and unless amounts are actually paid, claims remain contingent for Section 502(e)(1)(B) purposes"). In order for a claim to be disallowed under section 502(e)(1)(B), the claim need only be contingent as of the date of the court's ruling to disallow the claim. *GCO Serv.*, 324 B.R. at 466; *Alper Holdings*, 2008 WL 4186333, at *5.

15. Here, AutoNation has not made any payments on account of Claims for which the Debtors may have indemnification obligations. Accordingly, the Claim clearly seeks recovery for a *potential* liability, rather than an actual obligation. As such, the claim is contingent and satisfies the third element of section 502(e)(1)(B).

6

16. As the Claim satisfies each of the three elements under section 502(e)(1)(B), it must be disallowed in its entirety and expunged from the claim register.

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging the Claim and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 13, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
*Attorneys for Motors Liquidation Company GUC Trust*

7