RECEIVED

MAY 2 3 2007

LEGAL DEPT.

## IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA, CIVIL DIVISION

ELIZABETH BERNARDEZ,
AS PERSONAL REPRESENATATIVE
OF THE ESTATE OF WILLIAM
BERNARDEZ,
      Plaintiff

Civil Case No.   0706281

**14**

vs.

MICHELIN NORTH AMERICA, INC.
f/k/a UNIROYAL TIRE COMPANY, INC.
or UNIROYAL GOODRICH TIRE COMPANY,
INC., GENERAL MOTORS CORPORATION,
MULLINAX FORD SOUTH, INC. d/b/a MAROONE
FORD OF MARGATE, SEARS, ROEBUCK &
CO. d/b/a SEARS AUTO CENTER, and ABC
CORPORATION
      Defendants

MAR 21 2007

A TRUE COPY
HOWARD C. FORMAN
CLERK OF COURTS

_____/

### COMPLAINT

COMES NOW THE PLAINTIFF, ELIZABETH BERNARDEZ, PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM BERNARDEZ and files this Complaint against the Defendants, MICHELIN NORTH AMERICA, INC f/k/a UNIROYAL TIRE COMPANY, INC or UNIROYAL GOODRICH TIRE COMPANY, INC, GENERAL MOTORS CORPORATION, MULLINAX FORD SOUTH, INC d/b/a MAROONE FORD OF MARGATE, SEARS, ROEBUCK & CO d/b/a/ SEARS AUTO CENTER AND ABC CORPORATION

### JURISDICTION AND VENUE

1    This is a wrongful death action for damages in excess of the jurisdictional limits of this Court  Venue and jurisdiction properly lie in this Court as a Defendant resides and operates a business in Broward County, Florida

### PARTIES

2    The Plaintiff, ELIZABETH BERNARDEZ, is a Lee County resident, over the age of twenty-one and otherwise competent to bring and maintain this action  A

1

lawsuit making these allegations was filed by this Plaintiff in Lee County, Twentieth Judicial Circuit but venue pursuant to Fla Stat Sec 47 011 is proper in this County where the Defendant resides and conducts business, including the sale of the subject vehicle to Plaintiff

3. WILLIAM BERNARDEZ died on March 21, 2005 in a single vehicle roll over collision caused when the left rear tire of his 1999 Chevrolet Blazer (Vehicle Identification number 1GNCS18W1XK191407 and hereafter, "the Chevrolet Blazer") failed

4. The subject collision occurred on Interstate 75 near State Road 43 in Bradenton, Manatee County, Florida

5. ELIZABETH BERNARDEZ is the surviving spouse and Personal Representative of the ESTATE OF WILLIAM BERNARDEZ for the purposes of this action brought under Florida's Wrongful Death Act A copy of the Letters of Administration issued are attached as Exhibit 1 to this Complaint

6. At all material times, ELIZABETH AND WILLIAM BERNARDEZ were husband and wife and residents of Lee County, Florida ELIZABETH BERNARDEZ remains a resident of Lee County, Florida

7. THE ESTATE OF WILLIAM BERNARDEZ is filed in Lee County where the letters of administration attached as Exhibit 1 were issued

8. At all material times, the Defendant, MICHELIN NORTH AMERICA, INC f/k/a UNIROYAL TIRE COMPANY, INC or UNIROYAL GOODRICH TIRE COMPANY, INC, including its agents and subsidiaries (hereafter, UNIROYAL) was a foreign corporation authorized to do and doing business in the State of

Florida, including but not limited to the designing, engineering, manufacturing, fabricating, assembling, distributing, testing, marketing and selling of tires

9    At all material times, the Defendant, SEARS, ROEBUCK & CO d/b/a SEARS AUTO CENTER, including its agents and subsidiaries (hereafter SEARS), was a foreign corporation authorized to do and doing business in the State of Florida, including but not limited to holding themselves out to the public as expert in tire service, repair, and/or re-sale at their place of business at 1625 N W 107th Avenue, Miami, Florida

10    At all material times, the Defendant, GENERAL MOTORS CORPORATION, including its agents and subsidiaries (hereafter GENERAL MOTORS), was a foreign corporation authorized to do and doing business in the State of Florida, including but not limited to the designing, engineering, manufacturing, fabricating, assembling, distributing, testing, marketing and selling of motor vehicles

11    The Defendant ABC CORPORATION, including its agents and subsidiaries, is a fictitious name of a company doing business in Florida responsible for designing, engineering, manufacturing, fabricating, assembling, distributing, testing, marketing and selling, installation or repair of the subject vehicle and/or tire  Upon reasonable investigation, Plaintiff has been unable to identify points of service or sale of the subject vehicle and/or tire and will amend this Complaint upon identification of any additional responsible and proper parties to relate back to the filing of this Complaint

12    The Uniroyal Laredo All –Season AWP P235/70R15 passenger tire (hereafter, the subject tire) was manufactured by Defendant UNIROYAL and installed as a

3

'spare' tire and original equipment on the Chevrolet Blazer by the Defendant GENERAL MOTORS.

13    The Chevrolet Blazer with the subject tire were delivered to the agent and dealer, ABC CORPORATION and/or MULLINAX FORD SOUTH, INC d/b/a MAROONE FORD OF MARGATE (hereafter MULLINAX) before being placed into the stream of commerce in the usual and ordinary course of business

13    In the course of its regular and customary business, MULLINAX sold the Chevrolet Blazer to the Plaintiff at their dealership located at 5300 West Copans Road, Margate, Broward County, Florida

14    The Defendant SEARS was, at all material times, responsible for the sale, service, repair and/or maintenance of the subject vehicle and its tires, including but not limited to the subject tire

15    MULLINAX and/or ABC COROPORATION are and were, at all material times, Florida corporations authorized to do business in this State

16    MULLINAX and/or ABC CORPORATION are in the principal business of buying, selling and leasing new and used motor vehicles.

17    The subject automobile and tire were commonly advertised, sold, used and consumed in the State of Florida, including Broward County, in the ordinary course of commerce, trade or use within the meaning of Fla Stat Sec 48 193

18    At all times material hereto, each of the Defendants operated, conducted, engaged and/or carried on a business venture in the State of Florida or had an office or agency in the State of Florida within the meaning of Fla Stat Sec 48 193

4

## COUNT I

## UNIROYAL
## NEGLIGENCE

19    Plaintiff re-alleges and incorporates each and every allegation contained in
Paragraphs 1 – 18 as if fully set forth here

20    Defendant UNIROYAL designed, engineered, tested, manufactured, marked and
distributed the subject tire and placed it into commerce

21    The subject tire was designed, engineered, tested and/or manufactured in a
negligent manner

22    Defendant UNIROYAL knew or should have known that the subject tire was
designed, engineered, tested and/or manufactured in a negligent manner

23    Defendant UNIROYAL was negligent and acted in a willful and wanton manner
in designing, engineering, testing, manufacturing, inspecting, marketing and
selling the subject tire

24    Defendant UNIROYAL was in a superior position to know of the tire's defects or
is liable to Plaintiff for the injuries and losses described herein because the
Chevrolet Blazer was not merchantable and was not reasonably suited for the use
intended

25    The subject tire was expected to and did reach the user, Plaintiff, without
substantial change in the condition in which it was originally manufactured,
distributed, assembled, and installed by UNIROYAL The subject tire was
unreasonably dangerous to its users, consumers, the general public and in
particular to the Plaintiff decedent for its intended uses in that over time the
subject tire experienced separation of tread from steel belt even without use

5

26   Defendant UNIROYAL is also negligent in failing to warn the users of this tire
and others who might come into contact with the tire of the dangers involved in
this negligently designed and manufactured tire

27   Had Defendant not acted as described above, the subject tire would not have been
placed on the Chevrolet Blazer in the manner that it was and would not have been
a contributing cause of the collision

28   As a direct and proximate result of Defendants' negligence, WILLIAM
BERNARDEZ died as a result of injuries sustained in the subject collision

29   The Plaintiff is entitled to an award of damages under Florida's Wrongful Death
Act

30   As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF
WILLIAM BERNARDEZ has suffered loss, damage and injury including but not
limited to the following

    (a)   Lost earnings, wages and salary,

    (b)   Lost net accumulations,

    (c)   Lost bonuses, benefits and other valuable financial consideration,

    (d)   Medical expenses, and,

    (e)   Funeral expenses

31   As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH
BERNARDEZ has suffered loss, damage and injuries, which are permanent and
continuing in nature, including but not limited to the following

    (a)   Mental and emotional pain and suffering,

    (b)   Lost consortium, comfort and companionship, and,

(c)    Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative

of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant

UNIROYAL including damages to which the Plaintiff, in all of her capacities, is entitled

to and any other relief which this Court may deem appropriate

### COUNT II

**UNIROYAL
STRICT LIABILITY**

32    Plaintiff re-alleges and incorporates each and every allegation contained in
Paragraphs 1 – 18 as if fully set forth here

33    Defendant UNIROYAL designed, engineered, tested, manufactured, marked and
distributed the subject tire and placed it into commerce

34    The subject tire was designed, engineered, tested and/or manufactured in a
defective manner

35    Defendant UNIROYAL knew or should have known that the subject tire was
designed, engineered, tested and/or manufactured in a negligent and defective
manner

36    Defendant UNIROYAL was in a superior position to know of the tire's defects or
is strictly liable to Plaintiff for the injuries and losses described herein because the
Chevrolet Blazer was not merchantable and was not reasonably suited for the use
intended

7

37    Defendant UNIROYAL acted in a willful and wanton manner in designing, engineering, testing, manufacturing, inspecting, marketing and selling the subject tire

38    Defendant UNIROYAL is strictly liable to Plaintiff for the injuries and losses described herein because the subject tire was not merchantable and was not reasonably suited for the use intended

39    The subject tire was expected to and did reach the user, Plaintiff, without substantial change in the condition in which it was originally manufactured, distributed, assembled, and installed by UNIROYAL The subject tire was in a defective condition which was unreasonably dangerous to its users, consumers, the general public and in particular to the Plaintiff decedent for its intended uses in that over time the subject tire experienced separation of tread from steel belt even without use

40    Defendant UNIROYAL is also negligent in failing to warn the users of this tire and others who might come into contact with the tire of the dangers involved in this defectively designed and manufactured tire

41    Had Defendant not acted as described above, the subject tire would not have been placed on the Chevrolet Blazer and would not have been a contributing cause of the collision

42    As a direct and proximate result of Defendants' negligence, WILLIAM BERNARDEZ died as a result of injuries sustained in the subject collision

43    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death Act

44    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF

WILLIAM BERNARDEZ has suffered loss, damage and injury including but not

limited to the following

    (a)    Lost earnings, wages and salary,

    (b)    Lost net accumulations,

    (c)    Lost bonuses, benefits and other valuable financial consideration,

    (d)    Medical expenses, and,

    (e)    Funeral expenses

45    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH

BERNARDEZ has suffered loss, damage and injuries, which are permanent and

continuing in nature, including but not limited to the following

    (a)    Mental and emotional pain and suffering,

    (b)    Lost consortium, comfort and companionship, and,

    (c)    Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative

of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant

UNIROYAL including damages to which the Plaintiff, in all of her capacities, is entitled

to and any other relief which this Court may deem appropriate

## COUNT III

### GENERAL MOTORS
### NEGLIGENCE

46    Plaintiff re-alleges and incorporates each and every allegation contained in

Paragraphs 1 – 18 as if fully set forth here

9

47    Defendant GENERAL MOTORS designed, engineered, tested, manufactured, marked and distributed the Chevrolet Blazer and placed it into commerce

48    The Chevrolet Blazer was designed, engineered, tested and manufactured in a negligent manner

49    The Chevrolet Blazer was expected to and did reach the user, Plaintiff, without substantial change in the condition in which it was originally manufactured, distributed, assembled, and installed by GENERAL MOTORS  The subject vehicle was unreasonably dangerous to its users, consumers, the general public and in particular to the Plaintiff decedent for its intended uses as described below

50    Defendant GENERAL MOTORS was negligent and acted in a willful and wanton manner in designing, engineering, testing, manufacturing, inspecting, marketing and selling the Chevrolet Blazer including but not limited to the following

> (A) The Chevrolet Blazer's handling and stability were designed with a high center of gravity, relatively narrow track width and short wheelbase, all of which contribute to poor handling qualities during the accident avoidance maneuver,

> (B) The Chevrolet Blazer was not equipped with reasonable an adequate protection for roll over type crashes, in that the combination of the safety belt system and the vehicle's roof failed to provide an adequate survival space thus allowing intrusion,

> (C) The Chevrolet Blazer was marketed in a negligent and misleading fashion designed to create a false sense of safety and security for owners and occupants of the subject vehicle,

> (D) The Chevrolet Blazer was susceptible to rolling over on flat level surfaces due to subject tire insufficiencies and friction forces, and

> (E) Failed to provide written and verbal warnings to the Plaintiff and decedent and failed to affix written warnings pertaining to the instability

of the subject vehicle and the lack of structural integrity of the passenger
compartment

(F) Failed to warn that space or unused tires over time experience
separation of tread from belt

51    Defendant GENERAL MOTORS was in a superior position to know of the subject
vehicle and tire's negligent design or manufacture and is liable to Plaintiff for the
injuries and losses described herein because the Chevrolet Blazer was not
merchantable and was not reasonably suited for the use intended

52    Defendant GENERAL MOTORS is also negligent in failing to warn the users of
this vehicle and others who might come into contact with the Chevrolet Blazer of
the dangers involved in this negligently designed and manufactured vehicle

53    Had Defendant not acted as described above, the Chevrolet Blazer and would not
have been a contributing cause of the collision

54    As a direct and proximate result of Defendants' negligence, WILLIAM
BERNARDEZ died as a result of injuries sustained in the subject collision

55.    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death
Act

56    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF
WILLIAM BERNARDEZ has suffered loss, damage and injury including but not
limited to the following

(a)    Lost earnings, wages and salary,

(b)    Lost net accumulations,

(c)    Lost bonuses, benefits and other valuable financial consideration,

(d)    Medical expenses, and,

11

    (e)    Funeral expenses

57    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH

BERNARDEZ has suffered loss, damage and injuries, which are permanent and

continuing in nature, including but not limited to the following

    (a)    Mental and emotional pain and suffering,

    (b)    Lost consortium, comfort and companionship, and,

    (c)    Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative

of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant

GENERAL MOTORS including damages to which the Plaintiff, in all of her capacities,

is entitled to and any other relief which this Court may deem appropriate

### COUNT IV

### GENERAL MOTORS
### STRICT LIABILITY

58    Plaintiff re-alleges and incorporates each and every allegation contained in

Paragraphs 1 – 18 as if fully set forth here

59    Defendant GENERAL MOTORS designed, engineered, tested, manufactured,

marked and distributed the Chevrolet Blazer and placed it into commerce

60    The Chevrolet Blazer was designed, engineered, tested and manufactured in a

defective manner.

61    The Chevrolet Blazer was expected to and did reach the user, Plaintiff, without

substantial change in the condition in which it was originally manufactured,

distributed, assembled, and installed by GENERAL MOTORS The subject

12

vehicle was in a defective condition which was unreasonably dangerous to its

users, consumers, the general public and in particular to the Plaintiff decedent for

its intended uses as described below

62    Defendant GENERAL MOTORS acted in a willful and wanton manner in

designing, engineering, testing, manufacturing, inspecting, marketing and selling

the Chevrolet Blazer including but not limited to the following

> (A) The Chevrolet Blazer's handling and stability were designed with a
> high center of gravity, relatively narrow track width and short wheelbase,
> all of which contribute to poor handling qualities during the accident
> avoidance maneuver,

> (B) The Chevrolet Blazer was not equipped with reasonable an adequate
> protection for roll over type crashes, in that the combination of the safety
> belt system and the vehicle's roof failed to provide an adequate survival
> space thus allowing intrusion,

> (C) The Chevrolet Blazer was marketed in a negligent and misleading
> fashion designed to create a false sense of safety and security for owners
> and occupants of the subject vehicle,

> (D) The Chevrolet Blazer was susceptible to rolling over on flat level
> surfaces due to subject tire insufficiencies and friction forces, and

> (E) Failed to provide written and verbal warnings to the Plaintiff and
> decedent and failed to affix written warnings pertaining to the instability
> of the subject vehicle and the lack of structural integrity of the passenger
> compartment

> (F) Failed to warn that space or unused tires over time experience
> separation of tread from belt

63    Defendant GENERAL MOTORS was in a superior position to know of the subject

vehicle and tire's negligent design or manufacture and is strictly liable to Plaintiff

13

for the injuries and losses described herein because the Chevrolet Blazer was not

merchantable and was not reasonably suited for the use intended

64    Defendant GENERAL MOTORS is strictly liable to Plaintiff for the injuries and

losses described herein because the Chevrolet Blazer was not merchantable and

was not reasonably suited for the use intended

65    Defendant GENERAL MOTORS is also negligent in failing to warn the users of

this vehicle and others who might come into contact with the Chevrolet Blazer of

the dangers involved in this defective and negligently designed and manufactured

vehicle

66    Had Defendant not acted as described above, the Chevrolet Blazer and would not

have been a contributing cause of the collision

67    As a direct and proximate result of Defendants' negligence, WILLIAM

BERNARDEZ died as a result of injuries sustained in the subject collision

68.    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death

Act

69    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF

WILLIAM BERNARDEZ has suffered loss, damage and injury including but not

limited to the following

(a)    Lost earnings, wages and salary,

(b)    Lost net accumulations,

(c)    Lost bonuses, benefits and other valuable financial consideration,

(d)    Medical expenses, and,

(e)    Funeral expenses

14

70    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH

BERNARDEZ has suffered loss, damage and injuries, which are permanent and

continuing in nature, including but not limited to the following

    (a)    Mental and emotional pain and suffering,

    (b)    Lost consortium, comfort and companionship, and,

    (c)    Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative

of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant

GENERAL MOTORS including damages to which the Plaintiff, in all of her capacities,

is entitled to and any other relief which this Court may deem appropriate

## COUNT V

### SEARS
### NEGLIGENCE

71    Plaintiff re-alleges and incorporates each and every allegation contained in

Paragraphs 1 – 18 as if fully set forth here

72    The subject tire was sold, repaired, serviced and/or installed on the Chevrolet

Blazer by Defendant SEARS

73    Defendant SEARS was in a superior position to know of the subject tire's

negligent design or manufacture and is liable to Plaintiff for the injuries and losses

described herein because the Chevrolet Blazer was not merchantable and was not

reasonably suited for the use intended

74    Defendant SEARS was negligent in the sale, service, repair or installation of the

subject tire and failing to warn the users of this tire and others who might come

15

into contact with the Chevrolet Blazer or the subject tire of the dangers involved in this negligently or defectively designed and manufactured vehicle and tire

75    Defendant SEARS is strictly liable to Plaintiff for the injuries and losses described herein because the subject tire was not merchantable and was not reasonably suited for the use intended

76    As a direct and proximate result of Defendants' negligence, WILLIAM BERNARDEZ died as a result of injuries sustained in the subject collision

77    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death Act

78    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF WILLIAM BERNARDEZ has suffered loss, damage and injury including but not limited to the following

    (a)    Lost earnings, wages and salary,

    (b)    Lost net accumulations,

    (c)    Lost bonuses, benefits and other valuable financial consideration,

    (d)    Medical expenses, and,

    (e)    Funeral expenses

79    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH BERNARDEZ has suffered loss, damage and injuries, which are permanent and continuing in nature, including but not limited to the following

    (a)    Mental and emotional pain and suffering,

    (b)    Lost consortium, comfort and companionship, and,

    (c)    Lost capacity for the enjoyment of life

16

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant SEARS including damages to which the Plaintiff, in all of her capacities, is entitled to and any other relief which this Court may deem appropriate

## COUNT VI

### SEARS
### STRICT LIABILITY

80    Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 – 18 as if fully set forth here

81    The subject tire was sold, repaired, serviced and/or installed on the Chevrolet Blazer by Defendant SEARS

82    Defendant SEARS was in a superior position to know of the subject tire's negligent design or manufacture and is strictly liable to Plaintiff for the injuries and losses described herein because the Chevrolet Blazer was not merchantable and was not reasonably suited for the use intended

83    Defendant SEARS is strictly liable for the sale, service, repair or installation of the subject tire and failing to warn the users of this tire and others who might come into contact with the Chevrolet Blazer or the subject tire of the dangers involved in this defective and negligently designed and manufactured vehicle and tire

84    Defendant SEARS is strictly liable to Plaintiff for the injuries and losses described herein because the subject tire was not merchantable and was not reasonably suited for the use intended

17

85    Had Defendants not acted as described above, the subject tire would not have been

placed on the Chevrolet Blazer in the manner that it was and would not have been

a contributing cause of the collision

86    As a direct and proximate result of Defendants' negligence, WILLIAM

BERNARDEZ died as a result of injuries sustained in the subject collision

87    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death

Act

88    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF

WILLIAM BERNARDEZ has suffered loss, damage and injury including but not

limited to the following

    (a)    Lost earnings, wages and salary,

    (b)    Lost net accumulations,

    (c)    Lost bonuses, benefits and other valuable financial consideration,

    (d)    Medical expenses; and,

    (e)    Funeral expenses

89    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH

BERNARDEZ has suffered loss, damage and injuries, which are permanent and

continuing in nature, including but not limited to the following

    (a)    Mental and emotional pain and suffering,

    (b)    Lost consortium, comfort and companionship, and,

    (c)    Lost capacity for the enjoyment of life

WHEREFORE, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant SEARS including damages to which the Plaintiff, in all of her capacities, is entitled to and any other relief which this Court may deem appropriate.

## COUNT VII

### MULLINAX
### NEGLIGENCE

90    Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 – 18 as if fully set forth here

91    The subject tire and Chevrolet Blazer were inspected, prepared, installed, manufactured, sold, delivered and/or repaired by Defendant MULLINAX to or for Plaintiff in the course of MULLINAX'S regular and customary business

92    Defendant MULLINAX was in a superior position to know of the subject tire's negligent design or manufacture and is liable to Plaintiff for the injuries and losses described herein because the Chevrolet Blazer was not merchantable and was not reasonably suited for the use intended

93    Defendant MULLINAX is also negligent in failing to warn the users of this vehicle and others who might come into contact with the Chevrolet Blazer of the dangers involved in this defectively or negligently designed and manufactured vehicle

94    Defendant MULLINAX was negligent in the sale, service, repair, installation or delivery of the Chevrolet Blazer and subject tire, including but not limited to failing to warn the users of this vehicle and/or tire and others who might come into

contact with the Chevrolet Blazer of the dangers involved in this defective and

negligently designed and manufactured vehicle and tire

95    Had Defendant not acted as described above, the Chevrolet Blazer would not have

been sold or the subject tire would not have been placed on the Chevrolet Blazer

in the manner that it was and would not have been a contributing cause of the

collision

96    As a direct and proximate result of Defendants' negligence, WILLIAM

BERNARDEZ died as a result of injuries sustained in the subject collision

97    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death

Act

98    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF

WILLIAM BERNARDEZ has suffered loss, damage and injury including but not

limited to the following

     (a)    Lost earnings, wages and salary,

     (b)    Lost net accumulations,

     (c)    Lost bonuses, benefits and other valuable financial consideration,

     (d)    Medical expenses, and,

     (e)    Funeral expenses

99    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH

BERNARDEZ has suffered loss, damage and injuries, which are permanent and

continuing in nature, including but not limited to the following

     (a)    Mental and emotional pain and suffering,

     (b)    Lost consortium, comfort and companionship, and,

(c)    Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant MULLINAX including damages to which the Plaintiff, in all of her capacities, is entitled to and any other relief which this Court may deem appropriate

## COUNT VII

### MULLINAX
### STRICT LIABILITY

100    Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 – 18 as if fully set forth here

101    The subject tire and Chevrolet Blazer were inspected, prepared, installed, manufactured, sold, delivered and/or repaired by Defendant MULLINAX to or for Plaintiff in the course of MULLINAX'S regular and customary business

102    Defendant MULLINAX was in a superior position to know of the subject vehicle and tire's defects or is strictly liable to Plaintiff for the injuries and losses described herein because the Chevrolet Blazer was not merchantable and was not reasonably suited for the use intended

103    Defendant MULLINAX is also negligent in failing to warn the users of this vehicle and others who might come into contact with the Chevrolet Blazer of the dangers involved in this defective and negligently designed and manufactured vehicle

21

104    Defendant MULLINAX was negligent and/or is strictly liable for the sale, service, repair, installation or delivery of the Chevrolet Blazer and subject tire, including but not limited to failing to warn the users of this vehicle and/or tire and others who might come into contact with the Chevrolet Blazer of the dangers involved in this defective and negligently designed and manufactured vehicle and tire

105    Had Defendant not acted as described above, the Chevrolet Blazer would not have been sold or the subject tire would not have been placed on the Chevrolet Blazer in the manner that it was and would not have been a contributing cause of the collision

106    As a direct and proximate result of Defendants' negligence, WILLIAM BERNARDEZ died as a result of injuries sustained in the subject collision

107    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death Act

108    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF WILLIAM BERNARDEZ has suffered loss, damage and injury including but not limited to the following

(a)    Lost earnings, wages and salary,

(b)    Lost net accumulations,

(c)    Lost bonuses, benefits and other valuable financial consideration,

(d)    Medical expenses, and,

(e)    Funeral expenses

22

109    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH

BERNARDEZ has suffered loss, damage and injuries, which are permanent and

continuing in nature, including but not limited to the following

(a)    Mental and emotional pain and suffering,

(b)    Lost consortium, comfort and companionship, and,

(c)    Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative

of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant

MULLINAX including damages to which the Plaintiff, in all of her capacities, is entitled

to and any other relief which this Court may deem appropriate

## COUNT IX

### ABC CORPORATION
### NEGLIGENCE

110    Plaintiff re-alleges and incorporates each and every allegation contained in

Paragraphs 1 – 18 as if fully set forth here

111    The Chevrolet Blazer and/or the subject tire was sold, repaired, serviced and/or

installed by Defendant ABC CORPORATION

112    Defendant ABC CORPORATION was in a superior position to know of the

subject tire's negligent design or manufacture and is liable to Plaintiff for the

injuries and losses described herein because the Chevrolet Blazer was not

merchantable and was not reasonably suited for the use intended

113    Defendant ABC CORPORATION was negligent in the sale, service, repair or

installation of the Chevrolet Blazer and/or the subject tire and failing to warn the

23

users of this tire and others who might come into contact with the Chevrolet

Blazer of the dangers involved in this negligently or defectively designed and

manufactured vehicle and tire

114    Had Defendant not acted as described above, the Chevorlet Blazer and/or the

subject tire would not have been placed into the stream of commerce as they were

and would not have been a contributing cause of the collision

115    As a direct and proximate result of Defendant's negligence, WILLIAM

BERNARDEZ died as a result of injuries sustained in the subject collision

116    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death

Act

117    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF

WILLIAM BERNARDEZ has suffered loss, damage and injury including but not

limited to the following

  (a)  Lost earnings, wages and salary,

  (b)  Lost net accumulations,

  (c)  Lost bonuses, benefits and other valuable financial consideration,

  (d)  Medical expenses, and,

  (e)  Funeral expenses

118    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH

BERNARDEZ has suffered loss, damage and injuries, which are permanent and

continuing in nature, including but not limited to the following

  (a)  Mental and emotional pain and suffering,

  (b)  Lost consortium, comfort and companionship, and,

(c)      Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative

of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant

ABC CORPORATION including damages to which the Plaintiff, in all of her capacities,

is entitled to and any other relief which this Court may deem appropriate

## COUNT X

### ABC CORPORATION
### STRICT LIABILITY

119   Plaintiff re-alleges and incorporates each and every allegation contained in

Paragraphs 1 – 18 as if fully set forth here

120   The Chevrolet Blazer and/or the subject tire was sold, repaired, serviced and/or

installed by Defendant ABC CORPORATION

121   Defendant ABC CORPORATION is strictly liable for the sale, service, repair or

installation of the Chevrolet Blazer and/or the subject tire and failing to warn the

users of this tire and others who might come into contact with the Chevrolet

Blazer of the dangers involved in this defective or negligently designed and

manufactured vehicle and tire

122   Defendant ABC CORPORATION was in a superior position to know of the

subject tire's negligent design or manufacture and is strictly liable to Plaintiff for

the injuries and losses described herein because the Chevrolet Blazer was not

merchantable and was not reasonably suited for the use intended

25

123    Had Defendant not acted as described above, the Chevrolet Blazer and/or the
subject tire would not have been placed into the stream of commerce as they were
and would not have been a contributing cause of the collision

124    As a direct and proximate result of Defendant's negligence, WILLIAM
BERNARDEZ died as a result of injuries sustained in the subject collision

125    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death
Act

126    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF
WILLIAM BERNARDEZ has suffered loss, damage and injury including but not
limited to the following

    (a)    Lost earnings, wages and salary,

    (b)    Lost net accumulations,

    (c)    Lost bonuses, benefits and other valuable financial consideration,

    (d)    Medical expenses, and,

    (e)    Funeral expenses

127    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH
BERNARDEZ has suffered loss, damage and injuries, which are permanent and
continuing in nature, including but not limited to the following

    (a)    Mental and emotional pain and suffering,

    (b)    Lost consortium, comfort and companionship, and,

    (c)    Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative
of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendant

26

ABC CORPORATION including damages to which the Plaintiff, in all of her capacities, is entitled to and any other relief which this Court may deem appropriate

## COUNT XI
## ALL DEFENDANTS
## BREACH OF WARRANTY

128    The Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 – 18 as if fully set forth here

129    The Defendants, in connection with their business activities warranted, expressly and/or impliedly, that the subject vehicle and tire were fit, capable and proper for the uses and purposes for which they were intended and that they were of merchantable quality

130    Plaintiff and Plaintiff's decedent relied upon the skill and judgment of the Defendants and their representations and warranties in connection with the use of the subject vehicle and tire

131    The subject representations and warranties were false, misleading and inaccurate in that the subject vehicle and tire, when put to the test of actual use, was and proved to be unsound and unsuitable for the purpose for which it was intended and utilized and was otherwise unsafe, dangerous, improper and not of merchantable quality

132    The Defendants breached their duties of express or implied warranties

133    As a direct and proximate result of this breach, WILLIAM BERNARDEZ died as a result of injuries sustained in the subject collision

134    The Plaintiff is entitled to an award of damages under Florida's Wrongful Death
Act

135    As a direct result of the death of WILLIAM BERNARDEZ, THE ESTATE OF
WILLIAM BERNARDEZ has suffered loss, damage and injury including but not
limited to the following

      (a)    Lost earnings, wages and salary,

      (b)    Lost net accumulations,

      (c)    Lost bonuses, benefits and other valuable financial consideration,

      (d)    Medical expenses, and,

      (e)    Funeral expenses

136    As a direct result of the death of WILLIAM BERNARDEZ, ELIZABETH
BERNARDEZ has suffered loss, damage and injuries, which are permanent and
continuing in nature, including but not limited to the following

      (a)    Mental and emotional pain and suffering,

      (b)    Lost consortium, comfort and companionship, and,

      (c)    Lost capacity for the enjoyment of life

**WHEREFORE**, the Plaintiff, ELIZABETH BERNARDEZ, as Personal Representative
of the ESTATE OF WILLIAM BERNARDEZ demands judgment against the Defendants
MICHELIN NORTH AMERICA, INC f/k/a UNIROYAL TIRE COMPANY, INC or
UNIROYAL GOODRICH TIRE COMPANY, INC, GENERAL MOTORS
CORPORATION, MULLINAX FORD SOUTH, INC d/b/a MAROONE FORD OF
MARGATE, SEARS, ROEBUCK & CO d/b/a SEARS AUTO CENTER, and ABC
CORPORATION including damages to which the Plaintiff, in all of her capacities, is
entitled to and any other relief which this Court may deem appropriate

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS

Dated this _____ day of _____, _____

_____
William DeForest Thompson Jr
Florida Bar No  0735264
1422 Hendry Street, Suite 302
Ft  Myers, Florida 33901