Kenneth M. Schneider (Mich Bar P31963)
Kimberly Ross Clayson (Mich Bar P 69804)
SCHNEIDER MILLER, PC
645 Griswold, Suite 3900
Detroit, MI 48214
Telephone: 313-237-0850
Facsimile: 313-237-0059

Attorneys for Lyon Stephens, Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**MOTORS LIQUIDATION COMPANY, et al.,**<br>**f/k/a GENERAL MOTORS CORP., et al.** | Chapter 11<br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**CREDITOR LYON STEPHENS' RESPONSE TO 281ST OMNIBUS OBJECTION
TO CLAIMS AS TO CLAIM NO. 1184**

Lyon Stephens, Creditor by his attorneys Schneider Miller, PC states as follows for his Response to Debtor's Objection to Claims:

1. Prior to Debtor's bankruptcy filing in 2007, Lyon Stephens ("Creditor") initiated a products liability claim against General Motors Corporation ("Debtor") in Tuscola County Circuit Court in the State of Michigan due to injuries resulting from the failed deployment of an airbag.

2. As of this bankruptcy filing the case was in the process of a Michigan Circuit Court Case Evaluation for settlement.

3. Creditor timely filed his proof of claim identifying the basis for claim as "personal injury" at question 2. on the Proof of Claim.

4. No documentation was attached for the reason that the documentation related to the lawsuit is too voluminous to include as support of Creditor's claim

5. Debtor's counsel who represented it in the lawsuit is the same counsel representing it in this bankruptcy proceeding and has possession and control of records related to the personal injury claim.

6. The Case Evaluation Summary outlining Creditor's claim is attached hereto as Exhibit 1 to support the basis of Creditor's claim.

WHEREFORE Creditor Lyon Stephens respectfully requests this court to allow his Proof of Claim in the amount of $225,000.00 or whatever amount this court determines to be just and appropriate under the circumstances.

July 9, 2012
/s/Kenneth M. Schneider
Kenneth M. Schneider (Mich Bar P31963)
Kimberly Ross Clayson (Mich Bar P 698 04)
SCHNEIDER MILLER, PC
645 Griswold, Suite 3900
Detroit, MI 48226
Telephone: 313-237-0850
Facsimile: 313-237-0059
kschneider@schneidermiller.com
kclayson@schneidermiller.com

Kenneth M. Schneider (Mich Bar P31963)
Kimberly Ross Clayson (Mich Bar P 69804)
SCHNEIDER MILLER, PC
645 Griswold, Suite 3900
Detroit, MI 48226
Telephone: 313-237-0850
Facsimile: 313-237-0059

Attorneys for Lyon Stephens, Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

**MOTORS LIQUIDATION COMPANY, et al.,**
**f/k/a GENERAL MOTORS CORP., et al.**

Chapter 11
Case No. 09-50026 (REG)

(Jointly Administered)

**CREDITOR LYON STEPHENS' BRIEF IN SUPPORT OF RESPONSE TO 281ST OMNIBUS OBJECTION TO CLAIMS AS TO CLAIM NO. 1184**

Lyon Stephens through his counsel Schneider Miller, PC states as follows for his Brief:

**BACKGROUND**

Creditor Lyon Stephens filed a products liability personal injury suit against General Motors Corporation ("Debtor") prepetition in Tuscola County Circuit Court in the State of Michigan. At the time of Debtor's bankruptcy filing, the lawsuit had been substantially litigated discovery was near completion and the matter was in the Case Evaluation process. The details of Creditor's claim are set forth in Plaintiff's October 8, 2008 Case Evaluation Summary which is attached hereto.

Creditor timely filed a Proof of Claim form identifying his claim as a personal injury claim. No attachments were made due to the voluminous nature of the supporting documentation. Regardless, Debtor had records pertaining to this claim in its possession and control and could ascertain from its own records the validity of the claim.

## ARGUMENT

11 U.S.C. §502(b) governs what claims will be disallowed. Section 502 does not disqualify any claim on the grounds that the creditor did not provide supporting documentation. *In re Guidry*, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005). "Courts have accordingly held that a claim cannot be disallowed solely on the basis that its proof was not accompanied by a Rule 3001(c) attachment." *Id.*

Rule 3001 simply provides that any proof of claim filed with supporting documentation will have prima facie validity. *In re Kemmer*, 315 B.R. 706, 713-714 (Bankr. E.D. Tenn. 2004) (Citing *Cluff*, 313 B.R. at 337 (Additional citations omitted). Any lack of supporting documents only means that the burden of proof remains with the creditor but a creditor may meet the burden of proof by presenting supporting documents. *Id.* "At that point, the objecting party is still required to present evidence that the claim is legally deficient." *Id.* Creditors are not expected to attach "voluminous documentation" and any requirement to do so "would put an unduly onerous burden upon the creditor, as well as the debtor." *Id.*

Creditor Stephen Lyons claim should be allowed. Evidence of Creditor's claim is

attached as Exhibit 1 to this Response. The attached Case Evaluation Summary describes Creditor's claim and identifies damages in the amount of $425,000.00. Creditor filed a proof of claim in the reduced amount of $225,000.00 for the reason that Creditor's claim was contingent and unliquidated as of the petition date with the expectation that the claim would somehow be compromised within this bankruptcy proceeding. Additional records of Creditor's claims are voluminous and include reports such as the police report from the underlying accident that is the reason for the products liability claim, expert witness reports, photos of the damaged vehicle and failed airbag, hospital records and medical reports. The Case Evaluation Summary sufficiently summarizes all of this information and a calculation of damages is fully described in the Summary.

**CONCLUSION**

For the reasons set forth in this Brief, Creditor Stephen Lyon's claim is proper and should be allowed in the amount of $225,000.00.

July 9, 2012
/s/Kenneth M. Schneider
Kenneth M. Schneider (Mich Bar P31963)
Kimberly Ross Clayson (Mich Bar P69804)
SCHNEIDER MILLER, PC
645 Griswold, Suite 3900
Detroit, MI 48226
Telephone: 313-237-0850
Facsimile: 313-237-0059
kschneider@schneidermiller.com
kclayson@schneidermiller.com

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF TUSCOLA

LYON STEPHENS,

    Plaintiff,

vs.

                                            Case No. 07-24162-NP
                                            Hon. Patrick R. Joselyn

GENERAL MOTORS CORPORATION,

    Defendant.

_____/

| James D. Murphy, Jr. (P18095) | Michael P. Cooney (P39405) |
|---|---|
| Michael D. Ritenour (P32485) | Brian T. Smith (P56174) |
| MURPHY'S LAW OFFICE, P.C. | DYKEMA GOSSETT PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 24750 Lahser Rd. | 400 Renaissance Center |
| Southfield, MI 48033 | Detroit MI 48243-1668 |
| (248) 799-2991 | (313) 568-6549 or 568-6884 |
| Fax (248) 353-0431 | Fax (313) 568-6658 |

_____/

# PLAINTIFF'S CASE EVALUATION SUMMARY

        **Date:   October 8, 2008**
        **Time:  10:30 a.m.**

## FACTS

This case arises out of the failure of an airbag to deploy during a collision between Lyon Stephens' vehicle and another car. The incident occurred on March 5, 2004 in the daytime. Plaintiff was driving his 2002 Chevy Blazer in a northerly direction on M-15 near an intersection with Willard Road, in Tuscola County. The vehicle in front of him started to turn left and had its tires across the yellow line. Lyon Stephens was distracted and when he looked back, he saw the car in front of him had not finished its turn, but had stopped the turn and was backing up. He swerved to the right but still hit the car in the rear on the passenger side of the vehicle with the left front of his Blazer. (EXHIBIT A, Police Report)

At the time of the accident, Plaintiff had an airbag located in the center of the steering wheel of his 2002 Chevy Blazer. The problem with the airbag was that it did not deploy when there was a heavy frontal impact as it was designed to do. Photos show that the impact covered a large part of Plaintiff's Blazer's front end. EXHIBIT B, photos).

## LIABILITY

An airbag is designed to inflate in moderate to severe frontal or near frontal crashes. If the airbag would have deployed, it would have reduced the severity of Lyon's injuries. The bag will inflate only if the impact speed is above the system's designed "threshold". The impact was more than enough of frontal impact to deploy the airbag as is revealed by the photos and the results from the "black box."

2

Plaintiff's expert witness, Sal Fariello, examined the vehicle. The "black box" (SDM) was downloaded and revealed the Blazer's speed immediately before the impact was at 58 miles per hour

He indicates that an airbag should deploy around 12 mph. He also notes that the Blazer's Owner's Manual states that the airbag should deploy at a barrier equivalent velocity of 9 to 16 mph. A 16 mph barrier crash would produce a total Delta V of about 17 mph. The Delta V of the Lyon Stephens crash was about 21 mph at 150 milliseconds per the SDM. Mr. Fariello then considered the driver's initial separation from the steering wheel and driver impact into the steering wheel and concluded that the Stephens crash was more injurious that a 16 mph barrier impact. Therefore, the 2002 Blazer operated by Lyon Stephens failed to meet GM's standard for injury mitigation established for the vehicle.

Mr. Fariello's final conclusions were:

1) The crash in which Lyon Dtephens was involved was of sufficient magnitude that the steering wheel airbag should have deployed.

2) The steering wheel airbag failed to deploy due to improper calibration of the SDM deployment threshold.

3) Mr. Stephens' intestinal, left leg. knee, and hip injuries would have been mitigated by deployment of the airbag.

4) The 2002 Blazer operated by Mr. Stephen was unreasonably dangerous and defectively designed because its SDM was improperly calibrated to too high a deployment threshold at the time it left the GM manufacturing facility.

3

5) The 2002 Blazer was defectively manufactured to the extent that the SDM was constructed using electronic subassemblies and semiconductor components susceptible to transient and unpredictable electronic performance failures. This form of failure is more likely than not at least partially responsible for the Blazer having failed to meet GM's express performance standard for airbag deployment as stated in the owner's manual.

6) The 2002 Blazer's airbag failed to deploy and resulted thereby in a breach of implied warranty inasmuch as an airbag system is normally expected to have a minimum express reliability of 150,000 or more miles. <u>(EXHIBIT C, Fariello's report)</u>.

## DAMAGES

At the time of this accident, Plaintiff was 24 years old. He was employed as an EMS worker and he also worked for Hudson Funeral home. He was single.

He was first taken to Lapeer General Hospital, then immediately sent to the Hurley Medical Center. He was diagnosed as having serious orthopedic and internal injuries, that included a comminuted fracture of the left acetabulum with a dislocation of his left hip, a left tibial spine fracture, a compression fracture T-12, L1, a fracture of the left clavicle and he had a mesenteric hematoma. The fracture involving the upper plate of the L1 vertebral body reduced the vertebral body height to 80%.

There was a fracture on the intracondylar notch of Lyon's left knee and there was a bone lesion on his right knee. The fracture of the left clavicle in the mid third with an inferior displacement of the distal fragment.

There also was a hairline fracture on the lateral margin of the left patella.

4

His intestinal injuries resulted in an inferior vena cava filter being placed on March 16, 2004.

He was hospitalized from March 14, 2004 to March 29, 2004.  (EXHIBIT D, Hurley Hospital records)

After released from the hospital, Lyon suffered post traumatic stress syndrome. However, he did not enter into any formal treatment program. He saw a doctor who has now passed away, along with his family doctor.

His fractured hip was treated by Dr. Stephen Burton, M.D. Dr. Burton performed an open reduction and internal fixation of the left acetabulum fracture on March 22, 2004.

After he was released from the hospital on March 29, 2004, he followed up for physical therapy at the Orthopedic Clinic.

The doctor allowed him to return to work without restrictions at that time. Lyon returned to work in early January, 2005, with restrictions.

Dr. Burton did not see Mr. Stephens again until May 4, 2005.

The left acetabulum fracture was well-healed and the plate and screws were in place. There were no degenerative changes or any evidence of avascular necrosis.

The next time Dr. Burton saw Lyon Stephens was on April 4, 2007. Lyon was complaining of pain in his left knee and left hip. X-rays of the pelvis and left knee showed degenerative arthritis of the left knee, illotidial band tendonitis of the left hip, and probable degenerative arthritis of the left hip.

Dr. Burton sent Lyon to physical therapy. Dr. Burton causally related the degenerative changes in Lyon's left hip and left knee to the accident of March 5,

5

2004. It was his opinion that these degenerative changes and the other findings mentioned in the prior paragraph, were likely to get worse over time.

Recently, Dr. Burton issued a report dated February 19, 2008. The report responded to the question of whether Lyon would require a total hip replacement in the future. It was Dr. Burton's opinion that Lyon would require at least one total hip replacement and possibly two in his lifetime. <u>(EXHIBIT E, Dr. Burton's reports)</u>

It should be noted that Lyon has a limp because the lengths of his legs are now different and he is shorter because of the vertebral fractures.

He treated for a post traumatic stress disorder with List psychological services in December of 2004.

He treated with Dr. Pezo, chiropractor, for back adjustments.

The cap on damages in product liability cases like this one is approximately $400,000 for non-economic damages.

There is no cap for economic damages. Lyon Stephens was reimbursed for his wage loss following the accident by his no-fault insurance carrier. It is reasonable to expect that he will suffer more wage loss due to future surgeries on his hip and the rehabilitation following the surgeries.

Plaintiff still has pain in his left hip and left knee.

It is also reasonable to expect that he will incur future medical bills for physicians, hospitals, and rehabilitation services. His no-fault insurance carrier will aid in the payment of those bills.

An expected future out-of-pocket expense would conceivably be several hundred thousand dollars. Blue Cross Blue Shield has a lien in the amount of

6

$64, 925.55 against any proceeds paid in settlement of this case. (EXHIBIT F, Blue Cross Blue Shield lien).

Plaintiff respectfully requests that this panel award him $425,000.00.

MURPHY'S LAW OFFICE, P.C.

BY: _____
JAMES D. MURPHY, JR. (P18095)
Attorneys for Plaintiff
24750 Lahser Road
Southfield, MI 48033
(248) 799-2991

Dated: October 2, 2008

---

**PROOF OF SERVICE**

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED ON THE PLEADINGS ON October 2, 2008 BY:

___U.S. MAIL            FAX___
___HAND DELIVERED       OVERNIGHT COURIER _X_
___FEDERAL EXPRESS      ,OTHER___

SIGNATURE: _Brenda Earhart_
Brenda Earhart

7

Kenneth M. Schneider (Mich Bar P31963)
Kimberly Ross Clayson (Mich Bar P 69804)
SCHNEIDER MILLER, PC
645 Griswold, Suite 3900
Detroit, MI 48214
Telephone: 313-237-0850
Facsimile: 313-237-0059

Attorneys for Lyon Stephens, Creditor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____/
: Chapter 11
: Case No. 09-50026 (REG)
:
In re :
:
**MOTORS LIQUIDATION COMPANY, et al.,** : (Jointly Administered)
  **f/k/a GENERAL MOTORS CORP., et al.** :
_____/

**CERTIFICATE OF SERVICE
RE: CREDITOR LYON STEPHENS' RESPONSE TO 281ST OMNIBUS OBJECTIONTO
CLAIMS AS TO CLAIM NO. 1184 AND BRIEF IN SUPPORT OF CREDITOR LYON
STEPHENS' RESPONSE TO 281ST
OMNIBUS OBJECTIONTO CLAIMS AS TO CLAIM NO. 1184  & CREDITOR'S EXHIBIT 1**

I hereby certify that on July 9, 2012, I electronically filed the above referenced Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all those listed by the court as receiving electronic notices in this case from the court's CM/ECF system.

I also hereby certify that, on July 9, 2012, an employee of Schneider Miller, PC served copies of the above documents upon the parties of interest in this case as per the instructions set forth in the Notice of Debtor's 281st Omnibus Objection to Claims.

July 9, 2012                    /s/Kenneth M. Schneider
                                Kenneth M. Schneider (Mich Bar P31963)
                                Kimberly Ross Clayson (Mich Bar P69804)
                                SCHNEIDER MILLER, PC
                                645 Griswold, Suite 3900
                                Detroit, MI 48214
                                Telephone: 313-237-0850
                                Facsimile: 313-237-0059
                                kschneider@schneidermiller.com
                                kclayson@schneidermiller.com