UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
:
                  Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

# SUPPLEMENTAL ORDER GRANTING DEBTORS' 171ST AND 174TH OMNIBUS OBJECTION TO CLAIMS AS TO PROOF OF CLAIM NOS. 30666 AND 30667 FILED BY RICHARD A. SCHELL
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

Upon the 171st omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated January 26, 2011 and the 174th omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated January 26, 2011 (the "**171st and 174th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 171st and 174th Omnibus Objections to Claims.

Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully described in the 171st and 174th Omnibus Objections to Claims; and due and proper notice of the 171st and 174th Omnibus Objections to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the response filed by Richard A. Schell (ECF Nos. 8812 and 10124), and the Motors Liquidation Company GUC Trust's Response (ECF No. 11733); and a hearing on the 171st and 174th Omnibus Objections to Claims having been held on May 31, 2012; and the Court having found and determined that the relief sought in the 171st and 174th Omnibus Objections to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 171st and 174th Omnibus Objections to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 171st and 174th Omnibus Objections to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Proof of Claim Nos. 30666 and 30667 filed by Richard A. Schell are hereby disallowed and expunged; and it is further

ORDERED that the time to appeal runs from the date of entry of this Order and not from the date of the Hearing; and it is further

ORDERED that the claimant reserves and retains any and all rights, if any, that they may have against New GM; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

3

all matters arising from or related to this Order.

Dated: New York, New York
       ***July 23, 2012***

                                           ***s/ Robert E. Gerber***
                                           United States Bankruptcy Judge