**Presentment Date and Time: August 2, 2012 at 12:00 p.m. (Eastern Time)**
**Response Deadline: July 30, 2012 at 12:00 p.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation*
*Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
 f/k/a General Motors Corp., *et al.* :
: 
 Debtors. : **(Jointly Administered)**
: 
------------------------------------------------------------x

**OBJECTION OF THE GUC TRUST TO JUANITA PICKETT'S**
**DESIGNATION OF CONTENTS AND STATEMENT OF ISSUES**

The Motors Liquidation Company GUC Trust ("the **GUC Trust**"), as appellee, formed by the above-captioned debtors in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), hereby submits this objection (the "**Objection**") to the Designation of Contents and Statement of Issues filed by appellant Juanita Pickett ("**Appellant**") dated July 5, 2012 (the "**Statement**"). Appellant is appealing from the Order Granting Objection to Proofs of Claim Nos. 18839 and 70846 filed by Juanita Pickett, dated June 5, 2012 (the "**Order**"). In support of this Objection, the GUC Trust hereby represents:

1.  On or about July 5, 2012, Appellant filed the Statement (Docket No. 11912). The Statement is defective in that it (i) fails to set forth the issues designated by the Appellant for

appeal and (ii) designates documents for inclusion in the record on appeal that were not part of the record in the proceedings before this Court.

2.      Specifically, the documents on pages 2-9 and 17 of Appellant's Statement (the "**Improper Documents**") constitute correspondence between the GUC Trust and Appellant protected by Rule 408 of the Federal Rules of Evidence. None of the Improper Documents were part of the record nor could they have been part of the record, as a matter of law.

3.      It is well-settled, and has been recognized by this Court, that "the touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from." *In re Ames Dep't Stores*, 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005) (striking designated items that were not part of the record with the court below). Simply put, an appellate court "is not permitted to consider on … appeal materials not before the bankruptcy judge at the time the challenged decisions were made." *Asbestos Claimants Represented by Mar. Asbestosis Legal Clinic v. Am. S.S. Owners Mur. Prot. & Indem. Ass'n, Inc. (In re Prudential Lines, Inc.)*, 1994 WL 142017, *2 (S.D.N.Y. April 20, 1984).

5.      Inasmuch as the Improper Documents were not before the Court in connection with the Order, the Improper Documents may not be included in the record on appeal. Appellant should also be required to identify the issues that will be the subject of the appeal.

WHEREFORE, the GUC Trust respectfully requests that this Court (a) eliminate the Improper Documents from the record on appeal and (b) grant such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
July 23, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust