Eric H. Gibbs
A. J. De Bartolomeo
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

- and -

Paul A. Rachmuth (pr1566)
**GERSTEN SAVAGE LLP**
600 Lexington Avenue
New York , New York  10022
Telephone: (212) 752-9700
Facsimile:  (212) 980-5192
prachmuth@gerstensavage.com

*Class Counsel in General Motors Case,
Anderson v. General Motors*

HEARING DATE : July 26, 2012
9:45 am (Eastern Time)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.,*<br>      **f/k/a General Motors Corp.,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026<br><br>(Jointly Administered) |

**DECLARATION OF A. J. De BARTOLOMEO IN SUPPORT OF
MOTION FOR AWARD OF ATTORNEY'S FEES FROM
<u>CLAIM No. 51093 SETTLEMENT FUND</u>**

I, A. J. De Bartolomeo, declare the following to be true, fully cognizant of the penalties of perjury:

1.      I am a member in good standing of the State Bar of California and am admitted to appear *pro hac vice* before this Court.  I am a partner of the law firm of Girard Gibbs LLP ("Class Counsel"), class counsel for Plaintiffs in the *Anderson v. General Motors* class action,

1

and as such, I am familiar with the facts and circumstances described herein, except as to those facts and circumstances stated upon information and belief.

2. I make this declaration in support of the *Anderson* Class Counsel's Motion Attorney's Fees from Claim No. 51093 Settlement Fund (Dkt. No. 11709). The following statements are based on my personal knowledge, investigation and review of the discovery and pleading files in this case, Girard Gibbs' call logs and claim logs for the *Anderson* claimants, and, if called on to do so, I could and would testify competently thereto.

3. This declaration provides the Court with a report of the mailing of the Court-approved notice, a report as to the comments received from the claimants and an individual response to those comments.

**A. Report on the Mailing of the Court-Approved Notice in Accordance with June 14, 2012 Order**

4. On June 14, 2012, the Court entered the Order Granting Motion to Approve Notice Pursuant to Federal Rule of Civil Procedure 23(h) for Award of Attorneys' Fees from Claim No. 51093 Settlement Fund re *Anderson* Class Counsel (Dkt. No. 11827). The June 14th Order, among other things, approved the form of notice to be provided the Anderson class claimants with respect to the Motion (the "Notice") and directed Class Counsel to cause the Notice to be mailed to the *Anderson* class members and others, including counsel for the Debtor and the Office of the United States Trustee.

5. As set forth in detail in the Declaration of Daniel Discenza filed contemporaneously herewith, the Notice Administrator, Garden City caused the approved notice to be mailed to the 4,579 *Anderson* class members on June 15, 2012. Thereafter, Class Counsel received 167 of the 4,579 notices returned as "Undeliverable" to the address as listed and forwarded those notices to Garden City for advanced address searches and re-mailing. Garden City has informed us that it was able to obtain updated addresses and re-mailed 118 of the 167 returned notices.

**B. Report on and Response to the Comments Received From the *Anderson* Claimants.**

6.  Twenty five *Anderson* class members submitted letters or comments in response to the Notice, including one comment sent to Class Counsel by e-mail and one communicated orally by telephone. Each of these comments is summarized on the chart annexed hereto as **Exhibit "A"**. Six of the comments submitted to Class Counsel do not appear on the Court's docket. I have annexed these six un-docketed comments hereto as **Exhibit "B".**

7.  Of the twenty five comments, twelve are in support of the Class Counsel's request for attorneys' fees, four are in opposition to the request for attorneys' fees or the amount of the fee, and nine express neither objection to nor support for the requested relief, but rather contain comments; including requests for further information or comments regarding GM, the GM bankruptcy, their GM vehicle, the application of the bankruptcy discount to the claims and fees, or their *Anderson* claim.

8.  None of the twenty five letters or comments indicate that the class member intends to attend the July 26th hearing.

The Twelve Comments in Support of the Motion for Attorneys' Fees.

9.  The twelve comments submitted in support of the request for attorneys' fees and expenses and their docket numbers (where applicable), are listed below, and excerpted quotes are provided (emphasis in original):

> a. Christopher Parreira, Dkt. No. 11954, "*I am in support of the class counsel's request for attorneys' fees, as they have worked to obtain a recovery for the claimants.*"
>
> b. John and Roxanne Higgins, Dkt. No. 11903, "*I support you in collecting fees.*"
>
> c. Benjamin Higgins, Dkt. No. 11896, "*If this is indeed the case – that 70% of the settlement fund will be distributed to claimants – then I certainly have no opposition to Class Counsel being awarded attorneys' fees and reimbursement.*"

3

    d.  George Wight, Dkt. No. 11897, "*I support the class counsel's request for attorney's fees and expenses.*"

    e.  Nina A. Smith, "*I am supporting of the Anderson Class Counsel to be paid for legal fees and costs from our settlement because it is fair to be paid for services rendered.*"

    f.  Lupe Navarro, Dkt. No. 11938, "*I write **in support** of the Class Counsel's request for attorneys' fees and expenses with respect to the hearing.*"

    g.  Tony William Omri, Dkt. No. 11921, "*I support class counsel's request for attorney's fees as I believe that if services, work, etc. were provided and performed, then those should be compensated for.*"

    h.  Danny Suderman, Dkt. No. 11920, "*I support this hearing because G M failed to correct a problem effecting thousands of customers.*"

    i.  Gordon Stockton, Dkt. No. 11953, "*I am in support to class counsel's request for attorney's fees and expenses.*"

    j.  Scott Sinclair, contacted Class Counsel by telephone in response to the notice and spoke with one of our legal assistants who works on the GM bankruptcy cases. Mr. Sinclair told us that he appreciates our firm's work on the case.

    k.  Philip Consiglio, (via e-mail), "*I have reviewed the documentation and have no objections to attorney's fees being collected out of the settlement from the GM Claim.*"

    l.  Johnny Lee Blythe, "*I have no objection to Class Counsel receiving just compensation for the work performed in the bankruptcy proceeding to establish the settlement fund, or any reimbursement for expenses incurred in the process. I think it is commendable that they are willing to take $68,000 less.*"

10.    Class Counsel believes that the comments in support of the request for attorneys' fees are unbiased and objective, valid and warranted, and we maintain that they are an accurate reflection of the view of the majority of the claimants.

4

The Four Comments in Opposition to the Motion.

11. The four comments submitted in opposition to the request for attorneys fees and expenses, and their docket numbers where applicable, are as follows:

a. Rigoberta Valencia, Dkt. No. 11922. Mr. Valencia criticizes Class Counsel's work in negotiating a settlement for the *Anderson* class in bankruptcy court and says that Class Counsel should have negotiated a better deal, but his criticism seems to be based on a misunderstanding of the underlying record. Due to that misstatement (or misunderstanding), the Valencia comment appears to be confused about the *Anderson* bankruptcy settlement specifically or about bankruptcy proceedings in general. Mr. Valencia's misstatements include: "the original settlement was for $8.8 million in pre-bankruptcy dollars. After GM filed for bankruptcy our original settlement was reduced to $1,492,580 and now 30% of that is going to attorneys' fees." That is simply not accurate.

b. Lorenzo Ruiz, Dkt. No. 11933. Mr. Ruiz opposes the request for attorneys' fees because he does not believe he should be personally liable for class counsels' fees or expenses because the *Anderson* class was entitled to benefits under the original 2009 class settlement. The Ruiz comment ignores the legal effect of the GM bankruptcy on the pending *Anderson* class settlement.

c. Wayne Heath, Dkt. No. 11956. Mr. Heath opposes the motion because he believes that GM is still responsible for awarding cash benefits from $1,200 to $2,600 for engine evaluation and for reimbursement for engine repairs. Mr. Heath contends that the claimants should be paid or their vehicles repaired *before* Class Counsel is paid for their work. Mr. Heath's comment ignores the legal effect of the GM bankruptcy on the *Anderson* class claims.

d. Ron Potts, Dkt. No. 11939. Mr. Potts' comment states he "appreciates all of the work class counsel has done" but opposes the request for fees as Class Counsel were paid for the work they did pre-bankruptcy in the underlying class settlement. The Potts comment ignores the legal effect of the GM bankruptcy on the *Anderson* class

5

claims. Mr. Potts further complains that the *Anderson* settlement website was not updated more often during the pendency of the bankruptcy and that he only got detailed updates or answers when he spoke with Class Counsel. However, Class Counsel's call logs reflect that our personnel spoke with Mr. Potts on April 19, 2011, April 28, 2011, May 9, 2011, and October 18, 2011, and we updated him on the status of the bankruptcy class proof of claim, settlement application and approval process, and the bankruptcy distribution from Wilmington Trust. Mr. Potts' comment further contends that if the Court awards a fee, it should award Class Counsel the same discount as the claimants receive. Mr. Potts' proposed amount for the fee award is incorrect, however, as he applies an 18% discount to Class Counsel on an already discounted principal value. Mr. Potts' proposal thus applies a double discount to the attorneys for the class. Class Counsel maintain that they are entitled to 30% of the benefit conferred, which is the $8.8 million allowed claim, then discounted to the same percentage as that received by the *Anderson* claimants.

12.     Class Counsel believe that the comments in opposition to the request for attorneys' fees do not accurately reflect the legal impact of GM's bankruptcy on the *Anderson* class settlement or the effect on the *Anderson* claims and distributions to be received by the class members as a result of Class Counsel's postpetition efforts.

<u>The Nine Comments Submitted to Communicate a Question or Issue to the Court or Counsel.</u>

13.     The nine comments submitted to communicate some comment about GM, their GM vehicle, the discounts applied in the GM bankruptcy settlement, and/or their *Anderson* claim, and their docket numbers where applicable, are as follows:

    a.     <u>Peter Russo</u>. Mr. Russo's letter is supportive of Class Counsel's efforts in the bankruptcy, but he asks for information as to the value of his claim before he decides on sending his comment to the bankruptcy court. Mr. Russo's letter says "*I believe that the Anderson Class Council [sic] attorneys deserve fair payment for their services, but*

6

*where does that leave me?"* and he further states that *"[w]e applaud you for all your hard work and determination in this case, on our behalf."*

  b. <u>Messrs. Fisher and Lewis (Dkt. No. 11955 and 11952, respectively).</u> These comments state that if the claimants receive a discount on their claim, then Class Counsel should receive the same discount. (*"[E]veryone should share in the greatly diminished values of the litigation."*) Their position is consistent with the attorneys' fee motion, as Class Counsel's request for 30% of the settlement fund is calculated on the discounted value of the approved claim of $8.8 million.

  c. <u>Mr. Bonville (Dkt. No. 11895).</u> This letter appears to express frustration with the GM bankruptcy and its effect on the consumer class. He comments that *"[t]his is yet another example of how those with unlimited resources like General Motors can use the legal system to eliminate or reduce it's [sic] obligations to those the court has determined have been damaged."* Mr. Bonville goes on to say that some of the plaintiff's attorneys are likely driving new GM products from their commissions.

  d. <u>Messrs. Guest and Garcia (Dkt. Nos. 11892 and 11951, respectively)</u> These class members do not believe that the attorneys' fees should be paid from the settlement or they should be paid from GM directly. Mr. Guest's comments explains that he is still experiencing problems with his GM Silverado, and that he *"thinks that GM should pay for attorney fees separately from the settlement from GM and out of claimants [sic] settlements."* Mr. Garcia says that the *"Bankruptcy Court should no [sic] be responsible to pay Attorney's fees out of the Settlement, all the money should be paid out to the Owners of the automobiles that had any damage or inconvenienced GM."*

  e. <u>Mr. Carney</u>. This comment says that Mr. Carney purchased a 1998 Chevy truck.

  f. <u>Mr. Todman</u>. Mr. Todman comments that he has a 2002 Chevrolet pickup truck and describes the problems that he has had with it and notes that GM should take care of the problems in the truck.

  g. <u>Ms. Fogle (Dkt. 11957)</u>. Ms. Fogle requests more information regarding the *Anderson* class settlement.

14. Class Counsel does not believe the comments submitted militate against the relief sought in the Motion. Rather, as the Motion demonstrates, after the class settlement was originally reached and after General Motors commenced this bankruptcy proceeding, through the filing of the motion in May, 2012, Class Counsel expended 1,325.90 hours of attorney time with a lodestar value $516,100.50 and incurred $8,837.84 in unreimbursed and expenses. (With many more hours of attorney time and fees and expenses incurred since the filing of the Motion.)

15. Class Counsel's efforts resulted in a settlement with the Debtor to allow the *Anderson* class members claim, Claim No. 51093, in the amount of $8,853,300.00.

16. It is for these postpetition efforts that Class Counsel has sought compensation.

17. Based upon the foregoing, Class Counsel respectfully requests this Court enter an Order, a proposed form of which is annexed hereto as **Exhibit "C"**, approving the Motion and Class Counsel's fee award of thirty percent of Claim No. 51093's distributions.

       Respectfully submitted,

      /s/ *A. J. De Bartolomeo*
        A. J. De Bartolomeo

8