Exhibit A to the Declaration of A.J. De Bartolomeo

| Docket # | Name | Date | Position | Excerpts/Summary of Class Member Comments | Appearance at Hearing |
|---|---|---|---|---|---|
| 11954 | Christopher Parreira | 10-Jun-12 | Support | "I am in support of the class counsel's request for attorneys' fees, as they have worked to obtain a recovery for the claimants." | No |
| 11903 | John & Roxanne Higgins | 13-Jun-12 | Support | "I support you in collecting fees." | No |
| 11896 | Benjamin Higgins | 22-Jun-12 | Support | "If this is indeed the case – that 70% of the settlement fund will be distributed to claimants – then I certainly have no opposition to Class Counsel being awarded attorneys' fees and reimbursement." | No |
| 11897 | George Wight | 24-Jun-12 | Support | "I _support_ the class counsel's request for attorney's fees and expenses." | No |
| Not on docket | Nina A. Smith | 27-Jun-12 | Support | "I am supporting of the Anderson Class Counsel to be paid for legal fees and costs from our settlement because it is fair to be paid for services rendered." | No |
| 11938 | Lupe Navarro | 30-Jun-12 | Support | "I write **_in support_** of the Class Counsel's request for attorneys' fees and expenses with respect to the hearing." | No |
| 11921 | Tony William Omri | 5-Jul-12 | Support | "I support class counsel's request for attorney's fees as I believe that if services, work, etc. were provided and performed, then those should be compensated for." | No |
| 11920 | Danny Suderman | 6-Jul-12 | Support | "I support this hearing because G M failed to correct a problem effecting thousands of customers." | No |
| 11953 | Gordon Stockton | 10-Jul-12 | Support | "I am in support to class counsel's request for attorney's fees and expenses." | No |
| Not on docket | Scott Sinclair | 10-Jul-12 | Support | (By telephone) Contacted Girard Gibbs by telephone in response to the notice and spoke with one of our legal assistants who works on the GM bankruptcy cases. Mr. Sinclair told us that he appreciates our firm's work on the case. | No |
| Not on | Phillip | 18-Jul-12 | Support | (Via e-mail) "I have reviewed the documentation and have no | No |

| docket | Consiglio | | | *objections to attorney's fees being collected out of the settlement from the GM Claim."* | |
|---|---|---|---|---|---|
| 11965 | Johnny Lee Blythe | 15-Jul-12 | Support | *"I have no objection to Class Counsel receiving just compensation for the work performed in the bankruptcy proceeding to establish the settlement fund, or any reimbursement for expenses incurred in the process. I think it is commendable that they are willing to take $68,000 less."* | No |
| 11922 | Rigoberto Valencia | 2-Jul-12 | Oppose | Class member criticizes Class Counsel's work in negotiating a settlement for the *Anderson* class in bankruptcy court and says that Class Counsel should have negotiated a better deal; *"the original settlement was for $8.8 million in pre-bankruptcy dollars. After GM filed for bankruptcy our original settlement was reduced to $1,492,580 and now 30% of that is going to attorneys' fees."* | No |
| 11933 | Lorenzo Ruiz | 7-Jul-12 | Oppose | Class member opposes the request for attorneys' fees because he does not believe he should be personally liable for class counsels' fees or expenses because the *Anderson* class was entitled to benefits under the original 2009 class settlement. The Ruiz comment ignores the legal effect of the GM bankruptcy on the pending *Anderson* class settlement. | No |
| 11956 | Wayne C. Heath | 18-Jul-12 | Oppose | Class member opposes the motion because he believes that GM is still responsible for awarding cash benefits from $1,200 to $2,600 for engine evaluation and for reimbursement for engine repairs. Mr. Heath contends that the claimants should be paid or their vehicles repaired *before* Class Counsel is paid for their work. Mr. Heath's comment ignores the legal effect of the GM bankruptcy on the *Anderson* class claims. | No |
| 11939 | Ron Potts | 9-Jul-12 | Oppose | Class member *"appreciates all of the work class counsel has done"* but opposes the request for fees as Class Counsel were paid for the work they did pre-bankruptcy in the underlying class settlement. Mr. Potts' comment further contends that if the Court awards a fee, it should award Class Counsel the | No |

2

| | | | | | |
|---|---|---|---|---|---|
| | | | | same discount as the claimants receive. | |
| Not on docket | Peter Russo | 4-Jul-12 | Comment | Class member is supportive of Class Counsel's efforts in the bankruptcy, but he asks for information as to the value of his claim before he decides on sending his comment to the bankruptcy court. Mr. Russo's letter says "*I believe that the Anderson Class Council [sic] attorneys deserve fair payment for their services, but where does that leave me?*" and he further states that "*[w]e applaud you for all your hard work and determination in this case, on our behalf.*" | No |
| 11955 | Michael Dennis Fisher | 18-Jul-12 | Comment | Comments state that if the claimants receive a discount on their claim, then Class Counsel should receive the same discount. ("*[E]veryone should share in the greatly diminished values of the litigation.*") | No |
| 11952 | Gerald Lewis | 13-Jul-12 | Comment | | No |
| 11895 | Stephen Bonville | 20-Jun-12 | Comment | Response appears to express frustration with the GM bankruptcy and its effect on the consumer class. He comments that "*[t]his is yet another example of how those with unlimited resources like General Motors can use the legal system to eliminate or reduce it's [sic] obligations to those the court has determined have been damaged.*" Mr. Bonville goes on to say that some of the plaintiff's attorneys are likely driving new GM products from their commissions. | No |
| 11892 | John W. Guest | 27-Jun-12 | Comment | Class members do not believe that the attorneys' fees should be paid from the settlement or they should be paid from GM directly. Mr. Guest's comments explains that he is still experiencing problems with his GM Silverado, and that he "*thinks that GM should pay for attorney fees separately from the settlement from GM and out of claimants [sic] settlements.*" Mr. Garcia says that the "*Bankruptcy Court should no [sic] be responsible to pay Attorney's fees out of the Settlement, all the money should be paid out to the Owners of the automobiles that had any damage or inconvienced GM.*" | No |
| 11951 | Emilio Garcia | 7-Jul-12 | Comment | | No |

3

| Not on docket | Richard Carney | 28-Jun-12 | Comment | *"I, Richard Carney, purchase a 1998 Chevy truck and 2000 Chevy truck. Taft Family Motors."* | No |
|---|---|---|---|---|---|
| Not on docket | John Todman | 6-Jul-12 | Comment | Mr. Todman has a 2002 Chevrolet pickup truck and describes the problems that he has had with it and notes that GM should take care of the problems in the truck. | No |
| 11957 | Dee Fogle | 19-Jul-12 | Comment | Requests more information regarding the *Anderson* class settlement. | No |