```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 1 3 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re
MOTORS LIQUIDATION COMPANY, *et al.*,
    f/k/a General Motors Corp., *et al.*,
-------------------------------------------------------------

11 Civ. 06375 (AJN)

ORDER

Domenica S. Dittmeier
            Appellant,

-------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

    Appellant Domenica Dittmeier ("Dittmeier"), proceeding *pro se*, appeals from a July 27, 2011, Supplemental Order Granting Debtors' 155th Omnibus Objection to Claims issued by the United States Bankruptcy Court for the Southern District of New York (the "Supplemental Order"). The Supplemental Order disallowed and reclassified as an equity interest a proof of claim that Dittmeier filed in the liquidation proceedings of Motors Liquidation Company ("MLC") (f/k/a General Motors Corp. ("Old GM")). Because the Bankruptcy Court properly reclassified Dittmeier's claim as an equity interest, the Supplemental Order is AFFIRMED.

### I. STANDARD OF REVIEW

    A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Fed. R. Bankr. P. 8013. On appeal, the legal conclusions of the bankruptcy court are reviewed *de novo*, but the findings of fact are reversed only when they are "clearly erroneous." *Kuhl v. United States*, 467 F.3d 145, 147 (2d Cir. 2006) (citation omitted) (*per curiam*). Because Dittmeier is proceeding *pro se,* her submission will be construed liberally "to raise the strongest arguments that it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## II. BACKGROUND

On June 1, 2009, Old GM and three affiliated debtors filed for bankruptcy under Chapter 11. On July 5, 2009, the Bankruptcy Court granted Old GM's request for an order authorizing the sale of most of Old GM's assets to a new entity ("New GM"). (09-50026 Docket # 2968). Thereafter, Old GM was formally renamed Motors Liquidation Company ("MLC"). Old GM distributed shares in New GM to its unsecured creditors. Shares of Old GM, however, did not convert into shares of New GM. As a result, individuals who had purchased stock in Old GM were left with equity interests in a worthless shell entity; the stocks that they held lost all value.

On November 27, 2009, Dittmeier filed a proof of claim in the Bankruptcy Court against MLC for $20,000, based on her 466 shares of Old GM's common stock ("Dittmeier Claim"). On January 25, 2011, MLC objected to the Dittmeier Claim as part of the 155th Omnibus Objection to Claims ("Omnibus Objection"), seeking to reclassify the Dittmeier Claim as an equity interest. (09-50026 Docket # 8828).

Dittmeier participated by phone in a hearing held on June 22, 2011, and was given the opportunity to make a statement on the record. Dittmeier argued that "stockholders are creditors." (09-50026 Docket # 10539 at 18:24). She stated:

> They want to call us equity interests. Well, we are stockholders and creditors . . . . And I don't think they should have the right to change definitions and to call us anything but what is generally assumed to be a lender, a creditor . . . .
>
> I would like to have the same priorities as any other creditor and not put at the very end of the line and for any other reason that Your Honor could see fit, I would like whatever portion you feel I am entitled to. I would very much like to have something back. And I don't think that the new GM which is probably being run by the same people, should profit by abandoning the old faithful ones. I think we are entitled to a higher priority and I very, very much like - - would like to get a little something . . . .

(*Id.* at 19:8–21).

2

On July 6, 2011, Dittmeier submitted a supplemental letter to the Bankruptcy Court in which she described her circumstances as "an 85-year-old woman of limited income, with a totally disabled, 88-year-old husband." She described herself as "faithful lender to General Motors for 32 years." (09-50026 Docket # 10563). She repeated her claim that "the general understanding of society and business is that a stockholder is essentially a creditor who is lending money and expects to get it back." (*Id.*)

The Bankruptcy Court granted the GUC Trust's Omnibus Objection. On July 27, 2011, the Bankruptcy Court entered the Supplemental Order reclassifying the Dittmeier Claim as an equity interest. (09-50026 Docket # 10632).

Dittmeier appealed the Supplemental Order *pro se* in September of 2011. In her appellate submission, Dittmeier writes, "I contend that a judge has the right to make limited exceptions to any law, based on special circumstances, and that this is done all the time." (Docket # 2).

### III.   STOCKHOLDERS ARE NOT CREDITORS

The distinction between creditors—those who are owed money—and equity holders—those who are owners—is a fundamental principle of corporate law. While Dittmeier may have believed that, by purchasing shares of Old GM, she was loaning money to the company, that is not how stockholders are viewed under the law.[1] By purchasing stock in Old GM, Dittmeier acquired a very small portion of the ownership of the company. Put another way, Dittmeier was an owner of the company, not someone owed money by the company.

---

[1] *Black's Law Dictionary* (9th ed. 2009) defines a "creditor" as "one to whom a debt is owed." By contrast, a "stockholder" is a "shareholder," which is defined as "one who owns or holds a share or shares in a company."

3

Based on this distinction, the Bankruptcy Code differentiates between a creditor, someone who "has a claim against the debtor,"[2] and an "equity security holders," a category that includes stockholders. 11 U.S.C. § 101 (5), (10), (16), (17), (49). "A creditor . . . may file a proof of claim. An equity security holder may file a proof of interest." 11 U.S.C. § 501(a). A proof of claim, if allowed, entitles the holder of the claim to be placed in a class with other claim holders and paid the same *pro rata* distribution. A proof of interest entitles the holder to be placed in a class with other interest holders, who, as discussed in Section "IV" below, typically do not receive any distributions following a Chapter 11 filing. *See* 11 U.S.C. §§ 502, 1122(a), 1123(a)(4).

"A proof of claim filed by an equity security holder is to be disallowed." *In re Motor Liquidation Co.*, No. 11-CV-7893, 2012 WL 398640 (S.D.N.Y. Feb. 7, 2012) (Cote, J.). That is to say that no matter how sympathetic the situation of the equity holder, she is not permitted under the Bankruptcy Code to classify herself as a creditor, i.e. someone who is owed money by the debtor. The Second Circuit has noted that "[w]hen a corporation becomes bankrupt, the temptation to lay aside the garb of a stockholder, on one pretense or another, and to assume the role of a creditor, is very strong, and all attempts of that kind should be viewed with suspicion." *Jezarian v. Raichle (In re Stirling Homex Corp.)*, 579 F.2d 206, 213 (2d Cir. 1978).

In its Omnibus Objection, MLC moved to reclassify the claims of many equity security holders as equity interests, rather than claims. Dittmeier asserts that by seeking "reclassification," MLC was "chang[ing] definitions." However, what MLC actually sought was the reclassification of Dittmeier's claim so that it would be *properly* classified as an equity interest. In granting this request and reclassifying the Dittmeier Claim as an equity interest, the Bankruptcy Court correctly applied the definitions of the Bankruptcy Code.

---

[2] "Claim" is in turn defined as a "right to payment." 11 U.S.C. § 101(5)(A).

### IV. BECAUSE OLD GM'S CREDITORS HAVE NOT BEEN COMPLETELY REPAID, EQUITY SHAREHOLDERS CANNOT RECEIVE ANYTHING

Chapter 11 bankruptcy follows what is known as the "absolute priority rule," which is codified in 11 U.S.C. § 1129(b)(2). Pursuant to this rule, if all creditors cannot be paid in full and do not consent to be paid less, then equity shareholders are not to receive anything. 11 U.S.C. § 1129(b)(2)(B)(ii); *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 202 (1988). At the top of the priority order sit secured creditors, who must receive the full value of their collateral before any other parties may be paid. Equity security holders are at the bottom. The result is that in many Chapter 11 proceedings, equity shareholders receive nothing. In the General Motors bankruptcy, unsecured creditors are only receiving approximately 25% of what they are owed. Therefore, under the absolute priority rule, equity shareholders in Old GM such as Dittmeier are not to receive anything.

### V. THE COURT IS POWERLESS TO ALLOW DITTMEIER TO RECEIVE PAYMENT FOR HER EQUITY SHARES

This Court does not have any equitable or other powers that allow it to amend the bankruptcy rules enacted by Congress and codified in Title 11 of the United States Code. "Congress enacted a statute that subordinates the claims of equity security holders like [appellant] to those of general creditors. This Court has no authority to amend that statute." *In re Motor Liquidation Co.*, 2012 WL 398640, at *4.

The Court is not unsympathetic to Appellant's circumstances. However, the Bankruptcy Code dictates the classes of people who take priority in receiving disbursements and this Court is required to enforce that scheme.

5

## CONCLUSION

The July 27, 2011, Supplemental Order of the Bankruptcy Court is AFFIRMED. The appeal is dismissed and the Clerk of Court shall close this case.

SO ORDERED.

Dated: July 13, 2012
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

COPIES MAILED
TO ~~COUNSEL~~ OF RECORD ON JUL 1 3 2012
Pro Se Party