**HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 12, 2012 at 4:00 p.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation*
*Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
: 
In re  : **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY**, *et al.*, : 09-50026 (REG)
   f/k/a General Motors Corp., *et al.* : 
: 
         Debtors. : **(Jointly Administered)**
: 
----------------------------------------------------------x

### NOTICE OF OBJECTION TO PROOF OF CLAIM NO. 29628 FILED BY TIESHA MCNEAL

**PLEASE TAKE NOTICE** that on August 7, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to proof of claim number 29628 filed by Tiesha McNeal (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 24, 2012, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **September 12, 2012, at 4:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 7, 2012

       */s/ Stefanie Birbrower Greer*
       Barry N. Seidel (BS-1945)
       Stefanie Birbrower Greer (SG-2898)

       DICKSTEIN SHAPIRO LLP
       1633 Broadway
       New York, New York 10019-6708
       Telephone: (212) 277-6500
       Facsimile: (212) 277-6501

       *Attorneys for Motors Liquidation Company GUC Trust*

**HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 12, 2012 at 4:00 p.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation*
*Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                              :
**In re**                                                     :    **Chapter 11 Case No.**
                                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                     :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                      :
                                                              :
                            Debtors.                          :    **(Jointly Administered)**
                                                              :
------------------------------------------------------------x

**OBJECTION TO PROOF OF CLAIM**
**NO. 29628 FILED BY TIESHA McNEAL**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), objects to proof of claim number 29628 filed by Tiesha McNeal (the "**Claim**"), a former employee of David Zerkel Sales Ltd d/b/a DMR Clothing Store ("**Zerkel**"), located inside the Debtors' assembly plant in Shreveport, Louisiana, because the Claim fails to set forth a legal basis sufficient to support any right of payment from the Debtors. In support of this Objection, the GUC Trust respectfully represents:

## PRELIMINARY STATEMENT

1. Tiesha McNeal ("**McNeal**"), a *pro se* litigant, seeks $1 million from the Debtors for damages allegedly suffered in connection with her employment with and, ultimately, termination by Zerkel. McNeal asserts that she was discriminated against on the basis of "race, Black, sex, female and in retaliation for complaining about discriminatory practices" in violation of Title VII of the Civil Rights Act of 1964 ("**Title VII**"). *See* Exhibit A.[1]

2. In order to sustain a claim under Title VII, the claimant must show the existence of an employer-employee relationship. Here, Ms. McNeal does not allege that she was an employee of the Debtors – and she was not. Thus, as a matter of law, she cannot have a valid Title VII claim against the Debtors. Consequently, as set forth more fully herein, the Claim should be disallowed and expunged on this basis alone.

## RELIEF REQUESTED[2]

3. By this Objection, the GUC Trust seeks entry of an order disallowing and expunging the Claim pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), because the Claim fails to establish the threshold requirements of a Title VII claim.

4. The GUC Trust reserves its rights to seek disallowance and expungement of the Claim on any other basis under applicable law. For example, if necessary, the GUC Trust will show, among other things, that (i) at least some claims asserted by McNeal are time-barred, (ii)

---

[1] The EEOC Charge of Discrimination attached to McNeal's Notice of Claim is both undated and unsigned. Debtors accept, for purposes of this motion only, that the attached Charge is the operative document.

[2] For purposes of this Objection, the GUC Trust requests the Court treat the facts alleged by McNeal as true. However, the GUC Trust reserves the right to challenge such factual allegations.

2

the allegations raised by McNeal are insufficient to satisfy any of the requisite elements of the asserted claims and thus cannot meet the *prima facie* standard to establish a claim under the Bankruptcy Code, and (iii) the damages asserted by McNeal are excessive as a matter of law.

## JURISDICTION

5.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  *See, e.g.*, *In re Sheehan Mem'l Hosp.*, 377 B.R. 63 (Bankr. W.D.N.Y. 2007); *In re Worldcom, Inc.*, No. 02-13533, 2006 WL 3860765 (Bankr. S.D.N.Y. Dec. 29, 2006); *In re Worldcom, Inc.*, No. 02-13533, 2005 WL 3875191 (Bankr. S.D.N.Y. Jun. 3, 2005); *In re The Leslie Fay Cos.*, 212 B.R. 747 (Bankr. S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 103 B.R. 416 (S.D.N.Y. 1989).

## BACKGROUND

6.   McNeal was hired by Zerkel in June 2006.  During her tenure at Zerkel, McNeal served as manager of a DMR Clothing store located at a General Motors' assembly plant in Shreveport, Louisiana.  *See* Exhibit A at 5.

7.   Brandy Riggs ("**Riggs**") was a sales associate at Zerkel.  According to McNeal, her Zerkel district manager prohibited her from disciplining Riggs for various misconduct, which included making racist comments about African-American customers to McNeal (who is African-American), because he was friends with Riggs' father.

8.   McNeal also alleges that, during her employment at Zerkel, several customers, including some GM employees, made sexually explicit comments to her, and/or engaged in other forms of sexual harassment against her.  She engaged in a "brief affair" with one GM employee but alleges that he harassed her before and after that affair.  *See id* at 6.

3

9. McNeal filed sexual harassment complaints with entities other than Zerkel, including Debtors. She alleges that Zerkel terminated her in retaliation for filing the complaints. *See id.*

10. In late 2008 or early 2009, McNeal filed a charge of discrimination against the United Auto Workers with the EEOC (the "**Charge**"). At some point thereafter, McNeal amended the Charge to name Debtors as respondents.[3]

## THE CLAIM

11. On or about November 11, 2009, Ms. McNeal filed a timely claim against the Debtors in the bankruptcy proceeding. *See* Exhibit A. In the Claim, Ms. McNeal asserts that she was discriminated against on the basis of race, sexually harassed and, ultimately, terminated in retaliation for complaining about the sexual harassment. The Claim is related to the same events that gave rise to the Charge and specifically incorporates the Charge.

## ARGUMENT

12. For a prepetition claim to be valid, the claimant must demonstrate he possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000). A right to payment is an enforceable obligation. *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559 (1990). Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim. If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden

---

[3] The actual date of the original filing is unclear, but according to a letter from the EEOC, the Charge was filed before February 9, 2009. *See* Exhibit A at 8. By May 14, 2009, McNeal had amended the Charge to name Debtors as the Respondent. *See id.* at 3-4. On August 19, 2010, the EEOC issued a Notice of Right to Sue letter stating that more than 180 days had passed since the filing of the Charge, and the EEOC was terminating its processing of the Charge. *See* Exhibit B.

4

remains with the claimant to establish the validity of the claim. *In re Chain*, 255 B.R. 278, 280, 281 (Bankr. D. Conn. 2000); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

13. "[T]he existence of an employer-employee relationship is a primary element of Title VII claims." *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2nd Cir. 2006). In order to show that an individual is an "employee" under Title VII, plaintiff must demonstrate that show she was hired by the putative employer. *U.S. v. City of New York*, 359 F.3d 83, (2nd Cir. 2004); *see also Okoi v. El Al Israel Airlines*, 378 Fed. Appx. 9 (2nd Cir. 2010) (affirming district court's refusal to permit plaintiff to amend complaint to bring Title VII claim against airlines because – given that he was not an employee of the airlines, he had no claim against the company); *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217 (2nd Cir. 2008) (before engaging in fact-specific analysis of employer-employee relationship, court must find that plaintiff received remuneration from putative employer in exchange for work sufficient to demonstrate that she was a hired party); *Wang v. Office of Professional Medical Conduct*, 228 Fed.Appx. 17 (2nd Cir. 2007) (affirming dismissal of Title VII claims against two defendants where neither defendant had employed plaintiff). Absent such a showing, claimant cannot establish a legal basis for a Title VII claim.

14. Here, McNeal acknowledges that she was not an employee of the Debtors, but rather was an employee of Zerkel. *See* Exhibit A at 5 ("I was hired by David Zerkel"); *id* at 5-6 (describing Stephen Lerherman as the "DMR [Zerkel] District Manager" and stating that "Mr. Lerherman told me I was fired"). The Debtors did not hire her – Zerkel did. The Debtors did not terminate her – Zerkel did. Indeed, the Debtors did not control any aspect of the terms and conditions of McNeal's employment – only Zerkel did. There simply was no employer/employee relationship between the Debtors and McNeal which could provide the basis

5

for a Title VII claim and McNeal does not assert otherwise. Thus, as a matter of law, McNeal cannot establish a valid legal right against the Debtors that gives rise to an enforceable obligation. Accordingly, the Claim is not *prima facie* valid and should be disallowed and expunged.

## CONCLUSION

For the reasons set forth above, the GUC Trust requests entry of enter an order expunging the Claim and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 6, 2012

                                           */s/ Stefanie Birbrower Greer*
                                           Barry N. Seidel (BS-1945)
                                           Stefanie Birbrower Greer (SG-2898)
                                           DICKSTEIN SHAPIRO LLP
                                           1633 Broadway
                                           New York, New York 10019-6708
                                           Telephone: (212) 277-6500
                                           Facsimile: (212) 277-6501

                                           *Attorneys for Motors Liquidation*
                                           *Company GUC Trust*

HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: September 12, 2012 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO PROOF OF CLAIM NO. 29628 FILED BY TIESHA McNEAL

Upon the objection to Proof of Claim Number 29628 (the "**Claim**") dated April 12, 2012 (the "**Objection**"), filed by the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claim on the basis that such claim fails as a matter of law, as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief requested in the Objection is granted; and it is further

**ORDERED** that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
   _____, 2012

_____
United States Bankruptcy Judge

2