**HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 12, 2012 at 4:00 p.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                        :

In re                                    :         Chapter 11 Case No.
                                        :
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :         09-50026 (REG)
      f/k/a General Motors Corp., *et al.*   :
                                        :
                     Debtors.          :         **(Jointly Administered)**
                                        :
------------------------------------------------------------x

**NOTICE OF OBJECTION TO PROOFS OF CLAIM NOS.**
**63846 AND 63847 FILED BY OR ON BEHALF OF JAIRO ALAN FRANCO**

       **PLEASE TAKE NOTICE** that on August 16, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to proof of claim numbers 63846 and 63847 filed by or on behalf of Jairo Alan Franco (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 24, 2012, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

       **PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **September 12, 2012, at 4:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard

3

offered to any party.

Dated: New York, New York
August 16, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation Company GUC Trust*

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*, : **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.* :
:
          Debtors. : **(Jointly Administered)**
:
---------------------------------------------------------------x

**OBJECTION TO PROOFS OF CLAIM NOS. 63846 AND 63847**
**FILED BY OR ON BEHALF OF JAIRO ALAN FRANCO**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

       The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), objects to proofs of claim numbers 63846 and 63847 (the "**Claims**") filed by or on behalf of Jairo Alan Franco, on the basis that such claims are barred by the applicable statute of repose. In support of this Objection, the GUC Trust respectfully represents:

2

## RELIEF REQUESTED

1. By the Claims, Mr. Franco seeks recovery from the Debtors of an unspecified amount of damages for "personal injury" related to a fatal car accident in April, 1994 (the "**Accident**") involving Hector Mario Tercero Proana Muñoz ("**Mr. Muñoz**"), whom Mr. Franco alleges is his biological father. At the time of the Accident, Mr. Muñoz was operating a 1976 Chevrolet 3/4 ton pickup truck (the "**Vehicle**").

2. As set forth more fully below, because the Vehicle was manufactured and sold by General Motors Corporation or its subsidiaries and/or affiliates (collectively, "**Old GM**") over *30 years* before the commencement of these bankruptcy cases, the applicable statute of repose bars any claims by Mr. Franco against Old GM in connection with the Accident. Accordingly, by this Objection, the GUC Trust seeks entry of an order disallowing and expunging the Claims pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).[1]

---

[1] The Court has jurisdiction to disallow personal injury claims should it determine that they are barred by the applicable statute of repose. *In re Chateaugay Corp.*, 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1997) ("[T]he bankruptcy court must have jurisdiction to make the threshold determination of whether as a matter of law, a claim exists which can be asserted against the debtor, even if the claim sounds in personal injury, tort or wrongful death."); *In re Eagle-Picher Industries, Inc., et al.*, 201 B.R. 921, 922 (Bankr. S.D. Ohio 1996) (barring claim based on statute of repose).

3

## BACKGROUND

4.  After Mr. Muñoz's death, his common law wife, Diana Marquez, was appointed temporary administrator of his estate. In or around October, 1994, various litigation related to the Accident was commenced in Texas (collectively, "**Original Litigation**"). *See Gabaldon, et al. v. General Motors Corp., et al.,* No. 15813 229th Judicial District Court, Duval County, Texas (1996). The Original Litigation included claims by other persons involved in the Accident against Mr. Muñoz, as well as claims filed by Ms. Marquez (on behalf of herself and beneficiaries of Mr. Muñoz's estate) against Old GM for injuries and wrongful death resulting from alleged defects in the Vehicle.

5.  The Original Litigation was settled in January, 1996 (the "**Settlement**"). The Settlement included a payment by Old GM for the benefit of Ms. Marquez, her minor daughter and Mr. Muñoz's parents. At the time of the Settlement, no claims had been brought against Old GM by Mr. Franco. Old GM was not otherwise aware that Mr. Muñoz was or was alleged to be, Mr. Franco's father.

6.  In 2004, Yanira Franco, Mr. Franco's mother, filed a Petition for Bill of Review in Duval County, Texas (the "**Bill of Review**") seeking to re-open the Original Litigation and the Settlement. *Franco v. General Motors Corp., et al.*, No. DC-04-321, 229th District Court, Duval County, Texas. Ms. Franco argued that the matter should be reopened because her son was entitled to, but did not receive, proceeds from the Settlement. Ms. Franco also commenced litigation seeking to replace Ms. Marquez as administrator of the Muñoz estate.

## THE CLAIMS

7.  On November 24, 2009, Mr. Franco filed two timely unsecured claims against Old GM in connection with the pending action seeking an unspecified amount of

4

damages. *See* Exhibit A. The Claims appear to be duplicative of each other, though one was signed by Ms. Franco, and the other by her son.

8. The Claims seek recovery for "personal injury" associated with Mr. Muñoz's death. No other information is provided as to the specific nature of Mr. Franco's claims or the amount of his asserted damages.

## ARGUMENT

9. For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000). A right to payment is an enforceable obligation. *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559 (1990). Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim. If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim. *In re Chain*, 255 B.R. 278, 281 (Bankr. D. Conn. 2000); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

10. It is well-settled that if a claimant does not have a right to payment prepetition, it does not have a right to payment postpetition. *See LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 497 (2d Cir. 1995) ("A claim exists only if before the filing of the bankruptcy petition, the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation—'a right to payment'—under the relevant non-bankruptcy law.") (citation omitted); *In re Eagle-Picher Industries, Inc., et al.*, 201 B.R. 921, 922 (Bankr. S.D. Ohio 1996) ("[A] claim against the bankruptcy estate will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the

5

debtor outside of bankruptcy."). Here, the causes of action underlying the Claims were barred by the applicable statute of repose before the commencement of the Debtors' chapter 11 cases. Accordingly, the Claims should be disallowed and expunged as a matter of law.

### A.     Any Claims by Mr. Franco Are Barred by the Applicable Statute of Repose

11.     Under applicable Texas law, products liability claims must be commenced against the manufacturer or seller of the product within 15 years of the date of the sale of the product (the "**Statute of Repose**"). Tex. Civ. Practice & Remedies Code Ann. § 16.012(b). The Statute of Repose applies to suits for wrongful death or any other "theory or combination of theories" based in product liability. Tex Civ. Practice & Remedies Code Ann. § 16.012(a)(2) & (a)(2)(C). Here, Mr. Franco's potential claims against Old GM, as the manufacturer of the Vehicle, are limited to claims based on a products liability theory. Thus, all of Mr. Franco's potential claims against the Debtors are subject to – and barred by – the Statute of Repose.

12.     The Debtors' bankruptcy cases were filed on June 1, 2009 (the "**Petition Date**"), *over 30 years* after the Vehicle was manufactured and sold by Old GM. Absent the filing of a timely lawsuit, all products liability claims related to the Vehicle were barred by the Statute of Repose *over 15 years before the Petition Date*.[2] Here, because no claims or causes of action were filed by or on behalf of Mr. Franco against Old GM (or any

---

[2]     Mr. Franco also cannot validly argue that the repose period was tolled because he was a minor at the time of the Accident. Equitable tolling for minors does not apply to the repose period, because, as the Texas Supreme Court has stated, "[s]tatutes of repose begin to run on a readily ascertainable date, and unlike statutes of limitations, a statute of repose is not subject to judicially crafted rules of tolling or deferral …." *Methodist Healthcare Sys. of San Antonio, Ltd., LLP v. Rankin*, 307 S.W. 3d 283, 286 (Tex. 2010); *Zweig v. S. Tex. Cardiothoracic & Vascular Surgical Assocs., PLLC*, No. 04-11-CV-005900, 2012 WL 1193727, at *3 (Tex. App. Apr. 2012). Statutes of limitations "operate procedurally to bar the enforcement of a right while a statute of repose takes away the right altogether thereby creating a substantive right to be free of liability after a specified time." *Zweig*, 2012 WL 1193727, at *3.

6

of its subsidiaries or affiliates) prior to the expiration of the Statute of Repose, such claims are barred as a matter of Texas law.[3]

13. Given that Mr. Franco could not have brought a valid claim against Old GM prior to the Petition Date, he cannot use the claims allowance process to revive his claims. *See, e.g.*, *LTV Steel Co., Inc. v. Shalala* (*In re Chateaugay Corp.*), 53 F.3d 478, 497 (2d Cir. 1995); *In re Eagle-Picher Industries, Inc., et al.*, 201 B.R. 921, 922 (Bankr. S.D. Ohio 1996). Accordingly, Mr. Franco does not have a prepetition right to payment against the Debtors and the Claims should thus be disallowed and expunged.

---

[3] The fact that Mr. Franco filed a bill of review does not save his Claims. A bill of review raising claims of a new plaintiff, not already expressly part of the suit, does not relate back in time for purposes of the period of repose to the original timely filed action. *Covington v. Sisters of Charity*, 179 S.W. 3d 583, 588 (Tex. App. 2005); *Kirkpatrick v. Harris*, 716 S.W. 2d 124, 125 (Tex. App. 1986) ("An amended pleading relates back in time to the superseded pleading, unless a new cause of action or a new party is added."). Moreover, reopening the Original Litigation would not create any liability for the Debtors, and instead would raise the question as to whom the proceeds from the Settlement should have been paid.

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging the Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 16, 2012

                     */s/ Stefanie Birbrower Greer*
                     Barry N. Seidel (BS-1945)
                     Stefanie Birbrower Greer (SG-2898)

                     DICKSTEIN SHAPIRO LLP
                     1633 Broadway
                     New York, New York 10019-6708
                     Telephone: (212) 277-6500
                     Facsimile: (212) 277-6501

                     Attorneys for Motors Liquidation
                     Company GUC Trust

HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: September 12, 2012 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re                                                          :    Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,                          :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                  :
                                                               :
                    Debtors.                           :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO PROOFS OF CLAIM
### NOS. 63846 AND 63847 FILED BY OR BEHALF OF JAIRO ALAN FRANCO

Upon the objection to proof of claim numbers 63846 and 63847 (the "**Claims**") dated August [], 2012 (the "**Objection**"), filed by the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claims on the basis that such claims are time-barred by the applicable statute of repose, as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       _____, 2012

 

_____
United States Bankruptcy Judge

2