**HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 12, 2012 at 4:00 p.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**NOTICE OF OBJECTION TO PROOF OF**
**CLAIM NO. 62969 FILED BY JOHN A. HAACK**

**PLEASE TAKE NOTICE** that on August 16, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to proof of claim number 62969 filed by John A. Haack (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 24, 2012, at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708  (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **September 12, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard

offered to any party.

Dated: New York, New York
       August 16, 2012

                                                  /s/ *Stefanie Birbrower Greer*
                                                  Barry N. Seidel (BS-1945)
                                                  Stefanie Birbrower Greer (SG-2898)

                                                  DICKSTEIN SHAPIRO LLP
                                                  1633 Broadway
                                                  New York, New York 10019-6708
                                                  Telephone: (212) 277-6500
                                                  Facsimile: (212) 277-6501

                                                  Attorneys for Motors Liquidation
                                                  Company GUC Trust

HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: September 12, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                              :
**In re**                                                     :     **Chapter 11 Case No.**
                                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                     :     **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*                  :
                                                              :
                        Debtors.                              :     **(Jointly Administered)**
                                                              :
---------------------------------------------------------------x

**OBJECTION TO PROOF OF CLAIM**
**NO. 62969 FILED BY JOHN A. HAACK**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), objects to proof of claim number 62969 filed by John A. Haack (the "**Claim**"), on the basis that such claim fails to set forth facts necessary to establish any legal or factual basis for the alleged claim. In support of this Objection, the GUC Trust respectfully represents:

**RELIEF REQUESTED**

1. The Claim is based on an alleged defect in the engine of Mr. Haack's 1995 Grand Prix SE (the "**Alleged Defect**"). As set forth more fully below, even if Mr. Haack's allegations were supportable (which they are not), Mr. Haack fails to allege *any injury* incurred by him as a consequence of the Alleged Defect. Accordingly, by this Objection, the GUC Trust seeks entry of an order disallowing and expunging the Claim pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**JURISDICTION**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157, 1334 (2006). This is a core proceeding pursuant to 28 U.S.C. § 157(b).[1]

**THE CLAIM**

3. Mr. Haack filed a timely claim against the Debtors, seeking recovery of $1,000,000 in connection with an alleged "product defect" in his 1995 Grand Prix SE. *See* Exhibit A. Specifically, Mr. Haack claims that if "the rubber vacuum hose that connects the engine intake manifold to the power brake booster assembly comes loose or fails, the engine's revolutions per minute (RPMs) will instantaneously accelerate to their maximum value." *See* Exhibit A at 2. He further claims that the Alleged Defect could result in a failure of the brake system, resulting in a "runaway vehicle." Id.

---

[1] While Mr. Haack may be seeking damages for his fear (which he characterizes as emotional distress), he does not state a separate cause of action for emotional distress. Even if Mr. Haack were to make such an argument, this Court can and should find that he has failed to allege the necessary elements of such a claim. *See In re Worldcom*, No. 02-13533, 2007 WL 841948 at *4 (Bankr. S.D.N.Y. Mar. 12, 1997) (a proof of claim does not contain a personal injury tort claim if it does not establish the elements of a claim for emotional distress). Accordingly, the Claim falls within this Court's jurisdiction under 28 U.S.C. § 157(b).

2

4. In the Claim, Mr. Haack acknowledges that the alleged defect did not cause him any injury. *See* Exhibit A at 2 (stating that he "*could* have been" in an accident) (emphasis added). Instead, the Claim is based on an alleged incident "when the subject defect occurred and put [his] vehicle in an out of control condition," which allegedly resulted in Mr. Haack having "the living daylights scared out" of him. *See* Exhibit A at 5.

5. On June 14, 2012, the GUC Trust filed its 281st Omnibus Objection to Claims, seeking expungement of various claims, including the Claim, based on claimants' failure to provide sufficient documentation to support the asserted claims (the "**Omnibus Objection**"). In response, Mr. Haack submitted a letter to the Court attaching additional documentation in support of the Claim (the "**Supplemental Letter**"). *See* Exhibit B. The GUC Trust thereafter agreed to withdraw the Omnibus Objection as related to the Claim, without prejudice to its rights to file additional objections to the Claim.

6. In the Supplemental Letter, Mr. Haack reiterated the allegations in the Claim, and again acknowledged that he "was not injured" as a consequence of the alleged defect. *See* Exhibit B at 1 (noting that he has not sustained any personal injury or property damage). Mr. Haack also stated that he would withdraw his claim if the Debtors notify the public of the alleged defect and make repairs to all allegedly defective vehicles.

## ARGUMENT

7. For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l (In re Manville Forest Prods.)*, 209 F.3d 125, 128 (2d Cir. 2000). The right to payment can constitute a prepetition claim if, before the filing of the bankruptcy petition, "the relationship between the debtor and the creditor

3

contained all of the elements necessary to give right to a legal obligation – a 'right to payment' – under the relevant non-bankruptcy law." *LTV Steel Co. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 497 (2d Cir. 1995) (quoting *In re Nat'l Gypsum Co.*, 139 B.R. 397, 405 (N.D. Tex. 1992) (internal citations omitted)).

8. Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim. However, to be entitled to the weight afforded by Bankruptcy Rule 3001(f), the proof of claim must comply with the Bankruptcy Rules and set forth the facts necessary to support the claim. *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (quoting *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988)); *see also Bar Date Ord.* at 2 (requiring that a proof of claim "set forth with specificity the legal and factual basis for the alleged [c]laim"). If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim. *Id.* at 281; *In re Marino*, 90 B.R. 25, 28 (1988).

  A. **<u>The Claim Does Not Meet the Elements of a Product Liability Claim</u>**

9. Mr. Haack cannot meet any of the requisite elements of a products liability claim and, thus, cannot meet his burden of establishing a *prima facie claim*.

10. Under Missouri law, to establish a product liability claim, a claimant must show, among other things, that (i) the product was in a "defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold;" or (ii) the product was "unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without

4

an adequate warning." Mo. Ann. Stat. § 537.760 (West).[2] Failure to establish any one of these elements is fatal to such a claim.

11.  If necessary, the GUC Trust could show that there is no actionable defect, as alleged by Mr. Haack, because his factual understanding of the vehicle's mechanics is fundamentally flawed.  Because the brake booster is not connected to the transmission, it is impossible for a disconnected brake booster hose to cause an increase in the RPMs, as Mr. Haack alleges.  However, given the merits would likely require additional factual and, potentially, expert discovery, the GUC Trust focuses this Objection on the requirement that a claimant establish a showing that he was "damaged" within the meaning of the statute.  Mo. Ann. Stat. § 537.760.  A finding that Mr. Haack was not "damaged" is a sufficient basis for disallowance and expungement of the Claim.

### 1.  Mr. Haack Did Not Suffer Any Injury or Allege Any Damages

12.  In the Claim and the Supplemental Letter, Mr. Haack admits that he has not incurred any personal injury or property damage as a result of the alleged defect to his vehicle. *See* Exhibit A at 2; Exhibit B at 1.  Indeed, it appears Mr. Haack's intent in bringing the claim is not to obtain any economic recovery, but rather to bring to the public's attention his (misguided) allegations regarding the Alleged Defect.  *See* Exhibit A at 5 (offering to withdraw the claim if "GM fixes this problem with a robust design implementation, issues a notice of defect to all vehicle owners affected, and then implements repairs to their vehicles").

---

[2]  For the purposes of this Objection, the GUC Trust applies Missouri law, the state of Mr. Haack's residence.  The law in the other potential sites (Michigan, the likely place of manufacture of the vehicle, and New York, where the Debtors' cases are pending) also requires a showing of injury to a claimant in a products liability claim.  *See* Mich. Comp. Laws § 600.2945(h) (2012); *Frank v. DaimlerChrysler Corp.*, 741 N.Y.S.2d 9, 12 (App. Div. 2002) (to establish a claim for products liability under New York law, plaintiff must show "actual injuries or damages") (citations omitted).

5

13. Mr. Haack's allegations as to *potential* injuries – to himself or others – are insufficient as a matter of law to sustain a claim. *Briehl v. GMC*, 172 F.3d 623, 627 (8th Cir. 1999) ("Courts have been particularly vigilant in requiring allegations of injury or damages in products liability cases."); *In re In re Bisphenol-APolycarbonate Plastic Prods. Liab. Litig.*, 687 F. Supp. 2d 897, 912 (W.D. Mo. 2009) (potential injuries, although possibly sufficient to sustain other types of claims, are not sufficient to sustain a product liability claim); *O'Neil v. Simplicity, Inc.*, 553 F. Supp. 2d 1110, 1113 (D. Minn. 2008) (injuries to others insufficient to sustain a products liability claim). In any event, Mr. Haack has no authority or standing to assert the rights of others. *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 643 (2d Cir. 1988) ("Generally, litigants in federal court are barred from asserting the constitutional and statutory rights of others in an effort to obtain relief for injury to themselves.") (citations omitted).

14. Mr. Haack also alleges that the Alleged Defect caused his car to stop braking, which caused him to be "scared." Even if Mr. Haack's allegations could be substantiated (and they cannot), fear is not sufficient to establish damages. *Bosch v. St. Louis Healthcare Network*, 2000 Mo. App. LEXIS 500, at *13-14 (Mo. Ct. App. Apr. 11, 2000) (an injury must be medically diagnosable and of such severity that it is deemed medically significant to enable recovery); *Bass v. Nooney Co.*, 646 S.W.2d 765, 771 (Mo. 1983) (holding that emotional damages may not be pled in the absence of an underlying physical injury in a products liability claim). Therefore, Mr. Haack has failed to meet the required elements of a products liability claim and the Claim fails as a matter of law.

15. To the extent that Mr. Haack is seeking punitive damages from the Debtors, the Claim should be denied. Punitive damages are not available where, as here, the debtor is liquidating and there is no deterrent purpose or effect. Indeed, under such

6

circumstances, recovery of punitive damages by one creditor would deplete recovery of other creditors. In such cases, courts (including this Court) have regularly exercised their equitable power pursuant to section 105 of the Bankruptcy Code to disallow or subordinate punitive damage claims. *See, e.g.*, Decision on Objection to Claim of Dr. Atul C. Shah, *In re Motors Liquidation Co.*, No. 09-50026 (Bankr. S.D.N.Y. 2012), ECF No. 12001; In re Johns-Manville Corp., 68 B.R. 618, 627 (1986); In re A.H. Robins Co., 89 B.R. 555, 562 (E.D. Va. 1988).

16. In short, Mr. Haack cannot show he was "damaged" as a result of any action by the Debtors. Thus, he cannot establish a *prima facie* products liability claim against the Debtors and the Claim should be disallowed and expunged.

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging the Claim and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 16, 2012

*/s/ Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

7

HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: September 12, 2012 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*    :
                                            :
                    Debtors.                :    (Jointly Administered)
                                            :
------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO PROOF OF CLAIM NO. 62969 FILED BY JOHN A. HAACK

Upon the objection to proof of claim number 62969 (the "**Claim**") filed by John A. Haack, dated xxx, 2012 (the "**Objection**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claim on the basis that such claim fails to set forth facts necessary to establish any legal or factual basis for the alleged claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to the Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

2