**HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 17, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
     f/k/a General Motors Corp., et al.    :
                                      :
                           Debtors.   :    (Jointly Administered)
                                      :
-------------------------------------------------------------x
```

<u>NOTICE OF HEARING ON MOTORS LIQUIDATION</u>
<u>COMPANY GUC TRUST'S OBJECTION TO PROOF OF CLAIM NO. 71060</u>

  **PLEASE TAKE NOTICE** that upon the annexed objection (the "**Objection**"),

dated August 23, 2012, of Motors Liquidation Company GUC Trust (the "**GUC Trust**") as

successor to Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated

debtors (collectively, the "**Debtors**"), to the allowance of Proof of Claim No. 71060

(the "**Castillo Putative Class Claim**") filed by Mark L. Brown, Esq. on behalf of Kelly Castillo,

Nichole Brown, Brenda Alexis Digiandomenico, Valerie Evans, Barbara Allen, Stanley

Ozarowski, and Donna Santi, each individually and on behalf of all others similarly situated

(the "**Castillo Putative Class**"), as more fully set forth in the Objection, a hearing will be held

before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **September 24, 2012 at 9:45 a.m. (Eastern Time)**, or as soon

thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this

Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court

(a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable

document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with

the customary practices of the Bankruptcy Court and General Order M-399, to the extent

practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal &

Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153

(Attn:  Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the

Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370,

Birmingham, Michigan 48009 (Attn:  Thomas Morrow); (iii) General Motors LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn:  Lawrence S. Buonomo, Esq.);

(iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn:  John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn:  Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

2

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y.,

86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for

Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as

Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York,

10166 (Attn:  Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as

the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite

500, Atlanta, Georgia  30309 (Attn:  Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for

the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th

Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P.

Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas

78703; and (xvi) LakinChapman, LLC, attorneys for the Castillo Plaintiffs and the Castillo

US_ACTIVE:\44079445\12\72240.0639

Putative Class, 300 Evans Avenue, P.O. Box 229, Wood River, Illinois, 62095 (Attn:  Mark L.

Brown, Esq.), so as to be received no later than **September 17, 2012 at 4:00 p.m. (Eastern

Time)** (the "**Response Deadline**").

    **PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and

served with respect to the Objection to the Castillo Putative Class Claim, the GUC Trust may, on

or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the

form of the proposed order annexed to the Objection, which order may be entered with no further

notice or opportunity to be heard offered to any party.


Dated:  New York, New York
   August 23, 2012

        /s/  Joseph H. Smolinsky
        Harvey R. Miller
        Stephen Karotkin
        Joseph H. Smolinsky

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone:  (212) 310-8000
        Facsimile:   (212) 310-8007

        Attorneys for Motors Liquidation
        Company GUC Trust

US_ACTIVE:\44079445\12\72240.0639

**HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 17, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,* :        **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.* :
                                          :
                    **Debtors.**          :        **(Jointly Administered)**
                                          :
-------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**<u>OBJECTION TO PROOF OF CLAIM NO. 71060</u>**

# TABLE OF CONTENTS

**Page**

Relief Requested ........................................................................................................... 6

Jurisdiction ................................................................................................................. 10

Facts Relevant to the Castillo Putative Class Claim ................................................ 10

    A.    The Class Action ................................................................................ 10

    B.    Compensation Already Received by the Castillo Putative Class........................ 12

    C.    The Bar Date Order............................................................................ 16

    D.    The Castillo Putative Class Claim ..................................................... 16

    E.    The Castillo Putative Class Claim Should Be Disallowed and Expunged .......... 17

I.    Members of the Castillo Putative Class Are Estopped from Obtaining Class Relief Now after the Bar Date ......................................................................... 18

II.    Application of Bankruptcy Rule 7023 to a Class Proof of Claim Is Discretionary and Should Be Denied in This Case ........................................... 20

    A.    The Castillo Plaintiffs Failed to Comply with Bankruptcy Rule 9014 ............... 23

    B.    Allowing the Castillo Putative Class Claim to Proceed as a Class Action Would Not Be Effective or Efficient ................................................... 25

    C.    The Castillo Putative Class Claim Cannot Satisfy the Requirements of Rule 23 ............................................................................................... 28

        1.    Numerous Individual Issues Predominate over Any Common Questions.................................................................................... 29

        2.    The Castillo Plaintiffs Cannot Establish that a Class Action Is Superior to Other Available Methods for Fairly and Efficiently Adjudicating This Controversy.............................................. 31

        3.    Neither "Commonality" nor "Typicality" Can Be Established by the Castillo Plaintiffs................................................................ 33

        4.    The Castillo Plaintiffs Are Not Adequate Representatives..................... 34

        5.    The Putative Class Is Not Sufficiently Ascertainable............................ 35

        6.    The Class Definition Is Overinclusive................................................... 36

        7.    It Is Not Administratively Feasible to Identify Class Members ............. 37

III.    Conclusion ...................................................................................................... 39

IV.    Notice .............................................................................................................. 39

i

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Abla v. Brinker Rest. Corp.*,
  279 F.R.D. 51 (D. Mass. 2011) ..............................................................................34

*Adashunas v. Negley*,
  626 F.2d 600 (7th Cir. 1980) ...............................................................................37

*In re Am. Reserve Corp.*,
  840 F.2d 487 (7th Cir. 1988),
  *aff'd*, 141 B.R. 31 (S.D.N.Y. 1992) ...........................................................21, 23, 26

*Bachrach v. Chase Inv. Servs. Corp.*,
  No. 06-2785 (WJM), 2007 WL 3244186 (D.N.J. Nov. 1, 2007) ......................36, 37

*In re Bally Total Fitness of Greater N.Y., Inc.*,
  402 B.R. 616 (Bankr. S.D.N.Y.),
  *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009) .............................................................21, 23

*Barasich v. Shell Pipeline Co.*,
  No. Civ. A. 05-4180, 2008 WL 6468611 (E.D. La. June 19, 2008) .......................37

*Berley v. Dreyfus Co.*,
  43 F.R.D. 397 (S.D.N.Y.1967) ............................................................................31

*In re Blockbuster Inc.*,
  441 B.R. 239 (Bankr. S.D.N.Y. 2011) ..................................................................21

*Brazil v. Dell Inc.*,
  585 F. Supp. 2d 1158 (N.D. Cal. 2008) ................................................................37

*Caro v. Procter & Gamble Co.*,
  18 Cal. App. 4th 644 (1993) ................................................................................34

*In re Charter Co.*,
  876 F.2d 866 (11th Cir. 1989),
  *cert. dismissed*, 496 U.S. 944 (1990) ..................................................................21

*Clark v. Experian Info., Inc.*,
  233 F.R.D. 508 (N.D. Ill. 2005),
  *aff'd*, 256 F. App'x 818 (7th Cir. 2007) ..........................................................30, 31

*Commander Props. Corp. v. Beach Aircraft Corp.*,
  164 F.R.D. 529 (D. Kan. 1995) ......................................................................36, 37

ii

*In re Computer Learning Ctrs., Inc.*,
    344 B.R. 79 (Bankr. E.D.Va. 2006)................................................................23

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992),
    *cert. dismissed*, 506 U.S. 1088 (1993).......................................................29, 30

*Edwards v. McCormick*,
    196 F.R.D. 487 (S.D. Ohio 2000)............................................................34, 36

*In re Ephedra Prods. Liab. Litig.*,
    329 B.R. 1 (S.D.N.Y. 2005)..........................................22, 23, 24, 29, 31

*Ford Motor Co. v. Sheldon*,
    22 S.W.3d 444 (Tex. 2000)......................................................................37

*Forman v. Data Transfer, Inc.*,
    164 F.R.D. 400 (E.D. Pa. 1995)............................................................36

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982)..............................................................................33

*In re Jamesway Corp.*,
    No. 95 B 44821 (JLG), 1997 WL 327105
    (Bankr. S.D.N.Y. June 12, 1997)..........................................................22

*In re Kaiser Group Int'l, Inc.*,
    278 B.R. 58 (Bankr. D. Del. 2002)........................................................21

*Mace v. Van Ru Credit Corp.*,
    109 F.3d 338 (7th Cir. 1997)................................................................33

*Marisol A. by Forbes v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997)................................................................33

*Marlow v. Am. Suzuki Motor Corp.*,
    584 N.E.2d 345 (Ill. App. Ct. 1991)................................................38, 39

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
    209 F.R.D. 323 (S.D.N.Y. 2002)..................................................29, 30, 37

*Moore v. PaineWebber, Inc.*,
    306 F.3d 1247 (2d Cir. 2002)................................................................28

*In re Mortg. & Realty Trust*,
    125 B.R. 575 (Bankr. C.D. Cal. 1991)..................................................25

iii

*In re Musicland Holding Corp.*,
  362 B.R. 644 (Bankr. S.D.N.Y. 2007) .................................................................................24

*Oshana v. Coca Cola Bottling Co.*,
  225 F.R.D. 575 (N.D. Ill. 2005),
  *aff'd*, 472 F.3d 506 (7th Cir. 2006),
  *cert. denied*, 551 U.S. 1115 (2007) .................................................................................35

*Oshana v. Coca-Cola Co.*,
  472 F.3d 506 (7th Cir. 2006),
  *cert. denied*, 551 U.S. 1115 (2007) .................................................................................36

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
  214 F.R.D. 614 (W.D. Wash. 2003) ............................................................................31, 32

*Reid v. White Motor Corp.*,
  886 F.2d 1462 (6th Cir. 1989),
  *cert. denied*, 494 U.S. 1080 (1990) .................................................................................21

*In re Sacred Heart Hosp. of Norristown*,
  177 B.R. 16 (Bankr. E.D. Pa. 1995) ............................................................................21, 24

*In re Standard Metals Corp.*,
  817 F.2d 625 (10th Cir.),
  *reh'g granted*, 839 F.2d 1383 (10th Cir. 1987),
  *cert. dismissed*, 488 U.S. 881 (1988) .................................................................................26

*Stephens v. Montgomery*,
  193 Cal. App. 3d 411 (1987) .................................................................................34

*Thiedemann v. Mercedes-Benz USA, LLC*,
  872 A.2d 783 (N.J. 2005).................................................................................36, 37

*In re Thomson McKinnon Sec. Inc.*,
  133 B.R. 39 (Bankr. S.D.N.Y. 1991).................................................................21, 22, 23, 25, 27

*In re Thomson McKinnon Sec., Inc.*,
  150 B.R. 98 (Bankr. S.D.N.Y. 1992) ............................................................................23, 25

*In re Tronox Inc.*,
  No. 09-10156 (ALG), 2010 WL 1849394
  (Bankr. S.D.N.Y. Mar. 6, 2010).................................................................................25

*In re United Cos. Fin. Corp.*,
  277 B.R. 596 (Bankr. D. Del. 2002) .................................................................................21

US_ACTIVE:\44079445\12\72240.0639

*In re Vioxx Prods. Liab. Litig.*,
  No. 05-1657, 2008 WL 4681368
  (E.D. La. Oct. 21, 2008),
  *aff'd,* 300 F. App'x 261 (5th Cir. 2008) .................................................................37

*Webb v. Carter's Inc.*,
  272 F.R.D. 489 (C.D. Cal. 2011) ...........................................................................31

*In re Woodward & Lothrop Holdings, Inc.*,
  205 B.R. 365 (Bankr. S.D.N.Y. 1997) ................................................. 21-28, 32, 34

*In re Worldcom, Inc.*,
  343 B.R. 412 (Bankr. S.D.N.Y. 2006) .....................................................................30

*In re Zenith Labs., Inc.*,
  104 B.R. 659 (D.N.J. 1989) ..............................................................................23, 25

## STATUTES

11 U.S.C. § 105 ...........................................................................................................39

11 U.S.C. § 362 .............................................................................................................8

11 U.S.C. § 502 ......................................................................................................6, 18

28 U.S.C. § 157 ...........................................................................................................10

28 U.S.C. § 1334 .........................................................................................................10

Fed. R. Bankr. P. 1015 ...............................................................................................39

Fed. R. Bankr. P. 3003 ..........................................................................................6, 18

Fed. R. Bankr. P. 3007 .................................................................................................6

Fed. R. Bankr. P. 7001 ...............................................................................................21

Fed. R. Bankr. P. 7023 .........................................................................................21, 28

Fed. R. Bankr. P. 9014 .........................................................................10, 21, 22, 23

Fed. R. Civ. P. 23 ...........................................................10, 20-22, 28-31, 33, 35

## AUTHORITIES

6 Herbert Newberg & Alba Conte, *Newberg on Class Actions* Chapter 20 ..................................26

v

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company GUC Trust (the "**GUC Trust**") as successor to

Motors Liquidation Company (f/k/a General Motors Corporation) and its related affiliates

(collectively, the "**Debtors**") respectfully represents:

### Relief Requested

1.      The GUC Trust files this objection (the "**Objection**") pursuant to section 502 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**") and this Court's Order Pursuant to Section

502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for

Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and

Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar

Date Order**") [Docket No. 4079], establishing November 30, 2009 as the bar date (the "**Bar

Date**").  Through this Objection, the GUC Trust seeks entry of an order disallowing and

expunging proof of claim no. 71060 (the "**Castillo Putative Class Claim**") filed by Mark L.

Brown, Esq. on behalf of Kelly Castillo, Nichole Brown, Brenda Alexis Digiandomenico,

Valerie Evans, Barbara Allen, Stanley Ozarowski, and Donna Santi (the "**Castillo Plaintiffs**"),

each individually and purportedly on behalf of all others similarly situated (the "**Castillo

Putative Class**"), in the amount of $57,317,250.[1]  (*See* Castillo Putative Class Claim (Ex. A).)

2.      The Castillo Putative Class Claim was filed as a purported class claim based on a

Stipulation of Settlement (the "**Stipulation of Settlement**")[2] entered into prior to the

---

[1]The Castillo Putative Class Claim is annexed hereto as **Exhibit "A."**

[2]The Stipulation of Settlement is annexed hereto as **Exhibit "B."**

6

commencement of these chapter 11 cases between the former General Motors Corporation ("**Old GM**") and the Castillo Plaintiffs, on behalf of themselves and the Castillo Putative Class, and the Final Judgment (defined below) approving the Stipulation of Settlement.[3] (*See* Stipulation of Facts ¶ 16 (Ex. I); Stipulation of Settlement (Ex. B).)  The Stipulation of Settlement fully resolved all claims alleged against Old GM in the United States District Court for the Eastern District of California (the "**California Court**") in the matter styled *Castillo et al. v. General Motors Corporation*, Case No. 2:07-CV-02142 WBS-GGH (the "**Class Action**").[4] (*See* Stipulation of Facts ¶ 5 (Ex. I).)  In the Class Action, the Castillo Plaintiffs asserted claims based on the alleged malfunction and failure of certain VTi transmissions in Saturn vehicles, which the Castillo Plaintiffs asserted were inherently prone to premature failure due to defective design and/or negligent manufacture, among other bases.  (*See* Stipulation of Facts ¶ 3 (Ex. I).)  Following the California Court's preliminary approval of the Stipulation of Settlement, beginning on January 9, 2009, a form of notice (the "**Notice**") of the settlement was mailed to over 149,000 putative class members who owned or had previously owned a class vehicle.  (*See* Stipulation of Facts ¶ 6 (Ex. I); Decl. of Bruce LeFevre and annexed Notice, annexed hereto as **Exhibit "D."**)  A final judgment (the "**Final Judgment**") certifying the Castillo Putative Class and approving the Stipulation of Settlement was entered by the California Court on April 16, 2009.[5] (*See* Stipulation of Facts ¶ 8 (Ex. I).)

---

[3] Annexed hereto as **Exhibit "I"** is a Stipulation of Facts provided by Class Counsel with respect to the issues addressed in this Objection (the "**Stipulation of Facts**").

[4] The Second Amended Class Action Complaint in the Class Action is annexed hereto as **Exhibit "C."**

[5] The Final Judgment is annexed hereto as **Exhibit "E."**  The Final Judgment provided that LakinChapman, LLC would serve as class counsel ("**Class Counsel**") for the Castillo Putative Class, and further provided for an all-inclusive award of attorneys' fees and expenses not to exceed $4,425,000.  (*See* Stipulation of Settlement at §III, ¶ 7 (Ex. B).).

7

3.    On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced

voluntary cases under chapter 11 of title 11 of the Bankruptcy Code before this Court

(the "**Bankruptcy Court**").  On June 15, 2009, as a result of the bankruptcy filing, the Class

Action and the Final Judgment were automatically stayed pursuant to 11 U.S.C. § 362.  (*See*

Stipulation of Facts ¶ 10 (Ex. I).)  Accordingly, although the Castillo Putative Class received

Notice of the Stipulation of Settlement prior to the bankruptcy filing, members of the Castillo

Putative Class did not submit claims forms, and the total dollar value of class members' claims

was never ascertained.[6]  (*See* Stipulation of Facts ¶ 11 (Ex. I).)

4.    On March 14, 2011, Mark L. Brown, Esq., acting as counsel to the Castillo

Putative Class, filed the Castillo Putative Class Claim.[7]  (*See* Stipulation of Facts ¶ 16 (Ex. I).)

On the same date, Class Counsel filed proof of claim no. 71059 (the "**Attorneys' Fees and**

**Expenses Claim**") in the amount of $4,425,000 based on the award of attorneys' fees and

expenses provided for in the Stipulation of Settlement and Final Judgment.[8]  (*See* Castillo

Attorneys' Fees and Expenses Claim, annexed hereto as **Exhibit "J."**)

5.    As further discussed below, roughly $37 million has been provided as

compensation to members of the Castillo Putative Class on a voluntary basis through certain

reimbursement programs instituted by Old GM and General Motors LLC ("**New GM**").

(*See*  Stipulation of Facts ¶ 26 (Ex. I).)  The reimbursement follows extensive notice to the

---

[6]Given that the amount of the Castillo Putative Class Claim ($57,317,250) was never ascertained through a claims
form process and is based on the Castillo Plaintiffs' own estimate, the roughly $37 million already provided in
compensation for the Castillo Putative Class may make up a more substantial portion of the total number of claims.

[7]The Castillo Putative Class Claim is an unsecured claim that amends the timely filed secured proof of claim no.
62908, filed by Mark L. Brown, on November 28, 2009.  (*See* Stipulation of Facts ¶ 17 (Ex. I).)

[8]The Attorneys' Fees and Expenses Claim is an unsecured claim that amends the timely filed secured proof of claim
no. 62909 filed by Mark L. Brown, Esq., on November 28, 2009.

US_ACTIVE:\44079445\12\72240.0639

Castillo Putative Class. At this juncture**,** the Castillo Putative Class has had ample opportunity to be compensated in full—indeed in an amount *greater* than that which would be provided under the Debtors' Joint Second Amended Chapter 11 Plan (the "**Plan**"). Class Counsel has even provided individual claimants with the information necessary to file an individual proof of claim in this bankruptcy, which information is displayed on Class Counsel's website along with a link informing the claimant as to how to file a proof of claim form in these bankruptcy proceedings. (*See* Stipulation of Facts ¶ 15 (Ex. I); Snapshots from Class Counsel's Website, annexed hereto as **Exhibit "H."**) Twenty-four individual claimants filed such claims. Save for the twenty-four individual claims that were filed in these chapter 11 proceedings (the "**Individual Claims**") and the named Castillo Plaintiffs, the GUC Trust is not aware of any other members of the Castillo Putative Class who have not received reimbursement.[9] All members of the Castillo Putative Class received extensive notice of the bankruptcy and the options available under the reimbursement programs offered by both Old and New GM. Accordingly, the Castillo Putative Class should be estopped now from further pursuing the Castillo Putative Class Claim.

6.      The Castillo Putative Class Claim also fails under Rule 23. Whether to permit a class claim to proceed in bankruptcy lies within the sound discretion of this Court. The Castillo

---

[9] Such claims will be allowed. (*See* Claim No. 9127, filed by Lee Ira Washington; Claim No. 17445, filed by Sean K. Emerson; Claim No. 18051, filed by Laurita Faubel; Claim No. 18406, filed by Bobbie J. Campbell Enlow; Claim No. 19696, filed by Dianna Gooden Criss; Claim No. 20323, filed by Nancy M. Hunt; Claim No. 22864, filed by Mark J. Casto; Claim No. 29200, filed by Tammy K. Kingdollar; Claim No. 36207, filed by Steven Skalsky, Jr.; Claim No. 44008, filed by Saturn VTi Class Action Member; Claim No. 44301, filed by Barbara J. Hernandez; Claim No. 61271, filed by Mary Dixon; Claim No. 62663, filed by Mary E. Rodriguez; Claim No. 62771, filed by Nichole Brown (a Class Representative); Claim No. 62772, filed by Barbara Allen (a Class Representative); Claim No. 62773, filed by Stanley Ozarowski (a Class Representative); Claim No. 62775, filed by Donna Santi (a Class Representative); Claim No. 62776, filed by Kelly Castillo (a Class Representative); Claim No. 62777, filed by Brenda Digiandomenico (a Class Representative); Claim No. 62778, filed by Valerie Evans (a Class Representative); Claim No. 64965, filed by Michael Kniqzuk; Claim No. 65674, filed by Perry F. Vick; Claim No. 69429, filed by Rachel L. Boodram; and Claim No. 69818, filed by Ronald L. Phillips. The Individual Claims are annexed hereto as **Exhibit "G."**

9

Putative Class Claim should be disallowed in its entirety because, *inter alia*, (i) the Castillo

Plaintiffs fail to satisfy the basic procedural requirements of Bankruptcy Rule 9014, (ii) the

benefits that generally support class certification in civil litigation are not realizable in this stage

of these chapter 11 cases, (iii) the putative class does not satisfy Rule 23 of the Federal Rules of

Civil Procedure ("**Rule 23**") because of the numerous issues of fact that would predominate over

any common questions and because the Castillo Plaintiffs are neither typical of the Castillo

Putative Class nor adequate class representatives due to the fact that a substantial portion of the

Castillo Putative Class have been compensated in *full*.

7.      This Court should disallow the Castillo Putative Class Claim and no further notice

to the Castillo Putative Class should be required.[10]

## **Jurisdiction**

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Facts Relevant to the Castillo Putative Class Claim**

**A.      The Class Action**

9.      Prior to the commencement of these chapter 11 cases, Old GM and the Castillo

Plaintiffs entered into the Stipulation of Settlement resolving all claims alleged in the Class

Action against Old GM by the Castillo Plaintiffs, on behalf of the Castillo Putative Class, which

was defined to consist of the following:

> [A]ll persons who are residents of the United States who as of the
> date of entry of the Preliminary Approval Order (as defined in
> paragraph 5 below) own or have owned a Class Vehicle
> (as defined in paragraph 3 below) except that the Class shall
> exclude (i) any person, firm, trust, corporation, or other entity that

---

[10]The GUC Trust does not seek to expunge the named Castillo Plaintiffs' Individual Claims.

US_ACTIVE:\44079445\12\72240.0639

purchased Class Vehicles from GM, or any entity related or affiliated with GM, for resale or fleet purposes (including without limitation any authorized Saturn Retailer) and (ii) any person who has instituted an action for damages for property damage or personal injury against GM in connection with a VTi transmission.

"Class Vehicles" and "Vehicles": mean 2002-2005 model year Saturn VUEs equipped with VTi transmissions and 2003 through 2004 model year Saturn IONs equipped with VTi transmissions. ("**Class Vehicles**").

(*See* Stipulation of Settlement § II, ¶¶ 2-3 (Ex. B).)

10.    The Stipulation of Settlement resolved all claims purportedly arising from the malfunction and failure of certain VTi transmissions in Class Vehicles.[11]  (*See* Stipulation of Facts ¶ 5 (Ex. I).)  In the Stipulation of Settlement, Old GM agreed to reimburse members of the class for certain out-of-pocket expenses and losses relating to the alleged premature failure of certain Saturn VTi transmissions,[12] and the Castillo Plaintiffs released all causes of action against Old GM on behalf of the Castillo Putative Class and its successors for, among other things, "the operation, design, durability, reliability, repair, value or performance of VTi transmission in Class Vehicles."  (*See* Stipulation of Settlement § II, ¶¶ 14-15 (Ex. B).)  Old GM further agreed not to oppose a total and all-inclusive award of attorneys' fees and expenses not to exceed $4,425,000.  (*See* Stipulation of Settlement at §III, ¶ 7 (Ex. B).)

---

[11]Old GM sold 83,718 Saturn vehicles with continuously variable transmissions, known as VTi transmissions, to customers in the United States.  Those Saturn vehicles spanned the 2002 through 2005 model years and included the Vue and Ion models.  (*See* Stipulation of Facts ¶ 3 (Ex. I).)

[12]Pursuant to the Stipulation of Settlement, members of the Castillo Putative Class were eligible for reimbursement for certain out-of-pocket expenses and losses relating to the VTi transmissions of Class Vehicles, including costs to inspect, repair, and/or replace the transmission, costs to rent a replacement vehicle, costs to tow or transport the Class Vehicle, and documented expenses relating to trade-in of the Class Vehicle, if incurred within a certain timeline.  (*See* Stipulation of Settlement § III, ¶ 1(Ex. B).)  Past reimbursable expenses for repair/towing/rental costs were payable subject to certain limitations and were permitted until one year after the Effective Date of the Stipulation of Settlement.  (*See id.* § III, A (Ex. B).)  Past trade-in claims were payable subject to certain limitations and were permitted up until one year after the Effective Date of the settlement.  (*See id.* § III, B (Ex. B).)  Future expenses were payable subject to certain limitations and were permitted up until certain dates set forth in the Stipulation of Settlement (the latest of which was January 1, 2012).  (*See id.* § III, C (Ex. B).)

11

11.     Beginning on January 9, 2009, the Notice approved by the California Court was mailed to over 149,000 putative class members who currently owned or had owned a Class Vehicle.  (*See* Stipulation of Facts ¶ 6 (Ex. I); Decl. of Bruce LeFevre and annexed Notice (Ex. D).)  In conjunction with the Notice, in order to provide additional information about the Class Action and Stipulation of Settlement to the Castillo Putative Class, Class Counsel purchased a separate phone number, established a dedicated email address, and created a special page on Class Counsel's website.  (*See* Snapshots from Class Counsel's Website (Ex. H); Stipulation of Facts ¶ 7 (Ex. I).)  Class Counsel also hired additional personnel to respond to inquiries by the Castillo Putative Class.  (*See id.* (Ex. H); *id.* (Ex. I).)

12.     The California Court entered the Final Judgment approving the Stipulation of Settlement and certifying the Castillo Putative Class on April 16, 2009.  (*See* Stipulation of Facts ¶ 8 (Ex. I); Final Judgment (Ex. E).)

**B.      Compensation Already Received by the Castillo Putative Class**

13.     Even before the Castillo Plaintiffs filed the Class Action, Old GM issued Special Policies 04020 and 04020A, voluntarily extending warranty coverage for the VTi transmission in Class Vehicles from the original three year, 36,000 mile warranty period, which promised to "at no cost, correct any vehicle defect related to materials or workmanship within the warranty period," to a warranty period of five years or 75,000 miles (the "**Extended Warranty**").  (*See* Special Policies 04020 and 04020A, annexed hereto as **Exhibit "K;"** *See* Stipulation of Facts ¶ 1 (Ex. I).)  Later, on February 3, 2009, in anticipation of the implementation of the Stipulation of Settlement and as a gesture to increase customer goodwill, Old GM issued GM Administrative Message G_0000020717, which instructed its authorized dealers to follow the terms of the Stipulation of Settlement "without the delay in waiting for ultimate final settlement approval."

12

(*See* GM Administrative Message G_0000020717, annexed hereto as **Exhibit "F"** ("Please continue to immediately evaluate and process all current vehicle repairs and owner reimbursement requests for previous VTi related concerns in line with these criteria until further notice."); Stipulation of Facts ¶ 9 (Ex. I).)  Thereafter, Old GM began to offer reimbursement for repairs to Class Vehicles under the terms of the Stipulation of Settlement (the "**Reimbursement Program**"), and Class Counsel forwarded all inquiries to the GM Customer Assistance Center to resolve warranty issues in Class Vehicles (while continuing to answer questions from individual class members).  (*See* Stipulation of Facts ¶ 9 (Ex. I).)

14.      On June 1, 2009, the Debtors commenced these chapter 11 cases.  Old GM continued to make repairs to Class Vehicles, both pursuant to the Extended Warranty and under the Reimbursement Program, during the early stages of these chapter 11 cases, until after the time that Old GM conducted a sale (the "**363 Sale**") of substantially all of its assets to New GM.[13]  (*See* Stipulation of Facts ¶ 12 (Ex. I).)  From approximately February 3, 2009 through July 9, 2009, Old GM paid $14,813,016.66 to process 4,218 claims made by Castillo Putative Class members for Class Vehicle repairs as provided for in the Stipulation of Settlement and Final Judgment.[14]  (*See* Stipulation of Facts ¶ 13 (Ex. I).)

15.      On July 10, 2009, Old GM sold substantially all of its assets and transferred certain liabilities to New GM pursuant to the 363 Sale.  (*See* Stipulation of Facts ¶ 14 (Ex. I).)

---

[13]On July 5, 2009, this Court entered the Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO., Inc., A U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief (the "**363 Sale Order**").  (*See* 363 Sale Order [Docket No. 2968].)

[14]Pursuant to the Stipulation of Settlement, the latest date on which certain expenses were reimbursable occurred on January 1, 2012, and claims based on those expenses were required to be submitted before March 2012.  (*See* Stipulation of Settlement § III, ¶1 C (Ex. B).)  Accordingly, any Castillo Putative Class member wishing to make a claim pursuant to the Stipulation of Settlement would have been required to do so prior to March 2012.

US_ACTIVE:\44079445\12\72240.0639

Following the 363 Sale, New GM continued Old GM's voluntary Reimbursement Program until

approximately September 28, 2009, providing approximately $5,857,133 in reimbursement

payments to process 1,636 claims made by members of the Castillo Putative Class as provided

for in the Stipulation of Settlement.  (*See* Stipulation of Facts ¶¶ 18, 20 (Ex. I).)  As of

September 28, 2009, Old GM and New GM collectively had expended approximately

$21 million on account of repair costs associated with Class Vehicles.  (*See* Stipulation of Facts ¶

21 (Ex. I).)

16.    On September 29, 2009, New GM discontinued the Reimbursement Program and

reverted back to the Extended Warranty Program.  (*See* Saturn VTi Transmission Settlement

Clarification, annexed hereto as **Exhibit "L;"** Stipulation of Facts ¶ 19 (Ex. I).)  Following New

GM's discontinuation of the Reimbursement Program, on November 5, 2009, New GM issued

Special Policy 09280.  (*See* Special Policy 09280, annexed hereto as **Exhibit "M;"** Stipulation

of Facts ¶ 22 (Ex. I).)  Special Policy 09280 instituted a "Special Reimbursement Policy," under

which New GM agreed to either reimburse customers for 50 percent of eligible VTi transmission

repair costs incurred within eight years or 100,000 miles of the purchase of a Class Vehicle, or to

give customers a $5,000 trade-in credit towards the purchase of a New GM vehicle (the "**Special**

**Reimbursement Policy**," and together with the Reimbursement Program, the "**Goodwill**

**Programs**").  (*See id.* (Ex. M); *id.* (Ex. I).)  According to New GM's estimate, New GM mailed

the Special Reimbursement Policy to approximately 150,000 members of the Castillo Putative

Class.  (*See* Stipulation of Facts ¶ 23 (Ex. I).)  From roughly November 9, 2009 through May 1,

2012, New GM issued approximately $8,712,642.04 worth of trade-in vouchers to 1,766 Castillo

Putative Class members and provided 3,233 Castillo Putative Class members with approximately

$6,806,034.16 in reimbursement payments for repairs made to Class Vehicles under the Special

14

Reimbursement Policy.  (*See* Stipulation of Facts ¶ 24 (Ex. I).)  **The Special Reimbursement Policy instituted by New GM remains ongoing for Class Vehicles that have not reached 100,000 miles or the expiration of eight years from the date of sale.**  (*See* Stipulation of Facts ¶ 25 (Ex. I).)  Of particular note, even at reduced compensation levels, New GM provided and, in some cases, continues to provide greater compensation to eligible Castillo Putative Class members than that which can be achieved under the Plan.

17.     Following the Commencement Date, Class Counsel updated its website to include copies of the Bankruptcy Claim Form, Instructions for Filling Out Bankruptcy Claim Form, and Attachment A to Bankruptcy Claim Form.  (*See* Stipulation of Facts ¶ 15 (Ex. I); Snapshots from Class Counsel's Website, annexed hereto as **Exhibit "H."**)  In total, twenty-four Individual Claims based on the Class Action were filed in these chapter 11 proceedings.

18.     **In total, from February 3, 2009 through May 1, 2012, the Goodwill Programs have provided approximately $36,188,826.23 in compensation to members of the Castillo Putative Class.**  (*See* Stipulation of Facts ¶ 18 (Ex. I).)

19.     The timeline below illustrates the compensation and notice provided to the Castillo Putative Class.

15



### C.    The Bar Date Order

20.    On September 16, 2009, this Court entered the Bar Date Order which, among

other things, established November 30, 2009 as the Bar Date and set forth procedures for filing

proofs of claims.  The Bar Date Order requires, among other things, that a proof of claim must

*"set forth with specificity"* the legal and factual basis for the alleged claim and include

supporting documentation or an explanation as to why such documentation is not available.

(Bar Date Order at 2 [Docket No. 4079].)

### D.    The Castillo Putative Class Claim

US_ACTIVE:\44079445\12\72240.0639

21.    On March 14, 2011, the Castillo Putative Class Claim was filed by Mark L.

Brown, Esq., as Class Counsel on behalf of the Castillo Putative Class.  (*See* Stipulation of Facts

¶ 16 (Ex. I); Castillo Putative Class Claim at 1 (Ex. A).)

### E.    The Attorneys' Fees and Expenses Claim

22.    Also on March 14, 2011, Class Counsel filed the Attorneys' Fees and Expenses

Claim based on the award of attorneys' fees and expenses not to exceed $4,425,000 as provided

for in the Stipulation of Settlement and Final Judgment.  (*See* Stipulation of Settlement at §III, ¶

7 (Ex. B); Castillo Attorneys' Fees and Expenses Claim (Ex. J).)  Consistent with the GUC

Trust's view that the Castillo Putative Class has received substantial compensation under the

Stipulation of Settlement, as further discussed herein, the GUC Trust intends to allow the

Attorneys' Fees and Expenses Claim in the filed amount of $4,425,000 pursuant to its authority

under the Plan.  (*See* Findings of Fact, Conclusions of Law, and Order Pursuant to Sections

1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy

Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan ¶ 31 [Docket No.

9941]).

### F.    The Castillo Putative Class Claim Should Be Disallowed and Expunged

23.    The Castillo Putative Class Claim should be expunged for two reasons.  First, all

individual members of the Castillo Putative Class have received extensive notice of the

bankruptcy and Goodwill Programs and have had multiple opportunities to be reimbursed by Old

GM or New GM.  In fact, Castillo Putative Class members' last opportunity to assert a claim

under the Stipulation of Settlement would have expired on January 1, 2012.  (*See* Stipulation of

Settlement § III, C (Ex. B).)  Members of the Castillo Putative Class should not be able to

receive yet another chance to obtain compensation now—after the Bar Date.  Second, to the

17

extent the Court were to permit such individual members of the Castillo Putative Class to obtain

relief after the Bar Date, a class claim is not the appropriate mechanism for recovery now.

Material differences in the status of Castillo Putative Class members' claims for reimbursement

exist such that class treatment is no longer appropriate.

## I.    Members of the Castillo Putative Class Are Estopped from Obtaining Class Relief Now After the Bar Date

24.    One of the principal goals of the Bankruptcy Code is to ensure that creditors of

equal rank receive equal treatment in the distribution of a debtor's assets.  The Bankruptcy Code

and Bankruptcy Rules, therefore, require creditors to file proofs of claim before a bar date.

*See* 11 U.S.C. § 502(b)(9); Fed. R. Bankr. P. 3003(c)(3).  Regardless of how worthy their claims

may be, claimants who fail to file before an applicable bar date "shall not be treated as a creditor

with respect to such claim for the purposes of voting and distribution."  Fed. R. Bankr. P.

3003(c)(2).  These same procedural hurdles must be met by all creditors.

25.    At this juncture, the members of the Castillo Putative Class have received three

separate forms of notice—the Notice of the Stipulation of Settlement, notice of the Special

Reimbursement Policy from New GM, and notice of the Bar Date Order—and have been

compensated under various reimbursement programs by both Old GM and New GM.  Indeed,

thousands of members of the Castillo Putative Class have already pursued various avenues for

reimbursement under the Goodwill Programs.

26.    **Notice of the Stipulation of Settlement.**  The Castillo Putative Class received

extensive notice in connection with the Stipulation of Settlement and the Goodwill Programs.

Notice of the Stipulation of Settlement was mailed to over 149,000 members of the Castillo

Putative Class who currently owned or had owned a Class Vehicle.  (*See* Stipulation of Facts ¶ 6

18

(Ex. I); Decl. of Bruce LeFevre and annexed Notice (Ex. D).)  In conjunction with the Notice,

Class Counsel purchased a separate phone number, established a dedicated email address, and

created a special page on its website to communicate with and provide information to the

Castillo Putative Class.  (*See* Stipulation of Facts ¶ 7 (Ex. I).)  In addition, Class Counsel hired

additional personnel to respond to inquiries by the Castillo Putative Class.  (*See id.* (Ex. I).)  On

its website, Class Counsel posted updates of all occurrences in the Class Action.  To date, at least

5,000 members of the Castillo Putative Class have contacted Class Counsel and the website has

had roughly 47,296 visits to the Castillo-related content.  (*See id.* (Ex. I).)

27.  **Bar Date Notice.**  The members of the Castillo Putative Class also received

proper notice of the Debtors' chapter 11 cases and the Bar Date in accordance with the

provisions of the Bar Date Order.  At great expense to their estates, the Debtors published notice

of the Bar Date nationwide in *The Wall Street Journal* (Global Edition – North America, Europe,

and Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National),

*Detroit Free Press, Detroit News, LeJournal de Montreal* (French), *Montreal Gazette* (English),

*The Globe and Mail* (Canada), and *The National Post*.  (*See* Bar Date Order at 7 [Docket No.

4079].)  Following the Commencement Date, Class Counsel updated its website to include

copies of the Bankruptcy Claim Form, Instructions for Filling Out Bankruptcy Claim Form, and

Attachment A to Bankruptcy Claim Form, informing members of the Castillo Putative Class as

to how to file individual claims in these chapter 11 cases.  (*See* Stipulation of Facts ¶ 15 (Ex. I);

Snapshots from Class Counsel's Website (Ex. H).)  Twenty-four members of the Castillo

Putative Class, including the Castillo Plaintiffs, filed the Individual Claims.

28.  **Special Reimbursement Policy Notice.**  Later, on November 5, 2009, when New

GM began its Special Reimbursement Policy, New GM mailed notice of this opportunity for

reimbursement to approximately 150,000 Castillo Putative Class members.  (*See* Special Policy

09280 (Ex. M); Stipulation of Facts ¶ 23 (Ex. I).)  From roughly November 9, 2009 through

May 1, 2012, New GM provided approximately $6,806,034.16 in reimbursement payments for

repairs made to Class Vehicles under the Special Reimbursement Policy and approximately

$8,712,642.04 worth of trade-in vouchers to Castillo Putative Class members.  (*See* Stipulation

of Facts ¶ 24 (Ex. I).)  The Special Reimbursement Policy instituted by New GM remains

ongoing for Class Vehicles that have not reached 100,000 miles or the expiration of eight years

from the date of sale.  (*See* Stipulation of Facts ¶ 25 (Ex. I).)

        29.     Because the Castillo Putative Class received extensive notice and substantial

compensation, it would be unfair and unnecessary to permit members of the Castillo Putative

Class to proceed on a class basis now after the Bar Date.  This would effectively extend the Bar

Date for a particular sub-group of general unsecured creditors, many of whom have already been

compensated, and none of whom are entitled to special treatment under the Bankruptcy Code.

The Castillo Putative Class members have had ample opportunity to obtain compensation

through the various Goodwill Programs or by filing claims in this bankruptcy, and no additional

recovery should be permitted.

**II.     Application of Bankruptcy Rule 7023 to a Class Proof of Claim Is Discretionary and
        Should Be Denied in This Case**

        30.     Even if the Castillo Putative Class were not estopped from recovering, Rule 23

treatment would not be appropriate for this now disparate group.  The fact that thousands of

members of the Castillo Putative Class have been compensated results in a failure to satisfy Rule

23.

20

31.    There is no absolute right to file a class proof of claim under the Bankruptcy Code.  *See In re Blockbuster Inc.*, 441 B.R. 239, 240 (Bankr. S.D.N.Y. 2011); *In re Bally Total Fitness of Greater N.Y., Inc.*, 402 B.R. 616, 619 (Bankr. S.D.N.Y.), *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009); *In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) (class action device should be used sparingly in bankruptcy).  Application of Bankruptcy Rule 7023 to class proofs of claim[15] lies within the ***sound discretion*** of the court.[16]  In determining whether to exercise discretion and permit a class proof of claim, courts primarily look at (i) whether the class claimant moved to extend the application of Rule 23 to its proof of claim; (ii) whether the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy; and (iii) whether the requirements of Rule 23 are satisfied.  *See In re Blockbuster Inc.*, 441 B.R. at 241; *In re Bally Total Fitness*, 402 B.R. at 620; *In re Woodward*,

---

[15]Part VII of the Bankruptcy Rules, which includes Bankruptcy Rule 7023, only applies to adversary proceedings. *See* Fed. R. Bankr. P. 7001.  Bankruptcy Rule 9014, however, adopts certain of the rules from Part VII for application in contested matters.  Bankruptcy Rule 7023 is not among them.  *See* Fed. R. Bankr. P. 9014.  Thus, plaintiffs seeking the application of Bankruptcy Rule 7023 (and by implication, Rule 23) to a class proof of claim are required to *move* under Bankruptcy Rule 9014 for a court to apply "the rules in Part VII."  Fed. R. Bankr. P. 9014; *accord In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997) ("[f]or a Class Claim to proceed . . . the bankruptcy court must direct Rule 23 to apply").  *See, e.g., Reid v. White Motor Corp.*, 886 F.2d 1462, 1470 (6th Cir. 1989), *cert. denied*, 494 U.S. 1080 (1990); *In re Charter Co.*, 876 F.2d 866, 876 (11th Cir. 1989), *cert. dismissed*, 496 U.S. 944 (1990) (proof of claim filed on behalf of class of claimants is valid, but that "does not mean that the appellants may proceed, without more, to represent a class in their bankruptcy action. Under the bankruptcy posture of this case, Bankruptcy Rule 7023 and class action procedures are applied at the discretion of the bankruptcy judge.").

[16]*See, e.g., In re Blockbuster Inc.*, 441 B.R. at 241("[A] bankruptcy court may, in its discretion, allow the filing of class proofs of claim . . . ."); *In re Bally Total Fitness*, 402 B.R. at 620 ("[C]ourts may exercise their discretion to extend Rule 23 to allow the filing of a class proof of claim."); *In re Thomson McKinnon Sec. Inc.*, 133 B.R. 39, 40 (Bankr. S.D.N.Y. 1991) (Bankruptcy Rule 7023 and Rule 23 "give the court substantial discretion to consider the benefits and costs of class litigation") (citing *In re Am. Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988)), *aff'd*, 141 B.R. 31 (S.D.N.Y. 1992); *accord In re United Cos. Fin. Corp.*, 277 B.R. 596, 601 (Bankr. D. Del. 2002) ("Whether to certify a class claim is within the discretion of the bankruptcy court."); *In re Kaiser Group Int'l, Inc.*, 278 B.R. 58, 62 (Bankr. D. Del. 2002) (same); *Reid*, 886 F.2d at 1469-70 (stating that "Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed. R. Civ. P. 23, the class action rule, to 'any stage' in contested matters, including, class proofs of claim."); *In re Charter Co.*, 876 F.2d at 876 ("[u]nder the bankruptcy posture of this case Bankruptcy Rule 7023 and class action procedures are applied at the discretion of the bankruptcy judge.").

21

205 B.R. at 369; *see also In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005) ("In

exercising that discretion, the bankruptcy court first decides under Rule 9014 whether or not to

apply Rule 23, Fed. R. Civ. P., to a 'contested matter,' *i.e.*, the purported class claim; if and only

if the court decides to apply Rule 23, does it then determine whether the requirements of Rule 23

are satisfied.").

32.    When evaluating these requirements, courts have considered a variety of factors,

including, *inter alia*:

- ***whether claimants are in "compliance with the Bankruptcy
  procedures regulating the filing of class proofs of claim in a
  bankruptcy case,"*** *see, e.g., In re Thomson*, 133 B.R. at 41 (disallowing
  class proof of claim where named plaintiff failed to file a Rule 9014
  motion requesting that Rule 7023 apply);

- ***whether the entertainment of class claims would subject the
  administration of the bankruptcy case to undue delay****, see, e.g., In re
  Ephedra Prods. Liab. Litig., 329 B.R. at 5* ("[A] court sitting in
  bankruptcy may decline to apply Rule 23 if doing so would . . . 'gum
  up the works' of distributing the estate.");

- ***whether the debtor intends to liquidate****, see In re Thomson*, 133 B.R. at
  41 (noting that context of liquidating chapter 11 plan supports rejection
  of class proofs of claim);

- ***whether the class claim device will result in "increased efficiency,
  compensation to injured parties, and deterrence of future wrongdoing
  by the debtor,"*** *see In re Woodward*, 205 B.R. at 376 (emphasis added
  and internal citations omitted); *accord In re Thomson*, 133 B.R. at 40
  ("Manifestly, the bankruptcy court's control of the debtor's affairs
  might make class certification unnecessary.");

- ***whether or not adequate notice of the bar date was afforded to
  potential class members****, see In re Jamesway Corp.*, No. 95 B 44821
  (JLG), 1997 WL 327105, at *10 (Bankr. S.D.N.Y. June 12, 1997)
  (refusing to certify class where adequate notice of bar date was
  afforded to potential class members, and thus to certify class would be
  "unwarranted, unfair, and possibly violate the due process rights of
  other creditors") (internal quotations omitted); and

22

- ***whether or not a purported class was previously certified***, *see, e.g.*, *In re Bally Total Fitness*, 402 B.R. at 620 (refusing to allow class proof of claim where class was not certified pre-petition); *but see In re Ephedra Products Liab. Litig.*, 329 B.R. at 5 (denying certification to previously certified class); *In re Computer Learning Ctrs., Inc.*, 344 B.R. 79, 93-94 (Bankr. E.D.Va. 2006) (finding that state court's pre-filing certification was not binding on bankruptcy court); *In re Zenith Labs., Inc.*, 104 B.R. 659, 664 (D.N.J. 1989) (even where non-bankruptcy court has certified class, "there may be other factors in the bankruptcy proceeding that make class certification there less than compelling and it may be possible that a different result might be appropriate").

"If application of Bankruptcy Rule 7023 is rejected by the bankruptcy court in an exercise of discretion . . . the result will be that class claims will be denied and expunged." *In re Thomson*, 133 B.R. at 40-41. As set forth below, the Court should exercise its discretion to reject the application of Bankruptcy Rule 7023 and to disallow the Castillo Putative Class Claim.

### A.        The Castillo Plaintiffs Failed to Comply with Bankruptcy Rule 9014

33.        A plaintiff who seeks to bring a class proof of claim must comply with the applicable procedural requirements. *See, e.g.*, *In re Am. Reserve Corp.*, 840 F.2d at 494 (noting the applicability of Bankruptcy Rule 9014 and its procedural requirements); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 6-7 (same). These procedural requirements are not complicated. Because a claim "cannot be allowed as a class claim until the bankruptcy court directs that Rule 23 apply," the putative class representative must promptly file a motion with the bankruptcy court requesting the application of Rule 23. *In re Woodward*, 205 B.R. at 368, 370 ("Rule 23 does not say who must make a timely motion, but the duty ordinarily falls on the proponent of the class action.").

34.        The requirement that a class claimant timely move under Bankruptcy Rule 9014 to incorporate Rule 23 is intended to protect a debtor's estate from undue delay of the debtor's plan process. *See In re Thomson McKinnon Sec., Inc.*, 150 B.R. 98, 101 (Bankr. S.D.N.Y. 1992)

23

In *In re Woodward*, the court found that it would be an abuse of discretion to allow the putative

class representative to move for class certification post-confirmation, reasoning that a lengthy

certification battle post-confirmation could delay the administration and distribution of the

bankruptcy estate and prejudice other creditors of the estate.  *See In re Woodward*, 205 B.R. at

370; *see also In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 5 (disallowing class products liability

claim because "it is simply too late in the administration of this Chapter 11 case to ask the Court

to apply Rule 23 to class proofs of claim.").  Here, more than three years after the

Commencement Date, nearly three years after the Bar Date, and over a year after the effective

date of the Debtors' Plan, the Castillo Plaintiffs *still* have not sought the permission of this Court

to file a class proof of claim, nor have they moved for certification of the class.

35.    This Court has already confirmed the Debtors' Plan, and its effective date was

March 31, 2011.  If allowed to proceed, the Castillo Putative Class Claim would unduly delay

the administration and distribution of the Debtors' estates under their confirmed Plan of

liquidation because the adjudication of the Castillo Putative Class Claim and its attendant class-

certification issues, coupled with the administration process that would be required were the

Castillo Putative Class Claim allowed, could take months or even years.[17]  *See In re Woodward*,

205 B.R. at 370-71; *In re Sacred Heart Hosp. of Norristown*, 177 B.R. at 24 (disallowing class

claim where allowance would cause "very substantial and apparently unwarranted disruption to

the administration of the Debtor's bankruptcy case, in which there is presently a plan before us

for imminent confirmation"); *In re Musicland Holding Corp.*, 362 B.R. 644, 656 (Bankr.

S.D.N.Y. 2007) (Bernstein, J.) (refusing to allow class claim where it would "seriously delay the

---

[17]Here, not only would the Castillo Putative Class require yet another notice, the GUC Trust would also be required
to determine which class members had already received consideration and thus are not eligible for class relief.  This
would be administratively burdensome and impracticable.

administration of the case" because debtors had already filed confirmation motion and court had

approved disclosure statement); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 5 (disallowing

class claim where liquidating plan was already submitted and "[a]pplying Rule 23 to class claims

now would initiate protracted litigation that might delay distribution of the estate for years"); *see*

*also In re Tronox Inc.*, No. 09-10156 (ALG), 2010 WL 1849394, at *3 (Bankr. S.D.N.Y. Mar. 6,

2010) (Gropper, J.) (refusing to enlarge time to file class proof of claim where such claim could

"likely result in substantial delay and expense and compromise the parties' efforts to formulate a

plan on the present timeline"). In light of the fact that the Debtors' Plan was confirmed more

than a year ago and the GUC Trust has now distributed more than 80% of the available New GM

Stock and Warrants to the benefit of unsecured creditors, this Court should enforce these

procedural requirements and disallow the Castillo Putative Class Claim. *See, e.g.*, *In re*

*Woodward*, 205 B.R. at 369-71; *In re Thomson*, 150 B.R. at 100-01; *In re Thomson*, 133 B.R. at

41; *In re Zenith Labs., Inc.*, 104 B.R. at 664; *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 6-7.

### B. Allowing the Castillo Putative Class Claim to Proceed as a Class Action Would Not Be Effective or Efficient

36.     For a class action to proceed, "the benefits that generally support class

certification in civil litigation must be realizable in the bankruptcy case." *In re Woodward*,

205 B.R. at 369 (citing *In re Mortg. & Realty Trust*, 125 B.R. 575, 580 (Bankr. C.D. Cal. 1991)).

The Castillo Putative Class Claim does not provide for the most effective or efficient means of

determining the rights of the members of the Castillo Putative Class. The Castillo Putative Class

includes thousands of class members who are not entitled to receive reimbursement pursuant to

the Stipulation of Settlement. Class treatment is not the most effective or efficient means of

determining the rights of the Castillo Putative Class. Instead, the Castillo Putative Class had

25

numerous opportunities to participate in reimbursement programs.  Thousands of members did

participate, and roughly $37 million in compensation was provided.  (*See* Stipulation of Facts ¶

26 (Ex. I).)  Indeed, certain members of the Castillo Putative Class can *still* obtain such relief

directly from New GM today beyond the deadline for submitting a claim under the Stipulation of

Settlement.  (*See* Stipulation of Facts ¶ 25 (Ex. I).)

37.     Further, in general, the Bankruptcy Code and Bankruptcy Rules can provide the

same benefits and serve the same purposes as class action procedures in normal civil litigation.

*See In re Woodward*, 205 B.R. at 376 ("A bankruptcy proceeding offers the same procedural

advantages as the class action because it concentrates all the disputes in one forum") (citing *In re*

*Am. Reserve Corp.*, 840 F. 2d at 489-90); 6 Herbert Newberg & Alba Conte, *Newberg on Class*

*Actions* Ch. 20 (Class Actions Under the Bankruptcy Laws) § 20:1 at 265 (4th ed. 2002)

(commenting that "bankruptcy proceedings are already capable of handling group claims, which

operate essentially as statutory class actions"); *see also In re Standard Metals Corp.*, 817 F.2d

625, 632 (10th Cir.), *reh'g granted*, 839 F.2d 1383 (10th Cir. 1987), *cert. dismissed*, 488 U.S.

881 (1988).  Although members of the Castillo Putative Class can no longer file their claims

because the Bar Date has passed, they had ample notice of the Bar Date though publication

notice as well as through Class Counsel and a fair opportunity to take advantage of these

bankruptcy procedures.  Indeed, twenty-four members of the Castillo Putative Class filed the

Individual Claims based on the Stipulation of Settlement.

38.     Third, the bankruptcy claims process is, in some respects, *superior* to class action

procedures.  As the court observed in *In re Woodward*:

> [W]hile the class action ordinarily provides compensation that
> cannot otherwise be achieved by aggregating small claims, the
> bankruptcy creditor can, with a minimum of effort, file a proof of

26

> claim and participate in distributions. In addition, there may be little economic justification to object to a modest claim, even where grounds exist. Hence, a creditor holding such a claim may not have to do anything more to prove his case or vindicate his rights.

205 B.R. at 376 (citations omitted). Here, Old GM and New GM's combined efforts via the Goodwill Programs distributed approximately $37 million dollars to Castillo Putative Class members. As a result, there is no reason to believe that a significant number of additional Castillo Putative Class members would file claims if given a *second* opportunity to do so via the class action notice process. In any event, the GUC Trust should not be forced to pay for the cost of any additional notice.

39.    The fact that the Debtors' confirmed Plan is a plan of liquidation lends further support for denying allowance of the Castillo Putative Class Claim in these chapter 11 cases. *See In re Thomson*, 133 B.R. at 41. "The costs and delay associated with class actions are not compatible with liquidation cases where the need for expeditious administration of assets is paramount so that all creditors, including those not within the class, may receive a distribution as soon as possible." *Id.* "Creditors who are not involved in class litigation should not have to wait for the payment of their distributive liquidated share while the class action grinds on." *Id.* Due to the limited assets of the Debtors, the magnitude of the Castillo Putative Class Claim, and without knowing the identity of Castillo Putative Class members or the merit of any additional claims held by purported members of the Castillo Putative Class, the Castillo Putative Class Claim could, at a minimum, delay distributions to other creditors for several months. The Debtors' remaining creditors should not be forced to wait for distributions while claim forms are mailed and submitted, particularly given the substantial number of class members who have already been compensated.

US_ACTIVE:\44079445\12\72240.0639

40.     The facts of the instant case are similar to the facts of *In re Woodward*, where the court exercised its discretion to deny the class claim, finding that "the class claim will not deter an insolvent, non-operating debtor's management or shareholders, or induce them to police future conduct [where] . . . the debtor has . . . a liquidating plan that wipes out equity.  The managers have moved on to other jobs—the debtor has closed its doors—and the prosecution of the class action will [ ] not affect how they act in the future."  205 B.R. at 376.  Here, the Debtors have discontinued the manufacture and sale of the Class Vehicles and have subsequently sold substantially all their assets.  The Debtors are no longer operating a business, and a class claim is inappropriate in these liquidation proceedings.

**C.     The Castillo Putative Class Claim Cannot Satisfy the Requirements of Rule 23**

41.     The Castillo Putative Class Claim also does not satisfy Rule 23 at this time.  To proceed as a class claim, the Castillo Putative Class Claim must meet all four requirements of subsection (a) of Rule 23, as made applicable to bankruptcy cases by Bankruptcy Rule 7023.  *See Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002); s*ee also In re Woodward*, 205 B.R. at 371.  Rule 23(a) provides:

> Prerequisites to Class Action.  One or more members of a class may sue or be sued as representative parties on behalf of all only if:
>
> (1)     the class is so numerous that joinder of all members is impracticable;
>
> (2)     there are questions of law or fact common to the class;
>
> (3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

28

42.     In addition, to proceed as a class claim, the Castillo Putative Class must satisfy subsection (b)(3) of Rule 23, as the Castillo Putative Class Claim seeks monetary damages.  *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993).  (*See* Second Am. Class Action Compl. ¶¶ 91, 100, 108 (Ex. C).)  For purposes of this objection, Rule 23(b)(3) provides in relevant part:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

43.     As set forth below, numerous individual issues of fact would predominate over any common questions in the Castillo Putative Class because a substantial portion of the Castillo Putative Class has already been compensated.  Further, the proposed definition of the Castillo Putative Class is overbroad because it includes many persons who have now already been compensated and have no valid claim, and it is not administratively practical to identify the members of the Castillo Putative Class at this late stage in the liquidation process.  Moreover, class treatment is simply not efficient or superior in these circumstances.  As discussed below, the Castillo Putative Class Claim raises a host of individual issues of fact regarding each putative class member's right to recovery.  These individual issues would require individual inquiries into each class member's right to relief, a result that defeats the purpose of the class action vehicle and requires the denial of class certification.

1.     Numerous Individual Issues Predominate over Any Common Questions

44.     Courts routinely deny certification where "individualized issues of fact abound." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* 209 F.R.D. 323, 349 (S.D.N.Y.

29

2002); *see also In re Worldcom, Inc.*, 343 B.R. 412, 427 n.26 (Bankr. S.D.N.Y. 2006) ("the need to evaluate factual differences along with divergent legal issues defeats the predominance requirement under Rule 23(b)(3)") (internal quotes and citations omitted).  Here, while the Castillo Putative Class *may once* have been appropriate for class certification, the fact that numerous members of the Castillo Putative Class have now been reimbursed under the Goodwill Programs necessitates individual factual inquiries, defeating predominance.  Determination of whether each class member suffered "actual injury," would require individualized factual inquiries to address the issues of whether the allegedly defective transmission was already repaired or the class member was already reimbursed by Old GM or New GM.

45.    In *Clark v. Experian Info., Inc.*, a case in which the proposed class contained members who had (i) stopped their credit card payments to defendants and, therefore, had no damages, (ii) received a refund directly from defendants, or (iii) recovered via a settlement entered into between defendants and the FTC, the court found that individual questions predominated as to damages because the court would be required to calculate each potential class member's recovery.  *See Clark v. Experian Info., Inc.*, 233 F.R.D. 508, 511 (N.D. Ill. 2005) (finding that "Rule 23(b)(3)'s 'predominance inquiry is far more demanding than Rule 23(a)'s'") (citations omitted), *aff'd*, 256 F. App'x 818 (7th Cir. 2007).  Similarly here, the Court would have to engage in an individualized damage inquiry because, as defined, the Castillo Putative Class includes thousands of class members who either are not entitled to receive reimbursement or have a substantially reduced claim.[18]  Thus, the Castillo Plaintiffs cannot meet their burden of

---

[18]The Castillo Putative Class members who received partial reimbursement under the Reimbursement Program also may not be entitled to any further reimbursement as they may have received all the reimbursement contemplated for their claim by the Stipulation of Settlement and more than they would have recovered under the Plan.

30

satisfying the predominance requirement, and the Castillo Putative Class fails to meet the

requirements of Rule 23.

> ### 2. The Castillo Plaintiffs Cannot Establish that a Class Action Is Superior to Other Available Methods for Fairly and Efficiently Adjudicating This Controversy

46.    In addition to the requirement that common questions of law or fact must

predominate over individual issues, the Castillo Plaintiffs must also establish "that a class action

is superior to other available methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b)(3).  The Castillo Plaintiffs cannot establish that a Class Action is superior

in this case.  *See*, *e.g.*, *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 9 (refusing to certify a class

that had been previously certified and finding that the "superiority of the class action vanishes

when the 'other available method' is bankruptcy, which consolidates all claims in one forum and

allows claimants to file proofs of claim without counsel and at virtually no cost.")

47.    In this case, numerous individualized inquiries preclude efficient adjudication.  As

discussed above, the Court would have to engage in an extensive analysis to ascertain the class,

as there is no reasonable process to quickly and efficiently identify members of the Castillo

Putative Class who still have claims for reimbursement.  *See, e.g., Berley v. Dreyfus Co.*, 43

F.R.D. 397, 398–99 (S.D.N.Y. 1967) (class action was not superior method to resolve

controversy when defendant offered a purchase price refund and class certification would

"needlessly replace [that] simple, amicable settlement procedure with complicated, protracted

litigation"); *Webb v. Carter's Inc.*, 272 F.R.D. 489, 504 (C.D. Cal. 2011) (finding class action

not superior where defendant already offering certain relief*); Clark*, 233 F.R.D. at 511-13

(individual inquiries predominate where court would "need to make individual determinations as

to damages because some potential class members have already received reimbursement"); *In re*

31

*Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 214 F.R.D. 614, 622 (W.D. Wash. 2003) (when

defendant offers a refund and reimbursement program "it makes little sense to certify a class

where a class mechanism is unnecessary to afford the class members redress").  These inquiries

could take, at a minimum, several months, delaying the recoveries of other unsecured creditors

and the final liquidation of the estate.

48.    Additionally, the Castillo Putative Class has been substantially compensated.  If

any uncompensated class members remain, they could easily have filed a proof of claim as did

the several claimants who filed the Individual Claims in this case, and they may still be able to

seek reimbursement under New GM's Special Reimbursement Policy.  In short, at this late date,

there can be no effective and efficient resolution of these issues by a class claim in these chapter

11 cases.  *See In re Woodward*, 205 B.R. at 370-71 (disallowing class claim where prosecuting

the class claim post-confirmation would result in a lengthy certification battle, delay the

administration and distribution of the estate, and prejudice the debtor's other creditors).  Given

that a class action is not manageable in this case, it is not superior to other available methods for

fairly and efficiently adjudicating the controversy, and the putative class cannot meet the

requirements of Rule 23.

US_ACTIVE:\44079445\12\72240.0639

3.      Neither "Commonality" nor "Typicality" Can Be Established by the
        Castillo Plaintiffs

49.     To proceed as a class claim, Rule 23(a)(2) and Rule 23(a)(3) require that the

putative class representatives also demonstrate commonality and typicality.  To establish

typicality, plaintiffs must show that they are situated similarly to all class members.[19]  The Court

cannot "presume" that plaintiffs' claims are typical of other claims.  *Gen. Tel. Co. of Sw. v.*

*Falcon*, 457 U.S. 147, 158, 160 (1982) ("actual, not presumed, conformance with Rule 23(a)

remains, however, indispensable").

50.     The Castillo Plaintiffs' claims are not typical of those of the putative class.  Each

Castillo Plaintiff's claim allegedly arises from VTi transmission problems in Class Vehicles that

the Castillo Plaintiffs purchased and operated, allegedly in reliance upon Old GM's

misrepresentations as to the standard and quality of the VTi transmission in such vehicles.

(*See* Second Am. Class Action Compl. ¶¶ 14-35 (Ex. C).)  Yet the putative class includes

members who have been compensated for such alleged VTi transmission problems, either fully

or in part, under the Extended Warranty and/or the Goodwill Programs.  At a minimum, the

differences in reimbursements received pursuant to the various Goodwill Programs and the

repairs made under the Extended Warranty would give rise to substantially different claims

among the putative class as well as between the Castillo Plaintiffs and the putative class.[20]

---

[19]*See Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (typicality "requires that the claims of the
class representative be typical of those of the class, and 'is satisfied when each class member's claim arises from the
same course of events, and each member makes similar arguments to prove the defendant's liability'") (quoting *In
re Drexel*, 960 F.2d at 291); *see, e.g.*, *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) ("The
typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs or defendants who
can advance the same factual and legal arguments may be grouped together as a class.").

[20]The Castillo Plaintiffs who filed an individual proof of claim in these chapter 11 cases presumably have not taken
advantage of the Extended Warranty and Goodwill Programs and, therefore, cannot represent Castillo Putative Class
members who have.  To the extent that any individual Castillo Plaintiff was fully compensated under the Extended
Warranty or Goodwill Programs, they no longer have a valid claim in these chapter 11 cases and, therefore, are not

US_ACTIVE:\44079445\12\72240.0639

4.      The Castillo Plaintiffs Are Not Adequate Representatives

51.     To establish that they will adequately represent the proposed class, the Castillo

Plaintiffs must have common interests with the unnamed members of the class, and it must

appear that the Castillo Plaintiffs will vigorously prosecute the interests of the class through

qualified counsel.  *See, e.g.*, *Edwards v. McCormick*, 196 F.R.D. 487, 495 (S.D. Ohio 2000).

However, without any idea as to whether class members have already received vehicle repairs

and/or reimbursements, a court cannot evaluate whether the Castillo Plaintiffs have a common

interest with unnamed class members, and any determination of adequate representation would

be purely speculative.  *Edwards*, 196 F.R.D. at 495.  The required elements that the plaintiffs

have "claims or defenses typical of the class" and that they can "adequately represent and protect

the interests of other members of the class" are intertwined:  "to be an adequate representative,

plaintiff must show that his claims are typical of the claims of the class."  *See, e.g., Caro v.

Procter & Gamble Co.*, 18 Cal. App. 4th 644, 669 (1993) (quoting *Stephens v. Montgomery

Ward*, 193 Cal. App. 3d 411, 422 (1987)).  As described above, there can be no "typical"

plaintiff and thus no adequate representative for the putative class as defined.

52.     Moreover, the burden to move expeditiously for class certification and

recognition within a bankruptcy proceeding, in compliance with Rule 23(c)(1), falls on the class

representative and "the class representative's failure to move for class certification is a strong

indication that he will not fairly and adequately represent the interests of the class."  *In re

Woodward*, 205 B.R. at 370.  Here, the Castillo Plaintiffs undoubtedly delayed in moving for

---

adequate representatives of the Castillo Putative Class.  *See Abla v. Brinker Rest. Corp.*, 279 F.R.D. 51, 56 (D.
Mass. 2011) (because sole remaining class representative had settled majority of his claims against defendant, this
was not adequate class representative under Rule 23(a)).

class treatment.  As the Castillo Putative Class fails to meet the requirements of Rule 23, the

Castillo Putative Class Claim should be disallowed.

### 5.    The Putative Class Is Not Sufficiently Ascertainable

53.    The purported class also suffers from lack of ascertainability at this stage in the

proceedings.  The class definition contained in the Final Judgment[21]—which would be measured

at the time *this Court* would apply Rule 23—would be overbroad.  As explained by one court:

> The class description must be sufficiently definite to permit the
> ascertainment of class members, and the description must not be so
> broad as to include individuals who are without standing to
> maintain the action on their own behalf.  Proper identification of
> the proposed class serves two purposes.  First, it alerts the court
> and parties to the potential burdens class certification may entail.
> In this way the court can decide whether the class device simply
> would be an inefficient way of trying the lawsuit for the parties as
> well as for its own congested docket.  Second, proper class
> identification insures that those individuals actually harmed by the
> defendant's wrongful conduct will be the recipients of the awarded
> relief.

*See Oshana v. Coca Cola Bottling Co.*, 225 F.R.D. 575, 580 (N.D. Ill. 2005) (citations omitted)

*aff'd*, 472 F.3d 506 (7th Cir. 2006), *cert. denied*, 551 U.S. 1115 (2007).  The ascertainability

---

[21]The California Court's Final Judgment entering the Stipulation of Settlement certified the following class:

> [A]ll residents of the United States who as of January 13, 2009, own or
> have owned model year 2002, 2003, 2004, or 2005 Saturn VUE or
> model year 2003 or 2004 Saturn ION equipped with a continuously
> variable VTi transmission ("Class Vehicle") excluding (i) any person,
> firm, trust, corporation, or other entity that purchased Class Vehicles
> from GM, or an entity related or affiliated with GM, for resale of fleet
> purposes (including without limitation any authorized Saturn Retailer)
> and (ii) any person who has instituted an action for damages for
> property damage or personal injury against GM related to the VTi
> transmissions of a Class Vehicle ("Class").  Excluded from the Class
> are members of a Subclass consisting of persons otherwise falling
> within this Class definition but (1) to whom notice of the Settlement
> inadvertently was not mailed prior to the Settlement Approval hearing
> and (2) who did not otherwise receive timely notice of the Settlement.

(See Final Judgment ¶ 1 (Ex. E).)

requirement is not met when "a court must come to numerous conclusions regarding class membership or adjudicate the underlying issues on behalf of each class member." *Edwards,* 196 F.R.D. at 493. In other words, a class definition fails if (1) it is overinclusive by including many persons without claims, or (2) it is not administratively feasible to identify the putative class members. *Id.*; *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006), *cert. denied*, 551 U.S. 1115 (2007); *Bachrach v. Chase Inv. Servs. Corp.*, No. 06-2785 (WJM), 2007 WL 3244186, at *2 (D.N.J. Nov. 1, 2007) ("Courts may deny certification where the proposed class includes many members without claims."); *Forman v. Data Transfer, Inc.,* 164 F.R.D. 400, 404-05 (E.D. Pa. 1995); *Commander Props. Corp. v. Beach Aircraft Corp.*, 164 F.R.D. 529, 539 (D. Kan. 1995).

### 6. The Class Definition Is Overinclusive

54. The class definition here is overinclusive now because it includes numerous persons without a viable claim against the Debtors. As discussed more fully above, both Old GM and New GM have already made repairs to many Class Vehicles or provided reimbursements under the Goodwill Programs. The Castillo Plaintiffs' proposed class definition nonetheless includes such individuals in the putative class who received repairs and/or reimbursement payments. However, owners of these vehicles either have no claim or have a reduced claim since their Class Vehicle's transmission was already repaired either free of charge, or at a reduced charge, or they were reimbursed for such repairs.[22] Accordingly, certain putative class members suffered no loss or damage with respect to a transmission repair, and, therefore, they have no claim. *See, e.g., Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 796 (N.J.

---

[22] Even if these individuals who have already received compensation have a claim, any claim they might assert is certainly different than the claims of a person whose vehicle experienced a defective transmission that was not repaired.

US_ACTIVE:\44079445\12\72240.0639

2005) (no loss to consumer when defect "is addressed by the manufacturer or dealer at no cost to

the purchaser pursuant to a warranty program").  Since the proposed class definition includes

numerous class members who could not state a viable claim, the definition is overbroad and the

Castillo Putative Class Claim should be disallowed.  *See Bachrach*, 2007 WL 3244186, at *2

("Courts may deny certification where the proposed class includes many members without

claims.").

<p style="text-align:center">7.     It Is Not Administratively Feasible to Identify Class Members</p>

55.     Inherent in Rule 23 is the requirement that a proposed class be identifiable or

ascertainable.  *See In re MTBE Prods. Liab. Litig.*, 209 F.R.D. at 336-37.  In other words, if class

members cannot be identified in a reasonable and administratively feasible manner, then the

class definition fails.  *See, e.g., id.* at 348 (identification of class members unmanageable where

multiple tests were necessary to determine if each potential class member's well was

contaminated); *Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980); *Commander Props.,* 164

F.R.D. at 541 (identification of class members presented serious management problems

precluding certification); *Ford Motor Co. v. Sheldon*, 22 S.W.3d 444, 455 (Tex. 2000)

(individual inquiry to determine membership in the class defeats any benefit of a class action).

Here, at this late stage of these chapter 11 cases, there is no reasonable process to quickly and

efficiently identify persons who, at the time they owned a class vehicle, experienced a VTi

transmission failure due to the alleged defect and have not yet received compensation under the

Goodwill Programs instituted by Old GM and/or New GM.  *See In re Vioxx Prods. Liab. Litig.*,

No. 05-1657, 2008 WL 4681368, at *9-10 (E.D. La. Oct. 21, 2008), *aff'd,* 300 F. App'x 261 (5th

Cir. 2008); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008); *Barasich v. Shell

Pipeline Co.*, No. Civ. A. 05-4180, 2008 WL 6468611, at *4 (E.D. La. June 19, 2008).

<p style="text-align:center">37</p>

56.    The only putative class members who can reasonably be identified are persons who (i) filed an individual complaint or proof of claim in these chapter 11 cases, (ii) obtained a warranty repair under the Extended Warranty, or (iii) obtained a reimbursement, voucher, or repair under the Goodwill Programs.[23]  Extensive and expensive fact finding would be necessary to determine the identities of any remaining Castillo Putative Class members who have not sought compensation despite the extensive notice provided.

57.    Any inquiry into the identities of additional Castillo Putative Class members could potentially take months, thereby draining the resources of the estate and delaying distributions to other unsecured creditors.  For example, even if inquiry was made of all current owners of Class Vehicles (which in and of itself is not reasonable), individualized proof would be required to establish the prior amount(s) had not previously been compensated and that a repair was made and not reimbursed.  Such individualized inquiries are not administratively feasible, especially considering the late stage of these chapter 11 cases.  The Debtors' other unsecured creditors should not be required to wait months and risk having their distributions reduced by a group of creditors who have had multiple other potential avenues for recovery and, in the case of most, have already been compensated.

58.    As noted in *Marlow v. American Suzuki Motor Corp.*:

> We can understand that discovery procedures might ascertain the existence of those who had filed suit or had made claims against American Suzuki, but the identification of those who had suffered injury but have not yet made claims is quite another matter. Obviously, notice to all class members 'who were injured during the operation of or while a passenger in a Suzuki Samurai

---

[23]Of course, for the reasons set forth above, Castillo Putative Class members who obtained warranty repairs or reimbursement payments as provided for in the Stipulation of Settlement cannot properly be included in the class since they have no viable claims.

38

> automobile . . . due to manufacturing or design defects' in the
> Samurai would be, to understate, a monumental task.

584 N.E.2d 345, 352-53 (Ill. App. Ct. 1991).  The same "monumental task" would be involved in

this case based on the proposed class definition, and therefore, the Castillo Putative Class Claim

should be expunged.

## III.    Conclusion

59.    All members of the Castillo Putative Class have received extensive notice of their

purported claims and have had multiple opportunities to be reimbursed by Old GM or New GM.

Members of the Castillo Putative Class should not be able to receive yet another chance to obtain

compensation now—after the Bar Date—through the certification of a class claim.  Moreover,

material differences in the status of Castillo Putative Class members' claims for reimbursement

exist now such that class treatment is no longer appropriate.  Accordingly, the Castillo Putative

Class Claim should be expunged.

## IV.    Notice

60.    Notice of this Objection has been provided to LakinChapman, LLC, as attorneys

for the Castillo Putative Class, and to the parties in interest in accordance with the Sixth

Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007

Establishing Notice and Case Management Procedures, dated May 5, 2011 [Docket No. 10183].

The GUC Trust submits that such notice is sufficient and no other or further notice need be

provided.

61.    No previous request for the relief sought herein has been made by the GUC Trust

or the Debtors to this or any other Court.

US_ACTIVE:\44079445\12\72240.0639

WHEREFORE the GUC Trust respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York

August 23, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

40

## Exhibit A

**Proof of Claim No. 71060**

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM

**Name of Debtor (Check Only One)**   Case No
☐ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )   09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)  **Class Members USDC E.D. CA: 2:07-cv-02142**

Name and address where notices should be sent
**Mark L. Brown
LakinChapman, LLC
300 Evans Avenue, P.O. Box 229
Wood River, IL. 62095**

Telephone number
Email Address

☒ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _62908_
*(If known)*

Filed on _____ **No, 28, 2009**

Name and address where payment should be sent (if different from above)

**FILED - 71060
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file it again

1 Amount of Claim as of Date Case Filed, June 1, 2009·    $ **See Attachments 1, 2, 3, 4**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2 Basis for Claim   **See Attachments 1, 2, 3, 4**
(See instruction #2 on reverse side )

3 Last four digits of any number by which creditor identifies debtor _____

   3a. Debtor may have scheduled account as· _____
   (See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐  Real Estate   ☐  Motor Vehicle   ☐  Equipment   ☐  Other
Describe:

Value of Property  $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection: _

Amount of Secured Claim  $_____   Amount Unsecured $_____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements
You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment.

5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐  Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐  Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐  Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐  Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐  Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐  Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 507(b)(9)

☐  Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date **3-11-11**

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

_[signature]_   **Mark L. Brown, class counsel**

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.   MAR 1 4 2011

## ATTACHMENT 1

Currently, there is an adversary proceeding pending against General Motors Company ("New GM") styled *In re General Motors Corp , et al Debtor, Kelly Castillo et al , Plaintiffs v General Motors Company, f/k/a New General Motors Company, Inc , Defendants* United States Bankruptcy Court, S.D. NY, Chapter 11 Case No. 09-50026 (REG), Adv Proc No. 09-00509  It is alleged that New GM assumed the liabilities of Debtor in connection with the Saturn VTi class action settlement and resulting final judgment included with this Proof of Claim.  This claim is submitted in the alternative to the action against New GM, without waiver of any right to full compensation from New GM pursuant to the attached final judgment in the event it is determined that New GM assumed Old GM's obligations under the Saturn VTi settlement and/or judgment.

On May 6, 2010, the Court determined that the sale agreement between Old GM and New GM was ambiguous as to the assumption of liabilities under the Saturn VTi settlement and judgment  Discovery concerning this issue is currently ongoing in the adversary proceeding, which remains pending

This amended version of this claim is filed upon Debtor's insistence that it is an unsecured claim that was previously misclassified as secured

## Exhibit B

**Stipulation of Settlement**



1  ROBERT W. SCHMIEDER II (*pro hac vice*)
   MARK L. BROWN (*pro hac vice*)
2  THE LAKIN LAW FIRM, P.C.
   300 Evans Avenue
3  P.O. Box 229
   Wood River, Illinois 62095
4  Telephone:   (618) 254-1127
   Facsimile:   (916) 254-0193
5
   C. BROOKS CUTTER (S.B #121407)
6  KERSHAW, CUTTER & RATINOFF LLP
   401 Watt Avenue
7  Sacramento, California 95864
   Telephone:   (916) 448-9800
8  Facsimile:   (916) 669-4499

9  Attorneys for Plaintiffs

10 GREGORY R. OXFORD (S.B. #62333)
   ISAACS CLOUSE CROSE & OXFORD LLP
11 21515 Hawthorne Boulevard, Suite 950
   Torrance, California 90503
12 Telephone:   (310) 316-1990
   Facsimile:   (310) 316-1330
13
14 Attorneys for Defendant
   General Motors Corporation

15

16

17            UNITED STATES DISTRICT COURT

18            EASTERN DISTRICT OF CALIFORNIA

19

20 KELLY CASTILLO, NICHOLE          Case No. 2:07-CV-02142 WBS-GGH
   BROWN, and BARBARA GLISSON,
21 *Individually and on behalf of all others*   STIPULATION OF SETTLEMENT
   *similarly situated,*
22                                  Honorable William B. Shubb
                    Plaintiffs,
23
            v.
24
25 GENERAL MOTORS
   CORPORATION,
26
                    Defendant.
27

28

                            1

1        This Stipulation of Settlement (the "Agreement") is made and entered into between

2    Plaintiffs Kelly Castillo, Nicole Brown, Barbara Glisson, Valerie Evans, Brenda Alexis

3    Digiandomenico, Stanley Ozarowski and Donna Santi, individually and as representatives

4    of the Class (as defined below), and General Motors Corporation on its own behalf and on

5    behalf of its subsidiaries and affiliates, including but not limited to Saturn Corporation and

6    Saturn Distribution Corporation (collectively "GM" or "Defendant"). The Agreement is

7    intended to fully, finally and forever resolve, discharge and settle the lawsuit styled *Kelly*

8    *Castillo, et al. v. General Motors Corporation*, Case No. 2:07–CV–02142 WBS-GGH,

9    pending in the United States District Court for the Eastern District of California (the

10    "Action") and all matters raised or that could have been raised therein, subject to the terms

11    and conditions hereof and approval by the Court.

12    <center>**I. BACKGROUND**</center>

13        1.    Plaintiffs Castillo, Brown and Glisson originally filed this Action

14    individually and on behalf of a proposed class of all residents of the states of California,

15    Florida, Georgia, Illinois, Massachusetts, Missouri, Michigan, New Jersey, New York,

16    North Carolina, Ohio or Oklahoma who own or have owned a 2002, 2003, 2004 or 2005

17    Saturn VUE or a 2003 and 2004 Saturn ION equipped with a continuously variable VTi

18    transmission (the "Class Vehicle" or "Vehicle"). These and four other plaintiffs (Ms.

19    Evans, Ms. Digiandomenico, Mr. Ozarowski and Ms Santi) later filed a First Amended

20    Complaint which added residents of Virginia to the proposed class. Contemporaneously

21    herewith, plaintiffs are filing a Second Amended Complaint on behalf of a proposed

22    nationwide class which is further described below.

23        2.    Plaintiffs allege that the Vehicles are defective because the VTi transmission

24    is prone to "premature" failure. They claim that GM is liable to alleged class members for

25    damages under state consumer protection statutes and on breach of warranty and unjust

26    enrichment theories. GM denies that there is any defect or that it is liable to plaintiffs or

27    members of the proposed Class on any theory. In March 2004, however, GM voluntarily

28    extended the limited new vehicle warranty for the VTi transmission from 3 years or

<center>2</center>

1   36,000 miles, whichever comes first, to 5 years or 75,000 miles, whichever comes first.

2   GM contends that state consumer protection statutes do not apply in this case, that it is

3   satisfying all of its warranty obligations by performing its duties under the extended new

4   vehicle warranty and that plaintiffs' unjust enrichment theory cannot enlarge its legal

5   obligations beyond those provided by the warranty.

6          3.     Both before and after commencing the Action Class Counsel (as that term is

7   defined below) conducted an extensive examination and evaluation of the relevant law

8   and facts in order to assess the merits of Plaintiffs' claims and GM's defenses and to

9   determine how best to serve the interests of Plaintiffs and the proposed Class.  That

10   examination and evaluation included:  (i) interviews of hundreds of Class Members; (ii)

11   consultation with automotive and damages experts; (iii) research into various technical

12   issues; (iv) depositions of GM employees knowledgeable concerning the VT1

13   transmission; (v) review of thousands of pages of documents produced by GM; and (vi)

14   review of voluminous documents that Class Counsel subpoenaed from third parties.

15   Based on this investigation, Plaintiffs and Class Counsel are satisfied that the Agreement

16   is based upon an appropriate analysis of the facts and law and that this Agreement is in the

17   best interests of the Class.

18          4.     Plaintiffs and Class Counsel have agreed to settle the Action pursuant to the

19   provisions of the Agreement, and subject to court approval, after considering such factors

20   as:  (i) the benefits to Plaintiffs and the Class under the terms of the Agreement; (ii) the

21   uncertainty of being able to prove the allegations made in the Action, and the uncertainty

22   of being able to overcome the factual and legal defenses thereto; (iii) the inherent risks

23   and uncertainty of complex litigation such as the Action; (iv) the difficulties, risks and

24   delays inherent in such litigation; (v) the desirability of consummating the Agreement

25   promptly in order to provide expeditious relief to plaintiffs and the Class; (vi) the fact that

26   GM has consistently and vigorously disputed Plaintiffs' substantive legal and factual

27   allegations; and (vii) the significant expense and time necessary to prosecute the litigation

28   through trial and appeal.  Plaintiffs and Class Counsel believe that settlement in

3

1  accordance with the terms of the Agreement is desirable and in the best interests of the

2  Class and preferable to continuing with protracted and uncertain litigation and that the

3  settlement terms are fair and reasonable and provide substantial and immediate relief to

4  the Class. The Agreement has been reached after substantial, good faith, arms-length

5  negotiations, including mediation before the Honorable Ronald Sabraw, Judge of the

6  Alameda County Superior Court (Ret.) (the "Mediator").

7       5.    GM expressly denies any wrongdoing and does not admit or concede any

8  actual or potential fault, wrongdoing or liability in connection with any facts or claims

9  that have been or could have been alleged against it in the Action, and GM denies that

10  plaintiffs or any Class Members have suffered damage or were harmed by the conduct

11  alleged. GM has concluded, however, that it is desirable to settle the Action upon the

12  terms and conditions set forth herein because it will (i) fully resolve all claims that were or

13  could have been raised in the Action; (ii) avoid the expense, burdens and uncertainties of

14  continued litigation; and (iii) promote customer satisfaction with Saturn vehicles.

15       6.    Plaintiffs and GM therefore stipulate and agree that, subject to the approval

16  of the Court, the Action shall be compromised, settled, released, and dismissed with

17  prejudice upon and subject to the following terms and conditions:

18                 **II. DEFINITIONS**

19       As used in this Agreement and the exhibits hereto the following terms have the

20  meanings specified below:

21       1.    "Action" means the lawsuit styled *Kelly Castillo, et al. v. General Motors*

22  *Corporation*, Case No. 2:07-CV-02142 WBS-GGH, pending in the United States District

23  Court for the Eastern District of California.

24       2.    "Class" or "Class Members" means all persons who are residents of the

25  United States and who as of the date of entry of the Preliminary Approval Order (as

26  defined in paragraph 5 below) own or have owned a Class Vehicle (as defined in

27  paragraph 3 below) except that the Class shall exclude (i) any person, firm, trust,

28  corporation, or other entity that purchased Class Vehicles from GM, or any entity related

1    or affiliated with GM, for resale or fleet purposes (including without limitation any

2    authorized Saturn Retailer) and (ii) any person who has instituted an action for damages

3    for property damage or personal injury against GM in connection with a VTi transmission

4        3.    "Class Vehicles" and "Vehicles" mean 2002 through 2005 model year

5    Saturn VUEs equipped with VTi transmissions and 2003 through 2004 model year Saturn

6    IONs equipped with VTi transmissions.

7        4.    "Judgment" means the judgment, substantially in the form attached hereto

8    as Exhibit A, to be entered by the Court in the Action finally approving this Agreement

9    and dismissing the Action with prejudice.

10        5.    "Preliminary Approval Order" means the Court's order preliminarily

11    approving the terms of this Agreement as fair, adequate, and reasonable, including the

12    Court's approval of the form and manner of giving notice to Class Members, substantially

13    in the form attached hereto as Exhibit B.

14        6.    "Effective Date" means ten (10) business days after the later of (a) the date

15    upon which the time for seeking appellate review of the Judgment (by appeal or

16    otherwise) shall have expired; or (b) the date upon which the time for seeking appellate

17    review of any appellate decision affirming the Judgment (by appeal or otherwise) shall

18    have expired and all appellate challenges to the Judgment shall have been dismissed with

19    prejudice without any person having any further right to seek appellate review thereof (by

20    appeal or otherwise).

21        7.    "Class Notice" means the notice, substantially in the form attached hereto as

22    Exhibit C, provided to Class Members after issuance of the Preliminary Approval Order.

23        8.    "Final Notice" means the notice substantially in the form attached hereto as

24    Exhibit D that will be provided to Class Members after the Effective Date.

25        9    "Claim Form" means the forms attached hereto as Exhibits E-1 and E-2, to

26    be sent to Class Members who purchased their Vehicles new or used, respectively, along

27    with the Final Notice.

28

10.  "Class Counsel" means The Lakin Law Firm, P.C., 300 Evans Avenue, P.O. Box 229, Wood River, Illinois 62095, who are the lead attorneys of record representing the interests of Plaintiffs and Class Members.

11.  "Local Counsel" means Kershaw, Cutter & Ratinoff, LLP, 401 Watt Avenue, Sacramento, California 95864, who are the local attorneys of record representing the interests of Plaintiffs and Class Members.

12.  "Defendant's Counsel" means Isaacs Clouse Crose & Oxford LLP, 21515 Hawthorne Boulevard, Suite 950, Torrance, California 90503, who are the attorneys of record representing GM.

13.  "Authorized Saturn Retailer" means any Saturn Retailer in the United States that is a signatory to an existing and effective Saturn Retailer Agreement.

14.  "Released Claims" means any and all past, present, and future claims, demands, causes of actions or liabilities, including but not limited to those for alleged violations of any state or federal statutes, rules or regulations, and all common law claims, including Unknown Claims as defined herein, based on or related in any way to (a) the operation, design, durability, reliability, repair, value or performance of VTi transmissions in Class Vehicles or (b) the factual allegations and legal claims that were made or could have been made in the Action. Released Claims do not include any claim, demand or cause of action against GM for property damage or personal injury in connection with a VTi transmission.

15.  "Unknown Claims" means any Released Claim that any plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release provided for herein, including without limitation those that, if known to him, her or it, might have affected his, her or its settlement and release pursuant to the terms of this Agreement, or might have affected his, her or its decision not to object to the settlement terms memorialized herein.

16.  "Attorneys' Fees and Expenses" means the amount awarded by the Court to Class and Local Counsel to compensate them, and any other attorneys for plaintiffs or the

6

1    Class, and is inclusive of all attorneys' fees, costs and expenses of any kind in connection

2    with the Action. Attorneys' Fees and Expenses will not under any circumstances exceed

3    the sum of $4,425,000.00.

4         17.    "Fairness Hearing" means the hearing at which the Court will consider and

5    approve the Agreement as fair, reasonable, and adequate, certify the Class, award

6    Attorneys' Fees and Expenses, enter the Final Judgment, and make such other final

7    rulings as are contemplated by this Stipulation.

8         III.  CLASS RELIEF, ATTORNEYS' FEES AND COSTS

9         1.    The relief available to Class Members under the terms of this Stipulation is

10   reimbursement for certain out-of-pocket expenses and losses relating to the VTi

11   transmissions of Class Vehicles.  Reimbursable expenses include (a) costs to inspect,

12   repair or replace a malfunctioning VTi transmission ("repair costs"), (b) costs to rent a

13   replacement vehicle or secure other transportation while the malfunctioning VTi

14   transmission was or is being inspected, repaired or replaced ("rental costs"), (c) costs to

15   tow or transport the Class Vehicle to the place where the malfunctioning VTi transmission

16   was or is being inspected, repaired or replaced ("towing costs") and (d) documented

17   expenses relating to the trade-in of a Class Vehicle with a VTi transmission failure at time

18   of trade-in as further limited and defined below ("trade-in costs").  To be reimbursable,

19   repair, rental, towing and trade-in costs relating to the VTi transmission ("Reimbursable

20   Expenses") must be incurred by the Class Member within 125,000 miles after the original

21   retail sale or lease of the Class Vehicle or within the time limitations set forth in Chart A

22   below, whichever occurs first.  The relief available to Class Members shall be personal to

23   each Class Member, and shall not under any circumstances be assignable to any other

24   person, third party or other entity and GM shall have no liability to provide any such relief

25   whatsoever to any third person whether based on a purported assignment, subrogation or

26   any other legal theory.

27

28

7

A.    Past Reimbursable Expenses

GM will reimburse Class Members who incur Reimbursable Expenses for repair, rental and towing costs relating to a VTi transmission on or before the date of Final Judgment ("Past Reimbursable Expenses") based on the percentages shown in Chart B below. To obtain reimbursement, the Class Member must submit a Claim Form (*see* Exhibits E-1 and E-2) and submit as proof of the Reimbursable Expenses the Saturn Retailer or other repair shop bills showing the date, mileage and amount of the malfunctioning VTi transmission inspection, repair and/or replacement costs paid by the Class Member as well as receipts showing the rental and towing costs, if any, incurred by the Class Member. All Past Reimbursable Expense claims must be submitted within one (1) year after the Effective Date. GM shall use, or cause any claims administrator to use, its best efforts to issue Past Reimbursable Expense checks to the Class Member as soon as practicable, but in no event more than thirty (30) days from the date the Claim Form and proof of loss is received.

B.    Past Trade-In With VTi Transmission Malfunction Reimbursement

To claim reimbursement for "trade-in expense," the Class Member must submit a Claim Form (*see* Exhibits E-1 and E-2) and provide contemporaneous dealer documentation including (1) a sales contract including the Vehicle Identification Number ("VIN") of the Class Vehicle that was traded in and (2) a contemporaneous repair estimate referencing the same VIN dated on or before the trade-in date showing a transmission malfunction. The reimbursement shall equal the repair estimate multiplied by the appropriate percentage from Chart B based on the Vehicle's mileage and the Class Member being either a new or used Vehicle purchaser. Class Members may seek reimbursement of trade-in losses only upon proof that the Class Vehicle was traded-in before the date Class Notice was mailed to potential Class Members. All claims for reimbursement of trade-in expense must be submitted within one (1) year after the Effective Date. GM shall use, or cause any claims administrator to use, its best efforts to issue Past *Trade-In With VTi Transmission Malfunction Reimbursement* checks to the

8

1  Class Member as soon as practicable, but in no event more than thirty (30) days from the

2  date the Claim Form and proof of loss is received.

3          C.     Future Reimbursable Expenses

4          GM will reimburse Class Members who incur an expense relating to a VTi

5  transmission after the date of Final Judgment (except trade-in expense) ("Future

6  Reimbursable Expenses") based on the percentages shown in Chart B below.  To obtain

7  reimbursement, the Class Member must submit a Claim Form (see Exhibits E-1 and E-2)

8  and submit as proof of the repair expense the Saturn Retailer or other repair shop bills

9  showing the date, mileage and amount of the malfunctioning VTi transmission inspection,

10 repair and/or replacement costs paid by the Class Member as well as receipts showing the

11 rental and towing costs, if any, incurred by the Class Member.  GM shall use, or cause

12 any claims administrator to use, its best efforts to issue Future Reimbursable Expense

13 checks to the Class Member within ten (10) General Motors business days of the date the

14 Claim Form and proof of loss is received.  Upon written request by the Class Member,

15 GM shall also issue Future Reimbursable Expense checks payable jointly to the Class

16 Member and a Saturn Retailer or other repair shop.  All Future Expense Reimbursement

17 claims must be for expenses incurred by the Class Member before the dates set forth in

18 Chart A below and must be submitted no later than the first day of March following the

19 date specified in Chart A for the applicable model year Class Vehicle.

20                              **CHART A**

21

22 | Model Year | Date Before Which Expense is Reimbursable |
23 |---|---|
   | 2002 | January 1, 2010 |
24 | 2003 | January 1, 2011 |
25 | 2004 | January 1, 2012 |
26 | 2005 | January 1, 2012 |

27

28

9

**CHART B**

| Vehicle Mileage[1] | GM Reimbursement (New) | GM Reimbursement (Used) |
| --- | --- | --- |
| 100,000 or less | 100 percent | 75 percent |
| 100,101-125,000 | 75 percent | 30 percent |

3.      For each VTi transmission repair or replacement using genuine Saturn or GM parts, such replacement parts will be covered by the standard GM Service Parts Operations warranty for a period of 12 months or 12,000 miles, whichever comes first.

4.      For a claim involving a Past Reimbursable Expense, a Past Trade-in With Transmission Malfunction Expense, or a Future Reimbursable Expense incurred prior to the Effective Date, GM has the right to reduce the amount to be reimbursed by any amount previously paid by GM or any affiliate of GM for that same expense. GM, however, has no right to reduce any other Future Reimbursable Expense claim incurred by the Class Member subject to appropriate verification of the amount of the expenses and the Class Member's Eligibility for reimbursement. Notwithstanding the foregoing provisions, GM shall have the right to enforce fully the terms of any release, judgment, arbitration award or other adjudication obtained in connection with any Class Member's prior claim relating to the alleged malfunction of a VTi transmission.

5.      GM in addition to all other relief provided herein shall pay all costs of Class Notice and claims administration, which payments shall not diminish any relief provided to Class Members under paragraphs 1 through 3 above. GM subject to the terms of the Preliminary Approval Order shall use its best efforts to direct or cause to be directed first-class mail notice to Class Members based on vehicle registration data to be obtained from The Polk Company ("Polk") and updated using the U.S. Postal Service's NCOA (National Change of Address) data base. Within a reasonable time following the Effective Date, GM also agrees to provide appropriate notification to authorized Saturn Retailers. GM may at its option select a Claims Administrator or process claims internally, in either case

---

[1] Mileage at time Past or Future Reimbursable Expense is incurred.

10

1    subject to appropriate notice to and consultation with Class Counsel, who shall have the

2    right to monitor claims administration. GM or its designee will process Claim Forms

3    submitted by Class Members and determine if the Class Member is eligible for any of the

4    relief available under the Agreement. With respect to any claim denials that are disputed

5    by the Class Member or any disputes concerning reimbursement rates, GM and Class

6    Counsel will use reasonable efforts to resolve the dispute, but if no resolution is reached,

7    then the dispute will be submitted to the Mediator (or in his absence another JAMS

8    neutral approved by GM and Class Counsel), who the parties and Class Members agree

9    will have authority to render a binding and final decision in the nature of a non-appealable

10    arbitration award.

11        6.      GM agrees to provide appropriate notice to governmental officials pursuant

12    to the terms of the Class Action Fairness Act.

13        7.      After an agreement was reached as to the principal terms and conditions of

14    this Agreement, and with the assistance of the Mediator, the Parties entered into

15    discussions regarding incentive payments to the named plaintiffs in the Action ("Incentive

16    Fees") and Attorneys' Fees and Expenses for Class and Local Counsel, as described

17    herein. Pursuant to those discussions, prior to the Fairness Hearing and entry of the

18    Judgment, Class Counsel agree to apply to the Court for an award of Incentive Fees to the

19    named Plaintiffs and for an award of Attorneys' Fees and Expenses. GM agrees not to

20    oppose either application provided that Class Counsel do not request an award of

21    Incentive Fees in excess of $2,500 per Plaintiff and do not request a total and all-inclusive

22    Attorneys' Fees and Expenses award exceeding the sum of $4,425,000.00. Subject to the

23    other terms of this Agreement, GM agrees to pay the Incentive Fees and Attorneys' Fees

24    and Expenses awarded by the Court provided that the awards do not exceed these

25    amounts. Such payments will not reduce benefits available to Class Members nor will

26    Class Members be required to pay any portion of the Attorneys' Fees and Expenses  The

27    Class Notice will advise the Class Members of Class Counsel's intent to seek awards of

28    Attorneys' Fees and Expenses and Incentive Fees for the named plaintiffs, including the

<div align="center">11</div>

1    amounts thereof.  The amounts awarded by the Court shall not affect the other terms of

2    the settlement which shall remain in full force and effect.

3          8.        The Incentive Fees and Attorneys' Fees and Expenses, as awarded by the

4    Court, shall be paid to Class Counsel by GM after the entry of the Judgment and within

5    ten (10) business days after the Effective Date, contingent on receipt of appropriate

6    taxpayer identification information.  In no event shall GM pay or be required to pay any

7    other attorneys' fees, costs or expenses to Class Counsel, Local Counsel, or any other

8    attorney purporting to represent any plaintiff.

9          9.        Class Counsel will allocate and distribute the award of Attorneys' Fees and

10   Expenses among all other counsel of record and/or for Plaintiffs.  GM shall have no

11   responsibility for and no liability with respect to the allocation of the Attorneys' Fees and

12   Expenses among Class Counsel, Local Counsel, or any counsel representing Plaintiffs,

13   and GM takes no position with respect to such matters.  GM's sole obligation will be to

14   pay the Attorneys' Fees and Expenses to Class Counsel that are awarded by the Court and

15   that are not in excess of $4,250,000.00 and the Incentive Fees to the named Plaintiffs that

16   are not in excess of $2,500.00 per Plaintiff.

17        10.       GM shall have no liability or obligation to pay any fees, expenses, costs or

18   disbursements to, or incur any expense on behalf of, any person, either directly or

19   indirectly, in connection with this Action, the Agreement, or the proposed settlement,

20   other than the amounts expressly provided for in the Agreement.

21        11.       Promptly after execution, plaintiffs and GM shall submit this Agreement

22   and its exhibits to the Court and jointly apply for a Preliminary Approval Order which

23   contains substantially all of the terms and provisions in Exhibit B attached hereto,

24   including approving the Class Notice, Final Notice, Claim Form, notification procedure,

25   and the provisions for Class Members to opt out or object as set forth herein. The Parties

26   will request that the Court set a Fairness Hearing promptly after the necessary mailing

27   information is obtained by Polk and a schedule for mailing Class Notice is established.

28

12

1   12. Each Plaintiff and Class Member stipulates and agrees that, upon the

2 Effective Date, he, she, or it shall be deemed to have, and by operation of the Judgment

3 shall have, released, waived and discharged his, her or its Released Claims as defined

4 herein and shall have expressly waived and relinquished, to the fullest extent permitted by

5 law, the provisions, rights, and benefits of section 1542 of the California Civil Code, and

6 of any similar law of any other state, which provides: "a general release does not extend

7 to claims which the creditor does not know or suspect to exist in his or her favor at the

8 time of executing the release, which if known by him or her must have materially affected

9 his or her settlement with the debtor." Upon entry of the Judgment, each Plaintiff and

10 Class Member shall be deemed to have, and by operation of the Judgment shall have,

11 expressly waived and relinquished, to the fullest extent permitted by law, any and all

12 provisions, rights, and benefits conferred by any law of the United States, or any state of

13 the United States, or principle of common law that is similar, comparable or equivalent to

14 section 1542 of the California Civil Code. Plaintiffs and Class Members may hereafter

15 discover facts in addition to or different from those which he or she now knows or

16 believes to be true with respect to the subject matter of the Released Claims, but each

17 Plaintiff and Class Member, upon entry of the Judgment, shall be deemed to have, and by

18 operation of law shall have, fully, finally and forever settled, released and discharged any

19 and all Released Claims, known or unknown, suspected or unsuspected, contingent or

20 non-contingent, whether or not concealed or hidden, that now exist or heretofor may have

21 existed upon any theory of law or equity now existing or coming into existence in the

22 future, including but not limited to, conduct that is negligent, reckless, intentional, with or

23 without malice, or a breach of any duty, law or rule, without regard to the subsequent

24 discovery or existence of such different or additional facts.

25   13. Plaintiffs reserve the right to conduct reasonable confirmatory discovery.

26    **IV. <u>REQUESTS FOR EXCLUSION</u>**

27   1. Any putative Class Member who wishes to be excluded from the Class must

28 deliver a written request for exclusion to Class Counsel, and the same must be postmarked

1    within 40 days following the date of mailing of the Class Notice. Copies of any requests

2    for exclusion received by Class Counsel shall be forwarded immediately to GM's counsel.

3    Class Counsel shall file with the Court a list of all Class Members who requested

4    exclusion at least five (5) business days before the Fairness Hearing.

5        2.    Any putative Class Member who does not file a timely written request for

6    exclusion shall be bound by all subsequent proceedings, orders and judgments in the

7    Action.

8        3    Pending Court approval of this Agreement at the Fairness Hearing, all

9    potential Class Members who do not timely exclude themselves from the Class are

10   preliminarily enjoined and barred (i) from filing, commencing, prosecuting, intervening

11   in, or participating as class members in, any lawsuit in any jurisdiction based on or

12   relating to the claims and causes of action, or the facts and circumstances relating thereto,

13   in this Action and/or the Released Claims; and (ii) from filing, commencing or

14   prosecuting any other lawsuit as a class action on behalf of Class Members (including by

15   seeking to amend a pending complaint to include class allegations or seeking class

16   certification in a pending action) based on or relating to the claims and causes of action, or

17   the facts and circumstances relating thereto, in this Action and/or the Released Claims

18                      **V. OBJECTIONS TO SETTLEMENT**

19       1.    Any Class Member who has not submitted a timely written request for

20   exclusion and who wishes to object to the Agreement, the proposed settlement, or to the

21   request for Attorneys' Fees and Expenses, must serve a written objection that must be

22   postmarked no later than 40 days following the date of mailing of the Class Notice.

23   Written objections must include: (i) the objector's name, address and telephone number,

24   (ii) the Vehicle Identification Number of the vehicle that makes the objector a member of

25   the Class; (iii) the name of this case and the case number, (iv) a statement of each

26   objection; and (v) a statement of the specific reasons, if any, for each objection, including

27   any legal and factual support the objector wishes to bring to the Court's attention and any

28   evidence the objector wishes to introduce in support of the objection(s)  If the objection is

14

1   presented through an attorney, the written objection must also include: *(i)* the identity and

2   number of Class Members represented by objector's counsel; *(ii)* the number of such

3   represented Class Members who have opted out of the settlement; *(iii)* the number of such

4   represented Class Members who have remained in the settlement and have not objected;

5   *(iv)* the date the objector's counsel assumed representation for the objector; and *(v)* a list

6   of the names of all cases where the objector's counsel has objected to a class action

7   settlement in the last three years.  Objecting Class Members must also make themselves

8   available for deposition by Class Counsel and/or GM's counsel in their county of

9   residence, between the time the objection is filed and seven (7) days before the date of the

10   Fairness Hearing.

11      2.    Any Class Member who properly files and serves a written objection may

12   appear at the Fairness Hearing, either in person or through a personal counsel hired at the

13   Class Member's sole expense, to object to the fairness, reasonableness, or adequacy of the

14   Agreement or the proposed settlement, or to the request for Attorneys' Fees and Expenses.

15   Class Members, or their attorneys, intending to make an appearance at the Fairness

16   Hearing, must deliver to Class Counsel and Defendant's Counsel, and have file-stamped

17   by the Court, no later than 20 days before the Fairness Hearing or as the Court otherwise

18   may direct, a Notice of Intention to Appear.  The Notice of Intention to Appear must: *(i)*

19   state how much time the Class Member and/or their attorney anticipates needing to

20   present the objection; *(ii)* identify, by name, address, telephone number and detailed

21   summary of testimony, any witnesses the Class Member and/or their attorney intends to

22   present any testimony from; and *(iii)* identify all exhibits the Class Member and/or their

23   attorney intends to offer in support of the objection and attach complete copies of all such

24   exhibits.

25      3.    Any Class Member and/or their attorney who fails to comply with the

26   provisions of the foregoing paragraphs 1 and 2 shall be deemed to have waived and

27   forfeited any and all rights he or she may have to appear separately and/or object, and

28   shall be bound by all the terms of the Agreement

<div align="center">15</div>

## VI. GENERAL PROVISIONS

1.     The terms and provisions of the Agreement may only be amended, modified or expanded by written agreement signed on behalf of all Parties.

2.     The Agreement will terminate at the sole option and discretion of GM or plaintiffs if: *(i)* the Court, or any appellate court(s), rejects, modifies or denies approval of any material portion of the Agreement or the proposed settlement (except for the award of Attorneys' Fees and Expenses, as to which the provisions of paragraph III-7 shall control), including, without limitation, the terms of relief, the findings of the Court, the provisions relating to notice, the definition of the Class and/or the scope or terms of the Released Claims; or *(ii)* the Court, or any appellate court(s), does not enter or affirm, or alters or expands, any material portion of the Final Judgment. The terminating party must exercise the option to withdraw from and terminate the Agreement, no later than 10 business days after receiving notice of the event prompting the termination.

3.     GM may elect to terminate the Agreement if it is required to pay any amount or take any action not agreed upon herein by the Parties, or if more than 5% of Class Members opt out of the Class.

4.     If the Agreement is terminated, then the Agreement shall be null and void and shall have no force or effect, and no party to the Agreement shall be bound by any of its terms, and:

     a.     The Agreement, all of its provisions, and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of GM, plaintiffs or any other Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of the Agreement;

     b.     GM reserves all defenses, arguments and motions as to all claims that have been or might later be asserted in the Action, including (without limitation) any argument that the Action may not be litigated as a class action;

     c.     Plaintiffs reserve all claims that have been or might later be asserted in the Action, as well as all motions relating thereto and arguments in support thereof;

16

d.    Neither the Agreement, nor the fact of its having been made, shall be admissible or entered into evidence for any purpose whatsoever, and the settlement negotiations shall remain confidential; and

e.    Any order or judgment entered as a result of the Agreement will be deemed vacated and will be without force or effect, and shall be inadmissible into evidence for any purpose whatsoever.

5.    The Agreement shall be governed by and interpreted according to the laws of the State of California, notwithstanding its conflict of law provisions.

6.    If any disputes arise regarding the implementation or interpretation of this Agreement, the parties agree to use reasonable efforts to resolve the dispute, including consultation with the Mediator, and if no agreement can be reached, the dispute will be submitted to the Court, which will retain continuing jurisdiction to resolve such disputes.

7.    Whenever the Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile and/or next-day (excluding weekends and holidays) express delivery service as follows:

a.    If to Defendant, then to:

L. Joseph Lines, III                    Gregory R. Oxford
General Motors Corporation              Isaacs Clouse Crose & Oxford LLP
Mail Code 482-026-601                   21515 Hawthorne Boulevard, Suite 950
400 Renaissance Center                  Torrance, California 90503
P.O. Box 400                            (310) 316-1990
Detroit, Michigan 48265-4000            (310) 316-1330 (FAX)

b.    If to Plaintiffs, then to:

Robert W. Schmieder II
Mark L. Brown
The Lakin Law Firm
300 Evans Avenue
P.O. Box 229
Wood River, Illinois 62095
(618) 254-1127
(618) 254-0193 (FAX)

8.    The Parties reserve the right, subject to the Court's approval, to agree upon any reasonable extensions of time that might be necessary to carry out any of the provisions of the Agreement.

17

1        9.    All parties agree that this Agreement was drafted jointly by counsel for the

2  parties at arm's length and that the Agreement including its Exhibits constitutes the sole

3  agreement between the parties concerning the subject matter hereof. Further, the parties

4  intend and agree that this Agreement including its Exhibits is a fully integrated agreement,

5  that there are no other agreements, written or oral, between the parties concerning this

6  subject matter, that this Agreement shall not be modified or amended except by a signed

7  writing executed by or on behalf of all parties, and that no representations, warranties or

8  inducements have been made to any party concerning the settlement, Agreement or

9  exhibits thereto other than are contained in the Agreement and exhibits.

10      10.   In no event shall the Agreement, any of its provisions or any negotiations,

11  statements, or court proceedings relating hereto in any way be construed as, offered as,

12  received as, or used as an admission of liability in any judicial, administrative, regulatory,

13  arbitration or other proceeding. Further, this Agreement shall not be offered or admitted

14  into evidence in any proceeding, except the proceeding to seek court approval of this

15  settlement or in a proceeding to enforce the terms of the settlement.

16      11.   The parties, their successors and assigns, and their attorneys undertake to

17  implement the terms of the Agreement in good faith, and to use good faith in resolving

18  any disputes that may arise in the implementation of the terms of the Agreement.

19      12.   The parties, their successors and assigns, and their attorneys agree to

20  cooperate fully with one another in seeking Court approval of the Agreement and to use

21  their best efforts to effect the prompt consummation of the Agreement and the proposed

22  settlement.

23      13.   Each person executing this Agreement warrants that he or she has the

24  authority to do so.

25      14.   The Agreement may be signed in counterparts, each of which shall

26  constitute a duplicate original.

27

28

APPROVED AND AGREED TO BY AND ON BEHALF OF PLAINTIFFS


Date: July 17, 2008

THE LAKIN LAW FIRM, P.C.


By: _____
        Robert W. Schmieder II
        Mark L. Brown
        Class Counsel

APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANT
GENERAL MOTORS CORPORATION

Date: July 16, 2008

ISAACS CLOUSE CROSE & OXFORD LLP


By: _____
        Gregory R. Oxford
Attorney for Defendant
General Motors Corporation

19

<u>**Exhibit C**</u>

**Second Amended Class Action Complaint**

Robert W. Schmieder II (admitted *pro hac vice*)
Mark L. Brown (admitted *pro hac vice*)
THE LAKIN LAW FIRM, P.C.
300 Evans Avenue
P.O. Box 229
Wood River, Illinois 62095
Telephone: (618) 254-1127
Facsimile: (618) 254-0193

C. Brooks Cutter, SBN, 121407
KERSHAW CUTTER & RATINOFF LLP
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CASTILLO, NICHOLE BROWN, BRENDA ALEXIS DIGIANDOMENICO, VALERIE EVANS, BARBARA ALLEN, STANLEY OZAROWSKI, and DONNA SANTI *Individually and on behalf of all others similarly situated,*<br><br>    Plaintiffs,<br><br>    v.<br><br>GENERAL MOTORS CORPORATION,<br><br>    Defendants. | Case No.: 2:07-CV-02142 WBS-GGH<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs, Kelly Castillo, Nichole Brown, Brenda Alexis Digiandomenico, Valerie Evans, Barbara Allen, Stanley Ozarowski, and Donna Santi individually and on behalf of all others similarly situated, for their Class Action Complaint against General Motors Corporation (hereinafter "GM"), allege the following:

### CASE OVERVIEW

1.  Plaintiffs bring this action on behalf of themselves and a nationwide class of current and former Saturn vehicle owners with defective Saturn Vti transmissions.

2.  GM manufactures and sells vehicles worldwide under the Saturn brand name, among others.

3.  From 2002 until 2005, GM manufactured, sold and/or distributed certain vehicles containing the Saturn Vti transmission. The Vti transmission is inherently prone to premature failure due to its defective design and/or due to negligent manufacture. When the Vti transmission fails, it renders the vehicle inoperable and necessitates very costly repairs, often exceeding the (now diminished) value of the vehicle.

4.  Upon information and belief, GM was aware when it introduced the Vti transmission in 2002 of the inherent design flaws and problems with the Vti, and GM was aware that the Vti transmissions it sold were likely to experience premature failure. Despite this exclusive knowledge, GM failed to disclose this material information to consumers.

5.  Many owners of Saturn Vti transmissions have had to repair or replace their Vti transmissions three or more times, and many Saturn customers have been left without transportation because they are unable to afford the costly transmission repairs or replacements needed to return their vehicles to operating condition.

6.  Often such customers have attempted to trade in their Saturn vehicles, only to be offered a trade-in amount by the Saturn dealership that was less than the cost of a Vti transmission repair/replacement and which was significantly less than the anticipated fair market

-2-        2nd Amended Class Action Complaint

value of the vehicle. This despite the fact that when the Vue was introduced in 2002, it had a minimum manufacturer's suggested retail price (MSRP) of more than $16,000.00.

7.    Although GM recently has publicly acknowledged an unusually high failure rate on vehicles with the Vti transmission, GM has failed or refused to correct the problem. For customers with vehicles within the written warranty period, GM has done no more than to temporarily repair the Vti transmissions or to replace them with other similarly defective and inherently failure-prone Vti transmissions. GM has refused to take any action at all to correct this concealed defect for those customers with vehicles outside a voluntarily extended warranty period. In no case has GM adequately corrected the defect for any member of the proposed Class by providing a vehicle not containing a defective Vti transmission or by otherwise aligning the performance of the Vti transmission with the reasonable expectations of Plaintiffs and the proposed Class.

8.    In short, GM is believed to have sold vehicles in which it knew the transmissions were likely to fail prematurely, and when such failure occurs, it renders the vehicles virtually worthless absent costly transmission repairs or replacement.

### JURISDICTION AND VENUE

9.    Plaintiff Kelly Castillo is a resident of Meadow Vista (Placer County), California who purchased a 2003 Saturn Vue in Roseville (Placer County), California.

10.    GM is a Delaware corporation with its principal place of business in the State of Michigan.

11.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1132(d) because (a) it is a class action; (b) there are more than 100 class members;

-3-    2nd Amended Class Action Complaint

(c) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (d) at least one member of the Class is a citizen of a State different from at least one Defendant.

12.    Personal jurisdiction over GM is proper because GM transacts substantial business within this State, has made contracts or promises substantially connected with this State, and has otherwise subjected itself to the general jurisdiction of this Court and the other courts in this State.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, such as the purchase by plaintiff Kelly Castillo and many other class members of their Saturn vehicles from GM in this district.

### ALLEGATIONS COMMON TO ALL COUNTS

14.    The Saturn Vti transmission is a "continuously variable" transmission (CVT). Unlike a conventional automatic transmission, which uses traditional gears to shift at a few fixed points, a CVT shifts through the use of a belt or chain that runs through pulleys that move closer together or farther apart.

15.    Rather than using a chain, which is more durable than a belt, the Saturn Vti utilizes a steel belt, known as a "thrust belt." Due to the inherently defective design of the Vti transmission, the thrust belt and the Vti transmission are extraordinarily prone to premature failure. For example, upon information and belief, the transmission is defectively designed in that the engine and/or the pump are underpowered to apply sufficient pressure on the thrust belt. As a result the thrust belt slips, and the resulting friction between the thrust belt and the pulleys causes the belt to wear until it prematurely fails.

-4-        2nd Amended Class Action Complaint

16.    When the thrust belt and/or the transmission fails, either it causes hesitation in the movement or acceleration of the vehicle, potentially leading to an unreasonably dangerous driving condition, or it renders the vehicle completely immobile.  In either event, this failure requires costly repairs or transmission replacement.  On information and belief, the average repair or replacement cost to the consumer exceeds five thousand dollars ($5,000.00).

17.    Upon information and belief, this design defect and the accompanying inherent risk of premature transmission failure could have been avoided by using a chain instead of a belt and/or by increasing the power to the transmission, perhaps among other remedies.

18.    The defectively designed/manufactured Vti transmissions at issue in this action are contained in 4-cylinder Model Year 2002-2005 Saturn Vues and Model Year 2003-2004 Saturn Ions.

19.    Upon information and belief, GM was aware when it introduced the Vti transmission that it was inherently prone to premature failure.  For example, in 1999 or 2000, GM recognized that "concerns exist over the durability of the belt under continuous high-load operations."

20.    So concerned was GM over the quality and durability of the Vti transmission, and so plagued was the Vti with problems, that its initial launch was delayed by several months.

21.    Despite this delay in the launch of the Vti, upon information and belief, Saturn did not undertake adequate or customary quality control measures to ensure that the Vti was sufficiently tested and refined for full-scale production and sale to consumers.  For example, upon information and belief, GM and/or its suppliers bypassed the production startup phase in

-5-        2nd Amended Class Action Complaint

which small quantities of vehicles or components typically are tested and quality-controlled prior

to initiation of full-scale production.

22.    GM did not inform the Class that GM had bypassed the "startup" phase of

production, or that it had failed to undertake adequate or customary quality control measures

concerning the Vti transmission.

23.    In April of 2003, GM further recognized excessive durability problems with the

Vti transmission when it authorized its retailers to perform full off-vehicle warranty repairs of

the Vti.

24.    In early 2004, GM again recognized durability problems with the Vti transmission

when it voluntarily extended the warranty on vehicles containing the Vti from 3 years / 36,000

miles to 5 years / 75,000 miles.  However, this temporary remedy was inadequate because repairs

under the voluntarily extended warranty failed to replace the defectively designed Vti

transmission with a durable non-Vti transmission or to otherwise align the performance of the

Vti transmission with the reasonable expectations of Plaintiffs and the other members of the

Class.

25.    Transmissions are designed to, and ordinarily do, function for periods (and

mileages) substantially in excess of those specified in GM's Saturn warranties, and given past

experience, consumers legitimately expect to enjoy the use of an automobile without worry that

the transmission would fail for significantly longer than the limited times and mileages identified

in Saturn's express warranties, including the voluntarily extended warranty.

26.    Upon information and belief, GM, through (1) its own records of customers

complaints, (2) dealership repair records, (3) records from the national Highway Traffic Safety

-6-        2nd Amended Class Action Complaint

Administration (NHTSA), and (4) other various sources, was well aware of the alarming failure rate of Vti transmissions but failed to notify customers of the nature and extent of the problems with the Vti transmission and failed to provide an adequate remedy.

27.    Members of the class could not have discovered the latent Vti transmission defects through any reasonable inspection of their vehicles prior to purchase.

28.    GM failed adequately to research, design, test and/or manufacture the Vti transmission before warranting, advertising, promoting, marketing, and selling it as suitable and safe for use in an intended and/or reasonably foreseeable manner.

29.    GM advertised, promoted, marketed, warranted, and sold through the stream of commerce to Plaintiffs and the Class vehicles containing Vti transmissions that GM knew or reasonably should have know were defective and potentially dangerous, and which otherwise would not perform in accordance with Plaintiff's and the Class members' reasonable expectations that the vehicles would not suffer an inherent, potentially dangerous, disabling defect, and that the vehicles would be safe and suitable for their intended and reasonably foreseeable use.

30.    GM expressly warranted the affected vehicles to be free from defects in materials or workmanship for a period of 36 months or 36,000 miles.

31.    Buyers, lessees, and other owners of the affected vehicles were without access to the information concealed by GM as described herein, and therefore reasonably relied on GM's representations and warranties regarding the quality, durability, and other material characteristics of their vehicles.  Had these buyers and lessees known of the defect and the potential danger,

they would have taken steps to avoid that danger and/or would have paid less for their vehicles than the amounts they actually paid, or would not have purchased the vehicles.

32.    By concealing the potential safety risk associated with the vehicles, GM has forced consumers to bear the risk of injury to themselves and other persons, as well as to property, as a result of the transmission failure, as well as the financial loss associated with the diminished value of their vehicles. Had GM revealed this information, consumers would not have bought or leased, or would have paid substantially less for, vehicles equipped with the defective Vti transmissions.

33.    As a result of GM's misconduct, Plaintiffs and the Class have suffered actual damages in that their Saturn vehicles are potentially hazardous to drive, if operable at all, resulting in loss of use, costly repairs, and substantially diminished value, including without limitation diminished resale value. Further, the defective Vti transmission is not a discreet, modular or incidental part of the vehicle but, rather, is an essential part of the drive train and is integral to the safe operation of the vehicle.

34.    The cost to repair or replace the defective Vti transmission is expected to be between $4,000.00 and $8,000.00 per vehicle. Because of the relatively small size of Plaintiff's and the Class members' individual claims based on repair costs and/or loss of vehicle market value, and because most have only modest resources as compared to GM, it is unlikely that individual Class members could afford to seek recovery against GM. A class action is, therefore, the only reasonable means by which Class members can obtain relief.

35.    GM's knowledge of the fact that the Vti transmission is inherently defective and prone to sudden failure, and that it would need costly repairs and/or replacement, gave GM more

-8-        2nd Amended Class Action Complaint

than adequate opportunity to cure the problem, which opportunity it failed to timely undertake.

Upon information and belief, GM was alerted to this problem by:

a)   GM's own testing and knowledge prior to the launch of the Vti transmission in 2002, including without limitation that which led to the delays in initial production;

b)   Excessive warranty claims relating to premature transmission failure;

c)   Reports of transmission failure to the National Highway Traffic Safety Administration (NHTSA);

d)   Additional complaints registered directly from consumers;

e)   Reports from GM's dealerships and authorized repair facilities regarding the nature and frequency of the premature transmission failure;

f)   Discussions in internet chat rooms, forums, and list serves sponsored by GM or, if not sponsored by GM, monitored by GM's employees; and

g)   Other sources.

### TOLLING OF STATUTES OF LIMITATION

36.    Any applicable statute of limitations has been tolled by GM's knowing and active concealment and denial of the facts as alleged herein. Plaintiffs and the Class have been kept ignorant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs and the Class could not earlier have reasonably discovered the true, latent defective nature of the Vti transmission.

37.    GM was and is under a continuing duty to disclose to Plaintiffs and the Class the true character, quality, and nature of the Vti transmission. Because of GM's knowing, affirmative, and/or active concealment of the true character, quality and nature of the Vti transmission problems with the vehicles at issue, GM is estopped from relying on any statutes of limitation in defense of this action.

### CLASS REPRESENTATIVE ALLEGATIONS

#### Kelly Castillo

38.    Plaintiff Kelly Castillo purchased a new 2003 Saturn Vue with a Vti transmission in January of 2003 from a Saturn dealership in Roseville, California for approximately $23,000.00.

39.    Ms. Castillo had repeated problems with the vehicle during the voluntarily extended 75,000 mile warranty period which appeared to be transmission-related, such as loss of power to the vehicle. The Saturn dealership in Roseville claimed to be unable to diagnose the problems and did not repair or replace the transmission during the voluntarily extended warranty period.

40.    However, when the vehicle reached approximately 80,000 miles (just outside the warranty coverage) in June of 2007, the Saturn dealership in Roseville diagnosed a transmission failure. The dealership replaced the transmission at that time, at a cost of approximately $4,200.00 to Ms. Castillo.

#### Nichole Brown

41.    Plaintiff Nichole Brown, a resident of the State of Georgia, purchased her 2003 Saturn Vue with a Vti transmission for about $12,888.00 in or about December of 2006, when it had slightly over 75,000 miles.

42.    The Vti transmission failed in or about July of 2007, when the vehicle had approximately 78,000 miles. The Saturn dealership in Georgia quoted her a price of approximately $6,000 to replace the transmission.

<div align="center">-10-</div>

2nd Amended Class Action Complaint

43.     Ms. Brown instead had the transmission replaced by an independent mechanic at a cost of approximately $4,000.00.

44.     After the failure of the Vti transmission, Ms. Brown learned that the Vti transmission in her vehicle had previously been repaired or replaced by a Saturn dealership in October of 2006, meaning that the newly repaired or replaced transmission had only about 2 months of previous usage at the time she purchased it, and only a few thousand miles at the time of failure.

### Brenda Alexis Digiandomenico

45.     Plaintiff Brenda Alexis Digiandomenico, a resident of the State of Virginia, purchased a new 2002 Saturn Vue with a Vti transmission in July of 2002 from a Saturn dealership in Fredericksburg, Virginia for approximately $23,010.00.

46.     The Vti transmission failed when the vehicle had approximately 52,000 miles. The Saturn dealership in Fredericksburg, Virginia replaced the transmission under warranty at that time.

47.     The Vti transmission failed again when the vehicle had approximately 116,000 miles, at which time the transmission had approximately 64,000 miles. The same Saturn dealership in Fredericksburg, Virginia agreed to replace the Vti transmission for a cost of $1,900 to Ms. Digiandomenico, which she paid.

### Valerie Evans

48.     Plaintiff Valerie Evans, a resident of the State of Missouri, purchased a new 2003 Saturn Vue with a Vti transmission in September of 2002 from a Saturn dealership in St. Louis, Missouri for approximately $19,500.00.

-11-        2nd Amended Class Action Complaint

49.    When the vehicle reached approximately 83,232 miles, the transmission failed and was towed to Saturn of North County. Saturn of North County diagnosed a transmission failure. The dealership replaced the transmission at that time, at a cost for a rental car and tow of $323.79 to Ms. Evans.

### Barbara Allen ("Glisson")

50.    Plaintiff Barbara Allen, a resident of the State of Oklahoma, purchased a new 2003 Saturn Vue with a Vti transmission in September of 2003 from a Saturn dealership in Jacksonville, Florida for approximately $25,000, plus $1,495 for an "extended warranty service contract."

51.    The Vti transmission in Ms. Allen's vehicle failed for the first time in February of 2005, when the vehicle had approximately 33,000 miles. A Saturn dealership in Tulsa, Oklahoma replaced the transmission under warranty at that time.

52.    The Vti transmission failed a second time a little more than a year later, in March of 2006, when the vehicle had approximately 68,000 miles and the second transmission had only about 35,000 miles. A Saturn dealership in Tulsa, Oklahoma overhauled the Vti transmission case, again under warranty.

53.    At 107,000 miles, the vehicle experienced its third transmission failure. The Saturn dealership in Tulsa has once again diagnosed the vehicle as needing a transmission replacement, and the dealership quoted a price of more than $5,500.00 to do so. Ms. Allen has not yet had the vehicle repaired following the third transmission failure.

### Stanley Ozarowski

54.    Plaintiff Stanley Ozarowski purchased a new (demo) 2003 Saturn Vue with a Vti transmission on October 14, 2002 from a Saturn dealership in Schaumburg, Illinois for approximately $22,683.00.

55.    Mr. Ozarowski had repeated problems with the vehicle during the voluntarily extended 75,000 mile warranty period which appeared to be transmission-related, such as loss of power to the vehicle.

56.    During the voluntary extended 75,000 mile warranty period, parts on the Vti transmission were replaced after Mr. Ozarowski complained to Saturn of Schaumburg about transmission problems.  Parts on the Vti transmission were replaced when the vehicle had the following mileages: 32,394; 36,651; and 36,878.

57.    However, when the vehicle reached 83,665 miles (just outside the warranty coverage) the transmission failed and was towed to Saturn of Barrington and then to Saturn of Dundee.  On October 30, 2007, Saturn of Dundee diagnosed a transmission failure.  The dealership replaced the transmission at that time, at a cost for labor of $1,200.00 to Mr. Ozarowski.

### Donna Santi

58.    Plaintiff Donna Santi, a resident of the State of Michigan, purchased a new 2003 Saturn Vue with a Vti transmission in November of 2002 from a Saturn dealership in Ft. Myers, Florida for approximately $22,000.00.

59.    During the voluntary extended 75,000 mile warranty period, parts on the Vti transmission were replaced after Ms. Santi complained about transmission problems.  At

-13-        2nd Amended Class Action Complaint

approximately 3,314 miles, transmission repairs were completed by a Saturn dealership in

Ft. Myers, Florida. At approximately 47,216 miles, transmission repairs were completed by a

Saturn dealership in Sterling Heights, Michigan.

60.    Outside the voluntary extended 75,000 mile warranty period, parts on the Vti

transmission were replaced at approximately 77,972 miles by the Saturn dealership in Sterling

Heights, Michigan.

61.    However, when the vehicle reached approximately 102,459 miles (or about

24,487 miles since the last repair), the Saturn dealership in Sterling Heights, Michigan informed

her that the Vti transmission needed to be replaced. The Saturn dealership in Sterling Heights,

Michigan replaced the transmission for the cost of $377.26 to Ms. Santi.

### CLASS ACTION ALLEGATIONS

62.    Plaintiffs bring this class action on behalf of themselves and all others similarly

situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the

numerosity, commonality, typicality, adequacy, predominance and superiority requirements for

maintaining this action under both state and federal law.

63.    The class of persons on whose behalf this action is brought is defined as follows

(the "Class"):

All persons and entities in the United States who own or have owned a 2002-2005 Model

Year Saturn Vue and/or a 2003-2004 Model Year Saturn Ion equipped with a Vti

transmission.

Excluded from the Class are: (1) members of the federal judiciary and (2) GM, its employees,

and any entity in which GM has a controlling interest, including officers and directors and the

-14-        2nd Amended Class Action Complaint

members of their immediate families. Also excluded from the Class are individuals and entities

with claims against GM for personal injuries as a result of the defect alleged herein.

64.     The members of the Class, being geographically dispersed and numbering at least

in the tens of thousands, are so numerous that joinder of them in a single action is impracticable.

GM sold more than 90,000 Saturn vehicles equipped with Vti transmissions.

65.     Plaintiffs can and will fairly and adequately represent and protect the interests of

the Class, as (a) the claims of Plaintiffs are substantially similar (if not identical to) those of

absent Class members, (b) there are questions of law or fact that are common to the Class and

that overwhelmingly predominate over any individual issues, such that by prevailing on his own

claims, Plaintiffs necessarily will establish Defendants' liability as to all Class members,

(c) without the Class representation provided by Plaintiff, virtually no Class members will

receive legal representation or redress for their injuries, (d) Class counsel have the necessary

financial resources to adequately and vigorously litigate this class action, and (e) Plaintiffs and

Class counsel are aware of their fiduciary responsibilities to the Class Members and are

determined diligently to discharge those duties by vigorously seeking the maximum possible

recovery for the Class.

66.     Numerous questions of law and fact that are common to all class members,

including, *inter alia*:

> (a)     Whether Saturn vehicles containing the Vti transmission are defective in
> that: they fail to perform in accordance with the reasonable expectations of
> ordinary consumers; they are not fit and safe for their ordinary, intended,
> and foreseeable use; their risks and dangers outweigh their benefits, if any;
> and/or they would not be offered for sale by a reasonably careful
> manufacturer or seller who knew of their defective nature;

-15-        2nd Amended Class Action Complaint

(b)    Whether GM knew of the defective and potentially unreasonably dangerous nature of vehicles equipped with the Vti transmission at the time those vehicles were sold;

(c)    Whether GM represented, through its advertising, warranties and other representations, that the Vti-equipped Saturn vehicles had characteristics that they did not actually have, or omitted to disclose material facts and actual characteristics regarding the Vti-equipped Saturn vehicles;

(d)    Whether GM made any affirmations of fact or promises relating to the Vti-equipped vehicles that became a basis of the bargain between seller and buyer, and thereby created an express warranty that the vehicles would conform to those affirmations or promises

(e)    Whether the Vti-equipped vehicles conform(ed) to GM's express warranties;

(f)    Whether the Vti-equipped vehicles are merchantable, pass without objection in the trade, and are fit for their ordinary and intended purposes;

(g)    Whether the Vti-equipped vehicles have the value represented by GM;

(h)    Whether Plaintiffs and the Class are entitled to compensatory damages; and

(i)    Whether GM's active concealment and failure to disclose the inherently defective nature of the Vti transmission constituted fraud or misrepresentation.

67.    These common questions of law or fact predominate over any questions or issues affecting individual Class members.

68.    A class action is an appropriate method for the fair and efficient adjudication of this controversy, given that:

-16-    2nd Amended Class Action Complaint

(a)    Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a classwide instead of a repetitive individual basis;

(b)    The size of each Class member's relatively small individual claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

(c)    Few Class members have any interest in individually controlling the prosecution of separate actions (and any who do may opt out);

(d)    Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class members;

(e)    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigation; and

(f)    No unusual difficulties are likely to be encountered in the management of this class action insofar as GM's liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

## COUNT I – STATUTORY CONSUMER FRAUD

69.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs as if fully set forth herein.

70.    At all relevant times there have been in effect substantially similar consumer protection statutes in the various states (the "Consumer Protection Statutes"). Each of the Consumer Protection Statutes prohibits unfair or deceptive practices.

71.    Plaintiffs and members of the Class are "consumers," the Saturn vehicles at issue are "goods" or "merchandise," and the purchase of the Saturn vehicles at issue is a "consumer transaction" within the meaning of the Consumer Protection Statutes.

72.    The vehicles at issue in this action were defectively designed and/or manufactured, as further described above.

73.    As a result of the defective design and/or manufacture of the vehicles, the Vti transmission is inherently prone to premature failure. When the Vti transmission fails, it renders the vehicle inoperable and necessitates very costly repairs, often exceeding the (diminished) value of the vehicle, and may create unreasonably hazardous driving conditions when the failure occurs while the vehicle is being driven.

74.    Upon information and belief, GM had exclusive knowledge of the defect at the time the vehicles were sold, as further described above.

75.    Despite GM's knowledge of the defect in the vehicles, GM failed or refused to disclose the existence of this defect (a material fact that GM was obliged to disclose) to Plaintiffs and members of the Class at the time they purchased their vehicles.

76.    GM intended that Plaintiffs and the Class rely on the omission of the material fact that the vehicles are defective. This omission is contrary to representations, including partial representations, actually made by GM regarding the transmissions and vehicles at issue, as further described above.

-18-        2nd Amended Class Action Complaint

77.    In failing to inform consumers of the defective Vti transmissions, GM has engaged in an unfair, unconscionable, and deceptive act prohibited by the Consumer Protection Statutes.

78.    The omission of this material fact is the type of omission which is likely to and tends to mislead or deceive reasonable consumers acting reasonably under the circumstances.

79.    But for GM's deceptive and unfair act of concealing from Plaintiffs and the Class the existence of the defect in the vehicles, Plaintiffs and the Class members would not have purchased the vehicles.

80.    GM received written notice of its violations of the California Consumers Legal Remedies Act (the "CLRA") on September 4, 2007, from Plaintiff Kelly Castillo on behalf of herself and all others similarly situated, satisfying the notice requirement of the CLRA and any similar requirement in the other Consumer Protection Statutes.  (*See* the notice letter and certified mail receipt attached as Exhibits 1 and 2.)  GM has not responded to this notice, and any additional notice would be futile and unnecessary.

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs request the following relief in favor of themselves and the Class and against GM on Count 1 as follows:

A.    An order certifying the Class and directing that this case proceed as a class action;

B.    Judgment in favor of Plaintiffs and the members of the Class in the amount of actual damages to be determined at trial;

C.    An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest; and

-19-        2nd Amended Class Action Complaint

D.      Such other and further relief as the Court deems appropriate under the

circumstances.

### COUNT II – BREACH OF EXPRESS WARRANTIES

81.     Plaintiffs incorporate by reference the allegations in all preceding paragraphs as if

fully set forth herein.

82.     GM expressly warranted the vehicles at issue to be free of defects in factory

materials and workmanship at the time of sale and for a period of three years or 36,000 miles

and, further, that GM would, at no cost, correct any vehicle defect related to materials or

workmanship during the warranty period.  Such warranties are express warranties within the

meaning of Section 2-313 of the Uniform Commercial Code (UCC) (or the equivalent thereof) in

each of the various states and are further governed by the Magnuson-Moss Warranty Act.

15 U.S.C. §§ 2301, *et seq.*

83.     More specifically, GM's "New Car Limited Warranty" promises that GM "will

provide for repairs to the vehicle" during the warranty period and that "[t]his warranty covers

repairs to correct any vehicle defect related to materials or workmanship occurring" during the

warranty period.

84.     Through advertising and promotional literature, GM boasted that the Vti

transmission represented an "evolutionary step in automatic transmission technology" and touted

the Vti's "robust design," "excellent performance," and "unobtrusive operation."  GM's

promotional literature highlighted that the Vti's "torque converter clutch is constructed of carbon

fiber *for durability*" (emphasis added).  GM represented that the Vti-equipped Saturn Vue was

"tough, versatile [and] at home in almost any environment" and that that the Vti-equipped Ion was "specifically designed and engineered for whatever's next."

85.    GM's representations in its advertising, promotional material, and warranty information became a basis of the bargain between GM and the Plaintiff Class.

86.    Upon information and belief, none of GM's advertising or promotional literature disclosed the Vti's design or manufacturing defects, GM's failure to utilize adequate or customary quality control measures, the inherent unreliability of the Vti, or the elevated and unreasonable risk of a transmission failure that would render the vehicle potentially dangerous and/or inoperable.

87.    At the time of sale and forward, GM has breached these express warranties by selling to Plaintiffs and the Class vehicles equipped with defective Vti transmissions that are, by design, subject to extreme premature wearing and failure and are potentially unsafe – if the vehicles are even operable at all– and/or by refusing to adequately repair or replace their transmissions.

88.    As a direct and proximate cause of GM's breach of express warranties, Plaintiffs and the Class have suffered actual damages and are threatened with irreparable harm by virtue of an elevated and unreasonable risk of serious bodily injury.

89.    Any limitation on the duration of GM's express warranties is unconscionable within the meaning of Section 2-302 of the UCC (or the equivalent thereof in each state), and therefore is unenforceable in that, among other things, vehicles with Vti transmissions contain a latent defect of which GM was actually or constructively aware at the time of sale, and

purchasers lacked a meaningful choice with respect to the terms of the warranty due to unequal

bargaining power and a lack of warranty competition.

90.    Any attempt by GM to repair a defective Vti transmission or to replace one

defectively designed Vti transmission with another defectively designed Vti transmission within

the warranty period could not satisfy GM's obligation to correct defects under the warranty. The

design defect in the Vti transmission -- which unreasonably elevates the risk of premature

failure, immobility and/or potentially dangerous loss of operability of the vehicle – cannot be

remedied through the continued use of a defective Vti transmission.

91.    Any otherwise applicable notice requirement was met by the filing of this action,

and because GM had notice of the defect in Vti-equipped vehicles long before Plaintiffs and the

Class but did nothing to adequately remedy the defect.

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs

request the following relief in favor of themselves and the Class and against GM on Count II as

follows:

A.    An order certifying the Class and directing that this case proceed as a class action;

B.    Judgment in favor of Plaintiffs and the members of the Class in the amount of

actual monetary damages to be determined at trial;

C.    Specific performance of GM's express and implied warranties, striking the

durational limits of the warranties as unconscionable;

D.    An order granting reasonable attorneys' fees and costs, as well as pre- and post-

judgment interest; and

-22-    2nd Amended Class Action Complaint

E.    Such other and further relief as the Court deems appropriate under the circumstances.

### COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

92.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs as if fully set forth herein.

93.    Section 2-314 of the Uniform Commercial Code (or its equivalent in each state) and the Magnuson-Moss Warranty Act govern the implied warranty of merchantability in all of the states at issue in this class action.

94.    As a seller and manufacturer of vehicles, GM is a "merchant" within the meaning of the UCC.

95.    The vehicles at issue in this action are "goods" as defined in the UCC.

96.    Implied in the sale of the vehicles is a warranty of merchantability that requires, among other things, that the vehicles pass without objection in the trade and are fit for the ordinary purposes for which the vehicles are used.

97.    Because the vehicles are defective, as a result of being equipped with a defective Vti transmission as further described above, the vehicles are not able to function in their ordinary capacities and were therefore not merchantable at the times they were sold, as impliedly warranted by GM.

98.    GM was put on notice of the defect by the numerous complaints that GM received concerning the defect, by its own prior knowledge, and by the filing of this action.

99.    Any purported limitation on remedies on the part of GM causes the warranty to fail of its essential purpose and is unconscionable under the circumstances.

-23-            2nd Amended Class Action Complaint

100.    The defect in the vehicles renders them not merchantable and thereby proximately caused Plaintiffs and the Class members who purchased them to suffer damages in an amount to be ascertained at trial.

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs request the following relief in favor of themselves and the Class and against GM on Count III as follows:

A.    An order certifying the Class and directing that this case proceed as a class action;

B.    Judgment in favor of Plaintiffs and the members of the Class in the amount of actual monetary damages to be determined at trial;

C.    Specific performance of GM's express and implied warranties, striking the durational limits of the warranties as unconscionable;

D.    An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest; and

E.    Such other and further relief as the Court deems appropriate under the circumstances.

### COUNT IV – UNJUST ENRICHMENT

101.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs as if fully set forth herein.

102.    This Count is brought against GM pursuant to the common law doctrine of unjust enrichment.

103.    The vehicles that GM manufactured and sold containing the Vti transmission are defective because the Vti transmission is defectively designed and or manufactured, as further described above.

104.    Upon information and belief, GM had knowledge of the defect in the vehicles at the time of sale, as further described above.

105.    Despite GM's knowledge of the defect in these vehicles, GM failed to disclose the existence of this defect (a material fact) to Plaintiffs and the Class when they purchased their vehicles.

106.    Plaintiffs and the Class conferred upon GM, without knowledge of the defect, payment for their vehicles, benefits which were non-gratuitous.

107.    GM accepted or retained the non-gratuitous benefits conferred by Plaintiffs and the Class despite GM's knowledge of the design defect in the vehicles.  Retaining the benefits conferred upon GM by Plaintiffs and the Class under these circumstances made GM's retention of these benefits unjust and inequitable.

108.    Because GM's retention of the benefits conferred by Plaintiffs and the Class is unjust and inequitable, GM must pay restitution in a manner established by the Court.

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs request the following relief in favor of themselves and the Class and against GM on Count IV as follows:

A.    An order certifying the Class and directing that this case proceed as a class action;

B.    Judgment in favor of Plaintiffs and the members of the Class in the amount of actual monetary damages to be determined at trial;

<div align="center">-25-        2nd Amended Class Action Complaint</div>

C.    An order equitably estopping GM from denying warranty coverage of the Vti

transmission after the expiration of the unconscionable durational limits of the

express and implied warranties;

D.    An order granting reasonable attorneys' fees and costs, as well as pre- and post-

judgment interest; and

E.    Such other and further relief as the Court deems appropriate under the

circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable as of right by a jury.

Dated:  September 12, 2008                    Respectfully submitted,


                                              /s/ C. Brooks Cutter
                                              C. Brooks Cutter, SBN, 121407
                                              KERSHAW CUTTER & RATINOFF LLP
                                              401 Watt Avenue
                                              Sacramento, California 95864
                                              Telephone:  (916) 448-9800
                                              Facsimile:  (916) 669-4499


                                              THE LAKIN LAW FIRM, P.C.
                                              Robert W. Schmieder II (admitted *pro hac vice*)
                                              Mark L. Brown (admitted *pro hac vice*)
                                              300 Evans Avenue
                                              P.O. Box 229
                                              Wood River, Illinois 62095
                                              Telephone:  (618) 254-1127
                                              Facsimile:  (618) 254-0193

                        -27-      2nd Amended Class Action Complaint

**<u>Exhibit D</u>**

**Declaration of Bruce LeFevre and Annexed Notice**

Feb-26-09    09:51am    From-CE Direct                    248 447 7564                T-359   P.001/002   F-010

1   GREGORY R. OXFORD (S.B. #62333)
    ISAACS CLOUSE CROSE & OXFORD LLP
2   21515 Hawthorne Boulevard, Suite 950
    Torrance, California 90503
3   Telephone:    (310) 316-1990
    Facsimile:    (310) 316-1330
4
    Attorneys for Defendant
5   General Motors Corporation

6

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  KELLY CASTILLO , NICHOLE            Case No. 2:07-CV-02142 WBS-GGH
    BROWN, and BARBARA GLISSON,
12  *Individually and on behalf of all others*    **DECLARATION OF BRUCE**
    *similarly situated,*                **LEFEVRE**
13
                        Plaintiffs,     Hearing Date:    March 30, 2009
14          v.                          Time:            2:00 p.m.

15  GENERAL MOTORS
    CORPORATION,
16
                        Defendant.
17

18

19  I, Bruce LeFevre, declare and state:

20          1.    I am employed by Campbell-Ewald in Detroit, Michigan as VP, Senior

21  Account Supervisor.  I have personal knowledge of the matters stated herein and could

22  and would competently testify thereto under oath.

23          2.    Among my duties and responsibilities is the coordination of customer

24  mailings for Campbell-Ewald client General Motors Corporation ("GM"), including the

25  mailing of the Notice of Proposed Class Action Settlement ("Notice") in this matter.

26          3.    On or about October 28, 2008, I received from GM's counsel a copy of the

27  Notice which I then arranged to be formatted and printed for mailing to potential class

28  members.

                                    1

4.   On or about December 16, 2008, I received from The Polk Company an electronic mailing list it had generated based on Vehicle Identification Numbers ("VINs") obtained from GM for model year 2002, 2003, 2004 and 2005 Saturn VUEs and model year 2003 and 2004 Saturn IONs with continuously variable VTi transmissions.  Once I received the mailing list, Campbell-Ewald employees working under my direction and supervision in accordance with Campbell-Ewald's normal procedures for GM customer mailings inserted the printed notices in envelopes bearing the addresses from the mailing list and deposited these items in the United States mail from January 12 -13, 2009.  A true and correct copy of the Notice is attached hereto as Exhibit A.  The mailing included 149,541 pieces.  True and correct copies of the mailing receipts are attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 25th day of February, 2009.

Bruce LeFevre

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### THIS NOTICE IS BEING SENT TO YOU BECAUSE
### YOU MAY CURRENTLY OWN OR MAY PREVIOUSLY HAVE OWNED
### A 2002, 2003, 2004 OR 2005 MODEL YEAR SATURN VUE

### OR

### A 2003 OR 2004 MODEL YEAR SATURN ION

### EQUIPPED WITH A CONTINUOUSLY VARIABLE VTi TRANSMISSION

### THIS NOTICE MAY AFFECT YOUR RIGHTS,

### *SO PLEASE READ IT CAREFULLY*

**THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A CLASS ACTION AND, IF YOU ARE A CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS REGARDING THE PROPOSED SETTLEMENT.**

*In the action styled Kelly Castillo, et al. v. General Motors Corporation, United States District Court for the Eastern District of California, plaintiffs and defendant General Motors Corporation ("GM") have negotiated the following proposed settlement which they believe will, if approved by the Court, benefit Class Members. The following is only a summary of the proposed settlement terms and background. Complete copies of the proposed settlement documents are on file with the Court.*

## 1. WHO IS IN THE CLASS

The Class consists of all persons who are residents of the United States and who purchased a new or used 2002, 2003, 2004 or 2005 model year Saturn VUE or 2003 or 2004 model year Saturn ION equipped with a continuously variable VTi transmission ("Vehicles"). Excluded from the Class are (i) any person, firm, trust, corporation, or other entity that purchased Class Vehicles for resale or fleet purposes (including without limitation any authorized Saturn Retailer) and (ii) any person who has filed a lawsuit against GM seeking damages for alleged personal injury or property damage in connection with a VTi transmission.

## 2. DESCRIPTION OF THE LAWSUIT

In October 2007, Plaintiffs filed this lawsuit styled *Kelly Castillo et al., v. General Motors Corporation*, Case No. 2:07-CV-02142 WBS-GGH, in the United States District Court for the Eastern District of California (the "Action"). Plaintiffs on their own behalf and on behalf of the proposed Class allege that the continuously variable VTi transmissions of Class Vehicles are prone to premature failure. They claim that GM by marketing and selling the Class Vehicles equipped with VTi transmissions violated state consumer protection statutes, breached express and implied warranties and was unjustly enriched. GM denies Plaintiffs' legal allegations and contends that it is fully satisfying its warranty obligations to Vehicle owners after it voluntarily extended warranty repair coverage for the VTi transmission in March of 2004 from three years or 36,000 miles, whichever comes first, to five years or 75,000 miles, whichever comes first. GM nonetheless believes that it is appropriate in the interests of customer satisfaction to provide the additional benefits to Class Members that would be made available if the proposed settlement is approved.

3. REASONS FOR THE SETTLEMENT

Counsel for Plaintiffs and the proposed Class ("Class Counsel") have conducted a detailed investigation which included depositions and review of voluminous documents concerning the design, testing and marketing of the VTi transmissions, as well as consultation with independent automotive experts. Based on this investigation Class Counsel have concluded that the proposed settlement, negotiated at arm's length with the assistance of a retired judge, is in the best interests of members of the proposed Class because it will provide immediate and substantial benefits to Class Members while avoiding the uncertainties, substantial delay and expense that would be incurred if litigation of the case continued.

In reaching this settlement, Class Counsel have fully assessed the risks associated with the claims asserted in the Action, including without limitation the requirements that Plaintiffs prove: (i) that the Action is appropriate for class certification treatment; (ii) that the Class Vehicles have a defect that GM was unable to effectively repair under warranty; (iii) that GM in connection with the marketing of the VTi-equipped Vehicles violated differing state consumer protection statutes in fifty states; and (iv) the fact and amounts of damage, if any, experienced by Class Members with respect to more than 90,000 Class Vehicles. Class counsel have also assessed the significant delay in providing benefits to Class Members that would occur even if they were successful in litigating the case through class certification proceedings, trial and a possible appeal. In light of these considerations, Class Counsel believe that the terms of the settlement are fair, adequate, and in the best interests of the Class.

GM vigorously denies any liability in this Action, but also considers it desirable in the interests of customer satisfaction with Saturn products and avoidance of the expense, inconvenience and distraction of litigation that the Action be compromised, settled and dismissed as set forth in the settlement agreement and proposed Final Judgment.

This notice does not express any opinion by the Court concerning the merits of the respective claims or defenses asserted in the Action. This notice is sent merely to advise you of the proposed settlement and of your rights in connection therewith.

4. RELIEF AVAILABLE TO CLASS MEMBERS

If the Court approves the proposed settlement, the benefits available to Class Members will include the following:

(1) Reimbursement for out-of-pocket expenses relating to the previous inspection, repair, or replacement of a malfunctioning VTi transmission, including related towing and rental car expenses, subject to specific time and mileage limitations ("Past Reimbursable Expenses");

(2) Reimbursement for out-of-pocket expenses based on a previous trade-in of a Class Vehicle with VTi transmission malfunction at the time of trade-in ("Trade-In with Transmission Malfunction Reimbursement"), subject to specific time and mileage limitations; and

(3) Reimbursement for out-of-pocket expenses relating to the future inspection, repair or replacement of a malfunctioning VTi transmission, including related towing and rental care expenses, subject to specific time and mileage limitations ("Future Reimbursable Expenses").

Under the terms of the proposed settlement, reimbursable expenses will include (a) costs to inspect, repair or replace a malfunctioning VTi transmission, (b) costs to rent a replacement vehicle or secure other transportation while the Class Vehicle's malfunctioning VTi transmission is/was being inspected, repaired or replaced, (c) costs to tow or transport the Class Vehicle to the place(s) where the VTi transmission is/was inspected, repaired or replaced, and (d) costs relating to the trade-in of a Class Vehicle with a malfunctioning VTi transmission at the time of trade-in, as further limited and defined below.

To be reimbursable, the expense must be incurred (1) within 125,000 miles of the original retail sale or lease of the Class Vehicle and (2) within the time limitations set forth in Paragraph B (if applicable) and Chart A on page 4.

GM will reimburse any Class Member who incurs Past Reimbursable Expenses on or before the date of Final Judgment (*i.e.*, the date of final approval of the settlement by the United States District Court) based on the percentages shown in Chart B on the reverse side. To obtain reimbursement, the Class Member must submit a Claim Form from the Saturn Retailer or other repair shop bills showing the date, mileage and amount of the repair costs paid by the Class Member and, if applicable, receipts showing the rental car, alternative transportation or towing costs incurred by the Class Member.

All claims for Past Expense Reimbursement will have to be submitted no later than one year after the Effective Date of the proposed settlement, as more specifically defined in the Stipulation of Settlement, but essentially the date upon which the Final Judgment of the Court approving the settlement becomes final and is no longer subject to any possible appeal. This deadline will be clearly stated on the Claim Forms that Class Members will receive after the Effective Date.

### B. Past Trade-In With Transmission Malfunction Reimbursement

To claim reimbursement if the Class Member traded in a Class Vehicle with a VTi transmission malfunction, the Class Member must submit a Claim Form and provide contemporaneous dealer documentation including (1) a sales contract including the Vehicle Identification Number ("VIN") of the Class Vehicle that was traded in and (2) a contemporaneous VTi transmission repair estimate referencing the same VIN dated on or before the trade-in date. The reimbursement to the Class Member shall equal the repair estimate multiplied by the applicable percentage shown on Chart B based on the Vehicle's mileage and the Class Member being either a New or Used Vehicle Purchaser. *Class Members will be entitled to seek reimbursement of trade-in losses only upon proof that the Class Vehicle was traded in before January 9, 2009.*

### C. Future Expense Reimbursement

GM will reimburse any Class Member who incurs Future Reimbursable Expenses after the date of Final Judgment based on the percentages shown in Chart B on the reverse side, provided that the Class Member incurs the expense and submits the claim within the time limits set forth in Chart A on the reverse side. To obtain reimbursement, the Class Member must submit a Claim Form from the Saturn Retailer or other repair shop bills showing the date, mileage and amount of the repair costs paid by the Class Member and, if applicable, receipts showing the rental car, alternative transportation or towing costs incurred by the Class Member. GM shall use its best efforts to issue checks for Future Reimbursable Expenses to Class Members within ten (10) General Motors business days of receipt of the Claim Form with all required supporting documentation. Upon written request by the Class Member, GM shall also issue checks for Future Expense Reimbursement payable jointly to the Class Member and a Saturn Retailer or other repair shop specified by the Class Member.

| Model Year | Date Before Which Expense is Reimbursable | Claim Submission Deadline for Future Service Expenses |
|---|---|---|
| 2002 | January 1, 2010 | March 1, 2010 |
| 2003 | January 1, 2011 | March 1, 2011 |
| 2004 | January 1, 2012 | March 1, 2012 |
| 2005 | January 1, 2012 | March 1, 2012 |

**CHART B**

| Vehicle Mileage[1] | GM Reimbursement (New[2]) | GM Reimbursement (Used) |
|---|---|---|
| 100,000 or less | 100 percent | 75 percent |
| 100,101–125,000 | 75 percent | 30 percent |

For each VTi transmission repair or replacement using genuine Saturn or GM parts, such replacement parts will be covered by the standard GM Service Parts Operations warranty for a period of 12 months or 12,000 miles, whichever comes first.

For a claim involving a Past Reimbursable Expense, a Trade-in With Transmission Malfunction Expense Reimbursement or a Future Reimbursable Expense incurred before the Effective Date of the Settlement, GM will have the right to reduce the amount to be reimbursed by any amount previously paid by GM or any affiliate of GM for that same repair or trade-in expense. GM, however, will have no right to reduce the amount of any other claim for Future Reimbursable Expenses subject to appropriate verification of the amount of such expenses and the Class Member's eligibility for reimbursement. Notwithstanding the foregoing, GM shall have the right to enforce fully the terms of any release, judgment, arbitration award or other adjudication obtained in connection with any Class Member's prior claim relating to the alleged malfunction or failure of a VTi transmission.

If the settlement is approved by the Court, you will receive another notice that will include the Claim Form and explain how you can claim benefits under the settlement.

## 5. DISMISSAL AND RELEASE OF CLAIMS

If the proposed Settlement Agreement is approved by the Court, then all claims that were or could have been asserted in this Action will be dismissed with prejudice. None of those claims may thereafter be asserted by anyone who remains in the Class. If the Court does not approve the proposed settlement, the Settlement Agreement will terminate and shall be null and void, and this Action will remain before the Court.

1) Mileage at time Past or Future Reimbursable Expense is incurred.
2) To qualify for reimbursement as a "new" vehicle purchaser, the Class Member must be the original retail purchaser or lessee of the Class Vehicle.

**6. CHOICES AS A CLASS MEMBER**

If you qualify to be a Class Member, you have the following choices: (a) you may remain in the Class and be eligible to request benefits under the proposed settlement if it is approved by the Court by submitting a Claim Form that will be mailed to you; (b) if you do not wish to remain in the Class, you may exclude yourself by sending a formal, written request for exclusion; or (c) you may remain in the Class and file with the Court a written objection to the proposed settlement. **If you wish to remain in the class, you do not need to take any action.**

**7. EXCLUSION FROM THE CLASS**

To request exclusion, you must send a written request for exclusion to Class Counsel: The Lakin Law Firm, P.C., 300 Evans Avenue, P.O. Box 229, Wood River, IL 62095. You must include in your request for exclusion *(i)* your name, address, and telephone number, *(ii)* a statement that you want to be excluded from the Class, *(iii)* the name of the Action appearing in this Notice, and *(iv)* your signature. If you exclude yourself from the Class, you will not be eligible for any settlement relief or be permitted to participate in the proposed settlement. Your written request for exclusion must be received no later than <u>February 18, 2009</u>, or you will lose your right to request exclusion and you will be bound by the settlement and by all orders and judgments in this Action.

**8. FAIRNESS HEARING, DATE AND LOCATION**

The Court will hold a Fairness Hearing to consider and then decide whether to certify the proposed Class, approve the proposed Settlement Agreement and determine the amount of Incentive Fees to award to Class Representatives and Attorneys' Fees and Expenses to award to Class Counsel. The hearing is scheduled for <u>March 30, 2009</u>, at <u>2:00 p.m.</u>, in the United States District Court for the Eastern District of California, Courtroom 5 (Hon. William B. Shubb), 501 I Street, Sacramento, CA 95814.

**9. PRELIMINARY INJUNCTION PENDING FAIRNESS HEARING**

Pending the Fairness Hearing, all potential Class Members who do not timely exclude themselves from the Class are preliminarily enjoined and barred *(i)* from filing, commencing, prosecuting, intervening in, or participating as class members in, any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims; and *(ii)* from filing, commencing or prosecuting any other lawsuit as a class action on behalf of Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

**10. YOUR RIGHT TO OBJECT AND APPEAR**

If you do not exclude yourself from the class, you may file a written objection to the proposed settlement. Your written objection must be verified by sworn affidavit and include: *(i)* the objector's name, address and telephone number; *(ii)* the name of the Action and the case number; *(iii)* a statement of each objection; and *(iv)* a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). If the objection is presented through an attorney, the written objection must also include: *(i)* the identity and number of Class Members represented by objector's counsel; *(ii)* the number of such represented Class Members who have opted out of the settlement; *(iii)* the number of such represented Class Members who have remained in the settlement and have not objected; *(iv)* the date the objector's counsel assumed representation for the objector, and *(v)* a list of the names of all cases where the objector's counsel has objected to a class action settlement in the last three years. Objecting Class Members who intend to testify in support of their objection either in person or by affidavit must also make themselves available for deposition by Plaintiffs' counsel and/or Defendants' counsel in their county of residence, between the time the objection is filed and at least seven (7) days before the date of the Fairness Hearing. You must file your written objection with the Clerk of the Court and send copies to Class Counsel and Defendants' counsel for receipt no later than <u>February 23, 2009</u>, at the following addresses:

Robert W. Schnieder II                          Gregory R. Oxford
Mark L. Brown                                   Isaacs Clouse Crose & Oxford LLP
The Lakin Law Firm, P.C.                        21515 Hawthorne Boulevard, Suite 950
300 Evans Avenue                                Torrance, CA 90503
P.O. Box 229
Wood River, IL 62095

As a Class Member, if you file and serve a written objection as described above, you may appear at the Fairness Hearing, either in person or through an attorney paid by you, to object to the proposed settlement. If you or your attorney intend to appear, you must file a Notice of Intention to Appear with the Clerk of the Court that includes *(i)* how much time you or your lawyer anticipates will be required to present the objection; *(ii)* the name, address and telephone number of all witnesses who will testify and a detailed summary of such testimony; *(iii)* identification of all exhibits to be offered in support of your objection and attach complete copies of all such exhibits. Notices of Intention to Appear must be filed with the Court and delivered to Class Counsel and Defendants' Counsel no later than February 23, 2009, in order to be allowed to appear at the Fairness Hearing.

## 11. ATTORNEYS' FEES, CLASS REPRESENTATIVE FEES, AND LITIGATION COSTS AND EXPENSES

Subject to Court approval, GM has agreed to pay up to $2,500.00 to each of the seven named plaintiffs in the Action for the time, effort and expense incurred by them in connection with the litigation. GM has also agreed, subject to Court approval, to pay a separate sum not to exceed $4,425,000.00 in full payment of the fees, costs and expenses of Class Counsel. In addition, GM shall pay the cost of notice and of the claims administration. These amounts do not reduce the relief available to Class Members and are in addition to and separate from all other benefits available to Class Members under the settlement. Class Members will have no personal liability for any attorneys' fees or costs associated with the Action.

## 12. ADDITIONAL INFORMATION

This Notice is only a summary of the proposed settlement. The full proposed Agreement, along with the pleadings and other papers, are on file with the Clerk of the Court. If you have any questions regarding the proposed settlement, then you may contact Class Counsel at saturnvti.classaction@lakinlaw.com, (618) 251-2498, or at the above address.

### PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

Feb-25-09    12:06pm    From-CE Direct                        248 447 7564            T-354    P.001/002    F-003

**UNITED STATES POSTAL SERVICE.**

| Feedback | Personal Profile | Logout |

Restricted Information

Transactions > Postage Statement Processing                                    Today's Date: 01/13/2009
First-Class Mail - Permit Imprint    ▶ Receipt

**Final**

| 3600 | POSTAL SERVICE STATEMENT OF MAILING/3607 WEIGHING AND DISPATCH CERTIFICATE | TRANS # 200901316222430M0 CAPS TRANS NO: N/A |
|---|---|---|
| Postage Statement: 64175463 | Mailer's Job#:    *Castillo* | |

GENERAL MOTORS C/O CAMPBELL- EWALD
30400 VAN DYKE AVE
WARREN MI    48093-2368

FINANCE NUMBER: 252490

| STATION OR UNIT: | DETROIT MI (0509C) | | PERMIT NO: 46 |
|---|---|---|---|
| DATE OF MAILING 01/13/2009 | CLASS First-Class | PROC CAT Letter | TYPE PI |
| WEIGHT OF SINGLE PIECE (LBS) 0.0524 | TOTAL PIECES 66409 | TOTAL POUNDS 3,457.0000 | Customer Reference ID ____ CAPS Acct No: _____ |

MAILED BY:
PERMIT NO. 80470
NAME: RENKIM
CORPORATION

| CONTAINERS 299 | AMOUNT FROM TRUST: $23,345.08 | |
|---|---|---|

VERIFICATION SUMMARY:

MERLIN ERRORS:
POSTNET Barcode: 96%
Presort Error: 0%
Short Paid: 0%

| SIGNATURE OF WEIGHER | KDP DATA PROCESSED BY | RECEIVED FOR PROCESSING BY |
|---|---|---|
| COMMENTS: 294 trays--5 Plts. | | BEGINNING BALANCE: $34,952.96 ENDING BALANCE: $11,607.88 |

mailing has been inspected concerning:
(1) eligibility for postage prices claimed;
(2) proper preparation *(and presort where required)*;
(3) proper completion of postage statement; and
(4) payment of annual fee *(if required)*.

| Feedback | Logout |
Copyright © 1999-2009 USPS. All Rights Reserved.
Terms of Use

Feb-25-09    12:06pm    From-CE Direct                    248 447 7564              T-354    P.002/002    F-003

USPS PostalOne!
Case 2:07-cv-02142-WBS-GGH      Document 65-3      Filed 02/27/2009      Page 2 of 2    Page 1 of 1

**UNITED STATES POSTAL SERVICE**

| Feedback | Personal Profile | Logout |

Restricted Information

Transactions > Postage Statement Processing 🌐                                    Today's Date: 01/12/2009
First-Class Mail - Permit Imprint    ▶ Receipt

**Final**

| 3600 | POSTAL SERVICE STATEMENT OF MAILING/3607 WEIGHING AND DISPATCH CERTIFICATE | TRANS # 200901220173068M0 CAPS TRANS NO: N/A |
|---|---|---|
| Postage Statement: 64134698 | Mailer's Job#: | |

GENERAL MOTORS C/O CAMPBELL- EWALD
30400 VAN DYKE AVE
WARREN MI    48093-2368

FINANCE NUMBER: 252490

| STATION OR UNIT: | DETROIT MI (0509C) | | PERMIT NO: 46 |
|---|---|---|---|
| DATE OF MAILING 01/12/2009 | CLASS First-Class | PROC CAT Letter | TYPE PI |
| WEIGHT OF SINGLE PIECE (LBS) 0.0528 | TOTAL PIECES 83132 | TOTAL POUNDS 4,388.2000 | Customer Reference ID ____ CAPS Acct No: ____ |

MAILED BY:
PERMIT NO. 80470
NAME: RENKIM
CORPORATION

| CONTAINERS 380 | AMOUNT FROM TRUST: $28,709.57 | |
|---|---|---|

VERIFICATION SUMMARY:

MERLIN ERRORS:
POSTNET Barcode: 100%
Presort Error: 0%
Short Paid: 0%

| SIGNATURE OF WEIGHER | KDP DATA PROCESSED BY | RECEIVED FOR PROCESSING BY |
|---|---|---|
| COMMENTS: 374 trays--6 Plts. | | BEGINNING BALANCE: $63,662.53 ENDING BALANCE: $34,952.96 |

mailing has been inspected concerning:
(1) eligibility for postage prices claimed;
(2) proper preparation (and presort where required);
(3) proper completion of postage statement; and
(4) payment of annual fee (if required).

| Feedback | Logout |
Copyright © 1999-2009 USPS. All Rights Reserved.
Terms of Use

**<u>Exhibit E</u>**

**Final Judgment**

Case 2:07-cv-02142-WBS-GGH    Document 74    Filed 04/16/09    Page 1 of 6

1   ROBERT W. SCHMIEDER II (*pro hac vice*)
    MARK L. BROWN (*pro hac vice*)
2   THE LAKIN LAW FIRM, P.C.
    300 Evans Avenue
3   P.O. Box 229
    Wood River, Illinois 62095
4   Telephone:   (618) 254-1127
    Facsimile:   (916) 254-0193
5

6   C. BROOKS CUTTER (S.B. #121407)
    KERSHAW, CUTTER & RATINOFF LLP
7   401 Watt Avenue
    Sacramento, California 95864
8   Telephone:   (916) 448-9800
    Facsimile:   (916) 669-4499

9   Attorneys for Plaintiffs

10   GREGORY R. OXFORD (S.B. #62333)
    ISAACS CLOUSE CROSE & OXFORD LLP
11   21515 Hawthorne Boulevard, Suite 950
    Torrance, California 90503
12   Telephone:   (310) 316-1990
    Facsimile:   (310) 316-1330
13

14   Attorneys for Defendant
    General Motors Corporation

15

16

17               **UNITED STATES DISTRICT COURT**

18               **EASTERN DISTRICT OF CALIFORNIA**

19

20   KELLY CASTILLO, NICHOLE
    BROWN, and BARBARA GLISSON,
21   *Individually and on behalf of all others
    similarly situated,*
22

23               Plaintiffs,

24         v.

25   GENERAL MOTORS
    CORPORATION,
26

              Defendants.
27

28

| Case No. 2:07-CV-02142 WBS-GGH |
| **FINAL JUDGMENT** |
| Honorable William B. Shubb |

1

1   This matter having come before the Court on the application of Plaintiffs,

2   individually and as representatives of a class of similarly situated persons (collectively,

3   "Plaintiffs"), and General Motors Corporation ("Defendant") for approval of the

4   settlement set forth in the Stipulation of Settlement and the exhibits thereto (collectively

5   the "Agreement"), and the Court having considered all papers filed, all evidence

6   submitted and proceedings had herein and otherwise being fully informed;

7   IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

8   1.    The Court has jurisdiction over the subject matter of this litigation,

9   and over all parties to the litigation, including all members of the proposed Class defined

10  as all residents of the United States who as of January 13, 2009, own or have owned a

11  model year 2002, 2003, 2004 or 2005 Saturn VUE or model year 2003 or 2004 Saturn

12  ION equipped with a continuously variable VTi transmission ("Class Vehicle") excluding

13  (i) any person, firm, trust, corporation, or other entity that purchased Class Vehicles from

14  GM, or any entity related or affiliated with GM, for resale or fleet purposes (including

15  without limitation any authorized Saturn Retailer) and (ii) any person who has instituted

16  an action for damages for property damage or personal injury against GM related to the

17  VTi transmission of a Class Vehicle ("Class").  Excluded from the Class are members of a

18  Subclass consisting of persons otherwise falling within this Class definition but (1) to

19  whom Notice of the Settlement inadvertently was not mailed prior to the Settlement

20  Approval hearing and (2) who did not otherwise receive timely notice of the Settlement.

21  2.    Pursuant to Rule 23(a), Federal Rules of Civil Procedure, the Court

22  finds that the members of the proposed Class are so numerous that joinder of all members

23  is impracticable, that there are questions of law and fact common to the Class, that the

24  claims of the named plaintiffs are typical of the claims of Class and that the named

25  plaintiffs have fairly and adequately represented the Class and will continue to do so.

26  Pursuant to Rule 23(b), Federal Rules of Civil Procedure, the Court further finds that

27  questions of fact common to the Class predominate over factual questions affecting only

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter having come before the Court on the application of Plaintiffs, individually and as representatives of a class of similarly situated persons (collectively, "Plaintiffs"), and General Motors Corporation ("Defendant") for approval of the settlement set forth in the Stipulation of Settlement and the exhibits thereto (collectively the "Agreement"), and the Court having considered all papers filed, all evidence submitted and proceedings had herein and otherwise being fully informed;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1    The Court has jurisdiction over the subject matter of this litigation, and over all parties to the litigation, including all members of the proposed Class defined as all residents of the United States who as of January 13, 2009, own or have owned a model year 2002, 2003, 2004 or 2005 Saturn VUE or model year 2003 or 2004 Saturn ION equipped with a continuously variable VTi transmission ("Class Vehicle") excluding (i) any person, firm, trust, corporation, or other entity that purchased Class Vehicles from GM, or any entity related or affiliated with GM, for resale or fleet purposes (including without limitation any authorized Saturn Retailer) and (ii) any person who has instituted an action for damages for property damage or personal injury against GM related to the VTi transmission of a Class Vehicle ("Class"). Excluded from the Class are members of a Subclass consisting of persons otherwise falling within this Class definition but (1) to whom Notice of the Settlement inadvertently was not mailed prior to the Settlement Approval hearing and (2) who did not otherwise receive timely notice of the Settlement

2    Pursuant to Rule 23(a), Federal Rules of Civil Procedure, the Court finds that the members of the proposed Class are so numerous that joinder of all members is impracticable, that there are questions of law and fact common to the Class, that the claims of the named plaintiffs are typical of the claims of Class and that the named plaintiffs have fairly and adequately represented the Class and will continue to do so Pursuant to Rule 23(b), Federal Rules of Civil Procedure, the Court further finds that questions of fact common to the Class predominate over factual questions affecting only

2

1    individual members and that a class action is superior to other available methods for the

2    fair and efficient adjudication of the controversy. Accordingly, the Court certifies the

3    Class as defined in paragraph 1 above.

4        3.    The Court hereby finds that; (a) the settlement memorialized in the

5    Stipulation of Settlement previously filed with the Court ("Agreement") has been entered

6    into in good faith and was concluded after Class Counsel had conducted an extensive

7    investigation concerning the issues raised by Plaintiffs' claims; (b) the settlement

8    evidenced by the Agreement is fair, reasonable and adequate as to, and in the best

9    interests of, the Class Members, (c) the settlement delivers benefits to the Class in a

10   timely manner while resolving complex issues that would require expensive and long-

11   lasting litigation, (d) the Agreement was the result of extensive arms' length negotiations

12   among highly experienced counsel, with full knowledge of the risks inherent in this

13   litigation; (e) there is no evidence of collusion or fraud in connection with the settlement,

14   (f) the investigation conducted to date suffices to enable the parties and the Court to make

15   an informed decision as to the fairness and adequacy of the settlement, (g) the case raised

16   complex and vigorously contested issues of law and fact that would result in complex,

17   expensive, and lengthy litigation, (h) the Plaintiffs faced significant risks in establishing

18   liability and damages, and (i) the release is tailored to address the allegations in the case

19       4.    Accordingly, the Court hereby orders and declares (a) the Agreement

20   is approved by the Court and shall be binding on all Class Members; and (b) the

21   Agreement as approved by this final judgment is and shall be binding and preclusive in all

22   pending and future lawsuits or other proceedings whether in state or federal court  Each

23   and every term and condition of the Agreement as a whole (including its attached

24   exhibits) is approved as proposed and is to be effective, implemented, and enforced as

25   provided in the Agreement.

26       5.    The Court finds that the Class Notice and methodology implemented

27   pursuant to this Court's Preliminary Approval Order provided the best notice practicable

28

1  under the circumstances  The Court further finds that the Class Notice advised each

2  member of the Class, in plain easily understood language. (a) the nature of the suit, (b) the

3  definition of the Class certified; (c) the class claims, issues, and defenses; (d) that a Class

4  Member could enter an appearance through counsel if desired, (e) that the Court would

5  exclude from the Class any member who timely requested exclusion by a specified date;

6  and (f) that the judgment incorporating the settlement will fully release Defendant,

7  dismiss this lawsuit with prejudice, and include and bind all members of the Class who

8  did not timely request exclusion.  The Court finds that the Class Notice and methodology

9  fully complied with all applicable legal requirements, including the Due Process Clause of

10  the Constitution of the United States and the Federal Rules of Civil Procedure.

11  　　　　6.　　The Court also finds that the Final Notice and the post-settlement

12  notice methodology to be implemented pursuant to the Agreement will provide the best

13  practicable notice under the circumstances of the Judgment and Claim Form to all Class

14  Members, and the Court further finds that the Final Notice and methodology constitute

15  due, adequate and sufficient notice to all persons entitled to receive notice, and fully

16  comply with all applicable requirements of law, including the Due Process Clause of the

17  Constitution of the United States and the Federal Rules of Civil Procedure.

18  　　　　7.　　The Court finds that Class Counsel and the Class representatives

19  adequately represented the Class for purposes of entering into and implementing the

20  Agreement.

21  　　　　8.　　The terms of the Agreement as approved by this final judgment shall

22  be forever binding on, and shall have *res judicata* effect and preclusive effect in, all

23  pending and future lawsuits or other proceedings that may be maintained by or on behalf

24  of the Plaintiffs or any Class Members, as well as their collective heirs, executors,

25  administrators, successors and assigns, relating to the Action and/or the Released Claims

26  (as defined in the Agreement)

27  　　　　9　　The preceding paragraph of this Judgment covers, without limitation,

28

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or the Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this Action, the administration of the settlement and/or the Released Claims.

     10.    All Class Members who did not timely exclude themselves from the Class are, from this day forward, hereby permanently barred and enjoined from:

     (a)    filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to: (i) the claims and causes of action asserted or that could have been asserted in this Action; (ii) the facts and circumstances relating to this Action; or (iii) the Released Claims, or

     (b)    organizing Class Members, or soliciting the participation of Class Members, in a separate class for purposes of pursuing as a purported class action any other lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to: (i) the claims and causes of action asserted or that could have been asserted in this Action; (ii) the facts and circumstances relating to this Action, or (iii) the Released Claims.

     11    Class Representatives are each awarded $2,500 for their roles in this litigation ("Incentive Fees"). Class Counsel and Local Counsel are hereby awarded the total sum of $4,425,000 in attorneys' fees, costs and expenses ("Attorneys' Fees and Expenses") Defendant shall pay the Incentive Fees and Attorneys' Fees and Expenses in accordance with the Settlement Agreement Defendant shall have no responsibility for and no liability with respect to the allocation of Attorneys' Fees to Class Counsel or any other person who may assert some claim thereto

     12    Neither this Judgment nor the Agreement (nor any document referred to herein or any action taken to carry out this Final Judgment) is, may be construed as, or

5

may be used as an admission by Defendant of the validity of any claim, of actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Agreement and any negotiations or proceedings relating to the settlement shall not in any event be construed as, or deemed to be evidence of, an admission or concession of the Defendant and shall not be offered or received into evidence in any action or proceeding against any party hereto in any court, judicial, administrative, regulatory hearing, arbitration, or other tribunal or proceeding for any purpose whatsoever, except in a proceeding to enforce the Agreement. This Final Judgment and the Agreement it approves (including exhibits thereto) may, however, be filed in any action against or by the Defendant to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.   All individual claims by Class Members and all Class claims asserted or that could have been asserted herein by Class Members, are hereby DISMISSED WITH PREJUDICE, without fees, costs, or expenses to any party except as otherwise provided herein. Pursuant to Rule 54(b), Fed. R. Civ. P., the Court finds that there is no just reason for delay and expressly directs that this judgment be entered forthwith, without prejudice to the rights of members of the Subclass consisting of persons who otherwise fall within the Class definition but (a) to whom Notice of the Settlement inadvertently was not mailed prior to the Settlement Approval hearing and (b) did not otherwise receive timely notice of the Settlement.

DATED:  April 14, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6

**<u>Exhibit F</u>**

**GM Administrative Message G_0000020717**

Important                          **Archived**

---

Date: 02/03/2009          Ref. number: Service / Service Operations /
G_0000020717

Subject: **2002-2005 Saturn VUE and 2003-2004 Saturn ION - Pending VTi
Transmission Class Action Settlement**

---

## GM SERVICE AND PARTS OPERATIONS

### URGENT - DISTRIBUTE IMMEDIATELY

Date:          February 3, 2009

Subject:       Pending VTi Transmission Class Action Settlement

Models:        2002-2005 Saturn VUE
               2003-2004 Saturn ION

To:            All Saturn Retailers

Attention:     Dealer Operator, General Manager, Service Manager

               and Warranty Manager

This message is intended to update and clarify Saturn Wholesale
and Retail organizations on customer handling and potential questions
that may surface regarding the pending VTi transmission class action
settlement of the 2002-2005 Saturn VUE and 2003-2004 Saturn ION.

The attached customer notification letter containing the proposed
settlement terms was mailed to the involved Saturn owners on
January 9, 2009.  The settlement has not been finally approved
by the court.  However, the court has scheduled a hearing on

GMCASTILLO-E000000147

March 30, 2009 and involved owners will receive a notification from Saturn when the settlement is approved along with applicable claim forms.

In brief, the settlement calls for not only repair of VTi related concerns but also reimbursement of covered repair expenses, and reimbursement of eligible past repairs within the following guidelines:

New vehicle owners at less than 100,000 miles = 100%

New vehicle owners at 100,001 - 125,000 miles = 75%

Used vehicle owners at less than 100,000 miles = 75%

Used vehicle owners at less 100,001 - 125,000 miles = 30%

Saturn retailers and wholesale representatives are reminded that Saturn owner reimbursement checks are to be provided by the Saturn Retailer who will then process their repayment using Global Warranty Management (the Customer Assistance Center does not process reimbursements for Saturn owners).

Saturn will continue to review, on a case-by-case basis, requests for assistance with VTi transmission repair expenses for eligible vehicles which are outside the time and/or mileage limits of the special policy in line with the criteria agreed to in the tentative settlement as set forth above.  For example, a used vehicle owner with less than 100,000 miles on an eligible vehicle who otherwise would qualify for goodwill assistance will be reimbursed for 75% of the VTi related transmission repair expenses.

Please continue to immediately evaluate and process all current vehicle repairs and owner reimbursement requests for previous VTi related concerns in line with these criteria until further notice.  We believe this will enhance customer satisfaction without the delay in waiting for ultimate final settlement approval.

Your Customer Assistance Center District Specialist is available to answer any questions.

GMCASTILLO-E000000148

END OF MESSAGE

GM SERVICE AND PARTS OPERATIONS

Message Attachment(s):

    VTi Customer Notice 0109.pdf  Acrobat PDF  (4.446MB)

    VTi Customer Notice

| Contact name: | Annie K Chi | | E-Mail: | annie.chi@gm.com |

Department: Service - Brand Quality          Phone:

Intended roles: Warranty Administrator,  Service Manager,  General Manager,  Dealer

Archives:  03/03/2009          Expires:  02/03/2010

| | 20 | SUBJECT | ASC | | |
|---|---|---|---|---|---|
| saturn vti settlem | | | | | |
| | All | true | true | true | |
| false | | | | 2 | 1 |
| All | All | true | true | http://gmmsg.iw .g | msgPreview Pane |
| false | searchContent | usageMetrics | | gm_messenger_ | HomeContainer |
| searchResultMes | All | http://gmmsg.iw .g | http://gmmsg.iw .g | | |

Bottom of Form

Sample

**<u>Exhibit G</u>**

**Individual Claims**

01994494
APS0614268991



## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
- ☑ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)   WASHINGTON LEE IRA

**Name and address where notices should be sent**

WASHINGTON LEE IRA
6111 S WEATHERBY DR
SHREVEPORT LA 71129-3922

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number.** _____
(If known)

Filed on _____

Telephone number   Hm 318-688-4448 / 318-423-0386
Email Address   LWCAMARO @ AOL.com

**Name and address where payment should be sent** (if different from above)
Same as above

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

FILED - 09127
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☐ Check this box if you are the debtor or trustee in this case

Telephone number

*Stamp:* THE GARDEN CITY GROUP, INC. OCT 13 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1** Amount of Claim as of Date Case Filed, June 1, 2009.   $  1594.51

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim**   Expenses Incurred For Faulty 2003 Saturn Vue
(See instruction #2 on reverse side)   VTi Transmission

**3** Last four digits of any number by which creditor identifies debtor   9703

**3a** Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $ _____   Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed Included in secured claim, if any $ _____

Basis for perfection _____

Amount of Secured Claim $ _____   Amount Unsecured $ _____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary *(See instruction 7 and definition of redacted on reverse side)*

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☑ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$ 1594.51

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**FOR COURT USE ONLY**

**Date** 10-6-09

**Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

*Lee D Washington*

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

**Modified B10 (GCG) (12/08)**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)                                    Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)     09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                      09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )       09-13558 (REG)

*Your Claim is Scheduled As Follows.*

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 USC § 503(b)(9) (see item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 USC § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)   Sean K Emerson

**Name and address where notices should be sent**

Sean Emerson
3817 NE 41st St
Vancouver WA 98661

Telephone number 503 803 1686
Email Address SKemerson@spamcop.Net

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
*(If known)*

Filed on _____

**Name and address where payment should be sent** (if different from above)

FILED - 17445
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars
See attachment A
☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1. Amount of Claim as of Date Case Filed, June 1, 2009** $ 4,410.97

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 5  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges   See attachment A

**2  Basis for Claim** See Attachment A
(See instruction #2 on reverse side)

**3.  Last four digits of any number by which creditor identifies debtor** _____

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side)

**4  Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☒ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:  See attachment A

Value of Property $ _____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____

Basis for perfection:  UCC Financing Statement

Amount of Secured Claim $ 4410.97  Amount Unsecured $ _____   See Attachment A

**5**  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  **If any  portion of your claim falls in one of the following categories, check the box and state the amount**

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950* ) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes  purchase orders, invoices, itemized statements or running accounts  contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

| Date: 10-24-09 | **Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any | FOR COURT USE ONLY |
|---|---|---|

*Sean K Emerson*   Sean K. Emerson

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

THE GARDEN CITY GROUP INC.   OCT 29 2009

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**
☐ Motors Liquidation Company (f/k/a General Motors Corporation)   Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )   09-13558 (REG)

**Your Claim is Scheduled As Follows**

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 USC § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 USC § 503*

Name of Creditor (The person or other entity to whom the debtor owes money or property) **LAURITA FAUBEL**

Name and address where notices should be sent
**2362 Lily Pad Lane**
**Kissimmee, FL**
**34743**
Telephone number **(407) 288-5682**
Email Address **brian99112@yahoo.com**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
*(If known)*

Filed on _____

Name and address where payment should be sent (if different from above)

**FILED - 18051**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**
Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

(stamp: THE GARDEN CITY GROUP INC   OCT 30 2009)

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1. Amount of Claim as of Date Case Filed, June 1, 2009.** $ **4417.07**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2. Basis for Claim.** _____
(See instruction #2 on reverse side )

**3. Last four digits of any number by which creditor identifies debtor** _____

**3a.** Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4 Secured Claim (See instruction #4 on reverse side )**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property  $ _____   Annual Interest Rate ____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $ _____

Basis for perfection. _____

Amount of Secured Claim  $ _____   Amount Unsecured  $ _____

**6. Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  *(See instruction 7 and definition of "redacted" on reverse side )*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5. Amount of Claim Entitled to Priority under 11 USC § 507(a)**

If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 USC § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 USC § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 USC § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 USC § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 USC § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 USC § 507(a)(2))

☐ Other – Specify applicable paragraph of 11 USC § 507(a)(__)

Amount entitled to priority
$ _____

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

Date **10/29/09**

Signature: The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

**Laurita A. Faubel     LAURITA A FAUBEL**

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 USC §§ 152 and 3571
Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

| | Case No |
|---|---|
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  If other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)

Name and address where notices should be sent

*Bobbie J Campbell Enlow*
*305 County Road 123*
*Hesperus, Co 81326*

Telephone number  *970-259-2111*
E mail Address   *N/A*

Name and address where payment should be sent (if different from above)

**FILED - 18406**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number

☑ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____
*See attachment A*

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**Your Claim is Scheduled As Follows.**

[stamp: THE GARDEN CITY GROUP, INC. NOV 2 2009]

If an amount is identified above, you have a claim scheduled by the Debtor as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file it again

**1** Amount of Claim as of Date Case Filed  June 1 2009    $ *841.26   (75% under 10,000 miles)*

If all or part of your claim is secured complete item 4 below  however if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges   *See Attachment A*

**2** Basis for Claim
(See instruction #2 on reverse side )   *See Attachment A*

**3** Last four digits of any number by which creditor identifies debtor _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side )   *See Attachment A*
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff:  ☐ Real Estate   ☑ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property  $_____    Annual Interest Rate ____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection   *UCC Financing Statement*   *See Attachment A*

Amount of Secured Claim  $ *841.26*    Amount Unsecured  $_____

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a)
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a) (___)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim such as promissory notes  purchase orders  invoices  itemized statements of running accounts  contracts  judgments  mortgages and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

| Date *10/27/09* | Signature  The person filing this claim must sign it  Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any |
|---|---|
| | *Bobbie J Campbell Enlow*    *Bobbie J Campbell Enlow* |

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim  Fine of up to $500 000 or imprisonment for up to 5 years or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)
☒ Motors Liquidation Company (f/k/a General Motors Corporation)    Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, LLC)    09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) Dianna Slooden Criss

Name and address where notices should be sent
Dianna Criss
Rt. L Box 61
Fairmont, WV 26554

Telephone number 304 694-0144
Email Address Deb1stborn@aol com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above)

FILED - 19696
MOTORS LIQUIDATION COMPANY
F/k/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1** Amount of Claim as of Date Case Filed, June 1, 2009    $ 2,163.53

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of you claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges    See Attachment A

**2** Basis for Claim    See Attachment A "
(See instruction #2 on reverse side)

**3** Last four digits of any number by which creditor identifies debtor _____
3a Debtor may have scheduled account as Dianna Slooden
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff    ☐ Real Estate    ☒ Motor Vehicle    ☐ Equipment    ☐ Other
Describe

Value of Property $ _____    Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection "UCC Financing Statement"

Amount of Secured Claim. $ 2,163.53    Amount Unsecured $ _____

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) § 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6** Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of 'redacted' on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

| Date 10/29/09 | Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any    Dianna C Slooden Criss | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.
NOV 4 2009



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Your Claim is Scheduled As Follows:**

Name of Creditor (the person or other entity to whom the debtor owes money or property) **NANCY M HUNT**

Name and address where notices should be sent
**NANCY M HUNT**
**1500 FOURNIER DR**
**ST LOUIS, MO 63126**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Telephone number **314 962-5590**
Email Address **squirrelmom@ sbcglobal.net**

Name and address where payment should be sent (if different from above)

FILED - 20323
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be subject to an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $ **6,419.80**
If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** See attachment "A"    See attachment "A"
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor.** _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate ☒ Motor Vehicle ☐ Equipment ☐ Other
Describe **See attachment A**

Value of Property $ _____ Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection **UCC Financing Statement**

Amount of Secured Claim $ **6,419.80** Amount Unsecured $ **See attachment A**

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a).**
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of 'redacted' on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

| | FOR COURT USE ONLY |
|---|---|

Date **11/2/09**

**Signature.** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

**Nancy M Hunt**

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)

☑ Motors Liquidation Company (f/k/a General Motors Corporation)  Case No 09-50026 (REG)
☐ MLCS LLC (f/k/a Saturn, LLC)  09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )  09-13558 (REG)

**Your Claim is Scheduled As Follows.**

FILED - 22864
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  *MARK J. CASTO*

Name and address where notices should be sent

*Mark J Casto*
*17 Franzone Drive*
*Bradford, MA*
*01835*

Telephone number
Email Address

Name and address where payment should be sent (if different from above)

*Same as above*

*Mark Casto 17 @comcast.net*

Telephone number  *978-373-2280*

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars  *see attachment A*

☐ Check this box if you are the debtor or trustee in this case


THE GARDEN CITY GROUP, INC
NOV 12 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT  a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions  you need not file again

1  Amount of Claim as of Date Case Filed, June 1, 2009  $  *3950.00*

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges  *see attachment A*

2  Basis for Claim  *See attachment A*
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor _____
3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☑ Motor Vehicle  ☐ Equipment  ☐ Other
Describe  *see attachment A*

Value of Property $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection  *UCC Financing Statment*  *see attachment A*

Amount of Secured Claim $ *3950.00*  Amount Unsecured $_____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders  invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase, lease, or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case 11 U S C § 503(b)(9) § 507(a)(2)

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)  Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date  *11/6/09*

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any

*Mark J Casto*

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Your Claim is Scheduled As Follows:**

Name of Debtor (Check Only One)                          Case No
☑ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                          09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )    09-13558 (REG)

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  **Tammy K Kingdollar**

Name and address where notices should be sent
**Tammy Kingdollar
12646 West Lee Rd
Albion NY 14411
585·798·4293**

Telephone number **585·798·4293**
Email Address **Kingpennies@hughes net**

Name and address where payment should be sent (if different from above)
**FILED - 29200
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

*(stamp:)* THE GARDEN CITY GROUP, INC.  NOV 1 8 2009

If an amount is identified above  you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount )  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS**  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**    $ **6,034.18**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges  **See Attachment A**

**2  Basis for Claim  See Attachment A**
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor.** _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff:  ☐ Real Estate  ☑ Motor Vehicle  ☐ Equipment  ☐ Other
Describe  **See Attachment A**

Value of Property  $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection  **UCC Financing Statement**

Amount of Secured Claim  $ **6,034.18  See Attachment A**  Amount Unsecured  $_____

**6  Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5.  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount**

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date **11/10/09** | Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any   **Tammy K Kingdollar** | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | **PROOF OF CLAIM** |
|---|---|

Name of Debtor (Check Only One)    Case No

- ☑ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )    09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE  *This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)  **Steven Skalsky Jr**

Name and address where notices should be sent
**Steven Skalsky Jr.
1061 Coopers Run
Amherst Ohio 44001**
Telephone number **440-478-0776**
Email Address **Coopersrunboxers@oh.rr.com**

Name and address where payment should be sent (if different from above)

**FILED - 36207
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
*(If known)*

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars **See Attachment A**

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.   NOV 23 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount)  If you agree with the amount and priority of your claim as scheduled by the Debtor you do not need to file this proof of claim  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1  **Amount of Claim as of Date Case Filed, June 1, 2009.**  $ **3,296.52**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges **See Attachment A**

2  **Basis for Claim**  **See Attachment A**
(See instruction #2 on reverse side )

3  **Last four digits of any number by which creditor identifies debtor** _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  **Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff:  ☐ Real Estate  ☑ Motor Vehicle  ☑ Equipment  ☑ Other
Describe  **See Attachment A**

Value of Property $ ____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection  **UCC Financing Statement**

Amount of Secured Claim  $ **3,296.52**    Amount Unsecured  $_____   → **See Attachment A**

6  **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  **Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  *(See instruction 7 and definition of "redacted" on reverse side )*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount**

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

Date **11/18/09**

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*Steven Skalsky Jr*    **STEVEN SKALSKY JR**

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571*
**Modified B10 (GCG) (12/08)**

**PROOF OF CLAIM**

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

Your Claim is Scheduled As Follows.

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) Saturn VTi class action class member

Name and address where notices should be sent

darilyn ziegler
9615 Green Spruce Drive
Lakeland, TN 38002

Telephone number 901-384-8136
E-mail Address dailquiri40@aol.com

Name and address where payment should be sent (if different from above)

FILED - 44008
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars See attachment A
☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC
NOV 24 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have filed a proof of claim in accordance with the attached instructions you need not file again

| 1 Amount of Claim as of Date Case Filed, June 1, 2009 $ 1,632.68 | 5 Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount |
|---|---|

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges See attachment A

2 Basis for Claim See attachment A
(See instruction #2 on reverse side)

3 Last four digits of any number by which creditor identifies debtor _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☑ Motor Vehicle   ☐ Equipment   ☐ Other
Describe See attachment A

Value of Property $ _____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection UCC Financing Statement

Amount of Secured Claim $ See attachment # Amount Unsecured $ _____

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages salaries, or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6 Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents Attach redacted copies of any documents that support the claim, such as promissory notes purchase orders, invoices itemized statements or running accounts, contracts, judgments mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary *(See instruction 7 and definition of 'redacted' on reverse side)*

DO NOT SEND ORIGINAL DOCUMENTS   ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

| Date | Signature The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any  darilyn ziegler | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☑ Motors Liquidation Company (f/k/a General Motors Corporation)  —  Case No 09-50026 (REG)
☐ MLCS LLC (f/k/a Saturn LLC)  —  09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  —  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc)  —  09-13558 (REG)

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) Barbara J Hernandez

**Name and address where notices should be sent**
Barbara J Hernandez
5939 Sutter Ave #5
Carmichael, Ca 95608

Telephone number 916-856-7777
Email Address barbara@rpea.com

**Name and address where payment should be sent** (if different from above)

FILED - 44301
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(if known)

Filed on _____

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

See Attachment A

☐ Check this box if you are the debtor or trustee in this case

**THE GARDEN CITY GROUP, INC.** NOV 24 2009 (stamp)

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again.

**1 Amount of Claim as of Date Case Filed, June 1, 2009** $3,086.87

If all or part of your claim is secured, complete item 4 below however if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** See Attachment A
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor** _____

  **3a Debtor may have scheduled account as** _____
  (See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff** ☐ Real Estate ☑ Motor Vehicle ☑ Equipment ☑ Other
Describe See Attachment A

Value of Property $_____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection UCC Financing Statement

Amount of Secured Claim $3,086.87 Amount Un... See Attachment A

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase lease or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim such as promissory notes purchase orders invoices itemized statements or running accounts contracts judgments mortgages and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

| FOR COURT USE ONLY |
|---|

Date 11/6/09

**Signature** The person filing this claim must sign it Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any Barbara J Hernandez

Barbara J Hernandez

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**     **PROOF OF CLAIM**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

Your Claim is Scheduled As Follows.

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C 503(b)(9) (see Item 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)   **MARY DIXON**

Name and address where notices should be sent

**MARY DIXON**
**507 BUXTON ROAD**
**TOMS RIVER, NJ 08755**

Telephone number  **732-505-1883**
Email Address  **dixon0596@yahoo.com**

Name and address where payment should be sent (if different from above)

FILED - 61271
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number_____
(If known)

Filed on _____

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars  **See ATTACHMENT A**

☐ Check this box if you are the debtor or trustee in this case

*(stamp)* THE GARDEN CITY GROUP, INC.  NOV 27 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown.  This scheduled amount of your claim may be an amendment to a previously scheduled amount.  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1**  Amount of Claim as of Date Case Filed, June 1, 2009    $ **4992.66**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges   **See ATTACHMENT A**

**2**  Basis for Claim   **SEE ATTACHMENT A**
(See instruction #2 on reverse side )

**3**  Last four digits of any number by which creditor identifies debtor _____

**3a**  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4**  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff.  ☐ Real Estate  ☑ Motor Vehicle  ☐ Equipment  ☐ Other
Describe.  **SEE ATTACHMENT A**

Value of Property $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection  **UCC FINANCING STATEMENT**
**SEE ATTACHMENT A**
Amount of Secured Claim. $ **4992.66**    Amount Unsecured $_____

**6**  Credits.  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7**  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5**  Amount of Claim Entitled to Priority under 11 U S C § 507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)
  Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date  **11-23-09** | Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any    **Mary Dixon** | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

Name of Debtor (Check Only One)                                    Case No
☑ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc)       09-13558 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 3) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) **Mary E Rodriguez**

Name and address where notices should be sent
**54 E. Robinson**
**Fresno, CA 93704**

Telephone number **(559) 903-5695 (559) 432-4654**
Email Address **chacher19a yahoo.com**

Name and address where payment should be sent (if different from above)

FILED - 62663
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars **See Attachment A**

☐ Check this box if you are the debtor or trustee in this case

**Your Claim is Scheduled As Follows:**

[stamp: THE GARDEN CITY GROUP, INC. NOV 28 2009]

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no need to file this proof of claim EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1 Amount of Claim as of Date Case Filed, June 1, 2009    $ **1000.00**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 Basis for Claim **See Attachment A**
(See instruction #2 on reverse side)

3 Last four digits of any number by which creditor identifies debtor _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☑ Motor Vehicle  ☐ Equipment  ☐ Other
Describe **See Attachment A**

Value of Property $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection **UCC Financing Statement See Attachment A**

Amount of Secured Claim $ **1000.00**    Amount Unsecured $_____

6 Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5 Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase lease or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date **11/23/09**

Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address Attach copy of power of attorney, if any

**Mary E Rodriguez    Mary E. Rodriguez**

FOR COURT USE ONLY

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)** — **Case No**
- ☒ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 USC § 503(b)(9) (see Item # 9)  All other requests for payment of an administration expense should be filed pursuant to 11 USC § 503

**Name of Creditor (the person or other entity to whom the debtor owes money or property)**
Nichole Brown

**Name and address where notices should be sent**

Nichole Brown
6551 Road 44
Bayard, NE 69334

Telephone number  (515) 771-7830
Email Address   mtnikil@yahoo.com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

THE GARDEN CITY GROUP, INC
NOV 28 2009

**Name and address where payment should be sent (if different from above)**

FILED - 62771
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars
**See Attachment A**
☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file this again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**   $  5,546.79

If all or part of your claim is secured  complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9) complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges  **See Attachment A**

**2  Basis for Claim   See Attachment A**
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor** _____

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side)

**4  Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☒ Motor Vehicle  ☐ Equipment  ☒ Other
Describe   **See Attachment A**

Value of Property $_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection   UCC Financing Statement

Amount of Secured Claim $_____   Amount Unsecured  $_____
**See Attachment A**

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes  purchase orders  invoices  itemized statements of running accounts, contracts, judgments  mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING   **See Attachment B**

If the documents are not available, please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 USC § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 USC § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 USC § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 USC § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal  family, or household use – 11 USC § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 USC § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 USC § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 USC § 507(a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Signature** The person filing this claim must sign it  Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any

Date  11-120_   _Nichole S Brown_

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 USC §§ 152 and 3571
Modified B10 (GCG) (12/08)



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

**Your Claim is Scheduled As Follows:**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor** (The person or other entity to whom the debtor owes money or property)

**Barbara Allen**

**Name and address where notices should be sent**

Barbara Allen
7112 South 228th East Avenue
Broken Arrow, OK 74014

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

**Filed on** _____

Telephone number  **(913) 633-0471**
Email Address

**Name and address where payment should be sent** (if different from above)

FILED - 62772
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (this scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars
**See Attachment A**

☐ Check this box if you are the debtor or trustee in this case

**1  Amount of Claim as of Date Case Filed, June 1, 2009**    $ 2,500.00

If all or part of your claim is secured complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges **See Attachment A**

**2  Basis for Claim    See Attachment A**
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor** _____

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate  ☒ Motor Vehicle  ☒ Equipment  ☒ Other
Describe  **See Attachment A**

**Value of Property** $ _____  **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $ _____

**Basis for perfection**  **UCC Financing Statement**

**Amount of Secured Claim** $ _____  **Amount Unsecured** $ _____
**See Attachment A**

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes  purchase orders  invoices  itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary (See instruction 7 and definition of redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date** 11-9-09

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any

Barbara S Allen

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)** — Case No

- ☒ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )   09-13558 (REG)

Your Claim is Scheduled As Follows:

NOTE  *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C  § 503(b)(9) (see Item # 9)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)   Stanley Ozarowski

Name and address where notices should be sent

Stanley Ozarowski
1106 Hillcrest Avenue
Fox River Grove, IL 60021

Telephone number   (847) 812-0230
Email Address   sozarowski@hotmail.com

Name and address where payment should be sent (if different from above)

FILED - 62773
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars
See Attachment A

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1  Amount of Claim as of Date Case Filed, June 1, 2009**   $ 3,795.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges   See Attachment A

**2  Basis for Claim**   See Attachment A
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor** _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☒ Motor Vehicle   ☐ Equipment   ☒ Other
Describe   See Attachment A

Value of Property  $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection   UCC Financing Statement

Amount of Secured Claim  $_____   Amount Unsecured  $_____
See Attachment A

**6  Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes  purchase orders  invoices  itemized statements of running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted  on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING   See Attachment B

If the documents are not available  please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal  family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date** 11/10/09

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any  of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney  if any

STANLEY J OZAROWSKI

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571*
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP INC
NOV 28 2009

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)
- ☒ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )

**Case No**
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

Your Claim is Scheduled As Follows:

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (The person or other entity to whom the debtor owes money or property)
Donna Santi

**Name and address where notices should be sent**

Donna Santi
1157 Ironwood Ct. Ap. 203
Rodchester, MI 48307

Telephone number    (586) 610-7470
Email Address    dms090245@hotmail.com

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number**
(If known)

Filed on _____

**Name and address where payment should be sent** (if different from above)

FILED - 62775
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars
See Attachment A
☐ Check this box if you are the debtor or trustee in this case

[Stamp: THE GARDEN CITY GROUP INC   NOV 28 2009]

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1   Amount of Claim as of Date Case Filed, June 1, 2009**    $ 3,071.37

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges    See Attachment A

**2   Basis for Claim    See Attachment A**
(See instruction #2 on reverse side )

**3   Last four digits of any number by which creditor identifies debtor** _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4   Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**    ☐ Real Estate  ☒ Motor Vehicle  ☒ Equipment  ☒ Other
Describe    See Attachment A

Value of Property $_____    Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

**Basis for perfection**    UCC Financing Statement

Amount of Secured Claim  $_____    Amount Unsecured $_____
See Attachment A

**6   Credits**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7   Documents**  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders invoices itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of 'redacted' on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING    See Attachment B

If the documents are not available please explain in an attachment

**5   Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address  Attach copy of power of attorney if any

Date _____

*Donna Santi*    DONNA SANTI

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

C 11-13 09 *Paula*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**       **Case No**

- ☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )    09-13558 (REG)

*NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Your Claim Is Scheduled As Follows:**

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)   **Kelly Castillo**

**Name and address where notices should be sent**

Kelly Castillo
18660 Turtle Lane
Meadow Vista, CA 95722

Telephone number   **(530) 878-6310**
Email Address   **kjcast@aol.com**

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
*(If known)*

**Filed on** _____

THE GARDEN CITY GROUP, INC.
NOV 2 8 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim item EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**Name and address where payment should be sent (if different from above)**

FILED - 62776
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars
See Attachment A

☐ Check this box if you are the debtor or trustee in this case

---

**1 Amount of Claim as of Date Case Filed, June 1, 2009**    $ **6,922.97**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges   See Attachment A

**2 Basis for Claim**   See Attachment A
*(See instruction #2 on reverse side )*

**3 Last four digits of any number by which creditor identifies debtor** _____

    **3a Debtor may have scheduled account as** _____
     *(See instruction #3a on reverse side )*

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff** ☐ Real Estate   ☒ Motor Vehicle   ☒ Equipment   ☒ Other
**Describe**   See Attachment A

**Value of Property** $ _____ **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $ _____

**Basis for perfection**   UCC Financing Statement

**Amount of Secured Claim** $ _____    **Amount Unsecured** $ _____
See Attachment A

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of 'redacted' on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING    See Attachment B

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor s business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**FOR COURT USE ONLY**

Date **11/10/09**

**Signature** The person filing this claim must sign it Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

*Kelly Castillo*

*Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571*
**Modified B10 (GCG) (12/08)**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

| | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Your Claim is Scheduled As Follows**

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)  **Brenda Digiandomenico**

Name and address where notices should be sent

Brenda Digiandomenico
5211 Lewisetta Road
Lottsburg, VA 22511

Telephone number  **(540) 845-1648**
Email Address

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
*(If known)*

Filed on _____

Name and address where payment should be sent (if different from above)

**FILED - 62777
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars
See Attachment A

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1** Amount of Claim as of Date Case Filed, June 1, 2009     $ **3,726.22**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges  **See Attachment A**

**2** Basis for Claim     **See Attachment A**
(See instruction #2 on reverse side )

**3** Last four digits of any number by which creditor identifies debtor _____

**3a** Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☒ Motor Vehicle  ☒ Equipment  ☒ Other
Describe     **See Attachment A**

Value of Property $ _____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection  **UCC Financing Statement**

Amount of Secured Claim $ _____     Amount Unsecured $ _____
**See Attachment A**

**6** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders invoices itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING     **See Attachment B**

If the documents are not available please explain in an attachment

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the commencement of the case – 11 U S C § 507(a)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| Date **11/09/09** | Signature  The person filing this claim must sign it  Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address  Attach copy of power of attorney if any  *Brenda D. Digiandomenico* | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

THE GARDEN CITY GROUP, INC.
NOV 28 2009

§ 11-10-09 *illegible*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Your Claim is Scheduled As Follows.**

Name of Debtor (Check Only One)                                     Case No
☒ Motors Liquidation Company (f/k/a General Motors Corporation)     09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                     09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )      09-13558 (REG)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 9) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)   **Valerie Evans**

Name and address where notices should be sent

**Valerie Evans
1349 Columbus
Saint Louis, MO 63138**

Telephone number   **(314) 345-5445**
Email Address   **vee@greensfelder.com**

Name and address where payment should be sent (if different from above)

**FILED - 62778
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars  **See Attachment A**
☐ Check this box if you are the debtor or trustee in this case

*[Postmark: THE GARDEN CITY G... NOV 28 2009]*

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS** If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions you need not file again

1 Amount of Claim as of Date Case Filed, June 1, 2009   $ **2,823.79**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges   **See Attachment A**

2 Basis for Claim   **See Attachment A**
(See instruction #2 on reverse side )

3 Last four digits of any number by which creditor identifies debtor _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☒ Motor Vehicle   ☐ Equipment   ☐ Other
Describe   **See Attachment A**

Value of Property $ _____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $ _____

Basis for perfection   **UCC Financing Statement**

Amount of Secured Claim  $ _____   Amount Unsecured  $ _____
                          **See Attachment A**

6 Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING   **See Attachment B**

If the documents are not available, please explain in an attachment

5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date **11/9/09** | Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any   *Valerie E Evans* | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☑ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) — 09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) Michael Kniazuk

**Name and address where notices should be sent**
Michael Kniazuk
44 Elizabeth ave
Cranford N.J. 07016
Telephone number 908-276-1994
Email Address MKniazuk@msn.com

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____
(If known)

Filed on _See Attachment "A"_

**Name and address where payment should be sent** (if different from above)
Same

Telephone number

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars _See Attachment "A"_
☐ Check this box if you are the debtor or trustee in this case

FILED - 64965
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009**   $ 3,725.45

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges _See Attachment "A"_

**2 Basis for Claim** _See Attachment "A"_
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor** _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate ☑ Motor Vehicle ☐ Equipment ☐ Other
Describe _See Attachment "A"_
Value of Property $ _____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____
Basis for perfection State "UCC Financing statement"
Amount of Secured Claim $ 3725.45 Amount Unsecured $ _____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

**Amount entitled to priority**
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

Date 11-27-09

_Michael C Kniazuk_    Michael C Kniazuk

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.
NOV 30 2009

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation ) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc ( f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

*Your Claim is Scheduled As Follows.*

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purpose of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) **PERRY F. VICK**

Name and address where notices should be sent

**PERRY F VICK
9717 STEPHEN DR.
MINERVA OH 44657**

Telephone number **330-868-2627**
Email Address **cf6156@verizon.net**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____ (if known)

Filed on _____

Name and address where payment should be sent (if different from above)

**FILED - 65674
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

Telephone number

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars **SEE ATTACHMENT A**
☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS** If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in *accordance with the attached instructions, you need not file again*



1  Amount of Claim as of Date Case Filed, June 1, 2009.    $    **4,460 26**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges **SEE ATTACHMENT A**

2  Basis for Claim:  **SEE ATTACHMENT A**
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☑ Motor Vehicle  ☐ Equipment  ☐ Other
Describe  **SEE ATTACHMENT A**

Value of Property: $ _____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____

Basis for perfection  **UCC FINANCING STATEMENT**

Amount of Secured Claim  $ **4,460.26**  Amount Unsecured  $ _____

5.  Amount of Claim Entitled to Priority under 11 U S C § 507(a).
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6  Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

| Date: **30 NOV 09** | Signature: The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any  *Perry Ford Vick*  **PERRY FORD VICK** | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**

| | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

**Your Claim is Scheduled As Follows**

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)   Rachel L. Boodram.

Name and address where notices should be sent:

Rachel L. Boodram
7500 Roswell Road
Unit 67
Sandy Springs, GA 30350

Telephone number   770-396-3142
Email Address   M2RAITOE @ aol.com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
(If known)

Filed on _____

THE GARDEN CITY GROUP, INC.
DEC 1 4 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS** If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)

FILED - 69429
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1. Amount of Claim as of Date Case Filed, June 1, 2009**   $5,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges "See attachment A"

**2 Basis for Claim:** "See attachment A."
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor** _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

**4 Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☒ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property: $_____   Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection   UCC Financing Statement   See attachment A

Amount of Secured Claim  $5,000   Amount Unsecured  $_____

**6 Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of "redacted" on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS   ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date 11/28/09 | Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any   *Phil L. Bu___* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

Name of Debtor (Check Only One)
☑ Motors Liquidation Company (f/k/a General Motors Corporation)
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc.)

Case No
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

Your Claim is Scheduled As Follows:

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property) Ronald L Phillips

Name and address where notices should be sent
Ronald L. Phillips
2939 Hartford Dr.
Bettendorf, Ia.
52722
Telephone number 563 332 4668
E mail Address phillips1@mchsi.com

Name and address where payment should be sent (if different from above)

FILED - 69818
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars See Attachment A
☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC.
JAN 21 2010

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS. If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1 Amount of Claim as of Date Case Filed, June 1, 2009: $ 2,546.21
If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5
☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges See Attachment A

2 Basis for Claim See Attachment A
(See instruction #2 on reverse side.)

3 Last four digits of any number by which creditor identifies debtor. _____
3a. Debtor may have scheduled account as. _____
(See instruction #3a on reverse side)

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information
Nature of property or right of setoff: ☐ Real Estate ☑ Motor Vehicle ☑ Equipment ☑ Other
Describe: See attachment A
Value of Property. $_____ Annual Interest Rate____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection UCC Financing Statement
Amount of Secured Claim $ 2,546.21 Amount Unsecured $_____
See attachment A

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of 'redacted' on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5 Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9)(2)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date: 1/19/2010
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any

Ronald L. Phillips    Ronald L Phillips

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim.* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**<u>Exhibit H</u>**

**Snapshots from Class Counsel's Website**



## SATURN VTI TRANSMISSION SETTLEMENT

**Saturn VTi Transmission - Status of Settlement (Bankruptcy Court Ruling)**

As you know, the Saturn VTi Class Action Settlement was stayed due to Old GM's bankruptcy. We filed an adversary proceeding against New GM in bankruptcy court to determine whether New GM assumed Old GM's obligations under the Saturn VTi Class Action Settlement. The trial was held on December 14, 2011. On April 17, 2012, the Bankruptcy Court issued its ruling deciding that New GM did *NOT* assume Old GM's obligations under the Saturn VTi Class Action Settlement. To view a copy of the Court's ruling, please click here. We plan to appeal the Bankruptcy Court's decision.

VTi problems occurring BEFORE January 1, 2012. Unfortunately, we cannot further assist you until the adversary proceedings has reached finality, including appeals. Until then, you should continue to contact New GM's Customer Assistance Center at 1-800-553-6000, and keep all documents and detailed notes of your conversations with New GM representatives and dealers.

VTi problems occurring ON or AFTER January 1, 2012. Regardless of whether we prevail in the adversary proceeding, the Saturn VTi Class Action Settlement only provided benefits for VTi problems occurring BEFORE certain dates depending upon the model year of your Saturn. For the precise dates applicable to your vehicle, please review the class notice. If you have experienced a VTi problem after the date applicable to your Saturn, then the expenses associated with that particular failure is not covered by the Saturn VTi Class Action Settlement.

For updates regarding the adversary proceedings and the Saturn VTi Class Action Settlement, please continue to periodically check our web-site.

**Saturn VTi Transmission - Lawsuit Against New GM Gets Ready for Trial**

Recently, the Court entered the parties' jointly proposed scheduling plan that tentatively scheduled this matter for trial on December 14, 2011. Since then we have been busy preparing this matter for trial. On August 17, 2011, we deposed New GM's witnesses. On September 12, 2011 and pursuant to the scheduling plan, the parties submitted their opening trial briefs to the Court. Reply briefs are due on October 9, 2011. If the Court determines that oral argument for trial is necessary, then oral argument is tentatively scheduled for December 14, 2011.

In the meantime, please continue to check this web-site for updates.

For more information about the adversary case against New GM and to view a copy of each party's opening brief, please click here.

**Saturn VTi Transmission - Lawsuit Against New GM - GM has responded**

GM has responded to our new lawsuit and, like the transmissions in the affected vehicles, GM again has quit working for Saturn owners. When the proposed sale of Saturn to Penske fell through, GM's Chief Executive Officer, Fritz Henderson stated that, "We will be working closely with our dealers to ensure Saturn customers are cared for as we transition them to other G.M. dealers in the months ahead." GM also has said that it will honor the warranties of all Saturn vehicles through other GM dealerships. Despite the public rhetoric, GM has stated in response to our new lawsuit that it will not honor the terms of the VTi settlement, and it even seeks to sanction the attorneys fighting for the Saturn owners.

**Saturn VTi Transmission - Lawsuit Against New GM - News Release**

On August 5, 2010, CBS in Chicago ran a story on the Saturn VTi Settlement, Critics Say Watchdog Agency Needs Real Teeth - National Highway Traffic Safety Administration Doesn't Have The Resources To Research Possible Defects.

**Saturn VTi Transmission - Lawsuit Against New GM - Summary Judgment**

On May 6, 2010, the Bankrupcy Court had a hearing on the parties' cross-motions for summary judgment. For information about the hearing, please <u>click here.</u>

**Saturn VTi Transmission - New GM Changes Its Policies On Saturn VTi Transmission Again**

For information about New GM's "Special Reimbursement Policy #09280," please <u>click here.</u>

**Saturn VTi Transmission - Old GM sends out bankruptcy claim forms**

If you received a bankruptcy claim form from Motors Liquidation Company (Old GM), and you are a class member of the Saturn VTi settlement, please <u>click here.</u>

**Saturn VTi Transmission - August 27, 2009 - New Lawsuit**

A lawsuit to enforce the settlement has been filed. For more information, please <u>click here.</u>

**Saturn VTi Transmission - July 5, 2009 - Bankruptcy Judge Approves Sale of GM**

Why has GM remained silent about the Saturn VTi transmission settlement? For more information, please <u>click here.</u>

**Saturn VTi Transmission - June 1, 2009 update - Defendant in Bankruptcy**

General Motors Corporation announced that it had filed for bankruptcy protection on Monday, June 1, 2009, under Chapter 11 of the Bankruptcy Code. It plans to reorganize its business. For more information, please <u>click here.</u>

**Saturn VTi Transmission - Settlement Anouncement**

We are pleased to announce that the U.S. District Court for the Eastern District of California granted final approval on April 16, 2009 of a Settlement with General Motors regarding the Saturn VTi transmission.

Under the settlement, class members are entitled to reimbursement for certain past and future expenses relating to the inspection, repair or replacement of VTi transmissions, and for certain losses relating to past trade-ins of vehicles with failed VTi transmissions. The rate of reimbursement depends on the vehicle mileage at the time of transmission failure, and on whether the vehicle was purchased new or used, as summarized in the following chart:*

| Vehicle Mileage | GM Reimbursement Rate for Vehicles Purchased New | GM Reimbursement Rate for Vehicles Purchased Used |
|---|---|---|
| 100,000 or less | 100 percent | 75 percent |
| 100,101-125,000 | 75 percent | 30 percent |

Claims for reimbursement are subject to future time limitations. For additional information regarding the relief available under the Settlement, the process and deadlines for submitting claims, and other common issues, please see the below links.

We will continue to update this website with new developments, so please check back often. For more information, please email us at <u>saturnvti.classaction@lakinchapman.com</u> or call us at (314) 655-7485.

<u>**Frequently Asked Questions**</u>

<u>**Class Notice**</u>

<u>**Sub Class Notice**</u>

<u>**Claim Form and Instructions**</u>

<u>**Settlement Agreement**</u>

<u>**Class Action Complaint**</u>

\* For more detailed information, click on Class Notice above. For complete settlement terms, see the <u>Settlement Agreement</u>.

\*\* GM used a third-party to help it identify all class members (R.L. Polk). On March 12, 2009, GM and Class Counsel learned about a computer glitch in R.L Polk's computers that may have possibly resulted in 7,090 class members not receiving notice. Notice is being mailed to those class members. This subsequent notice does not affect the settlement terms for the people who received the notice that was mailed on, or around January 9, 2009.

<u>Return to Complex Litigation</u>

---

**CALL 866-839-2021**

**St. Louis**
330 North Fourth Street
Suite 330
St. Louis, Missouri 63102
Phone: 314-588-9300
Fax: 314-588-9302
Directions

**Phoenix**
340 East Palm Lane
Suite 300
Phoenix, Arizona 85004
Phone: 602-252-0188
Fax: 602-252-6019
Directions

**Southern Illinois**
One Court Street
Alton, Illinois 62002
Phone: 618-254-1127
Fax: 618-254-0193
Directions

Search our site ▶

© 2012 by SLChapman LLC. All rights reserved. **Disclaimer | Site Map**
**FirmSite®** by **FindLaw**, a Thomson Reuters business.



INITIAL CONSULTATION IS FREE **1-866-839-2021**

## SATURN CLAIM FORM

On June 1, 2009, GM filed its bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York. The filing results in an automatic stay of all litigation (a suspension), including the Saturn VTi Transmission class-action litigation. On August 26, 2009, Class Counsel initiated adversary proceedings against New GM in which it is alleged that New GM assumed the obligations of Old GM under the settlement and judgment.

Under Motors Liquidation Company's (Old GM) bankruptcy proceedings, Class Counsel will be filing an alternative bankruptcy proof of claim on behalf of the Saturn VTi class.

As of October 2009, if you received a bankruptcy claim form from Old GM, and you are a class member of the Saturn VTi settlement, please click here.

## CALL 866-839-2021

**St. Louis**
330 North Fourth Street
Suite 330
St. Louis, Missouri 63102
Phone: 314-588-9300
Fax: 314-588-9302
Directions

**Phoenix**
340 East Palm Lane
Suite 300
Phoenix, Arizona 85004
Phone: 602-252-0188
Fax: 602-252-6019
Directions

**Southern Illinois**
One Court Street
Alton, Illinois 62002
Phone: 618-254-1127
Fax: 618-254-0193
Directions

Search our site ▶

© 2012 by SLChapman LLC. All rights reserved. **Disclaimer** | **Site Map**
FirmSite® by FindLaw, a Thomson Reuters business.

Saturn VTi Transmission - Old GM sends out bankruptcy claim forms - Law Firm SLCha...    Page 1 of 1



## SATURN VTI TRANSMISSION - OLD GM SENDS OUT BANKRUPTCY CLAIM FORMS

Document:  *Bankruptcy Claim Form (10-15-2009)*

Document:  *Instructions for Filling Out Bankruptcy Claim Form (10-15-2009)*

Document:  *Attachment A to Bankruptcy Claim Form (10-15-2009)*

Return to Current Case Information

## CALL 866-839-2021

**St. Louis**
330 North Fourth Street
Suite 330
St. Louis, Missouri 63102
Phone: 314-588-9300
Fax: 314-588-9302
Directions

**Phoenix**
340 East Palm Lane
Suite 300
Phoenix, Arizona 85004
Phone: 602-252-0188
Fax: 602-252-6019
Directions

**Southern Illinois**
One Court Street
Alton, Illinois 62002
Phone: 618-254-1127
Fax: 618-254-0193
Directions

Search our site ▶

© 2012 by SLChapman LLC. All rights reserved. **Disclaimer | Site Map**
FirmSite® by FindLaw, a Thomson Reuters business.

**<u>Exhibit I</u>**

**Stipulation of Facts**

## STIPULATION OF FACTS
*In re Motors Liquidation Co. et al.*, Case No. 09-50026 (REG) [Castillo]
Claim No. 71060

For purposes of bankruptcy claim # 71060 and for no other purpose, the following facts are hereby stipulated, either based upon personal knowledge or based upon representations from General Motors Corporation (Old GM), General Motors LLC (New GM), and/or Motors Liquidation Company GUC Trust:

### Extended Warranty

1.    In March of 2004, General Motors Corporation ("**Old GM**") issued Special Policy 04020, which was amended by Special Policy 04020A in January of 2005 (together, the "**Special Policies**"). The Special Policies voluntarily extended warranty coverage for VTi transmissions in Class Vehicles from the original three year, 36,000 mile warranty period, which promised to "at no cost, correct any vehicle defect related to materials or workmanship within the warranty period," to a warranty period of five years or 75,000 miles (the "**Extended Warranty**").

### Class Action Complaint

2.    On October 10, 2007, Kelly Castillo, Nichole Brown, Brenda Alexis Digiandomenico, Valerie Evans, Barbara Allen, Stanley Ozarowski, and Donna Santi (the "**Castillo Plaintiffs**"), each individually and on behalf of all others similarly situated (the "**Castillo Class**"), filed a class action lawsuit styled *Castillo et al. v. General Motors Corporation*, Case No. 2:07-CV-02142 WBS-GGH (the "**Class Action**") in the United States District Court for the Eastern District of California (the "**California Court**").

3.    In the Class Action, the Castillo plaintiffs, asserted claims against General Motors Corporation ("**Old GM**") in the California Court based, among other bases, on their allegation that the VTi transmissions in model year 2002 through 2005 Saturn VUEs and model year 2003 through 2004 Saturn IONs (the "**Class Vehicles**") were "inherently prone to premature failure due to defective design and/or due to negligent manufacture," among other allegations. Old GM sold a total of 83,718 Class Vehicles.

### Stipulation of Settlement

4.    On or about July 18, 2008, the Castillo Plaintiffs, on behalf of themselves and the Castillo Class, entered into a Stipulation of Settlement (the "**Stipulation of Settlement**") with Old GM.

5.    The Stipulation of Settlement fully resolved all claims alleged by the Castillo Class against Old GM in the Class Action and provided for reimbursement of certain repair costs incurred by members of the Castillo Class, among other items of reimbursement.

6.    Following the California Court's preliminary approval of the Stipulation of Settlement, beginning on January 9, 2009, a form of notice (the "**Notice**") of the settlement was

mailed to over 149,000 Castillo Class members who owned or had previously owned a Class Vehicle.

7.  In conjunction with the Notice, in order to provide additional information about the Castillo Class Action and Stipulation of Settlement to the Castillo Class, Class Counsel purchased a separate phone number, established a dedicated email address, and created a special page on Class Counsel's website. Class Counsel also hired additional personnel to respond to inquiries by the Castillo Class. To date, at least 5,000 members of the Castillo Class have contacted Class Counsel and the website has had roughly 47,296 visits to the Castillo-related content.

8.  A final judgment (the "**Final Judgment**") certifying the Castillo Class and approving the Stipulation of Settlement, which provided that LakinChapman, LLC would serve as class counsel ("**Class Counsel**") for the Castillo Class, was entered by the California Court on April 16, 2009.

**Reimbursement Program**

9.  On February 3, 2009, in anticipation of the Final Judgment, Old GM issued GM Administrative Message G_0000020717, which instructed its authorized dealers to follow the Stipulation of Settlement terms "without the delay in waiting for ultimate final settlement approval." Thereafter, Old GM began to offer reimbursement for repairs to Class Vehicles under the terms of the Stipulation of Settlement (the "**Reimbursement Program**"), and Class Counsel forwarded all inquiries to the GM Customer Assistance Center to resolve warranty issues in Class Vehicles (while continuing to answer questions from individual class members).

**Bankruptcy and Continuing Reimbursement to Class**

10.  On June 15, 2009, as a result of the bankruptcy filing, the Class Action and the Final Judgment were automatically stayed pursuant to 11 U.S.C. § 362.

11.  Accordingly, although the Castillo Class received Notice of the Stipulation of Settlement prior to the bankruptcy filing, claim forms were not sent to members of the Castillo Class, and the total dollar value of class members' claims was never ascertained.

12.  Following the bankruptcy filing, Old GM continued to make repairs to Class Vehicles, both pursuant to the Extended Warranty and under the Reimbursement Program, until after July 10, 2009, when Old GM conducted a sale (the "**363 Sale**") of substantially all of its assets to New GM.

13.  From approximately February 3, 2009 through July 9, 2009, Old GM paid $14,813,016.66 to process 4,218 claims made by Castillo Class members for Class Vehicle repairs as provided for in the Stipulation of Settlement and Final Judgment.

14.  On July 10, 2009, Old GM sold substantially all of its assets and transferred certain liabilities to New GM pursuant to the 363 Sale.

**Notice of Claims Process**

15.     Following Old GM and its affiliated debtors' (collectively, the "**Debtors**") bankruptcy filing, Class Counsel updated its website to include copies of the Bankruptcy Claim Form, Instructions for Filling Out Bankruptcy Claim Form, and Attachment A to Bankruptcy Claim Form, informing claimants as to how to file individual proofs of claim in the Debtors' bankruptcy proceedings.

**Castillo Putative Class Claim**

16.     On March 14, 2011, the Castillo Plaintiffs filed a purported class action claim (the "**Castillo Putative Class Claim**") based on the Stipulation of Settlement and Final Judgment.

17.     The Castillo Putative Class Claim is an unsecured claim that amends the timely filed secured proof of claim no. 62908, filed on November 28, 2009.

**New GM's Continuation of Reimbursement Program**

18.     Following the 363 Sale, beginning on approximately July 11, 2009, New GM continued Old GM's voluntary Reimbursement Program until approximately September 28, 2009.

19.     On September 29, 2009, New GM issued the so-called "Saturn VTi Transmission Settlement Clarification," discontinuing the Reimbursement Program and reinstituting the Extended Warranty.

20.     From approximately July 10, 2009 through September 28, 2009, New GM provided approximately $5,857,133 in reimbursement payments to process 1,636 claims made by members of the Castillo Class as provided for in the Stipulation of Settlement.

21.     As of September 28, 2009, Old GM and New GM collectively had provided Castillo Class members with approximately $21 million for repair costs associated with Class Vehicles.

22.     On November 5, 2009, New GM issued Special Policy 09280. Special Policy 09280 instituted a "Special Reimbursement Policy," under which New GM agreed to either reimburse customers for 50 percent of eligible VTi transmission repair costs incurred within eight years or 100,000 miles of the purchase of a Class Vehicle, or to give customers a $5,000 trade-in credit towards the purchase of a New GM vehicle (the "**Special Reimbursement Policy**").

23.     New GM mailed the Special Reimbursement Policy to approximately 150,000 members of the Castillo Class.

24.     From roughly November 9, 2009 through May 1, 2012, New GM issued approximately $8,712,642.04 worth of trade-in vouchers to 1,766 Castillo Class members and provided 3,233 Castillo Class members with approximately $6,806,034.16 in reimbursement payments for repairs made to Class Vehicles under the Special Reimbursement Policy.

25. The Special Reimbursement Policy instituted by New GM remains ongoing for Class Vehicles that have not reached 100,000 miles or the expiration of eight years from the date of sale.

26. In total, from February 3, 2009 through May 1, 2012, the Reimbursement Program and the Special Reimbursement Policy have provided approximately $36,188,826.23 in compensation to members of the Castillo Class.

**SO STIPULATED AND AGREED:**

**LakinChapman, LLC (n/k/a SL Chapman LLC)**

By: _____

Print Name: _Mark Brown_

Date: _8-23-12_

## **Exhibit J**

**Castillo Attorneys' Fees and Expenses Claim**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor. (Check Only One)

| | Case No |
|---|---|
| ☒Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐MLCS LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

NOTE. This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (The person or other entity to whom the debtor owes money or property) LakinChapman, LLC

Name and address where notices should be sent

Mark L. Brown
LakinChapman, LLC
300 Evans Avenue, P.O. Box 229
Wood River, IL. 62095

Telephone number
Email Address

Name and address where payment should be sent (if different from above)

FILED - 71059
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY #09-50026 (REG)

Telephone number

☒ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number 62909
(if known)

Filed on Nov. 28, 2009

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP
MAR 1 4 2011

Your Claim Is Scheduled As Follows.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009:     - $ See Attachments 1, 2, 3, 4

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim or charges  Itemized statement of interest or charges

2 Basis for Claim   See Attachments 1, 2, 3, 4
(See Instruction #2 on reverse side )

3 Last four digits of any number by which creditor identifies debtor:_____

   3a  Debtor may have scheduled account as _____
       (See instruction #3a on reverse side )

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other Describe

Value of Property $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____    Amount Unsecured $_____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

Amount of Claim Entitled to Priority under 11 U S C § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date: 3-11-11 | Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any | FOR COURT USE ONLY |
|---|---|---|

Mark Brown, attorney

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

## Exhibit K

**Special Policies 04020 and 04020A**



# SERVICE BULLETIN

| | |
|---|---|
| NO.: | **04020** |
| | SPECIAL POLICY |
| DATE: | **March 2004** |
| CATEGORY TYPE: | **Transaxle - 02** |
| CATEGORY: | **Automatic** |

## SPECIAL POLICY

**SUBJECT:** SPECIAL POLICY ADJUSTMENT – EXTENDED TRANSMISSION WARRANTY COVERAGE FOR THE VARIABLE TRANSMISSION WITH INTELLIGENCE (VTi) TRANSMISSION

**MODELS:** 2002, 2003 AND 2004 VUE VEHICLES EQUIPPED WITH VTi (M75 AND M16) 2003 AND 2004 ION QUAD COUPE VEHICLES EQUIPPED WITH VTi (M75)

**TO:** ALL SATURN RETAILERS AND AUTHORIZED SERVICE PROVIDERS

**CONDITION**

Saturn has determined that 2002, 2003 and 2004 VUE and 2003 and 2004 ION Quad Coupe vehicles equipped with the VTi transmission may experience certain transmission concerns that might affect customer satisfaction, and may require repair or replacement.

**SPECIAL POLICY ADJUSTMENT**

This special policy bulletin has been issued to extend the warranty on the VTi transmission assembly for a period of 5 years or 75,000 miles (120,000 km), whichever occurs first, from the date the vehicle was originally placed in service, regardless of ownership. The repairs will be made at no charge to the customer.

Effective immediately, vehicles covered by extended vehicle service contracts are covered by this special policy.

**VEHICLES INVOLVED**

Involved are Saturn 2002, 2003 and 2004 VUE and 2003 and 2004 ION Quad Coupe vehicles equipped with the VTi transmission (RPOs M16 or M75). This policy is applicable to all VTi equipped vehicles with an in-service date prior to April 2004.

**PARTS INFORMATION**

Parts required to complete a repair under this special policy are to be obtained from Saturn Service Parts Operations (SSPO) as outlined in the current parts catalog.

COPYRIGHT © 2004 SATURN CORPORATION U.S.A. ALL RIGHTS RESERVED.
— *E X C E E D   C U S T O M E R   E X P E C T A T I O N S* —

Produced by GM in Castillo, et al v. GM                    CASTILLO000002667

**CUSTOMER NOTIFICATION**

Saturn will notify customers of this special policy on their vehicles via first-class mail. A copy of the customer letter is included with this bulletin.

**SERVICE PROCEDURE**

Diagnose and service as outlined in the applicable Saturn Service Manual or Technical Information Bulletin(s). Current Service Manuals and Technical Information Bulletins are available via the Electronic Service Information (eSI) web site.

**CLAIM INFORMATION**

For vehicles repaired under the terms of this special policy submit a claim using the applicable chart below:

If the vehicle is still within the 3 years and 36,000 miles, use Chart A.

**CHART A**

| Service Performed | Case Type | Labor Op. | Net Item Amount | Net Item Code | # Days Rental | Admin. Hrs. |
|---|---|---|---|---|---|---|
| Applicable Labor Operation for Repair | VW | * | N/A | N/A | See Below | N/A |
| Rental Reimbursement | GW or SS | T5599 | ** | C | *** | N/A |
| Customer Reimbursement **** | VW | T5600 | *** | R | | 0.2 |

If the vehicle is beyond 3 years or 36,000 miles but within the 5 years and 75,000 miles special policy coverage use Chart B.

**CHART B**

| Service Performed | Case Type | Labor Op. | Net Item Amount | Net Item Code | # Days Rental | Admin. Hrs. |
|---|---|---|---|---|---|---|
| Applicable Labor Operation for Repair | SP | * | N/A | N/A | See Below | N/A |
| Rental Reimbursement | SP or SS | T5599 | ** | C | *** | N/A |
| Customer Reimbursement **** | SP | T5600 | *** | R | | 0.2 |

\*   To receive credit for a repair to the VTi transmission during the special policy period, submit a claim through the Saturn Retail System using the appropriate labor operation number and labor time from the electronic Labor Time Guide.

\*\*   Net item amounts must be submitted as a miscellaneous sale. Rental reimbursement is not to exceed $35/day.

\*\*\*   Enter number of days vehicle was rented. Not to exceed 3 days.

\*\*\*\*   Customer requests for reimbursement of previously paid repairs to VTi transmission assembly.

2

Produced by GM in Castillo, et al v. GM          CASTILLO000002668

1. Retailers are empowered to use good judgment regarding rental cars. Should the rental exceed the special policy maximum 3-day allowance, contact the Customer Assistance Center at 1-800-828-2112, prompt 6, prompt1.

2. Labor operations claimed in this bulletin for rental reimbursement or customer reimbursement must be submitted on individual (unrelated to each other or the repair) CSO lines.

3. The parts allowance should be the sum total of the current SSPO Retailer Net Price + 40% of all parts required for the repair.

### CUSTOMER REIMBURSEMENT

Customers with claims for previously paid repairs to the VTi transmission assembly are instructed to contact their Saturn retailer to arrange for reimbursement. If the repair was performed at a non-Saturn facility, customers will need to provide the original paid receipt or invoice verifying the repair, proof of payment, and proof of ownership of the vehicle at the time of repair. If you have any questions regarding claim processing, please contact the Saturn Customer Assistance Center at 1-800-828-2112 prompt 6, prompt 1.

**Customer Reimbursement Claims – Special Attention Required.**

A. Customer reimbursement claims must have the date of the VTi transmission assembly repair entered into the "repair date" field of the CSO in the "Labor Detail/Comments" screen.

B. Customer reimbursement claims must have the mileage of the prior repair of the VTi transmission assembly repair entered on the "Service Order Hub" screen in the "miles in" field.

C. Customer reimbursement claims must have entered into the "technician comments" field the CSO number (if repair was completed at a Saturn retail facility) date, mileage, customer name, and any deductibles and taxes paid by the customer.

D. Customer reimbursement claims must be submitted on a different CSO than the special policy repair. This is because the repair date and mileage differ between the two repairs.

3

Produced by GM in Castillo, et al v. GM                CASTILLO000002669

March 2004



Dear Saturn Owner,

We are writing to let you know of a special policy relating to 2002, 2003 and 2004 VUE and 2003 and 2004 ION Quad Coupe vehicles equipped with the VTi transmission. These vehicles may experience certain transmission concerns that might affect customer satisfaction, and may require repair or replacement.

**What We Will Do:**

Saturn will provide extended coverage for a period of 5 years from the date the vehicle was originally placed in service, or 75,000 miles, whichever occurs first. This special policy covers both the original owner, and any subsequent owners for the 5-year/75,000-mile duration. Please keep this letter with your other important glove box literature for further reference.

**This is not a recall.** At this time, it is not necessary to take your vehicle to your Saturn retailer as a result of this letter.

**What You Should Do:**

If your vehicle should require VTi transmission repairs within 5 years/75,000 miles, whichever comes first, Saturn will repair your vehicle at no charge. A Saturn retailer must perform repairs to qualify for this special coverage.

You will be eligible for reimbursement if you have already paid for some or all of the cost to have VTi transmission repairs, and your vehicle was within the 5-year/75,000-mile parameter at the time of the repair.

**Reimbursement:**

The enclosed form explains what reimbursement is available and how to request reimbursement if you have paid for repairs for the special policy condition.

We sincerely regret any inconvenience this may cause you. However, we have taken this action in the interest of your continued satisfaction with our product. If you have any questions, please contact your Saturn retailer or the Saturn Customer Assistance Center at 1-800-972-8876, or for the hearing impaired, 1-800-833-6000. We want you to know that we will do our best, throughout your ownership experience, to ensure that your Saturn provides you many miles of enjoyable driving.

Sincerely,

Saturn Corporation
04020

4

Produced by GM in Castillo, et al v. GM                    CASTILLO000002670



Saturn Corporation
Customer Assistance Center
P.O. Box 1500
Spring Hill, TN 37174

## SATURN
## VTi Transmission SPECIAL POLICY CUSTOMER REIMBURSEMENT PROCEDURE

If you paid for repairs associated with the VTi transmission assembly prior to March 15, 2004, you may be eligible to receive reimbursement.

Requests for reimbursement may include parts, labor, fees and taxes. Reimbursement may be limited to the amount the repair would have cost if completed by an authorized Saturn retailer.

Submitting a special policy reimbursement claim directly to your Saturn retailer may expedite processing, however, if you choose, you may file your claim through the Saturn Customer Assistance Center. Your claim will be acted upon within 60 days of receipt.

If your claim is:

- Approved, you will receive a check from your Saturn retailer or Saturn Corporation,

- Denied, you will receive a letter from your Saturn retailer or Saturn Corporation with the reason(s) for the denial, or

- Incomplete, you will receive a letter from your Saturn retailer or Saturn Corporation identifying the documentation that is needed to complete the claim and offered the opportunity to resubmit the claim when the missing documentation is available.

Please follow the instructions on the Claim Form provided on the reverse side to file a claim for reimbursement. If you have any questions or need assistance, please contact your Saturn retailer or the Saturn Customer Assistance at 1-800-972-8876, or for the hearing impaired, 1-800-833-6000.

5

Produced by GM in Castillo, et al v. GM                    CASTILL0000002671

**SATURN**

**VTi TRANSMISSION SPECIAL POLICY CUSTOMER REIMBURSEMENT CLAIM FORM**
**04020**

| THIS SECTION TO BE COMPLETED BY CLAIMANT |
| --- |

Date Claim Submitted: _____

Vehicle Identification Number (VIN): _____

Mileage at Time of Repair: _____  Date of Repair: _____

Claimant Name (please print): _____

Street Address or PO Box Number: _____

City: _____ State: _____ ZIP Code _____

Daytime Telephone Number (Include Area Code): _____

Evening Telephone Number (Include Area Code): _____

Amount of Reimbursement Requested: $_____

**THE FOLLOWING DOCUMENTATION MUST ACCOMPANY THIS CLAIM FORM.**

Original or clear copy of all receipts, invoices and/or repair orders that show:

- The name and address of the person who paid for the repair.
- The Vehicle Identification Number (VIN) of the vehicle that was repaired.
- What problem occurred, what repair was done, when it was done and who did it.
- The total cost of the repair expense that is being claimed.
- Payment for the repair in question and the date of payment.
  *(copy of front and back of cancelled check, or copy of credit card receipt)*

My signature to this document attests that all attached documents are genuine and I request reimbursement for the expense I incurred for the repair covered by this special policy.

Claimant's Signature: _____

Please provide this claim form and the required documents to your Saturn retailer or mail to the following address:

**Saturn Corporation**
**Customer Assistance Center**
**P. O. Box 1500**
**Spring Hill, TN.  37174**
**Mail Drop 371-999-S24**

S032004RFP01

· 6 ·

Produced by GM in Castillo, et al v. GM          CASTILLO000002672



# SERVICE BULLETIN

| | |
|---|---|
| **NO.:** | **04020A** |
| | SPECIAL POLICY |
| **DATE:** | **January 2005** |
| **CATEGORY TYPE:** | **Transaxle - 02** |
| **CATEGORY:** | **Automatic** |

## SPECIAL POLICY

**SUBJECT:**    SPECIAL POLICY ADJUSTMENT – EXTENDED TRANSMISSION WARRANTY COVERAGE FOR THE VARIABLE TRANSMISSION WITH INTELLIGENCE (VTi) TRANSMISSION

**MODELS:**    2002, 2003, 2004 AND 2005 VUE VEHICLES EQUIPPED WITH VTi (M75 AND M16) 2003 AND 2004 ION QUAD COUPE VEHICLES EQUIPPED WITH VTi (M75)

**TO:**    ALL SATURN RETAILERS AND AUTHORIZED SERVICE PROVIDERS

> This bulletin is being revised to add the 2005 model year Saturn VUE. Please discard the previous 04020 bulletin, dated March 2004.

## CONDITION

Saturn has determined that 2002, 2003, 2004 and 2005 VUE and 2003 and 2004 ION Quad Coupe vehicles equipped with the VTi transmission may experience certain transmission concerns that might affect customer satisfaction, and may require repair or replacement.

## SPECIAL POLICY ADJUSTMENT

This special policy bulletin has been issued to extend the warranty on the VTi transmission assembly for a period of 5 years or 75,000 miles (120,000 km), whichever occurs first, from the date the vehicle was originally placed in service, regardless of ownership. The repairs will be made at no charge to the customer.

Effective immediately, vehicles covered by extended vehicle service contracts are covered by this special policy.

## VEHICLES INVOLVED

Involved are Saturn 2002, 2003, 2004 and 2005 VUE and 2003 and 2004 ION Quad Coupe vehicles equipped with the VTi transmission (RPOs M16 or M75). This policy is applicable to all VTi equipped vehicles with an in-service date prior to April 2004.

## PARTS INFORMATION

Parts required to complete a repair under this special policy are to be obtained from Saturn Service Parts Operations (SSPO) as outlined in the current parts catalog.

**COPYRIGHT © 2004 SATURN CORPORATION U.S.A. ALL RIGHTS RESERVED.**
*— EXCEED CUSTOMER EXPECTATIONS —*

Policy 04020A issued by Old GM in January 2005 (adding 2005 Pg 3 of 7

## CUSTOMER NOTIFICATION

Saturn will notify customers of this special policy on their vehicles via first-class mail. A copy of the customer letter is included with this bulletin.

## SERVICE PROCEDURE

Diagnose and service as outlined in the applicable Saturn Service Manual or Technical Information Bulletin(s). Current Service Manuals and Technical Information Bulletins are available via the Electronic Service Information (eSI) web site.

## CLAIM INFORMATION

For vehicles repaired under the terms of this special policy submit a claim using the applicable chart below:

If the vehicle is still within the 3 years and 36,000 miles, use Chart A.

### CHART A

| Service Performed | Case Type | Labor Op. | Net Item Amount | Net Item Code | # Days Rental | Admin. Hrs. |
|---|---|---|---|---|---|---|
| Applicable Labor Operation for Repair | VW | * | N/A | N/A | See Below | N/A |
| Rental Reimbursement | GW or SS | T5599 | ** | C | *** | N/A |
| Customer Reimbursement **** | VW | T5600 | *** | R | | 0.2 |

If the vehicle is beyond 3 years or 36,000 miles but within the 5 years and 75,000 miles special policy coverage use Chart B.

### CHART B

| Service Performed | Case Type | Labor Op. | Net Item Amount | Net Item Code | # Days Rental | Admin. Hrs. |
|---|---|---|---|---|---|---|
| Applicable Labor Operation for Repair | SP | * | N/A | N/A | See Below | N/A |
| Rental Reimbursement | SP or SS | T5599 | ** | C | *** | N/A |
| Customer Reimbursement **** | SP | T5600 | *** | R | | 0.2 |

| | |
|---|---|
| * | To receive credit for a repair to the VTi transmission during the special policy period, submit a claim through the Saturn Retail System using the appropriate labor operation number and labor time from the electronic Labor Time Guide. |
| ** | Net item amounts must be submitted as a miscellaneous sale. Rental reimbursement is not to exceed $35/day. |
| *** | Enter number of days vehicle was rented. Not to exceed 3 days. |
| **** | Customer requests for reimbursement of previously paid repairs to VTi transmission assembly. |

2

Policy 04020A issued by Old GM in January 2005 (adding 2005 Pg 4 of 7

1. Retailers are empowered to use good judgment regarding rental cars. Should the rental exceed the special policy maximum 3-day allowance, contact the Customer Assistance Center at 1-800-828-2112, prompt 6, prompt1.

2. **Labor operations claimed in this bulletin for rental reimbursement or customer reimbursement must be submitted on individual (unrelated to each other or the repair) CSO lines.**

3. The parts allowance should be the sum total of the current SSPO Retailer Net Price + 40% of all parts required for the repair.

## CUSTOMER REIMBURSEMENT

Customers with claims for previously paid repairs to the VTi transmission assembly are instructed to contact their Saturn retailer to arrange for reimbursement. If the repair was performed at a non-Saturn facility, customers will need to provide the original paid receipt or invoice verifying the repair, proof of payment, and proof of ownership of the vehicle at the time of repair. If you have any questions regarding claim processing, please contact the Saturn Customer Assistance Center at 1-800-828-2112 prompt 6, prompt 1.

### Customer Reimbursement Claims – Special Attention Required.

A. Customer reimbursement claims must have the date of the VTi transmission assembly repair entered into the "repair date" field of the CSO in the "Labor Detail/Comments" screen.

B. Customer reimbursement claims must have the mileage of the prior repair of the VTi transmission assembly repair entered on the "Service Order Hub" screen in the "miles in" field.

C. Customer reimbursement claims must have entered into the "technician comments" field the CSO number (if repair was completed at a Saturn retail facility) date, mileage, customer name, and any deductibles and taxes paid by the customer.

D. Customer reimbursement claims must be submitted on a different CSO than the special policy repair. This is because the repair date and mileage differ between the two repairs.

3

Produced by GM in Castillo, et al v. GM          CASTILLO0000002675

09-50026-reg Doc 12534 Filed 02/43/12 Entered 02/23/42 43:21:19 Main Document Pg 168 of 190
Policy 04020A issued by Old GM in January 2005 (adding 2005 Pg 5 of 7
February 2005



Dear Saturn Owner,

We are writing to let you know of a special policy relating to 2002 - 2005 VUE and 2003 - 2004 ION Quad Coupe vehicles equipped with the Variable Transmission with Intelligence (VTi) transmission. These vehicles may experience certain transmission concerns that might affect customer satisfaction, and may require repair or replacement.

**What We Will Do:**

Saturn will provide extended coverage for a period of 5 years from the date the vehicle was originally placed in service, or 75,000 miles, whichever occurs first. This special policy covers both the original owner, and any subsequent owners for the 5-year/75,000-mile duration.

**This is not a recall.** At this time, it is not necessary to take your vehicle to your Saturn retailer as a result of this letter.

**What You Should Do:**

If your vehicle should require VTi transmission repairs within 5 years/75,000 miles, whichever comes first, Saturn will repair your vehicle at no charge. A Saturn retailer must perform repairs to qualify for this special coverage.

Enclosed with this letter is a Saturn extended limited warranty label. **Please read and affix the label to the inside of the front cover of your Saturn Warranty and Owner Assistance Information booklet and keep it along with your other important glove box literature for further reference.**

We sincerely regret any inconvenience this may cause you. However, we have taken this action in the interest of your continued satisfaction with our product. If you have any questions, please contact your Saturn retailer or the Saturn Customer Assistance Center at 1-800-972-8876, or for the hearing impaired, 1-800-833-6000. We want you to know that we will do our best, throughout your ownership experience, to ensure that your Saturn provides you many miles of enjoyable driving.

Sincerely,

Saturn Corporation

Enclosures
04020

---

4

Saturn Corporation
Customer Assistance Center
P.O. Box 1500
Spring Hill, TN 37174

**SATURN**

# VTi Transmission SPECIAL POLICY CUSTOMER REIMBURSEMENT PROCEDURE

If you paid for repairs associated with the VTi transmission assembly prior to March 15, 2004 (2002-2004MY); February 15, 2005 (2005MY), you may be eligible to receive reimbursement.

Requests for reimbursement may include parts, labor, fees and taxes. Reimbursement may be limited to the amount the repair would have cost if completed by an authorized Saturn retailer.

Submitting a special policy reimbursement claim directly to your Saturn retailer may expedite processing, however; if you choose, you may file your claim through the Saturn Customer Assistance Center. Your claim will be acted upon within 60 days of receipt.

If your claim is:

- Approved, you will receive a check from your Saturn retailer or Saturn Corporation,

- Denied, you will receive a letter from your Saturn retailer or Saturn Corporation with the reason(s) for the denial, or

- Incomplete, you will receive a letter from your Saturn retailer or Saturn Corporation identifying the documentation that is needed to complete the claim and offered the opportunity to resubmit the claim when the missing documentation is available.

Please follow the instructions on the Claim Form provided on the reverse side to file a claim for reimbursement. If you have any questions or need assistance, please contact your Saturn retailer or the Saturn Customer Assistance at 1-800-972-8876, or for the hearing impaired, 1-800-833-6000.

Produced by GM in Castillo, et al v. GM                    CASTILLO000002677

Policy 04020A issued by Old GM in January 2005 (adding 2005 Exhibit 4 in Special

## SATURN
## VTi TRANSMISSION SPECIAL POLICY CUSTOMER REIMBURSEMENT CLAIM FORM
### 04020A

---

### THIS SECTION TO BE COMPLETED BY CLAIMANT

**Date Claim Submitted:** _____

**Vehicle Identification Number (VIN):**

_____

Mileage at Time of Repair: _____     Date of Repair: _____

**Claimant Name (please print):** _____

**Street Address or PO Box Number:** _____

City: _____ State: _____ ZIP Code _____

**Daytime Telephone Number (include Area Code):** _____

**Evening Telephone Number (include Area Code):** _____

Amount of Reimbursement Requested: $_____


### THE FOLLOWING DOCUMENTATION <u>MUST</u> ACCOMPANY THIS CLAIM FORM.

**Original or clear copy of all** receipts, invoices and/or repair orders that show:

- The name and address of the person who paid for the repair.
- The Vehicle Identification Number (VIN) of the vehicle that was repaired.
- What problem occurred, what repair was done, when it was done and who did it.
- The total cost of the repair expense that is being claimed.
- Payment for the repair in question and the date of payment.
  *(copy of front and back of cancelled check, or copy of credit card receipt)*


My signature to this document attests that all attached documents are genuine and I request reimbursement for the expense I incurred for the repair covered by this special policy.

Claimant's Signature: _____

---

Please provide this claim form and the required documents to your Saturn retailer or mail to the following address:

**Saturn Corporation**
**Customer Assistance Center**
**P. O. Box 1500**
**Spring Hill, TN.  37174**
**Mail Drop 371-999-S24**

S032004RFP01

---

**6**

Produced by GM in Castillo, et al v. GM                                    CASTILLO000002678

**<u>Exhibit L</u>**

**Saturn VTi Transmission Settlement Clarification**

Top of Form

| SZ11SN | US | en_US | GERARD | Smits | S |
|---|---|---|---|---|---|
| dealerw orld | | 240 | 09002392801e7f | GMNA/United_St | show MessageCo |
| | false | | Non-VSSM | 8 | GM_Corporate |
| | | | | | false |
| | false | | | | |
| | | | | | |

Date: 09/29/2009        Ref. number: Service / Service Operations /
G_0000039020

Subject: **Saturn VTi Transmission Settlement Clarification**

GM SERVICE AND PARTS OPERATIONS

DCS2303

URGENT - DISTRIBUTE IMMEDIATELY

Date:           September 28, 2009

Subject:        Saturn VTi Transmission Settlement Clarification

Models:         Certain 2002 – 2005 Saturn VUE
Certain 2003 – 2004 Saturn ION
Equipped with VTi Transmission

To:             All Saturn Retailers

Attention:      Dealer Operator, General Manager, Sales Manager,
Service Manager, Used Car Manager, Parts Manager
and Warranty Administrator

As you know, General Motors Corporation (now Motors Liquidation Company or "MLC") previously entered into a class wide settlement agreement of certain litigation involving the VTi transmission in 2002-2005 model year Saturn VUE and 2003-2004 model year Saturn ION vehicles. Without admitting liability for any claims made in the litigation and to avoid the costs and expenses of further litigation, MLC agreed that after the effective date of the settlement it would reimburse customers for certain VTi transmission related expenses incurred after the expiration of the of the 5 year/75,000 mile limited warranty applicable to this transmission. In addition, as a customer good will matter prior to the effective date of the settlement, as contained in GM Administrative Message G_0000020717, MLC put in place a practice of reimbursing eligible claims pursuant to the time, mileage and percentage reimbursement schedule contained in the settlement. However, before the effective date of the settlement, MLC was forced to file for bankruptcy protection.

When it emerged from the bankruptcy proceedings, General Motors Company ("GM") did not assume liability under the settlement or otherwise for any reimbursement obligations with respect to the VTi transmission. The Bankruptcy Court's order approving the 363 sale of MLC assets to GM specifically provides that such sale was free and clear of any MLC liabilities unless expressly assumed by GM. Therefore, the responsibility, if any, to provide reimbursement to customers under the settlement remains with MLC subject to the normal procedures of the Bankruptcy Court. Thus, GM Administrative Message G_0000020717 is no longer effective and no reimbursement of VTi transmission related expenses should be made or will be honored by GM pursuant to the terms of the prior policy outlined in that message.

Going forward, repair of VTi transmissions in the subject vehicles should be addressed only pursuant to the terms of the 5 year / 75,000 mile limited express warranty extension issued via Saturn Special Coverage Bulletin 04020 dated March 2004 and superseded by Bulletin 04020A in January 2008.

END OF MESSAGE

GM SERVICE AND PARTS OPERATIONS

| | | | |
|---|---|---|---|
| Contact name: | Loren Rusk | E-Mail: | loren.rusk@gm.com |
| Department: | Service - Brand Quality | Phone: | |
| Intended roles: | Sales Management, Parts Manager, Warranty Administrator, Used Vehicle Sales Manager, Service Manager, General Manager, Dealer | | |
| Archives: | 03/29/2010 | Expires: | 09/29/2011 |

GMCASTILLO-E000000151

| | 20 | SUBJECT | ASC | | |
|---|---|---|---|---|---|
| saturn vti settlem | | | | | |
| | All | true | true | true | |
| false | | | | 2 | 1 |
| All | All | true | true | http://gmmsg.iw .g | msgPreview Pane |
| false | searchContent | usageMetrics | | gm_messenger_ | HomeContainer |
| searchResultMes | All | http://gmmsg.iw .g | http://gmmsg.iw .g | | |

Bottom of Form

Sample ░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░

GMCASTILLO-E000000152

**Exhibit M**

**Special Policy 09280**

Document ID: 2366737

# #09280: New Special Reimbursement Policy for Vehicles Equipped with Variable Transmission with Intelligence (VTi) Transmission-50 Percent of Trans Repair Cost Paid by GM or Customer May Elect $5,000 Credit - (Nov 5, 2009)

**Subject:** 09280 — New Special Reimbursement Policy for Vehicles Equipped with Variable Transmission with Intelligence (VTi) Transmission - 50 percent of transmission repair cost will be paid by GM or customer may elect the option of $5,000 customer credit instead of repair



**Models:** **2002-2005 Saturn VUE**
**Equipped with VTi (RPO M75/M16)**
**2003-2004 Saturn ION Quad Coupe**
**Equipped with VTi (RPO M75)**

## Condition

Some customers of 2002-2005 model year Saturn VUE vehicles equipped with a Variable Transmission with Intelligence (VTi) (RPO M75/M16); and 2003-2004 Saturn ION Quad Coupe vehicles equipped with VTi (RPO M75) may comment about transmission noise or reduced performance.

Saturn previously advised in bulletin 04020 of an extension of the limited express warranty on US vehicles with respect to the transmission as set forth below. Canadian vehicles were covered under the normal 5 year/100,000 km powertrain warranty.

I: For a period of 5 years or 75,000 miles, whichever occurs first, from the date the vehicle was originally placed in service, regardless of ownership. The repairs will be made at no charge to the customer.

## New Special Reimbursement Policy (US and Canada)

If the vehicle is no longer eligible for the coverage above, but is within 8 years or 100,000 miles (160,000 km), whichever occurs first, from the date the vehicle was originally placed in service, regardless of ownership, GM will pay 50% of eligible transmission repair expenses, parts and labor, and the customer will be responsible for the remaining 50%. The amount paid shall be calculated with reference to dealers' already approved warranty parts and labor rates. Customers whose vehicle's extended transmission warranty has expired, but which still is within the Special Reimbursement Policy, may elect to receive a customer credit from GM for their vehicle instead of the repair - for the first instance that the customer pursues repair during the 8 year/100,000 miles (160,000 km) period. If the customer elects this option, the vehicle will be purchased for a $5,000 credit (less any lien) towards the purchase of a new GM vehicle (excluding Saab, HUMMER, or

© 2009 General Motors Corporation. All rights reserved.

Medium Duty vehicles). The vehicle will then be turned over to General Motors for handling. See section titled, "Saturn VTI Transmission Customer Credit Program" contained in this bulletin for details.

## Vehicles Involved

Eligible for the Special Reimbursement Policy are 2002-2005 model year Saturn VUE vehicles equipped with a Variable Transmission with Intelligence (VTI) (RPO M75/M16); and 2003-2004 Saturn ION Quad Coupe vehicles equipped with VTI (RPO M75).

**Important:** Dealers/retailers using the Global Warranty Management (GWM) system are to confirm vehicle eligibility for the Special Reimbursement Program prior to beginning repairs by using the 'Investigate Vehicle History' link on the GWM application within GlobalConnect.

## Parts Information

Parts required to complete a repair under this Special Reimbursement Policy are to be obtained from Saturn Service Parts Operations (SSPO) (Saturn US retailers) or through General Motors Service and Parts Operation (GMSPO) (Saturn Canada and US GM Saturn-Authorized Repair Dealers).

## Customer Notification

General Motors will notify customers of this Special Reimbursement Policy on their vehicles (see copy of typical customer letter included in this bulletin).

## SATURN VTI TRANSMISSION CUSTOMER CREDIT PROGRAM For US Only (See Page 7 for Canadian Vehicles)

GM is offering Saturn owners the opportunity for a customer credit on 2002-2005 Saturn VUE vehicles equipped with VTI (RPO M75/M16) and 2003-2004 Saturn ION Quad Coupe vehicles equipped with VTI (RPO M75) in lieu of GM paying for 50% of the transmission repairs. The purpose of this section is to communicate the customer credit process, including administrative processes, for paying program allowances. This customer credit process is part of the overall Saturn VTI Special Reimbursement Policy 09280.

## Customer Credit Program Summary

GM is offering Saturn owners the Customer Credit Program on vehicles equipped with the VTI transmission. ALL Saturn retailers/GM dealers are required to participate in offering the Customer Credit Program.

In lieu of GM paying eligible transmission repairs under this Special Reimbursement Policy at the 50% rate, the Customer Credit Program allows a Saturn owner to exchange their Saturn vehicle for a $5,000 credit towards the purchase of a new GM vehicle from a Saturn retailer or GM dealer (excluding Saab, HUMMER, and Medium Duty vehicles).

The Saturn owner and the vehicle must meet certain eligibility requirements to participate in the Customer Credit Program. Those requirements are explained in this bulletin.

It is imperative that ALL GM dealers/Saturn retailers comply with ALL administrative processes

EXHIBIT A

Document ID: 2366737                                                    Page 3 of 13

outlined in this bulletin. In addition, all GM dealers/Saturn retailers should take the necessary steps to ensure compliance with any state or local requirements and laws.

It is mandatory that ALL retailers/dealers execute ALL forms provided by the Customer Credit Program Team. The contact information for the Customer Credit Program Team is as follows:

Customer Credit Program

2717 Schust Rd

Saginaw, MI 48603

Phone: 877-738-9707

Fax: 866-802-6668

The customer credit is stackable with GM incentives at the time of purchase for the selected vehicle model.

## Eligibility Requirements

Involved Vehicles:

- 2002-2005 Saturn VUE Equipped with VTi (RPO M75/M16)
- 2003-2004 Saturn ION Quad Coupe Equipped with VTi (RPO M75)

## Vehicle Eligibility Requirements

- Vehicle must be presented for repair following expiration of the 5 year/75,000 miles limited transmission warranty and must be diagnosed as currently needing eligible repairs to the VTi transmission.
- The vehicle must be within the time and mileage guidelines as contained in Special Reimbursement Policy 09280.
- Purchased, leased, new, or used.

## Owner Eligibility Requirements

- Vehicle must have been titled and registered to the current owner at the time that the program/bulletin was published to receive a customer credit. Customer credit is transferrable only within the current owner's household.
- The vehicle must currently be owned/leased by the retail purchaser applying for customer credit.
- Owner must return the vehicle within the time and mileage guidelines as contained in Special Reimbursement Policy 09280.
- Customer eligibility for the Customer Credit Program is limited to one customer credit per eligible vehicle in lieu of GM paying 50% of the cost of the first instance of transmission repair within the Special Reimbursement Policy 09280, following the expiration of the 5 year/75,000 mile (100,000 km) limited transmission warranty.
- Customer is responsible for all costs associated with the new vehicle purchase that exceed

EXHIBIT A

the net value of the customer credit.

## Exclusions

- Vehicles that, after proper diagnosis, do not demonstrate a need for a VT1 transmission repair in accordance with Special Reimbursement Policy 09280.
- Fleet purchases and fleet leases.
- Vehicles used for livery, taxi, or delivery services.
- Vehicles previously returned under the Customer Credit Program.
- Vehicles with a powertrain warranty block.
- Retailer-owned used or demonstrator vehicles.
- Vehicles with scrap/salvage titles.

## Vehicle Turn-In Process

The following outlines the steps necessary to successfully complete a vehicle turn-in. The process defined below MUST be followed to ensure the proper, timely processing of the program allowances. Failure to follow these steps could result in lengthy delays.

## Customer Returns Vehicle for Customer Credit

The customer takes the eligible vehicle to the dealer/retailer with transmission concerns. At that point, the retailer/dealer opens a repair order to determine if the vehicle meets program guidelines. If the vehicle is eligible, the customer is offered the option of GM paying for 50% of the needed transmission repair under Special Reimbursement Policy 09280 or the vehicle customer credit. If the customer chooses the credit in lieu of the repair, the dealer/retailer will contact the Customer Credit Program Team to verify eligibility and start the process (see details below).

## Verify Eligibility with Customer Credit Program Team

Before a customer exchanges a vehicle under the Customer Credit Program, the retailer/dealer must verify that the vehicle and owner are eligible by calling the Customer Credit Program Team at 1-877-738-9707. The Customer Credit Program Team will determine vehicle eligibility. The following documents will be required to confirm eligibility.

1. VIN of vehicle being turned in

2. Copy of the current registration

3. Copy of the title or other document that confirms ownership

4. Customer contact information (name, address, telephone)

The retailer/dealer must fax a copy of the document upon request from the Customer Credit Program Team.

## Vehicle Eligibility Confirmed

Dealer/retailers are to make the customer aware that they now have 30 days to select and

EXHIBIT A

purchase a new and unused replacement vehicle at the dealer/retailer of their choice (excluding Saab, HUMMER, and Medium Duty vehicles). Once the vehicle selection has been made, the customer should advise the selling dealer they are eligible for the $5,000 customer credit. The selling dealer/retailer is to contact the Customer Credit Program Team for further directions by calling 1 877-738-9707. *The Customer Credit Program Team telephone number is for dealer use only.*

## Issuance of Customer Credit

Once the Customer Credit Program Team verifies eligibility, they will send a VIN specific credit to the retailer/dealer via email or facsimile. The Customer Credit Program Team will also send the following documents for titling purposes:

1. Cover Letter

2. Retailer/Dealer Power of Attorney

3. Customer Power of Attorney

4. Odometer Statement

## Verification of Completed Customer Credit Transaction

Once the customer turns in their original vehicle for a new and untitled vehicle, the retailer/dealer must return the following documents in order to receive the customer credit payment.

1. Customer & retailer/dealer signed VIN specific customer credit form

2. Signed Bill of Sale for the new vehicle

3. Signed Retailer/Dealer Power of Attorney notarized

4. Signed Customer Power of Attorney notarized

5. Signed Customer Odometer Statement

6. Customer Title

7. Lien Release, if applicable

Dealers should retain a copy of all documents mailed to the Customer Credit Program Team.

### Payment of Customer Credit

- Customer Credit Program Team will only release payment after verification that all documents received are valid.
- Customer Credit Program Team will send credit payment to retailer/dealer.
- Customer Credit Program Team will send stipend check (retailer/dealer admin fee) in the amount of $100.00 to the retailer/dealer.

### Vehicle Disposition

EXHIBIT A

Document ID: 2366737                                                           Page 6 of 13

When a vehicle is exchanged under the Customer Credit Program, the exchanged vehicle will be titled by the Customer Credit Program Team to GM. Dealers/retailers are not to undertake any repairs to the vehicle's transmission. The Customer Credit Program Team will be responsible for the final disposition of the vehicle. The retailer/dealer will keep the vehicle on their lot until it can be picked up by GM for handling. The retailer/dealer will not sell the vehicle.

## SATURN VTI TRANSMISSION CUSTOMER CREDIT PROGRAM For Canada Only (See Page 3 for US Vehicles)

GM is offering Saturn owners the opportunity for a customer credit on 2002-2005 Saturn VUE vehicles equipped with VTI (RPO M75/M16) and 2003-2004 Saturn ION Quad Coupe vehicles equipped with VTI (RPO M75) in lieu of GM paying for 50% of the transmission repairs. The purpose of this section is to communicate the customer credit process, including administrative processes, for paying program allowances. This customer credit process is part of the overall Saturn VTi Special Reimbursement Policy 09280.

### Customer Credit Program Summary

GM is offering Saturn owners the Customer Credit Program on vehicles equipped with the VTI transmission. ALL Saturn retailers/GM dealers are required to participate in offering the Customer Credit Program.

In lieu of GM paying eligible transmission repairs under this Special Reimbursement Policy at the 50% rate, the Customer Credit Program allows a Saturn owner to exchange their Saturn vehicle for a $5,000 credit towards the purchase of a new GM vehicle from a Saturn retailer or GM dealer (excluding Saab, HUMMER, and Medium Duty vehicles).

The Saturn owner and the vehicle must meet certain eligibility requirements to participate in the Customer Credit Program. Those requirements are explained in this bulletin.

It is imperative that ALL GM dealers/Saturn retailers comply with ALL administrative processes outlined in this bulletin. In addition, all GM dealers/Saturn retailers should take the necessary steps to ensure compliance with any provincial or local requirements and laws.

It is mandatory that ALL retailers/dealers execute ALL forms provided by the Executive Review Team. The contact information for the Executive Review Team is as follows:

Executive Review Team (CA1-163-005)

1908 Colonel Sam Drive

Oshawa, ON L1H8P7

Email: trade@cc.gm.ca

Fax: 905-440-2620

The customer credit is stackable with GM incentives at the time of purchase for the selected vehicle model.

### Eligibility Requirements

http://gsi.xw.gm.com/si/showDoc.do?docSyskey=2366737&from=nb                  11/7/2009 EXHIBIT A

Involved Vehicles:

- 2002-2005 Saturn VUE Equipped with VTi (RPO M75/M16)
- 2003-2004 Saturn ION Quad Coupe Equipped with VTi (RPO M75)

## Vehicle Eligibility Requirements

- Vehicle must be presented for repair following expiration of the 5 year/100,000 km powertrain transmission warranty and must be diagnosed as currently needing eligible repairs to the VTi transmission.
- The vehicle must be within the time and mileage guidelines as contained in Special Reimbursement Policy 09280.
- Purchased, leased, new, or used

## Owner Eligibility Requirements

1. Vehicle must have been titled and registered to the current owner at the time that the program/bulletin was published to receive a customer credit. Customer credit is transferrable only within the current owner's household.
2. The vehicle must currently be owned/leased by the retail purchaser applying for customer credit.
3. Owner must return the vehicle within the time and mileage guidelines as contained in Special Reimbursement Policy 09280.
4. Customer eligibility for the Customer Credit Program is limited to one customer credit per eligible vehicle in lieu of GM paying 50% of the cost of the first instance of transmission repair within the Special Reimbursement Policy 09280, following the expiration of the 5 year/100,000 km powertrain warranty.
5. Customer is responsible for all costs associated with the new vehicle purchase that exceed the net value of the customer credit.

## Exclusions

- Vehicles that, after proper diagnosis, do not demonstrate a need for a VTi transmission repair that in accordance with Special Reimbursement Policy 09280.
- Fleet purchases and fleet leases.
- Vehicles used for livery, taxi, or delivery services.
- Vehicles previously returned under the Customer Credit Program.
- Vehicles with a powertrain warranty block.
- Retailer-owned used or demonstrator vehicles.
- Vehicles with scrap/salvage titles.

## Vehicle Turn-In Process

The following outlines the steps necessary to successfully complete a vehicle turn-in. The process defined below MUST be followed to ensure the proper, timely processing of the program allowances. Failure to follow these steps could result in lengthy delays.

## Customer Returns Vehicle for Customer Credit

09-50026-reg Doc 12044 Filed 06/02/12 Entered 09/23/12 13:10 Main Document
Pg 183 of 190

09-50026-smeg Doc 12044 Filed 06/02/12 Entered 09/23/12 14:43:26 Exhibit RR - Special
Reimbursement Policy    issued by New GM on November 5   2009. Pg 9 of 14

Document ID: 2366737                                                    Page 8 of 13

The customer takes the eligible vehicle to the dealer/retailer with transmission concerns. At that point, the retailer/dealer opens a repair order to determine if the vehicle meets program guidelines. If the vehicle is eligible, the customer is offered the option of GM paying for 50% of the needed transmission repair under Special Reimbursement Policy 09280 or the vehicle customer credit. If the customer chooses the credit in lieu of the repair, the dealer/retailer will contact the Executive Review Team to verify eligibility and start the process (see details below),

### Verify Eligibility with Executive Review Team

Before a customer exchanges a vehicle under the Customer Credit Program, the retailer/dealer must verify that the vehicle and owner are eligible by emailing the following information to the Executive Review Team at trade@cc.gm.ca with "Saturn Customer Credit" in the subject line. The Executive Review Team will determine VIN eligibility.

1. VIN of the vehicle being turned in

2. Customer contact information (name, address, telephone)

3. A scanned copy of the customer title, current registration, and valid insurance slip. If scanning is not possible, these documents can be faxed to the Executive Review Team at 905-440-2620.

### Vehicle Eligibility Confirmed

Dealer/retailers are to make the customer aware that they now have 30 days to select and purchase a new and unused replacement vehicle at the dealer/retailer of their choice (excluding Saab, HUMMER, and Medium Duty vehicles). Once the vehicle selection has been made, the customer should advise the selling dealer they are eligible for the $5,000 customer credit. The selling dealer/retailer is to contact the Executive Review Team for further directions by calling 1 800-263-3777.

### Issuance of Customer Credit

Once the Executive Review Team verifies eligibility, they will email/fax the following to the "Selling" dealer/retailer for titling purposes:

1. Cover Letter

2. Customer Credit Form for the vehicle being turned in

3. Vehicle Release Form for the vehicle being turned in

4. Customer contact information (name, address, telephone)

### Verification of Completed Customer Credit Transaction

Once the customer turns in their original Saturn vehicle to the "Selling" retailer/dealer for a new and untitled vehicle, the "selling" retailer/dealer must courier the following " *original* " completed documents to the Executive Review Team in order to receive the customer credit payment.

1. Customer & retailer/dealer signed VIN specific customer credit form for the turned in vehicle

2. Customer & retailer/dealer signed Vehicle Release form for the turned in vehicle

EXHIBIT A

Document ID: 2366737                                                 Page 9 of 13

3. Lien release for the turned in vehicle

4. Vehicle registration for the turned in vehicle showing GM of Canada as the owner, and the vehicle branded "scrap".

5. Signed Bill of Sale for the new GM vehicle

6. A copy of the customer title and registration for the new GM vehicle

The "Selling" dealer should retain a copy of all documents sent to the Executive Review Team.

## Payment of Customer Credit

- Executive Review Team will only release payment to the "selling" dealer/retailer after verification that all documents received are valid.
- Executive Review Team will send a credit payment for $5,000 (less any lien) to the "Selling" retailer/dealer's open account (BARS).
- Executive Review Team will send a credit payment of $100 (retailer/dealer admin fee) to the "selling" retailer/dealer's open account (BARS).

## Vehicle Disposition

When a vehicle is exchanged under the Executive Review Team, the exchanged vehicle title will be transferred to GM by the selling dealer/retailer. Dealers/retailers are not to undertake any repairs to the vehicle's transmission. The Executive Review Team will be responsible for the final disposition of the vehicle. The retailer/dealer will keep the vehicle on their lot until disposal arrangements have been made.

## Service Procedure

Note: Before proceeding with this service procedure, refer to the instructions above for details.

| Step | Question | Yes | No |
|------|----------|-----|-----|
| 1 | Does the vehicle exhibit transmission concerns? | Proceed to Step 2 | This Special Reimbursement Policy does not apply. |
| 2 | Is the vehicle within 5 years/75,000 miles (100,000 km), whichever occurs first, from the date the vehicle was originally placed in service, regardless of ownership? | Refer to Special Reimbursement Policy 04020A for US vehicles; cover under normal powertrain warranty for Canadian vehicles | Proceed to Step 3. |
| | Is the vehicle within 8 years/100,000 miles | The customer has the option of having GM pay 50% of the transmission repair at the dealer/retailer's approved warranty parts and labor rates (customer is responsible for the remaining 50%) | This Special |

http://gsi.xw.gm.com/si/showDoc.do?docSyskey=2366737&from=nb

11/7/2009
EXHIBIT A

| | | or | Reimbursement Policy does not apply. Repairs are to be customer-pay. |
|---|---|---|---|
| 3 | (160,000 km), whichever occurs first, from the date the vehicle was originally placed in service, regardless of ownership? | At the first instance of needed repair, the vehicle may be traded in for a $5,000 credit (less any lien) towards the purchase of a new GM vehicle (vehicle must be selected and purchased within 30 days). Proceed to Step 4. | |
| 4 | Does the customer want to trade in their vehicle for a $5,000 customer credit (less any lien) towards the purchase of a new GM vehicle? | See the appropriate Saturn VTI Transmission Customer Credit Program (US or Canada) in this bulletin. | Proceed to Step 5. |
| 5 | Does the customer want GM to pay for 50% of the transmission repair? | Diagnose and service the transmission as outlined in the applicable Saturn Service Manual or Technical Service Bulletin. GM will pay for 50% of the approved warranty parts and labor costs; the customer will pay the remaining 50%. | No further assistance is available. |

## Claim Information

1. Submit a claim using the table below.

| Labor Code | Description | Labor Time | Net Item |
|---|---|---|---|
| T5736 | Diagnose Transmission for Needed Repair Only-Customer Opts for Customer Credit in Lieu of Repair | * | N/A |
| T5737 | Transmission Case Cover Assembly Repair (50% to be paid by GM) – Vehicle Not Traded-In | N/A | ** |
| T5738 | Transmission Replacement (50% to be paid by GM) – Vehicle Not Traded-In | N/A | ** |
| T5739 | Reimbursement (not for use by US GM dealers) | 0.2 | *** |

* Submit the actual straight time required to diagnose cost of transmission repairs.

** The amount submitted in Net Item should represent 50% of the cost of the repair (approved warranty parts and labor costs). Determine the appropriate labor time from the electronic Labor Time Guide

*** Submit the dollar amount reimbursed to the customer for previous eligible transmission repairs in Miscellaneous Net Item. Do not submit for the $5,000 customer credit.

## Customer Reimbursement – For Canada

Customer requests for reimbursement of previously paid repairs to the VTI transmission assembly

EXHIBIT A

Document ID: 2366737                                                    Page 11 of 13

are to be submitted to the dealer/retailer prior to or by November 30, 2010. Repairs must have occurred within the 8 years of the date the vehicle was originally placed in service, or 160,000 km, whichever occurs first. Reimbursement is limited to 50% of the dealer/retailer approved warranty parts and labor rates.

When a customer requests reimbursement, they must provide the following:

- Proof of ownership at time of repair.

- Original paid receipt confirming the amount of unreimbursed repair expense(s) (including Service Contract deductibles), a description of the repair, and the person or entity performing the repair.

If the work was done by someone other than a GM dealership/facility, the amount of reimbursement will be limited to 50% of the amount that the repair would have cost GM to have it completed by a GM dealership/facility.

## Customer Reimbursement - For US

All customer requests for reimbursement for previous repairs for this condition are handled by submitting a reimbursement claim form directly to Saturn retailers or Saturn Customer Assistance Center for processing. Reimbursement is limited to 50% of the retailer approved warranty parts and labor rates.

A Saturn Customer Reimbursement Procedure and Claim Form are included with the customer letter.

November 2009 (Letter for U.S. Customers)

Dear Saturn Customer:

As the owner of a 2002, 2003, 2004, or 2005 model year Saturn VUE, or a 2003 or 2004 model year Saturn ION Quad Coupe, equipped with a Variable Transmission with Intelligence (VTi), your satisfaction with our product is very important to us.

This letter is intended to make you aware that some 2002, 2003, 2004, and 2005 model year Saturn VUE, and some 2003 and 2004 model year Saturn ION Quad Coupe vehicles, equipped with a VTi, may exhibit excessive transmission noise or reduced performance.

*Do not take your vehicle to your Saturn retailer, or GM dealer if a Saturn retailer is not available, as a result of this letter unless you believe that your vehicle has the condition as described above.*

*What We Have Done:* General Motors has already provided Saturn owners with additional express warranty coverage for the VTi transmission.

- If this condition occurs on your 2002, 2003, 2004, or 2005 model year Saturn VUE; 2003 or 2004 model year Saturn ION Quad Coupe, equipped with a VTi, within 5 years of the date your vehicle was originally placed in service or 75,000 miles, whichever occurs first, the condition will be repaired for you at *no charge* . Diagnosis or repair for conditions other than the condition described above is not covered under this Special Reimbursement Policy.

- If your vehicle is no longer eligible for the coverage above, but is within 8 years or 100,000 miles, whichever occurs first, from the date the vehicle was originally placed in service, regardless of ownership, General Motors will pay 50% of the cost of the eligible repair to the

EXHIBIT A

Document ID: 2366737

vehicle's transmission; you will be responsible for the remaining 50% of the repair cost. In lieu of this assistance, at the first instance of a needed repair within these time and mileage limits, a $5,000 customer credit is available to you. If you elect this option, your vehicle will be purchased for a $5,000 customer credit (less any lien) towards the purchase of a new GM vehicle within 30 days. Your servicing dealer/retailer will assist you in the $5,000 customer credit process. If you select this option, a copy of your current vehicle registration and title will be required at this time.

*What You Should Do:* If your vehicle should require repairs to the VTi within the time and mileage limits listed above, contact your Saturn retailer. If a Saturn retailer is not available, please call the Saturn Customer Assistance Center for assistance.

If your vehicle does not require repairs to the VTi, keep this letter with your other important glove box literature for future reference.

*Reimbursement:* The enclosed form explains what reimbursement is available and how to request reimbursement if you have paid for eligible repairs for the VTi transmission. These repairs must have been performed on your vehicle on or after July 10, 2009. Your request for reimbursement, including the information and documents mentioned on the enclosed form, must be received by GM by November 30, 2010 (November 30, 2011 for California residents).

If you have any questions related to this Special Reimbursement Policy or a potential reimbursement, please contact the Saturn Customer Assistance Center at 1-800-972-8876 or 1 800-833-6000 (TTY).

We are sorry for any inconvenience you may have experienced; however we have taken this action in the interest of your continued satisfaction with our products.

Scott Lawson

Director,

Customer and Relationship Services

Enclosure

09280

November 2009 (Letter for Canadian Customers)

Dear Saturn Customer:

As the owner of a 2002, 2003, 2004, or 2005 model year Saturn VUE, or a 2003 or 2004 model year Saturn ION Quad Coupe, equipped with a Variable Transmission with Intelligence (VTi), your satisfaction with our product is very important to us.

This letter is intended to make you aware that some 2002, 2003, 2004, and 2005 model year Saturn VUE, and some 2003 and 2004 model year Saturn ION Quad Coupe vehicles, equipped with a VTi transmission, may exhibit excessive transmission noise or reduced performance.

*Do not take your vehicle to your Saturn retailer as a result of this letter (or GM dealer if no Saturn retailer is available) unless you believe that your vehicle has the condition as described above.*

EXHIBIT A

Document ID: 2366737                                                      Page 13 of 13

*What We Have Done:* General Motors of Canada Limited provided a standard 5-year, 100,000 km
powertrain warranty for these vehicles. If this condition occurs on your 2002, 2003, 2004, or 2005
model year Saturn VUE; 2003 or 2004 model year Saturn ION Quad Coupe, equipped with a VTi
transmission, within 5 years of the date your vehicle was originally placed in service or 100,000
km, whichever occurs first, the condition will be repaired under the original warranty for you at *no
charge .* Diagnosis or repair for conditions other than the condition described above is not covered
under this Special Reimbursement Policy.

If your vehicle is no longer eligible for the coverage under the original warranty, but is within 8
years or 160,000 km, whichever occurs first, from the date the vehicle was originally placed in
service, regardless of ownership, General Motors will pay 50% of the cost of the eligible repair to
the vehicle's transmission. You will be responsible for the remaining 50% of the repair cost. In lieu
of this assistance, at the first instance of a needed repair within these time and mileage limits, a
one time $5,000 customer credit is available to you. If you elect this option, your vehicle will be
purchased for a $5,000 customer credit (less any lien) towards the purchase of a new GM vehicle
within 30 days. Your servicing dealer/retailer will assist you in the $5,000 customer credit process.
If you select this option, you must be the registered owner of the vehicle and a copy of your
current vehicle registration and title will be required at the time of vehicle exchange.

*What You Should Do:* If your vehicle should require repairs to the VTi transmission within the time
and mileage limits listed above, contact your Saturn retailer. If a Saturn retailer is not available,
please call the GM Customer Communication Centre for assistance at 1-800-263-3777.

If your vehicle does not require repairs to the VTi transmission, keep this letter with your other
important glove box literature for future reference.

*Reimbursement:* Contact your dealer/retailer for details on what reimbursement is available and
how to request reimbursement if you have previously paid for eligible repairs for the VTi
transmission. Your request for reimbursement, including the information and documents mentioned
above, must be received by your dealer/retailer by November 30, 2010. If the work was done by
someone other than a GM dealer/Saturn retailer, the amount of reimbursement will be limited to
50% of the amount that the repair would have cost GM to have it completed by a GM
dealer/Saturn retailer.

If you have any questions related to this Special Reimbursement Policy, please contact the GM
Customer Communication Centre at 1-800-263-3777.

We are sorry for any inconvenience you may have experienced; however we have taken this action
in the interest of your continued satisfaction with our products.

Customer Support Department

09280

GM bulletins are intended for use by professional technicians, NOT a "do-it-yourselfer". They are written to inform
these technicians of conditions that may occur on some vehicles, or to provide information that could assist in the
proper service of a vehicle. Properly trained technicians have the equipment, tools, safety instructions, and know-how
to do a job properly and safely. If a condition is described, DO NOT assume that the bulletin applies to your vehicle, or
that your vehicle will have that condition. See your GM dealer for information on whether your vehicle may benefit
from the information.



WE SUPPORT
VOLUNTARY
TECHNICIAN
CERTIFICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                    :          **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :          **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*   :
:
            **Debtors.**                      :          **(Jointly Administered)**
:
------------------------------------------------------------x

<div align="center">

**ORDER GRANTING MOTORS LIQUIDATION COMPANY**
**GUC TRUST'S OBJECTION TO PROOF OF CLAIM NO. 71060**

</div>

Upon the Objection dated August 23, 2012 (the "**Objection**"), to Proof of Claim

No. 71060 (the "**Castillo Putative Class Claim**") filed by Mark L. Brown, Esq. on behalf of

Kelly Castillo, Nichole Brown, Brenda Alexis Digiandomenico, Valerie Evans, Barbara Allen,

Stanley Ozarowski, and Donna Santi, each individually and on behalf of all others similarly

situated (the "**Castillo Putative Class**") of Motors Liquidation Company GUC Trust (the "**GUC**

**Trust**") as successor to Motors Liquidation Company (f/k/a General Motors Corporation) and its

related affiliates (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United

States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), and this Court's Order Pursuant to Section 502(b)(9) of

the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing

Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures

Relating Thereto and Approving the Form and Manner of Notice Thereof [Docket No. 4079],

seeking entry of an order disallowing and expunging claim no. 71060 on the grounds that

adjudication of the Castillo Putative Class Claim fails to comply with Bankruptcy Rules 9014

and 7023 and the Castillo Putative Class fails to satisfy Rule 23 of the Federal Rules of Civil

<div align="center">1</div>

Procedure, as more fully described in the Objection; and due and proper notice of the Objection

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Objection is in the best interests

of the GUC Trust, the Debtors, their estates, creditors, and all parties in interest and that the legal

and factual bases set forth in the Objection establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

   ORDERED that the relief requested in the Objection is granted as provided

herein; and it is further

   ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Castillo

Putative Class Claim is disallowed and expunged in its entirety; and it is further

   ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
   _____, 2012



              _____
              United States Bankruptcy Judge