**PRESENTMENT DATE AND TIME: September 7, 2012 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: September 7, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
|    f/k/a **General Motors Corp.,** *et al.* | : | |
| Debtors. | : | **(Jointly Administered)** |

# NOTICE OF PRESENTMENT OF STIPULATION AND ORDER RESOLVING CERTAIN CLAIMS FILED ON BEHALF OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION AND <u>THE TOWN OF SALINA</u>

**PLEASE TAKE NOTICE** that the annexed stipulation and proposed agreed Order (the "**Stipulated and Agreed Order**") between the Motors Liquidation Company GUC Trust (the "**GUC Trust**") and the New York State Department of Environmental Conservation ("**NYSDEC**") and the Town of Salina ("**Salina**") resolving certain claims filed on behalf of NYSDEC and Salina, as more fully described in the Stipulated and Agreed Order, will be presented to the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of

US_ACTIVE:\44076208\4\64318.0003

the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 7, 2012 at 12:00 noon (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Stipulation and Agreed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

2

Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **September 7, 2012 at 11:30 a.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Stipulation and Agreed Order, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court the Stipulation and Agreed Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 30, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                :
                                  Debtors.      :    (Jointly Administered)
                                                :
------------------------------------------------------------x

### STIPULATION AND ORDER RESOLVING CERTAIN CLAIMS FILED ON BEHALF OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION AND THE TOWN OF SALINA

This Stipulation and Order ("**Stipulated Order**") is entered into by and between the Motors Liquidation Company General Unsecured Creditors Trust ("**GUC Trust**") on the one hand, and the New York State Department of Environmental Conservation ("**NYSDEC**") and the Town of Salina (**"Town"**) (collectively the "**Claimants**") by and through their respective undersigned counsel and representatives.

### BACKGROUND

WHEREAS, on June 1, 2009, Motors Liquidation Company ("**MLC**") (f/k/a General Motors Corporation) and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim

(Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Debtors based on pre-petition claims;

WHEREAS, on October 9, 2009, two additional Debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**" and together with REALM and the Initial Debtors, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, pursuant to a State Assistance Contract, the Town has received certain funding from NYSDEC for the purpose of addressing the release and threat of release of hazardous substances at the Town of Salina Landfill Site located at Wolf Street (NYS Route 11), Syracuse, New York (the "**Salina Landfill Site**.

WHEREAS, the NYSDEC and the Town allege that the Debtors are and were responsible parties under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, for costs NYSDEC and the Town have incurred or will incur in responding to releases and threats of releases of hazardous substances at or in connection with the Salina Landfill Site;

WHEREAS, in compliance with the Bar Date Order, on or about November 24, 2009, NYSDEC timely filed a proofs of claim numbers 50824 and 50825 (the "**NYSDEC Initial Claims**") against the Debtors for remedial and response costs related to the Salina Landfill Site;

2

WHEREAS, in compliance with the Bar Date Order, on or about November 25, 2009, the Town timely filed a proof of claim number 47953 (the "**Town Landfill Claim**") against the Debtors for remedial and response costs related to the Salina Landfill Site;

WHERAS, in compliance with the Bar Date Order, on or about November 25, 2009, the Town timely filed proofs of claim numbered 47951, relating to the Onondaga Lake Superfund Site and 47952, relating to the Lower Ley Creek Subsite of the Onondaga Lake Superfund Site, (collectively, the "**Town Onondaga Claims**").

WHEREAS, on or about February 28, 2011, NYSDEC filed amendments to the Initial Claims, amended proofs of claim numbers 71020 and 71021, for remedial and response costs related to the Salina Landfill Site (the "**NYSDEC Amended Claims**").

WHEREAS, the NYSDEC Amended Claims, the NYSDEC Initial Claims, the Town Landfill Claim and the Town Onondaga Claims are collectively referred to herein as the "**Claims**";

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming the Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed the Debtors Second Amended Joint Chapter 11 Plan (as may be amended, modified or supplemented from time to time, the "**Plan**"), established the GUC Trust pursuant to the Plan and the March 30, 2011 Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**");

WHEREAS, the Plan provides for distributions in satisfaction of allowed general unsecured claims as soon as reasonably practical after the effective date of the Plan;

3

WHEREAS, pursuant to the Plan, the GUC Trust is authorized to resolve the Claims on behalf of the Debtors' estates;

WHEREAS, on or about December 15, 2011, MLC dissolved pursuant to the terms and provisions of the Plan;

WHEREAS, the NYSDEC, the Town and the GUC Trust, (collectively, the "**Parties**") have differences of opinion with respect to the Claims and wish to resolve their differences through this Stipulated Order;

WHEREAS, after good-faith, arms' length negotiations, the Parties have reached an agreement to resolve the Claims;

WHEREAS, the treatment of liabilities provided for herein represents a compromise of the positions of the Parties and is entered into solely for purposes of this settlement;

WHEREAS, the Claims are being settled as provided herein in recognition that NYSDEC and the Town have provided funding for the remedial activities at the Salina Landfill Site, and that the NYSDEC is the lead oversight agency for such remedial activities, and that distributions and proceeds for the Claims shall be distributed and deposited as provided herein;

WHEREAS, this Stipulated Order is fair, reasonable, and in the public interest, and is appropriate for resolving the Claims as set forth herein;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by the Parties that:

1. In full settlement and satisfaction of the Claims, the State of New York, on behalf of NYSDEC, and the Town jointly shall have an Allowed General Unsecured Claim in the amount of $9,000,000 classified in Class 3 under the Plan, which the GUC Trust shall distribute as follows:

a. NYSDEC Amended Claim numbered 71020 shall be treated as a Resolved Allowed General Unsecured Claim against MLC, as defined in the GUC Trust Agreement, in the amount of $6,750,000 and shall be subject to payment and distribution pursuant to the terms of the Plan, the Confirmation Order, the GUC Trust Agreement and this Stipulated Order (the "**State Allowed Claim**").

b. NYSDEC Amended Claim 71021 and the NYSDEC Initial Claims shall not be entitled to any distribution under the Plan, the Confirmation Order, the GUC Trust Agreement or this Stipulated Order and are hereby withdrawn with prejudice, which withdrawal shall be deemed accomplished by this Stipulated Order.

c. The Town Landfill Claim (numbered 47953) shall be treated as a Resolved Allowed General Unsecured Claim against MLC, as defined in the GUC Trust Agreement, in the amount of $2,250,000 and shall be subject to payment and distribution pursuant to the terms of the Plan, the Confirmation Order, the GUC Trust Agreement and this Stipulated Order (the "**Town Allowed Claim**" and together with the State Allowed Claim, the "**Allowed Claims**").

d. The Town Onondaga Claims (numbered 47951 and 47952) shall not be entitled to any distribution under the Plan, the Confirmation Order, the GUC Trust Agreement or this Stipulated Order and are hereby withdrawn with prejudice, which withdrawal shall be deemed accomplished by this Stipulated Order.

2. The actual net cash recovery of the distribution on behalf of the State Allowed Claim shall be credited against the State funding allocated to the Salina Landfill Site pursuant to the State Assistance Contract between the Town and NYSDEC.

3. Upon the completion of all distributions and payments due to the Claimants on account of the Allowed Claims pursuant to the terms of the Plan, the Confirmation Order, the

GUC Trust Agreement and this Stipulated Order, the Allowed Claims, shall be deemed fully settled and satisfied in full.

4. The GUC Trust and/or claims agent for these cases shall be authorized and empowered to adjust the claims register consistent with this Stipulated Order.

5. The Allowed Claims shall be entitled to receive payment in the next distribution pursuant to the terms of the Plan, the Confirmation Order, the GUC Trust Agreement, and this Stipulated Order. The Allowed Claims provided for herein shall be treated as provided under Section 4.3 of the Plan of Liquidation and shall not be subordinated to any other allowed Class 3 Unsecured Claim pursuant to any provision of the Bankruptcy Code or other applicable law that authorizes or provides for subordination of allowed claims, including, without limitation, Sections 105, 510, and 726(a)(4) of the Bankruptcy Code.

6. Upon receipt by NYSDEC and the Town of all distributions due on account of the Allowed Claims pursuant to the terms of the Plan, the Confirmation Order, the GUC Trust Agreement and this Stipulated Order, the GUC Trust and the Debtors shall be released from liability to NYSDEC and the Town for the underlying claims or causes of action asserted in the Claims. The release described in this Paragraph shall not become effective if the GUC Trust is in breach of this Stipulated Order. In such circumstances, the release would become effective only at the time any non-compliance is fully resolved.

7. Only the cash and net cash received upon the sale of non-cash distributions received by the State of New York and the Town pursuant to this Stipulated Order, and not the total amount of the Allowed Claims, shall reduce the liability of non-settling potentially responsible parties for the Salina Landfill Site.

6

8. All distributions under this Stipulated Order on behalf of both the State of New York and the Town shall be made to, and held in trust by:

> JP MORGAN CHASE, KEY BANK TYPE B ESCROW ACCT NO. 99112
> ATTENTION: DANIEL F. MURPHY
> Worldwide Securities Services
> 4 New York Plaza, 12th Floor
> New York, NY  10004

9. The GUC Trust shall transmit written confirmation of such cash and non-cash distributions to the State of New York and the Town at the addresses specified below:

STATE OF NEW YORK

GARY HARPER
Office of the New York State Comptroller
State Street
Albany, NY  12207

MAUREEN F. LEARY
Assistant Attorney General
Office of the New York State Attorney General
Environmental Protection Bureau
Albany, NY  12224-0341

BENJAMIN CONLON
Office of General Counsel
New York State Department of Environmental Conservation
625 Broadway
Albany, NY  12232

TOWN OF SALINA

FRANK PAVIA
Harris Beach, PLLC
99 Garnsey Road
Pittsford, NY 14534
WENDY KINSELLA
Harris Beach, PLLC
333 West Washington Street
Syracuse, NY 13202

7

10. In consideration of all of the distributions that will be made under the terms of this Stipulated Order and as provided for under the Plan and the GUC Trust Agreement, and except as specifically provided in Paragraphs 12 through 14 below, the State on behalf of NYSDEC, and the Town, covenant not to file a civil action or to take any administrative or other civil action against the post-effective date Debtors or the GUC Trust pursuant to Sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606 or 9607, with respect to the Salina Landfill Site. These covenants not to sue and reservations shall also apply to the post-effective date Debtors and the GUC Trust's successors, assigns, officers, directors, employees, and trustees, but only to the extent that the alleged liability of the successor or assign, officer, director, employee, or trustee of the GUC Trust or the post-effective date Debtors is based solely on its status as, and in its capacity as, a successor or assign, officer, director, employee, or trustee of the GUC Trust or the post-effective date Debtors.

11. Except with respect to any action to enforce this Stipulated Order, the Debtors and the GUC Trust hereby covenant not to sue for themselves or others, or take such action or to assert or pursue any claims or causes of action against the State of New York, NYSDEC, and/or the Town with respect to the matters addressed by this Stipulated Order. This covenant not to sue shall also apply to the GUC Trust's, the Debtor's, NYSDEC's and the State of New York's successors, assigns, directors, officers, employees, representatives, consultants and trustees.

12. The covenants not to sue set forth in this Stipulated Order shall extend only to the post-effective date Debtors, the GUC Trust, the State of New York, NYSDEC, the Town and the persons described in Paragraph 10 above and do not extend to any other person. Nothing in this Stipulated Order is intended as a covenant not to sue or a release from liability for any person or entity other than the GUC Trust and the persons or entities described in Paragraph 10 above.

8

The Parties expressly reserve all claims, demands, and causes of action, either judicial or administrative, past, present, or future, in law or equity, which they may have against all other persons, firms, corporations, entities, or predecessors of the GUC Trust for any matter arising at or relating in any manner to the Salina Landfill Site.

13. The covenants not to sue set forth above do not pertain to any matters other than those expressly specified therein.

14. The State of New York, the NYSDEC and the Town expressly reserve, and this Stipulated Order is without prejudice to, all rights against the GUC Trust and the post-effective date Debtors with respect to all matters other than those set forth above. The State and the Town specifically reserve such rights, and this Stipulated Order is without prejudice to and shall not affect, any action based on a failure to meet a requirement of this Stipulated Order. The State also specifically reserves any action based on (i) criminal liability; (ii) liability with respect to any Site other than the Salina Landfill Site. In addition, the State of New York, the NYSDEC and the Town reserve, and this Stipulated Order is without prejudice to, all rights against the GUC Trust with respect to the Salina Landfill Site and any other Site for liability under federal or state law as a result of acts by the GUC Trust, the Debtors, or their respective successors, or assigns that occur after the date of entry of this Stipulated Order. Nothing in this Stipulated Order shall be deemed to limit or affect the authority of the State of New York to take summary abatement or response actions under any applicable law or regulation, or to alter the applicable legal principles governing judicial review of any action taken pursuant to such authority, or to alter the applicable legal principles governing judicial review of any action taken by NYSDEC pursuant to that authority. Nothing in this Consent Decree and Settlement Agreement shall be deemed to limit the information-gathering authority of the State of New York under any

applicable law or regulation, or to excuse the Debtors or the GUC Trust from any disclosure or notification requirements imposed any applicable law or regulation. However, nothing herein shall constitute a modification of the automatic stay under section 362 of the Bankruptcy Code or the terms of the Plan.

15.   With regard to claims for contribution against the GUC Trust or the Debtors, the Parties hereto agree that the GUC Trust and the Debtors, and their respective successors and assigns, are entitled to protection from contribution actions or claims as provided by the CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), or as otherwise provided by law, for the "matters addressed" in this Stipulated Order. The "matters address" in this Stipulated Order, as that term is used in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), include all past and future response costs, including any oversight costs and any costs relating to natural resource damages, relating to or arising from the Salina Landfill Site referenced in the Claims.

16.   The GUC Trust also agrees that with respect to any suit or claim for contribution brought against them for matters related to this Stipulated Order, it will notify NYSDEC and the Town in writing within thirty (30) days of their receipt of service of such suit or claim. NYSDEC and the Town shall have no obligation to appear, intervene or defend the GUC Trust or the Debtors in any such suit or claim for contribution. Nothing herein shall create any rights in any person or third party; provided, however, that only the funds actually received by NYSDEC and the Town under this Stipulated Order shall reduce the potential liability of any other potentially responsible or liable person for the contaminated sites underlying the Claims herein. The term "funds actually received" shall mean the number and amount of United States dollars that NYSDEC and the Town receive after causing the distribution to be sold or otherwise converted to United States dollars, exclusive of any fees or transaction costs incurred. The

Parties expressly reserve all claims, demands and causes of action, judicial or administrative, past, present or future, in law or equity, which they may have against any other person or entity for any matter arising from or related in any manner to the Claims addressed herein.

17. The GUC Trust shall promptly seek approval of this Stipulated Order under Bankruptcy Rule 9019 or other applicable provisions of the Bankruptcy Code, if necessary.  It is the intention of the GUC Trust to have this Stipulated Order entered by the Bankruptcy Court in time to have the Allowed Claims paid in the quarterly distributions made to claims allowed as of September 30, 2012.

18. This Stipulated Order contains the entire agreement between the Parties as to the subject matter hereof.

19. This Stipulated Order may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

20. Each person who executes this Stipulated Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulated Order.

21. This Stipulated Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulated Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

22. This Stipulated Order shall become binding and effective upon its approval and entry by the Bankruptcy Court, upon motion of the GUC Trust, on notice to parties in interest in accordance with the Bankruptcy Code and Rules.  Upon approval and execution of this

Stipulated Order by the Parties, the GUC Trust shall promptly prepare, file and serve such motion for approval of this Stipulated Order.

23. This Stipulated Order, and any disputes arising in connection with this Stipulated Order, shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.

24. The Court shall retain jurisdiction to adjudicate any disputes arising from this Stipulated Order.

[SIGNATURE PAGE FOLLOWS]

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GENERAL UNSECURED CREDITORS TRUST** <br> For the GUC Trust by Wilmington Trust Company as GUC Trust Administrator <br><br> By: _____ <br><br><br> Dated: August   , 2012 | **NEW YORK OFFICE OF THE ATTORNEY GENERAL, ON BEHALF OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL PROTECTION** <br><br> By: *Maureen F. Leary* (Digitally signed by Maureen F. Leary, DN: cn=Maureen F. Leary, o=New York State Office of the Attorney General, ou=Environmental Protection Bureau, email=Maureen.Leary@oag.state.ny.us, c=US Date: 2012.08.23 11:50:06 -04'00') <br> MAUREEN F. LEARY, ASSISTANT ATTORNEY GENERAL <br><br> Dated: August   , 2012 <br><br> **HARRIS BEACH, PLLC** <br><br> _____ <br> By: Wendy A. Kinsella, Esq. <br> ATTORNEYS FOR THE TOWN OF SALINA <br><br> TOWN OF SALINA <br><br> _____ <br> By: Mark Nicotra, Supervisor <br><br> Dated: August   , 2012 |

IT IS SO ORDERED.

Dated: _____
          New York, New York

_____
Honorable Robert E. Gerber
United States Bankruptcy Judge

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GENERAL UNSECURED CREDITORS TRUST** <br> For the GUC Trust by Wilmington Trust Company as GUC Trust Administrator <br><br> By: _____ <br><br><br> Dated: August   , 2012 | By: _____ <br> MAUREEN F. LEARY, ASSISTANT ATTORNEY GENERAL <br><br> Dated: August 21, 2012 <br><br> **HARRIS BEACH, PLLC** <br><br> By: *Wendy A. Kinsella* <br>       Wendy A. Kinsella, Esq. <br> ATTORNEYS FOR THE TOWN OF SALINA <br><br> TOWN OF SALINA <br><br> By: *Mark Nicotra* <br>       Mark Nicotra, Supervisor <br><br> Dated: August 21, 2012 |

IT IS SO ORDERED.

Dated: _____
       New York, New York

_____
Honorable Robert E. Gerber
United States Bankruptcy Judge
**NEW YORK OFFICE OF THE ATTORNEY GENERAL, ON BEHALF OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL PROTECTION**

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GENERAL UNSECURED CREDITORS TRUST** <br> For the GUC Trust by Wilmington Trust Company as GUC Trust Administrator <br><br> By: _____ <br> **David A. Vanaskey, Jr.** <br> **Vice President** <br><br> Dated: August , 2012 | **NEW YORK OFFICE OF THE ATTORNEY GENERAL, ON BEHALF OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL PROTECTION** <br><br> By: _____ <br> MAUREEN F. LEARY, ASSISTANT ATTORNEY GENERAL <br><br> Dated: August , 2012 <br><br> **HARRIS BEACH, PLLC** <br><br> _____ <br> By: Wendy A. Kinsella, Esq. <br> ATTORNEYS FOR THE TOWN OF SALINA <br><br> TOWN OF SALINA <br><br> _____ <br> By: Mark Nicotra, Supervisor <br><br> Dated: August , 2012 |

IT IS SO ORDERED.

Dated: _____
       New York, New York

_____
Honorable Robert E. Gerber
United States Bankruptcy Judge