Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq.
Shannon Anne Scott, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                              Chapter 11

MOTORS LIQUIDATION COMPANY, *et al.*,               Case No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*             (Jointly Administered)

                          Debtors.
-----------------------------------------------------------------X

## MOTION OF JASPAN SCHLESINGER LLP TO WITHDRAW AS COUNSEL OF RECORD FOR WOODBURY CADILLAC, LLC

Pursuant to Rule 2090-1(e) of the Local Rules for the Southern District of New York, Jaspan Schlesinger LLP ("JS") respectfully seeks to withdraw as counsel for Woodbury Cadillac, LLC ("Woodbury Cadillac"), a claimant that filed a proof of claim denominated as claim number 70618 (the "Claim") and appeared before this Court by filing a Limited Opposition to the 268th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date Orders of the Motors Liquidation Company GUC Trust (the "GUC Trust") formed by the above-captioned debtors (collectively, the "Debtors") and states as follows:

### BACKGROUND

*A. The Action Commenced in New York State Court*

1.    On or about March 13, 2009, JS, on behalf of Woodbury Cadillac commenced an action (the "Action") against Country Cadillac, Buick, Pontiac and GMC Truck, LLC ("Country") and General Motors Corporation ("GM"), bearing index number 09/0043687, in the Supreme Court, State of New York, County of Nassau ("Supreme Court"), seeking, among other

things, damages for the tortuous interference of GM with a certain Contribution and Asset Purchase Agreement dated December 11, 2008 (the "Contract"). Moreover, the Action was also brought to enjoin GM from taking any action to prevent Country from performing its obligations under the Contract.

2.   As a result of the filing of the Action by Order to Show Cause and a Summons and Complaint, the Supreme Court granted Woodbury Cadillac a Temporary Restraining Order enjoining GM from "relinquishing and/or terminating its franchise agreement with Country".

### B. *The Bankruptcy Filing and Claim of Woodbury Cadillac*

3.   Thereafter, on or about June 1, 2009 and periodically thereafter, the Debtors commenced voluntary cases under chapter 11 of the United States Code ("Chapter 11 cases"). The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

4.   As a result of the Chapter 11 cases, the Action was stayed.

5.   Woodbury Cadillac is listed as a scheduled creditor of the Debtors as an unsecured claimant on Schedule F to Exhibit F-7, pg. 177 of 181, entitled "Other Litigation", with a notice address of Jaspan Schlesinger LLP, 300 Garden Center Plaza, Garden City, New York 11530[1].

6.   On or about January 19, 2011, Woodbury filed the Claim.

### C. *The Claim Objections and the Unproductive Relationship Between Woodbury Cadillac and JS*

7.   By a Notice of 268th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date Orders (Late-Filed Claims), dated January 27, 2012 (the "First Objection"), the GUC Trust objected to the Claim filed by Woodbury Cadillac. [See Docket

---

[1] Notably, and relevant to whether JS received actual notice of the Bar Date, the address of JS should read 300 Garden *City* Plaza rather than 300 Garden *Center* Plaza. (Emphasis added).

SXS/D837794v1/M053398/C0091760                                  2

Entry No. 11356]. Specifically, the First Objection provides, in pertinent part, that Woodbury Cadillac failed to timely file the Claim in accordance with the Bar Date Orders, as defined therein.

8. On or about February 23, 2012, JS, on behalf of Woodbury Cadillac, filed a Limited Opposition to the First Objection, which contended that, *inter alia*, Woodbury Cadillac never received actual notice of the Bar Date Orders and therefore, the Claim should be allowed (the "Limited Opposition"). [See Docket Entry No. 11442].

9. Thereafter, for several months, counsel to the Debtors and Woodbury Cadillac made efforts to resolve the First Objection and Limited Opposition, to possibly avoid litigating the issue of whether service of the Bar Date Orders was properly procured by the Debtors.

10. In the latter part of March 2012, due to the unproductive relationship that had developed between Woodbury Cadillac and JS, Woodbury Cadillac was advised by JS that it should seek to obtain new counsel if it sought to proceed with the litigations – the Claim and the Action, as, under the circumstances, JS would be unable to proceed further with its representation of Woodbury Cadillac.

11. Given the Objection before the Court, and that communications between JS and Woodbury Cadillac are protected by attorney-client privilege, JS cannot represent the specific circumstances that has made it unreasonably difficult for JS to carry out its representation of Woodbury Cadillac.

12. Nevertheless, and importantly, there has been a lack of communication with Woodbury Cadillac which has made it unreasonably difficult for JS to carry out its representation of it effectively.

13. In early April 2012, the managing member of Woodbury Cadillac requested the

contents of its file from JS. JS complied, providing Woodbury Cadillac with a copy of the contents of the file relating to the Action, the Claim and the First Objection.

14. Thereafter, from April through August 2012, JS regularly requested from Woodbury Cadillac the name of counsel whom would be substituting in and replacing JS on these matters, but to no avail.

15. Consequently, JS and counsel to the GUC Trust have continually adjourned the hearing on the First Objection and Limited Opposition in an attempt to either: (a) resolve the First Objection; or (b) provide Woodbury Cadillac time to obtain new counsel.

16. In that regard, for many months, JS continued (and still continues) its efforts to resolve the First Objection and Limited Opposition.

17. Despite JS's repeated requests to Woodbury Cadillac, coupled with the courtesies offered by GUC Trust, Woodbury Cadillac has been unresponsive and has made it unreasonably difficult for JS to continue to carry out its representation of Woodbury Cadillac. Therefore, the attorney-client relationship has become unproductive.

18. Indeed, since April 2012, Woodbury Cadillac advised JS that it would obtain new counsel to defend the Claim, yet, to date, has failed to do so.

19. On or about August 24, 2012, JS received the Notice of Objection to Proof of Claim No. 70618 filed by Woodbury Cadillac (the "Second Objection"), which contained a response deadline of September 14, 2012. [See Docket Entry No. 12021]. (The First Objection and the Second Objection are collectively referred to as the "Objections").

20. The very same day, on August 24, 2012, the Second Objection was promptly forwarded to Woodbury Cadillac with notice of the deadlines contained therein. Moreover, JS again requested Woodbury Cadillac's intentions going forward and the name of counsel who will

be substituting in as attorney of record in these matters. JS further advised Woodbury Cadillac of its intent to immediately seek leave to withdraw as counsel of record if it received no response.

21. To date, Woodbury Cadillac has provided no response. This example of a lack of communication demonstrates that it has been extremely difficult for JS to represent Woodbury Cadillac effectively.

### D. *The Adjournment of the Objections*

22. The First Objection has been adjourned until re-scheduled.

23. The Second Objection has been adjourned to October 3, 2012, with responses due on September 26, 2012.

## RELIEF REQUESTED

24. The Bankruptcy Court for the Southern District of New York has adopted a local rule which addresses attorney withdrawal. In order to withdraw, "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." S.D.N.Y. LBR 2090-1(e). The Bankruptcy Court's local rule is an adaptation of S.D.N.Y. Local Civil Rule 1.4 and as such informs the Bankruptcy Court's local rule. Local Civil Rule 1.4 states that an order permitting withdrawal will be granted "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." Therefore, in order to be relieved as counsel, a lawyer appearing before this Court must make an application for withdrawal supported by affidavit or otherwise a showing of satisfactory reasons sufficient to constitute withdrawal. In re Meyers, 120 B.R. 751 (S.D.N.Y. 1990).

25. Cause for withdrawal has been found where counsel has been the object of hostile

conduct by the client, where the attorney-client relationship has become unproductive, and where there has been a breach of trust on the part of the client or a challenge to the attorneys' loyalty. Holmes v. Y.J.A. Realty Corp., 128 A.D.2d 482, 513 N.Y.S.2d 415 (1st Dep't 1987); Kolomick v. Kolomick, 133 A.D.2d 69, 518 N.Y.S.2d 413 (2d Dep't 1987); Hunkins v. Lake Placid Vacation Corp., 120 A.D.2d 199, 508 N.Y.S.2d 335 (3d Dep't 1986).

26. As supported by the Declaration of Steve R. Schlesinger, Esq., accompanying this Motion, Woodbury Cadillac has made it unreasonably difficult for JS to carry out its representation of Woodbury Cadillac. Therefore, the attorney-client relationship has become unproductive. For example, since March 2012, Woodbury Cadillac has been unresponsive to a multitude of JS's communications. Despite multiple attempts to resolve issues over the past several months, no satisfactory resolution has been reached. Indeed, Woodbury Cadillac's unresponsiveness demonstrates that the attorney-client relationship between Woodbury Cadillac and JS has become unproductive and untenable. See e.g., In re: Fosamax Products Liability Litigation, 2012 U.S. Dist. LEXIS 82024 (S.D.N.Y.) (plaintiff's extended failure to cooperate with her attorneys' attempts to prosecute her action creates a *prima facie* case for withdrawal under Local Civil Rule 1.4). Consequently, JS respectfully requests that the Court grant its requested relief to withdraw as Woodbury Cadillac's counsel of record.

27. In addition to considering the reasons for withdrawal, courts typically also assess whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel". Blue Angel Films, Ltd., 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *2 (citations and quotation marks omitted). For example, courts generally deny motions seeking leave to withdraw as counsel if it is filed on the eve of trial. See, e.g., Ghesani v. Trico VIII Petroleum, Inc., No. 03 Civ. 9854 (FM), 2005 U.S. Dist. LEXIS 29084, 2005 WL 3117485, at * 1 (S.D.N.Y.

Nov. 22, 2005); Malarkey v. Texaco, Inc., No. 81 Civ. 5224 (CSH), 1989 U.S. Dist. LEXIS 8764, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989).

28. Here, there has been no scheduling Order entered relating to the Objections and any issues arising therefrom are not even before the Court at this time. Certainly, the claims disputes are not on the verge of being tried. Given the status of the Objections, Woodbury Cadillac will not be prejudiced by JS's withdrawal. Consequently, granting leave to withdraw will not disrupt the proceedings relating to the Objections to the point where denial is warranted.

29. Significantly, the Objections may be defended by replacement counsel or Woodbury Cadillac can appear *pro se*. In that regard, it is respectfully requested that the Objections be adjourned for a period of sixty (60) days to allow Woodbury Cadillac to find replacement counsel or appear *pro se*.

30. Notably, the Second Objection is scheduled before the Court on October 3, 2012 and any response is due two days after a hearing on this Motion – September 26, 2012. In the event the Motion is granted at the hearing on September 24, 2012, the Order providing such relief may not even be entered by this deadline. Moreover, JS should be afforded the opportunity to timely and properly serve and notify Woodbury Cadillac with any relief granted by this Court. More importantly, granting the adjournment of the Objections will not prejudice the Debtors as there are numerous claims objections pending before this Court.

31. Notice of this Motion shall be provided to Woodbury Cadillac and Counsel for the GUC Trust.

32. Based upon the foregoing, JS seeks to withdraw as counsel for Woodbury Cadillac pursuant to Rule 2090-1(e) of the Local Rules for the Southern District of New York, which permits withdrawal by order of the Court for cause shown.

**WHEREFORE**, Jaspan Schlesinger LLP respectfully requests that the Court enter an order substantially in the form attached hereto, granting the relief requested herein, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
September 6, 2012

          JASPAN SCHLESINGER LLP
          *Counsel of Record for Claimant Woodbury Cadillac LLC*

By:   *s/ Steven R. Schlesinger*
      STEVEN R. SCHLESINGER
      SHANNON ANNE SCOTT
      300 Garden City Plaza
      Garden City, New York 11530
      (516) 746-8000