Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq.
Shannon Anne Scott, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.* | Case No. 09-50026 (REG) (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------X

### DECLARATION OF STEVEN R. SCHLESINGER IN SUPPORT OF MOTION OF JASPAN SCHLESINGER LLP TO WITHDRAW AS COUNSEL OF RECORD FOR WOODBURY CADILLAC LLC

Steven R. Schlesinger, Esq., declares, pursuant to § 1746 of title 28 of the United States Code, as follows:

1. I am a member of the law firm Jaspan Schlesinger ("JS"). I respectfully submit this declaration in support of JS's Motion (the "Motion") to Withdraw as Counsel for Woodbury Cadillac, LLC ("Woodbury Cadillac"), as a claimant in the above-referenced bankruptcy.

2. I respectfully refer the Court to the Motion for the background and procedural history as to the status of Woodbury Cadillac's Claim and the Objections[1].

3. JS has been engaged to represent Woodbury Cadillac in the Action, and Woodbury Cadillac's Claim filed in this bankruptcy case. In connection therewith, JS has defended Woodbury Cadillac's Claim by filing the Limited Opposition. Therefore, JS has appeared before this Court and must seek leave to withdraw as counsel in accordance with Rule 2090-1(e) of the Local Rules for the Southern District of New York.

---

[1] Capitalized terms not defined herein shall have the same meaning as ascribed to in the Motion.

4. As a preliminary matter, I must emphasize that the decision to withdraw as counsel is not one that JS has taken lightly, and we have done so only after repeatedly attempting, over the course of the past several months, to resolve the difficulties besetting our attorney-client relationship in this case. Those efforts have been unsuccessful, and we have reluctantly concluded that we have no viable alternative but to withdrawal as counsel of record of Woodbury Cadillac.

5. Given the Objections before the Court, (and that communications between JS and Woodbury Cadillac are protected by attorney-client privilege), JS cannot represent the specific circumstances that has made it unreasonably difficult for JS to carry out its representation of Woodbury Cadillac.

6. Importantly and as set forth herein, however, there has been a lack of communication with the client which has made it unreasonably difficult for JS to carry out its representation of Woodbury Cadillac effectively.

7. In latter part of March 2012, due to the unproductive relationship that had developed between Woodbury Cadillac and JS, Woodbury Cadillac was advised by the firm that it should seek to obtain new counsel if it sought to proceed with the litigations – the Claim and the Action, as, under the circumstances, JS would be unable to proceed further with its representation of Woodbury Cadillac.

8. Accordingly, in early April 2012, the managing member of Woodbury Cadillac requested the contents of its file from JS. JS complied, providing Woodbury Cadillac with a copy of the contents of the file relating to the Action, the Claim and the First Objection.

9. Thereafter, from April through August 2012, JS regularly requested from Woodbury Cadillac the name of counsel whom would be substituting in and replacing JS on

these matters, but to no avail.

10. Consequently, JS and counsel to the GUC Trust have continually adjourned the hearing on the First Objection and Limited Opposition in an attempt to either: (a) resolve the First Objection; or (b) provide Woodbury Cadillac time to obtain new counsel.

11. Despite JS's repeated requests to Woodbury Cadillac, coupled with the courtesies offered by GUC Trust, Woodbury Cadillac has been unresponsive and has made it unreasonably difficult for JS to continue to carry out its representation of Woodbury Cadillac. Therefore, the attorney-client relationship has become unproductive.

12. Meanwhile, during this time, JS continued its efforts to resolve the First Objection and Limited Opposition relating to the Claim. The very limited communications between JS and Woodbury Cadillac has made this difficult, if not impossible.

13. Further and as stated above, since April 2012, Woodbury Cadillac advised JS that it would obtain new counsel to defend the Claim, yet, to date, has failed to do so.

14. On or about August 24, 2012, JS received the Notice of Objection to Proof of Claim No. 70618 of Woodbury Cadillac filed by the GUC Trust (the "Second Objection"), which contains a response deadline of September 14, 2012 (the "Response Deadline").

15. The very same day, on August 24, 2012, the Second Objection was promptly forwarded to Woodbury Cadillac with notice of the deadlines contained therein. Moreover, JS again requested Woodbury Cadillac's intentions going forward and the name of counsel who will be substituting in as attorney of record in these matters.

16. Significantly, I advised Woodbury Cadillac of JS's intent to immediately seek leave to withdraw as counsel of record if there was no response. To date, Woodbury Cadillac has provided no response or any direction on how to proceed with the Second Objection. This

example of a lack of communication demonstrates that it has been extremely difficult for JS to represent Woodbury Cadillac effectively.

17. Thus, as all attempts to resolve the unproductive attorney-client relationship has been unsuccessful, and JS has no choice but to seek to withdraw from this representation.

18. Notably, here, there has been no scheduling Order entered relating to the Objections and any issues arising therefrom are not even before the Court at this time. Certainly, the claims disputes are not on the verge of being tried. Given the status of the Objections, Woodbury Cadillac will not be prejudiced by JS's withdrawal. Consequently, granting leave to withdraw will not disrupt the proceedings relating to the Objections to the point where denial is warranted.

19. Therefore, under the circumstances as set forth above, it is respectfully requested that the Court grant JS's request to withdraw as counsel to Woodbury Cadillac.

20. Furthermore, it is respectfully requested that the Court adjourn the Objections for sixty (60) days so that JS may timely and properly serve and notify Woodbury Cadillac with any relief granted by this Court and to provide Woodbury Cadillac an opportunity to find replacement counsel or appear *pro se*.

21. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: Garden City, New York
September 6, 2012

By: *s/ Steven R. Schlesinger*
STEVEN R. SCHLESINGER