PRESENTMENT DATE AND TIME: September 24, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: September 24, 2012 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                      :    **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*                   :
                                                               :
                        Debtors.                               :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF PROPOSED ORDER
## PURSUANT TO FED. R. BANKR. P. 9006(b) FURTHER EXTENDING TIME TO OBJECT TO CLAIMS AND ADMINISTRATIVE EXPENSES TO MARCH 25, 2013

**PLEASE TAKE NOTICE** that the annexed Motion, dated September 10, 2012, of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (the "**Plan**"), for an order further extending the time for the GUC Trust to object to claims and administrative expenses, all as more fully set forth in the Motion, will be presented to the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 24, 2012 at 12:00 noon (Eastern Time)**.

US_ACTIVE:\44071317\7\72240.0639

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **September 24, 2012 at 11:30 a.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       September 10, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

4

PRESENTMENT DATE AND TIME: September 24, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: September 24, 2012 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :    09-50026 (REG)
       f/k/a General Motors Corp., et al.                    :
                                                             :
                            Debtors.                         :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**MOTION OF MOTORS LIQUIDATING COMPANY GUC TRUST FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) FURTHER EXTENDING TIME TO OBJECT TO CLAIMS AND ADMINISTRATIVE EXPENSES TO MARCH 25, 2013**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

**Relief Requested**

        1.     The GUC Trust submits this Motion pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and this Court's *Order Pursuant to Fed.*

*R. Bankr. P. 9006(b) Further Extending Time to Object to Claims and Administrative Expenses* (the "**Second Extension Order**") (ECF No. 11546), seeking entry of an order extending the time for the GUC Trust to object to Claims[1] (other than the Asbestos Trust Claim that are properly classified as such) and Administrative Expenses by one hundred eighty (180) days, through and including March 25, 2013, without prejudice to the GUC Trust's right to seek additional extensions thereof. The current deadline for the GUC Trust to object to Claims and Administrative Expenses (the "**Current Objection Deadline**") is September 26, 2012.

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3. On June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG).

4. On March 29, 2011, this Court entered an Order (the "**Confirmation Order**") (ECF No. 9941) confirming the Debtors' chapter 11 Plan. The Plan provides for the Debtors and the GUC Trust to administer various responsibilities after the Effective Date with

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such capitalized term in the Plan.

2

regard to the reconciliation of remaining Disputed Claims. Among other responsibilities, Section 7.1 of the Plan, entitled "*Objections to Claims and Resolution of Disputed Claims*," provides in relevant part:

> (a) Unless otherwise ordered by the Bankruptcy Court after notice and a hearing, on and after the Effective Date and through the dissolution of MLC, the Debtors shall have the right to the exclusion of all others (except as to applications for allowances of compensation and reimbursement of expenses under sections 330 and 503 of the Bankruptcy Code) to object to Administrative Expenses, Priority Tax Claims, DIP Credit Agreement Claims, Priority Non-Tax Claims, and Secured Claims.
>
> (b) On and after the Effective Date, the GUC Trust Administrator shall have the exclusive right to object, and/or continue prosecution of objections, to General Unsecured Claims (other than the Asbestos Trust Claim). If the Residual Wind-Down Assets are transferred to the GUC Trust upon the dissolution of MLC, after such transfer, the GUC Trust Administrator shall have the exclusive right to object to any remaining Administrative Expenses, Priority Tax Claims, DIP Credit Agreement Claims, Priority Non-Tax Claims, and Secured Claims.

5. With regard to the time period for the GUC Trust to object to Claims, Section 7.1(c) of the Plan provides:

> The Debtors or the GUC Trust Administrator, as applicable, shall serve a copy of each objection upon the holder of the Claim to which the objection is made as soon as practicable, but in no event later than one hundred eighty (180) days after (i) the Effective Date for all Claims (with the exception of Unliquidated Litigation Claims as set forth in this Section 7.1), and (ii) such date as may be fixed by the Bankruptcy Court, whether fixed before or after the dates specified in clause (i) above. The Bankruptcy Court shall have the authority on request of the Debtors or the GUC Trust Administrator, as applicable, to extend the foregoing dates ex parte.[2]

---

[2] Similarly, Section 5.1 of the Motors Liquidation Company GUC Trust Agreement, annexed to the Plan as Exhibit "D," provides:

> [Objections to Claims] and requests for estimation, to the extent not already pending, shall be served on the respective claimant and filed with the Bankruptcy Court on or before the 180th day following the Effective Date (with the exception of Unliquidated Litigation Claims); provided, that the GUC Trust Administrator may seek extension of such date by *ex parte*

3

All conditions to the occurrence of the Effective Date of the Plan were met or waived on March 31, 2011, thereby making the Plan effective as of that date. Under Section 7.1(c) of the Plan, the original deadline to object to Claims was September 27, 2011, which was subsequently extended to March 26, 2012 pursuant to this Court's Order (the "**First Extension Order**," and together with the Second Extension Order, the "**Prior Extension Orders**"), dated September 23, 2011 (ECF No. 10938).

6. On March 22, 2012, this Court entered the Second Extension Order, which established September 26, 2012 as the Current Objection Deadline. The Second Extension Order provides that the extension granted therein is "without prejudice to the right of the GUC Trust to seek additional extensions thereof on an ex parte basis before or after September 26, 2012." (Second Extension Order at 2.)

7. The GUC Trust now seeks to extend the Current Objection Deadline by 180 days, through and including March 25, 2013, to object to Claims (other than the Asbestos Trust Claim) and Administrative Expenses. Although the Second Extension Order permits the Current Objection Deadline to be extended ex parte, the GUC Trust nevertheless is providing notice of the proposed extension in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183).

**Substantial Progress in Claims Reconciliation Has Been Made**

8. As reflected in the Motors Liquidation Company GUC Trust Quarterly Reports as of June 30, 2012 (the "**Quarterly Reports**") (ECF No. 12012), the GUC Trust has made

---

application to the Bankruptcy Court, *provided further* that the GUC Trust Administrator shall provide the U.S. Treasury with five business days notice prior to its application to the Bankruptcy Court.

4

substantial progress in reconciling Claims since the entry of the Second Extension Order. The GUC Trust was able to expunge, reduce through settlement, or otherwise reconcile approximately $1.3 billion of Disputed General Unsecured Claims during the six month period between December 31, 2011 and June 30, 2012,[3] which were reduced to Allowed Claims totaling approximately $234.8 million. Approximately 34% of the dollar amounts of Disputed General Unsecured Claims that have been resolved from the Effective Date to June 30, 2012 were resolved between December 31, 2011 and June 30, 2012. From the Effective Date to June 30, 2012, approximately $3.8 billion of Disputed General Unsecured Claims have been resolved and have been reduced to Allowed Claims totaling approximately $387.7 million. As of June 30, 2012, the total amount of General Unsecured Claims that have been Allowed in these cases exceeds $30 billion while the amount of Disputed General Unsecured Claims is just $4.3 billion, a substantial majority of which is currently being addressed in the pending adversary proceeding styled *Motors Liquidation Company GUC Trust v. Appaloosa Investment Limited Partnership I*, Case No. 12-09802(REG).

9. In order to resolve such a substantial amount of Claims, the GUC Trust was required to prosecute a multitude of individual and omnibus objections to claims and employ various other means to reduce a substantial amount of the Debtors' liabilities. Among other things, in addition to formal objections to claims, the GUC Trust sought to engage in out-of-court settlements where feasible and to use mediation and other alternative dispute resolution procedures that would not burden the resources of the judiciary.

10. Significant progress has been achieved in these chapter 11 cases with respect to the reconciliation of Claims. Nevertheless, due to the sheer number of Claims filed in these

---

[3] In order to avoid disclosing material non-public information which may trigger certain reporting requirements under the Federal securities laws, the GUC Trust is providing information as of the period covered in prior Quarterly Reports, which has already been the subject of an 8-K filing.

5

chapter 11 cases, the GUC Trust needs additional time to complete their claim reconciliation responsibilities under the Plan.

### The Relief Requested Should Be Approved by the Court

11. The Second Extension Order provides that the GUC Trust may seek "additional extensions [of the Current Objection Deadline] on an ex parte basis before or after September 26, 2012." (Second Extension Order at 2.) Moreover, Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ." Fed. R. Bankr. P. 9006(b).

12. During the course of these chapter 11 cases, more than 70,000 proofs of claim were filed against the Debtors. Although the great majority of these Claims have been reconciled and the GUC Trust has made substantial progress to resolve Claims since the Effective Date, the GUC Trust requires additional time to reconcile the remaining Claims and file objections thereto, if necessary. The GUC Trust submits that an extension of the Current Objection Deadline will allow the GUC Trust to continue to reconcile Claims, as well as Administrative Expenses, in an orderly and efficient manner for the benefit of the Debtors' estates and holders of Allowed Claims. Extending the Current Objection Deadline not only will give the GUC Trust additional time to seek the expungement of frivolous Claims and Administrative Expenses, but also may facilitate settlement efforts and reduce the scope and number of objections that may have to be filed and litigated.

13. Accordingly, the GUC Trust submits that extending the Current Objection Deadline through and including March 25, 2013, without prejudice to the right of the GUC Trust to seek additional extensions thereof, is appropriate under the circumstances.

6

**Notice**

14. Notice of this Motion has been provided to parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court except to the extent discussed in this Motion with regard to the Prior Extension Orders.

**Conclusion**

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 10, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**PRESENTMENT DATE AND TIME:** September 24, 2012 at 12:00 noon (Eastern Time)
**OBJECTION DEADLINE:** September 24, 2012 at 11:30 a.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                    :
**In re**                                          :          Chapter 11 Case No.
                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :          09-50026 (REG)
    f/k/a **General Motors Corp.,** *et al.*    :
                                                 :
                         **Debtors.**              :          (Jointly Administered)
                                                 :
------------------------------------------------------------x

**ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) FURTHER EXTENDING TIME
TO OBJECT TO CLAIMS AND ADMINISTRATIVE EXPENSES TO MARCH 25, 2013**

Upon the Motion,[1] dated September 10, 2012, of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the *Order Pursuant to Fed. R. Bankr. P. 9006(b) Further Extending Time to Object to Claims and Administrative Expenses* (the "**Second Extension Order**") (ECF No. 11546), seeking entry of an Order extending the time to object to Claims and Administrative Expenses, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9006(b), the time by which the GUC Trust may object to Claims (other than the Asbestos Trust Claim) and Administrative Expenses is extended through and including March 25, 2013, without prejudice to the right of the GUC Trust to seek additional extensions thereof on an ex parte basis before or after March 25, 2013; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

2