HEARING DATE AND TIME: October 15, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 8, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                                                                                      :            **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :            **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*                 :
:
                        Debtors.                                   :            **(Jointly Administered)**
:
-------------------------------------------------------------x

**NOTICE OF OBJECTION TO PROOF OF**
**CLAIM NO. 50945 FILED BY TIA GOMEZ**

**PLEASE TAKE NOTICE** that on September 12, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed its objection to proof of claim number 50945 filed by Tia Gomez (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 15, 2012, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708  (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **October 5, 2012, at 4:00 p.m. (Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard

3

offered to any party.

Dated: New York, New York
September 12, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation Company GUC Trust*

**HEARING DATE AND TIME: October 15, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 8, 2012 at 4:00 p.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
:
    Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

**OBJECTION TO PROOF OF**
**CLAIM NO. 50945 FILED BY TIA GOMEZ**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), objects to proof of claim number 50945 (the "**Claim**") filed by Tia Gomez, on the basis that such claim is time-barred by the applicable statute of limitations. In support of this Objection, the GUC Trust respectfully represents:

**RELIEF REQUESTED**

1. By the Claim, Ms. Gomez, a *pro se* litigant, seeks recovery from the Debtors an amount of $365,000 for "products liability and medical bills" and "personal injury" related to a car accident that allegedly occurred in October, 2006 (the "**Accident**"). Even though Ms. Gomez filed a timely unsecured claim against the Debtors, Ms. Gomez did not commence an action related to the Accident prior to the Debtors' bankruptcy.

2. As set forth more fully below, because the Accident took place over two years before the commencement of these bankruptcy cases, the applicable statute of limitations bars any claims by Ms. Gomez against General Motors Corporation or its subsidiaries and/or affiliates (collectively, "**Old GM**") in connection with the Accident. Accordingly, by this Objection, the GUC Trust seeks entry of an order disallowing and expunging the Claim pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**JURISDICTION**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).[1]

---

[1] The Court has jurisdiction to disallow personal injury claims should it determine that they are barred by the applicable statute of limitations. *In re Chateaugay Corp.*, 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1997) ("[T]he bankruptcy court must have jurisdiction to make the threshold determination of whether as a matter of law, a claim exists which can be asserted against the debtor, even if the claim sounds in personal injury, tort or wrongful death.").

2

## BACKGROUND

4.  In September 2006, Ms. Gomez, a resident of Reno, Nevada purchased a 2005 Cadillac Escalade (the "**Vehicle**") in Reno, Nevada. *See* Proof of Claim No. 50945, attached as Exhibit A. On or about October 19, 2006, Ms. Gomez was involved in the Accident in Reno, Nevada. According to the accident report, the Vehicle struck from behind a second vehicle, causing the second vehicle to enter the front yard of a residence and hit a parked car. Ms. Gomez was cited for "following too close" and "faulty registration."

5.  The Debtors' records, as well as an independent search of state and federal court dockets, do not reveal any cases commenced by Ms. Gomez in connection with the Accident, or any tolling agreement between the Debtors and Ms. Gomez.

## THE CLAIM

6.  On November 25, 2009, Ms. Gomez filed a timely unsecured claim against Old GM. *See* Exhibit A.

7.  The Claim seeks recovery of $365,000 for "products liability and medical bills" and "personal injury" associated with the Accident. With the claim, Ms. Gomez submitted the vehicle accident report, various medical bills, and the financing agreement from purchasing the vehicle. No other information is provided as to the specific nature of Ms. Gomez's claim.

## ARGUMENT

8.  For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000). A right to payment is an enforceable obligation. *Pa. Dep't of Pub. Welfare v.*

*Davenport*, 495 U.S. 552, 559 (1990). Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim. If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim. *In re Chain*, 255 B.R. 278, 281 (Bankr. D. Conn. 2000); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

9. "A challenged claim will not be allowed by the bankruptcy court if the claim is barred by the applicable statute of limitations." *In re Brill*, 319 B.R. 49, 53 (Bankr. S.D.N.Y. 2004); *Asbestos Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 262 B.R. 223, 234 (S.D.N.Y. 2001) (citation omitted) ("This district has recognized the authority of the Bankruptcy Court to apply statutes of limitations and related dispositive legal defenses in the disallowance of claims, including personal injury claims."). Here, the causes of action underlying the Claim were barred by the applicable statute of limitations before the commencement of the Debtors' chapter 11 cases. Accordingly, the Claim is not *prima facie* valid and should be disallowed and expunged as a matter of law.

A. **Any Claims by Ms. Gomez Are Barred by the Applicable Statute of Limitations**

10. Ms. Gomez seeks recovery from the Debtors based on (i) products liability and (ii) personal injury. *See* Exhibit A. Under applicable Nevada law, products liability and personal injury claims must be commenced against the manufacturer or seller of the product within two years of the date of the accident (the "**Statute of Limitations**"). Nev. Rev. Stat. Ann. § 11.190. The Statute of Limitations applies to suits for recovery of "damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another." Nev. Rev. Stat. Ann. § 11.190(4)(e). Thus, all of Ms. Gomez's potential claims against the Debtors are subject to – and barred by – the Statute of Limitations.

4

11. The Debtors' bankruptcy cases were filed on June 1, 2009 (the "**Petition Date**"), over two years after the Accident occurred. Absent the filing of a timely lawsuit, all personal injury and products liability claims related to the Vehicle were thus barred by the Statute of Limitations prior to the Petition Date. Here, because no claims or causes of action were filed by or on behalf of Tia Gomez against Old GM (or any of its subsidiaries or affiliates) prior to the expiration of the Statute of Limitations, such claims are barred as a matter of Nevada law.[2]

12. Given that Ms. Gomez did not bring a timely claim against Old GM prior to the Petition Date, she cannot use the claims allowance process to revive her claims. *See, e.g.*, *LTV Steel Co., Inc. v. Shalala* (*In re Chateaugay Corp.*), 53 F.3d 478, 497 (2d Cir. 1995); *In re Eagle-Picher Industries, Inc., et al.*, 201 B.R. 921, 922 (Bankr. S.D. Ohio 1996). Accordingly, Ms. Gomez does not have a prepetition right to payment against the Debtors and the Claim should thus be disallowed and expunged.

---

[2] No tolling principles are relevant to the Claim which would alter application of the statute of limitations.

## **CONCLUSION**

For the reasons set forth above, this Court should enter an order expunging the Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 12, 2012

/s/ *Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

HEARING DATE AND TIME: October 15, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 8, 2012 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
: 
                Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

**ORDER GRANTING OBJECTION TO**
**PROOF OF CLAIM NO. 50945 FILED BY TIA GOMEZ**

Upon the objection to proof of claim number 50945 (the "**Claim**") dated September 12, 2012 (the "**Objection**"), filed by the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), seeking entry of an order disallowing and expunging the Claim on the basis that such claim is time-barred by the applicable statute of limitations, as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge