Franklin H. McCallum
Attorney at Law
24 Smith Road, Suite 170
Midland, Texas  79705
(432) 682-3288
(432) 682-3298 facsimile

Attorney for Yanira Franco in her
representative capacity, and Jairo
Alan Franco, individually

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY,  et al., | 09-50026 |
| f/k/a General Motors Corp., et al. | |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------x

### CLAIMANT' S RESPONSE TO DEBTORS' OBJECTION TO PROOF OF CLAIMS NOS. 63846 AND 63847 FILED BY OR ON BEHALF OF JAIRO ALAN FRANCO.

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPCTY JUDGE:

COMES NOW YANIRA FRANCO, as next friend of JAIRO ALAN FRANCO, a minor, and/or JAIRO ALAN FRANCO individually, and makes this their Response to Debtors' Objection to Proof of Claims Nos. 63846 and 63847, and in support thereof, shows:

### Factual and Procedural Background

1.     Claimant  filed an Amended Bill of Review action against the named Debtors, et al.,  seeking to set aside the judgment and settlement entered into by Debtors, et al.,  in

1

Cause No. 15813, 229th Judicial District Court, Duval County, Texas. In the Amended Bill of Review, Claimant sought to set aside the judgment and settlement in the original cause for reason that the cross action and settlement of that claim sought damages for the Estate of Hector Mario Tercero Munoz for the wrongful death of the decedent, and the mental anguish and pain and suffering which he endured prior to his death. The pain and suffering and mental anguish claims were survival claims which properly belonged to his estate. As the then minor Jairo Alan Franco was and is an heir of said decedent, he was entitled to notice of any claim asserted on behalf of the Estate of Hector Mario Tercero Munoz. Plaintiff has alleged the existence of such minor was known to Diana Marquez, the subsequently named Personal Representative of the Estate of Hector Mario Tercero Munoz. Plaintiff claims the settlement of said survival claims without notice to the minor Jairo Alan Franco was fraudulent.

2. In the original cause number 15813, Jose Ramon Falcon , as the then Admininistrator of the Estate of Hector Mario Tercero Munoz, Deceased, and for and on behalf of all persons entitled to Recover for the Wrongful Death of Hector Mario Tercero Munoz, filed a cross action wherein it was claimed that the Decedent suffered excruciating pain and mental anguish and other resulting damages prior to his death on April 18, 1994. In addition, the prayer for relief in such cross action sought actual and punitive damages on behalf of all those entitled to recover for the wrongful death of the decedent. Thereafter, Defendant Diana Marquez was appointed the Administratrix of the Estate of Hector Mario Tercero Munoz, and was empowered to settle and compromise all claims on behalf of the Estate. A true and correct copy of the Second Application for Appointment of Temporary Administratrix, together with the Order Granting Same, is

2

attached hereto as Exhibit 1, and is incorporated herein as if set forth at length. A settlement of these claims was made, but no distribution to all the heirs at law was made by Defendant Marquez.

### Arguments and Authorities

A. **STANDING TO BRING A BILL OF REVIEW EXISTS WHEN A PERSON IS NOT ONLY A PARTY TO A PRIOR PROCEEDING, BUT HAS A THEN EXISTING INTEREST OR RIGHT WHICH IS PREJUDICED BY A JUDGMENT**

   1. **Plaintiff is not required to be a party in the former case to have standing to bring a bill of review**

Defendants have only stated part of the standing rules applicable to Bills of Review. They have neglected to deal with those cases where a person has a then existing interest or right which is prejudiced by a judgment where they have not been provided notice to which they are entitled. *Turman Oil Co. v. Roberts*, 96 S.W.2d 724; 1936 Tex. App. LEXIS 815 (Tex. App.-San Antonio 1936); *Lerma v. Bustillos*, 720 S.W.2d 204, 205-206 (Tex. App.-San Antonio 1986, no writ). The *Turman* case concerned the rights of an adjacent landowner in a proceeding involving the Texas Railroad Commission, and the existence of such landowner was known to the parties. The *Lerma* case concerned the rights of a coowner and occupier of property wherein a judgment regarding title had been entered against the coowner's late spouse without notice to the surviving spouse.

Plaintiff would submit that heirs at law occupy the same position as the *Turman* and *Lerma* petitioners. By statute, claims for personal injury survive the death of a decedent in favor of the heirs, legal representatives, and estate of the injured person. §71.021(b), Civ. Prac.& Rem.Code. Upon death, the property of an estate immediately vests in the heirs at law. *Tex. Prob. Code* § 37 (2004). Once a legal representative is

3

appointed, such a representative becomes a proper party to assert claims belonging to an estate. *Austin Nursing Center v. Lovato*, 2005 Tex. LEXIS 386, 48 Tex. Sup. J. 624 *(*May 13, 2005).

Plaintiff has alleged the minor child here is an heir at law of the decedent Hector Mario Tercero Munoz, and as an heir, was entitled to notice of the proceedings involving the estate of his decedent father. The personal representative of an estate has a fiduciary duty to all the heirs of an estate to provide them with information concerning the property of estate. *See Huie v. DeShazo*, 922 S.W.2d 920, 923, 39 Tex. Sup. Ct. J. 288 (Tex. 1996) (stating that executors owe beneficiaries a fiduciary duty). A legal representative is obligated to disclose all material facts known and that might affect the beneficiaries' rights. *Id.*; *Trostle v. Trostle,* 77 S.W.3d 908, 914 (Tex. App.--Amarillo 2002, no pet.*)*; *accord, Avary v. Bank of America, N.A.,* 72 S.W.3d 779, 796 (Tex. App.--Dallas 2002, pet. denied) (stating that the executor had a legal duty to disclose material information to the beneficiaries), this duty to provide notice of any proceeding in which the property of the estate may be involved was incumbent upon Defendant Diana Marquez and the administrator of the estate of Hector Mario Tercero Munoz, Jose Ramon Falcon. *Austin Nursing Center v. Lovato, 2005 Tex. LEXIS 386, 48 Tex. Sup. J. 624 (*May 13, 2005).

    2.    **Plaintiff has a meritorious claim herein**

As demonstrated herein, Plaintiff's meritorious claim concerns, at the very least, the survival claims which were asserted in cause number 15813. Additionally, the cross action filed by Jose Ramon Falcon, as the Administrator of the Estate of Hector Mario Tercero Munoz, stated a claim for and behalf of all persons entitled to assert a wrongful death claim against Defendant General Motors Corporation. As an heir at law, this action

4

preserved the right of Plaintiff to assert this claim in this case when the existence of the heir was known to the Defendant Diana Marquez, and no notice of this action was provided to the minor child here, nor was there any attorney ad litem appointed to represent the interest of any unknown heirs.

Inasmuch as Jose Ramon Falcon, Administrator, filed the cross action herein on behalf of all persons entitled to recover for the wrongful death of the decedent, there is a question concerning whether the claims asserted in the cross action on behalf of these parties were somehow extinguished by any subsequent judgment. As the judgment in this case was sealed, until the judgment is unsealed, Plaintiff cannot state with any certainty whether there was a dismissal of any of the remaining wrongful death claims asserted by Jose Ramon Falcon.

### 3. The Statute of Repose has no application where an original judgment is subject to being set aside due to the extrinsic fraud of a party

This allegation is a nonstarter since it fails to deal with the fact that the original claims were commenced well within the time frame contemplated by the Statute of Repose. If the trial court grants the Bill of Review, Claimant should be able to claim the benefit of the original filing. Moreover, Debtors' reliance upon *Covington v. Sisters of Charity*, 179 S.W.3d 583, 588 (Tex. App. 2005) is entirely misplaced and misconstrues the nature of a Bill of Review proceeding. As the original proceeding was commenced well within the period of repose, Claimant, as an heir to the estate of his father, had standing and capacity to assert a claim against the Debtor, unlike the plaintiff in *Covington* ("the *Covington* court distinguished *Lovato* because Roberts was not an heir or personal representative of the estate and never pleaded or contended that she was an heir

5

or personal representative of the estate. *Id*. at 587," cited in *de Damian v. Bell Helicopter Textron, Inc.*, 352 S.W.3d 124 (Tex. App. 2011). *Covington* was not a Bill of Review case, nor have Debtors cited any case which supports the theory that the statute of repose bars the reopening of a judgment where there was extrinsic fraud of a party. Additionally, relation back is thus supportable since Claimant Jairo Alan Franco is an heir of the decedent.

### 4. Claimant's Claims Are Enforceable Outside of Bankruptcy

As the statute of repose has no application to this matter, and these claims would indeed relate back to the filing of the original case and thus enforceable, the proofs of claim should be allowed.

WHEREFORE, PREMISES CONSIDERED, Claimants request that the Court take notice of their Response to Debtors' Objections to Proofs of Claim Nos. 63846 and 63847, and deny Debtors' objections, and grant Claimants such other and further relief to which they may show themselves entitled.

Respectfully submitted,

**FRANKLIN H. McCALLUM**
Attorney at Law
24 Smith Road, Suite 170
Midland, TX 79705
(432) 682-3288 - telephone
(432) 682-3298 - telecopier

/s/ Franklin H. McCallum

Franklin H. McCallum
Attorney for Claimants