UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In Re:     **MOTORS LIQUIDATION COMPANY**
Case No:   **09-50026 (Jointly Administered)**

**NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

CLAIM NUMBER 140 HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
**The Seaport Group LLC**

Name of Transferor:
**Adrian Zapata aka Adrian Zapata-Montoya**

Name and address where notices to transferee
should be sent:

Court Claim # (if known):    140
Allowed Amount:              $ 525,000.00
Orig. Proof of Claim Amt:    $ 3,000,000.00
Date Claim Filed:            06/14/09
Date Claim Allowed:          04/10/12

The Seaport Group, LLC
360 Madison Avenue, 22nd Floor
New York, NY 10017
Attention: General Counsel

Name and Address of Transferor:
   Adrian Zapata aka Adrian Zapata-Montoya
   c/o Robert Ammons / April Strahan
   The Ammons Law Firm, L.L.P.
   3700 Montrose Boulevard
   Houston, TX 77006

Phone:  212-616-7700
Last Four Digits of Acct #:  N/A

Phone:  713-523-1606
Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments
Should be sent (if different from above):

Phone:           N/A
Last Four Digits of Acct. #:           N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _Jonathan Silverman_   Date: _____
Transferee / Transferee's Agent   General Counsel

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §152 & 3571

--DEADLINE TO OBJECT TO TRANSFER--

   The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                  _____
                                                       **CLERK OF THE COURT**

## TRANSFER NOTICE

Adrian Zapata-Montoya, also known as Adrian Zapata, ("Assignor") transfers and assigns unto The Seaport Group LLC, with an address at 360 Madison Avenue, New York, NY 10017, its successors and assigns ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee (the "Agreement"), all of the Assignor's right, title and interest in, to and under the Claim of Assignor as set forth in the Agreement against Motors Liquidation Company, et al., formerly known as General Motors Corporation, et al., (the "Debtor"), in the aggregate amount of $525,000.00 (Claim Number 40 as originally filed for $ 3,000,000 and stipulated for $525,000.00) representing all claims of Assignor pending against the Debtor in the United States Bankruptcy Court for the Southern District of New York, administered as Case No. 09-50026.

In Witness Whereof, Assignor has signed below as of the __11__ day of __September__ 2012.

Assignor:
Adrian Zapata-Montoya, also known as Adrian Zapata

By: _____
Name: APRIL STRAHAN
Title: ATTORNEY FOR ADRIAN ZAPATA
THE AMMONS LAW FIRM
3700 MONTROSE BLVD.
HOUSTON, TX 77006
713-523-1606
713-523-4159 (FAX)
APRIL@AMMONSLAW.COM

Assignee:
The Seaport Group LLC

By: _____
Name: Jonathan Silverman
Title: General Counsel

## STIPULATION AND SETTLEMENT RESOLVING CLAIM NO. 140

This Stipulation and Settlement and Exhibit (the "**Stipulation and Settlement**") is entered into as of February 24, 2012 (the "**Effective Date**") by and between Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, and Adrian Zapata ("**Claimant**," and together with the GUC Trust, the "**Parties**"), on the other hand.

## RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its affiliated debtors, as debtors in possession (collectively, the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS, Claimant filed the following proof of claim (the "**Claim**"):

| Date of Filing | Claim Number | Filed Amount | Claim Amount Cap |
| --- | --- | --- | --- |
| 6/18/2009 | 140 | $3,000,000.00 | $1,500,000.00 |

WHEREAS, on October 6, 2009, the Court entered that certain Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims (the "**Settlement Procedures Order**");

WHEREAS, on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**"), which, among other things, confirmed MLC's and its affiliated debtors' (collectively, the "**Debtors**") Second Amended Joint Chapter 11 Plan (the "**Plan**"), established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement (the "**GUC Trust Agreement**"), and transferred the Claim to the GUC Trust;

WHEREAS, pursuant to the Plan, the GUC Trust is authorized to resolve the Claim on behalf of the Initial Debtors' estates;

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement (the "**Settlement**") to resolve the Claim; and

WHEREAS, the GUC Trust Administrator and GUC Trust Monitor (as defined in the GUC Trust Agreement) have provided the consent, if any, required under the Settlement Procedures Order and the Confirmation Order.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be treated as an allowed general unsecured claim in the amount set forth below (the "**Allowed Claim**"), which Allowed Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under Section 502(d) of the Bankruptcy Code) or subordination.

| Claim Number | Allowed Amount |
|---|---|
| 140 | $525,000.00 |

2. Claimant shall receive distributions on account of the Allowed Claim in the form set forth in and pursuant to the terms of the Plan.

3. Upon receipt of such distributions on account of the Allowed Claim as set forth in the Plan, the Claim shall be deemed satisfied in full.

4. With respect to the Claim, other than the right to receive distributions on account of the Allowed Claim under the Plan, Claimant, for himself and on behalf of his spouse, heirs, assigns, guardians, estates, wards, successors, executors, administrators, agents, insurers, servants, employees, representatives, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from MLC, the Debtors, the GUC Trust Administrator Parties (as defined in the GUC Trust Agreement), or the GUC Trust, or any of their respective current affiliates, their estates or their respective future successors or assigns, or their past, present or future members, officers, directors, partners, principals, agents, insurers, servants, employees, administrators, executors, trustees or attorneys (collectively, the "**MLC Parties**"). With respect to the Claim, except as set forth in this Stipulation and Settlement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against each of the MLC Parties, and are hereby barred from asserting any and all claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties. Further, the Claimant Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged all claims, debts, damages, demands, rights, liabilities, suits, matters, issues, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, nondisclosure, breach of fiduciary duty, breach of warranty, products liability, strict liability, wrongful death, survival, injury by motor vehicle or equipment, loss of consortium, intentional infliction of

**ZAPATA SETTLEMENT (MATTER NO. 666104)**

emotional distress, negligent infliction of emotional distress, conspiracy, and violations of any local, state, or federal or foreign statutes, rules or regulations or common law and any and all claims arising out of, relating to or in connection with the settlement or resolution of the Claim against each and all of the MLC Parties.

5. The Parties acknowledge that they have read and are familiar with the provisions of California Civil Code Section 1542 ("**Section 1542**"), which is set forth below:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE GUC TRUST.

By entering into this Stipulation and Settlement, to the extent applicable to any of them as California residents, Claimant and the Claimant Parties hereby waive the provisions of Section 1542 and any and all similar provisions, rights, and benefits conferred by any law or any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

6. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reduce and allow Proof of Claim No. 140 to reflect the Allowed Claim.

7. This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

8. This Stipulation and Settlement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

9. Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Settlement.

10. This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

11. Claimant represents and agrees that he is solely responsible for and will satisfy any liens related to the Allowed Claim, including, but not limited to, Medicare and/or Medicaid liens. Claimant represents and agrees that the MLC Parties shall have no responsibility for any such liens.

**ZAPATA SETTLEMENT (MATTER NO. 666104)**

12. Claimant represents and agrees that he will complete the Medicare Secondary Payer Questionnaire ("**Questionnaire**") attached hereto as Exhibit A and return the Questionnaire as directed on the Questionnaire within thirty (30) days of the Effective Date.

13. The Parties intend this settlement to be a final and complete resolution of all disputes between them. This Stipulation and Settlement comprises claims which are contested and shall not be deemed an admission by the MLC Parties or Claimant Parties as to the merits of any claim or defense. The Parties agree that this Stipulation and Settlement was negotiated in good faith by the Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties represent and warrant that (i) they are not relying on any statements, understandings, representations, expectations, or agreements other than those expressly set forth herein; (ii) they have been represented and advised by legal counsel in connection with this Stipulation and Settlement, which they make voluntarily and of their own choice and not under coercion or duress; (iii) they have made their own investigation of the facts and are relying upon their own knowledge and the advice of counsel; (iv) they knowingly waive any and all claims that this Stipulation and Settlement was induced by any misrepresentation or nondisclosure and knowingly waive any and all rights to rescind or avoid this Stipulation and Settlement based upon presently existing facts, known or unknown. The Parties agree to and stipulate that each party is relying upon these representations and warranties in entering into this Stipulation and Settlement. Furthermore, the Parties agree that these representations and warranties are material inducements to entering into this Stipulation and Settlement. These representations and warranties shall survive the execution of this Stipulation and Settlement.

14. The Claimant Parties agree that neither this Stipulation and Settlement nor the settlement contained herein, nor the negotiation thereof, nor any act performed or document prepared pursuant to or in furtherance of this Stipulation and Settlement or the settlement contained herein: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any allegation contained in the Claim, or of any wrongdoing or liability of the MLC Parties, or of the damages to any Claimant Party; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the MLC Parties in any civil, criminal, or administrative proceeding in any court, arbitration, administrative agency, or other tribunal; or (iii) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation and Settlement, the settlement contained therein, and any other orders or documents executed in connection with the performance of the agreements embodied herein. The MLC Parties may file this Stipulation and Settlement and/or any document prepared pursuant to or in furtherance of this Stipulation and Settlement in any action for any purpose.

15. This Stipulation and Settlement shall be binding upon, and inure to the benefit of, the successors and assigns to the Claimant Parties and MLC Parties. All MLC Parties are third party beneficiaries of and shall be entitled to enforce the releases contained in this Stipulation and Settlement.

**ZAPATA SETTLEMENT (MATTER NO. 666104)**

16. This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of Texas, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING, AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS, AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.**

<u>ZAPATA SETTLEMENT (MATTER NO. 666104)</u>

Adrian Zapata

By: _____

Print Name: APRIL STRAHAN, ATTORNEY FOR ADRIAN ZAPATA

Dated: 4/10/12

ZAPATA SETTLEMENT (MATTER NO. 666104)

**WILMINGTON TRUST COMPANY:**

By:    AlixPartners LLP, *as attorney-in-fact on behalf of Wilmington Trust Company, acting solely in its capacity as trustee and trust administrator of the Motors Liquidation Company GUC Trust*

By: _/s/ Thomas A. Morrow_

Name: Thomas A. Morrow

Title: Managing Director

Dated: March 30, 2012