**HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                         :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :   **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*   :
                                                            :
                                Debtors.      :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY IN SUPPORT OF ITS OBJECTION TO PROOF OF CLAIM NO. 71060**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company GUC Trust (the "**GUC Trust**") as successor to Motors Liquidation Company (f/k/a General Motors Corporation) and its related affiliates (collectively, the "**Debtors**"), files this reply (the "**Reply**") to the response (the "**Response**") [ECF No. 12062] interposed to the objection dated August 23, 2012 (the "**Objection**") [ECF No. 12034], seeking entry of an order disallowing and expunging Proof of Claim No. 71060 (the "**Castillo Putative Class Claim**") filed by Mark L. Brown, Esq. on behalf of Kelly Castillo, Nichole Brown, Brenda Alexis Digiandomenico, Valerie Evans, Barbara Allen, Stanley Ozarowski, and Donna Santi (the "**Castillo Plaintiffs**"), each individually and purportedly on

1

behalf of all others similarly situated (the "**Castillo Putative Class**"), in the amount of $57,317,250, and respectfully represents:[1]

## Preliminary Statement

1. In their Response, the Castillo Plaintiffs acknowledge that "the parties largely are in agreement concerning facts pertaining to events that have transpired to this point, including the fact that thousands of class members have already received substantial recovery." (Resp. at 1.) Their disagreement with the GUC Trust's Objection relates more to the standard that this Court should apply in determining whether to allow the Castillo Putative Class Claim than what the outcome of the Debtors' Objection should be. (Resp. at 1-2.) Reading between the lines, it would appear that the Castillo Plaintiffs agree that the Court does not need to reach determination under Rule 23 under these facts in order to disallow the claim

2. Specifically, the GUC Trust and the Castillo Plaintiffs agree on the following facts:

- thousands of class members already have received substantial recovery totaling more than $36 million as a result of the Class Judgment, (Resp. at 1.);

- *there is no evidence or reason to believe that any class member who was otherwise entitled to relief under the Class Judgment and at any time between February of 2009 and January 2, 2012 (the last date for submitting claims pursuant to the underlying Class Judgment) requested reimbursement from either Old GM or New GM was not offered at least some relief*, (Resp. at 2-3.);

- identifying the specific class members as to whom the setoff would apply, and the specific setoff amount for each one, would require an administrative process whose cost in relation to the value of remaining relief (if, in fact, there are entitled class members who did not already receive reimbursement) is unknown, (Resp. at 3.);

- without providing claim forms to each of the approximately 149,000 class members, there is no way to determine which (if any) of the class members who have not already received their share of the more than $36 million already

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Objection.

2

> reimbursed by Old GM or New GM may be entitled to additional relief, (Resp. at 7.);
>
> - the Class Judgment essentially required specific performance of an extended warranty, and there is no way to know how many class members experienced unreimbursed transmission failures during the pendency of the bankruptcy, (*id.*);
>
> - notice would necessarily be overly inclusive, (Resp. at 12.); and
>
> - members of the class received substantial relief outside the bankruptcy process as a result of the class litigation, rendering the value of identifying a subset of non-reimbursed class members unknown. (Resp. at 16.)

3.    In short, it is undisputed that thousands of members of the Castillo Putative Class have already received greater compensation than would be available in these bankruptcy proceedings, and neither the GUC Trust nor the Castillo Plaintiffs are aware of any class member who requested compensation and did not receive it. (*See* Resp. at 2-3.) Indeed, Castillo Putative Class members received three separate forms of notice of their claims: the Notice of the Stipulation of Settlement, notice of the Special Reimbursement Policy from New GM, and notification of the Bar Date Order by publication (with the Bar Date notice and claim forms being posted throughout the entire period on both MLC's website and Class Counsel's website). As a result, members of the Castillo Putative Class had notice of these opportunities for reimbursement under the various programs instituted by Old and New GM, and they sought and received compensation totaling more than $36 million. (Resp. at 7.) Further, pursuant to the reimbursement policy instituted by New GM (which remains ongoing for Class Vehicles that have not reached 100,000 miles or the expiration of eight years from the date of sale), certain Castillo Putative Class members *still* have the opportunity to receive greater compensation than would be available under the Plan to unsecured claimants. Accordingly, the Castillo Plaintiffs should be estopped from seeking class relief now.

3

4. Further, as the Castillo Plaintiffs further acknowledge, any additional notice to the Castillo Putative Class would be over-inclusive, and the value of any such additional notice is unknown. (Resp. at 16.) There is no reason to believe that a significant number of additional Castillo Putative Class members would file claims if given a *second* opportunity to do so via the class action notice process. In any event, the GUC Trust should not be forced to pay for the cost of any additional notice; if Class Counsel seeks additional notice to the Castillo Putative Class, they should be responsible for such notice pursuant to their role as Class Counsel. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178-179 (1974) (usual rule is that plaintiff must bear cost of notice to class); *Berland v. Mack*, 48 F.R.D. 121, 132-33 (S.D.N.Y. 1969) (named plaintiffs should bear cost of notice and, if additional notice by publication was required to bind the class, party moving for additional notice would bear its cost).

5. This Court should disallow the Castillo Putative Class Claim and no further notice should be required.

## Reply

6. The Castillo Plaintiffs should be estopped from seeking class relief now, *nearly three years after the Bar Date*. Members of the Castillo Putative Class have already received more than $36 million in relief under the various Goodwill Programs instituted by Old and New GM. (Resp. at 1.) Further, even at reduced compensation levels, New GM has provided and, in some cases, continues to provide greater compensation to eligible Castillo Putative Class members than that which can be achieved under the Plan. The consideration received by members of the Castillo Putative Class represents a substantial portion, if not all, of the relief that the Castillo Putative Class would have been entitled to under the Stipulation of Settlement, and it far exceeds what the Castillo Putative Class would have received in these bankruptcy proceedings. Indeed, the Castillo Plaintiffs and the GUC Trust cannot identify any remaining

4

members of the Castillo Putative Class that sought and did not receive compensation. (*See* Resp. at 2-3.)

7.  Moreover, any further notice to the Castillo Putative Class would result in a delay in the resolution of these liquidation proceedings. The Castillo Putative Class has already received three separate forms of notice—the Notice of the Stipulation of Settlement, notice of the Special Reimbursement Policy from New GM, and notice by publication of the Bar Date Order—and class members have had the opportunity to receive compensation and have sought and received more than $36 million in consideration under the Goodwill Programs. The Bar Date notice and claim forms were, and remain, posted on both MLC and Class Counsel's websites.

8.  There are simply no efficiencies to be achieved by reopening the claims processes this late in these liquidation proceedings. *See In re Woodward*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997) (for class action to proceed, "benefits that generally support class certification in civil litigation must be realizable in the bankruptcy case") (citing *In re Mortg. & Realty Trust*, 125 B.R. 575, 580 (Bankr. C.D. Cal. 1991)).[2]

9.  The Castillo Putative Class members have received substantial notice and consideration on account of the Stipulation and Settlement, and class treatment of the Castillo Putative Class Claim would result in inequity to the Debtors' estates and holders of allowed

---

[2] Moreover, as this Court has observed:

> [S]uperiority of the class action vanishes when the "other available method" is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost. In efficiency, bankruptcy is superior to a class action because in practice small claims are often "deemed allowed" under § 502(a) for want of objection, in which case discovery and fact-finding are avoided altogether.

*In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 9 (S.D.N.Y. 2005). Such is certainly true in this case, as the Individual Claims that were filed in these proceedings will be allowed.

5

claims. Therefore, the Castillo Plaintiffs should be estopped from seeking further class relief.

## Conclusion and Requested Relief

WHEREFORE, for the reasons set forth above and in the Objection, the GUC Trust respectfully requests that the Court disallow the Castillo Putative Class Claim in its entirety.

Dated: New York, New York
      September 19, 2012

    /s/ Joseph H. Smolinsky
    Harvey R. Miller
    Stephen Karotkin
    Joseph H. Smolinsky

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for the Motors
    Liquidation Company GUC Trust