HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
: 
In re                                  :    Chapter 11 Case No.
                                       :
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*   :
                                       :
                    Debtors.           :    (Jointly Administered)
                                       :
-----------------------------------------------------------x

**REPLY TO RESPONSE FILED BY LYNDIA BREWER**
**TO THE 243RD OMNIBUS OBJECTION TO CLAIM NUMBER 70493**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this reply (the "**Reply**") to the response (the "**Response**") filed by Lyndia Brewer, on behalf of the estate of Marcus Wirt ("**Ms. Brewer**" or the "**Claimant**"), to the 243rd Omnibus Objection (the "**Objection**"), seeking expungement of Claim No. 70493 (the "**Claim**"), on the basis that it was filed over eleven

months after the November 30, 2009 deadline set by the Court (the "**Bar Date**"). In support of this Reply, the GUC Trust respectfully represents:

### PRELIMINARY STATEMENT

1. On November 8, 2010, *over eleven months* after the Bar Date, the Claim was filed on behalf of Lyndia Brewer. *See* Exhibit A. On August 24, 2011, the GUC Trust filed the Objection, seeking to expunge the Claim on the basis that it was untimely. Since then, the GUC Trust and Ms. Brewer's counsel (Archie Sanders) reached a resolution of the Claim. However, for the last seven months, despite the GUC Trust's repeated efforts, Mr. Sanders has failed to obtain his client's signature to the agreement. Thus, the GUC Trust has no choice but to pursue the Objection.

2. Mr. Sanders represented Ms. Brewer in litigation commenced in December 2008 (the "**Litigation**"). General Motors Corporation ("**Old GM**") was named as a defendant in the Litigation. The claims against Old GM arose from an accident which allegedly occurred in December 2007. The Litigation was stayed upon the filing of Old GM's bankruptcy case.

3. Mr. Sanders was served with notice of the Bar Date (the "**Bar Date Notice**") at the address listed on the docket for the Litigation. Nevertheless, he failed to file a timely proof of claim on Ms. Brewer's behalf. Counsel blames his failure on his move from one law firm to another, arguing that the Bar Date Notice was erroneously sent to his old law firm. *See* Exhibit B. As set forth more fully herein, (i) counsel was properly served with the Bar Date Notice and (ii) Claimant cannot show "excusable neglect" for filing the claim over *eleven months* after the Bar Date under the standard set by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993). For these reasons, the Claim was untimely and should be disallowed and expunged.

## SERVICE OF THE BAR DATE NOTICE

4. Ms. Brewer was a "known creditor." At the time the Bar Date Notice was approved by the Court and served, the Litigation docket indicated that Mr. Sanders was counsel to Ms. Brewer and included the following address for Mr. Sanders:

> ONE COMMERCE SQUARE
> 26TH FLOOR
> MEMPHIS TN 38103

5. At no point after the time Mr. Sanders was served with notice of the Bar Date was the notice returned as undeliverable. *See* Exhibit C.

6. The information regarding Mr. Sanders' address on the docket for the Litigation remains unchanged to this day. *See* Exhibit D at 2.

## ARGUMENT

**A.    Claimant Was Properly Served with the Bar Date Notice**

7. The Debtors are required to serve all "known creditors" with adequate notice of the Bar Date. *Bar Date Order* at 6. Here, given the Claimant was a known creditor, her attorney was served with the Bar Date Notice at the address listed on the docket for the Litigation, which was the only address for Mr. Sanders known to the Debtors. *See* Exhibit C. The Bar Date Notice sent to Mr. Sanders was *not* returned as undeliverable. *Id.*

8. Significantly, Mr. Sanders did not notify the Debtors or the Court in which the Litigation was pending of his change in address. *See* Exhibit D at 2; *Ackridge v. Martinez*, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) (a party who changes his address has an obligation to notify the court of such a change).[1]

---

[1] Ms. Brewer, like other similarly situated creditors and clients, is bound by the mistakes and neglect of her attorney. *See Pioneer*, 507 U.S. at 396 ("[C]lients must be held accountable for the acts

3

9.      Moreover, while Mr. Sanders argues that he did not receive the Bar Date Notice because of his change of address, he has no evidence to support this argument and thus cannot overcome the presumption that a notice mailed, even to an old address, was received. *See In re R.H. Macy & Co.*, 161 B.R. 355, 359-60 (Bankr. S.D.N.Y. 1993) (unless returned as undeliverable, any notice sent to an old address is presumed to have been forwarded to the new address pursuant to § 507 of the United States Post Office's Domestic Mail Manual); *SEC Investor Protection Corp. v. Madoff*, Nos. 08-01789 and 10-04355, 2011 WL 6010292, at *3 (Bankr. S.D.N.Y. Dec. 1, 2011) (a mere denial of receipt does not rebut the presumption that something mailed was actually received); *In re Dana Corp.*, No. 06-10354, 2007 WL 1577763, at * 4 (Bankr. S.D.N.Y. May 30, 2007) (same).

B.      **Claimant Cannot Show Excusable Neglect**

1.      **The Second Circuit Takes a Hard Line in Applying *Pioneer***

10.     Bankruptcy Rule 9006(b)(1) provides the court with discretion to enlarge the time to file claims "where the failure to act was the result of *excusable neglect*." Fed. R. Bankr. P. 9006(b)(1) (emphasis added). In determining whether excusable neglect exists, courts are required to consider the following four factors in accordance with the Supreme Court's decision in *Pioneer*: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." 507 U.S. 380, 395 (1993).

11.     It is well settled that the Second Circuit takes a "hard line" in applying the Pioneer factors, placing the greatest weight and focusing primarily "on the third factor, *the*

---

and omissions of their attorneys."); *In re Caritas Health Care, Inc.*, 435 B.R. 111, 117 (Bankr. E.D.N.Y. 2010).

4

*reason for the delay* in filing a proof of claim." *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (internal quotation marks omitted). As the bankruptcy court in *Enron* explained: "[t]he equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule, and that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." *Id.* at 123 (internal citations omitted).

12. Significantly, a claimant has the burden of establishing excusable neglect. *Enron*, 419 F.3d at 121; *In re U.S. Lines, Inc.*, No. 04-CV-6614, 2006 WL 1559237, at *5 (S.D.N.Y. June 7, 2006) (affirming order expunging untimely claim because claimant did not carry the burden of showing claims were timely filed, noting "once a party negates the *prima facie* validity of a proof of claim, the burden shifts back to the claimant, who then bears the ultimate burden of persuasion.") (citation omitted); *In re Andover Togs, Inc.*, 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999).

### 2. The Claimant Failed to Meet Her Burden of Showing "Excusable Neglect"

13. Ms. Brewer cannot satisfy her burden of showing "excusable neglect" because she fails to provide any valid reason why her claim was filed almost one year after the Bar Date.

#### a. There is No Justifiable Reason for the Claimant's Delay

14. In the Response, Claimant relies solely on the argument that her neglect was excusable because her attorney moved firms before the Bar Date Notice was sent. *See* Exhibit B. This is not a valid excuse and cannot satisfy the *Pioneer* standards. *In re Agway, Inc.*, 313 B.R. 31, 46 (Bankr. N.D.N.Y. 2004) (failing to find a valid excuse for filing an untimely claim by a creditor who changed its address without informing the Debtor). Claimant has failed to cite any legal authority to the contrary. As an attorney, Mr. Sanders should have (and was required to) notify the Debtors of his change in address. Notably, Mr. Sanders cannot reasonably argue that he was not aware of the Debtors' bankruptcy given, among other things, that the Litigation

5

was stayed as a consequence thereof. *See, e.g.*, *In re XO Commc'ns*, 301 B.R. 782, 798 (Bankr. S.D.N.Y. 2003) (because counsel representing the claimant was likely aware of the bankruptcy given its extensive media coverage, the debtor should have been informed of any change in address).

### b. Parties In Interest Would be Prejudiced by Allowing the Claim

15. In the Response, Ms. Brewer concludes that the estate will not be prejudiced by the Court deeming the Claim timely filed and argues that, given the lack of prejudice, the Claim should be deemed timely filed. *See* Exhibit B. This argument reflects a fundamental misunderstanding of the law.

16. First, the Court is not required to give equal weight to the prejudice factor as to the other factors. As *Pioneer* makes clear, the prejudice factor from *Pioneer* is only relevant in close cases. *Williams v. KFC Nat'l Mgmt.*, 391 F.3d 411, 415-16 (2d Cir. 2004) ("We have emphasized, however, that it is the third factor – the reason for the delay – that predominates, and the other three are significant only in close cases."); *see also Enron*, 419 F.3d at 123; *In re Musicland Holding Corp.*, 356 B.R. 603, 608 (Bankr. S.D.N.Y. 2006) ("The other factors are only relevant in close cases."). Where, as here, there is no valid reason whatsoever for the delay in filing, the Court need not give any significant weight to this factor. *See, e.g.*, *Musicland*, 356 B.R. at 608; *In re O.W. Hubbell & Sons, Inc.*, 180 B.R. 31, 35 (N.D.N.Y. 1995) (finding no excusable neglect where a valid excuse was not given despite showing of lack of prejudice on the debtor). However, even if the Court considers prejudice, such analysis only provides further support for the GUC Trust's argument.

17. As this Court has recognized, the danger of prejudice is not viewed only as to the debtor in these circumstances, as Ms. Brewer implies, but also takes into account the impact on the debtor's other creditors. *See* Exhibit B; *Tr. of Hrg on Feb. 9, 2012* at 28:18-19, *In re Motors*

6

*Liquidation Co.*, No. 09-50026 (Bankr. S.D.N.Y. 2012); *Tr. of Hrg on Apr. 26, 2012* at 53:21-22, *In re Motors Liquidation Co.*, No. 09-50026 (Bankr. S.D.N.Y. 2012). Here, the vast majority of claims filed against the Debtors were timely filed. Thousands of creditors therefore understood the notice given and their obligation to comply with the Bar Date. Allowing the Claim, which seeks recovery of $1,000,000, would be unfair to also as to the creditors that complied with the Court's deadlines. *See* Exhibit A; *In re Dana Corp.*, No. 06-10354, 2008 WL 2885901, at *6 (Bankr. S.D.N.Y. Jul. 23, 2008) (finding that allowing the late-filed claim would be "unfair to those claimants who respected the Bar Date and would potentially open a floodgate of other late claimants seeking the same relief.").

## **CONCLUSION**

For the reasons set forth above, this Court should enter an order expunging the Claim and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 19, 2012

*/s/ Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

7