# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ❑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ❑ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ❑ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ❑ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

Your Claim is Scheduled As Follows.

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) **Lyndia Brewer on behalf of the estate of Marcus Wirt**

Name and address where notices should be sent
**Archie Sanders
Sanders Law Firm
119 South Main St
Memphis, TN 38103**

Telephone number **901 383-2006**
Email Address **asanders@sandersmemphisattorney.com**

❑ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number **CT-005911**
(If known)

Filed on **12-11-2009**

[Stamp: THE GARDEN CITY GROUP INC  NOV 8 2010]

Name and address where payment should be sent (if different from above)
**FILED - 70493
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**
Telephone number

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

❑ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

1. Amount of Claim as of Date Case Filed, June 1, 2009: $_____

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

❑ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2. Basis for Claim **Personal Injury wrongful death**
(See instruction #2 on reverse side)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side)

4. Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ❑ Real Estate   ❑ Motor Vehicle   ❑ Equipment   ❑ Other
Describe

Value of Property $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____   Amount Unsecured $_____

6. Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7. Documents Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of 'redacted' on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5. Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
❑ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
❑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
❑ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
❑ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
❑ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
❑ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))
❑ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date **1-4-20[?]**

Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

**Archie Sanders attorney for plaintiff**

FOR COURT USE ONLY

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTEITH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

FILED

DEC ~ ~ 2008

CIRCUIT COURT CLERK
BY_____ D C

LYNDIA BREWER AND ANTONIA LEE,
INDIVIDUALLY AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF
DECEDENT, MARCUS D. WIRT.                 NO: _____

        Plaintiffs,                           JURY DEMANDED

vs.

ELTON TYRONE RUFFIN,
PIERRE BROWN,
AND GENERAL MOTORS CORPORATION,

        Defendants.

---

## COMPLAINT FOR DAMAGES

---

COME NOW the Plaintiffs, LYNDIA BREWER AND ANTONIA LEE, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DECEDENT, MARCUS D. WIRT, and file this Complaint for Damages against the Defendants, ELTON TYRONE RUFFIN, PIERRE BROWN, AND GENERAL MOTORS CORPORATION in this cause as follows·

### PARTIES

1. Plaintiff, Lyndia Brewer is an adult resident of Madison County, TN who resides at 36 Scotland Drive, Jackson, TN 38301.

2. Plaintiff, Antonia Lee is an adult resident of Shelby County, TN who resides at 7670 Currie Road, Millington, TN 38053.

1

3. On information and belief the Defendant, Elton Tyrone Ruffin, is and at all times material to this action was a resident of and a citizen of Shelby County, TN.

4. On information and belief the Defendant, Pierre Brown, is and at all times material to this action was a resident of and a citizen of Shelby County, TN.

5. On information and belief the Defendant, General Motors Corporation (hereinafter referred to as GMC), is a corporation of the state of Delaware whose principal office is located at 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

6. This is a tort action for the wrongful death of Marcus D. Wirt, deceased, brought by the Plaintiffs, as a result of a car accident that occurred on December 14, 2007 in Shelby County, TN.

7. The matter in controversy exceeds, exclusive of costs, Twenty-Five Thousand Dollars ($25,000.00).

8. Venue is properly situated in Shelby County, TN pursuant to Tenn. Code Ann. § 20-4-101 (a) & (b).

9. This court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

## FACTS

10. Plaintiffs will show to the Court that on or about December 14, 2007 the decedent Marcus D. Wirt, was the driver of a 2006 GMC Envoy and was traveling north at the intersection of North Thomas Street and Stage in the right curb lane.

11. Defendant, Elton Tyrone Ruffin, was driving a 1994 Chevrolet Corisca (owned by Pierre Brown) and was also traveling north at the intersection of North Thomas Street and Stage.

12. Suddenly without warning Defendant, Elton Tyrone Ruffin, struck the rear of the decedent, Marcus D. Wirt's, vehicle with a forceful impact.

2

13. The airbag in the 2006 GMC Envoy that Marcus D. Wirt was driving failed to deploy.

14. As a direct and proximate consequence of the Defendants' negligence, Marcus D Wirt died.

## CAUSE OF ACTION
## NEGLIGENCE

15. Plaintiffs repeat the allegations contained in paragraphs 1-14 as though set forth verbatim.

16. Defendant, Elton Tyron Ruffin, is guilty of one or more of the following acts of common law negligence, each and every one of which were a direct and proximate cause of the death of Marcus D. Wirt and the damages to the Plaintiffs herein complained of, to-wit:

   (a) In negligently failing to use the degree of care and caution in the operation of his vehicle as is required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

   (b) Negligently failing to maintain a proper look-out for other vehicles,

   (c) Negligently failing to keep his vehicle under proper control;

   (d) Negligently failing to devote his full time and attention to the operation of his vehicle;

   (e) Negligently failing to bring and/or keep the vehicle he was operating under proper control when he saw or should have seen, in the exercise of reasonable care, that a collision was imminent;

   (f) Negligently failing to prevent the accident and resulting death of the decedent, Marcus D. Writ, when he knew or in the exercise of ordinary care, should have known that a collision was imminent;

   (g) Negligently operating a vehicle with a willful and wanton disregard for the lives and property of others;

3

17. Defendant, GMC, is guilty of one or more of the following acts of common law negligence, each and every one of which were a direct and proximate cause of the death of Marcus D Wirt and the damages to the Plaintiffs herein complained of, to-wit.

   (a) The Defendant, GMC, failed to exercise reasonable care to properly inspect the 2006 GMC Envoy before allowing the decedent, Marcus D. Wirt, to purchase it;

   (b) The Defendant, GMC, knew or should have known by exercising reasonable care that the GMC Envoy was rendered unreasonable dangerous to the decedent, Marcus D. Wirt;

   (c) The GMC Envoy was hazardous and unreasonable dangerous;

## CAUSE OF ACTION
## PRODUCTS LIABILITY

18. Plaintiffs repeat the allegation contained in paragraphs 1-17 as though set forth verbatim.

19. The Defendant, GMC, is liable for placing a product in the stream of commerce which was defective and unreasonable dangerous.

20. The Defendant, GMC, is liable to the Plaintiffs and is strictly liable pursuant to the doctrine of strict liability in tort and products liability codified at Tennessee Code Annotated Section 29-28-101, et seq.

21. Defendant, GMC, failed to adequately warn the Plaintiff of the defective air bag

22. The GMC Envoy was defectively designed and/or manufactured and the defect of the air bag caused and/or contributed to the death of the decedent, Marcus D. Wirt.

4

## CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTIES

23. The Plaintiffs incorporate the allegations of the foregoing paragraphs 1-22 as though set forth verbatim.

24. The Defendant, GMC, breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.

25. The breach of the aforementioned implied warranties were a proximate cause of the decedent, Marcus D. Wirt's, death and Plaintiffs' injuries and damages.

## DAMAGES

25. Plaintiffs repeat the allegations contained in paragraphs 1-25 as though set forth verbatim.

26 Lyndia Brewer and Antonia Lee, individually, and on behalf of wrongful death beneficiaries, as a direct and proximate result of one or more of the above acts of negligence, suffered the following injuries and damages:

    (a)    Great mental and emotional anguish,

    (b)    Funeral expenses,

    (c)    Loss of love, society, companionship, and services,

    (d)    Pecuniary value of life of Marcus D. Wirt,

    (e)    Any damages to which the Plaintiffs maybe entitled under the Tennessee Wrongful Death Statue.

## RELIEF SOUGHT

**WHEREFORE PREMISES CONSIDERED,** Lyndia Brewer and Antonia Lee, individually, and on behalf of wrongful death beneficiaries, respectfully pray that they be awarded from the Defendant compensatory damages in the amount of one million dollars and 00/100 cents ($1,000,000.00), costs, and request a jury to try the issues.

Respectfully Submitted,

**THE COCHRAN FIRM-MEMPHIS**

_____
Archie Sanders, III (BPR NO 12784)
Attorney for the Plaintiffs
One Commerce Square, 26th Floor
Memphis, TN 38103
(901) 523-1222

6

**THE SANDERS FIRM**
ARCHIE SANDERS, III

119 South Main Street
Suite 500
Memphis, TN 38103
PO Box 574
Cordova, TN 38088

To: The Gordon City Group
Attn: Motors Liquidation
Company Claims Processing
P.O. Box 9386
Dublin, OH 43174-286

U.S. POSTAGE
MEMPHIS, TN
38104
NOV 05 10
AMOUNT
$0.61
0001 4343-08

1000
43017