**HEARING DATE AND TIME: September 24, 2012 at 9:45 a.m. (Eastern Time)**.

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

**REPLY TO RESPONSE FILED BY AND ON
BEHALF OF CLAIMANT JAIRO ALAN FRANCO TO THE OBJECTION
FILED BY THE GUC TRUST TO PROOFS OF CLAIM NOS. 63846 AND 63847**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

    The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this reply (the "**Reply**") to the response (the "**Response**") filed by claimant, Yanira Franco, as next friend of Jairo Alan Franco and/or Jairo Alan Franco (together, the "**Claimant**"), to the Objection (the "**Objection**") filed by the GUC Trust seeking expungement of proofs of claim numbers

63846 and 63847 (the "**Claims**") on the basis that the Claims are barred by the applicable statute of repose. In support of this Reply, the GUC Trust respectfully represents:

## PRELIMINARY STATEMENT

1. By the Claims, Mr. Franco seeks recovery from the Debtors of an unspecified amount of damages for "personal injury" related to a fatal car accident in April, 1994 (the "**Accident**") involving Hector Mario Tercero Proana Muñoz ("**Mr. Muñoz**"), whom Mr. Franco alleges is his biological father. In the Objection, the GUC Trust argues that the Claims are barred by the 15 year Texas statute of repose, because they seek recovery in connection with an accident involving a vehicle manufactured and sold by General Motors Corporation or its subsidiaries and/or affiliates (collectively, "**Old GM**") over 30 years before the commencement of these bankruptcy cases. A copy of each of the Claims is attached hereto as Exhibit A.

2. In the Response, Claimant avoids addressing the straightforward application of the statute of repose, and instead hides behind an argument that the Claims are saved because they relate back to a litigation which was commenced in 1994 and settled and closed two years later (the "**Original Litigation**"). The Original Litigation, in which plaintiffs asserted claims on behalf of "all persons entitled to recover for the wrongful death" was resolved and the settlement approved by the Texas Court. October 9, 1995 Cross-Action at 1 attached hereto as Exhibit B.

3. Claimant believes that he should have been paid a portion of the settlement payment which Old GM made to the Muñoz estate in connection with the Original Litigation (the "**Settlement Payment**"). Claimant argues he was not given notice of the Original Litigation and was not treated as a beneficiary of Mr. Muñoz's estate, even though he was Mr. Muñoz's (illegitimate) child and known to the representatives of his father's estate. Claimant

2

does not argue he was known to Old GM at the time of the Original Litigation and indeed, he was not.[1]

4. Claimant's arguments depend on a tortured and incorrect application of Texas law. Bills of review, which allow a case to be reopened after all opportunities to appeal have expired, are granted sparingly. In evaluating a bill of review, a court must balance reopening the case against the fundamental policy favoring the finality of judgments – especially where, as here, no wrongdoing is alleged by the defendant. As demonstrated below, given there is no basis for the Texas court to grant the Claimant's bill of review (the "**Bill of Review**"), there is no valid legal basis for the Claims. A copy of the Bill of Review is attached hereto as Exhibit C.

5. Nevertheless, even if there were a basis for the Bill of Review to be granted (which there is not), reopening the Original Litigation would *not* result in a claim against Old GM. Specifically:

- Claimant's wrongful death claim was not specifically asserted against Old GM in the Original Litigation and was not known to Old GM at the time the Original Litigation was resolved. Thus, Claimant's wrongful death claim should not relate back to the Original Litigation and, instead, should be treated as if brought at the time the Bill of Review was filed (October 1, 2004). Consequently, Claimant's wrongful death claim is clearly barred by the statute of repose, as set forth in the Objection.

- Even if Claimant's survivorship claim was reevaluated by the Texas court, there would be no resultant claim against Old GM. Because a survivorship claim belongs to a decedent, and not to an estate, the amount of such claim is unaffected by the number of beneficiaries of the decedent's estate. Given the Old GM settlement of the decedent's claims was approved by the Texas court, Claimant has no reasonable argument that it was not a proper settlement. Consequently, if the Texas court granted the Bill of Review, it would not be faced with a question of Old

---

[1] At the deposition of the decedent's common law wife, Diana Marquez, Ms. Marquez was asked, by Old GM's counsel, whether Mr. Muñoz had any other children and she clearly responded that he did not. January 20, 1995 Deposition Tr. 33:1-5 attached hereto as Exhibit D.

3

GM's additional liability, but of whether Claimant is entitled to a portion of the Settlement Payment already made.

6. Finally, the GUC Trust should not be subjected to costly and prolonged litigation in Texas for a case that it already paid to resolve over 16 years ago. This matter comes down to a dispute between the Claimant and the Muñoz estate over the distribution of the Settlement Payment. He should not be permitted to drag Old GM – who Claimant has not alleged is a bad actor – into that dispute. For all of the reasons set forth in the Objection and herein, the Claims should be expunged.

## ARGUMENT

### I. There is No Basis for the Bill of Review, and Thus No Legal Basis for the Claims

7. In the Response, Claimant argues that, because the Bill of Review will be granted, he has valid claims against Old GM for wrongful death, as well as survivorship claims. As demonstrated below, Claimant cannot meet his burden to show the Claims have a valid legal basis because, among other things, the relief requested by Claimant goes beyond any valid use of a bill of review.

#### A. Applicable Law

8. Under Texas law, a bill of review is generally defined as "an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to a motion for a new trial." *In re S.T.H.*, No. 04-06-00468-CV, 2007 WL 671344, at *2 (Tex. App. Mar. 7, 2007). Effectively, a bill of review is a means of reopening and re-litigating a case.

9. A party bringing a "bill of review" has the burden of proving, among other things, that (i) the petitioner had a meritorious cause of action; (ii) that it was prevented from asserting because of the fraud, accident, or wrongful act of the opposing party and (iii) there was

4

no fault or negligence by the petitioner. *In re S.T.H.*, 2007 WL 671344 at *2; *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App. 2004); *Mowbray v. Avery*, 76 S.W.3d 663, 682 (Tex. App. 2003). Texas courts do not look on bills of review with favor, and the burden on the party filing the bill of review is heavy indeed. *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950) (the grounds for a bill of review are narrow and strictly construed because the need for equitable relief must be counter-balanced against the fundamental importance of achieving the finality of judgments and the elimination of endless litigation); *Williamson v. Williamson*, 986 S.W.2d 379, 380 (Tex. App. 1999).

### B. The Bill of Review Has No Merit

10. The Claimant is seeking a broad and unprecedented application of the bill of review in this case. Tellingly, it does not appear that any litigant in Texas has been permitted to reopen a case under these circumstances. In particular, Claimant has cited no cases supporting the proposition that a bill of review should be granted when the defendant is not accused of any wrongdoing and has already paid a substantial settlement amount, which was approved by the presiding court. *See e.g.*, *Gardner v. Legrand*, No. 12-11-00290-CV, 2012 WL 2848768 (Tex. App. July 11, 2012) (denying bill of review to overturn divorce settlement where there was no allegation of fraud or wrongdoing). Moreover, there are no published cases in Texas where, as here, a non-party seeks to reopen a case and have his additional claims relate back to the filing of the original litigation (which in this case was over 15 years ago).

11. Significantly, none of the reasons cited by Claimant as support for the Bill of Review outweigh the Debtors' interest in and right to finality of judgment. *See Cantu v. Sapenter*, 937 S.W.2d 550, 552 (Tex. App. 1996) ("The state's interest in clear disposition of estates can substantiate limitations placed on the time and manner in which claims can be brought by illegitimate children asserting a right to inherit."); *Turner v. Nesby*, 848 S.W.2d 872,

5

877 (Tex. App. 1993) (a "state's interest in the finality of judgments distributing estates can constitute a sufficient basis for barring claims"). Here, the Texas court approved the settlement between the Muñoz estate over 16 years ago (about two years after Muñoz's accident and over 20 years after the vehicle was manufactured). It is manifest that Old GM should be able to rely on that judgment.

12. Additionally, as set forth more fully below, even if the Bill of Review were granted, it would not give rise to any new claims against Old GM. On this basis alone, the Claims should be expunged.

## II. Even if the Bill of Review Were Granted, It Would Not Give Rise to Claims Against Old GM

13. Claimant argues that, if the Bill of Review is granted by the Texas court, it will give rise to wrongful death and survivorship claims against the Debtors. Response at 1. Claimant is wrong. In fact, as demonstrated below, even if the Bill of Review were granted, it would result in litigation in the Texas court over whether Claimant is entitled to any of the Settlement Payment – not litigation of any additional liability of Old GM, which was fully and finally resolved by the Original Litigation.

### A. Wrongful Death Claim

14. A wrongful death claim is a claim brought by the surviving husband, wife, child or parents of the decedent. Tex. Civ. Practice & Remedies Code Ann. § 71.001-004. Such claims are for damages sustained by relatives of the decedent, and can seek claims recovery for, among other things, the value of parental services that the beneficiary reasonably could expect to received from the deceased if the person had lived, loss of companionship and damages for mental anguish caused by the death. *Roberts v. Williamson*, 111 S.W.3d 113, 120 (Tex. 2003); *John Deere Co. v. May*, 773 S.W.2d 369, 380 (Tex. App. 1989).

6

15. Claimant argues that the Muñoz estate purported to settle Claimant's wrongful death claims, but failed to give Claimant notice of the Original Litigation or the settlement. Response at 1 & 4. To the extent that is the case, Claimant may have claims against the Muñoz estate for its failure to provide adequate notice, among other things – but it has no additional claims against Old GM.[2]

### 1) **Claimant's Wrongful Death Claims are Barred**[3]

16. Even if the Claimant were able to reopen the Original Litigation, its claims against Old GM are barred by the statue of repose and, contrary to Claimant's arguments, do not "relate back" to the Original Litigation, which was commenced over 16 years ago. *See* Objection at 7 n. 3; Tex. Civ. Practice & Remedies Code Ann. § 16.012(b) (products liability claims and any associated wrongful death claims must be commenced against the manufacturer or seller of the product within 15 years of the date of the sale of the product).

17. A plaintiff's claim does not relate back to a prior pleading if the claim is "wholly based on a new, distinct, or different transaction or occurrence." Civil Practice & Remedies Code § 16.068. An action raising claims of a new plaintiff, not already expressly part of the suit, does not relate back in time to the original timely filed action. *Covington v. Sisters of Charity*, 179 S.W. 3d 583, 588 (Tex. App. 2005); *Kirkpatrick v. Harris*, 716 S.W. 2d 124, 125

---

[2] Claimant improperly relies on law regarding the fiduciary duty of the representatives of Mr. Muñoz's estate. In particular, Claimant argues the representative of an estate has a fiduciary duty to all the heirs of an estate and is obligated to disclose all material facts to beneficiaries, including notice of any proceedings. Response at 4. Such arguments are irrelevant to the Claim against the Debtors, and in fact support the GUC Trust's argument that this matter reflects a dispute between the Claimant and the representative of the Muñoz estate – not a dispute with Old GM.

[3] Given considerations of the Court's jurisdictional limitations, the Debtors do not argue the merits of Claimant's wrongful death claims. However, the GUC Trust notes for the purpose of this reply that it disputes that Claimant would have incurred any damages whatsoever for wrongful death given, among other things, that he had a limited relationship with his father at the time of his death.

7

(Tex. App. 1986) ("An amended pleading relates back in time to the superseded pleading, unless a new cause of action or a new party is added.").[4]

18.     Here, Claimant alleges that, even though the wrongful death claims in the Original Litigation were brought on behalf of "all heirs," his claims were not fairly addressed in the Original Litigation. Response at 4. While Claimant acknowledges that his individual wrongful death claims against Old GM were not known to Old GM at the time of the Original Litigation, he argues these claims should "relate back" to the Original Litigation so that he can avoid application of the Texas statute of repose. Response at 2. Claimant misses the mark. First, Claimant's claims were not specified in the Original Litigation. Second, Claimant's losses if any, are separate and apart from the losses of any other heir whose claims were specifically addressed in the Original Litigation. For these reasons, the Claims are "new" and cannot, as a matter of law, relate back in time. Consequently, the claims should be treated as if they were brought on October 1, 2004, in which case they are clearly barred by the statute of repose. *See* Objection at 6-7.

### 2)     <u>Claimant's Survivorship Claims Have Been Fully Litigated</u>

19.     A survivorship claim is a claim of the estate, as a matter of law, which permits recovery by a decedent's estate for damages for injuries suffered by the decedent prior to his death. Tex. Civ. Prac. & Rem. Code Ann. § 71.021. The estate steps into the shoes of the decedent and seeks damages the decedent could have recovered had he lived. *Id*. Thus, the

---

[4] Claimant argues that the "relation back" cases are inapplicable. Response at 5. However, he fails to cite any cases for this proposition. Indeed, such argument is contrary to the well-established principle that it is unfair for a defendant to face additional causes of action when a matter has already been litigated. 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1501 (2010) (relation back is only appropriate where a defendant is "fully apprised of a claim arising from specified conduct and has prepared to defend the action").

8

number of heirs of the decedent has no bearing on the amount of *recovery* on the survivorship claims.

20. Here, Old GM and the estate settled Mr. Muñoz's survivorship claims with Old GM. Mr. Franco cannot now seek additional recovery based on injury suffered by the decedent. The value of the claims, *i.e.*, the value of the *decedent's* injury, has fully and finally resolved in the Original Litigation. Thus, even if the Bill of Review were granted, Claimant would have no additional claims against Old GM and would be limited to recovery from the Muñoz estate of his share of the Settlement Payment (if any) related to the survivorship claims.[5]

\* \* \*

21. Based on the foregoing, even if the Bill of Review were granted, Claimant would have no valid claims against Old GM. Claimant may have valid claims against the representative of the Muñoz estate, but these should not be confused with claims against Old GM. Old GM satisfied any and all liability it may have had to Claimant in resolving the Original Litigation brought "for and on behalf of all person entitled to recover" in relation to the death of Mr. Muñoz. Consequently, Claimant has no right to payment against the Debtors, and the Claims should be disallowed and expunged.

---

[5] To the extent Claimant seeks to reopen the probate matter administering the estate, his action is barred by Section 55(a) of the Texas Probate Code. Tex. Probate Code Ann. § 55(a).

## CONCLUSION

For the reasons set forth above, this Court should enter an order expunging the Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 19, 2012

*/s/ Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Motors Liquidation
Company GUC Trust*