# Exhibit B

10-9-95

CAUSE NO. 15813

| | | |
|---|---|---|
| RAFAEL AGUILAR GABALDON, | § | IN THE DISTRICT COURT |
| RAFAEL AGUILAR PEREZ, AND | § | |
| SOCORRO G. AGUILAR, | § | |
| NERI AGUILAR CARRASCO, MARIA | § | |
| CARRASCO, HORTENCIA AGUILAR, | § | |
| AND RICARDO CARRASCO | § | |
| | § | |
| VS. | § | |
| | § | 229TH JUDICIAL DISTRICT |
| GENERAL MOTORS CORPORATION, | § | |
| JACK SHERMAN CHEVROLET, INC. | § | |
| KELLEY INSPECTION SERVICE, | § | |
| INC., SIVALLS, INC., CARS | § | |
| OF TEXAS, HORACIO LUJAN, | § | |
| DIANA MARQUEZ, INDIVIDUALLY, | § | |
| AND JOSE R. FALCON, AS | § | |
| ADMINISTRATOR OF THE ESTATE | § | |
| OF HECTOR MARIO TERCERO | § | |
| MUNOZ, DECEASED | § | DUVAL COUNTY, TEXAS |

CROSS-ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **JOSE RAMON FALCON, AS ADMINISTRATOR OF THE ESTATE OF HECTOR MARIO TERCERO MUNOZ, DECEASED, AND FOR AND ON BEHALF OF ALL PERSONS ENTITLED TO RECOVER FOR THE WRONGFUL DEATH OF HECTOR MARIO TERCERO MUNOZ, AND DIANA MARQUEZ, INDIVIDUALLY AND AS NEXT FRIEND OF LAURA PATRICIA TERCERO MARQUEZ, A MINOR,** Defendants and Cross-Plaintiffs herein, and file this their Original Cross-Action complaining of **GENERAL MOTORS CORPORATION, JACK SHERMAN CHEVROLET, INC., KELLY INSPECTION SERVICE, INC., SIVALLS, INC., CARS OF TEXAS, AND HORACIO LUJAN,** Cross-Defendants herein, and in support thereof would respectfully show the Court as follows:

I.

**JOSE RAMON FALCON** is a resident of Benavides, Duval County, Texas.

**DIANA MARQUEZ** and **LAURA PATRICIA TERCERO MARQUEZ** are residents of San Diego, Duval County, Texas. **DIANA MARQUEZ** is the natural mother of the minor **LAURA PATRICIA TERCERO MARQUEZ**.

Cross-Defendant **GENERAL MOTORS CORPORATION** is a foreign corporation which at all times material hereto, is and or was engaged in business within the State of Texas. Said Cross-Defendant has appeared and answered herein and no service of process is necessary at this time.

Cross-Defendant **JACK SHERMAN CHEVROLET, INC.**, is a Texas corporation which at all times material hereto, is or was engaged in business within the State of Texas. Said Cross-Defendant has appeared and answered herein and no service of process is necessary at this time.

Cross-Defendant, **KELLEY INSPECTION SERVICE, INC.**, is a Texas corporation which at all times material hereto, is and or was engaged in business within the State of Texas. Said Cross-Defendant has appeared and answered herein and no service of process is necessary at this time.

Cross-Defendant **SIVALLS, INC.**, is a Texas corporation which at all times material hereto, is or was engaged in business within the State of Texas. Said Cross-Defendant has appeared and answered herein and no service of process is necessary at this time.

Cross-Defendant **CARS OF TEXAS** is a Texas corporation or sole proprietorship or a partnership which at all times material hereto, is or was engaged in business within the State of Texas. Cross-Defendant **CARS OF TEXAS** is sued under its common or assumed name

2

under T.R.C.P. 28. No service is necessary at this time.

Cross-Defendant **HORACIO LUJAN** is an individual residing in Ector County, Texas. No service is necessary at this time.

## II.

Venue of this Cross-Action is proper in Duval County, Texas as to the Cross-Defendants named herein pursuant to Texas Civil Practice & Remedies Code, Sec. 15.001 and Sec. 15.061 in that Cross-Plaintiffs **JOSE RAMON FALCON** and **DIANA MARQUEZ** have been joined as Defendants in this action, and when two or more parties are joined as defendants in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants.

## III.

On or about April 17, 1994, **HECTOR MARIO TERCERO MUNOZ** was operating a 1976 Chevrolet 3/4 ton pickup truck, VIN CCL246F405180, in which **RAFAEL AGUILAR GABALDON** and **NERI AGUILAR CARRASCO** was passengers. On that date, the pickup in question burst into flames during a minor collision with another vehicle. As a consequence of the resulting fire, **HECTOR MARIO TERCERO MUNOZ** suffered severe burn injuries. He was transported to Alpine, Texas where he died of those burn injuries a few hours later. This action is brought, in part, by authority of V.T.C.A., Civil Practice & Remedies Code, Chapter 71, Sub-Chapter A, Sec. 71.001 et. seq. and Sub-Chapter B, Section 71.021, et. seq.

## IV.

At all times material hereto, Cross-Defendant **GENERAL MOTORS**

3

CORPORATION was in the business of designing, manufacturing, and marketing vehicles such as the vehicle involved in this suit. At all times material hereto, Cross-Defendants **JACK SHERMAN CHEVROLET, INC.** and **CARS OF TEXAS** were in the business of repairing and marketing vehicles such as the pickup involved in this suit. Cross-Defendants **KELLEY INSPECTION SERVICE, INC., SIVALLS, INC.,** and **HORACIO LUJAN** were prior owners of the vehicle who knew, or in the exercise of reasonable care should have known, of the dangerous propensities of the vehicle in question in this suit.

Cross-Plaintiffs allege that Cross-Defendants **GENERAL MOTORS CORPORATION, JACK SHERMAN CHEVROLET, INC., KELLY INSPECTION SERVICE, INC., SIVALLS, INC., CARS OF TEXAS,** and **HORACIO LUJON** were guilty of acts of omission and commission which collectively and severally constitute negligence, all of which were proximate causes of the personal injuries and resulting death of **HECTOR MARIO TERCERO MUNOZ.**

## VI.

Cross-Plaintiffs would further show that the Cross-Defendants **GENERAL MOTORS CORPORATION, JACK SHERMAN CHEVROLET, INC.,** and **CARS OF TEXAS**, their agents, servants, and/or employees, were negligent in designing, manufacturing, assembling, marketing and/or distributing the 1976 Chevrolet 3/4 ton pickup involved in this collision. Cross-Defendants **GENERAL MOTORS CORPORATION, JACK SHERMAN CHEVROLET, INC.,** and **CARS OF TEXAS**, their agents, servants, employees, distributors, wholesalers and/or retailers were actively engaged in the business of introducing products such as the 1976

4

Chevrolet 3/4 ton pickup in question into the stream of commerce. Cross-Plaintiffs would show that, at the time Cross-Defendants **GENERAL MOTORS CORPORATION, JACK SHERMAN CHEVROLET, INC.,** and **CARS OF TEXAS** did in fact introduce said truck into the stream of commerce, it was in a defective condition because of its defective design, manufacture, assembly, marketing and/or distribution. The product reached the driver, **HECTOR MARIO TERCERO MUNOZ**, without substantial change in condition. Said defects rendered the 1976 Chevrolet 3/4 ton pickup in question unreasonably dangerous to the general public, which includes such individuals as **HECTOR MARIO TERCERO MUNOZ**. The defects in design, manufacture, assembly, marketing and/or distribution referred to above were a producing cause or causes of Cross-Plaintiffs' injuries, as set forth in this cross-action. Cross-Plaintiffs further assert that Cross-Defendants are strictly liable for Cross-Plaintiff's injuries and resulting damages, and therefore invoke the doctrine of strict liability, as defined in Sec. 402(a) of the Restatement of the Law of Torts, and adopted by the Supreme Court of Texas.

### VII.

The product in question, a 1976 Chevrolet 3/4 ton pickup, VIN CCL246F405180 was defective and unsafe for its intended purposes at the time it left the control of Cross-Defendants' **GENERAL MOTORS CORPORATION, JACK SHERMAN CHEVROLET, INC**, and **CARS OF TEXAS**. The product was defectively designed so as to render it unreasonably dangerous to Cross-Plaintiffs. A safer alternative design existed at the time the product was manufactured. Such, safer alternative

5

design was economically and technologically feasible at the time the product left the control of Cross-Defendants, by the application of existing or reasonably achievable scientific knowledge, and could have been incorporated by a reasonable and prudent manufacturer under same or similar circumstances. One aspect of the defective design of the vehicle in question was the location of the fuel tank exterior to the frame rails. The defective design and resulting unreasonably dangerous condition of the vehicle in question was a producing cause of the injuries and damages suffered by Cross-Plaintiffs and made the basis of this suit.

### VIII.

Cross-Plaintiffs would further allege, in the alternative, that the 1976 Chevrolet 3/4 ton pickup VIN CCL246F405180 in question was manufactured and sold by Cross-Defendants, **GENERAL MOTORS CORPORATION, JACK SHERMAN CHEVROLET, INC.**, and **CARS OF TEXAS**, and such Cross-Defendants warranted as a matter of law to the general public and specifically to Cross-Plaintiffs that it was fit for the purpose for which it was sold. In reality, such pickup truck was not fit for the purposes intended. Cross-Defendants breached their implied and expressed warranties, as they knew or should have known of the risk posed by their defective product. Such breach of implied and expressed warranties was the proximate and producing cause of the actual damages sustained by the Cross-Plaintiffs as described hereafter. Cross-Plaintiffs assert their remedy against these Cross-Defendants under §2.314 and §2.715, TEX.

6

BUS. AND COMM. CODE, and other remedies under Texas law for breach of express and implied warranty.

### IX.

Cross-Plaintiffs would further show that as a direct and proximate result of the negligent acts of omission and/or commission of the Cross-Defendants, their agents, servants, and/or employees acting within the course and scope of their employment, as described herein, Decedent **HECTOR MARIO TERCERO MUNOZ** suffered excruciating pain and mental anguish and other resulting damages prior to his death on April 18, 1994. Cross-Plaintiffs would further that by reason of said Cross-Defendants' conduct and the resulting death of **HECTOR MARIO TERCERO MUNOZ**, it was necessary that Cross-Plaintiff **DIANA MARQUEZ** incur expenses for the funeral service and burial of the Decedent, said amount being fair, customary, reasonable and necessary.

### X.

Cross-Plaintiffs would further show that at the time of the his death, **HECTOR MARIO TERCERO MUNOZ** was 21 years old, in good health and had a reasonable life expectancy in excess of fifty-two (52) years. Before and up to the time of the his death, **HECTOR MARIO TERCERO MUNOZ** was industrious, energetic, happy, loyal, and loving to his wife and daughter. **HECTOR MARIO TERCERO MUNOZ** performed tasks in and about the family residence and gave advice, counseling, comfort, care, love, solace, support and protection to his wife and daughter and in all reasonable probability would have continued to do so for the remainder of his natural life. Cross-

Plaintiffs **DIANA MARQUEZ** and **LAURA PATRICIA TERCERO MARQUEZ** have suffered injuries and damages to the familial relationship, including loss of love, affection, comfort, companionship, maintenance, assistance, and emotional support.

### XI.

In addition, as a result of the untimely death of the Decedent **HECTOR MARIO TERCERO MUNOZ**, Cross-Plaintiff **DIANA MARQUEZ** has suffered and will continue to suffer pecuniary loss from the death of her husband, including loss of care, maintenance, support, advice, counsel and contribution of a pecuniary value that she would, in reasonable probability, have received from her husband during his lifetime, had he lived. Cross-Plaintiff **DIANA MARQUEZ** has also suffered and will continue to suffer mental anguish, grief and sorrow as a result of the death of her husband, **HECTOR MARIO TERCERO MUNOZ**. Full and fair compensation to Cross-Plaintiff **DIANA MARQUEZ** for her respective losses suffered as a result of the wrongful death of **HECTOR MARIO TERCERO MUNOZ** is an amount within the jurisdictional limit of this Court.

### XII.

In addition, as a result of the untimely death of Decedent, **HECTOR MARIO TERCERO MUNOZ**, Cross-Plaintiff **LAURA PATRICIA TERCERO MARQUEZ**, a minor, has suffered and will continue to suffer pecuniary loss from the death of her father, **HECTOR MARIO TERCERO MUNOZ**, including losses of care, maintenance, support, advice, counsel and contribution, and has suffered and will continue to suffer, mental anguish, grief and sorrow and seek damages in a sum

within the jurisdictional limits of the Court.

### XIII.

Cross-Plaintiffs would further assert, individually and in their respective capacities and pursuant to the laws of the State of Texas, that they are entitled to recover pre-judgment interest at the highest legal rate allowed by law. Each Cross-Plaintiff herein, including all those entitled to recover for the wrongful death of **HECTOR MARIO TERCERO MUNOZ**, asserts a claim for all elements of actual damages allowed under Texas law.

### XIV.

Cross-Plaintiffs would further allege and aver that the negligence of Cross-Defendants named herein also constituted gross-negligence, and that such gross-negligence was a proximate cause of the incident in question and of the injury to and death of **HECTOR MARIO TERCERO MUNOZ**, Decedent. Because of the gross-negligence of these Cross-Defendants, punitive damages should be assessed against each such Cross-Defendant in favor of the Cross-Plaintiffs in an amount within the jurisdictional limit of this Court, and in a respective amount against each such Cross-Defendant sufficient to deter such conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Cross-Plaintiffs **JOSE RAMON FALCON, AS ADMINISTRATOR OF THE ESTATE OF HECTOR MARIO TERCERO MUNOZ, DECEASED, AND FOR AND ON BEHALF OF ALL PERSONS ENTITLED TO RECOVER FOR THE WRONGFUL DEATH OF HECTOR MARIO TERCERO MUNOZ, AND DIANA MARQUEZ, INDIVIDUALLY AND AS NEXT FRIEND OF LAURA PATRICIA**

**TERCERO MARQUEZ, A MINOR** pray that Cross-Defendants **GENERAL MOTORS CORPORATION, JACK SHERMAN CHEVROLET, INC., KELLY INSPECTION SERVICE, INC., SIVALLS, INC., CARS OF TEXAS,** and **HORACIO LUJON** be required to appear and answer herein, and that this cause be set for trial, and that Cross-Plaintiffs have judgment against the Cross-Defendants, jointly and severally, for their actual and punitive damages as set forth above, in addition to costs, prejudgment interests, post-judgment interest as allowed by law, and further relief, both special and generally, at law and in equity, to which Cross-Plaintiffs may show themselves justly entitled.

Respectfully submitted,

LAW OFFICE OF RAYMOND ALEXANDER
719 S. Shoreline, Suite 201
Corpus Christi, Texas 78401
(512) 883-3886
(512) 882-6294 (FACSIMILE)

By: _____
RAYMOND ALEXANDER
State Bar No. 0099705

ATTORNEY FOR CROSS-PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered, by the method of service indicated, to all counsel of record as listed below, on this the 9th day of October, 1995.

_____
RAYMOND ALEXANDER

10

**Certified Mail, Return Receipt Requested**

Mr. Richard Davis
STRASBURGER & PRICE, L.L.P.
4300 NationsBank Plaza
901 Main St., Suite 4300
Dallas, Texas 75202

Mr. Kyle H. Dreyer
HARTLINE, DACUS, DREYER & KERN, L.L.P.
2626 Cole Avenue, Suite 800
Dallas, Texas 75204

Mr. Richard D. Cox
BROWN McCARROLL & OAKS HARTLINE
300 Crescent Court, Suite 1400
Dallas, Texas 75201-6929

Mr. W. Burgess Wade
Attorney at Law
500 W. Ohio, Suite 100
Midland, Texas 79701-4333

Mr. Larry Black
221 W. 6th, Suite 1800
Austin, Texas 78701

Mr. Joel B. Locke
SCHAEFER, DAVIS, O'LEARY & STOKER
NationsBank Building
700 North Grant
P.O. Drawer 1552
Odessa, Texas 79760-1552

Mr. Timothy D. Raub
The Herrera Law Firm
319 N. Grant, Suite 200
Odessa, Texas 79761

**VIA HAND DELIVERY**

Mr. James L. Post
JAMES L. POST, P.C.
P.O. Box 23013
Corpus Christi, Texas 78403

11