# Exhibit C

NO. _DC-04-321_

| | | |
|---|---|---|
| YANIRA FRANCO, as next friend of | § | IN THE DISTRICT COURT |
| JAIRO ALAN FRANCO, a minor | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 229th JUDICIAL DISTRICT |
| | § | |
| GENERAL MOTORS | § | FILED AT _11:29_ CLOCK _A_ |
| CORPORATION and | § | |
| DIANA MARQUEZ, Individually and | § | |
| As Personal Representative of the | § | OCT 0 1 2004 |
| Estate of HECTOR MARIO | § | |
| TERCERO MUÑOZ, decedent, and as | § | R. BARTON, CLERK |
| Next Friend of LAURA PATRICIA | § | DISTRICT CLERK, DUVAL COUNTY TEXAS |
| TERCERO MARQUEZ, a minor | § | BY:_____ DEPUTY |
| Defendants. | § | DUVAL COUNTY, TEXAS |

## PETITION FOR BILL OF REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW YANIRA FRANCO, as Next Friend of JAIRO ALAN FRANCO, a minor,

Plaintiff herein, complaining of GENERAL MOTORS CORPORATION and DIANA MARQUEZ,

individually and as Personal Representative of the Estate of HECTOR MARIO TERCERO

MUÑOZ, Decedent, and as Next Friend of LAURA PATRICIA TERCERO MARQUEZ, a minor,

and makes this her Petition for Bill of Review, and in support of such Bill of Review, shows the

Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

## PARTIES AND SERVICE

2.    Plaintiff Yanira Franco, an individual who resides in Odessa, Ector County, Texas, brings this action as next friend of Jairo Alan Franco, a minor.

3.    As used herein, "Plaintiff" shall include not only named Plaintiff, but also persons whose claims are being represented by a Plaintiff.

4.    Defendant General Motors Corporation, a foreign corporation, may be served by service upon its registered agent for service of process, CT Corporation, 350 N. St. Paul, Dallas, Texas. Service of said Defendant as described above can be effected by via-private processor.

5.    Defendant Diana Marquez, upon information and belief, is a resident of Ojinaga, Chihuahua, Mexico, and may be served with process by service upon her at 1524 6th Street 1524, Ojinaga, Mexico, 32881. In the alternative, service may be made upon her by publication.

## JURISDICTION

6.    This Court has jurisdiction over this Bill of Review because it rendered judgment in cause number 15813 on or about January 2, 1996.

## FACTS SUPPORTING THE BILL OF REVIEW

7.    On or about April 17, 1994, Decedent Hector Mario Tercero Muñoz was operating his 1976 Chevrolet ¾ ton pickup truck VIN CCL246F405180 in Ojinaga, Mexico. At said time and place, the 1976 Chevrolet ¾ ton pickup had a minor collision with another vehicle and burst into flames, severely burning the Decedent and other occupants of the truck. Decedent was rushed to a hospital in Alpine, Texas, but on April 18, 1994, he died of the burns he received in the fire.

8.      On or about October 25, 1994, in cause No. 15813, in the 229th Judicial District Court of Duval County, Texas, a lawsuit was instituted against Defendant General Motors Corporation, and Defendant Diana Marquez, Individually and as Personal Representative of the Estate of Hector Mario Tercero Muñoz, and as next friend of Laura Patricia Tercero Marquez, by various parties injured as a result of the fire that resulted in the death of Hector Mario Tercero Muñoz. The Fifth Amended Petition in said cause alleged that all the heirs at law of Hector Mario Tercero Muñoz had been sued.

9.      Jairo Alan Franco was born on November 20, 1991, and is an heir at law of Hector Mario Tercero Muñoz. He was entitled to notice of any claim asserted for the wrongful death of his father. No such notice was provided to either this minor directly or to any personal representative of this heir at law of Hector Mario Tercero Muñoz. Decedent and his family knew of the existence of this child prior to Decedent's death. True and correct copies of the child's birth certificate is attached hereto as Exhibit "A", and incorporated herein by reference for all purposes as if set forth at length. Recent DNA testing has confirmed with 99.989% accuracy that such child has as his grandparents Mario Proano and Luzmila Muñoz Arreola de Tercero, parents of the Decedent Hector Mario Tercero Muñoz. True and correct copies of the DNA test results are attached hereto and incorporated herewith as Exhibit "B", and incorporated herein by reference for all purposes as if set forth at length.

10.      On or about December 21, 1995, Diana Marquez was appointed temporary administratrix of the estate of Hector Mario Tecero Muñoz, with the following powers:

      a.      To take any and all actions necessary for the prosecution and defense of any and all claims arising out of the injuries, damages, and the death of Hector

Mario Tercero Muñoz, including but not limited to, the power to employ an attorney;

b.  To negotiate, waive, compromise, discontinue and/or settle all claims in connection therewith;

c.  To incur and pay expenses; and

d.  To exercise any rights necessary to protect the interest or rights of the person and/or estate of Hector Mario Terecero Muñoz, deceased.

11.  On or about January 2, 1996, an Agreed Judgment or a compromise settlement agreement was entered into between Defendants General Motors Corporation and Diana Marquez, in her various capacities, for the wrongful death of Hector Mario Tercero Muñoz. Defendant General Motors Corporation paid some $540,000 into the Registry of the Court for the benefit of Laura Patricia Tercero Muñoz for the wrongful death of her father Hector Mario Tercero Muñoz. It is not known how much Diana Marquez was paid by Defendant General Motors Corporation.

12.  Plaintiff would show that Jairo Alan Franco, as an heir at law of Hector Mario Tercero Muñoz, was entitled to assert his own claim for the wrongful death of his father. The failure to provide notice of any claim asserted for the wrongful death of his father, when his existence was known, amounts to fraud, accident, or a wrongful act of Defendants, which has denied him the opportunity to fully litigate at trial all claims he is entitled to assert.

13.  Plaintiff would show any failure to present this claim prior to the filing of this pleading was not the result of any intentional act, conscious indifference, or negligence on her part or the part of her son. Plaintiff would show she had no knowledge of any lawsuit concerning this matter until she hired attorneys to investigate any potential claims which could be asserted on behalf of her son.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer; that a new trial will be granted; that upon final trial, the Court will order that the judgment in Cause No. 158131 set aside and vacated; that the Court will enter judgment in favor of Plaintiff as next friend of Jairo Alan Franco; that Plaintiff recover costs expended in filing this petition and that Plaintiff have such other and further relief at law or in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**FRANKLIN H. MCCALLUM**
Attorney at Law
112 Loraine South, Suite 500
Midland, Texas 79701
(432) 682-3288
(432) 682-3298 (Facsimile)

By: _____
Franklin H. McCallum
Texas State Bar No. 13355800.

ATTORNEY FOR PLAINTIFF
YANIRA FRANCO AS NEXT FRIEND OF
JAIRO ALAN FRANCO, A MINOR

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## **VERIFICATION**

STATE OF TEXAS                              §
                                           §
COUNTY OF ECTOR                            §


BEFORE ME, the undersigned authority, personally appeared Yanira Franco, who, on oath,

stated that the statements made in the foregoing Petition for Bill of Review are true and correct.


Yanira Franco

SUBSCRIBED AND SWORN TO BEFORE ME on this the 30th day of September,

2004, to certify which witness my hand and seal of office.

PRISCILLA A SANCHEZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 12-31-2005

Notary Public, State of Texas

---

Yanira Franco, as next friend of Jairo Alan Franco, a minor vs. General Motors Corporation, et al.
Petition For Bill of Review
Page 6 of 8