**PRESENTMENT DATE AND TIME: October 3, 2012 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: October 3, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                               :

In re                                    :        **Chapter 11 Case No.**
                                               :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*  :
                                               :
                    **Debtors.**          :        **(Jointly Administered)**
                                               :
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER**
**REGARDING CLAIM NO. 65807 FILED BY ROLLS-ROYCE CORPORATION**

**PLEASE TAKE NOTICE** that the annexed *Stipulation and Agreed Order Regarding Claim No. 65807 filed by Rolls-Royce Corporation* (the "**Stipulation and Agreed Order**"), dated September 12, 2012, by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**") and Rolls-Royce Corporation (f/k/a Allison Engine Company, Inc., f/k/a AEC Acquisition Company, Inc), will be presented to the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 3, 2012 at 12:00 noon** (**Eastern Time**).

**PLEASE TAKE FURTHER NOTICE** that any objections to the Stipulation and Agreed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt,

2

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, and (xvi) Paul Hastings LLP, attorneys for Rolls-Royce Corporation, 75 East 55th Street, New York, New York, 10022 (Attn: Harvey A. Strickon), so as to be received no later than **October 3, 2012 at 11:30 a.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Stipulation and Agreed Order, the GUC Trust may, on or after the Response Deadline, submit the Stipulation and Agreed Order to the Bankruptcy Court, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
         September 21, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

4

PRESENTMENT DATE AND TIME: **October 3, 2012 at 12:00 noon (Eastern Time)**
OBJECTION DEADLINE: **October 3, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                    :   Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,      :   09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                                            :
                        Debtors.         :   (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER REGARDING**
**CLAIM NO. 65807 FILED BY ROLLS-ROYCE CORPORATION**

This Stipulation and Agreed Order (the "**Stipulation**")[1] is entered into as of September 12, 2012 (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**") and Rolls-Royce Corporation (f/k/a Allison Engine Company, Inc., f/k/a AEC Acquisition Company, Inc.) (the "**Claimant**," and together with the GUC Trust, the "**Parties**").

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to such terms in the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, modified, or supplemented, the "**Plan**") (ECF No. 9836).

## RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliated debtors (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on September 15, 2009, the Court entered the *Sixth Omnibus Order Pursuant to 11 U.S.C. § 365 of the Bankruptcy Code to Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property* (the "**Rejection Order**") (ECF No. 4059), which, among other things, approved the rejection of that certain *Asset Purchase Agreement* (the "**Asset Purchase Agreement**"), dated September 14, 1993, between General Motors Corporation and AEC Acquisition Corporation;

WHEREAS, on November 24, 2009, the Claimant filed proof of claim no. 65807 (the "**Claim**") in an unliquidated amount, for damages resulting from the rejection of the Asset Purchase Agreement;

WHEREAS, on or about August 16, 2010, the Claimant agreed to liquidate the Claim in the amount of $32,263,000;

WHEREAS, on January 26, 2011 (the "**Original Objection Date**"), the Debtors objected to the Claim pursuant to the *Debtors' 159th Omnibus Objection to Claims (Contingent Co-Liability Claims)* (the "**Objection**") (ECF No. 8840), on the ground that the Claim is subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code;

WHEREAS, following the failure of the Claimant to file a response to the Objection and the failure of the Claimant to appear at the hearing on the Objection, on March 7,

6

2011, the Court entered an Order (the "**Disallowance Order**") (ECF No. 9629) disallowing and expunging the Claim;

WHEREAS, the Claimant alleges that notice of the Objection was improperly provided to all necessary parties;

WHEREAS, on March 29, 2011, the Court entered the *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan* (the "**Confirmation Order**"), which, among other things, confirmed the Plan and authorized the GUC Trust to resolve certain claims against the Debtors;

NOW, THEREFORE, after good-faith, arms-length negotiations, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be reinstated as a Disputed General Unsecured Claim, *provided that*, the Claim as reinstated shall be limited to those liabilities specified in the Claim under the heading "*Environmental Remediation Claims*" and "*Product Failure and Liability Claims*" (collectively, the "**Environmental and Product Liability Claims**"), and *provided, further*, that in the event the Claim (or any portion thereof) is subsequently Allowed, the Claim shall be Allowed as a General Unsecured Claim under Class 3 of the Plan in an amount not to exceed $9,000,000. The GUC Trust hereby retains all of its rights to object to the Claim on any grounds whatsoever, other than an objection based on the Claimant's prior default as to the Objection and the timeliness of filing a responsive pleading prior to the new deadline set forth herein.

2. The Objection to the Claim shall also be reinstated as of the date it was initially filed. By no later than October 15, 2012, the Claimant shall produce to the GUC Trust a

7

detailed schedule describing the components of the Environmental and Product Liability Claims, which schedule shall not be subject to Rule 408 of the Federal Rules of Evidence and may be used by either party in the prosecution or defense of the Objection to the Claim.  The GUC Trust shall have the right, in its discretion, to file a supplemental Objection by no later than November 1, 2012 setting forth any additional grounds for disallowance of the Claim and any further support of its Objection under section 502(e)(1)(B) of the Bankruptcy Code.  The Claimant shall then have until November 15, 2012 to file a response (the "**Response**") to the Objection.  The GUC Trust shall then have until November 25, 2012 to file a reply to the Response.  The hearing with respect to the Objection is currently scheduled as December 13, 2012.

3. The GUC Trust shall not be prejudiced by any delay in adjudicating the Objection since the Original Objection Date.  Upon the reinstatement of the Objection, any portion of the Claim that would have been disallowed under section 502(e)(1)(B) of the Bankruptcy Code as of the Original Objection Date shall also be subject to disallowance to the same extent upon the reinstatement of the Objection.  For the avoidance of doubt, notwithstanding any subsequent events that have occurred with respect to the Claim following the Original Objection Date, if any portion of the Claim was contingent under section 502(e)(1)(B) of the Bankruptcy Code as of the Original Objection Date, such portion of the Claim shall remain contingent for the purposes of the reinstated Objection.

4. The claims agent in the Debtors' chapter 11 cases shall be authorized and empowered to adjust the claims register in accordance with this Stipulation and Agreed Order.

5. This Stipulation and Agreed Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

6. This Stipulation and Agreed Order may not be modified other than by signed writing executed by the Parties hereto.

7. Each person who executes this Stipulation and Agreed Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Agreed Order.

8. This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreed Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9. This Stipulation and Agreed Order shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.  This Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Agreed Order.

*[Signature Page Follows]*

| MOTORS LIQUIDATION COMPANY GUC TRUST<br>By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator | ROLLS-ROYCE CORPORATION |
|---|---|
| By: _/s/_ , VP | By: _/s/ M. Elliott_ |
| Print Name: STEVEN CIMOWRE | Print Name: M. N. ELLIOTT |
| Title: VICE PRESIDENT | Title: TREASURER |
| Dated: SEPTEMBER 19, 2012 | Dated: _____, 2012 |

IT IS SO ORDERED

Dated: _____, 2012
      New York, New York

                              _____
                              United States Bankruptcy Judge