PRESENTMENT DATE AND TIME: October 9, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: October 9, 2012 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

\-----------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.,* : **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* :
:
                    **Debtors.** : **(Jointly Administered)**
:
\-----------------------------------------------------------------x

**NOTICE OF SETTLEMENT OF SUPPLEMENTAL ORDER GRANTING**
**DEBTORS' 262ND OMNIBUS OBJECTION TO CLAIMS AS TO PROOF OF**
**CLAIM NO. 50125 FILED BY SHEILA M. WHORLEY**
(Pension Benefits Claims of Former Salaried and Hourly Employees)

**PLEASE TAKE NOTICE** that, pursuant to Rule 9074-1 of the Local

Rules of Bankruptcy Procedure for the Southern District of New York, and in accordance

with the oral decision of the Honorable Robert E. Gerber on the record on September 24,

2012, the annexed proposed Supplemental Order Granting Debtors' 262nd Omnibus

Objections to Claims as to Proof of Claim No. 50125 filed by Shirley M. Whorley

(Pension Benefits Claims of Former Salaried and Hourly Employees) (the "**Order**"), will

be presented for settlement and entry to the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **October 9, 2012 at 12:00 noon (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any objections or proposed counter-orders must be made in writing and received by the Court and the undersigned not later than **October 9, 2012, at 11:30 a.m. (Eastern Time)**. Unless an objection or proposed counter-order is received by that time, the proposed order annexed hereto may be entered by the Court.

Dated: New York, New York
       September 24, 2012

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
: 
In re                                                           :        **Chapter 11 Case No.**
                                                                :
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :        **09-50026 (REG)**
    f/k/a **General Motors Corp.**, *et al.*             :
                                                                :
                          Debtors.                     :        (Jointly Administered)
                                                                :
-----------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS' 262nd OMNIBUS OBJECTION TO CLAIMS AS TO PROOF OF CLAIM NO. 50125 FILED BY SHIRLEY M. WHORLEY
**(Pension Benefits Claims of Former Salaried and Hourly Employees)**

Upon the 262nd omnibus objection to expunge certain welfare benefits claims of retired and former salaried and executive employees, dated November 18, 2011 (the "**262nd Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully described in the 262nd Omnibus

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 262nd Omnibus Objections to Claims.

Objections to Claims; and due and proper notice of the 262nd Omnibus Objections to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the informal response filed by Shirley M. Whorley; and a hearing on the 262nd Omnibus Objections to Claims having been held on September 24, 2012; and the Court having found and determined that the relief sought in the 262nd Omnibus Objections to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 262nd Omnibus Objections to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 262nd Omnibus Objections to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Proof of Claim No. 50125 filed by Shirley M. Whorley is hereby disallowed and expunged; and it is further

ORDERED that the time to appeal runs from the date of entry of this Order and not from the date of the Hearing; and it is further

ORDERED that the claimant reserves and retains any and all rights, if any, that she may have against New GM; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____<br>United States Bankruptcy Judge