*(Exhibit B)*

Dana M. Womack
817 334 2787

CAUSE NUMBER: 348 223864 07

| | |
|---|---|
| LINDA M. MITCHELL | IN THE DISTRICT COURT |
| | ___ JUDICIAL DISTRICT |
| VS. | |
| | TARRANT COUNTY |
| GENERAL MOTORS CORPORATION AND AUTONATION FORT WORTH MOTORS, LTD d/b/a BANKSTON CHEVROLET FORT WORTH | STATE OF TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

LINDA M. MITCHELL, Plaintiff, complains of GENERAL MOTORS CORPORATION and AUTONATION FORT WORTH MOTORS, LTD d/b/a BANKSTON CHEVROLET FORT WORTH, Defendants, and files her Original Petition.

### DISCOVERY CONTROL PLAN

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff gives notice that she intends to pursue a discovery control plan pursuant to Rule 190.4 (Level 2). *A definitive schedule litigation is conducted.*

### PARTIES

2. Plaintiff resides in Euless, Texas.

3. Defendant **GENERAL MOTORS CORPORATION** is a corporation authorized to conduct business in the State of Texas and may be served through its registered agent, CT CORPORATION SYSTEM, at 3530 N. St. Paul Street, Dallas, Texas 75201.

4. Defendant **AUTONATION FORT WORTH MOTORS, LTD d/b/a BANKSTON CHEVROLET FORT WORTH** is a Texas company and may be served through its agent for service CORPORATION SERVICE COMPANY, 701 Brazos, Suite 1050, Austin,

PLAINTIFF'S ORIGINAL PETITION                                                        PAGE 1

Texas 78701.

## VENUE AND JURISDICTION

5. Venue is proper in Tarrant County, Texas because Plaintiff resided in Tarrant County at the time the cause of action for breach of warranty accrued.

6. Jurisdiction is proper as the amount prayed for is within the jurisdictional limits of this Honorable Court.

## STATEMENT OF FACTS

7. On October 13, 2005, Plaintiff purchased a 2005 CHEVROLET KODIAK, VIN 1GBE4E12X5F504670 (the "Vehicle") from Bankston Chevrolet Fort Worth for $49,852.57 plus tax, title and license.

8. Plaintiff has had numerous problems with the Vehicle. Since purchase, the Vehicle has encountered an excessive number of defects, including but not limited to peeling paint, tires, brakes, coolant leaks, window trim, engine, fuel system, wiring harness, missing bolts and steering/suspension. The Vehicle has been tendered for repairs as follows:

1) April 6, 2006, tendered for repair due to paint peeling off of bed, tires having flat spots, coolant leak, brake controller inoperable and right rear window trim loose;

2) May 2, 2006, tendered for repair due to brake warning beeping;

3) June 13, 2006, tendered for repair due to vehicle not starting after filling with fuel and water pump leaking;

4) July 10, 2006, tendered for repair due to leaks and missing bolts on

heater, a/c and power steering mounting bracket;

5) August 17, 2006, tendered for repair due to engine dying and not restarting, taking a long time to fill with fuel, SES light on and windshield molding coming loose;

6) August 23, 2006, tendered for repair due to engine dying and would not restart;

7) September 20, 2006, tendered for repair due to when adding fuel pump keeps clicking off, has to add fuel very slowly, rear tank will not transfer into front tank;

8) September 29, 2006, tendered for repair due to connecter cover at FICM broken, windshield molding coming loose, scratched paint, rear wiring harness balled up and tucked in frame and appears to be chaffing,

9) October 2, 2006, tendered for repair due to having to add fuel very slowly;

10) November 26, 2006, tendered for repair due to vehicle not driving over 45 mph, front fuel filler taking fuel slow and vibration while driving at highway speeds; and

11) Other defects listed in repair orders, warranty history, and identified through discovery.

## CAUSES OF ACTION

Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA")

9. Plaintiff is a "consumer" as defined in the DTPA.

10. Defendants violated the following provisions of the DTPA:

   (1) §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(6), §17.46(b)(7), §17.46(b)(9), §17.46(b)(12), §17.46(b)(13), §17.46(b)(20), §17.46(b)(22) and §17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiffs;

   (2) §17.50(2): breach of express warranty, as defined in §2.313 of the Texas Business and Commerce Code (the warranty failed of its essential purpose and Plaintiffs were deprived of substantial value of bargain because the defect was not corrected within reasonable time);

   (3) §17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987);

   (4) §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Texas Business and Commerce Code;

   (5) §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

11. Plaintiff further contends that Defendants' violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA.

12. This conduct was a producing and/or proximate cause of actual damages

PLAINTIFF'S ORIGINAL PETITION                                                PAGE 4

to Plaintiff, as set forth below.

## DAMAGES

13.  As a result of Defendants' conduct, Plaintiff has suffered actual damages, including direct, consequential and incidental damages in an amount within the jurisdictional limits of this Court. Such damages include, but are not limited to:

(1) diminished value of the vehicle (the difference at the time and place of acceptance between the value of the vehicle as accepted and the value it would have had if it had been as warranted or represented);

(2) loss of use; and

(3) out of pocket expenses.

14.  Because the conduct of Defendants was done knowingly and intentionally, Plaintiff is entitled to additional damages for a knowing and/or intentional violation of the DTPA pursuant to §17.50(b)(1), in an appropriate amount to be determined by the jury.

## REVOCATION OF ACCEPTANCE

15.  The vehicle was sold to Plaintiff with defects which substantially impaired the value of the vehicle to Plaintiff. Plaintiff timely and properly revoked acceptance of the vehicle and requested a refund of the purchase price. The Plaintiff is therefore entitled to recision of the contract, pursuant to §17.50(b)(3) of the DTPA and §2.608 of the Texas Business and Commerce Code calculated as the return of the full purchase price of the vehicle, and other fees assessed by the dealer, which in this case

total $49,852.57 plus tax, title and license. Plaintiff also seeks return of Plaintiff's finance charges and costs of maintaining insurance on the vehicle.

## ATTORNEY'S FEES

16. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, which include the following:

a. preparation and trial of this lawsuit;

b. post-trial, pre-appeal legal services;

c. an appeal to the Court of Appeals;

d. making or responding to an application for writ of error to the Supreme Court of Texas;

e. an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and

f. post-judgment discovery and collection in the event execution on the judgment is necessary.

## CONDITIONS PRECEDENT

17. All notices and other conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## REQUEST FOR DISCLOSURE

18. Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose the information or material described in Rule 194.2.

## JURY DEMAND

19. Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial, they recover her actual damages, additional statutory damages, exemplary damages, attorney's fees, costs of court, pre-judgment and post-judgment interest at the highest legal rates, and such other and further relief, both general and special, at law or in equity, to which she may be justly entitled.

RESPECTFULLY SUBMITTED:

DALTON LAW FIRM, L.L.C.

By: _____

Craig M. Patrick
State Bar No. 00792743
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Phone: (214) 665-9545
Fax: (214) 665-9546

Richard C. Dalton
State Bar No. 24033539
111 Park West Drive
Scott, Louisiana 70583
Phone: (337) 262-0700
Fax: (337) 262-0679

ATTORNEYS FOR PLAINTIFF
LINDA M. MITCHELL