CAUSE NO. 348-223864-07

| | | |
|---|---|---|
| LINDA M. MITCHELL | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | TARRANT COUNTY, TEXAS |
| GENERAL MOTORS CORPORATION | § | |
| AND AUTONATION FORT WORTH | § | |
| MOTORS, LTD D/B/A BANKSTON | § | |
| CHEVROLET FORT WORTH | § | 348TH JUDICIAL DISTRICT |

COURT'S CHARGE

LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice or sympathy play any part in your deliberations.

2. In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the Court, that is, what you have seen and heard in this courtroom, together with the law as given you by the Court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3. Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5. You will not decide the answer to a question by lot or by

1

ORIGINAL

FILED
Dana M. Hammack
DATE 5/7/09 10:23 AM

drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6. Unless otherwise instructed, you may answer a question upon the vote of ten or more jurors. If you answer more than one question upon the vote of ten or more jurors, the same group of at least ten of you must agree upon the answers to each of those questions.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other juror who observes a violation of the Court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence unless you are otherwise instructed. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight of credible evidence admitted in this case. A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true. Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence unless you are otherwise instructed.

QUESTION NO. 1:

Did Bankston Chevrolet engage in any false, misleading, or deceptive act or practice that was a producing cause of damages to Linda M. Mitchell?

"Producing cause" means a substantial factor that brings about injury and without which the injury would not have occurred.

"False, misleading, or deceptive act or practice" means any of the following:

(1) Failing to disclose information about the 2005 Chevrolet Kodiak that was known by Bankston Chevrolet at the time Linda M. Mitchell purchased it, if the failure to disclose such information was intended to induce Linda M. Mitchell into a transaction that Linda M. Mitchell would not have entered into had the information been disclosed;

(2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(3) representing that goods or services are of a particular standard, quality, or grade, if they are of another; or

(4) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

Answer "Yes" or "No."

ANSWER: _Yes_

3

QUESTION NO. 2:

Was the failure, if any, of General Motors Corporation to comply with an express warranty a producing cause of damages to Linda M. Mitchell?

"Producing cause" means a substantial factor that brings about injury and without which the injury would not have occurred.

"An express warranty" means:

Any affirmation of fact or promise made by General Motors Corporation that relates to the 2005 Chevrolet Kodiak and becomes part of the basis of the bargain. It is not necessary that formal words such as "warrant" or "guarantee" be used or that there be a specific intent to make a warranty.

Answer "Yes" or "No."

ANSWER: __Yes__

QUESTION NO. 3:

Was the failure, if any, of General Motors Corporation to comply with an implied warranty of merchantability a producing cause of damages to Linda M. Mitchell?

"Producing cause" means a substantial factor that brings about injury and without which the injury would not have occurred.

"Failure to comply with an implied warranty of merchantability" means that the 2005 Chevrolet Kodiak lacks something necessary for adequacy and as a result, was not fit for the ordinary purposes for which such goods are used.

In answering this question, consider only the conduct that was a producing cause of damages to Linda M. Mitchell.

Answer "Yes" or "No."

ANSWER: __Yes__

4

<u>QUESTION NO. 4:</u>

Did Bankston Chevrolet or General Motors Corporation engage in any unconscionable action or course of action that was a producing cause of damages to Linda M. Mitchell?

"Producing cause" means a substantial factor that brings about injury and without which the injury would not have occurred.

An unconscionable action or course of action is an act or practice that, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree.

Answer "Yes" or "No" for each of the following:

(a) Bankston Chevrolet             Yes

(b) General Motors Corporation     Yes

5

If you answered "Yes" as to any part of Question No. 1, 2, 3, or 4, then answer Question No. 5. Otherwise, do not answer Question No. 5.

**QUESTION NO. 5:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Linda M. Mitchell for her damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other.

Do not include in your answer any amount that you find Linda M. Mitchell could have avoided by the exercise of reasonable care.

In answering questions about damages, do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents, if any, for the following:

(a) Loss of use.
"Loss of use" of a vehicle is the reasonable rental value of a replacement vehicle.

ANSWER: __0__

(b) Loss of income.

ANSWER: __46,500.00__

(c) Out-of-pocket expenses.
"Out-of-pocket expenses" are expenses which were reasonably and necessarily incurred.

ANSWER: __612.38__

(d) Mental anguish.

ANSWER: __11,736.5|__

(e) Loan balance on the vehicle.

ANSWER: __27,406.25__

6

If you answered "Yes" as to any part of Question No. 1, 2, 3, or 4, then answer Question No. 6. Otherwise, do not answer Question No. 6.

**QUESTION NO. 6:**

Did Bankston Chevrolet or General Motors Corporation engage in any such conduct knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty. Actual awareness may be inferred where objective manifestations indicated that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Linda M. Mitchell.

Answer "Yes" or "No" for each of the following:

(a) Bankston Chevrolet          _No_

(b) General Motors Corporation  _Yes_

If you answered "Yes" as to any part of Question No. 6, then answer Question No. 7. Otherwise, do not answer Question No. 7.

**QUESTION NO. 7:**

What sum of money, if any, in addition to actual damages, should be awarded to Linda M. Mitchell if such conduct was committed knowingly?

Answer in dollars and cents, if any, as to:

(a) Bankston Chevrolet          _0_

(b) General Motors Corporation  _63,849.88_

7

QUESTION NO. 8:

Did General Motors Corporation's limited warranty fail in its essential purpose?

A limited warranty "fails in its essential purpose" if the warrantor does not correct the defects within a reasonable time.

Answer "Yes" or "No."

ANSWER: __Yes.__

8

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror —

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures of the jurors who agree to the verdict, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____
DANA M. WOMACK
JUDGE PRESIDING

JURY CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror only if the jury is unanimous.)

_____
PRESIDING JUROR

_____
Printed Name of Presiding Juror

(To be signed by those rendering the verdict if the jury is not unanimous.)

Jurors' Signatures                Jurors' Printed Names

1. [signature]                    Lynn C. Lindblad
2. [signature]                    Avery L. Marshall
3. [signature]                    Robert Nakooka
4. [signature]                    David Conrad
5. [signature]                    Angela Sessions
6. [signature]                    Anne Robertson
7. [signature]                    Thanh Heathcoat
8. [signature]                    Jenaro J. Borjas
9. [signature]                    Larry King
10. [signature]                   William B. Clevenger
11. _____       _____

10