UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                      :         Chapter 11 Case No.
:
GENERAL MOTORS CORP., *et al.*,            :         09-50026(REG)
:
               Debtors.          :         (Jointly Administered)
:
------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 AUTHORIZING DEBTORS TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS, DEALERS, AND TRADE CUSTOMERS AND TO OTHERWISE CONTINUE WARRANTY, CREDIT CARD, OTHER CUSTOMER, DEALER AND TRADE CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11, United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, among other things, authorizing the Debtors to perform and honor, in the ordinary course of business, the Debtors' prepetition obligations related to all warranty and all other Customer Programs, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the U.S. Treasury, (iii) the attorneys for EDC; (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis), (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers— Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, and (xi) the attorneys for the ad hoc bondholders committee, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6003, the Debtors, in their business judgment, are (a) authorized to perform and fully honor all obligations with respect to vehicle, and parts and accessory warranties whether

arising prior to or after the Commencement Date; and (b) authorized (but not directed) to perform and fully honor their prepetition obligations related to all other Customer Programs as they deem appropriate, in the ordinary course of business, in each case, without further application to or order of the Court; and it is further

ORDERED that nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any claim by a customer with respect to any Customer Program; and it is further

ORDERED that nothing contained in this Order shall be deemed to constitute an assumption of any executory contract pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of the Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
    *June 1, 2009*

                                                                *S/ Robert E. Gerber*
                                                                United States Bankruptcy Judge