**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 09-50026 (BRL) |
| MOTORS LIQUIDATION COMPANY, et. al., f/k/a General Motors Corp., et. al. | ) ) (Jointly Administered) ) |
| Debtors | ) ) |

**RESPONSE OF CREDITOR KENNETH SMITH, CLAIM #38904, TO THE NOTICE OF 282nd OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE Robert E. Gerber,
UNITED STATES BANKRUPTCY COURT JUDGE:

**Claimant and Basis for Claim**

(1) Kenneth Smith was severely injured when a General Motors tailgate support cable on a 2002 Silverado 2500 Series truck failed, causing him to fall while being transported in the back. Kenneth suffered injuries requiring a C6-7 cervical fusion and L4-5 lumbar laminectomy and discectomy. Kenneth'

(2) If it were not for personal stake at issue for Kenneth, Debtor's objection would be quite humorous. The irony of the once massive Debtor seeking to avoid its debt with Kenneth, by using well paid attorneys to draft 282 Omnibus Objections to claims, including the one at issue which claims "insufficient documentation" yet wholly fails to identify how Kenneth's claim is in any way suffering from the purported flaw, shouldn't be lost on anyone.

(3) Debtor's four page notice, five page motion and three page exhibit all wholly fail to give Kenneth any specificity, or even a vague clue, about how his documentation is in any way insufficient. Page two of Debtor's Exhibit A references Kenneth's claim and states that the Objection references Kenneth's claim on pages 4-5. However, there is nothing illuminating on those pages.

(4) In fact, the essence of what Debtor is claiming can be summarized by quoting paragraphs seven and eight (without citations):

7. A proof of claim must "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules.

8. The Bar Date Order requires, among other things, that a proof of claim must "set forth with specificity the legal and factual basis for the alleged [c[laim [and] include supporting documentation or an explanation as to why such documentation is not available." (Bar Date Ord. at 2.). The Insufficient Documentation Claims do not contain sufficient information to evaluate such claims. Accordingly, they should be disallowed and expunged.

(5) Claimant's 11/20/09 Proof of Claim summary reads, in pertinent part:

Creditor Kenneth Smith was severely injured as a result of Debtor General Motors Corporation's defective product (2002 Chevrolet Silverado 2500 Series Truck). See attached Complaint at Law for details of the defective product.

As a result of the debtor's defective product, Kenneth Smith suffered severe and career-ending injuries. Kenneth Smith's injuries, include but are not limited to, significant back injuries requiring cervical fusion surgery at C6-7 and lumbar laminectomy, discectomy at L4-5 and L5-S1.

Kenneth Smith's orthopedic surgeon, Dr Mark Chang, has recently opined that in light of his injuries, Kenneth Smith is unable to return to any form of gainful employment (See Dr Chang's 09/24/09 medical note). Before his injuries, Mr. Smith was working as a construction laborer making approximately $50,000/year. At the time of these injuries, Kenneth Smith was 47 years of age.

Additionally, Dr Chang's 09/24/09 office note was attached.

The complaint at law against General Motors Corporation was attached as well. Paragraph one of the complain identifies General Motors Corporation as the manufacturer of the 2002 Chevrolet Silverado 2500 Series at issue. Paragraphs two through four allege no abnormal uses, no reasonable secondary causes of the injury and that the product failed to perform as reasonably expected. Paragraphs five through seven allege that the product failed in the that the truck's supporting tailgate cables broke which the truck was in use at 79th and Sawyer Streets in Darien, IL. Paragraph one alleged this incident occurred on July 26, 2007.

(6) Additionally, on May 7, 2012, Plaintiff emailed his Pre-Mediation statement to counsel. This document contained a short recitation of the facts, a one page itemization of $201,850.19 in related medical bills, a short description of the wage loss, a $2,995,000.00 demand, the initial complaint, and approximately 1.5" of related medical records and bills.

(7) Plaintiff has clearly provided sufficient notice about the underlying claim, the basis for the claim and the damages stemming from the claim. Plaintiff has provided specific facts and detailed information.

### Notice

(8) A copy of this Response has been filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York by U.P.S. overnight letter and electronic service, and has been served upon the Reorganized Debtors attorneys at DICKSTEIN SHAPIRO LLP, 1633 Broadway, New York, NY 10019-6708, ATTN: Stefanie Birdrower Greer, be U.P.S. overnight letter and electronic filing.

WHEREFORE, for all the above cited reasons, Debtor's 282nd Omnibus Objection to Claims (Insufficient Documentation) should be denied as to Kenneth Smith, Debtor should be sanctioned for filing a patently frivolous, and unworkably vague motion, an Order should be entered barring Debtor from filing any additional motions or objections directed toward claimant Kenneth Smith, and this claim should be Ordered to a final resolution.

S:/ Michael D. Carter
Michael D. Carter
Horwitz, Horwitz & Associates
Attorney for Claimant Kenneth Smith
25 E. Washington, Suite 900
Chicago, IL 60602
(312) 372-8822