Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                        :

**In re**                          :          **Chapter 11 Case No.**
                          :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :      **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :

                          :
              **Debtors.**      :      **(Jointly Administered)**
                          :

-------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**REGARDING CLAIM NOS. 38932, 66308, 66309, 66310**

        This Stipulation and Agreed Order is entered into as of September 21, 2012 (the

"**Effective Date**") by and among (i) the Motors Liquidation Company GUC Trust (the "**GUC**

**Trust**"); and (ii) Grossinger Autoplex, Inc.; Castle Buick-Pontiac-GMC, Inc.; North Shore, Inc.

d/b/a Muller Pontiac/GMC Mazda; and Joe Mitchell Buick/GMC Truck, Inc. (collectively, the

"**Claimants**," and together with the GUC Trust, the "**Parties**").

**RECITALS:**

        WHEREAS, on March 14, 2008, in an action styled *North Shore, Inc. v. General*

*Motors Corp.*, No. MVRB 79-01, the Motor Vehicle Review Board for the State of Illinois (the

"**Board**") issued a final order (the "**Final Order**") directing Motors Liquidation Company

("**MLC**") (f/k/a General Motors Corporation) to reimburse the Claimants for certain attorneys

fees and costs[1] that the Claimants incurred while successfully opposing the addition of a new dealership within the Claimants' geographic vicinity;

WHEREAS, on October 28, 2008, the Circuit Court of the Seventh Judicial Circuit in Sangamon County, Illinois (the "**Illinois Circuit Court**"), issued an Order upholding the Board's Final Order with respect to the award of attorneys fees and costs;

WHEREAS, on November 21, 2008, the Illinois Circuit Court entered an agreed Order (the "**Prepetition Agreed Order**")[2] upon the consent of MLC and the Claimants in which the Illinois Circuit Court awarded Claimants additional attorneys fees and costs (collectively, including the amounts awarded in the Final Order, the "**Judgment**") and stayed execution of the Judgment until such time that MLC's appeal (the "**Appeal**") of the Judgment was resolved;

WHEREAS, on April 15, 2008, MLC posted an appeal bond in the amount of $1,300,000 (the "**Appeal Bond**");

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), while the Appeal of the Judgment was pending in the Fourth District Court of Appeals of Illinois (the "**Illinois Appellate Court**," and together with the Board, the Illinois Circuit Court and the Illinois Supreme Court, the "**Illinois State Courts**"), MLC and certain of its affiliated debtors (collectively with MLC, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Case No. 09-50026 (REG),

---

[1] Specifically, Hearing Officer Mark A. Kuchler ordered that the Claimants be awarded the following amounts: (i) $242,816.46 to Grossinger Autoplex, Inc.; (ii) $238,884.30 to Castle Buick-Pontiac-GMC, Inc.; (iii) $321,782.18 to North Shore, Inc. d/b/a Muller Pontiac/GMC Mazda; and (iv) $230,124.14 to Joe Mitchell Buick/GMC Truck, Inc.

[2] *General Motors Corp. v. State of Illinois Motor Vehicle Review Bd.*, No. 08-MR-240 (Cir. Ct. 7th Jud. Cit. Nov. 21, 2008). Specifically, the Illinois Circuit Court ordered that Claimants be awarded the following amounts: (i) $12,888.06 to North Shore, Inc d/b/a Muller Pontiac/GMC Mazda; and (ii) $30,550.19 to Grossinger Autoplex, Inc, Castle Buick-Pontiac-GMC, Inc. and Joe Mitchell Buick/GMC Truck, Inc, collectively.

thereby causing the Appeal to be stayed pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**");

WHEREAS, on the Commencement Date, the Debtors filed a motion requesting the entry of an Order (ECF No. 2968) authorizing and approving the sale of substantially all of the Debtors' assets, free and clear of liens, claims, encumbrances, and other interests (the "**363 Transaction**"), pursuant to that certain Master Sale and Purchase Agreement (as amended and supplemented, the "**MSPA**"), dated June 1, 2009, by and among the Debtors and NGMCO, Inc. ("**New GM**");

WHEREAS, on March 5, 2010, the Bankruptcy Court later entered an Order (ECF No. 5198) approving a stipulation between the Debtors and New GM clarifying, among other things, that the Appeal Bond constitutes a Purchased Asset (as defined in the MSPA) to be transferred to New GM and that to the extent the Appeal results in a liability in excess of the Appeal Bond, such liability shall constitute a Retained Liability (as defined in the MSPA) and remain subject to the Bankruptcy Court's Orders as a Retained Liability;

WHEREAS, periodically after the Commencement Date, in connection with the Debtors' rationalization of its automobile dealership network and in conjunction with the 363 Transaction, the Debtors entered into participation agreements ("**Participation Agreements**") with many of its automobile dealerships, including Grossinger Autoplex, Inc. and Castile Buick-Pontiac-GMC, Inc., to allow the dealerships to continue its operations with New GM on a long term basis;

WHEREAS, each of the Participation Agreements provide, among other things, that the Debtors and New GM are released from certain claims by dealerships, all as more fully described in the Participation Agreements;

WHEREAS, on November 30, 2009, Castle Buick-Pontiac-GMC, Inc. and Grossinger Autoplex, Inc. each filed the following proofs of claim (collectively, the "**Castle and Grossinger Claims**") in the Debtors' chapter 11 cases on account of the Judgment:

| Claimant | Claim No. | Amount of Claim (as filed) | Classification (as filed) |
|---|---|---|---|
| Castle Buick Pontiac GMC Inc. | 66309 | $249,067.70 | Secured Claim |
| Grossinger Autoplex Inc. | 66310 | $252,999.85 | Secured Claim |

WHEREAS, between November 23, 2009 and November 30, 2009, North Shore, Inc. d/b/a Muller Pontiac/GMC Mazda and Joe Mitchell Buick/GMC Truck, Inc. respectively filed the following proofs of claim (collectively, the "**North Shore and Mitchell Claims**," and together with the Castle and Grossinger Claims, the "**Claims**") in the Debtors' chapter 11 cases on account of the Judgment:

| Claimant | Claim No. | Amount of Claim (as filed) | Classification (as filed) |
|---|---|---|---|
| North Shore, Inc. d/b/a Muller Pontiac/GMC Mazda | 38932 | $330,670.24 | Unsecured Claim |
| Joe Mitchell Buick/GMC Truck, Inc. | 66308 | $240,307.53 | Secured Claim |

WHEREAS, on March 29, 2011, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan* (the "**Confirmation Order**"), which, among other things, (i) confirmed the *Debtors' Second Amended Joint Chapter 11 Plan* (as may be amended, modified, or supplemented, the "**Plan**"); (ii) authorized the GUC Trust to resolve certain claims filed against the Debtors; and (iii) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the

4

GUC Trust Administrator, or the Avoidance Action Trust Administrator (as defined in the Plan)
retains sole and exclusive authority to pursue in accordance with the Plan (the "**Plan
Injunction**");

WHEREAS, the Plan also provides that the Automatic Stay in the Debtors'
chapter 11 cases shall remain in full force and effect until the closing of the chapter 11 cases;

WHEREAS, on June 8, 2012, the Motors Liquidation Company GUC Trust filed
an objection (the "**Objection**") (ECF No. 11810) to the Castle and Grossinger Claims, which
Objection was originally scheduled by the GUC Trust to be heard by the Bankruptcy Court on
July 17, 2012; and

NOW, THEREFORE, after good-faith, arms-length negotiations, in consideration
of the foregoing, it is hereby stipulated and agreed that:

1.    The Castle and Grossinger Claims filed in the Debtors' chapter 11 cases
are fully and finally withdrawn with prejudice and under no event shall Castle Buick-Pontiac-
GMC, Inc. or Grossinger Autoplex, Inc. be entitled to a distribution in the Debtors' chapter 11
cases on account of the Castle and Grossinger Claims or have the ability to file any additional
claims against the Debtors or the GUC Trust; provided, however, that the withdrawal of the
Castle and Grossinger Claims shall have no effect whatsoever on the rights of Castle Buick-
Pontiac-GMC, Inc. and Grossinger Autoplex, Inc. to pursue the Appeal, the Judgment or the
Appeal Bond upon prevailing in the Appeal and/or related proceedings in the Illinois State
Courts subject to the terms of this Order.  The matters raised in the Objection have not been
adjudicated and may be raised in the Appeal.

2.    The North Shore and Mitchell Claims are reclassified to non-priority
general unsecured claims to the extent they were not filed as such; provided, however, that such

classification shall have no effect whatsoever on the rights of North Shore, Inc. d/b/a Muller

Pontiac/GMC Mazda and Joe Mitchell Buick/GMC Truck, Inc. to recover the Judgment through

the Appeal Bond in the event they prevail in the Appeal and/or related proceedings subject to the

terms of this Order.  This Stipulation and Agreed Order does not resolve the allowance of the

North Shore and Mitchell Claims in the Debtors' chapter 11 cases, which shall remain pending at

this time.

       3.     The Claimants shall not under any event seek or recover in the Appeal

and/or related proceedings an aggregate amount that exceeds the amount of the Appeal Bond.

       4.     The Automatic Stay and the Plan Injunction are modified solely to the

extent necessary to permit the Appeal and any related proceedings in the Illinois State Courts to

resume in accordance with this Stipulation and Agreed Order and to allow the appropriate

Claimants, as determined by the Illinois State Courts (or any appellate Court thereof), to recover

the applicable portion of the Judgment through the Appeal Bond, *provided that*, the Automatic

Stay and Plan Injunction are not modified to permit the Claimants to seek or obtain a recovery in

excess of the amount of the Appeal Bond.  In no event shall the Automatic Stay and the Plan

Injunction be modified to allow any claims, allegations or relief against the Debtors, New GM or

the GUC Trust that are inconsistent with this Stipulation and Agreed Order or any prior Orders

of this Court.

       5.     Except to the extent of any recovery by the Claimants through the Appeal

Bond upon prevailing in the Appeal and/or related proceedings, the provisions of the Automatic

Stay and the Plan Injunction, or any provision or injunction created in connection with

confirmation of the Plan and the order confirming the Plan prohibiting execution, enforcement,

or collection of any judgment against the Debtors, New GM, the GUC Trust, and/or assets or

property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

6.    Nothing contained herein shall be deemed or construed as an admission of liability by any of the Parties with respect to the Appeal or the Objection, and all Parties reserve the right to assert any and all defenses in the Appeal and/or related proceedings.

7.    The claims agent in the Debtors' chapter 11 cases shall be authorized and empowered to adjust the claims register in accordance with this Stipulation and Agreed Order.

8.    This Stipulation and Agreed Order may not be modified other than by signed writing executed by the Parties hereto.

9.    Each person who executes this Stipulation and Agreed Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Agreed Order.

10.    This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreed Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

11.    This Stipulation and Agreed Order shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of law principles thereof.  The Bankruptcy Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Agreed Order.

*[Signature Page Follows]*

**MOTORS LIQUIDATION COMPANY GUC TRUST**
By:  AlixPartners LLP, *as attorney-in-fact on behalf of Wilmington Trust Company, acting solely in its capacity as trustee and trust administrator of the Motors Liquidation Company GUC Trust*

**C A S T L E   B U I C K - P O N T I A C - G M C , I N C .**


By:  /s/ Barry Folse

Print Name: Barry Folse
Title: Managing Director

Dated:  September 21, 2012


By:  /s/ Ira M. Levin

Print Name: Ira M. Levin
Title: Attorney

Dated:  September 12, 2012

**G R O S S I N G E R
A U T O P L E X ,  I N C .**

By: /s/ Ira M. Levin

Print Name: Ira M. Levin
Title: Attorney

Dated:  September 20, 2012

**J O E  M I T C H E L L
B U I C K / G M C
T R U C K ,  I N C .**

By: /s/ Ira M. Levin

Print Name: Ira M. Levin
Title: Attorney

Dated:  September 20, 2012

**N O R T H  S H O R E ,
I N C .  D / B / A  M U L L E R
P O N T I A C / G M C
M A Z D A**

By: /s/Glenn Muller

Print Name: Glenn Muller
Title: Pres.

Dated:  September 20, 2012

**IT IS SO ORDERED**
Dated: _**September 27, 2012**_
New York, New York

_**s/ Robert E. Gerber**_
United States Bankruptcy Judge