TEXAS DEPARTMENT OF TRANSPORTATION
MOTOR VEHICLE DIVISION

| | |
|---|---|
| MS. LINDA MITCHELL,<br>　　　Complainant<br><br>v.<br><br>GENERAL MOTORS CORPORATION &<br>J-ROD, INC.,<br>　　　Respondents | §<br>§<br>§<br>§  DOCKET NO. 07-0002 CAF<br>§<br>§<br>§<br>§ |

### DECISION OF THE ADMINISTRATIVE LAW JUDGE

　　The hearing on the complaint of Ms. Linda Mitchell (Complainant) against General Motors Corporation (Respondent I) and J-Rod, Inc. (Respondent II) was held in Dallas, Texas on January 10, 2007 pursuant to Chapter 2301, Subchapter M of the Texas Occupations Code Annotated. Complainant appeared and testified her own behalf. Respondent I and Respondent II properly appeared and presented evidence in their respective behalves. Mr. W. Kenneth Herring, Administrative Law Judge (ALJ), presided.

　　Complainant filed a complaint contending that the vehicle (a 2005 Chevrolet Kodiac) is defective and should be repurchased because the vehicle has fuel system related concerns.

### EVIDENCE ADDUCED

**Complainant's evidence tends to show the following facts:**

1. She purchased a new 2005 Chevrolet Kodiac on October 14, 2005.

2. She can document that the vehicle has been taken to an authorized facility with a fuel system related complaint on the following occasions:
   a. August 17, 2006 with 19,125 miles; at which time, a GM dealer replaced the fuel pump assembly and fuel tank sending unit;
   b. September 9, 2006 with 27,348 miles; at which time, a GM dealer replaced the rear fuel module and a J-Rod facility stated no problem was found but made adjustments to the fuel system; and
   c. November 28, 2006 with 27,628 miles; at which time, Mr. Dennis Williams examined the vehicle and stated no problem was found.

3. Currently, the vehicle has an ongoing fuel system concern manifested by the system not properly allowing fuel to be pumped into the vehicle.

4. She sent written notice of this concern to Respondent I in a letter dated August 28, 2006; Respondent II was sent written notice of this concern via her complaint with the Motor Vehicle Division on September 15, 2006. Both Respondents had an opportunity to cure the vehicle, during the September 9, 2006 repair visit which lasted until October 17, 2006. Respondent I had an additional opportunity to cure the vehicle on November 28, 2006.

1

**Respondent I argued:**

1. A current GM related concern has not been verified.

2. The Complainant fails to meet the lemon law presumptions as to reasonable number of repair attempts.

**Respondent II argued:**

1. A current J-Rod related concern has not been verified.

2. The Complainant fails to meet the lemon law presumptions as to reasonable number of repair attempts.

## INSPECTION AND TEST DRIVE

The hearing was continued at the vehicle. The Complainant and the ALJ participated in the inspection of the vehicle along with both Respondents. The vehicle was driven 6 miles. The ending mileage on the vehicle was 27,982 miles.

The interior inspection of the vehicle showed normal wear and tear. The exterior inspection revealed that the front bumper was bent and a word was written into the paint on the driver's side front fender.

The parties took the vehicle to a nearby gas station to test for a fuel system concern manifested by the system not properly allowing fuel to be pumped into the vehicle. The concern manifested, as described by the Complainant, during the inspection. All parties including the ALJ attempted to add fuel to the front tank, but the system would not allow it. Fuel could be added to the rear tank.

## DISCUSSION

As mentioned above, the Complainant contends that the lemon law requirements are satisfied and the vehicle should be repurchased because the vehicle has a fuel system related concern.

The Respondents argued that an ongoing concern had not been verified and that Complainant failed to meet the lemon law presumptions as to a reasonable number of repair attempts.

As stated above, the concern, as described by the Complainant, manifested during the inspection. All parties including the ALJ attempted to add fuel to the front tank, but the system would not allow it. The ALJ holds that this is a defective condition that substantially impairs the use and value of the vehicle.

As to the issue of opportunity to cure, the ALJ finds that both Respondents were given written notice of the concern and both had a chance to inspect and repair the vehicle after that notice.

2

As to the issue of reasonable number of repair attempts, the ALJ notes that Complainant does not meet lemon law presumptions. However, the ALJ finds that the three documented visits to a GM authorized repair center stating the instant concern constitute a reasonable number of repair attempts for that issue for that respondent in this case.

Because there are two Respondents, the ALJ must determine how responsibility should be apportioned. It is the understanding of the ALJ that all of the components of the fuel system were provided by GM. Given that fact, the ALJ holds that Respondent I should bear full responsibility in this case. The ALJ does not preclude the Respondents debating this matter further in another forum, but as to this forum Respondent I must bear the cost of the instant judgment. And that judgment is the vehicle should be repurchased.

In addition to the repurchase of the instant vehicle, the Complainant has requested reimbursement of expenses. In fact, the Complainant calculated almost $101,000.00 for reimbursement of incidental expenses. After reviewing the submissions of the Complainant, the ALJ finds that almost none of the requested expenses are reimbursable. The expenses of setting up and running her trucking business are not reimbursable in this forum. Lost wages or lost opportunities are not reimbursable in this forum. The expenses related to a vehicle break down in Wyoming are not reimbursable because the costs for that matter were previously addressed and because the ALJ finds that the concern at that time is not the same as the concern which is the basis for repurchase. The only requested costs which are reimbursable are postage expenses of $66.00 and copy expenses of $26.11.

The Complainant also contended that the useful life of her vehicle should be raised to from 120,000 miles to 250,000 miles for the purpose of calculating the repurchase price. Given the fact the vehicle has a diesel engine, the ALJ agrees.

Lastly, the vehicle has some damage beyond normal wear and tear. Based on the Complainant's submission of repair estimates, the ALJ will deduct $1,473.90 from the amount of the repurchase price.

### FINDINGS OF FACT

1. Complainant purchased a 2005 Chevrolet Kodiac on October 14, 2005. The Complainant purchased the vehicle for a total purchase price of $53,849.88. Complainant still owns the vehicle.

2. Respondent I issued its warranty covering defects in factory supplied fuel system materials for 2 years with unlimited miles during those two years.

3. The Complainant can document that the vehicle has been taken to an authorized facility with a fuel system related complaint on the following occasions:
    a. August 17, 2006 with 19,125 miles; at which time, a GM dealer replaced the fuel pump assembly and fuel tank sending unit;
    b. September 9, 2006 with 27,348 miles; at which time, a GM dealer replaced the rear fuel module and a J-Rod facility stated no problem was found but made adjustments to the fuel system; and
    c. November 28, 2006 with 27,628 miles; at which time, Mr. Dennis Williams examined the vehicle and stated no problem was found.

3

4. The above listed visits constitute a reasonable number of repair attempts for Respondent I.

5. The vehicle has on-going fuel system related concerns.

6. All of the fuel system components were provided by GM. Given that fact, Respondent I should bear full responsibility for the currently ongoing concern.

7. The problems mentioned in the preceding Findings of Facts constitute defects covered by Respondent I's warranty.

8. Respondent I received written notice on the Complainant's concerns in a letter dated August 28, 2006. Respondent I had an opportunity to cure the vehicle, during the September 9, 2006 repair visit which lasted until October 17, 2006. Respondent I had an additional opportunity to cure the vehicle on November 28, 2006

9. The above noted concern constitutes a defective condition that substantially impairs the use and the value of the vehicle.

10. Complainant timely filed her complaint with the Motor Vehicle Division on or about September 1, 2006 and paid the $35.00 filing fee.

11. The Respondent should repurchase the vehicle.

12. The ALJ makes the following Findings of Fact and calculations of the repurchase price:

| Purchase price, including tax, title, license and registration | $53,849.88 | | | |
|---|---|---|---|---|
| Mileage at date of hearing | 27,982 | | | |
| Mileage at first report of current defect | 19,125 | | | |
| Miles driven after first report of defective condition | 8,857 | | | |
| Calculations for allowance for use: | | | | |
| Unimpaired miles: | | | | |
| 19,125 / 250,000 | X | $53,849.88 | = | $4119.52 |
| Impaired miles: | | | | |
| 8,857 / 250,000 | X | $53,849.88 X .5 | = | $953.90 |
| Total allowance for use deduction: | | | | $5,073.42 |
| Purchase Price | $53,849.88 | | | |
| Less allowance for use | -$5,073.42 | | | |
| Refund filing fee | $35.00 | | | |
| Refund postage and copies | $92.11 | | | |
| Deduct damage allowance | -$1,473.90 | | | |
| **TOTAL REPURCHASE PRICE:** | **$47,429.67** | | | |

4

### CONCLUSIONS OF LAW

1. Complainant timely filed this action with the Texas Department of Transportation, Motor Vehicle Division which has jurisdiction over this proceeding pursuant to Chapter 2301, Subchapter M of the Texas Occupations Code Annotated.

2. Complainant proved by a preponderance of the evidence that the vehicle is defective because of fuel system related concerns, which are defective conditions covered by the warranty; that Respondent I or its authorized dealerships have had a reasonable number of attempts to repair the problems; that Respondent I was provided an opportunity to cure the concerns; and that the condition substantially impairs the use and value of the vehicle.

3. Under Chapter 2301, Subchapter M of the Texas Occupations Code Annotated, Complainant is entitled to relief.

In accordance with the above Findings of Fact and Conclusions of Law, a Final Order shall be issued requiring the Respondent I to repurchase the vehicle.

Signed and dated this 5th day of January, 2007

W. Kenneth Herring, Administrative Law Judge
Motor Vehicle Division

5