**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re                                                    :        Chapter 11 Case No.
                                                         :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :        **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*      :
                                                         :
                                        Debtors.     :        (Jointly Administered)
                                                         :
----------------------------------------------------------------x

### STIPULATION AND AGREED ORDER REGARDING CLAIM NO. 65807 FILED BY ROLLS-ROYCE CORPORATION

This Stipulation and Agreed Order (the "**Stipulation**")[1] is entered into as of September 12, 2012 (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**") and Rolls-Royce Corporation (f/k/a Allison Engine Company, Inc., f/k/a AEC Acquisition Company, Inc.) (the "**Claimant**," and together with the GUC Trust, the "**Parties**").

### RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliated debtors (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to such terms in the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, modified, or supplemented, the "**Plan**") (ECF No. 9836).

WHEREAS, on September 15, 2009, the Court entered the *Sixth Omnibus Order Pursuant to 11 U.S.C. § 365 of the Bankruptcy Code to Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property* (the "**Rejection Order**") (ECF No. 4059), which, among other things, approved the rejection of that certain *Asset Purchase Agreement* (the "**Asset Purchase Agreement**"), dated September 14, 1993, between General Motors Corporation and AEC Acquisition Corporation;

WHEREAS, on November 24, 2009, the Claimant filed proof of claim no. 65807 (the "**Claim**") in an unliquidated amount, for damages resulting from the rejection of the Asset Purchase Agreement;

WHEREAS, on or about August 16, 2010, the Claimant agreed to liquidate the Claim in the amount of $32,263,000;

WHEREAS, on January 26, 2011 (the "**Original Objection Date**"), the Debtors objected to the Claim pursuant to the *Debtors' 159th Omnibus Objection to Claims (Contingent Co-Liability Claims)* (the "**Objection**") (ECF No. 8840), on the ground that the Claim is subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code;

WHEREAS, following the failure of the Claimant to file a response to the Objection and the failure of the Claimant to appear at the hearing on the Objection, on March 7, 2011, the Court entered an Order (the "**Disallowance Order**") (ECF No. 9629) disallowing and expunging the Claim;

WHEREAS, the Claimant alleges that notice of the Objection was improperly provided to all necessary parties;

WHEREAS, on March 29, 2011, the Court entered the *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code*

*and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan* (the "**Confirmation Order**"), which, among other things, confirmed the Plan and authorized the GUC Trust to resolve certain claims against the Debtors;

NOW, THEREFORE, after good-faith, arms-length negotiations, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be reinstated as a Disputed General Unsecured Claim, *provided that*, the Claim as reinstated shall be limited to those liabilities specified in the Claim under the heading "*Environmental Remediation Claims*" and "*Product Failure and Liability Claims*" (collectively, the "**Environmental and Product Liability Claims**"), and *provided, further*, that in the event the Claim (or any portion thereof) is subsequently Allowed, the Claim shall be Allowed as a General Unsecured Claim under Class 3 of the Plan in an amount not to exceed $9,000,000. The GUC Trust hereby retains all of its rights to object to the Claim on any grounds whatsoever, other than an objection based on the Claimant's prior default as to the Objection and the timeliness of filing a responsive pleading prior to the new deadline set forth herein.

2. The Objection to the Claim shall also be reinstated as of the date it was initially filed. By no later than October 15, 2012, the Claimant shall produce to the GUC Trust a detailed schedule describing the components of the Environmental and Product Liability Claims, which schedule shall not be subject to Rule 408 of the Federal Rules of Evidence and may be used by either party in the prosecution or defense of the Objection to the Claim. The GUC Trust shall have the right, in its discretion, to file a supplemental Objection by no later than November 1, 2012 setting forth any additional grounds for disallowance of the Claim and any further support of its Objection under section 502(e)(1)(B) of the Bankruptcy Code. The Claimant shall

then have until November 15, 2012 to file a response (the "**Response**") to the Objection. The GUC Trust shall then have until November 25, 2012 to file a reply to the Response. The hearing with respect to the Objection is currently scheduled as December 13, 2012.

3. The GUC Trust shall not be prejudiced by any delay in adjudicating the Objection since the Original Objection Date. Upon the reinstatement of the Objection, any portion of the Claim that would have been disallowed under section 502(e)(1)(B) of the Bankruptcy Code as of the Original Objection Date shall also be subject to disallowance to the same extent upon the reinstatement of the Objection. For the avoidance of doubt, notwithstanding any subsequent events that have occurred with respect to the Claim following the Original Objection Date, if any portion of the Claim was contingent under section 502(e)(1)(B) of the Bankruptcy Code as of the Original Objection Date, such portion of the Claim shall remain contingent for the purposes of the reinstated Objection.

4. The claims agent in the Debtors' chapter 11 cases shall be authorized and empowered to adjust the claims register in accordance with this Stipulation and Agreed Order.

5. This Stipulation and Agreed Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

6. This Stipulation and Agreed Order may not be modified other than by signed writing executed by the Parties hereto.

7. Each person who executes this Stipulation and Agreed Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Agreed Order.

8. This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreed Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9. This Stipulation and Agreed Order shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. This Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Agreed Order.

*[Signature Page Follows]*

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GUC TRUST** <br> **By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator** | **ROLLS-ROYCE CORPORATION** |
| By: _____ | By: /s/ M. Elliott_____ |
| Print Name:_____ <br> Title: <u>Vice President</u> | Print Name: <u>M.N. Elliott</u> <br> Title: <u>Treasurer</u> |
| Dated: September 19, 2012 | Dated: September 17, 2012 |

**IT IS SO ORDERED**

Dated: ***October 9, 2012***
       New York, New York

                                                ***s/ Robert E. Gerber***
                                                United States Bankruptcy Judge