**HEARING DATE AND TIME: October 15, 2012 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                       :   Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :   09-50026 (REG)
     f/k/a General Motors Corp., et al.     :
                                            :
                                Debtors.    :   (Jointly Administered)
                                            :
------------------------------------------------------------x
```

**MOTORS LIQUIDATION COMPANY GUC TRUST'S OMNIBUS REPLY**
**TO RESPONSES TO 214TH AND 215TH OMNIBUS OBJECTIONS TO CLAIMS**
**(Claims for Equity Interests)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, supplemented or modified from time to time, the "**Plan**"), respectfully represents:

**Preliminary Statement**

1.  The claims asserted by the Responding Parties (as hereinafter defined), all of which were filed as administrative expense claims, are predicated on nothing more than the

ownership of common stock issued by the Debtors.  As the mere loss in value of equity interests does not constitute a cognizable claim, let alone an administrative expense claim, the claims asserted by the Responding Parties should be disallowed and reclassified as equity interests.  In order to assert a *prima facie* claim, the Responding Parties were required to set forth facts and circumstances beyond the mere diminution in value of their equity interests that was experienced generally by all shareholders.  As more fully described herein, none of the Responding Parties were able to state a cognizable claim.

**Background**

2. On February 24, 2011, the Debtors filed the 214th and 215th Omnibus Objections to Claims (collectively, the "**Omnibus Objections**"),[1] pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the claims listed on Exhibit "A" annexed to the Omnibus Objections (collectively, the "**Claims**," and individually, a "**Claim**") and reclassifying the Claims as equity interests, all as more fully explained in the Omnibus Objections.

3. The Debtors received responses (collectively, the "**Responses**") to the Omnibus Objections from Nika Gojcaj (Informal), Timothy G. Mayer (Informal), and Austin and Rebecca Viall (ECF Nos. 9863, 10848, and 11063) (collectively, the "**Responding Parties**").[2]

---

[1] While the Omnibus Objections were filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

[2] A summary of the Responses to the Omnibus Objections by the Responding Parties is annexed hereto as **Exhibit "A."**

4.  On March 31, 2011 and September 6, 2011, this Court entered Orders granting the relief requested in the Omnibus Objections with respect to all claims subject to the Omnibus Objections other than the Claims filed by the Responding Parties (ECF Nos. 9978, 9979 and 10792).

### Reply

5.  Two of the three Responding Parties, Timothy G. Mayer and Nika Gojcaj, filed claims for reimbursement for funds they expended to purchase common stock in the Debtors. As their claims are based solely on their equity interests in the Debtors, their Claims should be reclassified as equity interests and disallowed as claims. *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership"); *see Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 522 (5th Cir. 2004) ("Although the 'absolute priority rule' is generally only used by the bankruptcy court when determining whether to confirm a Chapter 11 plan, the overarching theory behind it supports affirming the decisions to sustain the [debtor's] objections to [claims asserted by equity security holders]"). On these grounds, this Court has repeatedly expunged claims asserted by equity interest holders in these cases. *See e.g.* Transcript of June 22, 2011 Hearing at 23-28, *In re Motors Liquidation Company, et al.*, Case No. 09-50026 (Bankr. S.D.N.Y. June 22, 2011) (ECF No. 10538); Transcript of July 27, 2011 Hearing at 11-18, *In re Motors Liquidation Company, et al.*, Case No. 09-50026 (Bankr. S.D.N.Y. July 27, 2011) (ECF No. 10667).[3]

---

[3] Copies of the transcripts from the June 22, 2011 and July 27, 2011 hearings can be obtained by contacting Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust (Attn: Edward Wu; edward.wu@weil.com; (212) 310-8322).

6. The remaining Responding Parties, Austin and Rebecca Viall, jointly filed a claim alleging that certain of the common stock in the Debtors that they own were purchased as a result of either misrepresentation or fraud. Austin and Rebecca Viall purchased common stock in the Debtors immediately after the commencement of these chapter 11 cases on the mistaken belief that such securities would appreciate in value. As evident from their response, Austin and Rebecca Viall continued to purchase shares in the Debtors based on what they assert to be either incomplete or inaccurate representations by a representative of E-Trade, the online brokerage. (ECF No. 10848) The representative of E-Trade allegedly advised that equity interests in the Debtors would be exchanged for equity interests in General Motors Company ("**New GM**"), the entity sponsored by the United States government that purchased substantially all the assets of the Debtors and continues to make cars today. *Id.*

7. While asserting specific allegations of misrepresentations against E-Trade, Austin and Rebecca Viall do not assert any specific allegations of wrongdoing against the Debtors. Austin and Rebecca Viall appear to only summarily assert against the Debtors: "[w]e never considered that GM and E-Trade would scheme up a fraudulent plan to cheat stock owners when GM was again listed on the stock market." (ECF No. 11063) Regardless of the truth regarding the allegations against E-Trade, the Debtors were not involved in the conversations between the claimants and E-Trade. Because Austin and Rebecca Viall fail to specify any specific misleading or fraudulent statements made by the Debtors, the Responding Parties failed to plead a *prima facie* claim, and their Claim should be disallowed.

8. In any event, any claims based on misstatements that were not made specifically to the claimant by the Debtors are subordinated to all claims against the Debtors pursuant to section 510(b) of the Bankruptcy Code. Section 510(b) was enacted to "prevent

4

disappointed shareholders from recovering their investment loss by using fraud and other securities claims to bootstrap their way to parity with general unsecured creditors in a bankruptcy proceeding." *Baroda Hill Invs., Ltd. v. Telegroup, Inc. (In re Telegroup, Inc.)*, 281 F.3d 133, 142 (3d Cir. 2002); *Hasson v. Motors Liquidation Company GUC Trust (In re Motors Liquidation Company, et al.)*, Case No. 11 Civ. 8444, 2012 WL 1886755 at *5 (S.D.N.Y. May 21, 2012); *Spirnak v. Motors Liquidation Company GUC Trust (In re Motors Liquidation Company, et al.)*, Case No. 11 Civ. 7893, 2012 WL 398640 at *2-4 (S.D.N.Y. February 7, 2012). Courts have recognized that section 510(b) applies whether or not the loss resulted from an alleged fraud that "induced [the] purchase [of the equity interests], or a post-purchase fraud, embezzlement, looting, or other corporate misconduct which undermined the value of [the] stock." *In re Worldcom, Inc.*, 329 B.R. 10, 15 (Bankr. S.D.N.Y. 2005); *In re Granite Partners, L.P.*, 208 B.R. 332, 342 (Bankr. S.D.N.Y. 1997).

9. While it is unfortunate that equity security holders will not receive a distribution in these chapter 11 cases, the priority rules established under the Bankruptcy Code delineates how the finite assets of a bankrupt entity are to be distributed and generally proscribes for shareholders, who are the residual owners of a debtor, to bear the greatest risk of loss. The GUC Trust is sympathetic to the losses incurred by shareholders in these chapter 11 cases, but is required to reconcile claims in a manner that is consistent with the Bankruptcy Code.

WHEREFORE, the GUC Trust respectfully requests entry of an order granting the relief requested in the Omnibus Objections with respect to the Claims filed by the Responding Parties and such other and further relief as is just.

Dated: New York, New York
October 9, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

6

**Exhibit A**

**Summary of Responses**

| Omnibus Objection | Claimant | Claim No. | ECF No. of Response | Summary of Claimant's Response |
|---|---|---|---|---|
| 214 | Timothy G. Mayer | 70622 | Informal | Claimant asks to be paid back funds used to buy shares in the Debtors. |
| 215 | Nika Gojcaj | 70897 | Informal | Claimant asks to be paid back funds used to buy shares in the Debtors. |
| 215 | Austin & Rebecca Viall | 70909 | 9863 | Claimants appears to indicate that the claim is primarily calculated by multiplying the number of shares they purchased in the Debtors by the price per share of General Motors Company ("**New GM**") as of February 2, 2011.  Claimant also requests damages for any additional cost for legal or travel expenses. |
| 215 | Austin & Rebecca Viall | 70909 | 10848[1] | Claimants indicates that certain of the shares were purchased based upon incorrect or incomplete advice from an E-Trade representative.<br><br>"On February 6, 2010, I contacted E-trade to purchase more GM stock. I was told by E-Trade representative's [sic] that GMC had been divided into tw [sic] divisions and they could not sell us more stock in the old GMC, but could sell us stock in the new GMC division, Motors Liquidation Corp. I was assured that all shares of MLC would be exchange for equal shares of GMC when GMC was again listed on the stock exchange. Based on this I purchased the additional 300 shares." |

---

[1] ECF No. 10848 filed by Austin & Rebecca Viall addresses the 244th Omnibus Objection to Claims (Late Filed Claims) in addition to the 215th Omnibus Objection to Claims.  The GUC Trust had objected to a separate claim filed by Austin & Rebecca Viall (Claim No. 70910) pursuant to the 244th Omnibus Objection to Claims, which has since been expunged (ECF No. 11290).

US_ACTIVE:\44043621\2\99910.6325

| | | | | |
|---|---|---|---|---|
| 215 | Austin & Rebecca Viall | 70909 | 11063[2] | "The Bar Date of 11/30/2009 was never mentioned during our purchasing process of the GM stock."<br><br>"We never considered that GM and E-Trade would scheme up a fraudulent plan to cheat stock owners when GM was again listed on the stock market. We were never informed of the bankruptcy until notified by the Garden Group." |

---

[2] ECF No. 11063 filed by Austin & Rebecca Viall addresses the 244th Omnibus Objection to Claims (Late Filed Claims) in addition to the 215th Omnibus Objection to Claims. The GUC Trust had objected to a separate claim filed by Austin & Rebecca Viall (Claim No. 70910) pursuant to the 244th Omnibus Objection to Claims, which has since been expunged (ECF No. 11290).

2