**HEARING DATE AND TIME: November 19, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 12, 2012 at 4:00 p.m. (Eastern Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026** (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------------x | | |

**NOTICE OF 287TH OMNIBUS OBJECTION TO CLAIMS**
**(Contingent Co-Liability Claims)**

**PLEASE TAKE NOTICE** that on October 11, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011, filed an omnibus objection to disallow and expunge certain claims (the "**287th Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 287th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District

US_ACTIVE:\44105555\2\72240.0639

of New York, One Bowling Green, New York, New York 10004, on **November 19, 2012 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 287TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 287th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

2

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be

received no later than **November 12, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 287th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 287th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 11, 2012
       New York, New York

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**HEARING DATE AND TIME: November 19, 2012 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 12, 2012 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :    09-50026 (REG)
        f/k/a General Motors Corp., et al.    :
                                              :
                            Debtors.          :    (Jointly Administered)
                                              :
------------------------------------------------------------x
```

### 287TH OMNIBUS OBJECTION TO CLAIMS
**(Contingent Co-Liability Claims)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above captioned debtors (collectively, the "**Debtors**") in connection with the *Debtors' Second

Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, supplemented or

modified from time to time, the "**Plan**"), respectfully represents:

**Relief Requested**

1.      The GUC Trust files this omnibus objection to certain claims (the "**287th Omnibus Objection to Claims**") pursuant to sections 502(b) and 502(e)(1)(B) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

2.      Representatives of the GUC Trust have examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Contingent Co-Liability Claims**") assert claims that are subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the GUC Trust seeks entry of an order disallowing and expunging the Contingent Co-Liability Claims from the claims register.

**Jurisdiction**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]  Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases at www.motorsliquidation.com. Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

2

**Background**

4.      On June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG).

5.      On October 6, 2009, this Court entered the Procedures Order, which, *inter alia*, authorizes "the Debtors, and other parties in interest" to file omnibus objections to claims under various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order. The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that are "objectionable under section 502(e)(1) of the Bankruptcy Code." (Procedures Order at 2.)

6.      On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of the Plan provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including, resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

7.      All of the Contingent Co-Liability Claims seek reimbursement and/or contribution from the Debtors, were filed by holders of claims that are co-liable with the Debtors to a third party, and are contingent upon the resolution of lawsuits that are pending or to be asserted in

3

the future.  Therefore, pursuant to section 502(e)(1)(b), the Contingent Co-Liability Claims should be disallowed in their entirety.

## The Relief Requested Should Be Approved by the Court

### I.    The Contingent Co-Liability Claims Should be Disallowed Under Section 502(e)(1)(B)

8.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(e)(1)(B) of the Bankruptcy Code provides, in relevant part, that the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution."  11 U.S.C. § 502(e)(1)(B).  This Court has expunged claims filed in these cases pursuant to section 502(e)(1)(B).  *See e.g.* Transcript of May 31, 2012 Hearing at 23-28, *In re Motors Liquidation Company, et al.*, Case No. 09-50026 (Bankr. S.D.N.Y. May 31, 2012) (ECF No. 11803).[2]

9.    There are two distinct policies behind section 502(e)(1)(B).  First, section 502(e)(1)(B) prevents competition for the limited proceeds of the estate by precluding redundant recoveries by multiple parties on the same underlying claim.  *Aetna Cas. & Surety Co. v. Ga. Tubing Co. (In re Chateaugay Corp.)*, No. 93-3659, 1995 WL 429018, at *3 (S.D.N.Y. July 20, 1995) (citations omitted).  Second, section 502(e)(1)(B) furthers the administration of bankruptcy

---

[2] Copies of the transcript from the May 31, 2012 hearing can be obtained by contacting Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust (Attn: Edward Wu; edward.wu@weil.com; (212) 310-8322).

4

cases by preventing "contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or *a final distribution in a liquidating case*." *In re GCO Serv. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (emphasis added); *see also In re Alper Holdings USA*, No. 07-12148, 2008 WL 4186333, at *7 (Bankr. S.D.N.Y. Sept. 10, 2008) (citations omitted); *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (section 502(e)(1)(B) enables "distribution to unsecured creditors without a reserve for these types of contingent claims when the contingency may not occur until after the several years it often takes to litigate the underlying lawsuit").

10.    As this Court held in *In re Chemtura Corp.,* for a claim to be disallowed under section 502(e)(1)(B), three elements must be satisfied: "(1) the claim must be for reimbursement or contribution; (2) the party asserting the claim must be liable with the debtor on the claim of a third party; and (3) the claim must be contingent at the time of its allowance or disallowance." *In re Chemtura Corp.*, 436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010); *see also GCO Serv.,* 324 B.R. at 465 (citations omitted); *Wedtech*, 85 B.R. at 289 (citation omitted).  As discussed below, each of these three elements is satisfied with respect to the Contingent Co-Liability Claims.

    **A.**   **The Contingent Co-Liability Claims Seek Reimbursement and/or Contribution**

11.    It is clear that the definition of contribution or reimbursement for the purposes of section 502(e)(1)(B) is broad.  Courts have held that any claim for reimbursement or contribution, whether arising through common law, contract, or statute, is subject to disallowance under section 502(e)(1)(B).  *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 98, 101 (Bankr. S.D.N.Y. 1992) (applying section 502(e)(1)(B) to common law theories of contribution); *Alper Holdings*, 2008 WL 4186333, at *5 (applying to contractual claim for indemnification); *In re N.Y. Trap Rock Corp.*, 153 B.R. 648, 651 (Bankr. S.D.N.Y. 1993) (noting a claim for contribution under CERCLA may be disallowed under section 502(e)(1)(B)); *In re Amatex Corp.*, 110 B.R. 168, 171

5

(Bankr. E.D. Pa. 1990) ("Congress clearly meant to include all situations where indemnitors or contributors could be liable with the debtor within the scope of § 502(e)(1)(B)."). Significantly, for purposes of section 502(e)(1)(B), a claim for indemnification constitutes a claim for reimbursement. *Alper Holdings*, 2008 WL 4186333, at *5 (citing *Wedtech*, 85 B.R. at 290; *GCO Serv.,* 324 B.R. at 465); *see also In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 982, 986 (Bankr. S.D.N.Y. 1992) ("*Drexel II*") ("courts have always recognized the application of § 502(e)(1)(B) to contractual claims for reimbursement which remain contingent").

12. As noted above, all of the Contingent Co-Liability Claims were filed by claimants who are co-liable with the Debtors on claims of third parties and are seeking contingent and unliquidated contribution or reimbursement amounts from the Debtors with respect to those third party claims. While certain of the Contingent Co-Liability Claims may be based upon common law theories of contribution while others are premised upon a contractual right to reimbursement or indemnification, the case law, as set forth above, clearly indicates that all such claims fall within the purview of section 502(e)(1)(B). Accordingly, the first element of section 502(e)(1)(B) is readily established.

**B.    Holders of Contingent Co-Liability Claims Are Co-Liable with the Debtors**

13. As to the second element that the party asserting the claim must be co-liable with a debtor on the claim of a third party, courts have stated that this requirement is to be interpreted broadly and may be satisfied upon a finding that "the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor *could be* liable but for the automatic stay." *Chemtura*, 436 B.R. at 295 (quoting *Wedtech*, 85 B.R. at 290) (emphasis added); *see also In re Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985) ("The phrase 'an entity that is liable with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever its basis."). A claimant may be co-liable with a debtor even where the underlying plaintiff fails to

6

file a proof of claim against the debtor, *Chemtura*, 436 B.R. at 294, and even after the bankruptcy court disallows the underlying plaintiff's claim against the debtor, *Alper Holdings*, 2008 WL 4186333, at *6-7 (noting disallowance under section 502(e)(1)(B) is not limited to instances where its use would prevent "double recoveries" against the estate).

14.   Each of the Contingent Co-Liability Claims satisfies the requirement that its holder is co-liable with the Debtors on the underlying claim of a third party.  All of the Contingent Co-Liability Claims are based upon the claim or potential claim of an underlying plaintiff, under which both the holder of the Contingent Co-Liability Claim and the Debtors may be found liable.  As such, the second element is satisfied with respect to each of the Contingent Co-Liability Claims.

    C.   **The Contingent Co-Liability Claims Are Contingent**

15.   The third and final element is that the claim must be contingent at the time of its disallowance and may be satisfied by a finding that a debtor's legal duty to pay has not yet arisen and will only exist "after it is triggered by the occurrence of a future event." *Alper Holdings*, 2008 WL 4186333, at *5.  The law is "well-settled that the claim of a co-liable party under [section] 502(e)(1)(B) is contingent until the claimant has made payment on its underlying claim to the principal creditor and thereby fixes his own right to payment from the debtor." *In re Eagle-Pitcher Indus., Inc.*, 144 B.R. 765, 769 (S.D. Ohio 1992) (citations omitted); *see Chateaugay,* 1995 WL 429018, at *3 (finding a claim to be contingent under section 502(e)(1)(B) because the claimant did not pay the underlying obligation); *Drexel II*, 148 B.R. at 987 (same).  In order for a claim to be disallowed under section 502(e)(1)(B), the claim need only be contingent as of the date of the court's ruling to disallow the claim. *GCO Serv.*, 324 B.R. at 466; *Alper Holdings*, 2008 WL 4186333, at *5.

16.   All of the Contingent Co-Liability Claims appear to be contingent for the very reason that the proofs of claim do not indicate that the holders of such claims have made

7

payment on the underlying obligation for which they seek contribution or indemnification from the Debtors. As such, based on all available information, no right to payment has arisen on these contingent claims to date, and it may later be revealed that holders of Contingent Co-Liability Claims may not even be liable themselves on the underlying obligation.

17. As the Contingent Co-Liability Claims satisfy each of the three elements under section 502(e)(1)(B), they must be disallowed in their entirety and expunged from the claim register.

## Reservation of Rights

18. The GUC Trust reserves the right to object to any of the Contingent Co-Liability Claims that are not disallowed in their entirety for any reason.

## Notice

19. Notice of this 287th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

8

## **Conclusion**

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 11, 2012
      New York, New York

    /s/ Joseph H. Smolinsky
    Harvey R. Miller
    Stephen Karotkin
    Joseph H. Smolinsky

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Motors Liquidation
      Company GUC Trust

**287th Omnibus Objection**              **Exhibit A**              **Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG), Jointly Administered**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GCW MEDIA SERVICES INC<br>C/O CHRISTOPHER DELFINO<br>621 CAPITOL MALL 18TH FLOOR<br>SACRAMENTO, CA 95814 | 60675 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$402,500.00 (U)<br>$402,500.00 (T) | 502(e)(1)(b) | Pgs. 1-9 |
| LINDEN DEVELOPMENT LLC<br>C/O LOUIS F SOLIMINE<br>THOMPSON HINE LLP<br>312 WALNUT ST STE 1400<br>CINCINNATI, OH 45202 | 70290 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$6,600,000.00 (U)<br>$6,600,000.00 (T)<br><br>Unliquidated | 502(e)(1)(b) | Pgs. 1-9 |
| LOCKHEED MARTIN CORPORATION<br>C/O HANGLEY ARONCHICK SEGAL & PUDLIN<br>ATTN MATTHEW A HAMERMESH ESQ & STEVEN T MIANO ESQ<br>ONE LOGAN SQUARE 27TH FLOOR<br>PHILADELPHIA, PA 19103<br>UNITED STATES OF AMERICA | 43846 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$12,498,818.63 (U)<br>$12,498,818.63 (T)<br><br>Unliquidated | 502(e)(1)(b) | Pgs. 1-9 |

Note: Surviving Claim Creditor: United States Environmental Protection Agency (Claim # 64064)

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SYRACUSE CHINA COMPANY<br>C/O DUSTIN P ORDWAY ESQ<br>ORDWAY LAW FIRM<br>300 OTTAWA AVENUE NW SUITE 801<br>GRAND RAPIDS, MI 49503 | 59968 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$12,498,818.63 (U)<br>$12,498,818.63 (T)<br><br>Unliquidated | 502(e)(1)(b) | Pgs. 1-9 |

Note: Surviving Claim Creditor: United States Environmental Protection Agency (Claim # 64064)

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

287th Omnibus Objection **Exhibit A** <u>Motors Liquidation Company, et al.</u>

Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| WAYNE COUNTY AIRPORT AUTHORITY<br>C/O BODMAN LLP<br>ATTN: BRIAN R TRUMBAUER<br>6TH FLOOR AT FORD FIELD<br>1901 ST ANTOINE STREET<br>DETROIT, MI 48226 | 71254 | Motors Liquidation Company | Unliquidated | 502(e)(1)(b) | Pgs. 1-9 |
| | 5 | | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$32,000,137.26 (U)<br>$32,000,137.26 (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

HEARING DATE AND TIME: November 19, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: November 12, 2012 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **09-50026 (REG)**
  f/k/a General Motors Corp., *et al.* : 
: 
Debtors. : **(Jointly Administered)**
: 
-----------------------------------------------------------------x

# ORDER GRANTING 287TH OMNIBUS OBJECTION TO CLAIMS
**(Contingent Co-Liability Claims)**

Upon the omnibus objection to expunge certain claims, dated October 11, 2012 (the "**287th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, supplemented or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Contingent Co-Liability Claims on the ground that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the 287th Omnibus Objection to Claims; and due and proper notice of the 287th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 287th Omnibus Objection to Claims.

US_ACTIVE:\44105555\2\72240.0639

and the Court having found and determined that the relief sought in the 287th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 287th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 287th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2012

_____
United States Bankruptcy Judge

2