# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

In Re: MOTORS LIQUIDATION CORP -    Case # 09-50026    <RG>

DEBTOR

## NOTICE OF MOTION AND MOTION FOR RELIEF UNDER RULE 60

SIRS/MADAM:

Please take Notice, that William Kuntz, III who appears here Pro Se, will move upon the Annexed Papers for an Order Under the Rule 60 of the FRCP for an Order of the Court re-instating his Proof of Claims in the above Captioned Matter.

Please take Notice, that the Court may Rule with or without Papers in Opposition and with or without a Hearing.

Respectfully,

William Kuntz, III

India st PO Box 1801 Nantucket Island, Ma 02554-1801\

508-775-5225

Oct 14, 2012

Hyannis, Mass

RECEIVED
OCT 17 2012
U.S. BANKRUPTCY COURT
SD. DIST. OF NEW YORK

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In Re: MOTORS LIQUIDATION CORP -   Case # 09-50026   <RG>

DEBTOR

## MOTION FOR RELIEF UNDER RULE 60

Now comes William Kuntz, III who appears here Pro Se and respectfully moves the Court for an Order reinstating his 3 small claims.
As the Court may recall, and as illustrated in Claimants letter to the Court dated Nov 3, 2011; the Court had no kind words for Claimant and had more or less pre-judged Claimant before the Hearing. Drawing from others Cases, where the facts were completely different The Court almost presumed that Claimant's proofs of Claims were Invalid, based upon 1) the unproved allegation that the Debtor had 'analyzed' the Claims and 2) upon the apparent defect in the Data base of the Debtor that only revealed the first page of the Proof of Claim rather that the entire Document.
Claimant finds it remarkable that a Seasoned Jurist would apply a cookie cutter kind of review of others cases and then apply it here.

## CFS

For example, in the CFS Case in Oklahoma before Judge Rasure. Claimant had a Credit Card Account with the First American Bank in Washington, DC. First American failed and was taken over by the FDIC and the Account was sold to Key Bank of New York for about $500. Mr. Goldberg, an Attorney for Key Bank of New York with an Office in Syracuse, NY filed Suit in New York Supreme Court in Essex County, NY and obtained a Judgment. Subsequent to that, Key Corp And Society Bank in Cleveland merged and the Account was sold to Commercial Financial Services in Okla. Notwithstanding the sale of the Account, Mr. Goldberg proceeded to attempt vexing Collection Activity in New York while simultaneously CFS was also 'working the account' so to speak. CFS filed Bankrutpcy and most of the rest is a matter of Record both in the Court and in the Press. Exhibit 1. Key Bank of New York surrendered it's Charter and the Testimony in Oklahoma was that Key Bank USA NA(Toledo,Ohio) Purchased the account on a going forward basis as a holder-in-due course.

**LEHMAN**

As the Court also noted, Claimant appeared in Lehman and without going into all that as it is on Appeal Exhibit 2 suffice it to say that Claimant appeared based upon his ownership of Securities issued by the Grand Union Capital Corp.

**MLC**

In this case, aside from the alleged review conducted by the Debtor the 3 small claims rest upon Claimants personal interactions with 3 Dealerships of the Debtor. Each Dealership, Smedley's, G Stone Motors and Reynolds were in good standing with the Debtor. There came a time where Reynolds lost it's franchise, but Debtor's Counsel has been unwilling or unable to provide that information.

Claimant filed 3 Claims, each with specific factual elements. With respect to Smedleys, the Debtor conducted a mailing campaign offering a Gas Card for Potential Buyers to visit the Dealership on an interest in buying Silverado Pickup Trucks. Claimant did visit the Dealership applied for financing with the Debtor's then capitive Finance Company GMAC. Claimant was never sent the promised Gas Card.

The Second Claim was with respect to Claimant's C-30 Chevy Box Truck. This truck was purchased new by Claimants Uncle and Claimant purchased it and released it to his Uncle in an effort to bolster the Business in Hilton Head, SC. After that Business closed, Claimant removed the truck to New York and retitled it in Montana. There came a time when the Truck needed repairs and Claimant had it towed to the local GM Dealer, G Stone Motors. For reasons known more to

the Dealer, the Truck was towed back to New York and left in Claimants Front Yard across the sidewalk of His House. ( see William Kuntz,iii-vs-Town of Westport, NY ) Upon the release of the Truck from the Impound by the Town of Westport the Truck was towed to Reynolds Chevy in Willsboro, NY wherein Claimant paid for repairs. The Truck subsequently went missing and Mr. Reynolds claims that the Town of Willsboro, NY had it removed. There came a time when Mr. Reynolds was under significant pressure from the Debtor to enter the Small Dealer Exit Program. To this end, Claimant provided an item of Office Equiptment, the 3rd Claim. There came a time When the Debtor in concert with its captive finance company GMAC conducted a 'shutdown raid' of Mr. Reynolds Franchise, removing all the floor planned Cars, Signs, Computer System and so forth. It appears that the drawers of the Equipment containing Dealership Records went missing at that time, apparently removed by Debtors Employee's and rendering the Office Equipment unusable and hence worthless. Subsequent to these events, GM/MLC filed Bankruptcy Protection and Claimant filed timely proof of Claims.

## FAILURE OF SERVICE

There came a time when the Debtor filed an Objection to these Claims The 248th Omnibus and Claimant filed a timely reply. On the eve of the Hearing, Debtors Counsel commenced a frantic effort to serve it's Reponse upon Claimant, which resulted in any number of comedic Antics including flooding the Fax Machine the Motel on Cape Cod

where Claimant was spending what is called the 'Shoulder Season' and ultimately ending in having Documents sent from New York to Seattle? By electronic means, then back overnight to the East Coast arriving on Nantucket, Mass according to record some 5 minutes before the hearing was to commence in New York City. Exhibit 3

In so far as the Court might be disposed to support the Counsel for the Debtor, it is not free to ignore the Federal Rules of Civil Procedure at a whim. It would appear that Rule 6 applies and it provides for service counted in days, not minutes and accordingly it was egregious error for the Court to Consider the Papers of Counsel for the Debtor in any respect.

Accordingly the Court should reinstate the 3 Claims.


Respectfully,

William Kuntz, III

India st PO Box 1801 Nantucket Island, Ma 02554-1801\

508-775-5225

Oct 14, 2012

Hyannis, Mass

# New Participant Testifies In CFS Bankruptcy Case

- TULSA - A participant who had previously avoided appearing in bankruptcy proceedings of Commercial Financial Services Inc. testified this week in the U.S. Bankruptcy Court for the Northern District of Oklahoma.

William Kuntz III had to appear or be denied further consideration in the case as attorneys and the court attempt to unsnarl the CFS legacy. The company once had 3,500 employees in Tulsa and Oklahoma City working to collect delinquent credit card debt with a face value of about $1.8 billion. Whether Kuntz, a failed 1992 congressional candidate who financed his campaign with a credit card, will be allowed to continue his pleadings is still to be determined by Dana L. Rasure, the district's chief bankruptcy judge. Kuntz told the court that when he ran for Congress in northern New York, he used a Visa card issued by a Washington, D.C., bank. Key Bank later acquired the loan and sought $11,000 from Kuntz. The bank received a judgment in a New York state court against Kuntz, but the loan was sold to CFS, which was asking for payments totaling $6,000.

So there were "two parties trying to collect on the same debt," said Kuntz, who complained about "the wayward course this case (CFS) has taken." When questioned by CFS lawyer Neal Tomlins, Kuntz said, "I didn't think it proper that there be a dual track collection effort."

Kuntz said he had been involved in about eight other bankruptcy cases that he could name - Penn Central and Greyhound among them - and "a few others" that he could not recall by name.

Caroline Benediktson, general counsel for CFS, testified that CFS acquired the Kuntz account in December 1996, sent him a written notification in February 1997 and made its first call to him the next month.

In June, Kuntz notified CFS that he was being sued by the bank. CFS "stopped all collection efforts," she said. The debt was repurchased by Key Bank in September.

#1

When questioned by Tomlins about the statue of limitations in such matters, Kuntz shouted "objection" from the witness box.

Later when Rasure told Kuntz he could take a seat he continued to stand. The court's marshal repeated the order several times before Kuntz finally sat down. Rasure set a recess and the marshal ordered Kuntz into the corridor where the court rules on decorum were explained in firm tones.

CFS contended that Kuntz had a one-year statute of limitation to make his objections and that year expired in September 1998, before CFS entered bankruptcy.

CFS filed for bankruptcy on Dec. 11, 1998; Kuntz made his first filing 10 days later. Of the 1,189 documents filed through Tuesday, he has entered more than 25.

If Rasure rules in favor of CFS all his motions and objections will no longer be considered and he will no longer be able to file documents in the case. If she rules in favor of Kuntz his motion for an appointment of a trustee for CFS will be heard Sept. 21.

*Archive ID: 774804*

Read more:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re
Lehman Brothers Holdings Inc.
Debtor
Lehman Brothers Holdings Inc.
Appellant
William Kuntz, III

          -against-         SCHEDULING ORDER
                                 12cv5621 (GBD)

Appellee
Lehman Brothers Holdings Inc.
------------------------------------------------------------X
GEORGE B. DANIELS, District Court Judge:

      An appeal of an Order of the Bankruptcy Court of the Southern District of New York having been filed and both appellant and appellee having submitted their designation of record on appeal, it is hereby,

      ORDERED, that appellant's memorandum of law in support of its appeal shall be submitted by **September 18, 2012**, appellees' opposition shall be submitted by **October 16, 2012**, and appellant's reply shall be submitted by **November 13, 2012**.

      IT IS FURTHER ORDERED that when filing any papers with the Court, the parties shall provide one courtesy copy to United States Courthouse, 500 Pearl Street, New York, New York 10007.

Dated: New York, New York
       August 17, 2012

                                              SO ORDERED:

                                              _____
                                              George B. Daniels, USDJ

#2

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:12-cv-05621-GBD

| | |
|---|---|
| In Re: Lehman Brothers Holdings Inc. | Date Filed: 07/23/2012 |
| Assigned to: Judge George B. Daniels | Jury Demand: None |
| Case in other court: USBC-SDNY, 08-B-13555 (JMP) | Nature of Suit: 422 Bankruptcy Appeal (801) |
| Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA | Jurisdiction: Federal Question |

**In Re**

Lehman Brothers Holdings Inc.

**Debtor**

Lehman Brothers Holdings Inc.

**Appellant**

| | | |
|---|---|---|
| William Kuntz, III | represented by | William Kuntz, III<br>India St.<br>PO Box 1801<br>Nantucket, MA 02554-1801<br>PRO SE |

V.

**Appellee**

| | | |
|---|---|---|
| Lehman Brothers Holdings Inc. | represented by | Robert Justin Lemons<br>Weil, Gotshal & Manges LLP (NYC)<br>767 Fifth Avenue, 25th Fl.<br>New York, NY 10153<br>212/ 310-8000<br>Fax: (212)-310-8007<br>Email: robert.lemons@weil.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2012 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge James M. Peck Bankruptcy Court Case Numbers: 08-B-13555 (JMP). Certified copies of file received. Document filed by William Kuntz, III. Appellant Brief due by 8/10/2012.(bkar) (Entered: 07/23/2012) |
| 07/23/2012 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal.. Document filed by Appellant William Kuntz, III. (bkar) (Entered: 07/23/2012) |



| Date | Description |
|---|---|
| 10/21/2011 | Response/Reply to Objection to Claims filed by William Kuntz III. (Ho, Amanda) (Entered: 10/21/2011) |
| 10/25/2011 | Response/Reply to Response of William Kuntz to 248th Omnibus Objection to Claims (related document(s) 11064) filed by Barry N. Seidel on behalf of Motors Liquidation Company GUC Trust. (Attachments: #1 Exhibit A #2 Exhibit B #3 Exhibit C #4 Exhibit D) (Seidel, Barry) (Entered: 10/25/2011) |
| 10/27/2011 | Affidavit of Service of Barbara Kelley Keane of Reply to Response of William Kuntz to 248th Omnibus Objection to Claims (Insufficient Documentation) (related document(s) 11064) filed by Jeffrey S. Stein on behalf of The Garden City Group, Inc. (Stein, Jeffrey) (Entered: 10/27/2011) |
| 10/27/2011 | Response of Claimant, William Kuntz III to Debtors Counsel's Paper filed by William Kuntz III. (Ho, Amanda) (Entered: 10/27/2011) |
| 10/31/2011 | Notice of Proposed Order Granting Debtors' Objection to Proof of Claim Numbers 1092, 1093 and 1398 filed by William Kuntz III, filed by Barry N. Seidel on behalf of Motors Liquidation Company GUC Trust, with presentment to be held on 11/10/2011 at 12:00 PM at Courtroom 621 (REG) Objections due by 11/10/2011. (Seidel, Barry) (Entered: 10/31/2011) |
| 10/28/2011 | Certificate of Mailing filed by William Kuntz III. (Ho, Amanda) (Entered: 11/01/2011) |
| 11/02/2011 | Affidavit of Service of Barbara Kelley Keane of Notice of Presentment of Proposed Order Granting Debtors' Objection to Proof of Claim Numbers 1092, 1093 and 1398 Filed by William Kuntz III (related document(s) 11098) filed by Jeffrey S. Stein on behalf of The Garden City Group, Inc. (Stein, Jeffrey) (Entered: 11/02/2011) |
| 11/03/2011 | Affidavit of Service of Barbara Kelley Keane of Letter from Stefanie Birbrower Greer, Dickstein Shapiro LLP, counsel for Motors Liquidation Company GUC Trust, to United States Bankruptcy Judge Robert E. Gerber, United States Bankruptcy Court, Southern District of New York, dated November 2, 2011, regarding and enclosing Proof of Claims Nos. 1092, 1093 and 1398 of William Kuntz (related document(s) 11074) filed by Jeffrey S. Stein on behalf of The Garden City Group, Inc. (Stein, Jeffrey) (Entered: 11/03/2011) |
| 11/04/2011 | Letter dated 11/3/2011 Re: Proof of Claim filed by William Kuntz III. (Ho, Amanda) (Entered: 11/07/2011) |
| 11/09/2011 | Order signed on 11/9/2011 Granting 248th Omnibus Objection As To Claim Numbers 1092, 1093 And 1398 Filed By William Kuntz III. (related document(s) 10941) (Blum, Helene) (Entered: 11/09/2011) |
| 11/11/2011 | Affidavit of Service of Barbara Kelley Keane of Order Granting 248th Omnibus Objection As To Claim Numbers 1092, 1093 and 1398 Filed by William Kuntz III (related document(s) 10941) filed by Jeffrey S. Stein on behalf of The Garden City Group, Inc. (Stein, Jeffrey) (Entered: 11/11/2011) |