**PRESENTMENT DATE AND TIME: November 26, 2012 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: November 26, 2012 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**MOTORS LIQUIDATION COMPANY, *et al.*,**                      :    **09-50026 (REG)**
       **f/k/a General Motors Corp., *et al.***                :
                                                               :
                       Debtors.                                :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND
AGREED ORDER BETWEEN MOTORS LIQUIDATION COMPANY GUC
TRUST AND UNITED STATES OF AMERICA REGARDING CLAIM NO. 45838**

**PLEASE TAKE NOTICE** that the annexed *Stipulation and Agreed Order Between Motors Liquidation Company GUC Trust and United States of America Regarding Claim No. 45838*, dated November 1, 2012 (the "**Stipulation and Agreed Order**"), will be presented by the Motors Liquidation Company GUC Trust (the "**GUC Trust**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 26, 2012 at 12:00 noon** (**Eastern Time**).

**PLEASE TAKE FURTHER NOTICE** that any objections to the Stipulation and Agreed Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, and (xvi) Paul Hastings LLP, attorneys for Rolls-Royce Corporation, 75 East 55th Street, New York, New York, 10022 (Attn: Harvey A. Strickon), so as to be received no later than **November 26, 2012 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Stipulation and Agreed Order, the GUC Trust may, on or after the Objection Deadline, submit the Stipulation and Agreed Order to the Bankruptcy Court, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       November 6, 2012

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
    Company GUC Trust

4

PRESENTMENT DATE AND TIME:  November 26, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE:  November 26, 2012 at 11:30 a.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :    09-50026 (REG)
    f/k/a General Motors Corp., et al.        :
                                              :
                  Debtors.                    :    (Jointly Administered)
                                              :
------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER**
**BETWEEN MOTORS LIQUIDATION COMPANY GUC TRUST**
**AND UNITED STATES OF AMERICA REGARDING CLAIM NO. 45838**

This Stipulation and Agreed Order (the "**Stipulation**") is entered into as of November 1, 2012 (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**") and the United States of America (the "**United States**" and together with the GUC Trust, the "**Parties**").

**RECITALS**

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliated debtors (collectively with Motors Liquidation Company, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on November 25, 2009, the United States filed Proof of Claim No. 45838 (the "**Claim**") in the amount of $2,185,000 (the "**Claim Amount**") on account of certain

alleged overpayments by the Department of Defense of the United States to Motors Liquidation Company relating to pension cost reimbursements, all as more fully explained in the Claim;

WHEREAS, on March 29, 2011, the Court entered the *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan* (the "**Confirmation Order**"), which, among other things, (i) confirmed the *Debtors' Second Amended Joint Chapter 11 Plan* (as may be amended, modified, or supplemented, the "**Plan**"); (ii) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the and GUC Trust Administrator, or the Avoidance Action Trust Administrator (as defined in the Plan) retains sole and exclusive authority to pursue in accordance with the Plan (the "**Plan Injunction**"); and (iii) authorized the GUC Trust to resolve certain claims against the Debtors, including the Claim;

WHEREAS, pursuant to the *Assignment and Assumption Agreement* between Motors Liquidation Company and the Motors Liquidation Company GUC Trust, dated December 15, 2011, the GUC Trust was assigned, among other things, all rights of setoff held by Motors Liquidation Company with respect to claims filed against the Debtors;

WHEREAS, Section 5.7 of the Plan provides that "[n]othing in the Plan shall limit or affect any right of the United States to offset (subject to obtaining Bankruptcy Court approval to the extent required) any obligation owed by the United States to the Debtors against any obligation owed by the Debtors to the United States";

WHEREAS, the Parties have identified that the Claim may be partially reduced by the amount of $1,194,614.65 (the "**Setoff Amount**") through an offset of the following

2

obligations owed by the United States to the Debtors (the "**Setoff**"): (i) $694,614.65 due by the United States on account of the prepetition fulfillment by the Debtors of certain purchase orders with the Department of Defense of the United States as to which the Debtors have not received payment, and (ii) certain tax refunds due by the United States on account of the Debtors' prepetition tax periods, of which the United States has allocated $500,000 to be applied to the Claim;

WHEREA, in accordance with Section 6.10 of the Plan, each of the Debtors were dissolved by December 15, 2011;

WHEREAS, the Parties are entering into this Stipulation to resolve the Claim by allowing the Claim as a general unsecured claim equal to the Claim Amount less the Setoff Amount;

NOW, THEREFORE, after good-faith, arms-length negotiations, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be reduced on account of the Setoff and allowed as a Class 3 general unsecured claim in the amount of $990,385.35 to be treated in accordance with the Plan.

2. The injunctions created under section 362 of the Bankruptcy Code (the **Automatic Stay**") and the Plan Injunction are modified solely to the extent necessary to permit the United States to effectuate the Setoff. Except as provided in this Stipulation or any prior Orders of this Court, the provisions of the Automatic Stay and the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and Confirmation Order prohibiting execution, enforcement, or collection of any judgment against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. With the exception of the right to receive distributions on account of the allowance of the Claim pursuant to this Stipulation and the Plan, the United States fully, finally, and forever releases, relinquishes and discharges the Debtors, the GUC Trust, their estates, employees and agents, from all liabilities, damages, rights, and causes of action of every nature, whether known or unknown, asserted or unasserted, with respect to the Claim.

4. The claims agent in the Debtors' chapter 11 cases shall be authorized and empowered to adjust the claims register in accordance with this Stipulation.

5. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

6. This Stipulation may not be modified other than by signed writing executed by the Parties hereto.

7. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the United States and, to the extent that state law is applicable, the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise

relating to this Stipulation.

*[Signature Page Follows]*

**MOTORS LIQUIDATION COMPANY GUC TRUST**

By:  AlixPartners LLP, *as attorney-in-fact on behalf of Wilmington Trust Company, acting solely in its capacity as trustee and trust administrator of the Motors Liquidation Company GUC Trust*

By: /s/ Barry J. Folse
Print Name: Barry J. Folse
Title: Managing Director
Dated: November 1, 2012




**THE UNITED STATES OF AMERICA**

By:  /s/ David S. Jones
PREET BHARARA
UNITED STATES ATTORNEY FOR
THE SOUTHERN DISTRICT OF NEW YORK
David S. Jones
Assistant U.S. Attorney
86 Chambers Street, Third Floor
New York, NY  10007
(212) 637-2739

Date: October 25, 2012




**IT IS SO ORDERED**
Dated: _____, 2012
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

6

US_ACTIVE:\44113313\3\72240.0639