HEARING DATE AND TIME: December 13, 2012 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: December 6, 2012 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :   **Chapter 11 Case No.**
**In re**                                                    :
                                                             :   **09-50026 (REG)**
**MOTORS LIQUIDATION COMPANY**, *et al.*                     :
    f/k/a General Motors Corp., *et al.*,                    :
                                                             :   **(Jointly Administered)**
    **Debtors.**                                             :
                                                             :
------------------------------------------------------------ x

**NOTICE OF 289th OMNIBUS OBJECTION TO CLAIMS**
**(No Liability Claims)**

      **PLEASE TAKE NOTICE** that on November 9, 2012, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011, filed an omnibus objection to expunge certain claims (the "**289th Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 289th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the

DOCSNY-521619

Southern District of New York, One Bowling Green, New York, New York 10004, on **December 13, 2012 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 289th OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 289th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York 10019 (Attn: Barry N. Seidel, Esq. and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be

received no later than **December 6, 2012, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 289th Omnibus Objection to Claims or any claim set forth thereon, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 289th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  November 9, 2012
        New York, New York

*/s/ Stefanie Birbrower Greer*____
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation Company GUC Trust

HEARING DATE AND TIME: December 13, 2012 at 9:45 a.m. (Eastern Time),
RESPONSE DEADLINE: December 6, 2012 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
Dickstein Shapiro LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------- x | |
| In re : | Chapter 11 Case No. |
| : | |
| : | 09-50026 (REG) |
| **MOTORS LIQUIDATION COMPANY,** *et al.* : | |
| f/k/a General Motors Corp., *et al.*, : | |
| : | **(Jointly Administered)** |
| **Debtors.** : | |
| : | |
| ------------------------------------------------------- x | |

**289th OMNIBUS OBJECTION TO CLAIMS**
**(No Liability Claims)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1.  The GUC Trust files this 289th omnibus objection to certain claims (the "**289th Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto (collectively, the "**No Liability Claims**").[1]

2.  Representatives of the GUC Trust have examined the three No Liability Claims identified on **Exhibit "A"** and have determined that such proofs of claim seek recovery for amounts for which the Debtors are not liable. Claim No. 2244, filed by Raymond J. Klass (the **"Klass Claim"**), is a claim against the Debtors for worker's compensation payments that General Motors Corp. ("**New GM**") has confirmed are the obligation of, and are currently being made by, New GM. Claim No. 27347, filed by Marietta Reed (the **"Reed Claim"**), is based on a civil rights complaint filed with the Ohio Civil Rights Commission that was dismissed by entry of a final order. Claim No. 23134, filed by Sikora GMBH (the "**Sikora Claim**"), seeks recovery for the same invoice as Claim No. 1161 that was filed by Sikora GMBH, which has already been allowed. As set forth more fully herein, the No Liability Claims are not entitled to recovery.

---

[1] Creditors can obtain copies of the cover page of any proof of claim against the Debtors' bankruptcy estates on the Debtors' claims register on the website (www.motorsliquidation.com) maintained by the Debtors' claims agent. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017, or by phone at 1-703-286-6401.

3. Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Procedures Order, the GUC Trust seeks entry of an order disallowing and expunging the No Liability Claims from the claims register. Further, the GUC Trust reserves the right to object on an alternative basis to any of the No Liability Claims as to which the Court does not grant the relief requested herein.

### Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

6. On October 6, 2009, this Court entered the Procedures Order, which authorizes parties in interest to, among other things, file omnibus objections to claims under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The Procedures Order specifically authorizes parties in interest to file omnibus objections to claims that "seek recovery of amounts for which the

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.

[3] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

3

Debtors are not liable." (Procedures Order at 2.)

**The Relief Requested Should Be Approved by the Court**

7. On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941). Section 6.2 of Article VI of the Plan, entitled "*The GUC Trust*," provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including resolving outstanding Disputed General Unsecured Claims (as defined in the Plan). All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

8. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9. Each of the No Liability Claims listed on **Exhibit A** seek recovery for amounts for which the Debtors are not liable. The Klass Claim asserts a claim against the Debtors for worker's compensation payments that New GM has confirmed are the obligation of, and are currently being made by, New GM. The civil rights complaint that the Reed Claim is based on has already been dismissed by a final order entered by the Ohio Civil Rights Commission. The Sikora Claim seeks recovery for the same invoice as another claim that was

filed by Sikora GMBH that has already been allowed. The GUC Trust submits that, because the No Liability Claims do not reflect obligations of the Debtors, they should be disallowed and expunged.

### Notice

10. Notice of this 289th Omnibus Objection to Claims has been provided to each claimant listed on **Exhibit "A"** and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

11. No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE the GUC Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 9, 2012
    New York, New York

                                                                 */s/ Stefanie Birbrower Greer*
                                                                 Barry N. Seidel (BS-1945)
                                                                 Stefanie Birbrower Greer (SG-2898)

                                                                DICKSTEIN SHAPIRO LLP
                                                                1633 Broadway
                                                                New York, New York 10019
                                                               Telephone: (212) 277-6500
                                                                Facsimile: (212) 277-6501

                                                                Attorneys for Motors Liquidation
                                                                Company GUC Trust

| 289th Omnibus Objection | | **Exhibit A** | | | Motors Liquidation Company, et al. |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RAYMOND J KLASS<br>201 E SMITH ST<br><br>BAY CITY, MI 48706-3876 | 2244 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$214.34  (U)<br>$214.34  (T)<br>Unliquidated | No Liability Claims | Pgs. 4-5 |
| REED MARIETTA<br>REED, MARIETTA L<br>2980 MALIBU DR SW<br>WARREN, OH 44481 | 27347 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$214,464.09  (U)<br>$214,464.09  (T) | No Liability Claims | Pgs. 4-5 |
| SIKORA GMBH<br>RUHLSDORFER STR 95 HAUS 81<br>STAHNSDORF BB 14532 GERMANY | 23134 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$11,437.85  (U)<br>$11,437.85  (T)<br>Unliquidated | No Liability Claims | Pgs. 4-5 |
| | **3** | | **$0.00**  (S)<br>**$0.00**  (A)<br>**$0.00**  (P)<br>**$226,116.28**  (U)<br>**$226,116.28**  (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re                                                        :   Chapter 11 Case No.
                                                             :
                                                             :   09-50026 (REG)
MOTORS LIQUIDATION COMPANY, et al.                           :
        f/k/a General Motors Corp., et al.,                  :
                                                             :   (Jointly Administered)
                        Debtors.                             :
                                                             :
------------------------------------------------------------ x
```

## ORDER GRANTING 289th OMNIBUS OBJECTION TO CLAIMS
### (No Liability Claims)

Upon the 289th Omnibus Objection to expunge certain claims, dated November 9, 2012 (the "**289th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11, United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the No Liability Claims on the grounds that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully described in the 289th Omnibus Objection to Claims; and due and proper notice of the 289th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 289th Omnibus Objection to Claims.

sought in the 289th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 289th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is:

ORDERED that the relief requested in the 289th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** annexed hereto are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on **Exhibit "A"** annexed to the 289th Omnibus Objection to claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                             United States Bankruptcy Judge