THOMPSON HINE LLP
Joseph B. Koczko, Esq.
335 Madison Ave, 12th Floor
New York, NY 10017
(212) 344-5680

and

Louis F. Solimine, Esq.
Suite 1400
312 Walnut Street
Cincinnati, Ohio 45202
(513) 352-6784

*Attorneys for Linden Development, LLC*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                            :
                                                                  :    Chapter 11
                                                                  :
MOTORS LIQUIDATION COMPANY, *et al.*                              :    Case Nos. 09-50026 (REG)
f/k/a General Motors Corp., *et al.*,                             :
                                    Debtors.                      :    Jointly Administered
                                                                  :
------------------------------------------------------------------x


### RESPONSE OF LINDEN DEVELOPMENT, LLC
### TO THE GUC TRUST'S 287th OMNIBUS OBJECTION TO CLAIMS

Linden Development, LLC ("Linden"), by and through its undersigned counsel, hereby objects to the 287th Omnibus Objection to Claims filed by The Motors Liquidation Company GUC Trust (the "GUC Trust") and, in particular, to the GUC Trust's request that the Court disallow and expunge in its entirety Linden's non-priority, unsecured claim (no. 70290) in the amount of $6.6 million. In support of its Response, Linden respectfully submits that:

1. On or about December 19, 2007 Linden, as the purchaser, and Motors Liquidation Company f/k/a General Motors Corporation ("Old GM"), as the seller, entered into a certain Purchase and Sale Agreement (the "Purchase and Sale Agreement") for certain real property located at 1016 Edgar Street in Linden, New Jersey (the "Linden Property").

2. Section 5.3(c) of the Purchase and Sale Agreement (a copy of which is attached as Exhibit A to Linden's proof of claim) obligated Old GM to pay Linden a Remediation Amount of: (1) up to $6.6 million if the United States Environmental Protection Agency ("USEPA") or the New Jersey Department of Environmental Protection ("NJDEP") determines that the Defined Groundwater Contamination is solely due to a source on the site and NJDEP requires Linden to remediate the site and to pay a prorata share of the Remediation Amount; or (2) $3.5 million if USEPA or NJDEP determines that the Defined Groundwater Contamination is not solely due to a source on the site and NJDEP requires Linden to remediate the site but does not expressly set forth a prorata share to be paid by Linden.[*]

3. On April 21, 2010, pursuant to the Stipulation and Agreed Order Pursuant to 11 U.S.C. Section 365 Authorizing Debtors' Rejection of Certain Executory Contracts with Linden Development, LLC and Duke Baltimore, LLC (doc. # 5538), Debtors rejected, *inter alia*, the Purchase and Sale Agreement.

4. In response to Old GM's rejection of the Purchase and Sale Agreement, on May 19, 2010 Linden timely filed a proof of claim, in the amount $6.6 million, for its contract rejection damages based on Old GM's contingent liability to Linden under Section 3.5 of the Purchase and Sale Agreement.

5. Since filing its proof of claim, Linden has worked in close cooperation with NJDEP to ascertain the source of the Defined Groundwater Contamination so Linden's remediation obligations, if any, can be identified and quantified. Those cooperative efforts have included Linden's engagement of an environmental consultant, the installation of monitoring wells on the Linden property, the accumulation of data from those wells and the compilation and scientific analysis of the data.

---

[*] Capitalized terms have the same meaning ascribed to such terms in the Purchase and Sale Agreement.

6.  Earlier this year Linden and its environmental consultant concluded the source of the Defined Groundwater Contamination was not located on the Linden Property but, instead, was likely from an adjacent parcel of property owned by an unrelated third party. Linden's environmental consultant prepared a written report which reflected those findings and on June 19, 2012 shared the report with NJDEP. Linden's environmental consultant also asked NJDEP formally to accept those findings and thereby relieve Linden of any obligation to remediate the Linden Property.

7.  In September, 2012 NJDEP verbally informed Linden's environmental consultant that the results of its investigation appeared to be valid and that NJDEP was willing to issue a written report which relieved Linden from any remediation obligations and expenses with respect to the Linden Property. In early October, 2012 NJDEP indicated it expected to issue its final report by the end of October. However, the issuance of NJDEP's final report has been delayed, on information and belief, as the result of Superstorm Sandy which recently devastated, and had a catastrophic environmental impact on, large portions of New Jersey.

8.  Nonetheless, Linden still expects to receive in the very near future the written report from NJDEP which confirms Linden does not have any remediation obligations with respect to the Linden Property. With that assurance, Linden, in turn, would have no claim against Old GM under Section 3.5 of the Purchase and Sale Agreement and, therefore, would be willing voluntarily to withdraw its proof of claim in its entirety.

9.  Given the circumstances, Linden submits the interests of justice will be served by delaying for a short period of time any adjudication of its proof of claim on the merits until NJDEP issues its final written report which, again, Linden understands it already would have received but for the recent events in New Jersey.

Dated: New York, New York
November 12, 2012

Respectfully Submitted,

THOMPSON HINE LLP

/s/ *JOSEPH B. KOCZKO*_____
Joseph B. Koczko, Esq.
335 Madison Ave, 12th Floor
New York, NY 10017
(212) 344-5680

and

Louis F. Solimine, Esq.
Suite 1400
312 Walnut Street
Cincinnati, Ohio  45202
(513) 352-6784

*Attorneys for Linden Development, LLC*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Response of Linden Development, LLC was served this 12th day of November 2012, electronically via the Court's CM/ECF System on the parties registered thereto, and upon the following parties by U.S. First Class Mail, postage prepaid and properly addressed:

Weil, Gotshal & Manges LLP
Attn: Harvey Miller, Esq.,
     Stephen Karotkin, Esq. and
     Joseph H. Smolinsky, Esq.
767 Fifth Avenue
New York, New York  10153
*Counsel to the Debtors*

Motors Liquidation Company
Attn:  Thomas Morrow
401 South Old Woodward Avenue
Suite 370
Birmingham, Michigan  48009

General Motors Company, LLC
Attn:  Lawrence S. Buonomo, Esq.
400 Renaissance Center
Detroit, Michigan  48265

Cadwalader, Wickersham & Taft LLP
Attn:  John J. Rapisardi, Esq.
One World Financial Center
New York, New York  10281
*Counsel to the United States Department
   of Treasury*

United States Department of the Treasury
Attn:  Joseph Samaris, Esq.
1500 Pennsylvania Avenue NW
Room 2312
Washington, DC  20220

Vedder Price, P.C.
Attn:  Michael J. Edelman, Esq. and
       Michael L. Schein, Esq.
1633 Broadway
47th Floor
New York, New York  10019
*Counsel to Export Development Canada*

Kramer Levin Naftalis & Frankel LLP
Attn:  Thomas Moers Mayer, Esq.,
       Robert T. Schmidt, Esq. and
       Lauren Macksoud, Esq.
1177 Avenue of the Americas
New York, New York  10036
*Counsel to the Statutory Committee of
   Unsecured Creditors*

Office of the United States Trustee for the
   Southern District of New York
Attn:  Tracy Hope Dixon, Esq.
33 Whitehall Street
21st Floor
New York, New York  10004

U.S. Attorney's Office, S.D.N.Y.
Attn:  David S. Jones, Esq. and
       Natalie Kuehler, Esq.
86 Chambers Street
Third Floor
New York, New York  10007

Caplin & Drysdale, Chartered
Attn: Elihu Inselbuch, Esq. and
    Rita C. Tobin, Esq.
375 Park Avenue, 35th Floor
New York, New York 10152

  and

Attn: Trevor W. Swett III, Esq., and
    Kevin C. Maclay, Esq.
One Thomas Circle, N.W., Suite 1100
Washington, D.C. 20005
*Counsel for Official Committee of Unsecured
  Creditors Holding Asbestos-Related Claims*

Stutzman, Bromberg, Esserman & Plifka, P.C.
Attn: Sander L. Esserman, Esq.
  and Robert T. Brousseau, Esq.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
*Counsel for Dean M. Trafelet,
  as Legal Representative*

Gibson, Dunn & Crutcher LLP
Attn: Keith Martorna, Esq.
200 Park Avenue, 47th Floor
New York, New York 10166
*Counsel for Wilmington Trust Company,
  as Administrator*

FTI Consulting
Attn: Anna Phillips
One Atlantic Center
1201 West Peachtree Street, Suite 500
Atlanta, Georgia 30309
*GUC Trust Monitor*

Crowell & Moring LLP
Attn: Michael V. Blumenthal, Esq.
590 Madison Avenue, 19th Floor
New York, New York 10022
*Counsel for Revitalizing Auto Communities
  Environmental Response Trust*

Kirk P. Watson, Esq.
2301 Woodlawn Boulevard
Austin, Texas 78703
*Asbestos Trust Administrator*

                              */S/ LOUIS F. SOLIMINE*_____

874669.1