UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                   :
In re                                              :    Chapter 11 Case No.
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :    09-50026 (REG)
   f/k/a General Motors Corp., *et al.*            :
                                                   :
                        Debtors.                   :    (Jointly Administered)
                                                   :
------------------------------------------------------------------x

# ORDER GRANTING 287TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

Upon the omnibus objection to expunge certain claims, dated October 11, 2012 (ECF No. 12134) (the "**287th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, supplemented or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Contingent Co-Liability Claims on the ground that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the 287th Omnibus Objection to Claims; and due and proper notice of the 287th Omnibus Objection to Claims having been provided, and it appearing that no other or further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 287th Omnibus Objection to Claims.

notice need be provided; and the Court having found and determined that the relief sought in the 287th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 287th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 287th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that the 287th Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**") (the "**Adjourned Claims**"), and the GUC Trust's reply deadline with respect to the Adjourned Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        *November 26, 2012*

                                                            *s/ Robert E. Gerber*
                                                            United States Bankruptcy Judge