PRESENTMENT DATE AND TIME: December 7, 2012 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: December 7, 2012 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                 :
**In re**                                        :    **Chapter 11 Case No.**
                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,        :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*         :
                                                 :
                    Debtors.                     :    (Jointly Administered)
                                                 :
-----------------------------------------------------------x

**NOTICE OF SETTLEMENT OF SUPPLEMENTAL ORDER GRANTING DEBTORS'**
**215th OMNIBUS OBJECTION TO CLAIMS AS TO PROOF OF CLAIM NO. 70909,**
**FILED BY AUSTIN AND REBECCA VIALL**
(Claims for Equity Interests)

**PLEASE TAKE NOTICE** that, pursuant to Rule 9074-1 of the Local Rules of

Bankruptcy Procedure for the Southern District of New York, and in accordance with the oral

decision of the Honorable Robert E. Gerber on the record on October 15, 2012, the annexed

proposed Supplemental Order Granting Debtors' 215th Omnibus Objection to Claims as to Proof

of Claim No. 70909 filed by Austin and Rebecca Viall (Claims for Equity Interests) (the

"**Order**"), will be presented for settlement and entry to the Honorable Robert E. Gerber, United

States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **December 7, 2012 at 12:00 noon (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any objections or proposed counter-orders must be made in writing and received by the Court and the undersigned not later than **December 7, 2012, at 11:30 a.m. (Eastern Time)**.  Unless an objection or proposed counter-order is received by that time, the proposed order annexed hereto may be entered by the Court.

Dated: New York, New York
       November 26, 2012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                                    Debtors.                :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS' 215th OMNIBUS OBJECTION TO CLAIMS AS TO PROOF OF CLAIM NO. 70909 FILED BY AUSTIN AND REBECCA VIALL
**(Claims for Equity Interests)**

Upon the 215th omnibus objection to expunge certain Administrative Proofs of Claim for Equity Interests, dated February 24, 2011 (the "**215th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the proof of claim no. 70909 (the "**Claim**") filed by Austin and Rebecca Viall (the "**Claimants**") on the grounds that the Claim is for an obligation for which the Debtors have no liability, all as more fully described in the 215th Omnibus Objection to Claims; and due and proper notice of the 215th Omnibus Objection to Claims having been provided, and it appearing that no other or

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 215th Omnibus Objection to Claims.

3

further notice need be provided; and the Court having considered the replies filed by Austin and Rebecca Viall (ECF Nos. 9863, 10848, 11063); and the Motors Liquidation Company GUC Trust's Response (ECF No. 12126) and a hearing on the 215th Omnibus Objection to Claims having been held on October 15, 2012; and the Court having found and determined that the relief sought in the 215th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 215th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 215th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Proof of Claim No. 70909 filed by Austin and Rebecca Viall is hereby disallowed and expunged; and it is further

ORDERED that the time to appeal runs from the date of entry of this Order and not from the date of the Hearing; and it is further

ORDERED that the Claimants shall retain any and all rights, if any, that they may have against any party other than Motors Liquidation Company; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         _____, 2012

_____
United States Bankruptcy Judge