UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                   :

In re                         :       Chapter 11 Case No.
                                   :

MOTORS LIQUIDATION COMPANY, *et al.*,  :       09-50026 (REG)
     f/k/a General Motors Corp., *et al.*  :
                                   :

                 Debtors.      :      (Jointly Administered)
                                   :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**BETWEEN MOTORS LIQUIDATION COMPANY GUC TRUST**
**AND UNITED STATES OF AMERICA REGARDING CLAIM NO. 45838**

       This Stipulation and Agreed Order (the "**Stipulation**") is entered into as of November 1, 2012 (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**") and the United States of America (the "**United States**" and together with the GUC Trust, the "**Parties**").

## RECITALS

       WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliated debtors (collectively with Motors Liquidation Company, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

       WHEREAS, on November 25, 2009, the United States filed Proof of Claim No. 45838 (the "**Claim**") in the amount of $2,185,000 (the "**Claim Amount**") on account of certain alleged overpayments by the Department of Defense of the United States to Motors Liquidation Company relating to pension cost reimbursements, all as more fully explained in the Claim;

WHEREAS, on March 29, 2011, the Court entered the *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan* (the "**Confirmation Order**"), which, among other things, (i) confirmed the *Debtors' Second Amended Joint Chapter 11 Plan* (as may be amended, modified, or supplemented, the "**Plan**"); (ii) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the and GUC Trust Administrator, or the Avoidance Action Trust Administrator (as defined in the Plan) retains sole and exclusive authority to pursue in accordance with the Plan (the "**Plan Injunction**"); and (iii) authorized the GUC Trust to resolve certain claims against the Debtors, including the Claim;

WHEREAS, pursuant to the *Assignment and Assumption Agreement* between Motors Liquidation Company and the Motors Liquidation Company GUC Trust, dated December 15, 2011, the GUC Trust was assigned, among other things, all rights of setoff held by Motors Liquidation Company with respect to claims filed against the Debtors;

WHEREAS, Section 5.7 of the Plan provides that "[n]othing in the Plan shall limit or affect any right of the United States to offset (subject to obtaining Bankruptcy Court approval to the extent required) any obligation owed by the United States to the Debtors against any obligation owed by the Debtors to the United States";

WHEREAS, the Parties have identified that the Claim may be partially reduced by the amount of $1,194,614.65 (the "**Setoff Amount**") through an offset of the following obligations owed by the United States to the Debtors (the "**Setoff**"):  (i) $694,614.65 due by the United States on account of the prepetition fulfillment by the Debtors of certain purchase orders

with the Department of Defense of the United States as to which the Debtors have not received payment, and (ii) certain tax refunds due by the United States on account of the Debtors' prepetition tax periods, of which the United States has allocated $500,000 to be applied to the Claim;

WHEREA, in accordance with Section 6.10 of the Plan, each of the Debtors were dissolved by December 15, 2011;

WHEREAS, the Parties are entering into this Stipulation to resolve the Claim by allowing the Claim as a general unsecured claim equal to the Claim Amount less the Setoff Amount;

NOW, THEREFORE, after good-faith, arms-length negotiations, in consideration of the foregoing, it is hereby stipulated and agreed that:

1.      The Claim shall be reduced on account of the Setoff and allowed as a Class 3 general unsecured claim in the amount of $990,385.35 to be treated in accordance with the Plan.

2.      The injunctions created under section 362 of the Bankruptcy Code (the **Automatic Stay**") and the Plan Injunction are modified solely to the extent necessary to permit the United States to effectuate the Setoff.  Except as provided in this Stipulation or any prior Orders of this Court, the provisions of the Automatic Stay and the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and Confirmation Order prohibiting execution, enforcement, or collection of any judgment against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.      With the exception of the right to receive distributions on account of the allowance of the Claim pursuant to this Stipulation and the Plan, the United States fully, finally,

and forever releases, relinquishes and discharges the Debtors, the GUC Trust, their estates, employees and agents, from all liabilities, damages, rights, and causes of action of every nature, whether known or unknown, asserted or unasserted, with respect to the Claim.

4.      The claims agent in the Debtors' chapter 11 cases shall be authorized and empowered to adjust the claims register in accordance with this Stipulation.

5.      This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

6.      This Stipulation may not be modified other than by signed writing executed by the Parties hereto.

7.      Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

8.      This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9.      This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the United States and, to the extent that state law is applicable, the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.

*[Signature Page Follows]*

**MOTORS LIQUIDATION COMPANY
GUC TRUST**

By:  AlixPartners LLP, *as attorney-in-fact on
behalf of Wilmington Trust Company, acting
solely in its capacity as trustee and trust
administrator of the Motors Liquidation
Company GUC Trust*


By: /s/ Barry J. Folse
Print Name: Barry J. Folse
Title: Managing Director
Dated:  November 1, 2012




**THE UNITED STATES OF AMERICA**

By:  /s/ David S. Jones
PREET BHARARA
UNITED STATES ATTORNEY FOR
THE SOUTHERN DISTRICT OF NEW
YORK
David S. Jones
Assistant U.S. Attorney
86 Chambers Street, Third Floor
New York, NY  10007
(212) 637-2739


Date: October 25, 2012




**IT IS SO ORDERED**
Dated: ___***November 29, 2012***___
New York, New York

                    *s/ Robert E. Gerber*
                    UNITED STATES BANKRUPTCY JUDGE