# EXHIBIT B

Robert M. Silverman, Esquire
KIMMEL & SILVERMAN, P.C.
Executive Quarters
1930 E. Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
(856) 429-8334

ATTORNEY FOR PLAINTIFF



FEB 24 20

CAMDEN COUNTY SUPERIOR COURT

| | |
|---|---|
| ASHARF ELGOHARY<br>5502 Hunters Glen Drive<br>Plainsboro, NJ 08536<br><br>v.<br><br>GENERAL MOTORS, LLC<br>c/o CT Corporation<br>820 Bear Tavern Road<br>Suite 305<br>West Trenton, NJ 08628 | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br><br><br>CIVIL ACTION<br>NO. L 975-12 |

## COMPLAINT

1. Plaintiff, Asharf Elgohary, is an adult individual citizen and legal resident of the State of New Jersey, 5502 Hunters Glen Drive, Plainsboro, NJ 08536.

2. Defendant, General Motors, LLC, is a corporation qualified to do and regularly conduct business in the State of New Jersey, with its address and principal place of business located at 300 Rennasaince Center, Detroit, Michigan 48090, and can be served at c/o CT Corporation, 820 Bear Tavern Road, Suite 305, West Trenton, NJ 08628.

## BACKGROUND

3. On or about July 06, 2007, Plaintiff purchased a new 2007 Chevrolet Express, manufactured and warranted by Defendant, bearing the Vehicle Identification Number 1GCGG25V371117652.

4. The vehicle was purchased in the State of New Jersey and is registered in the State of New Jersey.

5.  The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $25,194.20.  A true and correct copy of the contract is attached hereto, made a part hereof, and marked Exhibit "A".

6.  In consideration for the purchase of said vehicle, Defendant issued to Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

7.  The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff.

8.  The parties' bargain includes an express 3-year / 36,000 mile warranty, as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

9.  On or about January 2, 2008, while Plaintiff was driving the vehicle smoke began filling the passenger compartment from under the dash area. Plaintiff pulled to the side of the road and exited the vehicle before a fire erupted seconds later.

10. The vehicle was immediately engulphed in flames and the Monmouth County Fire Department responded to the incident.

## COUNT I
## UNIFORM COMMERCIAL CODE

11. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

12. The defects and nonconformities existing within the vehicle constitute a breach of contractual and statutory obligations of Defendant, including but not limited to the following:

 a.  Express Warranty;

 b.  Implied Warranty Of Merchantability; and

 c.  Implied Warranty Of Fitness For A Particular Purpose.

13. At the time of obtaining possession of the vehicle and at all times subsequent thereto, Plaintiff has justifiably relied upon Defendant's express warranties and implied warranties of fitness for a particular purpose and implied warranties of merchantability.

14. At the time of obtaining possession of the vehicle and at all times subsequent thereto, Defendant was aware Plaintiff was relying upon Defendant's express and implied warranties, obligations, and representations with regard to the subject vehicle.

15. Plaintiff has incurred damages as a direct and proximate result of the breach and failure of Defendant to honor its express and implied warranties.

16. Such damages include, but are not limited to, the contract price of the vehicle plus all collateral charges, including attorney fees and costs, as well as other expenses, the full extent of which are not yet known.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the contract price of the vehicle, plus all collateral charges and attorneys' fees.

KIMMEL & SILVERMAN, P.C.

By: _____

ROBERT M. SILVERMAN, ESQUIRE
Attorney for Plaintiff
Executive Quarters
1930 E. Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
(856) 429-8334

## JURY-DEMAND

Plaintiff hereby demands a trial by jury as to all the issues

KIMMEL & SILVERMAN, P.C.

By:_____
        ROBERT M. SILVERMAN, ESQUIRE
        Attorney for Plaintiff


## CERTIFICATION PURSUANT TO R.4:15-1

Upon knowledge and belief I hereby certify that there are no other actions or arbitrations related to this suit pending or presently contemplated.

KIMMEL & SILVERMAN, P.C.

By:_____
        ROBERT M. SILVERMAN, ESQUIRE
        Attorney for Plaintiff

## CERTIFICATION OF NOTICE

Pursuant to N.J.S.A. 56:8-20 Plaintiff is mailing a copy of this Complaint to the Office of the Attorney General, Richard J. Hughes Justice Complex, 25 West Market Street in the City of Trenton, County of Mercer, in the state of New Jersey on

KIMMEL & SILVERMAN, P.C.

By: _____
ROBERT M. SILVERMAN, ESQUIRE
Attorney for Plaintiff

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 8.7 % | $4556.20 | 18598.00 | 23154.20 | 25154.20 |

PROGRESSIVE BANK, NATIONAL ASSOCIATION

NOTICE TO RETAIL BUYER(S): DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO A COPY OF THIS CONTRACT AT THE TIME YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.



PLAINTIFF'S
EXHIBIT