# EXHIBIT H



| Kristi Fielder | GENERAL MOTORS LLC |
|---|---|
| Attorney | LEGAL STAFF |
| Phone: 313-665-7419 | Mail Code: 482-026-601 |
| Fax: 248-267-4547 | P.O. Box 400 |
| Email: kristi.fielder@gm.com | Detroit, MI 48265-4000 |

March 29, 2012

*Attorney Work Product*
*Privileged and Confidential*

**Via Federal Express**

Jacqueline C. Herritt, Esq.
**Kimmel & Silverman, P.C.**
Executive Quarters,
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003

Re:   *GM File No. 740255*
*Asharf Elgohary v. General Motors LLC, Pending in the Superior Court, Camden County, New Jersey, Docket No.: L97512*

Dear Ms. Herritt:

My name is Kristi Fielder and I am in-house counsel with General Motors LLC in connection with the above-referenced action (this "Action"). Plaintiffs' Complaint in the Action was served on General Motors LLC via certified mail.

Based on Plaintiffs' Complaint, I understand that the claims asserted in this Action arise from an incident that occurred on  involving a **2007 Chevrolet Express 2500** that was allegedly manufactured, assembled, and distributed by General Motors Corporation (n/k/a "Motors Liquidation Company").

As you presumably know, New GM acquired substantially all of the assets of General Motors Corporation on July 10, 2009 in a transaction executed under the jurisdiction and pursuant to approval of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). *See generally In re General Motors Corp.*, 407 B.R. 463 (Bankr. S.D.N.Y. 2009) ("Sale Opinion") (approving sale transaction). In acquiring these assets, New GM did not assume the liabilities of General Motors Corporation. In particular, New GM did not assume responsibility for product liability claims arising from accidents involving GM vehicles that occurred prior to the July 10, 2009 closing date. *Id.* at 499-507 (overruling objections by tort claimants seeking to preserve claims against New GM). *See also In re Chrysler*, LLC, No. 09-2311-bk, 2009 WL 2382766, at *11-13 (2d Cir. Aug. 5, 2009) (bankruptcy court was permitted to authorize the sale of substantially all Chrysler's automotive assets free and clear of claims of tort claimants).

Ms. Jacqueline Herritt
March 29, 2012
Page 2

The scope and limitations of New GM's responsibilities are defined in the Bankruptcy Court's "Order
(I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase
Agreement with NGMCO, Inc.[1], a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption
and Assignment of Certain Executory Contracts and Unexpired Leases In Connection with the Sale;
and (iii) Granting Related Relief," entered on July 5, 2009 (the "Sale Approval Order"), which is a
final binding order.[2]  The Sale Approval Order provides that, with the exception of certain liabilities
expressly assumed under the relevant agreements, the assets acquired by New GM were transferred
"free and clear of all liens, claims, encumbrances, and other interests of any kind or nature
whatsoever...including rights or claims based on any successor or transferee liability..." *Id.* ¶ 7.
Accordingly, the claims asserted in this Action were not assumed.  To the contrary, the Amended and
Restated Master Sale and Purchase Agreement ("MSPA") expressly excludes "Product Liabilities
arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the
Closing Date." Sale Approval Order, Ex. A., § 2.3(ix). *See also* Sale Opinion, 407 B.R. at 500
("...New GM would not assume any Old GM liabilities for injuries or illnesses that arose before the
373 Transaction. And the proposed order has a number of provisions making explicit findings that
New GM is not subject to successor liability for such matters, and that claims against New GM of
that character are enjoined.").

The filing of Plaintiffs' Complaint in this Action constitutes a violation of the Sale Approval Order,
which unambiguously states that "all persons and entities, including, but not limited to...litigation
claimants and [others] holding liens, claims and encumbrances, and other interest of any kind or
nature whatsoever, including rights or claims based on any successor or transferee liability...are
forever barred, estopped, and permanently enjoined...from asserting against [New GM], its
successors or assigns, its property, or the Purchased Assets, such persons' or entities' [rights or
claims], including rights or claims based on any successor or transferee liability." *Id.* ¶ 8. *See also
id.* ¶ 46 ("...the Purchaser shall not have any successor, transferee, derivative, or vicarious liabilities
of any kind or character for any claims, including, but not limited to, under any theory of successor
or transferee liability, de fact merger or continuity, environmental, labor and employment, and
products or antitrust liability, whether known or unknown as of the Closing, no existing or hereafter
arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated."); *id.* ¶ 52 (Sale
Approval Order "effective as a determination that, except for the Assumed Liabilities, at Closing, all
liens, claims, encumbrances, and other interests of any kind or nature whatsoever existing as to the
Sellers with respect to the Purchased Assets prior to the Closing (other than Permitted
Encumbrances) have been unconditionally released and terminated...").

In the Sale Approval Order, the Bankruptcy Court retained "exclusive jurisdiction to enforce and
implement the terms and provision of [the] Order" including to "protect [New GM] against any of the
[liabilities that it did not expressly name under the MSPA]." *Id.* ¶ 71.

---

[1] New GM was formerly named NGMCO, Inc.

[2] The Sale Approval Order is publicly available at http://docs.motorsliquidationdocket.com/pdflib/2968_order.pdf

Ms. Jacqueline Herritt
March 29, 2012
Page 3

Accordingly, General Motors LLC hereby demands that this Action be immediately discontinued and
dismissed with respect to General Motors LLC. Absent prompt compliance, General Motors LLC
will be forced to initiate proceedings in the Bankruptcy Court to enforce the Sale Approval Order,
including recovery of all costs, expenses and fees incurred by reason of the Action, along with such
other remedies as the Bankruptcy Court may deem appropriate.

Very truly yours,

*Kristi K. Fielder /th*

Kristi K. Fielder
Attorney

KKF:th

04/06/2012   09:59   2155408888   KIMMEL AND SILVERMAN   PAGE   01/01



# KIMMEL & SILVERMAN
P.C.

ROBERT M. SILVERMAN**
CRAIG THOR KIMMEL**

* Member, PA Bar
* Member, NJ Bar
* Member, DE Bar
* Member, NY Bar
* Member, MA Bar
* Member, MD Bar
* Member, OH Bar
* Member, MI Bar
* Member, NH Bar
* Member, CT Bar
* Member, TN Bar
* Member, WY Bar
* Member, DC Bar
* Member, CA Bar
* Member WT Bar

JACQUELINE C. HERRITT***
ROBERT A. RAPKIN*
ANGELA K. TROCCOLI**
FRED DAVIS**
AMY L. BENNECOFF***
CHRISTINA GILL ROSEMAN***
RICHARD A. SCHULER**
TARA L. PATTERSON*
W. CHRISTOPHER COMPONOVO**
TIMOTHY J. ABEEL, JR.**
JACOB U. GINSBURG*
JOSEPH A. GENTILCORE*

1-800-LEMON LAW
www.lemonlaw.com

CORPORATE HEADQUARTERS
30 E. Butler Pike
Ambler, PA 19002
P (215) 540-8888
F (215) 540-8817

WESTERN PA OFFICE, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, P (412) 566-1001, F (412) 566-1005
NEW JERSEY OFFICE, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, P (856) 429-8334, F (856) 216-7344
DELAWARE OFFICE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, P (302) 791-9373, F (302) 791-9476
CONNECTICUT OFFICE, 136 Main Street, Suite 301, Danielson, CT 06239, P (860) 866-4380, F (860) 263-0919
NEW YORK OFFICE, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, P (212) 719-7543, F (877) 617-2515

PLEASE REMIT ALL CORRESPONDENCE TO THE AMBLER OFFICE

April 6, 2012

Via Facsimile Only (248) 267-4547

Kristi Fielder, Esquire
General Motors LLC
Mail Code:482-026-601
P.O. Box 400
Detroit, MI 48265-4000

**RE:   Ashraf Elgobary v. General Motors LLC
Camden County Superior Court Docket No. L-975-12**

Dear Ms. Fielder:

I am in receipt of your correspondence dated March 29, 2012 regarding the above matter. Please be advised we are not asserting a products liability claim, but rather a breach of warranty theory. I welcome the opportunity to discuss this matter with either yourself or local counsel for GM LLC.

Very truly yours,

Robert M. Silverman

RMS/gpk



| | |
|---|---|
| Kristi Fielder<br>*Attorney*<br>*Phone: 313-665-7419*<br>*Fax: 248-267-4547*<br>*Email: kristi.fielder@gm.com* | GENERAL MOTORS LLC<br>LEGAL STAFF<br>Mail Code: 482-026-601<br>P.O. Box 400<br>Detroit, MI 48265-4000 |

April 12, 2012

*Attorney Work Product*
*Privileged and Confidential*

*Via Federal Express*

Mr. Robert Silverman, Esq.
**Kimmel & Silverman, P.C.**
Partner
30 East Butler Pike
Ambler, Pennsylvania 19002

Re:    ***GM File No. 740255***
       ***Asharf Elgohary v. General Motors LLC***

Dear Mr. Silverman:

I received your letter of April 6, stating that you are only asserting breach of warranty claims in this matter. Although New GM assumed certain warranty claims of the former General Motors Corporation, New GM did <u>not</u> assume responsibility for the liabilities asserted in this case. Accordingly, for the reasons set forth in greater detail below, your complaint should be dismissed.

Based on Plaintiffs' Original Complaint ("Complaint"), we understand that the claims asserted relate to a fire in a 2007 Chevrolet Express van sold by General Motors Corporation. The Complaint alleges, incredibly, that the subject vehicle was manufactured and warranted by GM LLC. That is impossible, since GM LLC did not even come into existence until years after the 2007 Chevrolet Express van was manufactured and sold.

As you know, New GM acquired substantially all of the assets of General Motors Corporation on July 10, 2009 in a transaction executed under the jurisdiction and pursuant to approval of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). *See generally In re General Motors Corp.*, 407 B.R. 463 (Bankr., SDNY 2009) ("Sale Opinion") (approving sale transaction). In acquiring these assets, New GM did <u>not</u> assume the liabilities of General Motors Corporation. In particular, New GM did not assume responsibility for product liability claims arising from incidents involving GM vehicles that occurred prior to the July 10 closing date. *Id.*, 407 B.R. at 499-507 (overruling objections by tort claimants seeking to preserve claims against New GM). *See also In re Chrysler, LLC*, 2009 WL 2382766, pp 11-13 (2nd Cir. 2009)(bankruptcy court was permitted to authorize the sale of substantially all Chrysler's automotive assets free and clear of claims).

The scope and limitations of New GM's responsibilities are defined in the Bankruptcy Court's "Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing

Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection with the Sale; and (iii) Granting Related Relief," entered on July 5, 2009 (the "Sale Approval Order"), which is a final binding order.[1]  The Sale Approval Order provides that, with the exceptions of certain liabilities expressly assumed under the relevant agreements, the assets acquired by New GM were transferred "free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever... including rights or claims based on any successor or transferee liability..." *Id.*, ¶7.

The claims asserted in this case were not assumed.  To the contrary, the Amended and Restated Master Sale and Purchase Agreement ("MSPA") expressly <u>excludes</u> "Product Liabilities[2] arising in whole or in part from any accidents incidents or other occurrences that happen prior to the Closing Date." Sale Approval Order, Ex A., §2.3(ix).  *See also* Sale Opinion, 407 B.R. at 500.

To be sure, New GM did assume the obligations of General Motors Corporation in connection with certain "express written warranties of Sellers that are specifically identified as warranties and delivered in connection with the sale of" specified vehicles. MSPA, §2.3(a)(vii).  However, the effect of that was that New GM assumed the obligation to fund and otherwise support warranties of repair issued by General Motors Corporation but <u>not</u> liability claims asserted to relate in some way to warranties.  To the extent that is not clear from the express exclusion of Product Liabilities (and it is), it was confirmed by the Sale Approval Order which clarifies that New GM assumed warranty obligations "subject to the conditions and limitations contained in [the relevant] express written warranties." Sale Approval Order, ¶56.

Specifically, the "conditions and limitations contained" in the express limited warranties issued by General Motors Corporation in connection with sale of plaintiffs vehicle do not support Product Liabilities claims in general or the claims asserted in the Action in particular.  The fundamental warranty commitment is that "General Motors will <u>provide for repairs</u> to the vehicle during the warranty period in accordance with" applicable "terms, conditions and limitations." 2007 Chevrolet Warranty and Owner Assistance Information booklet ("Warranty"), page 5 (emphasis added).  The "warranty covers repairs to correct any vehicle defect related to materials or workmanship." *Id.*  The warranty does <u>not</u> cover "[d]amage caused as the result of ... collision, <u>fire</u>, theft, freezing, vandalism, riot, explosion, or objects striking the vehicle." *Id.*, p. 8. "Economic loss or extra expense is not covered." *Id.*, p. 10.  Instead, "[p]erformance of repairs and needed adjustments is the exclusive remedy under this written warranty or any implied warranty. *Id.*  GM shall not be liable for incidental or consequential damages (such as, but not limited to, lost wages or vehicle rental expenses) resulting from breach of this written warranty or any implied warranty." *Id.*

The filing of the case constitutes a violation of the Sale Approval Order, which unambiguously states that "all persons and entities, including, but not limited to ... litigation claimants and [others] holding liens, claims and encumbrances, and other interest of any kind or nature whatsoever, including rights or claims based on any successor or transferee liability ... are forever barred, stopped, and permanently enjoined... from asserting against [New GM], its successors or assigns, its property, or the Purchased Assets, such persons' or entities' [rights or claims], including rights or claims based on any successor or transferee liability." *Id.*, ¶8. *See also Id.*,

---

[1] The Sale Approval Order is publicly available at http://docs.motorsliquidationdocket.com/pdflib/2968_order.pdf.
[2] Product Liabilities are defined in the relevant agreements as "all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles..." MSPA, §2.3(a)(ix).

¶46 ("... the Purchaser shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any claims, including, but not limited to, under any theory of successor or transferee liability, de fact merger or continuity, environmental, labor and employment, and products or antitrust liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated."), *Id.*, ¶52 (Sale Approval Order "effective as a determination that, except for the Assumed Liabilities, at Closing, all liens, claims, encumbrances, and other interests of any kind or nature whatsoever existing as to the Sellers with respect to the Purchased Assets prior to the Closing (other than Permitted Encumbrances) have been unconditionally released and terminated...").

In the Sale Approval Order, the Bankruptcy Court retained "exclusive jurisdiction to enforce and implement the terms and provision of [the] Order" including to "protect [General Motors LLC] against any of the [liabilities that it not expressly assume under the MSPA]." *Id.*, ¶71.

Accordingly, GM LLC again demands that the case be immediately dismissed. Absent prompt compliance, GM LLC will initiate proceedings in the Bankruptcy Court to enforce the Sale Approval Order, including to recover all costs, expenses and fees incurred by reason of the case, along with such other remedies as the Bankruptcy Court may deem appropriate. Please let us know as soon as possible if you will dismiss the matter.


Sincerely,

**Kristi K. Fielder**
Kristi K. Fielder
Attorney



|  | Kristi Fielder · | GENERAL MOTORS LLC |
|---|---|---|
|  | Attorney | LEGAL STAFF |
|  | Phone: 313-665-7419 | Mail Code: 482-026-601 |
|  | Fax: 248-267-4547 | P.O. Box 400 |
|  | Email: kristi.fielder@gm.com | Detroit, MI 48265-4000 |

April 24, 2012

*Attorney Work Product*
*Privileged and Confidential*

**Via Fax: 215-540-8817**

Robert M. Silverman, Esq.
**Kimmel & Silverman, P.C.**
30 East Butler Pike
Ambler, Pennsylvania 19002

Re:    *Asharf Elgohary v. General Motors LLC, Pending in the Superior Court, Camden County, New Jersey, Docket No.: L97512*

Dear Mr. Silverman:

The Sale Approval Order defines Product Liabilities as "all Liabilities to third parties for death, personal injury or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles..." MSPA, § 2.3(a) (ix).  The case you have filed clearly falls within this provision, as it involves claims for property damage caused by a fire in the vehicle.

Please let me know whether you will agree to dismiss your claim.

Very truly yours,

*Kristi K. Fielder /th*

Kristi K. Fielder
Attorney

KKF:th

c:  Shana O. See, Esq.



# KIMMEL & SILVERMAN

P.C.

ROBERT M. SILVERMAN[**]
CRAIG THOR KIMMEL[**]

* Member, PA Bar
* Member, NJ Bar
* Member, DE Bar
* Member, NY Bar
* Member, MA Bar
* Member, MD Bar
* Member, OH Bar
* Member, MI Bar
* Member, NH Bar
* Member, CT Bar
* Member, TN Bar
* Member, WV Bar
* Member, DC Bar
* Member, CA Bar
* Member WI Bar

JACQUELINE C. HERRITT[**]
ROBERT A. RAPKIN
ANGELA K. TROCCOLI[**]
FRED DAVIS[**]
AMY L. BENNECOFF[***]
CHRISTINA GILL ROSEMAN[**]
RICHARD A. SCHOLER[**]
TARA L. PATTERSON
W. CHRISTOPHER COMPONOVO[**]
TIMOTHY J. ABEEL, JR.[**]
JACOB U. GINSBURG[**]
JOSEPH A. GENTILCORE[**]

1-800-LEMON LAW
www.lemonlaw.com

CORPORATE HEADQUARTERS
30 E. Butler Pike
Ambler, PA 19002
P (215) 540-8888
F (215) 540-8817

WESTERN PA OFFICE, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, P (412) 566-1001, F (412) 566-1005
NEW JERSEY OFFICE, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, P (856) 429-8334, F (856) 216-7344
DELAWARE OFFICE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, P (302) 791-9373, F (302) 791-9476
CONNECTICUT OFFICE, 136 Main Street, Suite 301, Danielson, CT 06239, P (860) 866-4380, F (860) 263-0919
NEW YORK OFFICE, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, P (212) 719-7543, F (877) 617-2515
PLEASE REMIT ALL CORRESPONDENCE TO THE AMBLER OFFICE

April 24, 2012

Via Facsimile Only (248) 267-4547

Kristi Fielder, Esquire
General Motors LLC
Mail Code:482-026-601
P.O. Box 400
Detroit, MI 48265-4000

RE:   **Ashraf Elgohary v. General Motors LLC**
      **Camden County Superior Court Docket No. L-975-12**

Dear Ms. Fielder:

It was a pleasure speaking with you today.  I read your letters carefully as well as the recitation of the Sale Order which did not assume responsibility for  liabilities for injuries or illness before the 373 Transaction.

Please provide a copy of the Sale Order signed by the Court which excludes express warranty or property damage claims, not personal injury claims. I look forward to your response.

Very truly yours,

Robert M. Silverman

RMS/gpk



# KIMMEL & SILVERMAN
P.C.

ROBERT M. SILVERMAN**
CRAIG THOR KIMMEL**

* Member, PA Bar
* Member, NJ Bar
* Member, DE Bar
* Member, NY Bar
* Member, MA Bar
* Member, MD Bar
* Member, OH Bar
3 Member, NH Bar
* Member, CT Bar
* Member, TN Bar
* Member, WY Bar
* Member, DC Bar
* Member, CA Bar
* Member, WI Bar

JACQUELINE C. HERRITT***
ROBERT A. RAFKIN*
ANGELA K. TROCCOLI***
FRED DAVIS***
AMY L. BENNECOFF****
CHRISTINA GILL ROSEMAN****
RICHARD A. SCHOLER*
TARA L. PATTERSON*
W. CHRISTOPHER COMPONOVO**
TIMOTHY J. ABEEL, JR.*
JACOB U. GINSBURG*
JOSEPH A. GENTILCORE*

1-800-LEMON LAW
www.lemonlaw.com

CORPORATE HEADQUARTERS
30 E. Butler Pike
Ambler, PA 19002
P (215) 540-8888
F (215) 540-8817

WESTERN PA OFFICE, 211 Grant Street, Suite 202, Pittsburgh, PA 15219, P (412) 566-1001, F (412) 566-1005
NEW JERSEY OFFICE, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, P (856) 429-8334, F (856) 216-7344
DELAWARE OFFICE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, P (302) 791-9373, F (302) 791-9476
CONNECTICUT OFFICE, 116 Main Street, Suite 301, Danielson, CT 06239, P (860) 866-4380, F (860) 263-0919
NEW YORK OFFICE, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, P (212) 719-7543, F (877) 617-2515
PLEASE REMIT ALL CORRESPONDENCE TO THE AMBLER OFFICE

April 24, 2012

Via Facsimile Only (248) 267-4547

Kristi Fielder, Esquire
General Motors LLC
Mail Code:482-026-601
P.O. Box 400
Detroit, MI 48265-4000

RE:    Ashraf Elgohary v. General Motors LLC
       Camden County Superior Court Docket No. L-975-12

Dear Ms. Fielder:

I am in receipt of your correspondence dated April 13, 2012 regarding the above matter.
Please be advised we are not asserting a products liability claim, but rather a breach of warranty
theory. I am requesting the opportunity to discuss this matter with either yourself or Thomas
Convery, Esqure to reach an amicable resolution. I await word.

Very truly yours,

Robert M. Silverman

RMS/gpk



| Kristi Fielder | GENERAL MOTORS LLC |
|---|---|
| Attorney | LEGAL STAFF |
| Phone: 313-665-7419 | Mail Code: 482-026-601 |
| Fax: 248-267-4547 | P.O. Box 400 |
| Email: kristi.fielder@gm.com | Detroit, MI 48265-4000 |

April 24, 2012

*Attorney Work Product*
*Privileged and Confidential*

**Via Fax: 215-540-8817**

Robert M. Silverman, Esq.
**Kimmel & Silverman, P.C.**
30 East Butler Pike
Ambler, Pennsylvania 19002

Re:    *Asharf Elgohary v. General Motors LLC, Pending in the Superior Court, Camden County, New Jersey, Docket No.: L97512*

Dear Mr. Silverman:

I have not had any response from you to my letter of April 13. Please advise by the end of the day Friday, April 27 whether you intend to dismiss your case.

Very truly yours,

*Kristi K. Fielder / th*

Kristi K. Fielder
Attorney

KKF:th

c:  Shana O. See, Esq.



| | |
|---|---|
| *Kristi Fielder*<br>*Attorney*<br>*Phone: 313-665-7419*<br>*Fax: 248-267-4547*<br>*Email: kristi.fielder@gm.com* | GENERAL MOTORS LLC<br>LEGAL STAFF<br>Mail Code: 482-026-601<br>P.O. Box 400<br>Detroit, MI 48265-4000 |

April 30, 2012

**Via Federal Express**

Robert M. Silverman, Esq.
**Kimmel & Silverman, P.C.**
30 East Butler Pike
Ambler, Pennsylvania 19002

**Re:**   *Asharf Elgohary v. General Motors LLC, Pending in the Superior Court, Camden*
*County, New Jersey, Docket No.: L97512*

Dear Mr. Silverman:

I have not yet heard from you in response to my letter of April 24. However, in case you are not aware, GM LLC (a/k/a New GM) is a defendant in an adversary proceeding that is similar to the *Elgohary* matter in that the Bankruptcy Court was confronted with the scope and limitations of the liabilities assumed by New GM from Old GM. The Bankruptcy Court, in *Castillo et. al. v. General Motors Company*, recently issued a Decision After Trial ("Decision"), which is attached. While the issues addressed in the *Castillo* matter are not identical to the issues raised in *Elgohary*, certain of the Bankruptcy Court's findings and conclusions are applicable here. For example, the Bankruptcy Court found that "it was the intent and structure of the 363 Sale, as agreed on by the Auto Task Force and Old GM, that New GM would start business with as few legacy liabilities as possible, and that presumptively, liabilities would be left behind and not assumed." Decision, p. 5. Later in the Decision, the Bankruptcy Court further found that "by the end of the 363 Sale hearing it was clear not only to Old GM and Treasury, but also to the Court and to the public, that the goal of the 363 Sale was to pass on to Old GM's purchaser—what thereafter became New GM—only those liabilities that were commercially necessary to the success of New GM." *Id.* at 8.

In connection with warranty claims, the Bankruptcy Court found in *Castillo* that only express warranty claims were assumed by New GM. "Section 2.3(b)(xvi) [of the MSPA], therefore, was intended to clarify the outer limits of section 2.3(a)(vii)(A) by noting that only *express* warranty claims were taken on by New GM." Decision, p. 12. The Bankruptcy Court explained that this was "entirely logical. New GM recognized that providing express warranties would make good business sense (and might be important to protecting its brand), but would want clarity as to exactly what it was taking on." *Id.* at p. 12 n. 33. The Bankruptcy Court also read Paragraph 56 of the Sale Approval Order "as having emphasized, once again, that New GM would be assuming only express warranties that were delivered upon the sale of vehicles—and as having been intended to exclude other kinds of warranty-related claims." *Id.* at p. 13. Moreover, the Bankruptcy Court found that the "Assumed Liabilities" (those liabilities assumed by New GM) are "described as the express warranties that customers receive which are 'delivered in connection

Mr. Robert Silverman
April 30, 2012
Page 2

with the sale of new, certified used, or pre-owned vehicles . . . .' " *Id.* at p. 21. As you will recall, the express warranty involved in *Elgohary* specifically excludes fire as well as consequential damages.

As reflected in the Bankruptcy Court's Decision in *Castillo*, the liabilities assumed by New GM are limited to those that were commercially necessary to the success of New GM. For our purposes here, these Assumed Liabilities included only claims based on the express written warranties that customers received in their glove box upon purchase of their vehicles. As New GM has previously stated, it and its dealers have honored the express written warranties, and as appropriate, are continuing to honor the express written warranties that were delivered with the sale of 2007 Chevrolet Express vans. However, claims outside the express terms of the written warranty, as well as purported claims based on latent defects, were, as found by the Bankruptcy Court in *Castillo*, not assumed by New GM. Accordingly, based on the Bankruptcy Court's findings and conclusions in *Castillo*, the claims asserted by Plaintiff in your action in the Camden Superior Court should be withdrawn. Please let us know immediately if you will agree to voluntarily dismiss the matter.

The Sale Approval Order contains an injunction that prohibits third parties from bringing claims against New GM (unless they relate to Assumed Liabilities). *See* Sale Approval Order, ¶ 47. We believe that the claims asserted by Plaintiff are not well-founded (especially in light of the *Castillo* Decision), and amount to an impermissible end-run around, and thus a violation of, the Sale Approval Order. If you do not voluntarily withdraw the Complaint, and New GM is forced to respond to it, New GM reserves the right to seek such remedies as the Bankruptcy Court may deem appropriate for a violation of the Sale Approval Order (including to recover all costs and expenses incurred in defending this action (both in the Bankruptcy Court and in the New Jersey Superior Court).

Very truly yours,

# Kristi K. Fielder/th

Kristi K. Fielder
Attorney

KKF:th

Attachments

c:  Shana O. See, Esq. (w/o attachments)



| | |
|---|---|
| **Kristi Fielder** | **GENERAL MOTORS LLC** |
| Attorney | **LEGAL STAFF** |
| Phone: 313-665-7419 | Mail Code:  482-026-601 |
| Fax: 248-267-4547 | P.O. Box 400 |
| Email: kristi.fielder@gm.com | Detroit, MI  48265-4000 |

May 1, 2012

*Attorney Work Product*
*Privileged and Confidential*

**Via Fax: 215-540-8817**

Robert M. Silverman, Esq.
**Kimmel & Silverman, P.C.**
30 East Butler Pike
Ambler, Pennsylvania 19002

Re:    *Asharf Elgohary v. General Motors LLC, Pending in the Superior Court, Camden
County, New Jersey, Docket No.: L97512*

Dear Mr. Silverman,

I had not seen your April 25 letter before today.  It must have been lost in transmission
somewhere.  In any event, there are no Bankruptcy Court orders that directly address the proper
interpretation of the "property damage" language in the Sale Agreement.  But do you mean to
suggest that GM LLC would have made the business decision to leave behind liabilities for
personal injury and property damage to other property, and purposely assumed responsibility in
this arena solely for breach of warranty allegations related to vehicle-only property damage?
Under the reasoning of the *Castillo* case that I sent you yesterday, this makes no sense from a
business standpoint, and these are not liabilities that it would be commercially reasonable for
New GM to assume.  New GM did not assume them; it assumed only the obligations contained in
the terms of the limited written express warranties, warranties that by their terms exclude fires.

Once again, we request that you dismiss the action.

Very truly yours,

*Kristi K. Fielder* /th

Kristi K. Fielder
Attorney

KKF:th

cc:  Shana O. See, Esq.



# KIMMEL & SILVERMAN
P.C.

ROBERT M. SILVERMAN*·
CRAIG THOR KIMMEL*·

* Member, PA Bar
· Member, NJ Bar
· Member, DE Bar
· Member, NY Bar
· Member, MA Bar
· Member, MD Bar
· Member, OH Bar
· Member, MI Bar
· Member, NH Bar
· Member, CT Bar
· Member, TN Bar
· Member, WV Bar
· Member, DC Bar
· Member, CA Bar
· Member WI Bar

JACQUELINE C. HERRITT**
ROBERT A. RAPKIN*
ANGELA K. TROCCOLI*·
FRED DAVIS**·
AMY L. BENNECOFF*··
CHRISTINA GILL ROSEMAN*·
RICHARD A. SCHOLER*·
TARA L. PATTERSON·
W. CHRISTOPHER COMTONOVO*·
TIMOTHY J. ABEEL, JR.*
JACOB U. GINSBURG·
JOSHUA A. GENTILCORE·

1-800-LEMON LAW
www.lemonlaw.com

CORPORATE HEADQUARTERS
30 E. Butler Pike
Ambler, PA 19002
P (215) 540-8888
F (215) 540-8817

WESTERN PA OFFICE, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, P (412) 566-1001, F (412) 566-1005
NEW JERSEY OFFICE, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, P (856) 429-8334, F (856) 216-7344
DELAWARE OFFICE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, P (302) 791-9373, F (302) 791-9476
CONNECTICUT OFFICE, 136 Main Street, Suite 301, Danielson, CT 06239, P (860) 866-4380, F (860) 263-0919
NEW YORK OFFICE, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, P (212) 719-7543, F (877) 617-2515
PLEASE REMIT ALL CORRESPONDENCE TO THE AMBLER OFFICE

May 1, 2012

Via Facsimile Only (248) 267-4547

Kristi Fielder, Esquire
General Motors LLC
Mail Code:482-026-601
P.O. Box 400
Detroit, MI 48265-4000

RE:    **Ashraf Elgohary v. General Motors LLC**
       **Camden County Superior Court Docket No. L-975-12**

Dear Ms. Fielder:

Thank you for your letter of April 30, 2012. I have not heard back concerning my request contained in the correspondence of April 25, 2012 (see attached).

Nevertheless, I have your most recent letter and will review the Decision and get back to you shortly.

Very truly yours,

Robert M. Silverman

RMS/gpk



# KIMMEL & SILVERMAN
### P.C.

1-800-LEMON LAW
www.lemonlaw.com

CORPORATE HEADQUARTERS
30 E. Butler Pike
Ambler, PA 19002
P (215) 540-8888
F (215) 540-8817

ROBERT M. SILVERMAN⁺⁺
CRAIG THOR KIMMEL⁺⁺

⁺ Member, PA Bar
⁺ Member, NJ Bar
⁺ Member, DE Bar
˙ Member, NY Bar
⁺ Member, MA Bar
⁺ Member, MD Bar
⁺ Member, OH Bar
ᶠ Member, MI Bar
ᵡ Member, NH Bar
˝ Member, CT Bar
ᵡ Member, TN Bar
ˣ Member, WY Bar
ᵡ Member, DC Bar
ᶜ Member, CA Bar
ᵡ Member WI Bar

JACQUELINE C. HERRITT⁺⁺⁺
ROBERT A. RAPKIN⁺
ANGELA K. TROCCOLI⁺⁺⁺
FRED DAVIS⁺⁺
AMY L. BENNECOFF⁺⁺⁺
CHRISTINA GILL ROSEMAN⁺⁺ᶠ
RICHARD A. SCHOLER⁺
TARA L. PATTERSON⁺
W. CHRISTOPHER COMPONOVO⁺⁺
TIMOTHY J. ABEEL JR.⁺
JACOB U. GINSBURG⁺
JOSEPH A. GENTILCORE⁺

WESTERN PA OFFICE, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, P (412) 566-1001, F (412) 566-1005

NEW JERSEY OFFICE, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, P (856) 429-8334, F (856) 216-7344

DELAWARE OFFICE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, P (302) 791-9373, F (302) 791-9476

CONNECTICUT OFFICE, 136 Main Street, Suite 301, Danielson, CT 06239, P (860) 866-4380, F (860) 263-0919

NEW YORK OFFICE, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, P (212) 719-7543, F (877) 617-2515

PLEASE REMIT ALL CORRESPONDENCE TO THE AMBLER OFFICE

April 25, 2012

Via Facsimile Only (248) 267-4547

Kristi Fielder, Esquire
General Motors LLC
Mail Code:482-026-601
P.O. Box 400
Detroit, MI 48265-4000

RE:   Ashraf Elgohary v. General Motors LLC
      Camden County Superior Court Docket No. L-975-12

Dear Ms. Fielder:

Thank you for your letter of April 24, 2012. I've read the section you quoted and it is less than clear in that my interpretation is that it excludes damage to property caused by the motor vehicle and not damage to the motor vehicle itself.

With that said, I am not an unreasonable person, but at the same time I am charged with the responsibility to diligently represent my client. If you can provide me with a bankruptcy court opinion defining this section of the Sale Order in your favor, I will dismiss the action. I await word.

Very truly yours,

Robert M. Silverman

RMS/gpk

TRANSMISSION VERIFICATION REPORT

TIME  : 04/24/2012 15:07
NAME  : KIMMEL AND SILVERMAN
FAX   : 2155408817
TEL   : 2155408888
SER.# : BROC0J143599

| | |
|---|---|
| DATE,TIME | 04/24  15:07 |
| FAX NO./NAME | 12482674547 |
| DURATION | 00:00:26 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |



KIMMEL & SILVERMAN
P.C.

1-800-LEMON LAW
www.lemonlaw.com

CORPORATE HEADQUARTERS
30 E. Butler Pike,
Ambler, PA. 19002
P (215) 540-8888
F (215) 540-8817

ROBERT M. SILVERMAN*†
CRAIG THOR KIMMEL†

* Member  PA Bar
* Member  NJ Bar
* Member  DE Bar
· Member  NY Bar
* Member  VA Bar
* Member  MD Bar
* Member  OH Bar
† Member  MI Bar
* Member  NJ Bar
* Member  CT Bar
* Member  TN Bar
* Member  WV Bar
† Member  DC Bar
† Member  SA Bar
* Member  AS Bar

JACQUELINE C. HERRITT*
ROBERT A. RAPKIN*
ANGELA K. TROCCOLI*
FRED DAVIS*
AMY L. BENNECOFF*
CHRISTINA GILL ROSEMAN*†
RICHARD A. SCHOLER*
TARA L. PATTERSON*
W. CHRISTOPHER COMPOUND*†
TIMOTHY I. ABEEL, JR.*
JACOB U. GINZBURG*
JOSEPH A. GENTILCORE*

WESTERN PA OFFICE, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, P (412) 566-1001, F (412) 566-1005
NEW JERSEY OFFICE, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, P (856) 429-8334, F (856) 216-7344
DELAWARE OFFICE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, P (302) 791-9373, F (302) 791-9476
CONNECTICUT OFFICE, 136 Main Street, Suite 301, Danielson, CT 06239, P (860) 866-4380, F (860) 263-0319
NEW YORK OFFICE, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, P (212) 719-7543, F (877) 617-2519
PLEASE REMIT ALL CORRESPONDENCE TO THE AMBLER OFFICE

April 24, 2012

Via Facsimile Only (248) 267-4547

Kristi Fielder, Esquire
General Motors LLC
Mail Code:482-026-601
P.O. Box 400
Detroit, MI 48265-4000

RE:   Ashraf Elgohary v. General Motors LLC
Camden County Superior Court Docket No. L-975-12

Dear Ms. Fielder:



| | |
|---|---|
| **Kristi Fielder** | **GENERAL MOTORS LLC** |
| *Attorney* | **LEGAL STAFF** |
| Phone: 313-665-7419 | Mail Code: 482-026-601 |
| Fax: 248-267-4547 | P.O. Box 400 |
| Email: kristi.fielder@gm.com | Detroit, MI 48265-4000 |

May 22, 2012

*Attorney Work Product*
*Privileged and Confidential*

**Via Fax: 215-540-8817**

Robert M. Silverman, Esq.
**Kimmel & Silverman, P.C.**
30 East Butler Pike
Ambler, Pennsylvania 19002

Re:    *Asharf Elgohary v. General Motors LLC, Pending in the Superior Court, Camden
County, New Jersey, Docket No.: L97512*

Dear Mr. Silverman,

I am following up on my May 1 letter.  Please advise immediately whether you intend to dismiss
your claim.

Very truly yours,

*Kristi K. Fielder /th*

Kristi K. Fielder
Attorney

KKF:th

cc:  Shana O. See, Esq.