**HEARING DATE AND TIME: December 13, 2012 at 9:45 a.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
        f/k/a **General Motors Corp.,** *et al.* :
: 
                        Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**REPLY TO RESPONSE OF WAYNE VARADY**
**TO THE 286TH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), files this reply (the "**Reply**") to the response (the "**Response**") filed by Wayne Varady to the 286th Omnibus Objection to Claims, which seeks to disallow and expunge Claim Number 11591 filed by Mr. Varady against the Debtors (the "**Claim**"), on the basis that the Debtors are not liable for the Claim, which relates to life and disability benefits allegedly owed to Mr. Varady in connection with

his employment at Delphi Corporation or one of its subsidiaries or affiliates (collectively, "**Delphi**"). In support of this Reply, the GUC Trust respectfully represents:

### PRELIMINARY STATEMENT

1. By the Claim, Mr. Varady seeks recovery of approximately $443,415 in connection with the "cancellation of benefits" related to his prior employment. The face of the Claim indicates that the "benefits" sought by Mr. Varady relate to his employment by *Delphi*, and not to any employment by the Debtors. Additionally, the GUC Trust's records do not indicate that Mr. Varady was an employee of the Debtors or had any relationship with the Debtors which would entitle him to any payment from the Debtors. The Response submitted by Mr. Varady does not provide any facts or legal authority which would change this conclusion.

2. In light of the foregoing, the GUC Trust seeks entry of an order disallowing and expunging the Claim pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### THE CLAIM

3. On October 16, 2009, Mr. Varady filed the Claim, asserting damages against the Debtors for "cancellation of benefits payable thru [*sic*] Delphi." A copy of the Claim is annexed hereto as Exhibit B. Included with the claim was a letter dated March 10, 2009 from "Delphi Benefits" to Mr. Varady explaining that his life insurance was canceled on March 31, 2009. *Id.* Also included with the claim was a copy of what appears to be an excerpt from a settlement agreement between Delphi and certain retiree claimants.

4. In September 2012, the GUC Trust filed its 286th Omnibus Objection to Claims, seeking to disallow and expunge various claims filed against the Debtors for which the

claimant had not (and could not) assert a valid basis for liability. The Claim was included in that objection.

5. In October 2012, Mr. Varady filed the Response. In it, he states: "[m]y claim is solely against General Motors Corporation. There are no third parties involved as asserted in the '286th Omnibus Objection to Claims.'" *See* Exhibit A.

## ARGUMENT

### A. Applicable Law

6. For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.),* 209 F.3d 125, 128 (2d Cir. 2000). A right to payment is nothing more than an enforceable obligation. *Pennsylvania Dep't of Pub. Welfare v. Davenport,* 495 U.S. 552, 559 (1990). The right to payment can constitute a prepetition claim if, before the filing of the bankruptcy petition, "the relationship between the debtor and the creditor contained all of the elements necessary to give right to a legal obligation—a 'right to payment'—under the relevant non-bankruptcy law." *LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.),* 53 F.3d 478, 497 (2d Cir. 1995) (quoting *In re Nat'l Gypsum Co.,* 139 B.R. 397, 405 (N.D.Tex. 1992) (internal citations omitted)).

7. Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim. However, to be entitled to the weight afforded by Bankruptcy Rule 3001(f), the proof of claim must comply with the Bankruptcy Rules and set forth the facts necessary to support the claim. *In re Chain,* 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (quoting *In re Marino,* 90 B.R. 25, 28 (Bankr. D. Conn.

1988)); *Kahler v. FIRSTPLUS Fin., Inc.* (*In re FIRSTPLUS Fin., Inc.)*, 248 B.R. 60, 70 (Bankr. N.D. Tex. 2000); *In re North Bay Gen. Hosp., Inc.,* 404 B.R. 443, 464 (Bankr. S.D. Tex. 2009). *See also Bar Date Ord.* at 2 (requiring that a proof of claim "set forth with specificity the legal and factual basis for the alleged [c]laim").  If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim.  *Chain,* 255 B.R. at 281; *Marino,* 90 B.R. at 28.

### B. There is No Legal or Factual Basis for the Claim

8. The Claim fails to meet the *prima facie* standard.  Accordingly, the burden remains with Mr. Varady to establish the validity of his claim.  Mr. Varady has not (and cannot) meet such burden, because he fails to provide any facts or legal authority for his contention that the Debtors should be liable for his claims against Delphi.  Indeed, the GUC Trust knows of no valid basis for such contention.

9. The GUC Trust has no record of any obligations to Mr. Varady and is not aware of any business or other relationship between him and Debtors that would give rise to a claim against the Debtors.  Moreover, the GUC Trust is not aware of any order of the Court or agreement which would create any liability of the Debtors for Delphi's debts.

10. In short, none of the information known to the GUC Trust or provided by Mr. Varady establishes any legal or factual basis for the Claim.  Accordingly, the Claim should not be afforded *prima facie* validity and should be expunged.

**CONCLUSION**

For the reasons set forth above, this Court should enter an order expunging the Claim and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 3, 2012

*/s/ Stefanie Birbrower Greer*
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust