HEARING DATE AND TIME: January 17, 2013 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: January 2, 2013 at 4:00 p.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
**In re**                                     :        **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY**, *et al.*,     :        **09-50026 (REG)**
     **f/k/a General Motors Corp.**, *et al.* :
                                              :
                    **Debtors.**              :        **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

## NOTICE OF OBJECTION TO PROOF OF CLAIM OF
## GENERAL MOTORS LLC (CLAIM NO. 71111) AND MOTION
## REQUESTING ENFORCEMENT OF ADMINISTRATIVE CLAIM BAR DATE ORDER

PLEASE TAKE NOTICE that, on December 6, 2012, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed its Objection to the proof of claim of General Motors LLC (Claim No.

71111) and motion requesting enforcement of the Administrative Claim Bar Date Order[1] (the

"**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection to Claims will be

held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of

the United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

New York, New York 10004, on **January 17, 2013**, **at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708   (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow ); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq.,

Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **January 2, 2013, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

3

**PLEASE TAKE FURTHER NOTICE** that, if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order, substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      December 6, 2012

                                    /s/ Stefanie Birbrower Greer
                                    Barry N. Seidel (BS-1945)
                                    Stefanie Birbrower Greer (SG-2898)

                                    DICKSTEIN SHAPIRO LLP
                                    1633 Broadway
                                    New York, New York 10019-6708
                                    Telephone: (212) 277-6500
                                    Facsimile: (212) 277-6501

                                    Attorneys for Motors Liquidation
                                    Company GUC Trust

**HEARING DATE AND TIME: January 17, 2013 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: January 2, 2013 at 4:00 p.m. (Eastern Time)**

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : |  |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

--------------------------------------------------------------x

## OBJECTION TO PROOF OF CLAIM OF GENERAL
## MOTORS LLC (CLAIM NO. 71111) AND MOTION REQUESTING
## ENFORCEMENT OF ADMINISTRATIVE CLAIM BAR DATE ORDER

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by

the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors'

Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended,

supplemented, or modified from time to time, the "**Plan**"), objects to proof of claim 71111 (the

"**Claim**") filed by General Motors LLC ("**New GM**"), on the basis that the Claim was not

timely filed. In support of this Objection, the GUC Trust respectfully represents:

## Preliminary Statement

1.     Pursuant to this Court's order, the deadline for filing requests for payment of administrative expenses incurred from June 1, 2009 to January 31, 2011 was February 14, 2011 (the "**First Administrative Bar Date**"). The deadline for filing requests for administrative expenses incurred from February 1, 2011 to March 30, 2011 was April 30, 2011 (the "**Second Administrative Bar Date**").

2.     By the Claim, New GM asserts limited claims related to the Master Purchase Agreement (defined below) dated June 26, 2009. In light of the foregoing, the First Administrative Bar Date applies and New GM was required to file its claims against the Debtors on or before February 14, 2011. Because New GM filed the Claim on *April 29, 2011*, over two months after the First Administrative Bar Date, the Claim is barred. Accordingly, the GUC Trust seeks entry of an order disallowing and expunging the Claim on the basis that it was not timely filed.

## Jurisdiction

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.     On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**", and together with the Initial Debtors, the "**Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the

---

[1]     The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2]     The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

5.     On July 5, 2009, this Court entered an Order (the **"Sale Order"**) authorizing the sale of the Debtors' assets to New GM (the **"Sale"**) pursuant to that certain Amended and Restated Master Sale and Purchase Agreement dated as of June 26, 2009 (together with the related transaction documents, the **"Master Purchase Agreement"**). The Sale closed on July 10, 2009.

6.     On December 14, 2010, this Court entered an order (the "**Administrative Bar Date Order**") which, among other things, established the deadline for filing proofs of claim for administrative expenses against the Debtors on or before (i) February 14, 2011 at 5:00 p.m. (Eastern Time) with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) the date that is thirty (30) days after the Effective Date (as defined in the Plan) at 5:00 p.m. (Eastern Time) as the deadline with respect to administrative expenses arising between February 1, 2011 and the Effective Date.

7.     The Administrative Bar Date Order was timely served on New GM and its counsel. *See* Affidavit of Service of Patrick Leathem (together with excerpts of the relevant exhibit, attached as Exhibit A).

### The Claim

8.     The Claim is dated April 25, 2011, and was received by the Debtors' claims agent on April 29, 2011. *See* Exhibit B.

9.     New GM filed its claim "out of an abundance of caution to preserve and reserve all of its rights to assert an administrative expense claim against one or more of the Debtors if the facts and circumstances so warrant." *Id.* In the Claim, New GM

3

acknowledges that, at the time the proof of claim was filed, it was "not aware of any administrative expense claim that it may have against the Debtors based on an existing agreement between them that is not being adequately performed." *Id.* (Attachment at ¶ 6).

10.    New GM indicates in the Claim that it believes the Second Administrative Bar Date applies.

## The Relief Requested Should Be Approved by the Court

### 1.    The First Administrative Bar Date Applies

11.    By the Claim, New GM seeks to preserve certain limited claims related to the Sale. *See id.* (Attachment at ¶¶ 2-6). Because the agreements related to the Sale were entered into by New GM and the Debtors well before January 31, 2011, the First Administrative Bar Date is applicable.[3]

12.    It is well-settled that "[c]ontract claims arise upon the execution of an agreement." *Kling Realty Co., Inc. v. Texaco, Inc. (In re Texaco Inc.)*, No. 10-CV- 8151 (CS), 2011 U.S. Dist. Lexis 111533 at *14 (S.D.N.Y. September 28, 2011); *Pearl-Phil GMT (Far East) Ltd. v. The Caldor Corp.*, 266 B.R. 575, 581 (S.D.N.Y 2001) (the "clear weight of the case law in this Circuit . . . recognizes that contract-based bankruptcy claims arise at the time the contract is executed").

13.    Based on the foregoing, the First Administrative Bar Date applies to New GM's claims against the Debtors. Thus, the Claim was untimely and should be disallowed and expunged.

---

[3]    To the extent New GM argues that its claims arise under the Confirmation Order, such argument is baseless. While the Confirmation Order may address certain of the Debtors' obligations to New GM under the Master Purchase Agreement, the Debtors' limited obligations (if any) to New GM *arose* pursuant to the sale agreements. *See Pearl-Phil GMT (Far East) Ltd. v. The Caldor Corp.*, 266 B.R. 575, 582-583, (S.D.N.Y. 2001).

2.    **The Claim was Untimely and Should be Barred**

14.    The Administrative Bar Date Order specifically requires proofs of claim to be actually received on or before the applicable bar date. *Administrative Bar Date*, at 2. The Administrative Bar Date Order also includes a clear warning that a claimant's failure to comply with the applicable Bar Date precludes the claimant from asserting an administrative expense claim. *Id.* at 4.

15.    As set forth above, the Claim is untimely and fails to comply with the Administrative Bar Date Order. Accordingly, the GUC Trust requests that the Court enforce the Administrative Bar Date Order and disallow and expunge the Claim in its entirety.

### Notice

16.    Notice of this Objection has been provided to New GM and parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated May 5, 2011 (ECF No. 10183). The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

17.    No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court. [4]

---

[4]    The GUC Trust reserves all of its rights to object to the Claim on any other basis to the extent the Court does not grant the relief requested herein.

5

WHEREFORE the GUC Trust respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
      December 6, 2012

                   /s/ Stefanie Birbrower Greer
                   Barry N. Seidel (BS-1945)
                   Stefanie Birbrower Greer (SG-2898)

                   DICKSTEIN SHAPIRO LLP
                   1633 Broadway
                   New York, New York 10019-6708
                   Telephone: (212) 277-6500
                   Facsimile: (212) 277-6501

                   Attorneys for Motors Liquidation
                   Company GUC Trust

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
MOTORS LIQUIDATION COMPANY, *et al.,*    :    Case No. 09-50026 (REG)
      f/k/a General Motors Corp., *et al.*   :
                                         :
                   Debtors.    :    (Jointly Administered)
                                         :
-----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss
COUNTY OF SUFFOLK      )

I, Patrick M. Leathem, being duly sworn, depose and state:

1.  I am an Assistant Director with The Garden City Group, Inc. ("**GCG**"), the claims, noticing

and solicitation agent for the debtors and debtors-in-possession (the "**Debtors**") in the above-

captioned proceeding. Our business address is 105 Maxess Road, Melville, New York 11747.

2.  On December 22 and 23, 2010, at the direction of Weil, Gotshal & Manges LLP ("**Weil**"),

counsel for the Debtors, GCG caused a true and correct copy of the following documents to be

served via first class mail on the holders of Class 1[1] Claims (Secured Claims), holders of Class 2

Claims (Priority Non-Tax Claims) and holders of Class 4 Claims (Property Environmental

Claims), as set forth on the service list annexed hereto as Exhibit A:

- Notice of (I) Approval of Disclosure Statement; (II) Establishment of Record
  Date; (III) Hearing on Confirmation of the Plan and Procedures for Objecting to
  Confirmation of the Plan; and (IV) Procedures and Deadline for Voting on the
  Plan (the "**Confirmation Hearing Notice**");

---

[1] Capitalized terms that are not otherwise defined herein have the meanings ascribed to such terms in the Plan and
Disclosure Statement and/or the Disclosure Statement Approval Order (as defined below).

- Notice of Non-Voting Status To Unimpaired Classes: Class 1 (Secured Claims), Class 2 (Priority Non-Tax Claims), and Class 4 (Property Environmental Claims); and

- Notice of Deadlines for Filing Administrative Proofs of Claim (the "**Administrative Claim Bar Date Notice**").

3.   Between December 23, 2010 and December 28, 2010, also at the direction of Weil, GCG

caused a true and correct copy of the following documents to be served via first class mail on the

holders of Class 3 Claims (General Unsecured Claims), as set forth on the service list annexed

hereto as Exhibit B[2]:

- Confirmation Hearing Notice;

- Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan dated December 8, 2010, with all exhibits thereto, including, among other documents, the Debtors' Amended Joint Chapter 11 Plan, with all exhibits thereto (collectively, the "**Plan and Disclosure Statement**");

- Order (I) Approving Notice of Disclosure Statement Hearing; (II) Approving Disclosure Statement; (III) Establishing a Record Date; (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan; (V) Approving Notice Packages and Procedures for Distribution Thereof; (VI) Approving the Forms of Ballots and Establishing Procedures for Voting on the Plan; and (VII) Approving the Forms of Notices to Non-Voting Classes under the Plan (the "**Disclosure Statement Approval Order**");

- Letter from Official Committee of Unsecured Creditors dated December 10, 2010 (the "**Committee Letter**");

- Administrative Claim Bar Date Notice (collectively with the Confirmation Hearing Notice, Plan and Disclosure Statement, Disclosure Statement Approval Order and Committee Letter, the "**Solicitation Package**"); and

- a customized Ballot for Accepting or Rejecting Amended Joint Chapter 11 Plan of Motors Liquidation Company (f/k/a General Motors Corporation) and Its

---

[2] Exhibit B includes 109 parties whose claims had initially been under consideration for objection, which would have rendered those parties ineligible to vote on the Debtors' Plan. As those claims were ultimately not objected to prior to the Solicitation Date, those parties were entitled to receive Solicitation Packages with Ballots. GCG sent the Confirmation Hearing Notice and the Administrative Claim Bar Date Notice via first class mail to those parties on or before December 28, 2010, and sent Solicitation Packages with Class 3 Ballots via overnight courier to those parties on December 30, 2010. Exhibit B also includes one party, Remy International, Inc., that was served a Solicitation Package with Class 3 Ballot via overnight courier on January 5, 2011 to replace a Solicitation Package with Class 5 Ballot that was served via overnight courier on December 30, 2010, as reflected on Exhibit C hereto.

2

Affiliated Debtors for Class 3 (General Unsecured Claims), together with a postage prepaid return envelope (the "**Return Envelope**").

4.   On December 28, 2010, also at the direction of Weil, GCG caused a true and correct copy of the following documents to be served via first class mail on the holders of individual Class 5 Claims (Asbestos Personal Injury Claims), as set forth on the service list annexed hereto as Exhibit C[3]:

- the Solicitation Package; and

- a customized Ballot for Accepting or Rejecting Amended Joint Chapter 11 Plan of Motors Liquidation Company (f/k/a General Motors Corporation) and Its Affiliated Debtors for Class 5 (Asbestos Personal Injury Claims), together with a Return Envelope.

5.   On December 23, 2010, also at the direction of Weil, GCG caused a true and correct copy of the following documents to be served via first class mail on the attorneys representing the holders of Class 5 Claims (Asbestos Personal Injury Claims), as set forth in the service list annexed hereto as Exhibit D:

- the Solicitation Package;

- a non-customized individual Ballot for Accepting or Rejecting Amended Joint Chapter 11 Plan of Motors Liquidation Company (f/k/a General Motors Corporation) and Its Affiliated Debtors for Class 5 (Asbestos Personal Injury Claims); and

- a Master Ballot for Accepting or Rejecting Amended Joint Chapter 11 Plan of Motors Liquidation Company (f/k/a General Motors Corporation) and Its Affiliated Debtors for Class 5 (Asbestos Personal Injury Claims), together with a Return Envelope.

6.   On December 28, 2010, also at the direction of Weil, GCG caused an appropriate number of true and correct copies of the following documents to be served via hand delivery to Broadridge Financial Solutions, Inc., Attn: BSG Special Processing, Job Nos. N38706 & N39053, 51 Mercedes Way, Edgewood, NY 11717 ("**Broadridge**"), together with an instructional letter

---

[3] See Fn. 2.

3

directing Broadridge to distribute the documents to all beneficial owners of interests in Class 6

(Equity Interests in MLC) (*i.e.*, the equity securities bearing CUSIP Numbers 62010A105 and

370442105 (the "**Class 6 Securities**") as of December 7, 2010 (the "**Voting Record Date**")), the

nominees for which Broadridge services:

- Confirmation Hearing Notice;

- Administrative Claim Bar Date Notice; and

- Notice of Non-Voting Status to Impaired Class: Class 6 (Equity Interests in MLC)
  (collectively with the Confirmation Hearing Notice and Administrative Claim Bar
  Date Notice, the "**Equity Package**").

7.   On December 28, 2010, also at the direction of Weil, GCG caused an appropriate number of

true and correct copies of the Equity Package to be served via overnight courier to Mediant

Communications LLC, Reorg Center, Attn: Stephanie Fitzhenry, 109 North Fifth Street, Saddle

Brook, NJ 07663 ("**Mediant**"), together with an instructional letter directing Mediant to

distribute the documents to all beneficial owners of the Class 6 Securities as of the Voting

Record Date, the nominees for which Mediant services.

8.   On December 28, 2010, also at the direction of Weil, GCG caused an appropriate number of

true and correct copies of the Equity Package to be served via overnight courier on the known

broker nominees for the beneficial owners of the Class 6 Securities as of the Voting Record Date

that do not employ Broadridge or Mediant as their mailing agent (the "**Non-**

**Broadridge/Mediant Nominees**"), with an instructional letter directing the Non-

Broadridge/Mediant Nominees to distribute the documents to said beneficial owners, as set forth

on the service list annexed hereto as Exhibit E.

9.   On December 22, 2010, also at the direction of Weil, GCG caused an appropriate number of

true and correct copies of the Equity Package to be served via first class mail on the GCG

4

database of United States and Canadian brokers (the "**U.S. and Canadian Brokers**"), with an

instructional letter directing the U.S. and Canadian Brokers to distribute the documents to their

customers, if any, who are beneficial owners of the Class 6 Securities as of the Voting Record

Date, except where Broadridge or Mediant is employed as mailing agent by any of the

aforementioned U.S. and Canadian Brokers, as set forth on the service list annexed hereto as

Exhibit F.

10. On December 23, 2010, also at the direction of Weil, GCG caused a true and correct copy of

the Equity Package to be served via first class mail on the registered holders of the Class 6

Securities, as provided by the transfer agent therefor, and those parties that filed a proof of

interest in these Chapter 11 Cases, as set forth on the service list annexed hereto as Exhibit G.

11. On December 23, 2010, also at the direction of Weil, GCG caused a true and correct copy of

the Solicitation Package to be served via first class mail on (a) the attorneys for the Creditors'

Committee; (b) the attorneys for the Asbestos Claimants' Committee; (c) the attorneys for the

Future Claimants' Representative; (d) the Office of the United States Trustee; (e) the Securities

and Exchange Commission; (f) the Internal Revenue Service; (g) the United States Department

of Justice; (h) the United States Department of the Treasury; and (i) the Pension Benefit

Guaranty Corporation, as set forth on the service list annexed hereto as Exhibit H.

12. Between December 22, 2010 and December 28, 2010, also at the direction of Weil, GCG

caused a true and correct copy of the following documents to be served via first class mail on (a)

each of the parties who filed untimely claims on or before October 21, 2010; (b) the parties

holding Administrative Expense and Priority Tax Claims; (c) the holders of Note Claims,

Eurobond Claims and/or Nova Scotia Guarantee Claims who filed Claims; (d) all parties who

5

requested notice pursuant to Bankruptcy Rule 2002; and (e) all parties in GCG's creditor

database for these cases that do not fall within any of the categories described in paragraphs "2"

through "11" hereof, as set forth on the service list annexed hereto as Exhibit I:

- Confirmation Hearing Notice; and

- Administrative Claim Bar Date Notice.

/s/ Patrick M. Leathem
Patrick M. Leathem

Subscribed and sworn to before me this 14th day of
January, 2011

/s/ Debra Wolther
Debra Wolther
Notary Public – State of New York
No. 02WO4853469
Qualified in Nassau County
My Commission Expires 1/27/2014

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| GENERAL MOTORS URUGUAY S.A. | AVDA. JOAQUIN SUAREZ, 3094 | | | CP 11800 MONTEVIDEO C.P.1 URUGUAY | | | |
| GENERAL MOTORS URUGUAY S.A. á | CEBOLLATÏ= 1474 - OF. 301 - á | PEDRO A. ARLEO á | | MONTEVIDEO URUGUAY | | | |
| GENERAL MOTORS US TRADE CORPORATION | MINDY RIDDLE | 3993 HOWARD HUGHES PKWY STE 250 | | | LAS VEGAS | NV | 89169-6754 |
| GENERAL MOTORS US TRADING CORP | ATTN MINDY RIDDLE | 3993 HOWARD HUGHES PARKWAY STE 250UPDATE 5/18/06 AM | | | LAS VEGAS | NV | 89169 |
| GENERAL MOTORS VEHICLE MANUFACTURING | | | | | | | |
| GENERAL MOTORS VEHICLE MANUFACTURING | ATTN: GENERAL COUNSEL | 1795 LAFAYETTE ST | | | JANESVILLE | WI | 53546-2844 |
| GENERAL MOTORS VENEZOLANA | RICARDO MONTANEZ | AVENIDA GENERAL MOTORS PLANTA VALENCIA | ZONA INDUSTRIAL SUR II | VALENCIA ESTADO CARABOBO VENEZUELA | | | |
| GENERAL MOTORS VENEZOLANA C.A. | EDF. BANCO LARA, URB LA CASTELLANA | | | CARACAS VENEZUELA | | | |
| GENERAL MOTORS VENEZOLANA C.A. | EDF. BANCO LARA, URB. LA CASTELLANA | | | VALENCIA, VENEZUELA | | | |
| GENERAL MOTORS VENEZOLANA, C.A. | PHIL TRIOLO | 101 BARCLAY ST | 8TH FLOOR WEST | | | NY | 10286-0001 |
| GENERAL MOTORS VENEZOLANA, C.A. | RICARDO MONTANEZ | AVENIDA GENERAL MOTORS PLANTA VALENCIA | ZONA INDUSTRIAL SUR II | VALENCIA ESTADO CARABOBO VENEZUELA | | | |
| GENERAL MOTORS VENEZOLANA, C.A. á | PLANTA VELINACIA, ZONA INDUSTRIAL SUR II, AV GENERAL MOTORS | RONALDO ZNIDARSIS á | | VALENCIA EDO CARABBO VENEZUELA | | | |
| GENERAL MOTORS VENEZOLANA, CA | PHIL TRIOLO: INSURANCE TRUST AND ESCROW UNIT | CORPORATE TRUST ADMINISTRATION DIVISION | 101 BARCLAY STREET, 8TH FLOOR WEST | | | NY | 10286-0001 |
| GENERAL MOTORS WOMENS CLUB | PO BOX 100 | MAIL CODE 482-A32-D16 | | | DETROIT | MI | 48265-1000 |
| GENERAL MOTORS WOMENS CLUB PONTIAC | 39801 SUNDERLAND DR | | | | CLINTON TOWNSHIP | MI | 48038-2690 |
| GENERAL MOTORS WORLDWIDE REAL ESTATE | DIRECTOR, GM WORLDWIDE REAL ESTATE | 200 RENAISSANCE CENTER, 38TH FLOOR | MAIL CODE 482-C24-D24 | | DETROIT | MI | 48243 |
| GENERAL MOTORS, LLC | ATT LAWRENCE S BUONOMO ESQ | 400 RENAISSANCE CENTER | | | DETROIT | MI | 48265 |
| GENERAL MOTORS-GRAND RAPIDS | ATTN: GENERAL COUNSEL | 30400 MOUND RD | | | WARREN | MI | 48092-2029 |
| GENERAL MOTORS-GRAND RAPIDS | ATTN: GENERAL COUNSEL | 304400 MOUND RD | | | WARREN | MI | 48092-2029 |
| GENERAL MOTORS/OISA | PO BOX 5078 | | | | SOUTHFIELD | MI | 48086-5078 |
| GENERAL MOTOS UZBEKISTAN CJSC | 30 MIRZO ULUGBEK ST 10007 | | | TASHKENT CITY UZBEKISTAN | | | |
| GENERAL NUM/ELK | 390 KENT AVE | | | | ELK GROVE VILLAGE | IL | 60007-1902 |
| GENERAL OIL CO INC | 35795 VERONICA ST | | | | LIVONIA | MI | 48150-1204 |
| GENERAL OIL CO INC | 35796 VERONICA ST | | | | LIVONIA | MI | 48150-1204 |
| GENERAL OIL COMPANY | 35796 VERONICA ST | | | | LIVONIA | MI | 48150-1204 |
| GENERAL OIL COMPANY INC | 12680 BEECH DALY RD | | | | REDFORD | MI | 48239-2455 |
| GENERAL OIL COMPANY, INC. | 35796 VERONICA ST. | | | | LIVONIA | MI | 48150 |
| GENERAL OIL EQUIPMENT CO INC | 60 JOHN GLENN DR | | | | AMHERST | NY | 14228-2118 |
| GENERAL OIL SITE PRP ADMIN | C/O HONIGMAN MILLER SCHWARTZ | 660 WOODWARD AVE | 2290 FIRST NATIONAL BLDG | | DETROIT | MI | 48226-3409 |
| GENERAL OIL SITE PRP ADMINISTRATIVE FUND | C/O HONIGMAN MILLER SCHWARTZ | 1ST NTL BLDG 660 WOODWARD AVE | | | DETROIT | MI | 48226 |
| GENERAL ORTHOPEDICS | RICHARD S BARTHOLOMEW DO | 4800 HIGHLAND RD | | | WATERFORD | MI | 48328 |
| GENERAL PAPER GOODS CO | 3601 SOUTHSIDE INDUSTRIAL CT SE | | | | ATLANTA | GA | 30354-3216 |
| GENERAL PARTS | 2635 E MILLBROOK RD | | | | RALEIGH | NC | 27604-2809 |
| GENERAL PARTS CORPORATION | PO BOX 2075 | | | DAMMAN SAUDI ARABIA | | | |
| GENERAL PARTS INTERNATIONAL, INC. | JOHN W. GARDNER, SENIOR VICE PRESIDENT | 2635 E MILLBROOK RD | | | RALEIGH | NC | 27604-2809 |
| GENERAL PARTS, INC. | MAC GRAHAM | 2635 E MILLBROOK RD | | | RALEIGH | NC | 27604-2809 |
| GENERAL PATENT INTERNATIONAL | JL HAYAM WURUK NO 31 & J | | | JAKARTA 10120 INDONESIA | | | |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| KINER, MARTHA L | 6452 BRIDLE LN | | | | HIGHLAND | MI | 48356-1200 |
| KINER, MARY H. | 10552 CRAIG RD | | | | TRAVERSE CITY | MI | 49686-9221 |
| KINER, NANCY J | 97 BEECH ST | | | | HOMOSASSA | FL | 34446-4331 |
| KINER, NANCY J | 97 BEECH STREET | | | | HOMOSASSA | FL | 34446-4331 |
| KINER, ROBERT L | 4121 CAMELLIA CT | | | | MCALLEN | TX | 78501-3412 |
| KINERMON, GRADY | 20820 WYOMING ST APT 306 | | | | FERNDALE | MI | 48220-2146 |
| KINES, CAROL W | 740 SHADY LN NE | | | | WARREN | OH | 44484-1634 |
| KINES, EDWARD S | 277 CAMBRIDGE DR | | | | DIMONDALE | MI | 48821-9775 |
| KINES, KEVIN R | 6353 OMARA DR | | | | EATON RAPIDS | MI | 48827-8768 |
| KINES, KEVIN RAY | 6353 OMARA DR | | | | EATON RAPIDS | MI | 48827-8768 |
| KINETIC CERAMICS INC | 26240 INDUSTRIAL BLVD | | | | HAYWARD | CA | 94545-2922 |
| KINETIC CONCEPTS INC | PO BOX 659508 | | | | SAN ANTONIO | TX | 78265-9508 |
| KINETIC CONCEPTS, INC. | PERRY SCULLEY | 8023 VANTAGE DR | | | SAN ANTONIO | TX | 78230-4726 |
| KINETIC TECHNOLOGIES INC | 2902 ROCKEFELLER RD | | | | WILLOUGHBY HILLS | OH | 44092-1426 |
| KINETIC TECHNOLOGIES LLC | 1350 ROCKEFELLER RD | | | | WICKLIFFE | OH | 44092-1930 |
| KINETICO WATER PROCESSING SYS | VILLAGE & COUNTRY WATER | PO BOX 448 | 2875 N OLD 23 | | HARTLAND | MI | 48353-0448 |
| KINETICS NOISE CONTROL INC | 6300 IRELAN PL | PO BOX 655 | | | DUBLIN | OH | 43016-1278 |
| KINETICS SYSTEMS INC | 26055 SW CANYON CREEK RD | | | | WILSONVILLE | OR | 97070-9655 |
| KINETICS SYSTEMS, INC. | BILL JOHNSON | 26055 SW CANYON CREEK RD | | | WILSONVILLE | OR | 97070-9655 |
| KINETOP, PEGGY | PO BOX 633 | | | | BELLVILLE | OH | 44813-0633 |
| KINEX MEDICAL COMPAN | 1801 AIRPORT RD | | | | WAUKESHA | WI | 53188 |
| KING    J, BEATRICE I | 141 HAMPTON CIR | | | | ROCHESTER HILLS | MI | 48307-4103 |
| KING    J, BEATRICE I | 2009 TUSCOLA | | | | FLINT | MI | 48503-2119 |
| KING & MCNAMARA | ROBT C LINNEL ET AL DIBVUVA | 473 WASHINGTON ST | | | NORWOOD | MA | 02062-2330 |
| KING & SPALDING | 1185 AVENUE OF THE AMERICAS | | | | NEW YORK | NY | 10036 |
| KING & SPALDING | ATTN: JAMESON CARROLL, ESQ. | 1180 PEACHTREE STREET NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | ATTN: PHILLIP E. HOLLADAY, ESQ. | 1180 PEACHTREE STREET NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | FRANKLIN L COAN | 1180 PEACHTREE ST, NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | JAMESON B. CARROLL, ESQ. | 1180 PEACHTREE STREET, NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | JAMIE CARROLL | 1180 PEACHTREE ST., NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | L. FRANKLIN COAN | 1180 PEACHTREE ST, NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | PHILLIP E. HOLLADAY | 1180 PEACHTREE ST. NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | PHILLIP E. HOLLADAY | 1180 PEACHTREE ST., NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | PHILLIP E. HOLLADAY, ESQ. | 1180 PEACHTREE STREET, NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | RAY W. PERSONS | 1180 PEACHTREE ST., NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | ROBERT HAYS, ESQ. | 1180 PEACHTREE STREET | | | ATLANTA | GA | 30309 |
| KING & SPALDING | W. RAY PERSONS | 1180 PEACHTREE ST., NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING | W. RAY PERSONS, ESQ. | 1180 PEACHTREE STREET, NE | | | ATLANTA | GA | 30309 |
| KING & SPALDING LLP | 1180 PEACHTREE ST NE | | | | ATLANTA | GA | 30309 |
| KING & SPALDING LLP | 1180 PEACHTREE STREET | | | | ATLANTA | GA | 30309 |
| KING & SPALDING LLP | 1700 PENNSYLVANIA AVE NW | | | | WASHINGTON | DC | 20006-4700 |
| KING & SPALDING LLP | ATTYS FOR GENERAL MOTORS LLC | | ATTN: ARTHUR STEINBERG & SCOTT DAVIDSON | 1185 AVENUE OF THE AMERICAS | NEW YORK | NY | 10036 |
| KING & SPALDING LLP | LAURA WILDER | 1180 PEACHTREE STREET | | | ATLANTA | GA | 30309 |

# Exhibit B

7017318

**ADMINISTRATIVE PROOF OF CLAIM**

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

THE GARDEN CITY GROUP, INC.
APR 29 2011

Name of Debtor *(Check only one)*

| | |
|---|---|
| ☑ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, LLC (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |
| ☐ Remediation and Liability Management Company, Inc (subsidiary of General Motors Corporation) | 09-50029 (REG) |
| ☐ Environmental Corporate Remediation Company, Inc (subsidiary of General Motors Corporation) | 09-50030 (REG) |

**ADMINISTRATIVE CLAIM**

The deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtors is (i) on or before February 14, 2011 at 5 00 p m (Eastern Time), with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) the date that is thirty (30) days after the Effective Date at 5 00 p m (Eastern Time), with respect to administrative expenses arising between February 1, 2011 and the Effective Date

Name of Creditor (The person or other entity to whom the debtor owes money or property)

GENERAL MOTORS LLC

Name and address where notices should be sent

GENERAL MOTORS LLC
400 RENAISSANCE CENTER
DETROIT, MI 48265

Telephone Number

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court

FILED - 71111
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Last four digits of account or other number by which creditor identifies debtor

Check here ☐ replaces   a previously filed claim, dated _____
if this claim ☐ amends

**1. Basis for Claim**

| | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U S C § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last four digits of SS# |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☑ Other _____ | (date)         (date) |

**2. Date debt was incurred (must be on or after June 1, 2009):**

**3. If court judgment, date obtained:**

**4. Total Amount of Administrative Claim : $** _____ Unliquidated _____

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5. Brief Description of Administrative Expense Claim (attach any additional information):**

See Attachment

**6. Credits:** All payments made on this claim have been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:**
Attach copies of supporting document, such as promissory notes, contracts, security agreements, and evidence of perfection of liens
DO NOT SEND ORIGINAL DOCUMENTS

**8. This Administrative Proof of Claim:**
☑ is the first filed proof of claim evidencing the claim asserted herein

☐ supplements a proof of claim filed on or about _____

☐ replaces/supersedes a proof of claim filed on _____

**9. Date-Stamped Copy:** To receive an acknowledgement of the filing to your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| 4/25/2011 | Russell S Bratley   *[signature]* S Bratley<br>Director - Corporate Financial Planning and Analysis | U.S. BANKRUPTCY COURT S.D.N.Y. 2011 APR P 1:01 FILED |

*Penalty for presenting fraudulent claim* Fine up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

8413304300

09-50026-mg    Doc 12237    Filed 12/06/12    Entered 12/06/12 17:06:48    Main Document
Pg 23 of 29

# INSTRUCTIONS FOR FILING ADMINISTRATIVE PROOF OF CLAIM

*The instructions and definitions below are general explanations of the law  In particular cases or circumstances, there may be exceptions to these general rules*

## — DEFINITIONS —

**Administrative Bar Date**
The deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtor is (i) on or before February 14, 2011 at 5 00 p m. (Eastern Time), with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) the date that is thirty (30) days after the Effective Date at 5 00 p m. (Eastern Time), with respect to administrative expenses arising between February 1, 2011 and the Effective Date

**Administrative Expense Claims**
The claims described in section 503 and 507 of title 11 of the United States Code  Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation  (i) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case, (ii) certain taxes and penalties related thereto, (iii) compensation and reimbursement of certain officers, (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees, and (v) compensation for services rendered by an indenture trustee

**Administrative Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the Debtor owes an Administrative Expense Creditor for Administrative Expense Claims

**Debtors**
The Debtors in these cases are (i) Motors Liquidation Company, (ii) MLCS, LLC (f/k/a Saturn, LLC), (iii) MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), (iv) MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ), (v) Remediation and Liability Management Company, Inc , and (vi) Environmental Corporate Remediation Company, Inc

**Effective Date**
The Effective Date is the business day on or after the confirmation date of the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010  The Debtors shall file a notice of the Effective Date with the Bankruptcy Court and with the Securities and Exchange Commission

## ITEMS TO BE COMPLETED ON ADMINISTRATIVE PROOF OF CLAIM FORM

**Name of Debtor and Case Number**
   Provide the name of the applicable Debtor and its corresponding case number

**Information about Administrative Expense Creditor**
   Complete the section giving the name, address and telephone number of the Administrative Expense Creditor to whom the Debtor owes money or property, and the Debtor's account number, if any  If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1 Basis for Administrative Expense Claim**
   Check the type of debt for which the proof of claim is being filed.  If the type of debt is not listed, check "Other" and briefly describe the type of debt  If you were an employee of the Debtors, fill in the amount of your social security number and the dates of work for which you were not paid

**2. Date Debt Incurred**
   Fill in the date when the debt first was owed by the Debtor

**3 Court Judgments**
   If you have a court judgment for this debt, state the date the court entered the judgment

**4 Total Amount of Administrative Expense Claim**
   Fill in the amount of the entire claim  If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges

**5. Brief Description of Administrative Expense Claim**

**6 Credits.**
   By signing this Administrative Proof of Claim, you are stating under oath that in calculating the amount of your Administrative Expense Claim you have given the Debtor credit for all payments received from the Debtor

**7 Supporting Documents**
   You must attach to this proof of claim form copies of documents that show the Debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents  If documents are not available, you must attach an explanation of why they are not available

All Administrative Proofs of Claim must be **received on or before the Administrative Bar Date**, at the following address (whichever is applicable)

If by overnight courier or hand delivery to

The Garden City Group, Inc
Attn  Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

Or if by hand delivery to:

United States Bankruptcy Court, S D N Y
One Bowling Green
Room 534
New York, New York 10004

If by first-class mail, to

The Garden City Group, Inc
Attn  Motors Liquidation Company Claims Processing
P O  Box 9386
Dublin, Ohio 43017-4286

Please be advised that Administrative Proofs of Claim may **not** be delivered by facsimile, telecopy transmission, or electronic mail transmission  Administrative Proofs of Claim shall be considered timely filed only if actually received by the Debtors' claims agent, The Garden City Group, Inc , or by the Court on or before the Administrative Bar Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                           :

In re:                              :       Chapter 11
                                           :

MOTORS LIQUIDATION COMPANY, *et al* ,  :
     f/k/a General Motors Corp., *et al.*,  :       Case No. 09-50026 (REG)
                                         :

                  Debtors.         :       (Jointly Administered)
-----------------------------------------------------------x

## ATTACHMENT TO ADMINISTRATIVE
## PROOF OF CLAIM OF GENERAL MOTORS LLC

      1.     On June 1, 2009 ("**Petition Date**"), General Motors Corporation ("**Old GM**") and

certain of its subsidiaries (collectively, the "**Debtors**") commenced voluntary bankruptcy cases

under Chapter 11 of the Bankruptcy Code.  Pursuant to an Order of the Bankruptcy Court, the

Debtors' cases are jointly administered under Case No. 09-50026 (REG).

      2.     On the Petition Date, the Debtors filed a motion ("**Sale Motion**") requesting, *inter*

*alia*, an order ("**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365,

authorizing and approving, among other things, the sale of substantially all of the Debtors' assets

to General Motors LLC (f/k/a General Motors Company and NGMCO, Inc.) ("**New GM**")

pursuant to the Amended and Restated Master Sale and Purchase Agreement, dated as of June

26, 2009 ("**MSPA**"), free and clear of liens, claims, encumbrances, and other interests ("**363**

**Transaction**").  On July 5, 2009, the Court approved the 363 Transaction and entered the Sale

Order; on July 10, 2009, the 363 Transaction closed.

      3.     Pursuant to the MSPA, Old GM and New GM entered into a Transition Services

Agreement which set forth certain transition services that were agreed to be undertaken by Old

GM or New GM, as the case may be.  In addition, after the closing of the 363 Transaction, New

GM continued as a tenant under certain leases concerning several properties owned by Old GM.

Doc No 16067615v1

Moreover, other contractual arrangements between the parties survived the closing of the 363 Transaction. Although many of the post petition contractual connections between Old GM and New GM have expired or been fully performed, some remain.

4.    On March 29, 2011, the Bankruptcy Court entered an Order ("**Confirmation Order**") confirming the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 ("**Plan**"). Pursuant to paragraph 11(b) of the Confirmation Order, Old GM transferred and assigned to the Environmental Response Trust (as defined in the Plan) certain agreements between one or more of the Debtors and New GM. In addition, pursuant to Paragraph 11(c) of the Confirmation Order certain procedures were established for the transfer and assignment to the Environmental Response Trust or the GUC Trust (as defined in the Plan) of additional agreements that may exist between Old GM and New GM where the obligations have not been fully performed by the parties.

5.    On December 14, 2010, the Bankruptcy Court entered a *Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof* ("**Administrative Claim Bar Date Order**"). Pursuant to the Administrative Claim Bar Date Order, the deadline to file a proof of claim with respect to administrative expenses arising between February 1, 2011 and the Effective Date (as defined in the Plan) is thirty (30) days after the Effective Date, or April 30, 2011.

6.    As of the filing of this Administrative Proof of Claim, New GM is not aware of any administrative expense claim that it may have against the Debtors based on an existing agreement between them that is not being adequately performed. Notwithstanding, there may be

agreements between one or more of the Debtors and New GM that in the future may not be fully

performed, or which may not be assigned to the Environmental Response Trust or the GUC Trust

before Old GM ceases to exist in accordance with the Plan.[1] Accordingly, New GM is filing this

Administrative Proof of Claim out of an abundance of caution to preserve and reserve all of its

rights to assert an administrative expense claim against one or more of the Debtors if the facts

and circumstance so warrant.

7.      The execution and filing of this Administrative Proof of Claim is not and shall not

be deemed or construed as a waiver or release of New GM's rights against any person, entity, or

property, including, but not limited to, any Trust established pursuant to the Plan.

8.      Notices: All notices concerning this Administrative Proof of Claim shall be sent

to (i) General Motors LLC, 400 Renaissance Center, Detroit, MI 48265, Attn: Lawrence S.

Buonomo, Esq.; and (ii) King & Spalding LLP, 1185 Avenue of the Americas, New York, New

York, 10036-4003, Attn: Arthur Steinberg, Esq.

Dated: Detroit, Michigan
       April 25, 2011

GENERAL MOTORS LLC

By: _____
Name:      Russell S. Bratley
Title:     Director - Corporate Financial
           Planning and Analysis

---

[1] For example, New GM and Old GM are parties to a letter agreement dated March 28, 2011 ("**March 28 Letter Agreement**") that concerns a cost-sharing arrangement between the parties regarding the transportation and disposal of hazardous wastes at certain sites that are referenced in a *Master Lease Agreement (Excluded Manufacturing Assets)*, dated July 9, 2010 between New GM and Old GM   New GM, Old GM and the Environmental Response Trust are currently in discussions regarding the transfer and assignment of the March 28 Letter Agreement to the Environmental Response Trust.  However, as of the date of this Administrative Proof of Claim, the transfer and assignment of the March 28 Letter Agreement has not been effectuated.  If this transfer and assignment is not completed, an administrative expense claim may arise if the March 28 Letter Agreement is not fully performed by Old GM

Page 4 of 11

From  (631) 470-5000
Southern District of New York
United States Bankruptcy Cou
One Bowling Green
Kevin Cockerham-Intake Clerk
New York, NY 10004

Origin ID SXYA



J111010122202225

Ship Date 25JAN11
ActWgt 1 0 LB
CAD 100098347/INET3130

Delivery Address Bar Code

Ref #    APS

SHIP TO (614) 289-5400          BILL SENDER

**Motors Liquidation Company**
**The Garden City Group, Inc.**
**5151 Blazer Parkway**
**Suite A**
**Dublin, OH 43017**

RMA #
Return Reason

TRK# **7966 9342 3582**
0221

WED - 26 JAN  A2
PRIORITY OVERNIGHT

**43017**
OH-US
**LCK**



500DG1/DE77//EFB

1 Select the 'Print' button to print 1 copy of each label
2 The Return Shipment instructions, which provide your recipient with information on the returns process, will be printed with the label(s)
3 After printing, select your next step by clicking one of the displayed buttons

**Note:** To review or print individual labels, select the Label button under each label image above

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex com FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim Limitations found in the current FedEx Service Guide apply Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value Recovery cannot exceed actual documented loss Maximum for items of extraordinary value is $500, e g jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide Written claims must be filed within strict time limits, see current FedEx Service Guide

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
      f/k/a General Motors Corp., *et al.* :
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO PROOF OF CLAIM OF GENERAL MOTORS LLC (CLAIM NO. 71111) AND ENFORCING ADMINISTRATIVE CLAIM BAR DATE ORDER

Upon the objection to the administrative proof of claim filed by General Motors

LLC (Claim No. 71111) (the "**Claim**") and motion requesting enforcement of the Administrative

Bar Date,[1] dated December 6, 2012 (the "**Objection**"), of the Motors Liquidation Company

GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the

"**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"),

pursuant to section 503(a) of title 11, United States Code (the "**Bankruptcy Code**"), Rules

3003(c)(3) and 3007(d) and of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), this Court's order establishing the deadline for filing requests for payment of certain

administrative expenses and procedures relating thereto (the "**Administrative Bar Date**

**Order**"), seeking entry of an order disallowing and expunging the Claim on the grounds that it

was not timely filed, all as more fully described in the Objection; and due and proper notice of

the Objection having been provided, and it appearing that no other or further notice need be

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2013


_____
United States Bankruptcy Judge