UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                            :
In re                                                       :        Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :        09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                        Debtors.                            :        (Jointly Administered)
                                                            :
-------------------------------------------------------------------x

# ORDER GRANTING 288TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

Upon the omnibus objection to expunge certain claims, dated November 7, 2012 (the "**288th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, supplemented or modified from time to time, the "**Plan**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Contingent Co-Liability Claims on the ground that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the 288th Omnibus Objection to Claims; and due and proper notice of the 288th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 288th Omnibus Objection to Claims.

and the Court having found and determined that the relief sought in the 288th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 288th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 288th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(e)(1)(B) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that the 288th Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"); and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the 228th Omnibus Objection to Claims that is not disallowed or expunged pursuant to this Order; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       **_December 21_**, 2012

                                      **_/s/ Robert E. Gerber_**
                                      United States Bankruptcy Judge