**Hearing Date and Time: December 13, 2012 at 9:45 a.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                :
                          Debtors.              :   (Jointly Administered)
                                                :
------------------------------------------------------------x

### STIPULATION AND AGREED ORDER RESOLVING
### CLAIM NO. 65807 FILED BY ROLLS-ROYCE CORPORATION

This Stipulation and Agreed Order (the "**Stipulation and Agreed Order**")[1] is entered into as of December 28, 2012 (the "**Effective Date**") by and among the Motors Liquidation Company GUC Trust (the "**GUC Trust**") and Rolls-Royce Corporation (f/k/a Allison Engine Company, Inc., f/k/a AEC Acquisition Company, Inc.) (the "**Claimant**," and together with the GUC Trust, the "**Parties**").

### RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its affiliated debtors (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on November 24, 2009, the Claimant filed proof of claim no. 65807 (the "**Claim**") in an unliquidated amount, for damages resulting from the rejection by the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to such terms in the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, modified, or supplemented, the "**Plan**") (ECF No. 9836).

Debtors under section 365 of the Bankruptcy Code of that certain *Asset Purchase Agreement* (the "**Asset Purchase Agreement**"), dated September 14, 1993, between General Motors Corporation and AEC Acquisition Corporation;

WHEREAS, on January 26, 2011 (the "**Original Objection Date**"), the Debtors objected to the Claim pursuant to the *Debtors' 159th Omnibus Objection to Claims (Contingent Co-Liability Claims)* (the "**Original Objection**") (ECF No. 8840), on the ground that the Claim is subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code;

WHEREAS, on March 7, 2011, the Court entered an Order (the "**Disallowance Order**") (ECF No. 9629) disallowing and expunging the Claim;

WHEREAS, on September 12, 2012, the Parties entered into a stipulation and agreed order (the "**Reinstatement Stipulation**") (ECF No. 12123) to reinstate the Claim on a limited basis and to reinstate the Original Objection as to the Claim, all as more fully explained in the Reinstatement Stipulation;

WHEREAS, on November 16, 2012, the GUC Trust filed a supplemental objection (the "**Supplemental Objection**") (ECF No. 12201) to the Claim;

WHEREAS, following the filing of the Supplemental Objection, the Parties consensually agreed to resolve all aspects of the Claim except the Future Environmental Remediation Portion of the Claim (as defined in the Supplemental Objection);[2]

WHEREAS, on November 30, 2012, the Claimant filed its response (the "**Response**") (ECF No. 12228) to the GUC Trust's Supplemental Objection;

---

[2] The Parties agreed that the Claimant would be entitled to an allowed general unsecured claim in the amount of $1,404,798 on account of all portions of the Claim other than the Future Environmental Remediation Portion (including $1,187,661 on account of the Allowable Products Liability Portion and $217,137 on account of the Allowable Environmental Remediation Portion (as defined in the Supplemental Objection)).

2

WHEREAS, on December 7, 2012, the GUC Trust filed its reply (ECF No. 12241) to the Claimant's Response;

WHEREAS, on December 13, 2012, a hearing was held on the Original Objection and the Supplemental Objection as to the Claim, whereupon the Court issued a dictated decision to disallow the Future Environmental Remediation Portion of the Claim and directed the Parties to settle an order consistent with its dictated decision;

WHEREAS, the Parties are entering into this Stipulation and Agreed Order to fully and finally fix and resolve the Claim (which will preclude any right of the Claimant to appeal the disallowance of the Future Environmental Remediation Portion of the Claim), so that the GUC Trust may attempt to provide distributions to the Claimant on account of the allowable portion of the Claim as expeditiously as possible;

NOW, THEREFORE, after good-faith, arms-length negotiations, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be allowed as a Class 3 General Unsecured Claim solely in the amount of $1,404,798 on account of the Allowable Products Liability Portion and the Allowable Environmental Remediation Portion, to be treated in accordance with the Plan and this Stipulation and Agreed Order.

2. With the exception of the right to receive distributions on account of the allowance of the Claim pursuant to this Stipulation and Agreed Order and the Plan, the Claimant fully, finally, and forever releases, relinquishes and discharges the Debtors, the GUC Trust, their estates, employees and agents, from all claims, damages, rights, and causes of action of every nature, whether known or unknown, asserted or unasserted with respect to the Claim. For the avoidance of doubt, the Claimant shall not have the right to appeal the disallowance of the Future

3

Environmental Remediation Portion of the Claim as this Stipulation and Agreed Order fully resolves all aspects of the Claim.

3. The claims agent in the Debtors' chapter 11 cases shall be authorized and empowered to adjust the claims register in accordance with this Stipulation and Agreed Order.

4. This Stipulation and Agreed Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

5. This Stipulation and Agreed Order may not be modified other than by signed writing executed by the Parties hereto.

6. Each person who executes this Stipulation and Agreed Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Agreed Order.

7. This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreed Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

8. This Stipulation and Agreed Order shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.  This Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Agreed Order.

*[Signature Page Follows]*

| **MOTORS LIQUIDATION COMPANY GUC TRUST** **By Wilmington Trust Company, not in its individual capacity, but solely as MLC GUC Trust Administrator** | **ROLLS-ROYCE CORPORATION** |
|---|---|
| By: /s/ Anita Roselli Woolery | By: /s/ Harvey Strickon |
| Print Name: Anita Roselli Woolery<br>Title: Assistant Vice President | Print Name: Harvey Strickon<br>Title: Counsel to Rolls-Royce Corporation |
| Dated: December 28, 2012 | Dated: December 25, 2012 |

**IT IS SO ORDERED**

Dated: **January 3**, 201**3**
      New York, New York

                                        /s/ Robert E. Gerber
                                        United States Bankruptcy Judge