# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                          :   Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,        :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*            :
                                                               :
               Debtors.                               :   (Jointly Administered)
                                                               :
------------------------------------------------------------x

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER PURSUANT TO SECTIONS 1129(a) AND (b) OF THE BANKRUPTCY CODE AND RULE 3020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

WHEREAS Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"[1]), as "proponents of the plan" within the meaning of section 1129 of title 11, United States Code (the "**Bankruptcy Code**"), filed the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (such plan, as transmitted to parties in interest being the "**Amended Plan**," and as subsequently modified, the "**Plan**")[2] and the Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan, dated December 8, 2010 (as transmitted to parties in interest, the "**Disclosure Statement**"); and

WHEREAS on December 8, 2010, the Bankruptcy Court entered an order (the "**Solicitation Order**") (ECF No. 8043), which, among other things, (i) approved the Disclosure Statement under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017, (ii)

---

[1] The term "**Debtors**" used herein shall refer to the Debtors whether prior to or on and after the Effective Date.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan, a copy of which is annexed hereto as **Exhibit "A."** Any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

Debtors no later than thirty (30) days after the Effective Date, or (d) constitutes an Environmental Trust Asset.

10. <u>Bar Date for Rejection Damage Claims</u>. Pursuant to Section 8.3 of the Plan, if the rejection of an executory contract or unexpired lease by any of the Debtors pursuant to Section 8.1 of the Plan results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not heretofore evidenced by a filed proof of Claim, shall be forever barred and shall not be enforceable against the Debtors, the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, and the Avoidance Action Trust Administrator, or any property to be distributed under the Plan, the GUC Trust, the Asbestos Trust, the Environmental Response Trust, and the Avoidance Action Trust unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtors, the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, and the Avoidance Action Trust Administrator on or before the date that is sixty (60) days after the Effective Date.

11. <u>Transfer and Assignment of Postpetition Contracts</u>

(a) <u>Transfer and Assignment of Postpetition Contracts Annexed as Exhibit to Environmental Response Trust Agreement to Environmental Response Trust</u>. The Debtors are authorized to assign the postpetition contracts that are annexed as an Exhibit to the Environmental Response Trust Agreement to the Environmental Response Trust. In connection therewith, the Debtors shall provide written notice to each counterparty to such postpetition contracts of the assignment of the contract and the new contract parties for notices thereunder.

(b) <u>MSPA-Related Agreements</u>. On the Effective Date, the following agreements between one or more of the Debtors and New GM, and any amendments to such agreements, as applicable, shall be transferred and assigned to the Environmental Response

Trust: (i) the Master Lease Agreement (Subdivision Properties), dated July 10, 2009, between General Motors Corporation and General Motors Company; (ii) the Letter Agreement, dated June 28, 2010, between General Motors LLC and Motors Liquidation Company regarding the retention pond located at the Pontiac North Campus, 220 East Columbus, Pontiac, MI 48340 (the "**June 28 Letter Agreement**"); (iii) the Master Lease Agreement (Excluded Manufacturing Assets), dated July 10, 2009, between General Motors Corporation and General Motors Company; (iv) the Letter Agreement, dated June 23, 2010, between General Motors LLC and Motors Liquidation Company regarding soil removal activities at Parcel 39A located in Bedford, Indiana; (v) the Letter Agreement, dated November 24, 2010, between General Motors LLC and Motors Liquidation Company that concerns certain equipment located at GMPT - 11032 Tidewater Trail, Fredericksburg, Virginia 22408; (vi) the Access Agreement, dated as of December 13, 2010 (the "**Access Agreement**"), between General Motors LLC and Motors Liquidation Company that concerns property commonly known as GMPT-Parma Stamping, located at 5400 Chevrolet Boulevard, Parma, Ohio; (vii) the Letter Agreement, dated February 24, 2011, between General Motors LLC and Motors Liquidation Company, which amends and supplements the Access Agreement; and (viii) the Transition Services Agreement, dated as of July 10, 2009, between Motors Liquidation Company, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and General Motors Company, and any termination notices related thereto (collectively, the "**MSPA-Related Agreements**"). Notwithstanding any transfers and assignments of the MSPA-Related Agreements to the Environmental Response Trust, Post-Effective Date MLC and the GUC Trust shall be deemed, and shall be entitled as, a third-party beneficiary to enforce any provision of the MSPA necessary to carry out their respective duties.

(c) <u>Assignment of Additional Agreements to GUC Trust or Environmental Response Trust by Post-Effective Date MLC</u>. Post-Effective Date MLC shall provide at least thirty (30) days' prior written notice to New GM, the GUC Trust Administrator, and the Environmental Response Trust Administrative Trustee of the dissolution of Post-Effective Date MLC, and, within fifteen (15) days thereof, New GM shall notify Post-Effective Date MLC, the GUC Trust Administrator, and the Environmental Response Trust Administrative Trustee of any additional agreements that it believes should be assigned to the GUC Trust or the Environmental Response Trust. Post-Effective Date MLC and New GM shall cooperate with each other in seeking to obtain the transfer and assignment of such additional agreements to the appropriate Trust, subject to the prior written consent of the GUC Trust Administrator or the Environmental Response Trust Administrative Trustee, as the case may be, and if the parties cannot resolve any outstanding issues, the matters will be decided by the Bankruptcy Court. In connection with any assignment of a postpetition contract pursuant to this Paragraph 11(c), Post-Effective Date MLC shall provide written notice to each counterparty to such postpetition contract of the assignment of the contract and the new contact parties for notices thereunder. Nothing in this Paragraph 11(c) shall require the Environmental Response Trust to assume any obligation that is inconsistent with the purposes and funding of the Environmental Response Trust.

12. <u>General Authorizations</u>. Each of the Debtors is authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and provisions of the Plan and any securities issued pursuant to the Plan. The Debtors and their directors, officers, members, agents, and attorneys are authorized and empowered to issue, execute, deliver, file, or record any agreement, document, or security, including, without limitation, the documents contained in the Plan Supplement and the Exhibits