# EXHIBIT B

Hearing Date and Time: To Be Determined
Response Deadline: December 13, 2010
**EVIDENTIARY HEARING REQUESTED**

BUTZEL LONG, a professional corporation
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman
380 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 818-1110

*Special Counsel to the Official Committee of Unsecured
Creditors of Motors Liquidation Company f/k/a General
Motors Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                    :
In re                                               :   **Chapter 11**
                                                    :
**MOTORS LIQUIDATION COMPANY**, *et al.*,           :   Case No.: 09-50026 (REG)
                                                    :
            **Debtors.**                            :   (Jointly Administered)
                                                    :
---------------------------------------------------------------x

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST
AMENDED OBJECTION TO CLAIMS FILED BY GREEN HUNT
WEDLAKE, INC. AND NOTEHOLDERS OF GENERAL MOTORS NOVA
SCOTIA FINANCE COMPANY AND MOTION FOR OTHER RELIEF**

BUTZEL LONG, a professional corporation
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman
380 Madison Avenue, 22nd Floor
New York, New York 10017
Tel: (212) 818-1110
Fax: (212) 818-0494

*Special Counsel to the Official Committee of
Unsecured Creditors of Motors Liquidation
Company f/k/a General Motors Corporation*

minimum, Old GM's creditors should have been notified that the transfer of the Swap Liability would ultimately result in the assertion of the New GM Swap Claim against Old GM (via the Duplicative Claim) for the benefit of the Noteholders, and also should have been afforded a meaningful opportunity to object to the transfer. The aforementioned inequitable conduct will result in diminished recoveries to creditors of Old GM. The Lock-Up Noteholders' conduct, and that of New GM, has been inequitable, unconscionable and outrageous and has harmed Old GM's creditors and other stakeholders. Such conduct can and should be imputed to the Nova Scotia Finance Trustee.

72.     In equity and good conscience, the Claims should be equitably subordinated to the fullest extent permitted by law.

### E.     *The Committee is Entitled to Relief Under Rule 60(b) of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure*

73.     Finally, for the reasons already set forth above, the Committee requests an order voiding the Assumption Order under Rule 60(b) of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure, but only to the extent that the Assumption Order authorized the Debtors to assume and/or assign the Lock-Up Agreement and any other obligations incident thereto, including those concerning the Swap Transactions. This request for relief is asserted protectively, in anticipation of the need to respond to the Noteholders' argument that the purported assumption of the Lock-Up Agreement by Old GM, or the transfer of the swap claim to New GM, or the transfer of certain avoidance actions to New GM bars any challenge to the Claims.

09-50026-mg    Doc 12280-2    Filed 01/08/13    Entered 01/08/13 14:13:22    Exhibit B
Pg 4 of 4
09-50026-reg  Doc 7859  Filed 11/19/10  Entered 11/19/10 13:04:19  Main Document  Pg 26 of 27

## RESERVATION OF RIGHTS

74. The Committee respectfully reserves all of its rights under federal, state and Canadian law with respect to the Claims and all other claims asserted by, or for the benefit of, the Lock-Up Noteholders, including but not limited to the right to seek standing from this Court to file an adversary proceeding concerning such claims and seek recovery of all payments made to, or for the benefit of, the Lock-Up Noteholders. The Committee further reserves its right to supplement or amend this application based upon information learned through discovery in this matter.

## NOTICE

75. The Committee has provided notice of this application to parties-in-interest in accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 (Docket No. 5670). The Committee submits that such notice is sufficient and further notice need not be provided. No previous request for the relief sought in this application has been made by the Committee to this or any other court.

**WHEREFORE**, the Committee requests entry of an order:

(a) disallowing the Claims in their entirety under section 502(d) of the Bankruptcy Code;

(b) alternatively, reducing the total Claims to an amount equal to the principal amount of the Notes less the Consent Fee, which Consent Fee should be recharacterized as a payment against the principal amount of the Notes;

(c) to the extent the Claims are allowed, equitably subordinating the Claims to the claims of all other general unsecured creditors;