# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

January 16, 2013

**VIA E-MAIL TRANSMISSION**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    **In re Motors Liquidation Company,** *et al.*
               **Case No. 09-50026 (REG)**

Dear Judge Gerber:

      King & Spalding LLP is counsel to General Motors LLC ("**New GM**") in the above-referenced matter. On behalf of New GM, we respectfully request that you consider this brief letter in response to the Reply filed by the GUC Trust in respect of its Objection to New GM's Administrative Expense Claim (scheduled to be heard on Thursday, January 17, 2013).

      After the Confirmation Order was entered and the Effective Date of the Debtors' Plan had occurred, but prior to the expiration of the Second Administrative Bar Date, New GM filed its Administrative Expense Claim, out of an abundance of caution, even though, for the following two reasons, it reasonably believed it was not subject to the Administrative Expense Bar Date Order, dated December 14, 2010 ("**Administrative Expense Bar Date Order**").[1]

      First, the Administrative Expense Bar Date period expired on the Effective Date of the Plan. Subsequently, after the Administrative Expense Period, Post-Effective Date MLC, and ultimately the Trusts formed under the Debtors' Plan, had certain ongoing obligations to New GM. Section 11(b) of the Confirmation Order highlighted certain of those obligations, and Section 11(c) of the Confirmation Order stated that there may be other agreements with New GM which would be performed by Post-Effective Date MLC, and ultimately the Trusts. New GM filed the Administrative Expense Claim, among other things, to confirm the post-Effective

---

[1] A copy of the Administrative Expense Bar Date Order is annexed hereto as Exhibit A."

20086936v1

Honorable Robert E. Gerber
January 16, 2013
Page 2

Date obligations of Post-Effective Date MLC, and the Trusts to New GM, which are set forth in the Confirmation Order.

Second, the Administrative Expense Bar Date Order does not apply to New GM because, among other things, claims allowed by prior orders of the Court are not subject to the Administrative Expense Bar Date Order. *See* Administrative Expense Bar Date Order, p. 3. Since New GM's administrative claim was allowed by the Sale Order which approved the MSPA, it was not subject to the Administrative Expense Bar Date Order. The Sale Order provides in relevant part:

> Any amounts that become payable by the Sellers to the Purchaser pursuant to the M[S]PA (and related agreements executed in connection therewith, including, but not limited to, any obligation arising under Section 8.2(b) of the M[S]PA) shall (a) constitute administrative expenses of the Debtors' estates under sections 503(b)(1) and 507(a)(1) of the Bankruptcy Code and (b) be paid by the Debtors in the time and manner provided for in the M[S]PA without further Court order.

Sale Order, ¶ 54.[2]

Section 9.1 of the MSPA, in turn, provides, in relevant part, that "[a]ll covenants and agreements contained in this Agreement, including those covenants and agreements set forth in **ARTICLE II** and **ARTICLE VI**, shall survive the Closing indefinitely." Article II of the MSPA deals with New GM's acquisition of the Purchased Assets, which is an issue raised by the GUC Trust in the *GM Nova Scotia* trial. Article VI of the MSPA contains various covenants which the Debtors are required to perform in favor of New GM. The agreements referenced in Sections 11(b) and (c) of the Confirmation Order are predicated on the Debtors' covenants in the MSPA, including those contained in Article VI of the MSPA. Section 9.16 of the MSPA provides for enforcement of the MSPA by New GM, and includes the remedy of specific performance.

The Administrative Expense Bar Date Order also states that, if the Plan contemplates that a particular administrative claim would be paid, the holder of such claim is not subject to the Administrative Expense Bar Date Order. *See* Administrative Expense Bar Date Order, p. 4. Here, the Sale Order states that the Plan cannot override the provisions of the MSPA (*see* Sale Order, ¶ 6), and Article II and Article VI of the MSPA survive the closing of the Sale. Further, the Confirmation Order states that if there is an inconsistency between the Plan and the Confirmation Order, the Confirmation Order would control. *See* Confirmation Order, ¶ 71.[3] And, as noted, the Confirmation Order recognizes specific obligations to be performed by Post Effective Date MLC and the Trusts in favor of New GM. *See id* ¶ 11.

---

2  The relevant portions of the Sale Order are annexed hereto as Exhibit "B."
3  The relevant portions of the Confirmation Order are annexed hereto as Exhibit "C."

Honorable Robert E. Gerber
January 16, 2013
Page 3

      All of these provisions, taken as a whole, demonstrate that New GM should not be subject to the Administrative Expense Bar Date Order. A critical component of the structure of the 363 Transaction was to align the interests of the creditors of Old GM with New GM, as purchaser of the material assets of the Debtors' businesses, by giving the creditors an equity stake in New GM. There was never a contemplation that the rights given to New GM, under the MSPA, would be curtailed by subsequent orders of the Court, including an Administrative Expense Bar Date Order.

      Alternatively, the notice in the Administrative Expense Bar Date Order as to which entities would be subject to the Administrative Expense Bar Date was not sufficiently clear such that New GM's Administrative Expense Claim should be considered timely filed.

      In view of the foregoing, and based on its prior submission, New GM requests that the Court deny the GUC Trust's Objection to New GM's Administrative Expense Claim.

                          Respectfully submitted,

                          /s/ Arthur Steinberg
                          Arthur Steinberg

AJS/sd

cc:    Barry N. Seidel, Esq.
        Stefanie Birbrower Greer, Esq.