# **EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                :
In re                                           :     Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :     09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                :
            Debtors.                            :     (Jointly Administered)
                                                :
---------------------------------------------------------------x

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER PURSUANT TO SECTIONS 1129(a) AND (b) OF THE BANKRUPTCY CODE AND RULE 3020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

WHEREAS Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"[1]), as "proponents of the plan" within the meaning of section 1129 of title 11, United States Code (the "**Bankruptcy Code**"), filed the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (such plan, as transmitted to parties in interest being the "**Amended Plan**," and as subsequently modified, the "**Plan**")[2] and the Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan, dated December 8, 2010 (as transmitted to parties in interest, the "**Disclosure Statement**"); and

WHEREAS on December 8, 2010, the Bankruptcy Court entered an order (the "**Solicitation Order**") (ECF No. 8043), which, among other things, (i) approved the Disclosure Statement under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017, (ii)

---

[1] The term "Debtors" used herein shall refer to the Debtors whether prior to or on and after the Effective Date.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan, a copy of which is annexed hereto as Exhibit "A." Any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

67.     <u>Notice of Effective Date</u>. Within five (5) Business Days following the occurrence of the Effective Date, the GUC Trust Administrator shall file the notice of the occurrence of the Effective Date and shall serve a copy of same on parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).

68.     <u>Binding Effect</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and the Plan Supplement shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

69.     <u>Immediate Effectiveness</u>. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014, the terms and provisions of this Confirmation Order shall be immediately effective and enforceable upon its entry, and the Environmental Consent Decree and Settlement Agreement and the Priority Order Sites Consent Decrees and Settlement Agreements shall become effective immediately upon the occurrence of the Effective Date. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Confirmation Order.

70.     <u>Severability</u>. Each term and provision of the Plan, as it may have been altered or interpreted by the Bankruptcy Code in accordance with Section 12.12 of the Plan, is valid and enforceable pursuant to its terms.

71.     <u>Conflicts Between Order and Plan</u>. To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and provisions contained in this Confirmation Order shall govern. The provisions of this Confirmation Order

are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of the Bankruptcy Court.

72.   <u>Notices to the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, or the Avoidance Action Trust Administrator.</u>  To be effective, all notices, requests, and demands to or upon the the GUC Trust Administrator, the GUC Trust Monitor, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, the Avoidance Action Trust Administrator, or the Avoidance Action Trust Monitor shall be in writing (including by facsimile or electronic transmission) and, unless otherwise expressly provided in the Plan, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

If to the GUC Trust Administrator, to:

Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, Delaware 19890-1615
Attn: Corporate Trust Administration
Telephone: (302) 636-6000
Telecopier: (302) 636-4140
E-mail: guctrustadministrator@wilmingtontrust.com

-and-

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193
Attn: Matthew J. Williams, Esq.
      Keith R. Martorana, Esq.
Telephone: (212) 351-4000
Telecopier: (212) 351-4035
E-mail: mjwilliams@gibsondunn.com
       kmartorana@gibsondunn.com