REPLY DATE AND TIME: February 7, 2013 at 4:00 p.m. (Eastern Time)
HEARING DATE AND TIME: February 20, 2013 at 9:45 a.m. (Eastern Time)

Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
Shaya M. Berger (SB -5387)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.*,       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                :
                    Debtors.                    :    **(Jointly Administered)**
                                                :
-----------------------------------------------------------x

### RESPONSE TO SUR-REPLY TO OBJECTION TO PROOF OF CLAIM OF GENERAL MOTORS LLC (CLAIM NO. 71111) AND MOTION REQUESTING ENFORCEMENT OF ADMINISTRATIVE CLAIM BAR DATE ORDER

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**") files this response (the "**Sur-Reply Response**") to the sur-reply (the "**Sur-Reply**") filed by General Motors LLC ("**New GM**") in connection with the objection (the **"Objection"**) filed by the GUC Trust to proof of claim no. 7111 (the "**Claim**") and motion requesting enforcement of administrative claim

bar date order. In the Objection and Response, the GUC Trust argues that the First Administrative Bar Date[1] applies to the Claim and the Claim was therefore untimely. In support of this Sur-Reply Response, the GUC Trust respectfully represents:

**Argument**

    1.  As this Court is aware, on the day before the scheduled hearing on the Objection (the "**Hearing**"), New GM filed the Sur-Reply. In the Sur-Reply, New GM raised for the first time arguments it came up with only in hindsight. At the Hearing, the Court asked the GUC Trust to address New GM's argument that paragraph 54 of the Sale Order ("**Paragraph 54**") excuses New GM from compliance with the Administrative Bar Date Order. *See* Hearing Transcript at 14. As described herein, this argument has no merit. Indeed, if New GM truly believed it had an allowed claim and was not subject to the Administrative Bar Date Order, it would not have filed the Claim at all.

    2.  The Administrative Bar Date Order (the "**Allowed Claims Exception**"), provides in relevant part:

> The following persons or entities are **not** required to file an Administrative Proof of Claim on or before the Administrative Bar Date, with respect to the claims described below:
>
> 1. Any person or entity that holds a claim for administrative expenses that *has been allowed by an order of this Court* entered on or before the Administrative Bar Date

Administrative Bar Date Order at ¶ (d)(1) (bold emphasis in the original; italics added). New GM relies on the following language in asserting that "New GM's administrative claim was

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Objection.

2

*allowed* by the Sale Order" (Sur-Reply at 2 (emphasis added)) and thus falls within the Allowed Claims Exception:

> Any amounts that become payable by the Sellers to the Purchaser pursuant to the MPA (and related agreements executed in connection therewith, including, but not limited to, any obligation arising under Section 8.2(b) of the MPA) shall (a) constitute administrative expenses of the Debtors' estates under section 503(b)(1) and 507(a)(1) of the Bankruptcy Code and (b) be paid by the Debtors in the time and manner provided for in the MPA without further Court Order.

Sale Order, ¶ 54.

3. New GM's arguments are fatally flawed for the following reasons.

- <u>First</u>, Paragraph 54 does not *allow* any claims of New GM; it only confirms that, to the extent there is an amount due and payable to New GM under the Master Purchase Agreement, such amount would be entitled to administrative expense status. New GM's interpretation of Paragraph 54 would mean that the Debtors agreed that any future claims by New GM would be automatically *allowed*.
- <u>Second</u>, Paragraph 54 is limited to "amounts that become payable pursuant to" the Master Purchase Agreement (*see, e.g.*, MPA §§ 3.5(a), 6.16(b); 8.2(b)), which does not include amounts resulting from "agreements between [New GM and the Debtors] not being adequately performed." Claim at ¶ 6.

A. **Paragraph 54 Does Not "Allow" Any Claims of New GM**

4. The first part of Paragraph 54 directs that "[a]ny amounts that become payable by Seller to Purchaser pursuant to the MPA [] shall [] constitute administrative expenses of the Debtors estates under section 503(b)(1) and 507(a)(1) of the Bankruptcy Code." Thus, while the Sale Order prevents the Debtors from arguing that any amounts rightfully payable under the Master Purchase Agreement are not "the actual, necessary costs and expenses of the preserving the estate," it does not prevent the Debtors from objecting to the dollar amount of New GM's claims. New GM's argument fails to recognize the distinction between an administrative expense claim and an *allowed* administrative expense claim. *Cf.* 11 U.S.C. §

3

503(a) *with* § 503(b); 11 U.S.C. § 101(5) *with* 11 U.S.C. § 502(a). The language cited by New GM is about priority of claims *not* allowance of claims. *See In re Theatre Row Phase II Assoc.*, 385 B.R. 511, 521 (Bankr. S.D.N.Y. 2008) (noting that, to be allowed, an administrative claim "must have a satisfactory basis in law other than Code § 503(a)(1)").

5. The second part of Paragraph 54 provides that New GM must be "paid by the Debtors in the time and manner provided for in the MPA without further Court Order." New GM appears to be arguing that this language is equivalent to allowance of the Claim. New GM is wrong. First, in this case a claim is defined as "allowed" where (i) the claimant obtains a final order specifically allowing the claim; (ii) the Debtors concede in their schedules that the claim is undisputed, not contingent and liquidated; or (iii) the Debtors fail to file a timely objection to a timely filed claim. *See* Plan § 1.4. Paragraph 54 does none of these things. On the other hand, where the Debtors intended to allow claims in the Sale Order, they specifically did so. *See* Sale Order ¶ 36 (ordering that the "TPC Lenders shall have an *allowed* secured claim . . .") (emphasis added). Indeed, there is nothing in Paragraph 54 or any other provision in the Sale Order which waives the Debtors' right to contest New GM's claims. Absent such a provision, the Debtors' rights are preserved. *See* MPA § 9.13 (the bankruptcy court retains jurisdiction over "any litigation arising out of or in connection with [the Master Purchase Agreement] and the transactions contemplated hereby").

6. The Administrative Bar Date Order could have, but did not, excuse New GM from having to file a claim by the Administrative Bar Date. *See* Administrative Bar Date Order at ¶ (d)(4) (excusing any Debtor or affiliate) and (5) (excusing the professionals of the Debtors and certain committees). Therefore, New GM is forced to rely on the Allowed Claims Exception. However, the language of the Allowed Claims Exception in the Administrative Bar

4

Date Order is clear, and should not be broadened to allow New GM to evade its obligation to file a timely proof of claim. *See generally Valjean Mfg. Inc. v. Michael Werdiger, Inc.*, 03 CIV. 6185 HB, 2012 WL 3839389 at *2 (S.D.N.Y. Sept. 5, 2012) (it is black letter law that "[i]nterpretation of court orders, like contracts, is restricted to the 'four corners' of the document unless an ambiguity exists"). New GM does not have any "allowed" claims against the Debtors (through Paragraph 54 or otherwise) and thus is subject to the deadlines in the Administrative Bar Date Order.

### B.     Even if Paragraph 54 Allows Certain of New GM's Claims, It Does Not Allow Claims for Breach of the Master Purchase Agreement

7.     Additionally, the claims articulated by New GM in the Claim, and those it now asserts in connection with the Nova Scotia litigation, are all claims arising from an alleged breach of the Master Purchaser Agreement by the Debtors. The Claim seeks recovery in the event of any failure by the Debtors to adequately perform. Such a claim, which essentially is a claim for breach of contract, is distinct from, and not included in, Paragraph 54, which concerns only obligations incurred under the Master Purchase Agreement. *See* Claim at ¶ 6 (preserving claims based on "inadequate performance of agreements").

8.     Paragraph 54 is meant to cover only "amounts that become *payable* by the Sellers to the Purchaser pursuant to the MPA" in the ordinary course. *See, e.g.,* MPA § 3.5(a) (requiring Debtors to promptly pay New GM for all payments relating to Debtors' retained liabilities that clear or settle in New GM's accounts); § 6.16(b) (requiring Debtors to pay New GM any tax refund or credit sent to Debtors); § 8.2(b) (requiring Debtors, upon termination of the MPA, to pay New GM's costs and expenses incurred in connection with the MPA). Accordingly, even if Paragraph 54 could be read to "allow" certain limited claims (which it does

not), the claims now asserted by New GM would not be included.  In short, Paragraph 54 is not even relevant to the Claim.

## **Conclusion**

For the reasons set forth above and in the Objection and Reply, this Court should enforce the Administrative Bar Date Order and enter an order disallowing and expunging the Claim, and granting such other and further relief as is just and proper.

Dated: New York, New York
       January 30, 2013

/s/ Stefanie Birbrower Greer
Barry N. Seidel (BS-1945)
Stefanie Birbrower Greer (SG-2898)
Shaya M. Berger (SB -5387)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Motors Liquidation Company GUC Trust