UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re: MOTORS LIQUIDATION
COMPANY,

     Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JUANITA PICKETT,

    Appellant,    12 Civ. 6785 (WHP)

 -against-    MEMORANDUM & ORDER

MOTORS LIQUIDATION COMPANY
GUC TRUST,

    Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/13

WILLIAM H. PAULEY III, District Judge:

    Appellant pro se Juanita Pickett appeals from an order of the United States Bankruptcy Court, Southern District of New York (Gerber, Bankr. J.) dated June 5, 2012, disallowing and expunging her claims in the bankruptcy of General Motors Corp. ("GM"). For the following reasons, the bankruptcy court's order is affirmed.

## BACKGROUND

    Picket alleges that she was injured in an automobile accident in DeKalb County, Georgia on June 22, 2004. (CD-3, Ex. B.)[1] GM filed for bankruptcy in the Southern District of New York on June 1, 2009. On November 2, 2009, Pickett filed a claim with the bankruptcy

---

[1] "CD" refers to Appellee Motors Liquidation Company GUC Trust's counter-designation of the bankruptcy record on appeal.

court seeking damages for "personal injury due to product defect [sic] extended from June 22, 2004." (CD-3, Ex. A.) On February 9, 2011, Pickett filed another claim relating to the same alleged injury.

Appellee Motors Liquidation Company GUC Trust (the "Trust") filed two objections to Pickett's claims. On January 27, 2012, the Trust included the claims in its 267th Omnibus Objection to Claims, which sought to expunge certain claims on the basis of insufficient documentary support. (CD-1.) After Pickett provided additional documents in support of her claims, the Trust withdrew its objection. On April 12, 2012, the Trust lodged a new objection to Pickett's claims, asserting that they were time-barred. (CD-3.) Specifically, the Trust argued that Pickett's claims should be expunged because they are untimely under the statutes of limitations applicable in New York (the forum state), Michigan (the state where Pickett's automobile was manufactured), and Georgia (Pickett's domicile and the state where Pickett sustained the alleged injuries). (CD-3 at 6; CD-5 at 55:14-16.) Pickett did not respond to the Trust's statute of limitations objection.

On May 15, 2012, the bankruptcy court heard oral argument, and Pickett appeared by telephone. (CD-5.) After hearing argument from the Trust and Pickett, the court orally sustained the Trust's statute of limitations objection and disallowed and expunged Pickett's claims. (CD-5 at 54:9-10.) On June 5, 2012, the bankruptcy court entered an Order disallowing and expunging the claims consistent with its oral ruling. (CD-6.) This appeal ensued.

DISCUSSION

I. Legal Standard

A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; In re Vouzianas, 259 F.3d 103, 107 (2d Cir. 2001). Pickett does not appear to challenge any findings of fact made by the bankruptcy court. Accordingly, the de novo standard applies.

In addition, a pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions 'to raise the strongest arguments they suggest.'" Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II. Statute of Limitations

In order for a prepetition claim to be valid, "the claimant must possess a right to payment . . . . [and] that right must have arisen prior to the filing of the bankruptcy petition." Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.), 209 F.3d 125, 128 (2d Cir. 2000). "A claim exists only if before the filing of the bankruptcy petition, the relationship between the debtor and the creditor contained all the elements necessary to give rise to a legal obligation—a right to payment—under the relevant non-bankruptcy law." LTV Steel Co. v. Shalala (In re Chateaugay Corp.), 53 F.3d 478, 497 (2d Cir. 1995) (internal quotation marks omitted). Accordingly, "[a] challenged claim will not be allowed by the bankruptcy court if the claim is barred by the applicable statute of limitations." In re Brill, 318 B.R. 49, 53 (Bankr. S.D.N.Y. 2004).

3

Here—whether New York law, Michigan law, or Georgia law governs—Pickett's claims are time-barred. Pickett seeks recovery for alleged personal injuries, property damage, and breach of the implied warranty of merchantability. Under the applicable New York, Michigan, and Georgia statutes of limitations, Pickett's time to file a lawsuit relating to her accident expired—at the latest—in June 2008, four years after the accident. See N.Y. C.P.L.R. § 214(4)-(5) and N.Y. U.C.C. § 2-725(1); Mich. Comp. Laws Ann. §§ 440.2725(1), 600.5805(10) & (13); Ga. Code Ann. §§ 9-3-31, 9-3-33, 11-2-725(1). While Pickett filed a prepetition claim with GM's claims agent ESIS, nothing in the record indicates that she filed a prepetition lawsuit. (CA-5 at 52:13-17, 53:12-17.) And the Trust represents that she never did. (CA-5 at 53:7-11.) Accordingly, the bankruptcy court properly disallowed and expunged her claims.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's June 5, 2012 order is affirmed. The Clerk of the Court is directed to terminate all pending motions and mark this case closed. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

Dated:   January 7, 2013
         New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

4

09-50026-mg    Doc 12310    Filed 02/04/13    Entered 02/04/13 16:20:43    Main Document
Pg 5 of 5

*Copies to:*

Juanita Pickett
P.O. Box 1181
Mableton, GA 30126
*Appellant Pro Se*

Stefanie J. Greer, Esq.
Dickstein Shapiro LLP
1633 Broadway
New York, NY 10019-6708
*Counsel for Appellee*