# EXHIBIT A

## Davidson, Scott

| | |
|---|---|
| **From:** | Macksoud, Lauren M. [LMacksoud@KRAMERLEVIN.com] |
| **Sent:** | Thursday, March 17, 2011 6:51 PM |
| **To:** | Sander L. Esserman; Kathleen Campbell Davis; Davidson, Scott; Ann McMillan; Jones, David (USANYS); kmartorana@gibsondunn.com; michele.meises@weil.com; newton@sbep-law.com; Strobos, Judy C. (HHS/OGC); Robert T. Brousseau; tstenger@alixpartners.com; tmorrow@alixpartners.com; Mayer, Thomas Moers; Goldring, Stuart; Goodman, Max; Smolinsky, Joseph; Ted Swett; Kuehler, Natalie (USANYS); Douglas.Mintz@cwt.com; mjwilliams@gibsondunn.com; Tenenbaum, Alan (ENRD); Berz, David; Morton, Matthew; Goslin, Thomas; Gietz, Raymond; Petherbridge, Vaughan; Arons, Andrew; Falabella, Pablo; Andrea L. Ducayet; CBasler@alixpartners.com; anna.phillips@fticonsulting.com; Segal, Steven; Karotkin, Stephen; mschein@vedderprice.com; Eichel, Steven; Blumenthal, Michael V.; Steinberg, Arthur; Masumoto, Brian (USTP); Ticoll, Gary D. (Shld-NY-Bky); zirinskyb@gtlaw.com; nlevine@akingump.com; Luke A Barefoot; Karotkin, Stephen; jselzer@alixpartners.com; Douglas A. Campbell; Kevin Maclay; Peter Lockwood; Andrew Sackett |
| **Cc:** | newton@sbep-law.com; lawrence.s.buonomo@gm.com |
| **Subject:** | FW: GM - Confirmation Order and Plan |

All,
We have 2 remaining committee comments, outlined below. I have spoken to Treasury on the plan comment and I think we are in agreement that the language below is acceptable. Please let me know if there are any questions or comments on anything below.
Lauren

### Order:

1) Paragraph 11(c) should have the following language inserted after the last sentence. The Order already provides for something similar with respect to the ERT Trust and we would ask that the same accommodation be made for the GUC Trust:

> Nothing in this Paragraph 11(c) shall require the GUC Trust to assume any obligation that is **either (i)** inconsistent with the purposes and funding of the GUC Trust or (ii) not necessary or reasonably required in order for the GUC Trust to carry out its responsibilities under the Plan, the Confirmation Order or the GUC Trust Agreement.

### Plan:

Section 5.2(b) should be revised as follows:
**Repayment of Excess Cash to DIP Lenders.** If the Debtors have any Cash remaining after (i) transferring the GUC Trust Assets to the GUC Trust, including the funding of the GUC Trust Administrative Fund and the transfer of the Indenture Trustee/Fiscal and Paying Agent Reserve Cash in accordance with Section 6.2 hereof, (ii) transferring the Asbestos Trust Assets to the Asbestos Trust, (iii) transferring the Environmental Response Trust Assets to the Environmental Response Trust, including the funding of the Environmental Response Trust Administrative Funding Account, (iv) transferring the Avoidance Action Trust Assets to the Avoidance Action Trust, (v) the resolution (and the payment, to the extent Allowed) of all Disputed Administrative Expenses (including compensation and reimbursement of expenses under sections 330 or 503 of the Bankruptcy Code), Disputed Priority Tax Claims, Disputed DIP Credit Agreement Claims, Disputed Priority Non-Tax Claims, and Disputed Secured Claims; *provided, however,* that at the time of the transfer of the Residual Wind-Down Assets to the GUC Trust, the Debtors shall only transfer Cash in an amount (based on the Debtors' reasonable estimate, which is to be determined in conjunction with the GUC Trust Monitor) necessary to satisfy the

ultimate Allowed amount of all remaining unpaid Administrative Expenses (including any compensation and reimbursement of expenses to the extent allowed by Final Order under sections 330 or 503 of the Bankruptcy Code), Priority Tax Claims, Priority Non-Tax Claims, and Secured Claims , *provided further* that if the parties cannot resolve any outstanding issues, the matter will be decided by the Bankruptcy Court.

Lauren M. Macksoud

Associate
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: 212-715-9145
Fax: 212-715-8392
Email: LMacksoud@KRAMERLEVIN.com
http://www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

1/30/2013

## Davidson, Scott

| | |
|---|---|
| **From:** | Macksoud, Lauren M. [LMacksoud@KRAMERLEVIN.com] |
| **Sent:** | Thursday, March 17, 2011 7:59 PM |
| **To:** | Mintz, Douglas |
| **Cc:** | esserman@sbep-law.com; Kathleen Campbell Davis; Davidson, Scott; Ann McMillan; Jones, David (USANYS); kmartorana@gibsondunn.com; michele.meises@weil.com; newton@sbep-law.com; Strobos, Judy C. (HHS/OGC); Robert T. Brousseau; tstenger@alixpartners.com; tmorrow@alixpartners.com; Mayer, Thomas Moers; Goldring, Stuart; Goodman, Max; Smolinsky, Joseph; Ted Swett; Kuehler, Natalie (USANYS); mjwilliams@gibsondunn.com; Tenenbaum, Alan (ENRD); Berz, David; Morton, Matthew; Goslin, Thomas; Gietz, Raymond; Petherbridge, Vaughan; Arons, Andrew; Falabella, Pablo; Andrea L. Ducayet; CBasler@alixpartners.com; anna.phillips@fticonsulting.com; Segal, Steven; Karotkin, Stephen; mschein@vedderprice.com; Eichel, Steven; Blumenthal, Michael V.; Steinberg, Arthur; Masumoto, Brian (USTP); Ticoll, Gary D. (Shld-NY-Bky); zirinskyb@gtlaw.com; nlevine@akingump.com; Luke A Barefoot; jselzer@alixpartners.com; Douglas A. Campbell; Kevin Maclay; Peter Lockwood; Andrew Sackett; lawrence.s.buonomo@gm.com |
| **Subject:** | RE: GM - Confirmation Order and Plan |

We have reviewed and discussed the proposed changes. In 5.2(b), we will agree to the original proposed language copied below.

*provided, however*, that at the time of the transfer of the Residual Wind-Down Assets to the GUC Trust, the Debtors shall only transfer Cash in an amount (based on the Debtors' reasonable estimate) necessary to satisfy the ultimate Allowed amount of all remaining unpaid Administrative Expenses (including any compensation and reimbursement of expenses to the extent allowed by Final Order under sections 330 or 503 of the Bankruptcy Code), Priority Tax Claims, Priority Non-Tax Claims, and Secured Claims

On 11(c), we have reviewed proposed additional language from the debtors. Rather than add addition language, we prefer to leave the paragraph as initially drafted. We will drop our request for the additional sentence.


Lauren M. Macksoud

Associate
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: 212-715-9145
Fax: 212-715-8392
Email: LMacksoud@KRAMERLEVIN.com
http://www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Mintz, Douglas [mailto:Douglas.Mintz@cwt.com]

**Sent:** Thursday, March 17, 2011 7:19 PM
**To:** Macksoud, Lauren M.
**Cc:** esserman@sbep-law.com; Kathleen Campbell Davis; Davidson, Scott; Ann McMillan; Jones, David (USANYS); kmartorana@gibsondunn.com; michele.meises@weil.com; newton@sbep-law.com; Strobos, Judy C. (HHS/OGC); Robert T. Brousseau; tstenger@alixpartners.com; tmorrow@alixpartners.com; Mayer, Thomas Moers; Goldring, Stuart; Goodman, Max; Smolinsky, Joseph; Ted Swett; Kuehler, Natalie (USANYS); mjwilliams@gibsondunn.com; Tenenbaum, Alan (ENRD); Berz, David; Morton, Matthew; Goslin, Thomas; Gietz, Raymond; Petherbridge, Vaughan; Arons, Andrew; Falabella, Pablo; Andrea L. Ducayet; CBasler@alixpartners.com; anna.phillips@fticonsulting.com; Segal, Steven; Karotkin, Stephen; mschein@vedderprice.com; Eichel, Steven; Blumenthal, Michael V.; Steinberg, Arthur; Masumoto, Brian (USTP); Ticoll, Gary D. (Shld-NY-Bky); zirinskyb@gtlaw.com; nlevine@akingump.com; Luke A Barefoot; jselzer@alixpartners.com; Douglas A. Campbell; Kevin Maclay; Peter Lockwood; Andrew Sackett; lawrence.s.buonomo@gm.com
**Subject:** Re: GM - Confirmation Order and Plan

UST is ok with this addition to 5.2b as long as we are consulted too.

Douglas S. Mintz
Cadwalader, Wickersham & Taft LLP
700 6th St. NW
Washington, DC 20001
Phone 202-862-2475
Email: douglas.mintz@cwt.com


On Mar 17, 2011, at 6:52 PM, "Macksoud, Lauren M." <LMacksoud@KRAMERLEVIN.com> wrote:

> All,
> We have 2 remaining committee comments, outlined below. I have spoken to Treasury on the plan comment and I think we are in agreement that the language below is acceptable. Please let me know if there are any questions or comments on anything below.
> Lauren
>
>
> **Order:**
>
> 1) Paragraph 11(c) should have the following language inserted after the last sentence. The Order already provides for something similar with respect to the ERT Trust and we would ask that the same accommodation be made for the GUC Trust:
>
>> Nothing in this Paragraph 11(c) shall require the GUC Trust to assume any obligation that is **either (i)** inconsistent with the purposes and funding of the GUC Trust or (ii) not necessary or reasonably required in order for the GUC Trust to carry out its responsibilities under the Plan, the Confirmation Order or the GUC Trust Agreement.
>
> **Plan:**
>
> Section 5.2(b) should be revised as follows:
> **Repayment of Excess Cash to DIP Lenders.** If the Debtors have any Cash remaining after (i) transferring the GUC Trust Assets to the GUC Trust, including the funding of the GUC Trust Administrative Fund and the transfer of the Indenture Trustee/Fiscal and Paying Agent Reserve Cash in accordance with Section 6.2 hereof, (ii) transferring the Asbestos Trust Assets to the Asbestos Trust, (iii) transferring the Environmental Response Trust Assets to the Environmental Response Trust, including the funding of the Environmental

Response Trust Administrative Funding Account, (iv) transferring the Avoidance Action Trust Assets to the Avoidance Action Trust, (v) the resolution (and the payment, to the extent Allowed) of all Disputed Administrative Expenses (including compensation and reimbursement of expenses under sections 330 or 503 of the Bankruptcy Code), Disputed Priority Tax Claims, Disputed DIP Credit Agreement Claims, Disputed Priority Non-Tax Claims, and Disputed Secured Claims; *provided, however,* that at the time of the transfer of the Residual Wind-Down Assets to the GUC Trust, the Debtors shall only transfer Cash in an amount (based on the Debtors' reasonable estimate, which is to be determined in conjunction with the GUC Trust Monitor) necessary to satisfy the ultimate Allowed amount of all remaining unpaid Administrative Expenses (including any compensation and reimbursement of expenses to the extent allowed by Final Order under sections 330 or 503 of the Bankruptcy Code), Priority Tax Claims, Priority Non-Tax Claims, and Secured Claims , *provided further* that if the parties cannot resolve any outstanding issues, the matter will be decided by the Bankruptcy Court,

Lauren M. Macksoud

Associate
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: 212-715-9145
Fax: 212-715-8392
Email: LMacksoud@KRAMERLEVIN.com
http://www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

---

IRS Circular 230 Legend: Any advice contained herein was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal, state, or local tax penalties. Unless otherwise specifically indicated above, you should assume that any statement in this email relating to any U.S. federal, state, or local tax matter was written in connection with the promotion or marketing by other parties of the transaction(s) or matter(s) addressed in this email. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

===================

NOTE: The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP

1/30/2013

for any loss or damage arising in any way from its use.

------------------------------------------------------------------

1/30/2013