# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-----------------------------------------------------------x


## DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN


WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Attorneys for Debtors and
Debtors in Possession

## ARTICLE X.

### EFFECT OF CONFIRMATION

**10.1**    **Vesting of Assets.**  As of the Effective Date, the property of the Debtors' estates shall vest in the Debtors and, in accordance with Article VI hereof and subject to the exceptions contained therein, (i) the GUC Trust Assets shall be transferred to the GUC Trust (except with respect to (x) the New GM Securities, which shall be transferred to the GUC Trust in accordance with Section 5.2(a) hereof, and (y) the Residual Wind-Down Assets, which shall be transferred to the GUC Trust in accordance with Section 6.10 hereof), (ii) the Asbestos Trust Assets shall be transferred to the Asbestos Trust, (iii) the Environmental Response Trust Assets shall be transferred to the Environmental Response Trust, and (iv) on the Avoidance Action Trust Transfer Date, the Avoidance Action Trust Assets shall be transferred to the Avoidance Action Trust (except with respect to any remaining assets of MLC upon its dissolution, which shall be transferred to the Avoidance Action Trust, if accepted by the Avoidance Action Trust in the sole discretion of the Avoidance Action Trust Administrator as set forth in, and in accordance with, Section 6.10 hereof).  From and after the Effective Date, (i) the GUC Trust Administrator may dispose of the GUC Trust Assts free of any restrictions of the Bankruptcy Code, but in accordance with the provisions of the Plan and the GUC Trust Agreement, (ii) the Asbestos Trust Administrator may dispose of the Asbestos Trust Assets free of any restrictions of the Bankruptcy Code, but in accordance with the provisions of the Plan and the Asbestos Trust Agreement, (iii) the Environmental Response Trust Administrative Trustee may dispose of the Environmental Response Trust Assets free of any restrictions of the Bankruptcy Code, but in accordance with the provisions of the Plan, the Environmental Response Trust Agreement, and the Environmental Response Trust Consent Decree and Settlement Agreement, and (iv) the Avoidance Action Trust Administrator may dispose of the Avoidance Action Trust Assets free of any restrictions of the Bankruptcy Code, but in accordance with the provisions of the Plan and the Avoidance Action Trust Agreement; *provided, however*, that the DIP Lenders' liens on the DIP Lenders' Collateral remain fully perfected, nonavoidable, and enforceable with respect to the Cash the DIP Lenders fund into the Trusts as of and following the Effective Date.  As of the Effective Date, all assets of the Debtors, the GUC Trust, the Asbestos Trust, the Environmental Response Trust, and the Avoidance Action Trust shall be free and clear of all Claims and Encumbrances, except as provided in the Plan or the Confirmation Order.

**10.2**    **Release of Assets.**  Until the Effective Date, the Bankruptcy Court shall retain jurisdiction of the Debtors and their assets and properties.  Thereafter, jurisdiction of the Bankruptcy Court shall be limited to the subject matters set forth in Article XI hereof.

**10.3**    **Binding Effect.**  Because the Plan is a liquidating chapter 11 plan, confirmation of the Plan does not provide the Debtors with a discharge under section 1141 of the Bankruptcy Code.  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall