# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Joseph H. Smolinsky**
+1 (212) 310-8767
joseph.smolinsky@weil.com

February 20, 2013

Mr. Anthony Semaan
1353 Delta Road
Walled Lake, MI 48390

Re: *In re Motors Liquidation Co. (f/k/a General Motors Corp.), et al.,* Case No. 09-50026

Dear Mr. Semaan:

Weil, Gotshal & Manges LLP represents the Motors Liquidation Company GUC Trust (the "**GUC Trust**") in the above-referenced chapter 11 cases of Motors Liquidation Company (*f/k/a General Motors Corp.*) and its affiliated debtors (collectively, the "**Debtors**"), which is currently pending in the Bankruptcy Court for the Southern District of New York.[1]

This letter is in reference to your letter to the Bankruptcy Court, dated October 25, 2012, which was only recently filed on the docket at ECF No. 12318. In your letter, you asked for your "case [to be] re-evaluated and reconsidered." We have determined that you were not scheduled as having a claim in the Debtors' *Schedule of Assets and Liabilities*. Furthermore, a review of the claims register indicates that you did not file a proof of claim in these cases. Creditors were generally required to timely file a proof of claim in these cases by November 30, 2009.[2] Notice of that deadline to file a proof of claim was timely sent to you,[3] and the Debtors' claims agent indicates that such notice was not returned to the

---

[1] The GUC Trust is authorized to prosecute objections to and resolve claims against the Debtors pursuant to the *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan* (the "**Confirmation Order**"), entered on March 29, 2011 (ECF No. 9941).

[2] *Order Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Section 503(b)(9) of the Bankruptcy Code) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof*, entered on September 16, 2009 (ECF No. 4079).

[3] *Affidavit of Service*, dated October 14, 2009 (ECF No. 4238).

**Weil, Gotshal & Manges LLP**

February 20, 2013
Page 2

sender as being undeliverable. At this point, the Bankruptcy Court has also entered an order prohibiting the addition of late-filed claim to the claims register.[4]

The GUC Trust generally opposes the addition of new claims to the claims register at this late stage of these cases because the aggregate amount of such late-filed claims can have a prejudicial effect on the distribution to holders of allowed claims. While exceptions exist to the general rule that late-filed claims are to be disallowed, it is advised that you seek the advice of an attorney if you intend to file a formal motion to allow a late claim. The GUC Trust reserves the right to object to the addition of any new claims.

If you have any further questions, please feel free to call our offices at 212-310-8322 (attn: Edward Wu).

Sincerely,

Joseph H. Smolinsky

CC:    Honorable Robert E. Gerber, United States Bankruptcy Judge
       Alison Moodie, Garden City Group

---

[4] *Order Approving Motion Pursuant to Bankruptcy Rule 3003 and Section 105(a) of the Bankruptcy Code for an Order Disallowing Certain Late Filed Claim*, entered on February 8, 2012 (ECF No.11394).

US_ACTIVE:\44193796\4\72240.0639