**Presentment Date and Time:  April 5, 2013 at 12:00 noon (Eastern Time)**
**Objection Deadline:  April 3, 2013 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                   :

In re                         :        **Chapter 11 Case No.**
                                   :

**MOTORS LIQUIDATION COMPANY, *et al.*,**   :       **09-50026 (REG)**
     **f/k/a General Motors Corp., *et al.***   :
                                 :

                   **Debtors.**     :       **(Jointly Administered)**
                                 :
-------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION FOR FINAL DECREE**
**CLOSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES PURSUANT**
**TO SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

        **PLEASE TAKE NOTICE** that the annexed Application, dated March 22, 2013,

of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-

captioned debtors (the "**Debtors**") in connection with the *Debtors' Second Amended Joint*

*Chapter 11 Plan*, dated March 18, 2011, for a final decree closing certain of the Debtors' chapter

11 cases, all as more fully set forth in the Application, will be presented to the Honorable Robert

E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, New York, New York 10004, on

**April 5, 2013 at 12:00 noon (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Application

must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance

with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors

Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn:

Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the

Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370,

Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **April 3, 2013 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and

served with respect to the Application, the GUC Trust may, on or after the Objection Deadline,

submit to the Bankruptcy Court a final decree substantially in the form of the final decree

annexed to the Application, which may be entered with no further notice or opportunity to be

heard offered to any party.

Dated: New York, New York
   March 22, 2013

       /s/ Joseph H. Smolinsky
       Harvey R. Miller
       Stephen Karotkin
       Joseph H. Smolinsky

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Motors Liquidation
        Company GUC Trust

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
    Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                            :
In re                                       :        **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.,*    :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*   :
                                            :
                        **Debtors.**          :        **(Jointly Administered)**
                                            :
--------------------------------------------------------------x

**APPLICATION FOR FINAL DECREE CLOSING**
**CERTAIN OF THE DEBTORS' CHAPTER 11 CASES PURSUANT TO**
**SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (the "**Debtors**") in connection with the *Debtors' Second Amended Joint*

*Chapter 11 Plan,* dated March 18, 2011 (as may be amended, supplemented, or modified from

time to time, the "**Plan**"),[1] respectfully represents:

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to such terms
in the Plan.

**Relief Requested**

1.        The GUC Trust files this Application pursuant to section 350(a) of title 11

of the United States Code (the "**Bankruptcy Code**") and Rule 3022 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") seeking entry of a final decree closing each of

the Debtors' chapter 11 cases listed on **Exhibit "A"** annexed hereto (collectively, the

"**Administered Cases**").  Upon the closing of the Administered Cases, all of the Debtors'

chapter 11 cases will be closed except for Case No. 09-50026 of Motors Liquidation Company

(the "**Main Case**"), which will remain open for the continued administration of the Debtors'

consolidated estates and any potential matters pertaining to the Administered Cases that may

arise.  For the convenience of parties in interest and the administration of the Debtors' estates,

the GUC Trust requests that the case caption remain unchanged upon the closing of the

Administered Cases.

**Background**

2.        On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation

Company ("**MLC**") (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC),

MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem,

Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability

Management Company, Inc. and Environmental Corporate Remediation Company also

commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The

Debtors' cases are jointly administered under the Main Case (Case No. 09-50026).  No trustee or

examiner has been appointed in these cases.

3.        On June 3, 2009, the United States Trustee for the Southern District of

New York appointed an official committee of unsecured creditors (the "**Creditors'**

2

**Committee**"). Pursuant to Section 12.1 of the Plan, the Creditors' Committee has been dissolved.

4.       On March 29, 2011, this Court entered an Order (the "**Confirmation Order**") (ECF No. 9941) confirming the Debtors' chapter 11 Plan. All conditions to the occurrence of the Effective Date of the Plan were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

5.       The Debtors' chapter 11 Plan provides for the creation of various trusts to administer certain responsibilities after the Effective Date. Rather than providing for the Debtors to continue resolving Disputed General Unsecured Claims, Section 6.2 of the Plan provides for the creation of the GUC Trust to reconcile such Claims and to provide distributions to holders of Allowed Claims. In connection thereto, Section 6.2(c) of the Plan provides for the transfer to the GUC Trust of the GUC Trust Assets, which includes the New GM Securities and other assets that are necessary to provide distributions to holders of Allowed Claims and to fund the responsibility of continuing to reconcile Disputed General Unsecured Claims against the Debtors.

6.       Pursuant to the Plan, the Debtors were deemed substantively consolidated upon the Effective Date. Specifically, Section 6.1(a) of the Plan provides:

> Entry of the Confirmation Order shall constitute the approval, pursuant to section 105(a) of the Bankruptcy Code, effective as of the Effective Date, of the substantive consolidation of MLC of Harlem, Inc.; MLCS, LLC; MLCS Distribution Corporation; Remediation and Liability Management Company, Inc.; and Environmental Corporate Remediation Company, Inc., and their respective estates, into MLC for voting, confirmation, and distribution purposes under the Plan. Solely for such purposes, on and after the Effective Date, (i) all assets and all liabilities of the Debtors shall be deemed merged into MLC, (ii) all guaranties of any Debtor of the payment, performance, or collection of obligations of another Debtor shall be eliminated and cancelled, (iii) any obligation of any Debtor and all guaranties thereof executed by one or more of the other Debtors shall be

3

treated as a single obligation, and such guaranties shall be deemed a single Claim against the consolidated Debtors, (iv) all joint obligations of two or more Debtors and all multiple Claims against such entities on account of such joint obligations shall be treated and allowed only as a single Claim against the consolidated Debtors, (v) all Claims between or among the Debtors shall be cancelled, and (vi) each Claim filed in the Chapter 11 Case of any Debtor shall be deemed filed against the consolidated Debtors and a single obligation of the consolidated Debtors on and after the Effective Date.

7.      In accordance with Section 6.10 of the Plan, each of the Debtors were

dissolved by December 15, 2011.  Section 6.10 of the Plan provides in pertinent part:

Within thirty (30) days after its completion of the acts required by the Plan, or as soon thereafter as is practicable, but no later than December 15, 2011, each Debtor shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of each Debtor; *provided, however,* that each Debtor shall file with the office of the Secretary of State or other appropriate office for the state of its organization a certificate of cancellation or dissolution; and *provided, further,* that upon the filing of such certificate of cancellation or dissolution, each such Debtor immediately shall cease to be, and not continue as, a body corporate for any purpose whatsoever.

8.      Upon the dissolution of the Debtors, in addition to resolving Disputed

General Unsecured Claims, the GUC Trust succeeded the Debtors with regard to the authority to

resolve Disputed Administrative Expenses, Disputed Priority Tax Claims, Disputed Priority

Non-Tax Claims and Disputed Secured Claims.  (Plan at § 7.1(b))

9.      As of the date hereof, all Claims that were filed against the Debtors of the

Administered Cases have been resolved except those Claims listed on **Exhibit "B"** annexed

hereto (the "**Remaining Claims**").  In accordance with the Plan, the GUC Trust shall continue to

reconcile the Remaining Claims as part of its continued administration of the estates of the

consolidated Debtors through the Main Case and will provide distributions to the holders of such

Claims that are subsequently Allowed.  In the interim, the GUC Trust wishes to close the

Administered Cases while leaving open the Main Case, without prejudice to the rights of the

GUC Trust or any other party in interest to seek to reopen the Administered Cases for cause shown.

## Jurisdiction and Venue

10.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Basis for Relief Requested

11.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

12.     The Advisory Committee Notes to Bankruptcy Rule 3022 provides, in relevant part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future.  A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

5

Fed. R. Bankr. P. 3022 notes of advisory committee on rules – 1991 amendment.

13.     Courts have generally used the six factors listed in the Advisory
Committee Note to determine whether an estate has been fully administered.  *See, e.g.,  In re
Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.,* 238 B.R. 531 (Bankr. E.D.N.Y. 1999); *In
re Jay Bee Enter., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997); *In re Mold Makers, Inc.*, 124
B.R. 766 (Bankr. N.D. Ill. 1990).  The six factors, however, are merely guidelines that aid a
court's determination, and each of the factors need not be present before a court enters a final
decree.  *See Mold Makers*, 124 B.R. at 768-69; *see also Walnut Associates v. Saidel*, 164 B.R
487 (E.D. Pa. 1994).

14.     The estates of the Debtors pertaining to the Administered Cases are fully
administered.  The Confirmation Order was entered on March 29, 2011 and the period to appeal
the Confirmation Order has long expired.  Pursuant to Section 6.1 of the confirmed Plan, the
Debtors relating to the Administered Cases were deemed substantively consolidated with MLC
and "each Claim filed in the Chapter 11 Case of any Debtor [were] deemed filed against the
consolidated Debtors and a single obligation of the consolidated Debtors on and after the
Effective Date."  (Plan at §6.1(a)(vi))  By December 15, 2011, each of the Debtors was dissolved
in accordance with Section 6.10 of the Plan.  Since the dissolution of the Debtors, the GUC Trust
has and will continue to reconcile the Remaining Claims and will provide distributions to the
holders of such Claims that are subsequently Allowed.  All transfers to the GUC Trust from the
Debtors that are necessary for the GUC Trust to perform such responsibilities have been made,
including the transfer of the GUC Trust Assets.  Accordingly, as the Main Case will remain open
for the administration of the Debtors' consolidated estates and any potential issues that may
subsequently arise as to the Administered Cases, the Administered Cases should be closed.

6

15.      Further, section 1930(a)(6) of title 28 of the United States Code requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed.  Unless and until the Court enters a final decree closing the Administered Cases, quarterly fees will continue to be payable to the United States Trustee, which are an unnecessary financial burden on the GUC Trust.  The GUC Trust has been in discussion with the United States Trustee, and as a result of such discussions, the United States Trustee supports the relief requested in this Application.

16.      Accordingly, the GUC Trust submits that ample justification exists for entry of a final decree closing the Administered Cases.  For the convenience of parties in interest and the administration of the Debtors' consolidated estates, the GUC Trust requests that the case caption remain unchanged.

**The Closing Report**

17.      In accordance with the requirements of Local Bankruptcy Rule 3022-1 (Closing Reports in Chapter 11 Cases), annexed hereto as **Exhibit "C"** is a copy of the Bankruptcy Closing Report which describes, among other things, the fees and expenses awarded to the Debtors' attorneys and other professionals retained by the Debtors in their chapter 11 cases.

## **Notice**

18.      Notice of this Application has been provided to parties in interest in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

19.      No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

WHEREFORE, the GUC Trust respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  March 22, 2013
      New York, New York

                    /s/ Joseph H. Smolinsky
                    Harvey R. Miller
                    Stephen Karotkin
                    Joseph H. Smolinsky

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Motors Liquidation
                      Company GUC Trust

US_ACTIVE:\44094063\7\72240.0639

**EXHIBIT A**

**ADMINISTERED CASES**

| No. | Debtor Name | Case No. |
|-----|-------------|----------|
| 1 | MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 |
| 2 | MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 |
| 3 | MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 |
| 4 | Remediation and Liability Management Company, Inc. | 09-50029 |
| 5 | Environmental Corporate Remediation Company | 09-50030 |

**EXHIBIT B**

**REMAINING CLAIMS AGAINST DEBTORS
COMPRISING THE ADMINISTERED CASES**

| Claim No. | Creditor | Debtor Case |
|---|---|---|
| 70709 | JP Morgan Chase Bank NA | MLCS, LLC (f/k/a Saturn, LLC), Case No. 09-50027 |
| 69683 | Sherif Rafik Kodsy | Remediation and Liability Management Company, Inc., Case No. 09-50030 |

**EXHIBIT C**

**CLOSING REPORT**

US_ACTIVE:\44094063\7\72240.0639

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                       :
In re                                                  :          **Chapter 11 Case No.**
                                                       :
**MOTORS LIQUIDATION COMPANY,** *et al.,*              :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*       :
                                                       :
                        **Debtors.**                   :          **(Jointly Administered)**
                                                       :
-------------------------------------------------------------x

## CLOSING REPORT IN CHAPTER 11 CASES

To the best of my knowledge and belief, the following is a breakdown of fees and expenses of

professionals in these cases from the Commencement Date[2] to the Effective Date:

| FEES and EXPENSES for ATTORNEYS for DEBTORS | | | |
|---|---|---|---|
| **Professional** | **Fees Allowed** | **Expenses Allowed** | **Total** |
| **Weil, Gotshal & Manges LLP**<br>Counsel to the Debtors | $44,204,856.77[3] | $1,459,104.12 | $45,663,960.89 |
| **Baker & McKenzie LLP**<br>Special Counsel to the Debtors | $1,113,692.73 | $23,897.36 | $1,137,590.09 |
| **Honigman Miller Schwartz and Cohn LLP**<br>Special Counsel to the Debtors | $2,330,907.85 | $18,189.07 | $2,349,096.92 |
| **Jenner & Block, LLP**<br>Special Counsel to the Debtors | $4,952,968.55 | $270,588.55 | $5,223,557.10 |

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms
in the *Debtors' Second Amended Joint Chapter Plan*, dated March 18, 2011 (the "**Plan**"). The fees set
forth herein are for all chapter 11 cases of the Debtors and excludes professionals paid in the ordinary
course of business.

[3] The fees allowed for Weil, Gotshal & Manges LLP take into account a reduction of $425,000 on
account of the *Stipulation and Agreed Order Resolving the Fee Examiner's Objection to the Final Fee
Application of Weil, Gotshal & Manges LLP; Kramer Levin Naftalis & Frankel LLP; And Butzel Long, a
Professional Corporation* (the "**Fee Application Stipulation**") (ECF No. 11908).

| FEES and EXPENSES for ATTORNEYS for DEBTORS | | | |
|---|---|---|---|
| **Professional** | **Fees Allowed** | **Expenses Allowed** | **Total** |
| **Jones Day**<br>Special Counsel to the Debtors | $464,681.15 | $5,591.62 | $470,272.77 |
| **Togut Segal & Segal LLP**<br>Conflicts Counsel to the Debtors | $1,077,142.95 | $6,115.08 | $1,083,258.03 |

| OTHER PROFESSIONAL FEES and EXPENSES for DEBTORS | | | |
|---|---|---|---|
| **Professional** | **Fees Allowed** | **Expenses Allowed** | **Total** |
| **Brownfield Partners, LLC**<br>Environmental Consultants to the Debtors | $1,200,189.66 | $63,379.43 | $1,263,569.09 |
| **Deloitte Tax, LLP**<br>Tax Services Provider to the Debtors | $1,817,828.50 | $7,651.00 | $1,825,479.50 |
| **Evercore Group LLC**<br>Financial Advisor to the Debtors | $16,029,032.00 | $1,878.28 | $16,030,910.28 |
| **Hamilton Rabinovitz &Associates, Inc.**<br>Consultants for the Debtors with Respect to Present and Future Asbestos Claims | $65,295.00 | $0.00 | $65,295.00 |
| **LFR Inc.**<br>Environmental Consultant to Debtors | $3,107,147.09 | $618,744.80 | $3,725,891.89 |
| **Plante & Moran, PLLC**<br>Accountants for the Debtors | $1,306,275.54 | $19,496.99 | $1,325,772.53 |
| **The Claro Group, LLC**<br>Environmental Management Consultants to the Debtors | $1,390,882.05 | $17,663.69 | $1,408,545.74 |

| OTHER PROFESSIONAL FEES and EXPENSES for CREDITORS' COMMITTEE: | | | |
|---|---|---|---|
| **Professional** | **Fees Allowed** | **Expenses Allowed** | **Total** |
| **Kramer Levin Naftalis & Frankel LLP**<br>Counsel to Official Committee of Unsecured Creditors | $11,055,299.08[4] | $208,345.80 | $11,263,644.88 |

[4] The fees allowed for Kramer Levin Naftalis & Frankel LLP take into account a reduction of $73,168 on account of the Fee Application Stipulation.

| | | | |
|---|---|---|---|
| **Bates White LLC**<br>Asbestos Liability Consultant to the Official Committee of Unsecured Creditors | $1,993,231.29 | $13,968.88 | $2,007,200.17 |
| **Butzel Long, a Professional Corporation**<br>Special Counsel to the Official Committee of Unsecured Creditors | $2,005,084.57[5] | $144,757.17 | $2,149,841.74 |
| **FTI Consulting, Inc.**<br>Financial Advisor to Official Committee of Unsecured Creditors | $18,469,444.12 | $133,291.34 | $18,602,735.46 |
| **Morris, Nichols, Arsht & Tunnell LLP**<br>Delaware Local Counsel for the Official Committee of Unsecured Creditors | $10,240.77 | $2,987.21 | $13,227.98 |

| OTHER PROFESSIONAL FEES and EXPENSES | | | |
|---|---|---|---|
| **Professional** | **Fees Allowed** | **Expenses Allowed** | **Total** |
| **Analysis Research Planning Corporation**<br>Asbestos Claims Valuation Consultant to the Legal Representative for Future Asbestos Personal Injury Claimants | $422,782.50 | $2,007.55 | $424,790.05 |
| **Brady C. Williamson/Godfrey & Kahn, S.C.**<br>Fee Examiner | $1,475,820.50 | $108,988.93 | $1,584,809.43 |
| **Caplin & Drysdale, Chartered**<br>Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims | $2,257,988.85 | $173,882.05 | $2,431,870.90 |
| **Legal Analysis Systems, Inc.**<br>Consultant to the Official Committee of Unsecured Creditors Holdings Asbestos-Related Claims | $431,955.37 | $3,465.45 | $435,420.82 |
| **Stuart Maue Ltd.**<br>Consultant to the Fee Examiner | $478,112.50 | $3,579.99 | $481,692.49 |
| **Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation**<br>Counsel for Legal Representative for Future Asbestos Personal Injury Claimants | $1,060,107.41 | $20,171.01 | $1,080,278.42 |
| **Dean M. Trafelet**<br>Legal Representative for Future Asbestos Personal Injury Claimants | $213,684.48 | $2,314.50 | $215,998.98 |

---

[5] The fees allowed for Butzel Long, a Professional Corporation take into account a reduction of $20,432 on account of the Fee Application Stipulation.

For information on distributions to holders of Allowed Claims, please refer to *the Motors Liquidation Company GUC Trust Quarterly GUC Trust Reports As Of December 31, 2012* (ECF No. 12328).

Distributions pursuant to the Plan have commenced and are ongoing.

STEPS TAKEN TO CONSUMMATE PLAN:

1. On March 29, 2011, this Court entered an Order (the "**Confirmation Order**") (ECF No. 9941) confirming the *Debtors' Second Amended Joint Chapter Plan*, dated March 18, 2011 (the "**Plan**").

2. All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

3. Pursuant to Section 6.1(a) of the Plan, the Debtors were deemed substantively consolidated upon the Effective Date.

4. In accordance with the Plan, the Debtors formed various trusts after the Effective Date.  The Debtors formed the GUC Trust, the Environmental Response Trust, the Asbestos Trust, the Avoidance Action Trust, and the Motors Liquidation Company DIP Lenders Trust.

5. The initial distribution by the GUC Trust to holders of Allowed Claims took place on or about April 21, 2011.

6. In accordance with Section 6.10 of the Plan, each of the Debtors were dissolved by December 15, 2011.

7.      The Residual Wind-Down Assets were transferred to the GUC Trust upon

the dissolution of the Debtors.

Dated:  New York, New York
        March 22, 2013

                              /s/ Joseph H. Smolinsky
                              Harvey R. Miller
                              Stephen Karotkin
                              Joseph H. Smolinsky

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Motors Liquidation
                                  Company GUC Trust

**EXHIBIT C**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                        :
In re                                   :          **Chapter 11 Case No.**
                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :          **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*    :
                                        :
              **Debtors.**             :          **(Jointly Administered)**
                                        :
----------------------------------------------------------------x

### FINAL DECREE PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022 CLOSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES

Upon the application (the **"Application"**)[1] dated March 22, 2013, of the Motors

Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors

(the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated

March 18, 2011 (the "**Plan**"), for a final decree closing the Debtors' chapter 11 cases listed on

**Annex "1"** to this Order, all as more fully described in the Application; and due and proper

notice of the Application having been provided, and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates, creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the relief requested in the Application is granted to the extent

provided herein; and it is further

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

ORDERED that, pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Administered Cases listed on Annex 1 hereto are hereby closed; ***provided, however***, that the Court shall retain such jurisdiction as is provided in Article XI (Retention of Jurisdiction) of the Plan, and the entry of this final decree is without prejudice to the rights of the GUC Trust or any party in interest to seek to reopen the Administered Cases for cause shown; and it is further

ORDERED that the Main Case shall remain open for the continued administration of the Debtors' estates and any potential matters pertaining to the Administered Cases that may arise; and it is further

ORDERED that, notwithstanding the closing of the Administered Cases, the case caption for the Main Case shall remain in the form of the case caption used in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**ANNEX 1**

**ADMINISTERED CASES**

| <u>No.</u> | <u>Debtor Name</u> | <u>Case No.</u> |
|---|---|---|
| 1 | MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 |
| 2 | MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 |
| 3 | MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 |
| 4 | Remediation and Liability Management Company, Inc. | 09-50029 |
| 5 | Environmental Corporate Remediation Company | 09-50030 |