**PRESENTMENT DATE AND TIME: April 15, 2013 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: April 15, 2013 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
 Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
In re                                     :    **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :    **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.* :
                                          :
                   Debtors.               :    **(Jointly Administered)**
                                          :
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF
STIPULATION AND AGREED ORDER BETWEEN THE
MOTORS LIQUIDATION COMPANY GUC TRUST AND RONALD
A. KATZ TECHNOLOGY LICENSING, L.P. PROVIDING FOR LIMITED
MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

**PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust

(the "**GUC Trust**") will present the annexed Stipulation and Agreed Order Between the Motors

Liquidation Company GUC Trust and Ronald A. Katz Technology Licensing, L.P. Providing for

Limited Modification of the Automatic Stay and the Plan Injunction (the "**Stipulation and

Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and

signature at Room 621 of the United States Bankruptcy Court for the Southern District of New

York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on **April

15, 2013 at 12:00 noon (Eastern Time)**.

US_ACTIVE:\44200686\4\72240.0639

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

2

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York, 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; and (xvi) Cooley LLP, attorneys for Ronald A. Katz Technology Licensing, L.P., 1114 Avenue of the Americas, New York, New York 10036 (Attn: Ronald R. Sussman, Esq. and Richelle Kalnit, Esq.), so as to be received no later than **April 15, 2013 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

3

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulation and Order, the GUC Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
April 10, 2013

    /s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
 Company GUC Trust

4

**PRESENTMENT DATE AND TIME: April 15, 2013 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: April 15, 2013 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
 Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*               :
                                                            :
                                        **Debtors.**        :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE
MOTORS LIQUIDATION COMPANY GUC TRUST AND RONALD
A. KATZ TECHNOLOGY LICENSING, L.P. PROVIDING FOR LIMITED
MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, by and through its undersigned counsel, and Ronald A. Katz Technology Licensing, L.P., on the other hand ("**Plaintiff**," and together with the GUC Trust, the "**Parties**"), hereby enter into this Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

**RECITALS**

A.     On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain affiliated debtors (collectively, including MLC, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the

United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.  Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date and barred, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "**Automatic Stay**").

C.  Plaintiff filed a lawsuit styled *Ronald A. Katz Tech. Licensing, L.P. v. General Motors Corp.*, CV 2:07-2339-RGK-(FFMx), which was transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Central District of California, Western Division (the "**District Court**"), for coordinated pretrial proceedings in the multidistrict litigation styled *In re Katz Interactive Call Processing Patent Litig.*, Case No. 07-ML-01816-B-RGK (the "**Action**").  In the Action, the District Court issued the Order Ruling on General Motors' Individual Summary Judgment Motion [GM Docket No. 358] (the "**Order**") and a Final Judgment [MDL Docket No. 6475] (the "**Judgment**," and together with the Order, the "**Judgment and Order**") granting summary judgment in favor of General Motors Corporation ("**GM**") with respect to all of Plaintiff's claims for relief against GM.

D.  Plaintiff filed an appeal from the District Court's Judgment and Order in the matter styled *Ronald A. Katz Tech. Licensing, L.P. v. General Motors Corp.*, Case. No. 2009-1407, -1408 (the "**Appeal**").  The Appeal is currently pending in United States Court of Appeals for the Federal Circuit (the "**Appellate Court**"), but has been stayed since the Commencement Date pursuant to the Automatic Stay.

E.  On November 20, 2009, Plaintiff timely filed proof of claim number 32726 (the "**Claim**") relating to the Action and Appeal. The Claim asserts an unsecured claim in the amount of not less than $2,699,198.70.

F.  On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**"). Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) authorized the GUC Trust to resolve certain claims pending against the Debtors' estates, and (iv) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to resolve in accordance with the Plan (the "**Plan Injunction**"). (*See* Confirmation Order ¶ 54.)

G.  Plaintiff and the GUC Trust wish to modify the Automatic Stay and the Plan Injunction solely to the extent necessary to (i) permit Plaintiff to dismiss the Appeal and (ii) allow the Parties to file a joint motion to vacate the Judgment and Order issued by District Court in the Action.

NOW, THEREFORE, the Parties do hereby agree as follows:

### STIPULATION

1.  Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to (i) enable the Plaintiff to dismiss the Appeal currently pending in the Appellate Court, which

Plaintiff hereby agrees to do promptly following entry of an order of this Court approving this Stipulation and Order, and (ii) allow the Parties to file a joint motion to vacate the Judgment and Order entered by District Court, which both Parties hereby agree to do promptly following the dismissal of the Appeal.

2. Except as provided in Paragraph 1 above, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the Order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors, and/or the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action or the Appeal.

4. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

5. This Stipulation and Order is subject to the approval of the Court. If this Stipulation and Order is not approved by the Court, this Stipulation and Order shall be deemed null and void and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases, the Action or the Appeal.

6. This Stipulation and Order sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon

4

any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7. The Parties represent and warrant to each other that the signatories to this Stipulation and Order have full power and authority to enter into this Stipulation and Order and to bind the Parties.

5

Dated: April 10, 2013

| | |
|---|---|
| /s/ Ronald R. Sussman | /s/ Joseph H. Smolinsky |
| Ronald R. Sussman | Harvey R. Miller |
| Richelle Kalnit | Stephen Karotkin |
| Cooley LLP | Joseph H. Smolinsky |
| 1114 Avenue of the Americas | Weil, Gotshal & Manges LLP |
| New York, New York 10036 | 767 Fifth Avenue |
| Telephone: (212) 479-6000 | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Attorney for Ronald A. Katz Technology Licensing, L.P. | Attorneys for Motors Liquidation Company GUC Trust |

IT IS SO ORDERED.

Dated: New York, New York
_____, 2013

THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

6