1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 09-50026(REG)

4  - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:

6

7  MOTORS LIQUIDATION COMPANY,

8

9           Debtor.

10 - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11

12

13              U.S. Bankruptcy Court

14              One Boling Green

15              New York, New York

16

17              March 28, 2013

18              11:01 AM

19

20

21 B E F O R E :

22 HON ROBERT E. GERBER

23 U.S. BANKRUPTCY JUDGE

24

25

1  Hearing re: Doc# 6739 Objection to Claims re: Walter J.
2  Lawrence

25 Transcribed by: Dawn South

```
 1  A P P E A R A N C E S :
 2  WEIL, GOTSHAL & MANGES LLP
 3        Attorney for the GUC Trust
 4        767 Fifth Avenue
 5        New York, NY 10153-0119
 6
 7  BY:   DAVID N. GRIFFITHS, ESQ.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                P R O C E E D I N G S

2            THE COURT: Good morning. Mr. Griffiths you don't

3    seem to have much company today.

4            MR. GRIFFITHS: Good morning, Your Honor, David

5    Griffiths of Weil, Gotshal & Manges for the Motors

6    Liquidation Company GUC Trust.

7            Your Honor, we'd hoped to have a more fulsome

8    hearing at the time that we scheduled it, we had about 15

9    claimants wanting a hearing at the beginning of last month,

10   and miraculously they've all settled their claims with us,

11   leaving only Mr. Walter Lawrence as the final employee

12   claimant that we have to handle.

13           Mr. Lawrence, we've attempted to communicate with

14   him by telephone, by email, and by mail and haven't been

15   successful, nor has Mr. Lawrence contacted us since 2010,

16   and I had Garden City Group try to get in touch with him by

17   doing a reverse look up. So we just can't locate him.

18           Your Honor, if you're -- I don't know if you're

19   familiar with the pleadings.

20           THE COURT: I am familiar with the pleading, and

21   since he's not appearing orally, Mr. Griffiths, my

22   inclination, subject to your right to be heard, is that I

23   shouldn't hear oral argument from you either and that I

24   should rule based solely on the papers.

25           MR. GRIFFITHS: Agreed, Your Honor. The GUC Trust

1  is more than happy to rely on the existing submissions.
2              THE COURT: Okay. And I will do that momentarily,
3  vis-à-vis, Mr. Lawrence.
4              Are there other people who are affected by your
5  motion where you want to either enter defaults or otherwise
6  address their claims, or are we just down to Mr. Lawrence
7  today?
8              MR. GRIFFITHS: There are not, Your Honor.
9  Mr. Lawrence, I believe is the last employee claimant of the
10 3,000 employee claims that this Court has handled.
11             THE COURT: Okay. Then I'm going dictate a
12 ruling, Mr. Griffiths, and you're free to remain standing or
13 you can sit down while I do that.
14             MR. GRIFFITHS: Thank you, Your Honor, I'll take
15 notes sitting down.
16             THE COURT: Okay.
17             In this contested matter in the jointly
18 administered Chapter 11 cases of Motors Liquidation Company
19 and its affiliates, the GUC Trust, which is a trust formed
20 for the benefit of Old GM's creditors, moves to disallow the
21 claim of Walter Lawrence, a former employee represented by
22 the UAW under the 82nd omnibus objection.
23             For reasons I'll explain, the claim must be
24 disallowed.
25             It does not have the harshness that other claims

1   disallowance matters in this case have however, because for

2   the reasons that I'll state, to the extent Mr. Lawrence has

3   any claims, though I frankly doubt it, he can assert those

4   claims against New GM, he cannot however assert them against

5   Old GM or the GUC Trust.

6         My findings of fact and conclusions of law in

7   connection with this determination are as follows.

8         On June 1st, 2009 Old GM and some of its

9   affiliates commenced Chapter 11 cases in this court.

10        Then on June 26th, 2009, as is widely known, the

11  debtors entered into a master sale and purchase agreement

12  under which they sold most of their assets and liabilities

13  to what we now call New GM.

14        On July 5th, 2009 I entered an order approving the

15  sale and the underlying master purchase agreement, and the

16  sale closed about five days thereafter at which time New GM

17  took over most of the assets of Old GM.

18        The master purchase agreement contained several

19  provisions relevant to the UAW claims.

20        Summarizing them and translating them from their

21  more technical legalese, if I can use that expression to

22  plain English, New GM assumed, that is New GM adopted or

23  acquired all employment-related obligations and liabilities

24  pertaining to workers who were affiliated with the UAW.  In

25  fact this was a result that the UAW fought for early in the

1   bankruptcy case protecting UAW workers from the possibility

2   that their claims would get less favorable treatment if they

3   remained against Old GM.

4            The employment-related obligations assumed by New

5   GM included any claims of whatever type or nature that were

6   related to the employment or employee benefits of UAW

7   workers.

8            On November 9th, 2009 Mr. Lawrence filed a timely

9   claim as a secured creditor, and I did mean secured,

10  although I have great difficulty seeing whether even if he

11  had any other claims they would be secured claims, in the

12  amount of $160,000, approximately, relating to, "A GM UAW

13  supplemental pension (hourly) agreement."

14           His claims were based on a series of events that

15  are not particularly relevant to what's before me today, but

16  which were fully and unsuccessfully litigated in District

17  Court in Florida.

18           There he brought claims against both GM's hourly

19  rate employees pension plan and General Motors Corporation

20  itself.

21           By way of example this pension plan, like many, if

22  not most, had its assets in a separate trust and it was a

23  lawsuit against both that individual trust and GM.

24           On cross-motions for summary judgment the District

25  Court entered judgment in favor of the pension plan with

1   respect to Mr. Lawrence's claims; however, Mr. Lawrence's

2   claims against GM -- actually that's Old GM now -- were

3   stayed due to the GM bankruptcy and were ultimately

4   dismissed pending a showing that the bankruptcy stay had

5   been lifted for other good cause.

6           Mr. Lawrence then filed a motion to lift the stay

7   in this court.

8           After consideration of the Sonnax Factors I denied

9   that motion.

10          Mr. Lawrence appealed it and my order was affirmed

11  with a written decision by then District Judge Richard

12  Holwell of the District Court.

13          That however was for relief from the stay.  Now I

14  have to consider whether Mr. Lawrence has a claim against

15  Old GM.

16          Though the merits of Mr. Lawrence's claims are not

17  particularly before me, I simply state that by way of

18  background Mr. Lawrence asserts that Old GM acted wrongfully

19  when it affected rights to repayment after it overpaid

20  Mr. Lawrence on his pension and when it honored a federal

21  tax levy on his pension benefits after a showing that

22  Mr. Lawrence had not paid federal taxes for many years.  I

23  don't need to supplement it beyond that.

24          Now I need to consider whether Mr. Lawrence's

25  claim against Old GM can be asserted here.

1          Pursuant to procedures that were set up earlier in
2  Old GM's bankruptcy case omnibus claims objections were
3  filed to Mr. Lawrence's claim among many others.  He
4  responded to that objection, which is the matter we're
5  dealing with now.
6          Turning now to my conclusions of law.
7          A proof of claim is prima facie evidence of the
8  validity and the amount of the claim and the objector, which
9  here is the GUC Trust, bears the initial burden of
10 persuasion.  See In re Onita Limited, 400 B.R. at page 389,
11 a 2009 decision by Judge Gropper of this court.
12         What that means translating from the Latin is that
13 once a claimant like Mr. Lawrence here files a proof of
14 claim, assuming that the claim is satisfactory in the first
15 instance, it's good enough to get paid the amount set forth
16 in the claim unless there's an objection.
17         Once there is an objection however the burden
18 shifts to the claimant if the objector produces evidence
19 equal in force to the claim that was previously filed, which
20 if believed, would refute at least one of the allegations
21 that's essential to the claimant's legal burden.
22         When the burden is shifted back to the claimant
23 the claimant must then prove by a preponderance of the
24 evidence that under applicable law the claim should be
25 allowed.

1              Here however I don't need to make nice

2    distinctions based on who has the burden.  The facts here

3    are very clear.  This claim can't be allowed, because to the

4    extent it's valid it's not capable of being asserted against

5    Old GM because New GN assumed this type of claim.

6    Mr. Lawrence was undisputedly represented by or affiliated

7    with the UAW.

8              Under the sale order that I described earlier on

9    all employment-related obligations pertaining to UAW

10   employees must be asserted against either the union,

11   although I have some difficulty seeing how the union has any

12   responsibility here, and/or New GM.

13             Because the claim before me is based on

14   liabilities that New GM assumed the claim against Old GM

15   must be disallowed and expunged.

16             In this decision I take no position as to whether

17   Mr. Lawrence could succeed if and when he went against New

18   GM.  It's possible that the same factors that caused the

19   District Court to rule on summary judgment in favor of the

20   pension trust would apply no less to any claims if they were

21   then asserted against New GM, but that's a matter as to

22   which I ultimately express no view.

23             Thus the GUC Trust's motion to disallow the claim

24   and expunge it from the claims register is granted.

25             Mr. Griffiths, you're to settle an order in

1   accordance with this ruling that states in substance that

2   for the reasons dictated on the record Mr. Lawrence's claim

3   is disallowed.  Settle that order on -- considering he's pro

4   se -- a longer time than you would do it if you were

5   opposing a lawyer.  Frankly, I don't see a hurry.  Give him

6   two full weeks notice by mail.

7              For the avoidance of doubt the time to appeal this

8   determination will run from the time of the resulting order

9   and not from the time of this dictated decision.

10             MR. GRIFFITHS:  Yes, Your Honor.

11             THE COURT:  Do we have any further business?

12             MR. GRIFFITHS:  No, Your Honor, that concludes our

13  matters.

14             THE COURT:  All right then, have a good day.

15  We're adjourned.

16             MR. GRIFFITHS:  Thank you, Your Honor.

17        (Whereupon, these proceedings were concluded at 11:15

18  a.m.)

Page 12

I N D E X

RULINGS

| DESCRIPTION | PAGE | LINE |
|---|---|---|
| Objection to Claims re: Walter J. Lawrence | 5 | 17 |

1  C E R T I F I C A T I O N

2

3  I, Dawn South, certify that the foregoing transcript is a

4  true and accurate record of the proceedings.

5

6

7

8  AAERT Certified Electronic Transcriber CET**D-408

9

10

11  Veritext

12  200 Old Country Road

13  Suite 580

14  Mineola, NY 11501

15

16  Date:  March 28, 2013

17

18

19

20

21

22

23

24

25