Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                          :   Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,          :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*       :
                                                               :
                    Debtors.                   :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE
MOTORS LIQUIDATION COMPANY GUC TRUST AND RONALD
A. KATZ TECHNOLOGY LICENSING, L.P. PROVIDING FOR LIMITED
MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, by and through its undersigned counsel, and Ronald A. Katz Technology Licensing, L.P., on the other hand ("**Plaintiff**," and together with the GUC Trust, the "**Parties**"), hereby enter into this Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

**RECITALS**

A. On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain affiliated debtors (collectively, including MLC, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the

United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.  Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date and barred, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "**Automatic Stay**").

C.  Plaintiff filed a lawsuit styled *Ronald A. Katz Tech. Licensing, L.P. v. General Motors Corp.*, CV 2:07-2339-RGK-(FFMx), which was transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Central District of California, Western Division (the "**District Court**"), for coordinated pretrial proceedings in the multidistrict litigation styled *In re Katz Interactive Call Processing Patent Litig.*, Case No. 07-ML-01816-B-RGK (the "**Action**").  In the Action, the District Court issued the Order Ruling on General Motors' Individual Summary Judgment Motion [GM Docket No. 358] (the "**Order**") and a Final Judgment [MDL Docket No. 6475] (the "**Judgment**," and together with the Order, the "**Judgment and Order**") granting summary judgment in favor of General Motors Corporation ("**GM**") with respect to all of Plaintiff's claims for relief against GM.

D.  Plaintiff filed an appeal from the District Court's Judgment and Order in the matter styled *Ronald A. Katz Tech. Licensing, L.P. v. General Motors Corp.*, Case. No. 2009-1407, -1408 (the "**Appeal**").  The Appeal is currently pending in United States Court of Appeals for the Federal Circuit (the "**Appellate Court**"), but has been stayed since the Commencement Date pursuant to the Automatic Stay.

  E. On November 20, 2009, Plaintiff timely filed proof of claim number 32726 (the "**Claim**") relating to the Action and Appeal. The Claim asserts an unsecured claim in the amount of not less than $2,699,198.70.

  F. On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**"). Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) authorized the GUC Trust to resolve certain claims pending against the Debtors' estates, and (iv) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to resolve in accordance with the Plan (the "**Plan Injunction**"). (*See* Confirmation Order ¶ 54.)

  G. Plaintiff and the GUC Trust wish to modify the Automatic Stay and the Plan Injunction solely to the extent necessary to (i) permit Plaintiff to dismiss the Appeal and (ii) allow the Parties to file a joint motion to vacate the Judgment and Order issued by District Court in the Action.

  NOW, THEREFORE, the Parties do hereby agree as follows:

## **STIPULATION**

  1. Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to (i) enable the Plaintiff to dismiss the Appeal currently pending in the Appellate Court, which

Plaintiff hereby agrees to do promptly following entry of an order of this Court approving this Stipulation and Order, and (ii) allow the Parties to file a joint motion to vacate the Judgment and Order entered by District Court, which both Parties hereby agree to do promptly following the dismissal of the Appeal.

2. Except as provided in Paragraph 1 above, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the Order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors, and/or the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action or the Appeal.

4. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

5. This Stipulation and Order is subject to the approval of the Court. If this Stipulation and Order is not approved by the Court, this Stipulation and Order shall be deemed null and void and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases, the Action or the Appeal.

6. This Stipulation and Order sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon

4

any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7. The Parties represent and warrant to each other that the signatories to this Stipulation and Order have full power and authority to enter into this Stipulation and Order and to bind the Parties.

Dated: April 10, 2013

| /s/ Ronald R. Sussman | /s/ Joseph H. Smolinsky |
|---|---|
| Ronald R. Sussman | Harvey R. Miller |
| Richelle Kalnit | Stephen Karotkin |
| Cooley LLP | Joseph H. Smolinsky |
| 1114 Avenue of the Americas | Weil, Gotshal & Manges LLP |
| New York, New York 10036 | 767 Fifth Avenue |
| Telephone: (212) 479-6000 | New York, New York 10153 |
|  | Telephone: (212) 310-8000 |
| Attorney for Ronald A. Katz Technology Licensing, L.P. | Attorneys for Motors Liquidation Company GUC Trust |

IT IS SO ORDERED.

Dated: New York, New York
   *April 16, 2013*

   *s/ Robert E. Gerber*
   THE HONORABLE ROBERT E. GERBER
   UNITED STATES BANKRUPTCY JUDGE

5