**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                        :    09-50026 (REG)
         f/k/a General Motors Corp., *et al.*                    :
                                                                 :
                                        Debtors.                 :    (Jointly Administered)
                                                                 :
------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING**
**DEBTORS' EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**(Claims Relating to Former Employees Represented by United Auto Workers)**

Upon the eighty-second omnibus objection to expunge certain claims relating to former employees who are or had been represented by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, dated August 20, 2010 (ECF No. 6739) (the "**Eighty-Second Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the UAW Claims on the grounds that each UAW Claim is for an obligation for which the Debtors have no liability, all as more fully described in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Eighty-Second Omnibus Objection to Claims.

the Eighty-Second Omnibus Objection to Claims; and due and proper notice of the Eighty-Second Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the response to the Eighty-Second Omnibus Objection to Claims filed by Walter J. Lawrence (the "**Claimant**") on September 14, 2010 (ECF No. 7022) with respect to Proof of Claim No. 21225 (the "**Lawrence Claim**") and the Motors Liquidation Company GUC Trust's (the "**GUC Trust**") reply thereto (ECF No. 12365); and a hearing having been held on March 28, 2013 at 10:30 a.m. (the "**Hearing**"); and the Court having found and determined that the relief sought in the Eighty-Second Omnibus Objection to Claims with respect to the Lawrence Claim is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eighty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eighty-Second Omnibus Objection to Claims with respect to the Lawrence Claim is granted to the extent provided herein; and it is further

ORDERED that, in accordance with the Court's ruling at the Hearing, and for the reasons set forth on the record both at the Hearing and at previous hearings in these chapter 11 cases addressing claims substantially similar to the Lawrence Claim, the Lawrence Claim is disallowed and expunged; and it is further

ORDERED that the time to appeal runs from the date of entry of this Order and not from the date of the Hearing; and it is further

ORDERED that the Claimant shall retain all rights, if any, that he may have against any party other than the Debtors and the GUC Trust; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *April 18, 2013*

                                                     *s/ Robert E. Gerber*
                                                   United States Bankruptcy Judge

09-50026-reg    Doc 12399    Filed 04/18/13    Entered 04/18/13 16:40:59    Main Document
Pg 3 of 3