# Weil, Gotshal & Manges LLP

1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
+1 202 682 7000 tel
+1 202 857 0940 fax

**David R. Berz**
+1 (202) 682-7190
david.berz@weil.com

April 23, 2013

Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York  10004-1408

Re:   *In re Motors Liquidation Company* (f/k/a General Motors Corp.) (No. 09-50026); Response to
      April 18, 2013 Letter from the State of New York, et al (collectively, the "States/Tribe")
      Regarding *Motion of the Revitalizing Auto Communities Environmental Response Trust for an
      Order Pursuant to 11 U.S.C. §§ 105 and 1142 to Enforce Debtors' Payment Obligations Under
      the Second Amended Joint Chapter 11 Plan and the Confirmation Order* (ECF No. 11164) (the
      "RACER Motion")

Dear Judge Gerber:

Weil, Gotshal & Manges LLP is counsel to the Motors Liquidation Company DIP Lenders Trust (the
"DIP Trust"). The DIP Trust responds to the letter referenced above concerning the States/Tribe's
request for certain deletions to the Court's April 12, 2012 oral ruling (the "April 12 Ruling") on the
Racer Motion and presentation of a proposed order (the "States/Tribe's Proposed Order"). As the DIP
Trust stated in its April 5, 2013 letter to the Court, the DIP Trust believes that the Court's April 12
Ruling is correct as-is in all respects. In an effort to reach a final resolution of this matter, however, the
DIP Trust proposes two alternative solutions outlined below.

First, the DIP Trust is prepared to delete the language as requested by the States/Tribe with minor
exceptions. As shown below, the DIP Trust will agree to delete the stricken-out language from the April
12 Ruling while keeping in the yellow-highlighted language that the States/Tribe wish to strike:

> (a)      I'm ruling that Motors Liquidation breached the settlement agreement and
> provisions of the plan when it provided the funding for the RACER Trust in the currency
> of securities rather than cash, though there's no evidence that Motors Liquidation did so
> out of any wrongful motive or even that it intended to breach any of those agreements at
> all. But I'm further ruling that the RACER Trust through its personnel who were acting
> for the RACER Trust waived Motors Liquidation breach and that the States, the Tribe,
> and if it matters, the Federal government, even though they may effectively be

**Weil, Gotshal & Manges LLP**

April 23, 2013
Page 2

beneficiaries of the RACER Trust, though the U.S. is the actual named beneficiary, can't escape the effect of those waivers ~~or independently assert claims that to the extent they exist belong to the RACER Trust.~~

(Transcript of April 12, 2012 Hearing, pp. 111-12).

(b)    I'm also unpersuaded by the argument that all of these events don't count because some or all of the States and the Tribe weren't privy to everything that was happening. The RACER Trust was established as the vehicle for meeting their needs and concerns along with those of the Government or at least the EPA, Department of Justice Environmental Division side of the Government. And Hills, Laws, and Hamilton were the agents for the RACER Trust. It was the RACER Trust that would take the assets and manage them for the ultimate environmental remediation needs of the State and the Tribe. Having heard points that the U.S. Attorney made, I don't rule that the Trust was the agent for its beneficiaries or its effective beneficiaries, ~~but I likewise can't rule and don't rule that such beneficiaries have the independent right or standing to enforce claims based on obligations running to the Trust. The States and Tribe could, I suppose, have negotiated for their own Trust, or they could have negotiated for additional rights with respect to the RACER Trust itself, or to be exempted from the consequences of the actions that the Trustees or other personnel of the RACER Trust took. But of course they didn't do that nor has there been a claim that they did so. The entity with rights, if any, with respect to any Motors Liquidation non-performance is the RACER Trust. Likewise,~~ the, RACER Trust must live with any defenses to its efforts to enforce its rights, including waiver defenses arising from the acts of its agents.

(Transcript of April 12, 2012 Hearing, pp. 123-24).

The attached <u>Exhibit A</u> is a proposed order based on the States/Tribe's Proposed Order from April 18, 2013 deleting the above stricken language from the April 12 Ruling and making other non-substantive, minor revisions. A black-lined comparison between this proposed order and the States/Tribe's Proposed Order is attached as <u>Exhibit B</u>. This compromise approach ensures that the waivers the Court found bind the States/Tribe as well as RACER.

Alternatively, the DIP Trust offers a second compromise proposal in the form of an amended stipulation and approved order based on the draft attached to the DIP Trust's April 5 letter to the Court with the following modifications:

(1) agreeing with each of the States/Tribe's requested deletions to the April 12 Ruling;

(2) modifying the last sentence of paragraph 2 to clarify that "nothing herein shall affect the application of res judicata and/or collateral estoppel to the April 12 Ruling as modified above and reflected in Exhibit 1";

**Weil, Gotshal & Manges LLP**

April 23, 2013
Page 3

(3) revising the preamble of the stipulation and approved order to recite RACER's and the States/Tribe's agreement not to pursue further litigation relating to these same issues; and

(4) deleting the release provisions.

The attached Exhibit C contains the DIP Trust's modified proposed stipulation and approved order for the Court's and the parties' consideration. A black-lined comparison between this proposed stipulation and approved order and the DIP Trust's April 5 submission is attached as Exhibit D.

In the interest of obtaining complete finality and resolution as to the RACER Motion and any liabilities arising from the allegations asserted therein, the DIP Trust respectfully requests that the Court give the parties until next Monday afternoon, April 29, 2013 to consider the above proposals. One that day and after discussions with the other parties, the DIP Trust will provide the Court with a status update concerning whether a compromise has been reached or is likely or not achievable.

The DIP Trust continues to hope for and work diligently towards achieving a compromise resolution this dispute. If necessary, the DIP Trust is available to participate in a conference should the Court so desire. We appreciate the Court's efforts thus far in fostering a final resolution of this dispute and for considering this matter.

Respectfully submitted,

*David R. Berz/dt*

David R. Berz

cc: (via e-mail)
Carl Garvey, *Revitalizing Auto Communities Environmental Response Trust*
Steven Eichel, *Revitalizing Auto Communities Environmental Response Trust*
David Jones, *United States of America*
Alan Tenenbaum, *United States of America*
Benjamin Conlon, *State of New York*
Maureen Leary, *State of New York*
Celeste Gill, *State of Michigan*
Carol Iancu, *Commonwealth of Massachusetts*
Jennifer Davis, *Commonwealth of Massachusetts*
James Morgan, *State of Illinois*

*Endorsed Order: The request for extra time until 4/29/13 is granted. But if the parties can not reach agreement by then, or do not give the Court comfort that agreement may be reached shortly thereafter, the Court will rule, without still more briefing and argument.*

*S/R EG*
*USBJ*
*4/23/13*

**Weil, Gotshal & Manges LLP**

April 23, 2013
Page 4

Timothy Junk, *State of Indiana*
Barbara Grabowski, *Commonwealth of Pennsylvania*
Robert Kuchl, *State of Delaware*
Michael Idzkowski, *State of Ohio*
Lacy Cochart, *State of Wisconsin*
David Grandis, *Commonwealth of Virginia*
John Dickinson, *State of New Jersey*
Donald Willoh, *State of Missouri*
Timothy Keck, *State of Kansas*
Christopher Ratcliff, *State of Louisiana*
John Privitera, *St. Regis Mohawk Tribe*
Jacob Lamme, *St. Regis Mohawk Tribe*