PRESENTMENT DATE AND TIME:  May 7, 2013 at 12:00 p.m. noon (Eastern Time)
OBJECTION DEADLINE:  May 7, 2013 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                    :
                Debtors.            :        (Jointly Administered)
                                    :
-------------------------------------------------------------x
```

**NOTICE OF**
**PRESENTMENT OF STIPULATION**
**AND AGREED ORDER BETWEEN THE**
**MOTORS LIQUIDATION COMPANY GUC TRUST AND**
**MARY SUE MARTIN, AS PERSONAL REPRESENTATIVE OF THE**
**ESTATE OF RACHEL MARIE MARTIN, PROVIDING FOR LIMITED**
**MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

**PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust

(the "**GUC Trust**") will present the annexed Stipulation and Agreed Order Between the GUC

Trust, on the one hand, and Mary Sue Martin, as personal representative of the estate of Rachel

Marie Martin, on the other hand, Providing for Limited Modification of the Automatic Stay and

the Plan Injunction (the "**Stipulation and Order**") to the Honorable Robert E. Gerber, United

States Bankruptcy Judge, for approval and signature at Room 621 of the United States

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One

Bowling Green, New York, New York 10004, on **May 7, 2013 at 12:00 p.m. noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

US_ACTIVE:\44235639\5\72240.0639

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn, Crutcher LLP, attorneys for

Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as

Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York,

10166 (Attn:  Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as

the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite

500, Atlanta, Georgia  30309 (Attn:  Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for

the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th

Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P.

Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas

78703; and (xvi) Searcy Denney Scarola Barnhart & Shipley, P.A., attorneys for Mary Sue

Martin, as personal representative of the estate of Rachel Marie Martin, P.O. Box 3626, 2139

3

Palm Beach Lakes Blvd., West Palm Beach, Florida 33402 (Attn: John Scarola, Esq.), so as to

be received no later than **May 7, 2013 at 11:30 a.m. (Eastern Time)** (the "**Objection**

**Deadline**").

    PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Stipulation and Order, the GUC Trust may, on or after the Objection

Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
   April 30, 2013

         /s/  Joseph H. Smolinsky
        Harvey R. Miller
        Stephen Karotkin
        Joseph H. Smolinsky

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone:  (212) 310-8000
        Facsimile:  (212) 310-8007

        Attorneys for the Motors Liquidation
        Company GUC Trust

US_ACTIVE:\44235639\5\72240.0639

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for the Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
        f/k/a General Motors Corp., et al.   :
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

**STIPULATION AND**
**AGREED ORDER BETWEEN THE**
**MOTORS LIQUIDATION COMPANY**
**GUC TRUST AND MARY SUE MARTIN,**
**AS PERSONAL REPRESENTATIVE OF THE ESTATE**
**OF RACHEL MARIE MARTIN, PROVIDING FOR LIMITED**
**MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one

hand, by and through its undersigned counsel, and Mary Sue Martin, as personal representative

of the estate of Rachel Marie Martin, on the other hand ("**Plaintiff**," and together with the GUC

Trust, the "**Parties**"), enter into this Stipulation and Agreed Order ("**Stipulation and Order**")

and hereby stipulate as follows:

## RECITALS

A.        On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain affiliated debtors (collectively, including MLC, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.        Pursuant to section 362 of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date and barred, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "**Automatic Stay**").

C.        A lawsuit styled *Mary Sue Martin, as Personal Representative of the Estate of Rachel Marie Martin v. General Motors Corp., et al.*, Case No. 06007708 CA 11 (the "**Action**"), is currently pending in the Seventeenth Judicial Circuit Court in and for Broward County, Florida (the "**Florida Court**"), but has been stayed since the Commencement Date pursuant to the Automatic Stay.

D.        On November 25, 2009, Plaintiff filed proof of claim number 45620 (the "**Claim**") relating to the Action.  The Claim asserts an unsecured claim for wrongful death in the amount of $15,000,000.00.

E.        On February 23, 2010, this Court entered the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 5037).[1]

---

[1] The ADR Order and ADR Procedures were subsequently amended by the Court, first on October 25, 2010 (ECF No. 7558), and again on June 4, 2012 (ECF No. 11777).

2

F.      On October 29, 2010, the GUC Trust designated the Claim for alternative dispute resolution pursuant to the ADR Procedures.

G.      Plaintiff and the GUC Trust were unable to resolve the Claim under the ADR Procedures and, thus, the Claim is an "Unresolved Designated Claim" pursuant to the ADR Order and Procedures.

H.      The ADR Order and Procedures provide that if an Unresolved Designated Claim cannot be adjudicated in the Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction, litigation of such Unresolved Designated Claim shall proceed in the nonbankruptcy forum where the Unresolved Designated Claim was pending on the date the Debtors commenced their respective voluntary chapter 11 cases, subject to the Debtors' right to seek removal and/or transfer of venue.  (*See* ADR Procedures § II.E.3; ADR Order at 6.)

I.      On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) authorized the GUC Trust to resolve certain claims pending against the Debtors' estates, and (iv) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to resolve in accordance with the Plan (the "**Plan Injunction**").  (*See* Confirmation Order ¶ 54.) The Proof of Claim was among the claims transferred to the GUC Trust.

3

J.       Pursuant to the ADR Order and Procedures, Plaintiff and the GUC Trust wish to

modify the Automatic Stay and the Plan Injunction solely to the extent necessary to permit the

liquidation of the amount of the Claim through litigation of the Action in the Florida Court,

subject to the GUC Trust's rights to seek removal and/or transfer of venue.

NOW, THEREFORE, the Parties do hereby agree as follows:

**<u>STIPULATION</u>**

1.       Upon entry of an order of the Court approving this Stipulation and Order, the

Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to enable

the Action to proceed to final judgment or settlement.  The Action shall proceed in the Florida

Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue, or in such

other forum as determined by the Court on request of the GUC Trust.  Any final judgments in the

Action and, thus, distributions on account of any amount of the Claim shall be subject to

treatment under the Plan and shall be treated as a Class 3 general unsecured nonpriority claim

against the Debtors, unless otherwise determined and ordered by this Court.

2.       Except as provided in Paragraph 1 above, the provisions of the Automatic Stay,

the Plan Injunction, and any provision or injunction created in connection with confirmation of

the Plan and the Order confirming the Plan, including, without limitation, those provisions

prohibiting execution, enforcement or collection of any judgment that may be obtained against

the Debtors, and/or the GUC Trust, and/or assets or property of the Debtors' estates (as defined

in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.       Nothing contained herein shall be deemed or construed as an admission of

liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the

Action reserve the right to assert any and all defenses in the Action.

4

4.      This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

5.      This Stipulation and Order is subject to the approval of the Court.  If this Stipulation and Order is not approved by the Court, this Stipulation and Order shall be deemed null and void and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases or the Action.

6.      This Stipulation and Order sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court.  The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7.      The Parties represent and warrant to each other that the signatories to this Stipulation and Order have full power and authority to enter into this Stipulation and Order and to bind the Parties.

5

Dated:  April 30, 2013


 /s/  John Scarola_____              /s/  Joseph H. Smolinsky_____
John Scarola, Esq.                         Harvey R. Miller
Searcy Denney Scarola Barnhart &           Stephen Karotkin
Shipley, P.A.                              Joseph H. Smolinsky
P.O. Drawer 3626                           Weil, Gotshal & Manges LLP
2139 Palm Beach Lakes Blvd.                767 Fifth Avenue
West Palm Beach, Florida 33402             New York, New York 10153
Telephone:  (561) 686-6300                 Telephone:  (212) 310-8000


Attorneys for Mary Sue Martin, as          Attorneys for the Motors Liquidation
Personal Representative of the             Company GUC Trust
Estate of Rachel Marie Martin


IT IS SO ORDERED.

Dated:  New York, New York
         _____, 2013          _____
                                         THE HONORABLE ROBERT E. GERBER
                                         UNITED STATES BANKRUPTCY JUDGE