UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                   :

In re                                   :         **Chapter 11 Case No.**
                                   :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :         **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*   :
                                   :

                **Debtors.**       :         **(Jointly Administered)**
                                   :
------------------------------------------------------------------x

**ORDER (1) DENYING MOTIONS OF THE
REVITALIZING AUTO COMMUNITIES ENVIRONMENTAL RESPONSE TRUST
AND CERTAIN STATES/TRIBE FOR AN ORDER ENFORCING THE PAYMENT
OBLIGATIONS UNDER THE OCTOBER 2010 CONSENT DECREE AND THE
SECOND AMENDED JOINT CHAPTER 11 PLAN AND CONFIRMATION ORDER,
AND (2) RESOLVING APPEAL RIGHTS**

**RECITALS**

A.      In October 2010, the Debtors, Motors Liquidation Company ("MLC"), the

United States, the States of Delaware, Illinois, Indiana, Kansas, Louisiana, Michigan, Missouri,

New Jersey, New York, Ohio, Pennsylvania, Virginia and Wisconsin, the Massachusetts

Department of Environmental Protection, the St. Regis Mohawk Tribe (collectively the

"Signatory States/Tribe"), and Elliot Laws (acting solely in his capacity as managing member of

EPLET LLC), together with Michael Hill (as Proposed Environmental Chief Operating Officer

and General Counsel of the Environmental Response Trust), on behalf of the Administrative

Trustee, each executed the Environmental Response Trust Consent Decree, Settlement

Agreement and Trust Agreement (collectively "Consent Decree").

B.      On March 29, 2011, the Court entered an order (1) confirming the Debtors'

Second Amended Joint Chapter 11 Plan (the "Plan of Liquidation"), and (2) approving the

Consent Decree creating the Environmental Response Trust, now known as the Revitalizing

Auto Communities Environmental Response Trust ("RACER Trust") (ECF No. 9941).

C.        On November 21, 2011, the RACER Trust filed the *Motion for an Order Pursuant to 11 U.S.C. §§ 105 and 1142 to Enforce the Debtors' Payment Obligations Under the Second Amended Joint Chapter 11 Plan and the Confirmation Order* (the "RACER Motion") (ECF No. 11164), which asserted that pursuant to the terms of the March 2011 Confirmation Order and Plan of Liquidation and the Consent Decree, the RACER Trust was underfunded by the Debtors, and which sought damages from the Debtors to the extent of such underfunding.

D.        On December 6, 2011, certain of the States and the St. Regis Mohawk Tribe ("States/Tribe"), who were signatories to the October 2010 Consent Decree, filed a Statement in Support of the RACER Motion (ECF No. 11220).

E.        On December 12, 2011, the Court entered the *Stipulation and Order Regarding Motion of the Revitalizing Auto Communities Environmental Response Trust for an Order Enforcing Debtors' Payment Obligations Under the Second Amended Joint Chapter 11 Plan and the Confirmation Order* (ECF No. 11228) between the RACER Trust and the Debtors, which required the Debtors to deposit $13.6 million into the Court Registry pending the resolution of the RACER Motion.  On December 14, 2011, pursuant to that Stipulation, the Debtors deposited $13.6 million in the Court Registry.

F.        On or about December 15, 2011, at the time that the RACER Funding Motion was still pending, the Debtors dissolved.  The DIP Lenders Trust was formed to replace the Debtors for purposes, *inter alia,* of opposing the RACER Motion.

G.        On January 5, 2012, the DIP Lenders Trust filed a response in opposition to the RACER Motion (ECF No. 11297). On January 23, 2012, the DIP Lenders Trust filed an amended response in opposition to the RACER Motion (ECF No. 11335).

2

H.      On February 3, 2012, the States/Tribe filed a formal joinder in the RACER

Motion (*Joinder of the States of New York, Illinois, Indiana, Kansas, Michigan, Missouri, New*

*Jersey, Ohio, the Massachusetts Department of Environmental Protection and the St. Regis*

*Mohawk Tribe, in the Revitalizing Auto Communities Environmental Response Trust's Motion*

*for an Order Pursuant to 11 U.S.C. §§ 105 and 1142 to Enforce the Debtors' Payment*

*Obligations Under the Second Amended Joint Chapter 11 Plan and the Confirmation Order, and*

*Motion to Enforce Consent Decree and Settlement Agreement* (ECF No. 11380).

I.      On February 3, 2012, the RACER Trust and the States/Tribe filed separate

replies to the DIP Lenders Trust amended response in opposition to the RACER Funding Motion

(ECF Nos. 11384, 11380 and 11381).

J.      On March 14, 2012, the DIP Lenders Trust filed a sur-reply to the RACER

Funding Motion (ECF No. 11519).

K.      During the foregoing proceedings, the United States took no position on the

RACER Motion and the States/Tribe Joinder Motion.

L.      On April 12, 2012, the Court held a hearing on the RACER Motion and the

States/Tribe Joinder Motion and issued an oral ruling from the bench denying both Motions. The

Court indicated in its ruling that it was refraining from entering an order at that time in order to

permit the RACER Trust and the States/Tribe to consider whether or not they intended to appeal

the Court's Ruling, in which event the Court would issue a more formal written decision for

appellate review.

M.      Following the Court's April 12, 2012 bench ruling, the United States, the

RACER Trust and the States/Tribe had extensive discussions in an attempt to resolve by

stipulation the issues raised by the Court's April 12, 2012 ruling, but no agreement was reached

3

among all of the parties.

N.     On February 7, 2013, the Court conducted a status conference during which the

States/Tribe indicated that they would ask the Court to revisit certain provisions included in the

April 12, 2012 oral bench ruling insofar as they pertained to the authority of the States and Tribe

to enforce certain provisions of the Consent Decree (collectively, the "Contested Statements"),

and to delete those Contested Statements from the transcript of the bench ruling.  In exchange for

the deletion of such Contested Statements, the States and Tribe agreed that they would not appeal

the Court's April 2012 ruling. The Court directed the States/Tribe to advise the United States, the

DIP Lenders, and the RACER Trust of their desire to delete the Contested Statements, so as to

attempt to reach consensus on the requested relief.  The States/Tribe thereafter presented the

proposed transcript deletions to those parties and indicated that they intended to forego an appeal

in the event that the Court deleted the proposed language from the transcript.

O.     In a March 4, 2013 letter to the Court, the United States indicated that it had no

objection to deleting the Contested Statements from the April 12, 2012 transcript proposed by

the States/Tribe.  In a March 5, 2013 letter to the Court, the RACER Trust indicated that it took

no position on such proposed deletions.  In a March 5, 2013 letter to the Court, the DIP Lenders

Trust indicated that they had no objection to such deletions, as long as the States/Tribe and other

parties agreed to a stipulation which, among other things, (i) denied the RACER Motion, (ii)

prohibited any appeal of the  Court's bench ruling, and (iii) released all parties from any other

claims in connection with the subject matter of the RACER Motion   If such a stipulation was not

agreed to, the DIP Lenders Trust reserved its right to object to the proposed deletions.

P.     In a March 28, 2013 letter to the Court, the States/Tribe advised the Court that no

agreement among the parties on a stipulated agreement could be reached, and requested that the

4

Court rule on its request for deletions of the Contested Statements in the April 12, 2012 transcript and limited reconsideration of the ruling.

## ORDER

Upon consideration of the full record, including the Motions by the RACER Trust and the States/Tribe; the February 2012 Opposition by the MLC and the DIP Lenders Trust; the April 12, 2012 Hearing and Bench Ruling; the February 26, 2013 request of the States/Tribe for reconsideration of a part of the April 12, 2012 Bench Ruling seeking deletion of certain language on the grounds of its inconsistency with the October 2010 Consent Decree; the March 4, 2013 letter of the United States; the March 5, 2013 letters of the RACER Trust and DIP Lenders Trust; the March 28, 2013 letter of the States/Tribe (and proposed order attachment); the April 5, 2013 letters of the RACER Trust and DIP Lenders Trust (and proposed order attachments); the April 12, 2013 letter of the RACER Trust; and the April 18, 2013 letter of the States/Tribe (and proposed order attachments); the April 23, 2013 letter of the DIP Lenders Trust (and proposed order attachment); the April 23, 2013 letter of the RACER Trust; and the April 30, 2013 letter of the States/Tribe (and proposed order attachments);

And after due deliberation and sufficient cause appearing, it is hereby ORDERED**:**

1.      The RACER Motion and the States/Tribe Joinder Motion are hereby denied and any right to appeal by the States/Tribe and the RACER Trust is hereby waived under the terms set forth below.

2.      The following statements by the Court during the April 12, 2012 bench ruling shall be deleted from the Transcript of the April 12, 2012 Hearing, which is attached in redacted form to this Order, and the Court's ruling is thereby amended accordingly:

> (a)     *and that the States, the Tribe, and if it matters, the Federal government, even though they may effectively be beneficiaries of the RACER Trust, though the U.S. is the*

5

> *actual named beneficiary, can't escape the effect of those waivers or independently assert claims that to the extent they exist belong to the RACER Trust.*

(Transcript of April 12, 2012 Hearing, pp. 111-12).

(b)    *but I likewise can't rule and don't rule that such beneficiaries have the independent right or standing to enforce claims based on obligations running to the Trust. The States and Tribe could, I suppose, have negotiated for their own Trust, or they could have negotiated for additional rights with respect to the RACER Trust itself, or to be exempted from the consequences of the actions that the Trustees or other personnel of the RACER Trust took. But of course they didn't do that nor has there been a claim that they did so. The entity with rights, if any, with respect to any Motors Liquidation non-performance is the RACER Trust. Likewise,*

(Transcript of April 12, 2012 Hearing, pp. 123-24).

Nothing in this Order or in the Court's April 12, 2012 ruling or in prior proceedings hereto shall be deemed to alter, affect, or limit the rights and powers of the States/Tribe as set forth in the October 2010 Consent Decree.

3.    The funds deposited in the Court Registry, and any interest accruing thereon, shall be released to the MLC DIP Lenders Trust upon entry of this Order by the Court. The Clerk of the Court, and any employee or agent of the Court, is authorized to release such funds to the MLC DIP Lenders Trust.

4.    The Court shall retain jurisdiction over disputes arising from or otherwise relating to this Order.

Dated:  May _1_, 2013

**s/ Robert E. Gerber**
_____
Honorable Robert E. Gerber
UNITED STATES BANKRUPTCY JUDGE

6