UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
: 
                        Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**STIPULATION AND
AGREED ORDER BETWEEN THE
MOTORS LIQUIDATION COMPANY
GUC TRUST AND MARY SUE MARTIN,
AS PERSONAL REPRESENTATIVE OF THE ESTATE
OF RACHEL MARIE MARTIN, PROVIDING FOR LIMITED
<u>MODIFICATION OF THE AUTOMATIC STAY AND THE PLAN INJUNCTION</u>**

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), on the one hand, by and through its undersigned counsel, and Mary Sue Martin, as personal representative of the estate of Rachel Marie Martin, on the other hand ("**Plaintiff**," and together with the GUC Trust, the "**Parties**"), enter into this Stipulation and Agreed Order ("**Stipulation and Order**") and hereby stipulate as follows:

**RECITALS**

    A.    On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain affiliated debtors (collectively, including MLC, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

    B.    Pursuant to section 362 of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date and barred, *inter alia*, the commencement or continuation of

any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "**Automatic Stay**").

C. A lawsuit styled *Mary Sue Martin, as Personal Representative of the Estate of Rachel Marie Martin v. General Motors Corp., et al.*, Case No. 06007708 CA 11 (the "**Action**"), is currently pending in the Seventeenth Judicial Circuit Court in and for Broward County, Florida (the "**Florida Court**"), but has been stayed since the Commencement Date pursuant to the Automatic Stay.

D. On November 25, 2009, Plaintiff filed proof of claim number 45620 (the "**Claim**") relating to the Action. The Claim asserts an unsecured claim for wrongful death in the amount of $15,000,000.00.

E. On February 23, 2010, this Court entered the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 5037).[1]

F. On October 29, 2010, the GUC Trust designated the Claim for alternative dispute resolution pursuant to the ADR Procedures.

G. Plaintiff and the GUC Trust were unable to resolve the Claim under the ADR Procedures and, thus, the Claim is an "Unresolved Designated Claim" pursuant to the ADR Order and Procedures.

H. The ADR Order and Procedures provide that if an Unresolved Designated Claim cannot be adjudicated in the Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction, litigation of such Unresolved Designated Claim shall proceed in

---

[1] The ADR Order and ADR Procedures were subsequently amended by the Court, first on October 25, 2010 (ECF No. 7558), and again on June 4, 2012 (ECF No. 11777).

the nonbankruptcy forum where the Unresolved Designated Claim was pending on the date the Debtors commenced their respective voluntary chapter 11 cases, subject to the Debtors' right to seek removal and/or transfer of venue.  (*See* ADR Procedures § II.E.3; ADR Order at 6.)

I.      On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the Confirmation Order (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"), (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) authorized the GUC Trust to resolve certain claims pending against the Debtors' estates, and (iv) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to resolve in accordance with the Plan (the "**Plan Injunction**").  (*See* Confirmation Order ¶ 54.)  The Proof of Claim was among the claims transferred to the GUC Trust.

J.      Pursuant to the ADR Order and Procedures, Plaintiff and the GUC Trust wish to modify the Automatic Stay and the Plan Injunction solely to the extent necessary to permit the liquidation of the amount of the Claim through litigation of the Action in the Florida Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue.

NOW, THEREFORE, the Parties do hereby agree as follows:

## STIPULATION

1.      Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to enable

the Action to proceed to final judgment or settlement. The Action shall proceed in the Florida Court, subject to the GUC Trust's rights to seek removal and/or transfer of venue, or in such other forum as determined by the Court on request of the GUC Trust. Any final judgments in the Action and, thus, distributions on account of any amount of the Claim shall be subject to treatment under the Plan and shall be treated as a Class 3 general unsecured nonpriority claim against the Debtors, unless otherwise determined and ordered by this Court.

2. Except as provided in Paragraph 1 above, the provisions of the Automatic Stay, the Plan Injunction, and any provision or injunction created in connection with confirmation of the Plan and the Order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors, and/or the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to the Action, and the defendants in the Action reserve the right to assert any and all defenses in the Action.

4. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

5. This Stipulation and Order is subject to the approval of the Court. If this Stipulation and Order is not approved by the Court, this Stipulation and Order shall be deemed null and void and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases or the Action.

6. This Stipulation and Order sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing

4

signed by the Parties and/or their counsel, and approved by the Court.  The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7. The Parties represent and warrant to each other that the signatories to this Stipulation and Order have full power and authority to enter into this Stipulation and Order and to bind the Parties.

09-50026-mg    Doc 12421    Filed 05/08/13    Entered 05/08/13 16:16:38    Main Document
Pg 6 of 6

Dated: April 30, 2013

 /s/ John Scarola  
John Scarola, Esq.  
Searcy Denney Scarola Barnhart &  
Shipley, P.A.  
P.O. Drawer 3626  
2139 Palm Beach Lakes Blvd.  
West Palm Beach, Florida 33402  
Telephone: (561) 686-6300

Attorneys for Mary Sue Martin, as  
Personal Representative of the  
Estate of Rachel Marie Martin

 /s/ Joseph H. Smolinsky  
Harvey R. Miller  
Stephen Karotkin  
Joseph H. Smolinsky  
Weil, Gotshal & Manges LLP  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000

Attorneys for the Motors Liquidation  
Company GUC Trust

IT IS SO ORDERED.

Dated: New York, New York  
    *May 8, 2013*

*s/ Robert E. Gerber*  
THE HONORABLE ROBERT E. GERBER  
UNITED STATES BANKRUPTCY JUDGE

6