# Index No. 2

Westlaw.

Page 1

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

▷

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

Bank of Nova Scotia v. Janzen (Trustee of)

Re JANZEN and JANZEN; BANK OF NOVA SCOTIA v. COLLINS BARROW MAHEU NOISEUX INC. (Trustee)

Nova Scotia Supreme Court, In Bankruptcy

Hallett J.

Heard: December 19, 1988
Judgment: January 12, 1989
Docket: Halifax Nos. B-11100, B-11101

© Thomson Reuters Canada Limited or its Licensors (excluding individual court documents). All rights reserved.

Counsel: *P.D. Darling* and *S.D. Piggott*, for appellant.

*W.A. Harvey*, for respondent.

*M.S. Rosen*, for trustee.

Subject: Corporate and Commercial; Insolvency

Bankruptcy --- Proving claim — Practice and procedure — Filing proof of claim.

Dividends and distributions — Creditor not filing proper proof of claim, but making trustee aware of claim by correspondence — Proof of claim filed late but prior to distribution of dividends — Creditor entitled to participate in dividend, but penalized in amount of extra costs incurred by trustee — Court discussing relevant principles.

Immediately upon being appointed as trustee in a proposal, the trustee sent out the notices under s. 120(1) of the Bankruptcy Act. The creditor inadvertently failed to return a properly completed proof of claim, and the trustee went ahead and prepared his dividend sheet. The creditor only became aware that a dividend was to be distributed because it had another claim, and it therefore discovered that it was not included for its substantial additional claim. The creditor then filed a properly completed proof of claim prior to the actual distribution of the dividend.

The registrar ruled that as the creditor had been inadvertent and careless with respect to filing its proof of claim, it should not be allowed to participate in the distribution of the dividend. The creditor appealed.

**Held:**

Appeal allowed.

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

An overriding principle in bankruptcy law is that creditors are to be accorded equal and fair treatment and allowed to share pro rata in the assets of the estate. That is why the policy of the courts has been to allow creditors in prior to a distribution. To disallow a creditor's proof of claim filed before the distribution of a dividend is too harsh a penalty, even if the creditor was negligent in filing its proof in the first instance. The creditor should be allowed to participate pursuant to the power given to the court in s. 121 of the Act, but the creditor should bear the additional expenses of the trustee respecting preparation of a new dividend sheet and the trustee's legal costs on a solicitor-and-client basis.

### Annotation

In this case the proper proof of claim was filed with the trustee about one week before the date the final dividends were to be issued to creditors. By taking the position that the creditor was now barred from participating in the dividends, the trustee acted not only in disregard of the provisions of s. 150 (formerly s. 121) of the Bankruptcy Act, R.S.C. 1985, c. B-3, but also in complete disregard of his duty as a trustee under the well-known rule in *Re Condon; Ex parte James* (1874), 9 Ch. App. 609 (C.A.). This rule demands that a trustee, as an officer of the court, should do the fullest equity, and even if the trustee has a legal right to assert, the bankruptcy court will not permit the trustee to exercise that right if it would be inconsistent with natural justice to do so. It is a prerogative of mercy reposed in the bankruptcy court to alleviate cases of unusual hardship in which a regard to strict legal or equitable rights would work a manifest injustice.

The better practice for the trustee in this case would have been to apply to the Registrar in Bankruptcy (with notice to the creditor), requesting an order that the creditor be permitted to share in the dividends but pay the trustee's additional expenses and costs. Undoubtedly the registrar would have made such an order.

C.H. Morawetz, Q.C.

**Cases considered:**

*Boddam, Ex parte; Re Taylor* (1860), 2 De G. F. & J. 625, 45 E.R. 763 (L.JJ.) — *applied*

*McMurdo, Re; Penfield v. McMurdo,* [1902] 2 Ch. 684 (C.A.) — *applied*

*Pilot Butte Sand & Gravel Co., Re; Glen Wright Trucking Ltd. v. Guar. Trust Co. of Can.* (1968), 11 C.B.R. (N.S.) 254 (Sask. Q.B.) — *distinguished*

**Statutes considered:**

Bankruptcy Act, R.S.C. 1970, c. B-3 [now R.S.C. 1985, c. B-3]

s. 106 [now s. 135]

s. 121 [now s. 150]

**Forms considered:**

Bankruptcy Rules, C.R.C. 1978, c. 388, Sched. III

Form 64

Appeal from disallowance of creditor's claim by registrar.

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

*Hallett J.*:

1    This is an appeal from the decision of the Registrar in Bankruptcy refusing to extend the time for the Bank of Nova Scotia to file a proof of claim to enable the bank to participate in the distribution of a dividend. The decision appealed from conveniently sets out the facts that were before the registrar as follows:

> The Janzens filed proposals with the Official Receiver and Collins Barrow on 30th November 1987. On the same date, Collins Barrow sent notices by registered mail to the creditors, including the proposals, proof of claim forms, and voting letter statement of affairs of the Janzens, for the creditors' consideration. Included therein was a notice pursuant to s. 120(1) of the Bankruptcy Act, indicating that any claims should be filed *within 30 days*, or Collins Barrow could pay dividends, without further notice to creditors. The meeting of creditors was held on 11th December 1987, at which time the proposals were accepted. The trustee's report to the court was filed on 18th December 1987, and on 8th January 1988 an order approving the proposals was granted by Sally Champion, the Deputy Registrar in Bankruptcy. The terms of the proposals were satisfied by the Janzens in the spring of 1988. The funds were paid to Collins Barrow, and Collins Barrow's final statement of receipts and disbursements was approved by the inspector on 17th May 1988. The Official Receiver's office commented on the statement on 3rd June 1988, and it was taxed by the court on 14th June 1988. Notice to the creditors was sent by registered mail to all proven creditors on 21st June 1988, indicating that dividends would be directed to the creditors on 5th July 1988.
>
> Prior to sending the dividends, Collins Barrow was contacted by James E. White ("Mr. White"), Assistant Manager, Consumer Credit, at the Bank of Nova Scotia in Bridgewater, questioning why the Janzens' Scotialine account in the amount of $19,723.12 as of 30th November 1987, with interest at 12.25 per cent per annum from that date, had not been included in the proposed distribution. Collins Barrow advised Mr. White that no proof of claim had been received by them.
>
> At the time of the hearing of the application, a statement of facts, and detailed sequence of events, agreed upon by the parties was submitted to the court. These facts and events are enumerated as follows:
>
> 1. Date of filing of Proposals — November 30, 1987.
>
> 2. Date of appointment of Collins Barrow Maheu Noiseux Inc., Trustee — November 30, 1987.
>
> 3. Documentation sent by registered mail to creditors, inclusive of notice of creditors and Section 120 notice re filing proof of claim — November 30, 1987.
>
> 4. Meeting of creditors — December 11, 1987.
>
> 5. Trustee's Report to Court re approval of Proposal — December 18, 1987.
>
> 6. Ratification of Proposal by Court — January 8, 1988.
>
> 7. Trustee's final statement of receipts and disbursements — approved by Inspector — May 17, 1988, Official Receiver comments — June 3, 1988, taxed by Court — June 14, 1988.
>
> 8. Notice of final dividend to proven creditors by registered mail — June 21, 1988.
>
> 9. Date final dividends to be directed to creditors — July 5, 1988.

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

In addition there was an exchange of correspondence between Collins Barrow and the bank, which is reproduced in this decision, inasmuch as the timing and sequence of events is crucial to a determination of the issue at hand:

> Scotiabank
>
> Bridgewater Shopping Plaza,
>
> P.O. Box 130, Bridgewater, N.S.
>
> B4V 2W8

December 15, 1987

> Collins Barrow
>
> P.O. Box 250
>
> Halifax, Nova Scotia
>
> B3J 2W7.

```
Re: John R. Janzen and Lea Janzen
    Bankruptcy Proposal
---------------------------------
```

> Att. Mark Rosen
>
> Dear Sir:
>
> We enclose copies of the last 3 monthly statements to support our Scotialine Claim in regard to the above customers settlement proposal.
>
> Yours very truly,
>
> > J.E. White,
> >
> > Assistant Manager,
> >
> > Consumer Credit.

. . . . .

December 21, 1987

> Scotiabank
>
> Bridgewater Shopping Plaza

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

      P.O. Box 130

      Bridgewater, Nova Scotia

      B4V 2W8

*Attention: J.E. White — Asst. Manager*

Dear Sirs:

*Re: John R. Janzen and Lea M. Janzen — Proposals*

Receipt is acknowledged of your letter dated December 15, 1987.

We are still awaiting receipt of your Proof of Claims in the above noted matters. We would also like to advise that there were no enclosures with your letter of December 15, 1987 as stated.

Yours very truly,

      Mark S. Rosen

      Administrator

      MSR/bl.

            . . . . .

      Scotiabank

      Bridgewater Shopping Plaza,

      P.O. Box 130, Bridgewater, N.S.

      B4V 2W8

December 30, 1987

      Collins Barrow

      P.O. Box 250

      Halifax, Nova Scotia

      B3J 2W7

Re: John R. Janzen and Lea Janzen

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

```
Bankruptcy Proposal
-----------------------------------
```

Dear Sir:

We are enclosing the last 3 monthly statements to support our Scotialine claim which should have been included in our Dec. 15/87 writing.

Yours truly,

> G.A. Bristol
>
> Consumer Credit Officer.

. . . . .

January 13, 1988

> Bank of Nova Scotia
>
> P.O. Box 130,
>
> Bridgewater, Nova Scotia

*Attention: G.A. Bristol — Officer Consumer Credit*

Dear Mr. Bristol:

*Re: John R. Janzen & Lea M. Janzen — Proposals*

Receipt is acknowledged of your proof of claim with respect to the Scotialine account.

We would request that you attach a statement of account to the proof of claim and return same to our office at your earliest convenience.

Should you have any questions, please feel free to contact the undersigned.

Yours very truly,

> Mark S. Rosen
>
> Administrator
>
> MSR/bl
>
> Encl.

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

. . . . .

> Scotiabank
>
> Bridgewater Shopping Plaza
>
> P.O. Box 130, Bridgewater, N.S.
>
> B4V 2W8
>
> June 28, 1988
>
> Collins Barrow
>
> 1801 Hollis Street
>
> Halifax, Nova Scotia
>
> B3J 2N7
>
> Re: *John & Lea Janzen*
>
> Dear Mr. Rosen:
>
> With reference to our telephone conversation enclosed please find original proof of claim and monthly statements on the Janzen's Scotialine.
>
> Yours truly,
>
> J.E. White,
>
> Asst. Manager,
>
> Consumer Credit
>
> Encl.

An affidavit of Mr. White was also filed at the time of the hearing, detailing the sequence of events, and submitting that the claim "by the Bank has been proved and that the Trustee had notice of the claim and, as such, the Bank, as creditor, should be permitted to participate in the distribution of the funds".

Collins Barrow submits that the procedure followed by the bank did not conform with the standards for filing proofs of claim under the Bankruptcy Act, and in fact, when the bank did conform with the said standards, it was too late to be included as a creditor in the payment of dividends.

**Ruling On The Appeal To The Court From The Registrar's Decision**

2      Section 121 of the [1970] Bankruptcy Act is relevant to this appeal. It provides as follows:

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

> 121. [Right of creditor who has not proved claim before declaration of dividend] A creditor who has not proved his claim before the declaration of any dividend is entitled upon proof of his claim to be paid out of any money for the time being in the hands of the trustee any dividend or dividends he may have failed to receive, before that money is applied to the payment of any future dividend, but he is not entitled to disturb the distribution of any dividend declared before his claim was proved by reason that he has not participated therein, except on such terms and conditions as may be ordered by the court.

3      The learned registrar purported to follow the decision of MacDonald J. in *Re Pilot Butte Sand & Gravel Co.; Glen Wright Trucking Ltd. v. Guar. Trust Co. of Can.* (1968), 11 C.B.R. (N.S.) 254 (Sask. Q.B.). He concluded that, as the bank had been inadvertent and careless with respect to the filing of its proof of claim, he refused to allow the bank to participate in the distribution of the dividend.

4      The notice of appeal alleges four grounds:

> (a) the learned Registrar erred in law in failing to find that the The Bank of Nova Scotia had indeed filed a claim within the meaning of Section 120 of the *Bankruptcy Act*, and that an Order pursuant to that Section was therefore unnecessary;

> (b) the learned Registrar erred in law in failing to take into account the duty of the Trustee, under the particular circumstances in play here, to advise the Applicant/Appellant that its proof of claim was deficient, before proceeding to declare a distribution;

> (c) the learned Registrar erred in law in finding that the Applicant/Appellant had a higher standard of care than ordinary unsecured creditors;

> (d) the learned Registrar erred in law in failing to properly exercise his discretion under Section 120(1) of the *Bankruptcy Act*, so that, if it was appropriate to penalize the Applicant/Appellant, the penalty was commensurate with the inconvenience suffered by the Estate Administrator.

5      In reviewing the report of the *Pilot Butte* case, it would appear that the learned registrar followed what is referred to as a "second principle" that was enunciated in the *Pilot Butte* case, that the policy that a court permits a creditor in if a dividend has not been distributed does not apply if a creditor has been inadvertent or careless. However, in the *Pilot Butte* case it states that in such a situation a late-filing creditor is entitled to share only in future distributions. In that case, the learned trial judge found that the claimant had not been inadvertent or careless and, in view of the size of the claim, the trustee should have considered sending a notice to the creditor to prove its claim, and this would have called its attention to the fact that its proof of claim was not in the hands of the trustee. I might say that the trustee should possibly have done the same in this case, but it is not necessary to deal with that issue. I feel the learned registrar erred in the exercise of his discretion. There is an overriding principle in bankruptcy law that creditors are to be accorded equal and fair treatment and share pro rata in the assets of the estate. That is why the policy of the courts has been to allow creditors in prior to a distribution. The second so-called "principle" referred to in the *Pilot Butte* case is premised on the situation where it is contemplated that there will be a future distribution to creditors. In the *Janzen* case before the registrar, this was a one and only distribution. The bank had in fact filed a proof of claim, although it was not in proper form and was returned. Due to negligence, the bank inadvertently failed to return the properly completed proof of claim, and the trustee went ahead and prepared his dividend sheet, and the bank only by reason of having another claim became aware that a dividend was to be distributed and the bank was not included for its substantial claim of $19,723.12 — substantial in relation to claims of other creditors. The bank then filed a properly completed proof of claim *prior* to the actual distribution of the dividend.

6      To disallow a creditor's proof of claim filed before the distribution of a dividend is too harsh a penalty, even if the creditor was negligent in filing its proof in the first instance. The objective of bankruptcy legislation to give all creditors an opportunity to share in the assets can be achieved by penalizing the late-filing creditor by charging against the creditor's share

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works

Page 9

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

of the estate the cost of additional work required by the trustee to alter the dividend sheet, etc. This is the principle referred to in the cases cited in *Pilot Butte*, supra. In my opinion, the learned registrar erred in failing to consider the basic principle that allows creditors with proven claims to share in the estate if the distribution has not been made before the claim is filed. In this case, there was not going to be any further distribution and, considering all the circumstances, to disallow the bank to participate in a share of the amounts available for distribution is an improper exercise of discretion. In my opinion, the bank should be allowed to participate pursuant to the power given to the court in s. 121 of the Bankruptcy Act.

7    I have come to this conclusion based on the reasoning of the court in *Ex parte Boddam; Re Taylor* (1860), 2 De G. F. & J. 625, 45 E.R. 763 (L.JJ.), where the court stated at p. 765:

> I take the general rule to be, that so long as there remain undistributed assets in bankruptcy a creditor is entitled to come in and prove, as is the case in an administration suit so long as there are assets unadministered.

8    Similar sentiments were expressed in the case of *Re McMurdo; Penfield v. McMurdo*, [1902] 2 Ch. 684 (C.A.), where Vaughan Williams L.J. stated at pp. 699-700:

> Now, according to my experience of bankruptcy practice, there never has been any doubt as to the right of a creditor, whether he is a secured creditor or whether he is an unsecured creditor, to come in and prove at any time during the administration, provided only that he does not by his proof interfere with the prior distribution of the estate amongst the creditors, and subject always, in cases in which he has to come in and ask for leave to prove, to any terms which the Court may think it just to impose; and, of course, in every case in which there has been a time limited for coming in to prove, although the lapse of that time without proof does not prevent the creditor from proving afterwards, subject to the conditions which I have mentioned, in every such case he can only come in and prove with the leave of the Court. If that is so, leave must be granted upon such terms as the Court may think just.

9    In the same case, Romer L.J. stated at p. 706:

> As a rule, no injustice is done when a creditor comes in, for the Bankruptcy Court can always impose terms which will prevent any unnecessary delay in the administration of the estate in bankruptcy being caused by the lateness of the creditor coming in, and, as a rule, subject, as I have said, to care being taken that no injustice is done, by special order the Court of Bankruptcy will undoubtedly, notwithstanding rule 1, allow a creditor, notwithstanding his delay, to come in and prove and share in undistributed assets. I will not say that there may not be special circumstances that might justify the Bankruptcy Court in refusing to admit a creditor who came in late; but I have stated what I conceive to be the general rule and practice of the Bankruptcy Court.

10    The foregoing reasoning is the dominant principle to be considered in circumstances such as this, and I feel that the learned registrar erred in not giving dominance to this principle that a creditor, where the assets have not been distributed, should be entitled, with leave of the court, to come in and submit his claim.

11    It is not necessary to decide whether or not the trustee erred in not sending to the bank a s. 106 notice in Form 64 rather than simply returning the proof of claim and asking that it be resubmitted.

12    To conclude this matter, I am granting the appeal and the bank shall be entitled to participate in the dividend subject to the following with respect to costs.

13    On the basis of the agreed statement of facts, it cannot be said that the trustee acted improperly in not forwarding a form of notice of disallowance; by returning the proof of claim, the trustee had not exercised a decision at that point to disallow the claim. The trustee was simply asking the bank to resubmit it and, through inadvertence, the bank failed to do so until after it became aware that the dividend had been declared. I think it might have been better had the trustee sent a formal notice of disallowance.

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works

1989 CarswellNS 29, 71 C.B.R. (N.S.) 277, 90 N.S.R. (2d) 67, 230 A.P.R. 67

14     Under all the circumstances, I think it is the bank that should bear the additional costs of the trustee as taxed on a solicitor-and-client basis with respect to the hearing before the registrar and this hearing, as the bank was negligent in failing to file a proper proof of claim in a timely fashion. Those costs shall be for the account of the bank, and any other costs, fees or expenses (such as preparing a new dividend sheet) incurred by the trustee as a result of the bank being allowed in shall be deducted from the bank's share of the distribution.

15     This is an appropriate way to dispose of the matter of costs, notwithstanding that the bank has been successful on this application. Had the bank acted more prudently and filed its proper proof of claim in a timely fashion, neither the application before the registrar nor that before myself would have been necessary.

*Appeal allowed.*

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. Govt. Works