09-50026-reg Doc 12445-1 Filed 06/10/13 Entered 06/10/13 11:35:21 Exhibit 1
notice of lodging and consent decree among the GUC Trust United Sta Pg 1 of 25
09-50026-reg Doc 12382 Filed 04/08/13 Entered 04/08/13 16:04:24 Main Document Pg 1 of 25

PREET BHARARA
United States Attorney for the
Southern District of New York
DAVID S. JONES
NATALIE N. KUEHLER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2739
Facsimile: (212) 637-2730
Email: david.jones6@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

In re:                       :     Chapter 11

MOTORS LIQUIDATION COMPANY, *et al.,*   :     Case No. 09-50026 (REG)
     f/k/a/ GENERAL MOTORS CORP., *et*   :
*al.,*                          :     Jointly Administered

          Debtors.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF LODGING OF PROPOSED
## CONSENT DECREE AND SETTLEMENT AGREEMENT
## REGARDING NATURAL RESOURCE DAMAGE CLAIMS FOR
## THE ONONDAGA LAKE NPL SITE

The United States of America hereby lodges with the Court a proposed Consent Decree

and Settlement Agreement Regarding Natural Resource Damage Claims Between the Motors

Liquidation Company GUC Trust, the United States of America, and the State of New York (the

"NRD Settlement Agreement").   A copy of the NRD Settlement Agreement is attached hereto as

Exhibit A, and has been executed by all parties.

The United States requests that the Court not approve the proposed Settlement Agreement

at this time.   Notice of the lodging of the proposed Settlement Agreement will be published in the

*Federal Register*, following which the United States Department of Justice will accept public

comments on the proposed Settlement Agreement for a 30-day period.   After the conclusion of

the public comment period, the United States will file with the Court any comments received, as

well as responses to the comments, and at that time, if appropriate, will request that the Court

approve the proposed Settlement Agreement.

Dated:        New York, New York
              April 8, 2013

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States of America


                   By:        _____*/s/David S. Jones*_____
                              DAVID S. JONES
                              NATALIE N. KUEHLER
                              JAIMIE L. NAWADAY
                              Assistant United States Attorneys
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Telephone:  (212) 637-2739
                              Facsimile:  (212) 637-2730
                              Email: david.jones6@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY *et al.*,<br><br>f/k/a GENERAL MOTORS CORP. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

## CONSENT DECREE AND SETTLEMENT AGREEMENT REGARDING NATURAL RESOURCE DAMAGE CLAIMS FOR THE ONONDAGA LAKE NPL SITE BETWEEN THE GUC TRUST, THE UNITED STATES OF AMERICA, AND THE STATE OF NEW YORK

### I. BACKGROUND

WHEREAS, on June 1, 2009, four of the Debtors (collectively, the "**Initial Debtors**"), including an entity that subsequently became known as Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional debtors, REALM and ENCORE (together with the Initial Debtors, the "**Debtors**"), commenced voluntary cases under chapter 11 of the Bankruptcy Code;

WHEREAS, the Debtors' chapter 11 cases have been consolidated for procedural purposes and are being administered jointly under Case No. 09-50026 (REG) (the "**Bankruptcy Case**");

WHEREAS, the United States of America (the "**United States**"), by its attorney, Preet

Bharara, United States Attorney for the Southern District of New York, on behalf of the United

States Department of the Interior ("**DOI**"), has alleged that MLC and/or affiliated Debtors

are potentially responsible or liable parties with respect to the Onondaga Lake NPL Site

located in Onondaga County, New York (the "**Settled Onondaga NRD Site**");

WHEREAS, the United States on behalf of DOI and the State of New York

("**New York**") on behalf of its Department of Environmental Conservation ("DEC")

have alleged that Debtors are liable under the Comprehensive Environmental Response,

Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. §§ 9601-9675, and analogous

state laws, for damages for injury to, destruction of, or loss of natural resources as defined

in 42 U.S.C. § 9601(16) ("**NRD**") including costs of natural resource damage assessment

and restoration actions that DOI and/or New York have incurred or will incur at or in

connection with the Settled Onondaga NRD Site;

WHEREAS, New York timely filed proof of claim number 50588 (the "**New York**

**Onondaga NRD Claim**") seeking NRD damages and assessment costs with respect to

sites including the Settled Onondaga NRD Site;

WHEREAS, on November 28, 2009, the United States timely filed proof of claim

No. 64064 (and a duplicate copy which was assigned claim number 67362) against MLC,

and on April 16, 2010 filed substantially identical timely proofs of claim against REALM

and ENCORE, which were assigned claim numbers 70154 and 70255, respectively

(collectively, the "**First U.S. Proof of Claim**"), asserting, *inter alia*, that Debtors are

liable to the United States, and specifically to its agency DOI, for certain NRD damages

and assessment costs with respect to the Settled Onondaga NRD Site, (the "**US Onondaga**

**NRD Claim**" and, together with the New York Onondaga NRD Claim, the "**Onondaga NRD Claims**");

WHEREAS, on April 8, 2011, the United States filed a second proof of claim (the "**Second U.S. Proof of Claim**") against MLC in the Bankruptcy Court that supersedes the First U.S. Proof of Claim, which was assigned claim number 71118;

WHEREAS, the United States and New York State alleged in the Onondaga NRD Claims that Debtors are liable for NRD and natural resource damages assessment costs and restoration actions;

WHEREAS, by a previous consent decree and settlement agreement that the Court has approved (ECF No. 10453), the Debtors on the one hand and the United States, certain States and the St. Regis Mohawk Tribe on the other hand resolved various NRD claims of the United States and its co-trustees for NRD purposes other than those with respect to the Settled Onondaga NRD Site, which remained unresolved;

WHEREAS, by previous consent decrees and settlement agreements that the Court has approved, the Debtors and the United States have entered into settlements of all of the claims against Debtors and/or the GUC Trust, with the exception of the U.S. Onondaga NRD Claim, that were alleged by the United States in the First U.S. Proof of Claim and the Second U.S. Proof of Claim;

WHEREAS on March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "**Confirmation Order**") which, among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (as may be amended, modified or

3

supplemented from time to time, the **"Plan of Liquidation"**), established the Motors

Liquidation GUC Trust pursuant to the Plan and the March 30, 2011 Motors Liquidation

Company GUC Trust Agreement (the **"GUC Trust Agreement"**);

WHEREAS pursuant to the Plan of Liquidation, the Debtors have dissolved and the

GUC Trust is authorized to resolve all remaining claims on behalf of the Debtors;

WHEREAS, the GUC Trust, the United States, on behalf of DOI, and New York, on

behalf of DEC, (collectively, the **"Parties"**) have differences of opinion which they now wish to

resolve with respect to the Settled Onondaga NRD Site as provided herein;

WHEREAS, the treatment of liabilities provided for herein represents a compromise of

the positions of the Parties and is entered into solely for purposes of this settlement;

WHEREAS, Section 5.7 of Debtors' Plan of Liquidation provides that "[n]othing in the

Plan shall limit or affect any right of the United States to offset (subject to obtaining Bankruptcy

Court approval to the extent required) any obligation owed by the United States to the Debtors

against any obligation owed by the Debtors to the United States";

WHEREAS, certain of the Debtors' disputed prepetition claims against the United

States have been resolved in a manner that the United States believes has given rise to a right to

offset those claims in partial satisfaction of prepetition obligations owed by the Debtors to the

United States;

WHEREAS, such offset reduces the United States' allowed general unsecured claim

provided for herein for the Settled Onondaga NRD Site by $1,232,323.00 (the **"US Offset

Recovery"**);

WHEREAS, this Settlement Agreement is in the public interest and is an appropriate

means of resolving these matters;

4

NOW, THEREFORE, without the admission of liability or the adjudication of any issue of fact or law, and upon the consent and agreement of the parties to this Consent Decree and Settlement Agreement by their attorneys and authorized officials, it is hereby agreed as follows:

## II. DEFINITIONS

1.      Unless otherwise expressly provided herein, terms used in this Settlement Agreement that are defined in CERCLA or its regulations or in the Bankruptcy Code shall have the meaning assigned to them in CERCLA, its regulations, or the Bankruptcy Code.  Whenever terms listed below are used in this Settlement Agreement, the following definitions shall apply:

    a.    **"Allowed General Unsecured Claim"** has the meaning set forth in the Plan of Liquidation.

    b.    **"Bankruptcy Code"** has the meaning set forth in the recitals.

    c.    **"Bankruptcy Court"** or the **"Court"** has the meaning set forth in the recitals.

    d.    **"CERCLA"** has the meaning set forth in the recitals.

    e.    **"Claim"** has the meaning provided in Section 101(5) of the Bankruptcy Code.

    f.    **"Distribution"** has the meaning set forth in the Plan.

    g.    **"District Court"** means the United States District Court for the Southern District of New York.

    h.    **"DOI"** has the meaning set forth in the recitals.

    i.    **"Effective Date"** means the date an order is entered by the Bankruptcy Court approving this Settlement Agreement.

    j.    **"GUC Trust"** (also referred to as the **"Motors Liquidation Company GUC Trust"**) has the meaning set forth in the Plan.

    k.    **"MLC"** has the meaning set forth in the recitals.

l.   **"New York Onondaga NRD Claim"** has the meaning set forth in the recitals.

m.   **"NPL"** means the National Priorities List, 42 U.S.C. § 9605.

n.   **"Onondaga NRD Allowed Claim"** shall have the meaning set forth in Paragraph 4.

o.   **"Onondaga Lake Site"** means the Onondaga Lake NPL Site located in the City of Syracuse and the Towns of Salina, Geddes, and Camillus, New York.

p.   **"Onondaga NRD Claims"** has the meaning set forth in the recitals.

q.   **"Parties"** has the meaning set forth in the recitals.

r.   **"Petition Date"** means June 1, 2009, in the case of all Debtors other than REALM and ENCORE, and October 9, 2009, in the case of REALM and ENCORE.

s.   **"Plan of Liquidation"** or **"Plan"** means the Second Amended Joint Chapter 11 Plan of Debtors, dated March 18, 2011 (as revised, amended, and supplemented from time to time).

t.   **"Settlement Agreement"** means this Consent Decree and Settlement Agreement Regarding Natural Resource Damage Claims Between the MLC GUC Trust, the United States of America, and the State of New York.

u.   **"Settled Onondaga NRD Site"** has the meaning set forth in the recitals.

v.   **"United States"** means the United States of America and all of its agencies, departments, and instrumentalities, including DOI.

w.   **"US Offset Recovery"** has the meaning set forth in the recitals.

x.   **"US Onondaga NRD Claim"** has the meaning set forth in the recitals.

## III.    JURISDICTION

2.      The Bankruptcy Court has jurisdiction over the subject matter hereof pursuant to

28 U.S.C. §§ 157, 1331, and 1334.

## IV. PARTIES BOUND; SUCCESSION AND ASSIGNMENT

3.      This Settlement Agreement applies to, is binding upon, and shall inure to the

benefit of the United States, New York, the Debtors' estates, the GUC Trust, their legal

successors and assigns, and any other trustee, examiner, or receiver appointed in the Bankruptcy

Case.

## V. ALLOWED CLAIMS

4.      (a) In settlement and full satisfaction of the US Onondaga NRD Claim and the

New York Onondaga NRD Claim, the United States on behalf of DOI and New York on

behalf of DEC (collectively, "**the Joint Onondaga Trustees**") shall have a total Allowed

General Unsecured Claim (subject to the provisions of paragraph 4(b) herein setting forth certain

adjustments in light of the US Offset Recovery) in the total amount of $5,500,000.00, classified

in Class 3 under the Plan of Liquidation (the "**Onondaga NRD Allowed Claim**"), which shall

be divided by the Joint Onondaga Trustees as follows:  (i) $85,000 for DOI's claims for past

NRD assessment costs, (ii) $10,000 for DEC's claims for past NRD assessment costs, and (iii)

$5,405,000 for restoration funds at the Settled Onondaga NRD Site sought by the Joint

Onondaga Trustees.  For purposes of the Debtors' claims register only, the Onondaga NRD

Allowed Claim shall be reflected as a $2,787,500 allowed claim for the United States on

behalf of DOI, and a $2,712,500 allowed claim for New York on behalf of DEC. All

distributions on the Onondaga NRD Allowed Claim shall be paid in accordance with

7

Paragraphs 4(b) and 12-15. Any cash payments and all proceeds from the sale of non-cash consideration for restoration funds with respect to the Settled Onondaga NRD Site shall be deposited into DOI NRDAR, Account No. 14X5198 (the "**Onondaga Restoration Account**"), to be jointly managed by the Joint Onondaga Trustees. A separate, Site-specific numbered account for the Settled Onondaga NRD Site has been or will be established within the DOI NRDAR Fund. The funds received shall be assigned to the Onondaga Restoration Account to allow the funds to be maintained as a segregated account within the DOI NRDAR Fund. The Joint Onondaga Trustees shall use the funds in the Onondaga Restoration Account, including all interest earned on such funds, for restoration activities at or in connection with the Settled Onondaga NRD Site as directed by the Joint Onondaga Trustees

(b) The United States (i) shall apply $85,000 of the US Offset Recovery to fully satisfy DOI's claim for past costs at the Settled Onondaga NRD Site, and (ii) shall apply the remaining $1,147,323 of the US Offset Recovery in partial satisfaction of the $5,405,000 restoration funds portion of the Onondaga NRD Allowed Claim. In light of the US Offset Recovery, the Onondaga NRD Allowed Claim shall be adjusted accordingly. Upon approval by the Bankruptcy Court of this Consent Decree and Settlement Agreement, the GUC Trust shall, in accordance with Debtors' Plan of Liquidation, (i) distribute to New York New GM Securities and GUC Trust Units on account of an allowed general unsecured claim in Class 3 in the amount of $10,000 and (ii) distribute to the Onondaga Restoration Account New GM Securities and GUC Trust Units on account of an allowed general unsecured claim in Class 3 in the amount of $4,257,677.

8

5.      Nothing contained herein shall reduce the ability of the GUC Trust to enforce
as to all claimants, other than the United States, Section 7.2 of the Plan.

6.      Upon the completion of all distributions and payments for the foregoing allowed
general unsecured claim, the Second U.S. Proof of Claim and New York Proof of Claim shall be
deemed fully settled and satisfied as to the Settled Onondaga NRD Site, and the claims agent
shall be authorized and empowered to adjust the claims register accordingly.

7.      Notwithstanding the allowance of the US Onondaga NRD Claim for the Settled
Onondaga NRD Site as a Class 3 Unsecured Claim, nothing in this Consent Decree and
Settlement Agreement shall prejudice the rights of the United States to assert any additional right
of offset that is or becomes available to the United States pursuant to Section 5.7 of Debtors'
Plan of Liquidation.

8.      The US Onondaga NRD Claim and the New York Onondaga NRD Claim for the
Settled Onondaga NRD Site shall be treated as provided under Section 4.3 of the Plan of
Liquidation and shall not be subordinated to any other allowed Class 3 Unsecured Claim
pursuant to any provision of the Bankruptcy Code or other applicable law that authorizes or
provides for subordination of allowed claims, including, without limitation, Sections 105, 510,
and 726(a)(4) of the Bankruptcy Code.

9.      Only the cash and/or proceeds from the sale of the distribution received by the
United States and New York (and net cash received upon sale of any non-cash distributions)
pursuant to this Settlement Agreement for any Allowed General Unsecured Claim, and not the
total amount of any Allowed General Unsecured Claim, shall be credited by each such entity to
its account for the Settled Onondaga NRD Site for which it received an Allowed General

Unsecured Claim, and shall reduce the liability of any non-settling potentially responsible parties

for that particular site by the amount of the credit.

10.       Simultaneous with the initial distribution on account of the Onondaga NRD

Allowed Claim, the GUC Trust is authorized to eliminate the distribution reserve amount

to be used by the GUC Trust pursuant to Article VII of the Plan for remaining unresolved

general unsecured claims against Debtors asserted in the United States' and State of New

York's proofs of claim.

## VII. <u>PAYMENT INSTRUCTIONS</u>

11.       Cash distributions to the United States pursuant to this Settlement Agreement shall

be made at https://www.pay.gov to the U.S. Department of Justice account in accordance with

instructions provided to the Debtors and/or the GUC Trust by the Financial Litigation Unit of

the United States Attorney's Office for the Southern District of New York and shall reference

Bankruptcy Case Number 09-50026 and DOJ File Number 90-11-3-09754, as well as the

phrase "Settled Onondaga NRD Site."

12.       Cash distributions to New York pursuant to this Settlement Agreement shall be

made by check, money order, or by electronic funds transfer, payable to "NYSDEC-Natural

Resource Damages Fund." If mailed, payment should be sent to MAUREEN F. LEARY

Assistant Attorney General, Environmental Protection Bureau, NYS Office of the Attorney

General, The Capitol, Albany, NY 12224-0341.

13.       Non-cash distributions to New York pursuant to paragraph 4(a)(ii) of this

Settlement Agreement shall be made to:

> JP MORGAN CHASE, KEY BANK TYPE B ESCROW
> ACCT NO. 99112
> ATTENTION: DANIEL F. MURPHY
> Worldwide Securities Services

4 New York Plaza, 12th Floor
New York, NY  10004

The GUC Trust shall transmit written confirmation of such cash and non-cash distributions to

New York at the addresses specified below:

14.     Non-cash distributions to the Joint Onondaga Trustees, New York on behalf of

DEC, and the United States on behalf of DOI in connection with the Settled Onondaga NRD

Site shall be made to:

> Merrill Lynch:
> For Federal Book Entry Securities:
> ABA#021000018
> BK of NYC/MLGOV
> Further Credit to the US Department of the Interior
> Account Number: 78L-09001

15.     The GUC Trust shall transmit written confirmation of such cash and non-cash

distributions to the United States and New York at the addresses specified below:

> As to the United States:
>
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Ben Franklin Station
> Washington, DC  20044
> Ref. DOJ File No. 90-11-3-1-09754
>
> DAVID S. JONES
> NATALIE N. KUEHLER
> Assistant United States Attorney
> Office of the United States Attorney
>     for the Southern District of New York
> 86 Chambers Street, Third Floor
> New York, NY  10007
>
> FUND MANAGER
> Natural Resource Damage Assessment and Restoration Fund
> Department of the Interior Office of Natural Resource Restoration

1849 C Street, NW
Mailstop 3548
Washington, DC 20240

<u>As to New York</u>:

MAUREEN F. LEARY
Assistant Attorney General
Environmental Protection Bureau
NYS Office of the Attorney General
The Capitol
Albany, NY 12224-0341

ANDREW O. GUGLIELMI
Senior Attorney
Office of General Counsel
New York State Dep't of Environmental Conservation
625 Broadway
Albany, NY 12233-6500

SHARON BROOKS
NRD Fund Manager
Office of General Counsel
New York State Dep't of Environmental Conservation
625 Broadway
Albany, NY 12233-6500

## VIII. <u>COVENANTS NOT TO SUE</u>

16.     In consideration of the payments and/or distributions that will be made under the

terms of this Settlement Agreement, and except as specifically provided in Paragraph 19, (i) the

United States on behalf of DOI and New York on behalf of DEC covenant not to file a civil

action or to take any administrative or other civil action against the post-effective date Debtors

or the GUC Trust pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, with respect to NRD

at the Settled Onondaga NRD Site, including assessment and restoration costs and including

NRD caused by or arising from releases of hazardous substances from any portion of the

12

Settled Onondaga NRD Site and all areas affected by migration of such substances from

the Settled Onondaga NRD Site, and (ii) the United States on behalf of DOI and New

York on behalf of DEC shall not file any additional claims against the post-effective date

Debtors or the GUC Trust as to the Settled Onondaga NRD Site. These covenants are

solely with respect to natural resource damage claims at the Settled Onondaga NRD Site, and

shall have no effect on (i) any claims or causes of action asserted now or in the future by or on

behalf of the Environmental Protection Agency ("**EPA**"), or (ii) any settlements that have been

reached with respect to any such claims prior to the date this Settlement Agreement is lodged.

17.     These covenants not to sue (and any reservations thereto) shall also apply to the

post-effective date Debtors' and the GUC Trust's successors, assigns, officers, directors,

employees, and trustees, but only to the extent that the alleged liability of the successor or assign,

officer, director, employee, or trustee of the post-effective date Debtors or the GUC Trust is

based solely on its status as and in its capacity as a successor or assign, officer, director,

employee, or trustee of the post-effective date Debtors or the GUC Trust.   The covenants not to

sue set forth in this Settlement Agreement shall extend only to the post-effective date Debtors,

the GUC Trust, the Revitalizing Auto Communities Environmental Response ("RACER") Trust

established pursuant to MLC's confirmed Plan of Liquidation, and the persons described in

Paragraphs 16 and 17 of this Consent Decree and Settlement Agreement, and do not extend to

any other person.  For purposes of this Paragraph, General Motors Company, a/k/a New GM,

shall not be considered a successor or assign of the Debtors or the GUC Trust.  Nothing in this

Settlement Agreement is intended as a covenant not to sue or a release from liability for any

person or entity other than the post-effective date Debtors, the GUC Trust, the RACER Trust,

and the persons or entities described in Paragraphs 16 and 17 of this Consent Decree and

Settlement Agreement. The United States, New York, and the GUC Trust expressly reserve all claims, demands, and causes of action, either judicial or administrative, past, present, or future, in law or equity, which they may have against all other persons, firms, corporations, entities, or predecessors of the post-effective date Debtors, for any matter arising at or relating in any manner to the Settled Onondaga NRD Site.

18.    The covenants not to sue set forth in Paragraphs 16 through 17 do not pertain to any matters other than those expressly specified therein.

### IX. RESERVATION OF RIGHTS

19.    The United States and New York expressly reserve, and this Settlement Agreement is without prejudice to, all rights against the post-effective date Debtors and the GUC Trust with respect to all matters other than those set forth in Paragraphs 16 and 17. The United States and New York also specifically reserve, and this Settlement Agreement is without prejudice to, any action based on (i) a failure to meet a requirement of this Settlement Agreement; (ii) criminal liability; and (iii) liability (to the extent not resolved by separate prior settlements) with respect to any site other than the Settled Onondaga NRD Site. In addition, the United States and New York reserve, and this Settlement Agreement is without prejudice to, all rights against the post-effective date Debtors and the GUC Trust with respect to the Settled Onondaga NRD Site for liability under federal or state law for acts by the post-effective date Debtors and the GUC Trust, their successors, or assigns that occur after the date of lodging of this Settlement Agreement. Future acts creating liability under CERCLA or state law do not include continuing releases from the Settled Onondaga NRD Site related to the Debtors' and the GUC Trust's conduct prior to the Effective Date. Nothing in this Settlement Agreement shall be deemed to limit the authority of the United States or New York to take any removal or response

action under Section 104 of CERCLA, 42 U.S.C. § 9604, or summary abatement action under

ECL Article 27, or any other action under applicable law or regulation, or to alter the applicable

legal principles governing judicial review of any action taken by the United States pursuant to

such authority.  Nothing in this Settlement Agreement shall be deemed to limit the information-

gathering authority of the United States under Sections 104 and 122 of CERCLA, 42 U.S.C. §§

9604 and 9622, or any other applicable law or regulation, or New York under any applicable

law or regulation, or to excuse the post-effective date Debtors or the GUC Trust from any

disclosure or notification requirements imposed by CERCLA or any other applicable federal or

state law or regulation.

20.    Entry of an order approving this Settlement Agreement by the Bankruptcy Court

shall bar the post-effective date Debtors and the GUC Trust from asserting or pursuing, and the

GUC Trust hereby covenants not to sue and agrees not to assert or pursue, any claims or causes

of action against New York and the United States, including any department, agency, or

instrumentality of the United States or New York, with respect to the Settled Onondaga NRD

Site, including, but not limited to: (i) any direct or indirect claim for reimbursement from the

Hazardous Substances Superfund established pursuant to 26 U.S.C. § 9507; (ii) any claim

against the United States or New York  under Sections 107 or 113 of CERCLA, 42 U.S.C. §§

9607 or 9613; or (iii) any claims arising out of response or restoration activities at the Settled

Onondaga NRD Site.  Nothing in this Settlement Agreement shall be deemed to constitute

preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611,

or 40 C.F.R. § 300.700(d).

# X. **CONTRIBUTION PROTECTION**

21.     The Parties agree, and by entering this Settlement Agreement the Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the GUC Trust and the post-effective date Debtors are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Settlement Agreement.  Subject to the last sentence of this Paragraph, the "matters addressed" in this Settlement Agreement, as that phrase is used in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and subject to the covenants not to sue and releases and reservations of rights set forth in Sections VIII and IX herein, include, without limitation, claims by the United States on behalf of DOI, New York on behalf of DEC, or potentially responsible parties for natural resource damages, including restoration and assessment costs at or in connection with natural resource damages at the Settled Onondaga NRD Site for which covenants not to sue were provided, including natural resource damages resulting from releases of hazardous substances from any portion of the Settled Onondaga NRD Site and all areas affected by migration of hazardous substances emanating from the Settled Onondaga NRD Site.  The "matters addressed" in this Settlement Agreement do not include claims against any of the Debtors or the GUC Trust asserted on behalf of EPA or New York for past response costs incurred by potentially responsible parties prior to the Petition Date and included in proofs of claim filed in the Bankruptcy Case by potentially responsible parties with respect to the Settled Onondaga NRD Site.  Matters addressed in this Settlement Agreement do not include any matters that are the subject of the reservations of rights set forth in Section IX herein.

16

22.     The GUC Trust agrees that, with respect to any suit for contribution brought against

it after the Effective Date for matters related to this Settlement Agreement, it will notify the

United States and New York within fifteen business days of service of the complaint upon it.  In

addition, in connection with such suit, the GUC Trust shall notify the United States and New

York within fifteen business days of service or receipt of any Motion for Summary Judgment

and within fifteen business days of receipt of any order from a court setting a case for trial

(provided, however, that the failure to notify the United States and New York pursuant to this

Paragraph shall not in any way affect the protections afforded under Section X of this Settlement

Agreement).  Nothing herein shall obligate the United States or New York to undertake any

action with respect to any suit for contribution.

## XI.  PUBLIC COMMENT

23.     This Settlement Agreement shall be lodged with the Bankruptcy Court and shall

thereafter be subject to a period of public comment following publication of notice of the

Settlement Agreement in the *Federal Register*.  After the conclusion of the public comment

period, the United States will file with the Bankruptcy Court any comments received, as well as

the United States' responses to the comments, and at that time, if appropriate, the United States

will request approval of the Settlement Agreement.  The United States reserves the right to

withdraw or withhold its consent if the comments regarding the Settlement Agreement disclose

facts or considerations which indicate that the Settlement Agreement is inappropriate, improper,

inadequate, or otherwise not in the public interest.

24.     If for any reason (i) the Settlement Agreement is withdrawn by the United States as

provided in Paragraph 23, or (ii) the Settlement Agreement is not approved by the Bankruptcy

Court: (a) this Settlement Agreement shall be null and void and the parties hereto shall not be

bound under the Settlement Agreement or under any documents executed in connection

herewith; (b) the parties shall have no liability to one another arising out of or in connection with

this Settlement Agreement or under any documents executed in connection herewith; and

(c) this Settlement Agreement and any documents prepared in connection herewith shall have no

residual or probative effect or value.

## XII. JUDICIAL APPROVAL

25.    This Settlement Agreement shall be subject to approval of the Bankruptcy Court.

## XIII. NOTICES

26.    Whenever, under the terms of this Settlement Agreement, written notice is required

to be given, or a report or other document is required to be sent by one Party to another, it shall

be directed to the individuals at the addresses specified below via U.S. mail, unless those

individuals or their successors give notice of a change of address to the other Parties in writing.

All notices and submissions shall be considered effective upon receipt, unless otherwise

provided.    Except as otherwise provided in this Settlement Agreement, written notice as

specified herein shall constitute complete satisfaction of any written notice requirement in the

Settlement Agreement with respect to the United States and the GUC Trust, respectively.

> As to the United States:
>
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Ben Franklin Station
> Washington, DC 20044
> Ref. DOJ File No. 90-11-3-09736

David S. Jones
Natalie N. Kuehler
Assistant United States Attorney
Office of the United States Attorney
    for the Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007

Amy L. Horner
Office of the Solicitor-Environmental Restoration Branch
U.S. Department of the Interior
1849 C St NW
MS 5325
Washington, DC  20240

<u>As to New York:</u>

Maureen F. Leary
Assistant Attorney General
Environmental Protection Bureau
NYS Office of the Attorney General
The Capitol
Albany, NY 12224-0341

Andrew O. Guglielmi
Senior Attorney
Office of General Counsel
New York State Dep't of Environmental Conservation
625 Broadway
Albany, NY  12233-6500

<u>As to the GUC Trust:</u>

David A. Vanaskey
Vice President
Wilmington Trust Company
Rodney Square North
1110 North Market Street
Wilmington, DE 19890-1615

David R. Berz
Weil, Gotshal & Manges LLP
Attorneys for the GUC Trust
1300 Eye Street, NW, Suite 900
Washington, D.C.  20005

19

## XIV.  INTEGRATION, AMENDMENTS, AND EXECUTION

27.      This Settlement Agreement constitutes the sole and complete agreement of the parties hereto with respect to the matters addressed herein.  This Settlement Agreement may not be amended except by a writing signed by all parties to this Settlement Agreement.

28.      This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

29.      Each undersigned representative of a Party certifies that he or she is fully authorized to execute this Settlement Agreement on behalf of such a Party and bind it legally to the terms and provisions herein.

## XV.  RETENTION OF JURISDICTION

30.      The Bankruptcy Court shall retain jurisdiction over the subject matter of this Settlement Agreement and the parties hereto for the duration of the performance of the terms and provisions of this Settlement Agreement and for the purpose of enabling any of the parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement, or to effectuate or enforce compliance with its terms.

## XVI.  EFFECTIVE DATE

31.      This Settlement Agreement shall be effective upon approval by the Court in accordance with Paragraph 25 above.

**THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT:**

**FOR THE UNITED STATES:**

PREET BHARARA
United States Attorney for the
Southern District of New York

Robert G. Dreher
Acting Assistant Attorney General
Environment and Natural Resources
    Division
U.S. Department of Justice

David S. Jones
Natalie N. Kuehler
Jaimie L. Nawaday
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007

Date: 4/5/13

Date: 4/8/13

Alan S. Tenenbaum
National Bankruptcy Coordinator
Patrick Casey
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

Date: 4/8/13

21

09-50026-mg    Doc 12445-1    Filed 06/04/13    Entered 06/04/13 11:25:21    Exhibit 1 -
Notice of lodging and consent decree among the GUC Trust, United Sta    Pg 24 of 25
Consent Decree and Settlement Agreement Regarding Natural Resource Damag    Pg 22 of 23

**FOR THE STATE OF NEW YORK:**

ERIC T. SCHNEIDERMAN
Attorney General

Date: March 27, 2013

By: Maureen F. Leary
Assistant Attorney General
Chief, Toxics Section
NYS Department of Law
Environmental Protection Bureau
The Capitol
Albany, New York 12224-0341
Tel.: (518) 474-7154
Fax: (518) 473-2534
maureen.leary@ag.ny.gov

**FOR THE GUC TRUST:**

Date: _3/27/13_

Motors Liquidation Company GUC Trust
By David A. Vanaskey
Vice President
Wilmington Trust Company
Rodney Square North
1110 North Market Street
Wilmington, DE 19890-1615

Date: _3/27/13_

David R. Berz
Weil, Gotshal & Manges LLP
Attorneys for the Motors Liquidation Co.
GUC Trust
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 682-7000
Fax: (202) 857-0939
Email: david.berz@weil.com