GREENBERG TRAURIG, LLP
Bruce R. Zirinsky, Esq.
John H. Bae, Esq.
Gary D. Ticoll, Esq.
Paul T. Martin, Esq.
MetLife Building
200 Park Avenue
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
E-mail: zirinskyb@gtlaw.com
        baej@gtlaw.com
        ticollg@gtlaw.com
        martinpt@gtlaw.com

CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP
Steven J. Reisman
Theresa A. Foudy
Ada V. Añon
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Email:  sreisman@curtis.com
tfoudy@curtis.com
aanon@curtis.com

*Counsel for dbX-Risk Arbitrage 1
Fund, Lyxor/Paulson International Fund Limited,
Paulson Enhanced Ltd., Paulson International
Ltd., Paulson Partners Enhanced, L.P. and
Paulson Partners L.P.*

GREENBERG TRAURIG, LLP
Kevin D. Finger, Esq.
Bevin M. Brennan, Esq.
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
E-mail: fingerk@gtlaw.com
brennanb@gtlaw.com

GREENBERG TRAURIG, LLP
Joseph P. Davis III, Esq.
One International Place
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
E-mail: davisjo@gtlaw.com

*Attorneys for Elliott Management Corporation,
Fortress Investment Group LLC and Morgan
Stanley & Co. International plc, and/or entities
managed by them, including Drawbridge DSO
Securities LLC, Drawbridge OSO Securities LLC,
FCOF UB Securities LLC,  Elliott International
LP and The Liverpool Limited Partnership*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| --------------------------------------------------------------- x | |
| In re | : Chapter 11 |
| | : |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : **Case No. 09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.*, | : |
| | : |
| Debtors. | : **(Jointly Administered)** |
| --------------------------------------------------------------- x | |
| **MOTORS LIQUIDATION COMPANY GUC TRUST,** | : |
| | : |
| Plaintiff, | : **Adversary Proceeding** |
| v. | : |
| | : **Case No.: 12-09802** |
| **APPALOOSA INVESTMENT LIMITED** | : |
| **PARTNERSHIP I** *et al.* | : |
| Defendants. | : |
| | : |
| --------------------------------------------------------------- x | |

**OBJECTION TO GUC TRUST'S MOTION FOR RELIEF PURSUANT TO RULE 60(b)**
**OF ELLIOTT MANAGEMENT CORPORATION, FORTRESS INVESTMENT GROUP**
**LLC, MORGAN STANLEY & CO. INTERNATIONAL PLC, AND PAULSON AND CO.**
**INC. AND/OR ENTITIES MANAGED BY THEM, INCLUDING DRAWBRIDGE DSO**
**SECURITIES LLC, DRAWBRIDGE OSO SECURITIES LLC, FCOF UB SECURITIES**
**LLC,  ELLIOTT INTERNATIONAL LP, THE LIVERPOOL LIMITED PARTNERSHIP,**
**DBX-RISK ARBITRAGE 1 FUND, LYXOR/PAULSON INTERNATIONAL FUND**
**LIMITED, PAULSON ENHANCED LTD., PAULSON INTERNATIONAL LTD.,**
**PAULSON PARTNERS ENHANCED, L.P. AND PAULSON PARTNERS L.P.**
**(THE "OBJECTING NOTEHOLDERS")**

# TABLE OF CONTENTS

ARGUMENT..................................................................................................................1

   A.   Rule 60(b) Cannot Be Used as a Litigation Tactic ..........................................1

   B.   Rule 60(b) Relief Requires an Extraordinary Demonstration of Exceptional
       Circumstances ................................................................................................3

      1.   There Is No Excusable Neglect Under Rule 60(b)(1)...............................5

      2.   There Is No New Evidence Under 60(b)(2) ..............................................8

      3.   There Is No Misconduct Under 60(b)(3)..................................................10

      4.   There Are No Exceptional Circumstances Under Rule 60(b)(6) ...............12

   C.   The GUC Trust's Request for Relief Was Not Made Within A Reasonable Time .........14

   D.   The GUC Trust's Contention that Its Request Will Not Impose Undue Hardship on the
       Parties is Refuted by the Evidence ................................................................18

CONCLUSION ...........................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abner Realty, Inc. v. Adm'r of Gen. Servs. Admin.*,
  97 CIV. 3075 (RWS), 1999 WL 436462 (S.D.N.Y. June 24, 1999)........................................4

*Alvarado v. Manhattan Worker Career Ctr.*,
  01 CIV. 9288 (CBM), 2003 WL 22462032 (S.D.N.Y. Oct. 30, 2003) ..................................6

*Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation*,
  605 F.2d 648 (2d Cir. 1979) ........................................................................................14, 15

*Babigian v. Ass'n of Bar of City of New York*,
  144 F.R.D. 30 (S.D.N.Y. 1992)............................................................................................4

*Bd. Of Trustees of S. Cal. IBEW-NECA Def. Contrib. Plan v. Bank of NY Mellon Corp.*,
  No. 09 Civ. 6273, 2010 WL 3958790 (S.D.N.Y. Sept. 7, 2010)................................................8

*Blake v. Potter*,
  03 CIV. 7733 LAP, 2010 WL 4536975 (S.D.N.Y. Nov. 8, 2010) ............................................4

*Broadway v. City of New York*,
  96 CIV. 2798 (RPP), 2003 WL 21209635 (S.D.N.Y. May 21, 2003) ..................................15

*Burns v. EMI Music Pub., Inc.*,
  95 CIV. 8130 (KTD), 2010 WL 1375630 (S.D.N.Y. Mar. 31, 2010)....................................4

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
  286 F. Supp. 2d 309 (S.D.N.Y. 2003) ................................................................................10

*Chiulli v. I.R.S.*,
  No. 03-6670, 2006 WL 3008084 (S.D.N.Y. Oct. 20, 2006) ................................................15

*Commer v. McEntee*,
  No. 00 Civ. 7913, 2005 WL 1250214 (S.D.N.Y. May 27, 2005) ............................................9

*Cruickshank & Co. v. Dutchess Shipping Co.*,
  805 F.2d 465 (2d Cir. 1986) ..............................................................................................12

*Dais v. Lane Bryant, Inc.*,
  97 CIV. 2011(PKL)(RLE), 2002 WL 417242 (S.D.N.Y. Mar. 15, 2002), *aff'd* 113 F. App'x
  417 (2d Cir. 2004) ................................................................................................................3

ii

*Dux v. Megasol Cosmetic GMBH,*
   03-CV-8820 (RO), 2006 WL 870462 (S.D.N.Y. Apr. 3, 2006)................8

*Matter of Emergency Beacon Corp.,*
   666 F.2d 754 (2d Cir. 1981) ................13, 17

*In re Enron Creditors Recov. Corp.,*
   No. 01-16034, 2009 WL 3756951 (Bankr. S.D.N.Y Nov. 6, 2009) ................5

*Fid. Partners, Inc. v. First Trust Co. of New York,*
   58 F. Supp. 2d 55 (S.D.N.Y. 1999) ................8

*Figueroa v. Morgenthau,*
   09 CIV. 4188 DLC, 2011 WL 4348147 (S.D.N.Y. Sept. 16, 2011) ................4

*FirstStorm Partners 2, LLC v. Vassel,*
   10-CV-2356 KAM RER, 2013 WL 654396 (E.D.N.Y. Feb. 21, 2013)................6

*Fleming v. New York Univ.,*
   865 F.2d 478 (2d Cir. 1989) ................2, 10

*Golden Oldies, Ltd. v. Scorpion Auction Grp., Inc.,*
   199 F.R.D. 98 (E.D.N.Y 2001)................17

*Hanley v. Deluxe Caterers of Shelter Rock, Inc.,*
   94 CIV. 4693 (ROO), 1998 WL 152583 (S.D.N.Y. Apr. 1, 1998), *aff'd* 175 F.3d 1007 (2d Cir. 1999)................4

*Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.,*
   609 F.3d 122 (2d Cir. 2010) ................3

*In re Jack Kline Co., Inc.,*
   440 B.R. 712 (Bankr. S.D. Tex. 2010) ................4

*Judith Ripka Creations, Inc. v. Rubinoff Imps., Inc.,*
   No. 03 Civ. 9377, 2004 WL 1609338 (S.D.N.Y. July 16, 2004) ................4

*Katz v. Mogus,*
   No. 07 Civ 8314, 2012 WL 263462 (S.D.N.Y Jan. 25, 2012) ................6, 7

*Kellogg v. Strack,*
   269 F.3d 100 (2d Cir. 2001) ................15

*Kirk v. Schindler Elevator Corp.,*
   03 CIV. 8688 (SHS), 2004 WL 2726001 (S.D.N.Y. Nov. 29, 2004)................4

*Kurzweil v. Philip Morris Cos., Inc.,*
   Nos. 94 Civ. 2373, 1997 WL 167043 (S.D.N.Y. Apr. 9, 1997)................9

iii

*Leonard v. Lowe's Home Ctrs., Inc.*,
  83 F. App'x 402 (2d Cir. 2003) ................................................................................................2

*Liljeberg v. Health Servs. Acquisition Corp.*,
  486 U.S. 847 (1988) ...............................................................................................................12

*Link v. Wabash R.R. Co.*,
  370 U.S. 626 (1962) .................................................................................................................6

*Lok Prakashan, Ltd. v. India Abroad Publ'ns, Inc.*
  00 CIV. 5852 (LAP), 2003 WL 1701903 (S.D.N.Y. Mar. 31, 2003), *aff'd* 94 F. App'x 856
  (2d Cir. 2004) ...........................................................................................................................3

*Mason Tenders Dist. Council Welfare Fund v. M & M Contracting & Consulting*,
  193 F.R.D. 112 (S.D.N.Y. 2000)...............................................................................................6

*In re Morris*,
  252 B.R. 41 (Bankr. S.D.N.Y. 2000) .........................................................................................6

*MTB Bank v. Fed. Armored Exp., Inc.*,
  93 CIV. 5594 (LBS), 1998 WL 43125 (S.D.N.Y. Feb. 2, 1998) .............................................9

*Nemaizer v. Baker*,
  793 F.2d 58 (2d Cir. 1986) ...........................................................................................3, 6, 13

*In re Olejnik*,
  No. 09-76714, 2010 WL 4366183 (Bankr. E.D.N.Y Oct. 28, 2010) .....................................17

*P.T. Busana Idaman Nurani v. Marissa by GHR Indus. Trading Corp.*,
  151 F.R.D. 32 (S.D.N.Y. 1993)..........................................................................................15, 17

*Petersen v. Vallenzano*,
  155 F.R.D. 485 (S.D.N.Y. 1994)...............................................................................................4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*,
  507 U.S. 380 (1993) ...............................................................................................................5, 6

*Ptak Bros. Jewelry, Inc. v. Ptak*,
  06 CIV. 13732 CM, 2011 WL 253424 (S.D.N.Y. Jan. 25, 2011)............................................4

*Read v. Zugibe*,
  10 CIV. 8428 WHP, 2012 WL 1850910 (S.D.N.Y. May 21, 2012) ........................................4

*In re Rijo*,
  808-74607-REG, 2012 WL 1309630 (Bankr. E.D.N.Y. Apr. 16, 2012) .................................2

*Rosario v. United States*,
  09 CIV 2578 NRB, 2010 WL 3291805 (S.D.N.Y. Aug. 9, 2010) ...........................................4

iv

*S.E.C. v. Universal Major Indus. Corp.,*
   73 CIV. 3626, 1977 WL 1072 (S.D.N.Y. Dec. 6, 1977) ........................................................ 4

*Sasso v. M. Fine Lumber Co., Inc.,*
   144 F.R.D. 185 (E.D.N.Y. 1992) ...................................................................................... 6, 15

*Sassower v. Field,*
   973 F.2d 75 (2d Cir. 1992) ................................................................................................... 2

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC,*
   11 CIV. 3313 DAB, 2012 WL 527426 (S.D.N.Y. Feb. 16, 2012), *aff'd sub nom. In re
   Bernard L. Madoff Inv. Sec., LLC*, 489 F. App'x 519 (2d Cir. 2012) .................................... 12

*Spiegel, Inc. v. Otto,*
   269 F. App'x 56 (2d Cir. 2008) ........................................................................................... 15

*State of New York v. Sokol,*
   94 CIV. 7392 (HB), 1996 WL 428381 (S.D.N.Y. July 31, 1996), *aff'd* 108 F.3d 1370 (2d Cir.
   1997) ..................................................................................................................................... 4

*State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,*
   374 F.3d 158 (2d Cir. 2004) ............................................................................................ 4, 9

*Stevens v. Miller,*
   676 F.3d 62 (2d Cir. 2012) .............................................................................................. 2, 12

*Stewart v. O'Neill,*
   00 CIV. 8560 SAS, 2002 WL 1917888 (S.D.N.Y. Aug. 20, 2002) ....................................... 10

*Thomas v. Fischer,*
   05 CIV. 3010, 2007 WL 2456724 (S.D.N.Y. Aug. 20, 2007) ................................................ 4

*United States v. Cirami,*
   563 F.2d 26 (2d Cir. 1977) ................................................................................................. 13

*United States v. Int'l Bhd. of Teamsters,*
   247 F.3d 370 (2d Cir. 2001) ............................................................................................... 12

*Vazquez v. Carey,*
   No. 03 Civ. 3905, 2010 WL 1140850 (S.D.N.Y. Mar. 24, 2010) ..................................... 4, 17

*Vector Capital Corp. v. Ness Techs., Inc.,*
   11 CIV. 6259 PKC, 2012 WL 1948822 (S.D.N.Y. May 24, 2012) ......................................... 9

*Williams v. New York City Dep't of Corr.,*
   219 F.R.D. 78 (S.D.N.Y. 2003) ............................................................................................ 5

v

**Rules**

Federal Rule of Bankruptcy Procedure 9024 ............................................................................... 1

Federal Rule of Civil Procedure 60(b) ..................... 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 14, 15, 16, 17, 18

Rule 60(b)(1) ........................................................................................................... 2, 5, 6, 7, 13, 15

Rule 60(b)(2) ........................................................................................................... 8, 9, 10, 13, 15

Rule 60(b)(3) ........................................................................................................... 2, 10, 11, 13, 15

Rule 60(b)(6) ........................................................................................................... 12, 13, 14, 17

Rule 60(c) ............................................................................................................................... 15

*NY 243091899v7*

General Motors LLC ("**New GM**") has filed an Opposition to the Motors Liquidation GUC Trust's (the "**GUC Trust**") Motion for Relief under Federal Rule of Civil Procedure 60(b) made applicable by Federal Rule of Bankruptcy Procedure 9024 (the "**Motion**"), in which the Objecting Noteholders join and adopt in its entirety [Case No. 09-50026, Docket No. 12446]. In accordance with the Court's Scheduling Order [Case No. 12-09802, Docket No. 216], the Objecting Noteholders also submit this Opposition to the Motion to supplement the New GM Opposition and emphasize certain legal points.

# ARGUMENT[1]

### A.  Rule 60(b) Cannot Be Used as a Litigation Tactic.

The GUC Trust has consistently described the relief it seeks under Rule 60(b) as "alternative" or "protective" "should it become necessary based on the outcome of the trial." (Mot. at 17-18.)  Such relief under Rule 60(b) is not permissible, as relief may be granted only under exceptional circumstances to undo extreme and undue hardship or fraud, neither of which is present here.  What the GUC Trust asks for, unabashedly, is that relief be granted under Rule 60(b) to amend the terms of the 363 Sale[2] and the Sale Order entered with the full support and consent of the its predecessor in interest, the Official Committee of Unsecured Creditors ("**Committee**"), the benefits of which the Committee and its constituents have already received, solely in order to create new legal grounds for relief against New GM and the Objecting Noteholders.  The Committee agreed to the 363 Sale, knew all of the terms of the Lock-Up Agreement, never objected or even questioned those terms, supported the Sale Order, and reaped

---

[1] The Objecting Noteholders hereby incorporate the factual statements set forth in New GM's Opposition in their entirety and rely on them for the argument presented herein.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Statement of Facts of Certain Noteholders, the GM Nova Scotia Trustee and New GM, May 24, 2013 [Case No. 09-50026, Docket No. 12437].

the benefits of the 363 Sale. The GUC Trust cannot obtain greater financial benefits for certain of its constituents other than the Noteholders (others to whom the GUC Trust apparently believes it holds a greater allegiance) by now claiming that the Committee's failure to object to the 363 Sale was excusable neglect and that the Sale Order imposes extreme and undue hardship on the GUC Trust. The GUC Trust cannot meet the high burden necessary to permit any relief pursuant to Rule 60(b), and its motion should be denied in its entirety.

Courts have consistently rejected the use of Rule 60(b) as a litigation tactic or as a substitute for a motion for reconsideration or timely appeal. *Stevens v. Miller*, 676 F.3d 62, 66 (2d Cir. 2012) ("Rule 60(b) cannot be used as a mere substitute for a party's failure to appeal in a timely manner."); *Leonard v. Lowe's Home Ctrs., Inc*., 83 F. App'x 402, 404 (2d Cir. 2003) ("Having failed to file a timely appeal, [movant] cannot now use Rule 60(b) as a substitute."); *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992) (denying a Rule 60(b)(3) motion that was filed purely for 'vexatious and harassing tactics'"); *In re Rijo*, 808-74607-REG, 2012 WL 1309630, at *4 (Bankr. E.D.N.Y. Apr. 16, 2012) ("Arguments that the court misapplied or misconstrued the law or the facts are properly made under Rule 60(b)(1), but that section may not be used as a substitute for a timely appeal or motion for reconsideration."). The Second Circuit has spoken clearly and unequivocally that a Rule 60(b) motion "cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ*., 865 F.2d 478, 484 (2d Cir. 1989). The Committee was an informed participant in the 363 Sale process in 2009 that received significant disclosures about the Lock-Up Agreement and the Swap Agreements. Moreover, it received additional information about the Lock-Up Agreement and Swap Agreements after the entry of the Sale Order and did nothing at that time to revisit the Sale Order. Further, the Committee undoubtedly was aware of the two appeals of the Sale Order and chose not to participate in those appeals.

*NY 243091899v7*

The GUC Trust, successor to the Committee, only now seeks to revisit the Sale Order for the sole purpose of achieving its litigation objective to inflict harm on New GM and the Noteholders, not to undo extreme and undue hardship or correct fraud. This is an improper use of the extraordinary relief afforded by Rule 60(b), and the Motion must be denied.

## B. Rule 60(b) Relief Requires an Extraordinary Demonstration of Exceptional Circumstances

Relief pursuant to Rule 60(b) is "generally not favored" and is "granted only in the most exceptional of circumstances." Courts are reticent to disturb the finality of judgments unless the movant can make such an extraordinary demonstration of exceptional circumstances or undue hardship. *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."); *Dais v. Lane Bryant, Inc.*, 97 CIV. 2011 (PKL)(RLE), 2002 WL 417242, at *1 (S.D.N.Y. Mar. 15, 2002), *aff'd* 113 F. App'x 417 (2d Cir. 2004) ("The Second Circuit has held that because Rule 60(b) allows extraordinary judicial relief, it is invoked only if the party seeking relief from judgment meets the heavy burden of demonstrating 'exceptional circumstances,' or 'extreme and undue hardship.'")

As the party seeking relief pursuant to Rule 60(b), the GUC Trust bears the burden of presenting "highly convincing" evidence to justify such relief. *Lok Prakashan, Ltd. v. India Abroad Publ'ns, Inc.*, 00 CIV. 5852 (LAP), 2003 WL 1701903, at *2 (S.D.N.Y. Mar. 31, 2003), *aff'd* 94 F. App'x 856 (2d Cir. 2004). The GUC Trust misleads this Court when it claims that courts consistently grant relief pursuant to Rule 60(b) by citing five cases that happened to grant such relief, two of which are not even decisions from this district. (Mot. at 21-22.) The myriad case law emphasizes that such relief is granted rarely and only in the most extreme

3

circumstances. Picking five cases that granted Rule 60(b) relief does not change this standard, nor is it credible when compared to the vast majority of cases that deny such extraordinary relief.[3]  In addition, the five cases cited by the GUC Trust for this erroneous assertion show the very different and heightened circumstances that must exist to justify Rule 60(b) relief, circumstances not present in this case.  (*Id.* (citing *SEC v. Wojeski*, 752 F. Supp. 2d 220, 222-23 (N.D.N.Y 2010) (the plaintiff concealed evidence from the SEC and the court prior to decision); *Vazquez v. Carey*, No. 03 Civ. 3905, 2010 WL 1140850, at *1-4 (S.D.N.Y. Mar. 24, 2010) (allowing Rule 60(b) relief for the plaintiff to correct the mistaken identification of the officer accused of beating him); *Judith Ripka Creations, Inc. v. Rubinoff Imps., Inc.*, No. 03 Civ. 9377, 2004 WL 1609338, at *3-4 (S.D.N.Y. July 16, 2004) (the defendant had not produced all relevant documents before the plaintiff accepted an offer of judgment where the newly discovered evidence of additional documentation would have affected the plaintiff's acceptance of the offer); *In re Jack Kline Co., Inc.*, 440 B.R. 712, 729-30 (Bankr. S.D. Tex. 2010) (allowing Rule 60(b) relief *sua sponte* upon learning of postpetition payments where no notice was

---

[3] A full listing of the reported decisions denying Rule 60(b) relief in this Circuit would be too voluminous for this Response.  *See, e.g,. State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158 (2d Cir. 2004); *Read v. Zugibe*, 10 CIV. 8428 WHP, 2012 WL 1850910 (S.D.N.Y. May 21, 2012); *Figueroa v. Morgenthau*, 09 CIV. 4188 DLC, 2011 WL 4348147 (S.D.N.Y. Sept. 16, 2011); *Ptak Bros. Jewelry, Inc. v. Ptak*, 06 CIV. 13732 CM, 2011 WL 253424 (S.D.N.Y. Jan. 25, 2011); *Blake v. Potter*, 03 CIV. 7733 LAP, 2010 WL 4536975 (S.D.N.Y. Nov. 8, 2010); *Rosario v. United States*, 09 CIV 2578 NRB, 2010 WL 3291805 (S.D.N.Y. Aug. 9, 2010); *Burns v. EMI Music Pub., Inc.*, 95 CIV. 8130 (KTD), 2010 WL 1375630 (S.D.N.Y. Mar. 31, 2010); *Thomas v. Fischer*, 05 CIV. 3010, 2007 WL 2456724 (S.D.N.Y. Aug. 20, 2007); *Kirk v. Schindler Elevator Corp.*, 03 CIV. 8688 (SHS), 2004 WL 2726001 (S.D.N.Y. Nov. 29, 2004); *Abner Realty, Inc. v. Adm'r of Gen. Servs. Admin.*, 97 CIV. 3075 (RWS), 1999 WL 436462 (S.D.N.Y. June 24, 1999); *Hanley v. Deluxe Caterers of Shelter Rock, Inc.*, 94 CIV. 4693 (ROO), 1998 WL 152583 (S.D.N.Y. Apr. 1, 1998), *aff'd* 175 F.3d 1007 (2d Cir. 1999); *State of New York v. Sokol*, 94 CIV. 7392 (HB), 1996 WL 428381 (S.D.N.Y. July 31, 1996), *aff'd* 108 F.3d 1370 (2d Cir. 1997); *Petersen v. Vallenzano*, 155 F.R.D. 485 (S.D.N.Y. 1994); *Babigian v. Ass'n of Bar of City of New York*, 144 F.R.D. 30, 31 (S.D.N.Y. 1992); *S.E.C. v. Universal Major Indus. Corp.*, 73 CIV. 3626, 1977 WL 1072 (S.D.N.Y. Dec. 6, 1977).

NY 243091899v7

provided to trustee or creditors); *In re Enron Creditors Recov. Corp.*, No. 01-16034, 2009 WL 3756951, at *1-5 (Bankr. S.D.N.Y Nov. 6, 2009) (allowing Rule 60(b) relief to the executrix of the estate of a deceased creditor after her proof of claim was denied as not timely filed because she was *pro se*, had no access to the electronic docket, and there was no evidence that the claimant had been properly served with notice of the hearing)).

These cases are readily distinguishable from this case where full disclosure was given and all of the facts were furnished to the Committee well in advance of the Sale Hearing. The Chair of the Committee testified that he read public filings and followed court proceedings containing the facts and Committee counsel, a highly respected firm, performed significant due diligence and reviewed many documents disclosing the very information the GUC Trust alleges was withheld. The GUC Trust has not and cannot meet its burden to satisfy any of the subsections of Rule 60(b) to justify such extraordinary and rare relief.

### 1. There Is No Excusable Neglect Under Rule 60(b)(1).

The GUC Trust argues that relief under Rule 60(b)(1) is warranted because the Committee's failure to challenge the Lock-Up Agreement and Swap Agreements before entry of the Sale Order resulted from "excusable neglect." (Mot. at 22-23.) To satisfy Rule 60(b)(1), the Second Circuit requires the moving party to establish: (1) "'highly convincing' evidence;" (2) "good cause for failing to act sooner;" and (3) no prejudice to the non-movant. *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Although the GUC Trust claims the neglect in challenging the Swap Agreements and the Lock-Up Agreement in advance of the entry of the Sale Order is "excusable," it is not.

The determination of what constitutes "excusable neglect" is a factual inquiry "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*

5

*v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).  This includes consideration of things like "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.* at 395.  A failure by a client's attorney is not grounds for excusable neglect under Rule 60(b)(1).  *Mason Tenders Dist. Council Welfare Fund v. M & M Contracting & Consulting*, 193 F.R.D. 112, 115 (S.D.N.Y. 2000) ("[I]n most circumstances, under the Rule 60(b) 'a client is not ... excused from the consequences of his attorney's nonfeasance or negligence.'"); *see also In re Morris*, 252 B.R. 41, 46 (Bankr. S.D.N.Y. 2000); *Sasso v. M. Fine Lumber Co., Inc.*, 144 F.R.D. 185 (E.D.N.Y. 1992).  Even gross negligence by an attorney is not excusable neglect in the Second Circuit.  *Alvarado v. Manhattan Worker Career Ctr.*, 01 CIV. 9288 (CBM), 2003 WL 22462032, at *2 (S.D.N.Y. Oct. 30, 2003) (internal citations omitted); *FirstStorm Partners 2, LLC v. Vassel*, 10-CV-2356 KAM RER, 2013 WL 654396, at *15 (E.D.N.Y. Feb. 21, 2013).  Where the facts are in the possession of a party's counsel, as they were in this case, the party cannot claim excusable neglect under Rule 60(b)(1).  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (denying Rule 60(b) relief because "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney'"); *Nemaizer*, 793 F.2d at 62.

Katz v. Mogus*, No. 07 Civ. 8314, 2012 WL 263462 (S.D.N.Y Jan. 25, 2012) is very different from the case at hand.  (Mot. at 23.)  In that case, the parties agreed in principle to settle the dispute, and the court issued an order of dismissal, which expressly allowed for leave to reopen the case if the settlement was not complete.  *Katz*, 2012 WL 263462 at *2-3.  The parties were unable to reach a final agreement within 45 days, and after that period, the defendant

6

refused to continue negotiations because the "case was dismissed." *Id.* at *1.  Thereafter, the plaintiff moved pursuant to Rule 60(b)(1) to reopen the case. *Id.* at *1-2.  The court granted the motion based on the fact that both parties acted in good faith in attempting to negotiate the settlement, that neither party would, therefore, be prejudiced in reopening the case, and because reopening the case would allow the parties to reach a final and binding settlement. *Id.* at *4-5.  In *Katz*, the Rule 60(b) relief was merely the mechanism by which the parties were able to finalize their agreement.

Here, Committee counsel reviewed the various papers disclosing the Lock-Up Agreement and the restructuring of GM Canada and concluded the information had no effect on the 363 Sale.  Mr. Mayer testified that he would **not** have acted differently in connection with Sale Hearing if he had known of the facts presented in the June 1, 2009 8-K.  (Def. Tr. Ex. 159; Tr. 10/03/12 (Mayer) at 61:13-15.)  Mr. Mayer testified that he was in possession of Disclosure Schedules and the First Amendment to the DIP Facility.  (Def. Tr. Ex. 204; 213; Tr. 10/03/12 (Mayer) at 72:3-77:23; 85:21-92:14.)  He also knew that none of the funds that were used to make the $450 Million Loan would have gone to the unsecured creditors in any event.  (Tr. 10/03/12 (Mayer) at 62:17-63:10.)  The record is uncontroverted that Messrs. Mayer and Vanaskey received actual notice of the Swaps Agreements and Lock-Up Agreement and failed to raise any possible issues relating to the agreements and the restructuring of GM Canada in connection with the Sale Hearing or the entry of the Sale Order.  Since that time, the current Noteholders, along with New GM and its constituents, have relied upon the enforceability of the Sale Order and the assumption and assignment of contracts pursuant to the Sale Order.  Any disturbance of the Sale Order now would cause prejudice to numerous parties.  Under applicable legal authority, the Committee's neglect to raise issues with the Swap Agreements and the Lock-

Up Agreement in connection with the entry of the Sale Order is decidedly not excusable, and the
GUC Trust's Motion must be denied.

### 2.   **There Is No New Evidence Under 60(b)(2).**

To obtain relief pursuant to Rule 60(b)(2), "[i]n order to establish entitlement to
reconsideration of a decision in light of the availability of new evidence, plaintiffs must
demonstrate that:  '(1) newly discovered evidence is of facts existing at the time of [the prior
decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to
learn about them; (3) newly discovered evidence is admissible and probably effective to change
the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative ...
of evidence already offered.'"  *Dux v. Megasol Cosmetic GMBH*, 03-CV-8820 (RO), 2006 WL
870462, at *1 (S.D.N.Y. Apr. 3, 2006); *see also Fid. Partners, Inc. v. First Trust Co. of New
York*, 58 F. Supp. 2d 55, 59 (S.D.N.Y. 1999).   In its Motion, the GUC Trust does not identify the
specific "new evidence" it refers to in seeking relief under this provision.  That is because there
is none; all of the relevant information was in possession of the Committee.  Defendants' Trial
Exhibits 159 (the June 1, 2009 8-K), 213 (the First Amendment to the DIP), and 256 (the Seller's
Disclosure Schedules) are examples of evidence of the Lock-Up Agreement and the Swaps
Agreements.  But these exhibits are decidedly not "new evidence" because each exhibit was
admittedly reviewed by Committee counsel in June 2009.

All of the cases cited by the GUC Trust confirm that relief pursuant to Rule 60(b) has to
be predicated on evidence that existed at the time but was unknowable or otherwise impossible
to present.  *Bd. Of Trustees of S. Cal. IBEW-NECA Def. Contrib. Plan v. Bank of NY Mellon
Corp.*, No. 09 Civ. 6273, 2010 WL 3958790, at *3-4 (S.D.N.Y. Sept. 7, 2010) (allowing Rule
60(b)(2) relief based on the plaintiff's attorneys affidavits regarding a hearing where there was
no transcript that they did not understand a successful motion to dismiss would foreclose their

8

right to re-plead); *Commer v. McEntee*, No. 00 Civ. 7913, 2005 WL 1250214, at *1-3 (S.D.N.Y.

May 27, 2005) (allowing the plaintiff, an ousted union president, to reopen the case after

summary judgment based on a new affirmation with supporting facts signed by one of the

defendants in which he swore that the defendants engaged in a conspiracy to oust the plaintiff);

*Kurzweil v. Philip Morris Cos., Inc.*, Nos. 94 Civ. 2373, 1997 WL 167043, at *1-5 (S.D.N.Y.

Apr. 9, 1997) (allowing Rule 60(b)(2) relief after granting motion to dismiss where new industry

reports were issued one month before the order was entered, and the plaintiffs had exercised

diligence in presenting it to the court in as timely a manner as possible).

In contrast, when evidence is in a party's possession or otherwise available to a party, it

does not qualify as "newly discovered" evidence for purposes of Rule 60(b)(2).  *State St. Bank &*

*Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004) (affirming the

denial of a Rule 60(b)(2) motion when the defendants could not demonstrate a justifiable reason

that they were ignorant of a letter in their own files that could have potentially exonerated them

from liability under a credit agreement); *MTB Bank v. Fed. Armored Exp., Inc.*, 93 CIV. 5594

(LBS), 1998 WL 43125, at *4 (S.D.N.Y. Feb. 2, 1998) (denying a Rule 60(b)(2) motion when a

copy of the operative Assumption and Assignment Agreement was in the possession of the

defendant's outside counsel even though it was not in defendant's possession); *Vector Capital*

*Corp. v. Ness Techs., Inc.*, 11 CIV. 6259 PKC, 2012 WL 1948822, at *9 (S.D.N.Y. May 24,

2012) (denying a Rule 60(b)(2) motion on the grounds that emails presented in conjunction with

the motion were in possession of the movant and available to be used prior to judgment and

holding "[plaintiff's] failure to act upon this evidence, whether accidental or strategic, does not

make the evidence 'truly newly discovered'").

Again, the evidence, uncontroverted at trial, is that Committee counsel reviewed the documents that disclose the Swap Agreements and the Lock-Up Agreement. Mr. Vanaskey testified that he read the SEC filings that disclosed the Swap Agreements and the Lock-Up Agreement before the 363 Sale. (Tr. 11/27/12 (Vanaskey) at 25:14-16; 53:25-54:2; 97:25-98:10.) Mr. Mayer testified that reviewing SEC filings is a "standard part of diligence" in cases like this one. (Tr. 10/03/12 (Mayer) at 31:12-15.) Performing this "standard" diligence and reviewing the June 1, 2009 8-K would have told Mr. Mayer and his team what he needed to know about the Lock-Up Agreement. Nonetheless, Mr. Mayer testified that he would have not raised an objection based on the information disclosed in the June 1, 2009 8-K if he had known about it prior to the Sale Hearing. (Tr. 10/03/12 (Mayer) at 61:13-15.) In any event, the Committee and its professionals received materials that disclosed the Swap Agreements and the Lock-Up Agreement and therefore cannot be found to be excusably ignorant of the Swap Agreements or the Lock-Up Agreement. Accordingly, Rule 60(b)(2) is inapplicable here to grant the GUC Trust the extraordinary relief it seeks.

### 3. There Is No Misconduct Under 60(b)(3).

Rule 60(b)(3) allows relief only if the movant presents clear and convincing evidence of fraud, misrepresentation or other misconduct that prevented the movant from fully and fairly presenting its case. *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) (internal citations omitted). It is not a provision that allows a party to relitigate on the merits. *Fleming*, 865 F.2d at 484 (2d Cir. 1989); *Stewart v. O'Neill*, 00 CIV. 8560 SAS, 2002 WL 1917888, at *1-2 (S.D.N.Y. Aug. 20, 2002). The GUC Trust alleges that "the failure to adequately disclose the Lock-Up Agreement prior to the entry of the Sale Order is 'misconduct' that justifies relief." (Mot. at 25.)

The cases cited by the GUC Trust show the types of extreme circumstances where courts have allowed relief pursuant to Rule 60(b)(3), and these types of extreme circumstances include active and intentional violations of statutes and overt actions to mislead a court and/or an adversary.    (Mot. at 24-25 (citing *Wojeski*, 752 F. Supp. 2d at 222-23 (intentionally concealing a separate contract directly related to property potentially subject to forfeiture from the SEC and the court); *In re Olejnik*, No. 09-76714, 2010 WL 4366183, at *4-5 (Bankr. E.D.N.Y Oct. 28, 2010) (finding the debtor failed to disclose all property interests in his schedules and did not list all creditors or prior owners of his mortgage, thereby violating his statutorily-imposed duties as a debtor that constituted fraud and misrepresentation); *Judith Ripka Creations,* 2004 WL 1609338 at *2-4 (finding Rule 60(b)(3) relief warranted where the defendant had not produced all responsive documents thereby affecting the plaintiff's acceptance of an offer of judgment); *Catskill Dev. LLC*, 286 F. Supp. 2d at 314-16 (finding Rule 60(b)(3) relief appropriate where defendants withheld responsive audiotapes)).

The cases on which the GUC Trust relies are readily distinguishable in a very significant way – the information was in fact disclosed to the Committee and its counsel and Committee counsel admitted reviewing the information.  There is no misconduct here because there was no effort to mislead or conceal the Lock-Up Agreement or Swaps Agreement; all information was fully disclosed well in advance of the entry of the Sale Order.  Further, there is no misconduct in failing to seek Court approval of a pre-petition agreement.  Moreover, as the Court recognized when ruling upon New GM's motion for summary judgment, relief under Rule 60(b)(3) requires a finding of intentional concealment of which there is no evidence in this case.  (*See* Transcript of Summary Judgment Hearing, dated July 19, 2012 [Docket No. 146] at 91:22-92:4 ("Based on the record so far issues of fact would exist with respect to whether the GUC Trust could establish

an entitlement to 60(b) relief on three of the four Rule 60(b) subsections upon which the GUC

Trust relies.  I've seen no evidence to support the fourth.  Fraud in procuring the sale order,

especially since I consider fraud to require scienter as contrasted to mere non-disclosure.").)  Nor

is there any evidence that the alleged non-disclosure prevented the Committee from fairly

presenting and litigating its case in light of Committee counsel's admission that knowledge of

the Lock-Up Agreement and the Swaps would not have changed the Committee's position on the

Sale.  This Court, therefore, must deny the GUC Trust's Motion.

### 4.  There Are No Exceptional Circumstances Under Rule 60(b)(6).

The GUC Trust also seeks relief under Rule 60(b)(6) because of alleged "exceptional

circumstances."  (Mot. at 25-27.)  This provision may allow a court to provide relief from

judgment only in extraordinary circumstances or where the judgment may work an extreme and

undue hardship.  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, 11 CIV. 3313

DAB, 2012 WL 527426, at *5 (S.D.N.Y. Feb. 16, 2012), *aff'd sub nom. In re Bernard L. Madoff*

*Inv. Sec., LLC*, 489 F. App'x 519 (2d Cir. 2012).  This is not a "bottomless reservoir" of

equitable power.  *Stevens*, 676 F.3d at 67.

As an initial matter, it is well-established that Rule 60(b)(6) relief is improper where the

party has moved for relief under one of the more specific subparagraphs of Rule 60(b) and the

same facts that are cited in support of relief under those sections are cited as the basis for the

proposed Rule 60(b)(6) relief.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863

(1988) ("In particular, Rule 60(b)(6), upon which respondent relies, grants federal courts broad

authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the

motion is made within a reasonable time and is not premised on one of the grounds for relief

enumerated in clauses (b)(1) through (b)(5).");  *Stevens*, 676 F.3d at 67-68;  *United States v. Int'l*

*Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001);  *Cruickshank & Co. v. Dutchess*

12

*Shipping Co.,* 805 F.2d 465, 467 (2d Cir. 1986); *Nemaizer*, 793 F.2d at 63; *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir. 1981); *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977).

That is exactly the case here:  the GUC Trust has tried (and failed) to state facts that would satisfy the requirements of Rule 60(b)(1), (2) or (3).  The GUC Trust relies on those very same facts in support of its requested Rule 60(b)(6) relief.  The courts have expressly prohibited such a tactic and require that Rule 60(b)(6) relief be premised on circumstances outside the parameters of the other sections of Rule 60(b) that are so extraordinary that they would justify relief. *See id.*

The GUC Trust relies on *Montco, Inc. v. Barr*, 666 F.2d 754 (2d Cir. 1981), which presents a scenario wholly different than the one present here.  (Mot. at 26-27.)  In that case, debtor's counsel informed the bankruptcy court of a motion to issue a certificate of indebtedness to a secured lender.  *Montco*, 666 F.2d at 756.  The bankruptcy court specifically addressed the motion and held it in abeyance "because that's going to be subject to question also."  *Id.*  Nonetheless, debtor's counsel included in the proposed order submitted to the bankruptcy court an authorization of the issuance of a certificate of indebtedness to the secured lender.  *Id.*  No objection was made to the proposed order, and the bankruptcy court entered it.  *Id.*  Later, the trustee objected to the secured lender's claim for payment and moved to overturn the order.  *Id.* at 757.  The bankruptcy judge granted the motion and revised the order to remove the authorization of the certificate of indebtedness.  *Id.*  The district court affirmed, as did the Second Circuit on Rule 60(b)(6) grounds.  *Id.* at 757, 761.  *Montco* stands for the unremarkable proposition that a party cannot surreptitiously include a provision in an order explicitly rejected by the court, have it approved by the court, and then claim that the order is binding.  *Id.* at 755-

13

60.   The debtor's counsel in *Montco* deceived the court by inserting language into a proposed order so that the court would unknowingly issue the certificate of indebtedness.

No such egregious circumstances exist here.   In this case, disclosures were made, the Committee admitted receiving and reviewing those disclosures, and the Committee understood and supported the exact process that the Court ultimately approved and also understood that its recovery would be limited in any event.   This is not an extraordinary situation.   As with the other bases for its Motion, the GUC Trust cannot meet its heavy burden under Rule 60(b)(6), and its Motion must be denied.

### C.   The GUC Trust's Request for Relief Was Not Made Within A Reasonable Time.

As more fully set forth in the New GM Objection, the Committee was aware of the Lock-Up Agreement and Swaps Agreements well before it submitted its Proofs of Claim Objection (defined below) in November 2009 with the Lock-Up Agreement as an exhibit.   Prior to the Sale Hearing, the Committee received the Form S-4, the June 1, 2009 8-K, the Disclosure Schedules, and the First Amendment to DIP Facility.   (Def. Tr. Ex. 75; 159; 204; 213; Tr. 10/03/12 (Mayer) at 57:10-15; 85:21-92:14; 124:9-12; 152:13-15; Tr. 11/27/12 (Vanaskey) at 25:14-16; 53:25-54:2; 58:16-18; 59:2-4; 97:25-98:10.)   After the Sale Hearing, the Committee received the August 7, 2009 8-K and the Interim Report (which also included a complete copy of the Lock-Up Agreement as an exhibit).   (Def. Tr. Ex. 234; 235; Tr. 10/03/12 (Mayer) at 113:5-117:12, 117:19-121:15.)   There is no explanation for the significant delay by the Committee in seeking relief under Rule 60(b) in light of the Committee's possession of this significant amount of information regarding the Lock-Up Agreement and Swap Agreements.

A party must seek relief pursuant to Rule 60(b) "within a reasonable time," and for relief under Rule 60(b)(1), (2), or (3), must be made within one year.   Even requests made under Rule 60(b)(1), (2), or (3) within one year must also be made within a reasonable time.   *Amoco*

14

*Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation*, 605 F.2d 648, 656 (2d Cir. 1979). The determination regarding timeliness turns on the particular circumstances of the case and balancing the interest in finality against the reasons for the delay. *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001); *Broadway v. City of New York*, 96 CIV. 2798 (RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003); *P.T. Busana Idaman Nurani v. Marissa by GHR Indus. Trading Corp.*, 151 F.R.D. 32, 35 (S.D.N.Y. 1993). Courts also consider the possible prejudice to the opposing party. *P.T. Busana*, 151 F.R.D. at 35. The movant has a high burden to demonstrate good cause for failing to act sooner. *Broadway*, 2003 WL 21309365 at *3.

The GUC Trust contends that its passing reference to Rule 60(b) in its initial Claims Objection qualifies as a "motion" under Rule 60(c). The Objecting Noteholders contend otherwise, but even if this Court considers it a proper motion, the fact that the GUC Trust managed to submit its requests for relief under subsections (1), (2), and (3) under Rule 60(b) in just under one year does not mean that the request was made within a reasonable time. As stated by the Second Circuit, "it is difficult to see why a delay that falls within the absolute one-year bar by a hairsbreadth should necessarily be considered reasonable . . . ." *Amoco Overseas Oil*, 605 F.2d at 656; *see also Spiegel, Inc. v. Otto*, 269 F. App'x 56 (2d Cir. 2008) (holding that waiting seven months after learning of the existence of the order is not within a reasonable time); *Sasso*, 144 F.R.D. at 189 (holding that movant must provide evidence of "good cause" for failing to act sooner than nine months after entry of the challenged order). Further, even though a motion is made barely within the one-year time limit, if the delay in making the motion approaches one year, there is a corresponding increase in the burden that must be carried to show that the delay was "reasonable." *Id*.; *see also Chiulli v. I.R.S.*, No. 03-6670, 2006 WL 3008084, at *3 (S.D.N.Y. Oct. 20, 2006).

15

The GUC Trust has offered no explanation for why there was a delay in seeking relief under Rule 60(b). Notwithstanding the significant evidence disclosing the Lock-Up Agreement, which Mr. Mayer testified that he received, the Committee claimed in paragraph 9 of its Objection to the Motion of Certain Noteholders for an Order [Regarding Proofs of Claim], [Docket No. 4452], filed November 16, 2009 ("the **Proofs of Claim Objection**"), that its advisors "first learned of the Lock-Up Agreement on October 7, 2009."[4] Even giving credence to this statement, it is uncontroverted that: i) by November 17, 2009, the Committee had appended the Lock-Up Agreement to its Proofs of Claim Objection; ii) by November 30, 2009, the Noteholders and the GM Nova Scotia Trustee filed their respective proofs of claim; and iii) by mid-December 2009, the Committee had authorized its counsel, the law firm of Kramer Levin, to file objections to the Guarantee Claims and Statutory Claim.

In its Motion, the GUC Trust simply says its investigation took a while.[5] (Mot. at 28.) The import of the timeliness requirement is that once a party is aware of the circumstances that would justify relief under Rule 60(b), it is obligated to seek that relief in a reasonable time. Here, the Committee had the information it considered grounds for Rule 60(b) relief in 2009, and its explanation for the delay in seeking relief is insufficient to meet the higher burden imposed by

---

[4] This Objection included as an attachment a complete copy of the Lock-Up Agreement.

[5] Apparently in an attempt to justify the lengthy delay in seeking relief, the GUC Trust refers to a December 2009 email from Kramer Levin to the Nova Scotia Trustee's Canadian counsel, Mr. Robbie MacKeigan, requesting, on a voluntary basis, copies of all documents filed in the Nova Scotia Litigation. (*See* Mot. at 16 and n.66.) Mr. MacKeigan sent two emails to the Nova Scotia Trustee's American counsel about the issue, and the GUC Trust selectively cites to a portion of one of those emails to suggest that the Nova Scotia Trustee was unwilling to cooperate with Kramer Levin. (*See id.*) In fact, a fair reading of Mr. MacKeigan's emails shows that he simply wanted guidance from American counsel on the extent to which the Nova Scotia Trustee's cooperation was required under American law, and that the Nova Scotia Trustee was willing to cooperate with the Committee, but before doing so, wanted confirmation that the expenses associated with its efforts would be reimbursed as costs of the bankruptcy. (*See* Pl. Tr. Ex. 273 ("[T]he trustee presumably would not object to some expenses if [counsel to New GM] confirms that GM Canada is prepared to pay for this as costs of the bankruptcy.").) Ultimately, neither Kramer Levin nor any other representative of the Committee ever followed up with the Nova Scotia Trustee or Mr. MacKeigan on this issue.

16

making the request (such as it was) just three days before the one-year limitation period expired. Its failure to file within a reasonable time bars any relief under Rule 60(b).

The GUC Trust relies on cases that have no applicability here.  (Mot. at 27-29 (citing *P.T. Busana*, 151 FRD at 35 (affording Rule 60(b)(6) relief to the Indonesian plaintiff who was unfamiliar with the American judicial system, the plaintiff's lawyer went missing, and the plaintiff made significant efforts to try to find its counsel and sought relief within two months of learning of default judgment);  *Golden Oldies, Ltd. v. Scorpion Auction Grp., Inc.*, 199 F.R.D. 98, 100 (E.D.N.Y 2001) (affording Rule 60(b)(6) relief regarding service where plaintiff made significant efforts to find defendant, including taking the deposition of his son who also did not know where his father was); *In re Olejnik*, 2010 WL 4366183 at *4 (granting relief when the court found that the motion was filed less than seven months after the case was closed and less than five months after the foreclosure sale in state court; there was no written evidence that put the movant on notice of the case or the debtor's interest in the real property.); *Vazquez*, 2010 WL 1140850 at *7 (holding that the plaintiff could have learned the identity of the officer long before he filed his cross-motion in September, 2009, but he still would not have learned the identity in time to avoid the mistaken acceptance of the stipulation of dismissal in October, 2008); *Montco*, 666 F.2d 754 (finding a "reasonable time" when two years had passed since the final order, because the standby trustee was not involved in the case during the first year, a proof of claim was filed during the second year, and the standby trustee challenged the order within three months of the filing of the proof of claim)).)

The facts here undermine the GUC Trust's claim that the delay in seeking relief was reasonable, and no cases support its contention.  Accordingly, the GUC Trust's Motion must be denied as not being made within a reasonable time.

### D. The GUC Trust's Contention that Its Request Will not Impose Undue Hardship on the Parties is Refuted by the Evidence.

The GUC Trust argues that the Court should grant Rule 60(b) relief regardless of any prejudice to non-moving parties such as the Noteholders, because the Noteholders, along with employees of Old GM who are now employed by New GM, allegedly supported the failure to disclose the Lock-Up Agreement. (*See* Mot. at 29-30.) The evidence cited by the GUC Trust, however, does not support the allegation that the Lock-Up Noteholders sought to conceal the Lock-Up Agreement. The only evidence cited by the GUC Trust are statements by Mr. Zirinsky and entries from Dennis Prieto's notebook to the effect that they considered whether the transaction was "attackable" (*i.e.*, possibly subject to any legitimate objections). (*Id.* at 30 nn.85-86 (citing Pl. Tr. Ex. 3; Tr. 08/08/2012 (Zirinsky) at 38:18-20).) Neither collusion nor efforts to conceal the Lock-Up Agreement is implied. On the contrary, the Lock-Up Noteholders "were insistent that there be disclosure [of the Lock-Up Agreement] because they wanted to trade" (Tr. 08/10/12 (Buonomo) at 87:12-16), and one Lock-Up Noteholder even "bragged" to Committee counsel of the "good deal" the Noteholders had received. (Tr. 10/03/12 (Mayer) at 112:24 113:15; Tr. 09/28/12 (Gropper) at 95:16-96:9.)

In addition, the GUC Trust's argument ignores that there are current Noteholders that were not involved in the Lock-Up Agreement negotiations and that are not alleged to have had any involvement in the disclosure or non-disclosure of the Lock-Up Agreement – such as the Paulson Noteholders, Morgan Stanley & Co. International plc, and numerous other Noteholders named as Defendants in the Amended Complaint – who may also suffer prejudice by the granting of Rule 60(b) relief. While the evidence refutes the allegation that the Noteholders involved in the negotiations of the Lock-Up Agreement collaborated to conceal the Lock-Up Agreement, there is not even an allegation that the Paulson Noteholders, Morgan Stanley & Co.

18

International plc, and other Noteholder defendants were in any way involved in the alleged failure to disclose the Lock-Up Agreement.

Nonetheless, all of the Noteholders have relied on the provisions of the Lock-Up Agreement (especially in voting in favor of the Extraordinary Resolution that released the CAD $1.3 billion Intercompany Loan as a source of recovery on the Notes), the finality of the Sale Order, and the assignment of the Lock-Up Agreement to New GM and will suffer significant prejudice if the Sale Order is invalidated, even piecemeal.  The GUC Trust's Motion, therefore, must be denied.

I.    CONCLUSION

For all of the foregoing reasons, the Objecting Noteholders respectfully request that the Court enter an order: (i) denying the relief requested in the Motion in its entirety; and (ii) granting the Objecting Noteholders such other and further relief as is just and proper.

19

Dated: June 10, 2013

GREENBERG TRAURIG, LLP

By: /s/ Bruce R. Zirinsky_____
Bruce R. Zirinsky, Esq.
John H. Bae, Esq.
Gary D. Ticoll, Esq.
Paul T. Martin, Esq.
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: zirinskyb@gtlaw.com
        baej@gtlaw.com
        ticollg@gtlaw.com
        martinpt@gtlaw.com

Kevin D. Finger, Esq.
Bevin M. Brennan, Esq.
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
E-mail: fingerk@gtlaw.com
        brennanb@gtlaw.com

Joseph P. Davis III, Esq.
One International Place
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
E-mail: davisjo@gtlaw.com

*Attorneys for Elliott Management Corporation,
Fortress Investment Group LLC and Morgan
Stanley & Co. International plc, and/or entities
managed by them, including Drawbridge DSO
Securities LLC, Drawbridge OSO Securities
LLC, FCOF UB Securities LLC,  Elliott
International LP and The Liverpool Limited
Partnership*

20

CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP

By: /s/ Steven J. Reisman
     Steven J. Reisman
     Theresa A. Foudy
     Ada V. Añon
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
E-mail: sreisman@curtis.com
     tfoudy@curtis.com
     aanon@curtis.com
*Counsel for dbX-Risk Arbitrage 1
Fund, Lyxor/Paulson International Fund
Limited, Paulson Enhanced Ltd., Paulson
International Ltd., Paulson Partners
Enhanced, L.P. and Paulson Partners L.P.*

21