UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :         Chapter 11
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :         Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al*.            :
                                                    :         (Jointly Administered)
                            Debtors.                :
------------------------------------------------------------x

### STIPULATION AND ORDER RESOLVING VALUATION PROCEEDINGS RELATING TO THE TPC SECURED CLAIM

General Motors LLC (f/k/a General Motors Company) ("**New GM**") and Wells Fargo Bank Northwest, N.A., as Agent to and on behalf of the TPC Lenders[1] ("**Agent**" and, together with New GM, the "**Parties**"), enter into this Stipulation and Order and state:

WHEREAS, on July 5, 2009, the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**") entered the Sale Order in the Chapter 11 cases of the above-captioned debtors (collectively, the "**Debtors**");

WHEREAS, the Sale Order provides that

> [a]s a result of the Debtors' interests in the TPC Property being transferred to the Purchaser free and clear of all liens, claims, interests, and encumbrances (other than Permitted Encumbrances), including, without limitation, the TPC Lenders' Liens and Claims, pursuant to section 363(e) of the Bankruptcy Code, the TPC Lenders shall have an allowed secured claim in a total amount equal to the fair market value of the TPC Property on the Commencement Date under section 506 of the Bankruptcy Code (the "**TPC Value**"), as determined at a valuation hearing conducted by this Court or by mutual agreement of the Debtors, the Purchaser, and the TPC Lenders (such claim, the "**TPC**

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Order (I) Authorizing Sale Of Assets Pursuant To Amended And Restated Master Sale And Purchase Agreement With NGMCO, Inc., A U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With The Sale; And (III) Granting Related Relief*, dated July 5, 2009 ("**Sale Order**").

**Secured Claim**"). Either the Debtors, the Purchaser, the TPC Lenders, or the Creditors' Committee may file a motion with this Court to determine the TPC Value on twenty (20) days notice.

Sale Order, ¶ 36;

WHEREAS, after the entry of the Sale Order, the Parties engaged in negotiations seeking to establish the TPC Value and fix the allowed amount of the TPC Secured Claim;

WHEREAS, the Parties were, at that time, unable to come to a mutual agreement regarding the amount of the TPC Value or the amount of the TPC Secured Claim;

WHEREAS, on January 14, 2011, the Agent filed the *Motion of the TPC Lenders for an Entry of an Order (I) Initiating Valuation Proceedings in Accordance with the Sale Order, and (II) Establishing a Schedule with Respect to the Valuation Proceedings* ("**Valuation Proceedings Motion**"), the purpose of which was to institute proceedings ("**Valuation Proceedings**") to value the TPC Property and, as a consequence, fix the value of the TPC Secured Claim;

WHEREAS, on February 3, 2011, New GM filed its *Response by General Motors LLC to Motion of the TPC Lenders for an Entry of an Order (I) Initiating Valuation Proceedings in Accordance with the Sale Order, and (II) Establishing a Schedule with Respect to the Valuation Proceedings* ("**New GM Response**"), requesting that prior to the Court establishing a schedule for the Valuation Proceedings, the Court establish a schedule to resolve an issue concerning a dispute regarding the appropriate valuation methodology for the TPC Property (the "**Methodology Issue**");

WHEREAS, on February 4, 2011, the Debtors filed a response to the Valuation Proceedings Motion;

WHEREAS, on February 8, 2011, the Agent filed the *TPC Lenders' Reply in Support of Their Motion for an Entry of an Order (I) Initiating Valuation Proceedings in Accordance with the Sale Order, and (II) Establishing a Schedule with Respect to the Valuation Proceedings*, in opposition to the relief requested in the New GM Response and in further support of establishing a schedule for the Valuation Proceedings;

WHEREAS, on February 9, 2011, a hearing was held before the Bankruptcy Court regarding the Valuation Proceedings Motion, at which time the Court directed the Parties to establish a briefing schedule for the Methodology Issue, and deferred consideration for setting any other schedule for the Valuation Proceedings;

WHEREAS, after New GM and the Agent fully briefed the Methodology Issue, on October 16, 2012, the Bankruptcy Court docketed its *Decision on Valuation Methodology for TPC Lenders' Collateral* ("**Methodology Issue Decision**"), finding that the "fair market value" methodology is to be used to value the TPC Property;

WHEREAS, on October 30, 2012, the Agent filed a *Notice of Appeal* with respect to the Methodology Issue Decision ("**Notice of Appeal**"), and a *Motion Of The TPC Lenders For (I) A Determination That The Bankruptcy Court's Decision On Valuation Methodology Is A Final Order Or, In The Alternative, (II) Leave To Appeal The Bankruptcy Court's Decision On Valuation Methodology* ("**Motion for Leave**") with the Bankruptcy Court;

WHEREAS, on November 14, 2012, New GM filed the *Answer By General Motors LLC In Opposition To Motion Of The TPC Lenders For (I) A Determination That The Bankruptcy Court's Decision On Valuation Methodology Is A Final Order Or, In The Alternative, (II) Leave To Appeal The Bankruptcy Court's Decision On Valuation Methodology* with the Bankruptcy Court; and

WHEREAS, the Parties have engaged in good-faith, arm's length negotiations with respect to the appropriate TPC Value and the value of the TPC Secured Claim, and all other issues raised in the Valuation Proceedings Motion and the Motion for Leave, as a result of which the Parties have resolved all of the issues relating thereto as set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, which stipulation and agreement, when so-ordered by the Bankruptcy Court, shall constitute both an agreement between the Parties and an order of the Court, as follows:

1. The allowed TPC Value is hereby fixed in the amount of $39,999,999.00 and the allowed value of the TPC Secured Claim is hereby fixed in the amount of $39,999,999.00.

2. Within five (5) business days of this Stipulation being so-ordered by the Bankruptcy Court, the Escrow Bank shall pay to the order of the Agent, on behalf of the TPC Lenders, from the TPC Escrow Account the amount of $39,999,999.00 (the "**TPC Payment**").

3. Within five (5) business days of this Stipulation being so-ordered by the Bankruptcy Court, the Escrow Bank shall pay to New GM from the TPC Escrow Account all remaining funds located in the TPC Escrow Account (estimated to be $50,731,888), including all accrued TPC Escrow Interest earned on the TPC Escrow Amount ("**New GM Payment**"), it being expressly understood by the TPC Lenders that they shall not be entitled to any of the TPC Escrow Interest earned on the TPC Escrow Amount.

4. Pursuant to paragraph 4 of the escrow agreement, dated as of July 26, 2009, entered into between New GM, the Agent and the Escrow Bank, the Escrow Bank shall be provided written payment instructions in substantially the form set forth in Exhibit "A" hereto, setting forth (i) the TPC Value, (ii) the amount of the TPC Payment and the New GM Payment, and (iii) fund transfer instructions for New GM and the Agent.

5. Upon the receipt of the TPC Payment by the Agent, any and all claims of the Agent and the TPC Lenders against New GM relating to the TPC Property, including the TPC Secured Claim, shall be deemed fully satisfied, released and discharged, including, without limitation, any claims the Agent and/or the TPC Lenders might have asserted against New GM relating to the TPC Property, the TPC Participation Agreement, or the TPC Operative Documents.

6. Except for the TPC Secured Claim, the Agent and the TPC Lenders, including their predecessors-in-interest, successors, successors-in-interest, affiliates and assigns, and all of their principals, members, shareholders, partners, officers, directors, managers, employees, subsidiaries, affiliates, insurers, trustees, agents and representatives, hereby release New GM, and its predecessors-in-interest, successors, successors-in-interest, affiliates and assigns, and all of its principals, members, shareholders, partners, officers, directors, managers, employees, subsidiaries, affiliates, insurers, trustees, agents and representatives, from all claims including every manner of action and actions, cause and causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, punitive damages, costs, expenses and attorneys' fees, demands and liabilities whatsoever of every kind and nature, whether known or unknown, suspected or unsuspected or unaccrued, in law, equity or otherwise, that relate to, arise from or concern the TPC Participation Agreement or the TPC Operative Documents, and, including, without limitation, the provisions of the Sale Order contained in paragraphs CC and 35 through 45 thereof; provided, however, that notwithstanding the foregoing, nothing in this Stipulation shall operate to disallow the TPC Unsecured Claim or to waive the Agent's and the TPC Lenders' rights to receive distributions from the Motors Liquidation Company GUC Trust on account of the TPC Unsecured Claim (the "**TPC Lenders Released Claims**"). Upon this

Stipulation being so-ordered by the Bankruptcy Court, the TPC Lenders Released Claims shall be forever released and discharged.

7. New GM and its successors and assigns, including its predecessors-in-interest, successors, successors-in-interest, affiliates and assigns, and all of its principals, members, shareholders, partners, officers, directors, managers, employees, subsidiaries, affiliates, insurers, trustees, agents and representatives, hereby release the Agent and the TPC Lenders, including their predecessors-in-interest, successors, successors-in-interest, affiliates and assigns, and all of their principals, members, shareholders, partners, officers, directors, managers, employees, subsidiaries, affiliates, insurers, trustees, agents and representatives, from all claims including every manner of action and actions, cause and causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, punitive damages, costs, expenses and attorneys' fees, demand and liabilities whatsoever of every kind and nature, whether known or unknown, suspected or unsuspected, accrued or unaccrued, in law, equity or otherwise, that relate to, arise from or concern the TPC Participation Agreement or the TPC Operative Documents, and, including, without limitation, the provisions of the Sale Order contained in paragraphs CC and 35 through 45 thereof (the "**New GM Released Claims**").  Upon this Stipulation being so-ordered by the Bankruptcy Court, the New GM Released Claims shall be forever released and discharged.

8. The individuals executing this Stipulation hereby represent and warrant that they are authorized to execute this Stipulation on behalf of the entities named in their corresponding signature block.

9. Subject to the approval of this Stipulation by the Bankruptcy Court, the Parties hereto represent and warrant to each other that they have obtained all required consents and

approvals to enter into and execute this Stipulation on behalf of the entities named in their corresponding signature block.

10. Upon this Stipulation being fully executed and approved by the Bankruptcy Court, the Parties hereto represent and warrant to each other that this Stipulation shall be valid, binding and enforceable by and against each of the Parties hereto, including, without limitation, the TPC Lenders.

11. The Agent represents and warrants that, as of the date hereof and on the date this Stipulation is approved by the Bankruptcy Court, (a) the TPC Lenders are the valid, lawful and rightful owners of the TPC Secured Claim, and (b) the TPC Lenders have not sold, assigned, pledged, liened or transferred to any other party the TPC Secured Claim.[2]

12. The Parties acknowledge that they have read and fully understand the terms of this Stipulation and agree that they are entering into this Stipulation knowingly and voluntarily and agree to all of its provisions.

13. This Stipulation is subject to Bankruptcy Court approval and shall not take effect and shall not be binding on the Parties until this Stipulation has been approved by the Bankruptcy Court. In the event that this Stipulation is not approved by the Bankruptcy Court, then the settlement set forth herein shall be automatically null and void and of no force and effect, and the Parties to this Stipulation shall be restored to their rights, interests and positions as existing before the entry into this Stipulation as if this Stipulation had not been entered or negotiated.

14. Upon this Stipulation being so-ordered by the Bankruptcy Court, the Valuation Proceedings Motion shall be deemed withdrawn with prejudice, without costs to any Party.

---

[2] ABN AMRO Bank NV (n/k/a The Royal Bank of Scotland N.V.) transferred its rights to payment on account of the TPC Secured Claim to The Royal Bank of Scotland plc subsequent to the entry of the Sale Order.

Within five (5) business days of this Stipulation being so-ordered by the Bankruptcy Court, the Agent shall file a Notice of Withdrawal, substantially in the form annexed hereto as Exhibit "B," with the Bankruptcy Court and/or the United States District Court for the Southern District of New York, whichever is applicable, withdrawing, with prejudice, the Notice of Appeal and the Motion for Leave, without costs to any Party.

15. Upon this Stipulation being so-ordered by the Bankruptcy Court, the terms and provisions of this Stipulation shall be deemed to be an order of this Bankruptcy Court and binding on the Parties and the TPC Lenders.

16. As provided in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, upon this Stipulation being so-ordered by the Bankruptcy Court, this Stipulation shall not be stayed for 14 days after its entry, and instead shall be effective immediately upon being so-ordered by the Bankruptcy Court.

17. The Parties each agree to execute all such further documents as shall be reasonably necessary, required or helpful to carry out the terms, provisions and conditions of this Stipulation.

18. The Parties agree that the Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to this Stipulation.

19. This Stipulation and the releases set forth herein are binding on all of the Parties' successors and assigns.

20. The Parties each acknowledge that they have each been represented by counsel, have jointly negotiated and prepared this Stipulation and are fully satisfied with all of its terms. In the event an ambiguity or question of intent or interpretation arises with respect to this Stipulation, this Stipulation shall be construed as if drafted by all Parties, and no presumption or

burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provision of this Stipulation.

21. This Stipulation shall be governed by and construed in accordance with the substantive law of the State of New York, without regard to the conflict of laws principles thereof.

22. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or e-mail transmission, and each of which shall be deemed an original, with the same effect as if the signature thereto were on the same instrument, and such counterparts shall be construed together as one instrument.

23. This Stipulation constitutes the entire agreement and understanding between the Parties and no Party has made any other promises to or agreements with any other Party other than those contained in this Stipulation. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

Dated: New York, NY
June 26, 2013

| *General Motors LLC* | *Wells Fargo Bank Northwest, N.A., as Agent for, and on behalf of, the TPC Lenders* |
|---|---|
| /s/ Lawrence S. Buomomo<br>Name: Lawrence S. Buomomo<br>Title: Practice Area Manager Litigation<br>General Motors Legal Staff | /s/ David Wali<br>Name: David Wali<br>Title: Vice President |

SO ORDERED this **28th** Day of **June**, 2013

                                        *s/ Robert E. Gerber*
                                        UNITED STATES BANKRUPTCY JUDGE