PRESENTMENT DATE AND TIME: August 22, 2013 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: August 22, 2013 at 11:30 a.m. (Eastern Time)

PREET BHARARA
United States Attorney for the
Southern District of New York
BY: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION
AND AGREED ORDER BETWEEN THE UNITED STATES
OF AMERICA AND GENERAL MOTORS LLC**

**PLEASE TAKE NOTICE** that the United States of America, on behalf of the United States Department of Health and Human Services (the "**United States**"), will present the annexed Stipulation and Agreed Order between the United States, and General Motors LLC (the "**Stipulation and Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 523 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on **August 22, 2013, at 12:00 noon (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent practicable, and served in accordance with General Order M-399, and on (i) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. Natalie Kuehler, Esq., and Joseph N. Cordaro, Esq.); (ii) United States Department of Health and Human Services, Office of the General Counsel – Region II, 26 Federal Plaza, Room 3908, New York, New York 10278 (Attn: Judy Wong Strobos, Esq.); (iii) Weil, Gotshal & Manges LLP, attorneys for the GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (iv) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (v) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq. and Edward Risko, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J.

2

Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (x) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xi) Gibson, Dunn, Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York, 10166 (Attn: Keith Martorana, Esq.); (xii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiii) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison

Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xiv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; and (xv) Cooley LLP, attorneys for Ronald A. Katz Technology Licensing, L.P., 1114 Avenue of the Americas, New York, New York 10036 (Attn: Ronald R. Sussman, Esq. and Richelle Kalnit, Esq.), so as to be received no later than **August 22, 2013, at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Stipulation and Order, the United States may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulation and Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
         August 8, 2013

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York

By:    s/ Joseph N. Cordaro
        JOSEPH N. CORDARO
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2745
        Facsimile: (212) 637-2686
        Email: joseph.cordaro@usdoj.gov
        *Attorney for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

## **STIPULATION AND AGREED ORDER**

It is hereby stipulated and agreed by General Motors LLC, and the United States of America (the "**United States**"), on behalf of the United States Department of Health and Human Services ("**HHS**"), by and through their respective undersigned counsel or representatives, as follows:

WHEREAS, on June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. (together with REALM and the Initial Debtors, the "**Debtors**") commenced voluntary cases under chapter 11 of the

Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on June 1, 2009, MLC filed a motion to approve the sale of substantially all of its assets pursuant to 11 U.S.C. § 363;

WHEREAS, on June 26, 2009, Initial Debtors entered into the Master Sale and Purchase Agreement By and Among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, and Chevrolet Saturn of Harlem, as Sellers, and NGMCO, Inc., as Purchaser (the "**MSPA**");

WHEREAS, on July 5, 2009, the Court approved the sale of assets to NGMCO, Inc (a/k/a Newco), later known as General Motors Company and now known as General Motors LLC ("**New GM**");

WHEREAS, pursuant to section 6.17(e) of the MSPA, New GM or its affiliates assumed certain of MLC's employee benefit plans, programs, policies, agreements or arrangements (the "**Assumed Plans**");

WHEREAS, on March 28, 2011, the Bankruptcy Court issued an order confirming Debtors' Second Amended Joint Chapter 11 Plan which, *inter alia*, established the Motors Liquidation Company GUC Trust (the "**GUC Trust**") pursuant to the MLC GUC Trust Agreement, transferred certain claims pending to the GUC Trust, and authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates;

WHEREAS, under the Medicare Retiree Drug Subsidy Program, 42 U.S.C. § 1395w-132 (the "**RDS program**"), the Centers for Medicare and Medicaid

2

Services ("**CMS**"), a component of HHS, provides sponsors of qualified retiree prescription drug plans with a subsidy payment for each qualified covered retiree covered by the plan;

WHEREAS, an entity that seeks to sponsor a plan under the RDS program must submit an application to HHS before the beginning of the plan year, and such application includes a signed sponsor agreement.  *See* 42 C.F.R. §§ 423.884(c)(5)(i) and (c)(2)(vii);

WHEREAS, a sponsor of a RDS plan may elect to receive interim subsidy payments on a monthly, quarterly or yearly basis.  *See* 42 C.F.R. § 423.888(b)(1);

WHEREAS, a sponsor of a RDS plan must submit to HHS a reconciliation of each plan year that includes the total gross covered retiree plan-related prescription drug costs, as well as actual rebate and other price concession data for the plan year, and any other data that HHS may require.  *See* 42 C.F.R. § 423.888(b)(4)(i);

WHEREAS, after reviewing the plan sponsor's reconciliation, HHS issues an initial determination regarding the amount of RDS subsidy payments due to the plan sponsor for each plan year, which may result in a determination of either an overpayment or underpayment against a plan sponsor.  *See* 42 C.F.R. §§ 423.888(b)(4)(ii) and 423.890(a);

WHEREAS, MLC sponsored certain employee benefit plans under the RDS Program for certain plan years, including 2006, 2007, 2008 and 2009 (the "**RDS Plans**");

3

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. All Claims of the United States and HHS related to the RDS Plans shall be treated as Assumed Liabilities under Section 2.3 of the MSPA.[1] Furthermore, the Parties agree that the RDS Plans shall be treated as Assumed Plans under Section 6.17(e) of the MSPA.

2. New GM agrees that it has assumed all Claims and liabilities in connection with the RDS plans.

3. New GM shall be entitled to reimbursement of any underpayment determined by CMS that would have been remitted to MLC or the GUC Trust in connection with any of the RDS Plans (the "**Underpayments**").

4. CMS shall be entitled to offset and/or recoup any liabilities in connection with the RDS Plans, including but not limited to overpayments determined by CMS in connection with the RDS Plans, against any Underpayments determined by CMS in connection with the RDS Plans.

5. New GM reserves its rights to administratively challenge the amount determined by CMS as due and owing with respect to the RDS Plans. New GM shall not challenge or disclaim its assumption of Claims and liabilities arising out of the RDS Plans pursuant to section 6.17(e) of the MSPA, or challenge CMS's right to offset and/or recoup any liabilities in connection with the RDS plans.

---

[1] For purposes of this Stipulation and Order, the term "Claims" shall have the meaning ascribed to it in the MSPA.

4

6. New GM and the United States, its agencies, departments, or agents, including but not limited to HHS and CMS, reserve all of their respective rights with respect to any right of setoff or counterclaim(s) held by the United States, its agencies, departments, or agents pursuant to 11 U.S.C. § 553 or other applicable law. Nothing in this Stipulation and Agreed Order shall discharge, release or otherwise preclude any right of setoff or recoupment that the United States, its agencies, departments or agents may possess.

7. This Stipulation and Agreed Order contains the entire agreement between the parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the parties relating hereto as it relates to the claims that are the subject matter of this agreement.

9. This Stipulation and Agreed Order may not be modified other than by signed writing executed by the parties hereto or by order of the Court.

10. Each person who executes this Stipulation and Agreed Order represents that he or she is duly authorized to do so on behalf of the respective parties hereto and that each party has full knowledge and has consented to this Stipulation and Agreed Order.

11. This Stipulation is subject to approval by the Court. In the event the Court declines to approve this Stipulation, it shall be null and void, with no effect.

5

Stipulated and Agreed:

| GENERAL MOTORS LLC | PREET BHARARA |
| --- | --- |
| | United States Attorney for the |
| | Southern District of New York |

By: __/s/ Edward W. Risko__          By: __/s/ Joseph N. Cordaro__
    EDWARD W. RISKO (P36699)          JOSEPH N. CORDARO
    Attorney                          Assistant United States Attorneys
    General Motors LLC                86 Chambers Street, 3rd Floor
    300 Renaissance Center            New York, New York 10007
    Detroit, Michigan  48265-3000     Telephone: (212) 637-2739/2745
    Telephone:  313-665-4920          Facsimile: (212) 637-2686
    Facsimile:  248-267-4268
    *Attorney for General Motors LLC*   *Attorney for the United States of America*

SO ORDERED THIS ____ DAY OF _____, 2013.

_____
HON. ROBERT E. GERBER
United States Bankruptcy Judge

6