**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

## **STIPULATION AND AGREED ORDER**

It is hereby stipulated and agreed by General Motors LLC, and the United States of America (the "**United States**"), on behalf of the United States Department of Health and Human Services ("**HHS**"), by and through their respective undersigned counsel or representatives, as follows:

WHEREAS, on June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its affiliated debtors, as debtors in possession (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. (together with REALM and the Initial Debtors, the "**Debtors**") commenced voluntary cases under chapter 11 of the

Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on June 1, 2009, MLC filed a motion to approve the sale of substantially all of its assets pursuant to 11 U.S.C. § 363;

WHEREAS, on June 26, 2009, Initial Debtors entered into the Master Sale and Purchase Agreement By and Among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, and Chevrolet Saturn of Harlem, as Sellers, and NGMCO, Inc., as Purchaser (the "**MSPA**");

WHEREAS, on July 5, 2009, the Court approved the sale of assets to NGMCO, Inc (a/k/a Newco), later known as General Motors Company and now known as General Motors LLC ("**New GM**");

WHEREAS, pursuant to section 6.17(e) of the MSPA, New GM or its affiliates assumed certain of MLC's employee benefit plans, programs, policies, agreements or arrangements (the "**Assumed Plans**");

WHEREAS, on March 28, 2011, the Bankruptcy Court issued an order confirming Debtors' Second Amended Joint Chapter 11 Plan which, *inter alia*, established the Motors Liquidation Company GUC Trust (the "**GUC Trust**") pursuant to the MLC GUC Trust Agreement, transferred certain claims pending to the GUC Trust, and authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates;

WHEREAS, under the Medicare Retiree Drug Subsidy Program, 42 U.S.C. § 1395w-132 (the "**RDS program**"), the Centers for Medicare and Medicaid

2

Services ("**CMS**"), a component of HHS, provides sponsors of qualified retiree prescription drug plans with a subsidy payment for each qualified covered retiree covered by the plan;

WHEREAS, an entity that seeks to sponsor a plan under the RDS program must submit an application to HHS before the beginning of the plan year, and such application includes a signed sponsor agreement. *See* 42 C.F.R. §§ 423.884(c)(5)(i) and (c)(2)(vii);

WHEREAS, a sponsor of a RDS plan may elect to receive interim subsidy payments on a monthly, quarterly or yearly basis. *See* 42 C.F.R. § 423.888(b)(1);

WHEREAS, a sponsor of a RDS plan must submit to HHS a reconciliation of each plan year that includes the total gross covered retiree plan-related prescription drug costs, as well as actual rebate and other price concession data for the plan year, and any other data that HHS may require. *See* 42 C.F.R. § 423.888(b)(4)(i);

WHEREAS, after reviewing the plan sponsor's reconciliation, HHS issues an initial determination regarding the amount of RDS subsidy payments due to the plan sponsor for each plan year, which may result in a determination of either an overpayment or underpayment against a plan sponsor. *See* 42 C.F.R. §§ 423.888(b)(4)(ii) and 423.890(a);

WHEREAS, MLC sponsored certain employee benefit plans under the RDS Program for certain plan years, including 2006, 2007, 2008 and 2009 (the "**RDS Plans**");

3

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. All Claims of the United States and HHS related to the RDS Plans shall be treated as Assumed Liabilities under Section 2.3 of the MSPA.[1] Furthermore, the Parties agree that the RDS Plans shall be treated as Assumed Plans under Section 6.17(e) of the MSPA.

2. New GM agrees that it has assumed all Claims and liabilities in connection with the RDS plans.

3. New GM shall be entitled to reimbursement of any underpayment determined by CMS that would have been remitted to MLC or the GUC Trust in connection with any of the RDS Plans (the "**Underpayments**").

4. CMS shall be entitled to offset and/or recoup any liabilities in connection with the RDS Plans, including but not limited to overpayments determined by CMS in connection with the RDS Plans, against any Underpayments determined by CMS in connection with the RDS Plans.

5. New GM reserves its rights to administratively challenge the amount determined by CMS as due and owing with respect to the RDS Plans. New GM shall not challenge or disclaim its assumption of Claims and liabilities arising out of the RDS Plans pursuant to section 6.17(e) of the MSPA, or challenge CMS's right to offset and/or recoup any liabilities in connection with the RDS plans.

---

[1] For purposes of this Stipulation and Order, the term "Claims" shall have the meaning ascribed to it in the MSPA.

6. New GM and the United States, its agencies, departments, or agents, including but not limited to HHS and CMS, reserve all of their respective rights with respect to any right of setoff or counterclaim(s) held by the United States, its agencies, departments, or agents pursuant to 11 U.S.C. § 553 or other applicable law. Nothing in this Stipulation and Agreed Order shall discharge, release or otherwise preclude any right of setoff or recoupment that the United States, its agencies, departments or agents may possess.

7. This Stipulation and Agreed Order contains the entire agreement between the parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the parties relating hereto as it relates to the claims that are the subject matter of this agreement.

9. This Stipulation and Agreed Order may not be modified other than by signed writing executed by the parties hereto or by order of the Court.

10. Each person who executes this Stipulation and Agreed Order represents that he or she is duly authorized to do so on behalf of the respective parties hereto and that each party has full knowledge and has consented to this Stipulation and Agreed Order.

11. This Stipulation is subject to approval by the Court. In the event the Court declines to approve this Stipulation, it shall be null and void, with no effect.

Stipulated and Agreed:

| | |
|---|---|
| GENERAL MOTORS LLC | PREET BHARARA<br>United States Attorney for the<br>Southern District of New York |
| By: /s/ Edward W. Risko<br>EDWARD W. RISKO (P36699)<br>Attorney<br>General Motors LLC<br>300 Renaissance Center<br>Detroit, Michigan  48265-3000<br>Telephone:  313-665-4920<br>Facsimile:  248-267-4268<br>*Attorney for General Motors LLC* | By: /s/ Joseph N. Cordaro<br>JOSEPH N. CORDARO<br>Assistant United States Attorneys<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Telephone: (212) 637-2739/2745<br>Facsimile: (212) 637-2686<br>*Attorney for the United States<br>of America* |

SO ORDERED THIS **23rd** DAY OF ***August***, 2013.

*s/ Robert E. Gerber*
HON. ROBERT E. GERBER
United States Bankruptcy Judge

6