**HEARING DATE AND TIME: October 9, 2013 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 2, 2013 at 4:00 p.m. (Eastern Time)**

> **THIS NOTICE CONCERNS AN OBJECTION THAT SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THE OBJECTION TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIMS.**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                    Debtors.                                :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

# NOTICE OF 290TH OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims)

      **PLEASE TAKE NOTICE** that on August 27, 2013, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (the "**Plan**"), filed the annexed omnibus objection (the "**Objection**") to disallow and expunge the Duplicate Debt Claims (as defined in the Objection), all as more fully set forth in the Objection, and a hearing to consider the Objection will be held before the Honorable

Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 9, 2013 at 9:45 a.m. (Eastern Time)**.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, 3 Times Square, New York, New York 10036 (Attn: Conor Tully); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the

Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **October 2, 2013 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
August 27, 2013

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
 Company GUC Trust

4

**HEARING DATE AND TIME:** October 9, 2013 at 9:45 a.m. (Eastern Time)
**RESPONSE DEADLINE:** October 2, 2013 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
  Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                         :    Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    **09-50026 (REG)**
      f/k/a General Motors Corp., *et al.*        :
                                                            :
                        Debtors.             :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

# 290TH OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims)

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS SHOULD READ THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

### Relief Requested

1. The GUC Trust files this Objection pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing and expunging the claims (the "**Duplicate Debt Claims**") listed on **Exhibit "A"** annexed hereto. The Duplicate Debt Claims assert liabilities on account of a beneficial interest in either the Deutsche Debt or the Wilmington Trust Debt (each as defined herein),[1] which are debt securities that were issued by the Debtors prior to the commencement of these chapter 11 cases.

2. The disallowance of the Duplicate Debt Claims is appropriate at this time. The Duplicate Debt Claims are either duplicative of a global proof of claim filed on behalf of all holders of the applicable debt securities, or, duplicative of the aggregate amount already allowed pursuant to the Plan on account of the applicable debt securities. In fact, holders of the Duplicate

---

[1] The Deutsche Debt were issued pursuant to the *Fiscal and Paying Agency Agreement*, dated as of July 3, 2003, by and among General Motors Corporation, as issuer, Deutsche Bank AG London, as fiscal agent, and Banque Générale du Luxembourg S.A., as paying agent.

The Wilmington Trust Debt were issued pursuant to (i) the *Indenture*, dated as of November 15, 1990, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., and (ii) the *Indenture*, dated as of December 7, 1995, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A.

This Court has previously granted omnibus objections filed by the Debtors' estates as to the Deutsche Debt and the Wilmington Trust Debt. *See, e.g.* ECF Nos. 9705, 9706, 9707, and 11193.

US_ACTIVE:\44314546\4\72240.0639

Debt Claims should have already received their distributions on account of such claims through the applicable indenture trustee or clearing agency.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4. On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), which cases are jointly administered under Case Number 09-50026 (REG).

**A.    The Deutsche Debt**

5. Prior to the Commencement Date, pursuant to that certain *Fiscal and Paying Agency Agreement*, dated as of July 3, 2003, by and among General Motors Corporation, as issuer, Deutsche Bank AG London, as fiscal agent, and Banque Générale du Luxembourg S.A., as paying agent (the "**Deutsche Fiscal and Paying Agency Agreement**"), the Debtors issued €1,000,000,000 of 7.5% unsecured notes due 2013 and €1,500,000,000 of 8.375% unsecured notes due 2033 (collectively, the "**Deutsche Debt**").

6. There is no indenture trustee representing the holders of the Deutsche Debt in these chapter 11 cases. Nevertheless, the Debtors' Plan provides for the allowance of a

2

claim based on the Deutsche Fiscal and Paying Agency Agreement in the amount of $3,770,634,476, which is equal to outstanding principal plus accrued and unpaid interest as of, and based on the currency conversation rate on, the Commencement Date.

7. The Plan further provides that the claim allowed pursuant to the Plan overrides and supersedes any individual claims filed by beneficial holders of the Deutsche Debt. Specifically, Section 4.3(f) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*," provides in pertinent part:

> The Eurobond Claims under (i) [the Deutsche Fiscal and Paying Agency Agreement] shall be Allowed in the amount of $3,770,634,476 and (ii) that certain Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors Corporation and Credit Suisse, shall be Allowed in the amount of $15,745,690 (together, the **Fixed Allowed Eurobond Claims**"). The Fixed Allowed Eurobond Claims shall override and supersede any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Eurobond Claims.

**B.     The Wilmington Trust Debt**

8. Prior to the Commencement Date, the Debtors issued certain debentures and notes (collectively, the "**Wilmington Trust Debt**") pursuant to the following indentures:

(i) the Indenture, dated as of November 15, 1990, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., as such Indenture may have been amended, supplemented, or modified (the "**1990 Indenture**"), pursuant to which (a) $299,795,000 of 9.40% Debentures due July 15, 2021 were issued on July 22, 1991, (b) $600,000,000 of 8.80% Notes due March 1, 2021 were issued on March 12, 1991, (c) $500,000,000 of 7.40% Debentures due September 1, 2025 were issued on September 11, 1995, (d) $15,000,000 of 9.40% Medium Term Notes due July 15, 2021 were issued on July 22, 1991, and (e) $48,175,000 of 9.45% Medium Term Notes due November 1, 2011 were issued on December 21, 1990, and

(ii) the Indenture, dated as of December 7, 1995, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., as such Indenture may have been amended, supplemented, or modified (the "**1995 Indenture**"), pursuant to which (a) $377,377,000 of 7.75% Discount Debentures due March 15, 2036 were issued on March 20, 1996, (b) $500,000,000 of 7.70% Debentures due April 15, 2016 were

3

issued on April 15, 1996, (c) $400,000,000 of 8.10% Debentures due June 15, 2024 were issued on June 10, 1996, (d) $600,000,000 of 6.75% Debentures due May 1, 2028 were issued on April 29, 1998, (e) $1,500,000,000 of 7.20% Notes due January 15, 2011 were issued on January 11, 2001, (f) $575,000,000 of 7.25% Quarterly Interest Bonds due April 15, 2041 were issued on April 30, 2001, (g) $718,750,000 of 7.25% Senior Notes due July 15, 2041 were issued on July 9, 2001, (h) $690,000,000 of 7.375% Senior Notes due October 1, 2051 were issued on October 3, 2001, (i) $875,000,000 of 7.25% Senior Notes due February 15, 2052 were issued on February 14, 2002, (j) $1,150,000,000 of 4.50% Series A Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (k) $2,600,000,000 of 5.25% Series B Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (l) $1,115,000,000 of 7.375% Senior Notes due May 15, 2048 were issued on May 19, 2003, (m) $425,000,000 of 7.375% Senior Notes due May 23, 2048 were issued on May 23, 2003, (n) $3,000,000,000 of 8.375% Senior Debentures due July 15, 2033 were issued on July 3, 2003, (o) $4,300,000,000 of 6.25% Series C Convertible Senior Debentures due July 15, 2033 were issued on July 2, 2003, (p) $1,250,000,000 of 8.250% Senior Debentures due July 15, 2023 were issued on July 3, 2003, (q) $1,000,000,000 of 7.125% Senior Notes due July 15, 2013 were issued on July 3, 2003, (r) $ 720,000,000 of 7.50% Senior Notes due July 1, 2044 were issued on June 30, 2004, and (s) $1,500,000,000 of 1.50% Series D Convertible Senior Debentures due June 1, 2009 were issued on May 31, 2007.

9. Wilmington Trust Company ("**WTC**"), in its capacity as successor indenture trustee, filed global proofs of claim in these chapter 11 cases on account of all holders of the Wilmington Trust Debt issued under the 1990 Indenture and the 1995 Indenture, pursuant to Claim No. 65793 and Claim No. 65729, respectively.

10. The amounts asserted by WTC in Claim No. 65793 and Claim No. 65729 have been allowed under a stipulation between the Debtors, WTC, and Citibank, N.A., in its capacity as paying agent ("**Citibank**"), which was approved by this Court on August 9, 2010 (the "**WTC Stipulation**") (ECF No. 6595). Pursuant to the WTC Stipulation, Claim No. 65793 was allowed in the amount of $1,419,471,545.22 and Claim No. 65729 was allowed in the amount of $21,928,183,895.36.[2]

---

[2] After the entry of the WTC Stipulation, WTC, Citibank (as defined below), and the Debtors have agreed to modify the amounts asserted by WTC in Claim 65793 and Claim 65729 to exclude the applicable original initial discount

11. Moreover, Section 4.3(e) of the Plan provides in pertinent part that:

> The [Wilmington Trust Debt claims] shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**"). The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims. For the avoidance of doubt, the terms of any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of debt securities with respect to the Note Claims shall continue in full force and effect except with respect to the Allowed amount of the Note Claims contained therein. Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

### The Duplicate Debt Claims Should be Disallowed

12. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley,* 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993).

13. The Duplicate Debt Claims assert liabilities that are duplicative of the amounts already allowed under Section 4.3(e)-(f) of the Plan on behalf of all holders those debt securities. Holders of the Duplicate Debt Claims, to the extent they are beneficial holders of either the Wilmington Trust Debt or the Deutsche Debt as of the record date under the Debtors' Plan, should have already received distributions from, respectively, (i) WTC in its capacity as indenture trustee, or (ii) Euroclear Bank or another clearing agency after surrendering their

---

attributable to each debt instrument. The total allowed amounts have been revised and reflected in the Debtors' Plan.

5

securities to Deutsche Bank AG London, in its capacity as the fiscal and paying agent under the Deutsche Fiscal and Paying Agency Agreement.

## Notice

14.     Notice of this Objection has been provided to parties in interest in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 (ECF No. 10183).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

## Conclusion

WHEREFORE the GUC Trust respectfully requests entry of an order disallowing the Duplicate Debt Claims in their entirety and such other and further relief as is just.

Dated: New York, New York
       August 27, 2013

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
   Company GUC Trust

6

HEARING DATE AND TIME: October 9, 2013 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 2, 2013 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re** : Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
:
                Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

# ORDER GRANTING 290TH OMNIBUS OBJECTION TO CLAIMS
## (Duplicate Debt Claims)

Upon the *290th Omnibus Objection to Claims,* dated August 27, 2013 (the "**Objection**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (the "**Debtors**") in connection with the *Debtors' Second Amended Joint Chapter 11 Plan*, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), seeking the entry of an order disallowing and expunging the Duplicate Debt Claims, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

US_ACTIVE:\44314546\4\72240.0639

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Duplicate Debt Claims listed on **Exhibit** "**A**" annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2013

_____
United States Bankruptcy Judge

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BODI STIFTUNG<br>RUBRIK A<br>KIRCHSTRASSE 39<br>FL 9490 VADUZ LIECHTENSTEIN | 60026 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$26,923.00 (U)<br>$26,923.00 (T) | Duplicative | Pgs. 1-6 |
| JOSEF SCHMIDSEDER<br>KIRCHPLATZ 1<br>84389 POSTMUNSTER GERMANY | 64333 | Motors Liquidation Company | Unliquidated | Duplicative | Pgs. 1-6 |
| ROBERT KEIGHLEY<br>BANK OF MELLON TTEE<br>KOCH INDUSTRIES SAVINGS PLAN<br>626 Normans Lane<br>Newark, DE 19711-3046 | 71286 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$382,500.00 (U)<br>$382,500.00 (T) | Duplicative | Pgs. 1-6 |
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | **3** | | **$0.00** (S)<br>**$0.00** (A)<br>**$0.00** (P)<br>**$409,423.00** (U)<br>**$409,423.00** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.