**PRESENTMENT DATE AND TIME:** October 1, 2013 at 12:00 noon (Eastern Time)
**OBJECTION DEADLINE:** September 30, 2013 at 4:00 p.m. (Eastern Time)

Wendy S. Walker
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Attorneys for Toyota Motor Sales, U.S.A., Inc.
and TRD U.S.A., Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                                              :       **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*         :       **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                     :
:
                        Debtors.                                        :       **(Jointly Administered)**
:
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED
ORDER RESOLVING CLAIM NOS. 1269, 1272 AND 20951 FILED
BY TOYOTA MOTORS SALES, U.S.A., INC. AND TRD, U.S.A., INC.**

**PLEASE TAKE NOTICE** that the annexed *Stipulation and Agreed Order Resolving Claim Nos. 1269, 1272 and 20951 Filed by Toyota Motor Sales, U.S.A., Inc. and TRD, U.S.A., Inc.,* dated September 18, 2013, by and among the Motors Liquidation Company GUC Trust (the "GUC Trust") and Toyota Motor Sales, U.S.A., Inc. ("TMS/USA") and TRD, U.S.A., Inc. ("TRD" and, together with TMS/USA, the "Claimants,"), will be presented to the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 1, 2013 at 12:00 noon (Eastern Time)**.

DB1/ 75835915.1

**PLEASE TAKE FURTHER NOTICE** that any objections to the stipulation and agreed order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o AlixPartners, 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201 (Attn: Barry Folse); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for the United States Department of the Treasury, One World Financial Center, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Douglas R. Davis, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, 3 Times Square, New York, New York 10036 (Attn: Conor Tully); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **September 30, 2013 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the stipulation and agreed order, either the Claimants or the GUC Trust may, on or after the Response Deadline, submit the stipulation and agreed order to the bankruptcy court to be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
        September 20, 2013

        /s/ Wendy S. Walker
Wendy S. Walker

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060

Attorneys for Toyota Motor Sales, U.S.A., Inc.
 and TRD U.S.A., Inc.

**MORGAN LEWIS & BOCKIUS LLP**
**101 Park Avenue**
**New York, NY 10178**
**Wendy S. Walker**
**Telephone:    212-309-6000**
**Facsimile:    212-309-6001**

*Attorneys for Toyota Motor Sales, U.S.A., Inc.*
*and TRD, U.S.A., Inc.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOTORS LIQUIDATION COMPANY, et al., | ) Case No. 09-50026 (REG) |
| f/k/a General Motors Corp., et al., | ) |
| | ) |
| Debtors. | ) Jointly Administered |

**STIPULATION AND AGREED ORDER**
**RESOLVING CLAIM NOS. 1269, 1272 AND 20951 FILED**
**BY TOYOTA MOTORS SALES, U.S.A., INC. AND TRD, U.S.A., INC.**

This Stipulation and Agreed Order (the "Stipulation") is entered into as of August __, 2013 by and among the Motors Liquidation Company GUC Trust ("GUC Trust"), Toyota Motor Sales, U.S.A., Inc. ("TMS/USA") and TRD, U.S.A., Inc. ("TRD" and, together with TMS/USA, the "Claimants," and, collectively with the GUC Trust, the "Parties"), on the other hand.

**RECITALS**:

WHEREAS, on June 1, 2009 (the "Petition Date"), Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") and certain of its affiliated debtors, as debtors in possession (collectively, the "Debtors"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 09-50026 (REG);

WHEREAS, MLC has alleged that, as of the Petition Date, MLC and TMS/USA were parties to a certain agreement and/or purchase order for the supply of service parts for GM-

badged vehicles built by New United Motor Manufacturing, Inc. (the "Prepetition Supply Agreement");

WHEREAS, on or about June 5, 2009 and June 15, 2009, the Debtors served certain parties with a *Notice of (I) Debtors' Intent to Assume and Assign Executory Contracts, Unexpired Leases of Non Residential Real Property and (II) Cure Amounts Related Thereto* (together, the "Assumption Notices") pursuant to which the Debtors sought to assume, among others, the Prepetition Supply Agreement and to assign it to New GM (defined below);

WHEREAS, on June 12, 2009, in response to the June 5, 2009 Assumption Notice, TMS/USA timely filed and served the *Objection of Toyota Motor Sales USA to Debtors' Motion, Inter Alia, to Assume and Assign Certain Executory Contracts* [Docket No. 863] (the "First Assumption Objection").

WHEREAS, on June 25, 2009, in response to the June 15, 2009 Assumption Notice, Claimants filed and served the *Supplemental Objection and Reservation of Rights of Toyota Motor Sales, U.S.A., Inc. and TRD, U.S.A. Inc. to Debtors' Motion, Inter Alia, to Assume and Assign Certain Executory Contracts and to Cure Amounts* [Docket No. 2516] (together with the First Assumption Objection, the "Assumption Objections"). No hearing has been held on the Assumption Objections.

WHEREAS, on July 5, 2009, the Court entered the *Order (i) Authorizing the Sale of Assets Pursuant to the Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (iii) Granting Related Relief* [Docket No. 2968] (the "Sale Order") pursuant to which the

Court authorized the sale of substantially all assets of the Debtors to General Motors, LLC ("New GM").

WHEREAS, on September 16, 2009, the Court entered the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure Establishing the Deadline for Filing Proofs of Claim (Including Claims under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof* [Docket No. 4079] (the "Bar Date Order") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Debtors based on prepetition claims;

WHEREAS, in compliance with the Bar Date Order and certain other orders, TMS/USA timely filed proofs of claim nos. 1269, 1270, 1272 and 20951 (collectively, the "Claims"), asserting administrative claims under Bankruptcy Code §503(b)(9) and general unsecured prepetition claims;

WHEREAS, on October 29, 2009, the Debtors filed and served the *Debtors' Objection to Certain 503(b)(9) Claims Under the Order Pursuant to 11 U.S.C. §§105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. §503(b)(9)* [Docket No. 4312] (the "503(b)(9) Objection");

WHEREAS, on November 5, 2009, TMS/USA filed and served the *Response of Toyota Motor Sales, U.S.A., Inc. to Debtors Objection to Certain 503(b)(9) Claims Under the Order Pursuant to 11 U.S.C. §§105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. §503(b)(9)* [Docket No. 4374]. No hearing has been held on the response of TMS/USA to the 503(b)(9) Objection.

WHEREAS, on December 8, 2009, the Debtors filed and served the *Debtors' Third Omnibus Objection to Claims (Duplicate Claims)* [Docket No. 4624] pursuant to which the Debtors objected to Claim No. 1270;

WHEREAS, on January 14, 2010, the Court entered the *Order Granting Debtors' Third Omnibus Objection to Claims (Duplicate Claims)* [Docket No. 4808] pursuant to which Claim No. 1270 was expunged and Claim No. 1272 survived;

WHEREAS, except as set forth herein, no other objections have been filed with respect to the Claims and Claim Nos. 1269, 1272 and 20951 remain on the claims register as timely filed against MLC;

WHEREAS, on March 28, 2011, the Court entered its *Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan* [Docket No. 9941], which, among other things, confirmed MLC's and its affiliated debtors' *Second Amended Joint Chapter 11 Plan* (the "Plan") and established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement;

WHEREAS, pursuant to the Plan, the GUC Trust is authorized on behalf of the Debtors' estates to resolve the Claims and to withdraw the Assumption Notices and the 503(b)(9) Objection;

WHEREAS, TMS/USA and General Motors Company (a purchaser or affiliate of New GM) are in negotiations concerning a certain Service Parts Supply and Purchase Agreement (the "New Supply Agreement");

WHEREAS, in connection with the negotiations concerning the New Supply Agreement, New GM (or an affiliate of New GM) has paid to Claimants the sum of $300,600.74 (the "Payment"); and

WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Claims and the 503(b)(9) Objection.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. This Stipulation shall become effective upon the date (the "Effective Date") on which the following conditions have been satisfied: (i) the Stipulation has been executed by the Parties, (ii) the Court shall have entered an order approving this Stipulation, and (iii) such order shall have become final and non-appealable. If any of the foregoing conditions to the effectiveness of this Stipulation shall fail to occur by November 1, 2013 due to a reason other than the breach of this Stipulation by one of the Parties, then this Stipulation shall be null and void and shall not be referred to or used for any purpose by any party in the Debtors' cases or in any other forum.

2. As of the Effective Date:

    (a) the 503(b)(9) Objection shall be deemed withdrawn as to the Claimants with prejudice; and

    (b) the Claims shall be deemed withdrawn with prejudice.

3. The GUC Trust shall not object to the retention by the Claimants of the Payment from New GM or the application of the Payment by the Claimants for any purpose. In the event that New GM requests that the Assumption Notices be withdrawn as to the Claimants, (i) the GUC Trust shall cooperate with New GM to withdraw the Assumption Notices as to the

Claimants, and (ii) the Claimants shall have the right to file a motion in the Bankruptcy Court to seek the withdrawal of the Assumption Notices as to the Claimants.  In accordance with Paragraphs 5 and 6 hereto, the withdrawal of the Assumption Notices as to the Claimants shall not give rise to any claim, or result in the retention of any claim, between the Toyota Parties (as hereinafter defined) and the Debtor Parties (as hereinafter defined).

4. For the avoidance of doubt, the Parties acknowledge and agree that this Stipulation, the terms hereof or any negotiations or proceedings in connection herewith shall not (i) be construed as evidence or an admission of liability on the part of any Party or evidence of any liability or wrongdoing, or (ii) constitute an admission or determination with respect to (w) whether the Prepetition Supply Agreement constitutes a binding agreement between TMS/USA and any of the Debtor Parties (defined below), (x) whether there existed any binding agreement between TMS/USA and any of the Debtor Parties, (y) whether the Prepetition Supply Agreement is an executory contract, or (z) whether the Prepetition Supply Agreement, or any other purported contract, has been assumed and assigned to New GM.  The Parties reserve all of their rights in respect of the foregoing, *provided that*, in accordance with Paragraphs 5 and 6 hereto, the reservation of such rights shall not give rise to any claim, or result in the retention of any claim, between the Toyota Parties and the Debtor Parties.

5. Effective as of the Effective Date, TMS/USA, TRD and their respective successors and assigns, members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Toyota Parties"), hereby release, settle, waive, relinquish, void and fully discharge the Debtors, the GUC Trust, their estates, successors or assigns, and each of their respective members, officers, directors, partners, principals, agents, insurers, servants,

employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Debtor Parties") from any and all actions, causes of action, liabilities, obligations, rights, suits, damages, judgments, claims and demands whatsoever, whether known or unknown, existing or hereafter arising in law, equity or otherwise, *provided*, *however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release (i) the Debtor Parties from their obligations under this Stipulation, or (ii) New GM, General Motors Company or any of their respective affiliates, successors or assignees from their obligations under the New Supply Agreement.

6. Effective as of the Effective Date, the Debtor Parties hereby release, settle, waive, relinquish, void and fully discharge the Toyota Parties from any and all actions, causes of action, liabilities, obligations, rights, suits, damages, judgments, claims and demands whatsoever, whether known or unknown, existing or hereafter arising in law, equity or otherwise, including, without limitation, in relation to the Prepetition Supply Agreement, the Claims, the 503(b)(9) Objection, the Payment and any action pursuant to Bankruptcy Code §§544, 545, 547, 548, 549, 550 or 551, *provided however*, that, notwithstanding the foregoing, nothing contained herein shall waive or release the Toyota Parties from obligations under this Stipulation.

7. In connection with the releases set forth in the foregoing paragraphs 5 and 6, the Toyota Parties and the Debtor Parties expressly waive any and all rights conferred by the provisions of Section 1542 of the California Civil Code (or any such similar provision under any other state's law). The Toyota Parties and the Debtor Parties hereto understand and acknowledge the significance and consequence of their waiver of Section 1542 of the California Civil Code, as well as any other federal or state statute or common law principle of similar effect, and acknowledge that this waiver is a material inducement to and consideration for each

Toyota Party's and each Debtor Party's execution of this Stipulation. California Civil Code Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

8. Upon the execution of this agreement, the Parties shall cooperate to obtain the approval of this Stipulation by the Court.

9. The claims agent in the Debtors' chapter 11 cases shall be authorized and empowered to adjust the claims register according to this Stipulation.

10. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by order of the Court.

11. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

12. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

13. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain jurisdiction over any and all disputes arising out of this Stipulation.

| | |
|---|---|
| **MOTORS LIQUIDATION COMPANY GUC TRUST** by Wilmington Trust Company, not in its individual capacity, but solely as the Motors Liquidation Company GUC Trust Administrator | **TOYOTA MOTOR SALES, U.S.A., INC. and TRD, U.S.A., INC.** |
| By: /s/ Beth Andrews<br>Name: Beth Andrews<br>Title: Assistant Vice President<br>Dated: August 30, 2013 | By: /s/ Fletcher Davidson<br>Name: Fletcher Davidson<br>Title: Group VP Product Support<br>Dated: September 4, 2013 |

Dated: New York, New York
September __, 2013

SO ORDERED

_____
United States Bankruptcy Judge