*[Handwritten annotation:] Relief sought in bracketed portions of pp 2-3, and otherwise as sought in this letter denied, for failure to articulate a prima facie entitlement to relief.*
*S/REG*
*USBJ*
*9/23/2013*

Barry Spencer II
A121687
1 Administration Road
Bridgewater, MA 02324

RE:   In re Motor Liquidation Co.,
      Chapter 11 No. 09-50026 (REG)

Judge Robert Gerber
United States Southern District
of New York Bankruptcy Court
One Bowling Green
Court Room 523
New York, NY 1004-1408

Dear Honorable Gerber,

   I am Barry Spencer II, a constitutionally protected Creditor (unsecured) with a bodily injury and product liability settlement of $200,000.00 US due to the settlement agreement reached between Myself and Motor Liquidation Company. As you know, I was forced into the Bankruptcy and my Settlement was made victim of the Second Plan adopted by You on March 30, 2011, explained in your Ruling In re Motor Liquidation Co., 447 B.R. 198, 2011 LEXIS 684; 54 Bankr.Ct Dec 126.

   I have received a pro rata share of the $200,000.00 settlement so far totaling about $39,000.00 worth of GM Securities, that had to be liquidated for Bills, Living Expenses, and other, especially without employment and lack of a good CORI.

   Presently, I am in Economic Duress and Hardship and in need of my Property Interest, since Motor Liquidation by way of the GUC Trust has put aside the sum of allowed claims and disputed ones on the assumption they will

1

will be allowed. The problem is the "Plan" has no **SET DATE** that will resolve any and all claims held by the Trust Administrator, albeit, the Trust Administrator Wilmington Trust has the discretion to release the Securities or by order from this court.

The Trust does not allow for regular disbursements, thus hindering me to Pay for Legal Representation in several Court cases, USA vs Barry Spencer, 13-cr-10196 RWZ District of Massachusetts; Commonwealth of Massachusetts vs Barry Spencer, Suffolk Superior Court SUCR2006- 10731 and SUCR2011-400100, and a US Writ of Habeas Corpus, the point is you get what you pay for and I would fell better knowing I am paying for my Six Amendment Right instead of having to proceed indigent which I am due to not being the Holder in due Course of My Constitutional interest. I have no choice but to file Bankrupt, sue for ...or other.

This comes to the Point of when I attempted to end the settlement agreement, You denied me and would not allow it, nor allow me to be a Secured Creditor and receive my sum in full as any Bodily Injury or Product Liability Settlement should be other creditor received theres, there must be some Fraud, or UCCC or Collection of a Fair Debt violation.

I ask you ORDER the Wilmington Trust to disburse

2

my property interest so I may be able to utilize it for for my expenses in the following cases, Spencer v State of Massachusetts, 1?13-cv-11922 (Habeas Corpus) and collateral attacks Spencer v Dookhan, SUCV2013-02122 and Spencer v Dookhan, US District Court Massachusetts 1?13-cv-11431, all of which are being done Pro se due to tack of funds.

I request a prompt so I can make the proper decisions to protect Me, Myself and I, I am just a travelling man trying to find some light.

Respectfully,

Barry Spencer II

Cc    File

Wilmington Trust (Trust Administratot)
Rodney Square North, 1100 North Market Street
Wilmington, DE 19890-0001

3

UNITED STATES SOUTHERN DISTRICT COURT

NEW YORK BANKRUPTCY COURT

No. Chapter 11 09-50026(REG)

In re Motor Liquidation Company

Debtor

vs

Barry Spencer II

Creditor

MOTION TO SURRENDER SETTLEMENT

Now comes the Creditor and hereby moves this Honorable Court to ORDER the Trust Administrator of the GUC Trust to hereby surrender the entire remaining settlement for his portion of the GUC Trust, due to his present Economic Duress and Hardship, expressed in his letter to the Court, this in no way prejudices the Debtor, where as they have Securities for the full amount of the allowed and disputed claims, and the pro rata distributions are not made in a timely fashion, e.g. monthly, bi-monthly or quarterly,

Further the March 30, 2011 Plan makes no active contingencies made for the ending of all claims disputed, thus , allowing the payment of the allowed claims in Full here has created an athmosphere of Fruad, rescession or other pursuant to section 510(b) and other

Respectfully submitted,
Barry Spencer II

A121687
1 Administration Road
Bridgewater, MA 02324

Dated September 9, 2013