**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Ada V. Añon
E-Mail: sreisman@curtis.com
        tfoudy@curtis.com
        aanon@curtis.com

*Counsel for dbX – Risk Arbitrage 1 Fund,*
*Lyxor/Paulson International Fund Limited,*
*Paulson Enhanced Ltd., Paulson International Ltd.,*
*Paulson Partners Enhanced, L.P., and*
*Paulson Partners L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
                                                              :
In re:                                                        :        Chapter 11
                                                              :
MOTORS LIQUIDATION COMPANY, *et al.,*                         :        Case No.: 09-50026 (REG)
f/k/a General Motors Corporation, *et al.,*                   :
                                                              :        (Jointly Administered)
                                  Debtors.                    :
                                                              :
----------------------------------------------------------------------x
                                                              :
  MOTORS LIQUIDATION COMPANY GUC TRUST,                       :
                                                              :        Adversary Proceeding
                                  Plaintiff,                  :        Case No.: 12-09802
                                                              :
                  v.                                          :
                                                              :
APPALOOSA INVESTMENT LIMITED                                  :
PARTNERSHIP I; *et al.,*                                      :
                                                              :
                                  Defendants.                 :
                                                              :
----------------------------------------------------------------------x

*16370666*

**NOTICE OF MOTION OF THE PAULSON NOTEHOLDERS
PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND 105 FOR ALLOWANCE
OF LIMITED PAYMENT OF PROFESSIONAL FEES AND EXPENSES
INCURRED BY THE GM NOVA SCOTIA TRUSTEE IN CONNECTION
<u>WITH SETTLEMENT AND REQUEST FOR EXPEDITED TREATMENT</u>**

**PLEASE TAKE NOTICE** that the following owners of certain 8.375% guaranteed

notes due December 7, 2015, and 8.875% guaranteed notes due July 10, 2023 (collectively, the

"**Notes**"), issued by General Motors Nova Scotia Finance Company ("**GM Nova Scotia**"):  (1)

dbX – Risk Arbitrage 1 Fund, (2) Lyxor/Paulson International Fund Limited, (3) Paulson

Enhanced Ltd., (4) Paulson International Ltd., (5) Paulson Partners Enhanced, L.P., and (6)

Paulson Partners L.P., which are investment funds or accounts managed by Paulson & Co. Inc.

(collectively, the "**Paulson Noteholders**"); hereby file the *Motion of the Paulson Noteholders*

*Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 105 for Allowance of Limited Payment of*

*Professional Fees and Expenses Incurred by the GM Nova Scotia Trustee in Connection with*

*Settlement and Request for Expedited Treatment* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that by the Motion, the Paulson Noteholders

request, for the benefit of all holders of Notes, the allowance of a $1.5 million claim to pay a

portion of the professional fees and expenses (the "**GM Nova Scotia Trustee Expenses**")

incurred by Green Hunt Wedlake, Inc. ("**Green Hunt Wedlake**"), as Trustee of GM Nova Scotia

(the "**GM Nova Scotia Trustee**"), in negotiating and implementing a global settlement between

the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), the GM Nova Scotia Trustee,

General Motors, LLC ("**New GM**"), and certain holders of the Notes, including Elliott

Management Corporation, Fortress Investment Group, LLC, Morgan Stanley & Co. International

plc, Drawbridge DSO Securities LLC, Drawbridge OSO Securities LLC, FCOF UB Securities

LLC, Elliott International LP, The Liverpool Limited Partnership, and the Paulson Noteholders

16370666

(collectively, the "**Settlement Noteholders**"). That global settlement, if approved by the Court pursuant to the *Motors Liquidation Company GUC Trust's Motion for Entry of Order Pursuant to Sections 105, 363 and 1142 of the Bankruptcy Code and Bankruptcy Rules 3020 and 9019 Approving Global Settlement of GUC Trust's Objections and Adversary Proceeding Relating to Nova Scotia Notes, Among Other Matters* [Bankr. Dkt. No. 12512] (the "**Rule 9019 Motion**"), will have resolved, among other things:

(i)    *Motors Liquidation Co. v. Appaloosa Investment Ltd. P'ship I*, Adv. Pro. Case No. 12-09802 (the "**Adversary Proceeding**");

(ii)   *Official Committee of Unsecured Creditors' Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief* [Bankr. Dkt. No. 6248], and the *Official Committee of Unsecured Creditors' First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief* [Bankr. Dkt. No. 7859] (collectively, the "**Claims Objection**");

(iii)  *Motors Liquidation Company GUC Trust's Motion and Incorporated Memorandum of Law for Relief Under Rule 60(b) of the Federal Rules of Civil Procedure Made Applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure* [Bankr. Dkt. No. 12419, Adv. Pro. Dkt. No. 217] (the "**Rule 60(b) Motion**"); and

(iv)   Proof of Claim Number 71111 filed by New GM for administrative expenses associated with the Adversary Proceeding, the Claims Objection, and the Rule 60(b) Motion.

Without the relief requested herein, the GM Nova Scotia Trustee Expenses incurred in connection with obtaining and consummating the settlement will be borne entirely by the holders of Notes.

**PLEASE TAKE FURTHER NOTICE** that this Motion seeks expedited treatment of this Motion, in accordance with the procedures identified in the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, entered May 5, 2011 [Bank. Dkt. No. 10183] ("**Case**

16370666

**Management Order**") for filing motions requiring expedited relief, and a reduction in the

required notice period, pursuant to Federal Rule of Bankruptcy Procedure 9006(c).

      **PLEASE TAKE FURTHER NOTICE** that a hearing date will be fixed to

consider this Motion on October 21, 2013 at 2:00 p.m. concurrently with the Rule 9019 Motion

and will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in

Room 621 of the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York 10004.

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Dickstein Shapiro LLP, attorneys

for the GUC Trust, 1633 Broadway, New York, New York, 10019-6708 (Attn:  Barry N. Seidel,

Esq., and Eric. B. Fisher, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South

Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009; (iii) General Motors, LLC,

400 Renaissance Center, Detroit, Michigan 48265 (Attn:  Lawrence S. Buonomo, Esq.); (iv)

Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for the United States Department of

the Treasury, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn:  Douglas

Davis, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW,

16370666

Room 2312, Washington, D.C. 20220 (Attn: Jonathan Pacheco, Esq.); (vi) Vedder Price, P.C.,

attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York

10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin

Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177

Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq.,

Robert Schmidt, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee

for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York

10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers

Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie

Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys

for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust

Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York,

New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust

Monitor and as the Avoidance Action Trust Monitor, Three Times Square, New York, New

York 10036 (Attn: Conor Tully); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing

Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New

16370666

York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as

the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703; (xvi)

Curtis, Mallet-Prevost, Colt & Mosle LLP, attorneys for the Paulson Noteholders, 101 Park

Avenue, New York, New York 10178-0061 (Attn:  Steven J. Reisman, Esq. and Theresa A.

Foudy, Esq.); (xvii) Greenberg Traurig, LLP, attorneys for Elliott Management Corp., Fortress

Credit Opportunities Advisers LLC, and Morgan Stanley & Co. International plc, 200 Park

Avenue, New York, NY 10166 (Attn:  Bruce Zirinsky, Esq., Gary Ticoll, Esq., Kevin Finger,

Esq., and Bevin Brennan, Esq.); (xviii) Akin Gump Strauss Hauer & Feld LLP, counsel to Green

Hunt Wedlake as GM Nova Scotia Trustee, One Bryant Park, New York, NY 10036 (Attn:

Daniel H. Golden, Esq. and Sean E. O'Donnell); and (xix) King & Spalding LLP, counsel to

New GM, 1185 Avenue of the Americas, New York, NY 10036 (Attn:  Arthur J. Steinberg, Esq.

and Scott Davidson, Esq.), so as to be received no later than October 14, 2013.

*[remainder of page intentionally left blank]*

16370666

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Motion, the Paulson Noteholders may, on or after the response deadline, submit to the Bankruptcy Court an order granting the relief requested in the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
       October 2, 2013

Respectfully submitted,

By:  /s/  Steven J. Reisman
     Steven J. Reisman
     Theresa A. Foudy
     Ada V. Añon
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
E-mail:  sreisman@curtis.com
       tfoudy@curtis.com
       aanon@curtis.com

*Counsel to the Paulson Noteholders*

16370666

**Hearing Date And Time:  October 21, 2013 at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline:  October 14, 2013 at 4:00 p.m. (prevailing Eastern Time)**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Ada V. Añon
E-Mail:  sreisman@curtis.com
          tfoudy@curtis.com
          aanon@curtis.com

*Counsel for dbX – Risk Arbitrage 1 Fund,*
*Lyxor/Paulson International Fund Limited,*
*Paulson Enhanced Ltd., Paulson International Ltd.,*
*Paulson Partners Enhanced, L.P., and*
*Paulson Partners L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                          :
In re:                                                    :    Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY, *et al.,*                     :    Case No.:  09-50026 (REG)
f/k/a General Motors Corporation, *et al.,*               :
                                                          :    (Jointly Administered)
                              Debtors.                    :
                                                          :
---------------------------------------------------------------------x
                                                          :
   MOTORS LIQUIDATION COMPANY GUC TRUST,                  :
                                                          :    Adversary Proceeding
                              Plaintiff,                  :    Case No.:  12-09802
                                                          :
                  v.                                      :
                                                          :
APPALOOSA INVESTMENT LIMITED                              :
PARTNERSHIP I; *et al.,*                                  :
                                                          :
                              Defendants.                 :
                                                          :
---------------------------------------------------------------------x

16391300

**MOTION OF THE PAULSON NOTEHOLDERS PURSUANT
TO 11 U.S.C. §§ 503(b)(3)(D) AND 105 FOR ALLOWANCE OF LIMITED
PAYMENT OF PROFESSIONAL FEES AND EXPENSES INCURRED
BY THE GM NOVA SCOTIA TRUSTEE IN CONNECTION
WITH SETTLEMENT AND REQUEST FOR EXPEDITED TREATMENT**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The following owners of certain 8.375% guaranteed notes due December 7, 2015,

and 8.875% guaranteed notes due July 10, 2023 (collectively, the "**Notes**"), issued by General

Motors Nova Scotia Finance Company ("**GM Nova Scotia**"):  (1) dbX – Risk Arbitrage 1 Fund,

(2) Lyxor/Paulson International Fund Limited, (3) Paulson Enhanced Ltd., (4) Paulson

International Ltd., (5) Paulson Partners Enhanced, L.P., and (6) Paulson Partners L.P., which are

investment funds or accounts managed by Paulson & Co. Inc. (collectively, the "**Paulson**

**Noteholders**"), who are parties-in-interest in the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**"), by and through their undersigned counsel, hereby file this *Motion*

*Pursuant to 11 U.S.C.§§ 503(b)(3)(D) and 105 for Allowance of Limited Payment of*

*Professional Fees and Expenses Incurred by the GM Nova Scotia Finance Trustee in Connection*

*with Settlement and Request for Expedited Treatment* (the "**Motion**"), pursuant to sections

503(b)(3)(D) and 105 of title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the

"**Bankruptcy Code**").

By the Motion, on the basis of the substantial contributions to the Chapter 11

Cases of the Paulson Noteholders, certain others holders[1] of the Notes ("**Certain Noteholders**,"

and together with the Paulson Noteholders, the "**Settlement Noteholders**"), and Green Hunt

Wedlake, Inc., as trustee for the bankruptcy estate of GM Nova Scotia (the "**GM Nova Scotia**

---

[1]  The Certain Noteholders are Elliott Management Corporation (and their managed fund entities)
("**Elliott**"), Fortress Investment Group LLC (and their managed fund entities) ("**Fortress**"), and Morgan
Stanley & Co. International PLC ("**Morgan Stanley**").

16391300

**Trustee**"), the Paulson Noteholders request an order providing for allowance of an administrative expense claim of $1.5 million for payment of a portion of the actual, reasonable fees and expenses incurred by the GM Nova Scotia Trustee in connection with the settlement (the "**Global Settlement**") detailed in the *Motors Liquidation Company GUC Trust's Motion for Entry of Order Pursuant to Sections 105, 363 and 1142 of the Bankruptcy Code and Bankruptcy Rules 3020 and 9019 Approving Global Settlement of GUC Trust's Objections and Adversary Proceeding Relating to Nova Scotia Notes, Among Other Matters* [Bankr. Dkt. No. 12512] (the "**Rule 9019 Motion**").  This allowance and limited payment benefits the Settlement Noteholders and all the holders of Notes, because, without it, the fees and expenses of the GM Nova Scotia Trustee in connection with the Global Settlement will be borne entirely by the holders of the Notes.

In addition, the Paulson Noteholders seek expedited treatment of this Motion, in accordance with the procedures identified in the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, entered May 5, 2011 [Bankr. Dkt. No. 10183] ("**Case Management Order**") for filing motions requiring expedited relief, and a reduction in the required notice period, pursuant to Federal Rule of Bankruptcy Procedure 9006(c).

The making of this Motion is an agreed term of the Global Settlement, pursuant to which the Motors Liquidation Company GUC Trust (the "**GUC Trust**") agreed not to oppose this Motion or to object to the relief sought by this Motion.  *See* Rule 9019 Motion, Ex. A ¶ 29.

In support of this Motion, the Paulson Noteholders respectfully state as follows:

16391300

## PRELIMINARY STATEMENT

1.      The Paulson Noteholders file this Motion, pursuant to sections 503(b)(3)(D) and 105 of the Bankruptcy Code, for allowance as an administrative expense claim of $1.5 million in order to pay a portion of the professional fees and expenses incurred by the GM Nova Scotia Trustee in connection with the Global Settlement.  The basis for this request is the substantial contribution of the Paulson Noteholders, the Certain Noteholders, and the GM Nova Scotia Trustee to the Chapter 11 Cases provided by their efforts put forth in connection with the Global Settlement.  The Global Settlement, if approved by this Court and the Nova Scotia Supreme Court in Bankruptcy and Insolvency (the "**Nova Scotia Court**"), will substantially benefit the Chapter 11 Cases, by resolving $2.67 billion in disputed claims and ending contentious, time-consuming, and expensive litigation that stood as one of the last remaining obstacles to bringing these Chapter 11 Cases to a close.

2.      If the Global Settlement is approved, the contributions of the Paulson Noteholders and the Certain Noteholders in spearheading multiple efforts to settle the matters at issue over the course of the past year, along with the contributions of the GM Nova Scotia Trustee in participating in intensive and hard-fought settlement negotiations and mediation, will save the GUC Trust millions in attorneys' fees and expenses, and spare this Court, the District Court of the Southern District of New York, and the Second Circuit Court of Appeals from the expenditure of judicial resources in a protracted decision-making process and subsequent appeals.

3.      Through this Global Settlement, the Settlement Noteholders have secured an independent contribution of $50 million from non-party General Motors, LLC ("**New GM**"). This additional $50 million will enhance the recoveries for all general unsecured creditors,

because it decreases the amount that the GUC Trust would otherwise have to pay to the holders

of Notes to achieve settlement.

4.    The substantial contributions made by the Settlement Noteholders and the GM

Nova Scotia Trustee are thus clear.  The Settlement Noteholders and the GM Nova Scotia

Trustee have worked with the GUC Trust, to resolve the contentious issues relating to:

(i)    *Motors Liquidation Co. v. Appaloosa Investment Ltd. P'ship I*, Adv. Pro. Case No. 12-09802 (the "**Adversary Proceeding**");

(ii)    *Official Committee of Unsecured Creditors' Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief* [Bankr. Dkt. No. 6248] (the "**Original Objection**"), and the *Official Committee of Unsecured Creditors' First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief* [Bankr. Dkt. No. 7859] (the "**Amended Objection**," and together with the Original Objection, the "**Claims Objection**");

(iii)    *Motors Liquidation Company GUC Trust's Motion and Incorporated Memorandum of Law for Relief Under Rule 60(b) of the Federal Rules of Civil Procedure Made Applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure* [Bankr. Dkt. No. 12419, Adv. Pro. Dkt. No. 217] (the "**Rule 60(b) Motion**"); and

(iv)    Proof of Claim Number 71111 filed by New GM for administrative expenses associated with the Adversary Proceeding, the Claims Objection, and the Rule 60(b) Motion (the "**New GM Administrative Expense Claim**").

5.    In particular, the Paulson Noteholders and the Certain Noteholders worked

diligently to assist in the resolution process by spearheading two separate and defined attempts at

mediation of the disputes at issue in the Adversary Proceeding and related disputed claims in the

Chapter 11 Cases.  The first months-long private mediation, although ultimately unsuccessful,

helped pave the way for the eventual Global Settlement.  The Paulson Noteholders then initiated

the parties' second successful mediation, by asking the Court to issue an order of mediation and

16391300

suggesting the appointment of the Honorable James M. Peck as mediator. *See Letter to Judge Gerber Regarding Report of Mediation filed by Steven J. Reisman on behalf of the Paulson Noteholders*, entered May 31, 2013 [Adv. Pro. Dkt. No. 229].

6.      If the Global Settlement is approved by the required Courts, it will resolve a litigation that otherwise would have continued for years and at great cost to the estate in terms of delay, uncertainty, and significant expenditures in attorneys' fees and expenses. In addition, approval of the Global Settlement will result in a third party—namely, New GM—contributing $50 million to the settlement. The contributions by the Settlement Noteholders and the GM Nova Scotia Trustee in negotiating and securing the Global Settlement will thus result in a substantial benefit to all general unsecured creditors entitled to a payment from the GUC Trust.

7.      On the basis of the substantial contributions of the Settlement Noteholders and the GM Nova Scotia Trustee, this Motion seeks allowance of a $1.5 million claim pursuant to sections 503(b) and 105 of the Bankruptcy Code to partially offset the costs of the GM Nova Scotia Trustee in connection with the Global Settlement. The GM Nova Scotia Trustee has incurred substantial expenses in participating in the mediation efforts, and in documenting the Global Settlement, particularly to ensure compliance with Canadian law. The GM Nova Scotia Trustee will continue to incur expenses in obtaining approval from the Nova Scotia Court, notifying the holders of Notes, and making the contemplated distributions. The requested allowance to reimburse a portion of these expenses will therefore benefit the Settlement Noteholders and all other holders of Notes, because otherwise the GM Nova Scotia Trustee's expenses would be borne entirely by the holders of Notes. From the perspective of Settlement Noteholders, approval of this request is important to the final successful resolution of this matter.

16391300

## JURISDICTION AND VENUE

8.    This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

### A.    The Notes and Related Intercompany Transactions

9.    GM Nova Scotia is an unlimited liability company organized under the Nova Scotia Companies Act (the "**Companies Act**") whose sole member is General Motors Corporation ("**Old GM**").  Section 135 of the Companies Act provides that in the event that an unlimited liability company is wound up, every present and past member shall, subject to the provisions of section 135, "be liable to contribute to the assets of the company in an amount sufficient for payment of its debts and liabilities and the costs, charges, and expenses of the winding up . . . ." *Companies Act*, RSNS 1989, c. 81, s. 135.

10.    On July 10, 2003, GM Nova Scotia issued £350,000,000 principal amount of 8.375% guaranteed notes due December 7, 2015 (XSO171922643) (the "**2015 Notes**"), and £250,000,000 principal amount of 8.875% guaranteed notes due July 10, 2023 (XSO171922643) (the "**2023 Notes**") to certain beneficial owners.  The Notes were guaranteed by Old GM (the "**Guarantee**") and issued under a fiscal and paying agency agreement dated July 10, 2003 among GM Nova Scotia as issuer, Old GM as guarantor, Deutsche Bank Luxembourg S.A. as fiscal agent, and Banque Générale du Luxembourg S.A. as paying agent.

11.    Upon issuance of the Notes, GM Nova Scotia entered into two currency swap transactions with Old GM on July 10, 2003.  One swap related to the 2015 Notes (the "**2015 Swap**") and the other swap related to the 2023 Notes (the "**2023 Swap**," and together with the 2015 Swap, the "**Swaps**").

16391300

12.     Upon issuance of the Notes, GM Nova Scotia loaned the proceeds of the

Notes to General Motors of Canada Limited ("**GM Canada**"), a Canadian federal corporation

whose sole shareholder was Old GM, pursuant to two loan agreements dated July 10, 2003 (the

"**Intercompany Loans**").  New GM subsequently acquired Old GM's interests in GM Canada

pursuant to the Bankruptcy Court's order approving the Amended and Restated Master Sale and

Purchase Agreement dated as of June 26, 2009 (as amended on June 30, 2009 and July 5, 2009)

between Old GM and New GM (Bankr. Dkt. No. 2968) and related orders of the Bankruptcy

Court (Bankr. Dkt. Nos. 274 and 2968) (collectively, the "**Sale Order**").

B.          **The Chapter 11 Cases**

13.     Old GM and certain of its affiliates (the "**Debtors**") filed their petitions for

relief under the Bankruptcy Code on June 1, 2009, thereby commencing the above-captioned

Chapter 11 Cases.

14.     On November 30, 2009, the GM Nova Scotia Trustee filed claim number

66319 against Old GM under section 135 of the Companies Act (the "**Contribution Claim**") on

account of:  (i) the unpaid principal and interest claimed to be owed on the Notes as of

October 9, 2009; and (ii) $564,493,957, owed by GM Nova Scotia on account of amounts

claimed to be due to New GM as a result of New GM's acquisition of Old GM's position under

the Swaps.

15.     Individual Noteholders filed proofs of claims against Old GM on account of

the Guarantee (the "**Guarantee Claims**," and together with the Contribution Claim, the "**Nova

Scotia Note Claims**").

16.     On December 10, 2009, Greenberg Traurig LLP also filed a global guarantee

claim, Claim No. 69551 (the "**Protective Claim**") on behalf of certain holders of Notes on

account of Old GM's Guarantee.[2]

17.    In the aggregate, the Guarantee Claims and the Contribution Claim represented approximately $2.67 billion in general unsecured claims against the Old GM bankruptcy estate.

**C.        Claims Objections and Subsequent Proceedings**

18.    On July 2, 2010 and on November 19, 2010, the Official Committee of Unsecured Creditors of Old GM (the "**Creditors' Committee**") filed, respectively, its Original Objection and Amended Objection, objecting to all claims relating to the Notes.  The Claims Objection sought, *inter alia*, an order (i) disallowing or equitably subordinating the Nova Scotia Note Claims, or, in the alternative, reducing the amounts owing on the Notes, on the basis that a fee paid to the Noteholders (the "**Consent Fee**") should be recharacterized as a principal prepayment; and (ii) granting relief from the Sale Order under Rule 60(b) of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure, to the extent necessary to effectuate the requested relief.

19.    On March 1, 2012 and June 11, 2012, the GUC Trust, as successor-in-interest to the Creditors' Committee, filed its Complaint (Adv. Pro. Dkt. No. 1) and Amended Complaint (Adv. Pro. Dkt. No. 37), respectively, against the holders of Nova Scotia Notes Claims seeking (i) equitable subordination or disallowance; and (ii) recharacterization of the Consent Fee as a payment of principal and reduction of the Nova Scotia Notes Claims accordingly.

20.    During the interim period, on April 24, 2011, New GM filed its New GM Administrative Expense Claim in connection with the litigation relating to the Notes reserving its

---

[2]  As authorized by this Court, the Protective Claim was filed on behalf of all holders of Notes except for those holders of Notes who filed claim nos. 66216, 66217, 66218, 66265, 66266, 66267, 66312, 67428, 67429, 67430, 67498, 67499, 67500 and 67501.

16391300

rights to assert an administrative expense claim against the Debtors if the circumstances warranted it.

21.    The hearing on the Claims Objection and the trial on the Adversary Proceeding commenced on August 7, 2012 and continued for 16 days interspersed over the course of seven and a half months (the "**Nova Scotia Notes Trial**").  The Claims Objection, the Adversary Proceeding, and the Rule 60(b) Motion were hotly contested by the Settlement Noteholders, the GM Nova Scotia Trustee, New GM, and the GUC Trust.  Over the 16 days of trial, the Court heard the testimony of eleven fact witnesses and seven expert witnesses, including two swap experts, two computer forensic experts, and three Canadian law experts.

**D.        Mediation Efforts**

22.    Throughout the Nova Scotia Notes Trial, the Paulson Noteholders looked for appropriate opportunities to try to resolve the matter, which as this Court is aware, had a limited possibility of settlement given the significant amount in dispute and the tenaciously held beliefs of the parties regarding their respective legal positions. *See Transcript Regarding Hearing Held on July 26, 2012 Regarding Motion of Aurelius Investment, LLC*, entered Aug. 1, 2012 [Adv. Pro. Dkt. No. 160] at 100:1-102:14; *Letter to Judge Gerber Regarding Report of Mediation filed by Steven J. Reisman on behalf of the Paulson Noteholders*, entered May 31, 2013 [Adv. Pro. Dkt. No. 229].

23.    At the behest of the Paulson Noteholders, for three months from December 12, 2012 to March 18, 2013, the GUC Trust, New GM, the GM Nova Scotia Trustee, and the Settlement Noteholders engaged in a sustained effort to resolve these disputes with the assistance of a private mediator agreed to by the parties.  Although that mediation effort ultimately concluded without the parties reaching a settlement, the parties made progress that paved the way for the second, ultimately successful, mediation effort.

16391300

E.            **The Global Settlement**

24.    On June 11, 2013, the Court, upon the request of the Paulson Noteholders,

ordered the parties to participate in mediation under the supervision of the Honorable James M.

Peck, U.S. Bankruptcy Judge, U.S. Bankruptcy Court for the Southern District of New York.

Following the conclusion of all post-trial briefing, the GUC Trust, the GM Nova Scotia Trustee,

New GM, and the Settlement Noteholders[3] participated in court-ordered mediation on September

9, 2013.  The parties were unable to reach agreement on September 9, 2013.  However, with the

assistance of Judge Peck, the parties continued their mediation efforts, ultimately reaching

agreement on the key economic terms of a settlement on September 13, 2013, contingent upon

final documentation and approval by this Court and the Nova Scotia Court.

25.    Even after reaching this contingent agreement in principle, there were

remaining disagreements among the parties about certain economic terms.  These remaining

disagreements were resolved with Judge Peck's assistance during the week of September 16,

2013, following which the parties began the intensive process of documenting the proposed

settlement.  On September 27, 2013, the parties finalized and then executed the settlement

agreement (the "**Settlement Agreement**"), subject to this Court's approval and the approval of

the Nova Scotia Court, resolving all issues between the parties relating to the Guarantee Claims,

the Contribution Claim, the Rule 60(b) Motion and the New GM Administrative Expense Claim.

*See* Rule 9019 Motion, Ex. A.

26.    Notably, the GM Nova Scotia Trustee was an active party in both mediation

efforts, and execution of the Settlement Agreement will require, inter alia, the GM Nova Scotia

Trustee and its U.S. and Canadian counsel to incur considerable fees related to the Settlement

---

[3]  The Paulson Noteholders, Morgan Stanley, Fortress and Elliott collectively represented holders of over
77% of the Notes outstanding.

16391300

Agreement, providing notice to GM Nova Scotia's creditors, making the contemplated distributions, and obtaining the appropriate approvals under Canadian bankruptcy law. The Settlement Agreement provides for the Settlement Noteholders to make this Motion, nearly contemporaneously with the Rule 9019 Motion, for limited payment of $1.5 million in fees and expenses incurred by the GM Nova Scotia Trustee in connection with the mediations and consummation of the Settlement Agreement. The GUC Trust has agreed not to object to the Motion. This limited payment constitutes a fraction of the over $20 million in legal fees and expenses incurred by the Settlement Noteholders and the GM Nova Scotia Trustee to date in connection with the Claims Objection, the Adversary Proceeding, and the Rule 60(b) Motion.

27.    The Settlement Noteholders and the GM Nova Scotia Trustee incurred significant costs in participating in the mediation efforts, as well as in documenting and implementing the Settlement Agreement. Further, the GM Nova Scotia Trustee will continue to incur expenses in light of its responsibilities under the Settlement Agreement, which include but are not limited to: (i) filing a motion establishing the procedures required to execute the provisions of the Global Settlement as they relate to the GM Nova Scotia bankruptcy (the "**GM Nova Scotia Procedural Motion**"); (ii) providing notice of the GM Nova Scotia Procedural Motion in accordance with applicable Canadian laws, rules and statutes; (iii) providing notice for a meeting of the creditors of GM Nova Scotia, and convening the meeting; (iv) and seeking recognition of this Court's Rule 9019 approval order (if granted). *See* Rule 9019 Motion, Ex. A ¶¶ 27-28. On the other hand, the GUC Trust has saved millions in avoided legal fees and expenses, and the beneficiaries of the GUC Trust will receive enhanced recoveries and the release of held-back distributions.

28.    The Settlement Agreement remains subject to this Court's approval. *See* Rule

9019 Motion.  A hearing is scheduled for October 21, 2013 to address the Rule 9019 Motion.

We request expedited consideration so that this Motion can be considered contemporaneously

with the Rule 9019 Motion.  The GUC Trust does not object to this request.

## MOTION

29.     The Paulson Noteholders respectfully submit this Motion pursuant to sections

503(b) and 105(a) of the Bankruptcy Code for payment of expenses incurred by GM Nova Scotia

Trustee on the basis of the substantial contributions made by the Settlement Noteholders and the

GM Nova Scotia Trustee in negotiating and facilitating the Global Settlement and obtaining a

$50 million contribution from third-party New GM.  The Paulson Noteholders request that

payment of these fees and expenses be made to the GM Nova Scotia Trustee on behalf of and for

the benefit of all holders of Notes.  Such a payment will, in keeping with Settlement

Noteholders' efforts to date, benefit all the holders of Notes, who otherwise would have to bear

those expenses of the GM Nova Scotia Trustee.

30.     This Motion is warranted based on the substantial contribution of the

Settlement Noteholders and the GM Nova Scotia Trustee.  Bankruptcy Code section

503(b)(3)(D) allows recovery of the actual, necessary expenses incurred by a creditor in making

a substantial contribution in a chapter 11 case.  11 U.S.C. § 503(b)(3)(D).  Section 503(b)(3)(D)

provides, in pertinent part, "[a]fter notice and a hearing, there shall be allowed administrative

expenses . . . including . . . (3) the actual, necessary expenses … incurred by . . . (D) a creditor

. . . in making a substantial contribution in a case under chapter 9 or 11 of this title."  11 U.S.C.

§ 503(b)(3)(D).  "Services which substantially contribute to a case are those which foster and

enhance, rather than retard or interrupt the progress of reorganization," and may include post-

confirmation services. *See In re Richton Int'l Corp.*, 15 B.R. 854, 856 (Bankr. S.D.N.Y. 1981);

-12-

*Chase Manhattan Bank, N.A. v. Sultan Corp. (In re Sultan Corp.)*, 81 B.R. 599, 602 (B.A.P.

9th Cir. 1987).  Further, under section 105(a) of the Bankruptcy Code, this Court "may issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]."  11 U.S.C. § 105(a).

   31.  In the instant case, the Settlement Noteholders and the GM Nova Scotia

Trustee are entitled to a limited payment in connection with the professional fees and expenses

incurred by GM Nova Scotia Trustee, because the contributions of the Settlement Noteholders

and the GM Nova Scotia Trustee to the settlement effort will yield an actual and demonstrable

benefit to the GUC Trust, the Debtors, all the parties to the Adversary Proceeding, as well as to

the unsecured creditors of the Old GM estate.  Among the services provided by the Settlement

Noteholders in connection with the Chapter 11 Cases, and specifically, the Adversary

Proceeding, the Claims Objection, and the Rule 60(b) Motion:

  (i) The Paulson Noteholders initiated a private mediation attempt, which spanned three months and paved the way for the ultimate Global Settlement;

  (ii) The Paulson Noteholders requested that the Court order a second mediation and suggested a mediator—Judge Peck—who was immediately accepted by all parties involved, including the GUC Trust;

  (iii) The Settlement Noteholders actively facilitated and negotiated the contribution to the settlement of $50 million from a third party, thus decreasing the amount Noteholders would receive from the GUC Trust, and providing a benefit to all beneficiaries of the GUC Trust;

  (iv) The Settlement Noteholders, the GM Nova Scotia Trustee, and its U.S. and Canadian counsel, all actively participated in the negotiation of an agreement in principle and later documentation of the Settlement Agreement, including without limitation, working to ensure compliance with Canadian law; and

  (v) The Settlement Noteholders, the GM Nova Scotia Trustee, and its U.S. and Canadian counsel, continue to work to consummate approval of the Global Settlement in both this Court and in Canada and to effectuate the distributions called for by the Global Settlement.

16391300

32.     These efforts, if the Settlement Agreement is approved, will result in the successful resolution of a long and contentious Claims Objection and Adversary Proceeding, which would otherwise have been the subject of protracted appeals.  As a direct result of these substantial contributions related to the Global Settlement, the GUC Trust has saved millions of dollars in attorneys' fees and expenses, and an additional $50 million dollars has been contributed from a non-party.  All unsecured creditors of the Old GM estate will benefit from this resolution.

33.     Making the requested payment of a portion of the GM Nova Scotia Trustee's expenses is permissible under the *Motors Liquidation Company GUC Trust Agreement* (the "**GUC Trust Agreement**").  Specifically, the GUC Trust Agreement provides that the GUC Trust "shall have all powers necessary to implement the provisions of this Trust Agreement and administer the GUC Trust, including the power to: . . . take the actions provided for in this Trust Agreement or permitted in the Plan and/or the Confirmation Order, or in any other agreement executed pursuant to the [Debtors' Second Amended Joint Chapter 11] Plan" (the "**Plan**").  GUC Trust Agreement at 3.  This power includes paying of administrative expense claims brought pursuant to section 503(b), which are allowed under the Plan.  In particular, Section 2.1 of the Plan provides that, "the Debtors shall pay to each holder of an Allowed Administrative Expense, in full satisfaction of such Allowed Administrative Expense, an amount in Cash equal to the Allowed amount of such Administrative Expense."  Plan § 2.1.  An "Allowed Administrative Expense" includes "***costs or expenses of administration of any of the Chapter 11 Cases allowed under section[ ] 503(b)***," including "any Claim expressly allowed by a Final Order, pursuant to the Claim Settlement Procedures, or under this Plan."  *Id.* §§ 1.2, 1.4 (emphasis added).  The GUC Trust Agreement thus contemplates and provides for making payments like the one

-14-

requested by this Motion.

34.     Accordingly, the Settlement Noteholders' and the GM Nova Scotia Trustee's substantial contribution are a sufficient basis for allowance of the limited payment in the aggregate amount of $1.5 million, and the Paulson Noteholders hereby request that payment be made to the GM Nova Scotia Trustee as soon as is practicable, or as otherwise ordered by this Court.

35.     Lastly, this Motion requires expedited treatment and reduction of the 21-day notice period as permitted pursuant to Federal Rule of Bankruptcy Procedure 9006(c) and the Case Management Order, so that it may be heard together with the Rule 9019 Motion.  Under the Case Management Order, this Court may grant expedited treatment of a motion on request where the Debtors, or their successors, do not object.  *See* Case Management Order at 10-11.  Here, the GUC Trust does not object to expedited hearing of this Motion and reduction of the notice period.  Accordingly, we request the Court's approval of the Paulson Noteholders' request for expedited treatment and shortened notice so that this Motion may be adjudicated at the same time as the Rule 9019 Motion.

*[remainder of page intentionally left blank]*

16391300

## **CONCLUSION**

36.     For the foregoing reasons, the Paulson Noteholders, on behalf of and for the

benefit of all holders of Notes, respectfully request that the Court approve its request for payment

of $1.5 million—a fraction of the fees and expenses actually incurred by the Settlement

Noteholders and the GM Nova Scotia Trustee—pursuant to sections 503(b) and 105(a) of the

Bankruptcy Code, based on the substantial contributions of Settlement Noteholders, the GM

Nova Scotia Trustee and their counsel to the Chapter 11 Cases, and grant such further relief as is

just and proper.

Dated:  New York, New York
        October 2, 2013

                                **CURTIS, MALLET-PREVOST,
                                COLT & MOSLE LLP**

                                By:  /s/ Steven J. Reisman
                                     Steven J. Reisman
                                     Theresa A. Foudy
                                     Ada V. Añon

                                101 Park Avenue
                                New York, New York 10178-0061
                                Telephone:  (212) 696-6000
                                Facsimile:  (212) 697-1559
                                E-mail:   sreisman@curtis.com
                                          tfoudy@curtis.com
                                          aanon@curtis.com

                                *Counsel to the Paulson Noteholders*

16391300