09-50026-mg    Doc 12522    Filed 10/11/13    Entered 10/11/13 18:12:02    Main Document
                                    Pg 1 of 6

Hearing date and time: October 21, 2013, 9:45 a.m.<br>
Objection deadline: October 14, 2013

PREET BHARARA
United States Attorney
  for the Southern District of New York
By:    David S. Jones
        Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY  10007
Tel.: (212) 637-2739
Fax: (212) 637-2730
david.jones6@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
|     f/k/a General Motors Corp., *et al.* | : | |
| | : | |
|         Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------x

**OBJECTION OF THE UNITED STATES OF AMERICA TO "MOTION OF THE PAULSON NOTEHOLDERS PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND 105 FOR ALLOWANCE OF LIMITED PAYMENT OF PROFESSIONAL FEES AND EXPENSES INCURRED BY THE GM NOVA SCOTIA TRUSTEE IN CONNECTION WITH SETTLEMENT AND REQUEST FOR EXPEDITED TREATMENT"**

The United States of America, by and through its attorney Preet Bharara, United States Attorney for the Southern District of New York, hereby submits this objection to the *Motion of the Paulson Noteholders Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 105 for Allowance of Limited Payment of Professional Fees and Expenses Incurred by the GM Nova Scotia Trustee in Connection With Settlement and Request for Expedited Treatment* (Dkt. No. 12515) (the "**Fee Application**").  The Fee Application seeks allowance of a $1.5 million administrative claim for fees incurred seemingly entirely in one creditor group's self-interested pursuit of its own

recovery against the estate – a quest which has yielded a proposed settlement that, if approved, will allow general unsecured claims in the total amount of $1.55 billion. *See Motors Liquidation Company GUC Trust's Motion for Entry of Order Pursuant to Sections 105, 363 and 1142 of the Bankruptcy Code and Bankruptcy Rules 3020 and 9019 Approving Global Settlement of GUC Trust's Objections and Adversary Proceeding Relating to Nova Scotia Notes, Among Other Matters*, ¶ 27 (Dkt. No. 12512). While this Office has not directly participated in the litigation and negotiations leading to the proposed settlement, and so lacks first-hand knowledge of the work for which fees are sought, the Fee Application itself fails to demonstrate "substantial contributions" to the estate as a whole, as is required for an award of fees under Section 503(b). The Fee Application therefore should be denied.

## DISCUSSION

The Fee Application should be denied because it fails to establish that the fees sought relate to work that made a "substantial contribution" to the estate, as required for fee awards under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code. Rather, the Fee Application seeks compensation from the estate, which was funded by the United States Department of the Treasury (along with Export Development Canada) as debtor-in-possession ("**DIP**") lender, for work that sought to maximize the applicants' recovery in this case by opposing a claim objection and related litigation, while affirmatively seeking allowance of the highest possible claim amount. This type of self-interested creditor advocacy does not qualify for a "substantial contribution" fee award.

To be eligible for compensation by the estate for substantial contributions to a case, the applicant must have performed a service leading to "an actual and demonstrable benefit to the debtor's estate, the creditors and, to the extent relevant, the stockholders." *In re Granite*

2

*Partners*, 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997). *Granite Partners* cautions that "the substantial contribution provisions must be narrowly construed," and that "[c]ompensable services foster and enhance – rather than retard and interrupt – the progress of reorganization." *Id.* at 445-46. And "services calculated primarily to benefit the client do not justify an award even if they also confer an indirect benefit on the estate," *id.* at 446; *see also In re A. Tarricone, Inc.*, 83 B.R. 253, 255 (Bankr. S.D.N.Y. 1988) (creditor not entitled to "substantial contribution" fee award based on efforts to pursue client's rights as against debtor).

None of the arguments contained in the Fee Application demonstrates a "substantial contribution" under these governing standards:

- While movants claim that they successfully secured an independent payment of $50 million from so-called "New GM" on account of demands that the movant creditors made on New GM, *see* Fee Application ¶ 3, and they further claim that this recovery "decreases the amount that the GUC Trust would otherwise have to pay . . . to achieve settlement," the total amount that would be need to be paid for a settlement to be reached is a question that is entirely within movants' control. Furthermore, this Office is unaware of authority for the proposition that a creditor's own independent litigation recovery against a non-debtor can be said to benefit the estate as a whole, and movants identify no authority to support this unlikely proposition.

- Movants take credit for "work[ing] with the GUC Trust" to "resolve contentious issues" regarding an adversary proceeding and a variety of motions and objections, *id.* ¶ 4, but in each instance the movants were litigating against the GUC Trust as claims administrator or another estate representative – or were negotiating on their own behalf in an attempt to resolve a contested matter.

3

- Similarly, that the movants "worked diligently to assist in the resolution process by spearheading two separate and defined attempts at mediation" (*id.* ¶ 5) does not establish that the movants engaged in activity aimed at benefitting the estate, but rather shows that they took self-interested steps to seek an advantageous resolution of their disputes with the estate.

- Movants claim that their agreeing to settle their disputes now benefitted the estate by sparing it substantial additional fees, uncertainty and expenditures, *id.* ¶ 6, but this again is merely a byproduct of a decision by movants that it was in their own self-interest to settle their contentious dispute with the estate on terms that they had successfully negotiated.

- Movants, who hold Canadian notes, also point to their efforts to ensure that their settlement was authorized under Canadian law, *id.* ¶¶ 7, 31, but this appears to be merely a step that the GM Nova Scotia Trustee is legally required to take to enter into this settlement in compliance with Canadian law – and so, again, something calculated to benefit the moving creditors, not something intended to benefit the Motors Liquidation estate as a whole.

Thus, not one of the supposed benefits asserted by the movants has been shown to have benefitted the estate overall. Rather, whether taken individually or in combination, movants have identified steps that they took to maximize their recovery against the estate and against any other available source, namely, New GM. The Fee Application identifies no case law supporting an award in these circumstances, and the services for which compensation is sought seemingly were "calculated primarily to benefit the client," and so "do not justify an award even if they also confer an indirect benefit on the estate." *Granite Partners*, 213 B.R. at 446.

4

## CONCLUSION

The Fee Application should be denied.

Dated: New York, New York
       October 11, 2013

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York

                                        /s/ David S. Jones
                        By:   David S. Jones
                                       Assistant United States Attorney
                                        86 Chambers St., 3rd Floor
                                        New York, NY 10007
                                        Tel. (212) 637-2739
                                        Fax (212) 637-2730
                                        david.jones6@usdoj.gov

## CERTIFICATE OF SERVICE

I, David Jones, certify that I am an Assistant U.S. Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and that on October 11, 2013, I caused the foregoing pleading to be served as follows:

By electronic notice via ECF to all persons registered to receive such notice;

By email to the following: Steven J. Reisman (sreisman@curtis.com); Theresa A. Foudy (tfoudy@curtis.com); Ada v. Anon (aanon@curtis.com); Stephen Karotkin (Stephen.karotkin@weil.com); Thomas Moers Mayer (tmayer@kramerlevin.com); Michael Edelman (MJEdelman@vedderprice.com); Michael Schein (MSchein@vedderprice.com); Matt J. Williams (mjwilliams@gibsondunn.com); Keith Martorana (kmartorana@gibsondunn.com); Eric Fisher (fishere@discksteinshapiro.com); Barry N. Seidel (seidelb@dicksteinshapiro.com); Douglas Davis (ddavis@paulweiss.com); Jonathan Pacheco (jonathan.pacheco@treasury.gov); Elihu Inselbuch (einselbuch@capdale.com); Rita C. Tobin (rtobin@capdale.com); Sander L. Esserman (esserman@sbep-law.com); Robert T. Brousseau (brousseau@sbep-lw.com); Carl Garvey (cgarvey@racertrust.org); Kirk P. Watson (kirk.watson@huschblackwell.com); Bruce R. Zirinsky (zirinskyb@gtlaw.com); Gary Ticoll (ticollg@gtlaw.com); Kevin Finger (fingerk@gtlaw.com); Bevin Brennan (brennanb@gtlaw.com); Daniel H. Golden (dgolden@akingump.com); Sean E. O'Donnell (sodonnell@akingump.com); Arthur J. Steinberg (asteinberg@kslaw.com); Scott Davidson (sdavidson@kslaw.com);

And by fax and/or mail to the Office of the United States Trustee.

   s/ David S. Jones

New York, New York
October 11, 2013