UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | |
| f/k/a General Motors Corp., *et al.*, | ) | Case No. 09-50026 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ENDORSED ORDER

The GUC Trust need not respond.

The district court and Second Circuit have already addressed Mr. Fox's appeal from this Court's earlier rulings, and this Court cannot sit as a court of appeals with respect to either of their determinations. With respect to their decisions on appeal, there is no basis for this Court to grant any different or other relief.

Under the earlier orders of this Court, Mr. Fox's duplicate secured claim was disallowed and his remaining secured claim was reclassified as a general unsecured claim. The reclassified claim was later fixed and allowed as a general unsecured claim in the amount of $19,500, representing the full amount of Mr. Fox's actual and permitted damages. Mr. Fox is entitled to the plan treatment under the Plan for that claim, but nothing more. Upon completion of the necessary steps as set out in the distribution package mailed to Mr. Fox and other Old GM creditors by Wilmington Trust, Mr. Fox would receive plan distributions in the same currency (*i.e.*, form) that all other general unsecured claimants of Old GM would receive theirs—mainly New GM stock and warrants.

The Court suggests, though it does not order, that Mr. Fox complete the necessary steps to receive his distribution under the Plan. As Mr. Fox noted in one of his many earlier filings (that of May 25, 2013, ECF #12443), he has filed "numerous motions" in this Court. While he is entitled to deference as a pro se claimant (and the Court has read his submissions, to determine whether, however he stated his claims, he had an entitlement to additional relief), his many pleadings show an entitlement to no more than that.

The GUC Trust is encouraged, but not ordered, to send Mr. Fox an additional distribution package to the address noted on his most recent motion to this Court, and to take any other steps the GUC Trust considers appropriate to assist Mr. Fox in receiving his distribution.

The Court has tried to write this order in plain English.  It urges (though it does not order) Mr. Fox to take the offered plan distribution and bring this matter to an end.

Dated: New York, New York                    _s/ Robert E. Gerber_
       November __27__, 2013                    United States Bankruptcy Judge