**Hearing date and time: December 20, 2013, 9:45 a.m.**
**Objection deadline: December 13, 2013 at 4:00 p.m.**

PREET BHARARA
United States Attorney
  for the Southern District of New York
By:    David S. Jones
        Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2739
Fax: (212) 637-2730
david.jones6@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                        :

In re                                                    :          Chapter 11 Case No.
                                                      :
MOTORS LIQUIDATION COMPANY, *et al.*,    :          09-50026 (REG)
       f/k/a General Motors Corp., *et al.*        :
                                                      :
                              Debtors.             :          (Jointly Administered)
                                                      :
------------------------------------------------------------x

**LIMITED OBJECTION OF THE UNITED STATES OF AMERICA TO "JOINT MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST AND RELATORS ROGER L. THACKER, ROGER L. SANDERS, AND THOMAS J. HANSON FOR THE ENTRY OF AN ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING (I) SETTLEMENT AGREEMENT RESOLVING PROOF OF CLAIM NO. 27105 (II) ALLOCATION OF THE SETTLEMENT PROCEEDS UNDER SECTION 37309d)(2) OF THE FALSE CLAIMS ACT AND (III) ATTORNEYS' FEES AND EXPENSES TO RELATORS' COUNSEL UNDER SECTION 3730(d)(2) OF THE FALSE CLAIMS ACT"**

      The United States of America, by and through its attorney Preet Bharara, United States Attorney for the Southern District of New York, hereby submits this limited objection to the *Joint Motion of Motors Liquidation Company GUC Trust and Relators Roger L. Thacker, Roger L. Sanders, and Thomas J. Hanson for Entry of an Order*

1

*pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 Approving (I) Settlement Agreement Resolving Proof of Claim No. 27105 (II) Allocation of Settlement Proceeds under Section 3730(d)(2) of the False Claims Act (III) Attorneys' Fees and Expenses to Relators' Counsel under Section 3730(d)(2) of the False Claims Act* (Dkt. No. 12,553) (the "**Joint Motion**").

MLC GUC Trust and Relators Roger L. Sanders and Roger L. Thacker[1] filed their Joint Motion on November 26, 2013, seeking the Court's approval of: i) a November 21, 2013 "Settlement Agreement between the GUC Trust and Relators . . . [that] among other things, reduces and allows Relators' Proof of Claim No. 27105 (the Claim) asserted in the amount of $50,000,000.00, to a general unsecured claim in the amount of $7,500,000 for treatment in accordance with the Plan (the allowed relators' Claim), [and] ii) the allocation to Relators of 30% of the proceeds of the Allowed Claim pursuant to section 3730(d)(2)" of the False Claims Act (FCA), 31 U.S.C. §§ 3729-3734.[2] *See* Joint Motion at page 1, paragraph 1.

The United States has three broad concerns about the Joint Motion, and objects to the extent any approval of the Joint Motion fails to satisfy these concerns.

1. **The Proposed Settlement Requires Justice Department Approval and Any Approval of the Joint Motion Must Be Contingent Upon Such Approval If Such Approval Is Not Finalized Before the Hearing on the Joint Motion**

Although the United States has been in discussions with the movants, it has not approved the proposed settlement (as the Joint Motion concedes). The lack of Justice

---

[1] The parties misidentify Mr. Thomas J. Hanson as a Relator in a *qui tam* action under the False Claims Act (FCA), 31 U.S.C. § 3730. In fact, upon information and belief, he is not a party to the *qui tam* action at issue here, and Hanson's claim is actually based on a private agreement with Messrs. Sanders and Thacker to receive a portion of their share of any recovery from the *qui tam*.
[2] The Trust and Relators also seek the Court's approval of the allowed Claim for relators' attorneys fees and costs under the FCA, the United States does not object to that request.

Department approval precludes final approval and implementation of the proposed agreement because, as the moving parties themselves acknowledge, "certain portions of the settlement Agreement require approval . . . of the United States Department of Justice (the DOJ)" (citing 31 U.S.C. § 3730(b)(1)).[3] Joint Motion at page 2, paragraph 3. The Government will endeavor to complete this process as promptly as possible, hopefully before the hearing on the Joint Motion, and if it does approve the settlement it will promptly inform the Court. But, in the event such approval is not obtained before the hearing, any approval of the proposed settlement must be conditioned on eventual Justice Department approval.

### 2. Any and All Distributions on Account of the Substantive Claim Being Allowed Pursuant to the Settlement Must Be Paid Directly to the United States or Its Authorized Representative or Agent, and Not to Relators or Any Party Not Authorized by the United States

The United States further objects to the Joint Motion and the attached proposed order to the extent that the order authorizes a distribution on account of the allowed claim to be made directly to relators, or pursuant to instructions provided by relators without any further specification or restriction. The United States is the sole real party in interest to the claim and, as such, is entitled to directly receive the resulting distribution or distributions. *See, e.g.*, *United States ex rel. Kreindler & Kreindler v. United Technologies Corp.,* 985 F.2d 1148, 1154 (2d Cir. 1993) ("The Government remains the real party in interest, however, in the FCA suit"; "although qui tam actions allow individual citizens to initiate enforcement against wrongdoers who cause injury to the

---

[3] Section 3730(b)(1) provides, "A person may bring a civil action for a violation of section 3729 for the person and for the United States Government.  The action shall be brought in the name of the Government. *The action may be dismissed only if* the court *and the Attorney General give written consent to the dismissal* and their reasons for consenting." 31 U.S.C. § 3730(b)(1) (emphasis added).

3

public at large, the Government remains the real party in interest in any such action.") (citing and quoting *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990); *United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Center*, 961 F.2d 46, 48-49 (4th Cir. 1992) ("We could not lightly conclude that the party upon whose standing the justiciability of the case depends is not the real party in interest.")).

This issue is vitally important to the Government, particularly because, on information and belief, one relator here is in bankruptcy, and another has been subject to recently-filed attempts to enforce liens against the relator. *See* Case No. 1-95-cv-970 (S.D. Ohio), Dkt. No. 786. This reality subjects the Government to a significant risk of loss of any funds that are paid directly to relators, because, although the property of the United States, those funds could become subject to attachment, or could otherwise never be received by the Government. That risk is inconsistent with the fact that the Government is the real party in interest entitled to the proceeds of the action, subject to future payment of an appropriate relator's share under the terms of the FCA. The Government will, once the relator's share is determined by order of the Ohio Court or by agreement of the parties to the *qui tam* proceeding, issue the required payment to relators. *See* 31 U.S.C. § 3730(d)(2) (relator's share is to be "paid out of the proceeds" of the action).

The potential exposure of the recovery of the United States to attorney liens would not only be both contrary to statute and inequitable, but also would improperly evade the Government's sovereign immunity against attachment of its assets by lienholders. *See Watters v. WMATA*, 295 F.3d 36, 41 (D.C. Cir. 2002) (sovereign immunity against attorney's lien in absence of authorizing statute); *Buchanan v.*

4

*Alexander*, 45 U.S. 20, at 20-21 (1846) (writ of attachment against sailor's wages)). *See also Millard v. United States*, 916 F.2d 1, 3 (Fed. Cir. 1990) (sovereign immunity bars garnishment of wages held by United States unless authorized by waiver of sovereign immunity) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The movants have identified no applicable waiver of sovereign immunity that would permit attachment (or diversion via a payment directly to the relators) of the United States' recovery in the *qui tam*, and the United States is aware of none.

The United States is attempting to negotiate a solution to this potential problem with relators' counsel by seeking an agreement that any distribution on account of the claim being settled pursuant to the Joint Motion shall be made pursuant to instructions provided by the United States, and that relator shall not furnish any payment instructions to the GUC Trust other than the instructions that the United States will provide. The United States respectfully requests that any order approving the Joint Motion likewise provide that any distribution on account of the settled claim shall be made solely pursuant to instructions to be provided by the United States.

Finally as to the payment mechanism issues presented by the Joint Motion, we note that the Joint Motion contemplates a separate allowance of a claim in favor of relators' counsel as a means to permit an attorney's fee award to that counsel in connection with the hearing. Subject to the caveat that this requirement, like all other aspects of the settlement, is subject to Justice Department approval, the Government has no objection to direct payment of the attorney's fee award from the GUC Trust to relators' counsel.

5

### 3. Any Unresolved Nonbankruptcy Issues Relating to the Terms of the Qui Tam Settlement Should Be Decided by the Ohio Federal Court That Has Long Presided Over That Action

Finally, to the extent the United States' consent to the proposed settlement (potentially in modified form) has not been finalized before the hearing, this Court should exercise its discretion under 28 U.S.C. § 1412 to "transfer a case or proceeding to a district court for another district" (here, the Southern District of Ohio (the "**Ohio Court**")) in the interest of justice or for the convenience of the parties, while either authorizing the GUC Trust to finalize the matter's resolution in the Ohio Court, or deferring Bankruptcy Court settlement authorization until the parties and/or the Ohio Court finalize the appropriate resolution of the qui tam matter. *See In re Sudbury, Inc.*, 149 B.R. 489, 491 (N.D. Ohio 1993). For over ten years, the United States District Court for the Southern District of Ohio has exercised exclusive jurisdiction over the hard-fought litigation between "old" General Motors and the relators, issuing numerous rulings on diverse aspects of the litigation. *See United States ex rel. Sanders, et al. v. Allison Engine Co., Inc.*, Case No. C-1-95-970 (S.D. Ohio). Among these decisions, the Ohio Court granted summary judgment at an early stage of the case in an order that the Sixth Circuit affirmed, has received evidence, and, after additional proceedings, entered a second summary judgment order. *See id.* The case has also been litigated in the Sixth Circuit and the United States Supreme Court. *See id.* This background gives the Ohio Court in-depth familiarity with the issues presented, and, accordingly, that Court is best situated to evaluate issues such as the fairness and adequacy of the recovery that is proposed by the settlement agreement, and the appropriate relators' share of any settlement within the statutory range of 25 and 30 percent.

In *Sudbury*, the Bankruptcy Court refused to abstain from exercising jurisdiction over a core proceeding because of the "primacy [of] administrative matters affecting the estate." 149 B.R. at 492; *see also Lionel Leisure, Inc. v. Trans Cleveland Warehouses, Inc. (In re Lionel Corp.)*, 24 B.R. 141, 142-43 (Bankr. S.D.N.Y. 1982) (declining to transfer proceeding where witnesses consented to appear in New York court and movant failed to establish practical or equitable need for transfer). Here, by contrast, issues independent of the bankruptcy are the primary drivers of the settlement's adequacy and of the unresolved question of the appropriate relator's share of the recovery. These issues are non-core, and require consideration of background that is unfamiliar to this Court and yet is well known by the Ohio Court.

The Government has no objection to this Court's review of the proposed settlement for purposes of ensuring that the requirements of Rule 9019 are met, but respectfully submits that, in the event any dispute remains as to the terms of the settlement from a *qui tam* perspective, this Court should either defer ruling on the Rule 9019 application until those issues are resolved, or should limit its review to that required by Rule 9019 while permitting the required False Claims Act settlement review to occur elsewhere.

## CONCLUSION

The Court should defer ruling on the Joint Motion until and unless the concerns identified above are resolved, or, in the alternative, should approve the motion with the modifications called for above.

Dated:    New York, New York
             December 13, 2013

PREET BHARARA
United States Attorney for the
Southern District of New York

By:   /s/ David S. Jones
       David S. Jones
       Assistant United States Attorney
       86 Chambers St., 3rd Floor
       New York, NY 10007
       Tel. (212) 637-2739
       Fax (212) 637-2730
       david.jones6@usdoj.gov

Of Counsel:

Russell B. Kinner Trial Attorney
United States Department of Justice
Civil Division
Commercial Litigation Branch
Frauds Section
Washington, DC  20530

**CERTIFICATE OF SERVICE**

I, David Jones, certify that I am an Assistant U.S. Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and that I caused the foregoing pleading to be served as follows:

By electronic notice via ECF to all persons registered to receive such notice;

By email to the following: Elihu Inselbuch (ei@capdale.com); Rita Tobin (rct@capdale.com); Stephen Karotkin (Stephen.karotkin@weil.com); Joseph Smolinsky (joseph.smolinsky@weil.com); Thomas Moers Mayer (tmayer@kramerlevin.com); Michael Edelman (MJEdelman@vedderprice.com); Michael Schein (MSchein@vedderprice.com); Tracy Hope Davis (tracy.davis2@usdoj.gov); Keith Martorana (kmartorana@gibsondunn.com); Carl Garvey (cgarvey@racertrust.org); Russell Kinner (Russell.kinner@usdoj.gov); Donetta D. Wiethe (donetta.wiethe@usdoj.gov); Mark A. Greenberger (mark.greenberger@usdoj.gov); Scott A. Powell (scott@hwnn.com); Jim Helmer (jhelmer@fcalawfirm.com).

 s/ David S. Jones

New York, New York
December 13, 2013