Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Motors Liquidation
 Company GUC Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re** : Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
 **f/k/a General Motors Corp.,** *et al.* :
: 
 Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**NOTICE OF FILING BY THE MOTORS LIQUIDATION
COMPANY GUC TRUST OF DOCUMENTS TO BE REFERENCED
IN A COUNTER-DESIGNATION OF ITEMS TO BE INCLUDED IN THE
RECORD ON APPEAL IN CONNECTION WITH THE APPEAL OF SHERIF KODSY**

**PLEASE TAKE NOTICE THAT**, pursuant to Local R. Bankr. P. 8007-1(a), the

Motors Liquidation Company GUC Trust (the "**GUC Trust**") hereby files the following documents

to be referenced in the GUC Trust's counter-designation of items in the record for the appeal by

Sherif Kodsy from the November 7, 2013 order (ECF No. 12539) (the "**Order**") of the United

States Bankruptcy Court for the Southern District of New York (Gerber, J.):[1]

- *Order on Defendant Motors Liquidation Company's Motion to Declare Plaintiff a
 Vexatious Litigant and Order Plaintiff to Furnish Security*, entered on August 28,
 2013 by the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County,

---

[1] Sherif Kodsy's notice of appeal from the Order was filed on November 25, 2013 at ECF No. 12554. His designation of items to be included in the record on appeal was filed on December 4, 2013 at ECF No. 12561.

US_ACTIVE:\44391398\1\72240.0639

Florida (annexed hereto as **Exhibit "A"**); and

- *Order Granting Motors Liquidation Company's Motion to Dismiss Plaintiff's Claims for Failure to Post Security and Final Order of Dismissal With Prejudice,* entered on November 6, 2013 by the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida (annexed hereto as **Exhibit "B"**).

Dated: New York, New York
December 17, 2013

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Motors Liquidation
    Company GUC Trust*

# **EXHIBIT A**

*Order on Defendant Motors Liquidation Company's Motion to Declare Plaintiff a Vexatious Litigant and Order Plaintiff to Furnish Security*, entered on August 28, 2013 by the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida.

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

SHERIF RAFIK KODSY,

    Plaintiff,

vs.    CASE NO.: 09-CA-011174

GENERAL MOTORS COMPANY
and MOTORS LIQUIDATION COMPANY,

    Defendants.
_____/

### ORDER ON DEFENDANT, MOTORS LIQUIDATION COMPANY'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND ORDER PLAINTIFF TO FURNISH SECURITY

**THIS MATTER** having come before the Court on August 27, 2013, with respect to Defendant's Motion to Declare Plaintiff a Vexatious Litigant and Order Plaintiff to Furnish * Security and the Court having considered the matter, heard arguments of counsel and being otherwise apprised of the circumstances, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Declare Plaintiff a Vexatious Litigant and Order Plaintiff to Furnish Security is GRANTED. Pursuant to Florida Statutes Section 68.093 and the Court's inherent power to prevent abuse of court procedure which interferes with the effective administration of justice, it is ordered that within 30 days of this Order Plaintiff shall post security in the amount of $35,000.00 to secure the payment of costs and expenses likely to be incurred by Defendant in defending this action or this action shall be dismissed with prejudice. This Order is based upon the following findings:

    1.    On April 9, 2013, in *Kodsy v. Spira, et al,* Case No. 502011CA012996, Circuit Judge Glenn D. Kelley issued an order finding that "Kodsy is a vexatious litigant pursuant to

\* and of Plaintiff, Sherif Rafik Kodsy, pro se,



and Order Denying motion for Reconsideration

§68.093." A copy of the Order is attached as Exhibit "A" By virtue of Judge Kelley's Order in

*Spira*, Plaintiff is a vexatious litigant pursuant to Section 68.093(2)(d)(2).

2.  Plaintiff is also a vexatious litigant pursuant to Section 68.093(2)(d)(1) because he has commenced, pro se, at least five civil actions in Florida which have been finally and adversely determined against him. These cases include:

Kodsy v. Coral Cadillac (Broward County)
- CASE NUMBER: 09-33050 25
- DATE FILED: June 15, 2009
- DISPOSITION: Dismissed – Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice granted.
- APPEAL: Affirmed without opinion by 4th District Court of Appeals. Florida Supreme Court denied review based on lack of jurisdiction.

Kodsy v. General Motors Company (Palm Beach County)
- CASE NUMBER: 502009CA011174XXXXMB
- DATE FILED: March 31, 2009
- DISPOSITION: Final Judgment entered in favor of Defendant pursuant to jury verdict.
- APPEAL: Affirmed without opinion by 4th District Court of Appeals.

Kodsy v. Progressive (Palm Beach County)
- CASE NUMBER: CACE 05-16069 (09)
- DATE FILED: May 27, 2010
- DISPOSITION: Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint granted
- APPEAL: Affirmed without opinion by 4th District Court of Appeals. *See* Exhibit "G" attached.

Kodsy v. Florida Department of Business Regulation (Palm Beach County)
- CASE NUMBER: 502011CA019378XXXXMB
- DATE FILED: December 6, 2011
- DISPOSITION: Dismissed – Defendant's Motion to Dismiss granted.
- APPEAL: None.

<u>Koppel v. Kodsy (Counterclaim filed pro se)(Broward County)</u>[1]
- CASE NUMBER: 502011CA019378XXXXMB
- DATE FILED: Counterclaim filed pro se on April 26, 2010
- DISPOSITION: Counterclaim dismissed – Final Judgment entered in favor of Counter-Defendant.
- APPEAL: Dismissed for failure to comply with Order.

3. The above cases do not include other unsuccessful *pro se* lawsuits filed by Plaintiff in the federal courts or other states within the past five years. *See e.g. Kodsy v. Florida Department of Business Regulation*, Case No. 9:2011-cv-80633 (Southern District Florida); *Kodsy v. City of Boynton Beach & Regions Bank*, Case No. 9:2011-cv-81340 (Southern District of Florida); and *Kodsy v. Michigan Department of Transportation*, Case No. 10-000012-MD (Michigan Court of Claims).

4. Plaintiff's filings have placed a heavy burden on the courts' already limited resources as well as required defendants to spend substantial amounts of time and money defending themselves against Plaintiff's multitude of meritless claims. At least $56,706.50 in attorney's fees and costs have been awarded against Plaintiff and remain unpaid. Additionally, Plaintiff has been abusive towards defense counsel throughout this matter. Plaintiff has threatened defense counsel with a bar complaint and has repeatedly threatened to sue defense counsel after the conclusion of his case.

5. Based upon the record and evidence presented, Plaintiff is not reasonably likely to prevail on the merits of his claim. This is not Plaintiff's first claim involving this vehicle or his defect allegations. Each of the prior matters, were decided against Plaintiff and affirmed, without opinion, by the Fourth District Court of Appeal.

---

[1] Section 68.093(d) states "If an action has been commenced on behalf of a party by an attorney licensed to practice law in this state, that action is not deemed to be pro se even if the attorney later withdraws from the representation and the party does not retain new counsel." Although Kodsy was initially represented by counsel, Kodsy filed a separate counterclaim on April 26, 2010 after his counsel withdrew. Accordingly, he commenced that action pro se and it falls outside the exception provided under 68.093(d).

6. Plaintiff's Second Amended Complaint alleges causes of action against MLC for negligence and strict liability based upon claims that the vehicle is defective due to the existence of an alleged "elevated whole body vibration" in the subject vehicle. Plaintiff claims that as a result of the alleged vibration, he sustained a knee injury, pain in the back of his eyes, migraine headaches, an umbilical hernia, heart and chest pains. Plaintiff's claims require a determination as to whether or not the 2008 Hummer H2 was unreasonably dangerous due to an alleged vibration. Plaintiff has no qualified expert with objective evidence of an injurious level of vibration and none of Plaintiff's doctors have observed the subject vehicle and cannot opine regarding the level of vibration in the vehicle. Moreover, the potential for Plaintiff to obtain testimony of qualified experts in the future has likely been rendered impossible due to Plaintiff's voluntary disposal of the subject vehicle. Plaintiff does not have, and does not appear likely to be able to obtain, the expert testimony necessary to establish the existence of any actionable product defect or prove that the alleged defect caused his injuries.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Palm Beach County, Florida this 28th day of Aug, 2013.

LUCY CHERNOW BROWN, Circuit Judge

**Copies furnished:**
Sherif Rafik Kodsy, *Pro Se* Plaintiff
605 North Riverside Drive, Pompano Beach, Florida, 33062

Steven I. Klein, counsel for Defendant
Rumberger, Kirk & Caldwell, P. O. Box 1873, Orlando, FL 32802-1873

6083183.1

# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 502011CA012996 (DIV. AA)

SHERIF RAFIK KODSY,

    Plaintiff(s),

vs.

STANLEY SPIRA, etc.,

    Defendant(s).

_____/

### ORDER GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

This matter came before the Court on the Defendant's Motion to Declare Plaintiff a Vexatious Litigant. A hearing was conducted on the Defendant's Motion on March 18, 2013. The Court has reviewed the submissions of the parties, and has heard the argument of counsel. Upon consideration, the Court makes the following findings.

Defendant, Stanley Spira, seeks an order declaring the Plaintiff, Sherif Kodsy, a vexatious litigant pursuant to Fla. Stat. §68.093. Mr. Kodsy, acting *pro se*, filed this action for damages against Mr. Spira for injuries allegedly suffered when Mr. Kodsy was required to "swerve" his car to avoid a collision on Military Trail. Mr. Kodsy alleges that his sudden evasive maneuver was required because Mr. Spira cut him off.

Mr. Kodsy is no stranger to the court system. He has prosecuted, unsuccessfully, numerous cases in state and federal court. Among the cases he has filed are the following:

*Kodsy v. Coral Cadillac*, Case No. 2009-33050 25 (17th Judicial Circuit 2009).

1

*Kodsy v. General Motors Corp.*, Case No. 2009CA011174 (15th Judicial Circuit (2009).

*Kodsy v. Progressive Insurance Company*, 2010CA014132, (15th Judicial Circuit (2010).

*Kodsy v. Florida Department of Business Regulation*, 2011CA019378 ((15th Judicial Circuit (2011).

*Kodsy v. Florida Department of Business Regulation*, Case No. 9:2011-CV-80633, (Southern District of Florida 2011).

*Kodsy v. City of Boynton Beach & Regions Bank*, Case No. 9:2011-CV-81340, (Southern District of Florida 2011).

Each of the cases listed above have been adversely decided against Mr. Kodsy. In each case, as in this case, Mr. Kodsy claims exemption from the filing fee based on indigent status. Despite filing for indigent status, he has testified in sworn depositions taken in this case that he had an income which belies his claim to indigence.

Mr. Spira seeks a protection from further action by Mr. Kodsy pursuant to Florida's so-called "Vexatious Litigant Law." §68.093, Fla. Stat. (2011). Having considered this matter, the Court concludes that Mr. Kodsy is a vexatious litigant pursuant to §68.093. In the past five years, Mr. Kodsy has brought more than five civil actions that have been decided adversely to him, and he is not likely to prevail in this action.

Based on the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that Defendant's Motion to Declare Plaintiff a Vexatious Litigant is GRANTED. Plaintiff Sherif Rafik Kodsy is enjoined from filing

further *pro se* pleadings in this case unless he posts a bond in the amount of $25,000.00 to secure the payment of costs and expenses likely to be incurred by the Defendant in defending this action. The failure to post bond may result in the dismissal of this action with prejudice. Nothing in this Order shall prevent the Plaintiff from retaining an attorney licensed to practice law in the State of Florida to represent him in this matter.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida this 9th day of April, 2013.

_____
JUDGE GLENN D. KELLEY
CIRCUIT COURT JUDGE

Copies furnished to:

Gregory T. Anderson, Esq., 560 Village Blvd., Suite 150, West Palm Beach, Florida 33409

Sherif R. Kodsy, 605 North Riverside Drive, Pompano Beach, Florida 33062

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 502011CA012996 "DIV. AA "

SHERIF RAFIK KODSY,

    Plaintiff(s),

vs.

STANLEY SPIRA, etc.,

    Defendant(s).

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter came before the Court on Plaintiff's Motion For Reconsideration of the Court's Order Granting Motion to Declare Plaintiff a Vexatious Litigant entered on April 9, 2013. Having considered the Motion, it is hereby,

**ORDERED AND ADJUDGED** that the Motion is DENIED.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida this 3rd day of May, 2013.

                                                    Glenn D. Kelley
                                                    Circuit Court Judge

Copies furnished to:

Gregory T Anderson, Esq., 560 Village Blvd., Suite 150, West Palm Beach, Florida 33409

Sherif R. Kodsy, 605 North Riverside Drive, Pompano Beach, Florida 33062

## **EXHIBT B**

*Order Granting Motors Liquidation Company's Motion to Dismiss Plaintiff's Claims for Failure to Post Security and Final Order of Dismissal with Prejudice,* entered on November 6, 2013 by the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida.

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA



SHERIF RAFIK KODSY,

    Plaintiff,

vs.    CASE NO.: 09-CA-011174

GENERAL MOTORS COMPANY
and MOTORS LIQUIDATION COMPANY,

    Defendants.
_____/

### ORDER GRANTING MOTORS LIQUIDATION COMPANY'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO POST SECURITY AND FINAL ORDER OF DISMISSAL WITH PREJUDICE

THIS MATTER having come before the Court on November 6, 2013, with respect to Motors Liquidation Company's Motion to Dismiss Plaintiff's Claims for Failure to Post Security and the Court having considered the matter, heard arguments of counsel and of Plaintiff, Sherif Rafik Kodsy, *pro se* and being otherwise apprised of the circumstances, and for the reasons stated by the Court on the record it is hereby

**ORDERED AND ADJUDGED:**

1.    On August 28, 2013, the Court entered an Order granting MLC's Motion to Declare Plaintiff a Vexatious Litigant and required Plaintiff to post security in the amount of $35,000 within 30 days of the Order, to secure the payment of costs and expenses likely to be incurred by Defendant in defending this action or this action shall be dismissed with prejudice.

2.    Furthermore, Florida Statutes Section 68.093(3)(c) provides that if a plaintiff fails "to post security required by an order of the court under this section, the court shall immediately issue an order dismissing the action with prejudice as to the defendant for whose benefit the security was ordered."

3.  The deadline for Plaintiff to post the security required by the Court's August 28 2013 Order was September 27, 2013.

4.  On September 23, 2013, Plaintiff filed a Notice of Appeal of the August 28, 2013 Order.

5.  On October 23, 2013, the Fourth District Court of Appeal entered an Order relinquishing jurisdiction to allow this Court to enter a final order.

6.  Plaintiff has not posted post the security required by the August 28, 2013 Order.

7.  Therefore, in accordance with this Court's the August 28, 2013 Order and Florida Statutes Section 68.093(3)(c), Plaintiff's claims are hereby dismissed with prejudice.

8.  The Court hereby reserves jurisdiction to adjudicate any claim for attorney's fees and costs upon a proper motion and by later order.

**DONE** and **ORDERED** in Chambers, West Palm Beach, Palm Beach County, Florida this ___6___ day of ___Nov___, 2013.

_____
LUCY CHERNOW BROWN, Circuit Judge

**Copies furnished:**
Sherif Rafik Kodsy, *Pro Se* Plaintiff
9407 Southampton Place, Boca Raton, FL 33434

Steven I. Klein, counsel for Defendant
Rumberger, Kirk & Caldwell, P. O. Box 1873, Orlando, FL 32802-1873

6154069.1