UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                           :        Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :        09-50026 (REG)
    f/k/a General Motors Corp., *et al.*    :
                                                :
                  Debtors.    :        (Jointly Administered)
                                                :
------------------------------------------------------------------x

### ORDER RESOLVING JOINT MOTION OF MOTORS LIQUIDATION COMPANY GUC TRUST AND RELATORS ROGER L. THACKER, ROGER L. SANDERS, AND THOMAS J. HANSON FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING (I) SETTLEMENT AGREEMENT RESOLVING PROOF OF CLAIM NO. 27105 (II) ALLOCATION OF THE SETTLEMENT PROCEEDS UNDER SECTION 3730(d)(2) OF THE FALSE CLAIMS ACT AND (III) ATTORNEYS' FEES AND EXPENSES TO RELATORS' COUNSEL UNDER SECTION 3730(d)(2) OF THE FALSE CLAIMS ACT

Upon the motion, dated November 26, 2013 (ECF No. 12553) (the "**Motion**"),[1] of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), and Roger L. Thacker, Roger L. Sanders, and Thomas J. Hanson (collectively, "**Claimants**," and together with the GUC Trust, the "**Parties**"), seeking the entry of an order approving, pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) a settlement agreement (the "**Settlement Agreement**")[2] between the GUC Trust and Claimants, which, among other things, reduces and allows Claim No. 27105 (the "**Claim**") to a general unsecured claim in the amount of $7,500,000

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] *Stipulation and Settlement* Resolving *Claim No. 27105*, dated November 21, 2013, annexed to the Motion as Exhibit "A."

to be treated in accordance with the Plan, (ii) the allocation to Claimants of 30% of the proceeds pursuant to 31 U.S.C. § 3730(d)(2), and (iii) an award of attorneys' fees and expenses to Helmer, Martins, Rice & Popham Co., L.P.A. ("**HMR&P**") pursuant to 31 U.S.C. § 3730(d)(2) in the form of a general unsecured claim against the Debtors (in addition to the $7,500,000 claim) in the amount of $2,500,000 to be treated in accordance with the Plan and the Settlement Agreement (the "**HMR&P Fee Claim**"), all as more fully set forth in the Motion, and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and no party having objected other than the United States, which filed a Limited Objection (ECF No. 12562) that it has since withdrawn in light of an agreement that it reached with Claimants this week; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that, upon the approval of the Ohio Bankruptcy Court, the Claim is hereby reduced and allowed as a general unsecured claim in the amount of $7,500,000 (the "**Allowed Qui-Tam Claim**") to be treated in accordance with the Settlement Agreement and the Plan; and it is further

ORDERED that distributions on account of the Allowed Qui Tam Claim shall be made pursuant to instructions to be provided in writing by counsel for the United States, to be further allocated in accordance with a separate agreement dated December 17, 2013 between the Claimants, on the one hand, and the United States on the other (the "**Distribution Agreement**");

and the MLC Parties shall have no obligation with respect to the allocation of the distributions beyond providing the distributions pursuant to the instructions to be provided in writing by counsel for the United States; and it is further

ORDERED that HMR&P is entitled to an award of attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d)(2) in the form of a general unsecured claim against the Debtors in the amount of $2,500,000 (together with the Allowed Qui-Tam Claim, the "**Allowed Claims**") to be treated in accordance with the Plan and the Settlement Agreement and will file a proof of claim in connection therewith; and it is further

ORDERED that the United States and the Claimants shall seek the dismissal with prejudice of General Motors Corporation and any of the MLC Parties from the Prepetition Action within ten days of the initial distribution of assets to the United States and HMR&P on account of the Allowed Claims, which dismissal shall be without costs to any of the MLC Parties; and it is further

ORDERED that, in the event of a conflict between the terms of the Settlement Agreement and this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from this Order or the Allowed Claims; provided, however, that disputes arising under the Distribution Agreement that do not affect the MLC Parties shall be determined in accordance therewith.

Dated: New York, New York
*December 19, 2013*

    *s/ Robert E. Gerber*
    United States Bankruptcy Judge