**PRESENTMENT DATE AND TIME: February 4, 2014 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: February 3, 2014 at 4:00 p.m. (Eastern Time)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Keith Martorana

*Attorneys for the Motors Liquidation Company*
*GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                         :
:   **Chapter 11 Case No.**
:
:   **09-50026 (REG)**
**MOTORS LIQUIDATION COMPANY,** *et al.*,                         :
**f/k/a General Motors Corp.,** *et al.*                          :
:   **(Jointly Administered)**
:
**Debtors.**                                                      :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF PROPOSED ORDER PURSUANT TO**
**FED. R. BANKR. P. 9006(b) EXTENDING THE DURATION OF THE GUC TRUST**

**PLEASE TAKE NOTICE** that upon the annexed Motion, dated January 21, 2014, of Wilmington Trust Company, solely in its capacity as trust administrator and trustee (in such capacity, the "**GUC Trust Administrator**"), of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' *Second Amended Joint Chapter 11 Plan*, dated March 18, 2011, the attached proposed order extending the duration of the GUC Trust will be presented to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for signature in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 4, 2014 at 12:00 noon (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be made in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o AlixPartners, 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201 (Attn: Barry Folse); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for the United States Department of the Treasury, One World Financial Center, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Douglas R. Davis, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

(ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, 3 Times Square, New York, New York 10036 (Attn: Conor Tully); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **February 3, 2014 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, Wilmington Trust Company, acting in its capacity as GUC Trust Administrator may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

3

Dated:  New York, New York
         January 21, 2014

GIBSON, DUNN & CRUTCHER LLP

By:    /s/ Matthew J. Williams

Matthew J. Williams
Keith Martorana
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

*Attorneys for the Motors Liquidation Company
GUC Trust Administrator*

**PRESENTMENT DATE AND TIME: February 4, 2014 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: February 3, 2014 at 4:00 p.m. (Eastern Time)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Keith R. Martorana

*Attorneys for the Motors Liquidation Company*
*GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re** :
: **Chapter 11 Case No.**
**MOTORS LIQUIDATION COMPANY**, *et al.*, :
f/k/a General Motors Corp., *et al.* : **09-50026 (REG)**
:
**Debtors.** : **(Jointly Administered)**
:
---------------------------------------------------------------x

**MOTION OF WILMINGTON TRUST COMPANY, AS GUC TRUST
ADMINISTRATOR, FOR ENTRY OF AN ORDER PURSUANT TO
FED. R. BANKR. P. 9006(B) EXTENDING THE DURATION OF THE GUC TRUST**

**TO:    THE HONORABLE ROBERT E. GERBER**
       **UNITED STATES BANKRUPTCY JUDGE**

Wilmington Trust Company, not in its individual capacity and solely in its capacity as trust administrator and trustee (the "**GUC Trust Administrator**") of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), as established under the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 [Docket No. 9836] (as confirmed, the "**Plan**") of the above-captioned post-effective date debtors (the "**Debtors**"), submits this motion (the "**Motion**") seeking entry of an Order, in the form attached hereto as Exhibit A (the "**Order**"), pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and section 4.1 of the Amended and Restated Motors Liquidation Company GUC Trust Agreement dated as of June 11, 2012 (as amended, the "**GUC Trust Agreement**") extending the duration of the GUC Trust for an additional 12 months, through and including

1

March 31, 2015.  In support of the foregoing, the GUC Trust Administrator respectfully represents as follows:[1]

**PRELIMINARY STATEMENT**

1.  On the effective date of the Plan (the "**Effective Date**") the GUC Trust was vested with the authority and the responsibility of resolving, at that time, approximately 4,460 disputed general unsecured claims against the Debtors' estates.  In addition, upon the dissolution of the Debtors on December 15, 2011 (the "**Dissolution Date**"), the GUC Trust assumed the additional responsibility of resolving the then remaining 191 disputed secured, administrative expense and priority claims (the "**Residual Wind-Down Claims**"), and winding down the Debtors' bankruptcy cases.

2.  To perform these tasks, the GUC Trust was afforded an initial three year life, ending on March 31, 2014 (the "**Initial Term**").  While the Debtors and the other parties to the GUC Trust Agreement believed that a three-year life was a reasonable time frame to accomplish the tasks required, it was understood that litigation timing is inherently unpredictable and, in that regard, the ability to extend the life of the GUC Trust upon order of the Bankruptcy Court was preserved.

3.  During the Initial Term, the GUC Trust has made substantial progress.  Of the initial $8.2[2] billion of disputed general unsecured claims, only approximately $80.6 million of such claims remain.  Of the initial $232.7 million of disputed Residual Wind-Down

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan or the GUC Trust Agreement, as applicable.  Any description herein of the terms of the Plan or the GUC Trust Agreement is qualified in its entirety by the terms of the Plan or the GUC Trust Agreement, as applicable.

[2] The face value of initial disputed general unsecured claims reflected in this Motion incorporates: (i) a reduction to filed/scheduled claims by approximately $758 million in respect of the Disputed Nova Scotia Guarantee Claims and the Disputed Nova Scotia Wind-Up Claim (each as defined in the Plan) pursuant to the terms of the Plan, and (ii) an addition to filed/scheduled claims by approximately $213 million in respect of unliquidated claims pursuant to the terms of this Court's *Order Establishing Claims Reserves in Connection with Distributions to be Made Under the Debtors' Amended Joint Chapter 11 Plan with Respect to, Among Other Things, Certain Unliquidated Claims* dated March 4, 2011.

2

Claims, only approximately $511,000 of such claims remain.[3]

4.   Certain of the remaining claims, however, have been difficult or impossible to resolve without resorting to litigation.[4]  Moreover, while the general claims resolution process is at least partially within the control of the GUC Trust Administrator, the primary driving force behind the remaining necessary life of the GUC Trust – the Term Loan Avoidance Action[5] – is, as described further below, currently on appeal to the U.S. Court of Appeals for the Second Circuit (the "**Second Circuit**").

5.   Accordingly, the GUC Trust Administrator believes that the full and final resolution of the pending actions is unlikely to occur prior to the end of the Initial Term, and submits that the relief requested in this motion to extend the life of the GUC Trust for an additional 12 months following the Initial Term is necessary and appropriate.

---

[3]   The amount of liquidated Residual Wind-Down Claims remaining against the GUC Trust represented herein is as of September 30, 2013.  In addition, there are currently two unliquidated and contingent Residual Wind-Down Claims pending against the GUC Trust: (i) pursuant to this Court's *Order Pursuant to Sections 105, 363 and 1142 of the Bankruptcy Code and Bankruptcy Rules 3020 and 9019, Authorizing and Approving the Global Settlement Agreement by and Among the GUC Trust, the GUC Trust Monitor, the Nova Scotia Trustee, New GM, GM Canada, and the Representative Noteholders* dated October 21, 2013 (the "**Nova Scotia Settlement Order**") [Docket No. 12531], General Motors LLC has retained a contingent, unliquidated and capped administrative expense claim in the amount and on the terms set forth in the Nova Scotia Settlement Order; and (ii) pursuant to this Court's *Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (a) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (b) Granting Related Liens and Super-Priority Status, (c) Authorizing the use of Cash Collateral and (d) Granting Adequate Protection to Certain Pre-petition Secured Parties* dated June 25, 2009 (the "**DIP Order**") [Docket No. 2529], JPMorgan Chase Bank, N.A., as agent under the Prepetition Term Loan Agreement (as defined in the DIP Order) was granted a contingent, unliquidated and uncapped administrative expense claim in the amount of certain reasonable fees, costs and charges incurred in defending any challenge to the liens arising under the Prepetition Term Loan Agreement.

[4]   The current deadline by which the GUC Trust Administrator must file objections to claims is March 20, 2014.  The GUC Trust Administrator currently anticipates seeking an extension of this deadline, which request will be the subject of a separate motion.

[5]   The "Term Loan Avoidance Action" is the avoidance action commenced by the Official Committee of Unsecured Creditors of Motors Liquidation Company against JPMorgan Chase Bank, N.A., individually and as Administrative Agent, and various lenders party to the Prepetition Term Loan Agreement (as defined in the DIP Order), styled *Official Committee of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A. et al.*, Adv. Pro. No. 09-00504 (Bankr. S.D.N.Y. July 31, 2009).  The trustee and trust administrator of the Motors Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**") is the successor-plaintiff to the Term Loan Avoidance Action.

3

**JURISDICTION**

6.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b), paragraph II of the order of this Court dated as of March 29, 2011 confirming the Plan [Docket No. 9941] (the "**Confirmation Order**"), Article XI of the Plan, and Section 4.1 of the GUC Trust Agreement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND[6]**

*A. The GUC Trust and Scheduled Dissolution Date*

7.     The GUC Trust was established pursuant to Article VI of the Plan.  The primary purposes of the GUC Trust are to resolve Disputed General Unsecured Claims and distribute trust assets to GUC Trust beneficiaries, and to wind down the estates of the dissolved Debtors including through the resolution of the Residual Wind-Down Claims.

8.     Pursuant to the GUC Trust Agreement, holders of Disputed General Unsecured Claims and Term Loan Avoidance Action Claims (defined below) become entitled to receive distributions of shares of common stock in General Motors Company ("**New GM Common Stock**") and warrants to purchase New GM Common Stock (collectively, "**New GM Securities**") from the GUC Trust if, and to the extent that, such Disputed General Unsecured Claims and/or Term Loan Avoidance Action Claims become Allowed General Unsecured Claims.

9.     In addition, under the Plan, each holder of an Allowed General Unsecured Claim retains a contingent right to receive, on a *pro rata* basis, additional reserved New GM Securities and cash, if any, to the extent such assets are not required for the satisfaction of previously Disputed General Unsecured Claims or Term Loan Avoidance Action Claims.

---

[6]  Beginning on June 1, 2009, Motors Liquidation Company and its affiliated Debtors filed in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Substantially all of the Initial Debtors' (as defined in the Plan) assets were sold to an acquisition vehicle sponsored primarily by the United States Treasury pursuant to the Amended and Restated Master Sale and Purchase Agreement dated as of June 26, 2009.  The Effective Date of the Plan was March 31, 2011.

4

The GUC Trust issues units in respect of these contingent rights at a rate of one unit per $1,000 in amount of Allowed General Unsecured Claim, subject to rounding under the GUC Trust Agreement.

10. Pursuant to Section 4.1 of the GUC Trust Agreement, the GUC Trust became effective on the Effective Date of the Plan, and continues in full force and effect until:

> (x) the earlier of (i) the date on which (A) all of the GUC Trust Distributable Assets have been distributed by the GUC Trust Administrator in accordance with this Trust Agreement, the Plan, and the Confirmation Order, and (B) if the Residual Wind-Down Assets are transferred to the GUC Trust upon the dissolution of the Debtors, the GUC Trust Administrator has completed the resolution of the Residual Wind-Down Claims and distribution of the Residual Wind-Down Assets, and (ii) the third anniversary of the Effective Date, or (y) such shorter or longer period authorized by the Bankruptcy Court upon application of the GUC Trust Administrator with the approval of the GUC Trust Monitor (I) in order to resolve all Disputed General Unsecured Claims, the Term Loan Avoidance Action and other Avoidance Actions, and (II) to complete the resolution of the Residual Wind-Down Claims and distribution of the Residual Wind-Down Assets.

GUC Trust Agreement § 4.1. Accordingly, the duration of the GUC Trust is currently scheduled to end on March 31, 2014 (the "**Trust Dissolution Date**") absent a further order of the Bankruptcy Court.

### B. The Term Loan Avoidance Action

11. The GUC Trust Agreement provides that defendants to the Term Loan Avoidance Action that actually disgorge any funds to the Avoidance Action Trust in respect thereof will receive an allowed general unsecured claim against the Debtors' estates, and thus the GUC Trust, in the amount of the funds actually disgorged (such claims "**Term Loan Avoidance Action Claims**"). Accordingly, the GUC Trust cannot be dissolved and its remaining assets distributed until such time as the Term Loan Avoidance Action is fully resolved, a fact that was specifically contemplated by and incorporated into the terms of the GUC Trust Agreement. *See* GUC Trust Agreement § 4.1 (providing that the Bankruptcy Court may approve an extension of the life of the GUC Trust "in order to resolve… the Term

5

Loan Avoidance Action").

12. On March 1, 2013, this Court rendered a decision, order and judgment (the "**Term Loan Avoidance Action Decision**") denying the Avoidance Action Trust's motion for summary judgment and granting the defendants' motion for summary judgment which, absent any appeal, would have had the effect of fully and finally resolving the Term Loan Avoidance Action in favor of the defendants (and correspondingly foreclosing any further responsibility of the GUC Trust in respect of potential Term Loan Avoidance Action Claims). However, on March 7, 2013, the Avoidance Action Trust filed a notice of appeal of the Term Loan Avoidance Action Decision, which appeal was certified directly to the Second Circuit. The appeal of the Term Loan Avoidance Action Decision is still pending before the Second Circuit, with briefing recently closed in late December 2013.

13. While the scheduling of oral arguments and a decision on the appeal of the Term Loan Avoidance Action Decision is at the discretion of the Second Circuit, a decision might not be rendered prior to the close of the Initial Term of the GUC Trust. In addition, depending on the outcome of the appeal, further proceedings before this Court may be necessary before the Term Loan Avoidance Action could be considered fully resolved.

## RELIEF REQUESTED

14. By this Motion, the GUC Trust Administrator seeks entry of an order continuing the duration of the GUC Trust for 12 months beyond the Initial Term, and to extend the Trust Dissolution Date to March 31, 2015, in order to permit the GUC Trust ample time to complete its duties as set forth in the GUC Trust Agreement.

15. This is the GUC Trust Administrator's first request for an extension of the duration of the GUC Trust.

**BASIS FOR RELIEF**

16.     The relief requested herein is consistent with the terms of the Plan, the Confirmation Order, the GUC Trust Agreement and applicable bankruptcy law.  The GUC Trust Administrator has the power and authority to perform such "functions as are provided in the Plan and the Trust Agreement" including seeking Court authority to extend the duration of the GUC Trust.  Confirmation Order ¶ 31; GUC Trust Agreement § 4.1.  More specifically, the GUC Trust Agreement provides that the duration of the GUC Trust may be extended by order of this Court, if approved by the GUC Trust Monitor, and if necessary to resolve all Disputed General Unsecured Claims, to resolve the Term Loan Avoidance Action, and/or to resolve all remaining Residual Wind-Down Claims.  GUC Trust Agreement § 4.1.  The GUC Trust Administrator has been informed by the GUC Trust Monitor that it has approved the filing of this Motion and the request for an extension of the duration of the GUC Trust.

17.     The relief requested herein is also supported by governing bankruptcy law.  Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ." Fed. R. Bankr. P. 9006(b).

18.     The extension of the duration of the GUC Trust is necessary to complete the successful winding down of the GUC Trust and the Debtors' chapter 11 cases.  Although the GUC Trust Administrator is very close to resolving all Disputed General Unsecured Claims, there are a small number of such claims remaining.  While the GUC Trust is working in good faith to resolve all outstanding Disputed General Unsecured Claims as expeditiously as possible, it is unlikely that it will be possible to do so prior to the March 31, 2014 Trust Dissolution Date.  Even if all outstanding Disputed General Unsecured Claims were resolved, the Term Loan Avoidance Action (and the related appeal) may not be fully and finally

7

resolved by the Trust Dissolution Date, as the litigation is ongoing and currently on appeal to the Second Circuit.

19. The GUC Trust Administrator believes that an extension of the Trust Dissolution Date is necessary to facilitate the successful winding down of the GUC Trust and the Debtors' chapter 11 cases. Courts in this jurisdiction have granted similar relief. *See e.g., In re Boylan Intern., Ltd.*, 452 B.R. 43 (Bankr. S.D.N.Y. 2001) (holding that the duration of the trust may be extended for an additional two years to permit the trustee an opportunity to continue its prosecution of a malpractice claim, the estate's "primary asset"). Accordingly, the GUC Trust Administrator respectfully requests that the relief sought herein be granted.

## NOTICE

20. The GUC Trust Administrator has served notice of this Motion on (i) the Office of the United States Trustee, Tracy Hope Davis, Esq. for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (ii) the DIP Lenders and (iii) parties in interest in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 [Docket No. 10183]. The GUC Trust Administrator submits that no other or further notice need be provided.

21. No previous motion for the relief sought herein has been made to this or any other court.

8

**CONCLUSION**

WHEREFORE, the GUC Trust Administrator respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>, extending the duration of the GUC Trust for an additional 12 months, through and including March 31, 2015, and grant such other and further relief as may be deemed just and proper.

Dated:  New York, New York
January 21, 2014

GIBSON, DUNN & CRUTCHER LLP

By:   /s/   Matthew J. Williams

Matthew J. Williams
Keith R. Martorana
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

*Attorneys for the Motors Liquidation Company
GUC Trust Administrator*

# **EXHIBIT A**

**[Proposed Order]**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re :
: Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, :
f/k/a General Motors Corp., *et al.* : **09-50026 (REG)**
: 
: **(Jointly Administered)**
Debtors. :
: 
------------------------------------------------------------------x

## ORDER PURSUANT TO FED. R. BANKR. P. 9006(B) EXTENDING THE DURATION OF THE GUC TRUST

Upon the motion (the "**Motion**"),[1] dated January 21, 2014, of Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "**GUC Trust Administrator**") of the Motors Liquidation Company GUC Trust (the "**GUC Trust**") established under Article VI of the *Debtors' Second Amended Joint Chapter 11 Plan*, dated as of March 18, 2011, seeking entry of an order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and section 4.1 of the Amended and Restated Motors Liquidation Company GUC Trust Agreement dated as of June 11, 2012 (as amended, the "**GUC Trust Agreement**") extending the duration of the GUC Trust for an additional 12 months or through and including March 31, 2015, all as more fully described in the Motion; and any objections to the Motion having been settled, resolved, withdrawn or overruled; and this Court having determined that the relief requested in the Motion is in the best interests of the above-captioned post-effective date debtors' creditors and estates; and it further appearing that proper and adequate notice of the Motion has been given and that no other or further

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor:

**IT IS HEREBY:**

ORDERED, that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED, that the duration of the GUC Trust, as described in section 4.1 of the GUC Trust Agreement, is extended an additional 12 months and the GUC Trust shall remain in full force and effect through and including March 31, 2015; and it is further

ORDERED, that this Order is without prejudice to the right of the GUC Trust Administrator to seek authority to further extend or shorten the duration of the GUC Trust upon application of the GUC Trust Administrator to this Court in accordance with the GUC Trust Agreement; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

                                                                          _____
                                                                          UNITED STATES BANKRUPTCY JUDGE