**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MOTORS LIQUIDATION COMPANY, et al.,
f/k/a General Motors Corp., et al.,

                  Debtors.

---

WILLIAM KUNTZ, III,

                  Appellant,

     -against-

MOTORS LIQUIDATION COMPANY
GUC TRUST,

                  Appellee.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 28 2014

MEMORANDUM DECISION
AND ORDER

13 Civ. 1721 (GBD)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* claimant William Kuntz, III appealed from an October 22, 2012 Order of the

Bankruptcy Court for the Southern District of New York ("Confirmation Order"). (Notice of

Appeal, ECF No. 1.) The Confirmation Order denied Appellant's Rule 60 motion to reinstate

three proofs of claims he filed against debtor car dealerships ("Debtors"), which were previously

expunged by a November 9, 2011 order of the Bankruptcy Court. The Bankruptcy Court found

in its Confirmation Order that Appellant's Rule 60 motion "fail[ed] to assert any matter that the

Court overlooked or that might have changed the [Court's November 9, 2011 decision]."

(Confirmation Order at 1.) The appeal is DISMISSED.

    District Courts have jurisdiction to hear appeals from final orders issued by Bankruptcy

Courts pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8001(a). "On an appeal the

district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, decree or

remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. A Bankruptcy Court's legal conclusions are subject to *de novo* review, factual findings are reviewed for clear error, and decisions based on equitable relief are reviewed for abuse of discretion. *See Jackson v. Novak (In re Jackson)*, 593 F.3d 171, 176 (2d Cir. 2010).

A motion for Rule 60(b) relief is properly denied where the moving party merely seeks to relitigate an issue already decided. *See Niederland v. Chase*, 425 F. App'x 10, 12 (2d Cir. 2011); *see also Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984) (noting that a party may not use Rule 60 "simply to relitigate matters settled by the original judgment"). Moreover, "an appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Lora v. O'Heaney*, 602 F. 3d 106, 111 (2d Cir. 2010).

Appellant made three primary claims in his Rule 60 motion. (*See* ECF No. 12152, *In re Motors Liquidation Co.*, No. 09-B-50026 (Bankr. S.D.N.Y. Oct. 27, 2012).) Appellant argued that: (i) the Court improperly considered his conduct in other bankruptcy cases to decide that his claims in the present case failed to state a valid claim against Debtors; (ii) Debtors failed to prove they had actually analyzed his claims; and, (iii) Appellee's Reply was not timely served. (*Id.* at 2-6.) Appellant previously raised all three of these contentions in his initial filings against Debtors (*see* ECF Nos. 11064, 11084, 11118 in underlying action), and the Bankruptcy Court expressly considered Appellant's filings in issuing its initial decision. (Nov. 9, 2011 Order at 2.) Therefore, Appellant's resurrection of these arguments by way of his Rule 60 motion was merely an attempt "to relitigate matters settled by the original judgment." The Rule 60 motion was properly denied.

2

## Conclusion

The Bankruptcy Court did not abuse its discretion in determining that Appellant's Rule 60 motion identified no issue overlooked by the Bankruptcy Court that would have altered its decision in the Confirmation Order. The appeal is DISMISSED. The Clerk of the Court is directed to close this case.

Dated: January 28, 2014
      New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

3