# Exhibit I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re:                                                  :
                                                        :  Chapter 11
OLD CARCO LLC, *et al.*,                                :
                                                        :  Case No. 09-50002 (AJG)
                        Debtors.                        :
                                                        :  (Jointly Administered)
                                                        :
------------------------------------------------------- x
                                                        :
                                                        :
GABRIELLA TATUM, *et al.*,                              :  Adv. Proc. No. 11-09411 (AJG)
                                                        :
                                                        :
                        Plaintiffs,                     :
                                                        :
v.                                                      :
                                                        :
CHRYSLER GROUP LLC,                                     :
                                                        :
                        Defendant.                      :
                                                        :
------------------------------------------------------- x

## ORDER GRANTING DEFENDANT
## CHRYSLER GROUP LLC'S MOTION TO DISMISS

    This matter having come before the Court on the January 18, 2012 motion of

Chrysler Group LLC ("Chrysler Group") for entry of an order, pursuant to Rule 7012 of the

Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil

Procedure, dismissing Count I of Plaintiffs' Second Amended Complaint against Chrysler Group

with prejudice (the "Motion"); the Court having considered Chrysler Group's memorandum of

law in support of the Motion, Plaintiffs' opposition to the Motion, Chrysler Group's reply

thereto, and the arguments of counsel concerning the Motion at a hearing (the "Hearing") before

the Court on February 14, 2012; and due and proper notice having been provided; and after due deliberation, with sufficient cause appearing therefore; and for the reasons advanced by the Chrysler Group, as well as the reasons set forth by the Court at the Hearing, (as modified and supplemented, attached as Exhibit "A" hereto), it is hereby

ORDERED, that the Motion is granted and Count I of the Second Amended Complaint is dismissed with prejudice.

Dated: New York, New York
      February 15, 2012

SO ORDERED:

s/Arthur J. Gonzalez
Arthur J. Gonzalez
Chief United States Bankruptcy Judge

-2-

Exhibit "A"

The Chrysler Group seeks dismissal of Count I of the Complaint, arguing that the claim is barred by the Court's June 1. 2009 order (the "Sale Order") approving the debtors' entry into the Master Transaction Agreement (the "MTA") between Old Carco and Chrysler Group, as amended, and the sale of substantially all of the Debtors' assets to Chrysler Group, free and clear of all claim other than liabilities expressly assumed by the Chrysler Group.

The Court has reviewed the parties' submissions, and considered their arguments at this hearing. Based upon the plain meaning of the Sale Order and the MTA, the Court concludes that the claim asserted in Count I of the Complaint is barred by the Sale Order.

The Closing Date of the sale of assets to the Chrysler Group was on June 10, 2009. The MTA was initially crafted to allocate product liability claims between the debtors and the purchaser, Chrysler Group, based upon whether the vehicle purchase date was on or prior to the Closing Date, or after the Closing Date. Thereafter, certain amendments were made that extended Chrysler Group's liability for vehicles purchased by consumers prior to the Closing Date within certain circumscribed parameters. Those liabilities related to certain types of accident claims, pursuant to Section 2.09(h)(ii) of the MTA, and liabilities under lemon-laws, pursuant to paragraph 19 of the Sale Order.

Count I of the Complaint alleges violations of the New Jersey Consumer Fraud Act. Therefore, Count I of the Complaint does not relate to accident claims or to lemon-law claims. The plaintiffs argue that the Fraud Act is a mechanism to enforce lemon-law claims. That statute, however, does not conform to the definition in the Sale Order of the lemon-law statutes where liabilities were being assumed, which were statutes "requiring a manufacturer to provide a consumer remedy when the manufacturer is unable to conform the vehicle to the warranty after a reasonable number of attempts as defined in the applicable statute.

With respect to vehicles sold to consumers prior to the Closing Date, pursuant to section 2.08(g), the Chrysler Group's liability under the written warranties is limited to the costs of repairing parts and labor. It does not include any warranty-related causes of action.

In its *Tulacro* decision, the Court set forth its interpretation of the interplay of the various provisions of the MTA and the Sale Order. In addition to the written limited warranties under Section 2.08(g) of the MTA, as noted, certain lemon-law liabilities were assumed under paragraph 19 of the Sale Order. The Chrysler Group did not assume other warranty-related liabilities.

The liability assumed was limited to the repair costs and the Chrysler Group did not assume any other breach of warranty claims for vehicles. To the extent that any repair is not effective, in that the parts and labor provided do not prevent the reoccurrence of the problem, that liability was not assumed. Thus, the Chrysler Group did not assume liability for breach-of-warranty claims for vehicles sold prior to the Closing Date. Section 2.09(i) bars claims for breach of product warranties for vehicles sold prior to the Closing Date.

Beyond labor and parts, the agreements were carefully crafted to limit the Chrysler Groups' exposure to any product liability causes of action that might be asserted, especially including any efforts to obtain punitive, exemplary, special, consequential or multiple damages or penalties, or other consequential damages.