# Exhibit X

Michael A. Gould (SBN 151851)
Aarin A. Zeif (SBN 247088)
GOULD & ASSOCIATES
A Professional Law Corporation
17822 E 17th Street, Suite 106
Tustin, California, 92780
Telephone: (714) 669-2850
Facsimile: (714) 544-0800

Richard A. Jones (SBN 117679)
Law Offices of Richard A. Jones
1820 E. 17th Street
Santa Ana, California 92705
Telephone: (714) 480-0200
Telecopier: (714)-480-0423

Attorneys for Plaintiff
Taylor Deushane

FILED

2014 MAR 28 PM 3:35

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR DEUSHANE, an individual, and on behalf of other similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC,<br><br>Defendants. | CASE NO.: SACV14-00476 ABC (JPRx)<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))

Plaintiff, Taylor Deushane, individually and on behalf of the other members of the below-defined nationwide class and statewide classes they respectfully seek to represent (collectively, the "Class," unless otherwise identified herein), for their Class Action Complaint (the "Complaint") allege against General Motors, LLC ("GM" or "Defendant"), upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon the investigation made by the undersigned attorneys, as follows:

## NATURE OF THE CASE

1. Plaintiff bring this class action against GM on behalf of themselves and the other Class members, each of whom purchased or leased one or more of the following vehicles: 2005-2010 Chevrolet Cobalt (herein after referred to as "defective Cobalts."

2. The defective Cobalts contain a defective Key System that is prone to fail during ordinary and foreseeable driving situations. Specifically, the Key System was designed and integrated into the defective Cobalts and the ignition switch can suddenly fail during normal operation cutting off engine power and certain electrical systems in the cards, which, in turn, disables key vehicle components, safety features (like airbags), or other vehicle functions, leaving occupants vulnerable to crashes, serious injuries, and death. For example, Plaintiff Taylor bought a 2005 Cobalt in or about June 26, 2013. Plaintiff Tylor has experienced the defect when driving through intersections and her Cobalt shut off making steering and maintaining control impossible. Plaintiff Taylor has reported this to the NHTSA.

3. Although GM has, and has had, actual knowledge of safety defects in the Key System in the defective Cobalts for years, it fraudulently concealed the continues to fraudulently conceal material facts regarding the extent and nature of

-2-
PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))

safety defects in the defective Cobalts and what must be done to remedy the defects in the Key System.

4. In fact, GM has not only fraudulently concealed material facts relating to the safety defects in the Key System in the effective Vehicles for years, but it has also made affirmative fraudulent and misleading statements, and it is continuing to make fraudulent and misleading statements to the public and the Class regarding the nature and extent of the safety defects in the Key System in the Defective Vehicles.

5. GM's defective Key System design, combined with GM's past and ongoing failure to adequately ware of, or remedy, that design, and its past and ongoing fraudulent concealment and/or fraudulent misrepresentations of the full nature and extent of the defects in that design in the Defective Vehicles, has proximately caused and continues to cause Plaintiff and other Class members to suffer economic damages because they purchased or leased vehicles that: (a) have diminished value as they presently exist because the Key System cannot be operated safely without fear of a catastrophic event; and (b) require modification of the Key System.

6. Through this action, Plaintiff, individually and on behalf of the other Class members, seek injunctive relief in the form of a repair to fully remedy the defects in the Key System such that the defective Cobalts have their economic value restored and can be operated safely and/or damages to compensate them for the diminished value of their defective Cobalts as a result of the defects and GM's wrongful conduct related to same.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this action involves citizens of different states. The amount in controversy exceeds $5,000,000 exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendant does business in this District, and events giving rise to Plaintiff's claims occurred in this District.

### Defendant

9. GM is a Delaware limited liability Company doing business in all fifty states (including the District of Columbia) with its principal place of business in Detroit, Michigan.

### CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), on behalf of themselves and all others similar situated. Plaintiff seeks to represent the following Classes:

**Nationwide Class**

All owners and lessess in the United States of Cobalts.

**California Sub Class**

All owners and lessess in California of the Cobalts that were sold or leased in the State of California.

11. **Numerosity and impracticality of joinder.** The members of the Nationwide Class and California Sub Class are so numerous that joinder of all members is impractical. Millions of Nationwide and Statewide Class members purchased or leased class vehicles. The members of the Nationwide and Statewide Classes are easily and readily identifiable from information and records in GM's possession, custody, or control.

12. **Commonality and predominance.** There are common questions of law and fact that predominate over any questions affecting the individual members

-4-

PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))

of the Nationwide Class and California Sub Class. Common legal and factual questions include, but are not limited to:

(a) whether GM breached the duty of reasonable care it owed to the Nationwide Class and California Sub Class;

(b) whether GM's breach of its duties directly and proximately caused the damages to the Nationwide Class and California Sub Class;

(c) whether GM omitted, misrepresented, concealed, or manipulated material facts from Plaintiff and the Nationwide Class and California Sub Class regarding the defects, the actions taken to address the defects, and the result of those actions;

(d) whether GM had a duty to disclose the defects to Plaintiff, the Nationwide Class members and California Sub Class members;

(e) whether GM engaged in fraud, fraudulent concealment, and made fraudulent representations to the public;

(f) whether Plaintiff and the other Nationwide Class members and California Sub Class members are entitled to damages; and

(g) whether Plaintiff and the other Nationwide Class members and California Sub Class members are entitled to equitable relief or other relief, and the nature of such relief.

13. **Typicality.** Plaintiff's claims are typical of the claims of the other Nationwide and Statewide Class members because Plaintiff and the other Nationwide and California Sub Class members purchased vehicles that contain defective parts. Neither Plaintiff nor the other Nationwide Class members or California Sub Class members would have purchased the Defective Cobalts had they known of the defects in the vehicles. Those defects also pose an

- 5 -
PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))

unreasonable risk of harm to Plaintiff and the other Nationwide Class members and California Sub Class members. Plaintiff and the other Nationwide Class members and California Sub Class members suffered damages as a direct proximate result of the same wrongful practices that GM engaged in. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the other Nationwide Class members and California Sub Class members. Plaintiff's claims are based upon the same legal theories as the claims of the other Nationwide Class members and California Sub Class members.

14. **Adequacy.** Plaintiff will fully and adequately protect the interests of the other members of the Nationwide Class members and California Sub Class members and have retained class counsel who are experienced and qualified in prosecuting class actions, including consumer class actions and other forms of complex litigation. Neither Plaintiff nor their counsel have interests that conflict with the interests of the Nationwide Class members and California Sub Class members

15. **Declaratory and Injunctive Relief.** GM has acted or fused to act on grounds generally applicable to Plaintiffs and the other members of the Nationwide and Statewide Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Nationwide and Statewide Class members as a whole.

16. **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, among other things: it is economically impracticable for members of the Nationwide and Statewide Classes to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitious and redundant litigation; and, a class action will enable claims to be handled in an orderly, and expeditious manner.

# FIRST CAUSE OF ACTION
## Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*
### (Brought on behalf of the California Sub Class)

17. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

18. Plaintiff Taylor Deushane brings this cause of action on behalf of the California State Class.

19. California Business and Professions Code § 17200 prohibits any "unlawful, unfair, or fraudulent business act or practices."

20. GM has violated the unlawful and unfair prongs of § 17200 because the Defective Vehicles share a common design defect in that they are equipped with defective Key Systems that can suddenly fail during normal operation, leaving occupants of the Defective Cobalts vulnerable to crashes, serious injury, and death. GM has admitted that the Defective Vehicles are defective in issuing its recall.

21. GM failed to adequately disclose and remedy this issue.

22. GM's conduct offends established public policy, as the harm GM caused to consumers greatly outweighs any benefits associated with those practices.

23. Plaintiff and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of GM's unfair, unlawful, and/or deceptive practices.

24. GM has violated the fraudulent prong of § 17200 because GM misrepresented the quality, safety, and reliability of the Defective Cobalts.

-7-

PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))

25.  Plaintiff relied on the misrepresentations and/or omissions of GM with respect to the quality, safety, and reliability of the defective Cobalts. Plaintiff and the other California sub class members would not have purchased or leased their Defective Cobalt and/or paid as much for them but for GM's misrepresentations and/or omissions.

26.  All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of GM's business. GM's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated in the State of California.

27.  Plaintiff, individually and on behalf of the other California sub class members request that this Court enjoin GM from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the other California sub class members any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 334.

## SECOND CAUSE OF ACTION
**Violation of the California False Advertising Law
Cal. Civil Code §§ 1750 *et seq.*
(Brought on behalf of the California Sub Class)**

28.  Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

29.  Plaintiff Taylor Deushane brings this cause of action on behalf of the California State Class.

30.  California Business and Professions Code § 17500 states:

> It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

31. Through advertising, marketing, and other publications, GM caused statements to be disseminated that were untrue or misleading, and that were known, or that by the exercise of reasonable care should have been known to GM, to be untrue and misleading to consumers, including Plaintiff and the other California Sub Class members.

32. GM has violated § 17500 because its misrepresentations and omissions regarding the safety and reliability of its Defective Cobalts were material and likely to deceived a reasonable consumer.

33. Plaintiff and the other California Sub Class members have suffered an injury in fact, including the loss of money or property, as a result of GM's unfair, unlawful, and/or deceptive practices. In purchasing or leasing their Defective Cobalts, Plaintiff and each of the other California Sub Class members relied on the misrepresentations and/or omissions of GM with respect to the safety and reliability of the Defective Cobalts.

- 9 -
PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))

34. GM's representations turned out to be false because the Defective Cobalts share a common design defect in that they are equipped with defective Key Systems that can suddenly fail during normal operation, leaving occupants of the Defective Cobalts vulnerable to crashes, serious injury, and death. Had Plaintiff and the other California Sub Class members known this, they would not have purchased or leased their Defective Cobalts and/or paid as much for them.

35. Accordingly, Plaintiff and the other California Sub Class members overpaid for their Defective Cobalts and did not receive the benefit of their bargain.

36. All of the wrongful conduct alleged herein occurred, and continues to incur, in the conduct of GM's business. GM's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated in the State of California.

37. Plaintiff, individually and on behalf of the other California Sub Class members request that this Court enjoin GM from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the other Class members any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief as is appropriate.

### THIRD CAUSE OF ACTION
**Violation of the Song-Beverly Consumer Warranty Act (California's "Lemon Law") for Breach of Express Warranty**
**Cal. Civil. Code §§ 1790 *et seq.***
**(Brought on behalf of the California Sub Class)**

38. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

39. Plaintiff Taylor Deushane brings this cause of action on behalf of the California State Class.

40. Plaintiff and the other California State Class members who purchased their Defective Vehicles in California are "buyers" within the meaning of Cal. Civ. Code § 1791.

41. The defective Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

42. GM is a "manufacturer" of the Defective Vehicles within the meaning of Cal. Civ. Code § 1691(j).

43. Plaintiff and the other California State Class members bought/leased new motor vehicles manufactured by GM.

44. GM made express warranties to Plaintiff and the other California State Class members within the meaning of Cal. Civ. Code §§ 1791.2 and 1793.2, in its warranty, manual, and advertising, as described above.

45. The Defective Cobalts share a common design defect in that they are equipped with defective Key Systems that can suddenly fail during normal operation, leaving occupants of the Defective Vehicles vulnerable to crashes, serious injury, and death. GM has admitted that the Defective Cobalts are defective in issuing its recall.

46. The Defective Cobalts are covered by GM's express warranties. The defects described herein substantially impair the use, value, and safety of the Defective Cobalts to reasonable consumers, including Plaintiff and the other California State Class members. GM was provided notice of these issues and defects through numerous other complaints filed against it, letters, and internal knowledge derived from testing and internal expert analysis.

47. As a result of GM's breach of its express warranties, Plaintiff and the other California State Class members received goods whose dangerous condition substantially impairs their value to plaintiff and the other California State Class members. Plaintiff and the other California State Class members have been damages as a result of the diminished value of GM's products, the products' malfunctioning, and the nonuse of their Defective Cobalts.

48. Pursuant to Cal. Civ. Code §§ 1793.2 and 1794, Plaintiff and the other California State Class members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their vehicles, or the overpayment or diminution in value of their Defective Cobalts.

49. Pursuant to Cal. Civ. Code § 1794, Plaintiff and the other California State Class members are entitled to costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
**Violation of the Song-Beverly Consumer Warranty Act
(California's "Lemon Law") for Breach of Implied Warranty
Cal. Civ. Code §§ 1790 *et seq.*
(Brought on behalf of the California Sub Class)**

50. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

51. Plaintiff Taylor Deushane brings this cause of action on behalf of the California State Class.

52. Plaintiff and the other California State Class members who purchased Defective Vehicles in California are "buyers" within the meaning of Cal. Civ. Code § 1791.

53. The Defective Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

54. GM is a "manufacturer" of the Defective Vehicles within the meaning of Cal. Civ. Code §1791(j).

55. GM impliedly warranted to plaintiff and the other California State Class members that the Defective Vehicles were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) and 1792, however, the Defective Cobalts do not have the quality that a buyer would reasonable expect.

56. Cal. Civ. Code § 1791.1(a) states: "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(1) Pass without objection in the trade under the contract description.

(2) Are fit for the ordinary purposes for which such goods are used.

(3) Are adequately contained, packaged, and labeled.

(4) Conform to the promises or affirmatives of fact made on the container or label.

57. The Defective Cobalts would not pass without objection in the automotive trade because they share a common design defect in that they are equipped with defective Key Systems that can suddenly fail during normal operation, leaving occupants of the Defective Cobalts vulnerable to crashes, serious injury, and death. GM has admitted that the Defective Vehicles are defective in issuing its recall.

58. Because of their defective Key Systems, the Defection Cobalts are not safe to drive and thus not fit for ordinary purposes.

59. The Defective Vehicles are not adequately labeled because the labeling fails to disclose the defects described herein.

60. GM breached the implied warranty of merchantability by manufacturing and selling Defective Cobalts that are defective. Furthermore, this defect has caused Plaintiff and the other California State Class members to not receive the benefit of their bargain and have caused the Defective Vehicles to depreciate in value. GM was provided notice of these issues and defects through numerous other complaints filed against it, letters, and internal knowledge derived from testing and internal expert analysis.

61. As a direct and proximate result of GM's breach of the implied warranty of merchantability, Plaintiff and the other California State Class members received goods whose dangerous condition substantially impairs their value to plaintiff and the other California State Class members.

62. Plaintiff and the other California State Class members have been damaged as a result of the diminished value of GM's products.

63. Pursuant to Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiff and the other California State Class members are entitled to damages and the legal and equitable relief including, at their election, the purchase price of their Defective Vehicles, or the overpayment or diminution in value of their Defective Cobalts.

64. Pursuant to Cal. Civ. Code § 1794, Plaintiff and the other California State Class members are entitled to costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
**Violation of the California Consumer Legal Remedies Act**
**Cal. Civ. Code §§ 1750 *et seq.***
**(Brought on behalf of the California Sub Class)**

65. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

66. Plaintiff Taylor Deushane brings this cause of action on behalf of the California State Class.

67. Plaintiff Taylor Deushane and the other Class members were deceived by GM's failure to disclose that the Defective Cobalts share a common design defect in that they are equipped with defective Key Systems that can suddenly fail during normal operation, leaving occupants of the Defective Cobalts vulnerable to crashes, serious injury, and death. GM has admitted that the Defective Cobalts are defective in issuing its recall.

68. GM intended for plaintiff and the other California State Class members to rely on it to provide safe, adequately designed, and adequately manufactured automobiles and to honestly and accurately reveal the problems described throughout this Complaint.

69. GM intentionally failed or refused to disclose the defect to consumers and, instead, allowed consumers to believe the representations it had made about the Defective Cobalts.

70. GM's conduct and deceptive omissions were intended to induce Plaintiff and the other California State Class members to believe that the Defective Cobalts were safe, adequately designed, and adequately manufactured automobiles.

71. GM's conduct constitutes unfair acts or practices as defined by the California Consumer Legal Remedies Act (the "CLRA").

72. Plaintiff and the other California State Class members have suffered injury in fact and actual damages resulting from GM's material omissions and misrepresentations because they paid an inflated purchase price for the Defective Cobalts. However, Plaintiff and the other Class members reserve any claim for damages under the CLRA and by this Complaint bring only an action for

injunctive relief under the CLRA purchase to § 1782(d) of the Act. GM was provided notice of these issues and defects through numerous other complaints filed against it, letters, and internal knowledge derived from testing and internal expert analysis.

73. Plaintiff and the other California State Class members' injuries were proximately caused by GM's fraudulent and deceptive business practices. However, Plaintiff and the other class members reserve any claim for damages under the CLRA and by this Complaint bring only action for injunctive relief under the CLRA pursuant to § 1782(d) of the Act.

74. GM's conduct described herein is fraudulent, wanton, and malicious.

75. Pursuant to California Civil Code § 1782(d), Plaintiff, individually and on behalf of the other class members, seeks a Court order enjoining the above-described wrongful acts and practices of GM. Plaintiff and the other Class members reserve any claim for restitution, disgorgement, or damages under the CLRA pursuant to § 1782(d) of the Act.

## SIXTH CAUSE OF ACTION
### Violation of THE Magnunson-Moss Warranty Act
### 15 U.S.C. §§ 2301 et seq.
### (Brought on behalf of the Nationwide Class)

76. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

77. Plaintiff Taylor Deushane brings this cause of action on behalf of the Nationwide Class.

78. The Defective Cobalts are "consumer productions" as that term is defined by 15 U.S.C. § 2301.

- 16 -
**PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))**

Case 09-50026-mg Doc 12621-24 Filed 04/21/14 Entered 04/21/14 20:24:57 Exhibit 33 Pg 18 of 20
Case 8:14-cv-00476-ABC-SPR Document 1-2 Filed 03/28/14 Page 17 of 15 Page ID #:33

79. Plaintiff and the Nationwide Class members are consumers as that term is defined by 15 U.S.C. § 2301.

80. GM is a supplier as that terms is defined by 15 U.S.C. § 2301.

81. GM is a warrantor as that term is defined by 15 U.S.C. § 2301.

82. GM provided Plaintiff and the Nationwide Class members with implied warranties as defined by 15 U.S.C. § 2301. When the vehicles were sold or leased to Plaintiff and the Nationwide Class members, implied warranties under state law attached, specifically the implied warranty of merchantability.

83. GM sold the defective Cobalts with the defective Key System, which rendered the Vehicles unfit for their ordinary purpose.

84. Any attempt by GM to disclaim the implied warranty of merchantability with respect to the defective Cobalts is void due to GM's knowledge, or failure to know, of the defective Key System when the defective Cobalts were sold or leased to Plaintiff and the Nationwide class members.

85. Any attempt by GM to disclaim the implied warranty of merchantability with respect to the defective Cobalts is void because GM provided Plaintiff and the Nationwide class members with written warranties as that term is defined by 15 U.S.C. § 2301.

86. Plaintiff and the Nationwide class members suffered damages, and continue to suffer damages, as a direct and proximate result of GM's breach of the implied warranty of merchantability.

87. Plaintiff and the Nationwide class members are entitled to damages, equitable relief, including refusal or revocation of acceptance of the Vehicles, and attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

- 17 -
PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(a) That the Court certify this action as a class action, appointing Plaintiff as class representative and appointing Plaintiff's counsel as lead class counsel;

(b) That the Court enjoin GM from continuing the unfair business practices alleged in this Complaint and requiring GM to repair the Defective Cobalts;

(c) That the Court award Plaintiff and the other Class members compensatory damages in an amount to be proven at trial;

(d) That the Court award Plaintiff and the other Class members punitive damages in an amount to be proven at trial;

(e) That the Court award Plaintiff and the other class members attorneys' fees, costs, and expenses; and

(f) That the Court award Plaintiff and the other Class members all other and further relief as the Court deems appropriate and just under the circumstances.

Dated: March 28, 2014

Michael A. Gould
Aarin A. Zeif
GOULD AND ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Taylor Deushane

- 18 -
PLAINTIFF'S INITIAL DISCLOSURES (F.R.C.P. 26(a)(1))

# DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury on all issues so triable.

Dated: March 28, 2014

Michael A. Gould
Aarin A. Zeif
GOULD AND ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Taylor Deushane