# Exhibit EE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-_____

ANDRE HAMID, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

GENERAL MOTORS, LLC, a Delaware limited liability company,

    Defendant

## CLASS ACTION COMPLAINT

Plaintiff Andre Hamid, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this Class Action Complaint against General Motors, LLC, a Delaware liability company ("GM").

### STATEMENT OF THE CASE

1.    Plaintiff brings this class action on behalf of all persons in the state of Colorado who own certain GM vehicles of model years 2003 through 2007 that were recalled due to a faulty ignition switch.  The faulty switch presents a serious safety concern for the operators of the recalled vehicles, as well as others on the road and, in fact, has caused numerous accidents and fatalities.  On information and belief, GM knew of the faulty ignition switch long before it finally took action and recalled the vehicles.  The purpose of this lawsuit is to ensure that consumers affected by this recall receive timely and accurate notification of the safety risks

1

associated with the recalled vehicles. Plaintiff also seeks to recover for himself and all Class Members damages including, without limitation, the diminution in value of the recalled vehicles.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an individual and resident of the State of Colorado.

3. Defendant General Motors, LLC is a limited liability company organized under the laws of the State of Delaware with its headquarters located in Detroit, Michigan. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. §§1331 and 1332(d). The number of Class Members exceeds 100 and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Venue is proper under 28 U.S.C. §1391.

## FACTUAL BACKGROUND

5. In 2007, Plaintiff purchased a new 2007 Chevrolet Cobalt manufactured and sold by GM. Plaintiff purchased the vehicle in reliance on his belief in the Cobalt's safety.

6. GM subsequently recalled Plaintiff's vehicle and numerous others due to a defective ignition switch. The vehicles recalled included the 2003 to 2007 Saturn Ion, 2005 to 2007 Chevrolet Cobalt, 2006 to 2007 Chevrolet HHR, 2006 to 2007 Pontiac Solstice, 2007 Saturn Sky, and 2005 to 2007 Pontiac G5. The number of vehicles recalled in the United States was approximately 2.5 million.

7. The defect in the recalled vehicles arises from an ignition switch that shuts down

if jostled, effectively turning the car off. This creates a safety hazard, which is amplified because the air bags in recalled vehicles will not function with the ignition off.

8.  The ignition switch defect has been identified as the cause of numerous crashes and fatalities.

9.  As a result of this defect, Plaintiff, along with numerous Class Members, suffered economic harm. In particular, the recalled vehicles have a significantly lesser value than they would have had if not defective.

10. On information and belief, GM has known of the ignition problem for many years. Nonetheless, on information and belief, the problem was intentionally concealed by GM and was not disclosed to Plaintiff or other purchases. Had Plaintiff known of the ignition problem, he would not have purchased his Cobalt or, at a minimum, would have paid less than he did.

11. The recalled vehicles are not safe to operate until an ignition switch of different design than that used at present is installed.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL PERSONS WHO PURCHASED OR LEASED ANY OF THE RECALLED VEHICLES.

13. This action is properly brought as a class action for the following reasons:

   a.  The Class is so numerous that joinder of all Class Members is

    impracticable.

b.  Numerous questions of law and fact regarding the liability of GM are common to the Class and predominate over any individual issues which may exist. Common questions include: 1) whether the recalled vehicles were materially defective; 2) whether GM concealed the defects; and 3) whether GM misrepresented the vehicles as safe.

c.  The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from GM's records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.  Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for GM.

f.  The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual

4

      Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

  g.  GM acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Colorado Consumer Protection Act, §6-1-101, *et seq*.)**

14.  Plaintiff incorporates by reference all of the above paragraphs.

15.  Plaintiff and Class Members are consumers who purchased and/or leased goods from GM, *i.e.,* the recalled vehicles.

16.  GM had a statutory duty to refrain from misleading and confusing unfair or deceptive acts in the manufacture, marketing and/or sale or leasing of the recalled vehicles to Plaintiff and Class Members. As described herein, GM violated this duty.

17.  Plaintiff and Class Members justifiably relied on GM's wrongful conduct and/or representations. GM's concealment, misrepresentations and/or material omissions to Plaintiff and Class Members are unfair competition or unfair or deceptive acts or practices in violation of the Colorado Consumer Protection Act. GM engaged in this wrongful conduct while, at the same time, obtaining significant sums of money from Plaintiff and Class Members under false pretenses. GM's deceptive acts significantly impacted the public as actual or potential customers of GM.

5

18. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty)

19. Plaintiff incorporates by reference all of the above paragraphs.

20. At all relevant times, GM was a merchant as defined by the Uniform Commercial Code ("UCC").

21. GM expressly warranted that the recalled vehicles were safe and were merchantable and fit for use for particular purposes at the time of purchase and sale. These warranties became part of the basis of the bargain.

22. The recalled vehicles were unfit for the particular purpose for which they were manufactured, marketed and/or sold at the time of purchase and sale.

23. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Implied Warranty)

24. Plaintiff incorporates by reference all of the above paragraphs.

25. At all relevant times, GM was a merchant as defined by the UCC.

26. GM implicitly warranted that the recalled vehicles were safe and were merchantable and fit for use for particular purposes at the time of purchase and sale.

27. The recalled vehicles were unfit for the particular purpose for which they were manufactured, marketed and/or sold at the time of purchase and sale.

6

28. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

29. Plaintiff incorporates by reference all of the above paragraphs.

30. GM had knowledge of the safety defect of the recalled vehicles but failed to disclose that defect to Plaintiff and Class Members.

31. Plaintiff and Class Members conferred benefits on GM as a result of GM's failure to disclose the defect.

32. To allow GM to retain these benefits under these circumstances would be unjust and inequitable.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Concealment)

33. Plaintiff incorporates by reference all of the above paragraphs.

34. In selling the recalled vehicles to Plaintiff and Class Members, GM omitted, concealed and/or misrepresented material information concerning the ignition switch defect.

35. Plaintiff and Class Members justifiably relied on GM's misrepresentations and/or omissions when they purchased the recalled vehicles.

36. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)

37. Plaintiff incorporates by reference all of the above paragraphs.

7

38. GM entered into valid contracts with Plaintiff and Class Members, which contracts contained an implied covenant of good faith and fair dealing.

39. Plaintiff and Class Members have performed all conditions precedent.

40. Through the conduct described herein, GM breached these contracts.

41. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (Federal Consumer Protection)

42. Plaintiff incorporates by reference all of the above paragraphs.

43. GM has violated federal consumer protection statutes, including but not limited to 15 U.S.C. §2301, *et seq.* (the Magnuson-Moss Warranty Act).

44. GM had knowledge of the safety defect described herein but failed to remedy the issue.

45. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## JURY DEMAND

46. Plaintiff demands a trial by jury as to all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against GM as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class

Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members restitution and disgorgement of GM's profits;

6. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

7. Awarding Plaintiff and Class Members statutory penalties and/or punitive damages as provided by law; and

8. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

fRespectfully submitted this 2nd day of April, 2014.

                *s/Brian D. Gonzales*
                _____

                Brian D. Gonzales
                THE LAW OFFICES OF
                BRIAN D. GONZALES, PLLC
                123 North College Avenue, Suite 200
                Fort Collins, Colorado  80524
                Telephone: (970) 212-4665
                Facsimile: (303) 539-9812
                BGonzales@ColoradoWageLaw.com

                *Counsel for Plaintiff*