# Exhibit FF

FILED
2014 Apr-09  PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DIANNE ASHWORTH, KAREN MOORE, DAVID DEAN, SANDRA DE ATLEY, PAUL GLANTZ, CATHY ROADS, MORAIMA SERPA and STEVEN ANDERSON, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) ) | CIVIL ACTION NO: CV-14-JHE-0607-S JURY DEMAND |
| GENERAL MOTORS, LLC, | ) ) ) | |
| Defendant. | ) | |

# FIRST AMENDED
# CLASS ACTION COMPLAINT

Plaintiffs (collectively "Plaintiffs"), individually and on behalf of all other members of the below-defined nationwide class they respectively seek to represent (collectively the "Class"), for their Class Action Complaint (the "Complaint") allege against General Motors LLC ("GM" or "Defendant"), upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief,

1

based upon the investigation made by the undersigned attorneys, as follows:

## NATURE OF THE CASE

1.      Plaintiffs bring this action seeking redress and remedy from GM on behalf of themselves and the other Class members, each of whom purchased or leased one or more of the following vehicles: the 2006-2007 Pontiac Solstice, 2005-2007 Chevrolet Cobalt, the 2005-2007 Pontiac G5, 2003-2007 Saturn Ion, 2006-2007 Chevrolet HHR, 2009-2010 Chevrolet HHR, 2005-2006 Pontiac Pursuit (Canada), 2007 Saturn Sky, 2004-2009, 2004-2007 Chevrolet Malibu, 2004-2007 Saturn Aura ("Class Models").

2.      Defendant, GM and its predecessor[1], manufactured and distributed the following vehicles during the class period: the 2006-2007 Pontiac Solstice, 2005-2007 Chevrolet Cobalt, the 2005-2007 Pontiac G5, 2003-2007 Saturn Ion, 2006-2007 Chevrolet HHR, 2009-2010 Chevrolet HHR, 2005-2006 Pontiac Pursuit (Canada), 2007 Saturn Sky, 2004-2009, 2004-2007 Chevrolet Malibu, 2004-2007 Saturn Aura ("Class Models").

3.      GM and its predecessor marketed, warranted and sold the Class Models as safe and reliable.  However, beginning in February 2014 and continuing through

---

[1]General Motos LLC is the successor entity to General Motors Corporation as a result of a bankruptcy reorganization finalized in late 2009.

2

March 2014, GM began to issue recalls for the Class Models due to a defective ignition switch that was subject to move out of the "run" position, resulting in a partial loss of electrical power and turning off the engine while in traffic, disabling the power steering, power brakes and air bags and causing difficulty in controlling the vehicles.

## JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d).  Plaintiffs allege and believe that the aggregate claims of the Class exceed $5,000,000.00 exclusive of interest and costs. There are thousands of Class members and more than two-thirds of the Class is diverse from GM.

5.     This Court has personal jurisdiction over GM because GM's contacts with the State of Alabama are systematic, continuous, and sufficient to subject it to personal jurisdiction in this Court.

6.     Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District, and because Plaintiff Ashworth is a resident of Jefferson County, Alabama, which is in this District.

## PARTIES

### Plaintiffs

7.      Plaintiff Dianne Ashworth is a citizen of Alabama and a resident of Jefferson County, Alabama.

8.      Plaintiff Ashworth owns a 2006 Pontiac Solstice.

9.      As a result of GM's fraudulent concealment and misrepresentations about the existence of the defective ignition switch or about the severity and extent of the defects, at the time she purchased her vehicle, Ashworth had no knowledge of the conditions or diminished value of the 2006 Pontiac Solstice she purchased. Plaintiff Ashworth purchased her Solstice used in 2009. Plaintiff Ashworth paid $17,000.00 for the vehicle, not knowing that the vehicle was sold containing the defective ignition switch.

10.      GM should have disclosed the Key System defects when Plaintiff Ashworth purchased the vehicle. Plaintiff Ashworth would not have purchased the vehicle had she known of the defects.

11.      Plaintiff Karen Moore is a citizen of San Antonio, Texas.

12.      Plaintiff Moore owns a 2005 Chevrolet Cobalt.

13.      As a result of GM's fraudulent concealment and misrepresentations about the existence of the defective ignition switch or about the severity and extent of the defects, at the time she purchased her vehicle, Moore had no knowledge of the conditions or diminished value of the 2005 Chevrolet Colbalt she purchased. Plaintiff

4

Moore purchased her Colbalt used in 2006.  Plaintiff Colbalt purchased the vehicle, not knowing that the vehicle was sold containing the defective ignition switch.

14.   Plaintiff Moore and her son, who currently owns the car, has tried to have the car repaired and obtain a loaner.  However, they were told not to worry - it was not a big deal and to not have weight on the key chain.  Plaintiff Moore was not given a loaner.

15.   GM should have disclosed the Key System defects when Plaintiff Moore purchased the vehicle.  Plaintiff Moore would not have purchased the vehicle had she known of the defects.

16.   Plaintiff David Dean is a citizen of Roseville, California.

17.   Plaintiff Dean owns a 2005 Saturn Ion.

18.   As a result of GM's fraudulent concealment and misrepresentations about the existence of the defective ignition switch or about the severity and extent of the defects, at the time he purchased his vehicle, Dean had no knowledge of the conditions or diminished value of the 2005 Saturn Ion he purchased.  Plaintiff Dean purchased his Ion new.  Plaintiff Dean purchased the vehicle, not knowing that the vehicle was sold containing the defective ignition switch.

19.   The vehicle's ignition would lock up intermittently while Plaintiff Dean was driving said vehicle.  Plaintiff Dean has had the key replaced several times;

5

however, that has not cured the problem.

20.    GM should have disclosed the Key System defects when Plaintiff Dean purchased the vehicle.  Plaintiff Dean would not have purchased the vehicle had he known of the defects.

21.    Plaintiff Sandra De Atley is a citizen of Brownsburg, Indiana.

22.    Plaintiff De Atley owns a 2005 Saturn Ion.

23.    As a result of GM's fraudulent concealment and misrepresentations about the existence of the defective ignition switch or about the severity and extent of the defects, at the time she purchased her vehicle, De Atley had no knowledge of the conditions or diminished value of the 2005 Saturn Ion she purchased.  Plaintiff De Atley purchased her Ion new.  Plaintiff De Atley purchased the vehicle, not knowing that the vehicle was sold containing the defective ignition switch.

24.    Plaintiff De Atley's vehicle would not start and would not crank intermittently.  Plaintiff De Atley had the switch repaired in November 2012; however, she is not sure that this repaired solved the problems with the vehicle.

25.    GM should have disclosed the Key System defects when Plaintiff De Atley purchased the vehicle.  Plaintiff Dean would not have purchased the vehicle had she known of the defects.

26.    Plaintiff Paul Glantz is a citizen of Agawam, Massachusetts.

6

27.  Plaintiff Glantz owns a 2007 Pontiac Solstice.

28.  As a result of GM's fraudulent concealment and misrepresentations about the existence of the defective ignition switch or about the severity and extent of the defects, at the time he purchased his vehicle, Glantz had no knowledge of the conditions or diminished value of the 2007 Pontiac Solstice he purchased. Plaintiff Glantz purchased his Solstice new. Plaintiff Glantz purchased for the vehicle, not knowing that the vehicle was sold containing the defective ignition switch.

29.  Plaintiff Glantz has the vehicle stored at the current time due to the ignition shutting off while driving.

30.  GM should have disclosed the Key System defects when Plaintiff Glantz purchased the vehicle. Plaintiff Glantz would not have purchased the vehicle had he known of the defects.

31.  Plaintiff Cathy Roads is a citizen of Prairieton, Indiana.

32.  Plaintiff Roads owns a 2003 Saturn Ion.

33.  As a result of GM's fraudulent concealment and misrepresentations about the existence of the defective ignition switch or about the severity and extent of the defects, at the time she purchased her vehicle, Roads had no knowledge of the conditions or diminished value of the 2003 Saturn Ion she purchased. Plaintiff Roads purchased her Ion used. Plaintiff Roads purchased the vehicle, not knowing that the

vehicle was sold containing the defective ignition switch.

34.     Plaintiff Roads started having problems with the ignition switch last summer (2013). Plaintiff Roads could not get the key out of the ignition and had to leave the key in the ignition over night. This continued to occur while Plaintiff Roads was driving the vehicle. Plaintiff Roads would have to use a screw driver to release the switch.

35.     Plaintiff Roads purchased the vehicle in order to transport her disabled grandson to psychiatrist and therapy appointments.

36.     Plaintiff Roads contacted the dealership where she purchased the vehicle regarding the ignition switch and was told repairs would cost her $300 and above. Plaintiff Roads did not have the money to take the vehicle into the dealership for repairs.

37.     GM should have disclosed the Key System defects when Plaintiff Roads purchased the vehicle. Plaintiff Roads would not have purchased the vehicle had she known of the defects.

38.     Plaintiff Moraima Serpa is a citizen of Sebastian, Florida.

39.     Plaintiff Serpa owns a 2006 Chevrolet HHR.

40.     As a result of GM's fraudulent concealment and misrepresentations about the existence of the defective ignition switch or about the severity and extent of the

defects, at the time she purchased her vehicle, Serpa had no knowledge of the conditions or diminished value of the 2006 Chevrolet HHR she purchased. Plaintiff Serpa purchased her HHR as a dealer demo. Plaintiff Serpa purchased the vehicle, not knowing that the vehicle was sold containing the defective ignition switch.

41.   Plaintiff Serpa has been told by dealerships in Vero Beach and Melbourne, Florida that parts are not available to repair the ignition switch and it may be May before they receive them. Plaintiff Serpa asked for a loaner car until the recall parts came in and was told she could not have one.

42.   GM should have disclosed the Key System defects when Plaintiff Serpa purchased the vehicle. Plaintiff Serpa would not have purchased the vehicle had she known of the defects.

43.   Plaintiff Steven Anderson is a citizen of Lompoc, California.

44.   Plaintiff Anderson owns a 2007 Pontiac G5.

45.   As a result of GM's fraudulent concealment and misrepresentations about the existence of the defective ignition switch or about the severity and extent of the defects, at the time he purchased his vehicle, Anderson had no knowledge of the conditions or diminished value of the 2007 Pontiac G5 he purchased. Plaintiff Anderson purchased his G5 new. Plaintiff Anderson purchased the vehicle, not knowing that the vehicle was sold containing the defective ignition switch.

46.     Plaintiff Anderson's vehicle would not start as the ignition would lock up. Plaintiff Anderson has had the key replaced several times; however, that has not cured the problem.

47.     GM should have disclosed the Key System defects when Plaintiff Anderson purchased the vehicle. Plaintiff Anderson would not have purchased the vehicle had he known of the defects.

48.     Plaintiff Balisha Averhart is a citizen of Upland, California.

49.     Plaintiff Averhart owns a 2006 Chevrolet Colbalt.

50.     Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Averhart purchased the vehicle, not knowing that, as sold, was defective.

51.     While driving her vehicle, it would shut off when she would stop, specifically at traffic lights. The steering wheel would lock up when the vehicle was parked and the key could not be removed. Plaintiff Averhart has taken her car to the dealership and requested a loaner as she has two small children and does not feel safe in the car. However, nothing has been done. Furthermore, Plaintiff Averhart's vehicle was hit with a big rig's tread on the highway, which caused considerable

10

damage to her car, and the vehicle's air bag(s) did not deploy.

52.    GM should have disclosed the Key System defects when Plaintiff Averhart purchased the vehicle.  Plaintiff Averhart would not have purchased the vehicle had she known of the defects.

53.    Plaintiff Cheree Batchelor is a citizen of Sacramento, California.

54.    Plaintiff Batchelor owns a 2003-2007 Saturn Ion.

55.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Batchelor purchased the vehicle, not knowing that, as sold, was defective.

56.    Plaintiff Batchelor's vehicle's ignition would lock up intermittently and she has been told by the local dealership, in her area, that the parts are not available to repair her vehicle.  Plaintiff Batchelor feels unsafe driving the vehicle due to the ignition problems.

57.    GM should have disclosed the Key System defects when Plaintiff Batchelor purchased the vehicle.  Plaintiff Batchelor would not have purchased the vehicle had she known of the defects.

58.    Plaintiff Percy Battee is a citizen of Tyler, Texas.

11

59.    Plaintiff Battee owns a 2007 Chevrolet HHR.

60.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Battee bought his 2007 Chevrolet HHR used on August 28, 2007 in Mineola, Texas at Dow Auto Plex.  Plaintiff Battee purchased the vehicle, not knowing that, as sold, was defective.

61.    Plaintiff Battee's vehicle's ignition would shut off intermittently and would not turn on.

62.    GM should have disclosed the Key System defects when Plaintiff Battee purchased the vehicle.  Plaintiff Battee would not have purchased the vehicle had he known of the defects.

63.    Plaintiff Everett Beardsley is a citizen of Storrs, Connecticut.

64.    Plaintiff Beardsley owns a 2003-2007 Saturn Ion.

65.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Beardsley purchased the vehicle, not knowing that, as sold, was defective.

12

66.    Plaintiff Beardsley had to pull over in traffic, several times on the highway, because the vehicle lost power steering.

67.    GM should have disclosed the Key System defects when Plaintiff Beardsley purchased the vehicle.  Plaintiff Beardsley would not have purchased the vehicle had he known of the defects.

68.    Plaintiff Karen Bellomy is a citizen of Lily, Kentucky.

69.    Plaintiff Bellomy owns a 2005-2007 Chevrolet Colbalt.

70.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Bellomy purchased the vehicle, not knowing that, as sold, was defective.

71.    Plaintiff Bellomy is having to wait for parts to come in regarding the recall and Bellomy is concerned and afraid something is going to happen to the vehicle or its passengers while she is driving it.

72.    GM should have disclosed the Key System defects when Plaintiff Bellomy purchased the vehicle.  Plaintiff Bellomy would not have purchased the vehicle had she known of the defects.

73.    Plaintiff Neddie Birney is a citizen of North East, Maryland.

13

74.     Plaintiff Birney owns a 2007 Chevrolet Colbalt.

75.     Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Birney purchased the vehicle, not knowing that, as sold, was defective.

76.     Plaintiff Birney has had issues with the vehicle's switch turning off and on while she is driving.  Furthermore, Plaintiff Burney has had problems with the key not come out of the ignition.

77.     GM should have disclosed the Key System defects when Plaintiff Birney purchased the vehicle.  Plaintiff Birney would not have purchased the vehicle had she known of the defects.

78.     Plaintiff Ellis Black is a citizen of Lithonia, Georgia.

79.     Plaintiff Black owned a 2005-2007 Chevrolet Cobalt.

80.     Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Black purchased the vehicle, not knowing that, as sold, was defective.

81.     Plaintiff Black had to sell his car because it kept stalling out.  Every time he took it to the dealership, they told him they could not find anything wrong with the vehicle.  Plaintiff Black, therefore, had to sell the car at a loss and buy another vehicle.

82.     GM should have disclosed the Key System defects when Plaintiff Black purchased the vehicle.  Plaintiff Black would not have purchased the vehicle had he known of the defects.

83.     Plaintiff Tahnea Black is a citizen of Lithonia, Georgia.

84.     Plaintiff T. Black owned a 2005-2007 Chevrolet Cobalt.

85.     Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff T. Black purchased the vehicle, not knowing that, as sold, was defective.

86.     Plaintiff T. Black's vehicle would cut off without warning.  Plaintiff T. Black had it towed to the dealership every time this occurred and was told they could not find anything wrong with the vehicle.  T. Black had to trade her car at a loss.

87.     GM should have disclosed the Key System defects when Plaintiff T. Black purchased the vehicle.  Plaintiff T. Black would not have purchased the vehicle

had she known of the defects.

88.     Plaintiff Lynda Booher is a citizen of Dayton, Ohio.

89.     Plaintiff Booher owns a 2008 Chevrolet HHR.

90.     Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Booher purchased the vehicle, not knowing that, as sold, was defective.

91.     GM should have disclosed the Key System defects when Plaintiff Booher purchased the vehicle. Plaintiff Booher would not have purchased the vehicle had she known of the defects.

92.     Plaintiff Vanessa Bowman is a citizen of Belleville, Michigan.

93.     Plaintiff Bowman owns a 2007 Chevrolet HHR.

94.     Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Bowman purchased the vehicle, not knowing that, as sold, was defective.

95.     Plaintiff Bowman has no other vehicle to drive and feels unsafe in her

16

Case 2:14-cv-00607-3HE    Document 3    Filed 04/09/14    Page 17 of 90

vehicle; however, has no choice but to drive it. The vehicle was worth approximately $7,000 prior to the recall and now it is worth zero dollars.

96.    GM should have disclosed the Key System defects when Plaintiff Bowman purchased the vehicle.  Plaintiff Bowman would not have purchased the vehicle had she known of the defects.

97.    Plaintiff Pamela Bryant is a citizen of Hollywood, Florida.

98.    Plaintiff Bryant owned a 2005-2007 Chevrolet Cobalt.

99.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Bryant purchased the vehicle, not knowing that, as sold, was defective.

100.    Due to the many issues with the vehicle, Plaintiff Bryant does not own this vehicle any longer.

101.    GM should have disclosed the Key System defects when Plaintiff Bryant purchased the vehicle.  Plaintiff Bryant would not have purchased the vehicle had she known of the defects.

102.    Plaintiff Virginia Bryant is a citizen of Fort Wayne, Indiana.

103.    Plaintiff V. Bryant owns a 2005-2007 Pontiac G5.

104.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff V. Bryant purchased the vehicle, not knowing that, as sold, was defective.

105.   V. Bryant's vehicle's ignition would not release and would turn on intermittently.

106.   GM should have disclosed the Key System defects when Plaintiff V. Bryant purchased the vehicle.  Plaintiff V. Bryant would not have purchased the vehicle had she known of the defects.

107.   Plaintiff James Caratozzolo is a citizen of Woodland Park, New Jersey.

108.   Plaintiff Caratozzolo owns a 2006 Chevrolet HHR.

109.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left his without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Caratozzolo purchased his 2006 Chevrolet HHR new from Hawthorne Chevrolet in Hawthorne, New Jersey.   Plaintiff Caratozzolo purchased the vehicle, not knowing that, as sold, was defective.

110.   Plaintiff Caratozzolo had problems with the ignition switch and replaced

18

it at his cost prior to the recall.

111.   GM should have disclosed the Key System defects when Plaintiff Caratozzolo purchased the vehicle.  Plaintiff Caratozzolo would not have purchased the vehicle had he known of the defects.

112.   Plaintiff Sonja Collins is a citizen of Pikeville, North Carolina.

113.   Plaintiff Collins owned a 2005-2007 Chevrolet Cobalt.

114.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Collins purchased the vehicle, not knowing that, as sold, was defective.

115.   Plaintiff Collins' daughter was put into dangerous driving situations when the vehicle cut off while driving on the highway.  Collins' daughter was stranded at night, by herself, due to the vehicle's problems.  The vehicle also shut off while Collins' daughter was in a McDonald's drive-thru and the vehicle had to be pushed out of the line into a parking space.

116.   Plaintiff Collins' son was driving the vehicle and it cut off on the highway.  The vehicle had to be towed by AAA and was told it was the battery.  Plaintiff Collins replaced the battery; however, it continued to shut off while it was

being driven.

117.   Due to these continuous problems with the vehicle and Plaintiff Collins' concerns with her children driving the vehicle, she junked the vehicle in 2013.

118.   GM should have disclosed the Key System defects when Plaintiff Collins purchased the vehicle.  Plaintiff Collins would not have purchased the vehicle had she known of the defects.

119.   Plaintiff Robert Cooper is a citizen of Belle Vernon, Pennsylvania.

120.   Plaintiff Cooper owns a 2005-2007 Chevrolet Cobalt.

121.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Cooper purchased the vehicle, not knowing that, as sold, was defective.

122.   GM should have disclosed the Key System defects when Plaintiff Cooper purchased the vehicle.  Plaintiff Cooper would not have purchased the vehicle had he known of the defects.

123.   Plaintiff Daniel Covert is a citizen of Avondale Estates, Georgia.

124.   Plaintiff Covert owns a 2005-2007 Chevrolet Cobalt.

125.   Induced by GM's fraudulent concealment and misrepresentations about

the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Covert purchased the vehicle, not knowing that, as sold, was defective.

126.   Covert's vehicle would shut off numerous times and the key would get stuck in the ignition.

127.   GM should have disclosed the Key System defects when Plaintiff Covert purchased the vehicle. Plaintiff Covert would not have purchased the vehicle had he known of the defects.

128.   Plaintiff Christina Crosby is a citizen of Newark, Ohio.

129.   Plaintiff Crosby owns a 2005-2007 Chevrolet Cobalt.

130.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.   Plaintiff Crosby purchased the vehicle, not knowing that, as sold, was defective.

131.   Plaintiff Crosby's vehicle's ignition malfunctioned all the time.

132.   GM should have disclosed the Key System defects when Plaintiff Crosby purchased the vehicle. Plaintiff Crosby would not have purchased the vehicle had she

known of the defects.

133.    Plaintiff Allicia Dean is a citizen of Tallahassee, Florida.

134.    Plaintiff A. Dean owns a 2006 Chevrolet Cobalt.

135.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff A. Dean purchased the vehicle in October 2006 new, not knowing that, as sold, was defective.

136.    Plaintiff A. Dean had to take her vehicle in to the dealership to have the key removed from the ignition because it was stuck.  A. Dean had to pay the dealership out-of-pocket to have the key removed.

137.    Plaintiff A. Dean is afraid to drive the vehicle.  A. Dean asked the dealership for a loaner until the parts came in and was told they could not do that. Therefore, A. Dean has to drive a defective vehicle until the parts are available.

138.    GM should have disclosed the Key System defects when Plaintiff A. Dean purchased the vehicle.  Plaintiff A. Dean would not have purchased the vehicle had she known of the defects.

139.    Plaintiff Scott Dodge is a citizen of Lake Orion, Michigan.

140.    Plaintiff Dodge owns a 2006-2007 Pontiac Solstice.

22

141.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Dodge purchased the vehicle, not knowing that, as sold, was defective.

142.    GM should have disclosed the Key System defects when Plaintiff Dodge purchased the vehicle.  Plaintiff Dodge would not have purchased the vehicle had he known of the defects.

143.    Plaintiff David Downing is a citizen of Las Vegas, Nevada.

144.    Plaintiff Downing owns a 2005-2007 Chevrolet Cobalt.

145.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Downing purchased the vehicle, not knowing that, as sold, was defective.

146.    GM should have disclosed the Key System defects when Plaintiff Downing purchased the vehicle.  Plaintiff Downing would not have purchased the vehicle had he known of the defects.

147.    Plaintiff Brandi Dutton is a citizen of Waukee, Iowa.

23

148.   Plaintiff Dutton owns a 2003-2007 Saturn Ion.

149.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Dutton purchased the vehicle, not knowing that, as sold, was defective.

150.   GM should have disclosed the Key System defects when Plaintiff Dutton purchased the vehicle.  Plaintiff Dutton would not have purchased the vehicle had she known of the defects.

151.   Plaintiff William Feehley is a citizen of Baltimore, Maryland.

152.   Plaintiff Feehley owns a 2005-2007 Chevrolet Cobalt.

153.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Feehley purchased the vehicle, not knowing that, as sold, was defective.

154.   Plaintiff Feehley's vehicle's key could be removed while the vehicle was running.

155.   GM should have disclosed the Key System defects when Plaintiff

Feehley purchased the vehicle. Plaintiff Feehley would not have purchased the vehicle had he known of the defects.

156.   Plaintiff Janice Follmer is a citizen of Sparta, Illinois.

157.   Plaintiff Follmer owns a 2005-2007 Chevrolet Cobalt.

158.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Follmer purchased the vehicle, not knowing that, as sold, was defective.

159.   Along with the vehicle's ignition issues, Plaintiff Follmer was involved in an accident where she was hit from behind and the vehicle's air bag(s) did not deploy.

160.   GM should have disclosed the Key System defects when Plaintiff Follmer purchased the vehicle. Plaintiff Fommer would not have purchased the vehicle had she known of the defects.

161.   Plaintiff Deloris Foster is a citizen of St. Louis, Missouri.

162.   Plaintiff Foster owns a 2005-2007 Chevrolet Colbalt.

163.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without

knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Foster purchased the vehicle, not knowing that, as sold, was defective.

164.    Plaintiff Foster had problems with the ignition switch along with other issues relating to the switch and had to pay out-of-pocket for the repairs.

165.    GM should have disclosed the Key System defects when Plaintiff Foster purchased the vehicle. Plaintiff Foster would not have purchased the vehicle had she known of the defects.

166.    Plaintiff Deena Frankhouser is a citizen of Yeagertown, Pennsylvania.

167.    Plaintiff Frankhouser owns a 2003-2007 Saturn Ion.

168.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Frankhouser purchased the vehicle used in November 2012 from Easy Auto in Lewistown, Pennsylvania. Plaintiff Frankhouser purchased the vehicle, not knowing that, as sold, was defective.

169.    Along with the vehicle's ignition issues, Plaintiff Frankhouser's vehicle has had issues with the power steering and metal coming out of the tires. Plaintiff contacted the dealership and was told that the part(s) are not available and she should

just remove all keys from the key chain and keep driving the vehicle. Plaintiff Frankhouser is frustrated and afraid to drive the vehicle with such defective parts.

170. GM should have disclosed the Key System defects when Plaintiff Frankhouser purchased the vehicle. Plaintiff Frankhouser would not have purchased the vehicle had she known of the defects.

171. Plaintiff Kara Fuller is a citizen of Wenham, Massachusetts.

172. Plaintiff Fuller owns a 2005-2007 Chevrolet Cobalt.

173. Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Fuller purchased the vehicle, not knowing that, as sold, was defective.

174. Plaintiff Fuller's vehicle would suddenly stop while she was driving. She had not heard of the recall at the time and, after her own research, discovered the ignition problem and recall. Plaintiff Fuller called the Chevrolet dealership to complain and inquire about the recall. Plaintiff Fuller was told to continue to drive the vehicle without her key chain. Plaintiff Fuller's job requires her to drive and she is scared to drive the vehicle.

175. GM should have disclosed the Key System defects when Plaintiff Fuller

27

purchased the vehicle. Plaintiff Fuller would not have purchased the vehicle had she known of the defects.

176.  Plaintiff Salvatore Gallo is a citizen of Rochester, New York.

177.  Plaintiff Gallo owns a 2006 Chevrolet Cobalt.

178.  Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Gallo leased his 2006 Cobalt new from the Bob Johnson Dealership in Rochester, New York. Plaintiff Gallo leased the vehicle, not knowing that, as sold, was defective.

179.  Plaintiff Gallo had numerous problems with the ignition, specifically, getting the key to turn on and off. The key also would stick in the ignition.

180.  GM should have disclosed the Key System defects when Plaintiff Gallo leased the vehicle. Plaintiff Gallo would not have leased the vehicle had he known of the defects.

181.  Plaintiff Nicholas Gretch is a citizen of Buffalo, New York.

182.  Plaintiff Gretch owns a 2006-2007 Chevrolet HHR.

183.  Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without

28

knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Gretch purchased the vehicle, not knowing that, as sold, was defective.

184.   Plaintiff Gretch had to remove all items from his ignition key in order to prevent any issues with the vehicle. Plaintiff Gretch has been a loyal GM customer for years; however, is disgusted on how GM mishandled this issue. GM put his family and, specifically his 22 month old son, in danger by not disclosing this ignition switch issue.

185.   GM should have disclosed the Key System defects when Plaintiff Gretch purchased the vehicle. Plaintiff Gretch would not have purchased the vehicle had he known of the defects.

186.   Plaintiff Elridge Gums is a citizen of Beaumont, Texas.

187.   Plaintiff Gums owns a 2006 Chevrolet HHR.

188.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Gums purchased the vehicle, not knowing that, as sold, was defective.

189.   Plaintiff Gum's vehicle stalled multiple occasions with his fiance and

29

infant child in the vehicle.  Plaintiff Gum lost time from work because he had no means of transportation after the vehicle would not start.  The vehicle had to be towed to the dealership and Plaintiff Gum paid out-of-pocket to be told that they could not find anything wrong with the vehicle.  Plaintiff Gum does feel safe driving the vehicle or letting his family in the vehicle.

190.   GM should have disclosed the Key System defects when Plaintiff Gum purchased the vehicle.  Plaintiff Gum would not have purchased the vehicle had he known of the defects.

191.   Plaintiff Jamie Hendrickson is a citizen of Pascoag, Rhode Island.

192.   Plaintiff Hendrickson owns a 2003-2007 Saturn Ion.

193.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Hendrickson purchased the vehicle, not knowing that, as sold, was defective.

194.   Plaintiff Hendrickson had to replace (out-of-pocket) the vehicle's ignition switch because the vehicle would not shut off when the key was removed from the ignition.

195.   GM should have disclosed the Key System defects when Plaintiff

30

Hendrickson purchased the vehicle. Plaintiff Hendrickson would not have purchased the vehicle had he known of the defects.

196.   Plaintiff Christina Hernandez is a citizen of Buena Park, California.

197.   Plaintiff Hernandez owns a 2007 Saturn Sky.

198.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Hernandez purchased the vehicle, not knowing that, as sold, was defective.

199.   Plaintiff Hernandez suffered whiplash and required chiropractic treatment due to the vehicle's faulty ignition switch.

200.   GM should have disclosed the Key System defects when Plaintiff Hernandez purchased the vehicle. Plaintiff Hernandez would not have purchased the vehicle had she known of the defects.

201.   Plaintiff Jillian Higgins is a citizen of Pembroke, Massachusetts.

202.   Plaintiff Higgins owns a 2003-2007 Saturn Ion.

203.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such

unremedied defects.  Plaintiff Higgins purchased the vehicle, not knowing that, as sold, was defective.

204.   Plaintiff Higgins' vehicle has had countless failed attempts to start the vehicle.  The ignition problem/failure has had a negative impact on Plaintiff Higgins' ownership of the vehicle.

205.   GM should have disclosed the Key System defects when Plaintiff Higgins purchased the vehicle.  Plaintiff Higgins would not have purchased the vehicle had she known of the defects.

206.   Plaintiff Kenneth Hite is a citizen of Gaston, South Carolina.

207.   Plaintiff Hite owns a 2005-2007 Chevrolet Cobalt.

208.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Hite purchased the vehicle, not knowing that, as sold, was defective.

209.   Plaintiff Hite's vehicle, without warning, would not shut off on numerous occasions.

210.   GM should have disclosed the Key System defects when Plaintiff Hite purchased the vehicle.  Plaintiff Hite would not have purchased the vehicle had he

known of the defects.

211.   Plaintiff Cecilia Honeywood is a citizen of Miami Gardens, Florida.

212.   Plaintiff Honeywood owned a 2006-2007 Chevrolet HHR.

213.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Honeywood purchased the vehicle, not knowing that, as sold, was defective.

214.   Because of the vehicle's ignition problems, Plaintiff Honeywood had to get rid of the vehicle at a loss.

215.   GM should have disclosed the Key System defects when Plaintiff Honeywood purchased the vehicle.  Plaintiff Honeywood would not have purchased the vehicle had she known of the defects.

216.   Plaintiff Simmion Howell is a citizen of Citrus Heights, California.

217.   Plaintiff Howell owned a 2006-2007 Chevrolet HHR.

218.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Howell purchased the vehicle, not knowing that, as sold,

was defective.

219.   Due to the problems with the vehicle's ignition switch, Plaintiff Howell had to trade her vehicle at a loss.

220.   GM should have disclosed the Key System defects when Plaintiff Howell purchased the vehicle. Plaintiff Howell would not have purchased the vehicle had she known of the defects.

221.   Plaintiff Emily Humphries is a citizen of Red Bay, Alabama.

222.   Plaintiff Humphries owns a 2006 Chevrolet Cobalt.

223.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Humphries purchased her 2006 Chevrolet Cobalt used in February 2013, by paying cash, from a dealership in Red Bay, Alabama. Plaintiff Humphries purchased the vehicle, not knowing that, as sold, was defective.

224.   Plaintiff Humphries was rear-ended due to the vehicle stalling while driving.

225.   GM should have disclosed the Key System defects when Plaintiff Humphries purchased the vehicle. Plaintiff Humphries would not have purchased the vehicle had she known of the defects.

226.    Plaintiff Christine (Chris) Ingram is a citizen of Kansas City, Missouri.

227.    Plaintiff Ingram owned a 2003 Saturn Ion and now owns a 2004 Saturn Ion.

228.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Ingram purchased her 2004 Saturn Ion used in 2007/2008 from Olathe Saturn in Olathe, Kansas.  Plaintiff Ingram purchased the vehicle, not knowing that, as sold, was defective.

229.    Plaintiff Ingram owned a 2003 Saturn and now owns a 2004 Saturn Ion. Both vehicles' ignition switches have been replaced at Ingram's cost due to the vehicle losing power while she was driving on the interstate.  Furthermore, the 2004 Saturn Ion needs another ignition switch replacement.

230.    GM should have disclosed the Key System defects when Plaintiff Ingram purchased the vehicle.  Plaintiff Ingram would not have purchased the vehicle had she known of the defects.

231.    Plaintiff Cheryl Jackson is a citizen of Atlanta, Georgia.

232.    Plaintiff Jackson owned a 2006 Chevrolet Cobalt.

233.    Induced by GM's fraudulent concealment and misrepresentations about

35

the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Jackson purchased the vehicle, not knowing that, as sold, was defective.

234. GM should have disclosed the Key System defects when Plaintiff Jackson purchased the vehicle. Plaintiff Jackson would not have purchased the vehicle had she known of the defects.

235. Plaintiff Gloria Jackson is a citizen of Decatur, Alabama.

236. Plaintiff G. Jackson owns a 2003-2007 Saturn Ion.

237. Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff G. Jackson purchased the vehicle, not knowing that, as sold, was defective.

238. GM should have disclosed the Key System defects when Plaintiff G. Jackson purchased the vehicle. Plaintiff G. Jackson would not have purchased the vehicle had she known of the defects.

239. Plaintiff Lakeisha Jones is a citizen of Midlothia, Illinois.

240. Plaintiff Jones owns a 2006-2007 Chevrolet HHR.

Case 2:14-cv-00807-3HE    Document 3    Filed 04/09/14    Page 37 of 90

241.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Jones purchased the vehicle, not knowing that, as sold, was defective.

242.   The vehicle's ignition would lock up intermittently while Plaintiff Jones was driving said vehicle.

243.   GM should have disclosed the Key System defects when Plaintiff Jones purchased the vehicle.  Plaintiff Jones would not have purchased the vehicle had she known of the defects.

244.   Plaintiff Jean Joseph is a citizen of Wareham, Massachusetts.

245.   Plaintiff Joseph owns a 2003-2007 Saturn Ion.

246.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Joseph purchased the vehicle, not knowing that, as sold, was defective.

247.   GM should have disclosed the Key System defects when Plaintiff Joseph purchased the vehicle.  Plaintiff Joseph would not have purchased the vehicle had she

37

known of the defects.

248.  Plaintiff Jamie Kennedy is a citizen of Dallas, Texas.

249.  Plaintiff Kennedy owns a 2005-2007 Chevrolet Cobalt.

250.  Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Kennedy purchased the vehicle, not knowing that, as sold, was defective.

251.  The ignition failed to operate and Plaintiff Kennedy had to have it replaced onsite by a mobile mechanic, out-of-pocket.  The vehicle could not be towed to the dealership.

252.  GM should have disclosed the Key System defects when Plaintiff Kennedy purchased the vehicle.  Plaintiff Kennedy would not have purchased the vehicle had he known of the defects.

253.  Plaintiff Amy Kidd is a citizen of Tucson, Arizona.

254.  Plaintiff Kidd owns a 2006-2007 Chevrolet HHR.

255.  Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such

38

unremedied defects.  Plaintiff Kidd purchased the vehicle, not knowing that, as sold, was defective.

256.   Plaintiff Kidd's vehicle's ignition would lock up intermittently and the power steering would go out while Plaintiff Kidd was driving said vehicle.

257.   GM should have disclosed the Key System defects when Plaintiff Kidd purchased the vehicle.  Plaintiff Kidd would not have purchased the vehicle had she known of the defects.

258.   Plaintiff Donna Lech is a citizen of Tamaqua, Pennsylvania.

259.   Plaintiff Lech owns a 2005-2007 Chevrolet Cobalt.

260.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Lech purchased the vehicle, not knowing that, as sold, was defective.

261.   GM should have disclosed the Key System defects when Plaintiff Lech purchased the vehicle.  Plaintiff Lech would not have purchased the vehicle had she known of the defects.

262.   Plaintiff Theresa Lee is a citizen of Atlanta, Georgia.

263.   Plaintiff Lee owns a 2006-2007 Chevrolet HHR.

264.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Lee purchased the vehicle, not knowing that, as sold, was defective.

265.   Plaintiff Lee has been driving and the vehicle would shut off and then start back.  The service department of the dealership told Plaintiff Lee it would cost over $1,000.00 to repair.

266.   GM should have disclosed the Key System defects when Plaintiff Lee purchased the vehicle.  Plaintiff Lee would not have purchased the vehicle had she known of the defects.

267.   Plaintiff Dina Lein is a citizen of Menasha, Wisconsin.

268.   Plaintiff Lein owns a 2003-2007 Saturn Ion.

269.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Lein purchased the vehicle, not knowing that, as sold, was defective.

270.   The ignition switch on Plaintiff Lein's vehicle turns off while she is

40

driving down the road with her three children.  Plaintiff Lein is afraid to drive the vehicle any longer with her children in the vehicle.

271.   GM should have disclosed the Key System defects when Plaintiff Lein purchased the vehicle.  Plaintiff Lein would not have purchased the vehicle had she known of the defects.

272.   Plaintiff Kari Lynn is a citizen of Deerfield Beach, Florida.

273.   Plaintiff Lynn owns a 2005-2007 Chevrolet Cobalt.

274.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Lynn purchased her Chevrolet Cobalt used on January 4, 2014 in Miami, Florida.  Plaintiff Lynn purchased the vehicle, not knowing that, as sold, was defective.

275.   Plaintiff Lynn has attempted to have the ignition switch repaired, through AAA, on her own as she feels unsafe in the vehicle.  However, AAA cannot find a mechanic who can repair the problem.

276.   GM should have disclosed the Key System defects when Plaintiff Lynn purchased the vehicle.  Plaintiff Lynn would not have purchased the vehicle had she known of the defects.

277.   Plaintiff Sharon Macon is a citizen of Fishers, Indiana.

278.   Plaintiff Macon owns a 2003-2007 Saturn Ion.

279.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Macon purchased the vehicle, not knowing that, as sold, was defective.

280.   GM should have disclosed the Key System defects when Plaintiff Macon purchased the vehicle.  Plaintiff Macon would not have purchased the vehicle had she known of the defects.

281.   Plaintiff David Matamoros is a citizen of Phoenix, Arizonia.

282.   Plaintiff Matamoros owns a 2006 Chevrolet HHR.

283.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Matamoros purchased the vehicle used in August 2013. Plaintiff Matamoros purchased the vehicle, not knowing that, as sold, was defective.

284.   Plaintiff Matamoros has had issues with his vehicle.  When Plaintiff Matamoros took the car to the dealership, he was told the issue was only with the

Cobalts.  Plaintiff Matamoros is afraid to drive the vehicle.

285.    GM should have disclosed the Key System defects when Plaintiff Matamoros purchased the vehicle.  Plaintiff Matamoros would not have purchased the vehicle had he known of the defects.

286.    Plaintiff Dionne R. McMath is a citizen of Washington, District of Columbia.

287.    Plaintiff McMath owns a 2006 Chevrolet Cobalt.

288.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff McMath purchased the vehicle, not knowing that, as sold, was defective.

289.    During the time that McMath has owned the vehicle, Plaintiff McMath has had issues with the vehicle shutting off while driving.  The vehicle has been taken in for service; however, Plaintiff McMath continues to experience the problems with the ignition switch.

290.    GM should have disclosed the Key System defects when Plaintiff McMath purchased the vehicle.  Plaintiff McMath would not have purchased the vehicle had she known of the defects.

291.    Plaintiff Leslie Miles is a citizen of Lansing, Michigan.

292.    Plaintiff Miles owns a 2006 Chevrolet Cobalt.

293.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Miles purchased the vehicle, not knowing that, as sold, was defective.

294.    Plaintiff Miles' vehicle stalled while she was driving and she was unable to steer.  Plaintiff Miles experienced this problems numerous times.  Plaintiff Miles had the vehicle repaired, at her cost, prior to the recall as she was afraid to drive the vehicle until it was repaired.

295.    GM should have disclosed the Key System defects when Plaintiff Miles purchased the vehicle.  Plaintiff Miles would not have purchased the vehicle had she known of the defects.

296.    Plaintiff Brian Miller is a citizen of Lindstrom, Minnesota.

297.    Plaintiff Miller owns a 2006-2007 Chevrolet HHR.

298.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such

44

unremedied defects.  Plaintiff Miller purchased the vehicle, not knowing that, as sold, was defective.

299.    Plaintiff Miller has had faulty starting many times as the car would not start unless the key was turned off and on numerous times.

300.    GM should have disclosed the Key System defects when Plaintiff Miller purchased the vehicle.  Plaintiff Miller would not have purchased the vehicle had he known of the defects.

301.    Plaintiff Bonnie Milton is a citizen of Lebanon, Maine.

302.    Plaintiff Milton owned a 2005-2007 Chevrolet Cobalt LS.

303.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Milton purchased her Chevrolet Cobalt LS used in February 2011 from Berlin City Auto, South Portland, Maine and paid $9,740.00.  Plaintiff Milton purchased the vehicle, not knowing that, as sold, was defective.

304.    Plaintiff Milton dealt with issues with the vehicle for 2 1/2 years and defaulted on her loan in August 2013.  Prior to letting the car go back, Plaintiff Milton spent countless monies trying to get the problem resolved; however, no mechanic could find the problem.

305.    GM should have disclosed the Key System defects when Plaintiff Milton purchased the vehicle.  Plaintiff Milton would not have purchased the vehicle had she known of the defects.

306.    Plaintiff Robert Moore is a citizen of Oakland, California.

307.    Plaintiff Moore owned a 2005-2007 Pontiac G5.

308.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Moore purchased the vehicle, not knowing that, as sold, was defective.

309.    Because of the numerous problems with the ignition switch, Plaintiff Moore sold the vehicle.

310.    GM should have disclosed the Key System defects when Plaintiff Moore purchased the vehicle.  Plaintiff Moore would not have purchased the vehicle had he known of the defects.

311.    Plaintiff Chris Morgan is a citizen of Pisgah, Alabama.

312.    Plaintiff Morgan owns a 2003 Saturn Ion.

313.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without

46

knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Morgan purchased his 2003 Saturn Ion used from a private owner and paid cash. Plaintiff Morgan purchased the vehicle, not knowing that, as sold, was defective.

314.   Plaintiff Morgan's vehicle started making a clicking sound from the ignition. The key would get stuck in the ignition all the time and the car could not be turned off. The vehicle's power steering goes out at random times with a ding-ding noise and an alert on dash saying "PWR STEERING." Furthermore, the vehicle will not start in weather below 50 degrees.

315.   Plaintiff Morgan had the starter replaced twice and purchased 2 new batteries trying to repair the problems. Plaintiff Morgan also took his vehicle to a dealership and they refused to check out the ignition. Plaintiff Morgan has sent numerous complaints and emails to GM regarding the problems he has had and continues to have with his vehicle.

316.   GM should have disclosed the Key System defects when Plaintiff Morgan purchased the vehicle. Plaintiff Morgan would not have purchased the vehicle had he known of the defects.

317.   Plaintiff Misty Onyeador is a citizen of Brentwood, California.

318.   Plaintiff Onyeader owns a 2003-2007 Saturn Ion.

319.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Onyeader purchased the vehicle, not knowing that, as sold, was defective.

320.   GM should have disclosed the Key System defects when Plaintiff Onyeader purchased the vehicle.  Plaintiff Onyeader would not have purchased the vehicle had she known of the defects.

321.   Plaintiff Frank Oswald is a citizen of Warren, Ohio.

322.   Plaintiff Oswald owns a 2003-2007 Saturn Ion.

323.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Oswald purchased the vehicle, not knowing that, as sold, was defective.

324.   GM should have disclosed the Key System defects when Plaintiff Oswald purchased the vehicle.  Plaintiff Oswald would not have purchased the vehicle had he known of the defects.

325.   Plaintiff Lawrence Palsmeier is a citizen of Paola, Kansas.

326.   Plaintiff Palsmeier owns a 2007 Saturn Ion.

327.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Palsmeier purchased his 2006 Saturn Ion used in May 2010 in Olathe, Kansas and paid $9,995.00.  Plaintiff Palsmeier purchased the vehicle, not knowing that, as sold, was defective.

328.   Plaintiff Palsmeier has called to check on the recall parts and has been told the parts are not available at the current time.  Plaintiff Palsmeier is afraid to drive the vehicle until the recall repairs are completed.

329.   GM should have disclosed the Key System defects when Plaintiff Palsmeier purchased the vehicle.  Plaintiff Palsmeier would not have purchased the vehicle had he known of the defects.

330.   Plaintiff Migdalia Pereira-Lopez is a citizen of Fayetteville, North Carolina.

331.   Plaintiff Pereira-Lopez owns a 2006 Saturn Ion.

332.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such

49

unremedied defects. Plaintiff Pereira-Lopez furchased the vehicle, not knowing that, as sold, was defective.

333.    Plaintiff Pereira-Lopez's vehicle's ignition would shut off intermittently.

334.    GM should have disclosed the Key System defects when Plaintiff Pereira-Lopez purchased the vehicle. Plaintiff Pereira-Lopez would not have purchased the vehicle had she known of the defects.

335.    Plaintiff Jessica Pinon is a citizen of Tempe, Arizona.

336.    Plaintiff Pinon owns a 2005-2007 Chevrolet Cobalt.

337.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Pinon purchased her Cobalt used in September 2006 in El Paso, Texas. Plaintiff Pinon purchased the vehicle, not knowing that, as sold, was defective.

338.    Plaintiff Pinon experienced her first problem with the ignition in 2010 when her vehicle shut off as she was slowing down behind a vehicle that was pulling into a shopping center. Plaintiff Pinon had to turn the wheel and coast into a spot in front of a store. Plaintiff Pinon attempted to turn the vehicle back on but the steering wheel was stuck and would not turn in any direction. Moreover, the key would not

come out of the ignition switch.  Plaintiff Pinon immediately called GM and was told

that they had never encountered that problem with their vehicles.  Plaintiff Pinon

never heard from GM and had to pay out-of-pocket for her repairs to the vehicle.

339.  GM should have disclosed the Key System defects when Plaintiff Pinon

purchased the vehicle.  Plaintiff Pinon would not have purchased the vehicle had she

known of the defects.

340.  Plaintiff Ledell Pope is a citizen of Dallas, Texas.

341.  Plaintiff Pope owns a 2006-2007 Chevrolet HHR.

342.  Induced by GM's fraudulent concealment and misrepresentations about

the existence of a defect of the severity and extent of defects, which left him without

knowledge of the conditions or the lack of value in a vehicle containing such

unremedied defects.  Plaintiff Pope purchased the vehicle, not knowing that, as sold,

was defective.

343.  GM should have disclosed the Key System defects when Plaintiff Pope

purchased the vehicle.  Plaintiff Pope would not have purchased the vehicle had he

known of the defects.

344.  Plaintiff Juanita Quinn is a citizen of Natchez, Mississippi.

345.  Plaintiff Quinn owns a 2006 Chevrolet HHR.

346.  Induced by GM's fraudulent concealment and misrepresentations about

the existence of a defect of the severity and extent of defects, which left her without

knowledge of the conditions or the lack of value in a vehicle containing such

unremedied defects.  Plaintiff Quinn purchased her Chevrolet HHR used in September

2008 from East Automotive in Natchez, Mississippi.  Plaintiff Quinn purchased the

vehicle, not knowing that, as sold, was defective.

347.   In addition to the vehicle's ignition issues, Plaintiff Quinn's husband had

a wreck in the vehicle and the air bag(s) did not deploy.

348.   GM should have disclosed the Key System defects when Plaintiff Quinn

purchased the vehicle.  Plaintiff Quinn would not have purchased the vehicle had she

known of the defects.

349.   Plaintiff Randall Rice is a citizen of Westland, Michigan.

350.   Plaintiff Rice owns a 2005-2007 Chevrolet Cobalt.

351.   Induced by GM's fraudulent concealment and misrepresentations about

the existence of a defect of the severity and extent of defects, which left him without

knowledge of the conditions or the lack of value in a vehicle containing such

unremedied defects.   Plaintiff Rice purchased the vehicle, not knowing that, as sold,

was defective.

352.   In addition to the ignition switch problems, Plaintiff Rice rear-ended

another vehicle and the air bag(s) did not deploy.

353.    GM should have disclosed the Key System defects when Plaintiff Rice purchased the vehicle.  Plaintiff Rice would not have purchased the vehicle had he known of the defects.

354.    Plaintiff Gregory Rolling is a citizen of St. Louis, Missouri.

355.    Plaintiff Rolling owns a 2006 Saturn Ion 2.

356.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Rolling purchased his 2006 Saturn Ion 2 used from a dealership in St. Louis, Missouri on August 24, 2007.  Plaintiff Rolling purchased the vehicle, not knowing that, as sold, was defective.

357.    On a family road trip to Chicago, Illinois, Plaintiff Rolling could not get the key out of the ignition when he turned off the vehicle.  Plaintiff Rolling had to pay out-of-pocket for a lock and key service to remove the key.

358.    GM should have disclosed the Key System defects when Plaintiff Rolling purchased the vehicle.  Plaintiff Rolling would not have purchased the vehicle had he known of the defects.

359.    Plaintiff Donna Schneider is a citizen of Mason, Ohio.

360.    Plaintiff Schneider owns a 2005-2007 Chevrolet Cobalt.

53

361.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Schneider purchased the vehicle, not knowing that, as sold, was defective.

362.   GM should have disclosed the Key System defects when Plaintiff Schneider purchased the vehicle.  Plaintiff Schneider would not have purchased the vehicle had she known of the defects.

363.   Plaintiff Ladena Scott is a citizen of Bakersfield, California.

364.   Plaintiff Scott owns a 2005-2007 Saturn Aura.

365.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Scott purchased the vehicle, not knowing that, as sold, was defective.

366.   Along with the ignition problems, Plaintiff Scott was involved in an accident the vehicle's air bag(s) did not deploy.  Plaintiff Scott, her children and the passenger in the car had injuries due to the accident.

367.   GM should have disclosed the Key System defects when Plaintiff Scott

purchased the vehicle.  Plaintiff Scott would not have purchased the vehicle had she known of the defects.

368.   Plaintiff Karissa Shorter is a citizen of Pointblank, Texas.

369.   Plaintiff Shorter owned a 2005-2007 Pontiac G5.

370.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Shorter purchased the vehicle, not knowing that, as sold, was defective.

371.   Plaintiff Shorter was driving at 60 mph when the vehicle died and the steering locked up.  Plaintiff Shorter was lucky to get the vehicle off the highway without an accident; however, she was scared she was going to be killed.  When Plaintiff Shorter took her vehicle to the dealership, they could not find anything wrong with the vehicle and charged Shorter for checking the car and the use of a rental car. A few days later, Plaintiff Shorter could not get her vehicle to start and the steering locked up.  Plaintiff Shorter had the vehicle towed again.  The dealership replaced the ignition switch (at Shorter's expense) and told her it was her keys that were causing the problem.

372.   Because Plaintiff Shorter was afraid to drive the vehicle, she took a loss

on a trade. Throughout her issues with the vehicle, she was told repeatedly that she was the only one with complaints regarding the ignition switch.

373.   GM should have disclosed the Key System defects when Plaintiff Shorter purchased the vehicle. Plaintiff Shorter would not have purchased the vehicle had she known of the defects.

374.   Plaintiff Tracy Skinner is a citizen of Sherburne, New York.

375.   Plaintiff Skinner owns a 2005-2007 Chevrolet Cobalt.

376.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.   Plaintiff Skinner purchased the vehicle, not knowing that, as sold, was defective.

377.   GM should have disclosed the Key System defects when Plaintiff Skinner purchased the vehicle. Plaintiff Skinner would not have purchased the vehicle had she known of the defects.

378.   Plaintiff Karla Smith is a citizen of Grimsley, Tennessee.

379.   Plaintiff Smith owns a 2005-2007 Chevrolet Cobalt.

380.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without

knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Smith purchased the vehicle, not knowing that, as sold, was defective.

381.   GM should have disclosed the Key System defects when Plaintiff Smith purchased the vehicle.  Plaintiff Smith would not have purchased the vehicle had she known of the defects.

382.   Plaintiff Ann Snover is a citizen of Saint Clair Shores, Michigan.

383.   Plaintiff Snover owns a 2003-2007 Saturn Ion.

384.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Snover purchased the vehicle, not knowing that, as sold, was defective.

385.   GM should have disclosed the Key System defects when Plaintiff Snover purchased the vehicle.  Plaintiff Snover would not have purchased the vehicle had she known of the defects.

386.   Plaintiff Lori Stephans is a citizen of Taft, Tennessee.

387.   Plaintiff Stephans owns a 2007 Pontiac Solstice.

388.   Induced by GM's fraudulent concealment and misrepresentations about

57

the existence of a defect of the severity and extent of defects, which left her without
knowledge of the conditions or the lack of value in a vehicle containing such
unremedied defects.  Plaintiff Stephans purchased her 2007 Pontiac Solstice new in
March 2007 in Daytona Beach, Florida.  Plaintiff Stephans purchased the vehicle, not
knowing that, as sold, was defective.

389.   Plaintiff Stephans' vehicle's ignition would lock up intermittently.
Plaintiff Stephans has been told parts are not available and to remove everything from
the key even the fob.

390.   GM should have disclosed the Key System defects when Plaintiff
Stephans purchased the vehicle.  Plaintiff Stephans would not have purchased the
vehicle had she known of the defects.

391.   Plaintiff Geraldine Stevens is a citizen of Pawtucket, Rhode Island.

392.   Plaintiff Stevens owns a 2007 Saturn Sky.

393.   Induced by GM's fraudulent concealment and misrepresentations about
the existence of a defect of the severity and extent of defects, which left her without
knowledge of the conditions or the lack of value in a vehicle containing such
unremedied defects.   Plaintiff Stevens purchased the vehicle, not knowing that, as
sold, was defective.

394.   Plaintiff Stevens was driving off the highway and the vehicle just turned

58

off.

395.    GM should have disclosed the Key System defects when Plaintiff Stevens purchased the vehicle. Plaintiff Stevens would not have purchased the vehicle had she known of the defects.

396.    Plaintiff AJ Stovall is a citizen of Memphis, Tennessee.

397.    Plaintiff Stovall owns a 2003-2007 Saturn Ion.

398.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.   Plaintiff Stovall purchased the vehicle, not knowing that, as sold, was defective.

399.    GM should have disclosed the Key System defects when Plaintiff Stovall purchased the vehicle. Plaintiff Stovall would not have purchased the vehicle had he known of the defects.

400.    Plaintiff Joseph Suman is a citizen of Eaton, Ohio.

401.    Plaintiff Suman a 2003-2007 Saturn Ion.

402.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such

unremedied defects. Plaintiff Suman purchased the vehicle, not knowing that, as sold, was defective.

403.   Plaintiff Suman's partner's grandmother owned the vehicle prior to his owning the vehicle. The grandmother had an accident in the vehicle which brought on dementia.

404.   GM should have disclosed the Key System defects when Plaintiff Suman purchased the vehicle. Plaintiff Suman would not have purchased the vehicle had he known of the defects.

405.   Plaintiff Kathy Sussell is a citizen of Jerome, Michigan.

406.   Plaintiff Sussell owns a 2006-2007 Chevrolet HHR.

407.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Sussell purchased the vehicle, not knowing that, as sold, was defective.

408.   Plaintiff Sussell's vehicle has had problems with the ignition. Plaintiff Sussell is afraid to drive the vehicle. Furthermore, Plaintiff Sussell was involved in an accident and the vehicle's air bag(s) did not deploy.

409.   GM should have disclosed the Key System defects when Plaintiff Sussell

purchased the vehicle. Plaintiff Sussell would not have purchased the vehicle had she known of the defects.

410.   Plaintiff Stephen Switzer is a citizen of Lakewood, Ohio.

411.   Plaintiff Switzer owns a 2005-2007 Chevrolet Colbalt.

412.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left his without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Switzer purchased the vehicle, not knowing that, as sold, was defective.

413.   Plaintiff Switzer is not comfortable driving his vehicle. Switzer's vehicle is paid for and he is not in a position to take on another car payment.

414.   GM should have disclosed the Key System defects when Plaintiff Switzer purchased the vehicle. Plaintiff Switzer would not have purchased the vehicle had he known of the defects.

415.   Plaintiff Amanda Thompson is a citizen of Gilbert, Arizona.

416.   Plaintiff Thompson owns a 2005-2007 Chevrolet Cobalt.

417.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such

unremedied defects.  Plaintiff Thompson purchased the vehicle, not knowing that, as sold, was defective.

418.    GM should have disclosed the Key System defects when Plaintiff Thompson purchased the vehicle.  Plaintiff Thompson would not have purchased the vehicle had she known of the defects.

419.    Plaintiff Debby Trickey is a citizen of Kingston, Tennessee.

420.    Plaintiff Trickey owned a 2007 Saturn Ion.

421.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Trickey purchased the vehicle, not knowing that, as sold, was defective.

422.    In 2010, Plaintiff Trickey lost use of the vehicle because of the ignition switch.  Plaintiff Trickey had to have the vehicle towed to a local GM dealer and was charged for the repairs.  Plaintiff complained to GM about having to pay for these repairs; however, heard nothing from GM.  As soon as the vehicle was repaired, the ignition switch began to have problems again.  The vehicle was towed again, repaired, however, never worked properly again.  Afraid to keep driving the vehicle, Plaintiff Trickey traded the vehicle at a loss.

423.    GM should have disclosed the Key System defects when Plaintiff Trickey purchased the vehicle.  Plaintiff Trickey would not have purchased the vehicle had she known of the defects.

424.    Plaintiff Kristen Tucker is a citizen of Atlanta, Georgia.

425.    Plaintiff Tucker owns a 2005-2007 Chevrolet Colbalt.

426.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Tucker purchased the vehicle, not knowing that, as sold, was defective.

427.    Plaintiff Tucker had an accident, due to the vehicle's ignition problems which caused spinal injury to her upper vertebra. Plaintiff Tucker has ongoing treatments regarding her back injury due to the accident.

428.    GM should have disclosed the Key System defects when Plaintiff Tucker purchased the vehicle.  Plaintiff Tucker would not have purchased the vehicle had she known of the defects.

429.    Plaintiff Natahsa Ulrich is a citizen of West Hollywood, California.

430.    Plaintiff Ulrich owns a 2006-2007 Chevrolet HHR.

431.    Induced by GM's fraudulent concealment and misrepresentations about

63

the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Ulrich purchased the vehicle, not knowing that, as sold, was defective.

432.   On March 20, 2014, Plaintiff Ulrich's vehicle stopped suddenly without warning while she was driving.  At the time, Ulrich had two small children (ages 2 and 4) in the car with her.  Plaintiff Ulrich is afraid to drive the vehicle because of the ignition switch problems.

433.   GM should have disclosed the Key System defects when Plaintiff Ulrich purchased the vehicle.  Plaintiff Ulrich would not have purchased the vehicle had she known of the defects.

434.   Plaintiff Julie Vanevery is a citizen of Bronson, Michigan.

435.   Plaintiff Vanevery owns a 2005-2007 Chevrolet Cobalt.

436.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Vanevery purchased the vehicle, not knowing that, as sold, was defective.

437.   Plaintiff Vanevery is afraid to drive her vehicle with her child due to the

64

vehicle's ignition problems.

438.   GM should have disclosed the Key System defects when Plaintiff Vanevery purchased the vehicle.  Plaintiff Vanevery would not have purchased the vehicle had she known of the defects.

439.   Plaintiff Maple Walker is a citizen of Evans, Georgia.

440.   Plaintiff Walker owns a 2005-2007 Chevrolet Cobalt.

441.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Walker purchased the vehicle, not knowing that, as sold, was defective.

442.   Plaintiff Walker's daughter was driving vehicle when the ignition switch failed and the vehicle went out of control and crashed.  Plaintiff Walker suffered injuries and an ER bill of $10,000.00.

443.   GM should have disclosed the Key System defects when Plaintiff Walker purchased the vehicle.  Plaintiff Walker would not have purchased the vehicle had she known of the defects.

444.   Plaintiff Jamie Wallace is a citizen of Shreveport, Louisiana.

445.   Plaintiff Wallace owns a 2005-2007 Chevrolet Cobalt.

446.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Wallace purchased the vehicle, not knowing that, as sold, was defective.

447.    GM should have disclosed the Key System defects when Plaintiff Wallace purchased the vehicle.  Plaintiff Wallace would not have purchased the vehicle had she known of the defects.

448.    Plaintiff Aaron Webster is a citizen of Lake Charles, Louisiana.

449.    Plaintiff Webster owns a 2005 Saturn Ion.

450.    Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects.  Plaintiff Webster purchased his 2005 Saturn Ion in 2007. Plaintiff Webster purchased the vehicle, not knowing that, as sold, was defective.

451.    Plaintiff Webster's vehicle suddenly shuts off while he is driving the vehicle.  The problem that was more concerning was that the ignition switch would wait an increasingly longer period of time to release the key when it was shut off where an electrical clicking sound would start any time the car was not running.

Plaintiff Webster has tried to have these problems repaired 6 different times at different shops with varying answers regarding the problems. All repairs, to date, which have not resolved the problems, have been paid by Plaintiff Webster.

452. GM should have disclosed the Key System defects when Plaintiff Webster purchased the vehicle. Plaintiff Webster would not have purchased the vehicle had he known of the defects.

453. Plaintiff Marsha Weingarten is a citizen of Delray Beach, Florida..

454. Plaintiff Willis owns a 2006 Chevrolet Cobalt.

455. Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Weingarten purchased the vehicle, not knowing that, as sold, was defective.

456. GM should have disclosed the Key System defects when Plaintiff Weingarten purchased the vehicle. Plaintiff Weingarten would not have purchased the vehicle had she known of the defects.

457. Plaintiff Joanna Willis is a citizen of Washington, District of Columbia.

458. Plaintiff Willis owns a 2006 Saturn Ion.

459. Induced by GM's fraudulent concealment and misrepresentations about

the existence of a defect of the severity and extent of defects, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Willis purchased her 2006 Saturn Ion used at Marlow Heights Saturn in Marlow Heights, Missouri. Plaintiff Willis purchased the vehicle, not knowing that, as sold, was defective.

460.   Plaintiff Willis' vehicle's ignition will not start on a continuous basis. Plaintiff Willis had to pay out-of-pocket to have the vehicle checked prior to the recall.

461.   GM should have disclosed the Key System defects when Plaintiff Willis purchased the vehicle. Plaintiff Willis would not have purchased the vehicle had she known of the defects.

462.   Plaintiff Matthew Witmer is a citizen of Fall River, Massachusetts.

463.   Plaintiff Witmer owns a 2006 Saturn Ion.

464.   Induced by GM's fraudulent concealment and misrepresentations about the existence of a defect of the severity and extent of defects, which left him without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff Witmer purchased his 2006 Saturn Ion new for $17,000.00. Plaintiff Witmer financed the vehicle, not knowing that, as sold, was defective.

68

465.    Plaintiff Witmer's vehicle's ignition switch has already been replaced twice at his cost.

466.    GM should have disclosed the Key System defects when Plaintiff Witmer purchased the vehicle.  Plaintiff Witmer would not have purchased the vehicle had he known of the defects.

## **Defendant**

467.    GM is a Delaware limited liability company doing business in all fifty states (including the District of Columbia) with its principal place of business in Detroit, Michigan.  GM is responsible for the manufacture, distribution, and sale of all GM automobiles in the United States, as well as engineering design, development, research and development, and manufacturing activities in the U.S., Canada, and Mexico.  GM is a wholly-owned subsidiary of General Motors Company, a Delaware corporation headquarters in Detroit, Michigan.

468.    GM was incorporated in 2009 and, on July 10, 2009, acquired substantially all assets and assumed certain liabilities of General Motors Corporation ("GM Corp") through a Section 363 sale under Section 11 of the U.S. Bankruptcy Code.

469.    Because GM acquired and operated GM Corp and ran it as a continuing business enterprise, and because GM was aware from its inception of the ignition

switch defects in the Class Models, GM is liable through successor liability for the deceptive and unfair acts and omissions of GM Corp, as alleged in this Complaint. Moreover, as explained below, GM is fully liable for all losses alleged herein.

470. GM and/or its predecessor first gained knowledge of the defective ignition switch in 2001 during the pre-production testing of the Saturn Ion. The same defective ignition switch part or part number was used in all of the Class Models manufactured by GM during the class period. GM does not take any action to correct the problem with the defective ignition switch at this time.

471. Thereafter, in 2003, a service technician is alerted to the problem with the ignition switch as they closed an inquiry into a stalling Saturn Ion after changing the key ring and observing that the change corrected the problem. GM does not take any action to correct the problem with the defective ignition switch at this time.

472. In 2004, as it is replacing the Chevrolet Cavalier with the Chevrolet Cobalt, GM and/or its predecessor is again made aware of the defective ignition switch being used in these automobiles. GM does not take any action to correct the problem with the defective ignition switch at this time.

473. In November 2004, GM opened an inquiry, Problem Resolution Tracking System N172404 to review a complaint that the 2005 Chevrolet Cobalt could be turned off by the knee while driving.

474.   In May 2005, a new inquiry, Problem Resolution Tracking System N182276, was opened to examine a customer complaint that a 2005 Chevrolet Cobalt's ignition would run off while driving.

475.   In 2005, GM's company engineers made a proposal to correct the problem with the defective ignition switches.  GM's company officials rejected this proposal because in their view correcting the problem would cost too much and take too much time.  According to GM, the cost of correcting these defective ignition switches was only 57 cents per vehicle.

476.   On July 29, 2005, Amber Rose, a 16 year old resident of Maryland died when her 2005 Chevrolet Cobalt crashed into a tree after the automobile lost power due to the ignition switching off, shutting the down the vehicle's electrical system, thereby causing the vehicle's airbags to fail to deploy.

477.   In December 2005, GM sent a service bulletin to dealers informing them a problem with the ignition switch could occur when "the driver is short and has a large and/or heavy key chain." GM did not issue a recall for the Class Models at this time.

478.   In April 2006, GM approved a design change for the ignition switch in the Class Models.  According to Delphi, the manufacturer of the switch, pre-approval testing indicated a "significant increase in torque performance," however, the

performance was still below GM's original specifications for the part. These modified ignitions began to be placed in 2007 model year vehicles for the Class Models. However, as GM has acknowledged, the modified ignition switch had the same part number as the original, defective switch.

479.   In October 2006, a Wisconsin driver is killed during a crash driving a 2005 Chevrolet Cobalt.

480.   In October 2006, GM updates the December 2005 Service Bulletin to include the following additional models and model years: 2007 Saturn Ion and Sky, 2007 Chevrolet HHR, 2007 Pontiac Solstice and 2007 Pontiac G5.

481.   In March 2007, GM is informed of safety issues regarding Amber Rose's accident by the NHTSA; however, no formal investigation is opened.  GM does begin to track front impact crashes involving Chevrolet Cobalts where the air bags failed to deploy.  By the close of 2007, GM had identified 10 of these incidents and in 4 cases had noted that the ignition had switched to the accessory position.

482.   In April 2007, the NHTSA investigation reports on the October 2006 Wisconsin crash that the airbags did not deploy possibly due to ... "power loss due to the movement of the ignition switch just prior to impact."  The vehicle's event data recorder indicated that the power status of the ignition was "accessory" at the time of impact.

72

483.   In September 2007, a NHTSA official contacts the agency's Office of
Defects Investigation ("ODI") to recommend a probe into the failure of the Chevrolet
Cobalts and Saturn Ions to deploy their airbags in crashes.  This recommendation is
prompted by 29 complaints, 4 fatal crashes and 14 field reports.

484.   In November 2007, lacking GM's knowledge that there was a defective
ignition switch in these vehicles, the ODI declines to pursue further investigation of
these claims.

485.   In April 2009, a 2005 Chevrolet Cobalt crashes in Pennsylvania.  The
NHTSA investigates the crash and determines that the airbags failed to deploy upon
impact.  The investigation also found that the vehicle was in the "Accessory" mode
at the time of the crash.

486.   In February 2010, the NHTSA again recommends that the ODI begin a
probe looking into problems with air bags found in Chevrolet Cobalts.  However,
while lacking GM's knowledge of the defective ignition switch and the associated
problems with that switch, the ODI declined to investigate.

487.   In 2012, GM had identified 4 crashes with 4 fatalities involving 2004
Saturn Ions, in addition to 4 other crashes resulting in 6 additional injuries all
attributable to the defective ignition switch.

488.   In addition, in 2012, GM had discovered that there was a difference

73

between the ignition switch torque performance of vehicles beginning in Model Year 2007.

489.   In April 2013, GM learned that there was a difference in the torque performance of a GM service part switch purchased after 2010 when compared to the original ignition switch found in the 2005 Cobalt.

490.   GM hired an external expert who found that the ignition switches installed in earlier model Cobalt and Ion vehicles did not meet GM torque specifications, while those switches produced after a change was made several years later I meed GM's specifications.

491.   By the end of 2013, GM had concluded that the defective ignition switch was to blame for at least 31 crashes and 13 deaths.

492.   On January 31, 2014, GM made the decision to issue a safety recall of model year 2005-2007 Chevrolet Cobalt and Pontiac G5 automobiles.

493.   GM notified the NHTSA of this recall decision, which they stated related to 619,122 vehicles on February 7, 2014.  This recall was official instituted on February 13, 2005 and covered 2005-2007 Chevrolet Cobalts and 2007 Pontiac G5s.

494.   On February 24, 2014, GM submitted a detailed time line to the NHTSA regarding the Cobalt and G5 recall.

495.   On February 25, 2014, GM officially expanded the recall to include

74

2003-2007 Saturn Ions, 2006, 2006-2007 Chevrolet HHRs, 2006-2007 Pontiac Solstices, and 2007 Saturn Skys.  As a result of this expansion, the recall now covered more than 1.3 million vehicles in the United States and more than 1.6 million vehicles worldwide.

496.   On March 11, 2014, GM submitted a detailed time line to the NHTSA related to the recall of the Saturn Ion, Saturn Sky, Chevrolet HHR and Pontiac Solstice.

497.   On March 28, 2014, GM once again expanded the defective ignition switch recall to include all model years of the Chevrolet Cobalt and HHR, the Pontiac G5 and Solstice, and the Saturn Ion and Sky in the United States.  With this recall, the number of affected vehicles is believed to be 2,191.146.

498.   On Tuesday, April 1, 2014, the current GM CEO, Mary Barra, testified before Congress as to why GM took so long to issue a recall for these vehicles. During questioning, Barra admitted that the decision to not issue a recall on these vehicles was due to costs.  Barra admitted that at the time these decision were made, GM was operating under a "cost culture."

## CLASS ALLEGATIONS

499.    Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and/or (b)(3) on behalf of the following:

> All persons and entities who purchases or leased Class Models in the United States up to and including the present (the "Nationwide Class").

500.    The Class are so numerous that joinder of all members is impracticable.

501.    A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

502.    Plaintiffs' claims are typical of the claims of the Class.  As alleged herein, Plaintiffs and members of the Class all sustained damages arising out of the Defendant's same course of unlawful conduct.

503.    The interest of Class members in individually controlling the prosecution of separate actions is theoretical and not practical.  The Class has a high degree of similarity and is cohesive.  Prosecution of the action through multiple representatives would be objectionable and Plaintiffs anticipates no difficulty in the management of this matter as a class action.

504.    Class action status is also warranted under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

505.    Class action status is also warranted under Rule 23(b)(3) because questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Violation of the Magnuson-Moss Warranty Act (Federal "Lemon Law")**
**15 U.S.C. §§2301 *et seq*.**
**(Brought on behalf of the Nationwide Class)**

506.    Plaintiffs ("Plaintiffs," for the purposes of the Nationwide Class' claims) repeat and re-allege the above paragraphs as if fully set forth herein.

507.    Plaintiffs bring this Count on behalf of the Nationwide Class ("Class," for the purposes of this Court).

508.    This Court has jurisdiction to decide claims brought under 15 U.S.C. §2301 by virtue of 28 U.S.C. §1332(a)-(d).

509.    Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(3).

510.    GM is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(4)-(5).

511.    The Defective Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(1).

512.    15 U.S.C. §2310(d)(1) provides a cause of action for any consumer who is damages by the failure of a warrantor to comply with a written or implied warranty.

513.    GM's express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(6).  The Defective Vehicles' implied warranties are covered under 15 U.S.C. §2301(7).

514.    GM breached those warranties as described in more detail above. Without limitation, the Defective Vehicles share a common design defect in that they are equipped with defective Key Systems that can suddenly fail during normal operation, leaving occupants of the Defective Vehicles vulnerable to crashes, serious injury, and death.  GM has admitted that the Defective Vehicles are defective in issuing its recall.

515.    Plaintiffs and each of the other Class members have had sufficient direct dealings with either GM or its agents (dealerships) to establish privity of contract between GM, on the one hand, and Plaintiffs and each of the other Class members, on the other hand.  Nonetheless, privity is not required here because Plaintiffs and each of the other Class members are intended third-party beneficiaries of contracts between GM and its dealers, and specifically, of GM's implied warranties.  The dealers were not intended to be the ultimate consumers of the Defective Vehicles and have no rights under the warranty agreements provided with the Defective Vehicles; the

warranty agreements were designed for and intended to benefit the consumers only.
Finally, privity is also not required because the Defective Vehicles are dangerous
instrumentalities due to the aforementioned defects and non-conformities.

516.   Affording GM a reasonable opportunity to cure its breach of written
warranties would be unnecessary and futile here.  At the time of sale or lease of each
Defective Vehicle, GM knew, should have known, or was reckless in not knowing of
its misrepresentations concerning the Defective Vehicles' inability to perform as
warranted, but nonetheless failed to rectify the situation and/or disclose the defective
design.   Under the circumstances, the remedies available under any informal
settlement procedure would be inadequate and any requirement that Plaintiffs resort
to an informal dispute resolution procedure and/or afford GM a reasonable
opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

517.   Plaintiffs and the other Class members would suffer economic hardship
if they returned their Defective Vehicles but did not receive the return of all payments
made by them.  Because GM is refusing to acknowledge any revocation of acceptance
and return immediately any payments made, Plaintiffs and the other Class members
have not re-accepted their Defective Vehicles by retaining them.

518.   The amount in controversy of Plaintiffs' individual claims meets or
exceeds the sum of $25.  The amount in controversy of this action exceeds the sum

of $5,000,000.00 exclusive of interest and costs, computed on the basis of all claims
to be determined in this lawsuit. Plaintiffs, individually and on behalf of the other
Class members, seek all damages permitted by law, including diminution in value of
their vehicles, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Common Law Breach of Contract and Breach of Warranty
### (Brought on behalf of the Nationwide Class)

519.   Plaintiffs repeat and re-alleges each and every allegation contained above
as if fully set forth herein.

520.   In the alternative to the statutory claims alleged above, Plaintiffs plead
this claim under common law warranty and contract law.

521.   GM breached its warranty and contract obligations by tendering to
Plaintiffs and the Class vehicles that were defective as to their ignition mechanism,
causing the Class Models to suddenly and unexpectedly turn off.

522.   The ignition mechanism defect present in the Class Models did not
constitute merely a minor breach, as the potential for a sudden loss of engine power
placed Plaintiffs and the Class at an unreasonable risk of suffering serious bodily
injury. As such, Plaintiffs and the Class would not have purchased the Class Models
at the price that they did pay, had they known of the ignition mechanism defect.

523.   As a direct and proximate result of Defendant's breach of contract or

80

warranty, Plaintiffs and the Class have suffered damages.

## THIRD CAUSE OF ACTION

### Fraudulent Misrepresentation & Fraudulent Concealment
### (Brought on behalf of the Nationwide Class)

524.    Plaintiffs repeat and re-alleges each and every allegation contained above as if fully set forth herein.

525.    As described above, Defendant made material omissions and affirmative misrepresentations regarding the Class Models.

526.    Defendant knew these representations were false when made.

527.    The vehicles purchased or leased by the Plaintiffs and the Class were defective, unsafe and unreliable because the vehicles were subject to an ignition mechanism defect that would unexpectedly turn off a Class Model's engine.

528.    Defendant had a duty to disclose that these vehicles were defective, unsafe and unreliable because the vehicles were subject to an ignition mechanism defect that would unexpectedly turn off a Class Model's engine.

529.    The aforementioned concealment was material because if it had been disclosed Plaintiffs and the Class would not have bought or leased the vehicles at the same price, or would not have bought or leased the vehicles at all.

530.    The aforementioned representations were material because they were facts that would typically be relied upon by a person purchasing or leasing a new

motor vehicle.  Defendant knew or recklessly disregarded that its representations as to the Class Models were false.  Defendant intentionally made the false statements in order to sell vehicles.

531.   Plaintiffs and the Class relied upon GM's reputation and its failure to disclose the ignition mechanism problems in purchasing or leasing the Class Models.

532.   As a result of their reliance, Plaintiffs and the Class have been injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment at the time of purchase and/or the diminished value of their vehicles.

533. Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiffs.  Plaintiffs and the Class are therefore entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment
### (Brought on behalf of the Nationwide Class)

534.    Plaintiffs repeat and re-alleges each and every allegation contained above as if fully set forth herein.

535.    Plaintiffs and the Class paid the value of vehicles that are not defective, would not be compromised by the need for repairs, and could be safely operated, but were provided with vehicles that are defective, needed repairs, and could not be safely operated.

536.    As such, Plaintiffs and the Class conferred a windfall upon GM, which knew of the windfall and has unjustly retained such benefits.

537.    As direct and proximate result of GM's unjust enrichment, Plaintiffs and the Class have suffered and continue to suffer various damages, including, but not limited to, restitution of all amounts by which Defendant was enriched through its misconduct.

## FIFTH CAUSE OF ACTION

### Violations of State Consumer Protection and Unfair Competition Statutes
### (Brought on behalf of the Nationwide Class)

538.    Plaintiffs repeat and re-alleges each and every allegation contained above as if fully set forth herein.

539.    Defendant engaged in unfair competition or unfair, unconscionable,

deceptive, or fraudulent acts or practices with respect to the sale of the Class Models in violation of the following state consumer protection and unfair competition statutes.

540.  Defendant has violated Ariz.Rev.Stat. §44-1521 *et seq*.

541.  Defendant has violated Cal.Civ.Code §1770 *et seq*., Cal. Bus. & Prof. Code §17200 *et seq*., and the Cal. Bus. & Prof. Code §17070.

542.  Defendant has violated Conn.Gen.Stat. §42-110A, *et seq*.

543.  Defendant had violated D.C. Code Ann. §28-3901 *et seq*.

544.  Defendant has violated Florida Stat. §501.201 *et seq*.

545.  Defendant has violated Ga. Code Ann. §10-1-370 *et seq*.

546.  Defendant has violated 815 Ill.Comp.Stat. 501/1 *et seq*. and 815 Ill.Comp.Stat. 510/1 *et seq*.

547.  Defendant has violated Ind. Code §24-5-0.5.3

548.  Defendant has violated Iowa Code §71H.1 *et seq*.

549.  Defendant has violated Kan.Stat.Ann. §50-623 *et seq*.

550.  Defendant has violated Ky.Rev.Stat. §367.110 *et seq*.

551.  Defendant has violated Md. Code Com. Law §13-101 *et seq*.

552.  Defendant has violated Mass. Gen. Laws chapter 93A §1 *et seq*.

553.  Defendant has violated Mich. Comp. Laws §445.901.

554.  Defendant has violated Minn.Stat. §325F.69 *et seq*. and Minn.Stat.

84

§325D.43 *et seq.*

555.    Defendant has violated Mo.Ann.Stat. §407.020.

556.    Defendant has violated Nev.Rev.Stat. §598.0903 *et seq.*

557.    Defendant has violated N.J.Stat.Ann. §56:8-1, *et seq.*

558.    Defendant has violated N.Y.Gen.Bus. Law §349 *et seq.*

559.    Defendant has violated North Carolina Gen. Stat. §75-1.1 *et seq.*

560.    Defendant has violated Ohio Rev. Code Ann. §1345.01 *et seq.* and Ohio

Rev. Code Ann. §4165.01 *et seq.*

561.    Defendant has violated 73 P.S. §201-1 *et seq.*

562.    Defendant has violated Rhode Island Gen.Laws §6-13.1-1 *et seq.*

563.    Defendant has violated Tex. Bus. & Com. Code §17.41 *et seq.*

*564.*    Defendant has violated Wisc. Stat. §100.18 *et seq.*

565.    Defendant's misrepresentations and omissions regarding the safety and

reliability of its vehicles as set forth in this Complaint were likely to deceive a

reasonable consumer, and the information would be material to a reasonable

consumer.

566.    Defendant's intentional and purposeful acts, described above, were

intended to and did cause Plaintiffs and the Class to pay artificially inflated prices for

Class Models purchased in the states listed above.

567.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Class members have been injured in their business and property in that they paid more for the Class Models than they otherwise would have paid in the absence of Defendant's unlawful conduct.

568.    All of the wrongful conduct alleged herein occurred in the conduct of Defendant's business.    Defendant's wrongful conduct is part of a pattern or generalized course of conduct that was perpetrated nationwide.

569.    Plaintiff and Class members are therefore entitled to all appropriate relief as provided for by the laws of the states listed above, including but not limited to, actual damages, injunctive relief, attorneys' fees, and equitable relief, such as restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendant as a result of its unlawful conduct.

## CALIFORNIA STRICT PRODUCTS LIABILITY AND NEGLIGENCE

570.    Plaintiffs, Christina Hernandez and Ladena Scott, repeat and re-allege the above paragraphs as if fully set forth herein.

571.    This Court has jurisdiction of these pendant State law claims under 28 U.S.C. §1367.

572.    Plaintiffs, Christina Hernandez and Ladena Scott, bought and purchased

their GM vehicles, as described above, for their own personal use and at the time of their accidents were using the vehicles in the intended or reasonably foreseeable manner.

573.   Unknown to Plaintiffs, the vehicles they purchased were in a defective condition when they left Defendant's possession and were sold to Plaintiffs.  The defective ignition switch caused Plaintiffs' vehicles to stop running and causing the car's electrical system to stop working immediately prior to Plaintiffs' accidents. Furthermore, the air bags in Plaintiffs' vehicles failed to deploy during the accidents causing further injury to Plaintiffs.

574.   Defendants had knowledge of these defects at the time the vehicles were sold to Plaintiffs but failed to disclose these facts to the plaintiffs until February 2014.

575.   Plaintiffs suffered physical injury as a result of the defective part negligently and/or wantonly manufactured and sold by the defendant.

## GEORGIA STRICT PRODUCTS LIABILITY AND NEGLIGENCE

576.   Plaintiffs, Kristen Tucker and Maple Walker, repeat and re-allege the above paragraphs as if fully set forth herein.

577.   This Court has jurisdiction of these pendant State law claims under 28 U.S.C. §1367.

578.   Plaintiffs, Kristen Tucker and Maple Walker, bought and purchased their

GM vehicles, as described above, for their own personal use and at the time of their accidents were using the vehicles in the intended or reasonably foreseeable manner. Georgia Statute - Georgia Code §51-1-11 *et seq.*

579.    Unknown to Plaintiffs, the vehicles they purchased were in a defective condition when they left Defendant's possession and were sold to Plaintiffs.  The defective ignition switch caused Plaintiffs' vehicles to stop running and causing the car's electrical system to stop working immediately prior to Plaintiffs' accidents. Furthermore, the air bags in Plaintiffs' vehicles failed to deploy during the accidents causing further injury to Plaintiffs.

580.    Defendants had knowledge of these defects at the time the vehicles were sold to Plaintiffs but failed to disclose these facts to the plaintiffs until February 2014.

581.    Plaintiffs suffered physical injury as a result of the defective part negligently and/or wantonly manufactured and sold by the defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendant and in favor of Plaintiffs and the Class and award the following relief:

A.    That this action be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiffs as the representatives of the Class and Plaintiffs' counsel as counsel for the Class;

88

B.      That the conduct alleged herein be declared, adjudged and decreed to be unlawful;

C.      Compensatory, consequential, and general damages in an amount to be determined at trial;

D.      Costs and disbursements of the action;

E.      Restitution and/or disgorgement of Defendant's ill-gotten gains, and the imposition of an equitable constructive trust over all such amounts for the benefit of the Class;

F.      Pre- and post-judgment interest;

G.      Reasonable attorneys' fees;

H.      That Defendant be enjoined from the conduct challenged herein; and

I.      Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and the Class hereby demand a trial by jury to all claims in this action.

89

Respectfully submitted,

<u>/s/Gregory O. Wiggins</u>
Gregory O. Wiggins
Robert F. Childs, Jr.
Rocco Calamusa, Jr.
Kevin W. Jent
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**<u>DEFENDANT'S ADDRESS:</u>**
General Motors, LLC
c/o Registered Agent
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

General Motors, LLC
300 Renaissance Center
Detroit, Michigan 48265-3000