UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                   Chapter 11

MOTORS LIQUIDATION COMPANY, et al.,                      Case No. 09-50026 (REG)
f/k/a GENERAL MOTORS CORP., et al.,                      (Jointly Administered)

                                    Debtors.
-----------------------------------------------------------------X

Case Management Order #3

      The Court being of the view that supplemental procedures must be put into place

in its asset cases to permit it effectively to manage its caseload; to permit it effectively to

prepare for hearings; and to minimize costs of administration, particularly with respect to

litigation costs;

      And the Court believing that a clarification of procedures that the Court will

follow in this case is in the interests of justice and appropriate to implement Fed. R.

Bankr. P. 9014(e), effective December 1, 2002, and Local Bankruptcy Rule 9014-2,

effective August 2, 2004; it is

      ORDERED, on the Court's own motion, pursuant to Bankruptcy Code sections

105(a) and (d), Fed. R. Bankr. P. 9014(e) and 9017, and Fed. R. Civ. P. 43(e), that in this

case, and adversary proceedings under the umbrella of this case,[1] the following

procedures will apply.

---

[1]     To facilitate the issuance of orders of this character, this order has been based on a standardized form. The Court will be receptive to requests to modify this order to meet the needs of a given case. Amendatory orders will be considered upon notice and hearing. If no objection is expected, requests may be considered on presentment. Prior efforts to secure the consent of all affected parties are strongly encouraged. Requirements that litigants have disregarded in the past, and as to which the Court will expect full compliance, are underlined.

Rule 2004 Examinations

1.  Orders authorizing examinations under Fed. R. Bankr. P. 2004 must be sought

only by the motion required under FRBP 2004(a) and only on notice.  If no opposition is

expected, such a motion may be made on presentment.

Procedures in Contested Matters[2]

2.  Normally the Court will hold evidentiary hearings on motions and applications

(hereafter, "**Motions**") in Contested Matters if, but only if, the Court determines that

there exist material disputed issues of fact.  It may, however, nevertheless order an

evidentiary hearing if the motion papers do not address all arguably relevant facts; in

such event, parties will be notified in advance of the hearing.  To obviate the expense of

drafting supporting affidavits, declarations and similar statements under oath (hereafter,

"**Affidavits**"), and the expense of preparing, transporting, and presenting live witnesses

on matters not likely to be disputed, the Court will take as true representations in

(a) Motions duly signed by counsel subject to Rule 9011, or verified or

sworn to by non-counsel, or

(b) Affidavits accompanying such Motions, except to the extent disputed

in responsive papers by an opposing party.

Proffers at hearings will be unnecessary, and should not be used, provided that the facts

to be proffered are appropriately set forth in the Motion papers.

3.  The initial hearing on all Motions in Contested Matters will be a non-

evidentiary hearing, unless:

---

[2]  For the purposes of this order, a "**Contested Matter**" is any matter other than one (a) in an adversary proceeding or (b) involving a contested petition—and covers matters initiated by motion, application, or notice of proposed action, and whether or not an objection or other response has already been filed.

(a) the Motion is noticed as an evidentiary hearing;

(b) the opposing parties agree that it should be an evidentiary hearing, so advise the Court, and the Court has no objection;

(c) the Motion is of a type specified in Local Bankruptcy Rule 9014-2(b), (c), (d) or (e); or

(c) the Court otherwise directs in advance of the hearing.

If, upon or after the filing of a Motion, any party wishes an evidentiary hearing on a Motion not covered under Local Bankruptcy Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate.  In the absence of an ability to agree, the Court will consider requests for an evidentiary hearing by conference call.  Where bona fide disputes exist as to the need for an evidentiary hearing, requests for an evidentiary hearing will normally be granted. Notwithstanding Local Bankruptcy Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a Motion of the type specified in Local Bankruptcy Rule 9014-2(c), (d) or (e) will be a non-evidentiary hearing.  Normally, interests of judicial economy and the absence of disputed material issues of fact will collectively provide cause shown for holding a non-evidentiary hearing on Motions subject to Local Bankruptcy Rule 9014-2(c), (d) or (e).

4. <u>Concurrently with any request for an evidentiary hearing, Chambers must be notified with an estimate of expected trial time</u>; parties may be informed that a different return date is necessary if the available time on the requested day is insufficient.  Any Motion noticed as an evidentiary hearing must state, just below the return date in the

upper right-hand corner, and prominently (such as with underlining or bold face),

"Evidentiary Hearing Requested."

    5.  Pretrial orders are not required with respect to evidentiary hearings in

Contested Matters unless otherwise ordered by the Court.  However, on any evidentiary

hearing in a Contested Matter, the parties must exchange witness lists, trial exhibits, and

designations of deposition testimony (in each case with a copy to Chambers) no later than

3 full business days before the hearing, except as otherwise ordered by the Court.  Any of

the foregoing not listed or exchanged, whether characterized as "rebuttal" or otherwise,

will not be permitted absent a showing of cause and a showing as to why it could not

have been previously listed and exchanged.

    6.  Except as otherwise ordered by the Court for cause shown before the hearing,

all direct testimony in Contested Matters other than duly designated deposition testimony

must be submitted by Affidavit, and all cross-examination and subsequent examination

will  be taken live.  Unless otherwise ordered by the Court, all Affidavits must be

submitted to the adversary and the Court no later than 3 full business days before the

hearing.

    7.  Notwithstanding the foregoing, parties may, if they are so advised, introduce

the testimony of witnesses who reasonably can be expected not to be cooperative (such as

employees or agents of adversaries) by calling them as adverse witnesses and taking their

testimony on "adverse direct."  For cause shown, parties may ask the Court to take direct

testimony "live" as well.  The Court will normally regard taking direct testimony "live"

as appropriate if, but only if, matters of credibility are important in the particular case,

and credibility on direct, as well as after cross-examination, is at issue; the Court will

normally regard "live" direct as inappropriate where the bulk of the testimony is

historical or involves more than minimal discussion of accounting information or other

financial or numerical analysis.  In any instances where direct testimony too will proceed

"live," the proponent(s) of such testimony will be responsible for so advising the Court's

chambers in advance, and taking such steps (*e.g.* subpoenas) as are necessary to secure

the attendance of any non-cooperating witnesses.

8.  Parties are reminded that, unless otherwise ordered by the Court, Fed. R. Civ.

P. 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony),

26(a)(3) (additional pretrial disclosures) and 26(f) (mandatory meeting before scheduling

conference/discovery plan) are inapplicable in Contested Matters in this case.

9.  Expedited discovery in Contested Matters is authorized without further Court

order.  This authorization is without prejudice to the rights of any party or witness to seek

protective order relief if the time to respond or appear, or the burden of the requested

discovery, is unreasonable, or for other cause shown.  Parties are expected to work

informally and cooperatively to effect any necessary discovery, with due recognition of

the time exigencies that are typical in bankruptcy litigation.  Document requests by letter,

fax or e-mail are authorized.

10.  Where the evidentiary hearing in a Contested Matter is anticipated to be

unusually extensive or complex, the parties (after conferring among themselves to

prepare joint recommendations, if possible) may request revisions in these procedures

(e.g., to provide for a pretrial order, exchanges of expert reports, or other measures of the

type utilized in plenary litigation), or the Court may do so on its own motion.  The parties

should agree in advance, and with specificity, as to how expert testimony will be

presented, and what, if any, materials upon which experts based their opinions will be

exchanged.  If, after good faith efforts to agree, differences remain, any party may seek a

determination with respect to procedures for experts by conference call.

11.  Upon request in advance, the Court will permit out-of-town counsel and

stakeholders to participate by telephone, so long as the phone system is not overloaded,

on matters requiring only argument or discussion.  Presence in the courtroom will be

necessary on evidentiary hearings.  Those participating by phone may not use

speakerphones, unless first authorized by the Court; by reason of technical limitations of

the equipment, and the way speakerphones disrupt proceedings in the courtroom,

speakerphone authorizations usually will not be granted.  Persons participating by phone

(and especially by speakerphone) must put their phones on "mute" except when they

need to be heard.  Persons so participating are not to put their phones on "hold" under any

circumstances.

Procedures in Adversary Proceedings

12.  Unless otherwise ordered by the Court, the procedures in those adversary

proceedings that have been or are hereafter filed under the umbrella of this case

("**Adversary Proceedings**") will be governed by Fed. R. Bankr. P. 7001-7087 and 9001-

9036 (except that Rules 9013 and 9014 will not apply), and Local Bankruptcy Rules

7005-1 through 7087-1.  As a result, except as the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules and this order provide otherwise, they will

approximate the practices typically followed in plenary actions in the United States

District Courts.

13.  Factual assertions on Motions in Adversary Proceedings must be supported

by Affidavit.  (The procedures of Paragraph 2 above with respect to the sufficiency of

allegations in Motions apply only to Contested Matters.)  Affidavits may be used to offer

other admissible evidence (such as transcripts of deposition or other testimony, or

relevant documents), so long as any other applicable evidentiary requirements are

satisfied.  Unless the Court orders otherwise in advance, the initial hearing on a Motion in

an Adversary Proceeding will be <u>non</u>-evidentiary.  If, after review of opposing Affidavits,

or consideration of points made at the initial hearing, the Court determines that an

evidentiary hearing is necessary on a Motion in an Adversary Proceeding, parties will be

so advised.

     14.  Parties are reminded that Fed. R. Civ. P. 26(a)(1) (initial disclosures),

26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial

disclosures) and 26(f) (mandatory meeting before scheduling conference/discovery plan)

<u>are</u> applicable in Adversary Proceedings unless otherwise ordered by the Court.

     15.  Except as otherwise ordered by the Court, pretrial orders are required in all

Adversary Proceedings.  They will cover, among other things, stipulations as to

undisputed facts; contentions of fact and law; trial witnesses; trial exhibits; designations

of deposition testimony; evidentiary objections; experts; submission of Briefs; and

estimates of trial time.  Parties must work together to submit a jointly prepared pretrial

order (which may include <u>portions</u> prepared only by one side or the other, such as

statements of contentions), and are not to submit separate pretrial orders, or pretrial order

fragments, based on stated difficulties in reaching agreement, "time pressures," or

otherwise.  The Court has determined not to otherwise order under Local Bankruptcy

Rule 7016-1, and thus submission of marked pleadings is not required.

16.    Except as otherwise ordered by the Court for cause shown before the trial, all direct testimony in trials in Adversary Proceedings must be submitted by Affidavit, and all cross-examination and subsequent examination will  be taken live.  Unless otherwise ordered by the Court, all Affidavits must be submitted to the adversary and the Court at the time(s) prescribed under the pretrial order.

17.    Notwithstanding the foregoing, parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct."  For cause shown, parties may ask the Court to take direct testimony "live" as well.  The Court will normally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court will normally regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis.  In any instances where direct testimony too will proceed "live," the proponent(s) of such testimony will be responsible for so advising the Court's chambers in advance, and taking such steps (*e.g.* subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.

Procedures With Respect To Contested Petitions

18.    Except as supplemented by this order, and except as the Court has exercised authority under the Federal Rules of Bankruptcy Procedure to order otherwise in this order, the procedures set forth in Fed. R. Bankr. P. 1003, 1004, 1010, 1011, 1013 and (especially) 1018, to the extent applicable, and those of the Federal Rules of Civil Procedure incorporated under Fed. R. Bankr. P. 1018, apply in proceedings with respect

to requests for the order for relief in an involuntary case.  Motions for an order granting

recognition under Bankruptcy Code section 1517 will be governed by Fed. R. Bankr. P.

1018 after its amendment effective December 1, 2010.  If an order for relief is thereafter

entered in an involuntary case, subsequent proceedings in the case will be considered

under the procedures applicable to Contested Matters or Adversary Proceedings, as the

case may be.  Requests for relief in pre-BAPCPA section 304 cases (including requests

for injunctions) will be treated under the procedures set forth above relating to Contested

Matters.

19.  The trial on the request for the order for relief in an involuntary case will be

an evidentiary hearing.  As early as practicable, the petitioners and the alleged Debtor

must notify Chambers with an estimate of expected trial time.

20.  Pretrial orders are not required with respect to contested petitions unless

otherwise ordered by the Court.  However, the parties must exchange witness lists, trial

exhibits, and designations of deposition testimony (in each case with a copy to

Chambers) no later than 3 full business days before the trial, except as otherwise ordered

by the Court.  Any of the foregoing not listed or exchanged, whether characterized as

"rebuttal" or otherwise, will not be permitted absent a showing of cause and a showing as

to why it could not have been previously listed and/or exchanged.

21.  Except as otherwise ordered by the Court for cause shown before the hearing,

all direct testimony at the trial on any contested petition other than duly designated

deposition testimony must be submitted by Affidavit, and all cross-examination and

subsequent examination will  be taken live.  Unless otherwise ordered by the Court, all

Affidavits must be submitted to the adversary and the Court no later than 3 full business days before the hearing.

22.    Notwithstanding the foregoing, parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct."  For cause shown, parties may ask the Court to take direct testimony "live" as well.  The Court will normally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court will normally regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis.  In any instances where direct testimony too will proceed "live," the proponent(s) of such testimony will be responsible for so advising the Court's chambers in advance, and taking such steps (*e.g.* subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.

23.    Unless otherwise ordered by the Court, Fed. R. Civ. P. 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures) and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable to contested petitions.

24.    Expedited discovery in connection with contested petitions is authorized without further Court order.  This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable, or for other cause shown.  Parties are

expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation. Document requests by letter, fax or e-mail are authorized.

25.  If the trial on a contested petition is anticipated to be unusually extensive or complex, the parties (after conferring among themselves to prepare joint recommendations, if possible) may request revisions in these procedures (e.g., to provide for a pretrial order, exchanges of expert reports, or other measures of the type utilized in plenary litigation), or the Court may do so on its own motion.  The parties should agree in advance, and with specificity, as to how any expert testimony will be presented, and what, if any, materials upon which experts based their opinions will be exchanged.  If, after good faith efforts to agree, differences remain, any party may seek a determination with respect to procedures for experts by conference call.

Motions, Briefs and Legal Memoranda, and Proposed Orders

26.  On Motions that reasonably may be expected to engender opposition and as to which the movant will wish the opportunity to reply, the movant should confer with any expected adversaries to agree on a briefing schedule.  If efforts to agree are unsuccessful or if circumstances make that impractical, the movant may unilaterally set the schedule, but if it is unreasonable, the opposing party may apply to the Court for modifications in the schedule, and where it appears that the schedule unilaterally set was not a reasonable one, requests for modification will presumptively be granted.  Parties are expected to provide for a sufficient time for the Court's review of reply papers (and in any event no less than two full business days, unless otherwise authorized by the Court), and to advise Chambers as to when reply papers will be forthcoming.  In the absence of

extraordinary circumstances, the Court will not accept papers "handed up" at the time of a hearing.

27.   Every Motion, proposed order, and agreement that is subject to the review or approval of the Court must boldface defined terms (as, *e.g.*, they have been boldfaced in this order) to facilitate cross-referencing and understanding by the Court and parties. Likewise, each such document must be formatted to maximize its readability and to prevent potentially significant matter from being overlooked, or "buried."  That request includes, without limitation:

(a)  avoiding massive blocks of text;

(b)  keeping paragraphs short; and, importantly,

(c)  breaking matter in enumerations and lists into subparagraphs or further subdivisions (indented, spaced and otherwise formatted to ease understanding of the structure of the paragraph).[3]

Lists and enumerations are not to be strung together in a single long paragraph that has not been broken up for readability.  This requirement also applies to those portions of Motions (typically at the beginning) where the subject matter of the Motion, or the request for relief, is set forth.  Proposed orders failing to comply with the requirements of this paragraph – including, especially, financing and confirmation orders – will not be signed.

28.   Parties are not to use acronyms in briefs to describe names of parties or agencies or expressions, unless their meaning is obvious.  As examples, "FCC" and "UAW" are unobjectionable, but "TMC" as an acronym for Toyota Motor Corporation

---

[3]        *See*, *e.g.*, ¶¶ 2, 3 and 45 of this order.  *See also* Garner, *Legal Writing in Plain English* § 34.

and "MSS" (for Mobile Satellite Service) and "BAS" (for whatever that might mean) are

not.  Except for the first time they are mentioned, parties are not to be referred to as "the

Plaintiff" or "the Defendant," but rather by their actual names or by terms (*e.g.*

"Landlord" and "Tenant," or "Buyer" and "Seller") that are descriptive of their relative

roles.

29.  Parties may, if they wish, include citations of legal authority within Motions,

and when they do so, Local Bankruptcy Rule 9013-1(b)'s requirements for the

submission of a memorandum of law will be deemed to have been satisfied.

30.  Any brief, memorandum of law, or other submission (e.g. a Motion) with

legal authority ("**Brief**") that is 10 pages in length or longer must include a Table of

Authorities and Table of Contents.  Parties are strongly encouraged, though not required,

to include them in shorter Briefs.  Parties are not to use "passim" in Tables of Authorities

in Briefs; they must instead list all references to the relevant authority, no matter how

often they appear.  Every brief that has more than minimal quotation of contractual

language (or other language important to the issues before the Court) must also be

submitted in a commonly used word processing format.  As the Court's willingness to

accept lengthy submissions has been abused, no opening brief shall be longer than 40

pages, and no reply brief shall be longer than 20 pages, without first obtaining leave of

the Court.  The Court reads hundreds of pages of Motions and Briefs each week, much of

them laden with boilerplate, lawyerisms, and other verbose surplusage.  Parties are not to

begin each Motion (or objection) with paragraph after paragraph of boilerplate describing

the history of the case, the Debtor's business, whether a Creditors' Committee has been

appointed, or whether the Debtor remains in possession.[4]  A party must instead lead off

with what it wants, and why the party should get it.

31.  At least one citation to any decision in a Brief (normally the first citation to

the decision) must include the full subsequent history with respect to the cited decision—

including, where applicable, any determination on rehearing, and any appeal from that

decision that is known to be pending (even if not concluded, and even if the pendency of

the appeal is not officially reported).  The subsequent history should also appear in the

Table of Authorities.  The subsequent history need not (and ordinarily should not) include

decisions on any other matters decided with respect to the underlying case or Adversary

Proceeding, but it must include anything relevant to the precedential value of the cited

decision.

32.  Citation of judges' dictated decisions as precedent is permissible.  However,

while excerpts from such dictated decisions may be quoted in Briefs or oral argument, a

transcript of the entire decision (though not necessarily the evidence or argument

preceding the decision) must be served and filed.

33.  The Court will not consider as precedent citations to orders that have been

entered in other cases (whether or not in this district) unless a copy of the order relied on

is included with the submission.  Any references to an order entered in another case must

also include a discussion of the procedural context in which it was entered, and, in

particular, whether it was entered on notice; the extent to which it was opposed; whether

it was entered on a preliminary or final hearing, where applicable; the extent to which the

---

[4]        Similarly, notwithstanding anything to the contrary in Bankruptcy Code section 342(c)(1) or Fed.
R. Bankr. P. 2002(n), parties are not to burden their submissions, or the Court, with listings of
debtors' individual tax identification numbers (or even their identities), lengthy contractual
document or pleading names, truisms that contractual documents are "as amended from time to
time," or similar irrelevant or obvious matters.

provision relied on was focused on by the judge; and the extent to which the judge made findings of fact or conclusions of law in connection with the provision relied on.

34.  Parties are reminded that (as stated in Local Bankruptcy Rule 7056-1 with respect to summary judgment) no Motion for summary judgment or judgment on the pleadings may be made without first seeking a pre-motion conference.  The request for such should be made by letter, filed on the Court's ECF system, setting forth, in general terms, and in as non-argumentative a manner as practicable, the issues to be presented under the Motion.

35.  Motions for reargument must identify with particularity the matter required under Local Bankruptcy Rule 9023-1.  If, after review of the Motion, the Court determines that it wishes a response, and/or a hearing, it will then notify parties accordingly.

36.  Parties are reminded of the requirements of Local Bankruptcy Rule 9004-2, <u>calling for the return date and time of a Motion to be included in the upper right-hand corner of the caption</u> of the Motion and all related pleadings.  By way of clarification and implementation of that Rule, the return date and time must be noted on the first page of <u>all submissions</u> to this Court, including, without limitation, Motions; affidavits, affirmations and declarations; Briefs; exhibit packages; and proposed orders.

37.  "Backs" (sometimes referred to as "Blue Backs" or "covers") are not required, and <u>are not to be used</u>, on either Motion papers or Briefs, on Chambers copies and elsewhere.  Papers must, however, be securely stapled or otherwise fastened, by a means that allows open documents to lie flat—as, for example, spiral binding does, and

"Velo" binding does not.[5]  In lieu of backs, every submission (including Briefs) <u>must</u>

include, on the upper-left hand corner of the first page, just above the caption, the name,

address, and phone number of the firm submitting the papers, the party for whom it is

acting, the attorney(s) with principal responsibility for the submission, and, if different,

the attorney most likely to argue the matter (who should be identified as such).  Bar

numbers are not required.  However, inclusion of an attorney's name on the papers will

be deemed to be a representation that the attorney in question is a member in good

standing of at least one federal court, and if the attorney is not admitted to practice in this

Court, that an application to appear *pro hac vice* has been or promptly will be filed.

38.  Any party submitting a proposed order after a hearing on a matter that was

opposed shall provide not just the Court, but also any parties who opposed the Motion

that led to the proposed order, with a copy of the proposed order in a commonly used

word processing format, by CD, USB flash/thumb drive, or e-mail attachment.  Any party

submitting a counter-order is to do likewise and also serve the movant, and, in addition,

provide all with a blackline showing the differences between the proposed order and the

counter-order.

<u>Temporary Restraining Orders</u>

39.  The requirements of Fed. R. Civ. P. 65(b) with respect to an application for a

temporary restraining order ("**TRO**")— including, in particular, requirements as to notice

of the application—will be strictly enforced.  Applications for TROs will be heard in

open court, on the record, with a court reporter or audio recording.  Parties wishing to be

heard in opposition will be heard by telephone upon request.  Applicants seeking TROs

---

[5]     <u>Velo binding is unacceptable and is not to be used.</u>

are reminded of the need to submit with their motion papers the written Affidavit

required under Rule 65(b) confirming the notice provided to anyone who might wish to

oppose the application.  Any assertions that notice cannot or should not be given must

likewise be supported by Affidavit.

40.  Any request for a TRO must be preceded by a telephone call to the Court's

Chambers, advising Chambers of the nature of the controversy; the need for emergency

relief; why a noticed hearing for a preliminary injunction would be insufficient; when a

hearing on the TRO application is needed; and when the papers will be forthcoming.

Except in those rare cases where advance notice of the TRO application would vitiate the

purpose of the TRO (and where that will be established by Affidavit), immediate notice,

by both telephone and email, of the prospective application must be provided to all

parties reasonably expected to be affected by entry of the TRO, or provisions of such—

and, in addition, the papers on the application must be hand delivered, e-mailed or faxed

to any such parties at the same time that the papers are provided to Chambers.  Parties are

reminded of the requirements of Paragraph 13 above, under which factual assertions on

Motions in Adversary Proceedings must be supported by affidavit; requests for TROs and

preliminary injunctions are of course in this category.

Discovery and Due Diligence Disputes

41.  Nothing in this order precludes taking, or introducing, deposition testimony

on videotape or by similar means.

42.  Parties are required in the first instance to resolve discovery and due

diligence disputes by negotiation in good faith, and, if necessary, conference call with the

Court.  The Court will make itself available for such calls, but they may not be scheduled

until and unless the parties have first tried and failed to resolve the disputed matters

themselves.  Unless otherwise ordered by the Court, no Motion with respect to a

discovery or due diligence dispute may be filed unless the parties have first conferred in

good faith to resolve it, and also sought to resolve the matter by conference call.

Accordingly, the Court will not accept motions with respect to discovery disputes except

upon an affidavit establishing why the Court's normal procedures, as set forth in this

paragraph, are unsatisfactory.  If practical, the Court will resolve the dispute in the

conference call, without submission of papers.

<u>Appeals</u>

43.  In the event of any appeal or Motion for leave to appeal where the transcript

of the proceedings or of the decision is to be part of the record, and no later than the time

prescribed for initial designation of the record, <u>the appellant(s) and appellee(s) must</u>

<u>jointly contact Chambers to discuss the mechanism for corrections to the transcript,</u> and

means for anyone with differences as to proposed corrections to have notice and

opportunity to be heard.  The Court normally will not wish to correct the transcript of the

portion of the proceedings preceding any dictated decision in the absence of a request by

a party that it do so.  However, in the absence of an order to the contrary by this Court,

the district court, or any higher court, the transcript of any dictated decision by this Court

must be submitted to this Court for review and any necessary corrections.  Any such

corrections will be without prejudice to any rights of a party to argue on appeal that the

uncorrected transcript should be relied on instead.

<u>Conference Calls and Chambers Conferences</u>

44.  The Court will be available for chambers conferences and conference calls to

address procedural or case administration matters not involving substantive rights.  Any

and all parties wishing to participate, or who reasonably can be expected to desire to be

heard, must be given notice.  While such conferences will normally be off the record, any

participant may request that the conference be recorded, and such requests will

presumptively be granted.

<u>Agendas</u>

45.  Submission of hearing agendas is required in this case.  In each such agenda:

(a) Disputed matters must be shown first.

(b) The listings of filings with respect to matters on the agenda must be

limited to submissions of substance – Motions, opposing pleadings and Briefs –

and need not, <u>and must not</u>, include the supporting affidavits, exhibit binders, or

miscellaneous filings, such as notices of adjournment and affidavits of service.

The listing is not to include the lengthy names of pleadings typically given by

bankruptcy lawyers to their submissions, and instead is to use a concise

description of the motion and then concise terms such as "Motion by ABC,"

"Objection by DEF," "Limited Objection by GHI," "Response by JKL," or

"Reply by MNO," along with the ECF docket numbers of each.

(c) The Agenda must be submitted, and served, by 5:00 p.m. of the day

before the hearing.  It can <u>and must </u>be updated if there are changes thereafter.

(d) Settlements of disputed matters are encouraged.  If discussions as to

settlement are ongoing and are proceeding constructively, telephonic and e-mail

notice of such to Chambers (gerber.chambers@nysb.uscourts.gov), by joint call or

by a representative with the authority of anyone else concerned, is required.  To

minimize the Court's expenditure of preparation time on settled matters, parties

must call <u>and e-mail</u> Chambers <u>immediately</u> (even if before or after traditional

business hours) when an agreement in principle as to settlement is reached.  This

requirement applies even (and especially) when an agreement as to settlement has

been reached on a weekend.

Motions for Relief from Stay
and/or Adequate Protection

46.  Except in bona fide cases of emergency (which "emergency" will not be

deemed to exist solely as a consequence of the diminishment of the value of collateral in

the ordinary course of the Debtors' operations), in which case the reason for

noncompliance with the requirements of this Paragraph must be set forth, every Motion

for relief from stay and/or adequate protection must include a certification, prominently

set forth (*e.g.* by a section of the Motion captioned "Certification") that the movant's

counsel has communicated, telephonically or in person, with counsel for the Debtors with

respect to consensual resolution of the Motion, and must describe the substance of any

remaining disagreement.  (Letters to counsel are insufficient.)  Prompt efforts to agree or

"agree to disagree" on such consensual resolution are of course expected.  If the movant's

counsel sought to communicate with Debtors' counsel and could not do so, the movant

must describe the efforts to communicate that were unsuccessful.

Reclamation Demands

47.  Notwithstanding anything in Bankruptcy Code sections 362(a)(1) and (3),

timely reclamation demands may be issued and served without prior leave of court.

However, parties are reminded that a request for court assistance in enforcement of a

reclamation demand is a "proceeding to recover money or property" subject to

Fed.R.Bankr.P. 7001(1), requiring commencement of an Adversary Proceeding.  Any

requests for court assistance in connection with a reclamation demand as to which no

Adversary Proceeding has been commenced will be denied without prejudice, pending

compliance with the requirements for filing an Adversary Proceeding or a determination after notice and a hearing that the requirements of Rule 7001 are inapplicable.  If any party wishes consideration of its reclamation demand prior to the determination of the Adversary Proceeding, such party may (and indeed must) seek such consideration by Motion in the Adversary Proceeding.  Every Motion and/or supporting Brief in connection with reclamation demand relief must include allegations sufficient to show the basis for reclamation under the UCC, or, if it is contended that the requirements of the UCC are not determinative, the basis for that contention.  Nothing in this order precludes the Debtors or any other parties in interest from proposing a mechanism for treatment of reclamation demands, and/or seeking to modify the requirements of this Paragraph, but the rights of any party opposing such relief (or any element thereof) will of course be reserved.  Nothing in this order will affect any party's substantive rights to seek or oppose any reclamation demand.

Section 503(b)(9) Rights

48.  Notwithstanding anything in Bankruptcy Code sections 362(a)(1) and (3), requests for administrative expense priority under Bankruptcy Code section 503(b)(9) may be issued and served without prior leave of court.  However, if an order directing payment on account of any section 503(b)(9) entitlement is desired, a request for such an order must be made on motion, and should be coordinated with other motions of like character.  Nothing in this order will affect any party's substantive rights to seek or oppose section 503(b)(9) administrative expense priority, or payment on account of any such priority.

<u>Conflicts with Local Bankruptcy Rules and Earlier Orders</u>

49.  In the event of any actual or perceived conflict between the provisions of this Order and the Local Bankruptcy Rules, parties and their adversaries should jointly call Chambers for guidance and/or rulings.  This Order supersedes any inconsistent provision in any earlier order entered by this Court—including, without limitation, any order signed at the outset of this Case.

<u>Clarifications and Modifications</u>

50.  Requests for clarifications, modifications, and/or improvements to this order are entirely appropriate; they may be made in connection with any status conference, or upon Motion.


Dated: New York, New York
       April 22, 2014

                                        *s/ Robert E. Gerber*
                                        Honorable Robert E. Gerber
                                        United States Bankruptcy Judge