**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE**LLP

Attorneys at Law | 437 Madison Ave., New York, NY 10022-7020
T (212) 907-7300 | F (212) 754-0330 | www.golenbock.com

DIRECT DIAL NO.: (212) 907-7327
DIRECT FAX NO.: (212) 754-0777
EMAIL ADDRESS: JFLAXER@GOLENBOCK.COM

April 22, 2014

*Via Overnight Delivery & ECF*
Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

Re:   In re Motors Liquidation Company (Case No. 09-50026 (REG))
      Groman v. General Motors LLC (Adv. Pro. No. 14-01929 (REG))

Dear Judge Gerber:

We are co-counsel to plaintiffs (the "**Plaintiffs**") in the above-captioned adversary proceeding. On April 21, 2014 at 6:29 p.m., we, together with our co-counsel, Wolf Haldenstein Adler Freeman & Herz LLP, filed a complaint commencing an adversary proceeding (the "**Complaint**") on behalf of the Plaintiffs, individually and as class representatives, against General Motors LLC ("**New GM**"). The Complaint, in essence, seeks a declaration from this Court that the Court's July 5, 2009 Order and the injunction granted therein (the "**Sale Order**") in In re Motors Liquidation Company, Case No. 09-50026 (REG) does not preclude Plaintiffs from asserting the Defective Vehicle Claims (as defined in the Complaint) against, and obtaining legal recourse from, New GM for the defective ignition switches on the grounds that (i) pre-sale Plaintiffs were neither notified of the sale hearing nor of the known defect and thus were deprived of due process, and (ii) General Motors Corporation, the former debtor-in-possession, fraudulently concealed from this Court, the U.S. Government, other creditors, and the public at large the existence of the ignition defects when it sought and obtained approval of the Sale Order.

Shortly after we filed the Complaint, New GM filed a motion with the Bankruptcy Court seeking an order enforcing the Sale Order and injunction in a way that would bar the Defective Vehicle Claims ("**Motion to Enforce**"). The Motion to Enforce did not reference the Complaint, and incorrectly asserts that, "Plaintiffs apparently decided to not appear in this Court to challenge the Sale Order and Injunction. . . ." (Doc. No. 12620, Mot. at p. 4.)

1994991.1

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
April 22, 2014
Page 2

      By letter dated April 21, 2014 (Doc. No. 12622), which New GM submitted together with its Motion to Enforce, New GM has asked the Court to "schedule a conference to discuss the logistics surrounding the Motion to Enforce, including an appropriate briefing schedule and a date and time for the hearing thereon." (Doc. No. 12622, Letter at p. 2.) We agree with New GM "that a status or pre-hearing conference would be beneficial to all of the parties and the Court, and would streamline the proceedings" (*id.*), and, in this connection, we respectfully request that the Court add to any conference agenda scheduling matters relating to the Complaint. In this respect, we submit that it would serve the interests of economy and efficiency to coordinate the Complaint with the Motion to Enforce for discovery and other scheduling purposes.

                                      Respectfully submitted,

                                      Jonathan L. Flaxer

cc:    Arthur Steinberg, Esq. (co-counsel to New GM)
        Richard C. Godfrey, P.C. (co-counsel to New GM)

1994991.1