Endorsed Order:

1. Pursuant to Bankruptcy Code section 105(d), the Court will hold the requested conference, on-the-record, in its courtroom on Friday, May 2, at 9:45 a.m.  New GM is authorized and directed to post on ECF, and to disseminate in the form of the 4/21/2014 Steinberg letter (ECF #12,622), the notice and enclosures accompanying that letter, by 6:00 p.m. on Wednesday, April 23.

2. In connection with the upcoming conference:

(a) No substantive matters will be decided at the conference, nor will evidence be taken.  The Court understands the purpose of the conference to be determining how best to procedurally address any contentions parties wish to make.  The Court expects to then limit its consideration to matters such as ascertaining what must be determined, when, and how—and how the positions of many who may have identical or similar positions may be presented without undue duplication and expense.  Matters then to be addressed will include (but not necessarily be limited to) establishing an appropriate briefing schedule and fixing a date and time for hearing.

(b) The conference may well have many attendees.  Persons who will want to be heard at the conference are to send a letter to the Court, posted on ECF, advising the Court of their desire to be heard, and listing, without factual exposition or argument, any matters they want included on the conference agenda.

(c) As at the original June 2009 sale hearing, those with the same or substantially similar positions are to band together and to designate one of their number who will speak for the group. The Court will not entertain repetitive comments. Parties may be heard through CourtCall if, but only if, they have registered and have been unsuccessful in having their views otherwise presented.[1] One of the matters to be addressed at the conference will be the extent to which, going forward, one or more representatives of those opposing New GM's motion will speak for others with similar views.

(d) The Court wants to be in a position to consider all parties' needs and concerns on the merits, without procedural jousting. Any parties with procedural concerns are to be prepared to identify them at the conference, after having first listed them as agenda items, so that any procedural concerns may be ruled on (at a later, appropriate, time) or cured.

(e) In matters of interest to the bar or public, lines to clear security tend to get very long. The Court is advised that its security officers will allow entry into the Courthouse starting at 8:30 a.m. Those wishing to be heard must arrive early enough to clear security and to be ready to speak at 9:45 a.m. Seats in the courtroom may not be reserved.

---

[1] Anyone may listen through CourtCall.

3. Parties are reminded that to manage its caseload, the Court has entered Case Management Orders, updated from time to time (the most recent of which, Case Management Order #3 (ECF #12,625), was just entered), compliance with which is mandatory. The Court particularly expects compliance with the underlined requirements of its Case Management Orders, with respect to which parties have failed to comply in the past.

Dated: New York, New York       *s/Robert E. Gerber*
       April 22, 2014             United States Bankruptcy Judge

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

April 21, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    **In re Motors Liquidation Company,** *et al.*
                **Case No. 09-50026 (REG)**

                **New GM'S Request for Conference in
                Connection with Its Motion to Enforce Sale
                Order Against Plaintiffs in Ignition Switch Actions**

Dear Judge Gerber:

      King & Spalding LLP is co-counsel to General Motors LLC ("**New GM**") in the above-referenced matter. As Your Honor may be aware, numerous lawsuits ("**Ignition Switch Actions**") have been filed across the Country against New GM in connection with New GM's recent recall of vehicles manufactured and sold by Old GM, that may have a defective ignition switch. New GM believes that the Ignition Switch Actions assert claims against New GM that are "Retained Liabilities" of Old GM and therefore, violate Your Honor's July 5, 2009 Order and the injunction granted therein ("**Sale Order and Injunction**").

      Today, New GM filed a motion with the Bankruptcy Court ("**Motion to Enforce**") seeking an order enforcing the Sale Order and Injunction by directing the plaintiffs (collectively, the "**Plaintiffs**") in the Ignition Switch Actions (a) to cease and desist from further prosecuting against New GM the claims in the Ignition Switch Actions that are already barred and enjoined by the Sale Order and Injunction, (b) to dismiss, with prejudice, those claims that are void because they were brought by the Plaintiffs in violation of the Sale Order and Injunction, and

22851586v1

Honorable Robert E. Gerber
April 21, 2014
Page 2

(c) to show cause as to whether they have any claims not otherwise already barred and enjoined by the Sale Order and Injunction.

Typically, motions to enforce an existing injunction contained in an order of the bankruptcy court are only against a limited number of defendants. *See, e.g. In re Ritchie Risk-Linked Strategies Trading (Ireland), Ltd*, 471 B.R. 331, 337 (Bankr. S.D.N.Y. 2012) ("As a threshold matter, contrary to Bancorp's [the only respondent] argument, the Motion need not have been brought as an adversary proceeding since U.S. Bank seeks only the enforcement of an injunction already in effect under this Court's existing Sale Order, not the issuance of a new injunction."); *In re WorldCorp., Inc.*, 252 B.R. 890, 895 (Bankr. D. Del 2000) ("an adversary proceeding is not necessary where the relief sought [against only one respondent] is the enforcement of an order previously obtained."). In contrast, in this situation, there are currently over 50 Ignition Switch Actions pending across the country (with new Actions filed each week), and the Plaintiffs in the Ignition Switch Actions are not, for the most part, represented by the same counsel.[1] Given the number of pending Ignition Switch Actions and the number of parties that will be involved in the hearing on the Motion to Enforce, New GM requests that the Court schedule a conference to discuss the logistics surrounding the Motion to Enforce, including an appropriate briefing schedule and a date and time for the hearing thereon. New GM believes that a status or pre-hearing conference would be beneficial to all of the parties and the Court, and would streamline the proceedings.[2] A proposed form of notice is attached hereto, which will set forth the date and time of the conference regarding the Motion to Enforce ("**Conference Notice**").

New GM will serve upon all counsel in the Ignition Switch Actions, counsel for the Motors Liquidation Company General Unsecured Creditors Trust, and the Office of the United States Trustee the following: (a) by e-mail transmission, where available, on April 21 or 22, 2014 (i) a copy of this letter and form Conference Notice, and (ii) the Motion to Enforce, and the Schedules attached thereto; and (b) by overnight delivery on April 22, 2014 (i) a copy of this Letter and form Conference Notice, and (ii) the Motion to Enforce, the Schedules, and all Exhibits thereto (contained on a Compact Disk). New GM will also file this letter, Motion to Enforce, Schedules and all Exhibits on the Bankruptcy Court docket, and deliver a hard copy to Chambers.

Of course, if Your Honor believes a different procedure is appropriate, we are prepared to follow Your Honor's directive.

Respectfully submitted,

*/s/ Arthur Steinberg*
Arthur Steinberg

---

[1] There are pending motions to consolidate these actions as a Multidistrict Litigation ("**MDL**") for pre-trial purposes, and a hearing thereon is scheduled to be held in Chicago, Illinois by the MDL Panel on May 29, 2014.

[2] This request is made pursuant to and in accordance with Your Honor's Chambers' rules governing requests for conferences.

Honorable Robert E. Gerber
April 21, 2014
Page 3

cc:     Richard C. Godfrey, P.C. (co-counsel for New GM)

Honorable Robert E. Gerber
April 21, 2014
Page 3

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (*pro hac vice* pending)
Andrew B. Bloomer, P.C. (*pro hac vice* pending)

*Counsel for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                      :   Chapter 11
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :   Case No.: 09-50026 (REG)
          f/k/a General Motors Corp., *et al.*              :
                                                            :   (Jointly Administered)
                              Debtors.                      :
------------------------------------------------------------x

### NOTICE OF (A) FILING OF MOTION OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION, AND (B) CONFERENCE TO BE HELD IN CONNECTION WITH SUCH MOTION

**PLEASE TAKE NOTICE** that on April 21, 2014, General Motors LLC ("**New GM**") filed (i) the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Motion to Enforce**"), and (ii) the Compendium of Exhibits to the Motion to Enforce, with the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**").

22828609v1

**PLEASE TAKE FURTHER NOTICE** that a briefing schedule and hearing date has not yet been established for the Motion to Enforce. Instead, the Bankruptcy Court has scheduled a conference to discuss the logistics of the Motion to Enforce, including, among other things, establishing an appropriate briefing schedule and fixing a date and time for the hearing on the Motion to Enforce. The conference will take place before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on _____, **2014 at 9:45 a.m.**

Dated:  New York, New York
        April \_\_, 2014

                                                    Arthur Steinberg
                                                    Scott Davidson
                                                    KING & SPALDING LLP
                                                    1185 Avenue of the Americas
                                                    New York, New York 10036
                                                    Telephone:    (212) 556-2100
                                                    Facsimile:     (212) 556-2222

                                                    Richard C. Godfrey, P.C. (*pro hac vice* pending)
                                                    Andrew B. Bloomer, P.C. (*pro hac vice* pending)
                                                    KIRKLAND & ELLIS LLP
                                                    300 North LaSalle
                                                    Chicago, IL 60654
                                                    Telephone: (312) 862-2000
                                                    Facsimile: (312) 862-2200

                                                    *Attorneys for General Motors LLC*