# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
2323 BRYAN STREET

SUITE 2200

DALLAS, TEXAS 75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999

SANDER L. ESSERMAN

E-MAIL: esserman@sbep-law.com

April 23, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

>   **Re: In re Motors Liquidation Company, *et al.***
>   **Case No. 09-50026 (REG)**
>
>   **Request to be heard at the status conference in connection with Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Court's July 5, 2009 Sale Order And Injunction to be held on Friday, May 2, 2014 and list of items for inclusion on agenda.**

Dear Judge Gerber,

Pursuant to this Court's Order of April 22, 2014 (the "April 22 Order"), setting a status conference on the Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Court's July 5, 2009 Sale Order And Injunction (the "**Motion to Enforce**"), I hereby request to be heard at the May 2, 2014 status conference.

I have been retained by counsel in two class action cases filed in California on behalf of a nationwide class of consumers, as well as 29 state subclasses. The cases are known as *Galdina Maciel, et al. v. General Motors, LLC*, Case No. 4:14-cv-01339 (N.D. Cal.) (filed March 24, 2014) and *Ken Saclo, et al. v. General Motors, LLC and Continental Automotive Systems US, Inc.,* Case No. 8:14-cv-00604 (C.D. Cal.) (filed April 16, 2014).[1] Plaintiffs' counsel in these two

---

[1] These two cases uniquely concern the defective vehicles manufactured by *both* Old GM and New GM. Indeed, four days after the *Maciel* complaint was filed alleging that the recall was unduly narrow and failed to cover all model years, GM expanded its recall to cover all post-bankruptcy models of the Chevrolet Cobalt, Chevrolet HHR, Pontiac G5, Pontiac Solstice, Saturn Ion, and Saturn Sky. This expansion increased the number of recalled vehicles by approximately 824,000 and brought the number of recalled vehicles from approximately 1.4 million to nearly 2.2 million.

1

                                     Pg 2 of 3

cases are Grant & Eisenhofer P.A., Baron & Budd, P.C. and The Cooper Firm.

I have appeared previously in the General Motors Bankruptcy Case on behalf of various plaintiffs with asbestos personal injury claims. That representation terminated. I then represented the Court-appointed Future Claims Representative for Asbestos Claims. That appointment terminated upon confirmation of GM's Plan and establishment of a fund to pay future asbestos claims. As a result of my representation in the Debtor's case I am generally familiar with the Sale Order and Injunction entered by this Court. Given my level of familiarity with this Bankruptcy Case, and current position representing counsel for classes covering a wide range of the vehicles affected by the ignition switch recall, it might make sense and enhance efficiency of the hearing for my clients to be a focal point for similarly-situated counsel for the purposes of the May 2 status conference and thereafter. If the Court so desires and it makes sense, I would be pleased to serve as liaison counsel for the purpose of trying to organize these various plaintiff groups into a more cohesive presentation, although such task could be a challenge.

In accordance with the April 22 Order, I request that the following items be placed on the agenda for the May 2 status conference:

1. Plaintiffs' desire to obtain expedited discovery under Fed. R. Bankr. P. 9014(c) and 7028–7037 (consistent with paragraph 9 of this Court's case management order entered at docket number 12625) from Old GM and New GM necessary for the resolution of the Motion to Enforce, including—but not limited to—their respective knowledge of the ignition switch/key system defect in the subject vehicles, their contingent liabilities for same, and the non-disclosures in connection with the Sale Order and Injunction;

2. The procedural mechanism, and any associated schedule, for addressing Plaintiffs' contention that claims concerning post-2009 vehicles manufactured by New GM are not properly the subject of the Motion to Enforce;

3. The procedural mechanism, and any associated schedule, for addressing Plaintiffs' contention that claims concerning state Lemon Laws are not properly the subject of the Motion to Enforce;

4. The procedural mechanism, and any associated schedule, for addressing Plaintiffs' contention that claims concerning New GM's post-sale conduct are not properly the subject of the Motion to Enforce;

5. The procedural mechanism, and any associated schedule, for addressing the propriety of Defendant's request for Plaintiffs' to "show cause" whether they have any claims against New GM not otherwise already barred by the Sale Order and Injunction;

6. A briefing schedule for Plaintiffs' opposition to the Motion to Enforce; and

7. The procedural mechanism, and any associated schedule, for Plaintiffs to seek any necessary amendment, clarification or modification, via motion or other procedural mechanism, to the Sale Order and Injunction.

    Yours Sincerely,

    */s/ Sander L. Esserman*

    Sander L. Esserman