**BROWN RUDNICK**

EDWARD S. WEISFELNER
Direct Dial: (212) 209-4900
Fax: (212) 938-2900
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

May 1, 2014

**VIA ECF AND HAND DELIVERY**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: **In re Motors Liquidation Company, et al. (Case No. 09-50026 (REG))**

**Response to New GM's Proposed Conference Agenda**

Dear Judge Gerber:

On April 28, 2014, I, along with co-counsel Robinson Calcagnie Robinson Shapiro Davis, Inc. and Hagens Berman Sobol Shapiro, LLP, hosted a meeting of counsel for plaintiffs (collectively, "**Plaintiffs**") that have filed class action complaints against General Motors LLC ("**New GM**") relating to the ignition switch defect (the "**Ignition Switch Actions**"). Most, if not all, Plaintiffs were in attendance either in person or telephonically. At that meeting, Brown Rudnick, Stuzman, Bromberg, Esserman & Plifka, PC, and Caplin & Drysdale (collectively, "**Counsel**"), were designated by a majority of the Plaintiffs to meet with New GM that same day and to present to Your Honor at the court conference scheduled for tomorrow. At the meeting with counsel for New GM, we shared our respective views to see if common ground could be reached before tomorrow's court conference.

I write on behalf of Counsel and our respective Plaintiffs (the "**Responsive Plaintiffs**") in response to Your Honor's April 22, 2014 Scheduling Order [Docket No. 12627] and New GM's *Proposed Conference Agenda Regarding its Motion to Enforce*, dated April 30, 2014 [Docket No. 12673] ("**New GM's Letter**"). We provided New GM with our collective comments on New GM's Letter prior to its filing and this submission. We are in agreement with some aspects of the suggested conference agenda set forth in New GM's Letter. However, as set forth below, we disagree with New GM's inclusion of several proposed agenda items and New GM's characterization of several key issues to be addressed at the conference. For ease of reference, attached hereto as **Exhibit A** is Counsel's proposed agenda and a blackline comparison to New GM's proposed agenda.

Honorable Robert E. Gerber
United States Bankruptcy Judge
May 1, 2014
Page 2

The substantive areas of disagreement between Responsive Plaintiffs and New GM are as follows:

- **Threshold Issue:** Responsive Plaintiffs view the threshold issue to be whether the Plaintiffs' right to procedural due process was violated by Old GM in connection with the Sale Order and Injunction and the notice given in connection therewith; and assuming such a violation, what is the proper result thereof and remedy pertaining thereto, including whether the Sale Order and the releases and injunctions contained therein, are thereby inapplicable to the Plaintiffs and unenforceable by New GM against the Plaintiffs (the "**Threshold Issue**").

  The question of whether Old GM committed fraud on the Court during the sale process need not be reached if the Court determines the Threshold Issue in Plaintiffs' favor. It should be characterized as one of the Bankrutpcy Related Issues (as defined in New GM's Letter) to be addressed by the Bankruptcy Court, if necessary, after the resolution of the Threshold Issue.

- **Compliance With Sale Order And Injunction:** Certain Plaintiffs believe that some of the Ignition Switch Actions, to the extent they relate to the conduct or actions of New GM are not subject to the Sale Order and Injunction. Nonetheless, in order to expedite resolution of the Sole Threshold Issue, such Plaintiffs would be agreeable to a limited voluntary stay of their Ignition Switch Actions pending the Court's ruling. If that resolution requires more time than is anticipated, such Plaintiffs may request that the Bankruptcy Court address certain other Banrkuptcy Related Issues, except that no party shall make such a request prior to July 31, 2014.

- **Procedure For Resolution Of Threshold Issue:** Except as set forth above, the Responsive Plaintiffs are flexible on the various dates proposed by New GM for resolving the Threshold Issue. However, Plaintiffs' discovery tools should not be unduly restricted from the outset of this litigation. In addition to providing New GM with proposed stipulations of fact regarding the Threshold Issue, Plaintiffs should be authorized to submit requests for admission to New GM along the same schedule as proposed stipulations of fact.

- **Discrimination Argument And Plaintiffs' Claims Against Old GM:** Similar to the issue of whether Old GM committted fraud on the court, Responsive Plaintiffs view the Discrimination Argument and Plaintiffs' claims against Old GM as other Bankruptcy Related Issues to be addressed, if necessary, after the resolution of the Threshold Issue. Accordingly, these proposed agenda items should be removed from the May 2 conference agenda and can be addressed at future court conferences, if necessary.



Honorable Robert E. Gerber
United States Bankruptcy Judge
May 1, 2014
Page 3

- **Liaison Counsel For Plaintiffs:** As noted above, Counsel and Responsive Plaintiffs have worked to coordinate efforts in the spirit of Your Honor's April 22, 2014 scheduling order and case management orders in this case. A majority of Plaintiffs have designated Counsel as lead counsel for the May 2 conference. Counsel will endeavor to further continued coordination amongst Plaintiffs. The May 2 conference agenda should not include debate about the appropriate procedures for such coordaination. If necessary, it can be addressed at a later conference.

- **JPML / MDL Proceedings:** In the New GM Letter, New GM acknowledges that it is not seeking to stay or otherwise interfere with the JPML from acting in determining whether transfer and pretrial consolidation or coordination pursuant to 28 U.S.C. § 1407 is appropriate for the federal court cases and, if so, where the MDL court will be located, but otherwise reserves its rights. New GM should confirm on the record at tomorrow's conference that it will not seek to impair the JPML proceeding scheduled for May 29, 2014 from going forward, including proceedings to select a MDL transferee judge and preliminary matters in the MDL couurt up to and including the filing of a consolidated amended complaint in the MDL.

Counsel reserves the right to respond to all suggstions raised by New GM and other interested parties at the status conference.

Respectfully submitted,

Edward S. Weisfelner

cc: Sander Esserman
Elihu Inselbuch
Arthur Steinberg
Richard C. Godfrey
Mark P. Robinson, Jr.
Steve W. Berman
Adam J. Levitt
Roland Tellis
Lance Cooper
Elizabeth Cabraser
Robin Greenwald
Dee Miles