May 1, 2014

Justice Robert Gerber
1 Bowling Green
New York, NY 1004

09-50026 (REG)

Re: Claim #70337 General Motors Corporation

Dear Justice Gerber:

Firstly many thanks for your ruling with regard to Late Filing on above claim. As of this date Justice Gerber my stock account has not been satisfied for the full $10,000.

I thought perhaps in someway you could shed some light on this matter. I am now a 73 year old working senior and any help would be greatly appreciated.

Again my sincere thanks for your help and kindness in this matter.

Sincerely,

Deanna M. Lesser

Deanna M. Lesser
(DOB 10/26/40)

RECEIVED
MAY 12 2014
U.S. BANKRUPTCY COURT, SDNY
REG

To    : Justice Robert Gerber

From : Deanna M Lesser- Claim #70337

Subject: Late filing -Excusable Neglect - Missed Communication

Dear Sir:

Please be advised that I made my best effort to contact the proper person with regard to filing the above claim. I had extreme difficulty in finding the proper person (please see letter attached). I believe I used good faith and am now asking for justice for substantial justice. I left countless messages with:

1. GM Customer Line Service

2. Josha Holder, Executive New General Motors

3. Edward Whitacre-CEO of New GM, who instructed me to file a claim immediately.

4. Lisa- Customer, PR

5. Edward Wu-Harvey R. Weil, Gotshal & Manages LLP

6. Mr. Gruffith-Weil, Gotshal & Manages LLP

7. Ms. Whitman and Stepahanie Greer Weil, Gotshal & Manages LLP

8. Alex Partners/Candice Wagner-Dallas, Texas

Your Honor I feel I am a innocent victim. I am almost 71 years of age still working full time that sustained terrible injury to my right eye due to the fact that my air bag never expanded.

Finally I was told I should be dealing with the Old General Motors not the New General Motors. In closing your Honor I did make a good faith effort to contact the right person and feel this explanation should be accepted for late filing. I was able to return to work after almost 3 months sustaining great trauma (right orbital blow fracture). Automobile accident was 3/09/09, my 2006 Chevrolet Cobalt Air Bag failed to open causing me to to strike my face on the steering wheel.

Lastly all the above statements can be substantiated.


Thank you for all consideration.

Very truly yours,

1

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☐ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

**Your Claim is Scheduled As Follows:**

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):

**Name and address where notices should be sent:**

Deanna M. Lesser
1 Kimball Court
Apt 410
Woburn, Ma 01801
(781) 306-2756 work
Telephone number (781) 938-4461 home
Email Address: Woburnlesser@aol.com

**Name and address where payment should be sent (if different from above):**

same as above

FILED - 70337
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

RECEIVED
JUN 21 2010
Alixpartners, LLP

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009**  $ 20,000.00    10,000—

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Air Bag Deficiency
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment
Describe:

Value of Property $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim $_____   Amount Unsecured $_____

THE GARDEN CITY GROUP, INC.
JUN 26 2010

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**$ Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**Date:** 6/16/10

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Deanna M Lesser* (signature)

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

## WILMINGTON TRUST COMPANY
### as Trust Administrator and Trustee for the
### MOTORS LIQUIDATION COMPANY GUC TRUST

April 20, 2012

DEANNA M LESSER
1 KIMBALL COURT
APT 410
WOBURN MA  01801

Dear DEANNA M LESSER,

Our records indicate that you have provided a properly completed Form W-9 or Form W-8 and have submitted to us the name and contact information of a broker, bank or other financial institution with which you hold a securities account for use in connection with distributions from the Motors Liquidation Company GUC Trust (the "Trust") to holders of Allowed Class 3 General Unsecured Claims pursuant to the Second Amended Joint Chapter 11 Plan of Motors Liquidation Company *et al.* (f/k/a General Motors Corporation) (the "Plan").[1]

As such, Wilmington Trust Company, as trust administrator and trustee for the Trust (in such capacity, the "Trust Administrator"), is prepared to deliver to the broker, bank or other financial institution you have identified the distribution to which you are currently entitled pursuant to the Plan. The agreement governing the Trust (as amended, the "Trust Agreement") provides for quarterly distributions. The next distribution is anticipated to be made in late April or early May 2012 (the "Forthcoming Distribution").

It is currently anticipated that, in connection with the Forthcoming Distribution, you will receive (i) shares of common stock of General Motors Company (ii) warrants to purchase common stock of General Motors Company, and (iii) units[2] in the Trust (representing contingent beneficial

---

[1] On March 29, 2011, the United States Bankruptcy Court for the Southern District of New York entered an order confirming the Plan. The effective date of the Plan was March 31, 2011.

[2] The Trust Agreement provides for the distribution of "units" in either transferable or non-transferable form. Such units are only permitted to be issued in transferable form if (i) the Trust receives a favorable ruling from the Division of Corporation Finance of the U.S. Securities and Exchange Commission (the "SEC"), in a form acceptable to the Trust Administrator in its sole discretion, which provides that, among other matters, the Division of Corporation Finance of the SEC would not recommend enforcement action if such units are not registered under Section 12(g) of the Securities Exchange Act of 1934, and (ii) in addition to such favorable ruling from the Division of Corporation Finance of the SEC, the Divisions of Investment Management and Trading and Markets of the SEC formally or informally communicate that they have no objection to the issuance of the units and the establishment of the Trust (such requirements collectively the "No Action Relief"). To date, the Trust has not received the No Action Relief, and therefore has been restricted to issuing only non-transferable units. As a result, you may receive non-transferable units in connection with this distribution, which such units would be issued on the books and records of the Trust only and would not be transferable by you in any respect. If and to the extent that the No Action Relief is received by the Trust prior to the

[Footnote continued on next page]

interests in the Trust), each as set forth in the attached schedule. In addition, in accordance with the Trust Agreement, you may also receive a cash payment in lieu of certain fractional shares of common stock and warrants.[3] Your continued ownership of units in the Trust may entitle you to additional future distributions delivered to the broker, bank or other financial institution you have identified, unless you designate a different broker, bank or financial institution at or prior to such time. Please note, however, that the attached schedule provides no information regarding any future distributions to you from the Trust.

**Please review and verify the accuracy of the attached schedule. If you believe that the attached schedule contains any errors or inaccuracies, please contact the Trust Administrator at (866) 521-0079 before you take the steps outlined below.**

In order to receive any General Motors Company common stock and warrants (and, if issued in transferable form, units) in this distribution, you must complete the following steps. You will not receive any distribution of stock or warrants (or, if issued in transferable form, units) from the Trust unless and until you complete Steps 1 and 2 below.

- o **Step 1.** *Complete Request Form.* Except as provided herein, the broker, bank or other financial institution you previously identified must complete the attached Form A, and deliver the completed form, containing an original signature and medallion guarantee, to the Trust Administrator via U.S. Mail or overnight courier service to the following address:

    Motors Liquidation Company GUC Trust
    c/o Wilmington Trust Company, as Trust Administrator
    Rodney Square North
    1100 Market Street
    Wilmington, DE 19890-1615
    Attn: Corporate Capital Markets

    If you would like to designate a different broker, bank or other financial institution, please direct such alternative broker, bank or other financial institution to complete Form A. Unless and until you direct otherwise, the Trust Administrator will use the account information you provide on the completed Form A to make all future

---

[Footnote continued from previous page]
Forthcoming Distribution, you may receive units that are transferable in accordance with the terms of the Trust Agreement and the No Action Relief. Neither the Plan nor the Trust Agreement contains an affirmative obligation to issue transferable units.

[3] Such cash payment, if any, will be mailed to you directly by check at the address indicated in the records of the Trust Administrator as soon as practicable following the distribution. The exact amount of any such payment will depend on the prices at which such stock and warrants are able to be sold in the market by the Trust Administrator. The Trust Agreement prohibits the Trust Administrator from making cash distributions of less than $25 in certain situations, including to holders of non-transferable units if such distributions are made on account of such units.

distributions, if any, to you in accordance with the Plan (including, in the event that transferable units are issued by the Trust, any cash distributions).

In order for your Form A to be accepted by the Trust Administrator, the form must be placed on the letterhead of your broker, bank or other financial institution, fully completed, signed by an authorized signatory of your broker, bank or other financial institution, and medallion guaranteed.

- Step 2. *Broker Cooperation.* Upon receipt of your Form A by the Trust Administrator, the Trust Administrator will contact your broker, bank or other financial institution using the contact information you provided. The Trust Administrator will identify a date on which the General Motors Company common stock and warrants (and, if issued in transferable form, units) to which you are entitled will be available for delivery to your securities account. On the specified date, your broker, bank or financial institution may be required to take additional mechanical steps identified by the Trust Administrator to receive such stock, warrants and units (if applicable). If your broker, bank or other financial institution fails to complete the steps identified by the Trust Administrator on the date specified, such stock, warrants and units (if applicable) will not be delivered to your securities account. In such event, the Trust Administrator will attempt to work with your broker, bank or other financial institution to deliver such stock, warrants and units (if applicable) on an alternative date.

*IMPORTANT NOTE: Please ensure your Claimant Identification Number (referenced on the attached schedule) is included on ALL of your communications with the Trust Administrator. The Trust Administrator will reject any paperwork that does not contain the Claimant Identification Number, and such rejection may have an impact on the timely receipt of your distribution.*

Receipt of the General Motors Company common stock, warrants and units and any cash distribution may have tax consequences for you, and you are encouraged to consult with your tax advisor.

Please be advised that if you do not take the actions required by this letter and any further instructions provided by the Trust Administrator, you could forfeit your interests in the General Motors Company common stock, warrants and units to which you would otherwise be entitled in this distribution.

If you have any questions about your distribution, or for more information, please visit the Motors Liquidation Company GUC Trust website at https://www.mlcguctrust.com/. You may also contact the Trust Administrator by calling (866) 521-0079 or in writing at:

Motors Liquidation Company GUC Trust
c/o Wilmington Trust Company, as Trust Administrator
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1615
Attn: Corporate Capital Markets

Sincerely,

WILMINGTON TRUST COMPANY,
solely in its capacity as Trust Administrator

# DISTRIBUTION SCHEDULE

Claimant Identification Number        MLC-0070337
Name                                  DEANNA M LESSER
Allowed Class 3 General Unsecured Claim    $10,000.00

| Distribution | Number of Shares of GM Stock | Number of "A" Warrants | Number of "B" Warrants | Number of GUC Trust Units[4] |
|---|---|---|---|---|
| Distribution on account of resolved general unsecured claim | 38 | 35 | 35 | 10 |
| First quarterly distribution on account of GUC trust units | 1 | 0 | 0 | 0 |
| Second quarterly distribution on account of GUC trust units[5] | 0 | 0 | 0 | 0 |
| TOTAL DISTRIBUTION | 39 | 35 | 35 | 10 |

---

[4] To be issued only on the books and records of the Motors Liquidation Company GUC Trust, unless such units are issued in transferable form.

[5] Numbers of New GM common stock and warrants listed under "First quarterly distribution on account of GUC trust units" and "Second quarterly distribution on account of GUC trust units" comprise numbers of such securities which the claimant would have received if its Allowed General Unsecured Claim were allowed prior to the record dates for the first and second quarterly distributions, and the claim holder had satisfied all requirements for distribution established by the Trust Administrator in time to receive such distributions. Such amounts of securities will be delivered at the next distribution date, provided that the claim holder is eligible at such time.

## FORM A

### [LETTERHEAD OF FINANCIAL INSTITUTION]

Motors Liquidation Company GUC Trust
c/o Wilmington Trust Company, as Trust Administrator
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1615
Attn: Corporate Capital Markets

   RE:   Distribution to DEANNA M LESSER ("Claimant"):

Please be advised that _____ _____ (*Name of Financial Institution*) is a broker, bank or financial institution which holds a securities account for Claimant, whose identification number for purposes of distributions from the Motors Liquidation Company GUC Trust is MLC-0070337.

I am in receipt of your letter dated April 20, 2012 which provides that Claimant is entitled to a distribution of securities pursuant to the Second Amended Joint Chapter 11 Plan of Motors Liquidation Company *et al.* (f/k/a General Motors Corporation). In that regard, we hereby request that you deliver to us for the account of Claimant, via free delivery, the following:

39 of shares of common stock of General Motors Company, CUSIP # 37045V 100;

35 of warrants to acquire common stock of General Motors Company at an exercise price of $10.00 per share, CUSIP # 37045V 118; and

35 of warrants to acquire common stock of General Motors Company at an exercise price of $18.33 per share, CUSIP # 37045V 126.

In addition, to the extent that units in the Motors Liquidation Company GUC Trust are issued in transferable form, we hereby request that you deliver to us for the account of Claimant, via free delivery, the following:

10 of Motors Liquidation Company GUC Trust units, CUSIP # 62010U 101.

Please have the above securities delivered to:

   Name of Financial Institution_____

   DTCC Participant Number of Financial Institution_____

   Account Number of Claimant_____

   Reference: _____

We understand that the free delivery of the above securities may require the provision of additional information and assistance by us. We understand and agree that none of the above listed securities will be delivered to us or to Claimant unless and until Wilmington Trust Company, as Trust Administrator, is satisfied, in its sole discretion, with the information and assistance provided by us. In addition, we understand that, to the extent the units in the Motors Liquidation Company GUC Trust are not issued in transferable form, such units will be issued only on the books and records the Motors Liquidation Company GUC Trust and will not be delivered to us for the account of the Claimant.

Thank you,

_____(*Name of Financial Institution*)


By ___ ___ _____
       Authorized Signatory

                                        Medallion Guarantee:

                                        _____



_____ _____ _____(*Contact Name at Financial Institution*)

_____(*Contact Phone Number*)

_____(*Contact E-Mail Address*)