KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x
| | | |
|---|---|---|
| STEVEN GROMAN, ROBIN DELUCO, | : | |
| ELIZABETH Y. GRUMET, ABC FLOORING, | : | |
| INC., MARCUS SULLIVAN, KATELYN | : | |
| SAXSON, AMY C. CLINTON, AND ALLISON | : | Adv. Pro. No.: 14-01929 (REG) |
| C. CLINTON, on behalf of themselves, and all | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -v- | : | |
| | : | |
| GENERAL MOTORS LLC, | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------------------X

22998421v1

# NOTICE OF FILING OF SECOND SUPPLEMENT TO SCHEDULE "2" TO THE MOTION OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION

**PLEASE TAKE NOTICE** that on May 19, 2014, General Motors LLC filed the attached *Second Supplement to Schedule "2" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* with the United States Bankruptcy Court for the Southern District of New York.

Dated: New York, New York
May 19, 2014

    Respectfully submitted,

    /s/ Scott I. Davidson
    Arthur Steinberg
    Scott Davidson
    KING & SPALDING LLP
    1185 Avenue of the Americas
    New York, New York 10036
    Telephone: (212) 556-2100
    Facsimile: (212) 556-2222

    Richard C. Godfrey, P.C. (admitted *pro hac vice*)
    Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, IL 60654
    Telephone: (312) 862-2000
    Facsimile: (312) 862-2200

    *Attorneys for General Motors LLC*

22998421v1

# SECOND SUPPLEMENT[1] TO SCHEDULE "2"

## SAMPLE ALLEGATIONS/CAUSES OF ACTION IN IGNITION SWITCH COMPLAINTS FILED AFTER THE FILING OF NEW GM'S SUPPLEMENT TO SCHEDULE "2" TO MOTION TO ENFORCE[2]

| **Lead Plaintiff** | **Allegations** |
|---|---|
| Bender | "In addition to the liability arising out of the statutory obligations assumed by GM, GM also has successor liability for the deceptive and unfair acts and omissions of Old GM because GM has continued the business enterprise of Old GM with full knowledge of the ignition switch defects." Compl., ¶ 15. |
| | "Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for violations of Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-3 *et seq.*, **breach of express warranty, breach of implied warranty of merchantability, breach of contract and common law warranty**, or, in the alternative, unjust enrichment, **product liability (design defect)**, violations of the Magnuson-Moss Warranty Act, 15 U.SC. § 2301, *et seq.* . . ., fraudulent concealment, violations of the Michigan Consumer Protection Act . . ., Mich. Comp. L. Ann. § 445.901, *et seq.*, and violations of other state statutes prohibiting unfair and deceptive acts and practices." Compl., ¶ 30 (emphasis added). |
| | In connection with the purchase of a 2007 Chevy Cobalt, Plaintiff asserts "[h]ad Old GM and/or Defendant disclosed the ignition switch defects, Plaintiff would not have purchased the Cobalt . . . ." Compl., ¶ 35. |
| | "Because Defendant acquired and operated Old GM and ran it as a continuing business enterprise, and because Defendant was aware from its inception of the ignition switch defects in the Defective Vehicles, Defendant is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 39. |
| | "On information and belief, in marketing and advertising materials, Old GM and GM consistently promoted all their vehicles, including the Defective Vehicles, as safe and reliable." Compl., ¶ 82. |

---

[1] This schedule supplements the Supplement to Schedule "2" [Dkt. No. 12672-8] filed with the Bankruptcy Court on April 30, 2014 ("**First Supplement to Schedule 2**"), and Schedule "2" [Dkt. No. 12620-2] filed with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* on April 21, 2014 [Dkt. No. 12620].

[2] Due to space limitations, this chart contains only a ***sample*** of statements, allegations and/or causes of action contained in complaints filed in the Ignition Switch Actions after the filing of the First Supplement to Schedule 2. This chart does ***not*** contain ***all*** statements, allegations and/or causes of action that New GM believes violate the provisions of the Court's Sale Order and Injunction and the MSPA.

22998421v1

| | |
|---|---|
| | "GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM . . . ." Compl., ¶ 104.<br><br>The Second Cause of Action is based on "breach of express warranty."<br><br>The Fifth Cause of Action is based on "Product Liability – Design Defect."<br><br>"Defendant designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofit or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and sold the Defective Vehicles and their component parts and constituents, which was intended by Defendant to be used as passenger vehicles and for other related activities." Compl., ¶ 163.<br><br>The Seventh Cause of Action is based on "implied warranty of merchantability." |
| Biggs | "GM marketed and advertised that these vehicles, although equipped with defective ignition switches, were safe and reliable." Compl., ¶ 2.<br><br>"Because GM acquired and operated Old GM and ran it as a continuing business enterprise, and because GM was aware from its inception of the ignition switch defects in the Defective Vehicles, GM is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 20.<br><br>"On information and belief, in marketing and advertising materials, Old GM consistently promoted the Defective Vehicles as safe and reliable." Compl., ¶ 62.<br><br>"A 2001 print ad touting the launch of the Saturn focused on safety . . . ." Compl., ¶ 66.<br><br>"GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM . . . ." Compl., ¶ 79.<br><br>"GM has breached its express warranties as alleged herein." Compl., ¶ 125.<br><br>Count IV is based on "breach of implied warranty of merchantability." |
| Detton | "In addition to the liability arising out of the statutory obligations assumed by GM, it is also subject to successor liability for the deceptive and unfair acts and omissions of Old GM because, as described below, Defendant has continued the business enterprise of Old GM with full knowledge of the ignition switch defects."Compl., ¶ 8.<br><br>"GM and Delphi were aware of the defect in the design of the Vehicles' ignition switches as early as 2004. Despite their knowledge of the design defect, GM continued to manufacture, advertise, sell, lease, and purportedly warrant the Vehicles without disclosing the defect in design." Compl., ¶ 21.<br><br>"Because GM acquired and operated Old GM and ran it as a continuing business enterprise, and because GM was aware from its inception of the Vehicles' ignition switch defects, GM is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged herein."Compl., ¶ 114. |

22998421v1

| | |
|---|---|
| Dinco | "The applicability of the bar on successor liability claims against GM for the acts and omissions of Old GM *prior to* the Sale Order is an issue that is currently pending in Bankruptcy Court in the Southern District of New York. To the extent permitted by the Bankruptcy Court, Plaintiffs herein will seek leave of this Court to amend their Complaint to add successor liability claims against GM for the acts and omissions of Old GM." Compl., p. 1 n. 1.<br><br>Many of the named plaintiffs purchased vehicles manufactured and sold by Old GM prior to the Closing Date of the 363 Sale. *See, e.g.,* Compl., ¶¶ 32, 33, 34, 35, 36, 38, 40, 42, 43, 45, 46, 48, 51.<br><br>There are numerous allegations in the Complaint regarding Old GM's conduct. *See, e.g.,* ¶¶ 65, 68, 70, 74, 138.<br><br>"Old GM was a 'manufacturer' of the Defective Vehicles within the meaning of CAL. CIV. CODE § 1791(j), and, in purchasing Old GM, GM expressly assumed liability and responsibility for "payment of all [Old ] Liabilities arising under … Lemon Laws," including California's Lemon Law, the Song-Beverly Act." Compl., ¶ 244.<br><br>"Old GM impliedly warranted to Plaintiffs and the Class that its Defective Vehicles were 'merchantable' within the meaning of CAL. CIV. CODE §§ 1791.1(a) & 1792; however, the Defective Vehicles do not have the quality that a buyer would reasonably expect, and were therefore not merchantable." Compl., ¶ 245.<br><br>"Old GM breached the implied warranty of merchantability by manufacturing and selling Defective Vehicles containing defects leading to the sudden and unintended shut down of the vehicles during ordinary driving conditions. These defects have deprived Plaintiffs and the Class of the benefit of their bargain and have caused the Defective Vehicles to depreciate in value." Compl., ¶ 250.<br><br>"As a direct and proximate result of Old GM's breach of its duties under California's Lemon Law (for which GM expressly assumed liability), Class members received goods whose dangerous condition substantially impairs their value to Class members. Plaintiffs and the Class have been damaged by the diminished value of Old GM's products, the products' malfunctioning, and the nonuse of their Defective Vehicles." Compl. ¶ 251. |
| Duarte | "Plaintiff owns a 2007 Pontiac G5, which she bought used in May of 2008 from Pontiac Womack in National City, California. . . . Plaintiff's purchase of the vehicle was induced by Defendants' fraudulent concealment and misrepresentations about the existence of the ignition switch defect, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. " Compl., ¶ 13.<br><br>"New GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because New GM acquired and operated Old GM and ran it as a continuing business enterprise, utilizing substantially the same brand names, logos, plants, offices, leadership, personnel, engineers, and employees, New GM was aware from its inception of the Ignition Switch Defect in the Defective Vehicles, and New GM and Old GM concealed the Ignition Switch Defect |

22998421v1

|  |  |
|---|---|
|  | from the public, regulators, and the bankruptcy court." Compl., ¶ 18. |
|  | "Old GM's February 28, 2005 Service Bulletin was issued in furtherance of its scheme to defraud." Compl., ¶ 95; *see also* Compl., ¶¶ 96-99 for additional allegations regarding Old GM's conduct. |
|  | "GM intended for Plaintiff, Class Members, the public, and the government to rely on its misrepresentations and omissions, so that Plaintiff and Class Members would purchase or lease the Defective Vehicles." Compl., ¶ 114(e). |
|  | "Magnuson-Moss provides a cause of action for, among other things, breach of warranty. *See* 15 U.S.C. § 2310(d)(1). GM has breached its implied warranties of merchantability, which it cannot disclaim under Magnuson-Moss, *see* 15 U.S.C. § 2308(a)(1), by failing to provide merchantable goods. Plaintiff and the Class have suffered damages as a result of GM's breaches of implied warranties as set forth above. *See* 15 U.S.C. § 2310(d)(1)-(2)." Compl., ¶ 135. |
|  | "Plaintiff and the Class members have suffered, and are entitled to recover, damages as a result of GM's breaches of warranty and violations of Magnuson-Moss." Compl., ¶ 137. |
| Elliot | "At all times relevant herein, General Motors Corporation and its successor in interest General Motors LLC were engaged in the business of designing, manufacturing, constructing, assembling, marketing, warranting, distributing, selling, leasing, and servicing automobiles, including the Class Vehicles, and other motor vehicles and motor vehicle components throughout the United States." Compl., ¶ 22. |
|  | The Named Plaintiffs vehicle is a 2008 Saturn Sky Roadster which he purchased new in 2007. Compl., ¶ 17. |
|  | Two Class questions are: (i) "whether the defective nature of the Class Vehicles constitutes a material fact reasonable consumers would have considered in deciding whether to purchase a GM Vehicle" (Compl., ¶ 98(c)), and (ii) "whether the Class Vehicles were unfit for the ordinary purposes for which they were used, in violation of the implied warranty of merchantability" (Compl., ¶ 98(i)). |
|  | "Defendants provided, disseminated, marketed, and otherwise distributed uniform false and misleading advertisements, technical data and other information to consumers regarding the safety, performance, reliability, quality, and nature of the Class Vehicles." Compl., ¶ 132(b). |
|  | The Fourth Claim for Relief is based on "breach of implied warranties." |
| Emerson | "Had GM disclosed the Ignition Switch Defect, Plaintiff would not have purchased his Saturn Ion . . . ." Compl., ¶ 13. |
|  | "New GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because New GM acquired and operated Old GM and ran it as a continuing business enterprise . . . ." Compl., ¶ 25. |
|  | "GM intentionally made the false statements in order to sell vehicles." Compl., ¶ 139. |

22998421v1

|  | |
|---|---|
|  | "GM has breached its implied warranties of merchantability . . . by failing to provide merchantable goods." Compl., ¶ 149.<br><br>"GM breached its warranty and contract obligations . . . ." Compl., ¶ 157. |
| Favro | "Plaintiff Hilarie Favro is a citizen and resident of Orange County. Plaintiff 17 purchased her 2005 Saturn Ion in November 2005 and traded the vehicle back to the dealer in 2009." Compl., ¶ 3.<br><br>"Due to the conditions of the Bankruptcy Sale and the withheld defects in the vehicles for over a decade, Defendant is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 7.<br><br>Two Class questions are: (i) "whether GM was negligent in the design, manufacturing, and distribution of the Defective Vehicles (Compl., ¶ 47(c)), and (ii) "Whether GM designed, advertised, marketed, distributed, leased, sold, or otherwise placed Defective Vehicles into United States Commerce" (Compl., ¶ 47(d)).<br><br>"Defendant breached its implied warranty of merchantability by selling a vehicle which has a propensity to have disabled power steering, power brakes and air bag functionality." Compl., ¶ 79.<br><br>The Fifth Cause of Action is based on "breach of implied warranty of fitness for a particular purpose."<br><br>"GM is, and at all relevant times has been, in the business of designing, manufacturing, distributing, and selling the Defective Vehicles to consumers with the Defective Ignition." Compl., ¶ 82. |
| Frank | "GM is also liable through successor liability for the deceptive and unfair acts and omissions of GM Corp., as alleged in this Complaint, because GM acquired and operated GM Corp., and ran it as a continuing business enterprise, utilizing substantially the same brand names, logos, plants, offices, leadership, personnel, engineers, and employees. GM was aware from its inception of the Power Steering Defect in certain of its vehicles, and GM and GM Corp. concealed the Power Steering Defect from the public, regulators, and the bankruptcy court." Compl., ¶ 6.<br><br>"While GM knew of the Power Steering Defect as early as 2004, and knew that the defect caused the Defective Vehicles to have a propensity to lose power to the power steering system and become uncontrollable, it continued to design, manufacture, and market the Defective Vehicles until at least 2010." Compl., ¶ 48. |
| Fugate | "In addition to the liability arising out of the statutory obligations assumed by GM, GM also has successor liability for the deceptive and unfair acts and omissions of Old GM because GM has continued the business enterprise of Old GM with full knowledge of the ignition switch defects." Compl., ¶ 15.<br><br>"Plaintiff and the Class either paid more for the Defective Vehicles than they would have had they known of the ignition switch defects, or they would not have purchased the |

22998421v1

| | |
|---|---|
| | Defective Vehicles at all had they known of the defects." Compl., ¶ 29.<br><br>"Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for violations of Kentucky Consumer Protection Act, § 367.110 *et seq.*, **breach of express warranty, breach of implied warranty of merchantability, breach of contract and common law warranty**, or, in the alternative, unjust enrichment, **product liability and negligent design defect**, violations of the Magnuson-Moss Warranty Act, 15 U.SC. § 2301, *et seq.* . . ., fraudulent concealment, violations of the Michigan Consumer Protection Act . . ., Mich. Comp. L. Ann. § 445.901, *et seq.*, and violations of other state statutes prohibiting unfair and deceptive acts and practices." Compl., ¶ 39 (emphasis added).<br><br>The Named Plaintiff purchased a 2006 Saturn Ion and alleged that, "[h]ad Old GM and/or Defendant disclosed the ignition switch defects, Plaintiff would not have purchased the Ion and would not have retained the vehicle once the defect was announced." Compl., ¶ 35.<br><br>"Because Defendant acquired and operated Old GM and ran it as a continuing business enterprise, and because Defendant was aware from its inception of the ignition switch defects in the Defective Vehicles, Defendant is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 39.<br><br>"On information and belief, in marketing and advertising materials, Old GM and GM consistently promoted all their vehicles, including the Defective Vehicles, as safe and reliable." Compl., ¶ 82.<br><br>"GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM . . . ." Compl., ¶ 104.<br><br>The Second Cause of Action is based on "breach of express warranty."<br><br>"At all times relevant, Defendant sold, marketed, advertised, distributed, and otherwise placed Defective Vehicles into the stream of commerce in an unlawful, unfair, fraudulent, and/or deceptive manner that was likely to deceive the public." Compl., ¶ 139.<br><br>The Eighth Cause of Action is based on "Breach of Contract/Common Law Warranty/Unjust Enrichment."<br><br>The Ninth Cause of Action is based on "breach of implied warranty of merchantability." |
| Holliday | "GM also has successor liability for the deceptive and unfair acts and omissions of Old GM because GM has continued the business enterprise of Old GM with full knowledge of the Ignition Switch Defects." Compl., ¶ 17.<br><br>"Because GM acquired and operated General Motors Corporation and ran it as a continuing business enterprise, and because GM was aware from its inception of the Ignition Switch Defects in the Defective Vehicles, GM is liable through successor |

22998421v1

| | |
|---|---|
| | liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 39.<br><br>"At all times relevant herein, General Motors Corporation and its successor in interest General Motors LLC were engaged in the business of designing, manufacturing, constructing, assembling, marketing, warranting, distributing, selling, leasing, and servicing automobiles, including the Defective Vehicles . . . ." Compl., ¶ 41.<br><br>"GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM . . . ." Compl., ¶ 101.<br><br>Two Class questions are: (i) "whether GM and its predecessor breached its applicable warranties" (Compl., ¶ 122(f)), and (ii) "whether the Defective Vehicles were unfit for the ordinary purposes for which they were used, in violation of the implied warranty of merchantability" (Compl., ¶ 122(m)).<br><br>"As a part of the implied warranty of merchantability, GM warranted that the Defective Vehicles were fit for their ordinary purpose as safe passenger motor vehicles, would pass without objection in the trade as designed, manufactured, marketed, and were adequately contained, packaged, and labeled." Compl., ¶ 139.<br><br>"GM is liable to Plaintiffs and the Class Members pursuant to 15 U.S.C. § 2310(d)(1), because it breached the implied warranty of merchantability." Compl., ¶ 140.<br><br>"Defendants also breached express and implied warranties to Plaintiffs and the Class . . . ." Compl., ¶ 177.<br><br>"Defendants also expressly warranted through statements and advertisements that the Defective Vehicles were of high quality, and at minimum, would actually work properly and safely." Compl., ¶ 186. |
| Knetzke | "Plaintiff owns a 2003 Saturn Ion, which he bought used" and alleged that "[h]ad GM disclosed the Ignition Switch Defect, Plaintiff would not have purchased his Saturn Ion . . . ." Compl., ¶ 14.<br><br>"New GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because New GM acquired and operated Old GM and ran it as a continuing business enterprise." Compl., ¶ 19.<br><br>"GM has failed to comply with the terms of its implied warranties . . . ." Compl., ¶ 139.<br><br>"Yet GM marketed, promoted, and sold the Defective Vehicles as safe and free from defects." Compl., ¶ 154. |
| Levine | "Mr. Levine owns a 2008 Chevrolet Cobalt, which he purchased new" and "[h]ad GM disclosed the Ignition Switch Defect, Plaintiff would not have purchased the Cobalt, or would have paid less than he did, and would not have retained the vehicle." Compl., ¶ 1.<br><br>"GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because GM acquired and operated |

22998421v1

| | |
|---|---|
| | Old GM and ran it as a continuing business enterprise . . . ." Compl., ¶ 5. |
| | "GM vehicles have been marketed based on its safety from 2002 through the present . . . ." Compl., ¶ 33. |
| Markle | "New GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because New GM acquired and operated Old GM and ran it as a continuing business enterprise . . . ." Compl., ¶ 18. |
| | One Class question is "[w]hether Defendants engaged in unfair, deceptive, unlawful or fraudulent acts or practices in trade or commerce by failing to disclose that the Defective Vehicles were designed, manufactured, and sold with defective ignition switches." Compl., ¶ 77(h). |
| | "GM has breached its implied warranties of merchantability . . . by failing to provide merchantable goods." Compl., ¶ 135. |
| Nava | The Defective Vehicles are described as "2003-2007 Saturn Ion[s]." Compl., ¶ 1. |
| | "Plaintiff purchased her Saturn Ion during the liability period in California. She would not have paid as much as she did for the vehicle had she known that, as sold, it was defective." Compl., ¶ 15. |
| | "GM, which is a successor GM entity resulting from the GM chapter 11 bankruptcy proceeding, contractually assumed liability for the claims in this lawsuit." Compl., ¶ 19. |
| | "GM's express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). The Saturn Ion's implied warranties are covered under 15 U.S.C. § 230 1(7)" and "GM breached these warranties." Compl., ¶¶ 53-54. |
| | "Through advertising, marketing, and other publications, GM caused statements to be disseminated that were untrue or misleading, and that were known, or that by the exercise of reasonable care should have been known to GM, to be untrue and misleading to consumers, including Plaintiffs and other Class members." Compl., ¶ 77. |
| | "GM made express warranties to Plaintiffs and the other Class members within meaning of Cal. Civ. Code §§ 1791.2 and 1793.2 in its warranty, manual, and advertising, as described above." Compl., ¶ 89. |
| | "The Defective Vehicles are covered by GM's express warranties." Compl., ¶ 91. |
| | "GM has breached the implied warranty of merchantability by manufacturing and selling Defective Vehicles that are detective." Compl., ¶ 97. |
| Phaneuf | The complaint is brought against" General Motors LLC . . . successor-in-interest to General Motors Corporation . . . ." Compl., p. 1. |
| | There are numerous allegations in the Complaint regarding Old GM's conduct. *See, e.g.,* ¶¶ 3, 26, 27, 28, 29, 35, 36, 41, 49-55. |

22998421v1

| | |
|---|---|
| Powell | "In addition to the liability arising out of the statutory obligations assumed by GM, GM also has successor liability for the deceptive and unfair acts and omissions of Old GM because GM has continued the business enterprise of Old GM with full knowledge of the ignition switch defects." Compl., ¶ 15.<br><br>"Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for violations of Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq.*, Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 4165.01, *et seq.*, ***breach of express warranty, breach of implied warranty of merchantability, breach of contract and common law warranty***, or, in the alternative, unjust enrichment, ***product liability and negligent design defect***, violations of the Magnuson-Moss Warranty Act, 15 U.SC. § 2301, *et seq.* . . ., fraudulent concealment, violations of the Michigan Consumer Protection Act . . ., Mich. Comp. L. Ann. § 445.901, *et seq.*, and violations of other state statutes prohibiting unfair and deceptive acts and practices." Compl., ¶ 30 (emphasis added).<br><br>"Plaintiff purchased a 2005 Saturn Ion" and "[h]ad Old GM and/or Defendant disclosed the ignition switch defects, Plaintiff would not have purchased the Ion . . . ." Compl., ¶ 35.<br><br>"Because Defendant acquired and operated Old GM and ran it as a continuing business enterprise, and because Defendant was aware from its inception of the ignition switch defects in the Defective Vehicles, Defendant is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 39.<br><br>"On information and belief, in marketing and advertising materials, Old GM and GM consistently promoted all their vehicles, including the Defective Vehicles, as safe and reliable." Compl., ¶ 82.<br><br>"GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM . . . ." Compl., ¶ 104.<br><br>A Class question is "[w]hether Defendant is liable for a design defect." Compl., ¶ 114(f).<br><br>"At all times relevant, Defendant sold, marketed, advertised, distributed, and otherwise placed Defective Vehicles into the stream of commerce in an unlawful, unfair, fraudulent, and/or deceptive manner that was likely to deceive the public." Compl., ¶ 144.<br><br>"Defendant further affirmatively misrepresented to Plaintiff in advertising and other forms of communication, including standard and uniform material provided with each car, that the vehicles they were selling were new, had no significant defects and would perform and operate properly when driven in normal usage." Compl., ¶ 154.<br><br>The Fifth Cause of Action is based on "Product Liability – Design Defect." |

|  | |
|---|---|
|  | The Seventh Cause of Action is based on "Breach of the Implied Warranty of Merchantability." |
|  | The Twelfth Cause of Action is based on "breach of express warranty." |
| Skillman | "GM marketed and advertised that these vehicles, although equipped with defective ignition switches, were safe and reliable." Compl., ¶ 2. |
|  | "Plaintiff owns a 2005 Chevrolet Cobalt . . . which she purchased in 2009 for her personal transportation." Compl., ¶ 14. |
|  | "Because GM acquired and operated Old GM and ran it as a continuing business enterprise, and because GM was aware from its inception of the ignition-switch defects in the Defective Vehicles, GM is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 20; *see also* Compl., ¶ 79. |
|  | "On information and belief, in marketing and advertising materials, Old GM consistently promoted the Defective Vehicles as safe and reliable." Compl., ¶ 62. |
|  | "GM has known since 2001 that at least one of its vehicles had serious safety problems involving the defective ignition switch, while at all times advertising and promoting its GM vehicles as highly reliable and safe." Compl., ¶ 80. |
|  | A Class question is "[w]hether, and to what extent, GM has successor liability for the acts and omissions of Old GM." Compl., ¶ 96(i). |
|  | "Defendants have failed to comply with the terms of its written, express, and/or implied warranties." Compl., ¶ 120. |
|  | "GM's sales of the Defective Vehicles breached this implied warranty of merchantability because the Defective Vehicles were sold with latent defects described herein as the ignition-switch defects." Compl., ¶ 137. |
|  | "GM, however, marketed, promoted, and sold the Defective Vehicles as safe and free from defects." Compl., ¶ 138. |
| Taylor | The Named Plaintiff "owns a 2006 Chevy Cobalt, which he bought new, and asserts that "[h]ad GM disclosed the Ignition Switch Defect, Taylor would not have purchased his 2006 Chevy Cobalt, or would have paid less than he did, and would not have retained the car." Compl., ¶ 8. |
|  | "GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because GM acquired and operated Old GM and ran it as a continuing business enterprise." Compl., ¶ 12. |
|  | "GM cars have been marketed based on safety from 2002 through the present." Compl., ¶ 35. |
|  | "While GM knew of the Ignition Switch Defect by 2001 and knew that the defect caused the Defective Cars to have an unreasonable propensity to shut down and become uncontrollable, it continued to design, manufacture and market the Defective Cars until |

22998421v1

|       |                                                                                                                                                                                                                                                                                                 |
|-------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       | as late as 2011." Compl., ¶ 68.                                                                                                                                                                                                                                                                 |
| Villa | "At all times relevant herein, General Motors Corporation and its successor in interest General Motors, LLC, were engaged in the business of designing, manufacturing, constructing, assembling, marketing, warranting, distributing, selling, leasing, and servicing automobiles, including the Defective Vehicles, and other motor vehicles and motor vehicle components throughout the United States." Compl., ¶ 27. |
|       | "General Motors, LLC, is liable through successor liability for the acts and omissions of General Motors Corporation."  Compl., ¶ 28.                                                                                                                                                           |
|       | "Upon information and belief, GM promoted these Defective Vehicles as safe and reliable in numerous marketing and advertising materials." Compl., ¶ 44.                                                                                                                                         |
|       | Two Class questions are (i) "[w]hether the defective nature of the Defective Vehicles constitutes a material fact reasonable consumers would have considered in deciding whether to purchase a GM vehicle" (Compl., ¶ 109(e)), and (ii) "[w]hether the Defective Vehicles were unfit for their ordinary and intended use, in violation of the implied warranty of merchantability"  (Compl., ¶ 109(i)). |
|       | "As a part of the implied warranty of merchantability, GM warranted that the Defective Vehicles would pass without objection in the trade as designed, manufactured, and marketed; were fit for their ordinary purpose as safe passenger motor vehicles; and were adequately contained, packaged, and labeled." Compl., ¶ 129. |
|       | "GM is liable to Plaintiffs and the Nationwide Class pursuant to 15 U.S.C. § 2310(d)(1), because it breached the implied warranty of merchantability." Compl., ¶ 130.                                                                                                                           |
|       | "Defendants provided, disseminated, marketed, and otherwise distributed uniform false and misleading advertisements, technical data and other information to consumers regarding the safety, performance, reliability, quality, and nature of the Defective Vehicles." Compl., ¶ 147(b).       |
|       | Count IV is based on "breach of implied warranties."                                                                                                                                                                                                                                            |

22998421v1