```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/29/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

Motors Liquidation Company
     Debtors.

14 Civ. 00004 (LGS)

OPINION & ORDER

------------------------------------------------------------x

LORNA G. SCHOFIELD, District Judge:

     Appellant Sherif Rafik Kodsy brings this appeal from the order of Judge Robert E. Gerber in the Bankruptcy Court for the Southern District of New York, which summarily denied Plaintiff's Motion for Summary Judgment for "failure to show a prima facie entitlement to relief." For the reasons stated below, the decision below is affirmed.

## BACKGROUND

     Appellant Sherif Rafik Kodsy is a claimant in the Chapter 11 cases of Motors Liquidation Company. (Proof of Claim No. 69683 filed by Sherif Rafik Kodsy in the Motors Liquidation Company chapter 11 cases dated January 4, 2010). In 2009, he brought a personal injury case against General Motors in the 15th Judicial Circuit Court in Palm Beach County, Florida, for "personal injury, conspiracy, fraud, gross negligence, strict liability, [and] punitive damages," arising out of an alleged defect in Appellant's previously owned Hummer H2 vehicle. *Sherif Rafik Kodsy vs. General Motors Corporation*, Case No. 09-CA-011174.

     In order to liquidate Appellant's claim, Appellee Motors Liquidation Company GUC Trust, sought and received permission from the Bankruptcy Court in May 2013 to allow the Florida action, which had previously been stayed as a result of the Debtors' bankruptcy filing, to proceed in Florida state court. (Bankr. ECF. No. 11743). In August 2013, the Florida state court

entered an order finding Appellant to be a vexatious litigant, and required Appellant to post security in the amount of $35,000 within 30 days of its order to secure the payment of costs and expenses likely to be incurred by Appellee in defending the Florida action. (Bankr. ECF No. 12564). Pursuant to the Order, failure to post the security would result in the dismissal with prejudice of the Florida action.

Appellant failed to comply with the Florida state court order to post security, and the Florida action was consequently dismissed with prejudice on November 6, 2013. Appellant appealed this dismissal to Florida's Fourth District Court of Appeal, which appeal is currently pending. (Bankr. ECF No. 12564). Separately, Appellant filed this Motion for Summary Judgment with the Bankruptcy Court for the Southern District of New York. Judge Gerber summarily denied his summary judgment motion for failure to state a prima facie claim for relief. (Bankr. ECF 12539).

**DISCUSSION**

Final orders of the bankruptcy court may be appealed to the district court as of right. 28 U.S.C. § 158(a)(1). The district court "independently review[s] the factual determinations and legal conclusions of the bankruptcy court." *Theatre Row Phase II Associates v. H & I Inc.*, 443 B.R. 592, 596 (S.D.N.Y. 2011) (quoting *In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010)). A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Fed. R. Bankr. P. 8013. On appeal, the legal conclusions of the bankruptcy court are reviewed de novo, but the findings of fact are reversed only when they are "clearly erroneous." *In re Worldcom, Inc.*, 339 B.R. 836, 839 (S.D.N.Y.2006).

The Court agrees with Judge Gerber's denial for at least three reasons. First, the Bankruptcy Court does not have jurisdiction over the claims here, as they are non-core matters

currently proceeding in Florida state court. *See In re New York Med. Grp., P.C.*, 265 B.R. 408, 412 (Bankr. S.D.N.Y. 2001). Second, even if the claims had reached final judgment in Florida, res judicata would bar any effort to relitigate here claims that had already been adjudicated in another forum. *See In re Madison 92nd St. Associates LLC*, 472 B.R. 189, 195 (Bankr. S.D.N.Y. 2012). Third, summary judgment would not be appropriate here even if the Court addressed the merits of the case. Summary judgment is available only in the absence of any genuine issue of material fact, and numerous factual issues evidently exist regarding Plaintiff's injuries. *See* Fed. R. Civ. P. 56.

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED. The Clerk of Court is directed to terminate the case.

April 29, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE