H. Slayton Dabney, Jr.
DABNEY, PLLC
303 Grande Court
Richmond, VA 23229
Telephone: (646) 549-1181
sdabdey@dabneypllc.com

*Counsel for Patrice Witherspoon*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                                      :    Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, et al.,                        :    Case No. 09-50026 (REG)
     f/k/a General Motors Corp., et al.                    :
                                                           :
                    Debtors                                :    (Jointly Administered)
                                                           :
------------------------------------------------------------x

## REQUEST FOR MODIFICATION OF STAY SET FORTH IN THIS COURT'S MAY 16, 2014 SCHEDULING ORDER

On May 16, 2014, this Court issued a scheduling order regarding the motion of General Motors LLC ("New GM") to enforce this Court's July 5, 2009 sale order. Doc. # 12697 (the "Scheduling Order"). The Scheduling Order, consistent with discussions from the related scheduling conference, provides the parameters of a proposed voluntary stay of Ignition Switch Actions. Despite the contemplated stay later articulated in the Scheduling Order, New GM removed *Witherspoon v. General Motors LLC, et al.*, Case No. 1416-cv-08092 to the United States District Court for the Western District of Missouri on May 12, 2014. The *Witherspoon* plaintiff ("Plaintiff") agrees to the imposition of a stay as set forth in the Scheduling Order and proposed Stipulation Staying Action with one exception – Plaintiff's pending remand motion and the issue of federal subject-matter jurisdiction should be excluded from the scope of the stay so that the appropriate forum may be properly and timely decided. Such a modification would not

1

interfere with this Court's ability to resolve the issues raised in New GM's motion, is consistent with the spirit of the proposed stay, and avoids prejudice to Plaintiff.

## BACKGROUND

Patrice Witherspoon filed an action asserting strictly Missouri state law claims on behalf of herself and other Missouri consumers against New GM and General Motors Company in the Circuit Court of Jackson County, Missouri on April 7, 2014. Petition, attached as Exhibit 1. On April 21, 2014, New GM filed a motion to enjoin certain lawsuits related to defective ignition switches on the grounds of this Court's July 5, 2009 sale order. Doc. #12620 (the "Enforcement Motion"). This Court held a scheduling conference regarding the Enforcement Motion on May 2, 2014, at which time the parties discussed logistics of addressing the Enforcement Motion and further discussed the potential for stipulated stays of proceedings in the underlying Ignition Switch Actions. The parties and the Court agreed that pending proceedings before the Judicial Panel on Multidistrict Litigation ("JPML"), a hearing for which is set for May 29, 2014, would be excluded from the scope of any potential stay. On May 16, 2014, this Court issued its Scheduling Order, which, consistent with the prior conference, set forth a process for voluntary stipulation by the parties staying all proceedings in the Ignition Switch Cases other than JPML proceedings and certain MDL Transferee Court administrative actions. Scheduling Order at ¶¶ 4, 5.

Despite the contemplated stay, New GM thereafter on May 12, 2014 initiated additional proceedings in *Witherspoon* by removing it to the United States District Court for the Western District of Missouri. Notice of Removal, attached as Exhibit 2 (without exhibits). In its Notice of Removal, New GM asserted its intent to further notice *Witherspoon* as a tag-along action for consolidation in the contemplated MDL. Ex. 2 at ¶ 5. On May 15, 2014, Plaintiff filed a motion

2

to remand in accordance with 28 U.S.C. § 1447 and the Federal Rules of Civil Procedure, together with a motion to expedite briefing and ruling on the remand matter. Motion to Remand, attached as Exhibit 3; Motion to Expedite Briefing and Ruling attached as Exhibit 4. As its sole argument for remand Plaintiff raises the narrow and discrete argument that Article III standing (and therefore subject matter jurisdiction) does not exist in *Witherspoon* under the recent and controlling precedent set forth in *Wallace v. ConAgra Foods, Inc.*, 13-1485, -- F.3d --, 2014 WL 1356860 (8th Cir., Apr. 4, 2014). See Ex. 3 at ¶ 8. On May 20, 2014, New GM filed an opposition to expedited resolution of the remand issue based in part on the potential stay referenced in the Scheduling Order and requested a stay of the remand ruling from the District Court. Defendants' Consolidated Response in Opposition to Plaintiff's Motion to Expedite and Cross-Motion to Stay attached as Exhibit 5 (without exhibits). Plaintiff filed its reply brief on May 23, 2014, attached as Exhibit 6.

Counsel for New GM presented Plaintiff's counsel with a form Stipulation Staying Action on May 19, 2014, which did not allow for resolution of the remand issue. Plaintiff files this Request for Modification of Stay in accordance with Paragraph 5(b) of the Scheduling Order. For the reasons set forth below, good cause exists for a modified stay of *Witherspoon* to allow for prompt resolution of the remand (and subject-matter jurisdiction) issue.

## ARGUMENT

Plaintiff's proposed modified stay should be approved. Such a modified stay will have no impact on this Court's ability to resolve issues presented in the Enforcement Motion, or the procedure set forth for doing so in the Scheduling Order. The modification is also consistent with the Scheduling Order's contemplation that other proceedings related to forum and venue, specifically the pending JPML proceedings, be excluded from the scope of the stay. Lastly, a

modified stay is both warranted and necessary to avoid prejudicing Plaintiff by consolidating her matter with dozens, if not hundreds, of other cases in a large MDL prior to determination of federal subject-matter jurisdiction.

I.    A Modified Stay Will Not Interfere With This Court's Resolution of the Motion.

A modified stay as proposed by Plaintiff will indisputably not interfere with this Court's ability to decide the Enforcement Motion. The sole issue raised in Plaintiff's remand motion is discrete and narrow – whether Article III standing (and, thus, federal subject-matter jurisdiction) exists in *Witherspoon* under recent and controlling Eighth Circuit precedent. Resolution of the standing issue does not implicate this Court's sale order or any other matter that is the subject of the Enforcement Motion. New GM has not argued to the contrary in its opposition to expedited review of the remand matter. In fact, New GM specifically argues that the ruling of this Court on the Enforcement Motion will be applicable in either federal or state court. Ex. 5 at 2.

Moreover, Plaintiff agrees to the entry of a stay in *Witherspoon* substantially similar to that proposed in the Scheduling Order, with the sole exception of accommodation for the proper and timely resolution of the remand issue. A copy of the proposed Stipulation Staying Action, showing Plaintiff's requested modifications, is attached as Exhibit 7. Plaintiff agrees, consistent with the prior proposed stay, to voluntarily stay all proceedings in *either* federal or state court subsequent to final resolution of the remand issue. While Plaintiff intends to oppose the Enforcement Motion, Plaintiff will do so in this Court in the manner set forth in the Scheduling Order. Resolution of the Enforcement Motion is unrelated to, and should not delay resolution of, the discrete remand argument asserted by Plaintiff. The lack of interference with this Court's ability to address the Enforcement Motion constitutes good cause to exclude the unrelated remand issue from the stay.

II. **A Modified Stay Is Consistent With The Stay in the Scheduling Order.**

A modified stay is also consistent with the stay referenced in the Scheduling Order in that it allows for the resolution of forum and venue issues. The Scheduling Order already contemplates allowing similar matters to proceed without delay caused by the pending Enforcement Motion through its exclusion of JPML proceedings and certain administrative actions in the Transferee Court. Scheduling Order at ¶¶ 4, 5. A modified stay allowing for prompt resolution of the remand issue will similarly provide for proper and timely determination of the appropriate forum for *Witherspoon* without infringing on this Court's ability to resolve the Enforcement Action. As such, a stay modified as proposed by Plaintiff maintains the spirit, if not the letter, of the stay proposed in the Scheduling Order.

III. **A Modified Stay Is Necessary To Avoid Prejudice To Plaintiff.**

Imposition of a modified stay is necessary to avoid unfair prejudice to Plaintiff. A primary purpose of the stay referenced in the Scheduling Order was to maintain the status quo until such time as the Court can rule on the Enforcement Action. The proposed stay contemplated no further proceedings in Ignition Switch Cases other than those JPML proceedings specifically excluded from its scope. Despite New GM's knowledge that *Witherspoon* was pending in Missouri state court at the time of the scheduling conference, New GM did not seek to exclude removal proceedings from the scope of the proposed stay. Instead, it subsequently removed *Witherspoon* in clear contravention of the contemplated stay, thus unilaterally disrupting the status quo the proposed stay was intended to preserve. New GM should not be allowed to initiate further proceedings in *Witherspoon* prior to the deadline to agree to a stay, and then hide behind the contemplated stay in an attempt to handcuff Plaintiff or

the Western District of Missouri from promptly and adequately addressing this issue under controlling Eighth Circuit precedent.

Plaintiff will be prejudiced if *Witherspoon* is transferred to an MDL prior to resolution of the remand issue. Absent expeditious resolution of the remand issue, Plaintiff's case will likely be subject to JPML transfer along with dozens, if not hundreds, of other cases. The Transferee Court will be required to address numerous administrative and procedural issues prior to ever reaching the substance of the multiplicity of cases before it. As a result, the straightforward issue of federal subject-matter jurisdiction may not be decided for years. Such a lengthy and unnecessary delay, in and of itself, will prejudice Plaintiff and constitutes good cause for the modified stay proposed by Plaintiff in this matter.

Plaintiff will also be prejudiced by having a foreign MDL court decide the issue of Article III standing and federal subject-matter jurisdiction. Plaintiff has argued that controlling Eighth Circuit authority mandates remand of *Witherspoon*. But a MDL court may apply the federal law of its circuit, and may not be obligated to follow controlling Eighth Circuit interpretation of Article III's standing requirement. *See In re General Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004). Accordingly, Plaintiff has a strong interest in having a local court resolve its case under controlling precedent. Indeed, the Western District of Missouri, where *Witherspoon* is currently pending, has endorsed expedited consideration of remand issues prior to transfer to an MDL. *See Plubell v. Merck & Co., Inc.*, Case No. 05-0831-CV-W-HFS, Order, Doc. 16 (Sept. 20, 2005) (expediting briefing on motion to remand due to pending MDL transfer); *id.*, Doc. 20 (Oct. 20, 2005) (stating that "a remand before transfer [to an MDL] is the preferred practice."). Prejudice to Plaintiff constitutes good cause for entry of a

6

modified stay in *Witherspoon* allowing the discrete and narrow remand issues presented to move forward.

Unlike Plaintiff, New GM will not be prejudiced by allowing the remand matter to move forward. The Enforcement Motion is grounded on New GM's argument that it may not be held liable for the acts of Old GM, a position that Plaintiff disputes. Regardless, Plaintiff asserts claims based not only upon the acts of Old GM, but also based upon the independent acts of New GM itself. *See, e.g.*, Petition, Ex. 1 at ¶¶ 30, 71, 100. New GM will be required to address the issues set forth in Plaintiff's remand motion regardless of the resolution of the Enforcement Motion. The narrow and discrete issue of the Eighth Circuit's decision in *ConAgra* will not be at play in the vast majority of actions transferred to a proposed MDL and will not need to be addressed in multiple other cases - in fact, New GM has not cited a single such action where a remand motion has been filed based upon *ConAgra* or any other similar Article III issue. As a result, no resources will be preserved by delay in addressing the remand issue and New GM will not be prejudiced by allowing remand to move forward expeditiously.

## CONLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court order a modified stay of *Witherspoon* consistent with the stay outlined in the Scheduling Order but further excluding final resolution of the remand issues from the scope of the stay, thereby allowing for prompt resolution of the remand issue, as reflected in Exhibit 7. As set forth above, good cause for such a modified stay exists.

Dated: May 27, 2014

7

Respectfully submitted,

/s/ H. Slayton Dabney, Jr.
H. Slayton Dabney, Jr.
DABNEY, PLLC
303 Grande Court
Richmond, VA 23229
Telephone: (646) 549-1181
sdabdey@dabneypllc.com


Patrick J. Stueve
Todd E. Hilton
Bradley T. Wilders
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
stueve@stuevesiegel.com
hilton@stuevesiegel.com
wilders@stuevesiegel.com


Don M. Downing
GRAY, RITTER & GRAHAM, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
Telephone: (314) 241-5620
Facsimile: (314) 241-4140
ddowning@grgpc.com

*Counsel for Patrice Witherspoon*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 27, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

/s/ H. Slayton Dabney, Jr.