# EXHIBIT 3

# IN THE UNITED STAES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PATRICE WITHERSPOON, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 4:14-cv-00425-HFS |
| vs. ) ) | |
| GENERAL MOTORS LLC AND GENERAL MOTORS CO. ) ) ) | |
| Defendants. ) ) | |

## **MOTION TO REMAND AND SUPPORTING SUGGESTIONS**

Pursuant to binding and controlling precedent from the United States Court of Appeals for the Eighth Circuit, Plaintiff Patrice Witherspoon respectfully moves for an immediate order of remand to the Circuit Court of Jackson County, Missouri. Remand is required because Defendants General Motors LLC and General Motors Co. ("GM") have failed to plead the existence of standing under Article III of the United States Constitution. The absence of allegations to support the existence of standing is fatal to federal subject-matter jurisdiction and controlling precedent establishes that remand is the only permissible remedy when a federal court lacks standing in a removed case. *Wallace v. ConAgra Foods, Inc.*, 13-1485, --- F.3d ----, 2014 WL 1356860 (8th Cir. Apr. 4, 2014), mandate issued April 25, 2014 (a courtesy copy of the opinion is attached as <u>Exhibit A</u>).

**BACKGROUND**

Witherspoon purchased a 2006 Saturn Ion from GM. Dkt. 1-2, Petition, ¶4. As has been widely reported in the media, GM recently issued a nationwide recall of a number of vehicles, including the 2006 Saturn Ion. *Id.* at ¶20. GM has effectively admitted that the vehicles were equipped with faulty ignition switches that could spontaneously move to the "off" or "accessory" position. *Id.* at ¶¶ 22, 38-39, 45, 63, 66. When this occurs, the vehicle loses a number of critical systems, including power steering, braking, and air-bag deployment. *Id.* at ¶19. As pled, a number of vehicle crashes and deaths have been attributed to the defect. *Id.* at ¶ 27.

As a purchaser of a vehicle equipped with the faulty and defective ignition switch, Witherspoon sued GM under the Missouri Merchandising Practices Act ("MMPA"), RSMo. § 407.125, in the Circuit Court of Jackson County at Independence, Missouri. *See generally,* Dkt. 1-2, Petition. She alleges that GM committed unlawful or unfair trade practices as defined by the MMPA. *Id.* at ¶115. She has not alleged physical injury but contends that as a result of GM's unlawful acts under the MMPA she suffered economic damages by paying more for her vehicle than she would have paid had "Defendants' not concealed and/or omitted materials facts surrounding the defective nature of the ignition parts." *Id.* at ¶117.

On May 12, 2014, GM removed the case to federal court and indicated its intent to haul the plaintiff and her exclusively state-law claim brought under the laws of the state of Missouri into a federal MDL, likely to be located in a federal court far from Missouri. Dkt. 1, Notice of Removal ¶4-5 ("Once this case is removed, New GM intends to give notice to the JPML of this case as a potential tag-along action. . .

2

."). Plaintiff moves for an order of remand from this Court.

## QUESTION PRESENTED

In *Conagra*, the Eighth Circuit held in a class action alleging the sale of deceptive merchandise that there is no standing to proceed in federal court and the case must be remanded because the plaintiff did not allege that his product actually manifested the alleged defect, even though he had alleged the deception caused him to pay a premium price for the product. *Conagra*, 2014 WL 1356860, at *4. Pursuant to *Conagra*, must this case be remanded where GM has not made an allegation that the plaintiff's Saturn Ion manifested the alleged defect in its faulty ignition system by spontaneously moving to the "off" or "accessory" position and thereby causing vehicle to lose power?

## ARGUMENT

### I. Standard of Review.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits or other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Consequently, removal of a case to federal court is only proper if the federal court has subject-matter jurisdiction.

"The party invoking federal jurisdiction bears the burden of establishing" it, including that the case satisfies the standing requirement of Article III of the U.S Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Cubie v. Staples Contract & Commercial Inc.,* 2013 WL 1385014, at *1 (W.D. Mo. Apr.

3

1, 2013) (Sachs, J.) ("The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand."). Under Article III, standing requires that the plaintiff has "suffered an 'injury in fact,'" and that injury must be of such a character as to be an "invasion" of a "concrete and particularized" legally protected interest. *Lujan,* 504 U.S. at 560-61. At the pleading stage, the party invoking federal jurisdiction must plead "general factual allegations of [concrete and particularized] injury resulting from the defendant's conduct." *Id.* at 561.

## II.     GM has not met its burden to establish federal jurisdiction.

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. In its Notice of Removal, GM makes various assertions in an attempt to establish Article III and statutory jurisdiction, including allegations relating to the citizenship of the parties and alleging (incorrectly) that the claim brought by plaintiff under the MMPA arises under federal law. *See* Dkt. 1, Notice of Removal (paragraphs 6-33). However, entirely absent from its Notice is any allegations relating to *standing*, which the U.S. Supreme Court has called the "core component" of the case-or-controversy requirement of Article III. *Lujan,* 504 U.S. at 560. Regardless of whether diversity or federal-question jurisdiction exists, GM cannot avoid its jurisdictional burden to establish standing. *See Conagra,* 2014 WL 1356860, at *4-5 (remanding case where the requirements of the Class Action Fairness Act were met but the defendant failed to establish the existence of Article III standing).

4

To establish standing GM must assert the existence of an "injury in fact" that "'is concrete, *particularized*, and *actual* or imminent.'" *Conagra,* 2014 WL 1356860, at \*3 (emphasis in original) (quoting *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. ---, 130 S. Ct. 2743, 2752 (2010)). While there can be no doubt that Witherspoon's petition alleges a concrete economic injury and ascertainable loss, *i.e.* that she paid more for her Saturn Ion as a result of the defect and GM's violation of the MMPA (which is sufficient for standing under Missouri law), under the Eighth Circuit's recent decision in *Conagra*, that alone does not meet the particularized-or-actual injury requirement for purposes of Article III. *Id.* at \* 2-3 (holding that economic injury established an injury-in-fact but because there was no evidence the plaintiff's product exhibited the alleged defect that injury was not particularized and actual).

*Conagra* conclusively established that in order to keep a removed defective-products case in federal court, there must be an allegation that the defective product "actually exhibited" the alleged defect:

> In the context of defective products, "it 'is not enough' for a plaintiff 'to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that *their* product *actually exhibited* the alleged defect.'" In re Zurn Pex Plumbing Prods. Liab. Litig., 644 F.3d 604, 616 (8th Cir. 2011) (emphasis added) (quoting O'Neil v. Simplicity, Inc., 574 F.3d 501, 503 (8th Cir. 2009)).

*Id.* at \*3-4. In *Conagra*, a putative class action like this case, the Court of Appeals held that without an allegation that the plaintiffs' product manifested the alleged defect, the Court could not conclude that they "suffered" a "particularized and actual injury" sufficient to invoke the federal judicial power. *Id.* at \*6 ("we are bound to conclude the consumers lack traditional Article III standing and CAFA does not extend federal

5

jurisdiction to this case.")

Just as the defendant failed to allege manifestation in *ConAgra,* GM has not alleged that the faulty ignition switch in plaintiff's Saturn Ion ever actually moved to the "off" or "accessory" position or that it has caused the vehicle to lose power and resulted in the loss of power steering, braking or air-bag deployment. GM has also not alleged that the defect caused plaintiff's vehicle to crash. In fact, the only allegation in GM's petition relating to injury at all purports to allege the *lack of injury*:

> The vehicle at issue in this Action is a 2006 Saturn Ion ("Vehicle") manufactured by Old GM and purchased by Plaintiff well before the Petition Date. *No post-sale accident involving the Vehicle is alleged.*

Dkt. 1, Notice of Removal, ¶ 30 (emphasis added). Thus, GM has not met its burden to establish a particularized-and-actual injury, as that phrase was interpreted and applied in *Conagra*. Because the Plaintiff and the Court are bound by that decision, there is no Article III standing in this case.

### III.    The lack of standing requires the Court to remand the case.

By its very nature the jurisdictional limits of Article III to the U.S. Constitution do not restrict the types of cases that a state court can entertain. Missouri courts have never adopted the rule set forth in *Conagra* nor have they adopted the standing requirement that an injury be particularized and concrete. Rather, Missouri's standing requirements are more relaxed than the federal requirements. *See Mitchell v. Residential Funding Corp.,* 334 S.W.3d 477, 488 (Mo. Ct. App. 2010) ("In its essence, standing requires 'that the parties seeking relief must have some personal interest at stake in the dispute, *even if that interest is*

6

*attenuated, slight, or remote*.'" (emphasis added)); *id.* ("whether the standing requirement is met is determined from the petition. . . . The requirement is satisfied by the plaintiffs' allegation of an actual or threatened injury."); *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 438 (Mo. 2013) (holding that plaintiff who brought claim under the MMPA met Missouri standing requirements simply by asserting potential liability for overcharges even though plaintiff did not yet incur those charges), *reh'g denied* (Mar. 19, 2013). Thus, the lack of Article III standing is not an impediment to the progress of this matter in a Missouri state court.

And in any event it is the Missouri court's purview to address its jurisdiction. This Court's lack of jurisdiction compels but one result and that result is remand. *Conagra* is, once again, controlling. The Eighth Circuit reversed the district court's order of dismissal for lack of standing as error, concluding the absence of standing and thus subject-matter jurisdiction gave the district court "no discretion to dismiss rather than remand [the] action." *Conagra,* at 12 (quoting *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)). The Eighth Circuit directed the district court to "return this case to the . . . state court [where it was originally filed] for lack of federal jurisdiction." *Id.* at 12. Here, the court is obligated to reach the same result and remand is not just appropriate but required under the law.

## **CONCLUSION**

The absence of an allegation by GM that Witherspoon's Saturn Ion actually exhibited the alleged ignition-switch defect is fatal to standing as interpreted by *Conagra* and so the case must be remanded for a lack of federal subject-matter jurisdiction.

7

Dated: May 15, 2014

                                    Respectfully Submitted,

                                    **STUEVE SIEGEL HANSON LLP**

                                    /s/ Norman E. Siegel
                                    Patrick J. Stueve, Mo. Bar # 37682
                                    Norman E. Siegel, Mo. Bar # 44378
                                    Todd E. Hilton, Mo Bar # 51388
                                    Bradley T. Wilders, Mo Bar # 60444
                                    460 Nichols Rd. Suite 200
                                    Kansas City, Missouri 64112
                                    Telephone:  (816) 714-7100
                                    Facsimile:  (816) 714-7101
                                    Attorneys for Plaintiffs

                                    **GRAY, RITTER & GRAHAM, P.C.**
                                    Don M. Downing, Mo. Bar #41786
                                    701 Market Street, Suite 800
                                    St. Louis, Missouri 63101
                                    Telephone:     (314) 241-5620
                                    Facsimile:       (314)241-4140

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on counsel for Defendants via ECF and a copy was sent by U.S. Mail and e-mail to the following counsel of record:

Robert J. Hoffman
Matthew N. Sparks
**BRYAN CAVE LLP**
1200 Main Street, Suite 3800
Kansas City, MO 64105-2122
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: rjhoffman@bryancave.com
Email: matt.sparks@bryancave.com

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
Robert B. Ellis, P.C.
Leonid Feller
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: rgodfrey@kirkland.com
Email: abloomer@kirkland.com
Email: rellis@kirkland.com
Email: leonid.feller@kirkland.com

/s/ Norman E. Siegel
Attorney for Plaintiffs