# EXHIBIT 4

# IN THE UNITED STAES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PATRICE WITHERSPOON, on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>GENERAL MOTORS LLC AND GENERAL MOTORS CO. )<br><br>Defendants. ) | Case No. 4:14-cv-00425-HFS |

## PLAINTIFF'S MOTION TO EXPEDITE BRIEFING AND RULING ON HER MOTION TO REMAND

Plaintiff Patrice Witherspoon, on behalf of herself and all others similarly situated, move for an expedited briefing schedule and ruling on plaintiff's contemporaneously-filed Motion to Remand. In support of this Motion, plaintiff states as follows:

1. This case arises out of Defendants General Motors nationwide recall of vehicles with defective ignition switches. Plaintiff seeks relief based on GM's unlawful practices under the Missouri Merchandising Practices Act, RSMo. 407.125, on behalf of a class of others in Missouri or others who purchased or leased an affected vehicle in Missouri. Dkt. 1-2, Petition ¶89. GM improperly removed this case to federal court without establishing the existence of Article III standing, which is a pre-requisite to federal subject-matter jurisdiction. Pursuant to the federal standing requirements as interpreted in *Wallace v. ConAgra Foods, Inc.*, 13-1485, --- F.3d ----, 2014 WL 1356860 (8th Cir. Apr. 4, 2014), this Court is required to remand. Plaintiff is contemporaneously moving with this motion for an order of remand

2. Expedited briefing and consideration of that motion is necessary because

Defendants have expressly indicated their intent to immediately seek transfer of this case under the rules for multi-district litigation. *See* Dkt. 1, Notice of Removal ¶4 ("Once this case is removed, New GM intends to give notice to the JPML of this case as a potential tag-along action pursuant to Panel Rule 7.1. This case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending before the MDL.") According to Defendants, the Judicial Panel on Multidistrict Litigation is set to hear matters proposed for transfer on May 29, 2014, which is just 14 days from today.

3. As this Court itself has stated, "a remand before transfer [to an MDL] is the preferred practice." *Plubell v. Merck & Co., Inc.,* Case No. 05-0831-CV-W-HFS, Order, Doc. 20 (October 20, 2005).

4. No rule prohibits this Court from ruling on a motion to remand while the JPML considers forming an MDL or even if it issues a conditional transfer order directed at this case. MDL Rule 2.1(d) (stating that even a conditional transfer order "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.") *See also Manual for Complex Litigation (Fourth)* § 20.131 (suggesting that a transferee court should resolve motions to remand "raising issues unique to the particular case" prior to the final transfer by the JPML); *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wisc 2001) ("The only reasons to permit the transferee court to decide the jurisdictional issue would be to further judicial economy and consistency. If the jurisdictional issue in the particular case is different from those in the other cases subject or potentially subject to the MDL jurisdiction, these values do not come into play."). The issue presented in plaintiff's motion to remand is narrow and involves strictly the application of the Eighth Circuit's

interpretation of Article III standing requirements to the pleaded facts in this case.

5. Relying on these principles, this Court has previously expedited briefing to rule on a motion to remand before a case is transferred pursuant to a JPML order. *See Plubell*, Doc. 16 (expediting briefing on motion to remand due to pending MDL transfer). Other courts have done likewise. *See Aranda v. Walgreen Co.*, 12-CV-337-DRH, 2012 WL 1884737 (S.D. Ill. May 23, 2012) (granting "plaintiff's motion to remand [so it] would be ripe for decision prior to the Panel's May 29, 2012, briefing deadline related to the [conditional transfer order].")

6. Expedited consideration is also appropriate to avoid prejudice to the plaintiff. It is well known that a plaintiff whose case is improperly removed is prejudiced when her case is transferred to an MDL outside her home state, where it becomes a small part of a slow and sprawling enterprise. Indeed, "[r]emoving a case to federal court has long been known to impose a burden upon plaintiffs; at a minimum, it requires the plaintiff to present its arguments for remand in a foreign forum, often at a considerable distance from the local county courthouse . . . . . Not only is the judge unknown, but the proceeding is all but certain to be even farther from home, and plaintiff's chosen counsel may have little power to shape the course of the litigation." *Meyers*, 143 F. Supp. 2d at 1048 (collecting authority on the burdens on the plaintiff of being removed from state court and transferred to an MDL action).

7. Expedited consideration of the motion to remand also conserves federal resources by eliminating the need of the JPML to decide if this case is appropriate for inclusion in any MDL and by unburdening the resultant MDL court from having to rule on the unique and narrow jurisdictional issue presented here, as it focuses on all of the necessary

coordinating, scheduling, discovery, and other matters to which a MDL court is assigned. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) ("For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.").

8.   Finally, expedited briefing will not prejudice GM.  As a review of plaintiff's motion to remand will confirm, the motion raises a very narrow and discrete issue: do the pleadings contain sufficient facts for the Court to conclude there is Article III standing under the Eighth Circuit's recent decision in *ConAgra* 2014 WL 1356860?  The standard is clearly established in *ConAgra,* a decision the parties and the Court are obligated to follow; GM needs only point to the allegations that it believes establish that it has met that rule for purposes of jurisdiction.

Thus, plaintiff respectfully requests that this Court grant her Motion to Expedite Briefing and Order (1) the Defendants to file their response brief to plaintiff's Motion to Remand by May 21, 2014; and (2) the plaintiff to file her reply brief, if any, by May 23, 2014.  For the reasons stated herein, plaintiff further requests that this Court issue its ruling as soon as possible thereafter.

Dated: May 15, 2014

    Respectfully Submitted,

    **STUEVE SIEGEL HANSON LLP**
    /s/ Norman E. Siegel
    Patrick J. Stueve, Mo. Bar # 37682
    Norman E. Siegel, Mo. Bar # 44378
    Todd E. Hilton, Mo Bar # 51388
    Bradley T. Wilders, Mo Bar # 60444
    460 Nichols Rd. Suite 200
    Kansas City, Missouri 64112
    Telephone:  (816) 714-7100
    Facsimile:  (816) 714-7101
    Attorneys for Plaintiffs

    **GRAY, RITTER & GRAHAM, P.C.**
    Don M. Downing, Mo. Bar #41786
    701 Market Street, Suite 800
    St. Louis, Missouri 63101
    Telephone:    (314) 241-5620
    Facsimile:    (314)241-4140

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served on counsel for Defendants via ECF and a copy was sent by U.S. Mail and e-mail to the following counsel of record:

Robert J. Hoffman
Matthew N. Sparks
**BRYAN CAVE LLP**
1200 Main Street, Suite 3800
Kansas City, MO 64105-2122
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: rjhoffman@bryancave.com
Email: matt.sparks@bryancave.com

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
Robert B. Ellis, P.C.
Leonid Feller
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: rgodfrey@kirkland.com
Email: abloomer@kirkland.com
Email: rellis@kirkland.com
Email: leonid.feller@kirkland.com

                                                  /s/ Norman E. Siegel
                                                  Attorney for Plaintiffs