# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

PATRICE WITHERSPOON, on behalf of herself
and all others similarly situated,

       Plaintiffs,

    vs.

GENERAL MOTORS LLC;
GENERAL MOTORS COMPANY,

      Defendants.

**Civil Action No: 4:14-cv-00425-HFS**

**Hon. Howard F. Sachs**

## DEFENDANTS' CONSOLIDATED RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION TO EXPEDITE
## <u>AND CROSS-MOTION TO STAY</u>

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

I.    Witherspoon's Claims Are Subject To The Bankruptcy Court's Proceedings Regarding The Enforcement Of Its Sale Order And Injunction, To Which Plaintiff Has Agreed....... 3

II.    This Court Should Also Stay Proceedings Pending A Determination By The JPML Regarding Consolidation And Transfer. .......................................................... 6

    A.    A Stay of Proceedings Is Warranted In This Case................................................. 6

    B.    Plaintiff's Arguments In Support of Her Motion to Expedite Lack Merit. .......... 12

CONCLUSION.......................................................................................................... 14

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aikins v. Microsoft Corp.*,
2000 WL 310391 (E.D. La. Mar. 24, 2000) ...................................................... 8

*Aranda v. Walgreen Co.*,
2012 WL 1884737 (May 23, 2012 S.D. Ill.) .................................................... 13

*Ayers v. ConAgra Foods, Inc.*,
2009 WL 982472 (S.D. Tex. Apr. 9, 2009) ...................................................... 8

*Baron v. Merck & Co., Inc.*,
2006 WL 2521615 (E.D. Mo. Aug. 30, 2006) ............................................... 7, 12

*Boudin v. Residential Essentials, LLC*,
2007 WL 2609510 (S.D. Ala. Sept. 6, 2007) ................................................... 7

*Buie v. Blue Cross & Blue Shield of Kan. City, Inc.*,
2005 WL 2218461 (W.D. Mo. Sept. 13, 2005) ...................................... passim

*Butler v. McKesson Corp.*,
2013 WL 4104093 (N.D. Cal. Aug. 12, 2013) ................................................ 7

*Cal. ex rel. Vicente v. Eli Lilly Co.*,
2007 WL 4358224 (N.D. Cal. Dec. 13, 2007) ................................................ 7

*Castillo v. Gen. Motors Co.*,
2012 WL 1339496 (Bankr. S.D.N.Y. Apr. 17, 2012) .................................. 2, 4

*Emerson v. Lincoln Elec. Holdings, Inc.*,
2009 WL 690181 (W.D. Mo. Mar. 12, 2009) ........................................ 7, 9, 11

*Falgoust v. Microsoft Corp.*,
2000 WL 462919 (E.D. La. Apr. 19, 2000) ..................................................... 8

*Franklin v. Prospect Mortg., LLC*,
2013 WL 6423389 (E.D. Cal. Dec. 9, 2013) ................................................. 12

*Gavitt v. Merck & Co., Inc.*,
2008 WL 4642782 (M.D. Fla. Oct. 20, 2008) ................................................ 8

*Gonzales v. Gen. Motors Corp.*,
2007 WL 2406871 (N.D. Cal. Aug. 20, 2007) ............................................... 8

ii

*Gonzalez v. Am. Home Prods. Corp.*,
    223 F. Supp. 2d 803 (S.D. Tex. 2002) ............................................................ 8

*Harris v. Merck & Co.*,
    2006 WL 4056986 (S.D. Cal. Dec. 11, 2006) .................................................. 8

*In re Commercial Fin. Servs., Inc.*,
    247 B.R. 828 (Bankr. N.D. Okla. 2000) ......................................................... 5

*In re Darvocet Prods. Liab. Litig.*,
    2012 WL 7764151 (J.P.M.L. 2012) ................................................................ 10

*In re Facebook, Inc., IPO Securities and Derivative Litig.*,
    899 F. Supp. 2d 1374 (J.P.M.L 2012) ............................................................ 12

*In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*,
    229 F. Supp. 2d 1377 (J.P.M.L. 2002) .......................................................... 10

*In re New Eng. Mut. Life Ins. Co. Sales Practices Litig.*,
    324 F. Supp. 2d 288 (D. Mass. 2004) ........................................................... 10

*In re Western States Wholesale Natural Gas Antitrust Litig.*,
    290 F. Supp. 2d 1376 (J.P.M.L. 2003) .......................................................... 10

*In re Wilshire Courtyard*,
    729 F.3d 1279 (9th Cir. 2013) ....................................................................... 5

*Johnson v. KFC Corp.*,
    2007 WL 3376750 (W.D. Mo. Nov. 7, 2007) ........................................... 7, 9

*Jones v. Bristol-Myers Squibb Co.*,
    2013 WL 3388659 (N.D. Cal. July 8, 2013) .................................................. 11

*Kennedy v. Novartis Pharmaceuticals, Corp.*,
    2002 WL 31051601 (E.D. La. Sept. 12, 2002) ............................................... 8

*La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*,
    2009 WL 926982 (E.D. La. Apr. 2, 2009) ..................................................... 8

*Luan Inv. S.E.. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*,
    304 F.3d 223 (2d. Cir. 2002) ......................................................................... 5

*Lyman v. Asbestos Defs.*,
    2007 WL 2972926 (N.D. Cal. Oct. 10, 2007) ................................................ 8

*Maiben v. CSX Transp., Inc.*,
    2009 WL 1211186 (S.D. Ala. May 1, 2009) .................................................. 7

iii

*McVicar v. Goodman Global, Inc.*,
   2013 WL 6212149 (C.D. Cal. Nov. 25, 2013)............................................................ 8, 12

*Meyers v. Bayer AG*,
   143 F. Supp. 2d 1044 (E.D. Wisc. 2001) ......................................................... 13

*Morales v. Merck & Co., Inc.*,
   2007 WL 655714 (S.D. Tex. Feb. 28, 2007) ...................................................... 8

*Nielsen v. Merck & Co.*,
   2007 WL 806510 (N.D. Cal., Mar. 15, 2007)..................................................... 11

*Plubell v. Merck & Co., Inc.*,
   Case No. 05-0831 (October 20, 2005) ......................................................... 2, 13

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. Aug. 11, 1997) ............................................... 8, 12

*S.M. ex rel. Wilson v. Janssen Pharmaceutica, L.P.*,
   2006 WL 950212 (E.D. Mo. Apr. 6, 2006)......................................................... 7

*Sanborn v. Asbestos Corp. Ltd.*,
   2009 WL 195922 (N.D. Cal. Jan. 27, 2009) ...................................................... 7

*Sanchez v. DePuy Orthopaedics Inc.*,
   2011 WL 7092289 (C.D. Cal. Nov. 21, 2011)........................................... 8, 9, 11

*Thomas v. Ameriquest Mortg. Co.*,
   2007 WL 3287842 (S.D. Ala. Nov. 5, 2007) ..................................................... 7

*Toppins v. 3M Co.*,
   2006 WL 12993 (E.D. Mo. Jan. 3, 2006) ......................................................... 7

*Travelers Indem. Co. v. Bailey*,
   557 U.S. 137 (2009)............................................................................................ 4

*Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*,
   2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013) ...................................... 2, 4

**Statutes**

28 U.S.C. § 1332.................................................................................................... 16

28 U.S.C. § 1332(d) .............................................................................................. 16

28 U.S.C. § 1407.................................................................................................. 1, 7

28 U.S.C. § 1441 ................................................................................................................ 16

28 U.S.C. § 1452 ................................................................................................................ 16

v

Plaintiff Patrice Witherspoon seeks expedited briefing on her motion to remand her putative "Class Action Petition" against General Motors LLC ("New GM") and its corporate parent, General Motors Company.[1] Plaintiff contends that expedited briefing is necessary so that this Court can decide Plaintiff's remand motion before the Judicial Panel on Multidistrict Litigation ("JPML") considers whether this action, and at least seventy other related actions ("Ignition Switch Actions"), should be consolidated pursuant to 28 U.S.C. § 1407 and, if so, in which forum. (ECF No. 6 ¶ 2). The JPML has scheduled a hearing on May 29, 2014 to consider this issue.

Witherspoon's motion for expedited briefing should be denied and this action should be stayed. Not only is the JPML hearing imminent, but currently being litigated in the United States Bankruptcy Court for the Southern District of New York is the threshold issue of whether claims for economic damages arising from vehicles manufactured by General Motors Corporation ("Old GM") before it filed for bankruptcy—such as Witherspoon's claims in this case—are barred by the Bankruptcy Court's July 5, 2009 Sale Order and Injunction. This action is a violation of the Bankruptcy Court's reservation of exclusive jurisdiction to resolve that threshold issue. And should the Bankruptcy Court determine such claims are barred and enjoined, Witherspoon will be prohibited from proceeding with her claims, whether in state or federal court.

On May 16, 2014, *with Witherspoon's consent through designated liaison counsel ("Designated Counsel")*, the Bankruptcy Court entered a Scheduling Order requiring all individual Ignition Switch Action plaintiffs to voluntarily stay further proceedings in their individual Actions—including this one—pending the Bankruptcy Court's determination of

---

[1]    General Motors Company is not properly named as a defendant in this litigation and reserves all jurisdictional and other defenses.

whether plaintiffs' claims are barred by its Sale Order and Injunction. (Ex. 1, 5/16/14 Scheduling Order, No. 09-50026, ECF No. 12697 (S.D.N.Y. Bankr.). If an Ignition Switch plaintiff chooses not to voluntarily enter into a stay, that plaintiff must show cause *in the Bankruptcy Court* by May 27, 2014 why they should be allowed to proceed. (*Id*.)

Because the Bankruptcy Court has exclusive jurisdiction to enforce its Sale Order and Injunction, *see, e.g.*, *Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, No. 12–09803, 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co.*, No. 09-00509, 2012 WL 1339496 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd* 500 B.R. 333 (S.D.N.Y. 2013), this action should be stayed until the Bankruptcy Court can decide, in an orderly process to which Plaintiff's representatives agreed, if Witherspoon's underlying claims can go forward. Because Witherspoon may be barred by the Bankruptcy Court from proceeding with her claims altogether, whether in federal or state court, deciding remand now would be a waste of judicial resources.

In addition, this case should be stayed pending the JPML's consolidation determination. *See, e.g.*, *Buie v. Blue Cross & Blue Shield of Kan. City, Inc.*, No. 05-0534, 2005 WL 2218461, *1–2 (W.D. Mo. Sept. 13, 2005) ("interests of judicial economy weigh in favor of entering a stay" pending transfer by the JPML, and "plaintiffs' pending remand motion 'can be presented to and decided by the transferee judge'"). New GM recognizes that this Court previously has held to the contrary, *see, e.g.*, *Plubell v. Merck & Co., Inc*., Case No. 05-0831, Order, Doc. 20 (October 20, 2005). But this case is different. Witherspoon, who has not even served her Petition on New GM,[2] has demonstrated no prejudice in allowing an MDL transferee court to decide her remand motion, should such determination be necessary *if* the Bankruptcy Court allows some or all of her claims to proceed, and *if* the JPML orders consolidation and transfer.

---

[2]    Counsel for Defendants received by U.S. Mail on the date of this filing a request for waiver of service.

2

To the contrary, Witherspoon's lawyers filed a substantially similar action in federal court, *Cox v. Gen. Motors LLC et al.*, No. 14-02608, ECF No. 1 (Apr. 7, 2014) (attached hereto as Ex. 2), and have filed a motion before the JPML *supporting* transfer and consolidation in the Central District of California.  (*See* Ex. 3, *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 129).  Because these same plaintiffs' counsel seek to simultaneously litigate both statewide and nationwide putative class actions in separate courts, with issues overlapping some seventy other putative class actions pending throughout the country, New GM respectfully submits that the transferee Court is the appropriate forum to determine whether remand is appropriate in this instance.

For these reasons, and as set forth in more detail below, New GM respectfully requests that Plaintiff's Motion for Expedited Briefing be denied and that New GM's Cross-Motion for Stay be granted.

**I.      Witherspoon's Claims Are Subject To The Bankruptcy Court's Proceedings Regarding The Enforcement Of Its Sale Order And Injunction, To Which Plaintiff Has Agreed.**

In June 2009, General Motors LLC ("New GM") was created by the U.S. Treasury Department to purchase substantially all of the assets of Motors Liquidation Company, formerly known as General Motors Corporation ("Old GM").  Through a bankruptcy-approved sale process, New GM acquired Old GM's assets, free and clear of all liens, claims, liabilities and encumbrances of Old GM, other than liabilities expressly assumed by New GM under a June 26, 2009 Amended and Restated Master Sale and Purchase Agreement ("MSPA").  (Notice of Removal, ECF No. 1, at Ex. 4.)  The Bankruptcy Court approved the asset purchase transaction and the terms of the MSPA in its Sale Order and Injunction, dated July 5, 2009.  (*Id.*)

Under the MSPA approved by the Bankruptcy Court, New GM assumed only three expressly defined categories of liabilities for vehicles and parts sold by Old GM:  (a) post-sale

3

accidents involving Old GM vehicles causing personal injury, loss of life or property damage;
(b) repairs provided for under the "Glove Box Warranty"—a specific written warranty, of limited
duration, that only covers repairs and replacement of parts; and (c) certain Lemon Law claims
essentially tied to the failure to honor the Glove Box Warranty.  (*Id.* ¶ 2.3(b).)  None of these
exceptions apply to Witherspoon's Petition, involving a 2006 Saturn Ion manufactured by
Old GM and seeking alleged economic damages arising from purportedly defective ignition
switches in the recalled vehicles.  (Petition at ¶ 4.)

All other liabilities relating to vehicles and parts sold by Old GM are legacy liabilities
retained by Old GM.  *See* MSPA § 2.3(b).  The Sale Order and Injunction expressly provided
that New GM would have no responsibility for any liabilities (except for Assumed Liabilities)
relating to the operation of Old GM's business, or the production of vehicles and parts before
July 10, 2009.  (Notice of Removal, Ex. 4, ¶¶ 46, 9 & 8.)  The Order also enjoined "[a]ll persons
and entities . . . holding claims against [Old GM] or the Purchased Assets arising under or out of,
in connection with, or in any way relating to [Old GM], the Purchased Assets, the operation of
the Purchased Assets prior to the Closing . . . from asserting [such claims] against
[New GM] . . . ."  (*Id.* ¶ 8.)  This injunction expressly applied to rights or claims "based on any
successor or transferee liability."  (*Id.* ¶ 46.)

The Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce its
injunction and to address and resolve all controversies concerning the interpretation and
enforcement of the Sale Order and Injunction.  (*See id.* ¶ 71; MSPA § 9.13; *Trusky v.
Gen. Motors Co. (In re Motors Liquidation Co.*, No. 12–09803, 2013 WL 620281 (Bankr.
S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co.*, No. 09-00509, 2012 WL 1339496 (Bankr.
S.D.N.Y. Apr. 17, 2012), *aff'd* 500 B.R. 333 (S.D.N.Y. 2013); *see also, e.g.*, *Travelers Indem.*

4

*Co. v. Bailey*, 557 U.S. 137, 143 (2009) (bankruptcy court "plainly [has] jurisdiction to interpret and enforce its own prior orders"); *In re Wilshire Courtyard*, 729 F.3d 1279, 1290 (9th Cir. 2013) (affirming bankruptcy court's post-confirmation jurisdiction to interpret and enforce its orders; "[i]nterpretation of the Plan and Confirmation Order is the only way for a court to determine the essential character of the negotiated Plan transactions in a way that reflects the deal the parties struck in chapter 11 proceedings"); *In re Commercial Fin. Servs., Inc*., 247 B.R. 828, 844 (Bankr. N.D. Okla. 2000) ("Bankruptcy court retains subject matter jurisdiction to interpret orders entered prior to dismissal" of the underlying bankruptcy case. "Courts inherently have the power to enforce their own orders" (citations omitted)); *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 230 (2d Cir. 2002) ("A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization.").

Witherspoon's filing of this action directly violates applicable provisions of the Sale Order and Injunction entered by the Bankruptcy Court. On April 21, New GM moved to enforce the Sale Order and Injunction by asking the Bankruptcy Court to direct plaintiffs in the various Ignition Switch Actions to cease and desist from prosecuting their claims and dismiss those claims with prejudice (the "Motion to Enforce"). (Notice of Removal, ECF No. 1 at Ex. 5.)

To facilitate an orderly process for determining whether claims brought in the Ignition Switch Actions—including Witherspoon's[3]—violate its Sale Order and Injunction, the Bankruptcy Court entered a Scheduling Order on May 16, 2014 that was jointly agreed to and submitted by New GM and plaintiffs' Designated Counsel for all of the Ignition Switch Actions. (5/2/14 Hearing Transcript, at 73, attached hereto as Ex. 5 ("there's not a plaintiff group that

---

[3]    The *Witherspoon* suit was specifically listed on the April 30, 2014 first supplement to Schedule 1 to New GM's Motion to Enforce as one of the Ignition Switch Actions subject to determination by the Bankruptcy Court. (Attached hereto as Ex. 4). Plaintiff made no objection to such designation.

we're aware of that isn't prepared to have their interests in the first instance, represented by one of the three [plaintiffs' liaison counsel firms]")).  The Scheduling Order, attached hereto as Ex. 1, provides for each Ignition Switch plaintiff, including Witherspoon, to voluntarily stay proceedings in their individual actions by May 23, 2014, pending resolution by the Bankruptcy Court of the threshold issue of whether plaintiffs' claims violate the Sale Order and Injunction. (*Id.* ¶ 5(a).)  Plaintiffs who choose not to voluntarily stay their individual actions have recourse exclusively to the Bankruptcy Court, and are required to file a pleading in that Court by May 27 demonstrating why they should not be directed to stay their action, with briefing, argument, and a decision by the Bankruptcy Court to follow.  (*Id.* ¶ 5(b).)

Expediting consideration of Witherspoon's motion to remand would violate the orderly process established in the Bankruptcy Court to determine the threshold issue whether Plaintiff's claims can be allowed to proceed in any forum, state or federal.  Accordingly, and given that Witherspoon herself has agreed to that process, Plaintiff's motion for expedited briefing should be denied.

## II.    This Court Should Also Stay Proceedings Pending A Determination By The JPML Regarding Consolidation And Transfer.

Witherspoon's motion for expedited discovery should also be denied, and this action should be stayed, pending the JPML's determination whether this action and the approximately seventy other Ignition Switch Actions should be consolidated pursuant to 28 U.S.C. § 1407 and, if so, in which forum.  That decision is expected within a few weeks.

### A.    A Stay of Proceedings Is Warranted In This Case.

Federal district courts routinely stay cases to allow other courts—such as the JPML and the Bankruptcy Court in this instance—to resolve issues that would dispose of or significantly impact the case at hand.  Indeed, numerous federal courts, including the Western District of

6

Missouri, have recognized that efficiency, uniformity, and consistency of decision making militate in favor of staying an action pending the JPML's resolution of a motion to transfer and consolidate in an MDL proceeding. *See, e.g.*, *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004, 2009 WL 690181, *2 (W.D. Mo. Mar. 12, 2009) ("proceedings in this case are stayed until the JPML transfer matter is conclusively determined"); *Johnson v. KFC Corp.*, No. 07-0416, 2007 WL 3376750, at *3 (W.D. Mo. Nov. 7, 2007) (Sachs, J.) ("This case shall be stayed in its entirety pending a decision by the Judicial Panel on Multidistrict Litigation regarding transfer of this case to the MDL proceeding."); *Buie*, 2005 WL 2218461, at *1–2 ("interests of judicial economy weigh in favor of entering a stay" pending transfer by the JPML, and "plaintiffs' pending remand motion 'can be presented to and decided by the transferee judge'"); *S.M. ex rel. Wilson v. Janssen Pharmaceutica, L.P.*, No. 06-0260, 2006 WL 950212, *1 (E.D. Mo. Apr. 6, 2006) ("motion to stay proceedings pending transfer by the Judicial Panel on Multidistrict Litigation is GRANTED"); *Baron v. Merck & Co., Inc.*, No. 06-1183, 2006 WL 2521615, *1 (E.D. Mo. Aug. 30, 2006) ("pendency of a motion to remand was not a sufficient basis to avoid transfer" to the MDL); *Toppins v. 3M Co.*, No. 05-1356, 2006 WL 12993, *2 (E.D. Mo. Jan. 3, 2006) (granting motion to stay pending transfer by JPML).[4]

---

[4]   *See also Maiben v. CSX Transp., Inc.*, No. 09-0125, 2009 WL 1211186, at *1 (S.D. Ala. May 1, 2009) ("[S]taying this action pending transfer by the MDL Panel would promote the interests of efficiency and judicial economy, would mitigate the possibility of inconsistent results between sister courts, and would not prejudice the parties in any respect."); *Boudin v. Residential Essentials, LLC*, No. 07-0018, 2007 WL 2609510, at *2 (S.D. Ala. Sept. 6, 2007) (declining to rule on motion to dismiss until after JPML decided transfer motion); *Thomas v. Ameriquest Mortg. Co.*, No. 07-0652, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007) (granting motion to stay and noting that "the interests of promoting judicial efficiency, avoiding inconsistent results between sister courts, and avoiding prejudice to the parties" weighed in favor of allowing the MDL to decide pending motions); *Butler v. McKesson Corp.*, No. 16 13-3154, 2013 WL 4104093, at *2 (N.D. Cal. Aug. 12, 2013) ("[A] stay will promote judicial economy, uniformity and consistency in decision making."); *Sanborn v. Asbestos Corp. Ltd.*, No. 08-5260, 2009 WL 195922, at *2 (N.D. Cal. Jan. 27, 2009) (staying proceedings pending a transfer decision by the MDL Panel and holding that prejudice to plaintiffs will be minimal and a stay "will further the aim of judicial efficiency"); *Cal. ex rel. Vicente v. Eli Lilly Co.*, No. 07-04911, 2007 WL 4358224, at *1 (N.D. Cal. Dec. 13, 2007) (granting stay pending MDL transfer because "any

7

Three Ignition Switch cases already have been stayed *sua sponte* pending JPML

determination. *See, e.g.*, *Benton v. Gen. Motors LLC*, No. 14-0590, ECF No. 35 (Apr. 16, 2014

C.D. Cal.) (entering stay, finding that "it is virtually certain that the actions asserting class claims

on the basis of alleged defects in the ignition switch system in certain General Motors vehicles

will be transferred to a single forum for pretrial proceedings"); *Kelley v. Gen. Motors Co.*,

No. 14-465, ECF No. 38 (C.D. Cal. Apr. 16, 2014) (same); *Emerson v. Gen. Motors LLC*, Civ.

No. 14-21713, ECF No. 4 (May 12, 2014 S.D. Fla.) (granting stay).  Another court entered a stay

after contested briefing, including on a request for expedited relief.  *Maciel v. Gen. Motors LLC*,

No. 14-1339, ECF No. 36 (N.D. Cal. Apr. 22, 2014).  And more than a dozen Ignition Switch

plaintiffs voluntarily agreed to stays even before the Bankruptcy Court's Scheduling Order.

*Ashworth, et al. v. Gen. Motors LLC*, No. 14-0607 (N.D. Ala.); *Brown, et al. v. Gen. Motors*

---

delay from a stay is minimal"); *Lyman v. Asbestos Defs.*, No. 07-4240, 2007 WL 2972926, at *3 (N.D. Cal.
Oct. 10, 2007) (granting motion to stay because it "will likely preserve judicial resources by preventing a
duplication of proceedings before this Court and MDL court"); *Gonzales v. Gen. Motors Corp.*, No. 07-2580,
2007 WL 2406871, at *1 (N.D. Cal. Aug. 20, 2007) (holding that "judicial economy factor outweighs any
prejudice Plaintiffs claim from a stay" pending MDL transfer); *McVicar v. Goodman Global, Inc.*, No. 13-
1223,2013 WL 6212149, at *2 (C.D. Cal. Nov. 25, 2013) ("[I]n consideration of the fact that the action is still
in its nascent stages of development and out of deference to the JPML, the Court finds it prudent to temporarily
stay this case pending a decision by the JPML.");  *Sanchez v. DePuy Orthopaedics Inc.*, No. 2:11-cv-07867-
JHN-SHx, 2011 WL 7092289, at *2 (C.D. Cal. Nov. 21, 2011) (granting stay pending transfer decision by the
JPML); *Harris v. Merck & Co.*, No. 06-01986, 2006 WL 4056986, at *2 (S.D. Cal. Dec. 11, 2006) (finding a
stay pending a transfer decision by the MDL Panel "particularly appropriate"); *Rivers v. Walt Disney Co.*,
980 F. Supp. 1358, 1362 (C.D. Cal. Aug. 11, 1997) (granting motion to stay pending a decision regarding
consolidation); *Gavitt v. Merck & Co., Inc.*, No. 08-755, 2008 WL 4642782, at *1–2 (M.D. Fla. Oct. 20, 2008)
(granting stay pending disposition of JPML motion to transfer); *La. Stadium & Exposition Dist. v. Fin. Guar.
Ins. Co.*, No. 09-0235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (granting stay pending JPML's
disposition of motion to transfer and consolidate); *Kennedy v. Novartis Pharmaceuticals, Corp.*, No. 02-2331,
2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002) ("[T]he interests of judicial economy will best be served
by a temporary stay in these proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation.");
*Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) (short stay to
allow JPML to consider transfer motion would best promote "the interests of judicial economy"); *Aikins v.
Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) ("Consistency and economy
are both served by resolution of [common] issues by a single court after transfer by the JPML."); *Ayers v.
ConAgra Foods, Inc.*, No. 08-3723, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009) ("Judicial economy is
served by a stay pending transfer if the issues involved in the [instant] motion are likely to arise in the cases
that have been or will be transferred to the MDL transferee court."); *Morales v. Merck & Co., Inc.*, No. 07-
0599, 2007 WL 655714, at *1 (S.D. Tex. Feb. 28, 2007); *Gonzalez v. Am. Home Prods. Corp.*,
223 F. Supp. 2d 803, 806 (S.D. Tex. 2002) (granting stay to await ruling of JPML to avoid "duplicating the
work of the MDL court").

*LLC*, No. 14-02828 (C.D. Cal.); *Camlan v. Gen. Motors LLC*, No. 14-0535 (C.D. Cal.); *DePalma v. Gen. Motors LLC*, No. 14-0681 (M.D. Pa.); *Grumet, et al. v. Gen. Motors LLC*, No. 14-0713 (S.D. Cal.); *Henry, et al. v. Gen. Motors LLC, et al.*, No. 14-0218 (E.D. Tex.); *Hurst v. Gen. Motors Co.*, No. 14-2619 (C.D. Cal.); *Jawad v. Gen. Motors LLC*, No. 14-11151 (E.D. Mich.); *Malaga v. Gen. Motors LLC*, No. 14-0533 (C.D. Cal.); *Ponce v. Gen. Motors LLC*, No. 14-2161 (C.D. Cal.); *Roush, et al. v. Gen. Motors LLC*, No. 14-4095 (W.D. Mo.); *Stafford v. Gen. Motors LLC*, No. 14-1702 (N.D. Cal.); *Woodward v. Gen. Motors LLC, et al.*, No. 14-1877 (N.D. Ill.). This Court should likewise stay proceedings pending the JPML's determination.

Courts traditionally weigh three factors to determine whether a stay should be granted: (1) the judicial resources saved by avoiding duplicative litigation; (2) hardship to the moving party if a stay is not granted; and (3) potential prejudice to the non-moving party. *See, e.g.*, *Johnson*, 2007 WL 3376750, at *2; *Emerson*, 2009 WL 690181, at *1. Each of these factors weighs heavily in favor of a stay in this case.

***First***, a stay will conserve judicial resources and prevent inconsistent adjudications, including on matters such as remand. Allowing a transferee court to decide any and all remand motions will prevent inconsistent adjudications by individual courts around the country. *See Sanchez*, 2011 WL 7092289 at *2 (granting stay pending transfer decision by the JPML "promotes judicial economy . . . avoid[s] duplicative discovery and pretrial management efforts," and "avoids the risk of inconsistent rulings"); *Buie*, 2005 WL 2218461, at *1 ("[P]laintiffs' pending remand motion can be presented to and decided by the transferee judge. Additionally, when the jurisdictional issues in question are easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation, having the transferee judge decide those issues promotes judicial economy." (citations, alternations, and internal quotation marks

omitted)); *In re New Eng. Mut. Life Ins. Co. Sales Practices Litig.*, 324 F. Supp. 2d 288, 291–92 (D. Mass. 2004) ("It is clear and unambiguous under federal case law, however, that an MDL transferee court may remand a tag-along case to state court. The [JPML] has concluded repeatedly that pending motions to remand MDL-transferred actions to their respective state courts can be presented to and decided by the transferee judge." (alterations and internal quotation marks omitted)); *In re Darvocet Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. 2012) ("The Panel often has held that a pending motion for remand is not a bar to transfer. The transferee judge can rule on plaintiffs' pending remand motion. Moreover, while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole." (citation omitted)); *In re Western States Wholesale Natural Gas Antitrust Litig.*, 290 F. Supp. 2d 1376, 1378 (J.P.M.L. 2003) ("Plaintiffs in the actions to be centralized have suggested that a decision in their favor on pending motions to remand to state court may obviate the need for transfer. We note, however, that such motions can be presented to and decided by the transferee judge. Such an approach here has the additional advantage of streamlining treatment of the remand issue." (citations omitted)); *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) ("The New Jersey, Pennsylvania and Texas plaintiffs oppose centralization  and/or ask the Panel to defer its Section 1407 ruling in order to permit the transferor courts to rule on pending motions to remand these actions to their respective state courts. . . .  We note that any pending motions to remand these actions to their respective state courts can be presented to and decided by the transferee judge.").

10

*Second*, the parties, and courts nationwide, face the significant risk of wasted resources and needless duplication of effort if a stay is not granted. Plaintiffs' counsel in this case seek to pursue two separate putative class actions involving overlapping defect allegations in two separate courts: a Missouri "statewide" putative class action in state court, *i.e.*, *Witherspoon*, and a putative nationwide (except Missouri) class action in federal court, *see Cox v. Gen. Motors LLC*, No. 14-2608, ECF No. 1 (Apr. 7, 2014). Further, there are at least seven *other* putative class actions pending that purport to be brought on behalf of statewide Missouri classes,[5] and over 70 other putative nationwide classes that purport to include Missouri owners. Because of the overlapping allegations and putative classes, [t]he "potential burden" to New GM "of engaging in duplicative litigation weighs heavily in favor of staying . . . proceedings pending MDL transfer" and against expedited briefing on Witherspoon's remand motion. *Jones v. Bristol-Myers Squibb Co.*, No. 13-2415, 2013 WL 3388659, *3 (N.D. Cal. July 8, 2013); *Buie*, 2005 WL 2218461, at *1 ("defendants will be forced to simultaneously litigate the same issues that are now before [the MDL Court]"); *Emerson,* , 2009 WL 690181, at *1 ("the potential for duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"); *Nielsen v. Merck & Co.*, No. 07-0076, 2007 WL 806510, at *2 (N.D. Cal. Mar. 15, 2007) ("absent a stay, [defendant] would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums").

*Third*, denying expedited briefing and imposing the short requested stay—no longer than necessary for the JPML and the Bankruptcy Court to resolve the respective proceedings before them—will not prejudice Plaintiff here. *See, e.g.*, *Sanchez*, 2011 WL 7092289 at *2 (finding no

---

[5]    *Benton  v. Gen. Motors LLC*, No. 14-0590 (C.D. Cal.); *Jones v. Gen. Motors LLC*, No. 14-11197 (E.D. Mich.); *Maciel, et al. v. Gen. Motors LLC*, No. 14-1339 (N.D. Cal.); *Ramirez, et al. v. Gen. Motors LLC*, et al., No. 14-2344 (C.D. Cal.); *Ratzlaff, et al. v. Gen. Motors LLC*, No. 14-2424 (C.D. Cal.); *Roach v. Gen. Motors LLC, et al.*, No. 14-0443 (S.D. Ill.); *Saclo, et al. v. Gen. Motors LLC, et al.*, No. 14-0604 (C.D. Cal.).

prejudice to plaintiff by granting stay pending transfer).  This case is in its infancy; Witherspoon has not even served her Petition on New GM.  There is no basis to suggest that plaintiff will somehow be disadvantaged by the absence of expedited briefing or during a short stay.  *See, e.g.*, *Franklin v. Prospect Mortg., LLC*, No. 13-0790, 2013 WL 6423389, at *2 (E.D. Cal. Dec. 9, 2013) (granting stay and finding no prejudice to plaintiffs where, among other things, "there has not been a significant amount of activity in this case"); *McVicar v. Goodman Global, Inc.*, No. 13-1223, 2013 WL 6212149, at *2 (C.D. Cal. Nov. 25, 2013) (granting stay where "the action is still in its nascent stages of development").  Moreover, any purported prejudice is more than offset by the obvious benefits of orderly, centralized, and coordinated pretrial proceedings, as discussed throughout.  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 n.5 (C.D. Cal. 1997) ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial . . . there are still considerations of judicial economy that outweigh any prejudice.").

### B.    Plaintiff's Arguments In Support of Her Motion to Expedite Lack Merit.

Here, Witherspoon's only argument for expedited briefing and, in effect, against a stay is that this Court is better positioned to decide Plaintiff's motion to remand than a transferee court.  Witherspoon contends that, "[i]t is well known that a plaintiff whose case is improperly removed is prejudiced when her case is transferred to an MDL outside her home state, where it becomes a small part of a slow and sprawling enterprise."  (ECF No. 6 at ¶ 6.)  But, as noted above, the MDL transferee court is equally capable of determining whether federal jurisdiction exists, and can do so shortly after transfer.  *See, e.g.*, *Buie*, 2005 WL 2218461, at *2 ("plaintiffs' pending remand motion 'can be presented to and decided by the transferee judge'"); *Baron*, 2006 WL 2521615, at *1 (recognizing that MDL court could consider whether to remand); *In re Facebook, Inc., IPO Securities and Derivative Litig.*, 899 F. Supp. 2d 1374, 1376 (J.P.M.L 2012) ("Plaintiffs in the removed derivative actions can present their pending motions for

12

remand to state court to the transferee court. We are confident the transferee judge will give the pending remand motions his prompt attention." (citations omitted)).  Witherspoon's complaint about being forced to litigate outside her home state is particularly hollow when her own lawyers have filed a substantially similar suit in federal court, *Cox*, and are advocating in that case for consolidation and transfer to the Central District of California.  (MDL No. 2543, ECF No. 129.) Moreover, one of multiple independently sufficient grounds for removal of this case is its connection to the Sale Order and Injunction, an unambiguous source of Federal jurisdiction which is i) common to all of the many actions on this subject matter, and ii) already being litigated elsewhere.

Lastly, none of the cases cited by Plaintiff support her request for expedited briefing; indeed, they demonstrate the opposite.  In *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wisc. 2001), the court granted a stay pending a decision on transfer by the JPML.  In *Aranda v. Walgreen Co.*, No. 12-0337, 2012 WL 1884737 (S.D. Ill. May 23, 2012), the holding of which Plaintiff misstates, (*see* Pls. Mot. to Expedite, ECF No. 6 at 3 (describing *Aranda* as a case where the court "grant[ed] Plaintiff's motion to remand")), the court *denied* the plaintiff's remand motion.  *Id.* at *2 ("For the reasons that follow, the Court denies plaintiffs' motion to remand.").  And in *Plubell v. Merck & Co., Inc.*, No. 05-0831, ECF No. 20 (W.D. Mo. Oct. 20, 2005), it was facially apparent that there was no jurisdiction under the Class Action Fairness Act because the claim arose before the effective date of that statute.  *See id.*, ECF No. 6.  Unlike in *Plubell*, Witherspoon does not contest that this Court has subject matter jurisdiction under the Class Action Fairness Act (28 U.S.C. § 1332(d)), that this Court properly has diversity jurisdiction (28 U.S.C. §§ 1332 and 1441), and that this action is a civil proceeding related to a case under the Bankruptcy Code (28 U.S.C. § 1452).  Expedited briefing is unnecessary.

## <u>CONCLUSION</u>

For the foregoing reasons, New GM respectfully requests that this Court deny Plaintiff's

Motion for Expedited Briefing and, instead, grant New GM's Cross-Motion to Stay pending

resolution of proceedings before the Bankruptcy Court and the JPML.

DATED:  May 20, 2014                    Respectfully submitted,


                               /s/ Matt Sparks
                              Robert J. Hoffman (Mo. Bar No. 44486)
                              Matthew N. Sparks (Mo. Bar No. 63260)
                              BRYAN CAVE LLP
                              1200 Main Street, Suite 3800
                              Kansas City, MO 64105-2122
                              Telephone:     (816) 374-3200
                              Facsimile:      (816) 374-3300
                              Email:  rjhoffman@bryancave.com
                              Email:  matt.sparks@bryancave.com


                              Richard C. Godfrey, P.C. (*pro hac vice* pending)
                              Andrew B. Bloomer, P.C. (*pro hac vice* pending)
                              Robert B. Ellis, P.C. (*pro hac vice* pending)
                              Leonid Feller (*pro hac vice* pending)
                              KIRKLAND & ELLIS LLP
                              300 North LaSalle
                              Chicago, IL  60654
                              Telephone:     (312) 862-2000
                              Facsimile:      (312) 862-2200
                              Email:  rgodfrey@kirkland.com
                              Email:  abloomer@kirkland.com
                              Email:  rellis@kirkland.com
                              Email:  leonid.feller@kirkland.com

                              *Attorneys for Defendants*
                              *GENERAL MOTORS LLC and*
                              *GENERAL MOTORS COMPANY*

14

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2014, I caused a true and correct copy of the foregoing

paper to be filed via the court's ECF system, which will automatically send notification of such

filing to the attorneys of record on that system.


Dated:  May 20, 2014

                                        By:        /s/ Matt Sparks
                                                Matthew N. Sparks

1