# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PATRICE WITHERSPOON, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 4:14-cv-00425-HFS |
| vs. ) ) | |
| GENERAL MOTORS LLC AND GENERAL MOTORS CO. ) ) ) | |
| Defendants. ) ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO EXPEDITE BRIEFING AND RULING ON HER MOTION TO REMAND AND RESPONSE IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO STAY**

The issue presented in Plaintiff's Motion to Remand (Doc. 5) is simple and straightforward: Is Article III standing lacking in this case pursuant to the Eighth Circuit's recent decision in *Wallace v. ConAgra Foods, Inc.*, 13-1485, --- F.3d ---, 2014 WL 1356860 (8th Cir. Apr. 4, 2014), thus requiring this Court to remand this case back to state court? The answer to this narrow question depends simply on whether the pleadings show the particularized injury requirement established by *ConAgra.* Plaintiff has requested expedited briefing to resolve this straightforward federal jurisdictional issue before the case is transferred to the MDL, a practice this Court has previously endorsed. *See Plubell v. Merck & Co., Inc.,* Case No. 05-0831-CV-W-HFS, Order, Doc. 16 (Sept. 20, 2005) (expediting briefing on motion to remand due to pending MDL transfer); *id.*, Doc. 20 (Oct. 20, 2005) (stating that "a remand before transfer [to an MDL] is the preferred practice"). Plaintiff seeks to avoid the morass and delay that will result from transfer to decide a narrow question relying on *ConAgra's* interpretation of Article III's standing requirement, an issue

this Court should resolve.

GM opposes having this Court apply controlling Eighth Circuit authority to the pleadings in this case, and instead argues that this case should be stayed pending transfer to the MDL. GM raises two arguments in opposition to Plaintiff's motion to expedite a ruling on her motion to remand and in support of its motion to stay the case. The first is the Bankruptcy Court's determination on whether this case can proceed. The second is the forthcoming JPML's consolidation determination. Neither of these events should cause this Court to avoid ruling on the jurisdictional defect raised in Plaintiff's Motion to Remand. Rather, these imminent decisions support Plaintiff's position that this Court should resolve the question of federal subject-matter jurisdiction and do so quickly. GM's arguments should be rejected and this Court should order expedited briefing to resolve this jurisdictional question and deny GM's motion to stay the case.

**I. The Bankruptcy Court's determination on whether Plaintiff's claims can proceed does not relieve this Court of the necessity of determining whether it has subject-matter jurisdiction.**

Contrary to Defendants' suggestions to the contrary, Plaintiff has not and did not agree in the Bankruptcy Court to any stay of this action, and the Bankruptcy Court's Scheduling Order does not provide otherwise. Rather, Plaintiff agreed to a process by which those plaintiffs who believe their case should not be stayed can be heard by the Bankruptcy Court on this issue. *See* Doc. 8, Exh. 1 at 6 ("If a Plaintiff chooses not to enter into a voluntary stay stipulation, it shall be required to file a pleading in this Court by no later than May 27, 2014 setting forth why it should not be directed to stay its Ignition Switch Action ("No Stay Pleading")). Plaintiff fully intends to comply with the Bankruptcy Court's Scheduling Order by timely filing a pleading with the Bankruptcy Court agreeing to

2

a stay in this case in all respects *except* to finalize all briefing and obtain a final ruling on Plaintiff's motion to remand back to state court as no federal court has subjection-matter jurisdiction in this case pursuant to Eighth Circuit precedent.  In other words, once there is a final non-appealable decision on the jurisdictional question raised by the remand motion, Plaintiff agrees to stay the case pending further developments in the Bankruptcy Court.

Plaintiff's present motion to remand and for expedited briefing in no way interferes with the Bankruptcy Court's ability to interpret the provisions, constitutionality and enforceability of its 2009 Sale Order and Injunction.  Expediting the resolution of Plaintiff's remand motion – a purely procedural matter – will not affect the Bankruptcy Court's process in any way; rather, GM can seek to enforce the Sale Order and Injunction to Plaintiff's case in state court, its only proper forum.  GM has agreed that similar jurisdictional issues should proceed notwithstanding the Bankruptcy Court proceedings. GM took the procedural step of seeking removal of this case in the first place, rather than seeking a stay in Jackson County.  And despite the pending Bankruptcy Court proceedings GM has pressed on with a hearing before the Judicial Panel on Multidistrict Litigation to take place next week, and has asked the JPML to coordinate the cases pursuant to 28 U.S.C. § 1407.

Furthermore, it is GM that is disrupting the orderly administration of justice by seeking a stay from this Court.  GM has agreed to the process set forth by the Bankruptcy Court to determine whether and to what extent the pending actions should be stayed.  GM has now turned its back on that process by requesting a stay here rather than in the Bankruptcy Court.   Because Plaintiff has already agreed to a stay following final determination of the remand issue, this Court's remand decision will not affect the process

set forth by the Bankruptcy Court in any respect.[1]

Finally, Plaintiff's case does not violate the Sale Order and Injunction and it is highly unlikely that Plaintiff will be barred from proceeding pursuant to that Order. Plaintiff will argue and prove in the Bankruptcy Court that her procedural due process rights were violated in connection with the Sale Order and Injunction and that GM committed fraud on the Bankruptcy Court in connection with Old GM's bankruptcy proceedings and the sale of assets to New GM. *See* Petition, ¶¶ 30-74 (allegations detailing Old GM's and New GM's longstanding knowledge of the claimed defects); Doc. 8, Exh. 1 at 4 (detailing "Threshold Issues" to be decided by Bankruptcy Court, including "[w]hether procedural due process in connection with the Sale Motion and the Sale Order and Injunction was violated as it relates to the Plaintiffs" and "[w]hether a fraud on the Court was committed in connection with the Sale Motion and Sale Order and Injunction based on the alleged issues regarding the ignition switch defect").

Accordingly, the Bankruptcy Court's decision on whether Plaintiff's case can proceed in accordance with its Sale Order and Injunction does not impact this Court's subject-matter jurisdiction determination, nor does it dispense with this Court's duty to resolve this issue expeditiously. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (both stating a federal court's independent duty to determine its subject-matter jurisdiction over a case). GM's request for a stay based on the Bankruptcy Court's future decision regarding

---

[1] *See In re Motors Liquidation Co.*, 09-50026 (REG), 2011 WL 6119664 (Bkrtcy. S.D.N.Y. Nov. 29, 2011) (ordering, pursuant to the Sale Order, various plaintiffs to dismiss claims brought against New GM in several different state courts; the cases remained in the jurisdictions in which they were filed and the plaintiffs' obligations pursuant to the court's order if any were necessarily carried out in those jurisdictions).

the Sale Order and Injunction's applicability to Plaintiff's case should be denied, and Plaintiff's motion for an expedited resolution of her motion to remand should be granted.

## II. This Court should resolve the subject-matter jurisdiction question prior to the JPML's decision regarding consolidation and transfer; a stay is not warranted.

Expedited briefing and consideration of Plaintiff's motion is necessary because the JPML is set to hear matters proposed for transfer on May 29, 2014, now just six days from today. GM believes the JPML will rule on this transfer issue in just "a few weeks." Doc. 8 at 6. Therefore, if this Court does not decide Plaintiff's remand motion expeditiously, Plaintiff's case will be subject to the JPML's transfer order and the straightforward issue of federal subject-matter jurisdiction in this case may not be decided by the MDL court for years. As Plaintiff explained in her opening brief, she will be prejudiced if this case is transferred to the MDL. Beyond the lengthy and unnecessary delay on a decision regarding the appropriate forum for Plaintiff's case, Plaintiff will also be prejudiced by having a foreign MDL court decide the issue. Plaintiff has argued that controlling Eighth Circuit authority mandates remand in this case. But the MDL court will apply the federal law of its circuit, *see In re General American Life Ins. Co. Sales Practice Litig.*, 391 F.3d 907, 911 (8th Cir. 2004), and may not be obligated to follow *ConAgra's* interpretation of Article III's standing requirement. Accordingly, Plaintiff has a strong interest in having this local Court resolve this issue. GM's contention that Plaintiff's plea of prejudice is "hollow" because her lawyers are also litigating a forty-nine state class action asserting similar claims and do not oppose transfer to the MDL in that case (Doc. 8 at 13) is baseless and should be ignored. Plaintiff, a Missouri resident seeking to represent a class of fellow Missouri residents on an issue of state law, obviously has a different interest in how her case is handled than does a plaintiff filing in a federal court in California seeking to represent a class of individuals from

5

forty-nine other states, who has specifically excluded the Missouri class and who has specifically pleaded that his vehicle manifested the defect.[2]

Conversely, GM will not be prejudiced if remand briefing is expedited and its request for a stay is denied in this Missouri state court class action. GM agreed to the process for obtaining a stay of this case as outlined in the Bankruptcy Court's Scheduling Order. Seeking a stay from this Court usurps that process. Additionally, the Eight Circuit's *ConAgra* decision will not be at play in the vast majority of actions transferred to the MDL. Whether an individual within the Eighth Circuit that alleges no manifestation of the alleged defect has Article III standing is not a question that will "aris[e] in hundreds or even thousands of cases in district courts throughout the nation," *Buie v. Blue Cross & Blue Shield of Kan. City, Inc.*, 2005 WL 2218461, *1 (W.D. Mo. Sept. 13, 2005), so denial of an expedited decision and the granting of a stay will not be efficient or fair to Plaintiff.[3] GM's desire to

---

[2] GM's contention that the classes in these actions overlap is clearly wrong – the definitions do not overlap.

[3] GM's lengthy string-citation to cases finding that a stay was appropriate pending transfer to an MDL is largely inapposite (*See* Doc. 8 at 7 and n.4). Most of those cases did not even involve a pending motion to remand by the plaintiff. *See, e.g., Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004, 2009 WL 690181, *2 (W.D. Mo. Mar. 12, 2009); *Johnson v. KFC Corp.*, No. 07-0416, 2007 WL 3376750, at *3 (W.D. Mo. Nov. 7, 2007) (Sachs, J.); *Boudin v. Residential Essentials, LLC*, No. 07-0018, 2007 WL 2609510, at *2 (S.D. Ala. Sept. 6, 2007) (expressly distinguishing situation where a plaintiff has raised an obvious jurisdictional defect in motion to remand; in such case stay would be inappropriate) (citing *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180 (S.D. Ala. 2006)); *Lyman v. Asbestos Defs.*, No. 07-4240, 2007 WL 2972926, at *3 (N.D. Cal. Oct. 10, 2007); *Thomas v. Ameriquest Mortg. Co.*, No. 07-0652, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007). Many of the stay decisions were unopposed. *See, e.g., Toppins v. 3M Co.*, No. 05-1356, 2006 WL 12993, *2 (E.D. Mo. Jan. 3, 2006); *Maiben v. CSX Transp., Inc.*, No. 09-0125, 2009 WL 1211186, at *1 (S.D. Ala. May 1, 2009). In some of them, it was plaintiffs that requested the stay. *See, e.g., Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. Aug. 11, 1997); *Gavitt v. Merck & Co., Inc.*, No. 08-755, 2008 WL 4642782, *1–2 (M.D. Fla. Oct. 20, 2008). In the ones that did involve pending motions to remand the court expressly found that the same or substantially similar jurisdictional issues were raised in many other transferred cases. *See, e.g., Cal. ex*

avoid application of controlling Eighth Circuit authority to this case is not a valid basis of alleged prejudice.

Accordingly, expedited resolution of Plaintiff's motion to remand is necessary and in accordance with this Court's decision in *Plubell*. First, to the extent it is material how obvious the lack of subject-matter jurisdiction must be before expedited briefing is appropriate (the defendant in *Plubell* certainly did not agree that subject-matter jurisdiction was clearly lacking), here it is facially apparent that GM has not properly alleged Article III standing pursuant to *ConAgra* and that therefore this Court lacks subject-matter jurisdiction over the dispute. *See* Doc. 5. GM does not even attempt to refute *ConAgra's* application to this case. Instead, it ignores it and contends that Plaintiff does not contest this Court's subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), based on diversity of citizenship, § 1332, and as a related proceeding under the Bankruptcy Code, § 1452. *See* Doc. 8 at 13. To the contrary, Plaintiff has and continues to strongly contest this Court's subject-matter jurisdiction; Article III standing is a threshold constitutional prerequisite to federal jurisdiction and trumps all of these alleged statutory grants of jurisdiction. *See ConAgra*, 2014 WL 1356860, at *4-5 (remanding case where the requirements of the Class Action Fairness Act were met but the defendant failed to establish the existence of Article III standing); *Metropolitan Express Servs., Inc. v. City of Kansas City, Missouri*, 23 F.3d 1367, 1369 (8th Cir. 1994) (recognizing

---

*rel. Vicente v. Eli Lilly Co.*, No. 07-04911, 2007 WL 4358224, at *1 (N.D. Cal. Dec. 13, 2007); *Sanchez v. DePuy Orthopaedics Inc.*, No. 2:11-cv-07867-JHN-SHx, 2011 WL 7092289, at *2 (C.D. Cal. Nov. 21, 2011). Likewise, in the seven cases identified by GM that it claims include Missouri classes (*see* Doc. 8 at 11, n.5), no remand issue is pending. In fact, GM identifies no other case where the plaintiff's Article III standing has been challenged based on the failure to allege manifestation of the alleged product defect.

that Article III standing is a prerequisite to jurisdiction based on diversity of citizenship); *In re Wyatt*, 338 B.R. 76, 77 (Bankr. W.D. Mo. 2006) (Article III standing is a constitutional prerequisite to a bankruptcy court's jurisdiction under 28 U.S.C. § 1334(b)); *In re Barton*, BKR. 09-10085, 2010 WL 3938352 (Bankr. D.S.D. Oct. 5, 2010) (Federal bankruptcy courts also are courts of limited jurisdiction and may not exercise jurisdiction over a matter when subject-matter jurisdiction is lacking); *see also Dudley v. City of Kansas City*, 11-00147-CV-W-DGK, 2012 WL 527908, *1 (W.D. Mo. Feb. 16, 2012) (recognizing that Article III standing is prerequisite to federal question jurisdiction).

Accordingly, this Court's lack of subject-matter jurisdiction is facially apparent from the pleadings, just as in *Plubell*. The proceedings in the Bankruptcy Court are no impediment to this Court's duty to determine its own subject-matter jurisdiction. And efficiency and fairness necessitate expeditious briefing and resolution of Plaintiff's Motion to Remand in advance of the JPML's transfer decision.

Thus, Plaintiff respectfully requests that this Court deny GM's motion to stay and grant her Motion to Expedite Briefing and Order (1) the Defendants to file their response brief to Plaintiff's Motion to Remand by May 28, 2014; and (2) the Plaintiff to file her reply brief, if any, by May 30, 2014. For the reasons stated herein, Plaintiff further requests that this Court issue its ruling as soon as practicable.

Dated: May 23, 2014

                         Respectfully Submitted,

                         **STUEVE SIEGEL HANSON LLP**

                         /s/ Norman E. Siegel
                         Patrick J. Stueve, Mo. Bar # 37682
                         Norman E. Siegel, Mo. Bar # 44378
                         Todd E. Hilton, Mo Bar # 51388
                         Bradley T. Wilders, Mo Bar # 60444
                         460 Nichols Rd. Suite 200
                         Kansas City, Missouri 64112
                         Telephone:  (816) 714-7100
                         Facsimile:  (816) 714-7101

                         **GRAY, RITTER & GRAHAM, P.C.**
                         Don M. Downing, Mo. Bar #41786
                         701 Market Street, Suite 800
                         St. Louis, Missouri 63101
                         Telephone:     (314) 241-5620
                         Facsimile:     (314)241-4140

                         Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on counsel for Defendants via ECF and a copy was sent by U.S. Mail and e-mail to the following counsel of record:


Robert J. Hoffman
Matthew N. Sparks
**BRYAN CAVE LLP**
1200 Main Street, Suite 3800
Kansas City, MO 64105-2122
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
Email: rjhoffman@bryancave.com
Email: matt.sparks@bryancave.com

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
Robert B. Ellis, P.C.
Leonid Feller
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: rgodfrey@kirkland.com
Email: abloomer@kirkland.com
Email: rellis@kirkland.com
Email: leonid.feller@kirkland.com

/s/ Norman E. Siegel
Attorney for Plaintiffs