# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATRICE WITHERSPOON, on behalf of herself and all others similarly situated, | ) Case No. 4:14-cv-00425-HFS |
| | ) |
| | ) **HONORABLE HOWARD F. SACHS** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GENERAL MOTORS LLC and GENERAL MOTORS COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STIPULATION STAYING ACTION**

WHEREAS, the above-referenced plaintiff(s) ("**Plaintiff(s)**") commenced this action ("**Action**") against General Motors LLC ("**New GM**") seeking, among other things, economic damages against New GM related to an alleged defect in certain vehicles or parts, and the recall instituted by New GM with respect thereto;

WHEREAS, on April 21, 2014, New GM filed the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Motion to Enforce**") in the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**") asserting, *inter alia*, that (i) the Action violates the Order of the Bankruptcy Court, dated July 5, 2009 ("**Sale Order and Injunction**") approving the sale of substantially all of the assets from General Motors Corp. (n/k/a Motors Liquidation Company) ("**Old GM**") to New GM, and the injunction contained therein, and (ii) the Bankruptcy Court has exclusive jurisdiction to interpret and enforce the Sale Order and Injunction;

WHEREAS, the Plaintiffs oppose the Motion to Enforce;

WHEREAS, by Order of the Bankruptcy Court dated May 16, 2014 ("**Scheduling Order**"), the Bankruptcy Court established certain procedures to address the issues raised in the Motion to Enforce and the objections thereto. One of the procedures set forth in the Scheduling Order provides that the Plaintiff(s) shall be given until May 23, 2014 to enter into voluntary stipulations with New GM[1] for a stay of all proceedings in this Action against New GM or until May 27, 2014 to file a pleading setting forth why a stay should not be entered in the Action;

---

[1] For purposes of this Stipulation, New GM shall also include General Motors Holdings LLC and General Motors Company.

2

WHEREAS, Plaintiff filed a Request for Modification of Stay Set Forth in This Court's May 16, 2014 Scheduling Order requesting that a stay be entered in this Action consistent with the Court's order, but allowing for final resolution of the remand issue pending in this Action;

WHEREAS, a hearing has been scheduled for May 29, 2014 before the Judicial Panel on Multidistrict Litigation ("**JPML**") in *In re General Motors LLC Ignition Switch Litigation*, MDL 2543, to determine whether to consolidate and transfer this Action and other similar actions (collectively, the "**Ignition Switch Actions**") for coordinated or consolidated pretrial proceedings and, if so, the District Court and District Judge ("**Transferee Court**") before whom the Ignition Switch Actions will be centralized for that purpose; and

WHEREAS, subject to the terms hereof, and any further order of the Bankruptcy Court, the Plaintiff has agreed to voluntarily stay this Action and any proceeding before the Transferee Court (except as set forth herein) pending a resolution by the Bankruptcy Court of the issues raised in the Motion to Enforce, and the objections thereto, or as otherwise set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Plaintiff(s) and New GM (collectively, the "**Parties**"), as follows:

1. Subject to paragraph 7 hereof, the Parties have agreed to enter into this Stipulation to stay the Action against New GM, and that Plaintiff(s), subject to further order of the Bankruptcy Court, shall not seek to further prosecute this Action during the "Interval" against New GM except with regard to final resolution of the remand issue pending before this Court. For purposes hereof, (a) the "**Interval**" shall commence on the date of this Stipulation and shall end 30 days after a Final Order(s) is entered resolving all issues raised in the Motion to Enforce, and (b) "**Final Order**" shall mean the entry of an order by the Bankruptcy Court, and the time period to file an appeal of such order has expired.

3

2. The Parties agree that this Stipulation shall not interfere with or delay final resolution of Plaintiff's pending Motion to Remand. The Parties agree that the parties will continue to abide by this Stipulation in Missouri state court if this matter is remanded to the Circuit Court of Jackson County, Missouri.

3. The Parties agree that this Stipulation shall not interfere with the hearing scheduled for May 29, 2014 before the JPML, and any order by the JPML regarding whether to consolidate and transfer the Ignition Switch Actions for coordinated or consolidated pretrial proceedings and, if so, the Transferee Court before whom the Ignition Switch Actions will be centralized for that purpose.

4. The Parties agree that if the JPML consolidates and transfers the Ignition Switch Actions to a Transferee Court, Plaintiff(s) will continue to abide by this Stipulation in the Transferee Court during the Interval, *provided, however*, that Plaintiffs may, if the Transferee Court so chooses, take such administrative actions relating to the appointment of plaintiff and defendant liaison counsel and forming a plaintiffs' steering committee or other committee of plaintiffs' counsel.[2]

5. This Stipulation is without prejudice to the rights of New GM to request that the Bankruptcy Court stay the Plaintiff(s) from any further proceedings before the Transferee Court, or for the Plaintiff(s) to oppose such relief.

6. The Parties agree that this Stipulation terminates when, and only to the extent that, the Bankruptcy Court grants relief from the stay of this Action as agreed to by this Stipulation; provided however if a plaintiff in a different Ignition Switch Action (as defined in

---

[2] Pursuant to the Scheduling Order, the issue of whether a consolidated complaint can be filed in the Transferee Court shall be addressed at the conference scheduled to take place before the Bankruptcy Court on July 2, 2014 at 9:45 a.m.

4

the Motion to Enforce) does not sign a stipulation similar to this Stipulation, and prior to September 1, 2014 obtains a ruling from the Bankruptcy Court which permits that plaintiff to go forward in its Ignition Switch Action, the Plaintiff who signed this Stipulation reserves the right to promptly seek the same relief from the Bankruptcy Court as it applies to this Action but only if the same factual and/or legal predicate on which the other plaintiff obtained relief applies to the Plaintiff in this Action as it did to the plaintiff in the other Ignition Switch Action who obtained such relief.

7.     Any Party may, after September 1, 2014, request that the Bankruptcy Court modify or terminate the stay agreed to herein for cause shown, including without limitation based on any rulings by the Bankruptcy Court, or any perceived delay in the resolution of the Threshold Issues (as such term is defined in the Scheduling Order).

8.     The Parties each agree to execute such documents as may be reasonably necessary to carry out the terms of this Stipulation.

9.     The Parties each acknowledge that they have been represented by counsel, have jointly negotiated and prepared this Stipulation and are fully satisfied with its terms. In the event an ambiguity or question of intent or interpretation arises with respect to this Stipulation, this Stipulation shall be construed as if drafted by all Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provision of this Stipulation.

10.     This Stipulation shall be governed by and construed in accordance with the substantive laws of the State of New York, without regard to the conflict of laws principles thereof.

11. This Stipulation constitutes the entire agreement and understanding between the Parties regarding the subject matter herein, and supersedes any Party's promises to or agreements with any other Party with respect to the subject matter herein. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

12. Nothing set forth herein is intended to modify the terms of the Scheduling Order. If there are any inconsistencies or conflicts between the terms of this Stipulation and the terms of the Scheduling Order, the terms of the Scheduling Order shall control.

13. This Stipulation may be filed by either Party in the Action and in the Bankruptcy Court.

14. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or e-mail transmission, and each of which shall be deemed an original.

DATED: May ___, 2014                        Respectfully submitted,

_____
Robert J. Hoffman (SBN 44486)
Matthew N. Sparks (SBN 63260)
BRYAN CAVE LLP
1200 Main Street, Suite 3800
Kansas City, MO  64105
Telephone:  816-374-3200
Facsimile:  816-374-3300
Email:  rjhoffman@bryancave.com
Email:  matt.sparks@bryancave.com

Richard C. Godfrey, P.C. (to be admitted *pro hac vice*)
Robert B. Ellis, P.C. (to be admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (to be admitted *pro hac vice*)
Leonid Feller (to be admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654-3406
Telephone:  312-862-2000
Facsimile:  312-862-2200
Email:  rgodfrey@kirkland.com
Email:  rellis@kirkland.com
Email:  abloomer@kirkland.com
Email:  leonid.feller@kirkland.com

*Attorneys for Defendants General Motors LLC and General Motors Company*

7

DATED:  May ___, 2014

_____
Patrick J. Stueve (SBN 37682)
Norman E. Siegel (SBN 44378)
Todd E. Hilton (SBN 51388)
Bradley T. Wilders (Mo. Bar No. 60444)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Ste. 200
Kansas City, MO  64112
Telephone:  816-714-7100
Facsimile:  816-714-7101
Email:  stueve@stuevesiegel.com
Email:  siegel@stuevesiegel.com
Email:  hilton@stuevesiegel.com
Email:  wilders@stuevesiegel.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on May __, 2014, a copy of the forgoing **STIPULATION STAYING ACTION** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.


DATED:    May ___, 2014                           _____