KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
|       f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

| | | |
|---|---|---|
| STEVEN GROMAN, ROBIN DELUCO, ELIZABETH Y. GRUMET, ABC FLOORING, INC., MARCUS SULLIVAN, KATELYN SAXSON, AMY C. CLINTON, AND ALLISON C. CLINTON, on behalf of themselves, and all others similarly situated, | : | Adv. Pro. No.: 14-01929 (REG) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -v- | : | |
| | : | |
| GENERAL MOTORS LLC, | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------------X

23043643v2

**CORRECTED NOTICE OF FILING OF THIRD SUPPLEMENT TO
SCHEDULE "2" TO THE MOTION OF GENERAL MOTORS LLC
PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE
<u>COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION</u>**

**PLEASE TAKE NOTICE** that on June 2, 2014,[1] General Motors LLC filed the attached *Third Supplement to Schedule "2" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* with the United States Bankruptcy Court for the Southern District of New York.

Dated: New York, New York
       June 2, 2014

Respectfully submitted,

<u>/s/ Scott I. Davidson</u>
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

---

[1] This notice is being corrected solely to reflect the filing date of this supplement, which is June 2, 2014 (and not May 30, 2014). All other information remains the same.

23043643v2

## THIRD SUPPLEMENT[2] TO SCHEDULE "2"

## SAMPLE ALLEGATIONS/CAUSES OF ACTION IN IGNITION SWITCH COMPLAINTS FILED AFTER THE FILING OF NEW GM'S SECOND SUPPLEMENT TO SCHEDULE "2" TO MOTION TO ENFORCE[3]

| Lead Plaintiff | Allegations |
|---|---|
| Edwards | "New GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because New GM acquired and operated Old GM and ran it as a continuing business enterprise . . . ." Compl., ¶ 22.<br><br>"[B]oth Old and New GM vehicles have been marketed based on safety from 2002 through the present." Compl., ¶ 59.<br><br>"Magnuson-Moss provides a private right of action by purchasers of consumer products against manufacturers or retailers who, among other things, *fail to comply with the terms of the written, express, or implied warranties*. See 15 U.S.C. § 2310(d)(1). As alleged above, *GM has failed to comply with the terms of its implied warranties*." Compl., ¶ 134 (emphasis added).<br><br>Magnuson-Moss provides a cause of action for, among other things, breach of warranty. See 15 U.S.C. § 2310(d)(1). GM has breached its implied warranties of merchantability . . . by failing to provide merchantable goods. Plaintiffs and the Classes have suffered damages as a result of GM's breaches of implied warranties as set forth above. See 15 U.S.C. § 2310(d)(1)-(2)." Compl., ¶ 139. |
| Harris | "Plaintiff Alicia Harris is a citizen of Montevallo, Alabama. Plaintiff Harris owns a 2004 Saturn Ion, which she bought new. . . . Plaintiff's purchase was induced by Defendants' fraudulent concealment and misrepresentations about the existence of the ignition switch defect, which left her without knowledge of the conditions or the lack of value in a vehicle containing such unremedied defects. Plaintiff would not have purchased her Saturn, or would have paid less than she did, and would not have retained the vehicle only to suffer the diminished value brought on by the Recall and the deprivation of her right to sell or enjoy her vehicle unhampered by Defendants' scheme." Compl., ¶ 13.<br><br>"New GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because New GM acquired and |

---

[2] This schedule supplements the Second Supplement to Schedule "2" [Dkt. No. 12699] filed with the Bankruptcy Court on May 19, 2014 ("**Second Supplement to Schedule 2**"), the Supplement to Schedule "2" [Dkt. No. 12672-8] filed with the Bankruptcy Court on April 30, 2014, and Schedule "2" [Dkt. No. 12620-2] filed with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* on April 21, 2014 [Dkt. No. 12620].

[3] Due to space limitations, this chart contains only a ***sample*** of statements, allegations and/or causes of action contained in complaints filed in the Ignition Switch Actions after the filing of the Second Supplement to Schedule 2. This chart does ***not*** contain ***all*** statements, allegations and/or causes of action that New GM believes violates the provisions of the Court's Sale Order and Injunction and the MSPA.

23043643v2

| | |
|---|---|
| | operated Old GM and ran it as a continuing business enterprise . . . ." Compl., ¶ 19.<br><br>"[B]oth Old and New GM vehicles have been marketed based on safety from 2002 through the present." Compl., ¶ 56.<br><br>"Magnuson-Moss provides a private right of action by purchasers of consumer products against manufacturers or retailers who, among other things, *fail to comply with the terms of the written, express, or implied warranties*. *See* 15 U.S.C. § 2310(d)(1). As alleged above, *GM has failed to comply with the terms of its implied warranties*." Compl., ¶ 131 (emphasis added).<br><br>"GM has breached its implied warranties of merchantability . . . by failing to provide merchantable goods." Compl., ¶ 136. |
| Higginbotham | "Plaintiff and the Class either paid more for the Defective Vehicles than they would have had they known of the ignition defects or they would not have purchased the Defective Vehicles at all." Compl., ¶ 10.<br><br>"Defendants' acts and omissions complained of herein amount to violations of the Michigan Consumer Protection Act, MCLS § 445.901, *et seq.*; violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et seq.*; breach of implied warranty; breach of implied warranty of fitness for a particular purpose . . . ." Compl., ¶ 11.<br><br>"Plaintiff owns a 2003 Saturn Ion, which was manufactured, sold, distributed, advertised, marketed, and warranted by Defendants." Compl., ¶ 12.<br><br>"Because New GM acquired and operated Old GM and ran it as a continuing business enterprise, and because New GM was aware from its inception of the ignition switch defects in the Defective Vehicles, New GM is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 17.<br><br>"During the relevant time period, a faulty ignition switch was installed by GM in the Defective Vehicles." Compl., ¶ 20.<br><br>"New GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM." Compl., ¶ 53.<br><br>"Defendants provided, disseminated, marketed, and otherwise distributed uniform false and misleading advertisements, technical data and other information to consumers regarding the safety, performance, reliability, quality, and nature of the Defective Vehicles . . . ." Compl., ¶ 70(b).<br><br>Count Three is based on "breach of implied warranty."<br><br>"The Defective Vehicles manufactured, designed, sold, distributed, supplied, and/or placed in the stream of commerce by Defendants were defective in their manufacture, construction, design, and labeling as described above at the time they left Defendants' control." Compl., ¶ 89. |

23043643v2

|  | |
|---|---|
| | Count Four is based on "breach of implied warranty of fitness for a particular purpose." |
| Lannon | "New GM is also liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint, because New GM acquired and operated Old GM and ran it as a continuing business enterprise . . . ." Compl., ¶ 19. |
| | "Both Old and New Delphi, through their various entities, have designed, manufactured, and supplied GM with motor vehicle components, including the defective ignition switches at issue here." Compl., ¶ 22. |
| | "[B]oth Old and New GM vehicles have been marketed based on safety from 2002 through the present." Compl., ¶ 56. |
| | "Magnuson-Moss provides a private right of action by purchasers of consumer products against manufacturers or retailers who, among other things, *fail to comply with the terms of the written, express, or implied warranties*. *See* 15 U.S.C. § 2310(d)(l). As alleged above, *GM has failed to comply with the terms of its implied warranties*." Compl., ¶ 131 (emphasis added). |
| | "Magnuson-Moss provides a cause of action for, among other things, breach of warranty. *See* 15 U.S.C. § 2310(d)(l). GM has breached its implied warranties of merchantability . . . . by failing to provide merchantable goods." Compl., ¶ 136. |
| Nettleton | "Plaintiff and the Class either paid more for the Defective Vehicles than they would have had they known of the ignition defects or they would not have purchased the Defective Vehicles at all." Compl., ¶ 10. |
| | "Defendants' acts and omissions complained of herein amount to . . . breach of implied warranty; breach of implied warranty of fitness for a particular purpose . . . ." Compl., ¶ 11. |
| | "Because New GM acquired and operated Old GM and ran it as a continuing business enterprise, and because New GM was aware from its inception of the ignition switch defects in the Defective Vehicles, New GM is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Compl., ¶ 17. |
| | "New GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM." Compl., ¶ 53. |
| | One Class questions is "whether, and to what extent, GM has successor liability for the acts and omissions of Old GM." Compl., ¶ 61(o). |
| | "Defendants provided, disseminated, marketed, and otherwise distributed uniform false and misleading advertisements, technical data and other information to consumers regarding the safety, performance, reliability, quality, and nature of the Defective Vehicles . . . ." Compl., ¶ 70(b). |
| | Count Three is based on "breach of implied warranty." |

|  |  |
|---|---|
|  | "At the time Defendants designed, manufactured, marketed, sold, and/or distributed the Defective Vehicles, Defendants intended and impliedly warranted the Defective Vehicles to be of merchantable quality and safe for such use." Compl., ¶ 84. |
|  | "The Defective Vehicles manufactured, designed, sold, distributed, supplied, and/or placed in the stream of commerce by Defendants were defective in their manufacture, construction, design, and labeling as described above at the time they left Defendants' control." Compl., ¶ 89. |
|  | Count Four is based on "breach of implied warranty of fitness for a particular purpose." |
| Spangler | "On or about October 2, 2007, Ms. Spangler purchased a 2007 Chevrolet HHR, which she still owns. . . . Plaintiff's purchase was based, in significant part, on these representations and assertions by GM. . . . If GM had disclosed the nature and extent of its problems, Plaintiff would not have purchased a GM vehicle, or would not have purchased the vehicle for the price paid." Compl., ¶ 19. |
|  | "Because GM acquired and operated GM Corporation and ran it as a continuing business enterprise, and because GM was aware from its inception of the ignition switch defects in the Defective Vehicles, GM is liable through successor liability for the deceptive and unfair acts and omissions of GM Corporation, as alleged in this Complaint." Compl., ¶ 21. |
|  | Three Class questions are: (i) "Whether and to the extent GM breached its express warranties relating to the safety and quality of its vehicles" (Compl., ¶ 25(b)), (ii) "Whether and to the extent GM breached any implied warranties relating to the safety and quality of its vehicles" (Compl., ¶ 25(c)), and (iii) "Whether and to the extent GM engaged in unfair, false, misleading, or deceptive acts or practices regarding its marketing and sale of its vehicles" (Compl., ¶ 25(d)). |
|  | "GM also has successor liability for GM Corporation's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of GM Corporation." Compl., ¶ 115. |
|  | "Defendant engaged in the advertising and the failure to disclose the defects and design flaws in its products herein alleged with the intent to induce Plaintiff and the Class to purchase Defendant's products." Compl., ¶ 140. |
|  | "Defendant's advertising was untrue or misleading and likely to deceive the public in that the true characteristics and nature of the vehicles sold by GM were not as advertised." Compl., ¶ 141. |
|  | The Fourth Cause of Action is based on "breach of implied warranty." |
|  | The Fifth Cause of Action is based on "breach of express warranty." |

23043643v2