KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                        :    Chapter 11
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                     :
                                                             :
                        Debtors.                             :    (Jointly Administered)
-------------------------------------------------------------x

### NOTICE OF FILING OF FOURTH SUPPLEMENT TO SCHEDULE "2" TO THE MOTION OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION

**PLEASE TAKE NOTICE** that on June 13, 2014, General Motors LLC filed the attached *Fourth Supplement to Schedule "2" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* with the United States Bankruptcy Court for the Southern District of New York.

Dated: New York, New York
      June 13, 2014

Respectfully submitted,

/s/ Scott I. Davidson
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

# FOURTH SUPPLEMENT[1] TO SCHEDULE "2"

## SAMPLE ALLEGATIONS/CAUSES OF ACTION IN IGNITION SWITCH COMPLAINTS FILED AFTER THE FILING OF NEW GM'S THIRD SUPPLEMENT TO SCHEDULE "2" TO MOTION TO ENFORCE[2]

| Lead Plaintiff | Allegations |
|---|---|
| Childre | "Had GM disclosed the ignition switch defects, Plaintiff would not have purchased her Chevrolet Cobalt, or would have paid less than she did, and would not have retained the vehicle." Compl., ¶ 34.<br><br>"At all times relevant herein, General Motors Corporation and its successor in interest General Motors LLC were engaged in the business of designing, manufacturing, constructing, assembling, marketing, warranting, distributing, selling, leasing, and servicing automobiles, including the Defective Vehicles . . . ." Compl., ¶ 40.<br><br>"GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM . . . ." Compl., ¶ 105.<br><br>Two Class questions are: (i) "whether GM and its predecessor breached its applicable warranties" (Compl., ¶ 126(f)), and (ii) "whether the Defective Vehicles were unfit for the ordinary purposes for which they were used, in violation of the implied warranty of merchantability" (Compl., ¶ 126(m)).<br><br>"Plaintiff and the Class Members are entitled to recover the damages caused to them by GM's breach of the implied warranty of merchantability, which damages constitute the difference in value between the Defective Vehicles as warranted (their sales prices) and the Defective Vehicles as actually delivered . . . ." Compl., ¶ 152.<br><br>With respect to alleged violations of the Michigan Consumer Protection Act, the Plaintiff claims that "[d]efendants provided, disseminated, marketed, and otherwise distributed uniform false and misleading advertisements, technical data and other information to consumers regarding the safety, performance, reliability, quality, and nature of the Defective Vehicles." Compl., ¶ 160(b). |

---

[1] This schedule supplements the Third Supplement to Schedule "2" [Dkt. No. 12720] filed with the Bankruptcy Court on June 2, 2014 ("**Third Supplement to Schedule 2**"), the Second Supplement to Schedule "2" [Dkt. No. 12699] filed with the Bankruptcy Court on May 19, 2014, the Supplement to Schedule "2" [Dkt. No. 12672-8] filed with the Bankruptcy Court on April 30, 2014, and Schedule "2" [Dkt. No. 12620-2] filed with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* on April 21, 2014 [Dkt. No. 12620].

[2] Due to space limitations, this chart contains only a *sample* of statements, allegations and/or causes of action contained in complaints filed in the Ignition Switch Actions after the filing of the Third Supplement to Schedule 2. This chart does *not* contain *all* statements, allegations and/or causes of action that New GM believes violates the provisions of the Court's Sale Order and Injunction and the MSPA.

| | |
|---|---|
| Smith | The Named Plaintiff "owns a 2005 Chevrolet Cobalt, which she purchased new," and alleges that had "GM disclosed the ignition switch defects, Plaintiff Smith would not have purchased her [2005] Chevrolet Cobalt, or would have paid less than she did, and would not have retained the vehicle." Compl., ¶ 34. |
| | "At all times relevant herein, General Motors Corporation and its successor in interest General Motors LLC were engaged in the business of designing, manufacturing, constructing, assembling, marketing, warranting, distributing, selling, leasing, and servicing automobiles, including the Defective Vehicles . . . ." Compl., ¶ 40. |
| | "GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM . . . ." Compl., ¶ 105. |
| | One Class question is "whether GM and its predecessor breached its applicable warranties." Compl., ¶ 126(f). |
| | "GM is liable to Plaintiff and the Class Members pursuant to 15 U.S.C. § 2310(d)(1), because it breached the implied warranty of merchantability." Compl., ¶ 144. |
| | With respect to alleged violations of the Michigan Consumer Protection Act, the Plaintiff claims that "[d]efendants provided, disseminated, marketed, and otherwise distributed uniform false and misleading advertisements, technical data and other information to consumers regarding the safety, performance, reliability, quality, and nature of the Defective Vehicles." Compl., ¶ 160(b). |
| | "Defendants had a duty to disclose these safety issues because they consistently marketed their vehicles as reliable and safe and proclaimed that Defendants maintain the highest safety standards." Compl., ¶ 166. |
| | "Defendants have defectively designed, manufactured, sold or otherwise placed in the stream of commerce Defective Vehicles." Compl., ¶ 174. |
| Stafford-Chapman | The Named Plaintiff "owns a 2006 Chevrolet HHR, which she purchased new," and alleges that had "GM disclosed the ignition switch defects, Plaintiff would not have purchased her [2006] Chevrolet HHR, or would have paid less than she did, and would not have retained the vehicle." Compl., ¶ 34. |
| | "At all times relevant herein, General Motors Corporation and its successor in interest General Motors LLC were engaged in the business of designing, manufacturing, constructing, assembling, marketing, warranting, distributing, selling, leasing, and servicing automobiles, including the Defective Vehicles . . . ." Compl., ¶ 40. |
| | "GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM . . . ." Compl., ¶ 105. |
| | "As a part of the implied warranty of merchantability, GM warranted that the Defective Vehicles were fit for their ordinary purpose as safe passenger motor vehicles, would pass without objection in the trade as designed, manufactured, marketed, and were adequately |

|  | contained, packaged, and labeled." Compl., ¶ 143. |
|  | The Sixth Claim for Relief is based on "breach of express warranty." |
|  | "Defendants also expressly warranted through statements and advertisements that the Defective Vehicles were of high quality, and at minimum, would actually work properly and safely." Compl., ¶ 198. |