Hearing Date and Time: July 2, 2014 at 9:45 a.m. (Eastern Time)
Objection Deadline: June 25, 2014 at 5:00 p.m. (Eastern Time)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                                       : Chapter 11
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       : Case No.: 09-50026 (REG)
      f/k/a General Motors Corp., *et al.*                  :
                                                            :
                              Debtors.                      : (Jointly Administered)
                                                            :
------------------------------------------------------------X

## MOTION BY GENERAL MOTORS LLC TO ESTABLISH STAY PROCEDURES FOR NEWLY-FILED IGNITION SWITCH ACTIONS

General Motors LLC ("**New GM**"), by its undersigned counsel, respectfully submits this motion ("**Motion**") to establish procedures for plaintiffs commencing Ignition Switch Actions[1] after the filing of the notice of settlement of the Scheduling Order[2] to enter into Stay Stipulations

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Motion to Enforce**"), dated April 21, 2014 [Dkt. No. 12620].

[2] The full title of the Scheduling Order is *Scheduling Order Regarding (I) Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Court's July 5, 2009 Sale Order And Injunction, (II) Objection Filed By Certain Plaintiffs In Respect Thereto, And (III) Adversary Proceeding No. 14-01929,*

1

23150759v2

09-50026-mg   Doc 12725-1   Filed 06/13/14   Entered 06/13/14 14:29:15   Motion
Pg 2 of 8

or file No Stay Pleadings (to the extent they have not already done so). In support of this Motion, New GM states as follows:

## PRELIMINARY STATEMENT

1. From the end of February, 2014 through the entry of the Scheduling Order, New GM was named in over 80 Ignition Switch Actions[3] that seek economic loss damages against New GM relating to vehicles and/or parts manufactured and sold by Old GM. In response to these lawsuits, New GM filed its Motion to Enforce the Court's Sale Order and Injunction, which New GM contends bars most, if not all of, the claims asserted in the Ignition Switch Actions.

2. Given the large number of Plaintiffs involved, and in an effort to establish an orderly process for resolving the Motion to Enforce, New GM sought a conference with the Court to establish procedures that would govern the initial phase of these proceedings. The Court granted New GM's request for a conference, solicited comments from interested parties regarding an agenda for that conference, and held the conference on May 2, 2014 ("**Conference**").

3. At the Conference, various bankruptcy-related issues were discussed with the Court, and a general consensus was reached between New GM and counsel speaking on behalf

---

which was entered by the Court on May 16, 2014 ("**Scheduling Order**"). A copy of the Scheduling Order is annexed hereto as Exhibit "A."

[3] A list of the Ignition Switch Actions as of the date the Motion to Enforce was filed was contained in Schedule 1 [Dkt. No. 12620-1] annexed to the Motion to Enforce. New GM expressly reserved the right to supplement the list of Ignition Switch Actions contained in Schedule 1 in the event additional Ignition Switch Actions were brought against New GM after the filing of the Motion to Enforce. *See* Motion to Enforce, p. 5 n.4. Since filing the Motion to Enforce, New GM has supplemented Schedule 1 three times (*i.e.*, on April 30, 2014 [Dkt. No. 12672], May 19, 2014 [Dkt. No. 12698], and June 2, 2014 [Dkt. No. 12719]). In addition, New GM also supplemented Schedule 2 [Dkt. No. 12620-2] attached to the Motion to Enforce (which sets forth sample allegations/causes of actions from the Ignition Switch Actions) on April 30, 2014 [Dkt. No. 12672-8], May 19, 2014 [Dkt. No. 12699], and June 2, 2014 [Dkt. No. 12720].

Simultaneously with filing this Motion, New GM is filing with the Court (i) a Fourth Supplement to Schedule 1 setting forth additional Ignition Switch Actions filed against New GM since the filing of the Third Supplement to Schedule 1, and (ii) a Fourth Supplement to Schedule 2 setting forth sample allegations/causes of action against New GM from Ignition Switch Actions filed since the filing of the Third Supplement to Schedule 2.

of the Plaintiffs that, as part of the process in which the Court would address bankruptcy-related issues, the Plaintiffs would either (i) agree to enter into a stipulation ("**Stay Stipulation**") with New GM staying their individual Ignition Switch Actions, or (ii) file with the Court a "No Stay Pleading" (as defined in the Scheduling Order) setting forth why they believed their individual Ignition Switch Actions should not be stayed (collectively, the "**Stay Procedures**"). The Scheduling Order set specific time deadlines for compliance with these Stay Procedures, which have now passed.

4.     Prior to the entry of the Scheduling Order, New GM was advised that Designated Counsel[4] represented a majority of the Plaintiffs involved in the Ignition Switch Actions.[5] After entry of the Scheduling Order, New GM negotiated a form of the Stay Stipulation with Designated Counsel and counsel who filed the Adversary Proceeding.[6]

5.     On May 19, 2014, New GM circulated the agreed form of the Stay Stipulation to the Plaintiffs' counsel know to New GM at the time.[7]

6.     Since circulation of the Stay Stipulations, all of the Plaintiffs sent the Stay Stipulations have complied with the terms of the Scheduling Order by either executing a Stay Stipulation or filing with the Court a No Stay Pleading within the time frame set forth in the Scheduling Order. Specifically, as of the date of this Motion, (i) Plaintiffs in 87 out of 88

---

[4] Designated Counsel are Brown Rudnick LLP, Caplin & Drysdale, Chartered, and Stutzman, Bromberg, Esserman & Plifka.

[5] At the Conference, Designated Counsel indicated that they were speaking for a clear majority of the Plaintiffs, stating as follows: "Your Honor ought to know that with one outlier, and only one outlier that I'm aware of, the plaintiffs as a group are on the same page and intend, unless I or Elihu or Sander slip up, to allow one or the other of us to speak for the group, and I presume that outlier will speak for him or herself at an appropriate time." Transcript of Conference, at 48:1-7; *see also id.* at 72:21-73:6 ("The plaintiffs are together, and with the exception of again one outlier on the issue of what ought to be part of the threshold and what not be part of the threshold, there's not a plaintiff group that we're aware of that isn't prepared to have their interests in the first instance, represented by one of the three of us, with consultation with Ms. Cyganowski, subject, of course, [to] their ability to stand up and say, hey, they didn't present my issue. But we have a commonality of position, a commonality of interest, and a desire to work collectively through these three lawyers.").

[6] Golenbock Eiseman Assor, Bell & Peskoe.

[7] A copy of the body of the Stay Stipulation circulated to all Plaintiffs is annexed hereto as Exhibit "B."

3

Ignition Switch Actions have agreed to enter into Stay Stipulations, and (ii) Plaintiffs in one Ignition Switch Action have filed a No Stay Pleading.[8]

7. Since the filing of the notice of settlement of the Scheduling Order and the supplemental schedules, additional Ignition Switch Actions have been filed against New GM. Plaintiffs in each of these newly filed Ignition Switch Actions have, to date, agreed to enter into Stay Stipulations. However, additional Ignition Switch Actions may be filed against New GM, and the plaintiffs in those newly-filed Actions may take the position that the Scheduling Order does not apply to them because their Actions were not commenced until after the Scheduling Order was noticed for settlement. In addition, until the Court resolves the issues underlying the No Stay Pleading, New GM may face deadlines in other courts relating to the improperly commenced Actions. A procedure needs to be put in place, similar to what already exists, for these newly filed Ignition Switch Actions and any such Actions to be filed in the future. Finally, on June 9, 2014, the Judicial Panel on Multidistrict Litigation issued a Transfer Order transferring the first 15 pending Ignition Switch Actions to the Southern District of New York, before the Honorable Jesse M. Furman.[9]

8. Accordingly, by this Motion, New GM seeks to establish Stay Procedures for newly-filed Ignition Switch Actions, whenever filed against New GM. The Scheduling Order, in all other respects, should also apply to such newly-filed Ignition Switch Actions.

## BACKGROUND RELEVANT TO MOTION

9. Prior to the Conference, New GM met with Designated Counsel and each side shared their views as to what procedures should be put into place for efficient adjudication of the

---

[8] Originally, two No Stay Pleadings were filed with the Court. One of the plaintiffs (Witherspoon) that filed a No Stay Pleading has subsequently entered into a Stay Stipulation. Accordingly, as of the date hereof, only one plaintiff group is prosecuting its No Stay Pleading. New GM has, or will be filing, a response to the No Stay Pleading.

[9] A copy of the Transfer Order is annexed hereto as Exhibit "C."

4

Motion to Enforce. New GM also met with counsel who filed the Adversary Proceeding prior to the Conference for that same purpose.

10.  As indicated in New GM's letter to the Court, dated April 30, 2014 ("**New GM Letter**"),[10] regarding the Conference [Dkt. No. 12673], and Designated Counsel's letter in response thereto,[11] the parties were in substantial agreement regarding the Stay Procedures for the Ignition Switch Actions.[12] At the Conference, the Court noted this agreement, stating in one of its rulings the following:

> Six, anyone who is unwilling to agree to the temporary stand still that the majority seems to agree upon must come forward before me within a time certain, either on the date proposed in the Steinberg and Weisfelner letters, or an alternative date they might agree upon, in consultation with the other parties that I've allowed to participate in the formation of the order, with a motion asking me to rule on whether I should force such a standstill on the dissenter by TRO or preliminary injunction.

Transcript of Conference, at 99:9-18.

11.  At the Conference, the Court directed Counsel for the Identified Parties (as defined in the Scheduling Order) to confer on a proposed form of scheduling order consistent with his ruling at the Conference. *Id.* at 96:9-14. As directed, after the Conference, Counsel for the Identified Parties negotiated a consensual form of scheduling order, which was filed under a notice for settlement on all Plaintiffs then known to New GM on May 12, 2014, with a presentment date of May 15, 2014.

12.  The proposed form of scheduling order submitted to the Court on May 12, 2014 contained, among others, the following procedures:

---

[10] A copy of the New GM Letter is annexed hereto as Exhibit "D."

[11] A copy of Designated Counsel's letter is annexed hereto as Exhibit "E."

[12] *Compare* New GM Letter, p. 1 (Exhibit "D" hereto) *with* Blackline attached to Designated Counsel Letter, point 2 (Exhibit "E" hereto).

5

5(a)    Plaintiffs shall be given until May 23, 2014 to enter into voluntary stipulations with New GM staying all proceedings in their Ignition Switch Action against New GM (including General Motors Holdings LLC and/or General Motors Company) other than the JPML proceedings set forth in paragraph 4 above and, if the Transferee Court so chooses, proceedings in the Transferee Court for the appointment of plaintiff and defendant liaison counsel and the formation of a plaintiffs' steering committee or other committee of plaintiffs' counsel. [footnote omitted] The Order is without prejudice to the rights of any party to request that this Court stay the Plaintiff(s) from further proceedings before the Transferee Court or for any party to oppose such relief.

(b)    If a Plaintiff chooses not to enter into a voluntary stay stipulation, it shall be required to file a pleading in this Court by no later than May 27, 2014 setting forth why it should not be directed to stay its Ignition Switch Action ("**No Stay Pleading**"). New GM will file a response to the No Stay Pleading by June 13, 2014, and the Court shall hold a hearing on a date set by the Court. Nothing set forth in this Order shall change the burden of proof as to whether there has been a violation of the Sale Order and Injunction by Plaintiffs who do not enter into a voluntary stay stipulation. This Order is without prejudice to any party, after September 1, 2014, requesting that this Court modify the stay for cause shown, including based on any rulings in this case, or any perceived delay in the resolution of the Threshold Issues.

13.    Only one response was filed to the proposed form of scheduling order. *See* Letter dated May 15, 2014 by Lowenstein Sandler LLP ("**Lowenstein Letter**") [Dkt. No. 12693]. The Lowenstein Letter did not object to the Stay Procedures.

14.    The Court ultimately entered the Scheduling Order on May 16, 2014, in substantially the form presented by Counsel for the Identified Parties.[13] After entry of the Scheduling Order, New GM drafted a form of the Stay Stipulation and solicited comments thereto from Designated Counsel and from counsel for the plaintiffs in the Adversary Proceeding. A consensual form of the Stay Stipulation was agreed to on May 19, 2014, and counsel for New GM circulated that evening, by e-mail transmission, the Stay Stipulation to counsel for all Plaintiffs known to New GM at that time.

---

[13]    The Court added a few paragraphs at the end of the Scheduling Order to address certain comments raised in the Lowenstein Letter. These additional paragraphs have no bearing on the Stay Procedures.

6

Pg 7 of 8

15. Since circulating the Stay Stipulations, Plaintiffs in all of the Ignition Switch Actions have complied with the terms of the Scheduling Order with respect to the Stay Procedures, including Plaintiffs in six newly filed Ignition Switch Actions. It is anticipated that additional Ignition Switch Actions may be filed against New GM in the future.

## RELIEF REQUESTED

16. By this Motion, New GM seeks to establish Stay Procedures for all additional Ignition Switch Actions that have been or may be filed against New GM.

17. Plaintiffs in such Actions should not be treated any differently from Plaintiffs in previously-filed Ignition Switch Actions merely because they filed their Actions at different times. Accordingly, New GM requests that the following procedures apply for such newly-filed Ignition Switch Actions:

   (i) Plaintiffs in such newly-filed Ignition Switch Actions shall have three (3) business days from receipt of a Stay Stipulation and Scheduling Order from counsel to New GM (a) to enter into a Stay Stipulation by executing same and returning it to New GM's counsel, or (b) to file a No Stay Pleading with the Court. The Court shall hold a hearing on any such No Stay Pleadings on a date to be set by the Court.

   (ii) If a plaintiff in any newly-filed Ignition Switch Action fails to either enter into a Stay Stipulation with New GM or file a No Stay Pleading with the Court within three (3) business days of receipt of a Stay Stipulation and Scheduling Order, the terms of the Stay Stipulation shall automatically be binding on such plaintiff.

17. The Scheduling Order should apply in all other respects to all plaintiffs who have filed an Ignition Switch Action, no matter when commenced against New GM.

## NOTICE AND NO PRIOR REQUEST

18. Notice of this Motion has been provided to (i) Plaintiffs' counsel that negotiated the Scheduling Order and the Stay Stipulation, and (ii) counsel that commenced Ignition Switch Actions after the filing of the notice of settlement of the Scheduling Order (unless the plaintiff in

such Ignition Switch Action has previously executed a Stay Stipulation or filed a No Stay Pleading). New GM submits that such notice is sufficient and no other or further notice need be provided.

19. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, New GM respectfully requests that this Court: (i) enter an order substantially in the form set forth as Exhibit "F" hereto, granting the relief sought herein; and (ii) grant New GM such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
June 13, 2014

Respectfully submitted,

/s/ Arthur Steinberg  
Arthur Steinberg  
Scott Davidson  
KING & SPALDING LLP  
1185 Avenue of the Americas  
New York, New York 10036  
Telephone:   (212) 556-2100  
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)  
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)  
KIRKLAND & ELLIS LLP  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*