# Exhibit C

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                            MDL No. 2543

**TRANSFER ORDER**

**Before the entire Panel:**[*] In two separate motions, plaintiffs in two actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. This litigation currently consists of fifteen actions pending in six districts as listed on Schedule A.[1]

All parties agree that centralization is warranted, but disagree about the most appropriate transferee district. Plaintiffs in more than 40 actions and potential tag-along actions have responded to the motions, and they variously argue in support of centralization[2] in the Central District of California, the Northern District of California, the Southern District of Florida, the Northern District of Illinois, the Southern District of Indiana, the Middle District of Louisiana, the Eastern District of Louisiana, the District of Massachusetts, the Eastern District of Michigan, the Eastern District of New York, the Southern District of New York, the Northern District of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, and the Southern District of Texas. Defendants General Motors LLC (General Motors) and Delphi Automotive PLC (Delphi) support centralization in the Southern District New York or, alternatively, the Eastern District of Michigan.

Each of the actions currently before the Panel asserts economic damages on behalf of certain classes and/or individuals stemming from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition switch to move unintentionally from the "run" position to the "accessory" or "off" position, resulting in a loss of power, vehicle speed control, and braking, as well as a failure

---

[*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] The Panel has been notified of 74 related actions pending in 31 district courts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Plaintiff in one Western District of Missouri potential tag-along action responded requesting that transfer of her case be stayed pending resolution of a pending motion to remand. That action is not yet before the Panel, as it was not included in the initial Section 1407 motion for centralization. Plaintiff's arguments will be heard if and when the action is placed on a conditional transfer order.

-2-

of the vehicle's airbags to deploy.[3] It is undisputed that the cases involve common questions of fact. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The parties have suggested a number of able transferee districts and judges. We have settled upon the Southern District of New York as the most appropriate choice. The Southern District of New York is the site of the bankruptcies of both General Motors and Delphi. The Southern District of New York Bankruptcy Court already has been called upon by both General Motors and certain plaintiffs to determine whether the 2009 General Motors bankruptcy Sale Order prohibits plaintiffs' ignition switch defect lawsuits. Several judges in this district, including Judge Jesse M. Furman, have heard appeals related to General Motors' bankruptcy and, therefore, have some familiarity with the common defendant and its prior bankruptcy proceedings. Judge Furman is an experienced transferee judge with the ability to handle these complex proceedings expeditiously.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance
Ellen Segal Huvelle        R. David Proctor

---

[3] At oral argument, various counsel represented that a number of personal injury actions also have been or may be soon filed that stem from the alleged ignition switch defect. The Panel has been notified of at least two potentially-related actions that allege personal injury or wrongful death claims. Since those actions are not before us now, we will not determine at this time whether their inclusion in centralized proceedings with the economic loss actions is appropriate. Any arguments regarding the inclusion of personal injury actions in centralized proceedings will be considered if and when the actions are placed on a conditional transfer order.

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                                    MDL No. 2543

### SCHEDULE A

Central District of California

MARTIN PONCE v. GENERAL MOTORS LLC, ET AL., C.A. No. 2:14-02161
ESPERANZA RAMIREZ, ET AL. v. GENERAL MOTORS LLC, ET AL.,
    C.A. No. 2:14-02344
DANIEL RATZLAFF, ET AL. v. GENERAL MOTORS LLC, C.A. No. 2:14-02424
SYLVIA BENTON v. GENERAL MOTORS LLC, C.A. No. 5:14-00590
KATIE MICHELLE MCCONNELL v. GENERAL MOTORS LLC, C.A. No. 8:14-00424
DEVORA KELLEY v. GENERAL MOTORS COMPANY, C.A. No. 8:14-00465
TELESO SATELE, ET AL. v. GENERAL MOTORS LLC, C.A. No. 8:14-00485
NICOLE HEULER v. GENERAL MOTORS LLC, C.A. No. 8:14-00492

Northern District of California

MACIEL, ET AL. v. GENERAL MOTORS, LLC, C.A. No. 4:14-01339

Northern District of Illinois

WOODWARD v. GENERAL MOTORS LLC, ET AL., C.A. No. 1:14-01877

Eastern District of Michigan

JAWAD v. GENERAL MOTORS LLC, C.A. No. 4:14-11151
JONES v. GENERAL MOTORS LLC, C.A. No. 4:14-11197

Middle District of Pennsylvania

SHOLLENBERGER v. GENERAL MOTORS, LLC, C.A. No. 1:14-00582

Southern District of Texas

BRANDT, ET AL. v. GENERAL MOTORS, LLC, C.A. No. 2:14-00079
SILVAS, ET AL. v. GENERAL MOTORS, LLC, C.A. No. 2:14-00089