# Exhibit D

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

April 30, 2014

**VIA ECF FILING**
**AND OVERNIGHT DELIVERY**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

> Re:  **In re Motors Liquidation Company, *et al.***
>       **Case No. 09-50026 (REG)**
>
>       **New GM'S Proposed Conference Agenda**
>       **Regarding its Motion to Enforce**

Dear Judge Gerber:

King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. In response to your April 22, 2014 Scheduling Order ("**April 22 Order**"), New GM respectfully advises the Court as follows:[1]

By way of introduction, New GM very much appreciates the opportunity that the Court has given it (and all other parties) to express their views as to the agenda for the May 2, 2014 status conference. Earlier this week, New GM met with certain Plaintiffs' counsel, including Brown Rudnick LLP, Stutzman, Bromberg, Esserman & Plifka, PC, Caplin & Drysdale, Golenbock Eiseman Assor Bell & Peskoe, and Stutman Treister & Glatt. At these meetings we shared our respective views to see if common ground could be reached before the status conference. From these meetings, New GM has a general sense as to how the majority of the Plaintiffs are prepared to proceed, and has taken that into account in preparing this agenda letter. Hopefully, with the Court's guidance, a clear path can be established to resolve the issues

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 ("**Motion to Enforce**").

Honorable Robert E. Gerber
April 30, 2014
Page 2

("**Bankruptcy Related Issues**") raised in and related to the Motion to Enforce, the *Objection to Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 22, 2014 (the "**Ratzlaff Response**"), and the adversary proceeding commenced by certain Plaintiffs against New GM (Adv. Proc. No. 14-01929) ("**Adversary Proceeding**").[2] New GM has given the following agenda topics careful consideration, has discussed same with counsel for certain Plaintiffs, and will be prepared to respond to any inquiries the Court may have regarding same, or other issues or concerns the Court may have, at the status conference.

      1.    **Compliance with this Court's Sale Order and Injunction**. In the Motion to Enforce, New GM takes the position that the Ignition Switch Actions are in violation of the Sale Order and Injunction.[3] New GM believes that Plaintiffs should be given 10 days to enter into voluntary stipulations with New GM staying all proceedings in their Ignition Switch Actions other than purely administrative, non-substantive matters, pending this Court's ruling on the Bankruptcy Related Issues.[4] If a Plaintiff chooses not to enter into a voluntary stay stipulation, it should be required to file a pleading in this Court by no later than May 25, 2014 as to why it should not be directed to stay its Ignition Switch Action ("**No Stay Pleading**"). New GM will file a response to the No Stay Pleading by June 10, 2014, and the Court will hold a hearing thereon at a date to be agreed upon by the parties and the Court.

      New GM submits that adherence to this procedure will ensure compliance with this Court's Sale Order and Injunction, as well as promote efficiency, judicial economy, and an orderly administration to the adjudication of the Bankruptcy Related Issues.

---

[2]    Plaintiffs in the Adversary Proceeding should have until May 14, 2014 to file any amendment as of right to the complaint, provided, however, that such amendment shall not affect the procedures that will be approved by the Court prior to such amendment.

[3]    Today, New GM filed a supplement to Schedule 1 to the Motion to Enforce, setting forth additional Ignition Switch Actions ("**Additional Ignition Switch Actions**") that have been commenced against New GM since the finalization of Schedule 1 annexed to the Motion to Enforce. Counsel identified in the Additional Ignition Switch Actions have been served with (i) the Motion to Enforce, and the schedules and exhibits thereto, (ii) the April 22 Order, (iii) New GM's letter to the Court, dated April 21, 2014, requesting the conference, and (iv) the notice of the conference. In addition, New GM filed today a supplement to Schedule 2 to the Motion to Enforce, which contains details respecting the Additional Ignition Switch Actions.

[4]    There is a separate proceeding pending before the Judicial Panel on Multidistrict Litigation ("**JPML**") in *In re General Motors LLC Ignition Switch Litigation*, MDL 2543. The JPML has scheduled a hearing on May 29, 2014 to determine procedural issues such as consolidation and centralization of the Ignition Switch Actions pending in various federal districts. New GM and the Plaintiffs in the Adversary Proceeding have taken the position before the JPML that, given Old GM's bankruptcy and New GM's pending Motion to Enforce, and the Adversary Proceeding, the Ignition Switch Actions should be consolidated and centralized in the Southern District of New York. Other Plaintiffs have taken the position that the Southern District of New York, as well as other Federal Districts, would be satisfactory. New GM is not seeking to stay the JPML from acting, but otherwise reserves all of its rights relating to the Ignition Switch Actions after they are consolidated and centralized before a District Court.

Honorable Robert E. Gerber
April 30, 2014
Page 3

     2.    **Liaison Counsel for Plaintiffs.** As directed in the April 22 Order, the Plaintiffs appear to be trying to organize themselves. However, at this point, it is unclear if all Plaintiffs are on board with this process. New GM suggests, as contemplated by the April 22 Order, that formal liaison groups of Plaintiffs with the same or substantially similar positions, including the Plaintiffs listed in the Adversary Proceeding and the Plaintiffs supporting the Ratzlaff Response be formed in this bankruptcy proceeding on or before May 12, 2014,[5] and that counsel for each liaison group file a notice with the Court on or before May 14, 2014, identifying the members of the liaison group and their contact information. Plaintiffs that are not represented by any liaison group should file a letter with the Court by May 16, 2014 explaining why they believe no liaison group can adequately represent their interests. These issues will be further addressed at the June Conference (as defined below).

     3.    **Threshold Issues to be Addressed by the Bankruptcy Court.** From a review of the Ratzlaff Response and the complaint filed in the Adversary Proceeding, the following issues have been raised that New GM and certain of the Plaintiffs believe are threshold issues that should be addressed first by the Bankruptcy Court: (i) whether the Plaintiffs' right to procedural due process allegedly was violated by Old GM in connection with the notice given of the 363 Sale, (ii) whether Old GM allegedly committed a fraud on the Court during the Sale Process in June and July 2009 by not notifying the Court and other parties of the alleged issues regarding the ignition switch or whether relief is justified under FRCP 60(d)(1) in light of these allegations, and (iii) assuming a violation of either (i) or (ii), whether a remedy permissibly can/should be fashioned against New GM as a result of such violations by Old GM (collectively, the "**Threshold Issues**").[6] Other Bankruptcy Related Issues, not encompassed by the Threshold Issues, should be addressed by the Bankruptcy Court after the resolution of the Threshold Issues.[7]

     New GM and certain Plaintiffs believe that the Threshold Issues should be addressed by the following procedure:[8] (i) by June 2, 2014, the Plaintiffs, collectively, are to provide to New GM a proposed stipulation of facts regarding the Threshold Issues; (ii) by June 16, 2014, New GM is to respond to the Plaintiffs by stating which proposed facts can be agreed to and which cannot; (iii) during the period from June 16, 2014 through and including June 23, 2014, New GM and the Plaintiffs are to meet and confer on the proposed stipulation of facts to try and narrow any remaining issues that may exist, and to discuss whether appropriately-tailored discovery might be needed to resolve the Threshold Issues; and (iv) subject to the Court's

---

[5]    The MDL transferee court, if any, will address issues with respect to Plaintiffs' liaison groups in that proceeding, and the Plaintiffs will be subject to the procedures directed by that court.

[6]    The Threshold Issues will apply equally to the Motion to Enforce and the Adversary Proceeding and New GM's time to answer the complaint or reply to the Ratzlaff Objection shall be deemed extended without date, pending resolution of the Threshold Issues or further order of the Court.

[7]    All parties shall retain their rights to request that the Bankruptcy Court address certain other issues raised by the Motion to Enforce or Adversary Proceeding if it appears that the resolution of the Threshold Issues is taking longer than expected, provided however, that no party shall make such a request prior to September 1, 2014.

[8]    The dates set forth in this paragraph were requested by one group of Plaintiffs, and New GM agreed to such dates.

Honorable Robert E. Gerber
April 30, 2014
Page 4

schedule, a further status conference will be held during the week of June 23, 2014 ("**June Conference**") so that the Court can address any remaining discovery-related issues that may exist among the parties. A briefing schedule for the Threshold Issues can be discussed at the June Conference when all parties will have a better understanding of the facts in dispute and the proposed discovery that will take place. At that time, the Plaintiffs will discuss whether they will file one brief, and the Court can address matters such as page limitations, *etc.*

    **4.**    **Pleadings Challenging Potential Discriminatory Treatment by New GM between Prepetition Accident Victims and Plaintiffs Seeking Economic Damages.** The Ratzlaff Response notes that pre-petition accident victims (a Retained Liability) were not made part of the Motion to Enforce. They raise the issue that New GM may try to discriminate between pre-petition accident victims and the Plaintiffs who seek economic damages for their Old GM vehicles, and assert that such discrimination by a purchaser of assets in a 363 Sale is impermissible as a matter of law ("**Discrimination Argument**"). New GM has publicly stated that it is presently exploring options with respect to pre-Sale accident victims.[9] Accordingly, New GM believes that the Plaintiffs should decide by May 9, 2014 whether they intend to proceed with the Discrimination Argument. If the Plaintiffs decide to proceed with the Discrimination Argument, which New GM believes presents a pure issue of law, such argument should become a Threshold Issue, and will be addressed in the same manner as the other Threshold Issues.

    **5.**    **Plaintiffs' Claims Against Old GM.** The Plaintiffs in the Adversary Proceeding and the Ratzlaff Response assert that they have been denied procedural due process because Old GM, after the 363 Sale, allegedly did not give them proper notice of the Bar Date to file unsecured claims. New GM cannot speak for Old GM or its General Unsecured Creditors Trust (which has appeared in this proceeding), but the schedule for this matter should incorporate a process to address issues related to potential claims against the bankruptcy estate relating to Plaintiffs' allegations.

    **6.**    **Proceedings After the Threshold Issues are Resolved.** After the Court decides the Threshold issues, the parties should "meet and confer" over a 30 day period to discuss how to proceed in respect of the remaining Bankruptcy Related Issues. It is anticipated that such other Bankruptcy Related Issues will include whether the Sale Order and Injunction enjoins claims against New GM based on its alleged conduct in not issuing a recall for ignition switches in Old GM vehicles until calendar year 2014. The Court will hold a status conference after the 30 day "meet and confer" period to see what will be consensually proposed to the Court, and what disputed issues will need to be addressed by the Court.

    **7.**    **Other Comments**: New GM is flexible on most of the litigation dates proposed. New GM submits that the process that it has outlined will give the Court and the parties a clear path to identify and decide issues in an orderly, prompt and efficient manner.

---

[9]    As the Court may be aware, New GM has retained Kenneth Feinberg to advise it on how to approach personal injury compensation issues arising from the ignition switch recall.

Honorable Robert E. Gerber
April 30, 2014
Page 5


     New GM reserves the right to respond to all suggestions raised by the Plaintiffs at the status conference.

                            Respectfully submitted,

                            */s/ Arthur Steinberg*

                            Arthur Steinberg

AJS/sd