# Exhibit E

**BROWNRUDNICK**

EDWARD S. WEISFELNER
Direct Dial: (212) 209-4900
Fax: (212) 938-2900
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

May 1, 2014

**VIA ECF AND HAND DELIVERY**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:   **In re Motors Liquidation Company, et al. (Case No. 09-50026 (REG))**

          **Response to New GM's Proposed Conference Agenda**

Dear Judge Gerber:

    On April 28, 2014, I, along with co-counsel Robinson Calcagnie Robinson Shapiro Davis, Inc. and Hagens Berman Sobol Shapiro, LLP, hosted a meeting of counsel for plaintiffs (collectively, "**Plaintiffs**") that have filed class action complaints against General Motors LLC ("**New GM**") relating to the ignition switch defect (the "**Ignition Switch Actions**"). Most, if not all, Plaintiffs were in attendance either in person or telephonically. At that meeting, Brown Rudnick, Stuzman, Bromberg, Esserman & Plifka, PC, and Caplin & Drysdale (collectively, "**Counsel**"), were designated by a majority of the Plaintiffs to meet with New GM that same day and to present to Your Honor at the court conference scheduled for tomorrow. At the meeting with counsel for New GM, we shared our respective views to see if common ground could be reached before tomorrow's court conference.

    I write on behalf of Counsel and our respective Plaintiffs (the "**Responsive Plaintiffs**") in response to Your Honor's April 22, 2014 Scheduling Order [Docket No. 12627] and New GM's *Proposed Conference Agenda Regarding its Motion to Enforce*, dated April 30, 2014 [Docket No. 12673] ("**New GM's Letter**"). We provided New GM with our collective comments on New GM's Letter prior to its filing and this submission. We are in agreement with some aspects of the suggested conference agenda set forth in New GM's Letter. However, as set forth below, we disagree with New GM's inclusion of several proposed agenda items and New GM's characterization of several key issues to be addressed at the conference. For ease of reference, attached hereto as **Exhibit A** is Counsel's proposed agenda and a blackline comparison to New GM's proposed agenda.

Honorable Robert E. Gerber
United States Bankruptcy Judge
May 1, 2014
Page 2

The substantive areas of disagreement between Responsive Plaintiffs and New GM are as follows:

- **Threshold Issue:** Responsive Plaintiffs view the threshold issue to be whether the Plaintiffs' right to procedural due process was violated by Old GM in connection with the Sale Order and Injunction and the notice given in connection therewith; and assuming such a violation, what is the proper result thereof and remedy pertaining thereto, including whether the Sale Order and the releases and injunctions contained therein, are thereby inapplicable to the Plaintiffs and unenforceable by New GM against the Plaintiffs (the "**Threshold Issue**").

  The question of whether Old GM committed fraud on the Court during the sale process need not be reached if the Court determines the Threshold Issue in Plaintiffs' favor. It should be characterized as one of the Bankrutpcy Related Issues (as defined in New GM's Letter) to be addressed by the Bankruptcy Court, if necessary, after the resolution of the Threshold Issue.

- **Compliance With Sale Order And Injunction:** Certain Plaintiffs believe that some of the Ignition Switch Actions, to the extent they relate to the conduct or actions of New GM are not subject to the Sale Order and Injunction. Nonetheless, in order to expedite resolution of the Sole Threshold Issue, such Plaintiffs would be agreeable to a limited voluntary stay of their Ignition Switch Actions pending the Court's ruling. If that resolution requires more time than is anticipated, such Plaintiffs may request that the Bankruptcy Court address certain other Banrkuptcy Related Issues, except that no party shall make such a request prior to July 31, 2014.

- **Procedure For Resolution Of Threshold Issue:** Except as set forth above, the Responsive Plaintiffs are flexible on the various dates proposed by New GM for resolving the Threshold Issue. However, Plaintiffs' discovery tools should not be unduly restricted from the outset of this litigation. In addition to providing New GM with proposed stipulations of fact regarding the Threshold Issue, Plaintiffs should be authorized to submit requests for admission to New GM along the same schedule as proposed stipulations of fact.

- **Discrimination Argument And Plaintiffs' Claims Against Old GM:** Similar to the issue of whether Old GM committtted fraud on the court, Responsive Plaintiffs view the Discrimination Argument and Plaintiffs' claims against Old GM as other Bankruptcy Related Issues to be addressed, if necessary, after the resolution of the Threshold Issue. Accordingly, these proposed agenda items should be removed from the May 2 conference agenda and can be addressed at future court conferences, if necessary.

Honorable Robert E. Gerber
United States Bankruptcy Judge
May 1, 2014
Page 3

- **Liaison Counsel For Plaintiffs**: As noted above, Counsel and Responsive Plaintiffs have worked to coordinate efforts in the spirit of Your Honor's April 22, 2014 scheduling order and case management orders in this case. A majority of Plaintiffs have designated Counsel as lead counsel for the May 2 conference. Counsel will endeavor to further continued coordination amongst Plaintiffs. The May 2 conference agenda should not include debate about the appropriate procedures for such coordaination. If necessary, it can be addressed at a later conference.

- **JPML / MDL Proceedings**: In the New GM Letter, New GM acknowledges that it is not seeking to stay or otherwise interfere with the JPML from acting in determining whether transfer and pretrial consolidation or coordination pursuant to 28 U.S.C. § 1407 is appropriate for the federal court cases and, if so, where the MDL court will be located, but otherwise reserves its rights. New GM should confirm on the record at tomorrow's conference that it will not seek to impair the JPML proceeding scheduled for May 29, 2014 from going forward, including proceedings to select a MDL transferee judge and preliminary matters in the MDL couurt up to and including the filing of a consolidated amended complaint in the MDL.

Counsel reserves the right to respond to all suggstions raised by New GM and other interested parties at the status conference.

Respectfully submitted,

Edward S. Weisfelner

cc: Sander Esserman
Elihu Inselbuch
Arthur Steinberg
Richard C. Godfrey
Mark P. Robinson, Jr.
Steve W. Berman
Adam J. Levitt
Roland Tellis
Lance Cooper
Elizabeth Cabraser
Robin Greenwald
Dee Miles

# EXHIBIT A

Proposed Agenda Topics for May 2, 2014 Conference

1. **Threshold Issue to be Addressed by the Bankruptcy Court.** From a review of the Motion to Enforce, Ratzlaff Response and the complaint filed in the Adversary Proceeding, the following issue has been raised that certain Plaintiffs believe is a threshold issue that should be addressed first by the Bankruptcy Court: (i) whether the Plaintiffs' right to procedural due process was violated by Old GM in connection with the Sale Order and the notice given in connection therewith, and (ii) assuming a violation of (i), whether a remedy can/should be fashioned against New GM as a result of such violations, including whether the Sale Order, and the releases and injunctions contained therein, are applicable to the Plaintiffs and enforceable by New GM against the Plaintiffs (the "**Threshold Issue**").[1] Other Bankruptcy Related Issues, not encompassed by the Threshold Issue, may need to be addressed by the Bankruptcy Court after the resolution of the Threshold Issue.[2]

Certain Plaintiffs and New GM believe that the Threshold Issue should be addressed by the following procedure pursuant to the following schedule:

- By May 12, 2014, the Plaintiffs, collectively, are to provide to New GM a proposed stipulation of facts / requests for admission regarding the Threshold Issue;

- By May 23, 2014, New GM is to respond to the Plaintiffs by stating which proposed facts / requests for admission can be agreed to and which cannot and objections thereto;

- During the period from May 26, 2014 through and including June 6, 2014, New GM and the Plaintiffs are to meet and confer on the proposed stipulation of facts / requests for admission to try and narrow any remaining issues that may exist, and to discuss whether narrowly-tailored discovery might be needed to resolve the Threshold Issue;

- Subject to the Court's schedule, a further status conference will be held during the week of June 9, 2014 ("**June Conference**") so that the Court can address any remaining discovery-related issues that may exist among the parties.

A briefing schedule for the Threshold Issue can be discussed at the June Conference when all parties will have a better understanding of the facts in dispute and the proposed discovery that will take place. At that time, the Plaintiffs will discuss whether they will file one brief, and the Court can address matters such as page limitations, *etc.*

---

[1] The Threshold Issue will apply equally to the Motion to Enforce and the Adversary Proceeding. The Adversary Proceeding will be held in abeyance pending resolution of the Threshold Issue.

[2] All parties shall retain their rights to request that the Bankruptcy Court address certain other issues raised by the Motion to Enforce, Ratzlaff Response or Adversary Proceeding if it appears that the resolution of the Threshold Issue is taking longer than expected, provided however, that no party shall make such a request prior to July 31, 2014.

2. **Compliance with this Court's Sale Order and Injunction**. In the Motion to Enforce, New GM takes the position that the Ignition Switch Actions are in violation of the Sale Order and Injunction. Certain of the Plaintiffs believe that some of the Ignition Switch Actions to the extent they relate to the conduct or actions of New GM are not the proper subject of the Sale Order and Injunction. New GM believes that Plaintiffs should be given 10 days to enter into voluntary stipulations with New GM staying all proceedings in their Ignition Switch Actions pending this Court's ruling on the Bankruptcy Related Issues.[3] Certain Plaintiffs contend that any such voluntary stay, which, as agreed shall not interfere with the JPML proceedings or other matters before any MDL court, shall be subject to further proceedings before the Court, and Plaintiffs reserve their right to argue that certain Ignition Switch Actions, to the extent implicating the conduct or actions of New GM, are not properly subject to the Sale Order and Injunction. If a Plaintiff chooses not to enter into a voluntary stay stipulation, it should be required to file a pleading in this Court by no later than May 25, 2014 as to why it should not be directed to stay its Ignition Switch Action ("**No Stay Pleading**"). New GM will file a response to the No Stay Pleading by June 10, 2014, and the Court will hold a hearing thereon at a date to be agreed upon by the parties and the Court.

3. **Proceedings After the Threshold Issue Is Resolved**. Before or after the Court decides the Threshold Issue, the parties should "meet and confer" over a 30 day period to discuss how to proceed in respect of the remaining Bankruptcy Related Issues, if any. It is anticipated that such other Bankruptcy Related Issues will include whether the Sale Order and Injunction enjoins claims against New GM based on its conduct, including in not issuing a recall for ignition switches in Old GM vehicles until calendar year 2014. The Court will hold a status conference after the 30 day "meet and confer" period to see what will be consensually proposed to the Court, and what disputed issues will need to be addressed by the Court.

4. **JPML and MDL Proceedings.** There is a separate proceeding pending before the Judicial Panel on Multidistrict Litigation ("**JPML**") in In re General Motors LLC Ignition Switch Litigation, MDL 2543. The JPML has scheduled a hearing on May 29, 2014 to determine procedural issues, pursuant to 28 U.S.C. § 1407, such as consolidation for pre-trial administration of the Ignition Switch Actions pending in various federal districts. New GM should confirm on the record its agreement that the JPML proceeding scheduled for May 29, 2014 should and will go forward, including proceedings to select a MDL judge and preliminary matters up to and including the filing of a consolidated amended complaint in the MDL.

5. **Other Comments**: Responsive Plaintiffs and New GM are flexible on most of the various dates proposed.

---

[3] New GM is not seeking to stay the JPML from acting, but otherwise reserves all of its rights relating to the Ignition Switch Actions after they are consolidated and centralized before a District Court.

# **BLACKLINE**

09-50026-reg    Doc 12677-1    Filed 05/01/14    Entered 05/01/14 12:09:38    Exhibit A
Pg 5 of 8

1. **Compliance with this Court's Sale Order and Injunction.** In the Motion to Enforce, New GM takes the position that the Ignition Switch Actions are in violation of the Sale Order and Injunction.[1] New GM believes that Plaintiffs should be given 10 days to enter into voluntary stipulations with New GM staying all proceedings in their Ignition Switch Actions other than purely administrative, non-substantive matters, pending this Court's ruling on the Bankruptcy Related Issues.[2] If a Plaintiff chooses not to enter into a voluntary stay stipulation, it should be required to file a pleading in this Court by no later than May 25, 2014 as to why it should not be directed to stay its Ignition Switch Action ("**No Stay Pleading**"). New GM will file a response to the No Stay Pleading by June 10, 2014, and the Court will hold a hearing thereon at a date to be agreed upon by the parties and the Court.

New GM submits that adherence to this procedure will ensure compliance with this Court's Sale Order and Injunction, as well as promote efficiency, judicial economy, and an orderly administration to the adjudication of the Bankruptcy Related Issues.

2. **Liaison Counsel for Plaintiffs.** As directed in the April 22 Order, the Plaintiffs appear to be trying to organize themselves. However, at this point, it is unclear if all Plaintiffs are on board with this process. New GM suggests, as contemplated by the April 22 Order, that formal liaison groups of Plaintiffs with the same or substantially similar positions, including the Plaintiffs listed in the Adversary Proceeding and the Plaintiffs supporting the Ratzlaff Response be formed in this bankruptcy proceeding on or before May 12, 2014,[3] and that counsel for each liaison group file a notice with the Court on or before May 14, 2014, identifying the members of the liaison group and their contact information. Plaintiffs that are not represented by any liaison group should file a letter with the Court by May 16, 2014 explaining why they believe no liaison group can adequately represent their interests. These issues will be further addressed as the June Conference (as defined below).

---

[1] Today, New GM filed a supplement to Schedule 1 to the Motion to Enforce, setting forth additional Ignition Switch Actions ("**Additional Ignition Switch Actions**") that have been commenced against New GM since the finalization of Schedule 1 annexed to the Motion to Enforce. Counsel identified in the Additional Ignition Switch Actions have been served with (i) the Motion to Enforce, and the schedules and exhibits thereto, (ii) the April 22 Order, (iii) New GM's letter to the Court, dated April 21, 2014, requesting the conference, and (iv) the notice of the conference. In addition, New GM filed today a supplement to Schedule 2 to the Motion to Enforce, which contains details respecting the Additional Ignition Switch Actions.

[2] There is a separate proceeding pending before the Judicial Panel on Multidistrict Litigation ("**JPML**") in *In re General Motors LLC Ignition Switch Litigation*, MDL 2543. The JPML has scheduled a hearing on May 29, 2014 to determine procedural issues such as consolidation and centralization of the Ignition Switch Actions pending in various federal districts. New GM and the Plaintiffs in the Adversary Proceeding have taken the position before the JPML that, given Old GM's bankruptcy and New GM's pending Motion to Enforce, and the Adversary Proceeding, the Ignition Switch Actions should be consolidated and centralized in the Southern District of New York. Other Plaintiffs have taken the position that the Southern District of New York, as well as other Federal Districts, would be satisfactory. New GM is not seeking to stay the JPML from acting, but otherwise reserves all of its rights relating to the Ignition Switch Actions after they are consolidated and centralized before a District Court.

[3] The MDL transferee court, if any, will address issues with respect to Plaintiffs' liaison groups in that proceeding, and the Plaintiffs will be subject to the procedures directed by that court.

**1.**   3. **Threshold** ~~Issues~~**Issue to be Addressed by the Bankruptcy Court.** From a review of the, Motion to Enforce, Ratzlaff Response and the complaint filed in the Adversary Proceeding, the following issues have been raised that ~~New GM and~~ certain ~~of the~~ Plaintiffs believe are threshold issues that should be addressed first by the Bankruptcy Court: (i) whether the Plaintiffs' right to procedural due process was ~~allegedly~~ violated by Old GM in connection with the Sale Order and the notice given ~~of the 363 Sale, (ii) whether Old GM allegedly committed a fraud on the Court during the Sale Process in June and July 2009 by not notifying the Court and other parties of the alleged issues regarding the ignition switch or whether relief is justified under FRCP 60(d)(1) in light of these allegations~~ in connection therewith, and (~~iii~~ii) assuming a violation of ~~either (i) or (ii)~~, whether a remedy ~~permissibly~~ can/should be fashioned against New GM as a result of such violations, including whether the Sale Order, and the releases and injunctions contained therein, are applicable to the Plaintiffs and enforceable by ~~Old~~New GM ~~(collectively,~~against the Plaintiffs (the "**Threshold** ~~Issues~~**Issue**").[4][1] Other Bankruptcy Related Issues, not encompassed by the Threshold ~~Issues, should~~Issue, may need to be addressed by the Bankruptcy Court after the resolution of the Threshold ~~Issues~~Issue.[5][2]

~~New GM and~~ Certain Plaintiffs and New GM believe that the Threshold ~~Issues~~Issue should be addressed by the following procedure pursuant to the following schedule:[6] ~~(i)~~

- By ~~June 2~~May 12, 2014, the Plaintiffs, collectively, are to provide to New GM a proposed stipulation of facts / requests for admission regarding the Threshold ~~Issues~~Issue; ~~(ii)~~

- By ~~June 16~~May 23, 2014, New GM is to respond to the Plaintiffs by stating which proposed facts / requests for admission can be agreed to and which cannot and objections thereto; ~~(iii)~~

- During the period from ~~June 16~~May 26, 2014 through and including June ~~23~~6, 2014, New GM and the Plaintiffs are to meet and confer on the proposed stipulation of facts / requests for admission to try and narrow any remaining issues that may exist, and to discuss whether ~~appropriately-tailored~~narrowly-tailored discovery might be needed to resolve the Threshold ~~Issues~~Issue; ~~and (iv)~~

- Subject to the Court's schedule, a further status conference will be held during the week of June ~~23~~9, 2014 ("**June Conference**") so that the Court can address any remaining discovery-related issues that may exist among the parties.

---

[4][1]   The Threshold ~~Issues~~Issue will apply equally to the Motion to Enforce and the Adversary Proceeding ~~and New GM's time to answer the complaint or reply to the Ratzlaff Objection shall be deemed extended without date~~. The Adversary Proceeding will be held in abeyance pending resolution of the Threshold ~~Issues or further order of the Court~~Issue.

[5][2]   All parties shall retain their rights to request that the Bankruptcy Court address certain other issues raised by the Motion to Enforce, Ratzlaff Response or Adversary Proceeding if it appears that the resolution of the Threshold ~~Issues~~Issue is taking longer than expected, provided however, that no party shall make such a request prior to ~~September 1~~July 31, 2014.

[6]   ~~The dates set forth in this paragraph were requested by one group of Plaintiffs, and New GM agreed to such dates.~~

A briefing schedule for the Threshold ~~Issues~~Issue can be discussed at the June Conference when all parties will have a better understanding of the facts in dispute and the proposed discovery that will take place. At that time, the Plaintiffs will discuss whether they will file one brief, and the Court can address matters such as page limitations, *etc.*

<u>2.   **Compliance with this Court's Sale Order and Injunction.** In the Motion to Enforce, New GM takes the position that the Ignition Switch Actions are in violation of the Sale Order and Injunction. Certain of the Plaintiffs believe that some of the Ignition Switch Actions to the extent they relate to the conduct or actions of New GM are not the proper subject of the Sale Order and Injunction. New GM believes that Plaintiffs should be given 10 days to enter into voluntary stipulations with New GM staying all proceedings in their Ignition Switch Actions pending this Court's ruling on the Bankruptcy Related Issues.[3] Certain Plaintiffs contend that any such voluntary stay, which, as agreed shall not interfere with the JPML proceedings or other matters before any MDL court, shall be subject to further proceedings before the Court, and Plaintiffs reserve their right to argue that certain Ignition Switch Actions, to the extent implicating the conduct or actions of New GM, are not properly subject to the Sale Order and Injunction. If a Plaintiff chooses not to enter into a voluntary stay stipulation, it should be required to file a pleading in this Court by no later than May 25, 2014 as to why it should not be directed to stay its Ignition Switch Action ("No Stay Pleading"). New GM will file a response to the No Stay Pleading by June 10, 2014, and the Court will hold a hearing thereon at a date to be agreed upon by the parties and the Court.</u>

~~4.   **Pleadings Challenging Potential Discriminatory Treatment by New GM between Prepetition Accident Victims and Plaintiffs Seeking Economic Damages.** The Ratzlaff Response notes that pre-petition accident victims (a Retained Liability) were not made part of the Motion to Enforce. They raise the issue that New GM may try to discriminate between pre-petition accident victims and the Plaintiffs who seek economic damages for their Old GM vehicles, and assert that such discrimination by a purchaser of assets in a 363 Sale is impermissible as a matter of law ("**Discrimination Argument**"). New GM has publicly stated that it is presently exploring options with respect to pre-Sale accident victims.[7] Accordingly, New GM believes that the Plaintiffs should decide by May 9, 2014 whether they intend to proceed with the Discrimination Argument. If the Plaintiffs decide to proceed with the Discrimination Argument, which New GM believes presents a pure issue of law, such argument should become a Threshold Issue, and will be addressed in the same manner as the other Threshold Issues.~~

~~5.   **Plaintiffs' Claims Against Old GM.** The Plaintiffs in the Adversary Proceeding and the Ratzlaff Objection assert that they have been denied procedural due process because Old GM, after the 363 Sale, allegedly did not give them proper notice of the Bar Date to file unsecured claims. New GM cannot speak for Old GM or its General Unsecured Creditors Trust (which has appeared in this proceeding), but the schedule for this matter should incorporate a process to address issues related to potential claims against the bankruptcy estate relating to Plaintiffs' allegations.~~

---

[3]   <u>New GM is not seeking to stay the JPML from acting, but otherwise reserves all of its rights relating to the Ignition Switch Actions after they are consolidated and centralized before a District Court.</u>

[7]   ~~As the Court may be aware, New GM has retained Kenneth Feinberg to advise it on how to approach personal injury compensation issues arising from the ignition switch recall.~~

**3.**    6. **Proceedings After the Threshold** ~~Issues are~~**Issue Is Resolved**. Before or after the Court decides the Threshold ~~issues~~Issue, the parties should "meet and confer" over a 30 day period to discuss how to proceed in respect of the remaining Bankruptcy Related Issues, if any. It is anticipated that such other Bankruptcy Related Issues will include whether the Sale Order and Injunction enjoins claims against New GM based on its ~~alleged~~ conduct, including in not issuing a recall for ignition switches in Old GM vehicles until calendar year 2014. The Court will hold a status conference after the 30 day "meet and confer" period to see what will be consensually proposed to the Court, and what disputed issues will need to be addressed by the Court.

**4.**    **JPML and MDL Proceedings.** There is a separate proceeding pending before the Judicial Panel on Multidistrict Litigation ("JPML") in In re General Motors LLC Ignition Switch Litigation, MDL 2543. The JPML has scheduled a hearing on May 29, 2014 to determine procedural issues, pursuant to 28 U.S.C. § 1407, such as consolidation for pre-trial administration of the Ignition Switch Actions pending in various federal districts. New GM should confirm on the record its agreement that the JPML proceeding scheduled for May 29, 2014 should and will go forward, including proceedings to select a MDL judge and preliminary matters up to and including the filing of a consolidated amended complaint in the MDL.

**5.**    7. **Other Comments:** Responsive Plaintiffs and New GM ~~is~~are flexible on most of the ~~litigation~~various dates proposed. ~~New GM submits that the process that it has outlined will give the Court and the parties a clear path to identify and decide issues in an orderly, prompt and efficient manner.~~