

**Lawrence S. Buonomo**
Global Process Leader & Practice
Area Manager - Litigation

General Motors Legal Staff
400 Renaissance Center
Mail Code: 482-026-601
Detroit, MI  48265-4000
Tel 313-665-7390
Fax 248-267-4291
lawrence.s.buonomo@gm.com

February 13, 2014

<u>Via e-mail (MBerry@mberrylaw.com)</u>

Michele L Berry, Esq.
Law Offices of Michelle Berry LLC
114 East 8th Street
Cincinnati, Ohio 45202

<u>Via Federal Express</u>

Michael Kanovitz, Esq.
David B. Owens, Esq.
Loevy & Loevy
312 North May St., Suite 100
Chicago, IL 60607

Re:  **Gillispie v. The City of Miami Township, et al**
     Civil Action 3:13-cv-00416 (Southern District of Ohio) (the "<u>Action</u>")

Dear Counsel:

I represent General Motors LLC f/k/a General Motors Company and NGMco, Inc. (together "<u>New GM</u>"). The referenced Action was served upon New GM's registered agent on February 13, 2014.

The Action, which seeks damages relating to events alleged to have occurred in the late 1980's and early 1990's, names New GM as a defendant based upon an allegation that it "is the successor in interest and owner of substantially all of Motors Liquidation Company f/k/a General Motors Corporation's assets and bears liability for any judgment entered against GM as a result of this lawsuit." Complaint, ¶12. That premise is erroneous. In fact, the assertion of the Action against New GM constitutes violation of a binding final order of the United States Bankruptcy Court for the Southern District of New York ("<u>Bankruptcy Court</u>"). Accordingly, I write to request that General Motors LLC be voluntarily dismissed from the action.

As you undoubtedly know, Motors Liquidation Company f/k/a General Motors Corporation ("<u>MLC</u>") filed a proceeding pursuant to Chapter 11 of the Bankruptcy Code in the Bankruptcy court on June 1, 2009.  On July 10, 2009, New GM acquired substantially all of the assets of MLC in a transaction

Michele L Berry, Esq.
Mike Kanovitz, Esq.
David B. Owens, Esq
February 13, 2014
Page 2

approved by the "Bankruptcy Court" pursuant to Section 363 of the Bankruptcy Code. *See generally In re General Motors Corp.*, 407 B.R. 463 (Bankr., SDNY 2009)("Sale Opinion")(approving sale transaction). In acquiring these assets, New GM did <u>not</u> assume the liabilities of General Motors Corporation. *Id.*, 407 B.R. at 499-507 (overruling objections by tort claimants seeking to preserve claims against New GM). *See also In re Chrysler, LLC*, 2009 WL 2382766, pp 11-13 (2nd Cir. 2009)(bankruptcy court was permitted to authorize the sale of substantially all Chrysler's automotive assets free and clear of claims).

The scope and limitations of New GM's responsibilities are defined in the Bankruptcy Court's "Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection with the Sale; and (iii) Granting Related Relief," entered on July 5, 2009 (the "Sale Approval Order"), which is a final binding order.[1] The Sale Approval Order provides that, with the exceptions of certain liabilities expressly assumed under the relevant agreements, the assets acquired by New GM were transferred "free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever . . . including rights or claims based on any successor or transferee liability . . ." *Id.*, ¶7.

The claims asserted in the Action were not assumed. To the contrary, the Amended and Restated Master Sale and Purchase Agreement ("MSPA"), which defined the scope of New GM's responsibilities, expressly <u>excludes</u> all Liabilities to third parties for Claims based upon Contract, tort or any other basis. MSPA, Sale Approval Order, Ex A., §2.3(xi). There is go genuine basis to dispute that claims against MLC of the type alleged in the Action were unambiguously outside the scope of any responsibilities assumed by New GM under the Sale Approval Order.

Accordingly, the inclusion of New GM as a defendant in the Action constitutes a violation of the Sale Approval Order, which unambiguously states that "all persons and entities, including, but not limited to . . . litigation claimants and [others] holding liens, claims and encumbrances, and other interest of any kind or nature whatsoever, including rights or claims based on any successor or transferee liability . . . are forever barred, stopped, and permanently enjoined . . . from asserting against [New GM], its successors or assigns, its property, or the Purchased Assets, such persons' or entities' [rights or claims], including rights or claims based on any successor or transferee liability." *Id.*, ¶8. *See also Id.*, ¶46 (". . . the Purchaser shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any claims, including, but not limited to, under any theory of successor or transferee liability, de fact merger or continuity, environmental, labor and employment, and products or antitrust liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated."), *Id.*, ¶52 (Sale Approval Order "effective as a determination that, except for the Assumed Liabilities, at Closing, all liens, claims, encumbrances, and other interests of any kind or nature whatsoever existing as to the Sellers with respect to the Purchased Assets prior to the Closing (other than Permitted Encumbrances) have been unconditionally released and terminated . . .").

In the Sale Approval Order, the Bankruptcy Court retained "exclusive jurisdiction to enforce and implement the terms and provision of [the] Order" including to "protect [New GM] against any of the [liabilities not expressly assumed under the MSPA]." *Id.*, ¶71.

---

[1] The Sale Approval Order is publicly available on the Bankruptcy Court docket and also at http://docs.motorsliquidationdocket.com/pdflib/2968_order.pdf

Michele L Berry, Esq.
Mike Kanovitz, Esq.
David B. Owens, Esq
February 13, 2014
Page 3

Accordingly, General Motors LLC hereby requests that the assertion of claims in the Action against General Motors Company be immediately discontinued. Absent prompt compliance, New GM will be required to initiate appropriate proceedings in the Bankruptcy Court to enforce the Sale Approval Order.

I am available to discuss this matter if you have any questions.

Sincerely,

Lawrence S. Buonomo
Attorney