Hearing Date and Time: July 2, 2014 at 9:45 a.m. (Eastern Time)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          :    Chapter 11
                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,          :    Case No.: 09-50026 (REG)
       f/k/a General Motors Corp., *et al.*    :
                                               :
                    Debtors.                   :    (Jointly Administered)
------------------------------------------------------------x

## SUPPLEMENTAL RESPONSE BY GENERAL MOTORS LLC IN CONNECTION WITH STAY PROCEDURES SET FORTH IN THE COURT'S MAY 16, 2014 SCHEDULING ORDER

General Motors LLC ("**New GM**"), by its undersigned counsel, respectfully submits this supplemental response ("**Supplemental Response**") to address issues that have recently arisen with respect to the plaintiffs ("**Elliott Plaintiffs**") in the Ignition Switch Action[1] filed by Lawrence and Celestine Elliott ("**Elliott Ignition Switch Action**") regarding the Stay Procedures

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Motion to Enforce**"), dated April 21, 2014 [Dkt. No. 12620].

1

23210000v1

(as defined below) set forth in the Court's Scheduling Order, dated May 16, 2014.[2] In support of this Supplemental Response, New GM respectfully represents as follows:

1. The Elliott Plaintiffs, *pro se*, commenced their Ignition Switch Action against New GM on April 1, 2014. While the complaint ("**Elliott Complaint**")[3] filed by the Elliott Plaintiffs contains a variety of allegations, the complaint (i) concerns vehicles manufactured and sold by Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**") (*i.e.*, a 2006 Chevy Cobalt SS and a 2006 Trailblazer SS), and (ii) alleges claims based on an alleged defective ignition switch.[4] The Elliott Ignition Switch Action is, like all other Ignition Switch Actions, an action seeking economic loss damages, and not damages based on death, personal injury, or other injury to persons or damage to property.

2. On April 21, 2014, New GM filed its Motion to Enforce. The Motion to Enforce is clearly applicable to the Elliott Ignition Switch Action. Accordingly, the Elliott Ignition Switch Action was set forth in Schedule "1" to the Motion to Enforce – a list of all Ignition Switch Actions commenced against New GM as of the filing of the Motion to Enforce.

3. On the same day that the Court issued its Scheduling Order on April 22, 2014 ("**April 22 Scheduling Order**"), scheduling a status conference for May 2, 2014 ("**May 2 Conference**"), New GM served the Elliott Plaintiffs by overnight mail with the Motion to

---

[2] The full title of the Scheduling Order is *Scheduling Order Regarding (I) Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Court's July 5, 2009 Sale Order And Injunction, (II) Objection Filed By Certain Plaintiffs In Respect Thereto, And (III) Adversary Proceeding No. 14-01929*, dated May 16, 2014 ("**Scheduling Order**"). A copy of the Scheduling Order is annexed hereto as Exhibit "A."

[3] A copy of the April 1, 2014 Elliott Complaint, along with a copy of a similar "Notice" made by them in federal court on May 8, 2014, are annexed hereto as Exhibit "B."

[4] *See* Elliott 4/1/14 Complaint, at p. 2-3 ("The key turned the ignition off under many conditions in the Cobalt SS, (the ignition switch was also found to split at times and turn the run cycle to the accessory cycle). The accessory cycle does not have the Air Bags or many features that the Run position supports. They used the same part number so how are we to know which is the replacement and which is the old defective one. This turns the air bags and steering (OFF) both of which are controlled electrically, which is how it kills."); Elliott 5/8/14 Notice ("When we discovered part numbers were not changed when parts were redesigned or changed that sent a flag up on our Cobalt's Ignition Switch assembly and Fuel Pump assemble replacement. QUESTION? Were the replacements the same one that failed. It appears the parts numbers did not change.").

2

Enforce, the April 22 Scheduling Order and a Notice of the May 2 Conference. *See* Certificate of Service [Dkt. No. 12658].

4.  The Elliott Plaintiffs did not file any letter or pleading with the Court prior to the May 2 Conference, and did not make an appearance at the May 2 Conference.

5.  At the Conference, various bankruptcy-related issues were discussed with the Court, and there was a general consensus reached between New GM and counsel speaking on behalf of the Plaintiffs that, as part of the process in which the Court would address bankruptcy-related issues, the Plaintiffs would either (i) agree to enter into a stipulation ("**Stay Stipulation**") with New GM staying their individual Ignition Switch Actions, or (ii) file with the Court a "No Stay Pleading" setting forth why they believed their individual Ignition Switch Actions should not be stayed (collectively, the "**Stay Procedures**").

6.  At the May 2 Conference, the Court directed Counsel for the Identified Parties (as defined in the Scheduling Order) to confer on a proposed form of scheduling order consistent with the Court's ruling at the Conference. *See* Transcript of May 2 Conference, at 96:9-14. As directed, after the Conference, New GM and the other Counsel for the Identified Parties negotiated a consensual form of scheduling order, which was filed under a notice for settlement ("**Notice of Settlement**") on all Plaintiffs on May 12, 2014, with a presentment date of May 15, 2014.

7.  The Elliott Plaintiffs were served via overnight mail with the Notice of Settlement on May 12, 2014. *See* Certificate of Service [Dkt. No. 12692]. To the extent the Elliott Plaintiffs believed they were not bound by, or disagreed with the Scheduling Order and the procedures therein, they had an adequate opportunity to object and voice their concerns. They did not.

3

8. The Stay Procedures were approved by the Scheduling Order. Pursuant to those procedures, all Plaintiffs in the Ignition Switch Actions, including the Elliott Plaintiffs, were required to either (i) agree to enter into a Stay Stipulation by May 23, 2014 ("**Stay Stipulation Deadline**"), or (ii) file with the Court a "No Stay Pleading" by May 26, 2014 ("**No Stay Pleading Deadline**"). The Stay Procedures required that plaintiffs would stay "*all* proceedings in their Ignition Switch Action against New GM (including General Motors Holdings LLC and/or General Motors Company) other than the JPML proceedings set forth in paragraph 4 above." Scheduling Order, at ¶ 5(a) (emphasis added).

9. On May 20, 2014, New GM sent the Elliott Plaintiffs, via overnight delivery, a copy of the Scheduling Order and a Stay Stipulation for their Ignition Switch Action ("**Elliott Stay Stipulation**").[5] In its correspondence, New GM informed the Elliott Plaintiffs of the entry of the Scheduling Order, and the establishment of the Stay Procedures. On May 23, 2014 – the Stay Stipulation Deadline – New GM received a facsimile from the Elliott Plaintiffs containing an executed signature page for the Elliott Stay Stipulation.[6] In their executed stipulation, the Elliott Plaintiffs expressly agreed that "subject to further order of the Bankruptcy Court, [Plaintiffs] shall not seek to further prosecute this Action [until] 30 days after a Final Order(s) is entered resolving all issues raised in the Motion to Enforce." *Id.*, at ¶ 1. The Elliott Plaintiffs did not file a No Stay Pleading with the Court prior to the No Stay Pleading Deadline.

10. On May 28, 2014, New GM filed the fully-executed Elliott Stay Stipulation with the United States District Court for the District of Columbia ("**DC District Court**") (the court where the Elliott Ignition Switch Action is pending). While the Elliott Stay Stipulation provides that it "may be filed by either Party in the Action and in the Bankruptcy Court" (Elliott Stay

---

[5] A copy of New GM's correspondence to the Elliott Plaintiffs is annexed hereto as Exhibit "C."
[6] A copy of the Elliott Stay Stipulation is annexed hereto as Exhibit "D."

4

23210000v1

Stipulation, ¶ 12), there is *no requirement* that the Elliott Stay Stipulation be filed with any Court to be valid and binding.

11. On June 11, 2014, the DC District Court entered a notation on the docket of the Elliott Ignition Switch Action, stating the following:

> On May 28, 2014, the parties filed a Joint Stipulation that memorializes an agreement they have reached regarding a stay of this matter pending resolution of a motion that Defendant has filed in the United States Bankruptcy Court for the Southern District of New York to enforce a sale order and injunction. This Court does not to [sic] honor stipulations to stay proceedings and deadlines. Should the parties desire to stay proceedings and deadlines in this matter, they must file a motion and, in that motion, establish why this Court should exercise its discretion to order such a stay. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Signed by Judge Ketanji Brown Jackson on 06/11/2014. (lckbj1) (Entered: 06/11/2014)[7]

12. Numerous other district courts with pending Ignition Switch Actions likewise preferred and requested that the parties submit joint motions rather than stipulations. In each case, plaintiffs and New GM worked cooperatively to convert the stipulation to a joint motion and to have it filed and entered.

13. After reviewing the docket entry in the *Elliott* case, just as in other similar circumstances, counsel for New GM prepared the necessary motion papers ("**DC Stay Motion**") and, on June 13, 2014, sent them to the Elliott Plaintiffs so that the parties could jointly file the DC Stay Motion with the DC District Court.

14. On June 13, 2014, New GM, as required by the Scheduling Order, filed with this Court its *Response by General Motors LLC to No Stay Pleading Filed in Connection with the*

---

[7] Also on June 11, 2014, the JPML entered a docket entry stating that the Clerk of the Panel had determined, in response to a notice of related action, that the *Elliott* Complaint was not appropriate for inclusion in the MDL, likely because of the confusing nature of the *pro se* Elliott Complaint. (MDL 2543, ECF No. 269). Regardless, inclusion in the MDL was never a condition of an Ignition Switch Action being subject to the Scheduling Order or a fully-executed stay stipulation.

23210000v1

*Court's May 16, 2014 Scheduling Order* [Dkt. No. 12724] ("**No Stay Pleading Response**"), responding to one No Stay Pleading filed by a group of plaintiffs in one Ignition Switch Action. As explained in the No Stay Pleading Response, at that time, New GM believed that plaintiffs in 87 out of 88 Ignition Switch Actions (which included the Elliott Plaintiffs) had voluntarily entered into Stay Stipulations with New GM, staying their individual Ignition Switch Actions.

15.     On June 17, 2014, after the No Stay Pleading Response was filed with the Court, counsel for New GM was contacted by Gary Peller, an attorney who stated he was recently retained by the Elliott Plaintiffs. Although the Elliott Plaintiffs had previously agreed to stay their Ignition Switch Action and had voluntarily executed the Elliott Stay Stipulation, newly-retained counsel for the Elliott Plaintiffs stated that the Elliott Plaintiffs now wished to file an amended complaint and that they believed that only some of their claims should be subject to the stay stipulation, while others should be allowed to proceed. A different attorney, Daniel Hornal, entered an appearance for the Elliott Plaintiffs in the DC District Court

16.     In numerous conversations and exchanges of correspondence over the following days, counsel for New GM explained to Mr. Peller the Stay Procedures, which were timely served on the Elliott Plaintiffs, and New GM's belief that the Elliott Plaintiffs remained bound by the Stay Stipulation they executed and entered into. Mr. Peller has refused to cooperate with the filing of the DC Stay Motion or any joint motion in a form that would stay the Elliott Plaintiffs' entire case; instead, Mr. Peller insists that the Elliotts should be required to stay only part of their case alleging pre-petition economic loss claims arising from the ignition switch, while being allowed to proceed with other pre-petition economic loss claims not directly related to the ignition switch.

23210000v1

17. On June 19, 2014, in clear violation of the Scheduling Order and the Elliott Stay Stipulation, the Elliott Plaintiffs filed a motion ("**Motion to Defer**") in the DC District Court requesting that the District Court defer consideration of New GM's pending motion to dismiss "until after the Plaintiffs have an opportunity to move for leave to amend the Complaint . . . in order to clarify their factual allegations and the legal bases for relief, and to make other changes in their pleadings."[8] Although it is appropriate that New GM's previously filed motion to dismiss not be decided during the pendency of the Elliott Stay Stipulation, the filing of the Elliott Plaintiffs' Motion to Defer, as well as an anticipated amended complaint, are contrary to both the Elliott Stay Stipulation and the Scheduling Order.

18. The fact that the Elliott Plaintiffs now have retained counsel does not permit them to refuse to comply with the Stay Procedures established by this Court or the Stay Stipulation they signed. The Elliott Plaintiffs were on notice of the Stay Procedures and all applicable deadlines, understood them, and, indeed, executed the Elliott Stay Stipulation. They have not filed a No Stay Pleading, or any other pleading with this Court. It was, thus, incumbent upon them, especially after retaining counsel, to seek appropriate relief from this Court with respect to the Elliott Stay Stipulation prior to proceeding further in the DC District Court; they did not. Instead, the Elliott Plaintiffs intentionally disregarded the binding Elliott Stay Stipulation and the terms of this Court's Scheduling Order by filing their Motion to Defer. If they file their Motion for Leave to File an Amended Complaint, that would be a further violation of the Elliott Stay Stipulation and the Scheduling Order.

---

[8] A copy of the Motion to Defer is annexed hereto as Exhibit "E."

7

19. Accordingly, New GM requests that the Court direct the Elliott Plaintiffs to comply with the Elliott Stay Stipulation, to cooperate with New GM in the filing of the DC Stay Motion, and to refrain from taking any further action in the DC District Court.

WHEREFORE, New GM respectfully requests that the Court (i) enter an order directing the Elliott Plaintiffs (a) to comply with the Elliott Stay Stipulation immediately, (b) to cooperate with New GM in the filing of the DC Stay Motion, and (c) to cease and desist from further prosecuting the Elliott Ignition Switch Action in the DC District Court until the issues raised in the Motion to Enforce are resolved by this Court, and (ii) grant New GM such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
       June 24, 2014

Respectfully submitted,

/s/ Arthur Steinberg  
Arthur Steinberg  
Scott Davidson  
KING & SPALDING LLP  
1185 Avenue of the Americas  
New York, New York 10036  
Telephone: (212) 556-2100  
Facsimile: (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)  
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)  
KIRKLAND & ELLIS LLP  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

23210000v1