

**Time-sensitive letter Re: GM Stay litigation**
Daniel Hornal    to: gerber.chambers    06/30/2014 01:20 PM
Cc: Leonid.feller, Gary Peller, Hansang Cho, bobh, rudyg, catherine, marion, cpinedo, john, kimberly, neely, todd, tjh, gteeter, tvenable, dcg, ehg, ds, sjordan

From: Daniel Hornal <daniel@taloslaw.com>
To: gerber.chambers@nysb.uscourts.gov
Cc: Leonid.feller@kirkland.com, Gary Peller <peller@law.georgetown.edu>, Hansang Cho <hansang.cho@taloslaw.com>, bobh@hmglawfirm.com, rudyg@hmglawfirm.com, catherine@hmglawfirm.com, marion@hmglawfirm.com, cpinedo@hmglawfirm.com,

Dear Judge Gerber,

I represent Lawrence and Celestine Elliot in the GM Stay litigation. I have prepared a letter, attached, in regards to the hearing scheduled for July 2. This is a time-sensitive matter. Please let us know how we should proceed.

In response to the note in Docket # 12737 requesting that we CC all counsel, this letter is being copied to all persons in the email distribution list from the Certificate of Service from Docket 12707. Due to the sheer number of email addresses, emails are being sent in batches. All persons on the distribution list are getting a copy.



Elliotts Letter to Judge Gerber.pdf
Daniel Hornal
Talos Law
www.taloslaw.com
(202) 709-9662

Admitted to practice in Washington D.C.

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files; and return any printouts you may have made to us by regular mail.

*Endorsed Order:*

The matters set forth in the attached letter will now be added to the 7/2 calendar. Any party (not just New GM) will be heard orally or in writing with respect to them, but if a response in writing is desired, it must be filed no later than 7:00 am Wednesday, July 2.

S/REG
USBJ
6/30/2014

Talos Law
705 4th St. NW #403
Washington, DC 20001
(202) 709-9662

June 30, 2014

To:    The Honorable Robert E. Gerber
United States Bankruptcy Court Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
gerber.chambers@nysb.uscourts.gov

Re:    In re MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al. - United States Bankruptcy Court for the Southern District of New York, Case No: 09-50026

Dear Judge Gerber,

At the suggestion of the Court's Chambers regarding the Court's preferences regarding this kind of administrative request, I write on behalf of Lawrence and Celestine Elliot to request that the Court set a schedule providing the Elliotts a reasonable opportunity to present papers and be heard with respect to GM's attempt to enforce the Court's May 16 Scheduling Order against them. (Dkt. #12735). The Elliotts had been proceeding *pro se* until June 18, 2014, when they retained the undersigned counsel.

GM has purported unilaterally to schedule the parties' dispute over whether the Elliotts have complied with the Court's scheduling Order to be heard along with the Court's other business at its previously scheduled July 2, 2014 hearing in this matter. Requiring Plaintiffs to respond to GM in this accelerated fashion would be manifestly unfair in the circumstances of this case, described below. It appears to Plaintiffs that GM is seeking relief from the court and thus should have filed a motion, rather than attempting to tack this matter on to another hearing. There is no urgency to warrant such a radical departure from the Court's ordinary timetable for hearing applications for such relief.

Additionally, it would premature for this Court to consider if the dispute between GM and the Elliotts falls under the purview of this court until Judge Jackson of the District of Columbia Federal District Court – before whom the Elliott litigation is pending – rules on the Elliotts' pending motion to amend their *pro se* Complaint.  If granted, the Amendment of the Elliotts' *pro se* pleadings will clarify the factual and legal bases of the Elliotts' claims and provide the basis for this Court to fairly consider the Elliotts' contention that their case is not an "Ignition Switch Action" subject to the Court's Scheduling Order but instead was erroneously and improperly designated by GM as such.[1]

---

[1] Plaintiffs recognize that they should have brought these matters to the Court's attention by way of a "No Stay" motion and request that the Court excuse their failure to do so as excusable neglect, given their *pro se* status at the time those papers were due and the complexity of the papers that they were presented with, and that the Court provide them an opportunity to present such an application beyond the Court's deadline, according to the schedule described below.

The Elliotts are 78 and 73 years of age, respectively. They do not have college educations. On April 1, 20014, having become too frightened to use their defective GM vehicles to drive themselves, their grand and great-grandchildren, they filed a four-page letter comprised of a series of diverse factual assertions stemming from their ownership of a 2006 Chevrolet Trailblazer (not one of the "ignition switch vehicles") and a 2006 Chevrolet Cobalt. A flawed ignition switch in the Cobalt was one of many flaws the Elliotts purported to describe in their *pro se* letter to the Superior Court. They also complained about a dangerous fuel pump that had already failed in their Cobalt, and a series of electrical problems with their Trailblazer.

Soon, the Elliotts were faced with a barrage of complex and bewildering legal papers as GM removed the case from Superior Court to the United States District Court for the District of Columbia, then immediately moved to dismiss the complaint saying that it could not decipher the basis for any legal claim in the *pro se* complaint. GM immediately also purported to bring the Elliotts before this Court by unilaterally designating the Elliotts case as an "Ignition Switch Action" in the spreadsheet schedule of actions that GM has filed with the Court. (It is unclear how this is compatible with their assertion that they could not decipher the basis of any legal claim.) GM also designated the Elliotts' case as "related" for purposes of consolidation and transfer with Panel on Multi-District Litigation. The Elliotts' had difficulty comprehending the significance of the papers they were receiving, without explanation, from parties and the Court in three different tribunals, none of them the local Superior Court in which they filed their initial letter.

On June 11, 2014, the Clerk of the United States Judicial Panel On Multidistrict Litigation determined that the Elliotts' case was *not* an "Ignition Switch Action" appropriate for inclusion in the Multidistrict Litigation proceedings consolidating such cases for pre-trial proceedings. MDL No. 2543 Dkt. 269.

In any event, while the Elliotts did not file a No Stay motion within the Court's scheduling parameters, they have not violated the terms of the Scheduling Order. The Elliotts submitted a joint stipulation to the D.C. District Court; Judge Jackson refused to accept the stipulation and stated that parties would instead have to file a motion, and that she would use her discretion in determining if the motion be granted. GM has refused to confer with counsel regarding a motion submission to Judge Jackson regarding the stay that GM requests. GM's counsel sent the undersigned counsel a proposed joint motion to stay the Elliotts' action on June 23, 2014, and then insisted that the Ellotts agree word-for-word to GM's proposed motion by 2 p.m. on June 24, 2014, or, GM would seek enforcement against the Elliotts from this Court.

Given that the Elliotts have meritorious objections to GM's improperly filed request for relief, that they have only recently retained counsel to represent them in this matter, and that the accelerated timetable GM proposes would deny the Elliotts a reasonable opportunity to present their arguments, the Elliotts respectfully request that the Court schedule the party's submissions as follows:

1) Consideration of GM's application for enforcement of the Court's May 16, 2014 scheduling Order against the Elliotts should be deferred until the Elliotts file a belated No Stay Motion;

2) Because consideration of whether the Elliotts action should be stayed or not will be facilitated the clarification of the Elliotts' claims, the Elliotts should be scheduled to file their No Stay motion with this Court within 15 days of Judge Jackson's ruling on the Ellott's pending motion to amend their complaint and join parties;

    3)    Upon the Elliotts filing a No Stay motion, GM will have an additional 10 days to oppose the Elliotts No Stay motion and/or to renew GM's application to enforce the Scheduling Order against the Elliotts.

    Counsel has tried to refrain from arguing the merits of GM's charges that the Elliotts violated this Court's Order. If the Court would find it useful to understand the Elliotts' position at this juncture, counsel would be happy to supplement this letter.

    Thank you for your consideration.

Respectfully,

Daniel Hornal

Talos Law
D.C Bar #1005381
705 4th St. NW #403
Washington, DC 20001
(202) 709-9662
Attorney for Lawrence and Celestine Elliot
Date: June 30, 2014

CC:    Leonid Feller, Kirkland & Ellis LLP, Counsel for General Motors LLC.
        Leonid.feller@kirkland.com