# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*
------------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/24/2014

14-MD-2543 (JMF)
14-MC-2434 (JMF)

**ORDER NO. 1**

JESSE M. FURMAN, United States District Judge:

It appearing that the civil actions listed on Schedule A, attached hereto — which were transferred to this Court by the June 9 and 20, 2014 Orders of the Judicial Panel on Multidistrict Litigation ("JPML") (Docket Nos. 1, 17; MDL Docket Nos. 266, 291 ("MDL")), or consolidated with the MDL by this Court's June 20, 2014 Order (Docket No. 18) — merit special attention as complex litigation, it is hereby ORDERED that:

**I.     APPLICABILITY OF THIS ORDER**

The provisions of this Order shall govern the practice and procedure in those actions: (1) transferred to this Court by the JPML pursuant to its June 9, 2014 Order; (2) all related actions involving General Motors LLP ("General Motors") and concerning actions for economic damages stemming from an alleged defect relating to the ignition switch in certain General Motors vehicles that are filed in the Southern District of New York and have previously been or will be transferred to MDL-2543; and (3) any "tag-along" actions later filed in, removed to, or transferred to this Court. The Clerk will send a copy of this Order to counsel for any plaintiffs or newly named defendants in any case newly filed or transferred to this Court.

**II.    CONSOLIDATION**

The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along" actions later removed to or transferred to this Court, or directly filed in the Southern

1

District of New York, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

### III.  DIRECT FILING OF CASES

Defense counsel shall confer and advise the Court, no later than **July 7, 2014**, by joint letter, **not to exceed three pages**, whether they will stipulate that they will not object, based on improper venue, to the filing directly in the Southern District of New York of related cases that emanate from other districts and that would appropriately be included in this MDL, on the understanding that upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, after considering the recommendations of the parties to that case.

### IV.  CAPTION

All orders, pleadings, motions, and other documents served or filed in 14-MD-2543 shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To ["All Actions" or specify by title and case number the individual applicable case(s) if the document relates to fewer than all of the consolidated cases]*
-------------------------------------------------------------------------------x

14-MD-2543 (JMF)

2

All papers filed in any of these cases shall be docketed on the MDL docket and on the docket of each individual case to which it pertains.

## V.     **FILING AND SERVICE OF DOCUMENTS**

All counsel are required to promptly register for and participate in this Court's CM/ECF filing system. That system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the Southern District of New York's Local Rules, the Southern District of New York ECF Rules and Instructions, and this Court's Individual Rules and Practices for Civil Cases.

The Court will serve all orders through the ECF system. Upon their appointment, Plaintiffs' lead and/or liaison counsel shall be responsible for providing copies of any order, pleading, motion, letter, or other document to any party/counsel who does not receive service of the order through the ECF system.

In accord with Rule 2.1(c) of the Rules of Procedure of the JPML, all counsel appearing in any of the actions listed in Schedule A prior to their transfer to this district need not enter a notice of appearance or submit a *pro hac vice* application to practice before this Court, and need not obtain local counsel. All counsel who did not appear in a related action prior to the Transfer Order are directed to enter a notice of appearance on 14-MD-2543. Those counsel who are not a member of the Bar of this Court shall be deemed admitted *pro hac vice* upon the proper filings with the Clerk as provided by the Local Rules. All counsel are directed to apply for an ECF password, which can be obtained by visiting the Court's website at www.nysd.uscourts.gov and

completing the on-line registration form.  For assistance with the ECF filing system, counsel should contact the Court's Help Desk, at 212-805-0800.

## VI.    MASTER CASE FILE

In the Court's view, a master case file limited to filings of significance to the MDL as a whole or a substantial number of member cases would be advantageous.  Accordingly, the Clerk of Court is directed to open a master case file bearing docket number 14-MC-2543.  Any filing fees associated with opening the master case file docket are waived.  The caption shall read "In re: General Motors LLC Ignition Switch Litigation."  For administrative purposes only, in 14-MC-2543, Plaintiffs shall be listed as "GM Ignition Switch MDL Plaintiffs," and Defendants shall be listed as "GM Ignition Switch MDL Defendants."  There will be no appearances entered unless and until the Court orders otherwise.

The master case file will be limited to the Court's case management orders and other orders of significance and substantive filings by the parties that relate to all actions (e.g., master pleadings, motion papers).  It will not include *pro hac vice* motion papers, the Court's standing orders, conditional transfer orders, notices of appearance, and the like.  Parties should file documents on the master case file (in addition to, not in lieu of, the MDL docket) **if but only if** they are (1) master pleadings that apply to most or all member cases; (2) substantive motions that apply to most or all member cases; and (3) directed to do so by the Court.  (If counsel is uncertain about whether to file something on the master case file, counsel should call Chambers to inquire.)  Papers filed inappropriately will be stricken from the docket.  The Court will transfer any and all relevant documents filed in 14-MD-2543 to 14-MC-2543.

4

The Clerk of Court is directed to transfer Docket No. 1 (Transfer Order) from 14-MD-2543 to 14-MC-2543, to be followed by this Order (Order No. 1). This Order shall also be docketed in 14-MD-2543, and all matters consolidated therewith.

This Order and all subsequent entries docketed in 14-MC-2543 are to be docketed simultaneously in 14-MD-2543.

### VII. VACATUR OF COMPLEX CIVIL CASE PILOT PROJECT DESIGNATIONS

Some member cases were previously designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York. (Docket Numbers 2-16). Although those cases plainly qualify as complex civil cases, the Court plans to adopt case management practices and procedures based on, and tailored to, the specific circumstances of the MDL. Accordingly, the Clerk of Court is directed to de-designate all member cases from inclusion in the Pilot Project and is directed not to designate any cases transferred to or made part of the MDL in the future for inclusion in the Pilot Project.

### VIII. INITIAL CONFERENCE

The Court will conduct an Initial Conference on **August 11, 2014**, at **11 a.m.**, in **Courtroom 110** at the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. (Please note that this is *not* Judge Furman's regular courtroom.) Counsel shall check in with the Courtroom Deputy at least fifteen minutes in advance. Counsel should arrive at the Courthouse with sufficient time to go through security. Seats in the courtroom may not be reserved.

A. *Familiarity with* Annotated Manual for Complex Litigation *and the Court's Individual Rules and Practices*

Counsel are expected to familiarize themselves with (1) the *Manual for Complex Litigation, Fourth Edition* ("MCL Fourth"), available at https://public.resource.org/scribd/8763868.pdf; (2) the Local Rules for the Southern District of New York, available at https://

5

nysd.uscourts.gov/rules/rules.pdf; and (3) this Court's Individual Rules and Practices for Civil Cases, available at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=759, in advance of the conference, and to be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation.

### B. *Personal Appearance Not Required*

Each party represented by counsel shall appear at the initial conference through his or her attorney, who will have primary responsibility for the party's interest in this litigation. Should a party not represented by counsel appear in this MDL, that party must appear at future conferences in person, unless otherwise ordered. To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, agree to have an attending attorney represent their interests at the conference. A party will not, by so designating an attorney to represent his/her interests at the conference, be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction, venue, or service.

### IX.    **APPOINTMENT OF COUNSEL**

The Court presently intends to appoint Plaintiffs' lead counsel and liaison counsel from among counsel who have filed an action in this litigation. The duties of lead and liaison counsel are enumerated in the MCL Fourth Section 10.22. The Court is interested, however, in the parties' views on (1) how lead counsel and liaison counsel should be structured — that is, whether a single set of lead counsel and liaison counsel should be appointed for all Plaintiffs or whether multiple sets (for example, in light of differences in state law or differences between vehicles) are necessary or prudent; (2) the best process for selecting lead counsel and liaison counsel; and (3) whether the Court should await a ruling by the United States Bankruptcy Court

6

for the Southern District of New York on General Motors's motion to enforce before appointing lead and liaison counsel or proceed now (with the possibility that the Court would amend the appointments in the event the Bankruptcy Court rules that some, but not all, of the claims now pending here may be asserted).

### A. *Temporary Lead Counsel*

To facilitate the Court's consideration of those issues, the Court hereby designates the following as *temporary* lead counsel for Plaintiffs ("Temporary Lead Counsel"):

> Steve W. Berman
> Hagens Berman Sobol Shapiro LLP (Seattle)
> 1918 8th, Avenue
> Suite 3300
> Seattle, WA 98101
> 206-268-9320
> Fax: 206-623-0594
> Email: steve@hbsslaw.com
>
> Elizabeth Joan Cabraser
> Lieff Cabraser Heimann and Bernstein LLP
> Embarcadero Center West
> 275 Battery Street 29th Floor
> San Francisco, CA 94111-3339
> 415-956-1000
> Fax: 415-956-1008
> Email: ecabraser@lchb.com
>
> Mark P. Robinson , Jr
> Robinson Calcagnie Robinson Shapiro Davis Inc
> 19 Corporate Plaza Drive
> Newport Beach, CA 92660
> 949-720-1288
> Fax: 949-720-1292
> Email: mrobinson@rcrlaw.net

Those temporary designations are not a precursor of future appointments, but simply a means to initiate the process. All counsel should have a full opportunity to participate in the discussion and the status letters that the Court requests herein.

### B. *Joint Letter Regarding the Appointment of Lead and Liaison Counsel*

Temporary Lead Counsel shall confer with other Plaintiffs' counsel and, no later than **July 7, 2014,** submit a letter to the Court, **not to exceed five pages**, setting forth the following information in separate sections:

(1) Counsels' views on the necessity and desirability (or lack thereof) of lead and liaison counsel;

(2) Counsel's views on the necessity and desirability (or lack thereof) of a Plaintiffs' steering committee or other committees, as defined and discussed in the MCL Fourth Section 10.221. Counsel should explain in their submission (and be prepared to discuss at the initial conference) the necessity and desirability of such committees, as well their size, composition, and scope;

(3) A proposed structure for lead and liaison counsel, including the need for any steering committee or other committee;

(4) A proposed method and schedule for the Court to appoint lead and liaison counsel — through open applications, nominations, or another process; and

(5) Whether the Court should await a ruling by the Bankruptcy Court on the motion to enforce before appointing lead and liaison counsel or proceed now.

If Defendants wish to be heard on these matters, they may jointly file a letter in response, no later than **July 14, 2014**, and **not to exceed five pages**. Temporary Lead Counsel and defense counsel shall file these letters in **both 14-MD-2543 and 14-MC-2543**.

### C. *Compensation and Time and Expense Records*

Any counsel who anticipates seeking an award of attorneys' fees and reimbursement expenditures from the Court shall comply with the directives contained in the MCL Fourth Section 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

8

## X.  ADDITIONAL PRE-CONFERENCE SUBMISSIONS

### A. *Status Letters*

No later than **July 21, 2014**, Plaintiffs (through Temporary Lead Counsel) and Defendants shall submit to the Court status letters (that is, one letter on behalf of all Plaintiffs and one letter on behalf of all Defendants) setting forth the following information in separate paragraphs:

(1) A brief statement of the nature of the action and/or the principal defenses thereto, including any critical legal issues involved in the case(s);

(2) A statement of all existing deadlines, due dates, and/or cut-off dates;

(3) A brief description of any outstanding motions;

(4) A brief statement with respect to whether a single consolidated complaint (or multiple consolidated complaints) can or should be filed in this action;

(5) A brief description of any discovery that has already taken place (including, but not limited to, any discovery that has taken place in connection with the proceedings before the United States Bankruptcy Court for the Southern District of New York) and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A brief statement with respect to whether court-ordered mediation would be useful and, if so, whether such mediation should be conducted by the assigned Magistrate Judge, through the Court's mediation program, or by a privately retained mediator and when such mediation should be conducted;

(8) A list of all related cases pending in state or federal court, together with their current status, including (a) discovery taken to date and pending motions, to the extent known; and (b) whether the cases have been stayed pending a decision on General Motors's motion to enforce filed in the United States Bankruptcy Court for the Southern District of New York on April 21, 2014;

(9) A list of all parents, subsidiaries, and companies affiliated with the corporate parties and of all counsel associated in the litigation to help the Court identify any problems of recusal or disqualification; and

9

(10) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

Each letter shall **not exceed ten single-spaced pages** (exclusive of the lists, which may be provided as attachments) and shall be filed as a letter on ECF in accordance with Paragraph 2.B of the Court's Individual Rules and Practices, which are available at http://nysd.uscourts.gov/judge/Furman. Counsel shall file the letters in **both 14-MD-2543 and 14-MC-2543**.

### B. *Initial Conference Agenda*

Temporary Lead Counsel and counsel for Defendants shall confer in advance of the initial conference to discuss: (1) a proposed agenda for the initial conference; (2) a proposed schedule for pretrial activities, including discovery and motions; (3) whether, and to what extent, discovery (or anything else in this action) should be coordinated with the proceedings now pending or contemplated before the United States Bankruptcy Court for the Southern District of New York; and (4) the extent to which proceedings in this Court should proceed before rulings by the Bankruptcy Court, on the one hand, or should be deferred pending such rulings, on the other. The items listed in MCL Fourth Sections 22.6, 22.7, and 22.8, to the extent applicable to these actions, shall constitute a tentative agenda for the conference. Counsel for General Motors shall file a letter, **not to exceed five pages**, by **July 28, 2014**, setting forth the parties' proposals on these issues. Counsel shall file the letter in **both 14-MD-2543 and 14-MC-2543**.

## XI. EXTENSION AND STAY

This Order vacates any case management or scheduling order issued by a court prior to the transfer of a case to 14-MD-2543, except that any order staying a case in light of General Motors's motion to enforce pending before the United States Bankruptcy Court for the Southern

10

District of New York remains in effect unless and until this Court or the Bankruptcy Court (in each case with respect to its order) orders otherwise.

Pending the Initial Conference and further orders of this Court, all deadlines in this action (except those set forth herein), including defendants' time to respond to any of the complaints and all discovery deadlines, are stayed. This Order does not, however, preclude the provision of voluntary discovery by any party.

Any and all pending motions in the transferor courts are denied without prejudice, and will be adjudicated under procedures set forth in this Order and subsequent orders issued by this Court.

## XII. **DISCOVERY**

Pending the development of a fair and efficient schedule, all outstanding discovery proceedings are suspended until further order of this Court, and no further discovery shall be initiated. This directive does not (1) preclude informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that already has been scheduled; (3) prevent a party from voluntarily responding to an outstanding discovery request under Federal Rules of Civil Procedure 33, 34, or 36; (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Federal Rules of Civil Procedure 33, 34, or 36; or (5) preclude any discovery that is agreed or ordered to facilitate matters in the Bankruptcy Court, *provided that* to the extent any discovery is undertaken in the Bankruptcy Court, it shall be coordinated with this Court. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

11

Pursuant to Federal Rule of Civil Procedure 5(d), discovery requests and responses will not be filed with the Court except when specifically so ordered by the Court or to the extent needed in connection with a motion.

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, and control of parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies, or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

## XIII. MOTIONS

No motion shall be filed under Rule 11, Rule 37, or Rule 56 without the Court's approval. To obtain such approval, the movant shall file a letter-motion on ECF seeking a pre-motion conference with the Court.

No motion (other than under Rule 12) shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

## XIV. SUMMARY OF DEADLINES

For ease of reference, the following chart summarizes the submissions to be made in advance of the August 11, 2014 initial conference:

| Deadline | Submission | Party or Parties | Maximum Length |
| --- | --- | --- | --- |
| July 7, 2014 | Letter regarding direct filing of cases (Section III) | Defense counsel | Three pages |
| July 7, 2014 | Letter regarding Lead and Liaison Counsel appointment (Subsection IX.B) | Temporary Lead Counsel | Five pages |
| July 14, 2014 | Optional letter responding to Plaintiffs' letter regarding Lead and Liaison Counsel appointment (Subsection IX.B) | Defense counsel | Five pages |
| July 21, 2014 | Status letters providing requested information (Subsection X.A) | Temporary Lead Counsel and defense counsel (separately) | Ten pages |
| July 28, 2014 | Joint letter setting forth a proposed initial conference agenda and schedule for pretrial activities (Subsection X.B) | Temporary Lead Counsel and defense counsel (jointly) | Five pages |

As noted above, all of those submissions shall be filed in **both 14-MD-2543 and 14-MC-2543**.

13

## XV. SERVICE OF THIS ORDER

As of today's date, all actions listed on Schedule A have not yet been transferred to this Court. Accordingly, it is hereby ORDERED that, no later than **June 30, 2014**, counsel for General Motors LLC shall serve this Order electronically on counsel for all parties in all such actions and file proof of such service forthwith.

## XVI. FURTHER AMENDEMENT

Matters addressed in this order may be reconsidered, upon the motion of any party or on this Court's own motion, to the extent necessary or desirable to address any rulings by the Bankruptcy Court or any higher court exercising appellate authority over the Bankruptcy Court's decision. Counsel for General Motors is ORDERED to promptly advise the Court by letter of any ruling by the Bankruptcy Court that may affect the MDL.

SO ORDERED.

Dated: June 24, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge

14

## SCHEDULE A

- *Ponce v. General Motors LLC*, No. 2:14-cv-02161 (C.D. Cal.)

- *Ramirez v. General Motors LLC*, No. 2:14-cv-02344 (C.D. Cal.)

- *Ratzlaff v. General Motors LLC*, No. 2:14-cv-02424 (C.D. Cal.)

- *Benton v. General Motors LLC*, No. 5:14-cv-00590 (C.D. Cal.)

- *McConnell v. General Motors LLC*, No. 8:14-cv-00424 (C.D. Cal.)

- *Kelley v. General Motors Company*, No. 8:14-cv-00465 (C.D. Cal.)

- *Satele v. General Motors LLC*, No. 8:14-cv-00485 (C.D. Cal.)

- *Heuler v. General Motors LLC*, No. 8:14-cv-00492 (C.D. Cal.)

- *Maciel v. General Motors, LLC*, No. 4:14-cv-01339 (N.D. Cal.)

- *Woodward v. General Motors LLC*, No. 1:14-cv-01877 (N.D. Ill.)

- *Jawad v. General Motors LLC*, No. 4:14-cv-11151 (E.D. Mich.)

- *Jones v. General Motors LLC*, No. 4:14-cv-11197 (E.D. Mich.)

- *Deluco v. General Motors LLC*, No. 2:14-cv-2713 (S.D.N.Y.)

- *Groman v. General Motors LLC*, No. 2:14-cv-2458 (S.D.N.Y.)

- *Mazzocchi v. General Motors LLC*, No. 1:14-cv-2714 (S.D.N.Y.)

- *Phaneuf v. General Motors LLC*, No. 1:14-cv-3298 (S.D.N.Y.)

- *Skillman v. General Motors LLC*, No. 1:14-cv-3326 (S.D.N.Y)

- *Shollenberger v. General Motors, LLC*, No. 1:14-cv-00582 (M.D. Pa.)

- *Brandt v. General Motors, LLC*, No. 2:14-cv-00079 (S.D. Tex.)

- *Silvas v. General Motors, LLC*, No. 2:14-cv-00089 (S.D. Tex.)

- *Ashworth v. General Motors LLC*, No. 2:14-cv-00607 (N.D. Ala.)

- *Phillip v. General Motors LLC*, No. 3:14-cv-08053 (D. Ariz.)

- *Higginbotham v. General Motors LLC*, 4:14-cv-00306 (E.D. Ark.)

- *Nettleton Auto Sales Inc. v. General Motors LLC*, 4:14-cv-00318 (E.D. Ark.)

- *Balls v. General Motors LLC*, 2:14-cv-02475 (C.D. Cal.)

- *Robinson v. General Motors LLC*, 2:14-cv- 02510 (C.D. Cal.)

- *Cox v. General Motors LLC*, 2:14-cv- 02608 (C.D. Cal.)

- *Hurst v. General Motors Company*, 2:14-cv-02619 (C.D. Cal.)

- *Brown v. General Motors, LLC*, 2:14-cv-02828 (C.D. Cal.)

- *LaReine v. General Motors LLC*, 2:14-cv-03112 (C.D. Cal.)

- *Dinco v. General Motors LLC*, 2:14-cv-03638 (C.D. Cal.)

- *Darby v. General Motors LLC* , 5:14-cv-00676 (C.D. Cal.)

- *Deushane v. General Motors LLC*, 8:14-cv-00476 (C.D. Cal.)

- *Malaga v. General Motors LLC*, 8:14-cv-00533 (C.D. Cal.)

- *Camlan Inc. v. General Motors LLC*, 8:14-cv-00535 (C.D. Cal.)

- *Saclo v. General Motors, LLC*, 8:14-cv-00604 (C.D. Cal.)

- *Favro v. General Motors LLC*, 8:14-cv-00690 (C.D. Cal.)

- *Nava v. General Motors, LLC*, 8:14-cv-00755 (C.D. Cal.)

- *Gordon Hair v. General Motors LLC*, 8:14-cv-00792 (C.D. Cal.)

- *Spangler v. General Motors Corporation LLC*, 8:14-cv-00816 (C.D. Cal.)

- *Stafford v. General Motors, LLC*, 3:14-cv-01702 (N.D. Cal.)

- *Grumet v. General Motors LLC*, 3:14-cv-00713 (S.D. Cal.)

- *Santiago v. General Motors, LLC*, 1:14-cv-21147 (S.D. Fla.)

- *Espineira v. General Motors, LLC*, 1:14-cv-21417 (S.D. Fla.)

- *Knetzke v. General Motors LLC*, 1:14-cv-21673 (S.D. Fla.)

- *Emerson et al v. General Motors LLC*, 1:14-cv-21713 (S.D. Fla.)

- *Levine v. General Motors, LLC*, 1:14-cv-21752 (S.D. Fla.)

- *Markle v. General Motors LLC*, 1:14-cv-21788 (S.D. Fla.)

- *Duarte v. General Motors LLC*, 1:14-cv-21815 (S.D. Fla.)

- *Harris v. General Motors LLC*, 1:14-cv-21919 (S.D. Fla.)

- *Lannon v. General Motors LLC*, 1:14-cv-21933 (S.D. Fla.)

- *Edwards v. General Motors, LLC*, 1:14-cv-21949 (S.D. Fla.)

- *DeSutter v. General Motors, LLC*, 9:14-cv-80497 (S.D. Fla.)

- *Taylor v. General Motors Company*, 9:14-cv-80618 (S.D. Fla.)

- *Van Pelt v. General Motors, LLC*, 1:14-cv-01081 (N.D. Ga.)

- *Arnold v. General Motors LLC*, 1:14-cv-02882 (N.D. Ill.)

- *Roach v. General Motors LLC*, 3:14-cv-00443 (S.D. Ill.)

- *Detton v. General Motors Corporation LLC*, 3:14-cv-00500 (S.D. Ill.)

- *Bender v. General Motors LLC*, 1:14-cv-00134 (N.D. Ind.)

- *Lewis v. General Motors LLC*, 1:14-cv-00573 (S.D. Ind.)

- *Fugate v. General Motors, LLC*, 7:14-cv-0071 (E.D. Ky.)

- *McCarthy v. General Motors LLC*, 2:14-cv-00895 (E.D. La.)

- *Lavell v. General Motors LLC*, 2:14-00901 (E.D. La.)

- *Coleman v. General Motors LLC*, 3:14-cv00220 (M.D. La.)

- *Elliott v. General Motors, LLC.*, 1:14-cv-11982 (D. Mass.)

- *Bedford Auto Wholesale, Inc. v. General Motors LLC*, 2:14-cv-11544 (E.D. Mich.)

- *Biggs v. General Motors LLC*, 4:14-cv-11912 (E.D. Mich.)

- *Roush v. General Motors LLC*, 2:14-cv-04095 (W.D. Mo.)

- *Witherspoon v. General Motors LLC*, 4:14-cv-00425 (W.D. Mo.)

- *Ruff v. General Motors LLC*, 3:14-cv-02375 (D.N.J.)

- *Ross v. General Motors LLC*, 1:14-cv-02148 (E.D.N.Y.)

- *Foster v. General Motors LLC*, 1:14-cv-00844 (D. Ohio)

- *Powell v. General Motors, LLC*, 1:14-cv-00963 (D. Ohio)

- *Burton v. General Motors LLC*, 5:14-cv-00396 (W.D. Okla.)

- *Forbes v. General Motors, LLC*, 2:14-cv-02018 (E.D. Pa.)

- *Salerno v. General Motors LLC*, 2:14-cv-02132 (E.D. Pa.)

- *Villa v. General Motors, LLC*, 2:14-cv-02548 (E.D. Pa.)

- *DePalma v. General Motors LLC*, 1:14-cv-00681 (M.D. Pa.)

- *Deighan v. General Motors LLC*, 2:14-cv-00458 (W.D. Pa.)

- *Ashbridge v. General Motors LLC*, 2:14-cv-00463 (W.D. Pa.)

- *Letterio v. General Motors LLC*, 2:14-cv-00488 (W.D. Pa.)

- *Holliday v. General Motors LLC*, 1:14-cv-00271 (E.D. Tex.)

- *Henry v. General Motors LLC*, 4:14-cv-00218 (E.D. Tex.)

- *Salazar v. General Motors LLC*, 5:14-cv-00362 (W.D. Tex.)