Jonathan L. Flaxer, Esq.                    **Presentment Date and Time:  July 2, 2014 at 9:45 a.m. (Eastern)**
S. Preston Ricardo, Esq.
Michael S. Weinstein, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
Telephone:  (212) 907-7300
Facsimile:  (212) 754-0330

Alexander H. Schmidt, Esq.
Malcolm T. Brown, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone:  (212) 545-4600
Facsimile:  (212) 545-4653

*Counsel for Groman Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
In re                                          :        Chapter 11
                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,          :        Case No.: 09-50026 (REG)
        f/k/a General Motors Corp., *et al.*    :
                                               :
                            Debtors.           :        (Jointly Administered)
-------------------------------------------------------------x
STEVEN GROMAN, ROBIN DELUCO,                   :
ELIZABETH Y. GRUMET, ABC FLOORING,             :
INC., MARCUS SULLIVAN, KATELYN                 :
SAXSON, AMY C. CLINTON, AND ALLISON            :        Adv. Pro. No.: 14-01929 (REG)
C. CLINTON, on behalf of themselves, and all    :
others similarly situated,                      :
                                               :
                            Plaintiffs,        :
                                               :
            -v-                                :
                                               :
GENERAL MOTORS LLC,                            :
                                               :
                            Defendant.         :
-------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF COUNTER SUPPLEMENTAL SCHEDULING ORDER
REGARDING (I) MOTION OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105
AND 363 TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION,
(II) OBJECTION FILED BY CERTAIN PLAINTIFFS IN
RESPECT THERETO, AND (III) ADVERSARY PROCEEDING NO. 14-01929**

PLEASE TAKE NOTICE that, Pursuant to a Scheduling Order entered by the Court on May 16, 2014 ("**Scheduling Order**"), Counsel for Identified Parties (as defined in the Scheduling Order) have met and conferred with respect to certain of the procedures set forth in the Scheduling Order.

PLEASE TAKE FURTHER NOTICE that the Groman Plaintiffs (as defined in the Scheduling Order) seek modifications to the Scheduling Order that have not been proposed by any other Counsel for Identified Parties;

PLEASE TAKE FURTHER NOTICE that the Groman Plaintiffs shall present the proposed supplemental scheduling order, a copy of which annexed hereto (the "**Groman Plaintiffs' Proposed Order**"), to the Honorable Robert E. Gerber, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **July 2, 2014 at 9:45 a.m. (Eastern Time)**.

Dated: New York, New York
      July 1, 2014

Respectfully submitted,
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**


 /s/ Alexander H. Schmidt_____
Alexander H. Schmidt, Esq.
Malcolm T. Brown, Esq.
270 Madison Avenue
New York, NY 10016
Telephone:  (212) 545-4600
Facsimile:  (212) 545-4653

*Counsel for Groman Plaintiffs*

Respectfully submitted,
**GOLENBOCK EISEMAN ASSOR
 BELL & PESKOE LLP**


  /s/ Jonathan L. Flaxer_____
Jonathan L. Flaxer, Esq.
S. Preston Ricardo, Esq.
Michael S. Weinstein, Esq.
437 Madison Avenue
New York, New York 10022
Telephone: (212) 907-7327
Facsimile: (212) 754-0777

*Counsel for Groman Plaintiffs*

**EXHIBIT A**

**Groman Plaintiffs' Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
|     f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------x

| | | |
|---|---|---|
| STEVEN GROMAN, ROBIN DELUCO, | : | |
| ELIZABETH Y. GRUMET, ABC FLOORING, | : | |
| INC., MARCUS SULLIVAN, KATELYN | : | |
| SAXSON, AMY C. CLINTON, AND ALLISON | : | Adv. Pro. No.: 14-01929 (REG) |
| C. CLINTON, on behalf of themselves, and all | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
|     -v- | : | |
| | : | |
| GENERAL MOTORS LLC, | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------X

**SUPPLEMENTAL SCHEDULING ORDER REGARDING (I) MOTION OF
GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363
TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND
INJUNCTION, (II) OBJECTION FILED BY CERTAIN PLAINTIFFS IN
RESPECT THERETO, AND (III) ADVERSARY PROCEEDING NO. 14-01929**

Upon the Court's Order, dated May 16, 2014 ("**May 16 Scheduling Order**") establishing

procedures to address certain issues respecting (i) the Motion, dated April 21, 2014 [Dkt. No.

12620] ("**Motion**"), of General Motors LLC ("**New GM**"),[1] pursuant to Sections 105 and 363 of

the Bankruptcy Code, seeking to enforce the Sale Order and Injunction, (ii) the Objection, dated

April 22, 2014 to the Motion filed by certain Plaintiffs [Dkt. No. 12629] ("**Objection**"), and (iii)

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

the adversary proceeding, Adv. Proc. No. 14-01929 (REG) [Dkt. No. 12619] ("**Adversary Proceeding**") filed by Steven Groman *et al.* ("**Groman Plaintiffs**"); and upon counsel for New GM, Designated Counsel,[2] counsel for the Groman Plaintiffs, counsel for the Motors Liquidation Company GUC Trust ("**GUC Trust**"), and counsel for certain holders of GUC Trust units that appeared at the conference on May 2, 2014 ("**Unitholders**")[3] having met and conferred regarding certain procedural issues set forth in the May 16 Scheduling Order; and Counsel for the Identified Parties having agreed to modify certain procedures and dates set forth in the May 16 Scheduling Order as set forth herein, subject to the Court's review and approval thereof; and each of (i) counsel for New GM and Designated Counsel, (ii) counsel for the GUC Trust and the Unitholders, and (iii) counsel for the Groman Plaintiffs having submitted their own proposed supplemental scheduling orders; and upon the prior proceedings had herein; it is hereby

ORDERED that, except as specifically set forth herein, the May 16 Scheduling Order remains in full force and effect, and is binding on all parties; and it is further

ORDERED that the July 2, 2014 conference identified in paragraph 2(e) of the May 16 Scheduling Order shall be a status conference only; and it is further

ORDERED that, subject to Counsel for the Identified Parties' right to file a Threshold Issue Letter, as defined and set forth below, the one Threshold Issue to be initially addressed by the Court is whether Plaintiffs' procedural due process rights were violated in connection with the Sale Motion and the Sale Order and Injunction, or alternatively, whether Plaintiffs' procedural due process rights would be violated if the Sale Order and Injunction is enforced against them ("**Due Process Violation Threshold Issue**"); and it is further

---

[2]    Designated Counsel are the law firms Brown Rudnick, LLP; Caplin & Drysdale, Chartered; and Stutzman, Bromberg, Esserman & Plifka, PC (collectively "**Designated Counsel**").

[3]    Designated Counsel and counsel for New GM, the Groman Plaintiffs, the GUC Trust and the Unitholders are collectively referred to herein as "**Counsel for the Identified Parties**."

ORDERED that Designated Counsel, the Groman Plaintiffs, the GUC Trust and the Unitholders are hereby deemed to have released and waived any argument or claim that their clients may have that New GM will violate any legal principle, theory or rule of law arising under, in or related to the Bankruptcy Code in the event New GM voluntarily compensates pre-sale accident victims that allege that their accident was caused by a defective ignition switch (the Threshold Issue set forth in Paragraph 1(d) of the May 16 Scheduling Order); *provided, however*, that any of the Counsel for the Identified Parties may raise the fact of New GM's voluntary compensation of pre-sale accident victims (and others reserve the right to contend that said facts are irrelevant) in any further litigation of the Threshold Issues set forth in Paragraphs 1(b) and 1(c) of the Scheduling Order; and it is further

ORDERED that the following schedule shall apply to the proceedings before August 5:

a.   by July 7, 2014, New GM, on the one hand, and Designated Counsel and counsel for the Groman Plaintiffs, on the other hand, are to exchange proposed stipulations of fact concerning the Due Process Violation Threshold Issue with Counsel for the Identified Parties;

b.   by July 10, 2014, counsel for the GUC Trust and counsel for the Unitholders, collectively, are to exchange any additional proposed stipulations of fact concerning the Due Process Violation Threshold Issue, if any, with Counsel for the Identified Parties;

c.   between July 11, 2014 and July 24, 2014, Counsel for the Identified Parties shall "meet and confer" on the proposed fact stipulations and attempt to narrow any remaining fact issues that may exist;

d.   by July 25, 2014, the parties are to deliver to this Court the agreed upon stipulations of fact, and jointly identify for this Court any facts that could not be stipulated to (collectively, the "**Fact Submission**");

e.   if any Counsel for the Identified Parties believes that either of the Threshold Issues set forth in Paragraph 1(b) and (c) of the May 16 Scheduling Order should be addressed by the Court in addition to and simultaneously with the Due Process Violation Threshold Issue, such Counsel may file with the Court and serve upon all other Counsel for the Identified Parties a letter ("**Threshold Issues Letter**") on **July 28, 2014**

3

identifying which of those additional Threshold Issue(s) such Counsel submit that the Court should address together with the Due Process Violation Threshold Issue ("**Additional Threshold Issues Request**"). Responses to any Threshold Issues Letter shall be filed and served by August 1, 2014;

f.      no discovery shall be authorized in connection with the Due Process Violation Threshold Issue or any other Threshold Issues, *provided however*, that if any Counsel for the Identified Parties believes that discovery is necessary with respect to the Due Process Violation Threshold Issue or any other Threshold Issues identified in that Counsel's Threshold Issues Letter, such Counsel may file with the Court and serve upon all other Counsel for the Identified Parties a letter ("**Discovery Authorization Letter**") on July 28, 2014 seeking authorization to conduct discovery ("**Discovery Authorization Request**"). Responses to any Discovery Authorization Letter shall be filed and served by August 1, 2014;

g.      the Court shall hold a hearing on any Additional Threshold Issues Request(s) and any Discovery Authorization Request(s) on August 5, 2014 at 9:45 a.m.; and it is further

ORDERED that if the Court finds that certain disputed facts are germane to the Due Process Violation Threshold Issue and any other Threshold Issue to be initially addressed by the Court as a result of the Court's ruling on any Additional Threshold Issues Request(s), discovery shall take place as further ordered by the Court after the August 5 hearing; and it is further

ORDERED that if the Court determines that the Due Process Violation Threshold Issue shall be the one Threshold Issue to be initially addressed by the Court and determines that no discovery shall take place, the briefing schedule for the Due Process Violation Threshold Issue shall be as follows:

i.      New GM's opening brief ("**Opening Brief**") shall be filed with the Court and served on August 8, 2014;

ii.      Designated Counsel, the Groman Plaintiffs, the GUC Trust and the Unitholders shall file and serve their responses (collectively, the "**Responses**") to the Opening Brief on August 22, 2014;

4

      iii.     New GM's reply brief to the Responses shall be filed with the Court and served on September 5, 2014;

      iv.     the Court shall hold a hearing on the Due Process Violation Threshold Issue on a date set by the Court after September 15, 2014;

      v.     In their briefs, all parties may rely on the agreed upon stipulations of fact, and, also, any factual materials that would be considered by the Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Court and all parties may offer for that purpose any materials which they would wish considered part of the record, and any party reserves the right to oppose the consideration of such materials; and it is further

ORDERED that consideration of the remaining Threshold Issues and the identification and consideration of all other issues that the Court will be asked to determine in connection with the Motion, the Objection and the Adversary Proceeding shall be deferred until the Court resolves the Due Process Violation Threshold Issue and any other Threshold Issue that the Court determines should be initially decided together with the Due Process Violation Threshold Issue, and all parties shall reserve their rights with respect to such issues; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

Dated: July __, 2014
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Comparison of Groman Plaintiffs' Proposed Order
and New GM Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                                  :        Chapter 11
                                                       :
MOTORS LIQUIDATION COMPANY, *et al.*,                  :        Case No.: 09-50026 (REG)
           f/k/a General Motors Corp., *et al.*        :
                                                       :
                               Debtors.                :        (Jointly Administered)
-------------------------------------------------------------x
STEVEN GROMAN, ROBIN DELUCO,                           :
ELIZABETH Y. GRUMET, ABC FLOORING,                     :
INC., MARCUS SULLIVAN, KATELYN                         :
SAXSON, AMY C. CLINTON, AND ALLISON                    :        Adv. Pro. No.: 14-01929 (REG)
C. CLINTON, on behalf of themselves, and all           :
others similarly situated,                             :
                                                       :
                               Plaintiffs,             :
                                                       :
                   -v-                                 :
                                                       :
GENERAL MOTORS LLC,                                    :
                                                       :
                               Defendant.              :
-------------------------------------------------------------X

## SUPPLEMENTAL SCHEDULING ORDER REGARDING (I) MOTION OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION, (II) OBJECTION FILED BY CERTAIN PLAINTIFFS IN RESPECT THERETO, AND (III) ADVERSARY PROCEEDING NO. 14-01929

Upon the Court's Order, dated May 16, 2014 ("**May 16 Scheduling Order**") establishing

procedures to address certain issues respecting (i) the Motion, dated April 21, 2014 [Dkt. No.

12620] ("**Motion**"), of General Motors LLC ("**New GM**"),[1] pursuant to Sections 105 and 363 of

the Bankruptcy Code, seeking to enforce the Sale Order and Injunction, (ii) the Objection, dated

April 22, 2014 to the Motion filed by certain Plaintiffs [Dkt. No. 12629] ("**Objection**"), and (iii)

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the adversary proceeding, Adv. Proc. No. 14-01929 (REG) [Dkt. No. 12619] ("**Adversary Proceeding**") filed by Steven Groman *et al.* ("**Groman Plaintiffs**"); and upon counsel for New GM, Designated Counsel,[2] counsel for the Groman Plaintiffs, counsel for the Motors Liquidation Company GUC Trust ("**GUC Trust**"), and counsel for certain holders of GUC Trust units that appeared at the conference on May 2, 2014 ("**Unitholders**")[3] having met and conferred regarding certain procedural issues set forth in the May 16 Scheduling Order, and ~~counsel for New GM and Designated~~ Counsel for the Identified Parties having agreed to modify certain procedures and dates set forth in the May 16 Scheduling Order as set forth herein, subject to the Court's review and approval thereof; and ~~the other Counsel for the Identified Parties having been served with a notice of presentment of this order on July 1, 2014~~ each of (i) counsel for New GM and Designated Counsel, (ii) counsel for the GUC Trust and the Unitholders, and (iii) counsel for the Groman Plaintiffs having submitted their own proposed supplemental scheduling orders; and upon the prior proceedings had herein; it is hereby

ORDERED that, except as specifically set forth herein, the May 16 Scheduling Order remains in full force and effect, and is binding on all parties; and it is further

ORDERED that the July 2, 2014 conference identified in paragraph 2(e) of the May 16 Scheduling Order shall be a status conference only; and it is further

ORDERED that ~~the one threshold issue~~, subject to Counsel for the Identified Parties' right to file a Threshold Issue Letter, as defined and set forth below, the one Threshold Issue to be initially addressed by the Court is whether Plaintiffs' procedural due process rights were violated in connection with the Sale Motion and the Sale Order and Injunction, or alternatively, whether

---

[2]    Designated Counsel are the law firms Brown Rudnick, LLP; Caplin & Drysdale, Chartered; and Stutzman, Bromberg, Esserman & Plifka, PC (collectively "**Designated Counsel**").

Plaintiffs' procedural due process rights would be violated if the Sale Order and Injunction is enforced against them ("**Due Process Violation Threshold Issue**"); and it is further

~~ORDERED that the Threshold Issues set forth in paragraph 1(b), 1(c) and 1(e) in the May 16 Scheduling Order shall be deferred until the Court resolves the Due Process Violation Threshold Issue; and it is further~~

ORDERED that Designated Counsel, the Groman Plaintiffs, the GUC Trust and the Unitholders are hereby deemed to have released and waived any argument or claim that their clients may have that New GM will violate any legal principle, theory or rule of law arising under, in or related to the Bankruptcy Code in the event New GM voluntarily compensates pre-sale accident victims that allege that their accident was caused by a defective ignition switch (the Threshold Issue set forth in Paragraph 1(d) of the May 16 Scheduling Order); *provided, however*, that any of the Counsel for the Identified Parties may raise the fact of New GM's voluntary compensation of pre-sale accident victims (and others reserve the right to contend that said facts are irrelevant) in any further litigation of the Threshold Issues set forth in Paragraphs 1(b) and 1(c) of the Scheduling Order; and it is further

ORDERED that the following schedule shall apply to the ~~Due Process Violation Threshold Issue~~proceedings before August 5:

a.   by July 7, 2014, New GM, on the one hand, and Designated Counsel~~,~~ and counsel for the Groman Plaintiffs, on the other hand, are to exchange proposed stipulations of fact concerning the Due Process Violation Threshold Issue with Counsel for the Identified Parties;

b.   by July 10, 2014, counsel for the GUC Trust and counsel for the Unitholders, collectively, are to exchange any additional proposed stipulations of fact concerning the Due Process Violation Threshold Issue, if any, with Counsel for the Identified Parties;

---

[3]   Designated Counsel and counsel for New GM, the Groman Plaintiffs, the GUC Trust and the Unitholders are collectively referred to herein as "**Counsel for the Identified Parties**."

c.      between July 11, 2014 and July 24, 2014, Counsel for the Identified Parties shall "meet and confer" on the proposed fact stipulations and attempt to narrow any remaining fact issues that may exist;

d.      by July 25, 2014, the parties are to deliver to this Court the agreed upon stipulations of fact, and jointly identify for this Court any facts that could not be stipulated to (collectively, the "**Fact Submission**");

e.      if any Counsel for the Identified Parties believes that either of the Threshold Issues set forth in Paragraph 1(b) and (c) of the May 16 Scheduling Order should be addressed by the Court in addition to and simultaneously with the Due Process Violation Threshold Issue, such Counsel may file with the Court and serve upon all other Counsel for the Identified Parties a letter ("**Threshold Issues Letter**") on **July 28, 2014** identifying which of those additional Threshold Issue(s) such Counsel submit that the Court should address together with the Due Process Violation Threshold Issue ("**Additional Threshold Issues Request**").  Responses to any Threshold Issues Letter shall be filed and served by August 1, 2014;

f.      e. unless otherwise further ordered by the Court, no discovery shall be authorized for in connection with the Due Process Violation Threshold Issue or any other Threshold Issues, *provided however,* that if any Counsel for the Identified Parties believes that discovery is necessary with respect to the Due Process Violation Threshold Issue or any other Threshold Issues identified in that Counsel's Threshold Issues Letter, such Counsel may file with the Court and serve upon all other Counsel for the Identified Parties a letter ("**Discovery Authorization Letter**") on July 28, 2014 seeking authorization to conduct discovery ("**Discovery Authorization Request**"). Responses to any Discovery Authorization Letter shall be filed and served by August 1, 2014;

g.      the Court shall hold a hearing on any Additional Threshold Issues Request(s) and any Discovery Authorization Request(s) on August 5, 2014 at 9:45 a.m.; and it is further

ORDERED that if the Court finds that certain disputed facts are germane to the Due Process Violation Threshold Issue and any other Threshold Issue to be initially addressed by the Court as a result of the Court's ruling on any Additional Threshold Issues Request(s), discovery shall take place as further ordered by the Court after the August 5 hearing; and it is further

f.      ORDERED that if the Court determines that the Due Process Violation Threshold Issue shall be the one Threshold Issue to be initially addressed by the Court and determines that no

4

discovery shall take place, the briefing schedule for the Due Process Violation Threshold Issue

shall be as follows:

    i.    New GM's opening brief ("**Opening Brief**") respecting the Due Process Violation Threshold Issue shall be filed with the Court and served on August 8, 2014;

    ii.    Designated Counsel, the Groman Plaintiffs, the GUC Trust and the Unitholders shall file and serve their responses (collectively, the "**Responses**") to the Opening Brief on August 22, 2014;

    iii.    New GM's reply brief to the Responses shall be filed with the Court and served on September 5, 2014; and

    iv.    the Court shall hold a hearing on the Due Process Violation Threshold Issue on a date set by the Court on or after September 15, 2014;

    v.    In their briefs, all parties may rely on the agreed upon stipulations of fact, and, also, any factual materials that would be considered by the Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Court and all parties may offer for that purpose any materials which they would wish considered part of the record, and any party reserves the right to oppose the consideration of such materials;   and it is further

    g.    if there are certain facts that cannot be agreed to by Counsel for the Identified Parties and if the Court finds that such disputed facts are germane to the Due Process Violation Threshold Issue, discovery shall take place as further ordered by the Court after the hearing on the Due Process Violation Threshold Issue;

    h.    the Court shall hold a status conference on August 5, 2014 at 9:45 a.m.; and it is further

ORDERED that consideration of the remaining Threshold Issues and the identification and

consideration of all other issues that the Court will be asked to determine in connection with the

Motion, the Objection and the Adversary Proceeding (other than the Due Process Violation

Threshold Issue), shall be deferred until the Court resolves the Due Process Violation Threshold

Issue and any other Threshold Issue that the Court determines should be initially decided together

with the Due Process Violation Threshold Issue, and all parties shall reserve their rights with respect to such issues; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

Dated: July   __, 2014
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Professional on Tuesday, July 01, 2014
5:11:37 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DMS11/imanage/2048135/1 |
| Description | #2048135v1<imanage> - GM_Ignition Switch Actions - Revised Supplemental Scheduling Order DOCX (2) |
| Document 2 ID | interwovenSite://DMS11/imanage/2048135/3 |
| Description | #2048135v3<imanage> - GM_Ignition Switch Actions - Revised Supplemental Scheduling Order DOCX (2) |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 21 |
| Deletions | 22 |
| Moved from | 7 |
| Moved to | 7 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 57 |

**EXHIBIT C**

**Comparison of Groman Plaintiffs' Proposed Order
and GUC Trust Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
In re                                              :      Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, et al.,                :      Case No.: 09-50026 (REG)
            f/k/a General Motors Corp., et al.     :
                                                   :
                          Debtors.                 :      (Jointly Administered)
------------------------------------------------------------x
STEVEN GROMAN, ROBIN DELUCO,                       :
ELIZABETH Y. GRUMET, ABC FLOORING,                 :
INC., MARCUS SULLIVAN, KATELYN                     :
SAXSON, AMY C. CLINTON, AND ALLISON                :      Adv. Pro. No.: 14-01929 (REG)
C. CLINTON, on behalf of themselves, and all       :
others similarly situated,                         :
                                                   :
                          Plaintiffs,              :
                                                   :
            -v-                                    :
                                                   :
GENERAL MOTORS LLC,                                :
                                                   :
                          Defendant.               :
------------------------------------------------------------X
```

**SUPPLEMENTAL SCHEDULING ORDER REGARDING (I) MOTION OF
GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363
TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND
INJUNCTION, (II) OBJECTION FILED BY CERTAIN PLAINTIFFS IN
RESPECT THERETO, AND (III) ADVERSARY PROCEEDING NO. 14-01929**

Upon the Court's Order, dated May 16, 2014 ("**May 16 Scheduling Order**") establishing

procedures to address certain issues respecting (i) the Motion, dated April 21, 2014 [Dkt. No.

12620] ("**Motion**"), of General Motors LLC ("**New GM**"),[1] pursuant to Sections 105 and 363 of

the Bankruptcy Code, seeking to enforce the Sale Order and Injunction, (ii) the Objection, dated

April 22, 2014 to the Motion filed by certain Plaintiffs [Dkt. No. 12629] ("**Objection**"), and (iii)

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the
       Motion.

the adversary proceeding, Adv. Proc. No. 14-01929 (REG) [Dkt. No. 12619] ("**Adversary Proceeding**") filed by Steven Groman *et al.* ("**Groman Plaintiffs**"); and upon counsel for New GM, Designated Counsel,[2] counsel for the Groman Plaintiffs, counsel for the Motors Liquidation Company GUC Trust ("**GUC Trust**"), and counsel for certain holders of GUC Trust units that appeared at the conference on May 2, 2014 ("**Unitholders**")[3] having met and conferred regarding certain procedural issues set forth in the May 16 Scheduling Order,[3a] and Counsel for the Identified Parties having agreed to modify certain procedures and dates set forth in the May 16 Scheduling Order as set forth herein, subject to the Court's review and approval thereof; and each of (i) counsel for New GM and Designated Counsel, (ii) counsel for the GUC Trust and the Unitholders, and (iii) counsel for the Groman Plaintiffs having submitted their own proposed supplemental scheduling orders; and upon the prior proceedings had herein; it is hereby

ORDERED that, except as specifically set forth herein, the May 16 Scheduling Order remains in full force and effect, and is binding on all parties; and it is further

ORDERED that the July 2, 2014 conference identified in paragraph 2(e) of the May 16 Scheduling Order shall be a status conference only; and it is further

ORDERED that, subject to Counsel for the Identified Parties' right to file a Threshold Issue Letter, as defined and set forth below, the one Threshold Issue to be initially addressed by the Court is whether Plaintiffs' procedural due process rights were violated in connection with the Sale Motion and the Sale Order and Injunction, or alternatively, whether Plaintiffs' procedural due process rights would be violated if the Sale Order and Injunction is enforced against them  ("**Due Process Violation Threshold Issue**"); and it is further

---

[2]    Designated Counsel are the law firms Brown Rudnick, LLP; Caplin & Drysdale, Chartered; and Stutzman, Bromberg, Esserman & Plifka, PC (collectively "**Designated Counsel**").

ORDERED that Designated Counsel, the Groman Plaintiffs, the GUC Trust and the Unitholders are hereby deemed to have released and waived any argument or claim that their clients may have that New GM will violate any legal principle, theory or rule of law arising under, in or related to the Bankruptcy Code in the event New GM voluntarily compensates pre-sale accident victims that allege that their accident was caused by a defective ignition switch (the Threshold Issue set forth in Paragraph 1(d) of the May 16 Scheduling Order); *provided, however*, that any of the Counsel for the Identified Parties may raise the fact of New GM's voluntary compensation of pre-sale accident victims (and others reserve the right to contend that said facts are irrelevant) in any further litigation of the Threshold Issues set forth in Paragraphs 1(b) and 1(c) of the Scheduling Order; and it is further

ORDERED that the following schedule shall apply to the proceedings before August 5:

    a.    by July 7, 2014, New GM, on the one hand, and Designated Counsel and counsel for the Groman Plaintiffs, on the other hand, are to exchange proposed stipulations of fact concerning the Due Process Violation Threshold Issue with Counsel for the Identified Parties;

    b.    by July 10, 2014, counsel for the GUC Trust and counsel for the Unitholders, collectively, are to exchange any additional proposed stipulations of fact concerning the Due Process Violation Threshold Issue, if any, with Counsel for the Identified Parties;

    c.    between July 11, 2014 and July 24, 2014, Counsel for the Identified Parties shall "meet and confer" on the proposed fact stipulations and attempt to narrow any remaining fact issues that may exist;

    d.    by July 25, 2014, the parties are to deliver to this Court the agreed upon stipulations of fact, and jointly identify for this Court any facts that could not be stipulated to (collectively, the "**Fact Submission**");

    e.    if any Counsel for the Identified Parties believes that either of the Threshold ~~Issue~~Issues set forth in Paragraph 1(b) and (c) of the May 16 Scheduling Order ~~(the "Due Process Remedy Threshold Issue")~~ should be addressed by

---

3    Designated Counsel and counsel for New GM, the Groman Plaintiffs, the GUC Trust and the Unitholders are collectively referred to herein as "**Counsel for the Identified Parties**."

the Court in addition to and simultaneously with the Due Process Violation Threshold Issue, such Counsel may file with the Court and serve upon all other Counsel for the Identified Parties a letter ("**Threshold Issues Letter**") on **July 28,** ~~2014~~ 2014 identifying which of those additional Threshold Issue(s) such Counsel submit that the Court should address together with the Due Process Violation Threshold Issue ("**Additional Threshold Issues Request**").  Responses to any Threshold Issues Letter shall be filed and served by August 1, 2014;

f.      no discovery shall be authorized in connection with the Due Process Violation Threshold Issue or any other Threshold Issues, *provided however*, that if any Counsel for the Identified Parties believes that discovery is necessary with respect to the Due Process Violation Threshold Issue or ~~the Due Process Remedy~~any other Threshold ~~Issue~~Issues identified in that Counsel's Threshold Issues Letter, such Counsel may file with the Court and serve upon all other Counsel for the Identified Parties a letter ("**Discovery Authorization Letter**") on July 28, 2014 seeking authorization to conduct discovery ("**Discovery Authorization Request**"). Responses to any Discovery Authorization Letter shall be filed and served by August 1, 2014;

g.      the Court shall hold a hearing on any Additional Threshold Issues ~~Letter~~Request(s) and any Discovery Authorization Request(s) on August 5, 2014 at 9:45 a.m.; and it is further

ORDERED that if the Court finds that certain disputed facts are germane to the Due Process Violation Threshold Issue and~~/or the Due Process Remedy~~ any other Threshold Issue, to be initially addressed by the Court as a result of the Court's ruling on any Additional Threshold Issues ~~Letter or Discovery Authorization~~ Request(s), discovery shall take place as further ordered by the Court after the August 5 hearing; and it is further

ORDERED that if the Court determines that the Due Process Violation Threshold Issue shall be the one Threshold Issue to be initially addressed by the Court and determines that no discovery shall take place, the briefing schedule for the Due Process Violation Threshold Issue shall be as follows:

i.      New GM's opening brief ("**Opening Brief**") shall be filed with the Court and served on August 8, 2014;

4

    ii.      Designated Counsel, the Groman Plaintiffs, the GUC Trust and the Unitholders shall file and serve their responses (collectively, the "**Responses**") to the Opening Brief on August 22, 2014;

    iii.     New GM's reply brief to the Responses shall be filed with the Court and served on September 5, 2014; ~~and~~

    iv.     the Court shall hold a hearing on the Due Process Violation Threshold Issue on a date set by the Court after September 15, 2014;

    v.      In their briefs, all parties may rely on the agreed upon stipulations of fact, and, also, any factual materials that would be considered by the Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Court and all parties may offer for that purpose any materials which they would wish considered part of the record, and any party reserves the right to oppose the consideration of such materials;   and it is further

ORDERED that consideration of the remaining Threshold Issues and the identification and consideration of all other issues that the Court will be asked to determine in connection with the Motion, the Objection and the Adversary Proceeding shall be deferred until the Court resolves the Due Process Violation Threshold Issue ~~(and the Due Process Remedy Violation~~and any other Threshold Issue~~, if~~ that the Court determines ~~that it~~ should be initially decided together with the Due Process Violation Threshold Issue~~)~~, and all parties shall reserve their rights with respect to such issues; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

Dated: July ___, 2014
       New York, New York


                              _____
                              UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Professional on Tuesday, July 01, 2014
5:13:02 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DMS11/imanage/2048135/2 |
| Description | #2048135v2<imanage> - GM_Ignition Switch Actions - Revised Supplemental Scheduling Order DOCX (2) |
| Document 2 ID | interwovenSite://DMS11/imanage/2048135/3 |
| Description | #2048135v3<imanage> - GM_Ignition Switch Actions - Revised Supplemental Scheduling Order DOCX (2) |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 19 |
| Deletions | 15 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 34 |