Talos Law
705 4th St. NW #403
Washington, DC 20001
(202) 709-9662

July 3, 2014

To:   The Honorable Robert E. Gerber
United States Bankruptcy Court Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
gerber.chambers@nysb.uscourts.gov

Re:   In re MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al. - United States Bankruptcy Court for the Southern District of New York, Case No: 09-50026

Dear Judge Gerber:

Plaintiffs Lawrence and Celestine Elliott, through undersigned counsel, request that this court reconsider its rulings from the July 2, 2014 hearing involving the issue of the Elliotts' filing of an out-of-time No Stay Motion pursuant to the Court's May 16, 2014, Scheduling Order, before it enters the proposed order filed or about to be filed by New GM.

Plaintiffs understand that, in consideration of their *pro se* status at the time, the Court is willing to accord them an opportunity to file their motion late. The Elliotts appreciate the Court's indulgence.

However, at the hearing, the Court also placed conditions on its ruling that exceed anything requested in GM's papers, that are difficult for Plaintiffs to understand, and that, as Plaintiffs understand the rulings, raise serious constitutional concerns, and appear punitive in nature.

Given the serious nature of the burdens and restrictions that the Court proposes to put on the Elliotts' rights to pursue claims that the relevant law entitles them to pursue, the *Elliotts request an additional opportunity to be heard on these matters*. These matters are entitled to more than the summary treatment they were accorded at the July 2, 2014, hearing, and the Elliotts had **no notice** prior to the hearing, either from GM's papers or the Court, that restrictions on their ability to pursue a class or representative action, ones that no party had requested prior to the hearing, would be considered by the Court.

Specifically, the Court's ruling that that Elliotts must withdraw motion papers filed in the United States District Court for the District of Columbia to amend their *pro se*

pleadings seems to have no justification. There is no claim that any party will be harmed or prejudiced by the Elliotts' amending their pleadings, to clarify them and to state the full range of legal relief to which they are entitled. The invocation of a risk of "jumping ahead" makes no sense in relation to the Elliotts' desire simply to "catch-up" with a Complaint properly drafted by competent counsel.

The Court's Order that the Elliotts may re-file an amended complaint only on condition that they abandon class and representative action claims also seems without justification. The Federal Rules provides statutory authority for a party to pursue class relief, and District of Columbia law grants the Elliotts' broad and unique rights to act as a representative of the public. The Court's Order effectively terminates these rights. Particularly with respect to the Elliotts' representative action claims, under which they seek to act to protect the public interest under authority of District law, the Order raises serious constitutional issues about the authority of a Bankruptcy Court. And again, this is not an instance where plaintiffs are attempting to "jump ahead"; the mere filing of an amended complaint alleging class relief will put the Elliotts on the same footing as the other plaintiffs who have filed class complaints.

Concerns with obstruction of the Elliotts' ability to act in their representative capacities has serious public interest concerns beyond the unjustified restrictions on Plaintiffs. By its Motion to Enforce, GM sought to stay so-called "ignition switch" actions. While the Elliotts do allege an ignition switch defect (about which, they contend, they have carefully limited their claims to steer clear of any issue of concern to this Court), they also allege other safety related defects that may imminently threaten the public welfare: namely, that the fuel pump in the vehicle leaks fuel and creates a public safety danger, and that GM has wrongfully concealed that danger from Plaintiffs and governmental officials. By obstruction the Elliotts from pursing these claims in a timely fashion, the Court is preventing them from exposing and seeking remedies for GM's wrongdoing that may be a greater ongoing threat to the public safety even than the ignition switch defect.

GM admits that it concealed the ignition switch defect for years. Plaintiffs allege a similar cover-up, and reckless endangerment of the public health, with respect to the fuel pump defect. There is no basis to extend the stay regarding "ignition switches" to every defect that any party might have alleged if they also used the words "ignition switch" elsewhere in the complaint, and such broad extensions of the stay here collide with the interests of the District of Columbia in protecting its citizens by the representative action right. *See* D.C. Code § 28-3905(k)(1) (permitting individual citizens to pursue actions on behalf of the general public). This statuary right is particularly important in regard to wrongdoers like the New GM, which has already shown the willingness to ignore public health concerns in favor of cost considerations.

With all due respect for the difficult issues this court faces, serious constitutional concerns are raised by any action by this Court that impede the rights of D.C. residents to fulfill the "private attorney general" powers that D.C. law gives the Elliotts.

In sum, Plaintiffs had no notice that restriction of their rights to pursue the full relief to which they are entitled under law, or ability to pursue class claims, or their ability to join with other harmed plaintiffs, would be considered at the July 2, 2014, hearing and, given the serious issues raised by the proposed order submitted by New GM, request that the Court reconsider the conditions or afford them an opportunity to present legal authority on this serious question.

Thank you for your consideration,

/s/ Daniel Hornal., esq.
Talos Law
705 4th St. NW #403
Washington, DC 20001
daniel@taloslaw.com

/s/ Prof. Gary Peller., esq.
Professor of Law, Georgetown University Law Center
peller@law.georgetown.edu


Filed and served on all parties via ECF, courtesy copies provided to counsel for GM and chambers.