```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                            :      Chapter 11
                                                 :
MOTORS LIQUIDATION COMPANY, et al.,              :      Case No.: 09-50026 (REG)
         f/k/a General Motors Corp., et al.      :
                                                 :
                     Debtors.                    :      (Jointly Administered)
-----------------------------------------------------------------x
```

## ORDER STAYING AND RESTRAINING LAWRENCE AND CELESTINE ELLIOTT, AND THEIR COUNSEL, FROM FURTHER PROCEEDING WITH THEIR IGNITION SWITCH ACTION, EXCEPT AS EXPRESSLY SET FORTH HEREIN

Upon the Court's Order, dated May 16, 2014 ("**Scheduling Order**"), establishing procedures to address certain issues respecting, among other things, (i) the Motion, dated April 21, 2014 [Dkt. No. 12620] ("**Motion**"), of General Motors LLC ("**New GM**"),[1] pursuant to Sections 105 and 363 of the Bankruptcy Code, seeking to enforce the Sale Order and Injunction; and upon the Scheduling Order providing that Plaintiffs in Ignition Switch Actions were required by a date certain to either (i) agree to enter into a stipulation ("**Stay Stipulation**") with New GM staying their individual Ignition Switch Actions, or (ii) file with the Court a "No Stay Pleading" setting forth why they believed their individual Ignition Switch Actions should not be stayed (collectively, the "**Stay Procedures**"); and Lawrence and Celestine Elliott (collectively, the "**Elliotts**"), *pro se*, having timely executed a Stay Stipulation ("**Elliott Stay Stipulation**") but, upon retaining counsel, having requested to withdraw the Elliott Stay Stipulation and to file a late No Stay Pleading; and upon the *Supplemental Response by General Motors LLC in Connection with Stay Procedures Set Forth in the Court's May 16, 2014 Scheduling Order*, filed

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

by General Motors LLC [ECF 12735] ("**Supplemental Response**"); and upon the letter ("**Hornal Letter**") dated June 30, 2014 by Daniel Hornal, Esq., counsel for the Elliotts, which was attached to an Endorsed Order issued by the Court on June 30, 2014 [Dkt. No. 12737]; and upon the letter, dated July 1, 2014 by New GM to the Court in response to the Hornal Letter [ECF 12748] ("**New GM Letter**"); and upon a hearing ("**Hearing**") being held before the Court on July 2, 2014 to address the issues raised in the aforementioned pleadings and upon the record of the Hearing, and the prior proceedings had herein, the Court having issued a ruling from the bench, which is memorialized in this Order; it is hereby

1)   ORDERED that, subject to the Elliotts timely filing a No Stay Pleading consistent with the terms of this Order, the Elliotts are granted relief from the Elliott Stay Stipulation solely as provided in this Order, and it is further

2)   ORDERED that the Elliotts, their counsel and any other person acting in concert with them are stayed and restrained from undertaking any further action against New GM in their Ignition Switch Action pending in the United States District Court for the District of Columbia ("**DC District Court**"), or in any other ~~court~~ action in which the Elliotts are a party based on allegations that are substantially similar to those alleged in the Elliotts' Ignition Switch Action, except as expressly provided by this Order; and it is further

3)   ORDERED that the Elliotts are directed within two (2) business days of entry of this Order to withdraw their motion for leave to amend their complaint ("**Motion to Amend**") filed with the DC District Court on June 28, 2014, and are stayed and restrained from taking any action in respect thereof, including without limitation litigating their proposed amended complaint seeking to proceed as a

2

class action, *provided, however*, within ten (10) business days after the entry of this Order, the Elliotts may file an amended complaint in the DC District Court that solely alleges claims ~~against New GM~~ that the Elliotts possess individually, and not as a representative of any class of plaintiffs. In particular, neither the Elliotts nor their counsel are permitted to amend the Elliotts' complaint to add any additional plaintiff(s) ~~or defendant(s)~~, or to convert the Elliotts' individual Ignition Switch Action into a class action; and it is further

4)  ORDERED that, within ten (10) business days after the entry of this Order, the Elliotts shall file with the Clerk of this Court evidence of the withdrawal of the Motion to Amend and the filing of any amended complaint on behalf of the Elliotts individually; and it is further

5)  ORDERED that the Elliotts shall be permitted to file a No Stay Pleading with this Court within three (3) business days of entry of this Order, New GM shall have ten (10) days to file any response to such No Stay Pleading, and the Court shall hold a hearing on the No Stay Pleading on August 5, 2014 at 9:45 a.m. (Eastern Time); and it is further

6)  ORDERED that, if the Elliotts fail to file a No Stay Pleading with the Court within three (3) business days of entry of this Order, the terms of the Stay Stipulation shall automatically be binding on the Elliotts; and it is further

7)   ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

Dated: July 8, 2014
      New York, New York

                                                    s/ Robert E. Gerber
                                       UNITED STATES BANKRUPTCY JUDGE