# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

July 11, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

      Re:    **In re Motors Liquidation Company,** *et al.*
             **Case No. 09-50026 (REG)**

**New GM's Response to Gary Peller's Letter, Dated July 9, 2014**

Dear Judge Gerber:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter.  New GM submits this letter in response to the letter, dated July 9, 2014, from Gary Peller, Esq. ("**Peller Letter**"), which requests relief on behalf of his clients, Lawrence and Celestine Elliott (collectively, the "**Elliotts**"), from the *Order Staying And Restraining Lawrence And  Celestine Elliott, And Their Counsel, From Further Proceeding With Their Ignition Switch Action, Except As Expressly Set Forth Herein*, dated July 8, 2014 ("**Elliott Stay Order**") [Dkt. No. 12763].

      The Elliott Stay Order required the Elliotts to undertake certain actions within a specific period of time, including (i) withdrawing their motion for leave to amend their complaint ("**Motion to Amend**") filed with District Court for the District of Columbia ("**DC District Court**") within two (2) business days of entry of the Elliott Stay Order (*i.e.*, July 10, 2014), and (ii) the filing of a No Stay Pleading with this Court within three (3) business days of entry of the Elliott Stay Order (*i.e.*, July 11, 2014).  In the Peller Letter, the Elliotts are asking for more time to comply with these provisions.  For the following reasons, such relief should be denied.

      *First*, it does not take two business days to withdraw the Motion to Amend.  The Elliotts are seeking a delay in the hope that, in the interim, the DC District Court will grant the Motion to

23275880v1

Honorable Robert E. Gerber
July 11, 2014
Page 2

Amend. That is exactly why the Elliott Stay Order required them to act promptly to withdraw the Motion to Amend, and they should be compelled to do so immediately.

*Second*, it is not a compelling argument to ask for more time to prepare pleadings when the request is made in the context of an 11 page single-spaced letter.

*Third*, the request for delay, like many of Elliotts' counsels' arguments, is not credible.

(a) Elliotts' counsel expressly consented to the form of the Elliott Stay Order, which had the time requirements to withdraw the Motion to Amend, and to file a No Stay Pleading. Nothing happened in the two days after they consented to the form of the order to justify the extension request made in the Peller Letter.

(b) The Elliotts own a prepetition vehicle manufactured and sold by Old GM. Whatever the Elliotts' think their claim against New GM is, it is actually no different than the other Plaintiffs who are trying to frame the issues in dispute so that they do not contravene the Sale Order and Injunction. This Court has established an orderly process wherein Plaintiffs, like the Elliotts, can file a No Stay Pleading (if they chose),[1] or participate in the briefing of the Threshold Issues, which will subsume the arguments made in the Peller Letter. Substantially all of the Plaintiffs have endorsed this process, and this Court's jurisdiction to determine the issues raised by the Elliotts. Even after writing 11 pages, Elliotts' counsel has failed to present a cogent reason why the procedure agreed to is not the appropriate one for them to follow.

*Fourth*, the Elliotts' counsel already acknowledged that, once he decided he was not going to comply with the Stay Stipulation that his client signed, the "better practice" was for him to have filed a No Stay Pleading. *See* Letter by Daniel Hornal, Dated June 30, 2014, attached to the Court's Endorsed Order, dated June 30, 2014 [Dkt. No. 12737], at p. 1 n. 1. In essence, Elliotts' counsel has had *almost three weeks* to prepare that pleading. The fact that he chose to ignore his obligations under the May 16, 2014 Scheduling Order, and the Elliott Stay Order, and instead prepare an 11 page single-space letter is not a valid excuse for his non-compliance.

*Fifth*, to the extent Mr. Peller is arguing that the amended complaint that is the subject of the Motion to Amend was filed to correct "alleged flaws of [the Elliotts'] *pro se* complaint" (Peller Letter, p. 2) and that the Motion to Amend should therefore not be withdrawn, that argument is unavailing. Simply put, the Elliott Stay Order specifically provides that he can file an amended complaint on behalf of the Elliotts individually to correct any "alleged flaws;" all he is prohibited from doing is pursuing an amended complaint on behalf of the Elliotts on a putative class basis, where no intention to seek class relief is even hinted at in the Elliotts' *pro se* filing. The reality is that Elliotts' counsel wants to do much more than correct perceived defects in a pro se filing, and the Court specifically rejected his request to do so at the July 2, 2014 Hearing. There is no basis for the Elliotts to be excused for their non-compliance with the Court's Order.

---

[1] As the Court knows, substantially all of the Plaintiffs did not file a No Stay Pleading and, instead, voluntarily agreed to execute a Stay Stipulation.

Honorable Robert E. Gerber
July 11, 2014
Page 3

*Sixth*, compliance with the Court's Order is not optional. The Elliotts and their counsel do not need to consult 9 separate parties to determine whether they should comply with the Court's Order. They are *required* to comply with this Court's Order. Although the Elliotts may believe that this Court lacks jurisdiction over them, they are the only Plaintiff to have said so, and their "belief" does not give them the right to disregard this Court's Order.

For all of the foregoing reasons, New GM respectfully requests that the Elliott Stay Order be enforced, and that the relief requested in the Peller Letter be denied.

> Respectfully submitted,
>
> */s/ Arthur Steinberg*
>
> Arthur Steinberg

AJS/sd

cc:   Daniel Hornal, Esq. (via e-mail transmission)
      Gary Peller, Esq. (via e-mail transmission)