UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                                    :     Chapter 11
                                                                         :
MOTORS LIQUIDATION COMPANY, *et al.*,       :     Case No.: 09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                   :
                                                                         :
                                         Debtors.            :     (Jointly Administered)
-----------------------------------------------------------------x
STEVEN GROMAN, ROBIN DELUCO,              :
ELIZABETH Y. GRUMET, ABC FLOORING,      :
INC., MARCUS SULLIVAN, KATELYN            :
SAXSON, AMY C. CLINTON, AND ALLISON    :     Adv. Pro. No.: 14-01929 (REG)
C. CLINTON, on behalf of themselves, and all    :
others similarly situated,                                      :
                                                                         :
                                         Plaintiffs,          :
                                                                         :
              -v-                                                      :
                                                                         :
GENERAL MOTORS LLC,                             :
                                                                         :
                                         Defendant.        :
-----------------------------------------------------------------X

**SUPPLEMENTAL SCHEDULING ORDER REGARDING (I) MOTION OF
GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363
TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND
INJUNCTION, (II) OBJECTION FILED BY CERTAIN PLAINTIFFS IN
RESPECT THERETO, AND (III) ADVERSARY PROCEEDING NO. 14-01929**

Upon the Court's Order, dated May 16, 2014 ("**May 16 Scheduling Order**") [Dkt. No.

12697] establishing procedures to address certain issues respecting (i) the Motion, dated April

21, 2014 [Dkt. No. 12620] ("**Motion**"), of General Motors LLC ("**New GM**"),[1] pursuant to

Sections 105 and 363 of the Bankruptcy Code, seeking to enforce the Sale Order and Injunction,

(ii) the Objection, dated April 22, 2014 to the Motion filed by certain Plaintiffs [Dkt. No. 12629]

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the
      Motion.

("**Objection**"), and (iii) the adversary proceeding, Adv. Proc. No. 14-01929 (REG) [Dkt. No. 12619] ("**Adversary Proceeding**") filed by Steven Groman *et al.* ("**Groman Plaintiffs**"); and

upon counsel for New GM, Designated Counsel,[2] counsel for the Groman Plaintiffs, counsel for

the Motors Liquidation Company GUC Trust ("**GUC Trust**"), and counsel for certain holders of

GUC Trust units that appeared at the conference on May 2, 2014 ("**Unitholders**")[3] having met

and conferred regarding certain procedural issues set forth in the May 16 Scheduling Order, and

Counsel for the Identified Parties having agreed to modify certain procedures and dates set forth

in the May 16 Scheduling Order as set forth herein, subject to the Court's review and approval

thereof; and each of (i) counsel for New GM and Designated Counsel, (ii) counsel for the GUC

Trust and the Unitholders, and (iii) counsel for the Groman Plaintiffs having submitted their own

proposed supplemental scheduling orders for the Court's consideration; and upon a conference

("**Conference**") being held before the Court on July 2, 2014 to, among other things, consider the

proposed supplemental scheduling orders submitted by Counsel for the Identified Parties; and

upon the record of the Conference, and the prior proceedings had herein, the Court having issued

directives from the bench, which are memorialized in this Order; it is hereby

ORDERED that, except as specifically set forth herein, the May 16 Scheduling Order

remains in full force and effect, and is binding on all parties; and it is further

ORDERED subject to any of the Counsel for the Identified Parties' right to file a

Threshold Issue Letter, as defined and as set forth below, the threshold issues to be initially

addressed by Counsel for the Identified Parties ("**Four Threshold Issues**") are presently

determined to be as follows:

---

[2]    Designated Counsel are the law firms Brown Rudnick, LLP; Caplin & Drysdale, Chartered; and Stutzman, Bromberg, Esserman & Plifka, PC (collectively "**Designated Counsel**").

[3]    Designated Counsel and counsel for New GM, the Groman Plaintiffs, the GUC Trust and the Unitholders are collectively referred to herein as "**Counsel for the Identified Parties**."

a.  Whether Plaintiffs' procedural due process rights were violated in connection with the Sale Motion and the Sale Order and Injunction, or alternatively, whether Plaintiffs' procedural due process rights would be violated if the Sale Order and Injunction is enforced against them ("**Due Process Threshold Issue**");

b.  If procedural due process was violated as described in (a) above, whether a remedy can or should be fashioned as a result of such violation and, if so, against whom ("**Remedies Threshold Issue**");

c.  Whether any or all of the claims asserted in the Ignition Switch Actions are claims against the Old GM bankruptcy estate (and/or the GUC Trust) ("**Old GM Claim Threshold Issue**");[4] and

d.  If any or all of the claims asserted in the Ignition Switch Actions are or could be claims against the Old GM bankruptcy estate (and/or the GUC Trust), should such claims or the actions asserting such claims nevertheless be disallowed/dismissed on grounds of equitable mootness ("**Equitable Mootness Threshold Issue**"); and it is further

ORDERED that, subject to the next paragraph relating to the Fraud on the Court Threshold Issue (as defined in the May 16 Scheduling Order), the identification and consideration of all other issues that the Court will be asked to determine in connection with the Motion, the Objection and the Adversary Proceeding (other than the Four Threshold Issues), shall be deferred until the Court resolves the Four Threshold Issues, and all parties  reserve their rights with respect to such issues; and it is further

ORDERED that Counsel for the Identified Parties, as part of the briefing on the Four Threshold Issues, shall also brief the legal standard applicable to the Fraud on the Court Threshold Issue ("**Fraud on the Court Standard Briefing**"); and it is further

ORDERED that Designated Counsel, the Groman Plaintiffs, the GUC Trust and the Unitholders are hereby deemed to have released and waived any argument or claim that their

---

4   For the avoidance of doubt, the issue of whether a claim asserted in the Ignition Switch Actions is timely and/or meritorious against the Old GM bankruptcy estate (and/or the GUC Trust) is not a Threshold Issue.

3

clients may have that New GM will violate any legal principle, theory or rule of law arising

under, in or related to the Bankruptcy Code in the event New GM voluntarily compensates pre-

sale accident victims that allege that their accident was caused by a defective ignition switch (the

Threshold Issue set forth in Paragraph 1(d) of the May 16 Scheduling Order); *provided, however*,

that any of the Counsel for the Identified Parties may raise the fact of New GM's voluntary

compensation of pre-sale accident victims (and others reserve the right to contend that said facts

are irrelevant) in any further litigation of the Threshold Issues; and it is further

ORDERED that the following schedule shall apply to the Four Threshold Issues:

a.      by July 18, 2014, (i) New GM, Designated Counsel, and counsel for the Groman Plaintiffs are to exchange proposed stipulations of fact concerning the Due Process Threshold Issue, the Remedies Threshold Issue, and the Old GM Claim Threshold Issue with Counsel for the Identified Parties, and (ii) counsel for the GUC Trust and counsel for the Unitholders are to exchange proposed stipulations of fact concerning the Equitable Mootness Threshold Issue with Counsel for the Identified Parties;

b.      by July 22, 2014, (i) counsel for the GUC Trust and counsel for the Unitholders, collectively, are to exchange any additional proposed stipulations of fact concerning the Due Process Threshold Issue, the Remedies Threshold Issue, and the Old GM Claim Threshold Issue with Counsel for the Identified Parties, and (ii) New GM, Designated Counsel, and counsel for the Groman Plaintiffs are to exchange any additional proposed stipulations of fact concerning the Equitable Mootness Threshold Issue with Counsel for the Identified Parties;

c.      between July 23, 2014 and August 4, 2014, Counsel for the Identified Parties shall "meet and confer" on the proposed fact stipulations and attempt to narrow any remaining fact issues that may exist;

d.      by August 8, 2014, the parties are to deliver to this Court the agreed upon stipulations of fact, and jointly identify for this Court any facts that could not be stipulated to with respect to the Four Threshold Issues;

e.      unless otherwise further ordered by the Court, no discovery shall be authorized in this matter, *provided, however*, if any Counsel for the Identified Parties believes that resolution of any of the Four Threshold Issues is premature and/or would require discovery to resolve, such

4

Counsel may file with the Court and serve upon all other Counsel for the Identified Parties a letter ("**Threshold Issues Letter**") on or before August 8, 2014 requesting that (i) the Court remove an issue(s) from the list of the Four Threshold Issues, and/or (ii) discovery be authorized for one or more of the Four Threshold Issues.  Responses to any Threshold Issues Letter shall be filed and served by August 15, 2014.

f.      subject to subsection (e) above, the briefing schedule for the Four Threshold Issues shall be as follows:

i.      on August 22, 2014, (i) New GM shall file and serve its opening brief ("**New GM Opening Brief**") respecting the Due Process Threshold Issue, the Remedies Threshold Issue, the Old GM Claim Threshold Issue, and the Fraud on the Court Standard Briefing, and (ii) the Unitholders and, if it deems it advisable, the GUC Trust ("**Unitholder/GUC Trust Opening Briefs**") shall file and serve their opening briefs respecting the Equitable Mootness Threshold Issues;

ii.     on September 12, 2014, (i) Designated Counsel, the Groman Plaintiffs, the GUC Trust and the Unitholders shall file and serve their responses to the New GM Opening Brief, and (ii) Designated Counsel, the Groman Plaintiffs and New GM shall file and serve their responses to the Unitholder/GUC Trust Opening Briefs;

iii.    on September 30, 2014, (i) New GM shall file and serve its reply brief to the responses filed in connection with the New GM Opening Brief, and (ii) the Unitholders and, if it deems it advisable, the GUC Trust, shall file and serve their replies to the responses to the Unitholder/GUC Trust Opening Briefs; and

iv.     The Court shall hold a hearing thereon on a date set by the Court on or after October 10, 2014;

v.      In their briefs, all parties may rely on the agreed upon stipulations of fact, and, also, any factual materials that would be considered by the Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure and all parties may offer for that purpose any materials which they would wish considered part of the record, and any party reserves the right to oppose the consideration of such materials;

vi.     Counsel for the Identified Parties shall propose page limitations for briefs in a joint letter to the Court on or before August 1, 2014.  If Counsel for the Identified Parties are unable to agree on page limitations, the Court shall hold a telephonic conference and impose page limitations on Counsel for the Identified Parties;

g.      the Court shall conduct a hearing on any Threshold Issues Letter(s), if necessary, and a status conference on August 18, 2014 at 9:45 a.m. ("**August Conference**"); and it is further

5

ORDERED that, if the Court finds at the August Conference that certain disputed facts

are germane to its resolution of the Four Threshold Issues, discovery may take place as further

ordered by the Court; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this

Order.

Dated: July 11, 2014
       New York, New York


    s/ Robert E. Gerber
UNITED STATES BANKRUPTCY JUDGE