# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWRENCE M. ELLIOTT and CHRISTINE V. ELLIOTT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 14-cv-0691 (KBJ) |
| GENERAL MOTORS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiffs Lawrence and Christine Elliott (the "Elliotts") filed a pro se complaint in this case in the Superior Court of the District of Columbia on April 1, 2014. (*See* ECF No. 1-2.) Defendant General Motors, LLC ("GM") removed the case to this Court on April 23, 2014. (*See* Notice of Removal, ECF No. 1.) The Elliotts' original complaint consisted of a four-page letter that detailed some mechanical problems and other issues that the couple allegedly had experienced with two GM vehicles. GM moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on April 23, 2014, arguing that it failed to state any cognizable legal theory. (GM's Mot. to Dismiss, ECF No. 3.) That motion is still pending.

On May 28, 2014, GM filed a stipulated agreement to stay the case, signed by both GM's counsel and the Elliotts, who, at that time, were still appearing pro se. (Stipulation, ECF No. 11.) This stipulation was the result of ongoing proceedings in the United States Bankruptcy Court for the Southern District of New York, where GM had filed a motion arguing that approximately 80 lawsuits, including the Elliotts',

1

violated an injunction that court had entered in connection with GM's bankruptcy in 2009. *See In re Motors Liquidation Co.*, 09-50026, ECF No. 12629 (Bankr. S.D.N.Y. Apr. 22, 2014). In response to GM's motion, the Bankruptcy Court entered a scheduling order that included the requirement that certain parties should either enter into voluntary stipulations staying their lawsuits or file a motion with the Bankruptcy Court as to why no such stay was warranted. *See In re Motors Liquidation Co.*, 09-50026, ECF No. 12697 (Bankr. S.D.N.Y. May 16, 2014). The stipulation that the parties filed in this Court provided that the Elliotts would not seek to prosecute their case until the Bankruptcy Court had issued a ruling on GM's motion. This Court rejected the stipulation as to form, noting that this Court does not honor stipulations to stay proceedings and deadlines; instead, any such request must be made by motion. (*See* Minute Entry of June 11, 2014.)

On June 18, 2014, the Elliotts retained counsel, who entered an appearance that same day. (Notice of Appearance of Daniel Hornal, ECF No. 13.) Subsequently, on June 28, 2014, the Elliotts filed a motion for leave to amend their complaint, lodging the proposed amended complaint with their motion. (Pls.' Mot. to Amend, ECF No. 28.) In stark contrast to the original complaint, the proposed amended complaint is 53 pages long and includes a statement of jurisdiction, a description of the parties, discrete claims, and a prayer for relief. The proposed amended complaint also seeks to add a new plaintiff (Bernice Summerville), a new defendant (Delphi Automotive Systems, LLC), and class action allegations.

On July 2, 2014, counsel for the Elliotts appeared before the Bankruptcy Court to argue for relief from the Elliotts' obligations under the required stipulation, which,

2

although this Court had rejected it, was still a binding agreement based on the required procedures of the Bankruptcy Court. On July 8, 2014, the Bankruptcy Court issued an order purportedly directing the Elliotts to, among other things, withdraw their pending motion to amend the complaint by July 10, 2014, and refrain from filing any subsequent motion to amend the complaint that included any new plaintiffs or class claims. *See In re Motors Liquidation Co.*, 09-50026, ECF No. 12763 (Bankr. S.D.N.Y. Jul. 8, 2014). The Elliotts have not complied with the Bankruptcy Court's directive to withdraw their motion to amend.

This Court is mindful of the Bankruptcy Court's desire and ability to manage its own exceedingly complex docket in the most efficient manner possible, as well as the fact that the Bankruptcy Court is in all likelihood substantially more well-versed in the substance of the Elliotts' proposed claims than is this Court. However, this Court is also mindful of its own constitutionally-mandated duty to decide issues before it, including the Elliotts' pending motion to amend the complaint, which is properly subject to disposition because this case is not stayed. Moreover, it appears that all parties are considering the underlying questions pending before the Bankruptcy Court—and also those that are before the Judicial Panel on Multidistrict Litigation ("JPML"), *see In re General Motors Ignition Switch Litigation*, 1:14-md-02543, ECF No. 309 (U.S.J.P.M.L. Jul 1, 2014)—in light of the Elliotts' proposed *amended* complaint, rather than their initial pro se filing. *See, e.g.*, *In re Motors Liquidation Co.*, 09-50026, ECF No. 12748 (Bankr. S.D.N.Y. Jul. 1, 2014) (letter from GM discussing the proposed amended complaint at length and noting that "there is no need for the DC District Court to decide the Motion to Amend—much less to allow the Elliotts to continue to litigate

3

their individual action in the DC District Court—for this Court to be able to consider the allegations in the Proposed Amended Complaint and decide whether their case is an Ignition Switch Action."); *In re Motors Liquidation Co.*, 09-50026, ECF No. 12766-1 (Bankr. S.D.N.Y. Jul. 10, 2014) (transcript of July 2, 2014, Bankruptcy Court hearing discussing proposed amended complaint at length). This means that granting the motion to amend could be helpful to all concerned insofar as it would clarify the claims that the Elliotts are pressing before this Court.

Although this Court duly recognizes, and does not wish to disrupt, the carefully constructed procedures of the Bankruptcy Court and the JMPL, nor does it have any desire to allow the Elliotts and their counsel to exploit the fact that the initial pro se complaint was facially deficient as a means of escaping the potential effect of the Bankruptcy Court's injunction, this Court is satisfied that addressing the pending motion to amend would have no such result. Accordingly, it is hereby

**ORDERED** that the Elliotts' motion to amend their complaint (ECF No. 15) is **GRANTED**, and, as a result, GM's motion to dismiss the initial complaint (ECF No. 3) is **DENIED** as moot. It is further

**ORDERED** that all other proceedings in this case are **STAYED** pending the outcome of the proceedings before the Bankruptcy Court and the JPML. It is further

**ORDERED** that, within 30 days after the resolution of the proceedings before the Bankruptcy Court or the JPML, the parties shall submit a joint status report advising the Court of such resolution and of any effect it has on the stay in this case.

DATE: July 16, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

4