

# GEORGETOWN LAW

**Gary Peller**
Professor of Law

**VIA ECF FILING
AND E-MAIL TRANSMISSION**              July 23, 2014

Hon. Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408
gerber.chambers@nysb.uscourts.gov

Dear Judge Gerber:

I represent and write on behalf of Lawrence Elliott and Celestine Elliott to request that the Court treat the matter as submitted and grant forthwith the Elliotts' pending Motion for an Order of Dismissal for Lack of Subject Matter Jurisdiction, *See* Doc. No. 12774, July 12, 2014.

The ground for this request is that GM's opposition papers, filed as directed by the Court, on July 21, 2014, fail to contest (or even address) the Elliotts' contention that this Court lacks subject matter jurisdiction over any of their claims because their claims do not, in any conceivable way, implicate the 2009 Sale Order (stated as the jurisdictional test and not for rhetorical effect). Instead, the Elliotts' claims are based on independent, non-derivative duties (to disclose the risks it knew Plaintiffs using GM vehicles faced) that New GM owed to Plaintiffs and breached, causing legally cognizable harm.

Prompt disposition of this jurisdictional motion will assist Judge Furman in the resolution of a discovery disagreement currently before him in the related MDL proceedings[1], by clarifying that one category of claims is not subject to this Court's jurisdiction or stay power.

---

[1] Plaintiffs in the MDL currently seek to begin discovery, and GM opposes the same on the purported basis of this Court's May 16, 2014, Scheduling Order, *See* Letter from Steve W. Berman, Elizabeth J. Cabraser, and Mark P. Robinson of July 21, 2014 (*In re General Motors Ignition Switch Litigation*, 1:14-md-2543 (S.D.N.Y. June 09, 2014) (hereafter "*motors*"), Doc. No. 72, July 21, 2014, §§ 5, 7, 10(a)); *see also* Letter from Andrew B. Bloomer of July 21 (*Motors*, Doc. No. 73, July 21, 2014, §2, n. 4, n. 6). Whatever the merits of the dispute, it would be illuminated by this Court making clear that it is not intending to reach these claims.

Honorable Robert E. Gerber
July 23, 2014
Page 2

The Elliotts understand that there are three categories of claims before this Court in the many lawsuits non-debtor New GM brought here:

1) Some claims, those for breach of warranty in connection with the purchase of pre-petition vehicles, for example, arguably rest on liabilities that Old GM *retained* under this Court's Sale Order. If the liabilities were retained, the viability of such claims may depend on whether the law of fraud or due process will disturb the "retained liabilities" provisions of this Court's prior Orders, potentially making the determination of such "threshold issues" relevant to this category of claims.

2) Another category of claims may rest on liabilities allegedly *assumed* by New GM in the Sale Order; for example, claims that New GM's ignition switch conduct violated Lemon Law or recall liabilities explicitly assumed in the Sale Order and MSPA. The Elliotts assert no such claims but note that it is difficult to see why such claims must await the determination of threshold issues relevant only to the first category of claims.

3) The final claims are based on alleged breaches of duties New GM owed plaintiffs which were neither retained by Old GM or assumed by New GM; they are entirely independent of, and unrelated to, the Sale Order. In the Elliotts' pleadings, these include the assertion that New GM had, and breached, a duty to disclose the safety risks Mr. and Mrs. Elliott faced by using their cars, causing harm to Mr. and Mrs. Elliott. New GM's alleged duty is based upon its possession of knowledge it knew was both inaccessible to plaintiffs and material to plaintiffs' decisions to use their cars—in the Elliotts' case, to transport their extended family, including their great-grandchildren. The duty allegedly exists regardless of the source of New GM's knowledge of the danger of death and serious bodily injury the Elliotts, other drivers, and third parties faced.

As set forth with appropriate authority in the Elliotts' Motion papers, regardless of whether this Court has jurisdiction over the first two categories, it assuredly does not have jurisdiction over the third category. GM does not contest this proposition, nor contend that the Elliotts' claims are not, as the Elliotts contend solely and exclusively of this third type.

Many of the other lawsuits before the court in this matter may allege a combination of claims. The Elliotts' express no view whether this Court may have jurisdiction over claims in the third category that are combined in a single pleading with claims over which the Court may have "related to" jurisdiction.

The Elliotts' lawsuit, however, fits "purely" in the third category; the Elliotts assert no claims in either of the first two categories. There is no practical, jurisdictional, or constitutional basis for delaying their lawsuit, and GM has not uttered a single word to the contrary.

GM's failure to respond is legally significant; as the party seeking relief with respect to the Elliotts' lawsuit, GM is the party invoking this Court's subject matter jurisdiction and bears the burden of establishing such jurisdiction. The Elliotts first contested this Court's jurisdiction over their claims in their letter to this Court on July 10, 2014. *See* Letter from Gary Peller, Doc. No.

Honorable Robert E. Gerber
July 23, 2014
Page 3

12766, July 10, 2014. Citing binding Second Circuit authority, the Elliotts demonstrated the legal proposition upon which their jurisdictional contention rests. *See id* at n. 12. The Elliotts' pending motion and "no stay pleading" also contains elaborate argument on the issue.

By failing to engage the Elliotts' jurisdictional arguments, GM has failed to establish the jurisdiction of this Court over the Elliotts' claims, and immediate dismissal is therefore warranted.[2]

GM's papers concern allegations regarding this Court's July 8, 2014, Order which is irrelevant unless preceded by this Tribunal's jurisdictional power to issue any order with legal effect. *See Tekkno Laboratories, Inc. v. Perales*, 933 F.2d 1093 (2d Cir. 1991).

For the foregoing reasons, therefore, the Elliotts' pending motion to dismiss for lack of subject matter jurisdiction should be granted forthwith; Lawrence Elliott and Celestine Elliot should be released from the jurisdiction of this Court, and all Orders relating to them should be vacated.

Respectfully submitted,

*/s/ Gary Peller*
Professor of Law,
Georgetown University Law Center
peller@law.georgetown.edu

Filed and served on all parties via ECF, courtesy copies provided to counsel for GM and chambers.

---

[2] GM requests that "it be given an opportunity to brief such issues" upon which the Court believes "substantive arguments are needed." *See* Response by General Motors LLC to No Stay Pleading Filed by the Elliott Plaintiffs, (Doc. No 12782, July 21, 2014) Respectfully, GM should not have such an opportunity to test the waters and rely on the Court to establish when it has argued enough to prevail. GM has had multiple opportunities to present authority on the question if it so wished. It has presented no such authority, despite this Court's direction that it submit opposition papers by July 21, 2014. The Elliotts, through undersigned counsel, confirmed that GM intends no further submission on the jurisdictional issue. See email exchange attached as Exhibit #1.