# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

July 24, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

        Re:    **In re Motors Liquidation Company,** *et al.*
               **Case No. 09-50026 (REG)**
               **New GM's Response to Gary Peller's Letter, Dated July 23, 2014**

Dear Judge Gerber:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. New GM submits this letter in response to the letter, dated July 23, 2014, from Gary Peller, Esq. ("**Peller Letter**"), which requests that the Court grant an alleged "motion to dismiss" filed by Mr. Peller on behalf of his clients, Lawrence and Celestine Elliott (collectively, the "**Elliotts**"). The relief requested in the Peller Letter should be denied.

      *First*, pursuant to the *Order Staying And Restraining Lawrence And Celestine Elliott, And Their Counsel, From Further Proceeding With Their Ignition Switch Action, Except As Expressly Set Forth Herein*, entered by this Court on July 8, 2014 ("**Elliott Stay Order**") [Dkt. No. 12763], the Elliotts were permitted to file a late No Stay Pleading with the Court. They were not permitted to file a "motion to dismiss."[1] Any purported motion to dismiss should be denied on this basis alone (especially since, as noted below, the issues raised by the Elliotts are subsumed in a Threshold Issue established by this Court). However, to the extent the Court

---

[1]     The Elliott Stay Order further required the Elliotts to withdraw their motion for leave to amend their complaint filed with District Court for the District of Columbia within two (2) business days of entry of the Elliott Stay Order (*i.e.*, July 10, 2014). They refused to do so, which was a clear violation of the Elliott Stay Order.

23345626v2

Honorable Robert E. Gerber
July 24, 2014
Page 2

believes that a "motion to dismiss" is appropriate at this time, New GM requests that an appropriate briefing schedule be established by the Court for such motion.

*Second*, contrary to Mr. Peller's assertion, New GM addressed the Elliotts' jurisdictional arguments raised in their No Stay Pleading. New GM argued in its response ("**Response**") that the claims raised in the Ignition Switch Action[2] commenced by the Elliotts implicate the Sale Order and Injunction because they concern a vehicle manufactured and sold by Old GM, and thus are based, at least in part, on Old GM conduct. As such, as explained in both the Response and in the Motion to Enforce, pursuant to the Sale Order and Injunction, this Court has exclusive jurisdiction to interpret and enforce that Order and resolve the issues raised by New GM. *See* Response, ¶ 54 and n. 19; Motion to Enforce, ¶¶ 25-27.

The Elliotts filed their No Stay Pleading in this Court and invoked this Court's jurisdiction to decide the issues raised therein. To now argue that the Court has no jurisdiction over their own motion is frivolous.[3] In reality, the "no jurisdiction" point is a re-formulation of the question of whether or not the Elliotts' claims are Old GM Retained Liabilities. In other words, the Elliotts have done nothing more than recast the same fundamental argument. At its core, it is for this Court to decide this issue.

*Third*, as explained in the Response, the issue raised in the Peller Letter (*i.e.*, whether the claims asserted in the Elliott Ignition Switch Action are claims against Old GM or New GM) go to the heart of one of the Four Threshold Issues (as defined in this Court's Supplemental Scheduling Order, dated July 11, 2014), which this Court will address during the first phase of this contested proceeding. Specifically, this Court has determined that a Threshold Issue raised by the Motion to Enforce is "[w]hether any or all of the claims asserted in the Ignition Switch Actions are claims against the Old GM bankruptcy estate (and/or the GUC Trust)" ("**Old GM Claim Threshold Issue**"). The Court has established a briefing schedule for the Old GM Claim Threshold Issue, and this matter will be addressed by the Court this Fall. The Elliotts should not now be permitted to jump ahead of all other Plaintiffs, and disregard this Court's carefully-crafted procedures.

*Fourth*, because of the procedures established by the Court for the Four Threshold Issues, New GM stated in the Response that it would "limit its substantive arguments in this Response because of the absence of counsel for the other Plaintiffs in the Ignition Switch Actions," but if "the Court believes that substantive arguments are needed to address the Elliott Plaintiffs' claims in the context of their No Stay Pleading prior to the Court addressing the Four Threshold Issues (which New GM asserts should not be the case), New GM requests that it be given an opportunity to brief such issues." Response, ¶¶ 49-50. While the Peller Letter

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Motion to Enforce**"), dated April 21, 2014 [Dkt. No. 12620].

[3]  The Elliotts' counsel previously acknowledged that, once he decided he was not going to comply with the Stay Stipulation that his clients signed, the "better practice" was for him to have filed a No Stay Pleading. *See* Letter by Daniel Hornal, dated June 30, 2014, attached to the Court's Endorsed Order, dated June 30, 2014 [Dkt. No. 12737], at p. 1 n.1.

Honorable Robert E. Gerber
July 24, 2014
Page 3

references these statements (*see* p. 3 n.2 thereof), it then states "[t]he Elliotts, through undersigned counsel, confirmed that GM intends no further submission on the jurisdictional issue," referencing an email exchange that was attached as an exhibit to the Peller Letter. That e-mail exchange is also attached hereto as Exhibit "A" and clearly provides as follows:

> Thank you for your email. New GM's response filed yesterday responds to the pleading filed by the Elliott Plaintiffs in the Bankruptcy Court on July 11, 2014. ***As stated in the response, New GM requested that it be given an opportunity to file supplemental papers if the Bankruptcy Court believes that a more substantive response is required at this time.*** (emphasis added)

Any assertions to the contrary by Mr. Peller are simply not true.

*Fifth*, the Elliott Stay Order provided a briefing scheduling for the Elliotts' No Stay Pleading. The Elliotts were permitted to file a late No Stay Pleading and New GM was permitted to file a response. No further written arguments were permitted. The Peller Letter is thus an unauthorized reply and should be disregarded by the Court.

New GM assumes that all of these issues will be sorted out by the Court at the August 5, 2014 hearing on the Elliotts' No Stay Pleading.

For all of the foregoing reasons, New GM respectfully requests that the relief requested in the Peller Letter be denied in its entirety.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd

cc:  Daniel Hornal, Esq. (via e-mail transmission)
     Gary Peller, Esq. (via e-mail transmission)