Endorsed Order:

Requests to take the Elliotts' No Stay Pleading off calendar, and to "grant forthwith" their motion for dismissal based on asserted lack of subject matter jurisdiction, denied. The Elliotts can and should make such points as they see fit at oral argument on August 5.

Dated: July 30, 2014

                                                        s/Robert E. Gerber
                                        UNITED STATES BANKRUPTCY JUDGE

July 28, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      **Re: In re Motors Liquidation Company, et al., Case No. 09-50026 (REG)
      Lawrence Elliott's and Celestine Elliotts' Response to Arthur Steinberg's
      Letter Dated July 24, 2014.**

Dear Judge Gerber:

      This letter responds to the letter submitted to the Court by Arthur Steinberg, Esq., on July 24, 2014, regarding the Elliotts' pending motion to dismiss for lack of subject matter jurisdiction. The Elliotts hereby respond to the *new* points raised in Mr. Steinberg's latest communication to the Court.

1. **Mr. Steinberg's reference to an "alleged" motion to dismiss is incorrect.** There is a *pending* motion to dismiss. It is a fact of these proceedings, clearly reflected in the Elliotts' papers and on the Court's official docket. It was submitted by the Elliotts, GM responded, and it is now ready for the Court's disposition.

2. **Mr. Steinberg's assertion that the Elliotts' needed this Court's permission to file a motion to dismiss for lack of subject matter jurisdiction is false, and so indisputably so that its mere assertion should lead the Court to approach any other legal assertions he might advance with caution.** There is no question in American law that a jurisdictional challenge to a court of limited jurisdiction may be raised at any time.[1] Most lawyers learn this early on. Plaintiffs believe that Mr. Steinberg, one of the country's leading lawyers, representing one of the country's largest corporations, with the help of the resources and lawyers of two of the

---

[1] Federal Rule 12(h)(3) states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As the Supreme Court has stated, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (*citations omitted*); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")

Honorable Robert E. Gerber
July 28, 2014
Page 2

world's leading law firms, must also have known this basic legal principle when he made representations to the Court to the contrary in his July 24 letter.

3. **There is no need to set a briefing schedule**. GM invoked the jurisdiction of this Court. When challenged, it has the legal burden of establishing the jurisdiction of this Court. GM, through Mr. Steinberg, has now addressed the Court with reference to the Elliott action on some *five* separate occasions[2] since the Elliotts raised the issue. In none of GM's communications to the Court has GM asserted any jurisdictional basis other than the one repeated in Mr. Steinberg's latest letter, i.e., that because the Elliotts' claims concern a 2006 vehicle, this Court has subject matter jurisdiction. The Elliotts' papers cite binding Second Circuit authority to the contrary, with accompanying clear directions that lower courts examine the legal *claims* asserted to determine the Bankruptcy Court's jurisdiction. The Elliotts also presented binding Second Circuit authority that third party claims asserted against a non-debtor are not within the Bankruptcy Court's jurisdiction if they do not assert derivative or successor liability claims based on the primary liability of a debtor but instead assert breaches of independent duties owed by the non-debtor. GM has chosen not to challenge those arguments. The parties' positions are therefore clear and the issue is ready for the Court's disposition: Either GM is right that the simple fact that 2006 vehicles are involved means that this Court has jurisdiction, regardless of the nature of the claims; or the Elliotts are right that claims based on breaches of independently owed duties are beyond this Court's statutory and constitutional jurisdiction.

4. **Allowing GM more time would be unfair.** The Elliotts repeatedly requested this Court grant more time so that their serious constitutional claims could be properly presented and considered in an orderly fashion—without the threat of contempt proceedings hanging over the Elliotts and without having to prepare complex arguments regarding serious constitutional and jurisdictional issues in a matter of three days.[3] This Court denied each of those requests. GM has responded by ignoring the motion to dismiss, gambling that this Court would show more solicitude to GM than it did to the Elliotts, and that the Court would allow GM more time if it was otherwise inclined to agree with the Elliotts. Respectfully, GM is represented here by two of the world's leading law firms. It invoked this Court's jurisdiction over the Elliotts' lawsuit. It should not have done so if it was unprepared to provide a basis for this Court's jurisdiction over the subject matter. If these able law firms could not find contrary authority to cite in its numerous papers to the Court in response to the Elliotts' jurisdictional arguments, perhaps it is because there is none. This Court should grant the Elliotts' motion forthwith and not allow GM unfairly to test the waters with preliminary responses, relying on the Court to tell it when it has or has not presented sufficient arguments to prevail. GM has had ample opportunity to put

---

[2] *See* Docket Nos. 12748, 12768, 12782, and 12785, as well as the transcript of the July 2, 2014, hearing held on this matter.
[3] *See* Doc. Nos. 12740, 12761, and 12766.

Honorable Robert E. Gerber
July 28, 2014
Page 3

up. It is time to move on. The Elliotts have anguished under GM's threats to hold them and anyone involved with them in contempt for failing to comply with this Court's unlawful Orders. It is unfair to keep the Elliotts suffering this ordeal while GM has repeatedly failed to answer the Elliotts' jurisdictional challenges. This Court should reject Mr. Steinberg's suggestion now that GM be able to do so at its leisure despite the tight schedule and emotional anguish that the Elliotts, who are 78 and 73 years of age, disabled, and living on a fixed and modest income, have been forced to endure.

5. **Mr. Steinberg's assertion that other Plaintiffs should be heard as to whether the Court has jurisdiction over the Elliotts' lawsuit is senseless**. It is none of the other Plaintiffs' concern whether there is jurisdiction over the Elliotts' lawsuit or not. They are able to file their own motions to dismiss if they believe this Court lacks jurisdiction over their claims, but jurisdictional claims may not be delayed for the convenience of other parties in the proceeding. If the Court has no jurisdiction, it must release the Elliotts forthwith. Mr. Steinberg is again inviting the Court to treat this serious jurisdictional matter as a mere case management concern regarding timing and the like. The law, however, is clear. Not one of this Court's Orders, whether case management oriented or otherwise, have the force of law if the Court lacks subject matter jurisdiction over the matter in which the Order is issued.

6. **Mr. Steinberg's argument that the Elliotts "invoked" this Court's jurisdiction by filing a joint "No Stay Pleading" and "Motion to Dismiss for Lack of Subject Matter Jurisdiction," and thereby waived the right to object to jurisdiction, is absurd**. Of course, subject matter jurisdiction cannot be conferred even by consent of the parties, much less waived by papers asserting that very lack of subject matter jurisdiction.[4] Again, Mr. Steinberg, an esteemed and experienced advocate in these Courts, and a partner at one of the leading law firms in the world, must know this argument he presented to the Court on July 24 is frivolous.

7. **Mr. Steinberg for the first time claims that the question of this Court's subject matter jurisdiction over the Elliotts' claims is subsumed by one of the**

---

[4] *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (*citations omitted*):

> Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.

Honorable Robert E. Gerber
July 28, 2014
Page 4

"**threshold issues, to be determined sometime in October**. Whatever may be threshold issues for lawsuits over which this Court may have jurisdiction is simply irrelevant to the Elliotts' lawsuit. If there is no jurisdiction over the claims the Elliotts' assert, then there was no jurisdiction to expose them to this Court's over-reaching Order of July 8, 2014, nor to the May 16, 2014, Scheduling Order, and there is no jurisdiction to continue any stay whatsoever of their action, regardless of what might be appropriate for other lawsuits presenting different claims.

8. **There is no need for a hearing on this matter on August 5, 2014, and Plaintiffs request that the hearing be taken off the calendar.** Mr. Steinberg suggests that these issues will be "sorted out" at the hearing, but there is nothing to sort out. Either this Court has jurisdiction over these claims or it doesn't. GM has failed to establish the subject matter jurisdiction of this tribunal despite having the legal burden to do so, despite having itself invoked the jurisdiction of this Court, and despite having addressed the Court repeatedly since the Elliotts challenged jurisdiction. GM has already had numerous opportunities to present a jurisdictional basis for this Court to issue Orders to Lawrence and Celestine Elliott. It has not done so and it is time for the Court to decide the issue. Notably, in seeking the August 5 hearing and requesting an opportunity to present further papers if the Court advises GM it needs to do so, Mr. Steinberg has not uttered a single word about any additional legal theory or authority GM wishes to present. GM just wants delay.

9. **Mr. Steinberg's suggestion that I made false assertions to the Court about GM's intent regarding additional response to the Elliotts' motion is false**. After reviewing GM's opposition papers and noting that they failed to engage the Elliotts' jurisdictional arguments or to cite any legal authority regarding jurisdiction whatsoever, I wrote to GM to confirm that GM was not planning to submit a later opposition to the motion to dismiss separate from its opposition to the No Stay Pleading. The emails confirm that intent, the very representation I made to this Court in my letter of July 23, 2014.

Respectfully submitted,

/s/ *Gary Peller*

Gary Peller

cc:    Arthur Steinberg, Esq.