**SETTLEMENT DATE AND TIME: August 4, 2014 at 12:00 noon (Eastern Time)**
**OBJECTION DATE AND TIME: August 4, 2014 at 11:30 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                                              :    Chapter 11
                                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,       :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*             :
                                                                   :
                                Debtors.                     :    (Jointly Administered)
----------------------------------------------------------------x

**NOTICE OF SETTLEMENT OF ORDER DENYING THE RELIEF REQUESTED
BY THE PHANEUF PLAINTIFFS IN THEIR NO STAY PLEADING**

**PLEASE TAKE NOTICE** that, pursuant to Rule 9074-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York, the proposed *Order Denying The Relief Requested By The Phaneuf Plaintiffs In Their No Stay Pleading*, a copy of which is annexed hereto, will be presented for signature and entry to the Honorable Robert E. Gerber,

United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on **August 4, 2014 at 12:00 noon (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections or proposed counter-orders must be made in writing and shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Arthur Steinberg, Esq.); and (ii) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: Richard C. Godfrey, Esq.), so as to be received no later than **August 4, 2014, at 11:30 a.m. (Eastern Time)**.

Dated: New York, New York
       July 31, 2014

                                      Respectfully submitted,

                                      /s/ Scott I. Davidson
                                      Arthur Steinberg
                                      Scott Davidson
                                      KING & SPALDING LLP
                                      1185 Avenue of the Americas
                                      New York, New York  10036
                                      Telephone:  (212) 556-2100
                                      Facsimile:  (212) 556-2222

                                      -And-

2

        Richard C. Godfrey, P.C. (admitted *pro hac vice*)
        Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
        KIRKLAND & ELLIS LLP
        300 North LaSalle
        Chicago, IL 60654
        Telephone: (312) 862-2000
        Facsimile: (312) 862-2200

        *Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                           :    Chapter 11
                                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*            :
                                                                :
                      Debtors.              :    (Jointly Administered)
-----------------------------------------------------------------x

**ORDER DENYING THE RELIEF REQUESTED BY
THE PHANEUF PLAINTIFFS IN THEIR NO STAY PLEADING**

Upon the *No Stay Pleading* ("**Phaneuf No Stay Pleading**") filed by Lisa Phaneuf, *et al.* ("**Phaneuf Plaintiffs**"), dated May 27, 2014 [Dkt. No. 12713]; and upon the *Response by General Motors LLC to No Stay Pleading Filed in Connection with the Court's May 16, 2014 Scheduling Order*, filed by General Motors LLC on June 13, 2014 [Dkt. No. 12724] ("**Response**"); and a hearing (the "**Hearing**") having been held with respect to the Phaneuf No Stay Pleading and the Response on July 2, 2014; and upon the record of the Hearing, the Court having orally found and determined that the relief requested in the Phaneuf No Stay Pleading should be denied ("**Oral Ruling**"); and upon the Court issuing its *Decision with Respect to No Stay Pleading (Phaneuf Plaintiffs)* on July 30, 2014 [Dkt. No. 12791] ("**Decision**"), memorializing and amplifying the Oral Ruling issued at the Hearing; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Phaneuf No Stay Pleading is denied in its entirety for the reasons set forth in the Decision; and it is further

ORDERED that, as set forth in the Decision, the terms of the Stay Stipulation (annexed hereto as Exhibit "A") are hereby binding on, and enforceable against, the Phaneuf Plaintiffs,

23374125v1

notwithstanding that the Phaneuf Plaintiffs never agreed to enter into the Stay Stipulation; and it is further

ORDERED that the Bankruptcy Court shall retain jurisdiction to interpret and enforce this Order.

Dated: August __, 2014
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA PHANEUF, ADAM SMITH, MIKE GARCIA, JAVIER DELACRUZ, STEVE SILEO, STEVEN BUCCI, DAVID PADILLA, CATHERINE CABRAL and JOSEPH CABRAL, | ) **Case No. 1:14-cv-03298-JMF** ) ) **Honorable Jesse M. Furman** ) |
| Plaintiffs, | ) **STIPULATION STAYING ACTION** |
| v. | ) |
| GENERAL MOTORS LLC, | ) |
| Defendant. | ) |

WHEREAS, the above-referenced plaintiff(s) ("**Plaintiff(s)**") commenced this action ("**Action**") against General Motors LLC ("**New GM**") seeking, among other things, economic damages against New GM related to an alleged defect in certain vehicles or parts, and the recall instituted by New GM with respect thereto;

WHEREAS, on April 21, 2014, New GM filed the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Motion to Enforce**") in the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**") asserting, *inter alia*, that (i) the Action violates the Order of the Bankruptcy Court, dated July 5, 2009 ("**Sale Order and Injunction**") approving the sale of substantially all of the assets from General Motors Corp. (n/k/a Motors Liquidation Company) ("**Old GM**") to New GM, and the injunction contained therein, and (ii) the Bankruptcy Court has exclusive jurisdiction to interpret and enforce the Sale Order and Injunction;

WHEREAS, the Plaintiffs oppose the Motion to Enforce;

WHEREAS, by Order of the Bankruptcy Court dated May 16, 2014 ("**Scheduling Order**"), the Bankruptcy Court established certain procedures to address the issues raised in the Motion to Enforce and the objections thereto. One of the procedures set forth in the Scheduling Order provides that the Plaintiff(s) shall be given until May 23, 2014 to enter into voluntary stipulations with New GM[1] for a stay of all proceedings in this Action against New GM;

WHEREAS, a hearing has been scheduled for May 29, 2014 before the Judicial Panel on Multidistrict Litigation ("**JPML**") in *In re General Motors LLC Ignition Switch Litigation*, MDL 2543, to determine whether to consolidate and transfer this Action and other similar actions

---

[1] For purposes of this Stipulation, New GM shall also include General Motors Holdings LLC and General Motors Company.

2

(collectively, the "**Ignition Switch Actions**") for coordinated or consolidated pretrial proceedings and, if so, the District Court and District Judge ("**Transferee Court**") before whom the Ignition Switch Actions will be centralized for that purpose; and

WHEREAS, subject to the terms hereof, and any further order of the Bankruptcy Court, the Plaintiff(s) have agreed to voluntarily stay this Action and any proceeding before the Transferee Court (except as set forth herein) pending a resolution by the Bankruptcy Court of the issues raised in the Motion to Enforce, and the objections thereto, or as otherwise set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Plaintiff(s) and New GM (collectively, the "**Parties**"), as follows:

1. Subject to paragraph 6 hereof, the Parties have agreed to enter into this Stipulation to stay the Action against New GM, and that Plaintiff(s), subject to further order of the Bankruptcy Court, shall not seek to further prosecute this Action during the "Interval" against New GM. For purposes hereof, (a) the "**Interval**" shall commence on the date of this Stipulation and shall end 30 days after a Final Order(s) is entered resolving all issues raised in the Motion to Enforce, and (b) "**Final Order**" shall mean the entry of an order by the Bankruptcy Court, and the time period to file an appeal of such order has expired.

2. The Parties agree that this Stipulation shall not interfere with the hearing scheduled for May 29, 2014 before the JPML, and any order by the JPML regarding whether to consolidate and transfer the Ignition Switch Actions for coordinated or consolidated pretrial proceedings and, if so, the Transferee Court before whom the Ignition Switch Actions will be centralized for that purpose.

3. The Parties agree that if the JPML consolidates and transfers the Ignition Switch Actions to a Transferee Court, Plaintiff(s) will continue to abide by this Stipulation in the Transferee Court during the Interval, *provided, however*, that Plaintiffs may, if the Transferee Court so chooses, take such administrative actions relating to the appointment of plaintiff and defendant liaison counsel and forming a plaintiffs' steering committee or other committee of plaintiffs' counsel.[2]

4. This Stipulation is without prejudice to the rights of New GM to request that the Bankruptcy Court stay the Plaintiff(s) from any further proceedings before the Transferee Court, or for the Plaintiff(s) to oppose such relief.

5. The Parties agree that this Stipulation terminates when, and only to the extent that, the Bankruptcy Court grants relief from the stay of this Action as agreed to by this Stipulation; provided however if a plaintiff in a different Ignition Switch Action (as defined in the Motion to Enforce) does not sign a stipulation similar to this Stipulation, and prior to September 1, 2014 obtains a ruling from the Bankruptcy Court which permits that plaintiff to go forward in its Ignition Switch Action, the Plaintiff who signed this Stipulation reserves the right to promptly seek the same relief from the Bankruptcy Court as it applies to this Action but only if the same factual and/or legal predicate on which the other plaintiff obtained relief applies to the Plaintiff in this Action as it did to the plaintiff in the other Ignition Switch Action who obtained such relief.

6. Any Party may, after September 1, 2014, request that the Bankruptcy Court modify or terminate the stay agreed to herein for cause shown, including without limitation

---

[2] Pursuant to the Scheduling Order, the issue of whether a consolidated complaint can be filed in the Transferee Court shall be addressed at the conference scheduled to take place before the Bankruptcy Court on July 2, 2014 at 9:45 a.m.

4

based on any rulings by the Bankruptcy Court, or any perceived delay in the resolution of the Threshold Issues (as such term is defined in the Scheduling Order).

7. The Parties each agree to execute such documents as may be reasonably necessary to carry out the terms of this Stipulation.

8. The Parties each acknowledge that they have been represented by counsel, have jointly negotiated and prepared this Stipulation and are fully satisfied with its terms. In the event an ambiguity or question of intent or interpretation arises with respect to this Stipulation, this Stipulation shall be construed as if drafted by all Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provision of this Stipulation.

9. This Stipulation shall be governed by and construed in accordance with the substantive laws of the State of New York, without regard to the conflict of laws principles thereof.

10. This Stipulation constitutes the entire agreement and understanding between the Parties regarding the subject matter herein, and supersedes any Party's promises to or agreements with any other Party with respect to the subject matter herein. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

11. Nothing set forth herein is intended to modify the terms of the Scheduling Order. If there are any inconsistencies or conflicts between the terms of this Stipulation and the terms of the Scheduling Order, the terms of the Scheduling Order shall control.

12. This Stipulation may be filed by either Party in the Action and in the Bankruptcy Court.

5

13. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or e-mail transmission, and each of which shall be deemed an original.

6

DATED:                                    Respectfully submitted,

*/s/*
Lisa LeCointe-Cephas (SBN 4478434)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Telephone:  215-446-4800
Facsimile:  215-446-4900
Email:  lisa.lecointe-cephas@kirkland.com

Richard C. Godfrey, P.C. (to be admitted *pro hac vice*)
Robert B. Ellis, P.C. (to be admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (to be admitted *pro hac vice*)
Leonid Feller (to be admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654-3406
Telephone:  312-862-2000
Facsimile:  312-862-2200
Email:  rgodfrey@kirkland.com
Email:  rellis@kirkland.com
Email:  abloomer@kirkland.com
Email:  leonid.feller@kirkland.com

*Attorneys for Defendant General Motors LLC*

DATED:                                    */s/*
D. Greg Blankinship
Todd S. Garber
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
1311 Mamaroneck Avenue
White Plains, NY  10605
Telephone:  914-298-3281
Facsimile:  914-824-1561
Email:  gblankinship@fbfglaw.com
Email:  tgarber@fbfglaw.com

*Attorneys for Plaintiffs*