# Exhibit C

MARION R. YAGMAN (SBN 83007)
mrygmn@msn.com
JOSEPH REICHMANN (SBN 29324)
YAGMAN & REICHMANN
723 Ocean Front Walk
Venice Beach, California 90291-3212
(310)452-3200

Presented on behalf of Stephen Yagman,
in his class representative capacity only

STEPHEN YAGMAN
723 Ocean Front Walk
Venice, California 90291-3212
(310) 452-3200

Presented on behalf of Stephen Yagman,
in his individual capacity only

FILED
2014 JUN 18 PM 12:45
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| STEPHEN YAGMAN, individually and as class representative, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS COMPANY, MARY BARRA, and UNKNOWN NAMED DEFENDANTS 1-20, <br><br> Defendants. | CV14-04696-MWF(AGRx) <br><br> **COMPLAINT** <br> (06-18-14) <br><br> (Damages, 18 U.S.C. § 1961, *et seq.*, and class action allegations) <br><br> **JURY DEMAND** |

Plaintiff makes the following allegations on information and belief in support of this complaint:

**JURISDICTION AND VENUE**

1. Plaintiff asserts federal claims against defendants pursuant to 18 U.S.C. § 1961, *et seq.*, and therefore the court has jurisdiction to 28 U.S.C. § 1331 (federal question jurisdiction).

PAID
JUN 18 2014
Clerk, US District Court
COURT 4612

1

2. Plaintiff and defendants are citizens of different states, to wit: plaintiff is a citizen of New York, and defendants, each and all, are citizens of states other than New York, including Delaware and Michigan (General Motors Company (hereinafter "GM") of both States and Mary Barra (hereinafter "Barra") of Michigan), therefore this court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Defendants systematically do business in California and the claims arose in California, and in the federal court Central District of California.

GM is a corporation organized under the law of the State of Delaware with a principal place of business in Detroit, Michigan, and Barra is a citizen of Michigan.

Because defendants do business in California and all of the matters that are the basis for this action occurred in Los Angeles County, therefore, venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

### THE PARTIES

3. Plaintiff is **STEPHEN YAGMAN** (hereinafter "Yagman" or "plaintiff"), who is a citizen of the United States of America and defendants are identified as follows: **GM** is a designer, manufacturer, and assembler of automobiles, **BARRA** is GM's president, and Unknown Named Defendants 1-20, are persons and/or entities whose true names presently are unknown and who engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow.

### ALLEGATIONS COMMON TO EACH COUNT

4. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

5. Plaintiff is an owner of a 2007 Buick Lucerne.

2

6. The Lucerne has a defect that first became apparent in 2014 and which was latent until that time, to wit: its engine stopped running when it was in motion and plaintiff was operating it and there was a complete shutdown of its electrical system.

7. Plaintiff immediately took the vehicle to a qualified mechanic who was unable to determine the cause of this failure and who billed plaintiff for diagnosis and a possible repair.

8. Plaintiff thereafter took the vehicle to an authorized GM dealership, who initially was unable to determine the cause of the failure, but who thereafter determined that the cause of the failure was mechanical and who billed plaintiff for diagnosis and possible repair.

9. Thereafter, the engine again stopped running, plaintiff returned to the GM dealership, who did an additional repair, for which plaintiff was billed.

10. Plaintiff then requested that GM and Barra reimburse plaintiff for the costs of the repair, but GM and Barra ignored and never responded to plaintiff's request.

11. Plaintiff now is an owner of a defective vehicle.

12. Defendant GM manufactured a defective vehicle.

13. Defendant GM sold a defective vehicle.

14. Defendant GM knew the vehicle was defective at the time it was put into the stream of commerce for sale and was sold.

15. Defendant GM concealed and covered-up the defect in the vehicle, and when the defect became known to GM it continued to deny the defect's existence.

## COUNT 1

16. In doing and failing to do the things hereinabove alleged, defendants and each of them violated the warranty of merchantability and thereby damaged plaintiff.

## COUNT 2

17. In doing and failing to do the things hereinabove alleged, defendants violated the warranty of fitness for a particular use of their product.

## COUNT 3

18. By manufacturing, marketing, putting into the stream of commerce, and causing to be sold the subject vehicle and representing the vehicle as being fit for its intended purpose, defendant GM made material misrepresentations on which it intended the public and purchasers of its vehicles to rely and on which the buyers of the vehicle, including plaintiff, relied to their detriment and were damaged, and GM thereby committed fraud and mail fraud.

19.-41. Reserved.

## COUNT 4

42. The defendants constitute an enterprise, within the meaning of 18 U.S.C. 1961(4), and GM is a RICO enterprise.

43. As regards the dealings alleged in the instant action, all defendants together are an enterprise, within the meaning of 18 U.S.C. § 1961(4).

44. The activities of all defendants affect interstate commerce.

45. Defendants received income, directly and/or indirectly, by way of, *inter alia*, salary, compensation, reimbursement for expenses, *per diem* costs reimbursements, meals, lodging, and/or travel, from the pattern of racketeering activity alleged herein and used that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

46. Defendants, being associated with said enterprise, conducted and/or participated in said enterprise's affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

4

47. The pattern of racketeering activities included a continuous pattern and practice potentially involving activities, including any potential civil RICO predicates, set forth in the RICO predicate statutes, including extortion and civil rights violations.

48. On information and belief, the enterprises' activities have occurred on more than one occasion over the past 10 years and have been done on numerous occasions and constitute at least three acts.

49. The bad acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including at least fraud, wire fraud, and mail fraud, and pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics and are not isolated events, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity.

50. These wrongful acts over a period of years and the bad acts alleged hereinabove enabled defendants to acquire and maintain, both directly and indirectly, interests in and control of the racketeering enterprises in which they all engage.

51. Defendants' activities led to their control and acquisition over their enterprise and resulted in the injuries to plaintiff, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

52. By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial defendants engaged in and condoned racketeering activities.

53. The willful and/or negligent mismanagement of the enterprise for over 10 years, with knowledge by defendants charged with management and potentially

other defendants that it was and continues to be operated as a RICO enterprise, directly caused the harm to plaintiff, as alleged herein.

54. The acquisition of control of the enterprise by its participants who engaged in RICO predicate acts harmed plaintiff.

55. The enterprise formed by the defendants herein is an enterprise because it has an hierarchical structure and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

56. Plaintiff was harmed in that his property, to wit, his vehicle, was subjected to, affected by, and its value affected negatively by fraud.

57. Both directly and indirectly, defendants in the acts and instances alleged herein, and others, have conducted the RICO enterprise's affairs and have, as a matter of fact, participated in the operation and *de facto* management of the RICO enterprise.

58. By the conduct alleged herein, each defendant participated in the operation and management of the RICO enterprise himself and herself and played some part in directing its affairs.

59. Plaintiff was injured in his property by reason of the conduct against him, as set forth hereinabove.

60. Plaintiff has suffered a material diminishment in the value of his property, to wit, his vehicle because it is defective and its value is diminished by the defect(s).

61. Defendants unlawfully have engaged in the racketeering activities set forth in the preceding averments and, on information and belief, on numerous occasions, during the past 10 years and before that, through a pattern of

6

racketeering activity, and have acquired, directly and indirectly, control of the named enterprise.

62. Defendants, who either are officers, officials, are employed by or who are associated with the racketeering enterprise, have conducted that enterprise through a pattern of racketeering activity, as set forth hereinabove.

63. Through a pattern of racketeering activities, as set forth hereinabove, defendants, and each of them, acquired and/or maintained, directly and/or indirectly, interests in and/or control of the RICO enterprise and their activities by, among other things, their own aggrandizement that flows therefrom.

64. By virtue of the allegations set forth hereinabove, some defendants were or are employed by, all defendants were or are associated with, and all defendants participated in, directly and/or indirectly, the RICO enterprise.

65. Defendants unlawfully have conspired, as set forth hereinabove, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, on information and belief, continued to do so with the aid and assistance of co-conspirators

66. Plaintiff was injured in his property by reason thereof, and plaintiff is entitled to damages, to be trebled.

## CLASS ACTION ALLEGATIONS

67. Plaintiff is a member of, and represents, a class whose defining characteristics are: persons who own Buick Lucerne model years 2006 to 2011.

68.-69. Reserved.

70. The class contains over 100 members, and so numerous so that joinder of all members would be impracticable, and also, because only defendants know the names of all of the members of class, and defendants and are the only persons who have information sufficient to identify all the members of class, it is impracticable to join all the members of the class in this action.

71. As to the class, there are only common questions of fact and law with respect to the class and all of its members.

72. The claims made by the representative party, the plaintiff, is typical and is the same as the claims of each of the class members.

73. The representatives of the class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

74. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the class, and defendants have acted and will continue to act on grounds generally applicable to every class member, and the class questions not only predominate but are the only questions that exist.

75. Therefore, this action is maintainable under F.R. Civ. P. Rule 23(a), & (b)(1)(A),(B)(1),(2), and (3).

76. Presently, it is not possible accurately to measure the size of the class.

77. The nature of the notice to be provided to class members should be as follows: defendants should be required to identify and to provide a suitable notice to all class members, so that all class members will have notice that there is a class to which they may belong and which provides them an opportunity to opt-out of any of the class.

78. Each defendant acted or failed to act with malice, ill-will, recklessly, and/or oppressively and therefore is liable for punitive damages.

**WHEREFORE**, plaintiff requests relief against defendants, and each of them, as follows:

1. General damages to be determined in a sum exceeding $75,000.00, exclusive of interest and costs;

2. Punitive damages to be measured by defendants' net worth or profits;

3. The trebling of damages for the RICO violations;

4. Costs of suit;

5. Attorneys' fees;

6. Interest; and,

7. Such other relief as is just and proper.

*[signature]*
STEPHEN YAGMAN

## JURY DEMAND

Plaintiff demands trial by jury of all issues.

*[signature]*
STEPHEN YAGMAN

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)

**STEPHEN YAGMAN**

(b) County Of Residence Of First Listed Plaintiff (Except In U.S. Plaintiff Cases):

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Stephen Yagman
723 Ocean Front Walk
Venice, CA 90291-3212
(310) 452-3200

**DEFENDANTS**

**GENERAL MOTORS COMPANY**

County Of Residence Of First Listed Defendant (In U.S. Plaintiff Cases Only):

ATTORNEYS (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No      **MONEY DEMANDED IN COMPLAINT $ DAMAGES**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
**42 U.S.C. 1983, 18 U.S.C. 1961**

**VII. NATURE OF SUIT** (Place an X in one box only)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation |
| ☒ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | | ☐ 355 Motor Vehicle Product Liability | BANKRUPTCY | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | | CIVIL RIGHTS | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 441 Voting | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | | ☐ 443 Housing/Acco- mmodations | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | | ☐ 444 Welfare | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): not applicable

**FOR OFFICE USE ONLY:** Case Number **CV14-04696**

CV-71 (01/03)      CIVIL COVER SHEET – Continued on Reverse      Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒No  ☐Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case :**
(Check all boxes that apply)
☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. Call for determination of the same or substantially identical questions of law, or
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Delaware

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**NOTE:** In land condemnation cases, use the location of the tract of land involved.
Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *[signature]*  Date: June 18, 2014

**NOTICE TO COUNSEL/PARTIES:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |