Gary Peller
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)
peller@law.georgetown.edu
Counsel for Ishmail Sesay and Joanne Yearwood

August 8, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408
gerber.chambers@nysb.uscourts.gov

**Re: In re Motors Liquidation Company, et al., Case No. 09-50026 (REG);**
*Sesay et al v. General Motors et al*, 1:14-06018 (JMF)

Your Honor:

I represent Ishmail Sesay and Joanne Yearwood (hereafter "**the Sesay Plaintiffs**") in the putative class action referenced above.

This letter requests:

1) Relief from the time periods imposed pursuant to the Court's prior Orders so that the *Sesay* Plaintiffs may present and the Court dispose of their planned motion to dismiss for lack of subject matter jurisdiction, and their associated objections to the application of this Court's prior Orders to their action, prior to the submission of No Stay papers that would only become relevant in the event this Court determines that it does have subject matter jurisdiction over the lawsuit;

2) The Court's adoption of a briefing schedule for the *Sesay* Plaintiffs forthcoming motion to dismiss for lack of Subject Matter jurisdiction that gives reasonable time for the *Sesay* plaintiffs to present their arguments; and,

3) In the event the Court, after consideration of the *Sesay* Plaintiffs' contentions, determines that it has subject matter jurisdiction over their action, that the *Sesay* Plaintiffs be given a reasonable time, greater than the three days envisioned by this

Honorable Robert E. Gerber
August 8, 2014
Page 2

Court's July 8, 2014 Scheduling Order, to present a No Stay Pleading to the Court pursuant to the Court's prior Orders. The grounds for these requests are set forth below.

Yesterday, General Motors LLC (hereafter "GM") submitted its Sixth Supplement to Schedule 1 and its Sixth Supplement to Schedule 2 of its Motion to Enforce. GM also sent me a communication with this Court's July 8, 2014, Scheduling Order and a version of what appears to be a form entitled "Sesay Stipulation Staying Action SD NY," among many other papers

The *Sesay* Plaintiffs will not "voluntarily" stay their action.

The *Sesay* Plaintiffs challenge the Court's subject matter jurisdiction over the *Sesay* lawsuit. Their claims are solely and exclusively based the alleged breaches of independent, non-derivative duties that in no way relate to any liability ever held by the entity this tribunal has called "Old GM" (hereafter "the debtor")—the only entity whose bankruptcy proceedings conducted by this Court with any relation to the *Sesay* lawsuit; that relation is *solely* regarding how GM came to possess the information it knowingly concealed from Plaintiffs, putative class members, government officials, investors, litigants, and others, in breach of its *own duties* to disclose that material information to each of those persons.

This Court's 2009 Sale Order is concerned only with liabilities that can be traced back to the debtor, and, of those liabilities, distinguishes between those that are retained by debtor, the asset seller, and those liabilities of the debtor assumed by the asset buyer, GM, which the Court has referred to as "New GM." The *Sesay* claims, therefore, in no way relate to the Sale Order; accordingly, this Court lacks jurisdiction over the *Sesay* claims, and the *Sesay* lawsuit as a whole, under any purported power to interpret and enforce the Sale Order.

Controlling authority of the United States Court of Appeals for the Second Circuit supports this contention. That Court has repeatedly admonished the Bankruptcy Courts bound by its decisions to exercise special care when a *non-debtor* such as GM comes before the Court seeking the special solicitude of this Court's protective stay powers. *See, e.g., In re Johns-Manville Corp.*, 600 F.3d 1355 (2d Cir. Mar. 22, 2010); *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 143 (2d Cir. 2005); *Teachers Ins. & Annuity Ass'n of Am. v. Bultur*, 803 F.2d 61, 65 (2d Cir. 1986); *see also In re Dow Corning Corp.*, 280 F. 3d 648, 658-61 (6th Cir. 2002); *In re Specialty Equip. Cos.*, 3 F. 3d 1043, 1044-49 (7th Cir. 1993).

The *Sesay* Plaintiffs present serious constitutional and statutory issues regarding this Court's jurisdiction over third-party claims asserting breaches of independent, non-derivative duties by GM, a non-debtor. *See, e.g., In re Johns Manville Corp.*, 517 F.3d 52, 66 (2d Cir. 2008), *vacated & remanded on other grounds*, 557 U.S. 137 (2009), *aff'g in part & rev'g in part*, 600 F.3d 135 (2d Cir. 2010); *In re Quigley Co., Inc.*, 676 F.3d 45 (2d Cir. 2012); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992); *In re Old Carco LLC*, 492 B.R. 392, 405 (Bankr. S.D.N.Y. 2013); *In re Grumman*, 445 B.R. 243, 255 (Bankr. S.D.N.Y. 2011); *In re Dreir*, 429 B.R. 112, 133 (Bankr. S.D.N.Y. 2010); *See generally In re Zale Corp.*, 62 F.3d 746 (5th Cir. 1995); *In re Kubly*, 818 F.2d 643, 645 (7th Cir. 1987).

Honorable Robert E. Gerber
August 8, 2014
Page 3

    Respectfully, this Court's limited powers do not reach far enough to protect a wrongdoer, like GM, from having to answer without delay, in the civil courts where it stands accused, for the consequences and *continuing* public safety risks unleashed by the years of historic corporate misconduct to which it has admitted.

    This Court's 2009 Sale Order and its Scheduling Orders in these proceedings are independently inapplicable to the *Sesay* Plaintiffs on constitutional due process bases: The *Sesay* Plaintiffs were not a party to and have had no opportunity to be heard with respect to those Orders, and thus cannot be bound by them. *Fuentes v. Shevin*, 407 U.S. 67, 81 (1972).

    To the extent the Court's prior Orders purport preliminarily to enjoin the *Sesay* Plaintiffs, *the Sesay* Plaintiffs are seek a reasonable opportunity to present their serious arguments that such Orders are constitutionally infirm because an individualized consideration of factors relating to irreparable injury, likelihood of success, balance of hardship, and the public interest, in a proceeding in which the *Sesay* plaintiffs are accorded notice and a meaningful opportunity to be heard, is a precondition to the imposition of this Court's equitable powers over them. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Fuentes v. Shevin*, supra at 80-81 (1972); *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 170-71 (1951) (Justice Frankfurter concurring); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Baldwin v. Hale*, 68 U.S. (1 Wall.) 223, 233 (1863).

    Because the Court lacks subject matter jurisdiction over their lawsuit, the *Sesay* Plaintiffs will contend, the *Sesay* Plaintiffs are bound by no Orders of this Court and in particular are subject neither to this Court's Scheduling Orders, nor to the Court's 2009 Sale Order and Injunction. They seek also to object to the Sale Order and this Court's Scheduling Orders being applied to them, on the jurisdictional and due process grounds described above.

    The *Sesay* Plaintiffs would like an opportunity to present the serious issues described above in an orderly process that affords them reasonable time to prepare these complex and serious arguments. This letter request has gone to some length to demonstrate that the *Sesay* Plaintiffs present *serious* contentions and should be given a *reasonable* opportunity to present those arguments in an orderly and professionally competent fashion, rather than under the three day deadline imposed by the Court's July 8, 2014, Scheduling Order. But this letter is not itself intended to present the motion to the Court, this letter is merely intended to seek a reasonable timetable for presenting the issues in the future.

    The *Sesay* Plaintiffs understand this Court's preference that litigants before it retain specialized bankruptcy counsel to represent them in these proceedings. Hearing on the Elliotts' No Stay Pleading and Motion to Dismiss for Lack of Subject Matter Jurisdiction, Tr. at 56. (August 5, 2014). Like counsel for many lawsuits seeking relief for harms caused by GM's wrongdoing, counsel for *Sesay* does not specialize in bankruptcy, but rather consumer protection and constitutional law. While they have promptly begun the process of locating specialized bankruptcy counsel, the *Sesay* Plaintiffs are limited by their modest financial means. It may be that this search is unsuccessful, and that counsel will have to endeavor to learn bankruptcy law sufficiently to present the *Sesay*'s arguments in a competent and professional manner. As counsel understand it, such a review of the relevant law will include the need to learn the details of a

Honorable Robert E. Gerber
August 8, 2014
Page 4

plethora of legal authority that this Court found relevant in a prior hearing presenting similar issues, *id.* at 50, a feat that can hardly be performed within the three days accorded under the Court's July 8, 20124 Order. In addition, counsel understand that the Court will expect to hear how distinctions between the *Sesay* lawsuits and each of the other lawsuits before the Court in this proceeding justify different treatment for the *Sesay* action, necessitating counsel's review of the pleadings in the over one hundred actions that GM has brought before the Court, another task that can hardly be accomplished in the narrow time frame the July 8, 2014, Scheduling Order affords.

Because the Court's subject matter jurisdiction is a pre-condition to this Court's power to impose any case management or stay power over the *Sesay* Plaintiffs, the *Sesay* Plaintiffs request that the Court suspend the three-day deadline for submitting a No Stay Pleading and set a briefing Schedule for the *Sesay*'s planned Motion for an Order of Dismissal for Lack of Subject Matter Jurisdiction. If the *Sesay* Plaintiffs prevail, no issue of submission of the No Stay Pleading will arise. If GM prevails, the *Sesay* Plaintiffs would submit their No Stay pleadings after a reasonable opportunity to do so.

The *Sesay* Plaintiffs propose the following briefing schedule for these matters:

1) The *Sesay* Plaintiffs will submit their Motion to Dismiss for Lack of Subject Matter Jurisdiction and their Objections to the application of this Court's previously entered Orders to them by August 18, 2014;
2) GM will respond by August 25, 2014;
3) The *Sesay* Plaintiffs will reply by September 2, 2014;
4) If this Court denies their motion to dismiss and their Objections to the application of the Court's previously entered Orders to their suit, the *Sesay* Plaintiffs will have ten days from the entry of that Order to file their "No Stay Pleading." GM will have seven days to respond, and Plaintiffs will have five additional days to reply.

Counsel has sought GM's consent to these requests, but as of the time of this filing GM has not responded.

    Respectfully submitted,

    /s/ *Gary Peller*

    Gary Peller
    600 New Jersey Avenue, N.W.
    Washington, DC  20001
    Telephone:  202-662-9122
    Facsimile:  202-662-9680
    Email:  peller@law.georgetown.edu

    *Attorney for Plaintiffs*

cc:    Arthur Steinberg, Esq.