**SETTLEMENT DATE AND TIME: August 12, 2014 at 12:00 noon (Eastern Time)**
**OBJECTION DATE AND TIME: August 12, 2014 at 11:30 a.m. (Eastern Time)**

Gary Peller
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)
peller@law.georgetown.edu
*Attorney for Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                    :     Chapter 11
                                                         :
MOTORS LIQUIDATION COMPANY, *et al*.,                    :     Case No.: 09-50026 (REG)
       f/k/a General Motors Corp., *et al*.           :
                                                         :
                  Debtors.       :     (Jointly Administered)
-------------------------------------------------------------x

## NOTICE OF OBJECTIONS TO PROPOSED ORDER AND PROPOSED COUNTER-ORDER

      Plaintiffs object to the proposed Order submitted by General Motors LLC ("**GM**"). Notice of Settlement of Order, Doc. No. 12820, because it fails to distinguish between the claims of Lawrence Elliott and Celestine Elliott on the one hand and the claims of Berenice Summerville on the other hand. The Elliotts' proposed counter-order remedies that deficiency by clarifying that the Order applies solely to the Elliotts' claims, and not to those of Ms Summerville. GM has not to date brought Ms. Summerville's ignition switch claims to this Court so that she cannot be bound and her claims stayed unless and until GM chooses to do so.

      In addition, Plaintiffs object to the proposed Order submitted by GM because it fails to distinguish between the Elliotts' ignition switch claims against which GM sought enforcement, and which have been the subject of the Court's hearing and ruling on this matter, and their non-ignition switch claims, which have not to date been brought before this Court. The Plaintiffs' proposed Order remedies this deficiency by clarifying that only their "ignition switch" claims are stayed.

      The Elliotts also deleted a reference to a "preliminary injunction" insofar as the Court ruled from the bench that the Elliotts would not be heard on the matter and GM did not request and the Court did not purport to make the findings that would have been necessary before a preliminary injunction could lawfully issue.

23402504v1

The Elliotts' alternative proposed Order is attached.

Dated: Washington, District of Columbia
August 8, 2014

Respectfully submitted,

/s/ Gary Peller

Gary Peller
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)
peller@law.georgetown.edu

*Attorney for Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------x

**PROPOSED ORDER DENYING THE RELIEF REQUESTED IN PLAINTIFFS LAWRENCE AND CELESTINE ELLIOTT'S NO STAY PLEADING PURSUANT TO THE COURT'S SCHEDULING ORDERS AND MOTION FOR ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO BANKR. R. 7012(b) AND FOR RELATED RELIEF**

Upon the Motion of New GM to Enforce the Sale Order and Injunction against the "ignition switch" claims asserted by Lawrence Elliott and Celestine Elliott in their lawsuit, *Elliott et al v. General Motors LLC et al,* 1:14-cv-00691 (D.C. Dist.) (KBJ), upon consideration of *Plaintiffs Lawrence And Celestine Elliott's No Stay Pleading Pursuant To The Court's Scheduling Orders And Motion For Order Of Dismissal For Lack Of Subject Matter Jurisdiction Pursuant To Bankr. R. 7012(b) And For Related Relief* ("**Elliott Pleading**") filed by Lawrence and Celestine Elliott ("**the Elliotts**") [Dkt. No. 12772]; and upon the *Response by General Motors LLC to No Stay Pleading Filed by the Elliott Plaintiffs*, filed by General Motors LLC [Dkt. No. 12782] ("**Response**"), and upon the other documents filed with the Court related to this matter; and a hearing (the "**Hearing**") having been held with respect to the Elliott Pleading and the Response on August 5, 2014; and upon the record of the Hearing, the Court having orally found and determined that the relief requested in the Elliott Pleading should be denied ("**Oral Ruling**"); and upon the Court issuing its *Decision with Respect to No Stay Pleading and Related Motion to Dismiss for Lack of Subject Matter Jurisdiction (Elliott Plaintiffs)* on August 6, 2014

[Dkt. No. 12815] ("**Decision**"), memorializing and amplifying the Oral Ruling issued at the Hearing; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Elliott Pleading is denied in its entirety for the reasons set forth in the Decision; and it is further

**ORDERED** that the claims asserted by Lawrence Elliott and Celestine Elliott relating to their alleged faulty ignition switch in their 2006 Chevrolet Cobalt will be treated the same as those in the other Ignition Switch Actions.[1] The stay already imposed by the injunctive provisions of Paragraphs 8 and 47 of the Sale Order and Injunction will remain in place insofar as it affects the ignition switch claims asserted on behalf of Lawrence Elliott and Celestine Elliott in their amended complaint—subject to the right, shared by all of the other Plaintiffs in the Ignition Switch Actions, to ask that the Court revisit the issue after September 1; and it is further

**ORDERED** that the Bankruptcy Court shall retain jurisdiction to interpret and enforce this Order.

Dated: August __, 2014
       New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 [Dkt. No. 12620].