# Exhibit 3

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

<table>
<tr><td>Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com</td><td>300 North LaSalle<br>Chicago, Illinois 60654<br><br>(312) 862-2000<br><br>www.kirkland.com</td><td>Facsimile:<br>(312) 862-2200</td></tr>
</table>

July 21, 2014

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    *In re: General Motors LLC Ignition Switch Litigation,*
>        14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

Counsel for defendants have conferred and submit this joint letter pursuant to Section X of the Court's Order No. 1. General Motors LLC ("New GM"), Delphi Automotive Systems, LLC ("Delphi"), Delphi Automotive PLC, Don McCue Chevrolet, Inc., Continental Automotive Systems, Inc., and AutoFair Chevrolet, LLC (the "Defendants") provide this letter to assist the Court in its consideration of the status items set forth in Section X of Order No. 1.

## 1.    The Nature Of This Action And Principal Defenses Thereto

### A.    Plaintiffs' Claims in MDL 2543

Nearly all of the actions in this MDL assert claims for alleged economic damages relating to vehicles, ignition switches, and other parts manufactured and sold by General Motors Corporation ("Old GM"), the entity that filed for Chapter 11 bankruptcy in June 2009. Currently, there are 101 actions—filed on behalf of 358 plaintiffs—that have been transferred to this Court. Ninety-one of these actions are filed as putative class actions and ten are filed as individual actions.[1] The plaintiffs in most, if not all, of the actions in this MDL make allegations and claims relating to vehicles and ignition switches manufactured and/or sold by Old GM.[2]

---

[1] All cases that have been transferred to MDL 2543 as of the date of this letter are listed in Exhibit A hereto. The nine actions asserting personal injury or wrongful death claims, as well as an economic loss putative class action that also seeks to represent a subclass of personal injury claimants, are identified with an asterisk (*) in Exhibit A.

[2] In two of the actions, plaintiffs also include allegations related to other parts manufactured by Old GM or New GM for various model year vehicles, including power steering, airbags, brake lights, shift cables, safety belts, ignition lock cylinders, ignition keys, front axle shafts, windshield wipers, brake rotors, etc. (*See* footnote 7, infra.)

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 2

In general, the complaints at issue in MDL 2543 assert various causes of action under federal and state law, including strict products liability; negligence; breach of express and implied warranty; fraud and fraudulent concealment; unjust enrichment; violation of state consumer protection, unfair competition, false advertising, and deceptive trade practices statutes; violation of federal and state lemon laws; and violations of federal and state RICO statutes.

As the Court knows, on April 21, 2014, New GM filed in the United States Bankruptcy Court for the Southern District of New York a Motion to Enforce that Court's July 5, 2009 Sale Order and Injunction against plaintiffs whose claims have been brought seeking to hold New GM liable for alleged economic losses relating to vehicles and/or parts (*i.e.*, the ignition switches) manufactured and/or sold by Old GM (the "Economic Loss Motion to Enforce").  The Economic Loss Motion to Enforce seeks to bar, in whole or in large part, the claims asserted against New GM by almost all of the plaintiffs in MDL 2543.  Currently, plaintiffs in 90 of the actions in this MDL (representing 89% of all cases) allege economic damage claims that are the subject of New GM's Economic Loss Motion to Enforce.

In addition, New GM intends—prior to the August 11, 2014 Initial Conference—to file in the Bankruptcy Court (i) a Motion to Enforce that Court's Sale Order and Injunction against claims asserted by plaintiffs which seek to hold New GM liable for alleged economic losses relating to vehicles and/or non-ignition switch parts manufactured and/or sold by Old GM (the "Non-Ignition Switch Motion to Enforce"), and (ii) a Motion to Enforce that Court's Sale Order and Injunction against claims asserted by plaintiffs for personal injuries arising from any accident or incident that occurred prior to the July 10, 2009 closing on the sale of Old GM's assets pursuant to 11 U.S.C. § 363 (the "Pre-Closing Accident Motion to Enforce").[3]  New GM's Non-Ignition Switch Motion to Enforce and its Pre-Closing Accident Motion to Enforce will seek to bar, in whole or in large part, plaintiffs' claims in additional actions pending in this MDL as well as in other related cases.  Upon filing of these motions, New GM will provide the Court with courtesy copies and notice of the filings.

Further, if the plaintiffs do not dismiss their claims against Delphi, Delphi intends to assert all available defenses and may take other appropriate actions, such as seeking bankruptcy-related relief similar to that being sought by New GM from Judge Gerber.  Delphi has refrained from seeking such relief because (i) it may never be necessary, and (ii) if necessary, it can be addressed far more expeditiously, and with less duplication of effort, after certain legal issues have been addressed in the New GM proceedings before Judge Gerber.  Regardless of how they

---

[3]  Plaintiffs asserting claims for personal injury arising from a pre-closing accident may be eligible to participate in the GM Ignition Compensation Claims Resolution Facility administered by Kenneth Feinberg.  Information regarding this Facility is publicly available at www.GMIgnitionCompensation.com.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 3

may apply to Delphi's distinct facts, Judge Gerber's forthcoming rulings should be relevant to any similar request for relief by Delphi, and should aid in the prompt disposition thereof.

In sum, New GM's Economic Loss Motion to Enforce, Non-Ignition Switch Motion to Enforce, and Pre-Closing Accident Motion to Enforce will address almost all of the claims in this MDL. Threshold issues identified by the Bankruptcy Court related to New GM's Economic Loss Motion to Enforce are currently scheduled to be heard by the Bankruptcy Court on or after October 10, 2014. (7/14/14 Letter from R. Godfrey and A. Bloomer to Hon. Jesse M. Furman (ECF No. 57) at 2.) New GM's forthcoming Non-Ignition Switch Motion to Enforce and Pre-Closing Accident Motion to Enforce will also be heard and decided by the Bankruptcy Court, possibly on a similarly expedited schedule. Defendants respectfully submit that critical legal issues presented by claims asserted in this MDL will be decided by the Bankruptcy Court. At a minimum, Defendants believe that the decisions of that Court will materially aid and advance the litigation in this Court, and assist this Court in organizing this MDL proceeding.

## B.    Defendants' Principal Defenses

Defendants intend to vigorously defend against the claims asserted against them in this MDL. New GM's principal threshold defenses include that plaintiffs' claims, and the relief sought, are subject to the jurisdiction and venue of the Bankruptcy Court, and are barred in whole or in large part by that Court's 2009 Sale Order and Injunction. Independently, New GM and the other Defendants have various affirmative and other defenses to plaintiffs' claims, many of which can be raised and adjudicated, if necessary, at the appropriate time by way of motions to dismiss, for judgment on the pleadings, or for summary judgment. For example, one of New GM's and Delphi's multiple defenses that may be asserted at an early stage is that plaintiffs' claims are predicated upon a successor liability theory that is neither legally nor factually viable. Defendants have other principal procedural and substantive defenses, some of which are individual to each Defendant and some of which may be asserted collectively by some or all of the Defendants. These other defenses include, but are not limited to: failure of plaintiffs to state a claim for which relief can be granted; failure to allege a manifested defect causing injury or damage; failure to allege a defect or defective design in various vehicles; non-liability of component part suppliers for alleged defects in a finished product; lack of privity; absence of a duty to warn; the applicable statutes of limitations and repose; the economic loss doctrine; the terms of applicable written warranties and limitations and exclusions therein; the primary jurisdiction and actions of the National Highway Traffic Safety Administration ("NHTSA"); the provisions of the National Traffic and Motor Vehicle Safety Act and regulations promulgated by NHTSA pursuant to that Act; and plaintiffs' failure to demonstrate any basis or need for injunctive or equitable relief.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 4

Defendants have other principal procedural and substantive defenses that include, but are not limited to: the claims asserted by plaintiffs cannot properly or legally be pursued as class actions; Defendants did not commit violations of federal and state laws as alleged by plaintiffs; Defendants did not commit fraud, misrepresentation, or concealment; Defendants did not commit any alleged act of racketeering or engage in any alleged conspiracy; and plaintiffs have no recoverable damages or losses.

Finally, Defendants provide the above information in response to the Court's request in Section X.A(1) of Order No. 1 for a "brief" statement of principal defenses to the claims in this MDL and to inform the Court of the nature of those principal defenses at this time. Defendants do not understand the Court's request to require the listing of every possible defense that Defendants have or may have in this litigation, and therefore Defendants have not endeavored to do so. In addition, one or more Defendants may have other defenses not addressed above or that arise or become known in the future. If the Court believes additional information regarding the defenses would be helpful, Defendants will provide it.

**2.      Existing Deadlines, Due Dates, And/Or Cut-Off Dates**

There are no existing deadlines, due dates and/or cut-off dates involving cases or claims in MDL 2543 except those that have been established by agreement of the parties in the Bankruptcy Court, or by this Court in its Orders. As set forth in Defendants' July 14, 2014 letter to the Court, the Bankruptcy Court's May 16, 2014 Scheduling Order and July 11, 2014 Supplemental Scheduling Order (as agreed to and jointly submitted by New GM and plaintiffs) establish procedures and a schedule for adjudicating New GM's Economic Loss Motion to Enforce, and preclude discovery by any party unless ordered by the Bankruptcy Court. (ECF No. 57 at 2.)[4] At present, plaintiffs in 86 actions in MDL 2543 have voluntarily agreed to Stay Stipulations pursuant to the Bankruptcy Court's Scheduling Order that stay "all proceedings" in their cases unless the Bankruptcy Court ends or grants relief from the stay after September 1, 2014,[5] with the limited exception of transfer proceedings before the Judicial Panel on

---

[4]  Much of the status letter submitted by Temporary Lead Counsel is dedicated to the argument that New GM should immediately begin production of documents that it provided to Congress and governmental agencies, as well as documents provided to Anton Valukas in connection with his investigation of the ignition switch recall. (ECF No. 72 at 3-6, 9). TLC's discovery request, however, directly conflicts with the Stay Stipulations entered into by TLC, their clients, and almost every other plaintiff in the MDL. It also contravenes the Bankruptcy Court's May 16 Scheduling Order and July 11 Supplemental Scheduling Order, both of which were agreed to by TLC and other plaintiffs' counsel.

[5]  Plaintiffs in an additional action, *Phaneuf, et al. v. General Motors LLC*, No. 1:14-cv-3298 (S.D.N.Y.), were stayed by the Bankruptcy Court after briefing and a hearing. (*See* Case No. 09-50026 (REG), Adv. Pro. No. 14-01929 (REG), 7/2/14 Hr'g Tr. 91:12-21.)

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 5

Multidistrict Litigation ("JPML") and this Court's appointment of lead, liaison counsel and steering/coordinating committees in the MDL.[6]  Under the Bankruptcy Court's Supplemental Scheduling Order, briefing on threshold issues related to New GM's Economic Loss Motion is scheduled to be complete by September 30, 2014 and the Bankruptcy Court will hold a hearing on such issues on or after October 10, 2014.  (*Id.*)

**3.      Outstanding Motions**

Except as described above, the only outstanding motions filed in cases pending in MDL 2543 are the plaintiffs' Motions for Entry of Preliminary Injunction and Provisional Certification of Classes in *Benton v. General Motors LLC*, No. 5:14-cv-00590 (C.D. Cal.), and *Kelley v. General Motors Company*, No. 8:14-cv-00465 (C.D. Cal.), both of which were stayed (along with the *Benton* and *Kelly* cases) by order of the Central District of California court on April 16, 2014 (*see Benton* ECF No. 35; *Kelley* ECF No. 38).  Under this Court's Order No. 1, these motions "are denied without prejudice, and will be adjudicated under procedures set forth in this Order and subsequent orders issued by this Court."  (Order No. 1 (ECF No. 19) § XI, at 11.)

**4.      Whether A Single Consolidated Complaint (Or Multiple Consolidated Complaints) Can Or Should Be Filed In This Action**

Defendants believe that, depending on the Bankruptcy Court's resolution of New GM's Economic Loss Motion to Enforce (as well as New GM's forthcoming Non-Ignition Switch Motion to Enforce and Pre-Closing Accident Motion to Enforce), and the nature and extent of the claims (if any) that remain following that resolution, consolidated or master complaints may be appropriate in this MDL.  Defendants see two potential categories or bundles for organizing the types of claims currently asserted by plaintiffs.

First, nearly all of plaintiffs' actions are for alleged economic losses relating to the ignition switch, and those cases assert substantially similar, if not identical, causes of action.[7]

---

[6]  This Court's Order No. 1 vacates any case management and scheduling order issued by a court prior to transfer of that case to MDL 2543, "except that any order staying a case in light of General Motors's motion to enforce pending before the United States Bankruptcy Court for the Southern District of New York remains in effect unless and until this Court or the Bankruptcy Court (in each case with respect to its order) orders otherwise."  (Order No. 1 (ECF No. 19) § XI, at 10-11.)  Order No. 1 also stays all deadlines in this action (except as provided in that Order), including Defendants' time to respond to complaints and obligation to respond to discovery, pending the August 11, 2014 Initial Conference and further orders of this Court.  (*Id.* at 11; *see also id.* § XII, at 11 ("Pending the development of a fair and efficient schedule, all outstanding discovery proceedings are suspended until further order of this Court, and no further discovery shall be initiated.").)

[7]  There are currently two actions in the MDL that assert claims for alleged economic losses relating to recalls and purported defects other than the ignition switch.  *See Andrews v. General Motors LLC*, No. 5:14-cv-1239 (C.D.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 6

Depending on the outcome of the proceeding before the Bankruptcy Court, it may be appropriate to have a single consolidated or master complaint that addresses all claims and causes of action for alleged economic losses. Defendants believe that one such pleading could address nearly every claim in this MDL, promoting the efficient and orderly administration of pretrial proceedings in this litigation.

Second, at present there are only nine actions in the MDL alleging claims for personal injury or wrongful death relating to the ignition switch. Given this small number, and the claims and circumstances alleged in these cases, Defendants do not believe at this time that a consolidated or master complaint for personal injury and wrongful death claims would meaningfully promote efficient pretrial administration of this litigation. Rather, the plaintiffs in these cases can proceed on their own pleadings but should otherwise be subject to coordinated and consolidated pretrial proceedings, including any discovery, with the other actions in the MDL.

Consistent with the position expressed in their July 14, 2014 letter to the Court, Defendants respectfully submit that any determination regarding consolidated or master complaints should await the Bankruptcy Court's resolution of New GM's Economic Loss Motion to Enforce, as well as its Non-Ignition Switch Motion to Enforce and Pre-Closing Accident Motion to Enforce. Judge Gerber's decisions as to whether the claims of most, if not all, of the plaintiffs in this MDL are subject to and barred by the Bankruptcy Court's Sale Order and Injunction will guide and clarify the scope of these proceedings and the nature of the claims at issue.

5.    **Discovery That Has Already Taken Place (Including, But Not Limited To, Any Discovery That Has Taken Place In Connection With The Proceedings Before The Bankruptcy Court) And Any Discovery That Is Necessary For The Parties To Engage In Meaningful Settlement Negotiations.**

No discovery has taken place in actions pending in MDL 2543 although New GM has responded to a small number of letters from various plaintiffs' counsel on discrete topics. In addition, at the April 4, 2014 hearing on plaintiffs' Emergency Motion for a Mandatory Injunction and Relief Under 28 U.S.C. § 1651(a) to Compel Defendants to Issue a "Park It Now" Alert in the Interest of Public Welfare and Safety in *Silvas, et al. v. General Motors LLC*, No. 2:14-cv-00089 (S.D. Tex.), which Judge Ramos denied, counsel for New GM provided the Court

---

Cal.), First Am. Class Action Cplt. ¶¶ 3, 10 (alleging 35 separate defects); *Sauer v. General Motors LLC, et al.*, No. 2:14-cv-04080 (D.N.J.), Cplt. ¶¶ 3-10 (alleging key system and airbag defects in Chevrolet Camaros). Given the overlapping allegations and substantial similarity of these cases to the ignition switch-only actions, Defendants do not believe at this time that they require different treatment from a consolidated or master complaint perspective.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 7

and plaintiffs' counsel with copies of drawings demonstrating the function of the ignition switch and videos of certain testing conducted by New GM.

Plaintiffs in a related case, *Melton, et al. v. General Motors LLC* (State Court of Cobb County Georgia, No. 14A-1197-4), have served massive discovery requests on New GM that, if allowed to proceed, will potentially conflict with the schedules to be set by this Court and/or the Bankruptcy Court. *Melton* had been conditionally transferred to this MDL by CTO-3 after New GM removed the action to the United States District Court for the Northern District of Georgia. On July 18, however, and before the conditional transfer order became final, the District Court for the Northern District of Georgia remanded the *Melton* case to the Georgia state court. After remand, New GM filed a motion to dismiss the *Melton* action, which, for now, automatically stays discovery while the motion is pending unless the *Melton* court allows discovery to proceed despite the pending dismissal motion. New GM will keep the Court advised of the status of the *Melton* case, particularly with respect to discovery issues. The *Melton* plaintiffs' counsel, The Cooper Firm and Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., are also counsel of record for several plaintiffs in this MDL. (*See, e.g., Van Pelt, et al. v. General Motors LLC*, No. 1:14-cv-01081 (N.D. Ga.); *Sumners v. General Motors LLC*, No. 1:14-cv-00070 (M.D. Tenn.); *Maciel, et al. v. General Motors LLC*, No. 4:14-cv-01339 (N.D. Cal.); *Saclo, et al. v. General Motors LLC, et al.*, No. 8:14-cv-00604 (C.D. Cal.); *Ramirez, et al. v. General Motors LLC, et al.*, No. 2:14-cv-02344 (C.D. Cal.); *Ross, et al. v. General Motors LLC, et al.*, No. 1:14-cv-02148 (E.D.N.Y.); *Salerno v. General Motors LLC, et al.*, No. 2:14-cv-02132 (E.D. Pa.); *Ruff, et al. v. General Motors LLC, et al.*, No. 3:14-cv-02375 (D.N.J.); and *Foster v. General Motors LLC, et al.*, No. 3:14-cv-02375 (N.D. Ohio).)

Defendants do not believe that any potential settlement negotiations would be meaningful or productive until the parties and this Court know what claims, if any, remain to be litigated after the Bankruptcy Court decides the matters before it. Given the Stay Stipulations voluntarily entered into by nearly all of the plaintiffs, as well as the parties' agreement, embodied in the Bankruptcy Court's scheduling orders, that there will be no discovery relating to New GM's Economic Loss Motion to Enforce unless ordered by Judge Gerber, Defendants do not foresee the need for any discovery for the purpose of potential settlement negotiations at the current time. While Defendants do not see a basis or need for settlement discussions at present, each of the Defendants will of course consider and respond to good faith offers of compromise or settlement to determine whether it is possible to resolve a particular matter rather than continue litigating it.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 8

6.      **Prior Settlement Discussions, Including The Date, The Parties Involved, And The Approximate Duration Of Such Discussions**

Other than a discussion, through counsel, with one plaintiff regarding the potential resolution of that plaintiff's individual claims, New GM has not engaged in any settlement discussions in actions that have been finally transferred to MDL 2543.  The settlement discussion referred to above occurred on July 1, 2014 and did not result in any settlement or resolution of the plaintiff's individual claims.  New GM considers this settlement discussion to be confidential but will provide any additional information regarding same *in camera* if requested by the Court.  None of the other Defendants has engaged in settlement discussions in any action pending in MDL 2543.  Finally, on June 30, 2014, Kenneth Feinberg announced the GM Ignition Compensation Claims Resolution Facility, which is available to eligible automobile accident victims killed or physically injured as a result of defective ignition switches in certain GM vehicles.  (*See* GM Ignition Compensation Claims Resolution Facility, available at www.GMIgnitionCompensation.com.)  Participation in the facility, which is administered by Mr. Feinberg and funded by New GM, is voluntary.

7.      **Whether Court-Ordered Mediation Would Be Useful And, If So, Whether Such Mediation Should Be Conducted By The Assigned Magistrate Judge, Through The Court's Mediation Program, Or By A Privately Retained Mediator And When Such Mediation Should Be Conducted.**

For the reasons set forth in response to item 5, above, Defendants do not believe that court-ordered mediation would be useful or productive at this time.

8.      **All Related Cases Pending In State Or Federal Court, Together With Their Current Status, Including (A) Discovery Taken To Date And Pending Motions, To The Extent Known; And (B) Whether The Cases Have Been Stayed Pending A Decision On New GM's Motion To Enforce Filed In The Bankruptcy Court.**

Defendants respectfully refer the Court to Exhibit B attached hereto, which contains the requested information.  In addition, Exhibit B provides information regarding cases against New GM that, as filed, did not contain ignition switch allegations or claims, but in which plaintiffs (i) have served or seek discovery regarding the ignition switch recall and related issues and/or (ii) intend to amend their pleading to assert ignition switch allegations or claims.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 9

**9.      All Parents, Subsidiaries, And Companies Affiliated With The Corporate Parties And Of All Counsel Associated In The Litigation To Help The Court Identify Any Problems Of Recusal Or Disqualification.**

Defendants respectfully refer the Court to Exhibit C attached hereto, which provides the requested information for each Defendant. Defendants and Temporary Lead Counsel have agreed that plaintiffs will provide the requested information for plaintiffs in their submission.

**10.     Any Other Information That The Parties Believe May Assist The Court In Advancing The Case To Settlement Or Trial, Including, But Not Limited To, A Description Of Any Dispositive Issue Or Novel Issue Raised By The Case.**

**A.      Dispositive Issues and Motion Practice**

Defendants submit that, depending on the Bankruptcy Court's resolution of the matters brought before it, early motion practice concerning the claims that are to be litigated in this MDL will promote the prompt and efficient administration of this litigation. Specifically, and as indicated in item 1.B., above, most, if not all, of the claims alleged in plaintiffs' complaints raise legal issues that are amenable to, and can be resolved by, threshold motions such as motions to dismiss or for judgment on the pleadings. These issues include, among other things, whether plaintiffs can state any claim under federal or state Racketeer Influenced and Corrupt Organizations Acts; whether plaintiffs can state viable claims relating to vehicles that have not manifested a defect causing injury or damage; whether plaintiffs can assert claims related to vehicles that have undergone the recall repair; whether various of plaintiffs' claims are subject to and precluded by NHTSA's primary jurisdiction and actions; whether plaintiffs' claims or alleged damages are barred by the terms of the applicable written warranties; etc. Early motion practice on these and other legal issues that may remain following the Bankruptcy Court's ruling on New GM's Economic Loss Motion to Enforce (and Non-Ignition Switch Motion to Enforce, and Pre-Closing Accident Motion to Enforce), as well as any similar enforcement ruling that may be sought by Delphi, will streamline these proceedings, shape the need for and scope of discovery, and advance the resolution of disputed claims in an efficient and cost-effective manner.

**B.      Preservation Issues**

This Court's Order No. 1 addresses, among other things, the parties' duty to preserve evidence that "may be relevant to this action." (Order No. 1 (ECF No. 19) § XII, at 12.) The potential breadth of the Court's Order raises practical, cost, and burden issues for New GM with respect to its preservation obligations under the Order. Specifically, the Order could be read as requiring New GM to preserve millions of parts in connection with recall-related repairs,

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 10

regardless of whether named plaintiffs' claims concerning those parts are limited to seeking economic damages, to the extent those parts may be relevant to this MDL.

Prior to the entry of Order No. 1, in connection with potential and actual ignition switch litigation relating to NHTSA Recall No. 14V047000, New GM requested that all GM dealerships submitting recall repair reimbursement claims to it return replaced ignition switches to New GM. New GM is preserving the returned ignition switches. The number of parts returned, and the cost of New GM's preservation efforts, is staggering. To date, New GM has received and is storing more than 244,500 ignition switch parts, while another 150,000-plus ignition switch parts are in the process of being returned to New GM. Currently, New GM has spent more than $8.6 million to process and preserve recalled ignition switch parts returned by dealers. That figure will soon increase to more than $14 million for ignition switch parts that are in the process of being returned to New GM and will further increase as additional parts are returned.

New GM believes that its preservation efforts, and the cost and undue burden associated with them, exceed what the law requires or permits and is concerned that this cost and burden could multiply exponentially if Order No. 1 required it to preserve each and every part (or even a significant percentage of parts) at issue in this MDL. For example, in the *Andrews v. General Motors LLC* case pending in this MDL, plaintiffs assert claims for alleged economic damages based on 35 claimed defects. *See Andrews* First Am. Class Action Cplt. ¶¶ 3, 10, 249, 269, 282-83, 285-86. Defendants respectfully submit that, given the large number of ignition switch and other parts at issue in cases pending in this MDL, the Court should promptly institute and oversee a procedure under which the parties seek to reach an agreement on an evidence preservation protocol that balances the plaintiffs' right to obtain potentially relevant evidence against the undue burden and expense to New GM of unnecessarily preserving large numbers of parts that have been the subject of recalls. Counsel for New GM has begun consultations with Temporary Lead Counsel on this issue for the purpose of preparing the Initial Conference agenda pursuant to Section X.B. of Order No. 1. Defendants believe the issue of evidence preservation should be addressed now and that prompt entry of an agreed-to or other order setting forth a reasonable evidence preservation protocol applicable to all parties will aid the administration of coordinated and consolidated pretrial proceedings, including discovery, in this MDL.

Respectfully submitted,

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 21, 2014
Page 11


cc:     Mark E. Howard (counsel for AutoFair Chevrolet, LLC)
        Michele R. Sowers (counsel for Continental Automotive Systems, Inc.)
        Eugene A. Schoon (counsel for Delphi Automotive PLC and Delphi Automotive
        Systems, LLC)
        Michael T. Navigato (counsel for Don McCue Chevrolet, Inc.)
        Steve W. Berman (Temporary Lead Counsel for Plaintiffs)
        Elizabeth Joan Cabraser (Temporary Lead Counsel for Plaintiffs)
        Mark P. Robinson, Jr. (Temporary Lead Counsel for Plaintiffs)

# Exhibit A

**Exhibit A: Cases Whose Transfer To MDL 2543 Has Been Finalized**

Andrews v. General Motors LLC, No. 5:14-cv-01239-ODW-AJW (C.D. Cal.)

Arnold, et al. v. General Motors LLC, et al., No. 1:14-cv-2882-RMD (N.D. Ill.)

Ashbridge v. General Motors LLC, et al., No. 2:14-cv-00463-RCM (W.D. Pa.)

Ashworth, et al. v. General Motors LLC, No. 2:14-cv-00607-JHE (N.D. Ala.)

Balls, et al. v. General Motors LLC, No. 2:14-cv-02475-JVS-AN (C.D. Cal.)

Bedford Auto v. General Motors LLC, No. 2:14-cv-11544-GCS-DRG (E.D. Mich.)

Bender v. General Motors LLC, No. 1:14-cv-00134-TLS-RBC (N.D. Ind.)

Benton v. General Motors LLC, No. 5:14-cv-00590-JVS-AN (C.D. Cal.)

Biggs v. General Motors LLC, et al., No. 2:14-cv-11912-PDB-MKM (E.D. Mich.)

Brandt, et al. v. General Motors LLC, No. 2:14-cv-00079 (S.D. Tex.)

Brown, et al. v. General Motors LLC, No. 2:14-cv-02828-JVS-AN (C.D. Cal.)

Burton v. General Motors LLC, et al., No. 5:14-cv-00396-R (W.D. Okla.)

Camlan, Inc., et al. v. General Motors LLC, No. 8:14-cv-00535-JVS-AN (C.D. Cal.)

Childre v. General Motors LLC, et al., No. 2:14-cv-01320-KDE-MBN (E.D. La.)

Coleman v. General Motors LLC, No. 3:14-cv-00220-BAJ-SCR (M.D. La.)

Corbett, et al. v. General Motors LLC, No. 7:14-cv-00139-D (E.D.N.C.)

Cox v. General Motors LLC, et al., No. 2:14-cv-02608-JVS-AN (C.D. Cal.)

Darby v. General Motors LLC, et al., No. 5:14-cv-00676-JVS-AN (C.D. Cal.)

Dawson v. General Motors LLC, No. 1:14-cv-01459-DCN (N.D. Ohio)[*]

Deighan v. General Motors LLC, et al., No. 2:14-cv-00458-RCM (W.D. Pa.)

DeLuco v. General Motors LLC, No. 1:14-cv-02713-JMF (S.D.N.Y.)

DePalma, et al. v. General Motors LLC, et al., No. 1:14-cv-00681-YK (M.D. Pa.)

DeSutter, et al. v. General Motors LLC, No. 9:14-cv-80497-DMM (S.D. Fla.)

Detton, et al. v. General Motors LLC, et al., No. 3:14-cv-00500-MJR-PMF (S.D. Ill.)

---

[*] Action asserts personal injury or wrongful death claims.

1

**Exhibit A: Cases Whose Transfer To MDL 2543 Has Been Finalized**

Deushane v. General Motors LLC, et al., No. 8:14-cv-00476-JVS-AN (C.D. Cal.)

Dinco, et al. v. General Motors LLC, No. 2:14-cv-03638-JVS-AN (C.D. Cal.)

Duarte v. General Motors LLC, et al., No. 1:14-cv-21815-JAL (S.D. Fla.)

Edwards, et al. v. General Motors LLC, et al., No. 1:14-cv-21949-MGC (S.D. Fla.)

Elliott v. General Motors, LLC, et al., No. 1:14-cv-11982-WGY (D. Mass)

Emerson, et al. v. General Motors LLC, et al., No. 1:14-cv-21713-UU (S.D. Fla.)

Espineira v. General Motors LLC, et. al., No. 1:14-cv-21417-FAM (S.D. Fla.)

Favro v. General Motors LLC, No. 8:14-cv-00690-JVS-AN (C.D. Cal.)

Forbes v. General Motors LLC, No. 2:14-cv-02018-GP (E.D. Pa.)

Foster v. General Motors LLC, et al., No. 1:14-cv-00844-SO (N.D. Ohio)

Fugate v. General Motors LLC, No. 7:14-cv-00071-ART (E.D. Ky.)

Gebremariam v. General Motors LLC, No. 8:14-cv-00627-JVS-AN (C.D. Cal.)

Groman v. General Motors LLC, No. 1:14-cv-02458-JMF (S.D.N.Y.)

Grumet, et al. v. General Motors LLC, No. 3:14-cv-00713-JM-BGS (S.D. Cal.)

Hair, et al. v. General Motors LLC, No. 8:14-cv-00792-JLS-RNB (C.D. Cal.)[*]

Harris, et al. v. General Motors LLC et al., No. 1:14-cv-21919-JAL (S.D. Fla.)

Henry, et al. v. General Motors LLC, et al., No. 4:14-cv-00218-DDB (E.D. Tex.)

Heuler v. General Motors LLC, No. 8:14-cv-00492-JVS-AN (C.D. Cal.)

Higginbotham v. General Motors LLC, et al., No. 4:14-cv-00306-JM (E.D. Ark.)

Holliday, et al. v. General Motors LLC, et al., No. 1:14-cv-00271-ZJH (E.D. Tex.)

Hurst v. General Motors Co., No. 2:14-cv-02619-JVS-AN (C.D. Cal.)

Irvin v. General Motors LLC, et al., No. 1:14-cv-00090-JAR (E.D. Mo.)[*]

Jawad v. General Motors LLC, No. 4:14-cv-11151-MAG-DRG (E.D. Mich.)

Johnson v. General Motors LLC, No. 3:14-cv-477 HTW-LRA (S.D. Miss.)

---

[*] Action asserts personal injury or wrongful death claims.

**Exhibit A: Cases Whose Transfer To MDL 2543 Has Been Finalized**

Jones v. General Motors LLC, No. 4:14-cv-11197-MAG-DRG (E.D. Mich.)

Jones v. General Motors LLC, No. 1:14-cv-01052-CRC (D.D.C.)[*]

Kelley, et al. v. General Motors Co., et al., No. 8:14-cv-00465-JVS-AN (C.D. Cal.)

Klussendorf v. General Motors LLC, et al., No. 1:14-cv-05035 (S.D.N.Y.)

Knetzke v. General Motors LLC, et al., No. 1:14-cv-21673-JAL (S.D. Fla.)

Lambeth v. General Motors LLC, No. 1:14-cv-00546-WO-LPA (M.D.N.C.)[*]

Lannon, et al. v. General Motors LLC, et al., No. 1:14-cv-21933-KMM (S.D. Fla.)

LaReine, et al. v. General Motors LLC, et al., No. 2:14-cv-03112-JVS-AN (C.D. Cal.)

Letterio v. General Motors LLC, et al., No. 2:14-cv-00488-RCM (W.D. Pa.)

Leval v. General Motors LLC, No. 2:14-cv-00901-KDE-DEK (E.D. La.)

Levine v. General Motors LLC, No. 1:14-cv-21752-JAL (S.D. Fla.)

Lewis v. General Motors LLC, et al., No. 1:14-cv-00573-WTL-DKL (S.D. Ind.)

Maciel, et al. v. General Motors LLC, No. 4:14-cv-01339-JSW (N.D. Cal.)

Malaga et al. v. General Motors LLC, No. 8:14-cv-00533-JVS-AN (C.D. Cal.)

Markle v. General Motors LLC, et al., No. 1:14-cv-21788-FAM (S.D. Fla.)

Mazzocchi v. General Motors LLC, et al., No. 7:14-cv-02714-NSR (S.D.N.Y.)

McCarthy v. General Motors LLC, et al., No. 2:14-cv-00895-MLCF-KWR (E.D. La.)

McConnell v. General Motors LLC, No. 8:14-cv-00424-JVS-AN (C.D. Cal.)

Nava v. General Motors LLC, et al., No. 8:14-cv-00755-JVS-AN (C.D. Cal.)

Nettleton v. General Motors LLC, et al., No. 4:14-cv-00318-DPM (E.D. Ark.)

Phaneuf, et al. v. General Motors LLC, No. 1:14-cv-3298-JMF (S.D.N.Y.)

Phillip, et al. v. General Motors LLC, No. 3:14-cv-08053-DGC (D. Ariz.)

Ponce v. General Motors LLC, No. 2:14-cv-02161-JVS-AN (C.D. Cal.)

Powell v. General Motors LLC, No. 1:14-cv-00963-DAP (N.D. Ohio)

---

[*] Action asserts personal injury or wrongful death claims.

**Exhibit A: Cases Whose Transfer To MDL 2543 Has Been Finalized**

Ramirez, et al. v. General Motors LLC, et al., No. 2:14-cv-02344-JVS-AN (C.D. Cal.)

Ratzlaff, et al. v. General Motors LLC, No. 2:14-cv-02424-JVS-AN (C.D. Cal.)

Roach v. General Motors LLC, et al., No. 3:14-cv-00443-DRH-DGW (S.D. Ill.)

Robinson, et al. v. General Motors LLC, et al., No. 2:14-cv-02510-JVS-AN (C.D. Cal.)

Ross, et al. v. General Motors LLC, et al., No. 1:14-cv-02148-KAM-JO (E.D.N.Y.)

Ross v. General Motors LLC, et al., No. 2:14-cv-03670-ADS-ARL (E.D.N.Y.)[*]

Roush, et al. v. General Motors LLC, No. 2:14-cv-04095-NKL (W.D. Mo.)

Ruff, et al. v. General Motors LLC, et al., No. 3:14-cv-02375-PGS-DEA (D.N.J.)

Saclo et al. v. General Motors LLC, et al., No. 8:14-cv-00604-JVS-AN (C.D. Cal.)

Salazar v. General Motors LLC, et al., No. 5:14-cv-00362-FB (W.D. Tex.)

Salerno v. General Motors LLC, et al., No. 2:14-cv-02132-JD (E.D. Pa.)

Santiago v. General Motors LLC, No. 1:14-cv-21147-KMW (S.D. Fla.)

Satele, et al. v. General Motors LLC, No. 8:14-cv-00485-JVS-AN (C.D. Cal.)

Sauer, et al. v. General Motors, et al., No. 2:14-cv-04080-SDW-MCA (D.N.J.)

Shollenberger v. General Motors LLC, No. 1:14-cv-00582-YK (M.D. Pa.)

Shotwell v. General Motors LLC, No. 2:14-cv-00094-KS-MTP (S.D. Miss.)[*]

Silvas v. General Motors LLC, No. 2:14-cv-00089 (S.D. Tex.)

Skillman v. General Motors LLC, et al., No. 1:14-cv-03326-UA (S.D.N.Y.)

Smith v. General Motors LLC, et al., No. 3:14-cv-00120-SA-SAA (N.D. Miss.)

Spangler v. General Motors LLC, No. 8:14-cv-00816-PSG-RNB (C.D. Cal.)

Stafford v. General Motors LLC, No. 3:14-cv-01702-THE (N.D. Cal.)

Stafford-Chapman v. General Motors LLC, et al., No. 1:14-cv-00474-MRB (S.D. Ohio)

Sumners, et al. v. General Motors LLC, et al., No. 1:14-cv-00070 (M.D. Tenn.)[*]

Taylor v. General Motors Company, No. 9:14-cv-80618-DMM (S.D. Fla.)

---

[*] Action asserts personal injury or wrongful death claims.

**Exhibit A: Cases Whose Transfer To MDL 2543 Has Been Finalized**

Van Pelt, et al. v. General Motors LLC, No. 1:14-cv-01081-RWS (N.D. Ga.)[*]

Villa, et al. v. General Motors LLC, et al., No. 2:14-cv-02548-JCJ (E.D. Pa.)

Witherspoon v. General Motors LLC, et al., No. 4:14-cv-00425-HFS (W.D. Mo.)

Woodward v. General Motors LLC, et al., No. 1:14-cv-01877 (N.D. Ill.)

Yingling, et al. v. General Motors LLC, No. 3:14-cv-00116-KRG (W.D. Pa.)[*]

---

[*] Action asserts personal injury or wrongful death claims.

# Exhibit B

**Exhibit B: Pending Related Cases Not Consolidated In MDL 2543**

(8)     A list of all related cases pending in state or federal court, together with their current status, including (a) discovery taken to date and pending motions, to the extent known; and (b) whether the cases have been stayed pending a decision on New GM's Motion to Enforce filed in the United States Bankruptcy Court for the Southern District of New York on April 21, 2014.

## I.     Related Ignition Switch Civil Actions

- *Ackerman v. General Motors*, No. 14-L-489 (St. Clair County, Ill.) [αβ]
  (No Judge Assigned)
  - Personal injury action alleging ignition switch defects in 2006 Chevrolet Cobalt.

- *Adams v. General Motors LLC, et al.*, No. 201419403-7-189 (Harris County, Tex.) [αβ]
  (Hon. Bill Burke, 713-368-6300)
  - Personal injury action alleging ignition switch defects in 2007 Pontiac Solstice.
    - Stayed by order granting New GM's Emergency Motion for Stay pending determination by the Texas Judicial Panel on Multidistrict Litigation ("Texas Panel") of New GM's motion for consolidation and transfer to a pretrial court for consolidated or coordinated pretrial proceedings ("Texas MDL").

- *Alexander v. ESIS/General Motors LLC, et al.*, No. 2013-29761 (Harris County, Tex.) [β]
  (Hon. Ken Wise, 713-368-6500)
  - Personal injury action filed in May 2013 alleging power steering defect in 2007 Chevrolet Cobalt.  After New GM filed motion for summary judgment in March 2014, plaintiff filed a response, contending the vehicle's ignition switch was defective and attaching the recall.  Plaintiff subsequently filed a second amended petition in July 2014 to formally allege an ignition switch defect.
    - New GM will shortly file with the Texas Panel an amended case list and move for a stay pending Texas MDL determination.

- *Beckwith v. General Motors Company, et al.*, No. 13CECG03298 (Fresno County, Cal.) [β]
  (Hon. Donald Black, 559-457-6319)
  - Personal injury action filed in October 2013 alleging power steering defect in 2008 Chevrolet Cobalt.
    - Plaintiff seeks to amend complaint to include ignition switch allegations and a claim for punitive damages.
      - Hearing on Plaintiff's motion for leave to amend on July 30, 2014.
    - Plaintiff served discovery regarding ignition switch defects in June 2014, to which New GM objected in July 2014.

---

[α]     No discovery taken to date and no pending motions.
[β]     Not currently subject to a New GM Motion to Enforce the Sale Order and Injunction.

**Exhibit B: Pending Related Cases Not Consolidated In MDL 2543**

- *Bogle v. General Motors LLC, et al.*, No. 16-2014-CA-002731 (Duval County, Fla.)[αβ]
  (Hon. Virginia Norton, 904-255-1300)
  - Wrongful death suit alleging ignition switch defects in 2007 Chevrolet Cobalt.

- *Boyd, et al. v. General Motors LLC*, No. 4:14-cv-01205 (E.D. Mo.)[β]
  (Hon. Henry E. Autrey, 314-244-7450)
  - Economic loss, personal injury, and wrongful death suit alleging New GM fraudulently concealed ignition switch defects in 2008 Chevrolet HHR, 2011 Chevrolet HHR, 2007 Chevrolet Cobalt, and 2006 Chevrolet Cobalt.
    - No discovery taken to date.
    - Plaintiffs' motion to remand is pending.
    - Conditionally transferred to MDL 2543 in MDL 2543 CTO-7.
    - GM filed motion to stay pending JPML determination.

- *Cull, et al. v. General Motors LLC, et al.*, No. 10C02-1404-CT-000060 (Clark County, Ind.)[αβ]
  (Hon. Jerry Jacobi, 812-285-6333)
  - Personal injury action alleging ignition switch defects in 2006 Chevrolet Cobalt.

- *Duncan v. General Motors LLC*, No. 4:14-cv-00597 (W.D. Mo.)[αβ]
  (Hon. Ortrie D. Smith, 816-512-5645)
  - Personal injury action alleging ignition switch defects in 2007 Chevrolet Impala.
    - Conditionally transferred to MDL 2543 in MDL 2543 CTO-7.

- *Elliott, et al. v. General Motors LLC*, No. 1:14-cv-00691 (D.D.C.)[α]
  (Hon. Ketanji Brown Jackson, 202-354-3350)
  - Putative class action filed on behalf of owners of a 2006 Chevrolet Cobalt and a 2010 Chevrolet Cobalt seeking economic loss damages for New GM's alleged fraudulent concealment of ignition switch and fuel pump defects.
    - Then-*pro se* plaintiffs executed Bankruptcy Stay Stipulation in May 2014; after plaintiffs retained counsel, Judge Gerber permitted plaintiffs to file a late "No Stay Pleading" on July 11.
      - New GM response due July 21.
    - New GM moved to transfer action to MDL 2543 on July 1.
      - Plaintiffs' response to transfer motion due July 23.
    - Judge Jackson stayed action pending Bankruptcy and JPML determinations.

---

[α]   No discovery taken to date and no pending motions.
[β]   Not currently subject to a New GM Motion to Enforce the Sale Order and Injunction.

**Exhibit B: Pending Related Cases Not Consolidated In MDL 2543**

- *Frank v. General Motors LLC*, No. 1:14-cv-21652 (S.D. Fla.)[α]
  (Hon. Marcia G. Cooke, 305-523-5150)
  - Putative class action filed on behalf of owner of 2008 Saturn Aura that seeks economic loss damages for New GM's alleged fraudulent concealment of power steering defect and diminished value of putative class vehicles due to New GM's purported ignition switch defects.
    - Action stayed pending resolution of New GM's Motion to Enforce.

- *Gebremariam v. General Motors LLC*, No. 8:14-cv-00627 (C.D. Cal.)[α]
  (Hon. James V. Selna, 714-338-2848)
  - Putative class action filed on behalf of owner of 2014 Chevrolet Cruze that seeks economic loss damages for New GM's alleged fraudulent concealment of ignition switch and front axle right half shaft defects.
    - JPML transferred ignition switch claims to MDL 2543 but severed and remanded front axle right half shaft claims.
    - Action stayed pending resolution of New GM's Motion to Enforce.

- *Gilbert v. General Motors LLC, et al.*, No. 140500140 (Philadelphia County, Pa.)[αβ]
  (No Judge Assigned)
  - Personal injury action alleging ignition switch defects in 2010 Chevrolet Cobalt.

- *Homer v. General Motors LLC, et al.*, No. 14/7662 (Monroe County, N.Y.)[αβ]
  (No Judge Assigned)
  - Wrongful death suit alleging ignition switch defects in 2006 Chevrolet Cobalt.

- *Ibanez, et al. v. General Motors LLC*, No. 2:14-cv-05238 (C.D. Cal.)[α]
  (Hon. Otis D. Wright, II, 213-894-8266)
  - Putative class action filed on behalf of owner of 2008 Chevrolet Impala that seeks economic loss damages for New GM's alleged fraudulent concealment of ignition switch defects.
    - Conditionally transferred to MDL 2543 in MDL 2543 CTO-7.
    - Action will be included in and subject to New GM's Motion to Enforce.

- *Kandziora v. General Motors LLC, et al.*, No. 2:14-cv-00801(E.D. Wis.)
  (Hon. Aaron E. Goodstein, 414-297-3963)
  - Individual action filed on behalf of owner of 2010 Chevrolet Cobalt that seeks economic damages arising out of GM's alleged fraudulent concealment of ignition switch defects.
    - No discovery taken to date.
    - New GM filed motion to dismiss, which is pending.
    - Conditionally transferred to MDL 2543 in MDL 2543 CTO-7.
    - Action will be included in and subject to New GM's Motion to Enforce.

---

[α]  No discovery taken to date and no pending motions.
[β]  Not currently subject to a New GM Motion to Enforce the Sale Order and Injunction.

3

## Exhibit B: Pending Related Cases Not Consolidated In MDL 2543

- *Largent v. General Motors LLC, et al.*, No. 14-006509-NP (Wayne County, Mich.)[αβ] (Hon. Edward Ewell, Jr., 313-224-5195)
  - Personal injury action alleging ignition switch defects in 2006 Saturn Ion.

- *Longpre, et al. v. General Motors LLC*, No. 49D14-1406-CT-021621 (Marion County, Ind.)[αβ] (Hon. James Osborne, 317-327-0440)
  - Wrongful death suit alleging ignition switch defects in 2012 Chevrolet Impala.

- *Melton, et al. v. General Motors LLC, et al.*, No. 14A-1197-4 (Cobb County, Ga.)[αβ] (Hon. Kathryn J. Tanksley, 770-528-1701)
  - Wrongful death suit alleging ignition switch defects in 2005 Chevrolet Cobalt.
    - Plaintiffs have served ignition switch discovery.
    - Plaintiffs' motion for sanctions and GM's motion to dismiss are pending.

- *Morgan, et al. v. General Motors LLC*, No. 5:14-cv-01058 (W.D. La.)[αβ] (Hon. S. Maurice Hicks, 318-676-3055)
  - Putative class action filed on behalf of Chevrolet Cruze owners seeking economic loss damages arising out of New GM's alleged concealment of ignition switch and other defects.
    - Listed as a potential tag-along action in MDL 2543.

- *Nelson v. General Motors LLC, et al.*, No. D140141-C (Orange County, Tex.)[αβ] (Hon. Buddie Hahn, 409-882-7095)
  - Personal injury action alleging ignition switch defects in 2003 Saturn Ion.
    - Stayed by order granting GM's Emergency Motion for Stay pending Texas MDL determination by Texas Panel.

- *Phillips/Powledge v. General Motors LLC*, No. 3:14-cv-00192 (S.D. Tex.)[α] (Hon. David Hittner, 713-250-5511)
  - Wrongful death suit alleging ignition switch, brake light, and power steering defects in a 2004 Chevrolet Malibu.
    - Plaintiff's motion to remand is pending.
    - New GM will move to dismiss plaintiff's amended complaint.
    - Action will be included in and subject to New GM's forthcoming Pre-Closing Accident Motion to Enforce.

- *People of California v. General Motors LLC* No. 30-2014-00731038-CU-BT-CXC (Orange County, Cal.)[α] (Hon. Kim Dunning, 657-622-5304)
  - Civil action filed by Orange County, California District Attorney alleging New GM fraudulently concealed ignition switch and other defects.
    - Action will be included in and subject to New GM's Motion to Enforce.

---

[α]   No discovery taken to date and no pending motions.
[β]   Not currently subject to a New GM Motion to Enforce the Sale Order and Injunction.

**Exhibit B: Pending Related Cases Not Consolidated In MDL 2543**

- *Precht v. General Motors LLC*, No. 1:14-cv-20971 (S.D. Fla.)[α]
  (Hon. Paul C. Huck, 305-523-5520)
  - Putative class action brought on behalf of owner of 2011 Chevrolet Traverse that seeks economic loss damages arising out of New GM's purported fraudulent concealment of an airbag defect.
    - Action will be included in and subject to New GM's Non-Ignition Switch Motion to Enforce.

- *Smith v. General Motors LLC, et al.*, No. 41-CV-2014-900140.00 (Lauderdale County, Ala.)[β]
  (Hon. Gilbert P. Self, 256-760-5822)
  - Wrongful death suit alleging ignition switch defects in 2006 Chevrolet Cobalt.
    - GM's responses to Plaintiff's June 2014 discovery requests due August 25, 2014.

- *Spencer, et al. v. General Motors LLC, et al.*, No. D-1-GN-14-001337 (Travis County, Tex.)[αβ]
  (Hon. Lora Livingston, 512-854-2484)
  - Wrongful death suit alleging ignition switch defects in 2008 Chevrolet Cobalt.
    - Stayed by order granting GM's Emergency Motion for Stay pending Texas MDL determination by Texas Panel.

- *Stevenson v. General Motors LLC*, No. 1:14-cv-05137 (S.D. N.Y.)[α]
  (No Judge Assigned)
  - Putative class action filed on behalf of owner of 2007 Saturn Ion which seeks economic loss damages arising out of GM's alleged fraudulent concealment of a power steering defect.
    - Plaintiff direct-filed in S.D.N.Y. and filed statement of related cases identifying the case as related to MDL 2543.
    - Action will be included in and subject to New GM's Motion to Enforce.

- *Stoneham v. General Motors LLC, et al.*, No. 201422646 (Harris County, Tex.)[αβ]
  (Hon. Jaclanel McFarland, 713-368-6200)
  - Wrongful death suit alleging ignition switch defects in 2010 Chevrolet Camaro.
    - New GM will shortly file with the Texas Panel an amended case list and move for a stay pending Texas MDL determination.

- *Szatkowski, et al. v. General Motors LLC, et al.*, No. N/A (Luzerne County, Pa.)[αβ]
  (No Judge Assigned)
  - Personal injury action alleging ignition switch defects in 2006 Pontiac Solstice.

---

[α]    No discovery taken to date and no pending motions.
[β]    Not currently subject to a New GM Motion to Enforce the Sale Order and Injunction.

**Exhibit B: Pending Related Cases Not Consolidated In MDL 2543**

- *Tyre v. General Motors LLC, et al.*, No. GD-14-010489 (Allegheny County, Pa.)[αβ]
  (No Judge Assigned)
  - Wrongful death suit alleging ignition switch defects in 2005 Chevrolet Cobalts

- *Wilson v. General Motors LLC, et al.,* No. 201429914 (Harris County, Tex.)[αβ]
  (Hon. R.K. Sandill, 713-368-6161)
  - Personal injury action alleging ignition switch defects in 2006 Chevrolet Cobalt.
    - New GM will shortly file with the Texas Panel an amended case list and move for a stay pending Texas MDL determination.

- *Yagman v. General Motors Company, et al.*, No. 2:14-cv-04696 (C.D. Cal.)[α]
  (Hon. Michael W. Fitzgerald, 213-894-1527)
  - Putative class action brought by the owner of a 2006 Buick Lucerne that alleges breaches of warranty.
    - Action will be included in and subject to New GM's Motion to Enforce.

## II. Related Ignition Switch Securities And Derivatives Actions

- *Pio v. General Motors Company, et al.*, No. 2:14-cv-11191 (E.D. Mich.)
  (Hon. Linda V. Parker, 313-234-5105)
  - Economic loss securities class action suit alleging violation of federal securities laws by New GM and damages for purchasers of New GM securities between November 17, 2010 and March 10, 2014.
    - Time to answer or otherwise plead in response to complaint extended until after lead counsel appointment has been ruled upon; hearing set for August 20, 2014; no discovery taken to date.

- *In re: General Motors Company Shareholder Derivative Litigation*, No. 2014-004611-CZ (Wayne County, Mich.)
  (Hon. Brian R. Sullivan, 313-224-2447)
  - Consolidated economic loss shareholder/derivative suit alleging breaches of fiduciary duties, corporate waste and aiding and abetting breaches of fiduciary duties by current and former officers and directors of the Company.
    - Cases were consolidated on June 18, 2014; New GM to answer or otherwise plead to the *Wietschner* complaint by August 2, 2014; no discovery taken to date.

- *In re: General Motors Company Shareholder Derivative Litigation*, No. 2:14-cv-11277 (E.D. Mich.)
  (Hon. Robert H. Cleland, 313-234-5525)
  - Consolidated economic loss shareholder/derivative suit alleging breaches of fiduciary duties, corporate waste and aiding and abetting breaches of fiduciary duties by current and former officers and directors of the Company.
    - Cases were consolidated on May 27, 2014; plaintiffs to file a consolidated complaint by August 21, 2014; New GM to answer or otherwise plead by October 2, 2014; no discovery taken to date.

**Exhibit B: Pending Related Cases Not Consolidated In MDL 2543**

- *In re: General Motors Derivative Litigation*, No. 9627-VCG (Del. Court of Chancery) (Hon. Sam Glasscock, 302-856-5424)
  - o Consolidated economic loss shareholder/derivative suit alleging breaches of fiduciary duties, corporate waste and aiding and abetting breaches of fiduciary duties by current and former officers and directors of the Company.
    - ▪ Cases were consolidated on June 20, 2014; the *Newspaper Union* case was also consolidated into this matter on July 18, 2014; plaintiffs to file an amended consolidated complaint by August 11, 2014; New GM answer date has not been set by the Court; no discovery taken to date.

### III.    Unrelated Actions Seeking Ignition Switch-Related Discovery[1]

- *Butcher v. General Motors Company, et al.*, No. 2:14-cv-00353 (W.D. Pa.) (Hon. Mark. R. Hornak, 412-208-7433)
  - o Personal injury action alleging airbag defects in 2008 Saturn Astra.
    - ▪ Plaintiff's interrogatories seek Cobalt/Ion ignition switch related discovery.

- *Clarke v. General Motors Company LLC,* No. 4:14-cv-00006 (N.D. Tex.) (Hon. Reed C. O'Connor, 214-753-2650)
  - o Personal injury action alleging the 2001 Saturn SL2 was defective and unreasonably dangerous in the following respects: (1) defective roof structure; (2) driver's seatbelt failed to restrain its occupant; and (3) failure to incorporate electronic stability control.
    - ▪ Plaintiff seeks a corporate representative deposition on the Valukas report dated May 29, 2014.

- *Mathes v. General Motors LLC,* No. CL12001623-00 (Augusta Co. Cir. Ct., Va.) (No judge assigned)
  - o Personal injury action alleging airbag and seat belt defects in a 2002 Chevrolet Impala.
    - ▪ Plaintiff seeks a corporate representative deposition on the Valukas report dated May 29, 2014.

---

[1]  Counsel for New GM will update the Court regarding non-related cases that seek ignition switch-related discovery as additional such cases and requests are identified.

# Exhibit C

**Exhibit C: Corporate Disclosures And Associated Counsel**

I.  **General Motors LLC, General Motors Holdings LLC, and General Motors Company**

General Motors LLC is a Delaware limited liability company with its principal place of business in Michigan.  General Motors LLC is owned 100% by General Motors Holdings LLC, which is a Delaware limited liability company with its principal place of business in Michigan.  General Motors Holdings LLC, in turn, is owned 100% by General Motors Company, which is is a Delaware corporation with its principal place of business in Michigan.  No publicly-held entity owns 10% or more of the stock of General Motors Company.

General Motors LLC, General Motors Holdings LLC, and General Motors Company (collectively, "New GM") are represented in these proceedings by Kirkland & Ellis LLP and Hartline Dacus Barger Dreyer LLP.  The following law firms have also made appearances on behalf of New GM in the underlying cases that have been transferred to MDL 2543: Bingham McCutchen LLP; Bowman & Brooke LLP; Bryan Cave LLP; Butler Snow LLP; Dinsmore & Shohl LLP; Honigman Miller Schwartz and Cohn LLP; Jones Day LLP; Jones Walker; King & Spalding LLP; Lewis, Thomason, King, Krieg & Waldrop, P.C.; Lightfoot Franklin & White LLC; McAfee & Taft Mcelroy, Deutsch, Mulvaney & Carpenter, LLP; Moore Ingram Johnson & Steele, LLP; Ricci Tyrrell Johnson & Grey PLLC; Riley Bennett & Egloff LLP; Rumberger Kirk & Caldwell; and Turner, Reid, Duncan, Loomer & Patton, P.C.

II.  **Delphi Automotive Systems, LLC and Delphi Automotive PLC**

Delphi Automotive Systems, LLC is a Delaware limited liability company with its principal place of business in Michigan.  Delphi Automotive PLC is a public limited company formed in the United Kingdom under the laws of Jersey, with its principal place of business in the United Kingdom.  Their parents, affiliates, and affiliated companies include Delphi Automotive Holdings Limited; Delphi Automotive LLP; Delphi Automotive Holdings US Limited; Delphi Corporation; Delphi Holdings, LLC; Delphi Holdfi UK Limited; and Delphi Financial Holdings, LLC.

Delphi Automotive Systems, LLC and Delphi Automotive PLC are represented in these proceedings by Sidley Austin LLP; Porter, Wright, Morris & Arthur LLP; Wilmer & Lee; and the Law Offices of R. Patrick Parker.

III.  **Continental Automotive Systems, Inc.**

Continental Automotive Systems, Inc. is a Delaware corporation with its principal place of business in Michigan.  Continental Automotive, Inc. owns 45% of Continental Automotive Systems, Inc. and Continental Automotive Systems Holding US, Inc. owns 55% of Continental Automotive Systems, Inc.  Continental Automotive Systems Holding US, Inc. is wholly owned by Continental Automotive, Inc., which is wholly owned by Continental Automotive Holding Netherlands B.V., which is wholly owned by CGH Holding B.V., which is wholly owned by CAS-One Holdinggesellschaft mbH, which is wholly owned by Continental Caoutchouc-Export-GmbH, which is owned 51% by Continental Automotive GmbH and 49% by Continental AG.

**Exhibit C: Corporate Disclosures And Associated Counsel**

No publicly-held company owns 10% or more of Continental Automotive Systems, Inc. However, Continental Automotive Systems, Inc. is an indirect subsidiary of Continental AG, a German public corporation.

Continental Automotive Systems, Inc. is represented in these proceedings by Husch Blackwell LLP.  The following firm also made an appearance on behalf of Continental Automotive Systems, Inc. in an underlying case that has been transferred to MDL 2543:  Yoka & Smith LLP.

## IV.    Don McCue Chevrolet, Inc.

Don McCue Chevrolet, Inc. ("Don McCue") is a Wisconsin corporation with its principal place of business in Illinois.  Don McCue does not have any affiliates or subsidiaries and no publicly-held entity owns 10% or more of its stock.

Don McCue is represented in these proceedings by Bochte, Kuzniar & Navigato, LLP.

## V.    AutoFair Chevrolet, LLC

AutoFair Chevrolet, LLC ("AutoFair") was a Delaware limited liability company between 2007 and 2008, with its principal place of business in Tennessee.  AutoFair Investors, L.P. and AutoFair Automotive Management, LLC each held a 50% ownership interest.  No publicly-held entity owned 10% or more of AutoFair Chevrolet, LLC.

AutoFair is represented in these proceedings by Howard & Ruoff, P.L.L.C.