# Exhibit 4

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew B. Bloomer, P.C.
To Call Writer Directly:
(312) 862-2482
andrew.bloomer@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

July 28, 2014

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *In re: General Motors LLC Ignition Switch Litigation,*
> 14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

In accordance with this Court's Order No. 1 (ECF No. 19), Temporary Lead Counsel for Plaintiffs ("TLC") and counsel for Defendants conferred on July 22, 2014, regarding the matters set forth by the Court for discussion in Section X.B. of Order No. 1. As requested, General Motors LLC ("New GM") submits this letter to provide the Court with the parties' respective proposals and positions on each of the items in Section X.B.

**1.    Proposed Agenda For The August 11, 2014 Initial Conference.**

The parties submit the following list of issues to be addressed at the Initial Conference:

(i) the stay of proceedings, including motion practice and discovery, pursuant to the Bankruptcy Court's May 16, 2014 Scheduling Order and July 11, 2014 Supplemental Scheduling Order, and the Stay Stipulations agreed and entered into by Plaintiffs in nearly 90 actions transferred to this MDL;

(ii) the appointment of Lead and Liaison Counsel under this Court's Order No. 5 (ECF No. 70) and coordination of pretrial proceedings—including whether and when discovery should take place in this MDL—with ignition switch-related discovery requested by plaintiffs in state court actions, such as *Melton, et al. v. General Motors LLC*, No. 14A-1197-4 (State Court of Cobb County Georgia), particularly where the plaintiffs in the State Court are also appearing before Your Honor in this MDL;

(iii) the need for a single consolidated or master complaint that addresses all claims and causes of action for alleged economic losses, and the timing of such given proceedings in the Bankruptcy Court; and

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 28, 2014
Page 2

(iv) the oversight of procedures leading to the prompt entry of an order setting forth a reasonable evidence and preservation protocol applicable to all parties.[1]

**2.      The Parties' Respective Proposals On Order No. 1 Section X.B(2)-(4) Issues.**

The parties set forth below their respective positions regarding the issues in Order No. 1 § X.B(2)-(4), with TLC's proposal presented first, followed by Defendants' proposal. No party concedes the factual or legal accuracy of any assertion made by any other party and all parties expressly reserve the right to address the others' contentions as appropriate (and as requested by the Court) at the August 11 Initial Conference.

   **A.      Plaintiffs' Proposal**

      1.      <u>Discovery</u>

As set forth in Plaintiffs' July 21, 2014 letter, Plaintiffs believe that the first step in case management should be the production of certain documents produced by New GM in other contexts. Such production will aid in the advancement of the litigation and the preparation of the consolidated complaint. This exact process was utilized by Judge Selna in *Toyota* and TLC believe it contributed to the orderly advancement of the litigation.

New GM has produced significant "discovery" in other forums including to the federal government. At last count in mid-June, New GM had produced several-hundred-thousand pages of documents to the House Energy & Commerce Committee. New GM has produced significant discovery to a Senate committee investigating various New GM product recalls. And New GM has recently provided documents to NHTSA on its various defective ignition system recalls.

New GM retained attorney Anton Valukas to conduct an internal investigation of New GM's conduct. Mr. Valukas's team conducted the investigation over an approximate 70-day period and had access to over 40 million documents.

All of the foregoing New GM's pre-discovery disclosures should be produced here immediately. It would not burden New GM, which has already gathered the documents, and immediate production will undoubtedly streamline and substantially advance the litigation.[2]

---

[1]     The parties are discussing preservation procedures and are endeavoring to reach an agreed preservation protocol that they can present to the Court in connection with the Initial Conference.

[2]     *See* Manual for Complex Litigation (Fourth) ("MCL 4th") at § 11.13.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 28, 2014
Page 3

In addition, Plaintiffs believe that safety-related discovery is appropriate. This would include documents relating to any vehicle crashes involving cars subject to the recall that have not yet been repaired and documents concerning the effectiveness of the ignition repair.

Plaintiffs believe that document production and discovery should be actively coordinated between federal and state courts, with shared access to documents and a single, expedited schedule for common depositions.

### 2. Consolidated Complaint

Plaintiffs believe that a consolidated complaint should be filed 60 days after the initial production described above is completed.

### 3. Motions Regarding The Scope Of Issues Before The Bankruptcy Court

Plaintiffs respectfully submit that it is appropriate for this Court, as an Article III Court and Section 1407 – Transferee Court, to identify the issues that may move forward here before the Bankruptcy Court decides the threshold issues – a process that Judge Gerber has indicated will take the balance of the year. Pursuant to the 2009 GM Bankruptcy 363 Sale Order, New GM agreed to be responsible for complying with the TREAD Act, the Safety Act, Lemon Laws, and California Health & Safety Code regarding any and all General Motors vehicles made before or after said Order. Under this agreement, New GM would be responsible for its failures to comply with above-said responsibilities. TLC believe that the Court should decide whether cases that assert claims involving only New GM's conduct and/or pertain only to New GM vehicles should be immediately withdrawn from the Bankruptcy Court. By way of example on July 22, 2014, New GM issued stop delivery orders on 2003-2013 Cadillac CTS. Plaintiffs believe that it is preposterous to have claims made for cars made by New GM (2010-2013 models) to even touch the bankruptcy court. Thus, Plaintiffs wish to file motions on the scope of the bankruptcy court's jurisdiction.

## B. Defendants' Proposal

### 1. Proposed Schedule For Pretrial Activities

Given the unique nature of this MDL, including the Bankruptcy Court's July 2009 Sale Order and Injunction and the pending Motion to Enforce, the *Toyota* litigation is an inappropriate benchmark for pretrial proceedings, including discovery. As set forth in their July 14 and 21 letters, Defendants respectfully submit that the proposed schedule for pretrial activities should await the Bankruptcy Court's resolution of New GM's current and forthcoming Motions to Enforce. Plaintiffs already have agreed to this as the proper procedure in the Bankruptcy Court

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 28, 2014
Page 4

by entering into Stay Stipulations. Judge Gerber's resolution of the Motions to Enforce will clarify the scope of the claims that might remain in this MDL. It also will allow Lead Counsel appointed by this Court to draft any master or consolidated complaint that may be appropriate. As a practical and legal matter, no such pleading can be drafted unless and until any claims not barred by the Sale Order and Injunction (if any) are known.[3] Depending on the Bankruptcy Court's rulings, the claims that remain to be litigated, if any, may be subject to various state and/or federal laws. As MCL 4th § 22.634 instructs, "[d]ifferences in the substantive law governing liability and damages may substantially affect discovery, trial, and settlement." The parties and the Court will not know what claims might remain—or what the differences in substantive law will be—until the Bankruptcy Court resolves the various Threshold Issues pending before it.

Likewise, under the Federal Rules, discovery is based on and framed by the claims at issue between the parties.[4] Initial discovery cannot properly proceed until the claims are known by the parties and the Court. Plaintiffs' request for immediate discovery in this MDL contravenes the Sale Order and Injunction and is simply an inefficient and inappropriate means of evading the agreed-upon Bankruptcy Court Scheduling Orders and Stay Stipulations. Proceeding now with discovery and motion practice will likely result in unnecessary or duplicative activities and costs, needless conflict with the Bankruptcy Court's proceedings and rulings, and misuse of the parties' and judiciary's resources. Moreover, it is not as simple as Plaintiffs suggest to simply turn over the documents reviewed, for example, in connection with the Valukas Report, or even those produced to Congress or NHTSA. There are cost, confidentiality, burden, and privilege issues associated with any possible production—and none of those expenses and burdens should be undertaken by or imposed until the Bankruptcy Court has first resolved the determinative Threshold Issues before it in the Motions to Enforce.

2. Coordination With The Bankruptcy Court Proceedings

The MCL 4th recognizes the Bankruptcy Court's "authority to enjoin litigation against nondebtors pending in other courts so long as that litigation is at least related to the bankruptcy case." MCL 4th § 22.545.[5] With the agreement of TLC and other Plaintiffs' counsel, the

---

[3] The MCL 4th also cautions against Plaintiffs' proposal to file a master or consolidated complaint prior to the Bankruptcy Court's ruling. *See* MCL 4th § 22.2 (warning against "aggregating claims or cases… [before] learning first about the nature of the litigation and whether the issues are appropriate even for pretrial aggregation").

[4] *See also* MCL 4th § 22.8 (noting that "particularly in multidistrict litigation, judges direct initial discovery toward matters bearing on defendants' liability to all plaintiffs").

[5] Additionally, the Bankruptcy Court has previously exercised its exclusive jurisdiction to enforce its Sale Order and Injunction with respect to actions filed against New GM.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 28, 2014
Page 5

Bankruptcy Court has established Scheduling Orders and procedures (including the possible timing of discovery) for addressing New GM's Economic Loss Motion to Enforce. Although Plaintiffs agree that the Bankruptcy Court and MDL proceedings must be coordinated, their proposal ignores that the Bankruptcy Court is the proper (and only) court that can interpret its Sale Order and Injunction, subject to an appeal from its rulings on that question. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 306 (1995) ("[T]he rule is "well-established" that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'"). The proceedings in this Court should avoid unnecessary entanglement and/or conflict with the Bankruptcy Court's carefully crafted Scheduling Orders and procedures, including a stay on discovery, which are designed to resolve whether Plaintiffs' claims are barred by the Sale Order and Injunction. Because proceeding with discovery and motion practice in the MDL would undermine the Bankruptcy Court's process for interpreting and applying its Sale Order and Injunction, those pretrial activities should await the Bankruptcy Court's rulings.

### 3. Deferring These Proceedings Pending Bankruptcy Court Rulings

For the reasons outlined above, Defendants submit that proceedings in this Court should be deferred pending the Bankruptcy Court's rulings on the Motions to Enforce, except for: procedures for entry of a preservation protocol[6] and coordination by the Court and Lead and Liaison Counsel with related state cases seeking ignition switch discovery, such as the *Melton* action.[7]

          Respectfully submitted,

          Richard C. Godfrey, P.C.
          Andrew B. Bloomer, P.C.

          *Counsel for Defendant General Motors LLC*

cc: Steve W. Berman (Temporary Lead Counsel for Plaintiffs)
     Elizabeth Joan Cabraser (Temporary Lead Counsel for Plaintiffs)
     Mark P. Robinson, Jr. (Temporary Lead Counsel for Plaintiffs)

---

[6] *See* MCL 4th § 22.86 ("In cases alleging product design or manufacturing defects in models, makes, or lots that may have changed over time, such orders should be entered early in the case.").

[7] *See* MCL 4th § 20.312 (encouraging frequent cooperation and communication between federal and state court judges to coordinate discovery in mass tort cases).

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
July 28, 2014
Page 6

      Mark E. Howard (counsel for AutoFair Chevrolet, LLC)
      Michele R. Sowers (counsel for Continental Automotive Systems, Inc.)
      Eugene A. Schoon (counsel for Delphi Automotive PLC and Delphi Automotive Systems, LLC)
      Michael T. Navigato (counsel for Don McCue Chevrolet, Inc.)