# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

August 8, 2014

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

> Re: **In re Motors Liquidation Company, *et al.***
> **Case No. 09-50026 (REG)**
>
> **Letter Pursuant to July 11, 2014 Supplemental Scheduling Order**
> **Regarding Agreed Upon & Disputed Stipulations of Fact**

Dear Judge Gerber:

King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. Pursuant to the Court's July 11, 2014 Scheduling Order, New GM hereby advises the Court as follows:

1. New GM, Designated Counsel/Groman Plaintiffs, and the GUC Trust/Unitholders have filed today "Agreed-Upon Stipulations of Fact" regarding the Four Threshold Issues.

2. New GM does not believe that there should be additional Threshold Issues added at this time.

3. New GM believes that each of the Four Threshold Issues are capable of resolution by this Court, without the need of any discovery. To be specific, New GM believes that all of the material facts have been agreed to in the "Agreed-Upon Stipulations of Fact" so that the Court is able to determine each of the Four Threshold Issues based on the briefs to be filed, and oral argument to be made, to Your Honor.

23416628v1

Honorable Robert E. Gerber
August 8, 2014
Page 2

4. New GM notes that attached to the "Agreed-Upon Stipulations of Fact", are "Disputed Factual Stipulations". Generally, the "Disputed Factual Stipulations" fall into three categories:

   a) The first category relates to a situation where one party cites to the Valukas Report, and the other party considers the citation "incomplete", and that further commentary from the Report is necessary to properly put the factual stipulation into context. In this situation, the Disputed Factual Stipulations set forth the factual allegation and provides the additional facts in the Report necessary to put the factual allegation in its proper context.

   b) In the second category, the parties simply could not agree on the proper way to phrase the purported Factual Stipulation. New GM believes that none of these Disputed Factual Stipulations are material to the Court's determination of the Four Threshold Issues.

   c) The third, and by far the largest category, relates to the Groman Plaintiffs' disputed factual stipulations. In many of these factual stipulations, the Groman Plaintiffs had no citations for them, and they were simply "aspirational" facts. The Groman Plaintiffs knew that New GM would never agree to them, primarily because they were not true, or were conclusions of law. In addition, New GM and the Designated Counsel believed that these original requests had been withdrawn. They were only "put back on the table" by the Groman Plaintiffs late last night, after numerous group calls over the past few days where they were never mentioned. It is evident that most of these disputed factual stipulations have little to do with the Four Threshold Issues, and there assertion, appears to be part of an undisclosed litigation strategy by the Groman Plaintiffs.

5. New GM will be prepared to further address these issues at the upcoming August 18, 2014 conference.

Respectfully submitted,

/s/ *Arthur Steinberg*

Arthur Steinberg

AJS/sd

cc: Edward S. Weisfelner
    Howard Steel
    Elihu Inselbuch
    Peter Van N. Lockwood
    Sander L. Esserman
    Jonathan L. Flaxer
    S. Preston Ricardo
    Matthew J. Williams
    Lisa H. Rubin
    Keith Martorana

Honorable Robert E. Gerber
August 8, 2014
Page 3

    Daniel Golden
    Deborah J. Newman
    Jamison Diehl