**SETTLEMENT DATE AND TIME: August 12, 2014 at 12:00 noon (Eastern Time)**
**OBJECTION DATE AND TIME: August 12, 2014 at 11:30 a.m. (Eastern Time)**

Gary Peller
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)
peller@law.georgetown.edu
Attorney for Plaintiffs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re : Chapter 11
:
MOTORS LIQUIDATION COMPANY, et al., : Case No.: 09-50026 (REG)
f/k/a General Motors Corp., et al. :
:
Debtors. : (Jointly Administered)
-----------------------------------------------------------------x

## SUPPLEMENTAL NOTICE OF OBJECTIONS TO PROPOSED ORDER
## AND PROPOSED COUNTER-ORDER

Plaintiffs Celestine Elliott and Lawrence Elliott object to the proposed Order submitted by General Motors LLC (hereafter "non-debtor GM"). This Supplements their Notice Of Objections to Proposed Order and Proposed Counter-Order, Doc. Number 12822.

The Elliotts wish to clarify prior to Entry of Order that their proposed counter-order is meant solely to set forth an Order that conforms to the ruling of the Court denying on the merits the Ellliots' Motion for an Order of Dismissal, asserting this Court's subject matter jurisdiction over their lawsuit pending before the United States District Court for the District of Columbia, *Elliott v. General Motors LLC,* Docket No. 1:14-cv-00691 (D.D.C. Apr. 23, 2014), ("the Elliott lawsuit")*,* and purporting to impose

Elliott v. GM Supplemental Notice of Objection                                                                                1

the terms of the 2009 Sale Order and Injunction issued by this Court to stay their action pending the resolution of certain "threshold issues" and other matters contemplated in this Court's Scheduling Orders and rulings in connection with Non-Debtor GM's Motion to Enforce the Court's July 2009 Sale Order and Injunctions, *In re Motors Liquidation*, 1:09-bk-50026, Doc. No. 12620, April 21, 2014).

The Elliotts' do not consent to and object to the imposition of any stay on their case because they have not been heard regarding the factors that would be relevant were injunctive relief appropriate in this contested matter. In particular, Plaintiffs note that their ignition switch lawsuit will be heard by Judge Jesse E Furman as part of the coordinated proceedings before him, *In re Ignition Switch Litigation*, 1:14-md-02543. The finding that GM would be subject to an irreparable and substantial risk of inconsistent rulings or judgments is therefore without foundation unless GM and the Court meant to assume that Judge Furman would issue such inconsistent rulings and judgments. Respectfully, Lawrence Elliott and Celestine Elliott--who are likely to prevail in their contention that the claims that they assert against Non-Debtor GM are not retained liabilities of the debtor that was once before this Court, General Motors Corporation--have not had a reasonable opportunity show that, given the irreparable injury they face, the equities balance in their favor, and the public interest militates against staying their action.

The Elliotts's prior assertion that the Sale Order and Injunction cannot be applied to stay their lawsuit on due process grounds should have included the binding authority upon which they partly base their objection. They seek the Court's indulgence by including it here: *In re Johns-Manville Corp.*, 600 F.3d 135, 148-49; 158 (2010), *cert.*

*denied*, *Travelers Indem. Co. v. Chubb Indem. Ins. Co.* 131 S. Ct. 644, 178 L. Ed. 2d 512, 2010 U.S. LEXIS 9368, 79 U.S.L.W. 3328.

        Respectfully submitted,

        */s/ Gary Peller*

        Gary Peller

        600 New Jersey Avenue, N.W.
        Washington, D.C. 20001
        (202) 662-9122
        (202) 662-9680 (facsimile)
        peller@law.georgetown.edu
        Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2014, I caused this Notice of Objections to Proposed Order and Proposed Counter-Order to be filed and served upon all parties receiving notice via the Court's ECF system.

Dated: August 08, 2014

   /s/ Gary Peller

Gary Peller
600 New Jersey Avenue, NW
Washington, DC, 20001
(202) 662 9122
peller@law.georgetown.edu
Attorney for Plaintiffs