# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

August 12, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

     **Re: In re Motors Liquidation Company,** *et al.*
       **Case No. 09-50026 (REG)**
       **New GM's Response to Gary Peller's Letter, Dated August 8, 2014**

Dear Judge Gerber:

  King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. New GM submits this letter in response to the letter, dated August 8, 2014, from Gary Peller, Esq. ("**Peller Letter**"), which seeks relief from the time periods imposed by this Court in its *Order Granting Motion of General Motors LLC to Establish Stay Procedures for Newly-Filed Ignition Switch Actions*, dated July 8, 2014 [Dkt. No. 12764] ("**Stay Procedures Order**"). The Stay Procedures Order requires plaintiffs in newly filed Ignition Switch Actions, within three (3) days of receipt of a form Stay Stipulation to either enter into the Stay Stipulation or file a "No Stay Pleading" with the Court.

  On or about August 1, 2014, (well after the entry of the Stay Procedures Order, and after the Court's ruling on the *Phaneuf* No-Stay matter), Mr. Peller commenced an Ignition Switch Action on behalf of Ishmail Sesay and Joanne Yearwood (the "**Sesay Ignition Switch Action**"). The complaint in the Sesay Ignition Switch Action is substantially similar to the amended complaint filed by Mr. Peller on behalf of his other clients (the Elliotts). It also implicates the same issues that the Court had already decided in the *Phaneuf* No-Stay matter. The Sesay Ignition Switch Action involves a 2007 Chevrolet Impala, a vehicle manufactured and sold by Old GM.

23427384v2

Honorable Robert E. Gerber
August 12, 2014
Page 2

As authorized by the Stay Procedures Order, New GM sent Mr. Peller the form Stay Stipulation and the Peller Letter followed.

The arguments advanced in the Peller Letter are not new, and Mr. Peller was fully familiar with the Stay Procedures Order and the Court's ruling on the Phaneuf No-Stay matter prior to commencing the Sesay Ignition Switch Action. With respect to the Elliotts' Ignition Switch Action, Mr. Peller filed a No Stay Pleading and a Motion to Dismiss, seeking a ruling that New GM's Motion to Enforce did not apply to the Elliotts' claims and that this Court lacked subject matter jurisdiction over the controversy. By oral decision on August 5, 2014 and then written decision dated August 6, 2014 ("**Elliott Written Decision**"), this Court denied the relief requested in the Elliotts' No Stay Pleading and Motion to Dismiss finding, among other things, that the Elliotts' subject matter jurisdiction argument was "frivolous, disregarding controlling decisions of the United States Supreme Court and Second Circuit; district court authority in this District; four earlier decisions that I personally have issued; three decisions by other bankruptcy judges in the Southern District of New York, and the leading treatise in the area, *Collier*." *Id.* at 2-3 (footnotes omitted).

This Court, thus, on two previous occasions – one involving other clients of Mr. Peller – has found that the Sale Order and Injunction applies to Ignition Switch Actions similar to the Sesay Ignition Switch Action. In addition, this Court has also found that it has subject matter jurisdiction over actions that involve the interpretation and enforcement of the Sale Order and Injunction, like the Sesay Ignition Switch Action.

Despite these recent rulings, Mr. Peller seeks, once again, to advance the same arguments he made on behalf of the Elliotts for the plaintiffs in the Sesay Ignition Switch Action, even though those arguments have already been soundly rejected by this Court. New GM believes that there should be an efficient way to short-circuit this matter, and suggests the following:

1. If Mr. Peller wants to stipulate to the denial of his No Stay Pleading in the Sesay Ignition Switch Action, so he can seek to file an interlocutory appeal (which New GM reserves the right to oppose), that would be an efficient way of proceeding.

2. To the extent Mr. Peller nevertheless seeks to advance, on behalf of the Sesay Plaintiffs, arguments this Court has already considered and rejected, his motion to dismiss based on subject matter jurisdiction and his No Stay Pleading should be filed at the same time, and not piecemeal.

3. In addition, if the plaintiffs in the Sesay Ignition Switch Action have retained new bankruptcy counsel, they should so inform the Court and New GM, and provide contact information for same. New GM can then discuss with plaintiffs' new bankruptcy counsel whether this matter should go forward, and an appropriate briefing schedule for this matter.

Honorable Robert E. Gerber
August 12, 2014
Page 3

4. If no new bankruptcy counsel is retained in the Sesay Ignition Switch Action, Mr. Peller should promptly advise the Court. New GM would consent to giving Mr. Peller a courtesy extension if one is needed, without prejudice to all of its rights in respect of any No Stay Pleading filed by Mr. Peller in the Sesay Ignition Switch Action. Ultimately, however, the Court will need to approve any such requested extension. New GM notes that at 10:42 p.m. last night, Mr. Peller requested a three day extension to submit papers respecting the Sesay Ignition Switch Matter.

If the Court has any additional questions, please let me know.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd

cc: Gary Peller, Esq. (via e-mail transmission)