Gary Peller
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)
peller@law.georgetown.edu
Counsel for Ishmail Sesay and Joanne Yearwood

August 12, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408
gerber.chambers@nysb.uscourts.gov

        **Re: In re Motors Liquidation Company, et al., Case No. 09-50026 (REG);**
           *Sesay et al v. General Motors LLC et al*, **1:14-cv-06018 (S.D.N.Y) (JEF)**

Your Honor:

      I represent Ishmail Sesay and Joanne Yearwood ("**the Sesay Plaintiffs**" or "**Plaintiffs**") in the putative class action referenced above, and pending before Judge Jesse E. Furman of the United States District Court for the Southern District of New York ("**the Sesay lawsuit**"). The Sesay Plaintiffs submit this letter in response to the letter earlier today submitted by Arthur Steinberg ("**the Steinberg letter**") on behalf of General Motors LLC ("**Non-Debtor GM**").

      While disagreeing with Non-Debtor GM's comparisons between their claims and those of any other Plaintiff before the Court, with Non-Debtor GM's insinuations of estoppel based on Plaintiffs' sharing counsel with other Plaintiffs' in litigation against Non-Debtor GM, as well as with other matters asserted in the letter, the Sesay Plaintiffs agree with Non-Debtor GM that it is unlikely, in light of its prior rulings and comments from the bench, that this Court will grant the relief sought in their forthcoming No Stay Pleading, or in their forthcoming Motion to Dismiss for Lack of Subject Matter Jurisdiction, and that judicial economy and the efficient use of the parties' resources would be served by stipulations to that effect.

      The *Sesay* Plaintiffs have been advised by counsel they deem competent in such matters, and by such specialized counsel themselves, that specialized bankruptcy counsel are not available to meet a three day deadline, even were such deadline to be extended another three days upon their entry of appearance, and that the meritorious arguments of the Sesay Plaintiffs

23402504v1

Honorable Robert E. Gerber
August 12, 2014
Page 2

that this Court lacks subject matter jurisdiction over the Sesay lawsuit and that this Court does not have the power to impose a stay, even on an interim basis, over non-parties to the 2009 Sale Order and injunction, who have not received notice and an opportunity to be heard, and that the imposition of the three days provided in the Court's applicable Scheduling Orders constitute an independent denial of a meaningful opportunity to be heard before their rights to seek relief with respect to the claims in their lawsuit are barred or delayed substantially, would instead take weeks to present in a professionally competent fashion according to best standards of bankruptcy practice.

The Sesay Plaintiffs have requested that Non-Debtor GM meet and confer regarding stipulations that would properly reflect this Court's rulings and protect Plaintiffs' rights to appellate review in the District Court.

The Sesay Plaintiffs request that the Court suspend any otherwise applicable deadlines for the Sesay Plaintiffs to submit papers until the parties have tried to narrow the issues according to the meet and confer process.

Respectfully submitted,

/s/ *Gary Peller*

Gary Peller

cc:    Arthur Steinberg, Esq.


CERTIFICATE OF SERVICE
I hereby certify that on August 12, 2014, I caused this letter to be filed and served upon all parties receiving notice via the Court's ECF system.

Dated: August 08, 2014

/s/ Gary Peller
Gary Peller
600 New Jersey Avenue, NW
Washington, DC, 20001
(202) 662 9122
peller@law.georgetown.edu
Attorney for Plaintiffs