**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE**ʟʟᴘ

Attorneys at Law | 437 Madison Ave., New York, NY 10022-7020
T (212) 907-7300 | F (212) 754-0330 | www.golenbock.com

Direct Dial No.: (212) 907-7327
Direct Fax No.: (212) 754-0777
Email Address: jflaxer@golenbock.com

August 13, 2014

*Via Overnight Delivery & ECF*
Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

    Re:    *In re Motors Liquidation Company (Case No. 09-50026 (REG))*
              *Groman v. General Motors LLC (Adv. Pro. No. 14-01929 (REG))*

Dear Judge Gerber:

    We are co-counsel to plaintiffs (the "**Groman Plaintiffs**") in the above-captioned adversary proceeding. On August 8, 2014, General Motors LLC ("**New GM**") filed a Threshold Letter pursuant to subsection (e) of this Court's order dated July 11, 2014 (the "**Scheduling Order**").[1] Also pursuant to subsection (e) of the Scheduling Order, below is the Groman Plaintiffs' response to New GM's Threshold Letter.

    In section 4(c) of New GM's Threshold Letter, New GM makes two observations which require a response. First, with respect to certain fact stipulations proposed by the Groman Plaintiffs, New GM complains that the Groman Plaintiffs "knew that GM would never agree to them, primarily because they were not true…". New GM's comment presumably relates to approximately 35 stipulations proposed by the Groman Plaintiffs regarding knowledge of senior executives, which we believe is crucially important and highly relevant. These stipulations are based on adverse inferences drawn from the Valukas Report, press reports and other public materials. Consistent with the Scheduling Order, since New GM declined to stipulate to them, they were placed on the "Groman Plaintiffs' Not Stipulated List," which is Exhibit C to the Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014 [Dkt. No. 12826] (the "**Disputed Facts List**").

    We submit that New GM's comment regarding these disputed facts reflects a misapprehension of the process of establishing both agreed facts and disputed facts. The purpose

---

[1] All terms not defined herein shall have the same meaning ascribed to such terms in the Scheduling Order.

2080321.4

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
August 13, 2014
Page 2

of the disputed facts is to inform the Court of the areas where facts could not be stipulated to, and thus where discovery may be necessary. In this respect, the Groman Plaintiffs do not understand the process to be limited to topics deemed acceptable to New GM, e.g., matters directly discussed in the Valukas Report or established through publicly available information.

Second, New GM's contention that the Groman Plaintiffs' Disputed Facts List was "withdrawn" before being "put back on the table" during the evening before the August 8 filing deadline is not consistent with the actual events.

On July 18, 2014, the Groman Plaintiffs circulated to New GM and all other Counsel for the Identified Parties its proposed stipulations of fact, including the ones on the Disputed Facts List filed with the Court on August 8, 2014. After a meet and confer session on the morning of August 1, we circulated a somewhat reduced set of proposed stipulations with a cover e-mail explaining that, "[f]or those stipulations that cannot be agreed, we will include them on the Groman Plaintiffs' list [of disputed items] for the court or otherwise address them in our Threshold Letter to the court." By e-mail dated August 4, 2014, New GM rejected many of the Groman Plaintiffs' proposed stipulations from the August 1 e-mail. After the meet and confer session on August 5, 2014, the Groman Plaintiffs circulated to New GM and the Counsel for the Identified Parties an e-mail that, among other things, attached the then-current Groman disputed fact stipulations, most of which consisted the Disputed Facts List.

The parties continued to meet and confer through August 7, but at no time during the intervening two days did the Groman Plaintiffs "withdraw" its Disputed Facts List or indicate any intention to abandon them. We recognize that a misunderstanding may have arisen, but reject any suggestion of conduct that was anything other than forthright and in good faith.

Respectfully submitted,

Jonathan L. Flaxer

2080321.4

**GOLENBOCK EISEMAN
ASSOR BELL & PESKOE** LLP

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
August 13, 2014
Page 3

cc:     *Via E-mail*
        Arthur Steinberg, Esq.
        Scott Davidson, Esq.
        Richard C. Godfrey, P.C.
        Edward S. Weisfelner, Esq.
        Sander L. Esserman, Esq.
        Elihu Inselbuch, Esq.
        Lisa H. Rubin, Esq.
        Daniel H. Golden, Esq.
        Deborah J. Newman, Esq.
        Jamison Diehl, Esq.
        Alexander H. Schmidt, Esq.

2080321.4