# Exhibit A

Ramtin Shahian (SBN 276203)
e-mail: rshahian@slpattorney.com
Joshua Valero (SBN 271013)
e-mail: jvalero@slpattorney.com
**Strategic Legal Practices, APC**
1875 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 277-1040
Facsimile: (310) 943-3838

Attorney for Plaintiff SHAWN CECCHINI

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 23 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SHAWN CECCHINI,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Nos.: BC549604<br><br>Hon.<br>Dept.:<br><br>COMPLAINT FOR BREACH OF CONTRACT / WARRANTY<br><br>JURY TRIAL DEMANDED |

1  Plaintiff alleges as follows:

2  **PARTIES**

3  1.   As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Shawn
4  Cecchini.

5  2.   Plaintiff is a resident of Alameda County, California

6  3.   As used in this Complaint, the word "Defendant" shall refer to all Defendants
7  named in this Complaint.

8  4.   Defendant is a Delaware corporation with its headquarters and principal place
9  of business in the state of Michigan. Defendant does business in the state of California. At all
10 times relevant herein, Defendant was engaged in the business of designing, manufacturing,
11 constructing, assembling, marketing, distributing, and selling automobiles and other motor
12 vehicles and motor vehicle components in Los Angeles County.

13 5.   Plaintiff is ignorant of the true names and capacities of the Defendants sued
14 under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure
15 section 474. When Plaintiff becomes aware of the true names and capacities of the
16 Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true
17 names and capacities.

18 **FIRST CAUSE OF ACTION**
19 **BY PLAINTIFF AGAINST DEFENDANT**
20 **VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

21 6.   In or around July of 2006, Plaintiff purchased a 2006 Saturn Ion, vehicle
22 identification number 1G8AN18F46Z185947 (hereafter "Vehicle") which was manufactured
23 and or distributed by Defendant. The total consideration which Plaintiff paid or agreed to pay,
24 including taxes, license, and loan interest charges was over $12,000. The Vehicle was
25 purchased primarily for personal, family, or household purposes. Plaintiff purchased the
26 Vehicle from a person or entity engaged in the business of manufacturing, distributing, or
27 selling consumer goods at retail.

28

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

 1        7.    In connection with the purchase, Plaintiff received an express written warranty
 2 in which Defendant undertook to preserve or maintain the utility or performance of the
 3 Vehicle or to provide compensation if there is a failure in utility or performance for a
 4 specified period of time. The warranty provided, in relevant part, that in the event a defect
 5 developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for
 6 repair services to Defendant's representative and the Vehicle would be repaired.
 7        8.    During the warranty period, the Vehicle contained or developed defects,
 8 including but not limited to, defects relating to the Vehicle's headlamps, defects relating to the
 9 Vehicle's brake system, defects relating to the Vehicle's windows, and defects relating ot the
10 Vehicle's ignition housing and ignition cylinder.
11        9.    Defendant and its representatives in this state have been unable to service or
12 repair the Vehicle to conform to the applicable express warranties after a reasonable number
13 of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make
14 restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil
15 Code section 1793.1, subdivision (a)(2).
16        10.   Plaintiff has been damaged by Defendant's failure to comply with its
17 obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section
18 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code
19 section 1794.
20        11.   Defendant's failure to comply with its obligations under Civil Code section
21 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that
22 they were unable to service or repair the Vehicle to conform to the applicable express
23 warranties after a reasonable number of repair attempts, yet Defendant failed and refused to
24 promptly replace the Vehicle or make restitution despite Plaintiff's demand. Accordingly,
25 Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil
26 Code section 1794, subdivision (c).
27        12.   Defendant does not maintain a qualified third-party dispute resolution process

2

1  which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is
2  entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code
3  section 1794, subdivision (e).
4      13.    Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e)
5  in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code
6  section 1794, subdivision (f).

### SECOND CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT
### VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2

14. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

15. Although Plaintiff delivered the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

16. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

17. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

18. Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were

3

obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

### THIRD CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT
### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

19. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

20. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

21. Defendant's failure to comply with its obligations under Civil Code section 1793.2,subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

### FOURTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT
### BREACH OF EXPRESS WRITTEN WARRANTY
### CIV. CODE, § 1791.2, SUBD. (a); § 1794)

22. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

23. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a

4

reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

24. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

25. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## FIFTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## (CIV. CODE, § 1791.1; § 1794)

26. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

27. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

28. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

5

29. In or around July of 2006, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

30. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

31. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

32. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

33. Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

34. The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

35. In addition to the express warranty, in connection with the sale of the vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

36. Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle.

6

37. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the purchase agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the Defendant and/or by operation of law.

38. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

39. Under the Act, Plaintiff is entitled to reimbursement of the entire amount paid or payable.

40. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

41. Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a. For Plaintiff's damages in the amount that exceeds $12,000;

    b. For restitution;

    c. For a civil penalty in the amount of two times Plaintiff's total damages pursuant to Civil Code section 1794, subdivision (c) and (e);

    d. For any consequential and incidental damages;

    e. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

    f. For prejudgment interest at the legal rate; and

    g. For such other relief as the Court may deem proper.

7

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: June 19, 2014

By: _____
Joshua Valero
Attorney for Plaintiff

8