# Exhibit B



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 0 2 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

1   Ramtin Shahian (SBN 276203)
    e-mail: rshahian@slpattorney.com
2   Joshua Valero (SBN 271013)
    e-mail: jvalero@slpattorney.com
3   **Strategic Legal Practices, APC**
    1875 Century Park East, Suite 700
4   Los Angeles, CA 90067
    Telephone: (310) 277-1040
5   Facsimile:  (310) 943-3838

6   Attorney for Plaintiff FRED JOHNSON

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF LOS ANGELES

                                                                    BC50606

10

11  FRED JOHNSON,                          Case Nos.:

12              Plaintiff,                  Hon.
                                            Dept.:
13      vs.

14  GENERAL MOTORS, LLC; and DOES 1        COMPLAINT FOR BREACH OF
    through 10, inclusive,                  CONTRACT / WARRANTY
15

16              Defendants.                 JURY TRIAL DEMANDED

17

18

19

20

21

22

23

24

25

26

27

28

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

Plaintiff alleges as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Fred Johnson.

2. Plaintiff is a resident of Los Angeles County, California

3. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

4. Defendant is a Delaware corporation with its headquarters and principal place of business in the state of Michigan. Defendant does business in the state of California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Los Angeles County.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

## FIRST CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

6. In or around December of 2007, Plaintiff purchased a 2008 Chevrolet HHR, vehicle identification number 3GNDA53P38S620566 (hereafter "Vehicle") which was manufactured and or distributed by Defendant. The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and loan interest charges was over $17,000. The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

1

Case 2:14-cv-06303 Document 2-2 Filed 08/12/14 Page 3 of 5 Page ID #:18

1    7.    In connection with the purchase, Plaintiff received an express written warranty

2    in which Defendant undertook to preserve or maintain the utility or performance of the

3    Vehicle or to provide compensation if there is a failure in utility or performance for a

4    specified period of time. The warranty provided, in relevant part, that in the event a defect

5    developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for

6    repair services to Defendant's representative and the Vehicle would be repaired.

7    8.    During the warranty period, the Vehicle contained or developed defects,

8    including but not limited to, defects relating to the Vehicle's ignition switch, defects relating

9    to the Vehicle's catalytic converter, defects relating to the Vehicle's suspension system,

10   defects that cause the Vehicle to leak fluids, and defects relating to the Vehicle's throttle

11   body.

12   9.    Defendant and its representatives in this state have been unable to service or

13   repair the Vehicle to conform to the applicable express warranties after a reasonable number

14   of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make

15   restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil

16   Code section 1793.1, subdivision (a)(2).

17   10.   Plaintiff has been damaged by Defendant's failure to comply with its

18   obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section

19   1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code

20   section 1794.

21   11.   Defendant's failure to comply with its obligations under Civil Code section

22   1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that

23   they were unable to service or repair the Vehicle to conform to the applicable express

24   warranties after a reasonable number of repair attempts, yet Defendant failed and refused to

25   promptly replace the Vehicle or make restitution despite Plaintiff's demand. Accordingly,

26   Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil

27   Code section 1794, subdivision (c).

28   12.   Defendant does not maintain a qualified third-party dispute resolution process

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

2

1    which substantially complies with Civil Code section 1793.22.  Accordingly, Plaintiff is

2    entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code

3    section 1794, subdivision (e).

4        13.    Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e)

5    in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code

6    section 1794, subdivision (f).

7    **SECOND CAUSE OF ACTION**

8    **BY PLAINTIFF AGAINST DEFENDANT**

9    **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

10        14.    Plaintiff incorporates by reference the allegations contained in paragraphs set

11    forth above.

12        15.    Although Plaintiff delivered the Vehicle to Defendant's representative in this

13    state, Defendant and its representative failed to commence the service or repairs within a

14    reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

15    warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).  Plaintiff

16    did not extend the time for completion of repairs beyond the 30-day requirement.

17        16.    Plaintiff has been damaged by Defendant's failure to comply with its

18    obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of

19    Action pursuant to Civil Code section 1794.

20        17.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the

21    Vehicle, and has exercised a right to cancel the sale.  By serving this Complaint, Plaintiff does

22    so again.  Accordingly, Plaintiff seeks the remedies provided in California Civil Code section

23    1794(b)(1), including the entire purchase price.  In the alternative, Plaintiff seeks the remedies

24    set forth in California Civil Code section 1794(b)(2), including the diminution in value of the

25    Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the Vehicle's

26    value is *de minimis*.

27        18.    Defendant's failure to comply with its obligations under Civil Code section

28    1793.2(b) was willful, in that Defendant and its representative were aware that they were

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

3

Case 2:13-cv-06303    Document 2-2    Filed 06/12/14    Page 5 of 5    Page ID #:20

1    obligated to service or repair the Vehicle to conform to the applicable express warranties

2    within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of

3    two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

4    **THIRD CAUSE OF ACTION**

5    **BY PLAINTIFF AGAINST DEFENDANT**

6    **VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**

7

8    19.    Plaintiff incorporates by reference the allegations contained in paragraphs set

9    forth above.

10    20.    In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed

11    to make available to its authorized service and repair facilities sufficient service literature and

12    replacement parts to effect repairs during the express warranty period. Plaintiff has been

13    damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section

14    1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

15    21.    Defendant's failure to comply with its obligations under Civil Code section

16    1793.2,subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide

17    literature and replacement parts sufficient to allow its repair facilities to effect repairs during

18    the warranty period, yet Defendant failed to take any action to correct its failure to comply

19    with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual

20    damages; pursuant to Civil Code section 1794(c).

21    **FOURTH CAUSE OF ACTION**

22    **BY PLAINTIFF AGAINST DEFENDANT**

23    **BREACH OF EXPRESS WRITTEN WARRANTY**

24    **CIV. CODE, § 1791.2, SUBD. (a); § 1794)**

25    22.    Plaintiff incorporates by reference the allegations contained in paragraphs set

26    forth above.

27    23.    In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to

28    Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

4

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

1  reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its

2  representative of the characteristics of the Defects. However, the representative failed to

3  repair the Vehicle, breaching the terms of the written warranty on each occasion.

4      24.     Plaintiff has been damaged by Defendant's failure to comply with its

5  obligations under the express warranty, and therefore brings this Cause of Action pursuant to

6  Civil Code section 1794.

7      25.     Defendant's failure to comply with its obligations under the express warranty

8  was willful, in that Defendant and its authorized representative were aware that they were

9  obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff

10  is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code

11  section 1794(c).

12                          **FIFTH CAUSE OF ACTION**

13                    **BY PLAINTIFF AGAINST DEFENDANT**

14      **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

15                      **(CIV. CODE, § 1791.1; § 1794)**

16      26.     Plaintiff incorporates by reference the allegations contained in the paragraphs

17  set forth above.

18      27.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied

19  by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1,

20  the duration of the implied warranty is coextensive in duration with the duration of the express

21  written warranty provided by Defendant, except that the duration is not to exceed one-year.

22      28.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of

23  merchantability means and includes that the Vehicle will comply with each of the following

24  requirements: (1) The Vehicle will pass without objection in the trade under the contract

25  description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3)

26  The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to

27  the promises or affirmations of fact made on the container or label.

28

5

State Court File
Page 17

29.    In or around December of 2007, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

30.    Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT

### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

31.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

32.    Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

33.    Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

34.    The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

35.    In addition to the express warranty, in connection with the sale of the vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

36.    Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle.

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

6

Case 2:14-cv-06305   Document 2-2   Filed 08/12/14   Page 8 of 9   Page ID #:23

37.    Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the purchase agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the Defendant and/or by operation of law.

38.    As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

39.    Under the Act, Plaintiff is entitled to reimbursement of the entire amount paid or payable.

40.    Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

41.    Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

a.    For Plaintiff's damages in the amount that exceeds $17,000;

b.    For restitution;

c.    For a civil penalty in the amount of two times Plaintiff's total damages pursuant to Civil Code section 1794, subdivision (c) and (e);

d.    For any consequential and incidental damages;

e.    For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

f.    For prejudgment interest at the legal rate; and

g.    For such other relief as the Court may deem proper.

STRATEGIC LEGAL PRACTICES, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CA 90067

7

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: June 30, 2014

By: Joshua Valero
Attorney for Plaintiff

8