KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
---------------------------------------------------------------x

**NOTICE OF FILING OF SEVENTH SUPPLEMENT TO
SCHEDULE "2" TO THE MOTION OF GENERAL MOTORS LLC
PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE
<u>COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION</u>**

**PLEASE TAKE NOTICE** that on August 14, 2014, General Motors LLC filed the attached *Seventh Supplement to Schedule "2" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* with the United States Bankruptcy Court for the Southern District of New York.

23422122.4

Dated: New York, New York
August 14, 2014

Respectfully submitted,

/s/ Scott I. Davidson
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

23422122.4

# SEVENTH SUPPLEMENT[1] TO SCHEDULE "2"

# SAMPLE ALLEGATIONS/CAUSES OF ACTION IN IGNITION SWITCH COMPLAINTS FILED AGAINST NEW GM NOT CONTAINED IN THE PREVIOUS SUPPLEMENTS TO SCHEDULE "2" TO MOTION TO ENFORCE[2]

| **Lead Plaintiff** | **Allegations** |
|---|---|
| Cecchini | "In or around July of 2006, Plaintiff purchased a 2006 Saturn Ion . . . which was manufactured and or distributed by Defendant." Compl., ¶ 6. |
| | "In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." Compl., ¶ 7. |
| | "During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects related to the Vehicle's headlamps, defects relating to the Vehicle's brake system, defects relating to the Vehicle's windows, and defects related to the Vehicle's ignition housing and ignition cylinder." Compl., ¶ 8. |
| | "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts." Compl., ¶ 9. |
| | "Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b)." Compl., ¶ 15. |
| | "In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period." Compl., ¶ 20. |
| | The Fourth Cause of Action is for "Breach of Express Written Warranty." |
| | The Fifth Cause of Action is for "Breach of the Implied Warranty of Merchantability." |
| | "In or around July of 2006, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label." Compl., ¶ 29. |

---

[1] This schedule supplements the previous supplements and the original Schedule "2" previously filed with the Court in connection with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* on April 21, 2014 [Dkt. No. 12620]. *See* Dkt. Nos. 12620-2, 12672-8, 12699, 12720, 12723, 12781, 12819.

[2] Due to space limitations, this chart contains only a ***sample*** of statements, allegations and/or causes of action contained in the complaints referenced herein. This chart does ***not*** contain ***all*** statements, allegations and/or causes of action that New GM believes violates the provisions of the Court's Sale Order and Injunction and the MSPA.

23422122.4

| **Lead Plaintiff** | **Allegations** |
|---|---|
|  | "Defendant violated the [Magnuson-Moss Warranty Act] when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle." Compl., ¶ 36. |
| Johnson | "In or around December of 2007, Plaintiff purchased a 2008 Chevrolet HHR . . . which was manufactured and or distributed by Defendant." Compl., ¶ 6. |
|  | "In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." Compl., ¶ 7. |
|  | "During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects relating to the Vehicle's ignition switch, defects relating to the Vehicle's catalytic converter, defects relating to the Vehicle's suspension system, defects that cause the Vehicle to leak fluids, and defects relating to the Vehicle's throttle body." Compl., ¶ 8. |
|  | "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts." Compl., ¶ 9. |
|  | "Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b)." Compl., ¶ 15. |
|  | "In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period." Compl., ¶ 20. |
|  | The Fourth Cause of Action is for "Breach of Express Written Warranty." |
|  | The Fifth Cause of Action is for "Breach of the Implied Warranty of Merchantability." |
|  | "In or around December of 2007, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label." Compl., ¶ 29. |
|  | "Defendant violated the [Magnuson-Moss Warranty Act] when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle." Compl., ¶ 36. |
| Rollins | "It has come to light that GM knew of the defective ignition switch as early as 2001, before the switches was placed into production, but continued to market and sell the vehicles with this defect." Compl., ¶ 4. |
|  | The named plaintiffs' vehicles (a 2006 Saturn Ion, a 2007 Saturn Ion and a 2006 Chevrolet HHR) were "manufactured, sold, distributed, advertised, marketed, and warranted by GM." Compl., ¶¶ 11-13. |

23422122.4

| **Lead Plaintiff** | **Allegations** |
|---|---|
| | "Because New GM acquired and operated Old GM and ran it as a continuing business enterprise, and because GM was aware from its inception of the ignition defects at issue in the Defective Vehicles, GM is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint." Comp., ¶ 17. |
| | Paragraphs 5, 6, 24 and 32 through 41 of the Complaint describe events that took place prior to the closing of the 363 Sale. |
| | "New GM has successor liability for Old GM's acts and omissions in the marketing and sale of the Defective Vehicles because it has continued the business enterprise of Old GM. Additionally, New GM has admitted that it knew of the Ignition Switch Defect from the very date of its formation; New GM has continued in the business of designing, manufacturing, and marketing vehicles, including at least some of the same vehicles as Old GM; New GM retained the bulk of the employees of Old GM; New GM acquired, owned, and leased real property of Old GM, including all machinery, equipment, tools, information technology, product inventory, and intellectual property; New GM acquired the contracts, books, and records of Old GM; and New GM acquired all goodwill and other intangible personal property of Old GM." Compl., ¶ 55. |
| | Purported Class questions are (i) "whether the nature of the defective ignition switches in the Defective Vehicles constitutes a material fact reasonable consumers would have considered in deciding whether to purchase a Defective Vehicle" (Compl., ¶ 66(h)), (ii) "whether the Defective Vehicles were fit for their intended purpose" (Compl., ¶ 66(j)), and (iii) "whether the Defective Vehicles were of merchantable quality" (Compl., ¶ 66(k)). |
| | "GM has successor liability for the acts of concealment and oppression of Old GM as set forth above." Compl., ¶ 73. |
| | "As alleged above, Defendants have failed to comply with the terms of its written, express, and/or implied warranties." Compl., ¶ 79. |
| | "Plaintiffs have suffered damages as a result of GM's breaches of express and implied warranties as set forth herein; thus, this action lies. 15 U.S.C. § 2310(d)(1)-(2)." Compl., ¶ 86. |
| | Count III is based on "breach of implied warranty of merchantability." |
| | "GM impliedly warranted to Plaintiffs and members of the Class that the Defective Vehicles were free of defects, and were merchantable and fit for the ordinary purpose for which such goods were sold and used." Compl., ¶ 96. |
| | "GM, however, marketed, promoted, and sold the Defective Vehicles as safe and free from defects." Compl., ¶ 98. |
| | "GM further breached its implied warranty of merchantability to Plaintiffs and Class Members because the Defective Vehicles were not adequately contained, packaged, and labeled." Compl., ¶ 100. |
| | "GM impliedly warranted to Plaintiffs and members of the Class that the Defective Vehicles were fit for the purpose of providing safe transportation." Compl., ¶ 109. |

23422122.4