

# j|d
## LAW

| 713.337.4100 | 1010 LAMAR, SUITE 200 | 713.337.4101 |
| TELEPHONE | HOUSTON, TEXAS 77002 | FACSIMILE |

JOSH DAVIS[*]
josh@thejdfirm.com
*Board Certified in Personal Injury Trial Law*
*By the Texas Board of Legal Specialization*

August 14, 2014

The Honorable Robert E. Gerber                                       ***Via Email and ECF Filing***
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

     RE:    In re: Motors Liquidation Company, et al
              Case No. 09-50026 (REG); Chapter 11

Dear Judge Gerber:

    I represent Dori Phillips, formerly Dori Powledge ("Phillips") in the above-captioned case. Phillips' husband and four children died in a single car crash in Houston, Texas on October 18, 2005 in the family's 2004 Malibu. In 2007 Phillips sued GM ("2007 Litigation"), alleging a product defect caused the vehicle's electrical and mechanical systems to fail, creating an inability to steer or stop. During the litigation GM maintained that Phillips's husband, Adam Powledge, committed murder-suicide and that was the cause of the crash.

    Phillips was compelled to mediate and received a token settlement amount compared to the extreme loss she suffered. After selling her warrants, Phillips received $521,000.00 in compensation. Throughout the 2007 Litigation GM maintained that there was zero evidence of a product defect in the Malibu, or any similar vehicles.

    We now know otherwise. GM was withholding significant evidence material to Phillips's prior claims. GM's fraudulent concealment caused Phillips extreme prejudice

---
[*] Licensed in New York and Texas.

09-50026-mg    Doc 12845    Filed 08/14/14    Entered 08/14/14 16:41:40    Main Document
Pg 2 of 2

Josh Davis Law Firm

Honorable Robert E. Gerber
August 14, 2014
Page -2-

to her due process rights as she negotiated fair consideration for her underlying product defect claims. Phillips has brought suit for this fraud—a claim that did not exist prior to the Sale Order.

      I request a few minutes of the Court's time on Monday, August 18. New GM requests that Phillips submit to the previously agreed upon Scheduling Orders entered by the Court on May 16, 2014 and July 11, 2014. But the application of the Court's prior scheduling orders to Phillips would be unfair. First, the underlying accident was substantially caused by other recalls, not the ignition switch recall. Phillips needs to conduct discovery specific to her recalls and New GM's concealment of material information related to those specific recalls. While the Cobalt/Ion recalls have received greater scrutiny and are the subject of Valukas Report, the recalls specific to Phillips's Malibu have received less scrutiny. Accordingly, Phillips requires special treatment for this unique case.

      Secondly, Phillips's claims are unrelated to the presale accident. The claims concern GM's fraudulent concealment of material information from Phillips. While the Sale Order includes fraud claims, it envisions claims that exist. Phillips's fraud claim did not exist until this year. No one—including this Court—can provide or accept consideration for claims that are being fraudulently concealed.

      Thirdly, contrary to New GM's claims, Phillips's case is not subject to the Feinberg Protocol. Phillips's only relief resides with the courts.

      Finally, because Phillips's response requires specific discovery, the timing of the current briefing schedule concerning New GM's Motion to Enforce is unworkable.

      Given the small number of individual plaintiffs subject of New GM's Motion to Enforce against presale tort plaintiffs, I respectfully request a brief audience with the Court to ensure Phillips's claims are accurately characterized. Thank you.

      With best wishes,

      /s/ Joshua P. Davis

      Joshua P. Davis

JPD/kam