# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

August 15, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re: In re Motors Liquidation Company, *et al.*
         Case No. 09-50026 (REG)

        **Letter Pursuant to July 11, 2014 Supplemental Scheduling Order**

Dear Judge Gerber:

  King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. Pursuant to the Court's July 11, 2014 Supplemental Scheduling Order,[1] the Groman Plaintiffs filed a Threshold Issues Letter with the Court on August 8, 2014 ("**Groman Letter**")[2] seeking authorization to conduct discovery in connection with the Four Threshold Issues. New GM also filed a Threshold Issues Letter on that day stating that it did not believe discovery was needed to determine the Four Threshold Issues, and there was no need to add/delete any of the Four Threshold Issues. ("**New GM Letter**"). Neither the Designated Counsel nor the GUC Trust/Unitholders filed a Threshold Issues Letter.

  As authorized by paragraph "e" of the Supplemental Scheduling Order, New GM is filing this response to the Groman Letter, and to supplement the New GM Letter based on events that occurred after August 8, 2014 – specifically, at the August 11, 2014 initial case conference ("**Initial Conference**") before District Court Judge Furman in Multi-District Litigation 2543 ("**MDL**"). For the reasons set forth below, New GM's position about the "lack of necessity" to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Scheduling Order.
[2] The Groman Plaintiffs also filed a supplemental letter with the Court on August 13, 2014.

23440776v1

Honorable Robert E. Gerber
August 15, 2014
Page 2

take discovery relating to the Four Threshold Issues remains the same. However, based on the District Court's determination that lead counsel in the MDL (once appointed) should file a consolidated master complaint on Plaintiffs' economic loss claims within 60 days, New GM now believes it makes sense to defer briefing and this Court's determination of the Old GM Claim Threshold Issue and the Equitable Mootness Threshold Issue until after the new consolidated master complaint is filed. Only then will all parties be able to see what precisely is being alleged by the Plaintiffs, and how such claims are impacted by the Sale Agreement, and this Court's Sale Order and Injunction.

**A.    The Old GM Claim Threshold Issue and
       Equitable Mootness Threshold Issue Should Be Deferred**

When New GM filed the New GM Letter it believed that the Four Threshold Issues should proceed on the current schedule. Circumstances have changed since last Friday which has caused New GM to re-evaluate its position.

Specifically, one of the agenda items for the Initial Conference was whether the Plaintiffs in the MDL should file a consolidated master complaint. The District Court indicated at the Initial Conference that once lead counsel is appointed in the MDL, Plaintiffs should immediately begin drafting a master complaint relating to Plaintiffs' economic loss claims. The District Court agreed with temporary lead counsel's recommendation that such consolidated master complaint be circulated by lead counsel, within 45 days of its appointment, to all Plaintiffs so that they can confer and attempt to resolve amongst themselves any issues with respect to the contents of the master complaint. Within 60 days of their appointment, lead counsel would file the consolidated master complaint with the District Court. This development affects the Old GM Claim Threshold Issue and the Equitable Mootness Threshold Issue.

The Old GM Claim Threshold Issue is defined as "[w]hether any of the claims asserted in the Ignition Switch Actions are claims against the Old GM bankruptcy estate (and/or the GUC Trust)." The briefing schedule set forth in the Supplemental Scheduling Order contemplated briefing this issue based on the claims and allegations in the complaints filed in the Ignition Switch Actions. Given that a consolidated master complaint will be filed within the next few months, the claims and allegations asserted in the various Ignition Switch Actions likely will change, perhaps significantly. It would be inefficient and a waste of the parties' and judicial resources to file briefs and assert arguments based on a changing landscape.

The Equitable Mootness Threshold Issue is defined as follows: "[i]f any or all of the claims asserted in the Ignition Switch Actions are or could be claims against the Old GM bankruptcy estate (and/or the GUC Trust), should such claims or the actions asserting such claims nevertheless be disallowed/dismissed on grounds of equitable mootness." As is the case with respect to the Old GM Claim Threshold Issue, the arguments regarding this issue are necessarily tied to the claims and allegations in the current versions of the complaints. As those claims and allegations will likely change in light of the forthcoming consolidated master complaint, it would similarly be inefficient and a waste of the parties' and judicial resources to file briefs and assert arguments regarding this issue at this time.

Honorable Robert E. Gerber
August 15, 2014
Page 3

Accordingly, New GM believes that the briefing schedule concerning the Old GM Claim Threshold Issue and the Equitable Mootness Threshold Issue should be deferred until after the consolidated master complaint is filed with the District Court. At that time, all parties, including New GM and the GUC Trust/Unitholders, will know which claims remain, and will be in a better position to evaluate which of the remaining claims are Retained Liabilities under the Sale Agreement and thus violate the injunction provisions contained in the Sale Order and Injunction. The parties will also be in a much better position to determine whether any of such claims, if asserted against Old GM, are "equitably moot."

B.   **Discovery Is Not Needed For The Remaining Threshold Issues, And They Should Proceed On The Schedule Set Forth in the Supplemental Scheduling Order**

As indicated in New GM's August 8, 2014 letter to the Court, it believes that the Due Process Threshold Issue and the Remedies Threshold Issue are capable of resolution by this Court on the current schedule and without the need of any discovery.[3] All of the material facts have been agreed to in the "Agreed-Upon Stipulations of Fact" previously filed with the Court so that the Court can determine each of these Threshold Issues based on the briefs to be filed and oral argument.[4] New GM notes that the Groman Plaintiffs are the only parties seeking discovery in connection with these Threshold Issues. Designated Counsel, who represent the vast majority of the Plaintiffs in the Ignition Switch Actions, did not file a Threshold Issues Letter seeking any type of discovery with respect to these Threshold Issues.

While the Groman Plaintiffs reference each party's "Disputed Facts" (as defined in the Groman Letter), it is significant that New GM had six Disputed Facts, Designated Counsel had eight Disputed Facts and the GUC Trust/Unitholders had seven Disputed Facts. In stark contrast, the Groman Plaintiffs asserted *83* Disputed Facts, almost *four times* the number of Disputed Facts set forth by the other parties *combined*. The Groman Plaintiffs had so many Disputed Facts because they had no citations or support for them; they were simply "aspirational" facts with absolutely no basis. The Groman Plaintiffs knew that New GM could and would never agree to them, primarily because they were not true or asserted ultimate conclusions of law.[5]

---

[3]   As the Fraud on the Court Standard Briefing is limited to the legal standard applicable to the Fraud on the Court Threshold Issue, no discovery is needed and the briefing on this issue can proceed according to the schedule set forth in the Supplemental Scheduling Order.

[4]   The Groman Plaintiffs apparently believe this as well. *See* Groman Letter, p. 1 ("Although the Groman Plaintiffs believe that the Ignition Switch Plaintiffs should prevail based on applicable law and Agreed Facts, they nevertheless submit that the Court should authorize limited discovery . . .").

[5]   As set forth in New GM's August 8th letter, both New GM and Designated Counsel believed that the Groman Plaintiffs' Disputed Facts were withdrawn during the negotiations. These Disputed Facts were only reintroduced the night before the agreed-upon stipulations were to be filed with the Court, and after many conversations among all Counsel for the Identified Parties regarding open issues. Most of the Groman Plaintiffs' Disputed Facts have little, if anything, to do with the Threshold Issues. Their reintroduction late in the meet and confer process appears to have been part of a litigation strategy by the Groman Plaintiffs to seek prompt discovery in this contested proceeding before the Threshold Issues are determined, and before discovery in the MDL commences.

Honorable Robert E. Gerber
August 15, 2014
Page 4

Regardless, the remaining Threshold Issues need no discovery to resolve.[6] The Due Process Threshold Issue can be broken down into three subparts. ***First***, whether there was a due process violation. New GM believes there was no due process violation because the Plaintiffs in the Ignition Switch Actions were "unknown" creditors at the time notice of the sale was served. Old GM's books and records did not reflect that the Plaintiffs had claims against Old GM and, thus, as unknown creditors, publication notice was sufficient to satisfy the Plaintiffs' due process rights. The Groman Plaintiffs' requested discovery is irrelevant to this issue. While other parties may have a different approach to this issue, discovery is not needed to resolve this issue. ***Second***, even assuming there was a due process violation (which New GM strongly disputes), the Plaintiffs were not prejudiced because other parties involved in the sale process made the same type of due process arguments, which were ultimately overruled by the Court in its Sale Decision. Discovery is not needed on this issue. ***Third***, even if other parties had not raised the same due process issues, the result would not have changed – the sale still would have been approved because the only alternative was liquidation with no payment to unsecured creditors. Again, no discovery is needed on this issue.

The Remedies Threshold Issue similarly needs no discovery. If there was a due process violation, it was Old GM that violated the Plaintiffs' due process rights. Old GM was the debtor and was required to send out appropriate notice, not New GM. Likewise, Old GM was the movant that sought approval of the sale, not New GM. New GM, a separate and distinct government-sponsored entity, was found to be, pursuant to a "final and non-appealable order," a good faith purchaser for value. No discovery is needed for any of these issues.

While the Groman Plaintiffs assert that depositions are necessary, Judge Furman has stated that depositions should not go forward at this time. Moreover, the depositions (as well as the document discovery) that the Groman Plaintiffs seek are nothing more than a fishing expedition. The Groman Plaintiffs' assertion that an "adverse inference" should be drawn based on what the Valukas Report does not say is illogical. The requested Groman Plaintiffs' discovery will only delay these proceedings, to the determinant of this Court, the MDL Court and all of the other parties.

The Groman Plaintiffs' reference to the Warranty Settlement Agreement provides no justification for discovery. The Warranty Settlement Agreement references 49 items, six of which are specifically discussed in the body of the agreement, and 43 of which are summarily listed in an attached schedule. "Ignition switch failures" are two of the 43 items in the schedule. However, as to that issue, the Valukas Report states as follows: "We have found no witness who can identify the warranty issues encompassed by the 'ignition switch failure.' . . . No witness reported and no documents show that the torque problem was ever discussed in connection with the Warranty Settlement Agreement." Valukas Report, p. 128 (footnotes omitted). There is no reason to believe that discovery will shed any further light on this subject.

---

[6] If, after the benefit of the briefing and oral argument on the Due Process Threshold Issue and Remedies Threshold Issue, the Court believes any issue needs to be further fleshed out, the Court can then order limited discovery tailored to the specific issues that it wants addressed.

Honorable Robert E. Gerber
August 15, 2014
Page 5

Finally, while the Groman Plaintiffs assert they can propound limited document requests and only need to conduct a limited number of depositions, they never specify what exactly they are seeking. While they claim that what they are seeking can be completed within "six to eight weeks," that surely will not be the case. Moreover, the Groman Plaintiffs also "reserve their rights to request additional discovery that may be required as a result of the limited discovery." Groman Letter, p. 4. Proceeding down the Groman Plaintiffs' path – a path no other party is advocating – will only lead to delay, increased costs and waste of the parties' and the Court's resources. The Groman Plaintiffs' request for discovery should be denied.[7]

                                                  Respectfully submitted,

                                                  */s/ Arthur Steinberg*

                                                  Arthur Steinberg

AJS/sd

cc:    Edward S. Weisfelner
        Howard Steel
        Elihu Inselbuch
        Peter Van N. Lockwood
        Sander L. Esserman
        Jonathan L. Flaxer
        S. Preston Ricardo
        Matthew J. Williams
        Lisa H. Rubin
        Keith Martorana
        Daniel Golden
        Deborah J. Newman
        Jamison Diehl

---

[7] It should be noted that at the Initial Conference, the District Court deferred the issue relating to document discovery to its next conference on September 4, 2014. Judge Furman indicated that it would be likely that, at that time, he will require New GM to produce certain documents given to Congress and NHTSA. Judge Furman noted that the MDL included certain cases that were not implicated by the Sale Order and Injunction (*i.e.*, post-363 Sale accidents causing injury), and therefore matters needed to go forward. At the same time, he acknowledged the Bankruptcy Court's jurisdiction to determine the Four Threshold Issues. New GM believes that the document production that likely will be forthcoming will not impact the timely briefing and the Court's determination of the Threshold Issues, as set forth above.