# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

August 15, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

    **Re:**   **In re Motors Liquidation Company,** *et al.*
       **Case No. 09-50026 (REG)**

      **Response to Doris Powledge Letter and Objection**

Dear Judge Gerber:

  King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter.  New GM is filing this letter ("**Letter**") in response to the letter and objection ("**Objection**") filed by Doris Powledge ("**Powledge**"), both on August 14, 2014, as it relates to New GM's Motion to Enforce the Sale Order and Injunction[1] against Plaintiffs (including Powledge) in Pre-Closing Accident Lawsuits.

  At the outset, it appears that Powledge filed the Objection in connection with the August 18, 2014 status conference scheduled by the Court ("**Status Conference**").  No pleadings were required in connection with the Status Conference, and this Letter is not intended to be a specific response to the Objection.

  The Objection does raise certain issues which are relevant to the Status Conference, and New GM seeks to highlight herein those matters for the Court.

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce This Court's July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits*, dated August 1, 2014 [Dkt. No. 12807] ("**Pre-Closing Accidents Motion to Enforce**").

23461622v1

Honorable Robert E. Gerber
August 15, 2014
Page 2

1. While Powledge originally commenced her Pre-Closing Accident Lawsuit in a non-bankruptcy forum, and has been actively litigating it (even *after* the filing of the Pre-Closing Accidents Motion to Enforce) she apparently now concedes in this Court that her claims are subject to the exclusive jurisdiction of this Court. *See* Objection, p. 18 n.28 ("This Court should be aware that Plaintiffs' have, until now, pursued their claims against New GM in state and federal district Court, and not bankruptcy Court, based on GM's explicit exclusion of tort claimants from its original Motion to Enforce."). Certainly, Powledge knows now (as reflected in the Objection) that she is subject to the Pre-Closing Accidents Motion to Enforce. Accordingly, it is assumed that Powledge will now voluntarily stay her Pre-Closing Accident Lawsuit, and litigate all appropriate issues in this Court. If that assumption is incorrect, and Powledge should so state at the Status Conference, she presumably will agree to file a "No Stay Pleading" with this Court explaining why her Action is not subject to this Court's Sale Order and Injunction.

2. In any pleading filed with this Court, Powledge should specifically identify the New GM conduct she is complaining about, as her Pre-Closing Date Accident Lawsuit and her Objection "conveniently" lump Old GM and New GM together. The Court has previously held, in other matters, that New GM is not responsible, among other things, for claims based on Old GM's conduct, or successor liability.

3. New GM will respond to any No Stay Pleading filed by Powledge, and the Court, as it has done recently in connection with certain actions subject to the Ignition Switch Motion to Enforce, can rule on whether the Sale Order and Injunction is implicated by the Pre-Closing Accident Lawsuit (which New GM believes is clearly the case). New GM's response to the No Stay Pleading will also address the issues raised by the Objection.

4. The Powledge case does not raise any Threshold Issues involved with the Ignition Switch Actions. The accident in Powledge occurred in 2005, almost four years before the closing of the 363 Sale. The vehicle was destroyed and there was nothing to "recall" after such time. Powledge commenced a lawsuit against Old GM prior to the Petition Date, which was stayed upon Old GM's bankruptcy filing. Powledge (as a pre-petition litigant against Old GM) was provided direct mail notice by Old GM of the 363 Sale, did not object to the 363 Sale, and did not appeal the Sale Order and Injunction. Powledge was provided notice of the Old GM Bar Date, and timely filed proofs of claim against Old GM. Such conduct is an implicit recognition by Powledge that her claims were Retained Liabilities (as defined in the Sale Agreement) – *i.e.*, an obligation of Old GM (and not New GM). Powledge's proofs of claim were the subject of a Bankruptcy Court mediation, and Powledge and the Old GM bankruptcy estate (not New GM) settled those claims pursuant to a written agreement dated as of August 9, 2010 ("**Settlement Agreement**"). Presumably, Powledge has received meaningful distributions on account of her allowed Claims.

Honorable Robert E. Gerber
August 15, 2014
Page 3

    5.    Pursuant to the Settlement Agreement, Powledge agreed that ***this Court*** (and not any other Court) "shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement." Settlement Agreement, ¶ 10. Presumably, if Powledge seeks to vacate the Settlement Agreement with Old GM, it is this Court that reserved exclusive jurisdiction to resolve that dispute between Powledge and Old GM.

New GM reserves the right to raise such other issues that may be relevant at the Status Conference.

                              Respectfully submitted,

                              */s/ Arthur Steinberg*

                              Arthur Steinberg

AJS/sd

cc:    Josh Davis, Esq. (via e-mail transmission)