## STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS 75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999

SANDER L. ESSERMAN

E-MAIL: esserman@sbep-law.com

August 15, 2014

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

> **Re: In re Motors Liquidation Company,** *et al.*
> **Case No. 09-50026 (REG)**
>
> **Letter, pursuant to July 11, 2014 Supplemental Scheduling Order, in response to GM's August 15, 2014 Threshold Issues Letter and Golenbock Eiseman Assor Bell & Peskoe LLP's August 8 and 13th, 2014 Letters regarding discovery**

Dear Judge Gerber,

This letter is written on behalf of the law firms of Brown Rudnick LLP, Caplin & Drysdale Chartered, and Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation (collectively, the "Designated Counsel") in response to the Groman Threshold Issues Letter (as supplemented), as provided for in the Supplemental Scheduling Order and in response to GM's Threshold Issues Letter filed on August 15, 2014.

Pursuant to this Court's Supplemental Scheduling Order of July 11, 2014 (the "Supplemental Scheduling Order"), any Counsel for the Identified Parties that believed that resolution of any of the Four Threshold Issues was premature and/or would require discovery to resolve was required to file a Threshold Issues Letter with the Court on or before August 8, 2014. Golenbock Eiseman Assor Bell & Peskoe LLP, on behalf of the Groman Plaintiffs, filed a Threshold Issues Letter with this Court, as supplemented by its letter to this Court on August 13, 2014 (collectively, the "Groman Threshold Issues Letter") requesting that this Court grant, what the Groman Plaintiffs characterizes as, "limited" discovery (which is in fact no such thing). No other party among the Identified Parties filed a Threshold Issues Letter requesting discovery. Subsequent to the filing of the Groman Threshold Issues Letter, GM filed a letter on August 8, 2014 noting the filing of the Agreed

August 15, 2014

Upon Stipulations of Fact by Counsel for the Identified Parties and GM's position that no discovery is necessary for the Court to determine each of the Four Threshold Issues based upon the briefs to be filed, and oral argument to be made, to Your Honor.  GM filed an additional Threshold Issues letter on August 15, 2014 (the "GM August 15th Letter") requesting removal of two of the four Threshold Issues and responding in more detail in opposition to the Groman Plaintiffs' request for discovery.

## I. Consent to Remove Threshold Issues Three and Four

In response to GM's August 15th Letter filed with this Court requesting, among other things, that this Court respectfully remove Threshold Issues Three and Four from the current briefing schedule and to proceed only with Threshold Issues One and Two—due process and remedy, respectively—Designated Counsel consents to such procedural request in light of the new developments in the MDL proceeding.  To be clear, Designated Counsel disagrees with GM on its views of the merits of the open issues to be decided by this Court but agrees that procedurally it makes the most sense at this point to proceed with only the due process and remedy Threshold Issues.  Designated Counsel acknowledges that a master amended and consolidated complaint will likely be filed in the MDL proceeding within the next two to three months.  Designated Counsel believe that the filing of such master amended and consolidated complaint in the MDL proceeding could have an impact on Threshold Issues Three and Four and accordingly consents to GM's request to remove those issues from the current briefing schedule.  The removal of those Threshold Issues should not have any effect on the established briefing schedule which should proceed unchanged under the current Supplemental Scheduling Order.

## II. Response to Groman Plaintiffs' Threshold Issues/Discovery Letter

Designated Counsel strongly believe that discovery is not necessary for the briefing of the Four Threshold Issues—and it is certainly not necessary to brief the due process and remedy Threshold Issues—and discovery would only serve to needlessly delay the agreed upon schedule that was created after much negotiation among Counsel for **all** the Identified Parties[1], as explained in detail below.

Designated Counsel notes that they proposed only eight fact stipulations that were not agreed to by GM.  *See* Exhibit A to Exhibit B of the Agreed and Disputed Stipulations of Fact Pursuant to the court's Supplemental Scheduling order, Dated July 11, 2014 (Docket No. 12826) (the "Fact Stipulations").  Designated Counsel believe that upon consideration of these disputed facts by this Court, whether at the August 18, 2014 status conference or at a later hearing through motions in limine or otherwise, or through further negotiations with GM, these few disputed facts can be resolved without the need for discovery.  Even if such resolution does not occur, Designated Counsel believes there is a sufficient record for this Court to find a denial of due process and fashion a remedy from that finding.  Furthermore,

---

[1]  Capitalized terms not defined herein shall have the meaning ascribed to them in the Supplemental Scheduling Order.

2

August 15, 2014

the Agreed Upon Fact Stipulations make clear that in addition to the Agreed Upon Fact Stipulations, Counsel for the Identified Parties may rely upon the following categories of documents which speak for themselves:

a.  All pleadings, briefs, declarations, affidavits, orders, decisions, evidence admitted by the Bankruptcy Court, reports filed by the GUC Trust, and deposition and hearing transcripts in adversary proceedings or contested matters arising under, in, or related to the Old GM bankruptcy case, including without limitation, appeals of any decisions emanating from the Bankruptcy Court.

b.  All filings with the Securities and Exchange Commission by Old GM, New GM and the GUC Trust.

c.  All press releases issued by Old GM, New GM and the GUC Trust.

d.  The GUC Trust Agreement, and any amendments thereto.

e.  The complaints (and any amendments thereof) filed in the Ignition Switch Actions, and any pleadings filed with the United States District Court for the Southern District of New York, 14-MD-2543 (JMF); 14-MC-2543 **("MDL Court").**

f.  Information contained in Bloomberg Financial with respect to the share price and trading volume of the GUC Trust Units, New GM stock and warrants.

Fact Stipulations at pgs. 2-3.

> Additionally, the Supplemental Scheduling Order states as follows:
>
> In their briefs, all parties may rely on the agreed upon stipulations of fact, and, also, any factual materials that would be considered by the Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedures and all parties may offer for that purpose any material which they would wish considered part of the record, and any party reserves the right to oppose the consideration of such materials….

Supplemental Scheduling Order at f(v).

The current briefing schedule carefully balances the need to resolve the Threshold Issues (whether it ultimately ends up being two or four issues) on an expedited basis with the need to have a sufficiently complete record for this discrete purpose. While Designated Counsel agrees that the type of information the Groman Plaintiffs aspire to find through "limited" discovery might be helpful to build the absolute strongest case a party could hope

3

August 15, 2014

for, Designated Counsel believe the information they have within reach is sufficient to obtain a favorable ruling in an expeditious fashion which is in the best interest for plaintiffs. A no-stone-left-unturned approach to resolving the Threshold Issues will only lead to extensive delays in the bankruptcy proceeding which will inherently result in further delays in the MDL proceeding. This is especially true since the parties have reserved their respective rights with regard to the need for future discovery in the event this Court were to determine that resolution of one or more of the Threshold Issues requires the resolution of currently contested facts.

The Groman Plaintiffs propose, as an initial matter, an **eight week** suspension of the briefing in this matter, a delay that presupposes the expeditious resolution of any discovery disputes arising out of the discovery they propose. Who knows how long the delay might ultimately last? The Groman Plaintiffs reserve the right to seek **more** discovery if they deem it necessary after review of the initial "limited" discovery they propose.

Indeed, the "limited" discovery that the Groman Plaintiffs request, according to GM, includes several-hundred-thousand pages of documents GM has submitted to the House Energy & Commerce Committee in addition to 40 million documents GM produced to Mr. Valukas and his team in connection with the investigation and preparation of the Valukas Report. The Groman Plaintiffs, in attempting to cabin any delay in the current briefing schedule to only 6 to 8 weeks, allots only 21 days for Counsel for the Identified Parties to review these materials. A 21 day period to review millions of pages of documents is simply not reasonable and will not provide for any meaningful synthesis of the materials to assist in the preparation of the Threshold Issues briefs. Indeed, a 6 to 8 week period solely devoted to the review of millions of documents is likely not sufficient time to render meaning out of such a mass production. Mr. Valukas himself (along with hundreds or more professionals) had a 70-day period and had the full cooperation and assistance of GM. It is highly likely, then, that this 6-8 week period is either wishful thinking, miscalculation, or a cynical attempt to delay briefing for some unstated purpose. An 8-week delay could well be the thin end of the wedge and serve to frustrate the intent of the Court and the Identified Parties to brief and decide the Threshold Issues on an accelerated timetable so that the case may proceed on its merits elsewhere.

While it is true that Judge Furman in his August 7, 2014 Order (providing his preliminary views prior to the August 11, 2014 Status Conference before him) and comments from the bench at the August 11th Status Conference appears inclined to order GM's production of the documents GM has already produced to Congress, NHTSA, or other government agencies as well as to Mr. Valukas's team, it is unlikely that such discovery will be ordered before Lead Counsel is appointed in the MDL and a meet and confer process is thereafter undertaken. Consequently, such discovery is not going to be available until well into, if not well beyond, the current briefing schedule agreed to by all of the Interested Parties and confirmed by this Court.

The Groman Plaintiffs stand alone in opposing the expeditious resolution of this matter. Every other one of the Identified Parties believe that they can hew to the existing

4

August 15, 2014

briefing schedule (especially if only the Due Process and Remedy Threshold Issues proceed at this time) towards an expeditious resolution of this case without the need for discovery at this time.  Accordingly, it is Designated Counsels' position that discovery is unnecessary at this time to brief the Threshold Issues and that the Identified Parties should proceed as provided for in the current briefing schedule.

                                                            Yours Sincerely,

                                                            /s/ *Sander L. Esserman*

                                                           Sander L. Esserman

cc:    Edward S. Weisfelner
        Howard Steel
        Elihu Inselbuch
        Peter Van N. Lockwood
        Arthur Steinberg
        Scott Davidson
        Jonathan L. Flaxer
        S. Preston Ricardo
        Matthew J. Williams
        Lisa H. Rubin
        Keith Martorana
        Daniel Golden
        Deborah J. Newman
        Jamison Diehl