# Exhibit 1

OFFICE OF THE
# DISTRICT ATTORNEY
ORANGE COUNTY, CALIFORNIA
**TONY RACKAUCKAS, DISTRICT ATTORNEY**

**JIM TANIZAKI**
SENIOR ASSISTANT D.A.
VERTICAL PROSECUTIONS/
VIOLENT CRIMES

**JOSEPH D'AGOSTINO**
SENIOR ASSISTANT D.A.
GENERAL FELONIES/
ECONOMIC CRIMES

**MICHAEL LUBINSKI**
SENIOR ASSISTANT D.A.
SPECIAL PROJECTS

**JAIME COULTER**
SENIOR ASSISTANT D.A.
BRANCH COURT OPERATIONS

**CRAIG HUNTER**
CHIEF
BUREAU OF INVESTIGATION

**LISA BOHAN - JOHNSTON**
DIRECTOR
ADMINISTRATIVE SERVICES

**SUSAN KANG SCHROEDER**
CHIEF OF STAFF

August 15. 2014

*Via U.S. Mail, Fax and E-mail*

Darin T. Beffa
KIRLAND & ELLIS LLP
333 S. Hope Street, Suite 2900
Los Angeles, CA 90071
Fax: (213) 680-8400
Email: darin.beffa@kirkland.com

Re:    *People of the State of California v. General Motors, LLC*

Dear Counsel:

My name is Joe D'Agostino. I am a Senior Assistant District Attorney in the Orange County District Attorney's ("OCDA") office. Along with District Attorney Tony Rackauckas, I am counsel in this action which has been brought by the OCDA on behalf of the People of the State of California against Defendant General Motors, LLC ("GM"). I am writing to briefly address three (3) items for which I hope that we can reach an agreement.

### I.    REMAND TO ORANGE COUNTY SUPERIOR COURT IS APPROPRIATE

*First*, I am writing request that GM agree to stipulate to remand of this case to Orange County Superior Court. This action was filed in Orange County Superior Court on June 27, 2014. On August 5, 2014, GM filed a notice of removal. (Document 1) The removal by GM is clearly part of an orchestrated effort by GM to: (1) prevent the State's case from proceeding in state court; (2) removing it to federal court; (3) including the action in the Multi-District Litigation ("MDL") proceedings in the United States District Court for the Southern District of New York;[1] and (4) subjecting the case to the jurisdiction of the bankruptcy court in New York.[2] As outlined below, GM's removal was improper and that this action should be remanded for several reasons.

---

[1] GM filed a Notice of Tag-Along Action in the MDL on August 6, 2014, the day after it removed this case, attempting to have this case transferred to and included as part of the *In re General Motors LLC Ignition Switch Litigation MDL*. (Document 399).
[2] Two (2) days after removal, GM demanded on August 7, 2014 that the State either agree to be subject to the Bankruptcy Court stay or file a "No Stay Pleading" with the Bankruptcy Court in New York by August 12, 2014 which was later extended to August 19, 2014.

REPLY TO: ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE                                                          WEB PAGE: www.OrangeCountyDA.com

☒ MAIN OFFICE
401 CIVIC CENTER DR W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3600

☐ NORTH OFFICE
1275 N. BERKELEY AVE.
FULLERTON, CA 92631
(714) 773-4480

☐ WEST OFFICE
8141 13TH STREET
WESTMINSTER, CA 92683
(714) 896-7261

☐ HARBOR OFFICE
4601 JAMBOREE RD.
NEWPORT BEACH, CA 92660
(949) 476-4650

☐ JUVENILE OFFICE
341 CITY DRIVE SOUTH
ORANGE, CA 92668
(714) 935-7624

☐ CENTRAL OFFICE
401 CIVIC CENTER DR. W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3952

A. <u>**GM's Removal Of This This Action On The Grounds That It Is Subject To Bankruptcy Court Jurisdiction Is Misplaced**</u>

GM removed the action primarily on the grounds that it was subject to bankruptcy proceedings involving GM's predecessor, General Motors Corporation ("Old GM") and the Bankruptcy's Court's Sale Order. GM's removal of this action for reasons relating to the Bankruptcy Court or Sale Order fails.

1. **The State's Case Does Not Involve Old GM**

As a preliminary matter, the case asserts no claims against Old GM, does not involve the conduct or practices of Old GM, and does not seek to impose any liability on GM for anything relating to Old GM. *See, e.g.*, First Am. Compl., ¶ 3 (making clear that "[t]his action seeks to hold GM liable only for its *own* acts and omissions *after* the July 10, 2009 effective date of the Sale Order and Purchase Agreement through which GMacquired virtually all of the assets and certain liabilities of Old GM.") (emphasis in original). Thus, removal is clearly not justified here.

2. **Law Enforcement Actions Brought By A Governmental Unit To Enforce A Police Or Regulatory Power Cannot Be Removed And Are Not Subject To Bankruptcy Jurisdiction, Stays Or Proceedings**

Even more importantly, GM cannot remove the State's case to federal court subject this case to bankruptcy proceedings because this case has been brought by a governmental unit (the OCDA's office) on behalf of the public (the People of the State of California) to enforce and police and regulatory power. Unlike private lawsuits that have been filed against GM. This is a police and regulatory power action has been brought by a public law enforcement entity on behalf of the People of the State of California. The very first paragraph of the State's complaint alleges:

> "This is a law enforcement action which primarily seeks to protect the public safety and welfare, brought by a governmental unit in the exercise of and to enforce its police power. *City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1124-1125 (9th Cir. 2006). The action is brought by Tony Rackauckas, District Attorney of the County of Orange, under California Business and Professions Code sections 17200 et seq., the Unfair Competition Law ("UCL"), and 17500 et seq., the False Advertising Law ("FAL"), and involves sales, leases, or other wrongful conduct or injuries occurring in California. The defendant is General Motors LLC ("Defendant" or "GM"), which is based in Detroit, Michigan."

First Am. Compl., at ¶ 1.

In *City & County of San Francisco v. PG&E Corporation*, 433 F.3d 1115 (9th Cir. 2006), the Ninth Circuit Court of Appeals held that "police or regulatory power" actions filed by governmental entities cannot be removed to federal court and are exempt from bankruptcy jurisdiction or proceedings. *Id.* at 1118. The Ninth Circuit based its decision in part on 28 U.S.C. section 1452(a) which specifically states:

> "**A party may remove any claim or cause of action in a civil action *other than*** a proceeding before the United States Tax Court or **a civil action by a governmental unit to enforce such governmental unit's police or regulatory power**, to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

28 U.S.C. 1452(a)(emphasis added).

Actions by governmental entities involving a police or regulatory power are similarly not subject to a bankruptcy stay. *City & County of San Francisco*, 433 F.3d at 1123.[3] Part of the rationale underlying these rules exempting police and regulatory power actions from bankruptcy stays is that there are important public policies and safety reasons why such actions must be allowed to proceed unencumbered by bankruptcy related issues. Accordingly, it is clear that GM's removal of this action was not proper and that remand is appropriate.

### B. Federal Question Jurisdiction Does Not Exist Either

As although it was not GM's primary basis for removal, GM also suggested in its removal papers that removal was warranted based on federal question jurisdiction. Although the State's complaint includes allegations regarding federal law (e.g., the TREAD Act), the only causes of action alleged involve violations of state law, i.e., California Business & Professions Code sections 17200 (the Unfair Competition Law ("UCL") and 17500 (the False Advertising Law ("FAL"). The UCL and FAL claims are based on alleged: (1) *unfair* business practices; (2) *fraudulent* business practices; (3) *unlawful* business practices; and (4) *deceptive* practices and *false advertising*. The State's UCL and FAL claims are not based solely on alleged violations of federal law and are not dependent or contingent upon federal law. Federal question jurisdiction does not exist unless a UCL claim hinges or is premised entirely and only on a violation of federal law. *See, e.g., Rose v. Seamless Fin. Corp.*, 2012 WL 3985964, at *4 (S.D. Cal. Sept. 10, 2012); *Avenius v. Banc of Am. Securities, LLC*, 2006 WL 4008711, at *5-6 (N.D. Cal. Dec. 30, 2006).

"Where a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist." *Williams v. Wells Fargo Bank, N.A.*, 2010 WL 3184248, at *4 (C.D. Cal. Aug.9, 2010). See also Holliman v. Kaiser Foundation Health Plan, 2006 WL 662430, at *13 (N.D. Cal. Mar. 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of both state and federal law). Moreover, "[b]ecause a single unlawful[, unfair, fraudulent or deceptive] business practice may give rise to liability under the UCL, [the Court] could very well find that [GM] violated section 17200 without also finding that [they] violated [federal law]. As such, [the] UCL claim does not depend upon the resolution of a question of federal law." *Williams*, 2010 WL 3184248 at *4. *See also Holliman*, 2006 WL 662430 at *4. Therefore, the exercise of subject matter jurisdiction premised on federal question jurisdiction is not appropriate here.[4]

### C. There Is A "Strong Presumption" Against Removal And Any Doubts Are Resolved In Favor Of Remand To State Court

---

[3] The cases cited by GM in its removal papers as standing for the proposition that removal is warranted because of the bankruptcy issues are distinguishable because: (1) none were brought by governmental unit (i.e., like the OCDA); (2) none were filed on behalf of the public (i.e., like the People of the State of California); and (3) none involve enforcement of a police or regulatory power.

[4] GM does not claim that any other basis for subject matter jurisdiction (i.e., diversity jurisdiction) applies, and clearly cannot do so. The People of the State of California (the "State") is not a citizen for purposes of diversity jurisdiction. Numerous courts have granted motions to remand law enforcement actions brought on behalf of the People of the State of California on the grounds that the "State is not a 'citizen' for purposes of diversity jurisdiction.'" *People of the State of California v. Universal Syndications, Inc.*, 2009 WL 1689651, *2 (N.D. Cal. June 16, 2009) (granting motion to remand) (quoting *Moor v. Alameda County*, 411 U.S. 693, 717 (1973); *accord People of the State of California v. Steelcase, Inc.*, 792 F.Supp. 84, 86 (C.D. Cal. 1992) (granting motion to remand because, "for diversity purposes, a state is not a citizen of itself. Therefore, the State cannot sue or be sued in a diversity action."); *In re TFT-LCD (Flat Panel) Anitrust Litig.*, 2011 WL 1689651, *2 (N.D. Cal. June 16, 2009) (granting motion to remand UCL and FAL action brought on behalf of the People of the State of California because the "State is not a 'citizen' for purposes of the diversity jurisdiction.'"); *Time Warner, Inc.*, 2008 WL 4291435, at *1 ("Unlike a city, which is a citizen of the state, 'a state is not a 'citizen' for purposes of diversity jurisdiction.'"); *People of the State of California v. Check 'N Go of California, Inc.*, 2007 WL 2406888, *4-5 (N.D. Cal. Aug. 20, 2007) (granting motion to remand).

"In the Ninth Circuit, there is a 'strong presumption' against removal and 'the defendant always has the burden of establishing that removal is proper.'" *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts "strictly construe the removal statute against removal jurisdiction." *Id*. Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. *See also People of the State of California v. Time Warner, Inc.*, 2008 WL 4291435, *1 (C.D. Cal. Sept. 17, 2008) (granting motion to remand).

We respectfully request that GM agree to stipulate to remand of this action to Orange County Superior Court. If GM is unwilling to stipulate to remand, we will proceed with filing a motion to remand. We have tried to outline the reasons why we believe removal was improper and remand is warranted in this letter. We are also open to having further discussions with you (perhaps a conference at our offices in Orange County) if you are available and interested in doing so. If we do not hear from you or if GM is unwilling to stipulate to remand, we will proceed with filing a motion to remand on or before September 4, 2014 to be heard before Judge Selna. We may actually aim to file the motion on August 29, 2014 (i.e., ten (10) days from the date of this letter).

## II. THIS ACTION IS NOT SUBJECT TO THE BANKRUPTCY STAY AND SHOULD NOT BE STAYED

*Second*, regarding GM's request on August 7, 2014 that the State agree to be subject to a bankruptcy stay or file a "No Stay Pleading" by August 12, 2014 which was later extended to August 19, 2014, the State's action against GM is not subject to the bankruptcy court's jurisdiction or stay for several reasons. We ask that you agree that this case is not subject to any bankruptcy court stay or at least refrain from arguing that any stay applies or taking any action to enforce a stay until our motion to remand can be heard by Judge Selna.

## III. THIS ACTION SHOULD NOT BE TRANSFERRED TO OR INCLUDED IN THE SOUTHERN DISTRICT OF NEW YORK MDL

*Third* and finally, with respect to the Notice of Tag-Along Action filed by GM on August 6, 2014, this action should not be transferred into or proceed as part of the *In re General Motors LLC Ignition Switch Litigation* MDL in the United States District Court for the Southern District of New York. We object to any transfer and consolidation of this action with the other cases in the MDL. This action is fundamentally different than the cases in the MDL and other actions against GM and should proceed in Orange County Superior Court. In accordance with Rule 7.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, we will be filing a notice of opposition to any transfer or inclusion of this action as part of the MDL.

Thank you for considering the items set forth in this letter. Please let me know if you would like to further discuss these items or perhaps have a conference to see if any of these items can be informally resolved. We believe that it is important that Judge Selna resolve these issues, if we are not able to informally resolve them ourselves, as soon as possible.

Respectfully,

s/ Joe D'Agostino

Joe D'Agostino
Sr. Assistant District Attorney

*SW/JD:vlb*