Hearing Date:_____ (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                  :     Chapter 11
                                                       :
MOTORS LIQUIDATION COMPANY, *et al.*,                  :     Case No.: 09-50026 (REG)
       f/k/a General Motors Corp., *et al.*              :
                                                       :
                Debtors.                   :     (Jointly Administered)
------------------------------------------------------------X
------------------------------------------------------------X
LAWRENCE M. ELLIOTT, *et al.*,                         :
                                                       :
              Plaintiffs,                      :     Case No. 1:14-cv-00691
                                                       :     (D.D.C.) (KBJ)
    v.                                               :
                                                       :
GENERAL MOTORS LLC, *et al.*,                          :
                                                       :
              Defendants.                      :
------------------------------------------------------------X

**PLAINTIFFS' MOTION TO ALTER OR AMEND THIS COURT'S AUGUST 12, 2014, ORDER PURSUANT TO FRBP RULES 9023, 9024, AND 7052, AND FOR A CLARIFYING ORDER**

Plaintiffs move pursuant to Fed. R. Civ. Pro. 60(b)(1),[1] providing for relief from "surprise," Rule 60(b)(4), providing for relief from a "void" judgment, Rule 60(b)(6), providing for relief "for any other reason that justifies relief," and Rule 52(b), authorizing motions for the Court to amend its findings and/or to make additional findings upon the motion of a party.

Plaintiffs Celestine Elliott, Lawrence Elliot, and Berenice Summerville ("**the Plaintiffs**") hereby move for this Court to alter, amend, make additional findings, and clarify its August 12, 2014, Order Denying the Relief Requested in Plaintiffs Lawrence and Celestine Elliott's ("**the**

---

[1] Fed. R. Bank. Pro. 9024 provides that FRCP 60 applies to applications like this one for relief from an order of a Bankruptcy Court. FRBP 7052 incorporates and qualifies FRCP 52.

**Elliotts**") No Stay Pleading Pursuant to the Court's Scheduling Orders and Motion for Order of Dismissal for Lack of Subject Matter Jurisdiction Pursuant to Bankr. R. 7012(B) and for Related Relief, Doc. No. 12834 ("**Preliminary Injunction Order**").

Plaintiffs request that the Court alter, amend, and clarify that the Preliminary Injunction Order is not intended to grant General Motors LLC ("**Non-Debtor GM**") relief that it has not requested in this matter, or to grant relief that Plaintiffs had no notice was under consideration by the Court, and, accordingly, relief which this Court may not impose without violating the fundamental due process rights of Plaintiffs to notice and to a reasonable opportunity to be heard. Such violations would render the offending parts of the Court's Order void, to wit, granting of the "preliminary injunction" and Sale Order enforcement requested by Non-Debtor GM in its Motion to Enforce.

A.  **The Merits of GM's Motion to Enforce Were Not Under Consideration by the Court Prior to the Court's Grant of Relief Requested Therein, the No Stay Pleading Did Not Constitute Plaintiffs' Objections to GM's Motion to Enforce, and the Portions of the Order Purporting to Grant Such Relief Are Void.**

The Court's May 16, 2014, Scheduling Order,[2] required that parties properly served with it who did not agree to "voluntary" stays of their ignition switch claims against Non-Debtor GM submit a "No Stay Pleading" in which such parties would bear the burden of establishing why their ignition switch claims should go forward while others were stayed. The "No Stay Pleading" was intended, and the Elliotts reasonably understood it, to constitute a limited response to the Court's case management concerns about the order in which it would consider objections to Non-Debtor GM's Motion to Enforce, and the related issued raised by the adversary proceeding

---

[2] *See* Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed by Certain Plaintiffs in Respect Thereto, and (III) Adversary Proceeding No. 14-01929 (*In re Motors Liquidation,* 1:09-bk-50026, Doc. No. 12697 ¶5) (hereinafter "May 16 Scheduling Order")

initiated by the *Groman* Plaintiffs. Plaintiffs did not understand, and could not have reasonably understood from the May 16, 2014, Scheduling Order, that the No Stay Pleading was also to constitute Plaintiffs' Objections to the Motion to Enforce, or that the relief requested in the Motion to Enforce itself, rather than application of the Court's May 16, 2014, Scheduling Order, would be under the Court's consideration.

The Elliotts' No Stay Pleading was directed to establishing the Court's lack of subject matter jurisdiction to bind the Elliotts to the May 16, 2014, Scheduling Order and its associated stay of litigation against their claims—because their claims were not related to any matter before the Court, including Non-Debtor GM's Motion to Enforce, they argued. Their No Stay Pleading also argued against the imposition of any stay pending the resolution of "threshold issues" because those threshold issues were not implicated by the claims that the Elliotts assert.

The Elliotts' No Stay Pleading was not intended to, nor could it be fairly construed to, constitute the Elliotts' responsive pleading to Non-Debtor GM's Motion to Enforce itself. Like other Plaintiffs who have yet to submit their objections to Non-Debtor GM's Motion to Enforce, the Elliotts understand that the Court's Order was intended to leave open an opportunity for Plaintiffs, in addition to those represented by Designated Counsel (who have already submitted their Objections to GM's motion), to submit their own Objections at a later time, after the Court's consideration of the "threshold issues" raised by the *Groman* Plaintiffs' adversary proceeding contentions and the Objections that Designated Counsel raised.[3] Were the Elliott

---

[3] See Court's Ruling, fn 23 (noting that Elliott Plaintiffs and other will be free to lodge Objections to Motion to Enforce at later date after the Court hears the issues that concern Designated Counsel).
   The Plaintiffs oppose this way of proceeding as inefficient and imposing an unwarranted delay on the consideration of the Objections of other Plaintiffs who may present issues that are even more "threshold" than those asserted by Designated Counsel on behalf of the *Benton* Plaintiffs a day after Non-Debtor GM filed its motion. The *Benton* Plaintiffs limited their objections to contentions that each assumed that Plaintiffs were "creditors" at the time of the 2009 Sale who could not be barred under Bankruptcy law because they did not receive the prescribed notice that creditors must receive for a bar to apply. That characterization happened to pose the issues in such a way

Plaintiffs to have had an opportunity to submit their Objections to Motion to Enforce, they would have included a whole array of Objections that they do not and did not intend to waive, including Objections to the application of the Sale Order based on their having had no notice or opportunity to be heard before the Sale Order and Injunction were entered, Objections based on lack of personal jurisdiction, improper service of process, improper venue, failure to state a claim upon which relief can be granted, improper initiation of these matters as a single contested matter rather than as an adversary proceeding or proceedings, and Objections based on applicable abstention doctrines. They would not have submitted to the jurisdiction of this Court and do not join in the Objections posed by the *Benton* Plaintiffs represented by Designated Counsel, who do so submit and who submitted their opposition without raising any of the issues that the Elliott Plaintiffs would have raised, nor did they lodge basic objections based on lack of subject matter jurisdiction and violations of due process inherent in the imposition of an Order about which Plaintiffs lacked effective notice and a meaningful opportunity to be heard.[4] Notably, no other Plaintiffs have signed onto or joined the *Benton* Objections, and thus only

---

so as to warrant extensive litigation in this Court, in which Designated Counsel have engaged to the exclusion of virtually any of the other Plaintiffs' counsel.

    The *Elliott* Plaintiffs reject that characterization of the claims that they assert against Non-Debtor GM. The *Elliott* Plaintiffs maintain that they are not and never were "creditors" of Debtor GM who required notice before their claims against its successor could be barred. They are not creditors but injured victims of conduct that occurred well after Non-Debtor GM purchased Debtor GM's assets, and they make no claims, based on warranty, product liability, and the like, that have their source in Debtor GM's conduct or liability.

    For this reason, Designated Counsel do not and cannot represent the interests of the *Elliott* Plaintiffs or others who assert similar claims. Their successful insistence that their Objections must be heard before any other Plaintiffs' Objections may even be lodged reflects the Court's neglect of a conflict within the Plaintiffs' group and the inappropriateness of the Court's repeated admonishment that Plaintiffs not represented by Designated Counsel should defer to their presentation of what purports to be the views of Plaintiffs' generally. Plaintiffs' common interests in the consideration of meritorious Objections that will lead to the prompt litigation of their claims conflict with Designated Counsel's insistence that its Objections, requiring extensive fact stipulation and legal briefing related to narrow questions that are irrelevant to most claims lodged against Non-Debtor GM by Plaintiffs generally, should nevertheless be heard first.

[4] This due process issue is distinct from the due process issue raised in the *Benton* opposition, which is framed in terms of the due process rights of creditors. The Second Circuits holding in *Manville IV* recognizes more general due process rights independent of the creditor status that would apply in any setting not to have an Order imposed without notice and an opportunity to be heard.

those parties they will be bound by its disposition.  No other party has been heard with respect to Objections to Non-Debtor GM's Motion to Enforce. Nor were Plaintiffs on notice from the May 16, 2014, Scheduling Order, that the direct application of the 2009 Sale Order to enjoin Plaintiffs' claims was under the Court's consideration by virtue of the Elliots having submitting their No Stay Pleading.

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Baldwin v. Hale,* 68 U.S. (1 Wall.) 223, 233 (1863).

Notice must not only "'reasonably … convey the required information,' *i.e.*, the nature and purpose of the proceeding," but also must inform the claimant of "the nature of the charges or claims that will be adjudicated." *DPWN*, 871 F. Supp. 2d at 153,155 (citations omitted); *see also Johns-Manville Corp. v. Chubb Indemnity Ins. Co.* (*In re Johns-Manville Corp.*), 600 F.3d 135, 158 (2d Cir. 2010) (holding claimant could not be bound by bankruptcy court orders where, even with notice, "it could not have anticipated . . . that its . . .claims . . . would be enjoined") **("Manville III**"); *In re Waterman Steamship Corp.*, 141 B.R. at 556 (finding notice ineffective if reader would not have known it affected his rights). "At its core, the concern is whether a claimant can be 'force[d] . . . to be bound by proceedings in which he did not and could not participate.'" *Grumman*, 467 B.R. at 706 (citation omitted).

**B.    The Court's Grant of Relief Requested in Non-GM's Motion to Enforce Must Be Corrected, Because the Merits of the Motion Were Not Before the Court and Plaintiffs Had No Nottice or Opportunity to Be Heard with Respect to Such Relief**

The Court's Order goes well beyond rejecting the arguments in the No Stay Pleading. The No Stay Pleading presented reasons why no stay should be applied, but the rejection of those reasons do not themselves provide the authority for imposing a stay or a preliminary injunction.. Under the terms of the Court's May 16, 2014, Order, the Court's rejection of the Elliotts' No stay Pleading left matters where they were before the pleading was filed—other parties had voluntarily stayed their actions but the Elliotts, through counsel, had decided not to, and thus their action was not stayed by any existing Order of the Court, and the only request that it be stayed was contained in Non-Debtor GM's Motion to Enforce—which, as described above, was not under consideration as Plaintiffs reasonably understood the matter, by virtue of their No Stay Pleading.[5]

Accordingly, the following portion of the Court's Order should be stricken on the ground that it grants relief that was not requested at the time the Court granted it, Plaintiffs were not put on reasonable notice that the merits of Non-Debtor GM's Motion to Enforce, and its request for preliminary and permanent injunction, were under consideration. "The stay already imposed by the injunctive provisions of Paragraphs 8 and 47 of the Sale Order (and that the Court may also impose by preliminary injunction) will remain in place insofar as it affects the Elliott Plaintiffs' Complaint…" The only basis that the Court stated to support its injunction was the enforcement of the 2009 Order and the imposition of a preliminary injunction on that basis—the very relief Non-Debtor GM's Motion requested, but that Pleading was not under consideration, as Plaintiffs reasonably understood matters.

**C.     The Court Should Make an Additional Finding of Fact that Plaintiffs Received No Notice of Nor Opportunity to Be Heard with Respect to Debtor GM's Motion for**

---

[5] The Court's July 8 Order "remedies" this gap by purporting to Order lawsuits stayed even if the parties do not file a No Stay Pleading and do not "voluntarily" agree to a stay. See The May 16, 2014, Order, however, contained no such provision.

**Approval of the Sale Order and Injunction That It Seeks to Enforce and that the Court Purported to Impose**

Since the date of the Court's ruling, but prior to entry of judgment, Non-Debtor GM admitted that Plaintiffs it provided Plaintiffs provided no direct mail notice of the Sale Hearing at which the Sale Order and Injunction was considered, ¶¶ 19-20, and that publication notice did not appear in newspapers near their residences, ¶ 22, not did any notice contain anything to alert any consumer who happened upon it that it concerned "the Ignition Switch or most liabilities or potential liabilities of Old GM." ¶ 25. Nor are Plaintiffs "parties under the Sale Agreement." ¶ 61. Non-Debtor has alleged no other notice that Plaintiffs might have ecveived of the entry of the Sale Order and Injunction.

**D.    The Order should be corrected to clarify that it does not apply to non-ignition switch defect claims.**

Plaintiffs are also entitled to relief on the ground of "surprise" because they had no reason to believe that the Scheduling Order, addressed to "ignition switch defect" claims, or Non-Debtor GM's Motion to Enforce, likewise addressed to "ignition switch defect" claims, related to and would be enforced against claims regarding non-ignition switch hazards about which they complained in their lawsuit. The Court's Order is ambiguous and may be read to enjoin those claims as well.

Non-Debtor GM has never initiated any proceeding or matter against any of the Plaintiffs with respect to their *non-ignition switch claims*. Non-Debtor GM's Motion to Enforce, which purports to have initiated this matter against them, is directed solely and exclusively to "ignition switch" claims.[6] Having failed to initiate any proceeding against Plaintiffs regarding those non-

---

[6] In recognition of that limited scope, Non-Debtor GM has since moved *against the claims of other plaintiffs in other actions* related to non-ignition switch defects, but it did not include the Elliott Plaintiffs claims in that motion. *See* Doc. No. 12808, Schedule 1.

ignition switch claims, Non-Debtor GM is not entitled to any Order enjoining the prosecution of such claims, and the imposition of such restraint is void because it violates Plaintiffs due process rights to notice and an opportunity to be heard before they are deprived of their important constitutional rights to seek redress in the civil courts for injuries they have suffered at the hands of Non-Debtor GM due to these non-ignition switch hazards. Nor has Non-Debtor GM made any demonstration whatsoever that the fuel pumps about which Plaintiffs complain were made or distributed by Debtor GM.

E.     **Injunctive Relief is not available in a contested matter.**

Non-Debtor has never initiated an "adversary proceeding" against any of the Elliott Plaintiffs, a pre-condition to an award of injunctive relief under 7001(7) of the Fed. R. Bank. Pro. Part VII of the rules mandate a range of procedural protections that should have been but were not accorded the Elliott Plaintiffs, including a reasonable time in which to prepare a responsive pleading before such injunctive relief was imposed.

Non-Debtor GM has not served any of the papers that are required to initiate such proceedings. That failure is jurisdictional. Establishing proper service is integral to determining whether the Court has personal jurisdiction over a party. *See In re Kalikow*, 602 F.3d 82, 92 (2d Cir. 2010) ("Before a federal court may exercise personal jurisdiction over a [party], the procedural requirement of service . . . must be satisfied." (*quoting Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006). Because of Non-Debtor GM's failure to initiate proceedings in the formally appropriate manner, the Elliotts did not understand that they were faced with a pleading that was the equivalent of a complaint against them, and that they should

accordingly consider and assert applicable defenses that may be waived if not asserted in the first responsive pleading.[7]

Accordingly, the parts of the Court's August 12, 2014, Order that impose a preliminary injunction or that impose the terms of the permanent injunction of the Court's 2009 Sale Order are void. The procedures applicable to adversary proceedings defined the due process rights of Plaintiffs, and the failure to observe those procedures has prejudiced Plaintiffs.

**F.    Berenice Summerville Has Never Been Served with Any Paper to Being Her Within the Court's Jurisdiction, and Any Order Purporting to Enjoin Her Is Void.**

Most egregiously, the lack of concern for the due process rights of individual Plaintiffs has resulted in the Court purporting to enjoin Ms. Berenice Summerville from pursuing her igntion switch claims relating to a post-petition vehicles, and her non-ignition switch claim relating to the same vehicle. But Non-Debtor GM has not initiated *any proceeding of any kind* against Berenice Summerville, and accordingly she has had no opportunity to present her meritorious defenses to the Court's imposition of the terms of the Sale Order, and to the Court's grant of preliminary relief to Non-Debtor GM, to bar her from prosecuting her claims against Non-Debtor GM. She has not been a party to the contested matter between the Elliotts and Non-Debtor GM, and the Elliotts explicitly submitted their No Stay Pleading on their own behalf, and did not purport to speak for Ms. Summerville, over whom Non-Debtor GM has never established personal jurisdiction. Non-Debtor GM has never served Ms. Summerville with any papers to initiate a new or to join her to an existing contested matter. Likewise, lack of proper service means that this Court has no jurisdiction over her person, whatever the Court's determinations

---

[7] There is no legitimate basis for relieving Non-Debtor GM from its failure properly to institute proceedings against Plaintiffs. Non-Debtor GM is represented by sophisticated and experienced specialists in the practice of bankruptcy law. Plaintiffs are of limited and modest income and they cannot afford to retain bankruptcy law specialists. Non-Debtor GM's Motion to Enforce should not be "liberally construed" to constitute a properly drawn complaint to have initiated an adversary an adversary proceeding.

about its jurisdiction over the subject matter of her claims against Non-Debtor GM, arguments that she has never had the opportunity to make. Moreover, her claims relating to a "post-petition" vehicle differ significantly from those of the Elliotts and her due process rights to be treated fairly include not having her claims be disposed of in a footnote afterthought supposing that her claims must be like those of another party in a contested matter she is not part of. Ruling She has the right to be served herself, to make her own arguments, and not to have the rulings in matters to which she is not a party applied to her as if she had been a party to those proceedings. *See Decision With Respect To No Stay Pleading And Related Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Elliott Plaintiffs)*, fn. 24. Because she has been afforded no notice nor any opportunity to be heard with respect to this summary disposition, any parts of the Order purporting to restrain her from pursuing her claims against Non-Debtor GM are void and amendable on the ground of surprise.

**G.      This Court Should Clarify Its Intent to Abstain from any Exercise of Jurisdiction Over the Elliotts' Claims Against Non-Debtor GM.**

Plaintiffs also request that the Court clarify its Order by stating its intent to abstain from exercising the jurisdiction it asserts over Plaintiffs' state law and RICO claims against Non-Debtor with respect to the remainder of the matters raised by GM's Motion to Enforce. The Elliott Plaintiffs intend to move for such abstention by separate motion filed contemporaneously with this motion.

Respectfully submitted,

*/s/ Gary Peller*

Gary Peller
Counsel for the Elliott Plaintiffs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re                                                  :    Chapter 11
                                                       :
MOTORS LIQUIDATION COMPANY, *et al.*,   :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                       :
                Debtors.            :    (Jointly Administered)
---------------------------------------------------------------x

## **[Proposed] Order**

Upon consideration of the Elliott Plaintiffs' Motion to Alter or Amend this Court's August 12, 2014, Order Pursuant To FRBP Rules 9023 And 9024, and for a Clarifying Order, it is hereby ORDERED that the Motion is GRANTED, any injunctive provisions of the Court's August 12, 2014, Order restraining the Elliott Plaintiffs in any way are withdrawn. The Order is clarified to reflect that the Court will abstain from further consideration of the Elliott Plaintiffs' claims in deference to the federal forum in which those claims are pending.

**So Ordered**

_____
Judge

## CERTIFICATE OF SERVICE

      I hereby certify that on August 25, 2014, I caused this Plaintiffs' Motion to Alter or Amend this Court's August 12, 2014, Order Pursuant to FRBP 9023 and 9024, and for a Clarifying Order, to be filed and served upon all parties receiving notice via the Court's ECF system.

Dated: August 25, 2014

      /s/ Gary Peller
      Gary Peller
      600 New Jersey Avenue, NW
      Washington, DC, 20001
      (202) 662 9122
      peller@law.georgetown.edu
      Attorney for Plaintiffs