Hearing Date:_____ (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                   :    Chapter 11
                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,   :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
                                        :
            Debtors.                    :    (Jointly Administered)
-------------------------------------------------------------X
-------------------------------------------------------------X
LAWRENCE M. ELLIOTT, *et al.*,          :
                                        :
            Plaintiffs,                 :    Case No. 1:14-cv-00691
                                        :    (D.D.C.) (KBJ)
    v.                                  :
                                        :
GENERAL MOTORS LLC, *et al.*,           :
                                        :
            Defendants.                 :
-------------------------------------------------------------X

**PLAINTIFFS' MOTION FOR AN ORDER OF ABSTENTION**

Pursuant to 28 U.S.C. § 1334(c)(1), Plaintiffs Lawrence Elliott and Celestine Elliott move for an Order of Abstention from this Court Exercising Jurisdiction Over Plaintiffs claims asserted against Non-Debtor GM.

**The Relevant Factors Strongly Favor Abstention.**

The factors for discretionary abstention are articulated as follows:

(1.) The effect or lack thereof on the efficient administration of the bankruptcy estate if the court recommends abstention;

(2.) The extent to which issues of non-bankruptcy law predominate over bankruptcy issues;

(3.) The difficulty or unsettled nature of the applicable non-bankruptcy law;

(4.) The presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5.) The jurisdictional basis, if any, other than 28 U.S.C.S. § 1334;

(6.) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7.) The substance rather than form of an asserted core proceeding;

(8.) The feasibility of severing non-bankruptcy law claims from core bankruptcy matters to allow judgments to be entered in non-bankruptcy court with enforcement left to the bankruptcy court;

(9.) The burden of the bankruptcy court's docket;

(10.) The likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties;

(11.) The existence of a right to a jury trial; and

(12.) The presence in the proceeding of non-debtor parties.

See *Trusky v. Gen. Motors Co.* (*In re Motors Liquidation Co.*), 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. 2013) (Gerber, J.), *citing In re Portrait Corp. of America*, Inc., 406 B.R. 637, 639, 643 (Bankr. S.D.N.Y. 2009) (Drain, J.) ("*Portrait Corp.*"). *See also* . *Lothian Cassidy, LLC v. Lothian Exploration & Dev. II*, L.P., 487 B.R. 158, 164 (S.D.N.Y. 2013) (Marrero, J.).

Just as in *Trusky*, where Plaintiffs asserted claims based on product defects of pre-petition cars, these factors strongly support this Court's abstention from exercise of jurisdiction over Plaintiffs' claims against Non-Debtor GM once it has fulfilled its core function to interpret and construe the Sale Order, a task that the Court has completed with respect to the claims asserted by the Plaintiffs in its rulings to date.

The Court has found that the Sale Order applies to Plaintiffs' claims, and that Non-Debtor GM is entitled to preliminary relief enjoining Plaintiffs from prosecuting their claims pending final order of the Court. *See* August 12, 2014, Order Denying the Relief

Requested in Plaintiffs Lawrence and Celestine Elliott's ("**the Elliotts**") No Stay Pleading Pursuant to the Court's Scheduling Orders and Motion for Order of Dismissal for Lack of Subject Matter Jurisdiction Pursuant to Bankr. R. 7012(B) and for Related Relief, Doc. No. 12834 ("**Preliminary Injunction Order**") (applying Sale Order directly to enjoin Plaintiffs, and imposing the same relief by way of preliminary injunction).

All that is left with respect to this Court's purportedly core jurisdiction is to determine if Non-Debtor GM is also entitled to permanent relief under the Sale Order, which, as requested in Non-Debtor GM's Motion, would entail a mandatory injunction to dismiss their "ignition switch lawsuits" with prejudice. Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (*Motors*, Doc. 12620, April 21, 2014) at 11.[1] But this Court is not able to render such judgment in any event. Because Plaintiffs have asserted their right to jury trials as to each of their claims, they have not consented to have their claims tried here, their claims do not themselves arise under or in bankruptcy law, but instead under state law save for a single RICO claim, and because their claims are already pending in a federal forum in which their rights to jury trial may be accorded, permissive abstention under 1334 (c) (1) is warranted.

Despite its perverse framing of its request for relief as an injunction to enforce the 2009 Sale Order and Injunction it contends already applies, and it contends is the basis for the issuance of the second injunction it seeks, Non-Debtor GM's motion is essentially

---

[1] "New GM has brought this Motion…to require the Plaintiffs…to (a) cease and desist from further prosecuting against New GM claims that are barred by the Sale Order and Injunction, (b) dismiss with prejudice those void claims because they were brought by the Plaintiffs in violation of the Sale Order and Injunction, and (c) show cause whether they have any claims against New GM not otherwise already barred by the Sale Order and Injunction."

3

one for declaratory relief that the Sale Order bars Plaintiffs' claims. Because this Court cannot render final judgment on Plaintiffs' claims,[2] that is practically all the relief that this Court may grant. It will be up to the Court hearing the matter and able to render final judgment what weight to give the Sale Order and Injunction, as interpreted by this Court, when Non-Debtor GM claims it as a defense to liability. "Now that I've ruled on the construction of the Sale Order and Sale Agreement, no useful purpose would be served by retaining jurisdiction here." *Trusky* at *37.

In *Trusky*, the Court decided it must abstain on indistinguishable facts. The *Trusky* Plaintiffs, like the Elliotts (though not co-Plaintiff Berenice Summerville), made claims based on "pre-petition" cars. What this Court stated in *Trusky* applies here:

> There is subject matter jurisdiction in this Court, under the 'arising in' prong of 28 U.S.C. §1334 for me to construe my Sale Order, though I have great difficulty in seeing how I'd have subject matter jurisdiction to decide anything else. The fact that in all probability, any subject matter jurisdiction to decide the underlying claims would exist only in the Michigan district court tilts in favor of abstaining in favor of that court.

*Trusky* at *13. As the Court found there, "the dispute here is between nondebtor parties, and Old GM is not a party to this dispute. The controversy has no effect on Old GM's estate, Old GM's reorganization, or the administration of the Old GM chapter 11 case."

---

[2] "Also, while I plainly have the constitutional power, even after *Stern v. Marshall*, 131 S.Ct. 2594, 180 L. Ed. 2d 475 (2011), to interpret and enforce my Sale Order, and the underlying agreements which I authorized in connection with that order, it's debatable whether, as a bankruptcy (as contrasted to district) judge, I would have the ability to enter a final order with regard to the nonbankruptcy claims at issue here, especially if any final order were to involve a monetary judgment against a nondebtor party, though in any event I could simply issue my decision as proposed Findings of Fact and Conclusions of Law, subject to *de novo* review. Again this tips, albeit very mildly, in favor of abstention." *Trusky* at *34-*35.

4

The fact that this lawsuit is pending before a federal District Court strongly supports abstention. Just as in *Trusky*, the consumer protection claims are easily severable from any issues related to Bankruptcy law,[3] and this Court has no greater competency to decide those issues of state law, or the issues that disposition of Plaintiffs RICO clams will necessitate, than the District Court before which this matter is or soon will be pending as an independent matter.[4] Those issues will predominate over any Bankruptcy issues, and even the resolution of the Bankruptcy issues themselves will likely rest on determinations of due process law that applies generally and is not particular to the Bankruptcy context.

For the forgoing reasons, the Court should abstain from exercising jurisdiction over Plaintiffs claims.

Respectfully submitted,

*/s/ Gary Peller*

Gary Peller
Counsel for Plaintiffs

600 New Jersey Avenue, NW
Washington, DC, 20001
(202) 662 9122
peller@law.georgetown.edu

---

[3] "[S]evering the interpretation of the Sale Order and related agreements is very easy to do. The non-bankruptcy matters, including class certification and the breach of warranty claims, can readily be resolved, and for that matter, enforced, by the district court. This factor tips heavily in favor of abstention." *Trusky* at 36.

[4] Non-Debtor GM has moved to consolidate and transfer Plaintiffs' lawsuit to the Southern District of New York, and so should have no objection to Plaintiffs' lawsuit being heard in that forum. Plaintiffs have consented to such transfer of their ignition switch claims but have requested that their non-ignition switch claims be separated and remanded to Judge Jackson.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

### **[Proposed] Order**

Upon consideration of the Elliott Plaintiffs' Motion for an Order of Abstention, it is hereby ORDERED that the Motion is GRANTED.

**So Ordered**

_____
Judge

6

## CERTIFICATE OF SERVICE

      I hereby certify that on August 25, 2014, I caused this Plaintiffs' Motion for an Order of Abstention to be filed and served upon all parties receiving notice via the Court's ECF system.

Dated: August 25, 2014

                                        /s/ Gary Peller
                                        Gary Peller
                                        600 New Jersey Avenue, NW
                                        Washington, DC, 20001
                                        (202) 662 9122
                                        peller@law.georgetown.edu
                                        Attorney for Plaintiffs