OBJECTION DEADLINE:  September 9, 2014 at 5:00 PM (Eastern Time)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
| | |
|---|---|
| In re                                   : | Chapter 11 |
|                                             : | |
| MOTORS LIQUIDATION COMPANY, *et al.*,   : | Case No.: 09-50026 (REG) |
|        f/k/a General Motors Corp., *et al.*   : | |
|                                             : | |
|                    Debtors.             : | (Jointly Administered) |

----------------------------------------------------------------x

# NOTICE OF SETTLEMENT OF SCHEDULING ORDER REGARDING MOTION OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THIS COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION (MONETARY RELIEF ACTIONS, OTHER THAN IGNITION SWITCH ACTIONS)

**PLEASE TAKE NOTICE** that the attached proposed scheduling order ("**Proposed Scheduling Order**") is submitted by New GM setting forth certain procedures with respect to the Monetary Relief Motion to Enforce.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Proposed Scheduling Order.

**PLEASE TAKE FURTHER NOTICE** that objections to the Proposed Scheduling Order must be made in writing and shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Arthur Steinberg, Esq.); and (ii) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: Richard C. Godfrey, Esq.), so as to be received no later than **September 9, 2014, at 5:00 p.m. (Eastern Time)** ("**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if objections are timely filed before the Objection Deadline, the Court may schedule a hearing thereon at a date and time to be determined, if it believes such hearing is necessary under the circumstances.

Dated: New York, New York
September 2, 2014

               Respectfully submitted,

                 */s/ Arthur Steinberg*
                 Arthur Steinberg
                 Scott Davidson
                 KING & SPALDING LLP
                 1185 Avenue of the Americas
                 New York, New York 10036
                 Telephone: (212) 556-2100
                 Facsimile: (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                                          :    Chapter 11
                                                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,      :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                   :
                                                                                :
                  Debtors.              :    (Jointly Administered)
-----------------------------------------------------------------x

# SCHEDULING ORDER REGARDING MOTION
# OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO
# ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION
# (MONETARY RELIEF ACTIONS, OTHER THAN IGNITION SWITCH ACTIONS)

Upon the Court's Order, dated August 4, 2014 ("**August 4 Order**"), scheduling a conference for August 18, 2014 ("**Conference**") to address procedural issues respecting the Motion, dated August 1, 2014 ("**Monetary Relief Motion to Enforce**"), of New GM, pursuant to Sections 105 and 363 of the Bankruptcy Code, seeking to enforce the Sale Order and Injunction against Plaintiffs in the Monetary Relief Actions (as defined in the Monetary Relief Motion to Enforce);[1] and due and proper notice of the Conference having been provided to (i) counsel for the Plaintiffs involved in the Monetary Relief Actions, (ii) Designated Counsel[2] involved in the Ignition Switch Actions, (iii) counsel for the Motors Liquidation Company GUC Trust ("**GUC Trust**"), (iv) counsel for certain holders of GUC Trust units, and (v) the Office of the United States Trustee, and it appearing that no other or further notice need be given; and the Conference having been held on August 18, 2014; and upon the record of the Conference, and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Monetary Relief Motion to Enforce.

[2] Certain plaintiffs in the Ignition Switch Actions designated the law firms Brown Rudnick, LLP; Caplin & Drysdale, Chartered; and Stutzman, Bromberg, Esserman & Plifka, PC (collectively "**Designated Counsel**") to speak on their behalf in connection with the Ignition Switch Motion to Enforce.

23629405v1

the prior proceedings had herein, the Court having issued directives from the bench, which are memorialized in this Order. Accordingly, it is hereby

ORDERED that no discovery shall take place with respect to the Monetary Relief Motion to Enforce until further order of this Court; and it is further

ORDERED that Plaintiffs in the Monetary Relief Actions are directed to coordinate their efforts in these proceedings (i) with each other to the extent reasonably practicable to avoid repetition and duplicative arguments, and (ii) with Designated Counsel to the extent reasonably practicable to avoid repetition and duplicative arguments being made in connection with the Monetary Relief Motion to Enforce and the Ignition Switch Motion to Enforce; and it is further

ORDERED that Wilmington Trust Company ("**WTC**"), as the GUC Trust Administrator, and the Unitholders, subject to WTC and such Unitholders coordinating their efforts in these proceedings to the extent reasonably practicable, shall be considered parties in interest in the contested matter concerning the Monetary Relief Motion to Enforce, and shall have standing to appear and be heard on all issues regarding the Monetary Relief Motion to Enforce.  WTC and the Unitholders, subject to the coordination of efforts as discussed above, shall be permitted to participate in any discovery that may later be authorized by the Court; and it is further

ORDERED that the following initial case schedule and procedures shall apply to the Monetary Relief Motion to Enforce:

1. Until further order of the Court, the schedule governing New GM's Ignition Switch Motion to Enforce (which is subject to various Orders previously entered by the Court, copies of which shall be provided by New GM to Plaintiffs upon written request) shall govern the schedule for the Monetary Relief Motion to Enforce, it being the intent of the Court to coordinate, as much as reasonably practicable, the resolution of the Monetary Relief Motion to Enforce with the resolution of the Ignition Switch Motion to Enforce.

2. For the avoidance of doubt, the entry of this Order is without prejudice to any party or party-in-interest filing a motion with the Court to modify or supplement any of the terms of this Order, for good cause shown.

3. (a) Plaintiffs in each of the Monetary Relief Actions shall be given seven (7) calendar days from service of this Scheduling Order to enter into voluntary stipulations ("**Stay Stipulation**")[3] with New GM staying all proceedings in their individual Actions against New GM. New GM shall provide to each Plaintiff a Stay Stipulation that conforms to their individual Actions.

(b) If a Plaintiff chooses not to enter into a Stay Stipulation, it shall be required to file a pleading in this Court by no later than seven (7) calendar days from service of this Scheduling Order upon it setting forth why it should not be directed to stay its individual Action ("**No Stay Pleading**"). New GM will file a response to the No Stay Pleading within ten (10) calendar days of service of the No Stay Pleading, and the Court shall hold a hearing thereafter on a date set by the Court. Nothing set forth in this Order shall change the burden of proof as to whether there has been a violation of the Sale Order and Injunction by Plaintiffs who do not enter into a Stay Stipulation.

(c) Plaintiffs in any Monetary Relief Action commenced after the filing of the notice of settlement of this Scheduling Order shall have seven (7) calendar days from receipt of a Stay Stipulation from counsel to New GM to (a) enter into a Stay Stipulation by executing same and returning it to New GM's counsel, or (b) file a No Stay Pleading with the Court. If a No Stay Pleading is filed by a plaintiff, New GM will file a response to the No Stay Pleading within ten (10) calendar days of service of the No Stay Pleading, and the Court shall hold a hearing on any such No Stay Pleading on a date to be set by the Court.

(d) If a plaintiff in any Monetary Relief Action fails to either timely enter into a Stay Stipulation with New GM or timely file a No Stay Pleading with the Court within the time period set forth above, the terms of the Stay Stipulation shall automatically be binding on such plaintiff; and

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

Dated: _____, 2014
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

---

[3] A form of a Stay Stipulation for Plaintiffs in Monetary Relief Actions is annexed hereto as Exhibit "A."

3

# Exhibit A

**[CAPTION OF ACTION]**

WHEREAS, the above-referenced plaintiff(s) ("**Plaintiff(s)**") commenced this action ("**Action**") against General Motors LLC ("**New GM**"), asserting claims against New GM all as more particularly described in the complaint filed in the Action;

WHEREAS, on August 1, 2014, New GM filed the *Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Court's July 5, 2009 Sale Order And Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)* ("**Motion to Enforce**") in the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**") asserting, *inter alia*, that (i) the Action violates the Order of the Bankruptcy Court, dated July 5, 2009 ("**Sale Order and Injunction**") approving the sale of substantially all of the assets from General Motors Corp. (n/k/a Motors Liquidation Company) ("**Old GM**") to New GM, and the injunction contained therein, and (ii) the Bankruptcy Court has exclusive jurisdiction to interpret and enforce the Sale Order and Injunction;

WHEREAS, by Order of the Bankruptcy Court dated _____, 2014 ("**Scheduling Order**"), the Bankruptcy Court established certain procedures to address the issues raised in the Motion to Enforce.  One of the procedures set forth in the Scheduling Order provides that the Plaintiff(s) shall be given a specific period of time to enter into voluntary stipulations with New GM[1] for a stay of all proceedings in this Action against New GM; and

WHEREAS, subject to the terms hereof, and any further order of the Bankruptcy Court, the Plaintiff(s) have agreed to voluntarily stay this Action pending a resolution by the Bankruptcy Court of the issues raised in the Motion to Enforce or as otherwise set forth herein.

---

[1] For purposes of this Stipulation, New GM shall also include General Motors Holdings LLC and General Motors Company.

23678107v1

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Plaintiff(s) and New GM (collectively, the "**Parties**"), as follows:

1. The Parties have agreed to enter into this Stipulation to stay the Action against New GM, and that Plaintiff(s), subject to further order of the Bankruptcy Court, shall not seek to further prosecute this Action during the "Interval" against New GM. For purposes hereof, (a) the "**Interval**" shall commence on the date of this Stipulation and shall end 30 days after a Final Order(s) is entered resolving all issues raised in the Motion to Enforce, and (b) "**Final Order**" shall mean the entry of an order by the Bankruptcy Court, and the time period to file an appeal of such order has expired.

2. The Parties agree that this Stipulation terminates when, and only to the extent that, the Bankruptcy Court grants relief from the stay of this Action as agreed to by this Stipulation; provided however if a plaintiff in a different Monetary Relief Action (as defined in the Motion to Enforce) does not sign a stipulation similar to this Stipulation, and obtains a ruling from the Bankruptcy Court which permits that plaintiff to go forward in its Monetary Relief Action, the Plaintiff who signed this Stipulation reserves the right to promptly seek the same relief from the Bankruptcy Court as it applies to this Action but only if the same factual and/or legal predicate on which the other plaintiff obtained relief applies to the Plaintiff in this Action as it did to the plaintiff in the other Monetary Relief Action who obtained such relief.

3. The Parties each agree to execute such documents as may be reasonably necessary to carry out the terms of this Stipulation, including but not limited to any documents required by any other court to effectuate the implementation of this Stipulation.

4. In the event an ambiguity or question of intent or interpretation arises with respect to this Stipulation, this Stipulation shall be construed as if drafted by all Parties, and no

presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provision of this Stipulation.

5. This Stipulation shall be governed by and construed in accordance with the substantive laws of the State of New York, without regard to the conflict of laws principles thereof.

6. This Stipulation constitutes the entire agreement and understanding between the Parties regarding the subject matter herein, and supersedes any Party's promises to or agreements with any other Party with respect to the subject matter herein.  No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

7. Nothing set forth herein is intended to modify the terms of the Scheduling Order. If there are any inconsistencies or conflicts between the terms of this Stipulation and the terms of the Scheduling Order, the terms of the Scheduling Order shall control.

8. This Stipulation may, but is not required to, be filed by either Party in the Action and in the Bankruptcy Court.

9. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or e-mail transmission, and each of which shall be deemed an original.

[SIGNATURE BLOCK]