```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                              :         Chapter 11
                                                    :
MOTORS LIQUIDATION COMPANY, et al.,                 :         Case Nos.: 09-50026 (REG)
     f/k/a General Motors Corp., et al.             :
                                                    :         (Jointly Administered)
                         Debtors.                   :
-------------------------------------------------------------X
```

**SUPPLEMENTAL STIPULATION AND ORDER FURTHER EXTENDING
ANSWER DEADLINE TO MOTION FOR LEAVE TO APPEAL INTERLOCUTORY
INJUNCTIVE ORDER OF THE BANKRUPTCY COURT**

General Motors LLC ("**New GM**") and Lisa Phaneuf, *et al.* ("**Phaneuf Plaintiffs**"), by and through their undersigned counsel, enter into this Stipulation and Agreed Order and state:

WHEREAS, on May 24, 2014, the Phaneuf Plaintiffs filed their *No Stay Pleading* [Dkt. No. 12713] ("**Phaneuf No Stay Pleading**") with the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**");

WHEREAS, on June 13, 2014, New GM filed the *Response by General Motors LLC to No Stay Pleading Filed in Connection with the Court's May 16, 2014 Scheduling Order* [Dkt. No. 12724] ("**Response**") with the Bankruptcy Court;

WHEREAS, on July 2, 2014, the Bankruptcy Court held a hearing ("**Hearing**") with respect to the Phaneuf No Stay Pleading and the Response, and at the Hearing the Bankruptcy Court orally found and determined that the relief requested in the Phaneuf No Stay Pleading should be denied ("**Oral Ruling**");

WHEREAS, on July 30, 2014, the Bankruptcy Court issued its *Decision with Respect to No Stay Pleading (Phaneuf Plaintiffs)* [Dkt. No. 12791], memorializing its Oral Ruling;

WHEREAS, on August 4, 2014, the Bankruptcy Court entered the *Order Denying the Relief Requested by the Phaneuf Plaintiffs in Their No Stay Pleading* [Dkt. No. 12811] ("**Phaneuf Order**");

23862257v1

WHEREAS, on August 7, 2014, the Phaneuf Plaintiffs filed with the Bankruptcy Court a *Notice of Appeal* with respect to the Phaneuf Order, and a *Motion for Leave to Appeal Interlocutory Injunctive Order of the Bankruptcy Court* [Dkt. No. 12817] ("**Motion**");

WHEREAS, the Phaneuf Plaintiffs are plaintiffs in Multi-District Litigation ("**MDL**") 2543 pending in the United States District Court for the Southern District of New York, in which a status conference has been scheduled for September 4, 2014;

"WHEREAS, lead counsel in MDL 2543 will be required to file a consolidated master complaint within sixty (60) days of appointment, and such consolidated master complaint may moot the need for any appeal by the Phaneuf Plaintiffs;

WHEREAS, pursuant to the Motion and Rule 8003(a) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), the deadline for New GM to file an answer ("**Answer**") to the Motion was originally August 21, 2014 ("**Answer Deadline**");

WHEREAS, pursuant to a *Stipulation And Order Extending Answer Deadline To Motion For Leave To Appeal Interlocutory Injunctive Order Of The Bankruptcy Court*, so-ordered by the Bankruptcy Court on August 18, 2014 [Dkt. No. 12859], the Answer Deadline was extended to September 5, 2014; and

WHEREAS, the Parties have agreed to further extend the Answer Deadline for New GM.

NOW, THEREFORE, it is stipulated and agreed, by and among the Parties, subject to approval of the Bankruptcy Court, that:

1. The Answer Deadline for New GM to file an Answer or respond to the Motion is extended to October 15, 2014, without prejudice to New GM's right to request a further extension.

2. The time for the Clerk of the Bankruptcy Court to transmit the Motion and Answer to the United States District Court for the Southern District of New York pursuant to

Bankruptcy Rule 8003(b) shall be extended until New GM files its Answer with the Bankruptcy Court.

3. This Stipulation and Order may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures or signatures received via e-mail transmission are treated as a binding and original document, and the facsimile signature or e-mail signature of any party is considered an original signature.

Dated: New York, New York
September 4, 2014

| | |
|---|---|
| /s/ Arthur Steinberg<br>Arthur Steinberg<br>Scott Davidson<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>(212) 556-2100<br><br>KIRKLAND & ELLIS LLP<br>200 North LaSalle<br>Chicago, Illinois 60654<br>(312) 862-2000<br>Richard C. Godfrey, P.C.<br>Andrew B. Bloomer, P.C.<br><br>*Counsel to General Motors LLC* | /s/ Jeffrey C. Block<br>Jeffrey C. Block<br>Jason M. Leviton<br>BLOCK & LEVITON LLP<br>155 Federal Street, Suite 400<br>Boston, Massachusetts 02110<br>(617) 398-5600<br><br>FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP<br>1279 Route 200<br>Newburg, New York 12551<br>(914) 298-3281<br>Greg Blankinship<br>Todd Garber<br><br>*Counsel to the Phaneuf Plaintiffs* |

SO ORDERED this **8th** day of
September, 2014

                                          *s/ Robert E. Gerber*
                                          United States Bankruptcy Judge