Endorsed Order:

New GM may reply.  Wilmington Trust may surreply.  Gillispie may file an omnibus reply. Beyond those documents, there shall be no further submissions, by pleading or letter, on this topic.

Dated: New York, New York                             _s/ Robert E. Gerber_____
       September 10, 2014                             United States Bankruptcy Judge

| | LOEVY & LOEVY | |
|---|---|---|
| Russell Ainsworth | | Jon Loevy |
| Steve Art | ATTORNEYS AT LAW | Debra Loevy-Reyes |
| Ruth Z. Brown | | Elizabeth Mazur |
| Roshna Bala Keen | | David B. Owens |
| Vincenzo Field | 312 N. May Street | Scott Rauscher |
| Julie Goodwin | Suite 100 | Rachel Steinback |
| Sarah C. Grady | Chicago, Illinois  60607 | Anand Swaminathan |
| Gayle Horn | | Tara Thompson |
| Michael Kanovitz | | Matthew V. Topic |
| Heather Lewis Donnell | | Cindy Tsai |
| Samantha Liskow | | Daniel Twetten |
| Arthur Loevy | | Elizabeth Wang |

Telephone  312.243.5900   Website  www.loevy.com
Facsimile   312.243.5902   Email  loevylaw@loevy.com

September 10, 2014

*Via ECF and Electronic Mail*

The Honorable Robert E. Gerber
United States Bankruptcy Court, Southern District of New York
One Bowling Green
New York, New York 1004

Re:   *In re: Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.,* No. 09-50026 (REG) (Bankr. S.D.N.Y.)

.
Dear Judge Gerber:

On behalf of Roger Dean Gillispie—regarding his Motion for Leave To Pursue Claims Against General Motors LLC, and, Alternatively, to File A Post-Bar-Date Proof Of Claim In the Motors Liquidation Company Bankruptcy ("Motion") [Dkt. 12727]—I respectfully write object to New GM's Notice of Presentment, which asks this Court, without a Motion, to enter an Order authorizing New GM to file a lengthy "Reply Brief" responding to the Response filed by he Motors Liquidation Company General Unsecured Trust (the "GUC Trust"). [Dkt. 12884].

## Background

On June 17, 2014, Mr. Gillispie filed the Motion, which seeks leave to pursue claims against either New GM or, alternatively, Old GM (via the GUC Trust). After this Motion was filed, counsel for MR. Gillispie, New GM, and Old GM conferred, and later submitted an agreed-upon stipulation and scheduling order, providing that (1) New GM and the GUC Trust would file their responses to the Motion on August 19, 2014; (2) that Mr. Gillispie would file a reply to the responses on September 18, 2014; and (3) that the Court would schedule a hearing on the Motion following the completion of the briefing.

The Court entered an Order approving this stipulation. [Dkt. 12762.].

Both New GM and the GUC Trust filed their briefs, as scheduled, on August 19, 2014. Weeks later, and on a Friday afternoon before a Monday holiday, New GM filed its Notice of Presentment, seeking an Order allowing it to alter the briefing schedule, which had been previously stipulated-to and Ordered by the Court. New GM filed this Notice of Presentment without conferring with counsel for the GUC Trust or Mr. Gillispie.

**Objection**

Mr. Gillispie objects to New GM's Notice of Presentment on several bases.

First, counsel for New GM filed their Motion without conferring with counsel for Mr. Gillispie; nor did counsel for New GM file a Motion seeking leave to alter this Court's briefing schedule in this matter. Accordingly, New GM's Presentment of Notice fails to comply with Bankruptcy Rule 9014, which provides that relief in a contested matter "shall be requested by motion,", and Local Rule 9074-1(b), which allows a Notice of Presentment, only where "a motion is not mandatory." Compliance with this rule is not a mere formality here; instead, New GM's failure to proceed by motion has deprived Mr. Gillispie the fair opportunity to review the 20-page filing, and conduct adequate research into Mr. Gillispie's response.

Second, Mr. Gillispie objects because the reason for New GM's request to depart from the previously agreed-upon scheduling order for this matter (which counsel for New GM itself proposed), has not been adequately presented to the Court or tested through adversarial presentation by the other parties to this contested matter. Specifically, New GM's Notice of Presentment provides that the "for the reasons set forth in Paragraph 1" of New GM's proposed reply brief, that the Court should enter New GM's proposed order. Thus, quite improperly, the *argument* New GM makes as the basis for its request is in the very brief it seeks to file outside of the Court's briefing schedule. Moreover, Mr. Gillispie—and the GUC Trust (*see* Dkt. 12887)—contest the position taken in New GM's "Paragraph 1." For example, Mr. Gillispie objects to the statement that New GM was "compelled" to file a reply, the statement that the GUC Trust's response is "misleading," and that the GUC Trust's brief raises a host of "new" issues requiring an additional 20-page brief. Instead, many of the issues raised in New GM's proposed reply, were already raised in Mr. Gillispie's motion and in New GM's Response. *Compare* Gillispie Motion, Dkt. 12727, at 7-13, and New GM Response, Dkt. 12863, at 9-16, *with* New GM Proposed Reply, Dkt. 2-7. The fact that, as a matter of substance, the basis for New GM's proposed brief is contested serves as further evidence that Mr. Gillispie's objection should be sustained, and the proposed brief should be stricken.

Third, in seeking to depart from the previously-ordered briefing schedule, New GM's proposed order fails to take into account the brief Mr. Gillispie is due to file on

September 18, 2014. Clearly, Mr. Gillispie has an interest in filing his reply to all of the briefing on his Motion *after* the other parties have completed their briefing, which is what the original stipulation and order reflected. Accordingly, at a minimum, should the Court decide not to deny New GM's request, the Court should alter the briefing schedule to ensure that Mr. Gillispie has the final opportunity to respond to any other filings.

## Proposed Order

Mr. Gillispie's position is that New GM's request should be denied. To that end, Mr. Gillispie has no objection to the first counter-proposal provided by the GUC Trust, and, by reference, also proposes that Order as a counter-order to New GM's proposed order. *See* Dkt. 12887-1. However, should the Court grant New GM's request, enclosed is a proposed, alternative counter-order, altering the briefing schedule in this matter and authorizing Mr. Gillispie to file an Omnibus Reply to all other briefing filed in regards to the Motion.

Respectfully,

David B. Owens

Mike Kanovitz
David B. Owens
LOEVY & LOEVY
312 N. May St. Suite, 100
Chicago, IL 60607

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

---------------------------------------------------------------x

**ORDER AUTHORIZING (I) GENERAL MOTORS LLC TO FILE
A REPLY TO THE RESPONSE BY WILMINGTON
TRUST COMPANY TO THE GILLISPIE MOTION FOR
LEAVE TO PURSUE CLAIMS AGAINST GENERAL MOTORS LLC,
AND, ALTERNATIVELY, TO FILE A POST-BAR-DATE PROOF OF
CLAIM IN THE MOTORS LIQUIDATION COMPANY BANKRUPTCY;
(II) WILMINGTON TRUST COMPANY TO FILE A RESPONSE TO GENERAL
MOTORS LLC'S REPLY; AND (III) ROGER DEAN GILLISPIE TO FILE
AN OMNIBUS REPLY TO ALL OTHER BRIEFING ON HIS MOTION**

Upon the *Motion For Leave To Pursue Claims Against General Motors LLC, And, Alternatively, To File A Post-Bar-Date Proof Of Claim In The Motors Liquidation Company Bankruptcy* ("**Motion**"), filed by Roger Dean Gillispie on June 17, 2014 [Dkt. 12727]; and upon the *Stipulation And Agreed Scheduling Order Regarding The Motion For Leave To Pursue Claims Against General Motors LLC, And, Alternatively, To File A Post-Bar-Date Proof Of Claim In The Motors Liquidation Company Bankruptcy*, so-ordered by the Court on July 7, 2014 which, among other things, authorized General Motors LLC ("**New GM**") and the Motors Liquidation Company GUC Trust ("**GUC Trust**") to file a response to the Motion on or before August 19, 2014, and Mr. Gillispie to file a Reply to any response on or before September 18, 2014 [Dkt. 12762]; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that New GM is hereby authorized to file the *Reply By General Motors LLC To Response By Wilmington Trust Company To The Gillispie Motion For Leave To Pursue Claims Against General Motors LLC, And, Alternatively, To File A Post-Bar-Date Proof Of Claim In The*

*Motors Liquidation Company Bankruptcy* ("**Reply**"), a copy of which is annexed hereto as Exhibit "A"; and it is further

**ORDERED** that the Reply shall be deemed filed with the Court as of the date of this Order; and it is further

**ORDERED** that Wilmington Trust Company is hereby authorized to file any response to New GM's Reply on or before seventeen (17) days following entry of this Order; and it is further

**ORDERED** that Roger Dean Gillispie is hereby authorized to file an Omnibus Reply to any previously-filed response or reply in connection with his *Motion For Leave To Pursue Claims Against General Motors LLC, And, Alternatively, To File A Post-Bar-Date Proof Of Claim In The Motors Liquidation Company Bankruptcy* on or before thirty (30) days following entry of this Order.

Dated: September __, 2014
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2