**PRESENTMENT DATE AND TIME: September 17, 2014 at 12:00 noon (Eastern Time)**
**OBJECTION DATE AND TIME: September 17, 2014 at 11:30 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
In re                                        :    Chapter 11
                                             :
MOTORS LIQUIDATION COMPANY, et al.,          :    Case No.: 09-50026 (REG)
         f/k/a General Motors Corp., et al.  :
                                             :
                        Debtors.             :    (Jointly Administered)
-------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF ORDER GRANTING APPLICATION BY GENERAL MOTORS LLC TO ENFORCE THE COURT'S JULY 8, 2014 ORDER ESTABLISHING STAY PROCEDURES FOR NEWLY-FILED IGNITION SWITCH ACTIONS AS IT APPLIES TO ERIN E. KANDZIORA

**PLEASE TAKE NOTICE** that, based on the annexed Application, dated September 12,

2014 ("**Application**"), the proposed *Order Granting Application By General Motors LLC To*

*Enforce The Court's July 8, 2014 Order Establishing Stay Procedures For Newly-Filed Ignition*

*Switch Actions as it Applies to Erin E. Kandziora*, a copy of which is annexed to the Application

as Exhibit "H," will be presented for signature and entry to the Honorable Robert E. Gerber,

23883736v1

United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on **September 17, 2014 at 12:00 noon (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that objections or proposed counter-orders must be made in writing and shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Arthur Steinberg, Esq.); and (ii) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: Richard C. Godfrey, Esq.), so as to be received no later than **September 17, 2014, at 11:30 a.m. (Eastern Time)** ("**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed before the Objection Deadline, the Court may schedule a hearing thereon at a date and time to be determined, if it believes such hearing is necessary under the circumstances.

Dated: New York, New York
September 12, 2014

Respectfully submitted,

___/s/ Arthur Steinberg_____
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

-And-

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

PRESENTMENT DATE AND TIME: September 17, 2014 at 12:00 noon (Eastern Time)
OBJECTION DATE AND TIME: September 17, 2014 at 11:30 a.m. (Eastern Time)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.:  09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

--------------------------------------------------------------x

## APPLICATION BY GENERAL MOTORS LLC TO
## ENFORCE THE COURT'S JULY 8, 2014 ORDER
## ESTABLISHING STAY PROCEDURES FOR NEWLY-FILED
## IGNITION SWITCH ACTIONS AS IT APPLIES TO ERIN E. KANDZIORA

General Motors LLC (**"New GM"**), by its undersigned counsel, respectfully submits this

application (**"Application"**) to enforce the Court's July 8, 2014 *Order Establishing Stay*

*Procedures for Newly-Filed Ignition Switch Actions* (**"July Stay Procedures Order"**),[1] against

Erin E. Kandziora (**"Kandziora"**) by confirming in a separate order that she is preliminarily

---

[1]    A copy of the July Stay Procedures Order is annexed hereto as Exhibit "A."

1

enjoined from further prosecuting the Kandziora Ignition Switch Action[2] until further Order of this Court. In support of this Application, New GM respectfully represents as follows:

## PROCEDURE

1.      New GM is proceeding by way of notice of presentment because the relief requested herein already has been granted pursuant to the July Stay Procedures Order. New GM is seeking an order that is specific to Kandziora to avoid any ambiguity that if she continues to litigate the Kandziora Ignition Switch Action she will be in violation of this Court's Order. The time period provided by the notice of settlement to object to the proposed order is sufficient for Kandziora to decide whether she will comply with this Court's Order. Essentially, New GM is giving Kandziora one last opportunity to comply with orders of this Court before seeking further relief (including appropriate sanctions) for violations of this Court's Orders.

## BACKGROUND

2.      From the end of February, 2014 through the date hereof, New GM has been named in over 100 Ignition Switch Actions that seek economic damages against New GM relating to vehicles and/or parts manufactured and sold by Old GM. In response to these lawsuits, New GM filed its Ignition Switch Motion to Enforce, which New GM contends bars most, if not all of, the claims asserted in the Ignition Switch Actions.

3.      Given the large number of Plaintiffs involved, and in an effort to establish an orderly process for resolving the Motion to Enforce, New GM sought, and the Court held a conference on May 2, 2014 ("**May Conference**").

4.      At the May Conference, there was a general consensus reached between New GM and counsel speaking on behalf of almost all Plaintiffs that, as part of the process in which the

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Ignition Switch Motion to Enforce**"), dated April 21, 2014 [Dkt. No. 12620].

Court would address bankruptcy-related issues, Plaintiffs would either (i) voluntarily enter into a stipulation ("**Stay Stipulation**") with New GM staying the plaintiff's individual Ignition Switch Action, or (ii) file a pleading ("**No Stay Pleading**") with this Court explaining why a plaintiff's individual Ignition Switch Action should not be stayed (collectively, the "**Stay Procedures**"). The Stay Procedures were set forth in a Scheduling Order entered by the Court on May 16, 2014 ("**May Scheduling Order**").[3]  After entry of the May Scheduling Order, New GM negotiated a form of the Stay Stipulation with, among others, Designated Counsel.[4]  Most Plaintiffs entered into Stay Stipulations with New GM.  Two Plaintiffs in Ignition Switch Actions commenced before the May Scheduling Order filed No Stay Pleadings; the relief requested in each was denied by the Court.

5.    A number of additional Ignition Switch Actions continued to be filed against New GM after the May Scheduling Order. Accordingly, on June 13, 2014, New GM sought entry of a supplemental Stay Procedures Order to establish Stay Procedures for newly-filed actions, which the Court approved on July 8, 2014.  The July Stay Procedures Order provides that "[i]f a plaintiff in any such Ignition Switch Action fails to either enter into a Stay Stipulation with New GM or file a No Stay Pleading with the Court within three (3) business days of receipt of a Stay Stipulation and [the May] Scheduling Order, the terms of the Stay Stipulation shall automatically be binding on such plaintiff[.]"

6.    Since entry of the July Stay Procedures Order, with the single exception of *Kandziora*, every Plaintiff in a newly-filed Ignition Switch Action has complied with the terms of the July Stay Procedures Order by either executing a Stay Stipulation or timely filing with the

---

[3]  A copy of the May Scheduling Order is annexed hereto as Exhibit "B."
[4]  Designated Counsel are Brown Rudnick LLP, Caplin & Drysdale, Chartered, and Stutzman, Bromberg, Esserman & Plifka.

3

Court a No Stay Pleading.[5]  The *only* Plaintiff that has not complied with the Stay Procedures is Kandziora.

7.        Kandziora was listed as a Plaintiff in New GM's Fifth Supplements to Schedule 1 and 2 (collectively "**Fifth Supplements**")[6] filed with the Court on July 21, 2014, and counsel for Kandziora was served with the Fifth Supplements on that same date.[7]  Thereafter, counsel for Kandziora was sent by e-mail correspondence[8] on July 28, 2014 copies of the May Scheduling Order, July Stay Procedures Order and form Stay Stipulation.  In the e-mail correspondence, counsel for New GM explained the Stay Procedures and informed counsel for Kandziora that if it did not wish to execute a Stay Stipulation, they had to file a No Stay Pleading by July 30, 2014.

8.        However, despite being sent detailed correspondence (and all relevant documents) explaining the Stay Procedures, and after receiving one final notice on September 11, 2014[9] regarding their failure to comply with the Stay Procedures, Kandziora has failed or refused to comply with the Stay Procedures and has continued to prosecute her Ignition Switch Action.  To the contrary, Kandziora has continued to litigate her claims in the Eastern District of Wisconsin, including filing a motion to remand on August 4, 2014, and opposing New GM's motion to stay in that case.[10]  A status conference in that Action has recently been scheduled for September 17, 2014.[11]

---

[5]    The *Sesay* and Orange County No Stay Pleadings are currently pending before the Court.  Except for Kandziora, all other plaintiffs with newly-filed Ignition Switch Actions entered into Stay Stipulations.

[6]    Copies of the Fifth Supplements are annexed hereto collectively as Exhibit "C."

[7]    A copy of the certificate of service indicating that counsel for Kandziora was served with the Fifth Supplements is annexed hereto as Exhibit "D."

[8]    A copy of the e-mail correspondence to counsel for Kandziora is annexed hereto as Exhibit "E."

[9]    A copy of New GM's letter to counsel for Kandziora, dated September 11, 2014, is annexed hereto as Exhibit "F."

[10]    A copy of the docket in *Kandziora v. General Motors LLC et al.*, No. 14-00801 (E.D. Wisc) is annexed hereto as Exhibit "G."

[11]    New GM has refrained from seeking Court intervention until this time because nothing of substance has taken place in the Kandziora Ignition Switch Action.  However, given the recent scheduling of the status conference

4

## ARGUMENT

9.      By this Application, New GM seeks an order confirming that Kandziora is bound to the terms of the Stay Stipulation, as if she had signed it. Kandziora and her counsel have had an ample opportunity to file a No Stay Pleading if she did not want to enter into a Stay Stipulation. Instead, she simply has ignored the July Stay Procedures Order and New GM's correspondence regarding same. Kandziora should not be afforded an advantage over all of the other Plaintiffs who complied with the May Scheduling Order and the July Stay Procedures Order.

10.      As stated in the Ignition Switch Motion to Enforce, the United States Supreme Court in *Celotex Corp. v. Edwards* set forth the "well-established" rule that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" 514 U.S. 300, 306 (1995). The Supreme Court further explained:

> If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done . . . . Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.

*Id.* at 313. The settled principles of *Celotex* required Kandziora to seek relief from the Sale Order and Injunction in this Court, prior to commencing her Ignition Switch Action. At a minimum, she was required to file a timely No Stay Pleading explaining why her Ignition Switch Action was not stayed. She did neither.

11.      Moreover, it is well settled that a "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137,

---

in that case, and Kandziora's refusal to comply with the July Stay Procedures Order, New GM was forced to seek Court intervention at this time.

151 (2009); *In re Wilshire Courtyard*, 729 F.3d 1279, 1290 (9th Cir. 2013); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 326 (Bankr. D. Del. 1999); *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McClean Indus., Inc.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("[a]ll courts, whether created pursuant to Article I or Article III, have inherent contempt power to enforce compliance with their lawful orders. The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

12.    In addition, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out" the Bankruptcy Code's provisions, and this section "codif[ies] the bankruptcy court's inherent power to enforce its own orders." *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 640 (S.D.N.Y. 1997); 11 U.S.C. § 105(a). Consistent with these authorities, this Court retained subject matter jurisdiction to enforce its July Stay Procedures Order.

13.    The terms of the July Stay Procedures Order are clear. Kandziora's failure to comply with the July Stay Procedures Order necessitated the filing of this Application.

14.    Accordingly, New GM requests that the Court enforce the July Stay Procedures Order against Kandziora by confirming that the terms of the Stay Stipulation are binding on her, and that she is preliminarily enjoined from further prosecuting the Kandziora Ignition Switch Action until entry of a further Order of this Court. If Kandziora fails to comply with this Order, New GM reserves the right to seek contempt sanctions.

## NOTICE

15.    Notice of this Application has been provided to (i) counsel for Kandziora, (ii) Designated Counsel, (iii) counsel for the *Groman* Plaintiffs, (iv) counsel for the GUC Trust, and (v) counsel for certain GUC Trust Unitholders. New GM submits that such notice is sufficient and no other notice need be provided.

WHEREFORE, New GM respectfully requests that this Court enter an order substantially

in the form set forth as Exhibit "H" hereto, granting the relief sought herein, and such other and

further relief as the Court may deem just and proper.

Dated: New York, New York                    Respectfully submitted,
      September 12, 2014


                           /s/ Arthur Steinberg
                          Arthur Steinberg
                          Scott Davidson
                          KING & SPALDING LLP
                          1185 Avenue of the Americas
                          New York, New York  10036
                          Telephone:    (212) 556-2100
                          Facsimile:    (212) 556-2222

                          Richard C. Godfrey, P.C. (admitted *pro hac vice*)
                          Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
                          KIRKLAND & ELLIS LLP
                          300 North LaSalle
                          Chicago, IL 60654
                          Telephone: (312) 862-2000
                          Facsimile: (312) 862-2200

                          *Attorneys for General Motors LLC*