# Exhibit 1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

This Document Relates To All Actions
------------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/10/2014

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 12

JESSE M. FURMAN, United States District Judge:

**[Regarding the September 4, 2014 Status Conference]**

The Court, having held a Status Conference on September 4, 2014, and having given Lead Counsel for Plaintiffs ("Lead Counsel") and counsel for Defendants an opportunity to be heard on issues addressed in the agenda items set forth in the Court's September 3, 2014 Memo Endorsement (14-MD-2543, Docket No. 281), issues this Order to memorialize the actions taken and rulings made at the Status Conference.

## I. INITIAL DISCOVERY PLAN

By **October 2, 2014**, General Motors LLC ("New GM") and Delphi Automotive Systems, LLC ("Delphi") shall produce copies of the relevant, non-privileged (including non-work product) documents they produced to: (i) Congress in response to pre-August 22, 2014 requests for documents related to NHTSA Recall No. 14V-047, and (ii) NHTSA in response to pre-August 22, 2014 requests for the documents requested by NHTSA in the March 4, 2014 and April 4, 2014 Special Orders. New GM shall also produce by October 2, 2014 a copy of the privilege logs submitted to NHTSA in response to the above-referenced NHTSA Special Orders. The foregoing documents shall be produced with MDL Bates stamps on a rolling basis after the entry in this Court of an: (i) Order Protecting Confidentiality and Privilege and (ii) Order Regarding Production of Documents and Electronic Data.

1

If either New GM and/or Delphi cannot complete the production as required above, they may seek an extension for good cause shown by filing a letter motion on ECF (not to exceed five single-spaced pages) by **September 25, 2014**.

II.   **DOCUMENT DEPOSITORY**

The parties have agreed to use ShareVault as the single electronic document depository for both this MDL and all related state and federal court actions (the "MDL 2543 Document Depository"). Parties producing documents in MDL 2543 will post such productions to the MDL 2543 Document Depository so that parties to this litigation and related state and federal cases may access and download these documents in accordance with the terms of the Order Protecting Confidentiality and Privilege. The parties shall continue to meet and confer regarding sharing the costs associated with the MDL 2543 Document Depository.

III.  **DOCUMENT DISCOVERY BEYOND THE INITIAL DISCOVERY PLAN**

With regard to discovery on personal injury claims involving post-Sale accidents and economic loss claims involving post-Sale New GM vehicles that are not the subject of New GM's Motions to Enforce, New GM (in consultation with the other Defendants) shall submit a letter brief (not to exceed five single-spaced pages) by **Wednesday, September 10, 2014**, setting forth its position why such discovery should not proceed at this time, specifically addressing whether and to what extent either motion practice related to the Plaintiffs' Consolidated Master Complaint or a ruling by the Bankruptcy Court would have an effect on the scope, nature, and timing of discovery with respect to the cases that are not subject to the New GM Motions to Enforce. Lead Counsel shall submit a letter brief (not to exceed five single-spaced pages) in response by **Friday, September 12, 2014.**

With regard to discovery concerning ongoing safety issues, Lead Counsel shall submit a letter brief (not to exceed ten single-spaced pages) by **September 15, 2014**, setting forth Plaintiffs' position regarding why this discovery should proceed on these issues at this time. Lead Counsel shall attach to its letter brief plaintiffs' proposed document requests regarding ongoing safety issues. New GM (in consultation with the other Defendants) shall submit a letter brief (not to exceed ten single-spaced pages) in response by **September 25, 2014**, and Lead Counsel may submit a letter brief (not to exceed five single-spaced pages) in reply by **October 1, 2014**.

### IV. THIRD PARTY DOCUMENT DISCOVERY AND PRESERVATION

The parties shall meet and confer with respect to taking reasonable steps to ensure that third parties are preserving evidence that could ultimately be within the scope of document requests in this MDL.

### V. DOCUMENTS RELATED TO THE VALUKAS REPORT

No later than **October 2, 2014**, New GM shall produce: (a) all non-privileged (including non-work product) documents cited in the May 29, 2014 report by Anton R. Valukas (the "Valukas Report") to the extent any such documents are in New GM's possession, custody, and control, and have not been produced to Congress or NHTSA, and are not otherwise publicly available; and (b) a log of any privileged (including work product) documents cited in the Valukas Report.

The Court agrees with the parties that resolution of any disputes regarding the Valukas Report should be deferred until after Plaintiffs' Consolidated Master Complaint is filed and any accompanying motion practice is adjudicated. Prior to raising any disputes relating to the Valukas Report, the Court expects the parties to meet and confer regarding whether it would be efficient to litigate any such issues by identifying specific legal issues that could be briefed on a category level, rather than a document-by-document level.

## VI. DOCUMENTS PROVIDED TO AGENCIES OTHER THAN NHTSA

The Court agrees with the parties that resolution of any disputes regarding documents provided by New GM to government agencies other than NHTSA should be deferred until after Plaintiffs' Consolidated Master Complaint is filed and any accompanying motion practice is adjudicated. The Court anticipates that, as with disputes relating to the Valukas Report, the parties should consider whether it would be efficient to litigate any such issues by identifying specific legal issues that could be briefed on a category level, rather than a document-by-document level.

## VII. ADDITIONAL PRESERVATION PROTOCOLS

The parties should continue to meet and confer regarding additional preservation protocols.

## VIII. VEHICLE INSPECTION PROTOCOL

The parties should continue to meet and confer regarding a proposed vehicle inspection protocol order and submit to the Court an agreed proposed order memorializing the protocol if the parties are able to reach an agreement. If the parties do not reach agreement on the proposed vehicle inspection protocol order in advance of the October 2, 2014 Status Conference, this issue should be added to the conference's proposed agenda in order to resolve any disagreements regarding the vehicle inspection protocol.

## IX. COORDINATION WITH OTHER ACTIONS

The Court thanks Federal/State Liaison Counsel Dawn M. Barrios for her timely submission of the updated list of contact information for the various state court judges in related litigation.

By **Friday, September 12, 2014, at 12:00 p.m. EDT**, Lead Counsel and counsel for New GM (in consultation with the other Defendants) shall submit letter briefs to the Court (not to exceed seven single-spaced pages) regarding what, if any, steps the Court should take, including any

orders the Court should enter, with respect to the lawyers in the *Melton* case or any other related litigation and any further arguments regarding the parties' proposed coordination orders.

Pursuant to the discussion during the Status Conference, the parties shall meet and confer regarding whether and to what extent changes to their proposed coordination orders should be made to address the following issues:

a. The use of technology as a more efficient means of communication (e.g., the use websites or e-mail listservs as opposed to facsimile, etc.);

b. Whether and to what extent counsel in related cases can qualify for common benefit work;

c. Whether and to what extent counsel in related cases should share certain costs, such as costs related to the MDL 2543 Document Depository;

d. Whether specific rules regarding how depositions will be conducted should be included in the coordination order or in a standalone deposition conduct order;

e. The inclusion of a meet and confer provision, which should always occur before a dispute is raised with the Court; and

f. Whether the language regarding re-deposing witnesses who were deposed in related cases should be broadened to include all parties.

## X.   ORDER REGARDING LEADERSHIP COUNSEL ROLES AND FEES

Counsel for Defendants shall review Lead Counsel's Proposed Order Specifying Leadership Counsel Roles and Detailed Staffing, Fees, and Expense Guidelines and meet and confer with Lead Counsel regarding any issues. The parties will submit an agreed-upon Proposed Order no later than **Friday, September 12, 2014, at 12:00 p.m. EDT**.

The Court hereby orders that Defendants should raise any issues with Lead Counsel's proposed order by **Friday, September 12, 2014**. The Court requests the parties to consider whether it makes sense to add common benefit work guidelines for related litigation.

## XI.   STATUS CONFERENCES

The Court hereby modifies the second paragraph of Order No. 8 Section 4.A (14-MD-2543, Docket No. 249) as follows: The Court will conduct additional Status Conferences on the following dates: **October 2, 2014; November 6, 2014; December 15, 2014; January 9, 2015.** The Court will schedule Status Conferences at least once every two months or so thereafter and additional Status Conferences as needed. Unless the Court orders or indicates otherwise, all Status Conferences will begin at **9:30 a.m.**, and will be held in **Courtroom 1105** of Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York. Counsel shall advise the Court if a larger courtroom is necessary. Unless the Court orders otherwise, Lead and/or Liaison should set up a conference call number before each conference according to the guidelines set forth in Order Number 9 (14-MD-2543, Docket No. 266).

With respect to Status Conferences going forward, Lead Counsel and counsel for Defendants will take the lead and, in general, will be the only counsel who speak. If other counsel for a plaintiff or plaintiffs would like to raise an issue at a Status Conference, such counsel should first raise the issue with Lead Counsel. To the extent Lead Counsel can adequately represent the views of counsel for the particular plaintiff or plaintiffs at the Status Conference, Lead Counsel can and should do so. To the extent that other counsel for a plaintiff or plaintiffs do not feel that Lead Counsel can adequately represent their views, then Lead Counsel and counsel for Defendants should consider putting the item on the Status Conference agenda and indicate that other counsel for the plaintiff or plaintiffs will address the issue rather than Lead Counsel, subject to approval

by the Court. In the event that an issue raised with Lead Counsel is not added to the agenda, other counsel for a plaintiff or plaintiffs may submit a letter motion within 24 hours of the filing of the proposed status conference agenda letter requesting permission to be heard at the upcoming Status Conference. Counsel for a plaintiff or plaintiffs other than Lead Counsel may not speak at Status Conferences unless they are on the proposed status conference agenda submitted by Lead Counsel and New GM or unless they have obtained leave of Court.

## XII. BANKRUPTCY APPEALS

Lead Counsel, New GM, and counsel for the *Phanuef, Sesay*, and *Elliott* plaintiffs have agreed to defer further discussions with respect to procedures with respect to appeals from Bankruptcy Court orders relating to the *Phanuef, Sesay*, and *Elliott* Plaintiffs' No Stay Pleading decisions until after the filing of Plaintiffs' Consolidated Master Complaint. All parties reserve all procedural and substantive arguments with respect to such appeals.

## XIII. DISCOVERY DISPUTES

The Court is inclined to handle discovery disputes itself, in accordance with its Individual Rules and Practices for Civil Cases, unless and until doing so becomes unmanageable for either the Court and/or the parties. The parties must meet and confer prior to raising any discovery dispute. In the event of a discovery dispute, the aggrieved party should file a letter brief (not to exceed three single-spaced pages); the opposing party should file a letter brief response (not to exceed three single-spaced pages) within three (3) business days; and the Court will then either hold a discovery conference, issue a ruling, or request further briefing.

## XIV. AGENDA ITEMS FOR OCTOBER 2, 2014 STATUS CONFERENCE

In addition to open issues discussed above, and any issues counsel raise in their pre-conference proposed agenda letter, the parties should be prepared to discuss at the October 2, 2014

Status Conference: (a) whether any distinction should be made between class-related discovery versus merits discovery; (b) whether there is any need for a discovery master, privilege master, or magistrate judge in this MDL; and (c) the structure for motion practice (to avoid duplicative motions and briefs, etc.).

SO ORDERED.

Dated: September 10, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge