# Exhibit 2

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew B. Bloomer, P.C.
To Call Writer Directly:
(312) 862-2482
andrew.bloomer@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

September 10, 2014

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      *Re:* ***In re: General Motors LLC Ignition Switch Litigation,***
        14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

   Pursuant to this Court's Order No. 12 § III, counsel for General Motors LLC ("New GM") submit this letter setting forth Defendants' views with respect to whether and to what extent additional discovery should proceed now on (i) personal injury claims involving post-Sale accidents and (ii) economic loss claims involving post-Sale New GM vehicles that are not subject to New GM's Motions to Enforce. Defendants respectfully submit that any marginal benefit to proceeding now with such discovery in the few individual MDL cases not subject to the Motions to Enforce would be substantially outweighed by the prejudice caused to the efficient and timely resolution of proceedings pending before the Bankruptcy Court, which are potentially dispositive of the vast majority of MDL cases.

### 1. Defendants Have Voluntarily Agreed To Provide Significant Discovery.

   As an initial matter, New GM has produced to date 457,684 pages of materials previously provided to NHTSA and Congress, and expects to produce within the next few weeks over 2.5 million additional pages, plus other materials, pursuant to the terms outlined in the Initial Discovery Plan. (*See* 14-MD-2453 Docket No. 272 § 1.) Delphi likewise has agreed to produce documents previously provided to NHTSA and Congress pursuant to the same terms. Thus, by October 2, 2014, plaintiffs will have more than three million pages of documents to review, which is more than sufficient until January 16, 2015, when briefing on the Threshold Issues in the Bankruptcy Court is expected to be complete. *See* August 22, 2014 Endorsed Order, No. 09-50026, attached hereto as Exhibit A.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
September 10, 2014
Page 2

### 2. There Is No Practical Way To Limit Discovery Only To Claims Not Subject To The Bankruptcy Court's Exclusive Jurisdiction.

As the Court knows, one of the principal reasons the Judicial Panel on Multidistrict Litigation selected this District for MDL 2543 was that "[t]he Southern District of New York Bankruptcy Court already has been called upon by both [New GM] and certain plaintiffs to determine whether the 2009 General Motors bankruptcy Sale Order prohibits plaintiffs' ignition switch defect lawsuits." *In re Gen. Motors LLC Ignition Switch Litig.*, —F.Supp.2d—, 2014 WL 2616819 at *1 (J.P.M.L. 2014). Indeed, 100 of the 116 cases pending in the MDL are subject to either New GM's Ignition Switch Motion to Enforce, New GM's Non-Ignition Switch Motion to Enforce, or New GM's Pre-Closing Accident Motion to Enforce. Each of these actions is (or very likely will soon be) stayed pending resolution of these motions. It is New GM's position that plaintiffs' actions were filed in violation of the Bankruptcy Court's Sale Order and Injunction, and as such, discovery is not appropriate pending resolution of the Motions to Enforce.[1] Indeed, plaintiffs' request for discovery is contrary to the discovery Stay Stipulations they have signed and entered into, contrary to the Bankruptcy Court's Scheduling Orders, and contrary to the terms of the Sale Order and Injunction that New GM is asking Judge Gerber to enforce.

The inherent (and flawed) assumption underlying plaintiffs' request for discovery in cases not subject to New GM's Motions to Enforce is that the discovery in those cases can somehow be segregated from discovery that would be necessary in the overwhelming majority of cases that *are* subject to the Motions of Enforce. But of the 16 individual cases not subject to New GM's Motions to Enforce, all but one is a post-Sale personal injury action. And each and every post-Sale personal injury action asserts a claim arising out of either a pre-Sale vehicle or alleges pre-Sale conduct by General Motors Corporation ("Old GM") as a basis for plaintiffs' claims against New GM. *See, e.g., Abney* Compl. ¶ 121, No. 1:14-cv-05810 (S.D.N.Y.) (alleging that "Old GM's fraud, fraudulent concealment and fraudulent non-disclosure were all components of the subject incidents of the Named Plaintiffs"); *Duncan* Compl. ¶ 106, No. 4:14-cv-00597 (W.D. Mo.) (alleging that "Defendant ignored reports of consumers, which began as early as 2004, regarding the ignition switch of certain GM vehicles with the same or similar ignition switches" and seeking punitive damages for such purported conduct); *Hair* Compl. ¶ 161, No. 8:14-cv-00792 (C.D. Cal.) (alleging that "[O]ld GM ... actively concealed important facts from Plaintiffs, and the public at large"); *Irvin* Compl. ¶ 30, No. 1:14-cv-00090 (E.D. Mo.)

---

[1] "Discovery is part and parcel of a product liability claim—there can be no discovery without an underlying cause of action to warrant it. Where an order prohibits, as the 363 Sale Order does here, a particular class of claims from being brought against a legal entity, it is undoubtedly understood to also prohibit an "action for discovery" with respect to that class of claims from being brought against that same entity." *Sizemore v. Gen. Motors LLC (In re Motors Liquidation Co.)*, 439 B.R. 339, 341-342 (S.D.N.Y. 2010).

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
September 10, 2014
Page 3

(alleging that "Old GM and New GM have known of the ignition switch defect for years, but consistently concealed the defect, and the danger, from Defective-Vehicle owners"); *Lambeth* Compl. ¶ 34, No. 1:14-cv-00546 (M.D.N.C.) (alleging that "Old GM and [New] GM knew of the deadly ignition switch defects and their dangerous consequences for many years, but concealed their knowledge from Defective Vehicle owners"); *Ross* Compl. ¶ 102, No. 2:14-cv-03670 (E.D.N.Y.) (alleging that Old GM concealed the ignition switch defect from the plaintiff and the public even though "GM has known of the Key Defects in the vehicles since at least 2001"); *Sumners* Compl. ¶ 39, No. 1:14-cv-00070 (M.D. Tenn.) (alleging New GM's failure "to properly design, test and evaluate the subject 2005 Chevrolet Cobalt" and seeking punitive damages); *Van Pelt* Compl. ¶ 212, No. 1:14-cv-01081 (N.D. Ga.) (alleging that "GM, through its conduct in designing, testing, manufacturing, assembling, marketing, selling and failing to adequately repair [the subject 2003 Saturn Ion] demonstrated an entire want of care," and seeking punitive damages); *Yingling* Compl. ¶ 170, No. 3:14-cv-00116 (W.D. Pa.) (alleging that "GM knew that the defective vehicles including the [2006] Saturn Ion operated by the Decedent at the time of the crash were designed and manufactured with key/ignition system defects but GM concealed those material facts from the Plaintiff").

With respect to each post-Sale accident, including the more than 600 personal injury claimants at issue in the *Abney* case, New GM has already "expressed its willingness to produce, on a reasonable schedule, non-privileged, post-Sale Vehicle Inquiry System documents (related to the seller of the new vehicle and any vehicle warranty and recall history) and any available Sensing Diagnostic Module ('SDM') downloads and crash reports currently in New GM's possession, custody, and control for all personal injury and wrongful death MDL cases involving post-Sale accidents, and for which Plaintiffs have provided New GM a valid Vehicle Identification Number." (14-MD-2453 Docket No. 272 § 4.) This would add substantially to the more than 3 million pages from the NHTSA and Congressional productions to be provided to plaintiffs, and should be more than sufficient to allow the post-Sale accident cases to move forward. Anything beyond this necessarily implicates Old GM conduct and/or vehicles, would be duplicative of discovery to be sought in the other 100 cases subject to the Motions to Enforce, and is nothing more than a backdoor to obtain discovery the Bankruptcy Court has already prohibited and to which the plaintiffs through Designated Counsel (retained by Lead Counsel) have agreed not to seek.

The one economic loss case pending in the MDL that is not subject to New GM's Motions to Enforce is *Sauer* (2:14-cv-04080) (D.N.J.). The *Sauer* complaint alleges that New GM violated the Magnuson Moss Act and New Jersey's Consumer Fraud Act, and also breached implied warranties, by its purported fraudulent concealment of a "Key System and Airbag Defect" in 2010-2014 Chevrolet Camaros manufactured and sold by New GM. Several other MDL cases subject to New GM's Motions to Enforce include allegations that the 2010-2014 Chevrolet Camaro models contain the same alleged ignition switch defect as the Cobalt/Ion

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
September 10, 2014
Page 4

ignition switch defect at the center of this MDL. *See, e.g., Corbett* (No. 7:14-cv-00139) (E.D.N.C.); *Kosovec* (No. 3:14-cv-00354) (N.D. Fla.); *Turpyn* (No. 1:14-cv-05328) (S.D.N.Y.).

And while Lead Counsel asserted at the Status Conference that "it's hard to imagine when [New] GM has admitted that these vehicles were defective when they were sold, that we're not going to be able to state some cause of action" (Hr'g Tr. 27:2-4, September 4, 2014), several federal courts have held that a recall campaign under the statutory supervision of NHTSA moots a plaintiff's claims regarding an alleged defect in a vehicle, given that the statutory recall addresses the defect. *See, e.g., Winzler v. Toyota Motor Sales USA, Inc.*, 681 F.3d 1208 (10th Cir. 2012); *Cheng v. BMW of North America, LLC*, No. 12-09262, 2013 WL 3940815 (C.D. Cal. July 26, 2013); and *Hadley v. Chrysler Grp., LLC*, No. 13-13665, 2014 WL 988962 (E.D. Mich. March 13, 2014). At the very least, prior to granting plaintiffs discovery, New GM should be given the opportunity to test the *Sauer* complaint by a motion to dismiss on various grounds, such as: plaintiffs fail to state a claim upon which relief can be granted; plaintiffs fail to allege a manifested defect causing injury or damage; plaintiffs' claims are barred by the economic loss doctrine as well as the terms of applicable written warranties; plaintiffs' claims are preempted and/or should be denied under the doctrine of primary jurisdiction; and plaintiffs' claims fail for lack of privity.[2]

### 3. Additional Discovery Threatens To Impede The Bankruptcy Court Proceedings.

Should discovery be permitted with respect to Old GM vehicles and conduct—which is inevitable given the allegations in both the post-Sale accident complaints and the *Sauer* complaint—the Bankruptcy Court proceedings likely will be impeded if not derailed. Judge Gerber has already been confronted with a request for discovery, and has unambiguously found that it will significantly disrupt the process in the Bankruptcy Court and "slow the train down":

---

[2] Courts in this district have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citing *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278 at *1 (S.D.N.Y. 2002)). Likewise, there is "'good cause' for staying discovery until Plaintiffs have finalized their complaint and dismissal motion practice against that complaint has been briefed." *Targum v. Citrin Cooperman & Co., L.L.P.*, 2013 WL 2181746 at *2 (S.D.N.Y. 2013)). This is especially true in the present case, where "the plaintiffs did not present any evidence to suggest that they will be unfairly prejudiced by a stay." *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738 at *5 (S.D.N.Y. 2013) (internal quotations omitted).

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
September 10, 2014
Page 5

> We decided to go with threshold reasons — or threshold issues — excuse me — for a reason or many reasons, including the potential, if not certainty, that discovery would slow the train down, to use a metaphor that we've used several times today. I think the price to be paid of having that discovery now is too high, and that taking the discovery now would too materially adversely affect the needs and concerns of the bulk of the parties in the case.

Bankruptcy Court Hr'g Tr. 64:17-65:13, August 18, 2014.

If this Court now authorizes discovery in the 15 post-Sale personal injury actions and one economic loss action not subject to New GM's Motions to Enforce, plaintiffs will seek to use discovery obtained in the MDL to reopen the laborious and protracted fact stipulation process (which was completed over a month ago), which will only prolong a decision by the Bankruptcy Court.[3] The entire purpose of the Bankruptcy Court's carefully crafted procedures—*i.e.*, to resolve the Four Threshold Issues in the first instance and on an accelerated basis to materially advance this litigation—will undeniably be frustrated, and perhaps rendered unworkable.

Finally, and at a minimum, before deciding as a general matter whether discovery should proceed as to post-Sale accidents and post-Sale economic loss claims not subject to the Motions to Enforce, Lead Counsel should prepare specific written discovery requests tailored to their post-Sale accident and post-Sale economic loss claims not subject to the Motions to Enforce. It is, to be sure, very difficult to discuss the appropriateness of discovery in the abstract and at the level of generalities. By identifying specific discovery that plaintiffs want, both the Court and the Defendants would be able to carefully evaluate plaintiffs' requests and assess their impact on the Bankruptcy Court's determination of the Four Threshold Issues. Defendants should then have an opportunity to respond to the specific requests. It may be that some requests provide a proper basis for narrow document discovery at this time, and the Court can then review and rule on specific objections to the rest.

For these reasons, New GM and Defendants respectfully request that until the Bankruptcy Court has decided the Four Threshold Issues, no further discovery should be ordered beyond the three million pages to be produced to plaintiffs, along with accident-specific documents related to the more than 600 post-Sale accidents at issue in the MDL.

---

[3] New GM is mindful of the Court's concerns with respect to the timing of resolution of the Motions to Enforce, but notes that the briefing schedule for the Motions to Enforce has been delayed not at New GM's request, but rather by plaintiffs' request to file a Consolidated Master Complaint.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
September 10, 2014
Page 6

Respectfully submitted,

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:  Steve W. Berman
     Elizabeth Joan Cabraser
     Robert C. Hilliard
     Mark E. Howard
     Michele R. Sowers
     Eugene A. Schoon
     James R. Figliulo

# Exhibit A

09-50026-mg    Doc 12896-2    Filed 09/12/14    Entered 09/12/14 17:52:28    Exhibit 2
Pg 9 of 11
Case 1:14-md-02543-JMF   Document 297-1   Filed 09/10/14   Page 2 of 4

09-50026-reg   Doc 12869   Filed 08/22/14   Entered 08/22/14 09:38:02   Main Document
09-50026-reg   Doc 12867   Filed 08/21/14   Entered 08/21/14 17:51:59   Main Document
Pg 1 of 3

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

August 21, 2014

VIA E-MAIL TRANSMISSION
AND ECF FILING
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Endorsed Order:
"Approved"
s/ REG, USBJ
8/22/14

Re:  In re Motors Liquidation Company, *et al.*
     Case No. 09-50026 (REG)

### Letter Regarding Briefing Schedule for Four Threshold Issues[1]

Dear Judge Gerber:

King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("New GM") in the above-referenced matter. In connection with its pending Ignition Switch Motion to Enforce the Sale Order and Injunction, New GM, on behalf of itself and the other Counsel for the Identified Parties (each of whom is copied on this correspondence and each of whom consents to the matters addressed herein), submits this letter in connection with Your Honor's ruling at the Status Conference held on August 18, 2014 regarding a modification to the briefing schedule for the Four Threshold Issues and the Fraud on the Court Standard Briefing.

Counsel for the Identified Parties, having met and conferred on an appropriate briefing schedule for the Four Threshold Issues and the Fraud on the Court Standard Briefing, and taking into account that the current deadline for filing a master consolidated complaint in Multi-District Litigation 2543 is October 15, 2014, propose the following modifications to the briefing schedule set forth in the Supplemental Scheduling Order:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Court's Supplemental Scheduling Order, dated July 11, 2014 [Dkt. No. 12770] ("Supplemental Scheduling Order").

23635344v3

09-50026-mg   Doc 12896-2   Filed 09/12/14   Entered 09/12/14 17:52:28   Exhibit 2
Pg 10 of 11
Case 1:14-md-02543-JMF   Document 297-1   Filed 09/10/14   Page 3 of 4

09-50026-reg   Doc 12869   Filed 08/22/14   Entered 08/22/14 09:38:02   Main Document
09-50026-reg   Doc 12867   Filed 08/21/14 Pg Entered 08/21/14 17:51:59   Main Document
Pg 2 of 3

Honorable Robert E. Gerber
August 21, 2014
Page 2

 (i) on November 5, 2014, (i) New GM shall file and serve its opening brief ("**New GM Opening Brief**") respecting the Due Process Threshold Issue, the Remedies Threshold Issue, the Old GM Claim Threshold Issue, and the Fraud on the Court Standard Briefing, and (ii) the Unitholders and, if it deems it advisable, the GUC Trust, collectively ("**Unitholder/GUC Trust Opening Briefs**"), shall file and serve their opening brief respecting the Equitable Mootness Threshold Issue;

 (ii) on December 16, 2014, (i) Designated Counsel and the Groman Plaintiffs, collectively, and the GUC Trust and the Unitholders, collectively, shall file and serve their responses to the New GM Opening Brief, and (ii) Designated Counsel and the Groman Plaintiffs, collectively, and New GM shall file and serve their responses to the Unitholder/GUC Trust Opening Brief;

 (iii) on January 16, 2015, (i) New GM shall file and serve its reply brief to the responses filed in connection with the New GM Opening Brief, and (ii) the Unitholders and, if it deems it advisable, the GUC Trust, collectively, shall file and serve their replies to the responses to the Unitholder/GUC Trust Opening Brief; and

 (iv) The Court shall hold a hearing thereon on a date set by the Court after January 26, 2015.

As previously agreed, Designated Counsel, to the extent reasonably practicable, shall consult and coordinate with other counsel who have filed a notice of appearance on behalf of any Plaintiff(s) and solicit input and/or comments to Designated Counsel's proposed response to the New GM Opening Brief and proposed response to the Unitholder/GUC Trust Opening Brief (including providing counsel drafts of Designated Counsel's briefs no less than ten days prior to their submission deadline as set forth above).

The lengths of briefs shall remain as set forth in the Court's Endorsed Order, dated August 4, 2014 [Dkt. No. 12810]. Except as set forth herein, the Supplemental Scheduling Order and the May 16, 2014 Scheduling Order shall otherwise remain in full force and effect.

Counsel for the Identified Parties respectfully request that the foregoing modifications to the Supplemental Scheduling Order be approved and authorized by the Court.

        Respectfully submitted,

        */s/ Arthur Steinberg*

        Arthur Steinberg

AJS/sd

cc: Edward S. Weisfelner
  Howard Steel
  Elihu Inselbuch
  Peter Van N. Lockwood

09-50026-mg    Doc 12896-2    Filed 09/12/14    Entered 09/12/14 17:52:28    Exhibit 2
Pg 11 of 11
Case 1:14-md-02543-JMF    Document 297-1    Filed 09/10/14    Page 4 of 4

09-50026-reg    Doc 12869    Filed 08/22/14    Entered 08/22/14 09:38:02    Main Document
09-50026-reg    Doc 12867    Filed 08/21/14    Entered 08/21/14 17:51:59    Main Document
Pg 3 of 3

Honorable Robert E. Gerber
August 21, 2014
Page 3

> Sander L. Esserman
> Jonathan L. Flaxer
> S. Preston Ricardo
> Matthew J. Williams
> Lisa H. Rubin
> Keith Martorana
> Daniel Golden
> Deborah J. Newman
> Jamison Diehl