# Exhibit A



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 12809145**
**Date Processed: 08/05/2014**

| | |
|---|---|
| **Primary Contact:** | Rosemarie Williams<br>General Motors LLC<br>Mail Code 48482-038-210<br>400 Renaissance Center<br>Detroit, MI 48265 |

| | |
|---|---|
| **Entity:** | General Motors LLC<br>Entity ID Number  3113523 |
| **Entity Served:** | General Motors LLC |
| **Title of Action:** | Krause, Ryan vs. General Motors LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Property |
| **Court/Agency:** | 36th District Court, Michigan |
| **Case/Reference No:** | 14-113925 |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 08/04/2014 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Alexander Law Firm (Southfield, MI)<br>248-246-6353 |
| **Client Requested Information:** | Year: 2009<br>Make: Chevrolet<br>Model: Cobalt<br>VIN: |

**Notes:**   Alexander Law Firm  17200 Ten Mile Rd. Ste 200 Southfield, MI 48075
CSC Location document was served: CSC-Lawyers Inc Service Co 601 Abbot Rd. East Lansing, MI 48823

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# THE ALEXANDER LAW FIRM

17200 W. Ten Mile Rd. Ste 200 Southfield, MI 48075
Telephone (248) 246-6353
Fax (248) 746-3793

Adam S. Alexander, Esq.                                   **e-mail** adam@alexanderfirm.com

July 30, 2014

**CERTIFIED-RETURN RECEIPT REQUESTED**
General Motors LLC
601 Abbot Road
East Lansing, MI 48823

      Re: Krause v General Motors, LLC, et. al.
      **No. 14-113925**

Dear Sir/Madam:

      Enclosed please find the Summons and Complaint for the above captioned case. If you have any questions or comments, feel free to contact me.

Sincerely,

Adam S. Alexander, Esq.

AA/gl
Enclosures

# WWW.MYFAIRCREDITSITE.COM

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>36th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>14113925 |
|---|---|---|

**Court address**
421 Madison Ave, Detroit, MI 48226

**Court telephone no.**
(965) 395-4313

| Plaintiff's name(s), address(es), and telephone no(s).<br>Ryan Krause | v | Defendant's name(s), address(es), and telephone no(s).<br>General Motors, LLC<br>CSC-Lawyers Incorporating Service (Company)<br>601 Abbot Rd.<br>East Lansing, MI 48823 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Adam S. Alexander (P53584)
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI 48075
(248) 746-3793

CI60382 07/21/14 09:03 851

CASE:14113925   SVC:01
FILING FEE   $150.00
TOTAL PAID:   $150.00
TYPE: GC FILING <= $25000

14 JUL 18 PM 3: 36TH DISTRIC COU

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>07/21/14 | This summons expires<br>10/20/14 | Court clerk<br>Vanessa Jones |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Columbus, MI | Defendant(s) residence (include city, township, or village)<br>Detroit, MI |
|---|---|

| Place where action arose or business conducted<br>Detroit, MI | |
|---|---|

07/09/2014
_____
Date

_____
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (3/08) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE**<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER**<br>Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required) |
|---|---|---|

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                            Date

My commission expires: _____    Signature: _____
                          Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                              Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE 36th DISTRICT COURT

RYAN KRAUSE,

    Plaintiff,

-vs-                                                                                      No. 14          GC

GENERAL MOTORS LLC,

    Defendants.

_____/

ADAM S. ALEXANDER (P53584)
Attorney for Plaintiff
17200 W. Ten Mile Rd., Ste 200
Southfield, MI 48075
(248) 246-6353

_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

1.    Plaintiff Ryan Krause, ("Plaintiff") is a resident of Columbus, Michigan and currently owns a 2009 Chevy Cobalt subject to the General Motors ignition switch recall.

2.    Defendant, General Motors LLC, ("GM"), is engaged in the manufacture, sale, distribution, and/or importing of Chevrolet motor vehicles and related equipment, with its principle place of business in Detroit, Wayne County, Michigan.  3.

3.    This cause arises out of the Defendants' negligence, misrepresentation, breaches of warranty and contract and violations of statutes, as hereinafter set forth.

4.    Plaintiff seeks damages over $10,000 and less than $25,000 and/or equitable relief, and his claims are otherwise within the jurisdiction and venue of this Court.

## GENERAL ALLEGATIONS

5.    Plaintiff owns a 2009 Chevrolet Cobalt which he purchased new.

6.    His vehicle is subject to at least four (4) significant mechanical recalls: Recall ID 102521 (electrical system ignition switch); recall ID 82542 (steering electric power assist system); recall ID 94154 (fuel system regulator/fuel pump); and recall ID 102522 (airbags).

7.    The defects existing in Plaintiffs vehicle relating to the above recalls represent a serious safety concern to Plaintiff, which General Motors knew about since 2004, as outlined below.

8.    On February 10, 2014, General Motors filed a Defect Notice to recall 2009 Model Year Chevrolet Cobalts, including Plaintiff's vehicle, in addition to over one million other vehicles of various years, makes and models. The Defect Notice stated the ignition switch torque performance in these vehicles might not meet General Motors' specifications resulting in the non-deployment of airbags in crash events.

9.    Two weeks later, on February 24, 2014 General Motors issued a notice to the National Highway Traffic Safety Administration, ("NHTSA"), which expanded the above referenced recall to include identical recalls for multiple models including the 2003-2007 Saturn Ions, 2006-2007 Chevrolet HHRs, 2006-2007 Pontiac Solstices and 2007 Saturn Skys.

10.    The February 24, 2014 notice provided a chronology that detailed General Motors' knowledge and actions related to the ignition switch. Incredibly GM knew of the ignition switch condition since 2004

11.    In 2004, before the launch of the 2005 Cobalt, GM became aware of incidents wherein the vehicle engine would suddenly lose power in the event the key moved out of the "run" position when the driver inadvertently contacted the key or steering column. An investigation was opened and after consideration of lead-time required, cost and effectiveness of

2

potential solutions, the investigation was closed and no action taken.

12.     Notably, the recalls did not provide immediate relief for vehicle owners such as Plaintiff. Rather, GM disclosed that dangerous defects existed and stated that they would implement a repair plan in the future.

13.     Throughout 2005, GM received similar field reports of vehicles losing engine power when the key moved out of the "run" position. A proposal was approved to redesign the key head but later cancelled. Instead of recalling the vehicles to replace the defective ignition switches, GM issued a Safety Bulletin. The Bulletin recognized that there was a potential for the driver to inadvertently turn off the ignition due to low ignition key cylinder torque/effort.

14.     Although GM developed an insert for the key ring that changed it from a slot design to a hole design, to prevent the key from easily jogging the ignition switch out of the run position, the redesigned ignition switch was not installed in vehicles until the 2007 model year.

15.     The defective ignition switch has been linked to 33 crashes and 13 fatalities in the United States.

16.     Given the vast number of instances of sudden engine power loss and non-deployment of airbags related to the defective ignition switch and GM's knowledge of many or all of the instances, GM should have aggressively developed a remedy years ago. GM failed to do so. In fact, its first recall was not implemented until 2014, nearly ten years after instances of engine power loss.

17.     The ignition switch defect in GM vehicles has adversely affected the company's reputation as a manufacturer of safe, reliable vehicles with high resale value, as compared to vehicles made by their competitors. In the wake of the news reports about this serious problem, GM customers and consumers, including Plaintiff, are skeptical about the quality and safety of

GM vehicles. It is likely that the entire fleet of GM vehicles has been stigmatized by this defect, but most specifically the vehicles directly affected by this recall.

18.    GM's mishandling of the ignition switch defect, including but not limited to its denial of any problem, even after receiving a substantial number of reports of sudden engine power loss, including ones that resulted in serious physical injury or death, and all other allegations set forth herein, has adversely affected the company's reputation as a manufacturer of safe, reliable vehicles with high resale value, as compared to vehicles made by its competitors. GM customers, the general public and your Plaintiff have reason to be skeptical about whether GM is coming forth with truthful information about the sudden loss of power defect. Likewise, GM customers, including Plaintiff and the general public are left to wonder whether safety concerns about GM vehicles are limited to this particular problem.

19.    Plaintiff has driven the subject vehicle less than he otherwise would have due to the defects and fear of being in an accident.

20.    Plaintiff has experienced loss of power and other defects in his vehicle which are contained the multiple recalls and repair invoices relating to his vehicle.

21.    Plaintiff seeks damages suffered a result of GM's conduct, including but not limited to: (i) loss of use of the vehicle; (ii) reimbursement of out of pocket costs for, among other things, alternative transportation, repair costs and future repair costs; (iii) diminution in resale value of the vehicles; and (iv) an increased risk of physical harm or damage to his vehicle and legal liability.

22.    Plaintiffs also seeks relief including: (i) repairs to remove the dangerous conditions; and (ii) an extension of warranty coverage covering components of the ignition switch, and other components connected to the litany of other recalls

## COUNT I - BREACH OF IMPLIED CONTRACT

23.    Plaintiff alleges all preceding allegations as if fully set forth herein.

24.    The existence and terms of an implied conduct exist in this case based on the conduct of the parties.  Plaintiff alleges there was an offer, acceptance, and consideration, adequate to find an implied contract exists.

25.    An offer, acceptance, and consideration for the sale of Plaintiff's vehicles existed, evidenced by the purchase agreement and the fact that Plaintiffs paid money to GM in exchange for his vehicle. The act of the exchange of Plaintiff's money in return for the goods (the subject vehicle) represents and offer and acceptance. This exchange of money for vehicle also constitutes consideration.

26.    An implied term of the above exchange and sale was that GM would provide Plaintiff with a vehicle that did not contain an unreasonably dangerous condition. There was a meeting of the minds regarding the absence of unreasonably dangerous conditions.

27.    GM's intent to provide safe vehicles was evidenced by, among other things, its advertising and marketing materials emphasizing the safety qualities of its vehicles.

28.    The absence of unreasonably dangerous conditions was a material term to the Plaintiff's purchase contract and the above referenced exchange.  Plaintiff would not have purchased the subject vehicle, or would not have paid the requested purchase price had he known of the ignition switch defect and other inherent defects.

29.    GM breached the implied terms of their contract by providing Plaintiff with a vehicle that contains an unreasonably dangerous conditions.

30.    Plaintiff suffered and will continue to suffer damages including but not limited to those set forth in Paragraph 21 above.

## COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.    Plaintiff alleges all preceding allegations as if fully set forth herein.

32.    The aforementioned motor vehicle purchased by Plaintiff was subject to implied warranties of merchantability under MCL 440.2314, including but not limited to the following:

(a)    Said vehicle was of good, sound and merchantable quality;

(b)    Said vehicle was free from defective parts and workmanship;

(c)    Any defects or non-conformities would be cured within a reasonable time;

(d)    In the event said vehicle was not free from defective parts or workmanship that Defendants would repair or replace same without cost to Plaintiff.

33.    Said vehicle was not as warranted and represented and is patently defective due to defective parts and workmanship, including but not limited to those defects listed above, those defects contained in the multiple recalls, and those defects contained in the repair invoices in the possession of GM and their authorized dealers. .

34.    As a result of its defects, said vehicle cannot be reasonably used by Plaintiff for its intended purposes, and cannot be reasonably sold without loss of value, - which was bargained for but not provided.

35.    Plaintiff's vehicle would not pass without objection in the automotive trade;  It is unreasonably dangerous and in need of repair.

36.    Plaintiff's vehicle is not fit for the ordinary purpose for which it was sold. The vehicle was purchased by Plaintiff to, among other things, safely transport drivers and passengers. The subject vehicle cannot be used for safe transportation in its current condition.

37.    Plaintiff's vehicle was not adequately labeled because the labeling failed to disclose the dangerous conditions.

38.     GM breached the implied warranty of merchantability by manufacturing and

selling the subject vehicle containing an unreasonably dangerous condition, and the other defects

outlined above.

39.     Plaintiff suffered and will continue to suffer damages including but not limited to

those set forth in Paragraph 21 above.

### COUNT III - BREACH OF THE IMPLIED WARRANTY
### OF FITNESS FOR A PARTICULAR PURPOSE

40.     Plaintiff alleges all preceding allegations as if fully set forth herein.

41.     GM knew at the time they sold the subject vehicle to Plaintiff that the vehicle

would be used for the specific purpose of, among other things, providing safe transportation.

42.     GM knew at the time they sold the subject vehicle to Plaintiff that the vehicle, that

Plaintiff chose to buy the vehicle from GM at least in part because of the reputation of GM cars

and trucks as safe vehicles with high resale value, as compared to cars and trucks manufactured

by GM competitors.

43.     GM knew that Plaintiff was relying on GM's skill and judgment in furnishing

and/or recommending a vehicle that was allegedly suitable for providing safe transportation and

that enjoyed high resale value, as compared to cars and trucks manufactured by GM's

competitors.

44.     GM breached the implied warranty of fitness because the subject vehicle

contained an unreasonably dangerous condition, multiple other defects as noted above, and was

not suitable for providing safe transportation.  The unreasonably dangerous condition of the

vehicles has resulted in a substantial drop in the resale value of Plaintiff's vehicle.

45.     As a direct result of GM's unlawful conduct, Plaintiff have suffered and will

continue to suffer the damages including but not limited to those set forth in Paragraph 21 above.

7

## COUNT IV - BREACH OF EXPRESS WARRANTY

46.    Plaintiff alleges all preceding allegations as if fully set forth herein.

47.    GM was a merchant with respect to motor vehicles under MCL 440.2104.

48.    GM expressly affirmed through its statements and advertisements that the subject vehicle was of high quality, and, at a minimum, would work properly and safely. These affirmations became part of the basis of the bargains between Plaintiff and GM.

49.    GM breached this warranty by knowingly selling Plaintiff a vehicle with dangerous defects and which were not of high quality.

50.    Plaintiff has been damaged as a direct and proximate result of the breaches by GM in that the subject vehicle purchased by Plaintiff was and is worth far less than what Plaintiff paid to purchase it, which was reasonably foreseeable to GM.

51.    Plaintiff was unaware of these defects and could not have reasonably discovered them when he purchased the vehicle from GM.

52.    Plaintiff is entitled to damages, including the diminished value of the vehicle and the value of the non-use of the vehicle pending successful repair, in addition to any costs associated with this breach including incidental and consequential damages, and all other damages allowable Under Michigan law, including such further relief as the Court deems just and proper.

## COUNT V – FRAUD AND MISREPRESENTATION

53.    Plaintiff alleges all preceding allegations as if fully set forth herein.

54.    As described above, GM made material omissions and affirmative misrepresentations regarding the subject vehicle.

55.    GM knew these representations were false when made.

56.    The vehicle purchased by Plaintiff was and is defective, unsafe, and unreliable because the vehicle was subject to an ignition mechanism defect that would unexpectedly turn off the engine, and it also was and is defective, unsafe, and unreliable because of the additional defects and recalls outlined above.

57.    GM had a duty to disclose that this vehicle was defective, unsafe, and unreliable.

58.    The aforementioned concealment was material because if it had been disclosed Plaintiff he would not have bought the subject vehicle at the same price, or would not have bought it at all.

59.    The aforementioned representations were material because they were facts that would typically be relied upon by a person purchasing a new motor vehicle. GM knew or recklessly disregarded that its representations as to the subject vehicle were false. GM intentionally made the false statements in order to sell this vehicle.

60.    Plaintiff relied upon GM's reputation and its failure to disclose the ignition mechanism problems and other defect in purchasing the subject vehicle.

61.    As a result of their reliance, Plaintiff has been injured in an amount to be proven at trial, including, but not limited to, lost benefit of the bargain and overpayment at the time of purchase and/or the diminished value of their vehicle.

62.    GM's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff. Plaintiff is therefore entitled to damages.

## COUNT VI – UNJUST ENRICHMENT

63.    Plaintiff alleges all preceding allegations as if fully set forth herein.

64.    Plaintiff paid the value of a vehicle that is not defective, would not be compromised by the need for repairs, and could be safely operated, but instead was provided with a vehicle that is defective, needed/needs repairs, and cannot be safely operated.

65.    Accordingly, Plaintiff conferred a windfall upon GM, which knew of the windfall and has unjustly retained such benefits.

66.    As a direct and proximate result of GM's unjust enrichment, Plaintiff has suffered and continues to suffer various damages, including, but not limited to, restitution of all amounts by which GM was enriched through its misconduct.

## DAMAGES

67.    Plaintiff seeks damages suffered as a result of GM's conduct, including but not limited to:

(i)   loss of use of the subject vehicle;

(ii)  reimbursement of out of pocket costs for, among other things, alternative transportation, repair costs and attorney fees and costs;

(iii) diminution in value of the subject vehicle; and

(iv)  future damages including but not limited to rental vehicle fees, and costs to cover the contract in the event General Motors or any Court requires GM or Plaintiff to "park" the subject vehicle causing it to become useless for purposes of transportation.

68.    Plaintiff also seeks relief, including:

(i) repairs to remove the dangerous condition;

(ii) an extension of warranty coverage covering components of the ignition system;

WHEREFORE, Plaintiff respectfully request that the Court enter an Order:

A.    Awarding damages under the common law and statutory theories alleged herein, including compensatory and consequential damages as set forth above, and any other damages provided under the law, in an amount over $10,000.00 and less than $25,000.00 including;

B.    Ordering relief as set forth above;

C.    Awarding attorneys' fees and litigation costs; and

D.    Awarding any other legal or equitable relief as justice so requires.

## Demand For Jury Trial

Plaintiff hereby demand a trial.

Respectfully submitted,

By: _____

ADAM S. ALEXANDER (P53584)
Attorney for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI 48075
(248) 246-6353

July 9, 2014

11

  

U.S. POSTAGE
PAID
ROYAL OAK, MI
48068
JUL 31, 14
AMOUNT
$7.61

1000    48823    00028332-08

Alexander Law Firm
17200 Ten Mile Rd., Ste. 200
Southfield, MI 48075



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

7013 3020 0000 2231 6682

RETURN RECEIPT
REQUESTED

**CERTIFIED-RETURN RECEIPT REQUESTED**
General Motors LLC
601 Abbot Road
East Lansing, MI 48823