KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                  :
                                                            :
                         Debtors.                   :    (Jointly Administered)
------------------------------------------------------------x

### NOTICE OF FILING OF SUPPLEMENT TO SCHEDULE "2" TO THE MOTION OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION (MONETARY RELIEF ACTIONS, OTHER THAN IGNITION SWITCH ACTIONS)

**PLEASE TAKE NOTICE** that on September 18, 2014, General Motors LLC filed the attached *Supplement to Schedule "2" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)* (the "**Motion to Enforce**") with the United States Bankruptcy Court for the Southern District of New York.

Dated: New York, New York
September 18, 2014

Respectfully submitted,

/s/ Scott I. Davidson
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

## SUPPLEMENT[1] TO SCHEDULE "2"

## SAMPLE ALLEGATIONS/CAUSES OF ACTION
## IN MONETARY RELIEF COMPLAINTS FILED AGAINST NEW GM NOT
## CONTAINED IN SCHEDULE "2" to MOTION TO ENFORCE[2]

| **Lead Plaintiff** | **Allegations** |
|---|---|
| Precht | "This is a class action lawsuit brought by Plaintiff on behalf of herself and a class of current and former Chevrolet Traverse vehicle owners and lessees with defective airbag systems including model years ("MY") 2010-2013 Chevrolet Traverse vehicles (the "Class Vehicles" or "Vehicles") . . . ." Compl., ¶ 1.
Certain of the MY 2010 Chevrolet Traverse vehicles were manufactured prior to the closing of the sale of substantially all of Old GM's assets to New GM and, thus any claims regarding such vehicles are Retained Liabilities and not Assumed Liabilities (each as defined in the Sale Agreement).[3]
"GM has historically refused to take any action to correct this concealed design defect when it manifests in vehicles outside the warranty period." Compl, ¶ 7.
"Had Plaintiff and other Class members known about the Airbag Defect at the time of purchase or lease, they would not have bought or leased the Class Vehicles, or would have paid substantially less for them." Compl., ¶ 10.
Class questions are: (i) "whether the airbag systems in Class Vehicles contain a design defect" (Compl., ¶ 35(b)); and (ii) "whether the defective vehicle design is common to all or some of the Class Vehicle." Compl, ¶ 35(c).
"Based on the facts alleged herein, any durational limitation to the warranties that would otherwise bar the Magnuson-Moss Federal Warranty Act claims in this Count, whether premised upon express or implied warranty, is procedurally and substantively unconscionable under federal law and the applicable state common law." Compl., ¶ 50.
Count II is based on "breach of express warranty." |

---

[1] This schedule supplements Schedule "2" [Dkt. No. 12808-2] filed with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)* on August 1, 2014 [Dkt. No. 12808].

[2] Due to space limitations and the ever increasing number of Ignition Switch Actions, this chart contains only a *sample* of statements, allegations and/or causes of action contained in certain complaints filed in the Economic Loss Actions. This chart does *not* contain *all* statements, allegations and/or causes of action that New GM believes violates the provisions of the Court's Sale Order and Injunction and the MSPA.

[3] To the extent the Precht Action concerns vehicles that were manufactured solely by New GM, and does not concern any allegedly defective parts manufactured by Old GM or concern Old GM conduct, those portions of the Precht Action are not implicated by the Motion to Enforce. Counsel for New GM contacted counsel for the plaintiff to determine if the Precht Action relates solely to New GM vehicles, or concerns both Old GM and New GM vehicles. Counsel for the plaintiff declined to answer the question, thus necessitating the filing of this Supplement.

|  | "The time limits contained in Defendant's warranty period were also unconscionable and inadequate to protect Plaintiff and members of the Class." Compl., ¶ 57.<br><br>Count III is based on "breach of state implied warranties."<br><br>"The inherent design and/or manufacturing defect in the Class Vehicles existed when the Class Vehicles left Defendant's possession and rendered the Class Vehicles unfit for their intended use and purpose." Compl., ¶ 65.<br><br>"Based on the facts alleged herein, any durational limitation to the express or implied warranties that would otherwise bar the warranty claims in this Count is procedurally and substantively unconscionable." Compl., ¶ 67.<br><br>"At all times, the risk of premature failure and potential danger was known or knowable by Defendant, in light of the generally recognized and prevailing knowledge available at the time of manufacture and design, as described herein." Compl., ¶ 77.<br><br>"GM did not perform adequate testing on the Class Vehicles, which were defectively designed, formulated, tested, manufactured, inspected, distributed, marketed, supplied and/or sold to Plaintiff and the Class." Compl., ¶ 83. |