**Hearing Date and Time:  Only If Advised By The Court**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                            :    Chapter 11
                                                 :
MOTORS LIQUIDATION COMPANY, *et al.*,            :    Case No.:  09-50026 (REG)
        f/k/a General Motors Corp., *et al.*     :
                                                 :
                        Debtors.                 :    (Jointly Administered)
                                                 :
------------------------------------------------------------x

**OMNIBUS RESPONSE BY GENERAL MOTORS LLC TO (I) PLAINTIFFS'
MOTION FOR AN ORDER OF ABSTENTION, AND (II) PLAINTIFFS' MOTION
TO ALTER OR AMEND THIS COURT'S AUGUST 12, 2014, ORDER PURSUANT
TO FRBP RULES 9023, 9024, AND 7052, AND FOR CLARIFYING ORDER**

23902733v3

## **TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** ...................................................................................................1

**RESPONSE** ..................................................................................................................................3

    **I.**    **The Court Has Already Exercised Jurisdiction Over the Elliott Ignition Switch Action and, Thus, Any Relief Requested in the Abstention Motion Should Be Denied** ..................................................................3

    **II.**   **The Relief Request in the Motion to Amend is Either Not Needed or Inappropriate and, Thus, Any Relief Requested in the Motion to Amend Should be Denied** ......................................................................................5

        **A.**   **The Elliott No Stay Pleading Order Did Not Finally Resolve the Motion to Enforce** ................................................................................5

        **B.**   **As New GM is Seeking to Enforce a Preexisting Injunction, and Not Obtain a New Injunction, the Motion to Enforce was Procedurally Proper** ........................................................................................7

        **C.**   **The Elliott Plaintiffs Cannot Rely on Their Own Wrongful Conduct to Fabricate a Purported Due Process Violation** .....................8

## **TABLE OF AUTHORITIES**

**Cases**            **Page(s)**

*Celotex Corp. v. Edwards*,
 514 U.S. 300 (1995) .......................................................................................................... 7

*In re Ritchie Risk-Linked Strategies Trading (Ireland), Ltd*,
 471 B.R. 331 (Bankr. S.D.N.Y. 2012)T ............................................................................ 8

*In re WorldCorp., Inc.*,
 252 B.R. 890 (Bankr. D. Del 2000) ................................................................................... 8

*Trusky v. General Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803,
 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013) ................................................. 2, 3, 4

**Statutes and Rules**

Rule 8002(b) of the Federal Rules of Bankruptcy Procedure ........................................................ 1

General Motors LLC (**"New GM"**), by its undersigned counsel, submits this omnibus response ("**Response**") to (i) *Plaintiffs' Motion For An Order Of Abstention*, dated August 25, 2014 [Dkt. No. 12872] ("**Abstention Motion**"), and (ii) *Plaintiffs' Motion To Alter Or Amend This Court's August 12, 2014, Order Pursuant To FRBP Rules 9023, 9024, And 7052, And For Clarifying Order*, dated August 25, 2014 [Dkt. No. 12871] ("**Motion to Amend**," and with the Abstention Motion, the "**Elliott Motions**"), each filed by the Plaintiffs ("**Elliott Plaintiffs**") in the Ignition Switch Action[1] filed by Lawrence and Celestine Elliott ("**Elliott Ignition Switch Action**"). In support of this Response, New GM respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Elliot Motions[2] are the latest in a string of vexatious pleadings which belatedly attack this Court's jurisdiction over the Elliott Ignition Switch Action, and the well-formed, appropriate procedures established by this Court to address the issues raised in New GM's Motion to Enforce.

2. Some of the arguments raised in the Elliott Motions could have been raised in the Elliott Plaintiffs' previously-filed No Stay Pleading (and were not), and are, in any event, improper. The other arguments raise nothing new, and seek relief that has already been properly rejected by the Court.

3. Specifically, with respect to the Abstention Motion, this Court has already (i) found that it has subject matter jurisdiction over the Motion to Enforce and the Ignition Switch Actions, including the Elliott Ignition Switch Action, and (ii) established procedures to address the issues raised in the Motion to Enforce. The one case the Elliott Plaintiffs rely on –

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Motion to Enforce**"), dated April 21, 2014 [Dkt. No. 12620].

[2] According to Bankruptcy Rule 8002(b), once the Motion to Amend was filed, it nullified the Elliott Plaintiffs' Notice of Appeal with respect to the Court's August 12, 2014 order ("**Elliott No Stay Pleading Order**").

1

this Court's *Trusky* decision – actually supports the denial of the Abstention Motion as the Court in that case expressly construed the Sale Order and Injunction, and granted New GM affirmative relief barring various claims from being asserted against it. Thus, the Elliott Plaintiffs' arguments regarding abstention are simply too late and, in any event, erroneous.

4. The arguments raised in the Motion to Amend are similarly futile. *First*, the Motion to Amend is based on a misreading of the Elliott No Stay Pleading Order, as that Order did not finally resolve the issues raised in the Motion to Enforce; rather, it stayed the Elliott Plaintiffs from further prosecuting the Elliott Ignition Switch Action pending the resolution of the Motion to Enforce. *Second*, the Motion to Amend misconstrues the relief requested in the Motion to Enforce as New GM, by that Motion, is seeking to enforce the preexisting injunction contained in the Sale Order and Injunction, and not to obtain a new injunction against the Elliott Plaintiffs (or any other group of Plaintiffs). Proceeding by motion so that the Court could enforce its already entered injunction was entirely appropriate. *Third*, the Elliott Plaintiffs seek to take advantage of their own wrongful conduct to concoct an alleged due process violation on behalf of the other named plaintiff in the Elliott Ignition Switch Action, Berenice Summerville.[3] Ms. Summerville is only a party herein because the Elliott Plaintiffs willfully violated this Court's Order, dated July 8, 2014 ("**Elliott Stay Order**"),[4] which directed the Elliott Plaintiffs to withdraw their motion to amend their complaint that, among other things, sought to add Ms. Summerville as a named plaintiff. Counsel for Ms. Summerville (who is the same as counsel for the Elliott Plaintiffs) was well aware of the Motion to Enforce and the relief requested therein, prior to seeking to add Ms. Summerville as a named plaintiff. Once Ms. Summerville was added

---

[3] Both the Elliott Plaintiffs' vehicles and Ms. Summerville's vehicle have been repaired by New GM.
[4] The full title of the Elliott Stay Order is *Order Staying And Restraining Lawrence And Celestine Elliott, And Their Counsel, From Further Proceeding With Their Ignition Switch Action, Except As Expressly Set Forth Herein* [Dkt. No. 12763].

2

23902733v3

to the Elliott Ignition Switch Action (albeit in violation of this Court's Order), she became bound by any ruling with respect to such Action. Any arguments to the contrary by her own counsel (who violated this Court's Order) are specious.

## **RESPONSE**

### I. **The Court Has Already Exercised Jurisdiction Over the Elliott Ignition Switch Action and, Thus, Any Relief Requested in the Abstention Motion Should Be Denied**

5. This Court, in its Written Decision, dated August 6, 2014 ("**Written Decision**"), denying the relief sought in the Elliott No Stay Pleading, has already found that it has subject matter jurisdiction over the Elliott Ignition Switch Action, and that it will exercise that jurisdiction with respect to its determination of the Four Threshold Issues (as defined in this Court's Supplemental Scheduling Order, dated July 11, 2014) and other bankruptcy-related issues that arise pursuant to the Motion to Enforce. Specifically, this Court found as follows:

> Nor is it an answer for the Elliott Plaintiffs' to premise jurisdictional arguments on the conclusion they ultimately want me to reach—that upon construction of the Sale Order and the Sale Agreement, their claims would be permissible under each. That assumes the fact to be decided, in the proceedings the Elliott Plaintiffs wish to sidestep. *Their argument conflates the conclusion I might reach after analysis of matters before me—that certain claims ultimately might not be covered by the Sale Order—with my jurisdiction to decide whether or not they are*.

Written Decision, p. 7 (emphasis added).

6. In addition, the Court also referenced the *Trusky* decision[5]—the only case relied on by the Elliott Plaintiffs in the Abstention Motion—in the Written Decision, finding that it could exercise jurisdiction to adjudicate certain issues, and then abstain from others:

> I considered a similar issue in GM-Trusky, where I exercised my "arising in" jurisdiction to construe the very same Sale Order that we have here, and then abstained with respect to the remainder of the controversy, sending it to the Eastern District of Michigan. *See* 2013 Bankr. LEXIS 620, at *33, 2013 WL

---

[5] *Trusky v. General Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013).

3

23902733v3

> 620281, at *11. Exercising jurisdiction to adjudicate issues (and hold other matters in abeyance pending that adjudication) does not preordain the latter's outcome.

Written Decision, p. 7 n.23.

7. While the Elliott Plaintiffs focus on that portion of the *Trusky* decision that discussed the Court abstaining from resolving certain discrete issues, they conveniently ignore this Court's ruling that it did not abstain from the entire *Trusky* controversy but, "[o]n the merits, [ruled] on aspects of the controversy that involved the construction of the Sale Order, and the Sale Agreement that I approved . . . ." *Trusky*, 2013 WL 620281, at *2. The Court held, "as a jurisdictional and jurisprudential matter, that I should construe my Sale Order (and, to the extent necessary to do that, the Sale Agreement), implement the intent I had at the time, and then abstain and send the remainder of the controversy back to the Eastern District of Michigan." *Id.* at *1.

8. The Court went on to rule that various claims raised by the *Trusky* plaintiffs could not be asserted against New GM (*i.e.*, claims based on design defects, claims based on Old GM's conduct, claims for monetary damages or other economic loss under the terms of the Glove Box Warranty, *etc*.). *Id*. at *2. Thereafter, **at New GM's request** (*i.e.*, **not** the Trusky plaintiffs' request), the Court abstained from the remainder of the controversy, which New GM asserted was a "garden-variety breach of warranty action" because certain of the Glove Box Warranties may not have expired at the time of the *Trusky* decision. *Id.* at *9.

9. Here, New GM has asked the Court, just like in *Trusky*, to construe the Sale Order and Injunction, and enforce it against the Plaintiffs, including the Elliott Plaintiffs, to the extent Plaintiffs are asserting claims against New GM that are barred by the Sale Order and Injunction. To the extent claims against New GM remain after the Court resolves those issues, the Court may appropriately abstain from resolving those claims at that time. But, just as in *Trusky*, the

4

23902733v3

Court must have the opportunity to review the claims asserted against New GM, and decide which are barred by the Sale Order and Injunction, and which, if any, are not. This is precisely the procedures being followed by the Court at this time in connection with the Motion to Enforce.

10. Accordingly, as this Court has already exercised jurisdiction over the Motion to Enforce and the Elliott Ignition Switch Action, and has determined that it will address the issues raised by New GM, any relief requested in the Abstention Motion has already been dealt with and, thus, should be denied.

## II. The Relief Request in the Motion to Amend is Either Not Needed or Inappropriate and, Thus, Any Relief Requested in the Motion to Amend Should be Denied

11. In their Motion to Amend, the Elliott Plaintiffs either misconstrue the Elliott No Stay Pleading Order, seek to relitigate issues already addressed and ruled on by the Court, or seek to derive an unfair advantage from their improperly filed amended complaint. Thus, all of the relief requested in the Motion to Amend should be denied.

### A. The Elliott No Stay Pleading Order Did Not Finally Resolve the Motion to Enforce

12. Contrary to the Elliott Plaintiffs' contentions, the Elliott No Stay Pleading Order did not grant or deny the relief requested in the Motion to Enforce. The sum and substance of the Elliott No Stay Pleading Order is as follows:

> **ORDERED** that the relief requested in the Elliott Pleading is denied in its entirety for the reasons set forth in the Decision; and it is further
>
> **ORDERED** that the Elliott Plaintiffs' claims will be treated the same as those in the other Ignition Switch Actions. The stay already imposed by the injunctive provisions of Paragraphs 8 and 47 of the Sale Order and Injunction (and that the Court may also impose by preliminary injunction) will remain in place insofar as it affects the Elliott Plaintiffs' amended complaint—subject to the right, shared by all of the other Plaintiffs in the Ignition Switch Actions, to ask that the Court revisit the issue after September 1[.]

5

23902733v3

13. In the Written Decision, the Court found that it had subject matter jurisdiction over the Elliott Ignition Switch Action, and that the "Elliott Plaintiffs' claims will be treated the same as those in all of the other Ignition Switch Actions," as the "threshold applicability of the Sale Order—and its injunctive provisions—has been established in the first instance." Written Decision, p. 9. The Court went on to say that it would "not allow the Elliott Plaintiffs to go it alone. The Elliott Plaintiffs' claims can be satisfactorily addressed—and will have to be addressed—as part of the coordinated proceedings otherwise pending before me." *Id.*

14. As the Elliott Plaintiff acknowledge (*see* Motion to Amend, p. 3 n.3), the Court in its Written Decision specifically stated that, "[t]o the extent that Designated Counsel do not satisfactorily present arguments by the Elliott Plaintiffs and others that claims the latter wish to assert are not forbidden by the Sale Order, the Elliott Plaintiffs will be free to do so—but only pursuant to the orderly procedures that will apply to everyone." Written Decision, p. 7 n.23. While the Elliott Plaintiffs continue to "oppose this way of proceeding as inefficient and imposing an unwarranted delay" (Motion to Amend, p. 2 n.3), the simple fact is this Court has already found that the Elliott Plaintiffs' concerns will be dealt with, but that the Court will do so for all Plaintiffs in an orderly way. *See* Written Decision, p. 9.

15. The Court has established a briefing schedule for the Four Threshold Issues. As set forth in the Court's Endorsed Order, dated August 22, 2014 [Dkt. No. 12869],

> As previously agreed, Designated Counsel, to the extent reasonably practicable, shall consult and coordinate with other counsel who have filed a notice of appearance on behalf of any Plaintiff(s) and solicit input and/or comments to Designated **Counsel's** proposed response to the New GM Opening Brief and proposed response to the Unitholder/GUC Trust Opening Brief (including providing counsel drafts of Designated Counsel's briefs no less than ten days prior to their submission deadline as set forth above).

To the extent the Elliott Plaintiffs have arguments that are not duplicative of those raised by Designated Counsel after reviewing and conferring with Designated Counsel with respect to their

6

23902733v3

response to New GM's opening brief on the Threshold Issues, the Elliott Plaintiffs will be able to raise those concerns with this Court at that time.[6]

16. Moreover, in the Elliott No Stay Pleading, the Elliott Plaintiffs argued that the Elliott Ignition Switch Action should not be stayed because the claims asserted therein did not implicate the Sale Order and Injunction. New GM argued to the contrary. The Court correctly found that the Elliott Plaintiffs' amended complaint relied on Old GM conduct and, thus, the applicability of the Sale Order and Injunction "was established in the first instance." Written Decision, pp. 8-9. Thus, the provision in the Elliott No Stay Pleading Order—"[t]he stay already imposed by the injunctive provisions of Paragraphs 8 and 47 of the Sale Order and Injunction (and that the Court may also impose by preliminary injunction) will remain in place insofar as it affects the Elliott Plaintiffs' amended complaint . . ."—was entirely appropriate.[7]

**B.     As New GM is Seeking to Enforce a Preexisting Injunction, and Not Obtain a New Injunction, the Motion to Enforce was Procedurally Proper**

17. The Elliott Plaintiffs also misconstrue the relief requested in the Motion to Enforce. New GM is not seeking an injunction; it is seeking the enforcement of a previously obtained injunction that remains in effect. As stated in the Motion to Enforce, the United States Supreme Court in *Celotex Corp. v. Edwards* set forth the "well-established" rule that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" 514 U.S. 300, 306 (1995). It is for this reason that the Elliott Plaintiffs' arguments regarding the procedural mechanism chosen by New GM to seek relief in this Court is beside the point.

---

[6] Contrary to the Elliott Plaintiffs' assertions, they are not bound or limited by the arguments made by the *Groman* Plaintiffs in their adversary proceeding complaint, or in the Objection filed by the *Benton* Plaintiffs (as referenced in the Motion to Amend).

[7] The Elliott Plaintiffs' due process argument regarding notice of the Sale Hearing is one of the Four Threshold Issues and will be decided pursuant to the schedule previously approved by the Court. It is inappropriate to address such arguments at this time.

7

23902733v3

18. As counsel for the Elliott Plaintiffs by now well knows, it was the Elliott Plaintiffs who should have sought relief in this Court before filing the Elliott Ignition Switch Action; they did not do so.[8] Moreover, contrary to the Elliott Plaintiffs' unsupported argument, the relief requested by New GM was appropriately brought by way of motion; an adversary proceeding is not necessary to enforce a preexisting injunction. *See, e.g.*, *In re Ritchie Risk-Linked Strategies Trading (Ireland), Ltd*, 471 B.R. 331, 337 (Bankr. S.D.N.Y. 2012) ("As a threshold matter, contrary to [respondent] Bancorp's argument, the Motion need not have been brought as an adversary proceeding since U.S. Bank seeks only the enforcement of an injunction already in effect under this Court's existing Sale Order, not the issuance of a new injunction."); *In re WorldCorp., Inc.*, 252 B.R. 890, 895 (Bankr. D. Del 2000) ("an adversary proceeding is not necessary where the relief sought [against only one respondent] is the enforcement of an order previously obtained.").

19. Finally, this procedural issue was decided by the Court's May 16, 2014 Scheduling Order, which had the support of substantially all of the Plaintiffs, and was entered on proper notice to the Elliott Plaintiffs.

## C. The Elliott Plaintiffs Cannot Rely on Their Own Wrongful Conduct to Fabricate a Purported Due Process Violation

20. The Elliott Plaintiffs' argument regarding plaintiff Berenice Summerville is, in a word, outrageous. As the Court knows, the Elliott Plaintiffs initially commenced the Elliott Ignition Switch Action *pro se,* and executed a Stay Stipulation (as defined in the Scheduling

---

[8] The fact that the Elliott Ignition Switch Action also concerns purported claims not based on an ignition switch, but some other part, is of no moment. Any claim based on a vehicle or part manufactured by Old GM (whether an ignition switch or some other part) implicates the Sale Order and Injunction. It is thus incumbent on any plaintiff—including the Elliott Plaintiffs, Ms. Summerville, or some other plaintiff—to seek relief in this Court before filing any type of action against New GM. For the Elliott Plaintiffs (and their counsel) to feign "surprise" at this juncture of this contested proceeding (especially since they were on notice of New GM's other recently-filed motion to enforce with respect to non-ignition switch claims (*see* Motion to Amend, p. 7 n.6)), is disingenuous.

8

23902733v3

Order, dated May 16, 2014). It was not until the Elliott Plaintiffs retained counsel that they refused to abide by the terms of the Stay Stipulation and sought to amend their complaint to add Ms. Summerville as a newly named-plaintiff, and to convert their Action into a class action. This Court, in its Elliott Stay Order, required the Elliott Plaintiffs to withdraw their motion seeking authority to amend their complaint to add additional plaintiffs or proceed as a class action by July 10, 2014. The Elliott Plaintiffs refused to do so and the court overseeing the Elliott Ignition Switch Action, by order dated July 16, 2014 ("**Elliott District Court Order**") allowed the amended complaint to be filed.[9]

21.     Counsel for the Elliott Plaintiffs cannot now rely on their own willful refusal to obey the Elliott Stay Order, and argue that Ms. Summerville's due process rights were somehow violated. Ms. Summerville is only in this contested proceeding because of counsel's wrongful conduct. Moreover, counsel for the Elliott Plaintiffs, Ms. Summerville, and the purported class of plaintiffs they seek to represent, have been on notice of the Motion to Enforce and the relief requested therein for months, including at the time they filed their motion to amend the original Elliott complaint to include Ms. Summerville as a named plaintiff. There was thus absolutely no due process violation, and any argument to the contrary is simply frivolous.

22.     Moreover, this Court, in its Written Decision, specifically referenced Ms. Summerville's claims, and that she would be bound by the procedures established herein:

> It appears that the amended Elliotts' complaint includes the claims of an additional plaintiff, Berenice Summerville, who purchased a 2010 Chevy Cobalt in December 2009. (Am. Comp. ¶ 5.) Assuming that the facts bear this out, this additional plaintiff seemingly is in the same category as some of the Phaneuf Plaintiffs—those who purchased vehicles that conceivably could have been manufactured after the July 2009 363 Sale. ***For the avoidance of doubt, I am not***

---

[9] The court overseeing the Elliott Ignition Switch Action allowed the filing of the amended complaint, finding it "helpful to all concerned insofar as it would clarify the claims that the Elliotts are pressing before this Court." Elliott District Court Order, at 4. Nonetheless, that court stayed all further proceedings in the Elliott Ignition Switch Action "pending the outcome of the proceedings before the Bankruptcy Court and the JPML." *Id.*

9

23902733v3

> *going to put this additional plaintiff in a different category than the Phaneuf Plaintiffs, or Lawrence and Celestine Elliott, as discussed below*.

Written Decision, p. 8 n.24 (emphasis added). Thus, the Court reviewed the amended complaint, was aware of Ms. Summerville's purported claims, and found that she was no different from the Elliott Plaintiffs and another group of plaintiffs (*i.e.*, the Phaneuf Plaintiffs) who were similarly situated. Thus, the Elliott No Stay Pleading Order appropriately applies to the entire Elliott Ignition Switch Action, including any purported claims asserted by Ms. Summerville.

WHEREFORE, New GM respectfully requests that this Court (i) deny the relief requested in the Elliott Motions, and (ii) grant New GM such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
September 19, 2014

Respectfully submitted,

       /s/ Arthur Steinberg       
Arthur Steinberg  
Scott Davidson  
KING & SPALDING LLP  
1185 Avenue of the Americas  
New York, New York  10036  
Telephone:    (212) 556-2100  
Facsimile:    (212) 556-2222  

Richard C. Godfrey, P.C. (admitted *pro hac vice*)  
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)  
KIRKLAND & ELLIS LLP  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200  

*Attorneys for General Motors LLC*

10

23902733v3