```
 1  ALEJANDRO ALERS,JR., Esq., STATE BAR NO. 240532
    alalersjr@att.net
 2  611 North Park Avenue
    Inglewood, California 90302
 3  310-672-0369

 4
    Attorneys for Plaintiff,
 5  ALEJANDRO ALERS,SR.

 6

 7

 8
                  UNITED STATES BANKRUPTCY COURT
 9                SOUTHERN DISTRICT OF NEW YORK

10
    ALEJANDRO ALERS,SR.           CASE NO. 09-50026(REG)
11
           Plaintiff,             NO STAY PLEADING TO
12      vs.                       NOTICE OF FILING EIGHTH
                                  SUPPLEMENT TO SCHEDULE"1"
13  GENERAL MOTORS, LLC           TO THE MOTION TO ENFORCE
                                  THE COURT'S JULY 5, 2009
14         Defendant.             SALE ORDER AND
                                  INJUNCTION. IN RE MOTORS
15                                LIQUIDATION COMPANY, et
                                  al f/k/a/ GENERAL MOTORS
16                                CORP., et al.

17

18
19      1. In June 2009, Old GM filed Chapter 11
20  proceedings in the United States Bankruptcy Court for
21  the Southern District of New York. Through a
22  bankruptcy-approved sale process pursuant to Section
23  363 of the Bankruptcy Code, New GM acquired various of
24  Old GM's assets. New GM's purchase of Old GM's assets
25  closed on July 10, 2009. *DEFENDANT'S NOTICE OF REMOVAL*
26  *OF ACTION UNDER 28 U.S.C. SECTION 1441(A), CASE NO.*
27  *2:14-CV-7258, DOCUMENT#1, page 4, paragraph 7.*
28                                        NO STAY PLEADING
                                                         1
```

1   2. Plaintiff, Alejandro Alers,Sr., purchased a New
2   2010 Chevrolet Cobalt from New GM's authorized dealer,
3   S & J Chevrolet in Cerritos California on June 19,
4   2010.
5
6   3. Plaintiff, Alejandro Alers,Sr., filed a lawsuit
7   against New GM in California State Court, Case No.
8   VC064207 on August 11, 2014.
9
10  4. Defendant, New GM, filed for removal of the
11  state case to federal court, Case No. 2:14-cv-07258-
12  JVS-AN, September 17, 2014.
13
14  5. Defendant, New GM, filed a Notice to enforce
15  the Bankruptcy Court's July 5, 2009 Sale Order and
16  Injunction against the Plaintiff's court action.
17
18  6. This Pleading is in opposition to enforce the
19  Sale Order and Injunction against the Plaintiff's court
20  action against Defendant, New GM.
21
22  **BANKRUPTCY COURT HAS NO JURISDICTION OVER PLAINTIFF'S**
23  **ACTION AGAINST THE DEFENDANT, NEW GM.**
24
25  7. The Bankruptcy Sale Order closed on July 10,
26  2009. New GM assumed control over the assets and
27  liabilities that existed after that date. The Plaintiff
28                                          NO STAY PLEADING
                                                         2

was not a creditor during the Bankruptcy proceedings. The Plaintiff did not purchase the Chevrolet Cobalt until June 19, 2010, approximately eleven months after the Sale close date. Bankruptcy proceedings was designed to give an honest but unfortunate debtor a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. <u>Local Loan Co. v. Hunt</u>, 292 U.S. 234, 244(1934). The Plaintiff was not a pre-existing creditor, and the debt/ debt claim did not exist at the time the bankruptcy petition was filed by Old GM. In addition, the 2010 Chevrolet Cobalt was manufactured by New GM in 2010, all parts, including the ignition switch were produced in 2010 according to the Defendant, New GM. *DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, CASE NO. 2:14-CV-07258-JVS-ANx, page 2, paragraphs 1 & 2.* (Attached as Exhibit A).

8. The Plaintiff was not permitted to participate in the Bankruptcy proceedings of Old GM. The Bankruptcy Court did not provide the Plaintiff with a copy of the Discharge Plan that Old GM had filed with the Bankruptcy Court. Second, the Plaintiff was not given the opportunity to participate in the Section 341 Meeting to permit the Plaintiff, as a creditor, to question Old GM about the debts that Old GM had plan to discharge or pay. Third, the Bankruptcy Court failed to

provide the Plaintiff with a copy of the final order of discharge that informs creditors which debts have been discharged. Fourth, because of Old GM and New GM's failure to disclose the defective ignition switch problems to the public and to the Plaintiff, Plaintiff was denied the right to object to the dischargeability of Old GM's debts by New GM under section 532(a)(2). These denials of opportunities to participate in the Bankruptcy proceedings violate the Plaintiff's rights of Due Process to appear and be heard under the Fifth Amendment of the United States Constitution. Now, the Bankruptcy Court wants to enforce a Sale order and Injunction against the Plaintiff who did not have the opportunity to participate in the Bankruptcy proceeding as a creditor.

## THERE IS NO COMMON QUESTION OF LAW OR FACT IN PLAINTIFF'S ACTION

9. Plaintiff's action failed to have the recall condition("Ignition Switch Recall Condition"). *DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, page 2, paragraph 1, lines 7-14.* The Defendant has separated the Plaintiff's lawsuit from other lawsuits. In addition, there were over 100 different lawsuits filed that have over 100 different factual settings, therefore eliminated the common question of fact.

NO STAY PLEADING

4

10. The Plaintiff filed the lawsuit in California State Court based on California State laws for breach of contract, breach of warranty, fraud based on concealment, rescission and damages. There were over 100 lawsuits against the Defendant from different states which utilized different laws to support the different causes of action, therefore there was no common question of law.

**NEW YORK IS AN INCONVENIENT FORUM TO LITIGATE**

11. Plaintiff purchased the 2010 Chevrolet Cobalt in Cerritos California. The contract was formed in Cerritos California. The breach of the contract and breach of warranty, fraud, rescission and damages occurred in Cerritos California. Any witnesses to the contract, likely S & J Chevrolet, are located in Cerritos California. The Plaintiff is a resident of Los Angeles, nearby to Cerritos California. The Defendant has hired a Los Angeles Law Firm to represent the Defendant in Los Angeles. The most convenient venue for litigation is Los Angeles California.

**ENFORCEMENT OF THIS SALE ORDER AND INJUNCTION WILL INTERFERE WITH THE PROGRESSION AND INTERNAL ORDERS OF MDL NO. 2543 AND CASE NO. 2:14-CV-07258.**

12. This bankruptcy proceedings has closed against the Old GM. The Plaintiff has filed a new lawsuit against New GM subsequent to the closing sale date of the bankruptcy proceeding. The Sale Order and Injunction will hinder the progression of this present lawsuit under MDL NO. 2543 and its internal orders as well as the present lawsuit in California-2:14-cv-07258 and its internal orders.

13. Plaintiff prays for the reasons stated above that the Bankruptcy Court grants the No Stay Pleading in Plaintiff's favor, and permit the Plaintiff to continue the lawsuit against New GM without any restrictions.

DATED: October 6, 2014

By: _____
ALEJANDRO ALERS, JR., Esq.
Attorney for Plaintiff,
ALEJANDRO ALERS, SR.