Darin T. Beffa (SBN 248768)
Email:  darin.beffa@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street, Suite 2900
Los Angeles, California  90071
Telephone:  (213) 680-8400
Facsimile (213) 680-8500

Attorneys for Defendant
GENERAL MOTORS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALERS, SR.,<br><br>    Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | Case No. 2:14-cv-07258-JVS (ANx)<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant General Motors LLC ("GM LLC") responds to plaintiff's complaint as follows:

## JURISDICTION

1. GM LLC lacks knowledge or information sufficient to form a belief about the truth of plaintiff's allegation as to where plaintiff resides, or the actions of BBB Auto Line. GM LLC admits that it does business within the State of California and Los Angeles County. Based on information and documents obtained, GM LLC denies that plaintiff's vehicle, a 2010 Chevrolet Cobalt, had the recall condition as described in the letters that it submitted to the National Highway Traffic Safety Administration ("NHTSA") dated March 27, 2014 and April 11, 2014, GM Recall No. 14092, made pursuant to 49 C.F.R. 573.6 ("Ignition Switch Recall Condition"), and therefore denies liability. GM LLC denies that it sold the subject vehicle to plaintiff and denies that there is a contract of sale between it and plaintiff. GM LLC denies the remaining allegations in Paragraph 1 of the Complaint.

## BACKGROUND FACTS

2. GM LLC admits that, since July 10, 2009, it designs in part, manufactures in part, markets and distributes motor vehicles to independent authorized dealers, including to Penske Chevrolet of Cerritos, formerly known as S&J Chevrolet, Inc., for ultimate sale to retail consumers. GM LLC admits that General Motors Corporation developed, designed and manufactured in part, the Saturn Ion vehicle, a compact car, which was introduced in calendar year 2002 for the 2003 model year, and was discontinued after the 2007 model year. GM LLC further admits that General Motors Corporation developed, designed and manufactured in part, the Chevrolet Cobalt vehicle, which was introduced as a new vehicle in the 2004 calendar year for the 2005 model year. GM LLC admits it ended production of the Cobalt in model year 2010. GM LLC admits that it submitted to NHTSA the following information in the form of a letter dated February 7, 2014 pursuant to 49 C.F.R. 573.6, pertaining to the recall of 619,122 2005-2007 model year Chevrolet Cobalt and 2007

Pontiac G5 vehicles, as follows:

> 573.6(c)(5): General Motors has decided that a defect, which relates to motor vehicle safety, exists in 2005-2007 model year Chevrolet Cobalt and 2007 Pontiac G5 vehicles. The ignition switch torque performance may not meet General Motors' specification. If the torque performance is not to specification, and the key ring is carrying added weight or the vehicle goes off road or experiences some other jarring event, the ignition switch may inadvertently be moved out of the "run" position. The timing of the key movement out of the "run" position, relative to the activation of the sensing algorithm of the crash event, may result in the airbags not deploying, increasing the potential for occupant injury in certain kinds of crashes.
>
> Until this correction is performed, customers should remove non-essential items from their key ring.

GM LLC further admits it sent a letter to NHTSA dated February 25, 2014, as permitted by the provisions of 49 C.F.R. § 573.6(b), and pursuant to the requirements of 49 C.F.R. § 573.6(c)(5), stating that "a defect [exists] which relates to motor vehicle safety . . . in 2006-2007 MY Chevrolet HHR and Pontiac Solstice, 2003-2007 MY Saturn Ion, and 2007 MY Saturn Sky vehicles." GM LLC admits the February 25, 2014 correspondence to NHTSA covers 748,024 vehicles. GM LLC admits on March 27, 2014, it sent a letter to NHTSA pursuant to the requirements of 49 C.F.R. § 573.6, and subsequently submitted an amended letter on March 28, 2014. The March 28, 2014 letter to NHTSA provided as follows:

> 573.6(c)(2)(iii)(5): General Motors has decided that a defect which relates to motor vehicle safety exists in GM Parts and ACDelco Ignition & Start Switch service part number 10392423, and the following Ignition & Start Switch Housing Kits that contain or may contain part number 10392423: GM Parts and ACDelco service part numbers 10392737, 15857948, 15854953, 15896640, and 25846762. GM records indicate these service parts may have been installed during repairs in some 2008-2010 MY Chevrolet Cobalt, 2008-2011 MY Chevrolet HHR, 2008-2010 MY Pontiac Solstice, 2008-2010 MY Pontiac G5, and 2008-2010 MY Saturn Sky vehicles.

1   GM LLC admits that Delphi Packard Electrical/Electronic Architecture was identified
2   as a supplier pursuant to 49 C.F.R. §§ 573.6(c)(1) and 573.6(c)(2)(iv) in the letters to
3   NHTSA described above. GM LLC admits that Delphi prepared Analysis/
4   Development/ Validation Plan Reports dated January 10, 2002 and May 21, 2002,
5   which documented the results of component-level validation tests required by General
6   Motors Corporation's component technical specifications. These tests included a test
7   to determine whether the torque required to rotate the switch from Run to Accessory
8   complied with the specifications. According to these Analysis/ Development/
9   Validation Plan Reports, certain of the ignition switches tested had a torque
10  measurement that fell below the specifications' minimum requirement. GM LLC
11  admits that an attachment to General Motors Corporation Problem Resolution
12  Tracking System Inquiry ("PRTS") report N172404 states that the "cost estimate to
13  change the vehicle key for the Cobalt only" would be $70,000 for tooling for a new
14  key head, $400,000 to modify production assembly equipment, and a piece price
15  increase of $0.50 per vehicle. GM LLC denies the remaining allegations in Paragraph
16  2 of the Complaint.
17          3.      GM LLC incorporates by reference its admissions and averments as
18  provided in Paragraph 2 above. GM admits that when the ignition switch moves out
19  of the "run" position and into the "accessory" or "off" positions, the engine, power
20  steering assist, and Anti-lock Brake System are turned off. However, power steering
21  assist and power assist braking would not be lost immediately. GM further admits
22  that if the Cobalt loses power steering and power assist braking, the car would still
23  have operational manual steering and base brakes. GM LLC admits that its letter to
24  NHTSA dated March 11, 2014, sent pursuant to 49 C.F.R. 573.6, pertaining to the
25  recall of 748,024 2006-2007 model year Chevrolet HHR and Pontiac Solstice, 2003-
26  2007 model year Saturn Ion, and 2007 model year Saturn Sky vehicles, provides that,
27  based on the data and information collected, reviewed, and analyzed by GM LLC as
28  of that date, GM LLC had identified eight frontal-impact crashes in the United States

involving 2003 to 2007 Saturn Ion vehicles in which the Ignition Switch Recall Condition may have caused or contributed to the airbags' non-deployment. GM LLC admits that the March 11 letter provides that of these eight crashes, GM LLC had identified four involving the Saturn Ion that resulted in four fatalities (all of which involved the 2004 model year vehicles). GM LLC admits that its letter to NHTSA dated February 24, 2014, sent pursuant to 49 C.F.R. 573.6, pertaining to the recall of 619,122 2005-2007 model year Chevrolet Cobalt and 2007 model year Pontiac G5 vehicles, provides that, based on the data and information collected, reviewed, and analyzed as of that date, GM LLC had identified 23 frontal-impact crashes involving the 2005 to 2007 Chevrolet Cobalts and 2007 Pontiac G5s in which the Ignition Switch Recall Condition may have caused or contributed to the airbags' non-deployment. GM LLC admits that the February 24 letter provides that of these 23 crashes, GM LLC had identified six that resulted in eight fatalities of frontal occupants. Except as admitted, GM LLC denies the allegations of Paragraph 3 of the Complaint.

4. GM LLC incorporates by reference its admissions and averments as provided in Paragraph 2 above. Except as admitted, GM LLC denies the allegations of Paragraph 4 of the Complaint.

5. GM LLC incorporates by reference its admissions and averments as provided in Paragraphs 2 and 3 above. GM LLC lacks knowledge or information sufficient to form a belief about the truth of plaintiff's allegation that NHTSA claimed there was not enough evidence to indicate a defect trend. Except as admitted, GM LLC denies the allegations of Paragraph 5.

6. GM LLC incorporates by reference its admissions and averments as provided in Paragraph 2 above. GM LLC admits that Exhibit A to plaintiff's complaint is a true and correct copy of the notice letter it sent Alejandro Alers in April 2014 related to the Ignition Switch Recall of his 2010 Chevrolet Cobalt described in Paragraph 2 above. Except as admitted, GM LLC denies the allegations of Paragraph

1  6.

2  7.     GM LLC admits that on May 16, 2014, it entered into a consent order
3  with NHTSA to resolve claims associated with NHTSA's Timeliness Query TQ14-
4  001. GM LLC admits that as part of this consent order, GM LLC agreed to pay
5  NHTSA a $35 million civil penalty. Except as admitted, GM LLC denies the
6  allegations of Paragraph 7.

7  **FIRST CAUSE OF ACTION**

8  8.     GM LLC repeats its responses to Paragraphs 1–7 as if fully set forth
9  herein.

10  9.    The allegations contained in Paragraph 9 of the Complaint constitute
11  conclusions of law to which no response is required. To the extent a response is
12  required, GM LLC denies that it sold the subject vehicle to plaintiff and denies that
13  there is a contract of sale between it and plaintiff. GM LLC further denies that
14  plaintiff may recover damages for breach of contract from GM LLC. GM LLC denies
15  the other allegations of Paragraph 9 of the Complaint.

16  10.   The allegations contained in Paragraph 10 of the Complaint constitute
17  conclusions of law to which no response is required. To the extent a response is
18  required, GM LLC incorporates by reference its admissions and averments as
19  provided in Paragraph 9 above. GM LLC lacks knowledge or information sufficient
20  to form a belief about the truth of plaintiff's allegations concerning his purchase of a
21  vehicle from S&J Chevrolet, Inc. GM LLC denies the other allegations of Paragraph
22  10 of the Complaint.

23  11.   The allegations contained in Paragraph 11 of the Complaint constitute
24  conclusions of law to which no response is required. To the extent a response is
25  required, GM LLC incorporates by reference its admissions and averments as
26  provided in Paragraph 9 above. GM LLC lacks knowledge or information sufficient
27  to form a belief about the truth of plaintiff's remaining allegations in Paragraph 11.
28

1 GM LLC denies the other allegations of Paragraph 11 of the Complaint, and therefore
2 denies same.
3     12.    The allegations contained in Paragraph 12 of the Complaint constitute
4 conclusions of law to which no response is required. To the extent a response is
5 required, GM LLC incorporates by reference its admissions and averments as
6 provided in Paragraph 9 above. GM LLC denies the other allegations of Paragraph 12
7 of the Complaint.
8     13.    The allegations contained in Paragraph 13 of the Complaint constitute
9 conclusions of law to which no response is required. To the extent a response is
10 required, GM LLC incorporates by reference its admissions and averments as
11 provided in Paragraphs 2 and 9 above. GM LLC admits that the document attached
12 as Exhibit D to plaintiff's complaint provides:

> GM is committed to assuring satisfaction with your new vehicle. Your dealer also wants you to be completely satisfied and invites you to return for all your service needs both during and after the warranty period.

16 Based on information and documents obtained, GM LLC denies plaintiff's vehicle, a
17 2010 Chevrolet Cobalt, had the Ignition Switch Recall Condition, and demands strict
18 proof thereof. Except as admitted, GM LLC denies the allegations of Paragraph 13.
19     14.    The allegations contained in Paragraph 14 of the Complaint constitute
20 conclusions of law to which no response is required. To the extent a response is
21 required, GM LLC incorporates by reference its admissions and averments as
22 provided in Paragraphs 2, 3, and 9 above. GM LLC admits that the recall repairs for
23 the ignition switch replacement and ignition lock cylinder and ignition key recalls
24 were performed on the subject vehicle. GM LLC admits that it has created a
25 compensation fund, administered by an independent program administrator. GM LLC
26 further admits that the independent program administrator has established a protocol
27 that outlines the eligibility and process requirements for individual claimants to
28 submit and settle claims alleging that the Ignition Switch Recall Condition caused a

7

death or physical injury in an automobile accident. GM LLC admits that it has not created any fund for purchasers who claim to have suffered an alleged economic loss associated with the Ignition Switch Recall Condition. GM LLC lacks knowledge or information sufficient to form a belief about the truth of plaintiff's allegation concerning his expectations. Except as admitted, GM LLC denies the allegations of Paragraph 14.

## SECOND CAUSE OF ACTION

15. GM LLC repeats its responses to Paragraphs 1–14 as if fully set forth herein.

16. The allegations contained in Paragraph 16 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC specifically denies that it committed deception, fraud or fraudulent concealment. GM LLC denies the other allegations of Paragraph 16.

17. The allegations contained in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC incorporates by reference its admissions and averments as provided in Paragraphs 2 and 5 above. GM LLC admits that in 2001, General Motors Corporation was conducting pre-development testing of the Saturn Ion, and according to Issue Reports A-83ZA-81205, A-83ZA-81060, and A-83ZA-81254, there was an electrical concern with the ignition switch assembly. GM LLC admits the detent problem addressed in these early reports was separate and distinct from the problem that led to the Ignition Switch Recall described in Paragraph 2 above. Except as admitted, GM LLC denies the allegations of Paragraph 17.

18. The allegations contained in Paragraph 18 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC incorporates by reference its admissions and averments as provided in Paragraph 2 above. GM LLC otherwise denies the allegations of Paragraph 18.

1   19.   The allegations contained in Paragraph 19 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC incorporates by reference its admissions and averments as provided in Paragraphs 2 and 9 above. GM LLC otherwise denies the allegations in Paragraph 19.

20.   The allegations contained in Paragraph 20 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC incorporates by reference its admissions and averments as provided in Paragraphs 2 and 16 above. GM LLC otherwise denies the allegations of Paragraph 20.

21.   The allegations contained in Paragraph 21 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC admits that it has a reputation as one of the leading and largest automobile manufacturers in the United States. GM LLC lacks knowledge or information sufficient to form a belief about the truth of plaintiff's other allegations in Paragraph 21 and denies them on that basis.

22.   The allegations contained in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC incorporates by reference its admissions and averments as provided in Paragraph 14 above. GM LLC otherwise denies the allegations of Paragraph 22.

23.   The allegations contained in Paragraph 23 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC incorporates by reference its admissions and averments as provided in Paragraph 14 above. GM LLC otherwise denies the allegations of Paragraph 23.

THIRD CAUSE OF ACTION

24. GM LLC repeats its responses to Paragraphs 1–23 as if fully set forth herein.

25. The allegations contained in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC incorporates by reference its admissions and averments as provided in Paragraphs 2, 3 9, and 17 above. GM LLC otherwise denies the allegations of Paragraph 25.

26. The allegations contained in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC denies that California Civil Code Section 1692 permits any relief to be awarded to plaintiff. GM LLC denies that plaintiff is entitled to any relief, including but not limited to restitution or consequential damages. GM LLC otherwise denies the allegations of Paragraph 26.

27. The allegations contained in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC incorporates by reference its admissions and averments as provided in Paragraph 2 above. GM LLC otherwise denies the allegations of Paragraph 27.

28. The allegations contained in Paragraph 28 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC denies the allegations of Paragraph 28.

29. The allegations contained in Paragraph 29 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC denies that plaintiff is entitled to recover punitive damages in this action.

30. The allegations contained in Paragraph 30 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is

required, GM LLC denies that plaintiff is entitled to recover punitive damages in this action. GM LLC otherwise denies the allegations of Paragraph 30.

31. The allegations contained in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GM LLC denies that plaintiff is entitled to recover punitive damages in this action. GM incorporates by reference its admissions and averments as provided in Paragraph 2 above. GM LLC otherwise denies the allegations of Paragraph 31.

32. GM LLC admits that plaintiff seeks the damages listed in Paragraph 32. GM LLC denies that plaintiff is entitled to those damages. GM LLC demands judgment in its favor and against plaintiff on the causes of action alleged and requests the costs of this litigation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

GM LLC denies all allegations not expressly admitted and specifically reserves all affirmative defenses it may have against plaintiff.

### SECOND AFFIRMATIVE DEFENSE

GM LLC specifically reserves all affirmative or other defenses that may become available or appear upon further developments or after discovery in the case.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper because the United States Bankruptcy Court for the Southern District of New York has exclusive jurisdiction over this case.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, by the Sale Order and Injunction issued by the United States Bankruptcy Court for the Southern District of New York, on July 5, 2009, which approved the sale of substantially all of Motors Liquidation Company f/k/a General Motors Corporation's assets to NGMCO, Inc. per the terms of an Amended and Restated Master Sale And Purchase Agreement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he has failed to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims were not brought within a reasonable time after they were or should have been discovered and therefore are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Any claim for damages, restitution, or other monetary recovery by plaintiff must be offset and reduced by the value received from the vehicle purchased.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks punitive or exemplary damages, the Complaint violates GM LLC's right to due process protected under the Fifth and Fourteenth Amendments of the United States Constitution and the right to protection against excessive fines under the Eighth Amendment of the United States Constitution, and the analogous provisions of the California State Constitution

WHEREFORE, GM LLC prays for judgment as follows:

1.   That plaintiff takes nothing;

2.   That the Court enter judgment in favor of GM LLC on each cause of action alleged against it in the Complaint;

3. That GM LLC be awarded its costs, expenses, and reasonable attorneys' fees; and

4. That the Court grant GM LLC all further legal and equitable relief that it deems just and proper.

**JURY TRIAL DEMANDED**

DATED: September 24, 2014

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: */s/ Darin T. Beffa*
Darin T. Beffa

Attorney for Defendant
GENERAL MOTORS LLC

13