# Exhibit A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**null / WARBREACH**
**Transmittal Number: 12923344**
**Date Processed: 09/08/2014**

| | |
|---|---|
| **Primary Contact:** | Rosemarie Williams<br>General Motors LLC<br>Mail Code 48482-038-210<br>400 Renaissance Center<br>Detroit, MI 48265 |

| | |
|---|---|
| **Entity:** | General Motors LLC<br>Entity ID Number 3113523 |
| **Entity Served:** | General Motors LLC |
| **Title of Action:** | Belt, Sherrie vs. General Motors LLC; Ramey Motors Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | McDowell County Circuit Court, West Virginia |
| **Case/Reference No:** | 14-C-97 |
| **Jurisdiction Served:** | West Virginia |
| **Date Served on CSC:** | 09/08/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | WV Secretary of State on 09/04/2014 |
| **How Served:** | Certified Mail |
| Sender Information: | Lacy Wright Jr. (Welch, WV)<br>304-436-6292 |
| **Client Requested Information:** | Year: 2007<br>Make: Chevrolet<br>Model: HHR<br>VIN: 3GNDA33P07S583835 |

| | |
|---|---|
| **Notes:** | Lacy Wright Jr. PO Box 800 Welch, WV 24801-0800<br>CSC Location document was served: Corporation Service Company 209 West Washington Street Charleston, WV 25302 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:**  304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

---

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0000 3666 11

---

GENERAL MOTORS LLC
Corporation Service Company
209 WASHINGTON ST W
CHARLESTON, WV 25302-2348

**Control Number:** 34534

**Defendant:** GENERAL MOTORS LLC
209 WASHINGTON ST W
CHARLESTON, WV 25302-2348 US

**Agent:** Corporation Service Company

**County:** McDowell

**Civil Action:** 14-C-97

**Certified Number:** 92148901125134100000366611

**Service Date:** 9/4/2014

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF McDOWELL COUNTY, WEST VIRGINIA

SHERRIE BELT,

    Plaintiff,

vs.                          CIVIL ACTION NO. 14-C 97

GENERAL MOTORS, LLC and
RAMEY MOTORS, INC.,

    Defendants.

To the above-named Defendant:    **GENERAL MOTORS, LLC**
Serve:
Corporation Service Company,
209 W. Washington Street
Charleston, WV 25302

*[stamp: SECRETARY OF STATE, STATE OF WEST VIRGINIA — 2014 SEP -4 PM 2: 54 — ACCEPTED FOR SERVICE OF PROCESS]*

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon Lacy Wright, Jr., plaintiffs' attorney whose address is P.O. Box 800, Welch, West Virginia 24801, an answer including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: *September 3, 2014*

                                        *[signature]*
                                        Clerk of Court

               By *[signature]*
                                   Deputy

IN THE CIRCUIT COURT OF McDOWELL COUNTY, WEST VIRGINIA

SHERRIE BELT,

    Plaintiff,

vs.                         CIVIL ACTION NO. 14-C 97

GENERAL MOTORS, LLC and
RAMEY MOTORS, INC.,

    Defendants.

## COMPLAINT

Plaintiff, Sherrie Belt, by and through her attorney of record, Lacy Wright, Jr., hereby complains, alleges and seeks relief as follows:

1.    The Plaintiff, Sherrie Belt, is a resident and citizen of Welch, McDowell County, West Virginia.

2.    This is an action for monetary damages, declaratory and injunctive relief filed pursuant to the West Virginia Consumer Credit and Protection Act, the Uniform Commercial Code, the Magnuson-Moss Warranty Act and applicable state common law theories of liability, and arising out of the sale of a motor vehicle by the Defendant, General Motors LLC, hereinafter "Manufacturer".

3.    That the Defendant, General Motors, LLC, based upon information and belief, is a foreign corporation authorized to do business in West Virginia and doing business in McDowell County, West Virginia, and other counties in West Virginia, having a

Detroit, Michigan 48243, and whose agent to accept process is Corporation Service Company, 209 W. Washington Street, Charleston, West Virginia 25302.

4.    That the Defendant, Ramey Motors, Inc., based upon information and belief, is a West Virginia Corporation authorized to do business in West Virginia and doing business in McDowell County, West Virginia and other counties in West Virginia and whose agent to accept process is Thomas Lilly, 1605 N. Walker Street, Princeton, West Virginia 24740.

5.    The events complained of herein occurred primarily in McDowell County, West Virginia, therefore, venue is properly vested with this Court.

6.    The Plaintiff's allegations, as more fully set forth below, involve certain West Virginia common law and statutory causes of action, including but not limited to those allowed pursuant to the West Virginia Consumer Credit and Protection Act, W.Va. Code §46A-6-101, *et seq.* Subject matter jurisdiction is therefore appropriately vested with this Court.

7.    Plaintiff alleges that Defendant, Ramey Motors, Inc., the dealer, sold her a motor vehicle that did not conform to the Manufacturer's express warranties.  Moreover, Plaintiff alleges that Defendant did not make the repairs necessary to conform the vehicle to said express warranties after a reasonable number of attempts and otherwise committed willful and/or negligent acts to the Plaintiff's detriment.

the Plaintiff's detriment.

8.    On or about September 23, 2011, the Plaintiff, Sherrie

Belt,(Consumer) purchased a 2007 Chevrolet HHR, Vehicle I.D.

No.(3GNDA33P07S583835) from an authorized dealer of the

manufacturer's product, namely, Ramey Motors Inc..

9.    The purchase price paid by the Plaintiff, Sherrie Belt,

for said automobile was, based upon information and belief,

$13,689.60, and that in addition thereto the Plaintiff paid West

Virginia state consumer sales tax, license and registration fees

and other costs reasonably related to the purchase of the vehicle.

10.    After the purchase of the motor vehicle as aforesaid,

the Plaintiff experienced repeated nonconformities with the motor

vehicle which substantially impaired the use and market value of

the subject motor vehicle including but not limited to problems

with the sunroof leaking, vehicle paint failure, defective ignition

switch and power steering failure which made the vehicle unsafe and

dangerous to drive.

11.    The manufacturer and dealer has received prior written

notification from or on behalf of the consumer and has had at least

one opportunity to cure the defect(s) alleged.  Further, after a

reasonable number of attempts to do so, the manufacturer nor the

dealer did not conform the motor vehicle  to the warranty nor

replace the vehicle with a comparable motor vehicle which did

conform to the warranties.

12.    As a direct and proximate result of said Defendant's

failure to conform the subject motor vehicle to the warranties after a reasonable number of attempts to do so, the Plaintiff was caused damage by the loss of use of her vehicle, fear of driving the vehicle, annoyance, inconvenience and incurred expenses for replacement transportation.

13.   The said Defendants , and/or its agents, breached a contract with the Plaintiff   proximately causing the Plaintiff to sustain damages.

14.   Upon information and belief, each Defendant was the principal, agent or employee of each other Defendant, and in action as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to the Plaintiff for the relief prayed for herein.

15.   As a result of Defendant's unlawful, unfair, unconscionable, deceptive, reckless, willful and negligent actions, Plaintiff suffered monetary loss, consequential and incidental damages, compensatory damages, emotional and mental distress, aggravation, anxiety, loss of use, annoyance and inconvenience.

16.   By acting in such an extreme, atrocious and inexcusable manner, Defendants intended to cause the Plaintiff severe emotional distress.

17.   As a result of Defendants' outrageous conduct, Plaintiff has suffered severe emotional distress.

### BREACH OF CONTRACT, WARRANTIES AND NEGLIGENCE

18.     The Plaintiff hereby incorporates paragraphs one (1) through seventeen (17) referenced hereto as if fully set forth hereinafter.

19.     That the Defendants, General Motors, LLC and Ramey Motors, Inc., breached a contract with the Plaintiff by selling a defective vehicle. That the Defendant, General Motors, LLC, also negligently manufactured and constructed the 2007 Chevrolet HHR sold to Plaintiff, thereby breaching a duty to Plaintiff, and causing the Plaintiff to sustain harm and damages.

20.     That the Defendants General Motors, LLC and Ramey Motors, Inc., breached an implied warranty of merchantability by selling Plaintiff a defective car.

21.     That the Defendants broke a promise to the Plaintiff by selling the Plaintiff a defective vehicle also known in West Virginia as a "lemon."  Plaintiff states upon information and belief that he believes the vehicle would also be called a "lemon" about everywhere.

22.     That the Defendants breached a contract with Plaintiff by a failure to honor guaranties and warranties made when Plaintiff in good faith purchased the vehicle manufactured by Defendant General Motors Corporation and purchased by Plaintiff from an authorized dealer of Defendant General Motors, LLC, namely, Ramey Motors, Inc..

23.     That the Defendants did not engage in good faith in

dealing with Plaintiff by attempting to avoid honoring the terms of the contract and the warranties extended to the Plaintiff.

24.   That the Defendants breached a contract with Plaintiff by breaching an implied warranty of merchantability as Plaintiff's vehicle was non-conforming.

25.   Defendants have refused, declined and apparently are unable to fulfill their portion of the contract thus causing the Plaintiff to sustain harm, damages, and breaching said agreement.

26.   Plaintiff has performed all of the conditions, covenants and promises required by Defendants to be performed in accordance with the terms and conditions of the contract.

27.   Defendants expressly warranted that: (a) the subject vehicle was free from defects, defective parts and workmanship; (b) the subject vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs; ( c ) even if the subject vehicle was not free from defects, defective parts, or workmanship, Defendants would repair or replace same without cost, and/or (d) any such defects or non-conformities would be cured within a reasonable time period.

28.   Defendants further expressly warranted that all repairs were performed in a good and workmanlike manner, and that the vehicle was fully repaired.

29.   Defendants   breached   the   aforementioned   express warranties.

30.   Defendants owed a duty of care to Plaintiff to perform

repairs on the subject vehicle in a good and workmanlike manner within a reasonable time period.

31.   Defendants breached this duty.

32.   That the Defendants placed into the stream of commerce an unsafe, unreliable and dangerous vehicle.

33.   Defendants manufactured or sold Plaintiff a vehicle with defective parts such as the ignition switch which was very clearly a defect and was a defect that represents an unreasonable risk to safety.  (Product Liability)

34.   Defendants owed a duty to exercise reasonable care in the design, manufacture, and sale of the 2007 Chevrolet HHR so as to render it free from defects and to make it reasonably safe for its foreseeable usage and uses and fit for its intended purpose which duties the Defendants breached.   (Negligence)

35.   Defendants breached the implied warranty of merchantability and fitness in that Plaintiff's 2007 Chevrolet HHR was not fit for the ordinary purpose for which it was sold. (Breach of Implied Warranty of Merchantability)

36.   Defendants among other things made fraudulent misrepresentations and omission by assuring regulators that recalls were not necessary, hid changes to defective ignition switch, sent out misleading service bulletins related to engine failure, power steering, ignition switch dangers and as such fraudulently concealed with the intention to mislead. (Fraud, fraudulent misrepresentations and Fraudulent concealment)

WHEREFORE, your Plaintiff demands judgment of the said Defendants as follows:

(A)   Revocation of acceptance and refund of the purchase price including but not limited to sales tax, license and registration and other reasonable expenses incurred for the purchase of the new motor vehicle and interest thereon in a total amount not to exceed more than seventy five thousand dollars ($75,000.00);

(B)   Contract damages, direct damages incidental damages, special damages, general damages, compensatory damages, costs and attorney fees;

( C )   Damages for the loss of use, annoyance or inconvenience resulting from the nonconformity including but not limited to reasonable expense incurred for replacement transportation during any period when the vehicle was out of service for the reasons of the nonconformity or by reason of repair;

(D)   Her attorney fees incurred in prosecuting this action and interest from the dates of filing this action, and costs;

(E)   That Plaintiff be awarded prejudgment and postjudgment interest on all of the aforementioned damages, as allowed by law;

(F)   That Plaintiff be awarded any and all additional damages against Defendants, in an amount to be determined at trial;

(G)   That Plaintiff be awarded her costs-including a reasonable attorney fee-pursuant to W.Va. Code 46A-5-104, W.Va. Code 46A-6A-4, the Magnuson-Moss Act, the common law, and the

general authority of this Court;

(H)   That Plaintiff be awarded punitive damages against Defendants, in an amount to be determined at trial, for the willful, wanton and/or reckless disregard for their legal rights;

(I)   That Plaintiff be awarded additional damages against Defendants, in an amount to be determined at trial, that fairly and reasonably compensates them for emotional and mental distress, loss of use, aggravation, anxiety, annoyance and inconvenience suffered as a result of Defendant's unlawful acts;

(J)   That Plaintiff be awarded consequential and incidental damages against Defendants, in an amount to be determined at trial; and

(E)   Such other and further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

RESPECTFULLY SUBMITTED
SHERRIE BELT, PLAINTIFF
BY COUNSEL.

Lacy Wright, Jr. (WV Bar No.5826)
Attorney at Law
Post Office Box 800
Welch, West Virginia 24801-0800
(304)436-6292

CERTIFIED MAIL

UNITED STATES POSTAGE

PITNEY

02 1R         $ 0(
0002009608    SEP (
MAILED FROM ZIP COD

BUSINESS & LICENSING

1610 - 00